IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., <u>et. al.</u>[1] | ) | Case No. 01-01 139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors | ) | |
| | | **Re: Docket No. 22724** |

**PLAN PROPONENTS' OPPOSITION TO THE JOINT REQUEST OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS AND THE BANK LENDER GROUP
FOR THE COURT TO TAKE JUDICIAL NOTICE AT THE CONFIRMATION
HEARING OF CERTAIN DOCUMENTS AND EVIDENCE PRESENTED IN PRIOR
<u>PROCEEDINGS IN THESE BANKRUPTCY CASES</u>**

<u>PRELIMINARY STATEMENT</u>

The request by the Creditors' Committee and the Lenders that the Court take "judicial notice" of the entire estimation proceeding, as well as other matters, would represent an unprecedented expansion of the doctrine of judicial notice. Federal Rule of Evidence 201, which governs judicial notice, specifically applies only to "adjudicative facts." Fed. R. Evid. 201(a).

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/Ma Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (fMa Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace 11, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (fMa Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (fMa Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (fMa Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B I1 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G I1 Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (Wa Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal 11, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (fMa GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (fMa Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (Wa British Nursing Association, Inc.), Remedium Group, Inc. (Wa Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (flk/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

As the name implies, "adjudicative facts" are those that have actually been adjudicated or are otherwise not subject to reasonable dispute.    Consistent with Rule 201's limitation to adjudicative facts, courts will not take judicial notice of documents from another proceeding to establish the truth of the matters stated therein.    At most, courts will take judicial notice of the fact that certain documents were submitted in another proceeding.    But here, even that is not possible, because the Creditors' Committee and the Lenders have not identified the specific portions of the estimation proceeding of which they would like the Court to take judicial notice. It is now far too late in the day for them to do so.

The rule that courts will not take judicial notice of documents to establish the truth of their contents also resolves the Creditors' Committee's and the Lenders' request that the Court take judicial notice of the Affidavit of Charles O. Freedgood and certain of Grace's SEC filings. As to the Freedgood Affidavit, there is no basis to take judicial notice of anything.    The parties have stipulated to the admissibility of the Freedgood Affidavit, so it is already part of the evidentiary record in this case.    The Creditors' Committee and the Lenders cannot ask the Court to take judicial notice of the truth of the matters asserted in the Freedgood Affidavit, so there is nothing left of which to take judicial notice.    As to Grace's SEC filings, the Court may take judicial notice of the existence of these filings, but not to prove the truth of their contents.    Grace has no objection to the Creditors' Committee and the Lenders' request that the Court take judicial notice of Grace's stock price at certain points in time.

## ARGUMENT

Federal Rule of Evidence 201, entitled Judicial Notice of Adjudicative Facts, provides in pertinent part:

(a)    **Scope of rule.** This rule governs only judicial notice of adjudicative facts.

(b)    **Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Although the Rule does not expressly define "adjudicative facts," the Advisory Committee Notes accompanying the Rule defines them as follows:

> When a court or an agency finds facts concerning the immediate parties -- who did what, where, when, how, and with what motive or intent -- the court or agency is performing an adjudicative function, and the facts are conveniently called adjudicative facts.

Advisory Committee's Note, 56 F.R.D. 183, 204 (1973) (internal quotations omitted).

Even in the case of adjudicative facts, courts apply the doctrine of judicial notice sparingly, recognizing that the "usual method of establishing the facts in litigation is through the introduction of evidence, ordinarily through the testimony of witnesses." Barry Russell, Bankruptcy Evidence Manual, § 201.1, at 742 (West 2009 ed.). As one court stated: "Extreme caution should be used in taking judicial notice of adjudicative facts because of the traditional belief that the taking of evidence, subject to established safeguards, is the best way to resolve controversies involving disputes of fact." In re Harmony Holdings, LLC, 393 B.R. 409, 412-13 (Bankr. D. S. Cal. 2008); see also Barry Russell, Bankruptcy Evidence Manual, § 201.1 at 745 (same). For this reason, judicial notice is normally reserved for "self-evident truths that no reasonable person could question, truisms that approach platitudes or banalities." Hardy v. Johns-Manville Sales Corp., 681 F.2d 334, 347 (5th Cir. 1982).

## I.    THE COURT MAY NOT TAKE JUDICIAL NOTICE OF DOCUMENTS FROM THE ESTIMATION PROCEEDING TO SUPPORT ANY FACTUAL DETERMINATION AT THE CONFIRMATION HEARING.

In an apparent attempt to do an end-run around both the Rules of Evidence and this Court's Case Management Order, the Creditors' Committee and the Lenders ask this Court to

broadly take judicial notice of the entire estimation proceeding, without ever specifying for what purpose. But the only purpose for which the Court could take judicial notice of documents filed in the estimation proceeding is to establish their existence, not to establish the truth of their contents. And if that is what the Creditors' Committee and the Lenders wanted, it was incumbent upon them to identify the specific portions of the estimation proceeding that were the subject of their request for judicial notice. They failed to do so, and it is now too late to cure this failing.

"A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388-89 (2d Cir. 1992); see also In re James, 300 B.R. 890, 895 (W.D. Tex. 2003) (there is a "very crucial distinction between taking judicial notice of the fact that an entity has filed a document in the case, or in a related case, on a given date, i.e., the *existence* thereof, and the taking of judicial notice of the or falsity [of the] *contents* of any such document for the purpose of making a finding of fact") (emphasis in original); In re Scarpinito, 196 B.R. 257, 267 (Bankr. E.D.N.Y. 1996) ("a bankruptcy judge may take judicial notice of bankruptcy court's records" but "may not infer the truth of facts contained in documents, unfettered by rules of evidence or logic, simply because such documents were filed with the court."). As the Third Circuit noted, even where a document itself is subject to judicial notice, "a document cannot be put to a hearsay use for most purposes, and for this reason, a previously filed court document will generally not be competent evidence of the truth of the matters asserted therein." In re Indian Palms Associates, Ltd., 61 F.3d 197, 205 (3d Cir. 1995).

4

The same rule holds true for requests to take judicial notice of prior testimony. That is, while courts will recognize the existence of prior testimony, they will not take judicial notice of such testimony for the purpose of supporting any factual determination in a subsequent litigation. See In re James, 300 B.R. at 895 (recognizing a "significant difference between [creditor's] request for this Court to take judicial notice of the existence of the fact" of prior testimony "and a request for this Court to receive such prior testimony into evidence in this proceeding."). To do so would violate the basic rule that "each litigant should be given a fair opportunity to rebut and put into perspective the evidence admitted against its position." In re Indian Palms, 61 F.3d at 205.

Here, the Creditors' Committee and the Lenders never specify for what purpose they want the Court to take judicial notice of the estimation proceeding. But the most that the Court could do is take notice of documents and testimony from that proceeding to establish the existence of such documents and testimony. The Court cannot take judicial notice of documents or testimony from the estimation proceeding to support any factual determination at the confirmation hearing. Liberty Mut. Ins. Co., 969 F.2d at 1389 (a court may not take judicial notice of matters from another proceeding "to support any factual determination in the subsequent litigation"); In re Scarpinito, 196 B.R. at 267 ("a bankruptcy judge may take judicial notice of bankruptcy court's records" but "may not infer the truth of facts contained in documents, unfettered by rules of evidence or logic, simply because such documents were filed with the court.").

If the Creditors' Committee and the Lenders had in fact wanted the Court to take judicial notice of the existence of documents or testimony from the estimation proceeding, it was their job to identify the specific portions of such documents or testimony that they considered

relevant. See Colonial Leasing Company of New England, Inc. v. Logistics Control Group Int'l, 762 F.2d 454, 459 (5th Cir. 1985) ("The identify of the adjudicative fact of which the court intends to take notice is, of course, the threshold issue in examining the propriety of judicial notice."). Significantly, in In re James, the court refused to take judicial notice of "lengthy deposition transcripts, disclosure and financial statements, plans of reorganization, note receivable ledgers, and schedules" precisely because the creditor requesting judicial notice "failed to carry its burden to identify or highlight which *particular* adjudicative facts, contained within the many documents requested, should be judicially noticed." In re James, 300 B.R. at 896 (emphasis added). As the court recognized: "Expanding the record without specifying which particular facts should be noticed would put the parties at risk [] given the voluminous deposition transcripts and other records" and "could easily undermine the adversary process by usurping the role of counsel." Id.

Along the same lines, in In re Topgallant Lines, Inc., Nos. 90-4072, 89-41996, 1996 WL 33402829 (Bankr. S.D. Ga. 1996), a case actually cited by the Creditors' Committee and the Lenders, the Court made clear that before it would take judicial notice of the existence of "documents, depositions or other testimony, prior orders, and proceedings" from the chapter 11 case and other adversary proceedings, the parties would be required to:

- File copies of all exhibits, or relevant excerpts thereof, tabbed, indexed, and highlighted to identify the specific portion which is considered relevant;

- File copies of any order, document, testimony or other portion of this Court's file, or any relevant excerpt thereof, of which the Court will be asked to take judicial notice at trial; and

- All such copies shall be jointly filed on or before August 30, 1996, and specific written objection to any such document shall be filed on or before September 6, 1996, or it will be deemed waived.

In re Topgallant Lines, Inc., 1996 WL 33402829, at *2.

The Court in this case established a very similar procedure in the Fourth Amended Case Management Order Related to the First Amended Joint Plan of Reorganization ("CMO") [Dkt. 22919].   Under the CMO, all parties were obligated to designate any prior testimony they wished to use at the confirmation hearing on or before August 14, 2009.   And all parties were required to file all final exhibits on August 25, 2009.   These deadlines came and went without the Creditors' Committee or the Lenders designating any testimony from the estimation proceeding and without filing any exhibits from that proceeding.   Instead, the Creditors' Committee and the Lenders seek to circumvent the Court's CMO, as well as the Rules of Evidence, by broadly asking the Court to take judicial notice of the entire estimation proceeding, without specifying any particular documents or portions of testimony.   To indulge this request impermissibly would "force [the] Court to consider both relevant and irrelevant testimony, voluminous documents, and figures." In re James, 300 B.R. at 896.   Accordingly, the Creditors' Committee's and the Lenders' request to take judicial notice of the estimation proceeding should be denied.

The cases cited by the Lenders and Creditors' Committee do not change this analysis. For example, In re Acequia v. Clinton, 787 F.2d 1352 (9th Cir. 1986), is a case in which the court expressly *declined* to consider the propriety of taking judicial notice of evidence from prior proceedings, stating that "'judicial notice' is not at issue in this case."   Id. at 1359 n.6. Moreover, the court in Acequia never even remotely suggested that it would consider the evidence from the prior proceedings for its truth to establish a fact at the confirmation hearing. To the contrary, the court specifically stated: "I will give [the evidence] whatever weight I think it is worth."   Id. at 1357.[2]

---

[2]   The remaining cases the Lenders cite are either not judicial notice cases or actually underscore the impropriety of applying judicial notice in this case.   See, e.g., Peregrine Systems, Inc., 311 B.R. 679, 692 (D. Del. 2004) (court would "take judicial notice only of the existence and contents of these documents, without making any determination regarding the truth of any facts represented therein.").

## II. THE REMAINING REQUESTS FOR JUDICIAL NOTICE ARE READILY DISPOSED OF BY THE RULE THAT A COURT MAY NOT TAKE JUDICIAL NOTICE OF DOCUMENTS FOR THE TRUTH OF THE MATTERS CONTAINED THEREIN.

The Committee's and the Lenders' other requests for judicial notice warrant little attention. First, the Creditors' Committee and the Lenders ask the Court to take judicial notice of the Freedgood Affidavit, but there is no good reason to do so. Like any other exhibit, the Freedgood Affidavit is part of the evidentiary record in this case. There is no more reason to take judicial notice of the Freedgood Affidavit than there is to take judicial notice of any other exhibit. If what the Committee and the Lenders really want is for the Court to take judicial notice of the Freedgood Affidavit for the truth of the matters asserted therein, their request must be denied. See In re Scarpinito, 196 B.R. at 267; Liberty Mut. Ins. Co., 969 F.2d at 1388-89.

Second, the Creditors' Committee and the Lenders ask the Court to take judicial notice of various of Grace's SEC filings. For the reasons discussed above, the Court may take judicial notice of Grace's SEC filings, but only to take note of the fact that the documents exist or contain certain statements, and *not* as evidence of the truth of those statements. See, e.g., Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000) (holding that SEC filings "are relevant not to prove the truth of their contents but only to determine what the documents stated."); Kramer v. Time-Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) (same).

## III. THE COURT PROPERLY MAY TAKE JUDICIAL NOTICE OF GRACE'S STOCK PRICE.

Grace has no objection to the Creditors' Committee's and the Lenders' request that the Court take judicial notice of Grace's stock price and market capitalization during the pendency of the bankruptcy. Indeed, in marked contrast to the voluminous records from the estimation proceeding, this is precisely the type of specific adjudicative fact "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R.

Evid. 201(b); see also In re NAHC Inc. Securities Litigation, 306 F.3d 1314, 1331 (3d Cir. 2002).

### CONCLUSION

For the reasons set forth above, the Creditors' Committee's and the Lenders' request that the Court take judicial notice of the estimation proceeding and the Freedgood Affidavit should be denied. Their request that the Court take judicial notice of certain of Grace's SEC filings is appropriate only to the extent that the Court may take judicial notice of the existence of those filings, not of the truth of any statements contained therein. And Grace has no objection to the Creditors' Committee's and the Lenders' request that the Court take judicial notice of Grace's stock price and market capitalization during the bankruptcy.

Dated: September 3, 2009                Respectfully submitted,

                                        KIRKLAND & ELLIS LLP

                                        David M. Bernick, P.C.
                                        Theodore L. Freedman
                                        Eric F. Leon
                                        Justin S. Brooks
                                        601 Lexington Ave.
                                        New York, New York  10022-4611
                                        Telephone:  (212) 446-4800
                                        Facsimile:  (212) 446-4900

                                        and

                                        THE LAW OFFICES OF JANET S. BAER, P.C.
                                        Janet S. Baer, P.C.
                                        70 W. Madison St.
                                        Suite 2100
                                        Chicago, IL 60602
                                        Telephone:  (312) 641-2162
                                        Facsimile:  (312) 641-2165

and

PACHULSKI STANG ZIEHL & JONES LLP

    /s/  James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
joneill@pszjlaw.com
kmakowski@pszjlaw.com

*Co-Counsel for the Debtors and Debtors in Possession*

CAMPBELL & LEVINE, LLC

/s/ Mark T. Hurford
Mark T. Hurford (Bar No. 3299)
Marla R. Eskin (Bar No. 2989)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
mhurford@camlev.com

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of*
*Asbestos Personal Injury Claimants*

PHILIPS, GOLDMAN & SPENCE, P .A.

/s/ John C. Philips
John C. Philips (Bar No.110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pgslaw.com

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T Austern, Asbestos PI Future*
*Claimants' Representative*

SAUL EWING LLP

/s/ Teresa K.D. Currier
Teresa K.D. Currier (Bar No. (3080)
222 Delaware Avenue, 12th Fllor
Wilmington, DE  19801
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
tcurrier@saul.com

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Horowitz
David Blabey
1177 Avenue Of The Americas
New York, NY 10036
Telephone: (212) 715-9100

*Counsel for the Official Committee of Equity Security Holders*