**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>                        Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>**Related Docket Nos.: 22809, 23011**<br>**September 8, 2009 Hearing Agenda, Item 9** |

**THE PLAN PROPONENTS' REPLY IN SUPPORT OF THEIR MOTION TO**
**EXCLUDE OR LIMIT TESTIMONY OF JAMES B. SHEIN PURSUANT**
**TO *DAUBERT* AND RULES 702 AND 703 OF THE**
**FEDERAL RULES OF EVIDENCE**

The Plan Proponents, by and through undersigned counsel, having moved the Court to exclude or limit the testimony of James B. Shein pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and Rules 702 and 703 of the Federal Rules of Evidence, hereby submit this reply to the Opposition filed by certain objecting insurers.[1]

After spending several pages recasting Dr. Shein's CV into narrative form and reiterating his expert report, Objecting Insurers argue that Dr. Shein's proposed testimony passes muster under *Daubert*.   Their arguments, however, fall short.

---

[1] The insurers filing the Opposition include OneBeacon America Insurance Company, Seaton Insurance Company, Government Employees Insurance Company, and Republic Insurance Company; Federal Insurance Company; Zurich Insurance Company and Zurich International (Bermuda) Ltd.; Continental Casualty Company and Continental Insurance Company and affiliated companies; Fireman's Fund Insurance Company (and possibly other related companies) and Allianz S.p.A., f/k/a Riunione Adriatica Di Sicurta and Allianz SE, f/k/a Allianz Aktiengellschaft (hereinafter "Objecting Insurers").

## I.    DR. SHEIN DOES NOT POSSESS THE EXPERIENCE NECESSARY TO OFFER OPINIONS ABOUT ASBESTOS PERSONAL INJURY TRUSTS

Objecting Insurers attempt first to lower the standards for qualification enough to permit Dr. Shein to testify as an expert.  But the cases they offer are inapposite.  Each case involves a much closer question about qualifications than the present one.  For example, in *Pineda v. Ford Motor Co.,* the Third Circuit found that a materials engineer was qualified to testify on a "warning" issue that the court found was essentially an engineering question—whether following a certain procedure would prevent a rear windshield from shattering. 520 F.3d 237, 245 (3d Cir. 2008).  Here, the question is not one of mislabeling Dr. Shein's expertise.  Dr. Shein simply lacks any knowledge of asbestos trusts, including how they process claims, operate or are designed.  Deposition of James Shein of May 14, 2009 ("Shein Dep.") at 30:3-8, 81:10-82:6, 87:7-12, 164:6-12.

Similarly, *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777 (3d Cir. 1996), and *Schneider ex rel. Estate of Schneider v. Fried,* 320 F.3d 396 (3d Cir. 2003), do not rescue Dr. Shein.  Both of those cases involve small distinctions in the expertise of physicians.  In *Schneider*, the Third Circuit found that the fact that a former "interventional" cardiologist later practiced as an "invasive" cardiologist did not preclude him from giving expert testimony about "interventional" cardiology.  *Id.* at 399.  In this case, Dr. Shein does not claim to be a former expert on asbestos trusts; he never was one.  Likewise, in *Holbrook*, the Third Circuit held a physician who relied on the report of a pathologist to diagnose mesothelioma could offer expert testimony about the diagnosis because he was a treating physician and because he could rely on the work of other doctors.  80 F.3d at 782-783.  Here, Dr. Shein is neither analogous to a treating physician—he has never actually worked on an asbestos trust—nor did he rely on the work of other experts who

did.    In short, Dr. Shein does not meet the standards imposed by *Daubert* for expert

qualifications.

## II.    OBJECTING INSURERS CANNOT POINT TO ANY RECOGNIZABLE METHODOLOGY EMPLOYED BY DR. SHEIN

Next, on the question of methodology, Objecting Insurers reassure the Court that

Dr. Shein will apply the level of "intellectual rigor" in his assessments expected of an

expert in the field of organizational behavior.    But the question is not merely whether Dr.

Shein will think hard about his opinions, it is whether his methodology can be challenged

in some objective sense and can be assessed for reliability.    *E.g.*, *U.S. Info. Sys., Inc. v.

Int'l Bhd. of Elec. Workers Local Union No. 3,* 313 F. Supp. 2d. 213, 227 (S.D.N.Y.

2004).    Experts in the social sciences are not exempt from this *Daubert* requirement.    For

example, in the very case Objecting Insurers cite for the proposition that social scientists

can be experts, *Tyus v. Urban Search Management*, 102 F.3d 256, 263-264 (7th Cir.

1996), the court scrutinized the methodology of an expert in the field of advertising.

Finding that he employed a focus group research technique that the court described as

"well known", it held the expert's methodology satisfied *Daubert*.    Here, Objecting

Insurers cannot identify any methodology that Dr. Shein employs.    He did not conduct

focus groups, experiments or surveys.    He did not cite a single piece of scholarly research

or social science literature in his report.    Instead, he is, by his own admission, simply

expressing his own view of human nature.    Shein Dep. at 83:15-84:19.    This is not a

methodology that meets the *Daubert* standard.

III.    **RELABELING LEGAL OPINIONS AS "BEHAVIORAL" OPINIONS DOES NOT RENDER THEM ADMISSIBLE**

The Objecting Insurers also claim that Dr. Shein is not offering a legal opinion, but rather offering opinions from a "behavioral standpoint".  His own expert report, however, contradicts this claim.  For example, Dr. Shein spends several pages explaining why the TDP results in a violation of the Delaware Lawyers Rules of Professional Conduct.   Expert Report of James B. Shein, March 16, 2009 ("Shein Report") at ¶ 21-26.  This is simply a legal brief in disguise, not admissible expert testimony.  *See, e.g.*, *Cryovac Inc. v Pechiney Plastic Packaging, Inc.,* 430 F. Supp. 2d 346, 364 (D. Del. 2006) (legal argument and interpretation of law inadmissible as expert testimony); *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("as a general rule, an expert's testimony on issues of law is inadmissible").  Elsewhere in his report Dr. Shein interprets the indemnification and exculpation clauses of the Trust Agreement and concludes that the clauses are not enforceable.  Shein Report at ¶ 29-35.    But interpreting the Trust Agreement and applying the law is the job of the Court, not an expert.  *See Primavera Familienstifung v. Askin*, 130 F. Supp. 2d 450, 528-530, *amended in part by*, 137 F. Supp. 2d 438 (S.D.N.Y. 2001) (testimony interpreting agreements and applying legal standards "strays outside the scope of proper expert testimony").  Thus, for this reason as well, the proposed testimony of Dr. Shein must be disallowed under *Daubert*.

IV.    **DR. SHEIN'S TESTIMONY IS IRRELEVANT, AND THEREFORE, SHOULD BE EXCLUDED**

Offered by the Objecting Insurers, Dr. Shein's testimony concerns the effect of the Plan upon the rights of the insurance companies. The rights of the insurance companies under their policies, however, are preserved post-bankruptcy and are not

going to be decided in these confirmation proceedings.  Furthermore, courts consistently have held that insurance companies should not be permitted to escape their obligations merely because the policyholder has entered bankruptcy.  *See, e.g., In re Dow Corning Corp.*, 198 B.R. 214, 247 (Bankr. E.D. Mich. 1996) ("[t]he bottom line is that a court will not allow an insurer to escape liability merely because the insured has filed bankruptcy"); *see also F.O. Baroff Co. Inc. v. Am. Bank & Trust Co.*, 555 F.2d 38, 43 (2d Cir. 1977) (holding that New York Insurance Law § 3420, stating that the policyholder's bankruptcy shall not relieve the insurance company of its obligations, was designed by the Legislature to avoid 'windfalls' to insurance companies resulting from bankruptcy or insolvency of their [policyholders]").  The Court, therefore, should preclude Dr. Shein's testimony and strike his expert report because his opinions are irrelevant.

## CONCLUSION

For the reasons stated herein and in the instant motion, the Plan Proponents respectfully request that this Court exclude the opinion of James B. Shein pursuant to Rules 702 and 703 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

**[Signatures of counsel on following pages]**

Dated: September 3, 2009
Wilmington, Delaware

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Lisa G. Esayian
601 Lexington Avenue
New York, NY  10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Barbara Harding
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile:  (202) 879-5200

*and*

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison Street
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162

*and*

PACHULSKI, STANG, ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
jo'neill@pszjlaw.com

*Counsel for the Debtors and Debtors in Possession*

CAMPBELL & LEVINE, LLC

*/s/ Mark T. Hurford*
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone:  (302) 426-1900
Facsimile:  (302) 426-9947
mhurford@camlev.com

*and*

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
James P. Wehner
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone:  (202) 862-5000
Facsimile:  (202) 429-3301

*Counsel for the Official Committee*
*of Asbestos Personal Injury Claimants*

ANDERSON KILL & OLICK, P.C.
Robert M. Horkovich
Mark Garbowski
Robert Y. Chung
1251 Avenue of the Americas
New York, NY  10020
Telephone:  (212) 278-1000
Facsimile:  (212) 278-1733

*Insurance Counsel for the Official Committee of*
*Asbestos Personal Injury Claimants*

PHILIPS, GOLDMAN & SPENCE, P.A.

*/s/ John C. Philips*_____
John C. Philips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone:  (302) 655-4200
Facsimile:  (302) 655-4210
jcp@pgslaw.com

*and*

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T. Austern,*
*Asbestos PI Future Claimants' Representative*

SAUL EWING LLP

*/s/ Teresa K.D. Currier*
Teresa K.D. Currier (Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone:  (302) 421-6800
Facsimile:  (302) 421-6813
tcurrier@saul.com

*and*

KRAMER LEVIN NAFTALIS & FRANKEL
LLP
Philip Bentley
David E. Blabey, Jr.
1177 Avenue of the Americas
New York, NY 10022
Telephone:  (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee
of Equity Security Holders*