IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>                 Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>**Related Docket Nos.: 22815, 23012**<br>**September 8, 2009 Hearing Agenda, Item 10** |

**THE PLAN PROPONENTS' REPLY MEMORANDUM IN SUPPORT OF
THE MOTION IN LIMINE TO EXCLUDE THE EXPERT REPORT AND
TESTIMONY OF GEORGE L. PRIEST**

The Plan Proponents[1] respectfully submit this reply memorandum in support of their Motion in Limine to Exclude the Testimony of George L. Priest and strike his expert report.

**I.    Mr. Priest Is Unqualified, In Part, Because He Has No Practical Experience In The Fields Of Economics, Insurance, And Bankruptcy.**

In their Objections to the Motion in Limine, the Certain Objecting Insurers (the "Insurance Companies") attempt to demonstrate that Mr. Priest is qualified to offer expert testimony in this case by spending close to two pages explaining what Mr. Priest has studied, taught, published, written, and researched. Objections at p. 1-2. Notably, however, they do not – and cannot – point to any practical, real life experience. Mr. Priest's complete lack of actual experience alone, in the fields of economics, insurance, and bankruptcy, renders his testimony unreliable and inadmissible under Federal Rule of Evidence 702.

---

[1] The Plan Proponents include Debtors W. R. Grace & Co., *et al.*, The Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders.

## II. The Court Should Rule On The Admissibility Of Mr. Priest's Testimony Prior To The Trial Of This Proceeding.

The Insurance Companies cite no controlling authority for the proposition that the Court should first hear the testimony of Mr. Priest and then determine its admissibility.[2] Furthermore, the very case that the Insurance Companies cite for this proposition does not state that the need for a determination is unnecessary, but merely that it is <u>lessened</u>. <u>In re Salem</u>, 465 F.3d 767, 777 (7th Cir. 2006). Therefore, even the case upon which the Insurance Companies rely acknowledges that the need to determine the admissibility of expert testimony prior to hearing the testimony is not <u>eliminated</u> in a bench trial. Contrary to the Insurance Companies' contentions, "it makes eminent sense" for the Court to make this decision now, prior to expending time and resources listening to testimony that presently can be established as unreliable and inadmissible.

## III. Mr. Priest's Testimony Should Be Excluded And His Expert Report Stricken Because He Offers Legal Opinions.

Throughout his deposition, Mr. Priest calculatedly asserts that he is not offering legal opinions. The Insurance Companies' rely on this deliberate testimony to establish that Mr. Priest does not offer legal opinions. Objections at pp. 4-5. However, in spite of his testimony, Mr. Priest's expert report is replete with legal opinions. In his expert report, Mr. Priest offers legal opinions such as:

- "[V]arious features of the Plan severely <u>affect the rights</u> of Grace's insurers…." Expert Rep., Decl. ¶ 18 (emphasis added).

- "<u>Corollary legal rules</u> such as the prohibition of collusion between the policyholder and a claimant against the insurer reinforces this structure." <u>Id.</u> at ¶ 19 (emphasis added).

---

[2] The Insurance Companies rely exclusively on a Seventh Circuit case.

- "[T]hese provisions overturn central <u>contractual rights established in the insurance policies</u>…." <u>Id.</u> (emphasis added).

- "<u>Collusion</u> by a policyholder with a claimant against the policyholder's insurance <u>is universally prohibited</u>." <u>Id.</u> at ¶ 38 (emphasis added).

- "[T]he procedures for the resolution of claims worked out between Grace and claimants against Grace's insurance <u>violate the most central allocation of rights and responsibilities in Grace's insurance policies</u>." <u>Id.</u> at ¶ 42 (emphasis added).

- "[S]uch an <u>assignment would violate the agreement</u> the parties made in entering the contract." <u>Id.</u> at ¶ 50 (emphasis added).

- "[T]his provision <u>erases contractual rights and coverage defenses</u> otherwise available to insurers." <u>Id.</u> at ¶ 54 (emphasis added).

Legal opinions such as these clearly constitute inadmissible expert testimony.

Furthermore, the Insurance Companies misconstrue the cases they cite for the proposition that expert testimony that touches upon the law is admissible. In fact, none of the cases that the Insurance Companies cite stands for that proposition. In <u>Berckeley Investment Group, Ltd. v. Colkitt</u>, 455 F.3d 195, 218 (3d Cir. 2006), for instance, the Court clearly held that the expert, an attorney, "cannot testify as to whether Berckeley complied with legal duties that arose under the federal securities laws." Moreover, the expert was allowed to testify only as to the "securities industry custom," not whether the legal scienter requirement was met under the circumstances. <u>Id.</u> at 218-19. Similarly, in <u>United States v. Leo</u>, 941 F.2d 181, 196 (3d Cir. 1991), an expert in the field of governmental contracting was allowed to testify only as to custom and practice in the areas of the defense industry. In finding that the district court did not abuse its discretion, the court noted that "[t]he district court took care to limit Moran's testimony so that he was not giving his opinion as to what the law required; instead, he testified … as to how firms … operated when performing contracts governed by the Act." <u>Id.</u> at 197. Finally, in <u>First National State Bank of New Jersey v. Reliance Electric Co.</u>, 668 F.2d 725, 731 (3d Cir. 1981), the Court affirmed a ruling that an expert in the Uniform Commercial Code was "able to testify on the

custom in the banking industry… [but] should not, however, give his opinion as to the legal duties arising therefrom."

Here, Mr. Priest should not be permitted to testify as to, among other things, how the Plan may affect the legal rights of the insurance companies with respect to their liability policies and the legal rules relative to collusion. These areas of "expertise" upon which the Insurance Companies proffer the testimony of Mr. Priest constitute legal opinions that impermissibly invade the office of the Court.

### IV. Mr. Priest's Testimony Should Be Excluded Because His Methodology Is Unreliable.

The Insurance Companies assert that the Plan Proponents take issue with Mr. Priest's conclusions and not the reliability of his opinion. The Insurer's argument to this effect misstates the Plan Proponents' position. For the purposes of this motion, the Plan Proponents question Mr. Priest's methodology and expertise, both of which are based solely on academic experience, legal opinions, and generalizations, not an examination of the particular circumstances and facts at issue. See Priest Dep. at 179:6-15 (where Mr. Priest testified that he was "just making economic assumptions about the generalities of insurer conduct and the generalities of insured's conduct and the economic incentives … associate[d] with those generalities"). For this reason, as well as those set forth above and in the Plan Proponents' principal brief, the Court should exclude the testimony of Mr. Priest and strike his expert report.

### V. Mr. Priest's Testimony Is Irrelevant, And Therefore, Should Be Excluded.

As set forth above, Mr. Priest's testimony concerns the effect of the Plan upon the rights of the insurance companies. The rights of the insurance companies under their policies, however, are preserved post-bankruptcy and are not going to be decided in these confirmation proceedings. Furthermore, courts consistently have held that insurance companies should not be

permitted to escape their obligations merely because the policyholder has entered bankruptcy. See, e.g., In re Dow Corning Corp., 198 B.R. 214, 247 (Bankr. E.D. Mich. 1996) ("[t]he bottom line is that a court will not allow an insurer to escape liability merely because the insured has filed bankruptcy"); see also F.O. Baroff Co. Inc. v. Am. Bank & Trust Co., 555 F.2d 38, 43 (2d Cir. 1977) (holding that New York Insurance Law § 3420, stating that the policyholder's bankruptcy shall not relieve the insurance company of its obligations, was designed by the Legislature to avoid 'windfalls' to insurance companies resulting from bankruptcy or insolvency of their [policyholders]"). The Court, therefore, should preclude Mr. Priest's testimony and strike his expert report because his opinions are irrelevant.

| | |
|---|---|
| Dated: September 3, 2009<br>Wilmington, Delaware | Respectfully submitted,<br><br>KIRKLAND & ELLIS LLP<br>David M. Bernick, P.C.<br>Theodore L. Freedman<br>Lisa G. Esayian<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Barbara Harding<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200<br><br>*and*<br><br>THE LAW OFFICES OF JANET S. BAER, P.C.<br>Janet S. Baer, P.C.<br>70 W. Madison Street<br>Suite 2100<br>Chicago, IL 60602<br>Telephone: (312) 641-2162<br><br>*and* |

PACHULSKI, STANG, ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
jo'neill@pszjlaw.com

*Counsel for the Debtors and Debtors in Possession*


CAMPBELL & LEVINE, LLC

*/s/ Mark T. Hurford*
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone:  (302) 426-1900
Facsimile:  (302) 426-9947
mhurford@camlev.com

*and*


CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
James P. Wehner
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone:  (202) 862-5000
Facsimile:  (202) 429-3301

*Counsel for the Official Committee
of Asbestos Personal Injury Claimants*

ANDERSON KILL & OLICK, P.C.
Robert M. Horkovich
Mark Garbowski
Robert Y. Chung
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

*Insurance Counsel for the Official Committee of Asbestos Personal Injury Claimants*


PHILIPS, GOLDMAN & SPENCE, P.A.

*/s/ John C. Philips*
John C. Philips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pgslaw.com

*and*

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T. Austern,
Asbestos PI Future Claimants' Representative*


SAUL EWING LLP

*/s/ Teresa K.D. Currier*
Teresa K.D. Currier (Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
tcurrier@saul.com

*and*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
David E. Blabey, Jr.
1177 Avenue of the Americas
New York, NY 10022
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee*
*of Equity Security Holders*