IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. 23131** |

## PLAN PROPONENTS' OPPOSITION TO FIREMAN'S FUND INSURANCE COMPANY'S MOTION TO SHORTEN TIME FOR RESPONSES TO, AND HEARING ON, ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY

On March 28, 2000, a Texas court entered a judgment against W. R. Grace & Co.

("Grace") for $39,427,617.78 in an asbestos personal injury case (the "Edwards Case"). Grace

filed a timely appeal from this judgment, and the prosecution of Grace's appeal has been stayed

since Grace filed its petition with this Court for chapter 11 relief on April 2, 2001. More than

eight years after the stay took effect, and on the eve of a complex and lengthy hearing to confirm

---

[1] The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife  Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the First Amended Joint Plan of Reorganization (the "Plan"), a motion has been filed to shorten

notice on a motion to lift the automatic stay so that the appeal of the Edwards Case may

proceed.[2]  The lift-stay motion was filed -- not by the Edwards claimants -- but by Fireman's

Fund Insurance Company ("FFIC"), a surety that posted a supersedeas bond to guarantee the

judgment against Grace.[3]

Setting aside the merits of FFIC's lift-stay motion, including (i) whether they could

possibly have standing to request that the stay be lifted so that litigation *in which they are not a*

*party* may proceed and (ii) their audacious request that the stay be lifted so that they can convert

their contingent and unliquidated unsecured claim into a secured claim, FFIC's motion to shorten

notice should clearly be denied.  In its motion to lift the stay, FFIC noticed the hearing date for

the motion as September 29, the date of the September omnibus hearing.  But FFIC missed the

filing deadline for motions to be heard at that hearing by a full week.  The deadline was set as

August 18,[4] and FFIC filed its lift-stay motion on August 25.  Though the Court subsequently

changed the date of the hearing from September 22 to September 29, the Court did not change

the date for filing motions ahead of the hearing.[5]  As such, FFIC's motion was not timely filed

---

[2] *See* Fireman's Fund Insurance Company's Protective Motion to Shorten Time for Responses to, and Hearing on, Its Motion for Relief from the Automatic Stay to Allow Completion of Debtors' State Court Appeal from the Edwards Judgment and for Related Relief, September 3, 2009 [Dkt. 23131].

[3] *See generally* Brief in Support of Fireman's Fund Ins. Co.'s Motion for Relief from the Automatic Stay to Allow Completion of Debtors' State Court Appeal from the Edwards Judgment and for Related Relief, August 25, 2009 [Dkt. 22962].

[4] *See* Order Scheduling Omnibus Hearing Dates for 2009, December 1, 2008, Ex. A [Dkt. 20156].

[5] *See* Amended Notice of Change in Judge Fitzgerald's Omnibus Hearing Date for September 22, 2009, August 7, 2009 [Dkt. 22715].

under the Order Scheduling Omnibus Hearing Dates for 2009,[6] and the motion should not be

heard at the September omnibus hearing unless FFIC can demonstrate "exigencies justifying

shortened notice."[7] FFIC has made no argument justifying a shortened notice period for its

motion -- FFIC holds no collateral that is in danger of losing value, and there is no actual threat

that FFIC's claim will be disallowed due to the continued application of the stay to the Edwards

appeal.[8] Moreover, FFIC has yet to pay a cent on its supersedeas bond, and delaying hearing on

the lift-stay motion will not leave FFIC waiting for repayment of any lost funds.

As an initial matter, FFIC's argument that its lift-stay motion was timely filed is simply

untenable. In making its case, FFIC cites Local Rules governing notice periods.[9] But FFIC fails

to note that these Local Rules only apply "[u]nless otherwise . . . ordered by the Court."[10] Here,

the Order Scheduling Omnibus Hearing Dates unambiguously states that the date for filing

motions to be heard at the September omnibus hearing is August 18, and the time periods given

in the Local Rules do not control. FFIC also contends that when the Court moved the date of the

---

[6] *Supra*, note 4.

[7] *See* Local Rule 9006-1(e).

[8] FFIC's motion to shorten references the argument advanced in its lift-stay motion that FFIC is prejudiced by the stay remaining in place because its claim may be disallowed if the appeal does not proceed. *See* Motion to Shorten Time, at 3, 6 [Dkt. 23131]; Brief in Support of Fireman's Fund Ins. Co.'s Motion for Relief from the Automatic Stay, at 17-22 [Dkt. 22962]. As the Plan Proponents explain in their Phase II Main Brief, because FFIC's claim is a Class 6 claim under the Plan that will be channeled to the Trust, it will not be discharged even though it may be contingent on the effective date. Therefore, FFIC will not lose any setoff rights it may have against its open policies upon consummation of the Plan. *See* Plan Proponents' Main Brief in Support of Plan Confirmation, August 8, 2008, at 140-41 [Dkt 22733]. FFIC's argument to the contrary is simply disingenuous.

[9] *See* Fireman's Fund Insurance Company's Protective Motion to Shorten Time for Responses to, and Hearing on, Its Motion for Relief from the Automatic Stay to Allow Completion of Debtors' State Court Appeal from the Edwards Judgment and for Related Relief, at 6 [Dkt. 23131].

[10] Local Rule 1001-1(b).

September omnibus hearing from September 22 to September 29, "a similar seven-day delay in both the filing date and the objection deadline went into effect."[11] But neither the Amended Notice[12] nor the Order Scheduling Omnibus Hearing Dates provides for such an alteration.[13] In fact, what clearly happened here is that FFIC, through design or inadvertence, waited until the eve of the confirmation hearing to seek relief that they could have sought since at least February of this year when it became clear that the Plan would treat FFIC's claim, which arises from an asbestos liability of the Debtors on account of the Edwards judgment, as a Class 6 Claim to be paid by the Asbestos PI Trust like all such indirect asbestos claims. While a timely lift-stay motion by FFIC might have successfully diverted the attention of the Plan Proponents and the Court from the essential business of Plan confirmation, FFIC should not be permitted to raise this issue at this juncture when its motion is clearly untimely.

FFIC also argues that § 362(e) of the Bankruptcy Code requires that their motion be heard within 30 days, and that FFIC does not consent to having its motion heard any later than September 29. A creditor waives its right to the 30-day period provided in § 362(e) when it takes an action that is "inconsistent with an intent on its part to insist that the court enter either a final order or an order continuing the stay pending conclusion of a final hearing within thirty

---

[11] Fireman's Fund Insurance Company's Protective Motion to Shorten Time for Responses to, and Hearing on, Its Motion for Relief from the Automatic Stay to Allow Completion of Debtors' State Court Appeal from the Edwards Judgment and for Related Relief, at 5 [Dkt. 23131].

[12] *See generally* Amended Notice of Change in Judge Fitzgerald's Omnibus Hearing Date for September 22, 2009 [Dkt. 22715].

[13] *See generally* Order Scheduling Omnibus Hearing Dates for 2009, Ex. A [Dkt. 20156].

days of its initial request."[14]  Here, FFIC waived its right to the thirty-day period in § 362(e) by noticing its motion for hearing on September 29 after filing its motion on August 25, more than thirty days before the September omnibus hearing.  Moreover, waiver should be implied by the fact that FFIC has waited over ***eight years*** to file a lift-stay motion and now insists it be heard at a time when the Court and the parties are heavily burdened by a lengthy confirmation hearing, and could not possibly be expected to be able to review, respond to, and hear a complex and untimely lift-stay motion.

There is another reason why FFIC cannot benefit from the thirty-day period provided in § 362(e).  Section 362(e) is universally understood to have been enacted to relieve secured creditors from "unnecessary delays" in gaining access to their collateral.[15]  FFIC -- a claimant with, at best, a contingent, unliquidated claim in Grace's chapter 11 cases[16] -- cannot expect protection from this section.[17]  In its motion to shorten notice, FFIC argues that its lift-stay motion concerns "an act against property of the estate" because FFIC seeks to compel Grace to convert FFIC's alleged unsecured claim into a secured claim by being allowed to exercise contractual rights that FFIC asserts would require Grace to deliver property to FFIC in which

---

[14] *J.H. Streiker & Co., Inc. v. SeSide Co. Ltd.*, 155 B.R. 112, 116 (E.D. Pa. 1993) (finding waiver of thirty-day period when creditor agreed to a briefing schedule that was inherently inconsistent with the thirty-day period stated in 362(e)).

[15] *See, eg., In re Wedgewood Realty Group, Ltd.*, 878 F.2d 693, 697 (3d Cir. 1989); *In re Kalmanowicz*, 248 B.R. 249, 256-57 (M.D. Pa. 1998) (citing *Wedgewood*); *accord In re McNeely*, 51 B.R. 816, 820 (Bankr. D. Utah 1985) ("Subsection (e) provides a protection for ***secured creditors***") (citing legislative history) (emphasis added).

[16] FFIC currently has no right to setoff and it is not clear it will ever have such a right and the Plan Proponents expressly reserve all arguments in that regard.  Also, FFIC's interest in the Wachovia letter of credit does not make FFIC a secured party for purposes of the Bankruptcy Code -- Grace, as a mere applicant for the letter of credit, has no interest in its proceeds and FFIC therefore has no security interest in any property of the estate

[17] *See* 11 U.S.C. § 362(e)(1) (thirty-day requirement applies only to "acts against property of the estate").

FFIC currently has no interest.[18]   Putting aside the audacious nature of such an illegal request, it

is clear that what FFIC is seeking in no way constitutes an act against property of the estate that

should be favored by section 362(e). [19]

The prejudice to the Debtors if FFIC's motion to shorten notice were granted would be

unnecessary and severe.  Grace is currently preparing for a lengthy and highly complex

confirmation hearing.  At issue in FFIC's motion is a matter in which Grace and the Asbestos PI

Trust could have substantial exposure on a claim that has been pending for eight years.

Requiring extensive briefing and oral argument on this motion in the midst of the confirmation

process would be highly prejudicial to the Debtors, especially on unduly short notice.  And it

would be to no useful end--there is simply no realistic prospect that the Edwards litigation will

reach a prompt conclusion if the stay is lifted.

FFIC's motion is nothing more than a cunning attempt to ambush the Debtor with the

prospect of over $43 million of exposure on a long-stayed appeal at a time when the Debtor, not

to mention the Court, is heavily preoccupied with a demanding confirmation process.  There will

be no prejudice to FFIC if its motion to shorten notice is denied.  Appeal of the Edwards

judgment has been stayed for the past eight years, and during that time FFIC has not been

required to make any payment under its supersedeas bond.  By contrast, the Debtors' would be

---

[18] *See* Fireman's Fund Insurance Company's Protective Motion to Shorten Time for Responses to, and Hearing on, Its Motion for Relief from the Automatic Stay to Allow Completion of Debtors' State Court Appeal from the Edwards Judgment and for Related Relief, at 8 [Dkt. 23131].

[19] *See* 11 U.S.C. § 362(e)(1) (thirty-day requirement applies only to "acts against property of the estate"); *In re Williams*, 346 B.R. 361, 367-68 (E.D. Pa. 2006) (noting the distinction between actions against the debtor and actions against property of the estate under section 362); Nancy C. Drehur, Bankruptcy Law Manual § 2:8 (5th Ed. 2009) (noting that section 362(e)(1) does not apply "with respect to the stay against acts solely against the debtor").

highly prejudiced by the burden of responding to a lengthy lift-stay motion in the midst of the

confirmation process.  Finally, it would also be inappropriate to decide FFIC's lift-stay motion at

this juncture because doing so would require the Court to make hasty determinations on issues

that will be relevant to confirmation, such as the merits of the Edwards appeal, issues regarding

FFIC's alleged setoff rights, issues regarding the classification of FFIC's surety claim under the

Plan, and allowance or disallowance of FFIC's surety claim under 11 U.S.C. § 502(e).  The

Court should not be required to pre-judge these issues on an artificially rushed schedule.  Thus,

the Plan Proponents[20] respectfully request that FFIC's motion to shorten notice be denied.

---

[20] The Plan Proponents include Debtors W. R. Grace & Co., *et al.*, The Official Committee of Asbestos Personal
Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security
Holders.

WHEREFORE, the Plan Proponents respectfully request that the Court enter an order:

(a)    Denying FFIC's Motion to Shorten Time on the ground that FFIC has not shown "exigencies justifying shortened notice," and because it would result in an undue distraction to the confirmation process; and

(b)    Ordering that all objections to FFIC's lift-stay motion be filed by October 9, 2009, as provided in the Order Scheduling Omnibus Hearing Dates for 2009;

(c)    Scheduling the hearing on FFIC's lift-stay motion for October 26, 2009; and

(d)    Ordering that the automatic stay of section 362 of the Bankruptcy Code shall remain in place with respect to the Edwards case and the other relief requested in FFIC's lift-stay motion until Court orders otherwise.

Attachment A consists of a proposed order setting forth the rulings requested by the Plan Proponents.

Dated:  September 4, 2009            Respectfully submitted,

                                    KIRKLAND & ELLIS LLP

                                    David M. Bernick, P.C.
                                    Theodore Freedman
                                    Christopher T. Greco
                                    Nathaniel J. Kritzer
                                    Citigroup Center
                                    601 Lexington Ave.
                                    New York, New York  10022-4611
                                    Telephone:  (212) 446-4800
                                    Facsimile:  (212) 446-4900

                                    and

Barbara M. Harding
Brian T. Stansbury
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5200

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison St.
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162
Facsimile: (312) 641-2165

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
joneill@pszjlaw.com
kmakowski@pszjlaw.com

*Co-Counsel for the Debtors and Debtors in Possession*

9

CAMPBELL & LEVINE, LLC

/s/ Mark T. Hurford
Mark T. Hurford (Bar No. 3299)
Marla R. Eskin (Bar No. 2989)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
mhurford@camlev.com

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of
Asbestos Personal Injury Claimants*

PHILIPS, GOLDMAN & SPENCE, P.A.

/s/ John C. Philips
John C. Philips (Bar No.110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pgslaw.com

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T Austern, Asbestos PI Future
Claimants' Representative*

SAUL EWING LLP

/s/ Teresa K.D. Currier
Teresa K.D. Currier (Bar No. (3080)
222 Delaware Avenue, 12th Floor
Wilmington, DE 19801
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
tcurrier@saul.com

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Horowitz
David Blabey
1177 Avenue Of The Americas
New York, NY 10036
Telephone: (212) 715-9100
*Counsel for the Official Committee of Equity Security
Holders*

11

**Attachment A**

**Proposed Order**

Case 01-01139-AMC   Doc 23169   Filed 09/04/09   Page 12 of 14

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING FIREMAN'S FUND INSURANCE COMPANY'S MOTION TO SHORTEN TIME FOR RESPONSES TO, AND HEARING ON, ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of *Fireman's Fund Insurance Company's Protective Motion to Shorten Time for Responses to, and Hearing on, Its Motion for Relief from the Automatic Stay to Allow Completion of Debtors' State Court Appeal from the Edwards Judgment and for Related Relief,* dated 9/3/2009 (Dkt. 23131), it is hereby

ORDERED, that the Motion is denied; and it is further.

ORDERED, that objections to *Fireman's Fund Ins. Co.'s Motion for Relief from the Automatic Stay to Allow Completion of Debtors' State Court Appeal from the Edwards Judgment and for Related Relief,* filed 8/25/2009 (Dkt. 22962) (the "Lift-Stay Motion") shall be filed by October 9, 2009; and it is further

ORDERED, that the Lift-Stay Motion shall be heard on October 26, 2009; and it is further

2

ORDERED, that the automatic stay of section 362 of the Bankruptcy Code shall remain

in place with respect to the appeal of the Edwards judgment and the other relief requested in the

Lift-Stay Motion until this Court orders otherwise.

Dated: _____
Wilmington, Delaware

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge