# EXHIBIT 11
(October 7, 1998 Agreement)

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of all claims and policy obligations ("Agreement") is entered into on this ____7____ day of October, 1998 by and between Grace (as defined in Section I.A.) and Commercial Union (as defined in Section I.B.).

WHEREAS, Commercial Union issued or is alleged to have issued various policies of insurance to Grace ("Policies", as hereinafter defined);

WHEREAS, Grace has made Claims for insurance coverage under the Policies;

WHEREAS, Grace filed a third-party complaint against Commercial Union in an action entitled <u>Maryland Casualty Co. v. W. R. Grace & Co.</u>, No. 88 Civ. 4337 (JSM), venued in the Southern District of New York, which case was consolidated with a second action, <u>Unigard Security Ins. Co. v. W. R. Grace & Co. - Conn.</u>, No. 97 Civ. 8941 (JSM), also venued in the Southern District of New York;

WHEREAS, it is in the mutual best interest of Grace and Commercial Union to reach a full and final amicable resolution of their rights and obligations under the Policies with respect to any and all Claims, without admission of liability by either Grace or Commercial Union, or any further adjudication of any issue of

CONFIDENTIAL SUBJECT TO MARCH 2000 PROTECTIVE ORDER

OB-000067

EXHIBIT
OS-3
(Rev.)

PENGAD 800-631-6989

XXX-001729

fact or law, and to resolve all past and present disputes, and avoid all future disputes, relating to Commercial Union's and Grace's rights and obligations under the Policies;

NOW THEREFORE, in consideration of the mutual covenants, agreements and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, Commercial Union and Grace agree as follows:

I.    <u>DEFINITIONS</u>

A.    "Grace" means W.R. Grace & Co., a Delaware Corporation, and all its subsidiaries, predecessors in interest, successors in interest, assigns, and all other persons, corporations, and entities claiming a right as a named insured, additional named insured, or other insured under the Policies, to the extent Grace has the legal capacity to bind such persons, corporations and entities to obligations arising under this Agreement.

B.    "Commercial Union" means Commercial Union Insurance Company, CGU, American Employers' Insurance Company, and Employers Commercial Union Insurance Company, and their respective predecessors-in-interest, successors-in-interest and assigns.

C.    "Claim" and "Claims" mean any and all past, present and future claims or demands for coverage under the Policies, whether

2

258380.2

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

OB-000068

XXX-001730

known or unknown, fixed or contingent, direct or indirect, that have been, could have been, are, or may in the future be, asserted, in whatever fashion, including but not limited to claims, promises, orders, requests, actions, causes of actions, cross-claims, third-party claims, counter-claims, directives, decrees, demands, proceedings, suits, Potentially Responsible Party notices and/or notices of partial or total responsibility. "Claim" and "Claims" include every and all coverages afforded or allegedly afforded under the Policies, including but not limited to coverage or alleged coverage for property damage, bodily injury, personal injury, advertising liability, operations liability, products liability, medical monitoring, natural resources damage, eviction liability, occupational disease, maritime, and workers' compensation. "Claim" and "Claims" do not include those claims that are the subject of the "Settlement Agreement and Release" dated December 17, 1996 entered into between Grace and Commercial Union in the case captioned Hatco Corp. v. W.R. Grace & Co. - Conn., No. 89-1031, venued in the United States District Court for the District of New Jersey, nor those claims that are the subject of the "Settlement Agreement" dated May 7, 1993 entered into between Grace and Commercial Union in various cases, including but not limited to Maryland Casualty Company v. W.R. Grace & Co., et al., No. 88 Civ. 2613 (SWK), venued in the United States District Court for the Southern

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

OB-000069

XXX-001731

District of New York; <u>Moore, ex. rel. State of Mississippi v. The</u>
<u>Flintkote Co., et al. v. Maryland Casualty Co., et al.</u>, No. 89-
5138(2), venued in the Circuit Court of Jackson County,
Mississippi; <u>Independent School District 197, et al. and W.R.</u>
<u>Grace & Co. - Conn. v. Accident & Casualty Insurance of</u>
<u>Winterthur, et al.</u>, No. 19-C4-88-007950, venued in the District
Court of the County of Dakota, Minnesota; <u>W.R. Grace & Co. -</u>
<u>Conn. v. Admiral Insurance Co., et al.</u>, No. 91-048251, venued in
the District Court of Harris County, Texas; <u>Dayton Independent</u>
<u>School District, et al. v. United States Mineral Products Co. and</u>
<u>W.R. Grace & Co. - Conn. v. Admiral Insurance Co., et al.</u>, No. B-
87-00507, venued in the United States District Court for the
Eastern District of Texas, Beaumont; <u>W.R. Grace & Co. - Conn. v.</u>
<u>Admiral Insurance Company, et al.</u>, No. BC 050432, venued in the
Superior Court of the County of Los Angeles, California; and
<u>American Employers Insurance Company, et al. v. W.R. Grace & Co. -</u>
<u>Conn., et al.</u>, No. 6241-92, venued in the Supreme Court of the
State of New York, County of New York.

   D.   "Policy" and "Policies" mean all insurance policies
issued or allegedly issued by Commercial Union to or for the
benefit of Grace prior to and including the date of execution of
the Agreement.  "Policy" and "Policies" does not include any
insurance policies issued to any corporation or entity that was
formerly a subsidiary of Grace, or in which Grace otherwise held a

4

250380.2

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

OB-000070

XXX-001732

controlling interest, but had ceased to be a subsidiary of Grace, or in which Grace ceased holding a controlling interest, prior to the effective date of the policy.   Commercial Union and Grace represent and warrant that they are unaware of any other contracts of insurance issued or alleged to have been issued to Grace prior to the date of execution of this Agreement, except those Policies listed below:

| Company | Policy No. | Policy Period |
|---|---|---|
| American Employers' Insurance Company ("AEIC") | A15-2127-51 | 10/20/62 - 10/20/65 |
| AEIC | A16-8220-001 | 10/20/65 - 10/20/68 |
| AEIC | A16-8220-002 | 10/20/65 - 10/20/68 |
| AEIC | A15-8138-001 | 01/27/65 - 10/20/65 |
| AEIC | A16-8220-003 | 10/20/68 - 06/30/71 |
| AEIC | A16-8220-004 | 10/20/68 - 06/30/71 |
| Employers Commercial Union Insurance Company | EY-8220-005 | 06/30/71 - 06/30/74 |
| Employers Commercial Union Insurance Company | EY-8220-006 | 06/30/71 - 06/30/74 |

Commercial Union does not admit the applicability of any or all of the Policies to any Claims.

E.    "Pending Litigation" means Maryland Casualty Co. v. W.R. Grace & Co., No. 88 Civ. 4337 (JSM) venued in the Southern District of New York, as consolidated with Unigard Security Ins.

5

CONFIDENTIAL SUBJECT TO MARCH 2000 PROTECTIVE ORDER

OB-000071

258380.2

XXX-001733

<u>Co. v. W.R. Grace & Co. - Conn.</u>, No. 97 Civ. 8941 (JSM), also venued in the Southern District of New York.

F.  "Effective Date" means the last date any signatory hereto executes this Agreement.

G.  "Party" means Grace or Commercial Union, as applicable.

H.  "Parties" means Grace and Commercial Union.


II.  <u>SETTLEMENT AMOUNT TO BE PAID BY COMMERCIAL UNION</u>

Commercial Union shall pay to Grace the sum of Fifty-Seven Million Six Hundred Thousand Dollars ($57,600,000) ("Settlement Amount"). Payment of the Settlement Amount shall be made by Commercial Union to Grace within thirty (30) business days after actual receipt by Commercial Union of this Agreement, as executed by Grace.  Payments are to be received from Commercial Union by either check or wire transfer.


III. <u>RELEASES AND RESERVATIONS</u>

A.  Grace hereby fully and forever releases and discharges Commercial Union from any and all rights, obligations and liabilities of any kind related to Claims arising under any or all of the Policies, from the beginning of time forward to the end of

6

258380.2

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

OB-000072

XXX-001734

the World, as if the Policies never existed.   The Policies, including all rights, obligations and liabilities associated with the Policies, are completely extinguished and terminated as to Claims.

B.   Commercial Union hereby fully and forever releases and discharges Grace from any and all rights, obligations and liabilities of any kind related to Claims arising under any or all of the Policies, from the beginning of time forward to the end of the World, as if the Policies never existed.   The Policies, including all rights, obligations and liabilities associated with the Policies, are completely extinguished and terminated as to Claims.

C.   Grace releases and discharges Commercial Union from any and all compensatory, punitive, exemplary or statutory damages, and equitable or extra-contractual relief, relating to or based upon any allegations of bad faith, fraud, misrepresentation, unfair claim practice, unfair trade practice or other acts or state of affairs, or failure to act, in connection with the investigations, handling, adjustment, litigation, defense or settlement arising out of or relating to the Policies.

D.   Commercial Union releases and discharges Grace from any and all compensatory, punitive, exemplary or statutory damages, and equitable or extra-contractual relief, relating to or based

7

258380.2

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

OB-000073

XXX-001735

upon any allegations of bad faith, fraud, misrepresentation, or other acts or state of affairs, or failure to act, in connection with the investigations, handling, adjustment, litigation, defense or settlement arising out of or relating to the Policies.

E.   Grace expressly assumes the risk that the alleged costs of its past, present, and/or future liability may be greater than Grace currently realizes, that the alleged costs may increase in amount or in severity over time and that the costs and/or claims may be progressive, cumulative, unknown and/or unforeseeable, and that there may be hidden, unknown and unknowable damages or costs. Grace nevertheless waives, surrenders, and abandons any rights under the Policies.

 (Initial - CU)

_____ (Initial - Grace)

F.   It is the intention of Commercial Union and Grace that this Agreement operate as and constitute a full release and extinguishment of the Policies, and Grace expressly waives any and all rights it may have, (whether by statute, code, ordinance, regulation, or otherwise) that limit or restrict the effect of a general release as to Claims which Grace does not know or suspect to exist at the time of the execution of the release.  However, the Parties agree that this Agreement does not relieve Commercial Union from its obligations under the "Settlement Agreement and

258380.2

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER          OB-000074

XXX-001736

Release" dated December 17, 1996, entered into between Grace and Commercial Union in the case captioned Hatco Corp. v. W. R. Grace & Co.--Conn., No. 89-1031, and the "Settlement Agreement" dated May 7, 1993 entered into between Grace and Commercial Union as referenced in Section I.C., and payments due pursuant to this Agreement are in addition to the payments due pursuant to these other two agreements.

_____    (Initial - CU)

_____    (Initial - Grace)

IV.  DISMISSAL WITH PREJUDICE

Within ten (10) days after payment of the Settlement Amount by Commercial Union to Grace pursuant to Section II of this Agreement, Grace shall file a motion to dismiss Commercial Union with prejudice, and without costs, from the Pending Litigation. Grace and Commercial Union shall bear their own respective costs, expenses and fees (including but not limited to attorneys' fees), in connection with the Pending Litigation, the negotiations for and execution of the Agreement, and the filing of the motion to dismiss Commercial Union.

V.   COVENANT NOT TO SUE

Commercial Union hereby covenants not to sue or otherwise to seek to recover the Settlement Amount paid to Grace, from any

9

258380.2

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

OB-000075

XXX-001737

entity that currently is a successor of Grace, or any other entity or company that issued insurance to or for the benefit of Grace, to the extent that such successor(s) or other companies do not sue or otherwise seek to recover any money or obtain other relief from Commercial Union. This covenant shall not preclude Commercial Union's right to pursue recovery from its reinsurers (if any), for some or all of the Settlement Amount.

VI.    INDEMNIFICATION, HOLD HARMLESS AND DEFENSE

A. From and after the Effective Date, Grace shall, at its own expense, defend Commercial Union and shall indemnify and hold Commercial Union harmless against any and all liability, loss, costs or expenses, imposed upon Commercial Union as a result of any Claims that are asserted, initiated or continued by any person or entity against Commercial Union and that are based upon the Policies.

B. After receipt by Commercial Union of notice of any Claim, Commercial Union shall notify Grace in accordance with Section XII as soon as practicable, in writing, of such notice, and shall thereafter tender the Claim to Grace.

C. After Grace receives any notice pursuant to Section VI.B., Grace shall promptly take all necessary actions to defend, indemnify and hold Commercial Union harmless.

10

258380.2

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

OB-000076

XXX-001738

D.   Grace and Commercial Union shall mutually agree upon a choice of counsel to represent Commercial Union.   Grace will consult with, and allow Commercial Union complete control over, the positions asserted in the interpretation of the language of the Policies, and will consult with Commercial Union in the defense of any Claim.

E.   Grace and Commercial Union will consult to the extent practicable about all decisions related to a material matter.   The Parties will make reasonable efforts to accommodate the litigation suggestions of each other before directing counsel to take any action.   The Parties will not dispute any decision made by the other, which is lawful and is reasonably made in their discretion.

F.   The Parties shall keep each other apprised in a timely manner of all significant developments in the defense of Commercial Union for any Claim.   Upon reasonable request Grace will supply Commercial Union with status reports.

G.   Any settlement or compromise made by Grace on behalf of Commercial Union shall provide that it is not an admission of liability by Commercial Union and is without precedent to Commercial Union.   Prior to entering into any settlement or compromise, Grace shall provide reasonable and timely disclosure to Commercial Union.   Commercial Union shall have such time as is practicable to review the proposed settlement or compromise and to

258380.2

11

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

OB-000077

XXX-001739

present its view to Grace.  Pursuant to Section VII, Grace shall use best efforts to keep such settlement or compromise confidential.

H.  Commercial Union and Grace shall cooperate reasonably with each other to protect their respective interests with respect to Claims, and shall make all reasonable efforts to avoid taking positions in such litigation that are adverse to, or inconsistent with, their general business and corporate interests and positions.

I.  Commercial Union shall comply in a timely manner with Grace's requests for access to documentation or information pertaining to Policy defenses.

VII. <u>CONFIDENTIALITY OF AGREEMENT</u>

A.  *This Agreement and all matters related to its existence, terms, negotiations, consideration, and performance,* are strictly confidential.  Grace and Commercial Union shall take all measures reasonably necessary to preserve the strict confidentiality of this Agreement, and all matters related to its existence, terms, negotiations, consideration, and performance, including but not limited to the following:

12

258380.2

CONFIDENTIAL SUBJECT TO MARCH
2000 PROTECTIVE ORDER

OB-000078

XXX-001740

1.    Restricting access to only those persons and entities with a need for such information for some legitimate business purpose;

2.    Restricting duplicates, abstracts, and derivative works to only those necessary for some legitimate business purpose; and

3.    Employing all reasonable efforts to maintain strict confidentiality, including efforts commensurate with those employed for the protection of the Parties' own trade secrets, and other confidential business information.

B.    The Agreement, and matters related to its existence, terms, negotiations, consideration, and performance, may be revealed only under the following circumstances:

1.    Where a Party is or may be ordered to produce the Agreement, or matters related to its existence, terms, negotiation, consideration, and performance, as part of a judicial or other proceeding, the Party who is or may be compelled to disclose such information shall take all due measures at its own expense to oppose such disclosure. Furthermore, the Party who is or may be compelled to disclose such information shall notify the other Party in writing as soon as the possibility of such disclosure becomes evident (e.g., filing of motion to compel). Such notice shall include all relevant information available to

13

258380.2

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

OB-000079

XXX-001741

the Party that may be compelled to disclose.

    2. Any Party may describe and/or make reference to this Agreement to the extent that such disclosure is required to comply with any statute, rule or other requirement of any government or governmental agency or other authority. Without limiting the foregoing, the Parties agree that Grace may describe and/or make reference to this Agreement in a press release, an Annual Report on Form 10-K or any other report or filing that, on advice of counsel, Grace is required to make with the Securities and Exchange Commission ("SEC") pursuant to the Securities Act of 1933, as amended, or the Securities Exchange Act of 1934, as amended, and in any financial statements and/or related notes included or incorporated by reference in any such report or filing; provided, however, that (1) Grace will not identify Commercial Union in any such press release; (2) Grace will not identify Commercial Union in any report or filing without notifying Commercial Union prior to the issuance of any filing or report, and shall take any comments rendered in response thereto into account prior to such issuance; (3) Grace agrees that a copy of this Agreement shall not be filed as an exhibit to any press release; (4) Grace agrees that a copy of the Agreement shall not be filed as an Exhibit to any report or filing unless Grace is required to do so by the SEC. If so required, Grace agrees (1) to consult with Commercial Union and to take into account their views

14

258380.2

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

OB-000080

XXX-001742

in connection with any objection by Grace to any such request by the SEC and (2) to seek confidential treatment by the SEC of such portions of the Agreement as Grace may deem appropriate in the circumstances. Nothing in this Section VII shall bar Commercial Union from making an independent application to the SEC to maintain the confidentiality of this Agreement.

3.    The Agreement may be disclosed by Grace and Commercial Union to counsel, lenders, auditors, accountants, underwriters or reinsurers (including counsel for such entities) when necessary for a legitimate business purpose. Prior to such disclosure the person or entity to which disclosure shall be made shall agree in writing to be bound by the terms of Section VII of this Agreement.

C.    Where a Party has produced this Agreement, and/or information related to its existence, terms, negotiations, consideration, or performance, as part of a judicial or other proceeding, the producing Party at its own expense shall seek a protective order or other document restricting the use of the materials to be produced, to the particular purpose of the litigation in, or other matter for, which it is produced. The producing Party shall take all steps necessary to bar the disclosure of the materials to anyone not involved in the litigation or matter.

258380.2

15

CONFIDENTIAL SUBJECT TO MARCH 2000 PROTECTIVE ORDER

OB-000081

XXX-001743

D.    As part of any disclosure of the Agreement or matters related to its existence, terms, negotiations, consideration, and performance, the Party making the disclosure shall make all due effort to require the receiving entity to return all copies of the Agreement and all matters related to its existence, terms, negotiations, consideration and performance, when the use of such materials is at an end, or alternately, to certify in writing that such material has been destroyed.

VIII. <u>SETTLEMENT NOT AN ADMISSION</u>

A.    Grace acknowledges that Commercial Union disputes coverage under the Policies with respect to Claims.    Grace recognizes that Commercial Union's payment of the Settlement Amount is made in compromise of disputed coverage demands and is not, and cannot be construed as, an admission by Commercial Union that any defense, indemnity or other coverage or obligation to pay exists under any of the Policies, or that Commercial Union has any other obligation of any nature whatsoever (other than those arising under the Agreement) with respect to Claims.

B.    The Agreement and its negotiation and performance shall not be used in any manner by any person or entity in any future action or proceeding as evidence of the rights, duties or obligations of Grace or Commercial Union under the Policies.

16

258380.2

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

OB-000082

XXX-001744

IX.   APPLICATION OF AGREEMENT ONLY TO THE PARTIES

A.   This Agreement is intended to confer rights and benefits only upon *Grace* and *Commercial Union*, and not upon any other person or entity, and no person or entity other than Grace and Commercial Union shall have any enforceable rights under this Agreement.   Any right of action for breach of this Agreement is reserved to Grace and Commercial Union.

B.   This Agreement is the product of informed negotiations and involves compromises of the Parties' previously stated legal positions.   Accordingly, this Agreement does not reflect upon the Parties' views as to their rights and obligations with respect to the Claims, the Policies, or matters, persons or entities outside the scope of this Agreement.   This Agreement and its negotiation and performance shall not be used in any manner as evidence of the rights, duties, or obligations of Grace or Commercial Union with respect to the Claims, the Policies, or matters, persons or entities outside the scope of this Agreement.

X.   ASSISTANCE AND COOPERATION

A.   Grace and Commercial Union agree that they will execute and deliver to the other Party all instruments and do such further acts and things as the other Party may reasonably request in order

17

258380.2

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

OB-000083

XXX-001745

to effectuate the purposes of this Agreement.

B.   Should any person or entity not a party hereto challenge the validity of this Agreement, or any term thereof, Grace and Commercial Union shall provide to each other such cooperation and assistance as the other Party may reasonably request in order to resist such a challenge.

XI.   NOTICE REGARDING CORPORATE EXISTENCE

A.   Grace shall notify Commercial Union of any voluntary dissolution of Grace.  Such notice shall be given within thirty days after the adoption of any resolution or other action of the Board of Directors to dissolve the corporation, but in no circumstance shall such disclosure be required to be made prior to the first date on which Grace, in the opinion of counsel for Grace, is obligated to notify such governmental regulators or Grace stockholders, which ever first occurs.  Should Grace be subject to involuntary dissolution or receivership, Grace shall notify Commercial Union of such action no later than thirty days after formal service of process in such proceeding is served on Grace.

B.   Grace shall notify Commercial Union of any material change in the corporate form or ownership of Grace.  Such notice shall be given within thirty days after the adoption of any

258380.2

18

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

OB-000084

XXX-001746

resolution, or other action of the Board of Directors, changing such corporate form, but in no circumstance shall such disclosure be required to be made prior to the first date on which Grace, in the opinion of counsel for Grace, is obligated to so notify the relevant governmental regulators or Grace stockholders, which ever first occurs.

## XII. EXECUTION

This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed one and the same instrument. This Agreement consists of twenty six (26) typewritten pages, inclusive of signature pages.

## XIII. NOTICE

Any statements, communications, or notices to be provided pursuant to this Agreement shall be sent to the attention of the persons indicated below:

For Grace:

(a)    W.R. Grace & Co. -- Conn.
       1750 Clintmoore Road
       Boca Raton, Florida 33487-2707
       (561) 362 - 2000 (Telephone)
       (561) 362 - 1883 (Facsimile)
       Attn:  Secretary

19

258380.2

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

OB-000085

XXX-001747

with a copy to: Director, Corporate Risk
Management

For Commercial Union:

(b)  Commercial Union Insurance Company
     100 Summer Street
     Boston, MA  02110
     (Street Address)

     P.O. Box 9545
     Boston, MA  02205-9545
     (Mailing Address)
     (617) 725-6000 (Telephone)
     (617) 725-6153 (Facsimile)
     Attn:  Mr. James J. McKay

Such addresses may be changed by providing notice pursuant to this
Section.   Notice  of  change  of  address  is  effective  only  upon
actual receipt.


XIV.  PARTIAL INVALIDITY

     If any provision of this Agreement, or the application of any
term  or  provision,  is  held  to  be  illegal,  invalid,  or
unenforceable under present or future laws, such provision shall
be  fully  severable.   In  such  event:  (1)  the  Agreement  shall  be
construed  and  enforced  as  if  such  illegal,  invalid,  or
unenforceable  provision  has  never  comprised  a  part  of  the
Agreement;  (2)  the  remaining  provisions  of  the  Agreement  shall
remain  in  full  force  and  effect  and  shall  not  be  affected  by  the
illegal,  invalid,  or  unenforceable  provision,  or  by  its  severance
from  this  Agreement,  unless  the  effect  of  severance  of  such

250380.2

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

OB-000086

XXX-001748

provision shall conclusively make continued performance under this Agreement impossible; and (3) in lieu of such illegal, invalid, or unenforceable provision, there shall be added automatically as part of this Agreement a provision as similar in intent to such illegal, invalid, or unenforceable provision as may be possible and as may be legal, valid, and enforceable.

## XV.  REMEDY FOR BREACH

If any Party to this Agreement contends that any other Party has materially breached the terms of the Agreement, such Party shall give the other Party to this Agreement notice thereof by certified mail. The Party contending that the Agreement has been materially breached shall give the other Party twenty (20) days from the date of the actual receipt of notice to cure the alleged breach, before taking any legal action. The Party to whom written notice of a breach has been given shall not take any legal action under this Agreement within that twenty (20) day period. However, the failure of a Party to object to one or more breaches or violations of this Agreement shall not constitute a waiver or limitation upon the right of such Party to object to any other breach or violation of this Agreement.

21

258380.2



CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

OB-000087

XXX-001749

XVI. <u>ENTIRE AGREEMENT AND AMENDMENTS TO AGREEMENT</u>

This Agreement is the complete and entire agreement of the Parties and may not be modified, changed, contradicted, added to, or altered in any way by any previous or concurrent written or oral agreements or any subsequent oral agreements. No amendment or variation of this Agreement shall be valid unless made in writing and signed by the Parties.

XVII.  <u>NO CONSTRUCTION AGAINST EITHER PARTY</u>

This Agreement was negotiated at arms-length with all Parties receiving advice from independent legal counsel. The Parties read this entire Agreement and know the contents hereof, that the terms hereof are contractual and not merely recitals, and acknowledge that they have signed this Agreement of their own free act. It is the intent of the Parties that no part of this Agreement be construed against any of the Parties because of the identity of the drafter or the fact that Commercial Union is an insurance company.

XVIII.  <u>CHOICE OF LAW</u>

This Agreement shall be construed and interpreted in accordance with, and be governed by, the laws of the State of New York, without regard to principles of conflicts of law.

258380.2

CONFIDENTIAL SUBJECT TO MARCH
2002 PROTECTIVE ORDER

OB-000088

XXX-001750

XIX.  REPRESENTATION AND WARRANTIES

A.  Grace represents that as of the date of execution of this Agreement, (a) it is not aware of any claim being made against the Policies by any entity formerly owned, controlled, related to, succeeding to Grace's interest, or affiliated with Grace, and whom Grace does not have the authority to bind to this Agreement, and (b) it is not aware of any claim that is going to be made or that is contemplated being made against the Policies after execution of this Agreement, by any entity formerly owned by, related to, succeeding to Grace's interest, or affiliated with Grace.  Grace acknowledges that if any entity formerly owned, controlled, related to, succeeding to Grace's interests, or affiliated with Grace makes a Claim under the Policies, Grace shall defend, indemnify and hold Commercial Union harmless pursuant to Section VI.

B.  No Party shall assign, transfer, convey or sell, or purport to assign, transfer, convey or sell to any person, persons, or entity, any cause of action, chose in action, or part thereof, arising out of or connected with the matters released herein, without first obtaining the written consent of the other Party; provided, however, that this sentence shall not prohibit any assignment by a Party by merger, consolidation, operation of

23

258380.2

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

OB-000089

XXX-001751

law or other transaction that results in the succession of all or substantially all of such Party's assets. Subject to the foregoing, this Agreement shall extend to and be binding upon the successors and assigns of the Parties.

C.   The Parties represent, warrant and agree that they (a) are the sole and lawful owners of all right, title, and interest in and to every Claim or matter released herein; (b) have not assigned or transferred or purported to or attempted to assign or transfer to any person or entity any claim or other matter released herein; and (c) have taken all necessary actions to duly approve the making and performance of the Agreement and that no further approval is necessary.

D.   The making and performance of the Agreement will not violate any provision of law, or of the respective articles of incorporation, charters, or by-laws of the Parties.

E.   The headings contained in the Agreement are for convenient reference only and shall not in any way alter the meaning or interpretation of the Agreement. The recitals set forth in the Agreement are fully incorporated into and form a part of the Agreement.

258380.2

CONFIDENTIAL SUBJECT TO MARCH 2000 PROTECTIVE ORDER

OB-000090

XXX-001752

F.   Each of the Parties represents, warrants and certifies that the person signing the Agreement on its behalf is authorized to execute the Agreement, and that the Agreement constitutes a valid and binding obligation.

IN WITNESS WHEREOF, THE AGREEMENT HAS BEEN READ AND SIGNED IN DUPLICATE ORIGINALS BY THE DULY AUTHORIZED REPRESENTATIVES OF THE PARTIES:

W.R. GRACE & CO.

By: _____    Date: _10/7/98_

Name (Print): *Vice President & Treasurer*

Title: *Paul McMahon*

Witness: _____    Date: _10/7/98_

SWORN to and SUBSCRIBED before me this 7th day of *October*, 1998.

_____
Notary Public



25

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

OB-000091

XXX-001753

COMMERCIAL UNION INSURANCE COMPANY

By: _James J. McKay_          Date: _10/2/98_
    Mr. James J. McKay
    Environmental Claim Division

Witness: _Glenn L. Perkins_          Date: _10-2-98_

SWORN to and SUBSCRIBED
before me this 2nd day
of October, 1998.

_____
    Notary Public
My Commission Expires: May 12, 2000

258380.2

26

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

OB-000092

XXX-001754