# EXHIBIT 14
(July 11, 1996 Agreement)

# SETTLEMENT AGREEMENT, RELEASE & INDEMNIFICATION/HOLD HARMLESS AGREEMENT

Between

W. R. GRACE & CO.

and

UNIGARD SECURITY INSURANCE COMPANY

July 11, 1996

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000032

EXHIBIT
OS-6
(Rev.)

XXX-001786

SETTLEMENT AGREEMENT, RELEASE AND

INDEMNIFICATION/HOLD HARMLESS AGREEMENT

This Settlement Agreement, Release and Indemnification/Hold Harmless Agreement is entered into this 11th day of July, 1996 by W. R. Grace & Co.-Conn., a Connecticut corporation, and W. R. Grace & Co. (collectively "Grace") (as defined in Article II., A. of this Agreement) and Unigard Security Insurance, formerly Unigard Mutual Insurance Company ("Unigard") (as defined in Article II., B. of this Agreement).

I. RECITALS

WHEREAS, Unigard issued to Grace two policies of insurance, Policy No. 1-2517 with a policy period of June 30, 1974 to June 30, 1975 and Policy No. 1-0589 with a policy period of February 27, 1973 to June 30, 1975 (collectively the "Unigard Policies").

WHEREAS, Grace has asserted that Unigard is responsible under the Unigard Policies to defend and indemnify Grace as a result of liability, or potential future liability, of Grace arising out of Environmental Claims (as defined in Article II.,C. of this Agreement) asserted, or which may in the future be asserted, in connection with a manufacturing facility owned by Hatco Corporation and located in Fords, New Jersey (the "Hatco Site"); and

WHEREAS, there is a dispute between Grace and Unigard with respect to Unigard's obligations under the Unigard Policies to defend and/or indemnify Grace with respect to such claims, which

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

is the subject of certain pending third-party litigation brought by Grace against Unigard entitled <u>Hatco, Inc. v. W. R. Grace & Co.-Conn. v. Allstate Insurance Company, et. al.</u>, United States District Court for the District of New Jersey, Civil Action No. 89-1031 (AMW) (the "Pending Litigation"); and

WHEREAS, Unigard has denied that it has any such obligation to Grace, and has defended the Pending Litigation against it; and

WHEREAS, the parties believe that it is in their mutual interest to reach an amicable resolution with respect to all Environmental Claims arising, or which may in the future arise, out of the Hatco Site and the issues raised in the Pending Litigation without admission or adjudication of any issue of fact or law, and to resolve all past, present or future disputes relating to Unigard's obligations to Grace under the Unigard Policies with respect to Environmental Claims arising out of the Hatco Site;

NOW, THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, Grace and Unigard hereby agree as follows:

II. DEFINITIONS

A. "Grace" shall mean W. R. Grace & Co.-Conn., and/or W. R. Grace & Co. and their respective predecessors, successors, and subsidiary companies or corporations.

B. "Unigard" shall mean Unigard Security Insurance Company, John Hancock Mutual Life Insurance Company, John Hancock

-2-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000034

XXX-001788

Property & Casualty Holding Company, John Hancock Management Company, any entity owned or controlled by any of them, and the past and present directors, officers, employees, parents, subsidiaries, predecessors, and successors of each of the foregoing, together with the assigns of any rights or obligations of any of them under the Unigard Policies.

C.  "Environmental Claims" shall mean any past, present and/or future claim, action, suit, proceeding or notice of liability, whether made at law or equity and whether sounding in contract, tort or any other common law or statutory cause of action made against Grace by any Federal, State, local or other governmental agency or Hatco Corporation, its successors or assignees for environmental liabilities involving alleged, actual, threatened or potential pollution, contamination or other injurious environmental condition, or injury to, destruction of or loss of natural resources, and including but not limited to any property damage, natural resource damage, cleanup or remediation, but shall not include claims for (1) personal injury (The term "personal injury" shall not include claims for wrongful entry or eviction, nuisance or trespass, or invasion of the right of privacy or occupancy arising out of alleged, actual, threatened or potential pollution, contamination or other injurious environmental condition.), or (2) claims for property damage, natural resource damage, clean-up or remediation brought by any non-governmental party, except Hatco Corporation, its successors or assignees.

-3-

CONFIDENTIAL SUBJECT TO MARCH 2007 PROTECTIVE ORDER

SEA-000035

XXX-001789

III. PAYMENT BY UNIGARD IN COMPROMISE OF DISPUTED CLAIMS

In full and final settlement of all Environmental Claims that Grace has or may have, now or in the future, known or unknown, against Unigard under the Unigard policies arising out of the Hatco Site, Unigard will pay to Grace within 30 days after execution of this Agreement by both parties the total sum of Two Million Dollars ($2,000,000) (the "Settlement Amount").

IV. DISMISSAL WITH PREJUDICE OF PENDING LITIGATION

Upon receipt of the payment of the Settlement Amount, Grace shall discontinue with prejudice its prosecution of its claims against Unigard in the Pending Litigation. Grace will use reasonable efforts to minimize the possibility of any claims or actions against Unigard by any insurance company from which Grace also seeks coverage under any policies issued by any such insurance companies for Environmental Claims arising out of the Hatco Site. In particular, if Grace settles with any other insurance company with respect to any such Environmental Claims arising out of the Hatco Site, Grace will request a release from each such insurer of any claim it may have against Unigard.

Each party shall bear its own past costs and attorneys' fees incurred in connection with the Pending Litigation and any such costs and fees incurred to negotiate or implement the terms of this Agreement.

-4-

CONFIDENTIAL SUBJECT TO MARCH 2000 PROTECTIVE ORDER

SEA-000036

XXX-001790

V.  RELEASE

In further consideration of the payment of the Settlement Amount by Unigard and the mutual release of rights contained herein, Grace does hereby fully and forever release and discharge Unigard, its agents, reinsurers and attorneys from any obligation arising under the Unigard policies for any and all past, present, or future claims, demands, obligations, suits, actions, causes of action and rights whatsoever for indemnity, defense and/or damages or other payments of any nature, which Grace may have paid, may agree to pay, or otherwise may be required to pay, or which may hereafter accrue, on account of or in any way related to Environmental Claims arising out of the Hatco Site, whether known or unknown as of the date of execution of this Agreement; and for any damages (including compensatory, punitive, exemplary, extracontractual or statutory) based upon any allegations of bad faith, unfair claim practice, unfair trade practice or other act or failure to act arising out of Unigard's role as an insurer under the Unigard policies with respect to any Environmental Claims arising out of the Hatco Site.

Grace's release of Unigard shall in no event inure to the benefit of any other insurance company that, at any time after the date of this Agreement is executed, is merged into Unigard, or in which Unigard, at any time after the date this Agreement is executed, acquires a controlling interest.

-5-


CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000037

XXX-001791

## VI. INDEMNIFICATION/HOLD HARMLESS AGREEMENT

A. From and after the time when Unigard has forwarded the payment of the Settlement Amount to Grace, Grace shall indemnify and hold Unigard harmless from and against any and all liability, excluding any attorneys' fees or other costs or expenses, imposed upon Unigard as a result of any claims, demands, lawsuits, causes of action or proceedings that are asserted, initiated or continued by any person or entity against Unigard and that are based upon the Policies and arise out of the Environmental Claims arising out of the Hatco Site, except as otherwise provided in this paragraph VI. The matters for which Grace is obligated pursuant to this paragraph VI to indemnify and hold harmless Unigard are hereinafter referred to as "Indemnifiable Claims."

B. Grace's obligation to indemnify Unigard for Indemnifiable Claims with respect to the Policies shall be subject to an aggregate limit equal to the Settlement Amount under this Agreement. Once Grace has paid any liabilities for Indemnifiable Claims of Unigard in an amount equal to the Settlement Amount, Grace shall not be obligated to indemnify Unigard for further Indemnifiable Claims with respect to the Policies.

C. Within ninety (90) days after receipt by Unigard of notice of any complaint or the commencement or continuation of any action or proceeding that constitutes an Indemnifiable Claim,

-6-


CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

Unigard shall notify Grace in writing of such Indemnifiable Claim. The consequences of Unigard's failure to comply with this notice provision shall be governed by New Jersey law as it relates to notice given by insureds to insurers.

D. Grace shall have no obligation to pay Unigard's attorney's fees or costs of defense arising out of any Indemnifiable Claim. Grace shall have no right to assume the defense of Unigard with regard to any Indemnifiable Claim.

E. Unigard and Grace shall cooperate reasonably with each other with respect to Indemnifiable Claims. Grace shall comply in a timely manner with Unigard's requests for access to documentation or information pertaining to its defense of an Indemnifiable Claim.

F. Unigard shall not have the right to settle any Indemnifiable Claim without Grace's consent, which shall not be unreasonably withheld. Grace shall have the right to settle or compromise any Indemnifiable Claim on behalf of Unigard if the total amount of the proposed settlement or compromise does not exceed the Settlement Amount. Unigard shall have such time as is practicable to review the proposed settlement or compromise and to present its view to Grace, but no such settlement or compromise shall require Unigard's approval if the total amount of the settlement or compromise does not exceed the Settlement Amount. If the total amount of the proposed settlement or compromise exceeds the Settlement Amount, Grace must obtain

-7-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000039

XXX-001793

Unigard's consent, which shall not be unreasonably withheld, prior to agreeing to and effectuating any such settlement or compromise. Each party shall provide reasonable and timely disclosure to the other party as soon as is practicable of any proposed settlement or compromise. Any settlement or compromise arranged by Grace shall provide that it is not an admission of liability by Unigard and is without precedent as to Unigard. Any settlement agreement entered into by Grace shall include language substantially similar to that contained in Section VII. A. and B. of this Agreement. Grace shall use reasonable efforts to keep such settlement or compromise confidential. Should Unigard and Grace disagree on the settlement of any Indemnifiable Claims and withold their consent to any settlement under this section, Unigard and Grace agree to present their dispute for resolution pursuant to Section XIV.

VII. **NO ADMISSIONS BY THE PARTIES**

A. The payment by Unigard of the Settlement Amount and its receipt by Grace is for the compromise of disputed claims, and neither such payment nor its receipt shall be construed as an admission by Unigard or Grace that any coverage or obligation to pay exists or does not exist under any Unigard policy for defense or indemnity of Grace for claims of any nature. By entering into this Agreement, Unigard does not admit

-8-

CONFIDENTIAL SUBJECT TO MARCH 2000 PROTECTIVE ORDER

SEA-000040

XXX-001794

that it has any liability or obligation to Grace or to any other person.

B. Further, this Agreement is not intended to be, nor shall it be construed as, an admission with respect to policy interpretation or as an admission by any party regarding any duties, rights or obligations arising under the Unigard Policies or any other policy of insurance issued by Unigard to Grace or anyone else. Nothing in this Agreement shall be deemed to constitute a release, compromise, waiver or an estoppel of any right of Grace or Unigard to assert any claim or defense pursuant to any policy of insurance issued by Unigard or any other insurer, except as specifically provided in this Agreement.

VIII. NO CONSTRUCTION AGAINST EITHER PARTY

The wording of this Agreement was reviewed and accepted by legal counsel for Grace and Unigard prior to its being signed by them. Any ambiguities in the language of this Agreement shall not be construed against either party on the grounds that the party was the alleged drafter of the language in the event of any dispute arising between them in connection with this Agreement.

IX. INADMISSIBILITY OF AGREEMENT

Any evidence of the existence, terms or negotiation of this Agreement shall be inadmissible in any litigation, action or other proceeding, provided, however, that such evidence may be

-9-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000041

XXX-001795

offered (1) by either party in an action seeking solely to enforce the terms of this Agreement, (2) by Unigard in connection with any litigation, action or other proceeding, between Unigard and any of its reinsurers, and (3) Grace may offer this Agreement as evidence in any trial or proceeding as needed to support an allocation of liability among its various insurance carriers. This Agreement has been entered into in reliance upon the provisions of Rule 408 of the Federal Rules of Evidence and similar state law provisions which preclude the introduction of evidence regarding settlement negotiations or agreements.

X.  APPLICATION OF AGREEMENT ONLY TO THE PARTIES

This Agreement is intended to confer rights and benefits only on the parties hereto and only with respect to the terms and conditions set forth herein.

XI.  ENTIRE AGREEMENT/AMENDMENTS TO AGREEMENT

This Agreement is the complete and entire agreement of the parties and may not be modified, changed, contradicted, added to, or altered in any way by any previous written or oral agreements or any subsequent oral agreements. No amendments or variations of the terms of this Agreement shall be valid unless made in writing and signed by both parties.

-10-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000042

XXX-001796

XII. <u>CONFIDENTIALITY</u>

The terms and conditions of this Agreement shall remain confidential and shall not be disclosed to any person or entity without the prior written consent of both parties, except: as required by contract or by authority of a court, administrative tribunal, arbitration panel, or regulatory agency, including, but not limited to, the United States Securities and Exchange Commission or any court in which the issue of allocation of liability among Grace's insurers is being heard; other insurers of Grace; reinsurers of Unigard; in the normal course of business for such purposes as audits and accounting; to the extent required to defend against disputes, claims or actions related to this Agreement; or to the extent required to litigate or resolve issues related to claims of exclusion or impairment of the Unigard Policies. Should a court order the disclosure of the terms of this Agreement to any other person or entity, the parties shall use their reasonable efforts to maintain its terms under seal and/or protective order.

XIII. <u>REPRESENTATION AND WARRANTIES</u>

Each party represents and warrants to the other:

A. that it is fully authorized to enter into this Agreement;

-11-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000043

XXX-001797

B. that it is a corporation, duly organized and validly existing in good standing under the laws of one of the states of the United States of America;

C. that it has taken all necessary corporate and internal legal actions to duly approve the making and performance of this Agreement and that no further governmental, regulatory, corporate or other internal approval is necessary;

D. that the making and performance of this Agreement will not violate any provision of law or of its articles of incorporation, charter or by-laws;

E. that it has read this entire Agreement and knows the contents hereof, that the terms hereof are contractual and not merely recitals, and that it has signed this Agreement of its own free act;

F. that in making this Agreement, it has obtained the advice of legal counsel; and

G. that there are no pending agreements, transactions or negotiations to which it is a party that would render this Agreement or any part thereof void, voidable or unenforceable.

-12-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000044

XXX-001798

XIV. CHOICE OF LAW; JURISDICTION

This Agreement shall be construed pursuant to the laws of the State of New Jersey. Any suit or action to enforce the terms of this Agreement shall be commenced and maintained before the Honorable Alfred M. Wolin of the U.S. District Court for the District of New Jersey, which Court shall retain jurisdiction to enforce this Agreement.

XV. COVENANT NOT TO SEEK RECOVERY

Unigard hereby covenants not to seek to recover the Settlement Amount from any other insurance company that may have provided coverage to Grace for Environmental Claims arising out of or relating to the Hatco Site.

XVI. RESERVATION OF RIGHTS

Grace reserves all of its rights, without limitation, to enforce coverage provided by Unigard on any and all grounds for any and all claims for coverage which are not released in this Agreement. Unigard reserves all of its rights, without limitation, to deny or dispute coverage to Grace on any and all grounds for any and all claims for coverage which are not released in this Agreement.

-13-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000045

XXX-001799

XVII. NOTICE

All notices or other communications which any party desires or is required to give shall be given in writing and shall be deemed to have been given if sent by certified mail to the party at the address noted below or such other address as a party may designate in writing from time to time:

If to Grace:

    W. R. Grace & Co.
    One Town Center Road
    Boca Raton, Florida  33486
    Attn: Secretary

with a copy to:

    Director of Corporate Risk Management
    W. R. Grace & Co.
    One Town Center Road
    Boca Raton, Florida  33486

If to Unigard:

    Michael Studley, Esq.
    General Counsel
    Unigard Security Insurance Company
    c/o John Hancock Property and Casualty Company
    P.O. Box 854
    200 Clarendon Street, T-55
    Boston, Massachusetts  02117

    and

    John Hancock Property and Casualty Company
    Attn: General Counsel
    P.O. Box 854
    200 Clarendon Street, T-55
    Boston, Massachusetts  02117

    and

    William P. Hutt, CPCU
    Second Vice President
    John Hancock Management Company
    P.O. Box 854
    200 Clarendon Street, T-29
    Boston, Massachusetts  02117

CONFIDENTIAL SUBJECT TO MARCH 2000 PROTECTIVE ORDER

SEA-000046

XXX-001800

with a copy to:

    Allan E. Taylor, Esq.
    Taylor, Duane, Barton & Gilman
    75 Federal Street
    Boston, Massachusetts  02110

W. R. GRACE & CO.-CONN.

Date: 7/11/96

By: _[signature]_

Its: Asst VP

W.R. GRACE & CO.

Date: 7/11/96

By: _[signature]_

Its: Asst VP

UNIGARD SECURITY INSURANCE COMPANY

Date: 7/12/96

By: William G. Hutt

Its: Cost VP

-15-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000047

XXX-001801