# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., *et al.*,[1] | ) Case No. 01-1139 (JKF) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |

Re: Docket No.20872, 20874, and 20877

## NOTICE OF FIRST SET OF MODIFICATIONS TO JOINT PLAN OF REORGANIZATION

Please take notice that the above-captioned debtors (the "Debtors"), together with the

Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Equity

Security Holders, and the Asbestos PI Future Claimants' Representative (collectively the "Plan

Proponents"), hereby submit this first set of technical modifications to the Plan Proponents' First

Amended Joint Plan of Reorganization [Dkt. No. 20872] and related Plan Documents contained

in the Exhibit Book filed on February 27, 2009 [Dkt. No. 20874] and amended Exhibit 25 filed

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

on February 28, 2009 [Dkt. No. 20877] (the "Plan Document Modifications"), and respectfully state as follows:

1.    The specific Plan Document Modifications are either technical in nature (e.g., correcting typographical or similar errors) or are intended to address specific objections that were filed by various objecting parties in opposition to the confirmation of the Joint Plan, and if approved, they will be adopted and incorporated into the Joint Plan and plan-related documents. The Plan Document Modifications are presented in exhibits attached hereto, which correspond to their specific exhibit numbers in the Exhibit Book.  By way of general description, such Plan Document Modifications seek to modify certain Plan Documents in the following manner:

### Exhibit 1 - The Joint Plan of Reorganization

(a)    The addition of a new definition "BNSF" at section 1.1.55 implements the modifications described in (f) below which eliminate certain objections lodged by BNSF Railway Company.

(b)    The changes to the definition of "Settled Asbestos Insurance Company" in the Joint Plan at Section 1.1.200 (a) permit additional time to conclude Asbestos Insurance Settlement Agreements with Asbestos Insurance Entities; and (b) clarify that the Confirmation Order will provide that the agreements meet the appropriate standards.

(c)    Section 7.2.2(d)(ii) of the Joint Plan is amended to clarify that the precise terms of the transfer of Asbestos Insurance Rights to the Asbestos PI Trust are governed by the Asbestos Insurance Transfer Agreement.

(d)    Section 7.7(tt) is amended to ensure completeness of this section by including references to all of the types of arrangements with Asbestos Insurance Entities.

2

(e)     The changes to Section 7.13 of the Joint Plan (a) correct a typographical error that
        occurred at the time of filing the Joint Plan (the typographical error being the
        inclusion of the phrase "or Asbestos Insurance Reimbursement Agreement" at the
        end of the first paragraph of Section 7.13 rather than at the end of the second
        paragraph of Section 7.13 where it belonged); and (b) respond to an objection by
        the U.S. Department of Justice to add the following conforming language from
        Section 11.9 of the Joint Plan: "this section is not intended to preclude a
        governmental entity from enforcing its police and regulatory powers."

(f)     Section 8.2.2(e) is added to the reservations from the Asbestos PI Channeling
        Injunction to clarify that the injunction is not intended to affect the right of BNSF
        Railway Company to assert claims under insurance policies that were issued to
        BNSF as the sole named insured.  A definition of "BNSF" is being added to
        Section 1.1 Definitions in conjunction with the addition of new Section 8.2.2(e).
        These amendments eliminate certain objections lodged by BNSF.

(g)     Section 8.4.1.1(v) is amended to clarify that the only manner in which channeled
        Asbestos PI Claims are resolved is in compliance with  the Asbestos PI Trust
        Agreement and the Asbestos PI TDP.

(h)     Section 8.4.1.3 is added as a reservation from the Asbestos Insurance Entity
        Injunction for the benefit of BNSF.  This change parallels the addition of Section
        8.2.2(e) and clarifies that the injunction does not affect the right of BNSF Railway
        Company to assert claims under insurance policies that were issued to BNSF as
        the sole named insured.  In addition, it clarifies that BNSF is not precluded from
        asserting claims against Asbestos Insurance Entities that are not Settled Asbestos
        Insurance Companies.  These amendments eliminate certain objections lodged by
        BNSF.

DOCS_DE:152849.1

(i)     Section 8.4.1.4 is added as a reservation from the Asbestos Insurance Entity
        Injunction to clarify that the injunction does not preclude insurers from asserting
        claims for contribution against other insurers that are not Asbestos Protected
        Parties, thereby eliminating objections lodged by various insurers.

(j)     Section 8.5.1 is being amended to remove certain language which created an
        ambiguity as to the scope of the Successor Claims Injunction, and in order to
        assure that the injunction is consistent with the terms of the Court's orders
        approving the Fresenius Settlement and the Sealed Air Settlement.

(k)     Sections 8.8.7, 8.8.8, and 11.9 relating to releases and exculpation have been
        amended to address the objections of the U.S. Trustee regarding the scope of
        those sections, thereby resolving all of the U.S. Trustee's objections to the Joint
        Plan.

(l)     Tax Annex II to the Joint Plan was amended to correct a typographical error.


**Plan Exhibit 4 - Asbestos Personal Injury Trust Distribution Procedures**

(a)     Section 5.2 of the Asbestos PI TDP is amended to eliminate objections lodged by
        the "Edwards" claimants.


(b)     Section 5.4(b) of the Asbestos PI TDP is amended to add a reference to the
        special disease category (Level IV-B) included for the benefit of the Libby
        Claimants.


(c)     Section 5.6 of the Asbestos PI TDP is amended to delete footnote 8 because that
        footnote merely restated the definition of Indirect PI Trust Claims that appears in
        the Joint Plan and thus is unnecessary.


(d)     Section 5.13 of the Asbestos PI TDP is amended to clarify that indemnification
        claims against any Asbestos Protected Party are treated under the Asbestos PI
        TDP.


(e)     Section 6.5 of the Asbestos PI TDP is amended to ensure completeness by
        referring to all types of agreements with Asbestos Insurance Entities.

DOCS_DE:152849.1

**Plan Exhibit 5 - Schedule of Settled Asbestos Insurers Entitled to 524(g) Protection**

(a)      Exhibit 5 to the Exhibit Book is amended to delete certain agreements previously incorrectly listed on Exhibit 5, to correct certain typographical errors, to address various objections by insurers and to include, subject to Approval Orders becoming Final Orders, Settled Asbestos Insurance Companies with which the Debtors have concluded Asbestos Insurance Settlement Agreements since the Petition Date.

**Plan Exhibit 6 - Insurance Transfer Agreement and Accompanying Schedules**

(a)      Exhibit 6 to the Exhibit Book is amended (a) to provide that Asbestos Insurance Rights under certain Asbestos Insurance Settlement Agreements as to which all payments were made prior to the Petition Date will not be transferred to the Asbestos PI Trust, (b) to update the Representations and Warranties and (c) to correct a reference to Exhibit 16 to the Exhibit Book. A new Schedule 4 has been added, listing those Asbestos Insurance Settlement Agreements that are not subject to transfer, and conforming changes have been made to Schedules 2 and 3. In addition, a change to Schedule 1 was made pursuant to a stipulation with, and in order to eliminate objections lodged by, General Insurance Company of America.

**Plan Exhibit 25- PD CMO and Ex. A to PD CMO**

(a)      Exhibit 25 -- the PD CMO and the Exhibit A to the PD CMO are amended primarily to provide for the treatment of 16 claims filed by the State of California, Department of General Services, which were previously not addressed therein. In addition, certain clarifications regarding certain Canadian Claims were made and the number of claims referred to therein were corrected.

2.      Section 1127(a) of the Bankruptcy Code provides in pertinent part: "The proponents of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan." 11 U.S.C. § 1127(a).

3.      Furthermore, Rule 3019 of the Federal Rules of Bankruptcy Procedure provides in pertinent part: "In a chapter 9 or chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan. If the court finds after hearing

5

on notice to the trustee, any committee appointed under the Code, and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan." Fed. R. Bankr. 3019.

4.      The proposed Plan Document Modifications do not alter in any respect the treatment accorded to claims or equity interests of any party that has not consented to or requested such modifications. As such, the Plan Proponents submit that no additional solicitation is required as a result of the requested modifications. *See In re Cellular Info. Sys., Inc.*, 171 B.R. 926, 929 n.6 (Bankr. S.D.N.Y. 1994) (nonmaterial modifications to plan do not require resolicitation).

6

Dated: September 4, 2009
Wilmington, Delaware

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Deanna D. Boll
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Barbara Harding
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison Street
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162

and


  /s/ James E. O'Neill
PACHULSKI, STANG, ZIEHL & JONES LLP
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Counsel for the Debtors and Debtors in Possession*

7

CAMPBELL & LEVINE, LLC


 /s/ Mark T. Hurford
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone:  (302) 426-1900
Facsimile:  (302) 426-9947
mhurford@camlev.com


and

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone:  (202) 862-5000
Facsimile:  (202) 429-3301

*Counsel for the Official Committee of Asbestos
Personal Injury Claimants*

PHILIPS, GOLDMAN & SPENCE, P.A.


_/s/ John C. Philips_____

John C. Philips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone:  (302) 655-4200
Facsimile:  (302) 655-4210

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T. Austern, Asbestos PI Future
Claimants' Representative*

9

SAUL EWING LLP

  /s/ Teresa K.D. Currier
Teresa K.D. Currier (Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone:  (302) 421-6800
Facsimile:  (302) 421-6813

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Horowitz
Douglas Mannal
1177 Avenue of the Americas
New York, NY 10022
Telephone:  (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee of Equity Security Holders*

DOCS_DE:152849.1