# EXHIBIT 1 -- EDITS TO JOINT PLAN OF REORGANIZATION

# PROPOSED CHANGES TO W. R. GRACE PLAN DOCUMENTS

## CHANGES TO FIRST AMENDED JOINT PLAN DATED FEBRUARY 27, 2009

### 1.1    DEFINED TERMS

\* \* \*

**[Add new definition as follows.  Remainder of definitions to be re-numbered.]**

55.    "BNSF" shall mean BNSF Railway Company, The Great Northern Railway Company, Burlington Northern, Inc., and Burlington Northern Railway Company, or any one or more of them.

\* \* \*

200.    **"Settled Asbestos Insurance Company"** shall mean any Asbestos Insurance Entity that has entered into an Asbestos Insurance Settlement Agreement prior to ~~the conclusion of the Confirmation Hearing~~ the eleventh day following the entry of the Confirmation Order by the Bankruptcy Court; *but only* with respect to, and only to the extent of, any insurance policy (or any portion thereof) identified as the subject of an Asbestos Insurance Settlement Agreement in Exhibit 5 in the Exhibit Book; *provided, however,* that ~~(i)~~ each such Asbestos Insurance Settlement Agreement is listed by the Plan Proponents, acting together, in Exhibit 5 ~~and (ii) the Asbestos Insurance Settlement Agreement is approved by the Court as sufficiently comprehensive to warrant treatment under section 524(g) of the Bankruptcy Code~~; and *further provided,* for the avoidance of doubt, that an Asbestos Insurance Entity is a Settled Asbestos Insurance Company to the fullest extent, but only to the extent, provided by section 524(g) in respect of any claim that arises by reason of one of the activities enumerated in section 524(g)(4)(A)(ii).

\* \* \*

### 7.2    THE ASBESTOS PI TRUST

\* \* \*

#### 7.2.2    Funding of the Asbestos PI Trust

\* \* \*

(d)    (ii)    All Asbestos Insurance Rights, and all claims and causes of action asserted or to be asserted in furtherance of or connection therewith, shall be preserved for the benefit of the Asbestos PI Trust, for prosecution either by the applicable Insurance Contributor or the Asbestos PI Trust in accordance with the Asbestos Insurance Transfer Agreement.  Upon execution and delivery of the Asbestos Insurance Transfer Agreement,

all Asbestos Insurance Rights shall be irrevocably transferred to and vested in the Asbestos PI Trust in accordance with the Asbestos Insurance Transfer Agreement, without any further action by the Debtors, the other Insurance Contributors, the Asbestos PI Trust, or the Bankruptcy Court. Asbestos Insurance Rights shall be so vested free and clear of all Encumbrances, liens, security interests, and other Claims or causes of action, except that all Asbestos Insurer Coverage Defenses are preserved.

* * *

## 7.7     CONDITIONS TO OCCURRENCE OF THE CONFIRMATION DATE

* * *

(tt)     Subject to Section 7.7(uu) below, the duties and obligations of the Asbestos Insurance Entities under the Asbestos Insurance Policies, and Asbestos Insurance Settlement Agreements, Asbestos-In Place Insurance Coverage, and Asbestos Insurance Reimbursement Agreements are not diminished, reduced or eliminated by (1) the discharge of the obligations and liabilities of the Debtors and the Reorganized Debtors for and in respect of all Asbestos PI Claims or (2) the assumption by the Asbestos PI Trust of responsibility and liability for all Asbestos PI Claims;

* * *

## 7.13    NO SUCCESSOR LIABILITY

Except as otherwise expressly provided in this Plan, the Debtors, the Reorganized Debtors, the Asbestos PI Committee, the Asbestos PD Committee, the Asbestos PI FCR, the Asbestos PD FCR, the CCAA Representative Counsel, and the Asbestos Protected Parties will not, pursuant to this Plan or otherwise, assume, agree to perform, pay, or indemnify creditors or otherwise have any responsibilities for any liabilities or obligations of the Debtors or any of the Debtors' past or present Affiliates, as such liabilities or obligations may relate to or arise out of the operations of or assets of the Debtors or any of the Debtors' past or present Affiliates or any of their respective successors, whether arising prior to, or resulting from actions, events, or circumstances occurring or existing at any time prior to the Confirmation Date.  Neither the Asbestos Protected Parties, the Reorganized Debtors, the Asbestos PI Trust, the Asbestos PD Trust, nor the CDN ZAI PD Claims Fund is, or shall be, a successor to the Debtors or any of the Debtors' past or present Affiliates by reason of any theory of law or equity, and none shall have any successor or transferee liability of any kind or character, except that the Reorganized Debtors, the Asbestos PI Trust, the Asbestos PD Trust, and the CDN ZAI PD Claims Fund shall assume the obligations specified in this Plan and the Confirmation Order, or Asbestos Insurance Reimbursement Agreement.

Except as otherwise expressly provided in this Plan, effective automatically on the Effective Date, the Asbestos Protected Parties shall be unconditionally, irrevocably and

fully released from (a) any and all Asbestos-Related Claims, including (i) any and all Successor Claims based on or arising from, in whole or in part, directly or indirectly, or related to the Cryovac Transaction and (ii) any and all Asbestos Claims, (b) any and all SA Claims, SA Debts, SA Damages, including Successor Claims, based on, arising from, or attributable to (in whole or in part, directly or indirectly) the Fresenius Transaction, and (c) any other claims and causes of action arising under Chapter 5 of the Bankruptcy Code or similar claims or causes of action arising under state or any other law, including, if applicable, claims in the nature of fraudulent transfer, successor liability, corporate veil piercing, or alter ego-type claims, as a consequence of transactions, events, or circumstances involving or affecting the Debtors (or any of their predecessors) or any of their respective businesses or operations that occurred or existed prior to the Effective Date. Notwithstanding the foregoing, nothing herein shall release any Asbestos Insurance Entity from its obligations under any Asbestos Insurance Settlement Agreement, or Asbestos In-Place Insurance Coverage or Asbestos Insurance Reimbursement Agreement.

This section is not intended to preclude a governmental entity from enforcing its police and regulatory powers.

* * *

**7.15    INSURANCE NEUTRALITY**

**[Revisions to this section are under discussion, and likely will require conforming changes in other portions of the Plan, including the Definitions.]**

* * *

**8.2    THE ASBESTOS PI CHANNELING INJUNCTION**

**8.2.2    Reservations from Asbestos PI Channeling Injunction**

Notwithstanding anything to the contrary in Section 8.2.1 above, the Asbestos PI Channeling Injunction issued pursuant to Section 8.2.1 shall not enjoin:

* * *

(e)    BNSF from asserting any claim under any insurance policy issued to BNSF as the sole named insured.

* * *

**8.4      ASBESTOS INSURANCE ENTITY INJUNCTION**

### 8.4.1   Asbestos Insurance Entity Injunction

#### 8.4.1.1      Injunction for the Benefit of the Asbestos PI Trust

(a)      All Entities that have held or asserted, that hold or assert, or that may in the future hold or assert, any claim or cause of action against any Asbestos Insurance Entity, based upon, or arising out of, any Asbestos PI Claim against the Debtors or any Asbestos Insurance Rights, whenever and wherever arisen or asserted (including all claims in the nature of or sounding in tort, or under contract, warranty, or any other theory of law, equity, or admiralty) shall be stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly claiming, collecting, recovering, or receiving any payment, recovery, satisfaction, or any other relief whatsoever on, of, or with respect to any such claim or cause of action, including:

\* \* \*

(v)      proceeding in any manner with regard to any matter that is subject to resolution ~~pursuant to~~ by the Asbestos PI Trust, except in conformity and compliance with the Asbestos PI Trust Agreement, and the Asbestos PI TDP~~, and the appropriate Asbestos Insurance Settlement Agreements~~.

\* \* \*

#### 8.4.1.3      Reservations from the Injunction for the Benefit of BNSF

Notwithstanding anything to the contrary in Section 8.4.1.1 above, the Asbestos Insurance Entity Injunction issued pursuant to Section 8.4.1.1 shall not enjoin:

(a)      BNSF from asserting any claim under any insurance policy issued to BNSF as the sole named insured.

(b)      BNSF from asserting any claim against any insurer that is not a Settled Asbestos Insurance Company.

#### 8.4.1.4      Reservations from the Injunction Regarding Insurer Contribution Claims

Notwithstanding anything to the contrary in Section 8.4.1.1, above, the Asbestos Insurance Entity Injunction issued pursuant to Section 8.4.1.1 shall not enjoin an insurer from asserting any claim for contribution against any other insurer that is not a Settled Asbestos Insurance Company.

\* \* \*

## 8.5 SUCCESSOR CLAIMS INJUNCTION

Pursuant to the exercise of the equitable jurisdiction and power of the Court under Bankruptcy Code § 105(a), the Confirmation Order shall provide for issuance of the Successor Claim Injunction to take effect as of the Effective Date.

### 8.5.1   Injunction

All Entities that have held or asserted, that hold or assert, or that may in the future hold or assert, any Successor Claim ~~based on or arising from, in whole or in part, directly or indirectly, the Cryovac Transaction or Fresenius Transaction~~ (other than Successor Claims arising out of or based on any Asbestos PI Claim, Asbestos PD Claim, or CDN ZAI PD Claim) against any Asbestos Protected Party shall be stayed, restrained, and enjoined from taking any and all legal or other actions or making any demand for the purpose of directly or indirectly claiming, collecting, recovering, or receiving any payment, recovery, satisfaction, or any other relief whatsoever on, of, or with respect to any such Successor Claim, including:

    (a)    commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding (including a judicial, arbitration, administrative, or other proceeding) in any forum against or affecting any Asbestos Protected Party, or any property or interest in property of any Asbestos Protected Party;

    (b)    enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any means or in any manner, whether directly or indirectly, any judgment, award, decree, or other order against any Asbestos Protected Party, or any property or interest in property of any Asbestos Protected Party;

    (c)    creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any Encumbrance against any Asbestos Protected Party, or any property or interest in property of any Asbestos Protected Party;

    (d)    setting off, seeking reimbursement of, indemnification or contribution from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to any Asbestos Protected Party, or any property or interest in property of any Asbestos Protected Party; and

(e)    proceeding in any other manner with regard to any Successor Claim based on or arising from, in whole or in part, directly or indirectly, the Cryovac Transaction or Fresenius Transaction (other than Successor Claims arising out of or based on any Asbestos PI Claim, Asbestos PD Claim, or CDN ZAI PD Claim).

## 8.8    ADDITIONAL RELEASES AND INDEMNIFICATION

### 8.8.7 Specific Releases by Holders of Claims or Equity Interests.

Without limiting any other provisions of this Plan, each Holder of a Claim or Equity Interest who votes in favor of this Plan shall be deemed to unconditionally have released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, Asbestos PI FCR, and the Asbestos PD FCR, and each such party's Representatives to the extent such Representatives served during the Chapter 11 Cases (except that the foregoing limitation shall not apply to Representatives of the Sealed Air Indemnified Parties and the Fresenius Indemnified Parties), as of the Effective Date, from any and all claims, SA Claims, SA Damages, obligations, rights, suits, judgments, damages, causes of action, remedies, and liabilities of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that such Holder would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of this Plan or any related agreements, instruments, or other documents. In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence. This section is not intended to preclude a Governmental Unit from enforcing its police and regulatory powers.

### 8.8.8 Release by Debtors and Estate Parties.

Effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, for good and valuable consideration, to the fullest extent permissible under applicable law, each Debtor, in its individual capacity and as a debtor-in-possession for and on behalf of its estate and its Affiliates, and the Reorganized Debtors on their own behalf and as representatives of their respective estates and their Affiliates, and their respective successors, assigns and any and all Entities who may purport to claim by, through, for or because of them, are hereby deemed to release and waive conclusively, absolutely, unconditionally, irrevocably, and forever each and all of the Debtors' and their Non-Debtor Affiliates' Representatives, to the extent they served during the Chapter 11 Cases, and their respective properties (the "Released Parties"), from any and all claims, obligations, rights, suits, damages, remedies, liabilities, or causes of action in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the Debtors' property, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation,

formulation, or preparation of the Plan and the Disclosure Statement, or related agreements, instruments, or other documents, involving any act, omission, transaction, agreement, occurrence, or event taking place on or before the Effective Date, other than any act or omission of a Released Party that constitutes willful misconduct. Any act or omission taken with the approval of the Bankruptcy Court will be conclusively deemed not to constitute willful misconduct.

## 11.9 EXCULPATION

None of the Reorganized Debtors, the Debtors, the Non-Debtor Affiliates, the Sealed Air Indemnified Parties, the Fresenius Indemnified Parties, ~~the Asbestos PI Trustees of the Asbestos PI Trust, the Asbestos PI Trust Advisory Committee, the Asbestos PD Trustees of the Asbestos PD Trust, the Asbestos PD Trust Advisory Committee,~~ Asbestos PI Committee, the Asbestos PD Committee, the Unsecured Creditors' Committee, the Equity Committee, the Asbestos PI FCR, the Asbestos PD FCR, or any of their respective Representatives are to have or incur any liability to any Entity for any act or omission in connection with or arising out of the Chapter 11 Cases, including the negotiation of this Plan or the settlements provided in the Sealed Air Settlement Agreement and the Fresenius Settlement Agreement, the pursuit of confirmation of this Plan, the consummation of this Plan or the settlements provided in the Sealed Air Settlement Agreement or Fresenius Settlement Agreement, or the administration of this Plan or the property to be distributed under this Plan so long as, in each case such action, or failure to act, did not constitute gross negligence or willful misconduct. In all respects, they will be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under this Plan. Any act or omission taken with the approval of the Bankruptcy Court will be conclusively deemed not to constitute gross negligence or willful misconduct. This section is not intended to preclude a governmental entity from enforcing its police and regulatory powers.

## TAX ANNEX

Typo in Tax Annex I -- add "not" to the beginning of subsection "m."

# EXHIBIT 4 -- EDITS TO ASBESTOS PI TDP

## CHANGES TO ASBESTOS PI TRUST DISTRIBUTION PROCEDURES DATED FEBRUARY 27, 2009

**5.2      Resolution of Pre-Petition Liquidated PI Trust Claims.**

**5.2(a)  Processing and Payment.**  As soon as practicable after the Effective Date, the PI Trust shall pay, upon submission by the claimant of the appropriate documentation, all PI Trust Claims that were liquidated (i) by a binding settlement agreement for the particular claim entered into prior to the Petition Date that is judicially enforceable by the claimant, (ii) by a jury verdict or non-final judgment in the tort system obtained prior to the Petition Date, provided there is no letter of credit, appeal bond, supersedeas bond or other security or surety (collectively, "Security") associated with such verdict or judgment, (iii) by a judgment that ~~became~~is final and non-appealable ~~prior to the Petition Date~~, or (iv) as a result of being allowed by the Bankruptcy Court (collectively **"Pre-Petition Liquidated Claims"**).  In order to receive payment from the PI Trust, the holder of a Pre-Petition Liquidated Claim must submit all documentation necessary to demonstrate to the PI Trust that the claim was liquidated in the manner described in the preceding sentence, which documentation shall include (A) a court authenticated copy of the jury verdict (if applicable), a non-final judgment (if applicable), a final judgment (if applicable), or the Bankruptcy Court's order allowing the claim (if applicable) and (B) except in the case of a Pre-Petition Liquidated Claim arising from the Bankruptcy Court's order allowing the claim, the name, social security number and date of birth of the claimant and the name and address of the claimant's lawyer.  Indirect PI Trust Claims that are Pre-Petition Liquidated Claims are not subject to the provisions of Section 5.6 of this TDP.

The liquidated value of a Pre-Petition Liquidated Claim shall be the unpaid portion of the amount agreed to in the binding settlement agreement, the unpaid portion of the amount awarded

by the jury verdict or non-final judgment, the unpaid portion of the amount of the final judgment, or the unpaid portion of the amount allowed by the Bankruptcy Court, as the case may be, plus interest, if any, that has accrued on that amount in accordance with the terms of the agreement, if any, or under applicable state law for settlements or judgments as of the Petition Date; however, except as otherwise provided in Section 7.4 below, the liquidated value of a Pre-Petition Liquidated Claim shall not include any punitive or exemplary damages. In addition, the amounts payable with respect to such claims shall not be subject to or taken into account in consideration of the Claims Payment Ratio and the Maximum Available Payment limitations, but shall be subject to the Maximum Annual Payment and Payment Percentage provisions. In the absence of a Final Order of the Bankruptcy Court determining whether a settlement agreement is binding and judicially enforceable, a dispute between the claimant and the PI Trust over this issue shall be resolved pursuant to the same procedures in this TDP that are provided for resolving the validity and/or liquidated value of a PI Trust Claim (*i.e.*, arbitration and litigation in the tort system as set forth in Sections 5.10 and 5.11 below).

Pre-Petition Liquidated Claims shall be processed and paid in accordance with their order in a separate FIFO queue to be established by the PI Trust based on the date the PI Trust received all required documentation for the particular claim. If any Pre-Petition Liquidated Claims were filed on the same date, the claimants' position in the FIFO queue for such claims shall be determined by the date on which the claim was liquidated. If any Pre-Petition Liquidated Claims were both filed and liquidated on the same dates, the position of the claimants in the FIFO queue shall be determined by the dates of the claimants' birth, with older claimants given priority over younger claimants.

2

**5.2(b)  Marshalling of Security.**  Holders of Pre-Petition Liquidated Claims that are secured by ~~letters of credit, appeal bonds, or other security or sureties~~any Security shall first exhaust their rights against ~~any applicable security or surety~~such Security before making a claim against the PI Trust.  Only in the event that such ~~security or surety~~Security is insufficient to pay ~~the~~such Pre-Petition Liquidated Claim in full shall the deficiency be processed and paid as a Pre-Petition Liquidated Claim.

**5.2(c)  Procedures With Respect to Non-Final Jury Verdicts or Non-Final Judgments With Security.**  With respect to any non-final jury verdict or non-final judgment as to which an appeal was pending as of the Petition Date and that is secured by any Security, the Trust is empowered and authorized, as provided in sections 7.24 and 7.28 of the Plan, to take all actions the Trust deems appropriate in connection with such appeal, including, without limitation, prosecuting such appeal, intervening in such appeal and substituting the Trust in place of any of the Debtors, resolving such appeal and the PI Trust Claim(s) which are the subject thereof, and cooperating with respect to the prosecution and conduct of such appeal with any issuer of any applicable Security.

* * *

**5.4      Categorizing Claims as Extraordinary and/or Exigent Hardship.**

* * *

**5.4(b)  Exigent Hardship Claims.**  At any time the PI Trust may liquidate and pay PI Trust Claims that qualify as Exigent Hardship Claims as defined below.  Such claims may be considered separately no matter what the order of processing otherwise would have been under this TDP.  An Exigent Hardship Claim, following its liquidation, shall be placed first in the FIFO Payment Queue ahead of all other liquidated PI Trust Claims except Pre-Petition

3

Liquidated Claims, Disease Level I Claims and Existing Claims, which claims, together with the Exigent Hardship Claims, shall be paid in accordance with the provisions of Section 2.4 hereof. A PI Trust Claim qualifies for payment as an Exigent Hardship Claim if the claim meets the Medical/Exposure Criteria for Severe Asbestosis (Disease Level IV-A), Severe Disabling Pleural Disease (Disease Level IV-B) or an asbestos-related malignancy (Disease Levels V–VIII), and the PI Trust, in its sole discretion, determines (i) that the claimant needs financial assistance on an immediate basis based on the claimant's expenses and all sources of available income, and (ii) that there is a causal connection between the claimant's dire financial condition and the claimant's asbestos-related disease.

\* \* \*

4

**5.6    Indirect PI Trust Claims.**  Indirect PI Trust Claims [delete footnote 8] asserted against the PI Trust shall be treated as presumptively valid and paid by the PI Trust subject to the applicable Payment Percentage if the holder of such claim (the **"Indirect Claimant"**) establishes to the satisfaction of the Trustees that (i) the Indirect Claimant has paid in full the liability and obligation of the PI Trust to the individual claimant to whom the PI Trust would otherwise have had a liability or obligation under this TDP (the **"Direct Claimant"**), (ii) the Direct Claimant and the Indirect Claimant have forever and fully released the PI Trust from all liability to the Direct Claimant, and (iii) the claim is not otherwise barred by a statute of limitation or repose or by other applicable law.  In no event shall any Indirect Claimant have any rights against the PI Trust superior to the rights of the related Direct Claimant against the PI Trust, including any rights with respect to the timing, amount or manner of payment.  In addition, no Indirect PI Trust Claim may be liquidated and paid in an amount that exceeds what the Indirect Claimant has actually paid the related Direct Claimant.

* * *

**5.13    Indemnified Insurer TDP Claims.**  Any claim of a Settled Asbestos Insurance Company seeking indemnification from Grace or any other Asbestos Protected Party based upon or arising out of an Asbestos PI Claim (individually, an **"Indemnified Insurer TDP Claim"**) that is channeled to the PI Trust shall be reviewed, processed and if entitled to payment, paid by the PI Trust in accordance with this Section 5.13.  Any Settled Asbestos Insurance Company asserting such indemnification rights shall be referred to herein as an **"Indemnified Insurer."**

* * *

**6.5    Confidentiality of Claimants' Submissions.**  All submissions to the PI Trust by a holder of a PI Trust Claim or a proof of claim form and materials related thereto shall be

treated as made in the course of settlement discussions between the holder and the PI Trust, and

intended by the parties to be confidential and to be protected by all applicable state and federal

privileges, including but not limited to those directly applicable to settlement discussions. The

PI Trust will preserve the confidentiality of such claimant submissions, and shall disclose the

contents thereof only, with the permission of the holder, to another trust established for the

benefit of asbestos personal injury claimants pursuant to section 524(g) of the Bankruptcy Code

or other applicable law, to such other persons as authorized by the holder, or in response to a

valid subpoena of such materials issued by the Bankruptcy Court, a Delaware State Court or the

United States District Court for the District of Delaware. Furthermore, the PI Trust shall provide

counsel for the holder a copy of any such subpoena immediately upon being served. The PI

Trust shall on its own initiative or upon request of the claimant in question take all necessary and

appropriate steps to preserve said privileges before the Bankruptcy Court, a Delaware State

Court or the United States District Court for the District of Delaware and before those courts

having appellate jurisdiction related thereto. Notwithstanding anything in the foregoing to the

contrary, with the consent of the TAC and the Futures Representative, the PI Trust may, in

specific limited circumstances, disclose information, documents or other materials reasonably

necessary in the PI Trust's judgment to preserve, litigate, resolve or settle coverage, or to comply

with an applicable obligation under an ~~insurance policy or settlement agreement within the~~

Asbestos Insurance Policie~~sy~~, Asbestos In-Place Insurance Coverage, Asbestos Insurance

Reimbursement Agreement or ~~the~~ Asbestos Insurance Settlement Agreements; provided,

however, that the PI Trust shall take any and all steps reasonably feasible in its judgment to

preserve the further confidentiality of such information, documents and materials, and prior to

the disclosure of such information, documents or materials to a third party, the PI Trust shall

6

receive from such third party a written agreement of confidentiality that (a) ensures that the information, documents and materials provided by the PI Trust shall be used solely by the receiving party for the purpose stated in the agreement and (b) prohibits any other use or further dissemination of the information, documents and materials by the third party <u>except as provided in the agreement</u>. Nothing in this TDP, the Plan or the PI Trust Agreement expands, limits or impairs the obligation under applicable law of a claimant to respond fully to lawful discovery in an underlying civil action regarding his or her submission of factual information to the PI Trust for the purpose of obtaining compensation for asbestos-related injuries from the PI Trust.

* * *

7

# EXHIBIT 5 BLACKLINE --SCHEDULE OF SETTLED ASBESTOS INSURERS ENTITLED TO 524(G) PROTECTION

# Exhibit 5

## Schedule of Settled Asbestos Insurance Companies Entitled to 524(g) Protection

Note: Exhibit 5 is referenced in the definition of settled Asbestos Insurance Company in the Plan. Exhibit 5 identifies those policies (or portions thereof) as to which the Plan Proponents intend to ask the Court to grant 524(g) protection, as set forth in the Plan's definition of Settled Asbestos Insurance Company.

| Asbestos Insurance Entities which have entered into an Asbestos Insurance Settlement Agreement | Date of Settlement | Asbestos Insurance Policies (or portions thereof) that are subject to the Asbestos Insurance Settlement Agreements referred to in column I |
|---|---|---|
| Admiral Insurance Company | 08/01/95 | Only the "Products" coverage portion of the following policy: 06/30/75 - 06/30/76   75DD1064G |
| Aetna Casualty & Surety Company | 02/20/92 | All primary policies prior to 1971 issued to Western Mineral Products, California Zonolite or Arizonolite. |
| Allstate Insurance Company | 06/07/94 | Only the "Products" coverage portion of the following policies:<br>06/30/75 - 06/30/76 - 63001170<br>06/30/75 - 06/30/76 - 63001171<br>06/30/75 - 06/30/76 - 63001172<br>06/30/76 - 06/30/77 - 63002048<br>06/30/77 - 06/30/78 - 63002048<br>06/30/78 - 06/30/79 - 63002048<br>06/30/79 - 06/30/80 - 63005793<br>06/30/80 - 06/30/81 - 63005793<br>06/30/81 - 06/30/82 - 63005793<br>06/30/79 - 06/30/80 - 63005794<br>06/30/80 - 06/30/81 - 63006854<br>06/30/81 - 06/30/82 - 63008153 |

1

| Asbestos Insurance Entities which have entered into an Asbestos Insurance Settlement Agreement | Date of Settlement | Asbestos Insurance Policies (or portions thereof) that are subject to the Asbestos Insurance Settlement Agreements referred to in column I |
|---|---|---|
| American Centennial (n/k/a OneBeacon) | 05/26/95 | 06/30/78 – 06/30/79  CC000304<br>06/30/78 – 06/30/79  CC000305<br>06/30/78 – 06/30/79  CC000306<br>06/30/81 – 06/30/82  CC002418<br>06/30/81 – 06/30/82  CC002419<br>06/30/82 – 06/30/83  CC005317<br>06/30/83 – 06/30/84  CC015780<br>06/30/83 – 06/30/84  CC015815 |

2

NY DOCS1-901999.8

| Asbestos Insurance Entities which have entered into an Asbestos Insurance Settlement Agreement | Date of Settlement | Asbestos Insurance Policies (or portions thereof) that are subject to the Asbestos Insurance Settlement Agreements referred to in column I | |
|---|---|---|---|
| CIGNA (PEIC/INA)<br>(nka Century Indemnity) | 03/04/94 | 06/30/75 – 06/30/76 | ZCX001391/75DD1065 |
| | | 06/30/83 – 06/30/84 | CIZ426249 |
| | | 10/20/65 – 10/20/66 | XBC1834 |
| | | 10/20/66 – 10/20/67 | XBC1834 |
| | | 10/20/67 – 10/20/68 | XBC1834 |
| | | 10/20/68 – 10/20/69 | XBC1834 |
| | | 10/20/69 – 10/20/70 | XBC1834 |
| | | 10/20/70 – 06/30/71 | XBC1834 |
| | | 06/30/77 – 06/30/78 | XCP12378 |

3

As of February 27, September 1, 2009

| Asbestos Insurance Entities which have entered into an Asbestos Insurance Settlement Agreement | Date of Settlement | Asbestos Insurance Policies (or portions thereof) that are subject to the Asbestos Insurance Settlement Agreements referred to in column I | |
|---|---|---|---|
| | | 06/30/78 – 06/30/79 | XCP14341 |
| | | 06/30/83 – 06/30/84 | XCP145667 |
| | | 06/30/71 – 06/30/72 | XCP3745 |
| | | 06/30/72 – 06/30/73 | XCP3745 |
| | | 06/30/73 – 08/09/73 | XCP3745 |
| | | 06/30/75 – 06/30/76 | CNU 12-33-83 |
| | | 06/30/84 – 06/30/85 | XCC012283 |
| | | 06/30/84 – 06/30/85 | XM0017204 |
| | | UNKNOWN | ZCY 006025 |
| Commercial Union Insurance Company (n/k/a OneBeacon) | 05/14/93 | 10/20/62 – 10/20/63 | A-15-2127-51 |
| | | 10/20/63 – 10/20/64 | A-15-2127-51 |
| | | 10/20/64 – 10/20/65 | A-15-2127-51 |
| | | 01/27/65 – 10/20/65 | A-15-8138-001 |
| | | 10/20/65 – 10/20/66 | A-16-8220-001 |
| | | 10/20/66 – 10/20/67 | A-16-8220-001 |
| | | 10/20/67 – 10/20/68 | A-16-8220-001 |
| | | 10/20/65 – 10/20/66 | A-16-8220-002 |
| | | 10/20/66 – 10/20/67 | A-16-8220-002 |
| | | 10/20/67 – 10/20/68 | A-16-8220-002 |
| | | 10/20/68 – 10/20/69 | A-16-8220-003 |
| | | 10/20/69 – 10/20/70 | A-16-8220-003 |
| | | 10/20/70 – 06/30/71 | A-16-8220-003 |
| | | 10/20/68 – 10/20/69 | A-16-8220-004 |
| | | 10/20/69 – 10/20/70 | A-16-8220-004 |
| | | 10/20/70 – 06/30/71 | A-16-8220-004 |
| | | 06/30/71 – 06/30/72 | EY8220005 |
| | | 06/30/72 – 06/30/73 | EY8220005 |
| | | 06/30/73 – 06/30/74 | EY8220005 |
| | | 06/30/71 – 06/30/72 | EY8220006 |
| | | 06/30/72 – 06/30/73 | EY8220006 |
| | | 06/30/73 – 06/30/74 | EY8220006 |

| Asbestos Insurance Entities which have entered into an Asbestos Insurance Settlement Agreement | Date of Settlement | Asbestos Insurance Policies (or portions thereof) that are subject to the Asbestos Insurance Settlement Agreements referred to in column I |
|---|---|---|
| | | |
| Continental Casualty Company | 08/01/90 | Only the "Products" coverage of the following policies: |
| | | 06/30/76 – 06/30/83    CCP2483440 |
| | | 06/30/83 – 06/30/85    CCP2483440 |
| | | 06/30/73 – 06/30/76    CCP9023670 |
| Federal Insurance Company | 11/18/97 | Only the portion of the following policy in a policy amount of $500,000, part of $50 million, excess of $25 million: |
| | | 06/30/84 – 06/30/85    7928-26-20 |
| Fireman's Fund Insurance Company | 12/26/96 | 01/27/65 – 10/20/65    XL76937 |
| | | 05/17/66 – 10/20/66    XL91085 |
| | | 10/20/66 – 10/20/67    XL91085 |
| | | 10/20/67 – 10/20/68    XL91085 |
| | | 01/27/65 – 10/20/65    XL76937 |
| | | 05/17/66 – 10/20/66    XL91085 |
| | | 10/20/66 – 10/20/67    XL91085 |
| | | 10/20/67 – 10/20/68    XL91085 |
| | | 10/20/68 – 10/20/69    XLX1026877 |
| | | 10/20/69 – 10/20/70    XLX1026877 |
| | | 10/20/70 – 06/30/71    XLX1026877 |

| Asbestos Insurance Entities which have entered into an Asbestos Insurance Settlement Agreement | Date of Settlement | Asbestos Insurance Policies (or portions thereof) that are subject to the Asbestos Insurance Settlement Agreements referred to in column I |
|---|---|---|
| General Insurance Company of America | 03/03/94 | 06/01/61 – 06/01/62    BLP186027<br>06/01/62 – 06/01/63    BLP20359<br>06/01/63 – 06/01/64    BLP221289<br>06/01/64 – 06/01/65    BLP245115<br>06/01/65 – 06/01/66    BLP260071<br>06/01/66 – 06/01/67    BLP270815<br>and all known and unknown "disputed" primary policies generally described in the settlement. |
| Gibraltar Casualty Co./Prudential Reinsurance Co. (n/k/a Mt. McKinley/Everest) | 10/08/93 | **Gibraltar Casualty:**<br>06/30/80 – 06/30/81    GMX00656<br>06/30/81 – 11/01/81    GMX01275<br>11/01/81 – 06/30/82    GMX01407<br>06/30/82 – 06/30/83    GMX01784<br>06/30/83 – 06/30/84    GMX02269<br>06/30/84 – 06/30/85    GMX02683<br>**Prudential Re. Co.:**<br>06/30/76 – 06/30/77    DXC901145<br>06/30/76 – 06/30/77    DXC901146<br>06/30/76 – 06/30/77    DXC901147<br>06/30/77 – 06/30/78    DXCDX0250<br>06/30/77 – 06/30/78    DXCDX0251<br>06/30/77 – 06/30/78    DXCDX0252 |
| Guarantee Insurance Company | 06/03/98 | 06/30/82 – 06/30/83    SL0950030<br>06/30/82 – 06/30/83    SL0950031 |
| Home Insurance Company (INSOLVENT) | 09/24/93 | 10/20/68 – 10/20/69    HEC9304605<br>10/20/69 – 10/20/70    HEC9304605<br>10/20/70 – 06/30/71    HEC9304605<br>10/20/62 – 10/20/63    HEC9543206<br>10/20/63 – 10/20/64    HEC9543206<br>10/20/64 – 10/20/65    HEC9543206<br>10/20/65 – 10/20/66    HEC9544498<br>10/20/66 – 10/20/67    HEC9544498<br>10/20/67 – 10/20/68    HEC9544498<br>06/30/71 – 06/30/72    HEC9919945<br>06/30/72 – 06/30/73    HEC9919945<br>06/30/73 – 06/30/74    HEC9919945 |

NYDOCS1-901999.8\NYDOCS1-901999.8

As of February 27, September 1, 2009

| Asbestos Insurance Entities which have entered into an Asbestos Insurance Settlement Agreement | Date of Settlement | Asbestos Insurance Policies (or portions thereof) that are subject to the Asbestos Insurance Settlement Agreements referred to in column I |
|---|---|---|
| Home Insurance Company (INSOLVENT) | 11/14/97 | Only the "Products" coverage portion of the following policy 02/27/73 – 06/30/73 ... HRC4356740 |

| Asbestos Insurance Entities which have entered into an Asbestos Insurance Settlement Agreement | Date of Settlement | Asbestos Insurance Policies (or portions thereof) that are subject to the Asbestos Insurance Settlement Agreements referred to In column I |
|---|---|---|
| Lloyd's Underwriters and Underwriter Third Party Beneficiaries, all as defined in the Amended and Restated Settlement Agreement and Mutual Release dated July 17, 2009 (conditional upon Approval Order becoming a Final Order) | ~~07/29/17/0~~ 609 | ~~06/30/74~~ ~~06/30/82~~ ~~05/17/66 — 10/29/66~~ 05/17/66 — 10/29/66 |
| | | ~~10/29/66 — 10/29/67~~ |
| | | ~~10/29/67 — 10/29/68~~ |
| | | ~~06/30/74 — 06/30/75~~ |
| | | ~~06/30/75 — 06/30/76~~ |
| | | ~~06/30/75 — 06/30/77~~ |
| | | <u>Pursuant to the 07/17/74 — 06/30/75</u> |
| | | ~~06/30/75 — 06/30/76~~ |
| | | ~~06/30/76 — 06/30/77~~ |
| | | ~~06/30/76 — 06/30/77~~ |
| | | ~~06/30/77 — 06/30/78~~ |
| | | ~~06/30/77 — 06/30/78~~ |
| | | ~~06/30/77 — 06/30/78~~ |
| | | ~~06/30/78 — 06/30/79~~ |
| | | ~~06/30/78 — 06/30/79~~ |
| | | ~~06/30/78 — 06/30/79~~ |
| | | ~~06/30/79 — 06/30/80~~ |
| | | ~~06/30/79 — 06/30/80~~ |
| | | ~~06/30/79~~   ~~06/30/80~~66180390 |
| | | 664180390 |
| | | 664180390 |
| | | 74DD6626G |
| | | 74DD6626G |
| | | 74DD6626G |
| | | 74DD6626G |
| | | 74DD6626G |
| | | 74DD6626G |
| | | 76DD1595G |
| | | 76DD1595G |
| | | 76DD1595G |
| | | 77DD1631G |
| | | 77DD1626G |

\* Void if Lloyd's ~~exercises~~ Underwriters exercise the termination clause in ~~it~~ the settlement agreement.

| Asbestos Insurance Entities which have entered into an Asbestos Insurance Settlement Agreement | Date of Settlement | Asbestos Insurance Policies (or portions thereof) that are subject to the Asbestos Insurance Settlement Agreements referred to in column I |
|---|---|---|
| | | ~~77DD1826G~~ |
| | | ~~78DD1447G~~ |
| | | ~~78DD1448G~~ |
| | | ~~78DD1449G~~ |
| | | ~~78DD1489G~~ |
| | | ~~79DD1634G~~ |
| | | ~~79DD1635G~~ |
| | | ~~79DD1636C 05~~ Amended and Restated Settlement Agreement and Mutual Release and only the Lloyd's Underwriters portion of the following policies: |
| | | 95/17/66 – 10/20/66    66/180390 |
| | | 10/20/66 – 10/20/67    66/180390 |
| | | 10/20/67 – 10/20/68    66/180390 |
| | | 06/30/74 – 06/30/25    74DD0662C |
| | | 06/30/75 – 06/30/76    74DD0662C |
| | | 06/30/76 – 06/30/77    74DD0662C |
| | | 07/17/74 – 06/30/75    74DD0663C |
| | | 06/30/75 – 06/30/76    74DD0663C |
| | | 06/30/76 – 06/30/77    74DD0663C |
| | | 06/30/77 – 06/30/78    76DD1595C |
| | | 06/30/78 – 06/30/79    76DD1595C |
| | | 06/30/77 – 06/30/78    77DD1631C |
| | | 06/30/77 – 06/30/78    77DD1632C |
| | | 06/30/77 – 06/30/78    77DD1826C |
| | | 06/30/78 – 06/30/79    78DD1417C |
| | | 06/30/78 – 06/30/79    78DD1418C |
| | | 06/30/78 – 06/30/79    78DD1419C |
| | | 06/30/78 – 06/30/79    78DD1420C |
| | | 06/30/79 – 06/30/80    29DD1634C |
| | | 06/30/79 – 06/30/80    29DD1635C |
| | | 06/30/79 – 06/30/80    29DD1636C |
| | | 06/30/79 – 06/30/80    79DD1637C |
| | | 06/30/79 – 06/30/80    79DD1638C |
| | | 06/30/80 – 06/30/81    80DD1643C |
| | | 06/30/81 – 06/30/82    80DD1643C |
| | | 06/30/80 – 06/30/81    80DD1644C |
| | | 06/30/80 – 06/30/81    80DD1645C |
| | | 06/30/80 – 06/30/81    80DD1646C |

N+DOCS1-901999.8\NYDOCS1-901999.8

| Asbestos Insurance Entities which have entered into an Asbestos Insurance Settlement Agreement | Date of Settlement | Asbestos Insurance Policies (or portions thereof) that are subject to the Asbestos Insurance Settlement Agreements referred to in column I |
|---|---|---|
| | | 06/30/80 – 06/30/81    80DD1647C |
| | | 11/14/69 – 10/20/70    914/1/4116 |
| | | 10/20/70 – 06/30/71    914/1/4116 |
| | | 10/20/68 – 10/20/69    914-102502 |
| | | 10/20/69 – 10/20/70    914-102502 |
| | | 10/20/70 – 06/30/71    914-102502 |
| | | 06/30/71 – 06/30/72    91410593 |
| | | 06/30/72 – 06/30/73    91410593 |
| | | 06/30/73 – 06/30/74    91410593 |
| | | 06/30/82 – 06/30/83    KY017782 |
| | | 06/30/83 – 06/30/84    KY017782 |
| | | 06/30/84 – 06/30/85    KY017782 |
| | | 06/30/82 – 06/30/83    KY017882 |
| | | 06/30/82 – 06/30/83    KY017982 |
| | | 06/30/83 – 06/30/84    KY048183 |
| | | 06/30/84 – 06/30/85    KY048183 |
| | | 06/30/83 – 06/30/84    KY048283 |
| | | 06/30/84 – 06/30/85    KY048283 |
| | | 06/30/81 – 06/30/82    PY030181 |
| | | 06/30/81 – 06/30/82    PY030281 |
| | | 06/30/81 – 06/30/82    PY030381 |
| | | and all known or unknown policies subscribed to by Certain Underwriters' at Lloyd's London up to incepting before 01/01/98 issued to W.R. Grace. |
| Pursuant to Market Insurance Companies' conditional approval of certain Settlements Agreements and the conditions comprises of this section to its final form order | 08/10/09 | Pursuant to Market Insurance Companies' conditional approval of certain Settlement Agreements and the conditions comprises of this section to its final form order. |

| Asbestos Insurance Entities which have entered into an Asbestos Insurance Settlement Agreement | Date of Settlement | Asbestos Insurance Policies (or portions thereof) that are subject to the Asbestos Insurance Settlement Agreements referred to in column I | |
|---|---|---|---|
| Maryland Casualty Company | 09/01/91 | 06/30/67 – 06/30/68 | 31-278301 |
| | | 06/30/68 – 06/30/69 | 31-278301 |
| | | 06/30/69 – 06/30/70 | 31-278301 |
| | | 06/30/70 – 06/30/71 | 31-R-911051 |
| | | 06/30/71 – 06/30/72 | 31-R-911051 |
| | | 06/30/72 – 06/30/73 | 31-R-911051 |
| | | 06/30/62 – 06/30/63 | 96-205800 |
| | | 06/30/63 – 06/30/64 | 96-224900 |
| | | 06/30/64 – 06/30/65 | 96-243400 |

11

As of February 27, September 1, 2009

| Asbestos Insurance Entities which have entered into an Asbestos Insurance Settlement Agreement | Date of Settlement | Asbestos Insurance Policies (or portions thereof) that are subject to the Asbestos Insurance Settlement Agreements referred to in column I | |
|---|---|---|---|
| | | 06/30/65 – 06/30/66 | 96-257400 |
| | | 06/30/66 – 06/30/67 | 96-269500 |
| Maryland Casualty Company | 03/18/96 | and any and all primary general liability policies issued by Maryland Casualty Company to W.R. Grace prior to 1973. | |
| | | 10/20/68 – 10/20/69 | WRG-1 |
| | | 10/20/69 – 10/20/70 | WRG-1 |
| | | 10/20/70 – 06/30/71 | WRG-1 |
| | | 06/30/71 – 06/30/72 | WRG-2 |
| | | 06/30/72 – 06/30/73 | WRG-2 |
| | | 06/30/73 – 06/30/74 | WRG-2 |
| | | and all known and unknown excess insurance policies issued by Maryland Casualty Company to W.R. Grace. | |
| Royal Indemnity Company | 01/05/95 | 04/01/60 – 04/01/61 | RLG021620 |
| | | 04/01/61 – 04/01/62 | RLG021621 |
| | | 04/01/62 – 04/01/63 | RLG021622 |
| | | 04/01/59 – 04/01/60 | RLG021629 |
| | | 04/01/55 – 04/01/56 | RLG035805 |
| | | 04/01/56 – 04/01/57 | RLG045762 |
| | | 04/01/57 – 04/01/58 | RLG045836 |
| | | 04/01/58 – 04/01/59 | RLG053959 |
| | | 03/31/53 – 03/31/54 | RLG27635 |
| | | 03/31/54 – 04/01/55 | RLG31840 |

NYDOCS1-90A999.8NYDOCS1-901999.8

| Asbestos Insurance Entities which have entered into an Asbestos Insurance Settlement Agreement | Date of Settlement | Asbestos Insurance Policies (or portions thereof) that are subject to the Asbestos Insurance Settlement Agreements referred to in column I |
|---|---|---|
| *(shaded/illegible)* | *(shaded/illegible)* | *(shaded/illegible)* |
| Unigard Security Insurance Company (n/k/a Seaton) | 08/06/92 | Only the "Products" coverage portion of the following policy:<br>06/30/74 – 06/30/75    1-2517 |
| Unigard Security Insurance Company (n/k/a Seaton) | 05/15/95 | ~~Pursuant to the 502/15/95 Settlement Agreement and only as to the following policy 2/1/73 – 06/30/73~~<br>06/30/73 – 06/30/74    1-0589<br>06/30/74 – 06/30/75    1-0589 |
| *(shaded/illegible)* | *(shaded/illegible)* | *(shaded/illegible)* |
| U.S. Fire Insurance Company | 09/11/95 | ~~Only~~Pursuant to the 09/11/95 Settlement Agreement and only the "Products" coverage portion of the following policies:<br>10/20/68 – 10/20/69    XS2108<br>10/20/69 – 10/20/70    XS2108<br>10/20/70 – 06/30/71    XS2108 |

13

# EXHIBIT 6 BLACKLINES--ASBESTOS INSURANCE TRANSFER AGREEMENT AND ACCOMPANYING SCHEDULES

## ASBESTOS INSURANCE TRANSFER AGREEMENT

This ASBESTOS INSURANCE TRANSFER AGREEMENT (this **"Agreement"**) is made as of **[insert date]**, by and between the Insurance Contributors (which include, without limitation, the Non-Debtor Affiliates identified in Exhibit 16 to the Exhibit Book  ~~Plan~~) and the Asbestos PI Trust.  Capitalized terms used herein without definition shall have the meanings given to them in the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., *et al.*, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated as of February 27, 2009 (the **"Plan"**) (as such Plan may be amended, modified, or supplemented from time to time in accordance with the terms thereof).

WHEREAS, the Debtors and the Non-Debtor Affiliates maintained liability insurance programs to protect themselves from certain risks resulting from their businesses, including, without limitation, liability for personal injury tort or wrongful death arising from exposure to asbestos or asbestos-containing products;

WHEREAS, numerous individuals and other persons have asserted asbestos-related personal injury tort and wrongful death claims against the Debtors;

WHEREAS, on April 2, 2001, each of the Debtors filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (**"Bankruptcy Court"**);

WHEREAS, on February 27, 2009, the Debtors, the Asbestos PI Committee, the Asbestos PI Future Claimants' Representative, and the Equity Committee filed the Plan in the Bankruptcy Court;

WHEREAS, the Bankruptcy Court has entered a Confirmation Order in the Chapter 11 Cases, confirming the Plan;

WHEREAS, it is a condition to the effectiveness of the Plan that the parties enter into this Agreement;

WHEREAS, the Plan, *inter alia*, provides that the Insurance Contributors will transfer the Asbestos Insurance Rights to the Asbestos PI Trust;

WHEREAS, the Insurance Contributors wish to implement, *inter alia*, the terms of the Plan providing for such transfer of the Asbestos Insurance Rights to the Asbestos PI Trust;

NOW, THEREFORE, subject to and on the terms and conditions set forth herein, for good and valuable consideration the receipt of which the parties hereto hereby acknowledge, the parties hereby agree as follows:

**Section 1.    Transfer to the Asbestos PI Trust**

(a)    Effective upon the Effective Date, the Insurance Contributors hereby irrevocably transfer, convey, and grant to the Asbestos PI Trust all of their Asbestos Insurance Rights, including, without limitation, any and all rights to Proceeds (the "**Transfer**"). The Transfer is made free and clear of all Encumbrances, liens, security interests, and claims or causes of action, except that all Asbestos Insurer Coverage Defenses are preserved. <u>Notwithstanding the foregoing, the Asbestos Insurance Rights transferred to the Asbestos PI Trust pursuant to this Section 1(a) do not include rights of any kind with respect to the agreements listed on Schedule 4.</u>

(b)    The Asbestos PI Trust and the Insurance Contributors intend that the Transfer is made to the maximum extent permitted under applicable law.

(c)    The Transfer is absolute and does not require any further action by any Debtor, any Reorganized Debtor, any Insurance Contributor, the Asbestos PI Trust, the Bankruptcy Court, or any other entity.

(d)    The Transfer is not an assignment of any insurance policy.

(e)    Immediately upon the Effective Date, the Insurance Contributors shall wire transfer the Proceeds (defined below) to the Asbestos PI Trust, together with all interest earned on such Proceeds up to and through the date on which the Proceeds are actually transferred to the Asbestos PI Trust. For purposes of this Agreement, the term "**Proceeds**" shall include any and all proceeds, payments, cash, or cash equivalents paid to an Insurance Contributor or held in escrow, pursuant to, in satisfaction of, or on account of any of the Asbestos Insurance Rights.

**Section 2.    Cooperation**

(a)    The Insurance Contributors shall cooperate in the pursuit by the Asbestos PI Trust of the Asbestos Insurance Rights as reasonably requested by the Asbestos PI Trust. Such cooperation shall include, without limitation, making their books, records, employees, agents, and professionals available to the Asbestos PI Trust, *provided, however,* that the Asbestos PI Trust's access to such books, records, documents, employees, agents, and professionals shall be subject to the terms and provisions of the cooperation agreement executed as of the Effective Date by the Reorganized Debtors and the trustees of the Asbestos PI Trust ("**Cooperation Agreement**"). The obligations set forth in paragraph 3 of the Cooperation Agreement, relating to the disposal and retention of relevant documents, shall apply to all Insurance Contributors, regardless of whether they signed the Cooperation Agreement.

(b)    If after the Effective Date, the Asbestos PI Trust or any Insurance Contributor discovers the existence of an insurance policy or coverage-in-place agreement, or insurance reimbursement agreement providing insurance coverage, proceeds, or reimbursement to one or more of the Insurance Contributors that falls within the definition of Asbestos Insurance Policy, Asbestos In-Place Insurance Coverage, or Asbestos Insurance Reimbursement Agreement and potentially or actually provides coverage, proceeds, or reimbursement for Asbestos Claims, then

2

such party shall promptly notify the other parties to this Agreement of such discovery and the Insurance Contributors will, upon notice and request, cooperate with the Asbestos PI Trust to effectuate a transfer of rights under such policy or agreement to the Asbestos PI Trust in a manner consistent with the Transfer under this Agreement.

(c)     At the reasonable direction and request of the Asbestos PI Trust, and at the reasonable expense of the Asbestos PI Trust, an Insurance Contributor shall pursue any of the Asbestos Insurance Rights for the benefit of and to the fullest extent required by the Asbestos PI Trust, by negotiation, or, if necessary, by the initiation or prosecution of all appropriate and necessary legal action to secure or recover such Asbestos Insurance Rights, and shall take such other action as the Asbestos PI Trust may request, including granting a security interest in any or all of the Asbestos Insurance Rights. Each Insurance Contributor shall immediately transfer any amounts recovered under or on account of any of the Asbestos Insurance Rights to the Asbestos PI Trust; *provided, however,* that while any such amounts are held by or under the control of an Insurance Contributor, such amounts shall be held in trust for the benefit of the Asbestos PI Trust. No Insurance Contributor shall commence or pursue any claim against any Asbestos Insurance Entity with respect to any Asbestos Insurance Policy, Asbestos Insurance Settlement Agreement, Asbestos In-Place Insurance Coverage, or Asbestos Insurance Reimbursement Agreement without the prior written consent of the Asbestos PI Trust. Upon the Effective Date, the Insurance Contributors shall cede to the Asbestos PI Trust all control of the pursuit of any and all claims with respect to any Asbestos Insurance Policy, Asbestos Insurance Settlement Agreement, Asbestos In-Place Insurance Coverage, or Asbestos Insurance Reimbursement Agreement, and the Asbestos PI Trust shall have the right to control and direct the choice of counsel and conduct of all such proceedings.

**Section 3.     Representations and Warranties**

(a)     The Insurance Contributors, jointly and severally, warrant and represent that:

(i)     All insurance policies that the Insurance Contributors have reason to believe potentially or actually provide insurance coverage for Asbestos PI Claims are listed and described accurately on the attached Schedule 1;[1]

(ii)     All insurance settlement agreements, coverage-in-place agreements, and reimbursement agreements, written, oral, or otherwise, that the Insurance Contributors have reason to believe potentially affect any ~~right~~ Asbestos Insurance Rights under any Asbestos Insurance Policy, Asbestos Insurance Settlement Agreement, Asbestos In-Place Insurance Coverage, or Asbestos Insurance Reimbursement Agreement are listed and described accurately on the attached Schedules 2, ~~and~~ 3, and 4;

---

[1]  Pursuant to the Order Approving the Stipulation and Order with Respect to (1) Liability Insurance Policies Issued by General Insurance Company of America and (2) 1994 Settlement Agreement between W. R. Grace & Co. and General Insurance Company of America, entered August 19, 2009 [Docket No. 2857], policies issued by General Insurance Company of America are not listed on Schedule 1.

(iii)    The Insurance Contributors have not heretofore transferred, granted, or assigned, in whole or in part, any Asbestos Insurance Right, Asbestos Insurance Policy, Asbestos Insurance Settlement Agreement, Asbestos In-Place Insurance Coverage, or Asbestos Insurance Reimbursement Agreement;

(iv)    Any written information pertaining to any Asbestos Insurance Right, Asbestos Insurance Policy, Asbestos Insurance Settlement Agreements, Asbestos In-Place Insurance Coverage, or Asbestos Insurance Reimbursement Agreement provided by the Insurance Contributors or their authorized representatives to the Asbestos PI Committee, the Asbestos PI Future Claimants' Representative, or the Asbestos PI Trust was true and correct in all material respects as of the respective dates specified therein or, in the absence of any such specification, at the time it was so provided; and

(v)    Each Entity signing this Agreement as, or on behalf of, an Insurance Contributor has been duly authorized by such Insurance Contributor to execute and deliver this Agreement, and upon execution and delivery by each such Entity, this Agreement will be the legal, valid, and binding obligation of each Insurance Contributor, enforceable against each such Insurance Contributor in accordance with its terms.  Each individual signing this Agreement represents and warrants that he or she is authorized to execute this Agreement on behalf of each Entity for which he or she executes this Agreement.

(b)    Each of the representations and warranties contained in this Agreement shall survive the execution, delivery, and performance thereof.  In the event that any representation or warranty herein by or on behalf of an Insurance Contributor was not true and correct as of the Effective Date, or any Insurance Contributor fails to perform any covenant or agreement required to be performed by it herein (such failure of a representation or warranty to be true and correct or breach of a covenant or agreement is referred to herein as a "**Breach**"), then the Asbestos PI Trust shall be entitled to exercise forthwith any and all rights and remedies provided for in this Agreement or under any of the other Plan Documents and all other rights and remedies that may otherwise be available to the Asbestos PI Trust by agreement or at law or in equity (including the right to seek damages, including attorneys' fees and enforcement costs, resulting or arising, directly or indirectly, from such Breach).

### Section 4.    Miscellaneous

(a)    This Agreement shall be binding on each of the parties hereto and each of their respective successors and assigns.  This Agreement is not intended, and shall not be construed, deemed, or interpreted, to confer on any person or entity not a party hereto any rights or remedies hereunder, except as otherwise provided expressly herein.

(b)    This Agreement, the Plan, and the other Plan Documents shall constitute the entire agreement and understanding among the parties to this Agreement with respect to the subject matter hereof and shall supersede all prior agreements and understandings, oral or written, among the parties hereto relating to the subject matter of this Agreement.  This Agreement may not be amended or modified, and no provision hereof may be waived, except by

an agreement in writing signed by the party against whom enforcement of any amendment, modification, or waiver is sought.

     (c)    This Agreement and the rights and obligations of the parties hereto under this Agreement shall be governed by and construed and enforced in accordance with the substantive laws of the State of Delaware, without regard to any conflicts of law provisions thereof that would result in the application of the laws of any other jurisdiction.

     (d)    The headings used in this Agreement are inserted for convenience only and neither constitute a portion of this Agreement nor in any manner affect the construction of the provisions of this Agreement. The rules of construction set forth in 11 U.S.C. § 102 shall apply to this Agreement.

     (e)    This Agreement may be executed in multiple counterparts, each of which will be an original, but all of which together will constitute one and the same agreement.

     IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their respective duly authorized representatives on the date first above written.

**[Signature blocks to be inserted here]**

5

**SCHEDULE 1**

**PRIMARY & EXCESS INSURANCE POLICIES THAT WERE OR ARE APPLICABLE**
**TO ASBESTOS RELATED CLAIMS (sorted alphabetically)**

| Policy Year Begin | End | Insurer | Policy Number | Layer |
|---|---|---|---|---|
| 06/30/74 | 06/30/75 | Acc. & Casualty Ins. of Winterthur | 74DD662C | 3 |
| 06/30/75 | 06/30/76 | Acc. & Casualty Ins. of Winterthur | 74DD662C | 5 |
| 06/30/76 | 06/30/77 | Acc. & Casualty Ins. of Winterthur | 74DD662C | 4 |
| 07/17/74 | 06/30/75 | Acc. & Casualty Ins. of Winterthur | 74DD663C | 6 |
| 06/30/75 | 06/30/76 | Acc. & Casualty Ins. of Winterthur | 74DD663C | 8 |
| 06/30/75 | 06/30/76 | Admiral Insurance | 75DD1064C | 2 |
| 06/30/77 | 06/30/78 | Aetna Casualty & Surety | 01XN1400WCA | 7 |
| 06/30/77 | 06/30/78 | Aetna Casualty & Surety | 01XN1422WCA | 8 |
| 06/30/71 | 06/30/72 | Aetna Casualty & Surety | 01XN150WCA | 4 |
| 06/30/72 | 06/30/73 | Aetna Casualty & Surety | 01XN150WCA | 4 |
| 06/30/73 | 06/30/74 | Aetna Casualty & Surety | 01XN150WCA | 4 |
| 06/30/78 | 06/30/79 | Aetna Casualty & Surety | 01XN1846WCA | 6 |
| 06/30/78 | 06/30/79 | Aetna Casualty & Surety | 01XN1847WCA | 7 |
| 06/30/79 | 06/30/80 | Aetna Casualty & Surety | 01XN2306WCA | 7 |
| 06/30/80 | 06/30/81 | Aetna Casualty & Surety | 01XN2669WCA | 7 |
| 06/30/84 | 06/30/85 | Aetna Casualty & Surety | 01XN270WCA | 5 |
| 07/17/74 | 06/30/75 | Aetna Casualty & Surety | 01XN607WCA | 5 |
| 06/30/75 | 06/30/76 | Aetna Casualty & Surety | 01XN607WCA | 7 |
| 06/30/76 | 06/30/77 | Aetna Casualty & Surety | 01XN607WCA | 6 |
| 07/17/74 | 06/01/75 | Aetna Casualty & Surety | 01XN608WCA | 6 |
| 06/01/75 | 06/30/75 | Aetna Casualty & Surety | 01XN608WCA. | 6 |
| 06/30/75 | 06/30/76 | Aetna Casualty & Surety | 01XN608WCA. | 8 |
| 06/30/76 | 06/30/77 | Aetna Casualty & Surety | 01XN608WCA. | 7 |
| Various | Pre-1971 | Aetna Casualty and Surety Company | Various | Primary |
| 06/30/77 | 06/30/78 | AG Belge de 1830 | AVB102 | 8 |
| 06/30/78 | 06/30/79 | AG Belge de 1830 | AVB124 | 7 |
| 06/30/82 | 06/30/83 | Allianz Underwriters Ins | C7300025 | 4 |
| 06/30/83 | 06/30/84 | Allianz Underwriters Ins | C7300025 | 4 |
| 06/30/84 | 06/30/85 | Allianz Underwriters Ins | C7300025 | 4 |
| 06/30/84 | 06/30/85 | Allianz Underwriters Ins | AUX3203042 | 6 |
| 06/30/77 | 06/30/78 | Allianz Underwriters Ins | H00011428 | 8 |
| 06/30/78 | 06/30/79 | Allianz Underwriters Ins | H0001428 | 7 |
| 06/30/79 | 06/30/80 | Allianz Underwriters Ins | H0001428 | 6 |
| 06/30/80 | 06/30/81 | Allianz Underwriters Ins | H0001428 | 6 |
| 06/30/81 | 06/30/82 | Allianz Underwriters Ins | H0001428 | 6 |
| 06/30/78 | 06/30/79 | American Centennial | CC000304 | 5 |
| 06/30/78 | 06/30/79 | American Centennial | CC000305 | 7 |
| 06/30/78 | 06/30/79 | American Centennial | CC000306 | 6 |
| 06/30/81 | 06/30/82 | American Centennial | CC002418 | 5 |
| 06/30/81 | 06/30/82 | American Centennial | CC002419 | 6 |
| 06/30/82 | 06/30/83 | American Centennial | CC005317 | 4 |
| 06/30/83 | 06/30/84 | American Centennial | CC015780 | 4 |
| 06/30/84 | 06/30/85 | American Centennial | CC015996 | 1 |
| 10/20/62 | 10/20/63 | American Employers | A-15-2127-51 | 1 |
| 10/20/63 | 10/20/64 | American Employers | A-15-2127-51 | 1 |
| 10/20/64 | 10/20/65 | American Employers | A-15-2127-51 | 1 |
| 01/27/65 | 10/20/65 | American Employers | A-15-8138-001 | 3 |
| 10/20/65 | 10/20/66 | American Employers | A-16-8220-001 | 1 |
| 10/20/66 | 10/20/67 | American Employers | A-16-8220-001 | 1 |

| Policy Year | | | | |
|---|---|---|---|---|
| **Begin** | **End** | **Insurer** | **Policy Number** | **Layer** |
| 10/20/67 | 10/20/68 | American Employers | A-16-8220-001 | 1 |
| 10/20/65 | 10/20/66 | American Employers | A-16-8220-002 | 4 |
| 10/20/66 | 10/20/67 | American Employers | A-16-8220-002 | 4 |
| 10/20/67 | 10/20/68 | American Employers | A-16-8220-002 | 4 |
| 10/20/68 | 10/20/69 | American Employers | A-16-8220-003 | 1 |
| 10/20/69 | 10/20/70 | American Employers | A-16-8220-003 | 1 |
| 10/20/70 | 06/30/71 | American Employers | A-16-8220-003 | 1 |
| 10/20/68 | 10/20/69 | American Employers | A-16-8220-004 | 4 |
| 10/20/69 | 10/20/70 | American Employers | A-16-8220-004 | 4 |
| 10/20/70 | 06/30/71 | American Employers | A-16-8220-004 | 4 |
| 06/30/74 | 06/30/75 | American Home Assurance | 74DD662C | 3 |
| 06/30/74 | 06/30/76 | American Home Assurance | 74DD662C | 5 |
| 07/17/74 | 06/30/75 | American Home Assurance | 74DD663C | 6 |
| 06/30/75 | 06/30/76 | American Home Assurance | 74DD663C | 8 |
| 06/30/71 | 06/30/72 | American Home Assurance | CE2691919 | 4 |
| 06/30/72 | 06/30/73 | American Home Assurance | CE2691919 | 4 |
| 06/30/73 | 06/30/74 | American Home Assurance | CE2691919 | 4 |
| 07/17/74 | 06/30/75 | American Home Assurance | CE3436358 | 6 |
| 06/30/75 | 06/30/76 | American Home Assurance | CE3436358 | 8 |
| 06/30/76 | 06/30/77 | American Home Assurance | CE3436358 | 7 |
| 10/20/65 | 10/20/66 | American Home Assurance | CE351082 | 5 |
| 10/20/66 | 10/20/67 | American Home Assurance | CE351082 | 5 |
| 10/20/67 | 10/20/68 | American Home Assurance | CE351082 | 5 |
| 10/20/68 | 10/20/69 | American Home Assurance | WRG-1 | 4 |
| 10/20/69 | 10/20/70 | American Home Assurance | WRG-1 | 4 |
| 10/20/70 | 06/30/71 | American Home Assurance | WRG-1 | 4 |
| 06/30/78 | 06/30/79 | American Int'l Underwriter | 75100695 | 7 |
| 06/30/78 | 06/30/79 | American Int'l Underwriter | 75100696 | 4 |
| 06/30/79 | 06/30/80 | American Int'l Underwriter | 75101107 | 3 |
| 06/30/79 | 06/30/80 | American Int'l Underwriter | 75101108 | 4 |
| 06/30/79 | 06/30/80 | American Int'l Underwriter | 75101109 | 6 |
| 06/30/82 | 06/30/83 | American Int'l Underwriter | 75102158 | 3 |
| 06/30/82 | 06/30/83 | American Int'l Underwriter | 75102159 | 5 |
| 06/30/80 | 06/30/81 | American Int'l Underwriter | 75102422 | 4 |
| 06/30/80 | 06/30/81 | American Int'l Underwriter | 75102423 | 6 |
| 06/30/80 | 06/30/81 | American Int'l Underwriter | 75102424 | 3 |
| 06/30/81 | 06/30/82 | American Int'l Underwriter | 75-102641 | 3 |
| 06/30/81 | 06/30/82 | American Int'l Underwriter | 75-102642 | 4 |
| 06/30/81 | 06/30/82 | American Int'l Underwriter | 75-102643 | 8 |
| 06/30/83 | 06/30/84 | American Int'l Underwriter | 75103044 | 3 |
| 06/30/83 | 06/30/84 | American Int'l Underwriter | 75103045 | 5 |
| 06/30/84 | 06/30/85 | American Int'l Underwriter | 75103845 | 3 |
| 06/30/84 | 06/30/85 | American Int'l Underwriter | 75103864 | 4 |
| 07/17/74 | 06/30/75 | American Manufacturers Mutual | 4SG-010001 | 6 |
| 06/30/75 | 06/30/76 | American Manufacturers Mutual | 4SG-010001 | 8 |
| 06/30/76 | 06/30/77 | American Manufacturers Mutual | 4SG-010001 | 7 |
| 10/20/68 | 10/20/69 | American Reinsurance Co | M0085374 | 4 |
| 10/20/69 | 10/20/70 | American Reinsurance Co | M0085374 | 4 |
| 10/20/70 | 06/30/71 | American Reinsurance Co | M0085374 | 4 |
| 06/30/71 | 06/30/72 | American Reinsurance Co | M0085374 | 4 |
| 06/30/72 | 06/30/73 | American Reinsurance Co | M0085374 | 4 |
| 06/30/73 | 06/30/74 | American Reinsurance Co | M0085374 | 4 |
| 06/30/74 | 06/30/75 | American Reinsurance Co | M1025776 | 3 |
| 06/30/75 | 06/30/76 | American Reinsurance Co | M1025776 | 5 |

| Policy Year | | | | |
|---|---|---|---|---|
| **Begin** | **End** | **Insurer** | **Policy Number** | **Layer** |
| 06/30/76 | 06/30/77 | American Reinsurance Co | M1025776 | 4 |
| 01/27/65 | 10/20/65 | American Reinsurance Co | M-6672-0001 | 5 |
| 05/17/66 | 10/20/66 | American Reinsurance Co | M-6672-0002 | 6 |
| 10/20/66 | 10/20/67 | American Reinsurance Co | M-6672-0002 | 6 |
| 10/20/67 | 10/20/68 | American Reinsurance Co | M-6672-0002 | 6 |
| 06/30/84 | 06/30/85 | Ancon Ins. Co. (U.K.) | KY048183 | 3 |
| 05/17/66 | 10/20/66 | Andrew Weir Ins. Co. Ltd. | 66/180390 | 8 |
| 10/20/66 | 10/20/67 | Andrew Weir Ins. Co. Ltd. | 66/180390 | 8 |
| 10/20/67 | 10/20/68 | Andrew Weir Ins. Co. Ltd. | 66/180390 | 8 |
| 06/30/84 | 06/30/85 | Arkwright Ins. Group | 690DD27100 | 3 |
| 06/30/74 | 06/30/75 | Argonaut Northwest Ins. Co. | 74DD662C | 3 |
| 06/30/75 | 06/30/76 | Argonaut Northwest Ins. Co. | 74DD662C | 5 |
| 06/30/76 | 06/30/77 | Argonaut Northwest Ins. Co. | 74DD662C | 4 |
| 07/17/74 | 06/30/75 | Argonaut Northwest Ins. Co. | 74DD663C | 6 |
| 06/30/75 | 06/30/76 | Argonaut Northwest Ins. Co. | 74DD663C | 8 |
| 06/30/76 | 06/30/77 | Assicurazioni Generali S.p.A. | 76DD1595C | 2 |
| 06/30/77 | 06/30/78 | Assicurazioni Generali S.p.A. | 76DD1595C | 2 |
| 06/30/78 | 06/30/79 | Assicurazioni Generali S.p.A. | 76DD1595C | 2 |
| 06/30/79 | 06/30/80 | Associated International | AEL00208C | 6 |
| 06/30/80 | 06/30/81 | Associated International | AEL00208C | 6 |
| 06/30/81 | 06/30/82 | Associated International | AEL00208C | 6 |
| 06/30/84 | 06/30/85 | Atlanta Int'l Ins. Co. | XL05282 | 2 |
| 06/30/76 | 06/30/77 | Bermuda Fire & Marine Ins. Co. Ltd. | 76DD1594C | 1 |
| 06/30/77 | 06/30/78 | Bermuda Fire & Marine Ins. Co. Ltd. | 76DD1594C | 1 |
| 06/30/78 | 06/30/79 | Bermuda Fire & Marine Ins. Co. Ltd. | 76DD1594C | 1 |
| 06/30/76 | 06/30/77 | Bermuda Fire & Marine Ins. Co. Ltd. | 76DD1595C | 2 |
| 06/30/77 | 06/30/78 | Bermuda Fire & Marine Ins. Co. Ltd. | 76DD1595C | 2 |
| 06/30/78 | 06/30/79 | Bermuda Fire & Marine Ins. Co. Ltd. | 76DD1595C | 2 |
| 06/30/77 | 06/30/78 | Bermuda Fire & Marine Ins. Co. Ltd. | 77DD1631C | 4 |
| 06/30/77 | 06/30/78 | Bermuda Fire & Marine Ins. Co. Ltd. | 77DD1632C | 5 |
| 06/30/78 | 06/30/79 | Bermuda Fire & Marine Ins. Co. Ltd. | 78DD1417C | 3 |
| 06/30/78 | 06/30/79 | Bermuda Fire & Marine Ins. Co. Ltd. | 78DD1418C | 4 |
| 06/30/79 | 06/30/80 | Bermuda Fire & Marine Ins. Co. Ltd. | 79DD1633C | 1 |
| 06/30/80 | 06/30/81 | Bermuda Fire & Marine Ins. Co. Ltd. | 79DD1633C | 1 |
| 06/30/81 | 06/30/82 | Bermuda Fire & Marine Ins. Co. Ltd. | 79DD1633C | 1 |
| 06/30/79 | 06/30/80 | Bermuda Fire & Marine Ins. Co. Ltd. | 79DD1634C | 2 |
| 06/30/79 | 06/30/80 | Bermuda Fire & Marine Ins. Co. Ltd. | 79DD1635C | 3 |
| 06/30/79 | 06/30/80 | Bermuda Fire & Marine Ins. Co. Ltd. | 79DD1636C | 4 |
| 06/30/80 | 06/30/81 | Bermuda Fire & Marine Ins. Co. Ltd. | 80DD1643C | 2 |
| 06/30/81 | 06/30/82 | Bermuda Fire & Marine Ins. Co. Ltd. | 80DD1643C | 2 |
| 06/30/80 | 06/30/81 | Bermuda Fire & Marine Ins. Co. Ltd. | 80DD1644C | 3 |
| 06/30/80 | 06/30/81 | Bermuda Fire & Marine Ins. Co. Ltd. | 80DD1645C | 4 |
| 06/30/79 | 06/30/80 | Bermuda Fire & Marine Ins. Co. Ltd. | DM025 A/B | 6 |
| 06/30/79 | 06/30/80 | Bermuda Fire & Marine Ins. Co. Ltd. | DM025. A/B | 7 |
| 06/30/80 | 06/30/81 | Bermuda Fire & Marine Ins. Co. Ltd. | KJ10029 | 7 |
| 06/30/80 | 06/30/81 | Bermuda Fire & Marine Ins. Co. Ltd. | KJ10029. | 3 |
| 06/30/80 | 06/30/81 | Bermuda Fire & Marine Ins. Co. Ltd. | KJ10029.. | 6 |
| 06/30/81 | 06/30/82 | Bermuda Fire & Marine Ins. Co. Ltd. | KJ10040 | 6 |
| 06/30/81 | 06/30/82 | Bermuda Fire & Marine Ins. Co. Ltd. | KJ10040. | 3 |
| 06/30/81 | 06/30/82 | Bermuda Fire & Marine Ins. Co. Ltd. | KJ10040.. | 7 |
| 06/30/82 | 06/30/83 | Bermuda Fire & Marine Ins. Co. Ltd. | KY017582 | 1 |
| 06/30/83 | 06/30/84 | Bermuda Fire & Marine Ins. Co. Ltd. | KY017582 | 1 |
| 06/30/84 | 06/30/85 | Bermuda Fire & Marine Ins. Co. Ltd. | KY017582 | 1 |
| 06/30/82 | 06/30/83 | Bermuda Fire & Marine Ins. Co. Ltd. | KY017782 | 2 |

| Policy Year Begin | End | Insurer | Policy Number | Layer |
|---|---|---|---|---|
| 06/30/83 | 06/30/84 | Bermuda Fire & Marine Ins. Co. Ltd. | KY017782 | 2 |
| 06/30/84 | 06/30/85 | Bermuda Fire & Marine Ins. Co. Ltd. | KY017782 | 2 |
| 06/30/82 | 06/30/83 | Bermuda Fire & Marine Ins. Co. Ltd. | KY017882 | 3 |
| 06/30/83 | 06/30/84 | Bermuda Fire & Marine Ins. Co. Ltd. | KY048183 | 3 |
| 06/30/84 | 06/30/85 | Bermuda Fire & Marine Ins. Co. Ltd. | KY048183 | 3 |
| 06/30/81 | 06/30/82 | Bermuda Fire & Marine Ins. Co. Ltd. | PY030181 | 3 |
| 06/30/81 | 06/30/82 | Bermuda Fire & Marine Ins. Co. Ltd. | PY030281 | 4 |
| 06/30/78 | 06/30/79 | Birmingham Fire Ins Co | SE6073371 | 7 |
| 06/30/79 | 06/30/80 | Birmingham Fire Ins Co | SE6073508 | 6 |
| 06/30/80 | 06/30/81 | Birmingham Fire Ins Co | SE6073646 | 6 |
| 06/30/81 | 06/30/82 | Birmingham Fire Ins Co | SE6073657 | 6 |
| 06/30/82 | 06/30/83 | Birmingham Fire Ins Co | SE6073957 | 4 |
| 06/30/83 | 06/30/84 | Birmingham Fire Ins Co | SE6074116 | 4 |
| 06/30/83 | 06/30/84 | Birmingham Fire Ins Co | SE6074145 | 3 |
| 06/30/83 | 06/30/84 | Birmingham Fire Ins Co | SE6074146 | 4 |
| 06/30/84 | 06/30/85 | Birmingham Fire Ins Co | SE6074318 | 4 |
| 06/30/84 | 06/30/85 | Birmingham Fire Ins Co | SE6074308 | 4 |
| 06/30/74 | 06/30/75 | Bishopsgate Ins. Co. Ltd. | 74DD662C | 3 |
| 06/30/75 | 06/30/76 | Bishopsgate Ins. Co. Ltd. | 74DD662C | 5 |
| 06/30/76 | 06/30/77 | Bishopsgate Ins. Co. Ltd. | 74DD662C | 4 |
| 07/17/74 | 06/30/75 | Bishopsgate Ins. Co. Ltd. | 74DD663C | 6 |
| 06/30/75 | 06/30/76 | Bishopsgate Ins. Co. Ltd. | 74DD663C | 8 |
| 07/17/74 | 06/30/75 | Boston Old Colony Ins Co | LX2666569 | 5 |
| 06/30/75 | 06/30/76 | Boston Old Colony Ins Co | LX2666569 | 7 |
| 06/30/76 | 06/30/77 | Boston Old Colony Ins Co | LX2666569 | 6 |
| 05/17/66 | 10/20/66 | British National Ins. Co. Ltd. | 66/180390 | 8 |
| 10/20/66 | 10/20/67 | British National Ins. Co. Ltd. | 66/180390 | 8 |
| 10/20/67 | 10/20/68 | British National Ins. Co. Ltd. | 66/180390 | 8 |
| 06/30/83 | 06/30/84 | British National Ins. Co. Ltd. | KY048183 | 3 |
| 06/30/84 | 06/30/85 | British National Ins. Co. Ltd. | KY048183 | 3 |
| 06/30/83 | 06/30/84 | British National Ins. Co. Ltd. | KY048283 | 4 |
| 10/20/68 | 10/20/69 | British Northwestern | 411-4307 | 4 |
| 10/20/69 | 11/14/69 | British Northwestern | 411-4307 | 4 |
| 11/14/69 | 10/20/70 | British Northwestern | 411-4307. | 4 |
| 10/20/70 | 06/30/71 | British Northwestern | 411-4307. | 4 |
| 06/30/80 | 06/30/81 | Bryanston Ins. Co. Ltd. | 80DD1643C | 2 |
| 06/30/81 | 06/30/82 | Bryanston Ins. Co. Ltd. | 80DD1643C | 2 |
| 06/30/80 | 06/30/81 | Bryanston Ins. Co. Ltd. | 80DD1644C | 3 |
| 06/30/80 | 06/30/81 | Bryanston Ins. Co. Ltd. | 80DD1645C | 4 |
| 06/30/81 | 06/30/82 | Bryanston Ins. Co. Ltd. | PY030181 | 3 |
| 06/30/81 | 06/30/82 | Bryanston Ins. Co. Ltd. | PY030281 | 4 |
| 06/30/81 | 06/30/82 | Buffalo Reinsurance | BR507551 | 7 |
| 06/30/82 | 06/30/83 | Buffalo Reinsurance | BR508040 | 5 |
| 06/30/79 | 06/30/80 | C.A.M.A.T. | 79DD1638C | 7 |
| 06/30/75 | 06/30/76 | California Union Ins Co | ZCX001391/75DD1065C | 3 |
| 06/30/84 | 06/30/85 | California Union Ins Co | ZCX007226 | 5 |
| 07/17/74 | 06/30/76 | Centennial Ins Co | 462013040 | 6 |
| 06/30/75 | 06/30/76 | Centennial Ins Co | 462013040 | 8 |
| 06/30/76 | 06/30/77 | Centennial Ins Co | 462013040 | 7 |
| 06/30/77 | 06/30/78 | Centennial Ins Co | 462-01-68-10 | 8 |
| 06/30/78 | 06/30/79 | Centennial Ins Co | 462017826 | 7 |
| 06/30/79 | 06/30/80 | Centennial Ins Co | 462019494 | 6 |
| 06/30/81 | 06/30/82 | Centennial Ins Co | 462021419 | 6 |
| 06/30/80 | 06/30/81 | Centennial Ins Co | 462023810 | 6 |

| Policy Year | | | | |
|---|---|---|---|---|
| **Begin** | **End** | **Insurer** | **Policy Number** | **Layer** |
| 06/30/82 | 06/30/83 | Centennial Ins Co | 462023979 | 4 |
| 06/30/75 | 06/30/76 | Central National Ins Co | CNU123383 | 2 |
| 06/30/83 | 06/30/84 | Century Indemnity Co | CIZ426249 | 4 |
| 06/30/80 | 06/30/81 | Cie Europeene D'Ass. Industrielles | 80DD1643C | 2 |
| 06/30/81 | 06/30/82 | Cie Europeene D'Ass. Industrielles | 80DD1643C | 2 |
| 06/30/80 | 06/30/81 | Cie Europeene D'Ass. Industrielles | 80DD1644C | 3 |
| 06/30/80 | 06/30/81 | Cie Europeene D'Ass. Industrielles | 80DD1645C | 4 |
| 06/30/82 | 06/30/83 | Cie Europeene D'Ass. Industrielles | KY017582 | 1 |
| 06/30/83 | 06/30/84 | Cie Europeene D'Ass. Industrielles | KY017582 | 1 |
| 06/30/84 | 06/30/85 | Cie Europeene D'Ass. Industrielles | KY017582 | 1 |
| 06/30/82 | 06/30/83 | Cie Europeene D'Ass. Industrielles | KY017782 | 2 |
| 06/30/83 | 06/30/84 | Cie Europeene D'Ass. Industrielles | KY017782 | 2 |
| 06/30/84 | 06/30/85 | Cie Europeene D'Ass. Industrielles | KY017782 | 2 |
| 06/30/82 | 06/30/83 | Cie Europeene D'Ass. Industrielles | KY017882 | 3 |
| 06/30/83 | 06/30/84 | Cie Europeene D'Ass. Industrielles | KY048183 | 3 |
| 06/30/84 | 06/30/85 | Cie Europeene D'Ass. Industrielles | KY048183 | 3 |
| 06/30/81 | 06/30/82 | Cie Europeene D'Ass. Industrielles | PY030181 | 3 |
| 06/30/81 | 06/30/82 | Cie Europeene D'Ass. Industrielles | PY030281 | 4 |
| 06/30/77 | 06/30/78 | CNA Reinsurance of London Ltd. | 76DD1595C | 2 |
| 06/30/78 | 06/30/79 | CNA Reinsurance of London Ltd. | 76DD1595C | 2 |
| 11/01/81 | 06/30/82 | CNA Reinsurance of London Ltd. | KY003382 | 5 |
| 06/30/79 | 06/30/80 | Continental Casualty Co. | RDX1784282 | 7 |
| 06/30/84 | 06/30/85 | Continental Casualty Co. | RDX1784529 | 2 |
| 06/30/84 | 06/30/85 | Continental Casualty Co. | RDX1784530 | 2 |
| 06/30/80 | 06/30/81 | Continental Casualty Co. | RDX1784981 | 7 |
| 06/30/81 | 06/30/82 | Continental Casualty Co. | RDX1784981 | 7 |
| 06/30/82 | 06/30/83 | Continental Casualty Co. | RDX1785056 | 5 |
| 06/30/83 | 06/30/84 | Continental Casualty Co. | RDX1785096 | 5 |
| 06/30/77 | 06/30/78 | Continental Casualty Co. | RDX1788117 | 7 |
| 06/30/77 | 06/30/78 | Continental Casualty Co. | RDX1788118 | 8 |
| 08/09/73 | 06/30/74 | Continental Casualty Co. | RDX8936833 | 3 |
| 06/30/74 | 06/30/75 | Continental Casualty Co. | RDX9156645 | 2 |
| 06/30/75 | 06/30/76 | Continental Casualty Co. | RDX9156645 | 4 |
| 06/30/76 | 06/30/77 | Continental Casualty Co. | RDX9156645 | 3 |
| 06/30/76 | 06/30/83 | Continental Casualty Company | CCP2483440 | Primary |
| 06/30/83 | 06/30/85 87 | Continental Casualty Company | CCP2483440 | Primary |
| 06/30/73 | 06/30/76 | Continental Casualty Company | CCP9023670 | Primary |
| 06/30/82 | 06/30/83 | Continental Ins Co | SRX1591702 | 5 |
| 06/30/83 | 06/30/84 | Continental Ins Co | SRX1591976 | 5 |
| 06/30/81 | 06/30/82 | Continental Ins Co | SRX3193093 | 8 |
| 06/30/84 | 06/30/85 | Continental Ins Co | SRX3592213 | 5 |
| 06/30/83 | 06/30/84 | Dairyland Insurance Co | XL17275 | 4 |
| 05/17/66 | 10/20/66 | Dominion Ins. Co. Ltd. | 66/180390 | 8 |
| 10/20/66 | 10/20/67 | Dominion Ins. Co. Ltd. | 66/180390 | 8 |
| 10/20/67 | 10/20/68 | Dominion Ins. Co. Ltd. | 66/180390 | 8 |
| 06/30/79 | 06/30/80 | Dominion Ins. Co. Ltd. | 79DD1638C | 7 |
| 06/30/80 | 06/30/81 | Dominion Ins. Co. Ltd. | 80DD1647C | 7 |
| 06/30/77 | 06/30/78 | Eisen Und Stahl | 6-1-31-181-001 | 8 |
| 06/30/79 | 06/30/80 | El Paso Ins. Co. Ltd. | 79DD1633C | 1 |
| 06/30/80 | 06/30/81 | El Paso Ins. Co. Ltd. | 79DD1633C | 1 |
| 06/30/81 | 06/30/82 | El Paso Ins. Co. Ltd. | 79DD1633C | 1 |
| 06/30/79 | 06/30/80 | El Paso Ins. Co. Ltd. | 79DD1634C | 2 |
| 06/30/79 | 06/30/80 | El Paso Ins. Co. Ltd. | 79DD1635C | 3 |
| 06/30/79 | 06/30/80 | El Paso Ins. Co. Ltd. | 79DD1636C | 4 |

| Policy Year | | | | |
|---|---|---|---|---|
| **Begin** | **End** | **Insurer** | **Policy Number** | **Layer** |
| 06/30/80 | 06/30/81 | El Paso Ins. Co. Ltd. | 80DD1643C | 2 |
| 06/30/81 | 06/30/82 | El Paso Ins. Co. Ltd. | 80DD1643C | 2 |
| 06/30/80 | 06/30/81 | El Paso Ins. Co. Ltd. | 80DD1644C | 3 |
| 06/30/80 | 06/30/81 | El Paso Ins. Co. Ltd. | 80DD1645C | 4 |
| 06/30/82 | 06/30/83 | El Paso Ins. Co. Ltd. | KY017582 | 1 |
| 06/30/83 | 06/30/84 | El Paso Ins. Co. Ltd. | KY017582 | 1 |
| 06/30/84 | 06/30/85 | El Paso Ins. Co. Ltd. | KY017582 | 1 |
| 06/30/82 | 06/30/83 | El Paso Ins. Co. Ltd. | KY017782 | 2 |
| 06/30/83 | 06/30/84 | El Paso Ins. Co. Ltd. | KY017782 | 2 |
| 06/30/84 | 06/30/85 | El Paso Ins. Co. Ltd. | KY017782 | 2 |
| 06/30/82 | 06/30/83 | El Paso Ins. Co. Ltd. | KY017882 | 3 |
| 06/30/83 | 06/30/84 | El Paso Ins. Co. Ltd. | KY048183 | 3 |
| 06/30/84 | 06/30/85 | El Paso Ins. Co. Ltd. | KY048183 | 3 |
| 06/30/81 | 06/30/82 | El Paso Ins. Co. Ltd. | PY030181 | 3 |
| 06/30/81 | 06/30/82 | El Paso Ins. Co. Ltd. | PY030281 | 4 |
| 06/30/71 | 06/30/72 | Employers Comm'l Union | EY8220005 | 1 |
| 06/30/72 | 06/30/73 | Employers Comm'l Union | EY8220005 | 1 |
| 06/30/73 | 06/30/74 | Employers Comm'l Union | EY8220005 | 1 |
| 06/30/71 | 06/30/72 | Employers Comm'l Union | EY8220006 | 4 |
| 06/30/72 | 06/30/73 | Employers Comm'l Union | EY8220006 | 4 |
| 06/30/73 | 06/30/74 | Employers Comm'l Union | EY8220006 | 4 |
| 06/30/78 | 06/30/79 | Employers Mutual Cas Co | MM0-70348 | 6 |
| 06/30/78 | 06/30/79 | Employers Mutual Cas Co | MM0-70349 | 7 |
| 06/30/78 | 06/30/79 | Employers Mutual Cas Co | MMO-70347 | 5 |
| 05/17/66 | 10/20/66 | English & American Ins. Co. Ltd. | 66/180390 | 8 |
| 10/20/66 | 10/20/67 | English & American Ins. Co. Ltd. | 66/180390 | 8 |
| 10/20/67 | 10/20/68 | English & American Ins. Co. Ltd. | 66/180390 | 8 |
| 06/30/77 | 06/30/78 | English & American Ins. Co. Ltd. | 76DD1595C | 2 |
| 06/30/78 | 06/30/79 | English & American Ins. Co. Ltd. | 76DD1595C | 2 |
| 06/30/77 | 06/30/78 | English & American Ins. Co. Ltd. | 77DD1826 | 8 |
| 06/30/80 | 06/30/81 | English & American Ins. Co. Ltd. | 80DD1643C | 2 |
| 06/30/81 | 06/30/82 | English & American Ins. Co. Ltd. | 80DD1643C | 2 |
| 06/30/82 | 06/30/83 | English & American Ins. Co. Ltd. | KY017782 | 2 |
| 06/30/83 | 06/30/84 | English & American Ins. Co. Ltd. | KY017782 | 2 |
| 06/30/84 | 06/30/85 | English & American Ins. Co. Ltd. | KY017782 | 2 |
| 06/30/79 | 06/30/80 | European General | FU78819413178 | 6 |
| 06/30/80 | 06/30/81 | European General | FU78819413180 | 6 |
| 06/30/79 | 06/30/80 | European General | FU78819413679 | 7 |
| 06/30/80 | 06/30/81 | European General | FU78819413680 | 7 |
| 06/30/84 | 06/30/85 | Evanston Ins. Co. | EX11257 | 3 |
| 06/30/84 | 06/30/85 | Evanston Ins. Co. | EX11263 | 5 |
| 06/30/77 | 06/30/78 | Federal Insurance Co | (78) 79221530 | 8 |
| 06/30/78 | 06/30/79 | Federal Insurance Co | (79) 79227260 | 7 |
| 06/30/79 | 06/30/80 | Federal Insurance Co | (80) 79227260 | 6 |
| 06/30/79 | 06/30/80 | Federal Insurance Co | (80) 79227298 | 7 |
| 06/30/80 | 06/30/81 | Federal Insurance Co | (81) 7922-7260 | 6 |
| 06/30/80 | 06/30/81 | Federal Insurance Co | (81) 7922-7298 | 7 |
| 06/30/81 | 06/30/82 | Federal Insurance Co | (82) 7922-7260 | 6 |
| 06/30/81 | 06/30/82 | Federal Insurance Co | (82) 7922-7298 | 7 |
| 07/17/74 | 06/30/75 | Federal Insurance Co | 79221530 | 6 |
| 06/30/75 | 06/30/76 | Federal Insurance Co | 79221530 | 8 |
| 06/30/76 | 06/30/77 | Federal Insurance Co | 79221530 | 7 |
| 06/30/84 | 06/30/85 | Federal Insurance Co | 7928-26-20 | 3 |
| 06/30/84 | 06/30/85 | Federal Insurance Co | 7928-26-20. | 5 |

| Policy Year Begin | End | Insurer | Policy Number | Layer |
|---|---|---|---|---|
| 01/27/65 | 10/20/65 | Fireman's Fund | XL76937 | 4 |
| 05/17/66 | 10/20/66 | Fireman's Fund | XL91085 | 7 |
| 10/20/66 | 10/20/67 | Fireman's Fund | XL91085 | 7 |
| 10/20/67 | 10/20/68 | Fireman's Fund | XL91085 | 7 |
| 10/20/68 | 10/20/69 | Fireman's Fund | XLX1026877 | 4 |
| 10/20/69 | 10/20/70 | Fireman's Fund | XLX1026877 | 4 |
| 10/20/70 | 06/30/71 | Fireman's Fund | XLX1026877 | 4 |
| 06/30/76 | 06/30/77 | Fireman's Fund | XLX1202930 | 6 |
| 06/30/77 | 06/30/78 | Fireman's Fund | XLX1299553 | 7 |
| 06/30/78 | 06/30/79 | Fireman's Fund | XLX1362955 | 6 |
| 06/30/79 | 06/30/80 | Fireman's Fund | XLX1370426 | 6 |
| 06/30/79 | 06/30/80 | Fireman's Fund | XLX1370427 | 7 |
| 06/30/80 | 06/30/81 | Fireman's Fund | XLX1437060 | 6 |
| 06/30/80 | 06/30/81 | Fireman's Fund | XLX1437061 | 7 |
| 06/30/81 | 06/30/82 | Fireman's Fund | XLX1481490 | 6 |
| 06/30/81 | 06/30/82 | Fireman's Fund | XLX1481491 | 7 |
| 06/30/81 | 06/30/82 | Fireman's Fund | XLX1481492 | 8 |
| 06/30/83 | 06/30/84 | Fireman's Fund | XLX1532227 | 4 |
| 06/30/83 | 06/30/84 | Fireman's Fund | XLX1532228 | 5 |
| 06/30/83 | 06/30/85 | Fireman's Fund | XLX1532067 | 5 |
| 06/30/82 | 06/30/83 | Fireman's Fund | XLX1532474 | 4 |
| 06/30/82 | 06/30/83 | Fireman's Fund | XLX1532475 | 5 |
| 06/30/75 | 06/30/76 | First State Ins Co | 922099 | 3 |
| 06/30/76 | 06/30/77 | First State Ins Co | 923099 | 4 |
| 06/30/76 | 06/30/77 | First State Ins Co | 923100 | 6 |
| 06/30/84 | 06/30/85 | First State Ins Co | 920008853 | 5 |
| 06/30/84 | 06/30/85 | Folksam International Ins. Co. Ltd. | KY048183 | 3 |
| 06/30/81 | 06/30/82 | GEICO | GXU30031 | 8 |
| 06/30/82 | 06/30/83 | GEICO | GXU30152 | 5 |
| 06/30/83 | 06/30/84 | GEICO | GXU30267 | 5 |
| 06/01/61 | 06/01/62 | General Insurance Company of America | BEP186207 | Primary |
| 06/01/62 | 06/01/63 | General Insurance Company of America | BEP205259 | Primary |
| 06/01/63 | 06/01/64 | General Insurance Company of America | BEP271269 | Primary |
| 06/01/64 | 06/01/65 | General Insurance Company of America | BEP245115 | Primary |
| 06/01/65 | 06/01/66 | General Insurance Company of America | BEP260071 | Primary |
| 06/01/66 | 06/01/67 | General Insurance Company of America | BEP270815 | Primary |
| 06/30/78 | 06/30/79 | Gerling Konzern Ins | 01/49/99/6282 | 3 |
| 06/30/81 | 06/30/82 | Gerling Konzern Ins | 49/6409/01 | 3 |
| 06/30/82 | 06/30/83 | Gerling Konzern Ins | 49/6409/01. | 3 |
| 06/30/83 | 06/30/84 | Gerling Konzern Ins | 49/6409/01. | 3 |
| 06/30/77 | 06/30/78 | Gerling Konzern Ins | 49/99/6212/01 | 5 |
| 06/30/79 | 06/30/80 | Gerling Konzern Ins | 49/99/6340/01 | 3 |
| 06/30/80 | 06/30/81 | Gerling Konzern Ins | 49/99/6409/01 | 3 |
| 06/30/80 | 06/30/81 | Gibraltar Cas. Co. | GMX00656 | 5 |
| 06/30/81 | 11/01/81 | Gibraltar Cas. Co. | GMX01275 | 5 |
| 11/01/81 | 06/30/82 | Gibraltar Cas. Co. | GMX01407 | |
| 06/30/82 | 06/30/83 | Gibraltar Cas. Co. | GMX01784 | |
| 06/30/83 | 06/30/84 | Gibraltar Cas. Co. | GMX02269 | |
| 06/30/84 | 06/30/85 | Gibraltar Cas. Co. | GMX02683 | 5 |
| 06/30/78 | 06/30/79 | Granite State Ins | 61780491 | 3 |
| 06/30/78 | 06/30/79 | Granite State Ins | 61780492 | 4 |
| 06/30/78 | 06/30/79 | Granite State Ins | 6178-0493 | 6 |
| 06/30/79 | 06/30/80 | Granite State Ins | 61791383 | 2 |
| 06/30/79 | 06/30/80 | Granite State Ins | 61791384 | 3 |