**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Related Docket No. 20872 |

**CERTIFICATE OF DEBTORS' COUNSEL RE PLAN PROPONENTS' PROPOSED ORDER ESTABLISHING SCHEDULE OF POST-TRIAL BRIEFING AND RELATED MATTERS**

1. In connection with the Confirmation Hearing that is scheduled to commence on September 8, 2009 before this Court, the Plan Proponents have prepared the attached proposed scheduling order for post-trial briefing and related matters (the "Post-Trial Order").

2. The Plan Proponents circulated the Post-Trial Order to all Plan Objectors on Friday, September 4, 2009 and held a meet and confer with the Plan Objectors late that day. As a result of that meet and confer the Plan Objectors did not agree to the Post-Trial Order.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Specifically, the Plan Objectors had the following objections:

(i) The Plan Objectors object to the timing proposed in paragraph 1. They seek <u>at least</u> 21 days to file their post-trial briefs. Some of the Plan Objectors also object to preparing separate Post-Trial briefs on the different Parts of the trial as outlined in the Post-Trial Order and seek to only file one brief on all Parts. Some of the Plan Objectors object to commencing the briefing at the end of each Part of the trial and seek to commence briefing only after the conclusion of all evidence on all Parts.

(ii) The Plan Objectors object to paragraph 2 of the Post-Trial Order and some may seek to have a hearing set with respect to objections to exhibits, deposition designations and other prior testimony so that all rulings with respect to all such objections are made prior to the commencement of post-trial briefing.

(iii) Some of the Plan Objectors object to the division of closing arguments into the various Parts of the trial as outlined in paragraph 3 of the Post-Trial Order. Some of them also object to setting the schedule for closing arguments at this time and want the Court to set the schedule later once the proof comes in.

3. The Plan Objectors also request that the Court take up entry of the Post-Trial Order at the commencement of the Confirmation Hearing. The Debtors request the Court enter the attached Post-Trial Order or hear issues with respect to the Post-Trial Order at the Court's convenience.

Dated: September 7, 2009

             KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
601 Lexington Ave.
New York, NY  10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

Barbara M. Harding
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5200
Facsimile:  (202) 879-5200

and


THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison Street
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162

and


   /s/ James E. O'Neill
PACHULSKI, STANG, ZIEHL & JONES LLP
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100\
Facsimile: (302) 652-4400

*Counsel for the Debtors and Debtors in Possession*

3