IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.,*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Objection deadline: [September 8, 2009] |
| | | Hearing date: [September 8, 2009] |

**PLAN PROPONENTS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER REGARDING PROCEDURE FOR ADDRESSING CONFIDENTIAL LIBBY
CLAIMANT INFORMATION DURING THE CONFIRMATION HEARING**

The Plan Proponents hereby move this Court for immediate entry of an order establishing a procedure for addressing confidential Libby Claimant information at the Confirmation Hearing. The Plan Proponents request that for purposes of the examination of witnesses regarding Libby issues, including experts, Libby Claimants' confidential indentifying information not be redacted from the documents. Instead, the Plan Proponents request the Court close the proceedings when

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-gulch West Coal Company, H-G Coal Company.

such confidential information is discussed and mark the Trial Transcript on those issues confidential and sealed. This procedure is necessary because the Libby Claimants' have not identified which claimant information they intend to introduce at trial. Instead, well after the deadline for the tendering of exhibits, the Libby Claimants provided the Plan Proponents with some redacted versions of documents for over a thousand claimants and suggested that certain other documents regarding such claimants would be redacted as needed at the Confirmation Hearing. In the few days left before trial, the Plan Proponents cannot possibly review all of the thousands upon thousands of pages of un-redacted documents produced in this case, compare the un-redacted materials with the newly redacted materials, match the materials and claimant names and then either (i) attempt to redact any additional materials on which the Plan Proponents intend to rely in their case in chief, cross examination or rebuttal, or (ii) redact such materials "on the fly" at the Confirmation Hearing. As a result, the Plan Proponents request entry of an Order which will both protect the confidential identifying information of the claimants and at the same time permit a full and fair opportunity for all parties to use the Libby Claimants' materials in their case. In support of this request, the Plan Proponents state as follows:

**BACKGROUND**

1.     Pursuant to the Fourth Amended Case Management Order governing the procedures for the Confirmation Hearing in these cases, ("the CMO"), all parties were to provide "all copies of exhibits which were listed on the Exhibit Lists filed with the Pre-Trial Submissions on 7/20/09" to opposing counsel on August 10, 2009.  By the agreement of the parties, the Libby Claimants were given a few extra days to submit such exhibits and they did so on August 12, 2009.

2.      Among the exhibits provided to the Plan Proponents on August 12, 2009, the Libby Claimants produced what was labeled as Libby Exhibit 44 which are cd's containing [2]thousands and thousands of pages of medical records for Libby Claimants (collectively, the "Libby Records").  None of the Libby Records produced were redacted. Instead, in providing the Libby Records to the Plan Proponents, the Libby Claimants indicated with a double asterisk on their accompanying exhibit list, those exhibits that were confidential.

3.      Pursuant to the CMO, the Debtors placed all exhibits provided by all parties into a virtual data room.  However, with respect to any exhibits marked confidential or otherwise indicated to be confidential, the Debtors placed those exhibits in a separate secure folder to which access is limited to only those parties who are parties to, or have provided acknowledgements of, the Protective Orders of the Court dated May 14, 2009 ( Docket No. 21671) or May 26, 2009 ( Docket No. 21854). The Libby Records which were designated as confidential were placed in the confidential folder of the data room.

4.      On August 19, 2009, John F. Lacey, one the attorneys for the Libby Claimants contacted the Debtors' counsel to discuss a proposal for how confidential information could be handled at the Confirmation Hearing. Among other things, Mr. Lacey suggested for the first time that the Libby Claimants were now going to redact some of the personal identifying information from some of the Libby Records but that when it came to Libby Exhibit 44, for example, since it was provided in digital form only and was a large volume of medical records:

---

[2] In providing such exhibits, the Libby Claimants did not suggest that they still intended to prepare redacted versions of the exhibits and left the impression that they were simply going to proceed with the exhibits being deemed confidential and subject to being handled pursuant to the Court's Confidentiality Orders.

> "Libby Claimants do not intend to redact each and every medical record contained in the digital volume provided as Exh LC-44. I would propose that to the extent any of these records are relied upon at trial, prior to such specific use the Party wishing to rely upon them must print the records, redact all Patient identifying information and substitute the Patient's Identifying Number as appropriate, using the key that Libby Claimants will prepare and provide. The medical records must be printed prior to any use, and then redacted thru some marker and tag system as opposed to digitally, further justifying the need to be discrete and record specific rather than categorical in our approach to implementing the Court's Order as applied to specific patient records."

5. Shortly thereafter, counsel for the Debtors responded to the procedure suggested by Mr. Lacey, indicating there were several problems with what the Libby Claimants' were suggesting. Those problems included the concern that this procedure would be impossible to implement. The Libby Claimants have identified over a thousand individual claimants for whom the Libby Claimants may seek to introduce information through their witnesses. Several thousand pages of material have been produced with respect to these claimants. Absent identification of the individual claimants for whom the Libby Claimants may seek to introduce information, it is impossible for the Plan Proponents to know which of the claimants' records may be used so that they may locate corresponding records for cross examination or rebuttal and be prepared to redact the records "on the fly" at the hearing. The Plan Proponents are and have been willing to follow the procedure suggested by the Libby Claimants if the Libby Claimants would agree that the only individuals whose records will be at issue are the four claimants deposed pursuant to the Modified Order regarding Individual Claimant Testimony dated August 17, 2009 (Docket No. 22822) . But, the Libby Claimants will make no such concession despite the Court's clear orders on the issue.

6.      In addition, there is a real concern that the redaction regime and the use of a master key system to identify claimants will not be understood by the Libby Claimants' expert witness, Dr. Whitehouse or others.  This is not a speculative concern but one based on past experience.  Specifically, as pointed out to the Court previously, Dr. Whitehouse, at his March 2009 deposition, claimed ignorance about whether a patient, whose records were redacted at HIS clinic (the CARD Clinic) under HIS supervision, was one of the individuals studied in his 2004 paper.  It is, thus, not difficult to foresee a scenario where Dr. Whitehouse, at the Confirmation Hearing, would once again try to avoid answering questions about his own patients by claiming that he is unfamiliar with who certain persons are because the records are redacted.  Given that he claimed ignorance when the records were redacted by his own nurses, it is reasonable to suspect that he would do the same when questioned about records that were redacted by his patients' lawyers.  Moreover, to the extent that the Plan Proponents will be responsible for redacting and applying the master key to any exhibits they intend to use, Dr. Whitehouse would be forced to rely on Plan Proponents' representations that the medical records correspond to who we say they do.  If Dr. Whitehouse was not willing to rely on the accuracy of redactions performed by his own nurses, it is hard to imagine that he would be willing to rely on the accuracy of redactions performed by attorneys for the Plan Proponents.

7.      Finally, on August 29, 2009, the Libby Claimants requested, for the first time, that the Debtors substitute as exhibits for the Court, certain redacted records for the un-redacted Libby Records which had been provided to the parties on August 12,  2009.

8.      The parties have met and conferred several times in an effort to resolve these issues but have been unable to do so. Due to the concerns outlined herein, and the Libby Claimants' continued refusal to agree to limit their proffer of individual claimant evidendce to

the four individuals permitted by the Court, or even to identify the claimants for whom they intend to introduce testimony, the Debtors seek entry of an appropriate order of the Court addressing how such information should be provided to the Court and handled during the Confirmation Hearing. Because the parties were unable to agree as to which version of the Libby Records should be provided to the Court, the Debtors have created 2 sets of exhibit CD's, one redacted and one un-redacted and will be prepared to proceed according to the Court's instructions.

## **ARGUMENT**

9. The Plan Proponents are not seeking to make personal information about any individual claimant public knowledge. However, the way in which to protect that information at this late date is not to substitute and use at trial newly redacted documents and redact other documents "on the fly." The way to address this concern, is simply to close the Courtroom to all parties not subject to the Court's confidentiality orders, mark the trial transcript confidential and seal the Trial Transcripts regarding any confidential information. Any other procedure makes no sense.

10. The information at issue consists of thousands of pages of medical records for over a thousand claimants. The Debtors have been working with the Libby Records designated as Exhibits for several weeks and have likewise been reviewing and digesting the previous records submitted by the Libby Claimants in response to discovery requests and in support of various Libby Expert Reports since December, 2008. In addition, medical records for many of these claimants were submitted in 2006-2007 as part of the Estimation discovery. None of that information previously produced was redacted.

11.     In the few days left before trial, the Plan Proponents cannot possibly review all of the thousands upon thousands of pages of un-redacted documents produced in this case, compare the un-redacted materials with the newly redacted materials, match the materials and claimant names and then redact any additional materials on which the Plan Proponents intend to rely in their case in chief, cross examination or rebuttal. And, likewise, making redactions "on the fly" at the Confirmation Hearing makes even less sense and would be highly chaotic, potentially time consuming, potentially misleading and prejudicial to all parties.

13.     Further, the Libby Claimants put their medical condition at issue by asserting a personal injury claim against Grace and thus should have no expectation of confidentiality with respect to their medical records.  The May 26, 2009 Protective Order governing confidential Libby Claimant medical information gives any party the right to object to information designated as confidential, and thus the Plan Proponents would have been justified in objecting to treating any Libby Claimant records as confidential at all.  However, in an attempt to compromise the Plan Proponents proposed the approach set forth in this Motion, which was not accepted by counsel for the Libby Claimants.

14.     Thus, the Plan Proponents request entry of an Order:  (i) permitting the parties to use un-redacted information about the Libby Claimants during the Confirmation Hearing; (ii) closing the Courtroom to all parties not subject to the Court's Confidentiality Orders when any confidential information is discussed; and (iii)  marking the trial transcript as confidential and under seal when confidential information is discussed.

Dated:  September 7, 2009        Respectfully submitted,

KIRKLAND & ELLIS LLP

David M. Bernick, P.C.
Theodore Freedman
Justin S. Brooks
Citigroup Center
601 Lexington Ave.
New York, New York  10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

<u>And</u>

Barbara M. Harding
Brian T. Stansbury
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5200

<u>and</u>

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison St.
Suite 2100
Chicago, IL 60602
Telephone:  (312) 641-2162
Facsimile:  (312) 641-2165

<u>And</u>

PACHULSKI STANG ZIEHL & JONES LLP

  /s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
joneill@pszjlaw.com
kmakowski@pszjlaw.com

*Co-Counsel for the Debtors and Debtors in Possession*

CAMPBELL & LEVINE, LLC

/s/ Mark T. Hurford
Mark T. Hurford (Bar No. 3299)
Marla R. Eskin (Bar No. 2989)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
mhurford@camlev.com

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of*
*Asbestos Personal Injury Claimants*

        PHILIPS, GOLDMAN & SPENCE, P.A.

        <u>/s/ John C. Philips</u>
        John C. Philips (Bar No.110)
        1200 North Broom Street
        Wilmington, DE 19806
        Telephone: (302) 655-4200
        Facsimile: (302) 655-4210
        jcp@pgslaw.com

        <u>And</u>

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T Austern, Asbestos PI Future Claimants' Representative*

SAUL EWING LLP

_____

Teresa K.D. Currier (Bar No. (3080)
222 Delaware Avenue, 12th Fllor
Wilmington, DE  19801
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
tcurrier@saul.com

 and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Howowitz
David Blabey
1177 Avenue Of The Americas
New York, NY 10036
Telephone:  (212) 715-9100
*Counsel for the Official Committee of Equity Security Holders*