THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| **Debtors.** | ) | Objection Deadline: TBD |
| | ) | Hearing Date: TBD |

**DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S SCHEDULING ORDER
AND TO SHORTEN NOTICE PERIOD ON PLAN PROPONENTS' EMERGENCY
MOTION FOR ENTRY OF AN ORDER REGARDING PROCEDURE FOR
ADDRESSING CONFIDENTIAL LIBBY CLAIMANT INFORMATION DURING
<u>CONFIRMATION HEARING</u>**

The Debtors hereby move this Court pursuant to Del. Bankr. L.R. 9006-1(e), Rule

9006(c) of the Bankruptcy Rules and section 102 of the Bankruptcy Code, for leave from this

Court's Scheduling Order and to shorten the notice period with respect to its *Motion for Entry of*

*an Order Regarding Procedure for Addressing Confidential Libby Claimants Information*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*During the Confirmation Hearing* (the "Motion") so the Motion may be heard at the commencement of the Confirmation Hearing on September 8, 2009. In support of this motion, the Debtors state as follows:

1.      In order to proceed with the Confirmation Hearing in an efficient manner, a procedure needs to be established for addressing confidential Libby Claimant information at the hearing. The Plan Proponents believe that for purposes of the examination of witnesses regarding Libby issues, including experts, Libby Claimants' confidential indentifying information should <u>not</u> be redacted from the documents. Instead, the Plan Proponents believe the appropriate procedure would be for the Court to close the proceedings when such confidential information is discussed and mark the Trial Transcript on those issues confidential and sealed.

2.      Libby Claimants' counsel has suggested only recently that they seek to proceed by now using certain redacted versions of some previously provided Exhibits. They now invoke the Court's May 26, 2009 Protective Order which the Libby Claimants sought, but by their own actions until recently, they gave no indication that they intended to require the procedure they original asked for be followed. And, with respect to certain other Exhibits, namely Libby Exhibit 44, which was provided in digital form only and is a large volume of medical records, they suggest the following procedure:

> Libby Claimants do not intend to redact each and every medical record contained in the digital volume provided as Exh LC-44. I would propose that to the extent any of these records are relied upon at trial, prior to such specific use the Party wishing to rely upon them must print the records, redact all Patient identifying information and substitute the Patient's Identifying Number as appropriate, using the key that Libby Claimants will prepare and provide. The medical records must be printed prior to any use, and then redacted thru some marker and tag system as opposed to digitally, further justifying the need to be discrete and record

3. The Plan Proponents believe the procedure identified by the Libby Claimants is unworkable and unmanageable. In the few days left before trial, the Plan Proponents cannot possibly review all of the thousands upon thousands of pages of un-redacted documents produced in this case, compare the un-redacted materials with the newly redacted materials, match the materials and claimant names and then redact any additional materials on which the Plan Proponents intend to rely in their case in chief, cross examination or rebuttal. And, likewise, making redactions "on the fly" at the hearing makes even less sense and would be highly chaotic, potentially time consuming, potentially misleading and prejudicial to all parties.

4. The Plan Proponents were prepared, and agreed in good faith to reach agreement with the Libby Claimants upon a procedure for use of confidential medical information at trial. That agreement, however, at the time, contemplated that <u>no</u> individual's medical conditions would be at issue in light of the Court's May rulings on individual testimony. And, even today, the Plan Proponents stand ready to redact documents if the Libby Claimants will agree that only four claimants' records are at issue, which to date, they have refused to do.

5. Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Similarly, Del.Bankr.LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion specifying the exigencies justifying shortened notice."

6. Given that the Confirmation Hearing is set to commence on September 8, 2009 and Libby issues are the first to be taken up with the court, accordingly, the Debtors file this motion seeking an Order of this Court for leave of the Scheduling Order and shortening the

notice period prescribed by Del. Bankr. LR 9006-1(c) to enable the Motion to be heard at the commencement of the Confirmation Hearing on September, 8, 2009

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the Debtors leave from the Scheduling Order, (ii) shortening the notice period with respect to the Motion, and (iii) scheduling the Motion for hearing on September 8, 2009.

Dated:  September 7, 2009          Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Deanna D. Boll
Citigroup Center
601 Lexington Ave.
New York, New York  10022-4611
Telephone: (212) 446-4800

and

PACHULSKI STANG ZIEHL & JONES LLP

___/s/ James E. O'Neill _____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:   302-652-4400

Co-Counsel for the Debtors and Debtors in Possession