IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| **Debtors.** | ) | Re: Docket No. 22814 |
| | ) | |
| | ) | Hearing Date: Sept. 8, 2009 @ 11:00 AM (EST) |
| | ) | |

**MOTION IN LIMINE TO PRECLUDE THE LIBBY CLAIMANTS
FROM IDENTIFYING ADDITIONAL INDIVIDUAL CLAIMANTS
OUTSIDE THE SCOPE OF THE AUGUST 17, 2009 MODIFIED ORDER**

The Libby Claimants, for the third time, have attempted to evade the Court's rulings on individual claimant testimony. Despite the Court's decision in May obviating the need for individual claimant testimony, and in July limiting the Libby Claimants to four to five depositions, the Libby Claimants now seek to introduce testimony related to thirty-two individuals. The Court was explicit during the July 27, 2009 hearing in limiting discovery: "pick four or five of them [individual claimants], because I probably won't even hear that…." (7/27/09 Hr'g Tr. at 165.) Yet, four to five quickly turned into thirty-two when the Libby Claimants identified twenty-one individual claimant deposition designations and five additional individuals in document productions. The Debtors respectfully request that the Court preclude any testimony concerning additional individual Libby Claimants.

**FACTS**

In April 2009, the Libby Claimants attempted to notice perpetuation depositions for seventeen individual claimants. The Debtors objected to the depositions on the ground that evidence concerning individual settlement circumstances and claims is not relevant to confirmation proceedings. At the May 14, 2009 Hearing, the Court ruled that the Plan

DOCS_DE:152861.1

Proponents did not need to take the depositions of individual claimants because their testimony was not related to Plan Confirmation proceedings. Despite this, on June 15, 2009, the Libby Claimants disclosed over 100 individuals on their final witness list. Arrowood Indemnity Co. filed a motion to preclude the testimony of all the individuals. (*See* 7/17/09 Arrowood's Mot. for Relief Against the Libby Claimants Based on Their Designation of Over 100 Witnesses for the Confirmation Hr'g [Docket No. 22491].) At the hearing on the matter, on July 27, 2009, the Court agreed that evidence regarding individual claimants was not relevant to the issues to be tried at the Confirmation Hearing. But, the Court nonetheless agreed to permit the Libby Claimants to offer four to five individual witnesses for deposition, reserving ruling as to whether they would actually testify at trial. (7/27/09 Hr'g Tr. at 165.) As the Court instructed the Libby Claimants during the Omnibus Hearing, "pick four or five . . . because I probably won't even hear that…." (*Id.*)

Thereafter, the Plan Proponents negotiated an order relating to six individual claimant witnesses, agreeing to allow the Libby Claimants to identify one more witness than permitted by the Court. The Court entered an Order in this regard on August 17, 2009 (the "Modified Order"). This Modified Order constituted the final decision on individual claimant discovery, and set the scope for procedures and deadlines for evidence relating to individual claimants. Importantly, the Modified Order:

- Limited the evidence relating to individual claimants to six individuals: Ed Warner, Ervin (Butch) Hurlburt, Norita Skramstad (on her husband's settled claim), Leroy Thom (on conditions at Libby only), Dan Schnetter, and Jay Swennes. (*See* Modified Order ¶ 1 [Docket No. 22822].)[1]

---

[1] The Libby Claimants cancelled the depositions of two of the six individuals, and the Plan Proponents took the depositions of four individuals on August 26, 2009 through August 28, 2009: (1) Norita Skramstad, (2) Leroy Thom, (3) Jay Swennes, and (4) Ed Warner.

- Limited the evidence of any of the six individuals to evidence related to their *settled claims*.  (*See id.* ¶¶ 1-2.)

- Limited the evidence to exposure history, working conditions and remedial diagnosis of settled claims. (*See id.* ¶ 3.)

Before entering the Modified Order, the Court added a provision requested by the Debtors requiring the Libby Claimants to identify any other individuals for whom they would seek to introduce evidence relating to the circumstances of the individual's settled claim, despite the Court's clear rulings and the Modified Order.  As suspected, the Libby Claimants subsequently identified five such individuals, and designated previous deposition testimony for another twenty-one.  The Debtors object and request that the Court put a stop to this latest effort to skirt the Court's rulings.

**I.    THE COURT'S ORDERS PROHIBIT INTRODUCTION OF INDIVIDUAL CLAIMANT EVIDENCE WITH THE EXCEPTION OF 4-5 WITNESSES.[2]**

On several occasions, the Court has made it perfectly clear that the Plan Proponents do not need to pursue discovery, save for four to five individual claimants:

- May 14, 2009 Hearing: Regarding the eighteen perpetuation depositions of individual claimants, the Court held that "the depositions should be stricken because they are not calculated to lead to relevant or admissible evidence on the issues that will be tried before [the Court] regarding plan confirmation." (5/14/09 Hr'g Tr. at 75.)

- July 27, 2009 Omnibus Hearing: Regarding the Libby Claimants' witness list, the Court ordered them to "pick four or five [individual claimants], because I probably won't even hear that…." (7/27/09 Hr'g Tr. at 165.)

- August 17, 2009 Modified Order: The Plan Proponents and Libby Claimants agreed upon six individuals for depositions and document discovery, and no others.

In reliance on the Court's orders and the agreement reached with the Libby Claimants,

---

[2] The Court ordered that the depositions go forward but reserved ruling on whether the testimony will be permitted at trial.  (*See* 7/27/09 Hr'g Tr. at 165; Modified Order ¶ 8 [Docket No. 22822]).

the Plan Proponents have not pursued basic discovery of conduct of past individual Libby Claimants, including:

- Issuing document requests of individual Libby claimants or their counsel;
- Seeking Individual Medical Evaluations of individual Libby Claimants; or
- Pursuing discovery concerning individual claimant medical conditions and alternative exposures.

Indeed, the Debtors and Arrowood specifically brought this issue to the attention of the Court in the Spring in order to get relief from having to pursue such burdensome, wasteful and irrelevant discovery. (*See* 4/30/09 Debtors' Mot. for Protective Order and Objection to Libby Claimants' Dep. Notices [Docket No. 21495]; 5/4/09 Arrowood's Joinder to Debtors' Mot. for Protective Order and Objection to Libby Claimants' Deposition Notices [Docket No. 21521].)  It would be fundamentally unfair to change course at this time and permit the Libby Claimants to present the very evidence the Court said would not be permitted and the very evidence on which the Plan Proponents did not pursue discovery in reliance on the agreement reached with the Libby Claimants and the Court's orders.

## II.   THE LIBBY CLAIMANTS SHOULD NOT BE PERMITTED TO "BACK DOOR" THE SAME EVIDENCE THOUGH THEIR EXPERTS.

In further defiance of the Court's orders and rulings, the Libby Claimants clearly will seek to offer the testimony of Dr. Alan Whitehouse as a treating physician of at least twenty-eight other individual claimants, and perhaps others.  The Court could not have been clearer that such testimony is barred, save perhaps on the four to five individuals for whom the Court has reserved ruling.  Any other result would flout the Court's prior rulings and severely prejudice the Debtors.  As stated previously, in reliance on the Court's rulings, the Debtors did not seek discovery of all the individuals comprising Dr. Whitehouse's patient population.  *See, infra*, at 2-3 for examples of discovery not pursued in light of the Court's ruling that individual claimants'

evidence was not relevant and would not be permitted at the Confirmation Hearing. As to his expert opinions, Dr. Whitehouse must be limited to the reliance materials provided and the opinions disclosed in his reports. Nowhere in his December 2008 or March and May 2009 reports does he offer any opinion about an individual diagnosis or the process or method by which he arrived at that diagnosis. (*See* Whitehouse 12/08, 3/09, and 5/09 Expert Reports.) And the August 17, 2009 agreed discovery order between the Plan Proponents and the Libby Claimants specifically stated that "[a]ll expert opinions to be proffered at trial and all reliance materials will be limited to those exchanged prior to July 31, 2009." (8/17/09 Agreed Order Between the Plan Proponents and Libby Claimants on Pretrial Proceedings ¶ 2 [Docket No. 22821].) Dr. Whitehouse did not timely disclose any expert opinion concerning any specific individual Libby claimant, and he should not now be permitted to do so.

Likewise, Dr. Whitehouse's "treating physician" opinions must be limited--if they come in at all--to the patients for which the Libby claimants have provided relevant discovery, and for whom the Plan Proponents have pursued discovery. At the Court's direction, these patients are the four individuals named by the Libby Claimants in response to the Court's specific direction to do so, and subsequently deposed by the Plan Proponents. Had the Court intended to permit any other evidence concerning individual Libby Claimants the Court surely would have directed the Plan Proponents to go forward with the discovery and depositions of all such individuals. It did not do so--and with good reason. As the Debtors have maintained since the beginning of the Confirmation Hearing, testimony and evidence regarding individual Libby claimants simply is not relevant to any issue raised by the Libby Claimants' confirmation objections.

As such, the Libby Claimants should be limited to the presentation of individual claimant evidence, whether from experts or individuals, to the four individuals named in the Modified

Order dated August 17, 2009, and subsequently deposed by the Plan Proponents. The Debtors maintain their position that no such evidence should be permitted at trial as briefed extensively in prior motions. In particular, the Libby Claimants have provided no evidence or expert opinion connecting past settlement values to present and future claimants' values, even further demonstrating the lack of relevance of this individual claimant evidence. However, at the Court's direction, the Debtors will be prepared to respond to evidence related to those four individuals.

## CONCLUSION

For the above reasons, the Debtors respectfully request that the Court preclude any testimony or evidence related to the additional twenty-eight individual claimants and any other individual claimant other than the four individuals deposed.

DOCS_DE:152861.1

| | |
|---|---|
| Dated: September 7, 2009<br>Wilmington, Delaware | Respectfully submitted,<br><br>KIRKLAND & ELLIS LLP<br>David M. Bernick<br>Theodore L. Freedman<br>Deanna D. Boll<br>Citigroup Center<br>153 East 53rd Street<br>New York, NY  10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Barbara M. Harding<br>Brian T. Stansbury<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 879-5000<br>Facsimile:  (202) 879-5200<br><br>and<br><br>THE LAW OFFICES OF JANET S. BAER, P.C.<br>Janet S. Baer, P.C.<br>70 W. Madison Street<br>Suite 2100<br>Chicago, IL 60602<br>Telephone: (312) 641-2162<br><br>and<br><br>  /s/ Mark M. Billion (#5263)<br>PACHULSKI, STANG, ZIEHL & JONES LLP<br>James E. O'Neill (Bar No. 4042)<br>Timothy Cairns (Bar No. 4228)<br>919 North Market Street, 16th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705<br>(Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br><br>*Counsel for the Debtors and Debtors in Possession* |