08/2 JUN.27.2000  4:14PM 8654 FIREMAN'S FUND NASHVILLE SURETY        NO.782   P.6
FROM :W.R.GRACE                  407 362 1583              2007  3-23  11:13  #838 P.02/11

ORIGINAL

CAUSE NO. B-150,896-J

| | | |
|---|---|---|
| AARON C. EDWARDS, ET AL | § | IN THE DISTRICT COURT OF |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| PITTSBURGH CORNING CORPORATION, ET AL. | § | 60TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

On the 31st day of January, 2000, came to be heard the above entitled cause (captioned Cause Number B-150,896-H). Plaintiffs, Aaron C. Edwards, James T. Beam, Edward E. Storey, John M. Thomas, and Sheila Martin, individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries, appeared in person and/or by attorney of record, Glen W. Morgan and Cris Quinn, and announced ready for trial. Defendant Pittsburgh Corning Corporation by and through its attorneys of record James Powers and Jeffrey Boyd, appeared and announced ready for trial. Defendant W. R. Grace & Co., by and through its attorneys of record, Sandra Clark and Keith Foley, appeared and announced ready for trial. A jury having been previously demanded, a jury consisting of twelve qualified jurors was duly impaneled and the case proceeded to trial, and the case bifurcated at the request of the Defendants. At the conclusion of the evidence, the Court submitted the questions of fact in the case to the jury. The Charge of the Court and verdict of the jury are incorporated for all purposes by reference. The jury returned its Phase I verdict on March 3, 2000 and its Phase II verdict on March 6, 2000. A copy of the jury verdicts is attached hereto as "Exhibit 'A'" and is incorporated by reference as if fully set forth herein. Because it appears to the Court that the verdict of the jury was for the plaintiffs and against the defendant, judgment should be rendered on the verdict in favor of the plaintiffs and against the defendant.

DEFENDANT'S EXHIBIT

FFICSC Exh. 1

FFICSC000001

FROM : W.R. GRACE    JUN.27.2000   4:14PM   FIREMAN'S FUND NASHVILLE SURETY   407 362 1583    2000-05-23   NO.782   P.7    11:14   #830 P.03/11

## I.

The jury found that the negligence of Pittsburgh Corning Corporation and W. R. Grace & Co. was a proximate cause of the injuries and death of Jessie J. Williamson and was a proximate cause of injuries to Aaron C. Edwards, James T. Beam, Edward E. Storey, and John M. Thomas. Additionally, the jury found that Plaintiffs were exposed to Defendant Pittsburgh Corning Corporation and W. R. Grace & Co.'s asbestos-containing products which were unfit for the ordinary purposes for which such asbestos-containing products were used because of a defect, and that said breach of implied warranty was a proximate cause of the injuries and/or death suffered by Plaintiffs. Additionally, the jury found that there was a marketing defect in the asbestos-containing products manufactured, marketed and/or sold by Pittsburgh Corning Corporation and W. R. Grace & Co., and that such marketing defect was a proximate cause of the injuries and/or death suffered by Plaintiffs. Additionally, Defendants Pittsburgh Corning Corporation and W. R. Grace & Co. were found to have fraudulently suppressed the dangerous nature of their asbestos-containing products as it related to Plaintiffs. Additionally, Defendants Pittsburgh Corning Corporation and W. R. Grace & Co. were found to have negligently marketed a product which was inherently or imminently dangerous to human health, and that such actions were a proximate cause of the injuries and/or death of Plaintiffs. Finally, Defendants Pittsburgh Corning Corporation and W. R. Grace & Co. were found by clear and convincing evidence to have acted with fraud or wantonness as to Plaintiffs Aaron C. Edwards, James T. Beam, Edward E. Storey, and John M. Thomas.

FFICSC000002

JUN.27.2000 4:14PM FIREMAN'S FUND NASHVILLE SURETY 407 362 1683   NO.782   P.8
FROM W.R. GRACE   2000 5-23 11:14 #838 P.04/11

## II...

Damage awards were awarded to:

1. Aaron C. Edwards in the amount of $1,000,000.00 for injuries sustained in the past and $5,000,000.00 for injuries that he will in reasonable probability sustain in the future, and punitive damages in the amount of $2,000,000.00 as a result of the fraud or wantonness of Pittsburgh Corning Corporation and punitive damages in the amount of $5,000,000.00 as a result of the fraud or wantonness of W. R. Grace & Co. The Court further finds that Defendants are entitled to a credit of $1,145,000.00 against the actual damages portion of the verdict rendered in favor of Aaron C. Edwards. Therefore, the net actual damages for which Pittsburgh Corning Corporation and W. R. Grace & Co. are jointly and severally liable to Aaron C. Edwards is $4,855,000.00.

2. James T. Beam in the amount of $2,000,000.00 for injuries sustained in the past and $2,000,000.00 for injuries that he will in reasonable probability sustain in the future, and punitive damages in the amount of $2,000,000.00 as a result of the fraud or wantonness of Pittsburgh Corning Corporation and punitive damages in the amount of $5,000,000.00 as a result of the fraud or wantonness of W. R. Grace & Co. The Court further finds that Defendants are entitled to a credit of $745,000.00 against the actual damages portion of the verdict rendered in favor of James T. Beam. Therefore, the net actual damages for which Pittsburgh Corning Corporation and W. R. Grace & Co. are jointly and severally liable to James T. Beam is $3,255,000.00.

3. Edward E. Storey in the amount of $2,000,000.00 for injuries sustained in the past and $2,000,000.00 for injuries that he will in reasonable probability sustain in the future, and punitive damages in the amount of $2,000,000.00 as a result of the fraud or wantonness of Pittsburgh Corning Corporation and punitive damages in the amount of $5,000,000.00 as a result of the fraud or wantonness of W. R. Grace & Co. The Court further finds that Defendants are entitled to a

JUN.27.2000   4:15PM   FIREMAN'S FUND NASHVILLE SURETY                    NO.782   P.9
FROM :W.R.GRACE              407 362 1583                    2000 V-23   11:14   #930 P.05/11

credit of $745,000.00 against the actual damages portion of the verdict rendered in favor of Edward E. Storey. Therefore, the net actual damages for which Pittsburgh Corning Corporation and W. R. Grace & Co. are jointly and severally liable to Edward E. Storey is $3,255,000.00.

4. John M. Thomas in the amount of $2,000,000.00 for injuries sustained in the past and $2,000,000.00 for injuries that he will in reasonable probability sustain in the future, and punitive damages in the amount of $2,000,000.00 as a result of the fraud or wantonness of Pittsburgh Corning Corporation and punitive damages in the amount of $5,000,000.00 as a result of the fraud or wantonness of W. R. Grace & Co. The Court further finds that Defendants are entitled to a credit of $892,382.22 against the actual damages portion of the verdict rendered in favor of John M. Thomas. Therefore, the net actual damages for which Pittsburgh Corning Corporation and W. R. Grace & Co. are jointly and severally liable to John M. Thomas is $8,107,617.78.

5. Jessie J. Williamson in the amount of $3,000,000.00 for his actual damages prior to his death and punitive damages in the amount of $3,000,000.00 as a result of his wrongful death. The Court further finds that Defendants are entitled to a credit of $545,000.00 against the actual damages portion of the verdict rendered in favor of Jessie J. Williamson. Therefore, the net actual damages for which Pittsburgh Corning Corporation and W. R. Grace & Co. are jointly and severally liable to Sheila Martin, individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries is $2,455,000.00.

FFICSC000004

06/2 JUN.27.2000 4:15PM 8654 FIREMAN'S FUND NASHVILLE SURETY        NO.782    P.10   @009
FROM (W.R.GRACE              407 362 1593                    2000  7-23   11:15  #838 P.06/11

## III.

IT IS THEREFORE ordered by this Court that the following plaintiffs recover from Pittsburgh Corning Corporation and W. R. Grace, jointly and severally, the following sums as actual damages:

| | |
|---|---|
| Aaron C. Edwards | $4,855,000.00 |
| James T. Beam | $3,255,000.00 |
| Edward E. Storey | $3,255,000.00 |
| John M. Thomas | $3,107,617.78 |
| For Sheila Martin, individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries | $2,455,000.00 |

*16,928,000* (handwritten)

## IV.

IT IS FURTHER ordered by this Court that the following plaintiffs recover from Pittsburgh Corning Corporation the following additional sums as punitive damages:

| | |
|---|---|
| Aaron C. Edwards | $2,000,000.00 |
| James Troy Beam | $2,000,000.00 |
| Edward Earl Storey | $2,000,000.00 |
| John Matthew Thomas | $2,000,000.00 |
| For Sheila Martin, individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries | $1,500,000.00 |

FFICSC000005

JUN.27.2000   4:15PM   FIREMAN'S FUND NASHVILLE SURETY           NO.782   P.11
FROM :W.R.GRACE

IT IS FURTHER ordered by this Court that the following plaintiffs recover from W. R. Grace & Co. the following additional sums as punitive damages:

| | |
|---|---|
| Aaron C. Edwards | $5,000,000.00 |
| James Troy Beam | $5,000,000.00 |
| Edward Earl Storey | $5,000,000.00 |
| John Matthew Thomas | $5,000,000.00 |
| For Sheila Martin, individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries | $1,500,000.00 |

21,500,000

### V.

It is further ordered that the judgment here rendered shall bear post judgment interest at the rate of 12 percent per annum from the 28th day of March, 2000, until paid.

Additionally, all taxable court costs are taxed against Defendants Pittsburgh Corning Corporation and W. R. Grace & Co. It is hereby ordered that all such writs and processes as may be necessary in the enforcement and collection of this judgment shall be allowed.

Additionally, all pleadings, objections, evidence and other actions taken in Cause Number B-150,896-H shall be deemed made and preserved in the newly created Cause Number B-150,896-J at the time they were made in Cause Number B-150,896-H.

JUN.27.2000   4:15PM   FIREMAN'S FUND NASHVILLE SURETY                NO.782   P.12
FROM :W.R. GRACE

All relief not expressly granted is denied; that is to say, this Judgment dismisses and disposes of all claims made by the five severed plaintiffs herein against any party, as well as all cross-claims, third-party actions, or claims of any sort or manner which were asserted in connection with the claims of the five severed plaintiffs herein in Cause Number B-150,896-H, whether or not previously addressed by a separate motion and/or order. In other words, THIS IS A FINAL, APPEALABLE JUDGMENT.

Signed this 28th day of March, 2000.

_____
JUDGE PRESIDING

FILED
at 11:55 o'clock A.M.
APR 7 2000
JOHN S. APPLEMAN
CLERK DISTRICT COURT OF JEFFERSON CO. TEXAS
By_____ DEPUTY

FFICSC000007