

Fireman's Fund®

Claudia V. Knox
Senior Counsel

ph (415) 899-2565
fax (415) 899-2012

March 27, 2003

BY OVERNIGHT MAIL
United States Bankruptcy Court
District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware  19801

> Re:   Proof of Claim for Debtor W. R. Grace & Co., et. al.,
> Chapter 11 Bankruptcy, Case No. 01-01139(JKF)

Dear Sir or Madam:

Enclosed please find one original and one copy of the Proof of Claim to file on behalf of Fireman's Fund Insurance Company in the above-referenced bankruptcy action. I would appreciate it if you would file-stamp the copy and return it to me in the envelope provided.

Thank you for your kind cooperation in this matter. Please call me at (415) 899-2565 if you have any questions.

Sincerely,

Claudia V. Knox
Senior Counsel

Enclosures
cc:   Laura Davis Jones
Pachulski, Stang, Ziehl Young & Jones
919 N. Market Street
16th Floor
Wilmington, DE 19899-8705

Claims Processing Agent
Re: WR Grace & Co. Bankruptcy
P.O. Box 1620
Faribault, MN 55021-1620

Fireman's Fund
Insurance Companies
A member of the
Allianz Group

777 San Marin Drive
Novato, CA 94998
Phone 415.899.2000

**DEFENDANT'S
EXHIBIT**

**FFICSC Exh. 8**

FFICSC000093

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | | PROOF OF CLAIM |
|---|---|---|

| Debtor: W.R. Grace & Co., et. al. | Case Number **01-01139-JKF** | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**Fireman's Fund Insurance Company**<br><br>Name and Address Where Notices Should be Sent:<br>**Fireman's Fund Insurance Company**<br>**ATTN: Thelma Thompson, Corp Credit, SM1**<br>**777 San Marin Drive**<br>**Novato, CA 94998-1000**<br><br>Telephone No.: **415-899-2000** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐XX Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor: **11127448824** | Check here ☐ replaces<br>if this claim ☐ amends    a previously filed claim, dated _____ |
|---|---|

| 1. Basis for Claim<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>XX Other  Surety Bond | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (Fill out below)<br>Your SS#: _____<br>Unpaid compensation for services performed<br>From _____ to _____<br>(date)      (date) |
|---|---|

| 2. Date debt was incurred:  **June 30, 2000** | 3. If court judgment, date obtained: |
|---|---|

**4. Total Amount of Claim at Time Case Filed: $43,038,931.91**
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>X Check this box if your claim is secured by collateral (including right of setoff).<br>Brief description of collateral:<br>☐ Real Estate      ☐ Motor Vehicle<br>☒ Other   Letter of Credit<br><br>Value of Collateral:   **$13,000,000**<br><br><br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____ | 6. Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br>      Amount entitled to priority $_____<br>      Specify the priority of the claim:<br>☐ Wages, Salaries, or Commissions (up to $4,300), earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507(a)(3).<br>☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(4).<br>☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).<br><br>*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
|---|---|

| 7. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date<br><br>3/27/2003 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Claudia V. Knox, Fireman's Fund Insurance Company, Senior Counsel |
|---|---|

*Penalty for presenting fraudulent claim:* Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FFICSC000094

United States Bankruptcy Court
For The District of Delaware

Case No.01-01139(JKF)

**In re: W.R. Grace & Co., et. al.**
Supporting Documentation for Claim Filed by Creditor
Fireman's Fund Insurance Company

Fireman's Fund Insurance Company has written one surety bond (the "Bond") on behalf of the debtor as Principal. The Bond is an appeal bond which was posted by W.R. Grace to secure a stay of execution pending the prosecution of an appeal of an adverse judgment in the Aaron Clifton Edwards et. al v. Pittsburgh Corning Corp., et al, Case No. B-150,896J, pending in the District Court of Jefferson County, Texas, 60th Judicial District. Fireman's Fund is filing this proof of claim with respect to the contingent liability represented by the Bond, which liability shall become liquidated and uncontingent, in the event of a claim against the Bond by the obligee named therein, i.e., the plaintiffs in the action. Debtor is obligated to indemnify Fireman's Fund for any amounts paid with respect to the Bond identified below, pursuant to that General Indemnity Agreement attached as an exhibit to this claim. A copy of the Bond is attached hereto. Fireman's Fund Insurance Company holds a letter of credit posted by W.R. Grace to secure its indemnity obligations, in the amount of $13 Million, a copy of which is attached hereto.

| Obligee | Original Effective Date | Bond No. | Maximum Penal Sum |
|---|---|---|---|
| Aaron Clifton Edwards, et.al. & other plaintiffs in the underlying action | June 30, 2000 | 11127448824 | $43,038,931.91 |
| Letter of Credit: (Secured Portion) | | | $13,000,000 |

| | |
|---|---|
| **Total Liability:** | $43,038,931.91 |
| Unsecured Portion of Liability: | $30,038,931.91 |

FFICSC000095

FROM JUN.27.2000  4:13PM  FIREMAN'S FUND NASHVILLE SURETY     NO.782    P.3
                          407 362 1683        2000.06-23   11:16   #838 P.09/11

NO. B-150,896-J

| | | |
|---|---|---|
| AARON CLIFTON EDWARDS, ET AL | § | IN THE DISTRICT COURT |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| PITTSBURGH CORNING CORP.. ET AL | § | 60TH JUDICIAL DISTRICT |

## SUPERSEDEAS BOND

WHEREAS, on March 28, 2000, a Judgment was signed in this case in favor of the

Plaintiffs, Aaron C. Edwards, James T. Beam, Edward E. Storey, John M. Thomas, and Sheila

Martin, Individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as

"Representative of the Wrongful Death Beneficiaries for damages in the sum of $38,427,617.78, plus

interest calculated from March 28, 2000, at the rate of twelve percent (12%) per annum, and all

costs of suit, from which W.R. Grace & Co., defendant named in the judgment, and named in

plaintiffs' third amended pleadings as "W. R. Grace & Co., (individually and as successor in interest

of W. R. Grace & Co.-Conn., Zonolite Corporation and Dewey & Almy Chemical Company)" and

W. R. Grace & Co.-Conn. named in plaintiffs' third amended petition as "W. R. Grace & Co.-Conn.

(individually, formerly known as W. R. Grace & Co., and as successor in interest of Zonolite

Corporation and Dewey & Almy Chemical Corporation)," a Connecticut Corporation, hereinafter

referred to as "Grace", desires to appeal; and,

WHEREAS, the defendant, Grace will appeal and desires to suspend enforcement of the

Judgment pending determination of the appeal;

MW/325991

FFICSC000096

JUN.27.2000  4:13PM  FIREMAN'S FUND NASHVILLE SURETY          NO.782   P.4
FROM  W.R.GRACE                   407 362 1593              2000  6-23    11:15   #838 P.10/11

NOW, THEREFORE, WE Grace, as principal, and _____

_____, as Surety, acknowledge ourselves bound to pay to the plaintiffs the sum of

$43,038,931.91, conditioned that the surety on this bond is bound to pay all damages and costs that

may be awarded against Grace up to the amount of this bond if:

    (1) .   Grace does not perfect an appeal or the appeal is dismissed, and Grace does not

perform the trial court's Judgment signed March 28, 2000; or

    (2)   Grace does not perform an adverse judgment final on appeal.

Signed this ____ day of _____, 2000.


                                        _____
                                        Principal

SUBSCRIBED AND SWORN TO BEFORE ME this the ____ day of _____
2000.


                                        _____
                                        NOTARY PUBLIC IN AND FOR
                                        THE STATE OF TEXAS

Signed this ____ day of _____, 2000.


                                        _____
                                        Surety

MW/225991

FFICSC000097

FROM :W.R.GRACE    JUN.27.2000 4:14PM 865 FIREMAN'S FUND NASHVILLE SURETY    NO.782   P.5   004
407 362 1503    2000  5-23   11:16   FF3G P.11/11

2000.    SUBSCRIBED AND SWORN TO BEFORE ME this the ___ day of _____,

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF

I have approved and filed this Bond on this ___ day of _____, 2000.

_____
Clerk of the District Court of
Jefferson County, Texas

MW/325991

FFICSC000098

06/2JUN.27.2000⁵¹ 4:14PM⁸⁶⁵⁴FIREMAN'S FUND NASHVILLE SURETY       NO.782   P.6   回005
FROM ₌W.R.GRACE                     407 362 1563           2007  3-23   11:13  #838 P.02/11

ᴄ ᴏʀɪɢɪɴᴀʟ

CAUSE NO. B-150,896-J

AARON C. EDWARDS, ET AL          §       IN THE DISTRICT COURT OF

VS.                              §       JEFFERSON COUNTY, TEXAS

PITTSBURGH CORNING               .§      60TH JUDICIAL DISTRICT
CORPORATION, ET AL.

## FINAL JUDGMENT

On the 31st day of January, 2000. came to be heard the above entitled cause (captioned Cause Number B-150,896-H). Plaintiffs: Aaron C. Edwards, James T. Beam, Edward E. Storey, John M. Thomas, and Sheila Martin, individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries, appeared in person and/or by attorney of record, Glen W. Morgan and Cris Quinn, and announced ready for trial. Defendant Pittsburgh Corning Corporation by and through its attorneys of record James Powers and Jeffrey Boyd, appeared and announced ready for trial. Defendant W. R. Grace & Co., by and through its attorneys of record, Sandra Clark and Keith Foley, appeared and announced ready for trial. A jury having been previously demanded, a jury consisting of twelve qualified jurors was duly impaneled and the case proceeded to trial, and the case bifurcated at the request of the Defendants. At the conclusion of the evidence, the Court submitted the questions of fact in the case to the jury. The Charge of the Court and verdict of the jury are incorporated for all purposes by reference. The jury returned its Phase I verdict on March 3, 2000 and its Phase II verdict on March 6, 2000. A copy of the jury verdicts is attached hereto as "Exhibit 'A'" and is incorporated by reference as if fully set forth herein. Because it appears to the Court that the verdict of the jury was for the plaintiffs and against the defendant, judgment should be rendered on the verdict in favor of the plaintiffs and against the defendant.

FFICSC000099

## I.

The jury found that the negligence of Pittsburgh Corning Corporation and W. R. Grace & Co. was a proximate cause of the injuries and death of Jessie J. Williamson and was a proximate cause of injuries to Aaron O. Edwards, James T. Beam, Edward E. Storey, and John M. Thomas. Additionally, the jury found that Plaintiffs were exposed to Defendant Pittsburgh Corning Corporation and W. R. Grace & Co.'s asbestos-containing products which were unfit for the ordinary purposes for which such asbestos-containing products were used because of a defect, and that said breach of implied warranty was a proximate cause of the injuries and/or death suffered by Plaintiffs. Additionally, the jury found that there was a marketing defect in the asbestos-containing products manufactured, marketed and/or sold by Pittsburgh Corning Corporation and W. R. Grace & Co., and that such marketing defect was a proximate cause of the injuries and/or death suffered by Plaintiffs. Additionally, Defendants Pittsburgh Corning Corporation and W. R. Grace & Co. were found to have fraudulently suppressed the dangerous nature of their asbestos-containing products as it related to Plaintiffs. Additionally, Defendants Pittsburgh Corning Corporation and W. R. Grace & Co. were found to have negligently marketed a product which was inherently or imminently dangerous to human health, and that such actions were a proximate cause of the injuries and/or death of Plaintiffs. Finally, Defendants Pittsburgh Corning Corporation and W. R. Grace & Co. were found by clear and convincing evidence to have acted with fraud or wantonness as to Plaintiffs Aaron C. Edwards, James T. Beam, Edward E. Storey, and John M. Thomas.

FFICSC000100

JUN.27.2000   4:14PM   FIREMAN'S FUND NASHVILLE SURETY                    NO.782    P.8
FROM W.R.GRACE                   407 362 1593          2000  5-23   11114   #838 P.04/11

## II...

Damage awards were awarded to:

1.   Aaron C. Edwards in the amount of $1,000,000.00 for injuries sustained in the past and $5,000,000.00 for injuries that he will in reasonable probability sustain in the future, and punitive damages in the amount of $2,000,000.00 as a result of the fraud or wantonness of Pittsburgh Corning Corporation and punitive damages in the amount of $5,000,000.00 as a result of the fraud or wantonness of W. R. Grace & Co. The Court further finds that Defendants are entitled to a credit of $1,145,000.00 against the actual damages portion of the verdict rendered in favor of Aaron C. Edwards. Therefore, the net actual damages for which Pittsburgh Corning Corporation and W. R. Grace & Co. are jointly and severally liable to Aaron C. Edwards is $4,855,000.00.

2.   James T. Beam in the amount of $2,000,000.00 for injuries sustained in the past and $2,000,000.00 for injuries that he will in reasonable probability sustain in the future, and punitive damages in the amount of $2,000,000.00 as a result of the fraud or wantonness of Pittsburgh Corning Corporation and punitive damages in the amount of $5,000,000.00 as a result of the fraud or wantonness of W. R. Grace & Co. The Court further finds that Defendants are entitled to a credit of $745,000.00 against the actual damages portion of the verdict rendered in favor of James T. Beam. Therefore, the net actual damages for which Pittsburgh Corning Corporation and W. R. Grace & Co. are jointly and severally liable to James T. Beam is $3,255,000.00.

3.   Edward E. Storey in the amount of $2,000,000.00 for injuries sustained in the past and $2,000,000.00 for injuries that he will in reasonable probability sustain in the future, and punitive damages in the amount of $2,000,000.00 as a result of the fraud or wantonness of Pittsburgh Corning Corporation and punitive damages in the amount of $5,000,000.00 as a result of the fraud or wantonness of W. R. Grace & Co. The Court further finds that Defendants are entitled to a

FFICSC000101

credit of $745,000.00 against the actual damages portion of the verdict rendered in favor of Edward E. Storey. Therefore, the net actual damages for which Pittsburgh Corning Corporation and W. R. Grace & Co. are jointly and severally liable to Edward E. Storey is $3,255,000.00.

4. John M. Thomas in the amount of $2,000,000.00 for injuries sustained in the past and $2,000,000.00 for injuries that he will in reasonable probability sustain in the future, and punitive damages in the amount of $2,000,000.00 as a result of the fraud or wantonness of Pittsburgh Corning Corporation and punitive damages in the amount of $5,000,000.00 as a result of the fraud or wantonness of W. R. Grace & Co. The Court further finds that Defendants are entitled to a credit of $892,382.22 against the actual damages portion of the verdict rendered in favor of John M. Thomas. Therefore, the net actual damages for which Pittsburgh Corning Corporation and W. R. Grace & Co. are jointly and severally liable to John M. Thomas is $8,107,617.78.

5. Jessie J. Williamson in the amount of $3,000,000.00 for his actual damages prior to his death and punitive damages in the amount of $3,000,000.00 as a result of his wrongful death. The Court further finds that Defendants are entitled to a credit of $545,000.00 against the actual damages portion of the verdict rendered in favor of Jessie J. Williamson. Therefore, the net actual damages for which Pittsburgh Corning Corporation and W. R. Grace & Co. are jointly and severally liable to Sheila Martin, individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries is $2,455,000.00.

FFICSC000102

UB/2JUN.27.2000⁵: 4:15PM⁸⁶⁵⁴FIREMAN'S FUND NASHVILLE SURETY          NO.782   P.10   ☐ 009
FROM  (W.R. GRACE          467 362 1583          2000  7-23   11:15   #638 P.06/11

## III.

IT IS THEREFORE ordered by this Court that the following plaintiffs recover from Pittsburgh Corning Corporation and W. R. Grace, jointly and severally, the following sums as actual damages:

Aaron C. Edwards                                    $4,855,000.00

James T. Beam                                       $3,255,000.00

Edward E. Storey                                    $3,255,000.00

John M. Thomas                                      $3,107,617.78

For Sheila Martin,                                  $2,455,000.00
individually and as
Administratrix of the                                    16,928,000
Estate of Jessie J.
Williamson, Deceased,
and as Representative
of the Wrongful Death
Beneficiaries

## IV.

IT IS FURTHER ordered by this Court that the following plaintiffs recover from Pittsburgh Corning Corporation the following additional sums as punitive damages:

Aaron C. Edwards                                    $2,000,000.00

James Troy Beam                                     $2,000,000.00

Edward Earl Storey                                  $2,000,000.00

John Matthew Thomas                                 $2,000,000.00

For Sheila Martin,                                  $1,500,000.00
individually and as
Administratrix of the
Estate of Jessie J.
Williamson, Deceased,                                    9.5
and as Representative
of the Wrongful Death
Beneficiaries

FFICSC000103

IT IS FURTHER ordered by this Court that the following plaintiffs recover from W. R. Grace & Co. the following additional sums as punitive damages:

| | |
|---|---|
| Aaron C. Edwards | $5,000,000.00 |
| James Troy Beam | $5,000,000.00 |
| Edward Earl Storey | $5,000,000.00 |
| John Matthew Thomas | $5,000,000.00 |
| For Sheila Martin, Individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries | $1,500,000.00 |

*21,500,000*

## V.

It is further ordered that the judgment here rendered shall bear post judgment interest at the rate of 12 percent per annum from the 28th day of March, 2000, until paid.

Additionally, all taxable court costs are taxed against Defendants Pittsburgh Corning Corporation and W. R. Grace & Co. It is hereby ordered that all such writs and processes as may be necessary in the enforcement and collection of this judgment shall be allowed.

Additionally, all pleadings, objections, evidence and other actions taken in Cause Number B-150,896-H shall be deemed made and preserved in the newly created Cause Number B-150,896-J at the time they were made in Cause Number B-150,896-H.

FFICSC000104

All relief not expressly granted is denied; that is to say, this Judgment dismisses and disposes of all claims made by the five severed plaintiffs herein against any party, as well as all cross-claims, third-party actions, or claims of any sort or manner which were asserted in connection with the claims of the five severed plaintiffs herein in Cause Number B-150,896-H, whether or not previously addressed by a separate motion and/or order. In other words, THIS IS A FINAL, APPEALABLE JUDGMENT.

Signed this 28th day of March, 2000.

_____

JUDGE PRESIDING

FILED

at 11:55 o'clock A.M.

APR 7 2000

JOHN S. APPLEMAN
CLERK DISTRICT COURT OF HOUSTON CO. TEXAS
BY_____
DEPUTY

FFICSC000105



## Irrevocable Standby Letter of Credit No.: LC870-122413

July 13, 2000

**Beneficiary:**
Fireman's Fund Insurance Company
777 San Marin Drive
Novato, California 94998
Attn: Collateral Custodian

**Applicant:**
W.R. Grace & Co. – Conn.
7500 Grace Drive
Columbia, MD 21044

**Amount:** USD 13,000,000.00
Exactly Thirteen Million and $^{00}/_{100}$'s
Only U.S. Dollars



**Date of Expiry:** July 5, 2001
Or any future extended expiry as
provided herein.

**Place of Expiry:** At our counters for
payment.

Gentlemen:

We hereby authorize you to draw on us for the account of W.R. Grace & Co. – Conn.,
7500 Grace Drive, Columbia, MD 21044 up to an aggregate amount of
USD 13,000,000.00 (Thirteen Million and $^{00}/_{100}$'s U.S. Dollars), available by your drafts
at sight accompanied by your signed statement that funds are required to cover liability,
loss, cost, expenses or unpaid premiums incurred by the Beneficiary, or by any subsidiary
or affiliate of the Beneficiary under a bond or undertaking in the sum of
USD 43,038,931.91 executed by the Beneficiary or by any subsidiary or affiliate of the
Beneficiary, on behalf of W.R. Grace & Co. – Conn. in favor of Aaron Clifton Edwards,
et al.

It is a condition of this Letter of Credit that it shall be deemed automatically extended
without amendment for one year from the present or any future expiration date hereof,
unless thirty (30) days prior to any such date we shall notify you by registered letter
addressed to the above address that we elect not to consider this Letter of Credit renewed
for any such additional period. Upon receipt by you of such notice, you may draw
hereunder, without having incurred liability by reason of having executed your bond or
undertaking, by means of your drafts on us at sight accompanied by your signed
statement that the aforesaid bond or undertaking is still outstanding and that the proceeds
of your draft will be retained and used by you to meet any payments which you might
thereafter be required to make under your bond or undertaking and further, that in the
event of your liability under your bond or undertaking is satisfied, you will refund to us,
the amount paid, less any amounts applied by you in reimbursement of liability, loss,
cost, or expense incurred by you under your bond or undertaking and any unpaid
premiums due you on said bond or undertaking.

♦continued♦



**Irrevocable Standby Letter of Credit No.: LC870-122413**                    **Page 2**

We hereby agree with you that all drafts under and in compliance with the terms of this Letter of Credit will be duly honored on delivery of documents as specified if presented at this office on or before July 5, 2001 or any automatically extended date, as hereinbefore set forth.

Except so far as otherwise expressly stated, this Letter of Credit is issued subject to the International Standby Practices – ISP98, effective January 1, 1999, ICC Publication No. 590, and the Laws of the State of California, including the 1995 Revision of Article 5 of the Uniform Commercial Code, in force in the State of California. In the event of a conflict, ISP98 will govern to the extent permissible by law.

Very Truly Yours,
Wachovia Bank, N.A.

By: _____
       Authorized Signature

/tkp.

Please direct any correspondence including drawing or inquiry quoting our reference number to:

**Wachovia Bank, N.A.**
**401 Linden Street**
**Winston-Salem, NC 27101**
**Attn: Standby Letter of Credit Unit**

✦this document consists of two (2) pages✦



Fireman's Fund

Specialty Surety Indemnity Agreement

KNOW ALL MEN BY THESE PRESENTS that whereas the undersigned, hereinafter called Indemnitors, have requested and do hereby request FIREMAN'S FUND INSURANCE COMPANY, THE AMERICAN INSURANCE COMPANY, NATIONAL SURETY CORPORATION, ASSOCIATED INDEMNITY CORPORATION or AMERICAN AUTOMOBILE INSURANCE COMPANY, as the case may be, any one or all hereinafter referred to as Surety, to execute or procure the execution of such bonds, undertakings, or recognizances (all of which are hereinafter included within the term "Bond or Bonds") as have been and such as may hereafter be applied for directly or through an agent, attorney or other representative or required, solely or as co-adventurer with others, by any of the Indemnitors or by any person, firm, corporation or association whose name shall, for that purpose, have been furnished to the Surety by any of the Indemnitors, it being understood and agreed that this instrument shall cover all Bonds so applied for and executed, whether or not this instrument is referred to or mentioned in connection therewith; and, whereas, the undersigned understand that the Surety expressly requires the delivery of this Indemnity Agreement as part of the consideration for the execution by the Surety of such Bonds which may hereafter be furnished, or for the refraining from cancelling said Bonds;

NOW THEREFORE, in consideration of the premises and of the execution or continuance of such Bonds, the Principals and the other Indemnitors for themselves, their heirs, executors, administrators, successors and assigns, do hereby jointly and severally covenant and agree with the Surety, its successors and assigns, as follows:

1. The Indemnitors will pay, when due, all premiums for each of such Bonds in accordance with the Surety's regular manual rates in effect on the date such Bond becomes effective, as long as liability thereunder shall continue, and until the Surety is furnished with evidence satisfactory to the Surety of its discharge or release from the Bonds, or of all liability by reason thereof.

2. The Indemnitors will indemnify the Surety against any and all liability, loss, costs, damages, fees of attorneys and other expenses which the Surety may sustain or incur by reason of, or in consequence of the execution of such Bonds and any renewal, continuation or successor thereof, including but not limited to sums paid or liabilities incurred in settlement of and expenses paid or incurred in connection with claims, suits or judgments under such Bonds, expenses paid or incurred in enforcing the terms hereof, in procuring or attempting to procure release from liability, or in recovering or attempting to recover losses or expenses paid or incurred, as aforesaid. The Indemnitors will indemnify the Surety against any and all liability, loss, damages, fees of attorneys, and other expenses which the Surety may sustain or incur by reason of or in consequence of reliance upon representations made by the Indemnitors regarding defenses available to Principal and/or Surety to claims made against any such Bonds.

3. If the Surety shall set up a reserve to cover any liability, claim asserted, suit or judgment under any such Bond, the Indemnitors will, immediately upon demand and whether or not the Surety shall have made any payment therefore, deposit with the Surety a sum of money equal to such reserve and any increase thereof as collateral security on such Bond, and such sum and any other money or property which shall have been or shall hereafter be pledged as collateral security on any such Bond shall be available, in the discretion of the Surety, as collateral security on all Bonds coming within the scope of this instrument or for any other indebtedness of the Indemnitors to the Surety and any such collateral security shall be held subject to the terms of the Surety's regular form of receipt of collateral, which is by reference made a part hereof. The Surety shall have the right to use the deposit, or any part thereof, in payment or settlement of any liability, loss or expense for which the undersigned would be obligated to indemnify the Surety under the terms of this Agreement. Surety shall have no obligation to invest, or to provide a return on, the deposit.

4. The Surety may at its option, file or record this Agreement or any other document executed by any or all of the Indemnitors, individually or jointly, in connection with application, issuance or execution of any Bond or Bonds, as a security agreement or as part of a financing statement or as notice of its prior interest and assignment under the provisions of the Uniform Commercial Code or any other statute or regulation of any jurisdiction or agency, but that the filing or recording of such document shall be solely at the option of the Surety and that the failure to do so shall not release or impair any of the obligations of the Indemnitors under this Agreement. Any copy of this Agreement, certified by the Surety so to be, shall be considered for purposes of filing as a financing statement, an original copy.

5. The Surety shall have the exclusive right to decide and determine whether any claim, liability, suit or judgment made or brought against the Surety or the Indemnitors or any one of them on any such Bond shall or shall not be paid, compromised, resisted, defended, tried or appealed, and the Surety's decision thereon, if made in good faith, shall be final and binding upon the Indemnitors. An itemized statement of payment made by the Surety for any of the purposes specified herein, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the Indemnitors to reimburse the Surety for such amounts, with interest.

6. The Indemnitors hereby authorize the Surety in its sole discretion to do the following: (a) from time to time to make or consent to any change in, or issue any substitute for or renewal of, any such Bond, or in any contract referred to in any such Bond, and this instrument shall apply to such substituted or changed Bond or renewal; (b) if any such Bond be given in an action or proceeding in any court, to recognize any attorney of record in such action or proceeding for any party thereto at the date of the execution of such Bond as the authorized representative of such party until the Surety shall have been fully discharged from liability under such Bonds; (c) to take such other steps as the Surety may deem necessary or proper to obtain release from liability from any such Bond.

380775-9-82

FFICSC000108

7. The Indemnitors hereby agree that they shall at all times, keep themselves intimately familiar with the financial condition of the Principal, as well as the status of all obligations bonded by the Surety. The Indemnitors hereby waive notice of the execution of any such Bonds or of any act, fact or information coming to the notice or knowledge of the Surety concerning or affecting its rights or liabilities under any such Bond or rights or liabilities of the Indemnitors hereunder, notice of all such being hereby expressly waived.

8. If the Surety shall procure any other company or companies to execute or join with it in executing, or to reinsure, any such Bonds, this instrument shall inure to the benefit of such other company or companies, its or their successors and assigns, so as to give to it or them a direct right of action against the Indemnitors to enforce this instrument and, in that event, the word "Surety", wherever used herein, shall be deemed to include such company or companies, as their respective interests may appear.

9. The liability of the Indemnitors hereunder shall not be affected by the failure of any party to sign any such Bond, nor by any claim that other indemnity or security was to have been obtained, nor by the release of any indemnity, or indemnitor, nor the return or exchange of any collateral that may have been obtained; and if any party signing this instrument is not bound for any reason, this obligation shall still be binding upon each and every other party.

10. Separate suits may be brought on this Agreement and any cause of action shall not prejudice nor bar the bringing of other suits.

11. The Indemnitors waive any defense that this instrument was executed subsequent to the date of any such Bond. In the event any part of this Indemnity Agreement shall be void under the law of the place governing the construction hereof, then such part only shall be considered as deleted and the remainder of this Agreement shall endure in full force and effect.

12. The Surety, at its option, may decline to execute or participate in or procure the execution of any Bonds.

13. Wherever used in this instrument the plural term shall include the singular and the singular shall include the plural, as the circumstances require.

14. The Indemnitor, as the parent company of its United States subsidiaries, hereby agrees to submit itself to personal jurisdiction in whatever jurisdiction where loss results, for the recovery of any sums paid by the Surety as result of loss, costs, expense and attorney's fees incurred by any of the Indemnitor's subsidiaries.

15. Whereas, the Indemnitors have a substantial material and beneficial interest in the obtaining of said Bonds on behalf of various related companies, it is agreed that this Agreement shall apply to any Bonds executed on behalf of any subsidiary, affiliated partnership, joint venture or corporation of the Indemnitors, now existing or hereafter formed or acquired, and whether partially or wholly owned or controlled, as fully as if the names and signatures of such subsidiaries or affiliates appeared herein as Indemnitors and/or Principals.

16. The Indemnitors hereby waive and abandon, so far as their respective obligations under this Agreement are concerned, all rights to claim any of the property, including the respective homesteads, as exempt from levy, execution, sale or other legal process under the laws of any state, territory or possession.

17. The obligations of the Indemnitors hereunder shall be continuous; provided, however, that any of the Indemnitors may give the Surety not less than 30 days written notice by registered mail of his desire to terminate this Agreement but any such notice of termination shall not operate, modify, bar, discharge, limit, affect, or impair his liability hereunder on or by reason of any such Bond executed prior to the termination of such 30 days.

18. The undersigned will furnish to the Surety such information as it may request from time to time concerning the financial condition of the undersigned. The Surety may at reasonable times and places and from time to time, examine and copy the books, records and accounts of the undersigned.

The Surety may obtain information concerning the affairs and operations of the undersigned and any transaction between or among the undersigned from any banks, depositories, obligees of the Bonds, credit reporting agencies or other persons, or who are hereby expressly authorized to furnish such information to the Surety.

19. If any proceeding is brought against the Surety in which the Surety desires to join any one of the undersigned by reason of the undertakings in this Agreement, each of the undersigned agrees that he will, upon written notice of the Surety to do, voluntarily appear in such proceedings and accept service of process and other papers either personally or by an attorney of the undersigned's choice. If any of the undersigned fails upon such a notice from the Surety so to appear, such undersigned hereby designates the Secretary of the State or Territory in which proceedings are pending as his agent for the service of process in any such proceedings.

With respect to any action brought by the Surety on this Agreement in a jurisdiction in which one or more of the undersigned reside, are domiciled, are doing business or are found, each of the undersigned who are not in the jurisdiction hereby designates each of the undersigned in such jurisdiction as his agent to receive on his behalf service of process in such action.

20. This writing constitutes the entirety of the Agreement between Principal, Indemnitors, and Surety regarding the execution of Bonds and handling of claims against such Bonds. It may not be added to, changed, or modified orally. No addition, change, or modification shall be effective unless specifically agreed in writing.

21. Upon request of Surety, the Indemnitors will procure the discharge of Surety from any bond, and all liability by reason thereof.

22. In the event the Indemnitors fail to comply with such demand as stated in Item 3 of this Indemnity Agreement, Indemnitors hereby authorize and empower any attorney of any court of record of the United States or any of its territories or possessions, to appear for them or any of them in any suit by Surety and to confess judgment against them or any of them for any sum or sums of money up to the amount of any or all Bond or Bonds; with costs, interest and attorney's fees; such judgment, however, to be satisfied upon the payment of any and all such sums as may be found due by the Indemnitors to Surety under the terms of this

FFICSC000109

JUN. 30. 2000 12:21 PM than off i ORDIII liability of the Indemnitors to the Surety shall have been paid in full. Demand shall be sufficient if sent by registered or certified mail, hand delivered, or via overnight mail to the Indemnitors last known address to Surety, whether or not actually received.

IN TESTIMONY WHEREOF, the Indemnitors, intending to be legally bound hereby, have hereunder set their hands and affixed their seals this ___5TH___ day of ___JULY___, 19 2000.

W.R. GRACE & CO. - CONN.

_____Robert M. Tarola_____ (Seal)
ROBERT M. TAROLA, SENIOR VICE PRESIDENT, CHIEF FINANCIAL OFFICER & TREASURER
P.O. Address _7500 GRACE DRIVE_

_COLUMBIA MD 21044_

W.R. GRACE &CO.

_____Robert M. Tarola_____ (Seal)
P.O. Address _7500 GRACE DRIVE_

_COLUMBIA MD 21044_

_____ (Seal)
P.O. Address _____

_____

_____

_____ (Seal)
P.O. Address _____

_____

_____ (Seal)
P.O. Address _____

_____ (Seal)
P.O. Address _____

_____

_____ (Seal)
P.O. Address _____

_____ (Seal)
P.O. Address _____

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF _____

COUNTY OF _____ ss:

On this _____ day of _____, 19____, before me personally came _____
to me known and known to me to be the *individual(s)* who executed the foregoing instrument, and acknowledged that ____ he ____ executed same.

_____
NOTARY PUBLIC

## PARTNER(S) ACKNOWLEDGEMENT

STATE OF _____

COUNTY OF _____ ss:

On this _____ day of _____, 19____, before me personally came _____
to me known and stated that ____ he ____ is(are) *partner(s)* in the firm of _____
and acknowledged that ____ he ____ executed the foregoing instrument as the act of said firm.

_____
NOTARY PUBLIC

360775-9-92

Page 3 of 4

FFICSC000110

JUN. 30. 2000 12:21PM    FFI' "URETY                    NO. 4199    P. 3/5

## CORPORATE ACKNOWLEDGMENT(S)

STATE OF ___MARYLAND___

COUNTY OF ___MONTGOMERY___    ss:

On this ___5TH___ day of ___JULY___, 19 _2000_, before me personally
came ___ROBERT M. TAROLA___
to me known, who, being by me duly sworn, did depose and say that he resides in ___BALTIMORE MARYLAND___
that he is the ___SENIOR VICE PRESIDENT, CHIEF FINANCIAL OFFICER AND TREASURER___
of the both ___W.R. GRACE & CO.  and  W.R. GRACE & CO. - CONN.___
the *corporation* which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to the said
instrument is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation, and that he signed his
name to the said instrument by like order.

_U. Bridget bovika_
NOTARY PUBLIC
_Commission expires February 3, 2000_

STATE OF _____

COUNTY OF _____    ss:

On this _____ day of _____, 19 _____, before me personally
came _____
to me known, who, being by me duly sworn, did depose and say that he resides in _____
that he is the _____
of the _____
the *corporation* which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to the said
instrument is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation, and that he signed his
name to the said instrument by like order.

_____
NOTARY PUBLIC

STATE OF _____

COUNTY OF _____    ss:

On this _____ day of _____, 19 _____, before me personally
came _____
to me known, who, being by me duly sworn, did depose and say that he resides in _____
that he is the _____
of the _____
the *corporation* which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to the said
instrument is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation, and that he signed his
name to the said instrument by like order.

_____
NOTARY PUBLIC

STATE OF _____

COUNTY OF _____    ss:

On this _____ day of _____, 19 _____, before me personally
came _____
to me known, who, being by me duly sworn, did depose and say that he resides in _____
that he is the _____
of the _____
the *corporation* which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to the said
instrument is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation, and that he signed his
name to the said instrument by like order.

_____
NOTARY PUBLIC

360775-9-92                                                    Page 4 of 4

FFICSC000111

*Please file - stamp &* ~~return~~

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | | PROOF OF CLAIM |
|---|---|---|

| Debtor: W.R. Grace & Co., et. al. | Case Number<br>**01-01139-JKF** |
|---|---|

NOTE:   This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**Fireman's Fund Insurance Company**<br><br>Name and Address Where Notices Should be Sent:<br>**Fireman's Fund Insurance Company**<br>**ATTN: Thelma Thompson, Corp Credit, SM1**<br>**777 San Marin Drive**<br>**Novato, CA 94998-1000**<br><br>Telephone No.:  **415-899-2000** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>XX Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor:<br>**11127448824** | Check here ☐ replaces<br>if this claim ☐ amends     a previously filed claim, dated _____ |
|---|---|

| **1. Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>XX Other  Surety Bond | Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>Wages, salaries, and compensation (Fill out below)<br>Your SS#: _____ ___ _____<br>Unpaid compensation for services performed<br>From _____ to _____<br>         (date)              (date) |
|---|---|

| **2. Date debt was incurred:  June 30, 2000** | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed: $43,038,931.91**
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| **5. Secured Claim.**<br>X Check this box if your claim is secured by collateral (including right of setoff).<br>  Brief description of collateral:<br>  ☐ Real Estate     ☐ Motor Vehicle<br>  ☒ Other ___Letter of Credit___<br><br>  Value of Collateral: ___$13,000,000___<br><br><br>  Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____ | **6. Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>    Amount entitled to priority $_____<br>    Specify the priority of the claim:<br>☐ Wages, Salaries, or Commissions (up to $4,300), earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507(a)(3).<br>☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(4).<br>☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).<br><br>*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
|---|---|

| **7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.   DO NO SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date<br><br>3/27/2003 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>*[signature]*<br>Claudia V. Knox, Fireman's Fund Insurance Company, Senior Counsel |
|---|---|

**Penalty for presenting fraudulent claim:** Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FFICSC000112