Vol 11, Tab 30

| PREM. CK. | CODE | NAME AND LOCATION | PREVIOUS POLICY NUMBER | POLICY PREFIX AND NUMBER |
|---|---|---|---|---|
| 31-559 920 | | Marsh & McLennan | XLX 136 29 35 | XLX- 137 04 26 |

BRANCH

0

CO. 01 — COVERAGE PROVIDED IN COMPANY DESIGNATED BY NUMBER: 01 FIREMAN'S FUND; 18 THE AMERICAN; 07 NATIONAL SURETY

01317

12758

ITEM 1. INSURED'S NAME AND ADDRESS (NO., STREET, TOWN, COUNTY, STATE)

W. R. Grace & Co.
1114 Avenue of the Americas
New York, NY 10036

XLX- 137 04 26

POLICY PERIOD:

ITEM 2. 6-30-79 INCEPTION (MO. DAY YR.) — 6-30-80 EXPIRATION (MO. DAY YR.)

12:01 A.M., STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN.

AGENT PLEASE SHOW RATE OF COMMISSION — COMM.

ITEM 3. LIMIT OF LIABILITY:

$ 4,000,000 . EACH OCCURRENCE P/O $50,000,000
$ 4,000,000 . AGGREGATE

ITEM 4. UNDERLYING INSURANCE LIMIT OF LIABILITY

$ 100,000,000 . EACH OCCURRENCE
$ 100,000,000 . AGGREGATE

ITEM 5. PREMIUM BASIS

$ Flat charge

ITEM 6. ADVANCE PREMIUM: $ 6,500.
ANNUAL MINIMUM PREMIUM: $ 6,500.

IN THE EVENT OF CANCELLATION BY THE NAMED INSURED, THE COMPANY SHALL RECEIVE AND RETAIN NOT LESS THAN $ 1,200. AS THE POLICY MINIMUM PREMIUM.

ITEM 7. SCHEDULE OF UNDERLYING INSURANCE:

See Endt. #1

## FOLLOWING FORM BLANKET EXCESS LIABILITY POLICY

The Company designated above, a stock insurance company, (herein called the Company) agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

### INSURING AGREEMENTS

1. **Coverage.** To indemnify the Insured for the Insured's ultimate net loss in excess of the insurance afforded under the Blanket Excess Liability or "Umbrella" policies specified in Item 7 of the Declarations, hereafter called underlying insurance, in full force and effect at the inception of this policy, provided that the insurance for injury to or destruction of property under this policy and underlying policies shall not apply except as respects injury to or destruction of corporeal property, including loss of use thereof.

2. **Limit of Liability.** The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence, provided, however, in the event of reduction or exhaustion of the applicable aggregate limit or limits of liability under said underlying policy or policies solely by reason of losses paid thereunder on account of occurrences during this policy period, this policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy.

3. **Policy Period.** This policy applies only to occurrences which take place during the policy period.

### DEFINITIONS

"Ultimate net loss" means all sums actually paid, or which the Insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded by this policy, after proper deduction of all recoveries or salvage.

### CONDITIONS

1. **Maintenance of Primary Insurance.** The Insured warrants, and it is a condition of this policy, that at the inception of this policy, insurance afforded by the underlying policies of insurance (apply-

(Continued on Page Two)

| COUNTERSIGNATURE DATE | COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|
| 3-26-79 vs | |

PRODUCER'S COPY

DEFENDANT'S EXHIBIT

FFICSC Exh. 9(d)

WRG 000000391

FFICSC 000139

(Continued from Preceding Page)

ing as excess over various policies of primary insurance) with combined limits of liability for said underlying insurance stated in Item 4 of the declarations, or renewals or replacements thereof not affording coverages other than those at inception of this policy, shall be maintained in full effect during the period of this policy, except for reduction of aggregate limits solely as a result of payment of claims arising out of occurrences during this policy period. If such underlying insurance is not maintained in full effect by the Insured or if there is any change in the scope of coverage under any underlying insurance, the insurance afforded by this policy shall apply in the same manner as though such underlying policies had been so maintained and unchanged.

The insurance afforded by this policy is subject to the same warranties, terms (including the terms used to describe the application of the limits of liability), conditions and exclusions as are contained in the underlying insurance on the effective date of this policy, except, unless otherwise specifically provided in this policy, any such warranties, terms, conditions or exclusions relating to premium, the obligation to investigate and defend, the amount and limits of liability, and any renewal agreement.

2. Notice of Occurrence. The Insured shall immediately advise the Company of any occurrence or disaster which will probably result in liability under this policy. The Company shall not, however, be called upon to assume charge of the settlement or defense of any claims made, or suits brought, or proceedings instituted against the Insured, but shall have the right and opportunity to be associated with the Insured in the defense and trial of any such claims, suits or proceedings relative to any occurrence which, in the opinion of the Company, may create liability on the part of the Company under the terms of the policy. If the Company avails itself of such right and opportunity, the Insured and the Company shall cooperate in all respects so as to effect a final determination of the claim or claims.

3. Payment of Loss. It is a condition of this policy that the insurance afforded under this policy shall apply only after all underlying insurance has been exhausted. Upon final determination by settlement, award or verdict of the liability of the Insured, the Company shall promptly pay the Insured as the Insured shall pay, or be required to pay, the amounts of any losses falling within the terms or limits of this insurance. All losses covered under this policy shall be due and payable by the Company within 30 days after they are respectively claimed and proof of loss filed with the Company in conformity with this policy. Bankruptcy or insolvency of the Insured shall not relieve the Company of any of its obligations hereunder.

4. Payment of Expenses. Loss expenses and legal expenses, including court costs and interest, if any, which may be incurred by the Insured with the consent of the Company in the adjustment or defense of claims, suits or proceedings shall be borne by the Company and the Insured in the proportion that each party's share of loss bears to the total amount of said loss. Loss expense hereunder shall not include salaries and expense of the Insured's employees incurred in investigation, adjustment and litigation.

5. Appeal. In the event the Insured or any underlying insurer elects not to appeal a judgment in excess of the amount of the underlying insurance, the Company may elect to appeal at its expense and shall be liable for the expenses incidental thereto, but in no event shall the liability of the Company for ultimate net loss exceed the amount set forth in the policy plus the expenses incidental to such appeal.

6. Subrogation. In the event of any payment of this policy, the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

Any amount recovered as subrogation shall be apportioned in the inverse order of payment of loss to the extent of actual payment. The expenses of all such recovery proceedings shall be apportioned in the ratio of respective recoveries. If there is no recovery in proceedings conducted solely by the Company, the Company shall bear the expenses thereof.

7. Premium. The premium for this policy shall be computed upon the basis stated in the Declarations. The advance premium stated in the Declarations, unless otherwise specified is an estimated premium only. Upon termination of this policy the earned premium shall be computed and if the earned premium is more than the advance premium paid, the Named Insured shall pay the excess to the Company; if less, the Company shall return to the Named Insured the unearned portion, subject to the annual minimum premium stated in the Declarations for each twelve months of the policy period, and subject further to the policy minimum premium as stated in the Declarations.

8. Cancellation. This policy may be cancelled by either party upon 30 days' notice in writing to the other stating the date cancellation shall be effective. If cancellation is at the request of the Insured, adjustment of premium shall be at short rate, and if cancelled by the Company, adjustment shall be made pro rata. However, in the event of cancellation or termination of the underlying insurance, this policy shall cease to apply at the same time without notice to the Insured. Notice shall be given by the Company to the Insured at the address shown in the declarations. Payment or tender of unearned premium is not a condition of cancellation.

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

(BROAD FORM)

It is agreed that the policy does not apply:

I. Under any Liability Coverage, to injury, sickness, disease, death or destruction

(a) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

II. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

(a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

(b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

(c) the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

III. As used in this endorsement:

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or byproduct material;

"source material," "special nuclear material," and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating

(Continued on Next Page)

(Continued from Preceding Page)

the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the, insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

IN WITNESS WHEREOF, FIREMAN'S FUND INSURANCE COMPANY has caused this Policy to be signed by its President and Secretary but this Policy shall not be valid unless countersigned by a duly authorized Agent of the Company.

SECRETARY

PRESIDENT

FINAL PAGE

C.I. - 00367

SCHEDULE OF UNDERLYING INSURANCE #1

01818

| Layer | Participation |
|---|---|
| A) $5,000,000 XS primary | |
| London | $4,000,000 |
| Northbrook | 1,000,000 |
| B) $15,000,000 XS $5,000,000 | |
| London | $7,500,000 |
| Northbrook | 3,750,000 |
| Granite State | 3,750,000 |
| C) $30,000,000 XS $20,000,000 | |
| London | $15,000,000 |
| AIU Ins. Co. | 3,000,000 |
| Transit | 2,000,000 |
| Hartford | 2,000,000 |
| Granite State | 7,000,000 |
| Gerling Kanzern | 1,000,000 |
| D) $25,000,000 XS $50,000,000 | |
| London | $4,000,000 |
| Integrity | 2,000,000 |
| Northbrook | 7,000,000 |
| National Union | 1,000,000 |
| Transit | 5,000,000 |
| Granite State | 4,000,000 |
| AIU | 2,000,000 |
| E) $25,000,000 XS $75,000,000 | |
| City Insurance | $5,500,000 |
| Granite State | 8,500,000 |
| Reunion Adriatica | 1,000,000 |
| National Union | 6,000,000 |
| Transit | 3,000,000 |
| Hartford | 1,000,000 |

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| 3-80 XLX-137 04 26 | W. R. Grace & Co. | 6-30-79 |

FIREMAN'S FUND INSURANCE COMPANY
THE AMERICAN INSURANCE COMPANY
NATIONAL SURETY CORPORATION
ASSOCIATED INDEMNITY CORPORATION
AMERICAN AUTOMOBILE INSURANCE COMPANY

Myron Du Bain
PRESIDENT 70.k

PRODUCER

COUNTERSIGNATURE OF AUTHORIZED AGENT

180001—1-68 SETS

WRG 000000392

FFICSC 000142

01319

.2755

| Architects, Engineers or ..rveyors-Professional Liability ...clusion | #2 |
|---|---|

It is agreed that this policy shall not apply to any liability arising out of any professional services performed by or for the Insured, including, but not limited to

(A) the preparation or approval of maps, plans opinions, reports, surveys, designs or specifications and

(B) Supervisory, inspection or engineering services.

Accepted:____________________________________
Named Insured or Executive Officer

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| XLX-137 04 26 | W. R. Grace & Co. | 6-30-79 |

| FIREMAN'S FUND INSURANCE COMPANY<br>THE AMERICAN INSURANCE COMPANY<br>NATIONAL SURETY CORPORATION<br>ASSOCIATED INDEMNITY CORPORATION<br>AMERICAN AUTOMOBILE INSURANCE COMPANY<br>Myron Du Bain<br>PRESIDENT 70-X | PRODUCER<br><br>COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|

180009—4-65 SETS

WRG 000000393

FFICSC 000143

# THE EXCESS & SPECIAL RISK MARKET INC.

ME OFFICE: P. O. BOX 3395/SAN FRANCISCO, CALIFORNIA 94119

ESR 100 69 07

**CERTIFICATE OF REINSURANCE**

HBF CASUALTY

This is to certify that we have effected Reinsurance as follows:

REINSURED: Fireman's Fund Insurance Co.

REINSURED'S POLICY NO.: XLX 137 04 26 (New York)

INSURED AND ADDRESS: W.R. Grace & Co. 1114 Avenue of the Americas New York, N. Y. 10036

LOCATION OF RISK:

COVERAGE: Blanket Excess Liability Policy

REINSURANCE PERIOD: From: June 30, 1979 To: June 30, 1980

REINSURED'S POLICY LIMITS: $4,000,000. each occurrence/$4,000,000. aggregate part of $50,000,000. each occurrence/$50,000,000. aggregate excess of $100,000,000. each occurrence/$100,000,000. aggregate.

REINSURED'S RETENTION: $3,000,000. P/O $4,000,000.

REINSURANCE ACCEPTED: $1,000,000. P/O $4,000,000.

☒ PRO RATA

☐ EXCESS OF LOSS

REINSURANCE PREMIUM:

☒ NON ADJUSTABLE PREMIUM

☐ ADJUSTABLE PREMIUM

XXX PREMIUM: $1,500.00

XXX ANNUAL M.P.: $1,500.00

XXX INSTALLMENT PREMIUMS

| Date due | Amount due |
| --- | --- |
| 6-30-79 | $1,500.00 |

CONDITIONS: Cancellation as original plus ten days. All other terms and conditions as original.

INFORMATION: Various

REINSURED WITH: HBF Binding Authority Hannover Re. (100%)

XXXXXXX

9-11-79

DATE

San Francisco, California

Office

THE EXCESS AND SPECIAL RISK MARKET INC.

380064-8-74

XXXXXXXXXXXXXXXXXXXXXXXXXX

C.I. - 00370

THE EXCESS AND SPECIAL RISK MARKET INC.

## FULL REINSURANCE CLAUSE

Being a Reinsurance of and warranted same gross or net rate as specified herein and on the same terms and conditions as and to follow the settlements of the Reinsured, and that said Reinsured retains during the currency of this Certificate at least the amount stated herein on the identical subject matter and risk and identically the same proportion on each separate part thereof, but in the event of the retained line being less than the amount stated herein, Reinsurance Accepted to be proportionately reduced.

The above clause only applies if specifically referred to overleaf.

REINSURING WITH: HBE Binding Authority Hannover Re. (1002)

SPECIAL TERMS: Various

CONDITIONS: All other terms and conditions as original.
Cancellation as original plus ten days.

REINSURANCE PREMIUM: [illegible] ANNUAL PREMIUM [illegible] 6-30-76 $1,500.00

REINSURANCE ACCEPTED: $1,000,000. p/o $4,000,000.

REINSURED'S RETENTION: $3,000,000. p/o $4,000,000.

LIMITS: of $100,000,000. each occurrence/$100,000,000. aggregate, $50,000,000. each occurrence/$50,000,000. aggregate excess $4,000,000. each occurrence/$4,000,000. aggregate part of

PERIOD: June 30, 19[illegible] to June 30, 19[illegible]

COVERAGE: Blanket Excess Liability Policy

ASSURED: W.R. Grace & Co.
1114 Avenue of the Americas
New York, N.Y. 10036

REINSURED: Fireman's Fund Insurance Co. (New York)

POLICY NO: XLX 121 04 26

[illegible]

HBE CANADA

THE EXCESS & SPECIAL RISK MARKET INC.

CERTIFICATE OF REINSURANCE ESU 100 69 02

# EXCESS & SPECIAL RISK MARKET INC.

San Francisco
Los Angeles
Chicago

☐ New York
☒ Home Office
☐

Insurance & Reinsurance
Underwriting Managers
Surplus Lines Brokers

Invoice Number: 43885

PRODUCER

Fireman's Fund Ins. Co.
North Jersey P.S.O.
P.O. Box 221
Parsippany, N.J. 07054

DATE October 30, 19 79

INSURED
W. R. Grace & Co.
XLX 1370426

(TO CORRECT CEDING COMMISSION)

OFFICE 90 PRODUCER NO. F 070

| POLICY NO. | EFF. DATE | EXPIR. DATE | DESCRIPTION OF COVERAGE | GROSS PREMIUM | COMMISSION |
|---|---|---|---|---|---|
| BS 100 69 07 | 6-30-79 | 6-30-80 | Blanket Excess Liability Policy | $ 1,500.00 | 20.00 % |
| | | | ☒ NEW/RENEWAL<br>☐ ADDITIONAL PREMIUM<br>☐ RETURN PREMIUM | TAXES OR FEES | DESCRIPTION |
| | | | | | TOTAL DUE |

PLEASE RETURN ONE COPY WITH YOUR REMITTANCE TO:
THE EXCESS & SPECIAL RISK MARKET INC.
P.O. BOX 3395
SAN FRANCISCO, CALIFORNIA 94119
IMPORTANT: PLEASE SHOW POLICY NUMBER ON THE FACE OF YOUR CHECK

ALL PREMIUMS MUST BE PAID WITHIN 30 DAYS
NOTICE: NO FLAT CANCELLATIONS ARE ALLOWABLE ON THIS BUSINESS
We are required by the Underwriters of this insurance to hold you responsible for earned premiums in all cases.

PRODUCER'S COPY

C.I. - 00372

# EXCESS & SPECIAL RISK MARKET INC.

☐ San Francisco ☐ New York
☐ Los Angeles ☒ Home Office
☐ Chicago ☐

Insurance & Reinsurance
Underwriting Managers
Surplus Lines Brokers

Invoice Number: 43885

PRODUCER

Fireman's Fund Ins. Co.
North Jersey P.S.O.
P.O. Box 821
Parsippany, N.J. 07054

DATE October 30, 1979

INSURED
W. R. Grace & Co.
XLX 1370426

(TO CORRECT CEDING COMMISSION)

OFFICE 90 PRODUCER NO. F 070

| POLICY NO. | EFF. DATE | EXPIR. DATE | DESCRIPTION OF COVERAGE | GROSS PREMIUM | COMMISSION |
|---|---|---|---|---|---|
| BS 100 69 07 | 6-30-79 | 6-30-80 | Blanket Excess Liability Policy | $ 1,500.00 | 20.00 % |
| | | | ☒ NEW/RENEWAL<br>☐ ADDITIONAL PREMIUM<br>☐ RETURN PREMIUM | TAXES OR FEES | DESCRIPTION |
| | | | | | TOTAL DUE |

PLEASE RETURN ONE COPY WITH YOUR REMITTANCE TO:
THE EXCESS & SPECIAL RISK MARKET INC.
P.O. BOX 3695
SAN FRANCISCO, CALIFORNIA 94119
IMPORTANT: PLEASE SHOW POLICY NUMBER ON THE FACE OF YOUR CHECK

ALL PREMIUMS MUST BE PAID WITHIN 30 DAYS
NOTICE: NO FLAT CANCELLATIONS ARE ALLOWABLE ON THIS BUSINESS
We are required by the Underwriters of this insurance to hold you responsible for earned premiums in all cases.
REMITTANCE COPY—PLEASE RETURN WITH CHECK

C.I. - 00373

# EXCESS & SPECIAL RISK MARKET INC.

☐ San Francisco ☐ New York
☐ Los Angeles ☒ Home Office
☐ Chicago ☐

Insurance & Reinsurance
Underwriting Managers
Surplus Lines Brokers

Invoice Number: 43258

PRODUCER

Fireman's Fund Ins. Co
North Jersey P.S.O.
P. O. Box 221
Parsippany, N.J. 07054

CREDIT MEMO

DATE October 30, 19 79

INSURED
W. R. Grace & Co.
XLX 1370426

OFFICE 90 PRODUCER NO. F 070

| POLICY NO. | EFF. DATE | EXPIR. DATE | DESCRIPTION OF COVERAGE | GROSS PREMIUM | COMMISSION |
|---|---|---|---|---|---|
| BS 100 69 07 | 6-30-79 | 6-30-80 | Blanket Excess Liability Policy | $ 1,500.00 | 25.00 % |
| | | | | TAXES OR FEES | DESCRIPTION |
| | | DUE ... DAYS | ☐ NEW/RENEWAL<br>☐ ADDITIONAL PREMIUM<br>☒ RETURN PREMIUM | | TOTAL DUE |

PLEASE RETURN ONE COPY WITH YOUR REMITTANCE TO:
THE EXCESS & SPECIAL RISK MARKET INC.
P.O. BOX 3896
SAN FRANCISCO, CALIFORNIA 94119
IMPORTANT: PLEASE SHOW POLICY NUMBER ON THE FACE OF YOUR CHECK

ALL PREMIUMS MUST BE PAID WITHIN 30 DAYS
NOTICE: NO FLAT CANCELLATIONS ARE ALLOWABLE ON THIS BUSINESS
We are required by the Underwriters of this Insurance to hold you responsible for earned premiums in all cases.

PRODUCER'S COPY

C.I. - 00374

EXCESS & SPECIAL RISK MARKET INC.

☐ San Francisco ☐ New York
☐ Los Angeles ☒ Home Office
☐ Chicago ☐

Insurance & Reinsurance
Underwriting Managers
Surplus Lines Brokers

Invoice Number: 43258

CREDIT MEMO

PRODUCER

Fireman's Fund Ins. Co
North Jersey F.S.O.
P. O. Box 221
Parsippany, N.J. 07054

DATE October 30, 1979

INSURED

W. R. Grace & Co.
XLX 1370426

OFFICE 90 PRODUCER NO. F -070

| POLICY NO. | EFF. DATE | EXPIR. DATE | DESCRIPTION OF COVERAGE | GROSS PREMIUM | COMMISSION |
|---|---|---|---|---|---|
| ES 100 69 07 | 6-30-79 | 6-30-80 | Blanket Excess Liability Policy | $ 1,500.00 | 25.00 % |
| | | | ☐ NEW/RENEWAL<br>☐ ADDITIONAL PREMIUM<br>☒ RETURN PREMIUM | TAXES OR FEES | DESCRIPTION |
| | | | | | TOTAL DUE |

PLEASE RETURN ONE COPY WITH YOUR REMITTANCE TO:
THE EXCESS & SPECIAL RISK MARKET INC.
P.O. BOX 6395
SAN FRANCISCO, CALIFORNIA 94119
IMPORTANT: PLEASE SHOW POLICY NUMBER ON THE FACE OF YOUR CHECK

ALL PREMIUMS MUST BE PAID WITHIN 30 DAYS.

NOTICE: NO FLAT CANCELLATIONS ARE ALLOWABLE ON THIS BUSINESS. We are required by the Underwriters of this insurance to hold you responsible for earned premiums in all cases.

REMITTANCE COPY—PLEASE RETURN WITH CHECK

C.I. - 00375

# EXCESS & SPECIAL RISK MARKET INC.

☐ San Francisco ☐ Los Angeles ☐ Chicago ☐ New York ☒ Home Office ☐

Insurance & Reinsurance
Underwriting Managers
Surplus Lines Brokers

Invoice Number: 43972

PRODUCER

Fireman's Fund Insurance Co.
North Jersey P.S.O.
P. O. Box 221
Parsippany, N.J. 07054

DATE September 11, 1979

INSURED

W. R. Grace & Co.
[illegible]

OFFICE [illegible] PRODUCER NO. [illegible]

| POLICY NO. | EFF. DATE | EXPIR. DATE | DESCRIPTION OF COVERAGE | GROSS PREMIUM | COMMISSION |
|---|---|---|---|---|---|
| XS 100 5907 | 6-30-79 | 6-30-80 | Blanket Excess Liability Policy | $ 1,500.00 | [illegible] % 90% |
| | | | ☒ NEW/RENEWAL<br>☐ ADDITIONAL PREMIUM<br>☐ RETURN PREMIUM | TAXES OR FEES | DESCRIPTION |
| | | | | | TOTAL DUE |

PLEASE RETURN ONE COPY WITH YOUR REMITTANCE TO:
THE EXCESS & SPECIAL RISK MARKET INC.
P.O. BOX 3395
SAN FRANCISCO, CALIFORNIA 94119
IMPORTANT: PLEASE SHOW POLICY NUMBER ON THE FACE OF YOUR CHECK

ALL PREMIUMS MUST BE PAID WITHIN 30 DAYS.

NOTICE: NO FLAT CANCELLATIONS ARE ALLOWABLE ON THIS BUSINESS
We are required by the Underwriters of this insurance to hold you responsible for earned premiums in all cases.

REMITTANCE COPY—PLEASE RETURN WITH CHECK

C.I. - 00376

# ENTRY INSTRUCTIONS—E & SR—CASUALTY

## CEDED REINSURANCE

| ENTRY TRANSACTION NUMBER | ALLOCATION OF LIMITS (IN DOLLARS AND PERCENTAGE) | TOTAL POLICY LIMIT | E & SR TREATY LIMIT | E & SR SURPLUS TREATY LIMIT |
|---|---|---|---|---|
| NL: 4 / END NO. / REVISION EFF. DATE | POLICY NUMBER: XLX 1370426 | 4,000,000 | 75% | 0 |

| BRANCH | INSURED | GROSS | E & SR TREATY | E & SR SURPLUS TREATY |
|---|---|---|---|---|
| 3-80 NYK | W. R. Grace & Co. | [X] ADDITIONAL / [ ] RETURN PREMIUM DUE | CODE 82-23, 75 % OF GROSS PREMIUM TO TREATY | CODE 100, 0 % OF GROSS PREMIUM TO TREATY |
| | | PRODUCER'S COMM 7.5 | FF COMM 32.09% | FF COMM 27.5% |

| CLASS | MINOR CLASS | | |
|---|---|---|---|
| 11111 | 01 MECH RIDE 04 ANIM RIDE 07 SR HOME 00 OTHER 02 SKIRES 05 DAY NUR 08 SHOOT GAL 03 SPEC EV 06 SALON 09 SKATING | | |
| 01362 | 01 DET AGENCY 02 TREE SER 00 OTHER MSC | | |
| 0798 | 01 RAIN 02 PROD WDRAWS 03 CONTGCY 04 NON APP 05 TVE 06 TWIN 00 OTHER | XXX | XXX |
| 73110 | 01 ADVERTISERS 02 ADVERTISING AGENCY | COVER | CLMS MADE DATE |
| 48803 | 03 RADIO 04 TELEVISION | COVER | CLMS MADE DATE |
| 73520 | 05 CR BUR 06 EDP 09 MAGS 10 PAPER 12 P FIN 17 SEC 18 CATV 00 OTHERS | COVER | CLMS MADE DATE |
| 87774 | 01 CPA 02 LAWYERS 04 ARCHS, ENG 00 OTHERS | COVER | CLMS MADE DATE |
| 80888 | 01 PHY-SURG-DENT 02 HOSPITAL 03 ALL OTHER MEDICAL PROF | COVER | CLMS MADE DATE |

APPLICABLE TO 701-702: POLICY LIMITS / TREATY LIMITS

ORDINARY EXCESS

| CLASS | MINOR CLASS | | | | |
|---|---|---|---|---|---|
| 7058 | 04 TRUCKMEN 00 OTHER COMMERCIAL | | | | |
| 5000 | 01 BUSES 00 OTHER PUBLIC | | | | |
| 01362 | 00 ALL OL&T | | | | |
| 44778 | 00 ALL M&CT | 4000 | 2,000 | 150 | 2000 |
| 97777 | 00 ALL PRODUCTS | | | 2250 | |
| 87774 | 01 CPA 02 LAWYERS 04 ARCHS, ENG 00 OTHERS | COVER | CLMS MADE DATE | | |
| 80888 | 01 PHY-SURG-DENT 02 HOSPITAL 03 ALL OTHER MEDICAL PROF | COVER | CLMS MADE DATE | | |
| 01362 | 00 COMP | SELF INSURED RETENTION | | | |

EXCESS POLICY LIMITS / PRIMARY BI LIMITS / PRIMARY PD LIMITS / TREATY LIMITS

SUPERCOVER

| CLASS | MINOR CLASS |
|---|---|
| 7058 | 04 TRUCKMEN 00 OTHER COMMERCIAL |
| 5000 | 01 BUSES 00 OTHER VEHICLE |
| 01362 | 00 ALL OL&T |
| 97778 | 01 CONTRACTORS 00 ALL OTHER M&C |
| 97777 | 00 ALL PRODUCTS |
| 87774 | 01 CPA 02 LAWYERS 04 ARCHS 00 OTHERS — COVER — CLMS MADE DATE |
| 80888 | 01 PHY-SURG-DENT 02 HOSPITAL 03 ALL OTHER MEDICAL PROF — COVER — CLMS MADE DATE |

EXCESS POLICY LIMITS / PRIMARY BI LIMITS / PRIMARY PD LIMITS / HI-LO RISK IDENTITY / TREATY LIMITS

UNDERWRITER: [signature] DATE: 7/26/79

DOES OUTSIDE REINSURANCE APPLY? [ ] NO [X] YES—SEE REVERSE SIDE

C.I. - 00377

MORE ENTRY INSTRUCTIONS (CONTINUED FROM REVERSE SIDE)

# OUTSIDE REINSURANCE (FACULTATIVE CEDED REINSURANCE)

| | | LIABILITY (PERCENT OR DOLLARS) | PREMIUM TO REINSURER | | REINS. COMM. |
|---|---|---|---|---|---|
| | | | B.P. | P.D. | |
| INSURER | [illegible] | 25% (1,000,000) | [illegible] | [illegible] | 20% (INCLUDING TAX & BOARD) |
| MAILING ADDRESS | [illegible] | | | | |
| REINSURANCE CERT. NO. | [illegible] | | | | |
| PAY PREMIUM TO: REINS. COMPANY ☒ REINS. BROKER ☐ PRODUCER ☐ | | | | | |
| REINSURER | | | B.P. | P.D. | (INCLUDING TAX & BOARD) |
| MAILING ADDRESS | | | | | |
| REINSURANCE CERT. NO. | | | | | |
| PAY PREMIUM TO: REINS. COMPANY ☐ REINS. BROKER ☐ PRODUCER ☐ | | | | | |
| REINSURER | | | B.P. | P.D. | (INCLUDING TAX & BOARD) |
| MAILING ADDRESS | | | | | |
| REINSURANCE CERT. NO. | | | | | |
| PAY PREMIUM TO: REINS. COMPANY ☐ REINS. BROKER ☐ PRODUCER ☐ | | | | | |

TO: CLAIMS (FOR CLAIMS DEPARTMENT USE ONLY)

1. DISTRIBUTE THAT PART OF THE TOTAL POLICY LOSS (RESERVE OR PAYMENTS) ALLOCATED TO THE E & SR TREATY AS FOLLOWS:

| E & SR TREATY'S (NOT E & SR SURPLUS TREATY) SHARE OF LOSS AS SHOWN UNDER CEDED REINSURANCE IN THE SPACE TITLED "E & SR TREATY LIMIT" ON REVERSE SIDE | LOSS ALLOCATION | |
|---|---|---|
| | FIREMAN'S FUND'S SHARE (NET TO F.F.) | REINSURANCE SHARE |
| FIRST $1,000,000 OF LOSS TO E & SR TREATY: | 50% OF LOSS | 50% OF LOSS |
| NEXT $2,000,000 OF LOSS TO E & SR TREATY: | 25% OF LOSS | 75% OF LOSS |
| NEXT $2,000,000 OF LOSS TO E & SR TREATY: | 33% OF LOSS | 67% OF LOSS |

2. ALLOCATE REMAINING PORTION OF TOTAL LOSS (IF ANY) AS PER THE PERCENTAGE (OR DOLLARS) SHOWN UNDER CEDED REINSURANCE IN THE SPACE TITLED "E & SR SURPLUS TREATY LIMIT" ON THE REVERSE SIDE AND OUTSIDE REINSURANCE (IF SHOWN ABOVE).

TO: ENTRY DEPARTMENT — REFER TO REVERSE SIDE FOR CODING INSTRUCTIONS.

PAGE 1

| 09/05/79 | | S | 31559920 | 01370426-4 | 7 | 715 | 59 | 592 | 09/08/79 |
|---|---|---|---|---|---|---|---|---|---|

| XLX | MM | W.R. GRACE & CO | 01 | 063079 | 063080 | 063079 | 21 | 711 | 00 | 6000.00 |
|---|---|---|---|---|---|---|---|---|---|---|

3850.00

| 001 | 1 | 0530231 | 06079 | 97778 | 2300 | 5 | 933 | 0 | 000730 | 4000.00 |
|---|---|---|---|---|---|---|---|---|---|---|
| 001 | 1 | 1109 21 | | | | | 313170 | | | |
| 002 | 1 | 0540231 | 06079 | 97778 | 2300 | 5 | 933 | 0 | 000730 | 2000.00 |
| 002 | 1 | 1109 2 | | | | | 313170 | | | |

| 3 | 7 | 099002178 | 0380300100 2 | 2350.00 |
|---|---|---|---|---|
| 3 | 7 | 099002188 | 0275000100 2 | 1500.00 |

306—(P50) 5-78

ORIGINAL ENTRY ABSTRACT

C.I. - 00379

PAGE 1

| 11/10/79 | 9 | 31559920 | 01370426-4 | 7 | 715 | 20 | .275 | 11/14/79 |
|---|---|---|---|---|---|---|---|---|

| XLX | MM | W.R. GRACE & CO | 01 | 063079 | 063080 | 063079 | 21 | 711 | 00 | .00 |
|---|---|---|---|---|---|---|---|---|---|---|

1500.00

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| O[illegible] | 001 | 3 | 0530231 | 06079 | 97778 | 2300 | 5 | 933 | 0 | | 000750 | 4000.00 |
| | 001 | 3 | 1109 21 | | | | | | | 313170 | | |
| O[illegible] | 002 | 3 | 0540231 | 06079 | 97778 | 2300 | 5 | 933 | 0 | | 000750 | 2000.00 |
| | 002 | 3 | 1109 2 | | | | | | | 313170 | | |

| | | | | |
|---|---|---|---|---|
| 3 | 7 | 09900212 1 | 0200000 1002 | 1500.00 |

0306—(PSO) 5-75

DVB TERMINAL ENTRY ABSTRACT

C.I. - 00380

FIREMAN'S FUND INSURANCE COMPANIES

EXCESS & SPECIAL RISKS
INSTRUCTIONS FOR
POLICYWRITING & CODING

TO: POLICYWRITING — USE NUMBER XLX13 70426

☐ NEW ☒ RENEWAL ☐ ENDORSEMENT ☐ CANCELLATION EFFECTIVE DATE:

PRODUCTION CODE | PRODUCER NAME | LOCATION

NAMED INSURED ADDRESS

W. R. Grace & Co.

☒ USE POLICY FORM } See attached
☒ USE ENDORSEMENT FORM
☐ USE CERTIFICATE FORM
☐ RER FORM ATTACHED
☒ PLEASE PUT Pol.# XLX1370426 + XLX1370427 in same underwriting folder. Send both policies to producer together.

COPIES: ☐ PRE-CARBONIZED FORM ☒ ORIGINAL, PROCESSING CENTER, AGENT, UNDERWRITER, ~~B.O., AUDIT~~, EXTRA + 1 extra
☐ SIGN ORIGINAL ☐ ORDER CREDIT REPORT ☐ ORDER

DISTRIBUTE:
☒ SEND ORIGINAL AND AGENTS COPY TO AGENT
☐ SEND ORIGINAL, AGENTS AND B.O. COPIES TO:

MR. ________ E & SR REPRESENTATIVE

B.O. ________

☐ SEND ALL COPIES EXCEPT UNDERWRITING COPY TO:

MR. ________ E & SR REPRESENTATIVE

B.O. ________

☒ RETURN ☒ UNDERWRITING COPY TO E & SR DEPARTMENT
☐ BRANCH OFFICE COPY TO E & SR DEPARTMENT

☒ RETURN ALL ~~WORK~~ else TO: Anna Leung X223

☐ OTHER:

TO: ENTRY DEPARTMENT — SPECIAL INSTRUCTIONS ON REVERSE SIDE
380047—7.77

7/26/79

~~C.I. - 00381~~

**BLANKET EXCESS LIABILITY POLICY (FOLLOWING FORM)**

Coverage is provided in the Company designated by number, a stock insurance Company (herein called the Company)

FIREMAN'S FUND INSURANCE COMPANIES
MAIL ADDRESS SAN FRANCISCO CALIFORNIA

01 FIREMAN'S FUND INSURANCE COMPANY — SAN FRANCISCO, CALIFORNIA
18 THE AMERICAN INSURANCE COMPANY — PARSIPPANY, NEW JERSEY
07 NATIONAL SURETY CORPORATION — CHICAGO, ILLINOIS
13 ASSOCIATED INDEMNITY CORPORATION — SAN FRANCISCO, CALIFORNIA
15 AMERICAN AUTOMOBILE INSURANCE COMPANY — CREVE COEUR, MISSOURI

**DECLARATIONS**

ITEM 1. INSURED'S NAME AND ADDRESS (NO., STREET, TOWN, COUNTY, STATE)

POLICY PERIOD:

ITEM 2. ____________ INCEPTION (MO. DAY YR.) ____________ EXPIRATION (MO. DAY YR.)
12:01 A.M., STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN.

ITEM 3. LIMIT OF LIABILITY:
$ EACH OCCURRENCE
$ AGGREGATE

ITEM 4. UNDERLYING INSURANCE LIMIT OF LIABILITY
$ EACH OCCURRENCE
$ AGGREGATE

ITEM 5. PREMIUM BASIS $

ITEM 6. ADVANCE PREMIUM: $
ANNUAL MINIMUM PREMIUM: $

IN THE EVENT OF CANCELLATION BY THE NAMED INSURED, THE COMPANY SHALL RECEIVE AND RETAIN NOT LESS THAN $ AS THE POLICY MINIMUM PREMIUM.

ITEM 7. SCHEDULE OF UNDERLYING INSURANCE:

## FOLLOWING FORM BLANKET EXCESS LIABILITY POLICY

The Company designated above, a stock insurance company, (herein called the Company) agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

### INSURING AGREEMENTS

1. Coverage. To indemnify the Insured for the Insured's ultimate net loss in excess of the insurance afforded under the Blanket Excess Liability or "Umbrella" policies specified in Item 7 of the Declarations, hereafter called underlying insurance, in full force and effect at the inception of this policy, provided that the insurance for injury to or destruction of property under this policy and underlying policies shall not apply except as respects injury to or destruction of corporeal property, including loss of use thereof.

2. Limit of Liability. The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence, provided, however, in the event of reduction or exhaustion of the applicable aggregate limit or limits of liability under said underlying policy or policies solely by reason of losses paid thereunder on account of occurrences during this policy period, this policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy.

3. Policy Period. This policy applies only to occurrences which take place during the policy period.

### DEFINITIONS

"Ultimate net loss" means all sums actually paid, or which the insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded by this policy, after proper deduction of all recoveries or salvage.

### CONDITIONS

1. Maintenance of Primary Insurance. The Insured warrants, and it is a condition of this policy, that at the inception of this policy, insurance afforded by the underlying policies of insurance (apply-

(Continued on Page Two)

COUNTERSIGNATURE DATE | COUNTERSIGNATURE OF AUTHORIZED AGENT

5902—2-72

IV-D

~~C.I. - 00382~~