0

02559.14

| | |
|---|---|
| COVERAGE PROVIDED BY COMPANY DESIGNATED BY NUMBER | 01 FIREMAN'S FUND. 10 THE AMERICAN 07 NATIONAL SURETY |

ITEM 1. INSURED'S NAME AND ADDRESS (NO., STREET, TOWN, COUNTY, STATE)

W. R. Grace & Co.
1114 Ave. of the Americas
New York, N.Y 10036

POLICY PERIOD:

ITEM 2. 6/30/81 INCEPTION (MO DAY YR) — 6/30/82 EXPIRATION (MO DAY YR)
12:01 A.M., STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN.

AGENT PLEASE SHOW RATE OF COMMISSION — COMM

ITEM 3. LIMIT OF LIABILITY:
$ 7,000,000 . EACH OCCURRENCE P/O 50,000,000
$ 7,000,000 . AGGREGATE

ITEM 4. UNDERLYING INSURANCE LIMIT OF LIABILITY
$ 200,000,000 . EACH OCCURRENCE
$ 200,000,000 . AGGREGATE

ITEM 5. PREMIUM BASIS
Flat

ITEM 6. ADVANCE PREMIUM: $ 3,500
ANNUAL MINIMUM PREMIUM: $ 3,500

IN THE EVENT OF CANCELLATION BY THE NAMED INSURED, THE COMPANY SHALL RECEIVE AND RETAIN NOT LESS THAN $ AS THE POLICY MINIMUM PREMIUM.

ITEM 7. SCHEDULE OF UNDERLYING INSURANCE:

See end't #1

## FOLLOWING FORM BLANKET EXCESS LIABILITY POLICY

The Company designated above, a stock insurance company, (herein called the Company) agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

### INSURING AGREEMENTS

1. **Coverage.** To indemnify the Insured for the Insured's ultimate net loss in excess of the insurance afforded under the Blanket Excess Liability or "Umbrella" policies specified in Item 7 of the Declarations, hereafter called underlying insurance, in full force and effect at the inception of this policy, provided that the insurance for injury to or destruction of property under this policy and underlying policies shall not apply except as respects injury to or destruction of corporeal property, including loss of use thereof.

2. **Limit of Liability.** The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence provided, however, in the event of reduction or exhaustion of [illegible] applicable aggregate limit or limits of liability under said un[illegible]ng policy or policies solely by reason of losses paid thereunder on account of occurrences during this policy period, this policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy.

3. **Policy Period.** This policy applies only to occurrences which take place during the policy period.

### DEFINITIONS

"Ultimate net loss" means all sums actually paid, or which the Insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded by this policy, after proper deduction of all recoveries or salvage.

### CONDITIONS

1. **Maintenance of Primary Insurance.** The Insured warrants, and it is a condition of this policy, that at the inception of this policy, insurance afforded by the underlying policies of insurance (apply-

(Continued on Page Two)

| COUNTERSIGNATURE DATE | COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|
| 8/12/81 rt | |

XLX-148 14 92

PRODUCER'S COPY

DEFENDANT'S
EXHIBIT
FFICSC Exh. 9(j)

(Continued from Preceding Page)

ing as excess over various policies of primary insurance) with combined limits of liability for said underlying insurance stated in Item 4 of the declarations, or renewals or replacements thereof not affording coverages other than those at inception of this policy, shall be maintained in full effect during the period of this policy, except for reduction of aggregate limits solely as a result of payment of claims arising out of occurrences during this policy period. If such underlying insurance is not maintained in full effect by the Insured or if there is any change in the scope of coverage under any underlying insurance, the insurance afforded by this policy shall apply in the same manner as though such underlying policies had been so maintained and unchanged.

The insurance afforded by this policy is subject to the same warranties, terms (including the terms used to describe the application of the limits of liability), conditions and exclusions as are contained in the underlying insurance on the effective date of this policy, except, unless otherwise specifically provided in this policy, any such warranties, terms, conditions or exclusions relating to premium, the obligation to investigate and defend, the amount and limits of liability, and any renewal agreement.

2. Notice of Occurrence. The Insured shall immediately advise the Company of any occurrence or disaster which will probably result in liability under this policy. The Company shall not, however, be called upon to assume charge of the settlement or defense of any claims made, or suits brought, or proceedings instituted against the Insured, but shall have the right and opportunity to be associated with the Insured in the defense and trial of any such claims, suits or proceedings relative to any occurrence which, in the opinion of the Company, may create liability on the part of the Company under the terms of the policy. If the Company avails itself of such right and opportunity, the Insured and the Company shall cooperate in all respects so as to effect a final determination of the claim or claims.

3. Payment of Loss. It is a condition of this policy that the insurance afforded under this policy shall apply only after all underlying insurance has been exhausted. Upon final determination by settlement, award or verdict of the liability of the Insured, the Company shall promptly pay the Insured as the Insured shall pay, or be required to pay, the amounts of any losses falling within the terms or limits of this insurance. All losses covered under this policy shall be due and payable by the Company within 30 days after they are respectively claimed and proof of loss filed with the Company in conformity with this policy. Bankruptcy or insolvency of the Insured shall not relieve the Company of any of its obligations hereunder.

4. Payment of Expenses. Loss expenses and legal expenses, including court costs and interest, if any, which may be incurred by the Insured with the consent of the Company in the adjustment or defense of claims, suits or proceedings shall be borne by the Company and the Insured in the proportion that each party's share of loss bears to the total amount of said loss. Loss expense hereunder shall not include salaries and expense of the Insured's employees incurred in investigation, adjustment and litigation.

5. Appeal. In the event the Insured or any underlying insurer elects not to appeal a judgment in excess of the amount of the underlying insurance, the Company may elect to appeal at its expense and shall be liable for the expenses incidental thereto, but in no event shall the liability of the Company for ultimate net loss exceed the amount set forth in the policy plus the expenses incidental to such appeal.

6. Subrogation. In the event of any payment of this policy, the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

Any amount recovered as subrogation shall be apportioned in the inverse order of payment of loss to the extent of actual payment. The expenses of all such recovery proceedings shall be apportioned in the ratio of respective recoveries. If there is no recovery in proceedings conducted solely by the Company, the Company shall bear the expenses thereof.

7. Premium. The premium for this policy shall be computed upon the basis stated in the Declarations. The advance premium stated in the Declarations, unless otherwise specified is an estimated premium only. Upon termination of this policy the earned premium shall be computed and if the earned premium is more than the advance premium paid, the Named Insured shall pay the excess to the Company; if less, the Company shall return to the Named Insured the unearned portion, subject to the annual minimum premium stated in the Declarations for each twelve months of the policy period, and subject further, to the policy minimum premium, as stated in the Declarations.

8. Cancellation. This policy may be cancelled by either party upon 30 days' notice in writing to the other stating the date cancellation shall be effective. If cancellation is at the request of the Insured, adjustment of premium shall be at short rate, and if cancelled by the Company, adjustment shall be made pro rata. However, in the event of cancellation or termination of the underlying insurance, this policy shall cease to apply at the same time without notice to the Insured. Notice shall be given by the Company to the Insured at the address shown in the declarations. Payment or tender of unearned premium is not a condition of cancellation.

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

### (BROAD FORM)

It is agreed that the policy does not apply:

I. Under any Liability Coverage, to injury, sickness, disease, death or destruction

(a) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

II. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

(a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

(b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

(c) the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

III. As used in this endorsement:

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or byproduct material;

"source material," "special nuclear material," and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating

(Continued on Next Page)

(Continued from Preceding Page)

the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

IN WITNESS WHEREOF, FIREMAN'S FUND INSURANCE COMPANY has caused this Policy to be signed by its President and Secretary but this Policy shall not be valid unless countersigned by a duly authorized Agent of the Company.

SECRETARY

PRESIDENT

FINAL PAGE

C.I. - 00259

| INSURED | POLICY NUMBER |
|---|---|
| W. R. Grace & Co. | 3-80 XLX 148 14 92 |
| | EFFECTIVE DATE |
| | 6/30/81 |

02559.4

| Layer | Participation |
|---|---|
| A) $5,000,000 XS Primary | |
| London | $4,000,000 |
| Northbrook | 1,000,000 |
| B) $15,000,000 XS $5,000,000 | |
| London | 7,500,000 |
| Northbrook | 3,750,000 |
| Granite State | 3,750,000 |
| C) $30,000,000 XS $20,000,000 | |
| London | 15,000,000 |
| AIU Ins. Co. | 3,000,000 |
| Transit | 2,000,000 |
| Hartford | 2,000,000 |
| Granite State | 7,000,000 |
| Gerling Kanzern | 1,000,000 |
| $25,000,000 XS $50,000,000 | |
| London | 4,000,000 |
| ntegrity | 2,000,000 |
| Northbrook | 7,000,000 |
| National Union | 1,000,000 |
| Transit | 5,000,000 |
| Granite State | 4,000,000 |
| AIU | 2,000,000 |

ONE OF THE FIREMAN'S FUND INSURANCE COMPANIES AS NAMED IN THE POLICY

[signature] PRESIDENT 10-A

COUNTERSIGNATURE OF AUTHORIZED AGENT

..J001—1-65

WRG 000000358

FFICSC 000219

3328971011

| INSURED | POLICY NUMBER |
| --- | --- |
| [illegible] | [illegible] |
| PRODUCER | EFFECTIVE DATE |
| | [illegible] |

| [illegible] | [illegible] |
| --- | --- |
| [illegible] | |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |

ONE OF THE FIREMAN'S FUND INSURANCE COMPANIES AS NAMED IN THE POLICY

[signature] PRESIDENT 10-X

COUNTERSIGNATURE OF AUTHORIZED AGENT

180001—1-65

C.I. - 00261

| INSURED | POLICY NUMBER |
|---|---|
| W.R. Grace & Co. | 3-80 XLX 148 1492 |
| PRODUCER | EFFECTIVE DATE |
| | 6/30/81 |

02559.2

| Layer | | Participation |
|---|---|---|
| A) | $5,000,000 XS Primary | |
| | London | $4,000,000 |
| | Northbrook | 1,000,000 |
| B) | $20,000,000 XS $5,000,000 | |
| | London | $11,250,000 |
| | Northbrook | 3,750,000 |
| | Granite State | 4,000,000 |
| | Transit Casualty | 1,000,000 |
| C) | $25,000,000 XS $25,000,000 | |
| | London | $12,000,000 |
| | AIU Ins. Co. | 2,000,000 |
| | Transit | 2,000,000 |
| | Hartford | 1,500,000 |
| | Granite State | 6,000,000 |
| | Gerling Konzern | 1,000,000 |
| | Bermuda Fire & Marine | 500,000 |
| D) | $25,000,000 XS $50,000,000 | |
| | London | $4,000,000 |
| | Integrity | 2,000,000 |
| | Northbrook | 7,000,000 |
| | National Union | 1,000,000 |
| | Transit | 5,000,000 |
| | Granite State | 4,000,000 |
| | AIU | 2,000,000 |
| E) | $25,000,000 XS $75,000,000 | |
| | Gibraltar Ins. Co. - 6/30/81-11/1/81 | |
| | London 11/1/81-6/30/82 | $2,500,000 |
| | Granite State | 8,500,000 |
| | Ideal Mutual | 3,000,000 |
| | National Union | 6,000,000 |
| | Transit | 3,000,000 |
| | Hartford | 1,000,000 |
| | American Centennial | 1,000,000 |

ONE OF THE FIREMAN'S FUND INSURANCE COMPANIES AS NAMED IN THE POLICY

[signature]
PRESIDENT 10-X

COUNTERSIGNATURE OF AUTHORIZED AGENT

X01—1-65

WRG 000000356

FFICSC 000221

#1 cont. Revised

| INSURED | POLICY NUMBER |
|---|---|
| W.R. Grace | 3-80 XLX 148 1492 |
| PRODUCER | EFFECTIVE DATE |
| | 6/30/81 |

02559.3

| Layer | Participation |
|---|---|
| F) $50,000,000 XS $100,000,000 | |
| National Union | $10,000,000 |
| Hartford | 2,000,000 |
| Federal | 5,000,000 |
| American Centennial | 4,000,000 |
| Allianz | 1,000,000 |
| Transit Casualty | 1,000,000 |
| Zurich | 3,500,000 |
| Associated International | 5,000,000 |
| Bermuda Fire & Marine | 3,000,000 |
| Fireman's Fund | 4,000,000 |
| Centennial Insurance Co. | 4,000,000 |
| Midland | 3,000,000 |
| Birmingham Fire | 2,000,000 |
| London | 2,500,000 |
| G) $50,000,000 XS $150,000,000 | |
| Bermuda Fire & Marine | $1,000,000 |
| Continental Casualty | 10,000,000 |
| National Union Fire Ins. Co. | 9,000,000 |
| Federal Ins. Co. | 5,000,000 |
| Fireman's Fund | 4,000,000 |
| Protective National Ins. | 5,000,000 |
| City Ins. Co. | 5,000,000 |
| Buffalo Re | 10,000,000 |
| Zurich Ins. | 1,000,000 |

ONE OF THE FIREMAN'S FUND INSURANCE COMPANIES AS NAMED IN THE POLICY

PRESIDENT 10-X

COUNTERSIGNATURE OF AUTHORIZED AGENT

30001—1-65

**Architects, Engineers or Surveyors Professional Liability Exclusion** [illegible]

It is agreed that this policy shall not apply to any liability arising out of any professional services performed by or for the Insured, including, but not limited to

(A) the preparation or approval of maps, plans, opinions, reports, surveys designs or specifications and

(B) supervisory, inspection or engineering services.

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| [illegible] | W. R. Grace & Co. | [illegible] |

ONE OF THE
FIREMAN'S FUND INSURANCE COMPANIES
AS NAMED IN THE POLICY

PRESIDENT 10-X

PRODUCER

COUNTERSIGNATURE OF AUTHORIZED AGENT

180009—6-65 SETS

It is agreed that this policy shall not apply to any liability arising out of any professional services performed by or for the Insured, including, but not limited to

(A) the preparation or approval of maps, plans, opinions, reports, surveys designs or specifications and

(B) supervisory, inspection or engineering services.

02559.5

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| 3-80<br>XLX 148 14 92 | W. R. Grace & Co. | 6/30/81 |

| ONE OF THE FIREMAN'S FUND INSURANCE COMPANIES AS NAMED IN THE POLICY | PRODUCER |
|---|---|
| [signature] PRESIDENT 10 X | COUNTERSIGNATURE OF AUTHORIZED AGENT |

709—6-65 SETS

WRG 000000359

3328971014

Cancellation Amendment Endorsement [illegible]

It is hereby understood and agreed that the [illegible] sentence of Condition [illegible], Cancellation, is voided and replaced by the following:

"This policy may be cancelled by either party upon forty five (45) days' thirty (30) days notice with respect to cancellation for non-payment of premium, in writing to the other stating the date cancellation shall be effective."

All other terms and conditions of this policy remain unchanged

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| [illegible] | W. R. Grace & Co. | [illegible] |

ONE OF THE
FIREMAN'S FUND INSURANCE COMPANIES
AS NAMED IN THE POLICY

Myron Du Bain
PRESIDENT 10-X

PRODUCER

COUNTERSIGNATURE OF AUTHORIZED AGENT

180009—6-65 SETS

C.I. - 00263

Cancellation Amendment Endorsement (Excess Umbrella) XIII, 60

is hereby understood and agreed that the first (1st) sentence of Condition 8, CELLATION, is voided and replaced by the following:

policy may be cancelled by either party upon forty five (45) days' rty (30) days notice with respect to cancellation for non-payment of ium, in writing to the other stating the date cancellation shall be effective."

02559.6

All other terms and conditions of this policy remain unchanged

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| 3-80<br>XLX 148 14 92 | W. R. Grace & Co. | 6/30/81 |

| ONE OF THE FIREMAN'S FUND INSURANCE COMPANIES AS NAMED IN THE POLICY | PRODUCER |
|---|---|
| Myron Du Bain<br>PRESIDENT | COUNTERSIGNATURE OF AUTHORIZED AGENT |

09—6-65 SETS

MORE ENTRY INSTRUCTIONS (CONTINUED FROM REVERSE SIDE)

# FACULTATIVE CEDED REINSURANCE

| | | LIABILITY (PERCENT OR DOLLARS) | PREMIUM TO REINSURER. B.I. | PREMIUM TO REINSURER. P.D. | REINS. COMM. |
|---|---|---|---|---|---|
| INSURER | H.B.G. HANOVER RE GERMANY 99-002-335 | * | | | |
| MAILING ADDRESS. | C/O FSRM INC. ☐ SAN FRANCISCO ☒ NEW YORK 110 William St. ☐ CHICAGO | 2,000,000 | 650 1000 | 350 | 20% |
| REINSURANCE CERT. NO. | | | | | |
| PAY PREMIUM TO REINS. COMPANY | | | | | (INCLUDING TAX & BOARD) |
| REINSURER | | | | | |
| MAILING ADDRESS | | | | | |
| REINSURANCE CERT. NO. | | | | | |
| PAY PREMIUM TO: REINS. COMPANY ☐ REINS. BROKER ☐ PRODUCER ☐ | | | | | (INCLUDING TAX & BOARD) |
| REINSURER | | | | | |
| MAILING ADDRESS | | | | | |
| REINSURANCE CERT. NO. | | | | | |
| PAY PREMIUM TO: REINS. COMPANY ☐ REINS. BROKER PRODUCER | | | | | (INCLUDING TAX & BOARD) |

TO: CLAIMS (FOR CLAIMS DEPARTMENT USE ONLY)

1. IF LIABILITY CEDED BLOCK ABOVE (NOTE*) INDICATES "FIRST LOSS—100% OF..." THE FACULTATIVE REINSURER HAS ASSUMED 100% OF LIMIT AND COVERAGES INDICATED. IF APPLICABLE, ALLOCATE THIS PORTION OF TOTAL POLICY LOSS FIRST, THEN PROCEED AS INDICATED BELOW.

2. DISTRIBUTE THAT PART OF THE TOTAL POLICY LOSS (RESERVE OR PAYMENTS) ALLOCATED TO THE E & SR TREATY AS FOLLOWS:

| E & SR TREATY'S (NOT E & SR SURPLUS TREATY) SHARE OF LOSS AS SHOWN UNDER CEDED REINSURANCE IN THE SPACE TITLED, " E & SR TREATY LIMIT" ON REVERSE SIDE. | LOSS ALLOCATION: FIREMAN'S FUND'S SHARE (NET TO F.F.) | LOSS ALLOCATION: REINSURANCE SHARE |
|---|---|---|
| FIRST $1,000,000 OF LOSS TO E & SR TREATY: | 50% OF LOSS | 50% OF LOSS |
| NEXT $2,000,000 OF LOSS TO E & SR TREATY: | 25% OF LOSS | 75% OF LOSS |
| NEXT $2,000,000 OF LOSS TO E & SR TREATY: | 25% OF LOSS | 75% OF LOSS |
| NEXT $5,000,000 OF LOSS TO E & SR TREATY: | 10% OF LOSS | 90% OF LOSS |

3. ALLOCATE REMAINING PORTION OF TOTAL LOSS (IF ANY) AS PER THE PERCENTAGE (OR DOLLARS) SHOWN UNDER CEDED REINSURANCE IN THE SPACE TITLED "E & SR SURPLUS TREATY LIMIT" ON THE REVERSE SIDE AND FACULTATIVE REINSURANCE (IF SHOWN ABOVE)

ENTRY DEPARTMENT—REFER TO REVERSE SIDE FOR CODING INSTRUCTIONS.

380090—2-81

C.I. - 00269

ENTRY INSTRUCTIONS—E & SR—CASUALTY

CEDED REINSURANCE

| ENTRY TRANSACTION NUMBER #1 | ALLOCATION OF LIMITS (IN DOLLARS AND PERCENTAGE) | TOTAL POLICY LIMIT | E & SR TREATY LIMIT | E & SR SURPLUS TREATY LIMIT |
|---|---|---|---|---|
| ORIGINAL: X / END NO.: / REVISION EFF. DATE: | POLICY NUMBER: XLX 148 14 92 | 7,000,000 | 2,000,000 | 3,000,000 |

BRANCH: 3-80 N.Y.N.

INSURED: W.R. Grace

GROSS: [X] ADDITIONAL [ ] RETURN PREMIUM DUE

PRODUCER'S COMM 7.5 %

PREMIUM ALLOCATION

| E & SR TREATY 99-002-513 | E & SR SURPLUS TREATY 99-002-624 |
|---|---|
| CODE 52.06 % OF 29 % OF GROSS PREMIUM TO TREATY | CODE 100 % OF 42 % OF GROSS PREMIUM TO TREATY |
| FF COMM 33.62% | FF COMM 27.5% |

U/P # | CLASS | MINOR CLASS

| | Class | Description | BI | PD | BI | PD | BI | PD |
|---|---|---|---|---|---|---|---|---|
| 701 MISC | 1111 | 01 MECHANICAL RIDE 00 OTHER — CLASS 01352 00 OTHER MSC | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 |
| | 0798 | 01 RAIN 02 PROD WDRAWS 03 CONTGCY 04 NON APP 05 TV 06 TWIN 00 OTHER | XXX | 22-35 | XXX | 22-35 | XXX | 22-35 |
| 702 E&O | 45303 | 03 RADIO 04 TELEVISION — CLASS 73110 01 ADVERTISERS 02 ADV AGENCY — COVER 1 2 3 — CLMS MADE DATE | BI 53-06 | XXX | BI 53-06 | XXX | BI 53-06 | XXX |
| | 73920 | 05 CR/BUR 06 EDP 09 MAG/D 10 PAPER 12 P. FIN 17 SEC 15 CATV 00 OTHERS — COVER 1 2 3 — CLMS MADE DATE | BI 53-08 | XXX | BI 53-08 | XXX | BI 53-08 | XXX |
| | 97774 | 01 CPA 02 LAWYERS 04 ARCHS, ENG 00 OTHERS — COVER 1 2 3 — CLMS MADE DATE | BI 53-08 | XXX | BI 53-08 | XXX | BI 53-08 | XXX |
| | 80988 | 01 PHY-SURG-DENT 02 HOSPITAL 03 ALL OTHER MEDICAL PROF — COVER 1 2 3 4 5 6 7 — CLMS MADE DATE | BI 53-76 | XXX | BI 53-76 | XXX | BI 53-76 | XXX |

APPLICABLE TO 701-702: POLICY LIMITS 1 2 3 4 5 6 — E & SR TREATY LIMITS 1 2 3 4 5

| | Class | Description | BI | PD | BI | PD | BI | PD |
|---|---|---|---|---|---|---|---|---|
| ORDINARY EXCESS | 7030 | 04 TRUCKMEN 00 OTHER COMMERCIAL | BI 53-94 | PD 54-94 | BI 53-94 | PD 54-94 | BI 53-94 | PD 54-94 |
| | 5000 | 01 BUSES 00 OTHER PUBLIC | BI 53-94 | PD 54-94 | BI 53-94 | PD 54-94 | BI 53-94 | PD 54-94 |
| | 01352 | 00 ALL OL & T | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 |
| | 97778 | 00 ALL M & C | BI 53-02 2275 | PD 54-02 1225 | BI 53-02 343 | PD 54-02 185 | BI 53-02 956 | PD 54-02 515 |
| | 97777 | 00 ALL PRODUCTS | BI 53-04 | PD 54-04 | BI 53-04 528 | PD 54-04 | BI 53-04 1471 | PD 54-04 |
| | 97774 | 01 CPA 02 LAWYERS 04 ARCHS, ENG 00 OTHERS — COVER 1 2 3 — CLMS MADE DATE | BI 53-08 | XXX | BI 53-08 | XXX | BI 53-08 | XXX |
| | 80988 | 01 PHY-SURG-DENT 02 HOSPITAL 03 ALL OTHER MEDICAL PROF — COVER 1 2 3 4 5 6 7 — CLMS MADE DATE | BI 53-76 | XXX | BI 53-76 | XXX | BI 53-76 | XXX |
| | 0288 | WORKERS COMPENSATION — UNDERLYING SUM CODE 1 2 3 4 5 6 7 8 9 | 51-10 | XXX | 51-10 | XXX | 51-10 | XXX |

EXCESS POLICY LIMITS 1 2 3 4 5 (6) 7 — PRIMARY BI LIMITS 1 2 3 4 5 6 7 8 (9) — PRIMARY PD LIMITS 0 1 2 3 4 5 6 7 8 (9) — E & SR TREATY LIMITS 1 2 3 4 (5)

| | Class | Description | BI | PD | BI | PD | BI | PD |
|---|---|---|---|---|---|---|---|---|
| 712 SUPERCOVER | 7030 | 04 TRUCKMEN 00 OTHER COMMERCIAL | BI 53-94 | PD 54-94 | BI 53-94 | PD 54-94 | BI 53-94 | PD 54-94 |
| | 5000 | 01 BUSES 00 OTHER PUBLIC | BI 53-93 | PD 54-94 | BI 53-94 | PD 54-94 | BI 53-94 | PD 54-94 |
| | 01352 | 00 ALL OL & T 09 CONDOS | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 |
| | 97778 | 01 CONTRACTORS 00 ALL OTHER M&C | BI 53-02 | PD 54-02 | BI 53-02 | PD 54-02 | BI 53-02 | PD 54-02 |
| | 97777 | 00 ALL PRODUCTS | BI 53-04 | PD 54-04 | BI 53-04 | PD 54-04 | BI 53-04 | PD 54-04 |
| | 97774 | 01 CPA 02 LAWYERS 04 ARCHS, 05 CONDOS D & O 00 OTHERS — COVER 1 2 3 — CLMS MADE DATE | BI 53-08 | XXX | BI 53-08 | XXX | BI 53-08 | XXX |
| | 80988 | 01 PHY-SURG-DENT. 02 HOSPITAL 03 ALL OTHER MEDICAL PROF. — COVER 1 2 3 4 5 6 7 — CLMS MADE DATE | BI 53-76 | XXX | BI 53-76 | XXX | BI 53-76 | XXX |

EXCESS POLICY LIMITS 1 2 3 4 5 6 7 — PRIMARY BI LIMITS 2 3 4 5 6 7 8 9 — PRIMARY PD LIMITS 0 1 2 3 4 5 6 7 8 9 — HI-LO RISK IDENTITY 1-HI 2-LO — E & SR TREATY LIMITS 1 2 3 4 5

UNDERWRITER: [signature] DATE: 8/7/81

DOES OUTSIDE REINSURANCE APPLY? [ ] NO [X] YES—SEE REVERSE SIDE

C.I. - 00270

BRANCH______ INSURED______ POLICY #______ ENDT #______ REINS. CERT. #______

## ENTRY INSTRUCTIONS—CODE ALL ENTRIES TO MANAGEMENT RESPONSIBILITY 92

NOTE—IF COLUMN (2) IS NOT COMPLETED BY UNDERWRITERS, ENTRY DEPT. IS TO CALCULATE AND CODE THE AMOUNT TO BE CEDED TO TREATY AT THE PERCENTAGE SHOWN UNDER TREATY # IN COL. (2) UNLESS BLOCKED XXX

| U/P # | CLASS | MINOR CLASS | | | (1) ☐ A.P. ☐ R.P. TO PRODUCER COMMISSION____% | | (2) TO E & SR TREATY 89-002-988 52.23% OF COLUMN (1) UNLESS XXX OR PREMIUM ALLOCATED BELOW COMM. TO FFA 22.03% | | (3) TO FACULTATIVE REINS. PROD. #______ 100% OF PREM. BELOW COMM TO FFA____% | |
|---|---|---|---|---|---|---|---|---|---|---|
| 701 MISC. | 11111 | 01 MECH RIDE 02 SKI RES 03 SPEC EV 04 ANIM RIDE 05 DAY NUR 06 SALON 07 SR HOME 08 SHOOT GAL 09 SKATING 00 OTHER | | | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 |
| | 01362 | 01 DET AGENCY 02 TREE SER 00 OTHER M&C | | | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 |
| | 0798 | 01 RAIN 02 PROD WDRAW 03 CONTGCY 04 NON APP 05 TVB 06 07 08 TWIN 00 OTHER | | | XXX | 22-30 | XXX | 22-30 | XXX | 22-30 |
| 702 O & M | 73110 | 01 ADVERTISERS 02 ADVERTISING AGENCY | COVER 1 2 3 | CLMS MADE DATE | BI 53-57 | XXX | BI 53-57 | XXX | BI 53-57 | XXX |
| | 48303 | 03 RADIO 04 TELEVISION | COVER 1 2 3 | CLMS MADE DATE | BI 53-57 | XXX | BI 53-57 | XXX | BI 53-57 | XXX |
| | 73920 | 05 CR BUR 06 EDP 09 NAG-O 10 PAPER 12 P. FIN 17 SEC 18 CATV 00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 53-57 | XXX | BI 53-57 | XXX | BI 53-57 | XXX |
| | MANUAL CLASS: | MEDICAL PROF. — PHY., SUR., DENT. | COVER 1 2 3 4 5 6 | CLMS MADE DATE | BI 53-58 | XXX | XXX | XXX | BI 53-58 | XXX |
| | MANUAL CLASS: | MEDICAL PROF. — OTHER | COVER 1 2 3 4 5 6 | CLMS MADE DATE | BI 53-75 | XXX | XXX | XXX | BI 53-75 | XXX |
| APPLICABLE TO 701-702 | | POLICY LIMITS 1 2 3 4 5 6 | | TREATY LIMITS 1 2 3 4 | | | XXX | XXX | XXX | XXX |
| 711 ORDINARY | 7030 | 04 TRUCKMEN 00 OTHER COMMERCIAL | | | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 |
| | 5000 | 01 BUSES 00 OTHER PUBLIC | | | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 |
| | 01362 | 00 ALL OL & T | | | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 |
| | 97778 | 00 ALL M & C | | | BI 53-52 | PD 54-52 | BI 53-52 | PD 54-52 | BI 53-52 | PD 54-52 |
| | 97777 | 00 ALL PRODUCTS | | | BI 53-55 | PD 54-55 | BI 53-55 | PD 54-55 | BI 53-55 | PD 54-55 |
| | 97774 | 01 CPA 02 LAWYERS 04 ARCHS. ENG 00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 53-57 | XXX | BI 53-57 | XXX | BI 53-57 | XXX |
| | 80888 | PHYSICIANS-SURGEONS & DENTISTS | COVER 1 2 3 4 5 6 | CLMS MADE DATE | BI 53-58 | XXX | BI 53-58 | XXX | BI 53-58 | XXX |
| | ___888 | OTHER MEDICAL PROFESSIONAL | COVER 1 2 3 4 5 6 | CLMS MADE DATE | BI 53-75 | XXX | BI 53-75 | XXX | BI 53-75 | XXX |
| | 0300 | W. COMP. | SELF INSURED RETENTION 1 2 3 4 | | 51-10 | XXX | 51-10 | XXX | 51-10 | XXX |
| | | EXCESS POLICY LIMITS 1 2 3 4 5 6 7 | PRIMARY BI LIMITS 2 3 4 5 6 7 8 9 | | PRIMARY PD LIMITS 0 1 2 3 4 5 6 7 8 9 | | | | | TREATY LIMITS 1 2 3 4 |
| 712 SUPERCOVER | 7030 | 04 TRUCKMEN 00 OTHER COMMERCIAL | | | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 |
| | 5000 | 01 BUSES 00 OTHER PUBLIC | | | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 |
| | 01362 | 00 ALL OL & T. | | | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 |
| | 97778 | 01 CONTRACTORS 00 ALL OTHER M&C | | | BI 53-52 | PD 54-52 | BI 53-52 | PD 54-52 | BI 53-52 | PD 54-52 |
| | 97777 | 00 ALL PRODUCTS | | | BI 53-55 | PD 54-55 | BI 53-55 | PD 54-55 | BI 53-55 | PD 54-55 |
| | 97774 | 01 CPA 02 LAWYERS 04 ARCHS. 00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 53-57 | XXX | BI 53-57 | XXX | BI 53-57 | XXX |
| | 80888 | PHYSICIANS-SURGEONS & DENTISTS | COVER 1 2 3 4 5 6 | CLMS MADE DATE | BI 53-58 | XXX | BI 53-58 | XXX | BI 53-58 | XXX |
| | ___888 | OTHER MEDICAL PROFESSIONAL | COVER 1 2 3 4 5 6 | CLMS MADE DATE | BI 53-75 | XXX | BI 53-75 | XXX | BI 53-75 | XXX |
| | | EXCESS POLICY LIMITS 2 3 4 5 6 7 | PRIMARY BI LIMITS 2 3 4 5 6 7 8 9 | | PRIMARY PD LIMITS 0 1 2 3 4 5 6 7 8 9 | | HI-LO RISK IDENTITY 1-HI 2-LO | | TREATY LIMITS 1 2 3 4 | |

MITS CEDED TO FACULTATIVE CO.______

7-77

FIREMAN'S FUND INSURANCE COMPANIES

EXCESS & SPECIAL RISKS
INSTRUCTIONS FOR
POLICYWRITING & CODING

XLX 148-14-90
XLX 148-14-91
USE NUMBER XLX 148-14-92

TO: POLICYWRITING

☐ NEW ☐ RENEWAL ☐ ENDORSEMENT ☐ CANCELLATION EFFECTIVE DATE:

PRODUCTION CODE | PRODUCER NAME M & M | LOCATION

NAMED INSURED ADDRESS

W. R. Grace & Co.

☑ USE POLICY FORM See Attached $
☐ USE ENDORSEMENT FORM $
☐ USE CERTIFICATE FORM $
☐ PER FORM ATTACHED
☐

COPIES: ☑ PRE-CARBONIZED FORM ☑ ORIGINAL, PROCESSING CENTER, AGENT, UNDERWRITER, B.O., AUDIT, EXTRA
☑ SIGN ORIGINAL ☐ ORDER CREDIT REPORT ☑ ORDER + 2 [illegible]

DISTRIBUTE:

☐ SEND ORIGINAL AND AGENTS COPY TO AGENT
☐ SEND ORIGINAL, AGENTS AND B.O. COPIES TO:

MR. ___ E & SR REPRESENTATIVE

B.O. ___

AUG 1 1 1981
A. BONGIORNO

☐ SEND ALL COPIES EXCEPT UNDERWRITING COPY TO:

MR. ___ E & SR REPRESENTATIVE

B.O. ___

☐ RETURN ☐ UNDERWRITING COPY TO E & SR DEPARTMENT
☐ BRANCH OFFICE COPY TO E & SR DEPARTMENT

☐ RETURN ALL WORK TO: Sandy Bizzo - 316

☐ OTHER: Please keep all policies in one file

TO: ENTRY DEPARTMENT — SPECIAL INSTRUCTIONS ON REVERSE SIDE
380047—7-77

C.I. - 00272

FFICSC 000230



ESRM
THE EXCESS & SPECIAL RISK MARKET, INC.

HOME OFFICE: 3333 CALIFORNIA ST., SAN FRANCISCO, CA 94118

CERTIFICATE NUMBER ESR 101 93 66

MANAGING UNDERWRITERS FOR:
☐ NATIONAL SURETY CORPORATION
☒ HANNOVER REINSURANCE
☐

## CERTIFICATE OF CASUALTY FACULTATIVE REINSURANCE

THE COMPANY INDICATED ABOVE, IN CONSIDERATION OF THE PAYMENT OF PREMIUMS AND THE STATEMENTS CONTAINED IN THE DECLARATIONS, AND SUBJECT TO THE TERMS AND GENERAL CONDITIONS OF THE CERTIFICATE DOES HEREBY REINSURE:

CEDING COMPANY AND ADDRESS
Firemans Fund Insurance Co.
New York S.O.

RECEIVED
SEP 25 1981
MONEY

| CEDING COMPANY POLICY NUMBER | POLICY PERIOD |
|---|---|
| XLX 148 14 92 | FROM 6/30/81 TO 6/30/82 |
| NAME OF INTERMEDIARY | OFFICE |
| | |

### DECLARATIONS

| ORIGINAL INSURED | LOCATION COVERED |
|---|---|
| W.R. Grace & Co. | New York, N.Y. |

REINSURANCE EFFECTIVE 6/30/81 EXPIRATION 6/30/82 TERM 1 yr.

ITEM 1. TYPE OF INSURANCE
Blanket Excess Liability

ITEM 2. CEDING COMPANY, POLICY LIMITS AND APPLICATION
$7,000,000 Each Occurrence/Aggregate P/O $50,000,000 Each Occurrence/Aggregate excess of $200,000,000 Each Occurrence/Aggregate excess of Primary Policies or S.I.R.

ITEM 3. CEDING COMPANY RETENTION
$5,000,000 P/O $7,000,000 P/O $50,000,000 excess of $200,000,000 excess of Primary Policies or S.I.R.

ITEM 4. REINSURANCE ACCEPTED
$2,000,000 P/O $7,000,000 P/O $50,000,000 excess of $200,000,000 excess of Primary Policies or S.I.R.

ITEM 5. TYPE OF REINSURANCE
☐ EXCESS OF LOSS ☒ CONTRIBUTING EXCESS ☐ NON-CONCURRENT ☐ PRO RATA

ITEM 6. CANCELLATION
____ DAYS NOTICE (ORIGINAL PLUS ____) OTHER Original plus 10 days

PREMIUM: ☒ NON-ADJUSTABLE ☐ ADJUSTABLE
☐ RATE:

CERTIFICATE MINIMUM PREMIUM $ 200.

| PREMIUM DUE | CEDING COMPANY GROSS PREMIUM | REINSURANCE GROSS PREMIUM | REINSURANCE CEDING COMMISSION | Reinsurance Net Premium |
|---|---|---|---|---|
| AT INCEPTION | $ 3,500. | $ 1,000. | 20 % | $ 800. |
| | $ | $ | % | $ |
| TOTAL INSTALLMENTS | $ 3,500. | $ 1,000. | 20 % | $ 800. |

UNDERWRITING INFORMATION
Building Company

The Excess & Special Risk Market, Inc.

DATE: September 16, 1981

BY: Stephen Mooney
AUTHORIZED REPRESENTATIVE

380088—1-80

C.I. - 00273

ESRM
THE EXCESS & SPECIAL RISK MARKET, INC.

SURPLUS LINES BROKERS
MANAGING UNDERWRITERS

3333 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94118
(415) 929-2100

INVOICE NUMBER: [illegible]

DATE September 16, 19 81 ORIGINATING OFFICE 95 PRODUCER NUMBER F070

PRODUCER

Firemans Fund Insurance Co.
North Jersey P.S.O.
P.O. BOX 221
Parsippany, N.J. 07054

INSURED

W.R. Grace & Co.
XLX 148 14 92

| POLICY NUMBER | EFF. DATE | EXPIR. DATE | DESCRIPTION OF COVERAGE | GROSS PREMIUM | COMMISSION |
|---|---|---|---|---|---|
| ES 101 93 66 | 6/30/81 | 6/30/82 | Blanket Excess Liab. | $ 1,000.00 | 20.00 % |
| CARRIER: | | | | TAXES/FEES | DESCRIPTION |
| | | | | $ | TOTAL TAXES/FEES |
| | | | | $ | NET TOTAL DUE |

PREMIUMS MUST BE PAID WITHIN THIRTY DAYS

FLAT CANCELLATIONS ARE ALLOWABLE ON THIS BUSINESS. WE ARE REQUIRED BY THE UNDERWRITERS OF THIS INSURANCE TO HOLD YOU RESPONSIBLE FOR EARNED PREMIUMS IN ALL CASES.

☒ NEW/RENEWAL
☐ ADDITIONAL PREMIUM

PLEASE RETURN REMITTANCE COPY WITH YOUR CHECK TO: THE EXCESS & SPECIAL RISK MARKET INC. 3333 CALIFORNIA ST. SAN FRANCISCO, CALIFORNIA 94118

REMITTANCE COPY

051101 PAGE 1

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 09/02/81 | | K | 31559920 | 01481492-2 | 7 | 715 | 20 | 244 | 09/04/81 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| XLX | MM | W.R. GRACE & CO | 01 | 063081 | 063082 | 063081 | 11 | 711 | 00 | 3500.00 | 1 |
| | | | | | | | | | | 2999.00 | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OF | 001 | 1 | 0530231 | 06079 | 97778 | 2500 | 6 | 953 | | 0 | 000750 | 2275.00 | 1 |
| | 001 | 1 | 1109 | 21 | | | | | 313170 | | | | |
| OF | 002 | 1 | 0540231 | 06079 | 97778 | 2500 | 6 | 953 | | 0 | 000750 | 1225.00 | 1 |
| | 002 | 1 | 1109 | 2 | | | | | 313170 | | | | |

| | | | | |
|---|---|---|---|---|
| 3 | 7 | 099002336 | 0200000001002 | 1000.00 |
| 3 | 7 | 099002610 | 0336200001002 | 528.00 |
| 3 | 7 | 099002624 | 0276000001002 | 1471.00 |

20306—(PSO) 6-78

PVR TERMINAL ENTRY ABSTRACT.

C.I. - 00275

BLANKET EXCESS LIABILITY POLICY
(FOLLOWING FORM)

Coverage is provided in the Company designated by number, a stock insurance Company (herein called the Company)

FIREMAN'S FUND INSURANCE COMPANIES
MAIL ADDRESS SAN FRANCISCO CALIFORNIA

01 FIREMAN'S FUND INSURANCE COMPANY — SAN FRANCISCO, CALIFORNIA
18 THE AMERICAN INSURANCE COMPANY — PARSIPPANY, NEW JERSEY
07 NATIONAL SURETY CORPORATION — CHICAGO, ILLINOIS
13 ASSOCIATED INDEMNITY CORPORATION — SAN FRANCISCO, CALIFORNIA
15 AMERICAN AUTOMOBILE INSURANCE COMPANY — CREVE COEUR, MISSOURI

DECLARATIONS

1. INSURED'S NAME AND ADDRESS (NO., STREET, TOWN, COUNTY, STATE)

POLICY PERIOD:

ITEM 2. INCEPTION (MO. DAY YR.) EXPIRATION (MO. DAY YR.)
12:01 A.M., STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN.

ITEM 3. LIMIT OF LIABILITY:
$ EACH OCCURRENCE
$ AGGREGATE

ITEM 4. UNDERLYING INSURANCE LIMIT OF LIABILITY
$ EACH OCCURRENCE
$ AGGREGATE

ITEM 5. PREMIUM BASIS
$

ITEM 6. ADVANCE PREMIUM: $
ANNUAL MINIMUM PREMIUM: $

IN THE EVENT OF CANCELLATION BY THE NAMED INSURED, THE COMPANY SHALL RECEIVE AND RETAIN NOT LESS THAN $ THE POLICY MINIMUM PREMIUM.

ITEM 7. SCHEDULE OF UNDERLYING INSURANCE:

## FOLLOWING FORM BLANKET EXCESS LIABILITY POLICY

The Company designated above, a stock insurance company, (herein called the Company) agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

### INSURING AGREEMENTS

1. Coverage. To indemnify the Insured for the Insured's ultimate net loss in excess of the insurance afforded under the Blanket Excess Liability or "Umbrella" policies specified in Item 7 of the Declarations, hereafter called underlying insurance, in full force and effect at the inception of this policy, provided that the insurance for injury to or destruction of property under this policy and underlying policies shall not apply except as respects injury to or destruction of corporeal property, including loss of use thereof.

2. Limit of Liability. The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence, provided, however, in the event of reduction or exhaustion of the applicable aggregate limit or limits of liability under said underlying policy or policies solely by reason of losses paid thereunder on account of occurrences during this policy period, this policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy.

3. Policy Period. This policy applies only to occurrences which take place during the policy period.

### DEFINITIONS

"Ultimate net loss" means all sums actually paid, or which the insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded by this policy, after proper deduction of all recoveries or salvage.

### CONDITIONS

1. Maintenance of Primary Insurance. The Insured warrants, and it is a condition of this policy, that at the inception of this policy, insurance afforded by the underlying policies of insurance (apply-

(Continued on Page Two)

COUNTERSIGNATURE DATE | COUNTERSIGNATURE OF AUTHORIZED AGENT

5902—2-72

IV - D

C.I. - 00276