IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                      *

W.R. GRACE & CO., et al.,                   *          Chapter 11

                    Debtor.                 *          Case No. 01-01139 (JKF)
                                                       (Jointly Administered)

                                            *          Related Docket No. 23091

----------------------------------------------------------x


**MARYLAND CASUALTY COMPANY'S AND CNA'S OPPOSITION TO THE LIBBY
CLAIMANTS' MOTION TO COMPEL DISCOVERY OF COVERAGE
CORRESPONDENCE FROM THE PLAN PROPONENTS, CNA,
AND MARYLAND CASUALTY COMPANY**

Maryland Casualty Company ("MCC") and Continental Casualty Company and Continental Insurance Company, on their own behalf and on behalf of their predecessor companies, affiliates and subsidiaries which issued insurance policies to the Debtors (individually or collectively, "CNA"), hereby oppose the grossly tardy Motion of Libby Claimants to Compel Discovery of "Coverage Correspondence" from the Plan Proponents, CNA and MCC (Dkt. No. 23091) ("Motion to Compel").   The motion is untimely as well as unduly unfair and unreasonable, in that it seeks to compel the insurers to undertake searches based on snippets of vague and unspecified testimony from a witness for the Debtors in a deposition taken four months ago.   That testimony made no specific references to what "correspondence" the deponent recalled or had in mind, the dates or time frame of such correspondence or the specific subject matter, and the current motion is similarly vague and unspecified.  Even beyond this, and most significantly, the discovery sought by the Libby Claimants is without relevance or potential relevance to the issues to be addressed in the Confirmation Hearing, and the motion is due to be denied for that reason as well.

**ARGUMENT**

### I.    The Libby Claimants Have  No Basis Upon Which To Excuse Their Failure To Address This Issue Timely

The Libby Claimants have identified no basis upon which to justify the bringing of a motion to compel further discovery responses long after the close of discovery and on the very eve of the Confirmation Hearing as to which the discovery is allegedly required.  To the extent the Libby Claimants rely on discovery previously served, CNA and MCC both responded to discovery requests from the Libby Claimants (by Verne Byington and Kirk A. White, respectively)  back in March.  Motion to Compel, Ex. A.  The primary basis for the motion seems to be snippets from a deposition of Jeffrey Posner, a witness for the Debtors, taken on May 6, 2009 -- nearly four months ago!  Motion to Compel, Ex. B.

Moreover, the Libby Claimants had over a full month to bring a motion to compel against CNA and/or MCC prior to the CMO's June 15, 2009, discovery cutoff for Phase II, and they did not so move.  They did not do so throughout all of June, July and August, when multiple pre-trial issues were raised with the Court.  Instead, they waited (i) over five months from receipt of discovery responses now complained of; (ii) four months from the Posner deposition in which the particular documents in question were identified; and (iii) two and a half months after fact discovery cutoff, until the very eve of the Phase II hearing, to file an untimely motion to compel discovery.  There are no circumstances that have arisen since the Phase II discovery cutoff that should require CNA, MCC, or the Plan Proponents to respond to such an untimely motion to compel.

In fact, the supporting declaration filed by the Libby Claimants' own counsel demonstrates that this is nothing more than a last minute failure to address something that should

have been resolved months ago -- assuming the Libby Claimants actually believed the discovery in question was truly needed for the Phase II hearing.  Thus, in his supporting declaration, Attorney Kovacich, after reciting the prior discovery requests and responses (from March 2009) and testimony at Mr. Posner's deposition (from May 2009), states somewhat obliquely that

> By e-mail communication, I requested copies of the correspondence from CNA and MCC.  As of the date of this filing, I have not received any response from the insurers.

Declaration of Mark Kovacich in Support of the Libby Claimants' Motion to Compel Discovery of Coverage Correspondence (Dkt. No. 23091), ¶ 5 at 1.  The clear impression left (and apparently meant to be left) by this vague assertion was that the Libby Claimants requested that CNA and MCC produce the correspondence identified by Mr. Posner shortly after the deposition in May 2009, and that the insurers ignored the request.  However, Mr. Kovacich's e-correspondence was not sent until **August 27, 2009**.  *See* Declaration of Edward J. Longosz, II, filed herewith.

Especially in a case like this, where matters were raised before the Court throughout all of the pre-trial proceedings, motions to compel on the eve of trial are not somehow justified because a party simply failed to follow up on an issue during discovery, especially, where the discovery is not germane to the issues before the Court  The Court should deny the Motion to Compel for this reason alone.

## II.    Even Considered On The Merits, The Motion To Compel Should Be Denied

Even if the motion were not so plainly untimely, the Motion should be denied, because it seeks  -- by the Libby Claimants' own assertions – alleged documents that go to coverage positions that are not the subject of this Phase II Confirmation Hearing.

Regarding MCC, Mr. Posner's testimony indicated that the unspecified correspondence referred to a potential claim for coverage by Grace under alleged workmen's compensation/employer's liability policies issued by MCC.  *See* Motion to Compel, Ex. B, at 166-68.  Those policies are not being addressed in this bankruptcy in any fashion; they certainly do not appear on Exhibit 5 of the Exhibit Book submitted by the Plan Proponents in connection with the Proposed Joint Plan of Reorganization.   Whatever issues might exist under those policies, they are not the subject of the Phase II Confirmation Hearing, nor could correspondence (apparently a denial on timing grounds, as Mr. Posner recalled -- Ex. B, at 172) have any probative impact with any issue before the Court in Phase II. Moreover, as indicated by the record in this trial date, MCC's policies go to back to the 1960's and Grace had Libby employee claims filed against it going back to (at least) the 1980's.  To the extent such correspondence exists, it could well have taken place at some time over the course of decades. There is absolutely no basis to compel MCC to  conduct eleventh-hour searches during the course of this trial literally looking for a "needle in haystack" on matters that are not even before the Court.

The same is true for the requests to CNA.   Mr. Posner thought he recalled correspondence under similar workmen's compensation/employer's liability policies allegedly issued by CNA to Grace in the 1970's and 1980's.  Those policies are not at issue in the current Phase II Confirmation Hearing and, again, Mr. Posner's recollection was without reference to a specific time, claim, or context and may well have occurred at any point going twenty to thirty years.   Regarding any tender of non-employee claims to CNA, even if there were documents responsive to the Libby Claimants' motion to compel, searches would have be undertaken for unspecified documents that, if they existed, would pre-date a pending New York coverage action that was instituted by CNA in *2000* and entail searches for materials going back at least a decade.

Even if any of these searches could be undertaken, conducted and completed before the conclusion of the Phase II hearing, any documents requested by the Libby Claimants would still be irrelevant to these proceedings.  The Libby Claimants expressly assert that the purpose of seeking "coverage correspondence" (whatever that means) is to "establish coverage" at the Phase II trial.  This assertion completely ignores this Court's repeated declarations regarding the scope of this trial, and that it will not determine coverage in the context of this trial.  It also completely disregards the fact that, as set forth in the Plan Proponents' Disclosure Statement, prior to the bankruptcy, CNA instituted an action seeking a declaration that there is no coverage under its policies for the Libby claims.  In that action, CNA has asserted, among other things, that prior rulings on coverage of the Second Circuit Court of Appeals govern and bar coverage under the policies and/or that claims are subject to different settlement agreements between Grace and CNA.  "Coverage correspondence" would not, and cannot be used to, supersede a pending complex litigation "to establish coverage", and would only involve the parties in collateral and irrelevant issues that are plainly not before the Court in the Phase II trial.  The further assertion that any such document demand "might lead to the discovery of admissible evidence" at this late date -- with the further incredible suggestion that the Libby Claimants may pursue even additional discovery out of time -- does not given rise to any colorable basis that could justify the granting of this motion.

## CONCLUSION

For these reasons, CNA and MCC respectfully request that the Court deny the Motion to Compel.

Dated:  September 10, 2009

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ *Jeffrey C. Wisler*
Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile

OF COUNSEL:

Edward J. Longosz, II
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W.,
Suite 1200
Washington, DC  20006
(202) 659-6600 Telephone
(202) 659-6699 Facsimile

Richard A. Ifft
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C.  20006
(202) 719-7170 Telephone
(202) 719-7049 Facsimile

*Attorneys for Maryland Casualty Company*

ROSENTHAL, MONHAIT & GODDESS, P.A.

*/s/ Edward B. Rosenthal*
Edward B. Rosenthal (*Bar No. 3131*)
P.O. Box 1070
Wilmington, Delaware 19899
Telephone: (302) 656-4433x6
Facsimile: (302) 658-7567

     -and-

GOODWIN PROCTER LLP
Daniel M. Glosband (*pro hac vice*)
Brian H. Mukherjee (*pro hac vice*)
Exchange Place
Boston, Massachusetts 02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

     -and-

GOODWIN PROCTER LLP
Michael S. Giannotto (*pro hac vice*)
Frederick C. Schafrick (*pro hac vice*)
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444

     -and-

FORD MARRIN ESPOSITO WITMEYER &
GLESER, L.L.P.
Elizabeth DeCristofaro (*pro hac vice*)
Wall Street Plaza, 23rd Floor
New York, New York 10005-1875
Telephone: (212) 269-4900
Facsimile: (212) 344-4294

*Counsel for Continental Casualty Company, Continental Insurance Company and their American insurance affiliates*

13043703.1