IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Hearing: September 11, 2009  8:30 a.m.
Objection Deadline: September 10, 2009 3:00 p.m.
Re: Docket Nos. 23091, 23126

## PLAN PROPONENTS' RESPONSE TO LIBBY CLAIMANTS' MOTION TO COMPEL DISCOVERY OF COVERAGE CORRESPONDENCE

W. R. Grace & Co., et al. (collectively, "Grace" or the Debtors"), the Official Committee of Asbestos Personal Injury Claimants (the "ACC"), the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders (collectively, the "Plan Proponents") in the above captioned Chapter 11 cases, hereby respond to the Libby Claimants' Motion to Compel Discovery of Coverage Correspondence from the Plan Proponents, CNA and Maryland Casualty, filed September 2, 2009 Motion.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Although Grace believes the Motion must be denied for multiple reasons, as discussed below, Grace attaches to this response, as Exhibit A, examples of the type of correspondence now sought by the Libby Claimants. Grace provides these examples not because it believes the Motion has merit, but rather to properly frame the discussion of what is -- and is not -- contained in this type of correspondence. To be clear, Grace has not undertaken a thorough search for documents demanded by the Motion. The attached documents are merely examples.

### I. Libby Claimants Have Identified No Discovery Request To The Plan Proponents Requesting The Information Demanded In The Motion.

In their Motion, the Libby Claimants demand production of "any written communications between W.R. Grace and the insurers regarding insurance coverage applicable to the claims which have been asserted by the Libby Claimants." As to the Plan Proponents, the discovery requests attached to and purporting to form the basis of the Motion do not include any such request. This is evident in two respects.

*First*, the Motion discusses and attaches discovery requests from BNSF to the Plan Proponents, and from certain Libby Claimants to the insurers, CNA and Maryland Casualty. The Motion does not identify *any* discovery request from the Libby Claimants to the Plan Proponents. The Motion therefore should be denied on that basis alone. The Libby Claimants cannot move to compel responses to another party's discovery requests.

*Second*, even the discovery requests from BNSF to the Plan Proponents provide no basis for the relief sought in the Motion. BNSF's document requests 1 through 8 sought copies of certain insurance policies -- not correspondence between Grace and its insurers. *See* Exhibit A to Motion, at pages 5 through 8. BNSF Document Request No. 12 was an extremely broad and vague request that sought "any documents related to any of the insurance policies that should be produced in response to Document Requests 1 through 8, including, without limitation any

2

Certificates of Insurance, letters endorsements, communications, settlement agreements, records of settlement payments, and/or copies of cancelled checks relating to payments made on such policies." The Plan Proponents could have little way of knowing that, in response to that broad and vague request from BNSF, the Libby Claimants expected Grace to produce correspondence with its insurers regarding the Libby Claimants' claims.

The Motion should therefore be denied as to the Plan Proponents because the Libby Claimants have identified no discovery request -- from them or anyone else -- for the documents they now demand.

### II.     Libby Claimants' Demand Is Too Late.

The discovery responses attached to Libby's motion were served on March 24, 2009. Libby Claimants had three months to bring a motion to compel prior to the CMO's June 15, 2009 discovery cutoff. They did not do so. Jeffrey Posner, Grace's risk manager, was deposed by the Libby Claimants and others on May 6, 2009. Libby Claimants had almost four months to raise these demands with Grace's counsel, and they did not do so. There is simply no reason why the Plan Proponents should be required to search for documents in response to such an untimely motion to compel.

And, these searches would not be quick and easy. Grace has dozens of boxes in external storage that may -- or may not -- contain responsive documents. The boxes would need to be recalled, reviewed for responsiveness and privilege, bates numbered and produced. This is nothing unusual under normal circumstances, and indeed Grace has done myriad document searches and productions in the course of these Chapter 11 cases. At the present, though, in the midst of the confirmation hearing, it would be a substantial distraction and burden. Grace

3

personnel who are testifying at the confirmation hearing would need to be involved, and Grace counsel who are involved with the confirmation hearing must also be involved.

But there is an even more fundamental problem with the lateness of the Libby Claimants' Motion. They wrongly assert that, in the four months since the deposition of Grace's witness Jeff Posner, "counsel for the Libby Claimants have again requested copies of the coverage correspondence." (Motion at 2) That assertion is utterly false as to Grace. Prior to August 27, when they threatened to file this Motion to Compel, Libby Claimants' counsel have not requested these documents from any of Grace's counsel.

Libby Claimants' counsel should not be rewarded for a late-filed Motion to Compel and for failing to discuss the requested documents with Grace's counsel (and misstating their purported efforts to do so.)

### III. Exemplars of the Correspondence Sought By Libby Claimants Do Not Show The Type of Facts Libby Seeks In Its Motion.

Libby Claimants assert that the coverage correspondence may lead to the discovery of admissible evidence in three respects:

- "First, the coverage may confirm the existence of unaggregated premises and employer's liability coverage applicable to the claims in Libby, and not to the many products liability claims asserted elsewhere." (Motion at 2-3)

- "Second, while Grace contends the Libby claims were similar to and should be treated the same as all of the other claims asserted against it, the coverage correspondence may reveal that Grace viewed its liability for claims in Libby differently." (*Id.* at 3)

- "Finally, Grace's demands for coverage specific to the Libby claims may further demonstrate the disparity between the pre-petition value of those claims in the tort system and the value assigned to those claims under the trust distribution procedures." (*Id.*)

Attached as Exhibit A to this Motion are examples of correspondence between Grace and two of its insurers regarding certain Libby claims that Grace tendered to these insurers in 1987

4

and 1988. The correspondence -- in which Grace simply tenders copies of complaints to the insurers, and the insurers respond as to whether the claims are covered, and if not, why not -- does not reveal facts relevant to any of the issues described by the Libby Claimants as the fundamental basis for the motion. The correspondence does not discuss whether the policies have unaggregated coverage, or whether Grace viewed its liability for Libby claims in any particular way, or any information remotely relevant to disparate treatment of claims.

At this incredibly late date, Grace should not have to go on a wild goose chase searching for correspondence that is, in many cases, more than 20 years old. The Libby Claimants should be required to identify a specific, timely served discovery request to Grace that seeks written communications between Grace and its insurers regarding insurance coverage applicable to the claims which have been asserted by the Libby Claimants. If they cannot identify such a request, Grace cannot have any obligation to undertake an extensive and burdensome search of its files -- particularly on the eve of confirmation.

## Conclusion

WHEREFORE, for the reasons set forth above, the Plan Proponents respectfully request that the Court enter an order denying the Libby Claimants' Motion to Compel Discovery of Coverage Correspondence from the Plan Proponents, CNA and Maryland Casualty.

Dated: September 10, 2009        Respectfully submitted,

KIRKLAND & ELLIS LLP

David M. Bernick, P.C.
Lisa G. Esayian
Citigroup Center
601 Lexington Ave.
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

5

DOCS_DE:152967.1

and

Barbara M. Harding
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5200

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison St.
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162
Facsimile: (312) 641-2165

and


PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
joneill@pszjlaw.com
kmakowski@pszjlaw.com

*Co-Counsel for the Debtors and Debtors in Possession*

CAMPBELL & LEVINE, LLC

/s/ Mark T. Hurford
Mark T. Hurford (Bar No. 3299)
Marla R. Eskin (Bar No. 2989)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
mhurford@camlev.com

DOCS_DE:152967.1

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of
Asbestos Personal Injury Claimants*


PHILIPS, GOLDMAN & SPENCE, P.A.

/s/ John C. Philips
John C. Philips (Bar No.110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pgslaw.com

and

7

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T Austern, Asbestos PI Future Claimants' Representative*

SAUL EWING LLP

/s/ Teresa K.D. Currier
Teresa K.D. Currier (Bar No. (3080)
222 Delaware Avenue, 12th Floor
Wilmington, DE  19801
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
tcurrier@saul.com

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Horowitz
David Blabey
1177 Avenue Of The Americas
New York, NY 10036
Telephone:  (212) 715-9100
*Counsel for the Official Committee of Equity Security Holders*

DOCS_DE:152967.1