# EXHIBIT A

# Maryland Casualty Company

P.O. Box 1228 · Baltimore, Maryland 21203 · 301-366-1000

A Subsidiary of
American General Corporation

March 20, 1987

RECEIVED
W. R. Grace & CO. · N. Y.
CORP. RISK MGMT.

MAR 23 1987
HLB

Action: _____
File: _____

*Harry –*
*What action do you*
*plan in the face of this*
*QJL*

W.R. Grace & Company
Grace Plaza
1114 Avenue of The Americas
New York, N.Y.  10036-7794

Attention:  Mr. Harry L. Bauer, Claims Manager

RE:  James Cohenour v. W.R. Grace & Company

Dear Mr. Bauer:

The purpose of this letter is to acknowledge receipt of your note,
dated March 16, 1987, as well as copies of correspondence to and from
Gary L. Graham, Esq., dated February 25, 1987 and March 2, 1987,
respectively; and finally, a copy of a Summons and Complaint issuing
out of the U.S. District Court of Montana, to an action styled, James
Cohenour v. W.R. Grace & Company.

In your letter of February 25 to Mr. Graham you indicate that by copy
of that transmittal letter you intended to particularly request from
Maryland Casualty Company to take over the defense of the Cohenour action.
As I informed you on March 13, last, I never did receive copies of either
the February 25, 1987 letter, or the Summons and Complaint.

Now, with respects to your request that Maryland Casualty Company defend
the Cohenour lawsuit, please be advised that I have carefully reviewed the
complaint and have concluded that the injuries complained of are diseases
and we must decline to defend and/or indemnify W.R. Grace & Company,
because of Policy Exclusion (e) which states:

> This policy does not apply under Coverage B, to bodily injury
> by disease unless prior to thirty-six months after the end
> of the policy period written claim is made or suit is brought
> against the insured for damages because of such injury or death
> resulting therefrom;



- 2 -

In Count IV of his complaint, plaintiff alleges that he was employed by the defendant from 1957 through 1967.  The lawsuit, however, was not filed until February 6, 1987.

If you have any questions regarding this response, please do not hesitate to contact me.

Very truly yours,

John Meyer,
Second Vice President
Workers' Compensation Department

JM:lr

# GRACE

W. R. Grace & Co.
Grace Plaza
1114 Avenue of the Americas
New York, NY 10036-7794

<u>VIA DHL</u>

May 12, 1987

Gary Graham
Garlington, Lohn & Robinson
P. O. Box 7909
Missoula, Montana  59807-7909

> Re:    L-49-5036
> Construction Products Division
> Dutton, Donald Z. v. W. R.
> Grace & Company
> <u>Location Code:   2503</u>

Dear Mr. Graham:

I am enclosing summons and complaint served on CT on April 29, 1988.  A response is due on or before May 19, 1988.

The action on behalf of a former employee at the Libby mine seeks damages for alleged exposure to asbestos and asbestos-containing products.

By copy of this letter I am requesting our insurance carriers to respond and provide coverage for this claim.

Please acknowledge receipt of these papers to this office as well as the other interested parties, as listed.

Finally I request our broker's claim representative to report this matter to all our excess insurers.

Very truly yours,

William G. Davis
Asst. Claims Manager

WGD/deh
encl.

cc:    S. Ahern     (w/encl.)
       T. Green     (w/encl.)
       E. Heaney    (w/encl.)
       D. Kappus    (w/encl.)
       E. Kloth     (w/encl.)
       M. McCloud   (w/encl.)
       R. Murphy    (w/encl.)
       M. Phaneuf   (w/o encl.)
       E. Rosen     (w/encl.)

SERVICE OF PROCESS TRANSMITTAL FORM

**C T**

C T Corporation System
The Corporation Trust Company

TO: W. R. GRACE & CO.
ATT: RANDALL STRANGE ATTY.
1114 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
[Authorized Recipient]

VIA: [XX] Certified First Class Mail
[ ] Messenger

TO: **C T CORPORATION SYSTEM**
(CT Office)
NEW YORK    NEW YORK
(City)            (State)
FROM: C T CORPORATION SYSTEM
(Originating Agent)
Per MIKE MCCARTER
P. O. BOX 1166
HELENA, MT  59624-1166
(City)              (State)
DATE: 4/29/88   VIA: First Class Mail

RE:  PROCESS SERVED IN _____ MONTANA _____
(Jurisdiction)

FOR _____ W.R. GRACE & CO. _____ CONNECTICUT
(Name of Company)                            (Domestic State)

ENCLOSED ARE COPIES OF LEGAL PROCESS SERVED UPON THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. **TITLE OF ACTION:**  DONALD Z. DUTTON, individually v. W.R. GRACE & COMPANY, a Connecticut corporation, et al. (CAUSE NO. DV_86-202)

2. **DOCUMENT(S) SERVED:**  SUMMONS, COMPLAINT AND DEMAND FOR JURY TRIAL and AMENDED COMPLAINT AND JURY DEMAND

3. **COURT:**  MONTANA NINETEENTH JUDICIAL DISTRICT COURT LINCOLN COUNTY

4. **NATURE OF ACTION:**  PLAINTIFFS, HUSBAND AND WIFE, SEEK UNSPECIFIED COMPENSATORY AND PUNITIVE DAMAGES ARISING OUT OF PLAINTIFF DONALD Z. DUTTON'S ALLEGED EXPOSURE TO ASBESTOS WHILE WORKING FOR DEFENDANT IN LINCOLN COUNTY, MT BETWEEN 1947 AND 1949.

5. **ON WHOM PROCESS WAS SERVED:**  C T CORPORATION SYSTEM
HELENA, MT  59624-1166

6. **DATE AND HOUR OF SERVICE:**  APRIL 29, 1988, AT 10:29 A.M.

7. **APPEARANCE OR ANSWER DUE:**  WITHIN 20 DAYS AFTER SERVICE, EXCLUSIVE OF DAY OF SERVICE

8. **PLAINTIFF'S ATTORNEY(S):**  MCGARVEY, HEBERLING, SULLIVAN & MCGARVEY
745 SOUTH MAIN
KALISPELL, MT  59901

9. **REMARKS:**

PLEASE NOTE DISCREPANCY IN CORPORATE NAME.

RECEIVED AND FORWARDED ON 5-4-88 . (Date)

KINDLY ACKNOWLEDGE RECEIPT BY SIGNING THE
CARBON COPY AND RETURNING IT TO ➡

BY:  **C T CORPORATION SYSTEM**
Per _M. Zimmerman (TD)_
M. Zimmerman, Asst. V.P.
1633 Broadway
New York, New York  10019

df

NJ291-35M-8/86

Form No. 35

NINETEENTH
IN THE DISTRICT COURT OF THE ~~ELEVENTH~~ JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN AND FOR
THE COUNTY OF ~~FLATHEAD~~ LINCOLN

305 24

No. DV-86 -202

DONALD Z. DUTTON, individually,......)
.....................................)
...............................Plaintiff...)

versus

W. R. GRACE & COMPANY, a Connecticut
corporation, GRACE W. R. & COMPANY
- CONSTRUCTION PRODUCTS DIVISION,
an unincorporated association, and
JOHN DOES I through V,  Defendant.s.)

SUMMONS

ASSIGNED JUDGE:

DATE  4-29-88
TIME SERVED  10:29 a/25
2:25/88
OFFICER

THE STATE OF MONTANA sends greetings to the above named Defendants and to each of them:
YOU ARE HEREBY SUMMONED to answer the Complaint in this action, which is filed in the
office of the Clerk of this Court, a copy of which is herewith served upon one of you in
each County wherein any of you reside, and to file your answer and serve a copy thereof
upon the Plaintiff   Attorney   within 20 days after the service of this summons, exclu-
sive of the day of service; and in case of your failure to appear or answer, judgment
will be taken against you, by default, for the relief demanded in the Complaint:

.........................................................................................
.........................................................................................
.........................................................................................
.........................................................................................
.........................................................................................

Witness my hand and the Seal of said Court this ..26th.. day of .December...., 1986.

.............................................
Attorney   for Plaintiff....
McGarvey, Heberling, Sullivan & McGarvey
.745 South Main, Kalispell, MT 59901.
Address Attorney   for Plaintiff...

.......................
Clerk of said Court.

By ...........................
Deputy Clerk.

===========================================================================================

STATE OF MONTANA   )
                   ) ss.                OFFICE OF SHERIFF
County of Flathead )

I, ..................................... Sheriff of the County of ....................,
State of Montana, hereby certify that I received the within Summons on the ........ day of

................, 19.... That I personally served the same upon the hereinafter named

defendant... by delivering to and leaving with ...........................................

........................................... said defendant.... personally, in said

IN THE DISTRICT COURT OF THE NINETEENTH
JUDICIAL DISTRICT OF THE STATE OF MONTANA
IN AND FOR THE COUNTY OF LINCOLN

DONALD Z. DUTTON,
individually,

         Plaintiff,

    -v-

W. R. GRACE & COMPANY, a
Connecticut corporation,
GRACE W. R. & COMPANY -
CONSTRUCTION PRODUCTS
DIVISION, an unincorporated
association, and JOHN DOES I
through V,

         Defendants.

Cause No. DV-86-202

COMPLAINT AND DEMAND
FOR JURY TRIAL

RECEIVED DEC 29 1986

FILED
DEC 29 1986
...F. HOLD...
...District C...

    COMES NOW the plaintiff and for claim against the
defendants and each of them alleges:

        ALLEGATIONS COMMON TO ALL COUNTS

    1.   Plaintiff, Donald Z. Dutton, is a resident of
Lincoln County, Montana;

    2.   Defendant, W. R. Grace & Company is a corporation
organized and existing under the laws of Connecticut with
principal place of business at 1114 Avenue of Americas,
New York City, New York;

    3.   Defendant, Construction Products Division is
a division of defendant W. R. Grace & Company carrying
on the business of said defendant as a local entity and
is a resident of Lincoln County, Montana with principal
place of business at 317 Mineral Avenue, Libby, Montana;
that John Does I through V are residents of Lincoln County,
Montana and are agents or employees of the foregoing employer-
defendants or each of them, or are fellow workers of Donald
Z. Dutton, and plaintiff is ignorant of their true names;

    4.   Donald Z. Dutton was employed by the employer-

a zonolite or vermiculite manufacturing or mining operation in Lincoln County, Montana in the years of 1947, 1948 and 1949;

5.    As a condition of his employment his job environment was such as that it was necessary to inhale ferruginous bodies, fibrous silicate minerals, vermiculite dust, asbestos dust, or other particles injurious to the lungs and respiratory system;

6.    That Donald Z. Dutton suffered progressive lung diseases;

7.    That the progressive lung disease, and the resultant injury was a proximate result of the inhalation of particles injurious to the lungs caused by the acts or omissions of the defendants and each of them and which acts or omissions were negligent or willful or wanton or reckless and which acts were unjustifiable;

8.    That although defendants or each of them had reason to know that their actions and omissions created a high degree of risk or harm to Donald Z. Dutton, they nevertheless deliberately proceeded to act in conscious disregard of or indifference to that risk.

### FIRST CAUSE OF ACTION

9.    Plaintiff repleads all common allegations in each hereinafter separately stated count as though the same was set forth verbatim herein.

### Count One

10.    The employer-defendants failed to provide Donald Z. Dutton a safe place to work.

### Count Two

11.    The defendants and each of them failed to warn

## Count Three

12.  Defendants fraudulently misrepresented the safety of the workplace to the plaintiff for the purpose of inducing him to continue to work therein, and to induce him not to make any claims therefor.

## Count Four

13.  Defendants concealed from Donald Z. Dutton his true condition, and concealed from him the compensability thereof for the purpose of inducing him to forego any claim for compensation.

## Count Five

14.  Although defendants and each of them required physical examinations and chest x-rays, they concealed from him the findings thereof and failed to either (1) advise Donald Z. Dutton of the serious nature of his condition so he could seek treatment or other employment, or (2) take affirmative action toward curing his condition or avoiding further complications therefrom.

## DAMAGES

15.  As a result of one or more or all of the foregoing, Donald Z. Dutton suffered pain, incurred medical and hospital expenses, lost wages, both past and future, suffered impairment of his earning capacity, and was prevented from pursuing an established course of life, all to his great damage in an amount to be determined at the trial.

16.  Because of the acts of the defendants aforesaid, Donald Z. Dutton is entitled to claim, and he does claim exemplary or punitive damages in an amount to be determined at the trial.

/

DATED this _24_ day of _December_, 198_6_.

McGARVEY, HEBERLING, SULLIVAN &
McGARVEY, a partnership of professional
corporations
745 South Main
Kalispell, Montana  59901

By: _____
    DALE L. McGARVEY
    Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Donald Z. Dutton, and respectfully demands that the foregoing action be tried by jury trial.

DATED this _24_ day of December, 1986.

McGARVEY, HEBERLING, SULLIVAN &
McGARVEY, a partnership of professional
corporations
745 South Main
Kalispell, Montana  59901

By: _____
    DALE L. McGARVEY
    Attorneys for Plaintiff

CLERK OF DISTRICT COURT
VICKIA LAHEY

McGarvey, Heberling, Sullivan & McGarvey
745 South Main
Kalispell, Montana 59901
(406) 752-5566

'83 APR 20  AM 10: 43

FILED

BY _S.N.Kemple_
    DEPUTY

ATTORNEYS FOR PLAINTIFFS

MONTANA NINETEENTH JUDICIAL DISTRICT COURT LINCOLN COUNTY

----------------------------------------------------------------

DONALD Z. DUTTON and        )
ELMA JEAN DUTTON,           )
                            )        CAUSE NO. DV-86-202
              Plaintiffs,   )
                            )        AMENDED COMPLAINT AND
vs.                         )             JURY DEMAND
                            )
W.R. GRACE & COMPANY, a     )
Connecticut Corporation,    )
                            )
              Defendants.   )

----------------------------------------------------------------

        COME NOW the plaintiffs, Donald Z. Dutton and Elma

Jean Dutton, demanding trial by jury, and for their amended

complaint against the defendant allege as follows:

                    GENERAL ALLEGATIONS

                            I

        Plaintiffs, Donald Z. Dutton and Elma Jean Dutton

are residents of Lincoln County, Montana.

                            II

        Defendant W. R. Grace and Company is a business

corporation for profit organized and existing under the laws

of Connecticut with its principal place of business in the

State of New York.

III

Plaintiff Donald Z. Dutton was employed by the defendant from 1947 to 1949 in Lincoln County, Montana.

IV

At all times relevant to this action defendant W. R. Grace and Company, its predecessors in interest, and/or its subsidiaries engaged in zonolite or vermiculite manufacturing and mining operations in Lincoln County, Montana.

V

Throughout the years of Donald Z. Dutton's employment, the defendant provided him with a work environment that caused him to be continuously exposed to and to inhale continuously ferruginous bodies, fibrous silicate minerals, vermiculite dust, asbestos dust, and/or other carcinogenic particles (hereinafter referred to as "asbestos").

VI

At all times during Donald Z. Dutton's employment the defendant, by and through its agents, servants, and employees, knew that extended exposure to vermiculite and asbestos or continuous injestion of those substances was unreasonably dangerous and hazardous to an individual's health. Nevertheless, the defendant concealed such knowledge from Donald Z. Dutton and advised him that it was safe to continuously work in close proximity to vermiculite

2

dust and asbestos dust. Throughout the period of his employment, the defendant failed to provide Donald Z. Dutton with adequate protective devices and did not operate the plant at Libby, Montana in accordance with state and federal safety and health regulations.

VII

As a direct and proxiamte result of his employment with the defendant and the extraordinary and extrahazardous working conditions under which he was required to work, Donald Z. Dutton suffers from asbestosis and restrictive lung disease.

VIII

The restrictive lung disease, the asbestosis, and the injuries and damages complained of herein were proximately caused by the acts or omissions of the defendant, its agents and employees, which acts or omissions were negligent, willful, wanton, reckless, fraudulent, oppressive, malicious, and unjustifiable.

IX

Although the defendant knew or had ample reason to know that the defendant's acts and omissions created a high degree of risk of harm to Donald Z. Dutton, the defendant nevertheless deliberately acted in conscious disregard of and indifference to the risk imposed upon Donald Z. Dutton by his continued exposure to the extrahazaroud work place provided for him by the defendant.

3

X

Each of the above referenced acts and omissions were done falsely and fraudulently by the defendant with intent to induce Donald Z. Dutton to continue to work in a dangerous and extrahazardous environment. Donald Z. Dutton was at all times ignorant of the nature and extent of the life-threatening risk involved and would not have continued to work in such an environment if he had known the true facts.

## FIRST CAUSE OF ACTION

### (FAILURE TO PROVIDE A SAFE WORKPLACE)

The plaintiffs reallege paragraphs I through X of the General Allegations and adopt same as if fully set forth in this cause of action.

XI

The defendant failed to provide Donald Z. Dutton with a safe place to work and with safe and sufficient equipment with which to perform his work.

XII

The defendant has failed to take reasonable precautions to avoid the risk inherent in the work place and violated statutes and regulations designed to protect the plaintiffs.

XIII

The defendant failed to warn the plaintiffs of the unreasonable and life-threatening risks inherent in Donald Z. Dutton's place of work.

4

XIV

As a direct and proximate result of the defendant's failure to provide Donald Z. Dutton with a safe place to work, the defendant's failure to take reasonable precautions to avoid the risk inherent in the work place, the defendant's violations of statute and regulations designed to protect the plaintiffs and other members of the working public, and the defendant's failure to warn the plaintiffs of the unreasonable and life-threatening risk inherent in the work place, the plaintiffs suffered serious and permanent injury and damage as hereinafter alleged.

## SECOND CAUSE OF ACTION
### (FRAUDULENT CONCEALMENT)

The plaintiffs reallege paragraphs I through XIV of this Complaint and Jury Demand and adopt same as if fully set forth in this cause of action.

XV

The defendant fraudulently misrepresented the safety of the work place to plaintiff for the purpose of inducing him to continue to work in the inherently unsafe and unreasonably dangerous work environment provided for him.

XVI

Although the defendant was aware of the serious health risks to plaintiff from his exposure to asbestos, the defendant fraudulently concealed this knowledge from

5

plaintiff and therefore plaintiff continued working in the unsafe and extrahazardous work place.

XVII

As a direct and proximate result of the defendant's fraudulent misrepresentation of the safety of the work place to the plaintiffs, plaintiffs suffered serious and permanent injury and damages as hereinafter alleged.

### THIRD CAUSE OF ACTION

(NEGLIGENCE)

The plaintiffs reallege paragraphs I through XVII of this Complaint and Jury Demand and adopt same as if fully set forth in this cause of action.

XVIII

During the course and scope of his approximate two year employment for the defendant, plaintiff was exposed to defendant's asbestos which exposure directly and proximately caused him to develop asbestosis and restrictive lung disease.

XIX

The illness and disability of plaintiffs are the direct and proximate result of the defendant's negligence, recklessness, and willfullness more particularly set forth below:

(a) The defendant knew, or in the exercise of ordinary care, should have known, that plaintiffs were inhaling extrahazardous vermiculite and asbestos dust which

6

were deleterious, poisonous, and highly harmful to the bodies of plaintiffs and yet the defendant failed to advise plaintiffs of the dangerous characteristics of the vermiculite and asbestos dust.

(b)    The defendant negligently operated the Libby plant where plaintiff was required to work in that the defendant failed to operate the Libby plant in a manner designed to effectively eliminate exposure to the dangerous and extrahazardous vermiculite and asbestos dust and fibers that caused plaintiffs to suffer serious injury.

(c)    The defendant failed or omitted to provide plaintiffs with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if, in truth, defendant was in any way able to protect plaintiffs from being poisoned as they were by exposure to such deleterious and harmful vermiculite and asbestos dust.

(d)    The defendant failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling the asbestos.

(e)    The defendant failed to warn plaintiffs of the dangers to their health in coming in contact with and breathing the asbestos dust.

(f)    The defendant did not recommend a suitable method to improve the work environment.

7

(g)  The defendant continued to use a known cancer causing product, to wit:  asbestos.

XX

As  a  direct  and  proximate  result  of  the defendant's negligence, plaintiffs have suffered the serious and permanent injury and damage as hereinafter alleged.

### FOURTH CAUSE OF ACTION

### (STRICT LIABILITY IN TORT)

The plaintiffs reallege paragraphs I through XX of this Complaint and Jury Demand and adopt same as if fully set forth in this cause of action.

XXI

The defendant failed to control and failed to protect Donald Z. Dutton from exposure to asbestos, which was an extrahazardous and unreasonably dangerous material or substance on the premises of the defendant.

XXII

The  defendants  are  strictly  liable  to  the plaintiffs for all damages proximately caused as a result of the defendant's causing Donald Z. Dutton to be exposed to asbestos.

XXIII

As  a  direct  and  proximate  result  of  the defendant's causing plaintiff Donald Z. Dutton to be exposed to  asbestos,  the  plaintiffs  have  suffered  serious  and permanent injury and damage as hereinafter alleged.

### FIFTH CAUSE OF ACTION

8

(LOSS OF CONSORTIUM)

XXIV

Plaintiffs reallege paragraphs I through XXIII of this Complaint and Jury Demand and adopt same as if fully set forth in this cause of action.

XXV

Plaintiff Elma Jean Dutton is the wife of Donald Z. Dutton.

XXVI

As a direct and proximate result of the defendant's negligence, carelessness, recklessness, strict liability, and violations of law, plaintiff Elma Jean Dutton, suffered the loss of society, cooperation, companionship, love, affection, aid and comfort of her spouse.

## DAMAGES

XXVII

As a direct and proximate result of the negligence, recklessness, fraudulent concealment, strict liability and violations of law committed by the defendant, plaintiff Donald Z. Dutton has suffered great mental and physical pain and suffering.

XXVIII

As a further direct and proximate result of the above-described unlawful conduct of the defendant, plaintiff Donald Z. Dutton suffered loss of earnings and loss of earning capacity.

9

XXIX

As a further direct and proximate result of the above-described unlawful conduct of the defendant, plaintiff Donald Z. Dutton suffered the destruction of his established course and way of life.

XXX

As a further direct and proximate result of the above-described unlawful conduct of the defendant, plaintiff Donald Z. Dutton incurred medical and hospital expenses, and other expenses incident thereto.

XXXI

As a further direct and proximate result of the above-described unlawful conduct of the defendant, plaintiff Elma Jean Dutton suffered the loss of society, cooperation, companionship, love, affection and comfort of her spouse, Donald Z. Dutton.

WHEREFORE, plaintiffs pray for judgment against the defendant as follows:

1. Reasonable damages for Donald Z. Dutton's pain and suffering.

2. Reasonable damages for Donald Z. Dutton's loss of and/or damage to his enjoyment of his established course and way of life.

3. Reasonable compensation to plaintiff Donald Z. Dutton for his medical and hospital expenses to date and reasonably certain to be incurred in the future as a proximate result of the defendant's unlawful conduct.

10

4.   Reasonable damages for plaintiff Donald Z. Dutton's lost earnings and loss of earning capacity.

5.   Reasonable compensation to plaintiff Elma Jean Dutton for the injuries arising out of loss of consortium with her spouse.

6.   Punitive damages in a sufficient amount to punish the defendant and serve as a warning to defendants similarly situated that conduct such as the kind engaged in by the defendant is unacceptable in our society.

7.   For such other relief as to the court seems just and proper.

DATED this _31_ day of _March_, 1988.

McGARVEY, HEBERLING, SULLIVAN & McGARVEY, a partnership of professional corporations

By _____
DALE L. McGARVEY
745 South Main
Kalispell, Montana 59901

Thomas A. Baiz, Jr.
BAIZ & OLSON
Suite 316, 600 Central Plaza
Great Falls, Montana 59401
(406) 727-6263

Edward J. Westbrook
MOTLEY, LOADHOLT, RICHARDSON & POOLE
P.O. Box 1137
Charleston, South Carolina 29402
(803) 577-6747

ATTORNEYS FOR PLAINTIFFS

11



# CNA INSURANCE COMPANIES

9600 SW Oak St. - 2nd Fl
Portland, OR 97223

May 19, 1988

Mr. William Davis
WR Grace & Co
Grace Plaza
1114 Avenue of the Americas
New York, NY  10036-7794

RE:      File No:  48-224674-W6
         Insured:  WR Grace
         Claimant: Donald Dutton
         Your REf: L-49-5036

Dear Mr. Davis:

A Summons and Complaint was filed in District Court of Montana by the
above-named in December of 1986.  Apparently, WR Grace was not apprised
of this Complaint until April 19, 1988.

However, since Mr. Dutton's employment with WR Grace was in 1947 through
1949, this period is prior to any policy covered by CNA Insurance for
W R Grace.  Therefore, we must respectfully decline any action on your
behalf.

I f you have any questions regarding this letter, please do not hesitate
to contact me.

Sincerely,


Linda Del Val
Senior Claims Adjustor


CC:  Gary Graham, Attorney--Garlington Firm, Montana

# Marsh & McLennan

Marsh & McLennan, Incorporated
1221 Avenue of the Americas
New York, New York 10020
Telephone 212 997-2000


Date: 05-23-1988


Mr T J Bell, Sec. V. P.
Maryland Casualty
Claim Division
3910 Keswick Road
Baltimore, MD 21211


Insured:            W R Grace & Co
Date of Loss:       Various
Claim Title:        Grace Ref#L-49-5036
Claimant:           Dutton, Donald Z
Location of loss:   Montana
M&M File No.:        22935

Dear Sir

Enclosed is a complete copy of our file concerning the above
captioned claim, which will serve as first notice of loss.

Please refer to the following for your policy information:

| POLICY | PERIOD | LAYER | $ PARTIC. |
|---|---|---|---|
| WRG-1. | 10/20/1968 06/29/1971 | $30,000,000 XS $20,000,000 | $5,000,000 |
| WRG-2 | 06/30/1971 06/29/1974 | $30,000,000 XS $20,000,000 | $5,000,000 |

Kindly acknowledge receipt of this correspondence by signing
and returning the enclosed carbon copy of this letter, noting
your file number. Please address all inquiries to the under-
signed.

Very truly yours,

Thomas T Green, CPCU
Casualty Claim Department

cc: Mr William Davis

# Marsh &
# McLennan

Marsh & McLennan, Incorporated
1221 Avenue of the Americas
New York, New York 10020
Telephone 212 997-2000

Date: 05-23-1988

Ted Williams
CNA Insurance
CNA Plaza
37 South
Chicago, IL 60685

Insured:            W R Grace & Co
Date of Loss:       Various
Claim Title:        Grace Ref#L-49-5036
Claimant:           Dutton, Donald Z
Location of loss:   Montana
M&M File No.:        22935

Dear Sir

Enclosed is a complete copy of our file concerning the above captioned claim, which will serve as first notice of loss.

Please refer to the following for your policy information:

| POLICY #    | INSURER             | PERIOD              | LAYER              | % PARTIC.   |
|-------------|---------------------|---------------------|--------------------|-------------|
| RDX8936833  | Continental Casualty | 08/09/1973 06/29/1974 | $10,000,000 XS  $10,000,000 | $10,000,000 |
| RDX9156645  | Continental Casualty | 06/30/1974 06/29/1977 | $10,000,000 XS  $10,000,000 | $10,000,000 |
| RDX1788117  | Continental Casualty | 06/30/1977 06/29/1978 | $25,000,000 XS  $75,000,000 | $2,000,000  |
| RDX1788118  | Continental Casualty | 06/30/1977 06/29/1978 | $50,000,000 XS $100,000,000 | $3,000,000  |
| RDX1784282  | Continental Casualty | 06/30/1979 06/29/1980 | $50,000,000 XS $150,000,000 | $10,000,000 |
| RDX1784981  | Continental Casualty | 06/30/1980 06/29/1982 | $50,000,000 XS $150,000,000 | $10,000,000 |
| RDX1785056  | Continental Casualty | 06/30/1982 06/29/1983 | $100,000,000 XS $150,000,000 | $10,000,000 |
| RDX1785096  | Continental Casualty | 06/30/1983 06/29/1984 | $100,000,000 XS $150,000,000 | $8,000,000 |
| RDX1784529  | Continental Casualty | 06/30/1984 06/29/1985 | $20,000,000 XS  $5,000,000 | $1,000,000 |
| *RDX1784530* | Continental Casualty | 06/30/1984 06/29/1985 | $150,000,000 XS $150,000,000 | $8,500,000 |

Kindly acknowledge receipt of this correspondence by signing and returning the enclosed carbon copy of this letter, noting your file number.  Please address all inquiries to the undersigned.

Very truly yours,

Thomas T Green, CPCU
Casualty Claim Department

12- 12-89

Coverage denied by CNA - I have
requested letter of denial -
cvre

Post-it™ Telephone message pad 7660

To _Bill_

Date _10/15_ Time _4:40_

## WHILE YOU WERE OUT

M _Linda Delval_

of _CNA_

Phone No. _____

| TELEPHONED | X | PLEASE CALL |
|---|---|---|
| WAS IN TO SEE YOU | | WILL CALL BACK |
| WANTS TO SEE YOU | | **URGENT** |
| RETURNED YOUR CALL | | |

Message _Complaint filed
(Montana) on Burton Clyde
plaintiff employeed in
The 1940's No Policy.
No coverage Ltr. Same as
Donald Denton's File._

Operator _____