IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>            Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br><br>(Jointly Administered)<br><br>**Hearing Date: September 11, 2009 at 8:30 a.m. (ET)**<br>**Objection Deadline: September 10, 2009 at 3:00 p.m. (ET)**<br><br>**Ref. No. 23018** |

## LIBBY CLAIMANTS' RESPONSE TO ARROWOOD'S MOTION TO STRIKE, AND OBJECTIONS TO, THE LIBBY CLAIMANTS' DESIGNATION OF THE DEPOSITIONS OF INDIVIDUAL LIBBY CLAIMANTS

Claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby respond to Arrowood's Motion to Strike, and Objections to, the Libby Claimants' Designation of the Depositions of Twenty-One Individual Claimants Taken Outside of Bankruptcy dated August 28, 2009 [Docket No. 23018] (the "Motion"). In support of this Response, the Libby Claimants state:

In accordance with the Court's Fourth Amended Case Management Order Related to the First Amended Joint Plan of Reorganization [Docket No. 22819], the Libby Claimants filed their Deposition or Prior Testimony Designations on August 14, 2009 [Docket No. 22814]. On August 20 and 24, 2009, Arrowood Indemnity Company, f/k/a/ Royal Indemnity Company ("Arrowood") submitted objections to the Libby Claimant designations [Docket Nos. 22901, 22934]. On August 28, 2009, Arrowood filed the Motion seeking to strike the designations that it had already twice objected to and once again filing (the same) objections to the designations.

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 22784], as it may be amended and restated from time to time.

{393.001-W0002766.}

Despite countless objections having been filed against the deposition and prior testimony designations made by numerous parties to this proceeding, including other objections filed by Arrowood, Arrrowood seeks an expedited determination of its Motion.

Arrowood is a unique participant to the Phase II plan confirmation proceedings. Despite this Court's Order Regarding Phase II Pre-Trial Proceedings Docket No. 22347] requiring participants in the Phase II proceedings to file a pre-trial submission, setting forth the participant's Phase II statement of issues, witnesses, and exhibits on July 20, 2007, Arrowood failed to file a responsive pleading. Instead, Arrowood chose to submit a reservation of rights document, noting the then-pending Debtors' Motion for an Order Approving the Settlement Agreement and Mutual Release with Royal Parties [Docket No. 22153] (the "Settlement Motion") and the provision (Section III.I) contained in the proposed settlement agreement (the "Agreement") requiring Arrowood to suspend prosecution of objections to the Plan. The Settlement Motion and Agreement were subsequently approved by the Court on August 19, 2009 [Docket No. 22859]. Except as to the one issue reserved by this Court's order concerning the Settlement Motion, wherein the Court stated: "[T]he Court is not deciding whether a Section 524(g) injunction should issue. Questions relating to Section 524(g) are reserved for Plan confirmation proceedings," by agreement, Arrowood's participation in the bankruptcy case should be limited. That, however, is not the case.

Although having nothing to do with the scope of or issue concerning a 524(g) injunction, Arrowood seeks to strike the individual Libby Claimant prior testimony and deposition designations as inadmissible hearsay. But the designations are appropriate, probative and admissible under Fed. R. Evid. 804(b)(1). In order for former testimony to be admissible under Fed. R. Evid. 804(b)(1): 1) the declarant must be unavailable; 2) testimony must be taken at a

hearing, deposition, or civil action or proceeding; and 3) the party against whom the testimony is now offered must have had, or its predecessor in interest must have had, an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. See Kirk v. Raymark Indus., Inc., 61 F.3d 147, 165 (3d Cir. 1995). Privity or a common property interest is not required to establish a predecessor in interest relationship, rather, a shared interest in the material facts and outcome of the case will create such an interest. See Lloyd v. American Export Lines, Inc., 580 F.2d 1179, 1185-87 (3d Cir. 1978). Here, many of the declarants are deceased or are too sick to travel, all testimony was taken at a hearing, deposition, or civil action or proceeding, and Arrowood, as an insurer for the Debtors, undoubtedly has a shared interest necessary to meet the requirement for the exception to apply. Indeed, as to the last element of Fed. R. Evid. 804(b)(1) exception, insurers and insureds are routinely found not to be adverse, at least initially, but in privity and to share a common interest in minimizing their exposure to legal and monetary liability. See Waste Management, Inc. v. International Surplus Lines Ins. Co., 144 Ill.2d 178, 193 (1991) (holding that common interest doctrine in privilege disputes applies as between insurer and insured). Furthermore, to suggest, as Arrowood does, that sufficient commonality of subject matter cannot be obtained because of the contrasting forums – bankruptcy proceeding and individual personal injury cases – operates as an overbroad restriction on the application of Fed. R. Evid. 804(b)(1). See Fed R. Bankr. P. 9017 (Fed. R. Evid. applies in cases under the Bankruptcy Code).

Arrowood is not a Plan Proponent; it has suspended its objections to the Plan. To the extent the Motion is properly before this Court, for the foregoing reasons, it must be denied.

3

WHEREFORE for the reasons set forth herein, the Court should deny the Motion and grant such other and further relief as the Court may deem just and proper.

Dated: September 10, 2009
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kerri Mumford*

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE  19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone:  (617) 951-2505
Facsimile:  (617) 951-0679

*Counsel for Libby Claimants*