IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | Case No. 01-01139 JKF |
| W.R. Grace & Co., *et al* | : | (Jointly Administered) |
| | : | |
| Debtors. | | |

## PHASE II STIPULATION

The undersigned parties to the above-captioned bankruptcy case, having met and conferred, hereby stipulate and agree to the following in order to streamline the presentation of evidence in Phase II and eliminate the need for Objector Garlock Sealing Technologies, LLC to offer testimony from live witnesses.

The undersigned parties stipulate to the following facts for the purposes of Phase II of the Confirmation Hearing on the First Amended Joint Plan of Reorganization (D.I. 20872) only:

1. Garlock contends that, in the absence of this Stipulation, it would offer evidence that:

   a. Prior to Grace's bankruptcy case, a majority of the asbestos personal injury claimants who sued Garlock in many states (including states that follow principles of joint and several liability) alleging that Garlock's products contributed to their injuries also named Grace as a defendant and alleged that Grace's products contributed to their asbestos injuries as well; and

   b. During Grace's bankruptcy case, a majority of the individuals who claim to hold Asbestos PI Claims against Grace have asserted claims against Garlock alleging that Garlock contributed to their injuries as well.

2. While the Plan Proponents have not verified the magnitude of common claims against Grace and Garlock, the Plan Proponents contend that the scale of common claims is irrelevant and stipulate that:

   a. Prior to Grace's bankruptcy case, a number of the asbestos personal injury claimants who sued Garlock in many states (including states that follow principles of joint and several liability) alleging that Garlock's products contributed to their injuries also named Grace as a defendant and alleged that Grace's products contributed to their asbestos injuries as well; and

2312559/1

    b. During Grace's bankruptcy case, a number of individuals who claim to hold Asbestos PI Claims against Grace have asserted claims against Garlock alleging that Garlock contributed to their injuries as well.

3. Garlock and the Plan Proponents also stipulate to the following:

4. If the Plan is confirmed and consummated:

    a. The Asbestos PI Trust is likely to receive some Claims and Demands in the future by Asbestos PI Claimants who also assert claims in the tort system against Garlock alleging that Garlock's products also contributed to their asbestos injuries;

    b. As a result of such Claims and Demands, Garlock itself may assert Claims and Demands in the future against the Asbestos PI Trust; and

    c. Garlock might hold Indirect PI Trust Claims against the Asbestos PI Trust on account of such Claims and Demands.

5. Any Indirect PI Trust Claims that Garlock might assert against the Asbestos PI Trust will be subject to any defenses the Asbestos PI Trust may have.

6. Any Asbestos PI Trust payment on a Claim or Demand brought by an Asbestos PI Claimant who also has sued Garlock would be subject to the then-applicable Payment Percentage, a percentage that is currently estimated by the Plan Proponents to be in the range of 25% to 35%.

7. Any Asbestos PI Trust payment on any Indirect PI Trust Claim that Garlock might assert would be subject to the then-applicable Payment Percentage, a percentage that is currently estimated by the Plan Proponents to be in the range of 25% to 35%.

8. A portion of Garlock's Exhibit List is attached hereto and incorporated herein as Attachment A.

9. Garlock's Exhibits 21, 23, 48, 52 through 64, 72 through 84, 94 through 98 and 100, which are final judgments and other documents related to two asbestos actions against Garlock, *Puller v. ACandS, Inc., et al.* (Circuit Court for Baltimore City No. 24-X-02-000023) and *Snyder v. ACandS, Inc., et al.* (Circuit Court for Baltimore City No. 24-X-01-001969), as well as claim forms filed by Garlock and the Estates of Reginald Puller and Gary Snyder against various asbestos trusts and related materials, are authentic. Further:

    a. The Plan Proponents waive all objections to Exhibit 73.

    b. The Plan Proponents reserve the right to object to admission of any other such Exhibit on the basis of relevance;

    c. Exhibits 21, 23, 48, 72, 74, 75, and 100 are offered for the truth of the assertions in such Exhibits;

    d. Exhibits 52 through 64, 76 through 84, and 94 through 97 are not offered to prove the truth of the assertions but are offered to prove that the allegations were made, positions taken, and/or claims filed as indicated in the respective proceedings on the respective dates of such Exhibits and Exhibit 98 is offered to prove that Garlock undertook the analysis indicated which produced the indicated results; and

    e. All other objections to the admissibility of such documents are waived.

10. Garlock's Exhibits 101, 102 and 103 are authentic, certified copies of transcripts of proceedings in state courts in Delaware and Texas and a bench ruling in state court in Ohio.

11. Plan Proponents waive all objections to Garlock's Exhibits 65, 66, 67 and 68.

12. Except as provided for herein, all other objections are preserved.

13. Plan Proponents will not object to the declaration attached hereto as Attachment B except on grounds of relevance, and will not offer any evidence to the contrary. In the event that any non-Plan Proponent objects to the declaration on grounds other than relevance and that objection is sustained, or any non-Plan Proponent offers evidence to the contrary, Garlock may present the evidence in the Declaration or rebut evidence offered by such non-Plan Proponent by live testimony of the Declarant.

**This Stipulation is being entered into only for the purposes of Phase II of the Confirmation Hearing on the First Amended Joint Plan of Reorganization (D.I. 20872), and may not be used by any party or person for any other purpose.**

IT IS SO STIPULATED.

Dated: September 10, 2009

/s/ Brett D. Fallon
Brett D. Fallon (DE Bar No 2480)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Fax: (302) 571-1750
Email bfallon@morrisjames.com

-and-

/s/ Garland Cassada
Garland Cassada
Richard C. Worf
ROBINSON, BRADSHAW & HINSON
101 North Tyron Street, Street Suite 1900
Charlotte, NC 28246
Telephone (704) 377-8135
Email GCassada@ rbh.com
RWorf@rbh.com

*Counsel for Garlock Sealing Technologies, LLC*

IT IS SO STIPULATED.

Dated: September 10, 2009

/s/ Andrew Running
David M Bernick, Esquire
Andrew Running, Esquire
Lisa Esayian, Esquire
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Janet S. Baer, Esquire
The Law Offices of Janet S. Baer P.C.
70 W. Madison St., Suite 2100
Chicago, IL 60602

Laura Davis Jones, Esquire
David W. Carickhoff, Jr., Esquire
Pachulski, Stang, Ziehl, Young Jones
 & Weintraub
919 North Market Street, 16th Floor
Wilmington, DE 19899-8705

*Counsel for the Debtors*
*W.R. Grace & Co., et al.*

IT IS SO STIPULATED.

Dated: September 10, 2009

/s/ James P. Wehner
Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152

Peter Van N. Lockwood, Esquire
James P. Wehner, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle NW, Suite 1100
Washington, DC 20005

Robert Horkovich, Esquire
Robert Chung, Esquire
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

Marla Eskin, Esquire
Mark Hurford, Esquire
Campbell & Levine, LLC
800 N. King Street, #300
Wilmington, DE  19801-3549

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*

IT IS SO STIPULATED.

Dated: September 10, 2009

/s/ Jonathan P. Guy
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Jonathan P. Guy, Esquire
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street NW
Washington, DC 20005-1706

John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

*Counsel for David T. Austern, Asbestos PI Future Claimants' Representative*

IT IS SO STIPULATED.

Dated: September 9, 2009

/s/ David E. Blaybey, Jr.
David E. Blaybey, Jr., Esquire
Kramer, Levin, Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esquire
222 Delaware Avenue, Suite 1200
PO Box 1266
Wilmington, DE 19899

*Counsel for the Official Committee of Equity Security Creditors*