# Attachment B

2312559/1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 01-01139 |
| | ) | CHAPTER 11 |
| W.R. GRACE & CO., et al. | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |

---

**DECLARATION OF JOHN A. TURLIK IN SUPPORT OF OBJECTION OF GARLOCK SEALING TECHNOLOGIES, LLC TO CONFIRMATION OF PLAN PROPONENTS' FIRST AMENDED JOINT PLAN OF REORGANIZATION**

---

John A. Turlik, being over the age of 21 years, and duly sworn upon his oath, does hereby depose and state as follows:

1. The statements contained herein are based on my personal knowledge and observations.

2. I am a lawyer in and shareholder of the law firm, Segal McCambridge Singer & Mahoney, in Philadelphia, Pennsylvania. I am licensed to practice law in the states of Maryland, Ohio, and Pennsylvania.

3. For over twenty years, I have represented Garlock Sealing Technologies, LLC ("Garlock") in the defense and resolution of law suits filed against Garlock by persons alleging that they suffer bodily injury caused in part by exposure to products formerly produced by Garlock.

4. Segal McCambridge Singer & Mahoney appears for and defends Garlock in state and federal courts in asbestos law suits in many jurisdictions across the country, including Maryland, Delaware, Pennsylvania, New Jersey, New York Texas, Michigan, Wisconsin, Illinois, Indiana, and the District of Columbia. In addition, I serve as regional counsel for Garlock in the northeast region of the United States, in which capacity I supervise the defense of cases in Virginia, West Virginia, Ohio, the District of Columbia, Maryland, Delaware, Pennsylvania, New Jersey, New York, Rhode Island, Connecticut, Massachusetts, Vermont, New Hampshire, and Maine.

5. I represented Garlock in the defense of two asbestos complaints filed against it in state court in Baltimore, Maryland, *Reginald Puller, et al. v. ACandS, Inc., et al.* (Circuit Court for Baltimore City No. 24-X-02-000023) and *Gary Snyder, et al. v. ACandS, Inc., et al.* (Circuit Court for Baltimore City No. 24-X-01-001969). Mr. Puller and Mr. Snyder both suffered from and died as a result of malignant mesothelioma that they alleged to have been caused by exposure to the asbestos-containing products of numerous defendants, including Garlock. I was part of each of the two teams of lawyers that represented Garlock in these cases: I was a trial lawyer for Garlock in the *Snyder* case and I was supervising lawyer for Garlock in the *Puller* case. I reviewed pre-trial discovery in both cases and attended all of the *Snyder* trial and part of the *Puller* trial.

6. Discovery was extensive in both cases and, through a combination of interrogatories, document requests, depositions, and requests for admissions, Garlock requested the plaintiffs and their witnesses to identify every company that they contended contributed to their asbestos-related injuries and to provide Garlock with all evidence of exposure to the products or operations of any such company.

7. At the conclusion of the trials, the juries awarded verdicts to Mr. Snyder and Mr. Puller and the trial judges entered judgments in favor of these plaintiffs and against Garlock, on September 21, 2004 in the *Puller* case and on April 13, 2005 in the *Snyder* case. After appeals, Garlock paid in full both judgments, the *Puller* judgment in the amount of $3,883,495.70 on or about October 24, 2005 and the *Snyder* judgment in the amount of $4,149,850.48 on or about April 10, 2007.

8. Between the time the complaint was filed against Garlock in the *Puller* case and the time when Garlock satisfied the judgment in *Puller*, no party or witness (including the plaintiff) identified to Garlock exposure to any asbestos-containing product for which the United States Gypsum Asbestos Personal Injury Settlement Trust, the NGC Bodily Injury Trust, or the Fibreboard Sub-Account of the Owens Corning/Fibreboard Asbestos Personal Injury Trust has legal responsibility. Between the time the complaint was filed in the *Snyder* case and the time when Garlock satisfied the judgment in *Snyder*, no party or witness (including the plaintiff) identified to Garlock exposure to any product for which the Fibreboard Sub-Account of the Owens Corning/Fibreboard Asbestos Personal Injury Trust has legal responsibility.

FURTHER AFFIANT SAITH NAUGHT.

_____
John A. Turlik

Subscribed and sworn to before me
this 10th day of July, 2009.
September

_____

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
SUSAN M. GROSS, Notary Public
City of Philadelphia, Phila. County
My Commission Expires July 27, 2011

3

Notary Public

My commission expires: July 27 2011