IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |
| | Ref. No. 23177 |

## LIBBY CLAIMANTS' OBJECTION TO FIRST SET OF MODIFICATIONS TO JOINT PLAN OF REORGANIZATION

Claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby object to the Notice of First Set of Modifications to Joint Plan of Reorganization dated September 4, 2009 [Docket No. 23177] (the "Plan Modifications"). Although described as "technical modifications," the Plan Modifications seek to modify a material element of the Plan[2] by providing—contrary to this Court's directive—that the Plan Proponents[3] may hand out Section 524(g) injunctions without first obtaining this Court's approval. In support of this Objection, the Libby Claimants state:

By the Plan Modifications, the Plan Proponents seek to modify an essential component of the Plan by allowing the Plan Proponents and Asbestos Insurance Entities to consummate settlements that qualify and provide for protection by the Section 524(g) Asbestos PI Channeling Injunction without this Court's approval. Plan Modifications at p. 2. This issue was discussed at the Disclosure Statement hearing. There, the Libby Claimants objected to what appeared to be

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 22784], as it may be amended and restated from time to time.

[2] First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated as of February 27, 2009 [D.I. 20872].

[3] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Plan.

{393.001-W0002802.}

an attempt by the Plan Proponents to settle with insurers without first obtaining this Court's approval:

> MR. COHN: I really wanted to say a couple of words about Exhibit 5, which is the list of settled insurance companies. This is one of the documents as to which there is an unlimited ability to amend, apparently, without time limit and we remain concerned about that. Obviously, if there are typographical errors in policy numbers, that kind of thing, of course, needs to corrected and there needs to be a mechanism to timely do so, but to the extent that insurance companies are going to be added or subtracted or ... if there were going to be a change in the exhibit as it relates to what coverages were deemed settled, a substantive matter not merely a typographical error, there would need to be adequate chance for all parties to respond ....
>
> ...
>
> THE COURT: Well, it has to be, if it's a settlement, it's going to have to come before the Court. I'm not going to permit the debtor to just add insurance policies to Exhibit 5 without bringing a 9019 motion.
>
> ...
>
> MR. LOCKWOOD: I think that's everybody's understanding. And if Mr. Cohn had some different understanding, he's confused.

Hearing Transcript, October 27, 2008 [Docket No. 20006], pp. 45-47. Copies of these pages of the transcript are attached hereto as Exhibit A.

Despite the Court's clear directive, the Plan Proponents propose to do exactly what the Court said they would not be permitted to do – add insurance policies to Exhibit 5 without Court approval. Specifically, by the Plan Modifications, the Plan Proponents propose the following modification to the definition of Settled Asbestos Insurance Company:

> **"Settled Asbestos Insurance Company"** shall mean any Asbestos Insurance Entity that has entered into an Asbestos Insurance Settlement Agreement prior to ~~the conclusion of the Confirmation Hearing~~ <u>the eleventh day following the entry of the Confirmation Order by the Bankruptcy Court</u>; *but only* with respect to, and only to the extent of, any insurance policy (or any portion thereof) identified as the subject of an Asbestos

> Insurance Settlement Agreement in Exhibit 5 in the Exhibit Book; *provided, however,* that ~~(i)~~ each such Asbestos Insurance Settlement Agreement is listed by the Plan Proponents, acting together, in Exhibit 5 ~~and (ii) the Asbestos Insurance Settlement Agreement is approved by the Court as sufficiently comprehensive to warrant treatment under section 524(g) of the Bankruptcy Code~~; and *further provided*, for the avoidance of doubt, that an Asbestos Insurance Entity is a Settled Asbestos Insurance Company to the fullest extent, but only to the extent, provided by section 524(g) in respect of any claim that arises by reason of one of the activities enumerated in section 524(g)(4)(A)(ii).

Plan Modifications at p. 2. The modification is not merely technical. It expands the time period for the Plan Proponents and Asbestos Insurance Entities to reach Asbestos Insurance Settlement Agreements to and including 11 days after the entry of the Confirmation Order. But more importantly, it removes the requirement that the Court approve Section 524(g) injunctions. Courts, however, may not enter injunctions inconsistent with the limitations of Section 524(g). In re Combustion Engineering, 391 F.3d 190, 235-38 (3d Cir. 2004). Assuming that the Asbestos Insurance Entity could otherwise qualify for a Section 524(g) injunction, the protection is only appropriate if the court determines that the injunction is fair and equitable. 11 U.S.C. § 524(g)(4)(B)(ii); see also In re Congoleum Corp., 362 B.R. 167, 179-80 (Bankr. D. N.J. 2007), and authorities cited therein.

The names of the Settled Asbestos Insurance Companies and the terms on which their insurance coverage has been settled are a material aspect of the treatment of Asbestos PI Claims. Unless the names of the Settled Asbestos Insurance Companies and the terms on which their insurance coverage has been settled are disclosed and brought before this Court for approval (after appropriate notice), Asbestos PI Claimants, including the Libby Claimants, will be denied due process of law by reason of having inadequate notice of and opportunity to object to a material element of the Plan.

3

{393.001-W0002802.}

For the foregoing reasons, the Libby Claimants submit that the Plan Modification must be denied.

Dated: September 11, 2009　　　　　　　**LANDIS RATH & COBB LLP**
　　　　　Wilmington, Delaware

_____
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for Libby Claimants*

{393.001-W0002802.}

4