# EXHIBIT A

1  do about that.
2       THE COURT:  Okay.  Well, I think to the extent that
3  there are those types of issues, hopefully between now and
4  November 14th, you're going to get them resolved, and if you
5  don't then, you know, we'll have issues.
6       MR. PERNICONE:  That's our intention, Your Honor.  We
7  only got it, really, one and a half business days before today,
8  so obviously, we're in no position to have a dialogue, but
9  that's the expectation.
10      THE COURT:  Yes.
11      MR. PERNICONE:  Thank you.
12      THE COURT:  All right.  Good morning.
13      MR. COHN:  Good morning, Your Honor, Daniel Cohn, for
14 the Libby claimants.  I really wanted to say a couple of words
15 about Exhibit 5, which is the list of settled insurance
16 companies.
17      This is one of the documents as to which there is an
18 unlimited ability to amend, apparently, without time limit and
19 we remain concerned about that.  Obviously, if there are
20 typographical errors in policy numbers, that kind of thing, of
21 course, needs to corrected and there needs to be a mechanism to
22 timely do so, but to the extent that insurance companies are
23 going to be added or subtracted or as in Mr. Pernicone's case,
24 for example, if there were going to be a change in the exhibit
25 as it relates to what coverages were deemed settled, a

46

1  substantive matter not merely a typographical error, there
2  would need to be adequate chance for all parties to respond,
3  especially the Libby claimants because what he's talking about
4  is coverage for Libby claims.
5       The other observation I wanted to make, Your Honor,
6  is that while Exhibit 5 is certainly helpful disclosure, we now
7  know who the settled insurance companies are, and what the
8  coverages are that are purported to be settled, there are
9  additional disclosure issues that we should talk about, whether
10 now or at some other appropriate point in the hearing, for
11 example, what consideration is being paid by the settled
12 insurance companies in exchange for the Section 524(g)
13 protection.
14      THE COURT: Well, I thought --
15      MR. FREEDMAN: Your Honor --
16      THE COURT: -- excuse me, I thought that Exhibit 5
17 was previously settled policies not to be settled policies.
18      MR. FREEDMAN: Exhibit 5 will --
19      MS. HELLER: Please use the microphone.
20      MR. FREEDMAN: Exhibit 5 will identify all the
21 settled insurance companies. So if a company makes a
22 settlement that is -- that permits it to be included within
23 Exhibit 5, that company would have that option. And I'm not
24 quite sure what Mr. Cohn is referring to about a need to know
25 the consideration.

**J&J COURT TRANSCRIBERS, INC.**

1   THE COURT: Well, it has to be, if it's a settlement,
2 it's going to have to come before the Court. I'm not going to
3 permit the debtor to just add insurance policies to Exhibit 5
4 without bringing a 9019 motion.
5   MR. FREEDMAN: I think that that's everybody's --
6   MR. LOCKWOOD: I think that's everybody's
7 understanding. And if Mr. Cohn had some different
8 understanding, he's confused.
9   MR. FREEDMAN: Yes.
10   THE COURT: So, right now, my understanding is that
11 Exhibit 5, as of now, should only be already settled policies.
12 Is there something on it that's other than already settled
13 polices?
14   MR. FREEDMAN: Your Honor, I'll confirm this, but I
15 don't believe so. I don't believe that there's been any
16 settlement that hasn't, indeed, been brought before this Court.
17 I'm sure that if it was done post petition, it was brought
18 before the Court and if it was done prepetition, it was already
19 settled.
20   THE COURT: Right. So, it should --
21   MR. COHN: Your Honor, that's my understanding also.
22 I don't think that anything that's on there, that I know of, is
23 a newly settled insurance policy.
24   THE COURT: Okay.
25   MR. COHN: The distinction, the point I was getting