IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: October 6, 2009 @ 4:00 p.m.** |
| | ) | **Hearing Date: October 13, 2009 @ 9:00 a.m.** |
| | ) | Agenda No. _____ |

**ORDER PURSUANT TO SECTIONS 105, 363, 1107 AND 1108 OF
THE BANKRUPTCY CODE AND RULES 2002, 6004, 9014 AND 9019 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
APPROVING THE AMENDED SETTLEMENT AGREEMENT AND MUTUAL
RELEASE WITH THE CHARTIS INSURANCE COMPANIES**

This matter having come before the Court on the Debtors' Motion (the "Motion") For An Order Approving The Amended Settlement Agreement And Mutual Release With The Chartis Insurance Companies (the "Amended Agreement"), and the Court having reviewed and conducted a hearing on the Motion; the Court hereby finds that:

(a)   the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

(b)   this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

(c)   notice of the Motion was adequate under the circumstances;

(d)   the compromise and settlement memorialized in the Amended Agreement are the product of arm's-length, good faith negotiations by and between W. R. Grace & Co., on its own behalf and on behalf of the Grace Parties, and American Home Assurance Company, AIU Insurance Company, Birmingham Fire Insurance Company of Pennsylvania (now known as AIG Casualty Company), Granite State Insurance Company, Illinois National Insurance Company, Insurance Company of the State of Pennsylvania, Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA and New Hampshire Insurance Company (hereinafter collectively referred to as "the Chartis Insurance Companies") and are not the product of fraud or collusion; the settlement meets the standard established by the United States Court of Appeals for the Third Circuit for approval of settlements, which requires consideration of the following factors: (1) the

probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and related expense and inconvenience; and (4) the interests of the creditors. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also Fry's Metals, Inc. v. Gibbons (In re RFE Industries, Inc.)*, 283 F.3d 159, 165 (3d Cir. 2002);

(e) the consideration to be realized by the bankruptcy estate as a result of the settlement with the Chartis Insurance Companies is fair and reasonable;

(f) the FCR and the ACC support the Motion and they support the requests that the Chartis Insurance Companies become Settled Asbestos Insurers under the Plan and that the Chartis Insurance Companies be protected pursuant to section 524(g) of the Bankruptcy Code pursuant to the Plan;

(g) the relief requested in the Motion is in the best interests of the bankruptcy estate; and

(h) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

NOW, THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A), 363, 1107 AND 1108, AND RULES 2002, 6004, 9014 AND 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. For the reasons set forth herein and on the record at the hearing, all objections to the Motion and the relief requested therein and/or granted in this Order that have not been withdrawn, waived or settled, and all reservations of rights included in such objections are overruled on the merits. By this Order, however, the Court is not deciding at this time whether a Bankruptcy Code Section 524(g) injunction should be issued with respect to the Chartis Insurance Companies. Questions relating to Section 524(g) are reserved for plan confirmation proceedings.

3. The Amended Agreement, a copy of which is attached to the Motion as <u>Exhibit A</u>, is approved in its entirety.

91100-001\DOCS_DE:152996.1

4. The Debtors shall be, and hereby are, authorized to enter into the Amended Agreement, and are authorized to execute, deliver, implement and fully perform any and all obligations, to execute any instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Amended Agreement and perform any and all obligations contemplated therein, including designating the Amended Agreement as an Asbestos Insurance Settlement Agreement and each of the Chartis Insurance Companies as a Settled Asbestos Insurance Company on Exhibit 5 to the Joint Plan of Reorganization with respect to claims addressed in the Amended Agreement under the insurance policies subject to the Amended Agreement. If such a plan is confirmed, following the plan effective date, the Asbestos PI Trust, upon its creation, will be bound to the terms of the Amended Agreement as if it were a signatory to the Amended Agreement as of the latter's execution date.

5. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 6004(h).

6. This Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Order subject to the terms of the Amended Agreement.

Dated: _____, 2009

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

91100-001\DOCS_DE:152996.1