IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139(JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related to D.I. No. 20872** |

**STIPULATION OF FACTS BY AND BETWEEN LONGACRE MASTER FUND, LTD., LONGACRE CAPITAL PARTNERS (QP), L.P. AND DEBTORS IN CONNECTION WITH HEARING TO CONSIDER CONFIRMATION OF THE FIRST AMENDED CHAPTER 11 PLAN OF W. R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS DATED FEBRUARY 27, 2009**

1.  Longacre Master Fund, Ltd. and Longacre Capital Partners (QP), L.P., on the one hand, and the above-captioned debtors and debtors-in-possession (the "Debtors" and, together with Longacre, the "Parties"), on the other hand, hereby stipulate to the following factual record in connection with the Hearing (the "Confirmation Hearing") to consider confirmation of the First Amended Chapter 11 Plan of W. R. Grace & Co., et al., The Official Committee of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, and The Official Committee of Equity Security Holders, Dated February 27, 2009 (D.I. 20872) (the "Plan"):

2.  Subsequent to the Petition Date, National Union Fire Insurance Company of Pittsburg, PA ("National Union") filed a proof of claim in the Debtors' chapter 11 proceedings in the amount of $46,971,764 plus additional unliquidated amounts, which claim was assigned claim number 9553 (the "Claim").

3.  On November 13, 2007, Debtors and National Union entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement").

4. Paragraph 5 of the Settlement Agreement reduces and allows the Claim in the fixed amount of $9,806,018 and states that the Claim is allowed and will be treated ". . . as an unsecured, pre-petition, non-priority claim."

5. Paragraph 5 of the Settlement Agreement provides that "[u]pon payment by National Union of the Payment Amount, National Union Claim No. 9553 shall be allowed in the total amount of $9,806,018, as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors, which claim consists of: (a) $8,639,890, the balance of the Payment Amount after applying the letter of credit proceeds . . . (b) National Union's claim for unpaid bond premiums on the Bonds in the amount of $432,193; and (c) National Union's claim for litigation expenses in connection with the Bonds in the amount of $733,935.  All other amounts claimed owing on Claim No. 9553 shall be hereby expunged and disallowed."

6. Paragraph 5 of the Settlement Agreement states: "[i]n the event that any plan or plans of reorganization that the Debtors, or any of them, may confirm in the bankruptcy cases provides for payment of interest on unsecured, pre-petition, non-priority claims, the National Union Claim in the amount allowed herein, shall bear interest at the rate provided in such plan or plans from and after the Closing Date without regard to the date from which interest accrues under the terms of such plan or plans of reorganization."

7. On December 4, 2007, the Court entered the Order Approving the Settlement Agreement, in that certain Adversary Proceeding captioned *W. R. Grace & Co.-Conn. v. National Union Fire Insurance Company of Pittsburgh, PA and Reaud, Morgan & Quinn, Inc. and Environmental Litigation Group, P.C. (In re W. R. Grace & Co.)* (Adv. Proc. No. 02-01657) (A.D.I. 115) (the "Settlement Order").

8.      The Settlement Order authorized the compromise reflected in the Settlement Agreement and granted the Motion seeking approval of the Settlement Agreement.

9.      On December 13, 2007, National Union and Longacre entered into an Assignment Of Claim (the "Assignment"), pursuant to which National Union assigned all right, title and interest in the Claim to Longacre. Under the Assignment, Longacre is entitled to enforce all rights and benefits under the Claim, as the successor-in-interest to National Union.

10.     On December 17, 2007, Longacre filed the Notice Of Transfer Of Claim Pursuant To FRBP Rule 3001(e)(2) (D.I. 17648).

11.     On February 27, 2009, the Debtors filed the Plan.

12.     The Plan provides eleven classes of claims and interests: nine classes of creditors and two classes of equity interest holders, as set forth in Article 3 of the Plan.

13.     Class 6 consists of "Asbestos PI Claims," as set forth in section 3.1.6 of the Plan. Section 1.33 of the Plan defines Asbestos PI Claims to include, *inter alia*, "Indirect PI Trust Claims." Section 1.138 of the Plan defines "Indirect PI Trust Claims" as **"**any Claim or remedy, liability, or Demand against the Debtors, now existing or hereafter arising, whether or not such Claim, remedy, liability, or Demand is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, whether or not the facts of or legal bases for such Claim, remedy, liability, or Demand are known or unknown, that is (x)(i) held by (A) any Entity (other than a director or officer entitled to indemnification pursuant to Section 8.8.9 of the Plan) who has been, is, or may be a defendant in an action seeking damages for death, bodily injury, sickness, disease, or other personal injuries (whether physical, emotional, or otherwise) to the extent caused or allegedly caused, directly or indirectly, by exposure to asbestos or asbestos-containing products for which

the Debtors have liability or (B) any assignee or transferee of such Entity and (ii) on account of alleged liability of the Debtors for payment, repayment, reimbursement, indemnification, subrogation, or contribution of any portion of any damages such Entity has paid or may pay to the plaintiff in such action or (y) held by any Entity that is a claim seeking payment, repayment, reimbursement, indemnification, subrogation, or contribution from the Debtors with respect to any insurance settlement agreement, surety bond, letter of credit or other financial assurance issued or entered into by any Entity on account of, or with respect to, Asbestos PI Claims; *provided, however,* that for the avoidance of doubt, the term "Indirect PI Trust Claim" shall not include or pertain to any Asbestos PD Claim, CDN ZAI PD Claim, Environmental Claim, or Workers' Compensation Claim."

14. The claims of Class 6 creditors are impaired under the Plan, as set forth in section 3.1.6(d) of the Plan.

15. Section 3.1.6(c) of the Plan provides that pursuant to the Plan, the sole recourse of a creditor holding a Class 6 claim is against assets funded into the Asbestos PI Trust, pursuant to a channeling injunction and the Asbestos PI TDP, and such creditor can obtain no further recovery from the Debtors on account of its Class 6 claim.

16. Section 4.2 of the Asbestos PI TDP provides that the Initial Payment Percentage (as described therein) for creditors holding Class 6 claims will be equal to between 25% and 35% of the allowed amount of their respective claims.

17. Debtors have classified the Claim asserted by National Union and now held by Longacre as an Indirect PI Trust Claim such that the Plan classifies the Claim as a Class 6 claim.

18. Class 9 consists of all General Unsecured Claims, as set forth in section 3.1.9 of the Plan. Section 1.126 of the Plan defines General Unsecured Claims to mean "any Claim in the Chapter 11 Cases that is not an Administrative Expense Claim, Priority Tax Claim, Priority Claim, Secured Claim, Employee Benefit Claim, Workers' Compensation Claim, Intercompany Claim, Asbestos PI Claim, CDN ZAI PD Claim, or Asbestos PD Claim." Pursuant to section 3.19(f) of the Plan, creditors holding Class 9 claims will receive on account thereof a distribution equal to 100% of the allowed amount of their respective claims, plus post-petition interest on such claims.

19. Longacre has filed an objection to the Plan, alleging, *inter alia*, that its Claim should be reclassified to be treated as a General Unsecured Claim in Class 9.

20. The Parties stipulate to the authenticity of, and hereby waive all objections to the admissibility as evidence for any purpose of the following documents, which documents shall be entered into evidence at the Confirmation Hearing:

a. Order Appointing David T. Austern As Legal Representative For Future Asbestos Personal Injury Claimants as appearing on the Docket at D.I. 5645.

b. Settlement Agreement And Mutual Release, as appearing on the electronic docket being maintained by the Clerk of Court in Adv. Proc. No. 02-01657 (the "Adversary Docket") at A.D.I. 115.

c. Order Authorizing Debtors' Settlement With National Union And Claimants, as appearing on the Adversary Docket at A.D.I. 115.

d. Proof of Claim No. 9553, as attached hereto as Exhibit "Long A."

e. Assignment of Claim dated December 13, 2007, as attached hereto as Exhibit "Long B".

    f. Notice Of Transfer Of Claim Pursuant To FRBP Rule 3001(e)(2) (D.I. 17648).

    g. WRG Asbestos PI Trust Agreement (Exhibit "2" to Plan Exhibit Book) as appearing on the Docket at D.I. 20874.

    h. WRG Asbestos PI Trust Distribution Procedures (Exhibit "4" to Plan Exhibit Book) as appearing on the Docket at D.I. 20874.

  21. The Parties stipulate to the authenticity of the Stipulation Regarding Classification Of Claims Of Morgan Stanley Senior funding, Inc. As Assignee Of Certain Claims Of Bank Of America, N.A. Under The Plan (the "Morgan Claims Stipulation"), as appearing on the Docket at D.I. 21722. The parties reserve their rights, defenses, arguments, and objections of the parties as to the admissibility of the Morgan Claims Stipulation on relevance grounds.

  22. This stipulation does not limit the right or ability of any party to offer additional testimony and documents into evidence at the Confirmation Hearing.

| PACHULSKI STANG ZIEHL & JONES LLP | PEPPER HAMILTON LLP |
|---|---|
| /s/ James E. O'Neill | /s/ James C. Carignan |
| Laura Davis Jones (No. 2436) | David M. Fournier (No. 2812) |
| James E. O'Neill (No. 4042) | James C. Carignan (No. 4230) |
| Kathleen P. Makowski (No. 3648) | Hercules Plaza, Suite 5100 |
| Timothy P. Cairns (No. 4228) | 1313 N. Market Street |
| 919 N. Market Street, 17th Floor | P.O. Box 1709 |
| P.O. Box 8705 | Wilmington, DE 19899-1709 |
| Wilmington, DE 19899-8705 | (302) 777-6500 |
| (302) 652-4100 | |
| | *Counsel for Longacre Master Fund, Ltd. and* |
| KIRKLAND & ELLIS LLP | *Longacre Capital Partners (QP), L.P.* |
| David M. Bernick, Esq. | |
| Theodore L. Freedman, Esq. | |
| Deanna D. Boll, Esq. | |
| Citigroup Center | |
| 601 Lexington Avenue | |

| | |
|---|---|
| New York, NY 10022<br>(212) 446-4800 | PHILLIPS, GOLDMAN & SPENCE, P.A. |
| THE LAW OFFICES OF JANET S. BAER P.C.<br>Janet S. Baer, Esq.<br>70 W. Madison Street, Suite 2100<br>Chicago, IL 60602<br>(312) 641-2162 | _____<br>John C. Phillips (No. 110)<br>1200 N. Broom Street<br>Wilmington, DE 19806<br>(302) 655-4200 |
| *Counsel for the Debtors and Debtors in Possession* | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>Roger Frankel, Esq. |
| CAMPBELL & LEVINE, LLC | Richard H. Wyron, Esq.<br>Jonathan P. Guy, Esq.<br>1152 15th Street, NW<br>Washington, DC 20005 |
| /s/ Marla R. Eskin<br>Marla R. Eskin (No. 2989) | (202) 339-8400 |
| Mark T. Hurford (No. 3299)<br>800 N. King Street, Suite 300<br>Wilmington, DE 19801<br>(302) 426-1900 | *Counsel for David T. Austern, Asbestos PI Future Claimants' Representative*<br><br>BUCHANAN INGERSOLL & ROONEY PC |
| CAPLIN & DRYSDALE<br>Elihu Inselbuch, Esq.<br>375 Park Avenue, 35th Floor<br>New York, NY 10152-3500<br>(212) 319-7125 | _____<br>Teresa K.D. Currier (No. 3080)<br>The Brandywine Building<br>1000 West Street, Suite 1400<br>Wilmington, DE 19801 |
| CAPLIN & DRYSDALE<br>Peter Van N. Lockwood, Esq.<br>Nathan D. Finch, Esq.<br>Jeffrey A. Liesemer, Esq.<br>One Thomas Circle, N.W.<br>Washington, DC 20005<br>(202) 862-5000 | KRAMER LEVIN NAFTALIS & FRANKEL LLP<br>Philip Bentley, Esq.<br>Douglas H. Mannal, Esq.<br>David E. Blabey, Jr., Esq.<br>177 Avenue of the Americas<br>New York, NY 10056 |
| *Counsel for the Official Committee of Asbestos Personal Injury Claimants* | *Counsel to the Official Committee of Equity Security Holders* |

-7-