IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Objection Deadline: October 6, 2009 at 4:00 p.m. |
| ) | Hearing Date: October 13, 2009 at 10:00 a.m. |

**DEBTORS' MOTION PURSUANT TO SECTIONS 105, 363, 1107 AND 1108 OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 9014 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER APPROVING THE AGREEMENT AMENDING AND RESTATING THE ASBESTOS SETTLEMENT AGREEMENT WITH THE AETNA CASUALTY AND SURETY COMPANY**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order approving the Agreement Amending And Restating The Asbestos Settlement Agreement Between W.R. Grace & Co.-Conn. And The Aetna Casualty And Surety Company, Made And Entered Into On May 22, 1996 (the "Amended Agreement") by and between W. R. Grace & Co., on its own behalf and on behalf of the Grace Parties, and Travelers Casualty and Surety Company, formerly known as The

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Aetna Casualty and Surety Company, its predecessors, successors and its past and present parents (including, but not limited to, Aetna Life & Casualty Company) (hereinafter collectively referred to as "Travelers") (collectively "the Parties"), as identified and defined in the Amended Agreement. A copy of the Amended Agreement is attached as <u>Exhibit A</u>. In support of the Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Motion is proper under 28 U.S.C. § 1408.

2. The statutory predicates for this Motion are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 the Federal Rules of Bankruptcy Procedure.

## Background

3. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. Travelers issued certain policies of insurance (defined in the Amended Agreement as the "Subject Insurance Policies") that provide, or are alleged to provide, insurance coverage to W.R. Grace & Co. and W.R. Grace & Co.-Conn. Grace has incurred and may incur in the future certain liabilities, expenses and losses arising out of asbestos-related claims and other claims. Disputes have arisen between Grace and Travelers regarding their respective rights and

2

obligations with respect to coverage for asbestos related claims, for which Grace seeks coverage under the Subject Insurance Policies.

5. Prior to the Petition Date, Grace and Travelers entered into two settlement agreements. The first agreement between W. R. Grace & Co.-Conn. and The Aetna Casualty and Surety Company is dated February 20, 1992 (the "1992 Agreement"). The second agreement between W. R. Grace & Co.-Conn. and The Aetna Casualty and Surety Company was made and entered into on May 22, 1996 (the "1996 Agreement"). Grace contends that under the 1996 Agreement, Travelers is obligated to provide reimbursement for indemnity payments made or to be made by Grace and, after its creation, the Trust in connection with "Asbestos-Related Claims" (as defined in the Amended Agreement).

6. The Plan of Reorganization proposed by the Plan Proponents contemplates that Asbestos PI Claims will be enjoined and channeled to the Asbestos PI Trust. See First Amended Joint Plan of Reorganization, filed February 27, 2009 (the "Plan"), Art. 8.2.1. If established as proposed, the Trust will process and resolve Asbestos PI Claims pursuant to the Asbestos PI Trust Distribution Procedures.[2]

7. The Plan further contemplates that Grace's Asbestos Insurance Rights, including, without limitation, rights to proceeds under Asbestos Insurance Reimbursement Agreements, are to be transferred to the Trust, to be used to fund payment of Asbestos PI Claims. See Plan, Art. 7.2.2(d)(ii) and (iv); Plan Ex. 6 – Asbestos Insurance Transfer Agreement. The 1996 Agreement is such an Asbestos Insurance Reimbursement Agreement.

---

[2] Unless otherwise noted, capitalized terms herein have the meanings ascribed in the Plan.

8. Travelers has filed objections to the Plan on various grounds, including without limitation, that the Plan purports to contemplate that certain indemnity claims by Travelers that may arise under the 1992 Agreement and 1996 Agreement would be paid at a discount. The proposed settlement would resolve those objections in full.

9. The Amended Agreement confers the following principal benefits upon the Debtors' estate, among others:

(a) The benefit of the bargain negotiated by Grace and Travelers in the 1996 Agreement is made available to the Trust without the need for litigation to enforce either the transfer of the 1996 Agreement by Grace to the Trust or the specific terms of the 1996 Agreement.

(b) The full unexhausted remaining limits of the Subject Insurance Policies subject to the 1996 Agreement – as detailed in the Amended Agreement – are made available to reimburse the Trust for payments made to Asbestos PI Claimants with respect to Asbestos PI Claims.

(c) The Amended Agreement amends and restates the 1996 Agreement enabling the processing and payment of claims by the Trust under the Trust Distribution Procedures to be compliant with the 1996 Agreement, as amended and restated.

(d) The Amended Agreement represents a compromise of defenses that Travelers might have with respect to coverage for any individual Asbestos PI Claim.

(e) Upon this Court's order approving the Amended Agreement becoming a Final Order, Travelers will withdraw all objections to confirmation of the plan of reorganization.

10. The Amended Agreement provides, *inter alia*, that if the Plan is confirmed, the Trust would indemnify and hold Travelers harmless with respect to any claims asserted against Travelers that constitute Asbestos PI Claims that are subject to the Asbestos PI Channeling injunction, without application of the Payment Percentage, subject to the terms and conditions set forth in the Amended Agreement.

11. The lowest attachment point of the insurance policies whose limits are made available to reimburse the Trust for payments made to Asbestos PI Claimants under the Amended Agreement is $20 million.

## Relief Requested

12. By this Motion, the Debtors respectfully seek the entry of an order, pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Amended Agreement, which has been executed by the parties, and, by its terms, will become effective upon the approval of this Court.

## Basis for Relief

13. This Court has statutory authority to authorize and approve the Debtors' entry into the Amended Agreement pursuant to sections 105 and 363(b)(1) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). A settlement of claims and causes of action by a debtor in possession constitutes a use of property of the estate. *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*

14. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019(a). Before approving a settlement under Bankruptcy Rule

9019, a court must determine that the proposed compromise is in the best interests of the debtor's estate. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate.'"). To reach this determination, courts assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the compromise. *See Martin*, 91 F.3d at 393.

15.     The standard by which courts evaluate the reasonableness of a proposed compromise and settlement is well established. This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.*; *see also Depositor v. Mary M. Holloway Found.*, 36 F.3d 582, 587 (7th Cir. 1994) (affirming an order approving a compromise and settlement of claims against the estate where it was "unlikely" that the debtor would succeed on the claim, litigation of the claims would involve considerable expense, and the claimant would withdraw all claims upon approval of the settlement). Settlements should only be rejected if they fall "below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). The standards set forth above are plainly met in this case.

16.     The Amended Agreement is in the best interests of the Debtors, their estates, and their creditors because it allows the substantive compromises embodied in the 1996 Agreement to remain in place and because it implements certain changes to the 1996 Agreement to enable the benefits of that agreement to be available to the Trust for payment of Asbestos PI Claims. If the Amended Agreement is not approved, the Trust likely would face challenges by Travelers to

91100-001\DOCS_DE:153055.1

accessing the 1996 Agreement and additional burden and cost in seeking to obtain the benefits of, and enforcing Grace's rights under, the 1996 Agreement. The Amended Agreement also removes Travelers as an objector to Plan confirmation.

17. For all of the foregoing reasons, the Debtors submit that the Amended Agreement is fair and reasonable and in the best interest of the Debtors, their creditors and their estates, and thus the Debtors should be authorized to enter into the Amended Agreement.

## **Notice**

18. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee, and (iv) those parties that requested papers under Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order approving the Amended Agreement, and granting such other and further relief as the Court deems just and proper.

Dated: September 14, 2009

KIRKLAND & ELLIS LLP
David M. Bernick
Lisa G. Esayian
300 N. LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Theodore Freedman
Citigroup Center
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Kathleen P. Makowski*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession