**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| W.R. GRACE & CO., <u>et al.</u>, | ) ) ) | Case No. 01-1139 (JKF) |
| Debtors. | ) ) | Objection Deadline: November 25, 2009 at 4:00 p.m.<br>Hearing: December 14, 2009 at 10:30 a.m. |

**NOTICE OF FILING OF FOURTEENTH QUARTERLY INTERIM
APPLICATION OF ORRICK, HERRINGTON & SUTCLIFFE LLP,
BANKRUPTCY COUNSEL TO DAVID T. AUSTERN, ASBESTOS PI FUTURE
CLAIMANTS' REPRESENTATIVE, FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD
<u>APRIL 1, 2009 THROUGH JUNE 30, 2009</u>**

TO:  (1) The Debtors; (2) Counsel to the Debtors; (3) The Office of the United States Trustee; (4) Counsel to the Official Committee of Unsecured Creditors; (5) Counsel to the Asbestos Personal Injury Claimants; (6) Counsel to the Official Committee of Asbestos Property Damage Claimants; (7) Counsel to the Official Committee of Equity Holders; (8) Counsel to the Debtors-in-Possession Lender; and (9) the Fee Auditor

Orrick, Herrington & Sutcliffe LLP, Bankruptcy Counsel to David T. Austern, Asbestos PI Future Claimants' Representative (the "FCR"), has filed and served its Fourteenth Quarterly Interim Application for Compensation for Services Rendered and Reimbursement of Expenses as counsel to the FCR for the time period April 1, 2009 through June 30, 2009, seeking payment in the amount of $1,300,578.75 in fees and $44,857.50 in expenses for a total of $1,345,436.25 (the "Application").

This Application is submitted pursuant to the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement for Expenses for Professionals and Official Committee Members signed April 17, 2002, amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code

Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (collectively, the Administrative Order").

Objections or responses to the Application, if any, must be made in writing and filed with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 Market Street, Fifth Floor, Wilmington, DE 19801, on or before **November 25, 2009 at 4:00 p.m., Eastern Time.**

At the same time you must also serve a copy of the objections or responses, if any, upon the following: (i) co-counsel to David T. Austern, FCR, Roger Frankel, Esquire and Richard H. Wyron, Esquire, Orrick, Herrington & Sutcliffe LLP, 1152 15th Street, NW, Washington, DC 20005 and John C. Phillips, Esquire, Phillips, Goldman & Spence, P.A., 1200 North Broom Street, Wilmington, DE 19806; (ii) co-counsel for the Debtors, David M. Bernick, Esquire, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL 60601 and Laura Davis Jones, Esquire, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705; (iii) co-counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 and Michael R. Lastowski, Esquire, Duane Morris, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246; (iv) co-counsel to the Official Committee of Asbestos Property Damage Claimants, Scott L. Baena, Esquire, Blizin, Sumberg, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131 and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O.

Box 1351, Wilmington, DE 19899; (v) co-counsel to the Official Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, NY 10022 and Mark Hurford, Esquire, Campbell & Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201 Market Street, Suite 1500, Wilmington, DE 19801; (vi) co-counsel to the DIP Lender, J. Douglas Bacon, Esquire, Latham & Watkins, Sears Tower, Suite 5800, Chicago, IL 60606 and Neil B. Glassman, Esquire, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE 19899; (vii) counsel to the Official Committee of Equity Holders, Thomas Moers Mayer, Esquire, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022; (viii) the Office of the United States Trustee, ATTN: David M. Klauder, Esquire, 844 N. King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; and (ix) the Fee Auditor, Warren H. Smith, Warren H. Smith and Associates, Republic Center, 325 N. St. Paul, Suite 1250, Dallas, TX 75201.

    Any questions regarding this Notice or attachments may be directed to undersigned counsel.

|  |  |
|---|---|
| Dated: September 14, 2009 | ORRICK, HERRINGTON & SUTCLIFFE LLP<br><br>By: */S/ RICHARD H. WYRON*<br>    Roger Frankel, admitted *pro hac vice*<br>    Richard H. Wyron, admitted *pro hac vice*<br>    Debra L. Felder, admitted *pro hac vice*<br>    1152 15th Street, NW<br>    Washington, DC 20005<br>    (202) 339-8400<br><br>—and—<br><br>    PHILLIPS, GOLDMAN & SPENCE, P.A.<br>    John C. Phillips, Jr. (#110)<br>    1200 North Broom Street<br>    Wilmington, DE 19806<br>    (302) 655-4200<br><br>    *Co-Counsel to David T. Austern,*<br>    *Asbestos PI Future Claimants' Representative* |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Objection Deadline: November 25, 2009 at 4:00 p.m. |
| | ) | Hearing: December 14, 2009 at 10:30 a.m. |

**COVER SHEET TO FOURTEENTH QUARTERLY APPLICATION OF
ORRICK, HERRINGTON & SUTCLIFFE LLP, BANKRUPTCY COUNSEL
TO DAVID T. AUSTERN, ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
APRIL 1, 2009 THROUGH JUNE 30, 2009**

| | |
|---|---|
| Name of Applicant: | Orrick, Herrington & Sutcliffe LLP |
| Authorized to Provide Professional Services to: | David T. Austern, Asbestos PI Future Claimants' Representative (the "FCR") |
| Date of Retention: | As of February 6, 2006 (pursuant to this Court's Order entered May 8, 2006) |
| Period for which compensation is sought: | April 1, 2009 through June 30, 2009 |
| Amount of Compensation (100%) sought as actual, reasonable, and necessary: | $ 1,300,578.75 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $   44,857.50 |

This is an:   __X__  interim   ____  monthly   ____  final application.

## PRIOR QUARTERLY APPLICATIONS FILED

Orrick was retained effective February 6, 2006, pursuant to this Court's Order entered May 8, 2006. Orrick has previously filed the following quarterly fee applications:

| Quarterly Period | Fees | Expenses | Total Fees and Expenses |
|---|---|---|---|
| First Quarterly Period February 6-March 31, 2006 | $206,292.25 | $7,501.32 | $213,793.57 |
| Second Quarterly Period April 1-June 30, 2006 | $456,045.25 | $14,568.92 | $470,614.17 |
| Third Quarterly Period July 1-September 30, 2006 | $558,019.75 | $25,651.67 | $583,671.42 |
| Fourth Quarterly Period Oct 1-December 31, 2006 | $841,070.00 | $98,378.95 | $939,448.95 |
| Fifth Quarterly Period January 1-March 31, 2007 | $1,098,668.00 | $57,670.14 | $1,156,338.14 |
| Sixth Quarterly Period April 1-June 30, 2007 | $1,021,931.50 | $168,071.15 | $1,190,002.65 |
| Seventh Quarterly Period July 1-September 30, 2007 | $1,318,928.25 | $506,330.27 | $1,825,258.52 |
| Eighth Quarterly Period Oct 1-December 31, 2007 | $2,577,801.25 | $276,906.50 | $2,854,707.75 |
| Ninth Quarterly Period January 1-March 31, 2008 | $2,834,348.75 | $436,062.97 | $3,270,411.72 |
| Tenth Quarterly Period April l-June 30, 2008 | $1,060,594.00 | $96,239.02 | $1,156,833.02 |
| Eleventh Quarterly Period July 1-September 30, 2008 | $1,205,058.75 | $69,698.64 | $1,274,757.39 |
| Twelfth Quarterly Period October 1-December 31, 2008 | $1,133,553.25 | $95,017.93 | $1,228,571.18 |
| Thirteenth Quarterly Period January 1-March 31, 2009 | $1,497,820.75 | $56,151.13 | $1,553,971.88 |

## COMPENSATION SUMMARY
## APRIL 1, 2009 THROUGH JUNE 30, 2009

| Name of Professional Person | Position of Applicant, No. of Years in Position, Prior Relevant Experience, Yr. Obtained License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Fees |
|---|---|---|---|---|
| William D. Berry | Partner, 29 years in position; 37 years relevant experience; 1972, Compensation and Benefits | $760 | .30 | $228.00 |
| Roger Frankel | Partner, 25 years in position; 37 years relevant experience; 1971, Restructuring | $945 | 290.60 | $268,143.75[1] |
| Jonathan P. Guy | Partner, 8 years in position; 15 years relevant experience; 1994, Restructuring | $755 | 313.70 | $230,992.25[2] |
| Clayton S. Reynolds | Partner, 22 years in position; 30 year relevant experience; 1979, Tax | $840 | 1.20 | $1,008.00 |
| Richard H. Wyron | Partner, 19 years in position; 29 years relevant experience; 1979, Restructuring | $815 | 240.60 | $187,857.50[3] |

---

[1] The total amount reflects a reduction of $1,701.00 (April 2009), $472.50 (May 2009) and $4,299.75 (June 2009) representing non-working travel billed at 50%.

[2] The total amount reflects a reduction of $2,265.00 (April 2009) and $3,586.25 (June 2009) representing non-working travel billed at 50%.

[3] The total amount reflects a reduction of $6,438.50 (April 2009) and $1,793.00 (June 2009) representing non-working travel billed at 50%.

2

| Name of Professional Person | Position of Applicant, No. of Years in Position, Prior Relevant Experience, Yr. Obtained License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Fees |
|---|---|---|---|---|
| Peri N. Mahaley | Of Counsel, 16 years in position; 29 years relevant experience; 1979, Litigation | $605 | 526.20 | $313,420.25[4] |
| Mary A. Wallace | Of Counsel, 6 years in position; 18 years relevant experience; 1989, Restructuring | $650 | 19.80 | $12,870.00 |
| | | | | |
| James W. Burke | Associate, 11 months in position; 11 months relevant experience; 2008, Restructuring | $360 | 108.20 | $38,952.00 |
| Joshua M. Cutler | Associate, 6 years in position; 6 years relevant experience; 2003, Litigation | $555 | 84.50 | $46,897.50 |
| Debra L. Felder | Associate, 7 years in position; 7 years relevant experience; 2002, Restructuring | $590 | 21.20 | $12,508.00 |
| Zachary S. Finley | Associate, 6 years in position; 6 years relevant experience; 2003, Litigation | $600 | 1.00 | $600.00 |
| Kathleen Orr | Associate, 8 years in position; 7 years relevant experience; 2001, Restructuring | $620 | 225.20 | $139,624.00 |
| | | | | |
| Aaron Cohen | Litigation Paralegal | $170 | .50 | $85.00 |
| Stephen C. Cruzado | Senior Litigation Paralegal | $230 | 15.00 | $3,450.00[5] |
| Debra O. Fullem | Bankruptcy Research Specialist | $255 | 72.70 | $18,538.50 |
| Kirt Dale Suomela | Scientific Advisor | $290 | 87.60 | $25,404.00 |
| | | | | |
| **TOTAL** | | | 2,008.30 | $1,300,578.75 |
| **Blended Rate: 647.60** | | | | |

---

[4] The total amount reflects a reduction of $2,964.50 (April 2009) and $1,966.25 (May 2009) representing non-working travel billed at 50%.

[5] The total amount reflects a reduction of $460.00 (April 2009) representing non-working travel billed at 50%.

## COMPENSATION BY PROJECT CATEGORY
## APRIL 1, 2009 THROUGH JUNE 30, 2009

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 4.30 | $1,096.50 |
| Compensation of Professionals-Orrick | 40.50 | $14,477.00 |
| Compensation of Professionals-Others | 23.90 | $6,262.50 |
| Insurance | 743.10 | $444,157.00 |
| Litigation | 1,096.40 | $782,923.00 |
| Retention of Professionals-Orrick | 1.10 | $280.50 |
| Plan & Disclosure Statement | 31.30 | $25,435.50 |
| Travel Time (Non-Working) | 67.70 | $25,946.75 |
| **TOTAL** | **2,008.30** | **$1,300,578.75** |

## EXPENSE SUMMARY
## APRIL 1, 2009 THROUGH JUNE 30, 2009

| Expense Category | Total Expense |
|---|---|
| Court Call | $2,048.50 |
| Duplicating/Printing | $5,228.40 |
| Meals | $1,561.11[1] |
| Pacer | $1,395.78 |
| Parking | $246.00 |
| Postage/Express Delivery | $1,226.20 |
| Telephone | $154.05 |
| Travel – Airfare | $8,603.80 |
| Travel – Taxi | $586.80 |
| Travel – Train/Mileage | $4,862.31[2] |
| Westlaw Research | $18,944.55 |
| **TOTAL** | **$44,857.50** |

---

1  This amount reflects a reduction of $161.08 (April), $295.05 (May), and $14.63 (June) to comply with the Fee Auditor's guidelines on allowed meal charges.

2  This amount reflects a reduction of $815.83 to correct an inadvertent duplicate charge on the April 2009 invoice.

Orrick's Client Charges and Disbursements Policy effective January 1, 2009, are as follows:

      a.      ***Duplicating*** -- It is Orrick's practice to charge all clients of the Firm for duplicating at the in-house rate of 20¢ per page; however, Orrick has reduced the duplicating cost to 10¢ per page in order to comply with the Local Rules of this Court. This charge includes the cost of maintaining the duplicating facilities and the actual cost involved with respect to the duplication.

      b.      ***Long Distance Telephone and Facsimile Charges*** -- Orrick charges clients for long distance telephone calls but not for local telephone calls. Necessary mobile phone usage is reimbursed to professionals submitting an appropriate bill. Out-going facsimile transmissions are charged at $1.50 per page, plus any long-distance calling cost, and there is no charge for incoming facsimiles.

      c.      ***Messenger and Courier Service*** -- It is Orrick's practice to use Federal Express or similar express mail delivery and third-party messenger services only in exigent circumstances (i.e., when needed to meet a deadline or when a next-day response from the recipient was necessary or beneficial to the case) and only when less costly than other available alternatives.

      d.      ***Overtime*** -- It is Orrick's practice to allow professionals and paraprofessionals working more than 3 hours of overtime to charge a meal to the appropriate client at a meal charge limited to $7.50 per professional. It is Orrick's practice to allow professionals and support staff to charge a car service or cab to the appropriate client when working at least 2 hours of overtime. Orrick endeavored not to incur overtime charges unless necessary to benefit the case and in certain exigent circumstances.

      e.      ***Computerized Research*** -- It is Orrick's practice to use computer-assisted legal research when it is efficient to do so. The charge to clients for Lexis and Westlaw are based on retail rates that do not include non-client specific volume discounts offered to Orrick. Use of fee based internet research services other than Lexis and Westlaw is charged at Orrick's cost. There is no separate charge for other internet research.

      ORRICK, HERRINGTON & SUTCLIFFE LLP

      By: <u>/S/ RICHARD H. WYRON</u>
         Roger Frankel, admitted *pro hac vice*
         Richard H. Wyron, admitted *pro hac vice*
         Debra L. Felder, admitted *pro hac vice*
         1152 15th Street, NW
         Washington, DC  20005
         (202) 339-8400

         *Counsel to David T. Austern,*
         *Asbestos PI Future Claimants' Representative*

Dated: September 14, 2009

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: ) <br> ) <br> W.R. GRACE & CO., <u>et al.</u>, ) <br> ) <br> Debtors. ) <br> ) | **Chapter 11** <br> **Case No. 01-01139 (JKF)** <br> **(Jointly Administered)** <br> Objection Deadline: November 25, 2009 at 4:00 p.m. <br> Hearing: December 14, 2009 at 10:30 a.m. |

**FOURTEENTH QUARTERLY INTERIM APPLICATION OF
ORRICK, HERRINGTON & SUTCLIFFE LLP, BANKRUPTCY COUNSEL TO
DAVID T. AUSTERN, ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE,
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
<u>INCURRED FOR THE PERIOD APRIL 1, 2009 THROUGH JUNE 30, 2009</u>**

Pursuant to §§ 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and this Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (collectively, the "Administrative Order"), Orrick, Herrington & Sutcliffe LLP ("Orrick"), Bankruptcy Counsel, hereby submits this fourteenth quarterly interim application (the "Fourteenth Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to David T. Austern, the Asbestos PI Future Claimants' Representative (the "FCR") of W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period April 1, 2009 through June 30, 2009 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period.

By this Fourteenth Quarterly Interim Application, Orrick seeks the interim allowance of compensation in the amount of $1,300,578.75 in fees and reimbursement of actual and necessary expenses in the amount of $44,857.50 for a total of $1,345,436.25, or 100% of all compensation and expense reimbursement requested, for the period April 1, 2009 through June 30, 2009. In support of this Fourteenth Quarterly Interim Application, Orrick respectfully represents as follows:

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

**Background**

2. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. By an Order dated May 24, 2004, the Court appointed the FCR for the above captioned cases. The Order appointing the FCR also authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the Bankruptcy Code). On March 9, 2006, the FCR applied to this Court for an order authorizing the retention of Orrick as his bankruptcy counsel pursuant to an engagement agreement dated February 6, 2006 (the "Engagement Agreement").

4. On May 8, 2006, this Court entered an order (the "Retention Order") authorizing the FCR to employ Orrick as bankruptcy counsel effective as of the February 6, 2006 pursuant to the terms of the Engagement Agreement.

**Monthly Fee Applications Covered Herein**

5.      Prior to the filing of this Fourteenth Quarterly Interim Application, Orrick filed its April 2009, May 2009, and June 2009 fee applications with the Court pursuant to the Administrative Order.

6.      On June 9, 2009, Orrick filed its Thirty-Ninth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period April 1-30, 2009 (the "Thirty-Ninth Monthly") [Docket No. 22041] requesting $353,711.60 (80% of $442,139.50) and expenses in the amount of $20,516.09.  The deadline to file objections to the Thirty-Ninth Monthly expired on June 29, 2009, and no objections were filed.  A certificate of no objection was filed with the Court on July 6, 2009, at Docket No. 22337.

7.      On July 9, 2009, Orrick filed its Fortieth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period May 1-31, 2009 (the "Fortieth Monthly") [Docket No. 22377] requesting $323,814.20 (80% of $404,767.75) and expenses in the amount of $16,467.33.  The deadline to file objections to the Fortieth Monthly expired on July 29, 2009, and no objections were filed.  A certificate of no objection was filed with the Court on August 4, 2009, at Docket No. 22691.

8.      On August 3, 2009, Orrick filed its Forty-First Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period June 1-30, 2009 (the "Forty-First Monthly") [Docket No. 22685] requesting $362,937.20 (80% of $453,671.50) and expenses in the amount $7,874.08.  The deadline to file objections to the Forty-First Monthly expired on August 24, 2009, and no objections were filed.  A certificate of no objection was filed with the Court on August 28, 2009, at Docket No. 23008.

9.      The Thirty-Ninth, Fortieth, and Forty-First Monthly applications covered by this Fourteenth Quarterly Interim Application contain details on the actual and necessary services provided by Orrick during the Interim Period as well as the other information required to be included in fee applications.

**Requested Relief**

10.     By this Fourteenth Quarterly Interim Application, Orrick requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Orrick from April 1, 2009 through June 30, 2009.  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court.

11.     At all relevant times, Orrick has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interests of the FCR.

12.     All services for which compensation is requested by Orrick were performed for or on behalf of the FCR.

13.     Except for the Debtors' obligation to pay compensation and reimbursement as allowed by the Court, Orrick has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with these cases.

14. In accordance with Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, Orrick has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person other than with its partners, counsel and associates, or (b) any compensation another person or party has received or may receive in connection with this.

WHEREFORE, Orrick respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period April 1, 2009 through June 30, 2009, Orrick shall be allowed the sum of $1,300,578.75 in fees for reasonable and necessary professional services rendered to the FCR and the sum of $44,857.50 for the reimbursement of actual and necessary costs and expenses incurred, for a total of $1,345,436.25, that the Debtors be authorized and directed to pay to Orrick the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

    ORRICK, HERRINGTON & SUTCLIFFE LLP

    By: /S/ RICHARD H. WYRON
        Roger Frankel, admitted *pro hac vice*
        Richard H. Wyron, admitted *pro hac vice*
        Debra L. Felder, admitted *pro hac vice*
        Columbia Center – 1152 15th Sreet, N.W.
        Washington, DC  20005
        (202) 339-8400

        *Counsel to David T. Austern,*
        *Asbestos PI Future Claimants' Representative*

Dated: September 14, 2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| W.R. GRACE & CO., et al., | ) ) ) | Case No. 01-1139 (JKF) |
| Debtors. | ) ) |  |

## **VERIFICATION**

**DISTRICT OF COLUMBIA, TO WIT:**

Richard H. Wyron, after being duly sworn according to law, deposes and says:

1.  I am a partner of the applicant law firm Orrick, Herrington & Sutcliffe LLP ("Orrick") and have been admitted *pro hac vice* to appear in these cases.

2.  I have personally performed certain of the legal services rendered by Orrick as counsel to David T. Austern as Asbestos PI Future Claimants' Representative ("FCR") and am familiar with the other work performed on behalf of the FCR by the lawyers, legal assistants, and other professionals of Orrick as set forth in the invoices previously filed with the Court.

3.  I have reviewed the Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. I have reviewed the requirements of Local Rule 2016-2 and the Administrative Order, as amended, dated April 17, 2002, and I believe the Application to be in compliance therewith.

> */S/ RICHARD H. WYRON*
> Richard H. Wyron

SWORN AND SUBSCRIBED TO BEFORE ME

THIS 14TH DAY OF SEPTEMBER, 2009

*/S/ MADINA M. ROBINSON*
Notary Public

My commission expires: 12-14-2013

# **CERTIFICATE OF SERVICE**

I, DEBRA O. FULLEM, do hereby certify that I am over the age of 18, and that on September 15, 2009, I caused the *Notice, Cover Sheet, Fourteenth Quarterly Interim Application of Orrick, Herrington & Sutcliffe LLP, Bankruptcy Counsel to David T. Austern, Asbestos PI Future Claimants' Representative, for Compensation and Reimbursement of Expenses Incurred for the Period April 1, 2009 through June 30, 2009, and Verification*, to be served upon those persons as shown below and a copy of the *Notice and Cover Sheet* to all parties as shown on the attached Service List.

| | |
|---|---|
| ***Federal Express***<br>Laura Davis Jones, Esquire<br>James O'Neil, Esquire<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 16th Floor<br>Wilmington, DE 19899-8705 | ***Regular Mail***<br>Vito I. DiMaio<br>Parcels, Inc.<br>10th & King Streets<br>P.O. Box 27<br>Wilmington, DE 19899 |
| ***Federal Express***<br>David M. Klauder, Esquire<br>Office of the United States Trustee<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, DE 19801 | ***Federal Express and Email:***<br>***feeaudit@whsmithlaw.com***<br>***bruhlander@whsmithlaw.com***<br>Bobbi Ruhlander<br>Warren H. Smith & Associates<br>Republic Center<br>325 N. St. Paul, Suite 1250<br>Dallas, TX 75201 |
| ***Federal Express and E-mail:***<br>***richard.finke@grace.com***<br>(W.R. Grace & Co.)<br>David B. Siegel<br>W.R. Grace and Co.<br>7500 Grace Drive<br>Columbia, MD 21044 | ***E-mail: nglassman@bayardfirm.com***<br>(Local Counsel to DIP Lender)<br>Neil B. Glassman, Esquire<br>The Bayard Firm |
| ***E-mail: meskin@camlev.com***<br>(Local Counsel to Asbestos Claimants)<br>Marla Eskin, Esquire<br>Campbell & Levine, LLC | ***E-mail: ttacconelli@ferryjoseph.com***<br>(Counsel for Property Damage Claimants)<br>Theodore Tacconelli, Esquire<br>Ferry & Joseph, P.A. |
| ***E-mail: mlastowski@duanemorris.com***<br>(Counsel to Official Committee of Unsecured Creditors)<br>Michael R. Lastowski, Esquire<br>Duane, Morris & Heckscher LLP | ***E-mail: tcurrier@saul.com***<br>(Counsel for Official Committee of Equity Holders)<br>Teresa K.D. Currier, Esquire<br>Saul Ewing LLP |

2

3

| | |
|---|---|
| ***E-mail: eholzberg@stroock.com***<br>(Official Committee of Unsecured Creditors)<br>Lewis Kruger, Esquire<br>Stroock & Stroock & Lavan LLP | ***E-mail: pvnl@capdale.com***<br>(Official Committee of Personal Injury Claimants)<br>Elihu Inselbuch, Esquire<br>Caplin & Drysdale, Chartered |
| ***E-mail: dboll@kirkland.com***<br>(Counsel to Debtor)<br>James H.M. Sprayregen, P.C.<br>Deanne Boll, Esquire<br>Kirkland & Ellis | ***E-mail: jsakalo@bilzin.com***<br>(Official Committee of Property Damage Claimants)<br>Scott L. Baena, Esquire<br>Bilzin Sumberg Baena Price & Axelrod LLP |
| ***E-mail: david.heller@lw.com and carol.hennessey@lw.com***<br>(Counsel to DIP Lender)<br>J. Douglas Bacon, Esquire<br>Latham & Watkins | ***E-mail: pbentley@kramerlevin.com***<br>(Counsel to Official Committee of Equity Holders)<br>Philip Bentley, Esquire<br>Kramer Levin Naftalis & Frankel LLP |

*/S/ DEBRA O. FULLEM*
Debra O. Fullem
Orrick, Herrington & Sutcliffe LLP