IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**DEBTORS' MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF ANDERSON MEMORIAL'S WITNESS WILLIAM M. EWING**

Debtors W. R. Grace & Co., et al. ("Grace") hereby move this Court to preclude testimony of Anderson Memorial's industrial hygiene expert witness William M. Ewing at the Phase II Confirmation Hearing. Anderson Memorial ("Anderson") has proffered Mr. Ewing to testify concerning the feasibility of the First Amended Joint Plan of Reorganization (the "Plan"). But Anderson has failed to provide an expert report by Mr. Ewing, as required by Fed. R. Civ. P.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

26(a)(2)(B) and Fed. R. Bankr. P. 7026. Moreover, Anderson missed the deadlines for serving either an expert reports regarding feasibility, which was set as July 24, 2009 in the Second Amended Case Management Order (the "Second CMO"), or a rebuttal expert report regarding feasibility, which was set as August 7, 2009.[2]

And, Anderson has made no attempt to submit a late report from Mr. Ewing in the since the July 24 expert report deadline or the August 7 rebuttal report deadline. Meanwhile, in the past several months, Anderson has taken extensive discovery of the Debtors, other Plan Proponents, and their expert witnesses, and all parties have served objections and trial briefs regarding feasibility. Yet still Anderson has not provided a Ewing report.

Under Fed. R. Civ. P. 37, a party is not allowed to call a witness when information required by Fed. R. Civ. P. 26(a) is not provided, unless such failure is "substantially justified or harmless." Fed R. Civ. P. 37(c)(1) (made applicable through Fed. R. Bankr. P. 7037). Here, Mr. Ewing's failure to provide an expert report is neither justified nor harmless. Anderson has provided no indication of what materials Mr. Ewing will rely on or event the slightest clue as to the substance of his testimony. The only description Anderson has provided with respect to Mr. Ewing's testimony is: "Anderson may call Mr. Ewing on the issue of feasibility, but it cannot make that decision until it is made aware of what testimony and other evidence Grace will introduce in attempting to meet its burden if establishing feasibility."[3] Mr. Ewing is an industrial hygienist. He has frequently testified for claimants in asbestos property damage litigation on

---

[2] The August 7 deadline was initially set in the Second CMO, and did not change in the Third Amended CMO, entered May 5, 2009 [Dkt. 21544].

[3] Anderson's Pre-Trial Submission at 6 [Dkt. 22507, 7/20/09]

industrial hygiene-related matters. The Debtors cannot even begin to guess -- not that they should have to guess -- as to what testimony an industrial hygienist could possibly offer that would be relevant to confirmation of the proposed Plan of Reorganization. If Mr. Ewing were allowed to testify under such circumstances, Grace would be deprived of a "reasonable opportunity to prepare for effective cross examination" of Ewing, and would be greatly prejudiced.[4]

Anderson had notice of the July 24 opening report deadline and August 7 rebuttal report deadline regarding feasibility since January 29, 2009, when the Second CMO was filed. Anderson has stated repeatedly in its pre-trial submissions and briefs that it has feasibility objections to the proposed Plan. To the extent that Anderson had any intention of trying to elicit expert testimony on feasibility issues, it had ample opportunity to provide an expert report. It did not. Having failed to provide the disclosures required under Fed. R. Civ. P. 26(a) for Mr. Ewing, Anderson cannot present expert testimony from him at the Confirmation Hearing.[5]

## CONCLUSION

For the reasons set forth above, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit A precluding Mr. Ewing from testifying at the Confirmation Hearing.

---

[4] *See McMillan v. Weeks Marine Inc.*, 478 F. Supp. 2d 651, 659 (D. Del. 2007).

[5] *See* Fed. R. Civ. P. 37(c)(1); *United States v. 68.94 Acres of Land*, 918 F.2d 389, 396-97 (3d Cir. 1999) (affirming district court's decision to exclude expert opinion based on failure to disclose bases of expert's opinion); *Hagans v. Henry Weber Aircraft Distributors, Inc.*, 852 F.2d 60, 64 (3d Cir. 1988) (same).

Dated: September 16, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP

David M. Bernick, P.C.
Lisa G. Esayian
Nathaniel J. Kritzer
Citigroup Center
601 Lexington Ave.
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

And

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison St.
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162
Facsimile: (312) 641-2165

and


PACHULSKI STANG ZIEHL & JONES LLP

_/s/ James E. O'Neill_
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
joneill@pszjlaw.com
kmakowski@pszjlaw.com

*Co-Counsel for the Debtors and Debtors in Possession*

4