# Exhibit A

# Declaration of Richard Finke

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & CO., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered |

**DECLARATION OF RICHARD C. FINKE IN SUPPORT OF DEBTORS' BRIEF IN OPPOSITION TO FIREMAN'S FUND INSURANCE COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Pursuant to 28 U.S.C. § 1746, the undersigned declarant hereby declares as follows, under penalty of perjury:

1. I am the Assistant General Counsel - Litigation at W. R. Grace & Co. (hereinafter referred to as "Grace"). I have been employed by Grace for more than twenty years, initially as Senior Litigation Counsel. I became Assistant General Counsel - Litigation in September of 2005.

2. Prior to Grace's chapter 11 filing, my responsibilities primarily involved case management and oversight of asbestos property damage litigation. This included support of outside counsel, and development and preparation of expert witnesses.

3. Following Grace's chapter 11 filing, my responsibilities have included primary responsibility for oversight of property damage litigation (until 2004). Around 2004, I assumed primary responsibility for in-house oversight of development of the Plan and disclosure statement. Since that time, I have been heavily involved in Plan negotiations, claim negotiations, drafting, discovery, hearings, and oversight and review of work product and pleadings produced by outside counsel. Also, I have testified at the Plan confirmation hearings and have been deposed multiple times in connection with Grace's restructuring.

4.     As part of my responsibilities at Grace, and as a consequence of my day-to-day work, I am aware of the responsibilities and activities of other lawyers at Grace, including Mark Shelnitz and Jay Hughes.

5.     Grace's other high-ranking legal personnel, including General Counsel Mark Shelnitz and Senior Litigation Counsel Jay Hughes, currently spend the substantial majority of their time working on matters related to Grace's restructuring. Mark Shelnitz's restructuring activities include acting as Chief Restructuring Officer of Grace, attending and testifying at hearings, participating in negotiations of exit financing, engaging in claim negotiations, and supervising all legal activities related to Grace's reorganization. Jay Hughes' responsibilities include participating in strategy discussions, attending and testifying at hearings, and reviewing and providing input into Plan-related filings. Additionally, Mr. Hughes is responsible for all issues regarding personal injury matters as they relate to the Plan, Disclosure Statement, and confirmation, and all matters relating to the injunction litigation and the Libby personal injury claims.

6.     I anticipate that my time during the upcoming months, in addition to that of Mark Shelnitz and Jay Hughes, will be substantially occupied with matters involving Grace's reorganization efforts. If the Plan is confirmed, preparations for proceedings before the District Court will be necessary, as well as litigating any appeals. Also, Grace's in-house lawyers would need to spend significant time working to consummate the Plan and take the Plan effective by the Effective Date. If the Plan is not confirmed, extensive negotiations and re-drafting will be necessary, and will occupy the great majority of the time and attention of Grace's legal staff. Also, Mark Shelnitz, Jay Hughes and I each have significant non-bankruptcy duties and responsibilities on top of our restructuring activities that are not stayed and cannot be deferred.

7.   Proceeding in the Edwards appeal would require significant attention from Grace's legal department. The appeal has been stayed for eight years, involves a substantial sum of money, and would require investment of time and resources to re-acquaint Grace's legal staff with the underlying issues and facts.

8.   If the Edwards appeal is allowed to proceed, Grace's personnel would need to assess the status of the appeal, determine whether further briefing is required, assist outside counsel with preparation of further briefing and oral argument, evaluate implications of the appeal for any issues in this bankruptcy case, and evaluate the possibility of settlement in lieu of pursuing the appeal. Moreover, if further appeals are taken following disposition of the pending appeal, additional work will be required. Likewise, if a new trial is ordered, extensive oversight and preparation would be required to prepare to re-try the matter.

9.   Litigating the Edwards appeal at this time would cause a serious distraction to key members of Grace's legal department, and would impede Grace's efforts to reorganize. As set out above, Grace's legal department is heavily involved in a complex and time-consuming confirmation and consummation process that will continue for the near future. Prosecuting the Edwards appeal in the midst of these activities would stretch Grace's legal resources to their limit, and would impede Grace's efforts both to successfully reorganize and to achieve a favorable outcome in the Edwards appeal.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on September 16, 2009.

**FOR W. R. GRACE & CO.**

By: *Richard C. Finke*

Name: RICHARD C. FINKE

Title: ASSISTANT GENERAL COUNSEL- LITIGATION