IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF ORRICK, HERRINGTON & SUTCLIFFE LLP
FOR THE THIRTY-SECOND INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Orrick, Herrington & Sutcliffe LLP for the Thirty-Second Interim Period (the "Application").

BACKGROUND

1. Orrick, Herrington & Sutcliffe LLP ("Orrick") was retained as bankruptcy counsel to David T. Austern, future claimants' representative. In the Application, Orrick seeks approval of fees totaling $1,497,820.75 and expenses totaling $56,151.13 for its services from January 1, 2009 through March 31, 2009 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2009, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with

precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Orrick based on our review, and we received a response from Orrick, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report, we note that on January 9, 2009, attorneys D. Felder ($590), J. Guy ($755), R. Wyron ($815), and R. Frankel ($945) attended a meeting with the future claimants' representative. The total time spent, including preparation, was 13.50 hours for total fees of $10,402.00. The time entries are as follows:

| Date | Atty | Hours | Amount | Description |
|---|---|---|---|---|
| 01/09/09 | DF | 4.10 | 2,419.00 | ............; prepare for meeting with Orrick team and D. Austern regarding update, strategy and next steps (.6); attend meeting regarding same (3.5);................ |
| 01/09/09 | JG | 2.00 | 1,510.00 | Conference with D. Austern, R. Frankel, R. Wyron and D. Felder regarding Plan objections, discovery and related issues. |
| 01/09/09 | RW | 4.00 | 3,260.00 | ............; prepare for meeting with D. Austern (.9); meet with D. Austern on strategy and open issues and follow-up (3.1);................ |
| 01/09/09 | RF | 0.60 | 567.00 | Review e-mails, notes in preparation for meetings with A. Rich, D. Austern. |
| 01/09/09 | RF | 2.80 | 2,646.00 | Confer with D. Austern, R. Wyron, J. Guy and D. Felder re plan, case status, open issues. |
| | | 13.50 | $10,402.00 | |

Paragraph II.D.5. of the U.S. Trustee Guidelines provides: "If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." Thus, we asked Orrick to explain why it was necessary for each attorney to attend the

conference. Orrick responded:

> On January 9, 2009, Debra Felder, Jonathan Guy, Richard Wyron and Roger Frankel attended a meeting with the FCR to discuss terms of the Plan, potential objections to confirmation, discovery and related issues concerning negotiation and confirmation of the proposed Plan. Orrick determined that the two partners most involved in these issues – Roger Frankel and Richard Wyron – should attend as well as the other two other key Orrick lawyers involved – partner Jonathan Guy and associate Debra Felder.
>
> Mr. Frankel is the lead lawyer for the FCR, and has been intimately involved in plan negotiations with the Debtors and the ACC.
>
> Mr. Wyron was involved in drafting the Plan and the portions of the Disclosure Statement, discussing the mechanics of the Plan, including discussions of treatment of the Libby claims and certain insurance provisions. These issues were among the subjects of the discussion with Mr. Austern.
>
> Mr. Guy is the principal litigation partner on the FCR's team, and is responsible for discovery, depositions and pleadings being filed in this case.
>
> Ms. Felder has been involved in all aspects of this case, including the estimation litigation, and is knowledgeable about the events in the case and the estimation process from the FCR's perspective, as well as most other details of the case.
>
> Orrick believes each of these lawyers – core members of the team working for the FCR – were necessary to brief Mr. Austern, answer his questions and get his direction on key strategic issues.

We accept Orrick's response with respect to attorneys Felder, Wyron, and Frankel. However, we do not believe Orrick has carried its burden of proving the necessity of attendance by Mr. Guy. Thus, we recommend disallowance of Mr. Guy's time, for a reduction of $1,510.00 in fees.

4.      In our initial report, we noted that on February 24, 2009, attorneys P. Mahaley ($605), R. Wyron ($815), and R. Frankel ($945) attended a meeting in New York. The total time spent, including preparation and non-working travel time, was 22.80 hours for total fees of $14,869.15. The time entries are as follows:

| | | | | |
|---|---|---|---|---|
| 02/20/09 | RW | 0.40 | 326.00 | ..........; organize notes for 2/24 meeting (.4). |
| 02/23/09 | RW | 1.70 | 1,385.50 | .........; confer with P. Mahaley on issues and ACC presentation, and follow-up (1.1); revise presentation notes (.6). |
| 02/24/09 | PM | 8.50 | 5,142.50 | Prepare for meeting with P. Lockwood and R. Horkovich re strategy (3.0); attend meeting with P. Lockwood, R. Horkovich and J. Liesemer, along with R. Frankel and R. Wyron re strategy (5.5). |
| 02/24/09 | RW | 4.90 | 3,993.50 | .....; prepare for meeting with ACC (.3); meet with ACC counsel on insurance settlements and follow-up (4.6);.... |
| 02/24/09 | RF | 2.80 | 2,646.00 | Confer with P. Lockwood, R. Horkovich, R. Wyron, P. Mahaley re CIP issues (2.8);......... |
| 02/24/09 | PM | 2.50 | 756.25 | Return to DC from NY. |
| 02/24/09 | RW | 2.00 | 815.00 | Travel to and from NY for meeting with ACC. |
| | | 22.80 | $15,064.75 | |

We asked Orrick why it was necessary for all three attorneys to travel to New York to attend the meeting, and Orrick responded:

> On February 24, 2009, Peri Mahaley, Richard Wyron and Roger Frankel attended a meeting with counsel for the Asbestos Claimants' Committee to discuss insurance matters.
>
> This meeting was part of the ACC's and the FCR's efforts to refine and implement the overall strategy and approach to insurance issues in the case, including potential insurance settlements. These issues implicate the Plan terms the parties negotiated (in which Mr. Frankel was principally involved), the detailed provisions of the Plan and other Plan documents (which Mr. Wyron was principally involved in negotiating and drafting) and the nuances of the Grace insurance program (about which Ms. Mahaley is very knowledgeable). Ms. Mahaley is Of Counsel in Orrick's insurance recovery group, and is the lead Orrick lawyer involved in analyzing the existing insurance program, including the existing settlement agreements (under which substantial funds are still to be paid) and the unsettled coverage (under which additional substantial funds are available). Orrick believes that the participation of all three of these lawyers was necessary to develop with the ACC a comprehensive strategy for dealing with Grace's asbestos insurance assets.

We accept Orrick's response and have no objection to these fees.

5.   In our initial report, we noted the following time entry in which there was a discrepancy between the total time billed and the time recorded in parentheses:

01/28/09    RS    3.70    3,015.50    Review draft documents (2.5); calls with Z. Finley (.3); attention to e-mail messages (.4).

Although 3.70 hours are billed, the time recorded within the time entry totals only 3.20 hours. Thus, there appeared to be an overcharge of $407.50. In response to our inquiry, Orrick stated: "Orrick agrees that Richard Smith's time entry dated January 28, 2009 inadvertently reflected a total of 3.70 hours when the parenthetical hours totaled 3.20. Therefore, Orrick's requested fees should be reduced by $407.50 (.50 hours X $815.00/hour)." We appreciate Orrick's response and recommend a reduction of $407.50 in fees.

6.   In our initial report, we noted the following air fare charges for which more information was needed:

| Date | Name | Amount | Description |
|---|---|---|---|
| 11/13/2008 | Frankel, Roger | $1,727.00 | . . . attend hearing on Disclosure statement and meetings. 11/13 - 14/08 |
| 1/13/2009 | Frankel, Roger | $1,739.20 | . . . attd hearing in Pitts on CMO, Libby Motion to Compel, 1/13/09 |
| 2/24/2009 | Mahaley, Peri N. | $985.80 | . . . Date: 2/25/09 . . . |
| 3/8/2009 | Frankel, Roger | $1,719.20 | . . . attd hearing in Pitts on approval of disclosure statement, 3/8 - 9/09 |

In response to our inquiry, Orrick provided the following information:

> Below is more information on the air fare charges as requested in the Report. None of these flights were purchased as first class.

| Date | Type | Location | Cost | Total |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 11/13/08-11/14/08 | Round-Trip | DC to Pittsburgh | $863.50 each way | $1,727.00 |
| 01/13/09-01/14/09 | Round-Trip | DC to Pittsburgh | $869.60 each way | $1,739.20 |
| 02/24/09-02/25/09 | Round-Trip | DC to NY | $492.90 each way | $ 985.80 |
| 03/08/09-03/09/09 | Round-Trip | DC to Pittsburgh | $859.60 each way | $1,719.20 |

In response to our follow-up inquiry, Orrick advised that "[a]ll of the flights were purchased as coach class." We accept Orrick's response and have no objection to these expenses.

7. In our initial report, we noted the following hotel charge for which more information was needed:

| | | | |
|---|---|---|---|
| 3/8/2009 | Frankel, Roger | $397.86 | . . . attd hearing in Pitts on approval of disclosure statement, 3/8 - 9/09 |

In response to our inquiry, Orrick provided the following information:

| | | | |
|---|---|---|---|
| 03/08/09 - 03/09/09 | Omni William Penn Hotel | $349.00 | Room Charge |
| | | $ 48.86 | Taxes |
| | | $397.86 | Total |

It appears to us that one can obtain satisfactory lodging in Pittsburgh for $300.00 per night, plus taxes. We consider the Omni William Penn Hotel in Pittsburgh to be a luxury hotel because it is classified as a four and one-half star hotel by the Expedia travel website. Thus, we recommend that reimbursement for the charge be reduced to $300.00, for a reduction of $49.00 in expenses.

8. In our initial report, we noted the following meal charge which appeared somewhat excessive:

| | | | |
|---|---|---|---|
| 3/8/2009 | Frankel, Roger | $195.67 | . . . attd hearing in Pitts on approval of disclosure statement, 3/8 - 9/09; Two for Lunch Frankel, R. and Wyron, R. - Total $30.55; and Two for Dinner, Frankel, R. and Wyron, R. - Total $165.12 |

It appears to us that one can dine satisfactorily in most locales for $55 for dinner, and thus we asked Orrick about this dinner charge. Orrick responded: "Orrick agrees that the meal charge by Roger Frankel dated March 8, 2009 for dinner in Pittsburgh should be reduced to comply with the $55 per person fee auditor cap. Therefore, Orrick's requested expenses should be reduced by $55.12." We appreciate Orrick's response and recommend a reduction of $55.12 in expenses.

9.    In our initial report, we noted the following Westlaw charges which seemed unusually large:

| | | | |
|---|---|---|---|
| 1/22/2009 | Burke, James W. | Westlw | $5,338.75 |
| 1/23/2009 | Burke, James W. | Westlw | $6,769.00 |

In response to our inquiry, Orrick provided the following information:

> Orrick has researched the Westlaw charges by James Burke on January 22 and 23, 2009 and provides the following additional detail. This research project involved 8.90 hours on January 22 and 8.30 hours on January 23 which Mr. Burke spent researching multi-jurisdictional case law on the treatment of partially performed insurance settlement agreements, for use in developing the overall strategy of dealing with those insurers and the insurance-related provisions of the plan.

We accept Orrick's response and have no objection to these expenses.

**CONCLUSION**

10.    Thus, we recommend approval of $1,495,903.25 in fees ($1,497,820.75 minus $1,917.50) and $56,047.01 in expenses ($56,151.13 minus 104.12) for Orrick's services for the Application Period.

**FEE AUDITOR'S FINAL REPORT** - Page 7
wrg FR Orrick 32Q 1-3.09 v2.wpd

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
  Warren H. Smith
  Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 18th day of September, 2009.

_____
  Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Roger Frankel
Richard H. Wyron
Debra L. Felder
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Deanna Boll
David Bernick
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property**

**Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801