## EXHIBIT B

## Sale Agreement

## SALE AGREEMENT

AGREEMENT dated as of November 30, 2009, between W. R. GRACE & CO.-CONN., a Connecticut corporation, acting by and through its business unit Grace Davison ("Seller"), and CHEVRON PRODUCTS COMPANY, a division of Chevron U.S.A. Inc., a Pennsylvania corporation ("Buyer")

WHEREAS, reference is made to the Limited Liability Company Agreement dated March 1, 2001, as amended (the "LLC Agreement"), of Advanced Refining Technologies LLC, a Delaware limited liability company (the "Company");

WHEREAS, capitalized terms used but not defined herein are used with the definitions given them in the LLC Agreement;

WHEREAS, Seller wishes to selll to Buyer a portion of Seller's Company Interest equal to 5% of the aggregate Company Interests (the "Purchased Interest");

WHEREAS, an order (the "Sale Order") authorizing the transaction contemplated by this Agreement (the "Transaction"), has been entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in In re: *W. R. Grace & Co. et al., Debtors*, Chapter 11, Case Nos. 01-1139 et al. (JKF) (Jointly Administered) in the Bankruptcy Court, in which Seller is a debtor and debtor in possession, and said order has become final and non-appealable; and

WHEREAS, the sale of less than all of Seller's Company Interest contemplated by this Agreement has been approved by a Unanimous Vote.

NOW, THEREFORE, Seller and Buyer (the "Parties") hereby agree as follows:

1.   <u>Sale of Purchased Interest</u>.   Seller hereby sells to Buyer, and Buyer hereby purchases from Seller, the Purchased Interest.

2.   <u>Purchase Price</u>.   The purchase price for the Purchased Interest (the "Purchase Price") is Four Million Dollars ($4,000,000.00).

3.   <u>Actions at the Closing</u>.   The closing of the Transaction (the "Closing") will take place simultaneously with the execution and delivery of this Agreement. At the Closing:

1

(i) Buyer is delivering the Purchase Price to Seller by wire transfer in immediately available funds to the following account:

Bank: JPMorgan Chase Bank, NA
Bank ABA #: 021000021
Bank SWIFT code CHASUS33
Bank account name: W. R. Grace & Co.-Conn.
Bank account number: 016001257
Text message: Funds from Chevron for LLC Interest

(ii) Unless previously delivered, Seller is delivering to Buyer a certified copy of the Sale Order.

4. <u>Representations and Warranties of Seller</u>. Seller hereby represents and warrants to Buyer as follows:

(a) Seller is a corporation duly organized and validly existing under the laws of Connecticut, with full corporate power to enter into this Agreement and to perform its obligations hereunder. Seller's execution and delivery of this Agreement, and its performance of its obligations hereunder, have been duly and validly authorized by all necessary corporate action on its part. Seller has duly executed and validly delivered this Agreement, which is legally binding on it.

(b) Seller's execution and delivery of this Agreement, and its performance of its obligations hereunder, will not (i) conflict with its certificate of incorporation or by-laws, (ii) other than the authorization of the Bankruptcy Court, require it to obtain any authorization, action, consent, order, approval of, or to give notice to or seek review by or make any filing, registration or qualification with, any governmental, quasi-governmental, administrative or judicial body, agency, instrumentality or authority, except for such of the foregoing as has been obtained or effected or which the failure to obtain or effect would not have a material adverse effect on its execution or delivery of this Agreement or the performance of its obligations hereunder, or (iii) result in the breach of any of the provisions of, or constitute a default under, any agreement, instrument or other document to which it is a party or by which it is bound, which breach or default would have a material adverse affect on the Transaction.

(c) Seller is the sole record and beneficial owner of the Purchased Interest, free and clear of all liens, security interests, pledges, options, encumbrances, charges, agreements, and rights of third parties (collectively, "Liens"), other than Liens arising in favor of (i) the Lenders under the Post-Petition Loan and Security Agreement dated as of April 1, 2001, as amended (the "Loan Agreement"), between the financial institutions named therein as the Lenders, Bank of America, N.A. as the Agent, and W. R. Grace & Co. and the subsidiaries of W. R. Grace & Co. named therein as the Borrowers, and (ii) Buyer under the LLC Agreement and (ii) the rights of Buyer under the LLC Agreement (the "Existing Liens").

2

(d) Other than the Existing Liens, there are no securities, rights, subscriptions, warrants, options, or agreements of any kind outstanding or in effect to purchase or otherwise acquire all or part of the Purchased Interest. Other than as provided in the Loan Agreement or the LLC Agreement, Seller has not sold, granted, assigned or transferred any right or interest in the Purchased Interest to any person or other entity, which assignment or transfer is currently in force or effect.

(e) To Seller's knowledge, no action, suit or proceeding before any court or any governmental or regulatory authority and no investigation by any governmental or regulatory authority has been commenced or is threatened against the Seller, seeking to restrain, prevent or change the Transaction or questioning its validity or seeking damages in connection with the Transaction.

5. <u>Representations and Warranties of Buyer</u>. Buyer hereby represents and warrants to Seller as follows:

(a) Buyer is a corporation duly organized, validly existing and in good standing under the laws of Pennsylvania, with full corporate power to enter into this Agreement and to perform its obligations hereunder. Buyer's execution and delivery of this Agreement, and its performance of its obligations hereunder, have been duly and validly authorized by all necessary corporate action on its part. Buyer has duly executed and validly delivered this Agreement, which is legally binding on it.

(b) Buyer's execution and delivery of this Agreement, and its performance of its obligations hereunder, will not (i) conflict with its articles of incorporation or by-laws, (ii) require it to obtain any authorization, action, consent, order, approval of, or to give notice to or seek review by or make any filing, registration or qualification with, any governmental, quasi-governmental, administrative or judicial body, agency, instrumentality or authority, except for such of the foregoing as has been obtained or effected or which the failure to obtain or effect would not have a material adverse effect on its execution or delivery of this Agreement or the performance of its obligations hereunder, or (iii) result in the breach of any of the provisions of, or constitute a default under, any agreement, instrument or other document to which it is a party or by which it is bound, which breach or default would have a material adverse affect on the Transaction.

(c) No action, suit or proceeding before any court or any governmental or regulatory authority and no investigation by any governmental or regulatory authority has been commenced or to its knowledge is threatened against it, seeking to restrain, prevent or change the Transaction or questioning its validity or seeking damages in connection with the Transaction.

(d) Buyer understands that (i) the Purchased Interest has not been, and will not be, registered under the Securities Act, or under any state securities laws, and is being offered and sold in reliance upon federal and state exemptions for transactions not

involving any public offering, (ii) the Purchased Interest may not be offered for sale, sold, delivered after sale, transferred, pledged, or hypothecated unless qualified and registered under applicable state and federal securities laws or unless, in an opinion of counsel for Buyer satisfactory to the Company, such qualification and registration is not required, and (iii) any transfer of the Purchased Interest is further subject to other restrictions, term and conditions which are set forth in the LLC Agreement.

(e) Buyer (i) is acquiring the Purchased Interest solely for its own account for investment purposes, and not with a view to the distribution thereof, (ii) is a sophisticated investor with knowledge and experience in business and financial matters, and (iii) has received sufficient information concerning the Company and has had the opportunity to obtain additional information as desired in order to evaluate the merits and the risks inherent in holding the Purchased Interest.

6. Indemnification; Survival. (a) Each Member (the "Indemnitor") shall indemnify and hold harmless the other Member from and against any and all losses, claims, damages, liabilities and expenses, including (but without limiting the generality of the foregoing) reasonable attorneys' fees and other legal expenses, arising from or out of or with respect to the Indemnitor's breach of any representation, warranty, covenant or agreement of the Indemnitor contained in this Agreement.

(b) The representations and warranties contained in this Agreement shall survive the Closing of the Transaction and the delivery of this Agreement and any other instruments or documents delivered pursuant hereto or in connection herewith.

7. Miscellaneous.

(a) Further Actions. From time to time each Party, as and when requested by the other Party, shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as the requesting Party may reasonably deem necessary or desirable to carry out the intent and purposes of this Agreement and to consummate the Transaction.

(b) Entire Agreement; Assignment. This Agreement contains the entire agreement between the Parties with respect to the Transaction and supersedes all prior arrangements or understandings with respect thereto. This Agreement may not be assigned by either Party, and any attempted assignment in contravention of this Section 7(b) shall be deemed void and of no effect *ab initio*.

(c) Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, except for any principles of conflict of laws that would require the application of the law of a jurisdiction other than Delaware.

(d) <u>Counterparts</u>. This Agreement may be signed in counterparts, each of which may be signed by one or both Parties and all of which shall constitute a single agreement.

(e) <u>Descriptive Headings</u>. The descriptive headings of this Agreement are for convenience only and shall not control or affect the meaning or construction of any provision of this Agreement.

(f) <u>Waivers and Amendments</u>. Any waiver of any term or condition, or any amendment or supplementation, of this Agreement shall be effective only if in writing and signed by the Parties.

IN WITNESS WHEREOF, the Parties have signed this Agreement as of the date first above written.

| **W. R. GRACE & CO.-CONN.** | **CHEVRON PRODUCTS COMPANY** <br> A Division of Chevron U.S.A. Inc. |
|---|---|
| By: _____ <br> Name: <br> Title: | By: _____ <br> Name: <br> Title: |

5