**EXHIBIT C**

**LLC Amendment**

# FOURTH AMENDMENT
# TO
# LIMITED LIABILITY COMPANY AGREEMENT
# OF
# ADVANCED REFINING TECHNOLOGIES LLC

THIS **FOURTH AMENDMENT** ("Amendment") **TO LIMITED LIABILITY COMPANY AGREEMENT** is made as of November 30, 2009, by and between **CHEVRON PRODUCTS COMPANY**, a division of Chevron U.S.A. Inc., a Pennsylvania corporation ("Chevron"), and **W. R. GRACE & CO.-CONN.**, a Connecticut corporation, acting by and through its business unit Grace Davison ("Davison").

WHEREAS, Chevron and Davison (collectively, the "Members") entered into a Limited Liability Company Agreement, effective March 1, 2001, as heretofore amended by an agreement entitled "First Amendment to Limited Liability Company Agreement of Advanced Refining Technologies LLC" dated November 12, 2001, by a second agreement entitled "Second Amendment to Limited Liability Company Agreement of Advanced Refining Technologies LLC" dated February 4, 2004, and by a third agreement erroneously entitled "Second Amendment to Limited Liability Company Agreement of Advanced Refining Technologies LLC" dated November 2, 2006 (hereinafter collectively referred to as the "LLC Agreement"); and

WHEREAS, the Members wish further to amend the LLC Agreement.

NOW, THEREFORE, the Members hereby agree as follows:

1.   Capitalized terms used but not defined in this Amendment are used with the definitions given them in the LLC Agreement.

2.   The Members hereby acknowledge that as agreed by Unanimous Vote, Davison is permitted to sell to Chevron a portion of its Company Interest equal to 5% of the total issued and outstanding Company Interests of the Members (the "Purchased Interest").

3.   Effective upon the transfer of the Purchased Interest to Chevron, Exhibit A of the LLC Agreement shall be automatically amended to read as set forth in Exhibit A attached hereto.

4.   (a)   The definition of **Advanced Refining Technologies LP** or **ART LP** in Section 1.1 of the LLC Agreement is hereby deleted in its entirety.

   (b)   The definition of **ART Gmbh Dividends** in Section 1.1 of the LLC Agreement is hereby amended to read as follows:

> *"ART Gmbh Dividends"* means a dividend (as defined in Article 10, paragraph 4 of the US-Germany Tax Treaty) paid by Advanced Refining Technologies GmbH to the Company.

(c) Section 1.1 of the LLC Agreement is hereby amended to add the following definitions in alphabetical order:

> *"Additional Intellectual Property"* shall have the meaning set forth in Section 13.5(e).

> *"Directors"* shall have the meaning such forth in Section 7.9(f).

5. Section 7.2 of the LLC Agreement is hereby amended to add at the end thereof the following additional sentence:

> *The Chairman of the Executive Committee (the "Chairman") shall be one of the Representatives. For the calendar year 2009 the Chairman shall be Gregory E. Poling or a substitute appointed by Davison. For the calendar year 2010 the Chairman shall be a Chevron Representative as appointed by Chevron. In subsequent odd-numbered calendar years the Chairman shall be a Davison Representative appointed by Davison, and in subsequent even-numbered calendar years the Chairman shall be a Chevron Representative appointed by Chevron.*

6. Section 7.9(b) of the LLC Agreement is hereby amended to read as follows:

> *(b) <u>Titles and Number</u>. The elected Officers shall be the Managing Director, the Deputy Managing Director, the Secretary and Assistant Secretaries, the Director of Marketing, the Director of Supply, the Director of R&D, the Chief Financial Officer, and the Treasurer and Assistant Treasurers. There may be elected from time to time, in accordance with Section 7.9(c), such additional Offices as the Executive Committee may desire.*

7. Section 7.9(d) is hereby deleted in its entirety, Section 7.9(e) is hereby renamed Section 7.9(d), and a new Section 7.9(e) is hereby inserted to read as follows:

> *(e) <u>Deputy Managing Director</u>. The Deputy Managing Director shall assist the Managing Director in implementing the business plan and strategies approved by the Executive Committee, and perform all duties incident to such office and such other duties as may, from time to time, be assigned to him by the Executive Committee or the Managing Director. The Deputy Managing Director may also hold one or more other Officer or other positions in the Company. If the Managing Director is an employee*

*of or otherwise associated or identified with one of the Members, the Deputy Managing Director shall be a nominee of the other Member. In the absence of the Managing Director, the Deputy Managing Director shall have all of the powers and duties conferred upon the Managing Director that the Managing Director delegates (orally or in writing) to the Deputy Managing Director for performance during such absence.*

8. The first sentence of Section 7.9(f) is hereby amended to read as follows:

*(f) <u>Directors</u>. In the absence of the Managing Director and the Deputy Managing Director, the Officers whose titles include the term "Director" (the "**Directors**") and that are designated by the Executive Committee shall, except as hereinafter provided, have all of the powers and duties conferred upon the Managing Director.*

9. In Section 7.9(g), (h) and (i), the phrase "*assigned to him by the Executive Committee, the Chairman or the Managing Director*" is hereby amended to read "*assigned to him by the Executive Committee, the Managing Director or the Deputy Managing Director*".

10. Section 8.8 of the LLC Agreement is hereby amended to read as follows:

***8.8   Transfer.***

*(a)   If any Company Interest or part thereof is sold, assigned or transferred during any accounting period, Tax Profits, Tax Losses, each item thereof and all other items attributable to the transferred interest for such period shall be divided and allocated between the transferor and the transferee by taking into account their varying interests during the period in accordance with Code Section 706(d), using any conventions permitted by law and selected by the Executive Committee.*

*(b)   All distributions made after the date of such transfer with respect to such transferred interest shall be allocated between the transferor and the transferee in proportion to the number of days in the period for which the distribution was made that each held the transferred interest.*

11. Section 9.2(a)(ii) of the LLC Agreement is hereby amended by increasing the Minimum Working Capital Requirements or MWCR to $60 million.

12. (a)   Section 9.1(a)(vi) of the LLC Agreement is hereby amended in its entirety to read as follows:

*(vi)   Any foreign taxes imposed on income or gain of any subsidiary of the Company that give rise to foreign tax credits under Code*

> *Section 902 as a result of a dividend (as defined in the relevant tax treaty) paid by such subsidiary to the Company (and the related Section 78 gross up) shall be allocated to the Members in proportion to their respective Company Interests at the time the tax credit arises as a pass-through item to the Members of the Company.*

(b)   Effective upon the transfer of the shares of Advanced Refining Technologies GmbH from the Company to the Members, Section 9.1(a)(iii) and (iv) and all definitions in Section 1.1 of the LLC Agreement that apply only to said Section 9.1(a)(iii) and (iv), automatically shall be deleted and of no further force and effect.

13.   Section 10.3 of the LLC Agreement is hereby amended in its entirety to read as follows:

> **10.3 Tax Returns.**  *The Tax Matters Member, on behalf of the Company, shall timely file, or shall cause to be filed, a complete and accurate version of all federal, state, local and foreign tax returns required to be filed by Company and its Affiliates. Each Member shall furnish to the Company upon the prior written request of the Tax Matters Member all pertinent information in its possession relating to the Company's and its Affiliates' operations that is necessary to enable such tax returns to be timely prepared and filed. Federal and state income tax returns will be prepared at the direction of the Members by either (i) a nationally recognized, independent accounting firm selected by the Members or (ii) the Tax Matters Member. If the Tax Matters Member prepares the U.S. federal and state tax returns, the other Members shall have the right to review such returns at least 30 days prior to the earlier of the actual filing or the tax return extended due date as prescribed by law. The Tax Matters Member will submit a draft of the returns to the other Members at least thirty (30) days prior to the filing of any return and, in the case of the federal partnership return, in no event later than June 30 of the year in which the return is due. If upon review, the other Members reasonably believe that the Tax Matters Member has not prepared a complete and accurate return, then the other Members shall notify the Tax Matters Member within 20 days of receipt of such return and the Tax Matters Member shall revise the return to ensure that the tax filing is timely, complete and accurate. The Tax Matters Member will file all tax returns on behalf of the Company. Reasonable expenses of the Tax Matters Member incurred in carrying out these duties shall be promptly reimbursed by the Company.*

14.   Section 10.4 of the LLC Agreement is hereby amended to add clause (ix) thereto to read as follows:

    (ix) *to calculate the Research and Development tax credit using a methodology applicable under the law that results in the maximum available tax credit (in aggregate) to all Members.*

 15. Section 10.5(e) of the LLC Agreement is hereby amended in its entirety to read as follows:

    *(e) **Furnishing Information**. The Members shall furnish the Tax Matters Member within 30 days from the receipt of the request with such information (including information specified in Code Sections 6230(e) and 6050K) as the Tax Matters Member may reasonably request to permit it to provide the Internal Revenue Service with sufficient information for purposes of Code Sections 6230(e) and 6050K.*

 16. Section 13.5 of the LLC Agreement is hereby amended to add Section 13.5(e) thereto to read as follows:

    *(e) With respect to any intellectual property (other than trademarks) and technology owned by or licensed to the Company at the time of dissolution and not provided for in Section 13.5(a) through (d) (**"Additional Intellectual Property"**), the following provisions shall apply: (i) Additional Intellectual Property that is owned by the Company shall be transferred into joint ownership by the Members; and (ii) the Members shall use their reasonable best efforts to cause the Company's rights under licensed Additional Intellectual Property to be assigned jointly to the Members, or if such assignment cannot be obtained, then (to the extent permissible under applicable law and the terms of the licenses) enter into reasonable arrangements to provide both Members with the benefits of such licensed Additional Intellectual Property.*

 17. The provisions of Sections 17.1, 17.3, 17.4, 17.5, 17.9 and 17.10 of the LLC Agreement shall apply to this Amendment, except that references therein to "this Agreement" shall be deemed to refer to this Amendment.

 18. Nothing in the LLC Agreement shall prevent the amendment and modification of any of the exhibits and schedules attached thereto or referred to therein.

 19. Except as modified by this Amendment, all the provisions of the LLC Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the Members have executed as of the date first set forth above, two copies of this Amendment, one such copy to be retained by each.

**CHEVRON PRODUCTS COMPANY**  
A Division of Chevron U.S.A. Inc.

**W. R. GRACE & CO.-CONN.**

By: _____  
Name:  
Title:

By: _____  
Name:  
Title: