# EXHIBIT D

## Credit Agreement Amendment

## FOURTH AMENDMENT TO CREDIT AGREEMENT

### (W. R. Grace & Co.-Conn.)

THIS FOURTH AMENDMENT TO THE CREDIT AGREEMENT ("Fourth Amendment") is entered into as of November __, 2009 ("Execution Date"), by and between **ADVANCED REFINING TECHNOLOGIES LLC**, a limited liability company organized under the laws of Delaware (the "Borrower"), and **W. R. GRACE & CO.-CONN.**, a Connecticut corporation (the "Lender")

*WITNESSETH*

*WHEREAS*, Borrower and Lender entered into that certain Credit Agreement dated March 1, 2001, as amended by that certain First Amendment to Credit Agreement dated as of February 4, 2004, that certain Second Amendment to Credit Agreement entered into as of May 1, 2006, and that certain Third Amendment to Credit Agreement dated as of April 23, 2008 (hereinafter collectively referred to as the "Credit Agreement"), pursuant to which Lender agreed to make certain loans to Borrower;

*WHEREAS*, pursuant to Section 7.05 of the Credit Agreement, the parties hereto wish to enter into this Fourth Amendment to amend the amount of the Commitment;

*NOW, THEREFORE*, for and in consideration of the exchange of mutual promises and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Borrower and Lender agree to the amendment of the Credit Agreement as follows:

1.    The first sentence of Section 3.02 of the Credit Agreement is hereby amended to read in its entirety as follows:

> *"The Lender's Commitment shall be U.S.$20,250,000 or such lesser amount as provided in this Section 3.02."*

2.    This Fourth Amendment shall become effective on the later of (i) the Execution Date, and (ii) the date upon which the Lender shall have received written evidence of the approval of this Fourth Amendment by the Borrower's Executive Committee pursuant to Section 7.05 of the Credit Agreement .

3.    Except as otherwise expressly amended hereby, the Credit Agreement remains in full force and effect and unmodified, and except as otherwise defined herein, all capitalized terms used in this Fourth Amendment shall have the same meanings ascribed thereto in the Credit Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused this Fourth Amendment to the Credit Agreement to be executed by their respective duly authorized representatives as of the Execution Date.

**Advanced Refining Technologies LLC**          **W. R. Grace & Co.-Conn.**


By _____          By _____
   Scott K. Purnell                              Name:
   Managing Director                           Title

## NON-NEGOTIABLE PROMISSORY NOTE

### 2007-2008 Maintenance Capital

US$8,700,000                                   November ___, 2009
                                               Columbia, Maryland


**FOR VALUE RECEIVED, W. R. Grace & Co.-Conn.,** a Connecticut corporation having its principal offices at 7500 Grace Drive, Columbia, Maryland 21044 ("Borrower"), hereby promises to pay to **Advanced Refining Technologies LLC**, a Delaware limited liability company having its principal offices at c/o W. R. Grace & Co.- Conn., 7500 Grace Drive, Columbia, Maryland 21044 ("Lender"), the principal amount of **EIGHT MILLION SEVEN HUNDRED THOUSAND U. S. DOLLARS (US$8,700,000),** together with interest on the principal amount hereof outstanding from time to time, as more particularly set forth below, but in any event **ON DEMAND** by Lender or, upon the occurrence and during the continuance of a Member Demand Event (as defined below), by either member of Lender.

This Promissory Note evidences amounts borrowed in 2009 to fund Maintenance Capital Expenditures (as such term is defined in Section 5.5 of the Hydroprocessing Catalyst Supply Agreement effective March 1, 2001, as amended, between Lender and Borrower) in 2007 and 2008.

Interest on this Promissory Note shall be calculated based on a year of 360 days and actual days elapsed, and shall be payable monthly on the 15th day of each month (or if such day is not a Business Day, then on the next succeeding Business Day), commencing December 15, 2009, for the immediately preceding calendar month, and on the day when any principal prepayment is made with respect to the amount then prepaid.

Interest shall be calculated at the rate of interest per annum equal (to the full extent permitted by applicable law) to LIBOR (as defined below) plus 125 basis points (a basis point being equal to 1/100th of a percentage point); **_provided, however,_** that upon the occurrence and during the continuance of any default by Borrower in the scheduled payment of any amount due under this Promissory Note, which default shall continue for five Business Days after notice thereof to Borrower by Lender, or in the payment of any amount due

1

under this Promissory Note upon demand, interest shall, to the full extent permitted by law, thereafter accrue (as well after as before judgment) on such overdue amount at a rate equal to one percentage point (1%) above the rate of interest otherwise applicable herein. Interest shall be payable in respect of any principal amount hereof for the date of this Promissory Note, but not for the day on which such principal amount is repaid.

Principal will be paid in 80 equal monthly payments of $108,750.00, or in full upon demand as provided herein. Principal payments shall be made on the 15th day on each consecutive month commencing January 15, 2010 (or if such day is not a Business Day, then on the next succeeding Business Day).

As used in this Promissory Note, the following terms shall have the following meanings:

"Business Day" shall mean a day on which banks are not required or authorized to close in New York, New York or Columbia, Maryland, U.S.A.

"Initial Interest Period" shall mean the period commencing on the date of this Promissory Note and ending on December 31, 2009.

"Interest Period" shall mean the Initial Interest Period and, thereafter, each quarterly period commencing on the first day of each subsequent calendar quarter and ending on the last day of such subsequent calendar quarter during the term of this Promissory Note.

"LIBOR" shall mean for each Interest Period the London Interbank Offered Rate for a loan of three months that appears on the Thomson One BBA LIBOR Screen at close of business on the second Business Day immediately preceding the first day of such Interest Period (the "Interest Determination Date"); *provided, however,* that (i) if no such rate appears on the Thomson One BBA LIBOR Screen on the Interest Determination Date, then LIBOR shall mean for such Interest Period the London Interbank Offered Rate for a loan of three months published in *The Wall Street Journal* on the Interest Determination Date; or (ii) if such rate appears on neither the Thomson One BBA LIBOR Screen nor in *The Wall Street Journal* on the Interest Date, then LIBOR shall mean for such Interest Period the London Interbank Offered Rate for a loan of three months and in an amount comparable to the aggregate principal amount outstanding under this Promissory Note, quoted on the Interest Determination Date by Bank of America, N.A.

"Member Demand Event" shall mean any of the following:

(a)   default by Borrower in the payment of any amount due and

2

payable hereunder, which default has continued and is continuing uncured for a period of at least 180 days; or

(b)     Borrower shall cease doing business as a going concern; or

(c)     Borrower shall, except in connection with its currently pending case in the U.S. Bankruptcy Court for the District of Delaware, (i) voluntarily commence any proceeding or file any petition seeking relief under the United States Bankruptcy Code, as now constituted or hereafter amended, or any other federal or state bankruptcy, insolvency, receivership or similar law, (ii) apply for or consent to the appointment of a receiver, trustee, custodian, or similar official for Borrower or for a substantial part of the property or assets of Borrower, (iii) make a general assignment for the benefit of creditors, or (iv) become unable, admit in writing its inability, or fail generally to pay its debts as they become due; or

(d)     an involuntary proceeding shall be commenced or an involuntary petition shall be filed in a court of competent jurisdiction seeking (i) relief in respect of Borrower, or of a substantial part of the property or assets of Borrower, under the United States Bankruptcy Code, as now constituted or hereafter amended, or any other federal or state bankruptcy, insolvency, receivership or similar law, (ii) the appointment of a receiver, trustee, custodian, or similar official for Borrower or for a substantial part of the property or assets of Borrower, or (iii) the winding-up, liquidation or dissolution of Borrower; and such proceeding or petition shall continue undismissed for sixty (60) consecutive days; or

(e)     a voluntary or involuntary proceeding shall be (i) commenced, or (ii) petition shall be filed in a court of competent jurisdiction, seeking the winding-up, liquidation or dissolution of Lender; and such proceeding or petition shall continue undismissed for sixty (60) consecutive days; or

(f)     Borrower shall sell, assign or transfer its Company Interest to a member of Lender or any third party.

"U. S. Dollars" and US$" shall mean lawful currency of the United States of America.

All payments to the holder of this Promissory Note shall be made at the address of the holder set forth in the first paragraph of this Promissory Note, ATTENTION: Treasury Department, or at such other office or to such account as such holder from time to time may specify by notice to Borrower.

3

This Promissory Note is not negotiable, and is not assignable or transferable by the holder of this Promissory Note, except with the prior written consent of Borrower.

This Promissory Note may be prepaid in whole or in part, at any time and from time to time without premium or penalty, upon not less than one Business Day's notice to the holder.  Each prepayment will be applied first to accrued and unpaid interest, and then to installments of principal in the reverse order of their due dates.

Borrower waives, to the extent that it may lawfully do so, presentment, protest, and all notices of whatever kind (other than a demand for payment as provided for herein and the right to return of this Promissory Note marked "canceled" against payment in full of all amounts due hereunder) in connection with payment of this Promissory Note; and Borrower agrees that the entire principal amount hereof may at any time and for any reason or no reason, in the holder's sole discretion, be declared to be immediately due and payable; and further agrees, on demand, to pay interest, to the extent permitted by applicable law, on all overdue amounts of principal and interest hereunder at the rate provided for herein. Borrower shall pay to the holder of this Promissory Note, on demand, all costs and expenses (including, without limitation, attorneys' fees and expenses) incurred by such holder in connection with enforcement and collection of this Promissory Note.

The obligation of Borrower to pay the holder of this Promissory Note shall be absolute and unconditional and the rights of such holder shall not be subject to any defense, set-off, counterclaim or recoupment by reason of any indebtedness, obligation or liability at any time owing or incurred by such holder to Borrower or otherwise.

Demand by Lender or one of its members to Borrower for payment and other notices to Borrower hereunder shall be made in writing (including facsimile transmission) or by telephone promptly confirmed in writing at the address shown following Borrower's signature hereon or at such other address as Borrower shall specify by written notice to the holder of this Promissory Note at its office address shown above (or at such other address as such holder from time to time may specify by written notice to Borrower).

Lender reserves the right to net any outstanding payments Lender may have outstanding with Borrower from any source whatsoever at any time Borrower fails to pay interest and repay principal by the due date under the terms of this Promissory Note.

No failure by the holder of this Promissory Note to assert any of its rights or take any action hereunder, nor any delay therein, shall constitute a waiver of such holders rights hereunder. The rights and remedies provided in this

4

Promissory Note are cumulative and not exclusive of any rights or remedies provided by law. No waiver of any such rights shall be effective unless made in a writing signed by the holder of this Promissory Note and then shall be effective in the particular instance and limited to the particular matter or matters referred to.

All amounts payable hereunder shall be paid in U. S. Dollars and in immediately available and freely transferable funds.

This Promissory Note shall be governed by and construed and enforced in accordance with the laws of New York. Borrower hereby irrevocably submits to the non-exclusive jurisdiction of any court of competent jurisdiction located in New York, New York for purposes of enforcement hereof and agrees that process may be served upon it in the manner specified herein for the delivery of notices or in any other manner permitted by law.

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be executed by its duly authorized officer as of the date first above written.

**W. R. GRACE & CO.-CONN.**

By:_____

        Hudson La Force III
        Senior Vice President and
        Chief Financial Officer

Borrower's Address for notices:
W. R. Grace & Co.-Conn.
7500 Grace Drive
Columbia, Maryland
ATTENTION: Treasury Department
Telephone: (410) 531-4398 or (410) 531-4560
Fax: (410) 531-4461

5
