## EXHIBIT E-2

### 2009 Note

## NON-NEGOTIABLE PROMISSORY NOTE

### 2009 Maintenance Capital

Up to US$3,500,000                                November ___, 2009
                                                 Columbia, Maryland


FOR VALUE RECEIVED, **W. R. Grace & Co.-Conn.,** a Connecticut corporation having its principal offices at 7500 Grace Drive, Columbia, Maryland 21044 ("Borrower"), hereby promises to pay to **Advanced Refining Technologies LLC**, a Delaware limited liability company having its principal offices at c/o W. R. Grace & Co.- Conn., 7500 Grace Drive, Columbia, Maryland 21044 ("Lender"), the principal amount of **THREE MILLION FIVE HUNDRED THOUSAND U. S. DOLLARS (US$3,500,000),** or such lesser principal amount as shall from time to time be borrowed and outstanding hereunder and reflected on the grid attached hereto or in the records of the holder of this Promissory Note, together with interest on the principal amount hereof outstanding from time to time, as more particularly set forth below, but in any event **ON DEMAND.**

This Promissory Note evidences Amounts Borrowed from time to time in 2009 to fund Maintenance Capital Expenditures (as such term is defined in Section 5.5, and as such amount must be approved by Lender per Section 5.6, of the Hydroprocessing Catalyst Supply Agreement effective March 1, 2001, as amended, between Lender and Borrower).

Interest on this Promissory Note shall be calculated based on a year of 360 days and actual days elapsed, and shall be payable monthly on the 15th day of each month (or if such day is not a Business Day, then on the next succeeding Business Day), commencing December 15, 2009, for the immediately preceding calendar month, and on the day when any principal prepayment is made with respect to the amount then prepaid.

Interest shall be calculated at the rate of interest per annum equal (to the full extent permitted by applicable law) to LIBOR (as defined below) plus 125 basis points (a basis point being equal to 1/100th of a percentage point); **_provided, however,_** that upon the occurrence and during the continuance of any default by Borrower in the scheduled payment of any amount due under this Promissory Note, which default shall continue for five Business Days after notice thereof to Borrower by Lender, or in the payment of any amount due under this Promissory Note upon demand, interest shall, to the full extent permitted by

1

law, thereafter accrue (as well after as before judgment) on such overdue amount at a rate equal to one percentage point (1%) above the rate of interest otherwise applicable herein. Interest shall be payable in respect of any principal amount borrowed hereunder for the first day of such borrowing, but not for the day on which such principal amount is repaid.

Principal on the Total Borrowed will be paid in 96 monthly payments each equal to 1/96th of the Total Borrowed for a total repayment period of eight (8) years unless repaid in part or in full beforehand or **upon demand by Lender**. Principal repayments on the Total Borrowed shall be made on the 15th day of each consecutive month commencing February 15, 2010 (or if such day is not a Business Day then on the next succeeding Business Day).

As used in this Promissory Note, the following terms shall have the following meanings:

"Amount Borrowed" shall mean any periodic draw against this Promissory Note for Maintenance Capital Expenditures by Borrower.

"Business Day" shall mean a day on which banks are not required or authorized to close in New York, New York or Columbia, Maryland, U.S.A.

"Initial Interest Period" shall mean the period commencing on the date of this Promissory Note and ending on December 31, 2009.

"Interest Period" shall mean the Initial Interest Period and, thereafter, each quarterly period commencing on the first day of each subsequent calendar quarter and ending on the last day of such subsequent calendar quarter during the term of this Promissory Note.

"LIBOR" shall mean for each Interest Period the London Interbank Offered Rate for a loan of three months that appears on the Thomson One BBA LIBOR Screen at close of business on the second Business Day immediately preceding the first day of such Interest Period (the "Interest Determination Date"); **provided, however,** that (i) if no such rate appears on the Thomson One BBA LIBOR Screen on the Interest Determination Date, then LIBOR shall mean for such Interest Period the London Interbank Offered Rate for a loan of three months published in The Wall Street Journal on the Interest Determination Date; or (ii) if such rate appears on neither the Thomson One BBA LIBOR Screen nor in The Wall Street Journal on the Interest Date, then LIBOR shall mean for such Interest Period the London Interbank Offered Rate for a loan of three months and in an amount comparable to the aggregate principal amount outstanding under this Promissory Note, quoted on the Interest Determination Date by Bank of America, N.A.

"Total Borrowed" shall mean the sum of the Amounts Borrowed periodically under this Promissory Note the total which shall not exceed

2

the lesser of (i) the amount of the actual Maintenance Capital Expenditures for the year, and (ii) $3,500,000.

"U. S. Dollars" and US$" shall mean lawful currency of the United States of America.

All payments to the holder of this Promissory Note shall be made at the address of the holder set forth in the first paragraph of this Promissory Note, ATTENTION: Treasury Department, or at such other office or to such account as such holder from time to time may specify by notice to Borrower.

Borrower authorizes the holder of this Promissory Note to make entries in its records and on the grid attached hereto to show the date and amount of each borrowing and payment or prepayment made hereunder and the total principal amount then outstanding, and such entries shall be prima facie evidence thereof; but the failure of such holder to make any such grid entry shall not affect the repayment obligations of Borrower hereunder.

By January 31, 2010, Borrower will total the Amounts Borrowed under this Promissory Note, and will advise Lender of the Total Borrowed at the next meeting of the Executive Committee of Lender.

This Promissory Note is not negotiable, and is not assignable or transferable by the holder of this Promissory Note, except with the prior written consent of Borrower.

This Promissory Note may be prepaid in whole or in part, at any time and from time to time without premium or penalty, upon not less than one Business Day's notice to the holder.  Each prepayment will be applied first to accrued and unpaid interest on the Total Borrowed, and then to installments of principal in the reverse order of their due dates.

Borrower waives, to the extent that it may lawfully do so, presentment, protest, and all notices of whatever kind (other than a demand for payment as provided for herein and the right to return of this Promissory Note marked "canceled" against payment in full of all amounts due hereunder) in connection with payment of this Promissory Note; and Borrower agrees that the entire principal amount hereof may at any time and for any reason or no reason, in the holder's sole discretion, be declared to be immediately due and payable; and further agrees, on demand, to pay interest, to the extent permitted by applicable law, on all overdue amounts of principal and interest hereunder at the rate provided for herein. Borrower shall pay to the holder of this Promissory Note, on demand, all costs and expenses (including, without limitation, attorneys' fees and expenses) incurred by such holder in connection with enforcement and collection of this Promissory Note.

The obligation of Borrower to pay the holder of this Promissory Note shall be absolute and unconditional and the rights of such holder shall not be subject to any defense, set-off, counterclaim or recoupment by reason of any

3

indebtedness, obligation or liability at any time owing or incurred by such holder to Borrower or otherwise.

Demand for payment and other notices to Borrower hereunder shall be made in writing (including facsimile transmission) or by telephone promptly confirmed in writing at the address shown following Borrower's signature hereon or at such other address as Borrower shall specify by written notice to the holder of this Promissory Note at its office address shown above (or at such other address as such holder from time to time may specify by written notice to Borrower).

No failure by the holder of this Promissory Note to assert any of its rights or take any action hereunder, nor any delay therein, shall constitute a waiver of such holders rights hereunder. The rights and remedies provided in this Promissory Note are cumulative and not exclusive of any rights or remedies provided by law. No waiver of any such rights shall be effective unless made in a writing signed by the holder of this Promissory Note and then shall be effective in the particular instance and limited to the particular matter or matters referred to.

All amounts payable hereunder shall be paid in U. S. Dollars and in immediately available and freely transferable funds.

This Promissory Note shall be governed by and construed and enforced in accordance with the laws of New York. Borrower hereby irrevocably submits to the non-exclusive jurisdiction of any court of competent jurisdiction located in New York, New York for purposes of enforcement hereof and agrees that process may be served upon it in the manner specified herein for the delivery of notices or in any other manner permitted by law.

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be executed by its duly authorized officer as of the date first above written.

**W. R. GRACE & CO.-CONN.**


By:_____
              Hudson La Force III
              Senior Vice President and
              Chief Financial Officer

Borrower's Address for notices:
W. R. Grace & Co.-Conn.
7500 Grace Drive
Columbia, Maryland
ATTENTION: Treasury Department
Telephone: (410) 531-4398 or (410) 531-4560
Fax: (410) 531-4461

4

**GRID**
**W. R. GRACE & CO.-CONN.**
**NON-NEGOTIABLE PROMISSORY NOTE**
**2009 Maintenance Capital**

| Date | Amount Borrowed | Amount Paid or Repaid | Total Amount Outstanding | Notation Made By |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
| **Total Borrowed** Repayment begins February 15, 2010 |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |