IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: October 26, 2009 at 10:30 a.m.** |
| | | **Objection Deadline: October 9, 2009 at 4:00 p.m.** |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING STIPULATION RESOLVING PROOFS OF CLAIM OF BNSF RAILWAY COMPANY PURSUANT TO THE EPA MULTI-SITE AGREEMENT

The Debtors respectfully move this Court for the entry of an order (the "Settlement

Order"), substantially in the form attached hereto as Exhibit A, approving the stipulation (the

"Stipulation") resolving certain claims of BNSF Railway Company, f/k/a The Burlington

Northern and Santa Fe Railway Company (the "Claimant"), a copy of which is attached hereto as

Exhibit B , and approving the Debtors' execution thereof.[2]  The Claimant and the Debtors have

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]   Capitalized terms not defined in this Motion shall have the meaning ascribed to them in, as the case may be, the Stipulation, the EPA Multi-Site Agreement (as it is defined in this Motion) or the *First Amended Joint Plan of*

entered into the Stipulation pursuant to the *Settlement Agreement Resolving the United States'*
*Proofs of Claim for Certain Environmental Matters* (the "EPA Multi-Site Agreement"), a copy
of which is attached as Exhibit C hereto.  In support of this Motion, the Debtors state the
following:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and
1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this
Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Motion are section 105 of the Bankruptcy Code and Fed.
R. Bankr. P. 9019.

## Background

3.      On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions
for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  These
Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to
sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their
businesses and manage their properties as debtors-in-possession.

4.      On or about March 28, 2003, the United States, on behalf of the Environmental
Protection Agency, the United States Department of Agriculture Forest Services, and the Army
Corps of Engineers, filed certain proofs of claim, numbered 9634 and 9635 (the "Proofs of
Claim"), relating to the Debtors' obligations and liabilities arising from environmental
contamination at numerous sites around the country.  Proof of Claim No. 9634 seeks cost

---

*Reorganization* (the "Plan") in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873
and 21594.

recovery and injunctive relief in connection with environmental remedial liability at 32 sites and at unspecified future sites.

5.      On or about March 28, 2003, the Claimant filed proofs of claim against the Debtors arising from environmental remediation at sites in Denver, Colorado, Libby, Montana, and Minot, North Dakota (collectively, the "Sites"):

| Claim No. | Location | Amount | Priority | Basis |
|---|---|---|---|---|
| 8250 | Denver, Colorado | Unspecified | Unsecured, Non-Priority | Remediation response costs |
| 8251 | Libby, Montana | Unspecified | Unsecured, Non-Priority | Remediation response costs |
| 8252 | Minot, North Dakota | Unspecified | Unsecured, Non-Priority | Remediation response costs |

The Sites are "Liquidated Sites", as defined by the EPA Multi-Site Agreement.

6.      On February 4, 2005, the Claimant filed an amended proof of claim against the Debtors for environmental remediation at the Denver Site, which amended and superseded Claim No. 8250:

| Claim No. | Location | Amount | Priority | Basis |
|---|---|---|---|---|
| 15518 | Denver, Colorado | Unspecified | Unsecured, Non-Priority | Remediation response costs |

7.      On or about July 22, 2005, the Claimant filed an amended proof of claim against the Debtors for environmental remediation at the Libby Site, which amended and superseded Claim No. 8251:

| Claim No. | Location | Amount | Priority | Basis |
|---|---|---|---|---|
| 17095 | Libby, Montana | Unspecified | Unsecured, Non-Priority | Remediation response costs |

8.      On or about May 14, 2008, the Debtors and the United States of America entered into the EPA Multi-Site Agreement (Exhibit A to Dkt. No. 18847). On June 2, 2008, the Court

3

approved the EPA Multi-Site Agreement by its Order Authorizing Settlement Agreement Resolving the United States' Proof of Claim Regarding Certain Environmental Matters (Dkt. No. 18847).

9.     The EPA Multi-Site Agreement provides that certain claimants who qualify as a PRP Group/Entity are entitled to receive payments or distributions from the Debtors if, by the Plan's effective date (or that of another confirmed chapter 11 plan of reorganization), those claimants agree in writing that all liabilities and obligations for the site that have been or ever could be asserted by the PRP Group/Entity (or any of its individual members where the PRP Group/Entity is a group of potentially responsible parties) against the Debtors are discharged and satisfied by the allowed claim provided for in the EPA Multi-Site Agreement.

10.    Pursuant to the Amended Order Authorizing and Approving an Omnibus Procedure For Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding (the "Amended Order") (Dkt. No. 936), the Debtors are authorized to settle claims that exceed $1,000,000 only upon separate order of the Court upon a motion of the Debtors served upon the necessary parties-in-interest in accordance with the Bankruptcy Code and the Bankruptcy Rules.

## The Stipulation

11.    The Debtors and the Claimant have entered into the Stipulation. a copy of which is attached hereto as Exhibit B, which Allows claims 8252, 15518 and 17095 (the "Allowed Claims") as General Unsecured Claims, as those terms are defined in the Plan.  Interest on the Claimant's three claims is provided for in the applicable section of paragraph 20 of the EPA Multi-Site Agreement as listed below, and shall begin to accrue from and after the applicable interest accrual dates:

| Allowed Claim No. | Location | Amount | Accrual Date | Settlement Agreement |
|---|---|---|---|---|
| 8252 | Minot, North Dakota | $17,300.00 | May 9, 2006 | ¶ 20.B.(8)c. |
| 15518 | Denver, Colorado | $1,017,106.20 | May 9, 2006 | ¶ 20.B.(8)d. |
| 17095 | Libby, Montana | $1,918,355.51 | August 20, 2007 | ¶ 20.B.(7)b. |

12.    Claim Nos. 8250 and 8251 will be disallowed and expunged for all purposes.

## Relief Requested

13.    By this Motion, the Debtors respectfully request the Bankruptcy Court enter the proposed Settlement Order substantially in the form attached hereto as Exhibit A, pursuant to section 105 of the Bankruptcy Code, Fed. R. Bankr. P. 9019 and the Amended Order, approving the Stipulation and approving the Debtors' execution thereof.

## Basis for Relief

A.    **Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a)**

14.    Section 105(a) of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. Pro. 9019(a).

15.    Courts generally favor minimizing litigation and expediting bankruptcy case administration. See Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); see also In re Key3Media Group, Inc., 2006 WL 2842462, at *3 (D. Del. 2006). Settlements and compromises are "a normal part of the process of reorganization." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (quoting Case v.

Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)). Indeed, compromises are favored in bankruptcy. Martin, 91 F.3d at 393.

16.    Before approving a settlement under Bankruptcy Rule 9019, however, a court must determine that the proposed settlement is in the best interests of the debtor's estate. See id. at 394; In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate.'"). To reach this determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. See Martin, 91 F.3d at 393.

17.    The standard by which courts should evaluate the reasonableness of a proposed compromise and settlement is well established. This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id. at 393; see also In re Nutraquest, Inc., 434 F.3d 639 (3d Cir. 2006).

18.    It is also well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Key3Media Group, 2006 WL 2842462, at *3; In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (citing In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979)). Under this test, a proponent must simply demonstrate that a proposed settlement does not fall "below the lowest point in the range of reasonableness." World Health Alternatives, 344 B.R. at 1114 (citations omitted).

6

**B.      The Stipulation Should Be Approved By This Court Under the Prevailing Standards for Approving Settlements**

19.      For the reasons set forth below, the Debtors have determined that entry into the Stipulation is in their best interests, as well as those of their estates and myriad creditor constituencies.      Moreover, the Debtors submit that the terms of and settlement amounts contained within the Stipulation are fair and reasonable, well within the reasonable range of litigation possibilities and is simply implementing the terms of the EPA Multi-Site Agreement that this Court has previously approved.      Finally, the Stipulation serves an important public interest by resolving environmental remediation liability issues at the three Sites.

20.      The Stipulation is in the Debtors' best interests and is fair and reasonable for three reasons.      First, settling the Debtors' environmental remediation liabilities at the three Sites fixes the Debtors' known liabilities on favorable terms.      Second, this settlement obviates any risk to the Debtors of additional or increased obligations arising from potential future claims pertaining to the Sites.      Third, settling these three claims will curtail potentially significant transaction and litigation costs from accruing in the future.

21.      This Court's approval of the Stipulation also serves a strong public interest by providing funding for environmental remediation of the three Sites.      Moreover, creditors and other constituencies are now assured that these environmental liabilities have been fully addressed.

22.      For the above reasons, the Debtors believe that the Stipulation represents a reasonable settlement of the Claims and respectfully submit that the Court should enter the Settlement Order approving the Stipulation.

## No Previous Motion

23.    No previous motion for the relief sought herein has been made to this or any other court.

## No Briefing Schedule

24.    The Debtors respectfully submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Rule 1001-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

## Waiver of Stay Pending Appeal

25.    To successfully implement the foregoing settlement, the Debtors seek a waiver of the notice requirements under Fed. R. Bankr. P. 6004(a) and the ten-day stay under Fed. R. Bankr. P. 6004(h).

## Notice

26.    Notice of this Motion has been given to:  (i) the office of the United States Trustee; (ii) counsel to the DIP Lender; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) counsel to the Claimant. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully seek the entry of the Settlement Order substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to section 105 of the Bankruptcy Code and Fed. R. Bankr. P. 9019: (i) approving the terms of the Stipulation as being in the best interests of the Debtors, their estates and their creditors; (ii) authorizing the Debtors' execution of the Stipulation; and (iii) granting such other relief as may be appropriate.

Dated:  September 21, 2009

KIRKLAND & ELLIS LLP
Theodore L. Freedman
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705
(302) 652-4100
(302) 652-4400
Co-Counsel for the Debtors and Debtors in Possession

9