# EXHIBIT B

## STIPULATION

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |

## STIPULATION RESOLVING CLAIMS OF
## BNSF RAILWAY COMPANY

This stipulation ("Stipulation") is entered into this 20st day of August, 2009, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and BNSF Railway Company, f/k/a The Burlington Northern and Santa Fe Railway Company ("Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS**, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

**WHEREAS**, on March 28, 2003, The Burlington Northern and Santa Fe Railway Company filed Proofs of Claim against the Debtors with respect to environmental remediation at the sites in Denver, CO; Libby, MT; and Minot, ND (collectively, the "Sites") described as follows:

| Claim No. | Location | Amount | Priority | Basis |
|---|---|---|---|---|
| 8250 | Denver, CO | Unspecified | Unsecured, Non-Priority | Remediation response costs |
| 8251 | Libby, MT | Unspecified | Unsecured, Non-Priority | Remediation response costs |
| 8252 | Minot, ND | Unspecified | Unsecured, Non-Priority | Remediation response costs |

**WHEREAS**, on February 4, 2005, The Burlington Northern and Santa Fe Railway Company filed an amended Proof of Claim against the Debtors with respect to the Site in Denver, CO described as follows:

| Claim No. | Location | Amount | Priority | Basis |
|---|---|---|---|---|
| 15518 | Denver, CO | Unspecified | Unsecured, Non-Priority | Remediation response costs |

**WHEREAS**, on July 22, 2005, The Burlington Northern and Santa Fe Railway Company filed an amended Proof of Claim against the Debtors with respect to the Site in Libby, MT described as follows:

| Claim No. | Location | Amount | Priority | Basis |
|---|---|---|---|---|
| 17095 | Libby, MT | Unspecified | Unsecured, Non-Priority | Remediation response costs |

2

**WHEREAS**, the Debtors and the United States of America have agreed to settle their Claims on the terms and conditions set forth in that certain *Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters* (the "Settlement Agreement") (Exhibit A to Docket No. 18847) dated May 14, 2008, which was approved by this Court by its *Order Authorizing Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters* (Docket No. 18847) on June 2, 2008, and

**WHEREAS**, pursuant to paragraph 4.B of the Settlement Agreement, Claimant is entitled to receive payments or distributions from the Debtors if by the effective date of the Debtors' Plan of Reorganization the Claimant agrees in writing that all liabilities and obligations for the environmental claims related to the Sites that have been or ever could be asserted against the Debtors are discharged and satisfied by the Allowed Claim provided for in the Settlement Agreement, and

**WHEREAS**, the Claimant has agreed to accept the terms of the above-referenced Settlement Agreement, which provides that the Claimant shall have Allowed General Unsecured Claims in the amounts set forth in Paragraphs 4.A and 8.B of the Settlement Agreement, in full settlement and satisfaction of the aforementioned claims against the Debtors.

**NOW, THEREFORE**, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. The above-referenced Claim Nos. 8252, 15518, and 17095 shall be allowed as unsecured, pre-petition, non-priority claims against the chapter 11 estates of the Debtors in the total amount of $2,952,761.71, as shown in Paragraph 13 of the Settlement Agreement. These

3

allowed Claim Nos. 8252, 15518, and 17095 shall be paid in the same manner as all other similarly situated General Unsecured Claims pursuant to the confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan"), except with respect to the payment of interest as described herein. All other amounts outlined in or related to Claim Nos. 8252, 15518, and 17095 relating to the Sites shall hereby be disallowed and expunged, except as may otherwise be provided herein.

      2. In the event that the confirmed Plan of Reorganization provides for the payment of interest on allowed prepetition general unsecured claims, Claimant shall be entitled to such interest on Claim Nos. 8252, 15518, and 17095 as provided in Paragraph 20 of the Settlement Agreement. The rate of interest (currently proposed to be 4.19% per annum) shall begin to accrue from and after the interest accrual dates as follows:

| Claim No. | Location | Amount | Accrual Date | Settlement Agreement Paragraph |
|-----------|----------|--------|--------------|--------------------------------|
| 15518 | Denver, CO | $1,017,106.20 | May 9, 2006 | 20.B.(8)d. |
| 17095 | Libby, MT | $1,918,355.51 | August 20, 2007 | 20.B.(7)b. |
| 8252 | Minot, ND | $17,300.00 | May 9, 2006 | 20.B.(8)c. |
| TOTAL | | $2,952,761.71 | | |

Interest shall continue to accrue, for the same duration as provided for other Allowed General Unsecured Claims in accordance with the terms of the Plan of Reorganization.

      3. Upon execution of this Stipulation by all parties, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that Claim Nos. 8252, 15518, and 17095 referenced above shall be allowed as outlined herein. Claim Nos. 8250 and 8251 shall be disallowed and expunged.

4. Except as otherwise set forth herein, Claimant agrees that it is forever barred, estopped, and enjoined from asserting claims 8250, 8251, and any additional claims against the Debtors with respect to any environmental remediation costs relating to the Sites other than enforcement of the obligations of the Debtors set forth in this Stipulation.

5. Except as otherwise set forth herein, the Debtors agree that they are forever barred, estopped and enjoined from asserting claims against the Claimant with respect to any environmental remediation costs relating to the Sites other than enforcement of the obligations of the Claimant set forth in this Stipulation.

6. The parties shall take whatever additional action, if any, is necessary to make sure that the specified Claim Nos. 8252, 15518, and 17095 are allowed as outlined herein.

7. Notwithstanding the foregoing, this Stipulation and the Debtors' signature hereon shall not become effective and binding until entry of a separate order of the Bankruptcy Court upon a motion of the Debtors served upon the necessary parties-in-interest in accordance with the Bankruptcy Code and the Bankruptcy Rules. Upon execution of this Stipulation by the parties, the Debtors shall promptly prepare and file the motion and serve it upon the necessary parties-in-interest.

8. The provisions of this Stipulation notwithstanding, nothing contained herein shall in any way affect: (i) the Claimant's rights, if any, with respect to any proof of claim that it has filed in the Debtors' bankruptcy cases other than those specifically referenced herein, whether or not such other proof of claim or claims relate to the Sites; or (ii) the Debtors' rights and defenses with respect to those proofs of claim. Additionally, and whether or not such claims relate to the Sites, and whether or not the Claimant filed a proof of claim, nothing contained herein shall in any way affect: (i) the Claimant's right, if any, to assert against the Debtors or their estates any

5

right to payment, whether based upon contract, statute or common law, relating to personal injury or wrongful death claims, including asbestos-related personal injury or wrongful death claims, that have been, could be or may be asserted against the Claimant and for which the Claimant may be entitled to indemnification, contribution or reimbursement from the Debtors; or (ii) the Debtors' rights and defenses with respect to any such claims including the Debtors' rights to assert that any such claims are subject to the terms and provisions of its Chapter 11 Plan. Finally, and whether or not such claims relate to the Sites, nothing contained herein shall in any way affect the Claimant's or Debtors' rights, if any, relating to any insurance policy.

9. The Claimant and the Debtors expressly reserve and preserve all of their respective rights with respect to any claim or right to payment referenced in Paragraph 8 of this Stipulation.

10. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

11. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

(Continued on Following Page)

BNSF Railway Company,
f/k/a The Burlington Northern and
Santa Fe Railway Company ("Claimant")

W. R. Grace & Co., *et al.*
("Debtors")

By: _____
Charles W. Shewmake
Vice President – General Counsel

By: _____
William M. Corcoran
Vice President
Public and Regulatory Affairs

Date: 8/21/2009

Date: 8/25/09

(082009-Grace)

7