IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related Docket Nos. 20872, 22557** |

**DEBTORS' MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF
ANDERSON MEMORIAL'S WITNESS A. GIBSON SOLOMONS**

Debtors W. R. Grace & Co., et al. ("Grace") hereby move this Court to preclude testimony of Anderson Memorial's witness A. Gibson Solomons, an attorney with the Speights & Runyan law firm, at the Phase II Confirmation Hearing. Anderson Memorial ("Anderson") has proffered Mr. Solomons to testify concerning a statement purportedly made by Grace's counsel at a settlement negotiation at the Washington D.C. offices of Kirkland & Ellis in July 2005. According to Anderson Memorial's pre-trial statement, Mr. Solomons would "testify

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

regarding statements made by Grace's counsel about its purpose in attacking Speights & Runyan." [Anderson Memorial's Pre-Trial Submission, Dkt. 22557 at 8]

The Debtors deposed Mr. Solomons on September 16, 2009. He testified that, prior to the July 2005 negotiation, Grace had objected to certain asbestos property damage claims filed by Speights & Runyan ("S&R") on the basis that Speights & Runyan lacked authority from the claimants to file the proofs of claim. Mr. Solomons testified that the purpose of the July 2005 negotiation was to try resolve these claims and, specifically, the authority issues related to these claims. Ex. A, Solomons transcript at 11-12, 22. As stated in Paragraph 26 of his affidavit and affirmed at his deposition, Mr. Solomons would testify that Grace's counsel David Bernick stated at the meeting that "keeping the authority issues alive provided a method to smear Mr. Speights and in turn all property damage claimants because in his opinion it was in Grace's best interest to do that." Ex. B, August 20, 2006 Solomons affidavit.

Mr. Solomons also testified that during this meeting, Mr. Bernick "was civil and I don't remember him being anything but nice," and "he wasn't reaching out pounding the table." Ex. A, Solomons Dep. at 23, 39. The meeting lasted for several hours; the negotiations continued for several more hours after this purported statement by Grace's counsel, and the statement "wasn't a deal-breaker statement. It was just a statement and we moved on as if that was a fact and we were going to deal with that fact, but there were other reasons to be there." *Id.* at 19, 39.

Mr. Solomons' testimony regarding statements made at this meeting is inadmissible and should be barred for several reasons. *First*, the meeting was a negotiation to attempt to resolve certain S&R claims. As such, testimony regarding statements made at the meeting is inadmissible under Rule 408.

2

*Second*, the testimony is irrelevant to any confirmation issue and therefore should be barred under Rule 403. This Court, the District Court and the Third Circuit long ago affirmed the merits of Grace's position that S&R cannot maintain claims on behalf of claimants for whom S&R lacked authority. *See In re W.R. Grace & Co.*, 2009 WL 648651 (3rd Cir. March 11, 2009); *Mission Towers v. Grace*, 2007 WL 4333817 (D. Del. Dec. 6, 2007); *In re W.R. Grace & Co.*, 366 B.R. 302, 304 (Bankr. D. Del. 2007). In addition, only a few months after the July 2005 meeting, Speights & Runyan withdrew, and the Court expunged, thousands of S&R property damage claims to which Grace had objected based on lack of authority. *See, e.g.*, Order for the Withdrawal and Expungement of 1495 Asbestos Property Damage Claims [Dkt. No. 10961, 11/1/05]; Order Disallowing and Expunging Anderson Memorial-Based Asbestos Property Damage Claims filed by Speights & Runyan [Dkt. 11080, 11/14/05]; Order for the Withdrawal and Expungement of 50 Asbestos Property Damage Claims [Dkt. No. 11550, 1/17/06] Given that thousands of S&R claims to which Grace had objected on authority grounds were withdrawn and expunged, Grace's position was correct on the merits. In any event, authority issues were resolved long ago and are irrelevant for confirmation.

Moreover, Grace disputes that such a statement was made, but a swearing contest would only further highlight a false accusation that is completely collateral to any issue for the confirmation hearing. The real and sole purpose for which the testimony is offered is to attack counsel for Grace. Mr. Solomons' testimony therefore should not be admitted.

## CONCLUSION

For the reasons set forth above, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto precluding Mr. Solomons from testifying at the Confirmation Hearing.

DOCS_DE:153534.1

Dated: September 29, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP

David M. Bernick, P.C.
Lisa G. Esayian
Citigroup Center
601 Lexington Ave.
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

And

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison St.
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162
Facsimile: (312) 641-2165

and


PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
joneill@pszjlaw.com
kmakowski@pszjlaw.com

*Co-Counsel for the Debtors and Debtors in Possession*

4