THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| **Debtors.** | ) | Objection Deadline: TBD |
| | ) | Hearing Date: TBD |

### DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S SCHEDULING ORDER AND TO SHORTEN NOTICE PERIOD ON MOTION IN LIMINE TO PRECLUDE TESTIMONY OF ANDERSON MEMORIAL'S WITNESS A. GIBSON SOLOMONS

The Debtors hereby move this Court pursuant to Del. Bankr. L.R. 9006-1(e), Rule 9006(c) of the Bankruptcy Rules and section 102 of the Bankruptcy Code, for leave from this Court's Scheduling Order and to shorten the notice period with respect to its *Motion In Limine to Preclude the Testimony of Anderson Memorial's Witness, A Gibson Solomons* (the "Motion") so

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the Motion may be heard on October 7, 2009 along with related Anderson Memorial matters. In support of this motion, the Debtors state as follows:

1. Anderson Memorial ("Anderson") has proffered as a witness for the Confirmation Hearing, A. Gibson Solomons, an associate with the Speights & Runyan firm, to testify concerning a statement purportedly made by Grace's counsel at a settlement negotiation at the Washington D.C. offices of Kirkland & Ellis in July 2005.

2. On several occasions, the Debtors have asked Anderson's counsel whether he still intends to call Mr. Solomons as a witness at the Confirmation Hearing. As recently as today, counsel for Anderson has refused to confirm whether he, indeed, intends to call Mr. Solomons to testify.

3. The Debtors deposed Mr. Solomons on September 16, 2009 with respect to his potential testimony. From that deposition, and otherwise, it is clear that the testimony Anderson purports to offer from Mr. Solomons regarding statements made at the July 2005 meeting, is inadmissible and should be barred for several reasons, including: (i) testimony regarding statements made at the meeting is inadmissible under Rule 408; (ii) the testimony is irrelevant to any confirmation issue and therefore should be barred under Rule 403; and (iii) it is clear that the real and sole purpose for which the testimony is offered is to attack counsel for Grace. This is improper. Thus, Debtors have filed the Motion to preclude such testimony.

4. On September 29, 2009, the Court entered an Order setting two Anderson related motions for a telephonic hearing on October 7, 2009; Anderson's Motion to Compel certain Deposition Answers, and Debtors Motion in Limine with respect to the testimony of Anderson witness William M. Ewing. These motions are set to be heard prior to the Confirmation Hearing which is set to re-commence on October 13-14, 2009 because rulings on these motions could

2

affect the extent and scope of testimony at the Confirmation Hearing. For the same reasons these two motions are set to be heard on October 7, 2009, so should the Motion re Mr. Solomons.

5.  Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Similarly, Del.Bankr.LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion specifying the exigencies justifying shortened notice."

6.  Given that the Confirmation Hearing is set to re-commence on October 13, 2009 and a ruling on the Motion could affect the scope and extent of testimony at the hearing, this Court should grant leave of the Scheduling Order and shorten the notice period prescribed by Del. Bankr. LR 9006-1(c) to enable the Motion to be heard on October 7, 2009 along with other similar Anderson related motions.

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the Debtors' leave from the Scheduling Order, (ii) shortening the notice period with respect to the Motion, (iii) scheduling the Motion for hearing on October 7, 2009, and (iv) setting the response date with respect to the Motion for Friday, October 2, 2009 at noon, the same time period as the response for the motion with respect to Mr. Ewing.

91100-001\DOCS_DE:153535.1

Dated: September 29, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Deanna D. Boll
Citigroup Center
601 Lexington Ave.
New York, New York 10022-4611
Telephone: (212) 446-4800

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison St.
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162
Facsimile: (312) 641-2165

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400

Co-Counsel for the Debtors and Debtors in Possession

91100-001\DOCS_DE:153535.1