IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | ) (Jointly Administered) <br> ) <br> ) Objection Deadline: November 6, 2009 |
| Debtors. | ) Hearing Date: November 23, 2009 at 10:30 am <br> ) |

**APPLICATION OF DAVID T. AUSTERN, ASBESTOS PI FUTURE CLAIMANTS'
REPRESENTATIVE, FOR AUTHORIZATION TO EMPLOY
LINCOLN PARTNERS ADVISORS LLC AS FINANCIAL ADVISOR TO THE
ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE**

David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants against the above-captioned Debtors (the "Future Claimants' Representative" or "FCR"), hereby submits this application (the "Application") for the entry of an Order, pursuant to sections 328 and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving the retention and employment of Lincoln Partners Advisors LLC ("Lincoln") as financial advisor to the Future Claimants' Representative. In support of this Application, the Future Claimants' Representative relies upon the Declaration of Joseph J. Radecki, Jr. (the "Radecki Declaration"), the Managing Director of Lincoln, attached to this Application as Exhibit A, and further respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory basis for the relief requested herein is section 1103(a) of the Bankruptcy Code.

### Background

**A.   The Debtors' Chapter 11 Cases and the Appointment of the FCR**

2.   On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and 61 affiliated entities (collectively, the "Debtors") each filed a petition for relief under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing in the management of their respective businesses and possession of their respective properties as debtors in possession.

3.   By Order dated May 24, 2004, the Court appointed the FCR for these jointly administered cases.  (Dkt. No. 5645).  That Order authorizes the FCR to employ professionals, subject to Court approval.

**B.   The Court's Prior Approval of the FCR's Financial Advisor**

4.   By Order dated September 27, 2004, the Court authorized the FCR to retain Mr. Radecki and his team as the FCR's financial advisor in these cases.  (Dkt. No. 6479).  At that time, Mr. Radecki and his colleagues were employed by CIBC World Markets ("CIBC").

5.   In February 2006, Mr. Radecki and his team resigned from CIBC and joined PJC. At that time, the FCR, with Court approval, terminated CIBC and retained PJC as his financial advisor pursuant to an Order entered on May 8, 2006.  (Dkt. No. 12378).

6.   In March 2008, Mr. Radecki resigned from PJC and began rendering financial advisory services through Tre Angeli LLC ("Tre Angeli") of which he was the sole member and employee.

7.   After Mr. Radecki's resignation from PJC, with Court approval, the FCR retained and employed PJC and Mr. Radecki (through his company, Tre Angeli) as co-financial advisors

pursuant to separate retention agreements for an aggregate monthly fee of up to $100,000.00. (Dkt. Nos. 19190 and 19189).

C. **Mr. Radecki's Employment With Lincoln**

8. The FCR was advised that Mr. Radecki joined Lincoln as a Managing Director, effective as of September 1, 2009. The FCR wishes to continue to receive the services of Mr. Radecki (through his new firm, Lincoln), effective as of September 1, 2009, and, accordingly, makes this Application to retain Lincoln.

9. Contemporaneously with and subject to the approval of the Application, the FCR is terminating the engagement of Tre Angeli, by consent, effective as of August 31, 2009, and is terminating the engagement of PJC effective as of October 31, 2009.[1]

**Relief Requested**

10. By this Application, the FCR respectfully requests entry of an order authorizing the retention and employment of Lincoln, effective as of September 1, 2009, in these chapter 11 cases, to provide financial advice to the FCR on the matters described below pursuant to the terms set forth in the retention letter dated September 1, 2009 between the FCR and Lincoln (the "Retention Agreement"), a copy of which is attached to the Radecki Declaration as Exhibit 1.

**Basis for Relief Requested**

11. Given the complex issues that continue to arise in these cases, the FCR continues to require experienced financial advisors to assist him.

12. Mr. Radecki has provided financial advice to the FCR in these cases since 2004. As a result of his numerous years of experience in these cases as well as in other asbestos

---

[1] Pursuant to the retention agreements with PJC and Tre Angeli, the FCR may terminate the engagements by providing thirty (30) days notice. However, in order to save costs for the Debtors' estates, Mr. Radecki agreed, subject to approval of this Application, that Tre Angeli's engagement could be terminated on less than thirty (30) days notice.

3

bankruptcy cases, he is very familiar with these cases, and with the concerns and issues important to the FCR and to asbestos personal injury claimants who may assert claims or demands in the future.

### Services to be Rendered

13. Subject to the approval of this Court, as set forth in the Retention Agreement, Lincoln will render services to the FCR as follows:

   a) assist the FCR in analyzing and reviewing the acts, conduct, assets, liabilities and financial condition of the Debtors;

   b) advise the FCR with respect to a proposed restructuring of the Debtors and implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code including analyzing, negotiating and effecting a plan of reorganization or recapitalization for the Debtors, and, to the extent necessary, performing valuation analyses on the Debtors and their assets;

   c) evaluate the financial effect of the implementation of any plan of reorganization upon the assets or securities of the Debtors; and

   d) any other tasks as mutually agreed upon by Lincoln and the FCR.

14. The continuation of these above-listed services are necessary and essential to the FCR given the complicated financial issues presented in these cases. Accordingly, it is necessary that the FCR continue with the services of Mr. Radecki (through Lincoln).

15. Lincoln and Mr. Radecki have indicated a willingness to act on behalf of, and render such services to, the FCR, upon the terms set forth herein.

16. The FCR expects Lincoln to coordinate their work with the FCR's other professionals to avoid any duplication of effort or expenses. The FCR believes that employing Mr. Radecki (through Lincoln) as his financial advisor as set forth herein will provide the FCR with advice, assistance and information in a cost effective manner in those areas in which Mr. Radecki and Lincoln has particular knowledge and expertise.

### Disclosure Concerning Connections
### Between Lincoln and Parties in Interest

17.  To the best of the Future Claimants' Representative's knowledge, except as otherwise set forth herein and in the accompanying Radecki Declaration, Lincoln does not have any connection with the Future Claimants' Representative, the Debtors, their affiliates, creditors or any other party in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Based upon the information provided to him, the FCR believes Lincoln does not represent any other entity having an adverse interest in connection with these cases, is disinterested, and does not represent or hold an interest adverse to the interests of the Future Claimants' Representative with respect to the matters on which Lincoln is to be employed.

### Professional Compensation

18.  Lincoln and the Future Claimants' Representative entered into a Retention Agreement, effective as of September 1, 2009, pursuant to which Lincoln will act as the Future Claimants' Representative's financial advisor if authorized by this Court. Pursuant to the May 24, 2004 Order appointing the FCR, compensation, including professional fees and reimbursement of expenses, shall be payable to the Future Claimants' Representative and his professionals from the Debtors' estates subject to approval by the Court and subject to the Administrative Compensation Order.[2] The terms and conditions of Lincoln's retention are set forth in the Retention Agreement attached as Exhibit 1 to the Radecki Declaration.

---

[2] "Administrative Compensation Order" refers to the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, entered April 17, 2002 (Dkt. No. 1949), as may be further amended by the Court.

19. Lincoln intends to apply for compensation for professional services rendered in connection with these cases, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court, including the Administrative Compensation Order. Lincoln has agreed to accept as compensation such sums as may be allowed by the Court for fees incurred for professional services and for reimbursement of reasonable and necessary expenses.

20. Pursuant to the Retention Agreement, Lincoln agreed to perform the requested services, effective as of September 1, 2009, for a cash fee of up to $50,000.00 per month for September and October 2009, and following the termination of PJC, up to $75,000.00 a month thereafter, payable monthly in arrears. In addition, the Retention Agreement provides for reimbursement of reasonable out-of-pocket expenses incurred in connection with the provision of services thereunder. Such expenses include, but are not limited to, reasonable fees and expenses of its legal counsel, travel and lodging expenses, word processing charges, messenger and duplicating services, facsimile expenses and other customary expenditures. This proposed fee arrangement is at a rate less than the terms of the current joint retention of Tre Angeli and PJC.[3] Thus, there will be no adverse economic impact upon the Debtors from this new arrangement.

21. Lincoln has agreed to invoice for these expenses in a manner and at rates consistent with charges made generally to Lincoln's other clients. Both Lincoln and the FCR recognize and acknowledge that the compensation proposed has been accepted by all parties

---

[3] Subject to approval of this Application, the FCR is terminating the engagement of Tre Angeli, by consent, effective as of August 31, 2009, and is terminating the engagement of PJC effective as of October 31, 2009.

based on their understanding of the proposed transaction. The fees to be paid to Lincoln pursuant to the terms of the Retention Agreement are subject to the standard of review provided in section 328(a) of the Bankruptcy Code and are not subject to any other standard of review, under section 330 of the Bankruptcy Code or otherwise, provided, however, that the FCR may, on a monthly basis, confer with Lincoln whether any adjustment shall be made in the monthly fee based on Lincoln's activity level for such month.

22. Other than as set forth herein, no arrangement is proposed between the FCR and Lincoln for compensation to be paid in these cases.

23. The Future Claimants' Representative has been advised by Lincoln that it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

24. Pursuant to the Retention Agreement, Lincoln requires that the Debtors agree to indemnify and hold harmless Lincoln and the "Indemnified Parties" as defined in Annex A to the Retention Agreement. *See* Radecki Declaration, Exh. 1. The indemnification procedures are in substantially the same form as the indemnification provision approved by the United States Court of Appeals for the Third Circuit in In re United Artists Company, et al., 315 F.3d 217, 233 (3d Cir. 2003). Furthermore, the indemnification provisions are identical to the provisions approved by the Court in connection with the FCR's prior employment of PJC and Tre Angeli.

### Request for Nunc Pro Tunc Authorization

25. For the reasons set forth herein, issues which require the FCR's review and input have arisen and continue to arise in these cases, and the FCR continues to require Mr. Radecki's assistance. In order to avoid delaying this proceeding and the exercise of his duties as the Future Claimants' Representative, the FCR asked Lincoln to continue to work on these cases after Mr.

7

Radecki joined Lincoln as of September 1, 2009, contingent upon the Court's approval of this Application. Given the need for financial advisory services, the FCR respectfully asks that the employment of Lincoln be authorized effective as of September 1, 2009.

### No Prior Request

26. No prior application for the relief requested herein has been made to this or any other Court.

### Notice

27. Notice of the Application and the requested relief has been provided to (i) counsel and co-counsel for the Debtors, (ii) the Office of the United States Trustee, (iii) counsel for the Official Committees appointed in these cases, as follows: Unsecured Creditors, Asbestos Property Damage Claimants, Asbestos Personal Injury Claimants, and Equity Holders, (iv) the Fee Auditor, and (v) any party who has entered its appearance in these cases pursuant to Bankruptcy Rule 2002. Accordingly, the Future Claimants' Representative believes that such notice of the Application is appropriate and sufficient.

### Conclusion

**WHEREFORE**, the Future Claimants' Representative respectfully requests that the Court enter an order substantially in the form attached hereto (1) granting this Application, (2) authorizing the Future Claimants' Representative to retain and employ Lincoln as his financial advisor, effective as of September 1, 2009, in these chapter 11 cases pursuant to sections 328 and 1103(a) of the Bankruptcy Code, in accordance with the terms set forth in this Application, and (3) granting such other and further relief as is appropriate.

Dated: September 30, 2009

Respectfully submitted,

Roger Frankel, admitted *pro hac vice*
Richard H. Wyron, admitted *pro hac vice*
Debra L. Felder, admitted *pro hac vice*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

and

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
Email:    jcp@pgslaw.com

*Bankruptcy Counsel to David T. Austern,
Asbestos PI Future Claimants' Representative*