IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | (Jointly Administered) |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Re: Docket No. 23373 |
| | ) | |

## ANDERSON MEMORIAL HOSPITAL'S RESPONSE TO DEBTORS' MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF A. GIBSON SOLOMONS

Anderson Memorial Hospital ("Anderson") hereby responds to the Debtors' Motion in Limine to Preclude the Testimony of Anderson Memorial's Witness A. Gibson Solomons ("Motion") [Doc. 22373] as follows:

1.  On July 20, 2009 – 74 days ago – Anderson filed its Pre-Trial Submission in which it listed A. Gibson Solomons as a witness and listed his Affidavit as an exhibit. [Doc. 22557]. Anderson described Mr. Solomons' potential testimony as follows:

> Gibson Solomons. Anderson has not made a decision on whether to call Mr. Solomons pending the deposition of Mr. Shelnitz. If Mr. Solomons testifies, he may testify regarding statements made by Grace's counsel about its purpose in attacking Speights & Runyan. Id. at 8.

2.  On August 14, 2009 – 49 days ago – the deadline for filing Motions in Limine came and went, but the Debtors did not file any Motion in Limine with respect to Mr. Solomons' testimony.

3.  On August 21, 2009 – 42 days ago – Anderson filed its Draft Direct Witness Order and Estimated Testimony Time in which it again listed Mr. Solomons as a witness. [Doc. 22928]. Anderson stated, *inter alia*:

> Gibson Solomons - Mr. Solomons may testify as to statements made by Grace's counsel about its purpose in attacking Speights & Runyan. His direct testimony is estimated to take approximately thirty minutes. Id. at 2.

4. On August 24, 2009 – 39 days ago – Anderson filed its Direct Witness Order and Estimated Testimony Time in which it again listed Mr. Solomons as a witness. [Doc. 22948]. Anderson stated, *inter alia*:

> Gibson Solomons - Mr. Solomons may testify as to statements made by Grace's counsel about its purpose in attacking Speights & Runyan. His direct testimony is estimated to take approximately thirty minutes. Id. at 2.

5. On August 24, 2009 – 39 days ago – Anderson filed its Pre-Trial Submission (Amended) in which it again listed Mr. Solomons as a witness and included Mr. Solomons' Affidavit as an exhibit. [Doc. 22947]. Anderson stated, *inter alia*:

> Gibson Solomons. Anderson has not made a decision on whether to call Mr. Solomons pending a ruling on its soon to be filed motion to compel. If Mr. Solomons testifies, he may testify regarding statements made by Grace's counsel about its purpose in attacking Speights & Runyan. Id. at 8.

6. On August 24, 2009 – 39 days ago – the Court conducted a hearing, during which it noted that Anderson had designated Mr. Solomons for a half an hour on direct. Hearing (August 24, 2009) at 172. Mr. Bernick then acknowledged that he had received a Declaration from Mr. Solomons, which "relate to matters we don't think are relevant." Id. at 173. However, the Debtors did not file a Motion in Limine challenging the relevancy of Mr. Solomons' testimony.

7. On August 24, 2009 – 39 days ago – Anderson served its Exhibits on the Debtors, including Mr. Solomons' Affidavit.

8. On August 28, 2009 – 35 days ago – Anderson filed its Motion to Compel Debtors to Provide Full and Complete Deposition Answers ("Motion to Compel"), in which Anderson

challenged the Debtors' instructions to Mr. Shelnitz not to answer numerous questions. [Doc. 23028].

9. On August 28, 2009 – 35 days ago – Anderson filed its Motion for Expedited Consideration of its Motion to Compel Debtors to Provide Full and Complete Deposition Answers and for Advanced Permission to File a Reply ("Motion to Expedite") [Doc. 23032].

10. On September 2, 2009 – 30 days ago – the Debtors filed their Opposition to Anderson's Motion to Compel. [Doc. 23117]. As a result, the Shelnitz matter was ripe for hearing one month ago today.

11. On September 15, 2009, at 11:54 p.m. – 17 days ago – the Debtors served a Notice of Deposition of Mr. Solomons to be taken the next evening in Pittsburgh. [TAB A]. Anderson complied with the Debtors' one day notice and produced Mr. Solomons for deposition less than twenty-four hours later. [*See* Attachment to Debtors' Motion].

12. On September 16, 2009 – 16 days ago – the Debtors filed a Motion in Limine to Preclude the Testimony of Anderson Memorial's Witness William M. Ewing. [Doc. 23259]. The Debtors did not, however, seek expedited consideration of this Motion, nor did they file a Motion in Limine with respect to Mr. Solomons, whom they had deposed the previous evening.

13. On September 29, 2009, at 10:30 a.m. – 3 days ago – the Court conducted its omnibus hearing, during which Anderson urged the Court that it be permitted to file a reply as requested in its Motion to Expedite filed 31 days before. The Debtors then requested that the Court hear their previously filed Motion in Limine to Preclude Testimony of William M. Ewing at the same time. The Court set both matters for October 7, 2009.

14. During the hearing on September 29, 2009, the Debtors did not request any relief with

respect to Mr. Solomons, nor did they indicate that they were going to file any motion. Although the transcript is not available, Anderson seems to recall that the Debtors indicated that they would bring up Mr. Solomons' testimony if Anderson called him at the Confirmation Hearing. Later that day, the Court entered its Order Scheduling Hearing and Response Dates re Anderson's Motion to Compel and the Debtors' Motion in Limine to Preclude Testimony of William M. Ewing. [Doc. 23365].

15. On September 29, 2009, at 10:21 p.m. – 2 ½ days ago – the Debtors filed the instant Motion to Preclude the Testimony of Mr. Solomons [Doc. 23373] and their Motion for Leave from the Court's Scheduling Order and to Shorten Notice Period on their Motion. [Doc. 23374]. The Debtors stated, *inter alia*, that it was clear to them from their September 16, 2009 deposition of Mr. Solomons – taken two weeks less one day before they filed their Motion, that Mr. Solomons' testimony is inadmissible and should be barred. Id. at 2 ¶ 3.

16. On September 30, 2009, at 8:04 p.m. – less than 2 days ago – the Debtors emailed a copy of this Court's Order granting the Debtors' Motion for Leave from this Court's Scheduling Order and to Shorten Notice Period on Debtors' Motion in Limine to Preclude Testimony of Anderson Memorial's Witness A. Gibson Solomons. [Doc. 23378].

17. On October 1, 2009 – 1 day ago – Anderson read this Court's Order emailed to Anderson's counsel the preceding evening, and went to work on preparing a responsive brief due in twenty-four hours.

18. The Debtors' Motion is untimely. As noted above, the deadline for filing Motions in Limine was August 14, 2009. The Debtors knew of Mr. Solomons' testimony twenty-five days before that deadline. In addition, only fourteen days later, and over a month before the Debtors filed their present Motion, the Debtors had a copy of Mr. Solomons' Affidavit and took the position with

the Court that Mr. Solomons' testimony was not relevant.

19. In the event that the Court believes that the Motion is timely, Anderson respectfully suggests that it is unfair to require Anderson to file a brief within hours of the Debtors filing a tardy Motion in Limine, and to conduct a hearing at the same time the Court is going to conduct a hearing on Anderson's Motion to Compel, which has been pending for thirty-six days, especially because Anderson has advised the Debtors for more than two months days that its use of Mr. Solomons as a witness is related to Mr. Shelnitz.

20. Anderson requests that any argument on the Solomons matter await resolution of the Shelnitz dispute. If the Court permits Anderson to continue the deposition of Mr. Shelnitz, Anderson will advise the Debtors whether or not it will call Mr. Solomons as a witness following the completion of Mr. Shelnitz's deposition. If the Court prohibits further inquiry from Mr. Shelnitz, Anderson will advise the Debtors within twenty-four hours of that decision whether or not it will call Mr. Solomons as a witness. As stated above, this is consistent with Anderson's steadfast position since July 20, 2009.

21. Finally, Anderson simply does not have sufficient time to file a brief on the relevancy of Mr. Solomons' testimony. Anderson will be prepared to address that issue if Mr. Solomons is called to testify at the Confirmation Hearing or, if necessary, at a hearing on the Debtors' Motion.

DATED: October 2, 2009

_____
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728

E-mail: loizides@loizides.com

SPEIGHTS & RUNYAN
Daniel A. Speights (SC Fed. ID No. 4252)
C. Alan Runyan (SC Fed ID No.3683)
200 Jackson Avenue, East
Post Office Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

KOZYAK TROPIN & THROCKMORTON, P.A.
John W. Kozyak
David L. Rosendorf
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

*Counsel for Anderson Memorial Hospital*