UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                          . Case No.  01-1139 (JKF)
                                .
W.R. GRACE & CO.,               .
et al.,                         . USX Tower - 54th Floor
                                . 600 Grant Street
                                . Pittsburgh, PA 15219
               Debtors.         .
                                . September 29, 2009
. . . . . . . . . . . . . . .   . 10:33 a.m.

TRANSCRIPT OF TELEPHONIC HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:            Kirkland & Ellis, LLP
                            By:  DAVID BERNICK, ESQ.
                                 LISA G. ESAYIAN, ESQ.
                                 SAM BLATNICK, ESQ.
                                 ELLI LEIBENSTEIN, ESQ.
                            200 East Randolph Drive
                            Chicago, IL  60601

                            Kirkland & Ellis, LLP
                            By:  THEODORE FREEDMAN, ESQ.
                                 CHRISTOPHER GRECO, ESQ.
                                 DEANNA BOLL, ESQ.
                                 CLEMENT YEE, ESQ.
                            Citigroup Center
                            153 East 53rd St.
                            New York, NY  10022

Audio Operator:             Janet Heller

Proceedings recorded by electronic sound recording, transcript
                produced by transcription service.

_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609)586-2311     Fax No. (609) 587-3599**

**APPEARANCES (CONT'D):**

For the Debtors:              Kirkland & Ellis, LLP
                              By:  BARBARA HARDING, ESQ.
                                   BRIAN STANSBURY, ESQ.
                              655 15th Street, N.W.
                              Suite 1500
                              Washington, DC  20005

                              Pachulski, Stang, Ziehl & Jones
                              By:  JAMES O'NEILL, ESQ.
                                   MARK BILLION, ESQ.
                              919 North Market Street, 17th Floor
                              Wilmington, DE  19899-8705

                              Law Office of Janet Baer
                              By:  JANET BAER, ESQ.
                              70 W. Madison Street
                              Suite 2100
                              Chicago, IL  60602

                              Reed Smith Shaw & McClay
                              By:  DOUGLAS E. CAMERON, ESQ.
                                   JAMES RESTIVO, ESQ.
                              225 5th Avenue
                              Pittsburgh, PA

                              Onex Credit Partners
                              By:  STUART KOVENSKY

                              W.R. Grace
                              By: WILLIAM CORCORAN, ESQ.
                                  MARK SHELNITZ, ESQ.
                                  PAUL NORRIS, ESQ.
                                  DAVID SIEGEL, ESQ.
                                  WILLIAM J.A. SPARKS, ESQ.
                              7500 Grace Drive
                              Columbia, MD  21044


For the Future               Orrick, Herrington & Sutcliffe, LLP
Claimants                    By:  ROGER FRANKEL, ESQ.
Representatives:                  JONATHAN GUY, ESQ.
                                 KATE ORR, ESQ.
                              Washington Harbour
                              3050 K Street, N.W.
                              Washington, D.C.  20007

APPEARANCES (CONT'D):

For the Libby Claimants:        Lewis, Slovak & Kovacich, P.C.
                                By:  TOM L. LEWIS, ESQ.
                                725 Third Avenue North
                                Great Falls, MT 59401

                                McGarvey, Heberling, Sullivan and
                                McGarvey, P.C.
                                By:  JON HEBERLING, ESQ.
                                     JOHN LACEY, ESQ.
                                725 Third Avenue North
                                Great Falls, MT  59401

                                Cohn Whitesell & Goldberg, LLP
                                By:  DANIEL C. COHN, ESQ.
                                101 Arch Street
                                Boston, MA  02110

For Arrowood:                   Wilson, Elser, Moskowitz, Edelman,
                                & Dicker, LLP
                                By:  CARL J. PERNICONE, ESQ.
                                150 East 42nd Street
                                New York, NY 10017

                                O'Melveny & Myers, LLP
                                By:  TANCRED SCHIAVONI, ESQ.
                                Times Square Tower
                                Seven Times Square
                                New York, NY 10036

For BNSF Railway:               Pepper Hamilton, LLP
                                By:  LINDA CASEY, ESQ.
                                     BOB PHILLIPS, ESQ.
                                     JAMES CARIGNAN, ESQ.
                                3000 Two Logan Square
                                Philadelphia, PA  19103

For CNA:                        Goodwin Procter, LLP
                                By:  MICHAEL GIANNOTTO, ESQ.
                                Exchange Place
                                Boston, MA  02109-2881

For Fireman's Fund:             Stevens & Lee, P.C.
                                By:  JOHN DEMMY, ESQ.
                                1105 North Market Street, 7th Fl.
                                Wilmington, DE  19801

**APPEARANCES (CONT'D):**

For Maryland Casualty:          Connelly Bove Lodge & Hutz, LLP
                                By:  JEFFREY WISLER, ESQ.
                                The Nemours Building
                                1007 North Orange Street
                                Wilmington, DE  19899

For MCC & Zurich:               Eckert Seamans
                                By:  EDWARD D. LONGOSZ, ESQ.
                                     GABRIELLA CELLAROSI, ESQ.
                                1747 Pennsylvania Avenue, NW
                                Suite 1200
                                Washington, DC 20006

                                Wiley Rein, LLP
                                By:  RICHARD A. IFFT, ESQ.
                                1776 K Street NW
                                Washington, DC 20006

For Ford, Marrin,               Ford, Marrin, Esposito, Witmeyer &
Esposito, Witmeyer              Gleser, LLP
& Gleser, LLP:                  By: ELIZABETH M. DeCRISTOFARO, ESQ.
                                Wall Street Plaza, 23rd Floor
                                New York, NY  10005-1875

For Kaneb Pipe Line             Fulbright & Jaworski
Operating Partnership,          By:  STEVE PEIRCE, ESQ.
LP:                             300 Convent Street, Suite 2200
                                San Antonio, TX 78205-3792

                                Gilbert & Renton, LLC
                                By:  ROBERT GILBERT, ESQ.
                                344 North Main Street
                                Andover, MA 01810

For Travelers Casualty          Simpson Thacher
& Surety Co.:                   By:  ELISA ALCABES, ESQ.
                                     MARY BETH FORSHAW, ESQ.
                                425 Lexington Avenue
                                New York, NY  10017

For State of Montana            Womble Carlyle Sandridge & Rice
Dept. of Environmental          By:  FRANCIS MONACO, ESQ.
Quality:                        222 Delaware Avenue, Suite 1501
                                Wilmington, DE 19801

**APPEARANCES (CONT'D):**

```
For AXA Belgium:            Tucker Arensberg, P.C.
                           By:  MICHAEL A. SHINER, ESQ.
                           1500 One PPG Place
                           Pittsburgh, PA  15222

                           Mendes & Mount
                           By:  EILEEN McCABE, ESQ.
                                ANNA NEWSOM, ESQ.
                           750 Seventh Avenue
                           New York, NY  10019

For Official Committee of  Campbell & Levine
Asbestos Personal          By:  MARK T. HURFORD, ESQ.
Injury Claimants:          800 North King Street
                           Suite 300
                           Wilmington, DE  19701

                           Caplin & Drysdale, Chartered
                           By:  NATHAN FINCH, ESQ.
                                PETER LOCKWOOD, ESQ.
                                WALTER SLOCOMBE, ESQ.
                           One Thomas Circle, NW
                           Washington, D.C. 20005

                           Caplin & Drysdale, Chartered
                           By:  RITA TOBIN, ESQ.
                           375 Park Avenue
                           New York, NY  10152

For Garlock Sealing        Robinson, Bradshaw & Hinson, P.A.
Technologies:              By:  GARLAND CASSADA, ESQ.
                                RICHARD WORF, ESQ.
                           101 North Tryon Street
                           Suite 1900
                           Charlotte, NC  28246

                           Morris, James, Hitchens &
                           Williams, LLP
                           By:  BRETT D. FALLON, ESQ.
                           PNC Bank Center
                           222 Delaware Avenue
                           10th Floor
                           P.O. Box 2306
                           Wilmington, DE  19899
```

**APPEARANCES (CONT'D):**

For Federal Insurance          Cozen O'Connor
Company:                       By:  JACOB C. COHN, ESQ.
                               1900 Market Street
                               Philadelphia, PA  19103

For Sealed Air:                Skadden, Arps, Slate, Meagher &
                               Flom, LLP
                               By:  DAVID TURETSKY, ESQ.
                                    J. GREGORY ST. CLAIR, ESQ.
                               One Rodney Square
                               Wilmington, DE  19801

For National Union Fire        Zeichner Ellman & Krause, LLP
Insurance Co.:                 By:  MICHAEL DAVIS, ESQ.
                               575 Lexington Avenue
                               New York, NY  10022

For the Unsecured              Stroock & Stroock & Lavan
Creditors' Committee:          By:  ARLENE KRIEGER, ESQ.
                                    KENNETH PASQUALE, ESQ.
                                    LEWIS KRUGER, ESQ.
                               180 Maiden Lane
                               New York, NY 10038

For Continental               Goodwin Procter, LLP
Casualty Co.:                 By:  DANIEL GLOSBAND, ESQ.
                               Exchange Place
                               Boston, MA  02109-2881

For Fireman's Fund            Crowell & Moring LLP
Insurance Co.:                By:  LESLIE A. DAVIS, ESQ.
                                    MARK PLEVIN, ESQ.
                               1001 Pennsylvania Avenue, N.W.
                               Washington, DC  20004

For OneBeacon Ins. Co.,       Drinker Biddle & Reath LLP
Geico, Seaton Ins. Co.,       By:  MICHAEL F. BROWN, ESQ.
& Republic Ins. Co.:               JEFFREY M. BOERGER, ESQ.
                               One Logan Square
                               18th and Cherry Streets
                               Philadelphia, PA  19103

                               Drinker Biddle
                               By:  WARREN PRATT, ESQ.
                               1100 N. Market Street
                               Wilmington, DE 19801-1254

**J&J COURT TRANSCRIBERS, INC.**

**APPEARANCES (CONT'D):**

| | |
|---|---|
| For Various Claimant Firms: | Stutzman, Bromberg, Esserman & Plifka<br>By:  DAVID J. PARSONS, ESQ.<br>        SANDER ESSERMAN, ESQ.<br>2323 Bryan Street<br>Suite 2200<br>Dallas, TX  75201 |
| For Morgan Stanley Senior Funding, Inc.: | Katten Muchin Roseenman, LLP<br>By:  JEFF FRIEDMAN, ESQ.<br>        MERRITT PARDINI, ESQ.<br>575 Madison Avenue<br>New York, NY  10022-2585 |
| | Edwards Angell Palmer Dodge, LLP<br>By:  ROBERT CRAIG MARTIN, ESQ.<br>919 N Market St.<br>Wilmington, DE 19801-3023 |
| For Serengeti: | Vinson & Elkins, LLP<br>By:  ARI BERMAN, ESQ.<br>Trammell Crow Center<br>2001 Ross Avenue, Suite 3700<br>Dallas, TX  75201 |
| For Scott Company: | Vorys, Sater, Seymour & Pease, LLP<br>By:  TIFFANY COBB, ESQ.<br>52 East Gay Street<br>Columbus, OH  43216 |
| For Official Committee of Asbestos Property Damage Claimants: | Dies & Hile, LLP<br>By:  MARTIN DIES, ESQ.<br>1601 Rio Grande, Suite 330<br>Austin, TX  78701 |
| | LECG<br>By:  ELIZABETH DEVINE, ESQ.<br>1725 Eye Street NW, Ste 800<br>Washington, DC,  20006 |
| | Scott Law Group<br>By:  DARRELL SCOTT, ESQ.<br>1001 East Main Street, Suite 500<br>Sevierville, TN  37864 |

APPEARANCES (CONT'D):

| | |
|---|---|
| For the Property Damage Committee: | Bilzin Sumberg Baena Price & Axelrod LLP By:  MATTHEW KRAMER, ESQ. 200 South Biscayne Boulevard Suite 2500 Miami, FL  33131 |
| | Bilzin Sumberg Baena Price & Axelrod LLP By:  SCOTT BAENA, ESQ. JAY SAKALO, ESQ. 200 South Biscayne Boulevard Suite 2500 Miami, FL  33131 |
| For the Bank Lenders: | Paul Weiss Rifkind Wharton & Garrison, LLP By:  MARGARET PHILLIPS, ESQ. REBECCA ZUBATY, ESQ. ANDREW N. ROSENBERG, ESQ. 1285 Avenue of the Americas New York, NY  10019 |
| | Crowell & Moring LLP By:  TACIE YOON, ESQ. 1001 Pennsylvania Avenue, N.W. Washington, DC  20004 |
| | Landis, Rath & Cobb, LLP By:  RICHARD COBB, ESQ. 919 Market Street, Suite 1800 Wilmington, DE  19899 |
| For National Union Fire Insurance Co.: | Zeichner Ellman & Krause, LLP By:  ROBERT GUTTMANN, ESQ. 575 Lexington Avenue New York, NY  10022 |
| For the Future Claimants Representatives: | Orrick, Herrington & Sutcliffe, LLP By:  DEBRA FELDER, ESQ. JOSHUA CUTLER, ESQ. Washington Harbour 3050 K Street, N.W. Washington, D.C.  20007 |

**APPEARANCES (CONT'D):**

| | |
|---|---|
| For Official Committee of Asbestos Personal Injury Claimants: | Anderson Kill & Olick<br>By:  ROBERT M. HORKOVICH, ESQ.<br>1251 Avenue of the Americas<br>New York, NY  10020-1186 |
| For Grace Certain Cancer Claimants: | Montgomery, McCracken, Walker & Rhoads, LLP<br>By:  NATALIE D. RAMSEY, ESQ.<br>300 Delaware Avenue, Ste. 750<br>Wilmington, DE  19801 |
| For David T. Austern, the Future Claimants' Representative: | Phillips, Goldman & Spence, P.A.<br>By:  JOHN C. PHILLIPS, ESQ.<br>1200 North Broom Street<br>Wilmington, DE  19806<br><br>By:  DAVID T. AUSTERN<br><br>Lincoln International, LLC<br>By:  JOSEPH RADECKI<br><br>Piper Jaffray & Co.<br>By:  JASON SOLGANICK |
| For Allstate Insurance: | Cuyler Burk, LLP<br>By:  STEFANO CALOGERO, ESQ.<br>        ANDREW K. CRAIG, ESQ.<br>Parsippany Corporate Center<br>Four Century Drive<br>Parsippany, NJ  07054 |
| For the Asbestos Creditors Committee: | Ferry Joseph & Pearce, P.A.<br>By:  THEODORE TACCONELLI, ESQ.<br>824 Market Street, Suite 19899<br>Wilmington, DE  19899 |
| For Ford, Marrin, Esposito, Witmeyer & Gleser: | Ford, Marrin, Esposito, Witmeyer & Gleser<br>By:  SHAYNE SPENCER, ESQ.<br>        ELIZABETH DeCRISTAFARO, ESQ.<br>Wall Street Plaza<br>New York, NY  10005 |

**APPEARANCES (CONT'D):**

```
For Official Committee      Duane Morris, LLP
of Unsecured Creditors:     By:  MICHAEL LASTOWSKI, ESQ.
                            1100 North Market Street
                            Suite 1200
                            Wilmington, DE  19801-1246


For Official Committee      Brandi Law Firm
of Asbestos Property        By:  THOMAS J. BRANDI, ESQ.
Damage Claimants:                TERENCE D. EDWARDS, ESQ.
                            44 Montgomery St., Suite 1050
                            San Francisco, CA  94104


                            Lieff, Cabraser, Heimann &
                            Bernstein
                            By:  ELIZABETH J. CABRASER, ESQ.
                            Embarcadero Center West
                            275 Battery Street, Suite 3000
                            San Francisco, CA  94111


                            Riker, Danzig, Scherer, Hyland &
                            Perretti, LLP
                            By:  TARA MONDELLI, ESQ.
                                 CURTIS PLAZA, ESQ.
                            Headquarters Plaza
                            One Speedwell Avenue
                            Morristown, NJ  07962


For the Libby Claimants:    Cohn, Whitesell & Goldberg, LLP
                            By:  CHRISTOPHER M. CANDON, ESQ.
                            101 Arch Street
                            Boston, MA  02110


                            Landis, Rath & Cobb, LLP
                            By:  KERRI K. MUMFORD, ESQ.
                                 JAMES S. GREEN, JR., ESQ.
                            919 Market Street, Suite 1800
                            Wilmington, DE  19899


For the PD Committee:       Speights & Runyan
                            By:  DANIEL SPEIGHTS, ESQ.
                                 MARION FAIREY, ESQ.
                                 ALAN RUNYAN, ESQ.
                            200 Jackson Avenue, East
                            Hampton, SC  29924
```

**APPEARANCES (CONT'D):**

For the Ad Hoc                 Dewey & LeBoeuf, LLP
Committee of Equity            By:  JENNIFER WHITENER, ESQ.
Sec. Holders:                  125 West 55th Street
                               New York, NY  10019


For Everest Reinsurance        Marks, O'Neill, O'Brien & Courtney
Company, et al.:               LLP
                               By:  BRIAN L. KASPRZAK, ESQ.
                                    JOHN D. MATTEY, ESQ.
                               913 North Market Street
                               Suite 800
                               Wilmington, DE  19801

For Murray Capital             Murray Capital Management, Inc.
Management                     By:  MARTI MURRAY

For Normandy Hill              Normandy Hill Capital, LLP
Capital, LLP:                  By:  MATTHEW CANTOR

For Anderson Memorial          Kozyak, Tropin & Throckmorton, PA
Hospital:                      By:  JOHN W. KOZYAK, ESQ.
                                    DAVID L. ROSENDORF, ESQ.
                               2525 Ponce de Leon, 9th Floor
                               Miami, Florida 33134


For ZAI Claimants              Hogan Firm Attorneys at Law
& various law firms:           By:  DANIEL K. HOGAN, ESQ.
                               1311 Delaware Avenue
                               Wilmington, DE  19801


For the U.S. Trustee:          Office of the U.S. Trustee
                               By:  DAVID KLAUDER, ESQ.
                               844 King Street, Suite 2313
                               Wilmington, DE  19801


For Arrowwood                  Bifferato Gentilotti LLC
Indemnity Co.:                 By:  GARVAN McDANIEL, ESQ.
                               800 North King Street
                               Wilmington, DE  19801

**APPEARANCES (CONT'D):**

| | |
|---|---|
| For Royal Insurance: | Wilson Elser Moskowitz Edelman & Dicker, LLP<br>By:  CARL PERNICONE, ESQ.<br>150 East 42nd Street<br>New York, NY  10017 |
| For Official Committee of Asbestos Property Damage Claimants: | Richardson Patrick Westbrook & Brickman, P.C.<br>By: EDWARD J. WESTBROOK, ESQ.<br>174 East Bay Street<br>Charleston, SC  29401 |
| For Dow Jones News Wires: | Dow Jones News Wires<br>By:  PEG BRICKLEY |
| For the Equity Committee: | Kramer Levin Naftalis & Frankel<br>By:  DAVID E. BLABEY, JR., ESQ.<br>     DOUGLAS H. MANNAL, ESQ.<br>919 Third Avenue<br>New York, NY  10022 |
| For Hartford Financial Service Group: | Wilmer Wilmer Cutler Pickering Hale & Dorr, LLP<br>By:  PATRICK J. ELLARD, JR, ESQ.<br>60 State Street<br>Boston, MA  02109 |
| For Travelers Casualty Surety Company: | Morris Nichols Arsht & Tunnell, LLP<br>By:  MATTHEW B. HARVEY<br>1201 N. Market Street<br>PO Box 1347<br>Wilmington, DE 19899-1347 |
| For General Insurance Co.: | Sonnenschein, Nath & Rosenthal<br>By:  ROBERT B. MILLNER, ESQ.<br>Sears Tower, Suite 7800<br>233 S. Wacker Drive<br>Chicago, IL |
| For Asbestos Property Damage Claimants: | Pryor Cashman, LLP<br>By:  RICHARD LEVY, ESQ.<br>410 Park Avenue<br>New York, NY  10022 |

**J&J COURT TRANSCRIBERS, INC.**

**APPEARANCE (CONT'D):**

| | |
|---|---|
| For Norfolk Southern<br>Railway: | Potter, Anderson & Corroon, LLP<br>By: ETTA R. WOLFE, ESQ.<br>Hercules Plaza<br>1313 North Market Street<br>Wilmington, DE 19801 |
| For Bloomberg, LLP | Bloomberg, LLP<br>By:  STEVEN H. CHURCH |
| For PD/FCR: | Law Office of Alan B Rich<br>By: ALAN B. RICH, ESQ.<br>1201 Main Street<br>Suite 1910, LB 201<br>Dalla, TX |
| For Fee Auditor: | Warren H. Smith & Associates PC<br>By:  WARREN H. SMITH |

_ _ _

1        THE COURT:  -- W.R. Grace, 01-1139.  Mona, can you

2  read the participant list?

3        MS. BAKER:  Yes, Judge.  There are about six pages of

4  participants.

5        Elisa Alcabes, Scott Baena, Janet Baer, David

6  Baldwin, Ari Berman, David Bernick, Mark Billion, David Blabey,

7  Sam Blatnick, Deanna Boll, Thomas Brandi, Michael Brown,

8  Elizabeth Cabraser, Douglas Cameron, Christopher Candon, James

9  Carignan, Garland Cassada, Gabriella Cellarosi, Steven Church,

10  Richard Cobb, Daniel Cohn, Jacob Cohn, Ann Cordo, Andrew Craig,

11  Leslie Davis, Michael Davis, Elizabeth DeCristofaro, John

12  Demmy, Elizabeth Devine, Martin Dies, Terence Edwards, Patrick

13  Ellard, Lisa Esayian, Sander Esserman, Marion Fairey, Brett

14  Fallon, Debra Felder, Nathan Finch, Mary Beth Forshaw, Roger

15  Frankel, Theodore Freedman, Michael Giannotto, Daniel Glosband,

16  James Green, Robert Guttmann, Jonathan Guy, Barbara Harding,

17  Daniel Hogan, Robert Horkovich, Mark Hurford, Richard Ifft,

18  Brian Kasprzak, David Klauder, Stuart Kovensky, John Kozyak,

19  Matthew Kramer,  Arlene Krieger, Lewis Kruger, Michael

20  Lastowski, Elli Leibenstein, Richard Levy, Peter Lockwood,

21  Edward Longosz, Douglas Mannal, John Mattey, Robert Millner,

22  Francis Monaco, Kerri Mumford, Marti Murray, James O'Neill,

23  Kate Orr, Davis Parsons, Kenneth Pasquale, Carl Pernicone,

24  Margaret Phillips, John Phillips, Mark Plevin, Joseph Radecki,

25  James Restivo, Alan Rich, Andrew Rosenberg, David Rosendorf,

1 Alan Runyan, Jay Sakalo, Darrell Scott, Mark Shelnitz, Michael

2 Shiner, David Siegel, Walter Slocombe, Warren Smith, Jason

3 Solganick, Daniel Speights, Shayne Spencer, Brian Stansbury,

4 Theodore Tacconelli, Rita Tobin, David Turetsky, Edward

5 Westbrook, Jennifer Whitener, Jeffrey Wisler, Richard Wyron,

6 Rebecca Zubaty.  And that's the list.

7          THE COURT:  All right, thank you.  I'm not sure, Ms.

8 Baer, do you want to start?

9          MS. BAER:  Yes, Your Honor, thank you.  Your Honor, I

10 think it's a pretty quick agenda today.

11          Item Number 1 is the continued Massachusetts tax

12 claim.  That matter is still working its way through the tax

13 system and so it's to be continued until October 26.

14          Item Number 2 is the debtors' omnibus objection.  We

15 still have a few objections left, one of which is related to

16 Item Number 4.  Those matters are also still being worked

17 through and it's being continued to October 26th.

18          Item Number 3, Your Honor, is the debtors' objection

19 to Maryland Casualty Company's proof of claim.  By agreement of

20 the parties, that matter is being continued until November

21 23rd.

22          Item Number 4, Your Honor, is Gloria Munoz's motion

23 to lift the stay.  The Munoz claim is one of the claims

24 objected to in Item Number 2.  By agreement of the parties, the

25 response due on that matter is due now on October 9th and the

1  matter is to be set for hearing on October 26th, at the omnibus

2  hearing.

3  Your Honor, Item Number 5 is the quarterly fee

4  application.  I understand that a certificate of no objection

5  was filed, along with the appropriate charts and I believe the

6  Court has already entered that order.

7  THE COURT:  Yes.  Anybody who is on the line only for

8  the purpose of fee applications, does anyone wish to be heard?

9  (No audible response)

10  THE COURT:  All right.  Then if that's all you -- the

11  only business you have before the Court, you're excused if you

12  wish to disconnect.  Go ahead, Ms. Baer.

13  MS. BAER:  Thank you, Your Honor.  Item Number 6 on

14  the agenda, Your Honor, was General Insurance Company's motion

15  to file a late proof of claim.

16  Your Honor, just subsequent to the filing of that

17  motion, the parties entered into a settlement agreement

18  resolving certain issues with respect to the General Insurance

19  Company insurance matters.

20  I believe that under those circumstances, it should

21  moot the motion, although I haven't had an opportunity to talk

22  with Mr. Millner to know whether or not he was in agreement

23  with that.  I'm not sure if he's on the line today.

24  MR. MILLNER:  I am on the line and may I be heard?

25  This will take just a minute, Your Honor.  It's Robert Millner.

1          THE COURT:  Yes, sir.

2          MR. MILLNER:  The stipulation technically does not

3  moot the motion.  What the stipulation says, in substance, is

4  that General Insurance, upon approval of the stipulation,

5  would, in essence, and certain changes being made to the plan

6  have been proposed, would not pursue certain claims, but the

7  principal claim, which is an indemnity claim, according to the

8  stipulation, that claim will be waived --

9          THE COURT:  Mr. Millner, I'm sorry, I'm having

10 trouble hearing you.  Are you on a speaker phone?

11         MR. MILLNER:  Oh, I'm sorry, I was on a speaker, I

12 apologize, Your Honor.

13         THE COURT:  Please everyone, you know better than

14 that.  Go ahead, Mr. Millner.

15         MR. MILLNER:  I'm sorry, I do know better than that,

16 and I'm sorry.

17         What the -- the motion is not mooted.  What the

18 stipulation we entered into did, was to say that upon certain

19 changes being made to the plan and approval of the stipulation

20 and the stipulation has been approved, the changes have been

21 proposed, we would waive, General Insurance, would waive

22 certain claims, but the principle claims of General Insurance

23 are actually indemnity claims under a certain provision of a

24 prepetition settlement agreement, and what the stipulation says

25 is that those claims will be waived upon entry of the

1 confirmation order, a final confirmation order with the 524(g)

2 protection for General Insurance.

3        So, what I think should happen here, Your Honor, is

4 that the motion should be granted, we should file that claim

5 and under the stipulation, if and when this Court and the

6 district court enters the final orders approving a plan with

7 the 524(g), giving us that protection, the claim will then be

8 waived.

9        THE COURT:  All right, Ms. Baer.

10        MS. BAER:  Your Honor, it seems to me that, and,

11 again, we have not been able to connect as the stipulation was

12 going forward --

13        MR. MILLNER:  Yes.

14        MS. BAER:  -- it seems to me that, frankly, what a

15 better approach may be, is for the motion to be withdrawn

16 without prejudice and then and only if the confirmation order

17 is not entered and becomes final, therefore, making this

18 unnecessary, Mr. Millner would then have the opportunity to

19 re-raise this motion and we would not object in terms of, you

20 know, the time that's passed since then.  That way I think we

21 could get it off calendar and not have an unnecessary motion

22 entered, allowing a claim that then is going to go away, upon

23 confirmation.

24        THE COURT:  Mr. Millner?

25        MR. MILLNER:  Your Honor, the motion doesn't seek to

1  allow the claim, it seeks to file the claim for the simple

2  reason that my client was not given notice of the bar date and

3  under the form of the stipulation that we entered into, what

4  the stipulation says in Paragraph 9 is that effective upon

5  order issuing the Asbestos PI channeling injunction as to

6  General becoming a final order, General shall automatically and

7  without further action, be deemed to have released and waived

8  all indemnity claims as to Grace and the Asbestos PI Trust and

9  shall not assert any such claim against any of the debtors, the

10 reorganized debtors or the Asbestos PI Trust, the concept being

11 that the injunction, the 524(g) injunction, Your Honor, in

12 essence, stands in place of the indemnity rights.

13      So, my thought on this is that the motion, which is

14 not objected to, should be granted and under the terms of the

15 stipulation which Your Honor approved, if the 524(g) injunction

16 is entered, the claim automatically then goes away.  That's

17 literally how the stipulation is written.

18      THE COURT:  Well, I'm not aware that anybody did file

19 an objection, but I'm not sure that I got a CNO either.

20      MS. BAER:  That's correct.  We did not file a -- or a

21 CNO was not filed, Your Honor, and one of the reasons it was

22 not filed is because it was unclear to us procedurally what was

23 to next occur.

24      May I suggest, Your Honor, that we simply enter and

25 continue this motion until October 26th, so that the debtors

1  and the FCR and ACC, who are all parties to this transaction,

2  have the opportunity to talk and speak about the best

3  procedural way to deal with this?

4           THE COURT:  Well, all right.  I suppose that's fine.

5  By then we will have gotten through most of the plan

6  confirmation hearing, if not all of the plan confirmation

7  hearing in any event.  So that may make matters a little more

8  clear.

9           MR. MILLNER:  Yes, but I would also ask that Ms. Baer

10  speak -- it's Robert Millner again speaking, speak with me,

11  Your Honor, also.

12           THE COURT:  Oh, sure.

13           MR. MILLNER:  So, hopefully we have this ironed out

14  before the next hearing, which is when -- which is -- it's on

15  October 26?

16           MS. BAER:  That's correct.

17           THE COURT:  Yes, sir.

18           MR. MILLNER:  Okay.

19           MS. BAER:  Of course, Your Honor, that goes without

20  saying.  We'd of course, speak to Mr. Millner.

21           THE COURT:  All right, that's fine.

22           MS. BAER:  Your Honor, agenda Item Number 7 is the

23  debtors' objection to the claim of Norfolk Southern Railway.

24           Your Honor, recently Norfolk Southern filed their

25  response and suggested that, perhaps, discovery needs to occur

1  here.  Your Honor, we have looked at that, we've also talked

2  briefly with Norfolk Southern's counsel about whether or not we

3  should proceed to discovery, whether or not this is a potential

4  where we should simply sit down and talk, perhaps, even think

5  about sending it to ADR.

6          Under these circumstances, Your Honor, what we'd like

7  to do is have this motion continued or this objection continued

8  until October 26th, so we now have the opportunity to speak

9  with Norfolk Southern, now that we have seen their response, we

10  have seen some of the documents attached to it and figure out

11  the best, right next step and then come back to Your Honor on

12  October 26th, with a plan as to how we wish to proceed.

13          THE COURT:  All right.  Is anyone on the phone for

14  Norfolk?

15          MS. WOLFE:  Your Honor, Etta Wolfe with Potter,

16  Anderson and Corroon. I'm sitting in for David Baldwin on this

17  matter.

18          THE COURT:  All right.

19          MS. WOLFE:  And Ms. Baer has set forth what we would

20  agree to as well.

21          THE COURT:  Okay.  This is also continued, then, till

22  October 26th.  Give me a second, Ms. Baer.

23          MS. BAER:  Sure.

24          THE COURT:  Okay, that's fine, thank you.

25          MS. WOLFE:  Thank you, Your Honor.

1          MS. BAER:  Thank you.  Your Honor, agenda Item Number

2   8 is the debtors' 27th omnibus objection to claims.  A

3   certificate of no objections was filed with respect to those

4   objections and Your Honor has, I believe, already entered the

5   order allowing the disallowance of the claims as provided for

6   in the objection.

7          THE COURT:  Yes.

8          MS. BAER:  Your Honor, agenda Item Number 9 is the

9   Fireman's Fund motion to lift stay.  By agreement of the

10  parties, that matter is being continued until October 26th.

11         THE COURT:  All right.

12         MS. BAER:  And then the final item, Your Honor, on

13  the agenda is simply a status with respect to where we are on

14  confirmation related issues.  I believe that Mr. Bernick is on

15  the phone and would like to address that matter.

16         THE COURT:  Mr. Bernick?

17         MR. BERNICK:  Yes, good morning, Your Honor.  I think

18  that rather than go through the list of all that's been

19  processed, what I'll say is that I'm not aware of any problems

20  or issues that we're facing at this point going forward.  I

21  think everything is in process.  A lot of the things that are

22  taking place just to make sure that the record is complete,

23  pursuant to the procedures that we've previously described for

24  the Court.

25         The only thing that I'm aware of that may or may not

1 require Your Honor's intervention before the 13th of October,

2 relates to the possible testimony of witnesses that might be

3 called by Anderson Memorial in connection with the rest of the

4 confirmation hearing.

5       At various times we've heard that as many as four

6 different witnesses might be called on the eve of the -- or

7 towards the conclusion of the trial that was -- that's been

8 completed so far.  The anticipation was that two of those

9 witnesses would be called, but we communicated with Mr.

10 Speights and we do not have confirmation of whether they intend

11 actually to call any of those four people.

12      If they do, at least one of them might require a

13 telephonic hearing before the 13th, in order to determine

14 whether it's appropriate to call that witness, that is Mr.

15 Ewing, who is an expert, but doesn't have an expert report.

16      We've reached out to Mr. Speights by e-mail, we've

17 not received any kind of response, so I guess the question on

18 the table is whether Anderson Memorial does, in fact, intend to

19 call any live witnesses to testify at the -- towards the

20 conclusion of the confirmation hearing.

21      THE COURT:  Mr. Speights?

22      MR. SPEIGHTS:  Thank you, Your Honor, and I was going

23 to bring up a matter, too, and that's a good segue into what I

24 need to discuss with the Court and directly impacts Mr.

25 Bernick's question.

1          On August 28th, we filed a motion to compel regarding

2     the depositions of three witnesses, Mr. Shelnitz, Mr. LaForce

3     and Ms. Zilly.  The debtors instructed those witnesses not to

4     answer a number of questions and that is the subject of the

5     motion to compel and that's 23028.  At the same time we filed a

6     motion to expedite, 23032, and a request to file a reply

7     because our view was that the burden of proof was on the

8     debtors with regard to their instructions and we certainly

9     wanted to set forth all of our reasons for pursuing these

10    deposition questions.

11         In addition, our local counsel followed up, as I

12    understand the procedure is, with a telephone call to chambers.

13    As we have explained a number of times, we are hamstrung until

14    we can complete these depositions, especially the deposition of

15    Mr. Shelnitz, which will impact what testimony we will want to

16    present at the confirmation hearing.

17         I understand that this matter is not set for today,

18    in fact, Your Honor, the debtors did not even list our motion

19    to compel on its confirmation agenda, although it listed other

20    discovery issues that would be decided during the confirmation

21    process.

22         We would request two things today, without in any

23    way, getting into the merits.  Number one, we would like to go

24    ahead and file our reply, our proposed reply.  If Your Honor

25    decides not to consider it, we understand that, but we would at

1    least like to get it on the record and we could file that reply

2    today, with Your Honor's permission.  We have not done so

3    because we understand under the rules we need Your Honor's

4    permission to file a reply.  And, again, we're not trying to

5    argue the reply today, and Your Honor can decide at the

6    appropriate time whether to permit the reply to be filed, on

7    the merits, as opposed to just giving us the right to go ahead

8    and get it on the record.  And number two, Your Honor, we would

9    respectfully request a hearing on our motion to compel.

10          Once that matter is resolved, we can advise the Court

11   and parties more fully as to who we intend to call, although I

12   might point out that the debtors have not rested with respect

13   to their proof on Anderson's issues, they have the burden of

14   proof and we certainly can't make a final decision until the

15   debtors rest or, perhaps, it would facilitate matters if the

16   debtors would tell us as well who they plan to call on

17   Anderson's issues because we might be able to make a more

18   definitive decision in light of that.

19          But, again, the big deal, Your Honor, is that I've

20   been trying to take Mr. Shelnitz's deposition, especially since

21   May when I first noticed it and it was severely curtailed by

22   the debtors.  They think they're right, I think they're wrong,

23   we just need to get that teed up and resolved.

24          THE COURT:  All right.  Mr. Bernick?

25          MR. BERNICK:  Yes.  I guess there are a couple things

1 that are swirling around here.  First, with respect to the

2 issue of the motion to compel, this is a direct emanation from

3 the hearing that already took place with respect to these

4 matters, where the Court set guidelines about what could and

5 could not be pursued at the depositions.  You'll remember that

6 the scope of those depositions was already discussed before the

7 Court, the Court gave guidance and we followed that guidance.

8        So, the depositions did take place, witnesses were

9 instructed not to answer questions concerning the content of

10 the negotiation process or anything that would reveal

11 settlement strategies.  Mr. Speights wasn't happy with how that

12 turned out, so he filed a motion and I know that Your Honor

13 will consider that motion.  So, it really -- for issue one is,

14 when should that be done.

15        Issue two, however, is the logistics of completing

16 the confirmation hearing.  And while Mr. Speights indicates

17 that he can't really make a determination about what he wants

18 to do, I think that the entire process that we've been

19 following here says that that's wrong, that people are required

20 to identify people that they're going to call and everybody has

21 actually cooperated very, very significantly in making that

22 happen, so we have two intertwining issues.

23        What I would suggest is that to the extent that Mr.

24 Speights wants to have his reply brief considered, in service

25 of getting this done, we have no objection to their filing a

1 reply brief.  That number two, in connection with or pursuant

2 to the same basic approach, if Mr. Speights wants to have this

3 matter heard, that we have no objection to having it heard,

4 indeed, having it heard prior to the time that matters resume

5 on the 13th of October, although that, obviously, is completely

6 subject to Your Honor's schedule.  And, so, we're comfortable

7 with that as well.

8          To the extent that we have remaining ambiguity on who

9 it is that Mr. Speights, on behalf of Anderson Memorial, is

10 going to call and how we're going to get to the end of the

11 confirmation, Mr. Speights indicated originally that he had

12 four witnesses that he might call.  We were at pains to try to

13 figure out whether any of them were actually showing up live.

14 The last time around it turns out that two of them didn't even

15 know that they had been listed and one of them plainly

16 indicated that he was not going to be available, that was Mr.

17 Hilton.

18          And so, I think we're still dealing with either Mr.

19 Ewing or Mr. Solomon [sic], or both.  Now, we have issues about

20 Mr. Solomon's appearance, but they don't require some hearing

21 in advanced.  If Mr. Speights wants to bring him, we'll take it

22 up at the time.  But Mr. Ewing is an expert and his appearance

23 would entail a fairly significant development, potentially.

24 I'm not even sure what the guy is going to say, he's an expert

25 who's testified about property damage litigation.  We've not

1 received confirmation that Mr. Ewing is, in fact, going to

2 appear, there's no reason why we can't know that now, we are

3 almost at the conclusion of the confirmation case, we've

4 already had people talk about the property damage issues and I

5 don't think we're anticipating calling anybody else to talk

6 about Anderson Memorial.  The only potential exception to that

7 is Mr. Finke, and I don't believe that Mr. Finke will, in fact,

8 be addressing Anderson Memorial at all.

9       So, this is all a question of finally getting a

10 definitive answer from Mr. Speights on who he is going to call

11 and on what subjects and then if we know that, we can then

12 raise the question that does have to be addressed at the

13 conclusion of Mr. Ewing.

14       So, wrapping all of this together, we're amenable to

15 having their motion heard, subject to the Court's schedule,

16 after filing of the reply brief and before the 13th of October.

17       Mr. Speights, I believe, should tell us now whether

18 he intends to call Mr. Ewing, Mr. Solomon or anybody else and

19 if it's Mr. Ewing, then I think at the same time that we have a

20 telephonic hearing, perhaps, with respect to their motion to

21 compel, Your Honor can take up the question at the same

22 telephonic conference of whether it's appropriate to call Mr.

23 Ewing and we can get this whole thing resolved.

24       THE COURT:  Okay.  Mr. Speights, are you planning to

25 call an expert who hasn't filed a report?

1          MR. SPEIGHTS:  Your Honor, with respect to Mr. Ewing,

2 Mr. Ewing is a potential feasibility expert, however, we have

3 not been able to get the depositions completed of Ms. Zilly and

4 Mr. LaForce, which are subject to the same motion, nor have we

5 gotten the deposition completed of Mr. Shelnitz who has

6 feasibility information.  So, I cannot make a decision until I

7 complete those depositions.

8          Now, I understand that if you rule with me, or

9 against me, Mr. Bernick is going to take the position that it's

10 too late and Mr. Ewing cannot testify, but I think we need to

11 get the depositions completed.  And, Your Honor, this is not

12 anything new, I've been saying this, certainly at the hearing

13 on July 27, and probably before, trying to get the information

14 through our discovery process.

15          Let me back up and correct one thing, just because I

16 don't want it uncorrected for the record.  With respect to Mr.

17 Hilton, Mr. Hilton was listed, but after a conversation with

18 Mr. Hilton, getting permission, Mr. Hilton, I informed them at

19 the confirmation hearing, would not be testifying and the

20 reason is very simple.  Your Honor ruled already on the Celotex

21 bankruptcy issue when I tried to get that matter introduced

22 through my cross examination of Mr. Inselbuch, so there's no

23 reason to call Mr. Hilton from Texas to offer testimony that

24 Your Honor has already ruled is irrelevant to the confirmation

25 proceeding.

1          Your Honor, I'm glad Mr. Bernick has agreed we can

2   file our reply, we'll file it today and, perhaps, if we can get

3   -- and we very much want a hearing as soon as possible, after

4   Your Honor has had an opportunity to review the brief, because

5   I don't know what position I'm going to be in about who I want

6   to call or what other discovery I might need and I can imagine

7   Mr. Bernick screaming if I say, well, in light of Mr.

8   Shelnitz's testimony I need something else, I just can't make

9   those decisions until I complete the depositions.

10          Your Honor, we not only need a hearing, but if Your

11  Honor agrees with us, that we're entitled to ask Mr. Shelnitz,

12  Ms. Zilly and Mr. LaForce additional questions, then we need to

13  schedule those and we need to do so before the completion of

14  the confirmation hearing because we need to be prepared to

15  cross examine Ms. Zilly at trial and we need to be prepared to

16  introduce whatever it is that we learn from those other

17  deponents at the confirmation hearing.

18          THE COURT:  Okay.  Well, what are the -- I haven't

19  seen the motion, Mr. Speights, what's the nature of the motion

20  to compel?  If it relates to settlement discussions, then

21  that's not calculated to lead to relevant or admissible

22  evidence and the discussions themselves can't come in, so I'm

23  not clear if that's what it's about, why I need a hearing.  I

24  thought I had addressed that issue earlier.

25          MR. SPEIGHTS:  Well, Your Honor, respectfully, number

1  one is, I don't think Your Honor made any decision on a motion

2  that they withdrew.  We had a discussion on the -- at the July

3  hearing and no decisions were made and no ruling was made, in

4  my view.  That will be subject of the reply brief that we file

5  today.

6         Secondly, Your Honor, I believe the debtor itself has

7  put into issue in this hearing its good faith and its own

8  representations that the plan was proposed after arms length

9  negotiation; thirdly, I think there has been a clear waiver of

10  any settlement negotiation and, fourth, Your Honor, I don't

11  know why I'm even addressing the merits because at such time as

12  we will have the merits heard, Mr. Rosendorf is arguing the

13  matter and I was only here as the process person, to try to get

14  the matter set for a hearing, so I would respectfully request,

15  if you consider the reply brief and the other briefs on it,

16  because I don't think it is as clear cut as Mr. Bernick says,

17  that we can't go into any of this, but regardless, we just need

18  a decision so we can decide which way to go.

19         THE COURT:  All right.

20         MR. BERNICK:  Your Honor, if I could just, again, try

21  to bring this to resolution and I won't go back to the hearing

22  where Your Honor said all the things that you said, whether

23  that was a ruling or not, but Your Honor can take that up,

24  we're just trying to get to a conclusion here on the

25  confirmation hearing.  And it sounds like Mr. Speights is now

1  saying that because of this discovery issue, that he can't even

2  figure out how he is going to conclude his evidence with

3  respect to the confirmation hearing, which has been set to

4  conclude on the 13th and 14th, of October.  And that is

5  completely contrary to how this whole thing has been set up and

6  there's no predicate for it and that's the thing of greatest

7  urgency to us, is that it's tremendously expensive to have this

8  process continue and it's tremendously disruptive to have it

9  continue when everybody else has tried to figure out how to

10  make this thing come to an end and it is about ready to end.  I

11  hear Mr. Speights saying, he wants, after all, settlement

12  discussion information.

13        If he wants settlement discussion information,

14  they've asked for it in this motion, Your Honor can consider

15  whether there's a justification for it.  I don't hear anything

16  about why Mr. Ewing's testimony would be implicated by

17  settlement discussions.

18        If there's some other things that Mr. Ewing is going

19  to address concerning feasibility, which is what Mr. Speights

20  indicates is the prompt for Mr. Ewing's testimony, there should

21  have been an expert report from Mr. Ewing, he should have

22  addressed feasibility, there should have been some, a long ago

23  prior disclosure with respect to Mr. Ewing who, after all, is

24  not a financial expert at all, he is an asbestos dust and, you

25  know, release expert, who testified in property damage cases.

1        But it seems -- so I fundamentally think that that is

2   completely different, but I know that Mr. Speights will

3   respond, oh, no, it's all still tied up and still the same.

4        The fact of the matter is, Mr. Ewing has never filed

5   an expert report, period.  That's part of the reason nobody

6   really knows exactly what he's going to say and nobody can

7   really scrutinize Mr. Speights' assertion that it's necessary

8   that he testify at all.  But if Mr. Speights is not willing to

9   say that he's going to call him, and that he needs more time

10  to figure it out, then I think we've got no choice but to tee

11  up the matter, whether he should be able to call Mr. Ewing at

12  all, because he's not issued an expert report.

13       So, I think that there are really two things here.

14  One, is that Mr. Speights is, in fact, out of time to identify

15  any new witnesses of any kind at all.  I just think that that

16  is -- there's no justification for it and it's incredibly

17  disruptive.

18       To the extent that he won't withdraw his proposal to

19  call Mr. Ewing on some theory, whatever, let's have the Ewing

20  issue heard because it doesn't really turn on the relevance of

21  Mr. Ewing's testimony, it turns on the fact that he's an expert

22  and he has no expert report.

23       So, it seems to me that either way, the simplest way

24  to bring all of this to a conclusion, is to have Mr. Speights'

25  motion heard and at the same time have the Court determine

1 whether and, we'll make the motion, to preclude Mr. Speights

2 from calling Ewing because he is an expert without a report.

3       If Your Honor can figure out a way to squeeze in a

4 little bit of time before the 13th, I'm confident both matters

5 can be resolved and then we'll be able to go forward knowing

6 whether or not Mr. Ewing can testify, Mr. Speights can know

7 whether or not he can get this additional information and we'll

8 deal with the logistics of how to get that done, so that we

9 finish the confirmation hearing on October the 13th.

10       I'll let the Court know that, you know, we're very

11 close to being done.  We have the completion of Ms. Zilly's

12 testimony, we have what we hope to be a stipulated submission

13 by Mr. Finke, we're working on that but if we can't get the

14 stipulation, we'll call him.  It'll be on very focused

15 technical confirmation issues.  And we have Ms. Martin, who has

16 got a feasibility -- a piece of the feasibility equation and

17 beyond that, I don't think we have any more witnesses.  We're

18 anticipating that it's going to be a very short continuation of

19 the evidence and we'll be done.

20       THE COURT:  Okay.  Mona, I'm not sure what next

21 week's schedule looks like.  The debtor is going to have to

22 file some motion and I'm going to need to get a response from

23 Mr. Speights, so I guess I need an argument date next week, if

24 that's possible.

25       MS. BAKER:  Monday is out, Tuesday is a 13 day.

**J&J COURT TRANSCRIBERS, INC.**

1           THE COURT:  What does the afternoon of Tuesday look

2   like, Mona?

3           MS. BAKER:  Hold on one second.  There are hearings

4   scheduled starting as late as 2:30, and it's the Dielectric --

5           THE COURT:  Oh.  Can you ask Claire -- could you just

6   leave the courtroom for a minute and ask Claire whether that

7   Dielectric case is actually going forward?  I sent her an

8   e-mail yesterday, but my e-mail is not working today.  I'm not

9   getting any responses, so I don't know.

10          MS. BAKER:  She's not in.  I can call her at home and

11  find out.  Do you want me to do that now?

12          THE COURT:  Hello?

13          MS. BAKER:  Judge, she's not in right now.

14          THE COURT:  Mona, I can't hear you.

15          MS. BAKER:  Can you hear me now?

16          UNIDENTIFIED FEMALE SPEAKER:  It's on, okay, okay,

17  it's all right.  Try it.

18          MS. BAKER:  Can you hear me now?

19          THE COURT:  Yes.

20          MS. BAKER:  Something happened to the mic.  Claire is

21  not in at the moment, I can call her at home if you'd like.

22          THE COURT:  No, okay.  Just look -- what other days

23  -- what else is going on for the rest of the week?

24          MS. BAKER:  Possibly Wednesday.  But everything from

25  Wednesday was rescheduled, and I'm trying to figure out why.

1  Something can be scheduled I think, I think it can be scheduled

2  at noon on Wednesday the 7th.

3           THE COURT:  What's in the morning?

4           MS. BAKER:  It's hard to -- hold on a second.  You're

5  not available before 11:30 in the morning.

6           THE COURT:  Okay.

7           MS. BAKER:  There were hearings starting 11:30, but

8  they were moved to a different date; 12:30, there's a meeting.

9  No, Wednesday is not going to work, because then at one o'clock

10  there's Pittsburgh Corning.

11          MR. BERNICK:  What about the 11:30 and it's probably

12  --

13          MS. BAKER:  Well, I looked at the calendar in more

14  detail, it's not available.  And on Thursday, there's the

15  Virgin Islands matter and then there's your class in the

16  afternoon.

17          THE COURT:  Virgin Islands, that's Prosser?

18          MS. BAKER:  Yes.

19          THE COURT:  Oh.

20          MS. BAKER:  But you have a guest lecturer for your

21  class, so I'm not sure if you are going to be there or not.

22          THE COURT:  No, I won't be, but Prosser is a very

23  long agenda.  I just got the agenda, it's huge.

24          MS. BAKER:  And then the Friday, there's the PBI

25  seminar.

1            THE COURT:  Okay, go back to Wednesday.  Is there

2    anything in NARCO and GIT in the afternoon, or is it only

3    Pittsburgh Corning?

4            Mr. Restivo, are you on the line?

5            MR. BAKER:  Pittsburgh Corning is at one o'clock.

6            THE COURT:  I guess Mr. Restivo is not on.

7            MR. LOCKWOOD:  Judge, NARCO and GIT have been

8    canceled, Your Honor.

9            THE COURT:  They have, okay.

10           MR. LOCKWOOD:  Yes.

11           THE COURT:  Mr. Lockwood, I haven't seen a Pittsburgh

12   Corning agenda, is it awful?

13           MR. LOCKWOOD:  I don't think so.  I haven't seen one

14   either, but I'm not aware of anything substantial that's likely

15   to be on it.  I'm sitting here trying to think of whether

16   there's any pending motions.  Mostly what's going on is

17   discovery.  I don't think there's been any discovery motions

18   filed.  So, I really can't be sure, but I'd be real surprised

19   if the Pittsburgh Corning hearing took more than an hour or

20   two, on the basis of what I know now.

21           THE COURT:  Well, I think I'll go out on a limb and

22   --

23           MR. LOCKWOOD:  And that's set --

24           THE COURT:  I'm sorry.

25           MR. LOCKWOOD:  And that's set for one.

1           THE COURT:  Okay.  I think I'll go out on a limb and

2    say that we could do this argument at three on that Wednesday

3    afternoon, because if NARCO and GIT are canceled, I really am

4    not aware that anything is scheduled in Pittsburgh Corning, I

5    haven't seen a preliminary agenda even.  So, I think if we set

6    three o'clock, that would be safe.

7           MR. LOCKWOOD:  That would be my belief, Your Honor,

8    picking the next --

9           THE COURT:  All right.  Wednesday, then at 3 p.m.,

10   and we can do it by phone.

11          MR. BERNICK:  Yes, that's fine with the debtors.

12          THE COURT:  Mr. Speights?

13          MR. SPEIGHTS:  That's fine Your Honor.  Just in case

14   that turns out to be a problem, I'm available any day this week

15   or next week, except next Monday, I'm in court.

16          MS. BAKER:  Judge, this is Mona.  I'm going to need

17   some more information as to what Mr. Speights' motion,

18   etcetera, is, because we don't have any e-mails concerning a

19   motion to shorten or anything like that.  So, if he could

20   either call later or if he has the information now.

21          MR. SPEIGHTS:  I have the two docket numbers.

22          MS. BAKER:  That would help.

23          MR. SPEIGHTS:  23028 and 23032.

24          MS. BAKER:  Oh, you did say that.  Okay, thank you

25   very much.

**J&J COURT TRANSCRIBERS, INC.**

1          THE COURT:  All right, and --

2          MR. BERNICK:  And, I'm also advised -- I'm sorry,

3 Your Honor, you're probably going to want to know about our

4 motion on Ewing.  Our motion on Ewing, Ms. Esayian tells me,

5 already has been filed.

6          THE COURT:  Oh.

7          MR. BERNICK:  And, Lisa, are you on the line, do you

8 know what the docket number is?  I don't hear from Lisa.  She's

9 still on mute.  But we'll figure out what that is, but I'm told

10 by e-mail that she -- by her, that there is a motion on file.

11          THE COURT:  Okay.  Let me find out from the court

12 call operator, whether she's on the line.

13          UNIDENTIFIED FEMALE SPEAKER:  Which Lisa, Lisa who,

14 please?

15          MS. BAER:  Esayian.

16          UNIDENTIFIED FEMALE SPEAKER:  She is on the line and

17 I did bring her line live, she did not respond.

18          THE COURT:  Oh, okay.

19          MS. ESAYIAN:  I'm sorry, I thought I had a listen

20 only line.  I apologize, Your Honor.

21          THE COURT:  Okay.  Ms. Esayian, do you know the

22 docket number?

23          MS. ESAYIAN:  I don't Your Honor, but it was filed on

24 September 16th, in the morning, if that helps.

25          MS. BAKER:  Judge, I'm calling up the docket --

**J&J COURT TRANSCRIBERS, INC.**

1          MR. BERNICK:  We can get that to the Court.

2          THE COURT:  That's what I was going to say, if

3    somebody could call my chambers -- has a response been filed,

4    too?

5          MS. ESAYIAN:  No.

6          MR. BERNICK:  No, Your Honor.

7          THE COURT:  Mr. Speights, have you received the

8    motion?

9          MR. SPEIGHTS:  We have -- I believe we received it

10   during the confirmation hearing.  But in any event, we have

11   received it and we can file a response.

12         THE COURT:  Okay.  When?

13         MR. SPEIGHTS:  Friday.

14         MS. BAKER:  Judge, I think the docket number of the

15   Ewing motion is 23259.

16         THE COURT:  Okay.  Mr. Speights, can you file it by

17   noon on Friday?

18         MR. SPEIGHTS:  Noon on Friday, yes.

19         THE COURT:  Yes.  All right.  And then we can do the

20   argument on both matters, Mr. Speights' motion to compel and

21   whatever -- what is the motion regarding Mr. Ewing called?

22         MS. BAKER:  It's the debtors' motion in limine to

23   preclude the testimony of Anderson Memorial's witness, William

24   M. Ewing.

25         THE COURT:  Okay.  We'll do both of those arguments

1  then on -- next Wednesday, a week from -- what day is today,

2  Tuesday, a week from tomorrow, at 3 p.m., and it will all be by

3  phone.  So, we will arrange the court call proceeding, but all

4  of you who are interested in participating will need to make

5  the customary arrangements to dial in.

6          MR. SPEIGHTS:  Thanks, Your Honor.

7          MR. BERNICK:  We really appreciate your making the

8  time in your schedule, Your Honor.

9          THE COURT:  Okay.  Is that everything with respect to

10  the confirmation status?

11          MR. BERNICK:  I don't believe the debtors have

12  anything else.

13          THE COURT:  Anyone have any other matters?  Anything

14  that's going to impact the confirmation hearing?

15              (No audible response)

16          THE COURT:  Okay.  I'm not hearing anything, so I

17  guess I'll speak with you next week, then, at three o'clock.

18          MR. BERNICK:  Great.

19          THE COURT:  All right, we're adjourned.  Thank you.

20          MS. BAER:  Thank you, Your Honor.

21

22                    * * * * *

23

24

25

**C E R T I F I C A T I O N**

    I, ELAINE HOWELL, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter and to the best of my ability.

/s/ Elaine Howell          Date:  October 5, 2009

ELAINE HOWELL

J&J COURT TRANSCRIBERS, INC.