IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | * | |
| W.R. GRACE & CO., et al., | * | Chapter 11 |
| Debtors. | * | Case No. 01-01139 (JKF)<br>(Jointly Administered) |
| | * | Related Docket Nos. 23083, 22996 |
| ----------------------------------------------------------x | | |

**STIPULATION AS TO ADMISSIBILITY OF CNA EXHIBITS**

The Plan Proponents, on one hand, and Continental Casualty Company and Continental Insurance Company, on their behalf and on behalf of their predecessor companies, affiliates and subsidiaries which issued insurance policies to the Debtors (individually or collectively, "CNA"), on the other hand, hereby stipulate and agree that, subject to Court approval, the following exhibits should be admitted, subject to any limitations set forth below:

1.  The following exhibits are admitted on the understanding that the lists of clients and any forms of retention agreements or powers of attorney submitted with them are not public and are only available for *in camera* review by the Court:

    a.  <u>CNA Phase II Trial Exhibit 6</u>: Amended Statement of Baron & Budd under Bankruptcy Rule 2019 (Feb. 25, 2009) [Docket No. 20840].

    b.  <u>CNA Phase II Trial Exhibit 7</u>: Supplemental Verified Statement in Connection with the Representation of Creditors as Required by Fed. R. Bankr. P. Rule 2019, filed by Cooney & Conway (Mar. 2, 2009) [Docket No. 20895].

    c.  <u>CNA Phase II Trial Exhibit 8</u>: Third Amended Verified Statement In Connection With the Representation of Creditors as Required by Fed. R. Bankr. P. Rule 2019, filed by Weitz & Luxenberg (Aug. 7, 2006) [Docket No. 12979].

LIBW/1719004.11

   d. <u>CNA Phase II Trial Exhibit 9</u>: Eleventh Amended Verified Statement Pursuant to Fed. R. Bankr. P. 2019 filed by Motley Rice (Feb. 20, 2009) [Docket No. 20777].

2. The following exhibits are admitted:

   a. <u>CNA Phase II Trial Exhibit 32(A)</u>: August 1, 1990 Settlement Agreement between W.R. Grace & Co.-Conn., a Connecticut Corporation and Continental Casualty Company **[Confidential].**

   b. <u>CNA Phase II Trial Exhibit 32(B)</u>: February 18, 1997 Settlement Agreement between W.R. Grace & Co., a Delaware Corporation, W.R. Grace & Co.-Conn., a Connecticut Corporation, Fresenius National Medical Care Holdings, Inc., and Continental Casualty Company **[Confidential]**.

   c. <u>CNA Phase II Trial Exhibit 32(C)</u>: May 22, 1997 Settlement Agreement between W.R. Grace & Co., a Delaware Corporation, W.R. Grace & Co.-Conn., a Connecticut Corporation, Fresenius National Medical Care Holdings, Inc., and Continental Casualty Company **[Confidential]**.

   d. <u>CNA Phase II Trial Exhibit 38</u>: May 30, 1997 Settlement Agreement between W.R. Grace & Co., a New York Corporation, and Continental Casualty Company **[Confidential]**.[1]

3. The following insurance policies issued by CNA Companies or first layer excess policies underlying CNA coverage, previously submitted in Phase I, are admitted in Phase II subject to the same terms as provided in the June 22, 2009 Stipulation between the parties for the admission of those policies in Phase I:[2]

---

[1] CNA Phase II Trial Exhibit 38 was inadvertently omitted from the exhibits previously produced to the Court. CNA will include a copy of this exhibit in the binders submitted to the Court of exhibits not previously admitted.

[2] CNA Phase I Trial Exhibits 17(A) to 17(P), 18(A) through 18(E), and 19(A) through 19(C) were also designated as CNA Phase II Trial Exhibits 33(A) through 33(X). The Plan Proponents previously, on June 22, 2009, stipulated to their admission, and they were submitted to the Court. Pursuant to the Court's instructions, these exhibits will not be resubmitted in the binders of exhibits to be provided to the Court.

As the parties have explained to the Court, it is not clear whether the policies comprising Phase I Trial Exhibits 17(A) to 17(P), 18(A) through 18(E), and 19(A) through 19(C) are complete copies of the policies in question. The parties have agreed to the use of the submitted copies solely for the purposes of this Confirmation hearing.

a. <u>CNA Phase I Trial Exhibit 17(A)</u>:  Boston Old Colony Excess Policy LX2666569 (7/17/74-6/30/77) **[Confidential]**.

b. <u>CNA Phase I Trial Exhibit 17(B)</u>:  Harbor Insurance Co. Excess Policy120346 (7/17/74-6/30/77) **[Confidential]**.

c. <u>CNA Phase I Trial Exhibit 17(C)</u>:  Continental Casualty Co. Excess Policy RDX1788117 (6/30/77-6/30/78) **[Confidential]**.

d. <u>CNA Phase I Trial Exhibit 17(D)</u>:  Continental Casualty Co. Excess Policy RDX1788118 (6/30/77-6/30/78) **[Confidential]**.

e. <u>CNA Phase I Trial Exhibit 17(E)</u>:  Continental Casualty Co. Excess Policy RDX1784282 (6/30/79-6/30/80) **[Confidential]**.

f. <u>CNA Phase I Trial Exhibit 17(F)</u>:  Continental Casualty Co. Excess Policy RDX1784981 (6/30/80-6/30/82) **[Confidential]**.

g. <u>CNA Phase I Trial Exhibit 17(G)</u>:  Buffalo Reinsurance Co. Excess Policy BR507551 (6/30/81-6/30/82) **[Confidential]**.

h. <u>CNA Phase I Trial Exhibit 17(H)</u>:  Continental Insurance Co. Excess Policy SRX3193093 (6/30/81-6/30/82) **[Confidential]**.

i. <u>CNA Phase I Trial Exhibit 17(I)</u>:  London Guarantee Excess Policy LX3193640 (6/30/81-6/30/82) **[Confidential]**.

j. <u>CNA Phase I Trial Exhibit 17(J)</u>:  Continental Casualty Co. Excess Policy RDX1785056 (6/30/82-6/30/83) **[Confidential]**.

k. <u>CNA Phase I Trial Exhibit 17(K)</u>:  Buffalo Reinsurance Co. Excess Policy BR508040 (6/30/82-6/30/83) **[Confidential]**.

l. <u>CNA Phase I Trial Exhibit 17(L)</u>:  Continental Insurance Co. Excess Policy SRX1591702 (6/30/82-6/30/83) **[Confidential]**.

m. <u>CNA Phase I Trial Exhibit 17(M)</u>:  London Guarantee Excess Policy LX1898010 (6/30/82-6/30/83) **[Confidential]**.

n. <u>CNA Phase I Trial Exhibit 17(N)</u>:  Continental Casualty Co. Excess Policy RDX1785096 (6/30/83-6/30/84) **[Confidential]**.

o. <u>CNA Phase I Trial Exhibit 17(O)</u>:  Continental Insurance Co. Excess Policy SRX1591976 (6/30/83-6/30/84) **[Confidential]**.

p. <u>CNA Phase I Trial Exhibit 17(P)</u>:  London Guarantee Excess Policy LX2107836 (6/30/83-6/30/84) **[Confidential]**.

    q.    <u>CNA Phase I Trial Exhibit 18(A)</u>:  Unigard Mutual Insurance Co. First Layer Excess Policy 1-2517 (6/30/74-cancelled) **[Confidential]**.

    r.    <u>CNA Phase I Trial Exhibit 18(B)</u>:  Northbrook Insurance Co. First Layer Excess Policy 63-001-170 (6/30/75-6/30/76) **[Confidential]**.

    s.    <u>CNA Phase I Trial Exhibit 18(C)</u>:  Lloyds of London First Layer Excess Policy 76DD1594C (6/30/76-6/30/79) **[Confidential]**.

    t.    <u>CNA Phase I Trial Exhibit 18(D)</u>:  Lloyds of London First Layer Excess Policy 79DD1633C (6/30/79-6/30/82) **[Confidential]**.

    u.    <u>CNA Phase I Trial Exhibit 18(E)</u>:  Lloyds of London First Layer Excess Policy KY017582 (6/30/82-6/30/85) **[Confidential]**.

    v.    <u>CNA Phase I Trial Exhibit 19(A)</u>:  Continental Casualty Co. Primary Insurance Policy CCP902-36-70 6/30/73-6/30/76 **[Confidential]**.

    w.    <u>CNA Phase I Trial Exhibit 19(B)</u>:  Continental Casualty Co. Primary Insurance Policy CCP2483440 6/30/76-6/30/83 **[Confidential]**.

    x.    <u>CNA Phase I Trial Exhibit 19(C)</u>:  Continental Casualty Co. Primary Insurance Policy CCP2483440 6/30/83-6/30/85 **[Confidential]**.

4.     The following exhibits are admitted for the limited purposes of showing that claims for insurance coverage have been asserted against CNA and the nature of those claims:

    a.    <u>CNA Phase II Trial Exhibit 3</u>:  Complaint, *Scotts Co. v. American Employers Ins. Co. et al.*, No. 04-ap-55083-JFK (Bankr. D. Del. filed Sept. 2, 2004).

    b.    <u>CNA Phase II Trial Exhibit 31</u>:  Letter from Jon M. Moyers, Counsel for BNSF, to Cecil Slauson, CNA EMTC, dated March, 16, 2006.

5.     The following exhibit is admitted for the limited purpose of establishing that CNA has filed a proof of claim and claims to be a creditor:

    a.    <u>CNA Phase II Trial Exhibit 5</u>:  CNA Proof of Claim, filed March 20, 2003.

6.     The following exhibits are admitted for the limited purpose of establishing that the proposed Trustees and Trust Advisory Committee members have served in similar roles in other asbestos personal injury trusts arising out of other bankruptcies:

a. <u>CNA Phase II Trial Exhibit 12</u>: Order Confirming AC&S's Second Plan of Reorganization Dated November 19, 2007, *In re AC&S Inc.*, Docket No. 3309, No. 02-12687 (Bankr. D. Del. May 6, 2008) (excerpt).

b. <u>CNA Phase II Trial Exhibit 14</u>: Findings of Fact and Conclusions of Law Regarding Confirmation of the Fourth Amended Plan of Reorganization of Armstrong World Industries, Inc., as Modified, *In re Armstrong World Indus., Inc.,* Docket No. 9756, No. 00-4471 (Bankr. D. Del. Aug. 18, 2006) (excerpt).

c. <u>CNA Phase II Trial Exhibit 15</u>: Order Confirming the Joint Plan of Reorganization as of September 28, 2005, as Amended Through January 17, 2006, Proposed by the Debtors, the Asbestos Claimants' Committee, the Future Asbestos-Related Claimants' Representative, and McDermott Incorporated and Issuing Injunctions, *In re The Babcock & Wilcox Co.*, Docket No. 7053, No. 00-10992 (Bankr. E.D. La. Jan. 17, 2006) (excerpt).

d. <u>CNA Phase II Trial Exhibit 16</u>: Order Confirming (and Recommending Affirmance by the U.S. District Court) Debtor's Plan of Reorganization as Modified Through October 7, 2005 and Setting Bar Dates to File Certain Claims in Paragraphs 50, 51, 52, 53 and 73, *In re Combustion Engineering, Inc.*, Docket No. 2752, No. 03-10495 (Bankr. D. Del. Dec. 19, 2005) (excerpt).

e. <u>CNA Phase II Trial Exhibit 17</u>: Order Confirming Fourth Amended Joint Plan of Reorganization for Debtors and Debtors-In-Possession (As Modified), *In re Federal-Mogul Global, Inc.*, Docket No. 13674, No. 01-10578 (Bankr. D. Del. Nov. 8, 2007) (excerpt).

f. <u>CNA Phase II Trial Exhibit 19</u>: The Flintkote Company and Flintkote Mines Limited Asbestos Personal Injury Trust Agreement, *In re Flintkote Co. and Flintkote Mines, Ltd.*, Docket No. 2721 at Ex. A, No. 04-11300 (Bankr. D. Del. Oct. 8, 2007) (excerpt).

g. <u>CNA Phase II Trial Exhibit 20</u>: Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust Agreement, *In re Kaiser Aluminum & Chemical Corp.*, No. 02-10429 (Bankr. D. Del. July 6, 2006), reproduced at http://www.kaiserasbestostrust.com/Resources.htm (excerpt).

h. <u>CNA Phase II Trial Exhibit 21</u>: Order (I) Approving Debtors' Disclosure Statement and Solicitation Procedures and (II) Confirming Debtors' Fourth Amended and Restated Joint Prepackaged Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code, *In re Mid-Valley, Inc*., Docket No. 1693, No. 03-35592 (Bankr W.D. Pa. July 16, 2004) (excerpt).

      i.    <u>CNA Phase II Trial Exhibit 22</u>:  Notice of Proposed Directors, Trustees and Trust Advisory Committee Members, *In re North American Refractories Co.*, Docket No. 4455, No. 02-20198 (Bankr. W.D. Pa. June 21, 2006).

      j.    <u>CNA Phase II Trial Exhibit 24</u>:  Pittsburgh Corning Corporation Asbestos PI Trust Agreement, *In re Pittsburgh Corning Corp*, Docket No. 6246, No. 00-22876 (Bankr. W.D. Pa. Oct. 24, 2008) (excerpt).

7.    The following exhibits are admitted, subject to any objections as to their relevance:

      a.    <u>CNA Phase II Trial Exhibit 30(A)</u>:  ACC's Response to CNA's Request for Admissions No. 1, 7, 9, 11.

      b.    <u>CNA Phase II Trial Exhibit 30(B)</u>:  ACC's Response to CNA's Interrogatories No. 1, 5, 7, 8(a), 9, 10, 12.

      c.    <u>CNA Phase II Trial Exhibit 30(C)</u>:  Debtors' Response to CNA's Request for Admissions No. 1, 7, 9.

      d.    <u>CNA Phase II Trial Exhibit 30(D)</u>:  Debtors' Response to CNA's Interrogatories No. 1, 5, 8(a), 9, 10, 12.

      e.    <u>CNA Phase II Trial Exhibit 30(E)</u>:  FCR's Response to CNA's Request for Admissions No. 1, 7, 9.

      f.    <u>CNA Phase II Trial Exhibit 30(F)</u>:  FCR's Response to CNA's Interrogatories No. 1, 5, 7, 8(a), 9, 10, 12.

\* \* \* \* \*

This stipulation is entered into only for the purposes of this proceeding and shall not be deemed to constitute a waiver of any objection that a party to this stipulation might have in some other proceeding as to any exhibit or exhibits listed herein.

**IT IS SO STIPULATED.**

Dated: October 9, 2009

By: */s/ Edward B. Rosenthal*
Edward B. Rosenthal (*Bar No. 3131*)
ROSENTHAL, MONHAIT & GODDESS, P.A.
P.O. Box 1070
Wilmington, DE 19899

Michael S. Giannotto (*pro hac vice*)
Frederick C. Schafrick (*pro hac vice*)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Daniel M. Glosband (*pro hac vice*)
Brian H. Mukherjee (*pro hac vice*)
GOODWIN PROCTER LLP
Boston, MA 02109

Elizabeth DeCristofaro (*pro hac vice*)
FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.
Wall Street Plaza, 23rd Floor
New York, NY 10005-1875

*Counsel for Continental Casualty Company, Transportation Insurance Company and their American insurance affiliates*

**IT IS SO STIPULATED.**

Dated:  October 9, 2009

By:  /s/ Janet S. Baer
David M. Bernick
Lisa Esayian
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

Janet S. Baer
THE LAW OFFICES OF JANET S. BAER, P.C.
70 W. Madison St., Suite 2100
Chicago, IL 60602

Laura Davis Jones
David W. Carickhoff, Jr.
PACHULSKI, STANG, ZIEHL, YOUNG JONES & WEINTRAUB
919 North Market St., 16th Floor
Wilmington, DE 19899

*Counsel for the Debtors*
*W.R. Grace & Co., et al.*

**IT IS SO STIPULATED.**

Dated:  October 9, 2009

                By:  */s/ Peter Van N. Lockwood*
                Elihu Inselbuch
                CAPLIN & DRYSDALE, CHARTERED
                375 Park Ave, 35th Floor
                New York, NY 10152

                Peter Van N. Lockwood
                Nathan D. Finch
                CAPLIN & DRYSDALE, CHARTERED
                One Thomas Circle NW, Suite 1100
                Washington, DC 20005

                Robert Horkovich
                Robert Chung
                ANDERSON KILL & OLICK, P.C.
                1251 Avenue of the Americas
                New York, NY 10020

                Marla Eskin
                Mark Hurford
                CAMPBELL & LEVINE, LLC
                800 N. King St., #300
                Wilmington, DC 19801-3549

                *Counsel for the Official Committee of Asbestos Personal Injury Claimants*

**IT IS SO STIPULATED.**

Dated: October 9, 2009

                              By: */s/ Jonathan Guy*
Roger Frankel
Richard H. Wyron
Jonathan Guy
ORRICK, HERRINGTON & SUTCLIFF, LLP
Columbia Center
1152 15th Street NW
Washington, DC 20005

John C. Phillips, Jr.
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom St.
Wilmington, DE 19806

*Counsel for David T. Austern, Asbestos PI Future Claimants' Representative*

**IT IS SO STIPULATED.**

Dated: October 9, 2009

        By: _/s/David Blabey_
        Teresa K.D. Curier (Bar No. (3080))
        SAUL EWING LLP
        222 Delaware Avenue, 12th Floor
        Wilmington, DE 19801

        Philip Bentley
        Gregory Howowitz
        David Blabey
        KRAMER LEVIN NAFTALIS & FRANKEL LLP
        1177 Avenue Of The Americas
        New York, NY 10036

        *Counsel for the Official Committee of Equity Security Holders*