# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: October 13, 2009 at 10:00 a.m.** |
| | ) | **Objection Deadline: October 6, 2009** |
| | ) | **Agenda No. 2** |

**ORDER PURSUANT TO SECTIONS 105, 363, 1107 AND 1108 OF
THE BANKRUPTCY CODE AND RULES 2002, 6004, 9014 AND 9019 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING
THE AGREEMENT AMENDING AND RESTATING THE ASBESTOS SETTLEMENT
AGREEMENT WITH THE AETNA CASUALTY AND SURETY COMPANY**

This matter having come before the Court on the Debtors' Motion (the "Motion") For An

Order Approving the Agreement Amending And Restating The Asbestos Settlement Agreement

Between W.R. Grace & Co.-Conn. And The Aetna Casualty And Surety Company, Made And

Entered Into On May 22, 1996 (the "Amended Agreement"), and the Court having reviewed and

conducted a hearing on the Motion; the Court hereby finds that:

(a)    the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

(b)     this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

(c)     notice of the Motion was adequate under the circumstances;

(d)     the compromise and settlement memorialized in the Amended Agreement are the product of arm's-length, good faith negotiations by and between W. R. Grace & Co., on its own behalf and on behalf of the Grace Parties, and Travelers Casualty and Surety Company, formerly known as The Aetna Casualty and Surety Company, its predecessors, successors and its past and present parents (including, but not limited to, Aetna Life & Casualty Company) (hereinafter collectively referred to as "Travelers") and are not the product of fraud or collusion; the settlement meets the standard established by the United States Court of Appeals for the Third Circuit for approval of settlements, which requires consideration of the following factors: (1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and related expense and inconvenience; and (4) the interests of the creditors. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also Fry's Metals, Inc. v. Gibbons (In re RFE Industries, Inc.)*, 283 F.3d 159, 165 (3d Cir. 2002);

(e)     the consideration to be realized by the bankruptcy estate as a result of the settlement with Travelers is fair and reasonable and constitutes reasonably equivalent value;

(f)     the relief requested in the Motion is in the best interests of the bankruptcy estate; and

(g)     the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

NOW, THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A), 363, 1107 AND 1108, AND RULES 2002, 6004, 9014 AND 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      For the reasons set forth herein and on the record at the hearing, all objections to the Motion and the relief requested therein and/or granted in this Order that have not been withdrawn, waived or settled, and all reservations of rights included in such objections are overruled on the merits. By this Order, however, the Court is not deciding at this time whether a

2

Bankruptcy Code Section 524(g) injunction should be issued with respect to Travelers. Questions relating to Section 524(g) are reserved for plan confirmation proceedings.

3.    The Amended Agreement, a copy of which is attached to the Motion as <u>Exhibit A</u>, is approved in its entirety, subject to the following proviso: If there is an Event of Default under the Deferred Payment Agreement (Class 7A PD), which is Exhibit 27 to the Exhibit Book for the Plan, then Travelers rights as described in Section 13.10 of the Amended Agreement shall be equivalent to those of other holders of Indirect PD Trust Claims under the Joint Plan and Plan Documents.

4.    The Debtors shall be, and hereby are, authorized to enter into the Amended Agreement, and are authorized to execute, deliver, implement and fully perform any and all obligations, to execute any instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Amended Agreement and perform any and all obligations contemplated therein, including designating the Amended Agreement as an Asbestos Insurance Settlement Agreement and Travelers as a Settled Asbestos Insurance Company on Exhibit 5 to the Joint Plan of Reorganization with respect to the claims and Subject Insurance Policies that are the subject of this Amended Agreement, on Exhibit 5 of the Exhibit Book to the Joint Plan of Reorganization. If such a plan is confirmed, following the plan effective date, the Asbestos PI Trust, upon its creation, will be bound to the terms of the Amended Agreement as if it were a signatory to the Amended Agreement as of its execution date.

5.    This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 6004(h).

3

6.     This Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Order subject to the terms of the Amended Agreement.

Dated:  October ___, 2009

_____

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

4