IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 01-01139 (JKF)<br>Jointly Administered |

**PROFFER FROM RICHARD C. FINKE RELATING TO THE
FIRST AMENDED PLAN OF REORGANIZATION'S TREATMENT OF
ASBESTOS PROPERTY DAMAGE CLAIMS AND OTHER MATTERS**

Richard C. Finke hereby declares as follows:

### BACKGROUND AND QUALIFICATIONS

1.  I am the Assistant General Counsel for Litigation for W.R. Grace & Co ("Grace"). I have had oversight and management responsibilities for asbestos property damages cases since I began working at Grace over 20 years ago.

2.  I submit this declaration in support of confirmation of the First Amended Plan of Reorganization. Except as otherwise indicated, all facts and opinions set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, or my experience and involvement in Grace's Chapter 11 proceedings and in managing asbestos property damages cases brought against Grace.

### ZAI PROPERTY DAMAGE CLAIMS

3.  On December 14, 2006, the Bankruptcy Court issued an opinion and order holding that, although ZAI is contaminated with asbestos and can release asbestos fibers when disturbed, there is no unreasonable risk of harm from ZAI [Dkt. Nos. 14014, 14015] (hereinafter the "ZAI Science Opinion").

K&E 15731986.

- 2 -

4. Pursuant to an Order dated June 17, 2008, the Bankruptcy Court established an October 31, 2008 Bar Date for US ZAI PD Claims [Dkt. No. 18934]. Approximately 16,000 US ZAI PD Claims were filed by this Bar Date.

5. A true and correct copy of the June 17, 2008 Bar Date Order is attached to this Proffer as Exhibit A to be admitted as evidence for the Phase II Confirmation hearing for purposes of demonstrating that a Bar Date was set for all US ZAI PD Claims as defined in the Bar Date Notice.

6. If the First Amended Plan of Reorganization is confirmed and becomes effective, the Asbestos PD Trust will assume liability with respect to all present and future US ZAI PD Claims and Demands pursuant to the Asbestos PD Trust Agreement, set forth in Plan Exhibit 3.

7. If the First Amended Plan of Reorganization is confirmed and becomes effective, the Asbestos PD Trust will resolve all present and future US ZAI PD Claims and Demands pursuant to the ZAI Trust Distribution Procedures ("ZAI TDP") set forth in Plan Exhibit 33.

8. The ZAI TDP states that the goal of the TDP is to "provide fair, equitable and substantially similar treatment for all US ZAI PD Claims that may presently exist or may arise in the future in compliance with Section 524(g) of the Bankruptcy Code." ZAI TDP ¶ 1.1.

9. The ZAI TDP sets forth procedures for liquidating and paying present and future US ZAI PD Claims.

10. If the Plan is not confirmed and the Asbestos PD Trust is not established with the ZAI TDP governing US ZAI PD claims, US ZAI PD Claims that were filed by the October 31, 2008 Bar Date (the "US ZAI Bar Date") pursuant to the June 17, 2008 Bar Date Order would be subject to allowance or disallowance in the Bankruptcy Court and would be subject to arguments from Grace and the claimants as to the effect and applicability of the December 14, 2006 ZAI

Science Opinion. However, future US ZAI PD Claims or Demands, to the extent they are found not to be subject to the US ZAI PD Bar Date, would not be subject to Bankruptcy Court jurisdiction and instead would be resolved in the tort system.

## TRADITIONAL ASBESTOS PROPERTY DAMAGE CLAIMS

11. By an order dated April 22, 2002, the Bankruptcy Court established the March 31, 2003 Bar Date as the last date for filing proofs of Claim for all pre-petition Claims relating to Asbestos PD Claims (excluding ZAI PD Claims) and certain other types of Claims [Dkt. No. 1963].

12. A true and correct copy of the April 22, 2002 Bar Date Order is attached to this Proffer as Exhibit B to be admitted as evidence for the Phase II Confirmation hearing for purposes of demonstrating that a Bar Date was set for all pre-petition Claims relating to Asbestos PD Claims as defined in the Bar Date Order.

13. Pursuant to the Bar Date Order, all persons who had present Asbestos Property Damage Claims as defined in the Claims Bar Date Notice Materials were required to file their claims by March 31, 2003 (the "Asbestos PD Claims Bar Date") or, as stated in the Bar Date Order, "be forever barred from asserting such claims, voting on any plan or plans of reorganization or participating in any distributions from the Debtors' estates." Bar Date Order at 2.

14. If the First Amended Plan of Reorganization is confirmed and becomes effective, all present and future Asbestos PD Claims and Demands shall be allowed or disallowed subject to the Class 7A Case Management Order ("Class 7A CMO"), which is Exhibit 25 to the Plan.

15. Pursuant to the proposed Class 7A CMO, to assert a Class 7A Asbestos PD Claim after the Effective Date against the Asbestos PD Trust, a Class 7A Claimant must file with the

Asbestos PD Trust a Proof of Claim as set forth in Section II.A. of the Class 7A CMO. The Proof of Claim shall contain the information specified in Section II.A.1 of the CMO.

16. In accordance with Section II.B.1 of the proposed Class 7A CMO, within 45 days of receipt of the Proof of Claim from the Asbestos PD Trust, Grace will request any additional information it believes is necessary to evaluate whether to file an Asbestos PD Claim Discharge Motion.

17. Section II.B.3 of the proposed Class 7A CMO provides that an Asbestos PD Claim Discharge Motion is a motion filed with the Bankruptcy Court by Grace on behalf of the Asbestos PD Trust, seeking to enjoin or otherwise terminate the prosecution of such Proof of Claim on the ground that the Claim is barred by the discharge granted to Grace pursuant to confirmation of the Plan or the Asbestos PD Claims Bar Date.

18. The proposed Class 7A CMO further provides that, in the event that the Bankruptcy Court rules that an Asbestos PD Claim is barred by the discharge pursuant to the Plan or the Asbestos PD Claims Bar Date, the Asbestos PD Trust, Grace, each of the Sealed Air Indemnified Parties, each of the Fresenius Parties and each of the Asbestos Protected Parties (solely in its capacity as an Asbestos Protected Party and in no other such capacity) shall have no liability on account of that barred Asbestos PD Claim.

19. Also pursuant to the proposed Class 7A CMO, a future Asbestos PD Claim or Demand for which Grace either does not timely file an Asbestos PD Claim Discharge Motion, or for which a final order is entered finding that such claim or demand is not barred by the discharge pursuant to the Plan or the Asbestos PD Claims Bar Date, or which is otherwise permitted to go forward, will be litigated in the United States District Court for the District of Delaware or such other United States District Court that has jurisdiction over the claim.

20.     All applicable Federal statutes, as well as the Federal Rules of Civil Procedure and Federal Rules of Evidence, and any applicable Federal local court rules, apply to such litigation of future Asbestos PD Claims and Demands.

21.     If the Plan is not confirmed and the Asbestos PD Trust is not established with the Class 7A CMO governing the resolution of Asbestos PD Claims timely filed by the Asbestos PD Claims Bar Date ("Pending Asbestos PD Claims") and Asbestos PD Claims first asserted subsequent to the Effective Date of the Plan ("Future Asbestos PD Claims"), such Future Asbestos PD Claims would not be subject to uniform procedures designed to determine whether they have been discharged by the Plan and the Asbestos PD Claims Bar Date.

22.     If the Plan is not confirmed and the Asbestos PD Trust is not established with the Class 7A CMO governing the resolution of Pending Asbestos PD Claims and Future Asbestos PD Claims, litigation concerning such Future Asbestos PD Claims would not necessarily be asserted in a Federal District Court and accordingly be subject to the Federal Rules of Civil Procedure and Evidence.

## ADDITIONAL MATTERS

23.     If the Chapter 11 Plan is confirmed and becomes effective, the Debtors, the Reorganized Debtors and the other Plan Proponents shall not make any payment for services or costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, except as has been approved by or is subject to the approval of the Court or as permitted by the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: October 12, 2009

Richard C. Finke

*Richard C. Finke*