# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | RE: Doc. No. 18920, 18328 |

## ORDER (A) ESTABLISHING OCTOBER 31, 2008 AS THE PROOF OF CLAIM BAR DATE FOR ZONOLITE ATTIC INSULATION CLAIMS AND (B) APPROVING THE RELATED PROOF OF CLAIM FORM, BAR DATE NOTICES, AND NOTICE PROGRAM

Upon the Debtors' motion seeking entry of an order (a) establishing a proof of claim bar date for Zonolite Attic Insulation Claims and (b) approving the related proof of claim form, bar date notices, and notice program (the "Motion")[2] ; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]   At the June 2, 2008 hearing on the Motion, the Debtors voluntarily withdrew their Notice Regarding Debtors' Amended ZAI Bar Date Exhibits, Dkt. No. 18784.

this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409;

and adequate notice of the Motion having been given; and it appearing that no other notice need

be given; and after due deliberation, consideration of all objections to the Motion and arguments

from counsel, and sufficient cause appearing therefore, it is hereby

ORDERED that the relief requested in the Motion is granted to the extent set forth

herein,[3] and it is further

ORDERED that October 31, 2008 at 5:00 p.m. (prevailing Eastern Time), shall be

the ZAI Claims Bar Date, which shall be the last date and time by which the ZAI Proof of Claim

Form on account of a ZAI Claim must be filed or the holder of such ZAI Claim shall be forever

barred from asserting such ZAI Claim against the Debtors; and it is further

ORDERED that the term "ZAI Claim" shall be defined as set forth in the bar date

documents attached hereto at Exhibit A and Exhibit B; and it is further

ORDERED that the Debtors shall:

(1)     mail via first-class United States mail, within thirty (30) days of entry of
this Order, a copy of the ZAI Bar Date Notice Package,[4] to (i) all known Holders
of ZAI Claims and their counsel of record, (ii) the Office of the United States
Trustee; (iii) counsel to the official committees appointed in these Chapter 11
Cases; and (iv) all those parties that have requested  service and notice of papers
in accordance with Bankruptcy Rule 2002;

(2)     mail via first-class United States mail, within thirty (30) days of receipt of
counsel's client lists or other known putative claimant lists, a copy of the ZAI Bar
Date Notice Package to all such claimants; and

(3)     complete the publication notice and third-party mailings that are outlined
in the ZAI Bar Date Notice Program within ninety (90) days of entry of this
Order; and it is further

---

[3]   The Motion and this Order are applicable and limited to all ZAI Claims arising in the United States. A bar date
has not been set at this time for claims arising in Canada, which will be addressed in the future.

[4]   The ZAI Bar Date Notice Package consists of the ZAI Proof of Claim Form, the General Instructions for
Completing the ZAI Proof of Claim, and the Notice of the Last Day to File a Claim Concerning Zonolite Attic
Insulation.

K&E 12969586.2

ORDERED that counsel who have participated in the ZAI Bar Date proceedings turn over to the Debtors, within thirty (30) days of entry of this Order, any address lists of additional individuals known to them who may have ZAI Claims so that the Debtors can mail ZAI Bar Date Notice Packages to such individuals; and it is further

ORDERED that the form and use of the ZAI Proof of Claim Form and the General Instructions for Completing the ZAI Proof of Claim Form, annexed hereto at Exhibit A, are approved; and it is further

ORDERED that the Bar Date Notices, annexed hereto at Exhibit B, are approved; and it is further

ORDERED that the ZAI Bar Date Notice Program, annexed hereto at Exhibit C, is approved and shall constitute adequate notice of the ZAI Bar Date to all known and unknown ZAI Claimants in the United States; and it is further

ORDERED that the ZAI Proof of Claim must be completed and signed by individual holders of ZAI Claims or their authorized agents; and it is further

ORDERED that notwithstanding any term, provision, or notice to the contrary, if a person or entity holds a ZAI Claim against more than one of the Debtors, such person or entity need not file a separate ZAI Proof of Claim against each of the applicable Debtors in order to comply with the requirements of this Order and to preserve such person's or entity's ZAI Claim, the timely filing of only one ZAI Proof of Claim being sufficient and proper for purposes of this Order; and it is further

ORDERED that holders of ZAI Claims are not required to submit any physical samples of ZAI with the ZAI Proof of Claim, however, nothing in this Order prohibits that Debtors from seeking such relief from this Court in the future should it be determined that

3

K&E 12969586.2

samples are necessary to inform subsequent proceedings in these Chapter 11 Cases; and it is further

       ORDERED that the Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein; and it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Pittsburgh, Pennsylvania
Dated:___June 17_____, 2008


                         _____Judith K. Fitzgerald_____
                         Honorable Judith K. Fitzgerald   **rmab**
                         United States Bankruptcy Judge

K&E 12969586.2