IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: November 6, 2009 at 4:00 p.m.** |
| | | **Hearing Date: November 23, 2009 at 10:30 a.m.** |

## MOTION FOR ENTRY OF AN ORDER APPROVING THE 2009 SETTLEMENT AGREEMENT RESOLVING CLAIMS OF THE TOWN OF ACTON

The Debtors respectfully move this Court (the "Motion") for the entry of an order (the "Settlement Order"), substantially in the form attached hereto as Exhibit A, approving the settlement agreement (the "2009 Settlement Agreement"), a copy of which is attached hereto as Exhibit B, and the Debtors' execution thereof. The 2009 Settlement Agreement resolves with finality a longstanding dispute between the Debtors and the Town of Acton regarding certain sewer betterment assessments (the "Sewer Betterment Assessments") on certain properties

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

owned by W.R. Grace & Co.-Conn. ("Grace Co.-Conn.").[2]  In support of this motion, the

Debtors respectfully state the following:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Motion are section 105 of the Bankruptcy Code and Fed.

R. Bankr. P. 9019.

### Background

3.      The 2009 Settlement Agreement resolves the Sewer Betterment Assessments

from their inception through 2009 and subsequent years.  These assessments were one of the

subjects addressed by the 2008 Settlement Agreement (the terms of which are summarized

below), which on October 1, 2008, this Court approved in its *Order Approving Settlement

Agreement with the Town of Acton Resolving Tax Abatement Petitions and Addressing Sewer

Betterment Assessments* (docket no. 19817) (the "2008 Settlement Agreement Order").  The

2008 Settlement Agreement resolved certain tax abatement issues and provided procedures to

resolve the Sewer Betterment Assessments.  Negotiations pursuant to the 2008 Settlement

Agreement have now resulted in the 2009 Settlement Agreement, the approval of which is the

subject of this Motion.

4.      As set forth in the Motion of the Debtors for Entry of an Order Approving

Settlement Agreement with the Town of Acton Resolving Tax Abatement Petitions and

---

[2]   Capitalized terms not defined in this Motion shall have the meaning ascribed to them in, as the case may be, the 2009 Settlement Agreement or the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., Et Al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009*, as thereafter amended (the "Plan").

Addressing Sewer Betterment Assessments (docket no. 19371 & 19585) (the "2008 Settlement Agreement Motion"), the Debtors own Grace's Acton Property, which consists of thirteen parcels of real property located in Acton, Middlesex County, Massachusetts, off Parker Street and Independence Road. Grace's Acton Property, which was formerly used for multiple manufacturing operations of the Debtors, is currently unused by the Debtors (all of the buildings have been demolished) and has been undergoing environmental remediation for years.

5.     On April 5, 1988, the Town of Acton adopted a Sewer Assessment By-Law (the "By-Law") and amended that By-Law on November 30, 1999. The By-Law established procedures for assessment of properties to be served by the new Middle Fort Pond Brook Sewer Project (the "Sewer District"). The Sewer District was designed to establish and provide sewer service to portions of the Town of Acton not previously served by a public sewer.

6.     On January 25, 2001, the Town of Acton Board of Selectmen, acting as the sewer commissioners, issued an order for construction (the "Order"), laying out the sewer system, and defining the parcels to be assessed betterments (i.e., the parcels to be included in the sewer district). The Order listed the properties and estimated betterments to be assessed (the "Estimated Assessments"). Six parcels of Grace's Acton Property ("Grace's Bettered Property", listed below with the Final Assessments) were included in the sewer district, with the Debtors' Estimated Assessments initially projected to be $4,499,083.30. The remaining seven parcels of Grace's Acton Property ("Grace's Non-Bettered Property") are listed in the Settlement Agreement.

7.     In March 2001, the Town of Acton offered all owners of property which were assigned Estimated Assessments, including the Debtors, the opportunity to pay the Estimated Assessments over 30 years. The Debtors accepted this option. In so doing, they expressly

acknowledged that a lien would exist against the property for the unpaid portion of the total Estimated Assessments. At the same time, however, Debtors preserved their right to appeal the Final Assessments that accrued.

8.      On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession.

9.      Pursuant to the Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding (the "Amended Order") (Dkt. No. 936), the Debtors are authorized to settle claims that exceed $1,000,000 only upon entry of a separate order of the Court upon a motion of the Debtors served upon the necessary parties-in-interest in accordance with the Bankruptcy Code and the Bankruptcy Rules.

10.     On March 20, 2003, the Town of Acton timely filed a proof of claim (Claim No. 4384), against Grace and Grace-Conn., respectively, in the amount of "at least $2.1 million" on account of the Estimated Assessments (the "Town of Acton Claim"). Because of the lien on the property for the unpaid portion of the total Estimated Assessments, the Town of Acton Claim was filed as a secured claim.

11.     On September 13, 2004, the Town of Acton Board of Selectmen issued an order determining final assessments on Grace's Bettered Property (the "Final Assessments"). The Final Assessments, which superseded the Estimated Assessments, were projected to be $3,662,677.19. The Debtors accepted the Town of Acton's offer to pay the Final Assessments

4

over 25 years, in quarterly installments commencing on November 1, 2005. The Sewer Betterment Assessments are apportioned to Grace's Bettered Property as follows:

| MAP | LOT | ACRES | SBUs | BETTERMENT | FRONTAGE |
|-----|-----|-------|------|------------|----------|
| I3 | 135 | 2.990 | 2.60 | $32,009.95 | Independence Rd. |
| I4 | 5 | 130.000 | 254.83 | $3,137,344.64 | Independence Rd. |
| I4 | 6 | 0.283 | 0.62 | $7,633.14 | Independence Rd. |
| I4 | 7 | 1.350 | 2.94 | $36,195.87 | Independence Rd. |
| H3 | 251 | 8.110 | 17.66 | $217,421.44 | Parker Street |
| I3 | 4 | 9.110 | 18.85 | $232,072.15 | Parker Street |
| **Total** | | 151.843 | 297.5 | $3,662,677.19 | |

12.    On October 6, 2004, the Town of Acton filed a *Motion for Relief from the Automatic Stay and For Related Determinations* (Dkt. No. 6557). The Town of Acton primarily sought two forms of relief in their motion: (i) permission to issue bills to the Debtors for the Sewer Betterment Assessments; and (ii) a determination that their claims arose post-petition, and were thus not subject to the automatic stay.

13.    On December 13, 2004, this Court entered an *Order with Respect to the Town of Acton's Motion for Relief from Automatic Stay and Related Determinations* (Dkt. No. 6557) (the "Lift Stay Order"). The Lift Stay Order lifted the stay to allow the Town of Acton to issue bills to the Debtors, but prevented the Town of Acton from taking any action to collect the Sewer Betterment Assessments without further order of the Court. In addition, the Lift Stay Order authorized, but did not direct, the Debtors to make any payments which the Debtors believe may be necessary or desirable under state law to participate in the abatement process. Finally, the Lift Stay Order reserved for future determination the issue of whether the Town of Acton's claim was a pre- or a post-petition claim.

14.    The Debtors had disputed the amount of the Sewer Betterment Assessments since they were originally assessed. The dispute related primarily to the parties' differing views on the potential use of Grace's Acton Property. Based on the number of sewer units allocated by the Town of Acton to the Debtors, the Town of Acton assumed that the Debtors' parcels could be developed for 1,190,000 square feet of office space. The Debtors believed that the land's development potential is significantly more limited because: (i) a portion of the property has been designated as a Superfund site by the United States Environmental Protection Agency;, (ii) access to the property is severely limited; (iii) physical site constraints, such as steep slopes, surface water, and an active railroad commuter line, constrain the Debtors' ability to develop the property; and (iv) the land has been zoned as a "Technology Park" which limits the uses of the site. Because of these reasons, the Debtors filed with the Town of Acton Board of Selectmen a timely petition for an abatement of the Sewer Betterment Assessments of Grace's Acton Property.

15.    The Town of Acton Board of Selectmen constructively denied the petition of an abatement of the Sewer Betterment Assessments by not taking any action with respect to the petition. The Debtors appealed this denial to the Middlesex Superior Court (the "Superior Court Action"). On May 17, 206, the court entered a joint stipulation of the Debtors and the Town of Acton to stay the Superior Court Action while the parties conducted settlement negotiations.

16.    In addition to the Sewer Betterment Assessments, the Debtors also disputed the amount of the real estate taxes assessed against Grace's Acton Property for the fiscal years 2004, 2005, 2006, 2007 and 2008. The Debtors also filed with the Massachusetts Appellate Tax Board certain "Tax Abatement Petitions" for those same years. As of the date of filing the 2008

Settlement Agreement Motion, the Debtors had paid the real estate taxes on a current basis (as required by Massachusetts law as a prerequisite to seeking an abatement).

17.     On July 14, 2008, the Debtors and the Town of Acton entered into an agreement (the "2008 Settlement Agreement") that:

a.     Resolved the Tax Abatement Petitions;

b.     Involved an agreement by the Debtors not to petition for future tax abatements during the next five years if certain conditions are met;

c.     Reduced the amount thereafter owed with respect to the Sewer Betterment Assessments by bringing the Debtors current on the assessments; and

d.     Created an agreed-upon procedure going forward to resolve the Sewer Betterment Assessments on the terms set forth in the 2008 Settlement Agreement.

18.     On August 25, 2008, the Debtors filed the 2008 Settlement Agreement Motion, requesting the Court enter an order approving the 2008 Settlement Agreement.  On October 1, 2008, the Court entered the 2008 Settlement Agreement Order, approving the 2008 Settlement Agreement.

19.     The Debtors and the Town of Acton thereafter resolved their differences regarding the Grace Bettered Property, which they have documented in the 2009 Settlement Agreement, dated September 4, 2009.

## The 2009 Settlement Agreement

20.     In summary, the 2009 Settlement Agreement, as attached hereto as Exhibit B, provides for, among other things:

a.     Allowing the Town of Acton Claim, Claim No. 4384, as an Administrative Expense claim in the amount of $2,162,677.19, to be paid pursuant to the terms and conditions therein;

b.       The Town of Acton agreeing to abate the Sewer Betterment Assessments and the

Debtors agreeing to make payments in satisfaction of those assessments and acknowledging the

security therefor on the terms set forth in the 2009 Settlement Agreement;

c.       The amount of permitted sewer usage in the event that Grace's Acton Property is

developed in the future; and

d.       Granting a conservation restriction.

## Relief Requested

21.     Pursuant to the Amended Order Authorizing and Approving an Omnibus

Procedure for Settling Certain Claims and Causes of Action Brought by or Against The Debtors

in a Judicial, Administrative, Arbitral or Other Action or Proceeding (the "Amended Order")

(Dkt. No. 936), the Debtors are authorized to settle claims that exceed $1,000,000 only upon

entry of a separate order of the Court upon a motion of the Debtors served upon the necessary

parties-in-interest in accordance with the Bankruptcy Code and the Bankruptcy Rules.

22.     As required by the Amended Order, the Debtors respectfully request the

Bankruptcy Court enter the proposed Settlement Order substantially in the form attached hereto

as Exhibit A, pursuant to section 105 of the Bankruptcy Code and Fed. R. Bankr. P. 9019,

approving the 2009 Settlement Agreement and the Debtors' execution thereof.

## Basis for Relief

**A.       Section 105 of the Bankruptcy Code and Fed. R. Bankr. P. 9019(a)**

23.     Section 105(a) of the Bankruptcy Code provides in pertinent part that "[t]he court

may issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Fed. R. Bankr. P. 9019(a) provides in

pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may

approve a compromise or settlement."

24.     Courts generally favor minimizing litigation and expediting bankruptcy case administration. See Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); see also In re Key3Media Group, Inc., No. 03-10323, 2006 U.S. Dist. WL 2842462, at *3 (D. Del. Oct. 2, 2006). Settlements and compromises are "a normal part of the process of reorganization." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)). Indeed, compromises are favored in bankruptcy. Martin, 91 F.3d at 393.

25.     Before approving a settlement under Fed. R. Bankr. P. 9019, however, a court must determine that the proposed settlement is in the best interests of the debtor's estate. See id. at 394; In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate'."). To reach this determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. See Martin, 91 F.3d at 393.

26.     The standard by which courts should evaluate the reasonableness of a proposed compromise and settlement is well established. This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id. at 393; see also In re Nutraquest, Inc., 434 F.3d 639 (3d Cir. 2006).

27.     It is also well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Key3Media Group, 2006 WL 2842462, at *3; In re World Health Alternatives,

Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (citing In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979)).   Under this test, a proponent must simply demonstrate that a proposed settlement does not fall "below the lowest point in the range of reasonableness." World Health Alternatives, 344 B.R. at 1114 (citations omitted).

**B.      The 2009 Settlement Agreement Should Be Approved By This Court Under the Prevailing Standards for Approving Settlements**

28.      The Debtors have determined that it is in their best interests and the best interests of their estates and their myriad creditor constituencies to enter into the 2009 Settlement Agreement.   The settlement set forth in the 2009 Settlement Agreement is fair and reasonable, and is well within the reasonable range of litigation possibilities.

29.      First and foremost, the 2009 Settlement Agreement resolves a longstanding issue regarding the Sewer Betterment Assessments, pursuant to which the Debtors faced significant legal risk.   Second, it reduces and fixes the Debtors' obligations as to the Sewer Betterment Assessments and provides certainty to creditors regarding those obligations.   Third, the 2009 Settlement Agreement obviates any risk to the Debtors of additional or increased obligations arising from the Sewer Betterment Assessments.   Finally, settling these claims will curtail potentially significant transaction and litigation costs from accruing in the future.

30.      For the above reasons, the Debtors believe that the 2009 Settlement Agreement provides a reasonable settlement of the Claims and respectfully submit that the Court should enter the Settlement Order approving the 2009 Settlement Agreement and the Debtors' execution thereof.

<u>**No Previous Motion**</u>

31.      No previous motion for the relief sought herein has been made to this or any other court.

### No Briefing Schedule

32.     The Debtors respectfully submit that this Motion does not present any novel issues of law requiring briefing.  Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Rule 1001-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

### Waiver of Stay Pending Appeal

33.     To successfully implement the foregoing settlement, the Debtors seek a waiver of the notice requirements under Fed. R. Bankr. P. 6004(a) and the ten-day stay under Fed. R. Bankr. P. 6004(h).

### Notice

34.     Notice of this Motion has been given to:   (i) the office of the United States Trustee; (ii) counsel to the DIP Lender; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) counsel to the Town of Acton.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully seek the entry of the Settlement Order substantially in the form attached hereto as Exhibit A, pursuant to section 105 of the Bankruptcy Code and Fed. R. Bankr. P. 9019: (i) approving the terms of the 2009 Settlement Agreement as being in the best interests of the Debtors, their estates and their creditors; (ii) approving the Debtors' execution of the 2009 Settlement Agreement; and (iii) granting such other relief as may be appropriate.

Dated:  October 13, 2009

KIRKLAND & ELLIS LLP
Theodore L. Freedman
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705
(302) 652-4100
(302) 652-4400
Co-Counsel for the Debtors and Debtors in Possession