IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**REQUEST OF MARYLAND CASUALTY COMPANY FOR THE COURT
TO TAKE JUDICIAL NOTICE OF CERTAIN DOCUMENTS AND FACTS**

Maryland Casualty Company ("MCC"), by and through its undersigned counsel, respectfully requests the Court to take judicial notice of the existence and contents of certain documents identified herein pursuant to Rule 201 of the Federal Rules of Evidence and Rule 9017 of the Federal Rules of Bankruptcy Procedure. MCC respectfully requests that these documents be considered part of the record of the Phase II Confirmation Hearing.

A court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a) and (b). Rule 201 further provides that, "a court may take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). Therefore, a court may take judicial notice of its own records, including pleadings in related adversary proceedings. *See Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991).

MCC respectfully requests that the Court take judicial notice of the existence and contents of the following pleadings and other papers (a copy of each attached) filed of record in these bankruptcy cases, related adversary proceedings and in proceedings pending in other jurisdictions:

1.	*Debtors' Sur-Reply to Carol Gerard's Reply in Support of Her Motion to Clairify the Scope of, or in the alternative, to Modify the Preliminary Injunction*, dated March 15, 2002 (U.S. Bankruptcy Court, D. Del. Case No. 01-01139, Adv. Pro. No. 01-771, D.I. 92) p. 2.

2.	*Transcript of Hearing held on August 26, 2002* (U.S. Bankruptcy Court, D. Del., Case No. 01-01139, D.I. 2670) p. 15: 15-18.

3.	*Brief of Appellees* [Debtors], dated March 3, 2003 (U.S. District Court, D. Del. C.A. No. 02-1549, D.I. 12 ) pp. 10-11, 25.

4.	MCC's Class 6 Asbestos PI Claims Ballot sent to Debtors' claims and balloting agent by overnight mail on May 19, 2009.

5.	MCC's Class 6 Asbestos PI Claims Ballot (Provisional) sent to Debtors' claims and balloting agent by overnight mail on May 19, 2009.

6.	MCC's Class 9 General Unsecured Claims Ballot (Provisional) sent to Debtors' claims and balloting agent by overnight mail on May 19, 2009.

7.	MCC's *Disputed Classification Declaration*, dated May 20, 2009 (U.S. Bankruptcy Court, D. Del., Case No. 01-01139, D.I. 21780).

8.	*Transcript of Hearing held on July 27, 2009* (U.S. Bankruptcy Court, D. Del., Case No. 01-01139, D.I. 22674) p. 128-39.

| | |
|---|---|
| Dated: October 14, 2009 | CONNOLLY BOVE LODGE & HUTZ LLP |

/s/ Marc J. Phillips
Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
Kelly M. Conlan (#4786)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile


OF COUNSEL:

Edward J. Longosz, II
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, DC  20006
(202) 659-6600 Telephone
(202) 659-6699 Facsimile


Richard A. Ifft
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-7170 Telephone
(202) 719-7049 Facsimile

*Attorneys for Maryland Casualty Company*

#714479v2