# TAB 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| W.R. GRACE & CO., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -against- | ) | |
| | ) | Adversary No. A-01-771 |
| MARGARET CHAKARIAN, et al. and JOHN DOES 1-1000, | ) | |
| | ) | |
| Defendants. | ) | |

**DEBTORS' SUR-REPLY TO CAROL GERARD'S REPLY IN SUPPORT OF HER MOTION TO CLARIFY THE SCOPE OF, OR IN THE ALTERNATIVE, TO MODIFY THE PRELIMINARY INJUNCTION**

Dated: March 15, 2002

KIRKLAND & ELLIS
David Bernick
James H.M. Sprayregen
Janet S. Baer
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(302) 652-4100

Indeed, Ms. Gerard's alleged "independent" claim against Maryland for negligence involves actions that generally only Grace, not Maryland, could have taken such as: providing facilities to prevent exposure to asbestos dust; controlling asbestos dust on Grace's premises; or exercising reasonable care in the operation of the Libby Plant. Maryland could not have taken these actions independently of Grace

In her Reply, Ms. Gerard alleges that certain industrial hygiene actions taken by Maryland were the proximate cause of her illness and these alleged actions form the basis of her "independent" negligence claim against Maryland. In fact, to the extent such actions were taken, they would have been performed at Grace's direction, with Grace determining and controlling the scope of Maryland's work. Any negligence alleged by Ms. Gerard against Maryland necessarily implicates Grace, and is therefore enjoined by the Preliminary Injunction.

*Second*, Mr. Gerard's claims against Maryland may have been indemnified by Grace. Pursuant to a September 1, 1991 Agreement between Grace and Maryland (the "1991 Agreement", relevant portions of which are attached hereto as Exhibit A), Grace has indemnified Maryland for claims against or obligations of Maryland covered by the Maryland Policies. (1991 Agreement at 24). Ms. Gerard's claims against Maryland relate to Grace's asbestos liabilities at the Libby Plant, which are covered by the Maryland Policies. Thus, under the 1991 Agreement, Maryland is claiming that Grace has indemnified it for any potential liability it may have to Ms. Gerard. The Gerard Action is therefore stayed pursuant to both the Preliminary Injunction and the automatic stay.

*Third*, Ms. Gerard has not established any grounds for a special carve out of the Preliminary Injunction for her claim. It is very unclear if Mr. Gerard could establish any truly independent liability on the part of Maryland. Mr. Gerard's case is similar to several of the other