# TAB 2

FILED

2002 SEP -9 AM 11: 00

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

IN RE:                          :    Chapter 11
                                :
W.R. Grace & Co., et al.,       :
                                :
         Debtor(s).             :    Bankruptcy #01-01139 (JKF)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

                            Wilmington, DE
                           August 26, 2002
                             10:00 a.m.

                   TRANSCRIPT OF MOTIONS HEARING
            BEFORE THE HONORABLE JUDITH K. FITZGERALD
                  UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For Debtor:                     David Bernick, Esq.
                                Kirkland & Ellis
                                200 E. Randolph Drive
                                Chicago, IL 60601

                                Janet S. Baer, Esq.
                                Kirkland & Ellis
                                200 E. Randolph Drive
                                Chicago, IL 60601

                                David W. Carickhoff, Jr., Esq.
                                Pachulski, Stang, Ziehl,
                                Young & Jones
                                919 North Market Street
                                Wilmington, DE 19801

                                Paula A. Galbraith, Esq.
                                Pachulski, Stang, Ziehl,
                                Young & Jones
                                919 North Market Street
                                Wilmington, DE 19801
```

*Writer's Cramp, Inc.*
*Certified Court Transcribers*
732-329-0191



1   deposition.  There are seven or eight documents which talk
2   about the formulation of the plan.
3               THE COURT:  There are no --
4               MR. HEBERLING:  The plan is there.  It is defective
5   in number of ways, inconsistent with industrial hygiene
6   standards.  Doesn't provide for any warning of the workers,
7   and so forth.
8               THE COURT:  It seems --
9               MR. HEBERLING:  So that's our case.
10              THE COURT:  Regardless of what the documentation says
11  or doesn't say, the question is whether or not Maryland was a
12  volunteer, or somehow or other a principal, as opposed to an
13  agent, in undertaking some obligation.  Now, maybe I'm missing
14  documents.  But I got I think two binders full that were
15  submitted to me in Pittsburgh.  I read every word of those
16  documents.  There is nothing in the documents that were sent
17  to me that establishes that Maryland was acting as anything
18  other at any time than as an agent for the Debtor.  Nothing.
19  Now, one of the things that I have to do in looking at whether
20  to lift this injunction or lift relief from the stay, is to
21  determine the probability of success on the hearing.  And
22  that's the reason I'm getting to this.  I'm not saying it's an
23  evidentiary matter.  Maybe you can't prove the case at some
24  point.  Maybe you can.  But from those documents that were
25  submitted in support of the motion, I can't see how if that