# TAB 3



UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CIVIL ACTION NO. 02-1549 (AMW)

In re

W. R. GRACE & CO., *et al.*,

Debtors

CAROL GERARD, ALFRED PENNOCK, BILLIE SCHULL, *et al.*,

Appellants

v.

W. R. GRACE & CO., *et al.*,

Appellees

ON APPEAL FROM ORDERS OF THE BANKRUPTCY COURT: (1) DENYING
MOTION TO CLARIFY OR MODIFY PRELIMINARY INJUNCTION; AND (2)
DENYING MOTION TO RECONSIDER

BRIEF OF APPELLEES

| | |
|---|---|
| David M. Bernick, P.C. | Laura Davis Jones, Esq. (Bar No. 2436) |
| James W. Kapp III, Esq. | Scotta McFarland, Esq. (Bar No. 4184) |
| Janet S. Baer, Esq. | **PACHULSKI, STANG, ZIEHL, YOUNG,** |
| Sven T. Nylen, Esq. | **JONES & WEINTRAUB, P.C.** |
| **KIRKLAND & ELLIS** | 919 N. Market Street, 16th Floor |
| 200 East Randolph Drive | P.O. Box 8705 |
| Chicago, Illinois 60601 | Wilmington, Delaware 19899-8705 |
| | (Courier 19801) |

March 3, 2003

## DISCLOSURE PURSUANT TO RULE 26.1
## OF THE FEDERAL RULES OF APPELLATE PROCEDURE

The Debtors-Appellees are W. R. Grace & Co. and 61 subsidiaries and affiliates of W. R. Grace & Co. that filed chapter 11 cases on April 2, 2001. W. R. Grace & Co. is a publicly held Delaware Corporation. W. R. Grace & Co. is a holding company. It owns, or through one of its wholly owned subsidiaries owns, 100% of the stock of the 61 affiliated debtors. There are no publicly held companies that own, control or hold with the power to vote 10% or more of the voting securities of W. R. Grace & Co.

responsible for providing liability and workers compensation coverage for the Libby Mine and its workers. The actions that Maryland took with respect to the Libby Mine were taken by Maryland *as* Grace's insurer. Maryland provided no independent services with respect to the Libby Mine. And, even if Maryland had provided services which create an independent duty, to prove that case, the conduct of Grace and its Libby Mining operations would be at issue.

Further, having settled its coverage issues with Grace, Maryland obtained a contractual release and indemnity from Grace with respect to claims made due to asbestos liability. As a result, any claims made by the Libby Plaintiffs against Maryland trigger the release and a contractual indemnity clause in the Maryland Agreement. The indemnity claim against Grace's estates is not a *possibility*. It is a contractual obligation between Grace and Maryland trigged by the Baltimore and Montana Actions. Thus, the Baltimore and Montana Actions are absolutely and unconditionally related to the Grace Bankruptcy and properly enjoined by the Preliminary Injunction.

I.    **The Bankruptcy Court had Jurisdiction to Enjoin the Baltimore and Montana Actions Because the Outcomes of those Actions will Significantly Affect the Administration of the Bankruptcy Estates.**

The Libby Plaintiffs have challenged the Bankruptcy Court's subject matter jurisdiction with respect to enjoining the Baltimore and Montana Actions. Thus, the standard of review in these circumstances is *de novo*. Shaffer v. GTE N., Inc., 284 F.3d 500, 502 (3rd Cir. 2002). This Court's subject matter jurisdiction is established in 28 U.S.C. § 1334. Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 157(a) allows a district court to refer "any or all cases under title 11 and any or all proceedings arising in or related to a case under title 11" to the bankruptcy court of that district. In the present case, the Libby Plaintiffs argue that the Bankruptcy Court did not have jurisdiction to

enjoin the Baltimore and Montana Actions (the "Actions") because those cases are not "related to" Grace's bankruptcy cases. Appellants' Brief at 10. The Libby Plaintiffs' allegations are wholly without merit.

In Pacor, Inc. v. Higgins, 743 F.2d 984 (3rd Cir. 1984), the Third Circuit stated the following test for determining whether a proceeding is "related to" the bankruptcy case:

> [T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

Pacor, 743 F.2d at 994 (citations omitted). The Actions are clearly related to Grace's chapter 11 cases. The outcome of the Actions will undoubtedly impact the administration of the estates because: (1) the Actions are wholly derivative of the Libby Plaintiffs' claims against Grace; and (2) the Maryland Agreement provides Maryland with a release and indemnification from Grace that is triggered by the Actions.

### A. The Libby Plaintiffs' Claims Against Maryland are Entirely Derivative of Their Claims Against Grace.

Enjoining the Actions is critical given the derivative nature of Maryland's alleged liability. In opposing the Libby Plaintiffs' Motion to Modify the Preliminary Injunction, Grace primarily relied upon the argument that there was such an identity of interest between Grace and Maryland, that the Actions could not proceed without Grace and attempting to proceed against Maryland alone could greatly prejudice the Grace chapter 11 estates. [App. 61-64.] It is Grace's asbestos dust, Grace's dust control system and Grace's maintenance thereof that have allegedly caused the Libby Plaintiffs' injuries. While the Libby Plaintiffs argue that Maryland had an independent duty to the Libby Plaintiffs with respect to its inspection of Grace's operations or its

trigger a flood of similar claims being made by other plaintiffs against Maryland and other Grace affiliates, thus substantially defeating the purpose of the chapter 11 filing.

*Second*, the Libby Plaintiffs' claims against Maryland are derivative of its claims against Grace. Thus, the Actions cannot proceed against Maryland without Grace and Grace will be exposed to a risk of evidentiary prejudice if an attempt is made to proceed without Grace. In addition, even if the Libby Plaintiffs do not seek to elicit evidence from Grace, Maryland will inevitably pull Grace into the Actions.

*Third*, if the Actions proceed, Grace will be exposed to liability for indemnification to Maryland. Maryland's alleged liability is wholly derivative of the Libby Plaintiffs' claims against Grace and implicates the indemnification rights of Maryland under the Maryland Agreement. Therefore, if Maryland is found liable to the Libby Plaintiffs or settles the claims, Maryland will assert their right of indemnification under the Maryland Agreement. The indemnification claim will directly impact Grace's estates.

*Fourth*, if the Actions are allowed to move forward, there will be a significant diversion of key Grace personnel who are otherwise critical to the reorganization. This is the Libby Mine. Grace would take a very keen interest in this litigation as it could ultimately affect many significant claims against Grace.

### 2. There is No Ultimate Prejudice to the Libby Plaintiffs

The Libby Plaintiffs will ultimately have their opportunity to proceed with claims against Grace and Maryland. The Preliminary Injunction does not permanently enjoin the Actions. It simply stays the Actions so that all claimants in similar situations, who may have similarly significant health claims, will have the same opportunity to raise those claims *and be compensated for them*, as appropriate. The Preliminary Injunction benefits all similarly situated parties because it preserves the status quo. See Anderson v. Davila, 125 F.3d 148, 156 (3rd Cir.