# EXHIBIT A

## FORM OF PROPOSED ORDER

91100-001\DOCS_DE:154091.1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ |
| | | __/__/09 Agenda No._____ |

**ORDER APPROVING STIPULATION SETTLING CLAIMS AGAINST THE DEBTORS ASSERTED BY THE STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION**

Upon consideration of the *Motion of Debtors for Entry of an Order Authorizing Settlement Resolving Claims Against the Debtors of the State of New Jersey, Department of Environmental Protection* (the "Motion") and the *Stipulation Resolving Claims of the State of New Jersey, Department Of Environmental Protection*, attached to the Motion as Exhibit A (the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

"Stipulation");[2] and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[3] their estates and creditors, it is hereby

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the Debtors are authorized to enter into the Stipulation; and it is further

ORDERED that the Stipulation is incorporated herein by reference; and it is further

ORDERED that the Debtors are authorized to perform their respective obligations under the Stipulation; and it is further

ORDERED that the injunctions and releases set forth in the Stipulation are approved as being in the best interests of the Debtors and all parties-in-interest; and it is further

ORDERED that, as set forth in the Stipulation, the Claimant shall be allowed a General Unsecured Claim (the "Claimant's Allowed Claim"), in the Allowed Amount of $1 million (the "Claimant's Allowed Claim Amount"), *provided*, *however*, that: (i) the Claimant shall be entitled to interest only as set forth in this Stipulation, and shall not be allowed any pre- or post-petition interest on the Claimant's Allowed Claim for any time period prior to the date on which the Settlement Order becomes final and non-appealable; (ii) interest on the Claimant's Allowed Claim Amount shall accrue at the rate and in the manner provided in the Plan for similarly situated General Unsecured Claims; and (iii) such interest accrual shall commence on the date on which the Settlement Order becomes final and non-appealable and continue until the date on

---

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion, Stipulation or the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873 and 21594 (the "Plan").

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion or the Stipulation.

which the Claimant receives payment in satisfaction of the Claimant's Allowed Claim; and it is further

ORDERED that, pursuant to the terms of the Plan, on or before 30 days after the Plan's Effective Date, the Debtors shall pay to the Claimant the Claimant's Allowed Claim Amount (plus any applicable interest); and it is further

ORDERED that Claimant shall not be entitled to pre-petition or post-petition interest on Claimant's Allowed Claim Amount with respect to any period prior to date that this Order becomes final and non-appealable; and it is further

ORDERED that the Debtors' claims agent shall take all appropriate actions to comply with the terms of this Order and the Stipulation; and it is further

ORDERED that the Debtors are authorized to take whatever other actions may be necessary to consummate the transactions contemplated by the Stipulation; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the Stipulation; and it is further

ORDERED that this Order is effective immediately upon its entry, notwithstanding Fed. R. Bankr. P. 6004(h).

Dated: _____, 2009

                                                                          Honorable Judith K. Fitzgerald
                                                                          United States Bankruptcy Judge