# EXHIBIT B

# STIPULATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |

## STIPULATION RESOLVING CLAIMS OF STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION

This stipulation (the "Stipulation") is entered into this ___ day of _____, 2009, between W. R. Grace & Co. ("Grace"), W. R. Grace & Co.-Conn., and their affiliates (collectively, the "Debtors"), Robert J. Bettacchi, Jay H. Burrill and the State of New Jersey, Department of Environmental Protection (the "Claimant").[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined in this Motion shall have the meaning ascribed to them in, as the case may be, the Stipulation or the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., Et Al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009*, as thereafter amended (the "Plan").

**Definitions**

The following terms shall have the meanings specified below:

a. "Adversary Proceeding" means *W. R. Grace & Co., et al. v. Campbell, et al. (In re W. R. Grace, et al., Debtor(s))* (Adversary No. 05-52724).

b. "Adversary Proceeding Order" means the Bankruptcy Court's *Order Denying Motion to Dismiss and Issuing Declaratory and Permanent Injunctive Relief in Favor of the Debtors*, dated April 1, 2008 (Adversary docket no. 30).

c. "Allowed Amount" has the meaning set forth in the Plan.

d. "Appeals" means: (i) all appeals pending in the Adversary Proceeding, including but not limited to, the Injunction District Court Appeal and the Injunction Third Circuit Appeal; and (ii) all appeals from the Late-Filed POC Order, including but not limited to, the Late-Filed POC District Court Appeal and the Late-Filed POC Third Circuit Appeal.

e. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Delaware.

f. "Bettacchi" is Robert J. Bettacchi.

g. "Burrill" is Jay H. Burrill.

h. "Claimant Release Parties" are, collectively: (i) Claimant; (ii) the Commissioner of the New Jersey Department of Environmental Protection; (iii) the New Jersey Spill Compensation Fund; and (iv) the Administrator of the New Jersey Spill Compensation Fund

i. "Debtor Release Parties" are, collectively, the Debtors, Bettacchi, Burrill, all current and former directors, officers and employees of the Debtors and all other related parties.

j. "Delaware District Court" means the United States District Court for the District of Delaware.

k. "General Unsecured Claim" shall have the meaning set forth in the Plan.

l.  "Hamilton Township Site" means the site of the Debtors' former vermiculite expansion plant located at 35 Industrial Drive, Hamilton Township, Mercer County, New Jersey.

m.  "Hamilton Township Site Claims" means any and all claims that Claimant Release Parties asserted or otherwise could have asserted in the State Court Action and the NJDEP Motion.

n.  "Injunction District Court Appeal" means the appeal to the Delaware District Court of the Adversary Proceeding Order, captioned *Campbell, et al., v. W. R. Grace & Co. (In re W. R. Grace, et al, Debtor(s))* (Civil Action No. 08-250) (Buckwalter, J.).

o.  "Injunction Third Circuit Appeal" means the appeal to the United States Court of Appeals for the Third Circuit of the Delaware District Court's decision in the Injunction District Court Appeal, captioned *W. R. Grace & Co., et al. v. Campbell, et al.* (Civil Action No. 09-2075).

p.  "Late-Filed POC District Court Appeal" means the appeal to the Delaware District Court of the Late-Filed POC Order, captioned *State of New Jersey, Dept. of Environmental Protection v. W. R. Grace & Co. (In re W. R. Grace, et al, Debtor(s))* (Civil Action No. 07-536) (Buckwalter, J.).

q.  "Late-Filed POC Order" means the Bankruptcy Court's *Order Denying Motion of the State of New Jersey, Department of Environmental Protection, For Leave to File a Late Proof of Claim*, dated August 2, 2007 (docket no. 16467).

r.  "Late-Filed POC Third Circuit Appeal" means the appeal to the United States Court of Appeals for the Third Circuit of the Delaware District Court's decision in the Late-Filed POC District Court Appeal, captioned *State of New Jersey, Dept. of Environmental Protection v. W. R. Grace & Co. (In re W. R. Grace, et al, Debtor(s))* (Civil Action No. 08-2069).

3

s.  "New Jersey District Court" means the United States District Court for the District of New Jersey.

t.  "New Jersey District Court Action" means the proceeding in the New Jersey District Court, captioned *New Jersey Department of Environmental Protection v. W. R. Grace & Co., et al.* (Civ. Action No. 05-4581) (MLC).

u.  "NJDEP Motion" means the motion filed by the Claimant for leave to file a late-filed proof of claim, captioned *Motion of the State of New Jersey, Department of Environmental Protection, For Leave to File a Late Proof of Claim* (docket nos. 15307 and 16443).

v.  "Settlement Order" means the order entered by the Bankruptcy Court approving the terms of the settlement documented in this Stipulation.

w.  "State Court" means the Superior Court of New Jersey, Law Division - Mercer County.

x.  "State Court Action" means the action commenced in the State Court by the Claimant against the State Court Action Defendants, captioned *New Jersey Department of Environmental Protection v. W. R. Grace & Co., Inc., W. R. Grace & Co.-Conn., "Grace Conn.-Successor", Jay H. Burrill and, Robert J. Bettacchi*, Civ. No. L-001473-05 (Super. Ct., Mercer County, N.J.).

y.  "State Court Action Defendants" are, collectively, Grace, W. R. Grace & Co.-Conn., "Grace Conn.-Successor", Bettacchi and Burrill.

## Statement of Facts

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing in the Bankruptcy Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4

**WHEREAS**, on or about June 1, 2005, the Claimant commenced the State Court Action in the State Court.

**WHEREAS**, on or about September 19, 2005, the Debtors commenced the New Jersey District Court Action by removing the State Court Action to the New Jersey District Court.

**WHEREAS**, on or about September 19, 2005, the Debtors commenced the Adversary Proceeding in the Bankruptcy Court, seeking to enjoin the State Court Action.

**WHEREAS**, on or about May 17, 2006, the New Jersey District Court denied without prejudice the Debtors' motion to transfer venue of the New Jersey District Court Action to the Delaware District Court, and likewise denied without prejudice the Claimant's motion to remand the New Jersey District Court Action to the State Court. The parties were also granted leave to reinstate the motions if settlement negotiations failed.

**WHEREAS**, on or about April 26, 2007, the Claimant filed the NJDEP Motion in the Bankruptcy Court.

**WHEREAS**, on or about August 2, 2007, the Bankruptcy Court entered the Late-Filed POC Order, denying the NJDEP Motion. The Claimant thereafter commenced the Late-Filed POC District Court Appeal.

**WHEREAS**, on or about March 11, 2008, in the Late-Filed POC District Court Appeal, the Delaware District Court affirmed the Bankruptcy Court's Late-Filed POC Order. The Claimant thereafter commenced the Late-Filed POC Third Circuit Appeal.

**WHEREAS**, on or about April 1, 2008, the Bankruptcy Court entered the Adversary Proceeding Order, which denied the Claimant's motion to dismiss the Adversary Proceeding, and which also issued declaratory and permanent injunctive relief in favor of the Debtors and a

preliminary injunction in favor of Burrill and Bettacchi. The Claimant thereafter commenced the Injunction District Court Appeal.

**WHEREAS**, on or about December 10, 2008, the New Jersey District Court "stayed and administratively terminated" the New Jersey District Court Action, with leave for the parties to reopen the action "when appropriate".

**WHEREAS**, on or about March 12, 2009, in the Injunction District Court Appeal, the Delaware District Court denied the Claimant's appeal of the Adversary Proceeding Order. The Claimant thereafter commenced the Third Circuit Injunction Appeal.

### The Settlement

**NOW, THEREFORE**, for good and valuable consideration, the parties hereby stipulate and agree that as of the date on which the Settlement Order becomes final and non-appealable:

1. The Claimant shall be allowed a General Unsecured Claim (the "Claimant's Allowed Claim"), in the Allowed Amount of $1 million (the "Claimant's Allowed Claim Amount"), *provided, however*, that: (i) the Claimant shall be entitled to interest only as set forth in this Stipulation, and shall not be allowed any pre- or post-petition interest on the Claimant's Allowed Claim for any period of time prior to the date on which the Settlement Order becomes final and non-appealable; (ii) interest on the Claimant's Allowed Claim Amount shall accrue at the rate and in the manner provided in the Plan for similarly situated General Unsecured Claims; and (iii) such interest accrual shall commence on the date on which the Settlement Order becomes final and non-appealable and continue until the date on which the Claimant receives payment in satisfaction of the Claimant's Allowed Claim.

2. Pursuant to the terms of the Plan, on or before 30 days after the Plan's Effective Date, the Debtors shall pay to the Claimant the Claimant's Allowed Claim Amount (plus any applicable interest).

3. The Hamilton Township Site Claims shall be deemed disallowed and expunged for all purposes, and the Claimant Release Parties agree that the Hamilton Township Site Claims are discharged and satisfied by payment of the Claimant's Allowed Claim, and that the Claimant Release Parties are forever barred, estopped, and enjoined from asserting against the Debtor Release Parties any of the foregoing claims or any claims arising from the Settlement other than to enforce the Debtors' obligations as set forth in this Stipulation.

4. On or before 30 days after the date the Settlement Order becomes final and non-appealable, Claimant shall take all actions necessary to cause the State Court Action and the New Jersey District Court Action to be dismissed with prejudice, and the Claimant agrees that it is permanently enjoined from pursuing the State Court Action and the District Court Action.

5. On or before 30 days after the Settlement Order becomes final and non-appealable, the Claimant and the Debtors shall promptly take all actions necessary to cause the Appeals to be dismissed.

6. The Claimant shall file a proof of claim with the Debtors' claims agent in the Claimant's Allowed Claim Amount. The Debtors shall instruct the claims agent to record the proof of claim as an Allowed General Unsecured Claim with an Allowed Amount of the Claimant's Allowed Claim Amount.

### Release

7. The Claimant Release Parties agree that they have released the Debtor Release Parties from all liability for the Hamilton Township Site Claims.

### Miscellaneous

8. Notwithstanding the foregoing, this Stipulation and the Debtors' signature hereon shall not become effective and binding until the Bankruptcy Court enters the Settlement Order upon a motion of the Debtors served upon the necessary parties-in-interest in accordance with

the Bankruptcy Code and the Bankruptcy Rules. Upon execution of this Stipulation by the parties, the Debtors shall promptly prepare and file the motion and serve it upon the necessary parties-in-interest.

9. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

10. This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to the matters set forth herein.

11. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

| | |
|---|---|
| **Anne Milgram Attorney General of New Jersey** | **W. R. Grace & Co., et al. ("<u>Debtors</u>")** |
| By: /s/ John F. Dickinson | By: _____ |
| John F. Dickinson, Jr.<br>Deputy Attorney General<br>Richard J. Hughes Justice Complex<br>25 Market Street, PO Box 093<br>Trenton, NJ 08625-0093 | William M. Corcoran<br>Vice President, Public and Regulatory Affairs<br>W.R. Grace & Co.<br>7500 Grace Drive<br>Columbia, Maryland  21044 |
| Date: October 19, 2009 | Date: _____ |
| | |
| **Weil, Gotshal & Manges LLP**<br>**Attorneys for Robert J. Bettacchi** | **Gibbons, P.C.**<br>**Attorneys for Jay H. Burrill** |
| By: _____ | By: _____ |
| Thomas C. Frongillo<br>100 Federal Street<br>34th Floor<br>Boston, MA 02110-1800 | Edward F. McTiernan<br>Gibbons, P.C.<br>One Gateway Center<br>Newark, NJ 07102-5310 |
| Date: _____ | Date: _____ |

| | |
|---|---|
| **Anne Milgram Attorney General of New Jersey** | **W. R. Grace & Co., et al. ("Debtors")** |
| By:_____ | By: /s/ William M. Corcoran |
| John F. Dickinson, Jr.<br>Deputy Attorney General<br>Richard J. Hughes Justice Complex<br>25 Market Street, PO Box 093<br>Trenton, NJ 08625-0093 | William M. Corcoran<br>Vice President, Public and Regulatory Affairs<br>W.R. Grace & Co.<br>7500 Grace Drive<br>Columbia, Maryland 21044 |
| Date:_____ | Date: 10/18/09 |
| **Weil, Gotshal & Manges LLP**<br>**Attorneys for Robert J. Bettacchi** | **Gibbons, P.C.**<br>**Attorneys for Jay H. Burrill** |
| By:_____ | By:_____ |
| Thomas C. Frongillo<br>100 Federal Street<br>34th Floor<br>Boston, MA 02110-1800 | Edward F. McTiernan<br>Gibbons, P.C.<br>One Gateway Center<br>Newark, NJ 07102-5310 |
| Date:_____ | Date:_____ |

| | |
|---|---|
| **Anne Milgram Attorney General of New Jersey** | **W. R. Grace & Co., et al. ("<u>Debtors</u>")** |
| By:_____ | By:_____ |
| John F. Dickinson, Jr.<br>Deputy Attorney General<br>Richard J. Hughes Justice Complex<br>25 Market Street, PO Box 093<br>Trenton, NJ 08625-0093 | William M. Corcoran<br>Vice President, Public and Regulatory Affairs<br>W.R. Grace & Co.<br>7500 Grace Drive<br>Columbia, Maryland 21044 |
| Date:_____ | Date:_____ |
| **Weil, Gotshal & Manges LLP**<br>**Attorneys for Robert J. Bettacchi** | **Gibbons, P.C.**<br>**Attorneys for Jay H. Burrill** |
| By: *[signature: Thomas C. Frongillo]* | By:_____ |
| Thomas C. Frongillo<br>100 Federal Street<br>34th Floor<br>Boston, MA 02110-1800 | Edward F. McTiernan<br>Gibbons, P.C.<br>One Gateway Center<br>Newark, NJ 07102-5310 |
| Date: Oct 19, 2009 | Date:_____ |

| | |
|---|---|
| **Anne Milgram Attorney General of New Jersey** | **W. R. Grace & Co., et al. ("<u>Debtors</u>")** |
| By:_____ | By:_____ |
| John F. Dickinson, Jr.<br>Deputy Attorney General<br>Richard J. Hughes Justice Complex<br>25 Market Street, PO Box 093<br>Trenton, NJ 08625-0093 | William M. Corcoran<br>Vice President, Public and Regulatory Affairs<br>W.R. Grace & Co.<br>7500 Grace Drive<br>Columbia, Maryland 21044 |
| Date:_____ | Date:_____ |
| **Weil, Gotshal & Manges LLP**<br>**Attorneys for Robert J. Bettacchi** | **Gibbons, P.C.**<br>**Attorneys for Jay H. Burrill** |
| By:_____ | By: _[signature]_ |
| Thomas C. Frongillo<br>100 Federal Street<br>34th Floor<br>Boston, MA 02110-1800 | Edward F. McTiernan<br>Gibbons, P.C.<br>One Gateway Center<br>Newark, NJ 07102-5310 |
| Date:_____ | Date: October 19, 2009 |