# EXHIBIT A

## PROPOSED FORM OF ORDER

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ |
| | | __/__/09 Agenda No._____ |

## ORDER APPROVING STIPULATION RESOLVING
## PROOF OF CLAIM NO. 13652 OF AUSTIN QUALITY FOODS, INC.

Upon consideration of the *"Motion of the Debtors for Entry of an Order Approving Stipulation Resolving Proof of Claim No. 13652 of Austin Quality Foods, Inc."* (the "Motion"); and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them, as the case may be, in the Motion, the Stipulation or the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of*

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the terms of the Stipulation, attached hereto as Exhibit I, are incorporated herein by reference; and it is further

ORDERED that the Debtors are authorized to enter into the Stipulation; and it is further

ORDERED that the Debtors are authorized to perform their respective obligations under the Stipulation; and it is further

ORDERED that proof of claim no. 13652 shall be allowed as an unsecured, prepetition, non-priority claim in the total amount of $2,558,000.00 and all remaining amounts outlined in or relating to proof of claim no. 13652 shall be disallowed and expunged; and it is further

ORDERED that proof of claim no. 13652 shall be paid in the same manner as all other similarly situated general unsecured claims pursuant to the Plan with respect to the Debtors, except with respect to the payment of interest; and it is further

ORDERED that Claimant shall not be entitled to prepetition or post-petition interest on proof of claim no. 13652 with respect to any period prior to the effective date of the Plan; and it is further

ORDERED that the Debtors are authorized to take whatever other actions may be necessary to consummate the transactions contemplated by the Stipulation; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

---

*W. R. Grace & Co., Et Al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009, as thereafter amended (the "Plan").*

ORDERED that this Order is effective immediately upon its entry.

Dated: _____, 2009

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

## Exhibit I

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## STIPULATION RESOLVING CLAIM OF

## AUSTIN QUALITY FOODS, INC..

This stipulation ("Stipulation") is entered into this 15th day of October, 2009, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and Austin Quality Foods, Inc. ("Claimant") .

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS**, on April 22, 2002, the Bankruptcy Court issued its *Order as to all Non-asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms, and (III) Approving Notice Program* (the "Bar Date Order"), which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims [Docket No. 1963].

**WHEREAS**, on or about March 31, 2003, the Claimant filed Proof of Claim number 13652 against the Debtors with respect to the property in Cary, North Carolina (the "Site"), which was the subject of a Letter of Understanding and Agreement between Claimant and Debtors dated June 16, 1999, asserting an unsecured nonpriority claim arising from environmental response costs, described as follows:

| Claim No. | Location | Amount | Priority | Basis |
|---|---|---|---|---|
| 13652 | Cary, NC | Unspecified | Unsecured, Non-Priority | Remediation response costs |

**WHEREAS**, the parties have agreed to resolve the Claimant's claim for the amount of two million five hundred and fifty-eight thousand dollars ($2,558,000) on the terms and conditions set forth herein,

**NOW, THEREFORE**, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. The above-referenced Claim No. 13652 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the total amount of two million five hundred and fifty-eight thousand dollars ($2,558,000). This allowed Claim No. 13652 shall be paid in the same manner as all other similarly situated General Unsecured Claims pursuant to

the confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan"), except with respect to the payment of interest as described herein. All other amounts outlined in or related to Claim No. 13652 relating to the Site shall hereby be disallowed and expunged.

2. Claimant shall not be entitled to pre-petition or post-petition interest on the Claim allowed herein with respect to any period prior to the effective date the Plan.

3. Upon execution of this Stipulation by all parties, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that Claim No. 13652 referenced above shall be allowed as outlined herein.

4. The Claimant agrees that the Allowed Claim set forth in Paragraph 1 herein satisfies all past, present and future claims, liabilities, and obligations known or unknown, relating to Claim No. 13652 and for the Site that have been or ever could be asserted by Claimant against the Debtors. Claimant agrees that it is forever barred, estopped, and enjoined from asserting any claims against the Debtors relating to its Claim No. 13652 and the Site other than enforcement of the obligations of the Claimant set forth in this Stipulation, and further agrees that any and all liabilities and obligations for the Site that have been or ever could be asserted by the Claimant against the Debtors are discharged and fully and finally satisfied by the Allowed Claim provided for herein.

5. The parties shall take whatever additional action, if any, is necessary to make sure that the specified Claim No. 13652 is allowed as outlined herein.

6. Notwithstanding the foregoing, this Stipulation and the Debtors' signature hereon shall not become effective and binding until entry of a separate order of the Bankruptcy Court upon a motion of the Debtors served upon the necessary parties-in-interest in accordance with the Bankruptcy Code and the Bankruptcy Rules. Upon execution of this Stipulation by the parties, the

3

Debtors shall promptly prepare and file the motion and serve it upon the necessary parties-in-interest.

7. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

8. This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to the matters set forth herein.

9. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

| Austin Quality Foods, Inc. ("Claimant") | W. R. Grace & Co., et al. ("Debtors") |
|---|---|
| By: _____ | By: _____ |
| Name: Gordon Paulson | William M. Corcoran |
| Title: Corporate Counsel and Assistant Secretary | Vice President Public and Regulatory Affairs |
| Date: October 13, 2009 | Date: 10/15/09 |