# Exhibit D

INTRODUCTION

This memorandum is in response to the question raised by an ABV in an email dated August 18, 2008. In that August 18, 2008 memorandum, the member effectively asks the following question: Does SSVS No. 1 apply when the member is retained (1) to perform a solvency analysis and (2) to issue a solvency opinion? In particular, the member references a solvency analysis prepared for bankruptcy purposes (as opposed to a solvency analysis prepared for federal income taxation or other purposes).

Also, the member references the SSVS No. 1 implementation toolkit that is available on the AICPA Web site. In particular, the member refers to the SSVS No. 1 "Nonauthoritative Implementation Guidance Toolkit" and specifically to "Implementation Guide No. 1." Implementation Guide No. 1 has two principal sections:

1. "Illustrative Client Engagement Situations Where SSVS No. 1 Does Not Apply," and
2. "Illustrative Client Engagement Situations Where SSVS No. 1 Does Apply."

Illustration number 33 in the "SSVS No. 1 Does Apply" section describes the following client engagement situation: "Estimation of the fair value of a debtor's assets to determine solvency or insolvency for bankruptcy litigation purposes."

We note that (with the help of other members) the SSVS No. 1 implementation toolkit ("the toolkit") was prepared by the valuation standards subcommittee ("VSS"). And, the VSS accepts responsibility for the content of the toolkit.

The VSS (of the business valuation committee—or "BVC") has reviewed the member's question and considered this response. This response represents the consensus of the VSS related to the question of the application of SSVS No. 1 to bankruptcy-related solvency analyses and solvency opinions.

DISCUSSION AND ANALYSIS

The VSS believes that there are material differences between (1) the toolkit illustration number 33 fact set and (2) the more typical solvency analysis assignment described by the member. These differences are several fold.

In the case of the toolkit illustration number 33 engagement:

1. The member is retained to value assets (or, we can also assume, net assets) only. The member is not retained to perform a complete solvency analysis (as described below).
2. The client (and the other parties to the bankruptcy) perceive the member as a "valuation analyst" performing a "valuation analysis."
3. The member's opinion is a valuation opinion. For example, the member's opinion is either (1) "The fair value of the ABC Company assets is $X as of the specified date" or (2) "The fair value of the ABC Company net assets is $Y as of the specified date."
4. The valuation opinion is given to another party (e.g., debtor in possession, creditor, judge, lawyer, or other bankruptcy professional) to complete the solvency analysis (as described below).
5. The member performs the asset valuation component only (and not the complete asset/liability test) of a bankruptcy-related solvency analysis.
6. The member's report doesn't conclude a solvency (or insolvency) opinion.
7. The member is retained as a valuation analyst to value assets; the member values assets; and, the member reports on the valuation of assets.

We note that this statement 7 above is particularly important to the analysis and conclusion of the VSS. And, this statement 7 is particularly important regardless of the purpose of the valuation (although, in illustration number 33, the valuation is performed for bankruptcy-related purposes).

In contrast, in the case of the typical solvency opinion assignment performed for various bankruptcy-related purposes (including fraudulent conveyance, perfection of secured debt liens, pre-filing preference payments, etc.), there are three distinct solvency tests:

1. Is the fair value of the debtor entity assets greater than the value of the debtor entity liabilities, after consideration of all post-transaction debt?
2. Can the debtor entity meet its debt service obligations (principal and interest) as these obligations come due?
3. Is the debtor entity adequately capitalized on the solvency test date (e.g., the subject transaction date)?

All of these three financial analyses should be considered in the typical bankruptcy-related solvency opinion. And, the debtor entity "fails" the solvency test if it "fails" any one of these three solvency tests.

So, in the case of the typical bankruptcy-related solvency analysis engagement:

1. The member is retained to test for solvency. The member may rely on asset or liability values provided by others. Or, the member may perform his/her own asset or liability valuation analyses. In any event, the member is retained to give a solvency opinion—and not a valuation opinion.
2. The client (and the other parties to the bankruptcy) perceive the member as an "independent financial advisor" performing a "solvency analysis."
3. The member's opinion is a solvency opinion. For example, the member's opinion is either: (1) "The ABC Company was (is) solvent as of the specified date" or (2) "The ABC Company was (is) insolvent as of the specified date." This opinion is not a valuation opinion. In particular, it does not mention the word "value" and it does not conclude a number of any kind.
4. The solvency opinion reports the pass/fail conclusion of the solvency analysis. And, the solvency opinion is the final work product of the solvency analysis. In contrast, the valuation opinion report (if there is one) is used as one component of the above-described solvency test #1.
5. The member performs all three solvency tests. The ultimate conclusion of each test is a pass/fail solvency answer. The ultimate conclusion of none of the three solvency tests is a specific number (a value estimate or otherwise). In other words, the solvency test does not depend on—and the solvency opinion does not report on—how solvent or insolvent the debtor entity is.
6. The member's report concludes a solvency or insolvency opinion—and not a value estimate. Of course, the solvency analysis may involve some valuation-related work. And, the schedules or exhibits to a solvency opinion may present asset fair value numbers. But, the ultimate opinion is not quantitative—and it is not an opinion of value.
7. The member is retained as a financial advisor to conclude solvency/insolvency. The member reports on solvency only. The member is not retained as a valuation analyst to value assets (or net assets).

CONCLUSION

Based on the above fact sets and analyses, the VSS concludes that SSVS No. 1 does not apply when the member is retained as a financial advisor in a bankruptcy-related matter to perform the complete solvency analysis and to issue a solvency opinion. This conclusion is appropriate even if the member performs some valuation-related work as one part of the overall solvency analysis.

2

However, the VSS concludes that SSVS No. 1 does apply when the member is retained as a valuation analysis (in any matter) to perform a valuation analysis of assets (or net assets) and to issue a valuation opinion. This conclusion is appropriate even if the member performs the valuation report for a financial advisor who will then use it as an input into one part of an overall solvency analysis.

The VSS cautions the member to be very careful so as to accurately describe his/her assignment in (1) a written engagement letter and (2) the written engagement report. For the engagement to not fall under SSVS No. 1, the engagement should be consistently referred to in solvency analysis language. If the member describes a valuation engagement, analysis, or conclusion—in either an engagement letter or a report, then the VSS believes that SSVS No. 1 would apply.

We hope that this explanation is helpful to the member. And, we hope that this explanation adequately explains the difference between (1) the toolkit illustration number 33 valuation of debtor assets for use as an input in a solvency analysis and (2) a solvency analysis of a debtor entity that includes some valuation-related work as one part of one of the three solvency tests.