# FINAL CHARTS OF DEPOSITIONS AND OTHER PRIOR TESTIMONY DESIGNATIONS

**LIBBY CLAIMANTS' DESIGNATIONS**

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE[2] | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Mary Ruth Albert *Albert v. W.R. Grace, et al.,* Cause No. DV-97-87. 8/26/99 | 11:25-12:15; 13:10-22; 14:9-17:1; 19:1-20:18; 21:20-22:3; 22:21-24; 23:8-24:24; 25:16-30:5; 31:17-32:14; 38:13-42:25; 46:19-50:18. | **\*\***Libby Claimants seek to admit the testimony of 21 individuals who settled Libby asbestos claims with Grace pre-bankruptcy. The designations reflect the nature of exposures in and around Libby and the impact of disease. This testimony supports the Libby Claimants' objection that the Plan does not pay claimants based on historical values for substantially similar claims. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 2304], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) (2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] (3) "Plan Proponents' Objections . . ." [D.I. 22903] (4) "Motion in Limine..." [D.I. 23019] | (1) [Insurers'] objections **resolved by stipulation,** *see 9/23/09* filing, [D.I. 23330]; designations noted here conform to the stipulation. (2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23184] | Objections (2)-(4) Maintained  • 11:25-12:15: R[1] • 13:10-22: R • 14:9-15:10: R • 15:11-15:15: R, F • 15:16-17:1: R • 19:1-19:24: R • 19:25-20:7: R, F • 20:8-11: R • 20:12-18: H, F, R • 21:20-25: H, R • 22:1-3, 22:21-24: R • 23:8-24:8: R • 24:9-24:24: R, F • 25:16-24: R, F • 25:25-30:5: R • 31:17-32:14: R • 38:13-40:20: R • 40:21-41:12: R, F • 41:13-19: R, F, Rule 403 • 41:20-42:18: R, Rule 403 • 42:19-25: R • 46:19-48:15: R • 48:16-49:7: R, F • 49:8-12: R, F, H • 49:13-50:18: R | 20:19-21:6 22:25-23:7 |

---

**LIBBY CLAIMANTS' DESIGNATIONS**

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Stuart Cannon *Cannon v. W.R. Grace, et al.*, Cause No. DV-96-11. 8/23/99 | 26:11-27:10; 32:25-35:13; 63:3-15; 88:2-89:10; 99:3-100:1; 100:4-12. | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896])<br><br>(2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798]<br><br>(3) "Plan Proponents' Objections . . ." [D.I. 22903]<br><br>(4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation.<br><br>(2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained<br><br>• 26:11-27:10: R<br>• 32:25-33:3: R<br>• 33:4-10: R, H<br>• 33:11-35:13: R<br>• 63:3-15: R<br>• 88:2-89:3: R<br>• 89:4-10: R, H<br>• 99:3-100:1: R<br>• 100:4-12: R | 32:10-22 |

LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Edward Nick Carvey *Carvey v. W.R. Grace, et al.*, Cause No. CV-98-142-M-DWM and CV-99-104-M-LBE. 12/15/99 | 20:24-22:1; 23:14-28:1; *43:7-16; 45:2-46:9; 49:21-50:3.* | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) (2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] (3) "Plan Proponents' Objections . . ." [D.I. 22903] (4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation. (2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained • 20:24-21:9: R • 21:10-11: R.F • 21:12-22:1: R • 23:14-28:1: R • 43:7-16: R • 45:2-46:9: R • 49:21-50:3: R | 28:14-19 46:10-23 |

**LIBBY CLAIMANTS' DESIGNATIONS**

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Carl E. Craig *Craig v. W.R. Grace, et al.*, Cause No. 97-153. 08/24/99 | 37:12-19; 38:15-20; 40:6-21; 41:9-42:20; 45:20-49:4; 49:19-51:7; 52:1-53:16; 54:7-56:13; 58:18-59:14; 60:1-61:7; 67:6-16; 77:4-79:9; *91:10-92:2.* | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896])<br><br>(2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798]<br><br>(3) "Plan Proponents' Objections . . ." [D.I. 22903]<br><br>(4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation**, *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation.<br><br>(2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained<br><br>• 37:12-19: R<br>• 38:15-20: R<br>• 40:6-21: R<br>• 41:9-42:20: R<br>• 45:20-49:4: R<br>• 49:19-51:7: R<br>• 52:1-53:16: R<br>• 54:7-56:13: R<br>• 58:18-24: R<br>• 58:25-59:6: R, F<br>• 59:7-14: R<br>• 60:1-13: R<br>• 60:14-17: R, F<br>• 60:18-61:7: R<br>• 67:6-16: R<br>• 77:4-79:9: R<br>• 91:10-92:2: R | 37:7-11<br>79:16-24 |

LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Carrie M. Dedrick *Dedrick v. W.R. Grace, et al.*, Cause No. DV-99-124. 06/26/00 | 16:7-25; *24:14-25:3*; 36:12-38:8; *44:23-45:1*; 45:17-46:2; 46:14-16; 47:10-15; 57:19-22; 74:18-75:25; 78:3-20. | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br> (2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] <br><br> (3) "Plan Proponents' Objections . . ." [D.I. 22903] <br><br> (4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation**, *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation. <br><br> (2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained <br><br> • 16:7-25: R <br> • 24:14-25:3: R <br> • 36:12-37:15: R <br> • 37:16-38:1: R, F <br> • 38:2-8: R <br> • 44:23-45:1: R <br> • 45:17-46:2: R <br> • 46:14-16: R <br> • 47:10-15: R <br> • 57:19-22: R <br> • 74:18-75:25: R <br> • 78:3-20: R | |

## LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|------|-----------|---------|------------------|----------------|----------------------|----------------|
| Kenneth Finstad *Finstad v. W.R. Grace et al*, Cause No. DV-98-139. 3/22/99 | 17:11-21:21; 50:1-52:13; 54:13-56:6; 92:23-94:24. | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br> (2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] <br><br> (3) "Plan Proponents' Objections . . ." [D.I. 22903] <br><br> (4) "Motion in Limine . . ." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation. <br><br> (2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained <br><br> • 17:11-21:21: R <br> • 50:1-52:13: R <br> • 54:13-56:6: R <br> • 92:23-94:24: R | 52:14-21 |

LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Daniel Garrison, Sr. *Garrison v. W.R. Grace, et al.*, Cause No. DV-98-132. 02/28/00 | *7:25-8:21; 10:3-11:15; 12:12-15:1;* 109:21-110:2; 111:5-114:18; 116:9-20. | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 2304?], and Maryland Casualty [D.I. 23087]; *(see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br>(2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] <br><br>(3) "Plan Proponents' Objections . . ." [D.I. 22903] <br><br>(4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation. <br><br>(2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained <br>• 7:25-8:21: R <br>• 10:3-11:15: R <br>• 12:12-17: R <br>• 12:18-23: R, H <br>• 12:24-15:1: R <br>• 109:21-110:2: R <br>• 111:5-114:18: R <br>• 116:9-20: R | |

LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Edward A. Gaston *Gaston v. W.R. Grace, et al.*, Cause No. DV-98-142. 03/22/99 | *6:9-8:9; 8:18-21;* 19:16-18; 24:12-14; 24:22-26:2; 27:6-20; 28:7-14; 29:24-31:3; 31:14-32:22; 33:5-21; 34:6-12; 37:5-38:21; 44:3-45:17; 58:16-60:1. | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) (2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] (3) "Plan Proponents' Objections . . ." [D.I. 22903] (4) "Motion in Limine…" [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation. (2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained <br> • 6:9-8:9: R <br> • 8:18-21: R <br> • 19:16-18: R <br> • 24:12-14: R <br> • 24:22-26:2: R <br> • 27:6-20: R <br> • 28:7-14: R <br> • 29:24-31:3: R <br> • 31:14-32:22: R <br> • 33:5-21: R <br> • 34:6-12: R <br> • 37:5-38:21: R <br> • 44:3-45:17: R <br> • 58:16-60:1: R | 19:23-25 24:15-21 26:3-6 32:23-33:4 38:22-23 60: 4-17 |

LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Robert L. Graham *Graham v. W.R. Grace, et al.*, Cause No. DV-97-50. 09/05/97 | 8:14-17; 69:24-72:8. | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br> (2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] <br><br> (3) "Plan Proponents' Objections . . ." [D.I. 22903] <br><br> (4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation. <br><br> (2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained <br><br> • 8:14-17: R <br> • 69:24-70:6: R <br> • 70:7-23: R, H <br> • 70:24-71:18: R <br> • 71:21-72:8: R, H | |

**LIBBY CLAIMANTS' DESIGNATIONS**

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| William J. Hagerty *Hagerty v. W.R. Grace, et al.*, Cause No. 99-116-M-DMW. 01/12/00 | 17:17-18:1; 20:10-16; 21:8-15; 22:10-26:17; 27:4-25; 29:2-31:21. | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896])<br><br>(2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798]<br><br>(3) "Plan Proponents' Objections . . ." [D.I. 22903]<br><br>(4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation.<br><br>(2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained<br><br>• 17:17-18:1: R<br>• 20:10-16: R<br>• 21:8-15: R<br>• 22:10-26:17: R<br>• 27:4-25: R<br>• 29:2-31:21: R | |

LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|------|-----------|---------|------------------|----------------|----------------------|----------------|
| James G. Hopkins *Hopkins v. W.R. Grace, et al.*, Cause No. DV-99-113. 02/24/00 | 11:11-15:21; 32:7-13; 59:9-60:22; 62:12-17; 63:9-16; 67:14-69:2; 79:11-81:18; 82:21-83:13; 112:20-113:18. | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896])<br><br>(2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798]<br><br>(3) "Plan Proponents' Objections . . ." [D.I. 22903]<br><br>(4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation.<br><br>(2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained<br><br>• 11:11-15:21: R<br>• 32:7-13: R<br>• 59:9-60:22: R<br>• 62:12-17: R<br>• 63:9-16: R<br>• 67:14-69:2: R<br>• 79:11-81:18: R<br>• 82:21-83:13: R, H<br>• 112:20-113:18: R | |

**LIBBY CLAIMANTS' DESIGNATIONS**

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Jack Kenworthy *Kenworthy v. W.R. Grace, et al.*, Cause No. DV-99-185. 12-17-99 | 8:14-9:16; 10:10-24; 11:8-12:15; 13:10-18:15; 18:24-20:9; 26:13-16; 27:20-28:24. | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br> (2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] <br><br> (3) "Plan Proponents' Objections . . ." [D.I. 22903] <br><br> (4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation. <br><br> (2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained <br><br> • 8:14-21: R <br> • 8:22-9:4: R, H <br> • 9:5-16: R <br> • 10:10-13: R, H <br> • 10:14-24: R <br> • 11:8-12:15: R <br> • 13:10-18:15: R <br> • 18:24-20:9: R <br> • 26:13-16: R <br> • 27:20-28:24: R | |

## LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|------|-----------|---------|------------------|----------------|----------------------|----------------|
| Carl Larson *Larson v. W.R. Grace et al*, Cause No. DV-98-83, 1/12/99. | *15-3-5; 15:9-17:18; 21:7-28:11; 35:3-40:18; 48:6-20; 50:14-51:13; 51:25-56:18; 57:23-58:23; 61:9-14.* | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br> (2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] <br><br> (3) "Plan Proponents' Objections . . ." [D.I. 22903] <br><br> (4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation. <br><br> (2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)- (4) Maintained <br><br> • 15:3-5: R <br> • 15:9-16:6: R <br> • 16:7-10: R, F <br> • 16:11-17:18: R <br> • 21:7-13: R <br> • 21:14- 21: R, F <br> • 21:22-28:11: R <br> • 35:3-40:18: R <br> • 48:6-20: R <br> • 50:14-51:13: R <br> • 51:25-56:18: R <br> • 57:23-58:23: R <br> • 61:9-14: R | |

LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| John B. Lyle *Lyle v. W.R. Grace, et al.*, Cause No. DV-95-29. 02/03/98 | 30:3-7; 34:22-38:25; 39:23-42:3; 68:12-72:6; 73:19-74:4; 75:11-77:23; 81:18-84:5; 86:22-87:12. | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (see also "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br>(2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] <br><br>(3) "Plan Proponents' Objections . . ." [D.I. 22903] <br><br>(4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation. <br><br>(2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained <br><br>• 30:3-7: R <br>• 34:22-38:25: R <br>• 39:23-41:3: R <br>• 41:4-42:3: R, H <br>• 68:12-72:6: R <br>• 73:19-25: R <br>• 74:1-4: R, F, Speculative <br>• 75:11-77:19: R <br>• 77:20-23: R, F <br>• 81:18-82:14: R <br>• 82:15-83:1: R, H <br>• 83:2-13: R <br>• 83:14-84:3: R, H <br>• 84:4-5: R <br>• 86:22-87:12: R | 72:10-11 |

LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Thomas F. Murray *W.R. Grace, et al.*, Cause No. CV-98-141-M-DWM and CV-99-103-M-DWM. 10/18/99 | 23:10-25:13; 27:9-29:15; 34:14-36:23; 45:11-46:16; *50:1-21; 52:1-20; 53:2-54:6.* | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) (2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] (3) "Plan Proponents' Objections . . ." [D.I. 22903] (4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation. (2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained <br>• 23:10-25:13: R<br>• 27:9-29:15: R<br>• 34:14-35:12: R<br>• 35:13-18: R, H<br>• 35:19-21: R<br>• 35:22-25: R, H<br>• 36:1-19: R<br>• 36:20-23: R, F, Assume Fact Not in Evidence<br>• 45:11-46:16: R<br>• 50:1-21: R<br>• 52:1-20: R<br>• 53:2-54:6: R | |

LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|------|-----------|---------|------------------|----------------|----------------------|----------------|
| Robert D. Nelson *Nelson v. W.R. Grace, et al.*, Cause No. DV-98-107. 12/09/99 | 6:18-22; 7:19-8:8; 11:23-12:17; 43:20-44:3; 45:1-10; 46:9-47:13; 49:8-50:10; 51:23-53:15; 60:17-61:11; *61:25-62:6.* | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br> (2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] <br><br> (3) "Plan Proponents' Objections . . ." [D.I. 22903] <br><br> (4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation**, *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation. <br><br> (2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained <br><br> • 6:18-22: R <br> • 7:19-8:8: R <br> • 11:23-12:17: R <br> • 43:20-44:3: R <br> • 45:1-10: R <br> • 46:9-47:13: R <br> • 49:8-50:10: R <br> • 51:23-53:15: R <br> • 60:17-61:11: R <br> • 61:25-62:6: R | 7:10-14 |

LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|------|-----------|---------|------------------|----------------|-----------------------|----------------|
| John Parker, M.D. *In re W.R. Grace & Co., et al, Debtors*, Case No. 01-01139(JKF), 6-9-09. | 121:2–126:21. | Discussing Libby asbestos disease in relation to other amphibole cohorts, and as more clinically significant when compared to chrysotile cohorts. | (1) "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896])<br><br>(2) "Plan Proponents' Objections . . ." [D.I. 22903]<br><br>123:19-124:17: Relevance<br>125:21-126:3: Relevance<br>126:15-21: Relevance, Foundation | | Objection (2) Maintained | 115:20-117:22 |

LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Darlene J. (Toni) Riley *Riley v. W.R. Grace, et al.*, Cause No. DV-96-111. 12/10/96 | 15:16-18; 32:9-23; 58:1-11; 59:15-60:6; 61:23-64:14; 88:5-24. | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br> (2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] <br><br> (3) "Plan Proponents' Objections . . ." [D.I. 22903] <br><br> (4) "Motion in Limine . . ." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation. <br><br> (2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained <br><br> • 15:16-18: F, R <br> • 32:9-23: R <br> • 58:1-11: R <br> • 59:15-60:6: R <br> • 61:23-64:14: R <br> • 88:5-24: R | |

LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Wilma R. Shearer, *Shearer v. W.R. Grace, et al.*, Cause No. DV-97-140. 02/04/98 | 20:15-25; 21:14-22:5; 23:5-13; 26:3-14; 28:12-29:18; 31:6-17; 56:10-58:3; *100:18-102:1*; 102:18-103:7; *110:11-113:12*; 113:24-114:11. | \*\*See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br>(2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] <br><br>(3) "Plan Proponents' Objections . . .". [D.I. 22903] <br><br>(4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation. <br><br>(2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained <br><br>• 20:15-25: R <br>• 21:14-22:5: R <br>• 23:5-13: R <br>• 26:3-14: R <br>• 28:12-29:18: R <br>• 31:6-17: R <br>• 56:10-58:3: R <br>• 100:18-102:1, 102:18-103:7, 110:11-113:12, 113:24-114:11: R | 56:3-6 |

LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Verle Vinson *Vinson v. W.R. Grace et al*, Cause Nos. CV-98-113/CV-99-68, 12-15-99 | 11:2-7; 13:24-15:22; 16:2-13; 18:12-24; 21:13-22:4; *26:19-27:10*; 28:25-29:23; 32:5-12; 37:5-39:13; 45:17-46:9. | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br> (2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] <br><br> (3) "Plan Proponents' Objections . . ." [D.I. 22903] <br><br> (4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation. <br><br> (2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained <br><br> • All designated testimony: Relevance | |

LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Robert J. Wilkes *Wilkes v. W.R. Grace, et al.*, Cause No. DV-96-60. 12/15/99 | 14:6-18; 16:22-18:5; 20:13-15; 21:15-19; 22:3-10; 23:23-27:2; 29:20-36:2; 37:11-18; 49:13-19; *51:8-16*; 55:7-56:6. | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896])  (2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798]  (3) "Plan Proponents' Objections . . ." [D.I. 22903]  (4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation**, *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation.  (2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained  • 14:6-18: R • 16:22-18:5: R • 20:13-15: R • 21:15-19: R • 22:3-10: R • 23:23-27:2: R • 29:20-33:14: R • 33:15-34:7: R, H • 34:8-35:2: R • 35:3-6: R, H • 35:7-36:2: R • 37:11-15: R • 37:16-18: R, H • 49:13-19: R • 51:8-16: R • 55:7-56:6: R | |

**LIBBY CLAIMANTS' DESIGNATIONS**

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Andrew J. Wright<br>*Nelson & Ryan v. W.R. Grace, et al.*, Cause No. DV-98-107 and No. DV-98-100. 12/16/99 | 6:7-25; 11:14-24:16. | **See above re 21 settled individuals. | (1) "Arrowood Motion to Strike . . ." [D.I. 23018], joined by CNA [D.I. 23047], and Maryland Casualty [D.I. 23087]; (*see also* "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896])<br><br>(2) "Plan Proponents' Motion in Limine . . ." [D.I. 22798]<br><br>(3) "Plan Proponents' Objections . . ." [D.I. 22903]<br><br>(4) "Motion in Limine..." [D.I. 23184] | (1) [Insurers'] objections **resolved by stipulation,** *see* 9/23/09 filing, [D.I. 23330]; designations noted here conform to the stipulation.<br><br>(2) "Libby Claimants' Response to PP's Motion in Limine" [D.I. 23019] | Objections (2)-(4) Maintained<br><br>• 6:7-25: R<br>• 11:14-22:19: R<br>• 22:20-21: R, H, Assumes Facts Not in Evidence<br>• 22:22-25: R, Assumes Facts Not in Evidence<br>• 23:1-15: R<br>• 23:16-17: R, H<br>• 23:18-24:16: R | |

## LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Earl Lovick trial testimony, 8/23/90, *Johnson v. Grace*, U. S. District Court, for the District of Montana, Cause No. 88-145-M-HP; | 39:7 – 40:24; 42:8 - 16; 43:4 – 48:4; 48:19 – 68:1; 70:18 – 94:7; 95:3 – 97:15. | Admissions of W.R. Grace regarding its actual knowledge of the asbestos dangers in Libby to which its workers and others were being exposed as a result of Grace's Libby operations, which evidence supports the Libby Claimants' objection that the Plan does not pay claimants based on historical values for substantially similar claims. | (1) "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br> (2) "Plan Proponents' Objections . . ." [D.I. 22903] <br><br> • 40:12-24: Foundation <br> • 42:8-16: Relevance <br> • 43:4-44:14 Relevance <br> • 44:15-17: Relevance, Foundation <br> • 44:18-20: Relevance <br> • 44:21-45:1: Relevance, Best Evid. <br> • 45:2-48:4: Relevance <br> • 48:19-52:10: Relevance <br> • 52:11-14: Relevance, Foundation <br> • 52:15-54:17: Relevance <br> • 54:18-56:16: Relevance, Best Evid. <br> • 56:17-20: Relevance, Foundation <br> • 56:21-57:8: Relevance, Best Evid. <br> • 57:9-60:12: Relevance <br> • 60:16-25: Relevance, Best Evid. <br> • 61:1-62:19: Relevance, Foundation, Best Evid. <br> • 62:20-63:24: Relevance, Best Evid. <br> • 63:25-68:1 Relevance <br> • 70:18-71:8 Relevance <br> • 71:9-13: Foundation <br> • 71:14-72:1: Relevance <br> • 72:2-85:2: Relevance, Foundation, Best Evid. <br> • 85:3-6: Speculation <br> • 85:7-25: Relevance <br> • 86:1-5: Foundation, Relevance | | Objections (2)-(3) Maintained | |

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| | | | • 86:6-87:8: Relevance<br>• 87:1-22: Foundation, Best Evid.<br>• 87:22- 88:1: Best Evid.<br>• 88:1-94:7 : Foundation, Relevance, Best Evid.<br>• 95:3-97:13: Best Evid., Relevance, 408<br><br>(3) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] | | | |

## LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|------|-----------|---------|------------------|----------------|----------------------|----------------|
| Earl Lovick deposition, 4/29/97, *Dan Schmetter v. Grace*, Nineteenth Judicial District Court, Lincoln County, Montana, Cause No. CDV-94-74 | 25:1 – 222, including exhibits | Admissions of W.R. Grace regarding its actual knowledge of the asbestos dangers in Libby to which its workers and others were being exposed as a result of Grace's Libby operations, which evidence supports the Libby Claimants' objection that the Plan does not pay claimants based on historical values for substantially similar claims. | (1) "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br> (2) "Plan Proponents' Objections . . ." [D.I. 22903] <br><br> (3) "Plan Proponents' Motion in Limine . . ." [D.I. 22798] | | Objections (2)-(3) Maintained | |

**LIBBY CLAIMANTS' DESIGNATIONS**

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|------|-----------|---------|------------------|----------------|----------------------|----------------|
| Dr. Peter Lees, Estimation Trial Transcript, *In re W.R. Grace & Co., et al, Debtors,* Case No. 01-01139(JKF), 3/24/08 | 11-79. | | (1) "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br> (2) "Plan Proponents' Objections . . ." [D.I. 22903] <br><br> 11-79: Relevance, Foundation, Hearsay, Rule 403, Expert Testimony | | Objection (2) Maintained | 85:2-123:1 |

**LIBBY CLAIMANTS' DESIGNATIONS**

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|------|-----------|---------|------------------|----------------|----------------------|----------------|
| Dr. Elizabeth Anderson, Estimation Trial Transcript, *In re W.R. Grace & Co., et al, Debtors*, Case No. 01-01139(JKF), 3/26/08 | 33-41, 48-114. | | (1) "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br> (2) "Plan Proponents' Objections . . ." [D.I. 22903] <br><br> • 3-41: Relevance, Foundation, Hearsay, Expert Testimony <br> • 48-60:25: Relevance, Foundation, Rule 403, Hearsay, Expert Testimony, Legal Argument <br> • 61:1-25: Relevance, Foundation, Rule 403, Hearsay <br> • 62:1-65:25: Relevance, Foundation, Rule 403, Hearsay, Expert Testimony, Legal Argument <br> • 66:1-67:1: Relevance, Foundation, Rule 403, Hearsay <br> • 67:2-74:24: Relevance, Foundation, Rule 403, Hearsay, Expert Testimony, Legal Argument <br> • 74:25-75:25: Relevance, Foundation, Rule 403, Hearsay <br> • 76:1-77:25: Relevance, Foundation, Rule 403, Hearsay, Expert Testimony, Legal Argument <br> • 78:1-79:1: Relevance, Foundation, Rule 403, Hearsay <br> • 79:2-114: Relevance, Foundation, Rule 403, Hearsay, Expert Testimony, Legal Argument | | Objection (2) Maintained | 41:16-47:19 115:24-233:5 |

LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Estimation Trial Transcript, *In re W.R. Grace & Co., et al, Debtors*, Case No. 01-01139(JKF), 3/31/08 | 10-13; 25; 35. | | (1) "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896]) <br><br> (2) "Plan Proponents' Objections . . ." [D.I. 22903] <br><br> • 10-13, 35: Relevance, Legal Argument <br> • 25: Relevance, Foundation, Hearsay, Legal Argument, Lacks Personal Knowledge | | Objection (2) Maintained | |

## AUSTERN DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
### (Seaton, OneBeacon, GEICO, and Republic)

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Austern | p.12, ll.1-22 | | No Objection | | No Objection | |
| Austern | p.12, l.23 to p.17, l.10 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection Maintained | |
| Austern | p.17, l.11 to p.19, l.23 | | No Objection | | No Objection | |
| Austern | p.19, l.24 to p.22, l.22 | Background Information. | Best Evidence; Foundation | This testimony, offered as background evidence, concerns Mr. Austern's own personal knowledge of his selection as FCR, irrespective of the source of that knowledge. It is not offered to ascertain the contents or truth of any publicly filed court papers referenced by Mr. Austern in his testimony. | Objections Maintained | |
| Austern | p.22, l.23 to p.28, l.16 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection Maintained | |

† The "Brief Summary" of testimony is not intended to be an exhaustive list of issues as to which the testimony relates. For a more complete and accurate understanding, please see the designated testimony. As previously discussed on the record, relevance will be more fully addressed in conjunction with post-trial briefing.

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Austern | p.28, 1.17 to p.31, l.10 | Background Information. | Best Evidence; Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). Moreover, this testimony concerns Mr. Austern's own personal knowledge of the various asbestos claimants' representatives appointed in this case. | Objections Maintained | |
| Austern | p.32, 1.13 to p.33, 1.3 | | No Objection | No Objection | No Objection | |
| Austern | p.33, ll.4-7 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). In particular, it identifies the document used by Mr. Austern to refresh his recollection. | Objection Maintained | |
| Austern | p.33, ll.8-12 | Background Information. | Best Evidence; Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). Moreover, this testimony | Objections Maintained | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | concerns Mr. Austern's own personal knowledge of the identities of the TAC members. | | |
| Austern | p.33, ll.13-17 | | Relevance; Foundation; Speculative | Withdrawn. | | |
| Austern | p.39, l.14 to p.40, l.21 p.41, ll.1-19 | Two-trust structure. | Best Evidence; Relevance | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose of the Plan's two-trust structure, the intended operation of the Plan's PI trust, and Mr. Austern's own personal knowledge with respect to other asbestos trusts. | Objections Maintained | |
| Austern | p.41, l.20 to p.42, l.3 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection Maintained | |
| Austern | p.42, ll.4-10 | | No Objection | | No Objection | |
| Austern | p.42, ll.11-16 | Two-trust structure. | Relevance | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose of the Plan's two-trust structure, the intended operation of the Plan's PI trust, and Mr. | Objection Maintained | |

- 3 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | Austern's own personal knowledge with respect to PD claims against the Debtors. | | |
| Austern | p.42, l.17 to p.43, l.5 | Two-trust structure. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose of the Plan's two-trust structure, the intended operation of the Plan's PI trust, and Mr. Austern's own personal knowledge with respect to PD claims against the Debtors. | Objections Maintained | |
| Austern | p.43, ll.6-17 | | No Objection | | No Objection | |
| Austern | p.43, l.18 to p.44, l.2 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection Maintained | |
| Austern | p.44, l.3 to p.47, l.3 p.47, ll.17-24 p.48, ll.8-18 | Insurance Neutrality. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan's insurance neutrality language. | Objections Maintained | |
| Austern | p.48, l.20 to p.49, l.23 | Insurance Neutrality. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's | Objections Maintained | |

- 4 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | proponents. This testimony concerns the purpose and intended operation of the Plan's insurance neutrality language. | | |
| Austern | p.49, l.24 to p.50, l.4 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.,* 525 F.2d 927, 930 (5th Cir. 1975). | Objection Maintained | |
| Austern | p.50, l.5 to p.52, l.7 | Insurance Neutrality. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan's insurance neutrality language. | Objections Maintained | |
| Austern | p.52, ll.8-15 p.52, l.22 to p.54, l.6 | Insurance Neutrality. | Relevance; Best Evidence; Foundation | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan's insurance neutrality language. | Objections Maintained | |
| Austern | p.54, l.21 to p.55, l.5 | Insurance Neutrality. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan's insurance neutrality | Objections Maintained | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Austern | p.55, ll.6-18 | | No Objections | language. | No Objection | |
| Austern | p.55, l.19 to p.57, l.10 p.57, l.15 to p.59, l.2 p.59, ll.5-24 p.60, ll.6-16 | Insurance Neutrality; Scope of Injunctions. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan's insurance neutrality language, and the purpose and intended operation of the Plan's Successor Claims Injunction. | Objections Maintained | |
| Austern | p.60, ll.19-23 | | No Objection | | No Objection | |
| Austern | p.61, ll.9-17 p.61, l.20 to p.63, l.12 | Insurance Neutrality; Scope of Injunctions. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan's insurance neutrality language, and the purpose and intended operation of the Plan's Successor Claims Injunction. | Objections Maintained | |
| Austern | p.63, l.17 to p.64, l.4 p.64, ll.5-9 p.64, l.14 | Insurance Neutrality; Scope of Injunctions. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan's insurance neutrality language, and the purpose and intended operation of | Objections Maintained | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | the Plan's Successor Claims Injunction. | | |
| Austern | p.65, l.2 to p.68, l.18 | TAC Conflicts. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of certain provisions of the Plan's Asbestos PI Trust Agreement, and the nature and scope of the TAC members' inherent conflicts of interest. | Objections Maintained | |
| Austern | p.68, l.24 to p.69, l.23 p.70, ll.2-19 p.70, l.22 to p.73, l.19 p.73, l.24 to p.74, l.21 p.75, ll.13-19 | TAC Conflicts. | Relevance; Best Evidence; Foundation | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of certain provisions of the Plan's Asbestos PI Trust Agreement, and the nature and scope of the TAC members' inherent conflicts of interest. | Objections Maintained | |
| Austern | p.75, l.20 to p.76, l.3 | TAC Conflicts. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of certain provisions of the Plan's Asbestos PI Trust | Objections Maintained | |

- 7 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | Agreement, and the nature and scope of the TAC members' inherent conflicts of interest. | | |
| Austern | p.76, ll.4-9 | TAC Conflicts. | Relevance | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of certain provisions of the Plan's Asbestos PI Trust Agreement, and the nature and scope of the TAC members' inherent conflicts of interest. | Objection Maintained | |
| Austern | p.76, l.10 to p.80, l.3 | TAC Conflicts. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of certain provisions of the Plan's Asbestos PI Trust Agreement, and the nature and scope of the TAC members' inherent conflicts of interest. | Objections Maintained | |
| Austern | p.80, ll.4-21 | TAC Conflicts. | Relevance; Best Evidence; Foundation | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of certain | Objections Maintained | |

- 8 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | provisions of the Plan's Asbestos PI Trust Agreement, and the nature and scope of the TAC members' inherent conflicts of interest. | | |
| Austern | p.80, l.22 to p.82, l.13 | Insurance Neutrality. | Relevance | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan and its Asbestos Insurance Transfer Agreement with respect to the rights of insurers. | Objection Maintained | |
| Austern | p.82, ll.14-24 | | No Objection | | No Objection | |
| Austern | p.83, ll.1-14 | Insurance Neutrality. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan and its Asbestos Insurance Transfer Agreement with respect to the rights of insurers. | Objections Maintained | |
| Austern | p.83, l.15 to p.84, l.1 | Insurance Neutrality. | Relevance | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan and its Asbestos | Objection Maintained | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | Insurance Transfer Agreement with respect to the rights of insurers. | | |
| Austern | p.84, ll.2-19 p.84, ll.22-23 | Insurance Neutrality. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan and its Asbestos Insurance Transfer Agreement with respect to the rights of insurers. | Objections Maintained | |
| Austern | p.85, ll.1-4 p.85, l.7 to p.86, l.3 p.86, ll.6-8 | Insurance Neutrality. | Relevance; Best Evidence; Foundation | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan and its Asbestos Insurance Transfer Agreement with respect to the rights of insurers. | Objections Maintained | |
| Austern | p.86, ll.9-13 p.86, ll.17-24 | Insurance Neutrality. | Relevance; Best Evidence; Foundation; Withdrawn Question | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan and its Asbestos Insurance Transfer Agreement with respect to the rights of insurers. | Objections Maintained | |
| Austern | p.87, ll.1-10 | Insurance | Relevance; | Mr. Austern is a party to this | Objections | |

- 10 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | p.87, l.15 to p.88, l.3 | Neutrality. | Best Evidence; Foundation | case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan and its Asbestos Insurance Transfer Agreement with respect to the rights of insurers. | Maintained | |
| Austern | p.88, ll.4-5 p.88, ll.9-17 p.88, ll.23 to p.90, l.9 p.90, ll.15-17 | Insurance Neutrality. | Relevance; Best Evidence; Foundation; Speculative | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan and its Asbestos Insurance Transfer Agreement with respect to the rights of insurers. | Objections Maintained | |
| Austern | p.90, l.22 to p.91, l.8 | | No Objection | | No Objection | |
| Austern | p.91, ll.9-13 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection Maintained | |
| Austern | p.91, l.14 to p.92, l.3 | Insurance Neutrality. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan and the Plan's Asbestos | Objections Maintained | |

- 11 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Austern | p.92, ll.4-16 | | No Objection | PI Trust Distribution Procedures with respect to the rights of insurers. | No Objection | |
| Austern | p.92, ll.17-23 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection Maintained | |
| Austern | p.92, l.24 to p.93, l.21 | Insurance Neutrality. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan and the Plan's Cooperation Agreement with respect to the rights of insurers. | Objections Maintained | |
| Austern | p.93, l.24 | | No Objection | | No Objection | |
| Austern | p.94, ll.1-4 p.94, ll.7-19 | Insurance Neutrality. | Relevance; Best Evidence; Foundation | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan and the Plan's Cooperation Agreement with respect to the rights of insurers. | Objections Maintained | |
| Austern | p.114, l.22 to p.115, l.3 | | No Objection | | No Objection | |

- 12 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|----------|-----------------|----------------|------------|------------------------|-----------------------------------|---------------------|
| Austern | p.115, ll.4-9 p.115, l.16 to p.116, l.10 | Reimbursement Agreements. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan and the Asbestos PI Trust Distribution Procedures with respect to the rights of reimbursement insurers. | Objections Maintained | |
| Austern | p.153, ll.12-23 | Insurance Neutrality. | Relevance; Best Evidence; Foundation | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan and the Plan's Asbestos PI Trust Distribution Procedures with respect to the rights of insurers. | Objections Maintained | |
| Austern | p.171, ll.8-16 p.171, l.23 to p.172, l.3 | TAC Conflicts. | Relevance; Speculative | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of certain provisions of the Plan's Asbestos PI Trust Agreement, and the nature and scope of the TAC members' inherent conflicts of interest. | Objections Maintained | |
| Austern | p.172, l.4 to | Assignment. | Relevance; | Mr. Austern is a party to this | Objections | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
|  | p.173, l.7<br>p.173, ll.10-12 |  | Best Evidence | case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan with respect to the assignment of insurance rights. | Maintained |  |
| Austern | p.182, l.21 to p.183, l.6<br>p.183, ll.8-11<br>p.183, l.15 to p.184, l.10 | Insurance Neutrality. | Relevance; Best Evidence; Foundation | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan and the Plan's Asbestos PI Trust Distribution Procedures with respect to the rights of insurers. | Objections Maintained |  |
| Austern | p.190, ll.1-14 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection Maintained |  |
| Austern | p.190, l.15 to p.192, l.19 | Insurance Neutrality. | Relevance; Violation of FRE 408 | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the purpose and intended operation of the Plan and the Plan's Asbestos PI Trust Distribution Procedures with respect to the rights of insurers. This | Objections Maintained |  |

- 14 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|----------|-----------------|----------------|------------|------------------------|-----------------------------------|---------------------|
| | | | | testimony is not offered to establish the validity or amount of underlying asbestos claims, and therefore its use is not prohibited by F.R.E. 408. *See* F.R.E. 408(a) & F.R.E. 408 adv. comm. notes. | | |
| Austern | p.205, l.18 to p.206, l.4 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection Maintained | |
| Austern | p.242, l.18, p. 243, l.23 | Background Information. | Best Evidence; Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). Moreover, this testimony establishes foundation for the following designated passage. | Objections Maintained | |
| Austern | p.243, l.24 to p.244, l.14 | Insurance Neutrality. | Relevance; Best Evidence; Foundation | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in | Objections Maintained | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | that process and the absence of any role for the Debtors' insurers, and Mr. Austern's personal knowledge with respect to the same. | | |
| Austern | p.244, l.15 to p.245, l.5 | Insurance Neutrality. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in that process and the absence of any role for the Debtors' insurers, and Mr. Austern's personal knowledge with respect to the same. | Objections Maintained | |
| Austern | p.245, ll.6-20 | Insurance Neutrality. | Relevance; Best Evidence; Foundation | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in that process and the absence of any role for the Debtors' insurers, and Mr. Austern's personal knowledge with respect to the same. | Objections Maintained | |
| Austern | p.245, l.21 to p.246, l.8 | TAC Conflicts. | Relevance; Best | Mr. Austern is a party to this case and one of the Plan's | Objections Maintained | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | p.246, l.11 to p.247, l.11 | | Evidence; Foundation | proponents. This testimony concerns the nature and scope of the TAC members' inherent conflicts of interest and Mr. Austern's personal knowledge with respect to the same. | | |
| Austern | p.247, l.12 to p.250, l.18 | TAC Conflicts. | Relevance; Best Evidence | Mr. Austern is a party to this case and one of the Plan's proponents. This testimony concerns the nature and scope of the TAC members' inherent conflicts of interest and Mr. Austern's personal knowledge with respect to the same. | Objections Maintained | |

- 17 -

FINKE 03/30/2009 DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
(Anderson Memorial Hospital)

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Finke 03-30-09 | p. 4, 21 to p. 6, 16 | Background - Employment History with WRG | No Objection | | | None |
| Finke 03-30-09 | p. 8, 21 to p. 11, 22 | Background - Duties and Responsibilities with WRG | No Objection to 8:21 - 11:1 Objection to 11:1 - 11:22: Relevance | | | None |
| Finke 03-30-09 | p. 12, 10 to p. 16, 8 | Background - Duties and Responsibilities with WRG | Relevance | | | |
| Finke 03-30-09 | p. 17, 23 to p. 18, 1, 4-10 | Safe Buildings Alliance | Relevance | | | |
| Finke 03-30-09 | p. 19, 20-24 | Safe Buildings Alliance | Relevance | | | |
| Finke 03-30-09 | p. 29, 18 to p. 31, 16 | Index to Documents Depository | Relevance | | | |
| Finke 03-30-09 | p. 33, 7-10 | Responsibility for Anderson Pre-Bankruptcy | No Objection | | | |
| Finke | p. 38, 6-16 | Anderson Reserve | No Objection | | | |

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| 03-30-09 | | | | | | |
| Finke 03-30-09 | p. 39, 8-12, 19 to p. 40, 13 | Anderson Reserve | No Objection | | | |
| Finke 03-30-09 | p. 41, 4-15 | Anderson Reserve | No Objection except those stated in this excerpt | | | |
| Finke 03-30-09 | p. 42, 7-9 | Anderson Reserve | No Objection | | | |
| Finke 03-30-09 | p. 46, 6 to p. 47, 9 | Mason Refill | Relevance | | | |
| Finke 03-30-09 | p. 51, 17 to p. 53, 2, 6-15, 20 to p. 54, 1 | SEC Statements and BMZ data base | No Objection | | | |
| Finke 03-30-09 | p. 55, 5-23 | BMZ and New Orleans material | No Objection | | | |
| Finke 03-30-09 | p. 57, 3 to p. 58, 4, 8-14 | Pre-Bankruptcy PI PID Documents | Relevance | | | |
| Finke 03-30-09 | p. 61, 15 to p. 62, 8 | Pre-Bankruptcy Knowledge and Assistance with Informational Brief | Relevance | | | |
| Finke | p. 65, 11 to | Knowledge of Judge | Relevance | | | |

2

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| 03-30-09 | p. 66, 24 | Hayes Conditional Certification | | | | |
| Finke 03-30-09 | p. 72, 7 to p. 73, 12 | Review of PD Claims after PD Bar Date | Relevance | | | |
| Finke 03-30-09 | p. 74, 24 to p. 76, 2, 12-20 | 2005 Boca Raton Meeting and later emails and draft Stipulation | Relevance; Fed. R. Evid. 408 | | | |
| Finke 03-30-09 | p. 77, 4-16 | Discussions with Messrs. Siegel and Shelnitz re Boca Raton discussions | Relevance; Fed. R. Evid. 408 | | | |
| Finke 03-30-09 | p. 81, 22 to p. 82, 15 | S&R's 2019 | Relevance | | | |
| Finke 03-30-09 | p. 83, 13 to p. 84, 3 | Preparation of Asbestos PD Evaluation Reports | Relevance; Attorney Work Product | | | |
| Finke 03-30-09 | p. 85, 8 to p. 87, 19 | Description of Asbestos PD Evaluation Reports and Distribution of same and discussions of S&R claims in-house | Relevance | | | |
| Finke 03-30-09 | p. 88, 18-23 | Distribution of Reports on S&R claims | Relevance | | | |

3

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Finke 03-30-09 | p. 92, 12 to p. 93, 16 | Gateway Objections | Relevance | | | |
| Finke 03-30-09 | p. 99, 4-24 | ZAI Settlement discussions | Relevance; Fed. R. Evid. 408; Speculation | | | |
| Finke 03-30-09 | p. 103, 21 to p. 104, 11 | ZAI Settlement discussions | Relevance; Fed. R. Evid. 408 | | | |
| Finke 03-30-09 | p. 105, 5-9, 19 to p. 106, 6, 10-23 | ZAI Settlement discussions | Relevance; Fed. R. Evid. 408 | | | |
| Finke 03-30-09 | p. 107, 24 to p. 108, 10 | ZAI Settlement discussions | Relevance; Fed. R. Evid. 408 | | | |
| Finke 03-30-09 | p. 109, 19 to p. 111, 4, 11 to p. 112, 10 | ZAI Settlement discussions | Relevance; Fed. R. Evid. 408 | | | |
| Finke 03-30-09 | p. 113, 3-21 | ZAI Settlement discussions | Relevance; Fed. R. Evid. 408 | | | |
| Finke 03-30-09 | p. 114, 1, 18 to p. 115, 12, 17-21 | ZAI Settlement discussions | Relevance; Fed. R. Evid. 408 | | | |

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Finke 03-30-09 | p. 116, 23-24 | ZAI claims process | No Objection | | | |
| Finke 03-30-09 | p. 117, 4-5, 7 to p. 118, 2, 6-8, 21 to p. 119, 1, 18-21 | ZAI Trust Procedures and treatment of opt-outs | No Objection | | | |
| Finke 03-30-09 | p. 120, 3-14 | ZAI Settlement discussions | Relevance; Fed. R. Evid. 408 | | | |
| Finke 03-30-09 | p. 123, 21 to p. 125, 3, 14-24 | WRG's October 23, 2003 submission of Dr. Corn in SC | Relevance | | | |
| Finke 03-30-09 | p. 127, 13-17, 20-21, 23 to p. 128, 3, 5-6, 8-16 | Notice re ZAI vs. Notice re Masonry Fill | Relevance | | | |
| Finke 03-30-09 | p. 128, 17 to p. 129, 3 | Denise Martin Report | Relevance | | | |
| Finke 03-30-09 | p. 134, 1 to p. 139, 6, 20-21, 23 to p. 141, 1 | MK3 Jobsite Invoices | Relevance | | | |
| Finke 03-30-09 | p. 141, 2-9, 24 to p. 144, 15, 22 to p. 145, 4 | 2005 draft stipulation re S&R claims | Relevance; Fed. R. Evid. 408; Attorney | | | |

5

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| | | | - Client Privilege | | | |
| Finke 03-30-09 | p. 146, 22 to p. 147, 10 p. 148, 3 to p. 151, 9 | Listing and Treatment of PD Pre-filed cases | Relevance | | | |
| Finke 03-30-09 | p. 153, 1-10 | Discussion of Pre-filed cases | Relevance | | | |
| Finke 03-30-09 | p. 155, 1 to p. 156, 22, 24 to p. 157, 1, 3-4 | Discussion of Pre-filed cases | Best Evidence | | | |

6

FINKE 03/30/20009 DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
(Seaton, OneBeacon, GEICO, and Republic)

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Finke (Mar. 30) | p.4, l.20 to p.6, l.16 p.32, ll.8-22 p.164, l.4 to p.166, l.21 | | No Objection | | No Objection | |
| Finke (Mar. 30) | p.166, l.22 to p.168, l.1 | Insurance Neutrality. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of unsettled insurers. In particular, this testimony concerns the prepetition handling of claims against Debtors. | Objections maintained. In addition, pre-petition relationships between national and local Grace counsel are not relevant to operation of the plan or treatment of insurers prepetition. | |
| Finke (Mar. 30) | p.168, l.2 to p.169, l.3 p.175, l.23 to p.176, l.5 | | No Objection | | No Objection | |
| Finke (Mar. 30) | p.179, l.4 to p.183, l.23 | Insurance Neutrality. | Relevance | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in | Objection maintained. In addition, drafting and negotiation of the Plan is not | |

† The "Brief Summary" of testimony is not intended to be an exhaustive list of issues as to which the testimony relates. For a more complete and accurate understanding, please see the designated testimony. As previously discussed on the record, relevance will be more fully addressed in conjunction with post-trial briefing.

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | that process and the absence of any role for the Debtors' insurers, and Mr. Finke's personal knowledge with respect to the same. | relevant. Moreover, Mr. Finke stated he did not prepare Plan drafts and was not involved in most of the negotiations the insurers asked about. Thus, most of the follow-up questions lacked foundation. | |
| Finke (Mar. 30) | p.183, l.24 to p.184, l.4 | Insurance Neutrality. | Relevance; Best Evidence | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in that process and the absence of any role for the Debtors' insurers, and Mr. Finke's personal knowledge with respect to the same. | Objections maintained. In addition, drafting and negotiation of the Plan is not relevant. Moreover, Mr. Finke stated he did not prepare Plan drafts and was not involved in most the negotiations the insurers asked about. Thus, most of the follow-up questions lacked foundation. | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Finke (Mar. 30) | p.184, l.23 to p.185, l.1 p.185, ll.6-18 p.185, l.21 to p.187, l.3 | | No Objection | | No Objection | |
| Finke (Mar. 30) | p.189, l.18 to p.192, l.24 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. Comm.. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). Moreover, this testimony establishes foundation for the following designated passage. | Objection maintained. In addition, consultation with insurers in development of the Plan is not required, and consultation, or lack thereof, is not relevant. | |
| Finke (Mar. 30) | p.193, ll.1-22 | Insurance Neutrality. | Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. Moreover, it is supplemental to, rather than cumulative to, the response to written discovery discussed in conjunction with Mr. Finke's testimony. | Objection maintained. In addition, the Plan provisions are better evidence of treatment of insurers' under the Plan than Mr. Finke's understanding, which is limited. | |
| Finke (Mar. 30) | p.194, ll.1-22 | Insurance Neutrality. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with | Objection maintained. In addition, the Plan provisions are | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | respect to the rights of insurers. Moreover, it is supplemental to, rather than cumulative to, the response to written discovery discussed in conjunction with Mr. Finke's testimony. | better evidence of treatment of insurers' under the Plan than Mr. Finke's understanding, which is limited. | |
| Finke (Mar. 30) | p.195, ll.4-24 p.196, ll.1-15 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. Comm.. note; *Conway v. Chem. Leaman Tank Lines, Inc.,* 525 F.2d 927, 930 (5th Cir. 1975). | Objection maintained. In addition, Mr. Finke's knowledge of Mr. Posner's review of interrogatory responses is neither background evidence nor relevant. | |
| Finke (Mar. 30) | p.197, l.19 to p.199, l.6 p.199, l.9 | Scope of Injunctions. | Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to certain injunctions described in the Plan. | Objection maintained. In addition, the Plan provisions are the best evidence of the scope of injunctions. | |
| Finke (Mar. 30) | p.200, l.6 to p.201, l.11 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. Comm.. note; *Conway v. Chem. Leaman Tank Lines, Inc.,* | Objection maintained. In addition, this discussion of interrogatory | |

- 4 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|----------|-----------------|----------------|------------|------------------------|-----------------------------------|---------------------|
|          |                 |                |            | 525 F.2d 927, 930 (5th Cir. 1975). | responses, of which Mr. Finke has no knowledge, is not relevant as background information or otherwise. | |

## FINKE 05/13/2009 DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
### (Fireman's Fund Insurance Company re "Surety Claim")

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Richard Finke 05/13/2009 | 264:20 - 266:2 | | None | | | |
| Richard Finke 05/13/2009 | 266:4 - 268:18 | | None | | | |
| Richard Finke 05/13/2009 | 277:9 - 277:13 | | 277:9 - 277:13 Legal Opinion | | Objection withdrawn | |
| Richard Finke 05/13/2009 | 277:16 - 278:2 | | 277:16 - 278:2 Legal Opinion | | Objection withdrawn | 279:9 - 279:14 |
| Richard Finke 05/13/2009 | 281:7 - 281:11 | | None | | | |
| Richard Finke 05/13/2009 | 282:19 - 283:1 | | 282:19 - 283:1 Speculative | | Objection withdrawn | |
| Richard Finke 05/13/2009 | 283:9 - 283:12 | | 283:9 - 283:12 Speculative | | Objection withdrawn | |

FINKE 05/13/2009 DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
(Seaton, OneBeacon, GEICO, and Republic)

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Finke (May 13) | p.11, l.7 to p.14, l.20 p.15, l.13 to p.18, l.2 p.19, l.6 to p.21, l.15 p.23, l.21 to p.26, l.13 | | No Objection | | No Objection | |
| Finke (May 13) | p.26, l.14 to p.28, l.14 | Insurance Neutrality. | Relevance; Violation of FRE 408 | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in that process and the absence of any role for the Debtors' insurers, a topic as to which Mr. Finke was designated to testify on behalf of the Debtors pursuant to Fed. R. Civ. P. 30(b)(6). *See* Finke (May 13) Dep. Ex. 2, at 5, 9, 16. Moreover, this testimony is not offered to establish the validity or amount of underlying asbestos claims, and therefore its use is not | Objections maintained. In addition, discussions or negotiations leading to the Plan and/or draft plan-related documents are indeed protected under F.R.E. 408. *See, e.g. In re Combustion Eng'g*, Case No. 03-10495 (JKF) (Bankr. D. Del. May 2, 2003) (Hr'g Tr. at 301) *In re ACandS,* | |

† The "Brief Summary" of testimony is not intended to be an exhaustive list of issues as to which the testimony relates. For a more complete and accurate understanding, please see the designated testimony. As previously discussed on the record, relevance will be more fully addressed in conjunction with post-trial briefing.

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | prohibited by F.R.E. 408. *See* F.R.E. 408(a) & F.R.E. 408 adv. comm. notes. | *Inc.*, No. 02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-45). | |
| Finke (May 13) | p.37, ll.5-23 | Insurance Neutrality. | Best Evidence; Violation of FRE 408 | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in that process and the absence of any role for the Debtors' insurers, a topic as to which Mr. Finke was designated to testify on behalf of the Debtors pursuant to Fed. R. Civ. P. 30(b)(6). *See* Finke (May 13) Dep. Ex. 2, at 5, 9, 16. Moreover, this testimony is not offered to establish the validity or amount of underlying asbestos claims, and therefore its use is not prohibited by F.R.E. 408. *See* F.R.E. 408(a) & F.R.E. 408 adv. comm. notes. | Objections maintained. In addition, discussions or negotiations leading to the Plan and/or draft plan-related documents are indeed protected under F.R.E. 408. *See, e.g, In re Combustion Eng'g,* Case No. 03-10495 (JKF) (Bankr. D. Del. May 2, 2003) (Hr'g Tr. at 301) *In re ACandS, Inc.,* No. 02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-45). | |

- 2 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Finke (May 13) | p.38, l.22 to p.39, l.17 | Insurance Neutrality. | Relevance; Best Evidence; Violation of FRE 408 | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in that process and the absence of any role for the Debtors' insurers, a topic as to which Mr. Finke was designated to testify on behalf of the Debtors pursuant to Fed. R. Civ. P. 30(b)(6). *See* Finke (May 13) Dep. Ex. 2, at 5, 9, 16. Moreover, this testimony is not offered to establish the validity or amount of underlying asbestos claims, and therefore its use is not prohibited by F.R.E. 408. *See* F.R.E. 408(a) & F.R.E. 408 adv. comm. notes. | Objections maintained. In addition, discussions or negotiations leading to the Plan and/or draft plan-related documents are indeed protected under F.R.E. 408. *See, e.g., In re Combustion Eng'g*, Case No. 03-10495 (JKF) (Bankr. D. Del. May 2, 2003) (Hr'g Tr. at 301) *In re ACandS, Inc.*, No. 02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-45). | |
| Finke (May 13) | p.43, ll.4-9 p.43, ll.17-23 p.44, ll.1-21 p.44, l.24 to p.45, l.9 p.45, ll.21-24 | Insurance Neutrality. | Best Evidence | This testimony concerns the purpose and intended operation of the Plan and its Asbestos Insurance Transfer Agreement with respect to the rights of insurers. | Objection maintained. In addition, the Plan itself provides the best evidence of such treatment of | |

- 3 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | p.46, ll.7-11<br>p.46, l.16<br>p.47, ll.4-6<br>p.47, ll.9-11 | | | Moreover, this testimony is foundational background information with respect to the designated passages which follow. | insurers.<br>Moreover, this line of questioning forces Mr. Finke to speculate and asks for legal opinions. | |
| Finke (May 13) | p.47, ll.12-14<br>p.48, ll.5-16 | | No Objection | | No Objection | |
| Finke (May 13) | p.48, l.20 to p.49, l.12 | Insurance Neutrality. | Best Evidence | This testimony concerns the purpose and intended operation of the Plan and its Asbestos Insurance Transfer Agreement with respect to the rights of insurers. | Objection maintained. In addition, the Plan provisions are the best evidence to this line of questioning. | |
| Finke (May 13) | p.54, l.5 to p.55, l.4 | | No Objection | | No Objection | |
| Finke (May 13) | p.55, ll.5-10<br>p.56, l.5 to p.57, l.1<br>p.57, ll.5-17 | Insurance Neutrality. | Best Evidence | This testimony concerns the purpose and intended operation of the Plan and its Asbestos PI Trust Agreement and Asbestos PI Trust Distribution Procedures with respect to the rights of insurers. | Objection maintained. In addition, the TDP and Plan provisions are the best evidence to these questions. | |
| Finke (May 13) | p.58, l.5 to p.59, l.20 | | No Objection | | No Objection | |
| Finke (May 13) | p.59, ll.21-24<br>p.60, ll.3-16<br>p.60, l.22 to | TAC Conflicts. | Best Evidence | This testimony concerns the purpose and intended operation of the Plan and its | Objection maintained. In addition, this line | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | p.61, l.1 | | | Asbestos PI Trust Agreement and Asbestos PI Trust Distribution Procedures, and the nature and scope of the TAC members' inherent conflicts of interest. | of questioning is not relevant and is cumulative of testimony given by Elihu Inselbuch on 9/14/2009, at Tr. pp. 32-36 | |
| Finke (May 13) | p.61, ll.2-10 | | No objections. | | No Objection | |
| Finke (May 13) | p.61, ll.13-24 | TAC Conflicts. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and its Asbestos PI Trust Agreement and Asbestos PI Trust Distribution Procedures, and the nature and scope of the TAC members' inherent conflicts of interest. | Objections maintained. | |
| Finke (May 13) | p.62, ll.1-13 p.62, ll.16-22 p.63, l.5 to p.64, l.11 p.64, ll.14-20 p.65, ll.3-20 p.66, ll.8-16 p.66, l.22 to p.67, l.12 p.67, ll.19-22 | TAC Conflicts. | Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and its Asbestos PI Trust Agreement and Asbestos PI Trust Distribution Procedures, and the nature and scope of the TAC members' inherent conflicts of interest. | Objections maintained. In addition, this line of questioning asks about fiduciary duties and seeks other legal determinations. It is also cumulative of testimony given | |

- 5 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | Mr. Finke's testimony was based upon his review of the Plan and Plan Documents both in his day-to-day role as assistant general counsel and as the Debtors' Rule 30(b)(6) designee on the topic of the negotiation and drafting of the Plan and Plan Documents. *See* Finke (May 13) Dep. Ex. 2, at 5, 9, 16. Moreover, the mere existence and general nature of fiduciary duties owed by the TAC members, in their alternative roles as TAC members and as counsel to individual asbestos PI claimants, is not a matter directly at issue in this case, but rather an ancillary issue helpful to understanding and determining the ultimate issue of whether the TAC members' inherent conflicts of interest render the Plan unconfirmable. Such testimony is admissible pursuant to F.R.E. 701. *See Eisenberg v. Gagnon*, 766 F.2d 770, 780-81 (3d Cir. | by Elihu Inselbuch on 9/14/2009, at Tr. pp. 32-39 | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Finke (May 13) | p.68, l.1 | | No Objection | 1985). | No Objection | |
| Finke (May 13) | p.68, l.23 to p.69, l.5<br>p.69, ll.10-11 | TAC Conflicts. | Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and its Asbestos PI Trust Agreement and Asbestos PI Trust Distribution Procedures, and the nature and scope of the TAC members' inherent conflicts of interest.<br><br>Mr. Finke's testimony was based upon his review of the Plan and Plan Documents both in his day-to-day role as assistant general counsel and as the Debtors' Rule 30(b)(6) designee on the topic of the negotiation and drafting of the Plan and Plan Documents. *See* Finke (May 13) Dep. Ex. 2, at 5, 9, 16. Moreover, the mere existence and general nature of fiduciary duties owed by the TAC members, in their alternative roles as TAC members and as counsel to | Objections maintained. In addition, this questioning continues to seek legal opinion regarding attorney and TAC members' fiduciary duties and is cumulative of testimony given by Elihu Inselbuch on 9/14/2009, at Tr. pp. 32-36 (as to p.68, l.23 to p.69, l.5) | |

- 7 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | individual asbestos PI claimants, is not a matter directly at issue in this case, but rather an ancillary issue helpful to understanding and determining the ultimate issue of whether the TAC members' inherent conflicts of interest render the Plan unconfirmable. Such testimony is admissible pursuant to F.R.E. 701. *See Eisenberg v. Gagnon*, 766 F.2d 770, 780-81 (3d Cir. 1985). | | |
| Finke (May 13) | p.69, l.20 to p.70, l.15 p.75, l.23 to p.76, l.7 p.76, l.19 to p.77, l.11 p.77, ll.14-21 | | No Objection | | No Objection | |
| Finke (May 13) | p.77, l.22 to p.78, l.2 p.78, ll.7-13 p.78, l.18 to p.79, l.12 p.79, ll.16-19 p.80, ll.3-23 p.81, l.4 to p.83, l.8 | Insurance Neutrality. | Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan's insurance neutrality language. | Objections maintained. In addition, this line of questioning asks how Section 7.15 operates which is best explained by the provision itself. It | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | p.83, l.13 to p.85, l.1 p.85, ll.4-11 p.85, l.14 to p.87, l.2 p.87, ll.5-10 p.87, ll.13-18 p.87, l.21 to p.89, l.2 p.89, l.7 to p.90, l.3 | | | | also seeks legal opinions. | |
| Finke (May 13) | p.91, ll.1-19 p.91, ll.22-23 p.93, l.21 to p.94, l.7 p.94, ll.16-19 | | No Objection | | No Objection | |
| Finke (May 13) | p.94, l.20 to p.95, l.7 | Treatment of Settled Insurers' Contractual Indemnity Claims. | Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Asbestos PI Trust Distribution Procedures with respect to certain contractual indemnity claims held by settled insurers. | Objections maintained. In addition, this line of questioning asks for testimony as to what Section 5.13 says and then demands legal and not factual analysis. | |
| Finke (May 13) | p.96, ll.1-15 p.96, ll.20-22 | Insurance Neutrality; Treatment of Settled Insurers' Contractual | Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan, the Plan's insurance neutrality language, and the Plan's | Objections maintained. In addition, this line of questioning asks for testimony | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | Indemnity Claims. | | Asbestos PI Trust Distribution Procedures with respect to certain contractual indemnity claims held by settled insurers. | asks for a legal analysis of Section 7.15(b) of the Plan. | |
| Finke (May 13) | p.101, ll.14 to p.102, l.20<br>p.116, ll.5-8<br>p.116, ll.13-23<br>p.117, ll.5-10<br>p.117, ll.13-20<br>p.118, ll.2-10<br>p.118, l.13 to p.119, l.14<br>p.119, ll.17-20<br>p.119, l.23 to p.120, l.6<br>p.121, ll.6-18<br>p.121, l.21 to p.123, l.15<br>p.123, l.18 to p.124, l.5 | | No Objection | | No Objection | |
| Finke (May 13) | p.125, ll.4-11<br>p.125, l.14 to p.126, l.5<br>p.126, ll.8-13<br>p.126, l.21 to p.127, l.14 | Exculpation Provision. | Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan's exculpation provision. | Objections maintained. In addition, this testimony asks Mr. Finke to interpret Section | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | p.127, ll.17-18 | | | | 11.9 of the plan and is cumulative of testimony given by Mr. Finke on 9/14/2009 at Tr. p. 181. | |
| Finke (May 13) | p.128, l.4 to p.129, l.9<br>p.129, ll.12-19<br>p.131, ll.5-18 | | No Objection | | No Objection | |
| Finke (May 13) | p.131, l.19 to p.132, l.7 | Treatment of Settled Insurers' Contractual Indemnity Claims. | Relevance; Best Evidence; Seeking Legal Opinion | This testimony is admissible background evidence with respect to certain contractual indemnity claims held by settled insurers. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | This testimony seeks legal opinion on how the agreements operate. They speak for themselves, and Mr. Finch only has a cursory understanding. The objections all stand. | |
| Finke (May 13) | p.201, ll.3-9 | Background Information. | Relevance; Foundation | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | No Objections (objections dropped) | |
| Finke (May 13) | p.288, l.20 to p.289, l.4 | | No Objection | | No Objection | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Finke (May 13) | p.289, ll.7-21 p.289, l.22 to p.290, l.4 p.290, l.10 to p.291, l.14 | Insurance Neutrality. | Relevance; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan's insurance neutrality language. | Objections maintained. In addition, insurance neutrality is a legal concept and questions about the meaning of insurance neutrality seek a legal opinion. | |
| Finke (May 13) | p.291, ll.18-19 | | No Objection | | No Objection | |
| Finke (May 13) | p.291, l.20 to p.292, l.4 | Insurance Neutrality. | Relevance; Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan's insurance neutrality language. | Objections maintained. In addition, 7.15 states how 7.15 operates. The questions ask for legal opinion about a legal construct. Moreover, it asks for Mr. Finke's legal analysis of previous precedent. | |
| Finke (May 13) | | | PP's counter. | | The entire line of questions from p. 290:20-292:17 | p.292, ll.12-17. The line of questioning |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | | seeks improper legal opinion. | asks Mr. Finke about legal conclusions the Court might or might not reach as to the Plan and the application of certain precedent in law. |
| Finke (May 13) | p.293, ll.3-10 p.293, ll.14-17 p.293, ll.20-22 p.293, l.23 to p.294, l.11 | Insurance Neutrality. | Relevance; Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan's insurance neutrality language. | Objections maintained. In addition, these questions continue to impermissibly ask about Mr. Finke's understanding of legal precedent. | |
| Finke (May 13) | p.335, ll.7-14 | Treatment of Settled Insurers' Contractual Indemnity Claims. | Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers. | Objections maintained. In addition, this questioning seeks testimony on legal issues, such as the basis for classification under the Plan. | |
| Finke (May 13) | p.335, ll.17-23 | Treatment of Settled Insurers' | Seeking Legal Opinion | This testimony concerns the purpose and intended | Objection maintained. In | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | Contractual Indemnity Claims. | | operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers. | addition, this questioning seeks testimony on legal issues, such as the basis for classification under the Plan. | |
| Finke (May 13) | p.337, l.20 to p.338, l.24 p.339, ll.1-7 | Insurance Neutrality. | Relevance; Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan's insurance neutrality language. | Objections maintained. In addition, this testimony asks for legal opinions as to the operation of the Plan. | |
| Finke (May 13) | p.340, ll.6-7 | Insurance Neutrality. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan's insurance neutrality language. | Objections maintained. In addition, this testimony asks for legal opinions as to the operation of the Plan. | |

- 14 -

## FLORENCE DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
### (Anderson Memorial Hospital)

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Florence 08-11-09 | p. 8, 8-18 | Background | *see footnote | | | |
| Florence 08-11-09 | p. 9, 2-25 | Background - Employment History | *see footnote | | | |
| Florence 08-11-09 | p. 10, 2-25 | Background - Employment History | *see footnote | | | |
| Florence 08-11-09 | p. 11, 2-25 | Background - Employment History | *see footnote | | | |
| Florence 08-11-09 | p. 12, 2-25 | Background - Employment History | *see footnote | | | |
| Florence 08-11-09 | p. 13, 2-6, 14-22 | Background - Work in asbestos bankruptcy and PD cases | *see footnote | | | |
| Florence 08-11-09 | p. 14, 5-20 | Identification and whereabouts of Daniel Rourke | *see footnote | | | |

* The Plan Proponents object to the designation of any testimony from Dr. Florence. Anderson Memorial is impermissibly attempting to use Dr. Florence as an expert in its case where it has not designated Dr. Florence as an expert and Dr. Florence did not testify in the Confirmation Proceedings as an expert on these or any other matters.

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Florence 08-11-09 | p. 22, 5-15, p. 23, 5-6 | Work in 1990's for WRG with Rourke | *see footnote | | | |
| Florence 08-11-09 | p. 23, 12-17, p. 24, 14-17, 20-25, p. 25, 2-10, 13-19 p. 26, 5-7, 10-21 | Discussion of Exhibit 2, 1995 Report | Relevance; Foundation; Speculation *see footnote | | | |
| Florence 08-11-09 | p. 27, 11-16 p. 28, 10-18 | 1995 Work for WRG with Dr. Rourke | Relevance; Speculation *see footnote | | | |
| Florence 08-11-09 | p. 33, 3-8, 11-22, p. 34, 3 | Expertise to do PD work if WRG had requested in the bankruptcy | Relevance; Speculation *see footnote | | | |
| Florence 08-11-09 | p. 34, 20-25 | 2007 PI Estimation | Relevance *see footnote | | | |
| Florence 08-11-09 | p. 35, 2-4, 9, 13-16, 21, 22-25 | 2007 PI Estimation | Relevance *see footnote | | | |
| Florence 08-11-09 | p. 36, 2, 20-25 | 2007 PI Estimation | Relevance *see footnote | | | |
| Florence 08-11-09 | p. 37, 2-6, 9-25 | 2007 PI Estimation | Relevance *see footnote | | | |

2

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Florence 08-11-09 | p. 38, 2-25 | 2007 PI Estimation | Relevance *see footnote | | | |
| Florence 08-11-09 | p. 39, 2-3 | 2007 PI Estimation | Relevance *see footnote | | | |
| Florence 08-11-09 | p. 41, 2-25 | 2007 PI Estimation | Relevance *see footnote | | | |
| Florence 08-11-09 | p. 42, 2-9 | 2007 PI Estimation | Relevance *see footnote | | | |
| Florence 08-11-09 | p. 43, 5-25 | 2007 PI Estimation | Relevance *see footnote | | | |
| Florence 08-11-09 | p. 44, 2-25 | 2007 PI Estimation | Relevance *see footnote | | | |
| Florence 08-11-09 | p. 45, 3-6, 20-22 | 2007 PI Estimation | Relevance *see footnote | | | |
| | | | | | | Plan Proponents' Counter Designations to Anderson Memorial's Designations of |

3

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| | | | | | | Florence are: <br><br> 07/30/2002 <br> Robert Beber <br> Deposition <br> 7:6 - 7:11; <br> 7:19 - 9:25; <br> 17:1 - 17:23; <br> 17:24 - 20:23; <br> 21:9 - 21:22; <br> 24:5 - 24:24; <br> 33:24 - 34:6; <br> 50:16 - 51:17; <br> 58:12 - 59:13; <br> 60:8 - 67:3; <br> 70:15 - 70:22; <br> 82:10 - 83:10; <br> 134:13 - 135:4 |

4

## HUGHES DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
### (Anderson Memorial Hospital)

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Hughes 06-11-09 | p. 397, 21 to p. 399, 22 | Background - Positions and Responsibilities with WRG | No Objection | | | |
| Hughes 06-11-09 | p. 399, 22 to p. 400, 12 to p. 402, 3, 6 to p. 403, 22 | Document Collections and Indices | Relevance | | | |
| Hughes 06-11-09 | p. 404, 13-20, 22 to p. 405, 1 and p. 406, 6-12 | Privileged Documents and Index | Relevance | | | |
| Hughes 06-11-09 | p. 406, 13-24, p. 407, 1-24, p. 408, 1-24, p. 409, 1-8 | Instructions re Other Document Collections | Relevance | | | |
| Hughes 06-11-09 | p. 409, 9 to p. 410, 18 | Background - Responsibility for PI Cases and Processing of Information | Relevance | | | |
| Hughes 06-11-09 | p. 410, 19 to p. 411, 19 | Background - Responsibility for PI Cases and Processing of Information | Relevance; Privilege | | | |

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Hughes 06-11-09 | p. 412, 3-17, 22 to p. 413, 7 | Background - Responsibility for PI Cases and Processing of Information | Relevance; Privilege | | | |
| Hughes 06-11-09 | p. 413 ,8-15 | Background - Responsibility for PI Cases and Processing of Information | Relevance | | | |
| Hughes 06-11-09 | p. 413,16 - 20 | Background - Responsibility for PI Cases and Processing of Information | Relevance; Privilege | | | |
| Hughes 06-11-09 | p. 414 1-15, 18 to p. 415, 1, 6-11, 13, 19 to p. 416, 12, 15 to p. 417, 5, 8-14 | Background - Responsibility for PI Cases and Processing of Information | p. 414 2-7 No Objection<br><br>p. 414, 8 - p. 415, 1 Relevance; Privilege<br><br>p. 415, 8- p.417,14 Relevance | | | |

2

## HUGHES DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
### (Arrowood)

| Deponent | Pages and Lines | Brief Summary† | Objections | Responses to Objections | Plan Proponents' Current Position | Counter Designations | Deposition Exhibit | Admitted Trial Exhibit |
|---|---|---|---|---|---|---|---|---|
| Hughes (June 11, 2009 Deposition) | p. 361, l.22 to p. 378, l.24 | Grace and Arrowood reject BNSF's claims for coverage for asbestos related claims under the Zonolite policies | None (admitted for all purposes on Sept. 15, 2009) | None | None | | Exhibit 13 | A-82 |
| | | | | | | | Exhibit 14 | A-12 |
| | | | | | | | Exhibit 1 | No |

† The "Brief Summary" is not intended to be an exhaustive list of issues as which the testimony relates. For a more complete and accurate understanding, please see the designated testimony.

3759130.1

## HUGHES DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
### (Seaton, OneBeacon, GEICO, and Republic)

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Hughes | p.13, ll.20-23 | Background Information. | No Objection | | No Objection | |
| Hughes | p.13, l.24 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | No Objection | |
| Hughes | p.14, ll.1-16 | Background information. | No Objection | | No Objection | |
| Hughes | p.14, l.17 to p.15, l.18 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection maintained. In addition, Jay Hughes' supervisors in the 1990s and deposition preparation are not relevant to any matters at issue. | |
| Hughes | p.16, ll.1-5 p.16, l.16 to p.17, l.12 p.19, ll.13-23 | Responsibilities with respect to insurance disputes concerning asbestos claims prepetition. | No Objection | | No Objection | |

† The "Brief Summary" of testimony is not intended to be an exhaustive list of issues as to which the testimony relates. For a more complete and accurate understanding, please see the designated testimony. As previously discussed on the record, relevance will be more fully addressed in conjunction with post-trial briefing.