| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Hughes | p.28, l.16 to p.30, l.13 p.30, ll.16-24 p.35, ll.18-21 p.36, ll.1-17 p.36, l.19 to p.38, l.3 p.57, ll.19-23 p.58, l.2 p.62, ll.17-20 p.62, l.23 to p.63, l.11 p.63, l.16 to p.64, l.8 p.64, ll.11-24 p.66, ll.14-20 p.66, l.23 to p.67, l.4 | Insurance Neutrality. | Relevance | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of unsettled insurers. In particular, this testimony concerns the prepetition handling of claims against Debtors. | Objection maintained. In addition, most of these particular questions with respect to prepetition practices are not relevant to the propriety of the Trust, TDP, or any matters at issue. Relevant issues, such as factors considered in evaluating a case or settlement were covered extensively at trial by Mr. Hughes and this testimony is cumulative. | |
| Hughes | p.126, ll.11-14 p.126, ll.17-20 | | No Objection | | No Objection | |
| Hughes | p.126, ll.21-23 p.127, ll.2-16 p.127, l.22 to p.128, l.7 | Insurance Neutrality. | Relevance; Violation of FRE 408 | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in | Objections maintained. In addition, discussions or negotiations | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | p.128, ll.12-23<br>p.129, ll.3-9<br>p.131, ll.15-23<br>p.132, l.5 to p.133, l.2<br>p.133, ll.5-7 | | | that process and the absence of any role for the Debtors' insurers, and Mr. Hughes's personal knowledge with respect to the same. This testimony is not offered to establish the validity or amount of underlying asbestos claims, and therefore its use is not prohibited by F.R.E. 408. *See* F.R.E. 408(a) & F.R.E. 408 adv. comm. notes. | leading to the Plan and/or draft plan-related documents are indeed protected under F.R.E. 408. *See, e.g, In re Combustion Eng'g,* Case No. 03-10495 (JKF) (Bankr. D. Del. May 2, 2003) (Hr'g Tr. at 301) *In re ACandS, Inc.,* No. 02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-45). | |
| Hughes | | Mr. Hughes has reviewed TDPs in other bankruptcy settlements in the past and probably looked back over them to provide input concerning the TDP in this case. | | | | p. 134, l.5 to p. 135, l.1. |
| Hughes | | Mr. Hughes | | | | p.135, l.2 to p. |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | understands the disease categories in the TDP, has reviewed the severe pleural disease category, and as a non-expert, believes they are consistent with the medical criteria used in evaluating cases by Grace and other defendants in asbestos litigation. | | | | 136, I.13 |
| Hughes | p.296, I.21 to p.299, I.18 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection maintained. In addition, this is not background information. Nor is it relevant. | |
| Hughes | p.300, Il.4-8 | | No Objection | | No Objection | |
| Hughes | p.301, I.2 to p.302, I.24 | Insurance Neutrality. | Relevance; Foundation | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objections maintained. In addition, this testimony is not relevant. It asks about schedules that Mr. Hughes | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Hughes | p.303, l.1 to p.305, l.2 | Insurance Neutrality. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | has not even seen. Objection maintained. In addition, the testimony is not relevant to matters at issue. | |
| Hughes | p.305, ll.3-24 | | No Objection | | No Objection | |
| Hughes | p.310, ll.9-11 | Insurance Neutrality. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection maintained. In addition, the testimony is not relevant to matters at issue. | |
| Hughes | p.311, ll.3-24 | Insurance Neutrality. | Relevance; Best Evidence | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objections maintained. In addition, this testimony is not background evidence, is not relevant, and the documents speak for themselves. | |
| Hughes | p.312, ll.1-24 | Insurance Neutrality. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection maintained. In addition, whether Mr. Hughes knows if GEICO and Republic are settled and show up on schedules of | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | | settled insurers is not background and is not relevant. | |
| Hughes | p.313, ll.1-17 p.314, ll.10-24 | Insurance Neutrality. | Relevance; Best Evidence | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objections maintained. In addition, this testimony is not background evidence, is not relevant, and the documents speak for themselves. | |
| Hughes | p.315, ll.1-7 | Insurance Neutrality. | Relevance; Foundation | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | No Objection | |
| Hughes | p.315, ll.11-18 p.316, ll.2-15 p.316, ll.17-24 p.317, ll.3-15 p.317, ll.22-24 | Insurance Neutrality. | Relevance; Best Evidence; Foundation | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | No Objection | |
| Hughes | p.318, ll.1-7 p.318, ll.10-19 | Insurance Neutrality. | Relevance; Foundation; Seeking Legal Opinion; | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman* | Objections maintained. In addition, any "ceding of rights" | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | Speculative | *Tank Lines, Inc,* 525 F.2d 927, 930 (5th Cir. 1975). <br><br> Mr. Hughes's testimony was based upon personal knowledge gained both by virtue of his day-to-day role as senior litigation counsel responsible for matters involving asbestos PI claims against the Debtors, and as the Debtors' Rule 30(b)(6) designee on a variety of insurance-related topics. *See* Hughes Dep. Ex. 11, at 15. Moreover, given his role as senior litigation counsel and his professional qualifications, Mr. Hughes's testimony as to the existence (or absence) of agreements with certain of the Debtors' insurers concerning their rights as insurers is admissible pursuant to F.R.E. 701. *See Eisenberg v. Gagnon,* 766 F.2d 770, 780-81 (3d Cir. 1985). | on the part of GEICO or Republic is not relevant to any dispute at issue. Plan Proponents have never made such a claim. Ceding of rights under insurance agreements calls for a legal opinion and is not an appropriate question to ask any witness. | |
| Hughes | p.318, l.24 to p.319, l.1 | Insurance Neutrality. | Relevance; Foundation; Speculative | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; | Objections maintained. In addition, any | |

- 7 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | "ceding of rights" on the part of GEICO or Republic is not relevant to any dispute at issue. Plan Proponents have never made such a claim. Ceding of rights under insurance agreements calls for a legal opinion and is not an appropriate question to ask any witness. | |
| Hughes | p.319, ll.2-16 p.320, l.3 to p.321, l.7 | | No Objection | | No Objection | |
| Hughes | p.321, l.8 to p.324, l.23 p.325, l.4 to p.328, l.12 p.329, l.6 to p.330, l.2 p.330, l.13 to p.331, l.11 | Insurance Neutrality. | Relevance | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of unsettled insurers. In particular, this testimony concerns the prepetition handling of claims against Debtors. | Objection maintained. In addition, these types of questions concerning internal coordination between Grace and local counsel pre-petition are not relevant to the | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | | operation of the Plan or any pertinent aspects of prepetition handling of claims. They do not concern insurers. | |
| Hughes | p.331, l.12 to p.333, l.8 | | No Objection | | No Objection | |
| Hughes | p.333, ll.9-10 p.333, l.14 to p.337, l.21 p.337, l.24 to p.338, l.1 p.338, l.14 to p.340, l.21 p.341, ll.1-6 | Insurance Neutrality. | Relevance | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of unsettled insurers. In particular, this testimony concerns the prepetition handling of claims against Debtors. | Objection maintained. In addition, none of this is relevant. Interactions with local counsel and the plaintiff's bar are not relevant. It does not concern anything relevant, such a prepetition settlement criteria. | |
| Hughes | p.341, ll.13-15 p.341, l.20 to p.342, l.3 | | No Objection | | No Objection | |
| Hughes | p.342, ll.4-10 p.342, l.13 to p.344, l.2 | Insurance Neutrality. | Relevance; Violation of FRE 408 | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in | Objections maintained. In addition, these types of discussions or | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | that process and the absence of any role for the Debtors' insurers, a topic as to which Mr. Hughes was designated to testify on behalf of the Debtors pursuant to Fed. R. Civ. P. 30(b)(6). *See* Hughes Dep. Ex. 11, at 2, 9. Moreover, this testimony is not offered to establish the validity or amount of underlying asbestos claims, and therefore its use is not prohibited by F.R.E. 408. *See* F.R.E. 408(a) & F.R.E. 408 adv. comm. notes. | negotiations leading to the Plan and/or draft plan-related documents are indeed protected under F.R.E. 408. *See, e.g, In re Combustion Eng'g,* Case No. 03-10495 (JKF) (Bankr. D. Del. May 2, 2003) (Hr'g Tr. at 301) *In re ACandS, Inc.,* No. 02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-45). | |
| Hughes | p.344, ll.3-8 p.344, ll.16-18 p.346, ll.13-18 | | No Objection | | No Objection | |
| Hughes | p.346, ll.19-24 | Insurance Neutrality. | Relevance | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of | No Objection | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | unsettled insurers. In particular, this testimony concerns the prepetition handling of claims against Debtors. | | |
| Hughes | p.347, ll.1-24 | Insurance Neutrality. | Relevance; Foundation | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of unsettled insurers. In particular, this testimony concerns the prepetition handling of claims against Debtors. | No Objection | |
| Hughes | p.348, ll.5-12 p.348, l.15 to p.349, l.3 p.349, ll.6-24 | Insurance Neutrality. | Relevance | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of unsettled insurers. In particular, this testimony concerns the prepetition handling of claims against Debtors. | Objection maintained. In addition, the testimony does not concern the operation of the plan and is not relevant because it does not concern any pertinent issues with respect to treatment of insurers pre-petition. | |
| Hughes | p.350, ll.1-2 | | No Objection | | No Objection | |
| Hughes | | | | | As noted in the | p. 350, ll. 3-11 |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | | counter-designation, the form is improper and generalizes across all agreements. | |
| Hughes | p.350, ll.13-20 p.350, l.23 to p.351, l.5 | Insurance Neutrality. | Relevance | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of unsettled insurers. In particular, this testimony concerns the prepetition handling of claims against Debtors. | Objection maintained. In addition, the testimony does not concern the operation of the plan and is not relevant because it does not concern any pertinent issues with respect to treatment of insurers pre-petition. | |
| Hughes | p.35, l.6 | | No Objection | | No Objection | |
| Hughes | p.351, ll.7-16 | Insurance Neutrality. | Relevance; Foundation | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of unsettled insurers. In particular, this testimony concerns the prepetition handling of claims against Debtors. | Objections maintained. | |

- 12 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Hughes | p.351, l.20 to p.352, l.17 p.352, l.20 to p.353, l.8 | Insurance Neutrality. | Relevance | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of unsettled insurers. In particular, this testimony concerns the prepetition handling of claims against Debtors. | Objection maintained. | |
| Hughes | p.353, ll.9-14 | Insurance Neutrality. | Relevance; Foundation | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of unsettled insurers. In particular, this testimony concerns the prepetition handling of claims against Debtors. | Objections maintained. | |
| Hughes | p.353, ll.15-23 | Insurance Neutrality. | Relevance; Foundation; Seeking Legal Opinion; Speculative | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of unsettled insurers. In particular, this testimony concerns the prepetition handling of claims against Debtors. | Objections maintained. In addition, Hughes testified he does not recall the subject of this testimony. The line of questioning lacks foundation and is not relevant. | |

- 13 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Hughes | p.353, l.24 to p.354, l.1 | Insurance Neutrality. | Relevance; Foundation; Speculative | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of unsettled insurers. In particular, this testimony concerns the prepetition handling of claims against Debtors. | Objections maintained. In addition, Hughes testified he does not recall the subject of this testimony. The line of questioning lacks foundation and is not relevant. | |
| Hughes | p.354, ll.2-10 p.354, ll.13-21 p.354, l.24 to p.355, l.8 p.355, ll.11-20 p.356, l.22 to p.357, l.1 p.357, ll.4-19 | Insurance Neutrality. | Relevance | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in that process and the absence of any role for the Debtors' insurers, a topic as to which Mr. Hughes was designated to testify on behalf of the Debtors pursuant to Fed. R. Civ. P. 30(b)(6). *See* Hughes Dep. Ex. 11, at 2, 9. | No Objection | |
| Hughes | | The most important consideration to Grace in enacting the TDP was not getting 75% approval by | | | | p. 355, l.22 to p. 356, l. 18 |

- 14 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | asbestos constituencies. It was that the TDP be consistent with prior practice and be a reasonable means of processing and paying claims. | | | | |
| Hughes | | Grace operated in bankruptcy as a for-profit company. And its goal was to operate as a corporation unencumbered by asbestos liabilities. | | | | p. 358, ll.12-16 |
| Hughes | p.358, l.23 to p.359, l.3 | | No Objection | | No Objection | |
| Hughes | p.359, l.4 to p.360, l.4 p.360, ll.8-13 | Insurance Neutrality. | Relevance; Foundation; Seeking Legal Opinion; Speculative | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5ᵗʰ Cir. 1975). Mr. Hughes's testimony was based upon personal knowledge gained both by | Objections maintained. In addition, this testimony is cumulative of what is in the trial record and should not be admitted. | |

- 15 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | virtue of his day-to-day role as senior litigation counsel responsible for matters involving asbestos PI claims against the Debtors, and as the Debtors' Rule 30(b)(6) designee on a variety of insurance-related topics. *See* Hughes Dep. Ex. 11, at 15. Moreover, given his role as senior litigation counsel and his professional qualifications, Mr. Hughes's testimony as to the existence (or absence) of agreements with certain of the Debtors' insurers concerning their rights as insurers is admissible pursuant to F.R.E. 701. *See Eisenberg v. Gagnon*, 766 F.2d 770, 780-81 (3d Cir. 1985). | | |
| Hughes | p.360, ll.21-24 | | No Objection | | No Objection | |
| Hughes | p.361, ll.1-11 | Insurance Neutrality. | Relevance; Foundation | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objections maintained. Royal Belge asked these questions at trial and could not establish sufficient foundation to | |

- 16 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | | warrant an answer. | |
| Hughes | p.361, ll.12-16<br>p.361, l.19 | Insurance Neutrality. | Relevance; Foundation; Seeking Legal Opinion; Speculative | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975).<br><br>Mr. Hughes's testimony was based upon personal knowledge gained both by virtue of his day-to-day role as senior litigation counsel responsible for matters involving asbestos PI claims against the Debtors, and as the Debtors' Rule 30(b)(6) designee on a variety of insurance-related topics. *See* Hughes Dep. Ex. 11, at 15. Moreover, given his role as senior litigation counsel and his professional qualifications, Mr. Hughes's testimony as to the existence (or absence) of agreements with certain of the Debtors' insurers concerning their rights as insurers is admissible pursuant to | Objections maintained. in addition, Royal Belge asked these questions at trial and could not establish sufficient foundation to warrant an answer. | |

- 17 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Hughes | p.381, ll.4-24 | Insurance Neutrality. | Relevance; Best Evidence | F.R.E. 701. *See Eisenberg v Gagnon*, 766 F.2d 770, 780-81 (3d Cir. 1985). This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objections maintained. In addition, the insurance agreements speak for themselves and are better evidence than Mr. Hughes' testimony. | |
| Hughes | p.382, ll.1-10 | Insurance Neutrality. | Relevance; Foundation; Seeking Legal Opinion; Speculative | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). Mr. Hughes's testimony was based upon personal knowledge gained both by virtue of his day-to-day role as senior litigation counsel responsible for matters involving asbestos PI claims against the Debtors, and as the Debtors' Rule 30(b)(6) designee on a variety of insurance-related topics. *See* | Objections maintained. In addition, the insurance agreements speak for themselves and are better evidence than Mr. Hughes' testimony. Plan Proponents do not contend that any insurers have waived their rights under their policies, and this is not relevant to Plan | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | Hughes Dep. Ex. 11, at 15. Moreover, given his role as senior litigation counsel and his professional qualifications, Mr. Hughes's testimony as to the existence (or absence) of agreements with certain of the Debtors' insurers concerning their rights as insurers is admissible pursuant to F.R.E. 701. *See Eisenberg v. Gagnon*, 766 F.2d 770, 780-81 (3d Cir. 1985). | Confirmation. | |
| Hughes | p.382, ll.18-24 | Insurance Neutrality. | Relevance; Best Evidence | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objections maintained. In addition, the insurance agreements speak for themselves and are better evidence than Mr. Hughes' testimony. Plan Proponents do not contend that any insurers have waived their rights under their policies or dispute what these rights | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | | are, and this is not relevant to Plan Confirmation. | |
| Hughes | p.383, ll.4-7 | Insurance Neutrality. | Relevance; Seeking Legal Opinion; Speculative | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5ᵗʰ Cir. 1975).<br><br>Mr. Hughes's testimony was based upon personal knowledge gained both by virtue of his day-to-day role as senior litigation counsel responsible for matters involving asbestos PI claims against the Debtors, and as the Debtors' Rule 30(b)(6) designee on a variety of insurance-related topics. *See* Hughes Dep. Ex. 11, at 15. Moreover, given his role as senior litigation counsel and his professional qualifications, Mr. Hughes's testimony as to the existence (or absence) of agreements with certain of the Debtors' insurers concerning their rights as insurers is | Objections maintained. In addition, Plan is insurance neutral and does not waive any rights; therefore, this is not an issue. Questions seeking "waiver of rights" also seek a legal opinion. | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | admissible pursuant to F.R.E. 701. *See Eisenberg v. Gagnon, 766 F.2d 770, 780-81* (3d Cir. 1985). | | |
| Hughes | p.383, ll.12-24 | Reimbursement Agreements. | Relevance; Foundation; Speculative | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.,* 525 F.2d 927, 930 (5th Cir. 1975). | Objections maintained. In addition, this testimony is not relevant, and there is insufficient foundation to ask Mr. Hughes' about Zurich's waiver of rights. Moreover, this seeks legal opinion. | |
| Hughes | p.384, ll.1-24 | Reimbursement Agreements. | Relevance; Best Evidence; Seeking Legal Opinion | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.,* 525 F.2d 927, 930 (5th Cir. 1975).<br><br>Mr. Hughes's testimony was based upon personal knowledge gained both by virtue of his day-to-day role as senior litigation counsel responsible for matters involving asbestos PI claims | Objections maintained. In addition, this testimony is not relevant, and there is insufficient foundation to ask Mr. Hughes' about Zurich's waiver of rights. Moreover, this seeks legal opinion. | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | against the Debtors, and as the Debtors' Rule 30(b)(6) designee on a variety of insurance-related topics. *See* Hughes Dep. Ex. 11, at 15. Moreover, given his role as senior litigation counsel and his professional qualifications, Mr. Hughes's testimony as to the existence (or absence) of agreements with certain of the Debtors' reimbursement insurers concerning their rights under reimbursement agreements and related excess insurance policies is admissible pursuant to F.R.E. 701. *See Eisenberg v. Gagnon, 766 F.2d 770,* 780-81 (3d Cir. 1985). | | |
| Hughes | p.385, ll.1-6 | Reimbursement Agreements. | Relevance; Best Evidence; Seeking Legal Opinion; Foundation | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.,* 525 F.2d 927, 930 (5th Cir. 1975). Mr. Hughes's testimony was based upon personal knowledge gained both by | Objections maintained. In addition, the agreements themselves speak best to this line of questioning, and the question seeks legal opinion and interpretation of | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | virtue of his day-to-day role as senior litigation counsel responsible for matters involving asbestos PI claims against the Debtors, and as the Debtors' Rule 30(b)(6) designee on a variety of insurance-related topics. *See* Hughes Dep. Ex. 11, at 15. Moreover, given his role as senior litigation counsel and his professional qualifications, Mr. Hughes's testimony as to the existence (or absence) of agreements with certain of the Debtors' reimbursement insurers concerning their rights under reimbursement agreements and related excess insurance policies is admissible pursuant to F.R.E. 701. *See Eisenberg v. Gagnon*, 766 F.2d 770, 780-81 (3d Cir. 1985). | the agreements. | |
| Hughes | p.385, ll.10-24 | Reimbursement Agreements. | Relevance; Foundation; Speculative | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objections maintained. In addition, what reimbursement agreements typically say is not | |

- 23 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | | background evidence, and is not proper testimony of this witness who cannot speak to all agreements generally. | |
| Hughes | p.386, ll.1-2 | Reimbursement Agreements. | Foundation | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection maintained. In addition, what reimbursement agreements typically say is not background evidence, and is not proper testimony of this witness who cannot speak to all agreements generally. | |
| Hughes | p.386, ll.3-6 | Reimbursement Agreements. | Relevance; Best Evidence | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objections maintained. In addition, the agreements speak for themselves and each would need to be examined individually. | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Hughes | p.386, l.13 to p.387, l.10 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | No Objection (objection waived) | |
| Hughes | p.387, ll.14-23 | Insurance Neutrality. | Relevance; Seeking Legal Opinion; Speculative | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975).<br><br>Mr. Hughes's testimony was based upon personal knowledge gained both by virtue of his day-to-day role as senior litigation counsel responsible for matters involving asbestos PI claims against the Debtors, and as the Debtors' Rule 30(b)(6) designee on a variety of insurance-related topics. *See* Hughes Dep. Ex. 11, at 15. Moreover, given his role as senior litigation counsel and his professional qualifications, Mr. Hughes's testimony as to the existence (or absence) of agreements | Objections maintained | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | with certain of the Debtors' reimbursement insurers concerning their rights under reimbursement agreements and related excess insurance policies is admissible pursuant to F.R.E. 701. *See Eisenberg v. Gagnon*, 766 F.2d 770, 780-81 (3d Cir. 1985). | | |
| Hughes | p.388, ll.4-5 | Insurance Neutrality. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection maintained. In addition, Mr. Hughes' awareness of any agreement is not relevant. | |
| Hughes | p.478, l.24 to p.479, l.1 p.479, ll.18-23 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection maintained. In addition, Unigard's policies are not relevant to any matters at issue. | |
| Hughes | p.480, l.3 to p.481, l.11 p.481, l.16 to p.482, l.4 | Background Information. | Relevance; Best Evidence | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objections maintained. In addition, Unigard's policies speak for themselves. | |
| Hughes | p.482, ll.10- | Background | Relevance; | This testimony is admissible | Objections | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | 15 | Information. | Best Evidence; Foundation | background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | maintained. In addition, the existence of these settlement agreements is not disputed and is not relevant. And they speak for themselves. | |
| Hughes | p.482, ll.16-18

p.482, l.21 to p.483, l.14 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection maintained. In addition, the existence of these settlement agreements is not disputed and is not relevant. | |

**INSELBUCH DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES**
(Anderson Memorial Hospital)

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Inselbuch 06-12-09 | p. 169, 6-9, 12 to p. 170 6, 8-11 | History of Negotiations between Pointer Mediation and Term Sheet | No Objection | | | |
| Inselbuch 06-12-09 | p. 171, 11-12, 14-17, 16 to p. 172, 16 | History of Negotiations between Pointer Mediation and Term Sheet | No Objection | | | |
| Inselbuch 06-12-09 | p. 173, 16 to 24, p. 174, 1, 3-8, 15-24, 175, 1-5, 16-24, 176,1-6, 12-19, 24, p. 177, 6, 8-9, 13-22 | Treatment of traditional PD under Term Sheet | Speculation; Relevance | | | |
| Inselbuch 06-12-09 | p. 177, 23 to p. 179, 18, 22-23 | Requirement of PID under PI Procedures | Best Evidence; Relevance | | | |
| Inselbuch 06-12-09 | p. 181, 20 to p. 181, 3, 6 to p. 182, 18, 20 to p. 183, 12, 17 to p. 184, 16, 19 to p. 186, 5, 11 to p. 187, 4, 7 to p. 189, 8, 12 to | Operation of PI Trust Procedures | Best Evidence; Relevance; Speculation; Calls for a Legal Conclusion | | | |

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| | p. 190, 8 | | | | | |

2

**LOCKWOOD 05/01/2009 DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES (CNA)**

| | Deposition of Peter Van N. Lockwood (May 1, 2009) | | | |
|---|---|---|---|---|
| **Designation** | **Description** | **Objecting Parties and Grounds for Objection** | **Response to Objections** | **Reply of Objecting Parties** |
| 12:21 to 13:3 | Testimony regarding Mr. Lockwood as Rule 30(b)(6) designee for the ACC. | Plan Proponents (relevance) | This testimony is relevant to establishing Mr. Lockwood's authority to testify on behalf of the ACC. | Objection Maintained |
| 199:18 to 200:8 (exclude objection at 200:1-2) | Testimony regarding the aggregate numbers of claims that clients of TAC members' law firms have against Grace. | Plan Proponents (relevance, foundation, best evidence) | This testimony is relevant to whether TAC members, because they represent thousands of individual clients, have a conflict in their duties to their clients and their duties as TAC members. Mr. Lockwood has sufficient personal knowledge to testify on this point, and the best evidence rule is inapplicable because Mr. Lockwood was not testifying as to the content of a writing. | Objections Maintained |
| 381:12 to 383:3 (exclude objection at 381:14-18) | Testimony regarding the identity of the drafters of the TDP. | None | NA | No Objection |
| 383:15-21 (exclude objection at 383:18-19) | Testimony regarding whether any changes were made to the ACC/FCR-drafted TDP at the behest of the Debtor. | None | NA | No Objection |

**LIBBY CLAIMANTS' DESIGNATIONS**

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|---|---|---|---|---|---|---|
| Peter Van N. Lockwood *In re W.R. Grace & Co., et al, Debtors,* Case No. 01-01139(JKF), 5/1/09 | 12:1-13:6; 14:8-19:22; 24:6-25:19; 44:2-47:11; 96:3-97:20; 116:14-118:12; 130:24-133:5; 369:2-370:15; 371:3-6; 371:20-376:7; 376:15-378:18; 379:22-380:19; 381:7-388:12; 389:19-22; 390:5-392:12; 401:19-404:20; 405:13-408:13; 409:8-16; 410:1-411:3; 417:7-420:13; 421:11-426:2; 427:5-429:17; 430:432:21 | Libby Claimants seek to admit the testimony of Mr. Peter Lockwood concerning (1) the development, terms and expected operation of the proposed Grace Plan and TDP, including as it relates to claims asserted by individuals exposed to asbestos in and around Libby, Montana, and (2) the operation of the Asbestos PI Channeling Injunction and other injunctions under the proposed Plan. | (1) "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892]; and Maryland Casualty [D.I. 22896])<br><br>(2) "Plan Proponents' Objections . . ." [D.I. 22903] | | Objection (2) Maintained | 396:21 - 398:23<br><br>413:7 - 416:24 |

**LOCKWOOD 05/01/2009 DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES**
**(Seaton, OneBeacon, GEICO, and Republic)**

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Lockwood (May 1) | p.12, ll.1-20 | | No Objection | | No Objection | |
| Lockwood (May 1) | p.12, l.21 to p.15, l.10 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection Maintained | |
| Lockwood (May 1) | p.15, l.11 to p.18, l.1 p.18, l.8 to p.19, l.22 | Insurance Neutrality. | Relevance | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in that process and the absence of any role for the Debtors' insurers. | Objection Maintained | |
| Lockwood (May 1) | p.24, ll.6-19 | Background Information. | Relevance | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objection Maintained | |
| Lockwood (May 1) | p.24, l.20 to p.28, l.14 | Insurance Neutrality. | Relevance | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of | Objection Maintained | 28:15 - 29:12 |

† The "Brief Summary" of testimony is not intended to be an exhaustive list of issues as to which the testimony relates. For a more complete and accurate understanding, please see the designated testimony. As previously discussed on the record, relevance will be more fully addressed in conjunction with post-trial briefing.

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Lockwood (May 1) | p.29, l.13 to p.31, l.10 | Insurance Neutrality. | Relevance; Best Evidence | insurers. This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Objections Maintained | |
| Lockwood (May 1) | p.36, ll.2-12 p.36, ll.15-18 p.36, l.21 to p.37, l.21 p.37, l.24 to p.38, l.13 p.40, ll.1-4 p.40, ll.7-11 p.40, l.14 to p.41, l.8 p.41, l.11 to p.48, l.6 p.48, ll.9-15 p.48, l.18 to p.49, l.7 p.49, ll.10-15 p.49, l.18 to p.51, l.13 | Insurance Neutrality. | Relevance | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in that process and the absence of any role for the Debtors' insurers. | Objection Maintained | |
| Lockwood (May 1) | p.51, l.14 to p.52, l.5 | Background Information. | Relevance; Best Evidence | This testimony is admissible background evidence. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). | Objections Maintained | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Lockwood (May 1) | p.52, ll.6-24 | Insurance Neutrality. | Relevance; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Objections Maintained | |
| Lockwood (May 1) | p.53, ll.1-13 | Insurance Neutrality. | Relevance; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Objections Maintained | |
| Lockwood (May 1) | p.53, l.17 to p.55, l.4 | Insurance Neutrality. | Relevance; Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Objections Maintained | |
| Lockwood (May 1) | p.55, ll.8-14 | Insurance Neutrality. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Objections Maintained | |
| Lockwood (May 1) | p.55, ll.17-24 | Insurance Neutrality. | Relevance; Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Objections Maintained | |
| Lockwood | p.56, ll.1-15 | Insurance | Relevance; | This testimony concerns the | Objections | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| (May 1) | p.56, ll.18-21 | Neutrality. | Best Evidence | purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Maintained | |
| Lockwood (May 1) | p.57, l.5 to p.60, l.1<br>p.60, l.5 to p.61, l.9 | Insurance Neutrality. | Relevance; Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Objections Maintained | |
| Lockwood (May 1) | p.61, ll.17-24<br>p.62, l.3 to p.63, l.16 | Insurance Neutrality. | Relevance; Best Evidence; Seeking Legal Opinion; Foundation | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Objections Maintained | |
| Lockwood (May 1) | p.65, l.1 to p.67, l.6 | Insurance Neutrality. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Objections Maintained | |
| Lockwood (May 1) | p.67, l.11 to p.68, l.22 | Insurance Neutrality. | Relevance; Best Evidence; Seeking Legal Opinion; Foundation | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Objections Maintained | 68:24 - 71:12<br><br>79:13 - 81:6 |
| Lockwood (May 1) | p.83, l.17 to p.84, l.24 | Insurance Neutrality. | Relevance; Best | This testimony concerns the purpose and intended | Objections Maintained | |

- 4 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | p.85, ll.4-10 p.85, l.12 to p.87, l.24 | | Evidence; Foundation | operation of the Plan and Plan Documents with respect to the rights of insurers. | | |
| Lockwood (May 1) | p.88, ll.4-16 p.88, l.20 to p.89, l.1 | Insurance Neutrality. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Objections Maintained | |
| Lockwood (May 1) | p.103, l.10 | | No Objection | | No Objection | |
| Lockwood (May 1) | p.103, l.16 to p.104, l.5 | Insurance Neutrality. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Objections Maintained | |
| Lockwood (May 1) | p.104, l.9 to p.105, l.7 p.105, l.10 to p.108, l.22 | Insurance Neutrality. | Relevance; Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers.<br><br>Mr. Lockwood's testimony was based upon his review of the Plan and Plan Documents in his role as counsel to the ACC and as the ACC's Rule 30(b)(6) | Objections Maintained | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | designee. Moreover, the mere existence and general nature of the Debtors' duties and obligations under asbestos insurance policies is not a matter directly at issue in this case, but rather an ancillary issue helpful to understanding and determining the ultimate issue of whether the Plan is in fact insurance neutral. Such testimony is admissible pursuant to F.R.E. 701. *See Eisenberg v. Gagnon*, 766 F.2d 770, 780-81 (3d Cir. 1985). | | |
| Lockwood (May 1) | p.109, l.1 to p.110, l.2 p.115, ll.2-13 p.115, l.16 to p.116, l.13 | Insurance Neutrality. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Objections Maintained | |
| Lockwood (May 1) | p.116, ll.14-24 p.117, l.3 to p.118, l.12 | Insurance Neutrality. | Relevance; Best Evidence; Seeking Legal Opinion; Hearsay | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers.  As the Rule 30(b)(6) designee of the ACC, Mr. Lockwood's | Objections Maintained | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | testimony is non-hearsay admissible pursuant to F.R.E. 801(d)(2) as an admission by a party-opponent. | | |
| Lockwood (May 1) | p.120, l.6 to p.122, l.3 p.122, l.6 to p.125, l.22 | TAC Conflicts. | Relevance | This testimony concerns the selection of the TAC members and the nature and scope of the TAC members' inherent conflicts of interest. | Objection Maintained | |
| Lockwood (May 1) | p.125, l.23 to p.126, l.22 | Compliance with §524(g) | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the statutory requirements of § 524(g).. | Objections Maintained | |
| Lockwood (May 1) | p.129, ll.19-22 p.130, ll.2-12 | Compliance with §524(g) | Relevance | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the statutory requirements of § 524(g).. | Objection Maintained | |
| Lockwood (May 1) | p.134, l.4 to p.135, l.23 p.136, l.3 to p.137, l.4 | Scope of Injunctions and Releases. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers. | Objections Maintained | |
| Lockwood (May 1) | p.137, ll.5-8 p.137, l.12 to | Scope of Injunctions and | Relevance; Best | This testimony concerns the purpose and intended | Objections Maintained | |

| **Deponent** | **Pages and Lines** | **Brief Summary†** | **Objections** | **Response to Objections** | **Plan Proponents' Current Position** | **Counter designation** |
|---|---|---|---|---|---|---|
| | p.139, l.17<br>p.139, l.22 to<br>p.140, l.21 | Releases. | Evidence;<br>Seeking Legal<br>Opinion | operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers. | | |
| Lockwood (May 1) | p.140, l.22 to<br>p.141, l.1<br>p.141, l.4 to<br>p.143, l.7 | Scope of Injunctions and Releases. | Relevance;<br>Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers. | Objections Maintained | |
| Lockwood (May 1) | p.143, l.21 to<br>p.145, l.4<br>p.147, l.23 to<br>p.148, l.2<br>p.152, ll.4-21<br>p.156, ll.10-22 | | Relevance | Withdrawn. | | |
| Lockwood (May 1) | p.156, l.23 to<br>p.157, l.1<br>p.157, l.11 to<br>p.158, l.5 | | Relevance;<br>Best<br>Evidence;<br>Seeking Legal<br>Opinion;<br>Foundation | Withdrawn. | | |
| Lockwood (May 1) | p.158, l.22 to<br>p.159, l.17<br>p.159, l.20 to<br>p.160, l.1 | | Relevance;<br>Best<br>Evidence;<br>Foundation | Withdrawn. | | |
| Lockwood (May 1) | p.160, ll.2-11 | Scope of Injunctions and | Relevance;<br>Best | This testimony concerns the purpose and intended | Objections Maintained | |

- 8 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | Releases. | Evidence; Foundation | operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers. | | |
| Lockwood (May 1) | p.160, l.15 to p.163, l.20 | Scope of Injunctions and Releases. | Relevance; Best Evidence; Foundation; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers. | Objections Maintained | |
| Lockwood (May 1) | p.163, l.23 to p.164, l.12 p.164, l.15 to p.165, l.8 p.165, l.12 to p.167, l.1 | Scope of Injunctions and Releases. | Relevance; Best Evidence; Foundation; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers. | Objections Maintained | |
| Lockwood (May 1) | p.169, l.2 to p.170, l.8 | Scope of Injunctions and Releases. | Relevance; Best Evidence; Foundation; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers. | Objections Maintained | |
| Lockwood (May 1) | p.170, l.9 to p.171, l.22 | Insurance Neutrality; Exculpation Provision. | Relevance; Best Evidence; Foundation; Seeking Legal | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of | Objections Maintained | |

- 9 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | Opinion | insurers. | | |
| Lockwood (May 1) | p.172, l.2 to p.173, l.13 p.173, ll.16-19 | Insurance Neutrality; Exculpation Provision. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Objections Maintained | |
| Lockwood (May 1) | p.173, l.23 to p.174, l.17 | Insurance Neutrality; Exculpation Provision. | Relevance; Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to the rights of insurers. | Objections Maintained | |
| Lockwood (May 1) | p.174, l.18 to p.175, l.2 | Scope of Injunctions and Releases. | Relevance; Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers. | Objections Maintained | |
| Lockwood (May 1) | p.175, l.5 to p.176, l.17 | Scope of Injunctions and Releases. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers. | Objections Maintained | |
| Lockwood (May 1) | p.176, l.18 to p.179, l.12 | Scope of Injunctions and Releases. | Relevance; Best Evidence; Foundation | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with | Objections Maintained | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | respect to certain contractual indemnity claims held by settled insurers. | | |
| Lockwood (May 1) | p.179, ll.15-24 p.180, ll.1-24 p.181, ll.1-9 | Scope of Injunctions and Releases. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers. | Objections Maintained | |
| Lockwood (May 1) | p.181, l.13 to p.186, l.8 | Scope of Injunctions and Releases. | Relevance; Best Evidence; Foundation; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers. | Objections Maintained | |
| Lockwood (May 1) | p.186, l.9 to p.187, l.9 | Scope of Injunctions and Releases. | Relevance; Best Evidence; Foundation; Seeking Legal Opinion; Hearsay | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers. As the Rule 30(b)(6) designee of the ACC, Mr. Lockwood's testimony is non-hearsay admissible pursuant to F.R.E. 801(d)(2) as an admission by a party-opponent. | Objections Maintained | |

- 11 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Lockwood (May 1) | p.187, ll.10 to p.188, l.23 | Scope of Injunctions and Releases. | Relevance; Best Evidence; Foundation; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers.  As the Rule 30(b)(6) designee of the ACC, Mr. Lockwood's testimony is non-hearsay admissible pursuant to F.R.E. 801(d)(2) as an admission by a party-opponent. | Objections Maintained | |
| Lockwood (May 1) | p.189, ll.3-6 p.189, l.17 to p.191, l.2 | Scope of Injunctions and Releases. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Plan Documents with respect to certain contractual indemnity claims held by settled insurers.  As the Rule 30(b)(6) designee of the ACC, Mr. Lockwood's testimony is non-hearsay admissible pursuant to F.R.E. 801(d)(2) as an admission by a party-opponent. | Objections Maintained | |
| Lockwood (May 1) | p.196, l.24 to p.198, l.22 | TAC Conflicts. | Relevance | This testimony concerns the purpose and intended operation of certain | Objection Maintained | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | provisions of the Plan's Asbestos PI Trust Agreement, and the nature and scope of the TAC members' inherent conflicts of interest. | | |
| Lockwood (May 1) | p.199, ll.1-24 p.200, l.3 top.201, l.20 | TAC Conflicts. | Relevance; Best Evidence; Foundation | This testimony concerns the purpose and intended operation of certain provisions of the Plan's Asbestos PI Trust Agreement, and the nature and scope of the TAC members' inherent conflicts of interest. | Objections Maintained | |
| Lockwood (May 1) | p.201, l.24 to p.202, l.11 | TAC Conflicts. | Relevance; Foundation | This testimony concerns the purpose and intended operation of certain provisions of the Plan's Asbestos PI Trust Agreement, and the nature and scope of the TAC members' inherent conflicts of interest. | Objections Maintained | |
| Lockwood (May 1) | p.202, l.12 to p.204, l.8 | TAC Conflicts. | Relevance; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of certain provisions of the Plan's Asbestos PI Trust Agreement, and the nature and scope of the TAC | Objections Maintained | |

- 13 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | members' inherent conflicts of interest.<br><br>Mr. Lockwood's testimony was based upon his review of the Plan and Plan Documents in his role as counsel to the ACC and as the ACC's Rule 30(b)(6) designee. Moreover, the mere existence and general nature of fiduciary duties owed by the TAC members, in their alternative roles as TAC members and as counsel to individual asbestos PI claimants, is not a matter directly at issue in this case, but rather an ancillary issue helpful to understanding and determining the ultimate issue of whether the TAC members' inherent conflicts of interest render the Plan unconfirmable. Such testimony is admissible pursuant to F.R.E. 701. *See Eisenberg v. Gagnon*, 766 F.2d 770, 780-81 (3d Cir. 1985). | | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Lockwood (May 1) | p.204, l.9 to p.209, l.15 p.213, l.22 to p.214, l.19 | TAC Conflicts. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of certain provisions of the Plan's Asbestos PI Trust Agreement, and the nature and scope of the TAC members' inherent conflicts of interest. | Objections Maintained | 209:16 - 213:21 |
| Lockwood (May 1) | p.216, l.19 to p.221, l.21 p.222, l.1 to p.225, l.2 | TAC Conflicts. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Asbestos PI Trust Agreement and the Asbestos PI Trust Distribution Procedures, and the nature and scope of the TAC members' inherent conflicts of interest. | Objections Maintained | |
| Lockwood (May 1) | p.225, l.3 to p.226, l.4 p.226, l.7 to p.227, l.19 | Insurance Neutrality. | Relevance; Best Evidence | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in that process and the absence of any role for the Debtors' insurers. | Objections Maintained | |
| Lockwood (May 1) | p.227, ll.22-24 p.228, ll.1-8 p.228, ll.11-21 | Insurance Neutrality. | Relevance | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in | Objection Maintained | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | that process and the absence of any role for the Debtors' insurers. | | |
| Lockwood (May 1) | p.228, l.24 to p.230, l.11 | | No Objection | | No Objection | |
| Lockwood (May 1) | p.230, l.12 to p.238, l.23 p.239, l.5 to p.242, l.20 p.242, l.22 to p.244, l.10 | Insurance Neutrality. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and the Asbestos PI Trust Distribution Procedures with respect to the rights of insurers. | Objections Maintained | |
| Lockwood (May 1) | p.248, l.15 to p.250, l.9 | | No Objection | | No Objection | |
| Lockwood (May 1) | p.250, l.10 to p.253, l.7 | Insurance Neutrality; TAC Conflicts. | Relevance; Foundation | This testimony concerns the purpose and intended operation of the Plan and the Asbestos PI Trust Distribution Procedures with respect to the rights of insurers, and the nature and scope of the TAC members' inherent conflicts of interest. | Objections Maintained | |
| Lockwood (May 1) | p.253, ll.9-21 | Insurance Neutrality; TAC Conflicts. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and the Asbestos PI Trust Distribution Procedures with respect to the rights of insurers, and the nature and scope of the TAC members' | Objections Maintained | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | inherent conflicts of interest. | | |
| Lockwood (May 1) | p.254, l.10 to p.255, l.2 | Treatment of Settled Insurers' Contractual Indemnity Claims. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Asbestos PI Trust Distribution Procedures with respect to certain contractual indemnity claims held by settled insurers. | Objections Maintained | |
| Lockwood (May 1) | p.255, l.5 to p.257, l.2 | Treatment of Settled Insurers' Contractual Indemnity Claims. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Asbestos PI Trust Distribution Procedures with respect to certain contractual indemnity claims held by settled insurers. | Objections Maintained | |
| Lockwood (May 1) | p.257, l.6 to p.258, l.10 | Treatment of Settled Insurers' Contractual Indemnity Claims. | Relevance; Best Evidence; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and Asbestos PI Trust Distribution Procedures with respect to certain contractual indemnity claims held by settled insurers. | Objections Maintained | |
| Lockwood (May 1) | p.261, l.9 to p.263, l.19 | Insurance Neutrality. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and the Cooperation Agreement with respect to the rights of insurers. | Objections Maintained | |

- 17 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Lockwood (May 1) | p.306, l.17 to p.308, l.21 p.318, ll.9-18 p.319, l.1 to p.320, l.1 p.320, ll.5-7 | Reimbursement Agreements. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Asbestos PI Trust Distribution Procedures with respect to the rights of reimbursement insurers. | Objections Maintained | |
| Lockwood (May 1) | p.321, l.6 to p.322, l.15 p.322, l.18 to p.323, l.22 p.324, ll.1-18 | Reimbursement Agreements. | Relevance; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and Asbestos Insurance Transfer Agreement with respect to the rights of reimbursement insurers. | Objections Maintained | |
| Lockwood (May 1) | p.369, l.1 | | No Objection | | No Objection | |
| Lockwood (May 1) | p.370, ll.16-20 | Insurance Neutrality. | Relevance; Best Evidence | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in that process and the absence of any role for the Debtors' insurers. | Objections Maintained | |
| Lockwood (May 1) | p.370, l.23 to p.371, l.6 p.371, ll.15-16 p.371, ll.20-24 | Insurance Neutrality. | Relevance; Best Evidence | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in that process and the absence of any role for the Debtors' | Objections Maintained | |

- 18 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Lockwood (May 1) | p.372, ll.1-24 | Insurance Neutrality. | Relevance; Foundation | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in that process and the absence of any role for the Debtors' insurers. | Objections Maintained | |
| Lockwood (May 1) | p.381, ll.7-13 p.381, l.19 to p.383, l.6 p.382, ll.9-17 p.382, ll.20-21 | | No Objection | | Objections Maintained | |
| Lockwood (May 1) | p.404, ll.3-20 | Insurance Neutrality. | Relevance; Best Evidence; Foundation | This testimony concerns the purpose and intended operation of the Plan and the Asbestos PI Trust Distribution Procedures with respect to the rights of insurers. | Objections Maintained | 404:21 - 405:11 |
| Lockwood (May 1) | p.405, l.12 to p.406, l.7 | Insurance Neutrality. | Relevance; Best Evidence; Foundation; Hearsay | This testimony concerns the purpose and intended operation of the Plan and the Asbestos PI Trust Distribution Procedures with respect to the rights of insurers.  As the Rule 30(b)(6) designee of the ACC, Mr. Lockwood's | Objections Maintained | |

- 19 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | | testimony is non-hearsay admissible pursuant to F.R.E. 801(d)(2) as an admission by a party-opponent. | | |

## LOCKWOOD 05/04/2009 DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
### (Anderson Memorial Hospital)

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Lockwood 05-04-09 | p. 581, 14-24, p. 582, 1-24 - p. 583, 8 | ACC's position on treatment of PD claims and Plan | No Objection | | | |
| Lockwood 05-04-09 | p. 583, 9-16, 18-24, p. 584, 1-23, p. 585, 20-24, p. 586, 1-19 | | Relevance | | | |
| Lockwood 05-04-09 | p. 603, 7-24 p. 604, 1-5 | Selection of PI Trustees | Relevance | | | |

LOCKWOOD 05/04/2009 DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES

| | Deposition of Peter Van N. Lockwood (May 4, 2009) (CNA) | | | |
|---|---|---|---|---|
| Designation | Description | Objecting Parties and Grounds for Objection | Response to Objection | Reply of Objecting Parties |
| 603:7 to 604:2 | Testimony regarding the identity of the proposed trustees and whether the ACC and FCR chose the proposed trustees. | Plan Proponents (relevance, best evidence, Rule 408) | This testimony is offered to support the contention that the TAC, whom CNA contends will have conflicting duties to their clients and to the Trust, can exercise control over the Trustees because the ACC (on which the TAC members sit as representatives of their clients), acting in conjunction with the FCR, chose the proposed Trustees. The best evidence rule is not applicable because the testimony is not concerning the contents of a writing. Nor is Rule 408 on point because the testimony is not evidence of a compromise offered to prove liability. | Objections Maintained |
| 637:11 to 642:4 | Testimony regarding the identity of the drafters of the TDP as counsel for the ACC and the FCR. | Plan Proponents (relevance) | This testimony is relevant to the contention that the FCR and the ACC, including members of the TAC, whom CNA contends will have conflicting duties to their clients and to the Trust, prepared the TDP without seeking input from other concerned parties, and therefore can and will exercise control over the operation of Trust. | Objections Maintained |

## LOCKWOOD 05/04/2009 DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
### (Fireman's Fund Insurance Company re "Surety Claim")

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Peter Lockwood 05/04/2009 | 607:2 - 607:18 | | No Objections | | | |
| Peter Lockwood 05/04/2009 | 607:20 - 609:6 | | No Objections | | | |

15791200_2.DOC

## LIBBY CLAIMANTS' DESIGNATIONS

| NAME | TESTIMONY | SUMMARY | FILED OBJECTIONS | FILED RESPONSE | PPS' CURRENT POSITION | COUNTER-DESIG. |
|------|-----------|---------|------------------|----------------|----------------------|----------------|
| Peter Van N. Lockwood *In re W.R. Grace & Co., et al, Debtors,* Case No. 01-01139(JKF), 5/4/09 | 485:18-486:1; 498:1-14; 499:9-500:2; 501:13-502:12; 504:2-8; 505:8-507:11; 508:6-10; 509:8-10; 519:1-520:21; 521:20-522:8; 541:3-8; 541:16-542:18; 559:16-561:8; 561:11-562:7 | Libby Claimants seek to admit the testimony of Mr. Peter Lockwood concerning (1) the development, terms and expected operation of the proposed Grace Plan and TDP, including as it relates to claims asserted by individuals exposed to asbestos in and around Libby, Montana, and (2) the operation of the Asbestos PI Channeling Injunction and other injunctions under the proposed Plan. | (1) "Objections" filed by Arrowood [D.I. 22901]; CNA [D.I. 22892], and Maryland Casualty [D.I. 22896])<br><br>(2) "Plan Proponents' Objections . . ." [D.I. 22903] | | Objection (2) Maintained | |

**LOCKWOOD 05/04/2009 DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES**
(Maryland Casualty Company)

| Deponent | Pages and Lines | Brief Summary | Original Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Lockwood 05/04/2009 | 510:24 – 512:7 | Operation of the Asbestos Insurance Entity Injunction. | N/A | On 9/11/2009, prior to the commencement of part two (Insurer issues) of the Phase II Confirmation Hearing, MCC filed and served *Maryland Casualty Company's Supplemental Deposition Designation For Phase II Plan Confirmation Hearing With Respect To Deposition Of Peter Van N. Lockwood* [D.I. 23224] ("Supplemental Designation").[1] | These designations are untimely. They were produced on 09/29/2009. | None. |
| Lockwood 05/04/2009 | 512:23 – 517:23 | Operation of the Insurance Entity Injunction. | N/A | On 9/11/2009, prior to the commencement of part two (Insurer issues) of the Phase II Confirmation Hearing, MCC filed and served its Supplemental Designation. The designated testimony concerns the scope and operation of the Asbestos PI Channeling Injunction, is relevant to confirmation, is probative, and is necessary to complete the record of the Plan Confirmation Hearing. "Legal opinion" is not a valid evidentiary objection, the Plan Proponents are estopped from raising | These designations are untimely. They were produced on 09/29/2006. The questions also call for a legal opinion, and the answer is speculative. | None. |

---

[1] The designations included in the Supplemental Designation were inadvertently omitted from the *Certain Plan Objectors' Notice of Designations* [D.I. 22790].

| Deponent | Pages and Lines | Brief Summary | Original Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| | | | | this objection because Mr. Lockwood was the Rule 30(b)(6) designee of the ACC, and the testimony constitutes an admission. | | |
| Lockwood 05/04/2009 | 519:1 – 520:21 | Questions concerning the Asbestos PI Channeling Injunction. | Relevance | | Objection withdrawn. | None. |
| Lockwood 05/04/2009 | 521:20 – 521:22 | Questions concerning the Asbestos PI Channeling Injunction. | Relevance | The designated testimony concerns the scope and operation of the Asbestos PI Channeling Injunction, is relevant to confirmation, is probative, and is necessary to complete the record of the Plan Confirmation Hearing. | Objection maintained. | None. |
| Lockwood 05/04/2009 | 522:3 – 522:8 | Questions concerning the Asbestos PI Channeling Injunction. | Relevance | The designated testimony concerns the scope and operation of the Asbestos PI Channeling Injunction, is relevant to confirmation, is probative, and is necessary to complete the record of the Plan Confirmation Hearing. | Objection maintained. | None. |
| Lockwood 05/04/2009 | 525:14 – 527:20 | Indemnification Provisions. | N/A | On 09/11/09, prior to the commencement of part two (Insurer issues) of the Phase II Confirmation Hearing, MCC filed and served its Supplemental Designation. | These depositions are untimely. They were produced on 09/29/2009. | None. |
| Lockwood | 531:23 – | 524(g) protection. | Relevance, | The designated testimony concerns | Objection | None. |

2

| Deponent | Pages and Lines | Brief Summary | Original Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| 05/04/2009 | 534:3 | | Legal Opinion; Foundation. | the scope and operation of the Asbestos PI Channeling Injunction, is relevant to confirmation, is probative, and is necessary to complete the record of the Plan Confirmation Hearing. Foundation objections were not raised at the deposition and were thus waived. "Legal opinion" is not a valid evidentiary objection, the Plan Proponents are estopped from raising this objection because Mr. Lockwood was the Rule 30(b)(6) designee of the ACC, and the testimony constitutes an admission. | maintained. | |
| Lockwood 05/04/2009 | 535:19 – 537:19 | Background Information. | Relevance, Legal Opinion; Foundation. | The designated testimony concerns the scope and operation of the Asbestos PI Channeling Injunction, is relevant to confirmation, is probative, and is necessary to complete the record of the Plan Confirmation Hearing. Foundation objections were not raised at the deposition and were thus waived. "Legal opinion" is not a valid evidentiary objection, the Plan Proponents are estopped from raising this objection because Mr. Lockwood was the Rule 30(b)(6) designee of the ACC, and the testimony constitutes an admission. | Objection maintained. | None. |
| Lockwood 05/04/2009 | 537:24 – 539:5 | Inquiries into hypotheticals as | Relevance, Legal | The designated testimony concerns the scope and operation of the | Objection maintained. | None. |

3

| Deponent | Pages and Lines | Brief Summary | Original Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| | | to how the Court might rule. | Opinion; Foundation. | Asbestos PI Channeling Injunction, is relevant to confirmation, is probative, and is necessary to complete the record of the Plan Confirmation Hearing. Foundation objections were not raised at the deposition and were thus waived. "Legal opinion" is not a valid evidentiary objection, the Plan Proponents are estopped from raising this objection because Mr. Lockwood was the Rule 30(b)(6) designee of the ACC, and the testimony constitutes an admission. | | |
| Lockwood 05/04/2009 | 539:12 – 541:8 | Inquiries into hypotheticals as to how the Court might rule. | Relevance, Legal Opinion; Foundation. | The designated testimony concerns the scope and operation of the Asbestos PI Channeling Injunction, is relevant to confirmation, is probative, and is necessary to complete the record of the Plan Confirmation Hearing. Foundation objections were not raised at the deposition and were thus waived. "Legal opinion" is not a valid evidentiary objection, the Plan Proponents are estopped from raising this objection because Mr. Lockwood was the Rule 30(b)(6) designee of the ACC, and the testimony constitutes an admission. | Objection maintained. | None. |
| Lockwood 05/04/2009 | 541:16 – 543:4 | Extent of 524(g) protection. | Relevance, Legal Opinion; | The designated testimony concerns the scope and operation of the Asbestos PI Channeling Injunction, is | Objection maintained. | None. |

4

| Deponent | Pages and Lines | Brief Summary | Original Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| | | | Foundation. | relevant to confirmation, is probative, and is necessary to complete the record of the Plan Confirmation Hearing. Foundation objections were not raised at the deposition and were thus waived. "Legal opinion" is not a valid evidentiary objection, the Plan Proponents are estopped from raising this objection because Mr. Lockwood was the Rule 30(b)(6) designee of the ACC, and the testimony constitutes an admission. | | |

5

#725939

## LOCKWOOD 05/04/2009 DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
### (Seaton, OneBeacon, GEICO, and Republic)

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Lockwood (May 4) | p.481, ll.6-20 p.482, l.7 to p.483, l.8 | | No Objection | | No Objection | |
| Lockwood (May 4) | p.531, ll.22-24 | Scope of Injunctions and Releases; Treatment of Settled Insurers' Contractual Indemnity Claims. | Relevance; Foundation; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and the Asbestos PI Trust Distribution Procedures with respect to settled insurers and certain contractual indemnity claims. | Objections Maintained | |
| Lockwood (May 4) | p.532, ll.1-8 p.532, l.19 to p.534, l.10 p.534, l.14 p.536, ll.1-2 p.536, ll.4-24 | Scope of Injunctions and Releases; Treatment of Settled Insurers' Contractual Indemnity Claims. | Relevance; Foundation; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and the Asbestos PI Trust Distribution Procedures with respect to settled insurers and certain contractual indemnity claims. | Objections Maintained | |
| Lockwood (May 4) | p.537, ll.1-19 p.537, l.24 to p.538, l.24 p.539, ll.1-5 | Scope of Injunctions and Releases; Treatment of Settled Insurers' Contractual Indemnity Claims. | Relevance; Foundation; Seeking Legal Opinion | This testimony concerns the purpose and intended operation of the Plan and the Asbestos PI Trust Distribution Procedures with respect to settled insurers and certain contractual indemnity claims. | Objections Maintained | |

† The "Brief Summary" of testimony is not intended to be an exhaustive list of issues as to which the testimony relates. For a more complete and accurate understanding, please see the designated testimony. As previously discussed on the record, relevance will be more fully addressed in conjunction with post-trial briefing.

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| Lockwood (May 4) | p.539, ll.9-to p.541, l.8 p.541, ll.16-24 p.542, ll.1-24 p.543, ll.1-4 | Scope of Injunctions and Releases; Treatment of Settled Insurers' Contractual Indemnity Claims. | Relevance; Foundation; Seeking Legal Opinion; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and the Asbestos PI Trust Distribution Procedures with respect to settled insurers and certain contractual indemnity claims. | Objections Maintained | |
| Lockwood (May 4) | p.543, ll.14-23 p.544, ll.2-5 | Scope of Injunctions and Releases; Treatment of Settled Insurers' Contractual Indemnity Claims. | Relevance; Foundation; Seeking Legal Opinion; Best Evidence | This testimony concerns the purpose and intended operation of the Plan and the Asbestos PI Trust Distribution Procedures with respect to settled insurers and certain contractual indemnity claims. | Objections Maintained | |
| Lockwood (May 4) | p.565, l.1 p.566, l.19 | Two-trust structure. | Relevance; Best Evidence; Foundation | This testimony concerns the purpose and intended operation of the Plan's two-trust structure. | Objections Maintained | |
| Lockwood (May 4) | p.572, l.24 to p.572, l.18 | Insurance Neutrality. | Relevance; Foundation | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in that process and the absence of any role for the Debtors' insurers. | Objections Maintained | |
| Lockwood (May 4) | p.593, ll.1-6 p.593, ll.9-17 | Insurance Neutrality. | Relevance; Best Evidence; | This testimony concerns the negotiation and drafting of the Plan and Asbestos PI | Objections Maintained | |

- 2 -

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| | | | Foundation | Trust Agreement, including in particular the participants in that process and the absence of any role for the Debtors' insurers. | | |
| Lockwood (May 4) | p.603, l.6 to p.604, l.3 | TAC Conflicts. | Relevance; Best Evidence; Violation of FRE 408 | This testimony concerns the selection of the TAC members and the nature and scope of the TAC members' inherent conflicts of interest. This testimony is not offered to establish the validity or amount of underlying asbestos claims, and therefore its use is not prohibited by F.R.E. 408. See F.R.E. 408(a) & F.R.E. 408 adv. comm. notes. | Objections Maintained | |
| Lockwood (May 4) | p.634, l.24 | | Relevance; Best Evidence; Seeking Legal Opinion | Withdrawn. | | |
| Lockwood (May 4) | p.635, ll.1-10 | | Relevance; Best Evidence; Seeking Legal Opinion; Foundation; Hearsay | Withdrawn. | | |
| Lockwood | p.636, l.10 | | No Objection | | No Objection | |

| Deponent | Pages and Lines | Brief Summary† | Objections | Response to Objections | Plan Proponents' Current Position | Counter designation |
|---|---|---|---|---|---|---|
| (May 4) | p.637, l.11 to p.639, l.20 | | | | | |
| Lockwood (May 4) | p.639, l.21 to p.642, l.4 | Insurance Neutrality. | Relevance | This testimony concerns the negotiation and drafting of the Plan and Plan Documents, including in particular the participants in that process and the absence of any role for the Debtors' insurers. | Objection Maintained | |
| Lockwood (May 4) | p.642, ll.5-23 | Two-trust structure. | Relevance | This testimony concerns the purpose and intended operation of the Plan's two-trust structure. | Objection Maintained | |
| Lockwood (May 4) | p.643, ll.2-6 | | No Objection | | No Objection | |
| Lockwood (May 4) | p.643, l.15 to p.644, l.2 | Two-trust structure. | Relevance; Violation of FRE 408 | This testimony concerns the purpose and intended operation of the Plan's two-trust structure. This testimony is not offered to establish the validity or amount of underlying asbestos claims, and therefore its use is not prohibited by F.R.E. 408. *See* F.R.E. 408(a) & F.R.E. 408 adv. comm. notes. | Objections Maintained | |

- 4 -

ORDWAY DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
(Plan Proponents)

| Witness | Plan Proponents' Designations | Plan Objector's Counters | Summary Of Designations | Objection to Designations |
|---|---|---|---|---|
| Ordway, Edwin 08/29/2008 | 6:17 - 7:16 | | Mr. Ordway has given depositions before, understands the basic rules, and understands the obligation to tell the truth. | No Objection |
| | | CC/BLG Ctr 7:17 - 8:12 | Mr. Ordway's expertise is in financial restructuring. He is an expert in and familiar with the methodologies relevant to his work in this case. | No Objection |
| | | CC/BLG Ctr 8:13 - 9:5 | Mr. Ordway confirms that Exhibit 1, his declaration, is true and accurate. | No Objection |
| | | CC/BLG Ctr 29:11 - 29:23 | In comparing the interest at issue and benefit available to stakeholders, Mr. Ordway is really comparing the interest to the value generated by Grace. This value, according to his work, is reflected in the stock price. | No Objection |
| | | CC/BLG Ctr 30:10-19 | EBITDA and revenue are reflected in Grace's equity value as market value presumably contemplates operating performance. | No Objection |
| | | CC/BLG Ctr 30:20-31:3 | Mr. Ordway's determination that the interest at issue is de minimis considers the total value of the company and its operating performance. | No Objection |

| Witness | Plan Proponents' Designations | Plan Objector's Counters | Summary Of Designations | Objection to Designations |
|---|---|---|---|---|
| | | PP Ctr Ctr 31:7 - 31:15 | Equity value may reflect many things beyond operating performance, and Mr. Ordway does not provide any methodology to relate stock price to actual operating performance. | No Objection |
| | 34:24 - 35:5 | | Mr. Ordway's analysis compares debt to equity, but when just considering the debt owed, the amount of interest at issue on this debt is not de minimis | No Objection |
| | 35:6 - 35:15 | | The difference between Mr. Ordway's default interest calculation and the base interest rate is as much as 40 percent. | No Objection |
| | 35:16 - 36:2 | | In the context of the debt itself and the interest itself, this difference is not de minimis. | No Objection |
| | 36:3 - 36:5 | | Mr. Ordway has issued solvency opinions before. | No Objection |
| | 36:18 - 36:25 | | Mr. Ordway does not express an opinion on Grace's solvency and has not done a solvency calculation in this case. | No Objection |
| | | CC/BLG Ctr 38:7 - 39:17 | Mr. Ordway identified three factors as contributing to Grace's increase in stock performance: (1) strong ongoing earnings generation, (2) creditors' support of Grace's use of cash to fund acquisitions and other business endeavors, and (3) greater benefit to equity holders from Lenders' cash than | No Objection |

2

| Witness | Plan Proponents' Designations | Plan Objector's Counters | Summary Of Designations | Objection to Designations |
|---------|------------------------------|--------------------------|-------------------------|---------------------------|
| | | | the Lenders themselves receive. | |
| | 44:9 - 44:16 | | Mr. Ordway has never quantified the contribution these three factors made to Grace's stock price | No Objection |
| | 44:17 - 44:25 | | Mr. Ordway does not claim the unsecured creditors made any contribution to Grace's stock performance beyond supporting Grace's acquisitions and reinvestment of cash. | No Objection |
| | 48:5 - 48:12 | | Mr. Ordway does not provide any evidence that such support by the unsecured creditors has any effect on stock price | No Objection |
| | 49:7 - 49:11 | | Mr. Ordway considers the unsecured creditors' decision not to object to Grace's proposed acquisitions to be support. | No Objection |
| | | CC/BLG Ctr 49:12 - 49:22 | All of Grace's financial information was made available to the Creditors' Committee, and any issues raised with respect to reinvestment of Grace earnings were concluded to the Creditors' Committee's satisfaction. | |
| | 49:23 - 50:13 | | Mr. Ordway does not recall anyone objecting to any reinvestments, and they were accepted as appropriate under the circumstances. | No Objection |
| | 50:14 - 51:6 | | Objecting to some of these acquisitions would have been detrimental to the value of Grace. Mr. | No Objection |

3

| Witness | Plan Proponents' Designations | Plan Objector's Counters | Summary Of Designations | Objection to Designations |
|---|---|---|---|---|
| | | | Ordway regards the failure to get in the way of these acquisitions to be favorable contributions by the unsecured creditors. | |
| | | CC/BLG Ctr 51:7 - 51:19 | Mr. Ordway's contention that equity holders benefited from lenders' cash "substantially as compared to the lenders" has two components: (1) equity benefited and (2) the benefit was substantial | No Objection |
| | 51:20 - 52:2 | | Mr. Ordway believes that it was counsel's idea to look at whether the general unsecured creditors created a positive contribution to Grace's stock | No Objection |
| | 52:21 - 53:10 | | Mr. Ordway did not use any methodology in determining what, if any contribution, the Lenders' cash made to Grace equity | No Objection |
| | 53:21 - 54:14 | | There is no standard methodology to quantify the stock price benefit from creditors' support for acquisitions and reinvestments. It's a question of judgment. | No Objection |
| | 54:17 - 55:16 | | Mr. Ordway did not use any standard methodology to quantify the benefit to equity holders, and his use of the word "substantial" benefit is based on judgment. He used no objective test to determine equity benefited substantially. | No Objection |

4

| Witness | Plan Proponents' Designations | Plan Objector's Counters | Summary Of Designations | Objection to Designations |
|---|---|---|---|---|
| | 59:9 - 59:20 | | Grace had substantial cash balances of about $400 million in June of 2008 after some very substantial cash payments, and Mr. Ordway does not know if Grace's cash balance was ever lower than the unpaid interest on interest. | No Objection |
| | 60:14 - 61:11 | | Mr. Ordway has not quantified or calculated how much of the unpaid interest was used for operations. | No Objection |
| | 61:18 - 62:15 | | Mr. Ordway maintains that cash is fungible and that the Lenders' cash not paid back during the bankruptcy must have benefited the Company but cannot be precise in the benefit to the Company | No Objection |
| | 62:16 - 62:21 | | He has not determined whether any interest on interest, which would be upwards of $ 100 million, was used in Grace's operations. | No Objection |
| | | CC/BLG Ctr 62:22 - 63:10 | Mr. Ordway says $91 million, the amount at issue, represents a small percentage and that each shareholder would only need to provide an immaterial $1.26 per share to pay default interest to the Lenders. | No Objection |
| | 64:5 - 64:11 | | The five percent change in shareholder value that this $1.26 per share constitutes is not immaterial in an accounting sense or under the securities laws. | No Objection |

5

| Witness | Plan Proponents' Designations | Plan Objector's Counters | Summary Of Designations | Objection to Designations |
|---|---|---|---|---|
| | 64:25 - 65:10 | | A permanent five percent decrease in stock of a NYSE company would be considered material. | No Objection |
| | | CC/BLG Ctr 65:16 - 65:23 | In the context of the total case and increase in stock value since the filing, it is not material. | No Objection |
| | 66:18 - 66:20 | | It would in no way be immaterial outside of a bankruptcy. | No Objection |
| | | CC/BLG Ctr 66:21 - 67:5 | Mr. Ordway says that five percent is not a lot in this bankruptcy given the money going to equity. | No Objection |
| | | CC/BLG Ctr 68:18 - 69:2 | Even though the general unsecured creditors had securities trading far below par value, Grace had an obligation to pay its debt back. | No Objection |
| | 69:14 - 69:17 | | Mr. Ordway maintains that a five percent decrease in equity value during the last week is more important than a five percent decrease during the last year or five years. | No Objection |
| | 69:18 - 70:3 | | Mr. Ordway justifies taking five percent from buyers who happened to buy earlier rather than later based on the "extraordinary gains" they've incurred from the beginning of the case. | No Objection |
| | 70:4 - 70:11 | | Mr. Ordway says a five percent decrease in equity is not material to those who bought Grace stock early and made a lot of money but might be material to debt or equity holders that "just got into | No Objection |

6

| Witness | Plan Proponents' Designations | Plan Objector's Counters | Summary Of Designations | Objection to Designations |
|---------|---------|---------|---------|---------|
| | | | the game." | |
| | 70:12 - 70:23 | | The $1.26 and five percent decrease in equity would be immaterial to stock holders in the context of the change in stock value since the beginning of this bankruptcy. | No Objection |
| | 70:24 - 71:4 | | The determination that this is immaterial is based on his judgment and not any standard financial or accounting convention. | No Objection |

7

## POSNER DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
### (Anderson Memorial Hospital)

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Posner 05-06-09 | p. 339, 1, 5 -17 | Background | Relevance | | | |
| Posner 05-06-09 | p. 340, 7-23 | Procedure for PD Complaints | Relevance | | | |
| Posner 05-06-09 | p. 343, 19-24, p. 344, 1-5 | Procedure for Forwarding PD Complaints to Carriers | Relevance | | | |
| Posner 05-06-09 | p. 344, 19-22, p. 345, 2-24, p. 346, 1-24, p. 347, 1-8 | PD Reserves | Relevance; Foundation | | | |

## POSNER DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
### (Arrowood)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Posner (May 6, 2009 Deposition) | p. 144, l.22 to p. 149, l.23 | Grace did not make any claims for coverage for asbestos related claims under Zonolite policies after the 1995 Settlement Agreement | None (Admitted for all purposes on Sept. 11, 2009) | None | None | | Text refers to Exhibits 11 and 12 | No |
| Posner (May 6, 2009 Deposition) | p. 308, l.8 to p. 314, l.7 | The 1995 Settlement was the result of good faith, arm's length negotiations | None (Admitted for all purposes on Sept. 11, 2009) | None | None | | None | Text refers to 1995 Settlement which is admitted as Exhibits A004 and PP067. |
| Posner (May 6, 2009 Deposition) | p. 334, l.11 to p. 337, l.21 | The 1994 Settlement was the result of good faith arm's length negotiations | None (Admitted for all purposes on Sept. 11, 2009) | None | None | | None | None |

† The "Brief Summary" is not intended to be an exhaustive list of issues as which the testimony relates. For a more complete and accurate understanding, please see the designated testimony.

3759130.1

POSNER DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES

| | Deposition of Jeffrey Posner (May 6, 2009) | | | |
|---|---|---|---|---|
| Designation | Description | Objecting Parties and Grounds for Objection | Response to Objections | Reply of Objecting Parties |
| 16:7 to 18:22 | Testimony regarding Posner's employment with the Debtor and participation in negotiations of insurance settlements relating to asbestos litigation on behalf of the Debtor. | None | NA | NA |
| 20:1 to 21:1 (exclude objections at 20:4-5, 20:18-19) | Testimony regarding Posner's participation in administering insurance settlements relating to asbestos litigation on behalf of the Debtor. | None | NA | NA |
| 33:8 to 34:24 (exclude objection at 33:22-23) | Testimony regarding Posner's employment with the Debtor and responsibility for compliance with insurance settlement agreements | None | NA | NA |
| 296:10 to 297:19 (exclude objection at 297:13-14) | Testimony regarding certain settlement agreements between the Debtor and CNA and other insurers providing for reimbursement of the Debtor's defense costs. | None | NA | NA |
| 299:20 to 304:24 (exclude objections at 300:19-22; 302:8-9; 304:8-9; 304:15-16) | Testimony regarding CNA's payment of large amounts of money in defense of Debtor and that the Debtor was vigorously defending itself in the underlying asbestos litigation. | None | NA | NA |

(CNA)

LIBW/1719593.5

## PROUTY DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
### (Plan Proponents)

| Witness | Plan Proponents' Designations | Plan Objector's Counters | Summary Of Designations | Objection to Designations |
|---|---|---|---|---|
| Prouty, Dayton 01/14/2000 | | Libby Ctr 2:1 - 4:8 | List of parties and counsel | none |
| | 6:12 - 6:16 | | Witness name and age | No Objection |
| | 8:13 - 8:15 | | Mr. Prouty has mesothelioma | No Objection |
| | 11:24 - 22:15 | | Description by Mr. Prouty of how he was exposed to Grace asbestos | No Objection |
| | 24:11 - 27:14 | | Description of source of Grace asbestos | No Objection |
| | | Libby Ctr 32:1 - 32:22 (PP Obj: R) | Description of a report about Libby vermiculite | |
| | | Libby Ctr 36:5 - 39:13 (PP Obj: R) | Description by the witness of other potential exposures to asbestos | |
| | | Libby Ctr 96:7 - 96:12 (PP Obj: R) | Description by the witness of other potential exposures to asbestos | |

ROURKE 06/20/2002 DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
(Anderson Memorial Hospital)

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Rourke I 06-20-02 | p. 10, 8 to p. 11, 7 | Educational Background | * see footnote | | | |
| Rourke I 06-20-02 | p. 12, 3-22 | Educational Background | * see footnote | | | |
| Rourke I 06-20-02 | p. 13, 1 to p. 14, 12, 22 to p. 15, 3, 10-20 | Employment History | * see footnote | | | |
| Rourke I 06-20-02 | p. 16, 10-14 | Employment History | * see footnote | | | |
| Rourke I 06-20-02 | p. 17, 5-13 | Employment History | * see footnote | | | |
| Rourke I 06-20-02 | p. 21, 3-9, 13-16, 20-21 | Employment History | * see footnote | | | |
| Rourke I 06-20-02 | p. 22, 1-20 | Employment History | * see footnote | | | |
| Rourke I 06-20-02 | p. 23, 4-13 | Employment History | * see footnote | | | |

* The Plan Proponents object to the designation of any testimony from Dr. Rourke. Anderson Memorial is impermissibly attempting to use Dr. Rourke as an expert in its case where it has not designated Dr. Rourke as an expert and Dr. Rourke did not testify in the Confirmation Proceedings as an expert on these or any other matters.

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| 06-20-02 | | and work with Tom Florence | | | | |
| Rourke I 06-20-02 | p. 24, 14 to p. 25, 13 | Employment History and forecasting asbestos PI claims | * see footnote | | | |
| Rourke I 06-20-02 | p. 31, 15 to p. 32, 7 | Forecasting Methodology | * see footnote | | | |
| Rourke I 06-20-02 | p. 39, 4 to p. 39, 24 | Work for WRG in mid-1990's | * see footnote | | | |
| Rourke I 06-20-02 | p. 39, 25 to p. 40, 4 | Work for WRG in mid-1990's | Relevance * see footnote | | | |
| Rourke I 06-20-02 | p. 43, 20 to p. 45, 5 | Exhibit 3, October 24, 1995 Presentation to WRG on PD Claims | Relevance * see footnote | | | |
| Rourke I 06-20-02 | p. 182, 7-10 | Attendance at WRG Board Meeting in 8/97 | Relevance * see footnote | | | |
| | | | | | | Plan Proponents' Counter Designations to Anderson Memorial's Designations |

2

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| | | | | | | of Rourke are:<br><br>07/30/2002<br>Robert Beber<br>Deposition<br>7:6 - 7:11;<br>7:19 - 9:25;<br>17:1 - 17:23;<br>17:24 - 20:23;<br>21:9 - 21:22;<br>24:5 - 24:24;<br>33:24 - 34:6;<br>50:16 - 51:17;<br>58:12 - 59:13;<br>60:8 - 67:3;<br>70:15 - 70:22;<br>82:10 - 83:10;<br>134:13 - 135:4 |

3

## ROURKE 07/11/2002 DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
### (Anderson Memorial Hospital)

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Rourke II 07-11-02 | p. 7, 17 to p. 8, 5, 12-23 | Discussion of 1995 Work for WRG and Exhibit 3 [AMH-42/Florence Ex. 2] dated October 24, 1995 and engagement letter | Relevance; Foundation *see footnote | | | |
| Rourke II 07-11-02 | p. 9, 1-9 | WRG 1995 engagement of Florence Rourke Group | Relevance; Foundation *see footnote | | | |
| Rourke II 07-11-02 | p. 12, 19 to p. 13, 14, 21-24, p. 14, 19-24 | New York Presentation to WRG reflected in Ex. 3 [AMH-42] around October 24, 1995 | Relevance *see footnote | | | |
| Rourke II 07-11-02 | p. 19, 2-19, p. 20, 5-25 | 1995 Meeting in Boca Raton with Bob Beber, Jeff Posner, and Jay Hughes, and Dr. | Relevance *see footnote | | | |

---

* The Plan Proponents object to the designation of any testimony from Dr. Rourke. Anderson Memorial is impermissibly attempting to use Dr. Rourke as an expert in its case where it has not designated Dr. Rourke as an expert and Dr. Rourke did not testify in the Confirmation Proceedings as an expert on these or any other matters.

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| | | Florence | | | | |
| Rourke II 07-11-02 | p. 23, 3-7 | Discussion of Ex. 21 [AMH-56(h)] dated December 1, 1995 | Relevance *see footnote | | | |
| Rourke II 07-11-02 | p. 24, 3 to p. 25, 13, 23 to p. 26, 1, 5-21, 24 to p. 27, 20 | Discussion of Ex. 21 [AMH-56(h)] dated December 1, 1995 | Relevance *see footnote | | | |
| Rourke II 07-11-02 | p. 28, 4 to p. 32, 5, 17-25 | Comparison of Ex. 3 [AMH-42] and Ex. 21 [AMH-56(h)] | Relevance *see footnote | | | |
| Rourke II 07-11-02 | p. 33, 13-17, 20-25 | Comparison of Ex. 3 [AMH-42] and Ex. 21 [AMH-56(h)] | Relevance *see footnote | | | |
| Rourke II 07-11-02 | p. 35, 17-25 | Comparison of Ex. 3 [AMH-42] and Ex. 21 [AMH-56(h)] | Relevance *see footnote | | | |
| Rourke II 07-11-02 | p. 141, 5 to p. 142, 5 | Discussion of Private Sector Data and WRG's position that the statute of limitation had run on all commercial buildings | Relevance *see footnote | | | |
| Rourke II 07-11-02 | p. 144, 7-12 | Discussion of Private Sector Data and WRG's position that the statute | Relevance *see footnote | | | |

2

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| | | of limitation had run on all commercial buildings | | | | |
| Rourke II 07-11-02 | p. 161, 24 to p. 162, 9, 17 to p. 163, 16 | Per Building Methodology used for Buildings Included in Estimate of Non-Commercial Buildings | Relevance *see footnote | | | |
| Rourke II 07-11-02 | p. 165, 3-13 | Per Building Methodology used for Buildings Included in Estimate of Non-Commercial Buildings | Relevance *see footnote | | | |
| Rourke II 07-11-02 | p. 177, 22 to p. 178 1, 4-6 | WRG's Response to December 1, 1995 Report | Relevance *see footnote | | | |
| Rourke II 07-11-02 | p. 179, 22 to p. 180, 8 | Conclusion of work for WRG | Relevance *see footnote | | | |
| Rourke II 07-11-02 | p. 199, 18 to p. 200, 8 | Estimate if assumed 10% of Commercial Buildings are not barred | Relevance *see footnote | | | |
| Rourke II 07-11-02 | p. 200, 9 to p. 201, 21 | Estimate if assumed 10% of Commercial Buildings are not barred | Speculation; Relevance *see footnote | | | |

3

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| | | | | | | Plan Proponents' Counter Designations to Anderson Memorial's Designations of Rourke are:<br><br>07/30/2002 Robert Beber Deposition<br>7:6 - 7:11;<br>7:19 - 9:25;<br>17:1 - 17:23;<br>17:24 - 20:23;<br>21:9 - 21:22;<br>24:5 - 24:24;<br>33:24 - 34:6;<br>50:16 - 51:17;<br>58:12 - 59:13;<br>60:8 - 67:3;<br>70:15 - 70:22;<br>82:10 - 83:10;<br>134:13 - 135:4 |

4

## SCOTT DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES
### (Anderson Memorial Hospital)

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Scott 04-22-09 | p. 3, 7-23 | Background | No Objection | | | |
| Scott 04-22-09 | p. 11, 4-11 | Class Action Complaint | No Objection | | | |
| Scott 04-22-09 | p. 13, 1 to p. 14, 13 | ZAI Science Trial | No Objection | | | |
| Scott 04-22-09 | p. 14, 21 to p. 15, 7 | ZAI Negotiations | Relevance; Fed. R. Evid. 408 | | | |
| Scott 04-22-09 | p. 16, 11 to p. 17, 2 | ZAI Negotiations | Relevance; Fed. R. Evid. 408 | | | |
| Scott 04-22-09 | p. 19, 2-10 | ZAI Negotiations | Relevance; Fed. R. Evid. 408 | | | |
| Scott 04-22-09 | p. 21, 9 to p. 23, 23, 25 to p. 24, 1, 19 to p. 25, 14 | ZAI Negotiations | Relevance; Fed. R. Evid. 408 | | | |
| Scott | p. 30, 3-7 | ZAI Negotiations | Relevance; | | | |

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| 04-22-09 | | | Fed. R. Evid. 408 | | | |
| Scott 04-22-09 | p. 31, 16 to p. 32, 12, 24 to p. 33, 23 | ZAI Negotiations | Relevance; Fed. R. Evid. 408 | | | |
| Scott 04-22-09 | p. 35, 13-22 | ZAI Negotiations | Relevance; Fed. R. Evid. 408 | | | |
| Scott 04-22-09 | p. 36, 5-9, 25 to p. 39, 1, 22 to p. 40, 17 | ZAI Negotiations | Relevance; Fed. R. Evid. 408 | | | |
| Scott 04-22-09 | p. 41, 14 to p. 42, 3, 8-21, 23 to p. 45, 13 | ZAI Negotiations | Relevance; Fed. R. Evid. 408 | | | |
| Scott 04-22-09 | p. 52, 3 to p. 54, 25 | Treatment of Opt-Outs | No Objection | | | |
| Scott 04-22-09 | p. 61, 24 to p. 62, 10, 12 to p. 65, 20 | ZAI Class Proof of Claim Form and Communications with Opt-Outs | Relevance | | | |
| Scott 04-22-09 | p. 67, 12 to p. 68, 16 | Treatment of Opt-Outs | No Objection | | | |
| Scott 04-22-09 | p. 69, 1-6, 22 to p. 70, 5 | Genealogy of Settlement Documents and Issue of | No Objection | | | |

2

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| | | Opt-Outs | | | | |

3

**WESTBROOK DEPOSITION DESIGNATIONS, OBJECTIONS, AND RESPONSES**
(Anderson Memorial Hospital)

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Westbrook 04-24-09 | p. 4, 5-22 | Treatment of ZAI Opt-Outs | No Objection | | | |
| Westbrook 04-24-09 | p. 5, 1-11 | Treatment of ZAI Opt-Outs | No Objection | | | |
| Westbrook 04-24-09 | p. 6, 2-22 | Treatment of ZAI Opt-Outs | Relevance | | | |
| Westbrook 04-24-09 | p. 6, 23-25 to p. 9, 25 | ZAI Negotiations | Relevance; Fed. R. Evid. 408 | | | |
| Westbrook 04-24-09 | p. 19, 22-25 | ZAI Negotiations | Relevance; Fed. R. Evid. 408 | | | |
| Westbrook 04-24-09 | p. 20, 13 to p. 21, 2 | ZAI Negotiations | Relevance; Fed. R. Evid. 408 | | | |
| Westbrook 04-24-09 | p. 23, 6-15, 17 to p. 24, 5, 12-13, 24 | ZAI Negotiations | Relevance; Fed. R. Evid. 408 | | | |
| Westbrook 04-24-09 | p. 25, 1-4, 19 to p. 26, 24 | ZAI Negotiations | Relevance; Fed. R. Evid. 408 | | | |

| Deponent | Pages and Lines | Brief Summary | Objections | Response to Objections | Plan Proponents' Current Position | Counter Designation |
|---|---|---|---|---|---|---|
| Westbrook 04-24-09 | p. 37, 9 to p. 38, 1, 12-18 | Anderson and ZAI Negotiations | No Objection | | | |
| Westbrook 04-24-09 | p. 40, 14-25 | Anderson and ZAI Negotiations | Relevance; Fed. R. Evid. 408 | | | |
| Westbrook 04-24-09 | p. 41, 3-6 | Communications with Opt-Outs | No Objection | | | |
| Westbrook 04-24-09 | p. 44, 10-15 | Communications with Opt-Outs | No Objection | | | |

2