IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 23303 |
| | ) | 10/26/09 Agenda No. 21 |

## ORDER AUTHORIZING THE SALE OF 5% OF THE LIMITED LIABILITY COMPANY INTERESTS OF ADVANCED REFINING TECHNOLOGIES LLC AND CERTAIN RELATED AGREEMENTS AND TRANSACTIONS

Upon consideration of the Motion of the Debtors for an Order Authorizing the Sale of 5% of The Limited Liability Company Interests of Advanced Refining Technologies LLC and Certain Related Agreements and Transactions (the "Motion"); and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in, as the case may be, the Motion, the Agreements (as that term is defined in this Motion) or the *First Amended Joint Plan of*

FOUND AND DETERMINED THAT

1. As evidenced by the affidavits of service filed with this Court, and based upon representations of counsel at the hearing on this matter, that adequate and sufficient notice of the Motion has been provided, and that such notice was good, sufficient and appropriate under the circumstances, and that no other or further notice is or shall be required;

2. Good and sufficient reasons have been articulated; and the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, equity holders and other parties in interest for each of:

- *The Sale*. Pursuant to section 363(b), the sale (the "Sale") of 5% (the "Sale Asset") of the limited liability company interests ("LLC Interests") of Advanced Refining Technologies LLC ("ART") by W. R. Grace and Co.-Conn. (variously, "Grace" or "Seller") to Chevron U.S.A. Inc. (variously, "Buyer" or "Chevron"), for a sale price of $4.0 million (the "Sale Price"), pursuant to an agreement in the form attached hereto as **Exhibit A** (the "Sale Agreement");

- *LLC Amendment*. The amendment of the Limited Liability Company Agreement of ART dated March 1, 2001, between Grace and Buyer (as heretofore amended, the "LLC Agreement") to reflect the Sale and to effectuate certain other amendments, on the terms and conditions set forth in Amendment No. 4 to the LLC Agreement, the form of which is attached hereto as **Exhibit B** (the "LLC Amendment");

- *Credit Agreement Amendment*. Pursuant to section 363(b), amendment of the Credit Agreement dated March 1, 2001 (as heretofore amended, the "Grace-ART Credit Agreement"), between Grace and ART, to reduce the available credit line from $24.75 million to $20.25 million (the "Credit Agreement Amendment", the form of which is attached hereto as **Exhibit C** and together with the Sale Agreement and the LLC Amendment, the "Agreements"); and

- *Capital Loans*. Pursuant to sections 364(a) and (b) and section 503(b)(1), Grace's borrowing from ART on an unsecured basis certain amounts as contemplated by the Hydroprocessing Catalyst Supply Agreement dated March 1, 2001 (as amended, the "Catalyst Supply Agreement"), between ART and Grace, to make maintenance capital expenditures in connection with Grace's performance of the Catalyst Supply Agreement, in the amounts of $8.7 million and up to $3.5 million, as evidenced by demand notes in the form of **Exhibit D-1** and **Exhibit D-2**, respectively (the

---

*Reorganization* (the "Plan") in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873 and 21594.

"Notes"), and additional borrowings in 2010 and thereafter through and including 2014 in amounts not to exceed $6.0 million in any one year, on substantially the same terms and conditions as set forth in the Notes;

3. Grace may consummate the Sale, and Buyer may acquire the Sale Asset, free and clear of any and all liens and encumbrances, and any liens or encumbrances shall attach to the proceeds of the Sale because each entity with a security interest in the Sale Asset: (i) has consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of any such interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code, and therefore, in each case, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied;

4. The Debtors have demonstrated both a sound business purpose and good and sufficient reasons for each of the Transactions set forth in the Motion;

5. Seller has full corporate power and authority to execute the Sale Agreement and the other Agreements and consummate the Sale and each other Transaction contemplated by the Motion and set forth in this Order;

6. The Sale Agreement and the other Agreements were negotiated, proposed and entered into by Seller and Buyer in good faith and without collusion; and Buyer is not an "insider" of any of the Debtors as that term is defined in section 101 of the Bankruptcy Code; and neither the Debtors nor Buyer have engaged in any conduct that would cause or permit the Agreements (or the transactions contemplated therein) to be avoided or Buyer to be subjected to any claim under section 363(n) of the Bankruptcy Code;

7. In the absence of a stay pending appeal, Buyer will be acting in good faith pursuant to section 363(m) of the Bankruptcy Code in closing the Sale at any time on or after entry of this Order, and cause has been shown as to why this Order should not be subject to the

stay provided by Fed. R. Bankr. P. 6004(g) and 6006(d), and for those reasons Buyer is entitled to all of the protections afforded section 363(m) of the Bankruptcy Code;

8. The consideration provided by Buyer pursuant to the Sale Agreement is: (i) fair and reasonable; (ii) integral to effectuating the purposes of the Sale, which are more proportionate funding and management of ART, elimination of possible negative tax effects on Grace from the funding of ART, and the deconsolidation of ART from Grace Parent's consolidated group for financial reporting purposes; (iii) will enhance the value of the Debtors' estates; and (iv) constitutes reasonably equivalent value and fair consideration for the Sale Asset;

9. The Sale Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or any other law of the United States or any state, territory, possession of the United States or the District of Columbia;

10. Grace and the other Debtors have full corporate power and authority to execute and deliver the Sale Agreement and the other Agreements and all other documents contemplated thereby, and no further consents or approvals are required for Grace and the other Debtors to consummate the transactions contemplated by the Agreements, except as otherwise set forth in the respective Agreements;

11. The Sale of the Sale Asset to Buyer will be as of the date of closing of the Sale (the "Closing Date") a legal, valid, and effective transfer of such assets, and vests or will vest Buyer with all right, title, and interest of Grace and the other Debtors to the Sale Asset free and clear of all liens, claims or encumbrances accruing, arising or relating thereto any time prior to the Closing Date; and neither Buyer nor its affiliates, successors or assigns, as a result of any action taken in connection with the Sale: (i) is a successor to any of the Debtors; (b) has, *de facto*

or otherwise, merged with or into any of the Debtors; or (c) is a continuation or substantial continuation of any of the Debtors or any enterprise of the Debtors;

12. This order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Fed. R. Bankr. P. 6004(h) and 6006(d), and to any extent necessary under Fed. R. Bankr. P. 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Fed. R. Bankr. P. 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein; and

13. For purposes of section 364(b), good and sufficient reason has been articulated for entry into the Capital Loans, the claims for which are allowable under section 503(b)(1) as actual and necessary administrative expenses.

IT IS THEREFORE

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the Agreements are approved; the Debtors are hereby authorized to enter into the Agreements and to consummate the Transactions and take all actions related thereto; and it is further

ORDERED that the Debtors are authorized to take whatever other actions may be necessary to consummate the Transactions; and it is further

ORDERED that, upon consummation of the Sale, Buyer shall acquire the Sale Asset free and clear of all liens and encumbrances for purposes of section 363(f), and any such liens and encumbrances shall attach to the proceeds of the Sale; and it is further

ORDERED that Grace may enter into the Capital Loans for years 2007-08 and 2009 immediately upon entry of this Order, and may enter into Capital Loans for each of the years

2010 through and including 2014 without further order of this Court; *provided, however*, that if the cumulative amount of Capital Loans for any single year exceeds $6 million, then the Debtors shall file a motion seeking an additional order of this Court authorizing any such Capital Loans; and it is further

ORDERED that amounts owed under the Capital Loans shall be allowable as administrative claims pursuant to section 503(b)(1); and it is further

ORDERED that Buyer is entitled to all the protections afforded by section 363(m) of the Bankruptcy Code; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order, the Transactions and the Agreements; and it is further

ORDERED that this Order is effective immediately upon its entry, notwithstanding Fed. R. Bankr. P. 6004(h).

Dated: Oct. 28, 2009

                                                      *Judith K. Fitzgerald*
                                                      Honorable Judith K. Fitzgerald
                                                      United States Bankruptcy Judge