IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., *et al.* | : | Case No. 01-01139 JKF |
| | : | |
| Debtors. | : | **Docket Reference No. 20872** |

PHASE II POST-TRIAL BRIEF OF GOVERNMENT EMPLOYEES INSURANCE
COMPANY AND REPUBLIC INSURANCE COMPANY N/K/A STARR
INDEMNITY & LIABILITY COMPANY IN OPPOSITION TO
CONFIRMATION OF AMENDED JOINT PLAN OF REORGANIZATION

Dated:  November 2, 2009

Warren T. Pratt (4334)
David P. Primack (4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE  19801-1254
Telephone:  302-467-4200

-- and --

Michael F. Brown (*Admitted Pro Hac*)
Jeffrey M. Boerger (*Admitted Pro Hac*)
DRINKER BIDDLE & REATH LLP
One Logan Square
Philadelphia, PA  19103-6996
Telephone:  215-988-2700

Counsel for Government Employees
Insurance Company and Republic
Insurance Company

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ..................................................................................1

II.   BACKGROUND INCORPORATED BY REFERENCE...................................................2

      A.    The GEICO and Republic Policies ...........................................................2

      B.    Seaton Policy No. 1-2517 ..........................................................................3

III.  ARGUMENTS INCORPORATED BY REFERENCE .......................................................3

      A.    The Plan Improperly Purports to Assign the Debtors' Interests
            Under the GEICO and Republic Policies to the Trust in Violation
            of the Anti-Assignment Provisions in Those Policies ...............................3

            1.    The Bankruptcy Code Does Not Preempt the Anti-
                  Assignment Provisions in the Policies.........................................3

            2.    The Proposed Assignment of the Policies and Policy Rights
                  Violates Bankruptcy Code § 1129(a)(3) .......................................5

            3.    The Proposed Assignment Is Invalid Because It Purports to
                  Assign the Rights of Non-Debtors, in Violation of the Anti-
                  Assignment Provisions...................................................................5

      B.    The Proposed TAC Members Are Burdened By Irreconcilable
            Conflicts of Interest and Should Not Be Approved By The Court .........5

      C.    The Plan Does Not Comply With § 524(g)'s Requirements ..................5

      D.    GEICO and Republic Are Parties In Interest With Standing to
            Object to Confirmation of the Plan ..........................................................5

IV.   CONCLUSION....................................................................................................6

## I.    PRELIMINARY STATEMENT

*Pursuant to the Court's instructions, rather than repeating arguments they previously briefed in detail, or that others are briefing in their Phase II Post-Trial Briefs, Government Employees Insurance Company ("GEICO") and Republic Insurance Company n/k/a Starr Indemnity & Liability Company ("Republic") hereby incorporate by reference (a) portions of their Phase I Trial Brief, dated June 1, 2009 and (b) portions of the Phase II Post-Trial Brief of Creditors OneBeacon America Insurance Company and Seaton Insurance Company in Opposition to Confirmation of the Amended Joint Plan of Reorganization.  The headings for each incorporated portion are set forth herein. Each heading contains either a hyper-link to the relevant portion of the Phase I Trial Brief filed by GEICO and Republic or a statement indicating that GEICO and Republic are joining in the relevant portion of the Phase II Post-Trial Brief filed by OneBeacon and Seaton.  With respect to the former, however, because the Phase I Trial Brief was filed before the Confirmation Hearing, the factual citations therein are not citations to the trial record.  To address this issue, for each factual citation contained in those portions of the Phase I Trial Brief incorporated herein, GEICO and Republic are providing the Court with a hyper-link to the corresponding trial record citation.  That way, if the Court identifies a factual citation in the incorporated portions of the June 1, 2009 Phase I Trial Brief that the Court wishes to review and consider, it can easily hyper-link to where that fact now appears in the actual trial record.  In addition, as indicated below, GEICO and Republic also direct the Court to portions of Ex. OS-38 in support of their argument in opposition to the Plan provisions that provide for the assignment of the Debtors' rights or interests under the GEICO and Republic Policies.*

*And, finally, it is not entirely clear to GEICO and Republic how the Court wishes to handle the Insurance Neutrality issue, which was litigated in Phase I of the Confirmation Hearing, but remains unresolved.  Accordingly, in an abundance of caution, GEICO and Republic also incorporate herein by reference The Phase I Insurers' Post-Trial Brief. (See D.I. 22480).*

## II.    BACKGROUND INCORPORATED BY REFERENCE

### A.    The GEICO and Republic Policies.

(*See* Phase I Trial Brief, 1-2)

| *Pre-Trial Brief Citation* | *Corresponding Trial Record Citation* |
|---|---|
| Ex. "1" ¶¶ 4-6 and Exs. "A," "B," and "C" thereto ................................... | Ex. GR-14 (Rev); Ex. GR-15 (Rev); Ex. GR-16 (Rev) |
| Ex. "1" ¶¶ 7-8 and Exs. "D" and "E"  ... | Ex. GR-17 (Rev); Ex. GR-18 (Rev) |
| *Id.*, Exs. "A," "B," and "C" thereto, at Condition I ....................................... | Ex. GR-14 (Rev), YYY-000649; Ex. GR-15 (Rev), YYY-000659; Ex. GR-16 (Rev), YYY-000668 |
| *Id.*, Exs. "D" and "E" thereto, at Condition No. 6 .................................. | Ex. GR-17 (Rev), YYY-000675; Ex. GR-18 (Rev), YYY-000682 |
| *Id.*, Exs. "F" and "G" thereto at Condition O ....................................... | Ex. GR-19 (Rev), YYY-000708; Ex. GR-20 (Rev), YYY-000760-61 |
| *Id.*, Exs. "A," "B," and "C" thereto, at Condition C(3) ................................ | Ex. GR-14 (Rev), YYY-000648; Ex. GR-15 (Rev), YYY-000658; Ex. GR-16 (Rev), YYY-000667 |
| *Id.*, Exs. "F" and "G" thereto at Condition H ........................................ | Ex. GR-19 (Rev), YYY-000707; Ex. GR-20 (Rev), YYY-000758-59 |

*Id.*, Exs. "A," "B," and "C" thereto,
  at Condition C(5) ................................     Ex. GR-14 (Rev), YYY-000648;
             ................................     Ex. GR-15 (Rev), YYY-000658;
             ................................     Ex. GR-16 (Rev), YYY-000667
*Id.*, Exs. "F" and "G" thereto at
  Condition J .........................................     Ex. GR-19 (Rev), YYY-000708;
             .........................................     Ex. GR-20 (Rev), YYY-000760-
             .........................................     61

**B.**      <u>Seaton's Policy No. 1-2517</u>**.**

(*See* <u>Phase I Trial Brief, 2-3</u>)

|  | *Corresponding* |
|---|---|
| *Pre-Trial Brief Citation* | *Trial Record Citation* |

Ex. "2" at 279-80, and Ex. "18"
  thereto .................................................     Ex. OS-4 (Rev)
D.I. 20874, Ex. "5" thereto, at 9-10 ....     Ex. PP 277.05 (Rev), PP 017246-47
D.I. 20874, Ex. "5" thereto, at 9 .........     Ex. PP 277.05 (Rev), PP 017246
Ex. "3" ¶ 4 and Ex. "A" thereto ..........     Ex. OS-27 (Rev)
*Id.*, at Condition 13 .............................     Ex. OS-27 (Rev), XXX-001833
*Id.*, at Conditions 7, 9 .........................     Ex. OS-27 (Rev), XXX-001829-32

### III.      <u>ARGUMENTS INCORPORATED BY REFERENCE</u>

**A.**      **The Plan Improperly Purports to Assign the Debtors' Interests Under the GEICO and Republic Policies to the Trust in Violation <u>of the Anti-Assignment Provisions in Those Policies</u>.**

         1.      The Bankruptcy Code Does Not Preempt the <u>Anti-Assignment Provisions in the Policies</u>.

(*See* <u>Phase I Trial Brief, 18-20</u>)

|  | *Corresponding* |
|---|---|
| *Pre-Trial Brief Citation* | *Trial Record Citation* |

D.I. 20874, Ex. "6" thereto ...................     PP 277.06 (Rev)
D.I. 20872, at § 7.2.2(d)(ii) ...................     PP 277.01 (Rev), § 7.2.2(d)(ii)
D.I. 20872, at § 1.1(13) ........................     PP 277.01 (Rev), § 1.1(13)
D.I. 20872, at § 1.1(140) ......................     PP 277.01 (Rev), § 1.1(140)
D.I. 20874, Exs. "2" and "4" thereto .....     PP 277.02 (Rev); PP 277.04 (Rev)

Ex. "1" and Ex. "A" thereto, at
  Condition I and Ex. "G" thereto, at
  Condition O .........................................     <u>Ex. GR-14 (Rev), YYY-000649</u>;
  ..........................................     <u>Ex. GR-20 (Rev), YYY-000760-61</u>
§ 7.2.2(d)(iii) in the Plan .......................     <u>PP 277.01 (Rev), § 7.2.2(d)(iii)</u>

********

Besides incorporating the foregoing portion of their Phase I Trial Brief, GEICO and Republic direct the Court to two additional facts of record in support thereof. First, it is undisputed that neither GEICO nor Republic is in breach of its obligations to the Debtors under the GEICO Policies and Republic Policies respectively. (<u>Ex. OS-38, RFA No. 1 and RFA No. 17</u>). And, second, it also undisputed that neither GEICO nor Republic has consented to the Debtors' proposed assignment of its interests under the GEICO Policies and Republic Policies. (*Id.*, RFA No. 4 and RFA No. 20).

In objecting to the Plan's assignment provision, GEICO and Republic acknowledge that this Court recently confirmed a Chapter 11 plan with such a provision in another case, which is now on appeal. *See In re Federal-Mogul Global Inc.*, 385 B.R. 560, 567 (Bankr. D. Del. 2008), *aff'd*, 402 B.R. 625 (D. Del. 2009), *appeal filed*, No. 03-2230 (3d Cir.). Respectfully, GEICO and Republic submit that this Court's prior assignment ruling, which was based upon bankruptcy preemption, was erroneous and should be reversed for the reasons set forth in the appellate brief filed by Hartford Accident and Indemnity Company, *et al*., the legal arguments of which are adopted herein by GEICO and Republic. (*See* <u>Brief for Certain Appellants, 20-56, In re Federal-Mogul Global Inc., Nos. 09-2230 & 09-2231 (3d Cir. Oct. 5, 2009)</u>).

2.       The Proposed Assignment of the Policies and Policy Rights Violates Bankruptcy Code § 1129(a)(3).

(*See* Phase I Trial Brief, 20-21)

*No record citations.*

3.       The Proposed Assignment Is Invalid Because It Purports to Assign the Rights of Non-Debtors, in Violation of the Anti-Assignment Provisions.

(*See* Phase I Trial Brief, 23-24)

| *Pre-Trial Brief Citation* | *Corresponding Trial Record Citation* |
|---|---|
| D.I. 20874, Ex. "6" thereto ................. | PP 277.06 (Rev) |
| D.I. 20872, at § 7.2.2(d)(ii) ................. | PP 277.01 (Rev), § 7.2.2(d)(ii) |
| D.I. 20872, at § 1.1(13) ....................... | PP 277.01 (Rev), § 1.1(13) |
| D.I. 20872, at § 1.1(140) ..................... | PP 277.01 (Rev), § 1.1(140) |

**B.    The Proposed TAC Members Are Burdened By Irreconcilable Conflicts of Interest and Should Not Be Approved By The Court.**

GEICO and Republic incorporate by reference that portion of the Phase II Post-Trial Brief of OneBeacon and Seaton that addresses the TAC conflict of interest argument, except subsection 4 thereof.  (*See* D.I. 23637, 33-34).

**C.    The Plan Does Not Comply With § 524(g)'s Requirements.**

GEICO and Republic incorporate by reference that portion of the Phase II Post-Trial Brief of OneBeacon and Seaton that addresses the Plan's failure to comply with Bankruptcy Code § 524(g).  (*See* D.I. 23637, 35).

**D.    GEICO and Republic Are Parties-In-Interest With Standing to Object to Confirmation of the Plan.**

(*See* Phase I Trial Brief, 37-39)

*No record citations.*

## IV.    CONCLUSION

Accordingly, based upon the arguments incorporated herein and the facts of record, GEICO and Republic submit that the Plan is illegal and, therefore, this Court must deny confirmation.

Dated:  November 2, 2009                          Respectfully submitted,

                                                  */s/ David P. Primack*

                                                  _____
                                                  Warren T. Pratt (4334)
                                                  David P. Primack (4449)
                                                  DRINKER BIDDLE & REATH LLP
                                                  1100 N. Market Street, Suite 1000
                                                  Wilmington, DE  19801-1254
                                                  Telephone:  302-467-4200


                                                  Michael F. Brown
                                                  Jeffrey M. Boerger
                                                  DRINKER BIDDLE & REATH LLP
                                                  One Logan Square
                                                  Philadelphia, PA  19103-6996
                                                  Telephone:  215-988-2700

                                                  Counsel for Government Employees
                                                  Insurance Company and Republic
                                                  Insurance Company