# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JFK) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## SUMMARY OF INTERIM VERIFIED APPLICATION OF VENABLE LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE THIRTY-FIRST, THIRTY-SECOND AND THIRTY-THIRD QUARTERS FROM NOVEMBER 1, 2008 THROUGH JUNE 30, 2009

| | |
|---|---|
| Name of Applicant: | **Venable LLP ("Venable")** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retention Order[2] entered June 24, 2009, effective as of May 22, 2009[3]** |
| Period for which compensation and reimbursement is sought: | **November 1, 2008 through June 30, 2009** |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross County Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Terms not defined herein shall have the meanings ascribed to them in the Interim Verified Application of Venable LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-First, Thirty-Second and Thirty-Third Quarters from November 1, 2008 through June 30, 2009 (the "Fee Application").

[3] Venable was previously serving as an "Ordinary Course Professional" pursuant the OCP Order. The Retention Order entitles and instructs Venable to seek application for its outstanding fees and expenses in excess of the Monthly Caps.

BA3DOCS1-#429114

Amount of Compensation sought as actual, reasonable and necessary for the period: **$709,294.00**

Amount of Expense Reimbursement sought as actual, reasonable and necessary for the period: **$6,405.06**

Fees and Expenses received in accordance with the OCP Order: **($320,268.80)**

Total Fees and Expenses in Excess of Payments Received Pursuant to the OCP Cap During the Fee Period Requested pursuant to this Application: **$395,430.26**

This is a ___ monthly _x_ interim ___ final application.

This is the first fee application filed by Venable to date. Subsequent to this Fee Application, including for July 2009 and afterward, Venable will continue to file monthly and quarterly fee applications in accordance with the Amended Interim Compensation Order.

In the Fee Application, Venable seeks to recover amounts due and owing Venable for November 2008 through June 2009 to the extent that they have not been paid pursuant to the OCP Order. The following chart reflects the total professional services rendered and the actual and necessary expenses incurred by Venable during the Fee Period. Venable has received partial payment of these amounts pursuant to the OCP Order as follows:

|  | Fees | Expenses | Total | Received pursuant to OCP Order | Balance Owing Venable LLP |
|---|---|---|---|---|---|
| November 2008 | $58,501.50 | $2,187.29 | $60,688.79 | $18,646.12 | $42,042.67 |
| December 2008 | $77,025.50 | $1,871.49 | $78,896.99 | $50,076.00 | $28,820.99 |
| January 2009 | $49,863.00 | $412.42 | $50,275.42 | $50,698.00 | ($422.58) |
| February 2009 | $165,610.50 | $177.86 | $165,788.36 | $50,000.00 | $115,788.36 |
| March 2009 | $144,644.50 | $254.24 | $144,898.74 | $50,363.18 | $94,535.56 |
| April 2009 | $86,322.50 | $527.35 | $86,849.85 | $50,148.50 | $36,701.35 |
| May 2009 | $49,737.50 | $573.59 | $50,311.09 | $50,000.00 | $311.09 |
| June 2009 | $77,589.00 | $400.82 | $77,989.82 | $337.00 | $77,652.82 |
| **Total** | **$709,294.00** | **$6,405.06** | **$715,699.06** | **$320,268.80** | **$395,430.26** |

BA3DOCS1-#429114

The hearing for the Fee Application has been scheduled for December 14, 2009.

The professionals of Venable who rendered services in these cases during the period Fee Period are:

| Name of Professional Person | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Jeffrey P. Ayres | Partner | 1977 | Litigation | $380.00 (2008) | 0.2 | $76.00 |
| | | | | $495.00 (2009) | 2.0 | $990.00 |
| Kevin A. Loden | Associate | 2007 | Business | $265.00 | 44.9 | $11,898.50 |
| Alexander W. Major | Associate | 2005 | Litigation | $285.00 | 625.9 | $178,381.50 |
| Colleen M. Mallon | Partner | 1999 | Litigation | $415.00 | 361.8 | $150,147.00 |
| Meghan E. Maloney | Associate | 2003 | Litigation | $290.00 | 79.5 | $23,055.00 |
| Mark J. McTamney | Associate | 2008 | Business | $265.00 | 91.0 | $24,115.00 |
| Heather Mitchell | Associate | 2002 | Litigation | $200.00 | 0.2 | $40.00 |
| David E. Rice | Partner | 1980 | Business | $495.00 | 2.1 | $1,039.50 |
| Mathew R. Swinburne | Associate | 2008 | Litigation | $265.00 | 429.5 | $113,817.50 |
| Lisa B. Tancredi | Partner | 1993 | Business | $430.00 | 18.7 | $8,041.00 |
| Lauren E. Wallace | Associate | 2008 | Litigation | $265.00 | 71.9 | $19,053.50 |
| G. Stewart Webb, Jr. | Partner | 1975 | Litigation | $635.00 | 118.2 | $75,057.00 |

| John A. Wilhelm | Partner | 1981 | Business | $490.00 | 2.6 | $1,274.00 |
|---|---|---|---|---|---|---|
| | | | | **Total for all attorneys** | | **$606,985.50** |
| | | | | (Less write-off) | | ($32,430.00) |
| | | | | | **Total** | **$574,555.50** |

The paraprofessionals of Venable who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the Applicant and Number of Years as a Paraprofessional | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Donna E. Anderson | Technology Services | 23 | Technology Services | $210.00 | 8.5 | $1,785.00 |
| Namrata R. Bagwandeen | Technology Services | 8 | Technology Services | $180.00 | 115.8 | $20,844.00 |
| Bruce Breon | Technology Services | 13 | Technology Services | $180.00 | 12.8 | $2,304.00 |
| Todd A. Burdick | Paralegal | 3 | Litigation | $180.00 | 234.4 | $42,192.00 |
| Jane R. Collins | Paralegal | 5 | Litigation | $195.00 | 33.6 | $6,552.00 |
| Noel Greene | Paralegal | 7 | Litigation | $245.00 | 51.1 | $12,519.50 |
| Ruth Lathe | Paralegal | 15 | Litigation | $225.00 | 8.1 | $1,822.50 |
| Claudia Reyes | Paralegal | 9 | Litigation | $255.00 | 276.7 | $70,558.50 |
| Tracey M. Scott | Technology Services | 9 | Technology Services | $205.00 | 91.2 | $18,696.00 |
| | | | **Total for all paraprofessionals** | | | **$177,273.50** |
| | | | | (Less write-off) | | ($42,535.00) |
| | | | | | **Total** | **$134,738.50** |

| | |
|---:|---:|
| Grand Total for Fees (before write-off) | **$784,259.00** |
| Grand Total for Fees (after write-off) | **$709,294.00** |
| Blended Rate (after write-off) | **$264.59** |

### Compensation by Matter

| Matter Description | Total Billed Hours | Total Fees Requested |
|---|---:|---:|
| Advice in Connection with Labor and Employment Matters | 5.0 | $2,380.00 |
| Advice in Connection with Global Printing Litigation | 2,654.9 | $772,798.50 |
| Advice in Connection with Preparation of Employment Application | 20.8 | $9,080.50 |
| Total for all matters | | $784,259.00 |
| (Less write-off) | | ($74,965.00) [4] |
| Total | | $709,294.00 |

### Expense Summary

| Service Description | Amount |
|---|---:|
| Appearance Fee | $10.00 |
| Commercial Messenger | $747.63 |
| Conferencing Services | $118.68 |
| Docket Requests | $199.60 |
| Reproduction Costs | $1,874.61 |
| Legal Research/Westlaw | $3,236.60 |
| Long Distance Telephone | $134.87 |
| Postage | $41.66 |
| Special Order Supplies | $28.41 |
| Telecopy | $13.00 |
| **Total** | **$6,405.06** |

---

[4] Venable also wrote off additional amounts, primarily related to technology services. To the extent no time was billed for an individual's services in a given month, their time for that month is not reflected in the above charts. The time incurred by these individuals as well as the total write-off amounts per month are provided in the fee detail attached to the Monthly Statements (which are Exhibits A-H to the Fee Application).

BA3DOCS1-#429114

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JFK) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**INTERIM VERIFIED APPLICATION OF VENABLE LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE THIRTY-FIRST, THIRTY-SECOND AND THIRTY-THIRD QUARTERS FROM NOVEMBER 1, 2008 THROUGH JUNE 30, 2009**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order"), Rule 2016-2 for the Local Rules for the United States Bankruptcy Court for the District of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross County Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

BA3DOCS1-#429114

Delaware (the "Local Rules"), the law firm of Venable LLP ("Venable"), special litigation counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $709,294.00 for the reasonable and necessary legal services Venable has rendered to the Debtors, and (ii) reimbursement for the actual and necessary expenses that Venable has incurred in the amount of $6,405.06 (the "Fee Application"), for the thirty-first, thirty-second and thirty-third quarters from November 1, 2008 through June 30, 2009 (the "Fee Period"). In support of this Fee Application, Venable respectfully states as follows:

## BACKGROUND

### Retention of Venable LLP

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Venable was originally retained by the Debtors as an "Ordinary Course Professional" (an "OCP") in these Chapter 11 Cases to provide representation in connection with matters involving employment, employee benefits, workers' compensation and corporate/securities law issues.

3. Pursuant to the Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business [Docket No. 197] and as subsequently amended (the

"OCP Order"), the Debtors were authorized to pay up to $50,000 per month (the "Monthly Cap") and up to a total $1,200,000 per professional (the "Total Expenditure Cap") during the pendency of these Chapter 11 Cases.[2]

4.  Pursuant to the OCP Order, Venable filed its Affidavit under 11 U.S.C. § 327(e) in these Chapter 11 Cases on May 25, 2001 [Docket No. 321].[3]

5.  Because Venable's fees in relation to advising and representing the Debtors in a lawsuit filed by Global Printing & Design Solutions, Inc., Case No. 13-C-08-074673 CN, currently pending in the Circuit Court for Howard County, Maryland (the "Global Printing Litigation"), as well as fees for other services it provides to the Debtors, began exceeding the Monthly Cap, on May 22, 2009 the Debtors filed the Application for Entry of an Order Authorizing the Retention of Venable LLP as Special Litigation Counsel to the Debtors (the "Retention Application") [Docket No. 21850].

6.  On June 24, 2009, this Court entered an Order Authorizing the Retention and Employment of Venable LLP as Special Litigation Counsel to the Debtors [Docket No. 21850] (the "Retention Order"), granting the Retention Application.

### Time Period Covered by the Fee Application

7.  The Retention Order specifically entitles and instructs Venable to seek application for its outstanding fees and expenses in excess of OCP Caps. See Retention Order at ¶ 4. By this Fee Application, Venable seeks compensation for the outstanding fees and expenses for the months from November 2008 through June 2009. During this period, Venable was operating as an OCP Professional and accordingly did not file monthly fee statements.

---

[2] The Total Expenditure Cap was increased from $300,000 to $600,000 by the Court's December 10, 2002 Order [Docket No. 3126], increased to $800,000 by the Court's July 24, 2006 Order [Docket No. 12855], and increased to $1,200,000 by the Court's September 24, 2007 Order [Docket No. 16913].

[3] Venable LLP was formerly known as Venable, Baetjer and Howard LLP at the time it filed its Affidavit under 11 U.S.C. 327(e).

BA3DOCS1-#429114                     3

Therefore, Venable has attached hereto monthly fee statements (the "Monthly Statements") for the months from November 2008 through June 2009.  See Exhibits A through H, respectively.

8. The Retention Order provides that, going forward, Venable will be compensated for its services in accordance with sections 330 and 331 of the Bankruptcy Code and the procedures set forth in these Chapter 11 Cases for services rendered and expenses incurred in these Chapter 11 Cases.  Subsequent to this Fee Application, including for July 2009 and afterward, Venable will continue to file monthly and quarterly fee applications in accordance with the Amended Interim Compensation Order.

9. The Retention Order authorizes the Debtors to compensate Venable at Venable's hourly rates charged for services of this type and to reimburse Venable for actual and necessary out-of-pocket expenses, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable Local Rules and orders of this Court.

### REQUESTED RELIEF

10. By this Fee Application which is submitted in accordance with the Amended Interim Compensation Order, Venable requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Venable for the Fee Period as detailed in this Fee Application and the Monthly Statements, less any amounts previously paid to Venable for work done during the Fee Period pursuant to the OCP Order.  As of the date of the Fee Application, $320,268.80 has been paid to Venable for work done during the Fee Period pursuant to the OCP Order.  As of the date hereof, the amounts owed to Venable for the Fee Period in excess of the Monthly Caps are as follows, for a total of $395,430.26:

|  | Fees | Expenses | Total | Received pursuant to OCP Order | Balance Owing Venable LLP |
|---|---|---|---|---|---|
| November 2008 | $58,501.50 | $2,187.29 | $60,688.79 | $18,646.12 | $42,042.67 |
| December 2008 | $77,025.50 | $1,871.49 | $78,896.99 | $50,076.00 | $28,820.99 |
| January 2009 | $49,863.00 | $412.42 | $50,275.42 | $50,698.00 | ($422.58) |
| February 2009 | $165,610.50 | $177.86 | $165,788.36 | $50,000.00 | $115,788.36 |
| March 2009 | $144,644.50 | $254.24 | $144,898.74 | $50,363.18 | $94,535.56 |
| April 2009 | $86,322.50 | $527.35 | $86,849.85 | $50,148.50 | $36,701.35 |
| May 2009 | $49,737.50 | $573.59 | $50,311.09 | $50,000.00 | $311.09 |
| June 2009 | $77,589.00 | $400.82 | $77,989.82 | $337.00 | $77,652.82 |
| **Total** | **$709,294.00** | **$6,405.06** | **$715,699.06** | **$320,268.80** | **$395,430.26** |

11. During the Fee Period, Venable primarily provided advice in connection with the Global Printing Litigation and also provided advice in connection with general labor and employment matters. The full scope of services provided and the related expenses incurred are described in the Monthly Statements, which are attached hereto as Exhibits A through H.

12. In the exercise of billing judgment and prior to submitting its invoices to the Debtors, Venable reduced its compensation billed for services rendered in this case for the period November 1, 2008 through June 30, 2009 by a total of $95,671.50. These reductions are already reflected in the amounts requested herein.

## DISINTERESTEDNESS

13. As disclosed in the following affidavits:

a. Affidavit of Jeffrey P. Ayres under 11 U.S.C. § 327(e), filed May 25, 2001 [Docket No. 321] (the "Ayres Affidavit"); and

b. Affidavit of G. Stewart Webb, Jr. in Support of Application of the Debtors for the Entry of an Order Authorizing the Retention of Venable LLP as Special Litigation Counsel to the Debtors, filed May 22, 2009 [Docket No. 21850, Exhibit B] (collectively with the Ayres Affidavit, the "Affidavits");

Venable does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in § 101(14) of the Bankruptcy Code as modified by § 1107(b) of the Bankruptcy Code.

14. Venable may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. Venable disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.

### REPRESENTATIONS

15. Venable believes that the Fee Application complies with the requirements of Local Rule 2016-2, the Amended Interim Compensation Order and the Retention Order.

16. Venable performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

17. During the Fee Period, Venable has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the OCP Order.

18. Pursuant to Bankruptcy Rule 2016(b), Venable has not shared, nor has it agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Venable, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Venable respectfully requests that the Court enter an order providing that (a) for the Fee Period, November 1, 2008, through June 30, 2009, an

administrative allowance be made to Venable in the sum of (i) $709,294.00 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $6,405.06 for reimbursement of actual and necessary costs and expenses incurred, for a total of $715,699.06; (b) the Debtors be authorized and directed to pay to Venable this sum less any sums previously paid to Venable for work done during the Fee Period pursuant to the OCP Order or otherwise; and (c) this Court grant such further relief as is equitable and just.

Wilmington, Delaware
Dated: November 5, 2009

Respectfully submitted,

VENABLE LLP

/s/ G. Stewart Webb
G. Stewart Webb, Jr.
Darek S. Bushnaq
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 244-7400

Special Litigation Counsel for the Debtors and Debtors in Possession

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JFK) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## **VERIFICATION**

| | | |
|---|---|---|
| STATE OF MARYLAND | ) | |
| | ) | ss. |
| CITY OF BALTIMORE | ) | |

G. Stewart Webb, Jr., after being duly sworn according to law, deposes and says:

1. I am a partner with the applicant law firm Venable LLP ("Venable").

2. I have personally performed many of the legal services rendered by Venable as counsel to the above-captioned debtors and debtors in possession (the "Debtors"), and I am familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of Venable.

3. I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica "Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor "BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross County Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

BA3DOCS1-#429114

reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

/s/ G. Stewart Webb
G. Stewart Webb, Jr.

SWORN AND SUBSCRIBED
Before this 5th day of November, 2009

/s/ Deborah L. Llewellyn
Notary Public
My Commission Expires:  March 23, 2012