IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: November 25, 2009, at 4:00 p.m.**
**Hearing Date: December 14, 2009, at 10:30 a.m.**

## DEBTORS' MOTION PURSUANT TO SECTIONS 105, 363, 1107 AND 1108 OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 9014 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE OR AN ORDER APPROVING THE SETTLEMENT AGREEMENT BETWEEN W.R. GRACE & CO. AND THE ALLIANZ COMPANIES

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")

hereby submit this motion (the "Motion") for entry of an order approving the Settlement

Agreement (the "Agreement") by and between W. R. Grace & Co., on its own behalf and on

behalf of the Grace Parties (collectively, "Grace"), and Allianz Underwriters Insurance

Company, Allianz SE (formerly known as Allianz Aktiengesellschaft), Allianz S.p.A. (formerly

known as Riunione Adriatica di Sicurta S.p.A.), and Fireman's Fund Insurance Company

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

("Fireman's Fund") (collectively, the "Allianz Companies"), on their own behalf and on behalf of the Allianz Parties, as further identified and defined in the Agreement. A copy of the Agreement is attached as Exhibit A. In support of the Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Motion is proper under 28 U.S.C. § 1408.

2.      The statutory predicates for this Motion are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 the Federal Rules of Bankruptcy Procedure.

## Background

3.      On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.      The Allianz Companies issued certain policies of excess liability insurance (defined in the Agreement as the "Subject Policies") that provide, or are alleged to provide, insurance coverage to Grace. The lowest attachment point of any of the Subject Policies is $20 million. Grace has incurred and may incur in the future certain liabilities, expenses and losses arising out of asbestos-related claims, for which Grace seeks coverage under the Subject Policies. Disputes have arisen between Grace and the Allianz Companies regarding their

2

respective rights and obligations under the Subject Policies with respect to coverage for asbestos-related claims.

5.    Before the Petition Date, Grace and Fireman's Fund entered into two settlement agreements, the first dated September 21, 1995, and the second dated December 26, 1996, resolving coverage disputes between the parties regarding asbestos-related claims and other claims under some, but not all, of the Subject Policies.

6.    Before the Petition Date, Fireman's Fund issued a *supersedeas* bond in the amount of $43,038,931.91 (the "Edwards Bond") related to Grace's appeal of a judgment against Grace in the action styled *Aaron Clifton Edwards, et al. v. Pittsburgh Corning Corp., et al.*, in the 60th Judicial District Court of Jefferson County, Texas, Cause No. B-150,896-J (the "Edwards Action"). In connection with the issuance of the Edwards Bond, Grace and Fireman's Fund also entered into a Specialty Surety Indemnity Agreement dated July 5, 2000 (the "Edwards Indemnity Agreement") under which Grace agreed to indemnify Fireman's Fund in connection with the issuance of the Edwards Bond. In addition, a letter of credit in the amount of $13,000,000.00 was issued by Wachovia Bank, N.A. ("Wachovia") to secure Grace's obligations under the Edwards Indemnity Agreement ("Edwards Letter of Credit"). Fireman's Fund filed a proof of claim in the Chapter 11 Cases, asserting an unsecured claim in the full amount of the Edwards Bond, as well as a secured claim based on the Edwards Letter of Credit.[2]

7.    The Plan of Reorganization proposed by the Plan Proponents contemplates that Asbestos PI Claims will be enjoined and channeled to the Asbestos PI Trust (the "Trust").

---

[2]    Wachovia also filed a proof of claim against Grace, asserting, among other claims, a claim for amounts due with respect to the Edwards Letter of Credit. At this time, slightly more than $2 million has been drawn under the Edwards Letter of Credit by Fireman's Fund since the Petition Date, to satisfy annual premiums of $224,500 due to Fireman's Fund in connection with issuance of the Edwards Bond. Premiums on the Edwards Bond are now paid through June 2010.

3

*See* First Amended Joint Plan of Reorganization, filed February 27, 2009 (the "Plan"), Art. 8.2.1.

If established as proposed, the Trust will process and resolve Asbestos PI Claims pursuant to the

Asbestos PI Trust Distribution Procedures.[3]

       8.      The Plan further contemplates that Asbestos Insurance Rights, including

rights to coverage under the pre-June 30, 1985 Subject Policies, are to be transferred to the Trust,

to be used to fund payment of Asbestos PI Claims.  *See* Plan, Art. 7.2.2(d)(ii) and (iv); Plan Ex. 6

– Asbestos Insurance Transfer Agreement.

       9.      The Allianz Companies have filed objections to the Plan on various

grounds.  The proposed settlement would resolve those objections in full.

       10.     The Agreement confers the following principal benefits upon the Debtors'

estate, among others:[4]

(a)    The payment by the Allianz Companies to the Trust of the sum of Thirty-Six Million Five Hundred Thousand U.S. Dollars ($36,500,000.00) (the "Settlement Amount") upon the Trigger Date as set forth in the Agreement.

(b)    The payment of the substantial sum set forth in subparagraph (a) above without need for litigation to enforce the contested assignment by Grace to the Trust of rights under the Subject Policies.

(c)    A compromise of the coverage issues and defenses that the Allianz Companies might have with respect to coverage for any individual Asbestos PI Claim.

(d)    Upon this Court's order approving the Agreement becoming a Final Order, the Allianz Companies' withdrawal of all objections to confirmation of the plan of reorganization.

(e)    Upon fulfillment of various conditions precedent as set forth in the Agreement, the release by the Allianz Companies of Grace from any obligations under the

---

[3]    Unless otherwise noted, capitalized terms herein have the meanings ascribed in the Plan.

[4]    The following is only a summary of the most significant terms of the Agreement and is subject in all respects to the provisions of the Agreement itself, attached as Exhibit A, which shall control in the event of any conflict.  Interested parties are referred to the Agreement for a more complete understanding of its terms.

Edwards Indemnity Agreement and a release of any interest of the Allianz Companies in the Edwards Letter of Credit.

11.     The Agreement includes a complete, mutual release of all claims under the Subject Policies and is structured as a sale of property pursuant to Bankruptcy Code Section 363.

12.     The Agreement further provides that if the Plan is confirmed, the Trust, at its own expense, will seek to establish that any Asbestos PI Claims subject to the Asbestos PI Channeling Injunction that are asserted against the Allianz Parties under the Subject Insurance Policies are enjoined as to the Allianz Parties and channeled to the Trust, to the extent that such Allianz Parties are eligible for protection under Bankruptcy Code Section 524(g); provided, however, that the Trust's obligation in this respect ceases after it has spent a sum equivalent to the Settlement Amount.

13.     The Agreement was negotiated in conjunction with a resolution of claims asserted by the plaintiffs in the Edwards Action against the bankruptcy estate, in which the plaintiffs agree to release the Edwards Bond.  The motion seeking this Court's approval of the settlement between the Edwards Action plaintiffs and Grace is being filed and presented for the Court's consideration contemporaneously with this Motion.  The two settlements work together to eliminate Plan objections by both the Allianz Companies and the Edwards Action plaintiffs, to increase available funding for the payment of Asbestos PI Claims, and to reduce substantially the Edwards Action plaintiffs' claims against the estate, and the Trust.

14.     Under the Agreement, Fireman's Fund has agreed to release all of its claims under the Edwards Letter of Credit except that Fireman's Fund reserves the right to draw under the Edwards Letter of Credit for additional annual premiums, if any come due, until the Edwards Bond is released as contemplated by the Agreement.  This Agreement and the settlement agreement with the Edwards Action plaintiffs together will have the effect, among

5

other things, of limiting the amount of potential future draws on the Edwards Letter of Credit,

thus reducing potential future claims by Wachovia. The Agreement makes clear that nothing in

the Agreement shall affect any claims by Wachovia against Grace, the treatment of any such

claims under the Plan, or any defenses that Grace or the Trust may have to any such claims.

<strong><u>Relief Requested</u></strong>

15.     By this Motion, the Debtors respectfully seek the entry of an order,

pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019,

approving the Agreement, which has been executed by the parties, and, by its terms, will become

effective upon the approval of this Court.

<strong><u>Basis for Relief</u></strong>

16.     This Court has statutory authority to authorize and approve the Debtors'

entry into the Agreement pursuant to sections 105 and 363(b)(l) of the Bankruptcy Code.

Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any

order, process or judgment that is necessary or appropriate to carry out the provisions" of the

Bankruptcy Code. 11 U.S.C. § 105(a). Section 363(b) of the Bankruptcy Code provides, in

relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the

ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). A settlement of

claims and causes of action by a debtor in possession constitutes a use of property of the estate.

*See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a

settlement is outside of the ordinary course of business of the debtor, it requires approval of the

bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*

17.     Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by

the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or

settlement." Fed.R.Bankr.P. 9019(a). Before approving a settlement under Bankruptcy Rule

6

9019, a court must determine that the proposed compromise is in the best interests of the debtor's estate. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate.'"). To reach this determination, courts assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the compromise. *See Martin*, 91 F.3d at 393.

18.    The standard by which courts evaluate the reasonableness of a proposed compromise and settlement is well established. This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.*; *see also Depositor v. Mary M. Holloway Found.*, 36 F.3d 582, 587 (7th Cir. 1994) (affirming an order approving a compromise and settlement of claims against the estate where it was "unlikely" that the debtor would succeed on the claim, litigation of the claims would involve considerable expense, and the claimant would withdraw all claims upon approval of the settlement). Settlements should only be rejected if they fall "below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). The standards set forth above are plainly met in this case.

19.    The Agreement is in the best interests of the Debtors, their estates and their creditors because it resolves all existing and potential future disputes between the parties regarding their respective rights and obligations with respect to insurance coverage under the Subject Policies with respect to asbestos-related claims and other claims, and provides substantial monies to fund the payment by the Trust of Asbestos PI Claims. If the Agreement

7

were not approved, the Trust likely would face challenges by the Allianz Companies to the

Trust's alleged entitlement to coverage under the Subject Policies, and additional burden and

cost in seeking to obtain the benefits of, and enforcing Grace's rights under, the Subject Policies.

20.    In addition, the Agreement releases Grace from significant obligations

under the Edwards Indemnity Agreement.  The Agreement eliminates potential claims against

the bankruptcy estate and/or the Trust of up to $43 million, including potential claims by

Fireman's Fund and by Wachovia Bank, N.A. under the Edwards Letter of Credit.  And the

Agreement eliminates Fireman's Fund's objections as to the treatment and classification of its

claims under the Plan and removes the Allianz Companies as objectors to Plan confirmation.

21.    Finally, the Allianz Parties are purchasing the Subject Policies in good

faith and are good faith buyers within the meaning of section 363(m) of the Bankruptcy Code,

and are therefore entitled to the full protections of that provision, and otherwise have proceeded

in good faith in all respects in connection with this proceeding.  The negotiation and execution of

the Agreement, including the transaction contemplated thereby, was at arms' length and in good

faith.  The Debtors and the Allianz Parties have not engaged in any conduct that would permit

the Agreement or the sale of the Subject Policies or the transaction contemplated thereby to be

avoided under section 363(n) of the Bankruptcy Code.  The consideration provided by the

Allianz Companies pursuant to the Agreement is fair and adequate and constitutes reasonably

equivalent value and fair consideration.

22.    For all of the foregoing reasons, the Debtors submit that the Agreement is

fair and reasonable and in the best interest of the Debtors, their creditors and their estates, and

thus the Debtors should be authorized to enter into the Agreement.

8

## **Notice**

23.    Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee, (iv) counsel to the Asbestos PI Future Claimants' Representative and counsel to the Asbestos PD Future Claimants' Representative, and (v) those parties that requested papers under Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order approving the Agreement, and granting such other and further relief as the Court deems just and proper.

Dated: November 9, 2009

KIRKLAND & ELLIS LLP
David M. Bernick
Lisa G. Esayian
300 N. LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Theodore Freedman
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Co-Counsel for the Debtors and Debtors in Possession*