IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.¹ ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | **Hearing Date: December 14, 2009** |
| ) | **Objection Deadline: November 25, 2009** |
| ) | **Agenda No.** _____ |

**ORDER PURSUANT TO SECTIONS 105, 363, 1107 AND 1108 OF
THE BANKRUPTCY CODE AND RULES 2002, 6004, 9014 AND 9019 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING
THE SETTLEMENT AGREEMENT BETWEEN W.R. GRACE & CO. AND THE
ALLIANZ COMPANIES**

This matter having come before the Court on the Debtors' Motion (the "Motion") for an Order Approving the Settlement Agreement ("Agreement") by and between W. R. Grace & Co., on its own behalf and on behalf of the Grace Parties (collectively, "Grace"), and Allianz Underwriters Insurance Company, Allianz SE (formerly known as Allianz Aktiengesellschaft), Allianz S.p.A. (formerly known as Riunione Adriatica di Sicurta S.p.A.), and Fireman's Fund Insurance Company (collectively, the "Allianz Companies"), on their own behalf and on behalf

---

¹ The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

of the Allianz Parties, and the Court having reviewed and conducted a hearing on the Motion, the Court hereby finds that:

    a.    the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

    b.    this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

    c.    notice of the Motion was adequate under the circumstances;

    d.    the compromise and settlement memorialized in the Agreement are the product of arm's-length, good faith negotiations by and between W. R. Grace & Co., on its own behalf and on behalf of the Grace Parties, and the Allianz Companies, on their own behalf and on behalf of the Allianz Parties, and are not the product of fraud or collusion; and the settlement meets the standard established by the United States Court of Appeals for the Third Circuit for approval of settlements, which requires consideration of the following factors: (1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and related expense and inconvenience; and (4) the interests of the creditors. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also Fry's Metals, Inc. v. Gibbons (In re RFE Industries, Inc.)*, 283 F.3d 159, 165 (3d Cir. 2002);

    e.    the consideration to be paid by the Allianz Companies under the Agreement is fair and reasonable and constitutes reasonably equivalent value;

    f.    the transaction set forth in the Agreement pursuant to which the Allianz Parties are to acquire all rights, title, and interests of the Grace Parties in and under the Subject Policies constitutes a sale of property pursuant to Bankruptcy Code Section 363(b) and subject to the terms of Bankruptcy Code Sections 363(f) and 363(m), and the Allianz Parties are good faith buyers within the meaning of Section 363(m);

    g.    the transaction contemplated by the Agreement is at arms' length and in good faith, and the consideration to be paid by the Allianz Companies is fair and adequate and constitutes reasonably equivalent value and fair consideration, such that the Agreement and sale of the Subject Policies is not subject to avoidance under Bankruptcy Code Section 363(n), and the Allianz Parties are entitled to the full protections of Section 363(m);

    h.    the relief requested in the Motion is in the best interests of the bankruptcy estate; and

    i.  the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

NOW, THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 363, 1107 AND 1108, AND RULES 2002, 6004, 9014 AND 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. For the reasons set forth herein and on the record at the hearing, all objections to the Motion and the relief requested therein and/or granted in this Order that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits. By this Order, however, the Court is not deciding at this time whether a Bankruptcy Code Section 524(g) injunction should be issued with respect to the Allianz Parties. Questions relating to Section 524(g) are reserved for the Court's ruling on plan confirmation.

3. The Agreement, a copy of which is attached to the Motion as <u>Exhibit A</u>, is approved in its entirety.

4. The Debtors shall be, and hereby are, authorized to enter into the Agreement, and are authorized to execute, deliver, implement and fully perform any and all obligations, to execute any instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Agreement and perform any and all obligations contemplated therein, including designating the Agreement as an Asbestos Insurance Settlement Agreement, and (a) the Allianz Companies and (b) the Allianz Parties, to the fullest extent that such Allianz Parties may be eligible for protection under Bankruptcy Code Section 524(g), as Settled Asbestos Insurance Companies, with respect to Asbestos PI Claims based on or arising under the Subject Policies, on Exhibit 5 of the Exhibit Book to the Joint Plan of Reorganization, as provided in Section VI.D of the Agreement. If a plan of reorganization is confirmed,

following the plan Effective Date, the Asbestos PI Trust, upon its creation, will be bound to the terms of the Agreement as if it were a signatory to the Agreement as of its Execution Date.

5. Upon the Trust's receipt of payment of the Settlement Amount as provided in the Agreement, the Grace Parties shall be deemed to have sold, conveyed, assigned, transferred, and delivered, and the Allianz Parties shall be deemed to have purchased from the Grace Parties, all rights, title, and interest of the Grace Parties in and under the Subject Policies, free and clear of all liens, encumbrances, and/or interests of any kind or nature whatsoever, pursuant to Section 363(f) of the Bankruptcy Code. The Allianz Parties shall thereafter be entitled to the protections of Sections 363(m) of the Bankruptcy Code.

6. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 6004(h).

7. This Court shall retain jurisdiction to interpret, implement and enforce the provisions of this Order subject to the terms of the Agreement.

Dated: _____, 2009

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

DOCS_DE:154676.1