IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: November 25, 2009 at 4:00 p.m. |
| | ) | Hearing Date: December 14, 2009 at 10:30 a.m. |

**DEBTORS' MOTION FOR AN ORDER APPROVING THE SETTLEMENT
AGREEMENT BY AND BETWEEN W.R. GRACE & CO.
AND THE EDWARDS PLAINTIFFS**

W.R. Grace & Co. ("Grace") hereby submits this motion (the "Motion") for entry of an order approving a settlement agreement (the "Settlement Agreement") by and between Grace, on the one hand, and Aaron C. Edwards, James T. Beam, Edward E. Storey, John M. Thomas, and Sheila Martin, Individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries (collectively, the "Plaintiffs," and together with Grace, the "Parties"), on the other hand. A copy of the Settlement Agreement is attached as <u>Exhibit A</u>. In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**Jurisdiction**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Motion is proper under 28 U.S.C. § 1408.

2.     The statutory predicates for this Motion include sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 the Federal Rules of Bankruptcy Procedure.

**Background**

3.     In 1995, the Plaintiffs sued Grace and other defendants for asbestos-related personal injuries in the action styled *Aaron Clifton Edwards, et al. v. Pittsburgh Corning Corp., et al.*, in the 60th Judicial District of Jefferson County, Texas, Cause No. B-150,896-J (the "Trial Court Case"). The Trial Court Case proceeded to trial before a jury, and on March 28, 2000, the trial court signed a judgment for damages in favor of the Plaintiffs and against Grace, for the total sum of $38,427,617.78, plus post-judgment interest at the rate of twelve percent (12%) per annum, and all costs of suit (the "Judgment").

4.     On June 23, 2000, Grace timely appealed the Judgment to the Texas Court of Appeals, Ninth District of Texas, which appeal was subsequently transferred to the Sixth District of Texas, Appeal No. 06-00-00112-CV (the "Appeal"), pursuant to a docket equalization order.

5.     On July 6, 2000, Grace filed in the Trial Court Case a Supersedeas Bond (the "Supersedeas Bond"), with Fireman's Fund Insurance Company as surety thereof, in the amount of $43,038,931.91, which, among other things, suspended enforcement of the Judgment during the pendency of the Appeal.

6.     While the Appeal was pending, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11

K&E 14666824.1

Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

7. On February 27, 2009, the Plan Proponents[2] filed the Plan, which contemplates that Asbestos PI Claims will be enjoined and channeled to the Asbestos PI Trust. *See* Plan, Art. 8.2.1. If established as proposed, the Asbestos PI Trust will process and resolve Asbestos PI Claims pursuant to the Asbestos PI Trust Distribution Procedures (the "TDP").

8. The Plaintiffs have filed objections to the Plan on various grounds. The proposed Settlement Agreement would resolve those objections in full.

### The Settlement Agreement

9. To avoid protracted litigation, the Debtors and the Plaintiffs have agreed to a settlement as outlined in the attached Settlement Agreement.

10. Pursuant to the Settlement Agreement, the Parties have agreed to, among other things, the following terms and conditions:[3]

>  (a) <u>Treatment of the Judgment:</u> Effective as of the Effective Date, the Judgment shall be allowed by the Bankruptcy Court as liquidated claims of the Plaintiffs against the Asbestos PI Trust in the amounts set forth below (the "Liquidated Claims"). Such Liquidated Claims shall be considered liquidated as of the Petition Date and treated as Pre-Petition Liquidated Claims under Section 5.2(a) of the TDP and will be subject to all terms and conditions of the TDP, including the application of the payment percentage and the sequencing adjustment.

---

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Amended Joint Plan of Reorganization, filed February 27, 2009 (as it may be amended, supplemented or otherwise modified from time to time, and together with its exhibits and schedules, the "Plan").

[3] The following summary of the Settlement Agreement is provided for the convenience of the Court and parties in interest. To the extent that there are any discrepancies between this summary and the Settlement Agreement, the terms and language of the Settlement Agreement shall govern.

| | | |
|---|---|---|
| (i) | Aaron C. Edwards | $3,425,022.30 |
| (ii) | James T. Beam | $2,296,281.70 |
| (iii) | Edward E. Storey | $2,296,281.70 |
| (iv) | John T. Thomas | $2,192,309.00 |
| (v) | Sheila Martin, Individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries | $2,790,105.70 |

(b) <u>Plaintiffs' Release of the Supersedeas Bond:</u> Effective as of the Effective Date, Plaintiffs, on behalf of themselves and each of their successors, heirs, assigns, agents, attorneys, family members and representatives, release (a) all of their rights, title, and interest in and under the Supersedeas Bond, and (b) all rights, claims, and causes of action against FFIC in its capacity as surety with respect to the Supersedeas Bond. Promptly following the Effective Date, the Parties shall take all steps necessary to discharge and release the Supersedeas Bond, and to either (x) return the Supersedeas Bond to counsel for FFIC, or (y) to obtain an order from the Trial Court, as provided in the Settlement Agreement.

(c) <u>Release by Grace:</u> Other than the Parties' obligations under the Settlement Agreement, effective as of the Effective Date, Grace, on behalf of itself and each of its subsidiaries and affiliates, including each of the Debtors, hereby releases and discharges the Plaintiffs and each of their successors, heirs, assigns, agents, partners, attorneys, family members, employees, shareholders, officers, directors, members, representatives, insurers, corporations, partnerships and their subsidiaries, affiliates and predecessors, of and from any and all manner of action or actions, cause or causes of action in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims, demands, damages, losses, costs or expenses of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, from the beginning of time to the date of the Settlement Agreement which Grace now has or may hereafter have relating to or arising out of claims made in the Trial Court Case, the Appeal, and/or the Bankruptcy Case.

(d) <u>Release by the Plaintiffs:</u> Other than the Parties' obligations under the Settlement Agreement, effective as of the Effective Date, the Plaintiffs, on behalf of themselves and each of their successors, heirs, assigns, agents, attorneys, family members, and representatives, release and discharge Grace, the Debtors, the Reorganized Debtors, the Asbestos PI Committee, the Asbestos PI FCR, and the Asbestos PI Trust, and each, solely in respect of matters arising from the Judgment against Grace, of their/its

    successors, heirs, assigns, agents, partners, attorneys, family members, employees, shareholders, officers, directors, members, representatives, insurers, corporations, partnerships and their subsidiaries, affiliates and predecessors (collectively, the "Released Parties"), of and from any and all manner of action or actions, cause or causes of action in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims, demands, damages, losses, costs or expenses of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, from the beginning of time to the date of the Settlement Agreement which the Plaintiffs now have or may hereafter have relating to or arising out of (a) any claims made in the Trial Court Case, the Appeal, and/or the Bankruptcy Case, and (b) any Asbestos PI Claims. Notwithstanding anything to the contrary herein, the Plaintiffs do not in any way release or discharge the Judgment or the liability of any party thereto except as to the Released Parties, and (except as to the Released Parties) the Judgment shall remain a valid obligation of all parties thereto. Furthermore, Plaintiffs do not in any way release or discharge the judgment or liability of Pittsburgh Corning Corporation.

  (e) To the extent that Grace fails to perform any of its obligations under the Settlement Agreement, after the Effective Date, the Asbestos PI Trust may step into the shoes of Grace and perform such obligations on Grace's behalf. The Parties agree that the Asbestos PI Trust and FFIC are third-party beneficiaries of the Settlement Agreement.

11. The Settlement Agreement was negotiated in conjunction with a resolution of disputes that have arisen between Grace and Allianz Underwriters Insurance Company, Allianz SE (formerly known as Allianz Aktiengesellschaft), Allianz S.p.A. (formerly known as Riunione Adriatica di Sicurta S.p.A) and Fireman's Fund Insurance Company (collectively, the "Allianz Companies") regarding their respective rights and obligations under certain insurance policies with respect to coverage for asbestos-related claims. That resolution is memorialized in a settlement agreement (the "Allianz Settlement Agreement") which provides, among other things, for a payment by the Allianz Companies to the Asbestos PI Trust in exchange for a complete, mutual release of all claims under the certain insurance policies and, upon fulfillment of various conditions precedent as set forth in the Allianz Settlement Agreement, the release of Grace by the Allianz Companies from any obligations under the Edwards Indemnity Agreement (as

defined in the Allianz Settlement Agreement) and a release of any interest of the Allianz Companies in the Edwards Letter of Credit (as defined in the Allianz Settlement Agreement). The Settlement Agreement and the Allianz Settlement Agreement work together to eliminate Plan objections by both the Allianz Companies and the Plaintiffs, to increase available funding for the payment of Asbestos PI Claims, and to reduce substantially the Plaintiffs' claims against the Debtors' estates. The motion to approve the Allianz Settlement Agreement is being filed contemporaneously with this Motion.

### Relief Requested

12. By this Motion, the Debtors respectfully seek the entry of an order, pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement Agreement, which has been executed by the Parties, and, by its terms, will become effective upon the approval of this Court.

### Basis for Relief

13. This Court has statutory authority to authorize and approve the Debtors' entry into the Settlement Agreement pursuant to sections 105 and 363(b)(1) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). A settlement of claims and causes of action by a debtor in possession constitutes a use of property of the estate. *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*

K&E 14666824.1

14. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019(a). Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed settlement is in the best interests of the debtor's estate. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate.'"). To reach this determination, courts assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *See Martin*, 91 F.3d at 393.

15. The standard by which courts evaluate the reasonableness of a proposed compromise and settlement is well established. This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.*; *see also Depositor v. Mary M. Holloway Found.*, 36 F.3d 582, 587 (7th Cir. 1994) (affirming an order approving a compromise and settlement of claims against the estate where it was "unlikely" that the debtor would succeed on the claim, litigation of the claims would involve considerable expense, and the claimant would withdraw all claims upon approval of the settlement). Settlements should only be rejected if they fall "below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). The standards set forth above are plainly met in this case.

7

### The Settlement Agreement Is A Sound Exercise of the Debtors' Business Judgment

16. The Settlement Agreement is in the best interests of the Debtors, their estates, and their creditors. The Settlement Agreement is the product of a rigorous arms-length, good faith negotiation process, is fair and reasonable, and is clearly within the Debtors' sound business judgment. Without a settlement, litigation with the Plaintiffs would continue for months or years, causing the Debtors and/or the Asbestos PI Trust to incur significant additional attorneys' fees and expenses, thereby depleting the limited assets available for paying claims. The Settlement Agreement also provides much needed certainty for the Debtors with respect to the Judgment at a crucial time in these Chapter 11 cases as the Debtors move toward confirmation of the Plan and the conclusion of these Chapter 11 cases.

17. In addition, effective as of the Effective Date of the Plan, the Settlement Agreement releases Grace from significant liabilities relating to or arising out of the Trial Court Case and/or the Appeal and any Asbestos PI Claims. In so doing, the Settlement Agreement frees the Debtors' estates and/or the Asbestos PI Trust from up to $43 million in claims. Finally, the Settlement Agreement eliminates the Plaintiffs' objections as to the treatment of their claims under the Plan and removes them as objectors to confirmation of the Plan.

18. For all of the foregoing reasons, the Debtors submit that the Settlement Agreement is fair and reasonable and in the best interest of the Debtors, their creditors and their estates, and thus the Debtors should be authorized to enter into the Settlement Agreement.

K&E 14666824.1

**Notice**

19. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee, (iv) the Asbestos PI Future Claimants' Representative, (v) the Asbestos PD Future Claimants' Representative, and (v) those parties that requested notice under Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order approving the Settlement Agreement, and granting such other and further relief as the Court deems just and proper.

Dated: November 9, 2009

KIRKLAND & ELLIS LLP
David M. Bernick
Lisa G. Esayian
300 N. LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Theodore Freedman
Citigroup Center
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES LLP

*/s/ Kitty Mak (#3648)*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

K&E 14666824.1