IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Related Docket No: 14597, 14965, 16755, |
| | 16757, 17171, and 21270 |

Objection Deadline: November 25, 2009 at 4:00 p.m.
Hearing Date: December 14, 2009 at 10:30 a.m.

**DEBTORS' MOTION AND MEMORANDUM FOR AN ORDER PURSUANT TO F.R.B.P. 7056 DISALLOWING AND EXPUNGING TWO TIME-BARRED CANADIAN ASBESTOS PROPERTY DAMAGE CLAIMS**

On April 14, 2009, the Court entered a Memorandum Opinion and Order [Docket No. 21270] disallowing and expunging thirty-five (35) Canadian asbestos property damage claims that were barred by ultimate limitations periods in the Canadian providences of Alberta, British Columbia and Manitoba. A copy of the Court's Memorandum Opinion is attached hereto as Exhibit A.

In its Memorandum Opinion, the Court held, *inter alia*, that, under *Privest Properties Ltd. v. Foundation Co. of Canada* [1995] 11 B.C.L.R. (3d) 1 (B.C.S.C.), British Columbia's thirty-year ultimate limitations period begins to run when the asbestos-containing product was installed in the building. The Court further held that British Columbia's ultimate limitations period can not be tolled through allegations of fraud. The Court further concluded that the filing of the Anderson Memorial Class Action Complaint did not toll British Columbia's thirty-year ultimate limitations period.

Two Canadian property damage claims for buildings located in British Columbia remain in these proceedings: (1) Claim No. 11627 filed by 68 Nanaimo-Ladysmith School District; and (2) Claim No. 12476 filed by the City of Vancouver. The material submitted in connection with these claims establishes that the alleged asbestos-containing product for which the claimants seek recovery against the Debtors was installed in the buildings at issue more than 30 years before Debtors filed these Chapter 11 proceedings. For the reasons set forth in the Court's Memorandum Opinion, these claims are barred by British Columbia's thirty-year ultimate limitations period as a matter of law.

Debtors have filed this motion and memorandum to request that the Court disallow and expunge property damage claims 11627 and 12476 as barred by British Columbia's thirty-year ultimate limitations period.

## THE UNDISPUTED FACTS

With respect to Claim No. 11627, on the proof of claim form for this claim, the claimant admitted that it purchased the property at issue on January 9, 1951. *See* Exhibit B, Claim No. 11627 Claim Form at Question 4. The claimant further conceded that it did not install the asbestos-containing product in the property. *Id.* at Question 14. It accordingly is undisputed that the asbestos-containing product at issue was installed in the building prior to January 9, 1951.

For Claim No. 12476, the claimant admitted that it purchased the property on July 31, 1956. *See* Exhibit C, Claim No. 12476 Claim Form at Question 4. The claimant similarly admitted that it did not install the asbestos-containing product for which it was submitting its claim. *Id.* at Question 14. It is therefore undisputed that the product at issue was installed in the building prior to July 31, 1956.

Accordingly, with respect to both of the foregoing claims, the asbestos-containing product at issue was concededly installed in the buildings well before April 2, 1971, thirty years before Debtors filed these Chapter 11 proceedings.

## ARGUMENT

As the Court held in its Memorandum Opinion, British Columbia's thirty-year ultimate limitations period begins to run on the date that the asbestos-containing product was installed in the building. For Claim Nos. 11627 and 12476, claimants have admitted that the product was installed in the building well before April 2, 1971. British Columbia's thirty-year ultimate limitations period accordingly ran on these claims before Debtors filed these Chapter 11 proceedings on April 2, 2001. As further set forth in the Court's Memorandum Opinion, there is no basis upon which to toll British Columbia's thirty-year ultimate limitations period. Accordingly, for the reasons set forth in the Court's Memorandum Opinion and Debtors' prior submissions in these proceedings relating to Canadian ultimate limitations periods, Claim Nos. 11627 and 12476 are time barred and should be disallowed and expunged.[1]

---

[1] Debtors incorporate herein by reference the following material that Debtors submitted in these proceedings on the Canadian ultimate limitations periods: (i) Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight (88) Time-Barred Canadian Asbestos Property Damage Claims [Docket No. 14597]; (ii) Debtors' Reply In Support of Their Motion for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight (88) Time Barred Canadian Asbestos Property Damage Claims [Docket No. 14965]; (iii) Debtors' Supplemental Submission in Support of Their Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight (88) – Now Fifty-Five (55) – Time-Barred Canadian Asbestos Property Damage Claims [Docket No. 16755]; (iv) Appendix to Debtors' Supplemental Submission in Support of Their Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight (88) – Now Fifty-Five (55) – Time-Barred Canadian Asbestos Property Damage Claims [Docket No. 16757]; and (v) Debtors' Reply to Anderson Memorial Hospital's Supplemental Post-Hearing Memorandum Re: Canadian Statute of Limitations [Docket No. 17171].

## CONCLUSION

Debtors respectfully request that the Court enter the attached order disallowing and expunging Claims Nos. 11627 and 12476 as time-barred under British Columbia's thirty-year ultimate limitations period.

Dated:  November 9, 2009

REED SMITH LLP
James J. Restivo, Jr. (Bar No. 10113)
Douglas E. Cameron (Bar No. 41644)
Traci S. Rea (Bar No. 76258)
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

and

PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

By: _____
Co-Counsel for the Debtors and
Debtors in Possession