IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: November 25, 2009 at 4:00 p.m.**
**Hearing Date: December 14, 2009, at 10:30 a.m.**

## MOTION FOR ENTRY OF AN ORDER APPROVING
## AN ASBESTOS PROPERTY DAMAGE CLAIM SETTLEMENT AGREEMENT

The Debtors respectfully move this Court (the "Motion") for the entry of an order (the

"Settlement Order"), substantially in the form attached hereto as Exhibit A, approving the

settlement agreement resolving all asbestos property damage claims of Sheldon H. Solow, Solow

Development Corporation, Solovieff Realty Corp., LLC and Solow Building Company, LLC

(collectively, the "Claimant"), a copy of which is attached hereto as Exhibit B (the "Settlement

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc, (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Agreement"), and approving the Debtors' execution thereof.[2]  In support of the Motion, the

Debtors state the following:

**Jurisdiction**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Motion are section 105 of the Bankruptcy Code and Fed.

R. Bankr. P. 9019.

**Background**

3.      On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions

for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  These

Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their

businesses and manage their properties as debtors-in-possession.

4.      Pursuant to the *Amended Order Authorizing and Approving an Omnibus*

*Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors*

*in a Judicial, Administrative, Arbitral or Other Action or Proceeding* (the "Amended Order")

(Dkt. No. 936), the Debtors are authorized to settle claims that exceed $1,000,000 only upon

entry of a separate order of the Court upon a motion of the Debtors served upon the necessary

parties-in-interest in accordance with the Bankruptcy Code and the Bankruptcy Rules.

---

[2]      Capitalized terms not defined in this Motion shall have the meaning ascribed to them in, as the case may be, the
Settlement Agreement or the *First Amended Joint Plan of Reorganization* in these Chapter 11 *Cases*, as
amended, Docket nos. 19579, 20666, 20872, 20873 and 21594 (the "Plan").

5.     On or about July 14, 1987, the Claimant filed suit (the "State Court Action") in the Supreme Court of New York County (the "State Court"), alleging that Grace's manufacture, use or sale of asbestos-containing products caused property damage to a building owned by the Claimant. On or about November 5, 1999, after a jury trial, the jury determined that W. R. Grace & Co.-Conn. ("Grace") was responsible for 38% of the total damages of approximately $30.6 million, or approximately $11.6 million (the "Award"). On January 17, 2001, the State Court awarded the Claimant prejudgment interest from the date (July 14, 1987) on which Claimant commenced the State Court Action until January 17, 2000, in the amount of approximately $14.2 million (the "Pre-Judgment"). Together with certain costs, the State Court awarded the Claimant approximately $25.8 million as of January 17, 2001 (the "Judgment"). From that date, the Claimant has alleged that the Judgment continued to accrue simple interest at the statutory rate of 9% as mandated by New York law. As of August 12, 2009, the amount alleged by the Claimant to be owed on the Judgment was approximately $48 million. In January and February of 2001, Grace and the Claimant each appealed the Judgment (the "State Court Appeal") to the New York Supreme Court, Appellate Division - First Department (the "State Appellate Court"). The Judgment is secured by an appeal bond (the "Bond"), which was issued by St. Paul Companies (the "Surety") on or about December 8, 2000, prior to the Petition Date. The commencement of these Chapter 11 cases stayed the State Court Appeal.

6.     On or about March 27, 2003, the Claimant timely filed a proof of claim (Claim no. 7020) (the "Claim"), asserting that the Debtors owe the Judgment plus applicable interest, and alternatively are liable for the property damage asserted in the State Court Action. As set forth in the Settlement Agreement, the Debtors have denied, and continue to deny, all allegations of liability, wrongdoing, or violations of law or breaches of duty and have asserted and continue

to assert that the Claim has no substance in fact or law and that Grace has meritorious defenses to the Claim.

**The Settlement Agreement**

7.      As of August 12, 2009, the Debtors and the Claimant entered into the Settlement Agreement, which provides as follows:

a.      On the terms set forth in the Settlement Agreement, the Allowed Amount of Claim no. 7020 shall be $35 million (the "Claim Amount") for all purposes, including but not limited to, voting to confirm the Plan or any other chapter 11 plan of reorganization in these Chapter 11 cases, and all other amounts asserted by Claim no. 7020 shall be disallowed and expunged for all purposes;

b.      The Claim shall be paid on the terms and conditions set forth in the Settlement Agreement;

c.      The pending objections to the Claim (Docket nos. 9311 and 9315) and Claimant's responses thereto are deemed to be inactive and held in suspense, without prejudice;

d.      Certain rights of termination by the Claimant and the Debtors are provided;

e.      Certain mutual releases are provided; and

f.      The Bond shall be released upon payment of the Claim Amount.

**Relief Requested**

8.      By this Motion, the Debtors respectfully request that the Bankruptcy Court enter the proposed Settlement Order substantially in the form attached hereto as Exhibit A, pursuant to section 105 of the Bankruptcy Code, Fed. R. Bankr. P. 9019 and the Amended Order, approving the Settlement Agreement and approving the Debtors' execution thereof.

## Basis for Relief

**A.   Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a)**

9.     Section 105(a) of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a) provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. Pro. 9019(a).

10.    Courts generally favor minimizing litigation and expediting bankruptcy case administration.  See Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); see also In re Key3Media Group, Inc., 2006 WL 2842462, at *3 (D. Del. 2006).  Settlements and compromises are "a normal part of the process of reorganization."  Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)).  Indeed, compromises are favored in bankruptcy.  Martin, 91 F.3d at 393.

11.    Before approving a settlement under Bankruptcy Rule 9019, however, a court must determine that the proposed settlement is in the best interests of the debtor's estate.  See id. at 394; In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate.'").  To reach this determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement.  See Martin, 91 F.3d at 393.

12.    The standard by which courts should evaluate the reasonableness of a proposed compromise and settlement is well established.  This standard includes consideration of the following four factors:  "(1) the probability of success in litigation; (2) the likely difficulties in

collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id. at 393; see also In re Nutraquest, Inc., 434 F.3d 639 (3d Cir. 2006).

13.    It is also well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Key3Media Group, 2006 WL 2842462, at *3; In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (citing In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979)). Under this test, a proponent must simply demonstrate that a proposed settlement does not fall "below the lowest point in the range of reasonableness." World Health Alternatives, 344 B.R. at 1114 (citations omitted).

**B.    The Settlement Agreement Should Be Approved By This Court Under the Prevailing Standards for Approving Settlements**

14.    For the reasons set forth below, the Debtors have determined that entry into the Settlement Agreement is in their best interests, as well as those of their estates and myriad creditor constituencies. Moreover, the Debtors submit that the terms of and settlement amounts contained within the Settlement Agreement are fair and reasonable and well within the reasonable range of litigation possibilities.

15.    First and foremost, the settlement provides for complete resolution of a major piece of litigation, which if not settled through the bankruptcy process, could force the Debtors to continue to accrue significant legal costs in prosecuting the State Court Appeal. Alternatively, if the Debtors were to proceed with an estimation hearing before this Court, similar significant legal and transactional costs would be incurred. Settlement and satisfaction of the judgment at $35 million also fixes the Debtors' liability to the Claimant, and obviates the risk of them incurring any additional liability to the Claimant or to any other parties who could assert asbestos

property damage claims relating to the building at issue.  Indeed, the Claimant has agreed to indemnify the Debtors in the event that the Claimant transfers the building to a third party who subsequently asserts an asbestos property damage claim against the Debtors.

16.     Finally, the Debtors face significant legal risk in this matter, despite their belief that they are not liable to the Claimant for the amounts asserted in the Claim.  Nonetheless, the Debtors are cognizant of the fact that the State Court Action resulted in the Judgment.  They are equally cognizant of the problematic nature of continued litigation, whether in the State Court Appeal or any estimation process before this Court.

17.     For the above reasons, the Debtors believe that the Settlement Agreement represents a reasonable settlement of the Claims and respectfully submit that the Court should enter the Settlement Order approving the Settlement Agreement and the Debtors' execution thereof.

### No Previous Motion

18.     No previous motion for the relief sought herein has been made to this or any other court.

### No Briefing Schedule

19.     The Debtors respectfully submit that this Motion does not present any novel issues of law requiring briefing.  The Debtors previously have settled, and the Court previously has approved, hundreds of other asbestos property damage claim settlements.  Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Rule 1001-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

**Notice**

20.     Notice of this Motion has been given to:  (i) the office of the United States Trustee; (ii) counsel to the DIP Lender; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) counsel to the Claimant.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully seek the entry of the Settlement Order substantially in the form attached hereto as Exhibit A, pursuant to section 105 of the Bankruptcy Code and Fed. R. Bankr. P. 9019:  (i) approving the terms of the Settlement Agreement as being

*[Remainder of Page Intentionally Left Blank]*

in the best interests of the Debtors, their estates and their creditors; (ii) approving the Debtors'
execution of the Settlement Agreement; and (iii) granting such other relief as may be
appropriate.

Dated: November 9, 2009

> REED SMITH LLP
> James J. Restivo, Jr. (Bar No. 10113)
> Douglas E. Cameron (Bar No. 21871)
> Traci S. Rea (Bar No. 76258)
> 225 Fifth Avenue, Suite 1200
> Pittsburgh, PA 15222
> Telephone: (412) 288 – 3131
> Facsimile: (412) 288-3063
>
> KIRKLAND & ELLIS, LLP
> David M. Bernick
> Lisa G. Esayian
> 300 North LaSalle
> Chicago, Illinois 60654
> Telephone: (312) 862-2000
> Facsimile: (312) 862-2200
>
>
> PACHULSKI STANG ZIEHL & JONES LLP
> Laura Davis Jones (Bar No. 2436)
> James E. O'Neill (Bar No. 4042)
> Kathleen P. Makowski (Bar No. 3648)
> Timothy P. Cairns (Bar No. 4228)
> 919 North Market Street, 17th
> P.O. Box 8705
> Wilmington, DE 19899-8705
> Telephone: (302) 652-4100
> Facsimile: (302) 652-4400
>
> By: _____
> Co-Counsel For The Debtors And
> Debtors In Possession