THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | | Re: Docket No.: 23736 |

**DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S SCHEDULING ORDER AND TO SHORTEN NOTICE PERIOD ON DEBTORS' MOTION PURSUANT TO SECTIONS 105, 363, 1107 AND 1108 OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 9014 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER APPROVING THE SETTLEMENT AGREEMENT BETWEEN W. R. GRACE & CO. AND ZURICH**

The Debtors hereby move this Court pursuant to Del. Bankr. L.R. 9006-1(e), Rule 9006(c) of the Bankruptcy Rules and section 102 of the Bankruptcy Code, for leave from this Court's Scheduling Order and to shorten the notice period with respect to the *Debtors' Motion Pursuant to Sections 105, 363, 1107 and 1108 of the Bankruptcy Code and Rules 2002, 6004,*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*9014 and 9019 of the Federal Rules of Bankruptcy Procedure for an Order Approving the Settlement Agreement Between W. R. Grace & Co. and Zurich* (the "Motion"), so that the Motion may be heard at the Court's December 14, 2009 hearing at 10:30 a.m. and setting the Objection Deadline on the Motion for November 25, 2009 at 4:00 p.m. (prevailing Eastern time). In support of this Motion, the Debtors respectfully represent as follows:

1. Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Similarly, Del. Bankr. LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

2. Accordingly, the Debtors file this Motion seeking an Order of this Court for leave of the Scheduling Order and shortening the notice period prescribed by Del. Bankr. LR 9006-1(c) to enable the Debtors to have the Motion heard at the Court's December 14, 2009 hearing. The Debtors also respectfully request that the Court establish November 25, 2009 at 4:00 p.m. (prevailing Eastern time) as the deadline to object to the Motion.

3. Zurich is one of Grace's insurers. It issued various liability insurance policies to Grace for periods prior to June 30, 1985.

4. On February 27, 2009, the Plan Proponents filed the First Amended Joint Plan of Reorganization Under Chapter 11 Of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated [Docket No.

20872] (the "Joint Plan"), which contemplates among other things, that rights to the proceeds of Zurich's pre-June 30, 1985 policies will be assigned to the Asbestos PI Trust.

5. On May 20, 2009, Zurich filed an objection of confirmation of the Joint Plan, asserting, among other things: (a) the Joint Plan is not "insurance neutral" as to non-settling insurance companies; (b) the Plan impermissibly attempts to assign insurance contracts to the Asbestos PI Trust; (c) the Joint Plan would obligate Zurich to pay to the Asbestos PI Trust an amount in excess of any amount actually paid by the Asbestos PI Trust to the holder of an allowed Asbestos PI Claim; and (d) the Joint Plan would impair any coverage defenses under the insurance contracts, including defenses based on assignment of rights under the insurance contracts.

6. After vigorous negotiations and in order to avoid protracted litigation, the Debtors and Zurich have agreed to a settlement as outlined in the settlement agreement attached to the Motion as Exhibit A (the "Settlement Agreement"). The Motion seeks entry of an order, pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement Agreement, which has been executed by the parties.

7. Because the closing arguments for the Confirmation Hearing are scheduled for January 4 and 5, 2010, the Debtors believe that it is critical to have the Motion heard at the Court's December 14, 2009 hearing so that Zurich's objection to the Joint Plan will be resolved and will not take up the Court's time or divert any additional estate resources during the final days of the Confirmation hearing or the preparation period leading up to the closing argument.

9. The Debtors also submit that hearing the Motion on shortened notice will not prejudice parties in interest. If the Court grants this Motion to Shorten and shortens notice thereof, parties in interest will have a total of 33 days' notice of the hearing on the Motion. The

91100-001\DOCS_DE:154680.2

Debtors believe that such notice is fair and adequate in light of the nature of the relief requested in the Motion. The reason for the delay in filing the Motion was that Zurich needed to obtain a parent corporation signature from Europe which caused an unanticipated delay in preparing the fully executed document for filing.

10.     In order to allow parties additional time to respond, this Motion to Shorten and the Motion are being served by email on the service list attached hereto as Exhibit A (the "Email Service List") which consist of all parties who have objected to the Plan and who are the primary parties in interest with respect to the Motion. If the Court enters the order granting this Motion To Shorten ("Order"), the Debtors will serve a copy of the Order by email on the Email Service List and a copy of the Order and the Motion on those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure by first class mail.

11.     Given the nature of the relief requested, the Debtors respectfully submit that the limited notice described above is appropriate, as is leave from the Scheduling Order.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the Debtors leave from the Scheduling Order, (ii) shortening the notice period with respect to the Motion, (iii) setting the Objection deadline on the Motion for November 25, 2009 at 4:00 p.m. and (iv) setting the Motion, if such a hearing is necessary, for December 14, 2009 at 10:30 a.m.

Dated: November 11, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
300N. LaSalle Drive
Chicago, IL 60654
Telephone: 312-862-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400

Co-Counsel for the Debtors and Debtors in Possession

91100-001\DOCS_DE:154680.2