**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 12/3/09; 4:00 p.m. ET |
| | § | Hearing Date: 3/22/2010; 10:30 a.m. ET |

**FOURTH QUARTERLY APPLICATION OF HON. ALEXANDER M.
SANDERS, JR.,THE LEGAL REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS
AND HOLDERS OF DEMANDS FOR COMPENSATION FOR
SERVICES AND REIMBURSEMENT OF EXPENSES FOR THE 34TH
QUARTERLY PERIOD FROM JULY 1, 2009 THROUGH SEPTEMBER 30, 2009**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Hon. Alexander M . Sanders, Jr., pursuant to sections 327, 330 and

331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Appointment Order (as defined

below), the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for

Interim Compensation and Reimbursement of Professionals and Official Committee Members

(the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C.

§§105(a) and 331 Establishing Revised Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended

Interim Compensation Order") and Del. Bankr. LR 2016-2, and hereby applies for an order

allowing him (i) compensation in the amount of $62,415.00 for the reasonable and necessary

services he has rendered as the Legal Representative for Future Asbestos-Related Property

Damage Claimants and Holders of Demands and (ii) reimbursement of actual and necessary

expenses that he has incurred in the amount of $3,904.58, for a total of $66,319.58 or one

hundred percent (100%) of all compensation and expense reimbursement requested, for the

period July 1, 2009 through September 30, 2009 (the "Fourth Quarterly Fee Application"), and in

support of this Fourth Quarterly Fee Application, would respectfully show as follows:


<u>SUMMARY</u>

| | |
|---|---|
| Name of Applicant: | Alexander M. Sanders, Jr., |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | October 20, 2008, *nunc pro tunc* to September 22, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | July 1, 2009 through September 30, 2009 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $62,415.00 |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $3,904.58 |


This is a(n):   ☐ Monthly   ☒ Quarterly   ☐ Interim   ☐ Final Application

<u>PRIOR APPLICATIONS</u>

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | 9/22/2008 to 2/25/2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2/26/2009 to 3/31/2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | None | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | CNO Filed | CNO Filed |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | CNO Filed | CNO Filed |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | CNO Filed | CNO Filed |

Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period.  Judge Sanders has practiced law for over 40 years, and the billing rate for the time period of this application was $450 per hour.  In this Fourth Quarterly Application period Judge Sanders billed 138.7 hours,[2] for a total amount billed of $62,415.00, of which 80% ($49,932.00) has already been paid or has payment pending, leaving the amount not yet approved or paid of $12,483.00.

---

[1] At 80% of the total incurred.

[2] Non-Productive travel time is included in this figure, but at 50% of the actual time.

COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Disclosure Statement and Confirmation | 132.7 | $59,715.00 |
| Travel | 12.0      (@100%) | $2,700.00      (@50%) |
| TOTAL | 61.6 | $62,415.00 |

EXPENSE SUMMARY

| Description | Expense |
|---|---|
| Travel | $3,904.58 |
| TOTAL | $3,904.58 |

APPLICATION

1.      On April 2, 2001 , (the "Petition Date") each of the Debtors filed a

voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code

(the "Chapter 11 Cases").  On April 2, 2001, the Court entered an order procedurally

consolidating the Chapter 11 Cases for administrative purposes only.  Since the Petition Date, the

Debtors are continuing to operate their businesses and manage their properties and assets as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the United States Bankruptcy

Code.

2.      On May 3, 2001 , the Court entered an Interim Compensation Order, as

amended by the Amended Interim Compensation Order, establishing procedures for monthly

compensation and reimbursement of expenses of professionals (each such application, a

"Monthly Fee Application"), and whereby any notice party listed in the Amended Interim

Compensation Order may object to such Monthly Fee Application.  If no notice party objects to

professional's Monthly Fee Application within twenty (20) days after the date of service of the

Monthly Fee Application, the applicable professional may submit to the Court a certification of

no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of

the fees requested and one hundred percent (100%) of the expenses requested, subject to the

filing and approval of the interim and final fee applications of the professional.

3.     Furthermore, and also pursuant to the Amended Interim Compensation

Order, within forty-five (45) days of the end of each quarter, professionals are required to file

and serve, upon the notice parties, a quarterly request (a "Quarterly Fee Application") for interim

Court approval and allowance of the Monthly Fee Applications filed during the quarter covered

by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee

Application, the Debtors are authorized and directed to pay the professional 100% of the fees and

expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application,

less any amounts previously paid in connection with the Monthly Fee Applications.  Any

payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is

subject to final approval of all fees and expenses at a hearing on the professional's final fee

application.

4.     By an October order of this Court, later made nunc pro tunc as of September 22,

2008, the PD FCR was appointed by the Court (the "Appointment Order").  The Appointment

Order authorizes the Debtors to compensate Judge Sanders at his hourly rate charged for services

of this type and to be reimbursed for actual and necessary out-of-pocket expenses that he

incurred, subject to application to this Court in accordance with the Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.　　This Quarterly Fee Application, which is submitted in accordance with the

Amended Interim Compensation Order, is Judge Sanders' Fourth Quarterly Fee Application for

compensation for services rendered in connection with the Chapter 11 Cases and covers the fee

period of July 1, 2009 through September 30, 2009 (the "Fee Period").

6.　　Judge Sanders has filed with the Court the following Monthly Fee Applications

for interim compensation during the Fee Period:

(a)　Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services
and Reimbursement of Expenses as the Legal Representative for Future
Asbestos-related Property Damage Claimants And Holders of Demands for the
Sixth Monthly Interim Period from July 1, 2009 Through July 31, 2009, seeking
$8,460.00 in fees (80% of $10,575.00);

(b)　Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services
and Reimbursement of Expenses as the Legal Representative for Future
Asbestos-related Property Damage Claimants And Holders of Demands for the
Seventh Monthly Interim Period from August 1, 2009 Through August 31, 2009,
seeking $3,168.00 in fees (80% of $3,960.00); and

(c)　Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services
and Reimbursement of Expenses as the Legal Representative for Future
Asbestos-related Property Damage Claimants And Holders of Demands for the
Eighth Monthly Interim Period from September 1, 2009 Through September 30,
2009, seeking $38,304.00 in fees (80% of $47,880.00), and $3,904.58 in
expenses.

7.　　The monthly fee applications covered by this Fourth Quarterly Fee

Application contain detailed daily time logs describing the actual and necessary services

provided by Judge Sanders during the Fee Period, as well as other detailed information required

to be included in fee applications.  The Sixth, Seventh and Eighth monthly fee applications are

attached hereto as Exhibits "1," "2" and "3," respectively.

8.      The period for objecting to the fee and expense reimbursements relating to the Sixth, Seventh and Eighth Monthly Fee Applications have passed without any objections being filed, whereupon Judge Sanders filed Certificates of No Objection with the Court, and Judge Sanders has been paid interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested for the Sixth, Seventh and Eighth Applications pending.

9.      Judge Sanders previously filed a First Quarterly Fee Application on February 25, 2009 which was approved by the Court.  Judge Sanders filed a Second Quarterly Fee Application on August 12, 2009 which was approved by the Court.  His Third Quarterly Fee Application is pending.

10.     By this Fourth Quarterly Fee Application, Judge Sanders requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Judge Sanders from July 1, 2009 through September 30, 2009, less any amounts previously paid to Judge Sanders pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order.  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Monthly Fee Applications that already have been filed with the Court.

11.     Judge Sanders reserves his right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee applications.

12.     At all relevant times, Judge Sanders has been a disinterested person as that term is defined in Section 101(14) of the United States Bankruptcy Code, as modified by section 1107(b)

of the United States Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

13.    All services for which compensation is requested by Judge Sanders were performed as the PD FCR and not on behalf of any committee, creditor, or other person.

14.    Judge Sanders believes that this Third Quarterly Fee Application complies with the requirements of Del. Bankr. LR 2016-2 and the Amended Interim Compensation Order.

15.    During the Interim Period, Judge Sanders has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases, other than the interim compensation payments pursuant to the Amended Interim Compensation Order.  There is no agreement or understanding between Judge Sanders and any other person for the sharing of compensation to be received for services rendered in these cases, other than normal intra-firm distributions at his law firm.

16.    The professional services and related expenses for which Judge Sanders requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of Judge Sanders' professional responsibilities as PD FCR in the Chapter 11 Cases.  Judge Sanders' services have been necessary and beneficial to future property damage claimants' as well as the Debtors and their estates, creditors, and other parties in interest.

17.    Pursuant to Fed R. Bankr. P. 2016(b), other than normal intra-firm distributions at his law firm, Judge Sanders has not shared, nor has agreed to share: (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Hon. Alexander M. Sanders, Jr. respectfully requests that the Court enter

an order, providing that (a) for the period from July 1, 2009 through September 30, 2009, an

administrative allowance be made to Judge Sanders in the sum of $62,415.00 as compensation

for reasonable and necessary professional services rendered as the PD FCR and $3,904.58 in

expenses; (b) that the Debtors be authorized and directed to pay to Judge Sanders the outstanding

amount of such sums, less any sums previously paid to Judge Sanders pursuant to the Monthly

Fee Applications and the procedures set forth in the Amended Interim Compensation Order and

(c) this Court grant such other and further relief to which Judge Sanders is justly entitled.


Respectfully Submitted,

_____

Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Street, Suite 4620
Dallas, Texas 75202
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## DECLARATION

Alan B. Rich, declares as follows:

I am the counsel hired by the PD FCR with the approval of the Court, and am familiar with the services that the PD FCR rendered.  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  I believe that this Application substantially complies with Local Bankruptcy Rules for the District of Delaware.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 13, 2009.

_____

## CERTIFICATE OF SERVICE

I certify that on the 13th day of November, 2009,  this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 10/28/2009 |
| | § | Hearing Date: TBD (if needed) |

**SUMMARY OF SIXTH APPLICATION OF ALEXANDER M. SANDERS, JR.
FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT
OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS
AND HOLDERS OF DEMANDS FOR THE PERIOD
FROM JULY 1, 2009 THROUGH JULY 31, 2009**

| | |
|---|---|
| Name of Applicant: | Hon. Alexander M. Sanders, Jr., |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | October 20, 2008, *nunc pro tunc* to September 22, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | July 1, 2009 to July 31, 2009 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $8,460.00  [80% of $10,575.00] |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | None |

This is a(n):   ☒ Monthly      ☐ Interim      ☐ Final Application

## PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Hon. Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period.  Judge Sanders has practiced law for over 40 years, and his present billing rate is $450 per hour.  In this Application period Judge Sanders performed 23.5 hours of services as PD FCR, for a total amount billed of $10,575.00, of which 80% is currently sought, in the amount of $8,460.00.

This is the Sixth Application for monthly fees and expenses.

---

[1] At 80% of the total incurred.

COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Disclosure Statement and Confirmation | 23.5 hours | $10,575.00 |
| TOTAL | 23.5 hours | $10,575.00 |

Detail of the fees billed is attached hereto as Exhibit A.

CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)

I, Alan B. Rich, attorney for the PD FCR, and a professional person seeking approval of this Monthly Fee Application on behalf of his client, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____

Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Street, Suite 4620
Dallas, Texas 75202
(214) 744-5100
(214) 755-5101 (fax)
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## CERTIFICATE OF SERVICE

I certify that on the 7th day of October, 2009, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

-4-

# EXHIBIT A

*ALEXANDER M. SANDERS, JR.*
*SANDERS & NETTLES, LLC*
*Attorneys at Law*
*208 Lincoln Street*
*Columbia, South Carolina 29201*

*Mailing address:  19 Water Street*
*Charleston, SC 29401*

INVOICE FOR PROFESSIONAL SERVICES 7/1/09 to 7/31/09

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

In re W. R. Grace, No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|-------------------|------|
| 7/1/09 | Review of AXA Belgium's Pre-trial Statement and various earlier documents referred to therein, including the CMO, the Plan Proponent's Draft Order of June 20, 2009, In re Combustion Engineering, etc. | 2.0 |
| 7/17/09 | Exchange of e-mails and telephone calls with Alan Rich, Esq., as counsel for PD FCR re: conference on August 5 with Dan Speights, et al. | 0.5 |
| 7/19/09 | Continued review of the file in preparation of the September confirmation hearing before Judge Fitzgerald | 3.5 |
| | Review of various documents including Phase II Brief of Garlock, LLC (29 pages); Phase II Brief of Maryland Casualty (15 pages); Phase II Brief of Zurich Insurance and Zurich International Ltd. (8 pages); Joinder of AXA Belgium to the Brief of Fireman's Fund (4 pages) | 2.5 |
| 7/20/09 | Review of Pre-Trial Submission of Maryland Casualty (4 pages) and Pre-Trial Submission of Zurich Insurance and Zurich International (4 pages) | 0.5 |

INVOICE 7/1/09 to 7/31/09
August 5, 2009
Page 2

| 7/23/09 | E-mail correspondence with Alan Rich re: Phase II Pretrial Statement and meeting with Dan Speights | 0.5 |
|---------|---------|------|
| | Review of PD FCR's Phase II Pretrial Submission; PD Committee's Phase II Pretrial Submission; and Anderson Memorial Hospital's Phase II Pretrial Submission | 2.5 |
| | Review of various documents relating to sale of W.R. Grace's Membrane Business (a total of approximately 180 pages), including: Asset Sales Agreement, Articles 1-19, and numerous attached exhibits and schedules; Notice of Motion for an Order Approving the Agreements and Authorizing the Sale of the Membrane Business and Authorizing the Assumption and Assignment to the Buyer of Certain Contracts and Granting Certain Related Relief; Affidavits in Support of the Motion; Motion for an Order pursuant to the above-referenced Notice; and Proposed Order | 3.5 |
| 7/24/09 | Continued review of documents in the nature of exhibits and other information relating to sale of Membrane Business (approximately 120 pages) | 2.5 |
| 7/27/09 | E-mail correspondence with Alan B. Rich re: Membrane sale | 0.3 |
| 7/28/09 | Review of Pre-Trial Submission of Garlock, LLC (13 pages) | 0.3 |
| | Telephone conference with Alan B. Rich re: Dan Speights' meeting on August 5 and most recent deposition transcripts | 0.3 |
| 7/30/09 | Review of e-mail correspondence between Alan B. Rich and David Bernick regarding extension for PD FCR to object on feasability of the plan | 0.5 |
| | Telephone conference with Alan B. Rich re: David Bernick's position on granting the extension to object | 0.3 |

INVOICE 7/1/09 to 7/31/09
August 5, 2009
Page 3


| 7/31/09 | Review of e-mail correspondence from Alan B. Rich confirming the grant of the extension | 0.1 |
|---------|------|------|
| | Review of Laura Welch, M.D., deposition | 1.5 |
| | Review of Dr. Howard Ory deposition | 2.2 |


23.5 @ $450/hour =        $10,575.00

# EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 10/28/2009 |
| | § | Hearing Date: TBD (if needed) |

**SUMMARY OF SEVENTH APPLICATION OF ALEXANDER M. SANDERS, JR.
FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT
OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS
AND HOLDERS OF DEMANDS FOR THE PERIOD
<u>FROM AUGUST 1, 2009 THROUGH AUGUST 31, 2009</u>**

| | |
|---|---|
| Name of Applicant: | Hon. Alexander M. Sanders, Jr., |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | October 20, 2008, *nunc pro tunc* to September 22, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | August 1, 2009 to August 31, 2009 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $3,168.00  [80% of $3,960.00] |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | None |

This is a(n):  ☒Monthly     ☐Interim     ☐Final Application

PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Pending | Pending |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Hon. Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period.  Judge Sanders has practiced law for over 40 years, and his present billing rate is $450 per hour.  In this Application period Judge Sanders performed 8.8 hours of services as PD FCR, for a total amount billed of $3,960.00, of which 80% is currently sought, in the amount of $3,168.00.

This is the Seventh Application for monthly fees and expenses.

---

[1] At 80% of the total incurred.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Disclosure Statement and Confirmation | 8.8 hours | $3,960.00 |
| TOTAL | 8.8 hours | $3,960.00 |

Detail of the fees billed is attached hereto as Exhibit A.

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)

I, Alan B. Rich, attorney for the PD FCR, and a professional person seeking approval of this Monthly Fee Application on behalf of his client, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Street, Suite 4620
Dallas, Texas 75202
(214) 744-5100
(214) 755-5101 (fax)
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 7th day of October, 2009,  this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

EXHIBIT A

*ALEXANDER M. SANDERS, JR.*
*SANDERS & NETTLES, LLC*
*Attorneys at Law*
*208 Lincoln Street*
*Columbia, South Carolina 29201*

*Mailing address:  19 Water Street*
*Charleston, SC 29401*

INVOICE FOR PROFESSIONAL SERVICES 8/1/09 to 8/31/09

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

In re W. R. Grace, No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|--------------------|------|
| 8/3/09 | Preparation for conference with Speights & Runyon on Anderson Memorial Hospital's claim, including telephone conference with Alan Rich, Esq., as counsel for PD FCR | 1.0 |
| 8/5/09 | Conference with Speights & Runion and Alan Rich | 2.5 |
| 8/18/09 | Review of W.R. Grace Phase II Witness List, including e-mail and telephone communication with Alan Rich | 0.8 |
| | Review of Plan Proponents Phase II Pre-Trial Statement and exhibit list, including description of proponent witnesses, pleadings and plan documents (62 pages) | 3.5 |
| 8/19/09 | Exchange of e-mail with Alan Rich re: Witness List | 0.2 |
| 8/25/09 | Review of e-mail from Alan Rich regarding his conversation with Ted Freedman on my proposed testimony | 0.2 |
| 8/27/09 | Review of Fee Auditor's Final Report for the Application Period January 1 - March 31, 2009 | 0.5 |
| 8/31/09 | E-mail to Alan Rich on my flights to Pittsburgh and hotel | 0.1 |

8.8 @ $450/hour =  $3,960.00

# EXHIBIT 3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 10/28/2009 |
| | § | Hearing Date: TBD (if needed) |

**SUMMARY OF EIGHTH APPLICATION OF ALEXANDER M. SANDERS, JR.
FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT
OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS
AND HOLDERS OF DEMANDS FOR THE PERIOD
FROM SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009**

| | |
|---|---|
| Name of Applicant: | Hon. Alexander M. Sanders, Jr., |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | October 20, 2008, *nunc pro tunc* to September 22, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | September 1, 2009 to September 30, 2009 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $38,304.00  [80% of $47,880.00] |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $3,904.58 |

This is a(n):   ☒ Monthly      ☐ Interim      ☐ Final Application

PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Pending | Pending |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | Pending | Pending |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Hon. Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period. Judge Sanders has practiced law for over 40 years, and his present billing rate is $450 per hour. In this Application period Judge Sanders performed 112.4 hours of services as PD FCR, for a total amount billed of $47,880.00, of which 80% is currently sought, in the amount of $38,304.00, plus 100% of his expenses incurred, in the amount of $3,904.58.

This is the Eighth Application for monthly fees and expenses.

---

[1] At 80% of the total incurred.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Disclosure Statement and Confirmation | 100.4 hours | $45,180.00 |
| Travel | 12.0 hours   [at 100%] | $2,700.00   [at 50%] |
| TOTAL | 112.4 hours | $47,880.00 |

Detail of the fees billed is attached hereto as Exhibit A.

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)

I, Alan B. Rich, attorney for the PD FCR, and a professional person seeking approval of this Monthly Fee Application on behalf of his client, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Street, Suite 4620
Dallas, Texas 75202
(214) 744-5100
(214) 755-5101 (fax)
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## CERTIFICATE OF SERVICE

I certify that on the 7th day of October, 2009, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

*ALEXANDER M. SANDERS, JR.*
*SANDERS & NETTLES, LLC*
*Attorneys at Law*
*208 Lincoln Street*
*Columbia, South Carolina 29201*

*Mailing address: 19 Water Street*
*Charleston, SC 29401*

<u>INVOICE FOR PROFESSIONAL SERVICES 9/1/09 to 9/30/09</u>

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

In re W. R. Grace, No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|-------------------|------|
| 9/1/09 | Review of numerous documents including: | |
| | Joinder of Maryland Casualty in Arrowood's Objections and Counter-Designations to Certain Aspects of the Deposition of the Libby Claimants | 0.3 |
| | Final Order of Witnesses and Estimated Time of Direct Examination of Garlock Ceiling Technologies, LLC | 0.5 |
| | Deposition of Hudson LaForce (approx. 143 pages) | 2.5 |
| | Draft Order of Witnesses and Estimated Time of Direct Examination of Zurich Insurance and Zurich International | 0.3 |
| | Draft Order of Witnesses and Estimated Time of Direct Examination of Maryland Casualty of MCC | 0.3 |
| | Objection of Maryland Casualty to BNSF Railway Company's Confidential Initial Deposition Designations of Testimony of Jeffrey Posner, Richard Finke, Jay Hughes, and Peter Van N. Lockwood and to the Libby Claimant's Notice of Filing Transcript and Deposition Excerpt Designations | 0.5 |

<u>INVOICE 9/1/09 to 9/30/09</u>
October 7, 2009
Page 2

|  |  |  |
|---|---|---|
|  | Draft Order of Witnesses and Estimated Time of Direct Examination of Maryland Casualty Company | 0.1 |
|  | Objection of Maryland Casualty to Exhibits to be Relied Upon at the Phase II Plan Confirmation Hearing | 0.5 |
|  | Supplemental Pre-Trial Submission of Maryland Casualty | 0.1 |
| 9/02/09 | Review of Joinder of Maryland Casualty in Arrowood's Motion to Strike, and Objections to the Libby Claimants' Designation of Certain Depositions | 0.1 |
|  | Telephone conversation with Harry Huge, Esq., and call to Alan Rich re: the position of the PI FCR on the Plan. | 0.5 |
| 9/03/09 | Review of Maryland Casualty's Objection to BNSF's Initial Deposition Designations of Karen O. McKee's Testimony | 0.1 |
|  | Review of chart showing objections to the Plan (50 pages) | 2.5 |
|  | Telephone call to Alan Rich regarding the chart and my testimony | 0.1 |
|  | Review of Maryland Casualty's Joinder in Arrowood's Objections to Libby Claimants' Confirmation Hearing Exhibit List | 0.1 |
| 9/04/09 | Review of Maryland Casualty's partial joinder in CNA's objections to certain exhibits proffered by Libby claimants and State of Montana | 0.1 |
|  | E-mail from Alan Rich re: proffered testimony | 0.1 |
|  | Telephone call from Dan Speights, Esq., re: my testimony vis-a-vis claim of Anderson Memorial Hospital | 0.1 |

<u>INVOICE 9/1/09 to 9/30/09</u>
October 7, 2009
Page 3


| 9/5/09 | Review of AXA Belgium's Objection to the exhibits proffered by Plan proponents and reservation of evidentiary objections proffered by all parties | 0.1 |
|--------|--------|--------|
| | Review of Maryland Casualty's objection to all exhibits inconsistent with MCC's interests | 0.3 |
| 9/6/09 | Review of my testimony with Ed Westbrook | 1.0 |
| 9/7/09 | 6:30 p.m., left Charleston for Pittsburgh, arrived hotel, obviously after much delay, at 1:30 a.m. 9/8/09 (7 hours billed @ one-half) | 3.5 |
| 9/8/09 | 9:30 a.m., arrived at court<br>    Preliminary matters followed by witnesses:<br>    Elihu Insulbuch<br>    Laura Welch<br>    Mark Peterson<br>6:36 p.m., court adjourned | 9.1 |
| | Dinner with Alan Rich to review today's proceedings | 1.0 |
| 9/9/09 | 9 a.m., arrived at court<br>    Preliminary matters followed by witnesses:<br>    Jay Hughes<br>    Craig Molgaard<br>6 p.m., court adjourned | 9.0 |
| | Dinner with Alan Rich to review today's proceedings | 1.0 |
| 9/10/09 | 9 a.m., arrived at court<br>    Preliminary matters followed by witnesses:<br>    Craig Molgaard (cont'd)<br>    Arthur Frank<br>    Alan Whitehouse<br>5:15 p.m., court adjourned | 8.2 |

<u>INVOICE 9/1/09 to 9/30/09</u>
October 7, 2009
Page 4


| | | |
|---|---|---|
| 9/11/09 | 8:25 a.m., arrived at court | |
| | Motions and preliminary matters, followed by witnesses: | |
| | Alan Whitehouse (cont'd) | |
| | David Weill | |
| | Suresh Moolgarkar | |
| | Jeffrey Posner | |
| | 6:25 p.m., court adjourned | 10.0 |
| | | |
| 9/12/09 | Review documents including: | |
| | | |
| | Maryland Casualty's Joinder in Arrowood's Motion | |
| | to Strike and Objections, etc. | 0.2 |
| | | |
| | Garlock's Objection to Final Order of Witnesses | |
| | and Estimated Time of Examination | 0.3 |
| | | |
| | Maryland Casualty's and CNA's Opposition to Libby | |
| | Claimants' Motion to Compel and Supporting Affidavit | 0.6 |
| | | |
| | Memo from Ed Westbrook regarding ZAI settlement | 0.6 |
| | | |
| 9/13/09 | Comprehensive review of all documents necessary to preparation | |
| | of my testimony (approx. 535 pages) | 8.5 |
| | | |
| 9/14/09 | 9 a.m., arrived at court | |
| | Preliminary matters followed by witnesses: | |
| | Elihu Insulbuch | |
| | Richard Finke | |
| | Jay Hughes | |
| | 5:30 p.m., court adjourned | 8.5 |
| | | |
| | Meeting with Theodore Freedman, et al., to finalize proffered testimony | 2.5 |

| | | |
|---|---|---|
| 9/15/09 | 9 a.m., arrived at court | |
| | Preliminary matters followed by witnesses: | |
| | Jay Hughes (cont'd) | |
| | Richard Finke | |
| | Mark Shelnitz | |
| | Mark Peterson | |
| | Further scheduling matters | |
| | 6:30 p.m., court adjourned | 9.5 |
| | | |
| | Preparation of testimony with Ed Westbrook, Darrell Scott, Katie McElveen, and Alan Rich on possible cross-examination | 2.5 |
| | | |
| | Review of Maryland Casualty's Supplemental Deposition Designation | 0.5 |
| | | |
| 9/16/09 | 9 a.m., arrived at court | |
| | Preliminary matters followed by witnesses: | |
| | Robert Tarola | |
| | Mark Shelnitz | |
| | Pamela Zilly | |
| | Denise Martin | |
| | Michael Brown | |
| | Louis Kruger | |
| | 6:30 p.m., left court to attend deposition | 9.5 |
| | | |
| | Deposition of Gibson Solomons | 1.0 |
| | | |
| 9/17/09 | 8:30 a.m., arrived at court | |
| | Preliminary matters followed by witnesses: | |
| | David Austin | |
| | AMS, Jr. | |
| | Pamela Zilly | |
| | 12:30 p.m., court adjourned | 4.0 |
| | | |
| | Review of my testimony with Alan Rich | 1.0 |
| | | |
| 9/18/09 | 7 a.m., left hotel for airport, arrived Charleston 12 noon | |
| | (5 hours billed @ one-half) | 2.5 |

INVOICE 9/1/09 to 9/30/09
October 7, 2009
Page 6


9/21/09          Review of documents including:

                 Maryland Casualty's Supplemental Designation of Peter
                      Van N. Lockwood's Deposition                              0.5

                 Maryland Casualty's and CNA's Opposition to Libby Claimants'
                      Motion to Compel Discovery of Certain Coverage
                      Correspondence                                            0.2

                 Phase II Stipulation, and attachments, filed by Garlock between
                      Garlock, Debtors, PI Committee, PI FCR, and Equity
                      Committee                                                 0.5

9/24/09          Exchange of e-mails with Alan Rich re: Proposed Modification
                 of PD Trust Agreement and Aetna/Travelers Settlement Agreement 0.5

                 Review of Exhibit 3, Asbestos PD Trust Agreement (56 pages)    1.0




                 106.4 @ $450/hour =        $       47,880.00

                 Expenses                   $        3,904.58
                 (receipts attached)

                       TOTAL:               $       51,784.58

Expenses
(Receipts Attached)

Travel to Pittsburgh, PA, and return to Charleston, SC, for hearing before Judge Fitzgerald

| | | | |
|---|---|---|---|
| Taxi fares | $ | 12.00 | (These were for cabs back and |
| | | 10.00 | forth from hotel to court. Amounts |
| | | 15.00 | varied slightly depending on |
| | | 10.00 | traffic) |
| | | 10.00 | |
| | | 10.00 | |
| | | 10.00 | |
| | | 15.00 | |
| | | 10.00 | |
| | | 10.00 | |
| | | 10.00 | |
| | | 10.00 | |
| | | 15.00 | |
| | | 10.00 | |
| | | 10.00 | |
| | | 11.00 | |
| | | 60.00 | (From airport to hotel) |
| | | 40.00 | (From hotel to airport) |
| | | 46.70 | (From airport to home) |
| Meals | $ | 4.79 | (Breakfast, 9/7/09) |
| | | 4.65 | (Lunch, 9/8/09) |
| | | 85.94 | (Dinner, 9/8/09 - with Alan Rich) |
| | | 12.65 | (Lunch, 9/9/09) |
| | | 110.00 | (Dinner 9/9/09 - with Alan Rich [Reduced]) |
| | | 35.96 | (Dinner, 9/11/09) |
| | | 55.00 | (Dinner 9/13/09 [Reduced]) |
| | | 83.06 | (Dinner 9/15/09 - with Alan Rich) |
| | | 5.34 | (Breakfast, 9/17/09) |
| | | 73.99 | (Lunch 9/17/09 - with Alan Rich) |
| Hotel | $ | 2,012.60 | (I prepaid through 9/18/09 and was credited $197.86 for that night when I left early.) |
| Airfares | $ | 1,095.90 | (Round Trip Coach Airfare plus change fees) |
| TOTAL | $ | 3,904.58 | |