IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | **Objection Date: December 7, 2009 @ 4 p.m.** |

**SEVENTEETH INTERIM FEE APPLICATION OF
ANDERSON KILL & OLICK, P.C.,
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL
INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS OF W.R. GRACE & CO.,
FOR THE PERIOD JULY 1, 2009 THROUGH SEPTEMBER 30, 2009**

| | |
|---|---|
| Name of Applicant: | Anderson Kill & Olick, P.C. |
| Authorized to Provide Professional Services to: | The Official Committee of Asbestos Personal Injury Claimants |
| Date of retention: | June 13, 2001, *nunc pro tunc* to April 12, 2001 |
| Period for which compensation and reimbursement is sought: | July 1, 2009 through September 30, 2009 |
| Amount of compensation sought as actual, reasonable and necessary: | $1,199,112.00 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $22,671.58 |
| Total amount of holdback fees sought for applicable period: | $239,822.40 |

This is an: _____monthly ____**X**____ interim _____ final application.

If this is not the first application filed, disclose the following for each prior application:

**Monthly Interim Fee Applications for July 1, 2009 through September 30, 2009**:

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 9/1/09 D.I. 23056 | July, 2009 | $343,386.00 (80% of $429,232.50) | $9,429.56 | Pending | Pending |
| 10/2/09 D.I. 23411 | August, 2009 | $326,855.20 (80% of $408,569.00) | $6,785.73 | Pending | Pending |
| 11/2/09 D.I. 23641 | September, 2009 | $289,048.40 (80% of $361,310.50) | $6,456.29 | Pending | Pending |

**Interim Fee Applications:**

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 11/15/05 1st Interim | July through September 2005 | $16,348.00 | $186.75 | $16,348.00 | $186.75 |
| 2/14/06 2nd Interim | October through December 2005 | $7,283.00 | $129.06 | $7,283.00 | $129.06 |
| 5/15/06 3rd Interim | January through March 2006 | $ 17,264.50 | $ 46.48 | $17,264.50 | $46.48 |
| 8/14/06 4th Interim | April through June 2006 | $ 214,295.00 | $ 844.80 | $214,295.00 | $844.80 |
| 11/14/06 5th Interim | July through September 2006 | $ 84,800.00 | $ 596.91 | $84,800.00 | $596.91 |
| 2/15/07 6th Interim | October through December 2006 | $ 74,785.00 | $ 525.88 | $74,785.00 | $525.88 |
| 5/15/07 7th Interim | January through March 2007 | $ 21,533.00 | -$ 152.20 | $21,533.00 | -$152.20 |
| 8/14/07 8th Interim | April through June 2007 | $ 54,146.50 | $ 2,665.63 | $54,146.50 | $2,665.63 |
| 11/15/07 9th Interim | July through September 2007 | $ 330,831.00 | $ 2,643.22 | $330,831.00 | $2,643.22 |
| 2/15/08 10th Interim | October through December 2007 | $ 136,058.50 | $ 69.88 | $ 136,058.50 | $ 69.88 |
| 5/15/08 11th Interim | January through March 2008 | $ 250,420.50 | $ 3,199.44 | $250,420.50 | $3,199.44 |
| 8/14/08 12th Interim | April through June 2008 | $ 522,325.00 | $ 5,879.01 | $552,325.00 | $5,879.01 |
| 11/17/08 13th Interim | July through September 2008 | $ 449,116.00 | $ 2,897.32 | Pending | Pending |

| | | | | | |
|---|---|---|---|---|---|
| 2/13/09 14th Interim | October through December 2008 | $ 578,214.50 | $ 4,659.16 | Pending | Pending |
| 5/13/09 15th Interim | January through March 2009 | $ 750,505.00 | $ 7.987.34 | Pending | Pending |
| 8/17/09 16th Interim | April through June 2009 | $ 986,833.00 | $ 11,359.81 | Pending | Pending |

### SUMMARY OF COMPENSABLE TIME OF PROFESSIONALS FOR BILLING PERIOD JULY 1, 2009 TO SEPTEMBER 30, 2009

| Name, Position, Years Experience | Hours Billed | Hourly Rate | Amount of Fees |
|---|---|---|---|
| Phillip C. England, Esq. | 2.2 | $865.00 | $1,903.00 |
| Robert M. Horkovich, Esq. | 472.1 | $845.00 | $398,924.50 |
| Edward J. Stein, Esq. | 0 | $585.00 | $0.00 |
| Robert Y. Chung, Esq. | 494.9 | $555.00 | $274,669.50 |
| Mark Garbowski, Esq. | 217.5 | $545.00 | $118,537.50 |
| Todd E. Duffy, Esq. | 69.6 | $525.00 | $36,540.00 |
| Diana R. Gliedman, Esq. | 0 | $500.00 | $0.00 |
| Kenneth E. Sharperson, Esq. | 0 | $460.00 | $0.00 |
| Lawrence J. Bartelemucci, Esq. | 1.6 | $455.00 | $728.00 |
| Bridget M. Healy, Esq. | 32.4 | $445.00 | $14,418.00 |
| Anna Piazza, Esq. | 34.1 | $415.00 | $14,151.50 |
| Joseph G. Balice | 14.4 | $345.00 | $4,968.00 |
| Dennis J. Nolan | 17.3 | $345.00 | $5,968.50 |
| Glenn F. Fields, Insurance Specialist | 403.6 | $315.00 | $127,134.00 |
| Jane A. Horne, Paralegal | 0 | $280.00 | $0.00 |
| Michael Chung, Paralegal | 47.4 | $280.00 | $13,272.00 |
| A. Marcello Antonucci, Paralegal | 44.8 | $280.00 | $12,544.00 |

{D0165850.1}                                                3

| | | | |
|---|---|---|---|
| Izak Feldgreber, Paralegal | 286.5 | $275.00 | $78,787.50 |
| Donald Flynn, Paralegal | 0 | $250.00 | $0.00 |
| Harris E. Gershman, Paralegal | 301 | $255.00 | $76,755.00 |
| Victoria Talabacu, Paralegal | 2.7 | $255.00 | $688.50 |
| Daryl Lyew, Paralegal | 2.6 | $230.00 | $598.00 |
| Arline Pelton, Paralegal | 55.3 | $230.00 | $12,719.00 |
| Corina K. Nastu, Paralegal | 7.7 | $210.00 | $1,617.00 |
| Nathan J. Donlon, Paralegal | 0.5 | $210.00 | $105.00 |
| Nicholas J. Baldson, Paralegal | 13.3 | $195.00 | $2,593.50 |
| Kathleen Samet, Paralegal | 6.5 | $160.00 | $1,040.00 |
| Esther Quiles, Paralegal | 0 | $105.00 | $0.00 |
| Michaela C. Notoi, Paralegal | 0 | $100.00 | $0.00 |
| William D. Katz, Paralegal | 0 | $100.00 | $0.00 |
| Channell Mellish, Legal Assistant | 4.5 | $80.00 | $450.00 |
| **Total** | **2,532.5** | | **$1,199,112.00** |

## COMPENSATION SUMMARY BY PROJECT CATEGORY

| Project Category | Total Hours for the Period 7/1/09 through 9/30/09 | Total Fees for the Period 7/1/09 through 9/30/09 |
|---|---|---|
| Asset Analysis & Recovery | 2,474 | $1,178,034.00 |
| Case Administration | 0 | $0.00 |
| Committee Matters | 0 | $0.00 |
| Non-Working Travel Time | 11.9 | $9,287.50 |
| Plan and Disclosure Statement | 0 | $0.00 |
| Hearings | 0 | $0.00 |
| Fee Applications, Applicant | 46.6 | $11,790.50 |

| | | |
|---|---:|---:|
| Litigation | 0 | $0.00 |
| Data Analysis | 0 | $0.00 |
| Financing | 0 | $0.00 |
| **TOTAL:** | **2,532.5** | **$1,199,112.00** |

**EXPENSE SUMMARY**

| Expense Category | Provider, if applicable | Total Expenses For the Period 7/1/09 through 9/30/09 |
|---|---|---:|
| In-House Reproduction ($.10-cents per page) | | $2,292.00 |
| Outside Courier Service | | $30.00 |
| Facsimile (50-cents per page) | | $21.00 |
| Overnight Courier | Federal Express | $538.38 |
| Long Distance Telephone | | $1,094.76 |
| Legal Research | | $12,364.08 |
| Travel | | $4,704.40 |
| Working Meals | | $339.64 |
| Professional Services | | $0.00 |
| Postage | | $0.88 |
| Filing Fees | | $0.00 |
| On-line Comp Svc | | $277.73 |
| Transcript/Deposition Services | | $1,008.71 |
| **Total:** | | **$22,671.58** |

{D0165850.1}                          5

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**SEVENTEETH INTERIM FEE APPLICATION OF
ANDERSON KILL & OLICK, P.C.,
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL
INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS OF W.R. GRACE & CO.,
FOR THE PERIOD JULY 1, 2009 THROUGH SEPTEMBER 30, 2009**

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members (the "Administrative Order"), the firm of Anderson Kill & Olick, P.C., ("AKO") hereby submits this Seventeeth interim application ("Seventeeth Interim Application") for compensation for professional services rendered as special insurance counsel to the Official Committee of Asbestos Personal Injury Claimants (the "P.I. Committee") of the Debtor, W.R. Grace & Co., *et al.* (the "Debtors"), in an amount of $1,199,112.00 together with reimbursement of AKO's actual and necessary expenses incurred in the amount of $22,671.58 for the period commencing July 1, 2009 through and including September 30, 2009 (the "Period"). In support of this Seventeeth Interim Application, AKO respectfully represents as follows:

**I.    JURISDICTION**

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334.

## II.     BACKGROUND

2.      On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 under Title 11 of the United States Code (the "Bankruptcy Code").

3.      From the Petition Date through the date of this Seventeeth Interim Application, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On April 12, 2001, the Office of the United States Trustee appointed the P.I. Committee pursuant to section 1102 of the Bankruptcy Code.

5.      On March 18, 2005 the P.I. Committee filed and served its Application of the Official Committee of Asbestos Personal Injury Claimants to Retain and Employ Anderson Kill & Olick, P.C., (the "Retention Application"). Through the Retention Application, the P.I. Committee sought authorization to employ AKO as special insurance counsel, effective as of March 17, 2005.  On June 14, 2005, the Court entered the Order of Court Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bank. P. 2014(a), 2016 and 5002, Authorizing the Employment and Retention of Anderson Kill & Olick, P.C., as Special insurance counsel to the Official Committee of Asbestos Personal Injury Claimants, *nunc pro tunc* to March 17, 2005.

## III.     RELIEF REQUESTED

6.      Through this Seventeeth Interim Application, AKO seek allowance and payment of $1,199,112.00 in fees for services rendered during the Period and reimbursement of $22,671.58 for reasonable and necessary expenses incurred during the Period.  Thus, AKO seeks allowance and payment in the total amount of $1,221,783.58.

7.      AKO has received no payment and no promises for payment from any source for services rendered during the Period in connection with the case.  There exists no agreement or

understanding between AKO and any other person for the sharing of any compensation to be received for services rendered by AKO in the case.

8.  All services for which compensation is requested by AKO pursuant to this Application were performed for or on behalf of the P.I. Committee in this case.

9.  This is AKO's Seventeeth Interim Application.

### IV.  SUMMARY OF SERVICES RENDERED

10.  AKO maintains detailed records of the time spent as special insurance counsel for the P.I. Committee during the Period. Attached hereto as Exhibit A and incorporated herein by reference are true and correct copies of the monthly summaries prepared for the services rendered in this case by AKO. Exhibit A is in the same form regularly used by AKO to bill its clients for services rendered and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services, the amount of time spent for each service and the designation of the professional who performed the service.

11.  As set forth on Exhibit A, AKO rendered 2,532.5 hours of professional services during the Period, resulting in legal fees totaling $1,199,112.00 and associated reasonable and necessary expenses totaling $22,671.58.

12.  The rates for the expenses incurred by AKO for which reimbursement is requested pursuant to this Application, as well as the basis for such rates for the identified expense items are set forth below:

a) Copy charges: AKO charges 10 cents per page for copies and such charge is based on an analysis of the cost to AKO to make a copy;

b) Computer research charges: AKO passes through on an exact cost basis all computer-assisted research charges; and

      c) Out-going facsimile charges: AKO charges $0.50 for each page. These charges are based on an analysis of the cost to AKO to send facsimile transmissions. AKO does not pass through to its client's expenses or charges related to incoming facsimile transmissions.

13. Anderson Kill has extensive experience in matters of this nature and character. The firm possesses substantial and well–known expertise in analyzing complex insurance coverage and recovery issues. Among other things, Anderson Kill has successfully pursued insurance coverage on behalf of ten major asbestos defendants, as well as a great many other insurance policyholder clients. Anderson Kill has tried 17 major insurance coverage litigations on behalf of policyholders, prevailing in 15 of them, and has obtained billions of dollars in recoveries in well–publicized settlements in numerous other cases. Anderson Kill has extensive appellate experience in insurance coverage matters as well.

14. The PI Committee's activities and the services of Anderson Kill for the foreseeable future are expected to include, <u>inter</u> <u>alia</u>, the following responsibilities:

      a) To advise the PI Committee regarding matters of Debtors' insurance coverage available for payment of asbestos–related, silica–related or other toxic exposure claims, including gaps in coverage, overlapping coverage provided by multiple carriers and availability of excess insurance coverage;

      b) To review, analyze and advise the PI Committee on potential settlements between the Debtors and the Debtors' insurance carriers; and

      c) To advise the PI Committee regarding issues related to the Debtors' insurance coverage in connection with these Chapter 11 cases.

15. The generality of the foregoing description is amplified on a day-to-day basis by the Billing Statement attached as Exhibit A.

16. Thus, through this Seventeeth Interim Application, AKO seeks payment of $1,199,112.00 in fees and $22,671.58 in expenses. A Notice of Seventeeth Interim Application will be filed and served on all parties requesting notice under Bankruptcy Rule 2002 and the Seventeeth Interim Application will be served on the parties specified in the Administrative Order.

## V.     ALLOWANCE OF COMPENSATION

17. AKO have necessarily and properly expended 2,532.5 hours of services in performance of its duties as asbestos-bodily injury consultant to the P.I. Committee. Pursuant to the Administrative Order, AKO respectfully requests payment of an interim fee allowance of professional services in the amount of $1,199,112.00. AKO have also necessarily incurred expenses in the amount of $22,671.58 in the performance of its duties to the P.I. Committee during the Period. AKO respectfully requests reimbursement of expenses in the amount of $22,671.58.

WHEREFORE, AKO respectfully requests that the Court enter an order approving this Seventeeth Interim Application and directing payment of $1,199,112.00 in fees and reimbursement of $22,671.58 in expenses (to the extent not already paid pursuant to the Administrative Order), and for such other and further relief as the Court deems just and proper.

ANDERSON KILL & OLICK, P.C

*/s/ Robert Y. Chung*
Robert Y. Chung
1251 Avenue of the Americas
New York, NY 10020-1182
(212) 278-1039

Special Insurance Coverage Counsel for the
Official Committee of Asbestos Claimants

Dated: November 16, 2009