**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.,** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | Objection Deadline: March 5, 2010 at 4:00 p.m. |
| | ) | Hearing: March 22, 2010 at 10:30 a.m. |

**FIFTEENTH QUARTERLY INTERIM APPLICATION OF
ORRICK, HERRINGTON & SUTCLIFFE LLP, BANKRUPTCY COUNSEL TO
DAVID T. AUSTERN, ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE,
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
INCURRED FOR THE PERIOD JULY 1, 2009 THROUGH SEPTEMBER 30, 2009**

Pursuant to §§ 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and this Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (collectively, the "Administrative Order"), Orrick, Herrington & Sutcliffe LLP ("Orrick"), Bankruptcy Counsel, hereby submits this fifteenth quarterly interim application (the "Fifteenth Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to David T. Austern, the Asbestos PI Future Claimants' Representative (the "FCR") of W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period July 1, 2009 through September 30, 2009 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period.

By this Fifteenth Quarterly Interim Application, Orrick seeks the interim allowance of compensation in the amount of $1,674,330.00 in fees and reimbursement of actual and necessary expenses in the amount of $57,526.76 for a total of $1,731,856.76, or 100% of all compensation and expense reimbursement requested, for the period July 1, 2009 through September 30, 2009. In support of this Fifteenth Quarterly Interim Application, Orrick respectfully represents as follows:

## Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

## Background

2.      On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      By an Order dated May 24, 2004, the Court appointed the FCR for the above captioned cases.  The Order appointing the FCR also authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the Bankruptcy Code).  On March 9, 2006, the FCR applied to this Court for an order authorizing the retention of Orrick as his bankruptcy counsel pursuant to an engagement agreement dated February 6, 2006 (the "Engagement Agreement").

4.      On May 8, 2006, this Court entered an order (the "Retention Order") authorizing the FCR to employ Orrick as bankruptcy counsel effective as of the February 6, 2006 pursuant to the terms of the Engagement Agreement.

**Monthly Fee Applications Covered Herein**

5.        Prior to the filing of this Fifteenth Quarterly Interim Application, Orrick filed its July 2009, August 2009, and September 2009 fee applications with the Court pursuant to the Administrative Order.

6.        On August 28, 2009, Orrick filed its Forty-Second Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period July 1-31, 2009 (the "Thirty-Ninth Monthly") [Docket No. 23009] requesting $453,457.00 (80% of $566,821.25) and expenses in the amount of $13,738.03.  The deadline to file objections to the Forty-Second Monthly expired on September 17, 2009, and no objections were filed.  A certificate of no objection was filed with the Court on October 2, 2009, at Docket No. 23400.

7.        On October 5, 2009, Orrick filed its Forty-Third Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period August 1-31, 2009 (the "Forty-Third Monthly") [Docket No. 23424] requesting $445,238.40 (80% of $556,548.00) and expenses in the amount of $17,839.77.  The deadline to file objections to the Forty-Third Monthly expired on October 26, 2009, and no objections were filed.  A certificate of no objection was filed with the Court on October 27, 2009, at Docket No. 23571.

8.        On October 30, 2009, Orrick filed its Forty-Fourth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period September 1-30, 2009 (the "Forty-Fourth Monthly") [Docket No. 23624] requesting $440,768.60 (80% of $550,960.75) and expenses in the amount $25,948.96.  The

deadline to file objections to the Forty-Fourth Monthly expires on November 19, 2009, and if no

objections are file, a certificate of no objection will be filed with the Court.

9.       The Forty-Second, Forty-Third and Forty-Fourth Monthly applications covered

by this Fifteenth Quarterly Interim Application contain details on the actual and necessary

services provided by Orrick during the Interim Period as well as the other information required

to be included in fee applications.

**Requested Relief**

10.       By this Fifteenth Quarterly Interim Application, Orrick requests that the Court

approve the interim allowance of compensation for professional services rendered and the

reimbursement of actual and necessary expenses incurred by Orrick from July 1, 2009 through

September 30, 2009.  As stated above, the full scope of the services provided and the related

expenses incurred are fully described in the monthly fee applications for the Interim Period that

already have been filed with the Court.

11.       At all relevant times, Orrick has been a disinterested person as that term is defined

in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to

the interests of the FCR.

12.       All services for which compensation is requested by Orrick were performed for or

on behalf of the FCR.

13.       Except for the Debtors' obligation to pay compensation and reimbursement as

allowed by the Court, Orrick has received no payment and no promise for payment from any

source for services rendered, or to be rendered, in any capacity whatsoever in connection with

these cases.

14.    In accordance with Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, Orrick has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person other than with its partners, counsel and associates, or (b) any compensation another person or party has received or may receive in connection with this.

WHEREFORE, Orrick respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period July 1, 2009 through September 30, 2009, Orrick shall be allowed the sum of $1,674,330.00 in fees for reasonable and necessary professional services rendered to the FCR and the sum of $57,526.76 for the reimbursement of actual and necessary costs and expenses incurred, for a total of $1,731,856.76, that the Debtors be authorized and directed to pay to Orrick the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:*/S/ RICHARD H. WYRON*
    Roger Frankel, admitted *pro hac vice*
    Richard H. Wyron, admitted *pro hac vice*
    Debra L. Felder, admitted *pro hac vice*
    Columbia Center – 1152 15th Sreet, N.W.
    Washington, DC  20005
    (202) 339-8400

    *Counsel to David T. Austern,*
    *Asbestos PI Future Claimants' Representative*

Dated: November 20, 2009