# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., *et al.*, | ) Jointly Administered |
| | ) |
| Debtors. | ) **Related to Docket Nos. 20872, 21783,** |
| | )            **22426 and 23645** |

**MARYLAND CASUALTY COMPANY'S POST-TRIAL REPLY BRIEF
IN SUPPORT OF ITS POSITIONS RELATING TO FIRST AMENDED JOINT
PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY
CODE OF W.R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF
ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE
CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE
OF EQUITY SECURITY HOLDERS DATED AS OF FEBRUARY 27, 2009**

Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
Kelly M. Conlan (#4786)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile

OF COUNSEL:
Edward J. Longosz, II
Gabriella Cellarosi
ECKERT SEAMANS CHERIN &
     MELLOTT, LLC
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, DC 20006
(202) 659-6600 Telephone
(202) 659-6699 Facsimile

Richard A. Ifft
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-7170 Telephone
(202) 719-7049 Facsimile

*Attorneys for Maryland Casualty Company*

Dated: November 20, 2009

# **TABLE OF CONTENTS**

                                                    **Page**

STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ......................... 1

REPLY STATEMENT ................................................................................................ 3

ARGUMENT ............................................................................................................... 5

    I.    MCC is Fully Protected Under the First Amended Plan ........................... 5

        A.    MCC Argument ............................................................................ 5

        B.    Reply ............................................................................................ 5

            1.    Full Protection of MCC under the Asbestos PI Channeling Injunction is Permissible Under Section 524(g) .................................................................... 6

            2.    Enjoining the Libby Claims is Within the Scope of this Court's Subject Matter Jurisdiction .................................. 8

            3.    There is No Non-Products Coverage Available to Any Party Under the Settled MCC Policies ................... 9

    II.    To the Extent That MCC is Not Fully Protected Under the First Amended Plan, the First Amended Plan Mis-Classifies the MCC Claims ....................................................................................... 9

        A.    MCC Argument ............................................................................ 9

        B.    Reply .......................................................................................... 10

    III.    Reservation of Rights and Joinder ......................................................... 11

CONCLUSION .......................................................................................................... 12

# TABLE OF AUTHORITIES

                                       **Page**

**Cases**

*In re Combustion Engineering, Inc.,* 391 F.3d 190 (3d Cir. 2004)................................... 8

*In re W.R. Grace & Co., et al.*, 386 B.R. 17 (Bankr. D. Del. 2008)................................. 8

*In re El Comandante Management Company, LLC, et al.*,
    2006 WL 3903592 (Bankr.D.Puerto Rico)............................................................. 10

**Statutes**

11 U.S.C. § 524(g) ................................................................................................ 5, 6, 7

11 U.S.C. § 1122................................................................................................................9

11 U.S.C. § 1129................................................................................................................4

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

The above-captioned debtors ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware ("Court") on April 2, 2001.

On or about February 27, 2009, Debtors filed the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated as of February 27, 2009* [D.I. 20872] ("First Amended Plan").

On May 20, 2009, Maryland Casualty Company ("MCC") filed *Maryland Casualty Company's Objection To First Amended Joint Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code Of W.R. Grace & Co., et al., The Official Committee Of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, And The Official Committee Of Equity Security Holders Dated As Of February 27, 2009* [D.I. 21783]. Subsequently, on July 13, 2009, MCC filed *Maryland Casualty Company's Brief In Support Of Its Phase II Objections To First Amended Joint Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code Of W.R. Grace & Co., et al., The Official Committee Of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, And The Official Committee Of Equity Security Holders Dated As Of February 27, 2009* [D.I. 22426] ("MCC Pre-Trial Brief").

On September 8-11, September 14-17, and October 13 and 14, 2009, this Court held an evidentiary hearing on "Phase II" of confirmation of the First Amended Plan ("Phase II Confirmation Hearing").  At the close of the Phase II Confirmation Hearing, the Court directed the parties to file initial post-trial briefs, followed by post-trial reply

briefs. The Court further directed that legal arguments made in the pre-trial briefs not be repeated.

On November 2, 2009, MCC filed *Maryland Casualty Company's Opening Post-Trial Brief in Support of Its Phase II Objections to First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated as of February 27, 2009* [D.I. 23645] ("MCC Post-Trial Brief"), omitting its legal arguments, but incorporating the MCC Pre-Trial Brief and the legal arguments therein by reference. This is MCC's Post-Trial Reply Brief in response to opening post-trial briefs filed by the Libby Claimants,[1] the Plan Proponents,[2] and others.[3]

---

[1] *Libby Claimants' Post-Trial Brief in Support of Opposition to Confirmation of First Amended Joint Plan of Reorganization* [D.I. 23649] ("Libby Post-Trial Brief").

[2] *Plan Proponents' Main Post-Trial Brief in Support of Confirmation of Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [D.I. 23662] ("PP Post-Trial Brief") and *Plan Proponents' Phase II Post-Trial Brief in Response to Confirmation Objections of the Libby Claimants* [D.I. 23659] ("PP Anti-Libby Post-Trial Brief").

[3] To the extent applicable.

## REPLY STATEMENT

As argued in the MCC Pre-Trial Brief and the MCC Post-Trial Brief, the First Amended Plan, if confirmed, will implement the Asbestos PI Channeling Injunction[4] which will fully and permanently protect MCC from and against any and all Asbestos PI Claims, including, *inter alia*, the Libby Claims[5] and all other third party claims against MCC arising from or relating to the Debtors, their products or their operations ("Third Party Claims").

Consistent with the Libby Claimants' approach at the Phase II Confirmation Hearing, where they presented no evidence demonstrating the nature or existence of their so-called "independent claims" against MCC, the Libby Post-Trial Brief <u>cites to no evidence in the record</u> that would even suggest that the Libby Claims against MCC are not, or should not be, fully enjoined by the Asbestos PI Channeling Injunction. Indeed, the Libby Post-Trial Brief does little to directly contradict MCC's position.[6]

---

[4] Capitalized terms not defined herein have the meaning defined in the MCC Post-Trial Brief, including definitions incorporated from the First Amended Plan.

[5] Defined in the MCC Post-Trial Brief as: "claims against MCC raised or asserted by the Libby Claimants arising from or relating to Debtors, their products and/or their operations, including, *inter alia*, all alleged "direct" and "independent" claims, such as those asserted in Complaints filed in Baltimore City, Maryland, styled *Carol Gerard v. W.R. Grace and Maryland Casualty Company*, Case No. X-00-001554, and in Lewis and Clark County, Montana, styled *Schull et al., v. State of Montana and Maryland Casualty Company*, Case No. CDV-2001-704, and *Alfred v. Pennock v. Maryland Casualty Company*, Case No. CDV 2002-233."

[6] The Libby Claimants' opposition to MCC's position is raised only in the context of their discrimination argument. Libby Post-Trial Brief, pp. 4-5. While the Libby Claimants may attempt to make additional arguments in opposition to MCC's position, any such arguments will not change two inescapable facts: (i) Libby Claimants have offered <u>no</u> record evidence to support them; and (ii) MCC has cited to uncontroverted evidence in the record contrary to the positions taken by the Libby Claimants.

3

Because no other party[7] challenges MCC's position that the Asbestos PI Channeling Injunction fully and permanently enjoins the Libby Claims and all other Third Party Claims against MCC, the Court should adopt the proposed findings of fact and conclusions of law set forth in section I of the MCC Post-Trial Brief, and confirm the First Amended Plan.[8]

---

[7] BNSF raised no challenge to the full protection of MCC in its post-trial brief, having waived that objection during trial.  *See* Statement of BNSF counsel, Transcript of September 16, 2009 Phase II Confirmation Hearing, p. 87.  BNSF did, however, preserve its claims against any policies issued directly to BNSF.

[8] To the extent that this Court holds that MCC is not so protected, the First Amended Plan misclassifies MCC's claims.  *See* § II, *infra*.  Additionally, to the extent that this Court finds that MCC is not fully protected, the First Amended Plan fails to comply with various confirmation requirements of section 1129 of the Bankruptcy Code.  MCC will rely on the MCC Pre-Trial Brief (sections I-V) and the MCC Post-Trial Brief (sections I-V) for these arguments.  MCC reserves the right to address these and any arguments of other parties relating thereto at closing argument.

4

**ARGUMENT**

**I.    MCC is Fully Protected Under the First Amended Plan**

    **A.    MCC Argument**

MCC is a Settled Asbestos Insurance Company and is, under the First Amended Plan, an Asbestos Protected Party that is fully and permanently protected by the Asbestos PI Channeling Injunction from any and all Asbestos PI Claims, including, *inter alia*, the Libby Claims and any other Third Party Claims against MCC.[9] This protection is authorized by 11 U.S.C. § 524(g).[10]

    **B.    Reply**

As set forth in the MCC Post-Trial Brief, MCC's position is fully supported by the record in this case. No party, including the Libby Claimants, presented <u>any</u> evidence contrary to that position during the Phase II Confirmation Hearing, and none was cited in the Libby Post-Trial Brief, or any other post-trial brief. Thus, MCC's proposed findings of fact set forth in section I of the MCC Post-Trial Brief should be fully adopted by this Court.

In their post-trial brief, the Libby Claimants attempt to advance the notion, without any evidentiary support, that their "independent claims" are beyond the scope of claims that may be properly enjoined by this Court.[11] The Libby Claimants also suggest that enjoining the Libby Claims is beyond the scope of this Court's subject matter

---

[9] *See* MCC Pre-Trial Brief, § I; MCC Post-Trial Brief, § I.

[10] *Id*.

[11] *See* Libby Post-Trial Brief, pp. 4-5.

jurisdiction.[12] In addition, the Libby Claimants reassert their "non-products coverage" argument.[13] Each of these arguments should be rejected by this Court.[14]

        1.      Full Protection of MCC under the Asbestos PI Channeling Injunction is Permissible Under Section 524(g).

In its Post-Trial Brief, MCC cited to unrebutted evidence establishing that MCC is permitted to be protected by the Asbestos PI Channeling Injunction under 11 U.S.C. § 524(g) because, *inter alia*: (i) MCC is a third party who is identifiable from the terms of the Asbestos PI Channeling Injunction;[15] (ii) MCC is alleged to be directly or indirectly liable for the conduct of, claims against and demands upon the Debtors arising by reason of MCC's previous provision of insurance to the Debtors;[16] and (iii) adequate consideration has been and will be provided in exchange for such protection.[17] In contrast, the Libby Claimants have neither submitted nor cited to any evidence to support

---

[12] *Id*.

[13] *Id*. at pp. 22-24.

[14] The Libby Post-Trial Brief does not discuss the Libby Claimants' prior "vested rights" argument, presumably because that argument has already been rejected by this Court. Transcript of Hearing held on July 27, 2009 (U.S. Bankruptcy Court, D. Del., Case No. 01-01139), Arrowood Ex. 38, pp. 90, 136-138.

[15] *See,* PP Ex. 277.05, pp. 8, 9.

[16] *See, e.g.*, Testimony of Jay Hughes, Transcript of September 14, 2009 Phase II Confirmation Hearing pp. 261-263 ("9/14/09 Tr.__ (Hughes)"); Complaints filed by Libby Claimants against MCC, *e.g.* Montana Ex. 99; *see also*, *Debtors' Sur-Reply to Carol Gerard's Reply in Support of her Motion to Clarify the Scope of, or in the alternative, to Modify the Preliminary Injunction*, dated March 15, 2002 (U.S. Bankruptcy Court, D. Del., Case No. 01-01139, Adv. Pro. No. 01-771, D.I. 92), MCC Ex. 4, p. 2: "Ms. Gerard's claims against Maryland relate to Grace's asbestos liabilities at the Libby Plant, which are covered by the Maryland Policies."

[17] *See, e.g.,* MCC Ex. 3, *Phase II Hearing Declaration of Albert McComas*, ¶ 5 "(McComas Declaration, ¶___); Testimony of Jeffrey Posner, Transcript of September 11, 2009 Phase II Confirmation Hearing, p. 320; Testimony of David Austern, Transcript of September 17, 2009 Phase II Confirmation Hearing, p. 64; Testimony of Richard Finke, Transcript of September 14, 2009 Phase II Confirmation Hearing, pp. 182-183; May 4, 2009, Deposition of Peter Van N. Lockwood, pp. 519-522 ("5/4/09 Lockwood Dep. Tr. __"); s*ee also,* May 1, 2009, Deposition of Peter Van N. Lockwood, pp. 131-132 ("5/1/09 Lockwood Dep. Tr.___").

6

a contrary position, and thus have not provided this Court with any basis to rule that the Libby Claims are beyond the scope of Section 524 of the Bankruptcy Code or the Asbestos PI Channeling Injunction.

Having presented no evidence whatsoever at the Phase II Confirmation Hearing on the nature of their "independent claims" against MCC, the Libby Claimants have left this Court with only the record that already exists on the subject. Specifically, the Libby Claimants previously provided to this Court (but did not admit into evidence), *inter alia*, two binders of documents that allegedly supported the Libby Claimants' theory of "independent claims." Based on its thorough review of those documents, the Court rejected this theory, and found no basis for independent liability on the part of MCC.[18]

As stated in MCC's Opening Post-Trial Brief, the Libby Claimants' so-called "independent claims" are not independent at all; they are merely the product of creative pleading intended to seek an alternative target for the same liability and damages that the Libby Claimants are enjoined from seeking from the Debtors.[19] Creative pleading cannot

---

[18] *See* Transcript of Hearing held on August 26, 2002 (U.S. Bankruptcy Court, D. Del., Case No. 01-01139, D.I. 2670), MCC Ex. 5, p. 15: THE COURT: "But I got I think two binders full that were submitted to me in Pittsburgh. I read every word of those documents. There is nothing in the documents that were sent to me that establishes that Maryland was acting as anything other at any time than as an agent for the Debtor. Nothing."

[19] S*ee,* 9/14/09 Tr. 262 (Hughes): The Libby Claims against MCC are "the same kind of bodily injuries that [the Libby Claimants] are alleging against Grace."; *see also*, *Debtors' Sur-Reply to Carol Gerard's Reply in Support of her Motion to Clairify the Scope of, or in the alternative, to Modify the Preliminary Injunction*, dated March 15, 2002 (U.S. Bankruptcy Court, D. Del. Case No. 01-01139, Adv. Pro. No. 01-771, D.I. 92), MCC Ex. 4, p. 2: "Indeed, Ms. Gerard's alleged 'independent' claim against Maryland for negligence involves actions that generally only Grace, not Maryland, could have taken…. Maryland could not have taken these actions independently of Grace. . . . In fact, to the extent such actions were taken, they would have been performed at Grace's direction, with Grace determining and controlling the scope of Maryland's work."; Exhibit B, *Exhibits A through C to the Motion for Reconsideration of Gerard, Pennock and Schull*, *et al.,* dated July 6, 2002 (U.S. Bankruptcy Court, D. Del. Case No. 01-01139, Adv. Pro. No. 01-771, D.I. 111) (complaint filed by Libby Claimants alleging, e.g., that MCC "encouraged, advised, aided, supported, assisted and abetted Grace in its dangerously substandard operation," ¶ 84); Montana Ex. 99 (complaint filed by Libby Claimants alleging, e.g., that MCC "aided and abetted Grace's course of action," ¶ 37).

7

overcome the reality that this Court has already recognized: the Libby Claims arise from and relate to the Debtors, their products and/or their operations. This recognition remains consistent with the current state of the record, as ample evidentiary support for this position was submitted in the Phase II Confirmation Hearing without any evidence to the contrary. Simply stated, after seven years, the Libby Claimants have come forward with no new arguments, evidence, or record support – because there is none. Thus, the Libby Claims are fully and properly enjoined and channeled by the First Amended Plan.

        2.      Enjoining the Libby Claims is Within the Scope of this Court's <u>Subject Matter Jurisdiction</u>.

This Court has already ruled that it has subject matter jurisdiction over claims that could trigger contractual indemnity claims against the Debtors' estate. *In re W.R. Grace & Co., et al.* (*W.R. Grace & Co., et al. v. Chakarian, et al.*), 386 B.R. 17, 30 (Bankr. D. Del. 2008). Through undisputed evidence cited in the MCC Post-Trial Brief, MCC has established that the assertion of Libby Claims against MCC has resulted[20] and will continue to result in MCC's assertion of, *inter alia*, contractual indemnity claims against the Debtors.[21] These are derivative claims[22] that <u>do</u> affect the Debtors' estates.[23] The

---

[20] *See* PP Ex. 349, MCC Proof of Claim; McComas Declaration, ¶ 8; *see also*, 9/14/09 Tr. 262, 263 (Hughes).

[21] *See, e.g.*, 9/14/09 Tr. 260-263 (Hughes); *Brief of Appellees* [Debtors], dated March 3, 2003 (U.S. District Court, D. Del. C.A. No. 02-1549, D.I. 12 ), MCC Ex. 6, p. 10: "Any claims made by the Libby Plaintiffs against MCC trigger the release and contractual indemnity clause in the Settlement Agreement."

[22] *Brief of Appellees* [Debtors], dated March 3, 2003 (U.S. District Court, D. Del. C.A. No. 02-1549, D.I. 12 ), MCC Ex. 6, at p. 11: "It is Grace's asbestos dust, Grace's dust control system and Grace's maintenance thereof that have allegedly caused the Libby Plaintiff's injuries."; *Id.* at p. 25: "Maryland's alleged liability is wholly derivative of the Libby Plaintiffs' claims against Grace and implicates the indemnification rights of Maryland under the [Settlement] Agreement."

[23] *Compare*, *In re Combustion Engineering, Inc.,* 391 F.3d 190, 234 (3d Cir. 2004).

8

Libby Claimants have neither presented nor cited to any evidence to the contrary. Therefore, the Libby Claimants' subject matter jurisdiction argument fails.

### 3. There is No Non-Products Coverage Available to Any Party Under the Settled MCC Policies.

Pursuant to the MCC Settlement Agreements, MCC's obligations for the defense of and indemnification for asbestos-related claims under the MCC Policies are terminated.[24] The MCC Settlement Agreements settled both the products and non-products coverage available under the MCC Policies, and there is no non-products coverage remaining thereunder.[25]

In their post-trial brief, the Libby Claimants cite to no evidence (and none was presented at the Phase II Confirmation Hearing) to support a finding that there is any non-products coverage available to the Libby Claimants, or to anyone else, under the MCC Policies. Therefore, there is no basis for this Court to rule in favor of the Libby Claimants on this issue.

## II. To the Extent That MCC is Not Fully Protected Under the First Amended Plan, the First Amended Plan Mis-Classifies the MCC Claims

### A. MCC Argument

For the reasons set forth in section I, *supra*, this alternative argument should be moot because the Asbestos PI Channeling Injunction will enjoin all Third Party Claims and the MCC Indemnity Rights will never be triggered. However, to the extent that this Court determines that the Asbestos PI Channeling Injunction does not enjoin any and all Third Party Claims against MCC, including the Libby Claims, the First Amended Plan

---

[24] McComas Declaration, ¶ 6.

[25] PP Anti-Libby Post-Trial Brief, p. 30 (citing to PP Ex. 45, pp. 19-20; PP Ex. 67, p. 7).

9

mis-classifies the MCC Claims as solely Class 6 Claims in violation of 11 U.S.C. § 1122.[26]

### B. Reply

The case law is clear: the Plan Proponents have the burden to demonstrate that the MCC Claims are properly classified under the First Amended Plan. *See*, *In re: El Comandante Management Company, LLC*, *et al.*, 2006 WL 3903592 at *5 (Bankr.D.Puerto Rico) ("When a creditor objects to the classification of a particular class of claims, the burden is on the debtor to show that unequal treatment between classes having the same priority does not constitute unfair discrimination."). They have not met that burden.

The Plan Proponents do not dispute that Class 6 consists only of Asbestos PI Claims[27] and that, under the First Amended Plan, all Asbestos PI Claims are channeled to the Asbestos PI Trust and enjoined by the Asbestos PI Channeling Injunction.[28]

In their post-trial brief, the Plan Proponents argue that the MCC Claims are properly classified because they implicate and seek to recover "the same liability and damages as direct claims for asbestos personal injuries asserted against Grace."[29] These claims, the Plan Proponents conclude, must therefore be channeled to the Asbestos PI Trust.[30] This is exactly MCC's point.

---

[26] *See* MCC Pre-Trial Brief, § II; MCC Post-Trial Brief, § II.

[27] First Amended Plan, § 3.1.6(a), PP Ex. 277.01.

[28] First Amended Plan, § 3.1.6(c), 8.1.2, PP Ex. 277.01.

[29] PP Post-Trial Brief, pp. 37, 38.

[30] *Id.*

10

The Third Party Claims against MCC seek to recover the same liabilities and damages that the holders of those claims seek to recover against the Debtors, *i.e.* liabilities and damages arising from or relating to the Debtors, their products and/or their operations.[31] Thus, all Third Party Claims against MCC are Asbestos PI Claims and are fully and properly enjoined by the Asbestos PI Channeling Injunction.

However, if any Third Party Claims against MCC are found to <u>not</u> be Asbestos PI Claims, then any MCC Claims for indemnity arising from such claims will <u>not</u> be Asbestos PI Claims because they will <u>not</u>, by definition, have arisen from Asbestos PI Claims.[32] Therefore, those MCC Claims are not properly classified as Class 6 Claims, and must be treated at least as favorably as Class 9 Claims.

## III. Reservation of Rights and Joinder

MCC hereby reserves the right to respond, at closing arguments or otherwise, to arguments and/or citations to the record made in post-trial reply briefs filed by the Plan Proponents, the Libby Claimants, or any other parties. In addition, MCC hereby joins arguments and citations to the record made by other parties-in-interest in their post-trial reply briefs to the extent such arguments and citations are consistent with MCC's interests, and the positions set forth herein.

---

[31] 9/14/09 Tr. 262 (Hughes).

[32] 5/4/09 Lockwood Dep. Tr. 541-542: "[I]f a claim against a settled insurer were ruled not to be channeled to the Trust in the first instance….and an indemnity claim were to arise out of that claim, then it is the position of the ACC that that indemnity claim would not be a Class 6 claim, because, by definition, it didn't arise out of an asbestos personal injury claim. It arose out of something that the court has decided since it wasn't channeled was, by definition, not an asbestos personal injury claim."

11

**CONCLUSION**

For all of the forgoing reasons, MCC respectfully requests that the Court fully adopt the proposed findings of fact and conclusions of law set forth in the MCC Post-Trial Brief, and grant MCC such further and additional relief as the Court may deem just and proper.

Dated: November 20, 2009              CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Marc J. Phillips
Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
Kelly M. Conlan (#4786)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile

OF COUNSEL:

Edward J. Longosz, II
Gabriella Cellarosi
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, DC 20006
(202) 659-6600 Telephone
(202) 659-6699 Facsimile

Richard A. Ifft
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-7170 Telephone
(202) 719-7049 Facsimile

*Attorneys for Maryland Casualty Company*

#733880