IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | x | Chapter 11 |
| W. R. GRACE & CO., et al., | : | Case No. 01-1139 (JKF) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | x | Related Dkt. Nos. 23647, 23662 |
| | | Hearing Date: January 4-5, 2010 |

**KANEB PIPE LINE OPERATING PARTNERSHIP, L.P. AND
SUPPORT TERMINAL SERVICES, INC.'S REPLY BRIEF TO "PLAN PROPONENTS'
MAIN POST-TRIAL BRIEF IN SUPPORT OF CONFIRMATION OF JOINT PLAN OF
REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE"**

Now come Kaneb Pipe Line Operating Partnership, L.P. ("Kaneb")[1] and Support Terminal Services, Inc. ("STS")[2] [collectively, "Kaneb Objectors"] in reply to "Plan Proponents' Main Post-Trial Brief In Support Of Confirmation Of Joint Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code" ("Proponents' Brief") and state:

## I.
## SECTION 105(A) SUCCESSOR CLAIMS INJUNCTION
## AND THIRD PARTY RELEASES

### A. No Proof of Jurisdiction Over All Enjoined Claims

Section 105 of the bankruptcy code does not provide an independent source of federal subject matter jurisdiction. *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 224 (3d Cir. Del. 2004). The Successor Claims Injunction under the Plan seeks to enjoin "Entities" from asserting causes of action against numerous non-debtors, called the Asbestos Protected Parties.[3] The Proponents' Brief discusses jurisdiction to issue the Successor Claims Injunction at pages 48-52. In order for the bankruptcy court to enjoin an action by a non-debtor against a non-debtor, there must be

---
[1] Effective March 31, 2008, Kaneb changed its name to Nustar Pipeline Operating Partnership, L.P.
[2] Effective March 31, 2008, STS changed its name to Nustar Terminal Services, Inc.
[3] 01-01139 Dkt. 23474 Exhibit B (Part 3) Section 8.5, p. 102; APP1-000011. 01-01139 Dkt. 23474 Exhibit B (Part 3) Section 8.5.1., p. 102; APP1-000011.

"related to" jurisdiction such that the injunction has a conceivable effect on the bankruptcy estate. *In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 382 (3d Cir. Del. 2002)(following the *Pacor* test of requiring an effect on the bankruptcy estate). The Proponents allege that the purpose of the Successor Claims Injunction is to prevent the assertion of claims "that would implicate the property of the Debtors." Proponents' Brief at 48. In order for a Section 105(a) injunction against third part claims to be valid, it must be supported by specific findings regarding jurisdiction, substantive legal authority, and factual basis to justify it. *Gillman v. Continental Airlines (In re Continental Airlines)*, 203 F.3d 203, 205, 211 (3d Cir. Del. 2000); *see also In re Combustion Eng'g, Inc.*, 391 F.3d 190, 232 (3d Cir. Del. 2004).

Here, the jurisdictional proof to support the broad Section 105(a) injunctions in favor of the Asbestos Protected Parties is lacking. The Plan Proponents cite to the post petition settlements between the estate and only two of the Asbestos Protected Parties (Fresenius and Sealed Air) in support of jurisdiction to enjoin non-debtors. Proponents' Brief at 49-50; *see also* 51 (citing Fresenius and Sealed Air post-petition agreements). There is obviously jurisdiction to approve a post petition settlement of a debtor's claims against a non-debtor. However, such a settlement agreement (or even a plan) cannot create jurisdiction to enjoin third parties causes of action against non-debtors, because it is tantamount to jurisdiction by agreement. *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 228 (3d Cir. Del. 2004) ("As we have made clear, subject matter jurisdiction cannot be conferred by consent of the parties. Where a court lacks subject matter jurisdiction over a dispute, the parties cannot create it by agreement even in a plan of reorganization"), *citing In re Resorts Int'l, Inc.*, 372 F.3d 154, 161 (3d Cir. 2004); *see also Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 755-56 (5th Cir. 1995) (court had jurisdiction over settlement with debtor and insurer, but no jurisdiction to allow settlement to enjoin non-debtor's

claims against insurer). In short, one cannot simply buy bankruptcy jurisdiction over a third party claim by transferring money to a bankruptcy estate.

The Proponents argue in their jurisdictional discussion how important the Successor Claims Injunction is to the success of the Plan ("Successor Claims Injunction . . . is essential to the successful reorganization of the Debtors" [Proponents' Brief at 48]; "Successor Claims Injunction is part of a larger scheme to resolve the liabilities of Grace's two former parent companies, Sealed Air and Fresenius" [Proponents' Brief at 48]; "The resolution of these claims through the Fresenius and Sealed Air Settlement Agreements has fixed these liabilities by requiring each party to make contributions to the Joint Plan and in turn granting various protections to Sealed Air and Fresenius, including the Successor Claims Injunction"). The importance of the Section 105(a) injunction to the Plan has no relevance to whether there is jurisdiction to issue the injunction. *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 228 (3d Cir. Del. 2004) ("the boundaries of bankruptcy jurisdiction cannot be extended simply to facilitate a particular plan of reorganization"); id. at 230 ("related to jurisdiction cannot be extended to the independent claims against non-debtors Basic and Lummus simply because contributions to the Plan by ABB Limited, itself a non-debtor, purportedly depend on a channeling injunction in their favor").

The Proponents also point to the existence of *pre-petition* contractual indemnity agreements with Fresenius and Sealed Air as a basis for justifying jurisdiction to enter the Successor Claims Injunction. See Proponents' Brief at 50-52. The Proponents cite authority that, if Fresenius and Sealed Air's claims for indemnity against the estate accrue automatically (as opposed to requiring an intervening lawsuit) in the event of a third party action, there is jurisdiction to issue the Successor Claims Injunction. See Proponents' Brief at 52. The problem

is one of proof and specificity. The Proponents do not point to any "automatic" language in any of the indemnity agreements. Moreover, there is no match-up between the claims enjoined by the Successor Claims Injunction and the claims that would result in automatic indemnity liability to the estate. If the automatic, pre-petition indemnity liability of the bankruptcy estate is the jurisdictional hook, then the Successor Claims Injunction should be limited to just enjoining those claims where there is proof that those enjoined claims would trigger such an automatic indemnity. Otherwise, the required effect on the estate is lacking.

The Proponents allege that the Fresenius Settlement and the Sealed Air Settlement have *res judicata* effect, barring any objection to the Plan's implementation of those settlements. Proponents' Brief at 59-62. This is nothing more than bootstrapping, or sleight of hand. *Gillman v. Continental Airlines (In re Continental Airlines)*, 203 F.3d 203, (3d Cir. Del. 2000) ("[The debtor's] claim preclusion argument is premised on the fact that Plaintiffs did not object to or appeal the Bankruptcy Court's order approving the Tripartite Settlement. This argument amounts to little more than sleight of hand."). Moreover, the settlements are not final because they depend on Plan confirmation for their consummation.

**B.    Section 105(a) Authority to Issue the Injunctions and Third Party Releases**

Once the Proponents establish subject matter jurisdiction over each and every third party claim sought to be enjoined under the Successor Claims, the Proponents must prove the grounds for issuing such injunction under Section 105(a). The first hurdle is that the Section 105(a) injunction must not be inconsistent with the bankruptcy code. *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236-37 (3d Cir. 2004). Among the Asbestos Protected Parties are the Debtors and Reorganized Debtors. They are entitled to a discharge, but there is no showing (or authority) that they are entitled to a broader Section 105(a) injunction on top of that.

The Proponents seek to justify the Successor Claims Injunction based on the "unusual circumstances" of the massive asbestos liability of the Debtors. See Proponents' Brief at 64. If asbestos liability is the reason for the Successor Claims Injunction, then the injunction should be limited to claims based on asbestos. In that case, a Section 524(g) injunction rather than a Section 105(a) injunction will suffice. Moreover, the asbestos liability does not justify a Successor Claims Injunction in favor of the Debtors and Reorganized Debtors, who are getting a discharge from such liabilities.

C. **For Avoidance of Doubt, the Court Should Confirm the Plan Only Upon an Express Finding that the Successor Claims Injunction Does Not Prohibit Kaneb from Enforcing Its Separate Property Rights in the Insurance Policies**

As set forth in the Kaneb Objectors' post-trial brief (incorporated by reference herein) and as noted throughout this case, Kaneb owns separate property rights in various Grace insurance policies. These separate rights are not property of the Debtors, and cannot be subject to the Successor Claims Injunction.

Moreover, as a factual matter, Kaneb's pursuit of coverage under these policies would have no conceivable adverse effect on Debtors, Reorganized Debtors, the Asbestos PD and BI Trusts and/or the Asbestos PD and BI Claimants. Kaneb intends to pursue its separate insurance rights with respect to claims arising under the "premises/operations" sections (as opposed to the "products liability" sections pertinent to asbestos liability). Even a completely successful coverage action by Kaneb would not reduce the limits of these policies or interfere with the amount of insurance coverage available to the Asbestos PD or BI Trusts or, ultimately, to the Asbestos PD or BI Claimants. This is because the "premises/operations" coverages of these policies are not subject to any form of "aggregate limits." Thus, in addition to the legal and jurisdictional impediments identified above, there would be no practical reason for the Successor

Claims Injunction to prohibit Kaneb from pursuing premises/operations claims, e.g., for the Otis or Macon Claims, against any insurers.

The Successor Claims Injunction protects "Asbestos Protected Parties," which also include a Settled Asbestos Insurance Company.[4] An Asbestos Insurance Entity can qualify as a Settled Asbestos Insurance Company, but only to the extent provided by Section 524(g) of the bankruptcy code, in respect of any claim that arises by reason of one of the activities enumerated in Section 524(g)(4)(A)(ii). Kaneb reads this final sentence of the definition of a Settled Asbestos Insurance Company to provide that the Successor Claims Injunction does not bar Kaneb from pursuing, *inter alia*, its Macon and Otis Claims against Settled Asbestos Insurance Companies pursuant to the premises/operations sections of the various Grace insurance policies. For the avoidance of doubt, and to avoid the legal and jurisdictional impediments that would otherwise arise, the Court should definitively declare Kaneb's reading to be the case.

## II.
## PRAYER

Wherefore, the Kaneb Objectors pray that this Court deny confirmation of the Plan, and for all other relief to which the Kaneb Objectors show themselves justly entitled.

---

[4] 01-01139 Dkt. 23474 Exhibit B (Part 1) Section 1.1.1.50(d). p. 15.

Dated: November 20, 2009

Respectfully submitted,

SMITH KATZENSTEIN & FURLOW LLP

*/s/ Kathleen M. Miller*

Kathleen M. Miller (I.D. No. 2989)
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410 (Courier 19801)
Wilmington, De 19899
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skfdelaware.com

Steve A. Peirce, Bar No. 15731200
FULBRIGHT & JAWORSKI L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205
Email: speirce@fulbright.com

Robert J. Gilbert, Mass. Bar No. 565466
GILBERT & RENTON LLC
344 North Main Street
Andover, MA 01810
Telephone: (978) 475-7580
Facsimile: (978) 475-1881
Email: rgilbert@gilbertandrenton.com

**ATTORNEYS FOR KANEB PIPE LINE OPERATING PARTNERSHIP, L.P. AND SUPPORT TERMINAL SERVICES, INC.**