DATE OF SERVICE OF CLAIMS SETTLEMENT NOTICE: NOVEMBER 24, 2009

OPPOSITION/RESPONSE DUE: DECEMBER 14, 2009

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**CLAIMS SETTLEMENT NOTICE**

THIS NOTICE (THE "CLAIMS SETTLEMENT NOTICE") IS PROVIDED TO YOU PURSUANT TO THAT CERTAIN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (THE "BANKRUPTCY COURT") *AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING* (THE "COURT ORDER"). YOU MUST ADHERE TO THE TERMS OF THIS CLAIMS SETTLEMENT NOTICE IN ORDER TO PROTECT YOUR RIGHTS. PLEASE READ THE FOLLOWING PROCEDURES CAREFULLY.

Pursuant to the Court Order, the Debtors must provide notice to the Negative Notice Parties (as defined herein) of any settlement with a value that equals or exceeds $50,000, but does not exceed $1,000,000. Such notice must include the terms of the settlement and the Debtors' basis for belief that each settlement is fair and reasonable. Pursuant to the terms of the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Court Order, if the terms set forth in this Claims Settlement Notice are not objected to in writing by any of the Negative Notice Parties within twenty (20) days after the date of transmittal of such written notice, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Bankruptcy Court by the Debtors of a certificate of no objection with respect to such settlements. **In no event, however, will a settlement executed by the Debtors in accordance with the Court Order provide for any monetary payments to be made by the Debtors from property of their estates to or on behalf of a settling party on account of any claims owing or arising prior to April 2, 2001, the date the Debtors filed their petitions for relief under title 11 of the United States Code.** Such claims shall be satisfied in accordance with such further orders of the Bankruptcy Court or in accordance with the Debtors' plan of reorganization.

If you oppose the settlement of the Claim, you must follow the procedures delineated below. Please note that objections, oppositions or comments to the procedures set forth herein shall not be deemed an objection to the settlement of the Claim and will, therefore, not be considered.

### *Summary of Terms of Settlement*

The Debtors and various other entities (the "Members") have entered into the *Sutton Brook Disposal Area Superfund Site Participation Agreement* (the "Agreement"), effective as of August 31, 2009, and, pursuant to the Court Order, will become binding upon the Debtors as of the date three (3) days after the submission to the Bankruptcy Court by the Debtors of a certificate of no objection with respect to the Claims Settlement Notice.[2]

The purpose of the Agreement is to provide a common response by the Members to: (1) defend against and respond efficiently to claims that have been and may be asserted by the United States, the Commonwealth of Massachusetts (the "Commonwealth") or others in connection with the Sutton Brook Disposal Area Superfund Site ("Site"); (2) allocate among themselves common expenses, including, without limitation, technical, administrative, legal and other costs incurred in connection with this matter; (3) memorialize certain terms they have agreed to, resolving claims among some of them with respect to the Site; and (4) cooperate among themselves in these efforts. The Members are currently negotiating a consent decree with the United States Environmental Protection Agency (the "EPA") and the Massachusetts Department of Environmental Protection ("MDEP").

The Agreement also fixes the Debtors' obligations thereunder (the "Cash Payout") as to the Site in the amount of approximately $89,707, which shall become an allowed claim once the consent decree with the EPA and MDEP has become effective. The Cash Payout shall be classified as an allowed, unsecured, pre-petition, non-priority claim payable pursuant to the terms of a confirmed chapter 11 plan of reorganization.

The Agreement provides a favorable resolution to the Debtors' potential liabilities arising from the Site.

---

[2] Parties wishing to inspect a copy of the Agreement should contact counsel for the Debtors.

*<u>Objection Procedures:</u>*

If you object to the settlement of the Claim, you **MUST** serve on the parties listed below (collectively, the "<u>Negative Notice Parties</u>") a written objection to this Claim Settlement Notice. All objections and responses must be <u>received</u> by the Negative Notice Parties at the facsimile numbers set forth below no later than twenty (20) days after the date of this notice (**December 14, 2009**) at 4:00 p.m. (E.S.T.).

If a timely objection is not received by the Negative Notice Parties and Debtors' counsel, the Claim shall be deemed resolved without further notice or hearing of the Bankruptcy Court.

If a timely objection is received by the Negative Notice Parties' and Debtors' counsel and a resolution to the objection cannot be reached among the parties, the Debtors will file a copy of the Claim Settlement Notice and your objection with the Court and will schedule a hearing to consider the Claim Settlement Notice. Unless otherwise ordered by the Court, if such objection is overruled or withdrawn, the settlement of the Claim shall be deemed to have occurred on the date the Court enters an order approving the Claim Settlement Notice.

Any questions or comments regarding the foregoing procedures may be forwarded to James E. O'Neill of Pachulski Stang Ziehl & Jones LLP at 919 N. Market St., 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705, (302) 652-4100.

**[Remainder of Page Intentionally Left Blank]**

## DISTRIBUTION LIST/NEGATIVE NOTICE PARTIES

### *OFFICE OF UNITED STATES TRUSTEE*

United States Trustee's Office  
Attn: David M. Klauder  
844 King Street, Suite 2207  
Lock Box 35  
Wilmington, DE 19801

FAX: (302) 573-6497

### *COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'*

Stroock & Stroock & Lavan LLP  
180 Maiden Lane  
New York, New York 10038-4982  
Attn: Arlene G. Krieger, Esq.

FAX: (212) 806-6006

### *COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS*

Caplin & Drysdale  
375 Park Avenue, 35th Floor  
New York, NY 10152  
Attn: Elihu Inselbuch

FAX: (212) 644-6755

Caplin & Drysdale  
One Thomas Circle, N.W., Suite 1100  
Washington, District of Columbia 20005  
Attn: Peter Van N. Lockwood

FAX: (202) 429-3301

Campbell & Levine  
800 North King Street, Suite 300  
Wilmington, DE 19801  
Attn: Mark T. Hurford

FAX: (302) 426-9947

### *COUNSEL TO THE OFFICIAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS*

Bilzin Sumberg Baena Price & Axelrod LLP  
First Union Financial Center  
200 South Biscayne Boulevard  
Suite 2500  
Miami, Florida 33131  
Attn: Scott L. Baena

FAX: (305) 374-7593

DOCS_DE:155168.1

### *COUNSEL TO THE DIP LENDER*

Latham & Watkins  
Sears Tower, Suite 5800  
233 South Wacker Drive  
Chicago, IL 60606  
Attn:   Douglas Bacon

**FAX: (312) 993-9767**

### *COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS*

Kramer Levin Naftalis & Frankel LLP  
1177 Avenue of the Americas  
New York, New York 10036  
Attn:   Philip Bentley  
        Douglas Mannal

**FAX: (212) 715-8000**

### *CO-COUNSEL TO THE DEBTORS*

Kirkland & Ellis LLP  
601 Lexington Avenue  
New York, New York 10022  
Attn:   Christopher T. Greco, Esq.

**FAX: (212) 446-6460**

The Law Offices Of Janet S. Baer, P.C.  
70 W. Madison St., Suite 2100  
Chicago, IL 60602-4253  
Attn: Janet S. Baer, P.C.  
      Roger J. Higgins

**FAX: (312) 641-2165**

Pachulski Stang Ziehl & Jones LLP  
919 N. Market Street, 17th Floor  
P.O. Box 8705  
Wilmington, Delaware 19899-8705  
(Courier 19801)  
Attn:   James O'Neill, Esq.

**FAX: (302) 652-4400**

**[Remainder of Page Intentionally Left Blank]**

Dated: November 24, 2009

KIRKLAND & ELLIS LLP
Theodore L. Freedman
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(302) 652-4100
(302) 652-4400
Co-Counsel for the Debtors and Debtors-in-Possession