## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JFK) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: December 14, 2009 at 4:00 p.m.** |
| | ) | **Hearing Date: March 22, 2010 at 10:30 a.m.** |
| | ) | |
| | ) | |

**SUMMARY OF INTERIM VERIFIED APPLICATION OF VENABLE LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE THIRTY-FOURTH QUARTER FROM JULY 1, 2009 THROUGH SEPTEMBER 30, 2009**

| | |
|---|---|
| Name of Applicant: | **Venable LLP ("Venable")** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retention Order[2] entered June 24, 2009, effective as of May 22, 2009** |
| Period for which compensation and reimbursement is sought: | **July 1, 2009 through September 30, 2009** |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross County Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Terms not defined herein shall have the meanings ascribed to them in the Interim Verified Application of Venable LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-Fourth Quarter from July 1, 2009 though September 30, 2009 (the "Fee Application").

Amount of Compensation sought as actual,       **$491,541.50**
reasonable and necessary for the period:

Amount of Expense Reimbursement sought as      **$295,440.39**
actual, reasonable and necessary for the period:

This is a ___ monthly _x_ interim ___ final application.

Previous fee applications:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| November 5, 2009 | 11/1/2008-6/30/2009 | $709,294.00 | $6,405.06 | Pending[3] | Pending |
| November 5, 2009 | 7/1/2009-7/31/2009 | $50,849.50 | $75,008.99 | Pending | Pending |
| November 24, 2009 | 8/1/2009-8/31/2009 | $134,090.00 | $102,335.48 | Pending | Pending |
| November 24, 2009 | 9/1/2009-9/30/2009 | $306,602.00 | $118,095.92 | Pending | Pending |

As of the filing of the Fee Application, the objection deadlines for (i) Interim

Verified Application of Venable LLP for Compensation for Services and Reimbursement of

Expenses as Special Litigation Counsel to W.R. Grace & Co., et al., for the Thirty-First, Thirty-

Second and Thirty-Third Quarters, from November 1, 2008 through June 30, 2009 (the

"Application for the Thirty-First, Thirty-Second and Thirty-Third Quarters"), (ii) the July 2009

Monthly Statement, (iii) the August 2009 Monthly Statement, and (iv) the September 2009

Monthly Statement have not yet expired.  The hearing on the Application for the Thirty-First,

Thirty-Second and Thirty-Third Quarters has been scheduled for December 14, 2009.

.

---

[3] $320,268.80 of these fees and expenses have been paid pursuant to the Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business [Docket No. 197], as amended, with a balance of $395,430.26 due and owing Venable.

The professionals of Venable who rendered services in these cases during the period Fee Period are:

| Name of Professional Person | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Laura S. Bouyea | Associate | 2003 | Business | $285.00 | 26.8 | $7,638.00 |
| Darek S. Bushnaq | Partner | 1997 | Business | $380.00 | 11.4 | $4,332.00 |
| Michael J. De Vinne | Associate | 2001 | Litigation | $360.00 | 195.5 | $70,380.00 |
| Alexander W. Major | Associate | 2005 | Litigation | $285.00 | 410.5 | $116,992.50 |
| Colleen M. Mallon | Partner | 1999 | Litigation | $415.00 | 222.0 | $92,130.00 |
| | | | | $207.50 | 3.7 | $767.75 |
| Mark D. Maneche | Of Counsel | 1994 | Litigation | $420.00 | 9.2 | $3,864.00 |
| Kristen Strain | Associate | 2001 | Litigation | $345.00 | 17.7 | $6,106.50 |
| Lewis J. Taylor | Associate | 2008 | Litigation | $265.00 | 73.4 | $19,451.00 |
| Moxila A. Upadhyaya | Associate | 2003 | Litigation | $340.00 | 60.7 | $20,638.00 |
| G. Stewart Webb, Jr. | Partner | 1975 | Litigation | $635.00 | 57.3 | $36,385.50 |
| | | | | $317.50 | 3.3 | $1,047.75 |
| | | | | **Total for all attorneys** | | **$379,733.00** |
| | | | | **(Less write-off))** | | **($10,995.50)** |
| | | | | **Total** | | **$368,737.50** |

The paraprofessionals of Venable who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the Applicant and Number of Years as a Paraprofessional | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Namrata R. Bagwandeen | Technology Services | 8 | Technology Services | $180.00 | 61.3 | $11,034.00 |
| Todd A. Burdick | Paralegal | 3 | Litigation | $180.00 | 199.5 | $35,910.00 |

| Christine C. Carey | Summer Associate | N/A | Summer Associate | $210.00 | 60.1 | $12,621.00 |
|---|---|---|---|---|---|---|
| Meghan F. Chapman | Paralegal | 1 | Litigation | $195.00 | 20.4 | $3,978.00 |
| Jane R. Collins | Paralegal | 5 | Litigation | $195.00 | 85.1 | $16,594.50 |
| Barbara M. Finley | Paralegal | 3 | Litigation | $175.00 | 72.0 | $12,600.00 |
| Ruth Lathe | Paralegal | 15 | Litigation | $225.00 | 18.8 | $4,230.00 |
| Lisa C. Reed | Paralegal | 7 | Litigation | $155.00 | 62.0 | $9,610.00 |
| Claudia Reyes | Paralegal | 9 | Litigation | $220.00 | 170.0 | $37,400.00 |
| **Total for all paraprofessionals** | | | | | | **$143,977.50** |
| (Less write-off) | | | | | | ($21,173.50) |
| Total | | | | | | $122,804.00 |

| | |
|---|---|
| **Grand Total for Fees (before write-off)** | **$523,710.50** |
| **Grand Total for Fees (after write-off)** | **$491,541.50** |
| **Blended Rate (after write-off)** | **$267.04** |

## Compensation by Matter

| Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|
| Advice in Connection with Global Printing Litigation | 1,802.1 | $511,423.00 |
| Advice in Connection with Preparation of Fee Application | 38.6 | $12,287.50 |
| **Total for all matters** | | **$523,710.50** |
| (Less write-off) | | ($32,169.00) |
| Total | | $491,541.50 |

**Expense Summary**

| Service Description | Amount |
|---|---:|
| Expert Fees & Expenses | $285,384.83 |
| Commercial Messenger | $308.42 |
| Computer Research | $31.76 |
| Conferencing Services | $35.84 |
| Reproduction Costs | $901.35 |
| Legal Research/Westlaw | $8,548.47 |
| Long Distance Telephone | $217.62 |
| Postage | $6.10 |
| Travel Expenses | $6.00 |
| **Total** | **$295,440.39** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JFK) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: December 14, 2009 at 4:00 p.m.** |
| | ) | **Hearing Date: March 22, 2010 at 10:30 a.m.** |
| | ) | |
| | ) | |

**INTERIM VERIFIED APPLICATION OF VENABLE LLP FOR COMPENSATION
FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS
SPECIAL LITIGATION COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE
THIRTY-FOURTH QUARTER FROM JULY 1, 2009 THROUGH SEPTEMBER 30, 2009**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), the Retention Order (as defined below), the Administrative Order Under

11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members (the "Interim

Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331

Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for

Professionals and Official Committee Members (the "Amended Interim Compensation Order"),

Rule 2016-2 for the Local Rules for the United States Bankruptcy Court for the District of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross County Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Delaware (the "Local Rules"), the law firm of Venable LLP ("Venable"), special litigation

counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors")

in their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount

of $491,541.50 for the reasonable and necessary legal services Venable has rendered to the

Debtors, and (ii) reimbursement for the actual and necessary expenses that Venable has incurred

in the amount of $295,440.39 (the "Fee Application"), for the thirty-fourth quarter from

July 1, 2009 through September 30, 2009 (the "Fee Period").  In support of this Fee Application,

Venable respectfully states as follows:

## BACKGROUND

### Retention of Venable LLP

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11

Cases").  On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11

Cases for administrative purposes only.  Since the Petition Date, the Debtors have continued to

operate their businesses and manage their properties as debtors-in-possession pursuant to

§§ 1107(a) and 1108 of the Bankruptcy Code.

2.      Venable was originally retained by the Debtors as an "Ordinary Course

Professional" (an "OCP") in these Chapter 11 Cases to provide representation in connection with

matters involving employment, employee benefits, workers' compensation and

corporate/securities law issues.

3.      Pursuant to the Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108

Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the

Ordinary Course of the Debtors' Business [Docket No. 197] and as subsequently amended (the

"OCP Order"), the Debtors were authorized to pay up to $50,000 per month (the "Monthly Cap")

and up to a total $1,200,000 per professional (the "Total Expenditure Cap") during the pendency

of these Chapter 11 Cases.[2]

4.      Pursuant to the OCP Order, Venable filed its Affidavit under 11 U.S.C.

§ 327(e) in these Chapter 11 Cases on May 25, 2001 [Docket No. 321].[3]

5.      Because Venable's fees in relation to advising and representing the

Debtors in a lawsuit filed by Global Printing & Design Solutions, Inc., Case No. 13-C-08-

074673 CN, currently pending in the Circuit Court for Howard County, Maryland (the "Global

Printing Litigation"), as well as fees for other services it provides to the Debtors, began

exceeding the Monthly Cap, on May 22, 2009 the Debtors filed the Application for Entry of an

Order Authorizing the Retention of Venable LLP as Special Litigation Counsel to the Debtors

(the "Retention Application") [Docket No. 21850].

6.      On June 24, 2009, this Court entered an Order Authorizing the Retention

and Employment of Venable LLP as Special Litigation Counsel to the Debtors [Docket No.

21850] (the "Retention Order"), granting the Retention Application.

### Time Period Covered by the Fee Application

7.      Pursuant to the procedures set forth in the Interim Compensation Order, as

amended by the Amended Interim Compensation Order, professionals may apply for monthly

compensation and reimbursement (each such application, a "Monthly Fee Application"), and the

notice parties listed in the Amended Interim Compensation Order may object to such request.  If

no notice party objects to a professional's Monthly Fee Application within twenty (20) days after

---

[2]      The Total Expenditure Cap was increased from $300,000 to $600,000 by the Court's December 10, 2002
Order [Docket No. 3126], increased to $800,000 by the Court's July 24, 2006 Order [Docket No. 12855], and
increased to $1,200,000 by the Court's September 24, 2007 Order [Docket No. 16913].
[3]      Venable LLP was formerly known as Venable, Baetjer and Howard LLP at the time it filed its Affidavit
under 11 U.S.C. 327(e).

the date of service of the Monthly Fee Application, the applicable professional may submit to the

Court a certification and reimbursement of 80% of the fees and 100% of the expenses requested.

        8.    Furthermore, and also pursuant to the Amended Interim Compensation

Order professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly

Fee Application") for interim Court approval and allowance of the Monthly Fee Applications

filed during the quarter covered by that Quarterly Fee Application.  If the Court grants the relief

requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the

professional 100% of the fees and expenses requested in the Monthly Fee Application covered

by that Quarterly Fee Application less any amounts previously paid in connection with the

Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a

Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the

professional's final fee application.

        9.    This Quarterly Fee Application, which is submitted in accordance with the

Amended Interim Compensation Order, is the application for the thirty-fourth quarter and covers

the Fee Period of July 1, 2009 through September 30, 2009.

        10.    Venable has filed the following Monthly Fee Applications for interim

compensation during this Fee Period:

        a.    Summary Application of Venable LLP for Compensation for Services and
Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace
& Co., et al., for the Monthly Interim Period from July 1, 2009 through
July 31, 2009, filed November 5, 2009, (the "July Fee Application")
attached hereto as Exhibit A;

        b.    Summary Application of Venable LLP for Compensation for Services and
Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace
& Co., et al., for the Monthly Interim Period from August 1, 2009 through
August 31, 2009, filed November 24, 2009, (the "August Fee
Application") attached hereto as Exhibit B;

c.      Summary Application of Venable LLP for Compensation for Services and
Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace
& Co., et al., for the Monthly Interim Period from September 1, 2009
through September 30, 2009, filed November 24, 2009, (the "September
Fee Application") attached hereto as Exhibit C (collectively, the July Fee
Application, the August Fee Application and the September Fee
Application are the "Applications").

11.      The deadline for objecting to the July Fee Application expires on

November 25, 2009.  The deadline for objecting to the August and September Fee Applications

expires on December 14, 2009.

### Previous Quarterly Fee Applications

12.      Venable has previously filed the following Quarterly Fee Application:

Interim Verified Application of Venable LLP for Compensation for Services and Reimbursement

of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-First,

Thirty-Second, and Thirty-Third Quarters from November 1, 2008 through June 30, 2009

("Application for the Thirty-First, Thirty-Second and Thirty-Third Quarters").

13.      As of the date of this Fee Application, there have been no objections filed

with respect to the Quarterly Application.  The hearing for the Application for the Thirty-First,

Thirty-Second and Thirty-Third Quarters for the interim period November 1, 2008 through June

30, 2009, has been scheduled for December 14, 2009.

14.      The Retention Order authorizes the Debtors to compensate Venable at

Venable's hourly rates charged for services of this type and to reimburse Venable for actual and

necessary out-of-pocket expenses, subject to application to this Court in accordance with the

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable Local Rules and

orders of this Court.

**REQUESTED RELIEF**

15.     By this Fee Application which is submitted in accordance with the Amended Interim Compensation Order, Venable requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Venable for the Fee Period as detailed in this Fee Application and the Applications, less any amounts previously paid to Venable pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order. As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through C.

16.     During the Fee Period, Venable primarily provided advice in connection with the Global Printing Litigation and also provided advice in connection with preparation of fee applications.

17.     In the exercise of billing judgment and prior to submitting its invoices to the Debtors, Venable reduced its compensation billed for services rendered in this case for the period July 1, 2009 through September 30, 2009 by a total of $48,667.00. These reductions are already reflected in the amounts requested herein.

**DISINTERESTEDNESS**

18.     As disclosed in the following affidavits:

a.     Affidavit of Jeffrey P. Ayres under 11 U.S.C. § 327(e), filed May 25, 2001 [Docket No. 321] (the "Ayres Affidavit"); and

b.     Affidavit of G. Stewart Webb, Jr. in Support of Application of the Debtors for the Entry of an Order Authorizing the Retention of Venable LLP as Special Litigation Counsel to the Debtors, filed May 22, 2009 [Docket No. 21850, Exhibit B] (collectively with the Ayres Affidavit, the "Affidavits");

Venable does not hold or represent any interest adverse to the estates, and has been, at all

relevant times, a disinterested person as that term is defined in § 101(14) of the Bankruptcy Code

as modified by § 1107(b) of the Bankruptcy Code.

19.    Venable may have in the past represented, may currently represent, and

likely in the future will represent parties-in-interest in connection with matters unrelated to the

Debtors and the Chapter 11 Cases.  Venable disclosed in the Affidavits its connections to parties-

in-interest that it has been able to ascertain using its reasonable efforts.

### REPRESENTATIONS

20.    Venable believes that the Fee Application complies with the requirements

of Local Rule 2016-2, the Amended Interim Compensation Order and the Retention Order.

21.    Venable performed the services for which it is seeking compensation on

behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or

other person.

22.    During the Fee Period, Venable has received no payment and no promises

for payment from any source for services rendered or to be rendered in any capacity whatsoever

in connection with these Chapter 11 Cases other than the interim compensation payments

pursuant to the OCP Order and the Amended Interim Compensation Order.

23.    Pursuant to Bankruptcy Rule 2016(b), Venable has not shared, nor has it

agreed to share, (a) any compensation it has received or may receive with another party or person

other than with the partners, counsel and associates of Venable, or (b) any compensation another

person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Venable respectfully requests that the Court enter an order

providing that (a) for the Fee Period, July 1, 2009, through September 30, 2009, an

administrative allowance be made to Venable in the sum of (i) $491,541.50 as compensation for

reasonable and necessary professional services rendered to the Debtors and (ii) $295,440.39 for

reimbursement of actual and necessary costs and expenses incurred, for a total of $786,981.89;

(b) the Debtors be authorized and directed to pay to Venable this sum less any sums previously

paid to Venable for work done during the Fee Period pursuant to the Applications and

procedures set forth in the Amended Interim Compensation Order or otherwise; and (c) this

Court grant such further relief as is equitable and just.

Wilmington, Delaware
Dated:  November 24, 2009

Respectfully submitted,

VENABLE LLP

/s/ G. Stewart Webb, Jr.
G. Stewart Webb, Jr.
Darek S. Bushnaq
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 244-7400

Special Litigation Counsel for the Debtors and
Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

In re:                                    )    Chapter 11
                                          )
W. R. GRACE & CO., et al.,[1]             )    Case No. 01-01139 (JFK)
                                          )    (Jointly Administered)
                                          )
              Debtors.                    )

## VERIFICATION

STATE OF MARYLAND          )
                           )        ss.
CITY OF BALTIMORE          )

G. Stewart Webb, Jr., after being duly sworn according to law, deposes and says:

1.    I am a partner with the applicant law firm Venable LLP ("Venable").

2.    I have personally performed many of the legal services rendered by
Venable as counsel to the above-captioned debtors and debtors in possession (the "Debtors"),
and I am familiar with the other work performed on behalf of the Debtors by the lawyers and
paraprofessionals of Venable.

3.    I have reviewed the foregoing Application, and the facts set forth therein
are true and correct to the best of my knowledge, information and belief.  Moreover, I have

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica "Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor 'BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross County Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

BA3DOCS1-#433581

reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the

Application substantially complies with such rules.

/s/ G. Stewart Webb, Jr.
G. Stewart Webb, Jr.


SWORN AND SUBSCRIBED
Before this 24th day of November, 2009

/s/ Ann Jensen
Notary Public:  Ann Jensen
My Commission Expires:  April 17, 2013