# EXHIBIT A

Letter of Credit Agreement

See Attached

**WACHOVIA**

## Irrevocable Standby Letter of Credit No.: LC870-122413

July 13, 2000

**Beneficiary:**
Fireman's Fund Insurance Company
777 San Marin Drive
Novato, California 94998
Attn: Collateral Custodian

**Applicant:**
W.R. Grace & Co. – Conn.
7500 Grace Drive
Columbia, MD 21044

**Amount:** USD 13,000,000.00
Exactly Thirteen Million and $^{00}/_{100}$'s
Only U.S. Dollars



**Date of Expiry:** July 5, 2001
Or any future extended expiry as
provided herein.

**Place of Expiry:** At our counters for
payment.

Gentlemen:

We hereby authorize you to draw on us for the account of W.R. Grace & Co. – Conn., 7500 Grace Drive, Columbia, MD 21044 up to an aggregate amount of USD 13,000,000.00 (Thirteen Million and $^{00}/_{100}$'s U.S. Dollars), available by your drafts at sight accompanied by your signed statement that funds are required to cover liability, loss, cost, expenses or unpaid premiums incurred by the Beneficiary, or by any subsidiary or affiliate of the Beneficiary under a bond or undertaking in the sum of USD 43,038,931.91 executed by the Beneficiary or by any subsidiary or affiliate of the Beneficiary, on behalf of W.R. Grace & Co. – Conn. in favor of Aaron Clifton Edwards, et al.

It is a condition of this Letter of Credit that it shall be deemed automatically extended without amendment for one year from the present or any future expiration date hereof, unless thirty (30) days prior to any such date we shall notify you by registered letter addressed to the above address that we elect not to consider this Letter of Credit renewed for any such additional period. Upon receipt by you of such notice, you may draw hereunder, without having incurred liability by reason of having executed your bond or undertaking, by means of your drafts on us at sight accompanied by your signed statement that the aforesaid bond or undertaking is still outstanding and that the proceeds of your draft will be retained and used by you to meet any payments which you might thereafter be required to make under your bond or undertaking and further, that in the event of your liability under your bond or undertaking is satisfied, you will refund to us, the amount paid, less any amounts applied by you in reimbursement of liability, loss, cost, or expense incurred by you under your bond or undertaking and any unpaid premiums due you on said bond or undertaking.

*continued*

**WACHOVIA**

**Irrevocable Standby Letter of Credit No.: LC870-122413**                    Page 2

We hereby agree with you that all drafts under and in compliance with the terms of this Letter of Credit will be duly honored on delivery of documents as specified if presented at this office on or before July 5, 2001 or any automatically extended date, as hereinbefore set forth.

Except so far as otherwise expressly stated, this Letter of Credit is issued subject to the International Standby Practices – ISP98, effective January 1, 1999, ICC Publication No. 590, and the Laws of the State of California, including the 1995 Revision of Article 5 of the Uniform Commercial Code, in force in the State of California. In the event of a conflict, ISP98 will govern to the extent permissible by law.

Very Truly Yours,
Wachovia Bank, N.A.

By: _____
     Authorized Signature

/tkp.

Please direct any correspondence including drawing or inquiry quoting our reference number to:

Wachovia Bank, N.A.
401 Linden Street
Winston-Salem, NC 27101
Attn: Standby Letter of Credit Unit

*this document consists of two (2) pages*

**WACHOVIA**

Application and Agreement for Standby
Letter of Credit
Wachovia Bank, N.A.

original.

Date  12th JULY, 2000

Gentlemen:
Please issue an irrevocable Standby Letter of Credit in accordance with this application for our account (or for the account of the party indicated in Special Instructions) in favor of the Beneficiary. In issuing the Standby Letter of Credit you are expressly authorized to make such changes from the terms set forth below as you in your sole discretion may deem advisable provided that no such changes shall vary the principal items hereof.

--- This Part for Bank Use Only ---
Doc Track No. 636259
Instrument No. 870-123413
Customer CID  W.R. Grace 1

Applicant  W.R. GRACE & CO.-CONN.
7500 GRACE DRIVE
COLUMBIA, MD 21044

Beneficiary
FIREMAN'S FUND INSURANCE COMPANY
777 SAN MARIN DRIVE
NOVATO, CALIFORNIA 94998
ATTENTION: COLLATERAL CUSTODIAN

Maximum Amount
In Words  THIRTEEN MILLION DOLLARS AND ZERO CENTS
In Figures  USD 13,000,000.00

Expiration Date  5TH JULY, 2001

Any drawings must be accompanied by the following document(s):

☒ Beneficiary's draft(s) drawn at sight on us.
☐ Beneficiary's signed statement reading: "  See attached format  "

☐ Other:

☒ It is a condition that this letter of credit shall be automatically extended without amendment for additional periods of one year from the present or each future expiration date thereof, unless we notify you by courier mail at least  30  days prior to such date that we elect not to consider this letter of credit renewed for any such additional period.

☐ Multiple drawings are prohibited. A single drawing may, however, be made for less than the full amount available in which event the balance available will be cancelled. (If the Letter of Credit contains a schedule for installment drawings, marking this box will constitute a request to prohibit more than one drawing within any installment period.)

Special Instructions:

→ SEE ATTACHMENT FOR LOC LANGUAGE AND ADD UCP CLAUSE
AS FOLLOWS "THIS CREDIT IS SUBJECT TO THE UNIFORM CUSTOMS AND
PRACTICE DOCUMENTARY CREDITS (1993 REVISION), INTERNATIONAL CHAMBER
OF COMMERCE, PUBLICATION 500"

In the event that the Letter of Credit contains a schedule for multiple installment drawings, and any installment is not fully drawn within the period allowed, the Letter of Credit amount will be reduced by the full installment amount but the remaining balance will continue to be available for future installment drawings notwithstanding contrary provisions in the UCP (as hereinafter defined). In the event that the Letter of Credit requires presentation of a copy of transport document, UCP provisions requiring presentation of transport documents within 21 days of their issuance date do not apply.

Delivery of Original Letter of Credit: When issued, the Letter of Credit is to be delivered to  ☐ Applicant at the address above  ☒ Beneficiary at the address above
☐ Other:

**TERMS AND CONDITIONS OF**
**APPLICATION AND AGREEMENT FOR STANDBY LETTER OF CREDIT**

To induce the issuance of the Letter of Credit, we agree to the provisions set forth on the first page hereof and as follows:

1. (a) To pay you, in lawful United States Funds at your office, the amount of each draft under the Letter of Credit (the "Credit"), on demand or, at your request, in advance.

(b) To pay you at your office the equivalent in lawful United States funds of the amount of each draft under the Credit, on demand, at your then selling rate of exchange for cable transfers to the place of payment in the currency of the draft. In the absence of such current exchange rate, we will pay you, on demand, lawful United States funds sufficient, in your sole judgment, to meet your obligations, to be applied thereto or, at your option, held as security therefor, and also any additional amount necessary for settlement thereof, however and whenever made, including interest where chargeable at a rate per annum equal to your Prime Rate. As used herein, "Prime Rate" refers to that interest rate so denominated and set by you from time to time as an interest rate basis for borrowings. The Prime Rate is but one of several interest rate bases used by you, and you lend at rates above and below the Prime Rate.

(c) To pay to you, on demand, your commissions, all charges and expenses paid or incurred by you (including expenses of collection hereunder, or of exercise of your rights hereunder as to security or otherwise, and reasonable attorneys' fees), any correspondents' charges, and interest where chargeable at a rate per annum equal to your Prime Rate plus 2% per annum, in addition to a late charge if any payment is received by you after the due date which is 30 days after the date of the invoice. Such late charge will be computed on the basis of a formula that is subject to change from time to time and will be made available to us by you upon our request. Should any invoiced amount be unpaid 60 days after the date of the invoice, we recognize and authorize your right to debit any of our accounts for the unpaid amount of the invoice.

All interest shall be calculated daily on the amount which accrues interest on the basis of a 360 day year.

Telegraphic or mail advice from your correspondents of payments or other action effected under the Credit shall be presumptive evidence of the facts therein stated and of our liability to you hereunder.

2. (a) Except as otherwise provided herein or as you and we may otherwise agree with regard to and prior to issuance of the Credit, the Uniform Customs and Practice for Documentary Credits, International Chamber of Commerce, Paris, France, which is in effect on the issue date of the Credit (elsewhere herein referred to as the "UCP") shall in all respects be deemed a part hereof as fully as if incorporated herein and shall apply to the Credit.

(b) You and your branches, affiliates and/or correspondents shall not be liable or responsible in any respect for any (i) error, omission, interruption or delay in transmission, dispatch or delivery of any one or more messages or advices in connection with the Credit, whether transmitted by cable, radio, telegraph, mail or otherwise and despite any cipher or code which may be employed, (ii) errors in translation or errors in interpretation of technical terms or consequences arising from causes beyond your or their control, (iii) action, inaction or omission which may be taken or suffered by you or them in good faith or through inadvertence in identifying or failing to identify any beneficiary(ies) or otherwise in connection with the Credit, or (iv) any failure by you or them to pay any draft under the Credit resulting from any censorship, law, control or restriction rightfully or wrongfully exercised by any de facto or de jure domestic or foreign government or agency or from any cause beyond your or their control.

c) To indemnify and hold you harmless from all loss, damage, liability or expense by reason of any act or omission pursuant to our instructions or otherwise arising from or in connection with the Credit, and the occurrence of any one or more of the contingencies set forth in 2(b) above shall not affect or impair your rights and powers hereunder or our obligation to reimburse you hereunder.

3. (a) ~~To pledge, and do hereby pledge to you as security for any and all obligations hereunder any and all of our property or the property of any one or more of us now or at any~~ time hereafter in your possession or control (inclusive of such property as may be in transit by mail or carrier to or from you), or that of any third party acting in your behalf, whether for the express purpose of being used by you as collateral or for safekeeping or any other different purpose, a lien being hereby given you upon any and all such property for the aggregate amount of such obligations. You are hereby authorized, at your option, and without obligation to do so, to transfer to and/or register in the name(s) of your nominee(s) all or any part of the property which may be held by you as security at any time hereunder, and with or without notice to us or any of us. We hereby authorize you, acting in your discretion at any time and whether or not any property then held by you as collateral security hereunder is deemed by you to be adequate, to hold as additional collateral security any and all monies now or hereafter with you on deposit or otherwise to the credit of or belonging to us or any one or more of us, and then or thereafter to apply, in whole or in part, the monies so held upon all or any of the aforesaid obligations.

(b) At any time and from time to time, on demand, to assign and deliver to you, as collateral (or additional collateral) for any and all of the liabilities of us hereunder and all other liabilities of us to you, direct or contingent, joint, several or independent, now or hereafter existing, due or to become due, whether created directly or acquired by assignment or otherwise, except for liabilities of us or any of us (i) that are subject to the disclosure requirements of the Truth-In-Lending Act and Federal Reserve Board Regulation Z, or (ii) that are extended for personal, family and household purposes and are subject to any state consumer protection laws, or (iii) that are subject to the limitations specified in North Carolina General Statutes Section 24-11, as amended from time to time (hereinafter clauses (i) and (ii) collectively referred to as "Consumer Debt"), additional collateral of a type and value satisfactory to you or to make such cash payment as you may require.

c) The word "property" as used in this agreement includes goods and merchandise (as well as any and all documents relative thereto), securities, funds, monies (whether United States Currency or otherwise), choses in action and any and all other forms of property, whether real, personal or mixed and any right or interest which we, or any one of us, have therein or thereon. You are authorized at your option to file financing statement(s) without our signature with respect to any of the property and we agree to pay the cost of any such filing and to sign upon request any instruments, documents or other papers which you may require to perfect your security interest in the property.

d) Whenever you deem it necessary for your or our protection, or after an Event of Default specified in Section 4, or other default, you may realize upon thy sale, assignment, setoff, application or otherwise) all or any part of such security, in each case without advertisement, notice to, tender, demand or call of any kind upon us or any other person. Any such sale or assignment may be public, private or upon any broker's board or exchange, for cash, on credit or for future delivery, and at such price and upon such terms and conditions as you deem appropriate. You may acquire all or any part of such security. The purchaser of such security shall hold same free from any equity of redemption or other claim or right on our part, which are hereby specifically waived and released. You may discount, settle, compromise or extend any obligations constituting such security, and sue thereon in your or our name. Any demands, tenders, calls or notices to us shall be deemed duly made or given as of the time delivered to our last known address, or mailed, telegraphed, telephoned, or otherwise sent to such address. No advertising, notice, tender, demand or call at any time given or made shall be a waiver of your right to proceed in the same or other instances without any further action. US ,which is not withdrawn or dismissed within 60 days;

e) Proceeds of any such security shall be applied, without any marshalling of assets, in such manner or order as you may deem proper, to any one or more of our obligations, whether or not due, and you may retain any amounts necessary, in your sole judgment, to meet any contingent obligations. US

~~f) No receipt of, realization upon, release or substitution of, or other dealing with, any such security shall affect your rights or liens hereunder.~~

3 X If we fail to perform any of our obligations; ~~if we fail to comply with a demand by you pursuant to 3(b) above to provide collateral;~~ if any of our representations or warranties made to obtain credit or any extension thereof are or appear to you to be false; if we default under any evidence of indebtedness issued, assumed or guaranteed by us or any agreement with respect thereto; if we suspend transaction of our usual business or are expelled or suspended from any exchange; if any judgment creditor applies for an order directing you to pay over or deliver property; if we die or dissolve; if we become insolvent or commit any act of insolvency or bankruptcy, or make a general assignment for the benefit of creditors; if a petition in bankruptcy is filed by or against us; if a petition or proceeding is filed or instituted by or against us for relief under any bankruptcy, insolvency, reorganization, readjustment of debt or other law for relief of debtors, or for dissolution or liquidation; if any governmental authority takes possession of any substantial part of our property or assumes control of our affairs or operations; or if a receiver, trustee or liquidator is appointed for any part of our assets or a writ or order of attachment or garnishment is issued against us; then, unless you shall otherwise elect, in any such event (herein called "Event of Default") all our obligations including but not limited to Consumer Debt unless limited by law to the contrary, shall become due and payable ~~without presentment,~~ demand, ~~protest or other notice of any kind, all of which we hereby expressly waive.~~ upon demand.

4 X You may assign or transfer this Agreement or any instrument(s) evidencing all or any of the aforesaid obligations and/or liabilities, ~~and may deliver all or any of the property then held as security therefor,~~ to the transferee(s), who shall thereupon become vested with all the powers and rights in respect thereto given you herein or in the instrument(s)

___ if we admit in writing
our inability to pay
our debts as they become due;

/which is not withdrawn
or dismissed within
60 days

transferred, and you shall thereafter be forever relieved and fully discharged from any liability or responsibility with respect thereto, but you shall retain all rights and powers hereby given with respect to any and all instrument(s), rights or property not so transferred.

5. Failure to exercise and/or delay in exercising on your part, any other right, power or privilege hereunder or under any trust receipt or security agreement (including the right to accounting) shall not constitute a waiver thereof, nor shall any single or partial exercise of any thereof preclude any other further exercise thereof or the exercise of any other right, power or privilege. No provision hereof shall be deemed to have been waived unless you or your authorized agent shall have signed such waiver in writing, nor shall any such waiver, unless otherwise expressly stated therein be applicable to any matters occurring subsequent to the date thereof or to any continuance of the matters waived after such date. The rights and remedies herein provided shall be cumulative and not exclusive of any rights or remedies provided by law.

6. In case of any extension or renewal of the Credit, increase or other modification of its terms, or the further financing or refinancing for us of any transaction effected under the Credit as, for example, on a temporary advance, banker's acceptance, loan or other financing basis, with or without further documentation or agreement, this agreement shall continue to be binding upon us in all respects with regard to the Credit as so extended, increased, or modified and to any transaction so financed or refinanced.

7. This agreement shall be binding upon us, our heirs, executors, administrators, successors and assigns, and shall inure to the benefit of and be enforceable by you, your successors, transferees and assigns. If this agreement should be terminated or revoked by operation of law as to us, or any of us, we will indemnify and save you harmless from any loss which may be suffered or incurred by you in acting hereunder prior to the receipt by you, or your transferees or assigns, of notice in writing of such termination or revocation. If this agreement is signed by two or more parties, it shall be the joint and several agreement of such parties and whenever used herein, the singular number shall include the plural, and the plural the singular. This agreement shall be governed by and construed in accordance with the laws of the state in which you have your principal office.

8. We hereby certify that no transactions in connection with the Credit are prohibited under the Foreign Assets Control or Cuban Assets Control Regulations of the United States Treasury Department or violate any existing United States Government or foreign laws, regulations or executive orders.

9. If, as a result of any law, regulation, treaty or directive, or any change therein, or in the interpretation or application thereof or your compliance with any request or directive (whether or not having the force of law) from any court or governmental authority, agency or instrumentality, any reserve, premium, special deposit, special assessment or similar requirements against your assets, deposits with you or for your account or credit extended by you, are imposed, modified or deemed applicable and you determine that, by reason thereof, the cost to you of issuing or maintaining the Credit is increased, we agree to pay you upon demand (which demand shall be accompanied by a statement setting forth the basis for the calculation thereof) such additional amount or amounts as will compensate you for such additional cost. Determinations by you for purposes of this Section of the additional amounts required to compensate you in respect of the foregoing shall be conclusive, absent manifest error. We further agree to pay any applicable levies or other taxes imposed in connection with the Credit other than net income taxes payable by you, and otherwise comply with all domestic and foreign laws and regulations applicable to all transactions under or in connection with the Credit.

10. We hereby agree that you may honor, as complying with the terms of the Letter of Credit, any instruments or other documents otherwise in order, signed or issued or purported to be signed or issued by any successor by operation of law (including, without limitation, any liquidator, rehabilitator, receiver, or conservator) of the party authorized under the Letter of Credit to draw or issue such instruments or other documents.

11. ~~This Letter of Credit is secured by~~

---

Without limiting and in addition to the provisions, terms and conditions set forth herein, you are expressly authorized and directed to honor requests for payment under the Credit without regard to (a) the existence of any disputes or controversies between ourselves and the beneficiary of the Credit or any other person, firm or corporation; (b) the respective rights, duties or liabilities of any of them; or (c) whether any facts or occurrences represented in any of the documents presented under the Credit are true or correct. Furthermore, we understand and agree that your sole obligation to us shall be limited to honoring requests for payment made under and in compliance with the terms of the Credit and this application and agreement and your obligation remains so limited even if you may have assisted us in the preparation of the wording of the Credit or any documents required to be presented thereunder and even if you may otherwise be aware of the underlying transaction giving rise to the Credit and this application and agreement.

---

ANY AND ALL CHANGES MUST BE INITIALED BY THE SIGNER(S).

Applicant
WITNESS THE FOLLOWING SIGNATURE AND (SEAL)

W. R. GRACE & CO.-CONN.
(Corporation Or Firm)

By ___W B McGowan___
(Authorized Signature And Title)
BRIAN MCGOWAN, SENIOR VICE PRESIDENT

By ___/s/ WM C___
(Authorized Signature And Title)
WILLIAM CORCORAN, VICE PRESIDENT

_____ (SEAL)
(Individual)

_____ (SEAL)
(Individual)

(Please individually sign all attachments and/or alterations)

Mail application to: Wachovia Bank, N.A., Standby Letter of Credit Dept., NC 37127, 301 North Main Street, Winston-Salem, North Carolina 27150-2131

JUL.13.2000 11:16AM   FIREMAN'S FUND NASHVILLE SURETY           NO.8148   P.2 1/2
TO:NASHVILLE

PC Issue
outstanding

# EXHIBIT C

## SURETY DEPARTMENT
## APPROVED LETTER OF CREDIT FORM
## SINGLE BOND COVERAGE

Bank Address/Letterhead

Date:

(Beneficiary)
Fireman's Fund Insurance Company
777 San Marin Drive
Novato, CA 94998
Attention: Collateral Custodian

| Post-It® Fax Note | 7671 | Date | # of pages ▸ |
|---|---|---|---|
| To  Jen | | From  Brian | |
| Co./Dept. | | Co. | |
| Phone # | | Phone # | |
| Fax # | | Fax # | |

Irrevocable Letter of Credit Number_____

Gentlemen:

            13,000,000    thirteen Million
We hereby authorize you to draw on us for the account of __W.R.G._____up to an
aggregate amount of $, U.S. currency, available by your drafts at sight accompanied by your
signed statement that funds are required to cover liability, loss, cost, expenses or unpaid
premiums incurred by the Beneficiary, or by any subsidiary or affiliate of the Beneficiary,
under a bond or undertaking in the sum of $__43,038,931.91_____
executed by the Beneficiary or by any subsidiary or affiliate of the Beneficiary, on behalf of
[Name of Principal] in favor of [Name of Obligee].  AAron C/ifton Edwards, et al,
   W R Grace co
It is a condition of this Letter of Credit that it shall be deemed automatically extended
without amendment for one year from the present or any future expiration date hereof,
unless thirty (30) days prior to any such date we shall notify you by registered letter
addressed to the above address that we elect not to consider this Letter of Credit renewed for
any such additional period. Upon receipt by you of such notice, you may draw hereunder,
without having incurred liability by reason of having executed your bond or undertaking, by
means of your drafts on us at sight accompanied by your signed statement that the aforesaid
bond or undertaking is still outstanding and that the proceeds of your draft will be retained
and used by you to meet any payments which you might thereafter be required to make
under your bond or undertaking and further, that in the event of your liability under your
bond or undertaking is satisfied, you will refund to us, the amount paid, less any amounts
applied by you in reimbursement of liability, loss, cost, or expense incurred by you under
your bond or undertaking and any unpaid premiums due you on said bond or undertaking.

We hereby agree with you that all drafts under and in compliance with the terms of this
Letter of Credit will be duly honored on delivery of documents as specified if presented at

17

this office on or before _July 5, 2001_ or any automatically extended date, as hereinbefore set forth.

Except so far as otherwise expressly stated, this Letter of Credit is issued subject to the International Standby Practices – ISP 98, effective January 1, 1999, ICC Publication No. 590, and the laws of the State of California, including the 1995 Revision of Article 5 of the Uniform Commercial Code, in force in the state of California. In the event of a conflict, ISP 98 will govern to the extent permissible by law

Yours very truly,

_____
(Authorized Signature)

18

# W. R. GRACE & CO.-CONN.

### Secretarial Certificate

I, Mark A. Shelnitz, Secretary of W. R. Grace & Co.-Conn., a Connecticut corporation ("Company"), hereby certify as follows:

(1) Set forth in Exhibit A attached hereto is a true and complete copy of resolutions adopted by the Board of Directors of the Company at a meeting duly held on May 9, 1997, at which a quorum was present and acting throughout, and such resolutions have not been revoked or amended and are in full force and effect on the date hereof.

(2) The persons named below are on the date hereof duly and qualified officers of the Company holding the offices set opposite their respective names and the signature appearing opposite the name and title of such officer such officer's genuine signature or a facsimile thereof.

| NAME | TITLE | SIGNATURE |
|---|---|---|
| Brian McGowan | Senior Vice President | *(signed)* |
| William Corcoran | Vice President | *(signed)* |

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Company as of the 12th day of July 2000.

_____
Mark A. Shelnitz

**EXHIBIT A**
**Page 1 of 2**

RESOLVED that this Corporation from time to time enter into arrangements for the issuance of letters of credit for the account of this Corporation, W. R. Grace & Co. ("Grace"), a Delaware corporation and the sole shareholder of this Corporation, and/or one or more other subsidiaries of Grace, and guarantees in respect of letters of credit issued for the account of Grace or one or more subsidiaries of Grace, on such terms and conditions, for such beneficiaries and by or through such issuers, correspondents and agents as any one of the President, the Chief Financial Officer and the Treasurer of this Corporation may approve (the execution on behalf of this Corporation of agreements or instruments providing for such letters of credit or guarantees thereof to conclusively evidence such approval); <u>provided</u> that the aggregate outstanding principal amount of all obligations incurred by this Corporation, Grace and all other directly or indirectly majority-owned subsidiaries of Grace in respect of irrevocable standby letters of credit (excluding letters of credit issued in order to comply with workers' compensation, environmental and other similar regulatory requirements applicable to this Corporation, Grace and other subsidiaries of Grace and letters of credit issued to provide credit enhancement to otherwise authorized indebtedness of this Corporation, Grace and other subsidiaries of Grace), whether or not the same are guaranteed by this Corporation, shall not exceed at the time of incurrence the amount available to be borrowed under committed lines of credit of this Corporation, Grace or any relevant subsidiaries (or the equivalent in other relevant currencies at the time any such letter of credit obligation is incurred).

RESOLVED FURTHER that any Vice President or other officer of this Corporation, and any person designated in writing by any such officer, be and such officer or person hereby is authorized, in the name and on behalf of this Corporation, to execute and deliver agreements and other instruments providing

07/12/2000  17:38    4105314461                GRACE TREASURY                              PAGE  08/08

EXHIBIT A
Page 2 of 2

for such letters of credit and guarantees thereof and the selection of issuers and correspondents and the appointment of agents in connection therewith.

RESOLVED FURTHER that the proper officers of this Corporation be and each of them hereby is authorized, in the name and on behalf of this Corporation, to execute, deliver and/or file such agreements, instruments, documents and other papers, to expend such sums of money and to take or cause to be taken such other actions as any of them may deem necessary or appropriate to carry out the intents and purposes of the foregoing resolutions.

RESOLVED FURTHER that the foregoing resolutions supersede and cancel all authorizations and resolutions with respect to the issuance of letters of credit and guarantees thereof adopted by this Corporation, except to the extent that letters of credit and guarantees thereof have heretofore been issued pursuant to such authorizations and resolutions.

EXHIBIT B

BANK
(Letterhead of Bank)

Date:

(Name of Company Executing Bond)
FIREMAN'S FUND INSURANCE COMPANY

Irrevocable Letter of Credit

Gentlemen:

We hereby authorize you to draw on us for account of W.R. GRACE & CO.-CONN. up to an aggregate amount of $13,000,000 , United States currency, available by your drafts at sight accompanied by your signed statement that funds are required to cover liability, loss, cost, expense or unpaid premiums incurred by you under a bond or undertaking in the sum of $43,038,931.91 executed by you in behalf of (Name of Principal) W.R. GRACE & CO.-CONN.

in favor of (Name of Obligee) AARON CLIFTON EDWARDS, ET AL

It is a condition of this Letter of Credit that it shall be deemed automatically extended without amendment for one year from the present or any future expiration date hereof, unless 30 days prior to any such date we shall notify you by registered letter addressed to the above address that we elect not to consider this Letter of Credit renewed for any such additional period. Upon receipt by you of such notice you may draw hereunder, without having incurred liability by reason of having executed your bond or undertaking, by means of your drafts on us at sight accompanied by your signed statement that the aforesaid bond or undertaking is still outstanding and that the proceeds of your draft will be retained and used by you to meet any payments which you might thereafter be required to make under your bond or undertaking and further, that in the event your liability under your bond or undertaking is satisfied, you will refund to us the amount paid, less any amounts applied by you in reimbursement of liability, loss, cost or expense incurred by you under your bond or undertaking and any unpaid premiums due you on said bond or undertaking.

We hereby agree with you that all drafts drawn under and in compliance with the terms of this credit will be duly honored on delivery of documents as specified if presented at this office on or before                  or any automatically extended date, as hereinbefore set forth.

Yours very truly,

(Authorized Signature)