**EXHIBIT B**

Wachovia Proof of Claim

See Attached

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | | GRACE NON-ASBESTOS PROOF OF CLAIM FORM |
|---|---|---|
| Name of Debtor W. R. Grace & Co.-Conn. | Case Number 01-1179 | |
| NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. | | THIS SPACE IS FOR COURT USE ONLY |

Name of Creditor (The person or other entity to whom the debtor owes money or property): **Wachovia Bank, National Association**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Todd C. Meyers, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number: (404) 815-6500

Account or other number by which creditor identified debtor:
Not Applicable

Check here if ☒ replaces ☐ amends a previously filed claim, dated: 02/21/03

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other: Reimbursement under various Letters of Credit (See Exhibit A)

   ☐ Retiree benefits as defined in U.S. C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Your SS #:_____
   Unpaid compensation for services performed
   from _____ to _____
   (date)           (date)

2. Date debt was incurred: 7/29/97 through 7/13/00
3. If court judgment, date obtained: Not applicable

4. Total Amount of Claim at Time Case Filed:
   If all or part of your claim is secured or entitled to priority, also complete Item 5 and 6 below. $ **49,979,700**
   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: _____

   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority_____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   * Amounts are subject to adjustment on 4.1.04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

7. **Credits:** The amount of all payments has been credited and deducted for the purpose of making this proof of claim.
8. **Support Documents:** Attach copies of support documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
9. **-Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

WR Grace    BF.13.51.2549
00003068
SR=329

Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim:
*[signature]* JOAN ANDERSON, DIRECTOR
Joan Anderson, Director of Corporate and Investment Banking

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

REC'D MAR 0 4 2003

Exhibit "A"

W.R. Grace & Co.-Conn. Letters of Credit

| LC # | Prepetition L/C Balance | Unreimbursed Draws | Date of Draw | Current L/C Balance | Beneficiary | Account Party | Effective Date | Expiry | Autorenew Notice Period | Purpose |
|---|---|---|---|---|---|---|---|---|---|---|
| LC870-091344 | 23,260,360 | 558,739 | 5/15/2002 | 22,701,621 | The Chase Manhattan Bank, N.A. as Trustee Under the Trust Indenture dated 12/6/1994. | W.R. Grace & Co. - Conn. | 12/2/1997 | 12/2/02 | 60 | Colowyo coal contract backed bonds |
| LC870-094304 | 1,150,000 | 52,579 | 11/19/2002 | 1,087,421 | Transportation Insurance Co., Continental Casualty Company | W.R. Grace & Co. - Conn. Trans Meridian Assurance, LTD. | 1/5/1998 | 6/30/2003 | 60 | Various insurance agreements including workers' comp and employers' liability |
| LC870-094303 | 837,000 | | | 837,000 | Transportation Insurance Co., Continental Casualty Company | W.R. Grace & Co. - Conn Trans Meridian Assurance, LTD. | 1/6/1998 | 6/30/2003 | 60 | Claim Service Agreement (3rd party deductable) |
| LC870-089117 | 4,675,000 | | | 4,675,000 | The American Guarantee and Liability Insurance Company | W.R. Grace & Co.-Conn. | 7/29/1997 | 5/30/2003 | 60 | Foreign liability program |
| LC870-089118 | 1,678,000 | | | 1,678,000 | Transportation Insurance Co. | W.R. Grace & Co.-Conn. | 7/29/1997 | 5/30/2003 | 60 | Various insurance agreements including workers' comp and employers' liability |
| LC870-122413 | 13,000,000 | 449,000 | 1/23/2002; 9/23/02 | 12,551,000 | Fireman's Fund Insurance Company | W.R. Grace & Co.-Conn. | 7/13/2000 | 7/15/2003 | 30 | For sums owed under a $43,038,931 bond on behalf of Aaron Clifton Edwards, et al. |
| LC870-102528 | 1,075,000 | | | 1,075,000 | C N A | W.R. Grace & Co.-Conn. | 6/30/1998 | 6/30/2003 | 60 | Various insurance agreements including workers' comp and employers' liability |
| LC870-102529 | 2,134,000 | | | 2,134,000 | C N A | W.R. Grace & Co.-Conn. | 6/30/1998 | 6/30/2003 | 60 | Various insurance agreements including workers' comp and employers' liability |
| LC870-111950 | 188,000 | | | 188,000 | Continental Casualty Company | W.R. Grace & Co.-Conn. | 6/30/1999 | 6/30/2003 | 60 | Graceclaim Service Agreement |
| LC870-111952 | 160,000 | | | 160,000 | Continental Casualty Company | W.R. Grace & Co.-Conn. | 6/30/1999 | 6/30/2003 | 60 | Claim Service Agreement (3rd party deductable) |
| LC870-111953 | 365,000 | | | 365,000 | Continental Casualty Company | W.R. Grace & Co.-Conn. | 5/30/1999 | 6/30/2003 | 60 | Claim Service Agreement (3rd party deductable) |
| LC870-111954 | 469,000 | | | 469,000 | Continental Casualty Company | W.R. Grace & Co.-Conn. | 6/30/1999 | 6/30/2003 | 60 | Claim Service Agreement |
| LC870-090133 | 1,500,000 | | | 1,500,000 | Richard C. Rowe & Donna M. Rowe | W.R. Grace & Co.-Conn. | 9/6/1997 | 5/30/2003 | 30 | Settlement agreement dated June 1997 |
| TOTAL | 50,511,360 | 1,070,318 | | 49,441,042 | | | | | | |

Proof of claim amount is calculated as follows: (1) $2,782.26 representing cash management fees for March 2001, which remain unpaid; plus (2) pre-petition L/C balance of $50,511,360; plus (3) $78,180 in letter of credit fees for the period 12/02/00 through 04/01/01, for a total claim of $50,592,322. Of this amount, $612,622.86 was satisfied by Wachovia's exercise of its right of setoff authorized by the Court's September 20, 2002 Order Granting Relief from the Automatic Stay in Order to Effect Setoff Pursuant to 11 U.S.C. § 553, leaving a balance of $49,979,700, of which $339,558 ($1,070,318 in unreimbursed draws, plus $2,782.26 in unpaid fees and $78,180 in l/c fees, less $612,622.86 setoff amount) is noncontingent and the remainder is contingent.