IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: December 15, 2009 at 4:00 p.m.** |
| | ) | **Hearing Date: March 22, 2010 at 10:30 a.m.** |

**QUARTERLY FEE APPLICATION OF W. D. HILTON, JR. FOR THE
THIRTY-FOURTH QUARTERLY PERIOD FOR APPROVAL AND
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS A CONSULTANT TO THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS
<u>FOR THE PERIOD OF AUGUST 12, 2005 THROUGH JANUARY 19, 2009</u>**

| | |
|---|---|
| Name of Applicant: | W. D. Hilton, Jr. |
| Authorized to provide professional services to: | Official Committee of Asbestos Property Damage Claimants |
| Date of retention: | Retention order entered on February 20, 2002, <u>Nunc Pro Tunc</u>, to May 2, 2001 |
| Period for which compensation and reimbursement is sought: | August 12, 2005 through January 19, 2009 |
| Amount of compensation sought as actual reasonable and necessary: | $16,712.50[1] |
| Amount of expense reimbursement sought as actual reasonable and necessary: | $0.00 |

This is an:  X  interim ___ final application

***This is the first quarterly application filed.***

---

[1] Reflects fee reduction of $525.00, which represents a 50% reduction in rate for one hour of non-working travel on August 17, 2005 and 2 hours of non-working travel on August 19, 2005.

## ATTACHMENT "B" TO FEE APPLICATION
## SUMMARY OF HOURS – W. D. HILTON, JR.

| Name of Professional Person | Position of Applicant | Number of Years in Position | Dept. | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| W. D. Hilton, Jr. | Consultant | N/A | N/A | $350.00 | 46.25 | $16,187.50 |
| W. D. Hilton, Jr. | Consultant | N/A | N/A | $175.00* | 3.0 | $525.00 |
| | | | | Total: | 49.25 | $16,712.50 |
| | | | | | GRAND TOTAL | *$16,712.50* |

\*      Please note rate has been corrected to reflect 50% of base rate for non-working travel time on August 17, 2005 (1 hour non-working travel) and August 19, 2005 (2 hours non-working travel) as noted in Fee Auditor's Initial Report, dated November 3, 2009

### COMPENSATION BY PROJECT CATEGORY

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Claims Analysis and Valuation/Claim Analysis, Objection & Resolution (Asbestos) | 46.25 | $16,187.50 |
| Non-working travel | 3.0 | $525.00 |
| **Total** | **49.25** | **$16,712.50** |

## EXPENSE SUMMARY

| | | | |
|---|---|---|---|
| 1. | Data Entry | | |
| 2. | Court Reporter | | |
| 3. | Messenger Services | | |
| 4. | Photocopies | | |
| | (a) In-house copies @ .15 | N/A | |
| | (b) Outside copies (at cost) | N/A | |
| 5. | Postage | | |
| 6. | Overnight Delivery Charges | | |
| 7. | Long Distance Telephone Charges | | |
| 8. | Telecopies | | |
| 9. | Research Materials | | |
| 10. | Miscellaneous expenses of J. Katz | | |
| 11. | Travel Expenses | | |
| | (a) Airfare | | |
| | (b) Meals | | |
| | (c) Parking, Car Rental & Mileage | | |
| | (d) Lodging | | |
| | (e) Taxicabs | | |
| **TOTAL "GROSS" AMOUNT OF REQUESTED DISBURSEMENT** | | | N/A |

-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: December 15, 2009 at 4:00 p.m.** |
| | ) | **Hearing Date: March 22, 2010 at 10:30 a.m.** |

**QUARTERLY FEE APPLICATION OF W. D. HILTON, JR. FOR THE
THIRTY-FOURTH QUARTERLY PERIOD FOR APPROVAL AND
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS A CONSULTANT TO THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS
FOR THE PERIOD OF AUGUST 12, 2005 THROUGH JANUARY 19, 2009**

W. D. Hilton, Jr. (the "Applicant"), a consultant to the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") of the above-captioned debtors (the "Debtors") in this Court, by and through undersigned counsel, hereby submits its Quarterly Fee Application (the "Application") pursuant to 11 U.S.C. §§ 330 and 331 and in accordance with the Administrative Fee Order (defined below) for approval and allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## **I. Introduction**

1. The Applicant, as a consultant to the PD Committee, seeks (i) approval and allowance, pursuant to section 331 of the Bankruptcy Code of compensation for the professional services rendered by Applicant as a consultant for the PD Committee from August 12, 2005 through January 19, 2009 (the "Application Period") in the aggregate amount of $16,712.50[2] representing 49.25 hours of professional services and fees incurred by the Applicant during the Application Period.

---

[2] Reflects fee reduction of $525.00, which represents a 50% reduction in rate for one hour of non-working travel on August 17, 2005 and 2 hours of non-working travel on August 19, 2005.

2. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background

3. On April 2, 2001, each of the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been procedurally consolidated and are being jointly administered. No trustee or examiner has been appointed in their cases.

4. On April 12, 2001, the United States Trustee formed the PD Committee. Thereafter, the PD Committee approved the retention of Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg") as its counsel.

5. By order dated February 20, 2002, the Court authorized the PD Committee to retain the Applicant nunc pro tunc to May 2, 2001, pursuant to 11 U.S.C. §§ 1103 and 328, as a consultant to the PD Committee (the "W. D. Hilton Retention Order").

6. This is the first interim quarterly fee application request that the Applicant has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the PD Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members approved by the Court on May 3, 2001, as amended by the Court's order of April 17, 2002 (collectively, the "Administrative Fee Order"). Previously, in accordance with the Administrative Fee Order, the Applicant has filed with the Court one monthly fee application that is the subject of this Application, which is summarized as follows:

| Date Filed | Period Covered | Fees Requested | Expenses Requested | Objections |
|---|---|---|---|---|
| 8/28/09 | 8/12/05 – 1/19/09 | $17,237.50 | N/A | N/A |
| **Totals** | | **$17,237.50** | | |

7. The Applicant has received no payment and no promise for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between the Applicant and any other person for the sharing of compensation to be received hereunder.

8. As stated in the Certification of W. D. Hilton, Jr., attached hereto as Exhibit "A," all of the services for which compensation is sought herein were rendered for and on behalf of the PD Committee solely in connection with these cases.

### III. Summary of Services Rendered

9. In accordance with Local Rule 2016-2 dated December 12, 1996 and the Administrative Fee Order, and to assist the Court, the Debtors, the U.S. Trustee and other parties in interest in evaluating this Application, the primary services performed by the Applicant during the Application Period are summarized in the Summary attached hereto as Exhibit "B." The summary reflects certain services of major importance which required the special attention, efforts and skill of Applicant. The Applicant's services throughout the Application Period have been valuable to the PD Committee in providing guidance and consultation in respect of asbestos property damage issues.

10. In accordance with the Administrative Fee Order and the Local Rules, a summary sheet of the professionals and their corresponding names, years of experience, hourly rates and the number of hours incurred by each is set forth on Attachment "B". The hourly rates reflect what the Applicant generally charges his other clients for similar services. An itemization including identification of services performed by the professionals sorted by date and time keeper is attached hereto as Exhibit "C," which also contains a statement of the Applicant's disbursements, necessarily incurred in the performance of the Applicant's duties as a consultant to the PD Committee.

### IV. Conclusion

11. The Applicant has necessarily and properly expended 49.25 hours of services in the performance of its duties as a consultant to the PD Committee during the Application Period.

Such services have a fair market value of $16,712.50. The work involved and thus the time expended, was carefully assigned in light of the expertise required for each particular task.

12. The Applicant has reviewed the requirements set forth in Local Rule 2016-2 and believes that this Application for interim compensation complies therewith.

13. The Applicant has made no prior application in this or any other Court for the relief sought herein.

WHEREFORE, the Applicant, by and through undersigned counsel, respectfully requests pursuant to the Administrative Fee Order: a) the approval and allowance, pursuant to section 331 of the Bankruptcy Code of compensation for professional services rendered to the PD Committee during the Application Period of August 12, 2005 through January 19, 2009 in the amount of $16,712.50; and b) such other relief as the Court deems just.

## CERTIFICATION OF COUNSEL

In accordance with the W. D. Hilton Retention Order, undersigned counsel, Jay M. Sakalo, hereby certifies that (a) he has personally reviewed the Applicant's August 12, 2005 through January 19, 2009 fee application for the thirty-fourth interim period and this Application, and (b) the services by the Applicant are not duplicative of services performed by Hamilton, Rabinovitz & Alschuler, Inc.

Dated: November 25, 2009

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
Counsel to the Official Committee of Asbestos Property Damage Claimants
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2385
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

By:＿＿＿/s/ Jay M. Sakalo＿＿＿＿＿＿＿＿
Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)