# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF ORRICK, HERRINGTON & SUTCLIFFE LLP
## FOR THE THIRTY-THIRD INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Orrick, Herrington & Sutcliffe LLP for the Thirty-Third Interim Period (the "Application").

## BACKGROUND

1. Orrick, Herrington & Sutcliffe LLP ("Orrick") was retained as bankruptcy counsel to David T. Austern, future claimants' representative. In the Application, Orrick seeks approval of fees totaling $1,300,578.75 and expenses totaling $44,857.50 for its services from April 1, 2009 through June 30, 2009 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2009, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Orrick 33Q 4-6.09 v2.wpd

11 U.S.C. §330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Orrick based on our review, and received a response from Orrick, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report, we noted two instances in which multiple Orrick attorneys attended the same meetings. The pertinent time entries are listed on Exhibit "A." Paragraph II.D.5. of the U.S. Trustee Guidelines provides: "If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked Orrick to explain why it was necessary for each attorney to attend the meetings, and Orrick's response is included as Response Exhibit "1." We accept Orrick's response and have no objection to these fees.

4. In our initial report, we noted that on June 23, 2009, attorneys R. Frankel, R. Wyron, J. Guy, and K. Orr[1] attended Phase I of the confirmation hearing. The total time spent was 29.00 hours, for total fees of $18,403.25:

| 06/23/09 | KO | 2.70 | 1,674.00 | Attend portion of Phase I confirmation hearing via telephone (2.7);.... |
| --- | --- | --- | --- | --- |
| 06/23/09 | JG | 5.50 | 4,152.50 | Attend Phase 1 trial. |
| 06/23/09 | RW | 3.90 | 3,178.50 | ........; attend Phase I confirmation hearing (3.9);.... |

---

[1] Their hourly rates are as follows: R. Frankel - $945; R. Wyron - $815; J. Guy - $755; and K. Orr - $620.

| 06/23/09 | RF | 4.40 | 4,158.00 | Attend day 2 of Phase I confirmation hearing. |
| 06/21/09 | JG | 2.00 | 755.00 | Travel to Pittsburgh for Phase I hearing. |
| 06/21/09 | RW | 2.40 | 978.00 | Travel to Pittsburgh for Phase I hearing. |
| 06/21/09 | RF | 1.90 | 897.75 | Travel to Pittsburgh for Phase I hearing. |
| 06/23/09 | JG | 2.00 | 755.00 | Travel to DC |
| 06/23/09 | RW | 2.00 | 815.00 | Return to DC from Phase I hearing. |
| 06/23/09 | RF | 2.20 | 1,039.50 | Travel to DC from Pittsburgh. |
| | | 29.00 | $18,403.25 | |

In light of the Guideline cited above, we asked Orrick to explain why it was necessary for each attorney to attend the hearing. Orrick provided the following response:

> Mr. Frankel is the lead lawyer for the FCR on this case, as described above. Mr. Frankel was involved in negotiating the business deal, in preparing for confirmation litigation, and in the key strategic decisions for the FCR. Given the myriad issues involved in the confirmation process, it was important for Mr. Frankel to be present at the hearing to participate in trial strategy decisions and discussions with counsel for other parties, and to present argument to the Court as necessary.
>
> As discussed above, Mr. Wyron has been principally responsible for developing and negotiating the Plan and related Plan documents, and for dealing with objections to Plan language and concepts, including insurance neutrality. Mr. Wyron attended the hearing to ensure that issues relating to the specific terms of the Plan and the impact of arguments involving insurance neutrality were effectively presented. In addition, Mr. Wyron spent time negotiating with insurers and others in various side-bar conferences and during breaks, to move settlement negotiations forward on a number of issues, including insurance neutrality.
>
> As discussed above, Mr. Guy is the principal litigation partner on the FCR's team. As such, he (with assistance from Ms. Orr and others) took the lead role in the discovery process, and was present at the hearing to examine witnesses and to address evidentiary issues and other trial objections for the FCR.
>
> Ms. Orr is the principal senior litigation associate involved in the confirmation litigation, and is familiar with the written discovery, depositions and exhibits involved in the Phase I trial. She attended the hearing telephonically during

the portion of the proceedings involving the issues on which she was knowledgeable.

We believe it was necessary for each of these lawyers – core members of the FCR's litigation and bankruptcy teams – to attend and participate in the first phase of the Confirmation Hearing, given the range of issues being litigated and the impact of those issues upon the overall confirmation process.

We understand Orrick's response, but do not believe it demonstrates the necessity of telephonic attendance at the hearing by Ms. Orr, the principal senior litigation associate.  Although we do not question the importance of Ms. Orr's work on the confirmation litigation, the response does not establish that Ms. Orr had a necessary role at the hearing.  Thus, we recommend disallowance of her time attending the hearing, for a reduction of $1,674.00 in fees.

5. In our initial report, we noted that on May 4, 2009, attorneys R. Frankel ($945), J. Guy ($755), and  J. Cutler ($555) attended the deposition of Peter Lockwood, and that on May 15, 2009 the same three attorneys attended the deposition of David Austern, the Future Claimants' Representative.   The total time spent was 27.40 hours, for total fees of $19,959.00.  The time entries are as follows:

| Date | Atty | Hours | Fees | Description |
|---|---|---|---|---|
| 05/04/09 | JC | 4.30 | 2,386.50 | Attend P. Lockwood deposition. |
| 05/04/09 | JG | 5.00 | 3,775.00 | Prepare for and attend P. Lockwood's deposition;.......... |
| 05/04/09 | RF | 3.60 | 3,402.00 | Attend by telephone deposition of P. Lockwood. |
| 05/15/09 | JC | 5.80 | 3,219.00 | Participate in D. Austern deposition. |
| 05/15/09 | JG | 5.50 | 4,152.50 | Defend deposition and conferences with Plan Proponents during breaks on various confirmation issues. |
| 05/15/09 | RF | 3.20 | 3,024.00 | Attend portion of D. Austern deposition (3.2); . . . |

Thus, we asked Orrick to explain why it was necessary for each attorney to attend the depositions.

Orrick responded:

> Roger Frankel, Jonathan Guy and Joshua Cutler participated in Mr. Lockwood's deposition. Messrs. Frankel's and Guy's roles in the case are discussed above. Mr. Frankel was involved in many of the negotiations leading to the agreement on the fundamental business terms of the Plan about which Mr. Lockwood was questioned, and thus he provided important input to the litigation team handling the deposition. Mr. Guy was the litigator handling the deposition, responsible for questions and evidentiary issues. Josh Cutler is the litigation associate responsible for the evidence and exhibits involved in Mr. Lockwood's deposition (and likely involved in Mr. Austern's deposition), and his presence was important in addressing those issues.
>
> In addition, Mr. Austern's deposition was scheduled to occur 11 days after Mr. Lockwood's. Since many of the topics and exhibits discussed in Mr. Lockwood's deposition would also likely be the subject of inquiry in Mr. Austern's deposition, all three Orrick lawyers' attendance at Mr. Lockwood's deposition assisted in their preparation of Mr. Austern, and their defense of Mr. Austern in his deposition.
>
> . . . Roger Frankel, Jonathan Guy and Joshua Cutler participated in defending Mr. Austern in his deposition. The role of each is described above in connection with Mr. Lockwood's deposition. Mr. Frankel participated in Plan negotiations in which Mr. Austern was involved and as to which he was being questioned. Mr. Guy was defending the deposition, objecting to questions and evidentiary points as appropriate. Mr. Cutler is the litigator most knowledgeable about the relevant exhibits and prior testimony, and was one of the key lawyers involved in preparing Mr. Austern for his testimony. All three lawyers contributed to the effective defense of Mr. Austern at his deposition.

It does not appear to us that the response establishes the necessity of three attorneys defending the David Austern deposition. Specifically, although the response explains Mr. Cutler's role in preparing Mr. Austern for the deposition, it fails to carry Orrick's burden of establishing the necessity of Mr. Cutler's presence at the deposition. Thus, we recommend disallowance of Mr. Cutler's time in attending the Austern deposition, for a reduction of $3,219.00 in fees.

6. In our initial report, we noted certain meal charges for which more information was needed. These charges are listed on Exhibit "B." In response to our inquiry, Orrick provided

additional information, which information we have included as Response Exhibit "2." We have reviewed the meal information provided by Orrick in Response Exhibit "2" and have found that in each instance in which a meal charge exceeded our recommended guidelines,[2] Orrick deducted the excess from its total expense request. Thus, we appreciate Orrick's response and have no objection to these expenses.

## CONCLUSION

7. Thus, we recommend approval of $1,295,685.75 in fees ($1,300,578.75 minus $4,893.00) and $44,857.50 in expenses for Orrick's services for the Application Period.

        Respectfully submitted,

        **WARREN H. SMITH & ASSOCIATES, P.C.**

By: *[signature: W H Smith]*

        Warren H. Smith
        Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

---

[2] It appears to us that one person can dine satisfactorily in New York for $65 for dinner, $45 for lunch, and $35 for breakfast, and in most other locales for $55 for dinner, $35 for lunch, and $25 for breakfast.

**FEE AUDITOR'S FINAL REPORT** - Page 6
wrg FR Orrick 33Q 4-6.09 v2.wpd

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 30th day of November, 2009.

_____
Warren H. Smith

## SERVICE LIST
<u>Notice Parties</u>

**The Applicant**
Roger Frankel
Richard H. Wyron
Debra L. Felder
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Deanna Boll
David Bernick
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

**FEE AUDITOR'S FINAL REPORT** - Page 8
wrg FR Orrick 33Q 4-6.09 v2.wpd

**EXHIBIT "A"**

a.  We note that on April 14, 2009, attorneys R. Frankel, R. Wyron, J. Guy, and P. Mahaley attended a meeting of the plan proponents at Kirkland & Ellis. The total time spent, including preparation and non-working travel, was 53.00 hours for total fees of $34,509.75.

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 04/14/09 | P. Mahaley | 7.30 | 4,416.50 | Confer with Plan Proponents' representatives re planning for insurer discovery related to Phase I confirmation hearing (7.3);........... |
| 04/13/09 | J. Guy | 3.00 | 2,265.00 | Travel to NY for meeting with Plan Proponents while discussing aspects of case with P. Mahaley and R. Wyron. |
| 04/13/09 | R. Frankel | 1.20 | 1,134.00 | Confer with working group in preparation for meeting at K&E (1.0); notes re same (.2). |
| 04/13/09 | R. Frankel | 0.30 | 283.50 | Review issues with R. Wyron in preparation for meeting. |
| 04/13/09 | R. Frankel | 2.10 | 1,984.50 | Review files in preparation for meeting at K&E during travel to NY. |
| 04/14/09 | J. Guy | 5.50 | 4,152.50 | Meet with Plan Proponents in NY to discuss pending matters. |
| 04/14/09 | J. Guy | 0.50 | 377.50 | Prepare for meeting with Plan Proponents in NY. |
| 04/14/09 | R. Wyron | 8.50 | 6,297.50 | Review issues with OHS team (.6); attend Plan Proponents' meeting on strategy and discovery (7.2); review outline of open issues (.7). |
| 04/14/09 | R. Frankel | 0.90 | 850.50 | Review file, agenda in preparation for plan proponents' meeting. |
| 04/14/09 | R. Frankel | 6.40 | 6,048.00 | Attend plan proponents' meeting at K&E (NY) (6.0); notes re same (.4). |
| 04/13/09 | P. Mahaley | 3.00 | 907.50 | Travel to NY to attend Plan Proponents' meeting re confirmation discovery planning. |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 04/13/09 | R. Wyron | 3.00 | 1,222.50 | Travel to NY for Plan Proponents' strategy meeting. |
| 04/13/09 | R. Frankel | 1.20 | 567.00 | Travel to NY for K&E meeting. |
| 04/14/09 | P. Mahaley | 1.70 | 514.25 | Return travel from NY re Plan Proponents' meeting re discovery related to Phase I confirmation. |
| 04/14/09 | J. Guy | 3.00 | 1,132.50 | Travel to DC from NY. |
| 04/14/09 | R. Wyron | 3.00 | 1,222.50 | Return to DC. |
| 04/15/09 | R. Frankel | 2.40 | 1,134.00 | Travel to DC from NY. |
|  |  | 53.00 | $34,509.75 |  |

b.    We note that on April 7, 2009, R. Frankel, R. Wyron, J. Guy, P. Mahaley, and K. Orr attended a meeting with insurance company representatives. The total time spent, including preparation and non-working travel, was 34.40 hours for total fees of $22,476.75.

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 04/07/09 | P. Mahaley | 5.60 | 3,388.00 | Prepare for and attend meet and confer with insurance company representatives, along with representatives of debtor, ACC and UCC (5.6);....... |
| 04/06/09 | J. Guy | 3.00 | 2,265.00 | Review various materials in preparation for April 7 meeting, including internal memoranda, Objection filings and Court decisions. |
| 04/06/09 | R. Frankel | 0.70 | 661.50 | Review schedule for discovery, issues in preparation for meet and confer (.4); confer with Guy re same (.3). |
| 04/07/09 | K. Orr | 3.00 | 1,860.00 | ..........; attend global meet and confer via phone conference (3.0). |
| 04/07/09 | J. Guy | 1.00 | 755.00 | Prepare for meeting with Insurers, other objectors and Plan Proponents regarding scheduling and related issues. |
| 04/07/09 | J. Guy | 5.00 | 3,775.00 | Attend meeting at Kirkland, including various sidebar meetings with individual objectors. |

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 04/07/09 | R. Wyron | 5.30 | 4,319.50 | Meet with P. Mahaley and J. Guy re strategy (.4); meet with plan proponents and Objectors regarding discovery issues (5.3);............ |
| 04/07/09 | R. Frankel | 1.60 | 1,512.00 | Attend by telephone Grace meet and confer with plan objectors. |
| 04/02/09 | R. Frankel | 0.70 | 661.50 | Consider plan issues in preparation for meeting at Kirkland. |
| 04/06/09 | P. Mahaley | 0.90 | 272.25 | Travel to NY to attend meet and confer with insurer representatives. |
| 04/06/09 | R. Wyron | 2.60 | 1,059.50 | Travel to NY for discovery conference. |
| 04/07/09 | J. Guy | 3.00 | 1,132.50 | Travel to DC from meetings. |
| 04/07/09 | R. Wyron | 2.00 | 815.00 | Return to DC from discovery conference in NY. |
| | | 34.40 | $22,476.75 | |

# EXHIBIT "B"

*(See attached spreadsheet.)*

## RESPONSE EXHIBIT "1"

**Response to Paragraph 3 / Exhibit A / Paragraph a.: . . .**

On April 14, 2009, the Debtors convened a global strategy session among counsel for each of the Plan Proponents to prepare for the Phase I and Phase II confirmation hearings. The discussion was wide-ranging, including plan negotiations, the terms of the Plan and other Plan documents (including potential Plan amendments), litigation issues and insurance matters. Four Orrick lawyers attended for the FCR:

● Roger Frankel, the lead lawyer for the FCR, who negotiated the key elements of the deal for the FCR and has taken the lead throughout the case on key strategic decisions.

● Richard Wyron, who led the process for the FCR of negotiating and drafting the Plan and the other Plan Documents, and is intimately familiar with their terms. Mr. Wyron has also taken a lead role in negotiating resolutions with numerous objecting parties, and a number of potential resolutions were discussed during this meeting.

● Jonathan Guy, the key litigation partner on the FCR's team, responsible for discovery, development of evidence, handling depositions and testimony, and for litigation strategy and tactics.

● Peri Mahaley, the FCR's key insurance coverage lawyer. Since the proceeds of Grace's insurance are among the key assets being contributed to the PI Trust, Ms. Mahaley's input at the meeting was critical on insurance issues and the impact of strategic decisions on the insurance assets.

Orrick believes that all four of these principal lawyers for the FCR contributed to the global strategy conference in their respective areas of knowledge and expertise in a way that was far more efficient than had they not participated in the meeting.

**Response to Paragraph 3 / Exhibit A / Paragraph b.: . . .**

On April 7, 2009, the Debtors convened a meet and confer among counsel for the Plan Proponents and the objecting insurers to discuss litigation issues, including discovery and insurance neutrality. These insurers are the largest single group of objectors, and the issues they raise implicate overall case strategy and plan negotiations, the litigation process (including discovery), the terms of the Plan and potential Plan amendments, and the prospects for potential individual and group insurance settlements.

The Orrick team attending this meeting included the four principal lawyers described above. In addition, Kate Orr, the senior litigation associate on this matter, participated telephonically for that portion of the meeting dealing with discovery and litigation issues.

Including each of these lawyers was productive and efficient for the FCR, since the topics addressed – strategy, discovery, plan issues and insurance issues – with the principal objecting parties implicate each of these lawyers' expertise and focus in this case. In addition, there were numerous side-bar conversations in which we pursued individual and group resolutions, which conversations effectively laid the foundation for a number of settlement negotiations.

**RESPONSE EXHIBIT "2"**

*(See attached spreadsheet.)*