IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket Nos. 23722, 23861** |
| | | **12/14/09 Agenda No. 9** |

### DEBTORS' REPLY TO WACHOVIA BANK'S RESPONSE TO DEBTORS' MOTION REQUESTING APPROVAL OF A SETTLEMENT AGREEMENT WITH THE ALLIANZ COMPANIES

**Preliminary Statement**

Wachovia Bank, N.A. ("Wachovia"), in its purported response to the Debtors' settlement

agreement with the Allianz companies (the "Settlement Agreement"), wrongly argues that the

Settlement Agreement will impair its rights to receive reimbursement for its claim against Grace

(the "LOC Claim") based on a letter of credit (the "Edwards LOC") issued to secure a

supersedeas bond posted by Fireman's Fund Insurance Company (the "Edwards Bond").[1]

Wachovia's argument disregards the plain language of the Settlement Agreement, which

preserves all of its rights related to the LOC Claim. Wachovia's objection on this ground should

be overruled.

Having no reason to fear the effects of the Settlement Agreement, it is apparent that

Wachovia's response is actually a back-door attempt to assert a late objection to the

classification of the LOC Claim in Class 6 under Grace's Chapter 11 Plan. Numerous deadlines

for objections to the Plan have passed without a word from Wachovia, even as other parties have

---

[1]    Response of Wachovia Bank, National Association to the Motion of Debtors for an Order Approving the Settlement Agreement Between W. R. Grace & Co. and the Allianz Companies, dated November 25, 2009 (the "Wachovia Response"), at 4-9 [Dkt. No. 23861].

objected to the classification of similar claims as Class 6 Claims. Wachovia is out of time to

object to the classification of the LOC Claim. Because Wachovia's objection to classification is

late, and because it is without merit even if the Court were to consider it, Wachovia's arguments

should be rejected.

Argument

## I.    WACHOVIA'S RIGHTS ARE PRESERVED UNDER THE TDP AND ARE UNAFFECTED BY THE SETTLEMENT AGREEMENT

The Settlement Agreement could not possibly be more clear in preserving all of

Wachovia's rights. Section IV.A. of the Settlement Agreement specifically provides:

> Notwithstanding the foregoing [release], nothing in the Agreement shall affect
> any Claim (whether direct or indirect) of Wachovia Bank, N.A. against Grace
> (including without limitation any Claim for any amounts drawn pursuant to the
> Edwards Letter of Credit or otherwise owing by Grace in connection with the
> Edwards Letter of Credit), the treatment of such Claims under the Joint Plan of
> Reorganization, or any defenses that any of the Grace Parties or the Trust may
> have to any such Claims.[2]

This language, by itself, is more than sufficient to protect Wachovia's claim, and the Plan

Proponents readily concede that Wachovia's rights are unaffected by the Settlement Agreement.

Nonetheless, Wachovia alleges that, pursuant to the terms of the Agreement and the

Asbestos PI TDP, its claim for amounts drawn under the Edwards LOC is "effectively

extinguished."[3] Even setting aside the clear language expressly preserving the LOC Claim, the

releases in the Settlement Agreement do not in any way impact or impair Wachovia's ability to

satisfy the mechanism set forth in Section 5.6 of the Asbestos PI TDP for paying Indirect PI

---

[2]    Debtors' Motion for an Order Approving the Settlement Agreement Between W. R. Grace & Co. and the
Allianz Companies, dated November 9, 2009, Ex. A (Settlement Agreement) at 13 [Dkt. No. 23722]

[3]    Wachovia Response at 5 [Dkt. No. 23861].

Trust Claims.  That section requires Wachovia to establish that it has "paid in full the liability and obligation of the PI Trust to . . . [Fireman's Fund] to whom the PI Trust would otherwise have had a liability or obligation under this TDP . . . ."[4]  The Plan Proponents do not dispute that Wachovia has paid premiums for the Edwards Bond by funding draws under the Edwards LOC that would otherwise have been a claim of Fireman's Fund against the Debtors and, under the Plan, a claim against the Asbestos PI Trust.  Moreover, Fireman's Fund's claim will not be extinguished on the Effective Date because its claim will not be released until the Edwards Plaintiffs release the Edwards Bond, which will not occur until some time after the Effective Date.  Thus, Wachovia can clearly show that it has satisfied the obligations of Grace to Fireman's Fund for payment of bond premiums and that it has satisfied obligations that the Asbestos PI Trust would otherwise have to Fireman's Fund by funding draws against the Edwards LOC.  If the Court finds it necessary to provide specific language to that effect in the Approval Order, the Debtors will amend the Approval Order accordingly.[5]

## II.    WACHOVIA'S ARGUMENTS CONCERNING THE CLASSIFICATION OF ITS CLAIM ARE UNTIMELY PLAN OBJECTIONS AND LACK MERIT

(a)    The Deadline for Objections to the Plan Has Passed, and Wachovia's Arguments Concerning Classification of the LOC Claim Are Therefore Untimely

Ever since the first Disclosure Statement for the First Joint Plan of Reorganization was filed on September 19, 2008, it has been perfectly clear that the LOC Claim would be treated as

---

[4]    *See* PP Ex. 277.04 Rev. (Asbestos PI Trust Distribution Procedures § 5.6)

[5]    For example, the Approval Order could include, if necessary, language similar to the following: "By funding draws under the Edwards Letter of Credit with respect to premiums due to Fireman's Fund on the Supersedeas Bond, Wachovia has satisfied obligations of Grace to Fireman's Fund under the Indemnity Agreement for payment of bond premiums and thus has satisfied obligations the Asbestos PI Trust would otherwise have to Fireman's Fund."  This language is drawn from paragraph 15 of Wachovia's objection, where Wachovia sets out the requirements of the PI TDP that it professes it will not be able to satisfy.  Inclusion of such language in the Approval Order is more than sufficient to address Wachovia's articulated concerns.

an Indirect PI Trust Claim, classified with other Asbestos PI Claims, and channeled to the Asbestos PI Trust. In fact, footnote 13 of the Disclosure Statement explicitly states: "Under the Plan, claims based on payment of the . . . [Wachovia] Letter of Credit are treated as Indirect PI Trust Claims to be channeled to the Asbestos PI Trust."[6] This Court has established clear deadlines for filing objections to the Plan. The Third Amended Case Management Order clearly set the final deadline for all objections to the Plan as May 20, 2009.[7] Deadlines were also set for pre-trial briefs[8] and for post-trial opening and response briefs.[9] Now, after each of these deadlines has passed, and after completion of a lengthy and complex confirmation hearing, Wachovia has asserted that it "does not concede the correctness of the placement of its [LOC Claim] in Class 6" and that this classification "has always been ill-fitting."[10] This "objection" has nothing to do with whether the Settlement Agreement should be approved. Further, Wachovia is simply out of time to object to the classification of the LOC Claim under the Plan, and these arguments should be rejected as untimely.[11]

        (b)    Wachovia's Arguments Concerning Classification of the LOC Claim Are Entirely Without Merit

Even if the Court were to consider Wachovia's untimely arguments concerning the classification of the LOC Claim under the Plan, these arguments are simply without merit. It is clear from the face of the Edwards LOC that it was specifically issued in connection with the

---

6    Debtors' Disclosure Statement, dated September 19, 2008, at 26-27 n.13 [Dkt. No. 19581].

7    Third Amended Case Management Order, dated May 5, 2009, at 2 [Dkt. No. 21544].

8    *Id.* at 3 (setting deadline for pre-trial briefs by Plan objectors as July 13, 2009).

9    Order Establishing Schedule of Post-Trial Briefing and Related Matters, dated October 26, 2009 [Dkt. No. 23567].

10    Wachovia Response at 4-5 [Dkt. No. 23861].

11    *See In re Am. Family Enter.'s*, 256 B.R. 377, 394 (D.N.J. 2000) (overruling objection to confirmation as untimely where objections were not asserted before plan objection deadline).

asbestos personal injury judgment against Grace in favor of Aaron Clifton Edwards, et al. entered in Texas State Court on April 7, 2000.[12] The premiums for the Edwards Bond, which underlie the LOC Claim, plainly derive from the Debtors' asbestos liabilities because the bond was posted to secure an asbestos personal injury judgment. Under the Plan, Indirect PI Trust Claims include all liabilities arising directly or indirectly from the Debtors' asbestos operations, and the channeling and classification of these claims are supported by § 524(g).[13] Thus, the LOC Claim is properly channeled to the Asbestos PI Trust and classified in Class 6 with other Asbestos PI Claims under the Plan.[14]

## Conclusion

For the foregoing reasons, Wachovia's objection to the Settlement Agreement should be rejected, and any objection that Wachovia purports to assert to the classification of the LOC Claim under the Plan should be overruled as untimely.

---

[12]  See Wachovia Response at Ex. A (Wachovia Letter of Credit No. LC870-122413) (authorizing Fireman's Fund to draw against the Edwards LOC for funds "required to cover liability, loss, cost, expense, or unpaid premiums incurred by [FFIC] . . . under a bond . . . executed by [FFIC] . . . in favor of Aaron Clifton Edwards, et al.") [Dkt. No. 23861]; see also 9/14/09 Tr. 267-68 (Hughes) (describing the Edwards case).

[13]  See 11 U.S.C. § 524(g)(2)(B)(i)(I) (stating that a § 524(g) injunction must be implemented in connection with a trust that will assume the liabilities of a debtor that has been named as a defendant in actions seeking asbestos-related damages); 11 U.S.C. § 524(g)(1)(B) (permitting injunction to be issued to enjoin legal actions to indirectly collect on claims or demands that will be paid by a § 524(g) trust); see also 9/14/09 Tr. 268 (Hughes) (explaining that the Edwards Bond was posted to secure the asbestos personal injury award in the Edwards case).

[14]  See Plan Proponents' Main Post-Trial Brief in Support of Confirmation, dated November 3, 2009, at 37-39 [Dkt. No. 23662].

Dated:  December 4, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Nathaniel J. Kritzer
601 Lexington Avenue
New York, NY  10022
Telephone: (212) 446-4800

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison St.
Suite 2100
Chicago, IL 60602
Telephone:  (312) 641-2162
Facsimile:  (312) 641-2165

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

*Co-Counsel for the Debtors and Debtors in Possession*