THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Re: Docket No. 18580;
Civil Action No. 08-863
11/23/09 Agenda #11

## AMENDED ORDER AUTHORIZING THE APPOINTMENT OF DIANE M. WELSH AS CLAIMS MEDIATOR

On April 21, 2008, this Court entered an Order authorizing the appointment of Diane M. Welsh as the Mediator ("Mediator") for certain Speights & Runyan Claims (the "Order") (Docket No.18580). The Debtors now seek to amend the Order so that the Mediator may mediate claims in addition to those outlined in the Order; including the claims of the State of California addressed in Civil Action No. 08-863; the Court having indicated it is supportive of such amendment; counsel for both the Debtors and the State of California having consented to such amendment; and it appearing that sufficient cause exists for granting the requested relief and that the relief requested is in the best interest of the Debtors' estates and creditors IT IS HEREBY:

ORDERED that the Order appointing Diane M. Welsh the Mediator for the S & R Claims dated April 21, 2008 is hereby amended so that the Mediator may mediate claims in addition to those contemplated by the Order; and it is further

ORDERED that the Mediator shall be retained under the following terms:

a. *Compensation-*

(i) Compensation for the Mediation, including professional fees and reimbursement of expense shall be payable to the Mediator equally by the Debtors and the claimant whose claim is being mediated (the "Claimant"). Judge Welsh will be compensated for her services at a rate of $550 per hour

plus and initial non-refundable Case Management Fee of $275 from each party, plus out-of-pocket expenses.

(ii) If the Mediator incurs time or out-of-pocket expenses in rendering services in a given calendar month, then on or before the last day of the immediately following calendar month, the Mediator shall file with the Court and serve upon the parties specified below a written billing statement that will conform with the reporting requirements set forth herein.

(iii) The Mediator's billing statement shall include the following:

(1) A chronological itemization of services performed, including the date each service was performed, the amount of time spent in performing each service (in tenths of an hour), and a narrative description of each service performed; and

(2) An itemization of actual and necessary expenses incurred by the Mediator. When charges are made for travel and related expenses, each travel expense (including the class of travel) and each hotel and meal expense shall be separately stated.

(iv) The Mediator's written billing statement shall be served on: (a) counsel for the Debtors; (b) counsel for each of the Official Commitees; (c) counsel for the legal representative for future asbestos personal injury claimants; (d) the Office of the United States Trustee; and (e) all other persons or entities who participated in the discussions with the Mediator.

(v) If any party, person, or entity wishes to object to any aspect of the billing statement, then such party, person, or entity shall file a written objection with the Court, identifying the parts of the billing statement that are being objected to and legal or factual grounds supporting such objection. The objecting party, person, or entity shall file any objection within fourteen (14) calendar days after service of the billing statement. The objection party, person, or entity shall also serve the objections on the parties, persons, and entities listed in paragraph 4(d). Should any timely-filed objection to the Mediator's billing statement remain unresolved by the parties, persons, or entities that received notice of the objection, the Court will hear and decide the objection at a hearing scheduled on an omnibus hearing date, which hearing shall be scheduled on no less than fourteen (14) days' written notice.

(vi)    If no objections are filed and served upon expiration of the fourteen-day objection period, as specified above, then the amounts set forth in the billing statement shall be allowed as an administrative expense of the Debtors' bankruptcy estates, pursuant to 11 U.S.C. 503(b), without any further notice or order of this Court, and the Debtors shall pay in cash, from assets of their estates, the amounts set forth in the billing statement.

b.   ***Liability and Indemnity of the Mediator-*** The Mediator shall not be liable for any damages, or have any obligations other than the duties prescribed in the order of appointment. The Mediator shall not be liable to any person as a result of any action of omission taken or made by the Mediator in good faith. The Debtors and Claimant shall equally indemnify, defend (and shall be jointly and severally liable for any such indemnification and/or defense), and hold the Mediator harmless from any claims by any party against the Mediator arising out of or relating to the performance of her duties as mediator, provided, however, that the Mediator shall not have such indemnification rights if a Court of competent jurisdictions determines pursuant to a final and non-appealable order that the Mediator is liable upon such claim as a result of willfull misconduct or gross negligence. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order and no longer subject to appeal), and (ii) entry of an order closing these chapter 11 cases, the Mediator believes that she is entitled to payment for any amounts by the Debtors or Claimant on account of the indemnification, contribution and/or reimbursement obligations under this order, including without limitation the advancement of defense costs, the Mediator must file an application therefore in this Court, and the Debtors may not pay any such amounts to the Mediator before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees an expenses by the Mediator for indemnification, contribution or reimbursement and is not a limitation on the duration of the Debtors' or Claimant's obligation to indemnify the Mediator. In the event that a cause of action is asserted against the Mediator arising out of relating to the performance of her duties as Mediator, the Mediator shall have the right to choose her own counsel; and it is further

3

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order, which is final.

Dated: December ___, 2009

                                                        The Honorable Judith K. Fitzgerald
                                                       United States Bankruptcy Judge