IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | Re: Docket Nos. 20872, 20874, and 20877 |

## NOTICE OF THIRD SET OF MODIFICATIONS TO JOINT PLAN OF REORGANIZATION

Please take notice that the above-captioned debtors (the "Debtors"), together with the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Equity Security Holders, and the Asbestos PI Future Claimants' Representative (collectively the "Plan Proponents"), hereby submit this third set of technical modifications to the Plan Proponents' First Amended Joint Plan of Reorganization [Dkt. No. 20872] and related Plan Documents contained in the Exhibit Book filed on February 27, 2009 [Dkt. No. 20874] and amended Exhibit

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 16030122.1

25 filed on February 28, 2009 [Dkt. No. 20877] (collectively, the "Plan Document Modifications"), and respectfully state as follows:

1. The Plan Proponents filed their first set of Plan Document Modifications to the Joint Plan on September 4, 2009 [Dkt. No. 23177] and their second set of Plan Document Modifications to the Joint Plan on October 12, 2009 [Dkt. No. 23474]. Those modifications were either technical in nature (*e.g.*, correcting typographical or similar errors) or were intended to address specific objections that were filed by various objecting parties in opposition to the confirmation of the Joint Plan.

2. The Plan Proponents are, pursuant to this Third Set of Plan Document Modifications, making certain additional plan modifications. Specifically, the Third Set of Plan Document Modifications is explained below, and relates to (1) the Joint Plan; (2) Exhibit 3 to the Joint Plan -- the Asbestos PD Trust Agreement; (3) new Exhibit 34 to the Joint Plan -- the Amended and Restated CDN ZAI Minutes of Settlement; and (4) Exhibit 5 to the Joint Plan -- the Schedule of Settled Asbestos Insurance Companies Entitled to §524(g) Protection.

**The Successor Claims Injunction Language in Section 8.5 of the Joint Plan**

3. Certain parties have objected to confirmation of the Joint Plan on the ground that the Successor Claims Injunction affected certain of their rights against the Fresenius Indemnified Parties. A new section 8.5.2 titled "Reservations and Recourse for the Benefit of Holders of Grace-Related Claims" has been added to the Joint Plan to make clear that the Reorganized Debtors will, from and after the Effective Date, assume all liability of Fresenius with respect to Grace-Related Claims, as that term is defined therein, other than such Claims which are Asbestos PI Claims, claims arising out of the Fresenius Transaction as that term is defined in the Joint Plan, and Claims based on theories of fraudulent transfer, successor liability and similar matters.

The effect of this Plan Modification will be to permit Claimants who had direct, non-asbestos PI Claims against Fresenius that arose prior to the occurrence of the Fresenius Transaction, to assert those Claims against the Reorganized Debtors in accordance with the terms of Section 8.5.2.

4. While the Plan Proponents have provided extensive briefing explaining why the Joint Plan can and should be confirmed over the objections to the Successor Claims Injunction language in its original form, the Plan Proponents nevertheless have agreed to add the amended language in order to expand certain parties' rights with respect to Grace-Related Claims. This new language is reflected in **Exhibit A** annexed hereto.

### The Canadian Amended and Restated Minutes of Settlement

5. On October 18, 2008, the Canadian Court approved the CDN ZAI Minutes of Settlement, which are set forth at Exhibit 9 to the Joint Plan. By its terms, the CDN ZAI Minutes of Settlement was void if Grace did not obtain the Confirmation Order by October 31, 2009.

6. The Amended and Restated CDN ZAI Minutes of Settlement extends the original agreement on its terms, with the following changes:

    (i) the deadline for receiving the Confirmation Order in the United States is now December 31, 2010;

    (ii) Grace agreed to increase its contribution to the CDN ZAI PD Claims Fund from CAD$6,500,000.00 million to CAD$8,095,632.44 or CAD$8,595,632.44, depending on the date of the Confirmation Order;

    (iii) the parties agreed that the CDN ZAI PD Claims Fund may accept CDN ZAI PD Claims through December 31, 2009;

    (iv) Grace agreed to support the application of CCAA Representative Counsel in this Court for their appointment as special counsel for CDN ZAI Claimants, which will entitle them to apply to this Court to have the Debtors pay certain of their legal fees; and

    (v) the prohibition on CDN ZAI Claimants from pursuing the Crown for certain CDN ZAI PI Claims has been lifted so those claims may be pursued provided that any subsequent claims by the Crown for contribution and indemnity are channeled to the Asbestos PI Trust.

7. The Amended and Restated CDN ZAI Minutes of Settlement is similar to the original CDN ZAI Minutes of Settlement, and was approved by the Canadian Court on December 13, 2009 (written decision pending). Under the Joint Plan, the CCAA Representative Counsel voted on behalf of all CDN ZAI Claimants. Under the Amended and Restated CDN ZAI Minutes of Settlement, the vote which the CCAA Representative Counsel made pursuant to the original agreement in favor of the Joint Plan shall constitute a vote pursuant to the Amended and Restated CDN ZAI Minutes of Settlement in favor of the Joint Plan. Thus, no further solicitation of CDN ZAI Claimants is required. A copy of the Amended and Restated CDN ZAI Minutes of Settlement -- the new Exhibit 34 to the Joint Plan -- is annexed hereto at **Exhibit B.**

8. In addition, changes were made to the definition of "CDN ZAI Minutes of Settlement" in the Joint Plan at Section 1.1.68 to include the Amended and Restated CDN ZAI Minutes of Settlement. Such changes are reflected in **Exhibit A** annexed hereto.

**Asbestos PD Trust Agreement**

9. As part of the October 12, 2009 second set of Plan Document Modifications, and at the request of the PD FCR, certain changes were made to the Asbestos PD Trust Agreement in Sections 1.4(d), 2.1(c)(viii) and 2.1(g) therein to better account for any possible payment defaults. At the Confirmation Hearing, however, the Court expressed some concern that if these amendments applied to current Asbestos PD Claimants, then such claimants could argue that they are impaired by the Joint Plan and would be entitled to vote to accept the Joint Plan for purposes of 11 U.S.C. § 1126. *See* 10/14/09 Hrg. Tr. 150-157 (Court). To avoid any such concern, with the consent of the Asbestos PD FCR, the Asbestos PD Trust Agreement has been further amended to make clear that Section 2.1(c)(viii) and the payment default procedures suggested therein only apply to future Asbestos PD Claimants. Accordingly, there is no

provision of the Joint Plan which could arguably impair current Asbestos PD Claimants. A copy of the amended sections of the Asbestos PD Trust Agreement, which is Exhibit 3 to the Joint Plan, is annexed hereto at **Exhibit C.**

### Schedule of Settled Asbestos Insurance Companies

11. A modified version of Plan Exhibit 5, the Schedule of Settled Asbestos Insurance Companies, was filed on September 4, 2009. Since then, the Court has approved settlement agreements between Grace and a number of insurers. These settlements are reflected in further modifications to this Schedule, annexed hereto at **Exhibit D.**

12. No additional changes were made to the Plan Documents since the second set of Plan Document Modifications. However, for ease of reference of the parties and the Court, the Plan Proponents are attaching full blacklines of the Joint Plan and the Asbestos PD Trust Agreement to include all changes from February 27, 2009 through the present date unless otherwise indicated. If any parties would like clean copies of these documents or a clean copy of the Schedule of Settled Asbestos Insurance Companies (Plan Exhibit 5), please contact Debtors' counsel at the below address:

> Deanna D. Boll, Esq.
> Kirkland & Ellis LLP
> 601 Lexington Avenue
> New York, NY 10022
> (212) 446-4759
> deanna.boll@kirkland.com

The blackline of the Joint Plan is attached at **Exhibit E** hereto; and the blackline of the Asbestos PD Trust Agreement is attached at **Exhibit F** hereto.

13. Section 1127(a) of the Bankruptcy Code provides in pertinent part: "The proponents of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123

of this title. After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan." 11 U.S.C. § 1127(a).

14. Furthermore, Rule 3019 of the Federal Rules of Bankruptcy Procedure provides in pertinent part: "In a chapter 9 or chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan. If the court finds after hearing on notice to the trustee, any committee appointed under the Code, and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan." Fed. R. Bankr. 3019.

15. The proposed Plan Document Modifications do not alter in any respect the treatment accorded to claims or equity interests of any party that has not consented to or requested such modifications. As such, the Plan Proponents submit that no additional solicitation is required as a result of the requested modifications. *See In re Cellular Info. Sys., Inc.*, 171 B.R. 926, 929 n.6 (Bankr. S.D.N.Y. 1994) (nonmaterial modifications to plan do not require resolicitation).

| | |
|---|---|
| Dated: December 16, 2009<br>Wilmington, Delaware | Respectfully submitted,<br><br>KIRKLAND & ELLIS LLP<br>David M. Bernick, P.C.<br>Theodore L. Freedman<br>Deanna D. Boll<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>and<br><br>THE LAW OFFICES OF JANET S. BAER, P.C.<br>Janet S. Baer, P.C.<br>70 W. Madison Street<br>Suite 2100<br>Chicago, IL 60602<br>Telephone: (312) 641-2162<br><br>and<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ James E. O'Neill*<br>Laura Davis Jones (Bar No. 2636)<br>James E. O'Neill (Bar No. 4042)<br>Kathleen P. Makowski (Bar No. 3648)<br>Timothy Cairns (Bar No. 4228)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705<br>(Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br><br>*Counsel for the Debtors and Debtors in Possession* |

CAMPBELL & LEVINE, LLC

/s/ Mark. T. Hurford
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947
mhurford@camlev.com

and

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*

PHILIPS, GOLDMAN & SPENCE, P.A.

/s/ John C. Philips
John C. Philips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T. Austern, Asbestos PI Future Claimants' Representative*

SAUL EWING LLP

/s/ Teresa K.D. Currier
Teresa K.D. Currier (Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Facsimile: (302) 421-6813

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Horowitz
Douglas Mannal
1177 Avenue of the Americas
New York, NY 10022
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee of Equity Security Holders*