IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date: December 14, 2009 at 10:30 a.m. |
| | ) | Objection Deadline: November 25, 2009 at 4:00 pm. |
| | ) | Agenda No. 7 |

RE: 23723 & 23877

### ORDER PURSUANT TO SECTIONS 105, 363, 1107 AND 1108 OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 9014 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING SETTLEMENT AGREEMENT BY AND BETWEEN W.R. GRACE & CO. AND THE EDWARDS PLAINTIFFS

This matter having come before the Court on the Debtors' Motion (the "Motion") for an order approving the settlement agreement (the "Settlement Agreement") by and between W.R. Grace & Co. ("Grace"), on the one hand, and Aaron C. Edwards, James T. Beam, Edward E. Storey, John M. Thomas, and Sheila Martin, Individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries (collectively, the "Plaintiffs," and together with Grace, the "Parties"), on the other hand; and the Court having reviewed and conducted a hearing on the Motion, the Court hereby finds that:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

(b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

(c) notice of the Motion was adequate under the circumstances;

(d) the relief requested in the Motion is in the best interests of the bankruptcy estate;

(e) the compromise and settlement memorialized in the Settlement Agreement are the product of arm's-length, good faith negotiations by and between the Debtors and the Plaintiffs and are not the product of fraud or collusion. The settlement meets the standards established by the United States Court of Appeals for the Third Circuit for approval of settlements, which require consideration of the following factors: (1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and related expense and inconvenience; and (4) the interests of the creditors. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also Fry's Metals, Inc. v. Gibbons (In re RFE Industries, Inc.)*, 283 F.3d 159, 165 (3d Cir. 2002);

(f) the consideration to be realized by the bankruptcy estate as a result of the settlement with the Plaintiffs is fair and reasonable; and

(g) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

NOW, THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 363, 1107 AND 1108, AND RULES 2002, 6004, 9014 AND 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. For the reasons set forth herein and on the record at the hearing, all objections to the Motion and the relief requested therein and/or granted in this Order that have not been

withdrawn, waived or settled, and all reservations of rights included in such objections are overruled on the merits.

3. The Settlement Agreement, a copy of which is attached to the Motion as Exhibit A, is approved in its entirety.

4. The Debtors shall be, and hereby are, authorized to enter into the Settlement Agreement, and are authorized to execute, deliver, implement and fully perform any and all obligations, to execute any instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein.

5. To the extent that Grace fails to perform any of its obligations under the Settlement Agreement, after the Effective Date, the Asbestos PI Trust may step into the shoes of Grace and perform such obligations on Grace's behalf. The Parties agree that the Asbestos PI Trust and Fireman's Fund Insurance Company are third-party beneficiaries of the Settlement Agreement.

6. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 6004(h).

7. This Court shall retain exclusive jurisdiction to interpret, implement and enforce the provisions of this Order subject to the terms of the Settlement Agreement.

Dated: \_\_\_\_12\\17\_\_\_\_, 2009

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge    SJS