# Exhibit A

## SETTLEMENT AGREEMENT BY AND BETWEEN W.R. GRACE & CO. AND THE EDWARDS PLAINTIFFS

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This Settlement Agreement and Mutual Release ("Agreement") is made by and between W. R. Grace & Co. ("Grace"), on the one hand, and Aaron C. Edwards, James T. Beam, Edward E. Storey, John M. Thomas, and Sheila Martin, Individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries (collectively, the "Plaintiffs), by and through their attorneys, Reaud, Morgan & Quinn, L.L.P. ("RMQ"), on the other hand. Grace and Plaintiffs shall be referred to herein individually as a "Party" and collectively as "the Parties."

**RECITALS**

A. In 1995, Plaintiffs sued Grace and other defendants for asbestos-related personal injuries in the 60th Judicial District Court of Jefferson County, Texas (the "Trial Court"), Cause No. B-150,896-J (the "Trial Court Case"). The Trial Court Case proceeded to trial before a jury, and on March 28, 2000, the trial court signed a judgment for damages in favor of Plaintiffs and against Grace, for the total sum of $38,427,617.78, plus post-judgment interest at the rate of twelve percent (12%) per annum, and all costs of suit (the "Judgment").

B. On June 23, 2000, Grace timely appealed the Judgment to the Texas Court of Appeals, Sixth District of Texas, Appeal No. 06-00-00112-CV (the "Appeal").

C. On July 7, 2000, Grace filed in the Trial Court Case a Supersedeas Bond (the "Supersedeas Bond"), with Fireman's Fund Insurance Company ("FFIC") as surety thereof, in the amount of $43,038,931.91, which, among other things, suspended enforcement of the Judgment during the pendency of the Appeal.

D. While the Appeal was pending, Grace and 61 affiliates (collectively, "Debtors"), filed chapter 11 bankruptcy cases on April 2, 2001 (the "Petition Date"), in the United States Bankruptcy Court for the District of Delaware, Case No. 01-01139 (JKF) (administratively

consolidated) (the "Bankruptcy Case").

E. The Parties subsequently engaged in discussions regarding settlement of the Judgment as a liquidated claim channeled to the Asbestos PI Trust (as defined in the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated February 27, 2009 (as it may be amended, supplemented, or otherwise modified from time to time, and together with its exhibits and schedules, the "Plan")).

F. The Parties now desire to enter into this Agreement evidencing their settlement, on the terms and conditions as set forth herein, subject to approval of the Court.

**NOW, THEREFORE**, for good and valuable consideration, the Parties agree as follows:

## AGREEMENT

1. Effective as of the Effective Date,[1] Plaintiffs, on behalf of themselves and each of their successors, heirs, assigns, agents, attorneys, family members and representatives, release (a) all of their rights, title, and interest in and under the Supersedeas Bond, and (b) all rights, claims, and causes of action against FFIC in its capacity as surety with respect to the Supersedeas Bond. Promptly following the Effective Date, the Parties shall take all steps necessary to discharge and release the Supersedeas Bond, and to either (x) return the Supersedeas Bond to counsel for FFIC, or (y) to obtain an order from the Trial Court, as provided in paragraphs 9, 10 and 11 of this Agreement.

2. Effective as of the Effective Date, the Parties agree that the Judgment shall be allowed by the Bankruptcy Court as liquidated claims of Plaintiffs against the Asbestos PI Trust as set forth in paragraph 3 below (the "Liquidated Claims") and such Liquidated Claims shall be treated as Pre-Petition Liquidated Claims under Section 5.2(a) of the Asbestos PI Trust Distribution Procedures ("TDP") incorporated into the Plan (or under any similar provision in

---

[1] All capitalized terms used hereafter and not defined herein shall have the meanings ascribed to them in the Plan.

2

such other plan of reorganization that includes a similar TDP). Due to the release of the Supersedeas Bond, no marshalling of security shall be required of Plaintiffs under Section 5.2(b) of the TDP.

3. The Liquidated Claims will be subject to all terms and conditions of the TDP, including the application of the payment percentage and the sequencing adjustment. Each Plaintiff's Liquidated Claim shall be treated as liquidated as of the Petition Date in the following amount:

| | | |
|---|---|---|
| (a) | Aaron C. Edwards | $3,425,022.30 |
| (b) | James T. Beam | $2,296,281.70 |
| (c) | Edward E. Storey | $2,296,281.70 |
| (d) | John T. Thomas | $2,192,309.00 |
| (e) | Sheila Martin, Individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries | $2,790,105.70 |

4. Following the execution of this Agreement by all signatories, Plaintiffs (a) shall suspend prosecution of all of their objections to confirmation of the Plan; and (b) shall not oppose the entry of a Confirmation Order; *provided, however*, that in the event that (x) the Court enters an order denying approval of this Agreement; (y) any order approving this Agreement (the "Approval Order") does not become a Final Order; or (z) the Plan Proponents amend the Plan in a manner which materially and adversely changes the treatment of the Liquidated Claims, Plaintiffs may renew prosecution of their objections to the Plan, to the extent practical.

5. Upon the Approval Order becoming a Final Order, Plaintiffs agree to withdraw their objections to confirmation of the Plan. Prior to the Effective Date, the withdrawal of such objections shall be without prejudice, subject to renewal in accordance with paragraph 4 of this

Agreement. Upon the occurrence of the Effective Date, the withdrawal of such objections shall be deemed to be with prejudice.

**RELEASES**

6. Other than the Parties' obligations hereunder, effective as of the Effective Date, Grace, on behalf of itself and each of its subsidiaries and affiliates, including each of the Debtors, hereby releases and discharges Plaintiffs and each of their successors, heirs, assigns, agents, partners, attorneys, family members, employees, shareholders, officers, directors, members, representatives, insurers, corporations, partnerships and their subsidiaries, affiliates and predecessors, of and from any and all manner of action or actions, cause or causes of action in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims, demands, damages, losses, costs or expenses of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, from the beginning of time to the date of this Agreement which Grace now has or may hereafter have relating to or arising out of claims made in the Trial Court Case, the Appeal, and/or the Bankruptcy Case.

7. Other than the Parties' obligations hereunder, effective as of the Effective Date, Plaintiffs, on behalf of themselves and each of their successors, heirs, assigns, agents, attorneys, family members, and representatives, hereby release and discharge Grace, the Debtors, the Reorganized Debtors, the Asbestos PI Committee, the Asbestos PI FCR, and the Asbestos PI Trust, and each, solely in respect of matters arising from the Judgment against Grace, of their/its successors, heirs, assigns, agents, partners, attorneys, family members, employees, shareholders, officers, directors, members, representatives, insurers, corporations, partnerships and their subsidiaries, affiliates and predecessors (collectively, the "Released Parties"), of and from any and all manner of action or actions, cause or causes of action in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims, demands, damages, losses, costs or

expenses of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, from the beginning of time to the date of this Agreement which Plaintiffs now have or may hereafter have relating to or arising out of (a) any claims made in the Trial Court Case, the Appeal, and/or the Bankruptcy Case, and (b) any Asbestos PI Claims. Notwithstanding anything to the contrary herein, Plaintiffs do not in any way release or discharge the Judgment or the liability of any party thereto except as to the Released Parties, and (except as to the Released Parties) the Judgment shall remain a valid obligation of all parties thereto. Furthermore, Plaintiffs do not in any way release or discharge the judgment or liability of Pittsburgh Corning Corporation.

8. Each of the Parties represents and warrants to all other Parties that it is the sole and lawful owner of all right, title and interest in and to every claim released hereby and that no portion of any claim, right, demand, action or cause of action that it has or might have against any other Party, nor any portion of any such claim, right, demand, action or cause of action to which it may be entitled, has been assigned or transferred to any other person, firm or corporation in any manner (other than assignments which may have been made by Plaintiffs to their counsel pursuant to any agreement between such parties), including by way of subrogation or operation of law or otherwise. Each Party further represents and warrants to all other Parties that it does not know of any person or entity not a Party hereto who has (or claims to have) any interest in any claim or right which is released hereby. Each person signing this Agreement represents and warrants that he or she has been authorized to do so on behalf of the Party for whom he or she is signing, subject, in the case of Grace, to approval of the Bankruptcy Court. In the event that any claim, demand, or suit should be made or instituted against a Party or Parties because of a breach of any representation or warranty contained in this paragraph, the Party in

breach of such representation or warranty hereby indemnifies and holds harmless the other Party or Parties, and further indemnifies and holds harmless the Asbestos PI Trust (if any such claim, suit or demand is made or instituted against the Asbestos PI Trust), against the claim, suit or demand and agrees to pay and satisfy any such claim, suit or demand, including necessary expenses of investigation, attorneys' fees and costs.

### SUPERSEDEAS BOND RELEASE PROTOCOL

9. Within five (5) business days after the Effective Date, the Parties shall jointly file a motion in the Trial Court Case (the "Trial Court Motion"), substantially in the form of Exhibit A attached to this Agreement, or in such other substantially similar form as shall have been agreed to by the Parties. The Trial Court Motion shall seek entry of an order that:

(i) Discharges any liability of FFIC as surety in connection with the Supersedeas Bond; and

(ii) Either (a) releases the Supersedeas Bond to Grace's counsel, or (b) states that the Supersedeas Bond is null and void and of no further force or effect as among the parties to the Trial Court Case, the Judgment, and the Appeal.

10. To the extent that any additional documents or acts are reasonably required to be executed or performed by a Party in order to comply with the obligations contained in paragraph 9 above, the Party in question shall promptly execute and deliver such documents and/or perform said acts in accordance with the terms hereof.

11. Within five (5) business days of receipt by Grace's counsel of the released Edwards Bond pursuant to paragraph 9(ii)(a) above, Grace shall forward the released Supersedeas Bond to counsel for FFIC at the address set forth below:

Crowell & Moring LLP
1001 Pennsylvania Ave., N.W.
Washington, DC 20004
Attn: Mark D. Plevin and Clifford B. Hendler
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

## MISCELLANEOUS

12. This Agreement shall be construed and interpreted in accordance with the laws of the State of Delaware.

13. All Parties agree that this Agreement may be executed in counterparts, and that any copy of this Agreement which contains the original or a photocopy or facsimile of the signature of each and every signatory hereto shall be deemed an original.

14. Each Party shall bear all attorneys' fees and costs incurred by such Party in connection with this Agreement and the matters and documents referred to herein and all related matters.

15. This Agreement sets forth the entire agreement between the Parties concerning the settlement of the disputes described in this Agreement, and shall supersede any and all prior agreements or understandings, written or oral, between these Parties pertaining to the subject matter hereof. Each Party agrees that no provision or breach of this Agreement may be waived unless the waiver is expressed in a writing signed by the Party charged with the waiver, and that the waiver of any one provision or breach shall not be deemed to constitute a waiver of any other provision or breach. This Agreement may not be amended, modified or terminated, in whole or in part, except by an instrument in writing, executed by the Parties or their authorized representatives.

16. To the extent that Grace fails to perform any of its obligations under this Agreement, after the Effective Date, the Asbestos PI Trust may step into the shoes of Grace and perform such

obligations on Grace's behalf. The Parties agree that the Asbestos PI Trust and FFIC are third-party beneficiaries of this Agreement.

17. This Agreement shall terminate upon the occurrence of any of the following events: (a) the failure of the Asbestos PI Committee and the Asbestos PI FCR to consent to this Agreement within five (5) business days after the date this Agreement is executed by the Parties; (b) the failure to obtain an Approval Order that becomes a Final Order; (c) entry of an order dismissing the Bankruptcy Case, or converting the Bankruptcy Case to a case or cases under Chapter 7 of the Bankruptcy Code; (d) the Court, or any appellate court with jurisdiction over the Plan, determines that the Plan cannot be confirmed in whole or in part based upon the existence or terms of this Agreement; or (e) the Court enters an order confirming a plan of reorganization for Grace that does not provide for an injunction channeling asbestos personal injury claims, including the claims of Plaintiffs, to a trust created under Section 524(g) of the Bankruptcy Code.

18. To the extent that any additional documents or acts are reasonably required to be executed or performed by a Party in order to effectuate or carry out this Agreement, the Party in question shall promptly execute and deliver such documents and/or perform said acts in accordance with the terms hereof.

19. The liability for any claim released herein is denied by the Parties herein released, and this final compromise and settlement thereof shall never be treated as an admission of liability or responsibility at any time for any purpose.

20. The terms of this Agreement have been negotiated at arms' length among sophisticated Parties represented by counsel, and this Agreement in its final form is the result of

8

the combined efforts of counsel for all Parties. As a result, the rule of "Interpretation Against the Draftsman" shall not apply in any dispute over interpretation of the terms of this Agreement.

21. Any dispute concerning the interpretation, performance or enforcement of this Agreement or any other matter arising from or connected with this Agreement shall be determined solely by proceedings in the Bankruptcy Case.

22. In entering into this Agreement, the Parties represent that they each relied upon the advice of their own attorneys, who are attorneys of their own choice, concerning the legal consequences of this Agreement; that the terms of this Agreement have been completely read and explained to the Parties by their respective attorneys; and that the terms of this Agreement are fully understood and voluntarily accepted by the Parties.

23. All Parties agree that all warranties and representations expressed in this Agreement shall survive the execution of the Agreement.

IN WITNESS WHEREOF, the Parties, by their respective authorized representatives, have executed this Agreement by affixing their signatures hereto.

              W. R. GRACE & CO.

            By _/s/ Richard C. Finke_
              Name: RICHARD C. FINKE
              Title: ASSISTANT GEN. COUNSEL - LITIGATION
              November 5, 2009


            THE PLAINTIFFS,
            By Reaud, Morgan and Quinn, L.L.P.


            By _____
              Name: _____
              Title: _____
              November __, 2009

the combined efforts of counsel for all Parties. As a result, the rule of "Interpretation Against the Draftsman" shall not apply in any dispute over interpretation of the terms of this Agreement.

21. Any dispute concerning the interpretation, performance or enforcement of this Agreement or any other matter arising from or connected with this Agreement shall be determined solely by proceedings in the Bankruptcy Case.

22. In entering into this Agreement, the Parties represent that they each relied upon the advice of their own attorneys, who are attorneys of their own choice, concerning the legal consequences of this Agreement; that the terms of this Agreement have been completely read and explained to the Parties by their respective attorneys; and that the terms of this Agreement are fully understood and voluntarily accepted by the Parties.

23. All Parties agree that all warranties and representations expressed in this Agreement shall survive the execution of the Agreement.

IN WITNESS WHEREOF, the Parties, by their respective authorized representatives, have executed this Agreement by affixing their signatures hereto.

W. R. GRACE & CO.

By _____
   Name:_____
   Title:_____
   November ___, 2009

THE PLAINTIFFS,
By Reaud, Morgan and Quinn, L.L.P.

By _____
   Name: Chris Portner
   Title: Attorney
   November 9, 2009

# Exhibit A

Cause No. B-150,896-J

| | | |
|---|---|---|
| AARON CLIFTON EDWARDS, ET AL | § | IN THE DISTRICT COURT |
| vs. | § | JEFFERSON COUNTY, TEXAS |
| PITTSBURGH CORNING CORPORATION, ET AL | § | 60TH JUDICIAL DISTRICT |

### AGREED MOTION TO VACATE SUPERSEDEAS BOND NO. 11127448824 AND DISCHARGE SURETY THEREON

Pursuant to Rule 24.3 of the Texas Rules of Appellate Procedure, defendants W.R. Grace & Co. and W.R. Grace & Co.-Conn. (collectively, "Grace"), on the one hand, and Plaintiffs Aaron C. Edwards, James T. Beam, Edward E. Storey, John M. Thomas, and Sheila Martin, Individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries (collectively the "Edwards Plaintiffs"), jointly move the Court to (i) vacate Supersedeas Bond No. 11127448824 (the "Supersedeas Bond"), filed in this Court on July 7, 2000, and (ii) to discharge Fireman's Fund Insurance Company ("Fireman's Fund"), the surety on the Supersedeas Bond, from any liability thereon.

As grounds for this motion, the parties state as follows:

1. In 1995, the Edwards Plaintiffs commenced this case for asbestos-related personal injuries against Grace and other defendants. This case proceeded to trial before a jury, and on March 28, 2000, the Court signed a judgment for damages in favor of the Edwards Plaintiffs and against Grace, for the total sum of $38,427,617.78, plus post-judgment interest at the rate of 12% per annum, and all costs of suit (the "Judgment").[1]

---

[1] The Court's judgment also provides that another defendant, Pittsburgh Corning Corporation, is liable to the Edwards Plaintiffs for damages. This motion does not seek any relief with respect to that portion of the Court's judgment relating to Pittsburgh Corning.

2. On June 23, 2000, Grace timely appealed the Judgment to the Texas Court of Appeals, Ninth District of Texas, which appeal was subsequently transferred to the Sixth District of Texas (the "Appellate Court"), Appeal No. 06-00-00112-CV (the "Appeal"), pursuant to a docket equalization order.

3. On July 7, 2000, Grace filed the Supersedeas Bond, in the amount of $43,038,931.91, in this Court. Fireman's Fund is the surety under the Supersedeas Bond. The filing of the Supersedeas Bond, among other things, suspended enforcement of the Judgment during the pendency of the Appeal.

4. On April 21, 2001, while the Appeal was pending, W.R. Grace & Co. and W.R. Grace & Co.-Conn., together with approximately 60 of their affiliates (collectively, the "Debtors"), commenced Chapter 11 bankruptcy cases in the U.S. Bankruptcy Court for the District of Delaware, Case No. 01-01139 (JKF) (jointly administered) (the "Bankruptcy Case"). Among other things, the commencement of the Bankruptcy Case stayed all proceedings against the Debtors pursuant to the automatic stay of 11 U.S.C. § 362, including the Appeal.

5. On April 13, 2001, the Appellate Court issued an Opinion abating the proceedings in the Appeal as the result of the automatic stay of 11 U.S.C. § 362.

6. The Edwards Plaintiffs filed proofs of claim in the Bankruptcy Case for the amount of the Judgment. Fireman's Fund also filed a proof of claim in the Bankruptcy Case seeking recovery of any amounts it might pay under the Supersedeas Bond.

7. Grace and the Edwards Plaintiffs have entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement") dated as of November __, 2009. A copy of the Settlement Agreement, which is filed at Docket No. __ in the Bankruptcy Case,

is attached hereto as Exhibit A. On _____, 2009, the court presiding over the Bankruptcy Case entered an order approving the Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rule 9019 Order"). A certified copy of the Rule 9019 Order, Docket No. \_\_\_ in the Bankruptcy Case, is attached hereto as Exhibit B.

8. Grace has also entered into a settlement agreement with Fireman's Fund[2] in the Bankruptcy Case, which has also been approved by the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. A certified copy of the Order approving the settlement between Grace and Fireman's Fund, Docket No. \_\_\_ in the Bankruptcy Case, is attached hereto as Exhibit C.

9. Pursuant to the Settlement Agreement, as of _____, which was the Effective Date of the First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code dated February 27, 2009 (as it may be amended, supplemented, or otherwise modified from time to time, and together with its exhibits and schedules, the "Plan"), the Edwards Plaintiffs on behalf of themselves and each of their successors, heirs, assigns, agents, attorneys, family members and representatives, released all of their rights, title, and interest in and under the Supersedeas Bond, and released all rights, claims, and causes of action against Fireman's Fund in its capacity as surety with respect to the Supersedeas Bond. The Settlement Agreement obligates the Edwards Plaintiffs and Grace to take all steps necessary to discharge and release the Supersedeas Bond, and to either (a) return the Supersedeas Bond to counsel for Fireman's Fund, or (b) to obtain an order from this Court, which orders that the Supersedeas Bond is null and void and of no further force or effect as among the parties to this case, the Judgment, and the Appeal.

---

[2] Allianz Underwriters Insurance Company, Allianz SE (formerly known as Allianz Aktiengesellschaft), and Allianz S.p.A. (formerly known as Riunione Adriatica di Sicurta S.p.A.) are also parties to the settlement.

10. The parties have agreed to bear their own attorneys' fees and/or costs in connection with this motion and the matters contained herein and in the Settlement Agreement.

WHEREFORE, Grace and the Edwards Plaintiffs respectfully request the following relief:

1. That the Court grant this motion;

2. That the Supersedeas Bond be vacated, and any liability and obligation of Fireman's Fund as surety, with respect to the Supersedeas Bond, be discharged;

3. . That the original Supersedeas Bond No. 11127448824, date stamped July 7, 2000, posted by Grace as principal, with Fireman's Fund as surety, either (a) be returned to counsel for Grace, so that Grace can in turn return the Supersedeas Bond to Fireman's Fund, or (b) that this Court enter an order stating that the Supersedeas Bond is null and void and of no further force or effect as among the parties to this case, the Judgment, and the Appeal; and

4. That this Court grant such other and further relief as may be just and appropriate.

Dated: _____, 2009

Respectfully submitted,

_____  
Sandra F. Clark  
State Bar Id No. 04294520  
Elizabeth B. Pratt  
State Bar Id. No. 16239450  
Mehaffy & Weber  
P.O. Box 16  
Beaumont, TX 77704  
Tel: (409) 835-5011  
Fax: (409) 835-5117  

OF COUNSEL:  
Thomas M. Farrell  
Solace Kirkland Southwick  
Mayor, Day, Caldwell & Keeton, L.L.P.  
700 Louisiana, Suite 1900  
Houston, TX 77002  
Tel: (713) 225-7121  
Fax: (713) 225-7047  

Attorneys for Defendants

_____  
Glen W. Morgan  
State Bar Id No. _____  
Cris E. Quinn  
State Bar Id No. _____  
John Werner  
State Bar Id No. _____  
David Ferrell  
State Bar Id No. _____  
Joseph D. Deshotel  
State Bar Id No. _____  
Reaud, Morgan & Quinn  
801 Laurel Street  
Beaumont, Texas 77701  
Tel: (409) 838-1000  
Fax: (409) 833-8236  

Attorneys for Plaintiffs

9545724.03

Cause No. B-150,896-J

| | | |
|---|---|---|
| AARON CLIFTON EDWARDS, AT AL | § | IN THE DISTRICT COURT |
| vs. | § | JEFFERSON COUNTY, TEXAS |
| PITTSBURGH CORNING CORPORATION, ET AL | § | 60TH JUDICIAL DISTRICT |

### AGREED ORDER TO VACATE SUPERSEDEAS BOND NO. 11127448824 AND DISCHARGE SURETY THEREON

Pursuant to Rule 24.3 of the Texas Rules of Appellate Procedure, defendants W.R. Grace & Co. and W.R. Grace & Co.-Conn. (collectively, "Grace"), on the one hand, and plaintiffs Aaron C. Edwards, James T. Beam, Edward E. Storey, John M. Thomas, and Sheila Martin, Individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries (collectively the "Edwards Plaintiffs") have filed an Agreed Motion To Vacate Supersedeas Bond No. 11127448824 And Discharge Surety Thereon and, in connection therewith, have submitted this Agreed Order To Vacate Supersedeas Bond No. 11127448824 and for other relief.

By the duly authorized signatures of the attorneys for the parties hereto, the parties stipulated to the Court the following: that they have settled their disputes; and that in accordance with their Settlement Agreement, they jointly seek the entry of this Agreed Order to vacate Supersedeas Bond No. 11127448824 (the "Supersedeas Bond") and to discharge Fireman's Fund Insurance Company ("Fireman's Fund"), the surety on the Supersedeas Bond, from any liability thereon.

WHEREFORE, premises considered, the Court hereby orders as follows:

1. The parties' Agreed Motion To Vacate Supersedeas Bond No. 11127448824 is hereby GRANTED.

2.      The Court hereby vacates Supersedeas Bond No. 11127448824 and discharges Fireman's Fund, as Surety, from any liability and obligation with respect to the Supersedeas Bond.

3.      The County Clerk of Jefferson County, Texas is ordered to release, to counsel for Grace, Supersedeas Bond No. 11127448824, date stamped July 7, 2000, posted by Grace as principal, with Fireman's Fund as Surety.

IT IS SO ORDERED.

_____
JUDGE

Date Decided: _____

APPROVED AS TO FORM AND SUBSTANCE
AND ENTRY REQUESTED:

| | |
|---|---|
| _____ | _____ |
| Sandra F. Clark | Glen W. Morgan |
| State Bar Id No. 04294520 | State Bar Id No. _____ |
| Elizabeth B. Pratt | Cris E. Quinn |
| State Bar Id. No. 16239450 | State Bar Id No. _____ |
| Mehaffy & Weber | John Werner |
| P.O. Box 16 | State Bar Id No. _____ |
| Beaumont, TX 77704 | David Ferrell |
| Tel: (409) 835-5011 | State Bar Id No. _____ |
| Fax: (409) 835-5117 | Joseph D. Deshotel |
| | State Bar Id No. _____ |
| OF COUNSEL: | Reaud, Morgan & Quinn |
| Thomas M. Farrell | 801 Laurel Street |
| Solace Kirkland Southwick | Beaumont, Texas 77701 |
| Mayor, Day, Caldwell & Keeton, L.L.P. | Tel: (409) 838-1000 |
| 700 Louisiana, Suite 1900 | Fax: (409) 833-8236 |
| Houston, TX 77002 | |
| Tel: (713) 225-7121 | Attorneys for Plaintiffs |
| Fax: (713) 225-7047 | |

Attorneys for Defendants

9545725.03