**IN THE UNITED STATE BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO.,** *et. al.*, | ) | **Case No. 01-01139 (JKF)** |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | Objection Deadline: January 8, 2010 @ 4:00 p.m. |
| | ) | Hearing Date: January 25, 2010 @ 10:30 a.m. |

**THE CANADIAN ZAI CLAIMANTS' APPLICATION PURSUANT TO
SECTIONS 105, 327, 1102(a)(2), AND 1109, OR ALTERNATIVELY,
SECTION 503 OF THE BANKRUPTCY CODE FOR
APPOINTMENT OF SPECIAL COUNSEL NUNC PRO TUNC TO SEPTEMBER 1, 2008**

TO:    THE HONORABLE JUDITH K. FITZGERALD
       UNITED STATES BANKRUPTCY JUDGE:

The Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI Claimants"), by and

through undersigned counsel, respectfully files this application (the "Application") seeking entry

of an order pursuant to sections 105, 327, 1102(a)(2) and 1109, or alternatively, Section 503 of

Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code")

authorizing the appointment of special counsel ("Special Counsel") to represent the interests of

the Canadian ZAI Claimants.  In support of the Application, the Canadian ZAI Claimants

represent as follows.

## I. INTRODUCTION

1.     Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP ("Representative

Counsel") were duly appointed by the Ontario Superior Court of Justice (the "CCAA Court") to

represent the interests of Canadian ZAI Claimants, both for property damage and personal injury

claims, in this proceeding.  Representative Counsel has played a substantial and critical role in

the Debtors' formulation of the plan of reorganization as it relates to the treatment of the claims

asserted by Canadian ZAI Claimants. Representative Counsel was responsible for negotiating the

Minutes of Settlement ("Minutes of Settlement") with the Debtors that initially resolved the treatment of all Canadian ZAI claims and that created a separate class for Canadian ZAI PD claims within the Plan[1].

2.      On or about November 16, 2009, the Debtors and Representative Counsel acknowledged and agreed to the Amended and Restated Minutes of Settlement ("Amended Minutes of Settlement").  The Amended Minutes of Settlement is attached hereto as **Exhibit A.**

3.      Pursuant to the terms of the Amended Minutes of Settlement, Debtors agree to consent to and support Representative Counsel's application seeking appointment as special counsel for Canadian ZAI Claimants in the U.S. proceeding, retroactively to September 1, 2008, and going forward to the date of the U.S. Confirmation Order.  (See paragraph 16 of the Amended Minutes of Settlement.)

4.      By this Application, the Canadian ZAI Claimants seek this Court's approval for appointment of Representative Counsel as Special Counsel to the Canadian ZAI Claimants.

5.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and this matter constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b).  Venue for this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein is 11 U.S.C. §§ 105, 327, 1102(a)(2) and 1109, or alternatively, § 503.

## II. BACKGROUND

6.       On April 2, 2001, U.S. Debtors filed voluntary petitions for protection under Chapter 11 of the United States Bankruptcy Code (The "U.S. Proceedings") and were granted a

---

[1] The Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et. al. The Official Committee of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, and The Official Committee of Equity Security Holders, filed September 19, 2008, Docket No. 19579.

temporary restraining order by this Court providing for certain injunctive relief in favor of the U.S. Debtors as well as certain other third parties (the "Affiliated Entities").

7.    Two days later Grace Canada, Inc. ("Grace Canada"), a Canadian affiliated entity of U.S. Debtors, was granted an order (the "Initial CCAA order") pursuant to Section 18.6(4) of the Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice which, among other things, provided for a stay of proceedings against the commencement or continuation of any asbestos-related suits against Grace Canada.

8.    The Debtors have continued operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

9.    On November 14, 2005 as the result of a number of proposed class action proceedings (the "Proposed Class Actions") commenced in Canada against certain of the U.S. Debtors, Grace Canada, Affiliated Entities and other parties, including the Attorney General of Canada (Her Majesty the Queen in Right of Canada) (the "Crown"), the CCAA Court granted an order recognizing the injunctive relief provided for by this Court and giving effect to it in Canada and implementing a limited stay of proceedings with respect to the Crown.  See copy of Order attached as **Exhibit B**.

10.    On November 14, 2005, the CCAA Court also considered a request for an extension of the stay contained in the initial order in light of the Proposed Class Actions.  The Honorable Justice Farley indicated that cooperation and coordination between the CCAA Court and the Court was needed, that there had been recognition in the U.S. Bankruptcy Court that Canadian proceedings would be governed by Canadian substantive law, and that the insolvency adjudicative proceedings presented an efficient process, but that the extension of the stay not affect the ability of the Plaintiffs in the Proposed Class Actions from returning to the CCAA

Court if they felt there was "foot dragging or other elements of prejudice." *See Footnote No. 13 to* Exhibit B.

11.     In January 2006, Grace Canada made application with the CCAA Court for the appointment of two law firms, Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP, as Representative Counsel in the CCAA Court proceedings on behalf of all Canadian ZAI Claimants[2].

12.     On February 9, 2006, the CCAA Court entered an Order appointing Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP as Representative Counsel, and declaring that Representative Counsel shall have the power, among others, to appear or have an agent appear before the U.S. Court in the context of the Debtors Chapter 11 cases, and to negotiate on behalf of the Canadian ZAI Claimants with Grace Canada, the Debtors, and The Crown. See copy of Order attached as **Exhibit C**.

13.     Since its appointment by the CCAA Court in 2006, Representative Counsel has engaged in extensive negotiations with Grace Canada, representatives of the U.S. Debtors, and the Crown, in an attempt to fashion a comprehensive resolution of all Canadian ZAI personal injury claims and property damage claims.

14.     Representative Counsel has actively monitored these proceedings since their appointment by the CCAA Court in an effort to advance the interests of Canadian ZAI Claimants.  Representative Counsel filed an application with the CCAA seeking instruction from that Court on issues related to development of a Canadian litigation procedure to deal with claims advanced by Canadian ZAI claimants consistent with the Debtors first proposed plan of reorganization. ("CCAA Application")  The CCAA Application also sought directions from the

---

[2] Representative Counsel was appointed to represent the interest of all Canadian ZAI Claimants (both personal injury and property damage).

CCAA as to the effect of the Science Trial memorandum opinion on Canadian ZAI Claimants. The CCAA Application raised notice issues with the CCAA and affirmatively sought documentary discovery of records and information in the possession and control of the Crown for the purpose of aiding and enhancing a direct notice program.

15.    Additionally, Representative Counsel attended and actively participated in the mediation conference with the Debtors, among others, which was held on May 12, 2008. Although the mediation did not result in a settlement of the pending ZAI Claims issues, it aided in post-mediation settlement negotiations.

16.    The possibility of protracted litigation regarding the nature and extent of ZAI claims, both Canadian and American, complicated Plan negotiations.  Because of the unknown number of Canadian ZAI claimants and the lack of certainty in respect of the nature and value of the claims pursuant to Canadian laws, Representative Counsel played a critical role in negotiating the Plan.  In fact, Representative Counsel's support of the Plan is a critical element of both the Minutes of Settlement and the Amended Minutes of Settlement.  Without Representative Counsel's involvement and support for the development of the Plan, the confirmation process would be further delayed by a prolonged battle concerning the estimate and valuation of these claims.  To avoid a longer delay in the Debtors' emergence from bankruptcy, a delay in distributions to creditors and equity holders and significant additional administrative costs, Representative Counsel worked with Grace Canada and other constituencies to create and negotiate a plan that contained a separate class for Canadian ZAI PD claims.

17.    Representative Counsel's support for the Plan, and Representative Counsel's diplomatic negotiations through these cases, substantially assisted the Debtors' reorganization process.

18.     After being appointed Representative Counsel by the CCAA, Representative

Counsel has reviewed numerous iterations of reorganization plans.  Representative Counsel, in

tandem with Grace Canada, the U.S. Debtors, and the Affiliated Entities, worked tirelessly to

negotiate a global Canadian ZAI claims settlement.  Representative Counsel was intimately

involved in the development and drafting of many of the key documents which led to the

creation of a separate class of Canadian ZAI PD claims within the Debtors' Plan.

19.     To support Grace's Plan, the Representative Counsel, on behalf of the Canadian

ZAI Claimants, agreed to be bound by the terms of the Amended Minutes of Settlement which

includes a full and final resolution of all claims against the Grace Parties recognizing that a fully

consensual resolution would provide the most fruitful outcome for the Canadian ZAI Claimants.


## III. RELIEF REQUESTED

20.     Representative Counsel played a critical role in the Debtors' formulation of the

plan of reorganization as it relates to the treatment of the claims asserted by Canadian ZAI

Claimants.  Representative Counsel was responsible for negotiating the original Minutes of

Settlement, and ultimately, in November, 2009, the Amended Minutes of Settlement.

21.     In paragraph 16 of the Amended Minutes of Settlement, the Debtors agreed to the

following: "Grace shall consent to and support CCAA Representative Counsel's application

seeking appointment as special counsel for CDN ZAI Claimants in the U.S. proceedings (the

"**Special Counsel Application**") retroactively to September 1, 2008 and going forward to the

date of the U.S. Confirmation Order."

22.     Paragraph 17 of the Amended Minutes of Settlement states: "CCAA

Representative Counsel shall make application to the U.S. Court for approval and payment of

CCAA Representative Counsel's reasonable fees and expenses (including matters relating to the

Original Settlement, the Canadian Settlement Approval, the CDN ZAI PD Claims Notice

Program, the Amended and Restated Minutes of Settlement, communication with CDN ZAI

Claimants, the U.S. Confirmation Order and any other matter relating to the interests of CND

ZAI Claimants in contribution and support of the First Amended Joint Plan) in accordance with

the applicable provisions of the U.S. Bankruptcy Code, the U.S. Bankruptcy Rules, the Local

Rules of the U.S. Court and any other applicable procedures and orders of the U.S. Court."

23.    Pursuant to the terms of the Amended Minutes of Settlement and §§ 105, 327,

1102(a)(2) and 1109, or alternatively, § 503 of the Bankruptcy Code, Representative Counsel

requests that this Court enter  an order authorizing the appointment of Lauzon Bélanger and

Scarfone Hawkins as Special Counsel for the Canadian ZAI Claimants nunc pro tunc to

September 1, 2008.[3]

24.    Additionally, pursuant to the terms of paragraph 20 in the Amended Minutes of

Settlement, unless otherwise agreed to by the Parties hereto, in the event that Representative

Counsel's Special Counsel Application is not approved by the U.S. Court, the Amended Minutes

of Settlement shall be considered null and void.  The necessity of the appointment of

Representative Counsel as Special Counsel is clearly made by this language.

---

[3] On November 10, 2008, the Canadian Zonolite Attic Insulation Claimants filed its First and Final Application of Canadian ZAI Claimants Pursuant to 11 U.S.C. §§ 503(b)(3)(D) and (b)(4) for Allowance of Administrative Expenses Incurred in Making Substantial Contribution ("First and Final Application") for the Period June 22, 2006, through August 31, 2008. [Docket No. 19980];  On or about December 15, 2008, this Court entered an Order granting the First and Final Application which awarded compensation for professional services and expenses rendered to Representative Counsel by The Hogan Firm for the period June 22, 2006, through August 31, 2008. [Docket No. 20471].

## IV. ARGUMENT AND AUTHORITIES

### THE APPOINTMENT OF SPECIAL COUNSEL IS APPROPRIATE IN ORDER TO ASSURE ADEQUATE REPRESENTATION OF CANADIAN ZAI CLAIMANTS

25.    11 U.S.C. § 1102(2) provides:

> On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States trustee shall appoint any such committee.

26.    The ability for courts to appoint additional committees, or, in this case, Special Counsel, has been specifically recognized by this Court. In *In re Etoys, Inc., 331* B.R. 176 (Bankr. D. Del. 2005), this Court recognizes its power under 11 U.S.C. § 1102(a)(2), stating that it may appoint an additional committee "if necessary to assure adequate representation." *Etoys,* 331 B.R. at 186 (quoting 11 U.S.C. § 1102(a)(2)).

27.    The determination of whether the appointment of a committee, or Special Counsel, is "necessary to assure adequate representation of creditors" must be resolved on a case by case basis. 7 Collier on Bankruptcy ¶ 1102.02[4][a], p. 1102-19 (Matthew Bender 15th Ed.). In *In re Drexel Burnham Lambert Group, Inc.,* 118 B.R. 209 (Bankr. S.D.N.Y. 1990), the court noted;

> [T]he chief concern of adequacy of representation is whether it appears that different classes of debt and equity holders may be treated differently under a plan and need representation through appointment of additional committees.

*Id.* at 212, citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 401 (1977), U.S. Code Cong. & Admin. News 1978, p. 5787; *In re McLean Ind., Inc.,* 70 B.R. 852, 861 (Bankr. S.D.N.Y. 1987); *In re Beker Ind. Corp.,* 55 B.R. 945 (Bankr. S.D.N.Y. 1985).

28.     The Debtors have seen the wisdom of the appointment of Special Counsel by agreeing to the Amended Minutes of Settlement.

29.     Alternatively, Representative Counsel respectfully requests that this Court enter an order authorizing the retention of Representative Counsel as Special Counsel to represent the interest of the Canadian ZAI Claimants pursuant to Section 503 of the Bankruptcy Code.


## V. REPRESENTATIVE COUNSEL'S QUALIFICATIONS

30.     Representative Counsel specializes in the areas of product liability and consumer protection litigation, with a particular expertise in toxic torts, including asbestos.  The lawyers who will be principally responsible for the matters set forth herein have served as lead or co-lead counsel in numerous Federal or Provincial certified class actions.  Representative Counsel has been actively involved in litigating claims related to ZAI for several years.

31.     In January 2006, Grace Canada made application with the CCAA Court for the appointment of the two law firms, Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP, as Representative Counsel in the CCAA Court proceedings on behalf of all Canadian ZAI Claimants.

32.     On February 9, 2006, the CCAA Court entered an Order appointing Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP as Representative Counsel, and declaring that Representative Counsel shall have the power, among others, to appear or have an agent appear before the U.S. Court in the context of the Debtors Chapter 11 cases, and to negotiate on behalf of the Canadian ZAI Claimants with Grace Canada, the Debtors, and The Crown. *See Exhibit C.*

33.     Since its appointment by the CCAA Court in 2006, Representative Counsel has engaged in extensive negotiations with Grace Canada, representatives of the U.S. Debtors, and

the Crown, in an attempt to fashion a comprehensive resolution of all Canadian ZAI personal

injury claims and property damage claims.


## VI.  SERVICES TO BE PROVIDED BY SPECIAL COUNSEL

34.     Representative Counsel anticipates that as Special Counsel it will provide

services to the Canadian ZAI Claimants as needed throughout the course of the proceedings to

the date of the U.S. Confirmation Order, including:

(a)     Representation of the Canadian ZAI Claimants with respect to all aspects of the

plan confirmation process and issues related to the treatment of both Canadian ZAI personal

injury claims and Canadian ZAI property damage claims;

(b)     Selection of experts and consultants necessary for the implementation of the

Amended Minutes of Settlement; and

(c)     Such other services as are necessary.


## VII. REPRESENTATIVE COUNSEL'S COMPENSATION

35.     Representative Counsel has agreed to accept as compensation for its services in

this case such sums as may be allowed by this Court, based upon the services rendered, the

results achieved, the difficulties encountered, the complexities involved, and other appropriate

factors.

36.     Representative Counsel has agreed to be compensated for its services on an

hourly basis, in accordance with its normal billing practices, subject to allowance by this Court

in accordance with the Court's Amended Administrative Fee Order governing compensation of

professionals and reimbursement of expenses, as amended (the "Fee Order").  The current hourly

rates of Representative Counsel are as follows:

| FIRM | HOURLY RATES |
|---|---:|
| LAUZON BÉLANGER | |
| • Michel Bélanger | $350.00 |
| • Careen Hannouche | $285.00 |
| SCARFONE HAWKINS | |
| • David Thompson | $475.00 |
| • Matthew Moloci | $375.00 |

37.      In addition, also subject to allowance by this Court in accordance with the Fee

Order, Representative Counsel shall bill the Debtors for reimbursement of all of its reasonable

out-of-pocket expenses incurred in connection with their employment for the purposes stated

herein.

## VIII. DISCLOSURE CONCERNING CONFLICTS

38.      Upon information and belief, neither of the firms comprising Special Counsel

represent or hold any interest adverse to the Debtors' estates or their creditors in the matters upon

which such firms are to be engaged, except to the extent set forth in the annexed affidavit of a

member from each firm (the "Special Counsel Affidavits").  However, each firm is a multi-

lawyer firm with an international practice and may represent or may have represented certain of

the Debtors' creditors or equity holders in matters unrelated to these Chapter 11 Cases.

## IX. NOTICE

39.      Proper notice of this Application has been given and Representative Counsel

submits that no further notice be given.

## X. WAIVER OF MEMORANDUM OF LAW

40.     As there are no novel issues of law presented herein, Representative Counsel waive their rights to file a memorandum of law in support of the Application, pursuant to Rule 7.1.2(a) of the Local Rules, incorporated by reference into the Local Bankruptcy Rules by General Order #9D.

## XI. PRIOR REQUEST FOR RELIEF

41.     No previous application for the relief sought by this Application has been made to this or any other court.

## CONCLUSION

WHEREFORE, Representative Counsel, on behalf of Canadian ZAI Claimants, respectfully urge this Court to enter an order, in the form substantially similar to the one attached hereto (a) authorizing the appointment of Representative Counsel, Lauzon Bélanger and Scarfone Hawkins, as Special Counsel for the Canadian ZAI Claimants nunc pro tunc to September 1, 2008, pursuant to the terms outlined in this Application; and (b) granting such further and other relief as this Court deems just and proper.


Dated: December 21, 2009                    */s/Daniel K. Hogan*
                                            Daniel K. Hogan (DE Bar #2814)
                                            **THE HOGAN FIRM**
                                            1311 Delaware Avenue
                                            Wilmington, Delaware 19806
                                            Telephone: 302.656.7540
                                            Facsimile: 302.656.7599
                                            E-mail: dkhogan@dkhogan.com