**IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO.**, *et. al.*, | ) | **Case No. 01-01139 (JKF)** |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | **Objection Deadline: January 8, 2010 @ 4:00 p.m.** |
| | ) | **Hearing Date: January 25, 2010 @ 10:30 a.m.** |

**APPLICATION PURSUANT TO SECTIONS 105, 328, 1102(a)(2), AND 1109(b)
OF THE BANKRUPTCY CODE FOR ORDER AUTHORIZING RETENTION
NUNC PRO TUNC OF DANIEL K. HOGAN, ESQ., AS COUNSEL
TO THE REPRESENTATIVE COUNSEL FOR THE CANADIAN ZAI CLAIMANTS**

TO:   THE HONORABLE JUDITH K. FITZGERALD
      UNITED STATES BANKRUPTCY JUDGE:

Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP ("Representative Counsel"), legal counsel for the Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI Claimants"), hereby submit, by and through undersigned counsel, this application (the "Application") pursuant to sections 105, 327, 1102(a)(2) and 1109 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for entry of an order authorizing Representative Counsel to retain and employ Daniel K. Hogan ("Mr. Hogan") and his firm, The Hogan Firm ("THF"), as counsel *nunc pro tunc* to September 1, 2008. In support of the Application, Representative Counsel relies on the Declaration of Daniel K. Hogan, Esquire, attached hereto as **Exhibit A**. In further support of this Application, Representative Counsel respectfully states as follows:

### I. INTRODUCTION

1.   Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP ("Representative Counsel") was duly appointed by the Ontario Superior Court of Justice (the "CCAA Court") to

represent the interests of Canadian ZAI claimants, both for property damage and personal injury claims in this proceeding. Representative Counsel retained Mr. Hogan and his firm as bankruptcy counsel to represent the interests of Canadian ZAI Claimants in this proceeding. Representative Counsel and THF have played a critical role in the Debtors' formulation of the plan of reorganization as it relates to the treatment of the claims asserted by Canadian ZAI Claimants.

2.      On or about November 16, 2009, the Debtors and Representative Counsel acknowledged and agreed to the Amended and Restated Minutes of Settlement ("Amended Minutes of Settlement"). The Amended Minutes of Settlement is attached hereto as **Exhibit B.**

3.      Pursuant to the terms of the Amended Minutes of Settlement, Debtors agree to consent to and support Representative Counsel's application seeking appointment as special counsel for Canadian ZAI Claimants in the U.S. proceeding, retroactively to September 1, 2008, and going forward to the date of the U.S. Confirmation Order. (See paragraph 16 of the Amended Minutes of Settlement.)

4.      By this Application, Representative Counsel, on behalf of the Canadian ZAI Claimants, seek this Court's approval to retain and employ THF as bankruptcy counsel.

5.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and this matter constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b). Venue for this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein is 11 U.S.C. §§ 105, 327, 1102(a)(2) and 1109.

## II. BACKGROUND

6.       On April 2, 2001, U.S. Debtors filed voluntary petitions for protection under Chapter 11 of the United States Bankruptcy Code (The "U.S. Proceedings") and were granted a

temporary restraining order by this Court providing for certain injunctive relief in favor of the U.S. Debtors as well as certain other third parties (the "Affiliated Entities").

7. Two days later Grace Canada, Inc. ("Grace Canada"), a Canadian affiliated entity of U.S. Debtors, was granted an order (the "Initial CCAA order") pursuant to Section 18.6(4) of the Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice which, among other things, provided for a stay of proceedings against the commencement or continuation of any asbestos-related suits against Grace Canada.

8. The Debtors have continued operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

9. On November 14, 2005 as the result of a number of proposed class action proceedings (the "Proposed Class Actions") commenced in Canada against certain of the U.S. Debtors, Grace Canada, Affiliated Entities and other parties, including the Attorney General of Canada (Her Majesty the Queen in Right of Canada) (the "Crown"), the CCAA Court granted an order recognizing the injunctive relief provided for by this Court and giving effect to it in Canada and implementing a limited stay of proceedings with respect to the Crown. See copy of Order attached as **Exhibit C**.

10. On November 14, 2005, the CCAA Court also considered a request for an extension of the stay contained in the initial order in light of the Proposed Class Actions. The Honorable Justice Farley indicated that cooperation and coordination between the CCAA Court and the Court was needed, that there had been recognition in the U.S. Bankruptcy Court that Canadian proceedings would be governed by Canadian substantive law, and that the insolvency adjudicative proceedings presented an efficient process, but that the extension of the stay not affect the ability of the Plaintiffs in the Proposed Class Actions from returning to the CCAA

Court if they felt there was "foot dragging or other elements of prejudice." *See Footnote No. 13 to* Exhibit C.

11. In January 2006, Grace Canada made application with the CCAA Court for the appointment of two law firms, Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP, as Representative Counsel in the CCAA Court proceedings on behalf of all Canadian ZAI Claimants[1].

12. On February 9, 2006, the CCAA Court entered an Order appointing Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP as Representative Counsel, and declaring that Representative Counsel shall have the power, among others, to appear or have an agent appear before the U.S. Court in the context of the Debtors Chapter 11 cases, and to negotiate on behalf of the Canadian ZAI Claimants with Grace Canada, the Debtors, and The Crown. See copy of Order attached as **Exhibit D**.

13. On or about June 22, 2006, Representative Counsel retained THF to represent The Canadian ZAI Claimants' interests within the context of these proceedings.

14. The possibility of protracted litigation regarding the nature and extent of ZAI claims, both Canadian and American, complicated Plan negotiations. Because of the unknown number of Canadian ZAI claimants and the lack of certainty in respect of the nature and value of the claims pursuant to Canadian laws, Representative Counsel played a critical role in negotiating the Plan. In fact, Representative Counsel's support of the Plan is a critical element of the Minutes of Settlement. Without Representative Counsel's involvement and support for the development of the Plan, the confirmation process would be further delayed by a prolonged battle concerning the estimate and valuation of these claims. To avoid a longer delay in the Debtors' emergence from bankruptcy, a delay in distributions to creditors and equity holders and

4

significant additional administrative costs, Representative Counsel worked with Grace Canada and other constituencies to create and negotiate a plan that contained a separate class for Canadian ZAI PD claims.

15. Representative Counsel's support for the Plan and Representative Counsel's diplomatic negotiations through these cases, substantially assisted the Debtors' reorganization process. Mr. Hogan's analyses, advice and assistance to Representative Counsel in negotiations were a key component to garnering the necessary elements within the Amended Minutes of Settlement.

16. After eight years in bankruptcy, numerous iterations of a reorganization plan, and significant litigation, Representative Counsel, in tandem with Grace Canada, the U.S. Debtors, and the Affiliated Entities, worked tirelessly to negotiate a global Canadian ZAI claims settlement. Representative Counsel, with the assistance of THF, was intimately involved in the development and drafting of many of the key documents which led to the creation of a separate class of Canadian ZAI PD claims within the Debtors' Plan.

17. To support Grace's Plan, the Representative Counsel, on behalf of the Canadian ZAI Claimants, agreed to be bound by the terms of the Amended Minutes of Settlement which includes a full and final resolution of all claims against the Grace Parties recognizing that a fully consensual resolution would provide the most fruitful outcome for the Canadian ZAI Claimants.

---

[1] Representative Counsel was appointed to represent the interest of all Canadian ZAI Claimants (both personal injury and property damage).

5

18. The services rendered by Mr. Hogan in facilitating the Representative Counsel's significant involvement in the successful negotiations were both necessary and beneficial to the Debtors' estates.

19. In paragraph 16 of the Amended Minutes of Settlement, the Debtors agreed to the following: "Grace shall consent to and support CCAA Representative Counsel's application seeking appointment as special counsel for CDN ZAI Claimants in the U.S. proceedings (the "**Special Counsel Application**") retroactively to September 1, 2008 and going forward to the date of the U.S. Confirmation Order."

20. Pursuant to the Amended Minutes of Settlement, Representative Counsel made application to this Court on December 21, 2009, for appointment as Special Counsel on behalf of the Canadian ZAI Claimants. Therefore, if Representative Counsel's application is approved, Representative Counsel will require Delaware bankruptcy counsel.

## III. RELIEF REQUESTED

21. Representative Counsel has selected Mr. Hogan to serve as bankruptcy counsel as required by the local rules of this Court. Mr. Hogan was selected because he possesses extensive experience representing tort claimants in the bankruptcy arena. For these and other reasons, Representative Counsel believes that Mr. Hogan is well qualified to serve as bankruptcy counsel for the Canadian ZAI Claimants in these Chapter 11 cases.

22. If this Application is approved, Mr. Hogan will advise and represent Representative Counsel with respect to all matters that may arise in the context of these cases and which require bankruptcy counsel.

23. Mr. Hogan has informed Representative Counsel that he and his firm currently represent no creditors of the Debtors, or affiliates of such creditors. Mr. Hogan has further

informed Representative Counsel that he will not represent any person in connection with any matter adverse to the Canadian ZAI Claimants. Additionally, Mr. Hogan has advised Representative Counsel that if he should discover that he or THF represent any additional entities or persons connected with the Canadian ZAI Claimants, the Debtor, its creditors, or other parties in interest in the Chapter 11 case, he will promptly and fully disclose to this Court the nature of any such representation.

24. In paragraph 16 of the Amended Minutes of Settlement, the Debtors agreed to the following: "Grace shall consent to and support CCAA Representative Counsel's application seeking appointment as special counsel for CDN ZAI Claimants in the U.S. proceedings (the "**Special Counsel Application**") retroactively to September 1, 2008 and going forward to the date of the U.S. Confirmation Order."

25. Paragraph 17 of the Amended Minutes of Settlement states: "CCAA Representative Counsel shall make application to the U.S. Court for approval and payment of CCAA Representative Counsel's reasonable fees and expenses (including matters relating to the Original Settlement, the Canadian Settlement Approval, the CDN ZAI PD Claims Notice Program, the Amended and Restated Minutes of Settlement, communication with CDN ZAI Claimants, the U.S. Confirmation Order and any other matter relating to the interests of CND ZAI Claimants in contribution and support of the First Amended Joint Plan) in accordance with the applicable provisions of the U.S. Bankruptcy Code, the U.S. Bankruptcy Rules, the Local Rules of the U.S. Court and any other applicable procedures and orders of the U.S. Court."

26. In light of the foregoing, Representative Counsel respectfully submits that it is in the best interests of the Bankruptcy Estate, the Debtors' creditors and all other parties in interest

that it be authorized to employ and retain Mr. Hogan and his firm to serve as local counsel in the Chapter 11 case, and that his retention be effective *nunc pro tunc* to September 1, 2008.[2]

27. Representative Counsel understands that Mr. Hogan intends to bill at his normal hourly rates for services rendered, and to request reimbursement of actual expenses incurred, all as more fully reflected in the Declaration of Daniel K. Hogan. *See Exhibit A*.

## VIII. NOTICE

28. Proper notice of this Application has been given and Representative Counsel submits that no further notice be given.

## CONCLUSION

WHEREFORE, Representative Counsel, on behalf of Canadian ZAI Claimants, respectfully requests that this Court (i) enter an order, in a form substantially similar to the one attached hereto (a) authorizing the retention of Daniel K. Hogan and his firm, The Hogan Firm, as local counsel nunc pro tunc to September 1, 2008, pursuant to the terms outlined in this Application and (b) granting such further and other relief as this Court deems just and proper.

Dated: December 21, 2009

/s/Daniel K. Hogan
Daniel K. Hogan (DE Bar #2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302.656.7540
Facsimile: 302.656.7599
E-mail: dkhogan@dkhogan.com

---

[2] On November 10, 2008, the Canadian Zonolite Attic Insulation Claimants filed its First and Final Application of Canadian ZAI Claimants Pursuant to 11 U.S.C. §§ 503(b)(3)(D) and (b)(4) for Allowance of Administrative Expenses Incurred in Making Substantial Contribution ("First and Final Application") for the Period June 22, 2006, through August 31, 2008. [Docket No. 19980];  On or about December 15, 2008, this Court entered an Order granting the First and Final Application which awarded compensation for professional services and expenses rendered to Representative Counsel by The Hogan Firm for the period June 22, 2006, through August 31, 2008. [Docket No. 20471].