# EXHIBIT B

**to Application of Canadian ZAI Claimants
for Appointment of Special Counsel**

Court File No. 01-CL-4081

*ONTARIO*

**SUPERIOR COURT OF JUSTICE**

**COMMERCIAL LIST**

**IN THE MATTER OF S. 18.6 OF THE** *COMPANIES'*
*CREDITORS ARRANGEMENT ACT, R.S.C.* **1985, c. C-36,**
**AS AMENDED**

**AND IN THE MATTER OF GRACE CANADA, INC.**

## AMENDED AND RESTATED CDN ZAI MINUTES OF SETTLEMENT

**PREAMBLE**

1.    The Parties to these Amended and Restated CDN ZAI Minutes of Settlement (the

   **"Amended and Restated Minutes")** agree:

   (a)    to be bound by the terms herein; and

   (b)    that the Amended and Restated Minutes supersede and replace the Minutes

         of Settlement dated September 2, 2008 (the **"Original Settlement"**).

2.    Capitalized terms used herein and not otherwise defined have the meaning ascribed to

   them in Appendix "A".

**BACKGROUND AND PURPOSE**

3.    Grace Canada and Grace, along with certain other Grace Parties, have been variously

   named as defendants in the Canadian actions listed in Appendix "B" (the **"Actions"**).

2

In the Actions, the plaintiffs seek damages for, *inter alia,* CDN ZAI Claims.

4.    Pursuant to an order of the CCAA Court dated November 15, 2005, a Modified Preliminary Injunction granted by the U.S. Court was recognized in Canada and the Actions were stayed.

5.    Pursuant to an order of the CCAA Court dated February 8, 2006, Lauzon Belanger S.E.N.C.R.L. and Scarfone Hawkins LLP were appointed as CCAA Representative Counsel to represent the interests of, *inter alia,* CDN ZAI Claimants in Canada. As such, CCAA Representative Counsel had and continues to have the authority to enter into the Original Settlement and the Amended and Restated Minutes.

6.    On October 17, 2008, the CCAA Court approved the Original Settlement (the **"Canadian Settlement Approval"**). The U.S. Court was advised of the Original Settlement on October 20, 2008.

7.    Pursuant to its terms, the Original Settlement is null and void because the U.S. Confirmation Order was not obtained by October 31, 2009.

8.    The purpose of the Amended and Restated Minutes is to modify the Original Settlement to extend its deadline and to make other appropriate changes in order to provide for the full and final resolution of all CDN ZAI Claims brought against the Grace Parties.

## NO ADMISSION OF LIABILITY

9.    Grace Canada and Grace, in agreeing to the Amended and Restated Minutes, do not admit liability of any kind in relation to CDN ZAI Claims. The Parties acknowledge that Grace Canada and Grace are entering into these Amended and Restated Minutes for settlement purposes only and that nothing in the Amended and Restated Minutes

3

constitutes an admission by the Grace Parties that they have any liability under Canadian or U.S. law on account of the presence of or exposure to ZAI or that any person who has owned or occupied a dwelling unit in Canada with ZAI has any valid claim against the Grace Parties under Canadian or U.S. law.  By entering into the Amended and Restated Minutes, Grace Canada and Grace are not waiving any of their defences to liability.  The Parties further acknowledge that Grace Parties who are not signatories hereto have not waived any of their defences to liability.

10.    CCAA Representative Counsel, on behalf of the CDN ZAI Claimants, agrees that it will not publicly disparage, impugn or malign the acts or omissions of any of the other Parties or the Grace Parties who are not signatories hereto with respect to CDN ZAI Claims.

**TERMS OF SETTLEMENT WITH GRACE PARTIES**

11.    On the Effective Date (as defined in the First Amended Joint Plan) and pursuant to the First Amended Joint Plan, Grace shall transfer to the Asbestos PD Trust (as defined in the First Amended Joint Plan) and the Asbestos PD Trust shall immediately transfer to the CDN ZAI PD Claims Fund, the following:

(a)    in the event that the U.S. Confirmation Order is entered by the U.S. Court by June 30, 2010, the amount of eight million, ninety-five thousand, six hundred and thirty-two dollars and forty-four cents Canadian (CDN$8,095,632.44);

(b)    in the event that the U.S. Confirmation Order is entered by the U.S. Court after June 30, 2010 but on or before December 31, 2010, the amount of eight million, five hundred ninety-five thousand, six hundred and thirty-two dollars and forty-four cents Canadian (CDN$8,595,632.44); and

4

    (c)    the amount contributed to the CDN ZAI PD Claims Fund pursuant to either scenario (a) or (b) above shall be the **"Grace Funds"**.

12.    Grace shall provide in its First Amended Joint Plan for the creation of a separate class of CDN ZAI PD Claims and for the establishment of the CDN ZAI PD Claims Fund, which shall administer and make payments in respect of CDN ZAI PD Claims in accordance with the terms of these Amended and Restated Minutes.

13.    Grace shall provide in its First Amended Joint Plan that any CDN ZAI PI Claimant shall be entitled to file his or her claim against the Asbestos Trust to be created for asbestos personal injury claims pursuant to the First Amended Joint Plan, the Trust Agreement and the TDP ("Asbestos Trust", "Trust Agreement" and "TDP" are as defined in the First Amended Joint Plan and exhibits thereto), and shall be entitled to payments as provided thereunder.  CDN ZAI PI Claimants shall be entitled to the same rights as all other Asbestos PI Claimants (as defined in the First Amended Joint Plan) to recover legal fees and expenses as part of their claims against the Asbestos Trust established for payment of Asbestos PI Claims (as defined in the First Amended Joint Plan) pursuant to the First Amended Joint Plan.

14.    The vote which the CCAA Representative Counsel made pursuant to the Original Settlement in favour of the First Amended Joint Plan shall constitute a vote pursuant to these Amended and Restated Minutes of Settlement in favour of the First Amended Joint Plan.  Further, on behalf of CDN ZAI Claimants, CCAA Representative Counsel shall, in any future vote, vote in favour of the First Amended Joint Plan incorporating the Amended and Restated Minutes.

5

15.    Upon execution of the Amended and Restated Minutes, Grace shall, as soon as reasonably practicable:

    (a)    advise the U.S. Court of these Amended and Restated Minutes;

    (b)    revise the First Amended Joint Plan to be consistent with these Amended and Restated Minutes;

    (c)    bring a motion in the CCAA Court for an order:

        (i)    approving these Amended and Restated Minutes;

        (ii)    providing that the vote which the CCAA Representative Counsel made pursuant to the Original Settlement in favour of the First Amended Joint Plan shall constitute a vote pursuant to these Amended and Restated Minutes of Settlement in favour of the First Amended Joint Plan;

        (iii)    authorizing CCAA Representative Counsel to vote as proxy and power of attorney for CDN ZAI Claimants in any future vote on the First Amended Joint Plan;

        (iv)    providing for a variation of the Canadian Settlement Approval, and in particular the deletion of paragraphs 7(i) and 8 thereof, pursuant to which CCAA Representative Counsel shall be permitted, on behalf of the CDN ZAI PI Claimants, to pursue claims against the Crown even if the Crown raises, by way of contribution, indemnity or otherwise, CDN ZAI PI Claims;

6

(v)    providing for, on the Effective Date; (A) releases in favour of the Grace Parties from the CDN ZAI Claimants of all claims and causes of action of any kind whatsoever relating to CDN ZAI Claims; (B) the discharge and extinguishment of all CDN ZAI Claims against the Grace Parties (collectively, the **"Releases"**); and (C) a stay of the Actions until the Actions are amended to remove the Grace Parties as named defendants as provided for herein; and

(vi)    addressing all other matters required in order to implement these Amended and Restated Minutes.

16.    Grace shall consent to and support CCAA Representative Counsel's application seeking appointment as special counsel for CDN ZAI Claimants in the U.S. proceedings (the **"Special Counsel Application"**) retroactively to September 1, 2008 and going forward to the date of the U.S. Confirmation Order.

17.    CCAA Representative Counsel shall make application to the U.S. Court for approval and payment of CCAA Representative Counsel's reasonable fees and expenses (including matters relating to the Original Settlement, the Canadian Settlement Approval, the CDN ZAI PD Claims Notice Program, the Amended and Restated Minutes of Settlement, communication with CDN ZAI Claimants, the U.S. Confirmation Order and any other matter relating to the interests of CDN ZAI Claimants in contribution and support of the First Amended Joint Plan) in accordance with the applicable provisions of the U.S. Bankruptcy Code, the U.S. Bankruptcy Rules, the Local Rules of the U.S. Court and any other applicable procedures and orders of the U.S. Court.

7

**CONDITIONS OF FUNDING**

18.    The Grace Parties' obligation to contribute the Grace Funds, as set out in paragraph 11 herein, is subject to the following conditions (the **"Grace Funding Conditions"**):

     (a)    an order of the CCAA Court pursuant to paragraph 15(b) herein shall have been obtained;

     (b)    the First Amended Joint Plan shall incorporate the terms of these Amended and Restated Minutes and such other matters required to implement the Amended and Restated Minutes and shall include, in particular, the discharge and extinguishment of all CDN ZAI Claims against the Grace Parties;

     (c)    all conditions precedent to the Effective Date in the First Amended Joint Plan implementation shall be satisfied, including the entering or the issuance, as applicable, of:

          (i)    a Final Order (as defined in the First Amended Joint Plan) in respect of the U.S. Confirmation Order; and

          (ii)    a final order of the CCAA Court, or an appellate Canadian court if applicable, recognizing and implementing the U.S. Confirmation Order in Canada.

8

19.    Upon payment of the Grace Funds:

      (a)    All CDN ZAI Claims against the Grace Parties shall be forever disallowed and expunged;

      (b)    CCAA Representative Counsel shall cause the Actions to be amended such that no CDN ZAI Claims are asserted against the Grace Parties as named defendants; and

      (c)    CDN ZAI Claimants shall no longer have recourse in respect of CDN ZAI Claims against the Grace Parties, but shall have recourse only to the CDN ZAI PD Claims Fund or the Asbestos Trust.  Thereafter, none of the Grace Parties shall have any liability for the CDN ZAI Claims whatsoever, and, for greater certainty, no CDN ZAI Claimant shall have any further recourse against any of the Grace Parties.

20.    Unless otherwise agreed to by the Parties hereto, in the event of any of the following:

      (a)    CCAA Representative Counsel's Special Counsel Application is not approved by the U.S. Court;

      (b)    an order of the CCAA Court pursuant to paragraph 15(b) herein is not obtained;

      (c)    the U.S. Confirmation Order is not entered by the U.S. Court on or before December 31, 2010; or

9

(d)    the First Amended Joint Plan, as confirmed, does not reflect the terms of these Amended and Restated Minutes,

the Amended and Restated Minutes shall be considered null and void.

## CLAIMS AGAINST THE CROWN

21.    Nothing in these Amended and Restated Minutes precludes CDN ZAI PI Claimants from asserting claims against the Crown, whether now or in the future, for injuries suffered directly or indirectly from the manufacture, sale or distribution of ZAI products in Canada. For greater certainty,

(a)    claims may be pursued by CDN ZAI PI Claimants against the Crown even though they may give rise to CDN ZAI PI Claims by the Crown for contribution, indemnity or otherwise, provided that such CDN ZAI PI Claims by the Crown shall be channeled to the Asbestos Trust by the First Amended Joint Plan; and

(b)    no claims may be pursued by CDN ZAI PD Claimants against the Crown that may give rise to CDN ZAI PD Claims.

## USE OF FUNDS IN THE CDN ZAI PD CLAIMS FUND

22.    The CDN ZAI PD Claims Fund shall be used for the following purposes and the funds shall be distributed as follows:

(a)    As soon as reasonably practicable following the Effective Date, two million Canadian dollars (CDN$2,000,000) shall be paid to CCAA Representative Counsel in respect of legal fees and disbursements;

10

(b)    As soon as reasonably practicable following the Effective Date, two hundred fifty thousand Canadian dollars (CDN$250,000) shall be set aside by the Fund to pay CCAA Representative Counsel for future legal fees and disbursements incurred from the date of the U.S. Confirmation Order for the purposes of carrying out its duties in respect of the CDN ZAI PD Claims Notice Program and the CDN ZAI PD Claims Procedure, which legal fees and disbursements shall be paid upon application to and approval by the CCAA Court;

(c)    The Fund shall be authorized to pay a Claims Administrator up to eight hundred fifty thousand Canadian dollars (CDN$850,000) for fees and disbursements incurred for the purposes of administering the CDN ZAI PD Claims Procedure and the Fund;

(d)    The Fund shall be authorized to pay up to one hundred fifty thousand Canadian dollars (CDN$150,000) to a qualified expert to be jointly selected by CCAA Representative Counsel and the Claims Administrator to provide expert and consulting services to assist in establishing procedures for the identification of ZAI, remedial measures that might be undertaken by a CDN ZAI PD Claimant and the development of the CDN ZAI PD Claims Procedure (the **"Qualified Expert"**); and

(e)    The remainder of the monies in the Fund plus interest earned therein and any monies not used for the purposes outlined in sections (b)-(d) above, shall be available to be distributed to the holders of Allowed CDN ZAI PD Claims in full and complete satisfaction and payment of their CDN ZAI PD Claims.

· 11

**CDN ZAI PD BAR DATE**

23.     Notwithstanding the CDN ZAI PD Claims Bar Date of August 31, 2009 established by

the U.S. Court, all CDN ZAI PD Claimants who have filed a proof of claim by December

31, 2009, shall be entitled to seek compensation from the CDN ZAI PD Claims Fund,

which entitlement shall be determined in accordance with the CDN ZAI PD Claims

Procedure.

24.     Any CDN ZAI PD Claim that is not filed in accordance with the CDN ZAI PD Claims

Bar Date or paragraph 23 herein, shall be forever barred and expunged.

**CDN ZAI PD CLAIMS PROCEDURE**

25.     CCAA Representative Counsel and the Claims Administrator shall develop and

implement the CDN ZAI PD Claims Procedure. The CDN ZAI PD Claims Procedure

shall include the following:

(a)     CDN ZAI PD Claims shall be submitted initially through the proof of claim

form that is part of the CDN ZAI PD Claims Notice Program. The CDN ZAI

PD Claims Fund may then require CDN ZAI PD Claimants with Timely

CDN ZAI PD Claims (as defined in the First Amended Joint Plan), or claims

filed in accordance with paragraph 23 herein, to submit a further

questionnaire, a sample of the insulation that forms the basis of the claim or

other necessary information in order to determine whether such claim should

be allowed and paid by the Fund;

(b)     In order to qualify as an Allowed CDN ZAI PD Claim, a CDN ZAI PD

Claimant must prove on a summary basis that:

12

(i)     the dwelling unit for which the CDN ZAI PD Claimant is making a claim was or is insulated with ZAI;

(ii)    the CDN ZAI PD Claimant undertook measures and incurred or assumed costs to identify and prove the existence of ZAI, and to remediate the dwelling unit to avoid possible adverse effects to occupants and others of exposure to ZAI;

(iii)   the CDN ZAI PD Claimant incurred or assumed the costs of identifying ZAI and/or the costs of other measures undertaken to remediate the dwelling unit to avoid possible adverse effects of exposure to ZAI; and

(iv)    any other criteria as agreed upon by the CCAA Representative Counsel and the Claims Administrator, with the benefit of advice and consultation from the Qualified Expert as necessary, have been met.

(c)     Each CDN ZAI PD Claim shall be categorized, administered, quantified and paid, if applicable, through the CDN ZAI PD Claims Procedure as follows:

(i)     Category I - NO ZAI AND/OR NO REMEDIAL MEASURES -- NO COMPENSATION - the CDN ZAI PD Claimant fails to prove the existence of ZAI and/or fails to prove that costs were incurred or assumed to identify and/or fails to prove that costs were incurred or assumed to remediate the dwelling unit to avoid possible adverse effects to occupants and others of exposure to ZAI. All Category I claims will be disallowed by the Claims Administrator. Category I claims shall be disallowed in full;

13

(ii)    Category II - ZAI IDENTIFICATION AND MINOR REMEDIAL MEASURES -- 50% OF THE COSTS OF REMEDIAL MEASURES UP TO CDN $300.00 - the CDN ZAI PD Claimant proves the existence of ZAI, proves that costs were incurred or assumed to identify and prove the existence of ZAI, and proves that costs were incurred or assumed for minor remedial measures undertaken to the dwelling unit to avoid possible risks of exposure to ZAI to occupants and others;

(iii)    Category III - ZAI IDENTIFICATION AND MAJOR REMEDIAL MEASURES -- 50% OF THE COSTS OF REMEDIAL MEASURES UP TO CDN$600.00 - the CDN ZAI PD Claimant proves the existence of ZAI, proves that costs were incurred or assumed to identify and prove the existence of ZAI, and proves that costs were incurred or assumed for major remedial measures undertaken to remediate the dwelling unit to avoid possible adverse effects of exposure to ZAI to occupants and others;

(d)    The CCAA Representative Counsel and the Claims Administrator shall act reasonably, in consultation with the Qualified Expert as necessary, to establish and agree upon such other criteria to determine what is necessary to satisfy and establish an Allowed CDN ZAI PD Claim, including, but not limited to establishing specific criteria to determine what constitutes minor or major remedial measures.

14

26.   Payments on Allowed CDN ZAI PD Claims shall be as provided for in paragraph 25 herein.  However:

    (a)   in the event the Fund does not have enough monies to pay the maximum amount recoverable for Allowed CDN ZAI PD Claims, each CDN ZAI PD Claim shall be paid based upon a pro-rated distribution of each claim in relation to all Allowed CDN ZAI PD Claims made against the CDN ZAI PD Claims Fund. For greater certainty, aside from the Grace Funds, under no circumstances shall the Grace Parties have an obligation to contribute further monies to the Fund; and

    (b)   if the Fund is not exhausted after the administration of the CDN ZAI PD Claims Procedure is complete, such funds shall be used:

        (i)   first, to make a further allowance to holders of Allowed CDN ZAI PD Claims on a pro rata basis up to the maximum amount of the Allowed ZAI PD Claim; and

        (ii)   thereafter, if the Fund has not been exhausted as a result of the further allowance in paragraph 25(b) herein, for such charitable or education purposes as the Claims Administrator, in consultation with CCAA Representative Counsel, deems appropriate.

**ENTIRE AGREEMENT**

27.   Each of the Parties acknowledges and agrees that these Amended and Restated Minutes are:

    (a)   subject only to the conditions outlined herein; and

15

(b)    not subject to or conditional upon a settlement of any claims related to ZAI

outside of Canada being reached by the Grace Parties, nor shall the terms

herein be affected by any such settlement.

**W.R. GRACE & CO. on its own behalf and
on behalf of the other debtors in possession
in the chapter 11 cases**

Per: _Mark A. Shelnitz_
Name: Mark A. Shelnitz
Title: VP, Gen. Counsel & Secretary

Per: _____
Name:
Title:

**GRACE CANADA, INC.**

Per: _W B McGowan_
Name: W. Brian McGowan
Title: President

Per: _____
Name:
Title:

**SCARFONE HAWKINS LLP on its own
behalf and, in its capacity as representative
counsel, on behalf all holders of CDN ZAI
Claims**

Per: _____
Name: David Thompson
Title: Partner

Per: _____
Name:
Title:

16

**LAUZON BÉLANGER S.E.N.C.R.L. on its own behalf and, in its capacity as representative counsel, on behalf all holders of CDN ZAI Claims**

Per: _____

Name: Michel Bélanger

Title: Lawyer November 16, 2009

Per: _____

Name:

Title:

17

## APPENDIX "A"

**DEFINED TERMS**

**"Allowed CDN ZAI PD Claims"** means Timely CDN ZAI PD Claims allowed by the Claims Administrator pursuant to the CDN ZAI PD Claims Procedure;

**"Canadian Settlement Approval"** means the Order of the CCAA Court of October 17, 2008 as described in paragraph 6;

**"CCAA Court"** means the Ontario Superior Court of Justice;

**"CCAA Representative Counsel"** means Lauzon Belanger S.E.N.C.R.L. and Scarfone Hawkins LLP in their capacity as representative counsel to the Canadian ZAI Claimants pursuant to an Order of the CCAA Court made on February 8, 2006;

**"CDN ZAI Claimants"** means CDN ZAI PD Claimants and CDN ZAI PI Claimants;

**"CDN ZAI Claims"** means Canadian ZAI PI Claims and Canadian ZAI PD Claims;

**"CDN ZAI PD Claimants"** means a holder of a CDN ZAI PD Claim;

**"CDN ZAI PD Claims"** means claims arising out of or in any way connected to property damages arising, directly or indirectly, from the manufacture, sale or distribution of ZAI in Canada as more particularly defined in the First Amended Joint Plan and includes, without limitation all past, present and future claims against the Grace Parties described in or arising from the Actions, including any ZAI PD Claims asserted or to be asserted by the Crown;

**"CDN ZAI PD Claims Bar Date"** means the date set out in the CDN ZAI PD Claims Notice Program by which CDN ZAI PD Claims must be filed in order to qualify as Timely CDN PD Claims or else be forever barred and extinguished;

**"CDN ZAI PD Claims Fund"** or the **"Fund"** means the fund to be established for the administration, adjudication and distribution of funds with respect to CDN ZAI PD Claims;

**"CDN ZAI PD Claims Notice Program"** means the broad-based media program for CDN ZAI PD Claims currently contained within the Bar Date and Notice program Grace filed with the Bankruptcy Court on March 18, 2008 [Docket No. 18328] as amended on April 10, 2008 [Docket No. 18495] and May 23, 2008 [Docket No. 18784];

**"CDN ZAI PD Claims Procedure"** means procedures established by the Claims Administrator and the CCAA Representative Counsel for the Fund to review, administer, adjudicate and pay Allowed CDN ZAI PD Claims as appropriate;

**"CDN ZAI PI Claimants"** means holders of CDN ZAI PI Claims;

**"CDN ZAI PI Claims"** means claims arising out of or in any way connected to personal injuries arising, directly or indirectly, from the manufacture, sale or distribution of ZAI in

Canada and as more particularly defined in the First Amended Joint Plan and includes, without limitation, all past, present and future claims against the Grace Parties described in or arising from the Actions set out in Appendix "B";

**"Claims Administrator"** means a person appointed by CCAA Representative Counsel and approved by the U.S. Court to administer the Fund in accordance with this Settlement and any subsequent Fund administration agreement or other related document;

**"Crown"** means the Attorney General of Canada (Her Majesty the Queen in Right of Canada);

**"First Amended Joint Plan"** means Grace's First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code filed in Grace's Chapter 11 cases or any subsequent version thereof;

**"Grace"** means W. R. Grace & Co. and its 61 U.S. subsidiaries filed under the Chapter 11 cases;

**"Grace Canada"** means Grace Canada, Inc.;

**"Grace Parties"** means Grace, Sealed Air (Canada) Co./CIE, Sealed Air Corporation, Cryovac, Inc. and Grace Canada and each of their parent corporations, subsidiary corporations, joint ventures, affiliates, sister corporations, and any and all of their past, present, and future agents, servants, officers, directors, employees, predecessors, successors, assigns, heirs, executors, administrators, legal representatives, beneficiaries and insurers;

**"Modified Preliminary Injunction"** means the Order granted to Grace on January 22, 2002, that provided injunctive relief to affiliated entities;

**"Original Settlement"** means the minutes of settlement between the Parties dated September 2, 2008.

**"Parties"** means CCAA Representative Counsel, Grace and Grace Canada;

**"U.S. Confirmation Order"** means the Confirmation Order as defined in the First Amended Joint Plan.

**"U.S. Court"** means the United States Bankruptcy Court for the District of Delaware;

**"ZAI"** means Zonolite Attic Insulation, which is loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos manufactured and sold by the Grace Parties and installed in homes and buildings that are located in Canada.

19

## APPENDIX "B"

### LIST OF ACTIONS IN CANADA

1.  Association des Consommateurs pour la Qualite dans la Construction,

    Viviane BROSSEAU & Leontine ROBERGE-TURGEON v. Attorney General of Canada; Superior Court of Quebec; court no. 500-06-000286-050

2.  NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co. et al.; Federal Court of Canada; court no. T-1503-05

3.  THUNDERSKY, Raven and BRUCE, Rebecca v. the Attorney General of Canada, W.R. Grace & Co. et al.; Manitoba Queen's Bench; court no. CI04-01-39818

4.  Association des Consommateurs pour la Qualite dans la Construction et Jean-Charles DEXTRAS v. Grace Canada Inc. and Attorney General of Canada; Superior Court of Quebec; court no. 500-06-000258-042

5.  NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co. et al.; Superior Court of Quebec; court no. 550-06-000020-058

6.  NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co. et al.; Saskatchewan Queen's Bench; court no. 696-2005

7.  NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co et al.; Alberta Queen's Bench; court no. 0501-07100

8.  NORDICK, Merv et at v. Attorney General of Canada, W.R. Grace & Co et al.; B.C. Queen's Bench; court no. L-052352

9.  SPENCER, Ernest et at. v. Attorney General of Canada, W.R. Grace & Co et al.; Ontario Superior Court of Justice; court no. 5-CV-32367

10. SPENCER, Ernest et al. v. Attorney General of Canada, W.R. Grace & Co et al.; Manitoba Queen's Bench; court no. C1-05-01-44628

11. Her Majesty in Right of the Province of Manitoba v. Attorney General of Canada, W.R. Grace & Co et al.; Manitoba Queen's Bench; court no. C1-05-01-41069