**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|   |   |
|---|---|
| In re: | ) Chapter 11 |
|   | ) |
| W.R. GRACE & CO., <u>et al.</u>, | ) Case No. 01-01139 (JKF) |
|   | ) |
| Debtors. | ) Objection Deadline: March 5, 2010 at 4:00 p.m. |
|   | ) Hearing: March 22, 2010 at 10:30 a.m. |

**FINAL APPLICATION OF PIPER JAFFRAY & CO.
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES AS FORMER FINANCIAL ADVISOR TO
DAVID T. AUSTERN, ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE
FOR THE PERIOD FEBRUARY 13, 2006 THROUGH OCTOBER 31, 2009**

Pursuant to 328(a) U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Retention Order (as defined herein), and this Court's Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Administrative Order"), Piper Jaffray & Co. ("PJC"), Former Financial Advisor to David T. Austern, Asbestos PI Future Claimants' Representative ("FCR") appointed in the above-referenced case, by its final application (the "Final Fee Application") for compensation and reimbursement of expenses, hereby moves this Court for entry of an order pursuant to sections 330 and 331 of title 11, United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing and directing the payment of all amounts previously held back or remaining unpaid during the Interim Compensation Period pursuant to the prior orders of this Court in the amount of $98,000.00; and (ii) awarding it final compensation for professional services rendered as former financial advisor to the FCR in the final amount listed in the chart below:

| FINAL FEE PERIOD | FEES REQUESTED AND APPROVED | EXPENSES APPROVED | TOTAL |
|---|---|---|---|
| February 13, 2006 through October 31, 2009 | $3,057,142.86 | $14,935.47 | $3,072,078.33 |

| FINAL FEE PERIOD | FEES REQUESTED AND PENDING APPROVAL | EXPENSES PENDING APPROVAL | TOTAL |
|---|---|---|---|
| February 13, 2006 through October 31, 2009 | $290,000.00 | $319.05 | $290,319.05 |

and in support of its Application, PJC respectfully represents as follows:

### **Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### **Background**

2. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. By an Order dated May 24, 2004, the Court appointed David T. Austern as the Legal Representative for Future Asbestos Claimants (the "FCR") for the above captioned cases. The same Order authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the bankruptcy code).

2

On March 1, 2006, the FCR applied to this Court for an order authorizing the retention of PJC pursuant to an engagement agreement dated February 16, 2006 (the "Engagement Agreement") as his financial advisor.  On May 8, 2006 this Court entered an order (the "Retention Order") authorizing the FCR to employ PJC as financial advisor effective nunc pro tunc as of February 13, 2006 pursuant to the terms of the Engagement Agreement.  On July 29, 2008 this Court entered an order authorizing modification of the retention and employment of PJC as co-financial advisor to the FCR nunc pro tunc as of March 1, 2008 (the "Modified Retention Order").

### Compensation Paid

4.      All services for which PJC requests compensation were performed as financial advisor for or on behalf of David T. Austern as the FCR in these jointly administered cases.

### The Administrative Order

5.      The Administrative Order in this case approved and set forth certain procedures for the interim and monthly payment of professional fees and reimbursement of expenses, subject to the final approval of this Court.

6.      The Administrative Order requires that professionals bill the Debtors on a monthly basis and serve copies of such monthly statements on the certain parties set forth in the Administrative Order, including Debtors' counsel and the United States Trustee.  After a brief review period, and in the absence of objection by any of the parties, the Debtors on behalf of the FCR pays its professionals eighty percent (80%) of the professional fees incurred and one hundred percent (100%) of the expenses incurred for the prior month.  Accordingly, each month twenty percent (20%) of the professional fees incurred are "held back" subject to application and approval by this Court.

7.    Pursuant to the Administrative Order in these cases, during the Interim Compensation Period, PJC already has requested and received certain compensation and reimbursement of expenses from the Debtors on behalf of the FCR. PJC submits that it has complied with the procedures set forth in the Administrative Order. Accordingly, pursuant to the provisions of the Administrative Order and the monthly invoices provided by PJC to the FCR, PJC has received payment from the Debtors, on behalf of the FCR, and is requesting final approval of its total fees in the amount of $3,347,142.86 and final approval of its total costs in the amount of $15,254.52 for the for a total of $3,362,397.38 for the Final Compensation Period of February 13, 2006 through October 31, 2009.

**Relief Requested**

8.    PJC also requests final approval of the fees and costs listed in the chart below for the period of February 13, 2006 through October 31, 2009:

| FINAL FEE PERIOD | FEES REQUESTED AND APPROVED | EXPENSES APPROVED | TOTAL |
|---|---|---|---|
| February 13, 2006 through October 31, 2009 | $3,057,142.86 | $14,935.47 | $3,072,078.33 |

| FINAL FEE PERIOD | FEES REQUESTED AND PENDING APPROVAL | EXPENSES PENDING APPROVAL | TOTAL |
|---|---|---|---|
| February 13, 2006 through October 31, 2009 | $290,000.00 | $319.05 | $290,319.05 |

9.    PJC submits that each of the factors set forth in 11 U.S.C. § 330(a)(3) has been met with respect to its previously filed applications for compensation and reimbursement,

4

justifying the approval of its final fees and expenses requested herein. In particular, the time spent on the services requested in this application was reasonable, 11 U.S.C. § 330(a)(3)(A). The rates charged by PJC were reasonable, 11 U.S.C. § 330(a)(3)(B). The services performed by the firm were necessary and beneficial to the administration of the Debtors' estate, both at the time the services were rendered and thereafter, 11 U.S.C. § 330(a)(3)(C). Each of PJC's individual professionals performed services within a reasonable amount of time commensurate with the complexity, importance and nature of the subject matter, 11 U.S.C. § 330(a)(3)(D). The compensation requested by PJC is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy matters. 11 U.S.C. § 330(a)(3)(E).

10. Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, PJC has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with this case.

WHEREFORE, PJC respectfully request this Court to enter an order (i) authorizing and directing the payment of all amounts previously held back or remaining unpaid during the Final Compensation Period in the total amount of $98,000.00, pursuant to the prior orders of this Court; (ii) awarding it final compensation for professional services rendered as former financial advisor to the FCR in the final amounts of $3,347,142.86 and final approval of its total costs in the amount of $15,254.52 for the for a total of $3,362,397.38 for the period February 13, 2006 through October 31, 2009 and (iii) granting such other relief as this Court deems is just and proper.

        PIPER JAFFRAY & CO.

        By: */S/ JASON SOLGANICK*
           Jason Solganick
           150 East 42nd Street, 35th Floor
           New York, New York 10017
           (212) 284-9586
           Former Financial Advisor to Davis T. Austern,
           Asbestos PI Future Claimants' Representative

Dated: December 22, 2009