IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: February 5, 2010 by 4:00 p.m.** |
| | ) | **Hearing Date: February 22, 2010 at 10:30 a.m.** |

## PLAN PROPONENTS' JOINT MOTION FOR ENTRY OF ORDER APPROVING STIPULATION AND AGREED ORDER RESOLVING NEUTRALITY OBJECTIONS TO FIRST AMENDED JOINT PLAN OF REORGANIZATION

W. R. Grace & Co., *et al.*, (collectively, the "Debtors"), the Official Committee of

Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the

Official Committee of Equity Security Holders (collectively, the "Plan Proponents") hereby

jointly move this Court (the "Motion") for entry of an order approving a stipulation and agreed

order (the "Stipulation") by and among the Plan Proponents, on the one hand, and certain

insurers (the "Insurers") who submitted Phase I objections to confirmation of the Plan,[2] on the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] The "Plan" shall refer to the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders, dated February 27, 2009,

(Continued...)

other hand (the Plan Proponents and the Insurers are referred to collectively as the "Parties").  A

copy of the Stipulation is attached hereto as <u>Exhibit A</u>.  In support of the Motion, the Plan

Proponents respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this

Motion is proper under 28 U.S.C. § 1408.

2.      The statutory predicates for this Motion include section 105(a) of title 11 of

the United States Code (the "Bankruptcy Code") and Rule 9019 the Federal Rules of Bankruptcy

Procedure.

### Background

3.      On April 2, 2001, the Debtors filed voluntary petitions for relief under

Chapter 11 of the Bankruptcy Code.  The Debtors have remained in possession of their

properties and have continued to operate and manage their businesses as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On February 27, 2009, the Plan Proponents filed the Plan.

5.      Pursuant to the Third Amended Case Management Order (Dkt. No. 21544),

the Insurers submitted Phase I objections to confirmation of the Plan, asserting, among other

objections, that the Plan may improperly affect their rights in their capacity as insurers to assert

or litigate coverage defenses in Coverage Litigation (as defined in the Stipulation) (the

"Neutrality Objections").

---

and together with its exhibits and schedules, as they all may be amended, supplemented or otherwise modified from
time to time.

2

6.      Pursuant to the Fourth Amended Case Management Order (Dkt. No. 22819), the Insurers submitted Phase II objections to confirmation of the Plan.

7.      On June 22 and 23, 2009, the Court held a hearing on, among other things, the Neutrality Objections.

8.      On September 8-11, 14-17, and October 13-14, 2009, the Court held a hearing on various objections raised by the Insurers other than the Neutrality Objections.

9.      To avoid protracted litigation with respect to the Neutrality Objections, the Parties, without admission, have reached agreement, as set forth in the Stipulation, to, *inter alia*, make certain modifications to the Plan and thereby resolve the Neutrality Objections.

## The Stipulation

10.     Pursuant to the Stipulation, the Parties have stipulated and agreed to the following:[3]

   A. Plan Modifications:  The Plan shall be amended to include certain Plan modifications set forth in Exhibit A to the Stipulation.

   B. Insurer Plan Objections:

      i.   Effective upon this Court's entry of an order approving the Stipulation, and contingent on a Final Order[4] confirming the Plan containing the Plan modifications set forth in Exhibit A to the Stipulation:

         a.  The Insurers' Neutrality Objections shall be deemed withdrawn.

         b.  Except as provided in paragraph 2(b) of the Stipulation, the remaining Phase I objections, and the Phase II objections, of the Insurers shall be withdrawn.

---

[3] The following summary of the Stipulation is provided for the convenience of the Court and parties in interest. To the extent that there are any discrepancies between this summary and the Stipulation, the terms and language of the Stipulation shall govern.

[4] All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

ii.  The following Phase I and Phase II objections are not being withdrawn by the Insurers, and the Insurers retain the right to continue to litigate these objections before this Court and the District Court, and in any appropriate appellate court.

    a.  Each Insurer retains the right to litigate the issues below, as applicable to itself:

        1.  Whether the transfer of Asbestos Insurance Rights under the Asbestos Insurance Transfer Agreement is valid and enforceable against such Insurers;

        2.  Whether the Bankruptcy Court or District Court has jurisdiction to issue certain injunctions to the extent such injunction(s) would operate to enjoin claims that certain Insurers hold or assert against the Sealed Air Indemnified Parties and Fresenius Indemnified Parties;

        3.  Whether certain releases, exculpations, and injunctions provided in the Plan and Plan Documents (including certain releases and injunctions providing protections to the Sealed Air Indemnified Parties or the Fresenius Indemnified Parties) are valid and enforceable; and

        4.  Whether the provisions of Section 7.2.2(d)(iv) of the Plan improperly eliminate, modify, or transfer any rights each Insurer may have, or any obligations or liabilities the Debtors may have, under any Asbestos Insurance Reimbursement Agreement entered into by that Insurer.

iii.  CNA (as defined in the Stipulation) and Seaton Insurance Company also retain the right to continue to litigate the following objections (other than Neutrality Objections) that they have raised in their Phase II Pre-Trial or Post-Trial Briefs submitted to the Bankruptcy Court on or about July 13, 2009 and November 2, 2009:

    a.  Whether the members of the Asbestos PI Trust Advisory Committee ("TAC") and their respective law firms have an inappropriate conflict of interest;

    b.  Whether the Section 524(g) injunctions included in the Plan improperly limit the universe of insurers eligible for Section 524(g) injunctive protection to those that have settled prior to Confirmation or within 10 days after Confirmation;

    c.  Whether the Plan and Plan Documents improperly discriminate against Indirect PI Trust Claims held by Certain Insurers,

4

including, but not limited to, treating such claims differently than other Class 6 Claims;

    d.   Whether certain claims held by Certain Insurers against the Debtors are improperly classified as Class 6 Claims under the Plan;

    e.   Whether the Plan fails to comply with the requirements of Bankruptcy Code § 524(g)(2)(B)(i)(II) and (III); and

    f.   Whether the Plan improperly fails to extend Section 524(g) injunctive protection to CNA to the full extent that the Debtors are obligated to indemnify CNA under the Asbestos Insurance Reimbursement Agreement and various pre-petition Asbestos Insurance Settlement Agreements entered into between CNA and the Debtors.

    iv.   The Plan Proponents reserve the right to challenge the standing of any Insurer to litigate the objections referenced in paragraph 2(b) of the Stipulation, as well as to litigate the merits of the objections and the timeliness of the CNA and Seaton objections described in paragraph 2(b)(ii) of the Stipulation.

    v.   If the Plan (including the modifications specified in Exhibit A to the Stipulation) is not confirmed by this Court and affirmed by the District Court, and is not confirmed by the District Court, or any Order confirming the Plan is overturned on appeal, the Insurers' withdrawal of the objections specified in paragraph 2(a)(i) and (ii) of the Stipulation shall be a nullity and of no force or effect, and the Insurers shall have the right to raise any and all objections to any new or modified plan that is proposed by the Debtors or any other party.

    11.      In addition to the Insurers that have executed the Stipulation, Fireman's Fund Insurance Company ("Fireman's Fund") and Zurich Insurance Company ("Zurich") also took part in the negotiations involving the Stipulation. Presently, Fireman's Fund and Zurich are not signatories to the Stipulation because they have entered into settlement agreements with the Debtors, which settlement agreements were approved by this Court on December 11, 2009 and December 17, 2009, respectively.  (Dkt. Nos. 23995 and 24018) (each an "Approval Order"). However, in the event their respective Approval Orders do not become Final Orders, Fireman's

Fund and/or Zurich will be added as signatories to the Stipulation, without the need for further action by any party.

## Relief Requested

12.      By this Motion, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Plan Proponents respectfully ask the Court to endorse the Stipulation, which has been executed by the Parties, as So Ordered.

## Basis for Relief

13.      This Court has statutory authority to authorize and approve the Parties' entry into the Stipulation pursuant to section 105 of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed settlement is in the best interests of the debtor's estate. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate.'").  To reach this determination, courts assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *See Martin*, 91 F.3d at 393.

14.      The standard by which courts evaluate the reasonableness of a proposed compromise and settlement is well established.  This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and

6

delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.*; *see also Depositor v. Mary M. Holloway Found.*, 36 F.3d 582, 587 (7th Cir. 1994) (affirming an order approving a compromise and settlement of claims against the estate where it was "unlikely" that the debtor would succeed on the claim, litigation of the claims would involve considerable expense, and the claimant would withdraw all claims upon approval of the settlement). Settlements should only be rejected if they fall "below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). The standards set forth above are plainly met in this case.

### The Settlement Agreement Is A Sound Exercise of the Debtors' Business Judgment

15.    The settlement embodied in the Stipulation is in the best interests of the Debtors, their estates, and their creditors. The Stipulation is the product of a rigorous arm's-length, good faith negotiation process, is fair and reasonable, and is clearly within the Debtors' sound business judgment.

16.    The Stipulation and proposed Plan modifications eliminate the Insurers' Neutrality Objections thereby reducing the number of issues that this Court must address during the confirmation process.

17.    The Stipulation also provides certainty for the Parties with respect to the Neutrality Objections at a crucial time in these Chapter 11 cases as the Debtors pursue confirmation of the Plan.

18.    In addition, the contents of the Stipulation and modifications to the Plan are substantively similar to several other insurance neutrality stipulations and plan modifications that have previously been approved by this Court. *See, e.g., In Re Federal-Mogul Global Inc.*, Case

No. 01-10578 (Bankr. D. Del.); *In re Kaiser Aluminum Corp.*, Case No. 02-10429 (Bankr. D. Del.).

19.    For all of the foregoing reasons, the Plan Proponents submit that the Stipulation is fair and reasonable and in the best interest of the Debtors, their creditors and their estates, and therefore the Court should enter the Stipulation.

**Notice**

20.    Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee, (iv) the Asbestos PI Future Claimants' Representative, (v) the Asbestos PD Future Claimants' Representative, and (v) those parties that requested notice under Bankruptcy Rule 2002. In light of the nature of the relief requested, the Plan Proponents submit that no further notice is required.

WHEREFORE, the Plan Proponents respectfully request that the Court enter an order approving the Stipulation and grant such other and further relief as the Court deems just and proper.

Dated:  December 31, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Lisa G. Esayian
Deanna D. Boll
601 Lexington Avenue
New York, NY  10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*and*

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison Street
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162

*and*

*/s/ Kathleen P. Makowski*
PACHULSKI, STANG, ZIEHL & JONES LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

*Counsel for the Debtors and Debtors in Possession*

CAMPBELL & LEVINE, LLC

*/s/ Mark T. Hurford*
Mark T. Hurford (Bar No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947

*and*

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee*
*of Asbestos Personal Injury Claimants*


PHILLIPS, GOLDMAN & SPENCE, P.A.

*/s/ John C. Phillips*
John C. Phillips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

*and*

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T. Austern,*
*Asbestos PI Future Claimants' Representative*

SAUL EWING LLP

*/s/ Teresa K.D. Currier*
Teresa K.D. Currier (Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Facsimile: (302) 421-6813

*and*

KRAMER LEVIN NAFTALIS & FRANKEL
LLP
Philip Bentley
Douglas Mannal
1177 Avenue of the Americas
New York, NY 10022
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee of Equity*
*Security Holders*