## IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | Case No. 01-01139 (JKF) |
| W. R. GRACE and CO., *et al.*[1], | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Objection Deadline: January 27, 2010 |
| | : | Hearing Date: March 22, 2010 at 10:30 a.m. |

### FEE DETAIL FOR DAY PITNEY LLP'S
### THIRTY-FOURTH QUARTERLY APPLICATION FOR THE PERIOD
### FROM JULY 1, 2009 THROUGH SEPTEMBER 30, 2009

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace and Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace and Co.-Conn., A-1 Bit and Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., EandC Liquidating Corp., Emerson and Cuming, Inc.), Southern Oil, Resin and Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF PITNEY, HARDIN, KIPP & SZUCH LLP
AS SPECIAL COUNSEL TO THE DEBTORS

Upon the application (the "Application") of the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors") seeking entry of an order under sections

327(e) and 328(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code")

authorizing the Debtors to employ and retain Pitney, Hardin, Kipp & Szuch LLP ("PHKS") as

special counsel for the Debtors with respect to the specified matters set forth in the Application;

and upon the Affidavit of Anthony J. Marchetta submitted in support of the Application; and it

appearing that the relief requested is in the best interest of the Debtors' estates and their creditors

and other parties in interest; and it appearing that this is a core matter under 28 U.S.C. § 157; and

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp, Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Grace Cocoa Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

332

it appearing that PHKS does not represent any interest adverse to the Debtors or their estates with respect to the matters on which PHKS is to be employed, and meets all requirements for retention set forth in the Bankruptcy Code; and it appearing that the terms and conditions of PHKS's employment as further described in the Application are reasonable; and adequate notice having been given of the Application; and good and sufficient cause existing to grant the Application;

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the Application is GRANTED; and it is further

ORDERED that, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the retention and employment of PHKS as special counsel to the Debtors for the purposes set forth in the Application is hereby approved, nunc pro tunc to the petition date of the above-captioned proceedings; and it is further

ORDERED that PHKS shall be compensated under sections 330 and 331 of the Bankruptcy Code and any further or other Orders of this Court concerning compensation of professionals in these cases, and in accordance with the terms set forth in the Application and the Affidavit of Anthony J. Marchetta in support of the Application, and shall be reimbursed for all allowed necessary, actual and reasonable expenses; and it is further

ORDERED that the allowed fees and expenses of PHKS shall be an administrative expense of the Debtors' estates; and it is further.

ORDERED that this Order shall become effective immediately upon its entry; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: May 30, 2001

Joseph J. Farnan

J. FARNAN

# EXHIBIT B

## EXHIBIT B

### FEES FOR THE FEE PERIOD JULY 1, 2009 THROUGH SEPTEMBER 30, 2009[2]

#### FEES FOR THE PERIOD
#### JULY 1, 2009 THROUGH JULY 31, 2009

Client: 482910 W.R. GRACE & CO.
Matter: 114715 NJDEP V. W.R. GRACE ET AL.

| | | | |
|---|---|---|---|
| 07/02/09 | Telephone calls and e-mails regarding information for Creditors Committee regarding settlement; follow up with B. Moffitt regarding same | | |
| 3 | A. Marchetta | 0.6 | 384.00 |
| 07/06/09 | Follow up regarding telephone call to mediator as to status | | |
| 3 | A. Marchetta | 0.4 | 256.00 |
| 07/13/09 | E-mails regarding status | | |
| 3 | A. Marchetta | 0.2 | 128.00 |
| 07/14/09 | E-mails and follow up with mediator regarding status | | |
| 3 | A. Marchetta | 0.4 | 256.00 |
| 07/14/09 | Review e-mails re: settlement discussions | | |
| 3 | B. Moffitt | 0.1 | 40.00 |
| 07/15/09 | Call from Third Circuit Mediator, J. Torregrossa, and telephone call from J. Dickinson of State regarding settlement; e-mails regarding same | | |
| 3 | A. Marchetta | 0.8 | 512.00 |
| 07/15/09 | Review NJDEP's Statement of Issues and related documents and forward to client | | |
| 3 | B. Moffitt | 0.3 | 120.00 |
| 07/24/09 | E-mails and review of file regarding settlement negotiations and offer; telephone call to mediator and conference with B. Moffitt regarding same | | |
| 3 | A. Marchetta | 0.9 | 576.00 |
| 07/24/09 | Review e-mails re: settlement negotiations and confer with A. Marchetta re same | | |
| 3 | B. Moffitt | 0.2 | 80.00 |

---

[2] Legend for Day Pitney LLP's fees:
3 = Litigation, category 15
18 = Fee Application (Applicant), category 11
14 = Case Administration, category 4

2

| | | | | |
|---|---|---|---|---|
| 07/29/09 | Follow up with telephone call to Third Circuit Mediator, J. Torregrossa, regarding amount of settlement in light of Creditors Committee decision | | | |
| 3 | A. Marchetta | | 0.3 | 192.00 |
| 07/31/09 | Telephone calls and e-mails regarding status of DEP negotiations | | | |
| 3 | A. Marchetta | | 0.4 | 256.00 |

Attorney Summary

| Timekeeper | Hours | Rate | Dollars | |
|---|---|---|---|---|
| A. Marchetta | 4.00 | 640.00 | | 2,560.00 |
| B. Moffitt | 0.60 | 400.00 | | 240.00 |
| TOTAL: | 4.60 | | | 2,800.00 |

## FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| A. Marchetta | 3 | 4.0 | 640.00 | 2,560.00 |
| B. Moffitt | 3 | 0.6 | 400.00 | 240.00 |
| TOTAL: | | 4.6 | | 2,800.00 |

Client: 482910 W.R. GRACE & CO.
Matter: 095992 CHAPTER 11 ADMINISTRATION

| 07/10/09 | Review, revise and discuss with K. Begley Day Pitney's May 2009 fee application | | |
|---|---|---|---|
| 14 | S. Zuber | 0.3 | 148.50 |
| 07/10/09 | Draft May 2009 Fee Application Documents; review and respond to e-mails regarding same | | |
| 18 | K. Begley | 0.9 | 225.00 |
| 07/13/09 | Review and finalize May 2009 Fee Application | | |
| 18 | K. Begley | 0.2 | 50.00 |
| 07/14/09 | Review fee submission | | |
| 14 | A. Marchetta | 0.4 | 256.00 |
| 07/14/09 | Review and respond to e-mails regarding filing of May 2009 Fee Application; discuss same with A. Marchetta | | |
| 18 | K. Begley | 0.2 | 50.00 |

Attorney Summary

| Timekeeper | Hours | Rate | Dollars |
|---|---|---|---|
| A. Marchetta | 0.40 | 640.00 | 256.00 |
| S. Zuber | 0.30 | 495.00 | 148.50 |
| K. Begley | 1.30 | 250.00 | 325.00 |
| TOTAL: | 2.00 | | 729.50 |

## FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| K. Begley | 18 | 1.3 | 250.00 | 325.00 |
| A. Marchetta | 14 | 0.4 | 640.00 | 256.00 |
| S. Zuber | 14 | 0.3 | 495.00 | 148.50 |
| TOTAL: | | 2.0 | | 729.50 |

4

**FEES FOR THE PERIOD**
**AUGUST 1, 2009 THROUGH AUGUST 31, 2009**

Client: 482910 W.R. GRACE & CO.
Matter: 114715 NJDEP V. W.R. GRACE ET AL.

| | | | |
|---|---|---|---|
| 07/02/09 | Assemble information re settlement demand history and prepare e-mail to co-counsel | | |
| 3 | B. Moffitt | 0.9 | 360.00 |
| 08/04/09 | Memos with A. Marchetta and C. Donovan on strategy on matter | | |
| 14 | W. Hatfield | 0.3 | 124.50 |
| 08/04/09 | Review memo from client on public notice issues and URS proposal and question on soil criteria | | |
| 14 | W. Hatfield | 0.4 | 166.00 |
| 08/04/09 | Prepare memo to Grace on recommendation on soil criteria and Tech Reg requirements for notice and RAWP issues on soil cleanup | | |
| 14 | W. Hatfield | 0.6 | 249.00 |
| 08/04/09 | Conference with W. Hatfield and follow up regarding notice issue on site | | |
| 14 | A. Marchetta | 0.5 | 320.00 |
| 08/04/09 | Follow up regarding call to mediator | | |
| 14 | A. Marchetta | 0.3 | 192.00 |
| 08/10/09 | Follow up call with Third Circuit Mediator, J. Torregrossa, regarding status of settlement discussions | | |
| 3 | A. Marchetta | 0.2 | 128.00 |
| 08/11/09 | Telephone call from Third Circuit Mediator, Joe Torregrossa; telephone calls with State, e-mails with client and attorneys and follow up regarding settlement and settlement terms | | |
| 3 | A. Marchetta | 1.8 | 1,152.00 |
| 08/11/09 | Work with A. Marchetta re settlement and statement language re same; various e-mails re settlement | | |
| 3 | B. Moffitt | 0.9 | 360.00 |
| 08/12/09 | Follow up with State, B. Moffitt and J. Baer regarding motion papers regarding settlement and terms | | |
| 3 | A. Marchetta | 0.8 | 512.00 |
| 08/12/09 | Review NJDEP's proposed revisions to settlement statement and draft e-mail re same; work with A. Marchetta re same | | |

| | | | |
|---|---|---|---|
| 3 | B. Moffitt | 0.4 | 160.00 |
| 08/13/09 | Telephone call from client regarding information on terms and follow up regarding same | | |
| 3 | A. Marchetta | 0.5 | 320.00 |
| 08/13/09 | Follow up with B. Moffitt regarding changes to "apology" letter and information regarding settlement | | |
| 3 | A. Marchetta | 0.7 | 448.00 |
| 08/13/09 | Review various e-mails re proposed settlement statement and revise same; e-mail exchange with D.A.G. Dickinson | | |
| 3 | B. Moffitt | 0.5 | 200.00 |
| 08/14/09 | Work with B. Moffitt regarding settlement and information to State regarding form of bankruptcy court papers; follow up with J. Baer regarding same | | |
| 3 | A. Marchetta | 1.3 | 832.00 |
| 08/14/09 | Follow up re settlement and draft e-mail to D.A.G. Dickinson re same; work with A. Marchetta re same; review various e-mails re same | | |
| 3 | B. Moffitt | 1.1 | 440.00 |
| 08/18/09 | Follow up regarding information on Hamilton notice issue and settlement | | |
| 3 | A. Marchetta | 0.5 | 320.00 |
| 08/19/09 | Telephone call to mediator regarding status of appeal and work with B. Moffitt regarding e-mail to State on motion | | |
| 3 | A. Marchetta | 0.8 | 512.00 |
| 08/19/09 | Telephone call from mediator | | |
| 3 | A. Marchetta | 0.3 | 192.00 |
| 08/19/09 | Review message from Third Circuit Mediation Director and follow up with A. Marchetta re same | | |
| 3 | B. Moffitt | 0.2 | 80.00 |
| 08/19/09 | Preparation of e-mail to D.A.G. Dickinson re settlement and work with A. Marchetta re same | | |
| 3 | B. Moffitt | 0.4 | 160.00 |
| 08/20/09 | E-mail regarding mediator call; conference with B. Moffitt regarding same | | |
| 3 | A. Marchetta | 0.2 | 128.00 |
| 08/20/09 | Follow up re settlement and prepare e-mail to J. Torregrossa re same; review various e-mails | | |

| 3 | B. Moffitt | | 0.5 | 200.00 |

| 08/31/09 | Follow up with B. Moffitt and review issues regarding State and settlement | | | |
| 3 | A. Marchetta | | 0.4 | 256.00 |

Attorney Summary

| Timekeeper | Hours | Rate | Dollars |
|---|---|---|---|
| W. Hatfield | 1.30 | 415.00 | 539.50 |
| A. Marchetta | 8.30 | 640.00 | 5,312.00 |
| B. Moffitt | 4.90 | 400.00 | 1,960.00 |
| TOTALS: | 14.50 | | 7,811.50 |

FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| A. Marchetta | 14 | 0.8 | | |
| | 3 | 7.5 | 640.00 | 5,312.00 |
| W. Hatfield | 14 | 1.3 | 415.00 | 539.50 |
| B. Moffitt | 3 | 0.9 | | |
| | 3 | 4.0 | 400.00 | 1,960.00 |
| TOTALS: | | 14.5 | | 7,811.50 |

7

Client: 482910 W.R. GRACE & CO.
Matter: 095992 CHAPTER 11 ADMINISTRATION

| 08/14/09 18 | Draft June 2009 Fee Application documents K. Begley | 0.8 | 200.00 |
|---|---|---|---|
| 08/18/09 14 | Review, revise and follow up with K. Begley regarding Day Pitney's June 2009 Fee Application S. Zuber | 0.3 | 148.50 |
| 08/18/09 18 | Draft June 2009 Fee Application documents K. Begley | 0.5 | 125.00 |
| 08/19/09 18 | Revise and finalize June 2009 Fee Application; review and respond to e-mails regarding filing of same K. Begley | 0.4 | 100.00 |

Attorney Summary

| Timekeeper | Hours | Rate | Dollars |
|---|---|---|---|
| S. Zuber | 0.30 | 495.00 | 148.50 |
| K. Begley | 1.70 | 250.00 | 425.00 |
| TOTALS: | 2.00 | | 573.50 |

FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| K. Begley | 18 | 1.7 | 250.00 | 425.00 |
| S. Zuber | 14 | 0.3 | 495.00 | 148.50 |
| TOTALS: | | 2.0 | | 573.50 |

8

**FEES FOR THE PERIOD**
**SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009**

Client: 482910 W.R. GRACE & CO.
Matter: 114715 NJDEP V. W.R. GRACE ET AL.

| 09/02/09<br>3 | E-mails and follow up with B. Moffitt regarding motion<br>A. Marchetta | 0.3 | 192.00 |
|---|---|---|---|
| 09/02/09<br>3 | E-mail exchanges with DAG Dickinson and others re settlement papers<br>B. Moffitt | 0.3 | 120.00 |
| 09/04/09<br>3 | E-mails regarding motion and draft settlement<br>A. Marchetta | 0.6 | 384.00 |
| 09/08/09<br><br>3 | Telephone calls and follow up regarding motion and conference call regarding same<br>A. Marchetta | 0.5 | 320.00 |
| 09/08/09<br>3 | Review proposed settlement papers and work with A. Marchetta re same<br>B. Moffitt | 0.5 | 200.00 |
| 09/09/09<br><br>3 | Follow up regarding brief; review regarding same; and conference call to discuss<br>A. Marchetta | 0.6 | 384.00 |
| 09/09/09<br><br>3 | Review proposed settlement papers and file material re revising same; work with A. Marchetta and W. Hatfield re same<br>B. Moffitt | 4.2 | 1,680.00 |
| 09/10/09<br>3 | Telephone calls, e-mails and follow up regarding motion papers<br>A. Marchetta | 0.6 | 384.00 |
| 09/10/09<br><br>14 | Review and edit draft stipulation for carve out on ISRA proceeding related to non-Asbestos matters at Hamilton site<br>W. Hatfield | 1.9 | 788.50 |
| 09/10/09<br>14 | Review public notice status and memo to client requesting final documents<br>W. Hatfield | 0.3 | 124.50 |
| 09/10/09<br><br>3 | Review proposed settlement papers and file material re revising same; work with A. Marchetta and W. Hatfield re same<br>B. Moffitt | 3.3 | 1,320.00 |
| 09/11/09 | Work with client and attorneys regarding stipulation and settlement; follow | | |

9

|          |                                                                                                       |     |          |
|----------|-------------------------------------------------------------------------------------------------------|-----|----------|
|          | up with B. Moffitt regarding same; review revised motion                                              |     |          |
| 3        | A. Marchetta                                                                                          | 1.3 | 832.00   |
|          |                                                                                                       |     |          |
| 09/11/09 | Prepare for and participate in conference call re settlement papers                                   |     |          |
| 3        | B. Moffitt                                                                                            | 0.6 | 240.00   |
|          |                                                                                                       |     |          |
| 09/11/09 | Review and revise settlement papers and telephone calls and e-mails with co-counsel re same          |     |          |
| 3        | B. Moffitt                                                                                            | 2.5 | 1,000.00 |
|          |                                                                                                       |     |          |
| 09/11/09 | Preparation of e-mail circulating proposed settlement papers to NJDEP and co-defendants' counsel; review response from NJDEP re same |     |          |
| 3        | B. Moffitt                                                                                            | 0.2 | 80.00    |
|          |                                                                                                       |     |          |
| 09/14/09 | Telephone calls, e-mails and follow up regarding revisions to motion to approve                       |     |          |
| 14       | A. Marchetta                                                                                          | 0.6 | 384.00   |
|          |                                                                                                       |     |          |
| 09/15/09 | Telephone call with State attorneys and from mediator regarding terms of settlement; follow up with B. Moffitt and Chapter 11 counsel regarding same |     |          |
| 3        | A. Marchetta                                                                                          | 1.3 | 832.00   |
|          |                                                                                                       |     |          |
| 09/15/09 | Work with A. Marchetta and R. Higgins re settlement issues and follow up re same                      |     |          |
| 3        | B. Moffitt                                                                                            | 1.1 | 440.00   |
|          |                                                                                                       |     |          |
| 09/16/09 | Telephone calls from State regarding form of release and motion                                       |     |          |
| 3        | A. Marchetta                                                                                          | 1.5 | 960.00   |
|          |                                                                                                       |     |          |
| 09/16/09 | Review NJDEP's proposed revisions to settlement papers and various e-mails re same; work with A. Marchetta re same |     |          |
| 3        | B. Moffitt                                                                                            | 1.1 | 440.00   |
|          |                                                                                                       |     |          |
| 09/17/09 | Numerous telephone calls, e-mails and follow up regarding settlement, motion and timing of same; follow up with B. Moffitt and W. Hatfield regarding same; conference with client regarding same |     |          |
| 3        | A. Marchetta                                                                                          | 1.7 | 1,088.00 |
|          |                                                                                                       |     |          |
| 09/17/09 | Review submission to NJDEP on public notice                                                           |     |          |
| 3        | W. Hatfield                                                                                           | 0.3 | 124.50   |
|          |                                                                                                       |     |          |
| 09/17/09 | Prepare for and participate in call on release in litigation                                          |     |          |
| 3        | W. Hatfield                                                                                           | 0.4 | 166.00   |

| | | | |
|---|---|---|---|
| 09/17/09 | Work with A. Marchetta, W. Hatfield, client, co-counsel and co-defendants' counsel re settlement issues | | |
| 3 | B. Moffitt | 3.4 | 1,360.00 |
| 09/18/09 | Telephone calls and e-mails regarding filing of motion; e-mail to J. Terragrossa regarding same | | |
| 3 | A. Marchetta | 0.5 | 320.00 |
| 09/21/09 | Telephone calls, e-mails and follow up regarding changes to settlement agreement and agreement of individual defendants; follow up with B. Moffitt regarding same | | |
| 3 | A. Marchetta | 0.9 | 576.00 |
| 09/22/09 | Work with A. Marchetta re settlement issues and follow up re same | | |
| 3 | B. Moffitt | 0.4 | 160.00 |
| 09/23/09 | E-mails and follow up regarding revised motion regarding settlement | | |
| 3 | A. Marchetta | 0.6 | 384.00 |
| 09/23/09 | Review comments of counsel to co-defendant Bettacchi; review draft settlement agreement and consolidate various comments and prepare e-mails to co-counsel | | |
| 3 | B. Moffitt | 2.4 | 960.00 |
| 09/24/09 | Work with B. Moffitt and follow up regarding revisions to settlement papers and release of individuals | | |
| 3 | A. Marchetta | 0.6 | 384.00 |
| 09/24/09 | Work with A. Marchetta and R. Higgins re settlement issues and follow up re same | | |
| 3 | B. Moffitt | 1.7 | 680.00 |
| 09/25/09 | Follow up regarding form of settlement papers | | |
| 3 | A. Marchetta | 0.3 | 192.00 |
| 09/25/09 | Telephone calls regarding agreement of co-counsel | | |
| 3 | A. Marchetta | 0.4 | 256.00 |
| 09/28/09 | Work with B. Moffitt regarding revisions to settlement documents and letter to Judge Bongiovanni | | |
| 3 | A. Marchetta | 1.3 | 832.00 |
| 09/28/09 | Address scope of release on NJ entities | | |
| 14 | W. Hatfield | 0.1 | 41.50 |
| 09/28/09 | Work with A. Marchetta and R. Higgins re settlement issues and follow up | | |

11

|   |   |   |   |
|---|---|---|---|
|   | re same |   |   |
| 3 | B. Moffitt | 1.7 | 680.00 |
|   |   |   |   |
| 09/28/09 | Preparation of status update to Magistrate Judge Bongiovanni and prepare e-mail to counsel re same; work with A. Marchetta re same |   |   |
| 3 | B. Moffitt | 0.4 | 160.00 |
|   |   |   |   |
| 09/29/09 | Work with B. Moffitt and e-mails and follow up with clients regarding settlement issues with DEP |   |   |
| 3 | A. Marchetta | 0.8 | 512.00 |
|   |   |   |   |
| 09/29/09 | Review revised settlement papers and work with A. Marchetta and R. Higgins re same |   |   |
| 3 | B. Moffitt | 1.3 | 520.00 |
|   |   |   |   |
| 09/30/09 | Follow up re status update to Magistrate Judge Bongiovanni |   |   |
| 3 | B. Moffitt | 0.2 | 80.00 |

Attorney Summary

| Timekeeper | Hours | Rate | Dollars |
|---|---|---|---|
| W. Hatfield | 3.00 | 415.00 | 1,245.00 |
| A. Marchetta | 14.40 | 640.00 | 9,216.00 |
| B. Moffitt | 25.30 | 400.00 | 10,120.00 |
| TOTALS: | 42.70 |   | 20,581.00 |

## FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| A. Marchetta | 14 | 0.6 |   |   |
|   | 3 | 13.8 | 640.00 | 9,216.00 |
| W. Hatfield | 14 | 2.3 |   |   |
|   | 3 | 0.7 | 415.00 | 1,245.00 |
| B. Moffitt | 3 | 25.3 | 400.00 | 10,120.00 |
| TOTAL: |   | 42.7 |   | 20,581.00 |

Client: 482910 W.R. GRACE & CO.
Matter: 095992 CHAPTER 11 ADMINISTRATION

| 09/01/09 | Draft 33rd Quarterly Fee Application documents | | |
|---|---|---|---|
| 18 | K. Begley | 1.1 | 275.00 |
| | | | |
| 09/07/09 | Draft 33rd Quarterly Fee Application documents; draft e-mail to S. Zuber regarding same | | |
| 18 | K. Begley | 2.1 | 525.00 |
| | | | |
| 09/08/09 | Review, revise and follow up with K. Begley regarding Day Pitney's Quarterly Fee Application for Second Quarter, 2009 | | |
| 14 | S. Zuber | 0.3 | 148.50 |
| | | | |
| 09/08/09 | Finalize 33rd Quarterly Fee Application documents and forward for filing | | |
| 18 | K. Begley | 0.6 | 150.00 |
| | | | |
| 09/15/09 | Review and respond to e-mails with S. Rosenberger regarding July 2009 invoices; print and organize docket entries in preparation for drafting July 2009 Fee Application | | |
| 18 | K. Begley | 0.6 | 150.00 |
| | | | |
| 09/28/09 | Draft July 2009 Fee Application; review and respond to e-mails with S. Zuber and S. Rosenberger regarding same; organize docket entries | | |
| 18 | K. Begley | 1.8 | 450.00 |
| | | | |
| 09/29/09 | Review, revise and discuss with K. Begley DP's July 2009 Fee Application | | |
| 14 | S. Zuber | 0.3 | 148.50 |

Attorney Summary

| Timekeeper | Hours | Rate | Dollars |
|---|---|---|---|
| S. Zuber | 0.60 | 495.00 | 297.00 |
| K. Begley | 6.20 | 250.00 | 1,550.00 |
| | | | |
| TOTALS: | 6.80 | | 1,847.00 |

13

FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| K. Begley | 18 | 6.2 | 250.00 | 1,550.00 |
| S. Zuber | 14 | 0.6 | 495.00 | 297.00 |
| TOTAL: | | 6.8 | | 1,847.00 |

14

# EXHIBIT C

**EXHIBIT C**

**EXPENSES FOR THE FEE PERIOD**
**JULY 1, 2009 THROUGH SEPTEMBER 30, 2009**

**EXPENSES FOR THE FEE PERIOD**
**JULY 1, 2009 THROUGH JULY 31, 2009**

NONE.

**EXPENSES FOR THE FEE PERIOD**
**AUGUST 1, 2009 THROUGH AUGUST 31, 2009**

NONE.

**EXPENSES FOR THE FEE PERIOD**
**SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009**

Client: 482910 W.R. GRACE & CO.
Matter: 114715 NJDEP V. W.R. GRACE ET AL.

| | |
|---|---|
| Telephone Charges | 46.00 |
| Photocopying | 1.20 |
| Postage | 1.76 |
| Matter Total Engagement Cost: | 48.96 |

15

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re:* | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO., *et al.*,[1] | : | Case No. 01-01139 (JKF) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Objection Deadline: January 27, 2010 |
| | : | Hearing Date: March 22, 2010 at 10:30 a.m. |

**VERIFIED APPLICATION OF DAY PITNEY LLP FOR COMPENSATION FOR
SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO
W.R. GRACE & CO., *ET AL.*, FOR THE INTERIM PERIOD
JULY 1, 2009 THROUGH SEPTEMBER 30, 2009**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the "Retention Order" (as defined

below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures

for Interim Compensation and Reimbursement of Professionals and Official Committee

Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Day

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Pitney LLP ("Day Pitney"), special counsel and ordinary course professional[2] for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order approving: (i) compensation in the amount of $34,342.50 for the reasonable and necessary legal services Day Pitney has rendered to the Debtors, which amount includes 80% of the fees already approved from prior monthly fee applications for July 2009, August 2009, and September 2009; and (ii) reimbursement in the amount of $48.96 for the actual and necessary expenses that Day Pitney incurred, 100% of which was already approved from a prior monthly fee application for September 2009, in representing the Debtors (the "Application"), during the period from July 1, 2009 through September 30, 2009 (the "Fee Period"). In support of this Application, Day Pitney respectfully represents as follows:

### Retention of and Continuing Disinterestedness of Day Pitney

1.    On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of Title 11, United States Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the office of the United States Trustee appointed:  (i) a committee of unsecured creditors in the Chapter 11 Cases; (ii) a committee of asbestos personal injury claimants; and (iii) a committee of asbestos property damage claimants.  On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders.

---

[2]  Day Pitney's fee requests have related only to three (3) matters for which Day Pitney was retained as special counsel to the Debtors. Following discussions with the Office of the United States Trustee and counsel for Debtors, Day Pitney has included in its fee applications all matters in which Day Pitney represents the Debtors either as special counsel or an ordinary course professional.

2.    By this Court's order dated May 30, 2001 (the "Retention Order"), the Debtors were authorized to retain Day Pitney as special counsel, effective as of the Petition Date, with regard to the following three (3) matters, more particularly described in the application filed in support of such retention: (a) *In re Intercat, Inc.*; (b) *Maryland Cas. v. W. R. Grace & Co., et al.*; and (c) *Gloucester New Communities Company, Inc. v. Del Monte Corporation, et al.*

3.    The Retention Order authorizes the Debtors to compensate Day Pitney at Day Pitney's hourly rates, which are being charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules, and orders of this Court.  A copy of the Retention Order is attached hereto as Exhibit "A."

As disclosed in the Affidavit of Anthony J. Marchetta in Support of Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Pitney, Hardin, Kipp & Szuch LLP as Special Counsel to the Debtors (the "Marchetta Affidavit"), Day Pitney does not hold or represent any interest adverse to the Debtors' estates with respect to the matters on which Day Pitney is to be employed.

4.    Day Pitney may have in the past represented, may currently represent, and likely in the future will represent, parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases.  Day Pitney disclosed in the Marchetta Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. Day Pitney will update the Marchetta Affidavit when necessary and when Day Pitney becomes aware of material new information.

5.    Day Pitney performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

6.    Day Pitney has received payments applied for and authorized under the Interim Compensation Order.

7.    Pursuant to Fed. R. Bank. P. 2016(b), Day Pitney has not shared, nor has agreed to share:  (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Day Pitney; or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.  This is the thirty-fourth quarterly application for interim compensation for services rendered that Day Pitney has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

## Reasonable and Necessary Services Rendered  by Day Pitney

8.    Day Pitney submits this Application pursuant to the Retention Order seeking approval of:  (a) compensation in the amount of $34,342.50 for the reasonable and necessary legal services Day Pitney has rendered as special counsel to the Debtors during the Fee Period, which amount includes 80% of the fees already approved from prior monthly fee applications for July 2009, August 2009, and September 2009; and (b) reimbursement in the amount of $48.96 for the actual and necessary expenses that Day Pitney incurred in the rendition of required professional services on behalf of the Debtors, 100% of which was already approved from a prior monthly fee application for September 2009.

9.    Day Pitney has maintained detailed records of the time expended in rendering the professional services performed on behalf of the Debtors in this case.  Such time

4

records were generated contemporaneously with the performance of the professional services described therein and in the ordinary course of Day Pitney's practice. The individual time records were recorded by the attorney or legal assistant who rendered the particular services described. Annexed hereto as Exhibit "B" is a copy of the actual time records maintained by Day Pitney for services rendered during the Fee Period.

10.    Day Pitney also maintains records of all necessary expenses and disbursements (collectively, the "Expenses") incurred by Day Pitney in connection with the performance of its services. Attached hereto as Exhibit "C" is a complete breakdown of all the Expenses incurred during the Fee Period.

11.    Bankruptcy Code Section 330 authorizes bankruptcy courts to award professionals employed by the Debtors under Bankruptcy Code Section 327 "reasonable compensation" for actual and necessary services rendered to the Debtors by such professionals. Under Bankruptcy Code section 330, the reasonableness of the compensation sought by a professional is determined by consideration of the nature, extent and value of such services, taking into account, *inter alia*, the following: (a) the time spent on such services; (b) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the task; and (c) the cost of comparable services for non-bankruptcy cases.

12.    Day Pitney respectfully submits that the professional services which it has rendered and the Expenses that it has incurred on behalf of the Debtors were necessary and have resulted in substantial benefits to the Debtors. Set forth below is a summary of the services provided by Day Pitney to the Debtors during the Fee Period. Based upon an analysis of each of

the foregoing, Day Pitney respectfully submits that the compensation sought in this Application is reasonable.

**Services Rendered**

13.    During the Fee Period, Day Pitney rendered professional legal services, on an hourly basis, to the Debtors in connection with the following matters: *Chapter 11 Administration* and *NJDEP v. W.R. Grace et al.* Day Pitney respectfully submits that the time entries on Exhibit "B" adequately describe the services rendered on those matters.

14.    A detailed summary of the engagement costs incurred for each of the above-noted matters is set forth in Exhibit "C."

**Representations**

15.    Day Pitney believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

16.    Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. Day Pitney reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

17.    In summary, by this Application, Day Pitney requests approval for compensation of fees and expenses in the total amount of $34,391.46 consisting of:   (a) $34,342.50 for reasonable and necessary professional services rendered during the Fee Period, which amount includes 80% of the fees already approved from prior monthly fee applications for July 2009, August 2009, and September 2009; and (b) reimbursement in the amount of $48.96 for the actual and necessary expenses that Day Pitney incurred in the rendition of required

6

professional services on behalf of the Debtors, 100% of which was already approved from a prior monthly fee application for September 2009.

WHEREFORE, Day Pitney respectfully requests that the Court approve an award to Day Pitney of 100% of the reasonable and necessary professional services Day Pitney has rendered to the Debtors during the Fee Period, including the 80% already received on an interim basis by way of monthly fee applications and 100% reimbursement of the actual and necessary costs and expenses incurred by Day Pitney during the Fee Period. Day Pitney respectfully requests further that all awarded fees and expenses be paid as administrative expenses of the Debtors' estates and that this Court grant such further relief as is equitable and just.

Florham Park, New Jersey                    Respectfully submitted,
Dated:  January 7, 2010                     DAY PITNEY LLP

                                            Anthony J. Marchetta, Esq.
                                            (Mail) P. O. Box 1945
                                            Morristown, NJ 07962-1945
                                            (Delivery) 200 Campus Drive
                                            Florham Park, NJ 07932-0950

7