# EXHIBIT "8" TO OBJECTION



Court File No. 01-CL-4081

**ONTARIO
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)**

| | | |
|---|---|---|
| THE HONOURABLE | ) | SUNDAY, THE 13TH DAY |
| JUSTICE MORAWETZ | ) | OF DECEMBER, 2009 |

IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF GRACE CANADA, INC.

Applicant

**ORDER**

**THIS MOTION** made by Grace Canada, Inc. (hereinafter referred to as the "Applicant") was heard December 8, 2009 at 330 University Avenue, Toronto, Ontario.

**ON READING** the Applicant's Notice of Motion and Motion Record dated December 1, 2009, including the 32nd Report of the Information Officer dated December 1, 2009, the Supplemental Report to the 32nd Report of the Information Officer dated December 4, 2009, and the Affidavit of Allison Kuntz sworn December 8, 2009, the Responding Record of the Attorney General of Canada, Her Majesty the Queen in the Right of Canada (the "Crown"), the Motion Record of CCAA Representative Counsel (as defined below) and the Responding Motion Record of Raven Thundersky, and on hearing the submissions of counsel for the Applicant, the Crown, CCAA Representative Counsel and other parties whose names appear on the counsel slip, no one appearing for the other parties served with the Applicant's Motion Record:

1. **THIS COURT ORDERS** that the time for service of the Notice of Motion and the Motion Record is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2. **THIS COURT ORDERS** that the terms not otherwise defined in this Order shall have the meanings attributed to those terms in the amended and restated minutes of settlement dated November 16, 2009 (the "Amended Settlement") among the Applicant and W. R. Grace & Co. and its 61 U.S. subsidiaries filed under the Chapter 11 cases on the one hand, and CDN ZAI Claimants by their representative counsel Lauzon Bélanger S.E.N.C.R.L. ("Lauzon") and Scarfone Hawkins LLP ("Scarfone" and together with Lauzon, collectively, the "CCAA Representative Counsel") on the other, as are attached hereto as Schedule "A".

3. **THIS COURT ORDERS** that the Amended Settlement supersedes and replaces the Original Settlement and that the Canadian Settlement Approval is of no further force and effect and is replaced by the terms hereof.

4. **THIS COURT ORDERS** that the Amended Settlement is hereby approved. The execution of the Amended Settlement by the Applicant and each CCAA Representative Counsel is hereby authorized and approved, and the Applicant and each CCAA Representative Counsel may take such additional steps to execute such additional documents as may be necessary or desirable for the completion of the transactions contemplated by the Amended Settlement.

5. **THIS COURT ORDERS** that the parties to the Amended Settlement are in all respects bound by the Amended Settlement, including the releases therein.

6. **THIS COURT ORDERS** that any disputes arising with respect to the performance or effect of, or any other aspect of, the Amended Settlement shall be determined by this Court, and that, except with leave of this Court first obtained, no person (including without limitation the Applicant, CCAA Representative Counsel, Grace, the Crown, CDN ZAI Claimants, or otherwise) shall commence or continue any proceeding or enforcement process in any other court or tribunal, with respect to the performance or effect of, or any other aspect of, the Amended Settlement.

7. **THIS COURT ORDERS** that the vote which CCAA Representative Counsel made pursuant to the Original Settlement in favour of the First Amended Joint Plan shall

constitute a vote pursuant to the Amended Settlement in favour of the First Amended Joint Plan.

8. **THIS COURT ORDERS** that CCAA Representative Counsel is authorized to vote as proxy and power of attorney for CDN ZAI Claimants in any future vote on the First Amended Joint Plan.

9. **THIS COURT ORDERS** that on the Effective Date (as defined in the First Amended Joint Plan):

    (a) the Grace Parties shall be automatically released from the CDN ZAI Claimants of all claims and causes of action of any kind whatsoever relating to CDN ZAI Claims;

    (b) all CDN ZAI Claims against the Grace Parties be automatically discharged and extinguished; and

    (c) the Actions be permanently stayed until the Actions are amended to remove the Grace Parties as named defendants as provided for in the Amended Settlement.

10. **THIS COURT ORDERS** that nothing in the Amended Settlement precludes CDN ZAI PI Claimants from asserting claims against the Crown, whether now or in the future, for injuries suffered directly or indirectly from the manufacture, sale or distribution of ZAI products in Canada. For greater certainty:

    (a) claims may be pursued by CDN ZAI PI Claimants against the Crown even though they may give rise to CDN ZAI PI Claims by the Crown for contribution, indemnity or otherwise, provided that such CDN ZAI PI Claims by the Crown shall be channelled to the Asbestos Trust (as defined in the First Amended Joint Plan) by the First Amended Joint Plan; and

    (b) no claims may be pursued by CDN ZAI PD Claimants against the Crown that may give rise to CDN ZAI PD Claims.

- 4 -

11. **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States (including all courts in Canada in which the Actions are currently extant (the "Canadian Courts") and the U.S. Court) to give effect to this Order. All courts, tribunals, regulatory and administrative bodies (including the Canadian Courts and the U.S. Court) are hereby respectfully requested to make such orders and to provide such assistance to the Applicant and CCAA Representative Counsel as may be necessary or desirable to give effect to this Order or to assist them in carrying out the terms of this Order.

12. **THIS COURT HEREBY REQUESTS**, in support of the aid and recognition requested in paragraph 11 of this Order, that upon application of CCAA Representative Counsel, each of the Canadian Courts forthwith dismiss the Action or Actions pending in its Court, without costs, and without the need for further notice or other steps.

*[signature]*

G. Argyropoulos, Registrar
Superior Court of Justice

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

JAN 0 5 2010

**PER / PAR:** JSN Joanne Nicoara
Registrar, Superior Court of Justice

| Court File No: 01-CL-4081 |
|---|

| IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED AND IN THE MATTER OF GRACE CANADA, INC. |
|---|

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
(Commercial List)

Proceeding commenced at Toronto

**ORDER**

**OGILVY RENAULT LLP**
Barristers & Solicitors
Suite 3800, PO Box 84
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario  M5J 2Z4

**DERRICK C. TAY**
LSUC #21152A
Tel: 416.216.4832

**ORESTES PASPARAKIS**
LSUC #36851T
Tel: 416.216.4815
Fax: 416.216.3930

Lawyers for the Applicant

DOCSTOR: 1817306\1