# EXHIBIT "3"

Court File No. 01-CL-4081

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF GRACE CANADA, INC.**

**Applicant**

# MOTION RECORD
**(before Justice Morawetz returnable December 8, 2009)**

December 1, 2009

**OGILVY RENAULT LLP**
Barristers & Solicitors
Suite 3800, PO Box 84
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario M5J 2Z4

**DERRICK C. TAY**
LSUC #21152A
Tel: 416.216.4832
Fax: 416.216.3930

**ORESTES PASPARAKIS**
LSUC # 36851T
Tel: 416.216.4815
Fax: 416.216.3930

Lawyers for the Applicant

# INDEX

DOCSTOR: 1680120\1

Court File No. 01-CL-4081

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF GRACE CANADA, INC.**

**INDEX**

| TAB | DOCUMENT | PAGE |
|---|---|---|
| 1. | Notice of Motion returnable December 8, 2009 | 1-15 |
| 2. | 32nd Information Officer's Report dated December 1, 2009 | 16-25 |
| 3. | The Amended Settlement | 26-44 |
| 4. | Blackline of the Amended Settlement to the Original Settlement | 45-70 |
| 5. | Draft Order, without Schedule "A" | 71-74 |
| 6. | The Order of this Honourable Court dated October 17, 2008, approving the Original Settlement | 75-102 |

# TAB 1

DOCSTOR: 1680120\1

Court File No. 01-CL-4081

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

**IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF GRACE CANADA, INC.**

**Applicant**

**NOTICE OF MOTION**
**(returnable December 8, 2009)**

**THE APPLICANT** will bring a motion before the Honourable Mr. Justice Morawetz on Tuesday, December 8, 2009, at 10:00 a.m. or as soon after that time as the motion can be heard at 330 University Avenue, Toronto, Ontario.

**PROPOSED METHOD OF HEARING**: The motion is to be heard orally.

**THE MOTION IS FOR AN ORDER:**

(a) abridging the time for service of this Motion and dispensing with further service of same;

(b) directing that terms not otherwise defined in the Order shall have the meanings attributed to those terms in the amended and restated minutes of settlement dated November 16, 2009 (the "Amended Settlement") among Grace Canada, Inc. ("Grace Canada" or the "Applicant") and W. R. Grace & Co. ("Grace") and its 61 U.S. subsidiaries filed under the Chapter 11 cases

(the "U.S. Debtors") on the one hand, and CDN ZAI Claimants by their representative counsel Lauzon Bélanger S.E.N.C.R.L. ("Lauzon") and Scarfone Hawkins LLP ("Scarfone" and together with Lauzon, collectively, the "CCAA Representative Counsel") on the other;

(c) ordering that the Amended Settlement supersedes and replaces the minutes of settlement dated September 2, 2008 (the "Original Settlement"), among Grace Canada, Grace and the U.S. Debtors on the one hand, and CDN ZAI Claimants by CCAA Representative Counsel on the other;

(d) approving the Amended Settlement;

(e) ordering that the parties to the Amended Settlement are in all respects bound by the Amended Settlement, including the releases therein;

(f) ordering that any disputes arising with respect to the performance or effect of, or any other aspect of, the Amended Settlement shall be determined by this Court, and that, except with leave of this Court first obtained, no person (including without limitation the Applicant, CCAA Representative Counsel, Grace, the Crown, CDN ZAI Claimants, or otherwise) shall commence or continue any proceeding or enforcement process in any other court or tribunal, with respect to the performance or effect of, or any other aspect of, the Amended Settlement;

(g) ordering that the vote which CCAA Representative Counsel made pursuant to the Original Settlement in favour of the First Amended Joint Plan shall

constitute a vote pursuant to the Amended Settlement in favour of the First Amended Joint Plan;

(h) authorizing CCAA Representative Counsel to vote as proxy and power of attorney for CDN ZAI Claimants in any future vote on the First Amended Joint Plan;

(i) authorizing variation of the Order of this Honourable Court dated October 17, 2008 approving the Original Settlement, and in particular the deletion of paragraphs 7(i) and 8 thereof, pursuant to which CCAA Representative Counsel shall be permitted, on behalf of the CDN ZAI PI Claimants, to pursue claims against the Crown even if the Crown raises, by way of contribution, indemnity or otherwise, CDN ZAI PI Claims;

(j) ordering that on the Effective Date (as defined in the First Amended Joint Plan),

(i) the Grace Parties shall be automatically released from the CDN ZAI Claimants of all claims and causes of action of any kind whatsoever relating to CDN ZAI Claims;

(ii) all CDN ZAI Claims against the Grace Parties be automatically discharged and extinguished; and

(iii) the Actions be permanently stayed until the Actions are amended to remove the Grace Parties as named defendants as provided for in the Amended Settlement;

(k) ordering that nothing in the Amended Settlement precludes CDN ZAI PI Claimants from asserting claims against the Crown, whether now or in the future, for injuries suffered directly or indirectly from the manufacture, sale or distribution of ZAI products in Canada. For greater certainty:

(i) claims may be pursued by CDN ZAI PI Claimants against the Crown even though they may give rise to CDN ZAI PI Claims by the Crown for contribution, indemnity or otherwise, provided that such CDN ZAI PI Claims by the Crown shall be channelled to the Asbestos Trust (as defined in the First Amended Joint Plan) by the First Amended Joint Plan; and

(ii) no claims may be pursued by CDN ZAI PD Claimants against the Crown that may give rise to CDN ZAI PD Claims; and

(l) such further and other relief as this Honourable Court deems just.

**THE GROUNDS FOR THE MOTION ARE:**

(a) Capitalized terms used herein and not otherwise defined shall have the meaning given to them in the Amended Settlement;

*Background*

(b) On April 2, 2001, Grace filed voluntary petitions for protection under Chapter 11 of the United States Bankruptcy Code (the "U.S. Proceedings") and was granted a temporary restraining order by the U.S. Court providing certain injunctive relief to Grace as well as certain other third parties (the "Affiliated Entities");

(c) Two days later, the Applicant was granted an order (the "Initial Order") pursuant to Section 18.6(4) of the *Companies' Creditors Arrangement Act* in the Ontario Superior Court of Justice (the "Court") which, among other things, provided for a stay of proceedings prohibiting the commencement or continuation of any asbestos related suits against the Applicant (the "Canadian Proceedings");

(d) At the time of filing, Grace faced four types of asbestos-related claims:

(i) personal injury claims alleging health effects from manufacture of, or exposure to, the U.S. Debtors' asbestos-containing products;

(ii) asbestos-related claims in connection with the mining and processing of vermiculite at the Libby Mine;

(iii) property damage claims ostensibly seeking payment for the cost of removing or remediating asbestos-containing products used in commercial and institutional buildings such as schools and hospitals; and

(iv) ZAI claims;

(e) At the time of the commencement of the Canadian Proceedings there were no known claims in Canada;

(f) In late 2004 and through 2005, despite the Initial Order, 10 asbestos-related proposed class actions (collectively, the "Proposed Class Actions") were

commenced across Canada in relation to the manufacture, distribution and sale of ZAI;

(g) Grace Canada and certain of the Grace Parties and the Crown were named as defendants in the Actions;

(h) In response to the Proposed Class Actions, Grace Canada moved to extend the protection provided by a Modified Preliminary Injunction across the border into Canada, effectively staying, in Canada, claims against the Grace Parties;

(i) On November 14, 2005, the Canadian Court recognized the Modified Preliminary Injunction in Canada in accordance with its terms, thereby extending the stay of proceedings contained in the Modified Preliminary Injunction from the U.S. into Canada, which, in turn, enjoined the Proposed Class Actions;

(j) A stay of proceedings was also granted in favour of the Crown;

(k) Pursuant to an Order made on February 8, 2006, Lauzon and Scarfone were appointed as Representative Counsel on behalf of CDN ZAI Claimants subject to certain terms that were negotiated by all parties prior to the hearing of the motion;

*ZAI Claims*

(l) From the outset of the U.S. Proceedings, the U.S. Debtors had maintained that they had no liability with respect to ZAI;

(m) In considering various submissions and proposals regarding the treatment of ZAI claims, the U.S. Court determined that it would be premature to address class certification, notice, proof of claim or claims bar issues until first determining the threshold issue of whether, based on the scientific evidence, ZAI posed a significant risk of injury to humans such that liability should attach;

(n) The U.S. Court ordered an involved science hearing (the "ZAI Science Hearing") to determine whether scientific evidence demonstrated that ZAI posed a significant health risk;

(o) After the filing of multiple volumes of evidence and briefs from both sides, the ZAI Science Hearing was held in October 2004;

(p) The U.S. Court did not release its opinion (the "ZAI Opinion") on the ZAI Science Hearing for over two (2) years after the ZAI Science Hearing;

(q) The ZAI Opinion, when released, concluded that ZAI posed no unreasonable risk of harm;

(r) Both before and after the release of the ZAI Opinion, CCAA Representative Counsel sought direction from the U.S. Court on proceeding with their claims, but no progress was made;

(s) Subsequent to the issuance of the ZAI Opinion, the U.S. Court ordered the parties to a mediation, which was held in May 2008 and did not result in success;

(t) Settlement discussions continued in Canada among CCAA Representative Counsel, the Crown and Grace;

(u) Negotiations involving the Crown continued throughout June, July and August, 2008;

(v) Ultimately, in late August 2008, the Crown indicated that it would be unable to commit to terms of settlement before the U.S. omnibus hearing scheduled for September 2, 2008;

(w) Over the long weekend at the end of August 2008, CCAA Representative Counsel, Grace and Grace Canada reached the Original Settlement;

*The Original Settlement*

(x) The Original Settlement contemplated a settlement of all CDN ZAI Claims, both personal injury and property damage;

(y) The Original Settlement was approved by this Honourable Court on October 17, 2008;

(z) Implementation of the Original Settlement was contingent upon, *inter alia*, Grace having obtained an order from the U.S. Court confirming the First Amended Joint Plan (the "U.S. Confirmation Order") by October 31, 2009;

(aa) Grace was unable to obtain the U.S. Confirmation Order by October 31, 2009. As a result, the Original Settlement became null and void;

(bb) Given the uncertainty as to whether the U.S. Confirmation Order would be obtained by October 31, 2009, the Company, the U.S. Debtors, and Representative Counsel reopened their settlement negotiations early this year and began to work towards an amended settlement;

(cc) In or about early November 2009, the parties agreed to modify the Original Settlement and to extend the deadlines therein on terms;

(dd) On November 16, 2009, the parties executed the Amended Settlement in this regard;

*The Amended Settlement*

(ee) The key differences between the Original Settlement and the Amended Settlement are as follows:

(i) Pursuant to the Original Settlement, the U.S. Confirmation Order was to be obtained by October 31, 2009. Pursuant to the Amended Settlement, the U.S. Confirmation Order is to be obtained by December 31, 2010;

(ii) Pursuant to the Original Settlement, Grace was to contribute CDN$6,500,00.00 million to the CDN ZAI PD Claims Fund. Pursuant to the Amended Settlement, Grace is required to contribute

CDN$8,095,632.44.00 or CDN$8,595,632.44.00, depending on the date the U.S. Confirmation Order is obtained;

(iii) Pursuant to the Original Settlement, CCAA Representative Counsel was not permitted to pursue CDN ZAI Claims against the Crown if the Crown could then raise, by way of contribution, indemnity or otherwise, CDN ZAI Claims against the Grace Parties. Pursuant to the Amended Settlement, CCAA Representative Counsel may pursue CDN ZAI PI Claims against the Crown provided that any subsequent claims by the Crown for contribution, indemnity or otherwise against the Grace Parties are channelled to the Asbestos Trust. Consistent with the Original Settlement, the Amended Settlement continues to prohibit CCAA Representative Counsel from pursuing CDN ZAI PD Claims against the Crown if such claims will result in a claim for contribution, indemnity or otherwise by the Crown against the Grace Parties;

(iv) Pursuant to the Amended Settlement, Grace will consent to and support an application by CCAA Representative Counsel for their appointment as special counsel for CDN ZAI Claimants in the U.S. Proceedings retroactively to September 1, 2008, and going forward to the date of the U.S. Confirmation Order. As a result of this appointment, CCAA Representative Counsel will be entitled to apply to have Grace pay their legal fees for this period. There was no similar provision in the Original Settlement; and

(v) Pursuant to the Original Settlement, CDN ZAI PD Claimants were required to file a proof of claim on or before the CDN ZAI PD Claims Bar Date of August 31, 2009 in order to seek compensation from the CDN ZAI PD Claims Fund. Pursuant to the Amended Settlement, all CDN ZAI Claimants who file proofs of claim by December 31, 2009 shall be entitled to seek compensation from the CDN ZAI PD Claims Fund;

(ff) The Amended Settlement represents the product of lengthy and difficult negotiations between CCAA Representative Counsel and Grace;

(gg) It provides a resolution for all CDN ZAI Claims and a clear venue through which CDN ZAI PI Claims may be filed in the U.S. procedure;

(hh) It is not in the interest of any party for there to be ongoing uncertainty and delay as to the resolution of the CDN ZAI Claims, nor the escalating costs which likely accompany further delays; and

(ii) Such further and other grounds as this Honourable Court may permit.

**THE FOLLOWING DOCUMENTARY EVIDENCE** will be used at the hearing of the motion:

a) The 32nd Information Officer's Report dated December 1, 2009;

b) The Amended Settlement;

c) Blackline of the Amended Settlement to the Original Settlement;

d) Draft Order, without Schedule "A";

e) The Motion Record of the Applicant dated September 16, 2008, for its motion returnable September 30, 2008;

f) The Supplemental Motion Record of the Applicant dated September 24, 2008, for its motion returnable September 30, 2008;

g) The Order of this Honourable Court dated October 17, 2008 approving the Original Settlement; and

h) Such further and other documents as this Honourable Court may permit.

December 1, 2009

**OGILVY RENAULT LLP**
Barristers & Solicitors
Suite 3800, PO Box 84
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario M5J 2Z4

**DERRICK C. TAY**
LSUC #21152A
Tel: 416.216.4832
Fax: 416.216.3930

**ORESTES PASPARAKIS**
LSUC # 36851T
Tel: 416.216.4815
Fax: 416.216.3930

Lawyers for the Applicant

**TO: THE ATTACHED SERVICE LIST**

Court File No. 01-CL-4081

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF GRACE CANADA, INC.

**Applicant**

**SERVICE LIST**

| | |
|---|---|
| **Ernst & Young Inc.**<br>Ernst & Young Tower, 16th Floor<br>P.O. Box 251<br>Toronto-Dominion Centre<br>Toronto, ON M5K 1J7<br><br>Murray A. McDonald<br>(murray.a.mcdonald@ca.ey.com)<br>Tel: 416.943.3016<br>Fax: 416.943.3300<br><br>**Ernst & Young Inc.**<br>800, boul. René-Lévesque Ouest<br>Bureau 1900<br>H3B 1X9<br><br>Jean Daniel Breton<br>(jean-daniel.breton@ca.ey.com)<br>Tel: 514.875.6060<br>Fax: 514.879.2600<br><br>Financial Advisor to The Attorney General of Canada (Her Majesty the Queen in Right of Canada) | **Aikins, MacAulay & Thorvaldson LLP**<br>Barristers & Solicitors<br>30th Floor, 360 Main Street<br>Winnipeg, Manitoba R3C 4G1<br><br>Keith J. Ferbers<br>(KJF@aikins.com)<br>Tel: 204.957.4691<br>Fax: 204.957.4269<br><br>Lawyers for Raven Thundersky and Rebecca Bruce |

| | |
|---|---|
| **Lauzon Bélanger S.E.N.C.**<br>286, rue St-Paul Ouest<br>Bureau 100<br>Montréal, Québec<br>H2Y 2A3<br><br>Michel Bélanger<br>(mbelanger@lauzonbelanger.qc.ca)<br>Tel: 514.844.3037<br><br>Careen Hannouche<br>(careen.hannouche@lauzonbelanger.qc.ca)<br>Tel: 514.844.7612<br><br>Co-Counsel for Association Des Consommatuers Pour La Qualité Dans La Construction and Jean-Charles Dextras | **Scarfone Hawkins LLP**<br>1 James Street South, 14th Floor<br>PO Box 926 Depot 1<br>Hamilton, Ontario<br>L8N 3P9<br><br>Phone: 905.523.1333<br>Fax: 905.523.5878<br><br>David Thompson<br>(thompson@shlaw.ca)<br><br>Matthew G. Moloci<br>(moloci@shlaw.ca)<br><br>Co-Counsel for Association Des Consommatuers Pour La Qualité Dans La Construction and Jean-Charles Dextras |
| **Department of Justice Canada**<br>Ontario Regional Office<br>Counsel, Business Section<br>The Exchange Tower<br>130 King St. West, Suite 3400, Box 36<br>Toronto, Ontario M5X 1K6<br><br>Jacqueline Dais-Visca<br>(jacqueline.dais-visca@justice.gc.ca)<br>Tel: 416.952.6010<br>Fax: 416.973.0809<br>Lawyers for Health Canada | **Merchant Law Group**<br>c/o Eau Claire Place II<br>#340 - 521 Third Ave S.W.<br>Calgary, Alberta T2P 3T3<br><br>Evatt Merchant<br>(emerchant@merchantlaw.com)<br><br>Tel: 403.237.9777<br>Fax: 403.237.9775 |
| **Cote Marcoux Joyal**<br>**Department of Justice of Canada**<br>200 boul. René-Lévesque West<br>East Tower – 9th Floor<br>Montréal, Québec H2Z 1X4<br><br>Claude Morissett<br>cmorisse@justice.gc.ca<br><br>Carmela Maiorino<br>Carmela.Maiorino@justice.gc.ca<br><br>Tel : 514.283.3525<br>Fax : 514.283.3856 | |

IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED AND IN THE MATTER OF GRACE CANADA, INC.

Court File No: 01-CL-4081

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(Commercial List)

Proceeding commenced at Toronto

**NOTICE OF MOTION**
(returnable December 8, 2009)

**OGILVY RENAULT LLP**
Barristers & Solicitors
Suite 3800, PO Box 84
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario M5J 2Z4

**DERRICK C. TAY**
LSUC #21152A
Tel: 416.216.4832
Fax: 416.216.3930

**ORESTES PASPARAKIS**
LSUC # 36851T
Tel: 416.216.4815
Fax: 416.216.3930

Lawyers for the Applicant

# TAB 2

Court File No. 01-CL-4081

SUPERIOR COURT OF JUSTICE

(COMMERCIAL LIST)

IN THE MATTER OF S. 18.6 OF THE *COMPANIES'*

*CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36,

AS AMENDED

AND IN THE MATTER OF GRACE CANADA, INC.

# 32nd REPORT OF RICHARD C. FINKE

# INFORMATION OFFICER

December 1, 2009

## INTRODUCTION AND PURPOSE

1. The Information Officer's 32nd Report is intended to provide an update on the affairs of the Company, the U.S. Debtors and the U.S. Proceedings for the period from October 6, 2009, to November 30, 2009.[1]

## BACKGROUND

2. The background to these proceedings is included in the previous reports filed with the Canadian Court and is therefore not repeated in detail in this 32nd Report.

3. The stay period in Canada is currently set to expire on March 1, 2010.

## CURRENT STATUS OF U.S. PROCEEDINGS

4. Since the commencement of the U.S. Proceedings, the U.S. Debtors have had to address, amongst other issues: (a) Asbestos Property Damage Claims; (b) ZAI Claims; and (c) asbestos personal injury claims.

---

[1] Unless stated otherwise, the defined terms have the meaning ascribed to them in Appendix "A". The information contained in this report has been received from sources believed by the Information Officer to be reliable. The Information Officer has not otherwise independently verified such information as to its accuracy or completeness. The reader is cautioned that this report may not disclose all significant matters about the Company (as defined herein). Accordingly, this report does not express an opinion or provide any other form of assurance on the information presented herein. The Information Officer may refine or alter his observations as further information is obtained or is brought to his attention after the date of this report.

This report is made solely to inform and advise the Court of the progress of the Company during these proceedings. The Information Officer assumes no responsibility or liability for any loss or damage occasioned by any party as a result of the circulation, publication, reproduction or use of this report. Any use that any party makes of this report, or any reliance on or decisions to be made based on it, is the responsibility of such party.

*Asbestos Property Damage Claims*

5. Historically, the U.S. Debtors had faced litigation claims arising out of the use of certain building products (a spray-on fireproofing sold as Monokote-3 and spray-on acoustical plasters) that contained commercially added asbestos. In order to address these claims, the U.S. Debtors implemented a claims bar process in both the U.S. and Canada. As of November 30, 2009, there are 53 remaining Asbestos Property Damage Claims that are outstanding and being disputed by the U.S. Debtors.

*U.S. Zonolite® Attic Insulation Claims*

6. At the June 2, 2008 omnibus hearing, the Honourable Judith K. Fitzgerald of the U.S. Court ordered a bar date of October 31, 2008, with respect to the U.S. ZAI Claims. As of the bar date, 16,218 U.S. ZAI Claims were filed with the claims processing agent.

7. On November 21, 2008, the U.S. Debtors, the Equity Committee, the U.S. ZAI claimants and the PD Future Claimants Representative reached an agreement in principle to settle all present and future U.S. ZAI Claims. On April 1, 2009, the U.S. Court entered an order giving final approval to the settlement.

*Personal Injury Claims*

8. The U.S. Debtors reached an agreement in principle with the PI Committee, the Equity Committee and the PI Future Claimants Representative to settle all present and future asbestos-related personal injury claims. The settlement is subject to confirmation of the First Amended Plan as described further below.

## CHAPTER 11 PLAN

### *The Plan*

9. The U.S. Debtors filed the First Amended Plan and Disclosure Statement on February 27, 2009, along with updated financial projections and an updated best interest analysis.

10. As reported earlier, the voting deadline on the First Amended Plan was May 20, 2009, at 4:00 pm, prevailing Eastern Time. The results of the voting were that holders of at least two-thirds in amount and more than one-half in number (or for classes voting for Section 524(g) purposes, at least 75% in number) of claims voting in each impaired class have voted to accept the First Amended Plan. The votes of creditors in class 9, which is unimpaired, were provisionally solicited and provisionally tabulated. More than one-half in number of claims voting in class 9 voted to accept the First Amended Plan, but the provisional vote did not obtain the requisite two-thirds dollar amount for acceptance.

11. Judge Fitzgerald held the confirmation hearing (the "**U.S. Confirmation Hearing**") on the First Amended Plan in two phases as follows:

(a) Phase I, relating to impairment issues of the bank lenders and insurance neutrality was heard on June 22-24, 2009;

(b) Phase II, on all other issues, was heard on September 8-17, 2009, and on October 13-14, 2009.

12. Post Trial Initial Briefs and Response Briefs have been filed on all issues other than certain issues unique to Anderson Memorial Hospital. Those Post Trial Briefs and Response Briefs are due on December 8 and December 23, 2009, respectively. Closing arguments will occur on January 4 and 5, 2010.

13. If the U.S. Court is satisfied that the First Amended Plan meets all confirmation requirements as outlined in section 1129 of the U.S. Bankruptcy Code, it is anticipated that the U.S. Court will enter a confirmation order (the "**U.S. Confirmation Order**").

## CURRENT STATUS OF CANADIAN PROCEEDINGS

### *The Original Settlement*

14. On September 2, 2008, the U.S. Debtors, the Company and Representative Counsel executed minutes of settlement which were intended to resolve all Canadian ZAI Claims (the "**Original Settlement**"). On October 17, 2008, the Canadian Court entered an order approving the Original Settlement. According to its terms, the Original Settlement was to become null and void if the U.S. Confirmation Order was not granted by October 31, 2009.

15. On October 20, 2008, the U.S. Court established a proof of claim bar date of August 31, 2009, for Canadian ZAI property damage claims. By the bar date, 13,095 Canadian ZAI property damage claims were filed.

16. The U.S. Confirmation Hearing is ongoing. As a result, the U.S. Confirmation Order was not granted by October 31, 2009, and the Original Settlement became null and void.

### *The Amended Settlement*

17. Given the uncertainty as to whether the U.S. Confirmation Order would be obtained by October 31, 2009, the Company, the U.S. Debtors, and Representative Counsel reopened their settlement negotiations earlier this year and began to work towards an amended settlement.

18. In or about early November 2009, the parties agreed to modify the Original Settlement and to extend the deadlines therein on terms.

19. On November 16, 2009, the parties executed amended and restated minutes in this regard (the "Amended Settlement"). A copy of the Amended Settlement is attached hereto as Appendix "B" and a blackline copy of the Amended Settlement to the Original Settlement is attached hereto as Appendix "C".

20. The Amended Settlement is substantially similar to the Original Settlement and continues to provide for (i) payment by the U.S. Debtors to a trust that will pay Canadian ZAI property damage claims (the "ZAI PD Claims Fund") and (ii) the channelling of Canadian ZAI personal injury claims ("ZAI PI Claims") to the Asbestos Trust (as defined in the First Amended Plan).

21. The key differences between the Original Settlement and the Amended Settlement are as follows:

(a) Pursuant to the Original Settlement, the U.S. Confirmation Order was to be obtained by October 31, 2009. Pursuant to the Amended Settlement, the U.S. Confirmation Order is to be obtained by December 31, 2010;

(b) Pursuant to the Original Settlement, the U.S. Debtors were required to contribute CND$6,500,00.00 million to the ZAI PD Claims Fund. Pursuant to the Amended Settlement, the U.S. Debtors are required to contribute CND$8,167,324.00 or CND$8,667,324.00, depending on the date the U.S. Confirmation Order is obtained;

(c) Pursuant to the Original Settlement, Representative Counsel was not permitted to pursue Canadian ZAI Claims against the Crown if the Crown could then raise, by way of contribution, indemnity or otherwise, Canadian ZAI Claims against the Grace Parties. Pursuant to the Amended Settlement, Representative Counsel may pursue Canadian ZAI PI Claims against the Crown provided that any subsequent claims by the Crown for contribution, indemnity or otherwise against the Grace Parties are channelled to the Asbestos Trust. Consistent with the Original Settlement, the Amended Settlement continues to prohibit Representative Counsel from pursuing Canadian ZAI property damage claims against the Crown if such claims will result in a claim for contribution, indemnity or otherwise by the Crown against the Grace Parties;

(d) Pursuant to the Amended Settlement, the U.S. Debtors have agreed to consent to and support an application by Representative Counsel for their appointment as special counsel for Canadian ZAI claimants in the U.S. Proceedings retroactively to September 1, 2008, and going forward to the date of the U.S. Confirmation

Order. As a result of this appointment, Representative Counsel will be entitled to apply to have the U.S. Debtors pay their legal fees for this period. There was no similar provision in the Original Settlement; and

(e) Pursuant to the Original Settlement, all claimants holding Canadian ZAI property damage claims were required to file a proof of claim on or before the Canadian ZAI PD Claims Bar Date in order to seek compensation from the ZAI PD Claims Fund. Pursuant to the Amended Settlement, all CDN ZAI PD Claimants who file proofs of claim by December 31, 2009 shall be entitled to seek compensation from the CDN ZAI PD Claims Fund.

22. Implementation of the Amended Settlement requires, *inter alia*, that the Company obtain an Order from the Canadian Court approving the Amended Settlement (the "Approval Order") on the terms and conditions outlined therein. It also requires that the U.S. Confirmation Order be entered by the U.S. Court by December 31, 2010.

23. The Company intends to seek the Approval Order from the Canadian Court at this time.

Dated as of this 1 day of December, 2009.

Richard C. Finke

**INFORMATION OFFICER**

## APPENDIX "A"

| | |
|---|---|
| **Asbestos Property Damage Claims** | means claims arising out of the use of Monokote-3 and acoustical plaster products which contained commercially added asbestos |
| **Canadian Court** | means the Ontario Superior Court of Justice |
| **Canadian ZAI PD Claims Bar Date** | means August 31, 2009, pursuant to the Order of the U.S. Court dated October 20, 2008 |
| **Canadian Proceedings** | means these proceedings commenced in Canada by the Company on April 4, 2001, under the *Companies' Creditors Arrangement Act*, R.S., 1985, c. C-36 |
| **Company** | means Grace Canada, Inc. |
| **Crown** | means the Attorney General of Canada (Her Majesty the Queen in Right of Canada) |
| **Disclosure Statement** | means the disclosure statement filed with the First Amended Plan by U.S. Debtors with the U.S. Court |
| **Equity Committee** | means the Official Committee of Equity Security Holders |
| **First Amended Plan** | means the amended proposed plan of reorganization filed with the Disclosure Statement by U.S. Debtors with the U.S. Court on February 27, 2009 |
| **Grace Parties** | means the Company, the U.S. Debtors, Sealed Air (Canada) Co./CIE, Sealed Air Corporation, Cryovac, Inc. and each of their parent corporations, subsidiary corporations, joint ventures, affiliates, sister corporations, and any and all of their past, present, and future agents, servants, officers, directors, employees, predecessors, successors, assigns, heirs, executors, administrators, legal representatives, beneficiaries and insurers |
| **PD Future Claimants Representative** | means the representative of future asbestos-related property damage claimants |
| **PI Future Claimants Representative** | means the representative of future asbestos-related personal injury claimants |
| **Information Officer** | means the Company representative appointed by the Canadian Court to provide information to the Canadian Court quarterly on the Company, the U.S. Debtors and the U.S. Proceedings |
| **PI Committee** | means the Official Committee of Asbestos Personal Injury Claimants |
| **Representative Counsel** | means Lauzon Belanger S.E.N.C.R.L. and Scarfone Hawkins LLP |
| **U.S. Court** | means the United States Bankruptcy Court for the District of Delaware |
| **U.S. Debtors** | means W. R. Grace and 61 of its U.S. subsidiaries that filed for protection in the U.S. Proceedings |

| | |
|---|---|
| **U.S. Proceedings** | means the proceedings commenced before the U.S. Court by the U.S. Debtors' filing of voluntary petitions for protection under Chapter 11 of the U.S. Bankruptcy Code |
| **ZAI** | means Zonolite Attic Insulation |
| **ZAI Claims** | means claims for property damage and personal injury as a result of ZAI |

IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED
AND IN THE MATTER OF GRACE CANADA, INC.

Court File No: 01-CL-4081

*ONTARIO*
SUPERIOR COURT OF JUSTICE

Proceeding commenced at Toronto

32nd REPORT OF RICHARD C. FINKE
INFORMATION OFFICER

**OGILVY RENAULT LLP**
Barristers & Solicitors
Royal Bank Plaza, South Tower
Suite 3800, 200 Bay Street
Toronto, Ontario M5J 2Z4

**DERRICK C. TAY**
LSUC #21152A
Tel: 416.216.4832
Fax: 416.216.3930

**ORESTES PASPARAKIS**
LSUC #36851T
Tel: 416.216.4815
Fax: 416.216.3930

Lawyers for Grace Canada, Inc.

DOCSTOR: 1815505\2

# TAB 3

Court File No. 01-CL-4081

*ONTARIO*

**SUPERIOR COURT OF JUSTICE**

**COMMERCIAL LIST**

**IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C.* 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF GRACE CANADA, INC.**

# AMENDED AND RESTATED CDN ZAI MINUTES OF SETTLEMENT

**PREAMBLE**

1. The Parties to these Amended and Restated CDN ZAI Minutes of Settlement (the **"Amended and Restated Minutes"**) agree:

   (a) to be bound by the terms herein; and

   (b) that the Amended and Restated Minutes supersede and replace the Minutes of Settlement dated September 2, 2008 (the **"Original Settlement"**).

2. Capitalized terms used herein and not otherwise defined have the meaning ascribed to them in Appendix "A".

**BACKGROUND AND PURPOSE**

3. Grace Canada and Grace, along with certain other Grace Parties, have been variously named as defendants in the Canadian actions listed in Appendix "B" (the **"Actions"**).

In the Actions, the plaintiffs seek damages for, *inter alia*, CDN ZAI Claims.

4. Pursuant to an order of the CCAA Court dated November 15, 2005, a Modified Preliminary Injunction granted by the U.S. Court was recognized in Canada and the Actions were stayed.

5. Pursuant to an order of the CCAA Court dated February 8, 2006, Lauzon Belanger S.E.N.C.R.L. and Scarfone Hawkins LLP were appointed as CCAA Representative Counsel to represent the interests of, *inter alia*, CDN ZAI Claimants in Canada. As such, CCAA Representative Counsel had and continues to have the authority to enter into the Original Settlement and the Amended and Restated Minutes.

6. On October 17, 2008, the CCAA Court approved the Original Settlement (the "**Canadian Settlement Approval**"). The U.S. Court was advised of the Original Settlement on October 20, 2008.

7. Pursuant to its terms, the Original Settlement is null and void because the U.S. Confirmation Order was not obtained by October 31, 2009.

8. The purpose of the Amended and Restated Minutes is to modify the Original Settlement to extend its deadline and to make other appropriate changes in order to provide for the full and final resolution of all CDN ZAI Claims brought against the Grace Parties.

**NO ADMISSION OF LIABILITY**

9. Grace Canada and Grace, in agreeing to the Amended and Restated Minutes, do not admit liability of any kind in relation to CDN ZAI Claims. The Parties acknowledge that Grace Canada and Grace are entering into these Amended and Restated Minutes for settlement purposes only and that nothing in the Amended and Restated Minutes

constitutes an admission by the Grace Parties that they have any liability under Canadian or U.S. law on account of the presence of or exposure to ZAI or that any person who has owned or occupied a dwelling unit in Canada with ZAI has any valid claim against the Grace Parties under Canadian or U.S. law. By entering into the Amended and Restated Minutes, Grace Canada and Grace are not waiving any of their defences to liability. The Parties further acknowledge that Grace Parties who are not signatories hereto have not waived any of their defences to liability.

10. CCAA Representative Counsel, on behalf of the CDN ZAI Claimants, agrees that it will not publicly disparage, impugn or malign the acts or omissions of any of the other Parties or the Grace Parties who are not signatories hereto with respect to CDN ZAI Claims.

**TERMS OF SETTLEMENT WITH GRACE PARTIES**

11. On the Effective Date (as defined in the First Amended Joint Plan) and pursuant to the First Amended Joint Plan, Grace shall transfer to the Asbestos PD Trust (as defined in the First Amended Joint Plan) and the Asbestos PD Trust shall immediately transfer to the CDN ZAI PD Claims Fund, the following:

(a) in the event that the U.S. Confirmation Order is entered by the U.S. Court by June 30, 2010, the amount of eight million, ninety-five thousand, six hundred and thirty-two dollars and forty-four cents Canadian (CDN$8,095,632.44);

(b) in the event that the U.S. Confirmation Order is entered by the U.S. Court after June 30, 2010 but on or before December 31, 2010, the amount of eight million, five hundred ninety-five thousand, six hundred and thirty-two dollars and forty-four cents Canadian (CDN$8,595,632.44); and

(c) the amount contributed to the CDN ZAI PD Claims Fund pursuant to either scenario (a) or (b) above shall be the **"Grace Funds"**.

12. Grace shall provide in its First Amended Joint Plan for the creation of a separate class of CDN ZAI PD Claims and for the establishment of the CDN ZAI PD Claims Fund, which shall administer and make payments in respect of CDN ZAI PD Claims in accordance with the terms of these Amended and Restated Minutes.

13. Grace shall provide in its First Amended Joint Plan that any CDN ZAI PI Claimant shall be entitled to file his or her claim against the Asbestos Trust to be created for asbestos personal injury claims pursuant to the First Amended Joint Plan, the Trust Agreement and the TDP ("Asbestos Trust", "Trust Agreement" and "TDP" are as defined in the First Amended Joint Plan and exhibits thereto), and shall be entitled to payments as provided thereunder. CDN ZAI PI Claimants shall be entitled to the same rights as all other Asbestos PI Claimants (as defined in the First Amended Joint Plan) to recover legal fees and expenses as part of their claims against the Asbestos Trust established for payment of Asbestos PI Claims (as defined in the First Amended Joint Plan) pursuant to the First Amended Joint Plan.

14. The vote which the CCAA Representative Counsel made pursuant to the Original Settlement in favour of the First Amended Joint Plan shall constitute a vote pursuant to these Amended and Restated Minutes of Settlement in favour of the First Amended Joint Plan. Further, on behalf of CDN ZAI Claimants, CCAA Representative Counsel shall, in any future vote, vote in favour of the First Amended Joint Plan incorporating the Amended and Restated Minutes.

15. Upon execution of the Amended and Restated Minutes, Grace shall, as soon as reasonably practicable:

(a) advise the U.S. Court of these Amended and Restated Minutes;

(b) revise the First Amended Joint Plan to be consistent with these Amended and Restated Minutes;

(c) bring a motion in the CCAA Court for an order:

(i) approving these Amended and Restated Minutes;

(ii) providing that the vote which the CCAA Representative Counsel made pursuant to the Original Settlement in favour of the First Amended Joint Plan shall constitute a vote pursuant to these Amended and Restated Minutes of Settlement in favour of the First Amended Joint Plan;

(iii) authorizing CCAA Representative Counsel to vote as proxy and power of attorney for CDN ZAI Claimants in any future vote on the First Amended Joint Plan;

(iv) providing for a variation of the Canadian Settlement Approval, and in particular the deletion of paragraphs 7(i) and 8 thereof, pursuant to which CCAA Representative Counsel shall be permitted, on behalf of the CDN ZAI PI Claimants, to pursue claims against the Crown even if the Crown raises, by way of contribution, indemnity or otherwise, CDN ZAI PI Claims;

(v) providing for, on the Effective Date; (A) releases in favour of the Grace Parties from the CDN ZAI Claimants of all claims and causes of action of any kind whatsoever relating to CDN ZAI Claims; (B) the discharge and extinguishment of all CDN ZAI Claims against the Grace Parties (collectively, the **"Releases"**); and (C) a stay of the Actions until the Actions are amended to remove the Grace Parties as named defendants as provided for herein; and

(vi) addressing all other matters required in order to implement these Amended and Restated Minutes.

16. Grace shall consent to and support CCAA Representative Counsel's application seeking appointment as special counsel for CDN ZAI Claimants in the U.S. proceedings (the **"Special Counsel Application"**) retroactively to September 1, 2008 and going forward to the date of the U.S. Confirmation Order.

17. CCAA Representative Counsel shall make application to the U.S. Court for approval and payment of CCAA Representative Counsel's reasonable fees and expenses (including matters relating to the Original Settlement, the Canadian Settlement Approval, the CDN ZAI PD Claims Notice Program, the Amended and Restated Minutes of Settlement, communication with CDN ZAI Claimants, the U.S. Confirmation Order and any other matter relating to the interests of CDN ZAI Claimants in contribution and support of the First Amended Joint Plan) in accordance with the applicable provisions of the U.S. Bankruptcy Code, the U.S. Bankruptcy Rules, the Local Rules of the U.S. Court and any other applicable procedures and orders of the U.S. Court.

**CONDITIONS OF FUNDING**

18. The Grace Parties' obligation to contribute the Grace Funds, as set out in paragraph 11 herein, is subject to the following conditions (the "**Grace Funding Conditions**"):

(a) an order of the CCAA Court pursuant to paragraph 15(b) herein shall have been obtained;

(b) the First Amended Joint Plan shall incorporate the terms of these Amended and Restated Minutes and such other matters required to implement the Amended and Restated Minutes and shall include, in particular, the discharge and extinguishment of all CDN ZAI Claims against the Grace Parties;

(c) all conditions precedent to the Effective Date in the First Amended Joint Plan implementation shall be satisfied, including the entering or the issuance, as applicable, of:

(i) a Final Order (as defined in the First Amended Joint Plan) in respect of the U.S. Confirmation Order; and

(ii) a final order of the CCAA Court, or an appellate Canadian court if applicable, recognizing and implementing the U.S. Confirmation Order in Canada.

19. Upon payment of the Grace Funds:

(a) All CDN ZAI Claims against the Grace Parties shall be forever disallowed and expunged;

(b) CCAA Representative Counsel shall cause the Actions to be amended such that no CDN ZAI Claims are asserted against the Grace Parties as named defendants; and

(c) CDN ZAI Claimants shall no longer have recourse in respect of CDN ZAI Claims against the Grace Parties, but shall have recourse only to the CDN ZAI PD Claims Fund or the Asbestos Trust. Thereafter, none of the Grace Parties shall have any liability for the CDN ZAI Claims whatsoever, and, for greater certainty, no CDN ZAI Claimant shall have any further recourse against any of the Grace Parties.

20. Unless otherwise agreed to by the Parties hereto, in the event of any of the following:

(a) CCAA Representative Counsel's Special Counsel Application is not approved by the U.S. Court;

(b) an order of the CCAA Court pursuant to paragraph 15(b) herein is not obtained;

(c) the U.S. Confirmation Order is not entered by the U.S. Court on or before December 31, 2010; or

(d) the First Amended Joint Plan, as confirmed, does not reflect the terms of these Amended and Restated Minutes,

the Amended and Restated Minutes shall be considered null and void.

**CLAIMS AGAINST THE CROWN**

21. Nothing in these Amended and Restated Minutes precludes CDN ZAI PI Claimants from asserting claims against the Crown, whether now or in the future, for injuries suffered directly or indirectly from the manufacture, sale or distribution of ZAI products in Canada. For greater certainty,

(a) claims may be pursued by CDN ZAI PI Claimants against the Crown even though they may give rise to CDN ZAI PI Claims by the Crown for contribution, indemnity or otherwise, provided that such CDN ZAI PI Claims by the Crown shall be channeled to the Asbestos Trust by the First Amended Joint Plan; and

(b) no claims may be pursued by CDN ZAI PD Claimants against the Crown that may give rise to CDN ZAI PD Claims.

**USE OF FUNDS IN THE CDN ZAI PD CLAIMS FUND**

22. The CDN ZAI PD Claims Fund shall be used for the following purposes and the funds shall be distributed as follows:

(a) As soon as reasonably practicable following the Effective Date, two million Canadian dollars (CDN$2,000,000) shall be paid to CCAA Representative Counsel in respect of legal fees and disbursements;

(b) As soon as reasonably practicable following the Effective Date, two hundred fifty thousand Canadian dollars (CDN$250,000) shall be set aside by the Fund to pay CCAA Representative Counsel for future legal fees and disbursements incurred from the date of the U.S. Confirmation Order for the purposes of carrying out its duties in respect of the CDN ZAI PD Claims Notice Program and the CDN ZAI PD Claims Procedure, which legal fees and disbursements shall be paid upon application to and approval by the CCAA Court;

(c) The Fund shall be authorized to pay a Claims Administrator up to eight hundred fifty thousand Canadian dollars (CDN$850,000) for fees and disbursements incurred for the purposes of administering the CDN ZAI PD Claims Procedure and the Fund;

(d) The Fund shall be authorized to pay up to one hundred fifty thousand Canadian dollars (CDN$150,000) to a qualified expert to be jointly selected by CCAA Representative Counsel and the Claims Administrator to provide expert and consulting services to assist in establishing procedures for the identification of ZAI, remedial measures that might be undertaken by a CDN ZAI PD Claimant and the development of the CDN ZAI PD Claims Procedure (the **"Qualified Expert"**); and

(e) The remainder of the monies in the Fund plus interest earned therein and any monies not used for the purposes outlined in sections (b)-(d) above, shall be available to be distributed to the holders of Allowed CDN ZAI PD Claims in full and complete satisfaction and payment of their CDN ZAI PD Claims.

**CDN ZAI PD BAR DATE**

23. Notwithstanding the CDN ZAI PD Claims Bar Date of August 31, 2009 established by the U.S. Court, all CDN ZAI PD Claimants who have filed a proof of claim by December 31, 2009, shall be entitled to seek compensation from the CDN ZAI PD Claims Fund, which entitlement shall be determined in accordance with the CDN ZAI PD Claims Procedure.

24. Any CDN ZAI PD Claim that is not filed in accordance with the CDN ZAI PD Claims Bar Date or paragraph 23 herein, shall be forever barred and expunged.

**CDN ZAI PD CLAIMS PROCEDURE**

25. CCAA Representative Counsel and the Claims Administrator shall develop and implement the CDN ZAI PD Claims Procedure. The CDN ZAI PD Claims Procedure shall include the following:

(a) CDN ZAI PD Claims shall be submitted initially through the proof of claim form that is part of the CDN ZAI PD Claims Notice Program. The CDN ZAI PD Claims Fund may then require CDN ZAI PD Claimants with Timely CDN ZAI PD Claims (as defined in the First Amended Joint Plan), or claims filed in accordance with paragraph 23 herein, to submit a further questionnaire, a sample of the insulation that forms the basis of the claim or other necessary information in order to determine whether such claim should be allowed and paid by the Fund;

(b) In order to qualify as an Allowed CDN ZAI PD Claim, a CDN ZAI PD Claimant must prove on a summary basis that:

(i) the dwelling unit for which the CDN ZAI PD Claimant is making a claim was or is insulated with ZAI;

(ii) the CDN ZAI PD Claimant undertook measures and incurred or assumed costs to identify and prove the existence of ZAI, and to remediate the dwelling unit to avoid possible adverse effects to occupants and others of exposure to ZAI;

(iii) the CDN ZAI PD Claimant incurred or assumed the costs of identifying ZAI and/or the costs of other measures undertaken to remediate the dwelling unit to avoid possible adverse effects of exposure to ZAI; and

(iv) any other criteria as agreed upon by the CCAA Representative Counsel and the Claims Administrator, with the benefit of advice and consultation from the Qualified Expert as necessary, have been met.

(c) Each CDN ZAI PD Claim shall be categorized, administered, quantified and paid, if applicable, through the CDN ZAI PD Claims Procedure as follows:

(i) Category I - NO ZAI AND/OR NO REMEDIAL MEASURES -- NO COMPENSATION - the CDN ZAI PD Claimant fails to prove the existence of ZAI and/or fails to prove that costs were incurred or assumed to identify and/or fails to prove that costs were incurred or assumed to remediate the dwelling unit to avoid possible adverse effects to occupants and others of exposure to ZAI. All Category I claims will be disallowed by the Claims Administrator. Category I claims shall be disallowed in full;

(ii) Category II - ZAI IDENTIFICATION AND MINOR REMEDIAL MEASURES -- 50% OF THE COSTS OF REMEDIAL MEASURES UP TO CDN $300.00 - the CDN ZAI PD Claimant proves the existence of ZAI, proves that costs were incurred or assumed to identify and prove the existence of ZAI, and proves that costs were incurred or assumed for minor remedial measures undertaken to the dwelling unit to avoid possible risks of exposure to ZAI to occupants and others;

(iii) Category III - ZAI IDENTIFICATION AND MAJOR REMEDIAL MEASURES -- 50% OF THE COSTS OF REMEDIAL MEASURES UP TO CDN$600.00 - the CDN ZAI PD Claimant proves the existence of ZAI, proves that costs were incurred or assumed to identify and prove the existence of ZAI, and proves that costs were incurred or assumed for major remedial measures undertaken to remediate the dwelling unit to avoid possible adverse effects of exposure to ZAI to occupants and others;

(d) The CCAA Representative Counsel and the Claims Administrator shall act reasonably, in consultation with the Qualified Expert as necessary, to establish and agree upon such other criteria to determine what is necessary to satisfy and establish an Allowed CDN ZAI PD Claim, including, but not limited to establishing specific criteria to determine what constitutes minor or major remedial measures.

26. Payments on Allowed CDN ZAI PD Claims shall be as provided for in paragraph 25 herein. However:

(a) in the event the Fund does not have enough monies to pay the maximum amount recoverable for Allowed CDN ZAI PD Claims, each CDN ZAI PD Claim shall be paid based upon a pro-rated distribution of each claim in relation to all Allowed CDN ZAI PD Claims made against the CDN ZAI PD Claims Fund. For greater certainty, aside from the Grace Funds, under no circumstances shall the Grace Parties have an obligation to contribute further monies to the Fund; and

(b) if the Fund is not exhausted after the administration of the CDN ZAI PD Claims Procedure is complete, such funds shall be used:

(i) first, to make a further allowance to holders of Allowed CDN ZAI PD Claims on a pro rata basis up to the maximum amount of the Allowed ZAI PD Claim; and

(ii) thereafter, if the Fund has not been exhausted as a result of the further allowance in paragraph 25(b) herein, for such charitable or education purposes as the Claims Administrator, in consultation with CCAA Representative Counsel, deems appropriate.

**ENTIRE AGREEMENT**

27. Each of the Parties acknowledges and agrees that these Amended and Restated Minutes are:

(a) subject only to the conditions outlined herein; and

(b) not subject to or conditional upon a settlement of any claims related to ZAI outside of Canada being reached by the Grace Parties, nor shall the terms herein be affected by any such settlement.

**W.R. GRACE & CO. on its own behalf and on behalf of the other debtors in possession in the chapter 11 cases**

Per: ______________________
Name: Mark A. Shelnitz
Title: VP, Gen. Counsel & Secretary

Per: ______________________
Name:
Title:

**GRACE CANADA, INC.**

Per: ______________________
Name: W. Brian McGowan
Title: President

Per: ______________________
Name:
Title:

**SCARFONE HAWKINS LLP on its own behalf and, in its capacity as representative counsel, on behalf all holders of CDN ZAI Claims**

Per: ______________________
Name: David Thompson
Title: Partner

Per: ______________________
Name:
Title:

**LAUZON BÉLANGER S.E.N.C.R.L. on its own behalf and, in its capacity as representative counsel, on behalf all holders of CDN ZAI Claims**

Per: ______________________

Name: Michel Bélanger

Title: Lawyer November 16, 2009

Per: ______________________

Name:

Title:

## APPENDIX "A"

**DEFINED TERMS**

**"Allowed CDN ZAI PD Claims"** means Timely CDN ZAI PD Claims allowed by the Claims Administrator pursuant to the CDN ZAI PD Claims Procedure;

**"Canadian Settlement Approval"** means the Order of the CCAA Court of October 17, 2008 as described in paragraph 6;

**"CCAA Court"** means the Ontario Superior Court of Justice;

**"CCAA Representative Counsel"** means Lauzon Belanger S.E.N.C.R.L. and Scarfone Hawkins LLP in their capacity as representative counsel to the Canadian ZAI Claimants pursuant to an Order of the CCAA Court made on February 8, 2006;

**"CDN ZAI Claimants"** means CDN ZAI PD Claimants and CDN ZAI PI Claimants;

**"CDN ZAI Claims"** means Canadian ZAI PI Claims and Canadian ZAI PD Claims;

**"CDN ZAI PD Claimants"** means a holder of a CDN ZAI PD Claim;

**"CDN ZAI PD Claims"** means claims arising out of or in any way connected to property damages arising, directly or indirectly, from the manufacture, sale or distribution of ZAI in Canada as more particularly defined in the First Amended Joint Plan and includes, without limitation all past, present and future claims against the Grace Parties described in or arising from the Actions, including any ZAI PD Claims asserted or to be asserted by the Crown;

**"CDN ZAI PD Claims Bar Date"** means the date set out in the CDN ZAI PD Claims Notice Program by which CDN ZAI PD Claims must be filed in order to qualify as Timely CDN PD Claims or else be forever barred and extinguished;

**"CDN ZAI PD Claims Fund"** or the **"Fund"** means the fund to be established for the administration, adjudication and distribution of funds with respect to CDN ZAI PD Claims;

**"CDN ZAI PD Claims Notice Program"** means the broad-based media program for CDN ZAI PD Claims currently contained within the Bar Date and Notice program Grace filed with the Bankruptcy Court on March 18, 2008 [Docket No. 18328] as amended on April 10, 2008 [Docket No. 18495] and May 23, 2008 [Docket No. 18784];

**"CDN ZAI PD Claims Procedure"** means procedures established by the Claims Administrator and the CCAA Representative Counsel for the Fund to review, administer, adjudicate and pay Allowed CDN ZAI PD Claims as appropriate;

**"CDN ZAI PI Claimants"** means holders of CDN ZAI PI Claims;

**"CDN ZAI PI Claims"** means claims arising out of or in any way connected to personal injuries arising, directly or indirectly, from the manufacture, sale or distribution of ZAI in

43

Canada and as more particularly defined in the First Amended Joint Plan and includes, without limitation, all past, present and future claims against the Grace Parties described in or arising from the Actions set out in Appendix "B";

**"Claims Administrator"** means a person appointed by CCAA Representative Counsel and approved by the U.S. Court to administer the Fund in accordance with this Settlement and any subsequent Fund administration agreement or other related document;

**"Crown"** means the Attorney General of Canada (Her Majesty the Queen in Right of Canada);

**"First Amended Joint Plan"** means Grace's First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code filed in Grace's Chapter 11 cases or any subsequent version thereof;

**"Grace"** means W. R. Grace & Co. and its 61 U.S. subsidiaries filed under the Chapter 11 cases;

**"Grace Canada"** means Grace Canada, Inc.;

**"Grace Parties"** means Grace, Sealed Air (Canada) Co./CIE, Sealed Air Corporation, Cryovac, Inc. and Grace Canada and each of their parent corporations, subsidiary corporations, joint ventures, affiliates, sister corporations, and any and all of their past, present, and future agents, servants, officers, directors, employees, predecessors, successors, assigns, heirs, executors, administrators, legal representatives, beneficiaries and insurers;

**"Modified Preliminary Injunction"** means the Order granted to Grace on January 22, 2002, that provided injunctive relief to affiliated entities;

**"Original Settlement"** means the minutes of settlement between the Parties dated September 2, 2008.

**"Parties"** means CCAA Representative Counsel, Grace and Grace Canada;

**"U.S. Confirmation Order"** means the Confirmation Order as defined in the First Amended Joint Plan.

**"U.S. Court"** means the United States Bankruptcy Court for the District of Delaware;

**"ZAI"** means Zonolite Attic Insulation, which is loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos manufactured and sold by the Grace Parties and installed in homes and buildings that are located in Canada.

44

APPENDIX "B"

LIST OF ACTIONS IN CANADA

1. Association des Consommateurs pour la Qualite dans la Construction,

   Viviane BROSSEAU & Leontine ROBERGE-TURGEON v. Attorney General of Canada; Superior Court of Quebec; court no. 500-06-000286-050

2. NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co. et al.; Federal Court of Canada; court no. T-1503-05

3. THUNDERSKY, Raven and BRUCE, Rebecca v. the Attorney General of Canada, W.R. Grace & Co. et al.; Manitoba Queen's Bench; court no. CI04-01-39818

4. Association des Consommateurs pour la Qualite dans la Construction et Jean-Charles DEXTRAS v. Grace Canada Inc. and Attorney General of Canada; Superior Court of Quebec; court no. 500-06-000258-042

5. NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co. et al.; Superior Court of Quebec; court no. 550-06-000020-058

6. NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co. et al.; Saskatchewan Queen's Bench; court no. 696-2005

7. NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co et al.; Alberta Queen's Bench; court no. 0501-07100

8. NORDICK, Merv et at v. Attorney General of Canada, W.R. Grace & Co et al.; B.C. Queen's Bench; court no. L-052352

9. SPENCER, Ernest et at. v. Attorney General of Canada, W.R. Grace & Co et al.; Ontario Superior Court of Justice; court no. 5-CV-32367

10. SPENCER, Ernest et al. v. Attorney General of Canada, W.R. Grace & Co et al.; Manitoba Queen's Bench; court no. C1-05-01-44628

11. Her Majesty in Right of the Province of Manitoba v. Attorney General of Canada, W.R. Grace & Co et al.; Manitoba Queen's Bench; court no. C1-05-01-41069

# TAB 4

DOCSTOR: 1794976\1

Schedule "A"

Court File No. 01-CL-4081

*ONTARIO*

SUPERIOR COURT OF JUSTICE

COMMERCIAL LIST

IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C.* 1985, *c. C*-36, AS AMENDED

AND IN THE MATTER OF GRACE CANADA, INC.

# AMENDED AND RESTATED CDN ZAI MINUTES OF SETTLEMENT

OVERVIEW

PREAMBLE

1. The Parties to these Amended and Restated CDN ZAI Minutes of Settlement ("the "**Amended and Restated Minutes**"") agree :

   (a) to be bound by the following terms. terms herein; and

   (b) that the Amended and Restated Minutes supersede and replace the Minutes of Settlement dated September 2, 2008 (the "**Original Settlement**").

2. Capitalized terms used herein and not otherwise defined have the meaning ascribed to them in Appendix "A".

**BACKGROUND AND PURPOSE**

3. Certain of theGrace Canada and Grace, along with certain other Grace Parties, have been variously named as defendants in the Canadian actions listed in Appendix "B" (the ""**Actions**") in which"). In the Actions, the plaintiffs therein seek damages for, *inter alia*, CDN ZAI Claims.

Pursuant to an Oorder of the CCAA Court dated November 15, 2005, thea Modified Preliminary Injunction ofgranted by the U.S. Court was recognized in Canada and the Actions were stayed.

4. Pursuant to an Oorder of the CCAA Court made ondated February 8, 2006, Lauzon Belanger S.E.N.C.R.L. and Scarfone Hawkins LLP were appointed as CCAA Representative Counsel to represent the interests of, *inter alia*, CDN ZAI Claimants in Canada and, as, As such, CCAA Representative Counsel had and continues to have the authority to enter into the Original Settlement and the Amended and Restated Minutes on behalf of CDN ZAI Claimants.

5. On October 17, 2008, the CCAA Court approved the Original Settlement (the "**Canadian Settlement Approval**"). The U.S. Court was advised of the Original Settlement on October 20, 2008.

6. Pursuant to its terms, the Original Settlement is null and void because the U.S. Confirmation Order was not obtained by October 31, 2009.

7. 6. The purpose of the Amended and Restated Minutes is to achieve and conclude amodify the Original Settlement to extend its deadline and to make other appropriate

changes in order to provide for the full and final resolution of all CDN ZAI Claims brought against the Grace Parties.

**NO ADMISSION OF LIABILITY**

8. 7. Grace Canada and Grace Canada, in agreeing to the Amended and Restated Minutes, do not admit liability of any kind in relation to CDN ZAI Claims. The Parties acknowledge that Grace Canada and Grace Canada are entering into these Amended and Restated Minutes for settlement purposes only and that nothing in the Amended and Restated Minutes constitutes an admission by the Grace Parties that they have any liability under Canadian or USU.S. law on account of the presence of or exposure to ZAI or that any person who has owned or occupied a dwelling unit in Canada with ZAI in a home in Canada has any valid claim against the Grace Parties under Canadian or USU.S. law. By entering into the SettlementAmended and Restated Minutes, Grace Canada and Grace Canada are not waiving any of their defences to liability. The Parties further acknowledge that none of the Grace Parties who are not signatories hereto have not waived any of their defences to liability.

9. 8. The CCAA Representative Counsel, on behalf of the CDN ZAI Claimants, agrees that it will not publicly disparage, impugn or malign the acts or omissions of any of the other Parties or the Grace Parties who are not signatories hereto with respect to CDN ZAI Claims.

**TERMS OF SETTLEMENT WITH GRACE PARTIES**

9.

10. On the Effective Date (as ~~that term shall be defined in the Plan), Grace shall contribute the amount of six~~defined in the First Amended Joint Plan) and pursuant to the First Amended Joint Plan, Grace shall transfer to the Asbestos PD Trust (as defined in the First Amended Joint Plan) and the Asbestos PD Trust shall immediately transfer to the CDN ZAI PD Claims Fund, the following:

(a) in the event that the U.S. Confirmation Order is entered by the U.S. Court by June 30, 2010, the amount of eight million , ninety-five ~~hundred~~ thousand ~~Canadian~~, six hundred and thirty-two dollars and forty-four cents Canadian (CDN$~~6,500,000) less any amounts that have been paid by Grace pursuant to the Fee Order (the **"Grace Funds"**) to the CDN ZAI PD Claims Fund~~8,095,632.44);

(b) in the event that the U.S. Confirmation Order is entered by the U.S. Court after June 30, 2010 but on or before December 31, 2010, the amount of eight million, five hundred ninety-five thousand, six hundred and thirty-two dollars and forty-four cents Canadian (CDN$8,595,632.44); and

(c) the amount contributed to the CDN ZAI PD Claims Fund pursuant to either scenario (a) or (b) above shall be the **"Grace Funds"**.

11. ~~10.~~ Grace shall provide in its First Amended Joint Plan for the creation of a separate class of CDN ZAI PD Claims and for the establishment of the CDN ZAI PD Claims Fund, which shall administer and make payments in respect of CDN ZAI PD Claims in accordance with the terms of ~~this Settlement~~these Amended and Restated Minutes.

12. ~~11.~~ Grace shall provide in its First Amended Joint Plan that any CDN ZAI PI Claimant shall be entitled to file his or her claim against the Asbestos Trust to be created for asbestos personal injury claims pursuant to the First Amended Joint Plan, the Trust Agreement and the TDP ("Asbestos Trust", "Trust Agreement" and "TDP" are as defined in the First Amended Joint Plan and exhibits thereto), and shall be entitled to payments as provided thereunder. CDN ZAI PI Claimants shall be entitled to the same rights *as all other Asbestos PI Claimants* (as defined in the First Amended Joint Plan) to recover legal fees and expenses as part of their claims against the Asbestos Trust established for payment of Asbestos PI Claims (as defined in the First Amended Joint Plan) pursuant to the First Amended Joint Plan ~~*as all other Asbestos PI Claimants*~~.

13. ~~12. Pursuant to the Canadian Settlement Approval,~~ The vote which the CCAA Representative Counsel ~~shall vote~~ made pursuant to the Original Settlement in favour of the First Amended Joint Plan shall constitute a vote pursuant to these Amended and Restated Minutes of Settlement in favour of the First Amended Joint Plan. Further, on behalf of CDN ZAI Claimants, CCAA Representative Counsel shall, in any future vote, vote in favour of ~~Grace's~~ the First Amended Joint Plan incorporating ~~this Settlement~~ the Amended and Restated Minutes.

~~9.~~ ~~10.~~ ~~**CANADIAN SETTLEMENT APPROVAL**~~

14. ~~13.~~ Upon execution of the Amended and Restated Minutes, Grace shall, as soon as reasonably practicable:

(a) advise the U.S. Court of ~~this Settlement;~~ these Amended and Restated Minutes;

(b) revise the First Amended Joint Plan to be consistent with these Amended and Restated Minutes;

(c) (b) bring a motion in the CCAA Court for the Canadian Settlement Approval which shall,an order:

(i) approve the Settlement;approving these Amended and Restated Minutes;

(ii) providing that the vote which the CCAA Representative Counsel made pursuant to the Original Settlement in favour of the First Amended Joint Plan shall constitute a vote pursuant to these Amended and Restated Minutes of Settlement in favour of the First Amended Joint Plan;

(iii) (ii) authorizeauthorizing CCAA Representative Counsel to vote as proxy and power of attorney for CDN ZAI Claimants in any future vote on the First Amended Joint Plan;

(iv) providing for a variation of the Canadian Settlement Approval, and in particular the deletion of paragraphs 7(i) and 8 thereof, pursuant to which CCAA Representative Counsel shall be permitted, on behalf of the CDN ZAI PI Claimants, to pursue claims against the Crown even if the Crown raises, by way of contribution, indemnity or otherwise, CDN ZAI PI Claims;

(v) (iii) orderproviding for, on the Effective Date (as such term shall be defined in the Plan),; (A) releases in favour of the Grace Parties from the CDN ZAI Claimants of all claims and causes of action of any kind whatsoever relating to CDN ZAI Claims including, without limitation, any claims or causes of actions asserted against the Grace Parties as a result of the CDN ZAI Claims advanced by CCAA Representative Counsel against the Crown as a result of which the Crown is or may become entitled to contribution or indemnity from the Grace Parties; (B) the discharge and extinguishment of all CDN ZAI Claims against the Grace Parties (collectively, the "**Releases**"); and (C) a stay of the Actions until the Actions are amended to remove the Grace Parties as named defendants as provided for herein; and

(iv) order that all CDN ZAI Claims, whether present or future, suffered directly or indirectly, from the manufacture, sale, or distribution of ZAI products in Canada, against the Crown are not released or in any way affected by the terms of this Settlement, except to the extent released in Section 13(b)(iii) above. For greater certainty, nothing contained in these Minutes shall serve to discharge, extinguish or release CDN ZAI Claims asserted against the Crown and which claims seek to establish and apportion independent and/or several liability against the Crown; and

(vi) (v) addressaddressing, all other matters required in order to implement the Settlementthese Amended and Restated Minutes.

14. Provided that the Canadian Settlement Approval is obtained, Grace agrees that it will support, to the fullest extent permitted by law, a one time fee application by U.S. counsel to CCAA Representative Counsel to the U.S. Court for the approval and payment of its reasonable attorney's fees and expenses incurred up to the date of these Minutes in connection with the Chapter 11 cases provided that no request shall exceed the amount of US$350,000. In the event that the U.S. Court grants an Order (the **"Fee Order"**) approving such application, any amounts paid by Grace to U.S. counsel to CCAA Representative Counsel shall be deducted from the amount payable pursuant to paragraph 20(a) herein.

15. In the event that either

15. Grace shall consent to and support CCAA Representative Counsel's application seeking appointment as special counsel for CDN ZAI Claimants in the U.S. proceedings (the **"Special Counsel Application"**) retroactively to September 1, 2008 and going forward to the date of the U.S. Confirmation Order.

16. CCAA Representative Counsel shall make application to the U.S. Court for approval and payment of CCAA Representative Counsel's reasonable fees and expenses (including matters relating to the Original Settlement, the Canadian Settlement Approval or, the CDN ZAI PD Claims Notice Program, the Amended and Restated Minutes of Settlement, communication with CDN ZAI Claimants, the U.S. Confirmation Order is not obtained, this Settlement will be considered to be null and void.

14. and any other matter relating to the interests of CDN ZAI Claimants in contribution and support of the First Amended Joint Plan) in accordance with the applicable provisions of the U.S. Bankruptcy Code, the U.S. Bankruptcy Rules, the Local Rules of the U.S. Court and any other applicable procedures and orders of the U.S. Court.

15. **CONDITIONS OF FUNDING**

*Grace Conditions to Funding*

17. 16. The Grace Parties'' obligation to contribute the Grace Funds, as set out in paragraph 11 herein, is subject to the following conditions (the ""**Grace Funding Conditions**""):

(a) The Canadian Settlement Approval shall have been obtained;an order of the CCAA Court pursuant to paragraph 15(b) herein shall have been obtained;

(b) The U.S. Court shall have granted an Order approving the CDN ZAI PD Claims Notice Program on the terms set out herein, which shall, *inter alia*, provide for the CDN ZAI PD Claims Bar Date, which Order shall have been recognized by the CCAA Court;

(b) (c) Thethe First Amended Joint Plan shall incorporate the terms of this Settlementthese Amended and Restated Minutes and such other matters required to implement the SettlementAmended and Restated Minutes and shall include, in particular, the discharge and extinguishment of all CDN ZAI Claims against the Grace Parties;

(d) CCAA Representative Counsel shall have voted in favour of the Plan; and

(c) all conditions precedent to the Effective Date in the First Amended Joint Plan implementation shall be *satisfied, including the* entering or the issuance, as applicable, of:

(i) a Final Order (as defined in the First Amended Joint Plan) in respect of the U.S. Confirmation Order; and

(ii) (e) all conditions of Plan implementation being *satisfied, including the* issuance of: (i) a Final Order (as such term shall be defined in the Plan) approving confirmation of the Plan (the "**U.S. Confirmation Order**"); and (ii) an Order of the CCAA Court (and the time for any appeal with respect to such Order shall have expired and no appeal shall be pending or outstanding)a final order of the CCAA Court, or an appellate Canadian court if applicable, recognizing and implementing the U.S. Confirmation Order in Canada.

(a) (b)

18. 17. Upon payment of the Grace Funds:

    (a)   All CDN ZAI Claims against the Grace Parties shall be forever disallowed and expunged;

    (b)   CCAA Representative Counsel shall cause the Actions to be amended such that no CDN ZAI Claims are asserted against the Grace Parties as named defendants; and

    (c)   CDN ZAI Claimants shall no longer have recourse in respect of CDN ZAI PD Claims against the Grace Parties, but shall have recourse only to the CDN ZAI PD Claims Fund or the Asbestos Trust. Thereafter, none of the Grace Parties shall have any liability for the CDN ZAI Claims whatsoever, and, for greater certainty, no CDN ZAI Claimant shall have any further recourse against any of the Grace Parties.

19. Unless otherwise *agreed to by the Parties* hereto, in the event of any of the following:

    (a)   CCAA Representative Counsel's Special Counsel Application is not approved by the U.S. Court;

    (b)   an order of the CCAA Court pursuant to paragraph 15(b) herein is not obtained;

    (c)   *the U.S. Confirmation Order is not* entered by the U.S. Court on or before December 31, 2010; or

(d) 18. In the event that (a) *the U.S. Confirmation Order is not* granted prior October 31, 2009; or (b) thethe First Amended Joint Plan, as confirmed, does not reflect the terms of this Settlement, then this Settlement *shall be considered null and void.*these Amended and Restated Minutes,

the Amended and Restated Minutes *shall be considered null and void.*

**PRESERVATION OF CDN ZAI CLAIMS AGAINST THE CROWN**

20. 19. All CDN ZAI ClaimsNothing in these Amended and Restated Minutes precludes CDN ZAI PI Claimants from asserting claims against the Crown, whether presentnow or in the future, for injuries suffered directly or indirectly, from the manufacture, sale, or distribution of ZAI products in Canada, against the Crown are not released or in any way affected by the terms of this Settlement, except to the extent released in Section 13(b)(iii) above. For greater certainty, nothing contained in these Minutes shall serve to discharge, extinguish or

release CDN ZAI Claims asserted against the Crown and which claims seek to establish and apportion independent and/or several liability against the Crown.

(a) claims may be pursued by CDN ZAI PI Claimants against the Crown even though they may give rise to CDN ZAI PI Claims by the Crown for contribution, indemnity or otherwise, provided that such CDN ZAI PI Claims by the Crown shall be channeled to the Asbestos Trust by the First Amended Joint Plan; and

(b) no claims may be pursued by CDN ZAI PD Claimants against the Crown that may give rise to CDN ZAI PD Claims.

**USE OF FUNDS IN THE CDN ZAI PD CLAIMS FUND**

21. ~~20.~~ The CDN ZAI PD Claims Fund shall be used for the following purposes and the funds shall be distributed as follows:

(a) ~~On~~As soon as reasonably practicable following the Effective Date, two million Canadian dollars (CDN$2,000,000) ~~less any amounts paid by Grace pursuant to a Fee Order,~~ shall be paid to CCAA Representative Counsel in respect of legal fees and disbursements;

(b) ~~On~~As soon as reasonably practicable following the Effective Date, two hundred fifty thousand Canadian dollars (CDN$250,000) shall be set aside by the Fund to pay CCAA Representative Counsel ~~in respect of~~for future legal fees and disbursements incurred from the date of the U.S. Confirmation Order for the purposes of carrying out ~~their~~its duties in respect of the CDN ZAI PD Claims Notice Program and the CDN ZAI PD Claims Procedure, which legal fees and disbursements shall be paid upon application to and approval by the CCAA Court;

(c) The Fund shall be authorized to pay a Claims Administrator up to eight hundred fifty thousand Canadian dollars (CDN$850,000) for fees and disbursements incurred for the purposes of administering the CDN ZAI PD Claims Procedure and the Fund;

~~(d) *The Fund shall be authorized to pay up to one hundred fifty thousand Canadian dollars (CDN$150,000) to a qualified expert to be jointly*~~

*The Fund shall be authorized to pay up to one hundred fifty thousand Canadian dollars (CDN$150,000) to a qualified expert to be jointly* selected by CCAA Representative Counsel and the Claims Administrator to provide expert and consulting services to assist in establishing procedures for the identification of ZAI, remedial measures that might be undertaken by a CDN ZAI PD Claimant and the development of the CDN ZAI PD Claims Procedure (the "**Qualified Expert**"); and

(d) The remainder of the monies in the Fund plus interest earned therein and any monies not used for the purposes outlined in sections (b)-(d) above, shall be available to be distributed to the holders of Allowed CDN ZAI PD Claims in full and complete satisfaction and payment of their CDN ZAI PD Claims.

**CDN ZAI PD ~~CLAIMS NOTICE AND~~ BAR DATE PROGRAM**

~~21. As an integral part of this Settlement, CCAA Representative Counsel shall agree to the broad-based media CDN ZAI PD Claims Notice Program, with certain further modifications to be made as *agreed to by the Parties* to outline the terms of this Settlement. Grace shall bear the costs of the CDN ZAI PD Claims Notice Program.~~

~~22. Under the CDN ZAI PD Claims Notice Program, *all CDN ZAI PD Claimants* seeking to preserve or pursue CDN ZAI PD Claims will be required to file a proof of claim on or before a CDN ZAI PD Claims Bar Date.~~

23. Only those CDN ZAI PD Claimants who file a proof of claim by the CDN ZAI PD Claims Bar Date (the "**Timely CDN ZAI PD Claims**") *shall be entitled to seek*

21.

22. compensation from theNotwithstanding the CDN ZAI PD Claims Bar Date of August 31, 2009 established by the U.S. Court, *all CDN ZAI PD Claimants* who have filed a proof of claim by December 31, 2009, *shall be entitled to seek* compensation from the CDN ZAI PD Claims Fund, which entitlement shall be determined in accordance with the CDN ZAI PD Claims Procedure.

22. Any CDN ZAI PD Claim that is not a Timelyfiled in accordance with the CDN ZAI PD ClaimClaims Bar Date or paragraph 23 herein, shall be forever barred and expunged.

25. The Parties agree that the order of the U.S. Court approving the CDN ZAI PD Claims Notice Program will provide for a CDN ZAI PD Bar Date that is not earlier than 180 days following substantial completion of the CDN ZAI PD Claims Notice Program.

26. The Parties shall cooperate in their efforts to finalize the form and content of the CDN ZAI PD Claims Notice Program, in accordance with the terms of the Settlement, to allow Grace to submit a motion for the approval of the Notice Program to the U.S. Court within 30 days of the execution of these Minutes by all Parties. CCAA Representative Counsel shall support this motion as well as any

motion before the CCAA Court to recognize and implement the CDN ZAI PD Claims Notice Program in Canada.

27. CCAA Representative Counsel shall be entitled to seek the Information Orders in accordance with the *Privacy Act* and if such Orders are granted and the Crown provides the Information, Grace shall use the Information to provide actual and direct notice to the extent possible as a result of the disclosure of the Information as well as any other Canadian homes known or believed to contain ZAI in the possession of CCAA Representative Counsel.

24. 25. 28. Grace shall not oppose any motions for the Information Orders or related relief sought by CCAA Representative Counsel against the Crown.

**CDN ZAI PD CLAIMS PROCEDURE**

23. 29. CCAA Representative Counsel and the Claims Administrator shall develop and implement the CDN ZAI PD Claims Procedure. The CDN ZAI PD Claims Procedure shall include the following:

(a) CDN ZAI PD Claims shall be submitted initially through the proof of claim form that is part of the CDN ZAI PD Claims Notice Program. The CDN ZAI PD Claims Fund may then require CDN ZAI PD Claimants with Timely CDN ZAI PD Claims (as defined in the First Amended Joint Plan), or claims filed in accordance with paragraph 23 herein, to submit a further questionnaire, a sample of the insulation that forms the basis of the claim or other necessary information in order to determine whether such claim should be allowed and paid by the Fund.;

(b) In order to qualify as an Allowed CDN ZAI PD Claim, a CDN ZAI PD Claimant must prove on a summary basis that:

(i) the dwelling unit for which the CDN ZAI PD Claimant is making a Cclaim was or is insulated with ZAI;

(ii) the CDN ZAI PD Claimant undertook measures and incurred or assumed costs to identify and prove the existence of ZAI, and to remediate the dwelling unit to avoid possible adverse effects to occupants and others of exposure to ZAI;

(i) (ii)

(iii) the CDN ZAI PD Claimant incurred or assumed the costs of identifying ZAI and/or the costs of other measures undertaken to remediate the dwelling unit to avoid possible adverse effects of exposure to ZAI; and

(iv) any other criteria as agreed upon by the CCAA Representative Counsel and the Claims Administrator, with the benefit of advice and consultation from the Qualified Expert as necessary, have been met.

(c) Each CDN ZAI PD Claim shall be categorized, administered, quantified and paid, if applicable, through the CDN ZAI PD Claims Procedure as follows:

(i) Category I - NO ZAI AND/OR NO REMEDIAL MEASURES -- NO COMPENSATION - the CDN ZAI PD Claimant fails to prove the existence of ZAI and/or fails to prove that costs were incurred or assumed to identify and/or fails to prove that costs were incurred or assumed to remediate the dwelling unit to avoid possible adverse effects to occupants and others of exposure to ZAI. All Category I claims will be disallowed by the Claims Administrator. Category I claims shall be disallowed in full;

(ii) Category II - ZAI IDENTIFICATION AND MINOR REMEDIAL MEASURES -- 50% OF THE COSTS OF REMEDIAL MEASURES UP TO CDN $300.00 - the CDN ZAI PD Claimant proves the existence of ZAI, proves that costs were incurred or assumed to identify and prove the existence of ZAI, and proves that costs were incurred or assumed for minor remedial measures undertaken to the dwelling unit to avoid possible risks of exposure to ZAI to occupants and others;

(iii) Category III -- ZAI IDENTIFICATION AND MAJOR REMEDIAL MEASURES -- 50% OF THE COSTS OF REMEDIAL MEASURES UP TO CDN$600.00 - the CDN ZAI PD Claimant proves the existence of ZAI, proves that costs were incurred or assumed to identify and prove the existence of ZAI, and proves that costs were incurred or assumed for major remedial measures undertaken to

remediate the dwelling unit to avoid possible adverse effects of exposure to ZAI to occupants and others;

(d) The CCAA Representative Counsel and the Claims Administrator shall act reasonably, in consultation with the Qualified Expert as necessary, to establish and agree upon such other criteria to determine what is necessary to satisfy and establish an Allowed CDN ZAI PD Claim, including, but not limited to establishing specific criteria to determine what constitutes minor or major remedial measures.

24. ~~30.~~ Payments on Allowed CDN ZAI PD Claims shall be as provided for in paragraph 2~~9 above~~5 herein. However:

(a) in the event the Fund does not have enough monies to pay the maximum amount recoverable for Allowed CDN ZAI PD Claims, each CDN ZAI PD Claim shall be paid based upon a pro-rated distribution of each claim in relation to all Allowed CDN ZAI PD Claims made against the CDN ZAI PD Claims Fund. For greater certainty, aside from the Grace Funds, under no circumstances shall the Grace Parties have an obligation to contribute further monies to the Fund; and

(b) if the Fund is not exhausted after the administration of the CDN ZAI PD Claims Procedure is complete, such funds shall be used:

(i) first, to make a further allowance to holders of Allowed CDN ZAI PD Claims on a pro rata basis up to the maximum amount of the Allowed ZAI PD Claim; and

(ii) thereafter, if the Fund has not been exhausted as a result of the further allowance in 20paragraph 25(b)(i) herein, for such charitable or education purposes as the Claims Administrator, in consultation with CCAA Representative Counsel, deems appropriate.

**ENTIRE AGREEMENT**

25. *Each of the Parties acknowledges and agrees that* these Amended and Restated Minutes are:

(a) *subject only to the conditions outlined herein*; and

(b) ~~31. *Each of the Parties acknowledges and agrees that* this Settlement is *subject only to the conditions outlined herein* and is~~ not subject to or conditional upon a settlement of any claims related to ZAI outside of Canada being reached by the Grace Parties, nor shall the terms ~~of~~ ~~it~~herein be affected by any such settlement.

**W.R. GRACE & CO. on its own behalf and on behalf of the other debtors in possession in the chapter 11 cases**

Per: ______________________

Name: Mark A. Shelnitz

Title: VP, Gen. Counsel & Secretary

Per: ______________________

Name:

Title:

**GRACE CANADA, INC.**

Per: ______________________

Name: W. Brian McGowan

Title: President

Per: ______________________

Name:

Title:

**SCARFONE HAWKINS LLP on its own behalf and, in its capacity as representative counsel, on behalf all holders of CDN ZAI Claims**

Per: ______________________

Name: ~~Matthew G. Moloci~~David Thompson

Title: Partner

Per: ______________________

Name:

Title:

~~-22-~~
22

66

**LAUZON BÉLANGER S.E.N.C.R.L. on its own behalf and, in its capacity as representative counsel, on behalf all holders of CDN ZAI Claims**

Per: ______________________

Name: ~~Careen~~Michel ~~Hannouche~~Bélanger

Title: Lawyer

Per: ______________________

Name:

Title:

~~Error! Unknown document property name.~~

APPENDIX "A"

**DEFINED TERMS**

"**Actions**" has the meaning ascribed to it in paragraph 3;

""**Allowed CDN ZAI PD Claims**"" means a Timely CDN ZAI PD Claims allowed by the Claims Administrator pursuant to the CDN ZAI PD Claims Procedure;

""**Canadian Settlement Approval**"" means the Order of the CCAA Court of October 17, 2008 as described in paragraph 13(b) and all appeal periods of such Order shall have expired and no appeal shall be pending or outstanding6;

""**CCAA Court**"" means the Ontario Superior Court of Justice;

""**CCAA Representative Counsel**"" means Lauzon Belanger S.E.N.C.R.L. and Scarfone Hawkins LLP in their capacity as representative counsel to the Canadian ZAI Claimants pursuant to an Order of the CCAA Court made on February 8, 2006;

"**CCAA Representative Counsel's Claims**" means the Chapter 11 claims of the CCAA Representative Counsel, identified as claims nos. 17754, 17753 and 17764 filed on April 7, 2006 against the Chapter 11 estates of Grace;

"

"**CDN ZAI Claimants**"" means CDN ZAI PD Claimants and CDN ZAI PI Claimants.;

"

"**CDN ZAI Claims**"" means Canadian ZAI PI Claims and Canadian ZAI PD Claims.;

""**CDN ZAI PD Claimants**"" means a holder of a CDN ZAI PD Claim;

""**CDN ZAI PD Claims**"" means claims arising out of or in any way connected to property damages arising, directly or indirectly, from the manufacture, sale or distribution of ZAI in Canada as more particularly defined in the First Amended Joint Plan and includes, without limitation all past, present and future claims against the Grace Parties described in or arising from the Actions, including any ZAI PD Claims asserted or to be asserted by the Crown;

""**CDN ZAI PD Claims Bar Date**"" means the date set out in the CDN ZAI PD Claims Notice Program by which CDN ZAI PD Claims must be filed in order to qualify as Timely CDN PD Claims or else be forever barred and extinguished;

""**CDN ZAI PD Claims Fund**"" or the ""**Fund**"" means the fund to be established for the administration, adjudication and distribution of funds with respect to CDN ZAI PD Claims;

""**CDN ZAI PD Claims Notice Program**"" means the broad-based media program for CDN ZAI PD Claims currently contained within the Bar Date and Notice program Grace filed with

the Bankruptcy Court on March 18, 2008 [Docket No. 18328] as amended on April 10, 2008 [Docket No. 18495] and May 23, 2008 [Docket No. 18784];

""**CDN ZAI PD Claims Procedure**"" means procedures established by the Claims Administrator and the CCAA Representative Counsel for the Fund to review, administer, adjudicate and pay Allowed CDN ZAI PD Claims as appropriate;

""**CDN ZAI PI Claimants**"" means holders of CDN ZAI PI Claims;

""**CDN ZAI PI Claims**"" means claims arising out of or in any way connected to personal injuries arising, directly or indirectly, from the manufacture, sale or distribution of ZAI in Canada and as more particularly defined in the First Amended Joint Plan and includes, without limitation, all past, present and future claims against the Grace Parties described in or arising from the Actions set out in Appendix "B";

~~"**Claimant**" means a holder of a CDN ZAI PD Claim or a CDN ZAI PI Claim as the case may be;~~

""**Claims Administrator**"" means a person appointed by CCAA Representative Counsel and approved by the U.S. Court to administer the Fund in accordance with this Settlement and any subsequent Fund administration agreement or other related document;

""**Crown**"" means the Attorney General of Canada (Her Majesty the Queen in Right of Canada);

~~"**Crown's ZAI PD Claims**" means the Chapter 11 claims of the Crown, identified as claim nos. 17613 and 17656 filed by the Crown against the Chapter 11 estates of Grace on January 30 and 31, 2006;~~
"**First Amended Joint Plan**" means Grace's First Amended Joint Plan of Reorganization *under Chapter 11 of the Bankruptcy Code* filed in Grace's Chapter 11 cases or any subsequent version thereof;

~~"**Fee Order**" shall have the meaning ascribed to it in paragraph 14;~~
"**Grace**" *means W. R. Grace & Co. and its 61 U.S. subsidiaries filed under the Chapter 11 cases;*

""**Grace Canada**"" means Grace Canada, Inc.~~"**Grace Funding Conditions**" has the meaning ascribed to it in paragraph 16;~~
~~"**Grace Funds**" has the meaning ascribed to it in paragraph 9;~~

""**Grace Parties**"" means Grace, Sealed Air (Canada) Co./CIE, Sealed Air Corporation, Cryovac, Inc. and Grace Canada and each of their parent corporations, subsidiary corporations, joint ventures, affiliates, sister corporations, and any and all of their past, present, and future agents, servants, officers, directors, employees, predecessors, successors, assigns, heirs, executors, administrators, legal representatives, beneficiaries and insurers;

~~"**Grace**" *means W. R. Grace & Co. and its 61 U.S. subsidiaries filed under the Chapter 11 cases;*~~

**"Information Orders"** means one or more orders of the CCAA Court, the U.S. Court or another court of competent jurisdiction enabling or directing the Crown to disclose the Information;

**"Information"** means:

(a) the addresses from the EnerGuide Program or EnerGuide for Houses Retrofit Incentive Program database whose dwellings are listed as containing vermiculite attic insulation;

(b) the addresses of the fourteen (14) parties who have been identified as participants in the Canadian Home Insulation Program that indicated that ZAI was installed in their dwelling; and

(c) the names and addresses of Band Officials which are used as points of contact for providing notice of Canada's First Nations peoples; and

(d) other relevant information about the location of ZAI in homes in Canada.

""**Modified Preliminary Injunction**"" means the Order granted to Grace on January 22, 2002, that provided injunctive relief to affiliated entities;

"**Original Settlement**" means the minutes of settlement between the Parties dated September 2, 2008.

""**Parties**"" means CCAA Representative Counsel, Grace and Grace Canada;

**"Plan"** means Grace's plan of reorganization *under Chapter 11 of the Bankruptcy Code* to be prepared and filed in Grace's Chapter 11 cases;

**"Qualified Expert"** has the meaning ascribed to it in paragraph 20(d);

**"Releases"** has the meaning ascribed to it in paragraph 13(b)(iii)

**"Settlement"** means the terms of settlement set out in the Minutes;

**"Timely CDN ZAI PD Claims"** has the meaning ascribed to it in paragraph 23;"

"**U.S. Confirmation Order**" has the meaning ascribed to in paragraph 16(e);" means the Confirmation Order as defined in the First Amended Joint Plan.

""**U.S. Court**"" means the United States Bankruptcy Court for the District of Delaware;

""**ZAI**"" means Zonolite Attic Insulation, which is loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos manufactured and sold by the Grace Parties and installed in homes and buildings that are located in Canada.

**APPENDIX "B"**

**LIST OF ACTIONS IN CANADA**

1. Association des Consommateurs pour la Qualite dans la Construction,

   Viviane BROSSEAU & Leontine ROBERGE-TURGEON v. Attorney General of Canada; Superior Court of Quebec; court no. 500-06-000286-050

2. NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co. et al.; Federal Court of Canada; court no. T-1503-05

3. THUNDERSKY, Raven and BRUCE, Rebecca v. the Attorney General of Canada, W.R. Grace & Co. et al.; Manitoba Queen's Bench; court no. CI04-01-39818

4. Association des Consommateurs pour la Qualite dans la Construction ~~etJeanct~~ Jean-Charles DEXTRAS v. Grace Canada Inc. and Attorney General of Canada; Superior Court of Quebec; court no. 500-06-000258-042

5. NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co. et al.; Superior Court of Quebec; court no. 550-06-000020-058

6. NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co. et al.; Saskatchewan Queen's Bench; court no. 696-2005

7. NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co et al.; Alberta Queen's Bench; court no. 0501-07100

8. NORDICK, Merv et at v. Attorney General of Canada, W.R. Grace & Co et al.; B.C. Queen's Bench; court no. L-052352

9. SPENCER, Ernest et at. v. Attorney General of Canada, W.R. Grace & Co et al.; Ontario Superior Court of Justice; court no. 5-CV-32367

10. SPENCER, Ernest et al. v. Attorney General of Canada, W.R. Grace & Co et al.; Manitoba Queen's Bench; court no. CI-05-01-44628

11. Her Majesty in Right of the Province of Manitoba v. Attorney General of Canada, W.R. Grace & Co et al.; Manitoba Queen's Bench; court no. CI-05-01-41069

# TAB 5

Court File No. 01-CL-4081

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| THE HONOURABLE | ) | TUESDAY, THE 8TH DAY |
|---|---|---|
| JUSTICE MORAWETZ | ) | OF DECEMBER, 2009 |
| | ) | |

**IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF GRACE CANADA, INC.**

**Applicant**

**ORDER**

**THIS MOTION** made by Grace Canada, Inc. (hereinafter referred to as the "Applicant") was heard this day at 330 University Avenue, Toronto, Ontario.

**ON READING** the Applicant's Notice of Motion and Motion Record dated December 1, 2009, including the 32nd Report of the Information Officer dated December 1, 2009, and on hearing the submissions of counsel for the Applicant, and other parties whose names appear on the counsel slip, no one appearing for the other parties served with the Applicant's Motion Record:

1. **THIS COURT ORDERS** that the time for service of the Notice of Motion and the Motion Record is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2. **THIS COURT ORDERS** that the terms not otherwise defined in this Order shall have the meanings attributed to those terms in the amended and restated minutes of settlement dated November 16, 2009 (the "Amended Settlement") among the Applicant and W. R. Grace & Co. and its 61 U.S. subsidiaries filed under the Chapter 11 cases on the one hand, and CDN ZAI Claimants by their representative counsel Lauzon Bélanger

S.E.N.C.R.L. ("Lauzon") and Scarfone Hawkins LLP ("Scarfone" and together with Lauzon, collectively, the "CCAA Representative Counsel") on the other, as are attached hereto as Schedule "A".

3. **THIS COURT ORDERS** that the Amended Settlement supersedes and replaces the Original Settlement and that the Canadian Settlement Approval is of no further force and effect and is replaced by the terms hereof.

4. **THIS COURT ORDERS** that the Amended Settlement is hereby approved. The execution of the Amended Settlement by the Applicant and each CCAA Representative Counsel is hereby authorized and approved, and the Applicant and each CCAA Representative Counsel may take such additional steps to execute such additional documents as may be necessary or desirable for the completion of the transactions contemplated by the Amended Settlement.

5. **THIS COURT ORDERS** that the parties to the Amended Settlement are in all respects bound by the Amended Settlement, including the releases therein.

6. **THIS COURT ORDERS** that any disputes arising with respect to the performance or effect of, or any other aspect of, the Amended Settlement shall be determined by this Court, and that, except with leave of this Court first obtained, no person (including without limitation the Applicant, CCAA Representative Counsel, Grace, the Crown, CDN ZAI Claimants, or otherwise) shall commence or continue any proceeding or enforcement process in any other court or tribunal, with respect to the performance or effect of, or any other aspect of, the Amended Settlement.

7. **THIS COURT ORDERS** that the vote which CCAA Representative Counsel made pursuant to the Original Settlement in favour of the First Amended Joint Plan shall constitute a vote pursuant to the Amended Settlement in favour of the First Amended Joint Plan.

8. **THIS COURT ORDERS** that CCAA Representative Counsel is authorized to vote as proxy and power of attorney for CDN ZAI Claimants in any future vote on the First Amended Joint Plan.

9. **THIS COURT ORDERS** that on the Effective Date (as defined in the First Amended Joint Plan):

   (a) the Grace Parties shall be automatically released from the CDN ZAI Claimants of all claims and causes of action of any kind whatsoever relating to CDN ZAI Claims;

   (b) all CDN ZAI Claims against the Grace Parties be automatically discharged and extinguished; and

   (c) the Actions be permanently stayed until the Actions are amended to remove the Grace Parties as named defendants as provided for in the Amended Settlement.

10. **THIS COURT ORDERS** that nothing in the Amended Settlement precludes CDN ZAI PI Claimants from asserting claims against the Crown, whether now or in the future, for injuries suffered directly or indirectly from the manufacture, sale or distribution of ZAI products in Canada. For greater certainty:

    (a) claims may be pursued by CDN ZAI PI Claimants against the Crown even though they may give rise to CDN ZAI PI Claims by the Crown for contribution, indemnity or otherwise, provided that such CDN ZAI PI Claims by the Crown shall be channelled to the Asbestos Trust (as defined in the First Amended Joint Plan) by the First Amended Joint Plan; and

    (b) no claims may be pursued by CDN ZAI PD Claimants against the Crown that may give rise to CDN ZAI PD Claims.

11. **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States (including all courts in Canada in which the Actions are currently extant (the "Canadian Courts") and the U.S. Court) to give effect to this Order. All courts, tribunals, regulatory and administrative bodies (including the Canadian Courts and the U.S. Court) are hereby respectfully requested to make such orders and to provide such assistance to the

Applicant and CCAA Representative Counsel as may be necessary or desirable to give effect to this Order or to assist them in carrying out the terms of this Order.

12. **THIS COURT HEREBY REQUESTS**, in support of the aid and recognition requested in paragraph 11 of this Order, that upon application of CCAA Representative Counsel, each of the Canadian Courts forthwith dismiss the Action or Actions pending in its Court, without costs, and without the need for further notice or other steps.

# TAB 6

Court File No. 01-CL-4081

**ONTARIO**

**SUPERIOR COURT OF JUSTICE**

**COMMERCIAL LIST**

| | | |
|---|---|---|
| THE HONOURABLE | ) | FRIDAY ~~TUESDAY~~, THE 17th ~~30th~~ DAY |
| | ) | |
| MR. JUSTICE MORAWETZ | ) | OF OCTOBER ~~SEPTEMBER~~, 2008 |

**IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF GRACE CANADA, INC.**

**APPROVAL ORDER**
**(Canadian Settlement Approval)**

THIS MOTION, made by Grace Canada, Inc. (hereinafter referred to as the "Applicant"), for an Order:

(a) abridging the time for service of this motion;

(b) directing that terms not otherwise defined in this Order shall have the meanings attributed to those terms in the minutes of settlement dated September 2, 2008 (the "Minutes") among Grace Canada, Inc. ("Grace Canada" or the "Applicant") and W. R. Grace & Co. and its 61 U.S. subsidiaries filed under the Chapter 11 cases ("Grace") on the one hand, and CDN ZAI Claimants by their representative counsel Lauzon Bélanger S.E.N.C.R.L. ("Lauzon") and Scarfone Hawkins LLP

("Scarfone" and together with Lauzon, collectively, the "CCAA Representative Counsel") on the other, and attached as Schedule "A" hereto;

(c) approving the Minutes and the settlement contained therein;

(d) ordering that the parties to the Minutes are in all respects bound by the Minutes, including the releases therein;

(e) ordering that any disputes arising with respect to the performance or effect of, or any other aspect of, the Minutes shall be determined by this Court, and that, except with leave of this Court first obtained, no person (including without limitation the Applicant, CCAA Representative Counsel, Grace, the Crown, CDN ZAI Claimants, or otherwise) shall commence or continue any proceeding or enforcement process in any other court or tribunal, with respect to the performance or effect of, or any other aspect of, the Minutes;

(f) authorizing CCAA Representative Counsel to vote as proxy and power of attorney for CDN ZAI Claimants on a Grace plan of reorganization under Chapter 11 of the Bankruptcy Code that incorporates the terms of the Minutes (the "Plan");

(g) that on the Effective Date (as such term shall be defined in the Plan),

(i) Grace, Sealed Air (Canada) Co./CIE, Sealed Air Corporation, Cryovac, Inc. and Grace Canada and each of their parent corporations, subsidiary corporations, joint ventures, affiliates, sister corporations, and any and all of their past, present, and future agents, servants, officers, directors, employees, predecessors, successors, assigns, heirs, executors,

administrators, legal representatives, beneficiaries and insurers (collectively, the "Grace Parties") be automatically released from all claims and causes of action of any kind whatsoever relating to CDN ZAI Claims including, without limitation, any claims or causes of actions asserted against the Grace Parties as a result of the CDN ZAI Claims advanced by CCAA Representative Counsel against the Attorney General of Canada (Her Majesty the Queen in Right of Canada) (the "Crown") as a result of which the Crown is or may become entitled to contribution or indemnity from the Grace Parties;

(ii) all CDN ZAI Claims against the Grace Parties be automatically discharged and extinguished; and

(iii) the Actions be permanently stayed until the Actions are amended to remove the Grace Parties as named defendants as provided for in the Minutes;

(h) that all CDN ZAI Claims, whether present or future, suffered directly or indirectly, from the manufacture, sale, or distribution of ZAI products in Canada, against the Crown are not released or in any way affected by the terms of this Settlement, except to the extent released in (g(i)) above; and

(i) extending the Stay Period referred to in paragraphs 4 and 5 of the Initial Order granted on April 4, 2007 pursuant to Section 18.6(4) of the CCAA to April 1, 2009,

was heard this day at 330 University Avenue, Toronto, Ontario.

ON READING the Applicant's Motion Record, including the Affidavit of Richard C. Finke sworn on September 15, 2008 and the 27th Report of the Information Officer dated September 3, 2008, and on hearing the submissions of counsel for the Applicant, CCAA Representative Counsel, counsel for the Crown, counsel for Raven Thundersky, counsel for Sealed Air (Canada) Co./CIE, no one appearing for any other person on the service list, although properly served as appears from the affidavit:

1. THIS COURT ORDERS that the time for service of the Notice of Motion and the Motion Record is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2. THIS COURT ORDERS that terms not otherwise defined in this Order shall have the meanings attributed to those terms in the Minutes.

3. THIS COURT ORDERS that the Minutes and the Settlement contained therein is hereby approved. The execution of the Minutes by the Applicant and each CCAA Representative Counsel is hereby authorized and approved, and the Applicant and each CCAA Representative Counsel may take such additional steps and execute such additional documents as may be necessary or desirable for the completion of the transactions contemplated by the Minutes.

4. THIS COURT ORDERS that the parties to the Minutes are in all respects bound by the Minutes, including the releases therein.

5. THIS COURT ORDERS that any disputes arising with respect to the performance or effect of, or any other aspect of, the Minutes shall be determined by this Court, and that, except with leave of this Court first obtained, no person (including without limitation the

Applicant, CCAA Representative Counsel, Grace, the Crown, CDN ZAI Claimants, or otherwise) shall commence or continue any proceeding or enforcement process in any other court or tribunal, with respect to the performance or effect of, or any other aspect of, the Minutes.

6.     THIS COURT ORDERS that CCAA Representative Counsel is authorized to vote as proxy and power of attorney for CDN ZAI Claimants on the Plan.

7.     THIS COURT ORDERS that on the Effective Date,

(i)     the Grace Parties be automatically released from all claims and causes of action of any kind whatsoever relating to CDN ZAI Claims including, without limitation, any claims or causes of actions asserted against the Grace Parties as a result of the CDN ZAI Claims advanced by CCAA Representative Counsel against the Crown as a result of which the Crown is or may become entitled to contribution or indemnity from the Grace Parties;

(ii)     all CDN ZAI Claims against the Grace Parties be automatically discharged and extinguished; and

(iii)     the Actions be permanently stayed until the Actions are amended to remove the Grace Parties as named defendants as provided for in the Minutes.

8.     THIS COURT ORDERS that all CDN ZAI Claims, whether present or future, suffered directly or indirectly, from the manufacture, sale, or distribution of ZAI products in

Canada, against the Crown are not released or in any way affected by the terms of the Settlement or this Order, except to the extent released in paragraph 7(i) above.

9. THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States (including all courts in Canada in which the Actions are currently extant (the "Canadian Courts") and the U.S. Court) to give effect to this Order. All courts, tribunals, regulatory and administrative bodies (including the Canadian Courts and the U.S. Court) are hereby respectfully requested to make such orders and to provide such assistance to the Applicant and CCAA Representative Counsel as may be necessary or desirable to give effect to this Order or to assist them in carrying out the terms of this Order.

10. THIS COURT HEREBY REQUESTS, in support of the aid and recognition requested in paragraph 9 of this Order, that upon application of CCAA Representative Counsel, each of the Canadian Courts forthwith dismiss the Action or Actions pending in its Court, without costs, and without the need for further notice or other steps.

11. THIS COURT ORDERS that the Stay Period referred to in paragraphs 4 and 5 of the Initial Order be and is hereby extended to April 1, 2009.

12 THIS COURT ORDERS that the stay of proceedings against the Crown granted November 14, 2005 be and is hereby extended to April 1, 2009 subject to any order of this Court granting leave to CCAA Representative Counsel or any other interested party to lift the stay of proceedings

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

OCT 2 4 2008

PER/PAR:

Joanne Nicoara
Registrar, Superior Court of Justice

DOCSTOR: 1536878\3

Schedule "A"

Court File No. 01-CL-4081

*ONTARIO*

SUPERIOR COURT OF JUSTICE

COMMERCIAL LIST

IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF GRACE CANADA, INC.

# CDN ZAI MINUTES OF SETTLEMENT

## OVERVIEW

1. The Parties to these Minutes of Settlement ("**Minutes**") agree to be bound by the following terms.

2. Capitalized terms used herein and not otherwise defined have the meaning ascribed to them in Appendix A.

## BACKGROUND AND PURPOSE

3. Certain of the Grace Parties have been named as defendants in the actions listed in Appendix B (the "**Actions**") in which the plaintiffs therein seek damages for, *inter alia*, CDN ZAI Claims.

4. Pursuant to an Order of the CCAA Court dated November 15, 2005, the Modified Preliminary Injunction of the U.S. Court was recognized in Canada and the Actions were stayed.

5. Pursuant to an Order of the CCAA Court made on February 8, 2006, Lauzon Belanger S.E.N.C.R.L. and Scarfone Hawkins LLP were appointed as CCAA Representative Counsel to represent the interests of, *inter alia*, CDN ZAI Claimants in Canada and, as such, have the authority to enter into the Minutes on behalf of CDN ZAI Claimants.

6. The purpose of the Minutes is to achieve and conclude a full and final resolution of all CDN ZAI Claims against the Grace Parties.

**NO ADMISSION OF LIABILITY**

7. Grace and Grace Canada in agreeing to the Minutes, do not admit liability of any kind in relation to CDN ZAI Claims. The Parties acknowledge that Grace and Grace Canada are entering into these Minutes for settlement purposes only and that nothing in the Minutes constitutes an admission by the Grace Parties that they have any liability under Canadian or US law on account of the presence of or exposure to ZAI or that any person with ZAI in a home in Canada has any valid claim against the Grace Parties under Canadian or US law. By entering into the Settlement, Grace and Grace Canada are not waiving any of their defences to liability. The Parties further acknowledge that none of the Grace Parties who are not signatories hereto have waived any of their defences to liability.

8. The CCAA Representative Counsel, on behalf of the CDN ZAI Claimants, agrees that it will not publicly disparage, impugn or malign the acts or omissions of any

of the other Parties or the Grace Parties who are not signatories hereto with respect to CDN ZAI Claims.

TERMS OF SETTLEMENT WITH GRACE PARTIES

9. On the Effective Date (as that term shall be defined in the Plan), Grace shall contribute the amount of six million five hundred thousand Canadian dollars (CDN$6,500,000) less any amounts that have been paid by Grace pursuant to the Fee Order (the "**Grace Funds**") to the CDN ZAI PD Claims Fund.

10. Grace shall provide in its Plan for the creation of a separate class of CDN ZAI PD Claims and for the establishment of the CDN ZAI PD Claims Fund, which shall administer and make payments in respect of CDN ZAI PD Claims in accordance with the terms of this Settlement.

11. Grace shall provide in its Plan that any CDN ZAI PI Claimant shall be entitled to file his or her claim against the Asbestos Trust to be created for asbestos personal injury claims pursuant to the Plan, the Trust Agreement and the TDP and shall be entitled to payments as provided thereunder. CDN ZAI PI Claimants shall be entitled to the same rights to recover legal fees and expenses as part of their claims against the Asbestos Trust established for payment of Asbestos PI Claims (as defined in the Plan) pursuant to the Plan as all other Asbestos PI Claimants.

12. Pursuant to the Canadian Settlement Approval, CCAA Representative Counsel shall vote, on behalf of CDN ZAI Claimants, in favour of Grace's Plan incorporating this Settlement.

CANADIAN SETTLEMENT APPROVAL

13. Upon execution of the Minutes, Grace shall as soon as reasonably practicable:

(a) advise the U.S. Court of this Settlement; and

(b) bring a motion in the CCAA Court for the Canadian Settlement Approval which shall,

(i) approve the Settlement;

(ii) authorize CCAA Representative Counsel to vote as proxy and power of attorney for CDN ZAI Claimants on the Plan;

(iii) order, on the Effective Date (as such term shall be defined in the Plan), (A) releases in favour of the Grace Parties from the CDN ZAI Claimants of all claims and causes of action of any kind whatsoever relating to CDN ZAI Claims including, without limitation, any claims or causes of actions asserted against the Grace Parties as a result of the CDN ZAI Claims advanced by CCAA Representative Counsel against the Crown as a result of which the Crown is or may become entitled to contribution or indemnity from the Grace Parties; (B) the discharge and extinguishment of all CDN ZAI Claims against the Grace Parties (collectively, the "**Releases**"); and (C) a stay of the Actions until the Actions are amended to remove the Grace Parties as named defendants as provided for herein;

(iv) order that all CDN ZAI Claims, whether present or future, suffered directly or indirectly, from the manufacture, sale, or distribution of ZAI products in Canada, against the Crown are not released or in any way affected by the terms of this Settlement, except to the extent released in Section 13(b)(iii) above. For greater certainty, nothing contained in these Minutes shall serve to discharge, extinguish or release CDN ZAI Claims asserted against the Crown and which claims seek to establish and apportion independent and/or several liability against the Crown; and

(v) address other matters required in order to implement the Settlement.

14. Provided that the Canadian Settlement Approval is obtained, Grace agrees that it will support, to the fullest extent permitted by law, a one time fee application by U.S. counsel to CCAA Representative Counsel to the U.S. Court for the approval and payment of its reasonable attorney's fees and expenses incurred up to the date of these Minutes in connection with the Chapter 11 cases provided that no request shall exceed the amount of US$350,000. In the event that the U.S. Court grants an Order (the "**Fee Order**") approving such application, any amounts paid by Grace to U.S. counsel to CCAA Representative Counsel shall be deducted from the amount payable pursuant to paragraph 20(a) herein.

15. In the event that either the Canadian Settlement Approval or the U.S. Confirmation Order is not obtained, this Settlement will be considered to be null and void.

**CONDITIONS OF FUNDING**

*Grace Conditions to Funding*

16. The Grace Parties' obligation to contribute the Grace Funds is subject to the following conditions (the "**Grace Funding Conditions**"):

(a) The Canadian Settlement Approval shall have been obtained;

(b) The U.S. Court shall have granted an Order approving the CDN ZAI PD Claims Notice Program on the terms set out herein, which shall, *inter alia*, provide for the CDN ZAI PD Claims Bar Date, which Order shall have been recognized by the CCAA Court;

(c) The Plan shall incorporate the terms of this Settlement and such other matters required to implement the Settlement and shall include, in particular, the discharge and extinguishment of all CDN ZAI Claims against the Grace Parties;

(d) CCAA Representative Counsel shall have voted in favour of the Plan; and

(e) all conditions of Plan implementation being satisfied, including the issuance of: (i) a Final Order (as such term shall be defined in the Plan) approving confirmation of the Plan (the "**U.S. Confirmation Order**"); and (ii) an Order of the CCAA Court (and the time for any appeal with respect to such Order shall have expired and no appeal shall be pending or outstanding) recognizing and implementing the U.S. Confirmation Order in Canada.

17.    Upon payment of the Grace Funds:

   (a)    All CDN ZAI Claims against the Grace Parties shall be forever disallowed
          and expunged;

   (b)    CCAA Representative Counsel shall cause the Actions to be amended
          such that no CDN ZAI Claims are asserted against the Grace Parties as
          named defendants; and

   (c)    CDN ZAI Claimants shall no longer have recourse in respect of CDN ZAI
          PD Claims against the Grace Parties, but shall have recourse only to the
          CDN ZAI PD Claims Fund. Thereafter none of the Grace Parties shall
          have any liability for the CDN ZAI Claims whatsoever, and, for greater
          certainty, no CDN ZAI Claimant shall have any further recourse against
          any of the Grace Parties.

18.    In the event that (a) the U.S. Confirmation Order is not granted prior October 31,
       2009; or (b) the Plan, as confirmed, does not reflect the terms of this Settlement,
       then this Settlement shall be considered null and void.

       **PRESERVATION OF CDN ZAI CLAIMS AGAINST THE CROWN**

19.    All CDN ZAI Claims, whether present or future, suffered directly or indirectly,
       from the manufacture, sale, or distribution of ZAI products in Canada, against the
       Crown are not released or in any way affected by the terms of this Settlement,
       except to the extent released in Section 13(b)(iii) above. For greater certainty,
       nothing contained in these Minutes shall serve to discharge, extinguish or

release CDN ZAI Claims asserted against the Crown and which claims seek to establish and apportion independent and/or several liability against the Crown.

**USE OF FUNDS IN THE CDN ZAI PD CLAIMS FUND**

20. The CDN ZAI PD Claims Fund shall be used for the following purposes and the funds shall be distributed as follows:

(a) On the Effective Date, two million Canadian dollars (CDN$2,000,000) less any amounts paid by Grace pursuant to a Fee Order, shall be paid to CCAA Representative Counsel in respect of legal fees and disbursements;

(b) On the Effective Date, two hundred fifty thousand Canadian dollars (CDN$250,000) shall be set aside by the Fund to pay CCAA Representative Counsel in respect of future legal fees and disbursements incurred for the purposes of carrying out their duties in respect of the CDN ZAI PD Claims Notice Program and the CDN ZAI PD Claims Procedure, which legal fees and disbursements shall be paid upon application to and approval by the CCAA Court;

(c) The Fund shall be authorized to pay a Claims Administrator up to eight hundred fifty thousand Canadian dollars (CDN$850,000) for fees and disbursements incurred for the purposes of administering the CDN ZAI PD Claims Procedure and the Fund;

(d) The Fund shall be authorized to pay up to one hundred fifty thousand Canadian dollars (CDN$150,000) to a qualified expert to be jointly

selected by CCAA Representative Counsel and the Claims Administrator to provide expert and consulting services to assist in establishing procedures for the identification of ZAI, remedial measures that might be undertaken by a CDN ZAI PD Claimant and the development of the CDN ZAI PD Claims Procedure (the "**Qualified Expert**"); and

(e) The remainder of the monies in the Fund plus interest earned therein and any monies not used for the purposes outlined in sections (b)-(d) above, shall be available to be distributed to the holders of Allowed CDN ZAI PD Claims in full and complete satisfaction and payment of their CDN ZAI PD Claims.

**CDN ZAI PD CLAIMS NOTICE AND BAR DATE PROGRAM**

21. As an integral part of this Settlement, CCAA Representative Counsel shall agree to the broad-based media CDN ZAI PD Claims Notice Program, with certain further modifications to be made as agreed to by the Parties to outline the terms of this Settlement. Grace shall bear the costs of the CDN ZAI PD Claims Notice Program.

22. Under the CDN ZAI PD Claims Notice Program, all CDN ZAI PD Claimants seeking to preserve or pursue CDN ZAI PD Claims will be required to file a proof of claim on or before a CDN ZAI PD Claims Bar Date.

23. Only those CDN ZAI PD Claimants who file a proof of claim by the CDN ZAI PD Claims Bar Date (the "**Timely CDN ZAI PD Claims**") shall be entitled to seek

compensation from the Fund, which entitlement shall be determined in accordance with the CDN ZAI PD Claims Procedure.

24. Any CDN ZAI PD Claim that is not a Timely CDN ZAI PD Claim shall be forever barred and expunged.

25. The Parties agree that the order of the U.S. Court approving the CDN ZAI PD Claims Notice Program will provide for a CDN ZAI PD Bar Date that is not earlier than 180 days following substantial completion of the CDN ZAI PD Claims Notice Program.

26. The Parties shall cooperate in their efforts to finalize the form and content of the CDN ZAI PD Claims Notice Program, in accordance with the terms of the Settlement, to allow Grace to submit a motion for the approval of the Notice Program to the U.S. Court within 30 days of the execution of these Minutes by all Parties. CCAA Representative Counsel shall support this motion as well as any motion before the CCAA Court to recognize and implement the CDN ZAI PD Claims Notice Program in Canada.

27. CCAA Representative Counsel shall be entitled to seek the Information Orders in accordance with the *Privacy Act* and if such Orders are granted and the Crown provides the Information, Grace shall use the Information to provide actual and direct notice to the extent possible as a result of the disclosure of the Information as well as any other Canadian homes known or believed to contain ZAI in the possession of CCAA Representative Counsel.

28. Grace shall not oppose any motions for the Information Orders or related relief sought by CCAA Representative Counsel against the Crown.

**CDN ZAI PD CLAIMS PROCEDURE**

29. CCAA Representative Counsel and the Claims Administrator shall develop and implement the CDN ZAI PD Claims Procedure. The CDN ZAI PD Claims Procedure shall include the following:

(a) CDN ZAI PD Claims shall be submitted initially through the proof of claim form that is part of the CDN ZAI PD Claims Notice Program. The Fund may then require CDN ZAI PD Claimants with Timely CDN ZAI PD Claims to submit a further questionnaire, a sample of the insulation that forms the basis of the claim or other necessary information in order to determine whether such claim should be allowed and paid by the Fund.

(b) In order to qualify as an Allowed CDN ZAI PD Claim, a CDN ZAI PD Claimant must prove on a summary basis that:

(i) the dwelling unit for which the CDN ZAI PD Claimant is making a Claim was or is insulated with ZAI;

(ii) the CDN ZAI PD Claimant undertook measures and incurred or assumed costs to identify and prove the existence of ZAI, and to remediate the dwelling unit to avoid possible adverse effects to occupants and others of exposure to ZAI;

(iii) the CDN ZAI PD Claimant incurred or assumed the costs of identifying ZAI and/or the costs of other measures undertaken to remediate the dwelling unit to avoid possible adverse effects of exposure to ZAI; and

(iv) any other criteria as agreed upon by the CCAA Representative Counsel and the Claims Administrator, with the benefit of advice and consultation from the Qualified Expert as necessary, have been met.

(c) Each CDN ZAI PD Claim shall be categorized, administered, quantified and paid, if applicable, through the CDN ZAI PD Claims Procedure as follows:

(i) Category I – NO ZAI AND/OR NO REMEDIAL MEASURES – NO COMPENSATION – the CDN ZAI PD Claimant fails to prove the existence of ZAI and/or fails to prove that costs were incurred or assumed to identify and/or fails to prove that costs were incurred or assumed to remediate the dwelling unit to avoid possible adverse effects to occupants and others of exposure to ZAI. All Category I claims will be disallowed by the Claims Administrator. Category I claims shall be disallowed in full;

(ii) Category II – ZAI IDENTIFICATION AND MINOR REMEDIAL MEASURES – 50% OF THE COSTS OF REMEDIAL MEASURES UP TO CDN $300.00 – the CDN ZAI PD Claimant proves the

existence of ZAI, proves that costs were incurred or assumed to identify and prove the existence of ZAI, and proves that costs were incurred or assumed for minor remedial measures undertaken to the dwelling unit to avoid possible risks of exposure to ZAI to occupants and others;

(iii) Category III – ZAI IDENTIFICATION AND MAJOR REMEDIAL MEASURES – 50% OF THE COSTS OF REMEDIAL MEASURES UP TO CDN$600.00 – the CDN ZAI PD Claimant proves the existence of ZAI, proves that costs were incurred or assumed to identify and prove the existence of ZAI, and proves that costs were incurred or assumed for major remedial measures undertaken to remediate the dwelling unit to avoid possible adverse effects of exposure to ZAI to occupants and others;

(d) The CCAA Representative Counsel and the Claims Administrator shall act reasonably, in consultation with the Qualified Expert as necessary, to establish and agree upon such other criteria to determine what is necessary to satisfy and establish an Allowed CDN ZAI PD Claim, including, but not limited to establishing specific criteria to determine what constitutes minor or major remedial measures.

30. Payments on Allowed CDN ZAI PD Claims shall be as provided for in paragraph 29 above. However:

(a) in the event the Fund does not have enough monies to pay the maximum amount recoverable for Allowed CDN ZAI PD Claims, each CDN ZAI PD Claim shall be paid based upon a pro-rated distribution of each claim in relation to all Allowed CDN ZAI PD Claims made against the CDN ZAI PD Claims Fund. For greater certainty, aside from the Grace Funds, under no circumstances shall the Grace Parties have an obligation to contribute further monies to the Fund; and

(b) if the Fund is not exhausted after the administration of the CDN ZAI PD Claims Procedure is complete, such funds shall be used:

(i) first, to make a further allowance to holders of Allowed CDN ZAI PD Claims on a pro rata basis up to the maximum amount of the Allowed ZAI PD Claim; and

(ii) thereafter, if the Fund has not been exhausted as a result of the further allowance in 29(b)(i), for such charitable or education purposes as the Claims Administrator, in consultation with CCAA Representative Counsel, deems appropriate.

31. Each of the Parties acknowledges and agrees that this Settlement is subject only to the conditions outlined herein and is not subject to or conditional upon a settlement of any claims related to ZAI outside of Canada being reached by the Grace Parties nor shall the terms of it be affected by any such settlement.

**W. R. GRACE & CO. on its own behalf and on behalf of the other debtors in possession in the Chapter 11 cases**

Per: [signature]
Name: Mark A. Shelnitz
Title: VP, Gen. Counsel & Secretary

Per: ______________________
Name:
Title:

**GRACE CANADA, INC.**

Per: [signature]
Name: W. Brian McGowan
Title: President

Per: ______________________
Name:
Title:

**SCARFONE HAWKINS LLP on its own behalf and, in its capacity as representative counsel, on behalf all holders of CDN ZAI Claims**

Per: ______________________
Name:
Title:

Per: ______________________
Name:
Title:

**W. R. GRACE & CO. on its own behalf and on behalf of the other debtors in possession in the Chapter 11 cases**

Per: ______________________________

Name:

Title:

Per: ______________________________

Name:

Title:

**GRACE CANADA, INC.**

Per: ______________________________

Name:

Title:

Per: ______________________________

Name:

Title:

**SCARFONE HAWKINS LLP on its own behalf and, in its capacity as representative counsel, on behalf all holders of CDN ZAI Claims**

Per: [signature]

Name: Matthew G. Moloci

Title: Partner    September 1, 2008

Per: ______________________________

Name:

Title:

**LAUZON BELANGER S.E.N.C.R.L. on its own behalf and, in its capacity as representative counsel, on behalf all holders of CDN ZAI Claims**

Per: ______________________
Name: CAREEN HANNOUCHE
Title: LAWYER August 31, 2008

Per: ______________________
Name:
Title:

## APPENDIX A

## DEFINED TERMS

**"Actions"** has the meaning ascribed to it in paragraph 3;

**"Allowed CDN ZAI PD Claims"** means a Timely CDN ZAI PD Claims allowed by the Claims Administrator pursuant to the CDN ZAI PD Claims Procedure;

**"Canadian Settlement Approval"** means the Order of the CCAA Court as described in paragraph 13(b) and all appeal periods of such Order shall have expired and no appeal shall be pending or outstanding;

**"CCAA Court"** means the Ontario Superior Court of Justice;

**"CCAA Representative Counsel"** means Lauzon Belanger S.E.N.C.R.L. and Scarfone Hawkins LLP in their capacity as representative counsel to the Canadian ZAI Claimants pursuant to an Order of the CCAA Court made on February 8, 2006;

**"CCAA Representative Counsel's Claims"** means the Chapter 11 claims of the CCAA Representative Counsel, identified as claims nos. 17754, 17753 and 17764 filed on April 7, 2006 against the Chapter 11 estates of Grace;

**"CDN ZAI Claimants"** means CDN ZAI PD Claimants and CDN ZAI PI Claimants.

**"CDN ZAI Claims"** means Canadian ZAI PI Claims and Canadian ZAI PD Claims.

**"CDN ZAI PD Claimants"** means a holder of a CDN ZAI PD Claim;

**"CDN ZAI PD Claims"** means claims arising out of or in any way connected to property damages arising, directly or indirectly, from the manufacture, sale or distribution of ZAI in Canada as more particularly defined in the Plan and includes, without limitation all past, present and future claims against the Grace Parties described in or arising from the Actions, including any ZAI PD Claims asserted or to be asserted by the Crown;

**"CDN ZAI PD Claims Bar Date"** means the date set out in the CDN ZAI PD Claims Notice Program by which CDN ZAI PD Claims must be filed in order to qualify as Timely CDN PD Claims or else be forever barred and extinguished;

**"CDN ZAI PD Claims Fund"** or the **"Fund"** means the fund to be established for the administration, adjudication and distribution of funds with respect to CDN ZAI PD Claims;

**"CDN ZAI PD Claims Notice Program"** means the broad-based media program for CDN ZAI PD Claims currently contained within the Bar Date and Notice program Grace filed with the Bankruptcy Court on March 18, 2008 [Docket No. 18328] as amended on April 10, 2008 [Docket No. 18495] and May 23, 2008 [Docket No. 18784];

**"CDN ZAI PD Claims Procedure"** means procedures established by the Claims Administrator and the CCAA Representative Counsel for the Fund to review, administer, adjudicate and pay Allowed CDN ZAI PD Claims as appropriate;

**"CDN ZAI PI Claimants"** means holders of CDN ZAI PI Claims;

**"CDN ZAI PI Claims"** means claims arising out of or in any way connected to personal injuries arising, directly or indirectly, from the manufacture, sale or distribution of ZAI in Canada and as more particularly defined in the Plan and includes, without limitation, all past, present and future claims against the Grace Parties described in or arising from the Actions set out in Appendix B;

**"Claimant"** means a holder of a CDN ZAI PD Claim or a CDN ZAI PI Claim as the case may be;

**"Claims Administrator"** means a person appointed by CCAA Representative Counsel and approved by the U.S. Court to administer the Fund in accordance with this Settlement and any subsequent Fund administration agreement or other related document;

**"Crown"** means the Attorney General of Canada (Her Majesty the Queen in Right of Canada);

**"Crown's ZAI PD Claims"** means the Chapter 11 claims of the Crown, identified as claim nos. 17613 and 17656 filed by the Crown against the Chapter 11 estates of Grace on January 30 and 31, 2006;

**"Fee Order"** shall have the meaning ascribed to it in paragraph 14;

**"Grace Canada"** means Grace Canada, Inc.

**"Grace Funding Conditions"** has the meaning ascribed to it in paragraph 16;

**"Grace Funds"** has the meaning ascribed to it in paragraph 9;

**"Grace Parties"** means Grace, Sealed Air (Canada) Co./CIE, Sealed Air Corporation, Cryovac, Inc. and Grace Canada and each of their parent corporations, subsidiary corporations, joint ventures, affiliates, sister corporations, and any and all of their past, present, and future agents, servants, officers, directors, employees, predecessors, successors, assigns, heirs, executors, administrators, legal representatives, beneficiaries and insurers;

**"Grace"** means W. R. Grace & Co. and its 61 U.S. subsidiaries filed under the Chapter 11 cases;

**"Information Orders"** means one or more orders of the CCAA Court, the U.S. Court or another court of competent jurisdiction enabling or directing the Crown to disclose the Information;

"**Information**" means:

(a) the addresses from the EnerGuide Program or EnerGuide for Houses Retrofit Incentive Program database whose dwellings are listed as containing vermiculite attic insulation;

(b) the addresses of the fourteen (14) parties who have been identified as participants in the Canadian Home Insulation Program that indicated that ZAI was installed in their dwelling; and

(c) the names and addresses of Band Officials which are used as points of contact for providing notice of Canada's First Nations peoples; and

(d) other relevant information about the location of ZAI in homes in Canada.

"**Modified Preliminary Injunction**" means the Order granted to Grace on January 22, 2002, that provided injunctive relief to affiliated entities;

"**Parties**" means CCAA Representative Counsel, Grace and Grace Canada;

"**Plan**" means Grace's plan of reorganization under Chapter 11 of the Bankruptcy Code to be prepared and filed in Grace's Chapter 11 cases;

"**Qualified Expert**" has the meaning ascribed to it in paragraph 20(d);

"**Releases**" has the meaning ascribed to it in paragraph 13(b)(iii)

"**Settlement**" means the terms of settlement set out in the Minutes;

"**Timely CDN ZAI PD Claims**" has the meaning ascribed to it in paragraph 23;

"**U.S. Confirmation Order**" has the meaning ascribed to in paragraph 16(e);

"**U.S. Court**" means the United States Bankruptcy Court for the District of Delaware;

"**ZAI**" means Zonolite Attic Insulation, which is loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos manufactured and sold by the Grace Parties and installed in homes and buildings that are located in Canada.

APPENDIX B

LIST OF ACTIONS IN CANADA

1. Association des Consommateurs pour la Qualité dans la Construction,

   Viviane BROSSEAU & Léontine ROBERGE-TURGEON v. Attorney General of Canada; Superior Court of Québec; court no. 500-06-000286-050

2. NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co. et al.; Federal Court of Canada; court no. T-1503-05

3. THUNDERSKY, Raven and BRUCE, Rebecca v. the Attorney General of Canada, W.R. Grace & Co. et al.; Manitoba Queen's Bench; court no. CI04-01-39818

4. Association des Consommateurs pour la Qualité dans la Construction etJean-Charles DEXTRAS v. Grace Canada Inc. and Attorney General of Canada; Superior Court of Québec; court no. 500-06-000258-042

5. NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co. et al.; Superior Court of Québec; court no. 550-06-000020-058

6. NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co. et al.;Saskatchewan Queen's Bench; court no. 696-2005

7. NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co et al.; Alberta Queen's Bench; court no. 0501-07100

8. NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co et al.; B.C. Queen's Bench; court no. L-052352

9. SPENCER, Ernest et al. v. Attorney General of Canada, W.R. Grace & Co et al.; Ontario Superior Court of Justice; court no. 5-CV-32367

10. SPENCER, Ernest et al. v. Attorney General of Canada, W.R. Grace & Co et al.; Manitoba Queen's Bench; court no. C1-05-01-44628

11. Her Majesty in Right of the Province of Manitoba v. Attorney General of Canada, W.R. Grace & Co et al.; Manitoba Queen's Bench; court no. C1-05-01-41069

IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED AND IN THE MATTER OF GRACE CANADA, INC

Court File No: 01-CL-4081

*ONTARIO*
SUPERIOR COURT OF JUSTICE

Proceeding commenced at Toronto

ORDER

OGILVY RENAULT LLP
Barristers & Solicitors
Suite 3800, PO Box 84
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario M5J 2Z4

DERRICK C. TAY
LSUC #21152A
Tel: 416.216.4832
Fax: 416.216.3930

ORESTES PASPARAKIS
LSUC # 36851T
Tel: 416.216.4815
Fax: 416.216.3930

Solicitors for the Applicant

DOCSTOR: 1348568\5