# EXHIBIT "5"

Court File No. 01-CL-4081

SUPERIOR COURT OF JUSTICE

COMMERCIAL LIST

IN THE MATTER OF S. 18.6 OF THE *COMPANIES'*

*CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36,

AS AMENDED

AND IN THE MATTER OF GRACE CANADA, INC.

31st REPORT OF RICHARD C. FINKE

INFORMATION OFFICER

October 6, 2009

## INTRODUCTION AND PURPOSE

1.      The Information Officer's 31st Report is intended to provide an update on the affairs of the Company, the U.S. Debtors and the U.S. Proceedings for the period from June 19, 2009, to September 30, 2009.[1]

## BACKGROUND

2.      The background to these proceedings is included in the previous reports filed with the Canadian Court and is therefore not repeated in detail in this 31st Report.

3.      The stay period in Canada is currently set to expire on March 1, 2010.

## CURRENT STATUS OF U.S. PROCEEDINGS

4.      Since the commencement of the U.S. Proceedings, the U.S. Debtors have had to address, amongst other issues: (a) Asbestos Property Damage Claims; (b) ZAI Claims; and (c) asbestos personal injury claims.

---

[1]      Unless stated otherwise, the defined terms have the meaning ascribed to them in Appendix "A". The information contained in this report has been received from sources believed by the Information Officer to be reliable. The Information Officer has not otherwise independently verified such information as to its accuracy or completeness. The reader is cautioned that this report may not disclose all significant matters about the Company (as defined herein). Accordingly, this report does not express an opinion or provide any other form of assurance on the information presented herein. The Information Officer may refine or alter his observations as further information is obtained or is brought to his attention after the date of this report.

This report is made solely to inform and advise the Court of the progress of the Company during these proceedings. The Information Officer assumes no responsibility or liability for any loss or damage occasioned by any party as a result of the circulation, publication, reproduction or use of this report. Any use that any party makes of this report, or any reliance on or decisions to be made based on it, is the responsibility of such party.

DOCSTOR: 1771288\3

- 2 -

*Asbestos Property Damage Claims*

5.      Historically, the U.S. Debtors had faced litigation claims arising out of the use of certain building products (a spray-on fireproofing sold as Monokote-3 and spray-on acoustical plasters) that contained commercially added asbestos. In order to address these claims, the U.S. Debtors implemented a claims bar process in both the U.S. and Canada. As of September 30, 2009, there are 53 remaining Asbestos Property Damage Claims that are outstanding and being disputed by the U.S. Debtors.

*U.S. Zonolite® Attic Insulation Claims*

6.      At the June 2, 2008 omnibus hearing, Judge Fitzgerald ordered a bar date of October 31, 2008, with respect to the U.S. ZAI Claims. As of the bar date, 16,218 U.S. ZAI Claims were filed with the claims processing agent.

7.      On November 21, 2008, the U.S. Debtors, the Equity Committee, the U.S. ZAI claimants and the PD Future Claimants Representative reached an agreement in principle to settle all present and future U.S. ZAI Claims. On April 1, 2009, the U.S. Court entered an order giving final approval to the settlement.

*Personal Injury Claims*

8.      The U.S. Debtors reached an agreement in principle with the PI Committee, the Equity Committee and the PI Future Claimants Representative to settle all present and future asbestos-related personal injury claims. The settlement is subject to confirmation of the First Amended Plan as described further below.

- 3 -

## CHAPTER 11 PLAN

*The Plan*

9.       The U.S. Debtors filed the First Amended Plan and Disclosure Statement on February 27, 2009, along with updated financial projections and an updated best interest analysis.

10.      As reported earlier, the voting deadline on the First Amended Plan was May 20, 2009, at 4:00 pm, prevailing Eastern Time.  The results of the voting were that holders of at least two-thirds in amount and more than one-half in number (or for classes voting for Section 524(g) purposes, at least 75% in number) of claims voting in each impaired class have voted to accept the First Amended Plan.    The votes of creditors in class 9, which is unimpaired, were provisionally solicited and provisionally tabulated.  More than one-half in number of claims voting in class 9 voted to accept the First Amended Plan, but the provisional vote did not obtain the requisite two-thirds dollar amount for acceptance.

11.      The Honourable Judith K. Fitzgerald of the U.S Court is holding the confirmation hearing (the "**U.S Confirmation Hearing**") on the First Amended Plan in two phases as follows:

       (a)      Phase I, relating to impairment issues of the bank lenders and insurance neutrality was heard on June 22-24, 2009;

       (b)      Phase II, on all other issues, was heard on September 8-17, 2009, but did not conclude.  It is schedule to continue on October 13-14, 2009.

12.      It is currently anticipated that post-trial briefs will be filed on the confirmation matters in November, 2009 and closing arguments on confirmation will occur in the first week of January, 2010.

- 4 -

13.     If the U.S. Court is satisfied that the First Amended Plan meets all confirmation requirements as outlined in section 1129 of the U.S. Bankruptcy Code, it is anticipated that the U.S. Court will enter a confirmation order (the "**U.S. Confirmation Order**").

## CURRENT STATUS OF CANADIAN PROCEEDINGS

### *The Settlement*

14.     On September 2, 2008, the U.S. Debtors, the Company and Representative Counsel executed the minutes of settlement resolving all Canadian ZAI Claims (the "**Settlement**"). On October 17, 2008, the Canadian Court entered an order approving the Settlement. According to its terms, the Settlement will become null and void if the U.S. Confirmation Order is not granted by October 31, 2009.

15.     On October 20, 2008, the U.S. Court established a proof of claim bar date of August 31, 2009, for Canadian ZAI property damage claims. By the bar date, 13,095 Canadian ZAI property damage claims were filed.

16.     Given that the U.S. Confirmation Hearing will likely not conclude until January 2010, it appears that the Settlement will become null and void. However, the Company is engaged in on-going discussions with Representative Counsel with respect to an extension of the Settlement deadline.

Dated as of this *6TH* day of October, 2009.

*Richard C. Finke*

**INFORMATION OFFICER**

DOCSTOR: 1771288\3

## APPENDIX "A"

| | |
|---|---|
| **Asbestos Property Damage Claims** | means claims arising out of the use of Monokote-3 and acoustical plaster products which contained commercially added asbestos |
| **Canadian Court** | means the Ontario Superior Court of Justice |
| **Canadian Proceedings** | means these proceedings commenced in Canada by the Company on April 4, 2001, under the *Companies' Creditors Arrangement Act*, R.S., 1985, c. C-36 |
| **Company** | means Grace Canada, Inc. |
| **Disclosure Statement** | means the disclosure statement filed with the First Amended Plan by U.S. Debtors with the U.S. Court |
| **Equity Committee** | means the Official Committee of Equity Security Holders |
| **First Amended Plan** | means the amended proposed plan of reorganization filed with the Disclosure Statement by U.S. Debtors with the U.S. Court on February 27, 2009 |
| **PD Future Claimants Representative** | means the representative of future asbestos-related property damage claimants |
| **PI Future Claimants Representative** | means the representative of future asbestos-related personal injury claimants |
| **Information Officer** | means the Company representative appointed by the Canadian Court to provide information to the Canadian Court quarterly on the Company, the U.S. Debtors and the U.S. Proceedings |
| **PI Committee** | means the Official Committee of Asbestos Personal Injury Claimants |
| **Representative Counsel** | means Lauzon Belanger S.E.N.C.R.L. and Scarfone Hawkins LLP |
| **U.S. Court** | means the United States Bankruptcy Court for the District of Delaware |
| **U.S. Debtors** | means W. R. Grace and 61 of its U.S. subsidiaries that filed for protection in the U.S. Proceedings |
| **U.S. Proceedings** | means the proceedings commenced before the U.S. Court by the U.S. Debtors' filing of voluntary petitions for protection under Chapter 11 of the U.S. Bankruptcy Code |
| **ZAI** | means Zonolite Attic Insulation |
| **ZAI Claims** | means claims for property damage and personal injury as a result of ZAI |

IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED
AND IN THE MATTER OF GRACE CANADA, INC.

Court File No: 01-CL-4081

*ONTARIO*
SUPERIOR COURT OF JUSTICE

Proceeding commenced at Toronto

31st REPORT OF RICHARD C. FINKE
INFORMATION OFFICER

OGILVY RENAULT LLP
Barristers & Solicitors
Royal Bank Plaza, South Tower
Suite 3800, 200 Bay Street
Toronto, Ontario M5J 2Z4

DERRICK C. TAY
LSUC #21152A
Tel:    416.216.4832
Fax:    416.216.3930

ORESTES PASPARAKIS
LSUC #36851T
Tel:    416.216.4815
Fax:    416.216.3930

Lawyers for Grace Canada, Inc.

DOCSTOR: 1771258\3