# EXHIBIT "8"

Court of Appeal File No.:
Court File No.: 01-CL-4081

## COURT OF APPEAL FOR ONTARIO

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c.C-36 AS AMENDED
AND IN THE MATTER OF GRACE CANADA INC.

### NOTICE OF MOTION FOR LEAVE TO APPEAL

THE ATTORNEY GENERAL OF CANADA ("AG Canada") will make a motion to the court which will be heard in writing 36 days after service of the motion record and factum of the AG Canada or on the filing of the AG Canada's reply factum, if any, whichever is earlier, pursuant to sections 13 and 14 of the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended ("CCAA").

PROPOSED METHOD OF HEARING: The motion is to be in writing.

THE MOTION IS FOR:

1. leave to appeal to the Court of Appeal for Ontario from the Order of Mr. Justice Morawetz made December 13, 2009;

2. costs of this motion; and

3. such further and other relief as counsel may request and this Honourable Court may permit.

THE GROUNDS FOR THE MOTION ARE:

4. on April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of title 11, United States Bankruptcy Code (the "US

- 2 -

Bankruptcy Proceedings"). The Debtors continue to operate their businesses and manage their properties as debtors in possession;

5. on November 14, 2005, as a result of the commencement of the class action proceedings in Canada, the Debtors sought and were granted an order pursuant to s. 18.6(4) of the *Companies' Creditors Arrangement Act* (the "CCAA") by the Ontario Superior Court of Justice (Commercial List), acting as an ancillary court (the "CCAA Proceedings"), giving effect in Canada to the stay of proceedings granted by the US Court, staying proceedings and prohibiting the commencement or continuation of any asbestos related suits against Grace and Canada without further order of the CCAA court;

6. there are currently ten class actions in which the Crown has been sued that have been filed across Canada concerning claims that relate to the cost of removal, diminution of property value or economic loss allegedly caused by Zonolite Attic Insulation ("ZAI") manufactured by the Debtors. The Debtors, and or its affiliated companies are co-defendants with the Crown in all but the first of these class actions, which are as follows:

   (a) *Viviane Brosseau et al v. Attorney General of Canada*, Superior Court of Quebec, District of Montréal, 500-06-000266-050 (no claim against the Grace companies);

   (b) *Dextras et al v. Attorney General of Canada, W.R. Grace & Co. et al*, Superior Court of Quebec, District of Montréal, 500-06-000258-042;

   (c) *Raven Thundersky et Rebecca Bruce v. Attorney General of Canada, W.R. Grace & Co.*, Court of Queen's Bench of Manitoba (the "Thundersky case");

   (d) *Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al*, Federal Court, Saskatchewan;

   (e) *Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al*, Court of Queen's Bench of Saskatchewan;

   (f) *Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al*, Court of Queen's Bench of Alberta;

   (g) *Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al*, Supreme Court of British Colombia;

- 3 -

    (h) *Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al.* Province of Quebec, District of Hull;

    (i) *Ernest Spencer et al. v. Attorney General of Canada, W.R. Grace & Co. et al.* Court of Queen's Bench of Manitoba; and

    (j) *Ernest Spencer et al. v. Attorney General of Canada, W.R. Grace & Co. et al.* Ontario Superior Court of Justice

7. in the aforementioned class actions, the proposed representative class action plaintiffs seek to represent all Canadians who have suffered past or will suffer future property damage and personal injury due to exposure to ZAI and allege, among other things, that the Crown has breached a duty to warn;

8. an action has also been instituted by the Province of Manitoba, *Her Majesty The Queen in the Right of the Province of Manitoba v. Attorney General of Canada, W.R. Grace & Co. et al.*, Court of Queen's Bench of Manitoba. The Province of Manitoba has sued the Crown and the Grace as manufacturer of ZAI for the cost of insured health services paid or to be paid to the named plaintiffs in the Thundersky case and all other persons determined to be class members in the Thundersky case;

9. in the event that the Crown and the Debtors are held jointly and severally liable to the Canadian ZAI Claimants, the Crown seeks contribution and indemnification from the Debtors. On or about January 31, 2006, the Crown filed an "Asbestos Property Damage Proof of Claim Form" and a "Non-Asbestos Proof of Claim Form" against the Debtors in the US Bankruptcy Proceedings;

10. in addition to the Crown's claim for contribution and indemnification, the Crown also has direct claims against the Debtors in respect of costs incurred to seal attics and otherwise remediate ZAI installed in Crown owned properties in homes built on military bases and Native reserves.

11. on February 8, 2006, Justice Farley of the Ontario Superior Court (the "CCAA Court") made two orders in respect of the capacity of the CCAA Representative Counsel. The first order appointed Lauzon Bélanger S.E.N.C.R.L. and Scarfone

- 4 -

Hawkins, LLP to act as representative counsel ("CCAA Rep Counsel") on behalf of all persons who have, or at any time in the future may have, a claim arising out of or in any way connected to damages or loss suffered, directly or indirectly, from the manufacture, sale or distribution of ZAI products in Canada (the "Canadian ZAI Claimants") "to negotiate *on behalf of* the Canadian Claimants *with* the Applicant, the Crown, and the U.S. Debtors, the Affiliated Entities and any other person or entity" (the "CCAA Representative Counsel Order").

12. the CCAA Court has also ordered a stay of all proceedings, including claims against the Crown, relating to or arising from ZAI.

13. on September 2, 2008, the Debtors and the CCAA Rep Counsel entered into Minutes of Settlement (the "Settlement") to *resolve all Canadian ZAI claims* ("CDN ZAI Claims") as against the Debtors, which settlement included a release of all CDN ZAI Claims against the Crown that would give right to claims for contribution or indemnity against the Debtors while preserving only the CDN Claimants' right to pursue so-called 'independent' or several claims against the Crown (the "2008 Settlement");

14. on October 17, 2008, Justice Morawetz released his decision approving of the 2008 CDN ZAI Settlement as "fair and reasonable" and specifically found that CCAA Rep Counsel had the authority to, and did in fact negotiate on behalf of the Crown and negotiate away the Crown's claim for contribution and/or indemnity given that the 2008 CDN ZAI Settlement released all claims against the Crown upon finding there was "nothing left" and thus no prejudice caused to the Crown (the "Crown Release");

15. in reliance upon the approval of the 2008 Settlement, the Crown withdrew from active participation in the US Bankruptcy Proceedings;

16. by its own terms, the 2008 CDN ZAI Settlement expired on October 31, 2008 as a result of US Confirmation of the Joint Plan having not been obtained by that date;

17. on November 17, 2009, the Debtors distributed a copy of the Amended and Restated Minutes of Settlement dated November 16, 2009 negotiated between Grace and CCAA Rep Counsel in which Grace from all liability for CDN ZAI Claims but reinstates the CDN ZAI claimants' right to pursue the Crown, not just for any alleged several liability of the Crown, but also all joint liability alleged to be shared with Grace and channels the Crown claim for claim over for contribution and indemnity to the Asbestos PI Trust Fund (the 2009 Restated Settlement);

18. the Crown was not invited to participate in the settlement negotiations and was not given any prior notice of the CCAA Rep Counsel's intention to no longer negotiate for the Crown Release;

19. the Crown was entitled to rely on the CCAA Rep Counsel, Counsel appointed by the CCAA Court, to negotiate in good faith, on the Crown's behalf or alternatively, the Crown was entitled to advance notice from the CCAA Rep Counsel of its intention to not represent the Crown's interest so that the Crown could take steps to minimize the prejudice caused by the CCAA Rep Counsel reversal of its position with respect to the Crown Release;

20. the evidentiary portion of the US Confirmation Hearings had now closed with final argument scheduled for January 4 and 5th, 2010 in Pittsburgh, Pennsylvania;

21. on December 13, 2009, the Justice Morawetz released his endorsement approving the 2008 Settlement with reasons to follow;

22. on December 14, 2009, Judge Fitzgerald of the US Bankruptcy Court ordered the Crown to deliver Objections to the Joint Plan and to participate in the January 25, 2010 omnibus hearing in order to schedule the hearing of the Crown Plan Objections;

23. the approval of the Restated Settlement results in unfair and unequal treatment of the Crown as a CDN ZAI PI Claimant;

24. the Restated Settlement has and will continue to cause prejudice to the Crown;

- 6 -

25. the proposed appeal raises questions of legal importance involving the test for approving material settlements prior to US Court Confirmation and CCAA Court Sanction of a Plan of Restructuring;

26. the proposed appeal raises legal issues respecting Representation Orders made in restructuring proceedings and what duties flow from such orders;

27. the proposed appeal is of significance to the practice;

28. the proposed appeal is of significance to the action itself;

29. the appeal is *prima facie* meritorious;

30. the appeal will not hinder the progress of the proceedings as the US Court has ruled that it will not await the outcome of the prosecution of the Crown's appeal rights before proceeding with the hearing of the Crown Objections to the Third Set of Modifications to the Joint Plan of Reorganization;

31. *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended sections 6, 11, 13, 14, and 18.1;

32. *Rules of Civil Procedure* 1.04(1), 61.03.1(1) and (2);

33. the Crown reserves the right to amend this Notice of Motion for Leave to Appeal after receipt of the reasons for decision of Justice Morawetz; and

34. such further and other grounds as counsel may advise and this Court permit.

- 7 -

THE FOLLOWING DOCUMENTARY EVIDENCE will be used at the hearing of the motion:

1. relevant excerpts from the record before Justice Morawetz;

2. the Order of Justice Morawetz dated December 13, 2009;

3. the Reasons for Decision of Justice Morawetz which have not yet been released; and

4. such further and other material as counsel may advise and this Court permit.

December 22, 2009

Department of Justice
Ontario Regional Office
The Exchange Tower
130 King Street West
Suite 3400, Box 36
Toronto, Ontario
M5X 1K6

Per: Jacqueline Dais-Visca
Tel: (416) 952-6010
Fax: (416) 973-0809
Law Society No.: 35834I

Per : Nathalie Drouin
Tel: (514) 283-8117
Fax: (514) 283-3856
Law Society No.: 184774-1

Lawyers for the Moving Party,
The Attorney General of Canada

TO:      OGILVY RENAULT LLP
Barristers and Solicitors
Suite 3800, 200 Bay Street
Royal Bank Plaza, South Tower
Toronto, Ontario  M5J 2Z4

DERRICK C. TAY
dtay@ogilvyrenault.com
Tel: (416) 216-4832
Fax: (416) 216-3830

ORESTES PASPARAKIS
opasparakis@ogilvyrenault.com
Tel: (416) 216-4815
Fax: (416) 216-3930

Lawyers for Grace Canada Inc.

AND TO:  ERNST & YOUNG INC.
Ernst & Young Tower, 16th Floor
Toronto-Dominion Centre, P.O.Box 251
Toronto, Ontario  M5K 1J7

MURRAY A. McDONALD
murray.a.mcdonald@ca.ey.com
Tel : (416) 943-3016
Fax: (416) 943-3300

ERNST & YOUNG INC.
800, boul. René-Lévesque Ouest
Bureau 1900
Montréal, Québec  H3B 1X9

JEAN DANIEL BRETON
jean-daniel.breton@ca.ey.com
Tel : (514) 875-6060
Fax: (514) 879-2600

The Monitor

AND TO:  Service List Attached

# Schedule "A"

Court of Appeal File No.
Court File No : 01-CL-4081

## COURT OF APPEAL FOR ONTARIO

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,*
R.S.C. 1985, c.C-36 AS AMENDED
AND IN THE MATTER OF GRACE CANADA INC.

### SERVICE LIST

TO:     OGILVY RÉNAULT LLP
        Barristers and Solicitors
        Suite 3800, 200 Bay Street
        Royal Bank Plaza, South Tower
        Toronto, Ontario  M5J 2Z4

        DERRICK C. TAY
        dtay@ogilvyrenault.com
        Tel: (416) 216-4832
        Fax: (416) 216-3830

        ORESTES PASPARAKIS
        opasparakis@ogilvyrenault.com
        Tel: (416) 216-4815
        Fax: (416) 216-3930

        Lawyers for Grace Canada Inc.

AND TO: ERNST & YOUNG INC.
        Ernst & Young Tower, 16th Floor
        Toronto-Dominion Centre, P.O. Box 251
        Toronto, Ontario  M5K 1J7

        MURRAY A. McDONALD
        murray.a.mcdonald@ca.ey.com
        Tel: (416) 943-3016
        Fax: (416) 943-3300

        The Monitor

Court of Appeal File No.:
Court File No.: 01-CL-4081

## COURT OF APPEAL FOR ONTARIO

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT
R.S.C. 1985 c.C-36 AS AMENDED
AND IN THE MATTER OF GRACE CANADA INC.

### SERVICE LIST

TO: OGILVY RENAULT LLP
Barristers and Solicitors
Suite 3800, 200 Bay Street
Royal Bank Plaza, South Tower
Toronto, Ontario M5J 2Z4

DERRICK C. TAY
dtay@ogilvyrenault.com
Tel: (416) 216-4832
Fax: (416) 216-3930

ORESTES PASPARAKIS
opasparakis@ogilvyrenault.com
Tel: (416) 216-4815
Fax: (416) 216-3930

Lawyers for Grace Canada Inc.

AND TO: ERNST & YOUNG INC.
Ernst & Young Tower, 16th Floor
Toronto-Dominion Centre, P.O. Box 251
Toronto, Ontario M5K 1J7

MURRAY A. McDONALD
murray.a.mcdonald@ca.ey.com
Tel: (416) 943-3016
Fax: (416) 943-3300

The Monitor

2

AND TO:  ERNST & YOUNG INC.
         800 boul. René-Lévesque Ouest
         Bureau 1900
         Montréal, Québec  H3B 1X9

         JEAN DANIEL BRETON
         jean-daniel.breton@ca.ey.com
         Tel: (514) 875-6060
         Fax: (514) 879-2600

         The Monitor

AND TO:  AIKINS, MacAULAY & THORVALDSON LLP
         30th Floor, 360 Main Street
         Winnipeg, Manitoba  R3C 4G1

         KEITH J. FERBERS
         kjf@aikins.com
         Tel: (204) 957-4691
         Fax: (204) 957-4269

         Lawyers for Raven Thundersky and Rebecca Bruce

AND TO:  MERCHANT LAW GROUP
         c/o Eau Claire Place II
         #340 – 521 Third Ave. S.W.
         Calgary, Alberta  T2P 3T3

         EVATT MERCHANT
         emerchant@merchantlaw.com
         Tel: (403) 237-9777
         Fax: (403) 237-9775

AND TO:  THE SCOTT LAW GROUP, P.S.
         926 W. Sprague Ave, Suite 680
         Spokane, WA  99201

         DARRELL W. SCOTT
         darrellscott@mac.com
         Tel: (509) 455-3968
         Fax: (509) 455-3906

AND TO:   LAUZON BÉLANGER S.E.N.C.
          286 rue St-Paul Ouest, Bureau 100
          Montréal, Québec  H2Y 2A3

          YVES LAUZON
          ylauzon@lauzonbelanger.qc.ca

          MICHEL BÉLANGER
          mbelanger@lauzonbelanger.qc.ca

          CAREEN HANNOUCHE
          careen.hannouche@lauzonbelanger.qc.ca

          Tel. (514) 844-7612
          Fax. (514) 844-7009

          Co-Lawyers for Association Des Consommatuers Pour La Qualité
          Dans La Construction and Jean-Charles Dextras

AND TO:   SCARFONE HAWKINS LLP
          1 James St. S., 14th Flr.
          PO Box 926, Stn. LCD 1
          Hamilton, Ontario  L8N 3P9

          DAVID THOMPSON
          thompson@shlaw.ca

          MATTHEW G. MOLOCI
          moloci@shlaw.ca

          Tel. (905) 523-1333
          Fax: (905) 523-5878

          Co-Lawyers for Association Des Consommatuers Pour La Qualité
          Dans La Construction and Jean-Charles Dextras

Court of Appeal File No.:
Court File No.: 01-CL-4081

IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36 AS AMENDED AND IN THE MATTER OF GRACE CANADA INC.

## COURT OF APPEAL FOR ONTARIO

Proceeding Commenced at Toronto

## NOTICE OF MOTION FOR LEAVE TO APPEAL

Department of Justice Canada
Ontario Regional Office
130 King Street West
Suite 3400, Box 36
Toronto, ON M5X 1K6

Per: Jacqueline Dais-Visca
Tel: (416) 952-6010
Fax: (416) 973-0809
Law Society No.: 358341

Department of Justice Canada
Québec Regional Office
200, Bvd René-Lévesque Ouest
Tour est, 5e étage
Montréal, Québec H2Z 1X4

Per: Nathalie Drouin
Tel: (514) 283-8117
Fax: (514) 283-3856
Law Society No.: 184774-1

Lawyers for the Moving Party,
The Attorney General of Canada