IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Hearing Date: February 16, 2010, at 10:30 a.m.
Objection Deadline: February 5, 2010 at 4:00 p.m.

## MOTION TO APPROVE EMPLOYEE
## BENEFITS CLAIM RESOLUTION PROTOCOL

### INTRODUCTION

The Debtors' claims registers contain approximately 6,935 Claims (the "Employee Benefits Claims") filed by employees, former employees or beneficiaries of employees or former employees (the "Claimants") who are entitled to receive benefits (for each Claimant, his or her "Applicable Employee Benefits") under Grace's existing plans, programs, and policies regarding employee bonuses and other compensation, indemnity agreements or various medical, insurance,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

severance, retiree and other benefits (collectively, the "Grace Benefit Programs").[2] By this Motion, the Debtors seek entry of an order approving a protocol by which the Debtors can efficiently address and dispose of the thousands of open Employee Benefit Claims on its claims register and at the same time notify the Claimants of the preservation of their Applicable Employee Benefits.

According to the Debtors' books and records (which include those of third-party vendors retained to administer certain Grace Benefit Programs), each Claimant has been receiving his or her Applicable Employee Benefits since the Petition Date pursuant to applicable orders of this Court. The Debtors intend to continue paying all such Applicable Employee Benefits through the remainder of their chapter 11 cases and thereafter. None of the Claimants therefore will have allowable claims for Applicable Employee Benefits accruing or that will otherwise become payable prior to the Grace's emergence from these bankruptcy cases.

Further, the Plan provides that, upon its consummation (the date thereof being the "Effective Date"), the Reorganized Debtors will assume the Grace Benefit Programs. Each Claimant will thereafter continue to receive all of his or her Applicable Employee Benefits pursuant to the terms and conditions of the applicable Grace Benefit Programs. Claimants will

---

[2] Capitalized terms not defined in this Motion shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization* (the "Plan") in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873 and 21594.

For purposes of this Motion, the Employee Benefits Claims do not include claims related to or arising from amounts payable or contractual entitlement to benefits accruing pursuant to certain voluntary supplemental pension programs referred to in Plan § 9.3.1. These claims and amounts unpaid during the pendency of the chapter 11 cases pursuant to this Court's order, docket no. 559, limiting such payments, will be dealt with separately.

As set forth in Plan §§ 9.1.1 & 9.1.2, the Grace Benefit Programs (and thus the Applicable Employee Benefits) are subject to amendment, modification or termination under the terms of the applicable compensation or benefit plan, other agreement, or applicable non-bankruptcy law—a limitation that existed prior to Grace's bankruptcy and while Grace is in bankruptcy, and which will continue to exist after Grace emerges from bankruptcy (the "Non-Bankruptcy Limitation")

therefore not have any allowable claims as of the Effective Date for any Applicable Employee Benefits accruing or otherwise becoming payable after the Effective Date.

The Debtors submit that, for these reasons, each of the Employee Benefits Claims should be disallowed. This motion (the "Employee Disallowance Protocol Motion") requests the Court approve a protocol (the "Employee Benefits Claims Resolution Protocol") for objecting to the Employee Benefits Claims and the notices associated therewith. Upon the Court's entry of an order approving the Employee Benefits Claims Resolution Protocol, the Debtors will then file an omnibus objection to the Employee Benefits Claims, requesting their disallowance on the basis discussed above.

The Employee Benefits Claim Resolution Protocol will provide appropriate procedural safeguards for Claimants during this claims disallowance process. The protocol also permits the Debtors to avoid the expense and delay of having to individually object to the 6,935 Employee Benefits Claims when the Claimants' substantive rights are not being affected by the Plan or the Debtors' chapter 11 cases, and the basis for objecting to each such claim is identical. In particular:

- Each Claimant will receive an individualized notice (the "Benefit Continuation Notice") substantially in the form attached to the form of Protocol Order as <u>Exhibit 1</u> stating that: (a) the Claimant will continue to receive all Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) after the Effective Date; and (b) the Claimant's Employee Benefits Claim will be disallowed as of the Effective Date;

- The Benefit Contribution Notice will contain an explanation of the Non-Bankruptcy Limitation (i.e., Grace's right to modify or otherwise amend the Grace Benefit Programs under the terms of the applicable compensation or benefit plan, other agreement, or applicable non-bankruptcy law);

- The Benefit Continuation Notice will provide Claimants with points of contact via mail, telephone, fax and e-mail to whom they can direct any questions or concerns that they may have regarding his or her Applicable Employee Benefits;

- The Benefit Continuation Notice will provide each Claimant with a means of filing a written response to the Debtors' objection to his or her Employee Benefits Claim on or before a response deadline to be established by the Protocol Order;

- The Debtors will address each written response to the above-described notice individually with the respective Claimant to attempt to resolve the issues raised in that written response;

- The Debtors will file a report with the Court prior to any hearing addressing the resolution of each written response; and

- The Debtors may file a reply to any remaining unresolved written responses to the extent necessary.

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicate for this Motion are section 502 of the Bankruptcy Code, Fe.R.Bankr.P. 3007 and Del. Bankr. L.R. 3007-1.

### EMPLOYEE BENEFITS CLAIM RESOLUTION PROTOCOL

I. **BACKGROUND**

A. **Wages Order**

3. On the Petition Date, the Debtors filed a motion, docket no. 19 (the "Wages Motion"), requesting authority to continue operating under the Debtors' "existing employee compensation, indemnity agreements, and benefit plans, programs, and policies and to pay unpaid compensation and other obligations" (the "Employee Obligations") arising therefrom. On April, 2, 2001, the Court entered an order (the "Wages Order"), authorizing the Debtors to pay Employee Obligations (as defined in the Wages Motion) in accordance with the Debtors' stated policies and to continue to operate under those policies at their sole discretion.

**B.    The Employee Benefits Claims**

4.     By an order dated April 22, 2002, docket no. 1963 (the "Bar Date Order"), the Bankruptcy Court established a bar date of March 31, 2003, (the "Bar Date") as the last date for filing proofs of claim for all prepetition non-asbestos Claims. The Bar Date Order specifically required current and former employees to file any Claims they may have had for Applicable Employee Benefits.

5.     The Debtors determined that approximately 6,935 filed claims are Employee Benefits Claims by matching an employee's name and social security number or other identifying characteristic such as the employee's or claiming beneficiary's name contained in the Debtors' books and records with the relevant information contained in the Employee Benefits Claims (including the Claimant's name and/or social security number, as applicable).

**C.    The Plan's Treatment of Employee Benefit Obligations**

6.     Plan § 3.1.3 provides that Employee Benefits Claims are unimpaired pursuant to the treatment provided for in Plan §§ 9.3.1 & 9.3.2. The Plan defines Employee Benefits Claims to include:

> all Claims, including accrued but unpaid pension Claims from the Petition Date, for compensation or benefits arising out of the Claimants' employment with the Debtors, but only to the extent and amount provided for under a written benefit plan sponsored by the Debtors. Workers' Compensation Claims, Asbestos Claims, and other Claims asserted by current or former employees are not Employee Benefits Claims. Further, any Claim for damages or other relief asserted by a current or former employee that is not for compensation or benefits in an amount permitted pursuant to the Debtors' written benefit plans is not an Employee Benefits Claim.

Plan § 1.1 (definition 102).

7.     Plan §§ 9.3.1 and 9.3.2 provide that, upon the Effective Date and pursuant to the terms of the Plan, the Reorganized Debtors will assume the Grace Benefit Programs, subject to

5

the Non-Bankruptcy Limitation set forth in Plan §§ 9.3.1 and 9.3.2. Specifically, Plan § 9.3.1 provides that:

> From and after the Effective Date, the Reorganized Debtors intend to continue their existing employee compensation, indemnity agreements, and benefit plans, programs, and policies, and to cure any defaults that may exist under such agreements, plans, programs, and policies, including payment of the Debtors' voluntary supplemental pension payments which were limited during the pendency of these Chapter 11 Cases, subject to any rights to amend, modify, or terminate such benefits under the terms of the applicable compensation and benefit plan, other agreement, or applicable nonbankruptcy law.

Plan § 9.3.1 (hereinafter, the "Employee Benefits").

Plan § 9.3.2 provides that:

> From and after the Effective Date, the Reorganized Debtors intend to continue to pay retiree benefits (as defined in section 1114(a) of the Bankruptcy Code) and any similar health, disability, or death benefits in accordance with the terms of the retiree benefit plans or other agreements governing the payment of such benefits, subject to any rights to amend, modify, or terminate such benefits under the terms of the applicable retiree benefits plan, other agreement, or applicable nonbankruptcy law.

(hereinafter, the "Retiree Benefits", which together with the Employee Benefits, comprise the Grace Benefit Programs as defined above, and the benefits arising therefrom that are payable to employees, former employees and their beneficiaries, as the case may be, are the Applicable Employee Benefits).

**D.     On the Effective Date, There Will Be No Allowable Employee Benefits Claims**

7.     The Debtors' books and records show that, as of the date of this motion, there are no unpaid Applicable Employee Benefits. The Debtors have continued to honor all Employee Obligations (as that term is defined in the Wages Motion) by paying all Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) and will continue to do so through the

Effective Date. Therefore, no Claimant will have any allowable claim for Applicable Employee Benefits accruing prior to the Effective Date.

8.  As outlined above, Plan §§ 9.3.1 and 9.3.2 provide that, upon the Effective Date and pursuant to the terms of the Plan, the Reorganized Debtors will assume the Grace Benefit Programs, subject to the Non-Bankruptcy Limitation. Claimants therefore will not have any allowable claims for Applicable Employee Benefits accruing or otherwise becoming payable after the Effective Date.

## II. THE EMPLOYEE BENEFITS CLAIM RESOLUTION PROTOCOL

9.  The Debtors therefore propose that the Court approve the following Employee Benefits Claim Resolution Protocol, which the Debtors propose using in objecting to the Employee Benefits Claims. The Debtors submit that the protocol, and the Benefit Continuation Notice, will ensure that Claimants are notified that the disallowance of their Employee Benefits Claims will not affect their Applicable Employee Benefits. The Benefit Continuation Notice also will provide Claimants with clear instructions for how to file written responses to the proposed disallowance of their claims if they believe that they need to do so.

### A. Omnibus Objection to Employee Benefits Claims

10.  The Debtors propose to file an omnibus objection (the "Objection") to all 6,935 Employee Benefits Claims on or before April 1, 2010. The Debtors request the Court waive the 150 claim per objection limit set forth in Del. Bankr. L.R. 3007-1(f)(i). This Court has previously approved such waivers, permitting the Debtors to group identical or substantially similar objections to the same type of claims in order to more efficiently address those claims. *See e.g., Case Management Order for the Adjudication of Asbestos Property Damage Claims*, dated August 29, 2005, docket no. 9300.

### B. Individualized Benefit Continuation Notice to Each Claimant

11. Upon filing the Objection, the Debtors propose sending a Benefit Continuation Notice, substantially in the form attached to the Protocol Order as <u>Exhibit 1</u>, to each Claimant to notify the Claimant of the pending objection to his or her Employee Benefit Claim(s). A copy of the proof of claim (or each such proof of claim if there is more than one) filed by the Claimant will be attached to the Claimant's Benefit Continuation Notice.

12. The Benefit Continuation Notice shall provide each Claimant with:

- An explanation that the Claimant will continue to receive all Applicable Employee Benefits after the Effective Date pursuant to the Plan's assumption of the Grace Benefit Programs, and that the disallowance of the Claimant's Employee Benefits Claim therefore will not affect his or her post-Effective Date Applicable Employee Benefits;

- An explanation that the Claimant's Applicable Employee Benefits are subject to the Non-Bankruptcy Limitation;

- An explanation that procedurally, the Claimant's Employee Benefits Claim must be disallowed as a matter of applicable bankruptcy law because the Claimant will have received all Applicable Employee Benefits accruing and payable on or before the Effective Date, and will continue to receive his or her Applicable Employee Benefits after the Effective Date pursuant to the Plan's assumption of the Grace Benefit Programs;

- An explanation that if the Plan is not confirmed or is otherwise withdrawn and any subsequent chapter 11 plan of reorganization does not provide for assumption of the Grace Benefit Programs on substantially the same terms set forth in Plan §§ 9.1.1 and 9.1.2, then the order disallowing the Employee Benefits Claims shall be void and the Claimants' Employee Benefits Claims will be reinstated for all purposes;

- Procedures for filing a written response to the Debtors' objection to the Claimant's Employee Benefits Claim and for resolving issues raised by any such written response; and

- Contact information for Claimants who have questions about their benefits but do not wish to file a written response.

### C. Claims Resolution Process

13. The Debtors request the Court approve in the Protocol Order the following deadlines and dates:


- The Objection shall be filed on or before March 1, 2010;

- Written responses for Claimants wishing to object to the disallowance of their Employee Benefits Claims must be postmarked on or before April 16, 2010;

- The Debtors shall thereafter promptly file any such written responses on the docket;

- The Debtors shall file a report on the status of resolving each of the written responses on or before June 25, 2010;

- The Debtors shall have leave to file a reply to the written responses on or before June 25, 2010; and

- The Court shall hear the Objection, any written responses thereto and the Debtors' reply (if any) at the omnibus hearing currently scheduled for July 12, 2010.

### RELIEF REQUESTED

14. The Debtors request the Court enter an order substantially in the form attached hereto as Exhibit A (the "Protocol Order"):

- Approving the Employee Benefits Claim Resolution Protocol;

- Setting the hearing date and various deadlines as proposed in the Employee Benefits Claim Resolution Protocol; and

- Granting the Debtors' motion to waive Del. Bankr. L.R. 3007-1(f)(i) regarding limits on the number of claims that may be objected to in a single motion.

### NO PREVIOUS MOTION

15. No previous motion for the relief sought herein has been made to this or any other court.

### NO BRIEFING SCHEDULE

16. The Debtors respectfully submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Del. Bankr. L.R. 1001-1(b), the

Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

## NOTICE

17.    Notice of this Motion has been given to: (i) the office of the United States Trustee; (ii) counsel to the DIP Lender; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; and (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully seek: (i) the entry of an order substantially in the form attached hereto as <u>Exhibit A</u> approving the Employee Benefits Claim Resolution Protocol; and (ii) granting such other relief as may be appropriate.

Dated: January 15, 2010

KIRKLAND & ELLIS LLP
Theodore L. Freedman
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

and
THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and
PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(302) 652-4100
(302) 652-4400
Co-Counsel for the Debtors and Debtors-in-Possession