**IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **IN RE:** | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO.,** *et. al.*, | ) | **Case No. 01-01139 (JKF)** |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | **Re: Docket Nos. 24031, 24032, 24130 & 24132** |
| | ) | **Hearing Date: January 25, 2010 @ 10:30 a.m.** |

**THE CCAA REPRESENTATIVE COUNSEL'S REPLY TO THE OBJECTION
OF HER MAJESTY THE QUEEN IN RIGHT OF CANADA [DOCKET NO. 24132] AND TO
THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE'S RESPONSE
[DOCKET NO. 24130] TO (I) THE CANADIAN ZAI CLAIMANTS' APPLICATION
PURSUANT TO SECTIONS 105, 327, 1102(a)(2), AND 1109, OR ALTERNATIVELY,
SECTION 503 OF THE BANKRUPTCY CODE FOR APPOINTMENT OF SPECIAL
COUNSEL NUNC PRO TUNC TO SEPTEMBER 1, 2008 AND
(II) THE APPLICATION PURSUANT TO SECTIONS 105, 327, 1102(a)(2), AND 1109
OF THE BANKRUPTCY CODE AUTHORIZING RETENTION NUNC PRO TUNC
OF DANIEL K. HOGAN, ESQ., AS COUNSEL TO THE REPRESENTATIVE COUNSEL
FOR THE CANADIAN ZAI CLAIMANTS**

Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP, CCAA Representative Counsel,

("Representative Counsel"), by and through undersigned counsel, respectfully file this reply to the

Objection of Her Majesty the Queen in Right of Canada [Docket No. 24132] and to the Response of

The Asbestos PI Future Claimants' Representative [Docket No. 24130] To (I) The Canadian ZAI

Claimants' Application Pursuant to Sections 105, 327, 1102(a)(2), and 1109, or Alternatively,

Section 503 of the Bankruptcy Code for the Appointment of Special Counsel Nunc Pro Tunc to

September 1, 2008 [Docket No. 24031] and (II) The Application Pursuant to Sections 105, 327,

1102(a)(2), and 1109 of the Bankruptcy Code Authorizing Retention Nunc Pro Tunc of Daniel K.

Hogan, Esq., As Counsel to the Representative Counsel for the Canadian ZAI Claimants [Docket

No. 24032] and states as follows:

## BRIEF STATEMENT

1.     On January 8, 2010, the CCAA Court, acting through the Honorable Mr. Justice Morawetz, issued its Endorsement of the Revised and Restated Minutes of Settlement (the "2010 Endorsement") wherein Justice Morawetz rendered that the Amended Minutes of Settlement is "fair and reasonable" and the Amended Minutes of Settlement were approved.  A true and correct copy of the Amended Minutes of Settlement is attached hereto as **Exhibit A.**   The 2010 Endorsement addressed and disposed of many, if not all, of the objections made by the Crown to the Representative Counsel's (I) Application Pursuant to Sections 105, 327, 1102(a)(2), and 1109, or Alternatively, Section 503 of the Bankruptcy Code for the Appointment of Special Counsel Nunc Pro Tunc to September 1, 2008 [Docket No. 24031]; and (II) Application Pursuant to Sections 105, 327, 1102(a)(2), and 1109 of the Bankruptcy Code Authorizing Retention Nunc Pro Tunc of Daniel K. Hogan, Esq., As Counsel to the Representative Counsel for the Canadian ZAI Claimants (hereinafter jointed referred to as the "Applications").   At true and correct copy of the 2010 Endorsement rendered by the Honorable Mr. Justice Morawetz is attached hereto as **Exhibit B.**

## ADDITIONAL BACKGROUND

2.     Upon motion by Grace Canada, The Honorable Mr. Justice Farley ordered, on February 9, 2006, (the "February 9, 2006, Order") the appointment of Representative Counsel, "on behalf of all persons who have, or at any time in the future may have, a claim arising out of or in any way connected to damages or losses suffered, directly or indirectly, from the manufacture, sale or distribution of ZAI products in Canada…". [Emphasis added].   This language is not unambiguous regarding the representation of future claimants by Representative Counsel.  A true and correct copy of the February 9, 2006, Order is attached hereto as **Exhibit C**.

3.      Furthermore, the February 9, 2006, Order states that "the Representative Counsel's powers shall include but not be limited to: …(iv) negotiating on behalf of the Canadian Claimants <u>with</u> the Applicant, <u>The Attorney General of Canada (Her Majesty the Queen of Right of Canada) (the "Crown"),</u> the U.S. Debtors, the Affiliated Entities and any other person or entity;". [Emphasis added].  Justice Farley clearly indicated that Representative Counsel was to work <u>with</u> the Crown, not on behalf of the Crown.

4.      On June 16, 2008, the Canadian ZAI Claimants, through Representative Counsel, filed a Motion for an Order to Establish a Protocol for Cross-Border Communication Between the United States Bankruptcy Court and the CCAA Court [Docket No. 18930].  It is the belief of Representative Counsel, had this motion been granted, and a protocol established, the majority of the issues being objected to by the Crown would have already been dealt with.

5.      On or about November 16, 2009, the Debtors and Representative Counsel acknowledged and agreed to the Amended Minutes of Settlement.  Pursuant to the terms of the Amended Minutes of Settlement, Debtors agree to consent to and support Representative Counsel's application seeking appointment as special counsel for Canadian ZAI Claimants in the U.S. proceeding, retroactively to September 1, 2008, and going forward to the date of the U.S. Confirmation Order.  (See paragraph 16 of the Amended Minutes of Settlement.)

6.      On December 13, 2009, the Honorable Mr. Justice Morawetz released an order approving the Amended Minutes of Settlement and stated that the reasons for his approval would follow.   On January 5, 2010, the Ontario Superior Court of Justice (the "CCAA Court") entered the Order approving the Amended Minutes of Settlement.

7.      On December 21, 2009, Representative Counsel, on behalf of the Canadian ZAI Claimants, filed their application seeking this Court's approval for appointment of Representative Counsel as Special Counsel to the Canadian ZAI Claimants, [Docket No. 24031]; and

Representative Counsel filed their application seeking this Court's approval for the retention of Daniel K. Hogan, Esquire, as counsel to the Representative Counsel, [Docket No. 24032].

8.      On January 8, 2010, the same day the Crown filed its objection and the Asbestos PI Future Claimants' Representative (the "FCR") filed its response, the Honorable Mr. Justice Morawetz issued the 2010 Endorsement wherein he considered, and rejected, the same arguments that the Crown has made to the Applications.

9.      For the reasons stated below, this Court should overrule the Objections and grant the Applications.

## ARGUMENT

10.     The Crown's objections should be overruled because the Crown knew the terms of the Original Settlement having been initially involved in the negotiations in the original minutes of settlement.  The Crown retained its own legal counsel throughout the pendency of the CCAA proceedings and chose to opt out of the negotiations which resulted in the formulation of the original minutes of settlement.  The Crown, due to its initial involvement, also knew the "drop dead date" of October 31, 2009, and chose to rely upon provisions of the Original Settlement which included a release of all CDN ZAI Claims against the Crown.  Although Justice Morawetz released his decision on October 17, 2008, approving the Original Settlement, the Crown was aware that the Original Settlement would not be valid unless the Debtors' Joint Plan was confirmed by October 31, 2009.  As the "drop dead date" approached, it was apparent the Debtors' confirmation order would not be obtained, therefore, rendering the Original Settlement void.  The Crown cannot hold others responsible for the Crown having placed such unjustified reliance upon the continued effectiveness of the Original Settlement.  In fact, in Paragraph 45 of the 2010 Endorsement Judge Morawetz states "The reliance placed on the Original Settlement by the Crown was, in my view, unreasonable in the

circumstances and does not alter the fact that the merits of the Amended Plan should be considered in light of the reality that the Original Settlement no longer exists."

11.    The Crown, Debtors and Representative Counsel were all involved in the negotiations of the Original Settlement.  The Crown states in paragraph 31 of its objection that "It is fundamental law that counsel owe a duty of loyalty to the clients they represent. *See In re Meridian Automotive Systems – Composite Operations, Inc.*, 340 B.R. 740 (D.Del 2006)."  Representative Counsel was never in negotiations on behalf of the Crown and the Crown ultimately declined to participate in the original minutes of settlement.  Therefore, Representative Counsel was not disloyal as the Crown implies and could not breach a duty of loyalty that never existed.

12.    Despite the Crown's allegation of conflict of interest, no argument can be made that a concurrent conflict of interest exists, thereby precluding Representative Counsel from serving the Canadian ZAI Claimants in this capacity.  Furthermore, the CCAA Court considered and summarily dismissed the allegations regarding such a conflict of interest.  The facts in this matter are distinguishable from those in <u>In re Meridian Automotive Systems-Composite Operations, Inc.</u>, *et. al.*, No. 05-11168 (Bankr. D. Del. Apr. 17, 2006), which was decided by this Court on April 17, 2006, by the Honorable Mary F. Walrath.  In the *Meridian* case, the Counsel to the Informal Committee of First Lien Lenders had consecutively represented the interests of a secured creditor and subsequently was hired to represent the directly adverse interests of the informal committee of holders of only first lien debt in violation of Rule 1.7 of the Delaware Rules of Professional Conduct.  In contrast, Representative Counsel has represented only the interests of the Canadian ZAI Claimants in this matter.  Representative Counsel has never been retained to represent any party whose interests could be considered adverse to those of the Canadian ZAI Claimants; therefore, to wit, no concurrent conflict of interest would arise by Representative Counsel's appointment as

Special Counsel for the ZAI Claimants, and, subsequently, the authorized retention of Daniel K. Hogan, Esquire, as counsel to the Representative Counsel.

13.     A current analogy is that of Raven Thundersky.  Raven Thundersky is a current Canadian ZAI PI claimant who is part of the class of claimants that Representative Counsel was appointed to represent in the February 9, 2006, Order.  Separately, Raven Thundersky has retained her own counsel to represent her individual interests.  Representative Counsel represents Raven Thundersky's interests only as a member of the class of claimants and not individually.  There is a correlation between the Raven Thundersky circumstances and that of the Crown.  The Crown retained its own counsel to represent its interest and is only represented by Representative Counsel in the same capacity as Raven Thundersky, as a member of the class of claimants.

14.     In fact, Justice Morawetz found, in the 2010 Endorsement that "…the concerns of the Crown are misguided for two reasons.  First, the concerns of the Crown do not arise as a result of the Settlement.  It seems to me that the treatment of the contribution and indemnity claims of the Crown against Grace are identical to the treatment of all co-defendants having claims against Grace. In this respect, it can be said that the Amended Settlement has gratuitous benefits for the Crown insofar as claims can only be made against the Crown provided that the Crown's claims for contribution and indemnity are channeled to the Asbestos Trust."

15.     The Crown also suggests that Lauzon Bélanger, specifically, is in a conflict of interest regarding a former counsel with the Department of Justice who represented the Crown in the Quebec class action and the CCAA proceedings.  Following Justice Morawetz's consideration, he suggests that this all allegation of conflict of interest should be disposed of "summarily."  Justice Morawetz's findings are: (1) the former employee of the Department of Justice has had no involvement in this matter while at Lauzon Bélanger; and (2) an ethical wall is in place at Lauzon Bélanger and there is no suggestion that there has been any transfer of confidential information.

16.     In Paragraph 20 of the Crown's objection it states "Despite repeated requests by counsel for Canada for updates on the negotiations respecting the status of the 2008 CDN ZAI Settlement, the only information given was that negotiations were on-going."   The Crown's argument regarding their alleged requests is vague.  In fact, the Crown made no such requests for information to Representative Counsel, but apparently only to Debtors' CCAA counsel.

17.     Counsel to Debtors submitted before the CCAA Court that the Amended Minutes of Settlement is a fair and reasonable resolution of the CDN ZAI Claims and that the Amended Minutes of Settlement does not prejudice the Crown, the CDN ZAI PD Claimants or CDN ZAI PI Claimants.  In that proceeding, counsel to Debtors further stated that the Amended Minutes of Settlement is more advantageous to ZAI PI Claimants as it provides some potential recourse against the Crown for claims for which the Crown is jointly liable, whereas, the Original Settlement did not. The CCAA Court ultimately concluded that the Amended Minutes of Settlement is a fair and reasonable resolution.

18.     It is Representative Counsel's view that they do represent the interests of future Canadian PI ZAI claimants pursuant to the February 9, 2006, Order.   Representative Counsel represents the interests of these future claimants, as members of the class of claimants in the various Canadian class action lawsuits.  Representative Counsel does not anticipate representing individuals in the future unless the claimants contact them directly.

## CONCLUSION

WHEREFORE, Representative Counsel, on behalf of Canadian ZAI Claimants, respectfully urges this Court to overrule the Objection of the Crown, and the response of the FCR,  and enter an order (a) authorizing the appointment of Representative Counsel, Lauzon Bélanger and Scarfone Hawkins, as Special Counsel for the Canadian ZAI Claimants nunc pro tunc to September 1, 2008, pursuant to the terms outlined in the Application [Docket No. 24031]; and (b) authorizing the

retention of Daniel K. Hogan and his firm, The Hogan Firm, as local counsel nunc pro tunc to September 1, 2008, pursuant to the terms outlined in the Application [Docket No. 24032]; and (c) granting such further and other relief as this Court deems just and proper.

Dated: January 19, 2010

*/s/Daniel K. Hogan*
Daniel K. Hogan (DE Bar #2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302.656.7540
Facsimile: 302.656.7599
E-mail: dkhogan@dkhogan.com