# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. Grace & Co., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

## SUMMARY OF FOURTH QUARTERLY INTERIM VERIFIED APPLICATION OF THE LAW OFFICES OF JANET S. BAER, P.C. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM OCTOBER 1, 2009, THROUGH DECEMBER 31, 2009

| | |
|---|---|
| Name of Applicant: | **The Law Offices of Janet S. Baer, P.C.** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retention Order entered March 24, 2009, effective as of February 11, 2009** |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Period for which compensation and
reimbursement is sought: **October 1, 2009, through December 31, 2009**

Amount of Compensation sought as actual,
reasonable and necessary: **$459,382.50**

Amount of Expense Reimbursement sought
as actual, reasonable and necessary: **$8,924.81**

This is a ___ monthly  X  quarterly application.

Previous fee applications:[2]

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| March 27, 2009 | 2/1/09 – 2/28/09 | $75,250.00 | $1,430.21 | Interim approval | Interim approval |
| April 28, 2009 | 3/1/09-3/31/09 | $113,875.00 | $2,436.16 | Interim approval | Interim approval |
| May 8, 2009 | January – March 2009 | $189,125.00 | $3,866.87 | Interim approval | Interim approval |
| May 29, 2009 | 4/1/09 – 4.30/09 | $122,500.00 | $5,441.87 | Interim approval | Interim approval |
| June 30, 2009 | 5/1/09 – 5/31/09 | $104,062.50 | $7,305.16 | Interim approval | Interim approval |
| July 30, 2009 | 6/1/09 – 6/30/09 | $157,250.00 | $6,199.89 | Interim approval | Interim approval |
| August 14, 2009 | April – June 2009 | $383,812.50 | $18,946.28 | Interim approval | Interim approval |
| September 1, 2009 | 7/1/09 – 7/31/09 | $132,875.00 | $3,495.71 | Interim approval | Interim approval |
| September 29, 2009 | 8/1/09 – 8/31/09 | $132,187.50 | $3,690.83 | Interim approval | Interim approval |
| October 27, 2009 | 9/1/09 – 9/30/09 | $209,760.00 | $7,303.75 | Interim approval | Interim approval |
| November 18, 2009 | July-Sept., 2009 | $474,822.50 | $14,490.29 | Pending | Pending |
| November 24, 2009 | 10/1-10/31/09 | $191,795.00 | $6,472.87 | Interim approval | Interim approval |
| December 21, 2009 | 11/01/-11/30/09 | $122,245.00 | $744.30 | Interim approval | Interim approval |
| January 27, 2010 | 12/01/09-12/31/09 | $145,342.50 | $1,707.64 | Pending | Pending |

---

[2]  Please note that in the first page of the summary of the October Fee Application, the total fees for Janet S. Baer reads "113,522.60". It should read "113,562.50". Exhibit A to the October Fee Application contains the correct number. The total requested fees for the month, $191,795.00, is the correct amount.

Also, Exhibit B to the December Fee Application, "Expense Summary" reads "Total October Expenses: $1,236.44." It should read "Total December Expenses $1,707.64." The amount is correct elsewhere in the December Fee Application.

JSB has filed certificates of no objection with the Court for the Monthly Fee Applications for October and November 2009 because no objections were filed with the Court within the objection period. The objection deadline for the December Fee Application is February 16, 2010. The hearing for this interim period of October 1, 2009, through December 31, 2009, (the "Fee Period") has been scheduled for June 7, 2010. Janet S. Baer and Roger J. Higgins both rendered professional services in these cases during the Fee Period:

| Name of Professional Person | Position with the Applicant and Year Admitted | | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Janet S. Baer | President | 1982 | Restructuring | 625.00 | 394.00 | $246,250.00 |
| Roger J. Higgins | of Counsel | 1997 | Restructuring | 475.00 | 448.70 | $213,132.50 |
| Total Hours Billed and Compensation Request by Attorney | | | | | 842.70 | $459,382.50 |

There are no paraprofessionals of JSB who rendered professional services in these cases during the Fee Period who have charged fees to the Debtors.

**Grand Total for Fees: $459,382.50.**

## COMPENSATION BY MATTER

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 2 | Asset Disposition | 5.90 | $2,802.50 |
| 3 | Business Operations | 5.20 | $3,025.00 |
| 4 | Case Administration | 19.20 | $11,265.00 |
| 5 | Claims Analysis Objection and Resolution (Asbestos) | 8.70 | $4,732.50 |
| 6 | Claims Analysis Objection and Resolution ( Non-Asbestos) | 411.80 | $200,150.00 |
| 8 | Employee Benefits/Pension | 1.00 | $625.00 |
| 11 | Fee Applications, Applicant | 30.50 | $16,017.50 |
| 12 | Fee Applications, Others | 6.50 | $3,387.50 |
| 13 | Financing | 35.80 | $18,610.00 |
| 14 | Hearings | 48.10 | $30,062.50 |
| 15 | Litigation and Litigation Consulting | 175.20 | $109,500.00 |
| 16 | Plan and Disclosure Statement | 85.10 | $53,142.50 |
| 20 | Travel-Non-working | 9.00 | $5,625.00 |
| 24 | Prof. Retention—Others | .70 | $437.50 |
| | **Total Hours Billed and Compensation Requested** | 842.70 | $459,382.50 |

## EXPENSE SUMMARY

| Service Description | Amount |
|---|---|
| Lodging | $328.90 |
| Airfare | $1,343.60 |
| Transportation to/from airport | $466.00 |
| Travel Meals | $64.11 |
| Long Distance/Conference Telephone Charges | $6,009.44 |
| Local Transportation/Parking | $60.00 |
| Express Mail Charges, Postage, Messenger Service and Miscellaneous | $427.26 |
| Computerized Legal Research | $225.50 |
| **Total Expenses** | $8,924.81 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. Grace & Co., et al.[3] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

## FOURTH QUARTERLY INTERIM VERIFIED APPLICATION OF THE LAW OFFICES OF JANET S. BAER, P.C. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM OCTOBER 1, 2009, THROUGH DECEMBER 31, 2009

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the *Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members* (the

---

[3] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

"Interim Compensation Order"), the *Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* (the "Amended Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of The Law Offices of Janet S. Baer, P.C. ("JSB"), bankruptcy co-counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $459,482.00 for the reasonable and necessary legal services JSB has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that JSB has incurred in the amount of $8,924.81 (the "Fourth Quarterly Fee Application"), in each case for the interim quarterly period from October 1, 2009, through December 31, 2009 (the "Fee Period"). In support of this Fourth Quarterly Fee Application, JSB respectfully states as follows:

## BACKGROUND

*Retention of JSB*

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order dated March 24, 2009, the Debtors were authorized to retain JSB as their co-counsel, effective as of the February 11, 2009, with regard to the prosecution of the Chapter 11 Cases and all related matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate JSB at JSB's hourly rates charged for services of this type

and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

*Monthly Interim Fee Applications Covered Herein*

3. Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order (the "Notice Parties") may object to any such request. If no Notice Party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Amended Interim Compensation Order, within 45 days of the end of each quarter, professionals are to file and serve upon the Notice Parties a quarterly request (each such request, a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly fee application, the debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the monthly fee applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5. The Fourth Quarterly Fee Application is the fourth such application submitted in accordance with the Amended Interim Compensation Order for compensation for services rendered that JSB has filed with the Bankruptcy Court in connection with the Chapter 11 Cases. The Fourth Quarterly Fee Application's Fee Period is October 1, 2009, through December 31, 2009.

6. JSB has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

   a. *Summary Application of The Law Offices of Janet S. Baer P.C. for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from October 1, 2009, through October 31, 2009*, filed November 24, 2009 (the "October Fee Application") attached hereto as Exhibit A; and

   b. *Summary Application of The Law Offices of Janet S. Baer, P.C. for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from November 1, 2009, through November 30, 2009*, filed December 21, 2009, (the "November Fee Application") attached hereto as Exhibit B; and

   c. *Summary Application of The Law Offices of Janet S. Baer, P.C. for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from December 1, 2009, through December 31, 2009*, filed January 27, 2010 (the "December Fee Application", collectively with the October and November Fee Applications, the "Applications") attached hereto as Exhibit C.

7. The respective periods for objecting to the fees and expense reimbursement requested in the October and November Monthly Fee Applications passed without any objections being filed, and the Debtors filed certificates of no objection with the Court for each of the October and November Monthly Applications. The Debtors have either paid or will pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested in those Monthly Fee Applications. The objection deadline for the December Fee Application is February 16, 2010.

4

8. JSB has advised and represented the Debtors as co-counsel in connection with the operation of their businesses and other matters arising in the performance of their duties as a debtors-in-possession during the Fee Period covered by the Fourth Quarterly Fee Application. Furthermore, JSB has prepared various pleadings, motions and other papers submitted to this Court for consideration, has appeared before this Court during hearings regarding these cases and has performed various other professional services that are described in the Applications.

*Previous Quarterly Fee Applications*

9. JSB has filed three previous Quarterly Fee Applications. The Court approved the first such Quarterly Fee Application, for the period of January 1, 2009, through March 31, 2009, at the hearing on September 29, 2009, and approved the Second Quarterly Fee Application by an order dated December 11, 2009. The Third Quarterly Fee Application was filed on November 18, 2009, and is to be heard at the hearing scheduled for March 22, 2010.

*Requested Relief*

10. By this Fourth Quarterly Fee Application, JSB requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by JSB for the Fee Period as detailed in the Applications, less any amounts previously paid to JSB pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order. As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A , B , and C.

*Disinterestedness*

11. As disclosed in the *Affidavit of Janet S. Baer in Support of the Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of The Law Offices of Janet S. Baer, P.C. as Co-Counsel to the Debtors* (the "Affidavit"), filed on February 12,

5

2009, JSB does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

12. JSB may have in the past represented or may likely in the future represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. JSB disclosed in the Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. JSB will update the Affidavit when necessary and when JSB becomes aware of material new information.

## REPRESENTATIONS

13. JSB believes that the Fourth Quarterly Fee Application complies with the requirements of Del.Bankr.LR 2016-2 and the Amended Interim Compensation Order.

14. JSB performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

15. During the Fee Period, JSB has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Amended Interim Compensation Order.

16. Pursuant to Fed. R. Bank. P. 2016(b), JSB has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of JSB, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, JSB respectfully requests that the Court enter an order providing that (a) for the Fee Period, October 1, 2009, through December 31, 2009, an administrative allowance be made to JSB in the sum of (i) $459,382.50 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $8,924.81 for reimbursement of actual and necessary costs and expenses incurred, for a total of $468,307.31 (b) the Debtors be authorized and directed to pay to JSB the outstanding amount of such sums less any sums previously paid to JSB pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order and (c) this Court grant such further relief as is equitable and just.

Dated: February 4, 2010

Respectfully submitted,

THE LAW OFFICES OF JANET S. BAER, P.C.

*/s/ Janet S. Baer/*

Janet S. Baer, P.C.
70 W. Madison St., Suite 2100
Chicago, Illinois 60602
Telephone: (312) 641-2162

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. Grace & Co., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

### VERIFICATION

STATE OF ILLINOIS    )
                     ) ss.
COUNTY OF COOK       )

Janet S. Baer, after being duly sworn according to law, deposes and says:

I am the president of the applicant law firm, The Law Offices of Janet S. Baer, P.C. ("JSB"), and have been admitted to the Bar of the Supreme Court of Illinois since 1982.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

I have personally performed a significant number of the services rendered by JSB as co-counsel to the Debtors and supervised the performance of the services of the other members of JSB to the Debtors.

I have reviewed the foregoing Fourth Quarterly Fee Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

                                                   Janet S. Baer, P.C.

SWORN AND SUBSCRIBED
before me this 4th day of February 2010

_____
Notary Public
My Commission Expires:

```
"OFFICIAL SEAL"
NELSON DAVID BLOCHER
Notary Public, State of Illinois
My Commission Expires 07/13/2013
```