IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| W. R. GRACE & CO., et al. ) | Chapter 11 |
| ) | |
| Debtors. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| ) | |
| ) | **Re: Docket Nos. 23724, 23866** |
| | **1/25/10 Agenda #8** |

## JOINT PRETRIAL STATEMENT FOR LIMITATIONS TRIAL ON CANADIAN PROPERTY DAMAGE CLAIM NUMBERS 11627 AND 12476

Debtors and Claimants respectfully submit this pretrial statement for the statute of limitations trial of Canadian property damage claim numbers 11627 and 12476.

### I. STATEMENT OF THE CASE

#### A. Debtors' Statement of the Case

On April 14, 2009, the Court entered a Memorandum Opinion and Order [Docket No. 21270] disallowing and expunging thirty-five (35) Canadian asbestos property damage claims that were barred by ultimate limitations periods in the Canadian providences of Alberta, British Columbia and Manitoba.

In its Memorandum Opinion, the Court held, *inter alia*, that, under *Privest Properties Ltd. v. Foundation Co. of Canada* [1995] 11 B.C.L.R. (3d) 1 (B.C.S.C.), British Columbia's thirty-year ultimate limitations period began to run when the asbestos-containing product was installed in the building. The Court further held that British Columbia's ultimate limitations period can not be tolled through allegations of fraud. The Court further concluded that the filing

of the Anderson Memorial Class Action Complaint did not toll British Columbia's thirty-year ultimate limitations period.

Two Canadian property damage claims for buildings located in British Columbia remain in these proceedings: (1) Claim No. 11627 filed by 68 Nanaimo-Ladysmith School District; and (2) Claim No. 12476 filed by the City of Vancouver. The materials submitted in connection with these claims establishes that the alleged asbestos-containing product for which the claimants seek recovery against the Debtors was installed in the buildings at issue more than 30 years before Debtors filed these Chapter 11 proceedings.

Specifically, with respect to Claim No. 11627, on the proof of claim form for this claim, the claimant admitted that it purchased the property at issue on January 9, 1951. *See* Exhibit 1, Claim No. 11627 Claim Form at Question 4. The claimant further conceded that it did not install the asbestos-containing product in the property. *Id.* at Question 14. It accordingly is undisputed that the asbestos-containing product at issue was installed in the building prior to January 9, 1951, over 50 years prior to the commencement of these Chapter 11 cases.

For Claim No. 12476, the claimant admitted that it purchased the property on July 31, 1956. *See* Exhibit 2, Claim No. 12476 Claim Form at Question 4. The claimant similarly admitted that it did not install the asbestos-containing product for which it was submitting its claim. *Id.* at Question 14. It is therefore undisputed that the product at issue was installed in the building prior to July 31, 1956, nearly 45 years prior to the commencement of these Chapter 11 cases.

Accordingly, with respect to both of the foregoing claims, the asbestos-containing product at issue was concededly installed in the buildings well before April 2, 1971, more than thirty years before Debtors filed these Chapter 11 proceedings.

As the Court held in its Memorandum Opinion, British Columbia's thirty-year ultimate limitations period begins to run on the date that the asbestos-containing product was installed in the building. For Claim Nos. 11627 and 12476, claimants have admitted that the product was installed in the building well before April 2, 1971. British Columbia's thirty-year ultimate limitations period accordingly ran on these claims before Debtors filed these Chapter 11 proceedings on April 2, 2001. As further set forth in the Court's Memorandum Opinion, there is no basis upon which to toll British Columbia's thirty-year ultimate limitations period. Accordingly, for the reasons set forth in the Court's Memorandum Opinion and Debtors' prior submissions in these proceedings relating to Canadian ultimate limitations periods, Claim Nos. 11627 and 12476 are time-barred and should be disallowed and expunged.[1]

B.  **Claimants' Statement of the Case**

Claimants believe that the burden of proof is on the Debtors to prove their limitations objection under applicable law.

---

[1]  Debtors incorporate herein by reference the following material that Debtors submitted in these proceedings on the Canadian ultimate limitations periods: (i) Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight (88) Time-Barred Canadian Asbestos Property Damage Claims [Docket No. 14597]; (ii) Debtors' Reply In Support of Their Motion for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight (88) Time Barred Canadian Asbestos Property Damage Claims [Docket No. 14965]; (iii) Debtors' Supplemental Submission in Support of Their Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight (88) – Now Fifty-Five (55) – Time-Barred Canadian Asbestos Property Damage Claims [Docket No. 16755]; (iv) Appendix to Debtors' Supplemental Submission in Support of Their Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight (88) – Now Fifty-Five (55) – Time-Barred Canadian Asbestos Property Damage Claims [Docket No. 16757]; and (v) Debtors' Reply to Anderson Memorial Hospital's Supplemental Post-Hearing Memorandum Re: Canadian Statute of Limitations [Docket No. 17171].

## II. WITNESSES

### A. Debtors' Witnesses

Debtors do not plan to call any witnesses in their case in chief, but reserve the right to call witnesses identified by Claimants and witnesses in rebuttal to any testimony offered by Claimants.

### B. Claimants' Witnesses

Claimants do not plan to call any witnesses at this time.

## III. EXHIBITS

### A. Debtors' Exhibits

1. Proof of Claim Form, Exhibits and Supplements for Claim No. 11627.
2. Proof of Claim Form, Exhibits and Supplements for Claim No. 12476.

### B. Claimants' Exhibits

Claimants do not plan to offer any exhibits at this time.

## IV. PROCEDURE

The parties have agreed that exhibits, if any, will be exchanged ten (10) days before trial.

## V. TRIAL

Trial will be held at the conclusion of the April 19, 2010 Omnibus hearing in Delaware.

Respectfully submitted,

| COUNSEL FOR DEBTORS: | COUNSEL FOR CLAIMANTS: |
|---|---|
| REED SMITH LLP<br>James J. Restivo, Jr. (Bar No. 10113)<br>Douglas E. Cameron (Bar No. 41644)<br>Traci S. Rea (Bar No. 76258)<br>435 Sixth Avenue<br>Pittsburgh, PA 15219<br>Telephone: (412) 288-3131<br>Facsimile: (412) 288-3063 | SPEIGHTS & RUNYAN<br>Daniel A. Speights (SC Fed. ID No. 4252)<br>Marion C. Fairey, Jr. (SC Fed. ID No. 6101)<br>200 Jackson Avenue, East<br>P.O. Box 685<br>Hampton, South Carolina 29924<br>Telephone: (803) 943-4444<br>Facsimile: (803) 943-4599 |
| KIRKLAND & ELLIS LLP<br>David M. Bernick, P.C.<br>Lisa G. Esayian<br>300 North LaSalle<br>Chicago, IL 60654<br>(312) 862-2000 | Christopher D. Loizides (#3968)<br>Legal Arts Bldg.<br>1225 King Street, Suite 800<br>Wilmington, DE 19801<br>Telephone: (302) 654-0248<br>Facsimile: (302) 654-0728<br>E-mail: loizides@loizides.com |
| and | |
| PACHULSKI STANG ZIEHL & JONES LLP<br>Laura Davis Jones (Bar No. 2436)<br>James E. O'Neill (Bar No. 4042)<br>Kathleen P. Makowski (Bar No. 3648)<br>Timothy P. Cairns (Bar No. 4228)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>(Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400 | |

Dated: February 5, 2010