IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED AMONG (a) W.R. Grace & Co., et al. (collectively, the "Debtors"), the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders (collectively, the "Plan Proponents"), on the one hand, and (b) the Insurers that have executed this Stipulation ("Insurers"), on the other hand (the Plan Proponents and the Insurers are referred to collectively as the "Parties"), as follows:

WHEREAS, the Plan Proponents filed the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders on February 27, 2009 (as the same may be modified from time to time in accordance with and subject to Section 5(c) of this Stipulation, the "Plan");[1]

WHEREAS, the Plan calls for the creation of an Asbestos PI Trust and an Asbestos PD Trust;

WHEREAS, pursuant to the Fourth Amended Case Management Order [Docket No. 22819] entered in these cases, the Insurers submitted Phase II objections to confirmation of the

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as in the Plan.

Plan, asserting, among other objections, that the Plan may discriminate against Indirect PI Trust

Claims by making them subject to disallowance by the Court under §502(e) of the Bankruptcy

Code, or by the Asbestos PI Trust, because they were contingent and unliquidated on the date of

Plan Confirmation and that the Plan and the Asbestos PI Trust Distribution Procedures must be

clarified to confirm that Indirect PI Trust Claims shall not be disallowed by the Court under

section 502(e) of the Bankruptcy Code on the grounds that such claims were contingent or

unliquidated, and that the Asbestos PI Trust Distribution Procedures shall not apply section

502(e) of the Bankruptcy Code for the purposes of determining the validity, acceptability and

enforceability of Indirect PI Trust Claims (the "Contingent Claims Objections"); and

WHEREAS, the Parties, without admission, have reached agreement, as set forth below,

to make certain modifications to the Plan and the Asbestos PI Trust Distribution Procedures and

thereby resolve the Contingent Claim Objections.

NOW THEREFORE, the Parties hereby stipulate and agree as follows:

1.    Plan Amendments.

(a)    The Plan and the Asbestos PI Trust Distribution Procedures shall be

amended as follows:

(i)    The definition of "Indirect PI Trust Claim" as set forth in §

1.1(139) of the Plan is amended to add the following sentence at the end of such

section: "Further provided however, for the avoidance of doubt, Indirect PI Trust

Claims shall not be disallowed by the Court under section 502(e) of the

Bankruptcy Code on the grounds that such claims were contingent or

unliquidated."

(ii)    Section 5.6 of the Asbestos PI Trust Distribution Procedures is

amended to add the following sentence at the end of such section: "For the purposes of determining the validity, acceptability and enforceability of Indirect PI Trust Claims pursuant to this section, section 502(e) of the Bankruptcy Code shall not be applied to Indirect PI Trust Claims."

(iii)    Section 5.13 of the Asbestos PI Trust Distribution Procedures is amended to add as the last sentence of the second paragraph of such section the following: "For the purposes of determining the validity and amount of an Indemnified Insurer TDP Claim pursuant to this section, section 502(e) of the Bankruptcy Code shall not be applied to any such Claim."

2.    Insurer Plan Objections.  Effective upon execution of the Stipulation by all of the Parties and the filing of the Stipulation with the Bankruptcy Court, and contingent on a Final Order confirming the Plan containing the Plan amendments set forth herein, the Insurers' Contingent Claim Objections shall be deemed withdrawn.

3.    Withdrawal of Maryland Casualty Objection.  Upon the execution of this Stipulation by all of the Parties, that portion of the Debtors' Objection to Claims Filed By Maryland Casualty Company [D.I. 21345] based upon section 502(e) of the Bankruptcy Code shall be deemed withdrawn without prejudice.

4.    Subject to Court Approval.  If the Plan, as amended in accordance with this Stipulation, is not confirmed by the Bankruptcy Court and the District Court, or any Order confirming the Plan as so amended is overturned on appeal, the Insurers' withdrawal of the Contingent Claim Objections shall be a nullity and of no force or effect, and the Insurers shall have the right to raise any and all objections to any new or modified plan that is proposed by the Debtors or any other party.

5.     <u>Miscellaneous.</u>

(a)     Subject to paragraph 4 above, this Stipulation shall become effective and binding upon execution by all the Parties and filing with the Bankruptcy Court.

(b)     This Stipulation shall be binding upon the Parties and their respective successors and assigns, upon the Asbestos PI Trust once it is established pursuant to the Plan, and upon all Asbestos PI Trustees; and any Confirmation Order shall so provide.

(c)     No change or modification of the Plan or the Asbestos PI Trust Distribution Procedures after the date hereof shall alter the rights of the Insurers under this Stipulation unless agreed to in writing by all the Parties.

(d)     The Bankruptcy Court shall retain non-exclusive jurisdiction to interpret and enforce the provisions of this Stipulation in all respects.  The provisions of this Stipulation are non-severable and mutually dependent.


AGREED as of this 5th day of February, 2010:

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freeman
Lisa G. Esayian
Deanna D. Boll
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*and*

THE LAW OFFICES OF JANET S. BAER,
P.C.
Janet S. Baer, P.C.
70 W. Madison Street
Suite 2100
Chicago, IL 60602

ROSENTHAL, MONHAIT & GODDESS,
P.A.

By: /s/ Edward D. Rosenthal
Edward D. Rosenthal (Bar No. 3131)
P.O. Box 1070
Wilmington, DE 19899
Telephone: (302) 656-4433x6
Facsimile: (302) 658-7567

*and*

GOODWIN PROCTER LLP
Daniel M. Glosband (*pro hac vice*)
Exchange Place
Boston, MA 02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

Telephone: (312) 641-2162

*and*

/s/ Laura Davis Jones
PACHULSKI, STANG, ZIEHL & JONES
LLP
Laura Davis Jones (#2436)
James E. O'Neil (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Counsel for the Debtors and Debtors in Possession*

CAMPBELL & LEVINE, LLC

/s/ Mark T. Hurford
Mark T. Hurford (Bar No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947

*and*

CAPLIN & DRYSDALE, CHATERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7175
Facsimile: (212) 644-6755

*and*

Michael S. Giannotto (*pro hac vice*)
Frederick C. Schafrick (*pro hac vice*)
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

FORD MARRIN ESPOSITO WITMEYER &
GLESER, L.L.P.
Elizabeth DeCristofaro (*pro hac vice*)
Wall Street Palza, 23rd Floor
New York, NY 10005-1875
Telephone: (212) 269-4900

WILDMAN, HARROLD, ALLEN & DIXON
LLP
Jonathan W. Young
Jeff Chang
225 West Wacker Drive
Chicago, IL 60606-1229
Telephone: (312) 201-2662
Facsimile: (312) 416-4524

*Counsel for Continental Casualty Company, Transportation Insurance Company and their American Insurance Affairs*

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Jeffrey C. Wisler
Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207

Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-0380

Peter Van N. Lockwood
Nathan D. Finch
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

OF COUNSEL:
Edward J. Longosz, II
Gabriella V. Cellarosi
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, D.C. 20006
Telephone: (202) 659-6600
Facsimile: (202) 659-6699

*Counsel for the Official Committee of Asbestos
Personal Injury Claimants*

WILEY REIN LLP
Richard A. Ifft
Karalee C. Morell
1776 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 719-7170
Facsimile: (202) 719-7049

PHILLIPS, GOLDMAN & SPENCE, P.A.

*Counsel for Maryland Casualty Company*

/s/ John C. Phillips
John C. Phillips (Bar No. 110)
120 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

*and*

ORRICK, HERRINGTON & SUTCLIFFE
LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T. Austern, Asbestos PI
Future Claimants' Representative*

SAUL EWING LLP

/s/ Teresa K.D. Currier
Teresa K.D. Currier (Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Facsimile: (302) 421-6813

*and*

KRAMER LEVIN NAFTALIS & FRANKEL
LLP
Philip Bentley
Douglas Mannal
1177 Avenue of the Americas
New York, NY 10022
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee of Equity
Security Holders*