## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 3/1/10; 4:00 p.m. ET |
| | § | Hearing Date: 6/7/2010; 10:30 a.m. ET |

### FIFTH QUARTERLY APPLICATION OF HON. ALEXANDER M. SANDERS, JR.,THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES FOR THE 35TH QUARTERLY PERIOD FROM OCTOBER 1, 2009 THROUGH DECEMBER 31, 2009

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Hon. Alexander M . Sanders, Jr., pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Appointment Order (as defined below), the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order") and Del. Bankr. LR 2016-2, and hereby applies for an order allowing him (i) compensation in the amount of $22,995.00 for the reasonable and necessary services he has rendered as the Legal Representative for Future Asbestos-Related Property

Damage Claimants and Holders of Demands and (ii) reimbursement of actual and necessary

expenses that he has incurred in the amount of $1,373.21, for a total of $24,368.21 or one

hundred percent (100%) of all compensation and expense reimbursement requested, for the

period October 1, 2009 through December 31, 2009 (the "Fifth Quarterly Fee Application"), and

in support of this Fifth Quarterly Fee Application, would respectfully show as follows:

<u>SUMMARY</u>

| | |
|---|---|
| Name of Applicant: | Alexander M. Sanders, Jr., |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | October 20, 2008, *nunc pro tunc* to September 22, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | October 1, 2009 through December 31, 2009 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $22,995.00 |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $1,373.21 |

This is a(n):   ☐Monthly   ☒Quarterly   ☐Interim   ☐Final Application

<u>PRIOR APPLICATIONS</u>

| Date  Filed | Period  Covered | Requested  Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | 9/22/2008 to 2/25/2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2/26/2009 to 3/31/2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | None | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Paid | Paid |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | Paid | Paid |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | Paid | Paid |
| 11/4/2009 | 10-1-2009 to 10-31-2009 | $11,664.00 | $1,336.21 | Paid | Paid |
| 12/7/2009 | 11-1-2009 to 11-30-2009 | $5,292.00 | $0 | Paid | Paid |
| 1/7/2010 | 12-1-2009 to 12-31-2009 | $1,440.00 | $37.00 | CNO Filed | CNO Filed |

Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period.  Judge Sanders has practiced law for over 40 years, and the billing rate for the time period of this application was $450 per hour.  In this Fifth Quarterly Application period Judge Sanders billed 51.1 hours,[2] for a total amount billed of $22,995.00, of which 80% ($18,396.00) has already been paid or has payment pending, leaving the amount not yet approved or paid of **$4,599.00**.

---

[1] At 80% of the total incurred.

[2] Non-Productive travel time is included in this figure, but at 50% of the actual time.

COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Disclosure Statement and Confirmation | 44.4 | $19,980.00 |
| Travel | 12.0      (@100%) | $2,700.00      (@50%) |
| Fee Applications | 0.7 | $315.00 |
| TOTAL | 57.1 | $22,995.00 |

EXPENSE SUMMARY

| Description | Expense |
|---|---|
| Travel<br>Court Call | $1,336.21<br>$37.00 |
| TOTAL | $1,373.21 |

APPLICATION

1.      On April 2, 2001 , (the "Petition Date") each of the Debtors filed a

voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code

(the "Chapter 11 Cases").  On April 2, 2001, the Court entered an order procedurally

consolidating the Chapter 11 Cases for administrative purposes only.  Since the Petition Date, the

Debtors are continuing to operate their businesses and manage their properties and assets as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the United States Bankruptcy

Code.

2.      On May 3, 2001 , the Court entered an Interim Compensation Order, as amended by the Amended Interim Compensation Order, establishing procedures for monthly compensation and reimbursement of expenses of professionals (each such application, a "Monthly Fee Application"), and whereby any notice party listed in the Amended Interim Compensation Order may object to such Monthly Fee Application.  If no notice party objects to professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and one hundred percent (100%) of the expenses requested, subject to the filing and approval of the interim and final fee applications of the professional.

3.      Furthermore, and also pursuant to the Amended Interim Compensation Order, within forty-five (45) days of the end of each quarter, professionals are required to file and serve, upon the notice parties, a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application, less any amounts previously paid in connection with the Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

4.      By an October order of this Court, later made nunc pro tunc as of September 22, 2008, the PD FCR was appointed by the Court (the "Appointment Order").  The Appointment Order authorizes the Debtors to compensate Judge Sanders at his hourly rate charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that he incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.      This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is Judge Sanders' Fifth Quarterly Fee Application for compensation for services rendered in connection with the Chapter 11 Cases and covers the fee period of October 1, 2009 through December 31, 2009 (the "Fee Period").

6.      Judge Sanders has filed with the Court the following Monthly Fee Applications for interim compensation during the Fee Period:

(a)     Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services and Reimbursement of Expenses as the Legal Representative for Future Asbestos-related Property Damage Claimants And Holders of Demands for the Ninth Monthly Interim Period from October 1, 2009 Through October 31, 2009, seeking $11,664.00 in fees (80% of $14,580.00), and $1,336.21 in expenses;

(b)     Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services and Reimbursement of Expenses as the Legal Representative for Future Asbestos-related Property Damage Claimants And Holders of Demands for the Tenth Monthly Interim Period from November 1, 2009 Through November 30, 2009, seeking $5,292.00 in fees (80% of $6,615.00); and

(c)     Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services and Reimbursement of Expenses as the Legal Representative for Future Asbestos-related Property Damage Claimants And Holders of Demands for the Eleventh Monthly Interim Period from December 1, 2009 Through December 31, 2009, seeking $1,440.00 in fees (80% of $1,800.00), and $37.00 in expenses.

-6-

7.      The monthly fee applications covered by this Fifth Quarterly Fee

Application contain detailed daily time logs describing the actual and necessary services

provided by Judge Sanders during the Fee Period, as well as other detailed information required

to be included in fee applications.  The Ninth, Tenth and Eleventh monthly fee applications are

attached hereto as Exhibits "1," "2" and "3," respectively.

8.      The period for objecting to the fee and expense reimbursements relating to

the Sixth, Seventh and Eighth Monthly Fee Applications have passed without any objections

being filed, whereupon Judge Sanders filed Certificates of No Objection with the Court, and

Judge Sanders has been paid interim compensation and reimbursement of 80% of the fees and

100% of the expenses requested for the Ninth and Tenth Applications, with payment of the

Eleventh Application pending.

9.      Judge Sanders previously filed a First Quarterly Fee Application on February 25,

2009 which was approved by the Court.  Judge Sanders filed a Second Quarterly Fee Application

on May 15, 2009 which was approved by the Court.  Judge Sanders filed a Third Quarterly Fee

Application on August 12, 2009 which was approved by the Court.  Judge Sanders' Fourth

Quarterly Fee Application was filed on November 13, 2009 and is pending.

10.      By this Fifth Quarterly Fee Application, Judge Sanders requests that the Court

approve the interim allowance of compensation for professional services rendered and the

reimbursement of actual and necessary expenses incurred by Judge Sanders from October 1,

2009 through December 31, 2009, less any amounts previously paid to Judge Sanders pursuant to

the Monthly Fee Applications and the procedures set forth in the Amended Interim

Compensation Order.  As stated above, the full scope of the services provided and the related

expenses incurred are fully described in the Monthly Fee Applications that already have been filed with the Court.

11.     Judge Sanders reserves his right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee applications.

12.     At all relevant times, Judge Sanders has been a disinterested person as that term is defined in Section 101(14) of the United States Bankruptcy Code, as modified by section 1107(b) of the United States Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

13.     All services for which compensation is requested by Judge Sanders were performed as the PD FCR and not on behalf of any committee, creditor, or other person.

14.     Judge Sanders believes that this Fifth Quarterly Fee Application complies with the requirements of Del. Bankr. LR 2016-2 and the Amended Interim Compensation Order.

15.     During the Interim Period, Judge Sanders has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases, other than the interim compensation payments pursuant to the Amended Interim Compensation Order.  There is no agreement or understanding between Judge Sanders and any other person for the sharing of compensation to be received for services rendered in these cases, other than normal intra-firm distributions at his law firm.

16.     The professional services and related expenses for which Judge Sanders requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of Judge Sanders' professional responsibilities as

PD FCR in the Chapter 11 Cases.  Judge Sanders' services have been necessary and beneficial

to future property damage claimants' as well as the Debtors and their estates, creditors, and other

parties in interest.

      17.     Pursuant to Fed R. Bankr. P. 2016(b), other than normal intra-firm distributions at

his law firm, Judge Sanders has not shared, nor has agreed to share: (a) any compensation it has

received or may receive with another party or person, or (b) any compensation another person or

party has received or may receive in connection with the Chapter 11 Cases.

      WHEREFORE, Hon. Alexander M. Sanders, Jr. respectfully requests that the Court enter

an order, providing that (a) for the period from October 1, 2009 through December 31, 2009, an

administrative allowance be made to Judge Sanders in the sum of $22,995.00 as compensation

for reasonable and necessary professional services rendered as the PD FCR and $1,373.21in

expenses; (b) that the Debtors be authorized and directed to pay to Judge Sanders the outstanding

amount of such sums, less any sums previously paid to Judge Sanders pursuant to the Monthly

Fee Applications and the procedures set forth in the Amended Interim Compensation Order and

(c) this Court grant such other and further relief to which Judge Sanders is justly entitled.

Respectfully Submitted,

_____

Alan B. Rich, Esq.
Texas Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

<u>DECLARATION</u>

Alan B. Rich, declares as follows:

I am the counsel hired by the PD FCR with the approval of the Court, and am familiar with the services that the PD FCR rendered.  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  I believe that this Application substantially complies with Local Bankruptcy Rules for the District of Delaware.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 9, 2010.

_____

-10-

## CERTIFICATE OF SERVICE

I certify that on the 9th day of February, 2010,  this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W. R. GRACE & CO., et al., | § | Case No. 01-01139 (JKF) |
| | § | |
| *Debtors.* | § | Jointly Administered |
| | § | |
| | § | Objection Deadline: 11/24/2009 |
| | § | Hearing Date: TBD (if needed) |

## SUMMARY OF NINTH APPLICATION OF ALEXANDER M. SANDERS, JR. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR THE PERIOD FROM OCTOBER 1, 2009 THROUGH OCTOBER 31, 2009

Name of Applicant:    Hon. Alexander M. Sanders, Jr.,

Authorized to Provide Services To:    Future Asbestos-Related Property Damage Claimants and Holders of Demands

Date of Retention:    October 20, 2008, *nunc pro tunc* to September 22, 2008

Period for Which Compensation and Reimbursement is Sought:    October 1, 2009 to October 31, 2009

Amount of Fees Sought as Actual Reasonable and Necessary:    $11,664.00 [80% of $14,580.00]

Amount of Expenses Sought as Actual, Reasonable and Necessary:    $1,336.21

This is a(n):    ☒Monthly    ☐Interim    ☐Final Application

PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | CNO Filed | CNO Filed |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | CNO Filed | CNO Filed |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | CNO Filed | CNO Filed |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Hon. Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period. Judge Sanders has practiced law for over 40 years, and his present billing rate is $450 per hour. In this Application period Judge Sanders performed 32.4 hours of services as PD FCR, for a total amount billed of $14,580.00, of which 80% is currently sought, in the amount of $11,664.00, plus 100% of his expenses incurred, in the amount of $1,336.21.

This is the Ninth Application for monthly fees and expenses.

---

[1] At 80% of the total incurred.

COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Disclosure Statement and Confirmation | 26.4 hours | $11,880.00 |
| Travel | 12.0 hours   [at 100%] | $2,700.00   [at 50%] |
| TOTAL | 38.4 hours | $14,580.00 |

Detail of the fees and expenses are attached hereto as Exhibit A.

CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)

I, Alan B. Rich, attorney for the PD FCR, and a professional person seeking approval of this Monthly Fee Application on behalf of his client, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Street, Suite 4620
Dallas, Texas 75202
(214) 744-5100
(214) 755-5101 (fax)
arich@alanrichlaw.com

COUNSEL TO ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## **CERTIFICATE OF SERVICE**

I certify that on the 4th day of November, 2009,  this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

*ALEXANDER M. SANDERS, JR.*
*SANDERS & NETTLES, LLC*
*Attorneys at Law*
*208 Lincoln Street*
*Columbia, South Carolina 29201*

*Mailing address: 19 Water Street*
*Charleston, SC 29401*

INVOICE FOR PROFESSIONAL SERVICES 10/1/09 to 10/31/09

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

In re W. R. Grace, No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|--------------------|------|
| 10/7/09 | Review of exchange of e-mail between Edward Westbrook, Esq., and Jay Sakalo, Esq., re: decision of the Delaware District Court reversing Judge Fitzgerald, **State of California Dept. of General Services v. W.R. Grace, et al.** (CA No. 08-863) | 0.5 |
| | Review of the above decision | 1.0 |
| | Telephone conference with Alan Rich, Esq. re: above items | 0.3 |
| | Review of various documents, including transcript of proceedings on September 17, 2009, Agenda for October 13 - 14, 2009 before Judge Fitzgerald, Amendment to the Order Approving the Traveler's Settlement | 2.0 |
| | E-mail from Alan Rich, Esq., re: claim of Anderson Memorial Hospital | 0.2 |
| 10/12/09 | 2:30 p.m., left Charleston for Pittsburgh, arrived hotel, 7:30 p.m. (5 hours billed @ one-half) | 2.5 |

10/13/09      Hearing before Judge Fitzgerald:
              9 a.m., arrived at court
                      Court proceeded to take up matters scheduled by order of
                      October 6, 2009, including continuing confirmation hearing
                      as per agenda of 9/8/09 and Motions in Limine and Motions
                      to Strike
                      Witnesses:  Pamela Zilly
                      (Lunch with Alan Rich and Matthew Kramer, Esq., counsel for
                      PD Committee)
                              Denise Martin
                              Richard Finke (by proffer)
              5:12 p.m., court adjourned                                      8.2

              Review of documents for tomorrow's hearing                     1.0

10/14/09      9 a.m., arrived at court
                      Court continued to take up Motions in Limine and Motions to
                      Strike as per agenda
                      (Lunch with Alan Rich and Matthew Kramer)
              4:25 p.m., court adjourned                                     7.4

10/15/09      7 a.m., left hotel for airport, arrived Charleston 2 p.m. (7 hours
              billed @ one-half)                                             3.5

              Review of Request of Maryland Casualty for Judicial Notice of
              Certain Documents (41 pages)                                   1.0

              Review of e-mail from Alan Rich re: proposed agreement by PD FCR
              to modifications of the PD Trust technical amendments          0.5

10/21/09      E-mail to Alan Rich and review of Agenda for October 26, 2009,
              hearing                                                        0.5

10/26/09      Telephone conference and review of e-mails with Alan Rich on
              proposed PD FCR brief.                                         0.5

              Omnibus hearing before Judge Fitzgerald, participated by telephone
              from Charleston, SC.  (10:10 a.m. - 12:30 p.m.)                2.3

INVOICE 10/1/09 to 10/31/09
November 3, 2009
Page 3


10/27/09    Review of PD FCR brief, exchange of e-mails and telephone
            discussions with Alan Rich regarding the brief                    1.0


            32.4 @ $450/hour =        $      14,580.00

            Expenses                         1,336.21
            (receipts attached)

                TOTAL:               $      15,916.21

Expenses

Travel to Pittsburgh, PA, and return to Charleston, SC, for hearing before Judge Fitzgerald, October 12 - October 15, 2009.

| Taxi fares | $ | 40.00 | (From airport to hotel) |
| | | 40.00 | (From hotel to airport) |
| Airport Parking | | 50.00 | |
| Meals | $ | 33.77 | (10/12 Dinner) |
| | | 4.90 | (10/13 Breakfast) |
| | | 65.25 | (10/13 Lunch with Rich and Kramer) |
| | | 6.49 | (10/14 Breakfast) |
| Hotel | $ | 666.90 | |
| Airfares | $ | 356.90 | |
| TOTAL | $ | 1,264.21 | |

Conference appearance by telephone before Judge Fitzgerald, 10/26/09.  (Court Call)

$        72.00

TOTAL EXPENSES FOR OCTOBER        $        1,336.21

# EXHIBIT 2

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 12/28/2009 |
| | § | Hearing Date: TBD (if needed) |

## SUMMARY OF TENTH APPLICATION OF ALEXANDER M. SANDERS, JR. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR THE PERIOD FROM NOVEMBER 1, 2009 THROUGH NOVEMBER 30, 2009

Name of Applicant:                           Hon. Alexander M. Sanders, Jr.,

Authorized to Provide Services To:           Future Asbestos-Related Property Damage
                                             Claimants and Holders of Demands

Date of Retention:                           October 20, 2008, *nunc pro tunc* to
                                             September 22, 2008

Period for Which Compensation
and Reimbursement is Sought:                 November 1, 2009 to November 30, 2009

Amount of Fees Sought as Actual
Reasonable and Necessary:                    $5,292.00  [80% of $6,615.00]

Amount of Expenses Sought as
Actual, Reasonable and Necessary:            $0

This is a(n):   ☒Monthly      ☐Interim      ☐Final Application

PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Paid | Paid |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | Paid | Paid |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | Paid | Paid |
| 11/4/2009 | 10-1-2009 to 10-31-2009 | $11,664.00 | $1,336.21 | CNO Filed | CNO Filed |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Hon. Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period. Judge Sanders has practiced law for over 40 years, and his present billing rate is $450 per hour. In this Application period Judge Sanders performed 14.7 hours of services as PD FCR, for a total amount billed of $6,615.00, of which 80% is currently sought, in the amount of $5,292.00.

This is the Tenth Application for monthly fees and expenses.

_____

[1] At 80% of the total incurred.

<u>COMPENSATION BY PROJECT CATEGORY</u>

| Project Category | Hours | Amount |
|---|---|---|
| Confirmation | 14.7 hours | $6,615.00 |

| | | |
|---|---|---|
| TOTAL | 14.7 hours | $6,615.00 |

Detail of the fees and expenses are attached hereto as Exhibit A.

<u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)</u>

I, Alan B. Rich, attorney for the PD FCR, and a professional person seeking approval of this Monthly Fee Application on behalf of his client, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Street, Suite 4620
Dallas, Texas 75202
(214) 744-5100
(214) 755-5101 (fax)
arich@alanrichlaw.com

COUNSEL TO ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## CERTIFICATE OF SERVICE

I certify that on the 7th day of December, 2009, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

*ALEXANDER M. SANDERS, JR.*
*SANDERS & NETTLES, LLC*
*Attorneys at Law*
*208 Lincoln Street*
*Columbia, South Carolina 29201*

*Mailing address:  19 Water Street*
*Charleston, SC 29401*


## INVOICE FOR PROFESSIONAL SERVICES 11/1/09 to 11/30/09


As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

*In re W. R. Grace,* No. 01-1139 (Bankr.D.Del)


| Date | Services Performed | Time |
|------|--------------------|------|
| 11/13/09 | Review and analysis of documents, including: | |
| | Arrowood's Phase II Post-Trial Brief | |
| | Joinder of Federal Insurance Company in the Phase II Post-Trial Briefs of the CNA Companies, Government Employees Insurance Company and Republic Insurance Company N/K/A Starr Indemnity & Liability Company | |
| | Phase II Post-Trial Brief of Government Employees Insurance Company and Republic Insurance Company | |
| | Post-Trial Brief of Morgan Stanley Senior Funding, Inc. | |
| | Libby Claimants' Post-Trial Brief in Support of Opposition to Confirmation | |
| | Post-Trial Brief of Longacre Master Fund, Ltd. and Longacre Capital Partners (QP), L.P. | |
| | Phase II Post-Trial Brief of *Creditors* OneBeacon American Insurance Company, etc. | |
| | Total Hours | 4.3 |

**INVOICE 11/1/09 to 11/30/09**
December 3, 2009
Page 2


11/14/09    Review and analysis of documents, including:

Phase II Post-Trial Brief for the CNA Companies

Kaneb Pipe Line Operating Partnership, L.P. and Support Terminal Services, Inc.'s Phase II Post-Confirmation Hearing Opening Brief

Hartford's Post-Trial Brief in Support of Objections to Confirmation

The Official Committee of Asbestos Personal Injury Claimants' Joinder in Grace's Post-Trial Brief Regarding Bank Lender Issues

Joinder of Zurich Insurance Company and Zurich International (Bermuda) Ltd. to Post-Trial Brief for CNA Companies, etc.

Joinder of AXA Belgium in Certain Insurers' Phase II Post-Trial Briefs

Anderson Memorial Hospital's Post-Trial Brief Regarding Feasibility

Post-Trial Brief of BNSF Railway Company Regarding Confirmation

Plan Proponents' Phase II Post-Trial Brief in Response to Confirmation Objections of the Libby Claimants

Maryland Casualty Company's Opening Post-Trial Brief

Grace's Post-Trial Brief Regarding Bank Lender Issues

Phase II Post-Trial Brief of Garlock Sealing Technologies, LLC, in Opposition to Confirmation

Total Hours                                             5.0

11/15/09    Review and analysis of documents, including:

The State of Montana's Post-Trial Brief in Opposition to Confirmation

Plan Proponents' Main Post-Trial Brief in Support of Confirmation

Total Hours                                             4.5

**INVOICE 11/1/09 to 11/30/09**
December 3, 2009
Page 3


11/23/09     Review and analysis of documents, including

                Maryland Casualty's Post-trial Reply Brief

                Errata Sheet for Plan Proponents' Post-trial Brief in Response
                to Confirmation Objections of Libby Claimants

                BNSF Railway Company's Post-trial Reply Brief

                      Total Hours                                0.9


                14.7 @ $450/hour =        $ 6,615

# EXHIBIT 3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 1/27/2010 |
| | § | Hearing Date: TBD (if needed) |

**SUMMARY OF ELEVENTH APPLICATION OF ALEXANDER M. SANDERS, JR.**
**FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT**
**OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR**
**FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS**
**AND HOLDERS OF DEMANDS FOR THE PERIOD**
**FROM DECEMBER 1, 2009 THROUGH DECEMBER 31, 2009**

Name of Applicant: Hon. Alexander M. Sanders, Jr.,

Authorized to Provide Services To: Future Asbestos-Related Property Damage Claimants and Holders of Demands

Date of Retention: October 20, 2008, *nunc pro tunc* to September 22, 2008

Period for Which Compensation
and Reimbursement is Sought: December 1, 2009 to December 31, 2009

Amount of Fees Sought as Actual
Reasonable and Necessary: $1,440.00 [80% of $1,800.00]

Amount of Expenses Sought as
Actual, Reasonable and Necessary: $37.00

This is a(n):  ☒ Monthly    ☐ Interim    ☐ Final Application

<u>PRIOR APPLICATIONS</u>

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Paid | Paid |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | Paid | Paid |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | Paid | Paid |
| 11/4/2009 | 10-1-2009 to 10-31-2009 | $11,664.00 | $1,336.21 | Paid | Paid |
| 12/7/2009 | 11-1-2009 to 11-30-2009 | $5,292.00 | $0 | CNO Filed | CNO Filed |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Hon. Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period.  Judge Sanders has practiced law for over 40 years, and his present billing rate is $450 per hour.  In this Application period Judge Sanders performed 4.0 hours of services as PD FCR, for a total amount billed of $1,800.00, of which 80% is currently sought, in the amount of $1,440.00, plus expenses in the amount of $37.00.

This is the Eleventh Application for monthly fees and expenses.

---

[1] At 80% of the total incurred.

-2-

<u>COMPENSATION BY PROJECT CATEGORY</u>

| Project Category | Hours | Amount |
|---|---|---|
| Confirmation | 3.3 hours | $1,485.00 |
| Fee Application Matters | 0.7 hours | $315.00 |

| TOTAL | 4.0 hours | $1,800.00 |
|---|---|---|

Detail of the fees and expenses are attached hereto as Exhibit A.

<u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)</u>

I, Alan B. Rich, attorney for the PD FCR, and a professional person seeking approval of this Monthly Fee Application on behalf of his client, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

-3-

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Street, Suite 4620
Dallas, Texas 75202
(214) 744-5100
(214) 755-5101 (fax)
arich@alanrichlaw.com

COUNSEL TO ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## CERTIFICATE OF SERVICE

I certify that on the 7th day of January, 2010, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

-4-

# EXHIBIT A

*ALEXANDER M. SANDERS, JR.*
*SANDERS & NETTLES, LLC*
*Attorneys at Law*
*208 Lincoln Street*
*Columbia, South Carolina 29201*

*Mailing address:  19 Water Street*
                  *Charleston, SC 29401*

## INVOICE FOR PROFESSIONAL SERVICES 12/1/09 to 12/31/09
January 6, 2010

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

*In re W. R. Grace,* No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|--------------------|------|
| 12/9/09 | Exchange of e-mails and telephone conference re: discrepancies in payment of prior bills | 0.5 |
| 12/10/09 | Review of Anderson Memorial Hospital's Post-trial Brief on its Objections to Confirmation (62 pages) | 2.3 |
| | Further exchange of e-mail with Alan Rich and Richard Finke re: bill for quarter | 0.2 |
| 12/14/09 | Hearing before Judge Fitzgerald (participated by telephone) | 1.0 |

| | | | |
|---|---|---|---|
| 4 @ $450/hour | = | $1,800 | |
| Expenses (Receipt attached) | = | 37 | |
| TOTAL: | | $1,837 | |

Expenses

Conference appearance by telephone before Judge Fitzgerald, 10/26/09.   $37.00