## EXHIBIT A

### Form of Order

The revised form of Benefit Continuation Notice is <u>Exhibit 1</u> to the form of order.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## ORDER APPROVING EMPLOYEE BENEFITS CLAIM RESOLUTION PROTOCOL

Upon consideration of the *Motion to Approve Employee Benefits Claim Resolution Protocol* (the "Motion"); and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby ORDERED that:

1.     The Motion is granted in its entirety.

2.     The Employee Claims Resolution Protocol is approved in its entirety.

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    Capitalized terms not defined in this Order shall have the meaning ascribed to them in, as the case may be, the Motion or the *First Amended Joint Plan of Reorganization in these Chapter 11 Cases*, as amended, Docket nos. 19579, 20666, 20872, 20873 and 21594 (the "Plan").

3.    The form of Benefit Continuation Notice attached hereto as Exhibit 1 is approved in its entirety.

4.    The Debtors shall file the Objection on or before March 1, 2010; and it is further ordered that responses for Claimants wishing to object to the disallowance of their Employee Benefits Claims must be postmarked on or before April 16, 2010; and it is further

5.    The Debtors shall thereafter promptly file any such written responses on the docket.

6.    The Debtors shall file a report on the status of resolving each of the written responses on or before June 25, 2010.

7.    The Debtors shall have leave to file a reply to the written responses on or before June 25, 2010.

8.    The Court shall hear the Objection, any written responses thereto and the Debtors' reply (if any) at the omnibus hearing currently scheduled for July 12, 2010.

9.    The Debtors are authorized to take all actions that may be necessary to undertake the Employee Benefits Claims Resolution Protocol.

10.    The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the Employee Benefits Claims Resolution Protocol.

11.    This Order is effective immediately upon its entry, notwithstanding Fed. R. Bankr. P. 6004(h).

Dated: _____, 2010

_____

Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

EXHIBIT 1 TO FORM OF PROTOCOL ORDER

**Notice Of Objection to and Treatment of Employee Benefits**

**Your Response Deadline:  [Month] [xx], 2010**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. Grace & Co., et al. | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

---

### NOTICE OF OBJECTION TO AND TREATMENT OF EMPLOYEE BENEFITS CLAIMS NO. [XXXX]

---

**[name]**
**[address 1]**
**[address 2]**
**[city], [state] [zip code]**

Dear:  **[name]:**

W.R. Grace & Co. ("Grace") is providing this notice to you regarding the proof[s] of claim you filed in Grace's bankruptcy case  (your "Employee Benefits Claims[s]") regarding benefits you are claiming pursuant to one or more of Grace's existing plans, programs, and policies regarding employee bonuses and other compensation, indemnity agreements or various medical, insurance, severance, retiree and other benefits (collectively, the "Grace Benefit Programs").

A copy of your Employee Benefits Claims[s] (without attachments) is [are] attached to this Notice for your reference.  Please note that this Notice and the procedures described herein shall not affect any other claim that you may have filed in these chapter 11 cases other than the Employee Benefits Claim[s] attached to this notice.

Grace's books and records show that, as of April 2, 2001, the date on which Grace commenced its bankruptcy case, you were either a current employee, former employee or a beneficiary of a former employee of Grace.  As such, you were entitled to receive certain benefits (your "Applicable Employee Benefits") from one or more Grace Benefit Programs (including, but limited to, salary and other compensation).

***Please note*** that, prior to Grace's bankruptcy case, your Applicable Employee Benefits were subject to amendment, modification or termination under the terms of the applicable Grace Benefit Program or under applicable non-bankruptcy law.  These limitations are referred to in this notice as the "Non-Bankruptcy Limitation".  This Non-Bankruptcy Limitation to your

Applicable Employee Benefits has continued while Grace is in bankruptcy, and will continue to exist after Grace emerges from bankruptcy.

**Your Applicable Employee Benefits *have not been, and will not be in the future, affected* by Grace's chapter 11 bankruptcy case.**

Since April 2001, according to the Grace's books and records, you have been receiving all your Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation). You will continue to receive all your Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) until Grace emerges from its bankruptcy case.

**Your Applicable Employee Benefits *will not be affected* by Grace's emergence from bankruptcy.**

Grace's plan of reorganization (the "Plan") provides that, on the date it emerges from bankruptcy (that date being the "Effective Date"), Grace will continue the Grace Benefit Programs by assuming the contractual obligations arising from those benefit programs. Therefore, you will see no change in your Applicable Employee Benefits as a result of Grace's emergence from bankruptcy on the Effective Date, and you will continue to receive all your Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) after the Effective Date.

**The procedural disallowance of your Employee Benefits Claim *will not affect* your Applicable Employee Benefits.**

Applicable bankruptcy law requires the bankruptcy court to "disallow" your Employee Benefits Claims as of the Effective Date. **This procedural matter *will not* affect your Applicable Employee Benefits** because you have been receiving your Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) since Grace began its bankruptcy case and will continue to receive those benefits until Grace emerges from its bankruptcy case. Thus you will not have an allowable claim for unpaid benefits because you already will have been paid in full.

As discussed above, the Plan provides that you will continue to receive your Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) after Grace emerges from bankruptcy because Grace is "assuming" those Grace Benefit Programs as a matter of applicable bankruptcy law. This means that you do not need to file any claim in Grace's bankruptcy case to protect any future Applicable Employee Benefits.

Grace has filed a motion, docket no. [xxxx] (the "Motion") with the Bankruptcy Court requesting that the Court disallow your Employee Benefits Claims for the reasons described above. At a hearing scheduled for [date], the Court will consider whether to enter an order to disallow your Employee Benefits Claims as of the Effective Date.

Please note that, in the event that the Court does not confirm Grace's Plan or if Grace proposes and the Court confirms a different chapter 11 plan of reorganization that does not call for Grace to assume the Grace Benefit Programs, any order disallowing your Employee Benefits Claim will be void, and your Employee Benefits Claim will be reinstated for all purposes.

*Therefore, this Motion, and the request to disallow your Employee Benefits Claim will not affect your Applicable Employee Benefits.*

*    *    *    *    *

### PLEASE NOTE

You ***do not need to respond*** to this Notice. The Bankruptcy Court's entry of the proposed order ***will not affect*** your Applicable Employee Benefits (which are subject to the Non-Bankruptcy Limitation), including, but not limited to salary and other compensation that you are now receiving, and have been receiving since Grace commenced its bankruptcy case, and will continue to receive after Grace emerges from bankruptcy on the Effective Date.

If you believe that you have not been receiving all benefits to which you are entitled, or if you have a question about your Applicable Employee Benefits, ***you do not need to object*** to this *Motion to preserve your rights or to have your question answered*. You should instead ***contact Grace directly to discuss the benefits*** to which you believe that you are entitled, but have not been receiving.

You may contact Grace at the Grace Employee Service Center by any of the following ways:

**Telephone:**  Please use Grace's toll-free number:  1-800-974-2363

**Facsimile:**  Please fax your questions to:  1-847-953-2348

**By mail:**  Please send your letter to:

Grace Employee Service Center
Post Office Box 445
Arlington Heights, IL  60006-0445

*    *    *    *    *

### PROCEDURES FOR FILING A WRITTEN RESPONSE TO THE MOTION

If you wish to object to the proposed disallowance of your Employee Benefits Claims, you must file a *written response* by mailing it to the following address:

Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705
Attn: James E. O'Neill

Responses sent by facsimile will not be treated as "written responses". You ***must file your written response by mailing*** to the address listed above for the law firm of Pachulski Stang Ziehl & Jones LLP.

3

Your written response must state a specific basis for objecting to the proposed disallowance of your Employee Benefits Claims. Your written response must also include your name and address, a daytime telephone number and (if you have one) an e-mail address. This will allow a Grace representative to contact you regarding your written response.

---

\*     \*     \*     \*     \*

**Your Written Response Must Be Postmarked on or Before [Response Deadline] to Be Considered by the Bankruptcy Court.**

\*     \*     \*     \*     \*

---

If the concerns addressed in your response are not resolved prior to the hearing on the Motion, the Bankruptcy Court will consider your written response to Grace's Motion to disallow your Employee Benefits Claims. Grace may file a reply addressing the issues raised in your written response. If Grace does file such a reply, you will be served a copy at the address you include in your written response if it is different than the address in Grace's books and records.

---

\*     \*     \*     \*     \*

**PLEASE NOTE THAT YOUR APPLICABLE EMPLOYEE BENEFITS WILL NOT BE AFFECTED BY THE DISALLOWANCE OF YOUR EMPLOYEE BENEFITS CLAIM.**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT GRACE BY TELEPHONE, FAX, E-MAIL OR REGULAR MAIL.**

**YOU DO NOT NEED TO FILE A WRITTEN RESPONSE TO THE DISALLOWANCE MOTION IN ORDER TO PRESERVE YOUR RIGHTS.**

\*     \*     \*     \*     \*

---

4