IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| W.R. GRACE & CO., et al. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | Objection Deadline: March 5, 2010 at 4:00 p.m. |
| ) | Hearing: March 22, 2010 at 10:30 a.m. |

**NINETEENTH QUARTERLY INTERIM FEE APPLICATION OF
TOWERS PERRIN TILLINGHAST, ACTUARIAL CONSULTANTS TO
DAVID T. AUSTERN, ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE,
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR
THE PERIOD JULY 1, 2009 THROUGH SEPTEMBER 30, 2009**

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Code"), and this Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed July 17, 2002, amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (the "Administrative Order"), Towers Perrin Tillinghast, Actuarial Consultants ("Tillinghast") hereby submits this Nineteenth quarterly interim application (the "Nineteenth Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to David T. Austern, the Asbestos PI Future Claimants Representative (the "FCR") of W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period July 1, 2009 through September 30, 2009 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period.

By this Nineteenth Quarterly Fee Application, Tillinghast seeks the interim allowance of compensation in the amount of $5,747.50 in fees and reimbursement of actual and necessary

expenses in the amount of $0.00 for a total of $5,747.50, or 100% of all compensation and expense reimbursement requested, for the period July 1, 2009 through September 30, 2009 (the "Interim Period"). In support of this Nineteenth Quarterly Interim Application, Tillinghast respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

### Background

2. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. By an Order dated May 24, 2004, the Court appointed the FCR for the above captioned cases. The Order appointing the FCR also authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the Bankruptcy Code). On October 29, 2004, the FCR applied to this Court for an order authorizing the retention of Tillinghast pursuant to an engagement agreement dated October 29, 2004 (the "Engagement Agreement") as his bankruptcy counsel.

4. On December 21, 2004, this Court entered an order (the "Retention Order") authorizing the FCR to employ Tillinghast as actuarial consultants effective as of the October 29, 2004 pursuant to the terms of the Engagement Agreement.

**Monthly Fee Applications Covered Herein**

5. Prior to the filing of this Nineteenth Quarterly Fee Application, the July, August, and September 2009 monthly fee applications of Tillinghast has been filed with the Court pursuant to the Administrative Order.

6. On October 12, 2009, Tillinghast filed its Forty-Eighth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period July 1, 2009 through July 30, 2009 (the "Forty-Eighth Monthly") [Docket No. 23468] requesting $648.00 (80% of $810.00) in fees and $0.00 in expenses. The deadline to file objections to the Forty-Eighth Monthly expired October 29, 2009 and no objections were filed. A certificate of no objection was filed with the Court on January 22, 2010 at Dkt. No. 24179.

7. On October 12, 2009, Tillinghast filed its Forty-Ninth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period July 1, 2009 through July 30, 2009 (the "Forty-Ninth Monthly") [Docket No. 23469] requesting $3,498.80 (80% of $4,373.50) in fees and $0.00 in expenses. The deadline to file objections to the Forty-Ninth Monthly expired October 29, 2009 and no objections were filed. A certificate of no objection was filed with the Court on October 30, 2009 at Docket No. 23626.

8. On November 3, 2009, Tillinghast filed its Fiftieth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy

Counsel to the FCR for the Period July 1, 2009 through July 30, 2009 (the "Fiftieth Monthly") [Docket No. 23672] requesting $451.20 (80% of $564.00) in fees and $0.00 in expenses. The deadline to file objections to the Fiftieth Monthly expired November 23, 2009 and no objections were filed. A certificate of no objection was filed with the Court on December 1, 2009 at Docket No. 23906.

9.   The Forty-Eighth, Forty-Ninth and Fiftieth Monthly applications covered by this Nineteenth Quarterly Fee Application, as previously filed with the Court, contain the actual and necessary services provided by Tillinghast during the Interim Period as well as other detailed information to be included in fee applications.

## Requested Relief

10.   By this Nineteenth Quarterly Application, Tillinghast requests that the Court approve the interim allowance of compensation for professionals services rendered and the reimbursement of actual and necessary expenses incurred by Tillinghast from July 1, 2009 through September 30, 2009. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court.

11.   At all relevant times, Tillinghast has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interests of the FCR.

12.   All services for which compensation is requested by Tillinghast were performed for or on behalf of the FCR.

13. Except for the Debtors' promise to pay compensation and reimbursement as allowed by the Court, Tillinghast has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with this case.

14. In accordance with Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, Tillinghast has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person other than with its partners, counsel and associates, or (b) any compensation another person or party has received or may receive in connection with this case.

WHEREFORE, Tillinghast respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period July 1, 2009 through September 30, 2009, Tillinghast shall be allowed the sum of $5,747.50 in fees for reasonable and necessary professional services rendered to the FCR and the sum of $0.00 for the reimbursement of actual and necessary costs and expenses incurred, for a total of $5,747.50, that the Debtors be authorized and directed to pay to Tillinghast the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

TOWERS PERRIN TILLINGHAST

*/S/ JENNIFER L. BIGGS*
Jennifer L. Biggs, FCAS, MAAA
101 S. Hanley Rd.
St. Louis, MO 63105
(314) 719-5843
(314) 719-5853 (fax)
Actuarial Consultant to David T. Austern,
Asbestos PI Future Claimants Representative

Dated: January 21, 2010