IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & CO., et al.[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 01-01139 (JKF)<br>) (Jointly Administered)<br>)<br>) Re: Docket no. 24156<br>   Hearing Date: February 16, 2010<br>   Agenda Item # 9 |

## CERTIFICATE OF COUNSEL REGARDING ORDER GRANTING THE MOTION OF DEBTORS FOR AUTHORITY TO ENTER INTO LETTER OF CREDIT AND HEDGING AGREEMENTS AND TERMINATE CURRENT DIP FACILITIES

1. On January 15, 2010, the Debtors filed their motion for *Authority To Enter Into Letter of Credit and Hedging Agreements and Terminate Current DIP Facilities*, docket no. 24156 (the "Motion").[2]

2. No objections to the Motion were filed prior to the Objection deadline.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion or the Form of Facility Order and Facility Agreement attached hereto.

DOCS_DE:157484.1

3. Subsequent to filing the Motion, however, the Debtors engaged in numerous discussions with various constituencies, including the Agent, the Creditors' Committee and the United States Trustee.

4. As a result of those discussions, the Debtors and the Agent have agreed to certain modifications of the form of order (the "Facility Order") and the form of Facility Agreement that were filed with the Motion. The revised form of Facility Order is attached hereto as Exhibit A, and a comparison to the form of Facility Order filed with the Motion is attached hereto as Exhibit B. The revised form of Facility Agreement is attached to the form of Order, and a comparison to the form of Facility Agreement filed with the Motion is attached hereto as Exhibit C.

5. Set forth below is a summary of the key changes to the Facility Order agreed to by all constituencies:

| ITEM | DESCRIPTION OF MODIFICATION |
|---|---|
| ¶ C & D | Description of the Debtors' need to enter into the L/C Facility has been amended. |
| ¶ E | References to the "Interim Order" and section 364(d) have been deleted. |
| ¶ 5 | Following sentence added: Notwithstanding anything else in this Order, the super-priority claims of the Agent, the Letter of Credit Issuers and any other holders of the Obligations arising from the Obligations shall be solely to the extent of the Collateral, and not to any other property of the Debtors, on the terms and conditions provided for in section 1.3 of the Facility Agreement. |
| ¶ 6 | Following sentence added: Notwithstanding anything else in this Order, the Liens of the Agent shall attach solely to the Collateral, and not to any other property of the Debtors, on the terms and conditions provided for in section 1.4 of the Facility Agreement. |
| ¶ 9 | Reference has been added to Facility Agreement § 1.3 regarding the scope of super-priority administrative claims. |

| ITEM | DESCRIPTION OF MODIFICATION |
|------|------------------------------|
| ¶ 15 | New ¶ 15 has been added to provide for the termination of the current DIP Facility. |

6.  Set forth below is a summary of key changes to the Facility Agreement agreed to by all constituencies:

| ITEM | DESCRIPTION OF MODIFICATION |
|------|------------------------------|
| § 1.2(f)(1) | The word "solely" has been deleted from the carve-out from indemnification for gross negligence and willful misconduct in various indemnifications. § 13.11(a) is the general indemnification, and §§ 1.2(f)(1) & 12.7 are special purpose indemnifications. |
| §9.1(k) | The term "material" in reference to competing super-priority claims and liens has been added, as has a reference to §§ 1.3 and 1.4 of the Facility Agreement. |
| § 13.7 | The words "reasonable, documented" have been added to conform to the definition of "Attorney Costs" – a definition that does not include the attorney expenses, etc., referenced in § 13.7. |

7.  Copies of the revised Facility Order and the Revised Facility Agreement have been provided to the United States Trustee, the Official Committees, the Future Claimants' Representatives and the Agent. Each of those parties is agreeable to the revised documents in the form attached hereto.

**[Nothing Further on this Page]**

In view of the lack of objection to the Motion and position of major constituencies regarding the revised documents, the Debtors respectfully request entry of an order substantially in the form of the attached revised Facility Order, with the revised Facility Agreement attached thereto.

Dated: February 11, 2010

KIRKLAND & ELLIS LLP
Theodore L. Freedman
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(302) 652-4100
(302) 652-4400
Co-Counsel for the Debtors and Debtors-in-Possession

DOCS_DE:157484.1