## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
|  | ) |  |
| **W. R. GRACE & CO., et al.,** | ) | **Case No. 01-01139 (JKF)** |
|  | ) | **Jointly Administered** |
| **Debtors.** | ) |  |
|  | ) |  |

**Re: Docket Nos. 20434, 21763, 21943, 22433, 23637, 23825, 15503, 24016**

### STIPULATION AMONG THE PLAN PROPONENTS, ONEBEACON AMERICA INSURANCE COMPANY AND SEATON INSURANCE COMPANY

IT IS HEREBY STIPULATED AND AGREED AMONG (a) Seaton Insurance Company ("Seaton") and OneBeacon America Insurance Company ("OneBeacon") (together, the "Insurers"), on the one hand, and (b) the above-captioned debtors and debtors-in-possession ("Grace"), the Official Committee of Asbestos Personal Injury Claimants (the "ACC"), the Official Committee of Equity Security Holders (the "Equity Committee"), and the Asbestos PI Future Claimants' Representative (the "PI FCR") (collectively, the "Plan Proponents," and together with the Insurers, the "Parties"), on the other hand, as follows:

WHEREAS Grace, along with the ACC, the Equity Committee, and the PI FCR, filed the First Amended Joint Plan of Reorganization of W. R. Grace & Co., et al., The Official Committee of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, and The Official Committee of Equity Security Holders on February 27, 2009 (Dkt. 20872), which has been amended through December 16, 2009 (Dkt. 24016)[1] (the "Joint Plan");

WHEREAS the Insurers have raised objections to the Joint Plan, namely those stated in the following filings: (1) Preliminary Objections of Seaton Insurance Company and OneBeacon

---

[1] All capitalized terms that are not defined herein shall have the same meaning as in the Joint Plan.

America Insurance Company to Confirmation of the Amended Joint Plan of Reorganization, dated January 5, 2009 (Dkt. 20434), (2) Final Objections of OneBeacon America Insurance Company and Seaton Insurance Company to Confirmation of Amended Joint Plan of Reorganization, dated May 20, 2009 (Dkt. 21763), (3) Phase I Trial Brief of Government Employees Insurance Co., Republic Insurance Company n/k/a Starr Indemnity and Liability Company, and Seaton Insurance Company in Opposition to Confirmation of Amended Joint Plan of Reorganization, dated June 1, 2009 (Dkt. 21943), (4) Phase II Trial Brief of *Creditors* OneBeacon America Insurance Company and Seaton Insurance Company in Opposition to Confirmation of Amended Joint Plan of Reorganization, dated July 13, 2009 (Dkt. 22433), (5) Phase II Post-Trial Brief of *Creditors* OneBeacon America Insurance Company and Seaton Insurance Company in Opposition to Confirmation of Amended Joint Plan of Reorganization, dated November 2, 2009 (Dkt. 23637), and (6) Phase II Post-Trial Reply Brief of *Creditors* OneBeacon America Insurance Company and Seaton Insurance Company in Opposition to Confirmation of Amended Joint Plan of Reorganization, dated November 20, 2009 (Dkt. 23825) (the objections stated by Seaton and OneBeacon in the filings enumerated 1-6 above shall be collectively referred to herein as the "Objections");

WHEREAS Seaton filed proofs of claim numbered 15530 through 15591 on February 14, 2005, all of which except for claim number 15531 were expunged by Court order on May 3, 2007 (Dkt. 15503), and Seaton thereafter amended claim number 15531 on August 25, 2009 (all claims[2] stated in such proofs of claim and amendments shall be referred to herein as the "Seaton Claims");

---

[2] For purposes of this Agreement, "claim" or "claims" shall mean (i) any claim or right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured or (ii) any right to any equitable remedy whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed or undisputed.

WHEREAS OneBeacon filed proofs of claim numbered 15592 through 15653 on February 14, 2005, all of which except for claim number 15593 were expunged by Court order on May 3, 2007 (Dkt. 15503), and OneBeacon thereafter amended claim number 15593 on August 25, 2009 (all claims stated in such proofs of claim and amendments shall be referred to herein as the "OneBeacon Claims");

WHEREAS Seaton is a party to the Stipulation and Agreed Order, dated December 31, 2009, by and between the Plan Proponents and various insurers (the "Insurance Neutrality Stipulation"), which has been submitted to the Court for approval;

WHEREAS the Parties, without admission, have reached an agreement, as set forth below, to achieve a complete and final resolution of the Objections;

NOW THEREFORE, the Parties hereby stipulate and agree as follows:

1.      The Insurers hereby (1) withdraw all of their Objections, which, for the avoidance of doubt, include all objections to the Joint Plan stated by Seaton and OneBeacon in both Phase I and Phase II of the Plan confirmation proceedings; (2) agree to take no further actions of any nature (including filing new objections to the Joint Plan or initiating or taking confirmation-related discovery) that may hinder, delay, or oppose the actions of Grace, the ACC, or the PI FCR in seeking confirmation of the Joint Plan; and (3) agree not to oppose the entry of an order confirming the Joint Plan, provided it is amended as herein described, nor its consummation or effectiveness.

2.      All Seaton Claims arising under or related to that particular Settlement Agreement, Release and Indemnification/Hold Harmless Agreement between W. R. Grace & Co.-Conn., W. R. Grace & Co., and Unigard Security Insurance Company dated as of May 15, 1995 (the "1995 Agreement") that are Asbestos PI Claims or Asbestos PD Claims shall be

subject to the Asbestos PI Channeling Injunction or the Asbestos PD Injunction and will be treated as timely Class 6 Claims or Class 7A Claims under the Joint Plan.

3.       All Seaton Claims arising under or related to that particular Settlement Agreement, Release and Indemnification/Hold Harmless Agreement between W. R. Grace & Co.-Conn. and Unigard Security Insurance Company dated as of August 6, 1992 (the "1992 Agreement") that are Asbestos PI Claims or Asbestos PD Claims shall be subject to the Asbestos PI Channeling Injunction or the Asbestos PD Injunction and will be treated as timely Class 6 Claims or Class 7A Claims under the Joint Plan.

4.       All claims by Seaton against Fresenius Medical Care Holdings, Inc. or any of the Fresenius Indemnified Parties (collectively, "Fresenius") arising under or related to the 1995 Agreement that are Asbestos PI Claims or Asbestos PD Claims shall be subject to the Asbestos PI Channeling Injunction or the Asbestos PD Injunction and will be treated as Class 6 Claims or Class 7A Claims under the Joint Plan.  For the avoidance of doubt, all claims by Seaton against Fresenius arising under or related to the 1995 Agreement and the 1997 Agreement (defined below) that are not Asbestos PI Claims or Asbestos PD Claims, including, without limitation, any claim for contractual indemnification, shall be enjoined pursuant to Section 8.5.1 of the Joint Plan and are otherwise waived and released by Seaton as against Fresenius.

5.       Except as otherwise noted herein, and provided that the Joint Plan, as amended herein, is confirmed and becomes effective, Seaton hereby withdraws and releases all Seaton Claims that are not Asbestos PI Claims or Asbestos PD Claims identified in paragraphs 2 and 3 above, as well as all such non-asbestos claims arising under or related to that particular Settlement Agreement, Release and Indemnification/Hold Harmless Agreement between W. R. Grace & Co.-Conn., W. R. Grace & Co., and Unigard Security Insurance Company dated as of

July 11, 1996 (the "1996 Unigard Agreement").

6.       Seaton hereby waives, releases, and agrees not to pursue any and all claims for

misrepresentation, fraud, or any similar cause of action against Fresenius, Sealed Air

Corporation or any of the Sealed Air Indemnified Parties (collectively, "Sealed Air"), or Grace

arising under or related to that particular Settlement Agreement and Release between W. R.

Grace & Co. (a Delaware corporation), W. R. Grace & Co., a New York corporation which

changed its name to Fresenius National Medical Care Holdings, Inc., W. R. Grace & Co., a

Connecticut corporation, and Unigard Security Insurance Company, dated as of March 5, 1997

(the "1997 Agreement").

7.       All OneBeacon Claims arising under or related to that particular Settlement

Agreement between W. R. Grace & Co., W. R. Grace & Co.-Conn., Commercial Union

Insurance Company, and American Employers' Insurance Company, dated as of May 10, 1993

(the "1993 Agreement") that are Asbestos PI Claims or Asbestos PD Claims shall be subject to

the Asbestos PI Channeling Injunction or the Asbestos PD Injunction and will be treated as

timely Class 6 Claims or Class 7A Claims under the Joint Plan.

8.       All claims by OneBeacon against Fresenius arising under or related to the 1993

Agreement that are Asbestos PI Claims or Asbestos PD Claims shall be subject to the Asbestos

PI Channeling Injunction or the Asbestos PD Injunction and will be treated as Class 6 Claims or

Class 7A Claims under the Joint Plan.  For the avoidance of doubt, all claims by OneBeacon

against Fresenius arising under or related to the 1993 Agreement that are not Asbestos PI Claims

or Asbestos PD Claims, including, without limitation, any claim for contractual indemnification,

shall be enjoined pursuant to Section 8.5.1 of the Joint Plan and are otherwise waived and

released by OneBeacon as against Fresenius.

9.      Except as otherwise noted herein, and provided that the Joint Plan, as amended herein, is confirmed and becomes effective, OneBeacon hereby withdraws and releases all OneBeacon Claims that are not Asbestos PI Claims or Asbestos PD Claims identified in paragraph 7 above, as well as all such non-asbestos claims arising under or related to (1) that particular Settlement Agreement and Release between W. R. Grace & Co. and Commercial Union Insurance Company, dated as of October 7, 1998 (the "1998 Agreement") or (2) that particular Settlement Agreement and Release entered into between W. R. Grace & Co.-Conn., a Connecticut Corporation, W. R. Grace & Co., a New York corporation which has changed its name to Fresenius National Medical Care Holdings, Inc., W. R. Grace & Co.-Del., a Delaware Corporation, American Employers' Insurance Company, and Employers Commercial Union Insurance Company, dated as of December 17, 1996 (the "1996 CU Agreement").

10.      Grace hereby agrees to use good faith efforts to obtain releases from Kaneb Pipe Line Operating Partnership, L.P. n/k/a NuStar Pipeline Operating Partnership, L.P., Support Terminal Services, Inc. n/k/a NuStar Terminals Services, Inc., NuStar Energy L.P., and Samson Hydrocarbons Company in favor of Grace's insurers (including Seaton and OneBeacon) with respect to claims arising from that particular oil pipeline and adjoining property located at Otis Air Force Base in Sandwich, Massachusetts.

11.     The Joint Plan shall be amended as follows:

(a)     Section 1.1 of the Joint Plan shall be modified to add the following defined terms:

**"1996 CU Agreement"** shall mean that particular Settlement Agreement and Release entered into between W. R. Grace & Co.-Conn., a Connecticut Corporation, W. R. Grace & Co., a New York corporation which has changed its name to Fresenius National Medical Care Holding Care Holdings, Inc., W. R. Grace & Co.-Del., a Delaware Corporation, American Employers' Insurance Company, and Employers Commercial Union Insurance Company, dated as of December 17, 1996.

**"1996 Unigard Agreement"** shall mean that particular Settlement Agreement, Release and Indemnification/Hold Harmless Agreement between W. R. Grace & Co.-Conn., W. R. Grace & Co., and Unigard Security Insurance Company dated as of July 11, 1996.

**"OneBeacon"** shall mean OneBeacon America Insurance Company on its own behalf and on behalf of its predecessor companies, affiliates and subsidiaries that issued insurance policies to the Debtors.

**"Seaton"** shall mean Seaton Insurance Company on its own behalf and on behalf of its predecessor companies, affiliates and subsidiaries that issued insurance policies to the Debtors.

(b)     Section 7.13 shall be amended to add the following sentence to the end of the second paragraph of such section: "For the avoidance of doubt, and without limiting any defense, counterclaim, or other right of any of the Sealed Air Indemnified Parties or the application of any other provision of the Plan (including each of the injunctions and releases in the Plan), this Section 7.13 of the Plan does not release the Sealed Air Indemnified Parties from any direct contractual indemnification obligation that they may have to OneBeacon America Insurance Company under the 1996 CU Agreement with respect to environmental claims asserted against

the policies covered by that agreement except where any such obligation is, gives rise to, is based on, arises out of, or otherwise relates to any Asbestos Claim."

(c)     Section 8.5.2 shall be modified as follows:

**8.5.2    Reservations from the Injunction for the Benefit of Holders of Grace-Related Claims**

(a)     As used in this Section 8.5.2: (i) **"GR Claim"** means a Grace-Related Claim against Fresenius that is not (x) an Asbestos PI Claim or an Asbestos PD Claim; (y) a claim against such Fresenius Indemnified Party that arises out of the Fresenius Transaction, or (z) a claim for fraudulent conveyance, successor liability, piercing of the corporate veil, a claim arising under chapter 5 of the Bankruptcy Code, or any other similar claim or cause of action; and (ii) **"GR Proof of Claim"** means a proof of claim set forth in a format substantially the same as Official Form 10 that asserts a GR Claim; (iii) provided, however, that with respect to Seaton, a GR Claim may only be asserted, and a GR Proof of Claim may only be filed, with respect to a GR Claim that is based on the 1996 Unigard Agreement; and (iv) further provided that with respect to OneBeacon, a GR Claim may only be asserted, and a GR Proof of Claim may only be filed, with respect to a GR Claim that is based on the 1996 CU Agreement;

…

(d)     A new section 8.5.4 shall be added as follows:

**8.5.4    Reservations from the Injunction for the Benefit of OneBeacon**

(a)     Notwithstanding anything to the contrary contained in Section 8.5.1 above, and without limiting any defense, counterclaim, or other right of any of the Sealed Air Indemnified Parties or the application of any other provision of the Plan (including each of the injunctions and releases in the Plan), the Successor Claims Injunction shall not apply to any direct contractual indemnification obligation that any Sealed Air Indemnified Party may have to OneBeacon based upon or arising under the 1996 CU Agreement with respect to "Hatco-Related Environmental Claims" (as defined in the 1996 CU Agreement) asserted against the policies covered by that agreement.

(e)     Section 8.8.1. of the Joint Plan shall be amended to add the following sentence at the end of Section 8.8.1: "For the avoidance of doubt, each of the SA Debtors' and the

Reorganized Debtors' obligations to indemnify, defend, and hold harmless the Sealed Air Indemnified Parties under the Sealed Air Settlement Agreement and the documents governing the Cryovac Transaction shall survive confirmation and the SA Debtors' and the Reorganized Debtors' discharge and remain fully effective and enforceable after the Effective Date; and for the further avoidance of doubt the foregoing obligations include the obligations of the SA Debtors and Reorganized Debtors, at their sole expense, to jointly and severally defend, indemnify, and hold harmless the Sealed Air Indemnified Parties from and against any and all indemnification obligations of any of the Sealed Air Indemnified Parties to OneBeacon based upon or arising under the 1996 CU Agreement with respect to environmental claims asserted against the policies covered by that agreement."

12.     Seaton shall remain a party to the Insurance Neutrality Stipulation; provided, however, that those Seaton objections preserved by the Insurance Neutrality Stipulation are now withdrawn pursuant to paragraph 1 of this Stipulation.

Dated: February 15, 2010

Dated: February 15, 2010


__/s/ Michael F. Brown_____

__/s/  James E. O'Neill_____

DRINKER BIDDLE & REATH LLP
Warren T. Pratt (Bar No. 4334)
David P. Primack (Bar No. 4449)
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
Telephone: (302) 467-4200

Michael F. Brown
Jeffrey M. Boerger
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700

Counsel for OneBeacon America Insurance
Company and Seaton Insurance Company

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Lisa G. Esayian
Nathaniel J. Kritzer
601 Lexington Avenue
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile: (212) 446-4900

and

PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in
Possession

Dated: February 15, 2010

  /s/   Mark T. Hurford_____

CAMPBELL & LEVINE, LLC
Mark T. Hurford (Bar No. 3299)
Marla R. Eskin (Bar No. 2989)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947

mhurford@camlev.com

and

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125


Peter Van N. Lockwood
Nathan D. Finch
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

Counsel for the Official Committee of
Asbestos Personal Injury Claimants

Dated: February 15, 2010

    /s/       John C. Philips_____

PHILIPS, GOLDMAN & SPENCE, P .A.
John C. Philips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

and

ORRICK, HERRINGTON & SUTCLIFFE
LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

Counsel for David T. Austern, Asbestos PI
Future Claimants' Representative

Dated: February 15, 2010


  /s/ Teresa K.D. Currier _____

SAUL EWING LLP
Teresa K.D. Currier (Bar No. (3080)
222 Delaware Avenue, 12th Floor
Wilmington, DE  19801
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
tcurrier@saul.com

and

KRAMER LEVIN NAFTALIS & FRANKEL
LLP
Philip Bentley
Gregory Horowitz
David Blabey
1177 Avenue Of The Americas
New York, NY 10036
Telephone:  (212) 715-9100

Counsel for the Official Committee of Equity
Security Holders