IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date: February 22, 2010 at 10:30 a.m. |
| | ) | Objection Deadline: February 5, 2010 at 4:00 pm. |
| | ) | Agenda No. 5 |
| | | RE: 24099 |

### ORDER APPROVING STIPULATION AND AGREED ORDER RESOLVING NEUTRALITY OBJECTIONS TO FIRST AMENDED JOINT PLAN OF REORGANIZATION

This matter having come before the Court on the Joint Motion (the "Motion") of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders (collectively, the "Plan Proponents") for an order approving a stipulation and agreed order (the "Stipulation") by and among the Plan Proponents, on the one hand, and certain insurers (the "Insurers," and together with the Plan Proponents, the "Parties") who submitted Phase I

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

objections to confirmation of the Plan,[2] on the other hand; and the Court having reviewed and conducted a hearing on the Motion, the Court hereby finds that:

    (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

    (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

    (c) notice of the Motion was adequate under the circumstances;

    (d) the relief requested in the Motion is in the best interests of the bankruptcy estate;

    (e) the Stipulation is the product of arm's-length, good faith negotiations by and among the Parties and is not the product of fraud or collusion. The compromise and settlement memorialized by the Stipulation meets the standards established by the United States Court of Appeals for the Third Circuit for approval of settlements, which require consideration of the following factors: (1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and related expense and inconvenience; and (4) the interests of the creditors. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also Fry's Metals, Inc. v. Gibbons (In re RFE Industries, Inc.)*, 283 F.3d 159, 165 (3d Cir. 2002); and

    (f) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

---

[2] The "Plan" shall refer to the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders, dated February 27, 2009, and together with its exhibits and schedules, as they all may be amended, supplemented or otherwise modified from time to time.

NOW, THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTION 105 AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. For the reasons set forth herein and on the record at the hearing, all objections to the Motion and the relief requested therein and/or granted in this Order that have not been withdrawn, waived or settled, and all reservations of rights included in such objections are overruled on the merits.

3. The Stipulation, a copy of which is attached to the Motion as <u>Exhibit A</u>, is approved in its entirety.

4. The Stipulation shall be binding upon the Parties and their respective successors and assigns, upon the Asbestos PI Trust once it is established pursuant to the Plan, and upon all Asbestos PI Trustees.

5. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 6004(h).

6. This Court shall retain non-exclusive jurisdiction to interpret, implement and enforce the provisions of this Order subject to the terms of the Stipulation.

Dated: February 16, 2010

*Judith K. Fitzgerald*
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge