IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | ) ) ) | Case No. 01-01139 (JKF) |
| Debtors. | ) ) | Jointly Administered |

## STIPULATION AND AGREED ORDER

IT IS HEREBY STIPULATED AND AGREED AMONG (a) W.R. Grace & Co., et al. (collectively, the "**Debtors**"), the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders (collectively, the "**Plan Proponents**"), on the one hand, and (b) the Insurers who have executed this Stipulation and Agreed Order ("Insurers"), on the other hand (the Plan Proponents and the Insurers are referred to collectively as the "Parties"), as follows:

WHEREAS, the Plan Proponents filed the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders on February 27, 2009 (as the same may be modified from time to time in accordance with and subject to this Stipulation and Agreed Order, the "Plan");[1]

WHEREAS, the Plan calls for the creation of an Asbestos PI Trust and an Asbestos PD Trust;

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as in the Plan.

WHEREAS, pursuant to the Third Amended Case Management Order [Docket No. 21544] entered in these cases, the Insurers submitted Phase I objections to confirmation of the Plan, asserting, among other objections, that the Plan may improperly affect their rights in their capacity as insurers to assert or litigate coverage defenses in Coverage Litigation as defined below (the "Neutrality Objections"); and

WHEREAS, pursuant to the Fourth Amended Case Management Order [Docket No. 22819] entered in these cases, the Insurers submitted Phase II objections to confirmation of the Plan; and

WHEREAS, a hearing on the Neutrality Objections was held on June 22 and June 23, 2009; and

WHEREAS, a hearing on the objections raised by the Insurers, other than the Neutrality Objections, was held on September 8 through 11, September 14 through 17 and October 13 through October 14, 2009; and

WHEREAS, the Parties, without admission, have reached agreement, as set forth below, to, *inter alia*, make certain modifications to the Plan and thereby resolve the Neutrality Objections.

NOW THEREFORE, the Parties hereby stipulate and agree as follows:

1. <u>Plan Amendments</u>. The Plan shall be amended to include the Plan modifications set forth in Exhibit A attached hereto, which modifications are incorporated herein by reference.

2. <u>Insurer Plan Objections</u>.

    a. Effective upon the entry of an order of the Bankruptcy Court approving this Stipulation and Agreed Order ("Stipulation"), and contingent on a Final Order confirming the Plan containing the Plan modifications set forth in Exhibit A:

(i) The Insurers' Neutrality Objections shall be deemed withdrawn.

(ii) Except as provided in paragraph 2(b) below, the remaining Phase I objections, and the Phase II objections, of the Insurers shall be withdrawn.

b. The following Phase I and Phase II objections shall not be withdrawn by the Insurers, and the Insurers shall retain the right to continue to litigate these objections before the Bankruptcy Court and the District Court, and in any appropriate appellate court.

(i) Each Insurer retains the right to litigate the issues below as applicable to itself:

(I) Whether the transfer of Asbestos Insurance Rights under the Asbestos Insurance Transfer Agreement is valid and enforceable against such Insurer;

(II) Whether the Bankruptcy Court or District Court has jurisdiction to issue certain injunctions to the extent such injunction(s) would operate to enjoin claims that certain Insurers hold or assert against the Sealed Air Indemnified Parties and Fresenius Indemnified Parties;

(III) Whether certain releases, exculpations, and injunctions provided in the Plan and Plan Documents (including certain releases and injunctions providing protections to the Sealed Air Indemnified Parties or the Fresenius Indemnified Parties) are valid and enforceable; and

(IV) Whether the provisions of Section 7.2.2(d)(iv) of the Plan improperly eliminate, modify, or transfer any rights each Insurer may have, or any obligations or

liabilities the Debtors may have, under any Asbestos Insurance Reimbursement Agreement entered into by that Insurer.

(ii) The Certain Insurers listed in footnote 2 to this Stipulation ("Certain Insurers")[2] also retain the right to continue to litigate the following Phase I and the Phase II objections (other than Neutrality Objections) that they have raised in their Phase II Pre-Trial or Post-Trial Briefs submitted to the Bankruptcy Court on or about July 13, 2009 and November 2, 2009:

(I) Whether the members of the Asbestos PI Trust Advisory Committee ("TAC") and their respective law firms have an inappropriate conflict of interest;

(II) Whether the Section 524(g) injunctions included in the Plan improperly limit the universe of insurers eligible for Section 524(g) injunctive protection to those that have settled prior to Confirmation or within 10 days after Confirmation;

(III) Whether the Plan and Plan Documents improperly discriminate against Indirect PI Trust Claims held by Certain Insurers, including, but not limited to, treating such claims differently than other Class 6 Claims;

(IV) Whether certain claims held by Certain Insurers against the Debtors are improperly classified as Class 6 Claims under the Plan;

(V) Whether the Plan fails to comply with the requirements of Bankruptcy Code § 524(g)(2)(B)(i)(II) and (III); and

---

[2] CNA (as defined in footnote 3) and Seaton Insurance Company ("Seaton").

(VI) Whether the Plan improperly fails to extend Section 524(g) injunctive protection to CNA[3] to the full extent that the Debtors are obligated to indemnify CNA under the Asbestos Insurance Reimbursement Agreement and various pre-petition Asbestos Insurance Settlement Agreements entered into between CNA and the Debtors.

c. The Plan Proponents reserve the right to challenge the standing of any Insurer to litigate the Objections referenced in paragraph 2(b), as well as to litigate the merits of the Objections and the timeliness of the CNA and Seaton objections described in paragraph 2(b)(ii) above.

d. If the Plan (including the modifications specified in Exhibit A attached hereto) is not confirmed by the Bankruptcy Court and affirmed by the District Court, and is not confirmed by the District Court, or any Order confirming the Plan is overturned on appeal, the Insurers' withdrawal of the objections specified in paragraph 2(a)(i) and (ii) shall be a nullity and of no force or effect, and the Insurers shall have the right to raise any and all Objections to any new or modified plan that is proposed by the Debtors or any other party.

3. <u>Miscellaneous</u>.

a. By entering into the Stipulation, the Insurers are not waiving any rights, claims, defenses or arguments that they would be entitled to assert to a claim seeking insurance coverage ("Coverage Litigation"), except to the extent that a Final Order is issued with respect to any particular Insurer with respect to any objection specified in paragraph 2(b) above that has not been withdrawn pursuant to this Stipulation.

---

[3] The term "CNA" means Continental Casualty Company and Continental Insurance Company, on their behalf and on behalf of their predecessor companies, affiliates and subsidiaries which issued insurance policies to the Debtors.

b. Indirect PI Trust Claims held now or in the future by the Insurers shall not be subject to disallowance under section 502(e) of the Bankruptcy Code, 11 U.S.C. § 502(e).

c. It is the intent of the Parties that this Stipulation shall be binding upon the Parties and the Asbestos PI Trust in any and all Coverage Litigation involving the Asbestos Insurance Policies, Asbestos Insurance Reimbursement Agreements, Asbestos In-Place Coverage, and Asbestos Insurance Settlement Agreements. Toward that end, the Parties hereby agree (i) to file this Stipulation in the Chapter 11 Cases within five (5) days after it has been executed by all the Parties, (ii) to use their reasonable best efforts to obtain prompt approval of this Stipulation by the Bankruptcy Court; and (iii) in the event any Coverage Litigation takes place, before or after the Effective Date of the Plan, in any proceeding other than the Chapter 11 Cases, or in a court other than the Bankruptcy Court or the District Court, the Parties shall jointly request such court to enter this Stipulation as an order governing such Coverage Litigation.

d. Subject to paragraph 2(d) above, this Stipulation shall become effective and binding upon execution by all the Parties and approval by the Bankruptcy Court.

e. This Stipulation shall be binding upon the Parties and their respective successors and assigns, upon the Asbestos PI Trust once it is established pursuant to the Plan, and upon all Asbestos PI Trustees; and the Plan and any Confirmation Order shall so provide.

f. No change or modification of the Plan after December 16, 2009, shall alter the rights of any Insurer under this Stipulation unless agreed to in writing by that Insurer.

g.      The Bankruptcy Court shall retain non-exclusive jurisdiction to interpret and enforce the provisions of this Stipulation in all respects. The provisions of this Stipulation are non-severable and mutually dependent.

AGREED as of this 31st day of December, 2009:

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Lisa G. Esayian
Deanna D. Boll
601 Lexington Avenue
New York, NY  10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*and*

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison Street
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162

*and*

/s/ Kathleen P. Makowski
PACHULSKI, STANG, ZIEHL & JONES LLP
Laura Davis Jones (#2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

*Counsel for the Debtors and Debtors in Possession*

ROSENTHAL, MONHAIT & GODDESS, P.A.

By:  /s/ Edward B. Rosenthal
Edward B. Rosenthal (Bar No. 3131)
P.O. Box 1070
Wilmington, DE  19899
Telephone: (302) 656-4433x6
Facsimile: (302) 658-7567

*and*

GOODWIN PROCTER LLP
Daniel M. Glosband (*pro hac vice*)
Exchange Place
Boston, MA  02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

*and*

Michael S. Giannotto (*pro hac vice*)
Frederick C. Schafrick (*pro hac vice*)
901 New York Avenue, N.W.
Washington, D.C.  20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

*and*

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.
Elizabeth DeCristofaro (*pro hac vice*)
Wall Street Plaza, 23rd Floor
New York, NY 10005-1875
Telephone: (212) 269-4900

7

CAMPBELL & LEVINE, LLC

/s/ Mark T. Hurford
Mark T. Hurford (Bar No. 3299)
800 N. King Steret, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947

and

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NJ 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*

PHILLIPS, GOLDMAN & SPENCE, P.A.

/s/ John C. Phillips
John C. Phillips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

and

and

WILDMAN, HARROLD, ALLEN & DIXON LLP
Jonathan W. Young
Jeff Chang
225 West Wacker Drive
Chicago, IL 60606-1229
Telephone: (312) 201-2662
Facsimile: (312) 416-4524

*Counsel for Continental Casualty Company, Transportation Insurance Company and their American Insurance Affiliates*

COZEN O'CONNOR

/s/ Barry Klayman
Barry M. Klayman (DE No. 3676)
1201 N. Market Street
Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2035
Facsimile: (215) 701-2209

and

William P. Shelley (PA ID 40875)
Jacob C. Cohn (PA ID 40875)
Ilan Rosenberg (PA ID 89668)
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

*Counsel for Federal Insurance Company*

/s/ David P. Primack
Warren T. Pratt (4334)
David P. Primack (4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
Telephone: (302) 467-4200

and

8

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T. Austern,
Asbestos PI Future Claimants' Representative*

SAUL EWING LLP

*/s/ Teresa K.D. Currier*
Teresa K.D. Currier (Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Facsimile: (302) 421-6813

*and*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Douglas Mannal
1177 Avenue of the Americas
New York, NY 10022
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee of Equity Security Holders*

Michael F. Brown
Jeffrey M. Boerger
One Logan Square
Philadelphia, PA 19103-6996
Telephone (215) 988-2700

*Counsel for Seaton Insurance Company, Government Employees Insurance Company, and Republic Insurance Company n/k/a/ Starr Indemnity & Liability Company*

*/s/ Eileen T. McCabe*
Eileen T. McCabe, *pro hac vice*
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, NY 10019
Telephone: (212) 261-8000
Facsimile: (212) 261-8750

*and*

Michael A. Shiner, *pro hac vice*
TUCKER ARENSBERG, P.C.
1500 One PPG Place
Pittsburgh, PA 15222
412-594-5586 (telephone)
412-594-5619 (facsimile)

*Counsel for AXA Belgium as successor to Royale Belge*