IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline:  February 16, 2010 at 10:30 a.m.
Hearing Date:  February 5, 2010 at 4:00 p.m.

RE: 24154

**ORDER AUTHORIZING THE DEBTORS TO (A) ENTER INTO
EXIT FINANCING ENGAGEMENT LETTERS;
(B) PAY CERTAIN FEES AND EXPENSES IN CONNECTION
THEREWITH; AND (C) FILE THE ENGAGEMENT LETTERS UNDER SEAL**

Upon the motion (the "Motion")[2] of W. R. Grace & Co, and W. R. Grace & Co.-Conn.

(jointly and severally, "Grace," and together with the other above-captioned debtors, the

"Debtors"), for entry of an order (this "Order") authorizing the Debtors to (a) enter into two

engagement letters providing for a "best efforts" engagement to provide exit financing (the

"Engagement Letters") by Goldman, Sachs & Co. ("GS&Co."), Goldman Sachs Lending

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc., (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    Capitalized terms not defined herein shall have the same meaning ascribed in the Motion.

Partners LLC ("GS Lending Partners") and Deutsche Bank Securities Inc. ("DBSI") (together with GS&Co. and GS Lending Partners, the "Exit Lenders"); (b) pay certain fees and expenses in connection therewith; and (c) file the Engagement Letters under seal; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of this Motion having been provided; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1.    The Motion is granted.

2.    The Debtors are authorized to enter into, and perform under, the Engagement Letters.

3.    The Debtors are authorized to use estate funds to pay fees and expenses as set forth in the Engagement Letters, including the Break-up Fees, if applicable.

4.    The Debtors are authorized to indemnify the Arrangers and Investment Banks and their affiliates in accordance with the terms set forth in Annex A of the Engagement Letters.

5.    The Debtors may take any actions necessary to implement the Engagement Letters, including those uses of estate assets required by the Engagement Letters.

6.    The payment obligations of the Debtors arising under the Engagement Letters shall be entitled to priority as administrative claims under sections 503(b) and 507(a)(1) of the Bankruptcy Code, whether or not the Loan Documents are executed or any of the Exit Facilities are funded.

7.    The Debtors are authorized to file copies of the Engagement Letters (in substantially the forms annexed as Exhibit B-1 and Exhibit B-2 to the Motion and incorporated by reference as though fully set forth herein) under seal, which shall remain under seal and confidential and, with the exception of the Limited Notice Parties, shall not be made available to anyone without the written consent of the Debtors and the Exit Lenders or by further order of this Court, and service of the Motion shall be permitted and deemed sufficient without transmittal of the Engagement Letters.

8.    The Limited Notice Parties, including the parties that they represent, shall be bound by this Order and shall at all times keep the Engagement Letters strictly confidential and shall not disclose the contents of the Engagement Letters to any party whatsoever, except that counsel to any ad-hoc or statutorily appointed committee of creditors or equity holders, to the future claimants' representative for the asbestos personal injury claimants and the future claimants' representative for the asbestos property damage claims may disclose the Engagement Letters to their respective professional advisors and committee members, but to no other party notwithstanding section 1102(b)(3) of the Bankruptcy Code or otherwise, provided that such professional advisors and committee members that receive the Engagement Letters shall be bound by this Order and shall at all times keep the Engagement Letters confidential.

9.    The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

10.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: February 16, 2010

_Judith K. Fitzgerald_
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge    SJS