UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE


IN RE:                          .    Case No.  01-1139 (JKF)
                                .
W.R. GRACE & CO.,               .
et al.,                         .    USX Tower - 54th Floor
                                .    600 Grant Street
                                .    Pittsburgh, PA 15219
                Debtors.   .
                                .    February 16, 2010
. . . . . . . . . . . . ..        10:39 a.m.


TRANSCRIPT OF TELEPHONIC HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtors:          Kirkland & Ellis, LLP
                          By:  DAVID BERNICK, ESQ.
                               JANET BAER, ESQ.
                          200 East Randolph Drive
                          Chicago, IL  60601

                          Kirkland & Ellis, LLP
                          By:  THEODORE FREEDMAN, ESQ.
                          Citigroup Center, 153 East 53rd St.
                          New York, NY  10022




Audio Operator:           Janet Heller



Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609)586-2311      Fax No. (609) 587-3599**

APPEARANCES (Contd'):

For the Asbestos             Caplin & Drysdale, Chartered
Creditors Committee:         By:  PETER LOCKWOOD, ESQ.
                                  WALTER SLOCOMBE, ESQ.
                             One Thomas Circle, NW
                             Washington, D.C.  20005

For the Future              Orrick, Herrington & Sutcliffe, LLP
Claimants                   By:  ROGER FRANKEL, ESQ.
Representatives:            Washington Harbour
                           3050 K Street, N.W.
                           Washington, D.C.  20007

For the Equity             Kramer Levin Naftalis & Frankel
Committee:                 By:  DAVID E. BLABEY, JR., ESQ.
                           919 Third Avenue
                           New York, NY  10022

For the                    Stroock & Stroock & Lavan
Unsecured Creditors'       By:  KENNETH PASQUALE, ESQ.
Committee:                      ARLENE KRIEGER, ESQ.
                           180 Maiden Lane
                           New York, NY  10038-4982

For the Property           Bilzin Sumberg Baena Price &
Damage Committee:            Axelrod LLP
                           By:  MATTHEW KRAMER, ESQ.
                           200 South Biscayne Boulevard
                           Suite 2500
                           Miami, FL  33131

For Committee of           Campbell & Levine
Asbestos Personal          By:  MARK T. HURFORD, ESQ.
Injury Claimants:          800 North King Street
                           Suite 300
                           Wilmington, DE  19701

For Maryland Casualty:     Eckert Seamans Cherin & Mellott, LLC
                           By:  EDWARD LONGOSZ, II, ESQ.
                           By:  GABRIELLA CELLAROSI, ESQ.
                           1747 Pennsylvania Avenue, N.W.
                           Suite 1200
                           Washington, D.C.  20006

For Sealed Air:            Skadden, Arps, Slate, Meagher & Flom,
                             LLP
                           By:  DAVID TURETSKY, ESQ.
                           One Rodney Square
                           Wilmington, DE  19801

**J&J COURT TRANSCRIBERS, INC.**

```
APPEARANCES (Contd'):

For Garlock Sealing          Robinson, Bradshaw & Hinson, P.A.
Technologies:                By:  RICHARD WORF, ESQ.
                             101 North Tryon Street
                             Suite 1900
                             Charlotte, NC  28246


For State of Montana:        Womble, Carlyle, Sandridge & Rice
                             By:  KEVIN MANGAN, ESQ.
                             222 Delaware Avenue
                             Suite 1501
                             Wilmington, DE  19801


For Federal Insurance        Cozen O'Connor
Company:                     By:  ILAN ROSENBERG, ESQ.
                             1900 Market Street
                             Philadelphia, PA  19103


For BNSF Railway:            Pepper Hamilton, LLP
                             By:  LINDA CASEY, ESQ.
                             3000 Two Logan Square
                             Philadelphia, PA  19103


For GEICO, Seaton            Drinker Biddle & Reath LLP
Ins. Co., Republic           By:  JEFFREY M. BOERGER, ESQ.
Ins. Co.:                         MICHAEL F. BROWN, ESQ.
                             One Logan Square
                             18th and Cherry Streets
                             Philadelphia, PA  19103


For Allstate Insurance:      Cuyler Burk, LLP
                             By:  STEFANO CALOGERO, ESQ.
                             Parsippany Corporate Center
                             Four Century Drive
                             Parsippany, NJ  07054


For Ford, Marrin,            Ford, Marrin, Esposito, Witmeyer &
Esposito, Witmeyer             Gleser, LLP
& Gleser, LLP:               By:  ELIZABETH M. DeCRISTOFARO, ESQ.
                             Wall Street Plaza, 23rd Floor
                             New York, NY  10005-1875


For CNA:                     Goodwin Procter, LLP
                             By:  DANIEL GLOSBAND, ESQ.
                                  MIKE GIANNOTTO, ESQ.
                             Exchange Place
                             Boston, MA  02109-2881
```

**J&J COURT TRANSCRIBERS, INC.**

APPEARANCES (Contd'):

For Fireman's Fund:          Stevens & Lee, P.C.
                             By:  JOHN DEMMY, ESQ.
                             1105 North Market Street, 7th Fl.
                             Wilmington, DE  19801

For Maryland Casualty:       Connelly Bove Lodge & Hutz, LLP
                             By:  JEFFREY WISLER, ESQ.
                             The Nemours Building
                             1007 North Orange Street
                             Wilmington, DE  19899

For the Unsecured            Strook & Strook & Lavan
Creditors' Committee:        By:  LEWIS KRUGER, ESQ.
                             180 Maiden Lane
                             New York, NY 10038

For Official Committee       Dies & Hile, LLP
of Asbestos Property         By:  MARTIN DIES, ESQ.
Damage Claimants:            1601 Rio Grande, Suite 330
                             Austin, TX  78701

                             LECG
                             By:  ALAN MADIAN, ESQ.
                             1725 Eye Street NW, Ste 800
                             Washington, DC,  20006

                             Pryor Cashman, LLP
                             By:  RICHARD LEVY, ESQ.
                             7 Times Square
                             New York, NY 10036

For the Property             Bilzin Sumberg Baena Price &
Damage Committee:              Axelrod LLP
                             By:  SCOTT BAENA, ESQ.
                                  JAY SAKALO, ESQ.
                             200 South Biscayne Boulevard
                             Suite 2500
                             Miami, FL  33131

For Hartford Financial       Wilmer Cutler Pickering Hale & Dorr,
Service Group, Inc.:           LLP
                             By:  MELANIE DRITZ, ESQ.
                             399 Park Avenue
                             New York, NY  10022

APPEARANCES (Contd'):

For the Bank Lenders:      Paul Weiss Rifkind Wharton &
                             Garrison, LLP
                           By:  ANDREW N. ROSENBERG, ESQ.
                                MARGARET PHILLIPS, ESQ.
                                REBECCA ZUBATY, ESQ.
                                KELLIE CAIRNS, ESQ.
                                SARAH HARNETT
                           1285 Avenue of the Americas
                           New York, NY  10019

For Everest                Crowell & Moring LLP
Reinsurance Co.:           By:  LESLIE A. DAVIS, ESQ.
                                MARK PLEVIN, ESQ.
                           1001 Pennsylvania Avenue, N.W.
                           Washington, DC  20004

For Asbestos Property      Scott Law Group
Damage Claimants:          By:  DARRELL SCOTT, ESQ.
                           1001 East Main Street, Suite 500
                           Sevierville, TN  37864

For National Union Fire    Zeichner Ellman & Krause, LLP
Insurance Co.:             By:  ROBERT GUTTMANN, ESQ.
                                MICHAEL DAVIS, ESQ.
                           575 Lexington Avenue
                           New York, NY  10022

For PD FCR:                Law Office of Alan B. Rich
                           By:  ALAN RICH, ESQ.
                           1201 Main Street, Suite 1910,
                           Dallas, TX  75202

For the Future            Orrick, Herrington & Sutcliffe,
Claimants                    LLP
Representatives:          By:  DEBRA FELDER, ESQ.
                          Washington Harbour
                          3050 K Street, N.W.
                          Washington, D.C.  20007

For Official Committee    Anderson Kill & Olick
of Asbestos Personal      By:  ROBERT M. HORKOVICH, ESQ.
Injury Claimants:         1251 Avenue of the Americas
                          New York, NY  10020-1186

For the United States:    Justice Department
                          By:  ELIZABETH YU, ESQ.
                          Washington, DC

**J&J COURT TRANSCRIBERS, INC.**

APPEARANCES (Contd'):

| | |
|---|---|
| For David T. Austern, the Future Claimants' Representative: | Phillips, Goldman & Spence, P.A.<br>By:  JOHN C. PHILLIPS, JR., ESQ.<br>1200 North Broom Street<br>Wilmington, DE  19806 |
| | Lincoln International, LLC<br>By:  GEORGE COLES<br>     JOSEPH RADECKI |
| | Orrick, Herrington & Sutcliffe<br>By:  RICHARD H. WYRON, ESQ.<br>1152 15th Street N.W.<br>Washington, DC 20005 |
| For the Asbestos Creditors Committee: | Ferry Joseph & Pearce, P.A.<br>By:  THEODORE TACCONELLI, ESQ.<br>824 Market Street, Suite 19899<br>Wilmington, DE  19899 |
| For Ford, Marrin, Esposito, Witmeyer & Gleser: | Ford, Marrin, Esposito, Witmeyer & Gleser<br>By:  SHAYNE SPENCER, ESQ.<br>Wall Street Plaza<br>New York, NY  10005 |
| For Official Committee of Unsecured Creditors: | Duane Morris, LLP<br>By:  MICHAEL LASTOWSKI, ESQ.<br>1100 North Market Street, Suite 1200<br>Wilmington, DE  19801-1246 |
| For Official Committee of Asbestos Property Damage Claimants: | Brandi Law Firm<br>By:  THOMAS J. BRANDI, ESQ.<br>     TERENCE D. EDWARDS, ESQ.<br>44 Montgomery St., Suite 1050<br>San Francisco, CA  94104 |
| | Lieff, Cabraser, Heimann & Bernstein<br>By:  ELIZABETH J. CABRASER, ESQ.<br>Embarcadero Center West<br>275 Battery Street, Suite 3000<br>San Francisco, CA  94111 |
| For the Libby Claimants: | Cohn, Whitesell & Goldberg, LLP<br>By:  CHRISTOPHER M. CANDON, ESQ.<br>101 Arch Street<br>Boston, MA  02110 |

**J&J COURT TRANSCRIBERS, INC.**

```
APPEARANCES (Contd'):

For the Bank Lenders:        Landis, Rath & Cobb, LLP
                             By:  RICHARD COBB, ESQ.
                                  JAMES S. GREEN, JR., ESQ.
                             919 Market Street, Suite 1800
                             Wilmington, DE  19899

For Travelers Casualty       Morris, Nicholas, Arsht & Tunnell, LLP
Surety Company:              By:  JOHN BIRD, ESQ.
                             1201 North Market Street, 18th Floor
                             Wilmington, DE  19899

For the PD Committee:        Speights & Runyan
                             By:  DANIEL SPEIGHTS, ESQ.
                                  MARION FAIREY, ESQ.
                                  ALAN RUNYAN, ESQ.
                             200 Jackson Avenue, East
                             Hampton, SC  29924

For Everest Reinsurance      Marks, O'Neill, O'Brien & Courtney LLP
Company, et al.:             By:  BRIAN L. KASPRZAK, ESQ.
                             913 North Market Street
                             Suite 800
                             Wilmington, DE  19801

For Anderson Memorial        Kozyak, Tropin & Throckmorton, PA
Hospital:                    By:  DAVID L. ROSENDORF, ESQ.
                             2525 Ponce de Leon, 9th Floor
                             Miami, Florida 33134

For ZAI Claimants            Hogan Firm Attorneys at Law
& various law firms:         By:  DANIEL K. HOGAN, ESQ.
                             1311 Delaware Avenue
                             Wilmington, DE  19801

For the U.S. Trustee:        Office of the U.S. Trustee
                             By:  DAVID KLAUDER, ESQ.
                             844 King Street, Suite 2313
                             Wilmington, DE  19801

For Arrowwood                Bifferato Gentilotti LLC
Indemnity Co.:               By:  GARVAN McDANIEL, ESQ.
                             800 North King Street
                             Wilmington, DE  19801
```

**J&J COURT TRANSCRIBERS, INC.**

APPEARANCES (Contd'):

For Royal Insurance:          Wilson Elser Moskowitz Edelman
                                 & Dicker, LLP
                              By:  CARL PERNICONE, ESQ.
                              150 East 42nd Street
                              New York, NY  10017

For AXA Belgium:              Tucker Arensberg, P.C.
                              By:  MICHAEL A. SHINER, ESQ.
                              1500 One PPG Place
                              Pittsburgh, PA  15222

For Official Committee        Richardson Patrick Westbrook &
of Asbestos Property             Brickman, P.C.
Claimants:                    By:  EDWARD J. WESTBROOK, ESQ.
                              174 East Bay Street
                              Charleston, SC  29401

For Dow Jones                 Dow Jones News Wires
News Wires:                   By:  PEG BRICKLEY

For Serengeti:                Vinson & Elkins, LLP
                              By:  ARI BERMAN, ESQ.
                              Trammell Crow Center
                              2001 Ross Avenue, Suite 3700
                              Dallas, TX  75201

For the Debtors:              Pachulski, Stang, Ziehl &Jones
                              By:  JAMES O'NEILL, ESQ.
                              919 North Market Street
                              17th Floor
                              Wilmington, DE  19899-8705

                              Kirkland & Ellis, LLP
                              By:  CHRISTOPHER GRECO, ESQ.
                                   DEANNA BOLL, ESQ.
                                   JOHN DONLEY, ESQ.
                              601 Lexington Avenue
                              New York, NY  10022

                              W.R. Grace & Co.
                              By:  MARK A. SHELNITZ, ESQ.
                                   RICHARD FINKE, ESQ.
                              7500 Grace Drive
                              Columbia, ND 21044

APPEARANCES (Contd'):

| | |
|---|---|
| For Scott Company: | Vorys, Sater, Seymour & Pease, LLP<br>By:  TIFFANY COBB, ESQ.<br>52 East Gay Street<br>Columbus, OH  43216 |
| For Pentwater Capital<br>Management: | Pentwater Capital Management<br>By:  JORDAN FISHER |
| For Oliver Butt | JP MORGAN CHASE & CO.<br>By:  OLIVER BUTT |
| For RBS: | RBS Greenwich Capital<br>By:  JEFFREY FARKAS, ESQ. |
| For Halcyon Asset<br>Management: | Halcyon Asset Management<br>By:  JOHN GREENE, ESQ. |
| For Onex Credit<br>Partners: | Onex Credit Partners<br>By:  STUART KOVENSKY, ESQ. |
| For Farallon Capital<br>Management: | Farallon Capital Management<br>By:  MICHAEL LINN |
| For Asbestos Claimants: | Simmons Firm<br>By:  ROBERT PHILLIPS, ESQ.<br>707 Berkshire Boulevard<br>East Alton, IL 62024 |
| For One Beacon & Seaton: | Drinker Biddle & Reath LLP<br>By:  WARREN PRATT, ESQ.<br>1100 N. Market Street<br>Wilmington, DE 19801 |
| For Official Committee: | Hamilton, Rabinovitz & Alshuler<br>By:  FRANCINE RABINOVITZ |
| For Travelers: | Simpson Thacher<br>By:  SAMUEL J. RUBIN, ESQ.<br>425 Lexington Avenue<br>New York, NY  10017 |
| For Alexander J.<br>Sanders, Jr. | Alexander J. Sanders, Jr.<br>By:  ALEXANDER SANDER, JR. |

**J&J COURT TRANSCRIBERS, INC.**

APPEARANCES (Contd'):
For Robert Siegel:          Traub, Lieberman, Straus & Shrewsberry
                            By:  ROBERT SIEGEL, ESQ.
                            Seven Skyline Drive
                            Hawthorne, NY 10532

                            Latham & Watkins
                            By:  STEPHEN R. TETRO, II, ESQ.
                            233 South Wacker Drive
                            Chicago, IL 60606

                                   ---

1              THE COURT:  This is the matter of W.R. Grace,

2 Bankruptcy Number 01-11-39.  Everyone is appearing by phone.  I

3 have a video link to the courtroom in Delaware, but I don't see

4 anyone there, and I'll shut the video link down if, in fact,

5 there is no one present.  Is there anybody in court in

6 Delaware?

7              SHERRY:  No, just me.

8              THE COURT:  Okay.  Thank you, Sherry.  We'll just

9 shut the video link down then since everyone's appearing by

10 phone.

11             SHERRY:  Okay.

12             THE COURT:  All right.  Thank you.

13             SHERRY:  You're welcome.

14             THE COURT:  List of participants I have by phone.

15 Scott Baena, Janet Baer, Ari Berman, David Bernick, John Bird,

16 David Blabey, Jeffrey Boerger, Deanna Boll, Thomas Brandi, Peg

17 Brickley, Michael Brown, Oliver Butt, Elizabeth Cabraser,

18 Kellie Cairns, Stefano Calogero, Christopher Candon, Linda

19 Casey, Gabriella Cellarosi, Richard Cobb, Tiffany Cobb, George

20 Coles, Leslie Davis, Michael Davis, Elizabeth DeCristofaro.

21 John Demmy, Martin Dies, John Donley, Melanie Dritz, Terence

22 Edwards, Marion Fairey, Jeffrey Farkas, Debra Felder, Richard

23 Finke, Jordan Fisher, Roger Frankel, Theodore Freedman, Michael

24 Giannotto, Daniel Glosband, Christopher Greco, James Green,

25 John Greene, Robert Guttmann, Sarah Harnett, Daniel Hogan,

1  Robert Horkovich, Mark Hurford, Brian Kasprzak, David Klauder,

2  Stuart Kovensky, Matthew Kramer, Arlene Krieger, Lewis Kruger,

3  Michael Lastowski, Richard Levy, Michael Linn, Peter Lockwood,

4  Edward Longosz, Alan Madian, Kevin Mangan, Garvan McDaniel,

5  James O'Neill, Kenneth Pasquale, Carl Pernicone, Margaret

6  Phillips, Robert Phillips, John Phillips, Mark Plevin, Warren

7  Pratt, Francine Rabinovitz, Joseph Radecki, Alan Rich, Andrew

8  Rosenberg, Ilan Rosenberg, David Rosendorf, Samuel Rubin, Alan

9  Runyan, Jay Sakalo, Alexander Sanders, Darrell Scott, Mark

10  Shelnitz, Michael Shiner, Robert Siegel, Walter Slocombe,

11  Daniel Speights, Shayne Spencer, Theodore Tacconelli, Stephen

12  Tetro, David Turetsky, Edward Westbrook, Jeffrey Wisler,

13  Richard Worf, Richard Wyron, Elizabeth Yu, and Rebecca Zubaty.

14          Ms. Baer.

15          MS. BAER:  Good morning, Your Honor, Janet Baer on

16  behalf of W.R. Grace.

17          Your Honor, on the agenda today the first item is the

18  25th omnibus objection.  Those matters are being continued to

19  March 22nd while we continue to work through them.  One note,

20  Your Honor, the Munoz's matter is listed as being continued to

21  April 12th.  Actually it's April 19th.  Your Honor, changed the

22  hearing in April.

23          THE COURT:  Okay.

24          MS. BAER:  Agenda Item Number 2, Your Honor, is the

25  debtor's objection to the claim of Maryland Casualty Company.

1   That matter is being continued until March 22nd.  We do

2   anticipate taking it up at the March 22nd hearing.

3          THE COURT:  Go ahead.

4          MS. BAER:  Your Honor, agenda Item 3 and 4 are the

5   two applications of Canadian counsel to be appointed special

6   counsel in the U.S.  Your Honor, the parties have agreed that

7   those matters should be put over to the March 22nd hearing.

8   The appeal of the order in Canada approving the amended

9   Canadian ZAI settlement is set to be heard on February 19th and

10  the parties want to have these matters heard after that appeal

11  has been heard in Canada.

12         THE COURT:  All right.

13         MS. BAER:  Your Honor, this morning you entered

14  orders on Numbers 5 and 6, Number 5 being the neutrality

15  stipulation and Number 6 being the application to amend the ART

16  credit agreement.  That takes us, Your Honor, to item Number 7

17  on the agenda.

18         THE COURT:  Wait.  Ms. Baer, before you go there, I

19  did enter the order this morning that approves the stipulation

20  with respect to Item 5.  But, I'm a little bit concerned about

21  this language so I want the parties to understand I'm approving

22  this change to the plan language, but I'm not necessarily

23  agreeing that this constitutes either an appropriate order that

24  the Court will enter or an agreement that this language is

25  either insurance neutral -- it's not really a neutrality issue.

1 I'm concerned about one finding that this provision is asking

2 that I make, and I'm not sure that I can make that finding.  So

3 I just want the parties to understand I'm agreeing to this plan

4 change because it's your plan, but I'm not agreeing that I'm

5 going to sign an order that approves this language.  Go ahead.

6          MR. BERNICK:  Well -- Your Honor, this is David

7 Bernick.  Which finding is it that has Your Honor concerned?

8          THE COURT:  That the procedures that have been

9 established by the plan for the evaluation and paying of

10 asbestos claims and demands are reasonable or appropriate.  I

11 think that's the only one off-hand.  But, it seems to me I

12 can't confirm this plan without making that finding.  And I

13 don't see how, after I make it, any other court is going to be

14 able to make a different finding.  So, I've got a problem with

15 that one.  It's on agenda item Number 5, Mr. Bernick, in

16 Exhibit A on the second page.  It's numbered Page 2.  It's

17 Romanette ii.

18          MR. BERNICK:  Is Peter Lockwood on the phone?

19          MR. LOCKWOOD:  Yes, I am.  I'm sorry, I'm trying to

20 locate where we are.  It's on --

21          THE COURT:  It's in Agenda Number 5 in Exhibit A,

22 which is the insurance neutrality language, 7.15.  It's on Page

23 2 of that document, and it's under the heading -- well, it's a

24 pretty long sentence.

25          MR. LOCKWOOD:  Oh, I see it.  The procedures by the

1  plan –– let me just see.

2         THE COURT:  For evaluating and paying the claims are

3  reasonable or appropriate.  I don't know how I confirm the plan

4  unless I can make that finding.  And if I do, I don't see how

5  it's not going to be binding on other courts.  This provision

6  is saying that no one can use as evidence or argue in any forum

7  to prove or claim that those procedures were reasonable and

8  appropriate, and I'm not exactly sure what that means.  For

9  example, does that mean that there's no appeal based on that

10 finding?

11        MR. LOCKWOOD:  No, I think the understanding, and I

12 believe this language may be identical to a provision that you

13 approved in the Federal Mogul plan, Your Honor.  But, in any

14 event the plan as we see it, or let's say the ACC sees it, is

15 under applicable law is essentially contract between the debtor

16 and its creditors and other interested parties which is

17 approved by the Court.  This provision is, in effect, an

18 agreement on the part of the plan proponents which is –– or to

19 be that as to what they will or will not use as evidence or

20 argument in a coverage case.  As such it doesn't purport to

21 bind the coverage court, I don't believe.

22        What I believe it binds is the trust or the

23 reorganized debtor, whichever one would be the litigating party

24 in a coverage case.  It would bind them as to what they might

25 or might not seek to do in that litigation.  And so for example

1  as I understand it, and others can disagree if they think I've

2  got it wrong, what we've agreed here is, let's take the trust

3  because this stipulation essentially addresses the standing of

4  non-settling -- not the standing -- it addresses the rights of

5  non-settling insurers whose policy coverage has been assigned

6  to the trust.

7          So, normally the trust would be the party in coverage

8  litigation asserting whether or not certain claims that were

9  presented to and resolved by the trust should or should not be

10 indemnified by insurers to whom -- whose insurance rights have

11 been assigned to the trust, but who have not entered into a

12 settlement agreement with the trust about it.  And what this

13 would say is, if the trust and its lawyers were involved in

14 such litigation with the effected insurers that if they

15 attempted to use the plan, or the plan documents or the various

16 confirmation orders to introduce them or to present them to the

17 coverage judge to support an argument that the plan procedures

18 -- well, actually I misspoke when I said the plan.  You have to

19 go back and look at it.  It says --

20          THE COURT:  Mr. Lockwood, I'm sorry, but you've lost

21 me.  What I think this procedure -- what this is attempting to

22 say is that no party can use the findings that I have to make

23 that determine that these procedures are appropriate because I

24 can't confirm the plan, I think, unless I determine that they

25 are appropriate, that no party can use those in the coverage

1  court to prove that the procedures are appropriate.

2            MR. LOCKWOOD:  That's correct.

3            THE COURT:  Is that what you're saying?

4            MR. LOCKWOOD:  That's correct.

5            THE COURT:  Okay.

6            MR. LOCKWOOD:  All we're doing is, we're agreeing

7  that in the -- the various materials in Subparagraph (b) under

8  the heading of Roman I, Roman II, Roman III and Roman IV, none

9  of those materials will be introduced on behalf of the trust,

10 for example, to argue --

11           THE COURT:  With respect to any particular claim.

12           MR. LOCKWOOD:  -- what?

13           THE COURT:  With respect to any particular claim.

14           MR. LOCKWOOD:  Correct.

15           THE COURT:  All right.  That's fine.

16           MR. LOCKWOOD:  In other words, --

17           THE COURT:  Okay, that's fine.

18           MR. LOCKWOOD:  Okay.

19           THE COURT:  All right.

20           MR. LOCKWOOD:  I think I got that right.  If anybody

21 else disagrees feel free to correct me.  But, I think that's

22 the way we all understand it.

23           THE COURT:  All right.  Anybody have a different

24 view?

25           THE COURT:  All right.  No one's asking to be heard.

1 Go ahead, Ms. Baer, Number 7.

2         MS. BAER:  Thank you, Your Honor.  Number 7, Your

3 Honor, is the debtor's motion to establish a protocol for

4 dealing with employee claims.

5         THE COURT:  Yes.  I understood that a different type

6 of order or something was going to be submitted, but I haven't

7 seen one.

8         MS. BAER:  Your Honor, we submitted on a

9 certification of counsel the same order with a slightly revised

10 notice that added a few changes that were requested by the

11 unsecured creditor's committee, and a blackline of that notice

12 was attached to the certification of counsel that was filed

13 with this.

14         THE COURT:  When?

15         MS. BAER;  The certification of counsel was filed on

16 the 9th of February at Docket 24269.

17         THE COURT:  Well, that's the one I had that I thought

18 the agenda said was going to be revised again.

19         MS. BAER:  The agenda two times ago said it was going

20 to be revised.  That was in error.  The agenda we filed

21 yesterday and this morning indicates that the new form of order

22 was submitted and that is the correct document.  It has not

23 changed again.

24         THE COURT: All right.  Just a minute.  I don't know

25 if I have that here.  No, I don't have that here.  That form of

1  order -- oh, wait, I'm sorry, 24269.  I think I do have it

2  here.  Okay, so the form of order that's in the binder attached

3  as Exhibit A that says, "The revised form of benefit

4  continuation notice is Exhibit 1 to the form of order," that's

5  the correct order to enter?

6           MS. BAER:  Yes, that's the correct order.

7           THE COURT:  All right.  I'll have that order entered.

8           MS. BAER:  Thank you, Your Honor.

9           THE COURT:  Just one second, let me make a note.

10  Okay, Ms. Baer.

11           MS. BAER:  Your Honor, agenda item Number 8 is the

12  debtor's application for entry -- of approval to enter into

13  certain engagement letters with respect to exit financing, and

14  you entered that order this morning.

15           THE COURT:  Go ahead.

16           MS. BAER:  That takes us to agenda item Number 9,

17  Your Honor.  Agenda item Number 9 is the debtor's request to

18  enter into a new letter of credit and hedging agreement which

19  replaces its current DIP facility.  Your Honor, we filed a

20  certification of counsel I believe the day before yesterday on

21  this one.  We had needed to make a number of changes requested

22  by the unsecured creditor's committee.  There was one further

23  change that had not been made and we corrected that last night

24  to make it clear that that change had not been made.  And the

25  form of order that we did submit on a certification of counsel

1  is the correct one.

2          Your Honor, this is a nice situation, I must say,

3  where we are replacing our DIP because we don't need it.

4  Instead, we will simply have the letter of credit facility

5  which is $100 million credit facility.  It is cash

6  collateralized and the only security interest the lenders have

7  is in the cash collateralized account.  The other assets of the

8  debtors are not secured by the lender's liens.  In addition,

9  the hedging arrangement which was part of the DIP and is now

10 part of this new agreement is secured by two cash collateral

11 accounts.

12         The hedging is for currency risks, as well as

13 commodity risks.  And, Your Honor, the changes that were made

14 to the order reflected, in large part, making it very, very

15 clear that the super priority claim that the lenders have is

16 solely to the extent of the cash collateral account.  And that

17 correction was made in a number of places in the order.  In the

18 facility's agreement itself there were two changes.  A change

19 to Section 9.1K and a change to Section 13.7.  The change to

20 Section 9.1K added the term "material" with respect to

21 competing super priority claims and liens.  And in 13.7 it

22 added the words "reasonably documented" to modify the

23 attorneys' costs that are compensable.  And, Your Honor, we

24 would ask that you enter the amended order with the amended

25 facility's agreement.

1            THE COURT:  Okay.  I never got an original order.

2    There was nothing in the binder with respect to this.  So, I

3    don't really know whether I have an amended order because the

4    only thing I've seen is what came in today and I'm still

5    reading through all of this because I didn't have it in the

6    binder.  What I have is marked in the bottom left corner

7    91100-001/doc_de:157467.1.  Is that the correct order?  It's 19

8    pages long.

9            MS. BAER:  That does -- is not the -- I only have the

10   blackline in front of me, not the clean one.  I do know that it

11   was filed with certification of counsel, 24295 filed on the

12   15th of February.

13           THE COURT:  Okay.  I don't know what the docket

14   numbers are because when they print it out there was no -- and

15   the cover letter doesn't have that COC number in it.  What I

16   have is a cover letter that's dated February 12th establishing

17   Docket Number 24281 as the COC.  And it relates to Docket

18   Number 24156 as the motion.  I'm not sure I have the same thing

19   you're looking at.

20           MS. BAER:  Right.

21           THE COURT:  That's what you printed today.

22           MS. BAER:  Your Honor, one way to tell is on the

23   final order, on the very second line if the date January 15th

24   is filled in then you have the right order.  That was blank in

25   the original submitted order.

1          THE COURT:  Okay.  It is filled in.  It's not
2  underlined.  It's just dated January 15?

3          MS. BAER:  Right.

4          THE COURT:  Okay.

5          MS. BAER:  Then that is the correct clean order.

6          THE COURT:  All right.  Okay.  I'm just about
7  finished reading through all this.  I don't see any issues with
8  it so I expect that it will be entered later today.  But, I'm
9  going to finish reading before I can say that.

10          MS. BAER:  Of course, Your Honor.  Thank you.  If
11 there's anything we need to do just let us know.

12          THE COURT:  All right.  Thank you.

13          MS. BAER:  Your Honor, that takes us to the last item
14 on the agenda which is agenda item Number 10.  Essentially, a
15 status on where we are with respect to various plan objections.
16 And Mr. Bernick will address the Court on that.

17          THE COURT:  Mr. Bernick?

18          MR. BERNICK:  Your Honor, we've endeavored -- I think
19 you can see from some of the stipulations that are now before
20 you, we've endeavored to try to reduce the number of issues
21 that are outstanding for resolution.  I know it always comes
22 late in the day after Your Honor already has done significant
23 work.  And we can't claim that we are clean on that one -- in
24 that respect this time, but we are making that effort, and you
25 can see the results.  We have the 502(e) stipulation which was

1  10(a).  We have insurance neutrality which was Item 5.  We have

2  the Kaneb stipulation which is also part of Item 10.

3      And then we spent a lot of time, and I say we, in a

4  generous sense of we, all the interested parties spent a great

5  deal of time trying to reach closure on a global basis with

6  respect to all objections that have been made by One Beacon and

7  Seaton.  And we've been successful in that and we appreciate

8  the efforts of Mr. Brown and Mr. Pratt in that regard, as well

9  as their clients.  And that stipulation covers all of the

10  objections and, of course, that will include the successor

11  claims injunction objection that Your Honor has spent a good

12  deal of time focusing on.  So, we're -- we think we're making

13  very good progress in that regard.

14      There are some more items that are still progressing,

15  and really the purpose of my speaking to this issue this

16  afternoon, or this morning, is to indicate, you know, what

17  we're working on and things that we really don't think,

18  ultimately, are going to be resolved and are going to require

19  Your Honor's attention in connection with the confirmation

20  order.

21      As we reported the last time with respect to Morgan

22  Stanley we do have an agreement in principle with them.  We're

23  still drafting that, but that's on track.  There are continuing

24  discussions with CNA regarding their successor claims

25  injunction insofar as it would have impact on them.  And those

1 discussions are ongoing and we're hopeful that that also will

2 be resolved, but we don't have it done as we sit here today.

3       There have been significant discussions with National

4 Union and Longacre concerning their -- the objections that they

5 have with respect to their claims.  And Your Honor will recall

6 that we had an extensive argument about the classification of

7 those claims.  We're trying to resolve those objections.

8 Progress has been made, but we're still not there and we hope

9 to have further report to the Court if and when we know whether

10 that's going to be resolved.  But, there are active discussions

11 there.

12       With respect to Canada, as Ms. Baer reported the

13 special counsel matters have been put over to March 22.  In the

14 meantime we're also trying to -- attempt to resolve some of the

15 issues between representative counsel and the crown with

16 respect to the underlying settlement, and we hope that we can

17 resolve that, as well, but it's not done as we sit here today.

18 So, we hope that comes to closure by the time of the next

19 omnibus.

20       So, those are all of the areas where we either have

21 come to closure or we're cautiously optimistic that closure

22 will be attained.  We are not as optimistic, and it's without

23 criticism, of course, with respect to two major matters.  One

24 is the objection of the bank lenders.  It turns out that the

25 market now for those securities is trading at a price that

1  would reflect the plan's rate of interest, and that would

2  otherwise make us optimistic that a resolution could be

3  reached.  But, there have been contacts and they really have

4  not gone anywhere.

5           So, I think that Your Honor's going to have to

6  resolve that issue, which is probably not news to Your Honor,

7  but it is where things are, and that is after, you know, frank

8  communications to assure that there isn't some way out of this

9  issue.  And I just don't think -- the debtor does not believe

10 that there is, and I think that counsel for the lenders has

11 been candid in their assessment, as well.  So, I think Your

12 Honor is going to have to resolve that.

13          The Libby situation which has obviously required a

14 lot of work and a lot of attention is still not there.  There

15 was a report made to the Court, I think it was last fall, from

16 Mr. Heberling that he was cautiously optimistic that the matter

17 could be resolved.  There have been extensive discussions

18 between the Libby claimants and their counsel and the ACC and

19 the FCR since that time to try to reach resolution with the

20 Libby claimants.  I think I indicated to Your Honor that some

21 of the issues don't really relate to the debtor, at all, they

22 relate to third parties such as the insurance company.  But,

23 we've not heard that there is resolution.

24          And so I reached out last week to Mr. Cohn and Mr.

25 Heberling basically indicating that, you know, the time was

1 growing short and we didn't see that we were yet there.  And I

2 know that Mr. Cohn and Mr. Heberling were to go back to their

3 team and see if the matter was amenable to resolution, but I

4 haven't heard anything back.  And I think after all these many

5 months if we're not there we're not there.

6         So we, of course, will remain interested in whatever

7 the Libby claimants want to continue to pursue by way of

8 discussions.  But, we no longer are as optimistic as we once

9 were that the Libby issues will be resolved.  And to that

10 extent as I indicated at the hearing before at a certain point

11 we're just going to have to ride with whatever Your Honor's

12 going to determine.  So, that is pretty much the list.

13         There are obviously other people who have objections

14 and issues that have been raised.  If they haven't been listed

15 on this call there aren't really -- there isn't really to our

16 assessment some near term prospect of resolution, and so

17 they're not on the list.  But, that is again, not for want of

18 having tried throughout the long process of this case and

19 continuing up through more contemporary time.

20         THE COURT:  All right.  Mr. Bernick, I think I'm

21 going to need something from somebody that tells me

22 specifically what issues really are still on the list to be

23 adjudicated, and what the plan in final form is going to look

24 like.  Because there have been so many modifications, honestly

25 at this point I don't know what I'm being asked to confirm.  I

need a document that explains this from, I think, start to

finish.  My clerk is working on an issue that was left over

from Federal Mogul.  I hope to have that done by the end of

this month.  And then I'm starting on these plan issues.

So, if I need to start with the bank lenders and

Libby that's what I'll do.  If I need to knock them down one at

a time, that's how I'll go about doing it.  But, I still need

to know what the plan treatment is as to each creditor and what

the plan language is in a unified document.

MR. BERNICK:  Yeah, I think that that's -- I am happy

that Your Honor has shared with us your sequence there.  I

think that those would be two good issues to begin with, and

first among them probably the lenders.  And with respect to the

other issues beyond Libby and the lenders we will, in fact,

furnish to the Court a list of what's still out there and, you

know, in terms of the plan in its current form so that Your

Honor will have a clear road map for what it is that's left

beyond Libby and the lenders.  And we will be sure to be timely

given Your Honor's schedule.  Obviously, the plan proponents

are very anxious to proceed here and so we want to -- we don't

want to be an obstacle if Your Honor's going to devote all the

work that's going to be necessary to get this done.

THE COURT:  Okay.  With respect to the stipulations

that are filed at Item 10, am I being asked to do anything that

approves these?  I have stipulations, but that's all.  I don't

1  have orders that attempt to approve them.  So, is this just

2  something that's going -- the plan language is going to change

3  and then you're going to give me this new revised plan in final

4  form?

5         MR. BERNICK:  I would defer to Ted and to Peter on

6  that -- and Jan -- but I believe that that's the plan.

7         MR. FREEDMAN:  Your Honor, we are not asking the

8  Court to do anything on the stipulations that we have

9  presented.  Jan, if I'm wrong on any of those, please let us

10 know.  But, I believe that that is correct, certainly, on the

11 recently filed one with respect to One Beacon Seaton and the

12 one that relates to Section 502(e).  With respect -- and we

13 will be filing a revised amended plan through the date that

14 it's filed which will set forth all of the current language in

15 the plan that reflects all of these agreements, as well as an

16 amended chart setting forth the status of objections to the

17 plan so the Court has a clear picture of what objections are

18 still pending.

19        THE COURT:  Okay.  If you're still working toward

20 getting some of these things resolved, I'd just suggest that

21 you don't do it until you're actually sure that this is the

22 document I'm being asked to confirm.  Because once that happens

23 and I actually start down that road, at that point I'm not too

24 inclined to have changes coming in until I figure out whether

25 the plan that I have before me is confirmed.  So, if you want

1  -- I don't know, maybe until the next omnibus or something to

2  see what else can be resolved?

3          MR. BERNICK:  Well, I think that we're pursuing all

4  the different things that we've reported on to the Court and

5  we're pursuing them exactly with the anticipation that it

6  would, you know, with the kind of schedule in mind that Your

7  Honor has indicated that is, that at a certain point you reach

8  the end of the day.  And we've really been driven, in part, by

9  the omnibus hearings because we know we make reports to the

10  Court and Your Honor then gets to know where we are.

11          I think that we are probably going to want to be

12  working on a somewhat tighter time table to find out which

13  issues can and cannot be resolved so that you actually get the

14  schedule of remaining issues really as soon as we can.  That's

15  not to say we're cutting anything short.  It's just a question

16  of things being what they are, people always work better if

17  they're facing a deadline.  So, we will work to come to

18  conclusion on the discussions that are outstanding, get you the

19  list of issues, and my expectation is certainly it'll be before

20  the next omnibus.

21          THE COURT:  Okay.  Anything else?  Anyone have any

22  issues to raise?  Okay, we're adjourned.  Thank you.

23                      *  *  *  *  *

24

25

# C E R T I F I C A T I O N

I, KIMBERLY UPSHUR, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.


/s/ Kimberly Upshur

KIMBERLY UPSHUR

J&J COURT TRANSCRIBERS, INC.   DATE:  February 23, 2010

(CR)

**J&J COURT TRANSCRIBERS, INC.**