IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al., | ) Case No. 01-01139 (JKF) |
| | ) Jointly Administered |
| Debtors. | ) |

STIPULATION AMONG THE PLAN PROPONENTS AND MORGAN STANLEY SENIOR FUNDING, INC. REGARDING RATE OF POST-PETITION INTEREST FOR CLAIMS OF MORGAN STANLEY SENIOR FUNDING, INC. AS ASSIGNEE OF CERTAIN CLAIMS OF BANK OF AMERICA, N.A. UNDER THE JOINT PLAN[1]

IT IS HEREBY STIPULATED AND AGREED AMONG (a) Morgan Stanley Senior Funding, Inc. ("Morgan Stanley") on the one hand, and (b) the above-captioned debtors and debtors-in-possession ("Grace" or the "Debtors"), the Official Committee of Asbestos Personal Injury Claimants (the "ACC"), the Official Committee of Equity Security Holders (the "Equity Committee"), and the Asbestos PI Future Claimants' Representative (the "PI FCR") (collectively, the "Plan Proponents"), and together with Morgan Stanley, the "Parties"), on the other hand, as follows:

WHEREAS, on April 2, 2001 (the "Petition Date"), Grace petitioned the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code;

WHEREAS, prior to the Petition Date, Bank of America, N.A. ("BofA") issued three standby letters of credit for Grace (collectively, the "Letters of Credit") as collateral for certain insurance transactions and surety bonds issued in favor of the Debtors;

WHEREAS, upon any draw under the Letters of Credit, Grace was obligated to reimburse BofA in accordance with the terms of certain agreement(s) between Grace and BofA (the "Reimbursement Agreements");

---

[1] This Stipulation relates to the appropriate rate of post-petition interest on the Claims described herein under the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., The Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009, as amended from time to time through the date hereof or as may be amended from time to time hereafter in a manner not materially adverse to Morgan Stanley (the "Joint Plan"). If the Joint Plan is not confirmed, this Stipulation shall have no force and effect.

WHEREAS, on November 11, 2005, the Debtors and BofA entered into that certain Stipulation Regarding Allowance of Certain Claims (the "2005 Stipulation");

WHEREAS, pursuant to the terms of the 2005 Stipulation, the Debtors agreed that, as a result of National Union Fire Insurance Company of Pittsburgh, PA having drawn on two of the Letters of Credit, BofA was entitled to (i) an allowed, unsecured nonpriority claim against Grace-Conn in the amount of $9,779,270, and (ii) an allowed, contingent, unliquidated and undisputed claim against Grace with respect to all undrawn amounts of the outstanding Letters of Credit;

WHEREAS, on November 14, 2005, the Bankruptcy Court entered its Order Authorizing Settlement with Bank of America, N.A. and Granting Related Relief which authorized the Debtors' entry into the 2005 Stipulation;

WHEREAS, in light of National Union's further draws under the Letters of Credit, BofA's allowed, contingent, unliquidated and undisputed claim against Grace with respect to all undrawn amounts of the outstanding Letters of Credit was liquidated in the amount of $6,710,110 (the $6,710,110 claim and the $9,779,270 claim being, collectively, the "Claims");

WHEREAS, pursuant to Transfer of Claim Agreements dated April 24, 2006 and February 22, 2008, Morgan Stanley became the owner of all of BofA's right, title and interest in and to the Claims;

WHEREAS, on February 27, 2009, the Plan Proponents filed their Disclosure Statement (the "Disclosure Statement") in support of the Joint Plan;

WHEREAS, pursuant to Section 3.2.16 of the Disclosure Statement, the Debtors confirmed the amount of the Claims, however, Morgan Stanley sought further clarification on how the Claims would be classified under the Joint Plan;

WHEREAS, on May 15, 2009, the Debtors and Morgan Stanley entered a stipulation in which the parties agreed that notwithstanding any provisions of the Joint Plan and Disclosure Statement to the contrary, the Claims shall be allowed as Class 9 General Unsecured Claims ("Classification Stipulation");

WHEREAS, the Classification Stipulation did not resolve the rate of post-petition interest to be paid on the Claims;

WHEREAS, the Joint Plan provides that Class 9 General Unsecured Claims that arise from an existing contract that specifies payment of interest at a non-default rate of interest would be paid post-petition interest at the non-default rate of interest provided in the contract (Joint Plan §3.1.9(b)(C)),

WHEREAS, the Joint Plan provides that for all other General Unsecured Claims (excepting General Unsecured Claims covered by §3.1.9(b)(A) and (B) of the Joint Plan), post-petition interest shall be calculated at the rate of 4.19% from the Petition Date, compounded annually through the Effective Date or the date of payment of the General Unsecured Claim if it becomes an Allowed Claim after the Effective Date (Joint Plan §3.1.9(b)(D));

WHEREAS, the Joint Plan provided a method for holders of Class 9 General Unsecured Claims to challenge the rate of interest if they disagreed with the rate that the Debtors specified by filing a Post-Petition Interest Determination Notice, as defined in the Joint Plan, by May 20, 2009 -- the same date as the voting deadline on the Joint Plan (Joint Plan §3.1.9(d));

WHEREAS, the Letters of Credit from which Morgan Stanley's Claims arose provided only one rate of interest (prime plus 3%), and the parties dispute whether Morgan Stanley is entitled to that rate of interest under the Joint Plan;

WHEREAS, as a result of the dispute regarding the rate of interest, Morgan Stanley timely filed, on May 20, 2009, a Post-Petition Interest Determination Notice as required by the Joint Plan, which would allow Morgan Stanley and the Debtors to have the Court resolve the dispute regarding the appropriate rate of interest within a certain period of time post-confirmation;

WHEREAS, also on May 20, 2009, Morgan Stanley timely filed an objection to the Joint Plan (the "Objection"), raising the interest rate issue, among other arguments;

WHEREAS, Morgan Stanley has actively pursued its Objection throughout the Confirmation Hearing, and the Plan Proponents have consistently argued that the Objection lacks merit;

WHEREAS, the parties commenced settlement discussions in October 2009, and the Court indicated in January 2010 that the parties would soon be required to engage in mediation to resolve the dispute;

WHEREAS, the Parties, without admission and for settlement purposes only, have reached an agreement, as set forth below, to achieve a complete and final resolution of the Objection;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1. The Plan Proponents agree that the post-petition interest rate to be paid on the Claims shall be 6.09% from the dates on which the Letters of Credit were drawn upon through December 31, 2005, and the floating prime rate thereafter through the Effective Date, compounded quarterly.

2. Upon the effectiveness of this Stipulation, Morgan Stanley agrees to (1) immediately withdraw its Objection; (2) take no further actions of any nature (including filing new objections to the Joint Plan and initializing or taking discovery) that may hinder, delay, or oppose the actions of Grace, the ACC, or the PI FCR, and (3) not oppose the entry of an order confirming the Joint Plan nor its consummation or effectiveness.

3. This Stipulation shall inure to the benefit of and be binding upon Morgan Stanley, the Plan Proponents, and their successors and assigns.

4. This Stipulation shall become effective upon its execution by all Parties and its filing with the Bankruptcy Court.

5. This Stipulation may be signed in counterparts and by facsimile, with each signed counterpart being deemed a part of the original document.

6. This Stipulation may not be modified, altered, or amended except by a writing signed by the parties.

7. All disputes regarding or arising under this Stipulation shall be determined by the Bankruptcy Court.

[remainder of page intentionally left blank]

DOCS_DE:157799.1

| | |
|---|---|
| Dated: February 24, 2010 | February 24, 2010 |
| KATTEN MUCHIN ROSENMAN LLP | KIRKLAND & ELLIS LLP |

/s/ Jeff J. Friedman
Jeff J. Friedman, Esq.
Noah Heller, Esq.
Merritt A. Pardini, Esq.
575 Madison Avenue
New York, New York 10022
(212) 940-6539

*Attorneys for Morgan Stanley Senior Funding, Inc.*

/s/ Deanna D. Boll
Theodore L. Freedman, Esq.
Deanna D. Boll, Esq.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022-4611
212-446-4800

and

Janet S. Baer, Esq.
The Law Offices of Janet S. Baer, P.C.
70 W. Madison Street
Suite 2100
Chicago, IL 60602
312-644-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Attorneys for the Debtors*

Dated: February 24, 2010

/s/ Mark T. Hurford
CAMPBELL & LEVINE, LLC
Mark T. Hurford (Bar No. 3299)
Marla R. Eskin (Bar No. 2989)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900

and

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125


Peter Van N. Lockwood
Nathan D. Finch
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

Counsel for the Official Committee
of Asbestos Personal Injury Claimants

Dated: February 24, 2010

/s/ John C. Philips
PHILIPS, GOLDMAN & SPENCE, P.A.
John C. Philips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

and

ORRICK, HERRINGTON &
SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

Counsel for David T. Austern, Asbestos
PI Future Claimants' Representative

6

Dated: February 24, 2010

/s/ Teresa K.D. Currier
SAUL EWING LLP
Teresa K.D. Currier (Bar No. (3080)
222 Delaware Avenue, 12th Floor
Wilmington, DE 19801
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
tcurrier@saul.com

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Horowitz
David Blabey
1177 Avenue Of The Americas
New York, NY 10036
Telephone: (212) 715-9100

Counsel for the Official Committee of Equity Security Holders