IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING THE THIRTY-FOURTH
QUARTERLY FEE APPLICATION OF STROOCK & STROOCK & LAVAN LLP
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD OF JULY 1, 2009 THROUGH SEPTEMBER 30, 2009**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Thirty-Fourth Quarterly Fee Application of Stroock & Stroock & Lavan LLP for Compensation for Services Rendered and Reimbursement of Expenses for the Period of July 1, 2009 through September 30, 2009 (the "Application").

**BACKGROUND**

1.  Stroock & Stroock & Lavan LLP ("Stroock") was retained as counsel to the Official Committee of Unsecured Creditors. In the Application, Stroock seeks approval of fees totaling $944,248.25 and expenses totaling $47,520.32[1] for its services from July 1, 2009 through September 30, 2009 (the "Application Period").

---

[1] Stroock lists its own expenses at $44,707.82 and includes as a separate item fees and expenses totaling $2,812.50 for Navigant Consulting, an asbestos issues expert. Pursuant to the Court's Order Authorizing the Retention of Experts (Docket No. 564) dated June 22, 2001, Navigant, as an expert, is not considered a professional under 11 U.S.C. § 327(a) and is not required to submit fee applications to the court. Accordingly, pursuant to the terms of Paragraph 3 of the Order Appointing Fee Auditor in Accordance with the Court's Direction (Docket No. 1676) dated March 18, 2002, Navigant's fees and expenses are beyond the scope of our review, and thus we do not review them.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Stroock 34Q 7-9.09.wpd

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2009, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on Stroock an initial report based on our review, and we received a response from Stroock, portions of which response are quoted herein.

## DISCUSSION

3.  In our initial report, we noted that on September 8-11 and September 14-17, 2009, attorneys Lewis Kruger ($995), Kenneth Pasquale ($825), and Arlene Krieger ($675) attended the confirmation hearings.  The total time spent, including non-working travel, was 201.10 hours for $141,928.50 in fees.  The time entries are listed on Exhibit "A."  Paragraph II.D.5. of the U.S. Trustee Guidelines provides: "If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We understand why it was necessary for Mr. Kruger to attend the hearing, as he was testifying.  We asked Stroock to explain why it was necessary for both attorneys Pasquale and Krieger to attend.  Stroock provided a response which we have included as Response Exhibit "A."  We appreciate Stroock's response and have no objection to these fees.

4.  We noted that on August 11, 2009, attorneys Lawrence Kruger ($995), Kenneth

Pasquale ($825), and Arlene Krieger ($675) attended the deposition of Dr. Tom Florence:

| 08/11/09 | Attend (telephonically) partial deposition of Tom Florence (2.3); . . . | Krieger, A. | 2.30 | 1,552.50 |
|---|---|---|---|---|
| 08/11/09 | Attend Dr. Florence deposition (1.6); . . . | Kruger, L. | 1.60 | 1,592.00 |
| 08/11/09 | Deposition of Florence (4.0); . . . | Pasquale, K. | 4.00 | 3,300.00 |
|  |  |  | 7.90 | 6,444.50 |

We asked Stroock to explain why it was necessary for all three attorneys to attend the deposition, and Stroock responded:

> Dr. Florence was the Debtors' expert, who prepared an expert report and supplemental report opining on the magnitude of the Debtors' pending and future asbestos liabilities in connection with the asbestos claims estimation trial. Dr Florence's opinion reflected a substantially lower amount of pending and future liabilities than did that from Dr. Peterson, the witness on those issues for the asbestos personal injury claimants' committee. The Committee's solvency expert, Mr. Frezza, used Dr. Florence's median estimate for pending and future asbestos liabilities in one of his solvency scenarios. Mr. Pasquale attended the deposition in its entirety and deposed Dr. Florence, who was noticed as a witness for the Plan Proponents in connection with the Confirmation Trial. Mr. Kruger, a senior partner in the financial restructuring group, attended less than half of the deposition in connection with his global focus on chapter 11 plan strategy and emergence issues. Ms. Krieger attended about half of the deposition in anticipation of her participating in the preparation of the then upcoming joint pre-trial brief in opposition to Plan confirmation, and more globally to assist Mr. Pasquale in preparing for the Confirmation Trial. Stroock submits that the amount expended by Stroock counsel on behalf of the Creditors' Committee in connection with the deposition of Dr. Florence is reasonable and should be allowed in its entirety.

We accept Stroock's response, except with respect to the attendance of Mr. Kruger at the deposition. The response does not satisfy Stroock's burden of establishing the necessity of Mr. Kruger's attendance at the deposition. Thus, we recommend disallowance of Mr. Kruger's time at the deposition, for a reduction of $1,592.00 in fees.

5.     We noted that attorney A. Krieger ($675) billed 0.80 hours for $540.00 in fees for making travel arrangements:

| 07/27/2009 | Attend to hotel arrangements for confirmation hearing. | Krieger, A. | 0.80 | 540.00 |

Making travel arrangements appears to us to be an administrative task. Thus, we asked Stroock to explain why the bankruptcy estate should compensate these fees. Stroock responded:

> These are services that were necessarily incurred in connection with ensuring the attendance of Stroock counsel and therefore, full and appropriate representation for the Creditors' Committee at the Confirmation Trial. Stroock submits that these arrangements were more efficiently made than if a secretary had been asked to participate in making the arrangements and had to check back with Messrs. Kruger and Pasquale and Ms. Krieger on the reservations. The amount involved is clearly reasonable. While Stroock believes the amount involved should be compensable from the Debtors' estates, Stroock agrees to reduce its fee request in the Application by $540.00.

We appreciate Stroock's response and recommend a reduction of $540.00 in fees.

## CONCLUSION

6.  Thus, we recommend approval of $942,116.25 in fees ($944,248.25 minus $2,132.00) and $47,520.32[2] in expenses for Stroock's services for the Application Period.

---

[2] Included in this amount are $44,707.82 in expenses sought by Stroock, as well as $2,812.50 in fees and expenses billed to Stroock by Navigant, an asbestos issues expert. The fees and expenses of Navigant are not subject to our review. *See* Footnote 1, *supra.*

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
      Warren H. Smith
      Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1250
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 25th day of February, 2010.

_____
      Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Lewis Kruger
Kenneth Pasquale
Arlene Krieger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Deanna Boll
David M. Bernick, P.C.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K. D. Currier
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

**RESPONSE EXHIBIT A**

As a general response, Stroock has previously informed the Fee Auditor, and it should be obvious from the time detail accompanying the many fee applications filed during these chapter 11 cases, that Mr. Pasquale, Ms. Krieger and Mr. Kruger, with few, if any, exceptions, constitute the Stroock "team" that has been responsible for representing the Creditors' Committee throughout these cases thereby ensuring efficiency and consistency in such representation. Further, we have previously informed the Fee Auditor that whether multiple attorneys from Stroock attend a certain hearing, call, meeting or deposition is dependent upon the nature and importance of the matters that are the subject of that event.

Clearly, the highly contested Confirmation Trial, in which the Creditors' Committee is one of a number of objectors to confirmation, was a matter of utmost importance and substantial significance to the Creditors' Committee in these over eight year old cases. The Creditors' Committee, along with certain holders of Class 9 unsecured claims arising from the Debtors' two $250 million pre-petition credit facilities, objected to confirmation of the Plan on numerous grounds arising from the failure of the Plan to provide holders of such credit facility claims with post-petition interest in the manner provided in the credit agreements.

Mr. Pasquale is the Stroock partner primarily responsible for all aspects of the litigation surrounding the Creditors' Committee's Plan confirmation objections, including those aspects relating to the estimation of the Debtors' present and future asbestos personal injury liabilities, the Debtors' solvency and the Creditors' Committee's conduct, and is responsible with Mr. Kruger for strategy and plan and emergence issues. Ms Krieger has the day to day overall responsibility for these cases, including reviewing and being knowledgeable about virtually all of the motions and other pleadings filed in these cases, including those asserting and responding to the numerous Plan confirmation objections filed by other parties, prepares many of the memoranda for and pleadings on behalf of the Creditors' Committee and provides bankruptcy-related services including those with respect to Plan confirmation and the Committee's objections thereto and emergence issues. It is Stroock's position that each of these professionals play necessary but distinct roles in the proceedings that are not duplicative and for whose services Stroock should be compensated in full.

The distinct roles that these professionals play on behalf of the Creditors' Committee in these cases is reflected in the time they spent attending the Confirmation Trial. During the pre-trial period, Mr. Pasquale, or another Stroock partner, deposed or provided input with respect to the depositions of those of the Plan Proponents' witnesses that potentially had testimony relevant to the issues underlying the Creditors' Committee's Plan objections, including Mr. Shelnitz, Mr. Tarola, Mr. LaForce, Mr. Hughes, Ms. Zilly, Dr. Peterson, and Dr. Florence, Mr. Pasquale defended the depositions taken by the Plan Proponents of Mr. Kruger and Mr. Frezza, the Creditors' Committee's solvency expert, and attended to evidentiary issues. Consistent with his role in these cases, Mr. Pasquale's actual attendance in Court at the Confirmation Trial on any given day was selective and primarily dependent upon which witnesses were scheduled to testify and when evidentiary or scheduling issues relating to the Creditors' Committee's issues were expected to be addressed. Mr. Pasquale also attended much of the first day of the Trial to see how it was being conducted and the

end of most Trial days when a discussion of the subsequent days witness schedule might be addressed. Thus, as reflected in the time detail, there were some days when Mr. Pasquale attended a substantial portion of the Trial and other days when Mr. Pasquale attended a small portion or virtually none of the Trial. When not in Court, Mr. Pasquale was physically in our local counsel's office in Pittsburgh preparing for the Trial, including to cross-examine certain of the Plan Proponents' witnesses and preparing Mr. Kruger and Mr. Frezza for their testimony.

Ms. Krieger, in keeping with her role of following all of the matters in these cases, was the only Stroock attorney that attended the Confirmation Trial every day for the entire day. Proper representation of the Creditors' Committee required one Stroock attorney to be present at the Confirmation Trial at all times. This enabled Ms. Krieger to provide Mr. Pasquale, when not in Court, and Mr. Kruger, who attended little of the Trial, with real time information, including on such matters as rulings and comments made by the Court, on relevant testimony from any of the other witnesses we had not intended to cross-examine, and various evidentiary and scheduling matters. This also enabled Ms. Krieger to be able to respond to questions from members of the Committee and from unsecured creditors regarding the Confirmation Trial. Ms. Krieger was also present to provide assistance to Mr. Pasquale, as might be necessary, with respect to all issues that might arise in connection with the post-petition interest litigation portions of the Confirmation Trial.

Stroock therefore submits that the amount expended in connection with the Confirmation Trial is reasonable and should be allowed in its entirety.