## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date:  July 12, 2010, at 10:30 a.m.** |
| | ) | **Objection Deadline:  April 16, 2010** |
| | ) | |

## TWENTY-EIGHTH OMNIBUS OBJECTION TO EMPLOYEE CLAIMS
## (SUBSTANTIVE OBJECTION)

### INTRODUCTION

On February 16, 2010, the Court entered its *Order Approving Employee Benefits Claim*

*Resolution Protocol*, docket no. 24304 (the "Protocol Order").[2]  The Protocol Order permits the

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  Capitalized terms not defined in this Objection shall have the meaning ascribed to them in, as the case may be, the *Motion of the Debtors for Entry of an Order: (a) Authorizing, but not Requiring the Debtors to Pay Certain Prepetition (i) Wages, Salaries, Incentive Pay, Bonus Plans and Other compensation and amounts Withheld From Such Compensation, (ii) Employee Medical, Pension and Similar Benefits, (iii) Employee Severance Pay, (iv) Workers Compensation Benefits, (v) Amounts Relating to Retiree Health Benefits and (vi) Reimbursable Expenses; (b) Authorizing and Approving Certain Key Employee Retention Programs on an Interim Basis; (c) Authorizing Applicable Banks and Other Financial Institutions to Receive, Process, Honor and Pay All Checks Presented for Payment and to Honor All Electronic Payment Requests Made by the Debtors Related to the*

Debtors to file a single omnibus objection requesting the Court disallow claims (the "Employee

Claims") filed by employees, former employees or beneficiaries of former employees (the

"Claimants") who may be entitled to receive benefits (for each Claimant, his or her "Applicable

Employee Benefits") under Grace's existing plans, programs, and policies regarding employee

bonuses and other compensation, indemnity agreements or various medical, insurance,

severance, retiree and other benefits (collectively, the "Grace Benefit Programs").[3] The Protocol

Order also requires the Debtors to serve the *Notice of Objection to and Treatment of Employee*

*Claims* on each Claimant on or before March 1, 2010.[4]

The Debtors therefore are filing this *Twenty-Eighth Omnibus Objection to Employee*

*Claims (Substantive Objection)* (the "Objection") requesting the Court disallow the Employee

---

*Foregoing* (docket no. 19) (the "Wages Motion"), the *Motion to Approve Employee Benefits Claim Resolution Protocol* (docket no 24153) (the "Protocol Motion"), the Protocol Order or the *First Amended Joint Plan of Reorganization in these Chapter 11 Cases*, as amended, docket nos. 19579, 20666, 20872, 20873 and 21594 (the "Plan").

The facts set forth in the Protocol Motion that are not otherwise set forth in this Objection are hereby incorporated by reference.

[3]   Please note that "Employee Claims" is being used instead of the term "Employee Benefits Claims" (which was used in the Protocol Motion and Protocol Order) to avoid confusion with the Plan's defined term, "Employee Benefits Claims". *See, infra,* n. 5.

For purposes of this Objection, the Employee Claims do not include claims related to or arising from amounts payable or contractual entitlement to benefits accruing pursuant to certain voluntary supplemental pension programs referred to in Plan § 9.3.1, nor do they include claims for benefits related to the Outside Directors' Retirement Plan or certain rabbi trusts that remain unfunded.  These claims and amounts unpaid during the pendency of the chapter 11 cases pursuant to this Court's order, docket no. 559, limiting such payments, will be dealt with separately.

As set forth in Plan §§ 9.1.1 & 9.1.2, the Grace Benefit Programs (and thus the Applicable Employee Benefits) are subject to amendment, modification or termination under the terms of the applicable compensation or benefit plan, other agreement, or applicable non-bankruptcy law—a limitation that existed prior to Grace's bankruptcy and while Grace is in bankruptcy, and which will continue to exist after Grace emerges from bankruptcy (the "Non-Bankruptcy Limitation").

[4]   The form of notice that is being sent to Claimants is attached hereto as Exhibit D.  As discussed in the Protocol Motion, the notice sent to each Claimant will have attached to it the proof(s) of claim filed by that Claimant (without the attachments to the proof of claim).  The notice will not have the Objection attached to it.

Claims as of the date on which the Debtors consummate the Plan (the "Effective Date").  The

Employee Claims (which number approximately 6,675) are listed in Exhibit A hereto.

In requesting the Court disallow the Employee Claims, the Debtors are not seeking to

amend or otherwise modify the Grace Benefits Programs, nor are they seeking to affect the

Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) of any Claimant. The

Debtors filed this Objection solely to efficiently and cost-effectively address the vast majority of

unresolved prepetition claims remaining on their docket—claims that are unresolved simply

because they were filed protectively approximately seven years ago at the Debtors' behest, and

which are now no longer needed for that purpose.  Thus, as the *Notice of Objection to and*

*Treatment of Employee Claims* states, the Objection is effectively procedural in nature, and the

relief requested therein will not affect Claimants' Applicable Employee Benefits for the reasons

described below.

First, according to the Debtors' books and records (which include those of third-party

vendors retained to administer certain Grace Benefit Programs), each Claimant has been

receiving his or her Applicable Employee Benefits since the Petition Date pursuant to applicable

orders of this Court.  Moreover, the Debtors intend to continue paying all such Applicable

Employee Benefits, subject to the Non-Bankruptcy Limitation, through the remainder of their

chapter 11 cases and thereafter.  Therefore, as of the Effective Date, Claimants will not have

claims for any such pre-Effective Date Applicable Employee Benefits.

Second, the Employee Claims are unnecessary to protect Claimants' Applicable

Employee Benefits after the Plan is consummated and the Debtors emerge from bankruptcy. The

Reorganized Debtors will assume the Grace Benefit Programs (subject to the Non-Bankruptcy

Limitation) as part of consummating the Plan.  Each Claimant will thereafter continue to receive

3

all of his or her Applicable Employee Benefits pursuant to the terms and conditions of the applicable Grace Benefit Programs (subject to the Non-Bankruptcy Limitation)—just as if the Debtors' chapter 11 cases had never occurred.

For these reasons, Claimants do not need unresolved Employee Claims to remain on the docket to protect their Applicable Employee Benefits. The Debtors therefore submit that the Court should enter an order substantially in the form attached hereto as Exhibit C disallowing the Employee Claims with the proviso that, in the event that the Court confirms a chapter 11 plan of reorganization that does not call for the Debtors to assume the Grace Benefit Programs, the order entered disallowing the Employee Claims will be void, and the Employee Claims will be reinstated for all purposes.

**JURISDICTION**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicate for this Motion are section 502 of the Bankruptcy Code, Fed.R.Bankr.P. 3007 & 3008, and Del. Bankr. L.R. 3007-1.

**BACKGROUND**

**I.      BACKGROUND**

    **A.      The Employee Claims**

3.      By an order dated April 22, 2002, docket no. 1963 (the "Bar Date Order"), the Bankruptcy Court established a bar date of March 31, 2003, (the "Bar Date") as the last date for filing proofs of claim for all prepetition non-asbestos Claims. The Bar Date Order specifically required current and former employees to file any Claims they may have had for Applicable Employee Benefits.

4

4.      As discussed in the Protocol Motion, the Debtors initially determined that

approximately 6,935 Claimants had filed one or more claims that met the criteria of Employee

Claims by matching an employee's name and social security number or other identifying

characteristic such as the employee's or claiming beneficiary's name contained in the Debtors'

books and records with the relevant information contained in the Employee Claims (including

the Claimant's name and/or social security number, as applicable).   The Debtors further

reviewed the initial list of Employee Claims and subsequently eliminated a further 260 claims

from the list because the claimants were current or former directors (all of whose claims will be

dealt with separately) or because there may have been some other issue with a particular claim

that requires further analysis.  As a result, Exhibit A to this Objection contains approximately

6,675 Employee Claims.

**B.       The Debtors Have Paid All Applicable Employee Benefits and Will Continue
to Pay All Such Benefits for the Remainder of the Chapter 11 Cases**

5.      On April, 2, 2001, the Court entered an order (the "Wages Order"), authorizing

the Debtors to continue to honor all Employee Obligations in accordance with the Debtors'

stated policies and to continue to operate under those policies at their sole discretion.  As set

forth in the *Declaration of Mark A. Shelnitz in Support of the Debtors' Objection to Employee*

*Claims* (the "Shelnitz Declaration", attached hereto as Exhibit B) in support of the Objection, the

Debtors' books and records show that, as of the date of this Objection, the Debtors have

continued to honor all such Employee Obligations by paying all Applicable Employee Benefits

(subject to the Non-Bankruptcy Limitation) and will continue to do so through the Effective

Date.  Therefore, no Claimant will have any allowable claim for Applicable Employee Benefits

accruing prior to the Effective Date, and disallowing the Employee Claims will not affect

Claimants' pre-Effective Date Applicable Employee Benefits.

5

### C.    The Employee Benefits Claims Are Unimpaired Under the Plan

6.    Plan § 3.1.3 provides that Employee Benefits Claims are unimpaired pursuant to

the treatment provided for in Plan §§ 9.3.1 & 9.3.2.[5]  Plan §§ 9.3.1 and 9.3.2 provide that, upon

the Effective Date and pursuant to the terms of the Plan, the Reorganized Debtors will assume

the Grace Benefit Programs, subject to the Non-Bankruptcy Limitation set forth in Plan §§ 9.3.1

and 9.3.2.[6]  Therefore, the Employee Claims filed by Claimants are unnecessary to protect

Claimants' rights as to their post-Effective Date Applicable Employee Benefits.

---

[5]    As discussed *supra*, in n. 3, the Debtors refer to the unresolved claims filed by employees, former employees or beneficiaries of former employees as "Employee Claims" to avoid confusion with the Plan's defined term "Employee Benefits Claims".  In the Protocol Motion, the term "Employee Benefits Claims" was used for both.

The Plan defines Employee Benefits Claims to include:

all Claims, including accrued but unpaid pension Claims from the Petition Date, for compensation or benefits arising out of the Claimants' employment with the Debtors, but only to the extent and amount provided for under a written benefit plan sponsored by the Debtors. Workers' Compensation Claims, Asbestos Claims, and other Claims asserted by current or former employees are not Employee Benefits Claims. Further, any Claim for damages or other relief asserted by a current or former employee that is not for compensation or benefits in an amount permitted pursuant to the Debtors' written benefit plans is not an Employee Benefits Claim.

Plan § 1.1 (definition 102).

[6]    Specifically, Plan § 9.3.1 provides that:

From and after the Effective Date, the Reorganized Debtors intend to continue their existing employee compensation, indemnity agreements, and benefit plans, programs, and policies, and to cure any defaults that may exist under such agreements, plans, programs, and policies, including payment of the Debtors' voluntary supplemental pension payments which were limited during the pendency of these Chapter 11 Cases, subject to any rights to amend, modify, or terminate such benefits under the terms of the applicable compensation and benefit plan, other agreement, or applicable nonbankruptcy law.

Plan § 9.3.1 (hereinafter, the "Employee Benefits").  Plan § 9.3.2 provides that:

From and after the Effective Date, the Reorganized Debtors intend to continue to pay  retiree benefits (as defined in section 1114(a) of the Bankruptcy Code) and any similar health, disability, or death benefits in accordance with the terms of the retiree benefit plans or other agreements governing the payment of such benefits, subject to any rights to amend, modify, or terminate such benefits under the terms of the applicable retiree benefits plan, other agreement, or applicable nonbankruptcy law.

(hereinafter, the "Retiree Benefits", which together with the Employee Benefits, comprise the Grace Benefit Programs as defined above, and the benefits arising therefrom that are payable to employees, former employees and their beneficiaries, as the case may be, are the Applicable Employee Benefits).

DOCS_DE:157820.1

## RELIEF REQUESTED

7.    The Debtors request that the Court enter an order substantially in the form attached hereto as Exhibit C disallowing the Employee Claims, *provided*, *however*, that, in the event that the Plan is not confirmed or is otherwise withdrawn prior to consummation, or if the Court confirms a different chapter 11 plan of reorganization that does not call for the Debtors to assume the Grace Benefit Programs, the order entered disallowing the Employee Claims will be void, and the Employee Claims will be reinstated for all purposes.

## PROTOCOL FOR REPLYING TO WRITTEN RESPONSES TO TWENTY-EIGHTH OMNIBUS OBJECTION

8.    The Protocol Order provides that the Claimants must file written responses to the Objection which are postmarked no later than April 16, 2010. The Debtors will file any such written responses on the docket as soon thereafter as is practicable. On or before June 25, 2010, the Debtors will file a status report regarding resolution of each of the written responses.

9.    To the extent necessary, and as permitted by the Protocol Order, the Debtors intend to file a reply to the written responses on or before June 25, 2010.

## CONTINGENT REINSTATEMENT IF PLAN IS NOT CONFIRMED OR CONSUMMATED

10.    In the event that the Court confirms a chapter 11 plan of reorganization that does not call for the Debtors to assume the Grace Benefit Programs, the Debtors propose that:

- Without further action of the Court, the order entered by this Court disallowing Employee Claims as requested by this Objection shall be void;

- The Debtors shall, within 30 days of that event, file a notice (the "Reinstatement Notice") with the Court stating that the Employee Claims will be reinstated for all purposes after the deadline to object or otherwise respond to the Reinstatement Notice;

- The Reinstatement Notice shall provide a thirty-day period for objection/response and shall be served upon the parties receiving notice of the filing of the Objection;

- Without further order of the Court, upon the expiration of the thirty-day period for objection/response, the Claims Consultant shall record the reinstatement for all purposes of

7

each Employee Claim where there is no outstanding objection or response to the reinstatement of that specific claim; and

• The Court shall adjudicate all remaining unresolved objections and responses to the Reinstatement Notice or to the reinstatement of specific Employee Claims.

This procedure is consistent with settlement or adjudication of other claims whose treatment is conditioned upon confirmation and consummation of the Plan. *See, e.g., Stipulation and Order Resolving Debtors' Objection to Claims of Weatherford International, Inc..,* dated, December 13, 2007, docket no. 17632. This procedure is also consistent with the Court's statutory authority to reconsider claims that it has previously disallowed. 11 U.S.C. 502(j); Fed.R.Bankr.P. 3008.

## NO PREVIOUS MOTION

11.    No previous motion for the relief sought herein has been made to this or any other court.

## NO BRIEFING SCHEDULE

12.    The Debtors respectfully submit that this Objection does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Del. Bankr. L.R. 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

## NOTICE

13.    Notice was served on the Claimants listed in Exhibit A hereto at their last known address, substantially in the form attached hereto as Exhibit D, which is a slightly revised version of the form of *Notice of Objection to and Treatment of Employee Claims* approved by the Court

in the Protocol Order.[7]  The Objection itself was not served on Claimants listed in Exhibit A, but

the *Notice of Objection to and Treatment of Employee Claims* states that the Objection (including

Exhibit A) can be accessed at the following website: www.bmcgroup.com/wrgrace.

14.    The Debtors developed the list of last known addresses by comparing the

addresses on the proofs of Employee Claims with the corresponding addresses listed in the

Claims Consultant's records from Plan solicitation and Claimants' addresses as listed in the

Debtors' books and records.  This reconciliation process yielded more than one address for some

Claimants.  Each Claimant for which there was more than one address was served the *Notice of*

*Objection to and Treatment of Employee Claims* at each such address.

15.    Notice of this Objection (and the Objection itself—without Exhibit A) has been

given to:  (i) the office of the United States Trustee; (ii) counsel to the DIP Lender and counsel to

the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for

the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in

these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property

Damage Future Claimants' Representatives; and (vi) those parties that requested service and

notice of papers in accordance with Fed. R. Bankr. P. 2002.  Exhibit A was not served as part of

the notice because of its voluminous size.  Parties receiving notice were informed that Exhibit A

could be accessed on the docket and at the Claims' Consultant's website:

www.bmcgroup.com/wrgrace.

---

[7]    The form of *Notice of Objection to and Treatment of Employee Benefits Claims* was amended to include: (a) an
e-mail address for Claimants to address inquiries to the Grace Employee Service Center; and (b) the website
address for accessing this Objection.  A couple of typographical errors were also corrected and a couple of
sentences rephrased to further clarify a particular point.  Exhibit E is a comparison of Exhibit D to the form of
notice attached to the Protocol Order.

16.    In light of the nature of the relief requested, the Debtors submit that no further

notice is required.

WHEREFORE, the Debtors respectfully seek: (i) the entry of an order substantially in the

form attached hereto as <u>Exhibit B</u> disallowing the Employee Claims with the proviso that all

such claims shall be reinstated for all purposes if the Plan is not confirmed or is otherwise

withdrawn and not consummated, or if the Court confirms another chapter 11 plan of

reorganization that does not assume the Grace Benefits Programs; and (ii) granting such other

relief as may be appropriate.

Dated: February 25, 2010

KIRKLAND & ELLIS LLP
Theodore L. Freedman
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

_James E. O'Neill_

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-

10