## EXHIBIT B

**Shelnitz Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: July 12, 2010, at 10:30 a.m.** |
| | ) | **Objection Deadline: April 16, 2010** |
| | ) | |

## DECLARATION OF MARK A. SHELNITZ IN SUPPORT OF TWENTY-EIGHTH OMNIBUS OBJECTION TO EMPLOYEE CLAIMS (SUBSTANTIVE OBJECTION)

I, Mark A. Shelnitz, hereby declares that the following is true to the best of my knowledge, information and belief:

1.      I am Vice President, General Counsel and Secretary of W. R. Grace & Co., which has offices located at 7500 Grace Drive, Columbia, Maryland 21044. I submit this declaration

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

(the "<u>Declaration</u>") in support of the *Twenty-Eighth Omnibus Objection to Employee Claims (Substantive Objection)* (the "<u>Objection</u>").[2]

2.    I am responsible for overseeing the claims review and objection process in these chapter 11 cases.  In that capacity, I have reviewed the Objection and I am either directly familiar with the information contained therein and in the exhibit attached thereto or indirectly familiar with this information through the Debtors' employees, contractors or other personnel, attorneys and Bankruptcy Management Corporation, the Debtors' claims consultant.  Upon information and belief, the Debtors maintain books and records (the "<u>Books and Records</u>") that reflect, among other things, the Debtors' liabilities and the respective amounts owed to their creditors.

3.    To date, more than 15,000 Proofs of Claim have been filed against the Debtors in these chapter 11 cases by holders of non-asbestos personal injury claims.  Approximately 6,675 of the those claims (the "<u>Employee Claims</u>") were filed by employees, former employees or beneficiaries of former employees who may be entitled to receive benefits (for each Claimant, his or her "<u>Applicable Employee Benefits</u>") under Grace's existing plans, programs, and policies

---

[2]    Capitalized terms not defined in this Declaration shall have the meaning ascribed to them in, as the case may be, the *Motion of the Debtors for Entry of an Order: (a) Authorizing, but not Requiring the Debtors to Pay Certain Prepetition (i) Wages, Salaries, Incentive Pay, Bonus Plans and Other compensation and amounts Withheld From Such Compensation, (ii) Employee Medical, Pension and Similar Benefits, (iii) Employee Severance Pay, (iv) Workers Compensation Benefits, (v) Amounts Relating to Retiree Health Benefits and (vi) Reimbursable Expenses; (b) Authorizing and Approving Certain Key Employee Retention Programs on an Interim Basis; (c) Authorizing Applicable Banks and Other Financial Institutions to Receive, Process, Honor and Pay All Checks Presented for Payment and to Honor All Electronic Payment Requests Made by the Debtors Related to the Foregoing* (docket no. 19) (the "<u>Wages Motion</u>"), the *Motion to Approve Employee Benefits Claim Resolution Protocol* (docket no 24153) (the "<u>Protocol Motion</u>"), the Protocol Order or the *First Amended Joint Plan of Reorganization in these Chapter 11 Cases*, as amended, docket nos. 19579, 20666, 20872, 20873 and 21594 (the "<u>Plan</u>").

regarding employee bonuses and other compensation, indemnity agreements or various medical, insurance, severance, retiree and other benefits (collectively, the "Grace Benefit Programs").[3]

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the Employee Claims. The appropriate personnel have carefully reviewed the Employee Claims, and based upon a review of the Debtors' Books and Records have determined that each one of the Claimants has been receiving his or her Applicable Employee Benefits, and that, as of the date hereof, no amounts are due and owing to any Claimant on account of that Claimant's Employee Claim or Claims.

**[nothing further on this page]**

---

[3]     For purposes of the Objection, the Employee Claims do not include claims related to or arising from amounts payable or contractual entitlement to benefits accruing pursuant to certain voluntary supplemental pension programs referred to in Plan § 9.3.1, nor do they include claims for benefits related to the Outside Directors' Retirement Plan or certain rabbi trusts that remain unfunded. These claims and amounts unpaid during the pendency of the chapter 11 cases pursuant to this Court's order, docket no. 559, limiting such payments, will be dealt with separately.

As set forth in Plan §§ 9.1.1 & 9.1.2, the Grace Benefit Programs (and thus the Applicable Employee Benefits) are subject to amendment, modification or termination under the terms of the applicable compensation or benefit plan, other agreement, or applicable non-bankruptcy law—a limitation that existed prior to Grace's bankruptcy and while Grace is in bankruptcy, and which will continue to exist after Grace emerges from bankruptcy (the "Non-Bankruptcy Limitation").

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

_Mark A. Shelnitz_
Mark A. Shelnitz
Vice President, General Counsel & Secretary
W. R. Grace & Co.

SWORN AND SUBSCRIBED before me
This __th day of February 2010

_Diane E. Armstrong_
Notary Public, State of Maryland
My Commission Expires:  September 18, 2012

DIANE Z. ARMSTRONG
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires September 18, 2012