## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.**, *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## QUARTERLY INTERIM FEE APPLICATION OF ORRICK, HERRINGTON &
## SUTCLIFFE LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
## FOR THE PERIOD OF JULY 1, 2009 THROUGH SEPTEMBER 30, 2009

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Quarterly Interim Fee Application of Orrick, Herrington & Sutcliffe LLP for Compensation and Reimbursment of Expenses for the Period of July 1, 2009 through September 30, 2009 (the "Application").

## BACKGROUND

1.      Orrick, Herrington & Sutcliffe LLP ("Orrick") was retained as bankruptcy counsel to David T. Austern, future claimants' representative.  In the Application, Orrick seeks approval of fees totaling $1,674,330.00 and expenses totaling $57,526.76 for its services from July 1, 2009 through September 30, 2009 (the "Thirty-Fourth Interim Period" or "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2009, and the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Orrick an initial report based on our review, and we received a response from Orrick, portions of which response are quoted herein.

## DISCUSSION

2.        In our initial report, we noted certain meal charges for which more information was needed. These charges are listed on Exhibit "1." In response to our inquiry, Orrick provided the following information:

> Attached hereto as (Response) Exhibit A is a chart reflecting the requested additional detail on those certain meal expenses identified in the Fee Auditor's initial report, including the number of people dining, the location of the meal, and the type of meal. Please note that all appropriate reductions were previously taken in the corresponding monthly fee applications.

We have attached Response Exhibit "A" to this report, and we concur that Orrick's Application already reflects all required reductions for the meal charges listed.[1] Thus, we have no objection to these expenses.

3.        We noted the following hotel expenses for which more information was needed:

| Date | Name | Type | Amount | Description |
|---|---|---|---|---|
| 6/26/2009 | Wyron, Richard | HOTEL | $3,805.00 | VENDOR: Omni William Penn Hotel; INVOICE#: 17000799615; DATE: 6/26/2009 - DC-DC\id#101609\mkm-payment to hotel for dates of 6/21-26/09 Roger Frankel, Jonathan Guy, Richard Wyron, banquet-send to DC Office, call Deby Spicuzza x8588 |

---

[1]Orrick's reductions are based on our recommended guidelines, then in effect, of $35 for breakfast, $45 for lunch, and $65 for dinner in New York City, and $25 for breakfast, $35 for lunch, and $55 for dinner in all other locales.

| 9/16/2009 | Wyron, Richard | HOTEL $6,529.92 | VENDOR: Omni William Penn Hotel; INVOICE#: 17000011775; DATE: 9/16/2009 - DC-DC\id#105499\mkm-acct. 17000402246-send to DC Office, call D. Spicuzza x8588 |

In response to our request, Orrick provided us with a copy of the itemized invoices for these expenses and, in addition, responded as follows:

> Attached hereto are copies of invoices from the Omni William Penn Hotel in the amount of $3,805.00 and $7,052.87. Please note that the amount of $6,529.92 as noted in your report represents the total invoice amount of $7,052.87 less $522.95 ($482.12 for meal charges and $40.83 for shipping charges). These invoices represent the block of rooms reserved for several attorneys, a war room, and other related charges with regard to our work for the PI FCR at the confirmation hearings on June 21-23, 2009 and September 8-11, 2009. In addition, in (Response) Exhibit B, we itemize the meal charges contained in these invoices, and take reductions consistent with your Guidelines where appropriate. These reductions total $41.84.

We have reviewed the invoices and note that, although the Omni William Penn Hotel is classified as a "luxury" hotel,[2] the room rates charged to Orrick for these particular stays ranged from $179 to $259 per night, well under the guideline of $300 per night (plus taxes) which we utilize for Pittsburgh. Thus, we have no objection to the room charges on these invoices. With respect to the meal charges included in these invoices (see Response Exhibit "B"), we appreciate and concur with Orrick's voluntary reduction of $41.84. Thus, we recommend a reduction of $41.84 in expenses.

4.      We noted several travel expenses for which more information was needed. See Exhibit "2." In response to our inquiry, Orrick provided additional information concerning these charges (see Response Exhibit "C"). We accept Orrick's response with respect to each of these expenses, with the exception of the hotel charges of $349 and $329 per night (excluding taxes) for four-night stays at the Omni William Penn Hotel in Pittsburgh by attorneys Frankel and Wyron. As

---

[2]The Omni William Penn Hotel is rated four and one-half stars on the Expedia travel website.

stated in the preceding paragraph, the Omni in Pittsburgh is classified as a luxury hotel,[3] and,

therefore, we apply a guideline of $300 per night, excluding taxes, to measure the reasonableness

of the charges.  Orrick provided the following additional information concerning these charges:

> By way of further explanation, we had reserved a block of rooms at the Omni for the
> first week in September, which the Court had scheduled for confirmation hearings.
> The Court then added the second week in September to the schedule, but the Omni
> was virtually booked solid that second week (because of an AFL-CIO convention in
> Pittsburgh) and would not let us extend the block reservation to the second week.
>
> As a result, Roger Frankel and I managed to get individual rooms at the Omni that
> week, but Peri Mahaley could not, and she stayed at a nearby Marriott.

We appreciate Orrick's response, but note that there were other hotels besides the Omni at which

the professionals could have stayed.  Thus, although convenient to the professionals, it was not

necessary that they stay at the Omni, and that it was, after all, Orrick's choice to utilize the Omni

in the first place. We therefore recommend that reimbursement for these charges be reduced to

$300.00 per night for each of the eight nights in question, for a reduction of $312.00[4] in expenses.


## CONCLUSION

5.      Thus, we recommend approval of  $1,674,330.00 in fees and $57,172.92 in expenses

($57,526.76 minus $353.84) for Orrick's services for the Thirty-Fourth Interim Period.

---

[3]*See* Footnote 2, *supra.*

[4]For the four nights at $349.00 per night, we recommend a reduction of $196.00 (or 4 × $49);
and for the four nights at $329 per night, we recommend a reduction of $116.00 (or 4 × $29), for
a total reduction of $312.00.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**


By:_____
       Warren H. Smith
       Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 3rd day of March, 2010.


_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Roger Frankel
Richard H. Wyron
Debra L. Felder
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Deanna Boll
David Bernick
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801