## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.,** *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING THE THIRTY-FOURTH QUARTERLY FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF JULY 1, 2009 THROUGH SEPTEMBER 30, 2009

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Thirty-Fourth Quarterly Fee Application of PricewaterhouseCoopers LLP for Allowance of Compensation and Reimbursement of Expenses for the Period of July 1, 2009 through September 30, 2009 (the "Application").

### BACKGROUND

1.      PricewaterhouseCoopers LLP ("PwC") was retained as auditors and tax consultants to the Debtors and Debtors-in-Possession. In the Application, PwC seeks approval of fees totaling $500,691.65 and expenses totaling $9,955.17 for its services from July 1, 2009 through September 30, 2009 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2009, and the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C.

§ 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with

precedent established in the United States Bankruptcy Court for the District of Delaware, the United

States District Court for the District of Delaware, and the Third Circuit Court of Appeals.   We

served on PwC an initial report based on our review, and received a response from PwC, portions

of which response are quoted herein.

## DISCUSSION

3.       In our initial report, we noted that Melissa Noel ($127) spent 1.4 hours for $177.80

in fees on what appeared to be entering time and expenses:

| | | | |
|---|---|---|---|
| 7/17/2009 | 0.3 | 38.10 | clean up June 2009 time trackers and prepare them for input |
| 7/20/2009 | 0.8 | 101.60 | input June 2009 time and expense from responses received |
| 8/21/2009 | 0.3 | 38.10 | input Darex time received |
| | 1.4 | 177.80 | |

While preparation of fee applications for bankruptcy courts is customarily compensable, simply

keeping descriptive, useful time records for edification of the client, creditors and court is typically

not compensable.  *In re Gillett Holdings, Inc.*, 137 B.R. 475, 482 (Bankr.D.Colo. 1992).  Thus, we

asked PwC to explain why the estate should compensate these fees.  PwC responded:

> In response to Item 3, regarding 1.4 hours of time reported for Melissa Noel, Melissa
> was creating the consolidated files of time reports created by individual engagement
> professionals to be used in submissions to the courts.  During that time, it was her
> responsibility to compile each individual's time and expense details into consolidated
> files.  This included formatting the files and clarifying items reported as necessary
> for consistency and conformity to the court regulations.  Since this is part of the
> process to assemble the bankruptcy court submissions, rather than to enter time and
> expense details, we consider it to be properly classified as preparation of fee
> application and to be compensable.

For additional clarification, PwC added the following:

> In order to complete the fee application, Melissa Noel requests time and expense

details from each member of the audit team.  The time we are trying to describe is the time that it takes her to gather each person's details and put them into the format the court has requested.  She does a quality check to ensure that the team members (some of which will be new in any given month) understood the requirements, their details are free of spelling errors, acronyms that may not be understood, non-chargeable time is properly segregated, etc.  We consider this to be part of the process of generating the fee application.

We accept PwC's response and have no objection to these fees.

4.    We noted that Justin Bray ($410.21) spent 5.8 hours for $2,379.22 in fees on

"engagement planning":

| 7/14/2009 | 1.4 | 574.29 | Engagement planning |
|-----------|-----|--------|---------------------|
| 7/15/2009 | 2.9 | 1,189.61 | Engagement planning |
| 7/17/2009 | 0.6 | 246.13 | Engagement planning |
| 7/21/2009 | 0.9 | 369.19 | Engagement planning |
|  | 5.8 | 2,379.22 |  |

At first glance, these appeared to be administrative services and the cost of doing business.  Thus, we asked PwC to explain with more specificity the work which was being performed, as well as why it should be compensated by the estate.  PwC responded:

In response to Item 4, regarding 5.8 hours by Justin Bray spent on engagement planning, engagement planning encompasses updating his understanding of W.R. Grace's business and planning the audit response to the identified risks.  As a senior manager, his role specifically includes oversight of the audit strategy and audit plan as agreed to with the engagement leader during planning to ensure it is translated into a tailored audit program and appropriately executed.  Going forward, we will provide a more detailed description of such time.

We accept PwC's response and have no objection to these fees.

5.    We noted that on September 16-18, 2009, George Baccash ($582.40), Lawrence Brager ($384.80), Justin Bray ($410.21), Jacqueline Calvo ($218.40), and Lynda Keorlet ($209.55) attended a "tax lean event" at the debtor's offices in Boca Raton, Florida.  The total time spent, including non-working travel, was 75.5 hours, for fees of $24,514.40:

| George Baccash | 9/16/2009 | 5.0 | 2,912.00 | Tax Lean Event |
| George Baccash | 9/17/2009 | 1.0 | 582.40 | Tax Lean teleconference |
| Lawrence Brager | 9/16/2009 | 8.3 | 3,193.84 | Tax Process Improvement Meeting |
| Lawrence Brager | 9/17/2009 | 7.1 | 2,732.08 | Tax Process Improvement Meeting |
| Lawrence Brager | 9/18/2009 | 2.2 | 846.56 | Tax Process Improvement Meeting |
| Justin Bray | 9/16/2009 | 6.2 | 2,543.30 | Meeting in Grace location in Boca Raton for Tax LEAN week |
| Justin Bray | 9/16/2009 | 1.7 | 697.36 | Meeting with L Keorlet (PwC), L Brager (PwC), J Calvo (PwC), and R Fincher (PwC) |
| Justin Bray | 9/17/2009 | 4.8 | 1,969.00 | Meeting in Grace location in Boca Raton for Tax LEAN week |
| Justin Bray | 9/18/2009 | 1.1 | 451.23 | Meeting in Grace location in Boca Raton for Tax LEAN week |
| Justin Bray | 9/18/2009 | 2.1 | 861.44 | 50% Travel time from Grace - Boca Raton to Baltimore |
| Jacqueline Calvo | 9/16/2009 | 8.0 | 1,747.20 | Tax Lean Event |
| Jacqueline Calvo | 9/17/2009 | 8.0 | 1,747.20 | Tax Lean Event |
| Jacqueline Calvo | 9/18/2009 | 4.5 | 982.80 | Tax Lean Event |
| Lynda Keorlet | 9/15/2009 | 1.5 | 314.32 | 50% travel time, flight to Florida |
| Lynda Keorlet | 9/16/2009 | 1.0 | 209.55 | Attend LEAN process overview meeting with Grace tax staff, Columbia staff, international staff and J. Calvo, G. Baccash, J. Bray, L. Brager (all PwC) |
| Lynda Keorlet | 9/16/2009 | 3.5 | 733.42 | Attend LEAN foreign process mapping meeting with Grace tax staff, Columbia staff, international staff and J. Calvo, G. Baccash, J. Bray, L. Brager (all PwC) |

| Lynda Keorlet | 9/16/2009 | 2.5 | 523.87 | Attend LEAN domestic package process mapping meeting with Grace tax staff, Columbia staff and J. Calvo, G. Baccash, J. Bray, L. Brager (all PwC) |
| --- | --- | --- | --- | --- |
| Lynda Keorlet | 9/17/2009 | 1.7 | 356.23 | Attend meeting with Grace tax staff, Columbia staff and J. Calvo, G. Baccash, J. Bray, L. Brager (all PwC) to review LEAN solutions and potential action plans |
| Lynda Keorlet | 9/18/2009 | 2.9 | 607.69 | Attend meeting with Grace tax staff, Columbia staff and J. Calvo, G. Baccash, J. Bray, L. Brager (all PwC) to break out LEAN solutions and action plans for follow up |
| Lynda Keorlet | 9/18/2009 | 2.4 | 502.92 | 50% billable travel time from Florida to Maryland for tax LEAN process |
| | | 75.5 | 24,514.40 | |

Paragraph II.D.5. of the U.S. Trustee Guidelines provides: "If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."  Thus, we asked PwC to explain the nature of this event and why it was necessary for each professional to attend.  PwC responded:

> In response to Item 5, Grace's global reach results in a complexity of tax regulations, which require assessments of applicable tax law and judgments in estimating the ultimate tax liability.  Tax balances are material to the company and sufficient auditing procedures must be performed to support the audit opinion.  As such, at the request of Grace management, engagement professionals attended a tax lean event or tax process meeting in Florida, in order to discuss tax and accounting complexities and determine 2009 action plans.  The efforts involved around the tax meeting were necessary to fulfill a primary objective to increase the efficiency of the Grace process in order to reduce internal costs and PwC hours in this area in the future.  Seven Grace employees attended this meeting, with expertise in financial reporting, tax accounting and process improvement.  As such, to ensure all meeting objectives could be met, PwC and management felt that it was necessary to have PwC professionals from the audit and tax groups with varying experience and expertise in the process of auditing income taxes at WR Grace.  All PwC professionals who attended the meeting have held significant responsibilities in performing the 2009

audit work over Grace income taxes.

We accept PwC's response and have no objection to these fees.

6.      We noted that Kristina N Johnson ($156.21) spent 1.00 hour attending a "town hall

meeting":

29-Sep          1.00            Attending Town Hall meeting.

Thus, we asked PwC to explain why the estate should compensate this time.  PwC responded:

> In response to Item 6, regarding 1.0 hour by Kristina N Johnson spent attending a
> Town Hall meeting, we feel that this is an important Grace meeting for the
> engagement staff to attend.  At the Town Hall meetings, Grace's executive level
> management discusses with the employees the quarterly results and anticipate future
> significant events, changes and goals.  An audit team member attends the meeting
> as an efficient way to gain an understanding of management's perspectives and
> develop expectations for the audit and review procedures.

Based upon PwC's explanation, we have no objection to these fees.

### CONCLUSION

7.      Thus, we recommend approval of $500,691.65 in fees and $9,955.17 in expenses for

PwC's services for the Application Period.

8.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
        Warren H. Smith
        Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 3rd day of March, 2010.

_____

Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant Counsel**
Kathleen M. Miller
SMITH, KATZENSTEIN & FURLOW LLP
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
Deanna Boll
Holly Bull
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801