IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| W.R. GRACE & CO., et al., ) | **Case No. 01-01139 (JKF)** |
| ) | **(Jointly Administered)** |
| Debtors. ) | |
| ) | Ref. Dkt. Nos. 6795, 22619 |

**SECOND SUPPLEMENTAL DECLARATION OF JENNIFER L. BIGGS UNDER FED. R. BANKR. P. 2014 AND 5002 IN SUPPORT OF APPLICATION FOR AUTHORIZATION TO EMPLOY TOWERS PERRIN AS ACTUARIAL CONSULTANT**

I, JENNIFER L. BIGGS, state:

1.  I am a Consulting Actuary with Towers Watson Pennsylvania Inc. ("Towers Watson"), formerly Towers, Perrin, Forster & Crosby, Inc. ("Towers Perrin"). I maintain an office at 101 S. Hanley Road, St. Louis, MO 63105. I am authorized to execute this Second Supplemental Declaration on behalf of Towers Watson. My firm is employed in the above-referenced cases as an actuarial consultant to David T. Austern, the Asbestos PI Future Claimants' Representative (the "FCR") pursuant to an Order entered by the Court on December 21, 2004 [Dkt. No. 7254], authorizing Towers Perrin's employment effective as of October 29, 2004.

2.  On October 29, 2004, Michael E. Angelina, a former principal of Towers Perrin, submitted a declaration pursuant to Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Rules") in support of the FCR's application for authorization to employ Towers Perrin as his actuarial consultant [Dkt. No. 6795].

3.  On July 23, 2009, I submitted a Supplemental Declaration [Dkt. No. 22619] pursuant to the Rules. This Second Supplemental Declaration is intended to supplement the previously filed declarations.

4.     Except as is otherwise provided below, the facts set forth in this Second Supplemental Declaration are based upon my personal knowledge, upon records maintained by Towers Watson & Co. through its affiliates ("Towers Watson & Co.") in the ordinary course of its business, which have been reviewed by me and/or by other employees of Towers Watson & Co. at my direction, or upon information known by other principals or employees of Towers Watson & Co. and conveyed to me.

5.     I make this Second Supplemental Declaration out of an abundance of caution and have been advised that such disclosure may not be required.

6.     In my Supplemental Declaration filed in July 2009, I stated that Towers Perrin had announced that it had signed a definitive agreement to merge with Watson Wyatt Worldwide, Inc. ("Watson Wyatt"), an international human resources consulting firm, to form a new, publicly listed company named Towers Watson & Co.  Towers Perrin and Watson Wyatt shareholders were expected to vote on the transaction in the fourth quarter of 2009, with closing to occur as soon as possible thereafter.

7.     On December 18, 2009, the respective shareholders approved the merger and on January 3, 2010, Towers Watson & Co., a newly formed holding company, announced the completion of the merger of the Towers Perrin and Watson Wyatt entities.  Although owned by Towers Watson & Co., the companies formerly connected to Towers Perrin and Watson Wyatt will continue to do business as separate entities at least for some time.  The services that my team provides to the FCR will continue to be provided by principals and staff of the former Towers Perrin entity.

8.     Towers Watson & Co. is a leading global professional services company that helps organizations improve performance through effective people, risk and financial management. With 14,000 associates around the world, Towers Watson & Co. offers solutions in the areas of employee benefits, talent management, rewards, and risk and capital management.  Towers Watson & Co., including all of its affiliated companies, is not a law firm, does not provide legal advice, and does not represent clients.

9. As I previously disclosed in my Supplemental Declaration filed in July 2009, it is my understanding that Towers Watson & Co. (through a Watson Wyatt entity) currently provides employee compensation and benefits counseling services to the Debtors in these Chapter 11 cases. The services Towers Watson (through a former Towers Perrin entity) provides to the FCR are completely unrelated to employee compensation and benefits matters.

10. As part of its practice, Towers Watson & Co. provides various services in cases, proceedings and transactions throughout the United States involving many different parties, and works together with many different parties, which may include creditors or parties in interest, or attorneys, accountants or other professional firms or advisors who may represent the Debtors, creditors or parties in interest in these Chapter 11 cases. To the best of my knowledge, these services are completely unrelated to the services Towers Watson (through a former Towers Perrin entity) provides to the FCR.

11. Towers Watson & Co. employees and I may have business associations with, professional and social relationships with, or interests adverse to, the Debtors, creditors or other parties in interest, or their attorneys, accounts or advisors; as far as I have been able to ascertain, other than as disclosed in paragraph 9 above, none of these associations, relationships, or interests have any connection with these Chapter 11 cases.

12. Towers Watson & Co. will use reasonable efforts to identify any additional relevant fact or relationship not previously disclosed. If any such fact or relationship is discovered, Towers Watson will, as soon as reasonably practicable, file additional supplemental declarations with the Court.

\* \* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

                                              */S/ JENNIFER L. BIGGS*
                                              Jennifer L. Biggs, FCAS, MAAA

Executed on March 5, 2010