IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>                            Debtors. | Chapter 11<br>Case Nos. 01-1139 through 01-1200 |
| OFFICIAL COMMITTEE OF ASBESTOS<br>PERSONAL INJURY CLAIMANTS, et al.,<br><br>                    Plaintiffs,<br><br>                    v.<br><br>SEALED AIR CORPORATION and<br>CRYOVAC, INC.,<br><br>                  Defendants. | Adv. No. 02-2210<br>[LEAD DOCKET] |
| OFFICIAL COMMITTEE OF ASBESTOS<br>PERSONAL INJURY CLAIMANTS, et al.,<br><br>                    Plaintiffs,<br>                    v.<br><br>FRESENIUS MEDICAL CARE<br>HOLDINGS, INC. and<br>NATIONAL MEDICAL CARE, INC.,<br><br>                  Defendants. | Adv. No. 02-2211 |
| | Affects Dockets 02-2210 and 02-2211 |

**FIRST INTERIM QUARTERLY FEE APPLICATION OF W. D. HILTON, JR. FOR APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS A CONSULTANT TO THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS FOR THE PERIOD OF JULY 1, 2002 THROUGH AUGUST 31, 2002 <u>RELATING TO THE FRAUDULENT TRANSFER CASES</u>**

Name of Applicant:                                  W. D. Hilton, Jr.

Authorized to provide
professional services to:                     Official Committee of Asbestos Property Damage
                                              Claimants

Date of retention:                            Retention order entered on February 20, 2002, <u>Nunc</u>
                                              <u>Pro Tunc</u>, to May 2, 2001

Period for which compensation and
reimbursement is sought:                      July 1, 2002 through August 31, 2002

Amount of compensation sought
as actual reasonable and necessary:           <u>$18,600.00</u>

Amount of expense reimbursement
sought as actual reasonable and
necessary:                                    <u>$1,763.37</u>

This is an: <u>X</u> interim ___ final application

This is the first quarterly application filed.

**ATTACHMENT "B" TO FEE APPLICATION**
**SUMMARY OF HOURS – W. D. HILTON, JR.**

| Name of Professional Person | Position of Applicant | Number of Years in Position | Dept. | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| W. D. Hilton, Jr. | Consultant | N/A | N/A | $400.00 | 46.5 | $18,600.00 |
| | | | | **Total:** | **46.5** | **$18,600.00** |
| | | | | | **GRAND TOTAL** | ***$18,600.00*** |

**COMPENSATION BY PROJECT CATEGORY**

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Fraudulent Transfer Litigation | 46.5 | $18.600.00 |
| **Total** | **46.5** | **$18,600.00** |

**EXPENSE SUMMARY**

| | | | |
|---|---|---|---|
| 1. | Data Entry | | |
| 2. | Court Reporter | | |
| 3. | Messenger Services | | |
| 4. | Photocopies | | |
| | (a)      In-house copies @ .15 | N/A | |
| | (b)      Outside copies (at cost) | N/A | |
| 5. | Postage | | |
| 6. | Overnight Delivery Charges | | |
| 7. | Long Distance Telephone Charges | | |
| 8. | Telecopies | | |
| 9. | Research Materials | | |
| 10. | Miscellaneous  - conference room | | $369.10 |
| 11. | Travel Expenses | | $1,394.27 |
| **TOTAL "GROSS" AMOUNT OF REQUESTED DISBURSEMENT** | | | $1,763.37 |

-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>                Debtors. | Chapter 11<br>Case Nos. 01-1139 through 01-1200 |
| OFFICIAL COMMITTEE OF ASBESTOS<br>PERSONAL INJURY CLAIMANTS, et al.,<br><br>                Plaintiffs,<br><br>                v.<br><br>SEALED AIR CORPORATION and<br>CRYOVAC, INC.,<br>                Defendants. | Adv. No. 02-2210<br>[LEAD DOCKET] |
| OFFICIAL COMMITTEE OF ASBESTOS<br>PERSONAL INJURY CLAIMANTS, et al.,<br><br>                Plaintiffs,<br>                v.<br><br>FRESENIUS MEDICAL CARE<br>HOLDINGS, INC. and<br>NATIONAL MEDICAL CARE, INC.,<br><br>                Defendants. | Adv. No. 02-2211<br><br><br><br><br><br><br><br><br>Affects Dockets 02-2210 and 02-2211 |

**FIRST INTERIM QUARTERLY FEE APPLICATION OF W. D. HILTON, JR. FOR
APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES AS A CONSULTANT TO THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS FOR THE
PERIOD OF JULY 1, 2002 THROUGH AUGUST 31, 2002
RELATING TO THE FRAUDULENT TRANSFER CASES**

W. D. Hilton, Jr. (the "Applicant"), a consultant to the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") of the above-captioned debtors (the "Debtors") in this Court, by and through undersigned counsel, hereby submits its First Interim Quarterly Fee Application (the "Application") pursuant to 11 U.S.C. §§ 330 and 331 and in accordance with the Administrative Fee Order (defined below) for approval and allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## I. Introduction

1. The Applicant, as a consultant to the PD Committee, seeks (i) approval and allowance, pursuant to section 331 of the Bankruptcy Code of compensation for the professional services rendered by Applicant as a consultant for the PD Committee from July 1, 2002 through August 31, 2002 (the "Application Period") in the aggregate amount of $18,600.00 representing 46.5 hours of professional services and (ii) reimbursement of actual and necessary expenses incurred by the Applicant during the Application Period in connection with the rendition of such professional services in the aggregate amount of $1,763.37.

2. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background

3. On April 2, 2001, each of the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been procedurally consolidated and are being jointly administered. No trustee or examiner has been appointed in their cases.

4. On April 12, 2001, the United States Trustee formed the PD Committee. Thereafter, the PD Committee approved the retention of Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg") as its counsel.

5.  By order dated February 20, 2002, the Court authorized the PD Committee to retain the Applicant <u>nunc</u> <u>pro</u> <u>tunc</u> to May 2, 2001, pursuant to 11 U.S.C. §§ 1103 and 328, as a consultant to the PD Committee (the "<u>W. D. Hilton Retention Order</u>").

6.  On or about February 20, 2002, the Court authorized the PD Committee and the Official Committee of Asbestos Personal Injury Claimants (the "PI Committee") to commence the captioned adversary proceedings.  Thereafter, the Court entered its July 10, 2002 order withdrawing the reference to the Bankruptcy Court with respect to fees and costs incurred in the captioned adversary proceedings.

7.  This is the first interim quarterly fee application request that the Applicant has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the PD Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members approved by the Court on May 3, 2001, as amended by the Court's order of April 17, 2002  (collectively, the "<u>Administrative Fee Order</u>").  Previously, in accordance with the Administrative Fee Order, the Applicant has filed with the Court one monthly fee application that is the subject of this Application, which is summarized as follows:

| Date Filed | Period Covered | Fees Requested | Expenses Requested | Objections |
|---|---|---|---|---|
| 10/9/2003 | 7/1/02 – 8/31/02 | $18,600.00 | $1,763.37 | N/A |
| **Totals** | | **$18,600.00** | $1,763.37 | |

7.  The Applicant has received no payment and no promise for payment from any source for services rendered in connection with these cases.  There is no agreement or understanding between the Applicant and any other person for the sharing of compensation to be received hereunder.

8.  As stated in the Certification of W. D. Hilton, Jr., attached hereto as Exhibit "A," all of the services for which compensation is sought herein were rendered for and on behalf of the PD Committee solely in connection with these cases.

### III. Summary of Services Rendered

9.    In accordance with Local Rule 2016-2 dated December 12, 1996 and the Administrative Fee Order, and to assist the Court, the Debtors, the U.S. Trustee and other parties in interest in evaluating this Application, the primary services performed by the Applicant during the Application Period are summarized in the Summary attached hereto as Exhibit "B."  The summary reflects certain services of major importance which required the special attention, efforts and skill of Applicant.  The Applicant's services throughout the Application Period have been valuable to the PD Committee in providing guidance and consultation in respect of asbestos property damage issues.

10.   In accordance with the Administrative Fee Order and the Local Rules, a summary sheet of the professionals and their corresponding names, years of experience, hourly rates and the number of hours incurred by each is set forth on Attachment "B".  The hourly rates reflect what the Applicant generally charges his other clients for similar services.  An itemization including identification of services performed by the professionals sorted by date and time keeper is attached hereto as Exhibit "C," which also contains a statement of the Applicant's disbursements, necessarily incurred in the performance of the Applicant's duties as a consultant to the PD Committee.

### IV. Conclusion

11.   The Applicant has necessarily and properly expended 49.5 hours of services in the performance of its duties as a consultant to the PD Committee during the Application Period. Such services have a fair market value of $18,600.00. The work involved and thus the time expended, was carefully assigned in light of the expertise required for each particular task.

12.   The Applicant has reviewed the requirements set forth in Local Rule 2016-2 and believes that this Application for interim compensation complies therewith.

13.   The Applicant has made no prior application in this or any other Court for the relief sought herein.

WHEREFORE, the Applicant, by and through undersigned counsel, respectfully requests pursuant to the Administrative Fee Order:  a) the approval and allowance, pursuant to section 331 of the Bankruptcy Code of compensation for professional services rendered to the PD Committee during the Application Period of July 1, 2002 through August 31, 2002 in the amount of $18,600.00; and b) such other relief as the Court deems just.

## <u>CERTIFICATION OF COUNSEL</u>

In accordance with the W. D. Hilton Retention Order, undersigned counsel, Jay M. Sakalo, hereby certifies that (a) he has personally reviewed the Applicant's October 9, 2003 fee application and this Application, and (b) the services by the Applicant are not duplicative of services performed by Hamilton, Rabinovitz & Alschuler, Inc.

Dated: March 8, 2010

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
Counsel to the Official Committee of Asbestos Property
Damage Claimants
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2385
Telephone:  (305) 374-7580
Facsimile: (305) 374-7593

By:_____/s/ Jay M. Sakalo_____ _____
        Scott L. Baena (Admitted <u>Pro</u> <u>Hac</u> <u>Vice</u>)
        Jay M. Sakalo (Admitted <u>Pro</u> <u>Hac</u> <u>Vice</u>)