IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: April 19, 2010 at 10:30 a.m.** |
| | | **Objection Deadline: March 26, 2010** |

**JOINT MOTION OF THE PLAN PROPONENTS FOR ENTRY OF
AN ORDER APPROVING STIPULATION REGARDING CLASSIFICATION,
ALLOWANCE AND PAYMENT OF CLAIM NO. 9553 OF LONGACRE
MASTER FUND, LTD. AND LONGACRE CAPITAL PARTNERS
(QP), AND WITHDRAWING PLAN OBJECTIONS**

The Plan Proponents[2] respectfully move this Court for the entry of an order approving a

stipulation resolving proof of claim no. 9553 of Longacre Master Fund, Ltd. and Longacre

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    The Plan Proponents consist of the Debtors, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative and the Official Committee of Equity Security Holders.

Capital Partners (QP), L.P. ("Longacre") and withdrawing Longacre's Plan objections. In support of this motion, the Plan Proponents state the following:[3]

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Motion are section 105 of the Bankruptcy Code and Fed. R. Bankr. P. 9019.

## Background, Proof of Claim and Plan Objection

3.      On April 2, 2001 (the "Petition Date"), W. R. Grace & Co. and W. R. Grace & Co. – Conn. ("Grace-Conn") and certain of their affiliates and subsidiaries (together with W. R. Grace & Co. and Grace-Conn, the "Debtors") petitioned the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code.

4.      Prior to the Petition Date, National Union Fire Insurance Company of Pittsburgh, Pa.  ("National Union") had issued certain surety bonds in favor of the Debtors to secure the Debtors' obligations under certain settlement agreements with Reaud, Morgan & Quinn, Inc. and Environmental Litigation Group, P.C. (collectively "RMQ") with respect to certain asbestos personal injury claims.

---

[3]      Capitalized terms not defined in this motion shall have the meaning ascribed to them in, as the case may be, the Stipulation attached to the form of order requested herein as Exhibit 1 or the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., Et Al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009*, as thereafter amended (the "Plan").

5.      Subsequent to the Petition Date, National Union filed a proof of claim in the Debtors' chapter 11 cases in the amount of $46,971,764, plus additional unliquidated amounts, which claim was assigned number 9553.

6.      On November 13, 2007, the Debtors, National Union and RMQ entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement") which, among other things, allowed claim number 9553 of National Union in the amount of $9,806,018 (the "Allowed Claim"). The Settlement Agreement was approved by this Court on December 4, 2007 (*See* Adv. Docket No. 115 in that certain Adversary Proceeding captioned *W.R. Grace & Co.- Conn. v. National Union Fire Ins. Co. of Pittsburgh, PA and Reaud, Morgan & Quinn, Inc. and Environmental Litigation Group, P.C. (In re W.R. Grace & Co.)*(Adv. Proc. No. 02-01657)).

7.      On December 13, 2007, National Union entered into an Assignment of Claims (the "Assignment") with Longacre pursuant to which National Union assigned all right, title and interest in the Allowed Claim to Longacre. Under the Assignment, Longacre is entitled to enforce all rights and benefits under the Allowed Claim, as the successor-in-interest to National Union.

8.      On December 17, 2007, Longacre filed the Notice of Transfer of Claim pursuant to FRBP Rule 3001(e)(2) (Docket No. 17648).

9.      On February 27, 2009, the Plan Proponents filed the Plan.

10.     The Plan Proponents have advised Longacre that the Plan classifies the Allowed Claim as a Class 6 Asbestos PI Claim which more specifically is an Indirect PI Trust Claim as that term is defined in the Plan.

11.    Longacre has filed certain objections to the Plan (the "Longacre Plan Objections"), including an objection alleging, *inter alia*, that the Allowed Claim should be classified as a Class 9 General Unsecured Claim under the Plan.

12.    Longacre and the Plan Proponents seek, pursuant to the Stipulation, to resolve the Longacre Plan Objections and compromise the Allowed Claim and its classification and treatment under the Plan.

13.    The Stipulation is a compromise by the parties in order to settle the Longacre Plan Objections and any objections that the Plan Proponents may otherwise have to the Allowed Claim. The parties, however, agree that pursuant to Rule 408 of the Federal Rules of Evidence, the Stipulation may not be used as proof of liability or classification with respect to any claims other than the Revised Claim (as defined below).

### Relief Requested

14.    By this Motion, the Plan Proponents respectfully seek the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to section 105 of the Bankruptcy Code and Fed. R. Bankr. P. 9019: (i) approving the Plan Proponents' execution of the Stipulation; (ii) amending and allowing claim 9553 as outlined below and in the Stipulation as a Class 9 General Unsecured Claim against the chapter 11 estates of the Debtors; and (iii) withdrawing the Longacre Plan Objections.

### The Stipulation

15.    Pursuant to the Stipulation, the Allowed Claim amount shall be reduced to $8,825,416 (the "Revised Claim"). Notwithstanding anything in the Plan or any other documents to the contrary, the Revised Claim shall not bear or pay interest of any kind.

16.     Pursuant to the Stipulation and for settlement purposes only, the Plan Proponents agree to withdraw their opposition to Longacre's contention that the Allowed Claim should not be classified and treated as a Class 6 Asbestos PI Claim (Indirect PI Trust Claim) under the Plan and agree that the Revised Claim shall be reclassified and Allowed as a Class 9 General Unsecured Claim which shall be paid in full by the Debtors to Longacre on the Effective Date. This agreement is not an admission with regard to the merits of the Plan Proponents' position with respect to the classification of the Allowed Claim and may not be used as evidence with respect to whether any other claims which the Plan Proponents contend are Asbestos PI Claims (Indirect PI Trust Claims) should be properly classified in Class 6 rather than Class 9 under the Plan.

17.     Upon payment of the Revised Claim by the Debtors as outlined in the Stipulation, the Asbestos PI Trust shall immediately pay to the Debtors or provide the Debtors with a credit for the sum of $2,451,504.

18.     Longacre agrees to (i) withdraw all of its objections to the Plan; (ii) subject to the Plan Proponents' compliance with paragraph 5 of the Stipulation, take no further actions of any nature (including filing new objections to the Plan) that may hinder, delay, or oppose the action of the Plan Proponents in seeking confirmation of the Plan; and (iii) not oppose the entry of an order confirming the Plan.

19.     The Plan Proponents agree not to amend the Plan to impair the treatment and payment provided for in the Stipulation on the Revised Claim.

20.     All other amounts reflected in Allowed Claim no. 9553 shall be disallowed and expunged and Longacre agrees not to assert any Claim against the Asbestos PI Trust.

5

## Basis for Relief

## Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a)

21.     Section 105(a) of the Bankruptcy Code provides in pertinent part that "[t]he court

may issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a) provides in

pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may

approve a compromise or settlement."  Fed. R. Bankr. Pro. 9019(a).

22.     Courts generally favor minimizing litigation and expediting the administration of

a bankruptcy case.  See Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); see also

In re Key3Media Group, Inc., No. 03-10323, 2006 U.S. Dist. WL 2842462, at *3 (D. Del. Oct. 2,

2006).  Settlements and compromises are "a normal part of the process of reorganization."

Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414,

424 (1968) (quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)).

Indeed, compromises are favored in bankruptcy.  Martin, 91 F.3d at 393.

23.     Before approving a settlement under Bankruptcy Rule 9019, however, a court

must determine that the proposed settlement is in the best interests of the debtor's estate.  See id.

at 394; In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate

inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate'.").  To

reach this determination, the court must assess the value of the claim that is being settled and

balance it against the value to the estate of the approval of the settlement.  See Martin, 91 F.3d at

393.

24.     The standard by which courts should evaluate the reasonableness of a proposed

compromise and settlement is well established.  This standard includes consideration of the

91100-001\DOCS_DE:158132.1

following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id. at 393; see also In re Nutraquest, Inc., 434 F.3d 639 (3d Cir. 2006).

25.     It is also well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Key3Media Group, 2006 WL 2842462, at *3; In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (citing In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979)). Under this test, a proponent must simply demonstrate that a proposed settlement does not fall "below the lowest point in the range of reasonableness." World Health Alternatives, 344 B.R. at 1114 (citations omitted).

## The Court Should Approve the Stipulation

26.     The Plan Proponents have determined that entry into the Stipulation is in the best interests of the Debtors and their estates. The Stipulation is fair and reasonable, and is within the reasonable range of litigation possibilities. The Stipulation settles a significant Plan confirmation issue regarding treatment of a claim of almost $10 million. The Plan Proponents allege that under the Plan, the Allowed Claim is a Class 6 Asbestos PI Claim, specifically an Indirect PI Trust Claim, because the Claim requests reimbursement of amounts paid to RMQ on an Asbestos PI claims settlement. Longacre argues that the Allowed Claim is a Class 9 General Unsecured Claim because it arises from a financial transaction between National Union and the Debtors.

27.     Pursuant to the Stipulation: (i) the Allowed Claim is reduced from the original Allowed amount of $9,806,018 to $8,825,416, which is a savings of 10% or $980,602; (ii) the Asbestos PI Trust will reimburse the Debtors for 25% of the Allowed Claim, which amounts to

7

$2,451,505; and (iii) although the Debtors are agreeing to reclassify the Claim from a Class 6 Asbestos PI Claim that would be paid by the Asbestos PI Trust to a Class 9 General Unsecured Claim that will be paid by the Debtors in full, Longacre has agreed to waive any interest that it may have otherwise been entitled to be paid on the Allowed Claim. To Date, the amount of interest that would otherwise be payable on the Allowed Claim if it were classified as a Class 9 General Unsecured Claim would be approximately $866,000 and interest would continue to accrue on the Claim until it is paid under the Plan.

28.     The Plan Proponents believe that the Stipulation by which (i) the Allowed Claim is reclassified in a reduced amount, (ii) bears no interest, and (iii) still obligates the Asbestos PI Trust to pay an amount with respect to the Allowed Claim that is roughly equivalent to what the Asbestos PI Trust would be expected to pay if the Allowed Claim were not reduced and reclassified, is a fair and reasonable settlement of both the Longacre Plan Objections and the Claim.

29.     Finally, approval of the Stipulation benefits all of the creditors of the Debtors' estates and the public. Approval of the Stipulation will eliminate significant Plan Objections and move the Debtors another step closer to Plan Confirmation, payment of Claims and emergence from Chapter 11.

30.     For the above reasons, the Plan Proponents believe that the Stipulation represents a reasonable settlement of claim 9553 and of Longacre's Plan Objections and the Court should approve the Stipulation. The Stipulation is fair and equitable and in the best interests of the Debtors, their estates, and their creditors, and also in the public interest. In addition, the Plan Proponents reasonably believe that the relief requested in this Motion will aid in the expeditious resolution of these Chapter 11 Cases. Accordingly, the Plan Proponents have demonstrated a

8

sound business justification and public interest for the execution and consummation of the Stipulation.

## No Previous Motion

31.    No previous motion for the relief sought herein has been made to this or any other court.

## No Briefing Schedule

32.    The Plan Proponents respectfully submit that this motion does not present any novel issues of law requiring briefing.  Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Rule 1001-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Plan Proponents respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

## Waiver of Stay Pending Appeal

33.    To successfully implement the foregoing settlement, the Plan Proponents seek a waiver of the notice requirements under Fed. R. Bankr. P. 6004(a) and the fourteen-day stay under Fed. R. Bankr. P. 6004(h).

## Notice

34.    Notice of this Motion has been given to:  (i) the office of the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders, (iv) counsel to each of the official committees appointed in these Chapter 11 Cases, (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives, (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002, and (vii) counsel to Longacre and National

9

Union.  In light of the nature of the relief requested, the Plan Proponents submit that no further notice is required.

WHEREFORE, the Plan Proponents respectfully seek the entry of an order, pursuant to section 105 of the Bankruptcy Code and Fed. R. Bankr. P. 9019: (i) approving the Plan Proponents' execution of the Stipulation; (ii) allowing claim 9553 as a Class 9 General Unsecured Claim against the chapter 11 estates of the Debtors in the total amount of $8, 825,416, with no prepetition or post-petition interest and disallowing all other sums requested in Claim 9553; (iii) permitting the withdrawal of all of Longacre's Objections to the Plan;  and (iv) granting such other relief as may be appropriate.

*[Remainder of Page Intentionally Left Blank]*

Dated:  March 8, 2010

**KIRKLAND & ELLIS LLP**
Theodore L. Freedman
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

and

**THE LAW OFFICES OF JANET S. BAER, P.C.**
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and

**PACHULSKI STANG ZIEHL & JONES LLP**


_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705
(302) 652-4100
(302) 652-4400
*Co-Counsel for the Debtors and Debtors-in-Possession*

11

**CAMPBELL & LEVINE, LLC**

*/s/ Mark T. Hurford*
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947
mhurford@camlev.com

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY  10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee
of Asbestos Personal Injury Claimants*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

and

**PHILLIPS, GOLDMAN & SPENCE, P.A.**

John C. Phillips
_____
John C. Phillips (Bar No. 110)
1200 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

*Co-Counsel for David T. Austern, Asbestos PI Future
Claimants' Representative*

13

**SAUL EWING LLP**

Teresa K.D. Currier
_____
Teresa K.D. Currier (ID No. 3080)
222 Delaware Ave
P.O. Box 1266
Wilmington, Delaware 19899
Telephone: (302) 421-6826
Facsimile: (302) 421- 5861

**KRAMER LEVIN NAFTALIS &
FRANKEL LLP**
Philip Bentley
David Blabey
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

_Attorneys for the Official Committee of
Equity Security Holders_

14