## EXHIBIT A

### PROPOSED FORM OF ORDER

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ |
| | | April 19, 2010 Agenda No._____ |

**ORDER APPROVING STIPULATION REGARDING CLASSIFICATION, ALLOWANCE AND PAYMENT OF CLAIM NO. 9553 OF LONGACRE MASTER FUND, LTD. AND LONGACRE CAPITAL PARTNERS (QP), L.P. AND WITHDRAWING PLAN OBJECTIONS**

Upon consideration of the *Joint Motion of the Plan Proponents for Entry of an Order Resolving Proof of Claim no. 9553 of Longacre Master Fund, Ltd. and Longacre Capital Partners (QP), L.P. ("Longacre") and Withdrawing Longacre's Plan Objections* (the "Motion"); and due and proper notice of the Motion having been given; and it appearing that the

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the terms of the Stipulation, attached hereto as Exhibit 1, are incorporated herein by reference as if fully set forth herein and to the extent that there is any conflict between the terms of this Order and the Stipulation, the terms of the Stipulation control; and it is further

ORDERED that the Plan Proponents are authorized to enter into the Stipulation; and it is further

ORDERED that the Plan Proponents are authorized to perform their respective obligations under the Stipulation; and it is further

ORDERED that Claim no. 9553 shall be reclassified and Allowed as a Class 9 General Unsecured Claim (as defined in the Plan) in the revised total amount of $8, 825,416 (the "Revised Claim") and all other sums requested in Claim 9553 shall be disallowed and expunged. The Revised Claim shall be paid in full by the Debtors to Longacre on the Effective Date.; and it is further

ORDERED  that the Stipulation is not an admission with regard to the merits of the Plan Proponents' position with respect to the classification of the Allowed Claim and may not be used as evidence with respect to whether any other claims which the Plan Proponents contend are

---

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them, as the case may be, in the Motion, the Stipulation or the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., Et Al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009*, as thereafter amended (the "Plan").

Asbestos PI Claims (Indirect PI Trust Claims) should be properly classified in Class 6 rather than Class 9 under the Plan; and it is further

ORDERED that upon payment of the Revised Claim by the Debtors as outlined in the Stipulation, the Asbestos PI Trust shall immediately pay to the Debtors or provide the Debtors with a credit for the sum of $2,451,504; and it is further

ORDERED that Longacre shall not be entitled to prepetition or post-petition interest on the Revised Claim; and it is further

ORDERED that Longacre hereby withdraws all of its objections to the Plan; and subject to the Plan Proponents' compliance with paragraph 5 of the Stipulation, shall take no further actions of any nature (including filing new objections to the Plan) that may hinder, delay, or oppose the action of the Plan Proponents in seeking confirmation of the Plan; and not oppose the entry of an order confirming the Plan; and it is further

ORDERED that the Plan Proponents shall not amend the Plan to impair the treatment and payment provided by this Order and the Stipulation with regard to the Revised Claim. If the Plan is not confirmed, is withdrawn in accordance with section 4.2 of the Plan, or if the Effective Date does not occur under the Plan, the Stipulation and this Order shall have no force and effect; and it is further

ORDERED that the Plan Proponents are authorized to take whatever other actions may be necessary to consummate the transactions contemplated by the Stipulation; and it is further

91100-001\DOCS_DE:158132.1

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

ORDERED that this Order is effective immediately upon its entry.


Dated: _____, 2010


_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

4

**Exhibit I**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) **Chapter 11** |
| | ) |
| W.R. GRACE & CO., *et al.*, | ) **Case No. 01-1139 (JKF)** |
| | ) |
| Debtors. | ) **Jointly Administered** |
| | ) |

**STIPULATION REGARDING CLASSIFICATION, ALLOWANCE AND
PAYMENT OF CLAIM NO. 9553 OF LONGACRE MASTER FUND, LTD.
AND LONGACRE CAPTIAL PARTNERS (QP), L.P. AND
WITHDRAWING PLAN OBJECTIONS[1]**

WHEREAS, on April 2, 2001 (the "Petition Date"), W. R. Grace & Co. and W. R. Grace & Co. – Conn. ("Grace-Conn") and certain of their affiliates and subsidiaries (together with W. R. Grace & Co. and Grace-Conn, the "Debtors") petitioned the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code;

WHEREAS, prior to the Petition Date, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") had issued certain surety bonds in favor of the Debtors to secure the Debtors' obligations under certain settlement agreements with Reaud, Morgan & Quinn, Inc. and Environmental Litigation Group, P.C. ( collectively "RMQ") with respect to certain asbestos personal injury claims;

WHEREAS, subsequent to the Petition Date, National Union filed a proof of claim in the Debtors' chapter 11 cases in the amount of $46,971,764, plus additional unliquidated amounts, which claim was assigned number 9553;

WHEREAS, on November 13, 2007, the Debtors, National Union and RMQ entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement") which, among other things, allowed claim number 9553 of National Union in the amount of $9,806,018 (the "Allowed Claim"). The Settlement Agreement was approved by the Bankruptcy Court on December 4, 2007 (*See* Adv. Docket No. 115 in that certain Adversary Proceeding captioned *W.R. Grace & Co.-Conn. v. National Union Fire Ins. Co. of Pittsburgh, PA and Reaud, Morgan*

---

[1] This Stipulation relates to classification of the claim described herein under the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., The Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009, as amended from time to time (the "Plan"). If the Plan is not confirmed, or if the Effective Date does not occur under the Plan, this Stipulation shall have no force and effect.

& Quinn, Inc. and Environmental Litigation Group, P.C. (In re W.R. Grace & Co.)(Adv. Proc. No. 02-01657, Fitzgerald, J., Bankr. D. Del.);

WHEREAS, on December 13, 2007, National Union entered into an Assignment of Claims (the "Assignment") with Longacre Master Fund, Ltd. and Longacre Capital Partners (QP) L.P. (collectively "Longacre") pursuant to which National Union assigned all right, title and interest in the Allowed Claim to Longacre. Under the Assignment, Longacre is entitled to enforce all rights and benefits under the Allowed Claim, as the successor-in-interest to National Union;

WHEREAS, on December 17, 2007, Longacre filed the Notice of Transfer of Claim pursuant to FRBP Rule 3001(e)(2) (Docket No. 17648);

WHEREAS, on February 27, 2009, the Debtors and others (collectively, the "Plan Proponents") filed the Plan;

WHEREAS, Plan Proponents advised Longacre that the Plan classified the Allowed Claim as a Class 6 Claim which more specifically is an Indirect PI Trust Claim as that term is defined in the Plan;

WHEREAS, Longacre has filed certain objections to the Plan (the "Longacre Plan Objections"), including an objection alleging, *inter alia*, that the Allowed Claim should be classified as a Class 9 General Unsecured Claim under the Plan;

WHEREAS, Longacre and the Plan Proponents now seek to resolve the Longacre Plan Objections and compromise the Allowed Claim and its classification and treatment under the Plan;

WHEREAS, this Stipulation is a compromise by the parties in order to settle the Longacre Plan Objections and any objections that the Plan Proponents may otherwise have to the Allowed Claim and pursuant to Rule 408 of the Federal Rules of Evidence, this Stipulation may not be used as proof of liability or classification with respect to any claims other than the Revised Claim (as defined below); and

NOW, THEREFORE, it is hereby stipulated and agreed by and among Longacre and the Plan Proponents, that upon entry of an Order approving this Stipulation:

1.    The Allowed Claim amount shall be reduced to $8,825,416 (the "Revised Claim"). Notwithstanding anything in the Plan or any other documents to the contrary, the Revised Claim shall not bear or pay interest of any kind.

2.    Pursuant to this Stipulation and for settlement purposes only, the Plan Proponents agree to withdraw their opposition to Longacre's contention that the Allowed Claim should not be classified and treated as a Class 6 Asbestos PI Claim ( Indirect PI Trust Claim) under the Plan and agree that the Revised Claim shall be reclassified and Allowed as a Class 9 General Unsecured Claim (as defined in the Plan) which shall be paid in full by the Debtors to Longacre on the Effective Date. This agreement is not an admission with regard to the merits of the Plan Proponents' position with respect to the classification of the Allowed Claim and may not be used

as evidence with respect to whether any other claims which the Plan Proponents contend are Asbestos PI Claims (Indirect PI Trust claims) should be properly classified in Class 6 rather than Class 9 under the Plan.

3.    Upon payment of the Revised Claim by the Debtors as outlined herein, the Asbestos Personal Injury Trust shall immediately pay to the Debtors or provide the Debtors with a credit for the sum of $2,451,504.

4.    Longacre hereby (i) withdraws all of its objections to the Plan; (ii) subject to the Plan Proponents' compliance with paragraph 5, below, agrees to take no further actions of any nature (including filing new objections to the Plan) that may hinder, delay, or oppose the action of the Plan Proponents in seeking confirmation of the Plan; and (iii) agrees not to oppose the entry of an order confirming the Plan.

5.    The Plan Proponents agree not to amend the Plan to impair the treatment and payment provided for herein on the Revised Claim.

6.    The Debtors' claims agent shall mark the Debtors' claims docket to reflect that claim number 9553 is allowed as a Class 9 general unsecured pre-petition claim in the revised amount of $8,825,416 and all other amounts reflected in the claim shall be disallowed and expunged. Longacre agrees not to assert any Claim against the Asbestos PI Trust.

7.    This Stipulation shall inure to the benefit of Longacre, the Plan Proponents, the Asbestos PI Trust and their respective successors and assigns.

8.    The Debtors shall promptly submit this Stipulation to the Bankruptcy Court for approval pursuant to Motion under Rule 9019 of the Bankruptcy Rules.

9.    This Stipulation may be signed in counterparts and by facsimile, with each signed counterpart being deemed a part of the original document.

10.    This Stipulation may not be modified, altered, or amended except by a writing signed by the parties.

11.    All disputes regarding or arising under this Stipulation shall be determined by the Bankruptcy Court.

PEPPER HAMILTON LLP

David M. Fournier ( No. 2812).
James C. Carignan ( No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500

*Attorneys for Longacre Master Fund, Ltd. and*
*Longacre Capital Partners (QP), L. P.*

KIRKLAND & ELLIS LLP

Theodore L. Freedman, Esq.
Kirkland & Ellis LLP
Citigroup Center
601 Lexington Ave
New York, New York 10022-4611
212-446-4800

and

THE LAW OFFICES OF JANET S. BAER,
P.C.
Janet S. Baer, Esq.
70 W. Madison Street
Suite 2100
Chicago, IL 60602
312-641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

*Attorneys for the Debtors*

#12257978 v1

4

**CAMPBELL & LEVINE, LLC**

Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel      for      the      Official      Committee
of Asbestos Personal Injury Claimants*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone:  (202) 339-8400
Facsimile:   (202) 339-8500

and

**PHILLIPS, GOLDMAN & SPENCE, P.A.**

John C. Phillips (w/ permission je)

John C. Phillips (Bar No. 110)
1200 North Broom Street
Wilmington, Delaware 19806
Telephone:  (302) 655-4200
Facsimile:   (302) 655-4210

*Co-Counsel for David T. Austern, Asbestos PI Future
Claimants' Representative*

SAUL EWING LLP

Teresa K.D. Currier (ID No. 3080)
222 Delaware Avenue
P.O. Box 1266
Wilmington, Delaware 19899
Telephone: (302) 421-6826
Facsimile: (302) 421-5861

Philip Bentley
David Blabey
**KRAMER LEVIN NAFTALIS &**
**FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for the Official Committee of*
*Equity Security Holders*

#12172933 v1

7