IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date: April 19, 2010 at 10:30 a.m. |
| | ) | Objection Deadline: March 26, 2010 |

### JOINT MOTION OF THE PLAN PROPONENTS FOR ENTRY OF AN ORDER APPROVING STIPULATION REGARDING CLASSIFICATION, ALLOWANCE AND PAYMENT OF CLAIM NO. 18508 OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA, AND WITHDRAWING PLAN OBJECTIONS

The Plan Proponents[2] respectfully move this Court for the entry of an order approving a stipulation resolving proof of claim no. 18508 of National Union Fire Insurance Company of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] The Plan Proponents consist of the Debtors, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative and the Official Committee of Equity Security Holders.

Pittsburgh Pa. (" National Union") and withdrawing National Union's Plan objections. In support of this motion, the Plan Proponents state the following:[3]

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion are section 105 of the Bankruptcy Code and Fed. R. Bankr. P. 9019.

## Background, Proof of Claim and Plan Objection

3. On April 2, 2001 (the "Petition Date"), W. R. Grace & Co. and W. R. Grace & Co. – Conn. ("Grace-Conn") and certain of their affiliates and subsidiaries (together with W. R. Grace & Co. and Grace-Conn, the "Debtors") petitioned the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code.

4. Prior to the Petition Date, National Union had issued certain surety bonds in favor of the Debtors to secure the Debtors' obligations under certain settlement agreements with Reaud, Morgan & Quinn, Inc. and Environmental Litigation Group, P.C. (collectively "RMQ") with respect to certain asbestos personal injury claims.

---

[3] Capitalized terms not defined in this motion shall have the meaning ascribed to them in, as the case may be, the Stipulation attached to the form of order requested herein as Exhibit 1 or the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., Et Al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009*, as thereafter amended (the "Plan").

5. Subsequent to the Petition Date, National Union filed a proof of claim in the Debtors' chapter 11 cases in the amount of $46,971,764, plus additional unliquidated amounts, which claim was assigned number 9553.

6. On November 13, 2007, the Debtors, National Union and RMQ entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement") which, among other things, allowed claim number 9553 of National Union in the amount of $9,806,018 (the "Allowed Claim"). The Settlement Agreement was approved by this Court on December 4, 2007 (*See* Adv. Docket No. 115 in that certain Adversary Proceeding captioned *W.R. Grace & Co.-Conn. v. National Union Fire Ins. Co. of Pittsburgh, PA and Reaud, Morgan & Quinn, Inc. and Environmental Litigation Group, P.C. (In re W.R. Grace & Co.)*(Adv. Proc. No. 02-01657)).

7. On December 13, 2007, National Union entered into an Assignment of Claims (the "Assignment") with Longacre Master Fund, Ltd. and Longacre Capital Partners (QP), L.P. (" Longacre) pursuant to which National Union assigned all right, title and interest in the Allowed Claim to Longacre. Under the Assignment, Longacre is entitled to enforce all rights and benefits under the Allowed Claim, as the successor-in-interest to National Union.

8. On December 17, 2007, Longacre filed the Notice of Transfer of Claim pursuant to FRBP Rule 3001(e)(2) (Docket No. 17648).

9. On November 19, 2008, pursuant to paragraph 6 of the Settlement Agreement, National Union filed a new proof of claim (the "New National Union Claim")( identified as claim no. 18508) in the amount of $2,553,216.60 which consisted of (i) $78,908.60 for legal fees and expenses claimed owing to National Union in connection with the RMQ Bonds arising after September 30, 2007; (ii) $59,583.00 for additional amounts claimed owing for premiums on the

RMQ bonds; and (iii) $2,414,720 in amounts claimed owing for premiums arising under a Tennessee surety bond;

10. On February 27, 2009, the Plan Proponents filed the Plan.

11. The Plan Proponents assert that under the Plan, the Allowed Claim and the portions of the New National Union Claim relating to the RMQ Bonds are to be classified as Class 6 Asbestos PI Claims which more specifically are Indirect PI Trust Claims as that term is defined in the Plan.

12. National Union has filed certain objections to the Plan (the "National Union Plan Objections"), including an objection alleging, *inter alia*, that the entire New National Union Claim as well as the Allowed Claim, should be classified to be treated as Class 9 General Unsecured Claims under the Plan.

13. National Union and the Plan Proponents seek, pursuant to the Stipulation, to resolve the National Union Plan Objections and compromise the portion of the New National Union Claim relating to the RMQ Bond and its classification and treatment under the Plan.

14. The Stipulation is a compromise by the parties in order to settle the National Union Plan Objections and any objections that the Plan Proponents may otherwise have to the New National Union Claim. The parties, however, agree that pursuant to Rule 408 of the Federal Rules of Evidence, the Stipulation may not be used to otherwise prove any issues with respect to the New National Union Claim or its classification under the Plan.

### Relief Requested

15. By this Motion, the Plan Proponents respectfully seek the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to section 105 of the Bankruptcy Code and Fed. R. Bankr. P. 9019: (i) approving the Plan Proponents' execution of the

Stipulation; (ii) amending and allowing claim 18508 as outlined below and in the Stipulation as a Class 9 General Unsecured Claim against the chapter 11 estates of the Debtors; and (iii) withdrawing the National Union Plan Objections.

## The Stipulation

16.     Pursuant to the Stipulation, the portion of the New National Union Claim related to the Tennessee bond ($2,417,720) (the "Tennessee Related Claim") shall be allowed as a Class 9 General Unsecured Claim to be paid in the same manner as all other Class 9 General Unsecured Claims under the Plan.

17.     The portions of the New National Union Claim related to the RMQ Bonds ($135,491) shall be reduced to $121,942 (the "RMQ Related Claim"). Notwithstanding anything in the Plan or any other documents to the contrary, the RMQ Related Claim shall not bear or pay interest of any kind.

18.     Pursuant to the Stipulation and for settlement purposes only, the Plan Proponents agree to withdraw their opposition to National Union's contention that the RMQ Related Claim should not be classified and treated as a Class 6 Asbestos PI Claim (Indirect PI Trust Claim) under the Plan and agree that the RMQ Related Claim shall be reclassified and Allowed as a Class 9 General Unsecured Claim which shall be paid in full by the Debtors to National Union on the Effective Date.  This agreement is not an admission with regard to the merits of the Plan Proponents' position with respect to the classification of the RMQ Related Claim and may not be used as evidence with respect to whether any other claims which the Plan Proponents contend are Asbestos PI Claims (Indirect PI Trust Claims) should be properly classified in Class 6 rather than Class 9 under the Plan.

19. Upon payment of the RMQ Related Claim by the Debtors as outlined in the Stipulation, the Asbestos PI Trust shall immediately pay to the Debtors or provide the Debtors with a credit for the sum of $33,873.

20. National Union agrees to (i) withdraw all of its objections to the Plan; (ii) subject to the Plan Proponents' compliance with paragraph 5 of the Stipulation, take no further actions of any nature (including filing new objections to the Plan) that may hinder, delay, or oppose the action of the Plan Proponents in seeking confirmation of the Plan; and (iii) not oppose the entry of an order confirming the Plan.

21. The Plan Proponents agree not to amend the Plan to impair the treatment and payment provided for in the Stipulation or the Longacre Stipulation.

22. All other amounts reflected in the New National Union Claim no. 18508 shall be disallowed and expunged and National Union agrees not to assert any Claim against the Asbestos PI Trust with respect to the claims that are the subject matter of the Stipulation or the Longacre Stipulation.

### Basis for Relief

### Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a)

23. Section 105(a) of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. Pro. 9019(a).

24. Courts generally favor minimizing litigation and expediting the administration of a bankruptcy case. See Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); see also

In re Key3Media Group, Inc., No. 03-10323, 2006 U.S. Dist. WL 2842462, at *3 (D. Del. Oct. 2, 2006). Settlements and compromises are "a normal part of the process of reorganization." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)). Indeed, compromises are favored in bankruptcy. Martin, 91 F.3d at 393.

25.     Before approving a settlement under Bankruptcy Rule 9019, however, a court must determine that the proposed settlement is in the best interests of the debtor's estate. See id. at 394; In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate'."). To reach this determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. See Martin, 91 F.3d at 393.

26.     The standard by which courts should evaluate the reasonableness of a proposed compromise and settlement is well established. This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id. at 393; see also In re Nutraquest, Inc., 434 F.3d 639 (3d Cir. 2006).

27.     It is also well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Key3Media Group, 2006 WL 2842462, at *3; In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (citing In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979)). Under this test, a proponent must simply demonstrate that a

proposed settlement does not fall "below the lowest point in the range of reasonableness." World Health Alternatives, 344 B.R. at 1114 (citations omitted).

### The Court Should Approve the Stipulation

28. The Plan Proponents have determined that entry into the Stipulation is in the best interests of the Debtors and their estates. The Stipulation is fair and reasonable, and is within the reasonable range of litigation possibilities. The Stipulation settles Plan confirmation issues regarding treatment of a significant claim. The Plan Proponents allege that under the Plan, the RMQ Related Claim is a Class 6 Asbestos PI Claim, specifically an Indirect PI Trust Claim, because the Claim requests reimbursement of amounts paid to RMQ on an Asbestos PI claims' settlement. National Union argues that the RMQ Related Claim is a Class 9 General Unsecured Claim because it arises from a financial transaction between National Union and the Debtors. National Union also seeks clarification regarding the treatment of the Tennessee Related Claim.

29. Pursuant to the Stipulation: (i) the RMQ Related Claim is reduced from the from the original amount of $135,491 to $121,942, which is a savings of 10%; (ii) the Asbestos PI Trust will reimburse the Debtors for 25% of the original amount of the RMQ Related Claim; (iii) although the Debtors are agreeing to reclassify the RMQ Related Claim from a Class 6 Asbestos PI Claim that would be paid by the Asbestos PI Trust to a Class 9 General Unsecured Claim that will be paid by the Debtors in full, National Union has agreed to waive any interest that it may have otherwise been entitled to be paid on the RMQ Related Claim; and (iv) the Stipulation Allows the Tennessee Related Claim and clarifies that such Claim is a Class 9 General Unsecured Claim to be paid in the same manner as all other Class 9 General Unsecured Claims under the Plan.

30. The Plan Proponents believe that the Stipulation by which (i) the RMQ Related Claim is reclassified in a reduced amount, (ii) bears no interest, and (iii) still obligates the

Asbestos PI Trust to pay an amount with respect to the RMQ Related Claim that is roughly equivalent to what the Asbestos PI Trust would be expected to pay if the RMQ Related Claim were not reduced and reclassified, is a fair and reasonable settlement of both the National Union Plan Objections and the Claim. Further, it is in the best interest of the estate to Allow the Tennessee Related Claim and clarify its treatment under the Plan, rather than litigate over a matter that is not really in dispute.

31. Finally, approval of the Stipulation benefits all of the creditors of the Debtors' estates and the public. Approval of the Stipulation will eliminate significant Plan Objections and move the Debtors another step closer to Plan Confirmation, payment of Claims and emergence from Chapter 11.

32. For the above reasons, the Plan Proponents believe that the Stipulation represents a reasonable settlement of claim 18508 and of National Union's Plan Objections and the Court should approve the Stipulation. The Stipulation is fair and equitable and in the best interests of the Debtors, their estates, and their creditors, and also in the public interest. In addition, the Plan Proponents reasonably believe that the relief requested in this Motion will aid in the expeditious resolution of these Chapter 11 Cases. Accordingly, the Plan Proponents have demonstrated a sound business justification and public interest for the execution and consummation of the Stipulation.

### No Previous Motion

33. No previous motion for the relief sought herein has been made to this or any other court.

### No Briefing Schedule

34. The Plan Proponents respectfully submit that this motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of

9

Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Rule 1001-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Plan Proponents respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

### Waiver of Stay Pending Appeal

35. To successfully implement the foregoing settlement, the Plan Proponents seek a waiver of the notice requirements under Fed. R. Bankr. P. 6004(a) and the fourteen-day stay under Fed. R. Bankr. P. 6004(h).

### Notice

36. Notice of this Motion has been given to: (i) the office of the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders, (iv) counsel to each of the official committees appointed in these Chapter 11 Cases, (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives, (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002, and (vii) counsel to National Union and Longacre. In light of the nature of the relief requested, the Plan Proponents submit that no further notice is required.

91100-001\DOCS_DE:158137.1

WHEREFORE, the Plan Proponents respectfully seek the entry of an order, pursuant to section 105 of the Bankruptcy Code and Fed. R. Bankr. P. 9019: (i) approving the Plan Proponents' execution of the Stipulation; (i) allowing the Tennessee Related Claim as a Class 9 General Unsecured Claim in the amount of $2,417,720 to be paid in the same manner as all other Class 9 General Unsecured Claims under the Plan; (ii) allowing the RMQ Related Claim as a Class 9 General Unsecured Claim against the chapter 11 estates of the Debtors in the total amount of $121,942, with no prepetition or post-petition interest; (iii) disallowing all other sums requested in Claim 18508; (iv) permitting the withdrawal of all of National Union's Objections to the Plan; and (iv) granting such other relief as may be appropriate.

*[Remainder of Page Intentionally Left Blank]*

Dated: March 8, 2010

**KIRKLAND & ELLIS LLP**
Theodore L. Freedman
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

and

**THE LAW OFFICES OF JANET S. BAER, P.C.**
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(302) 652-4100
(302) 652-4400
*Co-Counsel for the Debtors and Debtors-in-Possession*

**CAMPBELL & LEVINE, LLC**

*/s/ Mark T. Hurford*
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947
mhurford@camlev.com

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee
of Asbestos Personal Injury Claimants*

91100-001\DOCS_DE:158137.1

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

and

**PHILLIPS, GOLDMAN & SPENCE, P.A.**

*/s/ John C. Phillips*
John C. Phillips (Bar No. 110)
1200 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

*Co-Counsel for David T. Austern, Asbestos PI Future Claimants' Representative*

**SAUL EWING LLP**

/s/ Teresa K.D. Currier
―――――――――――――――――――
Teresa K.D. Currier (ID No. 3080)
222 Delaware Avenue
Wilmington, Delaware 19899
Telephone: (302) 421-6826
Facsimile: (302) 421-5861

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Philip Bentley
David Blabey
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for the Official Committee of Equity Security Holders*