# EXHIBIT A

## PROPOSED FORM OF ORDER

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ |
| | | April 19, 2010 Agenda No._____ |

**ORDER APPROVING STIPULATION REGARDING CLASSIFICATION, ALLOWANCE AND PAYMENT OF CLAIM NO. 18508 OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA AND WITHDRAWING PLAN OBJECTIONS**

Upon consideration of the *Joint Motion of the Plan Proponents for Entry of an Order Resolving Proof of Claim no. 18508 of National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and Withdrawing National Union's Plan Objections* (the "Motion"); and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the terms of the Stipulation, attached hereto as Exhibit 1, are incorporated herein by reference as if fully set forth herein and to the extent that there is any conflict between the terms of this Order and the Stipulation, the terms of the Stipulation control; and it is further

ORDERED that the Plan Proponents are authorized to enter into the Stipulation; and it is further

ORDERED that the Plan Proponents are authorized to perform their respective obligations under the Stipulation; and it is further

ORDERED that (i) the Tennessee Related Claim is reclassified and allowed as a Class 9 General Unsecured Claim in the amount of $2,417,720 to be paid in the same manner as all other Class 9 General Unsecured Claims under the Plan (ii) the RMQ Related Claim is reclassified and allowed as a Class 9 General Unsecured Claim against the chapter 11 estates of the Debtors in the total amount of $121,942, with no prepetition or post-petition interest; (iii) all other sums requested in Claim 18508 are disallowed and expunged. The Tennessee Related Claim and the RMQ Related Claim shall be paid in full by the Debtors to National Union on the Effective Date.; and it is further

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them, as the case may be, in the Motion, the Stipulation or the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., Et Al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009*, as thereafter amended (the "Plan").

ORDERED that the Stipulation is not an admission with regard to the merits of the Plan Proponents' position with respect to the classification of the RMQ Related Claim and may not be used as evidence with respect to whether any other claims which the Plan Proponents contend are Asbestos PI Claims (Indirect PI Trust Claims) should be properly classified in Class 6 rather than Class 9 under the Plan; and it is further

ORDERED that upon payment of the RMQ Related Claim by the Debtors as outlined in the Stipulation, the Asbestos PI Trust shall immediately pay to the Debtors or provide the Debtors with a credit for the sum of $33,873; and it is further

ORDERED that National Union shall not be entitled to prepetition or post-petition interest on the RMQ Related Claim; and it is further

ORDERED that National Union hereby withdraws all of its objections to the Plan; and subject to the Plan Proponents' compliance with paragraph 5 of the Stipulation, shall take no further actions of any nature (including filing new objections to the Plan) that may hinder, delay, or oppose the action of the Plan Proponents in seeking confirmation of the Plan; and not oppose the entry of an order confirming the Plan; and it is further

ORDERED that the Plan Proponents shall not amend the Plan to impair the treatment and payment provided by this Order and the Stipulation with regard to the New National Union Claim. If the Plan is not confirmed, is withdrawn in accordance with section 4.2 of the Plan, or if the Effective Date does not occur under the Plan, the Stipulation and this Order shall have no force and effect; and it is further

ORDERED that the Plan Proponents are authorized to take whatever other actions may be necessary to consummate the transactions contemplated by the Stipulation; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

ORDERED that this Order is effective immediately upon its entry.

Dated: _____, 2010

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

## Exhibit I

*Stipulation*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**STIPULATION REGARDING CLASSIFICATION, ALLOWANCE AND PAYMENT OF CLAIM OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, ET AL. AND WITHDRAWING PLAN OBJECTIONS[1]**

WHEREAS, on April 2, 2001 (the "Petition Date"), W. R. Grace & Co. and W. R. Grace & Co. – Conn. ("Grace-Conn") and certain of their affiliates and subsidiaries (together with W. R. Grace & Co. and Grace-Conn, the "Debtors") petitioned the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code;

WHEREAS, prior to the Petition Date, National Union Fire Insurance Company of Pittsburgh, Pa ("National Union") had issued certain surety bonds (the "RMQ Bonds") in favor of the Debtors to secure the Debtors' obligations under certain settlement agreements with Reaud, Morgan & Quinn, Inc. and Environmental Litigation Group, P.C. (collectively "RMQ") with respect to certain asbestos personal injury claims;

WHEREAS, subsequent to the Petition Date, National Union filed a proof of claim in the Debtors chapter 11 cases in the amount of $46,971,764, plus additional unliquidated amounts, which claim was assigned number 9553;

WHEREAS, on November 13, 2007, the Debtors, National Union and RMQ entered into a Settlement Agreement and Mutual Release ( the "Settlement Agreement") which, among other things, allowed claim number 9553 of National Union in the amount of $9,806,018 (the

---

[1] This Stipulation relates to classification of the claim described herein under the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., The Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009, as amended from time to time (the "Plan"). If the Plan is not confirmed, or a plan is confirmed that does not provide for the treatment and payment provided for herein to National Union, this Stipulation shall have no force and effect.

"Allowed Claim"). The Settlement Agreement was approved by the Bankruptcy Court on December 4, 2007. See Adv. Docket No. 115 in that certain Adversary Proceeding captioned *W. R. Grace & Co.-Conn. V. National Union Fire Ins. Co. of Pittsburgh, PA and Reaud, Morgan & Quinn, Inc. and Environmental Litigation Group, P.C. (In re W.R. Grace & Co.)(Adv. Proc. No. 02-01657, Fitzgerald, J., Bankr. D. Del.)*;

WHEREAS, on December 13, 2007, National Union entered into an Assignment of Claims (the "Assignment") with Longacre Master Fund, Ltd. and Longacre Capital Partners (QP) L.P. (collectively "Longacre") pursuant to which National Union assigned all right, title and interest in the Allowed Claim to Longacre. Under the Assignment, Longacre is entitled to enforce all rights and benefits under the Allowed Claim, as the successor-in-interest to National Union;

WHEREAS, on December 17, 2007, Longacre filed the Notice of Transfer of Claim pursuant to FRBP Rule 3001(e)(2) ( Docket No. 17648);

WHEREAS, pursuant to paragraph 6 of the Settlement Agreement, on November 19, 2008, National Union filed a new proof of claim (the "New National Union Claim")( identified as claim no. 18508) in the amount of $2,553,216.60 which consisted of (i) $78,908.60 for legal fees and expenses claimed owing to National Union in connection with the RMQ Bonds arising after September 30, 2007; (ii) $59,583.00 for additional amounts claimed owing for premiums on the RMQ bonds;  and (iii) $2,414,720 in amounts claimed owing for premiums arising under a Tennessee surety bond;

WHEREAS, on February 27, 2009, the Debtors and others (collectively, the "Plan Proponents") filed the Plan;

WHEREAS, Plan Proponents assert that under the Plan, the Allowed Claim and the portions of the New National Union Claim relating to the RMQ Bonds, are to be classified as Class 6 Claims which more specifically are Indirect PI Trust Claims as that term is defined in the Plan;

WHEREAS, National Union has filed certain objections to the Plan, including an objection alleging, *inter* alia, that the entire New National Union Claim as well as the Allowed Claim[2] should be reclassified to be treated as Class 9 General Unsecured Claims;

WHEREAS, National Union and the Plan Proponents  now seek to resolve the National Union Plan objections and compromise the portion of the New National Union Claim relating to the RMQ Bonds and its classification and treatment under the Plan;

---

[2]  The Plan Proponents have entered into a separate Stipulation (the "Longacre Stipulation") with Longacre regarding the classification and allowance of the Allowed Claim which is owned by Longacre and withdrawing the Longacre Plan objections. This Stipulation together with the Longacre Stipulation likewise resolve any objections that National Union may have filed with respect to the treatment of the Allowed Claim under the Plan.

WHEREAS, this Stipulation is a compromise by the parties in order to settle the National Union Plan objections and any objections that the Plan Proponents may otherwise have to the New National Union Claim and pursuant to Rule 408 of the Federal Rules of Evidence, this Stipulation may not be used to otherwise prove any issue with respect to the New National Union Claim or its classification under the Plan.

NOW, THEREFORE, it is hereby stipulated and agreed by and among National Union and the Plan Proponents, that upon entry of an Order approving this Stipulation:

1. The portion of the New National Union claim related to the Tennessee bond ($2,417,720) (the "Tennessee Related Claim") shall be allowed as a Class 9 General Unsecured Claim to be paid in the same manner as all other Class 9 General Unsecured Claims under the Plan.

2. The portions of the New National Union Claim related to the RMQ Bonds ($135,491) shall be reduced to $121,942 (the "RMQ Related Claim"). Notwithstanding anything in the Plan or any other documents to the contrary, the RMQ Related Claim shall not bear or pay interest of any kind.

3. Pursuant to this Stipulation and for settlement purposes only, the Plan Proponents agree to withdraw their opposition to National Union's contention that the RMQ Related Claim should not be classified and treated as a Class 6 Asbestos PI Claim ( Indirect PI Trust Claim) under the Plan and agree that the RMQ Related Claim shall be reclassified and Allowed as a Class 9 General Unsecured Claim (as defined in the Plan) which shall be paid in full by the Debtors on the Effective Date of the Plan or as soon thereafter as is reasonably practicable as outlined herein. This agreement is not an admission with regard to the merits of the Plan Proponents' position with respect to the classification of the RMQ Related Claim and may not be used as evidence with respect to whether any other claims which the Plan Proponents contend are Asbestos PI Claims (Indirect PI Trust claims) should be properly classified in Class 6 rather than Class 9 under the Plan.

4. Upon payment of the RMQ Related Claim by the Debtors as outlined herein, the Asbestos PI Trust shall immediately pay to the Debtors or provide the Debtors with a credit for the sum of $33,873.

5. The Plan Proponents agree not to amend the Plan to impair the treatment and payment provided for under this Stipulation or under the Longacre Stipulation.

6. Subject to the preceding paragraph, National Union hereby (i) withdraws all of its objections to the Plan; (ii) agrees to take no further actions of any nature (including filing new objections to the Plan) that may hinder, delay, or oppose the action of the Plan Proponents in seeking confirmation of the Plan; and (iii) agrees not to oppose the entry of an order confirming the Plan.

7. The Debtors' claims agent shall mark the Debtors' claims docket to reflect that: (i) the portion of the New National Union Claim designated herein as the Tennessee Related Claim shall be allowed in the amount of $2,417,720, as a general unsecured pre-petition claim to be treated in the same manner as all other general unsecured pre-petition claims under the Plan;

and (ii) the portion of the New National Union Claim designated herein as the RMQ Related Claim shall be allowed in the amount of $121,942 as a general unsecured pre-petition claim to be paid in full on the Effective Date of the Plan with no interest, and all other amounts reflected in the New National Union Claim shall be disallowed and expunged. National Union agrees not to assert any Claim against the Asbestos PI Trust with respect to the claims that are the subject matter of this Stipulation or the Longacre Stipulation.

       8. This Stipulation shall inure to the benefit of National Union, the Plan Proponents, the Asbestos PI Trust and their respective successors and assigns.

       9. The Debtors shall promptly submit this Stipulation to the Bankruptcy Court for approval pursuant to a Motion under Rule 9019 of the Bankruptcy Rules. This Stipulation shall become binding and enforceable only once it and the Longacre Stipulation have each been approved by the Bankruptcy Court.

       10. This Stipulation may be signed in counterparts and by facsimile, with each signed counterpart being deemed a part of the original document.

       11. This Stipulation may not be modified, altered, or amended except by a writing signed by the parties.

       12. All disputes regarding or arising under this Stipulation shall be determined by the Bankruptcy Court.

| | |
|---|---|
| **ZEICHNER ELLMAN & KRAUSE LLP** | **KIRKLAND & ELLIS LLP** |
| | Theodore L. Freedman, Esq. |
| /s/ Michael S. Davis | Kirkland & Ellis LLP |
| Michael S. Davis | Citigroup Center |
| 573 Lexington Ave. | 601 Lexington Ave |
| New York, NY 10022 | New York, New York 10022-4611 |
| (212) 223-0400 | (212) 446-4800 |
| | |
| *Attorneys for National Union Fire Insurance Company of Pittsburgh, PA and certain of its affiliates* | and |
| | **THE LAW OFFICES OF JANET S. BAER, P.C** |
| | Janet S. Baer, Esq. |
| | 70 W. Madison Street |
| | Suite 2100 |
| | Chicago, IL 60602 |
| | (312) 641-2162 |
| | |
| | and |
| | |
| | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | |
| | *[signature]* |
| | Laura Davis Jones (Bar No. 2436) |
| | James E. O'Neill (Bar No. 4042) |
| | Kathleen P. Makowski (Bar No. 3648) |
| | Timothy P. Cairns (Bar No. 4228) |
| | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, Delaware 19899-8705 |
| | (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | |
| | *Attorneys for the Debtors* |

**CAMPBELL & LEVINE, LLC**

*/s/ Mark T. Hurford*
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947
mhurford@camlev.com

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee
of Asbestos Personal Injury Claimants*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

and

**PHILLIPS, GOLDMAN & SPENCE, P.A.**

*/s/ John C. Phillips*
John C. Phillips (Bar No. 110)
1200 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

*Co-Counsel for David T. Austern, Asbestos PI Future Claimants' Representative*

**SAUL EWING LLP**

/s/ Teresa K.D. Currier
_____
Teresa K.D. Currier (ID No. 3080)
222 Delaware Avenue
P.O. Box 1266
Wilmington, Delaware 19899
Telephone: (302) 421-6826
Facsimile: (302) 421-5861

and

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Phillip Bentley
David Blabey
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for the Official Committee of Equity Security Holders*