# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.[1] ) | Case No. 01-01139 (JJF) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Hearing Date: April 19, 2010 |
| | Objection Deadline: March 26, 2010 |

## APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KAYE SCHOLER LLP AS SPECIAL COUNSEL FOR INTELLECTUAL PROPERTY MATTERS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this application (the "Application") for entry of an order pursuant to Sections 327(e) and 328(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing the Debtors to retain

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Kaye Scholer LLP ("Kaye Scholer") as special counsel for the Debtors. The scope of services provided by Kaye Scholer, currently an ordinary course professional retained in these bankruptcy cases, include the rendering of legal opinions and the provision of other intellectual property law legal services to the Debtors for the benefit of the Debtors' continuing business operations. In support thereof the Debtors' respectfully represent as follows:

**Jurisdiction**

1. This Court has jurisdiction to entertain this application pursuant to 28 U.S.C. §§157 and 1334.

**Background**

2. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Contemporaneously therewith, the Debtors filed a motion to consolidate, for administrative purposes, the Debtor's Chapter 11 cases. Pursuant to Section 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession.

**Relief Requested**

3. The Debtors respectfully request the entry of an order pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code authorizing the Debtors to employ and retain Kaye Scholer as special counsel in intellectual property matters under Federal Rules of Civil Procedure ("FRCP") Rule 24. The Debtors have a longstanding relationship with Kaye Scholer and, in this regard, the Debtors have relied upon Kaye Scholer's intellectual property services since at least 1987. By this Application, the Debtors seek to continue Kaye Scholer's employment in order to provide these intellectual property law services.

**Facts and Background**

4. Kaye Scholer was retained by the Debtors shortly after the Petition date in these Bankruptcy cases as an Ordinary Course Professional ("OCP") to represent the Debtors in connection with intellectual property counseling, prosecution and litigation matters.

5. Pursuant to the *Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business* [Docket No. 197] and as subsequently amended (the "OCP Order"), the Debtors are authorized to pay up to $50,000 per month (the "Monthly Cap") and up to a total $1,200,000 per OCP professional during the pendency of these Chapter 11 Cases (the "Total Expenditure Cap").[2] Kaye Scholer's *Affidavit Under 11 U.S.C. 327(e)* in these Chapter 11 Cases is attached hereto as Exhibit A.

6. As a retained OCP, Kaye Scholer has prepared intellectual property law opinions, prosecuted trademark applications and filed Oppositions for the Debtors and provided other services relating to intellectual property law as the Debtors have required since 2001. Due to the volume of work required to be performed by the Debtors and the fact that the Debtors have been in Chapter 11 approached 9 years, Kaye Scholer is or has approached the OCP threshold amount of $1,200,000.00.

7. From time to time in connection with the Debtors' continuing business

---

[2] The Total Expenditure Cap was increased from $300,000 to $600,000 by the Court's December 10, 2002 Order [Docket No. 3126], increased to $800,000 by the Court's July 24, 2006 Order Docket No. 12855], and increased to $1,200,000 by the Court's September 24, 2007 Order [Docket No. 16913].

operations, the Debtors find it necessary to retain Kaye Scholer and other outside legal counsel to conduct searches, render opinions, prosecute applications, file Oppositions, cancellations and other litigations for the Debtors on matters involving intellectual property law. The subject matter of those opinions may relate, among other matters, to: (i) whether the Debtors' trademarks or copyrights, or particular uses of such trademarks and copyrights, may infringe the intellectual property of third parties; and (ii) whether the trademarks or copyrights alleged by third parties to be infringed by Grace's intellectual property are valid under applicable trademark and copyright laws.

8. In addition, the Debtors' in-house counsel and paralegals also find it necessary from time to time to consult with Kaye Scholer on a wide range of issues relating to intellectual property law, including advice in connection with: (i) the preparation and filing of trademark and copyright applications; (ii) the preparation of agreements and other legal instruments relating to intellectual property; (iii) allegations by third parties that the Debtors may have infringed upon intellectual property of such third parties; and (iv) administrative proceedings in the United States Patent and Trademark Office. The professional services described above and in this paragraph are hereinafter referred to collectively as the "Kaye Scholer IP Services." The Debtors have, from time to time, requested Kaye Scholer to provide Kaye Scholer IP Services and Kaye Scholer has provided such services to the Debtors

9. It is critical for the Debtors' continuing business operations that the Debtors be able to utilize Kaye Scholer to provide the Kaye Scholer IP Services. Since at least 1987, Kaye Scholer has provided similar services to the Debtors, and the Debtors highly value Kaye Scholer's professional skills with respect to matters of intellectual property law.

10. Outside intellectual property law counsel such as Kaye Scholer provide particularly

4

valuable services to the Debtors in connection with legal opinions concerning a wide range of the Debtors' trademarks, products, services, processes and technologies. In connection with such services and through Kaye Scholer Counsel, John P. Rynkiewicz's prior ten-year employment with the Debtors, Kaye Scholer has developed extensive knowledge of certain of the Debtors' trademarks, products, services, processes, and technologies which allows Kaye Scholer to render legal services relating to such matters far more efficiently than an outside counsel unfamiliar with them. The trademark subject matter involved in many such legal opinions and related work may often require historical and expert knowledge and require expert knowledge of very sophisticated and technical product lines of the Debtors. The expense of such legal counseling, opinions and litigations can be significantly reduced by an outside counsel's familiarity with the company, its trademarks, products, services, processes or technologies of the Debtors that are the subject of such legal services. In addition, the application of the evolving law of one or more jurisdictions to such technical intellectual property subject matters is often no less demanding than are the aspects of the counseling, opinions and related legal work. It is critical that the Debtors be able to rely upon the professional and technical skills of Kaye Scholer's counseling, opinions and related legal services.

11. In addition, in some circumstances, the opinion of an independent, outside legal counsel may be critical to the Debtors in circumstances where there is a potential for litigation over whether the Debtors might infringe upon another party's intellectual property. This may be particularly true in connection with potential allegations that the trademark owners in such litigation are entitled to three times the value of their alleged damages because the Debtors are alleged to have willfully engaged in the infringement.

12. The Debtors have for many years relied upon Kaye Scholer's advice in the subject

areas set forth in this Application. It continues to be essential for the Debtors to have Kaye Scholer available to consult with in such areas and thereby to maximize the value of the intellectual property in the estates of the Debtors. It is also very important that the Debtors can rely upon Kaye Scholer's prior experience with the Debtors' core businesses, trademarks, products, services, processes and technologies to reduce the overall costs of providing the Kaye Scholer IP Services to the Debtors. In fact, this prior experience, thorough knowledge of the Debtors' businesses and level of expertise have allowed the Debtors to realize considerable savings in its intellectual property legal services billings through the retention of Kaye Scholer.

## Basis for Relief Requested

13. The Debtors have selected Kaye Scholer as special counsel because of Kaye Scholer's knowledge of the Debtor's business, its successes in prior intellectual property counseling, prosecution and litigation for Grace, and Kaye Scholer's extensive experience and expertise in the field of intellectual property law and litigation.

14. The Debtors wish to retain Kaye Scholer in order to protect a significant part of the Debtors' business.

15. The Debtors believe it is in their best interest and the best interest of their estates to retain Kaye Scholer LLP to represent the Debtors in intellectual property matters. Kaye Scholer is uniquely qualified to represent the Debtors in its intellectual property matters. Kaye Scholer has been retained by the Debtors as an OCP and in that capacity has been providing the Debtors with advice concerning intellectual property issues since the Debtors filed their Chapter 11 cases. Kaye Scholer is also very familiar with all of the Debtors' core businesses and core product lines from John P. Rynkiewicz, Esq.'s prior 10-year employment as Trademark Counsel

for Grace and from previous matters on which they have represented the Debtors. In addition, Kaye Scholer has successfully represented the Debtors in prior trademark infringement litigation, oppositions and related matters and has extensive expertise in intellectual property counseling, prosecution and litigation.

### Disinterestedness/ No Adverse Interest

16. Kaye Scholer is a "disinterested" party as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. To the best of Debtors' knowledge, and based upon the Affidavit of John P. Rynkiewicz (the "Rynkiewicz Affidavit") filed in support of this Application[3], Kaye Scholer does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which Kaye Scholer is to be employed. Further, to the best of the Debtors' knowledge and based on the Rynkiewicz Affidavit, Kaye Scholer does not have any connection with any of the Debtors' equity security holders, insiders, creditors or other parties in interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees, except as set forth in the Rynkiewicz Affidavit.

### Compensation

17. Unless otherwise provided herein, Kaye Scholer will seek compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of this Court, including without limitation, (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing

---

[3] The Rynkiewicz Affidavit is not attached to this Application. It will be filed separately in the next few days.

Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002. In accordance with the Bankruptcy Code, the Debtors propose to compensate Kaye Scholer on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by Kaye Scholer. The primary Counsel of Kaye Scholer who will be handling the above matters and his current standard hourly rates are:

| **Attorney** | **Hourly Rate** |
|---|---|
| John P. Rynkiewicz | $567 per hour |

Such representation may also require the services of other partners, counsel, associates and paralegals from time to time. The Debtors believe that the staffing and the hourly rates set forth above are reasonable and should be approved.

18. As set forth in the Rynkiewicz Affidavit, the hourly rates described above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys or paralegals may from time to time serve the Debtors in the matter for which Kaye Scholer's retention is sought. Kaye Scholer's rates are set at a level designed to compensate Kaye Scholer fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Kaye Scholer's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, hotel expenses, airfare, expenses for

"working meals," computerized research, messengers, and other non-ordinary overhead expenses such as secretarial and other overtime. Kaye Scholer will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to Kaye Scholer's other clients.

19. Kaye Scholer will keep detailed records of the time spent and any expenses incurred in the context of its proposed representation of the Debtors.

20. Kaye Scholer will submit interim and final applications for compensation in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further Orders as the Court may direct.

### Conclusion

21. For the reasons set forth above and in the Rynkiewicz Affidavit, the Debtors believe that the attorneys and Kaye Scholer are well qualified to act on the Debtors' behalf in light of their knowledge of the Debtors' business and affairs described herein and their expertise in the field of intellectual property counseling, prosecution and litigation. The Debtors further believe that the engagement of Kaye Scholer is essential to the Debtors' successful reorganization and that the retention of Kaye Scholer is necessary and in the best interest of the Debtors and their estates.

### Notice

22. Notice of this Application has been given to: (a) the Office of the United States Trustee, (b) counsel to the L/C Facility Agent and L/C Issuers, (c) counsel to JP Morgan Chase Bank N.A. as agent to the Debtors' prepetition lenders, (d) counsel to each of the official committees appointed in these chapter 11 cases, (e) counsel to the Future Claimants Representatives, and (f) all those parties that requested service and notice of papers in

accordance with Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### No Prior Request

23. No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, authorizing the Debtors to retain and employ Kaye Scholer as special counsel for the Debtors, for purposes of representing the Debtors in intellectual property counseling, prosecution and litigation, and grant them such other and further relief as is just and proper.

Dated: March 8, 2010

Respectfully submitted,

KIRKLAND & ELLIS LLP
Theodore L. Freedman
601 Lexington Ave.
New York, New York 10022
(212) 446-4800

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison Street, Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and

PACHULSKI, STANG, ZIEHL, & JONES LLP

_/s/ James E. O'Neill_
Laura Davis Jones ( Bar No. 2436)
James E. O'Neill ( Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co Counsel for the Debtors and Debtors in Possession