# EXHIBIT 3

**IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **IN RE:** | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO.,** *et. al.*, | ) | **Case No. 01-01139 (JKF)** |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | **Re: Docket No. _____** |
| | ) | |

**ORDER GRANTING APPLICATION AUTHORIZING RETENTION
OF DANIEL K. HOGAN, ESQ., AS COUNSEL
TO THE REPRESENTATIVE COUNSEL FOR THE CANADIAN ZAI CLAIMANTS**

Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP, as Representative Counsel ("Representative Counsel") to Canadian Zonolite Attic Insulation Claimants, in the above-captioned bankruptcy case, having filed its Application Pursuant to Sections 105, 327, 1102(a)(2), and 1109 of the Bankruptcy Code for Order Authorizing Retention Nunc Pro Tunc of Daniel K. Hogan, Esq., As Counsel To the Representative Counsel for the Canadian ZAI Claimants (the "Application"); and the Court having reviewed the Application and exhibits related thereto; and upon the Declaration of Daniel K. Hogan attached thereto; and the Court having been satisfied that sufficient notice of the Application has been provided and that no other or further notice is required; and after due deliberation and sufficient cause appearing therefore, it is hereby **FOUND THAT**

     A.    Daniel K. Hogan and his firm, The Hogan Firm, represents no interest materially adverse to the Debtors' estates with respect to the matters upon which such counsel is to be engaged; and

     B.    The employment of Delaware Counsel is necessary and would be in the best interest of the Debtors, their creditors and the Debtors' estates.

Therefore, it is hereby **ORDERED THAT**

    1.    The Application is **GRANTED**; and

    2.    The Retention of Daniel K. Hogan, Esq., as Counsel To the Representative Counsel for the Canadian ZAI Claimants is granted *nunc pro tunc* to December 21, 2009, through the Effective Date of the Plan.

    2.    Daniel K. Hogan, Esquire, shall file fee applications and shall be compensated and reimbursed for expenses in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Delaware and the Orders of this Court.

    3.    This Court retains jurisdiction to interpret, implement and enforce the provisions of this Order.

Dated: _____, 2009
Wilmington, Delaware

        _____
        United States Bankruptcy Judge

2