IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | | Re: Docket Nos. 20872, 20874, and 20877 |

## NOTICE OF FOURTH SET OF MODIFICATIONS TO JOINT PLAN OF REORGANIZATION

Please take notice that the above-captioned debtors (the "Debtors"), together with the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Equity Security Holders, and the Asbestos PI Future Claimants' Representative (collectively the "Plan Proponents"), hereby submit this fourth set of technical modifications to the Plan Proponents' First Amended Joint Plan of Reorganization [Dkt. No. 20872] and related Plan Documents contained in the Exhibit Book filed on February 27, 2009 [Dkt. No. 20874] and amended Exhibit

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

25 filed on February 28, 2009 [Dkt. No. 20877] (collectively, the "Plan Document Modifications"), and respectfully state as follows:

1. The Plan Proponents filed their first set of Plan Document Modifications to the Joint Plan on September 4, 2009 [Dkt. No. 23177], their second set of Plan Document Modifications to the Joint Plan on October 12, 2009 [Dkt. No. 23474], and their third set of Plan Document Modifications to the Joint Plan on December 16, 2009 [Dkt. No. 24016]. Those modifications were either technical in nature, *e.g.*, correcting typographical or similar errors, or resolving specific objections to confirmation of the Joint Plan.

2. The Plan Proponents are, pursuant to this Fourth Set of Plan Document Modifications, making certain additional plan modifications. Specifically, the Fourth Set of Plan Document Modifications is explained below, and relates to (1) the Joint Plan; (2) Exhibit 4 to the Joint Plan -- the Asbestos PI Trust Distribution Procedures; and (3) Exhibit 5 to the Joint Plan -- the Schedule of Settled Asbestos Insurance Companies Entitled to §524(g) Protection. These modifications are either technical in nature, *e.g.*, correcting typographical or similar errors, or have been made in order to comply with various settlements that have been reached between the Plan Proponents and certain plan objectors to resolve outstanding objections to confirmation of the Joint Plan.

**Insurance Neutrality Modifications**

3. Pursuant to a stipulation dated December 31, 2009, between certain Insurers, on the one hand, and the Plan Proponents, on the other hand, the Plan Proponents agreed to substantially modify the insurance neutrality language as set forth in Section 7.15 of the Joint Plan.

### Section 502(e) Clarification

4.　Certain Insurers have objected to confirmation of the Joint Plan on the ground that the Joint Plan may discriminate against Indirect PI Trust Claims by making them subject to disallowance under §502(e) of the Bankruptcy Code. Accordingly, pursuant to a stipulation dated February 5, 2010, between certain Insurers, on the one hand, and the Plan Proponents, on the other hand, the Joint Plan has been amended to modify the definition of "Indirect PI Trust Claim" to add language regarding §502(e), and similar language was added to Sections 5.6 and 5.13 of the Asbestos PI Trust Distribution Procedures to make clear that §502(e) cannot be applied to Indirect PI Trust Claims and Indemnified Insurer TDP Claims (as defined in the Asbestos PI Trust Distribution Procedures).

### Seaton/OneBeacon Modifications

5.　Pursuant to a stipulation between Seaton Insurance Company ("Seaton") and OneBeacon America Insurance Company ("OneBeacon"), on the one hand, and the Plan Proponents, on the other hand, dated February 15, 2010, the Plan Proponents agreed to various plan modifications, which specifically include:

　　(a)　adding certain defined terms to Section 1.1 of the Joint Plan that pertain to Seaton and OneBeacon;

　　(b)　adding certain language to Section 7.13 of the Joint Plan to make clear that the Sealed Air Indemnified Parties are not released from any direct contractual indemnification obligations they may have to OneBeacon under the 1996 CU Agreement (a new defined term in Section 1.1 of the Joint Plan);

　　(c)　modifying the language in Section 8.5.2 of the Joint Plan regarding the reservations from the injunction for the benefit of holders of Grace-Related Claims to provide

that Seaton can only assert a Grace-Related Claim based on the 1996 Unigard Agreement (a new defined term in Section 1.1 of the Joint Plan), and OneBeacon can only assert a Grace-Related Claim with respect to the 1996 CU Agreement;

    (d) adding a new Section 8.5.4 to the Joint Plan that describes certain reservations from the injunction for the benefit of OneBeacon; and

    (e) amending Section 8.8.1 of the Joint Plan to clarify the SA Debtors' and the Reorganized Debtors' obligations to indemnify and hold harmless the Sealed Air Indemnified Parties, particularly with respect to OneBeacon based on or arising under the 1996 CU Agreement.

### **CNA Modifications**

6. Pursuant to a stipulation between Continental Casualty Company and Continental Insurance Company ("CNA"), on the one hand, and the Plan Proponents, on the other hand, dated March 19, 2010, the Plan Proponents agreed to various plan modifications, which specifically include:

    (a) adding certain defined terms to Section 1.1 of the Joint Plan that pertain to CNA;

    (b) adding certain language to Section 7.13 of the Joint Plan to make clear that the Sealed Air Indemnified Parties are not released from contractual indemnification obligations and hold harmless obligations for which they are directly obligated to CNA and that arise directly under (or are directly based on) the CNA/Old Grace Delaware 5/20/97 Settlement Agreement (a new defined term in Section 1.1 of the Joint Plan) except to the extent that any such obligation is, gives rise to, is based on, arises out of, or otherwise relates to any Asbestos Claim;

(c) adding a new Section 8.5.3 to the Joint Plan containing a reservation from the Successor Claims Injunction for the benefit of CNA; and

(d) amending Section 8.8.1 of the Joint Plan to clarify the SA Debtors' and the Reorganized Debtors' obligations to indemnify and hold harmless the Sealed Air Indemnified Parties, particularly with respect to CNA based upon or arising under any of the CNA/Old Grace Delaware Settlement Agreements with respect to environmental claims asserted by Kaneb (a new defined term in Section 1.1 of the Joint Plan) or Hatco Environmental Claims (a new defined term in Section 1.1 of the Joint Plan).

### TDP Modifications Related to BNSF

7. A new section 5.14 was added to the Asbestos PI TDP to make clear that claims of BNSF seeking indemnification from Grace based upon an alleged contractual indemnity obligation will be channeled to the Asbestos PI Trust, and, if entitled to payment, paid by the Asbestos PI Trust in accordance with procedures set forth in Section 5.14 of the Asbestos PI TDP. A related change was also incorporated into Section 2.5 of the Asbestos PI TDP. The Asbestos PI TDP was also modified to indicate that the ADR Procedures, which are referred to therein as Attachment A, will be developed by the Trustees of the Asbestos PI TDP with the consent of the TAC and the FCR, and once developed, Attachment A will be created and become a part of the Asbestos PI TDP.

### Schedule of Settled Asbestos Insurance Companies

8. Modified versions of Plan Exhibit 5, the Schedule of Settled Asbestos Insurance Companies, were filed on September 4, 2009 and December 16, 2009. No new settlements have been entered since December 2009; however, Exhibit 5 has been modified to delete the "conditional upon the Approval Order becoming final" language for three agreements related to

AG de 1830, Allianz, and Zurich because the Approval Order as to each of those agreements is now a Final Order, and the conditional language was added as to Arrowood/Royal since the Royal Order is on appeal.

9. Blacklined pages of the Joint Plan reflecting the above-described changes since the third set of Plan Document Modifications are attached at **Exhibit A**. Blacklined pages of the Asbestos PI Trust Distribution Procedures since the third set of Plan Document Modifications are attached at **Exhibit B**. A blackline of Exhibit 5 reflecting changes since the third set of Plan Document Modifications is attached at **Exhibit C**. For the Court's ease of reference, a cumulative blackline of all changes to the Joint Plan since the February 27, 2009 filing is attached at **Exhibit D**, a cumulative blackline of all changes to the Asbestos PI Trust Distribution Procedures is attached at **Exhibit E**, and a cumulative blackline of all changes to Exhibit 5 to the Joint Plan is attached at **Exhibit F**.

10. No additional changes were made to the Plan Documents since the third set of Plan Document Modifications.

11. Section 1127(a) of the Bankruptcy Code provides in pertinent part: "The proponents of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan." 11 U.S.C. § 1127(a).

12. Furthermore, Rule 3019 of the Federal Rules of Bankruptcy Procedure provides in pertinent part: "In a chapter 9 or chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan. If the court finds after hearing on notice to the trustee, any committee appointed under the Code, and any other entity

designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan." Fed. R. Bankr. 3019.

13. The proposed Plan Document Modifications do not alter in any respect the treatment accorded to claims or equity interests of any party that has not consented to or requested such modifications. As such, the Plan Proponents submit that no additional solicitation is required as a result of the requested modifications. *See In re Cellular Info. Sys., Inc.*, 171 B.R. 926, 929 n.6 (Bankr. S.D.N.Y. 1994) (nonmaterial modifications to plan do not require resolicitation).

*(Remainder of Page Intentionally Left Blank)*

Dated: March 19, 2010
Wilmington, Delaware

Respectfully submitted,

KIRKLAND & ELLIS LLP
Theodore L. Freedman
Deanna D. Boll
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison Street
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

_/s/ James E. O'Neill_
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Counsel for the Debtors and Debtors in Possession*