IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br><br>Re: Docket Nos.: 21794, 23644 and 23811 |

## STIPULATION AMONG THE PLAN PROPONENTS AND CNA REGARDING CERTAIN ACTIONS AGAINST SEALED AIR

IT IS HEREBY STIPULATED AND AGREED AMONG (a) W.R. Grace & Co., et al. (collectively, the "Debtors"), the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders (collectively, the "Plan Proponents"), on the one hand, and (b) Continental Casualty Company and Continental Insurance Company, on their own behalf and on behalf of predecessor companies, affiliates and subsidiaries which issued insurance policies to the Debtors (individually or collectively "CNA"), on the other hand (the Plan Proponents and CNA are referred to collectively as the "Parties"), as follows:

WHEREAS, the Plan Proponents filed the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders on February 27, 2009 (as modified through December 16, 2009 as the same may be further modified from time to time in accordance with and subject to section 6(c) of this Stipulation, the "Plan");[1]

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as in the Plan.

WHEREAS, pursuant to the Fourth Amended Case Management Order (Dkt. 22819) entered in these cases, CNA joined Phase II objections of certain other insurers and also submitted Phase II objections to confirmation of the Plan, asserting, among other objections, that the release of non-debtor Sealed Air Corporation ("Sealed Air") under § 7.13 of the Plan and the Successor Claims Injunction under § 8.5.1 of the Plan, to the extent that they enjoin CNA's claims against Sealed Air, improperly release and enjoin contractual indemnification claims that CNA has against Sealed Air, including indemnification claims arising from environmental coverage claims, as, *inter alia*, argued on pages 15 and 35-36 of the Final Objections of CNA Companies to the First Amended Plan, dated May 20, 2009 (Dkt. 21794), pages 34-38 of the Phase II Post-Trial Brief for the CNA Companies, dated November 2, 2009 (Dkt. 23644), and pages 4-7 of the Phase II Post-Trial Reply Brief of the CNA Companies, dated November 20, 2009 (Dkt. 23811) (together, the "Sealed Air Release and Injunction Objections").

WHEREAS, CNA is a party to the Stipulation and Agreed Order, dated December 31, 2009, by and between the Plan Proponents and various insurers (the "Insurance Neutrality Stipulation"), which was approved by this Court on February 16, 2010; and

WHEREAS, the Parties, without admission, have reached agreement, as set forth below, to, *inter alia*, make certain modifications to the Plan and thereby resolve the Sealed Air Release and Injunction Objections.

NOW THEREFORE, the Parties hereby stipulate and agree as follows:

1. <u>Plan Amendments.</u>

    (a)    The Plan shall be amended as follows:

(i) Section 1.1 of the Plan shall be amended to add the following defined terms:

"**CNA**" shall mean Continental Casualty Company and Continental Insurance Company, on their own behalf and on behalf of predecessor companies, affiliates and subsidiaries which issued insurance policies to the Debtors.

"**CNA/Old Grace Delaware 5/30/97 Settlement Agreement**" shall mean that certain Settlement Agreement and Release dated May 30, 1997 by and among Grace-Conn., Old Grace Delaware, Grace New York, and Continental Casualty Company (Confirmation Hearing CNA Ex. 38).

"**CNA/Old Grace Delaware Settlement Agreements**" shall mean (a) that certain Settlement Agreement and Release dated February 13, 1997, by and between Grace-Conn., Old Grace Delaware, Grace New York, and Continental Casualty Company (Confirmation Hearing CNA Ex. 32B), (b) that certain Settlement Agreement dated May 22, 1997 by and among Old Grace Delaware, Grace-Conn., Grace New York, and Continental Casualty Company (Confirmation Hearing CNA Ex. 32C), and (c) the CNA/Old Grace Delaware 5/30/97 Settlement Agreement.

"**CNA Post-Trial Brief**" shall mean the Phase II Post-Trial Brief for the CNA Companies dated November 2, 2009 and filed in the Chapter 11 Cases at Docket No. 23644.

"**Kaneb**" shall mean Kaneb Pipeline Operating Partnership n/k/a NuStar Pipeline Operating Partnership L.P., Support Terminal Services Inc. n/k/a NuStar Terminal Services Inc. and NuStar Energy L.P.

(ii)  Section 7.13 of the Plan shall be amended to add the following sentences to the end of the second paragraph of such section: "For the avoidance of doubt, and without limiting any other defense, counterclaim, or other right of any of the Sealed Air Indemnified Parties or the application of any other provision of the Plan (including each of the other injunctions and releases in the Plan), this Section 7.13 of the Plan does not release the Sealed Air Indemnified Parties from any contractual indemnification and hold harmless obligations for which the Sealed Air Indemnified Parties are directly obligated to CNA and that arise directly under (or are directly based on) the CNA/Old Grace Delaware 5/30/97 Settlement Agreement except to the extent that any such obligation is, gives rise to, is based on, arises out of or otherwise relates to any Asbestos Claim. For the further avoidance of doubt, CNA's claims against the Sealed Air Indemnified Parties under or based on any of the CNA/Old Grace Delaware Settlement Agreements that are Asbestos PI Claims or Asbestos PD Claims shall be subject to the Asbestos PI Channeling Injunction or the Asbestos PD Injunction and shall be treated as Class 6 Claims or Class 7A Claims under the Joint Plan."

(iii)  There shall be added to the Plan a new Section 8.5.3 containing a reservation from the Successor Claims Injunction for the benefit of CNA and providing: "Notwithstanding anything to the contrary contained in Section 8.5.1 above, and without limiting any other defense, counterclaim, or other right of any of the Sealed Air Indemnified Parties or the application of any other provision of the Plan (including each of the other injunctions and releases in the Plan), the Successor Claims Injunction shall not apply to any contractual indemnification

and hold harmless obligations for which the Sealed Air Indemnified Parties are directly obligated to CNA and that arise directly under (or are directly based on) the CNA/Old Grace Delaware 5/30/97 Settlement Agreement except to the extent that any such obligation is, gives rise to, is based on, arises out of or otherwise relates to any Asbestos Claim. For the avoidance of doubt, CNA's claims against the Sealed Air Indemnified Parties under or based on any of the CNA/Old Grace Delaware Settlement Agreements that are Asbestos PI Claims or Asbestos PD Claims shall be subject to the Asbestos PI Channeling Injunction or the Asbestos PD Injunction and shall be treated as Class 6 Claims or Class 7A Claims under the Joint Plan."

(iv) Section 8.8.1. of the Plan shall be amended to add the following sentence at the end of Section 8.8.1: "For the avoidance of doubt, each of the SA Debtors' and the Reorganized Debtors' obligations to indemnify, defend, and hold harmless the Sealed Air Indemnified Parties under the Sealed Air Settlement Agreement and the documents governing the Cryovac Transaction shall survive confirmation and the SA Debtors' and the Reorganized Debtors' discharge, and shall remain fully effective and enforceable after the Effective Date; and for the further avoidance of doubt the foregoing obligations include the obligations of the SA Debtors and Reorganized Debtors, at their sole expense, to jointly and severally defend, indemnify, and hold harmless the Sealed Air Indemnified Parties from and against any and all indemnification obligations of any of the Sealed Air Indemnified Parties to CNA based upon or arising under any of the CNA/Old Grace Delaware Settlement Agreements with respect to environmental

DOCS_DE:158429.1
LIBA/2053557.2
1

5

claims asserted by Kaneb (as described on page 36 of the CNA Post-Trial Brief) or "Hatco Environmental Claims" (as defined by the CNA/Old Grace Delaware 5/30/97 Settlement Agreement)."

2. The Debtors hereby agree to use good faith efforts to obtain releases from Kaneb in favor of the Debtors' insurers (including CNA) with respect to claims arising from that particular oil pipeline and adjoining property located at Otis Air Force Base in Sandwich, Massachusetts.

3. <u>Sealed Air Release and Injunction Objections</u>. Effective upon the filing of this Stipulation with the Bankruptcy Court, and contingent on a Final Order confirming the Plan containing the Plan amendments set forth herein, CNA's Sealed Air Release and Injunction Objections shall be deemed withdrawn.

4. <u>Subject to Court Approval</u>. If the Plan, as amended in accordance with this Stipulation, is not confirmed by the Bankruptcy Court and the District Court, or any Order confirming the Plan as so amended is overturned on appeal, CNA's withdrawal of the Sealed Air Release and Injunction Objections shall be a nullity and of no force or effect, and CNA shall have the right to raise any and all objections to any new or modified plan that is proposed by the Debtors or any other party.

5. <u>Insurance Neutrality Stipulation.</u> CNA shall remain a party to the Insurance Neutrality Stipulation; provided, however, that those CNA objections preserved by paragraphs 2(b)(i)(II) and (III) of the Insurance Neutrality Stipulation are now withdrawn pursuant to paragraph 3 of this Stipulation, subject to the contingency in paragraph 3 of this Stipulation.

6. <u>Miscellaneous</u>.

(a) Subject to paragraph 4 above, this Stipulation shall become effective and binding upon execution by all the Parties and filing with the Bankruptcy Court.

(b) This Stipulation shall be binding upon the Parties and their respective successors and assigns and the Confirmation Order shall so provide.

(c) No change or modification of the Plan after the date hereof shall alter the rights of CNA under this Stipulation unless agreed to in writing by all the Parties.

(d) The Bankruptcy Court shall retain non-exclusive jurisdiction to interpret and enforce the provisions of this Stipulation in all respects. The provisions of this Stipulation are non-severable and mutually dependent.

AGREED as of this 19th day of March, 2010:

| | |
|---|---|
| Dated: March 19, 2010 | Dated: March 19, 2010 |

/s/ Daniel Glosband

/s/ James E. O'Neill

FORD MARRIN ESPOSITO WITMEYER &
GLESER, L.L.P.
Elizabeth DeCristofaro
Wall Street Plaza, 23rd Floor
New York, NY 10005-1875
Telephone: (212) 269-4900
Facsimile: (212) 344-4294

And

ROSENTHAL, MONHAIT & GODDESS, P.A.
Edward B. Rosenthal (Bar No. 3131)
P.O. Box 1070
Wilmington, DE 19899
Telephone: (302) 656-4433
Facsimile: (302) 658-7576

And

GOODWIN PROCTER LLP
Daniel Glosband
Exchange Place
Boston, MA 02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

Michael S. Giannotto
Frederick C. Schafrick
901 New York Ave NW
Washington, DC 20001
Telephone (202) 346-4000
Facsimile: (202) 346-4444

Counsel for Continental Casualty Company
and Continental Insurance Company

KIRKLAND & ELLIS LLP
Theodore L. Freedman
Lisa G. Esayian
Nathaniel J. Kritzer
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

And

PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

Dated: March 19, 2010

/s/ Mark T. Hurford

CAMPBELL & LEVINE, LLC
Mark T. Hurford (Bar No. 3299)
Marla R. Eskin (Bar No. 2989)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125


Peter Van N. Lockwood
Nathan D. Finch
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

Counsel for the Official Committee of
Asbestos Personal Injury Claimants

Dated: March 19, 2010

/s/ John C. Phillips

PHILIPS, GOLDMAN & SPENCE, P.A.
John C. Philips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

Counsel for David T. Austern, Asbestos PI
Future Claimants' Representative

Dated: March 19, 2010

/s/ Teresa K. D. Currier

SAUL EWING LLP
Teresa K.D. Currier (Bar No. (3080)
222 Delaware Avenue, 12th Floor
Wilmington, DE 19801
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
tcurrier@saul.com

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Horowitz
David Blabey
1177 Avenue Of The Americas
New York, NY 10036
Telephone: (212) 715-9100

Counsel for the Official Committee of Equity Security Holders