**IN THE UNITED STATE BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et. al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | Re: Docket No. 24031 |
| | ) | |

**MODIFIED  ORDER GRANTING THE CANADIAN ZAI CLAIMANTS'**
**APPLICATION FOR APPOINTMENT OF SPECIAL COUNSEL**

Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP, as Representative Counsel ("Representative Counsel") to Canadian Zonolite Attic Insulation Claimants, in the above-captioned bankruptcy case, having filed its Application Pursuant to Sections 105, 327, 1102(a)(2), and 1109, or Alternatively, Section 503 of the Bankruptcy Code For Appointment of Special Counsel Nunc Pro Tunc to September 1, 2008 (the "Application"); and the Court having reviewed the Application and exhibits related thereto; and in accordance with the Amended Minutes of Settlement; and the Court having been satisfied that sufficient notice of the Application has been provided and that no other or further notice is required; and after due deliberation and sufficient cause appearing therefore, it is hereby **FOUND THAT**

A. Each of the Representative Counsel law firms represents no interest materially adverse to the Debtors' estates with respect to the matters upon which such Special Counsel is to be engaged; and

B. The employment of Special Counsel is necessary and would be in the best interest of the Debtors, their creditors and the Debtors' estates.

Therefore, it is hereby **ORDERED THAT**

1. The Application is **GRANTED**, *provided, however,* for the avoidance of doubt, in connection with the above-referenced Chapter 11 cases, and consistent with Section 524(g)(4)(B)(i) of the Bankruptcy Code and the May 24, 2004, Order of this Court appointing David T. Austern to serve as the Asbestos Personal Injury Future Claimants' Representative in these Chapter 11 cases (the "PI FCR") (Docket No. 5645), only the PI FCR represents the interests of holders of future asbestos personal injury demands, including, but not limited to, asbestos personal injury demands directly or indirectly arising out of or in any way connected to the Debtors' manufacture, sale or distribution of Zonolite attic insulation products in Canada; and

2. The Appointment of Special Counsel is granted *nunc pro tunc* to December 21, 2009, appointing Representative Counsel, Lauzon Bélanger and Scarfone Hawkins, as Special Counsel for the Canadian ZAI Claimants through the Effective Date of the Plan; and

3. Each Special Counsel law firm shall file fee applications and shall be compensated and reimbursed for its expenses in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Delaware and the Orders of this Court; and

4. This Court retains jurisdiction to interpret, implement and enforce the provisions of this Order.

```
5.  It is FURTHER ORDERED that Special Counsel's first fee
application shall include the period from December 21, 2009,
through the first quarter of 2010.
```

Dated:  March 19   , 2009
Wilmington, Delaware

*Judith K. Fitzgerald*
United States Bankruptcy Judge

2