IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., [1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF ABESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et at., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No. 02-2210 |
| | ) | [LEAD DOCKET] |
| Against | ) | |
| | ) | |
| SEALED AIR OBJECTION and | ) | |
| CRYOVAC, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF ABESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company

| | |
|---|---|
| OFFICIAL COMMITTEE OF ABESTOS PROPERTY DAMAGE CLAIMANTS OF W.R. GRACE & CO., suing on behalf of the Chapter 11 Bankruptcy Estate of W.R. GRACE & CO., et al., <br><br>Plaintiffs, <br><br>Against <br><br>FRESENIUS MEDICAL CARE HOLDINGS, INC. and NATIONAL MEDICAL CARE, INC., <br><br>Defendants. | Adv. No. 02-2211 <br><br><br><br><br><br><br><br>Affects Dockets 02-2210 and 02-2211 |

Objection Date: April 16, 2010, at 4:00 p.m.
Hearing Date: May 3, 2010 at 10:30 a.m.

## FIRST INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE DEBTORS FOR THE PERIOD FROM JULY 1, 2002 THROUGH DECEMBER 31, 2002

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP (PSZ&J) |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | May 3, 2001 |
| Period for which Compensation and Reimbursement is Sought: | July 1, 2002 thru December 31, 2002 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $19,446.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 4,402.80 |

This is a:    _ monthly    xx interim    _ final application.

The total time expended for preparation of this fee application is approximately 3.0 hours and the corresponding compensation requested is approximately $1,000.00.[2]

---

[2] The actual number of hours expended preparing this Application and the corresponding compensation requested will be set forth in PSZ&J's subsequent fee applications.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 01/21/03 | 07/01/02 – 11/30/02 | $16,149.00 | $3,700.20 | $12,919.20 | $3,700.20 |
| 01/30/03 | 12/01/02 – 12/31/02 | $ 3,297.00 | $ 702.60 | $ 2,637.60 | $ 702.60 |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $550.00 | 1.70 | $ 935.00 |
| Scotta E. McFarland | Of Counsel 2000; Member of CA Bar since 1993; Member of DE Bar since 2001 | $395.00 | 16.20 | $6,399.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $375.00 | 2.80 | $1,050.00 |
| David W. Carickhoff, Jr. | Associate 2000; Member of DE, PA and NJ Bars since 1998 | $280.00 | 8.00 | $2,240.00 |
| Paula A. Galbraith | Associate 2002; Member of IL Bar since 2000; Member of DE Bar since 2002 | $215.00 | 29.30 | $6,299.50 |
| Karina K. Yee | Paralegal 2000 | $125.00 | 0.50 | $ 62.50 |
| Patricia E. Cuniff | Paralegal 2000 | $120.00 | 19.90 | $2,388.00 |
| Amy L. Espinosa | Paralegal 2000 | $120.00 | 0.60 | $ 72.00 |

Total Fees:      $  19,446.00
Total Hours:             79.00
Blended Rate: $     246.15

## TASK CODE SUMMARY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Bankruptcy Litigation | 63.80 | $16,073.00 |
| WRG-Claim Analysis (Asbestos) | 2.70 | $ 875.00 |
| WRG-Claim Analysis (Non-Asbestos) | 1.30 | $ 183.50 |
| WRG-Fee Applications., Applicant | 3.70 | $ 1,279.50 |
| WRG-Fee Applications, Others | 7.00 | $ 975.00 |
| WRG-Hearings | 0.50 | $ 60.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Delivery/Courier Service | Parcels | $ 130.00 |
| Fax Transmittal | Outgoing only | $ 63.00 |
| Court Research | Pacer | $ 98.00 |
| Reproduction Expense | | $4,111.80 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| _____ | ) | |
| OFFICIAL COMMITTEE OF ABESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et at., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No. 02-2210 |
| | ) | [LEAD DOCKET] |
| Against | ) | |
| | ) | |
| SEALED AIR OBJECTION and | ) | |
| CRYOVAC, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| OFFICIAL COMMITTEE OF ABESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company

91100-001\DOCS_DE:106956.1

| | |
|---|---|
| OFFICIAL COMMITTEE OF ABESTOS )<br>PROPERTY DAMAGE CLAIMANTS OF )<br>W.R. GRACE & CO., suing on behalf of the )<br>Chapter 11 Bankruptcy Estate of W.R. )<br>GRACE & CO., et al., )<br>)<br>Plaintiffs, )<br>)<br>Against )<br>)<br>FRESENIUS MEDICAL CARE )<br>HOLDINGS, INC. and )<br>NATIONAL MEDICAL CARE, INC., )<br>)<br>Defendants. )<br>_____ ) | Adv. No. 02-2211<br><br><br><br><br><br><br><br><br><br>Affects Dockets 02-2210 and 02-2211 |

**Objection Date: April 16, 2010, at 4:00 p.m.**
**Hearing Date: May 3, 2010 at 10:30 a.m.**

### FIRST INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE DEBTORS FOR THE PERIOD FROM JULY 1, 2002 THROUGH DECEMBER 31, 2002

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's 'Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members', signed April 17, 2002 (the "Amended Administrative Order"), amending the Court's 'Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May 3, 2001, the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J") hereby files this First Interim Application of Pachulski Stang Ziehl & Jones LLP for Compensation and for

Reimbursement of Expenses for July 1, 2002 through December 31, 2002 (the "First Interim Fee Application").

By this First Interim Fee Application PSZ&J seeks the interim allowance of compensation in the amount of $19,446.00 and reimbursement of actual and necessary expenses in the amount of $4,402.80 for a total of $23,848.80, or one hundred percent (100%) of all compensation and expense reimbursement requested, for the period July 1, 2002 through December 31, 2002 (the "Interim Period"), and seeks interim payment of the unpaid portion of such allowed fees and costs. In support of this First Interim Fee Application, PSZ&J respectfully represents as follows:

### Background

1. On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. Since the Petition Date, the U.S. Trustee has appointed the following creditors' committees: Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injurcy Claimants, and Official Committee of Asbestos Property Damage Claimants (collectively, the "Committees"). No trustee has been appointed in Debtors' Chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On April 2, 2001, the Court entered its order that Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4. By this Court's order dated May 3, 2001, Debtors were authorized to retain PSZ&J as their counsel, effective as of the respective petition dates, with regard to the filing and prosecution of their Chapter 11 cases, and all related matters (the "Retention Order"). The Retention Order authorizes Debtors to compensate PSZ&J at PSZ&J's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5. On May 3, 2001, the Court entered an Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals. That order was amended by the Amended Administrative Order, signed on April 17, 2002. Pursuant to the procedures set forth in the Administrative Order and the Amended Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject to the filing and approval of interim and final fee applications of the professional. The professional is also to file quarterly interim fee applications.

### Monthly Fee Applications Covered Herein

6. Prior to the filing of this First Interim Fee Application, the July 1, 2002 through December 31, 2002 monthly fee applications of PSZ&J had been filed with the Court pursuant to the Administrative Order and Amended Administrative Order. The July 1, 2002

through December 31, 2002 monthly applications are the subject of this First Interim Fee Application.

7. On or about January 21, 2003, PSZ&J filed the First Through Fifth Combined Monthly Applications of Pachulski, Stang, Ziehl, Young & Jones P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From July 1, 2002 through November 30, 2002 (the "First through Fifth Combined Monthly," Docket No. 422), requesting $16,149.00 in fees and $3,700.20 in expenses. Pursuant to the Administrative Order, PSZ&J has been paid $12,919.20 of the fees and $3,700.20 of the expenses requested in the First through Fifth Combined Monthly. The First through Fifth Combined Monthly is attached hereto as Exhibit A.

8. On or about January 30, 2003, PSZ&J filed its Sixth Monthly Application of Pachulski, Stang, Ziehl, Young & Jones P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From December 1, 2002 through December 31, 2002 (the "Sixth Monthly," Docket No. 427), requesting $3,297.00 in fees and $702.60 in expenses. Pursuant to the Administrative Order, PSZ&J has been paid $2,637.60 of the fees and $702.60 of the expenses requested in the Sixth Monthly. The Sixth Monthly is attached hereto as Exhibit B.

9. The monthly fee applications covered by this First Interim Fee Application contain detailed daily time logs describing the actual and necessary services provided by PSZ&J during the Interim Period as well as other detailed information required to be included in fee applications. Those monthly applications, attached hereto as Exhibits A, and B, are incorporated herein by reference.

**Requested Relief**

10. By this First Interim Fee Application, PSZ&J requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by PSZ&J from July 1, 2002 through December 31, 2002.[2] As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court and are attached hereto as Exhibits A and B.

11. At all relevant times, PSZ&J has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of Debtors.

12. All services for which compensation is requested by PSZ&J were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

13. During the Interim Period, PSZ&J has received no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases. There is no agreement or understanding between PSZ&J and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these cases.

14. The professional services and related expenses for which PSZ&J requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZ&J's professional responsibilities as

---

[2] PSZ&J reserves its right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee application.

attorneys for Debtors in their chapter 11 cases. PSZ&J's services have been necessary and beneficial to Debtors and their estates, creditors, and other parties in interest.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of July 1, 2002 through December 31, 2002, an interim allowance be made to PSZ&J in the sum of $19,446.00 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $4,402.80 for reimbursement of actual and necessary costs and expenses incurred, for a total of $23,848.80; that Debtors be authorized and directed to pay to PSZ&J the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: March 26, 2010

PACHULSKI STANG ZIEHL & JONES LLP

    */s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-counsel for Debtors and Debtors in Possession

## **CERTIFICATION**

James E. O'Neill, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZ&J.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order.

/s/ *James E. O'Neill*
James E. O'Neill