# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF ABESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et at., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No. 02-2210 |
| | ) | [LEAD DOCKET] |
| Against | ) | |
| | ) | |
| SEALED AIR OBJECTION and | ) | |
| CRYOVAC, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF ABESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

DATE _____ 1/30/03

DOCKET # _____ 427

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF ABESTOS ) | | |
| PROPERTY DAMAGE CLAIMANTS OF ) | Adv. No. 02-2211 | |
| W.R. GRACE & CO., suing on behalf of the) | | |
| Chapter 11 Bankruptcy Estate of W.R. ) | | |
| GRACE & CO., et al., ) | | |

OFFICIAL COMMITTEE OF ABESTOS )
PROPERTY DAMAGE CLAIMANTS OF )    Adv. No. 02-2211
W.R. GRACE & CO., suing on behalf of the)
Chapter 11 Bankruptcy Estate of W.R.    )
GRACE & CO., et al.,    )
    )
Plaintiffs,    )
    )
Against    )
    )
FRESENIUS MEDICAL CARE    )
HOLDINGS, INC. and    )    Affects Dockets 02-2210 and 02-2211
NATIONAL MEDICAL CARE, INC.,    )
    )
Defendants.    )
_____)

**Objection Date: February 19, 2003, at 4:00 p.m.**
**Hearing Date: Scheduled if Necessary (Negative Notice)**

## SIXTH MONTHLY APPLICATION OF
## PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
## FOR COMPENSATION FOR SERVICES RENDERED AND
## REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE DEBTORS
## FOR THE PERIOD FROM DECEMBER 1, 2002 THROUGH DECEMBER 31, 2002

Name of Applicant:    Pachulski, Stang, Ziehl, Young & Jones P.C. ("PSZY&J").

Authorized to Provide Professional Services to:  The above-captioned debtors and debtors-in-possession.

Date of Retention:  May 3, 2001.

Period for which Compensation and Reimbursement is Sought:  December 1, 2002 through December 31, 2002.

Amount of Compensation Sought as Actual, Reasonable and Necessary: $3,297.00.

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: $702.60.

This is a:    xx monthly        _ interim        _ final application.

        The total time expended for preparation of this fee application is approximately 1

hour and the corresponding compensation requested is approximately $400.00.[2]

_____

[2] The actual number of hours expended preparing this Application and the corresponding compensation requested will be set forth in PSZY&J's subsequent fee applications.

Prior Applications Filed:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 01/21/03 | 07/01/02 – 11/30/02 | $16,149.00 | $3,700.20 | Pending | Pending |

| Name of Professional Individual | Position of the Applicant, Number of years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed[3] | Total Compensation |
|---|---|---|---|---|
| Scotta E. McFarland | Of Counsel 2000; Member of DE Bar since 2001; Member of CA Bar since 1993 | $395.00 | 1.50 | $ 592.50 |
| William L. Ramseyer | Of Counsel 1987; Member of CA Bar since 1980 | $375.00 | 2.80 | $1,050.00 |
| David W. Carickhoff, Jr. | Associate 2001; Member of DE Bar since 1998 | $280.00 | .40 | $ 112.00 |
| Paula A. Galbraith | Associate 2002; Member of DE Bar since 2002; Member of IL Bar since 2000 | $215.00 | 3.10 | $ 666.50 |
| Patricia E. Cuniff | Paralegal since 1998 | $120.00 | 7.30 | $ 876.00 |

Total Fees:     $3,297.00
Total Hours:       15.10
Blended Rate:  $   218.34

---

[3] Some professional time that was spent during the Interim Period may be reflected in a subsequent application and some professional time that was spent during the previous Interim Period may be reflected in this Application.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Bankruptcy Litigation | 10.10 | $1,834.00 |
| WRG Claim Analysis Non-Asbestos | 1.30 | $ 183.50 |
| WRG – Fee Applications/Applicant | 3.70 | $1,279.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[4] | Total Expenses |
|---|---|---|
| Reproduction ($.15 per page) | | $474.60 |
| Delivery/Courier Service | Parcels | $130.00 |
| Legal Research | Pacer | $ 98.00 |

---

[4] PSZY&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

Dated: _1/29_, 2003

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

_Laura Davis Jones_

Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (California Bar No. 181564)
David W. Carickhoff Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

Co-counsel for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF ABESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et at., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No. 02-2210 |
| | ) | [LEAD DOCKET] |
| Against | ) | |
| | ) | |
| SEALED AIR OBJECTION and | ) | |
| CRYOVAC, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF ABESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-002\DOCS_DE:63379.1

OFFICIAL COMMITTEE OF ABESTOS )
PROPERTY DAMAGE CLAIMANTS OF )    Adv. No. 02-2211
W.R. GRACE & CO., suing on behalf of the )
Chapter 11 Bankruptcy Estate of W.R. )
GRACE & CO., et al., )
   )
Plaintiffs, )
   )
Against )
   )
FRESENIUS MEDICAL CARE )
HOLDINGS, INC. and )    Affects Dockets 02-2210 and 02-2211
NATIONAL MEDICAL CARE, INC., )
   )
Defendants. )
_____ )    **Objection Date: February 19, 2003, at 4:00 p.m.**
   **Hearing Date: Scheduled if Necessary (Negative Notice)**

## SIXTH MONTHLY APPLICATION OF
## PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
## FOR COMPENSATION FOR SERVICES RENDERED AND
## REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE DEBTORS
## FOR THE PERIOD FROM DECEMBER 1, 2002 THROUGH DECEMBER 31, 2002

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim

Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (the

"Administrative Order"), Pachulski, Stang, Ziehl, Young & Jones P.C. ("PSZY&J") hereby files

this Sixth Monthly Applications of Pachulski, Stang, Ziehl, Young & Jones P.C. for

Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the

Debtors for the Period from December 1, 2002 through December 31, 2002 (the "Application").

By this Application PSZY&J seeks a monthly interim allowance of compensation in the amount

of $3,297.00 and reimbursement of actual and necessary expenses in the amount of $702.60 for a

total of $3,999.60 for the period December 1, 2002 through December 31, 2002 (the "Interim

Period"). In support of this Application, PSZY&J respectfully represents as follows:

## Background

        1.      On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a

voluntary petition for relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are

continuing to operate their businesses and manage their properties and assets as debtors in

possession. Since the Petition Date, the U.S. Trustee has appointed the following committees:

Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injury

Claimants, Official Committee of Asbestos Property Damage Claimants, and the Official

Committee of Equity Security Holders (collectively, the "Committees"). No trustee has been

appointed in Debtors' chapter 11 cases.

        2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

        3.      On April 2, 2001, the Court entered its order that Debtors' chapter 11

cases be consolidated for procedural purposes only and administered jointly.

        4.      By this Court's order dated May 3, 2001, Debtors were authorized to

retain PSZY&J as their counsel, effective as of April 2, 2001, with regard to the filing and

prosecution of their Chapter 11 cases, and all related matters (the "Retention Order"). The

Retention Order authorizes Debtors to compensate PSZY&J at PSZY&J's hourly rates charged

for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses

that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.    On May 3, 2001, the Court entered its Administrative Order establishing

procedures for interim compensation and reimbursement of expenses of professionals.  Pursuant

to the procedures set forth in that Administrative Order, professionals may request monthly

compensation and reimbursement, and interested parties may object to such requests.  If no

interested party objects to a professional's request within twenty (20) days, the applicable

professional may submit to the Court a certification of no objection authorizing the interim

compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the

expenses requested, subject to the filing and approval of interim and final fee applications of the

professional.  The Administrative Order was amended by order dated April 17, 2002, and a fee

auditor appointed.  The Firm filed and served fee applications related to fees and costs in the

Debtors case.  The within application only covers work in the above-captioned fraudulent

conveyance action.

### Compensation Paid and Its Source

6.    All Services for which PSZY&J requests compensation were performed

for or on behalf of Debtors.

7.    Except for the amounts paid to PSZY&J pursuant to previously approved

monthly interim applications for compensation and reimbursement, if any, or a retainer, PSZY&J

has received no payment and no promises for payment from any source for services rendered or

to be rendered in any capacity whatsoever in connection with the matters covered by this

Application. There is no agreement or understanding between PSZY&J and any other person other than the shareholders of PSZY&J for the sharing of compensation to be received for services rendered in these cases.

### Fee Statements

8.      The fee statement for the Interim Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.[2] To the best of PSZY&J's knowledge, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Administrative Order, and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Delaware Local Rules"). PSZY&J's time reports are initially handwritten or typewritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZY&J is particularly sensitive to issues of "lumping," and unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZY&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZY&J has reduced its charges related to any non-working "travel time" to 50% of PSZY&J's standard hourly rate. To the extent it is feasible, PSZY&J attempts to work during travel.

---

[2] However, some professional time that was spent during the Interim Period will be reflected in a subsequent application, and some professional time that was spent during a period prior to the Interim Period will be reflected in this Application.

91100-002\DOCS_DE:63379.1

## Actual and Necessary Expenses

9.     A summary of actual and necessary expenses incurred by PSZY&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZY&J customarily charges $0.15 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.

PSZY&J's photocopying machines automatically record the number of copies made when the

person that is doing the copying enters the client's account number into a device attached to the

photocopier.  PSZY&J summarizes each client's photocopying charges on a daily basis.

10.     PSZY&J charges $1.00 per page for out-going facsimile transmissions.

There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile reflects PSZY&J's calculation of the actual costs incurred by PSZY&J for the

machines, supplies and extra labor expenses associated with sending telecopies and is reasonable

in relation to the amount charged by outside vendors who provide similar services.  PSZY&J

does not charge fax receipts to Debtors in these cases.

11.     Regarding Providers of on-line legal research (e.g., LEXIS and

WESTLAW), PSZY&J charges the standard usage rates these providers charge for computerized

legal research.  PSZY&J bills its clients the actual cash charged by such services, with no

premium.  Any volume discount received by PSZY&J is passed on to the client.

12.     PSZY&J believes the foregoing rates are the market rates that the majority

of law firms charge clients for such services.  In addition, PSZY&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and

other charges.

91100-002\DOCS_DE:63379.1

## Summary of Services Rendered

13.    The shareholders and associates of PSZY&J who have rendered

professional services in these cases for which PSZY&J seeks compensation are as follows:

Paula Galbraith, Scotta E. McFarland, William L. Ramseyer and David W. Carickhoff.  The

paraprofessional of PSZY&J who provided services to these attorneys in these cases is paralegal

Patricia E. Cuniff.  PSZY&J, by and through the above-named persons, has prepared and assisted

in the preparation of various pending orders submitted to the Court for consideration, advised

Debtors on a regular basis with respect to various matters in connection with these cases, and

performed all necessary professional services which are described and narrated in detail below.

## Summary of Services by Project

The services rendered by PSZY&J during the Interim Period can be grouped into

the categories set forth below.  PSZY&J attempted to place the services provided in the category

that best relates to such services.  However, because certain services may relate to one or more

categories, services pertaining to one category may in fact be included in another category.

These services performed, by categories, are generally described below, with a more detailed

identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A

identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each

category.

A.    **Bankruptcy Litigation**

This category relates to services provided in connection with litigation issues relating to the Debtors' bankruptcy cases. In that regard, during the Interim Period PSZY&J, among other things: (1) performed work related to an interlocutory appeal, including preparing a petition for permission to file such appeal, and work related to a motion for consolidation; (2) performed work related to service lists; (3) performed work related to discovery matters; (4) performed research; and (5) prepared a notice of appearance of Laura Davis Jones for the Third Circuit Court of Appeals.

Fees: $1,834.00;      Total hours: 10.10

B.    **WRG-Claim Analysis (Abestos)**

This category relates to services provided in connection with claims administration and claims objections issues. During the Interim Period PSZY&J, among other things: (1) responded to enquiries from creditors; and (2) reviewed a Fifth Quarterly Report of settlements.

Fees: $183.50;      Total hours: 1.30

C.    **WRG-Fee Applications, Applicant**

This category relates to services provided in connection with issues related to compensation of PSZY&J. During the Interim Period, PSZY&J among other things, prepared the December 1, 2002 through December 31, 2002 fee application of PSZY&J.

Fees: $1,279.50;      Total hours: 3.70

91100-002\DOCS_DE:63379.1

## Valuation of Services

Attorneys and paraprofessionals of PSZY&J expended a total of 15.10 hours in connection with these cases during the Interim Period, as follows:

| Name of Professional Individual | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Scotta E. McFarland | $395.00 | 1.50 | $ 592.50 |
| William L. Ramseyer | $375.00 | 2.80 | $1,050.00 |
| David W. Carickhoff | $280.00 | .40 | $ 112.00 |
| Paula A. Galbraith | $215.00 | 3.10 | $ 666.50 |
| Patricia E. Cuniff | $110.00 | 7.30 | $ 876.00 |

The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZY&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZY&J to Debtors during the Interim Period is $3,297.00.

In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZY&J is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, PSZY&J has reviewed the requirements of the Delaware Local Rules and believes that this Application complies with such Rules.

WHEREFORE, PSZY&J respectfully requests that the Court approve, for the

period December 1, 2002 through December 31, 2002, an allowance be made to PSZY&J in the

sum of $3,297.00 as compensation for necessary professional services rendered, and the sum of

$702.60 for reimbursement of actual necessary costs and expenses, for a total of $3,999.60, that

such sums be authorized for payment pursuant to the Administrative Order; and provide

PSZY&J such other and further relief as this Court may deem just and proper.

Dated: ___1|29___, 2003

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.


Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (California Bar No. 181564)
David W. Carickhoff Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-counsel for Debtors and Debtors in Possession

<u>VERIFICATION</u>

STATE OF DELAWARE       :
                                              :
COUNTY OF NEW CASTLE  :

Scotta E. McFarland, after being duly sworn according to law, deposes and says:

a)      I am of counsel with the applicant law firm Pachulski, Stang, Ziehl, Young & Jones P.C., and have been admitted to appear before this Court.

b)      I have personally performed many of the legal services rendered by Pachulski, Stang, Ziehl, Young & Jones P.C. as counsel to the Debtors and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZY&J.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del.Bankr.LR 2016-2 and the 'Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members', signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order.

_Scotta E. McFarland_

Scotta E. McFarland

SWORN AND SUBSCRIBED
before me this 30th day of Jan., 2003.

_MaryRitchie Johnson_
Notary Public
My Commission Expires: 9-12-06

MARYRITCHIE JOHNSON
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Sept. 12, 2006

Invoice number  54922        91100   00002                                          Page   1

## PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

10100  Santa Monica Boulevard
11th Floor
Los Angeles, CA 90067

December 31, 2002

Invoice Number  **54922**        **91100**   **00002**        **LDJ**

David B. Siegel, Esquire
W.R. Grace and Co.
7500 Grace Drive
Columbia , MD 21044

Balance forward as of last invoice, dated:   November 30, 2002                                    $19,849.20
                                                                                   _____
Net balance forward                                                                                  $19,849.20

Re:  Sealed Air Fraudulent Conveyance

| Statement of Professional Services Rendered Through | | 12/31/2002 | | |
|---|---|---|---|---|
| | | **Hours** | **Rate** | **Amount** |
| **BANKRUPTCY LITIGATION [L430]** | | | | |
| 11/01/02 | PEC | Prepare Petition of Debtor W. R. Grace & Co.-Conn. for Permission to File Interlocutory Appeal Under 28 U.S.C. 1292 (b) for filing and service (.5); Various telephone calls to the Court regarding filing fees,  etc. (.2); Drafcoverletter to the Clerk (.2); File and serve Petition (.3) | 1.20 | 120.00 | $144.00 |
| 11/01/02 | PEC | Draft Affidavit of Service regarding Petition of Debtor for Interlocutory Appeal (.1); File Affidavit with the Court (.4) | 0.50 | 120.00 | $60.00 |
| 11/04/02 | PEC | Telephone call to the Court regarding docket number for Petition of W. R. Grace -- Conn. for Interlocutory Appeal. | 0.40 | 120.00 | $48.00 |
| 11/04/02 | PEC | File and serve Motion for Expedited Consolidation with miscellaneous docket nos. 02-8061 and 02-8062 (.6); Draft Affidavit of Service (.1) | 0.80 | 120.00 | $96.00 |
| 11/06/02 | PEC | Draft Supplemental Affidavit of Service regarding Motion for Expedited Consolidation with Miscellaneous Docket Nos. 02-8061 and 02-8062 filed with the Third Circuit (.1); File with the Court (.4) | 0.50 | 120.00 | $60.00 |
| 11/06/02 | PEC | Draft Supplemental Affidavit of Service  regarding Petition of Debtor W. R. Grace & Co.-Conn. for Permission to File Interlocutory Appeal Under 28 U.S.C. §1292 (b) (.1); File with the Court (.4) | 0.50 | 120.00 | $60.00 |
| 11/06/02 | PEC | Reserve Petition of Debtor W. R. Grace & Co.-Conn. for Permission to File Interlocutory Appeal Under 28 U.S.C. §1292 (b) Petition of Debtor W. R. Grace & Co.-Conn. for Permission to File Interlocutory Appeal Under 28 U.S.C. §1292 (b). | 0.30 | 120.00 | $36.00 |
| 11/06/02 | PEC | Reserve Motion for Expedited Consolidation with Miscellaneous Docket Nos. 02-8061 and 02-8062 filed with the Third Circuit | 0.30 | 120.00 | $36.00 |
| 11/11/02 | PAG | Call from S. Savoya regarding access to documents and scheduling order in appeals court. | 0.20 | 215.00 | $43.00 |

**Invoice number  54922**     91100    00002                                    **Page    2**

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 11/18/02 | PAG | Review and revise discovery counter designation. | 0.20 | 215.00 | $43.00 |
| 11/18/02 | PAG | Discuss with P. Cuniff regarding changes to Sealed Air service lists. | 0.20 | 215.00 | $43.00 |
| 11/18/02 | PAG | Telephone call to M. Hurford regarding change of attorney for service list. | 0.10 | 215.00 | $21.50 |
| 11/18/02 | PAG | Telephone call with S. Pope and S. McMulin regarding letter to third circuit on scheduling for appeal peition. | 0.20 | 215.00 | $43.00 |
| 11/18/02 | PAG | Telephone call with T. Thompson and D. Potts regarding filing of discovery response and counter designations. | 0.20 | 215.00 | $43.00 |
| 11/19/02 | SEM | Responding to inquiry from S. Pope at Kirkland & Ellis in the Third Circuit ruling on vacation of Cybergenics. | 0.60 | 395.00 | $237.00 |
| 11/21/02 | PAG | Draft correspondence to S. Pope regarding Wolin opinion. | 0.10 | 215.00 | $21.50 |
| 11/22/02 | PAG | Revise third circuit documents requested by Kirkland and Ellis. | 0.20 | 215.00 | $43.00 |
| 11/25/02 | PAG | Review letter from committee to Clerk of Court and notice of appeal of Judge Wolin's opinion on Appointment of a Trustee | 0.30 | 215.00 | $64.50 |
| 11/25/02 | PAG | Telephone call with Scotta McFarland Regarding filing of Objections to Plaintiff's Supplemental Exhibits | 0.10 | 215.00 | $21.50 |
| 11/26/02 | PAG | Discuss with P. Cuniff fee process in adversary | 0.20 | 215.00 | $43.00 |
| 12/02/02 | SEM | Review material from 3rd Circuit regarding appeal of fraudulent conveyance action. | 0.30 | 395.00 | $118.50 |
| 12/02/02 | SEM | Draft email to S. McMillin regarding responding to 3rd Circuit regarding disclosures about parties to appeals. | 0.10 | 395.00 | $39.50 |
| 12/02/02 | PEC | Telephone call with Christopher Landau regarding filing a letter to Nicole Bruno of the Third Circuit regarding recent developments in the fraudulent transfer proceeding against sealed air (case no. 02-8064) | 0.20 | 120.00 | $24.00 |
| 12/02/02 | PEC | File letter to Nicole Bruno of Third Circuit regarding recent developments in the fraudulent transfer proceeding against Sealed Air (case no. 02-8064) | 0.50 | 120.00 | $60.00 |
| 12/02/02 | PEC | Discuss filing of Letter to Nicole Bruno with Third Circuit Court of Appeals with David Carickhoff | 0.20 | 120.00 | $24.00 |
| 12/02/02 | DWC | Call with Chris Landeau re: filing letter with 3rd Circuit re: interlocutory appeal in Fraudulent Transfer matter. | 0.20 | 280.00 | $56.00 |
| 12/04/02 | SEM | Review letter from Comm regarding Seal Air settlement. | 0.10 | 395.00 | $39.50 |
| 12/09/02 | SEM | Review and respond to email from Paula A. Galbraith regarding settlement of fraudulent conveyance action. | 0.10 | 395.00 | $39.50 |
| 12/09/02 | PAG | Discuss with P. Cuniff filing of appearance in third circuit. | 0.20 | 215.00 | $43.00 |
| 12/09/02 | PAG | Telephone call with Scotta E. McFarland regarding status of fraudulent conveyance adversary and related settlement. | 0.20 | 215.00 | $43.00 |
| 12/09/02 | PEC | Prepare Notice of Appearance of Laura Davis Jones for the Third Circuit Court of Appeals (.3); File and serve (.4) | 0.70 | 120.00 | $84.00 |
| 12/27/02 | DWC | Review 3rd Circuit order denying appeal as moot because of fraudulent transfer settlement. | 0.20 | 280.00 | $56.00 |

|  |  | **Task Code Total** | **10.10** |  | **$1,834.00** |

**WRG CLAIM ANALYSIS NONASBESTOS**

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 11/11/02 | SEM | Review and sign amended 5th Quarterly Report of settlements of claims and causes of action (.1). | 0.10 | 395.00 | $39.50 |
| 11/13/02 | PEC | Return calls to various creditors regarding case status | 0.40 | 120.00 | $48.00 |
| 11/14/02 | PEC | Return calls to creditors regarding case status | 0.30 | 120.00 | $36.00 |
| 11/20/02 | PEC | Return calls to creditors regarding case status | 0.50 | 120.00 | $60.00 |

|  |  | **Task Code Total** | **1.30** |  | **$183.50** |

### WRG-FEE APPS., APPLICANT

| | | | | | |
|---|---|---|---|---|---|
| 11/25/02 | PAG | Discuss with MaryRitchie Johnson status of fee apps | 0.10 | 215.00 | $21.50 |
| 11/27/02 | PAG | Research filing of fee apps for adversary before Wolin | 0.20 | 215.00 | $43.00 |
| 12/09/02 | PAG | Telephone call with Scotta E. McFarlan regarding preparation of fraudulent conveyance fee application. | 0.10 | 215.00 | $21.50 |
| 12/10/02 | SEM | Draft email to accounting regarding PSZYJ bill. | 0.10 | 395.00 | $39.50 |
| 12/10/02 | PAG | Telephone call to T. Wallace [.10] and research orders regarding fee application process [.10]. Draft correspondence to Scotta E. McFarland regarding same. .[10]. | 0.30 | 215.00 | $64.50 |
| 12/18/02 | WLR | Correspondence to Scotta E. McFarland and Ira D. Kharasch regarding  fraudulent conveyance billing matter, October 2002 fee application and appropriate fee application procedure. | 0.50 | 375.00 | $187.50 |
| 12/18/02 | WLR | Review correspondence from Scotta E. McFarland regarding fraudulent conveyance billing matter. | 0.20 | 375.00 | $75.00 |
| 12/18/02 | SEM | Email exchange with William L. Ramseyer regarding preparation of fee application for fraudulent conveyance action. | 0.10 | 395.00 | $39.50 |
| 12/18/02 | WLR | Correspondence to Scotta E. McFarland regarding October 2002 fee application re fraudulent conveyance action. | 0.20 | 375.00 | $75.00 |
| 12/19/02 | WLR | Review correspondence from Scotta E. McFarland regarding October 2002 fraudulent conveyance fee application. | 0.20 | 375.00 | $75.00 |
| 12/19/02 | WLR | Review correspondence from Rasheda Stewart October 2002 fraudulent conveyance fee application. | 0.20 | 375.00 | $75.00 |
| 12/29/02 | WLR | Prepare July 1, 2002 to November 2002 combined monthly fee applications in fraudulent conveyance action. | 1.50 | 375.00 | $562.50 |

| | | | | |
|---|---|---|---|---|
| | Task Code Total | | 3.70 | $1,279.50 |
| | **Total professional services:** | | 15.10 | **$3,297.00** |

### Costs Advanced:

| | | | |
|---|---|---|---|
| 10/11/2002 | PAC | DEBK - DOCKET REPORT (01-01139-JKF) | $1.82 |
| 10/11/2002 | PAC | DEBK - DOCKET REPORT (02-02210-JKF) | $1.54 |
| 10/11/2002 | PAC | DEBK - IMAGE (02-02210-JKF) | $1.75 |
| 10/11/2002 | PAC | DEBK - DOCKET REPORT (02-02210-JKF) | $0.84 |
| 10/16/2002 | PAC | DEBK - DOCKET REPORT (01-01139-JKF) | $1.61 |
| 10/23/2002 | PAC | DEBK - DOCKET REPORT (02-02210-JKF) | $0.84 |
| 10/23/2002 | PAC | DEBK - DOCKET REPORT (02-02210-JKF) | $0.84 |
| 10/23/2002 | PAC | DEBK - IMAGE (02-02210-JKF) | $0.42 |
| 10/31/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.35 |
| 11/04/2002 | PAC | 03CA - PTY SELECT () | $0.07 |
| 11/04/2002 | PAC | 03CA - PTY SELECT () | $0.07 |
| 11/04/2002 | PAC | 03CA - PTY SELECT () | $0.07 |
| 11/04/2002 | PAC | 03CA - PTY SELECT () | $0.07 |
| 11/04/2002 | PAC | 03CA - PTY SELECT () | $0.07 |
| 11/04/2002 | PAC | 03CA - PTY SELECT () | $0.07 |
| 11/04/2002 | PAC | 03CA - PTY SELECT () | $0.07 |
| 11/04/2002 | PAC | 03CA - PTY SELECT () | $0.07 |
| 11/06/2002 | PAC | 03CA - PTY SELECT () | $0.07 |
| 11/06/2002 | PAC | DEBK - DOCKET REPORT (01-01139-JKF) | $14.42 |
| 11/06/2002 | PAC | 03CA - PTY SELECT () | $0.07 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.07 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.07 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.07 |

**Invoice number  54922**        91100    00002                                    **Page    4**

| | | | |
|---|---|---|---|
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.07 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.07 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.07 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.14 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.14 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.14 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.14 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.14 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.14 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.14 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.14 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.14 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.14 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.35 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.35 |
| 11/06/2002 | PAC | DEBK - DOCKET REPORT (01-01139-JKF) | $2.24 |
| 11/06/2002 | PAC | DEBK - DOCKET REPORT (01-01139-JKF) | $2.24 |
| 11/06/2002 | PAC | DEBK - DOCKET REPORT (01-01139-JKF) | $4.27 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.14 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.14 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.14 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.14 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.21 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.21 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.21 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.21 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.21 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.28 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.28 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.28 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.28 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.63 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.63 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.63 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.70 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.77 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.77 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.84 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.84 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.84 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.84 |
| 11/06/2002 | PAC | DEBK - DOCKET REPORT (01-01139-JKF) | $0.98 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.98 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $1.19 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.42 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.42 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.42 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $1.68 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $1.68 |
| 11/06/2002 | PAC | DEBK - DOCKET REPORT (01-01139-JKF) | $1.68 |
| 11/06/2002 | PAC | DEBK - DOCKET REPORT (01-01139-JKF) | $1.89 |
| 11/06/2002 | PAC | DEBK - DOCKET REPORT (01-01139-JKF) | $2.03 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $2.10 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $2.10 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $2.10 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $2.10 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $2.10 |
| 11/06/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $2.10 |
| 11/08/2002 | PAC | DEBK - DOCKET REPORT (01-01139-JKF) | $11.27 |
| 11/08/2002 | PAC | DEBK - DOCKET REPORT (01-01139-JKF) | $2.31 |

Invoice number  54922        91100    00002                                    Page   5

| | | | |
|---|---|---|---|
| 11/09/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $2.10 |
| 11/09/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.28 |
| 11/11/2002 | DC | Delivery/ Courier Service--Parcels [E107] | $130.00 |
| 11/12/2002 | PAC | DEBK - DOCKET REPORT (01-01139-JKF) | $5.53 |
| 11/12/2002 | PAC | DEBK - DOCKET REPORT (99-02171-PJW) | $3.64 |
| 11/14/2002 | RE | (DOC 8 @0.15 PER PG) | $1.20 |
| 11/14/2002 | RE | (CORR 2820 @0.15 PER PG) | $423.00 |
| 11/15/2002 | PAC | DEBK - IMAGE (01-01139-JKF) | $0.42 |
| 11/18/2002 | RE | (CORR 2 @0.15 PER PG) | $0.30 |
| 11/18/2002 | RE | (AGR 24 @0.15 PER PG) | $3.60 |
| 11/25/2002 | RE | (AGR 196 @0.15 PER PG) | $29.40 |
| 12/02/2002 | RE | (AGR 6 @0.15 PER PG) | $0.90 |
| 12/02/2002 | RE | (AGR 1 @0.15 PER PG) | $0.15 |
| 12/09/2002 | RE | (AGR 2 @0.15 PER PG) | $0.30 |
| 12/09/2002 | RE | (AGR 41 @0.15 PER PG) | $6.15 |
| 12/09/2002 | RE | (AGR 64 @0.15 PER PG) | $9.60 |

**Total Expenses:**                                                    **$702.60**


## Summary:

| | |
|---|---|
| Total professional services | $3,297.00 |
| Total expenses | $702.60 |
| | |
| Net current charges | $3,999.60 |
| | |
| Net balance forward | $19,849.20 |
| **Total balance now due** | $23,848.80 |


## Billing Summary

| | | | | |
|---|---|---|---|---|
| DWC | Carickhoff, David W | 0.40 | $280.00 | $112.00 |
| PAG | Galbraith, Paula A. | 3.10 | $215.00 | $666.50 |
| PEC | Cuniff, Patricia E. | 7.30 | $120.00 | $876.00 |
| SEM | McFarland, Scotta E. | 1.50 | $395.00 | $592.50 |
| WLR | Ramseyer, William L. | 2.80 | $375.00 | $1,050.00 |
| | | 15.10 | | $3,297.00 |


## Task Code Summary

| | | Hours | Amount |
|---|---|---|---|
| BL | BANKRUPTCY LITIGATION [L430] | 10.10 | $1,834.00 |
| CR02 | WRG CLAIM ANALYSIS NONASBESTOS | 1.30 | $183.50 |
| FA | WRG-FEE APPS., APPLICANT | 3.70 | $1,279.50 |

**Invoice number  54922**        91100    00002                                    **Page   6**

                                                                    15.10        $3,297.00

## Expense Code Summary

| | |
|---|---|
| Delivery/Courier Service | $130.00 |
| Pacer - Court Research | $98.00 |
| Reproduction Expense. [E101] | $474.60 |
| | $702.60 |