# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., et al., | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS and OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS OF W.R. GRACE & CO., suing on behalf of the Chapter 11 Bankruptcy Estate of W.R. GRACE & CO., et al., | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) Adv. No. 02-2210 |
| | ) [LEAD DOCKET] |
| SEALED AIR CORPORATION and CRYOVAC, INC., | ) ) |
| Defendants. | ) |
| | ) |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS and OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS OF W.R. GRACE & CO., suing on behalf of the Chapter 11 Bankruptcy Estate of W.R. GRACE & CO., et al., | ) ) ) ) Adv. No. 02-2211 ) ) ) |
| Plaintiffs, | ) |
| Against | ) |
| FRESENIUS MEDICAL CARE HOLDINGS, INC. and NATIONAL MEDICAL CARE, INC., | ) ) ) **Affects Dockets 02-2210 and 02-2211** |
| Defendants. | ) |

K&E 16547852.1

# SUMMARY OF FOURTH QUARTERLY INTERIM VERIFIED APPLICATION OF KIRKLAND & ELLIS LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JULY 1, 2003 THROUGH JUNE 30, 2004 RELATING TO THE FRAUDULENT TRANSFER CASES

Name of Applicant: **Kirkland & Ellis LLP**

Authorized to Provide Professional Services to: **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession**

Date of Retention: **Retention Order entered May 3, 2001, effective as of April 2, 2001**

Period for which compensation and reimbursement is sought: **July 1, 2003 through June 30, 2004**

Amount of Compensation sought as actual, reasonable, and necessary: **$35,967.00**

Amount of Expense Reimbursement sought as actual, reasonable and necessary: **$779.09**

This is a: ___ monthly  x quarterly application.

Summary of Applications that are the subject of this Quarterly Fee Application:[1]

| Date Filed | Period Covered | Requested Fees | Requested Expenses |
|---|---|---|---|
| September 5, 2003 | 7/1 - 7/31/03 | $3,918.50 | $176.05 |
| October 3, 2003 | 8/1 – 8/31/03 | $4,243.50[2] | $55.77 |
| November 6, 2003 | 9/1 – 9/30/03 | $3,776.50 | $90.09 |
| November 26, 2003 | 10/1 – 10/31/03 | $1,112.50 | $152.65 |
| December 29, 2003 | 11/1 – 11/30/03 | $3,013.50 | $46.45 |
| February 2, 2004 | 12/1 – 12/31/03 | $5,880.00 | $116.94 |
| March 5, 2004 | 1/1 – 1/31/04 | $4,034.50 | $140.19 |
| April 2, 2004 | 2/1 – 2/29/04 | $4,353.00 | $0.00 |
| May 3, 2004 | 3/1 – 3/31/04 | $3,775.00 | $0.95 |
| July 29, 2004 | 6/1 – 6/30/04 | $1,860.00 | $0.00 |

---

[1] Any capitalized terms not defined herein have the meaning ascribed to them in the Fourth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W. R. Grace & Co., et al., for July 1, 2003 through June 30, 2004.

[2] The total fees requested for the August 2003 fee period are $4,243.50 and not $4,133.50 as listed in the August 2003 Monthly Fee Application [Docket 577].

The K&E attorneys who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Janet S. Baer | Partner | 22 Years | Bankruptcy | $625.00 | 3.50 | $4,873.00 |
|  |  |  |  | $655.00 | 4.10 |  |
| David M. Bernick, P.C. | Partner | 25 Years | Litigation | $715.00 | 7.40 | $5,291.00 |
| Samuel Blatnik | Associate | 2 Years | Bankruptcy | $320.00 | 5.50 | $1,760.00 |
| James W. Kapp | Partner | 10 Years | Bankruptcy | $510.00 | 2.30 | $1,173.00 |
| Christian J. Lane | Associate | 6 Years | Bankruptcy | $445.00 | 7.40 | $3,293.00 |
| Todd F. Maynes | Partner | 16 Years | Taxation | $625.00 | 9.00 | $14,270.00 |
|  |  |  |  | $665.00 | 13.00 |  |
| | | | Totals for Attorneys | | 52.20 | $30,660.00 |

The paraprofessionals of K&E who rendered professional services in these cases during the Fee Period are:

| Name of Paraprofessional Person | Position with the Applicant and Number of Years as a Paraprofessional | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Sorah Kim | Project Assistant | 2 Months | Litigation | $110.00 | 13.00 | $1,430.00 |
| Rosaline Langley | Project Assistant | 3 Years | Bankruptcy | $130.00 | 4.50 | $585.00 |
| Shirley A. Pope | Legal Assistant | 18 Years | Litigation | $190.00 | 10.30 | $2,057.00 |
|  |  |  |  | $200.00 | 0.50 |  |
| Toni Wallace | Legal Assistant | 2 Years | Bankruptcy | $190.00 | 6.50 | $1,235.00 |
| | | | Totals for Paraprofessionals | | 34.80 | $5,307.00 |

## Compensation by Matter

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 48 | Fraudulent Conveyance Adv. Proceeding | 87.00 | $35,967.00 |
| Total | | 87.00 | $35,967.00 |

3

## EXPENSE SUMMARY

| Expense | Total |
|---|---|
| Computer Database Research | 25.69 |
| Fax Charge | 159 |
| Fax Telephone Charge | 11.94 |
| Postage | 6.37 |
| Scanned Images | 6.45 |
| Standard Copies | 415.55 |
| Telephone | 154.09 |
| **TOTAL** | **$ 779.09** |

IN THE UNTIED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS and OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS OF W.R. GRACE & CO., suing on behalf of the Chapter 11 Bankruptcy Estate of W.R. GRACE & CO., et al., | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Adv. No. 02-2210 [LEAD DOCKET] |
| SEALED AIR CORPORATION and CRYOVAC, INC., | ) ) ) | |
| Defendants. | ) ) | |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS and OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS OF W.R. GRACE & CO., suing on behalf of the Chapter 11 Bankruptcy Estate of W.R. GRACE & CO., et al., | ) ) ) ) ) ) ) ) | Adv. No. 02-2211 |
| Plaintiffs, | ) ) | |
| Against | ) ) | |
| FRESENIUS MEDICAL CARE HOLDINGS, INC. and NATIONAL MEDICAL CARE, INC., | ) ) ) ) | **Affects Dockets 02-2210 and 02-2211** |
| Defendants. | ) ) ) | |

K&E 16547874.1

**FOURTH QUARTERLY INTERIM VERIFIED APPLICATION OF
KIRKLAND & ELLIS FOR COMPENSATION FOR SERVICES
AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL
TO W.R. GRACE & CO., ET AL, FOR THE INTERIM PERIOD FROM
JULY 1, 2003, THROUGH JUNE 30, 2004
<u>RELATING TO THE FRAUDULENT TRANSFER CASES</u>**

Pursuant to the Order of the United States District Court for the District of Delaware, Hon. Alfred M. Wolin, U.S.D.C., dated July 10, 2002, concerning the fraudulent transfer action <u>Official Committee of Asbestos Personal Injury Claimants, et al. v. Sealed Air Corporation, et al.</u>, Case No. 02-2210 (the "Adversary Proceedings"), related to this bankruptcy matter, sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Kirkland & Ellis LLP ("K&E"), bankruptcy counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $35,967.00 for the reasonable and necessary legal services K&E has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that K&E has incurred in the amount of $779.09 (the "Fourth Quarterly Fee Application"), in each case for the interim quarterly period from July 1, 2003, through June 30, 2004 (the "Fee Period"). In support of this Application, K&E respectfully states as follows:

2

## Background

### Retention of Kirkland & Ellis

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By order dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Chapter 11 Cases and all related matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure

### Monthly Interim Fee Applications Covered Herein

5. Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

6. Furthermore, and also pursuant to the Amended Interim Compensation Order, within 45 days of the end of each quarter, professionals are to file and serve upon the notice

parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

7. This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the fourth Quarterly Fee Application for compensation for services rendered that K&E has filed with the Bankruptcy Court in connection with the Adversary Proceedings, and covers the Fee Period of July 1, 2003, through June 30, 2004 (the "Fourth Quarterly Fee Application").

8. K&E filed the following Monthly Fee Applications for interim compensation during this Fee Period:

(a) Summary Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from July 1, 2003, through July 31, 2003, filed September 5, 2003, (the "July Fee Application") attached hereto as Exhibit A;

(b) Summary Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from August 1, 2003, through August 31, 2003, filed October 3, 2003, (the "August Fee Application") attached hereto as Exhibit B;

(c) Summary Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from September 1, 2003, through September 30, 2003, filed November 6, 2003, (the "September Fee Application") attached hereto as Exhibit C;

(d) Summary Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from October 1, 2003, through October 31, 2003, filed November 26, 2003, (the "October Fee Application") attached hereto as Exhibit D;

(e) Summary Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from November 1, 2003, through November 30, 2003, filed December 29, 2003, (the "November Fee Application") attached hereto as Exhibit E;

(f) Summary Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from December 1, 2003, through December 31, 2003, filed February 2, 2004, (the "December Fee Application") attached hereto as Exhibit F;

(g) Summary Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from January 1, 2004, through January 31, 2004, filed March 5, 2004, (the "January Fee Application") attached hereto as Exhibit G;

(h) Summary Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from February 1, 2004, through February 29, 2004, filed April 2, 2004, (the "February Fee Application") attached hereto as Exhibit H;

(i) Summary Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from March 1, 2004, through March 31, 2004, filed May 3, 2004, (the "March Fee Application") attached hereto as Exhibit I; and

(j) Summary Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from June 1, 2004, through June 30, 2004, filed July 29, 2004, (the "June Fee Application") (collectively, the "Applications") attached hereto as Exhibit J.

**Previous Quarterly Fee Applications**

11. K&E has previously filed the following Quarterly Fee Applications:

(a) First Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Interim Period from June 1, 2002, Through September 30, 2002;

(b) Second Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Interim Period from October 1, 2002, Through December 31, 2002; and

(c) Third Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Interim Period from January 1, 2003, Through March 31, 2003.

**Requested Relief**

13. By this Fourth Quarterly Fee Application, K&E requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by K&E for the Fee Period, which is from July 1, 2003, through June 30, 2004, as detailed in the Applications, less any amounts previously paid to K&E pursuant to the Applications and the procedures set forth in the Interim Compensation Order. As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as **Exhibit A** through **Exhibit J**.

### Representations

14. K&E believes that the Fourth Quarterly Fee Application complies with the requirements of Del.Bankr.LR 2016-2 and the Amended Interim Compensation Order.

15. Kirkland & Ellis performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

16. During the Fee Period, K&E has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Interim Compensation Order.

17. Pursuant to Fed. R. Bank. P. 2016(b), K&E has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of K&E,. or (b) any compensation another person or party has received or may receive in connection with these Adversary Proceedings.

WHEREFORE, K&E respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that (a) for the Fee Period, July 1, 2003, through June 30, 2004, an administrative allowance be made to Kirkland & Ellis in the sum of (i) $35,967.00 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $779.09 for reimbursement of actual and necessary costs and expenses incurred, for a total of $36,746.09; (b) the Debtors be authorized and directed to pay to K&E the outstanding amount of such sums less any sums previously paid to K&E pursuant to the Applications and the procedures set forth in the Interim Compensation Order and (c) this Court grant such further relief as is equitable and just.

Wilmington, Delaware  
Dated: March 29, 2010

Respectfully submitted,

KIRKLAND & ELLIS LLP

_____  
Theodore L. Freedman  
Deanna D. Boll  
601 Lexington Avenue  
New York, NY 10022-4611  
(212) 446-4800

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS and OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS OF W.R. GRACE & CO., suing on behalf of the Chapter 11 Bankruptcy Estate of W.R. GRACE & CO., et al., | ) | |
| Plaintiffs, | ) | Adv. No. 02-2210 |
| | ) | [LEAD DOCKET] |
| SEALED AIR CORPORATION and CRYOVAC, INC., | ) | |
| Defendants. | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS and OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS OF W.R. GRACE & CO., suing on behalf of the Chapter 11 Bankruptcy Estate of W.R. GRACE & CO., et al., | ) | Adv. No. 02-2211 |
| Plaintiffs, | ) | |
| Against | ) | |
| FRESENIUS MEDICAL CARE HOLDINGS, INC. and NATIONAL MEDICAL CARE, INC., | ) | **Affects Dockets 02-2210 and 02-2211** |
| Defendants. | ) | |

K&E 16547882.2

## **VERIFICATION**

STATE OF NEW YORK        )
                         )  ss.
COUNTY OF NEW YORK       )

Theodore L. Freedman, after being duly sworn according to law, deposes and says:

1. I am a partner with the applicant law firm Kirkland & Ellis LLP ("K&E"), and have been admitted to appear before this Court.

2. I have personally performed many of the legal services rendered by K&E as counsel to the above-captioned debtors and debtors in possession (the "Debtors"), and while I did not perform work identified herein with respect to the fraudulent conveyance motion, I am familiar with the work performed on behalf of the Debtors by the lawyers and paraprofessionals of K&E related to said action.

3. I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

_____
Theodore L. Freedman

SWORN AND SUBSCRIBED
before me this 29th day of March, 2010

_____
Notary Public
My Commission Expires:

BEVERLY A. WEBB
Notary Public, State of New York
No. 24-4867475
Qualified in Kings County
Certificate filed in New York County
Commission Expires August 25, 2010

2