IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors | ) | |
| | ) | Re: Docket Nos. (Adv. 02-2210) |
| | ) | 375,461,469,472,480,515,569,683,699,700, |
| | ) | 701,728,744, and Bankr. Docket Nos. 9180, |
| | ) | 24416, 24417, 24512, 24519, 24525. |

Objection Date: April 16, 2010, at 4:00 p.m.
Hearing Date: May 3, 2010 at 10:30 a.m.

**MOTION FOR ENTRY OF ORDER APPROVING REMAINING
FEE APPLICATIONS RELATING TO FRAUDULENT CONVEYANCE
ADVERSARY PROCEEDINGS AND ALLOWING THE PAYMENT
OF REMAINING HOLDBACKS FOR SERVICES RENDERED**

Kirkland & Ellis, LLP, Pachulski, Stang, Ziehl and Jones LLP, Bilzin Sumberg Baena

Price & Axelrod, Conway DelGenio Gries & Co., LLC, Ferry Joseph & Pearce P.A., Hamilton,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

Rabinovitz & Associates, Inc, W.D. Hilton, and Caplin & Drysdale (collectively, the "Professionals") hereby request entry of an Order approving certain remaining fee applications relating to the long since resolved and closed fraudulent conveyance adversary proceedings and allowing the payment of the remaining 20% holdbacks of legal fees owed to the Professionals in those proceedings. In support of this motion, the Professionals state as follows:

## Background

1. In March, 2002, the adversary proceedings entitled: *Official Committee of Asbestos Personal Injury Claimants, et al. v. Sealed Air Corporation and Cryovac, Inc., et al.*, Adversary No. 02-2210 and *Official Committee of Asbestos Personal Injury Claimants, et al, vs. Fresenius Medical Care Holdings, Inc., et al.*, Adversary No. 02-2211, were commenced (collectively, the "Adversary Proceedings"). The Professionals were all authorized to perform certain services in the Adversary Proceedings and in that regard incurred fees and expenses.

2. On July 10, 2002, District Judge Wolin withdrew the reference from the Bankruptcy Court over the determination of the fees and expenses incurred in the Adversary Proceedings. Thereafter, pursuant to an administrative fee order (the "Fee Order") entered therein, the Professionals filed and were paid fees and expenses.

3. In November, 2002, the Adversary Proceedings were settled in principal. However, due to the complex nature of the settlements, the settlement of the Fresenius Adversary Proceeding was not approved until June 25, 2003 and the settlement of the Sealed Air Adversary Proceeding was not approved until June 27, 2005. In the meantime, District Judge Wolin was recused and the Adversary Proceedings were sent back to the Bankruptcy Court.

4. Due to the settlement of the Adversary Proceedings, recusal of Judge Wolin and transfer of the Adversary Proceedings back to the Bankruptcy Court, many of the fee

applications filed by the Professionals in the Adversary Proceedings were never acted upon. And, while the Debtors paid the 80% in fees and 100% in expenses owed to the Professionals, which was permitted by the Fee Order, the fee applications themselves and payment of the 20% holdbacks were not approved by the Court.

5. As a result, on November 5, 2004, certain of the Professionals filed their *Motion to Advance Cause on Calendar and For Entry of Order Approving Fee Applications and Allowing the Payment of Holdbacks For Services Rendered* (Adversary 02-2210, Docket No. 676)(the "2004 Application"). In the 2004 Application, certain of the Professionals requested approval of certain fee applications and payment of the corresponding 20% holdbacks. On April 11, 2005, the Court entered its *Order Approving Quarterly Fee Applications and Allowing Payment of Holdbacks for Services Rendered* (Adversary 02-2210, Docket No.731), wherein the certain fee applications were approved and holdbacks permitted to be paid.

6. The Debtors have recently conducted an audit of their books and records with respect to their payment of fees and expenses to all of the professionals retained in these chapter 11 cases. As a result of that audit, the Debtors have discovered that there still remain fee applications from the Adversary Proceedings that have not been approved by the Court and holdbacks that have not been, thus, paid. The unpaid holdbacks of legal fees for the Professionals for which quarterly applications were filed, and in respect of which no objections have been asserted, are as follows:

| Professional | Amount of Unpaid Holdback |
|---|---|
| Kirkland & Ellis LLP | 7,820.60 |
| Pachulski, Stang, Ziehl & Jones | 3,889.20 |
| Bilzin Sumberg Baena Price & Axelrod LLP | 2,177.20 |
| Conway DelGenio Gries & Co., LLC | 223,023.23 |
| Ferry Joseph & Pearce P.A. | 4,220.40 |
| Hamilton, Rabinovitz & Associates, Inc. | 44,795.00 |
| W.D. Hilton | 3,720.00 |
| Caplin & Drysdale | 3,171.40 |
| Total | $292,817.03[2] |

7. As a result, the Debtors requested that the Professionals file this Motion so that the Debtors could clear up their books and records with respect to these outstanding payables.

8. Accordingly, the Professionals respectfully request entry of an interim order approving the remaining outstanding quarterly fee applications in the Adversary Proceedings and authorizing the payment of the remaining holdbacks owed each Professional in the Adversary Proceedings.

WHEREFORE, the Professionals respectfully request that the Court enter an Order, substantially in the form of the proposed order attached hereto, approving all pending fee applications remaining from the Adversary Proceedings and authoring the Debtors to pay all remaining holdbacks due the Professionals.

Dated: March 29, 2010

---

[2] Attached as Exhibit 1 to the draft Order submitted herewith is a summary of the Quarterly Fee Applications which have not been approved and for which holdbacks remain unpaid for each Professional.

4

91100-001\DOCS_DE:158684.1

| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | **PACHULSKI STANG ZIEHL & JONES LLP** |
| /s/ Theodore Freedman | /s/ Laura Davis Jones |
| Theodore Freedman<br>Deanna Boll<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800 | Laura Davis Jones (Bar No. 2436)<br>James E. O'Neill (Bar No. 4042)<br>Kathleen P. Makowski (Bar No. 3648)<br>Timothy P. Cairns (Bar No. 4228)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705<br>Telephone: (302) 652-4100 |
| **BILZIN SUMBERG BAENA PRICE & AXELROD LLP** | **FERRY, JOSEPH & PEARCE, P.A.** |
| /s/ Jay M. Sakalo | /s/ Theodore Tacconelli |
| Scott L. Baena, Esq.<br>Jay M. Sakalo<br>2500 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131-2336<br>Telephone: (305) 374-7580 | Theodore Tacconelli, Esq.<br>824 Market Street, Suite 904<br>P.O. Box 1351<br>Wilmington, Delaware 19899<br>Telephone: (302) 575-1555 |
| **W.D. HILTON, JR.** | **HAMILTON, RABINOVITZ & ASSOCIATES, INC.** |
| /s/ W.D. Hilton, Jr. | |
| W.D. Hilton, Jr.<br>4342 Catfish Cove<br>Greenville, TX 75402 | /s/ Dr. Francine Rabinovitz<br>Dr. Francine Rabinovitz<br>26384 Carmel Rancho Lane<br>Suite 202<br>Carmel, California 93923<br>Telephone: (831) 626-1350 |

**CONWAY DELGENIO GRIES
& CO., LLC**

_____/s/ Seth Arnold_____
Michael F. Gries
Seth Arnold
Olympic Tower
645 Fifth Ave.
New York, NY 10022


**CAPLIN & DRYSDALE, CHARTERED**


/s/ Peter Van N. Lockwood
_____

Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

and

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301