IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: April 16, 2010 at 4:00 p.m.**
**Hearing Date: May 3, 2010 at 10:30 a.m.**

**DEBTORS' MOTION PURSUANT TO SECTIONS 105, 363, 1107 AND 1108 OF
THE BANKRUPTCY CODE AND RULES 2002, 6004, 9014 AND 9019 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER
APPROVING THE SETTLEMENT AGREEMENT BETWEEN W.R. GRACE & CO.
AND EMPLOYERS MUTUAL CASUALTY COMPANY AND THE MMO PARTIES**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")

hereby submit this motion (the "Motion") for entry of an order approving the Amended and

Restated Settlement Agreement (the "Agreement") by and between W. R. Grace & Co., on its

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.
R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB
Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N
Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy
Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners
I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN
Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B
II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy
Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel
Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace
Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc.,
Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation,
Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation,
Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a
GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe
Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-
BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a
Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin
& Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country
Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

own behalf and on behalf of the Grace Parties (collectively, "Grace"), and Employers Mutual Casualty Company ("EMC"), Mutual Marine Office, Inc., Pacific Mutual Marine Office, Inc., and Mutual Marine Office of the Midwest (collectively, "the MMO Parties"), as further identified and defined in the Agreement. A copy of the Agreement is attached as Exhibit A. In support of the Motion, the Debtors respectfully represent as follows:

**Jurisdiction**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Motion is proper under 28 U.S.C. § 1408.

2.      The statutory predicates for this Motion are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 the Federal Rules of Bankruptcy Procedure.

**Background**

3.      On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.      Mutual Marine Office, Inc., as attorney-in-fact for EMC, issued three policies of excess liability insurance (defined in the Agreement as the "Subject Insurance Policies") that provide, or are alleged to provide, insurance coverage to Grace. The attachment point of the lowest-level policy is $50,000,000, while the other two policies attach at $75,000,000 and $100,000,000, respectively. Grace has incurred and may incur in the future certain liabilities, expenses and losses arising out of asbestos-related claims, for which Grace

2

seeks coverage under the Subject Insurance Policies. Disputes have arisen between Grace and

EMC and the MMO Parties regarding their respective rights and obligations under the Subject

Insurance Policies with respect to coverage for asbestos-related claims.

      5.      On or about August 28, 1998, Grace, EMC and the MMO Parties entered

into an Asbestos Settlement Agreement, resolving disputes regarding the application of the

Subject Insurance Policies to certain claims involving asbestos (hereinafter referred to as the

"1998 Agreement").

      6.      The First Amended Joint Plan of Reorganization proposed by the Plan

Proponents[2] contemplates that Asbestos PI Claims will be enjoined and channeled to the

Asbestos PI Trust (the "Trust"). *See* First Amended Joint Plan of Reorganization, filed February

27, 2009 (the "Plan") (as modified), Art. 8.2.1. If established as proposed, the Trust will process

and resolve Asbestos PI Claims pursuant to the Asbestos PI Trust Distribution Procedures.

      7.      The Plan further contemplates that Asbestos Insurance Rights, including

rights under the Subject Insurance Policies and under the 1998 Agreement, are to be transferred

to the Trust, to be used to fund payment of Asbestos PI Claims. *See* Plan, Art. 7.2.2(d)(ii) and

(iv); Plan Ex. 6 – Asbestos Insurance Transfer Agreement.

      8.      The Agreement confers the following principal benefits upon the Debtors'

estate, among others:

      (a)      The payment by Mutual Marine Office, Inc. to the Trust of the sum of Three
Million Six Hundred Eight Thousand Two Hundred Forty-Seven Dollars
($3,608,247.00) (the "Settlement Amount") in four equal quarterly installments
beginning within fourteen (14) days of the Trigger Date, as provided for in the
Agreement.

---

[2] Capitalized terms used in this Motion but not defined herein have the meanings ascribed to them in the Plan (as defined herein).

(b)     The payment of the substantial sum set forth in subparagraph (a) above without need for litigation to enforce the assignment by Grace to the Trust of rights under the Subject Insurance Policies and the 1998 Agreement.

(c)     A compromise of defenses that EMC and the MMO Parties might have with respect to coverage for any individual Asbestos PI Claim.

(d)     Upon the Execution Date of the Agreement, the commitment of EMC and the MMO Parties to take no action to oppose confirmation of the plan of reorganization.

9.      The Agreement includes a complete, mutual release of all claims under the Subject Insurance Policies.

10.     The Agreement further provides that if the Plan is confirmed, the Trust, at its own expense, will enforce the Asbestos PI Channeling Injunction with respect to the Asbestos PI Claims subject to the Asbestos PI Channeling Injunction that are asserted against EMC and Mutual Marine Office, Inc. under the Subject Insurance Policies; provided, however, that the Trust's obligation in this respect ceases after it has spent a sum equivalent to that portion of the Settlement Amount that has then been received by the Trust.

## Relief Requested

11.     By this Motion, the Debtors respectfully seek the entry of an order, pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Agreement, which has been executed by the parties, and, by its terms, will become effective upon the approval of this Court.

## Basis for Relief

12.     This Court has statutory authority to authorize and approve the Debtors' entry into the Agreement pursuant to sections 105 and 363(b)(l) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the

4

Bankruptcy Code. 11 U.S.C. § 105(a). Section 363(b) of the Bankruptcy Code provides, in

relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the

ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). A settlement of

claims and causes of action by a debtor in possession constitutes a use of property of the estate.

*See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a

settlement is outside of the ordinary course of business of the debtor, it requires approval of the

bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*

13.    Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by

the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or

settlement." Fed.R.Bankr.P. 9019(a). Before approving a settlement under Bankruptcy Rule

9019, a court must determine that the proposed compromise is in the best interests of the debtor's

estate. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *In re Marvel Entm't

Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the

compromise is fair, reasonable, and in the interest of the estate.'"). To reach this determination,

courts assess the value of the claim that is being settled and balance it against the value to the

estate of the approval of the compromise. *See Martin*, 91 F.3d at 393.

14.    The standard by which courts evaluate the reasonableness of a proposed

compromise and settlement is well established. This standard includes consideration of the

following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in

collection; (3) the complexity of the litigation involved, and the expense, inconvenience and

delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.*; *see also

Depositor v. Mary M. Holloway Found.*, 36 F.3d 582, 587 (7th Cir. 1994) (affirming an order

approving a compromise and settlement of claims against the estate where it was "unlikely" that

the debtor would succeed on the claim, litigation of the claims would involve considerable

5

expense, and the claimant would withdraw all claims upon approval of the settlement).

Settlements should only be rejected if they fall "below the lowest point in the range of

reasonableness." *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983)

(citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). The standards set forth above are

plainly met in this case.

15.    The Agreement is in the best interests of the Debtors, their estates and

their creditors because it resolves all existing and potential future disputes between the parties

regarding their respective rights and obligations with respect to insurance coverage under the

Subject Insurance Policies with respect to asbestos-related claims and other claims, and provides

substantial monies to fund the payment by the Trust of Asbestos PI Claims. If the Agreement

were not approved, the Trust likely would face additional burden and cost in seeking to obtain

the benefits of, and enforcing Grace's rights under, the Subject Insurance Policies and the 1998

Agreement.

16.    The negotiation and execution of the Agreement was at arms' length and

in good faith. The consideration provided by EMC and the MMO Parties pursuant to the

Agreement is fair and adequate and constitutes reasonably equivalent value and fair

consideration.

17.    For all of the foregoing reasons, the Debtors submit that the Agreement is

fair and reasonable and in the best interest of the Debtors, their creditors and their estates, and

thus the Debtors should be authorized to enter into the Agreement.

### Notice

18.    Notice of this Motion has been given to (i) the Office of the United States

Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee

appointed by the United States Trustee, (iv) counsel to the Asbestos PI Future Claimants'

6

Representative and counsel to the Asbestos PD Future Claimants' Representative; and (v) those parties that requested papers under Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

    WHEREFORE, the Debtors respectfully request that the Court enter an order approving the Agreement, and granting such other and further relief as the Court deems just and proper.


Dated: March 29, 2010          KIRKLAND & ELLIS LLP
                           Lisa G. Esayian
                           300 N. LaSalle
                           Chicago, Illinois 60654
                           Telephone: (312) 862-2000
                           Facsimile: (312) 862-2200

                           and

                           Theodore Freedman
                           601 Lexington Avenue
                           New York, New York 10022-4611
                           Telephone: (212) 446-4800
                           Facsimile: (212) 446-4900

                           - and -

                           PACHULSKI, STANG, ZIEHL & JONES LLP


                           Laura Davis Jones (Bar No. 2436)
                           James E. O'Neill (Bar No. 4042)
                           Kathleen P. Makowski (Bar No. 3648)
                           Timothy P. Cairns (Bar No. 4228)
                           919 North Market Street, 16th Floor
                           P.O. Box 8705
                           Wilmington, Delaware 19899-8705 (Courier 19801)
                           Telephone: (302) 652-4100
                           Facsimile: (302) 652-4400

                           Co-Counsel for the Debtors and Debtors in Possession

7