IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>Re: Docket No. 24476 |

## BANK LENDER GROUP'S RESERVATION OF RIGHTS AND LIMITED RESPONSE TO PLAN PROPONENTS' UPDATED AND AMENDED CHART SUMMARIZING CONFIRMATION REQUIREMENTS AND REMAINING OBJECTIONS TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION

Certain lenders under the Prepetition Bank Credit Facilities[1] (the "Bank Lender Group"),[2] by their undersigned counsel, hereby submit this Reservation of Rights and Limited Response to Plan Proponents' Updated and Amended Chart Summarizing Confirmation Requirements and Remaining Objections to the First Amended Joint Plan of Reorganization, filed March 19, 2010 [Dkt. No. 24476] (the "Objection Summary Chart") by the above-captioned debtors ("Grace" or the "Debtors") and their co-proponents the Official Committee of Asbestos

---

[1] The Prepetition Bank Credit Facilities include (i) that certain Credit Agreement, dated May 14, 1998, among the W.R. Grace & Co. (the "Company"), W.R. Grace & Co.-Conn, The Chase Manhattan Bank, as Administrative Agent, Chase Securities Inc., as arranger, and certain Banks party thereto (the "1998 Credit Agreement"), and (ii) that certain 364-Day Credit Agreement, dated May 5, 1999, among the Company, W.R. Grace & Co.-Conn, Bank of America National Trust Savings Assoc., as documentation agent, The Chase Manhattan Bank, as administrative agent, Chase Securities Inc., as book manager, and certain Banks party thereto (as amended, including on May 3, 2000, the "1999 Credit Agreement", together with the 1998 Credit Agreement, the "Credit Agreements").

2 The Bank Lender Group includes (i) Anchorage Advisors, LLC; (ii) Babson Capital Management LLC; (iii) Bass Companies; (iv) Caspian Capital Advisors, LLC; (v) Catalyst Investment Management Co., LLC; (vi) Farallon Capital Management, L.L.C.; (vii) Halcyon Asset Management LLC; (viii) Intermarket Corp.; (ix) JP Morgan Chase, N.A. Credit Trading Group; (x) Loeb Partners Corporation; (xi) MSD Capital, L.P.; (xii) Normandy Hill Capital, L.P.; (xiii) Onex Debt Opportunity Fund Ltd.; (xiv) P. Schoenfeld Asset Management, LLC; (xv) Restoration Capital Management, LLC; (xvi) Royal Bank of Scotland, PLC; (xvii) Visium Asset Management LLC; and (xviii) York Capital Management.

Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Holders (together with Grace, the "Plan Proponents") in connection with confirmation of the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Dkt. No. 20872] (the "Plan"), and in support thereof, respectfully represent as follows:

## BACKGROUND

1. At the February 16, 2010 telephonic hearing, this Court asked that the parties prepare "something … that tells me specifically what issues really are still on the list to be adjudicated, and what the plan in final form is going to look like." (Hearing Tr. Feb. 16, 2010 at 26:21-25.) Grace agreed to "furnish to the Court a list of what's still out there" so that the Court would have "a clear road map for what it is that's left beyond Libby and the lenders." (*Id.* at 27:14-18.)

2. On March 19, 2010, the Plan Proponents filed the Objection Summary Chart. The Objection Summary Chart is based on an earlier chart that the Plan Proponents filed with the Court on December 16, 2009 [Dkt. No. 24014] prior to closing arguments.

3. The left column of the Objection Summary Chart identifies the various confirmation standards and paraphrases the Plan Proponents' arguments as to why the Plan meets each of those standards. For each confirmation standard, the middle column then identifies the unresolved objections and attempts to paraphrase the objecting parties' arguments as to why the Plan fails to meet the standard. The right column then identifies the Plan Proponents' responses. The Objection Summary Chart also cites to the relevant sections of the briefs in which these arguments were made.

4. The Plan Proponents did not seek comments from representatives for the Bank Lender Group prior to filing the Objection Summary Chart.

5. The Objection Summary Chart did not include a return date by which responses must be filed.

## RESPONSE AND RESERVATION OF RIGHTS

6. The Bank Lender Group understands and expects that the Objection Summary Chart would not supplant the extensive written and oral submissions regarding these issues over the course of nearly two years, and moreover, does not concede that it has any obligation to respond to the Objection Summary Chart in order to clarify any misstatements or omissions or to preserve any right whatsoever. Nonetheless, for the avoidance of doubt, the Bank Lender Group has filed this statement in order to preserve all rights and to correct the following errors identified in the Objection Summary Chart:

7. First, the following paraphrasing of the Bank Lender Group's argument contained on page 43 of the Objection Summary Chart is inaccurate and misleading: "The fact that Reorganized Grace will emerge solvent after the Plan is confirmed and consummated proves that Grace is a solvent debtor. Default interest must, accordingly, be paid." (Objection Summary Chart p. 43.) Such a broad characterization of the argument suggests that the Bank Lender Group's position results in a solvent debtor in every confirmable, feasible case, which clearly cannot be true. The Bank Lender Group respectfully requests that the foregoing language be struck and replaced with the following: "Because Grace's shareholders will retain value following Grace's full payment and satisfaction of its previously disputed and unliquidated asbestos liabilities (the amount of which shall become substantially fixed pursuant to the Plan), as well as Grace's other liabilities, Grace is a solvent debtor and Grace's lenders are

presumptively entitled to interest at the contract default rate provided for in the Credit Agreements."

8. <u>Second</u>, on page 44 of the Objection Summary Chart the reference to the "Lender/Committee Post-Trial Brief at 11" has been struck. The Bank Lender Group requests that this reference be re-inserted.

9. <u>Third</u>, page 45 of the Objection Summary Chart purports to recite the following quotation directly from the Bank Lender Group's Objection to Confirmation of First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "<u>Bank Lender Group's Confirmation Objection</u>"): "There is simply no federal interest or any Bankruptcy Code provision or caselaw that permits a court to rewrite a contract so as to read valid state law property rights to default interest out of a contract entirely." The recited language is not identical to the text of the Bank Lender Group's Confirmation Objection, and the Bank Lender Group thus requests that the quotation marks be deleted from the Objection Summary Chart.

10. <u>Fourth</u>, page 45 of the Objection Summary Chart incorrectly references the "Lender/Committee Pre-Trial Br." at pages 32-24. The correct reference is to pages 32-33 of that brief, and the Bank Lender Group respectfully requests that the Objection Summary Chart be revised accordingly.

## **CONCLUSION**

11. WHEREFORE, the Bank Lender Group respectfully requests that the Objection Summary Chart be corrected as outlined above and expressly reserves its right to seek further corrections and to further contest the Objection Summary Chart on any and all grounds, including those set forth herein.

Dated: Wilmington, Delaware
March 30, 2010

LANDIS RATH & COBB LLP

Richard S. Cobb (No. 3157)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 1800
Post Office Box 2087
Wilmington, Delaware 19899
Telephone: (302) 467-4400
Telecopier: (302) 467-4450

-and-

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

Stephen J. Shimshak
Andrew N. Rosenberg
Rebecca R. Zubaty
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Telecopier: (212) 757-3990

*Attorneys for the Bank Lender Group*