IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 24419, 24534 |
| | | April 19, 2010 Agenda No. 9 |

## ORDER APPROVING STIPULATION REGARDING CLASSIFICATION, ALLOWANCE AND PAYMENT OF CLAIM NO. 18508 OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA AND WITHDRAWING PLAN OBJECTIONS

Upon consideration of the *Joint Motion of the Plan Proponents for Entry of an Order Resolving Proof of Claim no. 18508 of National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and Withdrawing National Union's Plan Objections* (the "Motion"); and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:158137.1

due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the terms of the Stipulation, attached hereto as Exhibit 1, are incorporated herein by reference as if fully set forth herein and to the extent that there is any conflict between the terms of this Order and the Stipulation, the terms of the Stipulation control; and it is further

ORDERED that the Plan Proponents are authorized to enter into the Stipulation; and it is further

ORDERED that the Plan Proponents are authorized to perform their respective obligations under the Stipulation; and it is further

ORDERED that (i) the Tennessee Related Claim is reclassified and allowed as a Class 9 General Unsecured Claim in the amount of $2,417,720 to be paid in the same manner as all other Class 9 General Unsecured Claims under the Plan (ii) the RMQ Related Claim is reclassified and allowed as a Class 9 General Unsecured Claim against the chapter 11 estates of the Debtors in the total amount of $121,942, with no prepetition or post-petition interest; (iii) all other sums requested in Claim 18508 are disallowed and expunged. The Tennessee Related Claim and the RMQ Related Claim shall be paid in full by the Debtors to National Union on the Effective Date.; and it is further

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them, as the case may be, in the Motion, the Stipulation or the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., Et Al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009*, as thereafter amended (the "Plan").

ORDERED that the Stipulation is not an admission with regard to the merits of the Plan Proponents' position with respect to the classification of the RMQ Related Claim and may not be used as evidence with respect to whether any other claims which the Plan Proponents contend are Asbestos PI Claims (Indirect PI Trust Claims) should be properly classified in Class 6 rather than Class 9 under the Plan; and it is further

ORDERED that upon payment of the RMQ Related Claim by the Debtors as outlined in the Stipulation, the Asbestos PI Trust shall immediately pay to the Debtors or provide the Debtors with a credit for the sum of $33,873; and it is further

ORDERED that National Union shall not be entitled to prepetition or post-petition interest on the RMQ Related Claim; and it is further

ORDERED that National Union hereby withdraws all of its objections to the Plan; and subject to the Plan Proponents' compliance with paragraph 5 of the Stipulation, shall take no further actions of any nature (including filing new objections to the Plan) that may hinder, delay, or oppose the action of the Plan Proponents in seeking confirmation of the Plan; and not oppose the entry of an order confirming the Plan; and it is further

ORDERED that the Plan Proponents shall not amend the Plan to impair the treatment and payment provided by this Order and the Stipulation with regard to the New National Union Claim. If the Plan is not confirmed, is withdrawn in accordance with section 4.2 of the Plan, or if the Effective Date does not occur under the Plan, the Stipulation and this Order shall have no force and effect; and it is further

ORDERED that the Plan Proponents are authorized to take whatever other actions may be necessary to consummate the transactions contemplated by the Stipulation; and it is further

3

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

ORDERED that this Order is effective immediately upon its entry.

Dated: April 7, 2010

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge