IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| W. R. GRACE & CO., ET AL. ) | CASE NO. 01-01139 (JKF) |
| ) | (JOINTLY ADMINISTERED) |
| DEBTORS. ) | |
| ) | RE: DOCKET NO. 24421, 24535 |
| ) | April 19, 2010 Agenda No. 11 |

ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KAYE
SCHOLER LLP AS SPECIAL COUNSEL FOR INTELLECUTAL PROPERTY
MATTERS

Upon the application (the "Application")[4] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order ("Order") authorizing the Debtors to retain and employ Kaye Scholer LLP ("Kaye Scholer") as special counsel for intellectual property mattes to the Debtors, pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having reviewed the Application and the Rynkiewicz Affidavit in support thereof; the Court being satisfied based on the representations made in the Application and Rynkiewicz Affidavit that (a) Kaye Scholer does not hold or represent an interest adverse to the Debtors' estates, and (b) Kaye Scholer is a "disinterested person" as

---

[4] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

12

defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and Local Bankruptcy Rule 2014-1; and it appearing that notice of this Application and opportunity for a hearing on this Application was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED:

1. The Application is granted effective *nunc pro tunc* to the date of the Application.

2. The Debtors are authorized to employ and retain Kaye Scholer as their special counsel for intellectual property matters in accordance with the terms and conditions set forth in the Application.

3. Kaye Scholer is authorized to render professional services to the Debtors as described in the Application that may include, but shall not be limited to: (i) preparing intellectual property law opinions, (ii) prosecuting trademark applications, (iii) filing Oppositions and cancellations, and (iv) conducting intellectual property searches.

4. Kaye Scholer will no longer be compensated pursuant to the OCP Order for fees and expenses incurred in these Chapter 11 Cases going-forward and will be entitled to and required to seek application for its currently outstanding fees and expenses in excess of the OCP caps, if any, and all fees and expenses going forward pursuant to sections 330 and 331 of the Bankruptcy Code and any other applicable procedures and orders of the Court in these cases.

5. The Debtors and Kaye Scholer are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: Apr 7, 2010

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

14