DATE OF SERVICE OF CLAIMS SETTLEMENT NOTICE: APRIL 7, 2010

OPPOSITION/RESPONSE DUE: APRIL 27, 2010

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## CLAIMS SETTLEMENT NOTICE (CLAIM NO. 6080)

THIS NOTICE (THE "CLAIMS SETTLEMENT NOTICE") IS PROVIDED TO YOU PURSUANT TO THAT CERTAIN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (THE "BANKRUPTCY COURT") *AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING* (THE "COURT ORDER"). YOU MUST ADHERE TO THE TERMS OF THIS CLAIMS

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

SETTLEMENT NOTICE IN ORDER TO PROTECT YOUR RIGHTS. PLEASE READ THE FOLLOWING PROCEDURES CAREFULLY.[2]

Pursuant to the Court Order, the Debtors must provide notice to the Negative Notice Parties (as defined herein) of any settlement with a value that equals or exceeds $50,000, but does not exceed $1,000,000. Such notice must include the terms of the settlement and the Debtors' basis for belief that each settlement is fair and reasonable. Pursuant to the terms of the Court Order, if the terms set forth in this Claims Settlement Notice are not objected to in writing by any of the Negative Notice Parties within twenty (20) days after the date of transmittal of such written notice, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Bankruptcy Court by the Debtors of a certificate of no objection with respect to such settlements. **In no event, however, will a settlement executed by the Debtors in accordance with the Court Order provide for any monetary payments to be made by the Debtors from property of their estates to or on behalf of a settling party on account of any claims owing or arising prior to April 2, 2001, the date the Debtors filed their petitions for relief under title 11 of the United States Code.** Such claims shall be satisfied in accordance with such further orders of the Bankruptcy Court or in accordance with the Debtors' plan of reorganization.

If you oppose the settlement of the Claims (as defined below) on the terms set forth herein, you must follow the procedures delineated below. Please note that objections, oppositions or comments to the procedures set forth herein shall not be deemed an objection to the settlement of the Claim and will, therefore, not be considered.

### *Summary of Terms of Settlement*

On or about March 26, 2003, the Standard Chain Company, the Estate of Donald James and the Estate of Frederick Brown (collectively, the "Claimants") filed a proof of claim (Claim No. 6080, the "Claim") regarding amounts asserted in connection with environmental conditions at, on or associated with the property located at 380 South Street, Plainville, Massachusetts, also known as the Microwave Specialties Site (the "Site"):

| Claim No. | Asserted Amount | Asserted Priority | Asserted Basis for Claim |
|---|---|---|---|
| 6080 | $263,133 | Unsecured, Non-Priority | Environmental Liability |

On the terms and conditions set forth more fully in the Stipulation, which is attached hereto as Exhibit A, the Debtors and the Claimants have agreed to settle the Claim on the

---

[2]    Capitalized terms not defined in this Stipulation shall have the meanings ascribed to them, as the case may be, in the *Stipulation Resolving Claim of Standard Chain Company, Estate of Donald James and Estate of Frederick Brown  (Claim No. 6060)* (the "Stipulation"), dated as of November 9, 2009, and attached hereto as Exhibit A, the *Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding,* [Docket no. 936] (the "Omnibus Settlement Procedures Order") or the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., Et Al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009,* as thereafter amended (the "Plan").

2

following terms: (i) Claim no. 6080 shall be an Allowed Claim (as that term is defined in the Plan); (ii) Claimants shall not be entitled to prepetition or post-petition interest on the Claim for any period prior to the effective date of the Plan or any other confirmed chapter 11 plan of reorganization; and (iii) the Claim shall be paid in the same manner as all other similarly situated Allowed General Unsecured Claims pursuant to the Plan (except with respect to payment of interest as described above).

## *Objection Procedures:*

If you object to the settlement of the Claim, you **MUST** serve on the parties listed below (collectively, the "Negative Notice Parties") a written objection to this Claim Settlement Notice. All objections and responses must be received by the Negative Notice Parties at the facsimile numbers set forth below no later than twenty (20) days after the date of this notice (**April 27, 2010**) at 4:00 p.m. (E.S.T.).

If a timely objection is not received by the Negative Notice Parties and Debtors' counsel, the Claim shall be deemed resolved without further notice or hearing of the Bankruptcy Court.

If a timely objection is received by the Negative Notice Parties' and Debtors' counsel and a resolution to the objection cannot be reached among the parties, the Debtors will file a copy of the Claim Settlement Notice and your objection with the Court and will schedule a hearing to consider the Claim Settlement Notice. Unless otherwise ordered by the Court, if such objection is overruled or withdrawn, the settlement of the Claim shall be deemed to have occurred on the date the Court enters an order approving the Claim Settlement Notice.

Any questions or comments regarding the foregoing procedures may be forwarded to James E. O'Neill of Pachulski Stang Ziehl & Jones LLP at 919 N. Market St., 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705, (302) 652-4100.

**[Remainder of Page Intentionally Left Blank]**

## DISTRIBUTION LIST/NEGATIVE NOTICE PARTIES
### *OFFICE OF UNITED STATES TRUSTEE*

United States Trustee's Office          **FAX: (302) 573-6497**
Attn: David M. Klauder
844 King Street, Suite 2207
Lock Box 35
Wilmington, DE  19801

### *COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'*

Stroock & Stroock & Lavan LLP          **FAX: (212) 806-6006**
180 Maiden Lane
New York, New York 10038-4982
Attn: Arlene G. Krieger, Esq.

### *COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS*

Caplin & Drysdale          **FAX: (212) 644-6755**
375 Park Avenue, 35th Floor
New York, NY  10152
Attn: Elihu Inselbuch

Caplin & Drysdale          **FAX: (202) 429-3301**
One Thomas Circle, N.W., Suite 1100
Washington, District of Columbia 20005
Attn: Peter Van N. Lockwood

Campbell & Levine          **FAX: (302) 426-9947**
800 North King Street, Suite 300
Wilmington, DE  19801
Attn: Mark T. Hurford

### *COUNSEL TO THE OFFICIAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS*

Bilzin Sumberg Baena Price & Axelrod LLP          **FAX: (305) 374-7593**
First Union Financial Center
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Attn: Scott L. Baena

4

### *COUNSEL TO THE DIP LENDER*

Latham & Watkins                    **FAX: (312) 993-9767**
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Attn:   Douglas Bacon

### *COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS*

Kramer Levin Naftalis & Frankel LLP    **FAX: (212) 715-8000**
1177 Avenue of the Americas
New York, New York 10036
Attn:   Philip Bentley
        David Blabey

### *CO-COUNSEL TO THE DEBTORS*

Kirkland & Ellis LLP                **FAX: (212) 446-6460**
601 Lexington Avenue
New York, New York 10022
Attn:   Theodore L. Freedman

The Law Offices Of Janet S. Baer, P.C.    **FAX: (312) 641-2165**
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
Attn:  Janet S. Baer, P.C.
       Roger J. Higgins

Pachulski Stang Ziehl & Jones LLP    **FAX: (302) 652-4400**
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Attn:   James O'Neill, Esq.

**[Remainder of Page Intentionally Left Blank]**

91100-001\DOCS_DE:158946.1

Dated:  April 7, 2010

KIRKLAND & ELLIS LLP
Theodore L. Freedman
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

_James E. O'Neill_

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705
(302) 652-4100
(302) 652-4400
Co-Counsel for the Debtors and Debtors-in-Possession

6