# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                )

                      )

W. R. GRACE & CO., *et al.*[1]    )

                      )

         Debtors.      )

                      )

                      )

                      )

Chapter 11

Case No. 01-01139 (JKF)
Jointly Administered

## EXHIBIT 25 TO EXHIBIT BOOK
## CASE MANAGEMENT ORDER FOR CLASS 7A ASBESTOS PD CLAIMS

**EXHIBIT 25**

Attached.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO.**, *et al.* | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |
| | ) | |

## CASE MANAGEMENT ORDER FOR
## CLASS 7A ASBESTOS PD CLAIMS

This Case Management Order provides procedures for the resolution of all Class 7A

Asbestos PD Claims (other than Class 7A Asbestos PD Claims that have been Allowed as of the

Effective Date pursuant to PD Settlement Agreements).[1]

I.      The procedures with respect to Class 7A Asbestos PD Claims filed prior to the March

2003 Bar Date shall be as follows:

      A.      Unresolved Asbestos PD Bar Date Claims, other than Asbestos PD Claims (i) which have been disallowed and/or expunged, and for which the Holders of such Asbestos PD Claims have filed appeals, which appeals are pending as of the Effective Date; or (ii) as to which class certification has been denied and an appeal from such denial of class certification is pending as of the Effective Date, will be adjudicated in accordance with the Amended Order Setting Deadlines Regarding Objections to Class 7A Asbestos Property Damages ("PD") Claims, entered by the Bankruptcy Court on _____, 2010 (Dkt. No. ____) ("<u>Amended Order</u>") and attached hereto as Exhibit A.

      B.      With respect to any and all Class 7A Asbestos PD Claims which were filed as of the March 2003 Bar Date and (i) which have been disallowed and/or expunged by the Bankruptcy Court and for which the Holders of such Asbestos PD Claims have filed appeals, which appeals are pending as of the Effective Date; or (ii) as to

---

[1]    Capitalized terms used in this Case Management Order and not otherwise defined shall have the meanings assigned to them in the First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009 (the "Plan").

which class certification has been denied and an appeal from such denial of class certification is pending as of the Effective Date:

1. The appeals shall proceed to completion.

2. The Anderson Memorial class claims (Nos. 09911 and 09914) shall remain inactive unless and until there is a final, appealable order with respect to the Anderson Memorial individual claim (No. 011008).

3. Claims for which appeals are successful, resulting in reversal of the Bankruptcy Court order(s) disallowing and expunging the claims (including the sixteen Asbestos Property Damage Claims filed by the State of California, Department of General Services, and thirty-five Canadian Claims filed by Speights & Runyan), or denying class certification, shall be remanded to the Bankruptcy Court for proceeding[s] consistent with this PD CMO and Exhibit A to the Amended Order Setting Various Deadlines Regarding Asbestos Property Damage Claims. For the avoidance of doubt, Section II of this PD CMO does not apply to such proceedings and/or any other proceedings ordered by the court(s) of appeal.

II. The procedures with respect to Class 7A Asbestos PD Claims, other than (i) Asbestos PD Claims that have been allowed pursuant to a PD Settlement Agreement; and (ii) Unresolved Asbestos PD Bar Date Claims, shall be as follows:

A. **Proof of Claim:** In order to assert a claim against the Asbestos PD Trust for a Class 7A Asbestos PD Claim, a Class 7A Claimant must file a Proof of Claim (the "POC") with the Asbestos PD Trust.

1. The POC shall provide the following information to the best of the Class 7A Claimant's knowledge, information or belief:

(A) Class 7A Claimant's name, the last four digits of the claimant's social security number or FEIN, mailing address, and attorney's name, law firm name, mailing address and telephone number.

(B) Property address.

(C) Whether the Class 7A Claimant owned the property on the March 2003 Bar Date and, if not, who owned the property on the March 2003 Bar Date.

(D) Whether the Class 7A Claimant or someone else on his, her, or its behalf completed any interior repair or renovations on the property that disturbed, dislodged or affected any asbestos-containing product(s) manufactured or distributed by any of the Debtors

(hereafter "Asbestos-Containing Products") in the property. If yes, specify the dates and description of such repair or renovations.

(E)     Whether any other interior repair or renovations were completed on the property during any other period of time that disturbed, dislodged or affected any Asbestos-Containing Product(s) in the property. If yes, specify the dates and descriptions of such repair or renovations.

(F)     When the Class 7A Claimant or someone on his, her, or its behalf installed Asbestos-Containing Product(s) in the property.

(G)     If the Class 7A Claimant or someone on his, her, or its behalf did not install Asbestos-Containing Product(s) in the property, when such product(s) was/were installed.

(H)     Copies of all documentation relating to the purchase and/or installation of the Asbestos-Containing Product(s) in the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession of the document. If a summary of documents is provided rather than the documents themselves, the Class 7A Claimant is required to consent to the production and release of those documents to Grace upon Grace's further request.

(I)     When the Class 7A Claimant first learned of the presence of Asbestos-Containing Product(s) in the property for which the Class 7A Claimant is making this claim. Provide copies of all documents relating or referring to the presence of such asbestos or such Asbestos-Containing Product(s). If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession of the document. If a summary of documents is provided rather than the documents themselves, the Class 7A Claimant is required to consent to the production and release of those documents to Grace upon Grace's further request.

(J)     When the Class 7A Clamant first learned that the Asbestos-Containing Product for which the claim is being made contained asbestos.

(K)     Whether the Class 7A Claimant or someone else on its behalf made any effort to remove, contain and/or abate the Asbestos-Containing Product(s) in the property for which the Class 7A Claimant is making this claim. If yes, provide copies of all

documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession of the document. If a summary of documents is provided rather than the documents themselves, the Class 7A Claimant is required to consent to the production and release of those documents to Grace upon Grace's further request.

(L)     If the Class 7A Claimant or someone on his, her, or its behalf has not made any effort to remove, contain and/or abate the Asbestos-Containing Product(s) in the property for which the Class 7A Claimant is making a claim, whether anyone else made such an effort and, if so, when.

(M)     Whether any individual asbestos-related property damage lawsuit or claim has been filed against Grace relating to the property for which the Class 7A Claimant is making the claim.

(N)     Whether any individual asbestos-related property damage lawsuit or claim has been filed against any other party relating to the property for which the Class 7A Claimant is making this claim.

    (1)     If an asbestos-related property damage lawsuit has been filed relating to the property for which the Class 7A Claimant is making the claim, provide the following information about each such lawsuit or attach a copy of the face page of each complaint filed: the caption; the court where the lawsuit was originally filed; the docket number; and the date filed.

    (2)     If an asbestos-related property damage claim has been filed relating to the property for which the Class 7A Claimant is making the claim, provide the following information about each such claim or attach a copy of the face page of each claim filed: the description of the claim; the date submitted; and the name of entity to whom the claim was submitted.

(O)     When the Class 7A Claimant first learned of W. R. Grace's bankruptcy cases.

(P)     A list of all newspapers and magazines to which the Class 7A Claimant has subscribed.

(Q)     The dollar amount of the Class 7A Claimant's claim.

2.   The POC forms shall be maintained by a claims processing agent appointed by the Trust and reasonably satisfactory to Grace, and shall be promptly provided to Grace.

3.   Filing a POC shall toll any applicable statutes of limitations. Such tolling shall end at the conclusion of the first business day following the 20th day after entry on the Court's docket of the order permitting the holder of the Asbestos PD Claim identified in the POC to prosecute such claim pursuant to Section II.C of this PD CMO.

4.   Class action claims shall not be permitted. For the avoidance of doubt, the foregoing prohibition against the filing of class action claims shall not (i) be asserted by Grace as a basis for dismissal of any appeals by Anderson Memorial Hospital of the denial of class certification, (ii) be construed to require the dismissal of, or require any particular ruling with respect to class certification in, any subsequent proceedings on remand, if any, from any such pending appeals, and (iii) be construed in a manner which conflicts with any mandates issued by the Third Circuit Court of Appeals in any such pending appeals.

**B.   Discharge and Authority to Proceed in Litigation:**

1.   Within 45 days of receipt of the POC from the Asbestos PD Trust, Grace will request any additional information it believes is necessary to evaluate whether to file an Asbestos PD Claim Discharge Motion as set forth herein.

2.   Within 45 days of receiving such request(s) from Grace, a Class 7A Claimant shall provide to Grace the requested information, subject to all applicable objections, privileges or exemptions from discovery.

3.   Not later than 45 days after receipt of such information from the Class 7A Claimant, Grace, on behalf of the Asbestos PD Trust, shall file in the Bankruptcy Court a motion (an "Asbestos PD Claim Discharge Motion") seeking to enjoin or otherwise terminate the prosecution of such claim on the ground that the claim is barred by the discharge granted to Grace pursuant to confirmation of the Plan and the March 2003 Bar Date.

4.   Should Grace choose to file an Asbestos PD Claim Discharge Motion, that Motion shall be heard and decided under the appropriate governing federal laws, rules and Bankruptcy Rules, as applicable. In its sole discretion, Grace shall be authorized to prosecute an Asbestos PD Claim Discharge Motion on behalf of the Asbestos PD Trust.

5.   Neither Grace nor the Asbestos PD Trust shall file a declaratory judgment action against a Class 7A Claimant who has filed a POC except as a counter-claim.

6. In the event that the Bankruptcy Court rules that an Asbestos PD Claim is barred by the discharge pursuant to the Plan or the March 2003 Bar Date, (a) the Asbestos PD Trust shall have no liability to pay that barred Asbestos PD Claim and (b) neither (i) Grace, (ii) any of the Sealed Air Indemnified Parties, (iii) any of the Fresenius Indemnified Parties, nor (iv) any other Asbestos Protected Party, solely in its capacity as an Asbestos Protected Party and in no other such capacity, shall have any liability on account of that barred Asbestos PD Claim; provided, however, that Grace shall, consistent with the Case Management Order for Class 7A Asbestos PD Claims and the Asbestos PD Trust Agreement, be responsible to the Asbestos PD Trust for all reasonable costs, including, but not limited to, attorneys' fees, which may be incurred by the Asbestos PD Trust with respect to that barred Asbestos PD Claim.

C. **Litigation of a Class 7A Asbestos PD Claim following resolution of a Class 7A Asbestos PD Claim Discharge Motion:**

1. In the event: (i) Grace fails to timely file on behalf of the Asbestos PD Trust an Asbestos PD Claim Discharge Motion; or (ii) a final order is entered with respect to an Asbestos PD Claim Discharge Motion finding that the Class 7A Asbestos PD Claim is not barred by the discharge pursuant to the Plan or the March 2003 Bar Date or otherwise permits the claim to go forward, the Class 7A Claimant holding such Class 7A Asbestos PD Claim shall be permitted to prosecute such claim against the Asbestos PD Trust in, but only in, the United States District Court for the District of Delaware or such other United States District Court that has jurisdiction over the action commenced with respect to such claim.

2. For the avoidance of doubt, in any litigation commenced pursuant to this Section II.C, all applicable Federal statutes, Federal Rules of Civil Procedure, Federal Rules of Evidence and applicable Federal local court rules shall apply.

3. To the extent set forth in the Asbestos PD Trust Agreement and the Plan, Grace shall be authorized to represent the Asbestos PD Trust in such litigation and shall have sole discretion in the prosecution of such defense.

4. The Asbestos PD Trust shall pay in Cash the Allowed Amount of such Asbestos PD Claim.

**ORDERED** this ___ day of _____, 2010

                                       _____
                                       Honorable Judith K. Fitzgerald
                                       United States Bankruptcy Judge

EXHIBIT A TO EXHIBIT 25 OF EXHIBIT BOOK

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |
| | ) | |

## AMENDED ORDER SETTING VARIOUS DEADLINES REGARDING ASBESTOS PROPERTY DAMAGE CLAIMS

On October 13, 2006, the Court entered a revised Scheduling Order (Docket No. 13406) to adjudicate Debtors' 15th Omnibus Objections (Substantive) to the nearly 4000 Asbestos Property Damage Claims that had been filed against Debtors in these proceedings. Most of those Asbestos Property Damage Claims have since been resolved. Of the nearly 4000 Asbestos Property Damage Claims initially filed, there remain 73 Asbestos Property Damage Claims that, as of this date, have not been resolved. A list of the unresolved Asbestos Property Damage Claims is attached to this Order as Exhibit A. With respect to these Asbestos Property Damage Claims, the Court hereby enters this revised Scheduling Order.

WHEREFORE, IT IS HEREBY ORDERED THAT:

1.     On or about February 16, 2007, Debtors filed (a) Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight (88) Time-Barred Canadian Asbestos Property Damage Claims (Docket No. 14597), which covers what now amount to 54 of the 55 Asbestos Property Damage claims for properties located in Canada that are listed on Exhibit A hereto (the "Canadian Claims") and (b) Debtors' Motion and Memorandum for an Order Pursuant to Fed R. Bankr. P. 7056 Disallowing and Expunging One Hundred and Nine (109) California Asbestos Property Damage Claims Barred by the Statute of Limitations (Docket No. 14594), which covers sixteen Asbestos Property Damage claims filed

by the State of California, Department of General Services listed on Exhibit A (the "California Claims").[1]

## A.    55 Canadian Claims

2.      Any of the (i) 35 Canadian Claims that are subject to a successful appeal of the Bankruptcy Court's April 14, 2009 Order granting summary judgment to the Debtors, and (ii) remaining 20 Canadian Claims on Exhibit A that are not resolved by settlement or dismissed by motion shall be scheduled for trial on Debtors' limitation period objections on _____, **2010 commencing at 9:00 a.m. Eastern time, in Pittsburgh, Pennsylvania, or as soon thereafter as possible.** The pretrial schedule for the limitation period trial is set forth on Exhibit B to this Order.

3.      Any claims that are not disallowed or expunged as a result of the foregoing limitations period trial shall be set for trial on Debtors' lack of hazard objection **on** _____, **2010, commencing at 9:00 a.m. Eastern time, in Pittsburgh, Pennsylvania, or as soon thereafter as possible.** Debtors' lack of hazard objection to the individual claim filed by Anderson Memorial Hospital (Claim No. 11008) shall also be tried at that time. The pretrial schedule for the lack of hazard trial is set forth on Exhibit B to this Order.

4.      Motions for summary judgment or to dismiss regarding lack of hazard may be filed by any party at any time **prior to 4:00 p.m., Eastern time, on** _____, 2010. Responses must be filed **no later than 4:00 p.m., Eastern time, on** _____, 2010. Replies must be filed **no later than 4:00 p.m. Eastern time, on** _____, 2010. Any

---

[1]      On October 10, 2008, this Court entered a Memorandum Opinion [Dkt. No. 19727] and Order [Dkt. No. 19728] expunging the 16 California Claims as time barred. On April 14, 2009, this Court entered an Order [Dkt. No. 21270] expunging 35 of the Canadian Claims on the basis of various Canadian ultimate limitations periods. Appeals were filed with respect to both Orders.

summary judgment motions or motions to dismiss that are filed shall be heard by the Court **at the Omnibus Hearing on _____, 2010, or as soon thereafter as possible.**

5.      Any of the foregoing claims that have not been disallowed or expunged after the Court rules on Debtors' lack of hazard objections shall be set for a trial on damages **on _____, 2010, commencing at 9:00 a.m. Eastern time, in Pittsburgh, Pennsylvania, or as soon as possible.** The pretrial schedule for the damages trial is set forth on Exhibit B to this Order.

## B.      Sheldon H. Solow Claim

6.      With respect to the claim filed on behalf of Sheldon H. Solow (Claim No. 7020), the Court hereby lifts the stay so that the parties may proceed with the pre-petition appeal that was filed in the New York Supreme Court, Appellate Division—First Department.

## C.      The California Claims

7.      With respect to any of the California Claims that are subject to a successful appeal of the Bankruptcy Court's October 10, 2008 Order granting summary judgment to Debtors, Debtors reserve their rights to seek discovery and/or hearing on the limitations period issue and the State of California, Department of General Services, reserves its rights to object to discovery and/or hearing on the limitations period issue on remand. The State of California, Department of General Services, also reserves its rights to seek to file a motion for summary judgment on the limitations period issue, and the Debtors reserve their rights to oppose the filing.

8.      Any of the California Claims that are not disallowed or expunged based on the limitations period issue shall be set for trial on Debtors' lack of hazard objection on **_____, 2010, commencing at 9:00 a.m. Eastern time, in Pittsburgh, Pennsylvania, or as soon thereafter as possible.** The pretrial schedule for the lack of hazard trial is set forth on Exhibit C to this Order.

3

9.      Motions for summary judgment or to dismiss regarding lack of hazard may be filed by any party at any time **prior to 4:00 p.m., Eastern time, on** _____**, 2010.** Responses must be filed **no later than 4:00 p.m., Eastern time, on** _____**, 2010.** Replies must be filed **no later than 4:00 p.m., Eastern time on** _____**, 2010.** Any summary judgment motion or motions to dismiss that are filed shall be heard by the Court **at the Omnibus Hearing on** _____**, 2010, or as soon thereafter as possible.**

10.     Any of the California Claims that have not been disallowed or expunged after the Court rules on Debtors' lack of hazard objections shall be set for trial on damages on _____, **2010, commencing at 9:00 a.m., Eastern time, in Pittsburgh, Pennsylvania, or as soon thereafter as possible.** The pretrial schedule for the damages trial for the California Claims is set forth on Exhibit C to this Order.

## D.      <u>Miscellaneous</u>

11.     This Order supersedes any and all other scheduling orders previously entered by this Court regarding Asbestos Property Damage Claims.

12.     Except with respect to the Solow claim, as discussed in Paragraph 6 above, the Court shall retain jurisdiction over the Asbestos Property Damage Claims listed on Exhibit A of this Order to adjudicate the merits of Debtors' objections to those claims and damages, if any, resulting from those claims after confirmation of a Plan of Reorganization in these proceedings.

13.     Within ten (10) days of entry of this Order, the Debtors will serve this Amended Order on counsel for all claimants listed on Exhibit A to this Order.

Dated: _____, 2010

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

K&E 14306067.5

# EXHIBIT A TO AMENDED ORDER SETTING VARIOUS DEADLINES REGARDING OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS

| Claimant | Claim No. | Counsel | Firm Name | Building Address | State/Province |
|----------|-----------|---------|-----------|------------------|----------------|
| Sheldon H Solow, Solow Development Corp., et al. | 007020 | Edward J Westbrook | Richardson Patrick Westbrook & Brickman LLC | 9 West 57th Street New York, NY 10019 | NY |
| Anderson Memorial Hospital | 011008 | Daniel A Speights | Speights & Runyan | 800 North Fant Anderson, SC 29261 | SC |
| Hamilton District School Board | 011322 | Daniel A Speights | Speights & Runyan | 25 High Street Hamilton, ON L8t3z4 | ON (Canada) |
| Hamilton District School Board | 011323 | Daniel A Speights | Speights & Runyan | 1055 King Street West Hamilton, ON L8m1e2 | ON (Canada) |
| 354401 Alberta LTD. C/O Redcliff Realty Management Inc. | 011620 | Daniel A Speights | Speights & Runyan | 287 Broadway Winnipeg, MB R3c0r9 | MB (Canada) |
| School District 68 Nanaimo-Ladysmith | 011627 | Daniel A Speights | Speights & Runyan | 3955 Wakesiah Ave Nanaimo, BC V9r3k5 | BC (Canada) |
| School District 68 Nanaimo-Ladysmith | 011632 | Daniel A Speights | Speights & Runyan | 1270 Strathmore Street Nanaimo, BC V9s2i9 | BC (Canada) |
| Hamilton District School Board | 011678 | Daniel A Speights | Speights & Runyan | 25 Hummingbird Lane Hamilton ON L9a4b1 | ON (Canada) |
| Hamilton District School Board | 011680 | Daniel A Speights | Speights & Runyan | 105 High Street Hamilton, ON L8t3z4 | ON (Canada) |
| Hamilton District School Board | 011681 | Daniel A Speights | Speights & Runyan | 145 Magnolia Drive Hamilton, ON L9c5p4 | ON (Canada) |
| Hamilton District School Board | 011682 | Daniel A Speights | Speights & Runyan | 130 York Boulevard Hamilton, ON L8r1y5 | ON (Canada) |
| Hamilton District School Board | 011684 | Daniel A Speights | Speights & Runyan | 60 Rolston Drive Hamilton, ON L9c3x7 | ON (Canada) |

| | | | | | |
|---|---|---|---|---|---|
| Toronto District School Board | 012304 | Daniel A Speights | Speights & Runyan | 23 Ferndale Avenue Toronto, ON M4t2b4 | ON (Canada) |
| City Of Vancouver | 012346 | Daniel A Speights | Speights & Runyan | 700 Georgia Street Vancouver, BC | BC (Canada) |
| Mc Master University | 012368 | Daniel A Speights | Speights & Runyan | 1280 Main Street West Hamilton, ON L8s4m3 | ON (Canada) |
| Edmonton Public Schools | 012377 | Daniel A Speights | Speights & Runyan | 12126 89 Street Edmonton, AB T5b3w4 | AB (Canada) |
| Edmonton Public Schools | 012388 | Daniel A Speights | Speights & Runyan | - 6415 106 Street Edmonton, AB T6h2v5 | AB (Canada) |
| Edmonton Public Schools | 012394 | Daniel A Speights | Speights & Runyan | 8205 90 Avenue Edmonton, AB T6c1n8 | AB (Canada) |
| Fairmall Leasehold Inc | 012396 | Daniel A Speights | Speights & Runyan | 1800 Sheppard Ave E, Ste330 P.O. Box 330 Willowdale, ON M2j5a7 | ON (Canada) |
| Calgary Board Of Education | 012410 | Daniel A Speights | Speights & Runyan | 1233 21st Street Nw Calgary, AB T2n2l8 | AB (Canada) |
| Calgary Board Of Education | 012412 | Daniel A Speights | Speights & Runyan | 640 Northmount Dr Nw Calgary, AB T2k3j5 | AB (Canada) |
| Oxford Properties Group | 012421 | Daniel A Speights | Speights & Runyan | 10025-102 Avenue Edmonton, AB T5j2z1 | AB (Canada) |
| Oxford Properties Group | 012422 | Daniel A Speights | Speights & Runyan | Between 100/101/102 & 102a St Edmonton, AB T5j2y8 | AB (Canada) |
| Oxford Properties Group | 012423 | Daniel A Speights | Speights & Runyan | 10088-102 Avenue Edmonton, AB T5j2z1 | AB (Canada) |
| Morguard Investments Limited | 012427 | Daniel A Speights | Speights & Runyan | 55 City Centre Drive Mississauga, ON L5b1m3 | ON (Canada) |
| Calgary Board Of Education | 012438 | Daniel A Speights | Speights & Runyan | 939 45th St Sw Calgary, AB T3c2b9 | AB (Canada) |
| Calgary Board Of Education | 012439 | Daniel A Speights | Speights & Runyan | 2519 Richmond Road Sw Calgary, AB T3e4m2 | AB (Canada) |

| | | | | | |
|---|---|---|---|---|---|
| Calgary Board Of Education | 012442 | Daniel A Speights | Speights & Runyan | 120 45th Street Sw Calgary, AB  T3c2b3 | AB (Canada) |
| Calgary Board Of Education | 012443 | Daniel A Speights | Speights & Runyan | 3009 Morley Trail Nw Calgary, AB  T2m4g9 | AB (Canada) |
| Calgary Board Of Education | 012454 | Daniel A Speights | Speights & Runyan | 4004-4th St. Nw Calgary, AB T2k1a1 | AB (Canada) |
| Calgary Board Of Education | 012457 | Daniel A Speights | Speights & Runyan | 7430 5th Street Sw Calgary, AB  T2v1b1 | AB (Canada) |
| City Of Vancouver | 012476 | Daniel A Speights | Speights & Runyan | 649-695 Cambie Vancouver, BC | BC (Canada) |
| City Of Edmonton | 012489 | Daniel A Speights | Speights & Runyan | 9803 102a Avenue Edmonton, AB T5j3a3 | AB (Canada) |
| Atlantic Shopping Centres LTD | 012490 | Daniel A Speights | Speights & Runyan | 2000 Barrington Street Halifax, NS B3j3k1 | NS (Canada) |
| Avalon East School Board | 012491 | Daniel A Speights | Speights & Runyan | 391 Topsail Road St John's, NL A1e2b7 | NL (Canada) |
| Health Care Corporation Of St.John's | 012493 | Daniel A Speights | Speights & Runyan | 300 Prince Philip Drive St John' NL A1b3v6 | NL (Canada) |
| Edmonton Public Schools | 012496 | Daniel A Speights | Speights & Runyan | 11515 113 Avenue Edmonton, AB T5g0j3 | AB (Canada) |
| Edmonton Public Schools | 012498 | Daniel A Speights | Speights & Runyan | 7730 106 Street Edmonton, AB T6g0x4 | AB (Canada) |
| Edmonton Public Schools | 012500 | Daniel A Speights | Speights & Runyan | 9750 74 Avenue Edmonton, AB T6j1t4 | AB (Canada) |
| Edmonton Public Schools | 012501 | Daniel A Speights | Speights & Runyan | 13546 111 Avenue Edmonton, AB T5m2p2 | AB (Canada) |
| Edmonton Public Schools | 012503 | Daniel A Speights | Speights & Runyan | 12245 131 Street Edmonton, AB T5l1m8 | AB (Canada) |

| | | | | | |
|---|---|---|---|---|---|
| Great West Life – London Life | 012533 | Daniel A Speights | Speights & Runyan | 2001 University Street Montreal QC H3a2a6 | QC (Canada) |
| Great West Life | 012534 | Daniel A Speights | Speights & Runyan | 199 Bay Street, Commerce Court West Toronto, ON M5l1e2 | ON (Canada) |
| Canadian Imperial Bank Of Commerce | 012536 | Daniel A Speights | Speights & Runyan | 215 Water Street St John's, NL A1c6c9 | NL (Canada) |
| Edmonton Public Schools | 012537 | Daniel A Speights | Speights & Runyan | 14313 92 Street Edmonton, AB T5r3b3 | AB (Canada) |
| Edmonton Public Schools | 012541 | Daniel A Speights | Speights & Runyan | 5523 122 Avenue Edmonton, AB T5w1s3 | AB (Canada) |
| Edmonton Public Schools | 012542 | Daniel A Speights | Speights & Runyan | 6920 128 Avenue Edmonton, AB T5c1s7 | AB (Canada) |
| Edmonton Public Schools | 012546 | Daniel A Speights | Speights & Runyan | 10450 72 Avenue Edmonton, AB T6e0z6 | AB (Canada) |
| Edmonton Public Schools | 012548 | Daniel A Speights | Speights & Runyan | 10210 108 Avenue Edmonton, AB T5h1a8 | AB (Canada) |
| Edmonton Public Schools | 012549 | Daniel A Speights | Speights & Runyan | 13160 127 Street Edmonton, AB T5l1b2 | AB (Canada) |
| Edmonton Public Schools | 012554 | Daniel A Speights | Speights & Runyan | 13750 Woodcroft Avenue Edmonton, AB T5t5x9 | AB (Canada) |
| Edmonton Public Schools | 012557 | Daniel A Speights | Speights & Runyan | 11430 68 Street Edmonton, AB T5b1p1 | AB (Canada) |
| Calgary Board Of Education | 012570 | Daniel A Speights | Speights & Runyan | 220 16th Avenue Calgary, AB T2m0h4 | AB (Canada) |
| Edmonton Public Schools | 012576 | Daniel A Speights | Speights & Runyan | 15004 76 Street Edmonton, AB T6c1c2 | AB (Canada) |
| Calgary Board Of Education | 012590 | Daniel A Speights | Speights & Runyan | 728 32nd Street NW Calgary, AB T2n2v9 | AB (Canada) |
| Calgary Board Of Education | 012591 | Daniel A Speights | Speights & Runyan | 512 18th Street NW Calgary, AB T2n2g5 | AB (Canada) |
| Calgary Board Of Education | 014885 | Daniel A Speights | Speights & Runyan | 4506 16th Street SW Calgary, AB T2t4h9 | AB (Canada) |

| State of California, Department of General Services | 10648 | Steven J. Mandelsberg | Hahn & Hessen LLP | 28 Civic Center Plaza, Santa Ana, CA 92701 | CA |
|---|---|---|---|---|---|
| State of California, Department of General Services | 10649 | Steven J. Mandelsberg | Hahn & Hessen LLP | 1416 9th Street, Sacramento, CA 95814 | CA |
| State of California, Department of General Services | 10650 | Steven J. Mandelsberg | Hahn & Hessen LLP | 10333 El Camino Real, Atascadero, CA 93423 | CA |
| State of California, Department of General Services | 10651 | Steven J. Mandelsberg | Hahn & Hessen LLP | 1234 East Shaw Avenue, Fresno, CA 93710 | CA |
| State of California, Department of General Services | 10652 | Steven J. Mandelsberg | Hahn & Hessen LLP | 714 P Street, Sacramento, CA 95814 | CA |
| State of California, Department of General Services | 10653 | Steven J. Mandelsberg | Hahn & Hessen LLP | 7650 South Newcastle Road, Stockton, CA 95213 | CA |
| State of California, Department of General Services | 10654 | Steven J. Mandelsberg | Hahn & Hessen LLP | 2501 Harbor Blvd, Costa Mesa, CA 92626 | CA |
| State of California, Department of General Services | 10655 | Steven J. Mandelsberg | Hahn & Hessen LLP | 5100 O'Bynes Ferry Fd., Jamestown, CA 95327 | CA |
| State of California, Department of General Services | 10656 | Steven J. Mandelsberg | Hahn & Hessen LLP | End of Hwy 202 @ Cummings Valley, Tehachapi, CA 93561 | CA |
| State of California, Department of General Services | 10657 | Steven J. Mandelsberg | Hahn & Hessen LLP | 2501 Harbor Blvd, Costa Mesa, CA 92626 | CA |
| State of California, Department of General Services | 10658 | Steven J. Mandelsberg | Hahn & Hessen LLP | 3100 Wright Road, Camarillo, CA 93010 | CA |

| | | | | | |
|---|---|---|---|---|---|
| State of California, Department of General Services | 10659 | Steven J. Mandelsberg | Hahn & Hessen LLP | 1234 East Shaw Avenue, Fresno, CA 93710 | CA |
| State of California, Department of General Services | 10660 | Steven J. Mandelsberg | Hahn & Hessen LLP | End of Hwy 202 @ Cummings Valley, Tehachapi, CA 93561 | CA |
| State of California, Department of General Services | 10661 | Steven J. Mandelsberg | Hahn & Hessen LLP | 31 East Channel Street, Stockton, CA 95202 | CA |
| State of California, Department of General Services | 10662 | Steven J. Mandelsberg | Hahn & Hessen LLP | 744 P Street, Sacramento, CA 95814 | CA |
| State of California, Department of General Services | 14411 | Steven J. Mandelsberg | Hahn & Hessen LLP | 7650 S. Newcastle Road, Stockton, CA 95213 | CA |

**EXHIBIT B TO AMENDED ORDER SETTING VARIOUS DEADLINES REGARDING OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS OTHER THAN THE CLAIMS FILED BY THE STATE OF CALIFORNIA, DEPARTMENT OF GENERAL SERVICES**

| | **Dates** |
|---|---|
| **I. Schedule for Limitations Period Hearing** | |
| A. Non-expert discovery may commence upon the entry of this Order. | |
| B. Last day for depositions of witnesses. | |
| C. Final witness lists due. | |
| D. Pre-trial conference | |
| E. Trial briefs and trial exhibits due. | |
| F. Limitations period Hearing | |
| **II. Schedule for Lack of Hazard Hearing** | **Dates** |
| A. Non-expert discovery may commence upon the entry of this Order. | |
| B. Designation of fact and expert witnesses and submission of expert reports addressing the lack of hazard issues by parties who did not previously submit expert reports on lack of hazard any any party who has obtained leave of court to file any such report. | |
| C. Debtors' additional rebuttal expert reports on the lack of hazard issue and identification of rebuttal fact witness testimony with respect to any new matters raised by the additional experts and reports filed as outlined in II.B above. | |
| D. Depositions of any expert witnesses who submits an expert report per II.B above. | |
| E. Last day to file Motions for Summary Judgment on lack of hazard issue. | |
| F. Conclusion of all discovery on lack of hazard issue. | |
| G. Responses to Summary Judgment Motions due. | |
| H. Final fact witness/expert witness list due, including identification of expert witnesses by issues on which experts shall opine, exhibit lists, and deposition designations | |
| I. Preliminary pre-trial conference | |

| | Dates |
|---|---|
| J. Replies to Motions for Summary Judgment due. | |
| K. Pre-trial motions, including motions in limine | |
|     1. Opening papers due | |
|     2. Response papers due | |
|     3. Replies due | |
|     4. Hearing on Pre-trial motions (if any) | |
| L. Hearing on Motions for Summary Judgment | |
| M. Trial briefs and trial exhibits due. | |
| N. Final pre-trial conference. | |
| O. Trial on lack of hazard issue. | |

| **III. Schedule for Damages Hearing** | **Dates** |
|---|---|
| A. Non-expert discovery may commence upon the entry of this Order. | |
| B. Preliminary designation of fact witnesses and subject matter on which such witnesses are expected to testify or types of experts who are expected to testify and the nature of their expertise. | |
| C. Supplemental identification of additional witnesses based on the disclosures outlined in III.B above | |
| D. All parties to submit any expert reports on damages | |
| E. Parties to submit rebuttal expert reports on damages | |
| F. Depositions of expert and non-expert witnesses related to damages may begin. | |
| G. Preliminary pre-trial conference on damages. | |
| H. Conclusion of all discovery on damages | |
| I. Final fact witness/expert witness lists due, including identification of expert witnesses by issues on which expert shall opine, exhibit lists, and deposition designations. | |
| J. Pretrial motions, including motions in limine | |
|     1. Opening papers due | |

| | |
|---|---|
| 2. Response papers due | |
| 3. Replies due | |
| 4. Hearing on Pre-trial motions (if any) | |
| K. Trial briefs and trial exhibits due. | |
| L. Final pre-trial conference | |
| M. Trial on Damages | |

**EXHIBIT C TO AMENDED ORDER SETTING VARIOUS DEADLINES REGARDING OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS FILED BY THE STATE OF CALIFORNIA, DEPARTMENT OF GENERAL SERVICES**

| | Dates |
|---|---|
| **I.  Schedule for Limitations Period Hearing** | |
| A.  Non-expert discovery may commence upon the entry of this Order. | |
| B.  Last day for depositions of witnesses. | |
| C.  Final witness lists due. | |
| D.  Pre-trial conference | |
| E.  Trial briefs and trial exhibits due. | |
| F.  Limitations period Hearing | |
| **II.  Schedule for Lack of Hazard Hearing** | Dates |
| A.  Non-expert discovery may commence upon the entry of this Order. | |
| B.  Designation of fact and expert witnesses and submission of expert reports addressing the lack of hazard issues by parties who did not previously submit expert reports on lack of hazard any any party who has obtained leave of court to file any such report. | |
| C.  Debtors' additional rebuttal expert reports on the lack of hazard issue and identification of rebuttal fact witness testimony with respect to any new matters raised by the additional experts and reports filed as outlined in II.B above. | |
| D.  Depositions of any expert witnesses who submits an expert report per II.B above. | |
| E.  Last day to file Motions for Summary Judgment on lack of hazard issue. | |
| F.  Conclusion of all discovery on lack of hazard issue. | |
| G.  Responses to Summary Judgment Motions due. | |
| H.  Final fact witness/expert witness list due, including identification of expert witnesses by issues on which experts shall opine, exhibit lists, and deposition designations | |
| I.  Preliminary pre-trial conference | |
| J.  Replies to Motions for Summary Judgment due. | |

| | Dates |
|---|---|
| K. Pre-trial motions, including motions *in limine* | |
|    1.  Opening papers due | |
|    2.  Response papers due | |
|    3.  Replies due | |
|    4.  Hearing on Pre-trial motions (if any) | |
| L. Hearing on Motions for Summary Judgment | |
| M. Trial briefs and trial exhibits due. | |
| N. Final pre-trial conference. | |
| O. Trial on lack of hazard issue. | |
| **III. Schedule for Damages Hearing** | **Dates** |
| A. Non-expert discovery may commence upon the entry of this Order. | |
| B. Preliminary designation of fact witnesses and subject matter on which such witnesses are expected to testify or types of experts who are expected to testify and the nature of their expertise. | |
| C. Supplemental identification of additional witnesses based on the disclosures outlined in III.B above | |
| D. All parties to submit any expert reports on damages | |
| E. Parties to submit rebuttal expert reports on damages | |
| F. Depositions of expert and non-expert witnesses related to damages may begin. | |
| G. Preliminary pre-trial conference on damages. | |
| H. Conclusion of all discovery on damages | |
| I. Final fact witness/expert witness lists due, including identification of expert witnesses by issues on which expert shall opine, exhibit lists, and deposition designations. | |
| J. Pretrial motions, including motions *in limine* | |
|    1.  Opening papers due | |
|    2.  Response papers due | |

| | |
|---|---|
| 3. Replies due | |
| 4. Hearing on Pre-trial motions (if any) | |
| K. Trial briefs and trial exhibits due. | |
| L. Final pre-trial conference | |
| M. Trial on Damages | |