## EXHIBIT A

**Form of Stipulation Resolving Claim of Standard Chain Company, Estate of Donald James and Estate of Frederick Brown  (Claim No. 6080) (the "Stipulation"), dated as of November 9, 2009**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### STIPULATION RESOLVING CLAIM OF STANDARD CHAIN COMPANY, ESTATE OF DONALD JAMES AND ESTATE OF FREDERICK BROWN

This stipulation ("Stipulation") is entered into this *9th* day of *November*, 2009, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and Standard Chain Company, Estate of Donald James and Estate of Frederick Brown (collectively, "Claimants").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS**, on April 22, 2002, the Bankruptcy Court issued its *Order as to all Non-asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving Notice Program* (the "Bar Date Order"), which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims. [Docket No. 1963].

**WHEREAS**, on March 26, 2003 Claimants filed a proof of claim against the Debtors (the "Claim") with respect to environmental conditions at, on, or associated with the property located at 380 South Street, Plainville, Massachusetts, also known as the Microwave Specialties Site (the "Site"), described as follows:

| Claim No. | Asserted Amount | Asserted Priority | Asserted Basis for Claim |
|---|---|---|---|
| 6080 | $263,133 | Unsecured, Non-Priority | Environmental Liability |

**WHEREAS**, the Debtors and Claimants (as duly authorized agent for Chomerics, Inc.) have entered into that certain Environmental Monitoring and Real Estate Tax Trust Agreement dated January 1994;

**WHEREAS**, the Debtors and Claimants have agreed to settle the Claim on the terms and conditions set forth herein, in particular, resolving Claim No. 6080 for $57,700.

**NOW, THEREFORE**, after a thorough review of Claim No. 6080, discussion and negotiations, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1.      Claim No. 6080 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $57,700. Claimants shall not be entitled to pre-petition or post-petition interest on the Claim with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors (the

"Plan"). The Claim shall be paid in the same manner as all other similarly situated Allowed General Unsecured Claims pursuant to the Plan (except with respect to the payment of interest as described above).

2.    Upon approval of this Stipulation by the Bankruptcy Court, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that the Claim shall be allowed as outlined herein.

3.    Claimants agree that they are forever barred, estopped, and enjoined from asserting any additional claims against the Debtors with respect to any costs relating to the Site other than enforcement of the obligations of the Debtors set forth in this Stipulation, and further agree that any and all liabilities and obligations for the Site that have been or ever could be asserted by the Claimants against Debtors are discharged and fully and finally satisfied by the allowed claim provided for herein.

4.    The parties shall take whatever additional action, if any, is necessary to make sure that the Claim is allowed as outlined herein.

5.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

6.    This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to the matters set forth herein.

7.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all

matters relating thereto.


Standard Chain Company

By: _____

Name: _____

Title: _____

Date: _____

W. R. Grace & Co., *et al.*
("Debtors")

By: _____

Name: William M. Corcoran
Vice President
Public and Regulatory Affairs

Date: _____11/18/09_____


Executor for
Estate of Donald James

By: _____Donald K. James_____

Name: _____DONALD K. M. JAMES_____

Title: _____Executor_____

Date: _____11/4/09_____


Executors for
Estate of Frederick Brown

By: _____

Name: _____

Title: _____Co - Executor_____

Date: _____11-5-09_____


By: _____

Name: _____Frederick C Brown_____

Title: _____Co - Executor_____

Date: _____11/5/09_____

Standard Chain Company

By:

Name:    Gregory S. Smith

Title:    President

Date:    12/3/05