IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date:** May 3, 2010 |
| | ) | **Objection Deadline:** April 16, 2010 |
| | ) | **Agenda No.** ___10___ |

RE: 24527

**ORDER PURSUANT TO SECTIONS 105, 363, 1107 AND 1108 OF
THE BANKRUPTCY CODE AND RULES 2002, 6004, 9014 AND 9019 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING
THE SETTLEMENT AGREEMENT BETWEEN W.R. GRACE & CO. AND
EMPLOYERS MUTUAL CASUALTY COMPANY AND THE MMO PARTIES**

This matter having come before the Court on the Debtors' Motion (the "Motion") for an

Order Approving the Settlement Agreement ("Agreement") by and between W. R. Grace & Co.,

on its own behalf and on behalf of the Grace Parties (collectively, "Grace"), and Employers

Mutual Casualty Company ("EMC"), Mutual Marine Office, Inc., Pacific Mutual Marine Office,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Inc., and Mutual Marine Office of the Midwest (collectively, the "MMO Parties") (the "Motion"), and the Court having considered the Motion, the Court hereby finds that:

a.  the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

b.  this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

c.  notice of the Motion was adequate under the circumstances;

d.  the compromise and settlement memorialized in the Agreement are the product of arm's-length, good faith negotiations by and between W. R. Grace & Co., on its own behalf and on behalf of the Grace Parties (as defined in the Agreement), and EMC and the MMO Parties, and are not the product of fraud or collusion; and the settlement meets the standard established by the United States Court of Appeals for the Third Circuit for approval of settlements, which requires consideration of the following factors: (1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and related expense and inconvenience; and (4) the interests of the creditors. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also Fry's Metals, Inc. v. Gibbons (In re RFE Industries, Inc.)*, 283 F.3d 159, 165 (3d Cir. 2002);

e.  the consideration to be paid by Mutual Marine Office, Inc. under the Agreement is fair and reasonable and constitutes reasonably equivalent value;

f.  the relief requested in the Motion is in the best interests of the bankruptcy estate; and

g.  the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

NOW, THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A), 363, 1107 AND 1108, AND RULES 2002, 6004, 9014 AND 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED.

2.  For the reasons set forth herein, all objections to the Motion and the relief requested therein and/or granted in this Order that have not been withdrawn, waived or settled,

and all reservations of rights included in such objections are overruled on the merits.  By this
Order, however, the Court is not deciding at this time whether a Bankruptcy Code Section 524(g)
injunction should be issued with respect to EMC or Mutual Marine Office, Inc.  Questions
relating to Section 524(g) are reserved for the Bankruptcy Court's ruling on plan confirmation.

3.    The Agreement, a copy of which is attached to the Motion as Exhibit A, is
approved in its entirety.

4.    The Debtors shall be, and hereby are, authorized to enter into the Agreement, and
are authorized to execute, deliver, implement and fully perform any and all obligations, to
execute any instruments, documents and papers and to take any and all actions reasonably
necessary or appropriate to consummate the Agreement and perform any and all obligations
contemplated therein, including designating the Agreement as an Asbestos Insurance Settlement
Agreement, and (a) EMC, and (b) Mutual Marine Office, Inc., in its capacity as managing
general agent and attorney-in-fact for EMC, to the fullest extent, but only to the extent, that
Mutual Marine Office, Inc. is eligible for protection under Bankruptcy Code Section 524(g), as
Settled Asbestos Insurance Companies, with respect to the Subject Insurance Policies on Exhibit
5 of the Exhibit Book to the First Amended Joint Plan of Reorganization.  If such a plan is
confirmed, following the plan Effective Date, the Asbestos PI Trust, upon its creation, will be
bound to the terms of the Agreement as if it were a signatory to the Agreement as of its
Execution Date.

5.    This Order shall be effective and enforceable immediately upon entry and its
provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 6004(h).

6.     This Court shall retain jurisdiction to interpret, implement and enforce the provisions of this Order subject to the terms of the Agreement.

Dated: April 27, 2010

*Judith K. Fitzgerald*

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge    SJS

4