**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | Case No. 01-01139 (JKF) |
| W. R. GRACE and CO., *et al.*[1], | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Objection Deadline:  May 17, 2010 |
| | : | Hearing Date:  June 7, 2010 at 10:30 a.m. |

**FEE DETAIL FOR DAY PITNEY LLP'S**
**THIRTY-FIFTH QUARTERLY APPLICATION FOR THE PERIOD**
**FROM OCTOBER 1, 2009 THROUGH DECEMBER 31, 2009**

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace and Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace and Co.-Conn., A-1 Bit and Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., EandC Liquidating Corp., Emerson and Cuming, Inc.), Southern Oil, Resin and Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| W. R. GRACE & CO., et al.,[1] | ) ) ) | Case No. 01-01139 (JJF) (Jointly Administered) |
| Debtors. | ) | |

ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF PITNEY, HARDIN, KIPP & SZUCH LLP
AS SPECIAL COUNSEL TO THE DEBTORS

Upon the application (the "Application") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seeking entry of an order under sections 327(e) and 328(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the Debtors to employ and retain Pitney, Hardin, Kipp & Szuch LLP ("PHKS") as special counsel for the Debtors with respect to the specified matters set forth in the Application; and upon the Affidavit of Anthony J. Marchetta submitted in support of the Application; and it appearing that the relief requested is in the best interest of the Debtors' estates and their creditors and other parties in interest; and it appearing that this is a core matter under 28 U.S.C. § 157; and

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

it appearing that PHKS does not represent any interest adverse to the Debtors or their estates with respect to the matters on which PHKS is to be employed, and meets all requirements for retention set forth in the Bankruptcy Code; and it appearing that the terms and conditions of PHKS's employment as further described in the Application are reasonable; and adequate notice having been given of the Application; and good and sufficient cause existing to grant the Application;

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the Application is GRANTED; and it is further

ORDERED that, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the retention and employment of PHKS as special counsel to the Debtors for the purposes set forth in the Application is hereby approved, nunc pro tunc to the petition date of the above-captioned proceedings; and it is further

ORDERED that PHKS shall be compensated under sections 330 and 331 of the Bankruptcy Code and any further or other Orders of this Court concerning compensation of professionals in these cases, and in accordance with the terms set forth in the Application and the Affidavit of Anthony J. Marchetta in support of the Application, and shall be reimbursed for all allowed necessary, actual and reasonable expenses; and it is further

ORDERED that the allowed fees and expenses of PHKS shall be an administrative expense of the Debtors' estates; and it is further.

ORDERED that this Order shall become effective immediately upon its entry; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: May 30, 2001

JUDGE

# EXHIBIT B

## EXHIBIT B

### FEES FOR THE FEE PERIOD OCTOBER 1, 2009 THROUGH DECEMBER 31, 2009[2]

#### FEES FOR THE PERIOD
#### OCTOBER 1, 2009 THROUGH OCTOBER 31, 2009

Client: 482910 W.R. GRACE & CO.
Matter: 114715 NJDEP V. W.R. GRACE ET AL.

| | | | |
|---|---|---|---|
| 10/01/09 | Follow up on call from Judge Bongiovanni and review information on settlement documents | | |
| 3 | A. Marchetta | 0.3 | 192.00 |
| 10/01/09 | Telephone call from Magistrate Judge Bongiovanni and follow up re same | | |
| 3 | B. Moffitt | 0.8 | 320.00 |
| 10/02/09 | Telephone call to Judge Bongiovanni and follow up with B. Moffitt regarding information to client | | |
| 3 | A. Marchetta | 0.5 | 320.00 |
| 10/02/09 | Follow up re telephone call from Magistrate Judge Bongiovanni | | |
| 3 | B. Moffitt | 0.3 | 120.00 |
| 10/02/09 | Finalize draft of settlement papers and forward to all counsel | | |
| 3 | B. Moffitt | 0.8 | 320.00 |
| 10/07/09 | E-mails and follow-up with B. Moffitt regarding revisions to settlement agreement | | |
| 14 | A. Marchetta | 0.8 | 512.00 |
| 10/07/09 | Telephone call with DAGs Dickinson and Engel re NJDEP's comments on settlement papers and follow up with A. Marchetta re same | | |
| 3 | B. Moffitt | 0.6 | 240.00 |
| 10/07/09 | Draft e-mail re telephone call with DAGs Dickinson and Engel re NJDEP's comments on settlement papers and follow up with A. Marchetta re same | | |
| 3 | B. Moffitt | 0.5 | 200.00 |
| 10/08/09 | Telephone conferences and e-mails regarding the communications concerning the form of the settlement agreement and the issues as to the client and counsel regarding same | | |

---

[2] Legend for Day Pitney LLP's fees:
3 = Litigation, category 15
18 = Fee Application (Applicant), category 11
14 = Case Administration, category 4

2

| | | | |
|---|---|---|---|
| 14 | A. Marchetta | 0.7 | 448.00 |

10/08/09 Review e-mails and work with A. Marchetta re follow up to telephone call with DAGs Dickinson and Engel re NJDEP's comments on settlement papers

| | | | |
|---|---|---|---|
| 3 | B. Moffitt | 0.3 | 120.00 |

10/09/09 E-mails and follow-up regarding revisions to form of motion on settlement

| | | | |
|---|---|---|---|
| 14 | A. Marchetta | 0.6 | 384.00 |

10/09/09 Continued preparation of settlement papers and e-mail to NJDEP counsel re same; work with A. Marchetta re same

| | | | |
|---|---|---|---|
| 3 | B. Moffitt | 2.4 | 960.00 |

10/10/09 E-mails with mediator regarding status and follow-up with B. Moffitt on same

| | | | |
|---|---|---|---|
| 14 | A. Marchetta | 0.4 | 256.00 |

10/12/09 Telephone calls, e-mails and conference calls with co-counsel and follow-up with client regarding release issues

| | | | |
|---|---|---|---|
| 14 | A. Marchetta | 2.0 | 1,280.00 |

10/12/09 Address correspondence and issues related to proposed release and scope of language concerning NJ and NJDEP

| | | | |
|---|---|---|---|
| 14 | W. Hatfield | 0.4 | 166.00 |

10/12/09 Work with A. Marchetta and W. Hatfield re continued preparation of settlement papers and e-mails and telephone calls to client and co-defendants' counsel re same

| | | | |
|---|---|---|---|
| 3 | B. Moffitt | 2.5 | 1,000.00 |

10/13/09 Work with B. Moffitt on changes to motion papers and co-counsel issues

| | | | |
|---|---|---|---|
| 14 | A. Marchetta | 1.0 | 640.00 |

10/13/09 Prepare memo to case team on state entities and release scope issues

| | | | |
|---|---|---|---|
| 14 | W. Hatfield | 0.4 | 166.00 |

10/13/09 Work with A. Marchetta re continued preparation of settlement papers and e-mails re same

| | | | |
|---|---|---|---|
| 3 | B. Moffitt | 1.0 | 400.00 |

10/14/09 Review stipulation and numerous e-mails on settlement of same

| | | | |
|---|---|---|---|
| 14 | A. Marchetta | 1.0 | 640.00 |

10/14/09 Work with A. Marchetta re continued preparation of settlement papers and drafting of proposed e-mail to NJDEP counsel

| | | | |
|---|---|---|---|
| 3 | B. Moffitt | 0.9 | 360.00 |

10/15/09
| 14 | Emails regarding stipulation<br>A. Marchetta | 0.3 | 192.00 |

10/16/09
Telephone conferences and e-mails regarding final court hearing action regarding stipulation; telephone conference with client regarding same
| 14 | A. Marchetta | 1.0 | 640.00 |

10/17/09
Follow-up with B. Moffitt regarding filing of stipulation
| 14 | A. Marchetta | 0.3 | 192.00 |

10/19/09
Work on stipulation and settlement papers with B. Moffitt
| 14 | A. Marchetta | 0.8 | 512.00 |

10/19/09
Work with A. Marchetta and co-counsel re continued preparation of settlement papers and communicate with all counsel re same
| 3 | B. Moffitt | 1.2 | 480.00 |

10/20/09
Follow up regarding stipulation filing and telephone call to mediator
| 3 | A. Marchetta | 0.6 | 384.00 |

10/21/09
E-mails and follow up regarding settlement and requirements regarding bankruptcy filings and e-mail with mediator; review regarding information for same
| 3 | A. Marchetta | 1.2 | 768.00 |

10/21/09
Follow up re motion re settlement and proof of claim issues and communicate with co-counsel and DAG Dickinson re same
| 3 | B. Moffitt | 0.4 | 160.00 |

10/22/09
E-mails and follow up with B. Moffitt regarding information for DEP regarding filing claim
| 3 | A. Marchetta | 0.6 | 384.00 |

10/22/09
Follow up re motion re settlement and proof of claim issues and communicate with co-counsel and DAG Dickinson re same
| 3 | B. Moffitt | 0.1 | 40.00 |

10/23/09
E-mails and follow up regarding State's claim and with mediator
| 3 | A. Marchetta | 0.7 | 448.00 |

10/23/09
Review e-mail and proof of claim from DAG Dickinson
| 3 | B. Moffitt | 0.1 | 40.00 |

Attorney Summary

| Timekeeper | Hours | Rate | Dollars |
|---|---|---|---|
| W. Hatfield | 0.80 | 415.00 | 332.00 |
| A. Marchetta | 12.80 | 640.00 | 8,192.00 |
| B. Moffitt | 11.90 | 400.00 | 4,760.00 |
| TOTAL: | 25.50 | | 13,284.00 |

## FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| A. Marchetta | 14 | 8.9 | | |
| | 3 | 3.9 | 640.00 | 8,192.00 |
| W. Hatfield | 14 | 0.8 | 415.00 | 332.00 |
| B. Moffitt | 3 | 11.9 | 400.00 | 4,760.00 |
| TOTAL: | | 25.5 | | 13,284.00 |

5

Client: 482910 W.R. GRACE & CO.
Matter: 095992 CHAPTER 11 ADMINISTRATION

| | | | |
|---|---|---|---|
| 10/27/09 | Review, revise and discuss with K. Begley DP's August 2009 Fee Application | | |
| 14 | S. Zuber | 0.3 | 148.50 |
| | | | |
| 10/27/09 | Draft August 2009 Fee Application Documents; review and respond to e-mails with S. Zuber regarding same | | |
| 18 | K. Begley | 1.3 | 325.00 |
| | | | |
| 10/28/09 | Review fee application and revise | | |
| 14 | A. Marchetta | 0.4 | 256.00 |
| | | | |
| 10/28/09 | Revise and finalize August 2009 Fee Application Documents; discuss same with A. Marchetta; draft e-mail to local counsel regarding filing of same | | |
| 18 | K. Begley | 0.6 | 150.00 |

Attorney Summary

| Timekeeper | Hours | Rate | Dollars | |
|---|---|---|---|---|
| A. Marchetta | 0.40 | 640.00 | | 256.00 |
| S. Zuber | 0.30 | 495.00 | | 148.50 |
| K. Begley | 1.90 | 250.00 | | 475.00 |
| | | | | |
| TOTAL: | 2.60 | | | 879.50 |

FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| K. Begley | 18 | 1.9 | 250.00 | 475.00 |
| A. Marchetta | 14 | 0.4 | 640.00 | 256.00 |
| S. Zuber | 14 | 0.3 | 495.00 | 148.50 |
| TOTAL: | | 2.6 | | 879.50 |

6

**FEES FOR THE PERIOD**
**NOVEMBER 1, 2009 THROUGH NOVEMBER 30, 2009**

Client: 482910 W.R. GRACE & CO.
Matter: 114715 NJDEP V. W.R. GRACE ET AL.

| | | | |
|---|---|---|---|
| 11/09/09<br>3 | E-mail from co-counsel and e-mail to mediator regarding status<br>A. Marchetta | 0.3 | 192.00 |
| 11/09/09<br>3 | Review e-mails re settlement motion status<br>B. Moffitt | 0.1 | 40.00 |
| 11/18/09<br><br><br><br>3 | Telephone calls, e-mails and follow up regarding Order approving settlement; telephone call from mediator regarding same; telephone call with B. Moffitt and follow up regarding apology letter issue and stipulation dismissing appeal<br>A. Marchetta | 0.7 | 448.00 |
| 11/18/09<br>3 | Review, respond and draft e-mails re entry of Order re settlement motion<br>B. Moffitt | 0.3 | 120.00 |
| 11/19/09<br><br>3 | Telephone calls and e-mails regarding order and approval of settlement; telephone calls and follow up with mediator and NJDEP regarding same<br>A. Marchetta | 0.9 | 576.00 |
| 11/19/09<br><br>3 | Review, respond and draft e-mails re entry of Order re settlement motion; work with A. Marchetta re same<br>B. Moffitt | 0.8 | 320.00 |
| 11/20/09<br><br>3 | Telephone calls and conference with B. Moffitt regarding call with mediator and stipulation<br>A. Marchetta | 0.4 | 256.00 |
| 11/20/09<br><br>3 | Work with A. Marchetta re call from Third Circuit Mediator and follow up re same<br>B. Moffitt | 0.3 | 120.00 |
| 11/23/09<br><br>3 | Conference with B. Moffitt and revise e-mail to DEP regarding closing documents<br>A. Marchetta | 0.5 | 320.00 |
| 11/23/09<br><br>3 | Follow up with DAG Dickinson re apology letter and work with A. Marchetta re same<br>B. Moffitt | 0.3 | 120.00 |

| 11/24/09 | Follow up with B. Moffitt regarding e-mails to DEP | | |
|---|---|---|---|
| 3 | A. Marchetta | 0.2 | 128.00 |

| 11/30/09 | E-mails with mediator and conference with B. Moffitt regarding same; work with B. Moffitt regarding apology letter and information to mediation | | |
|---|---|---|---|
| 3 | A. Marchetta | 1.1 | 704.00 |

| 11/30/09 | Address issues on draft document related to settlement with B. Moffit | | |
|---|---|---|---|
| 3 | W. Hatfield | 0.2 | 83.00 |

| 11/30/09 | Follow up re settlement Order and various e-mails with client, co-counsel, co-defendants' counsel and the Third Circuit Mediator re same | | |
|---|---|---|---|
| 3 | B. Moffitt | 0.9 | 360.00 |

Attorney Summary

| Timekeeper | Hours | Rate | Dollars |
|---|---|---|---|
| W. Hatfield | 0.20 | 415.00 | 83.00 |
| A. Marchetta | 4.10 | 640.00 | 2,624.00 |
| B. Moffitt | 2.70 | 400.00 | 1,080.00 |
| TOTALS: | 7.00 | | 3,787.00 |

FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| A. Marchetta | 3 | 4.1 | 640.00 | 2,624.00 |
| W. Hatfield | 3 | 0.2 | 415.00 | 83.00 |
| B. Moffitt | 3 | 2.7 | 400.00 | 1,080.00 |
| TOTALS: | | 7.0 | | 3,787.00 |

8

Client: 482910 W.R. GRACE & CO.
Matter: 095992 CHAPTER 11 ADMINISTRATION

| 11/03/09 | Review and respond to e-mails regarding September 2009 Fee Application | | |
|---|---|---|---|
| 18 | K. Begley | 0.2 | 50.00 |

| 11/07/09 | Review and organize docket entries in preparation for drafting September 2009 Fee Application Documents | | |
|---|---|---|---|
| 18 | K. Begley | 0.2 | 50.00 |

| 11/15/09 | Draft September 2009 Fee Application documents; organize and compile docket entries in preparation for drafting same; review and respond to e-mails with S. Rosenberger regarding same | | |
|---|---|---|---|
| 18 | K. Begley | 1.4 | 350.00 |

| 11/19/09 | Review, revise and discuss with K. Begley DP's September 2009 Fee Application | | |
|---|---|---|---|
| 18 | S. Zuber | 0.3 | 148.50 |

| 11/19/09 | Revise September 2009 Fee Application documents; review and respond to e-mails with S. Zuber regarding same | | |
|---|---|---|---|
| 18 | K. Begley | 0.8 | 200.00 |

| 11/23/09 | Reviewed US Bankruptcy Court - District of Delaware docket in order to confirm date of entry of Order approving stipulation settling claims asserted by NJDEP | | |
|---|---|---|---|
| 18 | S. Parker | 0.3 | 46.50 |

Attorney Summary

| Timekeeper | Hours | Rate | Dollars |
|---|---|---|---|
| S. Zuber | 0.30 | 495.00 | 148.50 |
| K. Begley | 2.60 | 250.00 | 650.00 |
| S. Parker | 0.30 | 155.00 | 46.50 |
| TOTALS: | 3.20 | | 845.00 |

**FEES FOR THE PERIOD**
**DECEMBER 1, 2009 THROUGH DECEMBER 31, 2009**

Client: 482910 W.R. GRACE & CO.
Matter: 114715 NJDEP V. W.R. GRACE ET AL.

| | | | |
|---|---|---|---|
| 12/03/09 3 | Telephone calls and e-mail regarding dismissal by court on 60 day order<br>A. Marchetta | 0.4 | 256.00 |
| 12/03/09 3 | Continued preparation of letter to Magistrate Judge Bongiovanni<br>B. Moffitt | 0.2 | 80.00 |
| 12/04/09 3 | Telephone call with Judge Bongiovanni's clerk and e-mail exchange with D.A.G. Dickinson re same<br>B. Moffitt | 0.3 | 120.00 |
| 12/10/09 3 | Conference with B. Moffitt regarding apology letter and status report to court; follow up regarding same<br>A. Marchetta | 0.4 | 256.00 |
| 12/10/09 3 | Follow up with DAG Dickinson re stipulations of dismissal; work with A. Marchetta re same<br>B. Moffitt | 0.3 | 120.00 |
| 12/15/09 3 | Follow up with DAG Dickinson re stipulations of dismissal; work with A. Marchetta re same<br>B. Moffitt | 0.2 | 80.00 |
| 12/16/09 3 | Apology letter; e-mails and follow up regarding same and dismissal order<br>A. Marchetta | 0.5 | 320.00 |
| 12/16/09 3 | Follow up with DAG Dickinson re stipulations of dismissal and revise same; work with A. Marchetta, client and co-counsel re same<br>B. Moffitt | 0.9 | 360.00 |
| 12/16/09 3 | Review of current docket and retrieval of Order of Dismissal as requested by B. Moffitt<br>S. Parker | 0.3 | 46.50 |
| 12/18/09 3 | Telephone calls and follow up e-mails regarding stipulations of dismissal; review regarding issues and apology letter and format<br>A. Marchetta | 0.9 | 576.00 |
| 12/18/09 | Follow up with DAG Dickinson re stipulations of dismissal; work with A. Marchetta, client and co-counsel re same | | |

10

| | | | | |
|---|---|---|---|---|
| 3 | B. Moffitt | | 0.5 | 200.00 |

| | | | | |
|---|---|---|---|---|
| 12/21/09 | Follow up re stipulations of dismissal; work with A. Marchetta, client and co-counsel re same | | | |
| 3 | B. Moffitt | | 0.3 | 120.00 |

Attorney Summary

| Timekeeper | Hours | Rate | Dollars | |
|---|---|---|---|---|
| A. Marchetta | 2.20 | 640.00 | | 1,408.00 |
| B. Moffitt | 2.70 | 400.00 | | 1,080.00 |
| S. Parker | 0.30 | 155.00 | | 46.50 |
| | | | | |
| TOTALS: | 5.20 | | | 2,534.50 |

FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| A. Marchetta | 3 | 2.2 | 640.00 | 1,408.00 |
| B. Moffitt | 3 | 2.7 | 400.00 | 1,080.00 |
| S. Parker | 3 | 0.3 | 155.00 | 46.50 |
| TOTALS: | | 5.2 | | 2,534.50 |

11

Client: 482910 W.R. GRACE & CO.
Matter: 095992 CHAPTER 11 ADMINISTRATION

| | | | |
|---|---|---|---|
| 12/01/09 | Review and respond to e-mails with local counsel regarding fee application deadlines and quarterly hearings | | |
| 18 | K. Begley | 0.2 | 50.00 |
| 12/16/09 | Review docket entries in preparation for drafting October 2009 Fee Application documents | | |
| 18 | K. Begley | 0.3 | 75.00 |
| 12/23/09 | Draft October 2009 Fee Application documents; draft 34th Quarterly Fee Application documents | | |
| 18 | K. Begley | 2.7 | 675.00 |
| 12/25/09 | Follow up request for insurance information from client | | |
| 18 | A. Marchetta | 0.7 | 448.00 |
| 12/29/09 | Review, revise and discuss with K. Begley DP's draft October 2009 Fee Application | | |
| 18 | S. Zuber | 0.3 | 148.50 |
| 12/29/09 | Telephone call with S. Zuber regarding  October 2009 Fee Application documents; review docket to incorporate information into fee application | | |
| 18 | K. Begley | 0.2 | 50.00 |
| 12/30/09 | Review application and follow up with K. Begley regarding same | | |
| 18 | A. Marchetta | 0.3 | 192.00 |
| 12/30/09 | Revise, finalize, and file October 2009 Fee Application | | |
| 18 | K. Begley | 0.6 | 150.00 |

## Attorney Summary

| Timekeeper | Hours | Rate | Dollars | |
|---|---|---|---|---|
| A. Marchetta | 1.00 | 640.00 | | 640.00 |
| S. Zuber | 0.30 | 495.00 | | 148.50 |
| K. Begley | 4.00 | 250.00 | | 1,000.00 |
| TOTALS: | 5.30 | | | 1,788.50 |

FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| K. Begley | 18 | 4.0 | 250.00 | 1,000.00 |
| A. Marchetta | 18 | 1.0 | 640.00 | 640.00 |
| S. Zuber | 18 | 0.3 | 495.00 | 148.50 |
| TOTALS: | | 5.3 | | 1,788.50 |

13

# EXHIBIT C

# EXHIBIT C

## EXPENSES FOR THE FEE PERIOD
## OCTOBER 1, 2009 THROUGH DECEMBER 31, 2009

## EXPENSES FOR THE FEE PERIOD
## OCTOBER 1, 2009 THROUGH OCTOBER 31, 2009

NONE.

## EXPENSES FOR THE FEE PERIOD
## NOVEMBER 1, 2009 THROUGH NOVEMBER 30, 2009

NONE.

## EXPENSES FOR THE FEE PERIOD
## DECEMBER 1, 2009 THROUGH DECEMBER 31, 2009

NONE.

14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re:* | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO., *et al.*,[1] | : | Case No. 01-01139 (JKF) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Objection Deadline: May 17, 2010 |
| | : | Hearing Date: June 7, 2010 at 10:30 a.m. |

**VERIFIED APPLICATION OF DAY PITNEY LLP FOR COMPENSATION FOR
SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO
W.R. GRACE & CO., *ET AL.*, FOR THE INTERIM PERIOD
OCTOBER 1, 2009 THROUGH DECEMBER 31, 2009**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the "Retention Order" (as defined

below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures

for Interim Compensation and Reimbursement of Professionals and Official Committee

Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Day

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Pitney LLP ("Day Pitney"), special counsel and ordinary course professional[2] for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order approving: (i) compensation in the amount of $23,118.50 for the reasonable and necessary legal services Day Pitney has rendered to the Debtors, which amount includes 80% of the fees already approved from prior monthly fee applications for October 2009, November 2009, and December 2009, in representing the Debtors (the "Application"), during the period from October 1, 2009 through December 31, 2009 (the "Fee Period"). In support of this Application, Day Pitney respectfully represents as follows:

### Retention of and Continuing Disinterestedness of Day Pitney

1.     On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of Title 11, United States Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the office of the United States Trustee appointed:  (i) a committee of unsecured creditors in the Chapter 11 Cases; (ii) a committee of asbestos personal injury claimants; and (iii) a committee of asbestos property damage claimants. On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders.

2.     By this Court's order dated May 30, 2001 (the "Retention Order"), the Debtors were authorized to retain Day Pitney as special counsel, effective as of the Petition Date,

---

[2] Day Pitney's fee requests have related only to three (3) matters for which Day Pitney was retained as special counsel to the Debtors. Following discussions with the Office of the United States Trustee and counsel for Debtors, Day Pitney has included in its fee applications all matters in which Day Pitney represents the Debtors either as special counsel or an ordinary course professional.

with regard to the following three (3) matters, more particularly described in the application filed in support of such retention:  (a) *In re Intercat, Inc.*; (b) *Maryland Cas. v. W. R. Grace & Co., et al.*; and (c) *Gloucester New Communities Company, Inc. v. Del Monte Corporation, et al.*

3.    The Retention Order authorizes the Debtors to compensate Day Pitney at Day Pitney's hourly rates, which are being charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules, and orders of this Court.  A copy of the Retention Order is attached hereto as Exhibit "A."

As disclosed in the Affidavit of Anthony J. Marchetta in Support of Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Pitney, Hardin, Kipp & Szuch LLP as Special Counsel to the Debtors (the "Marchetta Affidavit"), Day Pitney does not hold or represent any interest adverse to the Debtors' estates with respect to the matters on which Day Pitney is to be employed.

4.    Day Pitney may have in the past represented, may currently represent, and likely in the future will represent, parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases.  Day Pitney disclosed in the Marchetta Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. Day Pitney will update the Marchetta Affidavit when necessary and when Day Pitney becomes aware of material new information.

5.    Day Pitney performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

3

6.    Day Pitney has received payments applied for and authorized under the Interim Compensation Order.

7.    Pursuant to Fed. R. Bank. P. 2016(b), Day Pitney has not shared, nor has agreed to share:  (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Day Pitney; or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases. This is the thirty-fifth quarterly application for interim compensation for services rendered that Day Pitney has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

### Reasonable and Necessary Services Rendered by Day Pitney

8.    Day Pitney submits this Application pursuant to the Retention Order seeking approval of:  (a) compensation in the amount of $23,118.50 for the reasonable and necessary legal services Day Pitney has rendered as special counsel to the Debtors during the Fee Period, which amount includes 80% of the fees already approved from prior monthly fee applications for October 2009, November 2009, and December 2009.

9.    Day Pitney has maintained detailed records of the time expended in rendering the professional services performed on behalf of the Debtors in this case.  Such time records were generated contemporaneously with the performance of the professional services described therein and in the ordinary course of Day Pitney's practice.  The individual time records were recorded by the attorney or legal assistant who rendered the particular services described.  Annexed hereto as Exhibit "B" is a copy of the actual time records maintained by Day Pitney for services rendered during the Fee Period.

10.     Day Pitney also maintains records of all necessary expenses and disbursements (collectively, the "Expenses") incurred by Day Pitney in connection with the performance of its services. Attached hereto as Exhibit "C" is a complete breakdown of all the Expenses incurred during the Fee Period.

11.     Bankruptcy Code Section 330 authorizes bankruptcy courts to award professionals employed by the Debtors under Bankruptcy Code Section 327 "reasonable compensation" for actual and necessary services rendered to the Debtors by such professionals. Under Bankruptcy Code section 330, the reasonableness of the compensation sought by a professional is determined by consideration of the nature, extent and value of such services, taking into account, *inter alia,* the following: (a) the time spent on such services; (b) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the task; and (c) the cost of comparable services for non-bankruptcy cases.

12.     Day Pitney respectfully submits that the professional services which it has rendered and the expenses that it has incurred on behalf of the Debtors were necessary and have resulted in substantial benefits to the Debtors. Set forth below is a summary of the services provided by Day Pitney to the Debtors during the Fee Period. Based upon an analysis of each of the foregoing, Day Pitney respectfully submits that the compensation sought in this Application is reasonable.

### Services Rendered

13.     During the Fee Period, Day Pitney rendered professional legal services, on an hourly basis, to the Debtors in connection with the following matters: *Chapter 11*

*Administration* and *NJDEP v. W.R. Grace et al.* Day Pitney respectfully submits that the time entries on Exhibit "B" adequately describe the services rendered on those matters.

14.    A detailed summary of the engagement costs incurred for each of the above-noted matters is set forth in Exhibit "C."

### Representations

15.    Day Pitney believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

16.    Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. Day Pitney reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

17.    In summary, by this Application, Day Pitney requests approval for compensation of fees and expenses in the total amount of $23,118.50 consisting of:    (a) $23,118.50 for reasonable and necessary professional services rendered during the Fee Period, which amount includes 80% of the fees already approved from prior monthly fee applications for October 2009, November 2009, and December 2009.

WHEREFORE, Day Pitney respectfully requests that the Court approve an award to Day Pitney of 100% of the reasonable and necessary professional services Day Pitney has rendered to the Debtors during the Fee Period, including the 80% already received on an interim basis by way of monthly fee applications. Day Pitney respectfully requests further that all awarded fees and expenses be paid as administrative expenses of the Debtors' estates and that this Court grant such further relief as is equitable and just.

Florham Park, New Jersey
Dated: April 26, 2010

Respectfully submitted,
DAY PITNEY LLP

_____
Anthony J. Marchetta, Esq.
(Mail) P. O. Box 1945
Morristown, NJ 07962-1945
(Delivery) 200 Campus Drive
Florham Park, NJ 07932-0950