**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et. al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objection Deadline: May 21, 2010 @ 4:00 p.m. |
| _____ | ) | Hearing Date: June 7, 2010 @ 10:30 a.m. |

**SUMMARY OF FIRST QUARTERLY APPLICATION OF LAUZON BÉLANGER
FOR COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL
FOR THE CANADIAN ZAI CLAIMANTS FOR THE INTERIM FEE PERIOD
FROM DECEMBER 21, 2009, THROUGH MARCH 31, 2010**

| | |
|---|---|
| Applicant: | Lauzon Bélanger |
| Authorized to Provide Professional Services to: | Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI Claimants")AI Claimants by |
| Date of Retention: | March 19, 2010 *nunc pro tunc* to December 21, 2009 |
| Period for which compensation and reimbursement is sought: | December 21, 2009, through March 31, 2010 |
| Amount of compensation sought as actual, reasonable and necessary: | $   16,143.45 |
| Amount of expense reimbursement (includes Goods & Services Tax and Quebec Sales Tax) sought as actual, reasonable and necessary: | $   63,709.37 |

This is a quarterly fee application.

This is Applicant's first quarterly fee application.

**Prior Monthly Fee Applications Included in this Interim Fee Application:**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses |
|---|---|---|---|---|---|
| **04/30/2010** | **December 21, 2009 - March 31, 2010** | $16,143.45 | $ 63,709.37 | Pending | Pending |

**Fee Detail by Professional for the Period of December 21, 2009, through March 31, 2010:**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Fees |
|---|---|---|---|---|
| Michel Bélanger | Partner, 14 years 1994 | $350.00 | 31.41 | 10,993.50 |
| Careen Hannouche | Associate, 5 years 2005 | $285.00 | 18.07 | 5,149.95 |
| **Grand Total** | | | **49.48** | **$16,143.45** |
| Blended Rate | | | | $326.26 |

**Task Code Summary for the Period of December 21, 2009, through March 31, 2010:**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 33.81 | 11,271.25 |
| Fee Applications, Applicant | 3.50 | 997.50 |
| Fee Applications, Others | N/A | 0.00 |
| Hearings | N/A | 0.00 |
| Plan and Disclosure Statement | N/A | 0.00 |
| Meetings | 12.17 | 3,874.70 |
| **TOTAL** | **49.48** | **$ 16,143.45** |

**Expense Summary for the Period of December 21, 2009, through March 31, 2010:**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopies | 331 @ .10 | 33.10 |
| Facsimile | 31 @ $1.00 | 31.00 |
| Messengers | | 58.21 |
| Expert Fees | | 61,492.84 |
| Goods & Services Tax (G.S.T.) | | 813.29 |
| Quebec Sales Tax (Q.S.T.) | | 1,280.93 |
| **TOTAL** | | **$ 63,709.37** |

**FIRST QUARTERLY APPLICATION OF LAUZON BÉLANGER
FOR COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL
FOR THE CANADIAN ZAI CLAIMANTS FOR THE INTERIM FEE PERIOD
FROM DECEMBER 21, 2009, THROUGH MARCH 31, 2010**

Lauzon Bélanger (the "Applicant" and/or "Lauzon Bélanger") as Special Counsel for the Canadian ZAI Claimants by appointment order, dated March 19, 2010 [Docket No. 24508], hereby submits this First Quarterly Application for Compensation for Services Rendered and Reimbursement of Expenses for the Interim Fee Period From December 21, 2009, through March 31, 2010 ("First Quarterly Application"), pursuant to 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016, and the Court's Amended Administrative Order Under 11 U.S.C., §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members [Docket No. 1949] (the "Amended Administrative Order").

By this application, Applicant seeks approval of all amounts in this application for legal services performed and expenses incurred during the period commencing December 21, 2009, through and including March 31, 2010 (the "Compensation Period"). In support hereof, Applicant respectfully represents the following:

**BACKGROUND**

1.  On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. Since the Petition Date, the U.S. trustee has appointed the following creditors' committees: Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injury Claimants,

4

and Official Committee of Asbestos Property Damage Claimants (collectively, the "Committees"). No trustee has been appointed in Debtors' Chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On April 2, 2001, the Court entered its order that Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4. On May 3, 2001, the Court entered an Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals. That order was amended by the Amended Administrative Order, signed on April 17, 2002. Pursuant to the procedures set forth in the Administrative Order and the Amended Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject to the filing and approval of interim and final fee applications of the professional. The professional is also to file a quarterly interim fee application.

5. On March 19, 2010, this Court entered a Modified Order Granting The Canadian ZAI Claimants' Application for Appointment of Special Counsel [Docket No. 24508] (the "Modified Appointment Order"), wherein Lauzon Bélanger and Scarfone Hawkins LLP, as Representative Counsel to Canadian ZAI Claimants, were appointed as Special Counsel for the Canadian ZAI Claimants, effective *nunc pro tunc* to December 21, 2009, through the Effective Date of the Plan.

## MONTHLY FEE APPLICATIONS COVERED HEREIN

6. Prior to the filing of this First Quarterly Fee Application, the First Monthly Application of Lauzon Bélanger As Special Counsel for the Canadian ZAI Claimants ("First Monthly Application") was filed on April 30, 2010 [Docket No. 24699] pursuant to the terms of the Modified Appointment Order and the Amended Administrative Order. The First Monthly Application is the subject of this First Quarterly Application. The First Monthly Application is attached hereto as **"Exhibit A"**.

7. The monthly fee application covered by this First Quarterly Application contains detailed daily time logs describing the actual and necessary services provided by Lauzon Bélanger during the Compensation Period as well as other detailed information required to be included in fee applications. The First Monthly Application, attached hereto as *Exhibit A*, is incorporated by reference.

## REQUESTED RELIEF

8. By this First Quarterly Application, Lauzon Bélanger requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Lauzon Bélanger from December 21, 2009, through March 31, 2010. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the First Monthly Application attached hereto as *Exhibit A*.

9. Applicant billed a total of $16,143.45 in fees and incurred expenses of $63,709.37 (which includes Goods & Services Tax in the amount of $813.29, and Quebec Sales Tax in the amount of $1,280.93) in its efforts performed as Special Counsel during the Compensation Period.

10. Pursuant to the terms of the Amended Administrative Order, Applicant has filed a summary of its monthly fee application together with monthly invoices which include fee and expense detail that describes the fees and expenses incurred by such Professional during the Compensation Period, December 21, 2009, through March 31, 2010, in the amount of $16,143.45 for fees and $63,709.37 for expenses.

11. All services for which compensation is requested by Lauzon Bélanger were performed as Special Counsel for or on behalf of the Canadian ZAI Claimants.

12. There is no agreement or understanding between Applicant and any other person for the sharing of compensation to be received for the services rendered in these cases.

13. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person." 11 U.S.C. § 330(a)(1)(A). The attorneys requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Bankruptcy Court that the services performed and fees incurred were reasonable.

14. In determining the amount of reasonable compensation to be awarded, the Court shall consider, 11 U.S.C. § 330(a)(3), the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and (E) whether the compensation

is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. See 11 U.S.C. § 330(A)-(E).

15.     Applicant believes that the Application and the description of services set forth herein of work performed are in compliance with the requirements of Delaware Local Rule 2016-2, the Amended Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustee. A true and correct copy of the Certification of Careen Hannouche is attached hereto as **"Exhibit B"**.

16.     With respect to the time and labor expended by Applicant in this case, as set forth in *Exhibit A*, during the Compensation Period, Applicant rendered professional services in the amount of $16,143.45. Applicant believes it appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered by Lauzon Bélanger for or on behalf of the Canadian ZAI Claimants and the time expended, organized by project task categories, as follows:

> **A. Case Administration**: During the Compensation Period, Applicant routinely and promptly reviewed dockets, electronic mail, and pleadings filed in the case, and maintained such pleadings. Applicant reviewed all material developments of which it became aware during the Compensation Period, and made efforts to ensure compliance with the United States Bankruptcy Court, the Office of the United States Trustee and/or the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. Applicant communicated with the pertinent parties in the case. Applicant prepared necessary pleadings on behalf of the Canadian ZAI Claimants. Applicant seeks compensation for 33.81 hours of reasonable and

necessary legal expenses incurred in the category of "Case Administration" during the Compensation Period in the total amount of $11,271.25.

**B. Fee Applications, Applicant**:  During the Compensation Period, Applicant provided information for the preparation of monthly and quarterly fee applications on behalf of itself.  Applicant also prepared its first interim fee and expense time summary.  Applicant seeks compensation for 3.5 hours of reasonable and necessary legal expenses incurred in the category of "Fee Applications, Applicant", during the Compensation Period in the total amount of $997.50.

**C. Meetings**: During the Compensation Period, Applicant had meetings (telephonic and in person) with certain parties to the case, including, but not limited to, Debtors' Counsel, Associates and paraprofessionals.  Applicant attended hearings regarding these meetings.  Applicant engaged in correspondence regarding these meetings. Applicant seeks compensation for 12.17 hours of reasonable and necessary legal expenses incurred in the category of Meetings during the Compensation Period in the total amount of $3,874.70.

17.    The professional services and related expenses for which Lauzon Bélanger requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of Lauzon Bélanger's professional responsibilities as Special Counsel for the Canadian ZAI Claimants.  Lauzon Bélanger's services have been necessary and beneficial.

WHEREFORE, Lauzon Bélanger respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of December 21, 2009, through March 31, 2010, an allowance be made to Lauzon Bélanger in the sum of $16,143.45 as

compensation for reasonable and necessary professional services rendered to Representative Counsel and in the sum of $63,709.37 for reimbursement of actual and necessary costs and expenses incurred, for a total of $79,852.82; and for such other and further relief as this Court deems proper.

Dated: April 30, 2010                                    Respectfully submitted,

                                    By:     */s/ Daniel K. Hogan*
                                            Daniel K. Hogan (DE Bar No. 2814)
                                            THE HOGAN FIRM
                                            1311 Delaware Avenue
                                            Wilmington, Delaware 19806
                                            Telephone: 302.656.7540
                                            Facsimile: 302.656.7599
                                            Email: dkhogan@dkhogan.com

                                            **Counsel to the Representative Counsel for the Canadian ZAI Claimants**