**IN THE UNITED STATE BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| **W.R. GRACE & CO.**, *et al.,* | ) | **Case No. 01-01139 (JKF)** |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | Objection Deadline: May 21, 2010 @ 4:00 p.m. |
| | ) | Hearing Date: June 7, 2010 @ 10:30 a.m. |

**SUMMARY OF THE SECOND APPLICATION OF CANADIAN ZAI CLAIMANTS**
**PURSUANT TO 11 U.S.C. §§ 503(b)(3)(D) AND 503(b)(4) FOR ALLOWANCE**
**OF ADMINISTRATIVE EXPENSES OF THE HOGAN FIRM**
**INCURRED IN MAKING SUBSTANTIAL CONTRIBUTION**
**FOR THE PERIOD SEPTEMBER 1, 2008 THROUGH DECEMBER 21, 2009**

| | |
|---|---|
| Name of Applicant: | Representative Counsel to Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI Claimants") |
| Professional Services of: | The Hogan Firm, Attorneys at Law |
| Date of Retention: | June 22, 2006 |
| Period for which compensation and reimbursement is sought: | September 1, 2008 through December 21, 2009 |
| Amount of compensation sought as actual, reasonable and necessary: | $ 103,032.00 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $    3,118.94 |

This is Applicant's Second Application.

**Prior Fee Applications:**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| **11/10/2008 Dkt. #19974** | **June 22, 2006 - August 31, 2008** | **$321,109.00** | **$   11,566.90** | **$321,109.00** | **$11,566.90** |

**Fee Detail by Professional for the Period of September 1, 2008 through December 21, 2009:**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Fees |
|---|---|---|---|---|
| Daniel K. Hogan | President. Member DE bar since 1990 | $350.00 $300.00 | 267.10 | $  93,845.00 |
| Karen E. Harvey | Paralegal - since 1996 | $190.00 | 47.30 | $   8,987.00 |
| Gillian L. Andrews | Paralegal - since 2006 | $125.00 | .50 | $       62.50 |
| Gabrielle Palagruto | Paralegal - since 2008 | $125.00 | 1.1 | $     137.50 |
| **Grand Total** | | | **317.20** | **$ 103,032.00** |
| Blended Rate | | | | $     324.82 |
| Blended Rate (excluding paralegal time): | | | | $     349.78 |

**Cumulative Compensation by Matter Description for the Period of September 1, 2008 through December 21, 2009:**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| **Case Administration** | 219.2 | $  70,526.00 |
| **Hearings** | 79.7 | $  27,735.00 |
| Meetings | 18.3 | $   4,771.00 |
| **TOTAL** | **317.20** | **$ 103,032.00** |

**Expense Summary for the Period of September 1, 2008 through December 21, 2009:**

| Expense | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopies | In-House | $   291.40 |
| Travel Expenses | Hotel & Cab Fair – Pittsburgh Hearings 10/27/08 – 10/28/08 | $   467.06 |
| Court Telephonic Appearance | CourtCall | $ 1,104.50 |
| Airline Tickets | U.S. Airways  - Pittsburgh Hearings 10/27/08 - 10/28/08 | $   236.00 |
| Copy & Serve | IKON Office Solutions | $   940.12 |
| Postage | U.S. Postal Service & Federal Express | $   49.22 |
| CM/ECF - Document charges | U.S. Bankruptcy Court | $   30.64 |
| **TOTAL** | | $ 3,118.94 |

[Remainder of Page Intentionally Left Blank]

**IN THE UNITED STATE BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO.,** *et. al.,* | ) | **Case No. 01-01139 (JKF)** |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | Objection Deadline: May 21, 2010@ 4:00 p.m. |
| | ) | Hearing Date: June 7, 2010 @ 10:30 a.m. |
| | ) | |

**SECOND APPLICATION OF CANADIAN ZAI CLAIMANTS
PURSUANT TO 11 U.S.C. §§ 503(b)(3)(D) AND 503(b)(4) FOR ALLOWANCE
OF ADMINISTRATIVE EXPENSES OF THE HOGAN FIRM
INCURRED IN MAKING SUBSTANTIAL CONTRIBUTION
FOR THE PERIOD SEPTEMBER 1, 2008 THROUGH DECEMBER 21, 2009**

Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP as Representative Counsel

("Representative Counsel") to Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI

Claimants"), hereby submits this application for compensation for professional services rendered

and reimbursement of expenses of The Hogan Firm (the "Application"), and moves the Court for

entry of an order authorizing reimbursement of its reasonable attorney's fees and expenses incurred

in making a substantial contribution to the estate of W. R. Grace and its affiliated Debtors and

Debtors in Possession (the "Debtors") and to the reorganization process pursuant to 11 U.S.C. §§

503(b)(3)(D)-(b)(4) of the Bankruptcy Code (the "Bankruptcy Code").  In support of this

Application, Representative Counsel respectfully represents as follows:

**I. INTRODUCTION**

1.      ZAI was extensively utilized in Canadian home building and renovations during the

approximate period of time between 1940 and the late 1980s. W.R. Grace and Co. and several of its

affiliates (the "U.S. Debtors") created and distributed ZAI for use in Canadian homes.

2.      Canadian ZAI homeowners suffer a range of injuries. These include diminution in

property values, the costs of asbestos abatement, the financial burden of removing asbestos-contaminated ZAI and refitting homes, and loss of use and enjoyment of their homes due to limitations on remodeling and restrictions on use of areas contaminated with ZAI.

3.     Numerous proposed class actions were commenced in Canada against certain of the U.S. Debtors, Grace Canada, Affiliated Entities and other parties including the Attorney General of Canada (Her Majesty the Queen in Right of Canada) (the "Crown").  These actions assert claims for damages or loss suffered, directly or indirectly, from the manufacture, sale or distribution of ZAI attic insulation products in Canada

4.     As a result of the these numerous class actions, Representative Counsel was duly appointed by the Ontario Superior Court of Justice (the "CCAA Court") to represent the interests of Canadian ZAI claimants, both for property damage and personal injury claims in this bankruptcy proceeding.

5.     Representative Counsel retained The Hogan Firm (hereinafter referred to as "Hogan") to represent the interests of Canadian ZAI Claimants in this proceeding.  Representative Counsel and Hogan have played a substantial and critical role in the Debtors' formulation of the plan of reorganization as it relates to the treatment of the claims asserted by Canadian ZAI Claimants. Representative Counsel was responsible for negotiating the Minutes of Settlement (the "Minutes of Settlement") with the Debtors that initially resolved the treatment of all Canadian ZAI claims and that created a separate class for Canadian ZAI PD claims within the plan.  A true and correct copy of the Minutes of Settlement is attached hereto as **Exhibit A.**

6.     Pursuant to the terms of the Minutes of Settlement, Debtors agreed to support, to the fullest extent permitted by law, a one-time fee application by Representative Counsel to be filed in the U.S. Court for the approval and payment of Representative Counsel's reasonable attorney's fees and expenses incurred up to the date of the Settlement, August 31, 2008, in connection with the

Chapter 11 cases provided that no request shall exceed the amount of $350,000.00. Minutes of

Settlement ¶ 14.

7.      On October 17, 2008, The Honorable Justice Morawetz, of the CCAA Court,

released an Endorsement approving The Minutes of Settlement and confirming that "Counsel to

Grace also submitted that Representative Counsel have been continuously active and diligent in both

the U.S. and Canadian proceedings and Grace is of the view that it is appropriate that a portion of

the funds paid under the settlement go towards compensation of Representative Counsel's fees."

Reasoning of Justice Morawetz, 10 n.79 (Oct. 17, 2008). A true and correct copy of the Order and

Reasoning of Justice Morawetz is attached hereto as **Exhibit B**.

8.      On or about November 16, 2009, the Debtors and Representative Counsel

acknowledged and agreed to the Amended and Restated Minutes of Settlement ("Amended Minutes

of Settlement"). The Amended Minutes of Settlement is attached hereto as **Exhibit C.**

9.      Pursuant to the terms of the Amended Minutes of Settlement, Debtors agree to

consent to and support Representative Counsel's application seeking appointment as special counsel

for Canadian ZAI Claimants in the U.S. proceeding, retroactively to September 1, 2008, and going

forward to the date of the U.S. Confirmation Order. Amended Minutes of Settlement ¶ 16.

10.     Representative Counsel and Hogan rendered a substantial contribution to these

Chapter 11 cases within the meaning of § 503(b) of the Bankruptcy Code. The Court should

therefore allow Representative Counsel's and Hogan's reasonable fees and expenses as

administrative expense claims under §§ 503(b)(3)-(b)(4) of the Bankruptcy Code.

11.     By this Application, Representative Counsel seeks the Court approval of, and seeks

reimbursement of  $103,032.00 for professional fees and actual and necessary expenses in the

amount of $3,118.94 for a total of $106,150.94 (the "Requested Amount") for the period from

September 1, 2008, through December 21, 2009 (the "Final Period").  Representative Counsel and Hogan respectfully submit that the Requested Amount is reasonable and should be approved.

12.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and this matter constitute a core proceeding pursuant to 28 U.S.C. §§ 157(b).  Venue for this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).  The statutory predicates for the relief sought herein is 11 U.S.C. § 503(b).

## II. BACKGROUND

13.    On April 2, 2001, U.S. Debtors filed voluntary petitions for protection under Chapter 11 of the United States Bankruptcy Code (The "U.S. Proceedings") and were granted a temporary restraining order by this Court providing for certain injunctive relief in favor of the U.S. Debtors as well as certain other third parties (the "Affiliated Entities").

14.    Two days later Grace Canada, Inc. ("Grace Canada"), a Canadian affiliated entity of U.S. Debtors, was granted an order (the "Initial CCAA order") pursuant to Section 18.6(4) of the Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice which, among other things, provided for a stay of proceedings against the commencement or continuation of any asbestos-related suits against Grace Canada.

15.    The Debtors have continued operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

16.    There were eleven proposed class actions (the "Proposed Class Actions") filed across Canada concerning claims that relate, *inter alia*, to the cost of removal, diminution of property value or economic loss allegedly caused by ZAI manufactured by the Debtors and personal injuries allegedly caused by exposure to ZAI. W.R. Grace and/or its affiliated companies are co-defendants together with the Crown in all but the first of these Proposed Class Actions, which are as follows:

a.  *Viviane Brosseau et al. v. Attorney General of Canada*, Superior

Court of Quebec, District of Montréal, 500-06-000286-050 (no

claim against the Grace companies);

b.  *Dextras et al. v. Attorney General of Canada, W.R. Grace & Co. et*

*al.*, Superior Court of Quebec, District of Montréal, 500-06-000258-042;

c.  *Raven Thundersky et Rebecca Bruce v. Attorney General of Canada, W.R. Grace &*

*Co.*, Court of Queen's Bench of Manitoba, CI04-01-39818;

d.  *Merv Nordick et al. v. Attorney General of Canada, W.R. Grace &*

*Co. et al.*, Federal Court, Saskatchewan, T-1503-05;

e.  *Merv Nordick et al. v. Attorney General of Canada, W.R. Grace &*

*Co. et al.*, Court of Queen's Bench of Saskatchewan, 696-2005;

f.  *Merv Nordick et al. v. Attorney General of Canada, W.R. Grace &*

*Co. et al.*, Court of Queen's Bench of Alberta, 0501-07100;

g.  *Merv Nordick et al. v. Attorney General of Canada, W.R. Grace &*

*Co. et al.*, Supreme Court of British Colombia, L-052352;

h.  *Merv Nordick et al. v. Attorney General of Canada, W.R. Grace &*

*Co. et al.*, Province of Quebec, District of Hull, 550-06-000020-058;

i.  *Ernest Spencer et al. v. Attorney General of Canada, W.R. Grace*

*& Co. et al.*, Court of Queen's Bench of Manitoba, C1-05-01-44628;

j.  *Ernest Spencer et al. v. Attorney General of Canada, W.R. Grace*

*& Co. et al.*, Ontario Superior Court of Justice, 5-CV-32367; and

k.  *Her Majesty in Right of the Province of Manitoba v. Attorney General of Canada,*

*W.R. Grace & Co et al.,* Court of Queen's Bench of Manitoba, C1-05-01-41069.

17.     The Proposed Class Actions were prosecuted by separate class action law firms located throughout Canada including Lauzon Belanger, the Merchant Law Group and the Aikins MacAulay firm.

18.     On November 14, 2005, as the result of the Proposed Class Actions commenced in Canada against certain of the U.S. Debtors, Grace Canada, Affiliated Entities and other parties, including the Crown, the CCAA Court granted an order recognizing the injunctive relief provided for by this Court and giving effect to it in Canada, thereby implementing a limited stay of proceedings with respect to the Crown.  See copy of Order for Injunctive Relief attached as **Exhibit D.**

19.     On November 14, 2005, the CCAA Court also considered a request for an extension of the stay contained in the initial order in light of the Proposed Class Actions.  The Honorable Justice Farley indicated that cooperation and coordination between the CCAA Court and the Court was needed, that there had been recognition in the U.S. Bankruptcy Court that Canadian proceedings would be governed by Canadian substantive law, and that the insolvency adjudicative proceedings presented an efficient process, but that the extension of the stay not affect the ability of the Plaintiffs in the Proposed Class Actions from returning to the CCAA Court if they felt there was "foot dragging or other elements of prejudice."  Order for Injunctive Relief, 3 n.13 (Nov. 14, 2005).

20.     Another product of the November 14, 2005, hearing before Justice Farley was the creation of co-counsel agreements between the aforementioned class action law firms. Justice Farley's Reasons for Decision is somewhat of a recital of His Honor's open court direction to counsel, Lauzon Belanger, Scarfone Hawkins, Merchant Law Group and Aikins MacAulay, warning that counsel ought to work toward an agreement to work cooperatively as opposed to running the risk of being divided.  Order for Injunctive Relief, 2 n.5 (Nov. 15, 2005).  It was Justice Farley's

admonitions that largely motivated the co-counsel agreements among Representative Counsel (Lauzon Belanger and Scarfone Hawkins) with Merchant Law Group and the Aikins MacAulay firm.

21.    In January 2006, Grace Canada made application to the CCAA Court for the appointment of two law firms, Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP, as Representative Counsel in the CCAA Court proceedings on behalf of all Canadian ZAI Claimants.

22.    On February 9, 2006, the CCAA Court entered an Order appointing Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP as Representative Counsel, and declaring that Representative Counsel shall have the power, among others, to appear or have an agent appear before the U.S. Court in the context of the Debtors Chapter 11 cases, and to negotiate on behalf of the Canadian ZAI Claimants with Grace Canada, the Debtors, and The Crown. See copy of Order for Appointment of Representative Counsel attached as **Exhibit E**.

23.    On or about June 22, 2006, Representative Counsel retained Hogan to represent The Canadian ZAI Claimants' interests within the context of these proceedings.

24.    Since its appointment by the CCAA Court in 2006, Representative Counsel has engaged in extensive negotiations with Grace Canada, representatives of the U.S. Debtors, and the Crown, in an attempt to fashion a comprehensive resolution of all Canadian ZAI personal injury claims and property damage claims.

25.    Representative Counsel and Hogan have actively monitored these proceedings since their appointment by the CCAA Court in an effort to advance the interests of Canadian ZAI Claimants.

26.    In this proceeding, Representative Counsel and Hogan have filed the following pleadings and/or applications in the United State Bankruptcy Court for the District of Delaware during the period from September 1, 2008 until December 21, 2009:

| Docket No. | Event Name | Filed |
|---|---|---|
| 19980 | Motion for Payment of Administrative Expenses/Claims for Allowance Incurred in Making Substantial Contribution Filed by Canadian ZAI Claimants | 11/10/08 |
| 20190 | Certificate of No Objection Regarding The First and Final Application of Canadian ZAI Claimants Pursuant to 11 USC Sections 503(b)(3)(D) and (b)(4) for Allowance of Administrative Expenses Incurred in Making Substantial Contribution | 12/04/08 |
| 24031 | Canadian ZAI Claimants' Application for Appointment of Special Counsel Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP | 12/21/09 |
| 24032 | Application to Employ Daniel K. Hogan As Counsel to the Representative Counsel for the Canadian ZAI Claimants Filed by Canadian ZAI | 12/21/09 |

27.     As set forth below, Representative Counsel's success in negotiating both the Minutes of Settlement and the Amended Minutes of Settlement, which provide for a significant recovery to Canadian ZAI Claimants and which allows for a consensual Plan, constitute a substantial contribution under § 503(b)(3)(D) of the Bankruptcy Code.

28.     The possibility of protracted litigation regarding the nature and extent of ZAI claims, both Canadian and American, complicated Plan negotiations.  Because of the unknown number of Canadian ZAI claimants and the lack of certainty in respect of the nature and value of the claims pursuant to Canadian laws, Representative Counsel played a critical role in negotiating the Plan.  In fact, Representative Counsel's support of the Plan is a critical element of both the Minutes of Settlement and Amended Minutes of Settlement.  Without Representative Counsel's involvement and support for the development of the Plan, the confirmation process would be further delayed by a

prolonged battle concerning the estimation and valuation of these claims. To avoid a longer delay in the Debtors' emergence from bankruptcy, a delay in distributions to creditors and equity holders and significant additional administrative costs, Representative Counsel worked with Grace Canada and other constituencies to create and negotiate a plan that contained a separate class for Canadian ZAI property damage claims. Hogan's analyses, advice and assistance to Representative Counsel in negotiations were a key component to garnering the necessary elements within the Amended Minutes of Settlement.

29.    After nine years in bankruptcy, numerous iterations of a reorganization plan, and significant litigation, Representative Counsel, in tandem with Grace Canada, the U.S. Debtors, and the Affiliated Entities, worked tirelessly to negotiate a global Canadian ZAI claims settlement. Representative Counsel was intimately involved in the development and drafting of many of the key documents which led to the creation of a separate class of Canadian ZAI property damage claims within the Debtors' Plan. Representative Counsel's support for the Plan and Representative Counsel's diplomatic negotiations through this case substantially assisted the Debtors' reorganization process.

30.    To support Grace's Plan, the Representative Counsel, on behalf of the Canadian ZAI Claimants, agreed to be bound by the terms of the Minutes of Settlement which includes a full and final resolution of all claims against the Grace Parties recognizing that a fully consensual resolution would provide the most fruitful outcome for the Canadian ZAI Claimants.

31.    On November 1, 2009, the original Minutes of Settlement became null and void, in accordance with the terms of the Minutes of Settlement which provided, inter alia that the Plan had to be confirmed by October 31, 2009.

32.    On or about November 16, 2009, the Debtors and Representative Counsel acknowledged and agreed to the Amended Minutes of Settlement.

33.     Pursuant to the terms of the Amended Minutes of Settlement, Debtors agree to consent to and support Representative Counsel's application seeking appointment as special counsel for Canadian ZAI Claimants in the U.S. proceeding, retroactively to September 1, 2008, and going forward to the date of the U.S. Confirmation Order.  Amended Minutes of Settlement ¶ 16.

34.     On or about December 13, 2009, the Honorable Justice Morawetz, of the CCAA Court, endorsed the Amended Minutes of Settlement.  The Honorable Justice Morawetz found that the Amended Minutes of Settlement are "both fair and reasonable". Endorsement, 6 n.23 (Jan. 8, 2010)[1].

35.     On December 22, 2009, the Crown filed and served in the CCAA, a Notice of Motion for Leave to Appeal to the Ontario Court of Appeal.  The appeal was of the decision of Justice Morawetz, wherein he approved the Amended Minutes of Settlement.

36.     The basis of the Crown's appeal to the Ontario Court of Appeal was that Representative Counsel's representation of the Crown's interests created a conflict of interest which precluded the approval of the Amended Minutes of Settlement.  Furthermore the Crown argued detrimental reliance on the original Minutes of Settlement.  The Crown argued that Representative Counsel owed a duty of loyalty to the Crown and that the Crown was prejudiced by the reversal of position of Representative Counsel with respect to releasing all claims for which the Crown is or may become entitled to contribution or indemnity against the Grace Parties.  These arguments were considered and rejected by both the CCAA Court and the Ontario Court of Appeal.

37.     On February 19, 2010, the Crown's motion for leave to appeal was dismissed by the Ontario Court of Appeal.

---

1 The Decision of Justice Morawetz dated January 8, 2010, regarding Morawetz's approval of the Amended and Restated Minutes of Settlement is noteworthy that paragraphs 35 through 41 speak to the Crown's allegation against Representative Counsel regarding the Crown's conflict of interest argument.

38.     The services rendered by Hogan in facilitating Representative Counsel's significant involvement in the successful negotiations were both necessary and beneficial to the Debtors' estates.  Representative Counsel and Hogan seek allowance and payment of the attorney's fees and expenses, pursuant to § 503(b) of the Bankruptcy Code, incurred in making a substantial contribution to these Chapter 11 cases.

### III. RELIEF REQUESTED

39.     Pursuant to the terms of the Amended Minutes of Settlement and §§ 503(b)(3)(D)-(b)(4) of the Bankruptcy Code, Representative Counsel and Hogan seek an order allowing as administrative expenses, in recognition of Representative Counsel's substantial contributions in these Chapter 11 cases, the aggregate amount of $106,150.94 comprised of: (i) professional fees in the amount of $103,032.00 and expenses in the amount of $3,119.94 incurred by Representative Counsel during the Compensation Period.

### IV. LEGAL BASIS

40.     Section 503(b) of the Bankruptcy Code provides, in relevant part, that after notice and a hearing, there shall be allowed administrative expenses of the estate with respect to "the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by … a creditor, …in making a substantial contribution in a case under chapter 9 or 11 of this title."  11 U.S.C. 503(b)(3)(D) (2005).  Furthermore:

> reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under…paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant[.]

11 U.S.C. § 503(b)(4) (2005).

41.     The Debtors have already acknowledged that Representative Counsel made a substantial contribution to these cases by agreeing to be bound by the terms of the Minutes of

Settlement and supporting, to the fullest extent permitted by law, a one-time fee application by

Representative Counsel for the approval and payment of its reasonable fees and expenses incurred

up to the date of the Minutes of Settlement in connection with the Chapter 11 cases provided that no

request shall exceed the amount of US$350,000.00.[2]

42.     The record makes clear that Representative Counsel and its professionals indeed

made a "substantial contribution" to the Debtors' reorganization with the meaning of the § 503(b) of

the Bankruptcy Code.

43.     As this Court has explained, §§ 503(b)(3)(D)-(b)(4) permit payment, as an

administrative expense, of the expenses of a creditor, including reasonable and necessary attorney's

fees incurred, where a substantial contribution has been made to a reorganization.  In re Columbia

Gas System, Inc., 224 B.R. 540 (Bankr. D. Del. 1998); see also In re Buckhead America, 161 B.R.

11 (Bankr. D. Del. 1993).  The Third Circuit explicitly recognized this rule in stating:

> The services engaged by creditors, creditor committees and other
> parties interested in a reorganization are presumed to be incurred for
> the benefit of the engaging party and are reimbursable if, but only if,
> the services "directly and materially contributed" to the
> reorganization.

Lebron v. Mechem Financial Inc., 27 F.3d 937, 943 (3d Cir. 1994).

44.     Pursuant to § 503(b)(4) of the Bankruptcy Code, compensation is authorized even

when the services rendered by the attorney were primarily for its clients, if such services transcend

such self-protection and extend to the entire bankruptcy estate. Id. at 944.  Although the Bankruptcy

Code does not define the term "substantial contribution," courts have considered whether the

"efforts of the applicant resulted in an actual and demonstrable benefit to the debtor's estate and the

creditors." Id. (quoting In re Lister, 846 F.2d 55, 57 (10th Cir. 1988)).  In determining whether

---

[2]  On November 10, 2008, Representative Counsel, on behalf of Canadian ZAI Claimants, filed an Application for Compensation Pursuant to 11 U.S.C. Sections 503(b)(3)(D) and (b)(4) for Allowance of Administrative Expenses Incurred in Making Substantial Contribution [Docket No. 19974].  On December 15, 2008, this Court granted the Application for Compensation Pursuant to 11 U.S.C. Sections 503(b)(3)(D) and (b)(4) for Allowance of Administrative Expenses Incurred in Making Substantial Contribution [Docket No. 20471].

services constitute a substantial contribution and are therefore compensable, courts consider services that "foster and enhance, rather than retard or interrupt the progress of the reorganization." <u>Id.</u> (quoting Consolidated Bancshares, Inc., 785 F.2d 1249, 1253 (5th Cir. 1986)).

45.    In particular, "substantial contribution" fee requests have been granted where "the creditor took and active role in facilitating the negotiation and successful confirmation of the plan." <u>In re Granite Partners, L.P., et al.</u>, 213 B.R. 440, 446 (Bankr. S.D.N.Y. 1997) (citing, among other cases, In re Baldwin-United Corp., 79 B.R. 321, 339 (Bankr. S.D. Ohio 1987)) (explaining that creditor's counsel acted as voice of reason in otherwise contentious case); <u>In re Richton Int'l Corp.</u>, 15 B.R. 854, 856 (Bankr. S.D.N.Y. 1981)("services … which facilitated the progress of these cases and … substantially aided the formulation and adoption of the Plan of Reorganization").

## V. ARGUMENT

**A.     Representative Counsel Made Substantial Contributions to the Debtors' Reorganization in Facilitating the Negotiations between the Representative Counsel and Other Members of the Settlement Party and Aiding the Implementation of the Minutes of Settlement.**

46.    Applying the above standards, Representative Counsel unquestionably made a substantial contribution to these Chapter 11 cases during the period of September 1, 2008, through December 21, 2009, including the facilitation of the proposals and negotiations and drafting certain key documents, including numerous filings of documents in Canada.

47.    Indeed, Representative Counsel was the catalyst in the review of all documents in the United States Bankruptcy Court, District of Delaware, on behalf of the Canadian ZAI Claimants. Specifically, Hogan was primarily responsible in the monitoring of the docket regarding any and all pleadings which might affect the Canadian ZAI Claimants.

48.    Representative Counsel's activities subsequent to the Minutes of Settlement helped to highlight many of the unresolved issues in the Chapter 11 cases, including the Canadian ZAI personal injury estimation issues.  As set forth in the pleadings filed with this Court, the Debtors'

Plan was destined to be contested. However, working hand-in-hand with the Debtor, Representative Counsel, with Hogan's assistance, spearheaded the negotiations for the Amended Minutes of Settlement.

**B.      The Requested Expenses Are Allowable As Administrative Expenses**

49.      As described in the annexed certification of Daniel K. Hogan of The Hogan Firm, which is attached hereto as **Exhibit F**, and in light of all of the above, Representative Counsel seeks allowance of reimbursement for certain fees and disbursements.

### i. Requested Fee Reimbursement

50.      The Hogan Firm's attorneys, paralegals and employees billed Representative Counsel $103,032.00 in fees, encompassing a total of 317.20 hours for services reimbursable pursuant to §§ 503(b)(3)(D)-(b)(4) of the Bankruptcy Code.  Accordingly, Representative Counsel paid, and seeks reimbursement of, total fees in the amount of $103,032.00.

51.      A detailed description and breakdown of all of the services provided to Representative Counsel by The Hogan Firm during the Compensation Period is set forth in The Hogan Firm's History Bill attached hereto as **Exhibit G**.

52.      Representative Counsel seeks reimbursement of Hogan's customary fees at rates which are comparable to those charged by law firms of similar expertise in their respective relevant market.

### ii. Request Expense Reimbursement

53.      In addition, during the Compensation Period, Representative Counsel, by and through Hogan, incurred actual out-of-pocket expenses in connection with the rendition of the foregoing professional services in the sum of $3,118.94.

54.      Accordingly, Representative Counsel seeks reimbursement of $3,118.94 in expenses and disbursements as an administrative claim.

14

55.     A description and breakdown of the expenses incurred by Representative Counsel, by and through Hogan, during the Compensation Period are set forth in The Hogan Firm's History Bill. *See attached Exhibit G.*

56.     The disbursements and expenses have been incurred in accordance with Hogan's normal practice of charging clients for expenses clearly related to and required by particular matters. Hogan's billing rates do not include charges for telephone toll charges, computerized research, travel expenses and certain other office services, because the needs of each client for such services differ.  Hogan charged $.20 per page for in-house photocopying services.  With respect to outside copying and delivery services, long distance charges, postage, travel fees, conference fees and court fees, Hogan charges the actual cost from the vendor. Hogan does not charge for incoming or outgoing facsimiles.

57.     No agreement or understanding exists between Hogan and any other person for the sharing of any compensation to be received for professional services rendered, or to be rendered, in connection with these cases.

58.     Hogan has reviewed the requirements set forth in Delaware Local Rule 2016-2, Entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for allowance of compensation and reimbursement of expenses complies with the rules set forth therein.

59.     No prior application has been made in this or in any other Court for the relief requested herein.

## SUMMARY OF EXHIBITS

| | |
|---|---|
| Exhibit A | Canadian ZAI Claimants Minutes of Settlement ("Minutes of Settlement") |
| Exhibit B | October 17, 2008, Ontario Superior Court of Justice, Endorsement approving The Minutes of Settlement Issued by Justice Morawetz ("Reasoning and Order of Justice Morawetz") |
| Exhibit C | Canadian ZAI Claimants Amended and Restated Minutes of Settlement ("Amended Minutes of Settlement") |
| Exhibit D | November 14, 2005, CCAA Court Order ("Order for Injunctive Relief") |
| Exhibit E | February 9, 2006, CCAA Court Order for Appointment of Representative Counsel |
| Exhibit F | Certification of Daniel K. Hogan, Esquire |
| Exhibit G | The Hogan Firm's History Bill for September 1, 2008, through December 21, 2009. |

## VI. CONCLUSION

WHEREFORE, Representative Counsel, on behalf of Canadian ZAI Claimants, respectfully requests that this Court (i) enter an order, in a form substantially similar to the one attached hereto, granting this Application, allowing as administrative expenses the legal fees and expenses incurred by Representative Counsel pursuant to §§ 503(b)(3)(D)-(b)(4) of the Bankruptcy Code, and directing the Debtors to reimburse Representative Counsel the legal fees and expenses, and (ii) grant such other and further relief as the Court deems just and proper.


Dated: May 3, 2010                    _/s/Daniel K. Hogan_____
                                      Daniel K. Hogan (DE Bar #2814)
                                      **THE HOGAN FIRM**
                                      1311 Delaware Avenue
                                      Wilmington, Delaware 19806
                                      Telephone: 302.656.7540
                                      Facsimile: 302.656.7599
                                      E-mail: dkhogan@dkhogan.com

                                      -and-

**LAUZON BÉLANGER, INC**.
Yves Lauzon
Michel Bélanger
286, rue St-Paul Quest, Bureau 100
Montreal Quebec
Telephone: (514) 844-7403
ylauzon@lauzonbelanger.qc.ca
mbelanger@lauzonbelanger.qc.ca


**SCARFONE HAWKINS LLP**
Matthew G. Moloci
David Thompson
One James Street South, 14th Floor
P.O. Box 926, Depot 1
Hamilton, Ontario
Canada L8N 3P9
Telephone: (905) 523-1333
moloci@shlaw.ca
thompson@shlaw.ca