# EXHIBIT D

Court File No. 01-CL-4081

## SUPERIOR COURT OF JUSTICE

## COMMERCIAL LIST

| | | |
|---|---|---|
| THE HONOURABLE | ) | MONDAY, THE 14th DAY OF |
| | ) | |
| MR. JUSTICE FARLEY | ) | NOVEMBER, 2005 |

IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF GRACE CANADA, INC.



### ORDER

**THIS MOTION** made by Grace Canada, Inc. (hereinafter referred to as the "Applicant"), for an Order:

(a)  abridging the time for service of this motion;

(b)  recognizing an order (as amended, the "Modified Preliminary Injunction") granted on January 22, 2002 by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") providing injunctive relief to W.R. Grace Inc. and all of its subsidiaries (the "U.S Debtors") as well as certain other Affiliated Entities (as defined in the Modified Preliminary Injunction) and declaring that such order be effective in Canada in accordance with its terms;

(c)  an order staying as against The Attorney General of Canada (Her Majesty the Queen in Right of Canada) (the "Crown"), until such time as the Stay Period (as defined in the order of this Honourable Court made on April 1, 2001 (the "Initial

- 2 -

Order")) expires, all suits, actions, enforcement processes, extra-judicial proceedings or other proceedings relating to, arising out of or in any connected to damages or loss suffered, directly or in directly, from asbestos, asbestos contamination or asbestos related diseases arising out of the exposure to or use of products in Canada that may contain asbestos and were manufactured, sold or distributed by any of the Applicant, the U.S. Debtors or the Affiliated Entities; and

(d)  an order extending the Stay Period referred to in paragraphs 4 and 5 of the Initial Order to April 1, 2006,

was heard this day at 393 University Avenue, Toronto, Ontario.

**ON READING,**

(a)  the Applicant's Notice of Motion, the affidavit of Richard Finke sworn September 6, 2005 (the "Finke Affidavit"), the 16th Report of Pierre Le Bourdais, Information Officer, the Affidavit of George Triantis sworn September 28, 2005, the supplemental affidavit of Richard Finke sworn October 19, 2005,

(b)  the Notice of Appearance of Raven Thundersky ("Thundersky") dated September 13, 2005, the affidavit of Thundersky sworn September 14, 2005, the Notice of Motion and Motion Record of counsel to Thundersky dated September 19, 2005, the affidavit of Sander Esserman sworn October 11, 2005, the supplemental affidavit of Thundersky sworn October 7, 2005;

(c)  the Notice of Motion and affidavit of Yves Lauzon sworn September 16, 2005;

and on hearing the submissions of counsel for: (a) the Applicant; (b) Association Des Consommatuers Pour La Qualité Dans La Construction and Jean-Charles Dextras, Viviane Brosseau and Léotine Roberge-Turgeon (collectively, the "Québec Plaintiffs"), who consent to the Order; (c) the Crown, who also consents to the Order; (d) Thundersky; and (e) Merv Nordick and Ernest Spencer et. al., and upon being advised that no other person has appeared on this date or served and filed responding materials on this motion:

- 3 -

1. **THIS COURT ORDERS** that the time for service of the Applicant's Notice of Motion and Motion Record in support of this Motion be and it is hereby abridged such that the Motion is properly returnable today, and, further, that any requirement for service of the Notice of Motion and of the Motion Record upon any interested party, other than the parties herein mentioned, is hereby dispensed with.

2. **THIS COURT ORDERS** that the Modified Preliminary Injunction, as amended, be and is hereby recognized and shall be effective in Canada in accordance with its terms.

3. **THIS COURT ORDERS** that until and including such time as the Stay Period expires, no suit, action, enforcement process, extra-judicial proceeding or other proceeding relating to, arising out of or in any connected to damages or loss suffered, directly or in directly, from asbestos, asbestos contamination or asbestos related diseases arising out of the exposure to or use of asbestos products in Canada manufactured, sold or distributed by any of the Applicant, the U.S. Debtors or the Affiliated Entities, shall be commenced against the Crown and any such suits, actions, enforcement processes, extra-judicial proceedings or other proceedings already commenced against the Crown be and are hereby stayed and suspended.

4. **THIS COURT ORDERS** that the Stay Period referred to at paragraphs 4 and 5 of the Initial Order be and is hereby extended and continued to April 1, 2006.

_____
JOSEPH P VAN TASSEL
REGISTRAR

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

NOV 17 2005

PER/PAR:

IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED AND IN THE MATTER OF GRACE CANADA, INC

Court File No: 01-CL-4081

**ONTARIO
SUPERIOR COURT OF JUSTICE**

Proceeding commenced at Toronto

**ORDER**

**OGILVY RENAULT LLP**
Barristers & Solicitors
Suite 3800, PO Box 84
Royal Bank Plaza, South Tower

200 Bay Street
Toronto, Ontario  M5J 2Z4

**DERRICK C. TAY**
LSUC #21152A
Tel:    416.216.4832
Fax:    416.216.3930

**ORESTES PASPARAKIS**
LSUC # 36851T
Tel: 416.216.4815
Fax: 416.216.3930

Solicitors for the Applicant

2005 CarswellOnt 6648, 17 C.B.R. (5th) 275

Page 1

2005 CarswellOnt 6648

Grace Canada Inc., Re

IN THE MATTER OF S. 18.6 OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF GRACE CANADA INC.

Ontario Superior Court of Justice [Commercial List]

Farley J.

Heard: November 14, 2005
Judgment: November 14, 2005
Docket: 01-CL-4081

© Thomson Reuters Canada Limited or its Licensors. All rights reserved.

Counsel: D. Tay, O. Pasparakis, J. Stam for Plaintiffs, Grace Canada Inc.

E. Merchant for Merv Nordick, Ernest Spencer

K. Ferbers for Raven Thundersky

Ian Dick for Attorney General of Canada

Michel Bélanger, Jean-Philippe Lincourt, Matt Moloci for Association Des Consommatuers Pour La Qualité Dans La Construction, Jean-Charles Dextras, Viviane Brosseau, Léotine Roberge-Turgeon

Subject: Insolvency; Civil Practice and Procedure

Bankruptcy and insolvency --- Proposal — Companies' Creditors Arrangement Act — Arrangements — Effect of arrangement — Stay of proceedings

Quebec plaintiffs in their putative class proceedings worked out arrangement with federal Crown — As result, Quebec plaintiffs were not proceeding with their request to lift stay and other ancillary relief — Saskatchewan plaintiffs were not opposed to Grace relief — Stay was extended to April 1, 2006, and included proceedings against federal Crown related to Grace proceedings in class actions — Modified preliminary injunction granted on January 22, 2002, by US Bankruptcy Court was recognized pending further order of Canadian court — There had been recognition in US Bankruptcy Court that Canadian proceedings would be governed by Canadian substantive law.

**Cases considered by *Farley J.*:**

*Babcock & Wilcox Canada Ltd., Re* (2000), 2000 CarswellOnt 704, 5 B.L.R. (3d) 75, 18 C.B.R. (4th) 157 (Ont. S.C.J. [Commercial List]) — considered

*Campeau v. Olympia & York Developments Ltd.* (1992), 14 C.B.R. (3d) 303, 14 C.P.C. (3d) 339, 1992 CarswellOnt 185 (Ont. Gen. Div.) — referred to

*Canada Systems Group (EST) Ltd. v. Allen-Dale Mutual Insurance Co.* (1982), 29 C.P.C. 60, 137 D.L.R. (3d) 287, 1982 CarswellOnt 461 (Ont. H.C.) — referred to

*Canada Systems Group (EST) Ltd. v. Allen-Dale Mutual Insurance Co.* (1983), 41 O.R. (2d) 135, 33 C.P.C. 210, 145 D.L.R. (3d) 266, 1983 CarswellOnt 397 (Ont. Div. Ct.) — referred to

*Eagle River International Ltd., Re* (2001), (sub nom. *Sam Lévy & Associés Inc. v. Azco Mining Inc.*) 2001 SCC 92, 2001 CarswellQue 2725, 2001 CarswellQue 2726, 30 C.B.R. (4th) 105, (sub nom. *Sam Lévy & Associates Inc. v. Azco Mining Inc.*) 207 D.L.R. (4th) 385, (sub nom. *Lévy (Sam) & Associés Inc. v. Azco Mining Inc.*) 280 N.R. 155, (sub nom. *Sam Lévy & Associés Inc. v. Azco Mining Inc.*) [2001] 3 S.C.R. 978 (S.C.C.) — considered

*Lehndorff General Partner Ltd., Re* (1993), 17 C.B.R. (3d) 24, 9 B.L.R. (2d) 275, 1993 CarswellOnt 183 (Ont. Gen. Div. [Commercial List]) — referred to

*Noma Co., Re* (2004), 2004 CarswellOnt 5033 (Ont. S.C.J. [Commercial List]) — referred to

**Statutes considered by *Farley J.*:**

*Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36

    Generally — referred to

DETERMINATION of motions regarding stay of proceedings and related matters.

*Farley J.*:

1  This endorsement applies to the 3 motions of Grace, the Quebec class proceeding and the Manitoba class proceeding.

2  The Quebec plaintiffs in their putative class proceedings have worked out an arrangement with the Federal Government. As a result they are not proceeding with their request to lift the stay and other ancillary relief, but without prejudice to it or similar relief being sought if the insolvency/CCAA recognition proceedings get bogged down. The Grace relief was then supported by the Quebec plaintiffs.

3  The "Sask" plaintiffs (represented by the Merchant firm were not opposed to the Grace relief.

4  The Manitoba plaintiffs represented by the Atkins firm took the position that the Grace relief was all right so long as it did not apply to their proceedings except that judgment would not be enforced without leave of this court.

5  It would seem to me that the various class proceedings would benefit from cooperation and coordination — using the 3Cs of the Commercial List (communication, cooperation and common sense). Otherwise they will be

faced with the practical problem of fighting amongst themselves as to a turf war and running the risk of being divided and therefore susceptible to being conquered.

6    The stay is extended to April 1, 2006 and includes proceedings against the Federal Crown related to the Grace proceedings in these class actions. As well the Modified Preliminary Injunction granted on January 22, 2002 by the US Bankruptcy Court is recognized pending further order of this Court.

7    The foregoing does not prevent any of the parties entering into consensual resolutions with the Federal Crown.

8    I note that the Grace interests represented before me today indicated that it was their goal to emerge from their insolvency proceedings as soon as reasonably possible but under the guidelines that there be justice for all affected persons.

9    I also note that there has been recognition in the US Bankruptcy Court that Canadian proceedings will be governed by Canadian substantive law.

10    The foregoing relief granted is pursuant to the principles set out in *Babcock & Wilcox Canada Ltd., Re* (2000), 18 C.B.R. (4th) 157 (Ont. S.C.J. [Commercial List]) and is in furtherance of the long standing respect for comity extended by the courts of this country for the courts of the US and vice versa.

11    It would seem to me that the insolvency adjudicative proceedings would, at least under presently anticipated circumstances, result in a more effective efficient process than would a full-blown class action proceeding.

12    I concur with the views of the US court in *Maryland Casualty* re respect to the necessity/desirability of a stay against the Federal Crown as a "3rd party" given the interrelated aspects of the claims against the Crown and Grace. There would in my mind be a considerable risk of record taint if the action against the Crown were allowed to proceed on its own without direct Grace evidence and counsel. See also *Campeau v. Olympia & York Developments Ltd.* (1992), 14 C.B.R. (3d) 303 (Ont. Gen. Div.); *Canada Systems Group (EST) Ltd. v. Allen-Dale Mutual Insurance Co.* (1982), 137 D.L.R. (3d) 287 (Ont. H.C.), aff'd (1983), 145 D.L.R. (3d) 266 (Ont. Div. Ct.); *Noma Co., Re*, [2004] O.J. No. 4914(Ont. S.C.J. [Commercial List]); *Lehndorff General Partner Ltd., Re* (1993), 17 C.B.R. (3d) 24 (Ont. Gen. Div. [Commercial List]).

13    The stay does not affect the ability of the plaintiffs from coming back to court if they feel that there is foot dragging or other elements of prejudice.

14    I note that the Federal Crown may accept service of the Sask claim without that being an infringement of the stay now imposed (and previously requested). This is without prejudice to the Crown moving for relief on, say, a limitations point.

15    What the Manitoba plaintiffs are in essence requesting is that they obtain a leg up on all other Canadian plaintiffs (and US plaintiffs) and that there be by this court somewhat of a quasi-certification, although indicating that the actual certification would be dealt with by the Manitoba court.

16    This would result in a lack of single control in insolvency proceedings which was cautioned against in *Eagle River International Ltd., Re*, [2001] 3 S.C.R. 978 (S.C.C.). It would also fragment and possibly destabilize the other proceedings by other affected persons (including those claiming for personal injury including serious personal injury). In saying that I in no way wish to or intend to be taken as minimizing the terrible tragedy

which has befallen the Thundersky/Bruce family.

17     I look forward to seeing that continued timely progress is being made with respect to this insolvency proceeding including the effective efficient way of dealing with personal injury and property damage claims. The information officer should ensure that this court and affected parties including these class action plaintiffs are kept abreast of proposed material developments and their outcome. That is the report on the regular time period basis should be the minimum.

18     The motion of the Manitoba plaintiffs is dismissed, but without prejudice to similar or other relief being sought in the future based on a change in circumstances.

*Order accordingly.*

END OF DOCUMENT

Copr. (c) West 2008 No Claim to Orig. Govt. Works