# EXHIBIT A

**Form of** *Stipulation Resolving Claims of James and Anna Grau, and Harry Grau & Sons, Inc. (Claim Nos. 9687 And 9688)*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

## STIPULATION RESOLVING CLAIMS OF JAMES and ANNA GRAU, AND HARRY GRAU & SONS, INC. (CLAIM NOS. 9687 and 9688)

This stipulation ("Stipulation") is entered into as of latest date on the last page hereof, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and James and Anna Grau, and Harry Grau & Sons, Inc. (collectively, the "Claimants").[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined in this Stipulation shall have the meanings ascribed to them, as the case may be, in the *Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding*, [Docket no. 936] (the "Omnibus Settlement Procedures Order") or the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., Et Al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009*, as thereafter amended (the "Plan").

91100-001\DOCS_DE:159860.1

## STATEMENT OF FACTS

**WHEREAS**, on April 22, 2002, the Court entered its *Order as to all Non-Asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving Notice Program*, which established March 31, 2003 as the Bar Date for the filing of certain pre petition (a) non asbestos, (b) asbestos property damage, and (c) medical monitoring claims. [Docket No. 1963];

**WHEREAS**, on September 18, 2001, the Court entered its Omnibus Settlement Procedures Order, which provides, in relevant part, that the Debtors may settle claims at their discretion for amounts less than $1 million per claim (but more than $50,000) without further order of this Court only if: (a) the Debtors provide twenty (20) days written notice of the terms of any such settlement to the Negative Notice Parties via facsimile transmission; and (b) the Negative Notice Parties do not object to those terms in writing within the foregoing twenty (20) day period;

**WHEREAS**, the Omnibus Settlement Procedures Order permits the Debtors to execute this Stipulation three (3) days after filing a certificate of no objection with the Court;

**WHEREAS**, on or about December 2, 1998, the Debtors and the Claimants entered into a *Remediation Agreement* (the "Agreement"), in connection with approximately 5.509 acres of real property located in Campbell County, Kentucky, with an address of 112 North Street, Wilder, Campbell County, Kentucky (the "Grau Property") setting forth certain responsibilities for the Debtors and the Claimants with respect to environmental remediation at the Grau Property;

**WHEREAS**, on or about March 31, 1999, the Debtors sold the Grau property to the Claimants pursuant to a Purchase and Sale Agreement between the parties dated December 2, 1998;

2

**WHEREAS**, on or about March 28, 2003, Claimants filed two proofs of claim (Claim No. 9687 and Claim No. 9688, together the "Proofs of Claim", which are attached hereto as Exhibit A & Exhibit B, respectively):

| Claim No. | Location | Amount | Priority | Basis |
|---|---|---|---|---|
| 9687 | Wilder, KY | $800,000 | Unsecured | Environmental remediation response costs |
| 9688 | Wilder, KY | $800,000 | Unsecured | Environmental remediation response costs |

**WHEREAS** on October 27, 2008, Claimants entered into a *Settlement Agreement* with the United States Environmental Protection Agency, Region 4, pursuant to which the Claimants liquidated their potential civil liability regarding the Grau Property in the amount of $85,000;

**WHEREAS**, the Debtors and Claimants have now agreed to settle the Claims on the terms and conditions set forth herein (the "Settlement");

**NOW, THEREFORE**, after a thorough review of the Proofs of Claim, discussion and negotiations, for good and valuable consideration, the parties hereby stipulate and agree that, as of the date on which this Stipulation becomes effective:

## THE SETTLEMENT

1. Claim No. 9687 shall be Allowed as a General Unsecured Claim (the "Allowed Claim"), as those terms are defined by the Plan, in the amount of $85,000. Any interest payable under the Plan on general unsecured claims shall commence accruing on Claim No. 9687 as of August 6, 2009, at the rate specified in the Plan. Claim No. 9687 shall be paid in the same manner as all other similar situated General Unsecured Claims pursuant to the Plan (except with respect to the payment of interest as described above). All other amounts outlined in or related to Claim No. 9687 relating to the Grau Property shall hereby be disallowed.

2. Claim No. 9688 shall be deemed disallowed for all purposes.

## INJUNCTION

3. Claimants shall be forever barred, estopped, and enjoined from asserting against the Debtors, other than on the terms and conditions forth in this Stipulation and in the Agreement, any other or additional claims, liabilities, or causes of action arising from or related to the Grau Property of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise.

## NECESSARY ACTIONS

4. Pursuant to the Omnibus Settlement Procedures Order:

   a. As soon as reasonably practicable after the Debtors and Claimants execute this Stipulation, the Debtors shall file and serve a notice of settlement (the "Settlement Notice") as provided in ¶ (f) of the Omnibus Settlement Procedures Order;

   b. The Settlement Notice shall provide for a twenty-day period during which written objections to the proposed terms of the Settlement may be made;

   c. If no written objections are made, the Debtors shall file a certificate of no objection stating that no written objections to the Settlement had been made; and

   d. Three days after the filing of the certificate of no objection, this Stipulation and the Debtors' signature(s) hereon shall become binding on the Debtors.

5. If a written objection to the Settlement is made, the Court shall enter an order resolving that written objection before this Stipulation and the Debtors' signature(s) hereon shall become binding on the Debtors.

6. The Debtors shall direct their claims agent Rust Consulting, Inc. to record the Allowed Claim No. 9687 as an Allowed Claim in the amount of $85,000 and to record Claim No. 9688 as disallowed for all purposes, each on the terms and conditions set forth in this Stipulation.

91100-001\DOCS_DE:159860.1

7. The parties shall take whatever additional action, if any, is necessary to make sure that the specified Claim No. 9687 is allowed as outlined herein.

## MISCELLANEOUS

8. **Integration**. This Stipulation and any other documents to be executed in connection herewith shall constitute the sole and complete agreement of the parties hereto with respect to the matters addressed herein.

9. **Amendment**. This Stipulation may not be amended except by a writing signed by all parties to this Stipulation.

10. **Counterparts**. This Stipulation may be executed in counterparts each of which shall constitute an original and all of which shall constitute one and the same agreement.

11. **Full Power and Authority**. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

12. **No Admissions**. This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to the matters set forth herein.

13. **Headings**. Headings in this Stipulation are descriptive only and shall have no legal force or effect.

14. **Retention of Jurisdiction.** The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto for the duration of the performance of the terms and provisions of this Stipulation for the purpose of enabling any of the parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Stipulation or to effectuate or enforce compliance with its terms.

**The following Parties enter into this Stipulation on behalf of:**

| **Harry Grau & Sons, Inc., James Grau, an individual, and Anna Grau, an individual** | **W. R. Grace & Co., et al., Debtors** |
|---|---|
| /s/ Timothy J. Hurley | By: /s/ William M. Corcoran |
| Timothy J. Hurley | William M. Corcoran |
| Counsel for Harry Grau & Sons, Inc., James Grau, an individual, and Anna Grau, an individual | Vice President, Public and Regulatory Affairs |
| Taft Stettinius & Hollister LLP | W.R. Grace & Co. |
| 425 Walnut Street, Suite 1800 | 7500 Grace Drive |
| Cincinnati, OH 45202 | Columbia, Maryland 21044 |
| Date: 5/6/10 | Date: 5/7/10 |