IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: July 12, 2010, at 10:30 a.m.** |
| | ) | **Objection Deadline: June 7, 2010 at 4:00 p.m.** |
| | ) | |

## MOTION TO RE-OPEN FRAUDULENT CONVEYANCE ADVERSARY PROCEEDINGS TO PERMIT THE FILING OF REMAINING QUARTERLY FEE APPLICATIONS AND ALLOWANCE AND PAYMENT OF REMAINING HOLDBACKS

The Debtors hereby request entry of an order re-opening adversary proceedings 02-2210 and 02-2211 in order to: (i) permit the filing of certain remaining quarterly fee applications relating to the long since resolved and closed fraudulent conveyance adversary proceedings, and (ii) allow the payment of the remaining 20% holdbacks of legal fees owed to certain professionals in those proceedings. In support of this motion, the Debtors state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**JURISDICTION**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2.      In March 2002, the adversary proceedings entitled: *Official Committee of Asbestos Personal Injury Claimants, et al. v. Sealed Air Corporation and Cryovac, Inc., et al.,* Adversary No. 02-2210 and *Official Committee of Asbestos Personal Injury Claimants, et al, vs. Fresenius Medical Care Holdings, Inc., et al.,* Adversary No. 02-2211, were commenced (collectively, the "Adversary Proceedings"). Certain professionals were authorized to perform certain services in the Adversary Proceedings and in that regard incurred fees and expenses.

3.      On July 10, 2002, District Judge Wolin entered an order withdrawing the reference from the Bankruptcy Court over the determination of the fees and expenses incurred in the Adversary Proceedings ( the "Withdrawal Order")(Adv. Docket No. 87). The Withdrawal Order also outlined and approved procedures by which certain professionals would be compensated in the Adversary Proceedings and incorporated the Bankruptcy Court's administrative fee order dated April 17, 2002 (the "Fee Order"). Thereafter, pursuant to the Withdrawal Order and the Fee Order, the professionals periodically filed and were paid fees and expenses.

4       In November, 2002, the Adversary Proceedings were settled in principal. However, due to the complex nature of the settlements, the settlement of the Fresenius Adversary Proceeding (02-2211) was not approved until June 25, 2003 and the settlement of the Sealed Air Adversary Proceeding (02-2210) was not approved until June 27, 2005.   In the meantime, District Judge Wolin was recused and on January 13, 2005, District Judge Buckwalter entered an

2

order referring "the Sealed Air Settlement Motion ... and any related pleadings" to the Bankruptcy Court (Docket No. 7547). This order, however, did not address referral of the professional fees that had been or would continue to be incurred in the Adversary Proceedings.

5.      Due to the settlement of the Adversary Proceedings, recusal of Judge Wolin and transfer of the Sealed Air matters back to the Bankruptcy Court, many of the fee applications filed by the professionals in the Adversary Proceedings were never acted upon. And, while the Debtors paid the 80% in fees and 100% in expenses owed to the professionals, which was permitted by the Fee Order, the fee applications themselves and payment of the 20% holdbacks were not approved by the Court.

6.      The Debtors recently conducted an audit of their books and records with respect to their payment of fees and expenses to all of the professionals retained in these chapter 11 cases. As a result of that audit, the Debtors discovered that there still remain fee applications from the Adversary Proceedings that have not been approved by the Court and holdbacks that have not been, thus, paid.

7.      As a result, on March 29, 2010, certain professionals who have outstanding fees owed from the Adversary Proceedings filed their *Motion for Entry of Order Approving Remaining Fee Applications Relating to Fraudulent Conveyance Adversary Proceedings and Allowing the Payment of Remaining Holdbacks for Services Rendered* ( Docket No. 24526) ( the "Fee Motion.") Because the Adversary Proceedings were closed, the professionals filed the Fee Motion in the Bankruptcy case.

8.      On April 23, 2010, the Court entered an Order dismissing the Fee Motion. (Docket No.  24660). The Order dismissing the Fee Motion pointed out two procedural errors in the Fee Motion that prevented the Court from granting the relief requested. First, the Fee Motion

DOCS_DE:159979.1

and certain of the related fee applications were not filed in the Adversary Proceedings and the

Adversary Proceedings were closed in 2005. Second, the reference with respect to the fee

applications was withdrawn by the District Court by the Withdrawal Order dated July 11, 2002 at

Adversary Docket No. 87 and no order had been entered referring the fees back to the

Bankruptcy Court.

**RELIEF REQUESTED**

9.      As a result, by this Motion, the Debtors seek to remedy the first of the procedural

issues identified by the Court in its April 23, 2010 Order by requesting that the Adversary

Proceedings be re-opened so that the professionals may file their remaining quarterly fee

applications and the Fee Motion in the Adversary Proceedings. Thereafter, the Debtors will

request the District Court refer the fee matters back to the Bankruptcy Court so that the

Bankruptcy Court may approve the fee applications and rule on the Fee Motion. The

Bankruptcy Court is the appropriate Court to rule on the remaining fee issues because it is the

Court which ultimately addressed all of the remaining matters that were pending in the

Adversary Proceedings.

10.     Entry of the Order requested by this Motion is in the best interests of the estates

and their creditors in that it will permit the Debtors to fully comply with the Fee Order and pay

all remaining outstanding fees owed to the professionals.

**NO PREVIOUS MOTION**

11.     No previous motion for the relief sought herein has been made to this or any other

court.

4

## NO BRIEFING SCHEDULE

12.     The Debtors respectfully submit that this Motion does not present any novel issues of law requiring briefing.  Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Del. Bankr. L.R. 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

## NOTICE

13.     Notice of this Motion has been given to:  (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives;   and (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.


WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto, re-opening the Adversary Proceedings so that the professionals may re-file their remaining quarterly fee applications and the Fee Motion in the Adversary Proceedings where the fees were incurred and, once the

reference is reinstated, obtain an order awarding the remaining 20% holdback of legal fees still outstanding.

Dated: May 14, 2010

KIRKLAND & ELLIS LLP
Theodore L. Freedman
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession