IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., *et al.*, | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Related to Docket No. 21345, 24407, 24423** |

**OBJECTION OF MARYLAND CASUALTY COMPANY TO THE PROPOSED
PARTICIPATION OF THE LIBBY CLAIMANTS IN THE DEBTORS' OBJECTION TO
CLAIMS FILED BY MARYLAND CASUALTY COMPANY**

Maryland Casualty Company ("MCC"), by and through its undersigned counsel, hereby objects to the proposed participation of an unaffiliated group of individuals asserting asbestos-related bodily injury claims arising from W.R. Grace operations in Libby, Montana (collectively "Libby Claimants") in the contested matter initiated by *Debtors' Objection to Claims filed by Maryland Casualty Company* [Docket No. 21345] ("Claims Objection").

### I.    BACKGROUND

**A.    Bankruptcy Filing and Proofs of Claim**

The above-captioned debtors ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") with this Court on April 2, 2001. Subsequently, MCC timely filed sixty-two (62) separate proofs of claim ("Proofs of Claim") – one proof of claim against each of the sixty-two (62) Debtors. Each Proof of Claim asserts separate, independent claims against the respective Debtor in whose bankruptcy case the Proof of Claim was filed. The Proofs of Claim properly assert valid claims for the Debtors' joint and several liability arising from both contractual indemnity rights under settlement agreements between MCC and the Debtors, and MCC's common law indemnity and contribution rights (collectively "MCC Claims").

**B.     First Amended Plan**

On February 27, 2009, Debtors filed the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated as of February 27, 2009* [Docket No. 20872] ("Plan").  Under the Plan, MCC is a Settled Asbestos Insurance Company[1] protected by the Asbestos Insurance Channeling Injunction from any and all Asbestos PI Claims.  Although the Debtors have classified all of the MCC Claims as Class 6 Claims under the Plan, MCC asserts that it holds both Class 6 Claims and Class 9 Claims.[2]  MCC's objection to the Plan on the basis of misclassification is pending before the Court.

**C.     Claims Objection**

On April 21, 2009, Debtors filed the Claims Objection seeking to disallow, in their entirety, all of MCC's Proofs of Claim.[3]  On March 5, 2010, MCC filed its *Response of Maryland Casualty Company in Opposition to Debtors' Objection to Claims* [Docket No. 24407].  On March 9, 2010, the Libby Claimants filed the *Joinder of Libby Claimants in the Debtors' Objection to Claims filed by Maryland Casualty Company* [Docket No. 24423] ("Libby Claimants' Joinder").

---

[1] Capitalized terms not defined herein have the meaning defined by the Plan.

[2] *See Maryland Casualty Company's Brief in Support of its Phase II Objections to First Amended Plan,* dated July 13, 2009 [Docket No. 22426].

[3] The portion of the Claims Objection based on section 502(e) of the Bankruptcy Code was withdrawn.

2

## II.    ARGUMENT

With a non-substantive, one paragraph document, the Libby Claimants have purported to "join" this contested matter. However, the concept of "joinder" exists neither under the Federal Rules of Bankruptcy Procedure, nor under the Federal Rules of Civil Procedure. Thus, the Libby Claimants' Joinder is an ineffective, meaningless pleading. The Libby Claimants have no right to participate in the adjudication of the Debtors' Claims Objection unless an appropriate application to do so is submitted to and granted by this Court. More importantly, the Libby Claimants lack standing to participate in this contested matter. Finally, even if the Libby Claimants have standing to intervene, they should not be permitted to do so.

### A.    **The Libby Claimants Do Not Have Standing to Object to MCC's Proofs of Claim**

A creditor does not have standing to object to another creditor's claim if the debtor has already filed an objection to the claim. *In re Dow Corning Corp.*, 244 B.R. 721, 750 (Bankr. E.D. Mich. 1999). As the *Dow Corning* court stated:

> It is a well settled rule that creditors cannot object to the claims of other creditors in straight bankruptcy proceedings. This is so because in such proceedings it is the duty of the trustee to represent all the creditors and object [to] the allowance of such claims as may be improper. Under such a situation a creditor would lack standing to object to such claims.

*Id.* (*citing In re Charter Co.*, 68 B.R. 225, 227 (Bankr. M.D. Fla. 1986)); *see also In re Trusted Net Media Holdings, LLC*, 334 B.R. 470, 472 (Bankr. N.D. Ga. 2005)("[A] creditor does not have standing to contest the validity of proofs of claim where the chapter 7 trustee has filed and is prosecuting objections to these claims in accordance with the trustee's statutory duties and authority.").

The Debtors have filed and are actively prosecuting the Claims Objection. Therefore, the Libby Claimants do not have standing to object to MCC's Proofs of Claim.

B.  **The Libby Claimants Have The Burden To Move And Demonstrate Cause For Intervention, But Have Done Neither**

Even if this Court finds that the Libby Claimants have standing to participate in the prosecution of the Claims Objection, the Libby Claimants must still move for and demonstrate a right to do so. *In re Coram Resource Network, Inc.*, 305 B.R. 386, 388 (Bankr. D. Del. 2004). As discussed above, "joinder" is not a procedure that is recognized by the applicable rules, and the Libby Claimants' Joinder cites no authority or argument in support of its purported purpose. The only analogous procedural mechanism that would permit the Libby Claimants' participation in the contested matter is intervention. A party seeking intervention has the burden of demonstrating a right to intervene. *Coram,* 305 B.R. at 387. The Libby Claimants have failed to move for or meet this burden, and thus have no right to participate in this contested matter.

C.  **The Libby Claimants Should Not Be Permitted To Intervene**

The appropriate authority for seeking intervention in a contested matter is Rule 2018 of the Federal Rules of Bankruptcy Procedure. *In re Russell Corp.*, 156 B.R. 347, 349 (Bankr. N.D. Ga. 1993); *see also In re City of Bridgeport*, 128 B.R. 686, 687 (Bankr. D. Conn. 1991) (*citing Metro North State Bank v. Barrick Group, Inc.*, 98 B.R. 133, 134-35 (Bankr. D. Conn. 1989))("If a peripheral party [in a Rule 9014 contested matter] wishes to file requests for discovery and/or join in the evidentiary hearing, leave to intervene should be sought under Rule 2018(a)."). Should the Libby Claimants properly seek to intervene, such an application must demonstrate that "cause" exists to permit intervention. Fed. R. Bankr. P. 2018. Specifically, the Libby Claimants must establish that they have a direct economic or other similar interest in the pending matter. *In re Morris Publishing Group LLC*, 2010 WL 599393 (Bankr. S.D. Ga.); *In re Ionosphere Clubs, Inc.,* 101 B.R. 844, 853 (Bankr. S.D. N.Y. 1989). Additionally, the Libby Claimants must show that their interests are not already adequately represented in the contested

matter. *Bridgeport,* 128 B.R. at 687-88 (*citing Ionosphere*, 101 B.R. at 853). Finally, the Libby Claimants must show that their eleventh hour attempted intervention is not prejudicial to MCC. *Id.*

### 1. The Libby Claimants Do Not Have A Direct Pecuniary Interest In The Claims Objection.

The Libby Claimants should not be permitted to intervene in the contested matter because they do not have a direct economic interest in the allowance or disallowance of the MCC Claims. *See In re Gulf States Petroleum Corp.*, 2006 WL 2846867 (Bankr. W.D.La) (creditor does not have standing to object to claims if he holds no pecuniary interests that are directly affected by the bankruptcy proceedings); *In re FBN Food Services, Inc.*, 1995 WL 230958 at *4 (N.D. Ill.) (affirming bankruptcy court conclusion that creditor was not a party in interest with standing to challenge other creditor's claim where creditor has no legally protected interest in the allowance or disallowance of another creditor's claim); *In re QMect, Inc.*, 349 B.R. 620, 625 (Bankr. N.D. Cal. 2006).

While the Libby Claimants continue to allege that MCC has independent liability to them,[4] any such liability will not be altered by the allowance or disallowance of the MCC Claims against the Debtors. Further, the allowance or disallowance of the MCC Claims will not have any effect on the Libby Claimants' potential recovery under the Plan.

Under the Plan, Class 6 Claims such as the claims held by the Libby Claimants will be administered by and paid exclusively from the Asbestos PI Trust. In contrast, Class 9 Claims will be paid by the Debtors. Thus, holders of Class 6 Claims have no stake in the administration

---

[4] This Court found no basis for the Libby Claimants' allegations of independent liability against MCC. *See, e.g. Transcript of Hearing held on August 26, 2002*, dated September 9, 2002 (U.S. Bankruptcy Court, D. Del. Case No. 01-01139, Docket No. 2670), at 15.

5

or allowance of Class 9 Claims, and the Libby Claimants have no pecuniary or other interest in the MCC Claims that are Class 9 Claims.

As to Class 6 Claims, while the Libby Claimants and MCC would appear to have competing interests to the *res* of the Asbestos PI Trust, they do not. Class 6 MCC Claims will only be triggered by Asbestos PI Claims against MCC,[5] and the Asbestos PI Trust will only be called upon to pay MCC to the extent that MCC has been asked to pay damages to the holder of an Asbestos PI Claim. The holder of an Asbestos PI Claim cannot (legally) recover his damages twice. Thus, if any Libby Claimant recovers his damages against MCC, that Libby Claimant will have no further stake in the *res* of the Asbestos PI Trust, and any recovery from the Asbestos PI Trust by MCC on account of that claim will have no affect on the Claimant.

Of course, the Libby Claimants will argue that their "interest" in the allowance of the MCC Claims is much more broad than competition over the *res* of the Asbestos PI Trust. However, any such broader interest is collateral, and is insufficient to warrant intervention. *See FNB Food Services,* at *2.

### 2. The Debtors Are The Proper Party To Prosecute The Claims Objection, And They Adequately Represent The Interests Of All Parties In Interest.

While Section 502 of the Bankruptcy Code provides a "party in interest" the right to object to other creditors' claims, it is well-settled that this right nevertheless has limits. *In re Dow Corning Corp.*, 244 B.R. 721, 750 (Bankr. E.D. Mich. 1999) (*citing* 4 *Collier on Bankruptcy*, ¶ 502.02[2][d], at 502-15 (relying in part on *Fred Reuping Leather Co. v. Fort Greene Nat'l Bank*, 102 F.2d 372, 372-73 (3d Cir. 1939))); *see also In re Simon*, 179 B.R. 1, 7 (Bankr. D. Mass. 1995)("If every creditor were entitled to challenge the claim of another creditor filed in a particular case, an orderly administration could degrade to chaos."). Most courts hold

---

[5] If the Plan is confirmed, these will be enjoined by the Asbestos PI Channeling Injunction.

6

that, where a trustee is charged with administering a bankruptcy estate, a creditor can object to the claim of another creditor only if, upon demand, the trustee refuses to do so and the court grants the creditor the right to act on behalf of the trustee. *Dow Corning*, 244 B.R. at 750. "This result is, of course, the same in a chapter 11 case where the debtor fills the role of trustee." *Id.* at 751 (*citing* 11 U.S.C. § 1107(a)).

The Debtors are actively prosecuting the Claims Objection. Even assuming, *arguendo*, that the Libby Claimants have an interest in the Claims Objection, any such interest is adequately represented by the Debtors. When a party seeking intervention has the same "ultimate objective" as a party to the suit, "a presumption arises that its interests are adequately represented." *In re StingFree Technologies Comp.,* 2010 WL 1381414 *8 (E.D. Pa.). Here, the Debtors and the Libby Claimants have the same "ultimate objective": to disallow MCC's Proofs of Claim. The Debtors filed the Claims Objection on their own initiative, and permitting the Libby Claimants to duplicate that pursuit would unnecessarily complicate this contested matter with no corresponding benefit to the estate. *See Dow Corning,* 244 B.R. at 751.

### 3. Any Attempted Intervention By The Libby Claimants Is Untimely And Prejudicial.

The Libby Claimants Joinder was filed nearly a year after the Claims Objection was filed. The Libby Claimants have offered no reason for this delay, and have yet to properly seek intervention. This delay is significant, as it bridged virtually the entire Plan confirmation process, during which parties such as MCC carefully analyzed, developed and litigated their positions based on existing filings in this case. Only after <u>all</u> Plan objections, hearings and briefs were completed, and only after MCC responded to the Claims Objection, did the Libby Claimants attempt to "join." MCC is prejudiced by this tactical delay and the Libby Claimants should not be permitted to play a substantive role in the Claims Objection litigation.

### D. Should This Court Permit The Libby Claimants To Intervene, It Should Limit The Scope Of Such Intervention

Even if a party has the right to intervene, the Court may limit the scope of that party's participation. *9 Collier on Bankruptcy,* ¶2018.04[2], at 2018.6; *see also, In re Alterra Healthcare Corp.*, 353 B.R. 66, 70-71 (Bankr. D. Del. 2006). The Debtors are certainly capable of prosecuting the Claims Objection without the duplicative and unnecessary efforts of a third party constituency and its counsel. Therefore, should this Court grant any intervention application that the Libby Claimants may make, it should strictly limit their participation in this contested matter.

Efficiency must be maintained and the Libby Claimants must not be permitted the opportunity to sidetrack the litigation with their own agenda. For instance, the Court should not permit the Libby Claimants to issue or directly participate in discovery against MCC. Additionally, the Libby Claimants should not be permitted to submit independent evidence at any hearing on the Claims Objection. Any written submissions by the Libby Claimants should be strictly limited to five pages or less so as to reduce repetition and burden on MCC and the Court. Finally, this Court should be prepared to enforce the spirit of these limitations to address any creative efforts by the Libby Claimants to avoid them.

### III. CONCLUSION

The Libby Claimants have not and cannot meet their burden for participation in this contested matter. As such, this Court should not permit the Libby Claimants to disrupt the Claims Objection proceedings, nor should it permit them to pursue (as they have done throughout this case) inappropriate, collateral relief through this contested matter.

For the foregoing reasons and authorities, MCC respectfully requests that the Court (i) strike the Libby Claimants' Joinder, (ii) prohibit any substantive participation in the Claims Objection by the Libby Claimants, and (iii) grant such other and further relief as the Court deems just and proper.

Dated: May 19, 2010                    CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Jeffrey C. Wisler
Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
Kelly M. Conlan (#4786)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile

OF COUNSEL:

Edward J. Longosz, II
Gabriella Cellarosi
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1747 Pennsylvania Avenue, N.W.,
Suite 1200
Washington, DC  20006
(202) 659-6600 Telephone
(202) 659-6699 Facsimile

Richard A. Ifft
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-7170 Telephone
(202) 719-7049 Facsimile

*Attorneys for Maryland Casualty Company*

#773149v2