## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| W.R. Grace & Co., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 21345, 24407, 24423**<br>**Hearing Date: June 7, 2010 at 10:30 a.m.** |

## LIBBY CLAIMANTS' REPLY TO RESPONSE OF MARYLAND CASUALTY COMPANY IN OPPOSITION TO DEBTORS' OBJECTION TO CLAIMS

In accordance with the Court's Order Setting Various Dates Regarding Debtors' Objection to Maryland Casualty Company's Claims dated April 26, 2010 [Docket No. 24665], claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, submit this reply to the Response of Maryland Casualty Company in Opposition to Debtors' Claim Objection dated March 5, 2010 [Docket No. 24407] (the "Maryland Casualty Response"), and in support of the Debtors' Objection to Claims Filed by Maryland Casualty Company dated April 21, 2009 [Docket No. 21345] (the "Claims Objection") and the Joinder of the Libby Claimants in the Debtors' Objection to Claims Filed by Maryland Casualty Company dated March 9, 2010 [Docket No. 24423] (the "Libby Claimants' Joinder"). In support of this Reply, the Libby Claimants state:

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 24713], as it may be amended and restated from time to time.

## I.    <u>Preliminary Statement</u>

Maryland Casualty was the primary general liability insurer for Grace between 1962 and 1973.  In addition, Maryland Casualty's engineering division and medical division undertook in 1964 to design an industrial hygiene program for control and prevention of asbestos dust in Libby, which it called the Maryland Casualty Safety Program.  The Libby Claimants have sued Maryland Casualty in Montana and Maryland state courts alleging that, under Montana law, Maryland Casualty undertook a professional duty of reasonable care to the Libby workers, their families and the community, but that the Maryland Casualty Safety Program failed to meet even minimum standards and that Maryland Casualty intentionally concealed the ongoing danger from asbestos exposure (the "Maryland Casualty Litigation").  The claims in the Maryland Casualty Litigation are based entirely upon Maryland Casualty's own alleged misconduct.  The claims do not seek recovery under any insurance policy issued by Maryland Casualty to Grace.

In response to the Maryland Casualty Litigation, Maryland Casualty filed a series of claims against Grace in its bankruptcy case.  The claims assert a right of contractual indemnification from Grace based on the 1991 settlement agreement between Grace and Maryland Casualty whereby Maryland Casualty paid Grace a lump sum to settle outstanding coverage under policies that Maryland Casualty had issued to Grace (the "Settlement Agreement").  In order to protect Maryland Casualty from future claims under the settled policies, the Settlement Agreement contains Grace's agreement to indemnify Maryland Casualty from such claims.  The Settlement Agreement does not provide Maryland Casualty an indemnity against its own wrongdoing, just against its insurance obligations.

Maryland Casualty's assertion that Grace's indemnity extends to the Libby Claimants' claims against Maryland Casualty for its own torts has been considered and rejected by the U.S.

District Court for this District.  In an earlier appeal by the Libby Claimants, the District Court (Wolin, J.) concluded that Maryland Casualty's indemnity from Grace does not cover the claims asserted by the Libby Claimants in the Maryland Casualty Litigation.[2]  Ultimately the Third Circuit decided the appeal on other grounds, and thus vacated the District Court's decision. However, the District Court's analysis was and is correct.  The District Court properly determined that the "Settlement Agreement neither in its general terms nor in it[s] specific indemnification language provides for Grace to indemnify Maryland Casualty for Maryland Casualty's own negligence."  District Court Opinion, p. 21.  As the District Court explained, the indemnification provision "clearly relates solely to claims against Maryland Casualty based on the liability of Grace, or claims made under the policies.  It does not cover the insurer's direct liability to third parties for its own acts or omissions."  District Court Opinion, p. 19.  As more fully explained in the District Court's decision and in the Claims Objection, the District Court's construction of the Settlement Agreement is supported by a plain reading of the contract, especially in light of the well-established principle that an indemnity provision will not be construed to cover the indemnitee's own negligence "unless the court is firmly convinced that such an interpretation reflects the intention of the various parties."  United States v. Seckinger, 397 U.S. 203, 211 (1970).

The Libby Claimants expect that Grace will further demonstrate, in support of the Claims Objection, that Grace and Maryland Casualty intended the Settlement Agreement to supply an indemnity of Maryland Casualty for claims arising under its insurance policies to Grace and not for Maryland Casualty's own alleged wrongdoing.  Maryland Casualty's response to the Claims Objection—which to date has consisted solely of asserting judicial estoppel against Grace, lack of standing against the Libby Claimants and other parties joining in the Claims Objection, and

---

[2] A copy of the District Court's Memorandum Opinion (Case No. 02-1549) is attached hereto as Exhibit A.

lack of ripeness against all parties—seems designed simply to postpone the inevitable determination of the core issue:  Does the Settlement Agreement indemnify Maryland Casualty for its own alleged wrongdoing?  This is a straightforward issue of contract construction.  There need be no discovery or evidence other than on the narrow issue of the parties' intentions at the time they entered into the Settlement Agreement.  For the reasons set forth below, this Court should overrule Maryland Casualty's assertions concerning judicial estoppel, standing and ripeness so that, at the earliest possible date, this Court can provide the parties with a decision on the merits.

## II.    Argument

The Libby Claimants will demonstrate below, as a preliminary matter, that they have standing to join in and pursue the Claims Objection.  In addition, for the reasons set forth below, (i) judicial estoppel does not preclude this Court from reaching the merits of the Claims Objection, and (ii) the Claims Objection is ripe for adjudication.

### A.    Libby Claimants Have Standing to Object to the Proofs of Claim

Standing to object to claims under 11 U.S.C. § 502(a) is conferred on those who are a "party in interest."  The term is undefined in the Bankruptcy Code, but the legislative history accompanying Section 502(a) states: "[t]he Rules and case law will determine who is a party in interest for purposes of objection to allowance."  S. Rep. No. 95-989, at 63 (1978).  Caselaw establishes that in order to be a party in interest, a person must have a pecuniary interest in the estate to be distributed or a legally protected interest that could be affected by a bankruptcy proceeding.  E.g., Grausz v. Englander, 321 F.3d 467, 473 (4th Cir. 2003); Adair v. Sherman, 230 F.3d 890, 894 n.3 (7th Cir. 2000); In re FBN Food Servs., Inc., 82 F.3d 1387, 1391 (7th Cir. 1996); Willemain v. Kivitz, 764 F.2d 1019, 1022 (4th Cir. 1985); Kapp v. Naturelle, Inc., 611

F.2d 703, 706-07 (8th Cir. 1979); In re Bobroff, 1990 WL 178557 (E.D. Pa. 2000). As creditors in this bankruptcy case, the Libby Claimants have both a pecuniary interest in the estate to be distributed and a legally protected interest that could be affected by the bankruptcy proceeding. In sum, the Libby Claimants are parties in interest under Section 502(a) and have standing to object to Maryland Casualty's invalid Proofs of Claim.

**B.    The Libby Claimants Are Not Judicially Estopped from Arguing that Maryland Casualty's Claims Should Be Disallowed**

Maryland Casualty's argument for judicial estoppel rests entirely on alleged conduct of Grace. In its own Reply, Grace has argued persuasively that Grace is not judicially estopped from pursuing the Claims Objection. But regardless of whether Grace is estopped, there is no basis—and Maryland Casualty has asserted none—to estop the Libby Claimants, or for that matter the Official Committee of Asbestos Personal Injury Claimants and the Asbestos PI Future Claimants' Representative, which have also joined in the Claims Objection [Docket No. 24471].

Judicial estoppel can only be asserted against a party that has asserted irreconcilably conflicting positions before a court. See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 319-20 (3d Cir. 2003) (quoting Montrose Med. Group Participating Savings Plan v. Bulger, 243 F.3d 773, 779-80 (3d Cir. 2001)). The Libby Claimants have not asserted conflicting positions concerning Maryland Casualty. On the contrary, the Libby Claimants have consistently maintained that the Settlement Agreement does not indemnify Maryland Casualty against its own wrongdoing.

The Supreme Court has stated that in considering whether to apply judicial estoppel, courts should consider whether the party against which estoppel is sought would derive an unfair advantage in the absence of estoppel. New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001). Moreover, the Third Circuit has held that judicial estoppel is an extreme remedy, to be used only

"when the inconsistent positions are 'tantamount to a knowing misrepresentation to or even fraud on the court.'" Krystal, 337 F.3d at 324 (quoting Total Petroleum, Inc. v. Davis, 822 F.2d 734, 738 n.6 (8th Cir. 1987)). The Libby Claimants will derive no unfair advantage in the absence of judicial estoppel, nor have they made any improper statements to this Court.

In sum, judicial estoppel cannot rescue Maryland Casualty from the need to address the merits of the Claims Objection. This Court should determine that the Libby Claimants are not subject to judicial estoppel as parties in interest in respect of the Claims Objection. This Court should also so rule as to the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and Grace.

### C.    The Claims Objection is Ripe for Adjudication

There is no merit to Maryland Casualty's argument that the Claims Objection is not ripe for adjudication. The argument seems to be based on the indisputable but irrelevant fact that all tort claims against Maryland Casualty by present and future Libby Claimants have not yet been asserted. Maryland Casualty's argument is wrong for two reasons.

First, the merits of the Claims Objection do not depend on the particular facts of any particular claim against Maryland Casualty. Through its proofs of claim, Maryland Casualty seeks indemnification for claims that are based on Maryland Casualty's own wrongdoing. The issue of whether claims against Maryland Casualty for its own wrongdoing give rise to a right of indemnification under the Settlement Agreement will be determined by construing the Settlement Agreement. The particular facts of any particular claim against Maryland Casualty do not matter because under the Settlement Agreement, *all claims against Maryland Casualty for its own wrongdoing* are beyond the scope of the contractual indemnity. This Court does not and

should not wait to make that determination until the last claim is asserted against Maryland Casualty in the year 2025 or so.[3]

Second, even if only one lawsuit had been filed against Maryland Casualty for its own wrongdoing, a claim by Maryland Casualty against Grace for indemnification in respect of such suit would be ripe.  In fact, the Maryland Casualty proofs of claim refer to several lawsuits, involving numerous Libby Claimants, that have already been filed against Maryland Casualty for its own allegedly tortious conduct.  There is no question that the issue of whether the Settlement Agreement indemnifies Maryland Casualty against its own tortious conduct is ripe for adjudication.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

---

[3] Maryland Casualty cannot possibly be asserting that even if this Court rules that the Settlement Agreement does not provide indemnification for claims based on Maryland Casualty's own misconduct, Maryland Casualty would have the right, for each of the hundreds of Libby Claims based on Maryland Casualty's allegedly tortious conduct, to a *de novo* determination of this legal issue.  Collateral estoppel would preclude relitigation of this issue.  Electro-Miniatures Corp. v. Wendon Co., Inc., 889 F.2d 41, 44 (3d Cir. 1989).  If, contrary to the reasonable anticipation of this Court or any of the parties, some totally new type of claim were to be asserted against Maryland Casualty in the future which Maryland Casualty could somehow assert presented a different issue in relation to the indemnification clause of the Settlement Agreement, Maryland Casualty would of course have a remedy under Section 502(j) of the Bankruptcy Code.  Maryland Casualty's ripeness argument does not achieve justice; it is calculated to defer justice.

{393.001-W0007843.}

### III.    <u>Conclusion</u>

Based on the foregoing, this Court should determine that (a) the Libby Claimants have standing and are not estopped from pursuing the Claims Objection, and (b) the Claims Objection is ripe for adjudication.

Dated: May 19, 2010

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
P.O. Box 2087
Wilmington, DE 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

-and-

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone:  (617) 951-2505
Facsimile:  (617) 951-0679

*Counsel for the Libby Claimants*