# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., et al. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Related Docket Nos. 21345, 24407, 24471, 24801 |
| ) | |
| ) | Hearing Date: June 7, 2010 at 10:30 a.m. |

**REPLY OF DAVID T. AUSTERN, ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS IN SUPPORT OF THE DEBTORS' OBJECTION TO CLAIMS FILED BY MARYLAND CASUALTY COMPANY**

Pursuant to this Court's April 26, 2010 Order Setting Various Dates Regarding Debtors' Objection to Maryland Casualty Company's Claims (Dkt. No. 24665), David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants (the "PI FCR"), and the Official Committee of Asbestos Personal Injury Claimants (the "ACC") respectfully submit this reply in support of the above-captioned Debtors' Objection to Claims Filed by Maryland Casualty Company (the "Claims Objection") (Dkt. No. 21345).

## INTRODUCTION

In its response in opposition to the Claims Objection (the "Opposition") (Dkt. No. 24407), Maryland Casualty Company ("MCC") argues, among other things, that the Debtors should be judicially estopped from asserting certain positions in support of the Claims Objection because the Debtors allegedly took inconsistent positions in 2001 through 2004 when they advocated for a preliminary injunction to enjoin the Libby Claimants from prosecuting the "independent claims" against MCC and various other third parties (the "Preliminary Injunction"). The PI FCR and ACC join in and support the Debtors' arguments that they are not judicially estopped from litigating the Claims Objection. (See Debtors' Reply In Support of

{D0176104.1 }

Objections to Claims of Maryland Casualty Company (the "Debtors' Reply") (Dkt. No. 24801).) Although MCC has not asserted that the PI FCR and ACC are estopped, the PI FCR and ACC submit this reply to demonstrate that, even if the Court were to conclude that the Debtors are judicially estopped, the PI FCR and ACC are not.[1]

## ARGUMENT

### A. Judicial Estoppel Is an Extraordinary Remedy and Is Only Applicable Where the Party to Be Estopped Made Prior Inconsistent Statements

Judicial estoppel is "a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding." Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 358 (3d Cir. 1996). The doctrine "focuses on the relationship between the litigant and the judicial system, and seeks to preserve the integrity of the system." Delgrosso v. Spang & Co., 903 F.2d 234, 241 (3d Cir. 1990). Judicial estoppel is "not meant to be a technical defense for litigants seeking to derail potential meritorious [defenses]." Ryan Operations, 81 F.3d at 365. Rather, it "is an extraordinary remedy to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice." Id. (internal quotation omitted).

It is a precondition to the invocation of judicial estoppel that the litigant to be estopped must be the same entity that made the prior inconsistent statement or, in limited circumstances, its privy. See id. at 361 ("As judicial estoppel is intended to prevent parties from playing fast and loose with the courts by asserting inconsistent positions, any application of the doctrine must

---

[1] MCC filed its Opposition raising its judicial estoppel argument on March 5, 2010. The PI FCR and ACC filed their joinder in support of the Claims Objection thereafter. In the interest of judicial economy, the PI FCR and ACC are submitting this reply at this time so that any allegations of judicial estoppel MCC may make against the PI FCR and ACC can be resolved now, at the same time as MCC's allegations against the Debtors.

rest upon a finding that the party against whom estoppel is sought asserted a position inconsistent with one she previously asserted in a judicial proceeding."); see also Ben Franklin Hotel Assocs. v. Gilbert (In re 815 Walnut Assocs.), 183 B.R. 423, 431–32 (Bankr. E.D. Pa. 1995) (finding judicial estoppel was applicable "by virtue of the privity which exists between the present and past parties" but recognizing that courts must apply heightened scrutiny to ensure that judicial estoppel is appropriate "on policy grounds, i.e., in order to preserve the integrity of the judicial system by preventing 'fast and loose' conduct").

In addition, courts must conduct a two-part inquiry to determine whether (1) the litigant's current position is irreconcilable with a position it previously asserted, and (2) the litigant asserted either or both positions "in bad faith—i.e., with intent to play fast and loose with the court." Ryan Operations, 81 F.3d at 361. "Only if both prongs are satisfied is judicial estoppel an appropriate remedy." Id.; see also Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 319 (3d Cir. 2003) ("Judicial estoppel is . . . not intended to eliminate all inconsistencies no matter how slight or inadvertent they may be.").

### B. The PI FCR and ACC Are Not Judicially Estopped From Litigating the Claims Objection

#### 1. The PI FCR and ACC Play a Critical Role In This Litigation

The Claims Objection impacts all asbestos claimants because the Plan provides that MCC's claims will be channeled to the Asbestos PI Trust. As such, the PI FCR and ACC are parties-in-interest in this litigation. Section 524(g)(4)(B)(i) requires that the PI FCR be allowed to participate in the litigation to protect the interests of future asbestos claimants. See In re G-I Holdings, Inc., 292 B.R. 804, 814 (Bankr. D.N.J. 2003) (granting future claimants' representative authority to move to intervene in adversary proceeding because "appointment of the Legal Representative and his involvement in numerous aspects of the case are essential").

The involvement of the ACC is likewise essential to ensure that present asbestos claimants are adequately represented. For these reasons, the PI FCR and ACC have joined in the Claims Objection.

### 2. The PI FCR and ACC Did Not Make or Endorse Any Alleged Inconsistent Positions and Are Not Privies of the Debtors

Regardless of whether the Debtors are judicially estopped from prosecuting the Claims Objection, the PI FCR and ACC are not. Neither the PI FCR nor the ACC made or endorsed the representations that MCC alleges are inconsistent with the positions in the Claims Objection. The ACC did not join in the Debtors' request for the Preliminary Injunction nor support the Debtors in the ensuing litigation. In fact, the ACC objected to the Preliminary Injunction continuing more than 30 days. (Adv. Proc. 01-771, Docket No. 28.) The PI FCR, moreover, was not even appointed until after the litigation concerning the Preliminary Injunction had already reached the United States Court of Appeals for the Third Circuit and all parties had submitted their initial appellate briefs. (See Order appointing David T. Austern as Future Claimants' Representative, entered May 24, 2004, Dkt. No. 5645.)

In addition, the PI FCR and ACC are not privies of the Debtors. The very reason the PI FCR and ACC were appointed in these cases is that the constituencies they represent have interests that are materially different from the Debtors and non-asbestos creditors. See 11 U.S.C. § 524(g)(4)(B)(i); In re Amatex Corp., 755 F.2d 1034, 1042–43 (3d Cir. 1985) (recognizing that future claimants "require their own spokesperson" because other parties involved in the reorganization proceedings do not have similar interests). Indeed, the ACC demonstrated that it represented interests different from the Debtors when it objected to the Preliminary Injunction.

The PI FCR and ACC, therefore, cannot be judicially estopped by the Debtors' prior representations. See, e.g., Liquidation Comm. v. Binsky & Snyder, Inc. (In re J.A. Jones, Inc.),

361 B.R. 94, 104–06 (Bankr. W.D.N.C. 2007) (finding liquidation committee that succeeded creditors' committee under confirmed plan of reorganization was not judicially estopped by debtor-in-possession's statements where liquidation committee had not been formed when the statements were made); <u>Official Comm. of Unsecured Creditors v. Ashdale (In re Labrum & Doak, LLP)</u>, 227 B.R. 391, 402 (Bankr. E.D. Pa. 1998) (finding general unsecured creditors' committee was not judicially estopped by debtor-in-possession's prior statements where committee was not an active participant in the prior litigation and had no apparent control over the arguments or evidence presented). Under these circumstances, estopping the PI FCR and ACC from prosecuting the Claims Objection would not serve to protect the integrity of the judicial system. Rather, it merely would allow MCC to escape the otherwise meritorious Claims Objection through a technical defense.

WHEREFORE, the PI FCR and ACC respectfully request that this Court enter an order (i) rejecting MCC's judicial estoppel defense, (ii) granting the Claims Objection, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: May 19, 2010            Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*and*

PHILLIPS, GOLDMAN & SPENCE, P.A.

*/s/ John C. Phillips*
John C. Phillips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pgslaw.com

*Counsel for David T. Austern,*
*Asbestos PI Future Claimants' Representative*

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*and*

CAMPBELL & LEVINE, LLC

*/s/ Mark T. Hurford*
Mark T. Hurford (Bar No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947
mhurford@camlev.com

*Counsel for the Official Committee*
*of Asbestos Personal Injury Claimants*