**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JFK) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: June 8, 2010 at 4:00 p.m.** |
| | ) | **Hearing Date:  September 13, 2010 at 10:30 a.m.** |
| | ) | |

**SUMMARY OF INTERIM VERIFIED APPLICATION OF**
**VENABLE LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF**
**EXPENSES AS SPECIAL LITIGATION COUNSEL TO**
**W. R. GRACE & CO., ET AL., FOR THE THIRTY-SIXTH QUARTER**
**FROM JANUARY 1, 2010 THROUGH MARCH 31, 2010**

Name of Applicant: **Venable LLP ("Venable")**

Authorized to Provide Professional Services to: **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession**

Date of Retention: **Retention Order[2] entered June 24, 2009, effective as of May 22, 2009**

Period for which compensation and reimbursement is sought: **January 1, 2010 through March 31, 2010**

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross County Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Terms not defined herein shall have the meanings ascribed to them in the Interim Verified Application of Venable LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-Fifth Quarter from November 1, 2009 though December 31, 2009 (the "Fee Application").

Amount of Compensation sought as actual,     **$436,188.75**
reasonable and necessary for the period:

Amount of Expense Reimbursement sought as     **$116,265.17**
actual, reasonable and necessary for the period:

This is a ___ monthly _x_ interim ___ final application.

Previous fee applications:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| November 5, 2009 | 11/1/2008-6/30/2009 | $709,294.00 | $6,405.06 | $706,595.00 | $6,405.06 |
| November 5, 2009 | 7/1/2009-7/31/2009 | $50,849.50 | $75,008.99 | Interim approval[3] | Interim approval |
| November 24, 2009 | 8/1/2009-8/31/2009 | $134,090.00 | $102,335.48 | Interim approval | Interim approval |
| November 24, 2009 | 9/1/2009-9/30/2009 | $306,602.00 | $118,095.92 | Interim approval | Interim approval |
| November 24, 2009 | July-September 2009 | $491,541.50 | $295,440.39 | $491,292.50 | $295,440.39 |
| February 26, 2010 | 10/1/2009-10/31/2009 | $479,238.00 | $266,326.39 | Pending | Pending |
| April 16, 2010 | 11/1/2009-11/30/2009 | $398,519.00 | $163,488.22 | Pending | Pending |
| April 30, 2010 | 12/1/2009-12/31/2009 | $305,242.96 | $108,454.93 | Pending | Pending |
| May 3, 2010 | October-December 2009 | $1,182,999.96 | $538,269.54 | Pending | Pending |
| May 19, 2010 | 1/1/2010-1/31/2010 | $271,084.25 | $97,840.12 | Pending | Pending |
| May 19, 2010 | 2/1/2010-2/28/2010 | $157,136.50 | $17,784.35 | Pending | Pending |
| May 19, 2010 | 3/1/2010-3/31/2010 | $7,968.00 | $640.70 | Pending | Pending |

---

[3] The fees and expenses requested in the July through September, 2009, interim monthly applications were approved on an interim basis pursuant to the Order entered by this Court on March 19, 2010.

The deadlines to object to the October 2009 and November 2009 Fee Applications expired on March 18, 2010 and May 6, 2010, respectively. The deadline to object to the December 2009 Fee Application is May 20, 2010. The deadline for objecting to the January, February and March 2010 Fee Applications is June 8, 2010

The professionals of Venable who rendered services in these cases during the period Fee Period are:

| Name of Professional Person | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Laura S. Bouyea | Associate | 2003 | Business | $285.00 | 30.6 | $8,721.00 |
| Darek S. Bushnaq | Partner | 1997 | Business | $380.00 | 11.9 | $4,522.00 |
| Michael J. De Vinne | Associate | 2001 | Litigation | $360.00 | 140.5 | $50,580.00 |
| Andrew Gendron | Partner | 1986 | Litigation | $545.00 | 115.5 | $62,947.50 |
| | | | | $272.50 | 10.3 | $2,806.75 |
| Alexander W. Major | Associate | 2005 | Litigation | $285.00 | 51.3 | $14,620.50 |
| Colleen M. Mallon | Partner | 1999 | Litigation | $415.00 | 208.2 | $86,403.00 |
| | | | | $207.50 | 7.8 | $1,618.50 |
| Meghan Maloney | Staff Attorney | 2003 | Litigation | $290.00 | 3.5 | $1,015.00 |
| Mark D. Maneche | Of Counsel | 1994 | Litigation | $420.00 | 148.9 | $62,538.00 |
| Maria E. Rodriguez | Partner | 1989 | Litigation | $475.00 | 1.9 | $902.50 |
| Moxila A. Upadhyaya | Associate | 2003 | Litigation | $340.00 | 41.0 | $13,940.00 |
| G. Stewart Webb, Jr. | Partner | 1975 | Litigation | $635.00 | 162.3 | $103,060.50 |
| | | | | $317.50 | 1.2 | $381.00 |
| Total for all attorneys | | | | | | $414,056.25 |
| (Less write-off)) | | | | | | ($15,375.00) |
| Total | | | | | | $398,681.25 |

The paraprofessionals of Venable who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the Applicant and Number of Years as a Paraprofessional | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Todd A. Burdick | Paralegal | 3 | Litigation | $180.00 | 99.4 | $17,892.00 |
| Jane R. Collins | Paralegal | 5 | Litigation | $195.00 | 98.7 | $19,246.50 |
| Claudia Reyes | Paralegal | 9 | Litigation | $220.00 | 14.5 | $3,190.00 |
| Total for all paraprofessionals | | | | | | $40,328.50 |
| (Less write-off) | | | | | | ($2,821.00) |
| Total | | | | | | $37,507.50 |

| | |
|---|---|
| **Grand Total for Fees (before write-off)** | **$454,384.75** |
| **Grand Total for Fees (after write-off)** | **$436,188.75** |
| **Blended Rate (after write-off)** | **$380.12** |

### Compensation by Matter

| Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|
| Advice in Connection with Global Printing Litigation | 1105.0 | $441,141.75 |
| Advice in Connection with Preparation of Fee Application | 42.5 | $13,243.00 |
| Total for all matters | | $454,384.75 |
| (Less write-off) | | ($18,196.00) |
| Total | | $436,188.75 |

BA3DOCS1-#447919

**Expense Summary**

| Service Description | Amount |
|---|---:|
| Expert Fees & Expenses | 81,425.84 |
| Commercial Messenger | 557.78 |
| Computer Research Services | 57.60 |
| Conferencing Services | 16.06 |
| Reproduction Costs | 287.00 |
| Legal Research | 12,578.31 |
| Luncheon/Dinner Conference | 77.42 |
| Long Distance Telephone | 42.46 |
| Postage | 18.73 |
| Telecopy | 8.00 |
| Transcription Expense | 18,157.55 |
| Travel Expenses | 3,038.42 |
| **Total** | **$116,265.17** |

BA3DOCS1-#447919

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JFK) |
|  | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) | **Objection Deadline: June 8, 2010 at 4:00 p.m.** |
|  | ) | **Hearing Date: September 13, 2010 at 10:30 a.m.** |
|  | ) |  |

## INTERIM VERIFIED APPLICATION OF VENABLE LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE THIRTY-SIXTH QUARTER FROM JANUARY 1, 2010 THROUGH MARCH 31, 2010

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), the Retention Order (as defined below), the Administrative Order Under

11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members (the "Interim

Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331

Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for

Professionals and Official Committee Members (the "Amended Interim Compensation Order"),

Rule 2016-2 for the Local Rules for the United States Bankruptcy Court for the District of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation; Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross County Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Delaware (the "Local Rules"), the law firm of Venable LLP ("Venable"), special litigation

counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors")

in their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount

of $436,188.75 for the reasonable and necessary legal services Venable has rendered to the

Debtors, and (ii) reimbursement for the actual and necessary expenses that Venable has incurred

in the amount of $116,265.17 (the "Fee Application"), for the thirty-sixth quarter from January 1,

2010 through March 31, 2010 (the "Fee Period").  In support of this Fee Application, Venable

respectfully states as follows:

**BACKGROUND**

**Retention of Venable LLP**

1.        On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11

Cases").  On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11

Cases for administrative purposes only.  Since the Petition Date, the Debtors have continued to

operate their businesses and manage their properties as debtors-in-possession pursuant to

§§ 1107(a) and 1108 of the Bankruptcy Code.

2.        Venable was originally retained by the Debtors as an "Ordinary Course

Professional" (an "OCP") in these Chapter 11 Cases to provide representation in connection with

matters involving employment, employee benefits, workers' compensation and

corporate/securities law issues.

3.        Pursuant to the Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108

Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the

Ordinary Course of the Debtors' Business [Docket No. 197] and as subsequently amended (the

"OCP Order"), the Debtors were authorized to pay up to $50,000 per month (the "Monthly Cap")

and up to a total $1,200,000 per professional (the "Total Expenditure Cap") during the pendency

of these Chapter 11 Cases.[2]

4.      Pursuant to the OCP Order, Venable filed its Affidavit under 11 U.S.C.

§ 327(e) in these Chapter 11 Cases on May 25, 2001 [Docket No. 321].[3]

5.      Because Venable's fees in relation to advising and representing the

Debtors in a lawsuit filed by Global Printing & Design Solutions, Inc., Case No. 13-C-08-

074673 CN, filed in the Circuit Court for Howard County, Maryland (the "Global Printing

Litigation"), as well as fees for other services it provides to the Debtors, began exceeding the

Monthly Cap, on May 22, 2009 the Debtors filed the Application for Entry of an Order

Authorizing the Retention of Venable LLP as Special Litigation Counsel to the Debtors (the

"Retention Application") [Docket No. 21850].

6.      On June 24, 2009, this Court entered an Order Authorizing the Retention

and Employment of Venable LLP as Special Litigation Counsel to the Debtors [Docket No.

21850] (the "Retention Order"), granting the Retention Application.

### Time Period Covered by the Fee Application

7.      Pursuant to the procedures set forth in the Interim Compensation Order, as

amended by the Amended Interim Compensation Order, professionals may apply for monthly

compensation and reimbursement (each such application, a "Monthly Fee Application"), and the

notice parties listed in the Amended Interim Compensation Order may object to such request.  If

no notice party objects to a professional's Monthly Fee Application within twenty (20) days after

---

[2]      The Total Expenditure Cap was increased from $300,000 to $600,000 by the Court's December 10, 2002
Order [Docket No. 3126], increased to $800,000 by the Court's July 24, 2006 Order [Docket No. 12855], and
increased to $1,200,000 by the Court's September 24, 2007 Order [Docket No. 16913].
[3]      Venable LLP was formerly known as Venable, Baetjer and Howard LLP at the time it filed its Affidavit
under 11 U.S.C. 327(e).

the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification and reimbursement of 80% of the fees and 100% of the expenses requested.

        8.      Furthermore, and also pursuant to the Amended Interim Compensation Order professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Application covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

        9.      This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the application for the thirty-sixth quarter and covers the Fee Period of January 1, 2010 through March 31, 2010.

        10.     Venable has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

        a.      Summary Application of Venable LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Monthly Interim Period from January 1, 2010 through January 31, 2010, filed May 19, 2010 (the "January Fee Application"), attached hereto as Exhibit A;

        b.      Summary Application of Venable LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Monthly Interim Period from February 1, 2010 through February 28, 2010, filed May 19, 2010 (the "February Fee Application"), attached hereto as Exhibit B;

    c.      Summary Application of Venable LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Monthly Interim Period from March 1, 2010 through March 31, 2010, filed May 19, 2010, (the "March Fee Application") attached hereto as <u>Exhibit C</u> (collectively, the January Fee Application, the February Fee Application and the March Fee Application are the "Monthly Applications").

11.     The deadline for objecting to the Monthly Applications is June 8, 2010.

### Previous Quarterly Fee Applications

12.     Venable has previously filed the following Quarterly Fee Applications:

    a.      Interim Verified Application of Venable for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-First, Thirty-Second, and Thirty-Third Quarters from November 1, 2008 through June 30, 2009 ("Application for the Thirty-First, Thirty-Second and Thirty-Third Quarters"); and

    b.      Interim Verified Application of Venable for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-Fourth Quarter from July 1, 2009 through September 30, 2009 ("Application for the Thirty-Fourth Quarter").

    c.      Interim Verified Application of Venable for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-Fifth Quarter from October 1, 2009 through December 31, 2009 ("Application for the Thirty-Fifth Quarter" and, collectively, with the Application for the Thirty-First, Thirty-Second and Thirty-Third Quarters and the Application for the Thirty-Fourth Quarter, the "Quarterly Applications").

13.     There have been no objections filed with respect to the Quarterly

Applications.  An Order was entered on December 11, 2009 granting interim compensation and reimbursement of expenses requested in the Application for the Thirty-First, Thirty-Second and Thirty-Third Quarters.  An Order was entered on March 19, 2010 granting interim compensation and reimbursement of expenses requested in the Application for the Thirty-Fourth Quarter.  The deadline for objecting to the Application for the Thirty-Fifth Quarter is May 23, 2010.

14.     The Retention Order authorizes the Debtors to compensate Venable at Venable's hourly rates charged for services of this type and to reimburse Venable for actual and necessary out-of-pocket expenses, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable Local Rules and orders of this Court.

## REQUESTED RELIEF

15.     By this Fee Application which is submitted in accordance with the Amended Interim Compensation Order, Venable requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Venable for the Fee Period as detailed in this Fee Application and the Monthly Applications, less any amounts previously paid to Venable pursuant to the Monthly Applications. As stated above, the full scope of services provided and the related expenses incurred are fully described in the Monthly Applications, which are attached hereto as Exhibits A through C.

16.     During the Fee Period, Venable primarily provided advice in connection with the Global Printing Litigation. Venable also provided advice in connection with the preparation of fee applications.

17.     In the exercise of billing judgment and prior to submitting its invoices to the Debtors, Venable reduced its compensation billed for services rendered in this case for the period January 1, 2010 through March 31, 2010 by a total of $32,652.25. These reductions are already reflected in the amounts requested herein.

## DISINTERESTEDNESS

18.     As disclosed in the following affidavits:

a.  Affidavit of Jeffrey P. Ayres under 11 U.S.C. § 327(e), filed May 25, 2001 [Docket No. 321] (the "Ayres Affidavit"); and

b.  Affidavit of G. Stewart Webb, Jr. in Support of Application of the Debtors for the Entry of an Order Authorizing the Retention of Venable LLP as Special Litigation Counsel to the Debtors, filed May 22, 2009 [Docket No. 21850, Exhibit B] (collectively with the Ayres Affidavit, the "Affidavits");

Venable does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in § 101(14) of the Bankruptcy Code as modified by § 1107(b) of the Bankruptcy Code.

19.    Venable may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases.  Venable disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.

### REPRESENTATIONS

20.    Venable believes that the Fee Application complies with the requirements of Local Rule 2016-2, the Amended Interim Compensation Order and the Retention Order.

21.    Venable performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

22.    During the Fee Period, Venable has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Amended Interim Compensation Order.

23.    Pursuant to Bankruptcy Rule 2016(b), Venable has not shared, nor has it agreed to share, (a) any compensation it has received or may receive with another party or person

other than with the partners, counsel and associates of Venable, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Venable respectfully requests that the Court enter an order providing that (a) for the Fee Period, January 1, 2010 through March 31, 2010, an administrative allowance be made to Venable in the sum of (i) $436,188.75 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $116,265.17 for reimbursement of actual and necessary costs and expenses incurred, for a total of $552,453.92; (b) the Debtors be authorized and directed to pay to Venable this sum less any sums previously paid to Venable for work done during the Fee Period pursuant to the Monthly Applications and procedures set forth in the Amended Interim Compensation Order or otherwise; and (c) this Court grant such further relief as is equitable and just.

Wilmington, Delaware
Dated: May 19, 2010

Respectfully submitted,

VENABLE LLP

/s/ G. Stewart Webb, Jr.
G. Stewart Webb, Jr.
Darek S. Bushnaq
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 244-7400

Special Litigation Counsel for the Debtors and
Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JFK) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## VERIFICATION

| | |
|---|---|
| STATE OF MARYLAND | ) |
| | ) ss. |
| CITY OF BALTIMORE | ) |

G. Stewart Webb, Jr., after being duly sworn according to law, deposes and says:

1.      I am a partner with the applicant law firm Venable LLP ("Venable").

2.      I have personally performed many of the legal services rendered by Venable as counsel to the above-captioned debtors and debtors in possession (the "Debtors"), and I am familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of Venable.

3.      I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica "Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor "BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross County Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the

Application substantially complies with such rules.

/s/ G. Stewart Webb, Jr.
G. Stewart Webb, Jr.

SWORN AND SUBSCRIBED
Before this 19th day of May, 2010

/s/ Ann Jensen
Notary Public:  Ann Jensen
My Commission Expires:  4/17/2013