THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**THIRTY-SECOND QUARTERLY INTERIM FEE APPLICATION OF BLACKSTONE ADVISORY PARTNERS L.P. AS FINANCIAL ADVISOR TO W.R. GRACE & CO. AND AFFILIATES FOR COMPENSATION AND REIMBURSMENT OF EXPENSES INCURRED FOR THE PERIOD OF JANUARY 1, 2010 THROUGH MARCH 31, 2010**

## SUMMARY SHEET

Name of Applicant:                                  Blackstone Advisory Partners L.P.

Authorized to Provide
Professional Services to:                           Debtors

Date of Retention:                                  June 22, 2001, effective April 2, 2001

Period for which compensation and
reimbursement is sought:                            January 1, 2010 through March 31, 2010

Amount of Compensation
sought as actual, reasonable and necessary:         $325,000.00

Amount of Expense Reimbursement
sought as actual, reasonable and necessary:         $5,872.21

This is a       __ monthly       _x_ interim       ___ final application

# CUMULATIVE SUMMARY OF MONTHLY APPLICATIONS OF BLACKSTONE ADVISORY PARTNERS L.P. AS FINANCIAL ADVISOR TO W.R. GRACE & CO. AND AFFILIATES FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF JANUARY 1, 2010 THROUGH MARCH 31, 2010

| Fee Application, Filing Date, Docket No. (if available) | Total Fees Requested | Total Expenses Requested | Certification of No Objection Filing Date, Docket No. | Amount of Fees Paid (80%) | Amount of Expenses Paid (100%) | Amount of Holdback Fees Sought |
|---|---|---|---|---|---|---|
| 01/01/10 – 01/31/10, 03/12/10, 24447 | $150,000.00 | $1,633.77 | 04/02/10, 24564 | $120,000.00 | $1,633.77 | $30,000.00 |
| 02/01/10 – 02/28/10 | 0.00 | 0.00 | -- | 0.00 | 0.00 | 0.00 |
| 03/01/10 – 03/31/10, 04/29/10, 24696 | 175,000.00 | 4,238.44 | -- | 0.00 | 0.00 | 0.00 |
| Total | $325,000.00 | $5,872.21 | | $120,000.00 | $1,633.77 | $30,000.00 |

## CUMULATIVE COMPENSATION SUMMARY BY PROJECT CATEGORY

| Project Category | Total Hours for the Interim Period | Total Fees for the Interim Periods[1] | Total Fees from the Petition Date[2] |
|---|---|---|---|
| Accounting/Auditing | 0.0 | NA | NA |
| Asset Dispositions | 0.0 | NA | NA |
| Business Analysis | 52.0 | NA | NA |
| Case Administration | 0.0 | NA | NA |
| Claims Analysis/Resolution | 23.7 | NA | NA |
| Committee | 7.9 | NA | NA |
| Corporate Finance | 0.0 | NA | NA |
| Employment Applications | 0.0 | NA | NA |
| Employee Benefits | 2.4 | NA | NA |
| Fee Applications | 0.0 | NA | NA |
| Financing | 238.0 | NA | NA |
| Hearings | 0.0 | NA | NA |
| Non-Working Travel Time | 56.0 | NA | NA |
| Other | 6.6 | NA | NA |
| Plan & Disclosure Statement | 4.3 | NA | NA |
| Tax Issues | 0.0 | NA | NA |
| Valuation | 0.0 | NA | NA |

---

[1] Blackstone does not bill by the hour; therefore, a calculation of total fees by hour, by category is not applicable.

## CUMULATIVE EXPENSE SUMMARY ($)

| Expense Categories | Total Expenses for the Interim Period | Total Expenses from the Petition date |
|---|---:|---:|
| Airfare/Railroad/Ground Transportation | $3,242.84 | $106,349.23 |
| Meals and Lodging | 2,429.16 | 48,557.48 |
| Research | 16.80 | 40,987.86 |
| Communications | 82.60 | 13,916.38 |
| Word Processing | 0.00 | 15,483.44 |
| Photocopying | 100.81 | 17,167.58 |
| Other | 0.00 | 8,193.53 |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**THIRTY-SECOND QUARTERLY INTERIM FEE APPLICATION OF BLACKSTONE ADVISORY PARTNERS L.P. AS FINANCIAL ADVISOR TO W.R. GRACE & CO. AND AFFILIATES FOR COMPENSATION AND REIMBURSMENT OF EXPENSES INCURRED FOR THE PERIOD OF JANUARY 1, 2010 THROUGH MARCH 31, 2010**

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Retention Order (as defined herein), and this Court's *Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* ("Procedures"), Blackstone Advisory Partners L.P. ("Blackstone") hereby submits this thirty-second quarterly interim application (the "Thirty-Second Quarterly Interim Application") for allowance of (i) compensation for actual and necessary professional services rendered by it as financial advisor to the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for the period of January 1, 2010 through March 31, 2010 (the "Thirty-Second Interim Period"), and (ii) the reimbursement of expenses recorded in providing said services during the Thirty-Second Interim Period.

In support of this Thirty-Second Quarterly Interim Application, Blackstone respectfully represents as follows:

### I. Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### II. Background

2. Blackstone is financial advisor to the Debtors.

3. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On April 2, 2001, the Debtors applied to this Court for an order authorizing them to retain Blackstone pursuant to an engagement agreement dated February 15, 2001 (the "Engagement Agreement") as their financial advisor, effective as of the Petition Date.

5. On June 22, 2001, this Court entered an order (the "Retention Order") authorizing the Debtors to employ Blackstone as their financial advisor effective as of the Petition Date pursuant to the terms of the Engagement Agreement.

### III. Narrative Description of Blackstone's Activities during the Thirty-Second Interim Period

6. The financial services provided by Blackstone to the Debtors during the Thirty-Second Interim Period included:

- Prepare financial analyses related to exit financing;
- Participate in calls with management and counsel regarding exit financing;
- Negotiate exit financing engagement letters with various investment banks;

- Prepare declaration in support of the Debtors' entry into the exit financing engagement letters;

- Prepare various corporate finance analyses for management;

- Prepare analyses related to interest on pre-petition bank debt claims and other plan objections;

- Review and comment on draft court motions;

- Apprise financial advisors of key creditor constituents (including the Official Committee of Unsecured Creditors, the Bodily Injury Asbestos Committee, the Property Damage Asbestos Committee, and the Future Claims Representative) of various matters in the Debtors' bankruptcy proceeding;

- Respond to due diligence requests from committee professionals; and

- Provide strategic and business advice in connection with the bankruptcy.

### IV. Blackstone's Request for Compensation and Reimbursement of Expenses

7. Pursuant to the Procedures, professionals may request monthly compensation and the reimbursement of expenses incurred. The notice parties listed in the Procedures may object to such a request. If no notice party objects to a professional's request within twenty (20) days after the date of service of the request, the applicable professional may submit to this Court a certification of no objection whereupon the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested.

8. Furthermore, and also pursuant to the Procedures, professionals are to file with this Court and serve upon the notice parties a quarterly request (the "Quarterly Interim Application") for interim approval and allowance of the monthly fee applications filed during the quarter covered by the Quarterly Interim Application. If this Court grants the relief requested in the Quarterly Interim Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the monthly fee applications covered by that Quarterly Interim Application less any amounts previously paid in connection with the monthly

fee applications. Any payment made pursuant to the monthly fee applications or the Quarterly Interim Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

### A. Blackstone's Request for Compensation

9. With this Thirty-Second Quarterly Interim Application, Blackstone seeks interim allowance of compensation in the amount of $325,000.00 for the Thirty-Second Interim Period.[2] Copies of Blackstone's invoices pertaining to the Thirty-Second Interim Period are attached hereto as Exhibit A.

### B. Blackstone's Request for Reimbursement of Expenses

10. During the Thirty-Second Interim Period, Blackstone has recorded expenses in the amount of $5,872.21. The details of these expenses are attached hereto as Exhibit A.

11. Local Travel is primarily for cash out-of-pocket transportation expenses incurred either (i) in New York traveling to and from meetings related to the client's matter, traveling to/from home/office prior to normal working hours or after 8:00 pm, and the employee has traveled at those times as a result of the time exigencies of that client's matter or (ii) at the site of a meeting. If the employee lives outside Manhattan, it is permissible for that employee to take a car service since taking a taxi is impractical.

12. Meal Expenses include employee meals while traveling on client matters and in accordance with the restrictions set forth below and meals provided during meetings with the Debtors, committees and their advisors. Blackstone's general policy permits its employees to bill lunch or dinner meals to a client if the employee is required to provide services to the client during such meal time due to extreme time constraints. Blackstone employees are permitted to

---

[2] Blackstone has not and will not bill the Debtors for its monthly advisory fee for the month of February 2010.

order meals in the office if the employee is required to work on client related matters after 8:00 p.m. Blackstone caps its meal expenses at $25 per meal.

### V. Requested Relief

13. With this Thirty-Second Quarterly Interim Application, Blackstone requests that this Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses recorded by Blackstone during the Thirty-Second Interim Period. At all relevant times, Blackstone has been a disinterested person as that term is defined in § 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

14. All services for which Blackstone is requesting compensation were performed for or on behalf of the Debtors and not on behalf of any committee, creditor, or other person.

15. During the Thirty-Second Interim Period, Blackstone has received no payment and no promises for payment from any source (other than the Debtors) for services rendered or to be rendered in any capacity whatsoever in connection with the Debtors' cases.

**WHEREFORE**, Blackstone respectfully requests that this Court enter an order, providing that, for the Thirty-Second Interim Period:

a) An allowance be made to Blackstone in the sum of $325,000.00 as compensation for reasonable and necessary professional services rendered to the Debtors and in the sum of $5,872.21 reimbursement of actual and necessary costs and expenses incurred, for a total of $330,872.21 and the Debtors be authorized and directed to pay to Blackstone's outstanding Monthly Fees and expenses for the Thirty-Second Interim Period as follows:

| | |
|---|---:|
| Total Fees | $325,000.00 |
| Total Expenses | 5,872.21 |
| Subtotal | 330,872.21 |
| Less Payments Received | (121,633.77) |
| **Amount Due Blackstone** | **$209,238.44** |

b) Grant such other and further relief as this Court deems just and proper.

Dated: May 19, 2010

                                            Blackstone Advisory Partners L.P.
                                            Financial Advisor to W.R. Grace & Co.

                                            By: _____
                                            John James O'Connell III
                                            Managing Director
                                            345 Park Avenue
                                            New York, NY 10154
                                            (212) 583-5000
                                            (212) 583-5707 (fax)

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## AFFIDAVIT

STATE OF NEW YORK  )
                                    ) ss.:
COUNTY OF NEW YORK )

John James O'Connell III being duly sworn, deposes and says:

1. I am a Managing Director of Blackstone Advisory Partners L.P ("Blackstone"), a financial advisory firm which maintains offices at 345 Park Avenue, New York, New York 10154. Blackstone is financial advisor to the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the captioned case.

2. This affidavit is submitted pursuant to Delaware Bankruptcy Local Rule 2016-2 in connection with Blackstone's thirty-second quarterly interim application (the "Thirty-Second Quarterly Interim Application") for allowance of (i) compensation for services rendered to the Debtors for the period of January 1, 2010 through March 31, 2010 (the "Thirty-Second Interim Period") in the amount of $325,000.00, and (ii) the reimbursement of expenses recorded during the Thirty-Second Interim Period in the amount of $5,872.21.

3. All of the services for which Blackstone seeks compensation were performed for, and on behalf of, the Debtors and not on behalf of any other person or stakeholder.

4. No agreement or understanding exists between Blackstone and any other entity for the sharing of compensation received, or to be received, for services rendered in, or in connection with, these cases.

5. I have reviewed and I understand the requirements of Delaware Bankruptcy Local Rule 2016-2 and I believe that this Thirty-Second Quarterly Interim Application fully complies with all provisions contained in said rule.

By: *John O'Connell*
John James O'Connell III
Managing Director

Sworn to before me this
19th day of May 2010

*Erin L. Arnold*
Notary Public

ERIN L ARNOLD
NOTARY PUBLIC-STATE OF NEW YORK
No. 01AR6177287
Qualified in Kings County
My Commission Expires November 13, 2011

2