# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.,** *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING INTERIM FEE APPLICATION OF VENABLE LLP FOR THE THIRTY-FIFTH QUARTER FROM OCTOBER 1, 2009 THROUGH DECEMBER 31, 2009

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Venable LLP for the Thirty-Fifth Quarter from October 1, 2009 through December 31, 2009 (the "Application").

## BACKGROUND

1.     Venable LLP ("Venable") was retained as special litigation counsel to the Debtors and Debtor-in-Possession.   In the Application, Venable seeks approval of fees totaling $1,182,999.96 and expenses totaling $538,269.54 for its services from October 1, 2009 through December 31, 2009 (the "Application Period").

2.     In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2010, and the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served an initial report on Venable based on our review, and we received a response from Venable, portions of which response are quoted herein.

## DISCUSSION

3.    In our initial report, we noted a number of instances in which multiple Venable professionals attended the same deposition.  See Exhibit "A."  With respect to each deposition, we asked Venable to explain why it was necessary for each attorney to attend.  Venable provided a response which we have included as Response Exhibit "1."  We accept Venable's response, except with respect to the Demchick deposition, attended by three Venable attorneys.  It does not appear to us that Venable's response satisfies its burden of demonstrating the necessity of attendance at that deposition by both attorney Mallon and attorney Upadhyaya.  The response indicates both attorneys had studied Mr. Demchick's reports, but does not carry Venable's burden that the attendance of both was necessary.  It appears from the response that the pre-deposition preparation of attorney Upadhyaya for this particular deposition was more extensive than that of attorney Mallon.  Thus, we recommend disallowance of Ms. Mallon's time spent attending the deposition (9.5 hours), for a reduction of $3,942.50 in fees.

4.    We noted the following time entry in which there is a discrepancy between the total time billed and the time recorded in parentheses:

COLLINS, JANE R.                    10/19/2009    5.40    1,053.00

SENT MIKESKA ERRATA SHEET AND TRANSCRIPT (.2); CONTINUE ORGANIZING IN CHRONOLOGICAL ORDER AUDREY SMITH DOCUMENTS FOR DEPOSITION PREPARATION (2.6); LOCATE AND PRINT BAKER AND MIKESKA EXHIBITS (1.1); CORRESPOND WITH COURT REPORTER ABOUT OBTAINING VIDEO OF DEPOSITIONS (.4); INDEX ADDITIONAL HICKS DOCUMENTS (.9)

Although 5.40 hours were billed, the time recorded totals only 5.20 hours, for $1,014.00 in fees.

Thus, it appeared that there was an overcharge of $39.00. In response to our inquiry, Venable stated:

"Venable will agree to the reduction you suggest of $39.00 for this time entry." We appreciate

Venable's response and recommend a reduction of $39.00 in fees.

     5.    We noted the following meal charges for which more information was needed:

| Date | Description | Amount | Note |
|---|---|---|---|
| 10/6/2009 | Luncheon/Dinner Conf | 61.79 | |
| 11/4/2009 | Luncheon/Dinner Conf | 48.03 | .... Dated 11/5/09; client meeting; Colleen Mallon; Lunch |
| 11/9/2009 | Luncheon/Dinner Conf | 52.05 | .... Dated 11/5/2009; client meeting; Andrew Gendron; Lunch |
| 11/9/2009 | Luncheon/Dinner Conf | 82.42 | Dated 11/9/2009; client meeting; Colleen Mallon |
| 11/9/2009 | Luncheon/Dinner Conf | 82.42 | Dated 11/10/09; client meeting; Colleen Mallon |
| 11/12/2009 | Luncheon/Dinner Conf | 56.42 | Dated 11/12/09; client meeting; Colleen Mallon |
| 11/12/2009 | Luncheon/Dinner Conf | 71.48 | Dated 1/12/10; client meeting; Colleen Mallon |
| 11/19/2009 | Luncheon/Dinner Conf | 52.27 | Dated 11/19/09; client meeting; Andrew Gendron |

In response to our inquiry, Venable provided additional information concerning each charge, which

information we have included as Response Exhibit "2." Venable also stated: "All of these meals

were working lunches that took place in connection with depositions or deposition preparation of

Grace witnesses." Based on our meal guideline of $35.00 for lunch in most locales, we accept

Venable's response and have no objection to these expenses.

## CONCLUSION

6.      Thus, we recommend approval of $1,179,018.46 in fees ($1,182,999.96 minus

$3,981.50) and $538,269.54 in expenses for Venable's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
                Warren H. Smith
                Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by
First Class United States mail to the attached service list on this 27th day of May, 2010.

_____
                Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**
G. Stewart Webb, Jr.
Darek S. Bushnaq
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202

**The Debtors**
Richard Finke.
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
Deanna Boll
Holly Bull
Kirkland & Ellis
601 Lexington Avenue
New York, NY 10022

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of
Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of
Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal
Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

## EXHIBIT "A"

a.        We note that on October 7-8, 2009, attorneys Upadhyaya ($340) and Webb

($635) attended the Mikeska deposition.  The total time spent was 27.00 hours for $13,192.00 in

fees.

UPADHYAYA, MOXILA A.              10/8/2009    13.40    4,556.00
PREPARE FOR AND ATTEND MIKESKA DEPOSITION; CONFER WITH S.WEBB AND
C.MALLON RE: SAME

WEBB, G. STEWART, JR.              10/8/2009    13.60    8,636.00
PREPARE AND ATTEND MIKESKA DEPOSITION (12.6); DISCUSS WITH C.MALLON
AND M.UPADHYAYA RE MIKESKA DEPO. AND PREP. FOR BAKER (.5); TELEPHONE
SHERMAN (.5)


b.        We note that on October 22, 2009, attorneys Mallon ($415) and Upadhyaya

($340) attended the Hicks deposition.  The total time spent was 22.70 hours for $8,565.50 in

fees.

MALLON, COLLEEN M.              10/22/2009   11.30   4,689.50
PREPARE FOR DEPOSITION OF C. HICKS (1.0); ATTEND DEPOSITION OF C. HICKS
(9.5); MEETING WITH S. WEBB AND M. UPADHYAYA RE: SAME (.8)

UPADHYAYA, MOXILA A.              10/22/2009   11.40    3,876.00
PREPARE FOR AND ASSIST C.MALLON AT HICKS DEPOSITION; CONFER WITH
S.WEBB AND C.MALLON RE: SAME


c.        We note that on October 27, 2009, attorneys Mallon ($415) and Webb ($635)

attended the Whittier deposition.  The total time spent was 21.60 hours for $11,450.00 in fees.

MALLON, COLLEEN M.              10/27/2009   10.30   4,274.50
...............; ATTEND DEPOSITION OF S. WHITTIER (10.3);...........

WEBB, G. STEWART, JR.              10/27/2009   11.30   7,175.50
MEETING WITH S.WHITTIER FOR DEPOSITION AND ATTEND DEPOSITION

     d.     We note that on November 9-10, 2009, attorneys Mallon ($415), Upadhyaya

($340), and Webb ($635) attended the Ambrose deposition.  The total time spent was 61.60

hours for $26,630.00 in fees.

| | | | | |
|---|---|---|---|---|
| 11/09/09 | CMM | 12.10 | 5,021.50 | Prepare for and attend H. Ambrose deposition |
| 11/09/09 | MAU | 13.70 | 4,658.00 | Prepare for and attend H. Ambrose deposition |
| 11/10/09 | CMM | 11.40 | 4,731.00 | Meeting with S. Webb re: Ambrose deposition (.3); participate in second day of H. Ambrose deposition (11.1). |
| 11/10/09 | MAU | 11.10 | 3,774.00 | Prepare for and attend Ambrose deposition (11.1);..... |
| 11/10/09 | GSW | 13.30 | 8,445.50 | Prepare for deposition, Ambrose deposition (13.3);..... |

     e.     We note that on December 30, 2009, attorneys Upadhyaya ($340), Webb (635),

and Mallon ($415) attended the Demchick deposition.  The total time spent was 34.30 hours for

$14,735.75 in fees.

| | | | | |
|---|---|---|---|---|
| 12/30/09 | CMM | 10.70 | 4,073.49 | Prepare for N. Demchick deposition (.9); attendance at N. Demchick deposition (9.5); meeting with S. Webb and M. Upadhyaya re: same (.3);............ |
| 13/30/09 | MAU | 11.40 | 3,555.63 | Prepare for Demchick deposition (1.6); attend and assist at deposition (9.5); confer with S. Webb, C. Mallon and A. Gendron re: Demchick deposition (.3). |
| 12/30/09 | GSW | 12.20 | 7,106.63 | Prepare for and take Demchick deposition |

## RESPONSE EXHIBIT "1"

The first inquiry in the Auditor's Report addresses the number of attorneys in attendance at certain depositions.  The staffing of depositions depends generally on the importance of the deposition to the case, the number of documents involved and the complexity of the subject matters to be covered at the deposition.  In addition, in a case such as this one, where there are numerous depositions, for consistency purposes, it is useful to have one lawyer generally familiar with the testimony of all witnesses, and Colleen Mallon, a junior partner with 11 years of experience, served that function in attending most of the depositions.  In this case, there were 23 depositions taken, and we staffed most of them with one lawyer.  Plaintiff routinely had at least two lawyers at the depositions.  The staffing for the specific depositions as to which you have inquired is discussed below.

The participants in each of the depositions described below include some combination of (i) Stewart Webb, a senior partner with 35 years of experience; (ii) Ms. Mallon; and (iii) Moxila Upadhyaya, an associate with 7 years of experience.  As a general matter, the depositions described below were particularly document intensive and critical to the case.  Venable believed that it was cost effective, when a senior attorney was taking or defending the deposition, to have document review and other deposition preparation work completed by more junior attorneys, even if it necessitated their attendance at the related deposition.  In addition, at most of the depositions, and especially those where there was more than one attorney present, the reporter was providing both sides with a live feed of the transcript, and we would have one lawyer, often Ms. Upadhyaya, reviewing the live feed and bringing to the attention of the lawyer principally handling the deposition any testimony that might need to be cleaned up (in the case of defending a deposition) or to be probed further (in the case of taking a deposition).  The availability of the real-time transcript was particularly useful at the depositions of the damages expert, which involved technical subjects, the deposition of Holly Ambrose, which continued for two days, and the deposition of Scott Whittier because of privilege issues.

Mikeska Deposition

Mr. Webb and Ms. Upadhyaya participated in the deposition of Patti Mikeska, an employee of the Debtor.  Ms. Mikeska was a critical fact witness.  The client specifically requested that Mr. Webb defend the deposition due to his level of experience.  Ms. Upadhyaya had reviewed thousands of documents in preparation for this deposition.  Her attendance was necessary because of her knowledge of the pertinent documents.

Hicks Deposition

Ms. Mallon and Ms. Upadhyaya participated in the deposition of Candice Hicks, an employee of the Plaintiff.  Ms. Mallon took the deposition.  Ms. Upadhyaya had reviewed and identified relevant documents prior to the deposition and her attendance was necessary because of her knowledge of and the voluminous nature of the documents.  The Plaintiff had three

attorneys at the same deposition.

Whittier Deposition

Mr. Webb and Ms. Mallon participated in Mr. Whittier's deposition.  Mr. Whittier was the Debtor's in-house counsel at the time the agreement at issue was entered into and, therefore, there were specific concerns about privilege issues related to this deposition.  Ms. Mallon was very familiar with these issues.  Mr. Webb defended the deposition and Ms. Mallon attended to, among other things, assist Mr. Webb to ensure that privilege was properly preserved.

Ambrose Deposition

Mr. Webb, Ms. Mallon and Ms. Upadhyaya participated in the deposition of Ms. Ambrose, the Plaintiff's President.  Ms. Ambrose was a critical fact witness.  In fact, the Court allowed for a two-day deposition of this particular witness because of her importance to the case. The client specifically requested that Mr. Webb take this deposition due to his years of experience.  Ms. Mallon attended the deposition because of her knowledge of the pertinent facts and documents, and her first-hand knowledge of what other witnesses had testified to in prior depositions.  Ms. Mallon's attendance was critical in planning for the second day of the deposition.  Ms. Upadhyaya had reviewed thousands of documents in preparation for this deposition.  Her attendance was necessary because of her knowledge of the pertinent documents.

Demchick Deposition

Mr. Webb, Ms. Mallon and Ms. Upadhyaya participated in the deposition of Neil Demchick, the Plaintiff's damages expert.  The issue of damages was the central issue in the case.  He generated three expert reports, all of which contained numerous exhibits.  His reports contained detailed economic analyses and were largely quantitative in nature.  Mr. Webb took the deposition due to his years of experience.  Ms. Mallon had studied Mr. Demchick's reports and attended the deposition to assist Mr. Webb.  Ms. Upadhyaya attended because of her familiarity with documents to be relied upon or introduced as exhibits.