IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING THE SECOND APPLICATION OF
CANADIAN ZAI CLAIMANTS PURSUANT TO 11 U.S.C. §§ 503(b)(3)(D) AND (b)(4)
FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES OF THE HOGAN FIRM
INCURRED IN MAKING SUBSTANTIAL CONTRIBUTION
FOR THE PERIOD OF SEPTEMBER 1, 2008 THROUGH DECEMBER 21, 2009**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Second Application of Canadian ZAI Claimants Pursuant to 11 U.S.C. §§ 503(b)(3)(D) and (b)(4) for Allowance of Administrative Expenses of The Hogan Firm Incurred in Making Substantial Contribution for the Period of September 1, 2008 through December 21, 2009 (the "Application").

**BACKGROUND**

1.  Lauzon Bélanger S.E.N.C.R.L. ("Lauzon Bélanger") and Scarfone Hawkins LLP ("Scarfone Hawkins") (both, "Representative Counsel") are Canadian law firms which were retained by the Ontario Superior Court of Justice to act as Representative Counsel to Canadian Zonolite Attic Insulation Claimants in a number of Canadian class action lawsuits involving the Debtors and other entities, including the Attorney General of Canada. Representative Counsel retained The Hogan Firm ("Hogan") to act as local Delaware counsel for the Canadian ZAI Claimants in this case. In the Application, the Representative Counsel seek approval, pursuant to 11 U.S.C. §§ 503(b)(3)(D)

and (b)(4), of fees totaling $103,032.00 and expenses totaling $3,118.94 for Hogan's services for the period of September 1, 2008 through December 20, 2009 (the "Application Period").[1]

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2010, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Hogan based on our review, and we received a response from Hogan, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.      We offer no opinion in this report as to whether the fees and expenses requested for Hogan's services should be compensated under Section 503(b). Rather, our recommendations pertain only to the reasonableness of the fees and expenses requested and are contingent on the Court's determination that the services of Hogan have satisfied the requirements of Section 503(b).

---

[1] This is the second Section 503(b) application that Representative Counsel have filed in this case. The first Section 503(b) application was filed by Representative Counsel on November 10, 2008, and sought fees of $321,109.00 and expenses of $11,566.90 for sums paid to Hogan for the period of June 22, 2006 through August 31, 2008. The Court approved the application by order dated December 15, 2008 (Docket #20471).

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Hogan Firm 35Q 503(b) v3.wpd

4.      We noted that none of the time entries in the Application were for less than 0.2 hours. Local Rule 2016-2(d)(iv) provides: "Activities shall be billed in tenths of an hour (six (6) minutes);..." Thus, we asked Hogan whether or not it has a policy of billing a minimum of 0.2 hours per time entry. Hogan initially responded in the negative, but after we made further inquiry, Hogan responded as follows:

> Attached is the revised History Bill for The Hogan Firm for the Period September 1, 2008 through December 21, 2009. The revision is due to the communication between our case management system (Amicus) and our accounting system (Timeslips). Some entries that were input as 0.1 were automatically entered by our accounting system as 0.2. We have since corrected this problem.

We appreciate Hogan's response and have attached the revised bill as Response Exhibit A.[2] We note that upon totaling those time entries that had been reduced from 0.2 to 0.1, we arrived at a reduction of $1,123.00. Thus, we recommend a reduction of $1,123.00 in fees.

## Specific Time and Expense Entries

5.      We noted the following time entries for making travel arrangements:

| 10/24/2008 | Make online reservations for DK Hogan for travel to Pittsburgh for hearing. | 190.00/hr | 95.00 |
|---|---|---|---|
| 10/24/2008 | Make online hotel reservation for DK Hogan, re: hearings in Pittsburgh on 10/27 & 10/28/08. | 190.00/hr | 95.00 |
|  |  |  | **190.00** |

Making travel arrangements appears to us to be an administrative task. Thus, we asked Hogan to explain why the bankruptcy estate should compensate these fees. Hogan responded: "The . . . time

---

[2]The revised invoice reflects not only the corrections referenced in Paragraph 4, but also the voluntary reductions to which Hogan agreed in Paragraphs 5 and 6. We note that on p. 50 of the revised invoice, Hogan's total fees are listed as $94,124.00. However, we have totaled the invoice line-by-line and have determined that the correct fee total, after reductions taken by Hogan, is $100,494.00.

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR Hogan Firm 35Q 503(b) v3.wpd

entries for making travel arrangements have been revised to reflect no charge . . . ." We appreciate Hogan's response and, consistent with the response, recommend a reduction of $190.00 in fees.

6. We noted the following time entries that appeared to include non-working travel:

| 10/26/2008 | Traveled to Pittsburgh for hearing. | 350.00/hr | 1,400.00 |
|---|---|---|---|
| 10/27/2008 | Traveled from Pittsburgh | 350.00/hr | 1,050.00 |
|  |  |  | **2,450.00** |

Pursuant to Local Rule 2016-2(d)(viii): "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates." Thus, we asked Hogan whether the required 50% discount had been applied to this time. Hogan responded:

> The following time entries have been revised and billed at 50% of the regular hourly rate for non-working travel pursuant to Local Rule 2016-2(d)(viii) . . . .

| 10/26/2008 | Traveled to Pittsburgh for hearing. | 175.00/hr | 700.00 |
|---|---|---|---|
| 10/27/2008 | Traveled from Pittsburgh. | 175.00/hr | 525.00 |
|  |  |  | 1,225.00 |

We appreciate Hogan's response and, consistent with the response, recommend a reduction of $1,225.00 in fees.

7. We noted the following hotel expense for which more information was needed:

10/27/2008     Travel Expense - Hotel- Hearing in Pittsburgh     373.06

In response to our inquiry, Hogan provided the following information:

> The hotel expense listed on 10/27/2008 is for the Omni William Penn Hotel, 530 William Penn Place, Pittsburgh, PA. The room rate was $279.00 USD plus $39.06 tax and Meal Expenses of $55.00 (Dinner 10/26/08 and Breakfast 10/27/08).

We accept Hogan's response and have no objection to this expense.[3]

## CONCLUSION

8.       Thus, we recommend approval of $100,494.00 in fees ($103,032.00 minus $2,538.00) and $3,118.94 in expenses for Hogan's services for the Application Period.[4]

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

---

[3] Although the Omni William Penn Hotel in Pittsburgh is classified as a luxury hotel (4 1/2 stars on the Expedia travel website), the room rate in question is below our recommended guideline of $300.00 per night, plus taxes, for Pittsburgh. We also note that the meal charge of $55 was for both lunch and dinner and is, therefore, below our recommended meal guidelines of $35 for lunch and $55 for dinner.

[4] As stated in Paragraph 3, *supra,* these recommendations are contingent upon the Court's determination that Hogan has made a substantial contribution pursuant to 11 U.S.C. § 503(b).


## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 28th day of May, 2010.

                                                  Warren H. Smith

## SERVICE LIST
<u>Notice Parties</u>

**Counsel for the Applicants**
Daniel K. Hogan
THE HOGAN FIRM
1311 Delaware Avenue
Wilmington, DE 19806

dkhogan@dkhogan.com

**The Debtors**
Richard Finke.
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
Deanna Boll
Holly Bull
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801