# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING THE SECOND[1] APPLICATION OF CANADIAN ZAI CLAIMANTS PURSUANT TO 11 U.S.C. §§ 503(b)(3)(D) AND (b)(4) FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES OF LAUZON BÉLANGER S.E.N.C.R.L. AND SCARFONE HAWKINS LLP INCURRED IN MAKING SUBSTANTIAL CONTRIBUTION FOR THE PERIOD OF SEPTEMBER 1, 2008 THROUGH DECEMBER 20, 2009**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Second Application of Canadian ZAI Claimants Pursuant to 11 U.S.C. §§ 503(b)(3)(D) and (b)(4) for Allowance of Administrative Expenses of Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP Incurred in Making Substantial Contribution for the Period of September 1, 2008 through December 20, 2009 (the "Application").

## BACKGROUND

1.      Lauzon Bélanger S.E.N.C.R.L. ("Lauzon Bélanger") and Scarfone Hawkins LLP ("Scarfone Hawkins") (both, "Representative Counsel") are Canadian law firms which were retained

---

[1] This is the second Section 503(b) motion that Representative Counsel have filed in this case. The first Section 503(b) motion was filed by Representative Counsel on November 10, 2008 (Docket #19974) and sought fees of $321,109.00 and expenses of $11,566.90 for sums paid to local Delaware counsel, The Hogan Firm, for the period of June 22, 2006 through August 31, 2008. The Court approved the application by order dated December 15, 2008 (Docket #19980).

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Lauzon and Scarfone 35Q 503(b) v2.wpd

by the Ontario Superior Court of Justice to act as Representative Counsel to Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI Claimants") in a number of Canadian class action lawsuits involving the Debtors, and other entities, including the Attorney General of Canada. In the Application, the Representative Counsel seek approval of fees totaling $394,007.04[2] and expenses totaling $55,377.79 for their services from September 1, 2008 through December 20, 2009 (the "Application Period"). Of this amount, $86,127.65 in fees and $36,589.87[3] in expenses are sought by Lauzon Bélanger, and $307,879.39 in fees and $18,787.92[4] in expenses are sought by Scarfone Hawkins.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2010, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Representative Counsel based on our review, and we received a response

---

[2] Consistent with the Application, all dollar amounts in this report are in Canadian currency.

[3] This amount also includes Canadian Goods and Services Tax ("GST") of $5,404.15 and Quebec Sales Tax of $8,511.54.

[4] This amount also includes GST of $15,531.40.

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Lauzon and Scarfone 35Q 503(b) v2.wpd

from Representative Counsel, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.      We offer no opinion in this report as to whether Representative Counsel should be compensated under Section 503(b). Rather, our recommendations pertain only to the reasonableness of the fees and expenses requested and are contingent on the Court's determination that Representative Counsel have satisfied the requirements of Section 503(b).

4.      We note for informational purposes that, pursuant to the terms of the <u>Amended and Restated CDN ZAI Minutes of Settlement</u> between Debtors and Representative Counsel, dated November 16, 2009, and approved by the Ontario Superior Court of Justice,[5] Representative Counsel are to be paid the sum of $2,000,000.00 from the Canadian ZAI Property Damage Claims Fund, which fund shall be funded on the Effective Date of Debtors' plan of reorganization. In the meantime, Representative Counsel have filed with this Court a separate application under Section 503(b) seeking approval of their $2,000,000.00 compensation payment. The $2,000,000.00 sought in Representative Counsel's other substantial contribution motion is completely separate from the compensation sought in this Application and pertains to services rendered by Representative Counsel from October 1, 2004 through August 31, 2008.

5.      In our initial report, we noted that Lauzon Bélanger billed GST of $5,404.15 and Quebec Sales Tax of $8,511.54. We also noted that Scarfone Hawkins billed GST of $15,531.40. Thus, we asked for a brief explanation of the Canadian legal authority for charging sales tax on the fees and expenses billed in the Application. Lauzon Bélanger responded as follows:

---

[5]Court File No. 01-CL-4081.

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR Lauzon and Scarfone 35Q 503(b) v2.wpd

> Lauzon Bélanger billed GST of $5,404.15 and Quebec Sales Tax of $8,511.54 pursuant to Canada Revenue Agency ("CRA") RC4022 and Revenu Québec IN-203-V.

In addition, Lauzon Bélanger provided a copy of these publications, which we reviewed. It appears from these materials that Lauzon Bèlanger and Scarfone Hawkins are required to collect GST on the legal services they provided, and Lauzon Bélanger, a Montreal firm, is required to collect Quebec Sales Tax on the services it provided.[6] Thus, we have no objection to these expenses.

### Lauzon Bélanger

6.     In our initial report, we noted that the time entries did not appear to be billed in tenth of an hour increments (six minutes) as required by the Local Rules.[7] We noted no time entries of less than 10 minutes in the Application, even though the Application covered a 15-month period. Thus, we asked Lauzon Bélanger if it has a policy of billing a minimum of 10 minutes per time entry. Lauzon Bélanger responded: "Lauzon Bélanger does not have a policy of billing a minimum of 10 minutes per time entry" and "(o)ur minimum billing is of 5 minutes (0.08)." We appreciate Lauzon Bélanger's response, but in our experience there are almost always some time entries for six minutes (0.10), and the absence of any time entries of less than 10 minutes (0.17) indicates that time is being kept in increments of 10 minutes, rather than the six minutes required by the Local Rules. All of the time entries of 0.17 minutes were billed by attorney CH, billing at an hourly rate of

---

[6]There are exceptions to these taxes for certain types of services provided to persons or companies who are non-residents of Canada. However, for the period in question, Lauzon Bélanger and Scarfone Hawkins were providing legal services to the Canadian ZAI claimants (even though they contend those services provided a substantial contribution to the W.R. Grace bankruptcy estate). We have insufficient information to determine whether any party is or will be entitled to a refund or credit of such taxes, if paid.

[7]According to Del.L.R. 2016-2(d)(iv): "Activities shall be billed in tenths of an hour (six (6) minutes); . . . .

**FEE AUDITOR'S FINAL REPORT** - Page 4
wrg FR Lauzon and Scarfone 35Q 503(b) v2.wpd

$285.00. As we think that Lauzon Bélanger has not carried its burden of showing that this time was accurately kept, we think it appropriate to reduce 50% of these time entries to 0.10, and, accordingly, we recommend a reduction of $598.50[8] in fees.

7.  We noted an expense item of $72.00 described only as "Various expenses." In response to our inquiry, Lauzon Bélanger provided the following information:

> Uniglobe - Sept. 22, 2008 & September 29, 2008 - Service Fees CDN$37.00 and CDN$35.00 (See invoices attached hereto . . . .)

We reviewed the invoice provided by Lauzon Bélanger, and note that the expenses were for air fare booking fees billed by a travel agency. Thus, we have no objection to these expenses.

8.  We noted $491.22 in unspecified travel expenses, and asked Lauzon Bélanger to provide an itemization. Lauzon Bélanger provided copies of the invoices for these charges, as well as the following information:

> Travel Expenses in the amount of $491.22 are itemized as follows:
>
> a.  Air Porter - Sept. 30, 2008 to Toronto - CDN$431.51 (less taxes and fees) (See Fare Summary attached hereto . . . . )
>
> b.  Air Porter - Sept. 30, 2008 - flight change - CDN$112.88 (See Porter receipt attached hereto . . . . )

We note from the invoices that the charges were for a round trip airline ticket from Montreal to Toronto, with an added charge because of a change of flight. Although Porter Airline, the airline utilized by Lauzon Bélanger, offers upscale services, we found that in this particular instance, the charges were less than comparable economy class fares charged by other commercial airlines. Thus, we accept Lauzon Bélanger's response and have no objection to these expenses.

---

[8] There were 60 time entries of 0.17. We calculated our reduction by reducing 30 of the 0.17 time entries to 0.10, or by $19.95. $30 \times \$19.95 = \$598.50$.

**FEE AUDITOR'S FINAL REPORT** - Page 5
wrg FR Lauzon and Scarfone 35Q 503(b) v2.wpd

9.     We noted the following expense for which more information was needed:

Member services (830.5 hours)            $20,056.58

In response to our inquiry, Lauzon Bélanger provided the following information:

> The "Member Services" expense is comprised of hours spent by five employees of Lauzon Bélanger called "Member Services Personnel". These employees are treated as a separate entity and are responsible for answering ZAI class member's questions, creating and maintaining a database of ZAI class members, and providing information to ZAI class members on the class action. (830.5 hours @ $20,056.58), please see detailed report attached hereto . . . .

We have attached the report provided by Lauzon Bélanger as Response Exhibit "1." We note that the report provides lists of hours worked by the Member Services Personnel over the 15-month period in question, and the work description indicates work of a clerical nature which was billed at $24.15 per hour. The tasks described appear to be necessary, and an hourly rate of $24.15 appears to be reasonable for the tasks described. Thus, we accept Lauzon Bélanger's response and have no objection to this expense.

### **Scarfone Hawkins**

10.    We have no issues with or objections to Scarfone Hawkins' fees and expenses.

### **CONCLUSION**

11.    Thus, we recommend approval of $393,408.54 in fees ($394,007.04 minus $598.50) and $55,377.79 in expenses for Representative Counsel's services for the Application Period, of which $85,529.15 in fees ($86,127.65 minus $598.50) and $36,589.87 in expenses are for the services of Lauzon Bélanger, and $307,879.39 in fees and $18,787.92 in expenses are for the services of Scarfone Hawkins.[9]

---

[9]As stated in Paragraph 3, *supra,* these recommendations are contingent upon the Court's determination that Representative Counsel has made a substantial contribution pursuant to 11

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 28th day of May, 2010.

_____
Warren H. Smith

---

U.S.C. § 503(b).

## SERVICE LIST
### Notice Parties

**Counsel for the Applicants**
Daniel K. Hogan
THE HOGAN FIRM
1311 Delaware Avenue
Wilmington, DE 19806

dkhogan@dkhogan.com

**The Debtors**
Richard Finke.
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
Deanna Boll
Holly Bull
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property**

**Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801