## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.,** *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING THIRTY-FIFTH
### INTERIM FEE APPLICATION OF CAPLIN & DRYSDALE, CHARTERED

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Thirty-Fifth Interim Fee Application of Caplin & Drysdale, Chartered (the "Application").

## BACKGROUND

1.      Caplin & Drysdale, Chartered ("Caplin & Drysdale"), was retained as national counsel to the Official Committee of Asbestos Personal Injury Claimants. In the Application, Caplin & Drysdale seeks approval of fees totaling $868,243.75 and expenses totaling $147,341.92 for its services from October 1, 2009 through December 31, 2009 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2010, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with

precedent established in the United States Bankruptcy Court for the District of Delaware, the United

States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We

served an initial report on Caplin & Drysdale based on our review, and we received a response from

Caplin & Drysdale, portions of which response are quoted herein.

## DISCUSSION

3.    In our initial report, we noted the following time entries which appeared to include

non-working travel:

| 12/09/09 | AJS | 295.00 | 5.60 | Review of e-mail from ACM regarding Libby settlement (0.1); **travel to New York (2.5);** review of TDP, plan documents, e-mails from Cohn and suggested changes to TDP (3.0). |
| 12/10/09 | AJS | 295.00 | 9.70 | Preparation for meeting regarding TDP revision and phone call with ACM regarding same (1.0); meeting regarding TDP revision with EI, Frankel, Wyron, Cohn and Heberling (3.7); meetings with EI regarding TDP revision (0.4); **travel to Washington (4.5);** preparation of e-mails to ACM regarding meeting and review of e-mails from ACM regarding same (0.1). |

Pursuant to Local Rule 2016-2(d)(viii): "Travel time during which no work is performed shall be

separately described and may be billed at no more than 50% of regular hourly rates."  Thus, we

asked Caplin & Drysdale whether the required 50% discount had been applied to these time entries.

Caplin & Drysdale responded:

> The non-working travel time referenced in . . . the Initial Report should have
> been billed at 50% of attorney Andrew Sackett's regular hourly rate.  Caplin &
> Drysdale will take a voluntary reduction regarding these fees, and apologizes for the
> clerical error.

We appreciate Caplin & Drysdale's response and, consistent with the response, recommend that the

fees for the seven hours of non-working travel time be reduced by 50%, for a reduction of

$1,032.50^{1}$ in fees.

    4.    We noted the following meal expenses which appeared excessive:

| 2456467 | Nathan D. Finch - Dinner Meal while on Travel to/from Pittsburgh, PA, 9/18/09 | 11/11/2009 | 68.71 |
|---------|---------------------------------------------------------------------------------|------------|-------|
| 2456470 | Nathan D. Finch - Working Lunch Meal w/ JPW & KCM, 11/3/09 | 11/11/2009 | 125.50 |
| 2467497 | Nathan D. Finch - Working Lunches, re: Brief Preparations, 11/9/09 - 11/12/09 | 12/07/2009 | 84.20 |

It appears to us that one can dine satisfactorily in most locales for $25 for breakfast, $35 for lunch, and $55 for dinner.   In response to our inquiry, Caplin & Drysdale provided the following information:

> The charge for a dinner meal on September 18, 2009 was incurred in Pittsburgh.  The charge on November 11 was incurred in Washington, D.C. and represents a working lunch for three people.  The lunch charge dated December 17 represents three working lunches, on November 9, 10 and 12, respectively, and was incurred in Washington, D.C.

Based on the guidelines stated above, we recommend that the $68.71 charge for dinner for one in Pittsburgh be reduced to $55.00, for a reduction of $13.71 in fees.  In addition, we do not believe that Caplin & Drysdale has carried its burden of proof on why the lunch charges of $125.50 and $84.20 should be paid by the estate.  There is nothing in the response to indicate they were meeting with individuals outside the office.  Furthermore, these attorneys would have had to purchase lunch regardless of the task on which they were working.  Thus, we recommend a total reduction of $223.41 in expenses.

    5.    We noted the following car service charges which, without additional information,

---

[1] Seven hours at Mr. Sackett's regular hourly rate of $295.00 per hour = $2,065.00.  One-half that amount is $1,032.50.

appeared excessive:

| 2468577 | BostonCoach Corporation - Car Svc. from Westin Convention Center in PA to Bethesda, MD, 10/14/09 (NDF) | 12/14/2009 | 1,069.30 |
| 2468640 | BostonCoach Corporation - Car Svc. to/from Westin Convention Center in Pittsburgh, PA, 9/11/09 - 10/12/09 (NDF) | 12/15/2009 | 3,299.16 |

In response to our inquiry, Caplin & Drysdale provided the following information:

> Below is the information that you request in . . . the Initial Report regarding certain car service charges. (Caplin & Drysdale has determined that the most inexpensive and efficient manner of travelling between Washington, D.C. and Pittsburgh is via car service.)

| Date | Charge | Departure/Destination | One way/RT | Purpose |
|------|--------|----------------------|-----------|---------|
| 9/11/09 | $1,452.70 | Westin Convention Center, Pittsburgh, PA to 1 Thomas Circle, Washington, D.C. (NDF) | One-way | Return to D.C. office from Pittsburgh hearing. |
| 9/18/09 | $947.94 | Pittsburgh, PA to Bethesda Maryland (NDF) | One-way | Return home from Pittsburgh hearing |
| 10/12/09 | $898.52 | Bethesda, MD to Westin Convention Center, Pittsburgh, PA (NDF) | One-way | Transportation Pittsburgh hearing |
| **Total (9/11/09-10/12/09):** | **$3,299.16** | | | |
| 10/14/09 | $1,069.30 | Westin Convention Center, Pittsburgh, PA to Bethesda, MD (NDF) | One-way | Transportation to hearing for Caplin & Drysdale attorney Nathan D. Finch |

We have found that a one way, non-stop, refundable airline ticket from Pittsburgh to Washington,

DC (Reagan), or from Washington, DC (Reagan) to Pittsburgh, can be purchased with little advance

notice for $900.00, or $950.00 if checked bags are included.  Thus, we accept Caplin & Drysdale's

response with respect to the car service charges of $947.94, $898.52, and $1,069.30.[2]  However, we

recommend that reimbursement of the $1,452.70 car service charge be reduced to $1,050.00,[3] for

a reduction of $402.70 in expenses.

## CONCLUSION

6.    Thus, we recommend approval of $867,211.25 in fees ($868,243.75 minus $1,032.50)

and $146,715.81 in expenses ($147,341.92 minus $626.11) for Caplin & Drysdale's services for the

Application Period.


Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**


By:_____
       Warren H. Smith
       Texas State Bar No. 18757050

325 North St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

---

[2]We understand that air travel will necessitate the cost of a taxi to and from the airport, at an added cost of approximately $50.00 at each end, for a total of $100.00 per trip.

[3]$950.00 for one-way air fare, plus an additional $100.00 for taxi charges to and from the airport

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 28th day of May, 2010.

_____

Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Elihu Inselbuch
Rita Tobin
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500

**The Debtors**
Richard Finke.
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
Deanna Boll
Holly Bull
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801