# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| W.R. Grace & Co., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 24423, 24795, 24797<br>Hearing Date: June 7, 2010 at 10:30 a.m. |

## LIBBY CLAIMANTS' RESPONSE TO MARYLAND CASUALTY COMPANY'S OBJECTION TO LIBBY CLAIMANTS' PARTICIPATION IN DEBTORS' OBJECTION TO CLAIMS FILED BY MARYLAND CASUALTY COMPANY

In accordance with the Court's Order Setting Various Dates Regarding Debtors' Objection to Maryland Casualty Company's Claims dated April 26, 2010 [Docket No. 24665], claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, submit this response to the Objection of Maryland Casualty Company to the Proposed Participation of the Libby Claimants in the Debtors' Objection to Claims Filed by Maryland Casualty Company dated May 19, 2010 [Docket No. 24795] (the "Maryland Casualty Objection"). In support of this Response, the Libby Claimants state:

1. Despite having filed at least 20 joinders of their own during the course of this bankruptcy case, Maryland Casualty[2] declares the Libby Claimants' Joinder a meaningless, ineffective pleading because the "concept of 'joinder' exists neither under the Federal Rules of Bankruptcy Procedure, nor under the Federal Rules of Civil Procedure." Maryland Casualty

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 24713], as it may be amended and restated from time to time.

[2] Unless otherwise defined herein, all capitalized terms shall have the definitions provided to them in the Libby Claimants' Reply to Response of Maryland Casualty Company in Opposition to Debtors' Objection to Claims dated May 19, 2010 [Docket No. 24797].

{393.001-W0008086.}

Objection at p. 3. The Libby Claimants' Joinder reflects the custom and practice in this case and in this Court for parties to file "joinders" for the purpose of becoming a party to a contested matter or joining in the arguments asserted by other parties—in each case, without wasting additional paper, their own efforts or this Court's time by replicating pleadings already of record.

2.      Of course, the filing of the Libby Claimants' Joinder did not dispense with the requirement for the Libby Claimants to have standing in respect of the Claims Objection. However, as discussed in greater detail in the Libby Claimants' Reply to Response of Maryland Casualty Company in Opposition to Debtors' Objection to Claims dated May 19, 2010 [Docket No. 24797], the Libby Claimants qualify as "party in interest" and thus have standing under Section 502(a) to join in and pursue the Claims Objection. Maryland Casualty fails to address this statutory argument.

3.      There is no merit to Maryland Casualty's argument that even if the Libby Claimants have standing to join in the Claims Objection, they must meet the standards for intervention pursuant to Fed. R. Bankr. P. 2018(a). Maryland Casualty Objection at p. 4. As this court has previously explained, intervention under Fed. R. Bankr. P. 2018(a) allows a "party to be heard on a matter where it does not otherwise have standing." In re ANC Rental Corp., Inc., 278 B.R. 714, 719 (Bankr. D. Del. 2002). Since the Libby Claimants have standing, they do not need to intervene.

4.      Notwithstanding the Libby Claimants' standing and right to pursue the Claims Objection, the Libby Claimants are willing to consent, pursuant to the attached proposed form of

order[3], to not being a party to the Claims Objection proceeding, so long as their right to renew the Libby Claimants' Joinder is preserved if, in the future, the Claims Objection is no longer being pursued by Grace or its other plan proponents, or if the Libby Claimants assert that their interests are not being adequately represented in respect of the Claims Objection proceeding by any of the parties thereto.

Dated: June 2, 2010

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
P.O. Box 2087
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for the Libby Claimants*

[3] The Libby Claimants have circulated the proposed form of order to counsel to Grace, the Official Committee of Asbestos Personal Injury Claimants (the "ACC"), the Future Claimants' Representative (the "FCR,"), and Maryland Casualty. Grace, the ACC, and FCR have given their approval to the form of order and, as of this filing, Maryland Casualty continues to review the proposal.