IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et. al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors | ) | |
| | ) | **Related Docket Nos. 21345, 24407, 24471, 24795,** |
| | ) | **24796, 24979, 24801, 24802** |
| | ) | **Hearing Date: June 7, 2010 10:30 a.m.** |

## DEBTORS' RESERVATION OF RIGHTS REGARDING PARTICIPATION OF NON-DEBTORS IN DEBTORS' OBJECTION TO MARYLAND CASUALTY COMPANY'S CLAIMS

Debtors hereby reserves the right to seek to limit the participation of the Libby Claimants, the Official Committee of Asbestos PI Claimants ("ACC"), and the Asbestos PI Future Claimants' Representative ("FCR") in the contested matter initiated by Debtors' Objection to Maryland Casualty Company's Claims [Dkt. 21345] ("Claims Objection").

1. On April 21, 2009, Debtors filed the Claims Objection, seeking to disallow Maryland Casualty Company's ("MCC") Proofs of Claim filed in these bankruptcy proceedings. On March 5, 2010, MCC filed its response, principally arguing that Debtors are judicially estopped from litigating the Claims Objection [Dkt. 24407]. On March 9, 2010, the Libby Claimants filed a "joinder" in Debtors' Claims Objection [Dkt. 24423]. Debtors responded to MCC's arguments on May 19, 2010. *See* Debtors' Reply in Support of Objections to MCC's Claims [Dkt. 24801]. Also on May 19, 2010, the FCR and ACC filed a pleading asserting that they are not judicially estopped from litigating the Claims Objection [Dkt. 24802], the Libby Claimants filed a separate Reply to MCC's Response [Dkt. 24797], and MCC filed an Objection to the Libby Claimants' Proposed Participation in Debtors' Objection to MCC's Claims [Dkt. 24795] and a Reservation of Rights regarding the ACC's and FCR's participation. [Dkt. 24796]

DOCS_DE:160516.1

2.      Debtors do not presently object to the Libby Claimants' participation in discovery with respect to Debtors' Objection to MCC's Proofs of Claim. Nevertheless, a creditor's right to object to the claim of another creditor under 11 U.S.C. § 502(a) is not absolute. This is especially true where, as here, Debtors are competently pursuing the Claims Objection. *See In re Dow Corning Corp.,* 244 B.R. 721, 750-51 (Bankr. E.D. Mich. 1999)("[W]here a trustee is charged with administering a bankruptcy estate, a creditor can object to the claim of another creditor only if, upon demand, the trustee refuses to do so . . . The result is, of course, the same in a chapter 11 case where the debtor fills the role of a trustee")(citing 11 U.S.C. § 1107(a)). The Libby claimants' participation may "waste judicial resources and delay administration of the bankruptcy estate to its and its creditors' detriment with no corresponding benefit to the estate." *Dow Corning,* 244 B.R. at 751. Therefore, Debtors reserve the right to object in the event that the Libby Claimants attempt to exercise undue control over the Claims Objection proceeding or cause a waste of judicial resources or delay in administration of Debtors' estates.

3.      Similarly, Debtors have no objection to the participation of the ACC and FCR at this time. However, Debtors function as fiduciaries and must act in the best interests of the estate. *See* 11 U.S.C. § 1107; *see also Dow Corning,* 244 B.R at 750-51. Accordingly, Debtors reserve the right to object to continued prosecution of the Claims Objection by the ACC and FCR if, at some point in the future, Debtors conclude that further prosecution of the Claims Objection is not in the best interests of the Debtors' estate.

4.      For the reasons stated herein, Debtors respectfully reserve the right to seek to limit the participation of the Libby Claimants, ACC and FCR in the contested matter initiated by Debtors' Objection to MCC's Claims.

Dated: June 2, 2010

Respectfully submitted,

KIRKLAND & ELLIS LLP
John Donley
Lisa G. Esayian
300 N. LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Theodore L. Freedman
Justin S. Brooks
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

PACHULSKI STANG ZIEHL & JONES LLP

*[signature]*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Counsel for the Debtors and Debtors in Possession*