IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
* * * * * * * * * * * * * * * * * * * * * *
                                          *
In re                                     *
                                          *   Chapter 11
W.R. GRACE & CO., et al.,                 *   Case No. 01-01139 (JKF)
                                          *   Jointly Administered
            Debtors.                      *
                                          *   Related Docket Nos. 24423, 24795, 24797, 24887
                                          *   Hearing Date: June 7, 2010 at 10:30 a.m.
* * * * * * * * * * * * * * * * * * * * * *
```

**ORDER CONCERNING MARYLAND CASUALTY COMPANY'S OBJECTION TO LIBBY CLAIMANTS' PARTICIPATION IN DEBTORS' OBJECTION TO CLAIMS FILED BY MARYLAND CASUALTY COMPANY**

This matter having come before the Court upon consideration of the Joinder of the Libby Claimants in the Debtors' Objection to Claims Filed by Maryland Casualty Company dated March 9, 2010 [Docket No. 24423] (the "Libby Claimants' Joinder"); the Libby Claimants having filed the Libby Claimants' Reply to Response of Maryland Casualty Company in Opposition to Debtors' Objection to Claims on May 19, 2010 [Docket No. 24797]; Maryland Casualty having filed the Objection of Maryland Casualty Company to the Proposed Participation of the Libby Claimants in the Debtors' Objection to Claims Filed by Maryland Casualty Company dated May 19, 2010 [Docket No. 24795] (the "Maryland Casualty Objection"); the Libby Claimants having filed a response on June 2, 2010 responding to the Maryland Casualty Objection [Docket No. 24887]; the Debtors, the Official Committee of Asbestos Personal Injury Claimants (the "ACC"), the Future Claimants' Representative (the "FCR," together with the ACC and the Debtors, the "Plan Proponents"), Maryland Casualty Company, and the Libby Claimants having assented to the entry of this Order, and after due deliberation and sufficient cause appearing therefor,

It is hereby ORDERED:

1. Subject to further order of this Court as provided herein, the Libby Claimants' Joinder is hereby withdrawn without prejudice, and the Libby Claimants are not a party to the Claims Objection.[1] However, without prejudice to any party's right to object or otherwise be heard thereon, the Libby Claimants may hereafter move to participate in the Claims Objection in the event that (a) the Claims Objection is no longer being prosecuted by the Debtors, the ACC or the FCR, or (b) the Libby Claimants assert that their interests are not being adequately represented in respect of the Claims Objection proceeding by any of the parties thereto.[2] If the Libby Claimants so move, this Court shall determine whether the Libby Claimants may participate in the proceedings (and, if so, to what extent), *provided, however,* that the Libby Claimants' lack of participation in the Claims Objection by reason of this Order shall not be considered.

2. Except as set forth in paragraph 1 of this Order, the rights of all parties in respect of the Libby Claimants' Joinder and the Maryland Casualty Objection are hereby expressly preserved.

Dated: June 7, 2010
Wilmington, Delaware

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

---

[1] Communications between Libby Claimants' counsel and the Plan Proponents concerning the Claims Objection shall be treated the same, for purposes of any joint defense a/k/a common interest privilege that may exist, as though the Libby Claimants were a party to the Claims Objection proceeding.

[2] The requirement for the Libby Claimants to move to participate is without prejudice to the Libby Claimants' position that they have standing in respect of the Claims Objection and therefore the right to participate in the Claims Objection proceeding simply by filing a joinder.