IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: June 28, 2010 at 4:00 p.m. |
| | ) | Hearing Date: July 14, 2010 at 10:30 a.m. |

**DEBTORS' MOTION PURSUANT TO SECTIONS 105, 363, 1107 AND 1108 OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 9014 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER APPROVING THE AMENDED AND RESTATED ASBESTOS SETTLEMENT AGREEMENT BETWEEN W. R. GRACE & CO. AND MUNICH REINSURANCE AMERICA, INC.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order approving an Amended and Restated Asbestos Settlement Agreement (the "Amended Agreement")[2] by and between W. R. Grace & Co. ("Grace") and Munich Reinsurance America, Inc. f/k/a American Re-Insurance

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Amended Agreement or the Plan, as applicable.

Company ("Munich Re"). A copy of the Amended Agreement is attached as <u>Exhibit A</u>. In support of the Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Motion is proper under 28 U.S.C. § 1408.

2. The statutory predicates for this Motion are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 the Federal Rules of Bankruptcy Procedure.

### Background

3. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. Munich Re issued certain policies of insurance that provide, or are alleged to provide, insurance coverage to Grace and certain other of the Debtors.

5. Grace has incurred and may incur in the future certain liabilities, expenses and losses arising out of asbestos-related claims and other claims, for which Grace seeks coverage under the Munich Re policies. Disputes have arisen between Grace and Munich Re regarding their respective rights and obligations under the insurance policies with respect to coverage for asbestos-related claims.

6. Prior to the Petition Date, Grace and Munich Re entered into an Asbestos Settlement Agreement dated June 14, 1996 (the "1996 Agreement"), which resolved disputes

between the parties regarding certain asbestos-related bodily injury claims falling within the products/completed operations hazards of the Munich Re policies as well as certain other claims, and provided a mechanism for reimbursement by Munich Re of such claims.

7. Pursuant to the 1996 Agreement, Munich Re reimbursed Grace with respect to certain asbestos-related claims prior to the Petition Date. Aggregate policy limits of $8,782,202.00 remain available under the 1996 Agreement. These limits are part of a $30 million layer of excess insurance that attaches at $20 million for the period June 30, 1973 to June 30, 1977.

8. The Plan of Reorganization proposed by the Plan Proponents contemplates that Asbestos PI Claims will be enjoined and channeled to the Asbestos PI Trust (the "Trust"). *See* First Amended Joint Plan of Reorganization, as it has been and may be amended, supplemented or modified from time to time (the "Plan"), Art. 8.2.1. If established as proposed, the Trust will process and resolve Asbestos PI Claims pursuant to the Asbestos PI Trust Distribution Procedures.

9. The Plan further contemplates that Grace's and other Debtors' rights to proceeds of Asbestos Insurance Policies and to payments under Asbestos Insurance Reimbursement Agreements are to be transferred to the Trust, to be used to fund payment of Asbestos PI Claims. *See* Plan, Art. 7.2.2(d)(ii) and (iv); Plan Ex. 6 – Asbestos Insurance Transfer Agreement. The 1996 Agreement is such an Asbestos Insurance Reimbursement Agreement.

10. The Amended Agreement confers the following principal benefits on the Debtors' estate, among others:

    (a)    The benefit of the bargain negotiated by Grace and Munich Re in the 1996 Agreement is made available to the Trust without the need for litigation to enforce either the assignment of the 1996 Agreement by Grace to the Trust or the specific terms of the 1996 Agreement.

(b) The full remaining unexhausted limits of the Munich Re policies subject to the 1996 Agreement – $8,782,202.00 – are made available to reimburse the Trust for payments made to Asbestos PI Claimants, as well as for defense costs incurred, if any, with respect to Asbestos PI Claims.

(c) The Amended Agreement incorporates modifications to the 1996 Agreement enabling the processing and payment of claims by the Trust under the Trust Distribution Procedures to be compatible with the criteria for reimbursement by Munich Re under the 1996 Agreement.

(d) The Amended Agreement represents a compromise of defenses that Munich Re might have with respect to any individual Asbestos PI Claim.

11. Neither the 1996 Agreement nor the Amended Agreement releases Munich Re from claims that are not within the scope of the products/completed operations hazards of the insurance policies subscribed to by Munich Re.

## Relief Requested

12. By this Motion, the Debtors respectfully seek the entry of an order, pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Amended Agreement, which has been executed by the parties, and, by its terms, will become effective upon the approval of this Court.

## Basis for Relief

13. This Court has statutory authority to authorize and approve the Debtors' entry into the Amended Agreement pursuant to sections 105 and 363(b)(1) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). A settlement of claims and causes of action by a debtor in possession constitutes a use of property of the estate.

*See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*

14. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019(a). Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed compromise is in the best interests of the debtor's estate. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate.'"). To reach this determination, courts assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the compromise. *See Martin*, 91 F.3d at 393.

15. The standard by which courts evaluate the reasonableness of a proposed compromise and settlement is well established. This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.*; *see also Depositor v. Mary M. Holloway Found.*, 36 F.3d 582, 587 (7th Cir. 1994) (affirming an order approving a compromise and settlement of claims against the estate where it was "unlikely" that the debtor would succeed on the claim, litigation of the claims would involve considerable expense, and the claimant would withdraw all claims upon approval of the settlement). Settlements should only be rejected if they fall "below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983)

(citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). The standards set forth above are plainly met in this case.

16. The Amended Agreement is in the best interests of the Debtors, their estates and their creditors because it allows the substantive compromises embodied in the 1996 Agreement to remain in place and because it implements certain changes to the 1996 Agreement to enable the benefits of that agreement to be available to the Trust for the payment of Asbestos PI Claims. If the Amended Agreement were not approved, the Trust likely would face additional burden and cost in seeking to obtain the benefits of, and enforcing Grace's rights under, the 1996 Agreement.

17. For all of the foregoing reasons, the Debtors submit that the Amended Agreement is fair and reasonable and in the best interests of the Debtors, their creditors and their estates, and thus the Debtors should be authorized to enter into the Amended Agreement.

## Notice

18. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee, (iv) counsel to the Asbestos PI Future Claimants' Representative and counsel to the Asbestos PD Future Claimants' Representative, and (v) those parties that requested papers under Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order approving the Amended Agreement, and granting such other and further relief as the Court deems just and proper.

DOCS_DE:160804.1

Dated: June 8, 2010

KIRKLAND & ELLIS LLP
Lisa G. Esayian
300 N. LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Theodore Freedman
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

PACHULSKI STANG ZIEHL & JONES LLP

_[signature]_

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

DOCS_DE:160804.1