UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                      .      Case No. 01-1139 (JFK)
                            .
W.R. GRACE & CO.,           .
et al.,                     .
                            .      824 North Market Street
                            .      Wilmington, DE 19801
            Debtors.   .
                            .      June 7, 2010
. . . . . . . . . . . . ..          10:30 a.m.


TRANSCRIPT OF HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtors:            Law Offices of Janet S. Baer, P.C.
                            By:  JANET S. BAER, ESQ.
                            70 West Madison, Suite 2100
                            Chicago, IL  60602-4253

                            Kirkland & Ellis, LLP
                            By:  JOHN DONLEY, ESQ.
                            200 East Randolph Drive
                            Chicago, IL  60601

                            Kirkland & Ellis, LLP
                            By:  THEODORE L. FREEDMAN, ESQ.
                            601 Lexington Avenue
                            New York, NY  10022


Audio Operator:             Ginger Mace



Proceedings recorded by electronic sound recording, transcript
                produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609) 586-2311   Fax No. (609) 587-3599**

**APPEARANCES (Contd'):**

For the Debtor:                    Pachulski Stang Ziehl & Jones, LLP
                                   By:  JAMES E. ONEILL, ESQ.
                                   919 N. Market Street, 17th Floor
                                   P.O. Box 8705
                                   Wilmington, DE  19899-8705

For Arrowwood Indemnity:           Bifferato Genitilotti
                                   By:  GARVAN F. McDANIEL, ESQ.
                                   800 North King Street, Plaza Level
                                   Wilmington, DE  19801

For David T. Austern,              Orrick, Herrington & Sutcliffe,
PIFCER:                            LLP
                                   By:  ROGER FRANKEL, ESQ.
                                   Washington Harbour
                                   3050 K Street, N.W.
                                   Washington, D.C.  20007

For the BNSF Railway Co.:          Pepper Hamilton LLP
                                   By:  LINDA J. CASEY, ESQ.
                                   3000 Two Logan Square
                                   Eighteenth and Arch Streets
                                   Philadelphia, PA  19103-2799

For the Trade Committee:           Duane Morris, LLP
                                   By:  MICHAEL R. LASTOWSKI, ESQ.
                                   Suite 1200
                                   1100 North Market Street
                                   Wilmington, DE  19801-1246

For the ACC:                       Caplan & Drysdale
                                   By:  PETER VAN N. LOCKWOOD, ESQ.
                                   One Thomas Circle N.W.
                                   Suite 1100
                                   Washington, DC  20005

                                   Campbell & Levine
                                   By:  MARK T. Hurford
                                   800 North King Street
                                   Suite 300
                                   Wilmington, DE  19701

FOR W.R. GRACE:                    W.R. Grace
                                   By:  MARK SHELNITZ, ESQ.
                                   7500 Grace Drive
                                   Columbia, MD  21044

**J&J COURT TRANSCRIBERS, INC.**

**APPEARANCES (Contd'):**

For PD/FCR:                     Law Offices of Alan B. Rich
                                By:  ALAN B. RICH, ESQ.
                                1201 Main Street
                                Suite 1910, LB 201
                                Dallas, TX  75202

For Canadian ZAI                The Hogan Firm
Claimants:                      By:  DANIEL K. HOGAN, ESQ.
                                1311 Delaware Avenue
                                Wilmington, DE  199806

For the PD Committee:           Ferry Joseph & Pearce, P.A.
                                By:  THEODORE TACCONELLI, ESQ.
                                824 Market Street, Suite 19899
                                Wilmington, DE  19899

For Sealed Air:                 Skadden, Arps, Slate, Meagher &
                                Flom, LLP
                                By:  DAVID TURETSKY, ESQ.
                                One Rodney Square
                                Wilmington, DE 19801

For the Libby Claimants:        Landis Rath & Cobb, LLP
                                By:  KERRI K. MUMFORD, ESQ.
                                919 Market Street, Suite 1800
                                Wilmington, DE  19899

For Maryland Casualty:          Connolly Bove Lodge & Hutz, LLP
                                By:  JEFFREY C. WISLER, ESQ.
                                The Nemours Building
                                1007 North Orange Street
                                Wilmington, DE  19801

                                Eckert Seamans Cherin & Mellott,
                                  LLC
                                By:  EDWARD J. LONGOSZ II, ESQ.
                                1717 Pennsylvania Avenue, N.W.
                                12th Floor
                                Washington, DC  20006

For State of Montana            Womble Carlyle Sandridge & Rice
Dept. of Environmental          By:  KEVIN MANGAN, ESQ.
Quality:                        222 Delaware Avenue, Suite 1501
                                Wilmington, DE 19801

**TELEPHONIC APPEARANCES:**

For Travelers Casualty        Simpson Thacher & Bartlett
and Surety Co.:              By:  ELISA ALCABES, ESQ.
                                     425 Lexington Avenue
                                     New York, NY  10017-3954

For the Property            Bilzin Sumberg Price &
Damage Committee:          Axelrod, LLP
                                     By:  MATTHEW KRAMER, ESQ.
                                         SCOTT L. BAENA, ESQ.
                                         JAY SAKALO, ESQ.
                                     200 South Biscayne Boulevard
                                     Miami, FL  33131

For Vinson & Elkins,       Vinson & Elkins, LLP
LLP:                      By:  ARI BERMAN, ESQ.
                                     2001 Ross Avenue, Suite 3700
                                     Dallas, TX  75201

For Official Committee     Kramer, Levin, Naftalis &
of Equity Security        Frankel, LLP
Holders:                 By:  DAVID E. BLABEY, JR., ESQ.
                                     919 Third Avenue
                                     New York, NY  10022

For the Debtors:            Kirkland & Ellis, LLP
                                     By:  DEANNA BOLL, ESQ.
                                     LISA ESAYIAN, ESQ.
                                     200 East Randolph Drive
                                     Chicago, IL  600601

                                   W.R. Grace & Co.
                                   By:  RICHARD FINKE, ESQ.
                                   5400 Broken Sound Boulevard, NW
                                   Suite 300
                                   Boca Raton, FL  33487

For Official Committee     Brandi Law Firm
of Asbestos Property      By:  THOMAS J. BRANDI, ESQ.
Damage Claimants:              TERENCE D. EDWARDS, ESQ.
                                   44 Montgomery St., Suite 1050
                                   San Francisco, CA  94104

                                   Lieff, Cabraser, Heimann &
                                   Bernstein
                                   By:  ELIZABETH J. CABRASER, ESQ.
                                   Embarcadero Center West
                                   275 Battery Street, Suite 3000
                                   San Francisco, CA  94111

**TELEPHONIC APPEARANCES (Contd'):**

```
For OneBeacon Ins. Co,      Drinker Biddle & Reath, LLP
& Seaton Ins. Co.:          By:  MICHAEL F. BROWN, ESQ.
                            One Logan Square
                            18th and Cherry Streets
                            Philadelphia, PA  19103


For David T. Austern,       Lincoln International, LLC
Future Claimants            By:  CLAIRE BURKE
Representative:                   GEORGE COLES
                                 JOSEPH RADECKI
                                 JASON SOLGANICK


                            Orrick, Herrington & Sutcliffe,
                              LLP
                            By:  DEBRA FELDER, ESQ.
                                 RICHARD H. WYRON, ESQ.
                            Washington Harbour
                            3050 K Street, N.W.
                            Washington, D.C.  20007


                            Phillips, Goldman & Spence, P.A.
                            By:  JOHN C. PHILLIPS, ESQ.
                            1200 North Broom Street
                            Wilmington, DE  19806



For the Bank Lenders:       Paul Weiss Rifkind Wharton &
                              Garrison, LLP
                            By:  KELLIE CAIRNS, ESQ.
                                 MARGARET PHILLIPS, ESQ.
                                 REBECCA ZUBATY, ESQ.
                                 ANDREW N. ROSENBERG, ESQ.
                                 SARAH HARNETT, ESQ.
                            1285 Avenue of the Americas
                            New York, NY  10019


For the Libby Claimants:    Cohn Whitesell & Goldberg, LLP
                            By:  CHRISTOPHER M. CANDON, ESQ.
                                 DANIEL C. COHN, ESQ.
                            101 Arch Street
                            Boston, MA  02110


For Bank Debit Holders:     Landis Rath & Cobb, LLP
                            By:  RICHARD S. COBB, ESQ.
                            919 Market Street, Suite 1800
                            Wilmington, DE  19899
```

**J&J COURT TRANSCRIBERS, INC.**

**TELEPHONIC APPEARANCES (Contd'):**

| | |
|---|---|
| For Scotts Co.: | Vorys, Sater, Seymour & Pease, LLP |
| | By:  TIFFANY S. COBB, ESQ. |
| | 52 East Gay Street |
| | Columbus, OH  43215 |
| For Allstate Insurance: | Cuyler Burk, LLP |
| | By:  ANDREW K. CRAIG, ESQ. |
| | Parsippany Corporate Center |
| | Four Century Drive |
| | Parsippany, NJ  07054 |
| | |
| For Everest | Crowell & Moring, LLP |
| Reinsurance Co., et al: | By:  LESLIE A. DAVIS, ESQ. |
| | MARK PLEVIN, ESQ. |
| | 1001 Pennsylvania Avenue, N.W. |
| | Washington, DC  20004 |
| | |
| | Marks, O'Neill, O'Brien & Courtney |
| | LLP |
| | By:  MICHAEL F. DUGGAN, ESQ. |
| | BRIAN L. KASPRZAK, ESQ. |
| | 913 North market Street |
| | Suite 800 |
| | Wilmington, DE  19801 |
| | |
| For AIG: | Zeichner Ellman & Krause, LLP |
| | By:  MICHAEL S. DAVIS, ESQ. |
| | 575 Lexington Avenue |
| | New York, NY  10022 |
| | |
| For National Union Fire | Zeichner Ellman & Krause, LLP |
| Insurance Co.: | By:  ROBERT GUTTMANN, ESQ. |
| | 575 Lexington Avenue |
| | New York, NY  10022 |
| | |
| For Ford, Marrin, | Ford, Marrin, Esposito, Witmeyer & |
| Esposito, Witmeyer | Gleser |
| & Gleser: | By:  SHAYNE SPENCER, ESQ. |
| | ELIZABETH DeCRISTOFARO, ESQ. |
| | Wall Street Plaza |
| | New York, NY  10005 |
| | |
| For Official Committee | Dies & Hile, LLP |
| of Asbestos Property | By:  MARTIN DIES, ESQ. |
| Damage Claimants: | 1601 Rio Grande, Suite 330 |
| | Austin, TX  78701 |

**J&J COURT TRANSCRIBERS, INC.**

**TELEPHONIC APPEARANCES (Contd'):**

| | |
|---|---|
| For Official Committee of Asbestos Property Damage Claimants: | Speights & Runyan<br>By:  MARION FAIREY, ESQ.<br>      ALAN RUNYAN, ESQ.<br>200 Jackson Avenue, East<br>Hampton, SC  29924 |
| | LECG<br>By:  ALAN MADIAN, ESQ.<br>1725 Eye Street NW, Ste 8800<br>Washington, DC,  20006 |
| | Hamilton, Rabinovitz & AlshSuler<br>By:  DR. FRANCINE RABINOVITZ<br>26384 Carmel Rancho Lane, Suite 202<br>Carmel, California  93923 |
| | Scott Law Group<br>By:  DARRELL SCOTT, ESQ.<br>1001 East Main Street, Suite 500<br>Sevierville, TN  37864 |
| | Speights & Runyan<br>By:  DANIEL SPEIGHTS, ESQ.<br>200 Jackson Avenue, East<br>Hampton, SC  29924 |
| | Richardson Patrick Westbrook &<br>By:  EDWARD J. WESTBROOK, ESQ.<br>P.O. Box 879<br>Charleston, SC  29402 |
| For Fee Auditor: | Warren H. Smith & Associates, P.C<br>By:  WARREN H. SMITH, ESQ.<br>Republic Center<br>325 N. St. Paul, Suite 1250<br>Dallas, TX  75201 |
| For Various Claimant Firms: | Stutzman, Bromber, Esserman &<br>  ifka<br>By:  DAVID J. PARSONS, ESQ.<br>      SANDER L. ESSERMAN, ESQ.<br>2323 Bryan Street, Suite 2200<br>Dallas, TZ  75201 |
| For Pentwater Capital Management: | Pentwater Capital Management<br>By:  JORDAN FISHER |

**J&J COURT TRANSCRIBERS, INC.**

**TELEPHONIC APPEARANCES (Contd'):**

```
For CNA:                   Goodwin Procter, LLP
                           By:  MICHAEL GIANNOTTO, ESQ.
                           Exchange Place
                           Boston, MA  02109-2881

For the Bank Lender        Landis, Rath & Cobb, LLP
Group:                     By:  JAMES S. GREEN, JR., ESQ.
                           919 Market Street, Suite 1800
                           Wilmington, DE  19899

For Official Committee     Anderson Kill & Olick
of Asbestos Personal       By:  ROBERT M. HORKOVICH, ESQ.
Injury Claimants:          1251 Avenue of the Americas
                           New York, NY  10020-1186

                           Caplin & Drysdale
                           By:  RITA C. TOBIN, ESQ.
                           375 Park Avenue
                           New York, NY  10152

For the Unsecured          Stroock & Stroock & LAvan
Creditors' Committee:      By:  ARLENE KRIEGER, ESQ.
                           180 Maiden Lane
                           New York, NY  10038

For Arrowwood:             Wilson, Elser, Moskowitz, Edelman
                             & Dicker, LLP
                           By:  CARL J. PERNICONE, ESQ.
                           150 East 42nd Street
                           New York, NY  10017

                           O'Melveny & Myers, LLP
                           By:  TANCRED V. SCHIAVONI, ESQ.
                           Times Square Tower
                           7 Times Square
                           New York, NY  10036

For Archer Capital:        Archer Capital
                           By:  ROBERT B. SALES

                           ALEXANDER SANDERS, JR.

For the Canadian           Scarfone Hawkins, LLP
ZAI Claimants:             By:  DAVID THOMPSON, ESQ.
                           Barristers and Solicitors
                           1 James Street South, 14th Floor
                            Hamilton, Ontario L8N 39P
```

**J&J COURT TRANSCRIBERS, INC.**

1          THE COURT:  Good morning, please be seated.  This is

2     the matter of W.R. Grace, 01-1139.  I have a list of

3     participants by phone; Elisa Alcabes, Scott Baena, Janet Baer,

4     Ari Berman, David Blabey, Deanna Boll, Thomas Brandi, Peg

5     Brickley, Michael Brown, Claire Burke, Elizabeth Cabraser,

6     Kellie Cairns, Christopher Candon, Richard Cobb, Tiffany Cobb,

7     Daniel Cohn, George Coles, Andrew Craig, Leslie Davis, Michael

8     Davis, Elizabeth DeCristofaro, Martin Dies, John Donley,

9     Michael Duggan, Terrance Edwards, Lisa Esayian, Sander Esseman,

10     Marion Fairey, Debra Felder, Richard Finke, Jordan Fisher,

11     Roger Frankel, Theodore Freedman, Michael Giannotto, James

12     Green, Robert Guttmann, Sarah Harnett, Robert Horkovich, Brian

13     Kasprzak, Matthew Kramer, Arlene Krieger, Peter Lockwood, Alan

14     Madian, David Parsons, Carl Pernicone, Margaret Phillips, John

15     Phillips, Mark Plevin, Francine Rabinovitz, Joseph Radecki,

16     Alan Rich, Andrew Rosenberg, Alan Runyan, Jay Sakalo, Robert

17     Sales, Alexander Sanders, Darrell Scott, William -- I'm sorry -

18     - Warren Smith, Jason Solganick, Daniel Speights, Shayne

19     Spencer, Theodore Tacconelli, David Thompson, Rita Tobin,

20     Edward Westbrook, Richard Wyron, Rebecca Zubaty, and Tancred

21     Schiavoni.  I'll take entries in court, please, good morning.

22          MS. BAER:  Good morning, Your Honor, Janet Baer, on

23     behalf of W.R. Grace.

24          MR. DONLEY:  John Donley, on behalf of W.R. Grace.

25          MR. FREEDMAN:  Theodore Freedman, on behalf of W.R.

1  Grace.

2          MR. O'NEILL:  James O'Neill, on behalf of W.R. Grace.

3          MR. HURFORD:  Mark Hurford, Campbell Levine, on

4  behalf of the ACC.

5          MR. FRANKEL:  Good morning, Your Honor, Roger

6  Frankel, on behalf of David Austern and the PIFCR.

7          MR. LOCKWOOD:  Good morning, Your Honor, Peter

8  Lockwood, Caplan & Drysdale, on behalf of the ACC.

9          MR. WISLER:  Good morning, Your Honor, Jeffrey

10 Wisler, on behalf of Maryland Casualty Company.

11          MR. LONGOSZ:  Good morning, Your Honor, Edward

12 Longosz, on behalf of Maryland Casualty Company.

13          MR. TACCONELLI:  Good morning, Your Honor, Theodore

14 Tacconelli, for the Property Damage Committee.

15          MR. HOGAN:  Good morning, Your Honor, Daniel --

16          THE COURT:  Excuse me, one second.  I'm sorry, thank

17 you.

18          MR. HOGAN:  Good morning, Your Honor, Daniel Hogan,

19 on behalf of the Canadian Zonolite Claimants.

20          MS. MUMFORD:  Good morning, Your Honor, Kerri

21 Mumford, on behalf of the Libby Claimants.

22          THE COURT:  Good morning.

23          MR. MCDANIEL:  Good morning, Garvan McDaniel, on

24 behalf of Arrowwood.

25          THE COURT:  Good morning.

1          MS. CASEY:  Good morning, Your Honor, Linda Casey, on

2  behalf Of BNSF Railway.

3          MR. MANGAN:  Your Honor, Kevin Mangan, on behalf of

4  the State of Montana.

5          THE COURT:  Good morning.

6          MR. TURETSKY:  Good morning, Your Honor, David

7  Turetsky, of Skadden Arps, on behalf of Sealed Air.

8          MR. RICH:  Good morning, Your Honor, Alan Rich, on

9  behalf of the Property Damage FCR.

10          THE COURT:  Anyone else?  Ms. Baer?

11          MS. BAER:  Thank you, Your Honor, good morning.  Your

12  Honor, Agenda Item Number 1 is the debtors' objection to the

13  Massachusetts Department of Revenue of Claims.  We are still

14  working on a settlement, Your Honor.  Drafts are circulating,

15  it's kind of a complicated mess, but we're getting there.  We'd

16  like that continued to July 12th?

17          THE COURT:  It's July 14.

18          MS. BAER:  Oh, sorry.

19          THE COURT:  The date was changed from Monday to

20  Wednesday.

21          MS. BAER:  Thank you, Your Honor, I will make a note

22  of that.  Your Honor, the second matter is the debtors' omnibus

23  objections to remaining tax claim objections, are still

24  pending.  We're still working on those, so, again, we'd like to

25  continue that to July 14?

1          THE COURT:  All right.

2          MS. BAER:  Your Honor, Agenda Item Number 3 is a

3  property damage -- I'm sorry, an insurance settlement, which

4  has also already been approved by the Court and an order was

5  entered.  Your Honor, Agenda Item Number 4 is the quarterly fee

6  application for the fourth quarter of 2009.  If Your Honor has

7  not already entered the order, I have a slightly revised

8  exhibit to it?

9          THE COURT:  I thought that order had been entered.

10  It has.

11          MS. BAER:  Then, Your Honor, if I could hand up a

12  revised order, there was one minor change in an exhibit?  It

13  had to do with some expenses for one of the firms; Ferry

14  Joseph's expenses, so if I could hand up then a revised order,

15  that's the only change?

16          THE COURT:  All right.  It's says -- it's called,

17  "Caption Revised Order."

18          MS. BAER:  We put the revised on it to make the

19  distinction.

20          UNIDENTIFIED SPEAKER:  (Indiscernible).

21          MS. BAER:  Great.

22          THE COURT:  Okay, that order's entered.

23          MS. BAER:  Thank you, Your Honor.  Your Honor --

24          MR. SMITH:  Your Honor, I'm sorry, this is Warren

25  Smith, the fee auditor.  If that concludes the fee matters,

1 Your Honor, if I could be excused?

2          THE COURT:  Yes, sir, thank you.

3          MR. SMITH:  Thank you.

4          MS. BAER:  Your Honor, Agenda Item Number 5 is the

5 final fee application of Piper Jaffray.  Your Honor, Piper

6 Jaffray was the financial consultant for the future claimants

7 representative.  The individuals who are working for Piper

8 Jaffray that represent the FCR left the firm and joined another

9 firm, so Piper Jaffray has filed their final fee application in

10 the case.  The fee auditor did do a final report and there are

11 no objections to the entry of the order.

12          THE COURT:  Was a CSE filed, I thought one of the

13 items -- and, I'm sorry, I don't recall which one -- oh, 6 was

14 continued, this is 4.  I thought I'd already entered the orders

15 on 5, 7, and 8.

16          MS. BAER:  You did on 7 and 8.  We hadn't seen 5,

17 perhaps it just hasn't hit the docket yet.

18          THE COURT:  I'll have to double check to be sure.

19          MS. BAER:  Thank you, Your Honor.

20          THE COURT:  Okay, I've made a note.

21          MS. BAER:  Your Honor, Agenda Item Number 6 is, in

22 fact, the Canadian Counsel's application for substantial

23 contribution.  This relates to the time period that led up to

24 the minutes of settlement, and is related to the Chapter 11

25 plan.  Your Honor, we'd like to continue that to July 14th.  An

1  amended application will be filed within the next few days that

2  clarifies a few issues and corrects some errors and some

3  expenses, so we will file an amended -- shouldn't say, we --

4  the Canadian Counsel will file an amended application shortly,

5  and we'll that one heard on the 14th.

6          THE COURT:  All right.

7          MS. BAER:  Your Honor, you did enter orders on 7 and

8  8, which were the substantial contribution -- second

9  substantial contribution applications of the Canadian firm, as

10 well as the Delaware counsel, Mr. Hogan's firm.  And, that then

11 takes us, Your Honor, to the last agenda item, which is the

12 Maryland Casualty objection of the debtors and the various

13 responses, and Mr. Donley will address that matter.

14         THE COURT:  All right.

15         MR. WISLER:  Good morning, Your Honor, Jeffrey

16 Wisler, on behalf of Maryland Casualty Company.  Before Mr.

17 Donley begins, I wanted to present Your Honor with an agreed

18 order, that all the parties have seen and approved, that for

19 all intensive purpose, it removes the intervention joinder

20 issue for today.  If I may hand it up?

21         THE COURT:  All right.

22         MR. WISLER:  If you saw the papers, Your Honor, then

23 you know that Maryland Casualty objected to the Libby Claimants

24 involvement in this contested matter, and we reserved our

25 rights with regard to the participation of the ACC and the FCR.

1 The debtors did the same, they reserved their rights with

2 regard to the ACC, and the FCR, and the Libby Claimants.  But,

3 at the end of last week, the Libby Claimants agreed to withdraw

4 their joinder without prejudice.  They are not a party to this

5 contested matter, but they have a right to move this Court to

6 reenter it, some point in time, under the terms of the order.

7          THE COURT:  Well, I think I should address this,

8 frankly, after the argument, because I'm a little confused as

9 to why this objection to claim is pending, at this point,

10 because, I thought, under the amended plan -- which, of course,

11 I am working on the confirmation order.  I don't have any

12 confirmation order yet -- but, in the event the plans

13 confirmed, I thought Maryland Casualty was a settled insurer

14 whose contribution and indemnity claims, if any, would be

15 treated under the trust.  So, if that's the case, what is the

16 -- I'm confused as to why I have an objection to claims.  I

17 think, I had better wait to see what this joinder issue is all

18 about because I don't know whether we're going to be pursuing

19 an objection to claim today, so I'm not sure, if there is no

20 pursuit, what this does to your agreed order.

21          MR. WISLER:  Well, Your Honor, obviously, we'll

22 proceed any way Your Honor wants.  I don't disagree with your

23 concern and I'll address that, but I know Mr. Donley has the

24 opportunity to go first because it's his objection.  What that

25 order does that we put in front of you is, it avoids a

1 necessity for the Libby Claimants to, today, get involved in

2 the argument that you're about to hear.  So, that's probably

3 important, especially, since we all agreed to it.  Not that

4 Your Honor agreed to it, but I know Mr. Cohn may be on the

5 phone but he probably would have been here had he thought he

6 was going to be involved.  And, this, essentially, reserves his

7 client's rights to come in later, if, as Your Honor points out,

8 there is a later.

9         THE COURT:  Well, the part of it that concerns me is

10 the sentence that says, "However, without prejudice, to any

11 party's right to object or otherwise be heard thereon, the

12 Libby Claimants may hereafter move to participate in the claims

13 objection in the event that, (a) the claims objection is no

14 longer being prosecuted by the debtors, the ACC, or the FCR."

15 Well, I think --

16         MR. WISLER:  Fair enough, Your Honor, I understand.

17         THE COURT:  Okay.  Mr. Donley, I'm confused as to why

18 I have a claimant's objection, at all, at this time, with

19 respect to ACC?

20         MR. DONLEY:  Well, I hope I can clarify.  We would

21 have no problem, at all, with deferring the further prosecution

22 of this claim objection, at this time.  It may be depending on

23 if and when we get Your Honor's confirmation order, then it's

24 not necessary to proceed.  However, the reason we've kept it

25 moving along, we didn't want to be accused by any one of not

1 being diligent and moving forward with the process, in the

2 event it did have to be determined at some point, so that's the

3 very simple, practical, reason why we've proceeding, and we

4 would be absolutely fine if it were simply, essentially,

5 stayed, at this time, pending Your Honor's confirmation order.

6          THE COURT:  Well, do I understand the first amended

7 plan correctly, that in the event that it is confirmed,

8 Maryland's claims for contribution and indemnity would be

9 channeled to the trust and dealt with there, so I don't really

10 need objections to the claims?

11          UNIDENTIFIED ATTORNEY:  Your Honor, that is precisely

12 what the plan contemplates.

13          THE COURT:  And this is an objection to the claims

14 for contribution and indemnity, correct?

15          MR. DONLEY:  Yes, Your Honor, precisely.

16          THE COURT:  Okay, Mr. Wisler, I'm not -- as I said,

17 I'm not sure why I have this objection here today?

18          MR. WISLER:  Your Honor, we're fine with deferring

19 this until after claim confirmation, that was something that

20 we'd mentioned at the beginning of the process.

21          MR. LOCKWOOD:  Your Honor, while it is true that if

22 you confirm the plan, Maryland Casualty's claim will go to the

23 trust.  Maryland Casualty has a planned confirmation objection

24 --

25          THE COURT:  Yes.

**J&J COURT TRANSCRIBERS, INC.**

1              MR. LOCKWOOD:  -- based on the proposition that its

2    claim should not be channeled to the trust.  We, obviously,

3    dispute that, but one of the reasons that we made the objection

4    was that if Maryland Casualty does not have a legitimate

5    indemnity claim, then Your Honor would not have to address the

6    Class 9 versus Class 6 issue.  Obviously, if Your Honor wants

7    to proceed forward based on the assumption that you're going to

8    overrule Maryland Casualty's objection to not being in Class 9,

9    we would all welcome that.

10             But, I'm a little bit confused, because we're sort of

11   in a no-man's land, here we got two hypotheticals.  One

12   hypothetical is that the claims going to the trust, the other

13   hypothetical is that is goes against Grace in Class 9.  While

14   we agree you don't have to resolve trust claims, at this point,

15   on the other hand, if it's a Class 9 claim, then this claim's

16   adjusted just like any other claims objection.  So, you know,

17   I'm a little bit puzzled about where we're all headed on this,

18   to be honest with you.

19             THE COURT:  So am I, Mr. Lockwood, and that's why I'm

20   not totally sure why I have this objection now.  It seems to me

21   that if, in fact, it's channeled, this objection's moot.  If

22   it's not channeled, it may be why.  But, I did, just a few

23   minutes ago, take a look at the Third Circuit's opinions on

24   this subject, because I don't think I made any rulings directly

25   as to whether or not there was or wasn't an indemnity

 1  obligation, but there's this language in the Third Circuit
 2  non-precedential <u>Gerard</u> opinion; the one that was decided in
 3  2004, and I'll read the paragraph.
 4          It says, "Before the bankruptcy Court, plaintiff's
 5  contended that the injunction should not apply to stay their
 6  litigation, because although MCC was a named insurance carrier,
 7  suits against whom were stayed.  The suit was not for coverage
 8  for asbestos related liability, so the injunction should not
 9  cover MCC.  The bankruptcy Court had little difficulty
10  rejecting this argument, notwithstanding plaintiff's assertion
11  that the claims against MCC are for its role in working with
12  Grace on a dust control system for the Libby Mine, it did so as
13  its workers compensation carrier and its liability, if any,
14  would be for injury to plaintiffs from asbestos."
15          Then it says, "Further the prospect of
16  indemnification by Grace made inclusion of the stay of the
17  suits against MCC appropriate," that's really dealing with the
18  injunction issue, not the liability issue.  But the Circuit
19  seems to think that this is a claim that ought to be channeled.
20  I don't know how else to read this paragraph.
21          Then, if I look at the 2009 suit -- I'm sorry,
22  opinion -- the one filed about the State of Montana, on
23  December 31st of 2009 -- pardon me, I have to find it here.  I
24  didn't mark it.  One second.  Okay, it starts at headnote 9,
25  "If there's reemphasis that MCC and Grace were parties to a

1  contract, in which Grace had agreed to indemnify MCC against

2  any future asbestos related claims filed against MCC that arose

3  out of Grace's asbestos liability.  Thus, MCC had a clear

4  contractual right to indemnity, which may have presented a more

5  direct threat to the Grace's reorganization," and then it goes

6  on for other reasons.  Again, focusing on the injunction, but

7  seeming the State, that looking at the policies, there's an

8  indemnity claim.  So I -- I mean, I have to consider this in

9  connection with the plan confirmation hearing.

10        MR. DONLEY:  And, further, Your Honor, we believe at

11  the hearing, we made a record that these claims should be in

12  Class 6 and should be channeled, so this objection is really a

13  matter of -- and if that's the case, we don't need to take up

14  the objection.  We were -- again, we were simply proceeding so

15  we weren't being less than diligent in moving forward in the

16  hypothetical event Mr. Wisler succeeded in having them found to

17  be Class 9, which we disagree with.

18        THE COURT:  Well, okay, I think the best thing would

19  be, simply, for me to defer this objection to claim until I get

20  through that confirmation issue, and if it turns out that I

21  think they belong in Class 9, then, I think, we need to

22  reinstate this objection at that time.  But, I'm having -- just

23  having looked at the Third Circuit's language and my own

24  assessment from the argument on the injunction, way back when,

25  I'm having some difficulty seeing how they won't be channeled,

1  but I'm not prepared to say today, because I haven't -- I'm not

2  through all of the confirmation issues yet that they will be.

3        MR. DONLEY:  That's absolutely fine with us, Your

4  Honor.  Just one second to check with my client here.  Yes,

5  that's absolutely fine with us, Your Honor.

6        THE COURT:  Mr. Wisler?

7        MR. WISLER:  We understand your position, Your Honor.

8        THE COURT:  Okay, then, I'm going to ask, Ms. Baer,

9  if you'll simply monitor this because I think it may be moot,

10  and I'll need some separate order that deals with this

11  objection at the end of the plan confirmation process, but if

12  it's not moot, then I need you to put it onto an agenda so that

13  I can hear the argument at that time.  Okay, having said that,

14  then, I think I can enter this order -- the agreed order --

15  regarding the Zonolite, because I'm not going to consider this

16  issue today, and if it's moot, they -- their joinder is a

17  joinder in a moot action, and if it's not moot, then the

18  debtor, I'm sure, will be pursing this with diligence, anyway,

19  so I will sign the agree order.  Okay, I guess, I should offer

20  this, I have read this binder of everything, and I'm sure you

21  folks are prepared to argue.  If you want to go through with an

22  argument today, I have the time to hear it, it's not that, I

23  just think that it may be moot.

24        MR. DONLEY:  I don't love to hear myself talk that

25  much, Your Honor.

22

1          THE COURT:  Mr. Wisler?

2          MR. WISLER:  I don't love to hear him talk that much,

3  either.

4          THE COURT:  All right, then, I'll simply ask that

5  this be monitored by the debtor and put on to an agenda for

6  some resolution after the confirmation orders -- order -- is

7  entered.  Okay, thank you.  Anything else?

8          MS. BAER:  No, Your Honor.

9          THE COURT:  My goodness, all right, we're adjourned.

10                          *  *  *  *  *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**C E R T I F I C A T I O N**

      I, WENDY ANTOSIEWICZ, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.


/s/ Wendy Antosiewicz

WENDY ANTOSIEWICZ

J&J COURT TRANSCRIBERS, INC.   DATE:  June 10, 2010