# EXHIBIT C



Court File No. 01-CL-4081

**ONTARIO
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)**

| | | |
|---|---|---|
| THE HONOURABLE | ) | SUNDAY, THE 13TH DAY |
| JUSTICE MORAWETZ | ) | OF DECEMBER, 2009 |

**IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF GRACE CANADA, INC.**

Applicant

**ORDER**

**THIS MOTION** made by Grace Canada, Inc. (hereinafter referred to as the "Applicant") was heard December 8, 2009 at 330 University Avenue, Toronto, Ontario.

**ON READING** the Applicant's Notice of Motion and Motion Record dated December 1, 2009, including the 32nd Report of the Information Officer dated December 1, 2009, the Supplemental Report to the 32nd Report of the Information Officer dated December 4, 2009, and the Affidavit of Allison Kuntz sworn December 8, 2009, the Responding Record of the Attorney General of Canada, Her Majesty the Queen in the Right of Canada (the "Crown"), the Motion Record of CCAA Representative Counsel (as defined below) and the Responding Motion Record of Raven Thundersky, and on hearing the submissions of counsel for the Applicant, the Crown, CCAA Representative Counsel and other parties whose names appear on the counsel slip, no one appearing for the other parties served with the Applicant's Motion Record:

1. **THIS COURT ORDERS** that the time for service of the Notice of Motion and the Motion Record is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof.

- 3 -

constitute a vote pursuant to the Amended Settlement in favour of the First Amended Joint Plan.

8. **THIS COURT ORDERS** that CCAA Representative Counsel is authorized to vote as proxy and power of attorney for CDN ZAI Claimants in any future vote on the First Amended Joint Plan.

9. **THIS COURT ORDERS** that on the Effective Date (as defined in the First Amended Joint Plan):

   (a) the Grace Parties shall be automatically released from the CDN ZAI Claimants of all claims and causes of action of any kind whatsoever relating to CDN ZAI Claims;

   (b) all CDN ZAI Claims against the Grace Parties be automatically discharged and extinguished; and

   (c) the Actions be permanently stayed until the Actions are amended to remove the Grace Parties as named defendants as provided for in the Amended Settlement.

10. **THIS COURT ORDERS** that nothing in the Amended Settlement precludes CDN ZAI PI Claimants from asserting claims against the Crown, whether now or in the future, for injuries suffered directly or indirectly from the manufacture, sale or distribution of ZAI products in Canada. For greater certainty:

   (a) claims may be pursued by CDN ZAI PI Claimants against the Crown even though they may give rise to CDN ZAI PI Claims by the Crown for contribution, indemnity or otherwise, provided that such CDN ZAI PI Claims by the Crown shall be channelled to the Asbestos Trust (as defined in the First Amended Joint Plan) by the First Amended Joint Plan; and

   (b) no claims may be pursued by CDN ZAI PD Claimants against the Crown that may give rise to CDN ZAI PD Claims.

-4-

11. **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States (including all courts in Canada in which the Actions are currently extant (the "Canadian Courts") and the U.S. Court) to give effect to this Order. All courts, tribunals, regulatory and administrative bodies (including the Canadian Courts and the U.S. Court) are hereby respectfully requested to make such orders and to provide such assistance to the Applicant and CCAA Representative Counsel as may be necessary or desirable to give effect to this Order or to assist them in carrying out the terms of this Order.

12. **THIS COURT HEREBY REQUESTS**, in support of the aid and recognition requested in paragraph 11 of this Order, that upon application of CCAA Representative Counsel, each of the Canadian Courts forthwith dismiss the Action or Actions pending in its Court, without costs, and without the need for further notice or other steps.

*[signature]*

G. Argyropoulos, Registrar
Superior Court of Justice

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

JAN 0 5 2010

PER / PAR:  JSN Joanne Nicoara
Registrar, Superior Court of Justice

DOCSTOR: 1817306\1

Court File No: 01-CL-4081

**IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED AND IN THE MATTER OF GRACE CANADA, INC.**

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
(Commercial List)

Proceeding commenced at Toronto

**ORDER**

**OGILVY RENAULT LLP**
Barristers & Solicitors
Suite 3800, PO Box 84
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario  M5J 2Z4

**DERRICK C. TAY**
LSUC #21152A
Tel: 416.216.4832

**ORESTES PASPARAKIS**
LSUC # 36851T
Tel: 416.216.4815
Fax: 416.216.3930

Lawyers for the Applicant

DOCSTOR: 1817306\1

2010 CarswellOnt 67, 2010 ONSC 161

Page 1

2010 CarswellOnt 67

Grace Canada Inc., Re

IN THE MATTER OF s.18.6 OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C. 1985, c. C-36, AS AMENDED AND IN THE MATTER OF Grace Canada, Inc.

Ontario Superior Court of Justice [Commercial List]

Morawetz J.

Heard: December 8, 2009
Judgment: January 8, 2010
Docket: 01-CL-4081

© Thomson Reuters Canada Limited or its Licensors. All rights reserved.

Counsel: Derrick C. Tay, Orestes Pasparakis for Grace Canada, Inc.

David Thompson, Matthew G. Moloci for Canadian ZAI Claimants

Jacqueline Dais-Visca, Nathalie Drouin for Attorney General of Canada

Subject: Insolvency

Bankruptcy and insolvency.

**Cases considered by *Morawetz J.*:**

*Grace Canada Inc., Re* (2008), 50 C.B.R. (5th) 25, 2008 CarswellOnt 6284 (Ont. S.C.J. [Commercial List]) — referred to

**Statutes considered:**

*Bankruptcy Code*, 11 U.S.C.

    Generally — referred to

*Limitation of Actions Act*, R.S.M. 1987, c. L150

    Generally — referred to

*Morawetz J.*:

2010 CarswellOnt 67, 2010 ONSC 161

1    On December 13, 2009, I endorsed the record as follows:

The motion was heard December 8, 2009. The parties indicated that, in view of the ongoing Chapter 11 proceedings, it would be desirable for me to rule on this motion at the earliest time possible, even if reasons were to follow at a later date. It is my understanding that there is a status hearing in the U.S. court scheduled for December 14, 2009, which again underscores the importance of providing a decision today.

The motion of the Applicant is granted. Amended Settlement approved. Reasons will follow.

2    These are those reasons.

3    Grace Canada, Inc. ("Grace Canada" and with W. R. Grace & Co. and its 61 U.S. subsidiaries filed under Chapter 11 cases (the "U.S. Debtors"), "Grace") brought this motion to seek approval of the Amended and Restated CDN ZAI Minutes of Settlement (the "Amended Settlement").

4    On October 17, 2008, I approved the Original Settlement which resolved all claims against Grace relating to the manufacture and sale of ZAI in Canada.

5    By its terms, the Original Settlement was void if Grace did not obtain the U.S. Confirmation Order by October 31, 2009. The U.S. Confirmation Order was not obtained by that date and consequently the Original Settlement became void.

6    The Amended Settlement extends the Original Settlement on terms. In summary, those terms are:

(a) the deadline for the U.S. Confirmation Order is now December 31, 2010;

(b) Grace agrees to increase its contribution to the CDN ZAI PD Claims Fund;

(c) the parties agree that the CDN ZAI PD Claims Fund may accept CDN ZAI PD Claims through to December 31, 2009;

(d) Grace agrees to support the application of Representative Counsel in the U.S. Court for their appointment as special counsel for CDN ZAI Claimants, which will entitle them to apply to the U.S. Court to have the U.S. Debtors pay certain of their legal fees; and

(e) CDN ZAI PI Claimants may pursue the Crown for CDN ZAI PI Claims provided that any subsequent claims by the Crown for contribution and indemnity are channelled to the Asbestos Trust (as defined in the First Amended Joint Plan).

7    Counsel to Grace submits that the Amended Settlement is substantially similar to the Original Settlement, the only material difference relates to the ability of ZAI PI Claims to pursue claims against the Crown. Counsel further submitted that while the Crown benefited under the Original Settlement, that benefit was gratuitous since the Crown refused to participate in the settlement. Further, the Original Settlement is now void and the Crown currently has no protection from CDN ZAI Claims.

8    Counsel to Grace further submits that pursuant to the Amended Settlement:

(a) the Crown is entirely protected from CDN ZAI PD Claims (again gratuitously); and

Copr. (c) West 2008 No Claim to Orig. Govt. Works

(b) CDN ZAI PI Claimants will be able to pursue CDN ZAI PI Claims even though they may give rise to claims by the Crown for contribution, indemnity or otherwise *provided that* such CDN ZAI PI Claims by the Crown are channelled to the Asbestos Trust by the First Amended Joint Plan.

9    Counsel further contends that the term summarized at [8](b) immediately above is fair and reasonable:

(a) as CDN ZAI PI Claimants may now pursue claims against the Crown;

(b) as any resulting claims by the Crown for contribution or indemnity are preserved by being channelled to the Asbestos Trust and will be treated in the same manner as all other Asbestos PI Claims;

(c) since, if the Crown believes that the channelling injunction unfairly prejudices its interests, that is an issue to be addressed by the U.S. court; and

(d) as, in any event, it is unclear to what extent there are, in fact, CDN ZAI PI Claims. To date, after an enormous amount of publicity, only one family (the "Thundersky Family") appear to assert ZAI PI Claims. As has been set out in earlier filings, Grace believes it has a complete defence to the Thundersky Family claims.

10    Counsel to Grace also submits that the Amended Settlement provides tangible benefits to all stakeholders in place of potentially prolonged litigation with uncertain outcome and that the Amended Settlement is an important step towards the re-organization of Grace which has been ongoing since April 2001.

11    The Crown takes a different view.

12    Counsel to the Crown submits that the Amended Settlement no longer releases CDN ZAI PI Claims against the Crown for which the Crown could claim over against Grace ("Third Party Release"), but rather "channels" the Crown contribution and indemnity claim to the Asbestos Trust. The Crown further submits that the Amended Settlement is not "substantially similar" to the Original Settlement. In addition, the time for "addressing" the fairness of the channelling injunction has now passed as the Confirmation Hearing, subject to final legal argument in January 2010, has concluded and it is therefore too late for the Crown to "address" the issue of prejudice as an objection made within the context of the Confirmation Hearings.

13    Counsel to the Crown further submits that the Amended Settlement is neither fair nor reasonable and ought not to receive court approval on the following grounds:

(a) Conflict of Interest - The CCAA Representative Counsel generally, and the Lauzon Belanger firm in particular, are in a conflict of interest and have breached their obligations to act in the best interests of the Crown, a claimant on behalf of whom this Court has specifically approved them to represent, in negotiating a "restated" settlement that deliberately removes the Third Party Release in order to increase the number of claims available to the CDN PI Claimants against the Crown and increase their possible recovery while effectively barring the Crown's ability to seek contribution and indemnity against Grace;

(b) The removal of the Third Party Release is unfair and prejudicial to the Crown;

(i) Detrimental Reliance: the Crown relied upon this Court's approval of the Original Settlement and withdrew from active participation in the U.S. Proceedings to challenge the fairness and equity of the treatment of the Crown's contribution and indemnity claims in the Joint Plan and PI TDP [Trust Distribution Proced-

Copr. (c) West 2008 No Claim to Orig. Govt. Works

2010 CarswellOnt 67, 2010 ONSC 161

ures] and it now appears to be too late to participate in the Confirmation Hearings as the evidentiary portion of the hearings is now closed;

(ii) Increased Litigation Costs and Decreased Recovery: Whereas the Crown, under the Original Settlement was exposed to only respond to alleged direct liability claims, if any, and was not going to have to participate in the U.S. proceedings at all, the Crown will now have to actively participate in litigating its contribution and indemnity claim against the PI in accordance with the PI TDP which procedures provide for a cap on amounts recoverable and preserve to Grace all defences to claims and other procedural hurdles that will create uncertainty and increased costs for the Crown and potentially leave the Crown without recovery against Grace for amounts paid to the CDN PI Claimants for which the Crown has no direct liability;

(iii) Increase Procedural Uncertainty: There is a live issue as to whether the CDN PI Claimants must first litigate against the U.S. PI Trust or whether they can compel the Crown to litigate the class actions in Canada first. The Crown asserts that by filing claims in the U.S. bankruptcy proceedings, both CDN PI Claimants and the Crown have attorned to the jurisdiction of the U.S. court to resolve Grace's joint and several liability. Grace and the CCAA Representative Counsel, however, appear to be asserting that the Amended Settlement permits the CDN ZAI PI Claimants to litigate their claims in Canada against the Crown without Grace being a party and without procedural orders to ensure Grace's evidence will be made available for trial, thus leaving it to the Crown to litigate against the U.S. PI Trust in order to recover any amounts paid by the Crown on behalf of Grace's joint liability; and

(c) ZAI PD Claimants in Canada Receive Less than U.S. ZAI PD Claimants -Individual ZAI PD Claimants appear to be able to recover more from the U.S. ZAI PD Fund than CDN ZAI PD Claimants.

14      Counsel to the Crown submits that Grace's motion should be dismissed and requests the court to direct Grace and CCAA Representative Counsel to return to the bargaining table to reach a settlement that restores the Third Party Release as such an outcome is "fair and equitable" and consistent with the finding in the Original Settlement approval that the CCAA Representative Counsel have a duty to represent and therefore to protect the Crown's interest.

**Preliminary Issue**

15      In my view, there is one submission that can be disposed of summarily.

16      The Crown submits that Lauzon Belanger is specifically in a conflict of interest. The Crown takes the position that in 2009, after the Original Settlement was approved, counsel at the Department of Justice who had carriage of the file, left the Department of Justice and joined the law firm of Lauzon Belanger. Counsel for the Crown wrote to Lauzon Belanger and received assurance that Lauzon Belanger would cease acting as CCAA Representative Counsel in respect to any and all matters relating to the Crown. The Crown submits that Mr. Belanger's affidavit, sworn December 4, 2009 in support of this motion is improper and a clear breach of Lauzon Belanger's agreement to withdraw from participation as CCAA Representative Counsel in respect of matters relating to the Crown.

17      Counsel to the Crown submits that all portions of Mr. Belanger's affidavit that attest to the "fairness" of the Amended Settlement should be struck.

18      It seems to me that although there may be an argument as to conflict with respect to the Lauzon Belanger

firm, it should not result in an order striking out portions of Mr. Belanger's affidavit. The individual formerly employed by the Department of Justice has had no involvement in this matter while at Lauzon Belanger. Further, an ethical wall is in place at Lauzon Belanger and there is no suggestion that there has been any transfer of confidential information. In addition, there is no motion before the court to disqualify Lauzon Belanger. In my view, this issue does not go to the merits of the dispute and I see no basis, in these circumstances, to strike out certain portions of Mr. Belanger's affidavit.

**Facts**

19      Counsel to Grace summarized the facts at paragraphs 12 - 51 of his factum. Counsel to the Crown summarized the facts at paragraphs 7 - 32 of her factum. In addition, a summary of facts up to the time of the Original Settlement is reported at *Grace Canada Inc., Re* (2008), [2008] O.J. No. 4208 (Ont. S.C.J. [Commercial List]).

20      I do not propose to comment further on the facts, unless it is necessary to do so in light of specific differences.

**Issues**

21      The issue is whether the Amended Settlement is fair and reasonable and ought to be approved.

22      The Amended Settlement contemplates a settlement of all CDN ZAI Claims, both CDN ZAI PI Claims and CDN ZAI PD Claims. In my view, the differences between the Amended Settlement and the Original Settlement have been fairly represented at paragraph 51 of the factum submitted by counsel to Grace:

51. The key differences between the Amended Settlement and the Original Settlement are as follows:

(a) Pursuant to the Original Settlement, the U.S. Confirmation Order was to be obtained by October 31, 2009. Pursuant to the Amended Settlement, the U.S. Confirmation Order is to be obtained by December 31, 2010;

(b) Pursuant to the Original Settlement, Grace was to contribute CAD $6,500,000.00 million to a fund in respect of the administration, adjudication and distribution of funds in respect of the CDN ZAI PD Claims Fund. Pursuant to the Amended Settlement, Grace is required to contribute CAD $8,095,632.44 or CAD $8,595,632.44, depending on the date the U.S. Confirmation Order is obtained;

(c) Pursuant to the Original Settlement, Representative Counsel was not permitted to pursue CDN ZAI Claims against the Crown if the Crown could then raise, by way of contribution, indemnity or otherwise, CDN ZAI Claims against the Grace Parties. Pursuant to the Amended Settlement, Representative Counsel may pursue CDN ZAI PI Claims against the Crown provided that any subsequent claims by the Crown for contribution, indemnity or otherwise against the Grace Parties are channelled to the Asbestos Trust. Consistent with the Original Settlement, the Amended Settlement continues to prohibit Representative Counsel from pursuing CDN ZAI PD Claims against the Crown if such claims will result in a claim for contribution, indemnity or otherwise by the Crown against the Grace Parties;

(d) Pursuant to the Amended Settlement, Grace will consent to and support an application by Representative Counsel for the appointment as special counsel for CDN ZAI Claimants in the U.S. Proceedings retroactively to September 1, 2008, and going forward to the date of the U.S. Confirmation Order. As a result of

this appointment, Representative Counsel will be entitled to apply to have the U.S. Debtors pay their legal fees for this period. There was no similar provision in the Original Settlement; and

(e) Pursuant to the Original Settlement, CDN ZAI PD Claimants were required to file a proof of claim on or before the CDN ZAI PD Claims Bar Date of August 31, 2009 in order to seek compensation from the CDN ZAI PD Claims Fund. Pursuant to the Amended Settlement, all CDN ZAI PD Claimants who file proofs of claim by December 31, 2009 shall be entitled to seek compensation from the CDN ZAI PD Claims Fund.

23      I am in agreement with the submissions of counsel to Grace as set out at paragraphs 52 and 53 of his factum. Specifically, it has already been determined that Representative Counsel have the authority to enter into the Amended Settlement on behalf of all CDN ZAI Claimants. See *Grace Canada Inc., supra*, at paragraph 32.

24      Further, it has also been determined that the court has the jurisdiction to approve settlements such as the Amended Settlement, including settlements with third party releases. See *Grace Canada Inc., supra*, at paragraphs 34 and 40 - 41.

25      In assessing whether to grant approval, the court should consider whether the Amended Settlement is fair and reasonable in all of the circumstances.

26      I determined that the Original Settlement was fair and reasonable. In doing so, I expressly referenced submission in Grace's factum dated September 25, 2008, which were attached at Schedule "C" to the factum on this motion.

27      Counsel to Grace submits that the Amended Settlement is a fair and reasonable resolution of the CDN ZAI Claims and that the Amended Settlement does not prejudice the Crown, the CDN ZAI PD Claimants or CDN ZAI PI Claimants.

28      Counsel also submits that the Amended Settlement is of critical importance to Grace and its ability to complete its restructuring in accordance with the First Amended Joint Plan as a resolution of the CDN ZAI Claims is a pre-condition to the First Amended Joint Plan.

29      Counsel also submits that the Amended Settlement is also of greater benefit to the key stakeholders:

(a) CDN ZAI PD Claimants will now have a larger monetary fund to claim against and the period in which they can file claims against Grace has been extended; and

(b) Any CDN ZAI PI Claimants will now have an ability to pursue the Crown for claims in respect of which the Crown can claim over against Grace, provided that such claims over are channelled to the Asbestos Trust.

30      Counsel to Grace addressed the issue of prejudice:

*(i) Thundersky Family*

31      Grace submits that the Thundersky Family are the only known ZAI PI Claimants. Grace takes the position that the Thundersky Family cannot properly advance a claim in respect of ZAI as the claims are statute barred by virtue of the 30 year ultimate limitation period under the *Manitoba Limitation of Actions Act*. ZAI is alleged to have been installed in the Thundersky Family home in 1964. The Thundersky Family Claim was first

made 40 years later in 2004.

32      Counsel to Grace further submits that, in any event, the Amended Settlement is more advantageous to ZAI PI Claimants as it provides some potential recourse against the Crown for claims for which the Crown is jointly liable whereas the Original Settlement did not.

33      The Thundersky Family took no position on this motion.

34      There is nothing on the record to indicate that there is any prejudice to the Thundersky Family arising out of the Amended Settlement.

*(ii) Crown*

35      The Crown objects to the motion for the reasons referenced at [12] and [13].

**CCAA Representative Counsel in a Conflict of Interest**

36      Counsel for the Crown submits that a unilateral decision by CCAA Representative Counsel to strip away the Third Party Release as part of the Amended Settlement constitutes a breach of their legal duty owed to the Crown and necessarily renders the Amended Settlement unfair and unreasonable and is not in the best interests of the class members given the increased costs and uncertainty of litigating the joint liability issues that had previously been released.

37      Counsel to the Crown also submits that there was a deliberate targeting of the Crown in the removal of the specific provisions previously negotiated on behalf of the Crown providing for the Third Party Release and that this is evidence of a fundamental conflict of interest created by the CCAA Representative Order and that CCAA Representative Counsel can only properly discharge their legal and equitable duties owed to the Crown arising from the CCAA Representative Counsel Order by restoring the Third Party Release.

38      In my view, this submission is misguided.

39      By Order of Farley J. on February 8, 2006, Representative Counsel were appointed to act as the single representative on behalf of all CDN ZAI Claimants and to advocate their interests in the restructuring process.

40      No one has taken issue with the authority of Representative Counsel to represent all CDN ZAI Claimants in the U.S. court, this court or at any of the mediations connected with these proceedings.

41      The submission of the Crown is based on the premise that there has been a unilateral decision by CCAA Representative Counsel to strip away the Third Party Release. The Third Party Release is embedded in the Original Settlement. The Original Settlement is dead and the Third Party Release no longer exists. Representative Counsel have to deal with this reality. The mandate of Representative Counsel flows from the Order of February 8, 2006. To suggest that Representative Counsel can only properly discharge their legal and equitable duties by restoring the Third Party Release is, in my view, not supportable. The issue for consideration is whether the Amended Settlement is fair and reasonable in all the circumstances. I have not been persuaded of the necessity to require a Third Party Release to be part of any settlement before it can be considered to be fair and reasonable.

**Crown Detrimental Reliance on Third Party Release**

Copr. (c) West 2008 No Claim to Orig. Govt. Works

Page 8

2010 CarswellOnt 67, 2010 ONSC 161

42      The Crown submits that in reliance upon the Original Settlement and the specific approval of the Third Party Releases, the Crown withdrew an objection to the U.S. Joint Plan Disclosure Statement on the basis that the Original Settlement rendered that objection, and any further challenges to the Joint Plan, moot. The Crown further takes the position that the U.S. Joint Plan Confirmation Hearings have now concluded and it appears to be too late for the Crown to object to the PI TDP or to object to other treatment in the Joint Plan of the Crown contribution and indemnity claims.

43      I have not been persuaded by this argument. In reply, Mr. Tay submitted that all parties were aware that the Original Settlement had a "drop dead date" of October 31, 2009. As this date approached, it was apparent the U.S. Confirmation Order had not been obtained. As such, the risk of the Original Settlement becoming void was known.

44      Mr. Tay further submitted that Grace cannot be held responsible for the Crown not acting and that there was no basis for the Crown to have placed such reliance on the Original Settlement.

45      I agree with the submission of Mr. Tay. The parties involved are all sophisticated and they knew the consequences of failure to obtain the U.S. Confirmation Order by October 31, 2009. The reliance placed on the Original Settlement by the Crown was, in my view, unreasonable in the circumstances and does not alter the fact that the merits of the Amended Plan should be considered in light of the reality that the Original Settlement no longer exists.

**CDN ZAI PD Claimants Would Recover More in U.S. PD Fund**

46      The Crown estimates that its recovery against the CDN PD Fund will range between CAD $666,000 to CAD $1.321 million. In contrast, the Crown submits that had the Crown been permitted to file her PD claim in the U.S., the Crown may have been entitled to recover in U.S. dollars its total claim of U.S. $3.023 million.

47      While potential and theoretical recovery for U.S. PD Claimants is interesting, it is not directly relevant to the issue of whether the Amended Settlement is fair and reasonable. The Amended Settlement puts forth the compensation package for CDN ZAI PD Claims and it is this term that has to be considered and not the U.S. proposal.

48      In respect of CDN ZAI PD Claims, the Amended Settlement, in my view, benefits the Crown:

(a) Under the Amended Settlement, as under the Original Settlement, CDN ZAI PD Claimants have agreed not to pursue the Crown; and

(b) The Crown is also a potential CDN ZAI PD claimant and as such will benefit from Grace's increased monetary contribution to the CDN ZAI PD Fund.

49      I accept the submission of counsel to Grace that given the approval of the Original Settlement and the fact that the Amended Settlement provides further benefits to the Crown in respect of its CDN ZAI PD Claims, there is no basis for the Crown to raise objections related to the treatment of the CDN ZAI PD claims.

**CDN ZAI PI Claimants**

50      The major dispute is with respect to the treatment of CDN ZAI PI Claims.

Copr. (c) West 2008 No Claim to Orig. Govt. Works

51     It is clear that pursuant to the Amended Settlement, Representative Counsel may pursue CDN ZAI PI Claims against the Crown provided that any subsequent claims by the Crown for contribution, indemnity or otherwise against the Grace Parties are channelled to the Asbestos Trust.

52     The Crown submits that it was not a party to the Amended Settlement and the Crown specifically objects to the Amended Settlement which results in the Crown having to defend all claims brought against the Crown.

53     In my view, the concerns of the Crown are misguided for two reasons. First, the concerns of the Crown do not arise as a result of the Settlement. It seems to me that the treatment of the contribution and indemnity claims of the Crown against Grace are identical to the treatment of all co-defendants having claims against Grace. In this respect, it can be said that the Amended Settlement has gratuitous benefits for the Crown insofar as claims can only be made against the Crown provided that the Crown's claims for contribution and indemnity are channelled to the Asbestos Trust.

54     Second, the Crown is currently exposed to any and all suits by CDN ZAI Claimants whether or not it is jointly liable with Grace. The Amended Settlement provides that the treatment provided to the Crown, and its ability to claim against the Asbestos Trust, is identical to that of all co-defendants. In this regard, it cannot be said that the Crown has been unfairly targeted in the Amended Settlement.

55     In my view, to the extent that the Crown has a complaint, it should be directed to the terms of the U.S. Plan. There is nothing in this ruling that prohibits the Crown from taking a position of objection in the U.S. Confirmation Hearing. The State of Montana has put forth a similar position to that of the Crown and, in this respect, the legal position of the Crown may very well be considered by the U.S. court.

*Increased Procedural Uncertainty*

56     The Crown submits that by filing claims in the U.S. Chapter 11 Proceedings, the CDN ZAI PI and PD Claimants and the Crown have all attorned to the jurisdiction of the U.S. Court to determine Grace's joint and several liability in respect of the 11 Canadian Class Actions.

57     In my view, this may be an ongoing issue but it does not impact on the issue before the Court on this motion.

*Other Factors*

58     I have also considered the submission of counsel on behalf of Grace to the effect that the concerns of the Crown related to liability arising from "claims over" in the context of CDN ZAI PI Claims are largely theoretical. Counsel to Grace submits that there is but one cluster of claims (the Thundersky Family Claim) and those claims may be statute barred. In my view, it is appropriate to take this submission, which I accept, into account when considering the overall issue of prejudice as raised by the Crown.

*Disposition*

59     I have not been persuaded by the arguments of the Crown.

60     The concerns of the Crown, if any, arise from the First Amended Joint Plan and not from the Amended Settlement. The U.S. Court will at first instance, determine the appropriateness of the channelling injunction and the Asbestos Trust. In addition, the Crown will also have the opportunity to make submissions on any motion to

recognize the First Amended Joint Plan including the channelling injunction, in Canada.

61      For the reasons set forth, I find that the Amended Settlement is both fair and reasonable. The Amended Settlement represents an important component of the First Amended Joint Plan and provides a venue through which ZAI Claims may be resolved. It is not in the interest of any party for there to be ongoing uncertainty and delay as to the resolution of these claims, nor the escalating costs which will likely accompany further delays.

62      Accordingly, the motion is granted. The Amended Settlement is approved. As agreed by the parties, there is no order as to costs.

END OF DOCUMENT

Copr. (c) West 2008 No Claim to Orig. Govt. Works