IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: Docket No. 24363 |
| | ) Hearing Date: July 14, 2010 at 10:00 a.m. |

**CERTIFICATE OF COUNSEL REGARDING ORDER GRANTING RELIEF SOUGHT BY THE DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION TO EMPLOYEE CLAIMS (SUBSTANTIVE) AND REPORT CONTAINING WRITTEN RESPONSES TO SAME AND RESOLUTIONS THEREOF**

1.  On February 16, 2010, the Court entered its *Order Approving Employee Benefits Claim Resolution Protocol*, docket no. 24304 (the "Protocol Order"), approving procedures for the Debtors to follow in requesting the Court disallow certain claims (the "Employee Claims") filed by employees and former employees of the Debtors as of the Petition Date (the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

"Claimants").[2]  On February 25, 2010, pursuant to the Protocol Order, the Debtors filed the *Twenty-Eighth Omnibus Objection to Employee Claims (Substantive Objection)* (docket no. 24363) (the "Employee Claims Objection").

2.  On or before March 1, 2010, pursuant to the Protocol Order, the Debtors served the *Notice of Objection to and Treatment of Employee Claims* on each Claimant.  On June 24, 2010, the Debtors filed the certificate of service regarding the *Notice of Objection to and Treatment of Employee Claims*.

3.  April 16, 2010, was the deadline (the "Objection Deadline") set forth in the Protocol Order by which: (i) non-Claimant parties must have objected to the Employee Claims Objection; and (ii) Claimants must have filed written responses to the Employee Claims Objection.

4.  No objections to the Employee Claims Objection were filed by any non-Claimant parties prior to the Objection Deadline.

5.  Exhibit A contains copies of each of the written responses (with addresses and telephone numbers redacted, the "Written Responses") received from Claimants regarding their Employee Claims.  Prior to the Objection Deadline, the Debtors also received one telephonic response to the *Notice of Objection to and Treatment of Employee Claims*, which was resolved by stipulation (together with the Written Responses, the "Employee Responses").

---

[2]  Capitalized terms not defined in this Certificate of Counsel shall have the meaning ascribed to them in, as the case may be, the *Motion of the Debtors for Entry of an Order: (a) Authorizing, but not Requiring the Debtors to Pay Certain Prepetition (i) Wages, Salaries, Incentive Pay, Bonus Plans and Other compensation and amounts Withheld From Such Compensation, (ii) Employee Medical, Pension and Similar Benefits, (iii) Employee Severance Pay, (iv) Workers Compensation Benefits, (v) Amounts Relating to Retiree Health Benefits and (vi) Reimbursable Expenses; (b) Authorizing and Approving Certain Key Employee Retention Programs on an Interim Basis; (c) Authorizing Applicable Banks and Other Financial Institutions to Receive, Process, Honor and Pay All Checks Presented for Payment and to Honor All Electronic Payment Requests Made by the Debtors Related to the Foregoing* (docket no. 19) (the "Wages Motion"), the *Motion to Approve Employee Benefits Claim Resolution Protocol* (docket no 24153) (the "Protocol Motion"), the Protocol Order, the Employee Claims Objection or the *First Amended Joint Plan of Reorganization in these Chapter 11 Cases*, as amended, docket nos. 19579, 20666, 20872, 20873 and 21594 (the "Plan").

6.     The Protocol Order requires the Debtors to file, on or before June 25, 2010, a report regarding the resolution of Written Responses.  <u>Exhibit B</u> is that report, and it contains a summary listing of all Employee Responses and the resolution thereof.  In each case where there was an underlying issue regarding an Applicable Employee Benefit, that issue has either already been resolved or will be resolved.  Each Claimant listed in <u>Exhibit B</u> has withdrawn his or her objection to the proposed disallowance of his or her Employee Claim(s), which the Debtors have confirmed in writing to each such Claimant.[3]

7.     <u>Exhibit C</u> is the form of order disallowing the Employee Claims.  It is substantially unchanged from the form of order attached to the Employee Claims Objection. <u>Exhibit 1</u> to the form of order is the exhibit containing the list of Employee Claims to be disallowed.

**[nothing further on this page]**

---

[3] The Debtors have retained a file copy of each confirming letter sent to a Claimant withdrawing his or her Written Response. The response of Mr. Brian J. Smith (which was telephonic) was resolved by stipulation.

In view of the lack of objection to the Employee Claims Objection and the resolution of each of the Employee Responses as set forth above and in Exhibit B, the Debtors respectfully request entry of an order substantially in the form attached hereto as Exhibit C disallowing the Employee Claims set forth in Exhibit I thereof.

Dated: June 25, 2010

KIRKLAND & ELLIS LLP
Theodore L. Freedman
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession

DOCS_DE:161322.1