# EXHIBIT C

# Retention Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| U.S. CONCRETE, INC., *et al.*,[1] | ) Case No. 10-11407 (PJW) |
| Debtors. | ) Jointly Administered |
|  | ) **Related Docket No. 73** |

ORDER AUTHORIZING U.S. CONCRETE, INC., *ET AL.*, TO EMPLOY
AND RETAIN LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER AND
FINANCIAL ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rule 2014-1 authorizing the Debtors to employ and retain Lazard Frères & Co. LLC ("Lazard") as investment banker and financial advisor effective *nunc pro tunc* to the Petition Date on the terms set forth in the engagement letter between the Debtors and Lazard, dated as of

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, if any, include: U.S. Concrete, Inc. (6680); Alberta Investments, Inc. (1497); Alliance Haulers, Inc. (3236); American Concrete Products, Inc. (3187); Atlas Redi-Mix, LLC (3123); Atlas-Tuck Concrete, Inc. (1542); Beall Concrete Enterprises, LLC (3536); Beall Industries, Inc. (2872); Beall Investment Corporation, Inc. (9865); Beall Management, Inc. (9839); Breckenridge Ready Mix, Inc. (2482); Central Concrete Supply Co., Inc. (1859); Central Precast Concrete, Inc. (9358); Concrete Acquisition III, LLC (5638); Concrete Acquisition IV, LLC (5720); Concrete Acquisition V, LLC (5777); Concrete Acquisition VI, LLC (5840); Concrete XXXIII Acquisition, Inc. (6120); Concrete XXXIV Acquisition, Inc. (6167); Concrete XXXV Acquisition, Inc. (6206); Concrete XXXVI Acquisition, Inc. (6240); Eastern Concrete Materials, Inc. (1165); Hamburg Quarry Limited Liability Company (3592); Ingram Concrete, LLC (6753); Local Concrete Supply & Equipment, LLC (6597); Master Mix Concrete, LLC (0135); Master Mix, LLC (8532); MG, LLC (9279); NYC Concrete Materials, LLC (0666); Pebble Lane Associates, LLC (6520); Redi-Mix Concrete, L.P. (4765); Redi-Mix GP, LLC (N/A); Redi-Mix, LLC (6751); Riverside Materials, LLC (3588); San Diego Precast Concrete, Inc. (6282); Sierra Precast, Inc. (4227); Smith Pre-Cast, Inc. (0673); Superior Concrete Materials, Inc. (6503); Titan Concrete Industries, Inc. (6374); U.S. Concrete On-Site, Inc. (0662); USC Atlantic, Inc. (6002); USC Management Co., LLC (6749); USC Payroll, Inc. (0665); and USC Technologies, Inc. (6055). The location of the debtors' corporate headquarters and the debtors' service address is: 2925 Briarpark, Suite 1050, Houston, Texas 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

December 1, 2009 (the "Engagement Letter"), and the related indemnification agreement (the "Indemnification Letter" and, together with the Engagement Letter, the "Lazard Agreement," attached hereto as **Exhibit 1**); and upon the Goldstein Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing □herefore, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtors are authorized pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and 2016, and Local Bankruptcy Rule 2014-1 to employ and retain Lazard in accordance with the terms and conditions set forth in the Lazard Agreement, as modified herein, effective *nunc pro tunc* to the Petition Date.

3. Lazard's compensation as set forth in the Lazard Agreement, including, without limitation, the Restructuring Fee, the Sale Transaction Fee, the Minority Sale Transaction Fee,

and the Financing Fee (each as defined in the Engagement Letter), are approved pursuant to Bankruptcy Code section 328(a).

4. Lazard shall file fee applications for monthly, interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court; provided, however, that Lazard shall be compensated and reimbursed pursuant to Bankruptcy Code section 328(a) and that Lazard's fees and expenses shall not be evaluated under the standard set forth in Bankruptcy Code section 330.

5. The Debtors are authorized to pay Lazard's fees and to reimburse Lazard for its costs and expenses as provided in the Lazard Agreement, in accordance with the monthly, interim and final fee application process approved by this Court, and none of the fees payable to Lazard shall constitute a "bonus" or fee enhancement under applicable law.

6. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Lazard and the structure of Lazard's compensation pursuant to the Engagement Letter, Lazard and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016-2 and the United States Trustee Fee Guidelines in connection with the services to be rendered pursuant to the Engagement Letter, and shall instead submit time records in one-half hour increments.

7. Notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware shall retain all rights to object to the Monthly Fee, the Restructuring Fee, the Sale Transaction Fee, the Minority Sale Transaction Fee, and the Financing Fee based on the reasonableness standard provided for in sections 330 and 331 of the Bankruptcy Code.

3

Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the United States Trustee, on appeal or otherwise, with respect to the reasonableness of Lazard's compensation.

8. The provisions set forth in the Indemnification Letter are approved, subject during the pendency of these cases to the following:

    a. Subject to the provisions of subparagraph (d) *infra*, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Indemnification Letter) in accordance with the Indemnification Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

    b. Notwithstanding any provisions of the Indemnification Letter to the contrary, the Debtors shall have no obligation to indemnify Lazard or provide contribution or reimbursement to Lazard (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Lazard's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of Lazard's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Company, et. Al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), *infra*, to be a claim or expense for which Lazard should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Letter, as modified by this Order;

    c. If, during the pendency of the Debtors' cases, the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above and Lazard makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the proviso set forth in the second sentence of the contribution provisions in the Indemnification Letter shall not apply; and

    d. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, Lazard believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or

4

reimbursement obligations under the Indemnification Letter, as modified by this Order, including without limitation the advancement of defense costs, Lazard must file an application □herefore in this Court, and the Debtors may not pay any such amounts to Lazard before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Lazard for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Lazard.

9. To the extent this Order is inconsistent with any prior order or pleading with respect to the Application in these cases or the Engagement Letter, the terms of this Order shall govern.

10. Notwithstanding the possible applicability of Rules 6004(h), 7062, and 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

12. During the pendency of these cases, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 2, 2010

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE