IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[4] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re docket no. 24363 and 24991 |
| | ) July 14, 2010, Hearing Agenda item no. _____ |
| | ) |

ORDER DISALLOWING EMPLOYEE CLAIMS (SUBSTANTIVE)

Upon consideration of the *Twenty-Eighth Omnibus Objection to Employee Claims (Substantive Objection)* (docket no. 24363) (the "Objection"), which seeks an order disallowing the Employee Claims set forth in Exhibit I hereto; and due and proper notice of the Objection having been given; and no previous application for such disallowance having been made; and the Debtors having been given leave by this Court's *Order Approving the Employee Benefits Claims Resolution Protocol* (docket no. 24304) to file more than the maximum number of claims permitted by Del. Bankr. L.R. 3007-1; and the Court having found that the Debtors do not intend

---

[4] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the relief sought in the Objection to affect either the Grace Benefits Programs or the Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) of any Claimant; and this Court having duly and properly considered the matters set forth herein; it is hereby ORDERED that:[5]

1. The Objection is granted in its entirety.

2. The Employee Claims listed on <u>Exhibit I</u> to this Order are disallowed, and the Claims Agent is directed to record each Employee Claim as disallowed; *provided*, *however*, that, in the event the Court confirms a chapter 11 plan of reorganization that does not call for the Debtors to assume the Grace Benefit Programs:

    a. Without further action of the Court, this Order shall be void;

    b. The Debtors shall, within 30 days of that event, file a notice (the "<u>Reinstatement Notice</u>") with the Court stating that the Employee Claims will be reinstated for all purposes after the deadline to object or otherwise respond to the Reinstatement Notice;

    c. The Reinstatement Notice shall provide a thirty-day period for objection/response and shall be served upon the parties receiving notice of the filing of the Objection;

    d. Without further order of the Court, upon the expiration of the thirty-day period for objection/response, the Claims Consultant shall record the reinstatement for all purposes of each Employee Claim where there is no outstanding objection or response to the reinstatement of that specific claim; and

    e. The Court shall adjudicate all remaining unresolved objections and responses to the Reinstatement Notice or to the reinstatement of specific Employee Claims.

3. The relief granted in this Order shall not affect either the Grace Benefits Programs or the Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) of any Claimant.

---

[5] Capitalized terms not defined in this Order shall have the meaning ascribed to them in, as the case may be, the Objection, the *Order Approving the Employee Benefits Claims Resolution Protocol* (docket no. 24304), *Motion to Approve Employee Benefits Claim Resolution Protocol* (docket no 24153) or the *First Amended Joint Plan of Reorganization in these Chapter 11 Cases*, as amended, Docket nos. 19579, 20666, 20872, 20873 and 21594 (the "<u>Plan</u>").

4. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to implementation of this Order.

5. Pursuant to Fed.R.Civ.P. 54(b), made applicable to contested matters by Fed.R.Bankr.P. 7054 & 9014, judgment entered disallowing the Employee Claims is final, the Court having determined that there is no just reason for delay in the entry of judgment on these matters.

Dated: July 3, 2010

*Judith K. Fitzgerald*
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

12