Case 01-01139-AMC   Doc 25080   Filed 07/19/10   Page 1 of 20

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE


IN RE:                        .    Case No. 01-1139 (JKF)
                              .
                              .
W.R. GRACE & CO.,             .
et al.,                       .    824 North Market Street
                              .    Wilmington, DE 19801
                              .
         Debtors.             .    July 14, 2010
. . . . . . . . . . . . . ..       11:14 a.m.


                      TRANSCRIPT OF HEARING
               BEFORE HONORABLE JUDITH K. FITZGERALD
                UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtors:          Pachulski Stang Zeihl and Jones
                          By: JAMES O'NEILL, ESQ.
                          919 North Market Street, 17th Floor
                          Wilmington, DE  19801


For Fireman's Fund        Stevens & Lee, PC
Insurance Company:        By:  JOHN D. DEMMY, ESQ.
                          1105 North Market Street, 7th Floor
                          Wilmington, DE  19801


For Official Committee    Caplin & Drysdale
of Asbestos Personal      By:  PETER LOCKWOOD, ESQ.
Injury Claimants:         One Thomas Circle, N.W., Suite 1100
                          Washington, DC  20005


Audio Operator:           Brandon J. McCarthy




Proceedings recorded by electronic sound recording, transcript
              produced by transcription service
```
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609) 586-2311    Fax No. (609) 587-3599**

APPEARANCES (CONT'D):

| | |
|---|---|
| For Official Committee of Asbestos Personal Injury Claimants: | Campbell & Levine<br>By:  MARK HURFORD, ESQ.<br>800 North King Street, Suite 300<br>Wilmington, DE  19801 |
| For Everest Reinsurance Company, et al.: | Marks, O'Neill, O'Brien & Courtney<br>By:  MICHAEL F. DUGGAN, ESQ.<br>913 North Market Street, Suite 800<br>Wilmington, DE  19801<br><br>Crowell & Moring LLP<br>By:  MARK PLEVIN, ESQ.<br>1001 Pennsylvania Avenue, N.W.<br>Washington, DC  20004-2595 |
| For the U.S. Trustee: | Office of the United States<br>By:  DAVID KLAUDER, ESQ.<br>Wilmington, DE |
| For Airwood: | O'Melveny & Myers, LLP<br>By:  TANCRED SCHIAVONI, ESQ.<br>Times Square Tower<br>7 Times Square<br>New York, NY  10036 |
| For State of Montana and Canada: | Womble Carlyle Sandridge & Rice PLLC<br>By:  KEVIN MANGAN, ESQ.<br>222 Delaware Avenue, 15th Floor<br>Wilmington, DE  19801 |

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For the Debtors: | Law Offices of Janet S. Baer, PC<br>By:  JANET S. BAER, ESQ.<br>70 West Madison Street, Suite 2100<br>Chicago, IL  60602-4253<br><br>Kirkland and Ellis<br>By:  DEANNA BOLL, ESQ.<br>     THEODORE FRIEDMAN, ESQ.<br>601 Lexington Avenue<br>New York, NY  10022 |

TELEPHONIC APPEARANCES (CONT'D):

                          Kirkland and Ellis
                          By:  JOHN DONLEY, ESQ.
                          300 North LaSalle
                          Chicago, IL  60654

                          W.R. Grace & Co.
                          By:  RICHARD FINKE, ESQ.

For Travelers Casualty    Simpson, Thacher & Bartlett LLP
and Surety Company:       By:  ELISA ALCABES, ESQ.
                          425 Lexington Avenue
                          New York, NY  10017-3954

For Official Committee    Bilzin Sumberg Baena Price & Axelrod
of Asbestos Property      By:  SCOTT L. BAENA, ESQ.
Damage Claimants:            TERRANCE EDWARDS, ESQ.
                             MATTHEW KRAMER, ESQ.
                             JAY SAKALO, ESQ.
                          200 South Biscayne Boulevard
                          Suite 2500
                          Miami, FL  33131-5340

                          The Brandi Law Firm
                          By:  THOMAS J. BRANDI, ESQ.
                          354 Pine Street, 3rd Floor
                          San Francisco, CA  94104

                          Lieff, Cabraser, Heimann & Bernstein
                          By:  ELIZABETH J. CABRASER, ESQ.
                          Embarcadero Center West
                          175 Battery Street, 29th Floor
                          San Francisco, CA  94111-3339

                          Dies & Hile, LLP
                          By:  MARTIN DIES, ESQ.
                          1601 Rio Grande Street, Suite 330
                          Austin, TX  78701-1137

                          Speights & Runyan
                          By:  MARION FAIREY, ESQ.
                              ALAN RUNYAN, ESQ.
                              DANIEL SPEIGHTS, ESQ.
                          2015 Boundary Street, Suite 239
                          Beaufort, SC  29902

TELEPHONIC APPEARANCES (CONT'D):

                Pryor Cashman LLP
                By:  RICHARD LEVY, JR., ESQ.
                7 Times Square
                New York, NY  10036-6569

                Riker, Danzig, Scherer, Hyland
                 & Perretti, LLP
                By:  TARA MONDELLI, ESQ.
                Headquarters Plaza
                One Speedwell Avenue
                Morristown, NJ  07962-1981

                Hamilton, Rabinovitz & Alschuler
                By:  DR. FRANCINE RABINOVITZ
                26384 Carmel Rancho Lane, Suite 202
                Carmel, CA 93923

                Scott Law Group, PC
                By:  DARREL SCOTT, ESQ.
                100 East Main Street, Suite 500
                Sevierville, TN  37864

                Ferry Joseph & Pearce, PA
                By:  THEODORE J. TACCONELLI, ESQ.
                824 Market Street, Suite 1000
                Wilmington, DE  19801

                Richardson Patrick Westbrook
                 & Brickman, LLC
                By:  EDWARD J. WESTBROOK, ESQ.
                1037 Chuck Dawley Boulevard
                Building A
                Mount Pleasant, SC  29464

For Vinson and                Vinson and Elkins, LLP
Elkins, LLP:                  By:  ARI BERMAN, ESQ.
                666 Fifth Avenue, 26th Floor
                New York, NY  10103-0040

For Official Committee        Kramer Levin Naftalis & Frankel, LLP
of Equity Holders:            By:  DAVID E. BLABEY, JR., ESQ.
                1177 Avenue of the Americas
                New York, NY  10036

For One Beacon &              Drinker Biddle & Reath, LLP
Seaton Insurance:             By:  MICHAEL F. BROWN, ESQ.
                One Logan Square, Suite 2000
                Philadelphia, PA  19103-6996

**J&J COURT TRANSCRIBERS, INC.**

```
TELEPHONIC APPEARANCES (CONT'D):

For David T. Austern,     Lincoln International, LLC
Future Claimants          By:  CLAIRE BURKE, ESQ.
Representative:                GEORGE COLES, ESQ.
                               JOSEPH RADECKI, ESQ.
                               JASON SOLGANICK, ESQ.

                          Orrick Herrington & Sutcliffe
                          By:  DEBRA FELDER, ESQ.
                               ROGER FRANKEL, ESQ.
                               RICHARD H. WYRON, ESQ.
                          Columbia Center
                          1152 15th Street, N.W.
                          Washington, DC  20005-1706

                          Phillips Goldman & Spence, PA
                          By:  JOHN C. PHILLIPS, JR., ESQ.
                          1200 North Broom Street
                          Wilmington, DE  19806-4204

For The Bank Lenders:     Paul Weiss Rifkind Wharton
                           & Garrison, LLP
                          By:  KELLIE CAIRNS, ESQ.
                               SARAH HARNETT, ESQ.
                               MARGARET PHILLIPS, ESQ.
                               ANDREW N. ROSENBERG, ESQ.
                               REBECCA ZUBATY, ESQ.
                          1285 Avenue of the Americas
                          New York, NY  10019-6064

                          Landis Rath & Cobb, LLP
                          By:  JAMES S. GREEN, JR.
                          919 Market Street, Suite 1800
                          Wilmington, DE  19899

For All State Insurance:  Cuyler Burk, LLP
                          By:  STEFANO CALOGERO, ESQ.
                          4 Century Drive
                          Parsippany, NJ  07054-4606

For Libby Claimants:      Cohn Whitesell & Goldberg, LLP
                          By:  CHRISTOPHER M. CANDON, ESQ.
                          101 Arch Street
                          Boston, MA  02110
```

**J&J COURT TRANSCRIBERS, INC.**

TELEPHONIC APPEARANCES (CONT'D):

| | |
|---|---|
| For Burlington Northern Santa Fe Railway: | Pepper Hamilton, LLP<br>By:  LINDA J. CASEY, ESQ.<br>3000 Two Logan Square<br>18th and Arch Streets<br>Philadelphia, PA  19103-2799 |
| For Maryland Casualty Company: | Eckert Seamans Cherin & Mellott<br>By:  GABRIELLA CELLAROSI, ESQ.<br>1717 Pennsylvania Avenue, N.W.<br>12th Floor<br>Wshington, DC  20006<br><br>Connolly Bove Lodge & Hutz LLP<br>By:  JEFFREY C. WISLER, ESQ.<br>The Nemours Building<br>1007 North Orange Street<br>Wilmington, DE |
| For Bank Debit Holders: | Landis Rath & Cobb, LLP<br>By:  RICHARD S. COBB, ESQ.<br>919 Market Street, Suite 1800<br>Wilmington, DE  19899 |
| For Scotts Company: | Vorys Sater Seymour & Pease LLP<br>By:  TIFFANY S. COBB, ESQ.<br>52 East Gay Street<br>Columbus, OH  43215 |
| For Federal Insurance Company: | Cozen O'Connor<br>By:  JACOB C. COHN, ESQ.<br>      ILAN ROSENBERG, ESQ.<br>1900 Market Street<br>Philadelphia, PA  19103 |
| For Everest Reinsurance Company, et al.: | Crowell & Moring LLP<br>By:  LESLIE A. DAVIS, ESQ.<br>1001 Pennsylvania Avenue, N.W.<br>Washington, DC  20004-2595<br><br>Marks O'Neill O'Brien & Courtney<br>By:  BRIAN L. KASPRZAK, ESQ.<br>913 North Market Street, Suite 800<br>Wilmington, DE  19801 |

TELEPHONIC APPEARANCES (CONT'D):

```
For AIG:                   Zeichner Ellman & Krause, LLP
                           By:  MICHAEL S. DAVIS, ESQ.
                           575 Lexington Avenue
                           New York, NY  10022

For Ford Marrin            Ford Marrin Esposito Witmeyer &
Esposito Witmeyer &        Gleser, LLP
Gleser, LLP:               By:  ELIZABETH DeCRISTOFARO, ESQ.
                                SHAYNE SPENCER, ESQ.
                           Wall Street Plaza, 23rd Floor
                           New York, NY  10005-1875

For RBS:                   RBS Securities, Inc.
                           By:  JEFFREY FARKAS, ESQ.

For Rachel Feintzeig:      Dow Jones
                           By:  RACHEL A. FEINTZEIG, ESQ.

For CNA Insurance          Goodwin & Proctor LLP
Companies:                 By:  MICHAEL GIANNOTTO, ESQ.
                           901 New York Avenue, N.W.
                           Washington, DC  20001

                           Goodwin & Proctor LLP
                           By:  DANIEL M. GLOSBAND, ESQ.
                           Exchange Place
                           54 State Street
                           Boston, MA  02109

For Unsecured Creditors:   York Capital Management
                           By:  ELIZABETH GOODRICH, ESQ.
                           767 Fifth Avenue, 17th Floor
                           New York, NY  10153

For National Union         Zeichner Ellman & Krause, LLP
Fire Insurance:            By:  ROBERT GUTTMANN, ESQ.
                           575 Lexington Avenue
                           New York, NY  10022

For Canadian ZAI           The Hogan Firm
Claimants & Various        By:  DANIEL K. HOGAN, ESQ.
Law Firms:                 1311 Delaware Avenue
                           Wilmington, DE  19806
```

**J&J COURT TRANSCRIBERS, INC.**

TELEPHONIC APPEARANCES (CONT'D):

| | |
|---|---|
| For Official Committee of Asbestos Personal Injury Claimants: | Anderson Kill & Olick<br>By:  ROBERT M. HORKOVICH, ESQ.<br>1251 Avenue of the Americas<br>New York, NY  10020 |
| For Official Committee of Unsecured Creditors: | Stroock & Stroock & Lavan LLP<br>By:  ARLENE KRIEGER, ESQ.<br>180 Maiden Lane<br>New York, NY  10038-4982 |
| For Canadian ZAI Claimants: | Scarfone Hawkins LLP<br>By:  MATTHEW MOLOCI, ESQ.<br>     DAVID THOMPSON, ESQ.<br>One James Street South, 14th Floor<br>Hamilton, Ontario L8N 3P9<br>Canada<br><br>Lauzon Belanger<br>By:  CAREEN HANNOUCHE, ESQ.<br>286 Saint-Paul West, Suite 100<br>Montreal, Quebec H2Y 2A3<br>Canada |
| For Various Claimant Firms: | Stutzman Bromberg Esserman<br> & Plifka, PC<br>By:  DAVID J. PARSONS, ESQ.<br>2323 Bryan Street<br>Dallas, TX  75201-2689 |
| For Royal Indemnity Company: | Wilson Elser Moskowitz Edelman<br> & Dicker, LLP<br>By:  CARL PERNICONE, ESQ.<br>150 East 42nd Street<br>New York, NY  10017-5639 |
| For Property Damage: | Law Office of Alan B. Rich<br>By:  ALAN B. RICH, ESQ.<br>1201 Elm Street, Suite 4244<br>Dallas, TX  75270 |
| For Robert B. Sales: | Archer Capital<br>By:  ROBERT B. SALES, ESQ. |
| For Sealed Air Corporation: | Skadden Arps Slate Meagher & Flom<br>By:  SUNDEEP S. SIDHU, ESQ.<br>One Rodney Square<br>Wilmington, DE  19899 |

TELEPHONIC APPEARANCES (CONT'D):

         Skadden Arps Slate Meagher & Flom
         By:  DAVID M. TURETSKY, ESQ.
         4 Times Square
         New York, NY  10036

For Warren H. Smith: Warren H. Smith & Associates, PC
         By:  WARREN H. SMITH, ESQ.
         Republic Center
         325 North Saint Paul, Suite 1250
         Dallas, TX  75201

1        THE COURT:  I have listed as participants by phone
2   Elisa Alcabes, Scott Baena, Janet Baer, Ari Berman, David
3   Blabey, Deanna Boll, Thomas Brandi, Michael Brown, Claire
4   Burke, Elizabeth Cabraser, Kellie Cairns, Stefano Calogero,
5   Christopher Candon, Linda Casey, Gabriella Cellarosi, Richard
6   Cobb, Tiffany Cobb, Jacob Cohn, George Coles, Leslie Davis,
7   Michael Davis, Elizabeth DeCristofaro, Martin Dies, John
8   Donley, Michael Duggan, Terrance Edwards, Marion Fairey,
9   Jeffrey Farkas, Rachel Feintzeig, Debra Felder, Richard Finke,
10  Roger Frankel, Theodore Freedman, Michael Giannotto, Daniel
11  Glosband, Elizabeth Goodrich, James Green, Robert Guttmann,
12  Sarah Harnett, Daniel Hogan, Robert Horkovich, Mark Hurford,
13  Brian Kasprzak, Matthew Kramer, Arlene Krieger, Richard Levy,
14  Peter Lockwood, Matthew Moloci, Tara Mondelli, James O'Neill,
15  David Parsons, Carl Pernicone, Margaret Phillips, John
16  Phillips, Mark Plevin, Francine Rabinovitz, Joseph Radecki,
17  Alan Rich, Andrew Rosenberg, Ilan Rosenberg, Alan Runyan, Jay
18  Sakalo, Robert Sales, Darrel Scott, Sundeep Sidhu, Warren
19  Smith, Jason Solganick, Daniel Speights, Shayne Spencer,
20  Theodore Tacconelli, David Thompson, David Turetsky, Edward
21  Westbrook, Jeffrey Wisler, Richard Wyron, Rebecca Zubaty,
22  Careen Hannouche, and that is all.
23       I'll take entries in court please.
24       MR. O'NEILL:  Your Honor, James O'Neill, Pachulski,
25  Stang, Ziehl, and Jones, for the debtor.

1    MR. LOCKWOOD: Your Honor, I intended to attend by
2 phone but since I can't get to the phone and I'm in the
3 courtroom, Peter Lockwood.
4    MR. HURFORD: Same situation, Your Honor. Mark
5 Hurford, Campbell and Levine, for (indiscernible).
6    MR. DUGGAN: Your Honor, the same for me, Michael
7 Duggan and with me is my co-counsel and he stepped out but may
8 come back in, Mark Plevin.
9    THE COURT: All right, thank you. I'm sorry, who are
10 you representing in this one? Never mind. I'll find out --
11    UNIDENTIFIED ATTORNEY: Bear with me for a second,
12 Your Honor.
13    UNIDENTIFIED ATTORNEY: An insurance company.
14    THE COURT: Thank you.
15    MR. KLAUDER: David Klauder for the United States
16 Trustee.
17    THE COURT: Is it one of the recalcitrants, as Mr.
18 Restivo likes to say?
19    MR. SCHIAVONI: No, not that again. Jeez, with that
20 long list, Judge, I fell like I have to give an appearance
21 otherwise people are going to wonder why I'm not here, but Tanc
22 Schiavoni for Airwood.
23    MR. MANGAN: Good morning, Your Honor. Kevin Mangan
24 for the State of Montana and Canada as well.
25    THE COURT: All right, thank you. Mr. O'Neill?

1          MR. O'NEILL:  Your Honor, I believe that the matters
2   on the agenda have all been resolved with respect -- except
3   with respect to Item Number 10, and that's the substantial
4   contribution claim of the two Canadian ZAI firms.  And I will
5   note that the fee auditor has filed his report which appears on
6   the amended agenda at Item Number 10, related Document D, and
7   also that counsel has filed their certification of no
8   objection, which is related Document Number E with their
9   proposed form of order, and I'll turn it over to I guess
10  counsel for the applicant with respect to this matter.
11         THE COURT:  All right, let me address why we have a
12  hearing with a CNO going on because, as you know, I don't
13  normally do that.  I'm not clear exactly what this settlement
14  of the ZAI Canadian claims involved and what the direct benefit
15  to those claimants will be as incorporated in this plan so that
16  I can judge the amounts that are being requested for fees.  I
17  read Mr. Smith's report and I appreciate the fact that class
18  settlements, that in his view, that the multiplier used here,
19  if that were what the Court would determine is appropriate, is
20  within multipliers used for Canadian class settlements.  I also
21  appreciate the fact that if it's a time-billed type of record,
22  that number is double the actual out-of-pocket that the debtor
23  or somebody would owe to these attorneys for their services.
24         So I'm not clear why I have something other than
25  orders and motions submitted in accord with the fee order that

1  is in place in this case when a very hefty multiplier in terms
2  of the actual fees that would be awarded is being used.  And
3  lastly, I'm not sure why there is a substantial contribution
4  claim being made here.
5            If it's a class settlement, why are those funds not
6  coming out of the class which is what would normally, I think,
7  be the case, that the distribution to the class plus the fees
8  would be all considered and the Court would make an award and
9  then it would be paid.  So I'm a little confused on those three
10 points and that's why we're here.  If you can address those
11 three points, someone, I would appreciate it.
12           MR. HOGAN:  Your Honor, Daniel Hogan here on the
13 phone.  I apologize.  If I had known that this hearing was
14 going to be later and that you were going to be in attendance
15 in the court, I would have appeared personally to make these
16 arguments, Your Honor.  I understood that the hearing was set
17 for ten.
18           Be that as it may, this is our application for a
19 substantial contribution application for the $2 million.  The
20 $2 million, as the Court I'm sure is well aware, is derived
21 specifically from the amended and restated minutes of
22 settlement and the amended and restated minutes of settlement
23 are a product of negotiation, as the Court I'm sure is well
24 aware, between Grace Canada, the debtors, and representative
25 counsel on behalf of the Canadian claimants.  Those claimants

1  are both Canadian ZAI, PI, and PD claimants and accordingly,
2  the negotiated agreement which is the amended and restated
3  minutes of settlement provides for a gross number of -- in
4  excess of $8 million and that number slides forward once we got
5  past the June 30th threshold.
6        We're now at approximately $8.6 million that's going
7  to be made available for the entirety of the claims.  Of that
8  $8.6 million, $2 million was negotiated and set aside pursuant
9  to the minutes of settlement to compensate representative
10 counsel for their efforts in regard to satisfying the claims of
11 both the Canadian ZAI, PI and PD claims.  The payment is to
12 come through the trust, the PD trust, but that's merely a
13 mechanism whereby the payment would be transferred to the
14 Canadian claimants.
15       With regard to the specific issues that you raised,
16 Your Honor, if you could, articulate for me the first one
17 because I was distracted when you were making your claims --
18 your comments in terms of the issues that you had.
19       THE COURT:  I think the first one is Mr. Smith's
20 report indicates that the multiplier that's used here --
21 essentially -- let me start it this way, Mr. Hogan.
22 Essentially, the fees, if I were looking at a time-billed
23 basis, would be, and I'm using round dollars, million dollars,
24 but this distribution is going to be $2 million.  Now, Mr.
25 Smith's report indicates that if the Court were basing this on

1 a contingency with a multiplier that that $2 million amount
2 would be within the range that has typically been approved by
3 courts in Canada when they have approved settlements.  However,
4 if I'm looking at this as I'm judging all the other fee
5 applications, it's $1 million richer than the time that's
6 actually been spent to achieve the settlement.
7          So my first issue is why should I be looking at two
8 million rather than one million, and my second -- well, that's
9 the first issue.  Why should I be looking at two million rather
10 than one million?
11          MR. HOGAN:  Okay, and if you will allow me, I'll
12 address that issue.  Specifically, as the Court's aware I'm
13 sure, the claim is made by Canadian class action
14 representatives and attorneys and as such, the claim that's
15 being made is for the fees that in the ordinary course, if this
16 claim or these claims weren't contained within this bankruptcy
17 proceeding, they wouldn't be -- it wouldn't be predicated on an
18 hourly mandate.  It would be predicated on either a loadstar
19 approach, a percentage approach or some flat fee.
20          And so part of the issue that you're having, of
21 course, relates to the fact that we've submitted an application
22 which shows time entries.  The reason that we did it that way,
23 Your Honor, was to show the Court, number one, that there were
24 substantial efforts made here and the best way to articulate
25 what those efforts were would be to include the dockets.  We

1  included the dockets of both Scarfone Hawkins and Lauzon
2  Belanger and, as the Court has surmised, they approximate about
3  $1 million.
4        There are, however, other counsel who are party to
5  this arrangement in Canada whose time isn't specifically
6  included in the application but is referenced in Michelle
7  Belanger's affidavit, those firms being the Merchant Law Group
8  and the Aikins law firm.  And if you look at the time that
9  they've expended as co-counsel, together with representative
10 counsel, they have an additional six to $700,000 in fees.  And
11 so if the Court is going to look at that issue, the real
12 comparison we submit, Your Honor, is really 1.7 to 1.8 versus
13 the $2 million, number one.
14       In terms of why we think the $2 million in the
15 multiplier approach is more appropriate under these
16 circumstances relates in large part to the fact that this is a
17 Canadian claim and these are -- this is a Canadian class
18 action.  There's actually 11 class actions that are involved.
19 And that accordingly, everything is mandated or at least
20 constructed within the context of the Canadian law.
21       And by that, I mean when these minutes were first
22 negotiated and then the first minutes fell apart and we had
23 subsequent amended minutes, each time the minutes were agreed
24 to, they had to go before the Canadian court to be approved.
25 The CCAA court, in fact, approved the original minutes and then

1  subsequently approved the amended minutes of settlement.  In
2  each instance the Court looked specifically at these issues
3  with regard to the attorneys' fees and the compensation of
4  representative counsel for the efforts that they undertook with
5  regard to the class action claimants.
6          And so it's our position that in light of Canadian
7  law and in light of the analysis that we undertook to make sure
8  that the fees were appropriate under Canadian law, we're asking
9  Your Court, Your Honor, to look at that and to use the
10 principles of comity to essentially approve the fees because
11 they've already been approved by the Canadian court and because
12 of the interaction that's occurred between the Canadian court
13 and Your Court, Your Honor.
14         THE COURT:  All right, and then the second issue is
15 what benefit was actually provided to the ZAI claimants in
16 Canada as a result of this settlement.  And I think I heard
17 sufficient information about that at the time that the
18 settlement was brought before the Court.  But, Mr. Hogan, it
19 might be helpful to give me literally two minutes on that
20 issue.
21         MR. HOGAN:  Well, Your Honor, but for the amended and
22 restated minutes of settlement, there was no provision for the
23 treatment of Canadian PI, ZAI claimants and also, there was no
24 provision for the recompense of the Canadian ZAI, PD claimants.
25 As a result of the efforts undertaken by representative counsel

1  on behalf of both those individual groups, we have the PI
2  claims are being channeled to the PI trust which gives real
3  benefit to those PI claimants.  I'll just mention as an aside
4  that we only know one group or family, the Bruce and Thundersky
5  (phonetic) families, that have any PI claims and those are
6  being channeled to the PI trust.
7         As it relates to the PD claims, ZAI, PD claims, we've
8  negotiated with the debtor to create a separate class for those
9  claimants and the preponderance of the funds that are being
10 paid pursuant to the amended minutes of settlement will be
11 utilized for those claims.
12        And so but for those efforts undertaken by rep
13 counsel, neither of those results would have occurred, and
14 they're substantial results we believe.
15        THE COURT:  Okay, that satisfies me, Mr. Hogan.  Do
16 you have an order here, Mr. O'Neill, on Number 10 by any
17 chance?
18        MR. O'NEILL:  Your Honor, I can take a look at -- I
19 believe I have it in my binder.  I can just take a look.
20        THE COURT:  Or I can actually probably have it
21 stamped on the system.  Sherry, can you pull -- all right, I'll
22 just have the order stamped on the system.  That'll make it
23 easier and then you'll have your copy, Mr. O'Neill.  So I'll
24 have the order entered according to the CNO that was filed, Mr.
25 Hogan.  I'm satisfied both from Mr. Smith's report which delved

1 a good deal into the Canadian law and I appreciate that very
2 much and your recitation on the record, Mr. Hogan, that the
3 fees are appropriate.  So I will sign the order that awards the
4 fees.
5     MR. HOGAN:  Thank you, Your Honor.  Just for the
6 record, just so it's clear, and I'm sure you'll see it from the
7 order, that your order will instruct that the fees be paid, but
8 those fees will only be paid upon the effective date of the
9 plan so it's not as if we're expecting to be paid immediately.
10 It's once the plan goes effective, Your Honor.
11     THE COURT:  All right, thank you.
12     MR. HOGAN:  And the order provides that as well.
13     THE COURT:  Yes, okay, thank you.
14     MR. HOGAN:  Thank you, Your Honor.
15     THE COURT:  I think that's the only issue in Grace,
16 correct?
17     MR. O'NEILL:  I believe that's correct, Your Honor.
18     THE COURT:  Okay.
19     MR. DUGGAN:  Just briefly, Your Honor, if I may
20 apologize to the Court.  When I was entering my appearance, I
21 was not clear as to who my clients were at the time if I might
22 correct the record?
23     THE COURT:  Yes, sir.
24     MR. DUGGAN:  Michael Duggan of the firm Marks,
25 O'Neill, O'Brien and Courtney on behalf of Everest Reinsurance

20

1  Company formerly known as Prudential Reinsurance Company and
2  Mount McKinley Insurance Company formerly known as Gibralter
3  Insurance Company.  I thank Your Honor for the indulgence, and
4  I apologize for not having that in front of my mind.
5          THE COURT:  Okay, thank you.  All right, I believe
6  this case is adjourned so thank you all and I'll tend to the
7  next one.
8                          * * * * *
9                      **C E R T I F I C A T I O N**
10         I, MARY POLITO, court approved transcriber, certify
11 that the foregoing is a correct transcript from the official
12 electronic sound recording of the proceedings in the
13 above-entitled matter, and to the best of our ability.
14
15
16 /s/ Mary Polito
17 MARY POLITO
18 J&J COURT TRANSCRIBERS, INC.    DATE:  July 16, 2010
19
20
21
22
23
24

**J&J COURT TRANSCRIBERS, INC.**