IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) ss: | |
| COUNTY OF NEW YORK | ) | |

**TWENTY-SIXTH SUPPLEMENTAL AFFIDAVIT OF DISINTERESTEDNESS
UNDER 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014**

Deanna D. Boll, being duly sworn, deposes and says:

1. I am a partner in the firm of Kirkland & Ellis LLP ("K&E"), 601 Lexington Avenue, New York, New York 10022. I am authorized to make this affidavit on K&E's behalf.

2. On April 2, 2001 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition (collectively, the "Cases") for

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et. seq. ("Chapter 11").

3.      On April 2, 2001, K&E filed an application to be retained as Debtors' counsel in the Cases (the "Application"). By this Court's order, dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Cases and all related matters. K&E has filed the following affidavits in support of the Application:

- Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession, filed April 2, 2001 (the "Original Affidavit");

- First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 17, 2001 (the "First Supplement");

- Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 2, 2001 (the "Second Supplement");

- Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed July 25, 2001 (the "Third Supplement");

- Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed September 13, 2001 (the "Fourth Supplement");

- Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed October 24, 2001 (the "Fifth Supplement");

- Sixth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed November 13, 2001 (the "Sixth Supplement");

- Seventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 11, 2002 (the "Seventh Supplement");

- Eighth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 23, 2002 (the "Eighth Supplement");

- Ninth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed July 19, 2002 (the "Ninth Supplement");

- Tenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr P. 2014, filed September 18, 2002 (the "Tenth Supplement");

- Eleventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed March 11, 2003 (the "Eleventh Supplement");

- Twelfth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed September 20, 2004, and the Amendment to the Twelfth Supplement, filed December 2, 2004, (the "Twelfth Supplement");

- Thirteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed February 10, 2005 (the "Thirteenth Supplement");

- Fourteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed June 14, 2005 (the "Fourteenth Supplement");

- Fifteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed December 12, 2005 (the "Fifteenth Supplement");

- Sixteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed March 20, 2006 (the "Sixteenth Supplement");

- Seventeenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 17, 2006 (the "Seventeenth Supplement");

- Eighteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 22, 2006 (the "Eighteenth Supplement");

- Nineteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed June 23, 2006 (the "Nineteenth Supplement");

- Twentieth Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed October 23, 2006 (the "Twentieth Supplement");

- Twenty-First Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 9, 2007 (the "Twenty-First Supplement,");

- Twenty-Second Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed October 31, 2007 (the "Twenty-Second Supplement");

- Twenty-Third Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 14, 2008 (the "Twenty-Third Supplement");

- Twenty-Fourth Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed June 13, 2008 (the "Twenty-Fourth Supplement"); and

- Twenty-Fifth Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed January 21, 2009 (the "Twenty-Fifth Supplement"), together with the Original Affidavit, the First Supplement, the Second Supplement, the Third Supplement, the Fourth Supplement, the Fifth Supplement, the Sixth Supplement, the Seventh Supplement, the Eighth Supplement, the Ninth Supplement, the Tenth Supplement, the Eleventh Supplement, the Twelfth Supplement and Amendment to Twelfth Supplement, the Thirteenth Supplement, the Fourteenth Supplement, the Fifteenth Supplement, the Sixteenth Supplement, the Seventeenth Supplement, the Eighteenth Supplement, the Nineteenth Supplement, the Twentieth Supplement, the Twenty-First Supplement, the Twenty-Second Supplement, the Twenty-Third Supplement, and the Twenty-Fourth Supplement (collectively, the "Prior Affidavits").

4. I submit this Twenty-Sixth Supplemental Affidavit (the "Twenty-Sixth Supplement") to provide additional disclosure required under Fed. R. Bankr. P. 2014(a). Unless otherwise stated in this Twenty-Sixth Supplement, I have personal knowledge of the facts set forth herein.

5. As stated in the Prior Affidavits, K&E continues to learn of parties who have or may have had relationships to the Debtors. Thereafter, as is reasonably practicable, K&E will

K&E 17408400.2

file additional supplemental affidavits as required by Fed. R. Bankr. P. 2014(a) as K&E learns of such parties and K&E conducts a conflicts search of such parties.

### Conflicts Searches

6. K&E has searched its electronic database to search certain new parties-in-interest to the Cases since the filing of the Twenty-Fifth Supplement. Specifically, this search related to updated information with respect to equityholders, debtholders, and officers and directors. A list of these parties is annexed hereto at **Exhibit A**.

7. In addition, K&E also updated its conflicts searches on certain entities and individuals whose names had previously been the subject of a conflict search performed with respect to the Debtors during the pendency of the Cases (such searches, the "Update Searches"). The categories encompassing the Update Searches include: the Debtors' vendors, lessors, customers, insurers, investment bankers, bank creditors, letters of credit providers, officers and directors, significant equity security holders, significant unsecured creditors, ordinary course professionals, other parties in interest, and any additional Federal Rule of Bankruptcy Procedure Rule 2002 parties not already included in the previous category listings.

## Specific Disclosures

*Results of Conflicts Searches*

8. **New Parties-In-Interest.** On July 2, 2010, Plum Creek Timberlands, L.P. ("Plum Creek") filed a motion to allow the late filing of a proof of claim (Dkt. No. 25040). Theodore L. Freedman, a partner at K&E who is also the lead bankruptcy counsel on the Cases, holds stock in an IRA of Plum Creek Timber Company, which may be an affiliate of Plum Creek. He has not provided the Debtors with any advice on the Plum Creek matter, and K&E has taken official measures internally to screen Mr. Freedman from any involvement on the Plum Creek matter going forward.

9. **Exhibit B**[2] lists the client connections found as a result of K&E's conflicts searches of the entities listed on **Exhibit A**. In addition, **Exhibit B** includes the client connections found as a result of the Update Searches.[3]

10. As disclosed on **Exhibit B**, K&E represents certain of the Debtors' creditors, debtholders or affiliates of the debtholders, and/or other parties in interest in matters unrelated to the Debtors and the Cases. No client listed on **Exhibit B**, except as previously disclosed in Prior Affidavits, represents more than 1% of K&E's fee receipts for the twelve-month period ending June 30, 2010.

---

[2] On **Exhibit B**, the term "current client" means a client for whom time was posted in the 12 months before the date of this Twenty-Sixth Supplement. On **Exhibit B**, the term "former client" means a client for whom time was posted between 36 and 12 months before the date of this Twenty-Sixth Supplement. On **Exhibit B**, the term "closed client" means a client for whom time was posted in the 36 months before the date of this Twenty-Sixth Supplement, but the client representation has been closed. As a general matter, K&E discloses connections with former clients or closed clients for whom time was posted in the last 36 months, but does not disclose connections if time was billed more than 36 months before the date of this Twenty-Sixth Supplement.

[3] However, to the extent that the Update Searches resulted in disclosures identical to the disclosures made in Prior Affidavits, those results are not repeated here.

11. None of the representations described herein or on **Exhibit B** are materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders thereof.

12. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither K&E nor any partner, of counsel, or associate thereof have any connection with the Debtors, their creditors, or any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as disclosed or otherwise described below, in the Prior Affidavits or in the Application.

13. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

K&E 17408400.2

Executed on: July 22, 2010

*[signature]*
Deanna D. Boll
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4759
Facsimile: (212) 446-4900

Subscribed and sworn to before me
this 22ND day of July, 2010.

*[signature]*
Notary Public
My Commission Expires:

BEVERLY A. WEBB
Notary Public, State of New York
No. 24-4867475
Qualified in Kings County
Certificate filed in New York County
Commission Expires August 25, 2010