IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related Docket Nos. 21795, 22428, 23656, 23822, 24708** and 25034 |

ORDER RE: **REQUEST FOR JUDICIAL NOTICE**
(Garlock's Chapter 11 Filing)

Pursuant to Rule 201 of the Federal Rules of Evidence and Rule 9017 of the Federal Rules of Bankruptcy Procedure, David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants (the "PI FCR"), and the Official Committee of Asbestos Personal Injury Claimants (the "ACC"), by counsel, respectfully request that the Court take judicial notice that Garlock Sealing Technologies LLC ("Garlock"), which has objected to confirmation in the above-captioned cases, filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, along with certain of its affiliates, on June 5, 2010 in the United States Bankruptcy Court for the Western District of North Carolina, Case No. 10-31607 (jointly administered). A copy of Garlock's voluntary petition (without exhibits) is attached hereto as Exhibit A.

Under Rule 201 of the Federal Rules of Evidence, a court may take "judicial notice of adjudicative facts" that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(a) & (b). Under Rule 201, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). It is appropriate for this Court to take judicial notice of facts contained in public records. See, e.g., Maritime Elec.

{D0182975.1}

Co. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991) (taking judicial notice of date defendant filed chapter 13 petition); In re Porter, 50 B.R. 510, 517 (Bankr. E.D. Va. 1985) (taking judicial notice of chapter 7 filing by debtor's co-surety as evidence that co-surety was insolvent); see also Southmark Prime Plus, L.P. v. Falzone, 776 F. Supp. 888, 892 (D. Del. 1991) (holding that "the Court can take judicial notice of the contents of court records from another jurisdiction" and approving parties' request that court take judicial notice of briefs and petitions in parallel state court litigation).

Wherefore, the PI FCR and the ACC respectfully request that the Court take judicial notice of the fact that Garlock filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, along with certain of its affiliates, on June 5, 2010 in the United States Bankruptcy Court for the Western District of North Carolina, Case No. 10-31607 (jointly administered).

Dated: July 1, 2010          Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*and*

PHILLIPS, GOLDMAN & SPENCE, P.A.

*/s/ John C. Phillips*
John C. Phillips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

*Counsel for David T. Austern,*
*Asbestos PI Future Claimants' Representative*

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*and*

CAMPBELL & LEVINE, LLC

*/s/ Mark T. Hurford*
Mark T. Hurford (Bar No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947

*Counsel for the Official Committee*
*of Asbestos Personal Injury Claimants*

## SO ORDERED
Dated: 7/23/2010 8:20:51

*Judith K. Fitzgerald*
rmab