THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., *et al.*,[1] | ) Case No. 01-1139 (JKF) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Objection Deadline: July 23, 2010 |
| |   Hearing Date: August 9, 2010 |
| |   Agenda Item No. 3 |

Re: Docket No. 25040

### DEBTORS' REQUEST FOR APPROVAL OF TOLLING AGREEMENT BETWEEN THE DEBTORS AND PLUM CREEK REGARDING PLUM CREEK'S MOTION TO ALLOW LATE FILING OF PROOFS OF CLAIM

1.    On June 7, 2010, Plum Creek Timber Company filed proofs of claim against the debtors Kootenai Development Company and W. R. Grace & Co. – Conn. On July 1, 2010, Plum Creek Timberlands L.P. filed amended proofs of claim against the same Debtors which incorporated by reference and were identical to the first claims filed except for the name of the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

claimant. The claims are collectively identified herein as the "Plum Creek Claims" and Plum Creek Timber Company and Plum Creek Timberlands L.P. are collectively identified herein as "Plum Creek."

2. On July 2, 2010, Plum Creek filed its Motion to Allow Late Filing of Proofs of Claim. (Docket No. 25040) (the "Motion"). In the Motion, Plum Creek requests entry of an Order authorizing the late filing of the Plum Creek Claims.

3. Plum Creek is the owner of thousands of acres of timberland in the Libby Montana area. Plum Creek states in the Plum Creek Claims that it "is currently uncertain regarding the claims it may hold against the Debtors relating to or arising from their contamination of Claimant's timberlands." The claims further provide that Plum Creek's claims "may include those arising under CERCLA, including but not limited to Section 107(a)(4)(B). They may also include claims arising under common law contribution and indemnity, in addition to common law claims relating to trespass, nuisance, negligence per se, strict liability, liability for ultra hazardous activities and any other theory whereby either (a) the property interests of Claimant may have been damaged on account of the Debtors mining activities in the Libby, MT area and the resulting release of asbestos or other types of contaminants asbestos or, (b) Claimant may have liability to third parties or be required to incur costs to remediate the environmental damage caused by the Debtors in connection with their mining activities in the Libby, MT area and the resulting release of asbestos or other types of contamination."

4. Pursuant to an Order entered on April 22, 2002, a bar date was established in these Chapter 11 cases for non-asbestos claims, asbestos property damage claims and medical monitoring claims. (Docket No. 1963). The bar date included environmental claims. No bar date

2

has been set in these cases for Asbestos Personal Injury Claims[2], other than asbestos personal injury prepetition litigation claims, which bar date does not apply to Plum Creek.

5. The Plum Creek Claims allege theories of liability that, under the pending Plan, may be either Asbestos Property Damage Claims or Asbestos Personal Injury Claims. Plum Creek also asserts that the Plum Creek Claims could be General Unsecured Claims.

6. Pursuant to sections 3.1.7 and 5.3 of the Plan, the Asbestos PD Trust Agreement (Exhibit 3 in the Plan Exhibit Book) and the Case Management Order for Class 7A Asbestos PD Claims (Exhibit 25), a detailed procedure is set forth for the filing and adjudication of Unresolved Asbestos PD Claims.

7. Pursuant to sections 3.1.6 and 5.2 of the Plan, the Asbestos PI Trust Agreement (Exhibit 2) and the Asbestos PI TDP (Exhibit 4), a detailed procedure is set forth for the resolution of Asbestos PI Claims, including Indirect PI Trust Claims.

8. The Plan does not set forth a procedure to address General Unsecured Claims filed subsequent to the March 2003 Bar Date. The procedures set forth in sections 502(a) and 502(b)(9) of the Bankruptcy Code and Bankruptcy Rules 9006(b)(1) and 9014 would govern those matters.

9. The Debtors object to the relief requested in the Motion. However, due to the current status of the Plan and the chapter 11 cases, as well as the uncertainty regarding the potential claims that Plum Creek may ultimately seek to assert, addressing the Motion at this

---

[2] All terms not otherwise defined herein shall have the meaning ascribed to them in the Motion or the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al, The Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through March 19, 2010 (Docket No. 24657) ( the "Plan.")

91100-001\DOCS_DE:162038.1

time may be premature. Further, the Debtors contend that the Motion raises substantial factual issues and before those issues can be addressed, documentary discovery and depositions from several parties, including representatives of the Environmental Protection Agency, may be necessary. This discovery could be both disruptive and time consuming. Thus, the parties believe it would be in the best interest of all parties at this time to enter into a Tolling Agreement with respect to the Motion.

10. As a result, the parties have entered into the Tolling Agreement attached as Exhibit A to the draft Order submitted herewith, whereby the parties agree that that the Motion should be withdrawn without prejudice and that the substance of the Motion, responses and/or objections to the Motion, and all matters related to the Motion and the relief requested therein shall be tolled until after the Effective Date of the Plan or another plan for the Debtors, at which point Plum Creek may re-file the Motion in the Bankruptcy Court or seek other appropriate relief and the Debtors and other parties in interest may respond or take other appropriate action.

11. Pursuant to the Tolling Agreement, the parties agree that the passage of time from and after June 7, 2010, until the Plum Creek Claims are resolved shall have no effect on and may not be used to the detriment of Plum Creek in pursuing the relief requested in the Motion, the Plum Creek Claims, or Plum Creek's rights to pursue the Plum Creek Claims, if any, pursuant to the Plan or the Bankruptcy Code and Rules, including without limitation with respect to the factors to be considered in determining excusable neglect. The parties reserve and do not waive any rights, claims, defenses or objections as a result of entering into and throughout the duration of the Tolling Agreement, except as expressly set forth therein.

WHEREFORE, the Debtors respectfully request entry of the attached Order approving the Tolling Agreement attached as Exhibit A to the Order.

Dated: July 23, 2010

Respectfully submitted,

KIRKLAND & ELLIS LLP
John Donley
300 N. La Salle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (3120 862-2200

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St.
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162
Facsimile: (312) 641-2165

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400

Co-Counsel for the Debtors and Debtors in Possession

91100-001\DOCS_DE:162038.1