IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors | ) | **August 9, 2010 Agenda Item No. 3** |
| | ) | |
| | | **Re: Docket No. 25040** |

**ORDER APPROVING TOLLING AGREEMENT REGARDING PLUM CREEK'S MOTION TO ALLOW LATE FILING OF PROOFS OF CLAIM**

This matter, having come before the Court on the Motion of Plum Creek Timberlands, L.P. to Allow Late Filing of Proofs of Claim (the "Motion")( Docket No. 25040) and the Debtors Request for approval of a Tolling Agreement with Plum Creek with respect to the Motion, the Court having considered the pleadings filed and being fully advised in the premises,

IT IS HERBY ORDERED:

1. The Tolling Agreement, attached hereto as Exhibit A. is approved.

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f7kIa Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd, G C Limited Partners I, Inc. (Ok/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f7kIa Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holding!;, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f7kIa GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (Ok/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (Ok/a British Nursing Association, Inc.), Remedium Group, Inc. (Ok/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2. Pursuant to the Tolling Agreement, the Motion is hereby withdrawn without prejudice, and the substance of the Motion, responses and/or objections to the Motion and all matters related to the Motion and the relief requested therein are tolled until after the Effective Date[2] of the Plan or another plan for the Debtors, at which point Plum Creek may re-file the Motion in the Bankruptcy Court or seek other appropriate relief, and the Debtors and other parties in interest may respond or take other appropriate action.

3. The passage of time from and after June 7, 2010, until the Plum Creek Claims are resolved shall have no effect on and may not be used to the detriment of Plum Creek in pursuing the relief requested in the Motion, the Plum Creek Claims, or Plum Creek's rights to pursue the Plum Creek Claims, if any, pursuant to the Plan or the Bankruptcy Code and Rules, including without limitation with respect to the factors to be considered in determining excusable neglect. The parties reserve and do not waive any rights, claims, defenses or objections as a result of entering into and throughout the duration of the Tolling Agreement, except as expressly set forth therein.

July ___, 2010

______________________________
Honorable Judith K. Fitzgerald
U.S. Bankruptcy Judge

[2] All terms not otherwise defined herein shall have the meaning ascribed to them in the Motion or the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al, The Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through March 19, 2010 (Docket No. 24657) ( the "Plan.")

# Exhibit A
# Tolling Agreement

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO., *et al.*,**[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| **Debtors.** | ) | **Re: Docket No. 25040** |
| | ) | |

**TOLLING AGREEMENT BETWEEN THE DEBTORS AND PLUM CREEK REGARDING PLUM CREEK'S MOTION TO ALLOW LATE FILING OF PROOFS OF CLAIM**

1. On June 7, 2010, Plum Creek Timber Company filed proofs of claim against the debtors Kootenai Development Company and W. R. Grace & Co. – Conn. On July 1, 2010, Plum Creek Timberlands, L.P. filed amended proofs of claim against the same Debtors which incorporated by reference and were identical to the first claims filed except for the name of the claimant. The claims are collectively identified herein as the "Plum Creek Claims" and Plum

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Creek Timber Company and Plum Creek Timberlands, L.P. are collectively identified herein as "Plum Creek."

2. On July 2, 2010, Plum Creek filed its Motion to Allow Late Filing of Proofs of Claim. (Docket No. 25040) (the "Motion"). In the Motion, Plum Creek requests entry of an Order authorizing the late filing of the Plum Creek Claims.

3. Plum Creek is the owner of thousands of acres of timberland in the Libby, Montana, area. Plum Creek states in the Plum Creek Claims that it "is currently uncertain regarding the claims it may hold against the Debtors relating to or arising from their contamination of Claimant's timberlands." The claims further provide that Plum Creek's claims "may include those arising under CERCLA, including but not limited to Section 107(a)(4)(B). They may also include claims arising under common law contribution and indemnity, in addition to common law claims relating to trespass, nuisance, negligence per se, strict liability, liability for ultra hazardous activities and any other theory whereby either (a) the property interests of Claimant may have been damaged on account of the Debtors mining activities in the Libby, MT area and the resulting release of asbestos or other types of contaminants asbestos or, (b) Claimant may have liability to third parties or be required to incur costs to remediate the environmental damage caused by the Debtors in connection with their mining activities in the Libby, MT area and the resulting release of asbestos or other types of contamination."

4. Pursuant to an Order entered on April 22, 2002, a bar date was established in these Chapter 11 cases for non-asbestos claims, asbestos property damage claims and medical monitoring claims. (Docket No. 1963). The bar date included environmental claims. No bar date

has been set in these cases for Asbestos Personal Injury Claims[2], other than asbestos personal injury prepetition litigation claims, which bar date does not apply to Plum Creek.

5. The Plum Creek Claims allege theories of liability that, under the pending Plan, may be either Asbestos Property Damage Claims or Asbestos Personal Injury Claims. Plum Creek also asserts that the Plum Creek Claims could be General Unsecured Claims.

6. Pursuant to sections 3.1.7 and 5.3 of the Plan, the Asbestos PD Trust Agreement (Exhibit 3 in the Plan Exhibit Book) and the Case Management Order for Class 7A Asbestos PD Claims (Exhibit 25), a detailed procedure is set forth for the filing and adjudication of Unresolved Asbestos PD Claims.

7. Pursuant to sections 3.1.6 and 5.2 of the Plan, the Asbestos PI Trust Agreement (Exhibit 2) and the Asbestos PI TDP (Exhibit 4), a detailed procedure is set forth for the resolution of Asbestos PI Claims, including Indirect PI Trust Claims.

8. The Plan does not set forth a procedure to address General Unsecured Claims filed subsequent to the March 2003 Bar Date. The procedures set forth in sections 502(a) and 502(b)(9) of the Bankruptcy Code and Bankruptcy Rules 9006(b)(1) and 9014 would govern those matters.

9. The parties to this Tolling Agreement are not in agreement with respect to the relief requested in the Motion. However, they agree that due to the current status of the Plan and the chapter 11 cases, as well as the uncertainty regarding the potential claims that Plum Creek

---

[2] All terms not otherwise defined herein shall have the meaning ascribed to them in the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al, The Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through March 19, 2010 ( Docket No. 24657) ( the "Plan.")

may ultimately seek to assert, addressing the Motion at this time may be premature. Thus, the parties believe it would be in the best interest of all parties to enter into this Tolling Agreement.

10. As a result, the parties hereby agree that the Motion should be withdrawn without prejudice and that the substance of the Motion, responses and/or objections to the Motion and all matters related to the Motion and the relief requested therein should be tolled until after the Effective Date of the Plan or another plan for the Debtors, at which point Plum Creek may re-file the Motion in the Bankruptcy Court or seek other appropriate relief, and the Debtors and other parties in interest may respond or take other appropriate action.

11. The parties agree that the passage of time from and after June 7, 2010, until the Plum Creek Claims are resolved shall have no effect on and may not be used to the detriment of Plum Creek in pursuing the relief requested in the Motion, the Plum Creek Claims, or Plum Creek's rights to pursue the Plum Creek Claims, if any, pursuant to the Plan or the Bankruptcy Code and Rules, including without limitation with respect to the factors to be considered in determining excusable neglect. The parties reserve and do not waive any rights, claims, defenses or objections as a result of entering into and throughout the duration of this Tolling Agreement, except as expressly set forth herein.

Dated: July 22, 2010

Respectfully submitted,

MILLER NASH LLP

John R. Knapp, Jr. (Del I.D. No 3681)
4400 Two Union Square
601 Union Street
Seattle, Washington 98101
Telephone: (206)622-8484
Facsimile: (206) 622-7485

Attorneys for Plum Creek Timberlands, L.P. and Plum Creek Timber Company

KIRKLAND & ELLIS LLP
John Donley
300 N. La Salle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (3120 862-2200

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St.
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162
Facsimile: (312) 641-2165

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400

Co-Counsel for the Debtors and Debtors in Possession