# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al. | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| Official Committee of Asbestos Personal Injury Claimants and Official Committee of Asbestos Property Damage Claimants, et. al | ) Adv. Docket No. 02-2210 ) [Lead Docket] |
| | ) |
| Plaintiffs | ) |
| v. | ) |
| Sealed Air Corporation and Cryovac, Inc. | ) |
| | ) |
| Defendants | ) |
| | ) |
| Official Committee of Asbestos Personal Injury Claimants and Official Committee of Asbestos Property Damage Claimants, et. al | ) Adv. Docket No. 02-2211 ) |
| | ) |
| Plaintiffs | ) |
| v. | ) |
| | ) |
| Fresenius Medical Care Holdings, Inc and National Medical Card, Inc | ) |
| | ) |
| Defendants | ) |
| | ) |
| | ) |

## DEBTORS' MOTION REQUESTING THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE REFER JURISDICTION OF THESE ADVERSARY PROCEEDINGS BACK TO THE BANKRUPTCY COURT

The Debtors hereby request entry of an order referring the portions of these adversary proceedings which may remain in the District Court, back to the Bankruptcy Court so that the Bankruptcy Court may enter an order allowing the payment of remaining legal fees owed to certain professionals in these proceedings. In support of this motion, the Debtors state as follows:

<u>**JURISDICTION**</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a).

2.      The statutory bases for the relief requested herein are 28 U.S.C. §§ 157(a) and (b) and 1334(a).

<u>**BACKGROUND**</u>

3.      In March 2002, these adversary proceedings entitled: *Official Committee of Asbestos Personal Injury Claimants, et al. v. Sealed Air Corporation and Cryovac, Inc., et al.,* Adversary No. 02-2210 and *Official Committee of Asbestos Personal Injury Claimants, et al, vs. Fresenius Medical Care Holdings, Inc., et al.*, Adversary No. 02-2211, were commenced (collectively, the "Adversary Proceedings"). Certain professionals were authorized to perform certain services in the Adversary Proceedings and in that regard incurred fees and expenses.

4.      On July 10, 2002, District Judge Wolin entered an order withdrawing the reference from the Bankruptcy Court over the determination of the fees and expenses incurred in the Adversary Proceedings. (Adv. Docket No. 87). Thereafter, pursuant to an administrative fee order entered in the Bankruptcy cases (the "Fee Order")( Docket No. 1949), the professionals periodically filed and were paid fees and expenses.

5      In November, 2002, the Adversary Proceedings were settled in principal. However, due to the complex nature of the settlements, the settlement of the Fresenius Adversary Proceeding (02-2211) was not approved until June 25, 2003 and the settlement of the Sealed Air Adversary Proceeding (02-2210) was not approved until June 27, 2005.   In the meantime, District Judge Wolin was recused and on January 13, 2005, this Court entered an order referring "the Sealed Air Settlement Motion ... and any related pleadings" to the Bankruptcy Court (Docket No. 7547). This order, however, did not address referral of the professional fees that had been or would continue to be incurred in the Adversary Proceedings.

6.      Due to the settlement of the Adversary Proceedings, recusal of Judge Wolin and transfer of the Sealed Air matters back to the Bankruptcy Court, many of the fee applications filed by the professionals in the Adversary Proceedings were never acted upon.  And, while the Debtors paid the 80% in fees and 100% in expenses owed to the professionals which was permitted by the Fee Order, the fee applications themselves and payment of the 20% holdbacks were not approved by the Court.

7.      The Debtors recently conducted an audit of their books and records with respect to their payment of fees and expenses to all of the professionals retained in the chapter 11 cases. As a result of that audit, the Debtors discovered that there still remain fee applications from the Adversary Proceedings that have not been approved by the court and holdbacks that have not been, thus, paid.

8.      As a result, on March 29, 2010, certain professionals who have outstanding fees owed from the Adversary Proceedings filed their *Motion for Entry of Order Approving Remaining Fee Applications Relating to Fraudulent Conveyance Adversary Proceedings and Allowing the Payment of Remaining Holdbacks for Services Rendered* ( Docket No. 24526) ( the "Fee Motion.") Because the Adversary Proceedings were closed, the professionals filed the Fee Motion in the Bankruptcy case.

9.      On April 23, 2010, the Bankruptcy Court entered an Order dismissing the Fee Motion. (Docket No.  24660). The Order dismissing the Fee Motion pointed out two procedural issues in the Fee Motion that prevented the Bankruptcy Court from granting the relief requested. First, the Fee Motion and certain of the related fee applications were not filed in the Adversary Proceedings and the Adversary Proceedings were closed in 2005.  Second, the reference with respect to the fee applications was withdrawn by the District Court by the Order dated July 11,

2002 at Adversary Docket No. 87 and no order has been entered referring the fees back to the Bankruptcy Court.

10.     As a result, on July 2, 2010, the Debtors filed a motion in the Bankruptcy Court seeking to remedy the first of the procedural issues identified by the Court in its April 23, 2010 Order. In that motion, the Debtors requested that the Bankruptcy Court re-open the Adversary Proceedings so that the professionals may file their remaining quarterly fee applications and the Fee Motion in the Adversary Proceedings. On August 3, 2010, the Bankruptcy Court entered an Order re-opening the Adversary Proceedings. (Docket No 25157).

### RELIEF REQUESTED

10.     The Debtors hereby request the District Court enter an order referring the fee matters in the Adversary Proceedings that were withdrawn by District Court Judge Wolin on July 11, 2002 back to the Bankruptcy Court so that the Bankruptcy Court may approve the remaining fee applications and rule on the Fee Motion.

### ARGUMENT

11.     The Bankruptcy Court has the authority hear the Fee Motion and related fee matters because they are "core proceeding" under 28 U.S.C. § 157(b). Specifically, the Fee Motion and any related fee matters are " matters concerning the administration of the estate" as defined in 28 U.S.C. § 157(b)(2)(A).

12.     When deciding whether to refer a particular matter to the Bankruptcy Court, the District Court has considered such factors as (i) the bankruptcy court's familiarity with the case; (ii) whether the matter deals primarily with bankruptcy-law issues; (iii) interest of judicial efficiency, and (iv) whether the matter would materially affect the debtor's bankruptcy estate. *See e.g. Kaiser Aluminum & Chemical Corp. v. Monument Select Insurance Corp.*, 2004 WL

2223297, *2 (D. Del. Sept. 30, 2004). All of these consideration weigh in favor of this District Court referring the Adversary Proceedings to the Bankruptcy Court.

13.    There is no doubt that the Bankruptcy Court is the appropriate Court to rule on the remaining fee issues. The remaining fees for which the professionals seek compensation relate almost exclusively to the Sealed Air settlement for which jurisdiction was referred back to the Bankruptcy Court on January 13, 2005 (Docket No. 7547). The Bankruptcy Court then heard and addressed all of the remaining matters that were pending in the Adversary Proceedings. Thus, the legal services that were performed and for which the professionals are seeking compensation were all services related to matters within the jurisdiction of the Bankruptcy Court. Further, the award of attorneys fees to retained professional in a chapter 11 case is a matter that primarily deals with Bankruptcy law and in the interest of judicial economy the Bankruptcy Court is the correct court to review and rule on the issues.

14.    Entry of the Order requested by this motion is also in the best interests of the Debtors' estates and their creditors in that it will permit the Debtors to fully comply with the Fee Order and pay all remaining outstanding fees owed to the professionals.

## NO PREVIOUS MOTION

12.    No previous motion for the relief sought herein has been made to this or any other court.

## NO BRIEFING SCHEDULE

13.    The Debtors respectfully submit that this Motion does not present any novel issues of law requiring briefing.  Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the

"Local District Court Rules"), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

## NOTICE

14.    Notice of this Motion has been given to:  (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives;  and (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.


WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto, referring all matters relating to these Adversary Proceedings which may remain in the District Court, back to the Bankruptcy Court, especially so that the Bankruptcy Court may enter an order allowing the payment of remaining legal fees owed to certain professionals in these proceedings.


Dated:  August 3, 2010                    KIRKLAND & ELLIS LLP
                                          Theodore L. Freedman
                                          601 Lexington Avenue
                                          New York, New York 10022
                                          (212) 446-4800

                                          and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession