## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: September 1, 2010 at 4:00 p.m.** |
| | | **Hearing Date: December 13, 2010 at 10:30 a.m.** |

### THIRTY-SEVENTH INTERIM QUARTERLY APPLICATION OF REED SMITH LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL ASBESTOS PRODUCTS LIABILITY DEFENSE COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM APRIL 1, 2010 THROUGH JUNE 30, 2010

| | |
|---|---|
| Name of Applicant: | **Reed Smith LLP** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retention Order entered July 19, 2001, effective as of April 2, 2001.** |
| Period for which compensation and reimbursement is sought: | **April 1, 2010 through June 30, 2010** |
| Amount of fees sought as actual, reasonable, and necessary: | **$ 42,698.00** |
| Amount of expenses sought as actual, reasonable, and necessary: | **$ 2,705.01** |

This is a: __ monthly  **x** quarterly application.

---

1   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc., GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| November 27, 2001 | 10/1 – 10/31/01 | $229,036.50 | $10,314.97 | Yes | Yes |
| December 26, 2001 | 11/1 – 11/30/01 | $216,703.50 | $22,667.19 | Yes | Yes |
| January 30, 2002 | 12/1 – 12/31/01 | $152,288.00 | $43,025.11 | Yes | Yes |
| March 1, 2002 | 1/1 – 1/31/02 | $152,389.50 | $45,525.87 | Yes | Yes |
| March 28, 2002 | 2/1 – 2/28/02 | $115,694.50 | $39,388.59 | Yes | Yes |
| May 2, 2002 | 3/1 – 3/31/02 | $95,617.50 | $49,224.63 | Yes | Yes |
| May 28, 2002 | 4/1 – 4/30/02 | $125,169.50 | $44,498.12 | Yes | Yes |
| July 1, 2002 | 5/1 – 5/31/02 | $186,811.50 | $88,641.73 | Yes | Yes |
| August 6, 2002 | 6/1 – 6/30/02 | $167,414.75 | $26,462.86 | Yes | Yes |
| September 9, 2002 | 7/1 – 7/31/02 | $113,523.25 | $7,897.17 | Yes | Yes |
| October 1, 2002 | 8/1 – 8/31/02 | $183,876.75 | $18,631.51 | Yes | Yes |
| November 1, 2002 | 9/1 – 9/30/02 | $205,975.00 | $12,810.65 | Yes | Yes |
| November 29 , 2002 | 10/1 – 10/31/02 | $172,838.75 | $34,384.69 | Yes | Yes |
| December 30, 2002 | 11/1 – 11/30/02 | $115,576.00 | $12,630.85 | Yes | Yes |
| January 30, 2003 | 12/1 – 12/31/02 | $36,744.50 | $16,310.05 | Yes | Yes |
| March 6, 2003 | 1/1 – 1/31/03 | $123,884.00 | $3,760.28 | Yes | Yes |
| April 2, 2003 | 2/1 – 2/28/03 | $233,867.50 | $21,251.46 | Yes | Yes |
| May 7, 2003 | 3/1 – 3/31/03 | $124,350.00 | $30,380.42 | Yes | Yes |
| June 4, 2003 | 4/1-4/30/03 | $223,770.50 | $19,411.28 | Yes | Yes |
| July 2, 2003 | 5/1-5/31/03 | $190,688.00 | $22,397.08 | Yes | Yes |
| July 31, 2003 | 6/1-6/30/03 | $165,837.25 | $18,778.12 | Yes | Yes |
| August 29, 2003 | 7/1-7/31/03 | $202,033.50 | $13,132.57 | Yes | Yes |
| October 2, 2003 | 8/1-8/31/03 | $155,275.50 | $5,526.19 | Yes | Yes |
| October 28, 2003 | 9/1-9/30/03 | $32,877.00 | $5,836.88 | Yes | Yes |
| November 28, 2003 | 10/1-10/31/03 | $20,656.50 | $3,553.00 | Yes | Yes |
| December 29, 2003 | 11/1-11/30/03 | $16,642.50 | $352.73 | Yes | Yes |
| February 4, 2004 | 12/1-12/31/03 | $9,795.00 | $1,332.05 | Yes | Yes |
| March 10, 2004 | 1/1/04-1/31/04 | $21,531.00 | $85.71 | Yes | Yes |
| April 8, 2004 | 2/1/04-2/29/04 | $21,116.00 | $2,537.94 | Yes | Yes |
| May 7, 2004 | 3/1/04-3/31/04 | $11,113.00 | $442.16 | Yes | Yes |
| June 8, 2004 | 4/1/04-4/30/04 | $16,495.50 | $41.08 | Yes | Yes |
| July 2, 2004 | 5/1/04-5/31/04 | $41,085.00 | $2,386.50 | Yes | Yes |
| August 2, 2004 | 6/1/04-6/30/04 | $28,692.50 | $725.43 | Yes | Yes |
| September 3, 2004 | 7/1/04-7/31/04 | $13,176.50 | $328.55 | Yes | Yes |
| October 5, 2004 | 8/1/04-8/31/04 | $11,792.00 | $1,500.03 | Yes | Yes |

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| October 28, 2004 | 9/1/04-9/30/04 | $22,618.00 | $97.76 | Yes | Yes |
| November 29, 2004 | 10/1-10/31/04 | $127,040.00 | $2,710.20 | Yes | Yes |
| January 7, 2005 | 11/1-11/30/04 | $29,207.50 | $1,858.91 | Yes | Yes |
| February 9, 2005 | 12/1-12/31/04 | $123,722.25 | $2,596.89 | Yes | Yes |
| March 1, 2005 | 1/1 – 1/31/05 | $112,761.00 | $3,520.69 | Yes | Yes |
| March 29, 2005 | 2/1 – 2/28/05 | $40,738.00 | $2,719.01 | Yes | Yes |
| April 28, 2005 | 3/1 – 3/31/05 | $22,165.50 | $281.04 | Yes | Yes |
| May 31, 2005 | 4/1 – 4/30/05 | $27,745.00 | $373.42 | Yes | Yes |
| June 30, 2005 | 5/1 – 5/31/05 | $48,125.50 | $1,444.96 | Yes | Yes |
| August 2, 2005 | 6/1 – 6/30/05 | $53,677.50 | $2,901.34 | Yes | Yes |
| August 31, 2005 | 7/1 – 7/31/05 | $67,024.00 | $4,443.37 | Yes | Yes |
| September 28, 2005 | 8/1 – 8/31/05 | $85,391.00 | $2,308.20 | Yes | Yes |
| October 28, 2005 | 9/1 – 9/30/05 | $75,564.50 | $1,333.69 | Yes | Yes |
| October, 2005 | 10/1 – 10/31/05 | $100,140.00 | $2,209.06 | Yes | Yes |
| November, 2005 | 11/1 – 11/30/05 | $73,829.00 | $2,476.74 | Yes | Yes |
| December, 2005 | 12/1 – 12/31/05 | $132,709.00 | $9,322.91 | Yes | Yes |
| March 6, 2006 | 1/1/06-1/31/06 | $179,492.75 | $7,814.56 | Yes | Yes |
| March 28, 2006 | 2/1/06–2/28/06 | $121,127.50 | $2,113.02 | Yes | Yes |
| April 28, 2006 | 3/1/06–3/31/06 | $138,244.50 | $8,928.17 | Yes | Yes |
| May 30, 2006 | 4/1/06-4/30/06 | $258,539.00 | $3,990.53 | Yes | Yes |
| June 28, 2006 | 5/1/06-5/31/06 | $187,688.50 | $7,066.20 | Yes | Yes |
| August 1, 2006 | 6/1/06-6/30/06 | $290,925.50 | $7,211.50 | Yes | Yes |
| September 1, 2006 | 7/1/06-7/31/06 | $318,207.00 | $5,751.93 | Yes | Yes |
| September 28, 2006 | 8/1/06-8/3/06 | $431,035.00 | $19,258.20 | Yes | Yes |
| October 30, 2006 | 9/1/06-9/30/06 | $214,071.00 | $8,718.91 | Yes | Yes |
| November 28, 2006 | 10/1/06-10/31/06 | $253,411.00 | $3,957.53 | Yes | Yes |
| January 4, 2007 | 11/1/06-11/30/06 | $269.985.00 | $10,276.93 | Yes | Yes |
| January 30, 2007 | 12/1/06-12/31/06 | $449,619.00 | $13,006.42 | Yes | Yes |
| March 2, 2007 | 1/1/07-1/31/07 | $451,799.50 | $10,807.56 | Yes | Yes |
| March 28, 2007 | 2/1/07-2/28/07 | $571,452.50 | $26,064.65 | Yes | Yes |
| May 1, 2007 | 3/1/07-3/31/07 | $612,334.00 | $21,618.02 | Yes | Yes |
| May 30, 2007 | 4/1/07 – 4/30/07 | $659,653.00 | $95,262.97 | Yes | Yes |
| June 29, 2007 | 5/1/07 – 5/31/07 | $381,244.0 | $76,304.87 | Yes | Yes |
| July 30, 2007 | 6/1/07 – 6/30/07 | $285,417.50 | $25,072.31 | Yes | Yes |
| August 30, 2007 | 7/1/07 – 7/31/07 | $565,946.00 | $27,946.57 | Yes | Yes |

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| September 28, 2007 | 8/1/07 – 8/30/07 | $341,805.00 | $30,377.98 | Yes | Yes |
| October 30, 2007 | 9/1/07 – 9/30/07 | $266,475.00 | $47,419.66 | Yes | Yes |
| November 29, 2007 | 10/1/07 – 10/31/07 | $425,753.50 | $56,702.47 | Yes | Yes |
| December 31, 2007 | 11/1/07 – 11/30/07 | $346,948.50 | $28,452.97 | Yes | Yes |
| February 1, 2008 | 12/1/07 – 12/31/07 | $328,899.50 | $6,684.25 | Yes | Yes |
| February 29, 2008 | 1/1/08 – 1/31/08 | $190,026.50 | $66,680.87 | Yes | Yes |
| March 28, 2008 | 2/1/08 – 2/29/08 | $164,778.50 | $6,812.83 | Yes | Yes |
| April 29, 2008 | 3/1/08 – 3/31/08 | $196,624.00 | $7,770.05 | Yes | Yes |
| May 28, 2008 | 4/1/08 - 4/30/08 | $265,172.00 | $14,840.69 | Yes | Yes |
| June 30, 2008 | 5/1/08 – 5/31/08 | $198,308.50 | $5,407.12 | Yes | Yes |
| July 29, 2008 | 6/1/08 – 6/30/08 | $294,750.00 | $11,846.36 | Yes | Yes |
| August 28, 2008 | 7/1/08 – 7/31/08 | $260,723.00 | $30,905.57 | Yes | Yes |
| September 29, 2008 | 8/1/08 – 8/31/08 | $133,508.50 | $25,510.91 | Yes | Yes |
| October 30, 2008 | 9/1/08 – 9/30/08 | $178,342.50 | $62,002.21 | Yes | Yes |
| November 28, 2008 | 10/1/08 – 10/31/08 | $180,835.00 | $97,238.00 | Yes | Yes |
| December 29, 2008 | 11/1/08 – 11/30/08 | $262,272.50 | $66,906.64 | Yes | Yes |
| February 2, 2009 | 12/1/08 – 12/31/08 | $296,040.50 | $61,115.32 | Yes | Yes |
| March 5, 2009 | 1/1/09 – 1/31/09 | $187,083.50 | $48,496.26 | Yes | Yes |
| March 30, 2009 | 2/1/09 – 2/28/09 | $170,090.00 | $71,440.61 | Yes | Yes |
| April 28, 2009 | 3/1/09 – 3/31/09 | $119,493.00 | $91,664.16 | Yes | Yes |
| May 28, 2009 | 4/1/09 – 4/30/09 | $82,997.00 | $31,796.74 | Yes | Yes |
| June 29, 2009 | 5/1/09 – 5/31/09 | $46,410.00 | $1,641.97 | Yes | Yes |
| July 29, 2009 | 6/1/09 – 6/30/09 | $37,799.50 | $8,098.44 | Yes | Yes |
| August 31, 2009 | 7/1/09 – 7/31/09 | $26,413.00 | $6,408.90 | Yes | Yes |
| September 30, 2009 | 8/1/09 – 8/31/09 | $57,230.00 | $5,569.75 | Yes | Yes |
| October 29, 2009 | 9/1/09 – 9/30/09 | $26,700.00 | $35,383.32 | Yes | Yes |
| December 1, 2009 | 10/1/09 – 10/31/09 | $36,478.50 | $11,042.24 | Yes | Yes |
| December 31, 2009 | 11/1/09 – 11/30/09 | $26,217.00 | $6,599.14 | Yes | Yes |
| January 29, 2010 | 12/1/09 – 12/31/09 | $18,402.00 | $350.26 | Yes | Yes |
| March 2, 2010 | 1/1/10 – 1/31/10 | $67,941.00 | $5,542.74 | Yes | Yes |
| March 29, 2010 | 2/1/10 – 2/28/10 | $8,019.00 | $1,025.90 | Yes | Yes |
| April 28, 2010 | 3/1/10 – 3/31/10 | $7,581.50 | $2,008.26 | Yes | Yes |
| May 28, 2010 | 4/1/10 – 4/30/10 | $28,603.00 | $1,030.65 | Yes | Yes |
| June 29, 2010 | 5/1/10 – 5/31/10 | $6,594.50 | $1,375.18 | Yes | Yes |
| July 28, 2010 | 6/1/10 – 6/30/10 | $7,500.50 | $299.18 | Pending | Pending |

With the exception of the monthly fee application for June, 2010, Reed Smith LLP has filed certificates of no Objection with the Court with respect to the above-referenced monthly fee applications because no objections were filed with the Court within the objection period. The objection deadline for the monthly fee application for fees and expenses incurred from June 1, 2010 through June 30, 2010 expires on August 20, 2010.

The Reed Smith attorneys who rendered professional services in these cases during the Fee Period are:[2]

| Name of Professional Person | Position with the applicant | Year Admitted | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| James J. Restivo, Jr. | Partner | 1971 | Litigation | $685.00 | 14.60 | $10,001.00 |
| Lawrence E. Flatley | Partner | 1975 | Litigation | $635.00 | 2.00 | $1,270.00 |
| Douglas E. Cameron | Partner | 1984 | Litigation | $630.00 | 6.70 | $4,221.00 |
| Kyle O. Sollie | Partner | 1996 | Business & Finance | $625.00 | 8.60 | $5,375.00 |
| Michael A. Jacobs | Partner | 1992 | Business & Finance | $580.00 | .30 | $174.00 |
| Traci Sands Rea | Partner | 1995 | Litigation | $455.00 | 30.70 | $13,968.50 |
| Andrew J. Muha | Associate | 2001 | Litigation | $400.00 | 1.80 | $720.00 |

The paraprofessionals who rendered professional service in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as a para-professional | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| John B. Lord | Paralegal | 18 Years | Bankruptcy | $240.00 | 8.30 | $1,992.00 |
| F. Scott DeMaris | Sr. Research Librarian | 11 Years | Knowledge Management | $195.00 | 1.20 | $234.00 |
| Sharon A. Ament | Paralegal | 6 Years | Litigation | $175.00 | 27.10 | $4,742.50 |

Total Fees: **$42,698.00**

---

[2]   Any capitalized terms not defined herein have the meaning ascribed to them in the Thirty-Seventh Interim Quarterly Application of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses as Special Asbestos Products Liability Defense Counsel to W. R. Grace & Co., et al., for the Interim Period from April 1, 2010 through June 30, 2010.

## EXPENSE SUMMARY

| Description | Non-ZAI Science Trial | ZAI Science Trial |
|---|---|---|
| Telephone Expense | $.40 | ---- |
| Duplicating/Printing/Scanning | $425.80 | ---- |
| Outside Duplicating | $827.25 | ---- |
| Documentation Charge | $68.40 | ---- |
| Postage Expense | $1.90 | ---- |
| Courier Service -- Outside | $95.37 | ---- |
| PACER | $40.00 | ---- |
| Westlaw | $436.29 | ---- |
| Taxi Expense | $171.23 | ---- |
| Secretarial Overtime | $30.00 | ---- |
| Parking/Tolls/Other Transportation | $48.93 | ---- |
| Air Travel Expense | $559.44 | ---- |
| SUBTOTAL | $2,705.01 | ---- |
| TOTAL | **$2,705.01** | **$0.00** |

**Summary of Reed Smith LLP Hours/Fees for its Thirty-Seventh Interim Quarterly Fee Application (April 1, 2010 – June 30, 2010)**

| Category | Quarterly Hours<br><br>37th Quarterly | Quarterly Dollar Value<br><br>37th Quarterly | Cumulative Hours | Cumulative Dollar Value |
|---|---|---|---|---|
| Asbestos Product Liability Defense Counsel (Litigation and Litigation Consulting) | 3.50 | $612.50 | 14,364.65 | $4,167,723.50 |
| Travel -- Non-Working (1/2 Time) | 0.00 | $0.00 | 402.35 | $174,604.25 |
| Fee Applications – Applicant | 25.00 | $5,319.50 | 1,469.20 | $342,392.00 |
| Case Administration | 0.00 | $0.00 | 1.00 | $430.00 |
| Claim Analysis, Objection & Resolution (Asbestos) | 62.70 | $30,983.00 | 11,878.50 | $5,445,444.00 |
| ZAI Science Trial Fees | 0.00 | $0.00 | 1,962.35 | $2,721,620.00 |
| Employment Applications – Applicant | 0.00 | $0.00 | 16.40 | $4,890.00 |
| Hearings | 0.00 | $0.00 | 677.20 | $290,900.50 |
| Records Retention Project (Business Operations) | 0.00 | $0.00 | 64.80 | $21,007.75 |
| Montana Grand Jury Investigation | 0.00 | $0.00 | 9,657.10 | $3,822,575.00 |
| Rockwood Pigments, N.A. | 0.00 | $0.00 | 64.00 | $29,660.00 |
| Property Damage Claim Appeals | 0.00 | $0.00 | 179.00 | $77,846.00 |
| Luis & Heather Santos & Basell USA | 0.00 | $0.00 | 5.70 | $2,146.00 |
| New Jersey | 0.00 | $0.00 | 1.20 | $600.00 |
| PA State Tax Advice | 10..10 | $5,783.00 | 6.10 | $3,283.00 |
| Expenses | N/A | $2,705.01 | N/A | $1,691,239.11 |
| ZAI Science Trial Expenses | N/A | $0.00 | N/A | $245,003.15 |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

### THIRTY-SEVENTH INTERIM QUARTERLY APPLICATION OF REED SMITH LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL ASBESTOS PRODUCTS LIABILITY DEFENSE COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM APRIL 1, 2010 THROUGH JUNE 30, 2010

Pursuant to Sections 327, 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order Under 11 U.S.C. §§1059(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Amended Interim Compensation Order" and collectively with the Interim Compensation Order, the "Compensation Order") and Del.Bankr.L.R. 2016-2,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the law firm of Reed Smith LLP ("Applicant" or "Reed Smith"), Special Asbestos Products
Liability Defense Counsel for the above-captioned debtors and debtors in possession
(collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i)
compensation in the amount of $42,698.00 for the reasonable and necessary legal services Reed
Smith has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses
that Reed Smith has incurred in the amount of $2,705.01 (the "Thirty-Seventh Interim Quarterly
Fee Application"), for the interim quarterly period from April 1, 2010 through June 30, 2010 (the
"Fee Period").  In support of this Application, Reed Smith respectfully states as follows:

## Background

### Retention of Reed Smith

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions
for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On
April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for
administrative purposes only.  Since the Petition Date, the Debtors have continued to operate
their businesses and manage their properties as debtors in possession pursuant to sections
1107(a) and 1108 of the Bankruptcy Code.

2.      By this Court's order dated July 19, 2001, the Debtors were authorized to
retain Reed Smith as Special Asbestos Products Liability Defense Counsel, effective as of the
Petition Date (the "Retention Order").   The Retention Order authorizes the Debtors to
compensate Reed Smith at Reed Smith's hourly rates charged for services of this type and to be
reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to
application to this Court in accordance with the Bankruptcy Code, the Federal Rules of
Bankruptcy Procedure, all applicable local rules and orders of this Court. On May 3, 2001, this

Court entered the Interim Compensation Order and entered the Amended Interim Compensation Order on April 17, 2002. The Court further approved an expansion of the scope of Reed Smith's representation of the Debtors in an Order dated July 17, 2008.

**Monthly Interim Fee Applications Covered Herein**

3. Pursuant to the procedures set forth in the Interim Compensation Order and the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application") subject to any objections lodged by the Notice Parties provided in the Compensation Order. If no objection is filed to a Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a Certification of No Objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.      This is the Thirty-Seventh Interim Quarterly Fee Application for compensation for services rendered that Reed Smith has filed with the Bankruptcy Court in connection with the Chapter 11 cases.

6.      Reed Smith has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

1.      Application of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses as Special Asbestos Products Liability Defense Counsel to Debtors, for the One Hundred Sixth Monthly Interim Period from April 1, 2010 Through April 30, 2010, filed May 28, 2010 (the "April Fee Application"), attached hereto as Exhibit A.

2.      Application of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses as Special Asbestos Products Liability Defense Counsel to Debtors, for the  One Hundred Seventh Monthly Interim Period From May 1, 2010 Through May 31, 2010, filed June 29, 2010 (the "May Fee Application"), attached hereto as Exhibit B.

3.      Application of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses as Special Asbestos Products Liability Defense Counsel to Debtors, for the One Hundred Eighth Monthly Interim Period From June 1, 2010 Through June 30, 2020, filed July 28, 2010 (the "June Fee Application"), attached hereto as Exhibit C.   (The April Application, the May Application and the June Application are collectively referred to herein as the "Applications").

7.      The period for objecting to the fees and expense reimbursement requested in the April and May Fee Applications passed without any objections being filed, whereupon Reed Smith filed Certificates of No Objection with the Court.  Reed Smith has not received payment for those fees and expenses listed in the June Fee Application.  The period for objecting to the fees and expense reimbursement requested in the June Fee Application has not yet expired.

8.      During the Fee Period, Reed Smith has advised and represented the Debtors in connection with various matters and has performed various professional services, all of which are described in the Applications.

**Requested Relief**

9.    By this Thirty-Seventh Interim Quarterly Fee Application, Reed Smith requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Reed Smith for the Fee Period as detailed in the Applications, less any amounts previously paid to Reed Smith pursuant to the Applications and the procedures set forth in the Compensation Order.[2]  As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through C.

**Disinterestedness**

10.    As disclosed in the Affidavit of James J. Restivo, Jr. in Support of the Application of the Debtors to employ Reed Smith LLP as Special Defense Counsel for the Debtors in Asbestos Product Liability Actions, (the "Restivo Affidavit"), filed July 2, 2001, Reed Smith does not hold or represent any interest adverse to the estates, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

11.    Reed Smith may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases.  Reed Smith disclosed in the Restivo Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.  Reed Smith will update the Restivo Affidavit when necessary and when Reed Smith becomes aware of any material new information.

---

[2]  Reed Smith reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the Fee Period that are not otherwise included in the relevant Applications.

### Representations

12.     Reed Smith believes that the Application is in compliance with the requirements of Del. Bankr. L.R. 2016-2.

13.     Reed Smith performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

14.     During the Fee Period, Reed Smith has received no payment, nor has it received any promises for payment, from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 cases.

15.     Pursuant to Fed. R. Bank. P. 2016(b), Reed Smith has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Reed Smith, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 cases.

16.     Although every effort has been made to include all fees and expenses from the Fee Period in the Applications, some fees and expenses from the Fee Period might not be included in the Applications due to accounting and processing delays.  Reed Smith reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

WHEREFORE, Reed Smith respectfully requests that the Court enter an order, substantially in the form attached hereto, providing (a) that, for the Fee Period, an administrative allowance be made to Reed Smith (i) in the sum of $42,698.00 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $2,705.01 for reimbursement of actual and necessary costs and expenses incurred (for a total of $45,403.01) (b) that the Debtors be authorized and directed to pay to Reed Smith the outstanding amount of such sums less any sums previously paid to Reed Smith pursuant to the Applications and the procedures set forth in the Compensation Order and (c) that this Court grant such further relief as is equitable and just.

Wilmington, Delaware
Dated:  August 9, 2010

Respectfully submitted,

REED SMITH LLP


By:  /s/ Kurt F. Gwynne
Kurt F. Gwynne (No. 3951)
1201 Market Street, Suite 1500
Wilmington, DE  19801
Telephone:  (302) 778-7500
Facsimile:  (302) 778-7575

and

James J. Restivo, Jr., Esquire
Lawrence E. Flatley, Esquire
Douglas E. Cameron, Esquire
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh PA  15222
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063

Special Asbestos Products Liability Defense Counsel