## EXHIBIT A

## Form of Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re docket no. _____ |
| | ) Hearing Agenda item no. _____ |

## ORDER ENFORCING THE 2009 STIPULATION AND ORDER AND DIRECTING THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION CEASE AND DESIST FROM FURTHER VIOLATIONS THEREOF

Upon consideration of the *Debtors' Motion for Entry of an Order Enforcing the 2009 Stipulation and Order and Ordering the New Jersey Department of Environmental Protection to Cease and Desist from Further Violations Thereof* (the "Motion"); and due and proper notice of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby ORDERED that:

1.    The Motion is granted in its entirety.

2.    This Court finds that the NJDEP Demands for asbestos sampling, as outlined in: (i) the April 30, 2010 e-mail of technical comments from NJDEP Case Manager Jay Nickerson, (ii) Mr. Nickerson's e-mail dated June 22, 2010, and (iii) the letter from Deputy Attorney General John Dickinson dated July 1, 2010 (the "NJDEP Demands"), constitute Hamilton Township Site Claims as that term is defined in this Court's *Order Approving a Stipulation with the New Jersey Department of Environmental Protection.* ("2009 Stipulation and Order", docket no. 23783) which have been settled and released.

3.    NJDEP is ordered to comply fully with all terms and conditions of the 2009 Stipulation and Order and cease and desist from making the demands set forth in the NJDEP Demands or any other demands relating to asbestos at the Site.

4.    NJDEP is ordered to pay all costs incurred by the Debtors in having to bring the Motion, including but not limited to, fees incurred by its attorneys and other out-of-pocket costs documented by the Debtors and presented to NJDEP within 45 days of the date of entry of this Order.

5.    The Debtors are authorized to take all actions that may be necessary to undertake the relief set forth in this Order.

---

[2]    Capitalized terms not defined in this Order shall have the meaning ascribed to them in, as the case may be, the Motion, the 2009 Stipulation and Order or the *First Amended Joint Plan of Reorganization in these Chapter 11 Cases*, as amended, docket nos. 19579, 20666, 20872, 20873 and 21594 (the "Plan").

2

6.      The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation and enforcement of this Order and the enforcement of the 2009 Stipulation and Order.

7.      This Order is effective immediately upon its entry, notwithstanding Fed.R.Civ.P. 7054 and Fed.R.Bankr.P. 9014.

Dated: _____, 2010


_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

3