# **EXHIBIT 24**



| Chris Christie<br>*Governor*<br><br>Kim Guadagno<br>*Lt. Governor* | *State of New Jersey*<br>Office of the Attorney General<br>Department of Law and Public Safety<br>Division of Law<br>25 Market Street<br>PO Box 093<br>Trenton, NJ 08625-0093 | Paula T. Dow<br>*Attorney General*<br><br>Robert M. Hanna<br>*Director* |
|---|---|---|

July 1, 2010

**VIA E-MAIL AND FIRST CLASS MAIL**
Anthony J. Marchetta, Esq.
Day Pitney LLP
P.O Box 1945
Morristown, New Jersey 07962

   Re: former W.R. Grace Hamilton Township Plant

Dear Tony:

  We are in receipt of your letter of June 23, 2010 concerning the New Jersey Department of Environmental Protection's ("DEP") requirement that your client, W.R. Grace, address asbestos contamination at Grace's former Hamilton Township vermiculite exfoliation plant site ("Site") in the context of the ongoing remediation of the Site under the Industrial Site Recovery Act ("ISRA"), N.J.S.A. 13:1K-6 to -13. We have discussed this matter with DEP representatives and have evaluated the matter in light of existing law and the October 2009 Stipulation settling DEP's 2005 penalty action (Stipulation), which was approved by the Bankruptcy Court by way of order dated November 18, 2009. We have concluded that the obligation to investigate the asbestos contamination at the Site under ISRA was not resolved by the Stipulation.

  It is the position of DEP that the Stipulation resolved Grace's liability for the penalty claims asserted by the DEP in the 2005 penalty action and the associated Motion to File a Late Proof of Claim ("Motion"), as well as any other "claims," as that term is defined in the Bankruptcy Code at 11 U.S.C. 101(5), that could have been asserted in the 2005 penalty action and the Motion. The United States Court of Appeals for the Third Circuit has made it clear that a responsible party's obligation to remediate



July 1, 2010
Page 2

contamination under ISRA, which is what is involved here, is not a "claim" for the purposes of the Bankruptcy Code, as there is no alternate right to payment. In Re Torwico Electronics, Inc. v. State of New Jersey Department of Environmental Protection, 8 F.3d 146, 151, n.6 (3rd Cir. 1993). In short, the DEP has not demanded that Grace pay money over to the State. Instead, the DEP has demanded that Grace ameliorate ongoing environmental hazards posed by asbestos at the Site. The DEP is acting as a regulator, not a creditor. As such, under Torwico, the DEP has the right to "force [Grace] to comply with [ISRA] by remedying an existing hazard." Torwico, 8 F.3d at 150.

Grace, as it must do under Torwico, is complying with ISRA by remediating the non-asbestos hazards at the Site. But Grace's ISRA obligations do not stop there. Grace must also remediate any asbestos-related areas of concern that were not addressed during the removal action performed by the United States Environmental Protection Agency under the Comprehensive Environmental Response, Compensation and Liability Act. Accordingly, DEP expects that Grace will address all of the asbestos issues outlined in Jay Nickerson's April 30, 2010 e-mail to Cathy Bryant and Michael Ackerberg of URS Corporation.

Should you have any questions, please feel free to contact me.

Sincerely,

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY

By: _____
John F. Dickinson, Jr.
Deputy Attorney General

c:  Jay Nickerson, NJDEP
    John Graham, NJDEP
    Mark Pedersen, NJDEP