# **EXHIBIT 25**


## DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, D.C.

ANTHONY J. MARCHETTA
Attorney At Law

*Mail To:* P.O. Box 1945  Morristown, NJ  07962
*Deliver To:* 200 Campus Drive  Florham Park, NJ  07932
T: 973-966-8032  F: (973) 966 1015
amarchetta@daypitney.com

August 6, 2010

<u>VIA E-MAIL AND FIRST CLASS MAIL</u>

John F. Dickinson, Esq.
Deputy Attorney General
State of New Jersey Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 093
Trenton, NJ 08625-0093

      Re:    <u>Former W.R. Grace Hamilton Township Site,
                 NJDEP Reassertion of Settled Asbestos Issues</u>

Dear John:

      We have carefully considered your July 1, 2010 letter and write to inform you that Grace respectfully disagrees with each of your arguments.

      The release language contained in the October 2009 settlement Stipulation was drafted by NJDEP. It is clear and unambiguous, and encompasses any and all claims regarding asbestos at the Site that were or could have been asserted by NJDEP prior to the execution and approval of the Stipulation, including the NJDEP's current demand that Grace perform additional asbestos investigation at the Site. As you know, despite two Courts rulings that NJDEP could not assert any claims against Grace for liability at the Site, Grace agreed to pay NJDEP $1 million to fully and finally settle and resolve all asbestos matters at the Site. The demand you have now made is based on information that was in NJDEP's possession years before it settled and dismissed its 2005 New Jersey state court action, before NJDEP filed its motion for leave to file a late proof of claim in Grace's bankruptcy and before the protracted discussions that led to the October 2009 Stipulation. Attempting to cause Grace to perform asbestos work at the Site is in clear violation of the Stipulation and smacks of bad faith on the part of the NJDEP.

      Further, independent of the Stipulation, the NJDEP's current asbestos claims are barred given the NJDEP's failure to file a proof of claim regarding the Site. In analyzing *Torwico*, the NJDEP argues that, because the NJDEP is not currently demanding that Grace pay money directly over to the State, its current demands cannot possibly constitute a "claim" for purposes

83397869.1

DAY PITNEY LLP
John F. Dickinson, Esq.
August 6, 2010
Page 2

of the Bankruptcy Code. However, the Torwico court expressly held that the absence of such a monetary demand "is not the end of the inquiry" and that "even if an injunction does not facially require payment of money, it still may present a 'claim'." *In Re Torwico, Inc. v. State of New Jersey Department of Environmental Protection*, 8 F.3d 146, 150, (3d Cir. 1993), *cert. denied*, 511 U.S. 1046 (1994).

The NJDEP's *Torwico* analysis fails to acknowledge that that there is neither an "ongoing and continuing threat" nor "an obligation on the part of the debtor 'to ameliorate ongoing pollution emanating from [accumulated] wastes'." *Id.* (quoting *In re Chateaugay*, 944 F.2d 99, 1008 (2d Cir. 1991)). As you know, there has already been a $4 million-plus USEPA removal action at the Site, ultimately funded by Grace. The NJDEP was intimately aware of the USEPA removal action and was kept apprised of project work at the Site. On July 10, 2008, USEPA accepted a Final Report for the Removal Action at the Site, and confirmed that all asbestos work required had been completed to the requirements outlined in Administrative Orders on Consent entered into between USEPA, Amtrak and APU. On July 11, 2008, Amtrak's counsel forwarded the USEPA's letter and a copy of the Final Report for Removal Action to NJDEP. In that letter, Amtrak's counsel confirmed that NJDEP personnel had stated that submission to NDJEP of a copy of the Final Report for the Removal Action would be sufficient to deal with the asbestos issues at the Site, while Grace would continue to address any remaining non-asbestos issues. Amtrak's counsel concluded the letter by declaring that submission of the Final Report for the Removal Action should complete all the ISRA related actions called for by NJDEP.

*Torwico* is also distinguishable with respect to the absence of any off-site migration. In contrast to the documented, ongoing off-site migration of contaminants that was so critical to the court's decision in *Torwico*, in 2006 USEPA took hundreds of samples in the area surrounding the former Grace Site and found no trace of asbestos off-site. A 2005 study performed by Sadat and Associates on behalf of Hamilton Township also failed to document any migration of asbestos off-site. *Torwico* is also distinguishable with respect to the timing of the discovery of the alleged environmental hazard, the expiration of the claims bar date, and the assertion of a claim, as was previously documented in response to the NJDEP's 2007 motion to file a late proof of claim.

The NJDEP possesses no evidence of any continuing asbestos contamination at the site. Rather, NJDEP seeks to take another bite at the apple and requests that Grace fund further investigation to determine if any asbestos contamination remains following the USEPA's massive removal project and post-excavation sampling. NJDEP's current demands are "merely the repackaging of a forfeited claim for damages" and, as such, constitute a claim under *Torwico*. *Id.* at 150. It has already been held that all such claims are barred by NJDEP's failure to file a proof of claim.

Unfortunately, it is apparent that the parties are not going to be able to agree upon their respective rights and obligations pursuant to the Stipulation and the Bankruptcy Court's prior rulings. As you know, the Stipulation provides that the Bankruptcy Court shall "retain

83397869.1

DAY PITNEY LLP
John F. Dickinson, Esq.
August 6, 2010
Page 3

jurisdiction to enforce the Stipulation and all matters relating thereto," and that agreement was incorporated in the Bankruptcy Court's November 18, 2009 Order approving the Stipulation. Accordingly, Grace will promptly present these issues to the Bankruptcy Court in the form of a motion to enforce the settlement agreement.

In the meantime, of course, Grace will honor its commitments regarding non-asbestos work on the Site and proceed in accordance with the schedule already submitted by URS.

Very truly yours,

Anthony J. Marchetta

cc:   Rachel Lehr, Esq.
      Deputy Attorney General (via e-mail and First Class Mail)

      Richard F. Engel, Esq.
      Deputy Attorney General (via e-mail and First Class Mail)

      Mr. Jay Nickerson
      ISRA Case Manager, Site Remediation Program
      New Jersey Department of Environmental Protection (via e-mail and First Class Mail)

83397869.1