**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et. al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objection Deadline: September 2, 2010 @ 4:00 p.m. |
| _____ | ) | Hearing Date: December 13, 2010 @ 10:30 a.m. |

**SUMMARY OF SECOND QUARTERLY APPLICATION OF THE HOGAN FIRM
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES AS COUNSEL TO THE REPRESENTATIVE COUNSEL
FOR THE CANADIAN ZAI CLAIMANTS FOR THE INTERIM FEE PERIOD
FROM APRIL 1, 2010, THROUGH JUNE 30, 2010**

Applicant:                                              The Hogan Firm

Authorized to Provide
Professional Services to:                        Lauzon Bélanger S.E.N.C.R.L. and
                                                              Scarfone Hawkins LLP ("Representative Counsel")
                                                              as Special Counsel for the Canadian ZAI Claimants
                                                              by Appointment Order, Dated March 19, 2010
                                                              [Docket No. 24508]

Date of Retention:                               March 19, 2010 *nunc pro tunc* to December 21, 2009

Period for which compensation
and reimbursement is sought:               April 1, 2010, through June 30, 2010

Amount of compensation sought
as actual, reasonable and necessary:      $      97,416.00

Amount of expense reimbursement
sought as actual, reasonable and necessary:  $      4,659.95

This is a quarterly fee application.

This is Applicant's second quarterly fee application.

**Prior Interim Fee Applications:**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 04/30/2010 Dkt. No. 24702 | December 22, 2009 - March 31, 2010 | $56,262.00 | $ 2,056.92 | 45,009.60 | 2,056.92 |

**Prior Monthly Fee Applications Included in this Interim Fee Application:**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses |
|---|---|---|---|---|---|
| 06/01/2010 Dkt. #24873 | April 1, 2010 – April 30, 2010 | $ 37,248.00 | $ 562.10 | 29,798.40 | 562.10 |
| 06/30/2010 Dkt. #25014 | May 1, 2010 – May 31, 2010 | $ 31,588.00 | $ 2,237.65 | Pending | Pending |
| 7/28/2010 Dkt. #25126 | June 1, 2010 – June 30, 2010 | $ 28,580.00 | $ 1,860.20 | Pending | Pending |

**Fee Detail by Professional for the Period of April 1, 2010, through June 30, 2010:**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Fees |
|---|---|---|---|---|
| Daniel K. Hogan | President. Member DE bar since 1990 | $350.00 | 157.60 | 55,160.00 |
| Karen E. Harvey | Paralegal - since 1996 | $190.00 | 190.20 | 36,138.00 |
| Gillian L. Andrews | Paralegal - since 2006 | $190.00 | 16.5 | 3,135.00 |
| Gabrielle Palagruto | Paralegal - since 2008 | $190.00 | 15.7 | 2,983.00 |
| **Grand Total** | | | **380.00** | **$ 97,416.00** |
| Blended Rate | | | | 256.38 |
| Blended Rate (excluding paralegal time): | | | | 350.00 |

2

**Task Code Summary for the Period of April 1, 2010, through June 30, 2010:**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| 04 - Case Administration | 40.90 | 12,427.00 |
| 11 - Fee Applications, Applicant | 64.10 | 13,715.00 |
| 12 - Fee Applications, Others | 261.10 | 66,585.00 |
| 14 - Hearings | 6.80 | 2,380.00 |
| 16 - Plan and Disclosure Statement | 3.0 | 1,050.00 |
| 20 – Travel (Non-Working) | 0.00 | 0.00 |
| 24 – Other | 4.1 | 1,259.00 |
| **TOTAL** | **380.00** | **$ 97,416.00** |

**Expense Summary for the Period of April 1, 2010, through June 30, 2010:**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopies (In House) | 6837 copies @ .10 | 683.70 |
| CM/ECF | U.S. Bankruptcy Court | 0.00 |
| Court Telephonic Appearance | CourtCall | 0.00 |
| Overnight Express Mail | Federal Express | 110.04 |
| Postage | N/A | 0.00 |
| Outside Copy & Serve | IKON Office Solutions | 3,801.27 |
| Supplies | Staples | 64.94 |
| **TOTAL** | | **$4,659.95** |

**SECOND QUARTERLY APPLICATION OF THE HOGAN FIRM
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES AS COUNSEL TO THE REPRESENTATIVE COUNSEL
FOR THE CANADIAN ZAI CLAIMANTS FOR THE INTERIM FEE PERIOD
FROM APRIL 1, 2010, THROUGH JUNE 30, 2010**

The Hogan Firm ("Applicant"), counsel to Lauzon Bélanger S.E.N.C.R.L. and Scarfone

Hawkins LLP ("Representative Counsel") as Special Counsel for the Canadian ZAI Claimants by

appointment order, dated March 19, 2010 [Docket No. 24508], hereby submits this Second

Quarterly Application for Compensation for Services Rendered and Reimbursement of Expenses

for the Interim Fee Period From April 1, 2010, through June 30, 2010 ("Second Quarterly

Application"), pursuant to 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016,

and the Court's Amended Administrative Order Under 11 U.S.C., §§ 105(a) and 331 Establishing

Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals

and Official Committee Members [Docket No. 1949] (the "Amended Administrative Order").

By this application, Applicant seeks approval of all amounts in this application for legal

services performed and expenses incurred during the period commencing April 1, 2010, through

and including June 30, 2010 (the "Compensation Period"). In support hereof, Applicant

respectfully represents the following:

## BACKGROUND

1.      On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to operate

their businesses and manage their properties and assets as debtors in possession.  Since the

Petition Date, the U.S. trustee has appointed the following creditors' committees:  Official

Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injury Claimants,

and Official Committee of Asbestos Property Damage Claimants (collectively, the "Committees").   No trustee has been appointed in Debtors' Chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On April 2, 2001, the Court entered its order that Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4.      On May 3, 2001, the Court entered an Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals.   That order was amended by the Amended Administrative Order, signed on April 17, 2002.   Pursuant to the procedures set forth in the Administrative Order and the Amended Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests.   If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject to the filing and approval of interim and final fee applications of the professional.   The professional is also to file a quarterly interim fee application.

5.      On March 19, 2010, this Court entered a Modified Order Granting Application Authorizing Retention of Daniel K. Hogan, Esq., as Counsel to the Representative Counsel for the Canadian ZAI Claimants [Docket No. 24509] (the "Modified Retention Order"), wherein Representative Counsel were authorized to retain The Hogan Firm as their counsel, effective *nunc pro tunc* to December 21, 2009, through the Effective Date of the Plan.

## MONTHLY FEE APPLICATIONS COVERED HEREIN

6.      This quarterly application, which is submitted in accordance with the Amended Administrative Order, is The Hogan Firm's Second Quarterly Application for compensation for services rendered in connection with the Chapter 11 Cases.  The Second Quarterly Application covers the Compensation Period of April 1, 2010, through June 30, 2010.

7.      Prior to the filing of this Second Quarterly Fee Application, Applicant filed with the Court the following Monthly Fee Applications during the Compensation Period:

      a.  Second Monthly Application of The Hogan Firm as Counsel to the Representative Counsel as Special Counsel for the Canadian ZAI Claimants for the Period April 1, 2010, through April 30, 2010, ("Second Monthly Application"), filed June 1, 2010, Docket No. 24873, attached hereto as **Exhibit A;**

      b.  Third Monthly Application of The Hogan Firm as Counsel to the Representative Counsel as Special Counsel for the Canadian ZAI Claimants for the Period May 1, 2010, through May 31, 2010, ("Third Monthly Application"), filed June 30, 2010, Docket No. 25014, attached hereto as **Exhibit B;**

      c.  Fourth Monthly Application of The Hogan Firm as Counsel to the Representative Counsel as Special Counsel for the Canadian ZAI Claimants for the Period June 1, 2010, through June 30, 2010, ("Fourth Monthly Application"), filed July 28, 2010, Docket No. 25126, attached hereto as **Exhibit C;**

8.      The respective periods for objecting to the fees and expense reimbursements relating to the Second and Third Monthly Applications have each passed without any objections being filed, whereupon Applicant filed Certificates of No Objection with the Court.

9.      Applicant has received 80% of the fees requested for the Second Monthly Application and 100% of the expenses requested.

10.    The Certificate of No Objection to the Third Monthly Application was filed on July

27, 2010, [Docket No. 25122].   To date, Applicant has received no requested fees or expenses for

the Third Monthly Application.

11.    The objection deadline for the Fourth Monthly Application is August 16, 2010.

12.    Applicant has filed one previous Quarterly Application and the Court is scheduled

to hear the First Quarterly Application for the period of December 22, 2009, through March 31,

2010, [Docket No. 24702], at the hearing currently set for September 13, 2010.


**REQUESTED RELIEF**

13.    By this Second Quarterly Application, Applicant requests that the Court approve

the interim allowance of compensation for professional services rendered and the reimbursement

of actual and necessary expenses incurred by The Hogan firm from April 1, 2010, through June 30,

2010.   As stated above, the full scope of the services provided and the related expenses incurred

are fully described in the Monthly Fee Applications that have already been filed with the Court.

*See Exhibits A, B, and C.*

14.    At all relevant time, Applicant has been a disinterested party as that term is defined

in Section 101(14) of the United States Bankruptcy Code, as modified by Section 1107(b) of the

United States Bankruptcy Code and has not represented or held an interest adverse to the interest

of the Debtors.

15.    Applicant billed a total of $97,416.00 in fees and incurred expenses of $4,659.95 in

its efforts performed on behalf of Representative Counsel during the Compensation Period.

16.    Pursuant to the terms of the Amended Administrative Order, Applicant has filed a

summary of its monthly fee application together with monthly invoices which include fee and

expense detail that describes the fees and expenses incurred by such Professional during the Compensation Period, April 1, 2010, through June 30, 2010, in the amount of $97,416.00 for fees and $4,659.95 for expenses (pursuant to Del. Bankr. LR 2016-2(e)(iii)).

17.   All services for which compensation is requested by The Hogan Firm were performed for or on behalf of Representative Counsel.

18.   During the Compensation Period, Applicant has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Amended Administrative Order.

19.   Pursuant to Fed. R. Bankr. P. 2016(b), there is no agreement or understanding between Applicant and any other party or person for the sharing of compensation to be received for the services rendered in these Chapter 11 cases.

20.   Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person." 11 U.S.C. § 330(a)(1)(A).   The attorneys requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Bankruptcy Court that the services performed and fees incurred were reasonable.

21.   In determining the amount of reasonable compensation to be awarded, the Court shall consider, 11 U.S.C. § 330(a)(3), the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D)

whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. See 11 U.S.C. § 330(A)-(E).

22.     Applicant believes that the Application and the description of services set forth herein of work performed are in compliance with the requirements of Delaware Local Rule 2016-2, the Amended Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustee.   A true and correct copy of the Certification of Daniel K. Hogan is attached hereto as **"Exhibit D"**.

23.     The professional services and related expenses for which The Hogan Firm requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of The Hogan Firm's professional responsibilities as attorney for Representative Counsel.   The Hogan Firm's services have been necessary and beneficial.

WHEREFORE, The Hogan Firm respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, (a) for the period of April 1, 2010, through June 30, 2010, an administrative allowance be made to The Hogan Firm in the sum of $97,416.00 as compensation for reasonable and necessary professional services rendered to Representative Counsel and in the sum of $4,659.95 for reimbursement of actual and necessary costs and expenses incurred, for a total of $102,075.95; (b) that the Debtors be authorized and directed to pay The Hogan Firm the outstanding amount of such sums, less any sums previously paid to The Hogan Firm pursuant to the Monthly Fee Applications and the procedures set forth in

the Amended Administrative Order; and (c) for such other and further relief as this Court deems

proper.

Dated: August 12, 2010                              Respectfully submitted,

                                        By:      */s/ Daniel K. Hogan*
                                                 Daniel K. Hogan (DE Bar No. 2814)
                                                 THE HOGAN FIRM
                                                 1311 Delaware Avenue
                                                 Wilmington, Delaware 19806
                                                 Telephone: 302.656.7540
                                                 Facsimile: 302.656.7599
                                                 Email: dkhogan@dkhogan.com


                                                 **Counsel to the Representative Counsel as Special
                                                 Counsel for the Canadian ZAI Claimants**