# Exhibit B

## Matter 88 - Acton Site OU3

During this Twentieth Application Period, the Firm assisted the Debtor in matters related to the federal Superfund site known as the Grace Acton Site. On September 30, 2005, the federal Environmental Protection Agency issued the Record of Decision, or ROD, for the cleanup of the so-called Operable Unit 3 (OU-3) at the Site. The ROD identified a remedy for the Site, which EPA will expect the Debtor to implement pursuant to the terms of a consent decree entered into between the Debtor and the United States in 1980.

Although the ROD states the general outline of the remedy, substantial work is required to determine what flexibility the Debtor may have in implementing the remedy. The next step in this process was the issuance by EPA of a scope of work (SOW), to be performed by the Debtor, to implement the remedy described in the ROD. Following issuance of the SOW, and during the Twentieth Application Period, the Firm worked with the Debtor on issues related to plans for the cleanup of groundwater and sediment at the Site, including review of correspondence with EPA concerning the sediment cleanup and the annual groundwater report.

This work is complex and requires an in-depth knowledge of the history of the Debtor's cleanup of the Grace Acton Site, the terms of the 1980 Consent Decree, and the relevant provisions of federal and state Superfund laws. The Firm's efforts on these matters have benefited and will benefit the Debtor's bankruptcy estate, because the legal analysis provided is critical to cost-effective compliance with the Debtor's obligations under the federal Superfund law and the 1980 Consent Decree.

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Seth D. Jaffe | Partner | Environmental | $610.00 | 2.0 | $ 1,220.00 |
| TOTAL | | | | 2.0 | $ 1,220.00 |

## Matter 101 - Bankruptcy Matters

This matter covers preparation of monthly and interim fee applications, as well as the Firm's efforts to obtain Court cost authorization for the Firm to serve as special environmental counsel to Debtor. Foley Hoag's ordinary practice is to exercise billing discretion prior to submitting invoices, and it has done so with respect to each of the invoices it submitted during the Interim Period. To date, none of the interested parties objected to payment on account of any portion of any of those invoices, although they were entitled to do so.

The Firm's application-preparation fee is reasonable in light of the nature and magnitude of the effort involved. For each of those matters, as required by the Local Rules, the Firm submitted detailed billing summaries, and its attorneys prepared narrative descriptions of the work performed.

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Seth D. Jaffe | Partner | Environmental | $610.00 | 0.9 | $ 549.00 |
| Adam P. Kahn | Partner | Environmental | $610.00 | 0.5 | $ 305.00 |
| | | | | | |
| TOTAL | | | | 1.4 | $ 854.00 |

### Matter 102 - Blackburn and Union Privileges Superfund Site, Walpole, Mass

During this Twentieth Application Period, the Firm assisted the Debtor in matters related to the federal Superfund site known as the Blackburn and Union Privileges Superfund Site, in Walpole, Massachusetts. The site has been in industrial use for several hundred years. From approximately 1915 to 1935, it was operated by Multibestos Company, which manufactured products containing asbestos. The stock of Multibestos was purchased by Dewey & Almy in or about 1930. The Debtor purchased the stock of Dewey & Almy in 1954.

The Debtor and other potentially responsible parties have been working with EPA and MassDEP since 1988. In 1992 and 1993, the Debtor performed a cleanup at the Site with respect to asbestos, though other contamination remained. The Site was added to the federal National Priorities List in 1994. the Debtor received a Notice of Potential Liability from EPA in 1998 and a "Special Notice of Responsibility" in 1999. Also in 1999, the Debtor entered into an administrative order with EPA and the Kendall Company, another potentially responsible party. In the order, the Debtor and Kendall each agreed to pay 50% of the costs for performance of the Remedial Investigation / Feasibility Study ("RI/FS") for the Site. After the Debtor filed for reorganization, the Kendall Company continued the RI/FS work without financial participation from the Debtor.

In 2006, EPA announced that it was revisiting the potential risks posed by the presence of asbestos as the Site, including areas with concentrations of asbestos greater than 0.25%, even though the original cleanup was based on a concentration of 1%. EPA has recently indicated that there may be several additional areas of the Site that require remediation for asbestos.

On September 30, 2008, EPA issued the Record of Decision (ROD) for the Site, which identifies the elements of the cleanup plan EPA has selected. The remedy contains several different components, the estimated cost of which in the ROD is approximately $13,000,000, and also identifies certain other issues which may require yet additional work. After issuing the ROD, EPA then issued what is known as "special notice" letters pursuant to section 122 of CERCLA, triggering a period of negotiations with EPA concerning implementation of the remedy selected in the ROD. In December 2008, Debtor and Kendall reached a further agreement, ratified by this Court, pursuant to which Debtor and Kendall each agreed to pay 50% of costs incurred in implementing the remedy selected by EPA in the ROD.

During this period, we assisted the Debtor in finalizing the terms of a consent decree pursuant to which the Debtor, Kendall, and the property owners will implement the ROD

cleanup at the Site. We also worked with Debtor's bankruptcy counsel in obtaining approval from the Bankruptcy Court to enter into the consent decree. Finally, we also assisted the Debtor in negotiating with the Town of Walpole concerning cooperation between the Debtor and the other responsible parties, on one hand, and the Town of Walpole, on the other, with respect to implementation of the cleanup, and the Town's role given that it has made tax takings on the properties that will be the subject of the cleanup.

This work is complex and requires an in-depth knowledge of the Superfund law. The Firm's efforts on these matters have benefited and will benefit the Debtor's bankruptcy estate, because the legal analysis provided is critical to an effective response to EPA's potential request that more cleanup be performed with respect to asbestos and to overall minimization of the cleanup cost.

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Seth D. Jaffe | Partner | Environmental | $610.00 | 37.9 | $ 23,119.00 |
| Jacob N. Polatin | Partner | Real Estate | $610.00 | 20.0 | $ 12,200.00 |
| | | | | | |
| **TOTAL** | | | | **57.9** | **$ 35,319.00** |

### Matter 103 – Wells G&H Superfund Site

During this Twentieth Application Period, the Firm assisted the Debtor in matters related to response actions that may be required by EPA in connection with the Wells G&H Superfund Site, in Woburn, Massachusetts. Grace owns certain property located at Washington Street in Woburn, Massachusetts. The property is part of the Wells G&H Superfund Site and Grace previously entered into a consent decree with EPA pursuant to which Grace is performing certain response actions. By letter dated May 14, 2009, EPA provided comments to Grace concerning certain reports submitted to EPA by Grace. That letter asked Grace to coordinate further investigation with the Operable Unit 2 Central Area Aquifer RI/FS being performed with respect to the Site and further requested certain additional investigation with respect to the Grace property. During this period, the Firm advised the Debtor concerning how to respond to EPA. Specifically, the Firm reviewed with the Debtor additional information that has been obtained regarding conditions in and near the Debtor's property and discussed negotiations with UniFirst Corporation, which is also performing response actions in connection with the Site.

This work is complex and requires an in-depth knowledge of the history of the Debtor's response actions in connection with the Site, the terms of the existing Consent Decree, negotiations with UniFirst Corporation, and the relevant provisions of federal and state Superfund laws. The Firm's efforts on these matters have benefited and will benefit the Debtor's bankruptcy estate, because the legal analysis provided is critical to cost-effective compliance with the Debtor's obligations under the federal Superfund law and the Consent Decree.

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Seth D. Jaffe | Partner | Environmental | $610.00 | 6.1 | $ 3,721.00 |
| **TOTAL** | | | | **6.1** | **$ 3,721.00** |

### Matter 104 – General Environmental Matters

During this Twentieth Application Period, the Firm assisted the Debtor in matters related to the Debtor's quarterly meeting of its Environmental, Health, and Safety team. Specifically, the Firm provided the EHS team with an update on current trends in federal and state environmental enforcement that are of particular relevance to the Debtor's business. This work requires an in-depth knowledge of both the nature of the Debtor's business and how the Debtor's business may be affected by particular types of governmental environmental enforcement. The Firm's efforts on these matters have benefited and will benefit the Debtor's bankruptcy estate, because the legal analysis provided is critical to cost-effective compliance with the Debtor's EHS obligations under the federal and state environmental laws.

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Seth D. Jaffe | Partner | Environmental | $610.00 | 6.2 | $ 3,782.00 |
| **TOTAL** | | | | **6.2** | **$ 3,782.00** |