# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| **W.R. Grace & Co., et al.** | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |

**THIRTY-SEVENTH QUARTERLY FEE APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM APRIL 1, 2010 THROUGH JUNE 30, 2010**

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **April 1, 2010 – June 30, 2010** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$133,786.00** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$1,130.09** |
| Fees and Expenses of the Asbestos Issues Expert: | |

This is an: ☒ interim ☐ final application

This is the thirty-seventh quarterly application filed.

NY 72893581v1

**Attachment A**

## Monthly Interim Fee Applications

| Date Filed | Period Covered | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| May 30, 2001 D.I.339 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 D.I.613 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111,943.00 | $6,884.73 |
| July 30, 2001 D.I.772 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| September 5, 2001 D.I.889 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 D.I.983 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 D.I.1058 | 9/1/01 – 9/30/01 | $58,742.00 | $6,801.32 | $46,993.60 | $6,801.32 |
| November 26, 2001 D.I.1239 | 10/1/01 – 10/31/01 | $101,069.00 | $3,562.09 | $80,855.20 | $3,562.09 |
| January 8, 2002 D.I.1470 | 11/1/01 – 11/30/01 | $136,368.50 | $8,847.34 | $109,094.80 | $8,847.34 |
| February 1, 2002 D.I.1608 | 12/01/01 – 12/31/01 | $92,064.50 | $9,471.47 | $73,651.60 | $9,471.47 |
| March 14, 2002 D.I.1812 | 01/01/02 – 01/31/02 | $100,231.50 | $14,675.58 | $80,185.20 | $14,675.58 |
| April 22, 2002 D.I.1951 | 02/01/02 – 02/28/02 | $88,974.50 | $16,863.97 | $71,179.60 | $16,863.97 |
| May 8, 2002 D.I.2029 | 03/01/02 – 03/31/02 | $77,964.25 | $1,190.44 | $62,371.40 | $1,190.44 |
| June 3, 2002 D.I.2156 | 04/01/02-04/30/02 | $97,251.50 | $1,816.40 (Stroock) $9,772.37 (Chambers) | $77,801.20 | $11,588.86 |

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| July 2, 2002<br>D.I.2324 | 05/01/02 –<br>05/31/02 | $74,910.75 | $2,9154.43 (Stroock)<br>$43,190.69 (Chambers) | $59,928.60 | $46,105.12 |
| August 5, 2002<br>D.I.2495 | 06/01/02 –<br>06/30/02 | $73,096.75 | $2,054.05 (Stroock)<br>$114,666.72 (Chambers) | $58,477.4011 | $116,720.77 |
| September 20, 2002<br>D.I.2720 | 07/01/02 –<br>07/31/02 | $90,903.27 | $1,250.79 (Stroock)<br>$11,996.25 (Chambers) | $72,722.61 | $13,274.04 |
| October 29, 2002<br>D.I.2898 | 08/01/02 –<br>08/31/02 | $93,151.25 | $11,539.51 (Stroock)<br>$5,046.70 (Chambers) | $74,521.00 | $16,586.21 |
| November 14, 2002<br>D.I.2981 | 09/01/02 -<br>09/30/02 | $96,613.25 | $15,567.77 (Stroock)<br>$771.50 (Chambers) | $77,290.60 | $16,339.27 |
| December 10, 2002<br>D.I.3129 | 10/1/02 –<br>10/31/02 | $68,404.00 | $2,956.54 (Stroock)<br>$1,780.75 (Chambers) | $54,723.20 | $4,737.29 |
| January 28, 2003<br>D.I.3286 | 11/1/02 –<br>11/30/02 | $75,345.50 | $8,712.16 (Stroock) | $60,276.40 | $8,712.16 |
| February 7, 2003<br>D.I.3349 | 12/1/02 –<br>12/31/02 | $27,683.50 | $13,332.14 (Stroock) | $22,146.80 | $13,332.14 |
| March 26, 2003<br>D.I.3552 | 1/1/03 –<br>1/31/03 | $88,139.00 | $1,210.11 (Stroock) | $70,511.20 | $1,210.11 |
| April 7, 2003<br>D.I.3626 | 2/1/03 –<br>2/28/03 | $76,313.00 | $2,022.78 (Stroock)<br>$1,077.80 (Chambers) | $61,050.40 | $3,100.58 |
| April 29, 2003<br>D.I.3718 | 3/1/03 –<br>3/31/03 | $60,163.50 | $6,191.15 (Stroock) | $48,130.80 | $6,191.15 |
| June 2, 2003<br>D.I. 3850 | 4/1/03 –<br>4/30/03 | $60,269.00 | $814.02 (Stroock)<br>$2,043.00 (Chambers) | $48,215.20 | $2,857.02 |
| July 1, 2003<br>D.I. 3983 | 5/1/03 –<br>5/31/03 | $111,990.50 | $691.84 (Stroock)<br>$3,830.50 (Chambers) | $89,592.40 | $10,522.34 |
| August 5, 2003<br>D.I. 4152 | 6/1/03 –<br>6/30/03 | $43,824.00 | $1,220.42 (Stroock)<br>$61,755.00 (Chambers) | $35,059.20 | $62,975.42 |
| September 4, 2003<br>D.I. 4381 | 7/1/03 –<br>7/31/03 | $79,090.50 | $2,301.33 (Stroock)<br>$14,274.25 (Chambers) | $63,272.40 | $16,575.58 |

NY 72893581v1

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| September 30, 2003 D.I. 4512 | 8/1/03 – 8/31/03 | $69,927.00 | $1,164.19 (Stroock) $12,488.94 (Chambers) | $55,941.60 | $13,653.13 |
| October 29, 2003 D.I. 4625 | 9/1/03 – 9/30/03 | $69,409.50 | $1,076.94 (Stroock) $10,102.00 (Chambers) | $55,527.60 | $11,178.94 |
| December 19, 2003 D.I. 4843 | 10/1/03 – 10/31/03 | $96,980.50 | $3,800.45 (Stroock) $42,881.50 (Chambers) | $77,584.40 | $46,681.95 |
| January 23, 2004 D.I. 4976 | 11/1/03 – 11/30/03 | $66,428.50 | $1,225.38 (Stroock) $30,463.00 (Navigant f/k/a Chambers) | $53,142.80 | $31,688.38 |
| February 4, 2004 D.I. 5056 | 12/1/03 – 12/31/03 | $52,321.50 | $924.99 (Stroock) $27,005.00 (Navigant f/k/a Chambers) | $41,857.20 | $27,929.99 |
| March 17, 2004 D.I. 5309 | 1/1/04 – 1/31/04 | $65,980.50 | $1,917.93 (Stroock) $47,654.57 (Navigant f/k/a Chambers) | $52,784.40 | $49,572.50 |
| April 6, 2004 D.I. 5406 | 2/1/04 – 2/29/04 | $90,421.50 | $3,636.48 (Stroock) $35,492.50 (Navigant f/k/a Chambers) | $72,337.20 | $39,128.98 |
| April 28, 2004 D.I. | 3/1/04 – 3/31/04 | $103,524.00 | $5,567.34 (Stroock) | $82,819.20 | $5,567.34 |
| June 14, 2004 D.I. 5803 | 4/1/04 – 4/30/04 | $99,136.00 | $3,518.96 (Stroock) $1,515.00 (Navigant February) $49,667.00 (Navigant March) $80,307.11 (Navigant April) | $79,308.80 | $135,008.07 |
| July 2, 2004 D.I. 5917 | 5/1/04 – 5/31/04 | $134,324.50 | $2,409.97 (Stroock) $78,360.05 (Navigant May) | $107,459.60 | $80,770.02 |
| August 2, 2004 D.I. 6105 | 6/1/04 – 6/31/04 | $120,501.00 | $1,831.49 (Stroock) $62,625.00 (Navigant June) | $96,400.80 | $64,456.49 |
| September 9, 2004 D.I. 6341 | 7/1/04 – 7/31/04 | $72,394.00 | $3,461.84 (Stroock) $40,427.50 (Navigant July) | $57,915.20 | $43,889.34 |

3

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| September 23, 2004 D.I. 6444 | 8/1/04 – 8/31/04 | $70,457.00 | $1,764.40 (Stroock) | $56,365.60 | $1,764.40 |
| October 14, 2004 D.I 6625 | 9/1/04 – 9/30/04 | $83,903.50 | $1,535.61 (Stroock) $27,142.00 (Navigant August) | $67,122.80 | $28,677.61 |
| December 3, 2004 D.I. 7086 | 10/1/04 – 10/31/04 | $200,155.50 | $1,368.18 (Stroock) $ 24,659.00 (Navigant September) | $160,124.40 | $26,027.18 |
| January 7, 2005 D.I. 7481 | 11/1/04 – 11/30/04 | $218,608.50 | $14,019.09 (Stroock) $25,102.80 (Navigant October) $27,972.34 (Navigant November) | $174,886.80 | $67,094.23 |
| February 2, 2005 D.I. 7667 | 12/1/04 – 12/31/04 | $235,503.70 | $10,442.92 (Stroock) $62,687.97 (Navigant December) | $188,402.96 | $73,130.89 |
| March 15, 2005 D.I. 8026 | 1/1/05 – 1/31/05 | $187,168.00 | $4,411.55 (Stroock) $15,686.00 (Navigant January) | $149,734.40 | $20,097.55 |
| April 1, 2005 D.I. 8155 | 2/1/05 – 2/28/05 | $108,180.25 | $8,102.85 (Stroock) $18,303.37 (Navigant February) | $86,544.20 | $26,406.22 |
| April 29, 2005 D.I. 8305 | 3/1/05 – 3/31/05 | $56,941.25 | $287.23 (Stroock) $6,114.86 (Navigant March) | $45,553.00 | $6,402.09 |
| June 6, 2005 D.I. 8562 | 4/1/05- - 4/30/05 | $127,695.00 | $3,531.45 (Stroock) $20,129.06 (Navigant April) | $102,156.00 | $23,660.51 |
| June 28, 2005 D.I. 8704 | 5/1/05- 5/31/05 | $98,569.00 | $4,871.74 (Stroock) | $78,855.20 | $858.21 |
| August 3, 2005 D.I. 9135 | 6/1/05- 6/30/05 | $114,903.75 | $4,871.74 (Stroock) $34,075.28 (Navigant June) | $91,923.00 | $38,947.02 |
| September 8, 2005 D.I. 9356 | 7/1/05 – 7/31/05 | $117,780.75 | $2,088.44 (Stroock) $2,211.00 (Navigant) | $94,224.60 | $4,299.44 |

4

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| October 4, 2005<br>D.I. 9565 | 8/1/05 –<br>8/31/05 | $106,796.25 | $5,046.99 (Stroock)<br>$18,550.00 (Navigant) | $85,437.00 | $23,596.99 |
| November 1, 2005<br>D.I. 10951 | 9/1/05 –<br>9/30/05 | $67,697.50 | $1,399.68 (Stroock)<br>$11,197.50 (Navigant) | $54,158.00 | $12,597.18 |
| November 29, 2005<br>D.I. 11202 | 10/1/05 –<br>10/31/05 | $98,216.75 | $1,611.30 (Stroock)<br>$11,582.50 (Navigant) | $78,573.40 | $13,193.80 |
| January 9, 2006<br>D.I. 11507 | 11/1/05 –<br>11/30/05 | $104,348.00 | $2,847.45 (Stroock)<br>$71,598.50 (Navigant) | $83,478.40 | $74,445.95 |
| January 30, 2006<br>D.I. 11655 | 12/1/05 –<br>12/31/05 | $96,855.00 | $1,379.53 (Stroock)<br>$20,317.49 (Navigant) | $77,484.00 | 21,697.02 |
| March 1, 2006<br>D.I. 11921 | 1/1/06 –<br>1/31/06 | $73,383.00 | $1,810.85 (Stroock)<br>$14,124.01 (Navigant) | $58,706.40 | $15,934.86 |
| March 28, 2006<br>D.I. 12134 | 2/1/06 –<br>2/28/06 | $105,083.75 | $1,434.62 (Stroock)<br>$25,971.70 (Navigant) | $84,067.00 | $27,406.32 |
| May 2, 2006<br>D.I. 12354 | 3/1/06 –<br>3/31/06 | $145,189.50 | $2,512.81 (Stroock)<br>$25,838.37 (Navigant) | $116,151.60 | $28,351.18 |
| May 31, 2006   DI.<br>12558 | 4/1/2006 –<br>4/30/2006 | $116,817.00 | $2,141.42 (Stroock)<br>$7,425.00 (Navigant) | $93,453.60 | $9,566.42 |
| July 6, 2006<br>D.I. 12748 | 5/1/2006 –<br>5/31/2006 | $121,304.50 | $1,838.71 (Stroock)<br>$17,493.75 (Navigant) | $97,043.60 | $19,332.46 |
| August 1, 2006<br>D.I. 12899 | 6/1/2006 –<br>6/30/2006 | $94,856.50 | $1,869.66 (Stroock)<br>$38,548.75 (Navigant) | $75,885.20 | $40,418.41 |
| August 30, 2006<br>D.I. 13117 | 7/1/2006 –<br>7/31/2006 | $97,397.25 | $496.76 (Stroock)<br>$30,280.00 (Navigant) | $77,917.80 | $30,776.76 |
| October 2, 2006<br>D.I. 13336 | 8/1/2006 –<br>8/31/2006 | $131,856.25 | $98.34 (Stroock)<br>$98,317.50 (Navigant) | $105,485.00 | $98,415.84 |
| November 2, 2006<br>D.I. 13559 | 9/1/2006 –<br>9/30/2006 | $150,960.00 | $4,147.01 (Stroock)<br>$91,179.11 (Navigant) | $120,768.00 | $95,326.12 |
| November 29, 2006<br>D.I. 13838 | 10/1/06 –<br>10/31/06 | $196,223.50 | $915.14 (Stroock)<br>$147,374.20 (Navigant) | $156,978.89 | $148,289.34 |

5

NY 72893581v1

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| January 12, 2007<br>D.I. 14292 | 11/1/06 – 11/30/06 | $188,638.00 | $3,370.16 (Stroock)<br>$133,438.70 (Navigant) | $150,910.40 | $136,808.86 |
| January 29, 2007<br>D.I. 14415 | 12/1/06 – 12/31/06 | $99,832.00 | $5,752.89 (Stroock)<br>$55,245.22 (Navigant) | $79,865.60 | $60,998.11 |
| March 8, 2007<br>D.I. 14810 | 1/1/07 – 1/31/07 | $77,582.00 | $962.06 (Stroock)<br>$90,474.74 (Navigant) | $62,065.60 | $91,436.80 |
| April 10, 2007<br>D.I. 15132 | 2/1/07 – 2/28/07 | $119,140.50 | $3,092.88 (Stroock)<br>$77,301.25 (Navigant) | $95,312.40 | $80,394.13 |
| May 1, 2007<br>D.I. 15457 | 3/1/07 – 3/31/07 | $135,228.00 | $6,635.25 (Stroock)<br>$104,674.53 (Navigant) | $108,182.40 | $111,309.78 |
| June 22, 2007<br>D.I. 16136 | 4/1/07 – 4/30/07 | $177,646.00 | $815.81 (Stroock)<br>$173,437.45 (Navigant) | $142,116.80 | $174,253.26 |
| July 17, 2007<br>D.I. 16309 | 5/1/07 – 5/31/07 | $205,937.25 | $6,405.01 (Stroock)<br>$162,431.03 (Navigant) | $164,749.80 | $168,836.04 |
| August 10, 2007<br>D.I. 16528 | 6/1/07 – 6/30/07 | $225,650.50 | $5,929.97 (Stroock)<br>$200,294.81 (Navigant) | $180,520.40 | $206,224.78 |
| September 14, 2007<br>D.I. 16822 | 7/1/07 – 7/31/07 | $157,268.50 | $4,021.65 (Stroock)<br>$208,116.54 (Navigant) | $125,814.80 | $212,138.19 |
| October 1, 2007<br>D.I. 16959 | 8/1/07 – 8/31/07 | $145,866.50 | $3,354.61 (Stroock)<br>$210,152.54 (Navigant) | $116,693.20 | $213,507.15 |
| November 16, 2007<br>D.I. 17394 | 9/1/07 – 9/30/07 | $206,908.50 | $3,056.89 (Stroock) | $165,526.80 | $3,056.89 |
| December 5, 2007<br>D.I. 17548 | 10/1/07 – 10/31/07 | $288,976.50 | $22,324.58 (Stroock)<br>$325,509.63 (Navigant) | $231,181.20 | $303,185.05 |
| January 11, 2008<br>D.I. 17803 | 11/1/07 – 11/30/07 | $249,372.50 | $32,780.40 (Stroock)<br>$162,394.93 (Navigant) | $199,498.00 | $195,175.33 |
| February 1, 2008<br>D.I. 17957 | 12/1/07 – 12/31/07 | $116,522.50 | $57,717.92 (Stroock)<br>$47,444.43 (Navigant) | $93,218.00 | $105,162.35 |
| March 4, 2008<br>D.I. 18202 | 1/1/08 – 1/31/08 | $201,472.50 | $3,282.80 (Stroock)<br>$86,070.26 (Navigant) | $161,178.00 | $89,353.06 |

6

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| April 5, 2008<br>D.I. 18450 | 2/1/08 –<br>2/29/08 | $195,491.00 | $5,922.25 (Stroock)<br>$73,924.16 (Navigant) | $156,392.80 | $79,846.41 |
| April 29, 2008<br>D.I. 18639 | 3/1/08 –<br>3/31/08 | $275,659.00 | $11,217.17 (Stroock)<br>$69,201.53 (Navigant) | $220,527.20 | $80,418.70 |
| June 4, 2008<br>D.I. 18862 | 4/1/08<br>4/30/08 | $298,888.00 | $10,143.60 (Stroock)<br>$38,800.00 (Navigant) | $239,110.40 | $48,943.60 |
| July 1, 2008<br>D.I. 19032 | 5/1/08<br>5/31/08 | $138,683.50 [1] | $3,649.95 (Stroock) | $110,946.80 [2] | $3,649.95 |
| August 4, 2008<br>D.I. 19224 | 6/1/08<br>6/30/08 | $213,559.00 | $12,357.78 (Stroock)<br>$96.84 (Navigant) | $170,847.20 | $12,454.62 |
| September _, 2008<br>D.I. 19516 | 7/1/08<br>7/31/08 | $206,087.50 | $6,717.13 (Stroock)<br>$259.90 (Navigant) | $164,870.00 | $6,977.03 |
| September 30, 2008<br>D.I. 19653 | 8/1/08<br>8/31/08 | $212,928.50 | $2,326.65 (Stroock) | $170,342.80 | $2,326.65 |
| November 6, 2008<br>D.I. 19949 | 9/1/08<br>9/30/08 | $226,486.50 | $2,844.77 (Stroock) | $181,189.20 | $2,844.77 |
| December 2, 2008<br>D.I. 20168 | 10/1/08<br>10/31/08 | $270,097.00 | $10,611.52 (Stroock) | $216,077.60 | $10,611.52 |
| December 30, 2008<br>D.I. 20384 | 11/1/08<br>11/30/08 | $184,642.00 | $5,870.24 (Stroock) | $147,713.60 | $5,870.24 |
| February 3, 2009<br>D.I. 20654 | 12/1/08-<br>12/31/08 | $102,648.50 | $4,017.80 (Stroock) | $82,118.80 | $4,017.80 |
| March 3, 2009<br><br>D.I. 20906 | 1/1/09<br>1/31/09 | $114,525.00 | $2,458.44 (Stroock) | $91,620.00 | $2,458.44 |
| March 30, 2009<br>D.I. 21152 | 2/1/08<br>2/28/09 | $141,569.00 | $1,627.89 (Stroock) | $113,255.20 | $1,627.89 |
| April 29, 2009<br>D.I. 21475 | 3/01/09<br>3/31/09 | $181,006.75 | $3,270.02 (Stroock) | $144,805.40 | $3,270.02 |

---

[1]    See paragraph 10 herein.

[2]    See paragraph 10 herein.

7

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| May 29, 2009<br>D.I. 21910 | 4/01/09<br>4/30/09 | $187,588.50 | $1,545.41 (Stroock) | $150,070.80 | $1,545.41 |
| July 1, 2009<br>D.I. 22310 | 5/01/09<br>5/31/09 | $227,989.00 | $9,428.79 (Stroock) | $182,391.20 | $9,428.79 |
| August 6, 2009<br>D.I. 22709 | 6/01/09<br>6/30/09 | $238,611.25 | $5,960.91 (Stroock) | $190,889.00 | $5,960.91 |
| September 25, 2009<br>D.I. 23338 | 7/01/09<br>7/31/09 | $294,766.50 | $17,306.20 (Stroock) | $235,813.20 | 17,306.20 |
| October 5, 2009<br>D.I. 23422 | 8/01/09<br>8/31/09 | $299,544.25 | $7,237.57(Stroock)<br>$2,812.50 (Navigant) | $239,635.40 | $10,050.07 |
| November 13, 2009<br>D.I. 23759 | 9/01/09<br>9/30/09 | $349,937.50 | $20,164.05 (Stroock) | $279,950.00 | $20,164.05 |
| December 1, 2009<br>D.I. 23897 | 10/01/09<br>10/31/09 | $281,050.75 | $12,457.25 (Stroock) | $224,840.60 | $12,457.25 |
| December 30,2009<br>D.I. 24087 | 11/01/09<br>11/30/09 | $219,347.00 | $10,084.80 (Stroock) | $175,477.60 | $10,084.80 |
| January 29, 2010<br>D.I. 24211 | 12/01/09<br>12/31/09 | $117,137.00 | $3,532.36 (Stroock) | $93,709.60 | $3,532.36 |
| March 1, 2010<br>D.I. 24376 | 1/01/10<br>1/31/10 | $193,442.75 | $3,163.37 (Stroock) | $154,754.20 | $3,163.37 |
| March 30, 2010<br>D.I. 24537 | 2/01/10<br>2/28/10 | $56,435.50 | $1,668.29 (Stroock) | $45,148.40 | $1,668.29 |
| April 28, 2010<br>D.I. 24687 | 3/01/10<br>3/31/10 | $42,209.00 | $636.63 (Stroock) | $33,767.20 | $636.63 |
| May 28, 2010<br>D.I. 24859 | 4/01/10<br>4/30/10 | $44,465.00 | $265.51 (Stroock) | $35,572.00 | $265.51 |
| June 28, 2010<br>D.I. 24993 | 5/01/10<br>5/31/10 | $36,946.50 | $770.90 (Stroock) | $29,557.20 | $770.90 |
| July 28, 2010<br>D.I. 25130 | 6/01/10<br>6/30/10 | $52,374.50 | $93.68 (Stroock) | | |

8

**Quarterly Fee Applications**

| Date Filed | Period Covered | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| July 30, 2001 D.I.770 (First) | 4/12/01-6/30/01 | $369,873.75 | $19,318.00 | $369,873.75 | $19,318.75 |
| November 1, 2002 D.I.1068 (Second) | 7/1/01 – 9/31/01 | $204,923.50 | $15,015.57 | $204,923.50 | $15,015.57 |
| February 8, 2002 D.I.1658 (Third) | 10/1/01 – 12/31/01 | $329,842.00 | $21,880.90 $9,918.43[*] | $329,842.00 | $21,880.90 (Stroock) $9,918.43 (Chambers) |
| May 16, 2002 D.I.2064 (Fourth) | 01/01/02 – 03/31/02 | $267,170.20 | $6,149.76 $36,352.60* | $266,865.70 | $6,144.85 (Stroock) $22,002.76 (Chambers) |
| August 16, 2002 D.I.2557 (Fifth) | 04/01/02 – 06/30/02 | $245,259.00 | $6,784.97 $167,629.78* | $245,259.00 | $6,784.97 (Stroock) $167,629.78 (Chambers |
| November 18, 2002 D.I.3045 (Sixth) | 07/01/02 – 09/30/02 | $280,471.77 | $28,358.07 $17,814.45* | $224,534.21[3] | $28,358.07 (Stroock)[1] $17,814,45 (Chambers)[1] |
| March 25, 2003 D.I.3549 (Seventh) | 10/01/02 – 12/31/03 | $171,108.00 | $25,000.84 $1,780.75* | $136,886.40[4] | $25,000.84 (Stroock)[2] $1,780.75 (Chambers)[2] |

---

[*]   These amounts relate to the Committee's Asbestos Issues Expert.

[3]   Court Order dated March 14, 2003 approved fees in the amount of $276,535.77 and expenses in the amount of $45,477.52.

[4]   Court Order dated July 28, 2003 approved fees in the amount of $171,108.00 and expenses in the amount of $26,412.62.

9

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| May 20, 2003<br>D.I. 3815<br>(Eighth) | 1/1/03 –<br>3/31/03 | $224,358.50 | $9,424.04<br>$1,077.80* | $224,615.50[5] | $9,424.04<br>(Stroock)[3]<br>$1,077.80<br>(Chambers)[3] |
| August 29, 2003<br>D.I. 4357<br>(Ninth) | 4/1/03 –<br>6/30/03 | $215,903.50 | $2,726.28<br>$67,628.50* | $215,903.50[6] | $2,726.28<br>(Stroock)[4]<br>$67,628.50<br>(Chambers)[4] |
| December 5, 2003<br>D.I. 4778<br>(Tenth) | 7/1/03 –<br>9/30/03 | $218,222.00 | $4,339.46<br>$36,865.19* | $218,222.00[7] | $4,339.46<br>(Stroock)[5]<br>$36,865.19<br>(Chambers)[5] |
| March 2, 2004<br>D.I. 5212<br>(Eleventh) | 10/1/03 –<br>12/31/03 | $215,718.50 | $5,950.82<br>$100,349.50* | $215,718.50[8] | $5,922.67<br>(Stroock)[6]<br>$100,349.50<br>(Chambers)[6] |
| May 18, 2004<br>D.I. 5597<br>(Twelfth) | 1/1/04 –<br>3/31/04 | $254,857.00 | $9,965.36<br>$83,147.07* | $254,857.00[9] | $9,965.36<br>(Stroock)[7]<br>$83,147.07<br>(Navigant)[7] |
| August 26, 2004<br>D.I. 6269<br>(Thirteenth) | 4/1/04 –<br>6/30/04 | $353,629.50 | $7,760.42<br>$272,474.16* | $353,629.50[10] | $7,760.42<br>(Stroock)[8]<br>$272,474.16<br>(Navigant)[8] |

---

[5]   Court Order dated September 22, 2003 approved fees in the amount of $224,033.50 and expenses in the amount of $10,410.22.

[6]   Amended Court Order dated December 23, 2003 approved fees in the amount of $215,903.50 and expenses in the amount of $70,354.78.

[7]   Court Order dated April 26, 2004 approved fees in the amount of $218,222.00 and expenses in the amount of $41,204.65.

[8]   Court Order dated June 16, 2004 approved fees in the amount of $215,718.50 and expenses in the amount of $106,272.17.

[9]   Court Order dated September 27, 2004 approved fees in the amount of $254,857.00 and expenses in the amount of $93,011.96.

[10]  Court Order dated January 25, 2005 approved fees in the amount of $353,629.50 and expenses in the amount of $280,234.58.

NY 72893581v1

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| November 10, 2004 D.I. 6871 (Fourteenth) | 7/1/04 – 9/30/04 | $226,702.50 | $6,705.08 $67,569.50* | $226,702.50[11] | $6,705.08 (Stroock)[9] $67,569.50 (Navigant)[9] |
| February 22, 2005 D.I. 7851 (Fifteenth) | 10/1/04 – 12/31/04 | $653,133.20 | $25,830.19 $140,422.11* | $648,355.70[12] | $25,830.19 (Stroock)[10] $140,422.11 (Navigant)[10] |
| May 16, 2005 D.I. 8468 (Sixteenth) | 1/1/05- 3/31/05 | $352,289.50 | $12,746.23 $40,104.23* | $349,644.00 | $12,746.23 (Stroock)[13] $40,104.23 (Navigant) |
| August 19, 2005 D.I. 9225 (Seventeenth) | 4/1/-5 – 6/30/05 | $340,821.25 | $9,261.40 $54,204.34* | $340,096.25[14] | $9,261.40 (Stroock) $54,204.34 (Navigant) |
| November 18, 2005 D.I. 11118 (Eighteenth) | 7/1/05 – 9/30/05 | $291,843.50 | $8,534.71 $31,958.50* | $291,843.50[15] | $8,534.71 (Stroock) $31,958.50 (Navigant) |
| February 15, 2006 D.I. 11798 (Nineteenth) | 10/1/05 – 12/31/05 | $299,419.75 | $5,838.28 $103,498.49* | $299,419.75[16] | $5,838.69 (Stroock $103,498.49 (Navigant) |

---

[11]  Court Order dated March 22, 2005 approved fees in the amount of $226,702.50 and expenses in the amount of $74,274.58.

[12]  Court Order dated June 29, 2005 approved fees in the amount of $648,335.70 and expenses in the amount of $166,252.30.

[13]  Court Order dated September 27, 2005 approved fees in the amount of $349,644.00 and expenses in the amount of $52,850.46.

[14]  Court Order dated December 19, 2005 approved fees in the amount of $340,096.25 and expenses in the amount of $63,465.74.

[15]  Court Order dated March 24, 2006 approved fees in the amount of $291,843.50 and expenses in the amount of $40,493.21.

[16]  Court Order dated June 16, 2006 approved fees in the amount of $299,419.75 and expenses in the amount of $109,337.18.

NY 72893581v1

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| May 26, 2006 D.I. 12533 (Twentieth) | 1/1/2006 – 3/31/2006 | $323,566.25 | $5,758.28 $65,934.98* | $323,451.25[17] | $5,758.28 (Stroock) $64,810.58 (Navigant) |
| August 17, 2006 D.I. 13006 (Twenty-First) | 4/1/2006 – 6/30/2006 | $332,978.00 | $5,849.79 $63,467.50* | $332,978.00[18] | $5,849.70 (Stroock) $63,467.50 (Navigant) |
| November 29, 2006 D.I. 13835 (Twenty-Second) | 7/1/2006 – 9/30/2006 | $380,213.50 | $4,742.11 $219,776.61* | $380,213.50[19] | $4,742.11 (Stroock) $219,776.61 (Navigant) |
| March 1, 2007 D.I. 14717 (Twenty-Third) | 10/1/2007 – 12/31/07 | $484,693.50 | $10,038.19 $336,058.12* | $484,693.50[20] | $10,038.19 (Stroock) $336,058.12 (Navigant) |
| June 4, 2007 D.I. 15949 (Twenty-Fourth) | 1/1/07 - 3/31/07 | $331,950.50 | $10,690.15 $272,450.52* | $331,950.50[21] | $10,690.15 (Stroock) $272,450.52 (Navigant) |
| August 30, 2007 D.I. 16710 (Twenty-Fifth) | 4/1/2007 - 6/30/2007 | $609,233.75 | $13,150.79 $536,163.29* | $609,233.75[22] | $13,150.79 (Stroock) $536,163.29 (Navigant) |

---

[17]  Court Order dated September 25, 2006 approved fees in the amount of $323,451.25 and expenses in the amount of $71,130.16.

[18]  Court Order dated December 18, 2006 approved fees in the amount of $332,978.00 and expenses in the amount of $69,317.29.

[19]  Court Order dated May 3, 2007 approved fees in the amount of $380,213.50 and expenses in the amount of $224,518.72.

[20]  Court Order dated June 20, 2007 approved fees in the amount of $484,693.50 and expenses in the amount of $346,096.31.

[21]  Court Order dated September 24, 2007 approved fees in the amount of $331,950.50 and expenses in the amount of $283,140.67.

[22]  Court order dated December 13, 2007 approved fees in the amount of $609,233.75 and expenses in the amount of $549,314.08.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| December 12, 2007 D.I. 17625 (Twenty-Sixth) | 7/1/2007 – 9/30/2007 | $510,043.50 | $10,433.15 $418.269.08* | $508,758.50[23] | $10,433.15 (Stroock) $418,269.08 (Navigant) |
| March 5, 2008 D.I. 18222 (Twenty-Seventh) | 10/1/07 – 12/31/07 | $654,871.50 | $112,822.90 $535,348.99* | $654,871.50[24] | $112,650.85 (Stroock) $535,348.99 (Navigant) |
| May 27, 2008 D.I. 18789 (Twenty-Eighth) | 1/1/08 3/31/08 | $672,622.50 | $20,422.22 $229,195.95* | $672,622.50[25] | $20,422.22 (Stroock) $229,195.95 (Navigant) |
| August 27, 2008 D.I. 19386 (Twenty-Ninth) | 4/1/08 6/30/08 | $653,130.50 | $26,151.33 $38,896.84* | $653,130.50[26] | $26,151.33 (Stroock) $38,896.84 (Navigant) |
| December 5, 2008 D.I. 20207 (Thirtieth) | 7/1/08 – 9/30/08 | $645,502.50 | $11,888.55 $259.90* | $645,092.50[27] | $11,888.55 (Stroock) $259.90 (Navigant) |
| March 9, 2009 D.I. 20950 (Thirty-First) | 10/01/08 12/31/08 | $557,387.50 | $20,499.56 | $557,387.50[28] | $20,499.56 |
| June 1, 2009 D.I. 21937 (Thirty-Second) | 1/01/09 3/31/09 | $437,100.75 | $7,356.35 | $433,438.75[29] | $7356.35 |

---

[23]   Court order dated March 12, 2008 approved fees in the amount of $508,758.50 and expenses in the amount of $428,702.23.

[24]   Court order dated June 23, 2008 approved fees in the amount of $654,871.50 and expenses in the amount of $647,999.84.

[25]   Court order dated October 1, 2008 approved fees in the amount of $672,622.50 and expenses in the amount of $249,618.17.

[26]   Court order dated December 17, 2008 approved fees in the amount of $653,130.50 and expenses in the amount of $65,048.17.

[27]   Court order dated April 1, 2009 approved fees in the amount of $645,092.50 and expenses in the amount of $12,148.45.

[28]   Court order dated July 7, 2009 approved fees in the amount of $557,387.50 and expenses in the amount of $20,499.56.

NY 72893581v1

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| August 19, 2009<br>D.I. 22869<br>(Thirty-Third) | 4/01/09<br>6/30/09 | $654,188.75 | $16,935.11 | $653,243.75[30] | $16,935.11 |
| December 4, 2009<br>D.I. 23944<br>(Thirty-Fourth) | 7/01/09<br>9/30/09 | $944,248.25 | $44,707.82<br>$2,812.50* | $942,116.25[31] | $43,707.82<br>(Stroock)<br>$2,812.50<br>(Navigant) |
| February 16, 2010<br>D.I. 24308<br>(Thirty-Fifth) | 10/01/10<br>12/31/09 | $617,534.75 | $26,074.41 | $617,534.75[32] | $26,074.41 |
| May 20, 2010<br>D.I. 24811 | 01/01/10<br>3/30/10 | $290,697.25 | $5,468.29 | | |

---

[29]  Court order dated September 28, 2009 approved fees in the amount of $433,438.75 and expenses in the amount of $7,356.35.

[30]  Court order dated December 11, 2009 approved fees in the amount of $653,243.75 and expenses in the amount of $16,935.11.

[31]  Court order dated March 19, 2010 approved fees in the amount of $942,116.25 and expenses in the amount of $47,520.32.

[32]  Revised Court Order dated June 7, 2010 approved fees in the amount of $617,534.75 and expenses in the amount of $26,074.41.

NY 72893581v1

WR GRACE & CO
ATTACHMENT B
APRIL 1, 2010 - JUNE 30, 2010

|  | Hours | Rate | Amount | No. of Years in Position |
|---|---|---|---|---|
| **Partners** | | | | |
| Kruger, Lewis | 7.9 | $ 995 | $    7,860.50 | 40 |
| Pasquale, Kenneth | 17.5 | 875 | 15,312.50 | 20 |
| | | | | |
| **Associates** | | | | |
| Berg, Madelaine | 10.2 | 650 | 6,630.00 | 30 |
| Krieger, Arlene G. | 135.3 | 695 | 94,033.50 | 26 |
| | | | | |
| **Paraprofessionals** | | | | |
| Magzamen, Michael | 4.1 | 305 | 1,250.50 | 5 |
| Mohamed, David | 52.1 | 190 | 9,899.00 | 20 |
| Rivera, Eddie M. | 2.2 | 250 | 550.00 | 5 |
| | | | | |
| **Sub Total** | **229.3** | | **$ 135,536.00** | |
| **Less 50% Travel** | **(2.0)** | | **(1,750.00)** | |
| **Total** | **227.3** | | **$ 133,786.00** | |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 11** |
| **W. R. GRACE & CO., et al.**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |

### THIRTY-SEVENTH QUARTERLY FEE APPLICATION OF STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., et al., FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM APRIL 1, 2010 THROUGH JUNE 30, 2010

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

accordance with the Administrative Fee Order (defined below) for interim allowance of

---

[1] The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA  Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## INTRODUCTION

1.      By this application (the "Application"), Stroock seeks (i) an interim allowance of compensation for the professional services rendered by Stroock as counsel for the Committee for the period from April 1, 2010 through June 30, 2010 (the "Compensation Period") in the aggregate amount of $133,786.00 representing 170.9 hours of professional services and 58.4 hours of paraprofessional services; and (ii) the reimbursement of actual and necessary expenses incurred by Stroock during the Compensation Period in connection with its rendition of such professional and paraprofessional services for the Committee in the aggregate amount of $1,130.09.

2.      Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## BACKGROUND

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and has continued in the management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the Bankruptcy Code.  Pursuant to an order of the Court, the Debtors' chapter 11 cases have been procedurally consolidated and are being jointly administered.

4.      The Debtors operate a worldwide specialty chemicals and materials business and employ approximately 3860 full and part-time employees.  On a consolidated basis, for the fiscal

2

year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues. The Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor subsidiaries and affiliates.

5.     On April 12, 2001, the United States Trustee formed the Committee. During the first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter 11 cases. The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP (n/k/a Duane Morris LLP) ("DM&H") as its local Delaware counsel. On December 3, 2003, the United States Trustee filed a second amended notice of appointment of the Committee. On July 10, 2006, the United States Trustee filed a third amended notice of appointment of the Committee.

6.     The United States Trustee also appointed two separate official committees to represent the interests of claimants asserting asbestos-related personal injury claims (the "ACC") and asbestos-related property damage claims (the "PD Committee") against the Debtors (collectively, the "Asbestos Claim Committees"). On June 18, 2001, the United States Trustee appointed an official committee to represent the interests of equity security holders of the Debtors (the "Equity Committee").

7.     By order dated May 24, 2004, the Court authorized the appointment of a legal representative for future asbestos personal injury claimants (the "PI FCR"). By order dated

---

[2]    The Debtors' pleadings further reported that this net loss resulted in part from a $294.0 million asbestos-related charge to earnings recorded in the fourth quarter of 2000.

October 20, 2008, the Court authorized the appointment of a legal representative for future asbestos property damage claimants (the "PD FCR").

8.      By application dated May 1, 2001, Stroock sought Court approval for its retention as counsel to the Committee nunc pro tunc to April 12, 2001.  The Court signed an order approving Stroock's retention as counsel to the Committee on May 30, 2001.

9.      This is the thirty-seventh quarterly interim application Stroock has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the Committee.  This Application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, approved by the Court on May 3, 2001 as amended by order dated April 17, 2002 (collectively, the "Administrative Fee Order").

10.      In accordance with the procedures established by the Administrative Fee Order, Stroock had, at the time of filing this Application, received payment from the Debtors for 80% of the fees and 100% of Stroock's expenses requested, and not objected to, in the April 2010 and May 2010 fee statements.  Stroock has not received payment for the fees and expenses requested in the June 2010 fee statement for which a certificate of no objection has not yet been filed. Applicant has received no other payments and no promises for payment from any source for services rendered in connection with these cases for the months encompassing this Compensation Period other than as immediately set forth above.  There is no agreement or understanding between the Applicant and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

4

11.      As stated in the Affidavit of Kenneth Pasquale, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

## SUMMARY OF SERVICES RENDERED

12.      Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates.   The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

13.      Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee.   Such time records were made contemporaneously with the rendition of services by the person rendering such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2006.  A compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Compensation Period is annexed hereto as Exhibit "B".  In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services.

NY 72893581v1

14.     Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection.  A schedule of the categories of expenses and amounts for which payment is requested is annexed hereto as Exhibit "D".

15.     Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

16.     The following summary of the services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B".  Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention.

### Claim Analysis Objection, Resolution & Estimation (Asbestos) -- Category 0003

17.     As reflected in prior compensation applications, in mid-November 2004, the Debtors filed a reorganization plan and numerous related pleadings including their motion seeking the estimation of asbestos claims and the establishment of a schedule and procedures for carrying out the estimations (the "Estimation Motion"), and their motion to establish post-confirmation litigation protocols for liquidating asbestos claims.

18.     The Court subsequently approved a form of case management order to govern the pre-confirmation estimation of asbestos personal injury claims (the "PI CMO") and several

6

amendments thereto (the "Amended PI CMOs") and the related form of questionnaire (the

"Questionnaire") to be used by asbestos personal injury claimants who had commenced pre-

petition litigation against the Debtors (the "PI Pre-Petition Litigation Claimants"), and two case

management orders for property damage claims (as amended, the "PD CMOs"); one to govern

the Debtors' claims objection process and the other to govern the pre-confirmation estimation of

property damage claims ("PD Claims"). The Amended PI CMOs established pre-trial dates and

deadlines and trial dates to govern the estimation of asbestos personal injury claims (the "PI

Estimation"). The PI Estimation trial commenced in January 2008.

19. On April 7, 2008, the Debtors informed the Court that they had reached an

agreement with the ACC, the PI FCR and the Equity Committee (collectively, the "Plan

Proponents") on a resolution of the Debtors' present and future asbestos liabilities (the

"Proposed PI Resolution") and made public a term sheet (the "Term Sheet") setting forth terms

of such parties' proposed treatment of classes of claims and equity holders to be embodied in a

plan of reorganization to be filed with the Court. As a result of the Proposed PI Resolution of the

Debtors' asbestos personal injury liabilities (the "Proposed Asbestos Resolution"), the PI

Estimation trial was suspended, subject to being restarted if the Proposed PI Resolution fell apart

or a plan embodying the Term Sheet was not confirmed. The Debtors and the Plan Proponents

filed a plan embodying the Term Sheet and a related disclosure statement on September 19,

2008. By order dated March 9, 2009, the Court approved, inter alia, a disclosure statement, as

amended, as containing adequate information, and established the solicitation and confirmation

processes and procedures with respect to the Plan Proponents' first amended joint plan (the

"Plan"). The confirmation trial was held during prior compensation periods.

NY 72893581v1

20.    During the prior compensation period, in connection with the Debtors' resolution of outstanding PD and PI Claims and the Plan Proponents' resolution of objections to the Plan, the Debtors filed numerous motions seeking approval of settlements with Canadian PD Claims and filed a separate motion seeking approval of a settlement with one of Grace's pre-petition insurers regarding the parties' respective rights and obligations under excess insurance policies.

21.    The Debtors continued to seek approval for the proposed resolutions of outstanding PI Claims and objections to Claims during this Compensation Period.  As reflected in this category and elsewhere in the Application, Stroock reviewed these settlement motions, the underlying agreements and related materials, including those with Employers Mutual Casualty Co., Harper Insurance Ltd., North Star Reinsurance Corp. and Munich Reinsurance, sought and reviewed additional information obtained from counsel for the Debtors, as applicable, and prepared memoranda for the Committee discussing the settlements.  In addition, during this Compensation Period, Stroock reviewed the pleadings filed in opposition to the Claims asserted by Maryland Casualty Company and MCC's responses in opposition thereto.  Stroock has expended 8.4 hours on this category for a fee of $6,072.00.

### Business Operations -- Category 0013

22.    During this Compensation Period, Stroock reviewed, provided comment on and discussed several reports for the Committee with Capstone, including Capstone's reports on Grace's 2009 performance and 2010 Business Plan, and results of operations for the first quarter of 2010, and Capstone's report on Grace Brasil's acquisition of a concrete and cement additive business.  Stroock has expended 7.6 hours on this category for a fee of $5,636.00.

### Case Administration -- Category 0014

23.     As reported in prior monthly compensation applications, these chapter 11 cases were reassigned to District Court Judge Alfred Wolin in November 2001 and referred to Bankruptcy Court Judge Judith Fitzgerald, and then reassigned to District Court Judge Ronald L. Buckwalter following Judge Wolin's recusal from these cases.

24.     During this Compensation Period, Stroock continued to closely monitor the items on the Court's general chapter 11 docket for these cases, as well as those dockets relating to pending adversary proceedings and appeals, to ensure that the Committee was fully informed about all pending motions, adversary proceedings and appeals and that Stroock would be ready to timely respond on behalf of the Committee, as might be applicable.  Stroock continued to engage Debtors' counsel and Capstone on an on-going basis with respect to pending matters and information requests.  Stroock has expended 35.3 hours on this category for a fee of $7,238.50.

### Claims Analysis, Objection and Resolution (Non-Asbestos) -- Category 0015

25.     As reported in the prior compensation application, the Debtors filed a motion seeking to establish a protocol to address nearly 7,000 claims filed by former and current employees and beneficiaries thereof who receive benefits under certain of the Debtors' existing benefit programs.  Stroock reviewed the motion and the proposed form of notice and communicated proposed clarifications and modifications to the terms of the protocol to Debtors' counsel.  During this Compensation Period, Stroock discussed with Debtors' counsel the status of the motion and responses received, and a related matter.  In addition, during this Period, the Debtors filed stipulations embodying claim settlements they reached with Standard Chain Company and Gloria Munoz .  Stroock reviewed these stipulations, and communicated with Debtors' counsel requesting additional information to support the settlements, raising a notice

9

issue and as reflected in this category and elsewhere in this Application, prepared memoranda for the Committee discussing these proposed claim resolutions. Stroock has expended 3.2 hours on this category for a fee of $2,224.00.

## Committee, Creditors' Noteholders' or Equity Holders' -- Category 0017

26.     During this Compensation Period, Stroock communicated with the full Committee and its members through memoranda. In order to keep the Committee fully informed of all of the pending matters in these cases, and thus enable the Committee to take informed positions on those issues, Stroock reviewed and summarized the motions, other pleadings and notices filed by the Debtors and other parties in interest in these cases and the objections and responses filed, raised issues the Committee should be aware of, made recommendations to the Committee concerning appropriate actions to be taken with regard to the pleadings and communicated with members of the Committee regarding the positions to be taken. In addition, Stroock engaged counsel and other representatives for the Debtors, with the Committee's questions, concerns and comments, negotiated whenever and to the extent possible consensual resolutions of outstanding issues and acceptable forms of proposed orders, stipulations and settlement agreements.

27.     During this Compensation Period, Stroock prepared memoranda for the Committee addressing, among other matters, (a) the proposed separate settlements reached with a number of their pre-petition insurance companies, including Employees Mutual Casualty Company, North Star Reinsurance Corporation and Harper Insurance Ltd., (b) the separate proposed stipulations entered into with Standard Chain Company, Gloria Munoz and the several claimants referred to as the Grau Parties, resolving their respective claims against the Debtors' estates and (c) the proposed Consent Decree entered into with the United States Environmental Protection Agency (the "EPA") and other settling parties with respect to the Blackburn and

10

Union Privileges Superfund Site, and the proposed Administrative Consent Order entered into

with the EPA and Oldon Limited Partnership ("Oldon") with respect to the Zonolite/W.R. Grace

Easthampton Site in Walpole, Massachusetts and related stipulations with Oldon and the City of

Easthampton.  Stroock also prepared memoranda for the Committee discussing the hearings held

before the Court during the Compensation Period.

28.    Through its correspondence and communication with the Committee, Stroock has

assisted the Committee in fulfilling its statutory duties to make informed decisions and express

the Committee's views regarding the issues which arise in these cases, to participate in those

proceedings and matters and in the confirmation of a plan providing appropriate treatment for the

creditors represented by the Committee.  Stroock has expended 54.2 hours on this category for a

fee of $39,025.00.

### Fee Application, Applicant -- Category 0018

29.    During this Compensation Period, Stroock prepared its fee statements for the

months of March 2010, April 2010 and May 2010 and related notices, affidavits of service and

certifications of no objection where applicable.  Stroock also prepared its Thirty-Sixth Quarterly

Fee Application covering the period from January 1, 2010 through March 31, 2010 (the "prior

compensation application"), including a narrative section summarizing the services rendered

during that period by Stroock and numerous fee and expense schedules, as required by the

Administrative Fee Order entered by the Court.  Stroock has expended 28.0 hours on this

category for a fee of $12,772.00.

11

**Creditor Inquiries -- Category 0019**

30.     During this Compensation Period, Stroock responded to inquiries from unsecured creditors with respect to the treatment of Class 9 claims, the proposed confirmation order filed by the Plan Proponents and the status of these cases.  Stroock has expended 3.4 hours on this category for a fee of $2,951.00.

**Fee Application, Others -- Category 0020**

31.     During this Compensation Period, Stroock prepared notices, affidavits of service and certifications with respect to Capstone's monthly fee statements for the months of January 2010, February 2010, March 2010, and April 2010 and with respect to Capstone's 25th quarterly interim fee application.  Stroock also attended to the Debtors' statement of ordinary course professionals' compensation and fee applications of other professionals retained in these cases. Stroock has expended 11.7 hours on this category for a fee of $3,334.00.

**Employee Benefits, Pension -- Category 0021**

32.     As reported in prior compensation applications, the Debtors had been discussing with the representatives of its official Committees and future claimants' representatives the review they had undertaken of their pension plans for salaried employees and of the implementation of the previously proposed defined contribution plan for new hires.  During this Compensation Period, Stroock prepared for and participated in a conference call with representatives for the Debtors and other parties in interest during which the Debtors' representatives discussed the status of their review of pension plan alternatives and issues. Subsequently, Debtors' representatives circulated a study prepared by their pension actuary, AON Consulting.  Stroock reviewed the Plan Design Study and discussed it with Capstone. Stroock also reviewed and discussed with Capstone its memoranda to the Committee addressing

the Debtors' pending motions seeking to (i) implement another long term incentive program, this one covering the 2010 to 2013 period and (ii) make contributions to the Debtors' pension plans. Stroock has expended 9.5 hours on this category for a fee of $6,602.50.

## Environmental Matters/Regulations/Litigations – Category 0022

33.     During the Compensation period, the Debtors filed two motions; one seeking approval for a Consent Decree with the EPA regarding the resolution of claims and remediation of the Blackburn and Union Privileges Superfund Site in Walpole, MA. and another seeking approval for an Administrative Settlement and Consent Order with the EPA and Oldon and two related stipulations with Oldon and the City of Easthampton regarding the treatment of claims and remediation of the Zonolite/Grace Easthampton, MA site.  Stroock reviewed the motions, the agreements, stipulations and related documentation, and requested additional information to enable the Committee to evaluate the proposed settlements.  Stroock also discussed the proposed settlements with Debtors' representatives and requested modifications to the proposed forms of the orders.  The Debtors also filed notice seeking approval of a proposed settlement of claims and litigation with the Grau Parties with respect to contaminated property in Wilder, Kentucky. Stroock reviewed the proposed settlement and related documentation, requested additional information from, and discussed open issues and questions on the settlement with, the Debtors' counsel.  As reflected elsewhere in this Application, Stroock prepared memoranda for the Committee discussing each of these matters.  Stroock expended 42.9 hours on this category for a fee of $29,410.50.

## Travel – Non Working -- Category 0035

34.     Stroock's fees in this category during this Compensation Period relate to Stroock attorneys traveling to and from an omnibus hearing before Judge Fitzgerald in Wilmington, DE

13

on April 19, 2010, during which a status conference was held on Plan confirmation issues.
Stroock has expended 4.0 hours on this category for a fee of $3,500.00, for which Stroock is
seeking payment in the amount of $1,750.00.

### Plan and Disclosure Statement -- Category 0036

35.      As reported in prior compensation applications, in September 2008, the Debtors
filed a plan of reorganization embodying the Proposed PI Resolution and the Term Sheet the
Debtors reached with the Plan Proponents.  Stroock reviewed the drafts of the plan and related
exhibits, the disclosure statement and the solicitation–related materials focusing on those terms
and provisions affecting the treatment of general unsecured creditors in Class 9, and
communicated with the Committee and Capstone regarding these documents.  The Court
approved an amended disclosure statement (the "Disclosure Statement") corresponding to the
first amended plan of reorganization dated February 27, 2009 (the "Plan") and solicitation
procedures, and creditors and equity holders voted on the Plan and filed objections to
confirmation.  Stroock prepared and filed objections to confirmation of the Plan on behalf of the
Committee, and participated in the Phase I hearings and Phase II confirmation trial that took
place during the prior compensation periods.  All of the closing arguments on confirmation
issues took place during the prior compensation period.

36.      During the status conference held during this Compensation Period on
confirmation of the Plan, the Debtors obtained authorization from the Court to file a proposed
form of Confirmation Order.  Thereafter, the Plan Proponents filed a proposed confirmation
order with the Court, which Stroock reviewed.   In addition, during this Compensation Period,
Stroock reviewed certain materials relating to confirmation issues.  Stroock expended 12.8 hours
on this category for a fee of $10,204.00.

NY 72893581v1

**Hearings -- Category 0037**

37.     During the Compensation Period, Judge Fitzgerald held two omnibus hearings; one held in Wilmington, DE and the other held telephonically.  Stroock reviewed each of the agenda notices, all relevant pleadings and Plan-related documents and submissions in advance of these hearings, prepared for and attended the hearings, and argued positions on behalf of the Committee, as appropriate.  As reflected elsewhere in the Application, Stroock prepared memoranda for the Committee informing it of the matters addressed during the hearings and the comments and rulings made by the Court.  Stroock expended 8.3 hours on this category for a fee of $6,566.50.

## FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

38.     The factors to be considered in awarding attorneys fees have been enumerated in In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547 F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts.  Stroock respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

> The Time and Labor Required.  The professional services rendered by Stroock on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the complex issues encountered by the Committee with skill and dispatch.  Occasionally, Stroock has been required to perform these services under significant time constraints requiring work late into the evening and on weekends.  The

15

services rendered by Stroock were performed efficiently, effectively and economically.

The Novelty and Difficulty of Questions.  Novel and complex issues have already arisen in the course of these Chapter 11 cases, and it can be anticipated that other such issues will be encountered.  In this case, as in many others in which the firm is involved, Stroock's effective advocacy and creative approach have helped clarify and resolve such issues and will continue to prove beneficial.

The Skill Requisite to Perform the Legal Services Properly.  Stroock believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Stroock's practice, and its creative approach to the resolution of issues, are and will continue to contribute to the maximization of the distributions to the Debtors' unsecured creditors.

The Preclusion of Other Employment by Applicant Due to Acceptance of the Case.  Due to the size of Stroock's insolvency department, Stroock's representation of the Committee has not precluded its acceptance of new clients.  However, the volume of the matters needing attention on a continuing basis has required several of the attorneys to commit significant portions of their time to these cases.

The Customary Fee.  The fee sought herein is based upon Stroock's normal hourly rates for services of this kind.  Stroock respectfully submits

that the fee sought herein is not unusual given the magnitude and complexity of these cases and the time expended in attending to the representation of the Committee, and is commensurate with fees Stroock has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

Whether the Fee is Fixed or Contingent.  Pursuant to §§ 330 and 331 of the Bankruptcy Code, all fees sought by professionals employed under § 1103 of the Code are contingent pending final approval by this Court, and are subject to adjustment dependent upon the services rendered and the results obtained.

Time Limitations Imposed by Client or Other Circumstances.  As already indicated, Stroock has attended to the various issues arising in these cases. Occasionally, Stroock has had to perform those services under significant time constraints requiring attorneys assigned to these cases to work evenings and on weekends.

The Amount Involved and Results Obtained.  Through the efforts of Stroock, the Committee has been an active participant in these Chapter 11 cases from the very first days of its formation, and its assistance, as well as constructive criticism, has greatly contributed to the efficient administration of these cases.

The Experience, Reputation and Ability of the Attorneys.  Stroock has one of the largest and most sophisticated insolvency practices in the nation and

has played a major role in numerous cases of national import including:
Acme Metals, Inc., Hillsborough Holdings Corporation, Laclede Steel
Company, Gulf States Steel, Inc. of Alabama, The LTV Corporation,
Wheeling-Pittsburgh Steel Corporation, Allis-Chalmers Corporation, The
Charter Company, Federated Department Stores, G. Heileman Brewing
Company, Inc., Burlington Motor Holdings, Inc., Metallurg, Inc.,
Forstmann & Company, Inc., Barneys, Inc., Fruehauf Trailer Corporation,
Levitz Furniture Incorporated, The Columbia Gas System, Inc., JWP, Inc.,
Flushing Hospital and Medical Center, Planet Hollywood International,
Anchor Glass Container Corporation, Beloit Corporation in the
Harnischfeger Industries Chapter 11 Cases, RSL COM U.S.A. Inc, USG
Corporation, Formica Corp. Galey & Lord, Inc. and DESA Holdings.
Stroock's experience enables it to perform the services described herein
competently and expeditiously.  In addition to its expertise in the area of
corporate reorganization, Stroock has already frequently called upon the
expertise of its partners and associates in the litigation, ERISA, tax,
environmental and intellectual property law areas to perform the wide
ranging scope of the legal work necessitated by these cases.

The "Undesirability" of the Case.  These cases are not undesirable, but as
already indicated, have required a significant commitment of time from
several of the attorneys assigned hereto.

NY 72893581v1

Nature and Length of Professional Relationship.  As described above, Stroock has been actively rendering services on behalf of the Committee as necessary and appropriate from April 12, 2001 through to the present.

## ALLOWANCE OF COMPENSATION

39.    The professional services rendered by Stroock required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

40.    With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services rendered by [such] . . . professional person.  11 U.S.C. § 330.  Section 330 further states that the court should take into consideration, inter alia, the nature, extent, and value of services performed, as well as the cost of comparable services other than in a case under this title.  Id. The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

41.    The total time spent by Stroock attorneys and paraprofessionals during the Compensation Period for which Stroock seeks payment was 229.3 hours.  Such services have a

NY 72893581v1

fair market value of $133,786.00. The work involved, and thus the time expended, was carefully assigned in light of the experience, expertise and familiarity with the issues in these cases required for a particular task.

42.    As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time. Attached hereto as Exhibit "C" are summaries of the hours expended by the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services.

43.    In addition, Stroock incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $1,130.09 for which Stroock respectfully requests reimbursement in full. The disbursements and expenses have been incurred in accordance with Stroock's normal practice of charging clients for expenses clearly related to and required by particular matters. Stroock has endeavored to minimize to the fullest extent possible those expenses incurred to enable Stroock to devote time beyond normal office hours to matters that imposed extraordinary time demands. Attached hereto as Exhibit "D" is a summary chart reflecting each category of disbursement for which Stroock seeks reimbursement.

44.    Stroock's billing rates do not include charges for photocopying, telephone and telecopy toll charges, computerized research, travel expenses, "working meals", secretarial overtime, postage and certain other office services, because the needs of each client for such services differ. Stroock believes that it is fairest to charge each client only for the services actually used in performing services for it. Stroock has endeavored to minimize these expenses to the fullest extent possible.

NY 72893581v1

45.     Stroock charges $.10 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions.  Stroock does not charge for incoming facsimiles.

46.     No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

47.     Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

48.     No prior application has been made in this or in any other Court for the relief requested herein for the Compensation Period other than as set forth herein.

**[Remainder of Page Left Intentionally Blank]**

NY 72893581v1

**WHEREFORE**, Stroock respectfully requests, pursuant to the Administrative Fee Order: (a) the allowance of compensation for professional services rendered to the Committee during the period from April 1, 2010 through and including June 30, 2010 in the amount of $133,786.00, for which Stroock seeks payment; (b) the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from April 1, 2010 through and including June 30, 2010 in the amount of $1,130.09; and an order authorizing and directing the Debtors to pay to Stroock each of the amounts set forth in (a), (b) and (c) of this WHEREFORE clause (to the extent not already paid pursuant to the Administrative Fee Order); and granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      August 17, 2010

STROOCK & STROOCK & LAVAN LLP

_____
Lewis Kruger
Kenneth Pasquale
Members of the Firm
180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400
Co-Counsel for the Official Committee of
Unsecured Creditors of W. R. Grace & Co., et al.