IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date: September 13, 2010, at 10:30 a.m. |
| | ) | Objection Deadline: August 27, 2010 |
| | ) | Re: Docket nos. 25057, 25044 & 24991 |
| | ) | |

## OBJECTION TO MOTION OF JAMES P. MCGUIRE FOR RECONSIDERATION OF DISALLOWANCE OF EMPLOYEE CLAIM NO. 12926

By a letter dated July 6, 2010, James P. McGuire renewed his opposition to the disallowance of his Employee Claim no. 12926, which the Court disallowed on July 3, 2010.[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] On July 3, 2010, the Court entered is the *Order Disallowing Employee Claims (Substantive)* (docket no. 25044) (the "Employee Claims Disallowance Order"). Mr. McGuire's letter of July 6, 2010 is hereinafter the "7/6/10 McGuire Letter", docket no. 25057, a redacted copy of which is attached hereto as Exhibit B.

Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the *Twenty-Eighth Omnibus Objection to Employee Claims (Substantive Objection)* (docket no. 24363) (the "Employee Claims Objection"), the Employee Claims Disallowance Order, the *Order Approving Employee Benefits Claim Resolution Protocol*, docket no. 24304) or the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594 and 24657 (the "Plan").

The 7/6/10 McGuire Letter states that Mr. McGuire did "NOT agree to the disallowance of [his] claim for disability income".

Mr. McGuire renewed his opposition after initially agreeing to not oppose the disallowance of his Employee Claim based upon his understanding that this proposed disallowance would not affect any of his Applicable Employee Benefits.[3] Higgins Affidavit at ¶¶ 1, 3-4. The Debtors' books and records indicate that Mr. McGuire has Applicable Employee Benefits in the form of two separate pension benefits that Mr. McGuire has been receiving since approximately 1997. Id. at ¶ 2. Mr. McGuire has asserted to Grace that he is entitled to an additional disability benefit. McGuire Written Response.[4] This additional claim for a disability benefit remains unresolved. Id. at 4-6.

The Debtors are treating Mr. McGuire's letter as a motion by Mr. McGuire for reconsideration for disallowance of his Employee Claim no. 12926 (the "Motion", docket no. 25057).

The Debtors respectfully submit that, as specifically set forth in the Employee Claims Disallowance Order, all of Mr. McGuire's Applicable Employee Benefits remain unaffected by the disallowance of his Employee Claim. That includes the unresolved issue of Mr. McGuire's assertion that he is entitled to a disability benefit. The Debtors will attempt to consensually resolve this particular matter with Mr. McGuire, but he will remain free to pursue whatever remedies he sees fit to pursue in the event that the matter cannot be resolved consensually (and the Debtors will be free to assert whatever non-bankruptcy defenses they are entitled to assert).

---

[3] The Higgins Affidavit is the *Affidavit of Roger J. Higgins Supporting Objection to Motion of James P. McGuire for Reconsideration for Disallowance of Employee Claim No. 12926*, which attached hereto as Exhibit C.

[4] The "McGuire Written Response" is a letter from Mr. McGuire, dated April 7, 2010, a redacted copy of which is attached hereto as Exhibit D.

The Debtors therefore request that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u> denying the Motion and sustaining the disallowance of his Employee Claim no. 12926.

## BACKGROUND & ANALYSIS

1. On February 25, 2010, the Debtors filed their Employee Claims Objection to approximately 6,675 Employee Claims for Applicable Employee Benefits. As the Court is aware, each employee or former employee (in each case, as of the Petition Date) has been receiving all his or her Applicable Employee Benefits since the Petition Date (and will continue to do so for the pendency of the Debtors' chapter 11 cases). All such Applicable Employee Benefits will remain unaffected after the conclusion of the chapter 11 cases, because the Plan contemplates that the Reorganized Debtors will assume all Grace Benefit Programs when the Plan is consummated.

2. The Objection set April 16, 2010, as the date by which "Written Responses" to the proposed disallowance of Employee Claims were to be received. The Debtors received approximately ten Written Responses, one of which was the McGuire Written Response.[5] The Employee Claims Objection set June 25, 2010, as the deadline by which the Debtors had to file a report concerning the Written Responses and the disposition thereof.

3. On or about June 24, 2010, Roger Higgins, one of the bankruptcy counsel for the Debtors, had a telephonic conference with Mr. McGuire, during the course of which Mr. Higgins explained to Mr. McGuire that, as set forth in the *Notice of Objection to and Treatment of Employee Claims* served on Mr. McGuire on or about March 1, 2010, the disallowance of Mr. McGuire's Employee Claim would not affect Mr. McGuire's Applicable Employee Benefits.

---

[5] One additional telephonic response was received, and that matter was resolved by stipulation, as reported in the Certificate of Counsel.

(A redacted copy of this notice is attached hereto as Exhibit E.) During the telephone conference, Mr. McGuire acknowledged that his pension benefit, which he had been receiving since approximately 1997, would be unaffected by the disallowance of his Employee Claim. But Mr. McGuire expressed concern about preserving his claim against Grace for a disability income benefit. Mr. McGuire stated that he had been in contact with Grace's Employee Service Center concerning the issue. Higgins Affidavit at ¶ 3.

4. Mr. Higgins explained to Mr. McGuire that the disallowance of his Employee Claim would not affect his eligibility for any such disability benefit, because his eligibility (if any) for such benefits did not turn on any bankruptcy considerations. Mr. Higgins told Mr. McGuire that he would have to continue to work with the Grace Employee Service Center to further pursue his claim. Mr. McGuire acknowledged his understanding that neither his pension benefit nor his claim for a disability benefit would be affected by the disallowance of his Employee Claim. He also asked to receive a copy of his original proof of claim and copies of any correspondence from him to the Grace Employee Center relating to his disability benefit claim. Mr. McGuire then stated that he was no longer objecting to the proposed disallowance of his Employee Claim. Id. at ¶ 4.

5. On June 24, 2010, counsel for the Debtors sent a letter to Mr. McGuire confirming that he was no longer opposing the proposed disallowance of his claim. *Letter dated June 24, 2010, from Roger J. Higgins, bankruptcy counsel for the Debtors, to James P. McGuire*, a redacted copy (without enclosures) of which is attached hereto as Exhibit F. The letter once again reiterated that Mr. McGuire's Applicable Employee Benefits would not be affected by the proposed disallowance of his Employee Claim. On June 25, 2010, the Debtors filed their *Certificate of Counsel Regarding Order Granting Relief Sought by the Debtors' Twenty-Eighth*

*Omnibus Objection to Employee Claims (Substantive) and Report Containing Written Responses to Same and Resolutions Thereof* (docket no. 24991) (the "<u>Certificate of Counsel</u>"). The Certificate of Counsel contained a representation that there were no unresolved oppositions or any other unresolved objections to entry of the Employee Claims Disallowance Order.

6. On June 28, 2010, Mr. Higgins received a telephone call from Mr. McGuire, who stated that he wanted to renew his opposition to the disallowance of his Employee Claim. Mr. Higgins told Mr. McGuire that, based upon Mr. McGuire's statement on June 24 that he was no longer opposing the disallowance of his Employee Claim, the Debtors had filed the Certificate of Counsel on June 25, 2010. Mr. Higgins also stated to Mr. McGuire that, if Mr. McGuire wished to proceed with his opposition, then the Debtors would withdraw the Certificate of Counsel and inform the Court that Mr. McGuire was renewing his opposition. Mr. Higgins further stated that the Debtors intended to go forward with the Employee Claims Objection at the July 14, 2010, hearing. Mr. McGuire was yet again assured that the disallowance of his Employee Claim would not affect any eligibility he may have for disability benefits in addition to his ongoing pension benefits. Mr. McGuire stated that he was satisfied that he understood that his Applicable Employee Benefits would not be affected by the disallowance of his Employee Claim, and he further stated that he once again no longer opposed the disallowance of his Employee Claim. Higgins Affidavit at ¶ 6.

7. On July 6, 2010, Mr. McGuire sent the 7/6/10 Letter to Chambers, with copies to Debtors' counsel and the Grace Employee Service Center. On July 12, 2010, the Court entered the letter on the docket.

8. On July 30, 2010, counsel for the Debtors sent a letter to Mr. McGuire (the "<u>7/30/10 Letter</u>", a redacted copy without enclosures of which is attached hereto as <u>Exhibit G</u>).

The 7/30/10 Letter explained to Mr. McGuire that the Debtors were treating the 7/6/10 Letter as a motion for reconsideration of the disallowance of his Employee Claim. The 7/30/10 Letter further stated that the Debtors intended to file, on or before August 27, 2010, a responsive pleading asking the Court to deny Mr. McGuire's Motion and to sustain the disallowance of Mr. McGuire's Employee Claim. In addition, the 7/30/10 Letter also gave Mr. McGuire information concerning the hearing and procedures for appearing telephonically.

9. The letter then discussed the effect of the disallowance of Mr. McGuire's Employee Claim:

> The disallowance of your Employee Claim also does not affect—one way or another—any right you may have to receive any other Applicable Employee Benefits to which you may be entitled, including but not limited to certain disability benefits that you have asserted you are entitled to receive based upon your employment by Grace or its subsidiaries in the early 1990's.

Finally, the letter stated:

> Grace will represent to the Bankruptcy Court that Grace will not use the disallowance of your Employee Claim as a basis upon which to oppose your right to seek such disability benefits in the appropriate forum. Grace does, however, retain the right to assert any other defenses at its disposal, including but not limited to any applicable statutes of limitation.

10. The Debtors therefore respectfully request the Court deny Mr. McGuire's Motion to Reconsider and sustain the disallowance of his Employee Claim no. 12926.

### NO BRIEFING SCHEDULE

11. The Debtors respectfully submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Del. Bankr. L.R. 1001-1(b), the

Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

## NOTICE

12. Notice of this Motion has been given to: (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) James P. McGuire. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**[nothing further on this page]**

91100-001\DOCS_DE:162811.1

Wherefore, the Debtors respectfully request the Court deny the *Motion of James P. McGuire for Reconsideration for Disallowance of Employee Claim No. 12926* (docket no. 25057), sustain the disallowance of Employee Claim no. 12926 and grant such other relief as may be appropriate.

Dated: August 17, 2010

KIRKLAND & ELLIS LLP
Theodore L. Freedman
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

And

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

And

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(302) 652-4100
(302) 652-4400
Co-Counsel for the Debtors and Debtors-in-Possession