**E**XHIBIT **C**

**Higgins Affidavit**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hearing Date: September 13, 2010, at 10:30 a.m. |
| | ) Objection Deadline: August 27, 2010 |
| | ) Re: Docket nos. 25057, 25044 & 24991 |
| | ) |

---

### AFFIDAVIT OF ROGER J. HIGGINS IN SUPPORT OF OBJECTION TO MOTION OF JAMES P. MCGUIRE FOR RECONSIDERATION OF DISALLOWANCE OF EMPLOYEE CLAIM NO. 12926

---

| | | |
|---|---|---|
| STATE OF Illinois | ) | |
| | ) | ss. |
| COUNTY OF Cook | ) | |

1.      I, Roger J. Higgins, am of counsel at the Law Offices of Janet S. Baer, P.C.,

which has been retained as section 327(e) bankruptcy counsel to the Debtors.  I am attorney at

law admitted to practice in the State of Illinois.  I am make this affidavit based upon personal

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

knowledge or knowledge made known to me by the Debtors regarding the *Objection to Motion of James P. McGuire for Reconsideration of Disallowance of Employee Claim no. 12926* (the "Objection"), to which this is affidavit is attached as Exhibit C, the letter of James P. McGuire dated July 6, 2010, which was docketed by the Court at docket no. 25057, the Employee Claims Disallowance Order and the Employee Claims Objection.[2]

2.      Upon information and belief, Mr. McGuire is receiving benefits from two separate pensions called the Amicon and Salaried Plan pensions, in the amounts of $55.34 and $281.72 per month, respectively.  Both plans are single life annuities, and Mr. McGuire has been receiving these benefits since about 1997.

3.      On or about June 24, 2010, I had a telephonic conference with Mr. McGuire, during the course of which I explained to Mr. McGuire that, as set forth in the *Notice of Objection to and Treatment of Employee Claims* served on Mr. McGuire on or about March 1, 2010, the disallowance of Mr. McGuire's Employee Claim would not affect Mr. McGuire's Applicable Employee Benefits.   (A copy of this notice is attached as Exhibit E to the Objection.) During the telephone conference, Mr. McGuire acknowledged that his pension benefit would be unaffected by the disallowance of his Employee Claim.  Mr. McGuire also expressed concern about preserving his claim against Grace for a disability income benefit.  Mr. McGuire stated that he had been in contact with Grace's Employee Service Center concerning the issue.

---

[2]    The "Employee Claims Disallowance Order" is the *Order Disallowing Employee Claims (Substantive)* (docket no. 25044).  Mr. McGuire's letter of July 6, 2010 is hereinafter the "7/6/10 McGuire Letter", docket no. 25057, a redacted copy of which is attached as Exhibit B to the Objection.

Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the *Twenty-Eighth Omnibus Objection to Employee Claims (Substantive Objection)* (docket no. 24363) (the "Employee Claims Objection"), the Employee Claims Disallowance Order, the *Order Approving Employee Benefits Claim Resolution Protocol*, docket no. 24304) or the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594 and 24657 (the "Plan").

4.    I explained to Mr. McGuire that the disallowance of his Employee Claim would not affect his eligibility for any such disability benefit, because his eligibility (if any) for such benefits did not turn on any bankruptcy considerations. I told Mr. McGuire that he would have to continue to work with the Grace Employee Service Center to further pursue his claim. Mr. McGuire acknowledged his understanding that neither his pension benefit nor his claim for a disability benefit would be affected by the disallowance of his Employee Claim. He also asked to receive a copy of his original proof of claim and copies of any correspondence from him to the Grace Employee Center relating to his disability benefit claim. Mr. McGuire then stated that he was no longer objecting to the proposed disallowance of his Employee Claim.

5.    On June 24, 2010, I sent letter to Mr. McGuire confirming that he was no longer opposing the proposed disallowance of his claim, a redacted copy of which is attached as <u>Exhibit</u> <u>F</u> to the Objection.

6.    On June 28, 2010, I received a telephone call from Mr. McGuire, who stated that he wanted to renew his opposition to the disallowance of his Employee Claim. I told Mr. McGuire that, based upon his statement on June 24 that he was no longer opposing the disallowance of his Employee Claim, the Debtors had filed the Certificate of Counsel on June 25, 2010. I also stated to Mr. McGuire that, if Mr. McGuire wished to proceed with his opposition, then the Debtors would withdraw the Certificate of Counsel and inform the Court that Mr. McGuire was renewing his opposition. I further stated that the Debtors intended to go forward with the Employee Claims Objection at the July 14, 2010, hearing. Mr. McGuire was yet again assured that the disallowance of his Employee Claim would not affect any eligibility he may have for disability benefits in addition to his ongoing pension benefits. Mr. McGuire stated that he understood that his Applicable Employee Benefits would not be affected by the

disallowance of his Employee Claim, and he further stated that he once again no longer opposed the disallowance of his Employee Claim.

7.      On July 30, 2010, I sent a letter to Mr. McGuire, a redacted copy of which is attached as Exhibit G to the Objection.

8.      I have reviewed the foregoing affidavit, and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

Roger J. Higgins

SWORN AND SUBSCRIBED
before me this 17th day of August 2010

Notary Public
My Commission Expires:

OFFICIAL SEAL
TRACY A RODRIGUEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/18/10

4