## Exhibit E

**Form of Individual Notice Sent to Mr. McGuire (redacted)**

*O2132454521130* 02132454521130
MCGUIRE, JAMES P

[This page intentionally left blank]

**Your Response Deadline:  April 16, 2010**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. Grace & Co., et al. | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) Hearing Date:  10:30 a.m., July 12, 2010 |
| | ) Response Deadline:  April 16, 2010 |

## NOTICE OF OBJECTION TO AND TREATMENT OF EMPLOYEE CLAIM NO. 12926

MCGUIRE, JAMES P



Dear:  MCGUIRE, JAMES P:

W.R. Grace & Co. ("Grace") is providing this Notice to you regarding the proof of claim you filed in Grace's bankruptcy case (your "Employee Claim") regarding benefits you are claiming pursuant to one or more of Grace's existing plans, programs, and policies regarding employee bonuses and other compensation, indemnity agreements or various medical, insurance, severance, retiree and other benefits (collectively, the "Grace Benefit Programs").

A copy of your Employee Claim is attached to this Notice for your reference.  Any attachments you may have submitted with your Employee Claim are not attached to this Notice.  Please note that this Notice and the procedures described herein shall not affect any other claim that you may have filed in these chapter 11 cases other than the Employee Claim attached to this Notice.

Grace's books and records show that, as of April 2, 2001, the date on which Grace commenced its bankruptcy case, you were either a current employee, former employee or a beneficiary of a former employee of Grace.  As such, you were entitled to receive certain benefits (your "Applicable Employee Benefits") from one or more Grace Benefit Programs (including, but not limited to, salary and other compensation).

*Please note* that, prior to Grace's bankruptcy case, your Applicable Employee Benefits were subject to amendment, modification or termination under the terms of the applicable Grace Benefit Program or under applicable non-bankruptcy law.  These limitations are referred to in this Notice as the "Non-Bankruptcy Limitation".  This Non-Bankruptcy Limitation to your Applicable Employee Benefits has continued while Grace is in bankruptcy, and will continue to exist after Grace emerges from bankruptcy.

3

285

*Your Applicable Employee Benefits <u>have not been, and will not be in the future, affected</u> by Grace's chapter 11 bankruptcy case.*

Since April 2001, according to the Grace's books and records, you have been receiving all your Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation). You will continue to receive all your Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) until Grace emerges from its bankruptcy case.

*Your Applicable Employee Benefits <u>will not be affected</u> by Grace's emergence from bankruptcy.*

Grace's plan of reorganization (the "Plan") provides that, on the date it emerges from bankruptcy (that date being the "Effective Date"), Grace will continue the Grace Benefit Programs by assuming the contractual obligations arising from those benefit programs. Therefore, you will see no change in your Applicable Employee Benefits as a result of Grace's emergence from bankruptcy on the Effective Date, and you will continue to receive all your Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) after the Effective Date.

*The procedural disallowance of your Employee Claim <u>will not affect</u> your Applicable Employee Benefits.*

Grace has asked the Bankruptcy Court to "disallow" your Employee Claim under applicable bankruptcy law as of the Effective Date for the reasons discussed below. *But this procedural matter <u>will not</u> affect your Applicable Employee Benefits.*

As you are aware, you have been receiving your Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) since Grace began its bankruptcy case, and you will continue to receive those benefits until Grace emerges from its bankruptcy case. Thus you will not have an "allowable" claim for unpaid benefits because you already will have been paid in full.

As discussed above, the Plan provides that you will continue to receive your Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) after Grace emerges from bankruptcy because Grace is "assuming" those Grace Benefit Programs as a matter of applicable bankruptcy law. This means that you will not have an "allowable" claim in Grace's bankruptcy case for any future Applicable Employee Benefits.

Grace has filed a motion (the "Objection") with the Bankruptcy Court requesting that the Court disallow your Employee Claim for the reasons described above. At a hearing scheduled for July 12, 2010, the Court will consider whether to enter an order to disallow your Employee Claim as of the Effective Date.

Please note that, if the Court does not confirm Grace's Plan or if Grace proposes and the Court confirms a different chapter 11 plan of reorganization that does not require Grace to assume the Grace Benefit Programs, any order entered by the Bankruptcy Court disallowing your Employee Claim will be void, and your Employee Claim will be reinstated for all purposes.

*Therefore, this Objection, and the request to disallow your Employee Claim <u>will not affect</u> your Applicable Employee Benefits.*

*    *    *    *    *

**<u>PLEASE NOTE</u>**

You ***<u>do not need to respond</u>*** to this Notice.  The Bankruptcy Court's entry of the proposed order ***<u>will not affect</u>*** your Applicable Employee Benefits (which are subject to the Non-Bankruptcy Limitation), including, but not limited to salary and other compensation that you are now receiving, and have been receiving since Grace commenced its bankruptcy case, and will continue to receive after Grace emerges from bankruptcy on the Effective Date.

If you believe that you have not been receiving all benefits to which you are entitled, or if you have a question about your Applicable Employee Benefits, ***<u>you do not need to respond</u>*** to this Objection **to preserve your rights or to have your question answered.**  You should instead ***<u>contact Grace directly to discuss the benefits</u>*** to which you believe that you are entitled, but have not been receiving.  You may contact Grace at the Grace Employee Service Center in any of the following ways:

| | | |
|---|---|---|
| **Telephone:** | Grace's toll-free number: | 1-800-974-2363 |
| **E-mail:** | E-mail address: | Grace_Bankruptcy_Notice_Inquiry@aon.com |
| **Facsimile:** | Facsimile number: | 1-847-953-2348 |
| **By mail:** | Mailing address: | Grace Employee Service Center<br>Post Office Box 445<br>Arlington Heights, IL  60006-0445 |

When you contact Grace by any of the above-described methods, please include your name and address, a daytime telephone number and (if you have one) an e-mail address.  This will allow a Grace representative to contact you.

*    *    *    *    *

**<u>PROCEDURES FOR FILING A WRITTEN RESPONSE TO THE OBJECTION</u>**

If you wish to object to the proposed disallowance of your Employee Claim, you must file a ***written response*** by mailing it to this address (***<u>postmarked prior to the response deadline</u>***):

Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705
Attn: James E. O'Neill

Responses sent by facsimile will not be treated as "written responses".  You ***must file your written response by mailing*** to the address listed above for the law firm of Pachulski Stang Ziehl & Jones LLP.

Your response ***<u>must be postmarked on or before the response deadline</u>***.  The response deadline is ***<u>April 16, 2010</u>***.

5

285

Your written response must state a specific basis for objecting to the proposed disallowance of your Employee Claim. Your written response must also include your name and address, a daytime telephone number and (if you have one) an e-mail address. This will allow a Grace representative to contact you regarding your written response.

---

\*    \*    \*    \*    \*

**If you wish to obtain a copy of the Objection, please visit:  www.bmcgroup.com/wrgrace**

**Your Written Response Must Be Postmarked on or Before _April 16, 2010_, to Be Considered by the Bankruptcy Court.**

\*    \*    \*    \*    \*

---

If the concerns addressed in your response are not resolved prior to the hearing on the Objection, the Bankruptcy Court will consider your written response to Grace's Objection to disallow your Employee Claim. Grace may file a reply addressing the issues raised in your written response. If Grace does file such a reply, you will be served a copy at the address you include in your written response if it is different than the address in Grace's books and records.

---

\*    \*    \*    \*    \*

**PLEASE NOTE THAT YOUR APPLICABLE EMPLOYEE BENEFITS WILL NOT BE AFFECTED BY THE DISALLOWANCE OF YOUR EMPLOYEE CLAIM.**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT GRACE BY TELEPHONE, FAX, E-MAIL OR REGULAR MAIL.**

**YOU DO NOT NEED TO FILE A WRITTEN RESPONSE TO THE DISALLOWANCE OBJECTION IN ORDER TO PRESERVE YOUR RIGHTS.**

\*    \*    \*    \*    \*

---

285

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF Delaware | | **GRACE NON-ASBESTOS PROOF OF CLAIM FORM** |
|---|---|---|

Name of Debtor:[1] *WR Grace /Amicon*   Case Number *01-01139 JFK*

NOTE: Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. Those claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.

Name of Creditor (The person or other entity to whom the Debtor owes money or property):

*James P McGuire*

Name and address where notices should be sent:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies Debtor:

Check here ☐ replaces
if this claim ☐ amends a previously filed claim, dated:_____

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:
*Amicon Inc.*

**1. Basis for Claim**
- ☐ Goods sold
- ☑ Services performed
- ☑ Environmental liability
- ☐ Money loaned
- ☐ Non-asbestos personal injury/wrongful death
- ☐ Taxes
- ☐ Other,_____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)

Your SS #:_____
Unpaid compensation for services performed
from *3/1/92* to *10/1/03* (date)

**2.** Date debt was incurred: ~ *March 1, 1992*   **3.** "If court judgment, date obtained:

**4. Total Amount of Claim at Time Case Filed:**   $ *246,354 + 17,357*
*See Attached Letter*

If all or part of your claim is secured or entitled to priority, also complete Item 5 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Classification of Claim.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM (check this box if your claim is secured by collateral, including a right of setoff.)

Brief Description of Collateral:

☐ Real Estate   ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any: $_____

Attach evidence of perfection of security interest

☑ UNSECURED NONPRIORITY CLAIM

A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.

- ☐ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).

- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).

- ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).

- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

This Space is for Court Use Only

**7. Supporting Documents:** *attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Acknowledgement:** Upon receipt and processing of this Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim form itself, enclose a self-addressed envelope and copy of this proof of claim form.

Date *3/27/03*   Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):   *[signature]*

WR Grace      BF.41.161.8012
              **00012926**
SR=722

[1] See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and "other names" used by the Debtor. REC'D MAR 3 1 2003

[This page intentionally left blank]