# KIRKLAND & ELLIS LLP

**AND AFFILIATED PARTNERSHIPS**

601 Lexington Avenue
New York, New York 10022

Theodore L. Freedman
To Call Writer Directly:
(212) 446-4934
theodore.freedman@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

August 17, 2010

The Honorable Judith K. Fitzgerald
United States Bankruptcy Court for the
 Western District of Pennsylvania
5490 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219

Re: *In re W. R. Grace & Co., et al.*
   Case No. 01-1139 (JKF) (Bankr. D. Del.)

Dear Judge Fitzgerald:

On behalf of the Debtors and the other Plan Proponents of the pending Grace chapter 11
plan, we hereby submit this very brief correspondence in response to the State of Montana's
letter brief, filed with this Court on August 12, 2010 (Dkt. No. 25211) ("Letter Brief").

While Local Rule 7007-1(b) provides that a party *may* call the Court's attention to cases
decided after the party's final brief is filed or after oral argument has been concluded, Montana's
Letter Brief inappropriately goes well beyond the scope and spirit of such rule by rearguing its
objections to confirmation under the guise of bringing this Court's attention to a subsequent legal
opinion by the Third Circuit -- an opinion which Montana argues does not even apply.

Montana purportedly submitted its Letter Brief to bring this Court's attention to the Third
Circuit's opinion in *JELD-WEN, Inc. v. Van Brunt (In re Grossman's, Inc.),* 607 F.3d 114, 2010
U.S. App. LEXIS 11155 (3d Cir. June 2, 2010). In *Grossman's,* the Third Circuit overturned the
long-standing *Frenville* test relating to when a claim arises, and held that a claim arises when an
individual is exposed to a product or other conduct giving rise to any injury, which underlies a
"right to payment" under the Bankruptcy Code. *Id.* at 28.

After bringing *Grossman's* to the Court's attention, Montana argues that *Grossman's*
does not apply to it because its requests for contribution and indemnification do not constitute
pre-petition claims that it may have against the Debtors. As the Plan Proponents have made

Chicago    Hong Kong    London    Los Angeles    Munich    Palo Alto    San Francisco    Shanghai    Washington, D.C.

# KIRKLAND & ELLIS LLP

The Honorable Judith K. Fitzgerald
August 17, 2010
Page 2

clear in their trial briefs, a channeling injunction under section 524(g) applies to both claims and *demands*. Thus, whether *Grossman's* broadens the definition of "claim" to cover the Montana indemnification and contribution requests does not need to be decided here[1] because even if such requests are not claims, they most certainly are demands. Section 524(g)(5) defines a "demand" as "a demand for payment, present or future," that "(A) was not a claim during the proceedings leading to the confirmation of a plan of reorganization; (B) arises out of the same or similar conduct or events that gave rise to the claims addressed by the injunctions issues under [524(g)(1)]; and (C) pursuant to the plan, is to be paid by a trust described in paragraph (2)(B)(i)."

Montana repeatedly has taken the unsupportable position that its alleged causes of action against the Debtors are neither claims nor demands, but as the Plan Proponents have argued at length in their earlier briefs, such a position is impossible -- either Montana's alleged rights are claims or they are demands. There is no third category into which Montana's asserted present and future indemnification and contribution rights on account of the Libby asbestos claims against it can fit. Indeed, as the Plan Proponents have explained in greater detail in their trial briefs, indemnification or contribution rights arising from asbestos claims, can be, and regularly are, channeled by section 524(g). Montana's Letter Brief entirely avoids this point, which the Plan Proponents believe is misleading, a misuse of Local Rule 7007-1(b), and nothing more than an inappropriate reiteration of Montana's earlier objections to confirmation of the plan.[2]

---

[1]  It should be noted that the Plan Proponents also object to Montana's characterization of the *W. R. Grace & Co. v. Libby Claimants (In re W. R. Grace & Co.),* Civ. A. No. 08-246, 2008 U.S. Dist. LEXIS 61361 (D. Del. Aug. 12, 2008) opinion as supporting Montana's argument that Montana's requests for contribution and indemnification are not "claims." That opinion relates to the bankruptcy court's jurisdiction over the underlying litigation between Montana and the Libby Claimants that led to Montana's asserted rights to contribution and indemnification. It did not cover issues whether such asserted rights are "claims" or "demands" as defined under the Bankruptcy Code and this Court's jurisdiction to channel such asserted rights to the Asbestos PI Trust pursuant to section 524(g) of the Bankruptcy Code.

[2]  Furthermore, Montana dedicates an entire page of its Letter Brief to reiterating every other argument it asserts in opposition to confirmation, while noting that *Grossman's* has *absolutely nothing* to do with those arguments (arguments regarding good faith, classification, absolute priority rule, etc). Clearly, if *Grossman's* does not affect Montana's other arguments, then there is no proper reason under Local Rule 7007-1(b) or otherwise for Montana to reiterate all of these objections to confirmation at this late date.

KIRKLAND & ELLIS LLP

The Honorable Judith K. Fitzgerald
August 17, 2010
Page 3

Respectfully,

KIRKLAND & ELLIS LLP

Theodore L. Freedman

TLF/sk

cc:  Francis A. Monaco, Jr., Esq. (by electronic mail)
     Richard H. Wyron, Esq. (by electronic mail)
     Peter Van N. Lockwood, Esq. (by electronic mail)
     Roger Frankel, Esq. (by electronic mail)
     Elihu Inselbuch, Esq. (by electronic mail)
     Philip Bentley, Esq. (by electronic mail)
     James O'Neill, Esq. (by electronic mail)
     Mark T. Hurford, Esq. (by electronic mail)
     John C. Philips, Esq. (by electronic mail)
     Teresa K.D. Currier, Esq. (by electronic mail)
     2002 Service List (by U.S. and electronic mail)