# EXHIBIT A

**Form of** *Stipulation Resolving Claim of State of North Carolina (Claim No. 512)*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** ) | Chapter 11 |
| ) | |
| **W. R. GRACE & CO.,** *et al.*[1] ) | Case No. 01-01139 (JKF) |
| ) | Jointly Administered |
| **Debtors.** ) | |

## STIPULATION RESOLVING CLAIM OF
## STATE OF NORTH CAROLINA (CLAIM NO. 512)

This stipulation ("Stipulation") is entered as of the last date set forth in the signature page of this Stipulation, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and the North Carolina Department of Revenue ("Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, on April 22, 2002, the Bankruptcy Court issued its *Order as to all Non-asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving Notice*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*Program* (the "Bar Date Order"), which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims. [Docket No. 1963].

**WHEREAS**, on or about October 1, 2001, Claimant filed a proof of claim ("Claim No. 512") against the Debtors asserting an unsecured non-priority claim in the amount of $1,089,048.68 and an unsecured priority claim in the amount of $32,890.70 for corporate income taxes, sales and use taxes, withholding taxes and franchise taxes.

**WHEREAS**, the Debtors and Claimant have now agreed to settle Claim No. 512 on the terms and conditions set forth herein.

**NOW, THEREFORE**, after a thorough review of Claim No. 512, discussion and negotiations, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. Claim No. 512 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $75,937.14 (the "Settled Claim Amount"); *provided, however*, that the Settled Claim Amount shall be subject to adjustment pursuant to N.C. Gen. Stat. § 105-130.20 (2009) solely for the limited purpose of addressing the effect of future federal income tax adjustments to the extent permitted by the Bankruptcy Court pursuant to section 502 of the Bankruptcy Code; *provided* that notice of any such adjustment shall be provided pursuant to applicable orders of this Court. Pursuant thereto, North Carolina will not further amend Claim No. 512 or file any additional proofs of claim against any of the Debtors with respect to the liabilities asserted in Claim No. 512. Any further amendments to Claim No. 512 or any additional claims filed by North Carolina or its successors or assigns with respect to the liabilities asserted in Claim No. 512 shall be null, void and of no effect.

2. Interest shall accrue on the Settled Claim Amount, commencing on the Petition Date until such time as Claim No. 512 satisfied, in each case on the terms and conditions set forth in the chapter 11 plan of reorganization confirmed and substantially consummated in these chapter 11 cases (the "Plan") regarding the accrual of interest on and payment of similarly situated, allowed general unsecured claims.

3. Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional claims against the Debtors for unpaid tax or other amounts arising prior to the Petition Date other than enforcing the obligations of the Debtors set forth in this Agreement or seeking an adjustment of the Settled Claim Amount as set forth in ¶ 1 of this Agreement; *provided, however*, that postpetition claims for unpaid tax or other amounts arising after the Petition Date shall be adjudicated on the terms and conditions provided for in the Plan.

4. The Debtors shall take whatever additional action, if any, is necessary to make sure that Claim No. 512 is allowed as outlined herein.

5. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

6. This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to matters set forth herein.

7.       The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating to Claim No. 512; *provided*, *however*, that the foregoing shall not be used to determine jurisdiction in any other matters between the Debtors and the State of North Carolina, which jurisdiction shall be determined based upon the facts of circumstances of, and relevant law pertaining to, any such matters.

**[signature page to follow]**

**The following Parties enter into this Stipulation resolving Claim No. 512 on behalf of:**

| North Carolina Department of Revenue | W. R. Grace & Co., et al. |
|---|---|
| By: /s/ | By: /s/ |
| Charles Helms | Carol M. Finke |
| Director, Collection Division, | Senior Tax Counsel |
| North Carolina Dept. of Revenue | W. R. Grace & Co. |
| P.O. Box 629 | 5400 Broken Sound Blvd. NW Suite 300 |
| Raleigh, NC 27602 | Boca Raton, Florida 33487-3508 |
| Tel.: (919) 716-6074 | Tel.: 561-362-1300 |
| Date: August 10, 2010 | Date: August 16, 2010 |