## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.,** *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING QUARTERLY INTERIM FEE APPLICATION OF ORRICK, HERRINGTON & SUTCLIFFE LLP FOR FOR THE PERIOD OF JANUARY 1, 2010 THROUGH MARCH 31, 2010

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Quarterly Interim Fee Application of Orrick, Herrington & Sutcliffe LLP for the Period of January 1, 2010 through March 31, 2010 (the "Application").

### BACKGROUND

1.     Orrick, Herrington & Sutcliffe LLP ("Orrick") was retained as bankruptcy counsel to David T. Austern, future claimants' representative.  In the Application, Orrick seeks approval of fees totaling $949,778.00 and expenses totaling $30,135.35 for its services from January 1, 2010 through March 31, 2010 (the "Thirty-Sixth Interim Period" or the "Application Period").

2.     In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2010, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C.

§330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Orrick based on our review, and we received a response from Orrick, portions of which response are quoted herein.

## DISCUSSION

3.      We noted that on January 4-5, 2010, five Orrick attorneys[1] attended the confirmation hearing. The total time spent, including non-working travel, was 90.5 hours, for total fees of $60,715.25. See Exhibit "A." Paragraph II.D.5. of the U.S. Trustee Guidelines provides: "If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked Orrick to explain why it was necessary for each attorney to attend the hearing, and Orrick provided a response which we have included as Response Exhibit "1." We accept Orrick's response and have no objection to these fees.

4.      We noted the following time entry in which there is a discrepancy between the total time billed and the time recorded within the time entry:

| 02/24/10 | R. Wyron | Review updated e-mail on status and organize notes for calls (.4); call with M. Giannotto on Section 7.2.2(d)(iv) stipulation (.3); call with D. Glosband follow up (.8); call with D. Cohn and follow up (.7); confer with R. Frankel regarding strategy and follow up e-mails regarding same (.6); review and sign off on Morgan Stanley stip (.2); begin review of draft settlement documents and follow up (.8). | 4.80 |

Although the time billed is 4.80 hours, the time recorded in the time entry is only 3.80 hours. Thus,

---

[1]The attorneys and their hourly rates are as follows: R. Frankel ($985), R. Wyron ($850), J. Guy ($810), P. Mahaley ($650), and D. Felder ($645).

it appeared that there was an $850.00 overcharge.  In response to our inquiry on this issue, Orrick stated as follows: "We agree that there is an arithmetic discrepancy in my time entry dated February 24, 2010, and will reduce our total requested fees by $850.00."  We appreciate Orrick's response and recommend a reduction of $850.00 in fees.

5.    We noted the following meal charges for which more information was needed:

| 12/21/2009 | Wyron, Richard | BUSML | $99.36 |
| 1/3/2010 | Felder, Debra | TRVML | $81.27 |
| 1/3/2010 | Wyron, Richard | TRVML | $89.18 |
| 1/3/2010 | Frankel, Roger | TRVML | $651.84 |
| 2/25/2010 | Frankel, Roger | BUSML | $233.00 |
| 3/11/2010 | Frankel, Roger | BUSML | $249.61 |

In response to our inquiry, Orrick provided the following information concerning these charges:

Attached hereto . . . is a chart reflecting the additional detail the Fee Auditor has requested . . . .   Please note that the meal reductions previously taken address all of the items for which additional information was requested . . . .   All appropriate reductions were previously taken in the corresponding monthly fee applications, except that we treated one entry, Roger Frankel's entry of $58.15 for January 5, 2010, as a dinner item but, upon further review, it should have been treated as a lunch item. Accordingly, we will further reduce our meal expenses by $20.00.

We note that the chart provided by Orrick addresses all of the meal expenses which we questioned. We have attached the chart as Response Exhibit "2."  We concur with the reductions previously taken by Orrick in its monthly applications, as well as Orrick's additional reduction of $20.00. Thus, we recommend a reduction of $20.00 in expenses.

6.    We noted the following hotel expense for which more information was needed:

| 1/3/2010 | Frankel, Roger | $1,193.58 | ...attd hearing on closing argument in Pittsburgh 1/3-6/10 |

In response to our inquiry, Orrick provided the following information:

> 1/3-1/6/2010-- Omni William Penn Hotel in Pittsburgh PA – $1,193.58
> Three nights at $349.00 per night ($397.86 per night with taxes)

It appears to us that one can ordinarily obtain satisfactory accommodations in Pittsburgh for $300.00 per night, excluding taxes. We note that the Expedia travel website classifies the Omni William Penn Hotel as a four and one-half star hotel, indicating to us that it is a luxury hotel. Thus, we recommend that reimbursement for this charge be reduced by $49.00 per night, for a total reduction of $147.00 in expenses.

## CONCLUSION

7.      Thus, we recommend approval of $948,928.00 in fees ($949,778.00 minus $850.00) and $29,968.35 in expenses ($30,135.35 minus $167.00) for Orrick's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
        Warren H. Smith
        Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 23rd day of August, 2010.

_____

Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Roger Frankel
Richard H. Wyron
Debra L. Felder
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005

rwyron@orrick.com
dfullem@orrick.com

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Deanna Boll
David Bernick
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

## EXHIBIT "A"

| 01/04/10 | PM | 6.9 | 4,485.00 | Monitor closing argument in confirmation hearing for issues relevant to insurance settlements (6.9);.......... |
|---|---|---|---|---|
| 01/05/10 | PM | 6.0 | 3,900.00 | ..........; attend closing argument of confirmation hearing to monitor impact on insurance issues (6.0);........... |
| 01/04/10 | DF | 9.5 | 6,127.50 | Attend confirmation hearing closing arguments. |
| 01/04/10 | JG | 6.5 | 5,265.00 | Attend oral argument. |
| 01/04/10 | RW | 4.7 | 3,995.00 | ....; attend argument on Libby issues (2.8);....; attend argument on insurer objections (1.9);........... |
| 01/04/10 | RF | 9.8 | 9,653.00 | Attend hearing on closing argument in Pittsburgh. |
| 01/05/10 | DF | 6.5 | 4,192.50 | Attend confirmation hearing closing arguments. |
| 01/05/10 | RW | 4.4 | 3,740.00 | ....; attend argument on indirect claims issues and follow-up (2.7);.....; attend hearing on successor claims objections (1.7);.... |
| 01/05/10 | RF | 10.20 | 10,047.00 | Attend hearing in Pittsburgh on closing argument, including discussions during lunch break. |
| 01/03/10 | DF | 4.50 | 1,451.25 | Travel from Washington, DC to Pittsburgh, PA. |
| 01/03/10 | JG | 2.00 | 810.00 | Travel to Pittsburgh. |
| 01/03/10 | PM | 3.00 | 975.00 | Travel to Pittsburgh for closing argument in confirmation hearing. |
| 01/04/10 | JG | 1.50 | 607.50 | Travel to DC. |
| 01/05/10 | DF | 5.50 | 1,773.75 | Travel from Pittsburgh, PA to Washington, DC. |
| 01/05/10 | PM | 5.00 | 1,625.00 | Return travel from Pittsburgh, PA. |
| 01/06/10 | RW | 2.20 | 935.00 | Return to DC |
| 01/06/10 | RF | 2.30 | 1,132.75 | Travel to DC. |
| | | 90.5 | $60,715.25 | |

**RESPONSE EXHIBIT "1"**

Mr. Frankel is the lead lawyer for the FCR in this case. He was involved in negotiating the key elements of the deal for the FCR and in preparing for confirmation litigation, and has taken the lead throughout the case on key strategic decisions. Given the myriad issues involved in the confirmation process, it was important for Mr. Frankel to be present at the hearing to participate in trial strategy decisions and discussions with counsel for other parties, and to present closing arguments to the Court, as necessary. Mr. Frankel attended the hearings on both January 4 and January 5.

Mr. Wyron led the process for the FCR of negotiating and drafting the Plan and related documents and is intimately familiar with their terms. Mr. Wyron was the principal lawyer on the FCR's team focusing on issues relating to the Libby claims, the treatment of indirect claims and successor liability claims, and confirmation objections relating thereto. Mr. Wyron attended those portions of the January 4 and January 5 Confirmation Hearing addressing the specific issues described above, to present argument to the Court on those issues, as necessary. Mr. Wyron attended only the relevant portions of the Confirmation Hearings.

Mr. Guy is the principal litigation partner on the FCR's team. He was responsible for discovery, development of evidence, handling of depositions and testimony, and for litigation tactics. As such, he was present at the January 4 Confirmation Hearing to address discovery and evidentiary issues and other trial objections for the FCR, as necessary. Mr. Guy only attended the January 4 hearing, as issues on which he was the lead lawyer were not addressed at the January 5 hearing.

Ms. Mahaley is the FCR's key insurance coverage lawyer. Since the proceeds of Grace's insurance are among the key assets being contributed to the PI Trust and insurers are the principal objectors to confirmation with their objections tied to their alleged insurance rights in many instances, Ms. Mahaley's input during the Confirmation Hearing on January 4 and January 5 was critical on numerous insurance issues, including the potential impact of the insurers' confirmation objections on the Trust's insurance assets.

Ms. Felder is the key restructuring associate on the FCR's team. She has been involved in all aspects of this case, including the estimation litigation, discovery and expert testimony issues, the plan process, and the confirmation litigation. Ms. Felder is very knowledgeable about the history of the case as well as the detail on virtually all factual and legal issues in the case. Ms. Felder is a very valuable resource on the FCR's team, and she attended the Confirmation Hearing on January 4 and 5 to address issues that arose during the Hearing relating to matters on which she has the detailed knowledge that were critical to the FCR.

We believe it was necessary for each of these lawyers – the core members of the FCR's litigation, restructuring and insurance teams – to attend and participate in the Confirmation Hearing and the closing arguments as they did, given the broad range of issues being addressed, the impact of those issues upon the Court's rulings with respect to confirmation of the Plan of which the FCR is a co-proponent, and the importance of confirmation of the Plan to the FCR's constituency.