IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING THIRTY-SIXTH QUARTERLY
FEE APPLICATION OF KIRKLAND & ELLIS LLP FOR THE INTERIM
PERIOD OF JANUARY 1, 2010 THROUGH MARCH 31, 2010**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Thirty-Sixth Quarterly Fee Application of Kirkland & Ellis LLP for the Interim Period of January 1, 2010 through March 31, 2010 (the "Application").

BACKGROUND

1.  Kirkland & Ellis LLP ("K&E") was retained as counsel to the Debtors. In the Application, K&E seeks approval of fees totaling $1,503,227.50 and expenses totaling $229,950.28 for its services from January 1, 2010 through March 31, 2010 (the "Application Period").

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2010, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with

precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on K&E based on our review, and we received a response from K&E, portions of which response are quoted herein.

## DISCUSSION

3.  In our initial report, we noted that on January 4-6, 2010, 13 K&E professionals and paraprofessionals attended the confirmation hearing. The total time spent, including non-working travel, was 265.30 hours for $161,157.00 in fees. See Exhibit "A." Paragraph II.D.5. of the U.S. Trustee Guidelines provides: "If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." Thus, we asked K&E to explain why it was necessary for each attorney and legal assistant to attend the hearing, and K&E provided a response which we have included as Response Exhibit "1." We accept K&E's response and have no objection to these fees.

4.  We noted that on January 25, 2010, attorneys Boll ($735), Brooks ($445), Bernick ($995), Freedman ($965), and Leibenstein ($735) attended an omnibus hearing. The total time spent was 39.80 hours, for total fees of $32,138.00. See Exhibit "B." In light of the Guideline cited above, we asked K&E to explain why it was necessary for each attorney to attend the hearing, and K&E responded:

> The Initial Report requests that we explain the necessity of having five K&E attorneys participate in all or portions of the January 25, 2010 Omnibus Hearing.
>
> First, the January 25, 2010 Omnibus Hearing was not only the typical omnibus hearing, but also served as the final day of closing arguments from the confirmation hearing. The parties were unable to conclude their closings on the lender issues during the earlier January dates, so arguments related thereto took place on January 25. Other significant matters heard at the January omnibus hearing

included: arguments on the Canadian ZAI claimants' application for appointment of special counsel and a status conference on Grace's motion to disallow two time-barred Canadian PD claims.

David led Grace's portion of the hearing dealing with lender issues, and Ted and David both argued the Canadian special counsel application and Canadian late claims matters.

Elli prepared David to argue the solvency-related aspects of the lender arguments, and telephonically attended those portions of the hearing in order to be able to respond to questions and issues as they arose.

Justin helped David prepare for the lender arguments, and, during the hearing, Justin conferred with David about specific rebuttal arguments. He also provided David with relevant case law citations and applicable exhibits during the hearing.

I assisted David and Ted on the Canadian issues, and I also assisted the team on the lender closing points.

For the reasons described above, K&E respectfully requests approval of all of the time of these five attorneys related to the January 25, 2010 Omnibus Hearing.

We asked K&E for additional information explaining Deanna Boll's role at the hearing, and K&E provided the following response:

On the Canadian fee issue, Deanna had formulated the Debtors' arguments in support of the CCAA representative's substantial contribution arguments as well as the rationale for the Debtors' support of the CCAA's substantial contribution argument. This included preparing demonstratives and other materials for Ted and David prior to the omnibus hearing as well as being available for real time support regarding K&E's negotiations over time with CCAA representative counsel, as Deanna was the K&E attorney who interacted most frequently with CCAA counsel.

With respect to the lender issues, as previously indicated, Deanna is the partner in charge of the plan, findings of fact and conclusions of law for the confirmation order, as well as the proposed confirmation order. Thus, she is the attorney most aware of all of the confirmation objections, and she liaisons between the Debtors' team and the objectors (in this case, the lenders) on trial issues. She also supervises junior associates (in the case of the January omnibus hearing, Justin Brooks) and prepares final edits to associate materials before presenting them in court to David and Ted. This process streamlines the process and reduces the number of revisions needed for demonstratives and other on-site support.

We accept K&E's response and have no objection to these fees.

    5.    We noted the following meal expense for which more information was needed:

| | | |
|---|---|---|
| 1/11/2010 | 4,372.98 | Parkhurst Dining Services - Travel Trial Meals at Reed Smith Trial Site, 12/31/09 to 1/5/10 |

In response to our inquiry, K&E provided us with a copy of the itemized invoice for this expense and, in addition, stated as follows:

> This charge represents catering expenses for meals provided at local counsel Reed Smith's office during the January Hearings.[1] Specifically, these expenses are for meals, equipment use and catering set-up for K&E attorneys and support staff, witnesses, Grace representatives, and Reed Smith personnel[2] from January 2 through January 5. Due to the long hours required of the hearing participants, it was more practical and cost-effective to have food provided at the trial site than to require all team members to provide their own meals. The catering charges fall below the recommended meal caps of $25 for breakfast, $35 for lunch and $55 for dinner, as shown by the table below.

| Meal Cap Allowance Per Day | | | | |
|---|---|---|---|---|
| 1/2/2010 | Lunch | 30 people | $35.00 | $1,050.00 |
| 1/2/2010 | Dinner | 30 people | $55.00 | $1,650.00 |
| 1/3/2010 | Lunch | 30 people | $35.00 | $1,050.00 |
| 1/3/2010 | Dinner | 30 people | $55.00 | $1,650.00 |
| 1/4/2010 | Breakfast | 12 people | $25.00 | $300.00 |
| 1/4/2010 | Lunch | 30 people | $35.00 | $1,050.00 |
| 1/4/2010 | Dinner | 30 people | $55.00 | $1,650.00 |
| 1/5/2010 | Breakfast | 12 people | $25.00 | $300.00 |

---

[1] The charges are all for catering services provided from January 2–5 except for a $15.66 charge for equipment setup incurred on December 31, 2009.

[2] Parkhurst did not provide breakfast on January 2 or 3 (when the whole trial team had not yet arrived at the trial site), and provided breakfast for only 12 people on January 4th and 5th (not everyone had time to eat breakfast at the office, so it was ordered for a smaller group).

| 1/5/2010 | Lunch | 30 people | $35.00 | $1,050.00 |
|---|---|---|---|---|
| 1/5/2010 | Dinner | 30 people | $55.00 | $1,650.00 |
| **Total Meal Allowance** | | | | **$11,400.00** |
| **Total Parkhurst Dining Services Expense** | | | | **$4,372.98** |

We reviewed the invoice provided by K&E and have no objection to this expense.

6. We noted the following expenses for professional fees paid to eTrial Communications:

| 1/11/2010 | 70,981.43 | ETRIAL COMMUNICATIONS - Professional Fees, Graphics and Assistance and Travel Expenses, 1/1/10 to 1/10/10 |
|---|---|---|
| 1/13/2010 | 4,127.69 | ETRIAL COMMUNICATIONS - Professional Fees, Graphics and Assistance, 11/25/09 to 12/28/09 |

In response to our inquiry, K&E provided us with a copy of the itemized invoices comprising these charges. We noted the following issues in the invoices:

    a. eTrial professionals had lumped their non-working travel time with the rest of the time which they had billed and had not discounted the non-working travel time by 50%.[3] In response to our inquiry, K&E stated as follows:

> With regard to the 5.0 hour time entry and 8.0 hour time entry you question ..., these hours are for eTrial professional Chris Hazelmann, and include 6.5 hours of non-working travel. eTrial billed the travel time at Mr. Hazelmann's full $250 hourly rate. To cause the Fee Application to be in accordance with the Local Rules, K&E agrees to reduce its fees by $812.50, or 50%, of Mr. Hazelmann's billed travel time ((6.5 hours ÷ 2) x $250). Also on eTrial's 1/11/10 invoice . . . is an additional travel charge, this one for 8.0 hours of travel time for eTrial professional Bryan Eytcheson, whose hourly rate is also $250. According to eTrial, half of that time was non-working travel. K&E therefore agrees to an additional fee reduction of $500.00 for this travel

---

[3]*See* Del. Bankr. L.R. 2016-2(d)(viii).

charge ($250 x (4.0 hours ÷ 2)).

We appreciate K&E's response and, accordingly, recommend a reduction of $1,312.50 in expenses.

  b. eTrial professional, Kristen Vanderport, incurred an air fare charge of $2,807.04 for a round-trip ticket from Denver to Pittsburgh, which appeared excessive. We asked K&E about the charge, and K&E responded that "Kristen Vanderport booked her airfare at the last minute, since she did not know she would be needed until then, and the only available flight was first-class." We accept K&E's response and have no objection to the expense.

  c. We also noted two meal charges, for $72.00 and $159.02, concerning which we inquired. K&E responded that the "$72 meal was for dinner for two (Chris Hazelmann and Derek Bremer), and the . . . $159.02 meal was for dinner for four (Kim Love, Derek Bremer, Sandy Fiore, and Chris Hazelmann).

We accept K&E's response and have no objection to these expenses.

Thus, with respect to the eTrial invoices, we recommend a total reduction of $1,312.50 in expenses.

## CONCLUSION

7. Thus, we recommend approval of $1,503,227.50 in fees and $228,637.78 in expenses ($229,950.28 minus $1,312.50) for K&E's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _/s/ Warren H. Smith_

Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 3rd day of September, 2010.

Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Deanna Boll
Holly Bull
Kirkland & Ellis
601 Lexington Avenue
New York, NY 10022-4611

dboll@kirkland.com
hbull@kirkland.com

**The Debtor**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Co-Counsel for the Debtors**
Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K. D. Currier
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**EXHIBIT "A"**

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 1/4/2010 | Nate Kritzer | 7.90 | 3,002.00 | ....; provide trial support to partners (7.9); .... |
| 1/4/2010 | Morgan Rohrhofer | 10.00 | 1,550.00 | Attend hearing and record exhibits used during trial (10.0); .... |
| 1/4/2010 | Deanna D Boll | 11.50 | 8,452.50 | Attend confirmation closing and assist with preparing demonstratives for same (11.5);..... |
| 1/4/2010 | Brian T Stansbury | 6.00 | 3,600.00 | ........; attend closing arguments for confirmation hearing and respond to requests from D. Bernick (6.0). |
| 1/4/2010 | Heather Bloom | 5.90 | 2,389.50 | .....; attend and assist D. Bernick during confirmation hearing closing arguments (5.9); ....... |
| 1/4/2010 | Justin S Brooks | 5.50 | 2,447.50 | ......; provide trial support at closing (5.5). |
| 1/4/2010 | David M Bernick, P.C. | 16.00 | 15,920.00 | Prepare for and attend confirmation hearing. |
| 1/4/2010 | Lisa G Esayian | 5.50 | 4,262.50 | Attend portion of closing arguments re insurance issues and third-party claims. |
| 1/4/2010 | Theodore L Freedman | 14.00 | 13,510.00 | Participate in oral arguments and prepare for Tuesday arguments. |
| 1/4/2010 | Elli Leibenstein | 4.00 | 2,940.00 | Participate in closing arguments with focus on feasibility and best interests test. |
| 1/4/2010 | Barbara M Harding | 4.50 | 3,082.50 | Attend confirmation hearing telephonically re Libby issues. |
| 1/5/2010 | Kristina Alexander | 8.30 | 3,195.50 | Provide trial support during hearing on successor claims and 524(g) issues (8.3); ...... |
| 1/5/2010 | Nate Kritzer | 8.20 | 3,116.00 | Provide trial support on successor claims, 524(g) and related issues re scope of releases. |
| 1/5/2010 | Morgan Rohrhofer | 10.00 | 1,550.00 | Attend hearing and record exhibits used during trial (10.0); ....... |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 1/5/2010 | Justin S Brooks | 3.00 | 1,335.00 | Provide trial support on lender issues. |
| 1/5/2010 | David M Bernick, P.C. | 15.00 | 14,925.00 | Prepare for and attend confirmation hearing. |
| 1/5/2010 | Lisa G Esayian | 9.00 | 6,975.00 | Attend portion of closing arguments re insurance, third-party claims and Anderson issues. |
| 1/5/2010 | Theodore L Freedman | 11.00 | 10,615.00 | Participate in oral arguments and prepare for Wednesday arguments. |
| 1/5/2010 | Elli Leibenstein | 6.50 | 4,777.50 | Participate in and attend hearing re feasibility and best interests test issues. |
| 1/6/2010 | Kristina Alexander | 4.50 | 1,732.50 | Provide trial support on 524(g) and successor claims issues. |
| 1/6/2010 | Nate Kritzer | 4.40 | 1,672.00 | Provide trial support on release and exculpation provisions. |
| 1/6/2010 | Morgan Rohrhofer | 10.00 | 1,550.00 | Attend hearing and record exhibits used during trial (10.0);...... |
| 1/6/2010 | Deanna D Boll | 5.20 | 3,822.00 | Edit demonstratives for closing and assist D. Bernick with closing on Morgan Stanley issues. |
| 1/6/2010 | Justin S Brooks | 4.70 | 2,091.50 | Assist D. Bernick during lender arguments. |
| 1/6/2010 | David M Bernick, P.C. | 12.00 | 11,940.00 | Prepare for and attend confirmation hearing. |
| 1/6/2010 | Lisa G Esayian | 3.00 | 2,325.00 | Attend portion of closing argument re successor claims injunction issues. |
| 1/6/2010 | Theodore L Freedman | 7.00 | 6,755.00 | Prepare for and attend confirmation hearing. |
| 1/6/2010 | Elli Leibenstein | 1.00 | 735.00 | Participate telephonically in hearing re solvency. |
| 1/6/2010 | Barbara M Harding | 0.90 | 616.50 | Attend telephonic hearing and correspond internally re status of issues. |
| 1/4/2010 | Kristina Alexander | 7.90 | 3,041.50 | ......; provide trial support as requested (7.9); |

........

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 1/4/2010 | Kimberly K Love | 9.50 | 2,470.00 | .......; attend closing arguments to assist with various attorney requests (9.5);........ |
| 1/1/2010 | Kimberly K Love | 2.70 | 702.00 | Travel to Pittsburgh, PA for upcoming hearing (billed at half time). |
| 1/1/2010 | Morgan Rohrhofer | 2.50 | 1,001.00 | Travel to Pittsburgh, PA to assist with bankruptcy trial (billed at half time). |
| 1/1/2010 | Deanna D Boll | 1.70 | 1,249.50 | Travel to Pittsburgh, PA for confirmation hearing (billed at half time). |
| 1/2/2010 | Kristina Alexander | 2.60 | 1,001.00 | Travel to Pittsburgh, PA for confirmation hearing (billed at half time). |
| 1/2/2010 | Nate Kritzer | 1.70 | 646.00 | Travel from New York, NY to Pittsburgh, PA for hearing (billed at half time). |
| 1/2/2010 | Justin S Brooks | 1.90 | 845.50 | Travel from New York, NY to Pittsburgh, PA for hearing (billed at half time). |
| 1/3/2010 | Brian T Stansbury | 1.10 | 660.00 | Travel to Pittsburgh, PA for closing arguments (billed at half time). |
| 1/3/2010 | Heather Bloom | 1.50 | 607.50 | Travel from Washington, DC to Pittsburgh, PA for confirmation hearing closing arguments (billed at half time). |
| 1/3/2010 | Elli Leibenstein | 1.50 | 1,102.50 | Travel from Chicago, IL to hearing in Pittsburgh, PA (billed at half time). |
| 1/4/2010 | Brian T Stansbury | 1.10 | 660.00 | Return to Washington, DC from Pittsburgh, PA after hearing (billed at half time). |
| 1/4/2010 | Heather Bloom | 1.60 | 648.00 | Return travel from Pittsburgh, PA to Washington, DC (billed at half time). |
| 1/5/2010 | Elli Leibenstein | 1.50 | 1,102.50 | Return travel to Chicago, IL from hearing (billed at half time). |
| 1/6/2010 | Kristina Alexander | 2.00 | 770.00 | Return travel from hearing in Pittsburgh, PA (billed at half time). |

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 1/6/2010 | Nate Kritzer | 1.60 | 608.00 | Return travel from Pittsburgh, PA to New York, NY (billed at half time). |
| 1/6/2010 | Morgan Rohrhofer | 2.50 | 387.50 | Return travel from hearing in Pittsburgh, PA (billed at half time). |
| 1/6/2010 | Deanna D Boll | 1.90 | 1,396.50 | Travel from Pittsburgh, PA to La Guardia and La Guardia to home (billed at half time). |
| 1/6/2010 | Justin S Brooks | 1.80 | 801.00 | Travel from Pittsburgh, PA to New York, NY (billed at half time). |
| 1/7/2010 | Kimberly K Love | 2.20 | 572.00 | Return travel from Pittsburgh, PA to Chicago, IL (billed at half time). |
| | | 265.30 | $161,157.00 | |

**EXHIBIT "B"**

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 1/25/2010 | Deanna D Boll | 8.20 | 6,027.00 | Prepare for and attend hearing on lender closing and Canadian confirmation objection. |
| 1/25/2010 | Justin S Brooks | 4.50 | 2,002.50 | Assist D. Bernick during lender arguments. |
| 1/25/2010 | David M Bernick, P.C. | 8.00 | 7,960.00 | Prepare for and appear at hearing in Delaware. |
| 1/25/2010 | Theodore L Freedman | 10.00 | 9,650.00 | Prepare for and participate in omnibus hearing. |
| 1/25/2010 | Elli Leibenstein | 3.00 | 2,205.00 | Participate telephonically in hearing re solvency. |
| 1/24/2010 | Deanna D Boll | 1.40 | 1,029.00 | Travel from NJ to Wilmington, DE for omnibus hearing (billed at half time). |
| 1/24/2010 | Justin S Brooks | 1.00 | 445.00 | Travel from New York, NY to Wilmington, DE for omnibus hearing (billed at half time). |
| 1/24/2010 | David M Bernick, P.C. | 1.50 | 1,492.50 | Travel to Wilmington, DE for omnibus hearing (billed at half time). |
| 1/25/2010 | Deanna D Boll | 1.20 | 882.00 | Return travel from Wilmington, DE to New York, NY after omnibus hearing (billed at half time). |
| 1/25/2010 | Justin S Brooks | 1.00 | 445.00 | Travel from Wilmington, DE to New York, NY after omnibus hearing (billed at half time). |
| | | 39.80 | $32,138.00 | |

**RESPONSE EXHIBIT "1"**

January 4 – January 6, 2010 Confirmation Hearing Participation (¶ 3 and Exhibit "A")

*Kritzer, Boll, Stansbury, Bloom, Brooks, Bernick, Esayian, Freedman, Leibenstein, Harding, Alexander, Rohrhofer, Love*

Exhibit "A" to the Initial Report identifies time entries of eleven K&E attorneys and two K&E paraprofessionals related to the January 4–6, 2010 confirmation hearing dates (the "January Hearings" or the "Hearings"). Paragraph 3 of the Initial Report requests that we explain the necessity of these thirteen individuals' participation in all or portions of the Hearings.[4]

The January Hearings involved a continuation of the confirmation hearing with respect to the lender/interest rate matters with witnesses prepared, presented, and cross-examined regarding same. The January Hearings were also held to provide the plan proponents and the objecting parties the opportunity to present their closing arguments for and against plan confirmation, respectively. The closing arguments covered all confirmation objections related to Libby claimants issues, lender/interest rate matters, insurance issues, third-party claims (including successor claims injunction issues), and Anderson Memorial property damage ("PD") issues. The Hearings were the culmination of the confirmation hearings in the Case, and, as such, the participating K&E professionals participated in fulfillment of their confirmation hearing roles that have been described in prior responses. For detailed descriptions of the confirmation hearing roles of many of the K&E team members whose time is questioned in the Initial Report, we specifically refer you to our response to the Fee Auditor's Initial Report Regarding the Fee Application of K&E for the Thirty-Fourth Interim Period in the Debtors' Case (the "34th Response") and to our response to the Fee Auditor's Initial Report Regarding the Fee Application of K&E for the Thirty-Fifth Interim Period in the Debtors' Case (the "35th Response").

Set forth in the paragraphs below are the specific January Hearing roles of each professional and paraprofessional listed in Exhibit "A" to the Initial Report.

Former senior litigation counsel David Bernick and senior restructuring partner Ted Freedman have conducted all of the confirmation hearings on behalf of Grace, and continued to do so at the January Hearings. David and Ted were involved in all of the matters argued at the Hearings, David from a litigation perspective and Ted from a bankruptcy perspective.

I am the bankruptcy partner primarily responsible for drafting the plan, proposed findings of fact and conclusions of law, and the proposed confirmation order. I attended the Hearings to

---

[4] In many prior responses, we have discussed K&E's hearing philosophy and reasons for having multiple professionals attend hearings. Rather than repeat that here, we refer you to, for example, ¶ 2 of our response to the Fee Auditor's Initial Report Regarding the Fee Application of K&E for the Thirty-Fifth Interim Period.

further my ability to prepare such documents. In addition, I assisted David and Ted with issues arising during the Hearings, and I prepared demonstrative materials for the closing arguments. I also supervised the associates who were working on specific projects related to the lender issues and closing arguments.

D.C. litigation partner Elli Leibenstein attended those portions of the Hearings dealing with issues of feasibility, best interests, and solvency in order to fulfill his role as litigation partner charged with those issues in the Case. Prior to the Hearings, Elli helped David prepare for such arguments, and, during the Hearings, Elli was available to respond to questions as they arose.

D.C. litigation partner Barbara Harding, as senior partner in charge of Libby matters, telephonically attended portions of the Libby closing arguments. She was specifically responsible for issues dealing with epidemiological expert witnesses as well as Grace's historical settlement of personal injury claims in Libby, Montana. D.C. litigation partner Brian Stansbury attended the Libby arguments in person, in order to assist David in real-time with issues relating to medical experts and criteria used to classify pleural disease in Libby, Montana. Barb and Brian were responsible for drafting both the plan proponents' post-trial brief in response to Libby claimants' confirmation objections, and the subsequent response to the Libby claimants' post-trial brief. Prior to the Hearings, Brian prepared David to respond to arguments made by Libby claimants' counsel, and, throughout the Hearings, he advised David as to opposing counsel points to rebut and particular case law to cite or counter.

Chicago litigation partner Lisa Esayian bears primary responsibility for PD and insurance issues in the Case, and she attended the relevant portions of the January Hearings (arguments by and against insurers and Anderson Memorial Hospital arguments). She also attended those arguments relating to certain third-party claims issues for which she was responsible. Finally, in addition to the closing arguments themselves, she was involved in final evidentiary disputes on some of these issues, and needed to attend the portions of the Hearings dealing with those disputes as well.

D.C. litigation associate Heather Bloom is the only associate tasked with Libby-related responsibilities, and she worked with Brian prior to and during the Libby closing arguments. She helped create the slides David used in Court, helped Brian prepare his trial folders, and identified and organized additional materials needed. Heather also responded to various in-court requests from David and Brian, including locating testimony, revising demonstratives, and identifying relevant cases.

New York litigation associate Nathaniel Kritzer functioned in a more general role, helping to assemble trial folders containing evidence relevant to many of the plan objections being argued. During the Hearings, he was tasked with providing the presenting attorneys quick access to key documents to refute arguments made by objecting parties, and also with conducting real-time research on new issues raised. He also helped David prepare closing arguments on successor claims and third-party release issues.

New York litigation associate Justin Brooks worked on both lender issues and insurance matters. He prepared rebuttal materials related to these issues, and, during the Hearings, conferred

with David regarding new arguments. Justin also conducted specific research on matters relating to the absolute priority rule and indemnification and contribution claims.

New York restructuring associate Kristina Alexander attended the Hearings to provide Ted and I support with specific bankruptcy issues such as arguments related to sections 105 and 524(g) of the Bankruptcy Code, as well as confirmation requirements pursuant to section 1129 of the Bankruptcy Code. She provided real time research and assisted in preparing the bankruptcy-related demonstratives that were created for closing arguments.

Chicago legal assistant Kimberly Love and D.C. case assistant Morgan Rohrhofer were the paraprofessionals supporting the attorney team. Kim attended portions of the Hearings, going to court as needed and assisting the attorneys with preparing needed materials. When not in court, Kim worked in local counsel's offices to handle hearing attorney requests. Morgan was stationed in court for the full session on each Hearing date. She sat at counsel table and was tasked with providing exhibits and any other requested materials to the presenting attorneys as needed, as well as with updating the Concordance database with newly-admitted exhibits as they were admitted. Kim and Morgan together worked to prepare the admitted-exhibit binders that were submitted to the Court immediately following the Hearings. These binders needed to be fully up-to-date at all times during the three days of the Hearings, and were so voluminous that they required Kim and/or Morgan to be working on them almost constantly.

For the reasons described above, K&E respectfully requests approval of all of the time of these eleven attorneys and two paraprofessionals related to the January Hearings.