IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[2] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors | ) | |

**Summary of the Quarterly Application of Woodcock Washburn for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel and Ordinary Course Professionals for W.R. Grace & Co., *et al.*, for the Thirty-Sixth Quarterly Interim Period of April Through June 2010**

| | |
|---|---|
| Name of Applicant: | **Woodcock Washburn LLP** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention as Special Litigation Counsel: | **Retention Order entered January 22, 2003** |
| Date of Retention as Ordinary Course Professional: | **Order Permitting Expansion of Services entered April 15, 2005** |
| Period for which compensation and reimbursement is sought | **April 1, 2010 through June 30, 2010** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$13,722.50** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$ 4.72** |

---

[2]  The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit &Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing System, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc., Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

This quarterly application is for the Thirty-Seventh Interim Period, for the months APril–June 2010.   The following monthly fee applications, within the Eighth through Thirty-Sixth Interim Periods, have been previously filed:

| Period Covered | Date Filed | Requested Fees | Requested Disbursements |
|---|---|---|---|
| 1/1 – 1/31/03 | June 9, 2003 | $11,423.35 | $184.10 |
| 2/1 – 2/28/03 | June 9, 2003 | 29,216.00 | 684.22 |
| 3/1 – 3/31/03 | June 9, 2003 | 14,351.00 | 647.43 |
| 4/1 – 4/30/03 | June 3, 2003 | 14,268.50 | 244.41 |
| 5/1 – 5/31/03 | July 11, 2003 | 20,293.50 | 703.19 |
| 6/1 – 6/30/03 | August 1, 2003 | 24,087.00 | 2,822.23 |
| 7/1 – 7/31/03 | September 18, 2003 | 14,157.50 | 1,834.84 |
| 8/1/ - 8/31/03 | October 17, 2003 | 5,120.00 | 2,346.40 |
| 9/1 – 9/30/03 | November 6, 2003 | 18,536.00 | 2,143.81 |
| 10/1 – 10/31/03 | December 16, 2003 | 26,622.50 | 7,747.17 |
| 11/1 – 11/30/03 | January 23, 2004 | 46,329.50 | 22.29 |
| 12/1 – 12/31/03 | February 11, 2004 | 60,218.00 | 13,537.76 |
| 1/1 – 1/31/04 | March 29, 2004 | 117,384.00 | 34,007.41 |
| 2/1 - 2/29/04 | April 13, 2004 | 66,216.00 | 16,476.09 |
| 3/1 - 3/31/04 | April 27, 2004 | 96,991.00 | 8,235.63 |
| 4/1 - 4/30/04 | June 16, 2004 | 111,132.00 | 14,316.26 |
| 5/1 - 5/31/04 | July 19, 2004 | 104,787.00 | 14,642.22 |
| 6/1 - 6/30/04 | July 29, 2004 | 117,125.00 | 8,779.51 |
| 7/1 - 7/31/04 | September 17, 2004 | 85,802.00 | 10,905.33 |
| 8/1 – 8/31/04 | October 22, 2004 | 102,078.00 | 9,582.05 |
| 9/1 – 9/30/04 | November 9,2004 | 156,479.00 | 32,088.05 |
| 10/1 - 10/31/04 | December 17, 2004 | 169,846.00 | 69,597.98 |
| 11/1 – 11/30/04 | January 14, 2005 | 203,792.00 | 29,179.11 |
| 12/1 – 12/31/04 | February 11, 2005 | 164,958.00 | 92,377.99 |
| 1/1 – 1/31/05 | March 18, 2005 | 176,884.00 | 28,342.86 |
| 2/1 – 2/28/05 | April 15, 2005 | 157,122.50 | 125,892.70 |
| 3/1 – 3/31/05 | May 10, 2005 | 196,913.00 | 143,160.77 |
| 4/1 – 4/30/05 | June 21, 2005 | 124,598.70 | 6,544.89 |
| 5/1– 5/31/05 | July 20, 2005 | 198,043.00 | 45,257.99 |
| 6/1 – 6/30/05 | August 11, 2005 | 82,795.50 | 28,829.43 |
| 7/1 – 7/31/05 | September 15, 2005 | 53,078.50 | 578.90 |
| 8/1 – 8/31/05 | October 12, 2005 | 44,755.00 | 4,009.23 |
| 9/1 – 9/301/05 | November 22, 2005 | 47,211.00 | 146.73 |
| 10/1 – 10/31/05 | December 16, 2005 | 18,168.50 | 665.33 |
| 11/1– 11/30/05 | January 31, 2006 | 11,158.00 | 17.20 |

| 12/1– 12/31/05 | March 10, 2006 | 4,340.00 | 12.38 |
|---|---|---|---|
| 1/1– 1/31/06 | March 29, 2006 | 3,470.00 | 80.82 |
| 2/1 – 2/28/06 | April 19, 2006 | 4,121.50 | 300.25 |
| 3/1 – 3/31/06 | May 4, 2006 | 8,338.50 | 2,055.56 |
| 4/1 – 4/30/06 | July 7, 2006 | 10,612.50 | 4,762.62 |
| 5/1– 5/31/06 | July 13, 2006 | 54,925.00 | 2,871.85 |
| 6/1 – 6/30/06 | August 4, 2006 | 108,519.50 | 669.50 |
| 7/1 – 7/31/06 | October 3, 2006 | 44,957.50 | 425.85 |
| 8/1 – 8/31/06 | October 31, 2006 | 4,800.50 | 87.00 |
| 9/1 – 9/30/06 | None Submitted | – | – |
| 10/1 – 10/31/06 | December 21, 2006 | 6,974.00 | 225.13 |
| 11/1 – 11/30/06 | None Submitted | – | – |
| 12/1– 12/31/06 | February 12, 2007 | 13,156.00 | 496.85 |
| 1/1– 1/31/07 | March 13, 2007 | 7,700.50 | 124.85 |
| 2/1 – 2/28/07 | April 4, 2007 | 17,119.50 | – |
| 3/1 – 3/31/07 | May 10, 2007 | 17,649.00 | 271.07 |
| 4/1 – 4/30/07 | June 19, 2007 | 4,328.50 | – |
| 5/1– 5/31/07 | July 13, 2007 | 25,241.50 | – |
| 6/1 – 6/30/07 | August 23, 2007 | 4,814.00 | 2,326.25 |
| 7/1 – 7/31/07 | September 28, 2007 | 2,510.00 | 178.50 |
| 8/1 – 8/31/07 | October 12, 2007 | 14,305.00 | 234.00 |
| 9/1 – 9/30/07 | December 10, 2007 | 5,959.00 | 194.00 |
| 10/1 – 10/31/07 | December 14, 2007 | 7,213.00 | – |
| 11/1 – 11/30/07 | January 22, 2008 | 2,911 | – |
| 12/1– 12/31/07 | February 6, 2008 | 25,057.00 | 2,661.75 |
| 1/1– 1/31/08 | March 13, 2008 | 32,984.00 | – |
| 2/1 – 2/29/08 | April 28, 2008 | 21,984.00 | |
| 3/1 – 3/31/08 | May 7, 2008 | 4,302.00 | 560.00 |
| 4/1– 4/30/08 | June 12, 2008 | 4,332.00 | – |
| 5/1– 5/31/08 | July 7, 2008 | 445.00 | 10.79 |
| 6/1 – 6/30/08 | None Submitted | – | – |
| 7/1 – 7/31/08 | September 19, 2008 | 19,266.00 | – |
| 8/1 – 8/31/08 | October 14, 2008 | 11,601.50 | – |
| 9/1 – 9/30/08 | November 11, 2008 | 8,074.00 | 762.00 |
| 10/1 – 10/31/08 | December 11, 2008 | 11,056.50 | – |
| 11/1 – 11/30/08 | January 22, 2009 | 14,683.50 | 14.12 |
| 12/1– 12/31/08 | February 6, 2009 | 30,541.00 | 9.00 |
| 1/1– 1/31/09 | March 17, 2009 | 32,103.50 | – |
| 2/1 – 2/28/09 | April 15, 2009 | 9,576.00 | 409.50 |
| 3/1 – 3/31/09 | May 27, 2009 | 11,226.50 | – |
| 4/1– 4/30/09 | July 7, 2009 | 2,139.00 | 140.00 |
| 5/1– 5/30/09 | July 17, 2009 | 5,472.00 | 810.00 |

| | | | |
|---|---|---|---|
| 6/1– 6/30/09 | None submitted | - | - |
| 7/1– 7/31/09 | September 22, 2009 | 195.00 | - |
| 8/1 – 8/31/09 | October 12, 2009 | 228.00 | - |
| 9/1 – 9/30/09 | November 11, 2009 | 21,153.00 | 180.00 |
| 10/1 – 10/31/09 | December 3, 2009 | 11,029.50 | - |
| 11/1 – 11/30/09 | January 13, 2010 | 7,866.00 | - |
| 12/1 – 12/31/09 | February 2, 2010 | 7,923.00 | 1,388.00 |
| 1/1 – 1/31/10 | None Submitted | - | - |
| 2/1 – 2/28/10 | None submitted | - | - |
| 3/1/ - 3/31/10 | May 25, 2010 | 1,904.00 | 1,100.00 |
| TOTAL | | $3,504,860.50 | $787,374.91 |

The Woodcock professionals who rendered ordinary course services during the

current quarterly fee period are:

| Name of Professional | Position with the Applicant | Year Admitted to Bar | Department | Hourly Billing Rate | Total Billed Hours | Total Fees Generated |
|---|---|---|---|---|---|---|
| Gary H. Levin | Partner | 1976 | IP Litigation | $595.00 | 5.40 | $3,213.00 |
| Gary H. Levin | Partner | 1976 | IP Litigation | $570.00 | 1.00 | $ 570.00 |
| Stephanie A. Barbosa | Associate | 2005 | IP Counseling | $335.00 | 27.70 | $9,279.50 |
| Lori Ann D. Swanson | Associate | 2007 | IP Counseling | $310.00 | 1.50 | $ 465.00 |
| Noreen Garonski | Paralegal | | IP Prosecution | $195.00 | 1.00 | $ 195.00 |

Total Fees:  $13,722.50

Expenses incurred in performing ordinary course services were as follows:

| Summary Total of Expenses/Disbursements | |
|---|---|
| Computer Search | $4.72 |
| TOTAL | $4.72 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| Debtors | ) | |

**Quarterly Application of Woodcock Washburn for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel and Ordinary Course Professionals for W.R. Grace & Co., *et al.*, for the Thirty-Seventh Quarterly Interim Period of April to June 2010**

Pursuant to section 327, 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Orders (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (The "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (The "Amended Interim Compensation Order") and

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit &Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing System, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc., Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Del.Bankr.LR 2016-2, the law firm of Woodcock Washburn LLP ("Woodcock"), special

litigation counsel and ordinary course professional for the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors"), hereby applies for an order allowing

it (i) compensation in the amount of $13,722.50 for the reasonable and necessary legal

service Woodcock has rendered to the Debtors and (ii) reimbursement for the actual and

necessary expenses Woodcock has incurred in the amount of $4.72 for the interim

quarterly period from April 1, 2010, through June 30, 2010 (the "Fee Period").

In support of this Application, Woodcock states as follows:

## Background

### Retention of Woodcock Washburn

1.      By this Court's order dated January 22, 2003, (the "Retention Order"), the

Debtors were authorized to retain Woodcock as special litigation counsel.  On April 15,

2005, the Court entered a further Order ("the Expansion Order") granting Debtor's

"Motion for Authorization to Modify and Expand the Scope of Services Provided by

Woodcock Washburn LLP."  This Order authorized Debtor to retain Woodcock to

provide to Debtor further services in ordinary course in the field of intellectual property

and authorized Debtor to reimburse Woodcock for ordinary course services provided

prior to the Order entry date.  The Retention Order and Expansion Order authorize the

Debtor to compensate Woodcock at Woodcock's hourly rates charged for services of this

kind and to reimburse Woodcock for actual and necessary out-of-pocket expenses that it

incurred, subject to application to this Court in accordance with the Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure, applicable local rules, and orders of this Court.

**Interim Fee Applications Covered Herein**

2.      Pursuant to the procedures set forth in the Interim Compensation Order and the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"); the notice parties listed in the Amended Interim Compensation Order may object to such request.  If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

3.      Furthermore, and also pursuant to the Amended Interim Compensation Order, after the end of each quarter, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

4.      This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the twenty-ninth quarterly Application for compensation for services rendered that Woodcock has filed with the Bankruptcy Court and covers the Fee Period April through June 2010 (the Thirty-Seventh Quarterly Period).

5.      Woodcock has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

a.      Summary Application of Woodcock for Compensation for Services and Reimbursement of Expenses as Counsel to W.R. Grace & Co., *et al.*, for April 2010, filed June 16, 2010, attached hereto as Exhibit A.

b.      Summary Application of Woodcock for Compensation for Services and Reimbursement of Expenses as Counsel to W.R. Grace & Co., *et al.*, for May 2010, filed July 13, 2010, attached hereto as Exhibit B.

c.       Summary Application of Woodcock for Compensation for Services and Reimbursement of Expenses as Counsel to W.R. Grace & Co., *et al.*, for June 2010, filed August 9, 2010, attached hereto as Exhibit C.

6.      In its role as ordinary course professional, Woodcock has advised W.R. Grace & Co.-Conn. on general matters relating to intellectual property and has performed general services in the intellectual property field, such as rendering opinions on certain intellectual property matters.  Because Woodcock's fee applications may be obtained by third-parties, the descriptions of fee services provided here are necessarily more general than might otherwise be provided in order to protect applicable privileges.

- 4 -

**Requested Relief**

       7.     By this Quarterly Fee Application, Woodcock requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Woodcock for the Fee Period and for the periods covered by the Petition, as detailed in the Applications and Petition, less any amount actually paid to Woodcock pursuant to the Applications and Petition during the pendency of this Quarterly Fee Application.

**Disinterestedness**

       8.     Woodcock does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. Woodcock disclosed in its Application for Appointment as Special Litigation Counsel any connection it had to the Debtors that it had been able to ascertain using its reasonable efforts. Woodcock will update the disclosures where necessary if Woodcock becomes aware of material new information.

**Representations**

       9.     Woodcock believes that this Quarterly Fee Application complies with the requirements of Del.Bankr.LR2016-2 and the Amended Interim Compensation Order.

      10.     Woodcock performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor, or other person.

11.     During the Fee Period, Woodcock has received no payment, nor has it

received any promises for payment, from any other source for services rendered during

the Fee Period or to be rendered in any capacity whatsoever in connection with its acting

as counsel for Debtors.

12.     Pursuant to Fed. R. Bank. P. 2016(b), Woodcock has not shared, nor has it

agreed to share, (a) any compensation it has received or may receive with another party

or person other than with the partners, counsel, and associates of Woodcock, or (b) any

compensation another person or party has received or may receive in connection with the

Chapter 11 case.

WHEREFORE, Woodcock respectfully requests that the Court enter an

order providing (a) that, for this Fee Period, April through June 2010, an administrative

allowance be made to Woodcock in the amounts of (i) $13,722.50 as compensation for

reasonable and necessary professional services rendered for the Debtors and (ii) $4.72 for

reimbursement of actual and necessary costs and expenses incurred, for a total of

$13,727.22 and (b) that the Debtors be authorized and directed to pay to Woodcock these

outstanding amounts, less any amounts previously paid to Woodcock, pursuant to the

Applications and the procedures set forth in the Interim Compensation Order.

                                              Respectfully submitted

Date:  September 8, 2010                       Gary H. Levin
                                              Woodcock Washburn LLP
                                              Cira Centre, 12th Floor
                                              2929 Arch Street
                                              Philadelphia, PA 19104-2891
                                              (215) 568-3100
                                              levin@woodcock.com