**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Hearing Date: October 18, 2010, at 10:30 a.m. |
| ) | Objection Deadline: October 1, 2010 |

**DEBTORS' APPLICATION FOR ORDER AUTHORIZING DEBTORS TO (A) ENTER INTO FINANCIAL ADVISOR ENGAGEMENT LETTER; AND (B) PAY CERTAIN FEES AND EXPENSES IN CONNECTION THEREWITH**

The Debtors hereby submit this Application for the entry of an order, substantially in the form of Exhibit A (the "Retention Order") authorizing the Debtors to (a) enter into an Engagement Letter substantially in the form of Exhibit B (the "Engagement Letter") providing for the employment and retention of Seale & Associates, Inc. ("Seale") as the Debtors' financial advisor for the identification and acquisition of one or more businesses with new technologies used in packaging; and (b) pay certain fees and expenses in connection therewith. In connection

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn. ("Grace-Conn."), A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

herewith, the Debtors are filing a motion requesting the Court authorize them to file the unredacted form of the Engagement Letter under seal (the "Seal Motion"). The redactions in the Engagement Letter filed as Exhibit B hereto relate solely to the amount of fees proposed to be approved in the Retention Order, and the unredacted form of Engagement Letter is being provided to certain Limited Notice Parties, as further discussed in the Seal Motion.

In support of this Application, the Debtors respectfully submit the Affidavit of Robert Whitney, Vice President of Seale & Associates, Inc., (the "Whitney Affidavit"), a copy of which is attached hereto as **Exhibit C**. In further support of this Application, the Debtors respectfully state as follows:[2]

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 327(a) and 328(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"), Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them, as the case may be, in the Seal Motion, the Whitney Affidavit, the Engagement Letter or the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594 and 24657 (the "Plan").

**BACKGROUND**

3.      The Debtors conduct a Specialty Chemical business that operates through two operating units of Grace-Conn., Grace Davison and Grace Construction Products.

4.      The Debtors have determined in their business judgment that augmenting the Grace Materials Technologies product group of Grace Davison is in their best interests and those of their creditor and equity constituencies.  They are therefore commencing to identify and acquire one or more businesses with new technologies used in packaging (the "Project"), which would become part of the Materials Technologies unit.

**SEALE & ASSOCIATES PROFESSIONAL QUALIFICATION**

5.      On April 22, 2009, this Court entered an *Order Authorizing Employment and Retention of Seale & Associates, Inc., as Debtors' Financial Advisor for Sale of Their Gas Equipment Business* (docket no. 21354) (the "Previous Seale Retention Order").  The Debtors incorporate by reference the factual predicate of their motion for entry of that order and the affidavit in support thereof.  Pursuant to this Application, the Debtors are requesting the Court authorize them to retain Seale for the separate engagement of advising them regarding the Project.

6.      Retaining an expert financial advisor to provide the Transaction Services (as that term is defined below) will allow the Debtors to execute the Project and thereby maximize the benefit to their creditor and equity constituencies.  Seale is uniquely qualified to provide such services.

7.      In particular, Seale's professionals have extensive expertise in evaluating prospective acquisitions, divestitures, joint ventures, carve-outs, strategic alliances and spin-offs.  In particular, Seale has extensive experience in advising its clients in the evaluation and acquisition of businesses similar to those that are the targets of the Project.  As such, the services

provided by Seale will allow the Debtors to most efficiently consider and evaluate prospective acquisitions for the Project in order to maximize the value of the acquisitions for the Debtors' estates. Seale will provide the services under the terms and conditions described in the Engagement Letter with Grace-Conn.

8. Given (a) the nature of the businesses that are the target of the Project and (b) the experience that Seale has in evaluating and acquiring similar businesses, the retention of Seale will allow the Debtors to conduct the acquisition of businesses in the manner most effective to maximize the value of the acquired businesses to the Debtors. The Debtors believe that Seale is well qualified to provide the required services to the Debtors in a cost-effective, efficient and timely manner.

### RELIEF REQUESTED

9. By this Application, the Debtors seek entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 5002 and Local Rule 2014-1 authorizing (a) the employment and retention of Seale as their financial advisor in connection with the evaluation of prospective acquisitions of businesses with new technologies used in packaging, to be integrated into the Grace Materials Technologies group, upon the terms and conditions contained in the Engagement Letter and approving the terms of Seale's employment, including the proposed fee structure set forth in the Engagement Letter; and (b) payment of certain fees and expenses in connection therewith.

### DISINTERESTEDNESS

10. As required by Bankruptcy Rule 2014 and Local Rule 2014-1, Seale has submitted the Whitney Affidavit setting forth Seale's connections with the Debtors, creditors, parties in interest, the United States Trustee and any person employed in the Office of the United States Trustee.

11. To the best of the Debtors' knowledge, except as set forth in the Whitney Affidavit, Seale: (a) does not have any connection with any of the Debtors, their affiliates, their creditors or any other party in interest or their respective attorneys and accountants; (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and (c) does not hold or represent any interest adverse to the Debtors or their estates.

## SCOPE OF SERVICES

12. Pursuant to the terms of the Engagement Letter, Seale has agreed to provide the following services (the "Transaction Services"):[3]

- Complete a strategic business assessment of the Functional Packaging business sector and work with Grace to develop criteria for identifying and prioritizing acquisition opportunities;

- Identify and deliver to Grace a list comprising the universe of specific acquisition opportunities that are within the scope of the Project and meet the target criteria (the "Preliminary Universe List");

- Meet with Grace to present and discuss the Preliminary Universe List;

- Based on the results of this meeting and subsequent meetings, perform research and analysis of specific Transaction opportunities including gathering intelligence on potential targets and evaluating and ranking each target based on Grace's acquisition criteria;

- Meet with Grace to review results of comprehensive study and refine prioritization of acquisition alternatives into a potential target list (the "Target List");

- Arrange for Grace to meet with the key decision makers of the companies on the Target List, as prioritized; and

- Provide appropriate consulting advice as may be requested by Grace, including valuation and acquisition analyses, deal structuring advisory services, and consultation during negotiations.

---

[3] The following summary of the Engagement Letter is provided solely for the convenience of the Court and parties in interest. To the extent that there are any discrepancies between this summary and the Engagement Letter, the terms and language of the Engagement Letter shall govern. Capitalized terms used but not defined herein are used with the meanings assigned to them in the Engagement Letter.

9

The Debtors propose that, at Grace's exclusive option, and without further order of this Court, Grace and Seale shall execute one or more addenda to the Engagement Letter giving Seale the right to approach Transaction candidates on Grace's behalf, and Seale shall approach only those candidates identified in any such addendum.

13. The Transaction Services that Seale will provide to the Debtors are necessary to enable the Debtors to effectively conduct the Project. The Debtors believe that the Transaction Services will not duplicate the services that The Blackstone Group L.P. ("Blackstone"), the Debtors' financial advisors, or the Debtors' other professionals will be providing to the Debtors in these Chapter 11 Cases. Seale will carry out distinct functions in these cases relating only to the Project.

## COMPENSATION

14. The terms of Seale's proposed compensation (the "Fee Structure") are fully set forth in the Engagement Letter. In summary, under the terms of the Engagement Letter and subject to the Court's approval, Seale will receive:

- During the term of the Engagement Letter (including any extension thereof) or within one year after its termination, of any Transaction with a company on the Target List, Grace will pay to Seale an amount in cash (the "Fee"), equal to a specified percentage of the value of the consideration paid by Grace for such Transaction, which percentages shall vary depending on the amount of the consideration, and subject to a minimum fee in the case of the first Transaction.

- Grace shall pay Seale a non-refundable monthly work study fee beginning on the date of execution of the Engagement Letter and on each of the three subsequent monthly anniversaries of that date. The amount of fees payable to Seale upon closing of each Transaction in the Project shall be reduced by the amount of the work study fees paid to Seale and not previously credited to a Fee.

- Grace will reimburse Seale for reasonable out-of-pocket expenses incurred in connection with the Services. Such expenses shall include, but not be limited to, both domestic and international travel (including transportation, room, board, and related expenses), long-distance telephone, telefax, postage, private delivery service, research materials, translators and consultants where necessary, administrative costs, and all similar costs.

Travel to be undertaken in connection with the Engagement Letter is subject to the prior approval of Grace.

15. Seale's compensation and expenses in the Chapter 11 Cases shall be subject only to the standard of review set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to any other standard of review set forth in section 330 of the Bankruptcy Code.

16. The Debtors are seeking approval of the Fee Structure set forth above pursuant to section 328(a) of the Bankruptcy Code, which provides in pertinent part that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 … [of the Bankruptcy Code] … on any reasonable terms and conditions of employment, including … on a contingency fee basis." 11 U.S.C. § 328(a). Accordingly, section 328(a) permits the Court to approve the Fee Structure outlined above.

17. The Debtors believe that the Fee Structure appropriately reflects the nature and scope of the Transaction Services, and Seale's substantial experience with respect to these types of services. The Debtors further believe that the Fee Structure is (a) reasonable; (b) market-based; (c) well within the range of comparable transactions; and (d) merited by Seale's level of experience and expertise. Similar contingency fee arrangements have been approved and implemented in other chapter 11 cases in this District and elsewhere.

### INDEMNIFICATION PROVISIONS

18. Seale requests that the indemnification provisions of the Engagement Letter be approved subject to the following:

(a) subject to the provisions of subparagraph (c) below, the Debtors are authorized to indemnify, and shall indemnify, Seale in accordance with the Engagement Letter, for any claim arising from, related to or in connection with the Transaction Services;

(b) notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Seale, or to provide contribution or reimbursement to Seale, to the extent any losses, claims, damages or liabilities (or

11

expenses relating thereto) are determined by a court of competent jurisdiction (the determination having become final) to have primarily resulted from the bad faith, gross negligence or willful misconduct of Seale; and

(c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan or plans in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, Seale believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter, including without limitation, the advancement of defense costs, Seale must file an application therefor in the Court, and the Debtors may not pay any such amount to Seale before the entry of an order by the Court approving such payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for fees and expenses by Seale for indemnification, contribution or reimbursement, and not to limit the duration of the Debtors' obligation to indemnify Seale.

19. The preceding indemnification provisions are substantially similar to those approved by this Court when it entered its Prior Seale Retention Order.

## ANALYSIS

20. Section 327 of the Bankruptcy Code governs a debtor's employment of "professional persons" to represent the debtor in possession in carrying out its duties under the Bankruptcy Code. See 11 U.S.C. § 327(a).

21. The Debtors seek approval of the Engagement Letter pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 … on any reasonable terms and conditions of employment …" 11 U.S.C. § 328(a).

22. Section 328 permits the compensation of professionals on flexible terms that reflect the nature of their services and market conditions. As the United States Court of Appeals for the Fifth Circuit recognized in *In re National Gypsum Co.*:

> Prior to 1978, the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was

12

> worth after it had been done. The uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants reasonable compensation based on relevant factors of time and comparable costs, etc. Under present § 328 the professionals may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

123 F.3d 861, 862 (5th Cir. 1997) (citations omitted).

23. In order to maximize the efficiency and effectiveness of the Project, the Debtors require a financial advisor such as Seale to perform the Transaction Services. In the Debtors' business judgment, Seale is uniquely qualified to provide the Transaction Services.

24. The Fee Structure set forth in the Engagement Letter is consistent with the fee structures typically utilized by Seale and other similar professionals to provide services of a similar scope and nature as the Transaction Services.

25. Accordingly, the Debtors are requesting that the Court approve Seale's employment and retention on the terms and conditions set forth in the Engagement Letter as supplemented by this Application and the form of order attached hereto as Exhibit A.

## NO PREVIOUS MOTION

26. No previous motion for the relief sought herein has been made to this or any other court. The Prior Seale Retention Order and the associated motion for entry thereof involved a separate transaction from those contemplated under the Project.

## NO BRIEFING SCHEDULE

27. The Debtors respectfully submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Del. Bankr. L.R. 1001-1(b), the

Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

## NOTICE

28.    Notice of this Motion has been given to: (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; and (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**[nothing further on this page]**

WHEREFORE, the Debtors respectfully request an entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to employ and retain Seale on the terms set forth in the Application and (b) granting such other further relief as is just and proper.

Dated: September 13, 2010

KIRKLAND & ELLIS LLP
Theodore L. Freedman
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP


___*/s/ Kathleen P. Makowski*_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(302) 652-4100
(302) 652-4400
Co-Counsel for the Debtors and Debtors-in-Possession