## EXHIBIT A

**Form of Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re docket no. _____** |
| | ) | **Hearing Agenda item no. _____** |
| | ) | |

**ORDER AUTHORIZING DEBTORS TO (A) ENTER INTO FINANCIAL ADVISOR ENGAGEMENT LETTER; AND (B) PAY CERTAIN FEES AND EXPENSES IN CONNECTION THEREWITH**

Upon consideration of the application (the "Application") of the Debtors for an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, authorizing the Debtors to retain Seale & Associates, Inc. ("Seale") as their financial advisor as more fully set forth in the Application; and upon consideration of the Whitney Affidavit in support of the Application; adequate notice of the unredacted Engagement Letter having been given; and it appearing that

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the requirements of section 107(b) of the Bankruptcy Code having been met; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Application is a core proceeding pursuant to 28 U.S.C. § 157; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that Seale neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that Seale is "disinterested," as that term is defined in section 101(14) of the Bankruptcy Code; and it appearing that the relief requested in the Application is in the best interest of the Debtors' estates and their creditors; after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that: [2]

1. The Application is granted in its entirety

2. The Debtors are authorized to employ and retain Seale as their financial advisor pursuant the terms set forth in the Engagement Letter and Application.

3. The Debtors are authorized to pay Seale in consideration of the Transaction Services provided by Seale, without further approval of this Court, the amounts set forth in the Engagement Letter.

4. Grace will reimburse Seale for reasonable out-of-pocket expenses incurred in connection with the Services. Such expenses shall include, but not be limited to, both domestic and international travel (including transportation, room, board, and related expenses), long-distance telephone, telefax, postage, private delivery service, research materials, translators and consultants where necessary, administrative costs, and all similar costs.

---

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in, as the case may be, the in the Application, the Seal Motion, the Engagement Letter, the Whitney Affidavit (as each of those terms is defined in the Application) or *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594 and 24657 (the "Plan")..

Travel to be undertaken in connection with the Engagement Letter is subject to the prior approval of Grace.

5. Seale's compensation and expenses in these Chapter 11 Cases shall be subject only to the standard of review set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to any other standard of review set forth in section 330 of the Bankruptcy Code.

6. Seale shall provide the Transaction Services pursuant to the terms and conditions set forth in the Engagement Letter.

7. Seale will not be required to submit detailed daily time records or expense records as part of any monthly statements, or interim or final fee applications with respect to any payment of the Transaction Fees or any expenses incurred under the Engagement Letter.

8. The indemnification provisions set forth in the Engagement Letter are approved subject to the following:

   (a) subject to the provisions of subparagraph (c) below, the Debtors are authorized to indemnify, and shall indemnify, Seale in accordance with the Engagement Letter, for any claim arising from, related to or in connection with the Transaction Services;

   (b) notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Seale, or to provide contribution or reimbursement to Seale, to the extent any losses, claims, damages or liabilities (or expenses relating thereto) are determined by a court of competent jurisdiction (the determination having become final) to have primarily resulted from the bad faith, gross negligence or willful misconduct of Seale; and

   (c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan or plans in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, Seale believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter, including without limitation, the advancement of defense costs, Seale must file an application therefor in this Court, and the Debtors may not pay any such amount to Seale before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for fees and expenses by Seale for indemnification, contribution

3

or reimbursement, and not to limit the duration of the Debtors' obligation to indemnify Seale.

9. Notwithstanding any provision of the Engagement Letter to the contrary, to the extent that this Court has jurisdiction over any matters arising out of or related to the Engagement Letter, such matter shall be heard in this Court.

10. The Debtors may, at their exclusive option, execute one or more addenda to the Engagement Letter giving Seale the right to approach Transaction candidates on Grace's behalf, and Seale shall approach only those candidates whose names appear on those addenda.

11. To the extent this Order is inconsistent with any prior order or pleading with respect to the Application in these cases or the Engagement Letter, the terms of this Order shall govern.

12. The Debtors are authorized to take all actions that may be necessary to undertake the Transaction Services and the retention of Seale pursuant to the terms of the Engagement Letter.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the Transaction Services and the retention of Seale pursuant to the terms of the Engagement Letter.

**[nothing further on this page]**

14. This Order is effective immediately upon its entry, notwithstanding Fed. R. Bankr. P. 6004 and Fed. R. Bankr. P. 9014.

Dated: October \_\_\_, 2010

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge