**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Hearing Date: October 18, 2010, at 10:30 a.m.** |
| | ) **Objection Deadline: October 1, 2010** |
| | *Related To Docket No.* |

**MOTION PURSUANT TO SECTION 107 AUTHORIZING DEBTORS TO FILE
UNREDACTED FORM OF SEALE ENGAGEMENT LETTER UNDER SEAL**

The Debtors hereby submit this motion for the entry of an order, substantially in the form of Exhibit A (the "Order"), authorizing the Debtors to file under seal an unredacted form of an engagement letter (the "Engagement Letter") providing for the employment and retention of Seale & Associates, Inc. ("Seale") as the Debtors' financial advisor for the identification and acquisition of one or more businesses with new technologies used in packaging. The

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn. ("Grace-Conn."), A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Engagement Letter is attached as Exhibit B to the Debtors' application (filed contemporaneously herewith) for the entry of an order authorizing the Debtors to (a) enter into the Engagement Letter; and (b) pay certain fees and expenses in connection therewith (the "Seale Application").[2]

The proposed redactions to form of Engagement Letter attached to the Seale Application as Exhibit B relate solely to the amount of fees proposed to be approved in the Retention Order. In order to provide key creditor and equity constituencies (among others) with adequate notice of the Engagement Letter's proposed fee structure, the Debtors will be providing the unredacted form of the Engagement Letter to certain "Limited Notice Parties", as that term is defined below, pursuant to applicable confidentiality arrangements.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are section 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

## SEALE'S REQUEST FOR CONFIDENTIALITY

3. In order to protect certain confidential business information, Seale has requested that the exact amount of the fees be redacted from the form of Engagement Letter publicly filed

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them, as the case may be, in the Seale Application Whitney Affidavit, the Engagement Letter or the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594 and 24657 (the "Plan").

6

with the Seale Application, and it has further requested that those fees not be revealed in open court. Seale has consented to the unredacted Engagement Letter (showing all fees) being shared on a confidential basis with the Court as well as with the following parties and their respective counsel and other professional advisors under applicable confidentiality arrangements: (i) the office of the United States Trustee; (ii) each of the official committees appointed in these Chapter 11 Cases; and (iii) the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives (collectively, the "Limited Notice Parties").

## RELIEF REQUESTED

4.  By this motion, the Debtors seek entry of an order pursuant to Bankruptcy Code section 107 and Local Bankruptcy 9018-1 authorizing them to file the unredacted Engagement Letter under seal.

## ANALYSIS

5.  The Debtors request the Court approve the filing of the unredacted Engagement Letter under seal. The Debtors submit that sufficient cause exists under section 107(b) because Seale would be put at a serious competitive disadvantage if its fee structure were to become public knowledge. 11 U.S.C. § 107(b). *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)). Moreover, under circumstances such as these, courts have found that it is appropriate under section 107(b) for debtors to file fee letters (or appropriate portions of engagement letters containing fee structures) under seal where, as here, the fees or similar competitive information of a retained professional has been redacted in the public filing. *In re Muzak Holdings LLC*, Case No. 09-10422 (KJC) (Bankr. D. Del. Dec. 21, 2009) (Dkt. 732) (entire fee letter filed under seal); *see also In re Northwest Airlines Corp.*, Case No. 05-17930 [Docket No. 6511] (Bankr. S.D.N.Y. May 2, 2007) (same); *In re Calpine*

7

*Corporation*, Case No. 05-60200 [Docket No. 3494] (Bankr. S.D.N.Y. January 29, 2007) (authorizing Debtors to file fee letter with respect to Debtors' refinancing effort under seal); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 [Docket No. 13092] (Bankr. S.D.N.Y. Jan. 25, 2007) (authorizing the debtor to file documentation of fee structure for underwriting agreement under seal).

6. The Debtors have provided the unredacted Engagement Letter to the Limited Notice Parties, including the United States Trustee. The Limited Notice Parties have the greatest interest in the Engagement Letter and the fees proposed therein, and so limiting notice to these entities will subject the proposed fees to sufficient scrutiny on their merits. The Debtors therefore respectfully submit that the interests of affected creditor and equity constituencies have been sufficiently protected under the facts and circumstances, and the filing of the unredacted Engagement Letter should be approved.

### NO PREVIOUS MOTION

7. No previous motion for the relief sought herein has been made to this or any other court.

### NO BRIEFING SCHEDULE

8. The Debtors respectfully submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "<u>Local District Court Rules</u>"), incorporated by reference in Del. Bankr. L.R. 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

### **N**OTICE

9. Notice of this Motion has been given to: (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; and (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**[nothing further on this page]**

WHEREFORE, the Debtors respectfully request an entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (a) authorizing the Debtors to file the unredacted form of the Seale Engagement Letter under seal and (b) granting such other further relief as is just and proper.

Dated:  September 13, 2010

KIRKLAND & ELLIS LLP
Theodore L. Freedman
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Kathleen P. Makowski*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705
(302) 652-4100
(302) 652-4400
Co-Counsel for the Debtors and Debtors-in-Possession