## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: Docket no. 25057, 25044, 24991 &25232  & 25404 |
| | ) Hearing Date: September 13, 2010 |
| | ) Agenda Item # 7 |

## AGREED ORDER RESOLVING MOTION OF JAMES P. MCGUIRE FOR RECONSIDERATION OF DISALLOWANCE OF EMPLOYEE CLAIM NO. 12926 AND WITHDRAWING SAME WITH PREJUDICE

Upon consideration of the *Motion of James P. McGuire for Reconsideration for Disallowance of Employee Claim No. 12926* (docket no. 25057) (the "Motion"), the Debtors' *Objection to Motion of James P. McGuire for Reconsideration of Disallowance of Employee Claim No. 12926* (docket no. 25232) and the *Certificate of Counsel Regarding Order Resolving Motion of James P. McGuire for Reconsideration of Disallowance of Employee Claim No. 12926* (docket no. _____, the "Certificate of Counsel"); and it appearing that the relief requested in the

---

[1]     The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Certificate of Counsel is in the best interests of the Debtors, their estates and creditors;[2] it is

hereby ORDERED that:

1.  The Motion is withdrawn with prejudice.

2.  The disallowance of Claim no. 12926 is sustained; *provided*, *however*, that the
    disallowance of Claim no. 12926 does not affect any of Mr. McGuire's Applicable
    Employee Benefits, and in particular such disallowance does not affect the merits of Mr.
    McGuire's assertion that he is entitled to a disability benefit in addition to the two
    separate pension benefits which Mr. McGuire has been receiving since approximately
    1997 will remain unaffected by the disallowance of his Employee Claim 12926.

3.  Mr. McGuire will remain free to pursue whatever remedies he sees fit to pursue regarding
    his assertion that he is entitled to a disability benefit in the event that the matter cannot be
    resolved consensually (and the Debtors will be free to assert whatever non-bankruptcy
    defenses they are entitled to assert in respect thereof).

4.  The Court shall retain jurisdiction to hear and determine all matters arising from or
    relating to the implementation of this Order, the withdrawal of the Motion and the
    disallowance of Claim no. 12926.

**[nothing further on this page]**

---

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the
       Certificate of Counsel, the Debtors' *Objection to Motion of James P. McGuire for Reconsideration of
       Disallowance of Employee Claim No. 12926* (docket no. 25232), the *Twenty-Eighth Omnibus Objection to
       Employee Claims (Substantive Objection)* (docket no. 24363) (the "Employee Claims Objection"), the
       Employee Claims Disallowance Order, the *Order Approving Employee Benefits Claim Resolution Protocol*,
       docket no. 24304) or the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended,
       Docket nos. 19579, 20666, 20872, 20873, 21594 and 24657 (the "Plan").

5. This Order is effective immediately upon its entry, notwithstanding Fed.R.Bankr.P. 7054

   and 9014.

Dated: September 15, 2010

_____
Honorable Judith K. Fitzgerald    **rmab**
United States Bankruptcy Judge

7