DATE OF SERVICE OF CLAIMS SETTLEMENT NOTICE: SEPTEMBER 20, 2010

OPPOSITION/RESPONSE DUE: OCTOBER 10, 2010

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

### CLAIMS SETTLEMENT NOTICE (CLAIM NO. 1926)

THIS NOTICE (THE "CLAIMS SETTLEMENT NOTICE") IS PROVIDED TO YOU PURSUANT TO THAT CERTAIN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (THE "BANKRUPTCY COURT") *AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING* (THE "COURT ORDER"). YOU MUST ADHERE TO THE TERMS OF THIS CLAIMS SETTLEMENT NOTICE IN ORDER TO PROTECT YOUR RIGHTS. PLEASE READ THE FOLLOWING PROCEDURES CAREFULLY.[2]

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    Capitalized terms not defined in this Stipulation shall have the meanings ascribed to them, as the case may be, in the *Stipulation Resolving Claim of The Seaboard Group II (Claim No.1926)* (the "Stipulation"), attached

Pursuant to the Court Order, the Debtors must provide notice to the Negative Notice Parties (as defined herein) of any settlement with a value that equals or exceeds $50,000, but does not exceed $1,000,000. Such notice must include the terms of the settlement and the Debtors' basis for belief that each settlement is fair and reasonable. Pursuant to the terms of the Court Order, if the terms set forth in this Claims Settlement Notice are not objected to in writing by any of the Negative Notice Parties within twenty (20) days after the date of transmittal of such written notice, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Bankruptcy Court by the Debtors of a certificate of no objection with respect to such settlements. **In no event, however, will a settlement executed by the Debtors in accordance with the Court Order provide for any monetary payments to be made by the Debtors from property of their estates to or on behalf of a settling party on account of any claims owing or arising prior to April 2, 2001, the date the Debtors filed their petitions for relief under title 11 of the United States Code.** Such claims shall be satisfied in accordance with such further orders of the Bankruptcy Court or in accordance with the Debtors' plan of reorganization.

If you oppose the settlement of the Claim (as defined below) on the terms set forth herein, you must follow the procedures delineated below. Please note that objections, oppositions or comments to the procedures set forth herein shall not be deemed an objection to the settlement of the Claim and will, therefore, not be considered.

### *Summary of Terms of Settlement*

On or about September 13, 2010, the Debtors and The Seaboard Group II (the "Claimant") entered into a stipulation in substantially the form attached hereto as Exhibit A, in which Claim No. 1926 is allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $119,366 (the "Settled Claim Amount"). In the event that the Debtors' plan of reorganization provides for the payment of interest to holders of Allowed General Unsecured Claims, with respect to the Settled Claim Amount, interest shall be calculated at the rate provided for and compounded as provided for the holders of such claims under the plan, which shall begin to accrue on September 2, 2010 and shall continue to accrue, for the same duration as provided for other such claims in accordance with the terms of the plan.

The Stipulation resolves all prepetition claims of Claimant.

### *Objection Procedures:*

If you object to the settlement of the Claim, you **MUST** serve on the parties listed below (collectively, the "Negative Notice Parties") a written objection to this Claim Settlement Notice. All objections and responses must be received by the Negative Notice Parties at the facsimile

---

hereto as Exhibit A, the *Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding*, [Docket no. 936] (the "Omnibus Settlement Procedures Order") or the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594 and 24657 (the "Plan").

numbers set forth below no later than twenty (20) days after the date of this notice (**October 10, 2010**) at 4:00 p.m. (E.S.T.).

If a timely objection is not received by the Negative Notice Parties and Debtors' counsel, the Claim shall be deemed resolved without further notice or hearing of the Bankruptcy Court.

If a timely objection is received by the Negative Notice Parties' and Debtors' counsel and a resolution to the objection cannot be reached among the parties, the Debtors will file a copy of the Claim Settlement Notice and your objection with the Court and will schedule a hearing to consider the Claim Settlement Notice. Unless otherwise ordered by the Court, if such objection is overruled or withdrawn, the settlement of the Claim shall be deemed to have occurred on the date the Court enters an order approving the Claim Settlement Notice.

Any questions or comments regarding the foregoing procedures may be forwarded to James E. O'Neill of Pachulski Stang Ziehl & Jones LLP at 919 N. Market St., 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705, (302) 652-4100.

**[Remainder of Page Intentionally Left Blank]**

## DISTRIBUTION LIST/NEGATIVE NOTICE PARTIES

### *OFFICE OF UNITED STATES TRUSTEE*

United States Trustee's Office
Attn: David M. Klauder
844 King Street, Suite 2207
Lock Box 35
Wilmington, DE 19801

**FAX: (302) 573-6497**

### *COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'*

Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982
Attn: Arlene G. Krieger, Esq.

**FAX: (212) 806-6006**

### *COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS*

Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152
Attn: Elihu Inselbuch

**FAX: (212) 644-6755**

Caplin & Drysdale
One Thomas Circle, N.W., Suite 1100
Washington, District of Columbia 20005
Attn: Peter Van N. Lockwood

**FAX: (202) 429-3301**

Campbell & Levine
800 North King Street, Suite 300
Wilmington, DE 19801
Attn: Mark T. Hurford

**FAX: (302) 426-9947**

### *COUNSEL TO THE OFFICIAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS*

Bilzin Sumberg Baena Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Attn: Scott L. Baena

**FAX: (305) 374-7593**

### *COUNSEL TO THE L/C FACILITY AGENT AND L/C ISSURES*

Latham & Watkins                           **FAX: (312) 993-9767**
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Attn:   Douglas Bacon

### *COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS*

Kramer Levin Naftalis & Frankel LLP        **FAX: (212) 715-8000**
1177 Avenue of the Americas
New York, New York 10036
Attn:   Philip Bentley
        Douglas Mannal

### *CO-COUNSEL TO THE DEBTORS*

Kirkland & Ellis LLP                       **FAX: (212) 446-6460**
601 Lexington Avenue
New York, New York 10022
Attn:   Theodore L. Freedman, Esq.

The Law Offices Of Janet S. Baer, P.C.     **FAX: (312) 641-2165**
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
Attn:  Janet S. Baer, P.C.
        Roger J. Higgins

Pachulski Stang Ziehl & Jones LLP          **FAX: (302) 652-4400**
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Attn:   James O'Neill, Esq.

**[Remainder of Page Intentionally Left Blank]**

Dated: September 20, 2010

KIRKLAND & ELLIS LLP
Theodore L. Freedman
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

and

THE LAW OFFICES OF JANET S. BAER,
P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
(312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705
(302) 652-4100
(302) 652-4400
Co-Counsel for the Debtors and Debtors-in-
Possession

## EXHIBIT A

**Form of *Stipulation Resolving Claim of The Seaboard
Group II (Claim No. 1926)***

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

---

**STIPULATION RESOLVING CLAIM OF THE SEABOARD GROUP II
(CLAIM NO. 1926)**

---

This stipulation ("Stipulation") is entered into this 13th day of September 2010, between

W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and The Seaboard Group II (

"Claimant").[2]

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    Capitalized terms not defined in this Stipulation shall have the meanings ascribed to them, as the case may be, in the *Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding*, [Docket no. 936] (the "Omnibus Settlement Procedures Order") or the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., Et Al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009*, as thereafter amended (the "Plan").

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

WHEREAS, on April 22, 2002, the Court entered its *Order as to all Non-Asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving Notice Program*, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non asbestos, (b) asbestos property damage, and (c) medical monitoring claims. [Docket No. 1963];

WHEREAS, on September 18, 2001, the Court entered its Omnibus Settlement Procedures Order, which provides, in relevant part, that the Debtors may agree, in their discretion, to settle claims of more than $50,000 and less than $1 million without further order of this Court only if: (a) the Debtors provide twenty (20) days written notice of the terms of any such settlement to the Negative Notice Parties via facsimile transmission; and (b) the Negative Notice Parties do not object to those terms in writing within the foregoing twenty (20) day period;

WHEREAS, on or about September 4, 2002, Claimant filed a proof of claim against the Debtors (Claim No. 1926, the "Claim" which is attached hereto as Exhibit A) with respect to the Seaboard Chemical Corporation facility in Jamestown, North Carolina (the "Site"):

| Claim No. | Location | Amount | Priority | Basis |
|---|---|---|---|---|
| 1926 | Jamestown, North Carolina | $165,476.60 | General Unsecured | Environmental remediation liability |

WHEREAS, the Debtors and Claimant have now agreed to settle the Claim on the terms and conditions set forth herein (the "Settlement");

2

NOW, THEREFORE, after a thorough review of the Proof of Claim, discussion and negotiations, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1.       Claim No. 1926 shall be Allowed as a General Unsecured Claim (the "Allowed Claim"), as those terms are defined by the Plan, in the amount of $119,366.    Claim No. 1926 shall be paid in the same manner as all other similarly situated General Unsecured Claims pursuant to the Plan (except with respect to the payment of interest as described below).    All other amounts outlined in or related to Claim No. 1926 relating to the Site shall hereby be disallowed.

2.       In the event that the Plan of Reorganization confirmed by the Bankruptcy Court (the "Plan") provides for payment of interest to holders of Allowed General Unsecured Claims and Allowed Administrative Claims, with respect to such claims held by the Claimant, interest shall be calculated at the rate provided for and compounded as provided for the holders of such claims under the Plan (this rate is currently proposed to be 4.19% per annum), which shall begin to accrue on September 2, 2010 and shall continue to accrue, for the same duration as provided for other such claims in accordance with terms of the Plan.

3.       Claimant shall be forever barred, estopped, and enjoined from asserting against the Debtors, other than on the terms and conditions forth in this Stipulation, any other or additional claims, liabilities, or causes of action arising from or related to the Site of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise.

4.       Pursuant to the Omnibus Settlement Procedures Order:

a. As soon as reasonably practicable after the Debtors and Claimant execute this Stipulation, the Debtors shall file and serve a notice of settlement (the "Settlement Notice") as provided in ¶ (f) of the Omnibus Settlement Procedures Order;

b. The Settlement Notice shall provide for a 20-day period during which written objections to the proposed terms of the Stipulation may be made;

c. If no written objections are made, the Debtors shall file a certificate of no objection stating that no written objections to the Stipulation had been made; and

d. Three days after the filing of the certificate of no objection, this Stipulation and the Debtors' signature(s) hereon shall become binding on the Debtors.

5. If a written objection to the Stipulation is made, and the Court enters an order resolving that written objection, then upon the effective date of such order, this Stipulation and the Debtors' signature(s) hereon shall become binding on the Debtors.

6. Following approval of the order by the Court, the Debtors shall direct their claims agent Rust Consulting, Inc. to record the Allowed Claim No. 1926 as an allowed, contingent, and unliquidated claim on the terms and conditions set forth in this Stipulation.

7. The parties shall take whatever additional action, if any, is necessary to make sure that the specified Claim No. 1926 is allowed as outlined herein.

8. This Stipulation and any other documents to be executed in connection herewith shall constitute the sole and complete agreement of the parties hereto with respect to the matters addressed herein.

9. This Stipulation may not be amended except by a writing signed by all parties to this Stipulation.

10. This Stipulation may be executed in counterparts each of which shall constitute an original and all of which shall constitute one and the same agreement.

11.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so.  The parties further agree that facsimile signatures hereon shall be deemed to be original signatures.  This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

12.    This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to the matters set forth herein.

13.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto for the duration of the performance of the terms and provisions of this Stipulation for the purpose of enabling any of the parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Stipulation or to effectuate or enforce compliance with its terms.

**The following Parties enter into this Stipulation on behalf of:**

**The Seaboard Group II (Claimant)**

By: _____

Holmes P. Harden, Esquire
Williams Mullen
301 Fayetteville Street, Suite 1700
Raleigh, North Carolina 27601

Date: _____

**W. R. Grace & Co., et al. (Debtors)**

By: _____

William M. Corcoran
Vice President, Public and Regulatory Affairs
W.R. Grace & Co.
7500 Grace Drive
Columbia, Maryland 21044

Date: _____

5

EXHIBIT A

Claim No. 1926

# WR Grace

### Bankruptcy Form 10
### Index Sheet



A 0 0 0 0 1 9 2 6 B

SR00000147

Claim Number: __00001926__          Receive Date: __09 / 04 / 2002__

## Multiple Claim Reference

Claim Number _____

| | | |
|---|---|---|
| ☐ | MMPOC | Medical Monitoring Claim Form |
| ☐ | PDPOC | Property Damage |
| ☐ | NAPO | Non-Asbestos Claim Form |
| ☐ | | Amended |

Claim Number _____

| | | |
|---|---|---|
| ☐ | MMPOC | Medical Monitoring Claim Form |
| ☐ | PDPOC | Property Damage |
| ☐ | NAPO | Non-Asbestos Claim Form |
| ☐ | | Amended |

## Attorney Information

Firm Number: __00200__          Firm Name: __Maupin Taylor & Ellis PA__

Attorney Number: __00073__          Attorney Name: __Holmes P Harden__

Zip Code: __27619-9764__

Cover Letter Location Number: __SR00000147__

| Attachments<br>Medical Monitoring | Attachments<br>Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☒ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☐ Other Attachments | |

**Other**

☐ Non-Standard Form
☐ Amended
☐ Post-Deadline Postmark Date

Box/Batch: WRBF0009/WRBF0036          Document Number: WRBF001772

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF Delaware | GRACE NON-ASBESTOS PROOF OF CLAIM FORM |
|---|---|

| Name of Debtor:[1]   W.R. Grace & Co. -- Conn | Case Number  01-01179 | |
|---|---|---|

**NOTE: Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. Those claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.**

| Name of Creditor (The person or other entity to whom the Debtor owes money or property):<br><br>The Seaboard Group II<br><br>Name and address where notices should be sent:<br><br>Holmes P. Harden<br>P.O. Drawer 19764<br>Raleigh, NC 27619 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies Debtor: | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated:_____ |
|---|---|

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:

| 1. Basis for Claim<br>☐ Goods sold<br>☐ Services performed<br>☐ Environmental liability<br>☐ Money loaned<br>☐ Non-asbestos personal injury/wrongful death<br>☐ Taxes<br>☒ Other  see attachment | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br><br>Your SS #:_____<br>Unpaid compensation for services performed<br>from _____ to _____  (date) |
|---|---|

| 2. Date debt was incurred:  pre-petition | 3. If court judgment, date obtained: |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**   $ 165,476.60

If all or part of your claim is secured or entitled to priority, also complete Item 5 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Classification of Claim. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.**

☐ SECURED CLAIM (check this box if your claim is secured by collateral, including a right of setoff.)

Brief Description of Collateral:

☐ Real Estate    ☐ Other (Describe briefly)_____

Amount of arrearage and other charges at time case filed included in secured claim above, if any: $_____

Attach evidence of perfection of security interest

X
☐ UNSECURED NONPRIORITY CLAIM

A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.

☐ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a(_____).

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Acknowledgement:** Upon receipt and processing of this Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim form itself, enclose a self addressed envelope and copy of this proof of claim form.

This Space is for Court Only

| Date<br>8/27/02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Holmes P. Harden<br>Maupin Taylor & Ellis<br>P.O. Drawer 19764, Raleigh, NC 27619 |
|---|---|

WR Grace    BF.9.36.1772
00001926
SR=147

RECEIVED SEP 0 4 2002

# SPECIFIC INSTRUCTIONS FOR COMPLETING
# GRACE NON-ASBESTOS PROOF OF CLAIM FORMS

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

This Proof of Claim form is for Creditors who have **Non-Asbestos Claims** against any of the Debtors. **Non-Asbestos Claims** are any claims against the Debtors as of a time immediately preceding the commencement of the Chapter 11 cases on April 2, 2001 other than Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims or Medical Monitoring Claims, as defined on the enclosed General Instructions. More specifically, **Non-Asbestos Claims** are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages.

**Administrative Expenses:** Those claims for, among other things, the actual, necessary costs and expenses of preserving the estate as defined in Section 503 of the Bankruptcy Code that arose after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to Section 503 of the Bankruptcy Code. This form should not be used to make a claim for an administrative expense.

**Secured Claim:** A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property. Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right to setoff), the creditor's claim may be a secured claim. (See also Unsecured Claim.)

**Unsecured Claim:** If a claim is not a secured claim, it is an unsecured claim. Unsecured claims are those claims for which a creditor has no lien on the debtor's property or the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Nonpriority Claim:** Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as Unsecured Nonpriority Claims.

**Information about Creditor:** Complete this section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the court which sent notice, or if this proof of claim replaces or amends a proof of claim that was already filed, check the appropriate box on the form.

1.  **Basis for Claim:** Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2.  **Date Debt Incurred:** Fill in the date the debt was first owed by the debtor.

3.  **Court Judgments:** If you have a court judgment for this debt, state the date the court entered the judgment.

4.  **Amount of Claim:** Insert the amount of claim at the time the case was filed in the appropriate box based on your selected Classification of Claim in item 5. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5.  **Classification of Claim:** Check either Secured, Unsecured Nonpriority or Unsecured Priority as appropriate. (See Definitions above.)

    **Unsecured Priority Claim:** Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See Definitions, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

6.  **Credits:** By signing this proof of claim, you are stating under oath that in calculating the amount of your claim, you have given the debtor credit for all payments received from the debtor.

7.  **Supporting Documents:** You must attach to this proof of claim form, copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

*Be sure to date the claim and place original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:

> Claims Processing Agent
> Re: W. R. Grace & Co. Bankruptcy
> P.O. Box 1620
> Faribault, MN 55021-1620

**The Bar Date for filing all NON-ASBESTOS CLAIMS against the Debtors is March 31, 2003 at 4:00 p.m. Eastern Time.**

Proof of Claim Attachment

The aforesaid claim may be easily estimated for purpose of allowance pursuant to 11 U.S.C. Section 502(c)(1). (See Exhibit A). Based upon information in possession of the State of North Carolina Department of Environment Health and Natural Resources, Division of Waste Management ("Division"), and records obtained by Seaboard Chemical Corporation, the Division has determined that 8,503 gallons of non-chlorinated hazardous waste and 10,246.8 gallons of chlorinated hazardous waste were sent by the Debtor to the former Seaboard Chemical Corporation facility in Jamestown, North Carolina. The claim may be estimated at $5.00 per gallon of non-chlorinated waste and $12.00 per gallon of chlorinated waste based upon settlement payments offered to similarly situated potentially responsible parties ("PRP's") under a state approved de micromis settlement administrative order on consent ("AOC") entered into by the Division, the Group and settling PRP's. Settlement payment was based upon average estimated cost of the remediation of the contaminated Seaboard Chemical Corporation site in Jamestown, North Carolina of $28,374,000 divided by the total waste-in gallons to the site of approximately 14,000,500 gallons, with an adjustment applied to address possible cost overruns. Estimation of the claim at the aforesaid $5.00 per gallon of non-chlorinated waste and $12.00 per gallon of chlorinated waste results in $165,476.60 claimed. Use of the $5.00 and $12.00 per gallon figures, as provided in the state approved AOC, establishes a reasonable basis for determining Debtor's liability at the site.

Respectfully submitted this 27 day of August, 2002.

MAUPIN TAYLOR & ELLIS, P.A.

Holmes P. Harden
N.C. Bar No. 9835
Attorneys for The Seaboard Group II
P.O. Drawer 19764
Raleigh, NC  27619
Telephone:  919/981-4000
Facsimile:  919/981-4300

Health and Natural Sources
Division of Waste Management

James B. Hunt, Jr., Governor
Jonathan B. Howes, Secretary
William L. Meyer, Director



March 10, 1997



Mr. Giles Caron
Gil Aircraft Painting & Interior
1575 W. Commerical Blvd., Hanger 37
Ft. Lauderdale, FL  33309

RE:    Former Seaboard Chemical Corporation Facility, Jamestown, North Carolina

PRP Name: **Gil Aircraft Painting & Interior**

Dear Mr. Caron:

Based upon information in possession of the State of North Carolina, Department of Environment, Health and Natural Resources ("DEHNR"), Division of Waste Management ("Division") concerning operations at the Former Seaboard Chemical Corporation Facility on Riverdale Drive in Jamestown, North Carolina (the "Site"), and records maintained by Seaboard Chemical Corporation, the Division has determined that you are a Potentially Responsible Party ("PRP") at the Site under the North Carolina Inactive Hazardous Sites Act, N.C.G.S. § 130A-310, et seq., and Section 107(a) of CERCLA, 42 U.S.C. § 9607(a). The purpose of this letter is to advise you that response actions have been undertaken at the Seaboard Chemical Corporation Site and to notify you that within 30 days of the date of this letter you must fully comply with the request for information attached hereto unless you are participating in response actions at the Site through the Seaboard Group II, or have settled your liability at the Site through participation in the De Micromis Settlement.

As you may be aware, the Division issued an Order in 1992 requiring emergency removal and preliminary assessment at the Seaboard Site. A group of PRPs formed a voluntary association known as Seaboard Group I to perform this initial work. After completing the initial work required by the emergency order, most of the same PRPs formed a new group, Seaboard Group II, to perform additional response action at the Site. In 1995 the Division issued an Order to Seaboard Group II and the City of High Point, North Carolina requiring a joint remedial investigation of the Seaboard facility and the adjacent City of High Point Landfill. The Seaboard Group II and the City of High Point have engaged environmental contractors and are in the process of performing the Remedial Investigation according to a Remedial Investigation Work Plan (RIWP) which was reviewed and approved by the Division.

In the spring of 1995 the Division and the Seaboard Group II offered to settle the liability of certain parties who had sent relatively small quantities of waste to the Seaboard facility. Under this settlement, parties who sent no more than 2,000 gallons of chlorinated waste and nor more than 5,000 gallons of total waste to the Site were allowed to settle their liability by paying $5 per gallon for all non-chlorinated waste and $12 per gallon for all chlorinated waste they sent to the Site. Some 993 parties accepted the settlement offer and entered into a De Micromis Settlement Administrative Order on Consent.

The Division now intends to address the status of all other PRPs who are not participating, either by supporting the current response actions or by joining the De Micromis Settlement. The Division believes strongly that each responsible party must contribute to the response actions at the Site. To facilitate the

P.O. Box 27687,
Raleigh, North Carolina 27611-7687
Voice 919-733-4996



FAX 919-715-3605
An Equal Opportunity Affirmative Action Employer
50% recycled/10% post consumer paper

- 2 -

Division's assessment of your responsibility you are <u>directed</u> to respond to the attached PRP Information Request within 30 days of the date of this letter. If you have reason to believe that you are not financially able to pay for your share of the response costs at the Site, you are <u>requested</u> to respond to the PRP Financial Disclosure within 30 days of the date of this letter. This information should be sent to my attention at the following address:

> Division of Waste Management
> Department of Environment, Health & Natural Resources
> 401 Oberlin Road
> Raleigh, North Carolina  27605

Parties who are members in good standing of Seaboard Group II or have settled their liability under the De Micromis Settlement need not respond to Questions 4-10 of this PRP Information Request and the PRP Financial Disclosure.

If you have questions regarding the PRP Information Request you should call:

> Ms. Judith Robb Bullock
> Special Deputy Attorney General
> State of North Carolina
> Department of Justice
> P.O. Box 629
> Raleigh, NC  27602-0629
> (919) 733-8352

If you have questions about the De Micromis Settlement or about joining Seaboard Group II, you should call:

> Mr. Randy Smith
> Seaboard Group II Administrator
> American Environmental Consultants
> P.O. Box 310
> Mont Vernon, NH  03057
> (603) 673-0004 telephone, (603) 672-0004 facsimile

Sincerely yours

William L. Meyer
Director
Division of Waste Management

Attachments
cc:  Amos C. Dawson, III, Esq., Group Counsel - Seaboard Group II