# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re docket no. 25407 |
| | ) Hearing Agenda item no. 5 |

## ORDER AUTHORIZING THE DEBTORS TO ENTER INTO AGREEMENTS TO PURCHASE SYNTHETECH, INC., CONSUMMATING THE TRANSACTIONS CONTEMPLATED THEREBY AND MERGING THE ACQUIRING ENTITY INTO W. R. GRACE & CO.-CONN.

Upon consideration of the *Motion for Entry of an Order Authorizing the Debtors to Enter into Agreements to Purchase Synthetech, Inc., Consummating the Transactions Contemplated Thereby and Merging the Acquiring Entity into W. R. Grace & Co.-Conn.* (the "Motion"); and due and proper notice of the Motion having been given; and it appearing that the relief requested

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby ORDERED that:

1. The Motion is granted in its entirety.

2. The Debtors are authorized to enter into the following agreements and to undertake all transactions and other actions contemplated thereunder, except as provided in paragraph 4 below: (a) *Agreement and Plan of Merger* among Mallard Acquisition Corp. ("Mallard" or "MergerCo."), Synthetech, Inc., an Oregon corporation, and W. R. Grace & Co.-Conn ("Grace-Conn."), a Connecticut corporation, dated as of September 13, 2010 (the "Merger Agreement", attached hereto as Exhibit A); (b) *Voting Agreements* by and among Seller, Mallard and each of the directors and executive officers of Seller, each dated as of September 13, 2010 (the "Voting Agreements"; a form of which is attached hereto as Exhibit B, together with the Merger Agreement, the "Merger Documents").

3. The Debtors are authorized to take all actions not described in paragraph 2 above that may be necessary to consummate the transactions contemplated by the Merger Agreement and the Voting Agreements and exercise and enforce the rights and obligations of and against each of Grace-Conn. and Mallard under the Merger Agreement and the Voting Agreements.

4. Upon 30 days prior written notice to the Official Committees and Future Claimants Representatives in these cases and so long as no objection is filed thereto, the Debtors are authorized, but not required, to merge the surviving entity (whether Mallard or another entity) into Grace-Conn.

---

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in, as the case may be, the Motion, the Merger Documents or *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594 and 24657 (the "Plan").

5.  The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order, the Merger Documents and all transactions contemplated thereunder, including the matters outlined in paragraph 4 above.

6.  This Order is effective immediately upon its entry, notwithstanding Fed. R. Bankr. P. 6004(h).

Dated: 10/18, 2010

*Judith K. Fitzgerald*
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

3