IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Docket No. ___ |
| | ) | 12/13/10 Agenda # ___ |

**ORDER AUTHORIZING THE DEBTORS TO
ACQUIRE ASSETS OF SELLER, INCLUDING
<u>LIMITED LIABILITY COMPANY INTEREST IN GR 2008 LLC</u>**

This matter coming before the Court on the Debtors' *Motion For an Order Authorizing the Debtors to Acquire Assets of Seller, Including Limited Liability Company Interest in GC 2008 LLC.* (the "Motion") ;[2] the Court having reviewed and considered the Motion; the Court finding that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) the relief requested therein is in the best interest of the Debtors and their estates, (iv) the relief requested is proper under 28 U.S.C. §§ 105(a) and 363(b), and (v) no further notice or hearing on the Motion being

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise defined in this Order have the meanings ascribed to them in the Motion.

required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED, FOUND, AND DETERMINED THAT:

1. The Motion is hereby granted in its entirety.

2. The Debtors are authorized to enter into the APA and the Transaction Documents described therein and acquire all or substantially all of the assets of Seller, including Seller's limited liability interest in GR 2008 LLC, on substantially the terms and conditions described in the Motion and the APA.

3. The Debtors are authorized to take any additional reasonable actions that are necessary to consummate the transactions contemplated by the Motion and the APA.

4  No further Bankruptcy Court approval is required for any consent requirements of the Debtors for the transactions specified in the APA.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order, the APA and all transactions contemplated thereunder.

6. This Order is final and effective immediately upon its entry, notwithstanding Bankruptcy Rule 6004(h).

Dated: December ___, 2010

Honorable Judith K. Fitzgerald
U. S. Bankruptcy Judge