IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**THIRTY-EIGHTH INTERIM QUARTERLY FEE APPLICATION
OF BILZIN SUMBERG BAENA PRICE & AXELROD LLP FOR
APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE
OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS
FOR THE PERIOD OF JULY 1, 2010 THROUGH SEPTEMBER 30, 2010**

Name of Applicant:             Bilzin Sumberg Baena Price & Axelrod LLP

Authorized to provide
professional services to:      Official Committee of Asbestos Property Damage
                               Claimants

Date of retention:             April 9, 2001

Period for which compensation and
reimbursement is sought:       July 1, 2010 through September 30, 2010

Amount of compensation sought
as actual reasonable and necessary:    $6,938.50

Amount of expense reimbursement
sought as actual reasonable and
necessary:                     $2,211.11

This is an: X  interim ___ final application

If this is not the first quarterly application filed, disclose the following for each prior application:

| | | Requested | |
|---|---|---|---|
| **Date Filed** | **Period** | **Fees** | **Expenses** |
| 8/6/01 | 4/12/01-6/30/01 | $389,683.75 | $43,268.05 |
| 11/8/01 | 7/1/01-9/30/01 | $297,019.50 | $183,000.14 |
| 2/6/02 | 10/1/01 – 12/31/01 | $215,475.50 | $195,640.24 |
| 5/17/02 | 1/1/02 – 3/31/02 | $281,179.50 | $79,962.62 |
| 9//9/02 | 4/1/02 – 6/30/02 | $230,759.40 | $69,271.20 |

| | | Requested | |
|---|---|---|---|
| Date Filed | Period | Fees | Expenses |
| 11/22/02 | 7/1/02 – 9/30/02 | $96,284.50 | $22,219.43 |
| 3/20/03 | 10/1/02-12/31/02 | $44,816.50 | $2,047.87 |
| 6/17/03 | 1/1/03 – 3/31/03 | $36,088.00 | $7,097.65 |
| 11/10/03 | 4/1/03 – 6/30/03 | $59,032.50 | $6,112.70 |
| 1/28/04 | 7/1/03 – 9/30/03 | $58,764.50 | $5,645.82 |
| 3/22/04 | 10/1/03 – 12/31/03 | $53,078.25 | $8,876.26 |
| 6/7/04 | 1/1/04 – 3/31/04 | $127,547.00 | $56,582.22 |
| 8/26/04 | 4/1/04 – 6/30/04 | $75,370.00 | $3,375.24 |
| 12/20/04 | 7/1/04 – 9/30/04 | $111,531.00 | $8,362.36 |
| 3/30/05 | 10/1/04 – 12/31/04 | $266,590.00 | $19,938.53 |
| 7/27/05 | 1/1/05 – 3/31/05 | $305,673.25 | $15,724.88 |
| 11/10/05 | 4/1/05 – 6/30/05 | $460,309.85 | $23,639.30 |
| 11/18/05 | 7/1/05 -9/30/05 | $832,114.00 | $671,295.08 |
| 2/17/06 | 10/1/05 – 12/31/05 | $1,106,101.75 | $971,587.32 |
| 5/24/06 | 1/1/06 – 3/31/06 | $618,556.75 | $108.605.10 |
| 8/29/06 | 4/1/2006 – 6/30/2006 | $677,491.00 | $822,323.72 |
| 12/6/2006 | 7/1/2006 – 9/30/2006 | $682,802.25 | $504,408.80 |
| 2/22/2007 | 10/1/2006 – 12/31/2006 | $413.887.25 | $107,181.17 |
| 5/16/07 | 1/1/07 – 3/31/07 | $593,429.00 | $253,782.75 |
| 8/15/2007 | 4/1/07 – 6/30/07 | $440,312.25 | $121,427.80 |
| 12/10/2007 | 7/1/07 – 9/30/07 | $231,644.00 | $73,650.97 |
| 2/29/2008 | 10/1/07 – 12/31/07 | $191,792.00 | $119,796.53 |
| 5/16/2008 | 1/1/2008-3/31/2008 | $166,431.50 | $96,361.24 |
| 9/15/2008 | 4/1/2008-6/30/2008 | $264,790.75 | $60,536.58 |
| 11/21/2008 | 7/1/2008-9/30/2008 | $119,533.50 | $23,051.07 |
| 2/13/09 | 10/1/2008-12/31/2008 | $214,367.50 | $50,618.29 |
| 5/14/09 | 1/1/09 – 3/31/09 | $233,273.50 | $44,258.67 |
| 8/14/09 | 4/1/09 – 6/30/09 | $144,462.50 | $41,127.83 |
| 11/18/2009 | 7/1/09-9/30/09 | $114,260.75 | $104,133.15 |
| 2/19/2010 | 10/1/09-12/31/09 | $54,751.50 | $33,727.16 |
| 5/14/10 | 1/1/10 – 3/31/10 | $60,780.25 | $30,220.63 |
| 8/16/10 | 4/1/10 – 6/30/10 | $25,574.50 | $1,288.65 |

**ATTACHMENT "B" TO FEE APPLICATION**
**SUMMARY OF HOURS**

| Name of Professional Person | Position of Applicant | Number of years in Position | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Scott L. Baena | Partner | 36 | Bankruptcy | $675.00 | 0.6 | $405.00 |
| Jay M. Sakalo | Partner | 12 | Bankruptcy | $495.00 | 4.6 | $2,277.00 |
| Matthew I. Kramer | Partner | 12 | Bankruptcy | $425.00 | 2.1 | $892.50 |
| Jeffrey I. Snyder | Associate | 5 | Bankruptcy | $340.00 | 2.7 | $918.00 |
| Luisa Flores | Paralegal | 12 | Bankruptcy | $215.00 | 11.2 | $2,408.00 |
| Nicole Kurtz | Junior Paralegal | 1 | Bankruptcy | $190.00 | 0.2 | $38.00 |
| **GRAND TOTAL** | | | | | **21.4** | **$6,938.50** |
| *Blended Rate* | | | | *$324.23* | | |

**COMPENSATION BY PROJECT CATEGORY**

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Case Administration | .5 | $102.50 |
| Applicant's Fee Application | 12.6 | $3,105.50 |
| Hearings | 3.8 | $1,524.00 |
| Claims, Analysis, Objection and Resolution & Estimation | 1.4 | $655.00 |
| Plan & Disclosure Statement | 3.1 | $1,551.50 |
| Travel | | |
| **Grand Total** | **21.4** | **$6,938.50** |

**EXPENSE SUMMARY**

| | | |
|---|---|---|
| 1.   Filing Fees | | |
| 2.   Court Reporter/Transcripts | | |
| 3.   Video Deposition Services | | |
| 4.   Searches/Title/Name/Corporate | | |
| 5.   Photocopies | | $21.30 |
| (a) In-house copies @ .10 | $21.30 | |
| (b) Outside copies (at cost) | | |
| 6.   Postage | | |
| 7.   Archival/Retrieval Services | | |
| 8.   Overnight Delivery Charges | | |
| 9.   Long Distance Telephone Charges | | $68.11 |
| 10. Long Distance Telephone Charges (Outside Services) | | $770.00 |
| 11. Internet Connection (Outside Service) | | |
| 12. Computerized Research – Pacer/Westlaw/Lexis | | $228.16 |
| 13. Miscellaneous Costs – Professional/Expert Fees and Costs | | |
| 14. Miscellaneous Costs | | |
| 15. CD/DVD Duplication | | |
| 16. Publication | | |
| 17. Federal Express | | |
| 18. Messenger Service | | |
| 19. Telecopies | | |
| 20. Travel Expenses | | $1,123.54 |
| (a) Airfare | $746.25 | |
| (b) Meals | $15.34 | |
| (c) Parking & Mileage & Car Rental | $124.50 | |
| (d) Misc. Travel Expenses | | |
| (e) Lodging | $237.45 | |
| **TOTAL NET AMOUNT OF REQUESTED REIMBURSEMENT** | | |
| | | **$2,211.11** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: December 7, 2010 at 4:00 p.m.** |
| | ) | **Hearing Date: March 28, 2011 at 9:00 a.m.** |

**THIRTY-EIGHTH INTERIM QUARTERLY FEE APPLICATION
OF BILZIN SUMBERG BAENA PRICE & AXELROD LLP FOR
APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE
OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS
FOR THE PERIOD OF JULY 1, 2010 THROUGH SEPTEMBER 30, 2010**

Bilzin Sumberg Baena Price & Axelrod LLP (the "Applicant"), counsel to the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") of the above-captioned debtors (the "Debtors") respectfully submits its thirty-eighth interim quarterly fee application (the "Application") pursuant to 11 U.S.C. §§ 330 and 331 and in accordance with the Administrative Fee Order (defined below) for approval and allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith. The Applicant respectfully represents as follows:

**I. Introduction**

1.  The Applicant, as counsel to the PD Committee, seeks (i) approval and allowance, pursuant to Section 331 of the Bankruptcy Code of compensation for the professional services rendered by Applicant as counsel for the PD Committee from July 1, 2010 through September 30, 2010 (the "Application Period") in the aggregate amount of $6,938.50 representing 21.4 hours of professional services and (ii) reimbursement of actual and necessary expenses incurred by the Applicant during the Application Period in connection with the rendition of such professional services in the aggregate amount of $2,211.11.

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background

3. On April 2, 2001, each of the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been procedurally consolidated and are being jointly administered. No trustee or examiner has been appointed in this case.

4. On April 12, 2001, the United States Trustee formed the PD Committee. Thereafter, the PD Committee approved the retention of the Applicant as its counsel.

5. By order dated June 21, 2001 (the "Retention Order"), the Court authorized the PD Committee to retain the Applicant nunc pro tunc to April 9, 2001, pursuant to 11 U.S.C. §§ 1103 and 328, on a general retainer basis, to represent the PD Committee in these consolidated cases. The Retention Order conditioned the Applicant's compensation on approval by this Court.

6. This is the thirty-eighth interim quarterly fee application that the Applicant has filed with the Court for the allowance of compensation and reimbursement of expenses for services rendered to the PD Committee. This Application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members approved by the Court on May 3, 2001, as amended by the Court's order of April 17, 2002 (collectively, "the Administrative Fee Order"). Previously, in accordance with the Administrative Fee Order, the Applicant has filed with the Court three monthly fee applications that are the subject of this Request, which are summarized as follows:

| Date Filed | Period Covered | Fees Requested | Expenses Requested |
|---|---|---|---|
| 8/17/2010 | 7/1/10-7/31/10 | $2,384.00 | $415.89 |
| 9/13/10 | 8/1/10-8/31/10 | $2,875.00 | $666.88 |
| 10/19/10 | 9/1/10-9/30/10 | $1,679.50 | $1,128.34 |
| **Totals** | | **$6,938.50** | **$2,211.11** |

7. The Applicant has received no payment and no promise for payment from any other source for services rendered in connection with these cases. There is no agreement or understanding between Applicant and any other person for the sharing of compensation to be received hereunder.

8. As stated in the Certification of Matthew I. Kramer, Esquire, attached hereto as *Exhibit A*, all of the services for which compensation is sought herein were rendered for and on behalf of the PD Committee solely in connection with these cases.

### III. Summary of Services Rendered

9. In accordance with Local Rule 2016-2 and the Administrative Fee Order, dated December 12, 1996, and to assist the Court, the Debtors, the U.S. Trustee and other parties in interest in evaluating this Application, the primary services performed by the Applicant during the Application Period are summarized in the Summary attached hereto as *Exhibit B*. The summary reflects certain services of major importance which required the special attention, efforts and skill of the Applicant. The Applicant's services throughout the Application Period have been valuable to the PD Committee in providing advice and counsel.

10. In accordance with the Administrative Fee Order and the Local Rules, a summary sheet of the attorneys and their corresponding names, years in position, hourly rates and the number of hours incurred by each is set forth on *Attachment B*. The hourly rates reflect what the Applicant generally charges its other clients for similar services. An itemization including identification of services performed by the attorneys sorted by date and time keeper is attached

hereto as *Exhibit C* which also contains a statement of the Applicant's disbursements necessarily incurred in the performance of the Applicant's duties as counsel to the PD Committee.

11.  The Applicant has worked closely with the PD Committee's local counsel, Ferry, Joseph & Pearce, P.A., to avoid unnecessary duplication of services.

### IV. Conclusion

12.  The Applicant has necessarily and properly expended 21.4 hours of services in the performance of its duties as counsel to the PD Committee during the Application Period. Such services have a fair market value of $6,938.50. The work involved and thus the time expended, was carefully assigned in light of the expertise required for each particular task.

13.  In addition, the Applicant incurred actual out-of-pocket expenses in connection with the rendition of services to the PD Committee in the sum of $2,211.11 for which it respectfully requests reimbursement in full.

14.  The Applicant charges $.10 per page for in-house photocopying services. The Applicant charges the actual cost from the vendor for out-sourced photocopying and document retrieval, and computerized legal research. The Applicant charges $1.00 per page for out going facsimile transmissions and does not charge for in coming facsimiles.

15.  The Applicant has reviewed the requirements set forth in Local Rule 2016-2 and believes that this Application for interim compensation complies therewith.

16.  The Applicant has made no prior application in this or any other Court for the relief sought herein.

WHEREFORE, the Applicant respectfully requests pursuant to the Administrative Fee Order: (a) the approval and allowance, pursuant to section 331 of the Bankruptcy Code of compensation for professional services rendered to the PD Committee during the Application Period of July 1, 2010 through September 30, 2010 in the amount of $6,938.50; (b) the approval

and allowance of the Applicant's out-of-pocket expenses incurred in connection with the rendition of such services in the amount of $2,211.11; and (c) such other relief as the Court deems just.

Dated: November 17, 2010

BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
Counsel to the Official Committee of Asbestos Property Damage Claimants
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Telephone: (305) 374-7580
Facsimile: (305) 374-7593


By:  /s/ Matthew I. Kramer
   Scott L. Baena (Admitted Pro Hac Vice)
   Jay M. Sakalo (Admitted Pro Hac Vice)
   Matthew I. Kramer (Admitted Pro Hac Vice)