## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.,** *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING THIRTY-SEVENTH QUARTERLY FEE APPLICATION OF KIRKLAND & ELLIS LLP FOR THE INTERIM <u>PERIOD OF APRIL 1, 2010 THROUGH JUNE 30, 2010</u>

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Thirty-Seventh Quarterly Fee Application of Kirkland & Ellis LLP for the Interim Period of April 1, 2010 through June 30, 2010</u> (the "Application").

### BACKGROUND

1.      Kirkland & Ellis LLP ("K&E") was retained as counsel to the Debtors.  In the Application, K&E seeks approval of fees totaling $980,039.50 and expenses totaling $401,280.99 for its services from April 1, 2010 through June 30, 2010 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2010, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with

precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served an initial report on K&E based on our review, and we received a response from K&E, portions of which response are quoted herein.

**DISCUSSION**

3.      We noted that on April 19, 2010, attorneys Freedman ($965), Donley ($825), Esayian ($775), Boll ($735), and Kritzer ($380) attended an omnibus hearing.  The total time spent, including preparation time, was 36.50 hours for $32,002.50 in fees.

| 04/15/10 | TLF | 6.50 | Conduct and attend to various matters in preparation for omnibus hearing |
| 04/16/10 | TLF | 3.50 | Prepare for omnibus hearing. |
| 04/18/10 | JD | 6.00 | Prepare for Maryland Casualty hearing, including review of pleadings and authorities and outlining arguments and responses. |
| 04/18/10 | TLF | 2.00 | Prepare for omnibus hearing. |
| 04/19/10 | NK | 1.40 | Telephonically attend omnibus hearing arguments on Maryland Casualty issues. |
| 04/19/10 | DDB | 0.80 | Participate in omnibus hearing re plan confirmation status. |
| 04/19/10 | JD | 7.80 | Prepare for omnibus hearing (1.8); participate in hearing and argue Maryland Casualty issues (2.0); confer with T. Freedman, J. Baer and R. Finke re preparation for hearing (5); review materials pre-and post-hearing (3.5). |
| 04/19/10 | LGE | 1.50 | Participate in portions of omnibus hearing re objection to Maryland Casualty's claims and plan status. |
| 04/19/10 | TLF | 7.00 | Prepare for and participate in omnibus hearing. |

Paragraph II.D.5. of the U.S. Trustee Guidelines provides: "If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple

attendees."  We asked K&E to explain why it was necessary for each attorney to be present, as well as the role of each attorney.  K&E provided a response which we have included as Response Exhibit "A."  We accept K&E's response and have no objection to these fees.

4.    We noted that on June 7, 2010, attorneys Freedman ($965), Donley ($825), Esayian ($775), and Boll ($735) attended an omnibus  hearing.  The total time spent, including preparation and non-working travel time, was 14.70 hours, for total fees of $12,590.50.

| 06/04/10 | JD | 1.60 | Review materials and arguments for hearing. |
| 06/06/10 | JD | 5.00 | Revise Maryland Casualty outline for hearing and prepare for oral argument. |
| 06/07/10 | DDB | 0.80 | Review issues re confirmation status and participate in omnibus hearing for developments related to same. |
| 06/07/10 | JD | 1.50 | Prepare for and attend hearing before Judge Fitzgarald. |
| 06/07/10 | LGE | 0.50 | Participate telephonically in hearing re objection to Maryland Casualty's claims. |
| 06/07/10 | TLF | 2.00 | Participate in omnibus hearing |
| 06/07/10 | JD | 1.30 | Return travel to Chicago, IL from Wilmington, DE after omnibus hearing (billed at half time) |
| 06/07/10 | TLF | 2.00 | Travel from New York, NY to Wilmington, DE for hearing and return (billed at half time) |

In light of the Guideline cited above, we asked K&E to explain why it was necessary for each attorney to attend the hearing, as well as the role of each attorney.  K&E responded as follows:

The Initial Report requests that we explain the necessity of having four K&E attorneys participate in all or portions of the June 7, 2010 omnibus hearing.

Mr. Freedman participated in the June hearing in his same capacity as in the April omnibus hearing, described ... above.  Argument on the MCC objections was the major issue up at the June hearing. Mr. Donley again prepared for and presented Grace's argument on MCC issues.

Lisa Esayian telephonically attended for thirty minutes, in order to hear and provide any needed assistance during MCC arguments.

I participated telephonically in the hearing for under an hour, in order to hear any updates related to confirmation as I am principally responsible for matters related to confirmation, and the Plan modifications as noted above.

For the reasons described herein, K&E respectfully requests approval of all of the time of the four attorneys who billed time to the June omnibus hearing.

We accept K&E's response and have no objection to these fees.

## CONCLUSION

5.      Thus, we recommend approval of $980,039.50 in fees and $401,280.99 in expenses

for K&E's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**


By:_____
        Warren H. Smith
        Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 18th day of November, 2010.

_____
Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Deanna Boll
Holly Bull
Kirkland & Ellis
601 Lexington Avenue
New York, NY 10022-4611

dboll@kirkland.com
hbull@kirkland.com

**The Debtor**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Co-Counsel for the Debtors**
Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K. D. Currier
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**RESPONSE EXHIBIT "A"**

April 19, 2010 Omnibus Hearing Participation (¶ 3)

*Freedman, Donley, Boll, Esayian, Kritzer*

Paragraph 3 of the Initial Report identifies time entries of five K&E attorneys who billed time to the April 19, 2010 omnibus hearing, and requests that we explain the necessity of these five attorneys' participation in all or a portion of the hearing.

Significant matters heard at the April omnibus hearing included a status conference on the Debtors' objection to claims filed by Grace's workers' compensation insurer Maryland Casualty Company ("MCC"), and a status conference on the Debtors' Plan amendments, stipulations and objections.

We note that only two of the five attorneys listed in the Initial Report (Ted Freedman and John Donley) attended the hearing in person. Below we explain the specific hearing responsibilities of each of the five attorneys whose time is questioned in the Initial Report.

Former senior restructuring partner Ted Freedman[1] conducted the hearing on behalf of Grace. As we have previously described, Mr. Freedman was the lead bankruptcy counsel to the Debtors from the inception of the case, and was involved in all major matters argued at the omnibus hearings. In particular, at the April omnibus hearing, Mr. Freedman made a presentation on the status – resolved or otherwise -- of the myriad amendments, stipulations and objections that had been made to the Plan. He described the objection status chart the Debtors had filed, and discussed the status of pending and resolved settlements.[2]

Chicago litigation partner John Donley became the lead litigator in the Debtors' Case when David Bernick departed K&E in March of this year. With regard to the April omnibus hearing, Mr. Donley prepared for and presented Grace's oral argument on MCC issues.

MCC has proofs of claim seeking indemnity from Grace under indemnity provisions in pre-petition insurance settlement agreements between Grace and MCC. MCC seeks indemnity from Grace principally for claims filed by Libby asbestos claimants against MCC in MCC's role as insurer of Grace. MCC objected to the Plan's treatment of its indemnity claims, and MCC's indemnity claims and the Libby claimants' claims against MCC have been a complicating factor in Libby-

---

[1] Mr. Freedman retired from K&E effective October 31, 2010.

[2] Many matters originally scheduled to be heard at the hearing were resolved shortly before the hearing, and part of Mr. Freedman's presentation included a brief description of those settlements in order that they could be approved by the Court.

related settlement negotiations.  In early 2009, Grace filed an objection to MCC's claims, principally objecting (among other things) that the claims for which MCC seeks indemnity are beyond the scope of the contractual indemnities provided by Grace to MCC.  In early 2010, Grace sought to move forward with a ruling on its objection, including establishing a briefing schedule for responses from MCC (and from other parties in interest) and working on a discovery schedule.  All of these matters were discussed at the April hearing.  At the June hearing, Judge Fitzgerald suggested, and the parties concurred, that MCC issues should be deferred until after she issues her plan confirmation ruling, as the ruling may deal with MCC-related issues, in whole or in part.

As we have previously described, Chicago litigation partner Lisa Esayian is responsible for handling insurance issues on behalf of the Debtors, and had worked on the MCC issues for several years leading up to the April hearing, including drafting Grace's lengthy objection to MCC's claims last year.  Prior to the hearing, Ms. Esayian worked extensively with John Donley to help him prepare to argue MCC issues.  She telephonically attended the portions of the hearing related to MCC issues and insurance-related plan matters (ninety minutes in total), in order for her to be able to answer questions as they arose, as well as to allow her to stay current on her areas of ongoing responsibility.

New York litigation associate Nathaniel Kritzer worked with John Donley and Lisa Esayian on the Maryland Casualty objection.  He researched the issue of judicial estoppel, reviewed the negotiating history of relevant settlement agreements, and drafted the proposed scheduling order. Mr. Kritzer telephonically attended the MCC portion of the hearing (less than ninety minutes) in order to be able to assist John Donley with any legal or scheduling issues that arose during the hearing, as well as to remain current on MCC matters so that he could research and/or draft any pleadings following the hearing.

I participated in the hearing briefly (under an hour) and telephonically to assist with any questions that may have arisen regarding Plan amendments.  I am primarily responsible for the drafting of the Plan and the various Plan modifications that we have made during the Debtors' Case.

For the reasons described herein, K&E respectfully requests approval of all of the time of these five attorneys related to the April omnibus hearing.