## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: January 10, 2011, at 9:00 a.m.** |
| | ) | **Objection Deadline: December 23, 2010 at 4:00 p.m.** |
| | ) | |

## OBJECTION SEEKING DISALLOWANCE
## OF CLAIM NO. 2114 OF N.Y. HILLSIDE, INC.

The above captioned debtors and debtors-in-possession (the "Debtors" or "Grace") object

to and seek disallowance in its entirety of Claim No. 2114  (the "NY Hillside Claim" attached

hereto as Exhibit A), filed by N.Y. Hillside, Inc ( "NY Hillside" or "Claimant"). In support of

this Objection, the Debtors state the following:

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

## INTRODUCTION

Claimant seeks to collect twice for the same alleged liability: once in 2001 from Samson Hydrocarbons Corporation, the successor to Grace Petroleum Corporation ("GPC"); and now from the Debtors. Claimant has already been paid on the alleged liability by Samson pursuant to a settlement agreement executed in 2001. That agreement explicitly released GPC from any liability associated with the NY Hillside Claim. As a result of Samson's payment to NY Hillside, Samson has asserted an indemnity claim against Grace pursuant to a Sale Agreement (defined below) between Grace and Samson.[2] The Debtors have no relationship with or obligation to pay NY Hillside on the claim and NY Hillside is not entitled to be paid twice. As a result, the NY Hillside Claim must be disallowed in its entirety.

## JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for this Objection are sections 502 of title 11 of the Bankruptcy Code (the "Bankruptcy Code"), Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

---

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594 and 24657 (the "Plan").

**FACTS AND BACKGROUND**

3.    On or about April 30, 1989, GPC entered into an Assignment of Oil and Gas Leases (the "Assignment") with Petro Resources, Inc. ("Petro") wherein GPC transferred "all of its right, title and interest in and to certain oil and gas leases" to Petro. The assignment included GPC's leasehold estates in certain real properties located in Los Angeles County, California (the "Subject Property") on which certain oil and gas operations were ongoing. The Agreement terminated GPC's involvement with the Subject Property. A copy of the Assignment is attached as Exhibit B.

4.    On or about December 30, 1992, Grace Energy Corporation ("Grace Energy"), the holder of 100% of the stock of GPC, entered into an Agreement for the Purchase and Sale of the Stock of GPC with Samson Investment Company ("Samson Investment") (the "Sale Agreement") whereby Grace Energy sold all of the stock of GPC to Samson Investment. A copy of the Sale Agreement is attached as Exhibit C. Thereafter, Samson Investment changed the name of GPC to Samson Hydrocarbons Company ("Samson Hydrocarbons") (hereinafter, Samson Investment and Samson Hydrocarbons shall be referred to collectively as "Samson"). W. R. Grace & Co.- Conn., ("Grace-Conn") was an additional signatory to the Sale Agreement. Grace-Conn holds 100% of the stock of Grace Energy. In the Sale Agreement, Grace Energy agreed to indemnify Samson and defend against claims for damages relating to the environmental condition of any oil and gas leases in which GPC previously owned an interest.

5.    On April 12, 2000, NY Hillside filed a Cross-Complaint against Grace Energy and W. R. Grace & Co. ("W. R. Grace"), among others, in the case captioned Petro Resources, Inc. vs. N. Y. Hillside, Inc, et al, Case No. BC 222456, in the Superior Court of California, Los Angeles County (the "Petro Suit"). The Petro Suit involves alleged contamination of certain oil

and gas properties that Petro had leased to NY Hillside, including the Subject Property. A copy of the Cross-Complaint is attached as Exhibit D.

6. On March 15, 2001, Grace Energy and W. R. Grace filed their Joint Responses to the First Set of Interrogatories and First Set of Form Interrogatories served by NY Hillside in the Petro Suit. In the Joint Responses, W. R. Grace and Grace Energy asserted that neither Grace Energy nor W. R. Grace ever "owned, operated, used or held any property interest in the oil and gas properties at issue in [the Petro Suit]. Only GPC, a former subsidiary, held leasehold or other interests in certain portions of those properties. As a result, Grace Energy and W. R. Grace have no liability for any contamination of the properties at issue." Copies of the Joint Responses are attached as Exhibits E and F.

7. Following the Petition Date, Grace Energy and W. R. Grace filed a Notice of Suggestion of Bankruptcy in the Petro Suit, informing the court of their Chapter 11 filings and operation of the automatic stay of section 362 of the Bankruptcy Code. A copy of the Notice of Suggestion is attached as Exhibit G.

8. On July 5, 2001, NY Hillside filed an Amendment to its Second Amended Cross-Complaint in the Petro Suit wherein NY Hillside added Samson Investment as an additional Cross-Defendant. In the Amendment, NY Hillside alleged that Samson Investment was an entity which "in or around 1992 purchased all of the stock and assets of [GPC] an operator of the Subject Properties." A copy of the Amendment is attached as Exhibit H.

9. On April 22, 2002, the Bankruptcy Court issued a bar date order in the chapter 11 cases (Docket No. 1963), which established March 31, 2003, as the deadline for filing pre-petition, non-asbestos, asbestos property damage, and medical monitoring claims

10.    On September 30, 2002, NY Hillside filed the NY Hillside Claim wherein NY

Hillside seeks $25,000 from the Debtors in "settlement" of the Petro Suit. (See Exhibit A.). The

NY Hillside Claim includes a one paragraph attachment and the Settlement Agreement and

Mutual Release ( the "Settlement Agreement") between NY Hillside and three sets of settling

cross-defendants in the Petro Suit, including Samson. Each of the settling cross-defendants

agreed to pay $25,000 in settlement to NY Hillside.  The Settlement Agreement contains the

following recitals:

> WHEREAS, Grace Energy Corporation and W. R. Grace & Co. have both
> asserted under oath in response to interrogatories propounded by the Hillside Parties that
> their only involvement as an oil operator on the Subject Properties was through a
> subsidiary named Grace Petroleum Corporation;

> WHEREAS, all of the capital stock of Grace Petroleum Corporation was sold to
> Samson Investment Company, an unrelated corporation, in 1993, and after that time, the
> name of the entity known as Grace Petroleum Corporation was ultimately changed to
> Samson Hydrocarbons Company.

11.    Under Article 2 of the Settlement Agreement: "Samson as well as their

predecessors-in-interest, successors-in-interest, partners, subsidiaries and affiliates and their

present and former officers, directors, employees, representatives, agents, attorneys, assigns,

nominees, shareholders, and each of them" obtained a full release from NY Hillside of any and

all claims, including claims related to "past operations on the Subject Properties whether asserted

in the [Petro Suit] or not; and …environmental conditions on the Subject Properties." The

Settlement Agreement does not contain any reservation of rights or claims by NY Hillside

against any of the Debtors or GPC.

12.    On March 31, 2003, Samson filed several proofs of claim against the Debtors in

these bankruptcy cases. Among the claims asserted therein, Samson seeks recovery from the

Debtors of the $25,000 it paid to NY Hillside under the Settlement Agreement to settle the Petro

Suit, as well as Samson's legal costs therein. Samson asserts its claims under Article XIII of the Sale Agreement whereby Grace Energy and Grace-Conn allegedly indemnified Samson for claims such as those asserted against Samson by NY Hillside in the Petro Suit.

### RELIEF REQUESTED

13.    Based on the facts and circumstances outlined herein, Grace hereby requests that the NY Hillside Claim be disallowed and expunged in its entirety.

### ARGUMENT

14.    The Debtors have no legal relationship with or obligation to NY Hillside. As outlined above, none of the Debtors have ever owned, operated, used or held any property interest in the oil and gas properties at issue in Petro Suit.

15.    As explicitly admitted by NY Hillside in its July 5, 2001 Amendment to its Second Amended Cross-Complaint in the Petro Suit, in 1992 Samson Investment purchased all of the stock and assets of GPC, which was an alleged operator of the some of the subject properties at issue in the Petro Suit.

16.    NY Hillside further admits, in the Settlement Agreement, that the Debtors have no interest in the properties at issue, again stating that all of the capital stock of GPC was sold to Samson, a corporation unrelated to Grace, in 1993, and after that time the name of the entity known as Grace Petroleum Corporation was ultimately changed to Samson Hydrocarbons.

17.    In the Settlement Agreement, NY Hillside releases GPC, as the "predecessor-in-interest" of Samson Hydrocarbons, from all claims, including claims related to past operations on the subject properties and any environmental conditions on the subject properties.

18.    The Settlement Agreement does not contain any reservation of rights or claims by NY Hillside against any of the Debtors or GPC.

19.    As a result, none of the Debtors have any liability to NY Hillside for any contamination of the properties at issue.

20.    The NY Hillside Claim is an attempt by NY Hillside to collect twice for the same alleged liability. NY Hillside has already been paid on the alleged liability by Samson, the successor to GPC, pursuant to the Settlement Agreement.

21.    The Debtors have no obligation to NY Hillside. Quite the contrary, the Debtors are, in fact, facing an indemnity claim from Samson pursuant to the Sale Agreement for the payment Samson had to make to NY Hillside under the Settlement Agreement.

22.    NY Hillside is not entitled to be paid twice for the same liability.  Nor is it allowed to be paid on a claim that it released long ago. As a result, the NY Hillside Claim must be disallowed, in its entirety.

## RESERVATION

23.    The Debtors hereby reserve the right to amend, modify and/or supplement this Objection, including, without limitation, to object to amended claims and newly-filed claims and to file all other objections relating to the NY Hillside Claim. Separate notice and hearing will be scheduled for any such objection.

## NO PREVIOUS OBJECTION

24.    No previous objection for the relief sought herein has been made to this or any other court.

## NOTICE

25.    Notice of this Objection has been given to:  (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and

Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) Claimant.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### COMPLIANCE WITH RULE 3007-1

26.     This Objection and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

**[Remainder of Page Intentionally Left Blank.]**

WHEREFORE, the Debtors respectfully request entry of an Order substantially in the

form attached hereto as Exhibit 1, disallowing Claim No. 2114 of NY Hillside, Inc in its entirety.

Dated:  December 3, 2010

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

THE LAW OFFICES OF JANET S. BAER,
P.C.
Janet S. Baer, P.C.
Roger J. Higgins
70 W. Madison St., Suite 2100
Chicago, IL 60602-4253
Telephone: (312) 641-2162
Facsimile: (312( 641-2165

and

PACHULSKI STANG ZIEHL & JONES LLP

_James E. O'Neill_

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors-in-
Possession