# Exhibit E

3/15/01
#5

1  JOHN C. MUELLER (SBN 77521)
   LAW OFFICES OF JOHN C. MUELLER
2  5146 Douglas Fir Road, Suite 206
   Calabasas, CA  91302-1439
3  Ph. (818) 222-8151
4  Fax (818) 222-8149

5  COLIN G. HARRIS
   HOLME ROBERTS & OWEN LLP
6  1401 Pearl Street, Suite 400
   Boulder, Colorado  80302-5314
7  Ph. (303) 444-5955
8  Fax (303) 444-1063

9  Attorneys for Cross-Defendants
   **GRACE ENERGY CORPORATION AND**
10 **W.R. GRACE & CO.**

11

12

13            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                **FOR THE COUNTY OF LOS ANGELES**

15

16 PETRO RESOURCES, INC., a Texas          )   Case No. BC 222456
   corporation,                            )
17                                         )
                Plaintiff,                 )
18                                         )
             v.                            )
19                                         )
   N.Y. HILLSIDE, INC., a California       )   CROSS-DEFENDANTS GRACE
20 corporation, also known as NY (HILLSIDE))   ENERGY CORPORATION'S AND
   INC., a California corporation, and NY  )   W.R. GRACE & CO.'S JOINT RESPONSES
21 INTERNATIONAL PETROLEUM              )   TO FIRST SET OF INTERROGATORIES BY
   (HILLSIDE) INC., a New York corporation;)   DEFENDANTS AND CROSS-
22 MANAGEMENT, INC., a California          )   COMPLAINANTS N.Y. HILLSIDE, INC., A
   corporation; CHARLES JURGENS, an        )   CALIFORNIA CORPORATION.,
23 individual; MAHGUIB EL-ARABI, an        )   INTERNATIONAL PETROLEUM
   individual; and DOES 1 through 100,     )   MANAGEMENT, INC. A CALIFORNIA
24 inclusive,                              )   CORPORATION, CHARLES JURGENS
25                                         )   AND MAHGUIB EL-ARABI
                Defendants.                )
26                                         )   TRIAL DATE: None Set
                                           )   COMPLAINT FILED: December 29, 1999
27 ─────────────────────────────          )
   N.Y. HILLSIDE, INC., a California       )
28 corporation; INTERNATIONAL             )

#57024 v1                                  1      *Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
                      Grace Energy Corp.'s & W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Special Interrogatories

1   PETROLEUM MANAGEMENT, INC., a   )
    California corporation; CHARLES   )
2   JURGENS, an individual; and MAHBUIB   )
    EL-ARABI, an individual,   )
3   )
4          Cross-Complainants,   )
    )
5          v.   )
    )
6   PETRO RESOURCES, INC., a Texas   )
    corporation; KENT RILEY, an individual;   )
7   JOE ROSE, an individual; GRACE   )
    ENERGY CORPORATION, a Delaware   )
8   corporation; W.R. GRACE & CO., a   )
    Delaware corporation; TOSCO REFINING   )
9   COMPANY, a Nevada corporation; TOSCO )
    CORPORATION, a Nevada corporation;   )
10  TEORCO, a Delaware corporation; BERRY  )
    PETROLEUM COMPANY, a Delaware   )
11  corporation; and ROES 1 through 10,   )
    inclusive,   )
12  )
13  )
           Cross-Defendants   )
14  )
    _____   )
15  )

16  PROPOUNDING PARTY:         DEFENDANTS AND CROSS-COMPLAINANTS

17                             N.Y. HILLSIDE, INC., A CALIFORNIA

18                             CORPORATION,  INTERNATIONAL PETROLEUM

19                             MANAGEMENT, INC., A CALIFORNIA

20                             CORPORATION, CHARLES  JURGENS AND MAHGUIB

21                             EL-ARABI

22  RESPONDING PARTY:          CROSS-DEFENDANTS GRACE ENERGY

23                             CORPORATION, A DELAWARE CORPORATION AND

24                             W.R. GRACE & CO., A DELAWARE CORPORATION

25

26  SET NO:                    ONE

27

28

## PRELIMINARY STATEMENT

The following responses are based on cross defendants' and cross-complainants', Grace Energy Corporation and W.R. Grace & Co. (hereafter "Cross-defendants"), perception and understanding of the nature and type of information requested and upon information presently known and reasonably available to Cross-defendants and their attorneys of record in this action. Cross-defendants have not completed their investigation of the facts, their discovery, or their preparation for trial. Without obligating themselves to do so, Cross-defendants hereby reserve the right to supplement, modify or amend these responses and to correct any inadvertent errors or omissions which may be contained herein in light of information, documents or other materials which subsequently may be obtained or discovered, and to rely upon such information, documents or other material in subsequent proceedings, motions, or at the trial of this action.

Cross-complainants served separate sets of Special Interrogatories on cross-defendant W.R. Grace & Co. and cross-defendant Grace Energy Corporation. Both sets of Special Interrogatories were dated August 31, 2000, and appear to be the same. To be efficient, Cross-defendants are serving this joint Response to the separate Special Interrogatories since, in most instances, the response of both Cross-defendants is the same. To the extent the Special Interrogatories request information that will differ as between the two Cross-defendants, the response indicates the separate responses, as necessary. In filing a joint Response, however, no implication nor any conclusion should be drawn whatsoever that W.R. Grace & Co. and Grace Energy Corporation are the same entity, since they are not. They are, and remain, separate and distinct corporations.

Further, Cross-defendants never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Upon information and belief, cross-defendants were named in this action only because W.R. Grace & Co. through Grace Energy Corporation or W.R. Grace & Co.'s wholly owned subsidiary, W.R. Grace & Co.- Conn., (depending

1    on the time frame) had a former wholly owned subsidiary, Grace Petroleum Corporation (GPC), who,

2    from time to time, held various leasehold or other interests in some of the oil leases relating to certain

3    portions of the Premises.  In addition, prior to 1978, Teal Petroleum Corporation (Teal) was also a

4    wholly owned subsidiary of W.R. Grace & Co.-Conn.  In July 1978, however, Teal Petroleum

5    Corporation merged into Grace Petroleum Corporation.  Although the Cross-defendants reserve all of

6    their rights and objections, for purposes of responding to these Special Interrogatories, the Cross-

7    defendants will respond to the extent possible, based on the information and documents in their

8    possession, to the Special Interrogatories as they relate to either the Cross-defendants, or if the

9    context requires, as they relate to GPC or Teal.

10

## GENERAL OBJECTIONS

11

12        1.        To the extent that any request may be construed as calling for information subject to a

13   claim of privilege, including, without limitation, an attorney-client privilege (specifically

14   communications and/or documents reflecting communications intended to be confidential between

15   Cross-defendants and their attorneys, including correspondence, notes and/or memoranda made by

16   Cross-defendants and/or their attorneys regarding the subject of this litigation), Cross-defendants

17   claim such privilege and object to such requests on that basis.  Likewise, Cross-defendants object to

18   each interrogatory to the extent it might be construed to require disclosure of any attorney work

19   product, on the grounds that such information is privileged and its disclosure would violate the

20   policies embodied in California Code of Civil Procedure Section 2018.

21        2.        Cross-defendants will make reasonable efforts to interpret and respond to each

22   request.  If defendants and cross-complainants, N Y Hillside, International Petroleum Management,

23   Inc., Charles Jurgens, and Mahguib El-Arabi (hereafter "cross-complainants") subsequently supply

24   an interpretation of a request that differs from that of Cross-defendants, however, Cross-defendants

25   reserve the right to supplement their response.

26

27

28

3.      Cross-defendants have not yet completed their investigation of the facts related to this matter, have not completed discovery in this action and are not completely prepared for trial. Cross-defendants object generally to any request with which cross-complainants may seek to prejudice Cross-defendants' right to produce evidence of any facts, including documents, discovered subsequent to the preparation of this response.

4.      The responding Cross-defendants, Grace Energy Corporation and W.R. Grace & Co. did not, at any time, own or operate any of the properties, facilities, or oil and gas leases at issue in the pending action. A separate corporation, Grace Petroleum Corporation (GPC), or Teal Petroleum Corporation (Teal), from time to time had an interest in some of the properties, facilities, or oil and gas leases at issue in this action. In or about 1992, the stock of GPC was sold to Samson Investment Corporation (Samson). Based on reasonable inquiry, the Cross-defendants represent that, if and to the extent any documents of GPC and/or Teal currently exist and contain information responsive to these Special Interrogatories, they would likely be maintained by Samson. Nevertheless, while under no obligation to do so and without waiving any objection to any party's future demand of Cross-defendants, Cross-defendants made a reasonable inquiry of Samson to obtain documents of the former GPC and/or Teal containing information that might be relevant to this action. In relying on documents obtained from Samson, Cross-defendants expressly do not represent that the production comprises each and every document in Samson's custody and control that could potentially contain information responsive to the Special Interrogatories, although Cross-defendants are not aware of any documents containing responsive information that Samson may not have produced. Thus, to the extent Cross-defendants have responded to the Special Interrogatories, it should be understood that the information provided from the Samson documents is now in the possession of Cross-defendants only as a result of their voluntary, good faith effort to locate documents containing responsive information from Samson. Other information provided here was obtained from documents produced by other parties or was in Cross-defendants' files notwithstanding the sale of GPC to Samson.

5. No incidental or implied admission of any nature whatsoever is intended. The fact that any interrogatory has been answered should not be taken as an admission, acceptance, or concession of the existence of any facts set forth or assumed by such interrogatory, or that such answer constitutes admissible evidence or evidence of any fact set forth or assumed. All questions that assume facts are objected to on that basis and any answer provided thereto is provided without waiving such objections. The fact that Cross-defendants have answered part or all of the interrogatory is not intended and should not be construed as a waiver by Cross-defendants of all or any objections to any interrogatory.

6. Cross-defendants object to each interrogatory insofar as it might be construed to require present disclosure of either the identity of, or any conclusions or opinions or work of, any experts who may become expert witnesses, on the grounds that such disclosure is contrary to the requirements of California Code of Civil Procedure Section 2034.

7. Cross-defendants object to each interrogatory insofar as it does not comply with California Code of Civil Procedure Section 2030(c)(5).

8. Cross-defendants object generally to cross-complainants' definitions that accompany the interrogatories on the grounds that they are overly broad, unduly burdensome, seek irrelevant information, and are not reasonably calculated to lead to the discovery of relevant or admissible evidence.

9. Cross-defendants object generally to cross-complainants' definitions that accompany the interrogatories to the extent that they seek to alter the obligations placed on cross-defendants by applicable law and rules of court.

#57024 v1

6

*Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
Grace Energy Corp.'s & W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Special Interrogatories

## OBJECTIONS TO DEFINITIONS

1.     Cross-defendants object to the definitions of "You," "Your," "Grace Energy" or "W.R. Grace" on the grounds that these definitions are vague, ambiguous and overbroad, in that the definition includes "all parents, subsidiaries, divisions, affiliates, predecessors-in-interest of same, and any other entities currently or previously associated with" the above quoted terms and "any entity(ies) controlled by or acting on behalf of" the above quoted terms. Cross-defendants further object to the extent these definitions include "any and all attorneys, officers, directors, shareholders, principals, employees, past or present agents, trustees, agents or representatives of affiliated entities, and any person(s) who act, have at any time acted, or have at any time by any person been requested or solicited to act on behalf of any entity specified in paragraph (a)" on the grounds that these definitions are vague, ambiguous and overbroad, and because they may include individuals or entities over which Cross-defendants may have no access. Cross-defendants interpret "You" and "Your" to refer only to Grace Energy Corporation, W.R. Grace & Co. Where appropriate, and to the extent it possesses information, Cross-defendants will respond as to GPC or Teal.

2.     Cross-defendants object to the definition of "Documents" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, because it would result in a requirement that Cross-defendants obtain materials from third-parties over whom Cross-defendants have no reasonable access or control; moreover, Cross-defendants object on the ground that the definition would result in the production of materials not reasonably calculated to lead to the production of relevant evidence, such as advertisements, circulars, trade letters, press releases brochures, pamphlets and other such materials.

3.     Cross-defendants object to the definition of "Identify" (with respect to a person) on the grounds that it is overbroad and makes the interrogatories in which it is used compound and conjunctive in violation of California Code of Civil Procedure Section 2030(c)(5).

4.      Cross-defendants object to the definition of "Premises" on the ground that it is compound and prevents responding to certain Special Interrogatories in a meaningful way, and is vague and ambiguous because the definition contains no legal description of the "Premises." GPC and/or Teal, from time to time had a leasehold or other interest in some of the properties at issue in this action. At no time did GPC and/or Teal have any interest in the USL-Bailey Property or the Poco-Vagabond Property. Cross-defendants thus will respond only with respect to GPC's and/or Teal's interests in the properties commonly referred to as the "York," the "Pfahler," the "Schisler," and the "PRI Fee." On information and belief, GPC's and/or Teal's interests were limited to the areas defined by legal "metes and bounds" descriptions contained in leases (and in one case, a deed). The leases and deed are identified in particular responses below. By referring to these properties using the names listed in the definition of "Premises," Grace does not admit to any interests other than the interests specifically described in the leases and deed. To the extent that the Special Interrogatories request information about the Premises, Cross-defendants limit that definition to the interests in the York lease, the Schisler lease, the Pfahler lease and the PRI Fee lease described above.

5.      Cross-defendants incorporate by reference each of the General Objections and Definitional Objections where applicable, as if each of those objections was set forth fully in each of the following responses to the Special Interrogatories.

## RESPONSES TO SPECIAL INTERROGATORIES

## SPECIAL INTERROGATORY NO. 1:

Please IDENTIFY the officers of GRACE ENERGY.

Please IDENTIFY the officers of W.R. GRACE.

## RESPONSE TO SPECIAL INTERROGATORY NO. 1:

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Special Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Special Interrogatory seeks

information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.   Without waiving any objections, Cross-defendants respond as follows:

### W.R. Grace's Officers:

Paul J. Norris, Chairman, President & Chief Executive Officer
Robert M. Tarola, Senior Vice President and Chief Financial Officer
Robert J. Bettacchi, Senior Vice President
David B. Siegel, Senior Vice President and General Counsel
W. Brian McGowan, Senior Vice President, Administration
William M. Corcoran, Vice President, Public and Regulatory Affairs
Mark A. Shelnitz, Secretary

### Grace Energy Corporation's Officers:

W. Brian McGowan, President
Mark A. Shelnitz, Secretary
Robert M. Tarola, Vice President and Treasurer
Akos L. Nagy, Vice President
Anthony G. Riddlesperger, Vice President
David B. Siegel, Vice President
David Nakashige, Assistant Treasurer
Elyse Napoli Filon, Assistant Treasurer

## SPECIAL INTERROGATORY NO. 2:

Please IDENTIFY the directors of GRACE ENERGY.

Please IDENTIFY the directors of W.R. GRACE.

## RESPONSE TO SPECIAL INTERROGATORY NO. 2:

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Special Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome.  Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, Cross-defendants respond as follows:

W.R. Grace's Board of Directors:

Ronald C. Cambre, Chairman, President & Chief Executive Officer, Newmont Mining
    Corporation
Thomas A. Vanderslice, Former Chairman & Chief Executive Officer, M/A-COM
Marye Anne Fox, Chancellor, North Carolina State University
John J. Murphy, Retired Chairman of the Board, Dresser Industries, Inc.
John F. Akers, Retired Chairman & Chief Executive Officer, International Business
    Machines Corporation
Paul. J. Norris, Chairman, President & Chief Executive Officer, W.R. Grace & Co.

Grace Energy Corporation's Directors:

W. Brian McGowan
Akos L. Nagy
Paul J. Norris

**SPECIAL INTERROGATORY NO. 3:**

Please IDENTIFY the shareholders of GRACE ENERGY.

Please IDENTIFY the shareholders of W.R. GRACE.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Special Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, Cross-defendants respond as follows: W.R. Grace is a public company with hundreds or thousands of shareholders. The shareholder of Grace Energy Corporation is W.R. Grace & Co. – Conn, who is wholly owned by W.R. Grace.

**SPECIAL INTERROGATORY NO. 4:**

Please list all corporate names used at any time by GRACE ENERGY.

Please list all corporate names used at any time by W.R. GRACE.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Special Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**SPECIAL INTERROGATORY NO. 5:**

Describe the legal relationship between Grace Energy Corporation, a Delaware corporation, and W.R. Grace & Co., a Delaware corporation.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Special Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, Cross-defendants respond as follows: Parent/Subsidiary.

**SPECIAL INTERROGATORY NO. 6:**

Identify any and all agreements between Grace Energy Corporation, a Delaware corporation, and W.R. Grace & Co., a Delaware corporation RELATING TO the PREMISES.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants also object to this Special Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject

1  matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

2  Without waiving any objections, however, Cross-defendants respond as follows: Cross-defendants

3  are not aware of any such agreements.

4  **SPECIAL INTERROGATORY NO. 7:**

5

6  Please list all names under which GRACE ENERGY, has, at any time, done business.

7  Please list all names under which W.R. GRACE, has, at any time, done business.

8  **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

9  Cross-defendants hereby incorporate their General Objections. Cross-defendants also object

10 to this Special Interrogatory as overbroad, including as to time, and as unduly oppressive and

11 burdensome.  Cross-defendants further object on the ground that the Special Interrogatory seeks

12 information that is neither relevant to the subject matter of this action nor reasonably calculated to

13 lead to the discovery of admissible evidence.

14 **SPECIAL INTERROGATORY NO. 8:**

15

16 Identify the period of time during which YOU owned, occupied, and/or operated at the

17 PREMISES.

18 **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

19 Cross-defendants hereby incorporate their General Objections, and further object because they

20 never owned, operated, used, or held any property interest, including any leasehold interests, in the

21 Premises at any time.  Without waiving any objections, however, Cross-defendants respond as

22 follows:  Cross-defendants refer to the following contracts, which identify the dates that GPC and/or

23 Teal received an interest, or transferred an interest, in the Premises. Cross-defendants do not know

24 precise dates that GPC and/or Teal occupied or operated the Premises, and in listing GPC's and/or

25 Teal's interests below do not admit that GPC and/or Teal actually occupied or operated the Premises

26 during the entire period that GPC and/or Teal had an interest.  On information and belief, during the

27

28

periods between GPC's and/or Teal's transfer to a third party, and the transfer back to GPC, GPC and/or Teal did not occupy or operate any of the Premises.

### York, Pfahler, Schisler, and PRI Fee lease history

GRACE's past interests in the "York Lease" are defined in the following oil and gas lease assignments:

- February 1, 1977:  Assignment of Oil and Gas Lease between Crestmont Oil & Gas Company and Teal Petroleum Company (a predecessor to Grace Petroleum Company) (Crestmont assigned an undivided 50 percent interest in the "York lease" each to Teal and James C. Riley, Limited) (Bates numbers B 003225 - 003228)

- March 8, 1979:  Assignment of Oil and Gas Leases between W. Kent Riley and GPC (Riley assigned the "York lease" to GPC) (Bates numbers B 000523 – 000527)

- March 8, 1979:  Assignment of Landowners Royalty (Petro Resources, Inc. assigned the Royalty to the "York lease" to GPC) (Bates numbers B 003260 – 003264)

- August 25, 1983:  Third Amendment and Modification of Oil and Gas Lease between PRI and GPC (Bates numbers B 00052 – 00058)

- August 26, 1983:  Assignment of Interests in Real Property, Lease of Personal Property Equipment, and Agreements with Respect Thereto (GPC assigned the "York lease" and lease equipment to TEORCO) (Bates number B 004304 – 004507)

- August 26, 1983:  Deed of Trust, Security Agreement, Financing Statement and Assignment among TEORCO, Roger D. Coley, and Grace Petroleum Corporation (TEORCO, as trustor, assigned the "York lease" to Roger D. Coley, as trustee, with GPC as the beneficiary) (Bates numbers 004061 – 004071)

- April 30, 1988:  Special Warranty Assignment, Termination of Production Payments/Overriding Royalty and Termination of Equipment Lease between GPC and TEORCO (TEORCO assigned the "York lease" and lease equipment to GPC) (Bates numbers B 001158 – 001165)

- April 28, 1989:  Bill of Sale of Personal Property between GPC and PRI (GPC assigned equipment and personal property on "York lease" to PRI) (Bates numbers PRI 000567 – 00573)

- April 30, 1989:  Assignment of Oil and Gas Leases between GPC and PRI (GPC assigned the "York lease" to PRI) (Bates numbers PRI 002154 – 002159)

#57024 v1

13

*Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
Grace Energy Corp.'s & W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Special Interrogatories

GRACE's past interests in the "Pfahler Lease" are defined in the following oil, gas and mineral lease assignments:

- November 1, 1977: Partial Assignment of Oil and Gas Lease between Jim Riley and Teal Petroleum Company (a predecessor to GPC) (Riley assigned a 50 percent interest in the "Pfahler lease" to Teal Petroleum Company) (Bates numbers B 003115 – 003117)

- March 8, 1979: Assignment of Oil and Gas Leases between W. Kent Riley and GPC (Riley assigned the "Pfahler lease" to GPC) (Bates numbers B 000523 – 000527)

- August 26, 1983: Assignment of Interests in Real Property, Lease of Personal Property Equipment, and Agreements with Respect Thereto (GPC assigned the "Pfahler lease" and lease equipment to TEORCO) (Bates numbers B 004304 – 004507)

- August 26, 1983: Deed of Trust, Security Agreement, Financing Statement and Assignment among TEORCO, Roger D. Coley, and Grace Petroleum Corporation (TEORCO, as trustor, assigned the "Pfahler lease" to Roger D. Coley, as trustee, with GPC as the beneficiary) (Bates numbers 004061 – 004071)

- April 30, 1988: Special Warranty Assignment, Termination of Production Payments/Overriding Royalty and Termination of Equipment Lease between GPC and TEORCO (TEORCO assigned the "Pfahler lease" and lease equipment to GPC) (Bates numbers B 001158 – 001165)

- April 28, 1989: Bill of Sale between GPC and PRI (GPC assigned equipment and personal property on " Pfahler lease" to PRI) (Bates numbers PRI 000567 – 00573)

- April 30, 1989: Assignment of Oil and Gas Leases between GPC and PRI (GPC assigned the "Pfahler lease" to PRI) (Bates numbers PRI 002154 – 002159)

GRACE's past interests in the "Schisler Leases" are defined in the following oil and gas lease assignments:

- February 1, 1977: Assignment of Oil and Gas Lease between Crestmont Oil & Gas Company and Teal Petroleum Company (a predecessor to GPC) (Crestmont assigned the "Schisler leases" to Teal Petroleum Company) (Bates number B 003286 – 003291)

- March 8, 1979: Assignment of Oil and Gas Leases between W. Kent Riley and GPC (Riley assigned "Schisler leases" to GPC) (Bates numbers B 000523 – 000527)

- August 26, 1983: Assignment of Interests in Real Property, Lease of Personal Property Equipment, and Agreements with Respect Thereto (GPC assigned the "Schisler leases" and lease equipment to TEORCO) (Bates numbers 004304 – 004507)

- August 26, 1983: Deed of Trust, Security Agreement, Financing Statement and Assignment among TEORCO, Roger D. Coley, and Grace Petroleum Corporation (TEORCO, as trustor, assigned the "Schisler leases" to Roger D. Coley, as trustee, with GPC as the beneficiary) (Bates numbers 004061 –004071)

- April 30, 1988:  Special Warranty Assignment, Termination of Production Payments/Overriding Royalty and Termination of Equipment Lease between GPC and TEORCO (TEORCO assigned the "Schisler leases" and lease equipment to GPC) (Bates numbers B 001158 – 001165)

- April 28, 1989:  Bill of Sale between GPC and PRI (GPC assigned equipment and personal property on "Schisler leases" to PRI) (Bates numbers PRI 000567 – 00573)

- April 28, 1989:  Grant Deed between GPC and PRI (GPC conveyed a portion of the "Schisler lease property" to PRI) (Bates numbers PRI 001693 – 001694)

- April 30, 1989:  Assignment of Oil and Gas Leases between GPC and PRI (GPC assigned the "Schisler leases" to PRI) (Bates numbers PRI 002154 – 002159)

GRACE's past interests in the "PRI Fee Lease" are defined in the following oil, gas and mineral lease assignments:

- December 30, 1977:  Oil, Gas and Mineral Lease between PRI as Lessor, and PRI, Jim Riley, James C. Riley, III, W. Kent Riley, and Teal Petroleum Company (a predecessor to GPC) (PRI assigned a 50 percent interest in the "PRI Fee lease" to Teal Petroleum Company) (Bates numbers B 000239 – 000251)

- March 8, 1979: First Amendment to Oil, Gas and Mineral Lease between PRI and GPC (Bates numbers B 00268 – 00270)

- March 8, 1979:  Assignment of Oil and Gas Leases between W. Kent Riley and GPC (Riley assigned "PRI Fee lease" to GPC) (Bates numbers B 000523 – 000527)

- March 8, 1979:  Assignment of Landowners Royalty (Petro Resources, Inc. assigned the "PRI Fee lease" Royalty to GPC) (Bates numbers B 003260 – 003264)

- August 25, 1983: Second Amendment to Oil, Gas and Mineral Lease between PRI and GPC (Bates numbers 00271 – 00276)

- August 26, 1983:  Assignment of Interests in Real Property, Lease of Personal Property Equipment, and Agreements with Respect Thereto (GPC assigned the "PRI Fee lease" and lease equipment to TEORCO) (Bates numbers B 004304 – 004507)

- August 26, 1983:  Deed of Trust, Security Agreement, Financing Statement and Assignment among TEORCO, Roger D. Coley, and Grace Petroleum Corporation (TEORCO, as trustor, assigned the "PRI Fee lease" to Roger D. Coley, as trustee, with GPC as the beneficiary) (Bates numbers 004061 – 004071)

- April 30, 1988:  Special Warranty Assignment, Termination of Production Payments/Overriding Royalty and Termination of Equipment Lease between GPC and TEORCO (TEORCO assigned the "PRI Fee lease" and lease equipment to GPC) (Bates numbers B 001158 – 001165)

- April 28, 1989:  Bill of Sale between GPC and PRI (GPC assigned equipment and personal property on the "PRI Fee lease" to PRI) (Bates numbers PRI 000567 – 00573)

- April 30, 1989:  Assignment of Oil and Gas Leases between GPC and PRI (GPC assigned the "PRI Fee lease" to PRI) (Bates numbers PRI 002154 – 002159)

## SPECIAL INTERROGATORY NO. 9:

Describe any and all historic uses of the PREMISES prior to YOUR ownership, occupation, and/or operations on the PREMISES.

## RESPONSE TO SPECIAL INTERROGATORY NO. 9:

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants also object to this Special Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome in that it seeks information that is not within the possession of knowledge of Cross-defendants.  Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence in that not all prior uses of the Premises necessarily relate to the contamination or equipment that is the subject of this case. Without waiving any objections, however, Cross-defendants respond as follows:  On information and belief, Cross-defendants are informed and believe that the Premises were used for heavy oil exploration and/or production prior to any use by GPC or Teal.

## SPECIAL INTERROGATORY NO. 10:

IDENTIFY any and all prior owners, occupants, or operators of the PREMISES.

## RESPONSE TO SPECIAL INTERROGATORY NO. 10:

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants also object to this Special Interrogatory as overbroad,

1  including as to time, and as unduly oppressive and burdensome in that it seeks information that is not

2  within the possession or knowledge of Cross-defendants. Cross-defendants further object on the

3  ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of

4  this action nor reasonably calculated to lead to the discovery of admissible evidence in that not all

5  prior uses of the Premises necessarily relate to the contamination or equipment that is the subject of

6  this case. Without waiving any objections, however, Cross-defendants respond as follows: On

7  information and belief, the owners, operators, or occupants prior to GPC and/or Teal include, but may

8  not be limited to: York Oil Company, Magnor Pet. Co., Helen and Frank McCoy (York); J.M

9  Schisler, Lillie Schisler, Guiberson Oil Corp. (Schisler); Richard Pfahler (Pfahler); and those parties

10  from whom GPC and/or Teal obtained an interest, as identified in response to Interrogatory No. 8.

11

12  **SPECIAL INTERROGATORY NO. 11:**

13

14      Describe any and all uses of the PREMISES subsequent to YOUR ownership, occupation,

15  and/or operations on the PREMISES.

16  **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

17      Cross-defendants hereby incorporate their General Objections, and further object because they

18  never owned, operated, used, or held any property interest, including any leasehold interests, in the

19  Premises at any time. Cross-defendants also object to this Special Interrogatory as overbroad,

20  including as to time, and as unduly oppressive and burdensome in that it seeks information that is not

21  within the possession or knowledge of Cross-defendants, but rather is within the possession or

22  knowledge of Cross-complainants. Cross-defendants further object on the ground that the Special

23  Interrogatory seeks information that is neither relevant to the subject matter of this action nor

24  reasonably calculated to lead to the discovery of admissible evidence. Without waiving any

25  objections, however, Cross-defendants respond as follows: On information and belief, the Premises

26  were used for the exploration and/or production of heavy oil subsequent to GPC's and/or Teal's

27  occupation and operation of the Premises.

28

1

## SPECIAL INTERROGATORY NO. 12:

2

IDENTIFY any and all subsequent owners, occupants, or operators of the PREMISES.

3

## RESPONSE TO SPECIAL INTERROGATORY NO. 12:

4

5    Cross-defendants hereby incorporate their General Objections, and further object because they

6    never owned, operated, used, or held any property interest, including any leasehold interests, in the

7    Premises at any time. Cross-defendants also object to this Special Interrogatory as overbroad,

8    including as to time, and as unduly oppressive and burdensome in that it seeks information that is not

9    within the possession or knowledge of Cross-defendants, but rather is within the possession or

10   knowledge of Cross-complainants. Cross-defendants further object on the ground that the Special

11   Interrogatory seeks information that is neither relevant to the subject matter of this action nor

12   reasonably calculated to lead to the discovery of admissible evidence. Without waiving any

13   objections, however, Cross-defendants respond as follows: On information and belief, the subsequent

14   owners, occupants, or operators were the Cross-complainants, Hillside Oil Partners, and the parties to

15   whom GPC and/or Teal  assigned or conveyed its interests, as identified in response to Interrogatory

16   No. 8.

17

18

## SPECIAL INTERROGATORY NO. 13:

19   If YOU did not hold title to the PREMISES during the period of YOUR ownership,

20   occupation, or use of same, specify the individual or entity which held title to the PREMISES.

21

## RESPONSE TO SPECIAL INTERROGATORY NO. 13:

22

23   Cross-defendants hereby incorporate their General Objections and further object because they never

24   owned, operated, used, or held any property interest, including any leasehold interests, in the

25   Premises at any time.  Cross-defendants also object to this Special Interrogatory as overbroad,

26   including as to time.  Cross-defendants further object on the ground that the Special Interrogatory

27   seeks information that is neither relevant to the subject matter of this action nor reasonably calculated

28   to lead to the discovery of admissible evidence. Without waiving any objections, however, Cross-

defendants respond as follows:  At different times, Frank and Helen McCoy, W. Kent Riley, or PRI (York); Richard Pfahler (Pfhaler); J.M. and Lillie Schisler (Schisler); PRI (PRI fee).

**SPECIAL INTERROGATORY NO. 14:**

If YOU did not hold title to the PREMISES during the period of YOUR ownership, occupation or use of same, specify the capacity in which YOU occupied the PREMISES, i.e., as a lessee, sublessee, assignee, etc.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Cross-defendants hereby incorporate their General Objections and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time.  Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor is reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, however, Cross-defendants respond as follows:  The nature of the legal interests previously held by GPC and/or Teal in the Premises are identified in the contracts and/or agreements listed in response to Interrogatory No. 8.

**SPECIAL INTERROGATORY NO. 15:**

Describe the sale or transfer of any and all rights RELATING TO the PREMISES, including, but not limited to, the sale or transfer of oil and gas rights to the PREMISES, from Petro Resources, Inc. a Texas corporation, to YOU.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, however, Cross-

defendants respond as follows:  The sale or transfer of GPC's and/or Teal's prior interests in the Premises are identified in the contracts listed in response to Interrogatory No. 8.

**SPECIAL INTERROGATORY NO. 16:**

Describe the sale or transfer of any and all rights RELATING TO the PREMISES, including, but not limited to, the sale or transfer of oil and gas rights to the PREMISES, from YOU to TOSCO Refining Company, a Nevada corporation.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Cross-defendants hereby incorporate their General Objections, and further object because Cross-defendants never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time.  Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, however, Cross-defendants respond as follows:  Cross-defendants are not aware of any sale or transfer to TOSCO.

**SPECIAL INTERROGATORY NO. 17:**

Describe the sale or transfer of any and all rights RELATING TO the PREMISES, including, but not limited to, the sale or transfer of oil and gas rights to the PREMISES, from YOU to TOSCO Corporation, a Nevada corporation.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time.  Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, however, Cross-defendants respond as follows: Cross-defendants are not aware of any sale or transfer to TOSCO.

**SPECIAL INTERROGATORY NO. 18:**

Describe the sale or transfer of any and all rights RELATING TO the PREMISES, including, but not limited to, the sale or transfer of oil and gas rights to the PREMISES, from Berry Petroleum Company, a Delaware corporation to YOU.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

Cross-defendants hereby incorporate their General Objections, and further object because Cross-defendants never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, however, Cross-defendants respond as follows: Cross-defendants are not aware of any sale or transfer to Berry Petroleum Company.

**SPECIAL INTERROGATORY NO. 19:**

Describe the sale or transfer of any and all rights RELATING TO the PREMISES, including, but not limited to, the sale or transfer of oil and gas rights to the PREMISES, from YOU to Petro Resources, Inc., a Texas corporation.

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, however, Cross-defendants respond as follows: The sale or transfer of GPC's and/or Teal's prior interests in the Premises are identified in the contracts and/or agreements listed in response to Interrogatory No. 8.

#57024 v1

21

*Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
Grace Energy Corp.'s & W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Special Interrogatories

1

**SPECIAL INTERROGATORY NO. 20:**

2

State and identify the nature of the business YOU operated at the PREMISES and describe in

3

detail the operation and processes YOU engaged in at the PREMISES.

4

**RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

5

6

Cross-defendants hereby incorporate their General Objections, and further object because they

7

never owned, operated, used, or held any property interest, including any leasehold interests, in the

8

Premises at any time. Cross-defendants also object to this Special Interrogatory as overbroad,

9

including as to time, and as unduly vague, oppressive and burdensome in seeking detailed description

10

of every former operation or process at the Premises. Cross-defendants further object on the ground

11

that the Special Interrogatory seeks information that is neither relevant to the subject matter of this

12

action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving

13

any objections, however, Cross-defendants respond as follows: On certain portions of the Premises,

14

15

GPC and/or Teal engaged in the production of heavy oil, including steam generation and distribution,

16

production treating, water treating and disposal, and storage. Cross-defendants refer Cross-

17

complainants to document No. B001422, which, on information and belief, is an inventory of the

18

equipment that was located on the Premises at the time of GPC's transfer of its interests to TEORCO.

19

Cross-defendants also refer to Cross-complainants to document No. WRG 00022, which contains a

20

description of GPC's prior operations on the Premises.

21

**SPECIAL INTERROGATORY NO. 21:**

22

23

Please describe all activities and operations on the PREMISES, of any nature whatsoever,

24

during YOUR ownership, occupation or operations on the PREMISES.

25

**RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

26

Cross-defendants hereby incorporate their General Objections, and further object because

27

Cross-defendants never owned, operated, used, or held any property interest, including any leasehold

28

interests, in the Premises at any time. Cross-defendants also object to this Special Interrogatory as

overbroad, including as to time, and as unduly oppressive and burdensome in seeking a description of every activity and operation at the Premises. Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, however, Cross-defendants respond as follows: See response to Interrogatory No. 20.

**SPECIAL INTERROGATORY NO. 22:**

Please IDENTIFY each PERSON who has knowledge of facts RELATING TO any activities and operations on the PREMISES, of any nature whatsoever, during YOUR ownership, occupation or operations on the PREMISES.

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Cross-defendants hereby incorporate their General Objections, and further object because Cross-defendants never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants also object to this Special Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome in seeking a description of every activity and operation at the Premises. Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, however, Cross-defendants respond as follows:

David K. Pinson, Vice President, Land
John P. McMillen, Executive Vice President
Anthony G. Riddlesperger, Vice President and Group Counsel, Natural Resources Group
Stephen E. Stein, Attorney, Natural Resources Group
Tom W. Goodwin, Associate Landman
Terry Sears, Land Manager – Western Region
Richard A. Metz, Vice President, Oil and Gas Contracts

#57024 v1

23

*Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
Grace Energy Corp.'s & W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Special Interrogatories

**SPECIAL INTERROGATORY NO. 23:**

Please IDENTIFY all DOCUMENTS RELATING TO the terms and conditions under which GRACE ENERGY conducted operations on the PREMISES.

Please IDENTIFY all DOCUMENTS RELATING TO the terms and conditions under which W.R. GRACE conducted operations on the PREMISES.

**RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants also object to this Special Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, however, Cross-defendants respond as follows: The terms and conditions of GPC's and/or Teal's interests in the Premises are identified in the contracts and/or agreements listed in response to Interrogatory No. 8.

**SPECIAL INTERROGATORY NO. 24:**

Describe the practices, policies, and procedures which YOU followed to guard against hydrocarbon contamination of the PREMISES.

**RESPONSE TO SPECIAL INTERROGATORY NO. 24:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants also object to this Special Interrogatory as overbroad, including as to time. Finally, Cross-defendants object to the Special Interrogatory as vague and ambiguous in its use of the term "hydrocarbon contamination," and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the

1  information requested. Without waiving any objections, however, Cross-defendants respond as

2  follows:  In 1983, just prior to GPC's transfer of its interests in the Premises to TEORCO, Cross-

3  complainant Charles Jurgens stated, with regard to the premises operated by GPC, that the "surface

4  facilities are in excellent condition, well-enginered and first rate." See Bates No. B003621.  By

5  engineering its facilities in a "first rate" manner, and maintaining them in "excellent condition," GPC

6  "guarded against" hydrocarbon contamination.  Further, GPC employed an environmental

7  coordinator for operations at the Premises, and maintained a "Spill Prevention Control and

8

9  Countermeasure Plan."  Further, GPC's Environmental Coordinator determined in 1983, when GPC

10  conveyed its interests to TEORCO, that the premises were "found to be clean and well maintained

11  with no need for repairs, replacements or adjustments." See Bates No. B003891.  Cross-defendants

12  are not aware of information establishing that there were any spills or leaks of hydrocarbons resulting

13  in "contamination" during its operations.  For these reasons, Cross-defendants contend that GPC

14  and/or Teal employed many practices and procedures to prevent hydrocarbon contamination.  Cross-

15

16  defendants do not, at present, know each and every specific practice designed to prevent hydrocarbon

17  contamination, in addition to those set forth above, but discovery is ongoing and Cross-defendants

18  reserve the right to supplement this response when such additional practices are identified.

19  **SPECIAL INTERROGATORY NO. 25:**

20       List any and all inspections performed by any GOVERNMENTAL AGENCY, including, but

21  not limited to, the Fire Department, the Department of Health Services, the County Health

22

23  Department, the Department of Toxic Substances Control, and the Air Quality Management District,

24  during YOUR occupation and/or operations at the PREMISES.

25  **RESPONSE TO SPECIAL INTERROGATORY NO. 25:**

26       Cross-defendants hereby incorporate their General Objections, and further object because they

27  never owned, operated, used, or held any property interest, including any leasehold interests, in the

28  Premises at any time. Cross-defendants also object to this Special Interrogatory as overbroad,

1  including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on

2  the ground that the Special Interrogatory seeks information that is neither relevant to the subject

3  matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4
5  Finally, Cross-defendants object on the grounds that any such inspections are a matter of public

6  record and, as such, any information about such inspections can be accessed as easily by cross-

7  complainants as by Cross-defendants. Without waiving any objections, however, Cross-defendants

8  respond as follows: Cross-defendants presently lack information about inspections of the Premises

9  by the listed Governmental Agencies. Discovery is ongoing and Cross-defendants reserve the right to

10  supplement this response.

11  **SPECIAL INTERROGATORY NO. 26:**

12
13          IDENTIFY any and all DOCUMENTS, including, but not limited to, reports and/or orders

14  prepared by any GOVERNMENTAL AGENCY, including but not limited to, the Fire Department,

15  the Department of Health Services, the County Health Department, the Department of Toxic

16  Substances Control, and the Air Quality Management District, in connection with any and all

17  inspections listed in response to the previous Interrogatory.

18  **RESPONSE TO SPECIAL INTERROGATORY NO. 26:**

19          Cross-defendants hereby incorporate their General Objections, and further object because they

20  never owned, operated, used, or held any property interest, including any leasehold interests, in the

21  Premises at any time. Cross-defendants also object to this Special Interrogatory as overbroad,

22  including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on

23  the ground that the Special Interrogatory seeks information that is neither relevant to the subject

24  matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

25
26  Finally, Cross-defendants object on the grounds that any such inspections are a matter of public

27  record and, as such, any information about such inspections can be accessed as easily by cross-

28  complainants as by Cross-defendants. Without waiving any objections, however, Cross-defendants

#57024 v1                                26

*Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
Grace Energy Corp.'s & W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Special Interrogatories