respond as follows:  Cross-defendants presently are not aware of documents concerning inspections of the Premises by the listed Governmental Agencies.  Discovery is ongoing and Cross-defendants reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 27:**

Describe any spill, leak, release, or discharge to the PREMISES of any hydrocarbon contaminants, during YOUR occupation and/or operations at the PREMISES.

**RESPONSE TO SPECIAL INTERROGATORY NO. 27:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants also object to this Special Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome.  Finally, Cross-defendants object to the Special Interrogatory as vague and ambiguous in its use of the terms "spill," "leak," "release," "discharge," or "hydrocarbon contaminants," and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the information requested.  Without waiving any objections, however, Cross-defendants respond as follows: Cross-defendants are presently unaware of any spill, leak, release, or discharge of hydrocarbon contamination during GPC's and/or Teal's occupation or operation of the Premises.

**SPECIAL INTERROGATORY NO. 28:**

List any and all DOCUMENTS, including, but not limited to, reports submitted by YOU to any GOVERNMENT AGENCY in connection with any release(s) described in response to the previous Interrogatory.

**RESPONSE TO SPECIAL INTERROGATORY NO. 28:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the ises at any time. Cross-defendants also object to this Special Interrogatory as overbroad,

27

*Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
Grace Energy Corp.'s & W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Special Interrogatories

including as to time, and as unduly oppressive and burdensome.  Finally, Cross-defendants object to the Special Interrogatory as vague and ambiguous in its incorporation of the terms "spill," "leak," "release," "discharge," or "hydrocarbon contaminants," and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the information requested.  Without waiving any objections, however, Cross-defendants respond as follows: Cross-defendants are presently unaware of any release of hydrocarbon contamination during GPC's and/or Teal's occupation or operation of the Premises.

**SPECIAL INTERROGATORY NO. 29:**

List any and all DOCUMENTS, including but not limited to, orders issued by any GOVERNMENT AGENCY in connection with any release(s) described in response to Interrogatory No. 27.

**RESPONSE TO SPECIAL INTERROGATORY NO. 29:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants also object to this Special Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants object to the Special Interrogatory as vague and ambiguous in its incorporation of the terms "spill," "leak," "release," "discharge," or "hydrocarbon contaminants," and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the information requested. Finally, Cross-defendants object on the grounds that any such documents are a matter of public record and, as such, any information about such documents, including their identity, can be accessed as easily by cross-complainants as by Cross-defendants.  Without waiving any objections, however, Cross-defendants respond as follows:  Cross-defendants are presently unaware of any release of hydrocarbon contamination during GPC's and/or Teal's occupation or operation of the Premises.

457024 v1

28

*Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
Grace Energy Corp.'s & W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Special Interrogatories

**SPECIAL INTERROGATORY NO. 30:**

Identify any and all tenants and subtenants, including, but not limited to, all lessees, sublessees, and assignees who occupied and/or operated on the PREMISES during the period of YOUR ownership, occupation or operations on the PREMISES.

**RESPONSE TO SPECIAL INTERROGATORY NO. 30:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants also object to this Special Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Without waiving any objections, however, Cross-defendants respond as follows: GPC assigned its interests to TEORCO in an August 26, 1983, Assignment of Interests in Real Property, Lease of Personal Property Equipment, and Agreements with Respect Thereto. See Bates numbers B004304 – 004507. TEORCO was an assignee until April 30, 1988.

**SPECIAL INTERROGATORY NO. 31:**

During YOUR ownership, occupation or operations on the PREMISES, describe YOUR tenants/subtenants' business structure under which YOU and YOUR tenants/subtenants operated at the PREMISES, i.e., did YOUR tenants/subtenants conduct operations at the PREMISES as a corporation, partnership, sole proprietorship, etc.?

**RESPONSE TO SPECIAL INTERROGATORY NO. 31:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants further object to this Special Interrogatory as vague and ambiguous in its use of the term "business structure" and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the information requested. Without waiving any objections, however, Cross-defendants respond as follows: GPC

1  assigned its interests to TEORCO in an August 26, 1983, Assignment of Interests in Real Property,

2  Lease of Personal Property Equipment, and Agreements with Respect Thereto. <u>See</u> Bates numbers

3  004304 – 004507. Cross-defendants are presently unaware of the nature of the "business structure" of

4  TEORCO at the time.

5

6  **SPECIAL INTERROGATORY NO. 32:**

7      State and identify the nature of the business YOUR tenants/subtenants operated at the

8  PREMISES and describe in detail the operations and processes YOUR tenants/subtenants engaged in

9  at the PREMISES.

10  **RESPONSE TO SPECIAL INTERROGATORY NO. 32:**

11      Cross-defendants hereby incorporate their General Objections, and further object because they

12  never owned, operated, used, or held any property interest, including any leasehold interests, in the

13  Premises at any time. Finally, Cross-defendants object on the basis that the Special Interrogatory

14  requires Cross-defendants to provide information from or about a third party over which they have no

15

16  control. Without waiving any objections, however, Cross-defendants respond as follows: On

17  information and belief, TEORCO engaged in the production of heavy oil, including steam generation

18  and distribution, production treating, water treating and disposal, storage, and truck loading. Cross-

19  defendants refer cross-complainants to document No. B001422, which, on information and belief, is

20  an inventory of the equipment that was located on the Premises at the time of GPC's transfer of its

21  interests to TEORCO.

22

23  **SPECIAL INTERROGATORY NO. 33:**

24      Describe the practices, policies, and procedures which YOUR tenants/subtenants followed to

25  guard against hydrocarbon contamination of the PREMISES.

26  **RESPONSE TO SPECIAL INTERROGATORY NO. 33:**

27      Cross-defendants hereby incorporate their General Objections, and further object because they

28  never owned, operated, used, or held any property interest, including any leasehold interests, in the

1   Premises at any time.  Cross-defendants object to the Special Interrogatory as vague and ambiguous

2   in its use of the term "hydrocarbon contamination," and that as a result, this Special Interrogatory is

3   unintelligible and fails to disclose with specificity or particularize reasonably the information

4   requested.  Finally, Cross-defendants object on the basis that the Special Interrogatory requires Cross-

5   defendants to provide information from or about a third party over which they have no control.

6

7   Without waiving any objections, however, Cross-defendants respond as follows: Cross-defendants

8   presently lack information about policies, practices, or procedures followed by TEORCO to guard

9   against hydrocarbon contamination, except to the extent there is testimony in the depositions of

10   Charles Jurgens and Dr. Mahguib El Arabi that is responsive to this Special Interrogatory.

11   **SPECIAL INTERROGATORY NO. 34:**

12        List any and all inspections performed by any GOVERNMENTAL AGENCY, including, but

13   not limited to, the Fire Department, the Department of Health Services, the County Health

14   Department, the Department of Toxic Substances Control, and the Air Quality Management District,

15   during YOUR tenants/subtenants occupation and/or operations at the PREMISES.

16

17   **RESPONSE TO SPECIAL INTERROGATORY NO. 34:**

18        Cross-defendants hereby incorporate their General Objections, and further object because they

19   never owned, operated, used, or held any property interest, including any leasehold interests, in the

20   Premises at any time.  Cross-defendants object on the grounds that any such inspections are a matter

21   of public record and, as such, any information about such inspections, including their identity, can be

22   accessed as easily by cross-complainants as by Cross-defendants. Finally, Cross-defendants object on

23   the basis that the Special Interrogatory requires Cross-defendants to provide information from or

24   about a third party over which they have no control.  Without waiving any objections, however,

25   Cross-defendants respond as follows:  Cross-defendants presently lack information about inspections

26   of the Premises by the listed Governmental Agencies, other than an apparent inspection on September

27   30, 1986, by the County of Los Angeles Department of Public Works.  <u>See</u> document No. B006717.

28

**SPECIAL INTERROGATORY NO. 35:**

IDENTIFY any and all DOCUMENTS, including, but not limited to, reports and/or orders prepared by any GOVERNMENTAL AGENCY, including, but not limited to, the Fire Department, the Department of Health Services, the County Health Department, the Department of Toxic Substances Control, and the Air Quality Management District, in connection with any and all inspections listed in response to the previous Interrogatory.

**RESPONSE TO SPECIAL INTERROGATORY NO. 35:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time.  Cross-defendants also object on the grounds that any such inspections are a matter of public record and, as such, any information about such inspections can be accessed as easily by cross-complainants as by Cross-defendants.  Finally, Cross-defendants object on the basis that the Special Interrogatory requires Cross-defendants to provide information from or about a third party over which they have no control.  Without waiving any objections, however, Cross-defendants respond as follows: Cross-defendants presently lack information about inspections of the Premises by the listed Governmental Agencies, other than an apparent inspection on September 30, 1986, by the County of Los Angeles Department of Public Works.  See document No. B006717.

**SPECIAL INTERROGATORY NO. 36:**

Describe any spill, leak, release, or discharge to the PREMISES of any hydrocarbon contaminants, during YOUR tenants/subtenants occupation and/or operations at the PREMISES.

**RESPONSE TO SPECIAL INTERROGATORY NO. 36:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time.  Cross-defendants object to the Special Interrogatory as vague and ambiguous in its use of the terms "spill," "leak," "release," "discharge," or "hydrocarbon contaminants," and that

1  as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or

2  particularize reasonably the information requested. Finally, Cross-defendants object on the basis that

3  the Special Interrogatory requires Cross-defendants to provide information from or about a third party

4  over which they have no control.  Without waiving any objections, however, Cross-defendants

5

6  respond as follows: Cross-defendants are presently unaware of any spill, leak, release, or discharge of

7  hydrocarbon contamination during TEORCO's occupation or operation of the Premises, other than

8  two "discharges" identified in an apparent report of an inspection conducted on September 30, 1986,

9  by the County of Los Angeles Department of Public Works.  See document No. B006717.

10  **SPECIAL INTERROGATORY NO. 37:**

11      List any and all DOCUMENTS, including, but not limited to, reports submitted by YOUR

12  tenants/subtenants to any GOVERNMENT AGENCY in connection with any release(s) described in

13  response to the previous Interrogatory.

14

15  **RESPONSE TO SPECIAL INTERROGATORY NO. 37:**

16      Cross-defendants hereby incorporate their General Objections, and further object because they

17  never owned, operated, used, or held any property interest, including any leasehold interests, in the

18  Premises at any time. Cross-defendants object to the Special Interrogatory as vague and ambiguous in

19  its incorporation of the terms "spill," "leak," "release," "discharge," or "hydrocarbon contaminants,"

20  and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or

21  particularize reasonably the information requested. Finally, Cross-defendants object on the basis that

22  the Special Interrogatory requires Cross-defendants to provide information from or about a third party

23  over which they have no control.  Without waiving any objections, however, Cross-defendants

24  respond as follows: Cross-defendants are presently unaware of any release of hydrocarbon

25  contamination during TEORCO's occupation or operation of the Premises, other than two

26  "discharges" identified in an apparent report of an inspection conducted on September 30, 1986, by

27

28  the County of Los Angeles Department of Public Works.  See document No. B006717.

## SPECIAL INTERROGATORY NO. 38:

List any and all DOCUMENTS, including, but not limited to, orders issued by any GOVERNMENT AGENCY in connection with any release(s) described in response to Interrogatory No. 36.

## RESPONSE TO SPECIAL INTERROGATORY NO. 38:

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants object to the Special Interrogatory as vague and ambiguous in its incorporation of the terms "spill," "leak," "release," "discharge," or "hydrocarbon contaminants," and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the information requested. Finally, Cross-defendants object on the basis that the Special Interrogatory requires Cross-defendants to provide information from or about a third party over which they have no control  Without waiving any objections, however, Cross-defendants respond as follows: Cross-defendants are presently unaware of any release of hydrocarbon contamination during TEORCO's occupation or operation of the Premises, other than that identified in document No. B006717.

## SPECIAL INTERROGATORY NO. 39:

Do YOU contend that PERSONS other than YOU were, at any time, and/or currently are, responsible for causing contamination of the PREMISES, or any of them?

## RESPONSE TO SPECIAL INTERROGATORY NO. 39:

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants further object to the extent this Special Interrogatory calls for an expert opinion.  Finally, Cross-defendants object to the Special Interrogatory as vague and ambiguous in its use of the term "causing contamination," and that as a result, this Special

1   Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the

2   information requested. Without waiving any objections, however, Cross-defendants respond as

3   follows: Many parties, other than GPC and/or Teal, owned or operated facilities for the exploration

4   and production of heavy oil at the Premises, or allowed such operations to be conducted on the

5   Premises. Those parties include York Oil Company, Magnor Pet. Co., Helen and Frank McCoy

6   (York); J.M Schisler, Lillie Schisler, Guiberson Oil Corp. (Schisler); Richard Pfahler (Pfahler); and

7   those parties from whom GPC and/or Teal obtained an interest, as identified in response to

8   Interrogatory No. 8, and the subsequent owners, occupants, or operators, including Cross-

9   complainants and Hillside Oil Partners. Discovery is continuing and Cross-defendants reserve the

10  right to supplement this response.

11

12  **SPECIAL INTERROGATORY NO. 40:**

13

14      If YOU contend that PERSONS other than YOU were, at any time, and/or currently are,

15  responsible for causing contamination of the PREMISES, or any of them, please IDENTIFY all such

16  PERSONS.

17  **RESPONSE TO SPECIAL INTERROGATORY NO. 40:**

18      Cross-defendants hereby incorporate their General Objections, and further object because they

19  never owned, operated, used, or held any property interest, including any leasehold interests, in the

20  Premises at any time. Cross-defendants further object to the extent this Special Interrogatory calls for

21  an expert opinion. Finally, Cross-defendants object to the Special Interrogatory as vague and

22  ambiguous in its use of the term "causing contamination," and that as a result, this Special

23  Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the

24  information requested. Without waiving any objections, however, Cross-defendants respond as

25  follows: Many parties, other than GPC and/or Teal, owned or operated facilities for the exploration

26  and production of heavy oil at the Premises, or allowed such operations to be conducted on the

27

28  Premises. Those parties include York Oil Company, Magnor Pet. Co., Helen and Frank McCoy

1   (York); J.M Schisler, Lillie Schisler, Guiberson Oil Corp. (Schisler); Richard Pfahler (Pfahler); and

2   those parties from whom GPC and/or Teal obtained an interest, as identified in response to

3   Interrogatory No. 8, and the subsequent owners, occupants, or operators, including Cross-

4   complainants and Hillside Oil Partners.  Cross-defendants contend that any or all of such persons

5   could be responsible for causing contamination of the Premises.  Discovery is continuing and Cross-

6

7   defendants reserve the right to supplement this response.

8   <u>**SPECIAL INTERROGATORY NO. 41:**</u>

9       If YOU contend that PERSONS other than YOU were, at any time, and/or currently are,

10  responsible for causing contamination of the PREMISES, please state all facts upon which YOU base

11  such a contention.

12  <u>**RESPONSE TO SPECIAL INTERROGATORY NO. 41:**</u>

13      Cross-defendants hereby incorporate their General Objections, and further object because they

14  never owned, operated, used, or held any property interest, including any leasehold interests, in the

15

16  Premises at any time. Cross-defendants further object to the extent this Special Interrogatory calls for

17  an expert opinion.  Finally, Cross-defendants object to the Special Interrogatory as vague and

18  ambiguous in its use of the term "causing contamination," and that as a result, this Special

19  Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the

20  information requested.  Without waiving any objections, however, Cross-defendants respond as

21  follows: Those parties include York Oil Company, Magnor Pet. Co., Helen and Frank McCoy

22  (York); J.M Schisler, Lillie Schisler, Guiberson Oil Corp. (Schisler); Richard Pfahler (Pfahler); and

23

24  those parties from whom GPC and/or Teal obtained an interest, as identified in response to

25  Interrogatory No. 8, and the subsequent owners, occupants, or operators, including Cross-

26  complainants and Hillside Oil Partners.  Cross-defendants contend that any or all of such persons

27  could be responsible for causing contamination of the Premises.  Discovery is continuing and Cross-

28  defendants reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 42:**

If YOU contend that PERSONS other than YOU were, at any time, and/or currently are, responsible for causing contamination of the PREMISES, or any of them, please IDENTIFY all PERSONS with knowledge of any of the facts upon which YOU base such contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 42:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants further object to the extent this Special Interrogatory calls for an expert opinion. Finally, Cross-defendants object to the Special Interrogatory as vague and ambiguous in its use of the term "causing contamination," and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the information requested. Without waiving any objections, however, Cross-defendants respond as follows: Many parties, other than GPC and/or Teal, owned or operated facilities for the exploration and production of heavy oil at the Premises, or allowed such operations to be conducted on the Premises. Those parties include York Oil Company, Magnor Pet. Co., Helen and Frank McCoy (York); J.M Schisler, Lillie Schisler, Guiberson Oil Corp. (Schisler); Richard Pfahler (Pfahler); and those parties from whom GPC and/or Teal obtained an interest, as identified in response to Interrogatory No. 8, and the subsequent owners, occupants, or operators, including Cross-complainants and Hillside Oil Partners. These persons, or employees of these entities, may have knowledge. Numerous documents have been produced that identify persons involved in the operations of TEORCO, PRI, and the Cross-complainants, and any such persons may have knowledge. Such persons specifically include Kent Riley, Joe Rose, Charles Jurgens and Dr. Mahguib El-Arabi. Discovery is continuing and Cross-defendants reserve the right to supplement this response.

#57024 v1

37

*Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
Grace Energy Corp.'s & W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Special Interrogatories

1  **SPECIAL INTERROGATORY NO. 43:**

2      Do YOU contend that GRACE ENERGY is not obligated to clean up contamination of the

3  PREMISES if that contamination already existed on the PREMISES prior to YOUR ownership,

4  occupation, or operations on the PREMISES?

5

6      Do YOU contend that W.R. GRACE is not obligated to clean up contamination of the

7  PREMISES if that contamination already existed on the PREMISES prior to YOUR ownership,

8  occupation, or operations on the PREMISES?

9  **RESPONSE TO SPECIAL INTERROGATORY NO. 43:**

10      Cross-defendants hereby incorporate their General Objections, and further objects because

11  they never owned, operated, used, or held any property interest, including any leasehold interests, in

12  the Premises at any time. Cross-defendants object to the Special Interrogatory to the extent it requires

13  a response based on a legal conclusion or analysis rather than facts. Finally, Cross-defendants object

14  to the Special Interrogatory as vague and ambiguous in its use of the term " contamination," and that

15

16  as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or

17  particularize reasonably the information requested. Without waiving any objections, however, Cross-

18  defendants respond as follows:  yes.

19  **SPECIAL INTERROGATORY NO. 44:**

20      If YOU contend that GRACE ENERGY is not obligated to clean up contamination of the

21  PREMISES if that contamination already existed on the PREMISES prior to YOUR ownership,

22  occupation or operations on the PREMISES, please state the basis for such contention?

23

24      If YOU contend that W.R. GRACE is not obligated to clean up contamination of the

25  PREMISES if that contamination already existed on the PREMISES prior to YOUR ownership,

26  occupation or operations on the PREMISES, please state the basis for such contention?

27

28

## RESPONSE TO SPECIAL INTERROGATORY NO. 44:

Cross-defendants hereby incorporate their General Objections. Cross-defendants object to the Special Interrogatory to the extent it requires a response based on a legal conclusion or analysis rather than facts. Finally, Cross-defendants object to the Special Interrogatory as vague and ambiguous in its use of the term " contamination," and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the information requested. Without waiving any objections, however, Cross-defendants respond as follows: Cross-defendants never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. A separate corporation, GPC and/or Teal, from time to time had an interest in some of the properties, facilities, or oil and gas leases at issue in this action. In or about 1993, the stock of GPC was sold to Samson Investment Company (Samson). Further, there is no evidence that GPC's or Teal's operations caused any hydrocarbon spills or leaks. The evidence is to the contrary. For example, in 1983, just prior to GPC's transfer of its interests in the Premises to TEORCO, Cross-complainant Charles Jurgens stated, with regard to the premises operated by GPC, that the "surface facilities are in excellent condition, well-engineered and first rate." See document No. B003621. Further, on information and belief, GPC employed an environmental coordinator for operations at the Premises, and maintained a "Spill Prevention Control and Countermeasure Plan." Further, GPC's Environmental Coordinator determined in 1983, when GPC conveyed its interests to TEORCO, that the premises were "found to be clean and well maintained with no need for repairs, replacements or adjustments." See document No. B003891. Cross-defendants are not aware of information establishing that there were any spills or leaks of hydrocarbons resulting in "contamination" during its operations. Finally, PRI has indemnified GPC for any cleanup liability concerning the Premises. See document No. PRI 002154. Discovery is ongoing and Cross-defendants reserve the right to supplement this response.

#57024 v1

39

*Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
Grace Energy Corp.'s & W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Special Interrogatories

**SPECIAL INTERROGATORY NO. 45:**

If YOU contend that contamination already existed on the PREMISES prior to YOUR ownership, occupation or operations on the PREMISES, please describe the nature and location of such contamination.

**RESPONSE TO SPECIAL INTERROGATORY NO. 45:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants further object to the extent this Special Interrogatory calls for an expert opinion. Finally, Cross-defendants object to the Special Interrogatory as vague and ambiguous in its use of the term "contamination," and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the information requested. Without waiving any objections, however, Cross-defendants respond as follows: Several parties, other than GPC and/or Teal, owned or operated the Premises and/or facilities for the exploration and production of heavy oil at the Premises, or allowed such operations to be conducted on the Premises, prior to GPC and/or Teal. Those parties include York Oil Company, Magnor Pet. Co., Helen and Frank McCoy (York); J.M Schisler, Lillie Schisler, Guiberson Oil Corp. (Schisler); Richard Pfahler (Pfahler); and those parties from whom GPC and/or Teal obtained an interest, as identified in response to Interrogatory No. 8. Cross-defendants contend that any or all of such persons could be responsible for causing contamination of the Premises, but lack information as to the nature and location of such contamination. Discovery is continuing and Cross-defendants reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 46:**

If YOU contend that contamination already existed on the PREMISES prior to YOUR ownership, occupation or operations on the PREMISES, please IDENTIFY all PERSONS who have knowledge of the fact that such contamination existed at that time.

## RESPONSE TO SPECIAL INTERROGATORY NO. 46:

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants further object to the extent this Special Interrogatory calls for an expert opinion. Finally, Cross-defendants object to the Special Interrogatory as vague and ambiguous in its use of the term "contamination," and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the information requested. Without waiving any objections, however, Cross-defendants respond as follows: Several parties, other than GPC or Teal, owned or operated the Premises and/or facilities for the exploration and production of heavy oil at the Premises, or allowed such operations to be conducted on the Premises, prior to GPC and/or Teal. Those parties include York Oil Company, Magnor Pet. Co., Helen and Frank McCoy (York); J.M Schisler, Lillie Schisler, Guiberson Oil Corp. (Schisler); Richard Pfahler (Pfahler); and those parties from whom GPC and/or Teal obtained an interest, as identified in response to Interrogatory No. 8. Cross-defendants contend that any or all of such persons could be responsible for causing contamination of the Premises, but lack information as to the persons with knowledge of any such contamination. Discovery is continuing and Cross-defendants reserve the right to supplement this response.

## SPECIAL INTERROGATORY NO. 47:

Please IDENTIFY all PERSONS with knowledge of the facts which YOU contend support GRACE ENERGY's contentions as to nature and extent of the contamination of the PREMISES, prior to YOUR ownership, occupation or operations on the PREMISES.

Please IDENTIFY all PERSONS with knowledge of the facts which YOU contend support W.R. GRACE's contentions as to nature and extent of the contamination of the PREMISES, prior to YOUR ownership, occupation or operations on the PREMISES.

## RESPONSE TO SPECIAL INTERROGATORY NO. 47:

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants further object to the extent this Special Interrogatory calls for an expert opinion. Finally, Cross-defendants object to the Special Interrogatory as vague and ambiguous in its use of the term "contamination," and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the information requested. Without waiving any objections, however, Cross-defendants respond as follows: Several parties, other than GPC or Teal, owned or operated the Premises and/or facilities for the exploration and production of heavy oil at the Premises, or allowed such operations to be conducted on the Premises, prior to GPC and/or Teal. Those parties include York Oil Company, Magnor Pet. Co., Helen and Frank McCoy (York); J.M Schisler, Lillie Schisler, Guiberson Oil Corp. (Schisler); Richard Pfahler (Pfahler); and those parties from whom GPC and/or Teal obtained an interest, as identified in response to Interrogatory No. 8. Cross-defendants contend that any or all of such persons could be responsible for contamination, but lack information as to the persons with knowledge of any such contamination. Discovery is continuing and Cross-defendants reserve the right to supplement this response.

## SPECIAL INTERROGATORY NO. 48:

Please describe YOUR contentions as to the cause of the contamination of the PREMISES, prior to YOUR ownership, occupation or operations on the PREMISES.

## RESPONSE TO SPECIAL INTERROGATORY NO. 48:

Cross-defendants hereby incorporate their General Objections. In addition, Cross-defendants never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants further object to the extent this Special Interrogatory calls for an expert opinion. Cross-defendants also object to this Special Interrogatory as overbroad, including

as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Finally, Cross-defendants object to the Special Interrogatory as vague and ambiguous in its use of the term "contamination," and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the information requested. Without waiving any objections, however, Cross-defendants respond as follows: Several parties, other than GPC or Teal, owned or operated the Premises and/or facilities for the exploration and production of heavy oil at the Premises, or allowed such operations to be conducted on the Premises. Such past operations could be responsible for any such contamination. Discovery is continuing and Cross-defendants reserve the right to supplement this response.

**SPECIAL INTERROGATORY NO. 49:**

Please IDENTIFY all PERSONS with knowledge of the facts which YOU contend support YOUR contentions as to the cause of the contamination of the PREMISES, prior to YOUR ownership, occupation or operations on the PREMISES.

**RESPONSE TO SPECIAL INTERROGATORY NO. 49:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants further object to the extent this Special Interrogatory calls for an expert opinion. Finally, Cross-defendants object to the Special Interrogatory as vague and ambiguous in its use of the term "contamination," and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the information requested. Without waiving any objections, however, Cross-defendants respond as follows: Several parties, other than GPC or Teal, owned or operated the Premises and/or facilities for the exploration and production of heavy oil at the Premises, or allowed such operations to be conducted on the

1  Premises, prior to GPC and/or Teal. Those parties include York Oil Company, Magnor Pet. Co.,

2  Helen and rank McCoy (York); J.M Schisler, Lillie Schisler, Guiberson Oil Corp. (Schisler); Richard

3  Pfahler (Pfahler); and those parties from whom GPC and/or Teal obtained an interest, as identified in

4  response to Interrogatory No. 8. Cross-defendants contend that any or all of such persons, or

5  employees of such entities, could be responsible for contamination, but lack information as to the

6  specific persons with knowledge of any such contamination. Discovery is continuing and Cross-

7  defendants reserve the right to supplement this response.

8  **SPECIAL INTERROGATORY NO. 50:**

9

10     Describe any information known to YOU or any consultants acting at YOUR request or on

11  YOUR behalf, about any contamination which existed on the PREMISES as a result of YOUR

12  ownership, occupation or operations on the PREMISES.

13  **RESPONSE TO SPECIAL INTERROGATORY NO. 50:**

14     Cross-defendants hereby incorporate their General Objections, and further object because they

15  never owned, operated, used, or held any property interest, including any leasehold interests, in the

16  Premises at any time. Cross-defendants object to the Special Interrogatory as vague and ambiguous

17  in its use of the term "contamination," and that as a result, this Special Interrogatory is unintelligible

18  and fails to disclose with specificity or particularize reasonably the information requested. Without

19  waiving any objections, however, Cross-defendants respond as follows: Cross-defendants are not

20  aware of any such information. Cross-defendants are aware of statements in document Nos. 003902

21  and 03812 that GPC allegedly placed "oily wastes" mixed with soil on roads at unknown portions of

22  the "Placerita" field, but lack information as to whether such alleged events occurred on the Premises.

23  **SPECIAL INTERROGATORY NO. 51:**

24

25     Describe any information known to YOU or any consultants acting at YOUR request or on

26  YOUR behalf, about any contamination which existed on the PREMISES at the time when YOUR

27  ownership, occupation or operations on the PREMISES concluded.

28

**RESPONSE TO SPECIAL INTERROGATORY NO. 51:**

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants object to the Special Interrogatory as vague and ambiguous in its use of the term "contamination," and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the information requested. Without waiving any objections, however, Cross-defendants respond as follows: Cross-defendants are not aware of any such information. Cross-defendants are aware of statements in document Nos. 003902 and 03812 that GPC allegedly placed "oily wastes" mixed with soil on roads at unknown portions of the "Placerita" field, but lack information as to whether such alleged events occurred on the Premises.

**SPECIAL INTERROGATORY NO. 52:**

Have YOU or any person or entity acting at YOUR request or on YOUR behalf prepared a REMEDIAL ACTION PLAN for the PREMISES?

**RESPONSE TO SPECIAL INTERROGATORY NO. 52:**

Cross-defendants hereby incorporate their General Objections. Without waiving any objections, however, Cross-defendants respond as follows: No.

**SPECIAL INTERROGATORY NO. 53:**

If YOU or any person or entity acting at YOUR request or on YOUR behalf has prepared a REMEDIAL ACTION PLAN for the PREMISES, please list all REMEDIAL ACTION PLANS prepared by or for YOU RELATING TO the PREMISES.

**RESPONSE TO SPECIAL INTERROGATORY NO. 53:**

See response to Special Interrogatory No. 52.

**SPECIAL INTERROGATORY NO. 54:**

Please describe efforts by YOU to clean up any of the conditions resulting from [of] oil operations on or under the PREMISES, whether or not YOU contend such conditions resulted from

1    YOUR operations, or by earlier operators of oil producing facilities upon said properties, including

2    but not limited to any site investigation reports, work orders, purchase orders, estimates, invoices,

3    statements, checks, or any other DOCUMENTS which describe the actions undertaken, the persons

4    or entities who undertook them, and the costs incurred and paid to clean up said properties.

5
**RESPONSE TO SPECIAL INTERROGATORY NO. 54:**

6
7           Cross-defendants hereby incorporate their General Objections, and further object because

8    Cross-defendants never owned, operated, used, or held any property interest, including any leasehold

9    interests, in the Premises at any time. Cross-defendants also object to this Special Interrogatory as

10    overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further

11    object on the ground that the Special Interrogatory seeks information that is neither relevant to the

12    subject matter of this action nor reasonably calculated to lead to the discovery of admissible

13    evidence. Cross-defendants object to the Special Interrogatory as vague and ambiguous in its use of

14    the term "conditions," and that as a result, this Special Interrogatory is unintelligible and fails to

15
16    disclose with specificity or particularize reasonably the information requested.

17
**SPECIAL INTERROGATORY NO. 55:**

18           Please IDENTIFY the person(s) most familiar with the clean-up efforts identified in response

19    to the previous interrogatory.

20
**RESPONSE TO SPECIAL INTERROGATORY NO. 55:**

21
22           Cross-defendants hereby incorporate their General Objections, and further object because

23    Cross-defendants never owned, operated, used, or held any property interest, including any leasehold

24    interests, in the Premises at any time. Cross-defendants also object to this Special Interrogatory as

25    overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further

26    object on the ground that the Special Interrogatory seeks information that is neither relevant to the

27    subject matter of this action nor reasonably calculated to lead to the discovery of admissible

28    evidence. Cross-defendants object to the Special Interrogatory as vague and ambiguous in its

incorporation of the term "conditions," and that as a result, this Special Interrogatory is unintelligible and fails to disclose with specificity or particularize reasonably the information requested.

**SPECIAL INTERROGATORY NO. 56:**

If YOU or any person or entity acting at YOUR request or on YOUR behalf has prepared a REMEDIAL ACTION PLAN for the PREMISES, please IDENTIFY the person or entity which prepared the REMEDIAL ACTION PLAN.

**RESPONSE TO SPECIAL INTERROGATORY NO. 56:**

Cross-defendants hereby incorporate their General Objections. Without waiving any objections, however, Cross-defendants respond as follows: Cross-defendants have not prepared a Remedial Action Plan nor has any governmental agency required them to prepare one.

**SPECIAL INTERROGATORY NO. 57:**

If YOU or any person or entity acting at YOUR request or on YOUR behalf has prepared a REMEDIAL ACTION PLAN for the PREMISES, describe the findings of the REMEDIAL ACTION PLAN.

**RESPONSE TO SPECIAL INTERROGATORY NO. 57:**

See Response to Special Interrogatory No. 56.

**SPECIAL INTERROGATORY NO. 58:**

Please provide the name of each company which has issued any policy of insurance, providing any form of liability coverage, to GRACE ENERGY during the period of YOUR ownership, occupation or operations on the PREMISES.

Please provide the name of each company which has issued any policy of insurance, providing any form of liability coverage, to GRACE ENERGY during the period of YOUR ownership, occupation or operations on the PREMISES.

#57024 v1

47

*Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
Grace Energy Corp.'s & W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Special Interrogatories

## RESPONSE TO SPECIAL INTERROGATORY NO. 58:

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the Premises at any time. Cross-defendants also object to this Special Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Special Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, however, Cross-defendants respond as follows: Cross-defendants are not presently aware of any such coverage. Discovery is ongoing and Cross-defendants reserve the right to supplement this response.

## SPECIAL INTERROGATORY NO. 59:

Please provide the name of each company which has issued any policy of insurance to GRACE ENERGY which provided coverage at any time for oil operations conducted on the PREMISES.

Please provide the name of each company which has issued any policy of insurance to W.R. GRACE which provided coverage at any time for oil operations conducted on the PREMISES.

## RESPONSE TO SPECIAL INTERROGATORY NO. 59:

Cross-defendants hereby incorporate their response to Special Interrogatory No. 58.

## SPECIAL INTERROGATORY NO. 60:

Describe any and all claims, actions, lawsuits, litigation, alternative dispute resolution, and/or administrative actions brought against YOU, RELATING to hydrocarbon contamination of the PREMISES.

## RESPONSE TO SPECIAL INTERROGATORY NO. 60:

Cross-defendants hereby incorporate their General Objections, and further object because they never owned, operated, used, or held any property interest, including any leasehold interests, in the

1  Premises at any time. Without waiving any objections, however, Cross-defendants respond as

2  follows: Cross-defendants are not aware of any such actions, other than this litigation.

3  **SPECIAL INTERROGATORY NO. 61:**

4

5      Describe any and all DOCUMENTS RELATING to claims, actions, lawsuits, litigation,

6  alternative dispute resolution, and/or administrative actions brought by YOU, RELATING TO

7  hydrocarbon contamination of the PREMISES.

8  **RESPONSE TO SPECIAL INTERROGATORY NO. 61:**

9      _See_ Response to Special Interrogatory No. 60.

10

11  Dated: March 15, 2001

12                                      JOHN C. MUELLER
                                        LAW OFFICES OF JOHN C. MUELLER

13                                      COLIN G. HARRIS
14                                      HOLME ROBERTS & OWEN LLP

15

16                                      _John C. Mueller / by LdS_
                                        John C. Mueller

17

18                                      Attorneys for Cross-Defendants
                                        **GRACE ENERGY CORPORATION AND**
19                                      **W.R. GRACE & CO.**

20

21

22

23

24

25

26

27

28

#57024 v1                                    49

_Petro Resources, Inc. v. N.Y. Hillside, Inc., et al._
Grace Energy Corp.'s & W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Special Interrogatories

## PROOF OF SERVICE BY MAIL

I, the undersigned, say: I am and was at all times herein mentioned a resident of the County of Jefferson County, over the age of eighteen years and not a party to the within action or proceeding; that my business address is 1700 Lincoln Street, Suite 4100, Denver, CO 80203.

On *March 15*, 2001, I served the within **CROSS-DEFENDANTS' GRACE ENERGY CORPORATION'S AND W.R. GRACE & CO.'S JOINT RESPONSES TO FIRST SET OF INTERROGATORIES BY DEFENDANTS AND CROSS-COMPLAINANTS N.Y. HILLSIDE, INC., A CALIFORNIA CORPORATION, INTERNATIONAL PETROLEUM MANAGEMENT, INC. A CALIFORNIA CORPORATION, CHARLES JURGENS AND MAHGUIB EL-ARAB of Grace Energy Corporation and W.R. Grace & Co.** upon counsel and/or interested parties named in the attached mailing list hereto, by placing a true and correct copy thereof in an envelope. I sealed said envelope with postage thereon fully prepaid, and deposited the envelope in the mail [at] with the U.S. Postal Service in Denver, Colorado on *March 15*, 2001.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I made such service at the direction of a member of the bar of this court.

Executed on *March 15*, 2001, at Los Angeles, California.


_Lisa A. Schuh_
Lisa A. Schuh

## MAILING LIST

1

2

3  David S. MacCuish
   Weston, Benshoof, Rochefort, Rubalcava & MacCuish
4  444 South Flower Street, 43rd Floor
   Los Angeles, CA  90071
5

6  Gary A. Meyer
   Scott J. Leipzig
7  Parker Miliken, Clark, O'Hara & Samuelian
   333 South Hope Street, 27th Floor
8  Los Angeles, CA  90071-1488

9  Cynthia R. Maher
   Maher & Maher, LLP
10 505 South Main Street
   Orange, CA  92868
11

12 Robert L. Compton
   Nordman, Company, Hair & Compton
13 1000 Town Center Drive, 6th Floor
   P.O. Box 9100
14 Oxnard, CA  93031-9100

15 Laura K. McAvoy
   Jackson, DeMarco & Peckenpaugh
16 31365 Oak Crest Drive, Suite 200
17 Westlake Village, CA 91361

18
   Jill Cooper-Teraoka
19 McCutchen, Doyle, Brown & Enerson
   355 south Grand Avenue, Suite 4400
20 Los Angeles, CA 90071-1560

21
   David Edson
22 Chevron, U.S.A., Inc.
   3613 Camino Ramon, Suite 3208
23 San Ramon, CA 94583-4289

24

25

26

27

28

#57024 v1

51

*Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
Grace Energy Corp.'s & W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Special Interrogatories

WRG #5

## VERIFICATION

I, David B. Siegel, hereby declare as follows:

I am an officer, director or managing agent of Cross-defendant, W.R. Grace & Co., and am authorized to make this Verification on its behalf. I have read Cross-defendant's, W.R. Grace & Co.'s Reponses to **CROSS-DEFENDANTS' GRACE ENERGY CORPORATION'S AND W.R. GRACE & CO.'S JOINT RESPONSES TO FIRST SET OF INTERROGATORIES BY DEFENDANTS AND CROSS-COMPLAINTANTS N.Y. HILLSIDE, INC., A CALIFORNIA CORPORATION, INTERNATIONAL PETROLEUM MANAGEMENT, INC. A CALIFORNIA CORPORATION, CHARLES JURGENS AND MAHGUIB EL-ARAB,** and know its contents. I am informed and believe that the matters stated therein are true, and on that ground, I declare under penalty of perjury under the laws of the State of California, and the laws of the United States, that the same are true and correct.

Executed this 15th day of March, 2001 at Boca Raton, Florida.

GEC
85

**VERIFICATION**

I, DAVID B. SIEGEL _____, hereby declare as follows:

I am an officer, director or managing agent of Cross-defendant, Grace Energy Corporation, and am authorized to make this Verification on its behalf. I have read Cross-defendant's, Grace Energy Corporation's Reponses to **CROSS-DEFENDANTS' GRACE ENERGY CORPORATION'S AND W.R. GRACE & CO.'S JOINT RESPONSES TO FIRST SET OF INTERROGATORIES BY DEFENDANTS AND CROSS-COMPLAINANTS N.Y. HILLSIDE, INC., A CALIFORNIA CORPORATION, INTERNATIONAL PETROLEUM MANAGEMENT, INC. A CALIFORNIA CORPORATION, CHARLES JURGENS AND MAHGUIB EL-ARAB**, and know its contents. I am informed and believe that the matters stated therein are true, and on that ground, I declare under penalty of perjury under the laws of the State of California, and the laws of the United States, that the same are true and correct.

Executed this 14th day of March, 2001 at Boca Raton, Florida.