# **Exhibit F**

5/15/013

1  JOHN C. MUELLER (SBN 77521)
   LAW OFFICES OF JOHN C. MUELLER
2  5146 Douglas Fir Road, Suite 206
   Calabasas, CA  91302-1439
3  Ph. (818) 222-8151
4  Fax (818) 222-8149

5  COLIN G. HARRIS
   HOLME ROBERTS & OWEN LLP
6  1401 Pearl Street, Suite 400
   Boulder, Colorado  80302-5314
7  Ph. (303) 444-5955
8  Fax (303) 444-1063

9  Attorneys for Cross-Defendants
   **GRACE ENERGY CORPORATION AND**
10 **W.R. GRACE & CO.**

11

12

13          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14              **FOR THE COUNTY OF LOS ANGELES**

15

16 PETRO RESOURCES, INC., a Texas          )   Case No. BC 222456
   corporation,                           )
17                                         )
              Plaintiff,                   )
18                                         )
              v.                           )
19                                         )
20 N.Y. HILLSIDE, INC., a California       )   **CROSS-DEFENDANTS' GRACE ENERGY**
   corporation, also known as NY (HILLSIDE))   **CORPORATION'S AND W.R. GRACE &**
21 INC., a California corporation, and NY  )   **CO.'S JOINT RESPONSES TO**
   INTERNATIONAL PETROLEUM               )   **DEFENDANT AND CROSS**
22 (HILLSIDE) INC., a New York corporation;)   **COMPLAINANT N.Y. HILLSIDE, INC.'S**
   al.                                     )   **FIRST SET OF FORM**
23 MANAGEMENT, INC., a California          )   **INTERROGATORIES**
   corporation; CHARLES JURGENS, an        )
24 individual; MAHGUIB EL-ARABI, an        )
   individual; and DOES 1 through 100,     )
25 inclusive,                              )
                                           )   TRIAL DATE: None Set
26            Defendants.                   )   COMPLAINT FILED: December 29, 1999
                                           )
27 _____)
                                           )
28 N.Y. HILLSIDE, INC., a California       )
   corporation; INTERNATIONAL            )

#57025 v1                    1              *Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
                                           Grace Energy Corp.'s and W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Form Interrogatories

1  PETROLEUM MANAGEMENT, INC., a  )
California corporation; CHARLES       )
2  JURGENS, an individual; and MAHBUIB )
EL-ARABI, an individual,           )
3                               )
4          Cross-Complainants,    )
                               )
5            v.              )
                               )
6  PETRO RESOURCES, INC., a Texas   )
corporation; KENT RILEY, an individual; )
7  JOE ROSE, an individual; GRACE    )
ENERGY CORPORATION, a Delaware   )
8  corporation; W.R. GRACE & CO., a    )
Delaware corporation; TOSCO REFINING )
9  COMPANY, a Nevada corporation; TOSCO)
CORPORATION, a Nevada corporation;  )
10  TEORCO, a Delaware corporation; BERRY )
PETROLEUM COMPANY, a Delaware  )
11  corporation; and ROES 1 through 10,   )
inclusive,                    )
12                             )
13         Cross-Defendants     )
14

| PROPOUNDING PARTY: | DEFENDANTS AND CROSS-COMPLAINANTS N.Y. HILLSIDE, INC., A CALIFORNIA CORPORATION, INTERNATIONAL PETROLEUM MANAGEMENT, INC., A CALIFORNIA CORPORATION, CHARLES JURGENS AND MAHGUIB EL-ARABI |
| --- | --- |
| RESPONDING PARTY: | CROSS-DEFENDANTS GRACE ENERGY CORPORATION, A DELAWARE CORPORATION AND W.R. GRACE & CO., A DELAWARE CORPORATION |
| SET NO: | ONE |

## PRELIMINARY STATEMENT

The following responses are based on cross defendants' and cross-complainants', Grace Energy Corporation and W.R. Grace & Co. (hereafter "cross-defendants"), perception and understanding of the nature and type of information requested and upon information presently known and reasonably available to cross-defendants and their attorneys of record in this action. Cross-defendants have not completed their investigation of the facts, their discovery, or their preparation for trial. Without obligating themselves to do so, cross-defendants hereby reserve the right to supplement, modify or amend these responses and to correct any inadvertent errors or omissions which may be contained herein in light of information, documents or other materials which subsequently may be obtained or discovered, and to rely upon such information, documents or other material in subsequent proceedings, motions, or at the trial of this action.

Cross-complainants served separate sets of Form Interrogatories on cross-defendant W.R. Grace & Co. and cross-defendant Grace Energy Corporation. Both sets of Form Interrogatories were dated August 31, 2000, and appear to be the same. To be efficient, cross-defendants are serving this joint Response to the separate Form Interrogatories since, in most instances, the response of both cross-defendants is the same. To the extent the Form Interrogatories request information that will differ as between the two cross-defendants, the response indicates the separate responses, as necessary. In filing a joint Response, however, no implication or any conclusion should be drawn whatsoever that W.R. Grace & Co. and Grace Energy Corporation are the same entity, since they are not. They are, and remain, separate and distinct corporations.

Further, cross-defendants never owned, operated, used, or held any property interest, including any leasehold interests, in the properties at issue in this matter at any time. Upon information and belief, cross-defendants were named in this action only because W.R. Grace & Co. through Grace Energy Corporation or W.R. Grace & Co.'s wholly owned subsidiary, W.R. Grace & Co.- Conn., (depending on the time frame) had a former wholly owned subsidiary, Grace Petroleum

#57025 v1 ·

3

*Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
Grace Energy Corp.'s and W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Form Interrogatories

Corporation (GPC), who, from time to time, held various leasehold or other interests in some of the oil leases relating to certain portions of the Premises. In addition, prior to 1978, Teal Petroleum Corporation (Teal) was also a wholly owned subsidiary of W.R. Grace & Co.-Conn. In July 1978, however, Teal Petroleum Corporation merged into Grace Petroleum Corporation. Although the cross-defendants reserve all of their rights and objections, for purposes of responding to these Form Interrogatories, the cross-defendants will respond to the extent possible, based on the information and documents in their possession, to the Form Interrogatories as they relate to either the cross-defendants, or if the context requires, as they relate to GPC or Teal.

## GENERAL OBJECTIONS

1.      To the extent that any request may be construed as calling for information subject to a claim of privilege, including, without limitation, an attorney-client privilege (specifically communications and/or documents reflecting communications intended to be confidential between cross-defendants and their attorneys, including correspondence, notes and/or memoranda made by cross-defendants and/or their attorneys regarding the subject of this litigation), cross-defendants claim such privilege and object to such requests on that basis. Likewise, cross-defendants object to each interrogatory to the extent it might be construed to require disclosure of any attorney work product, on the grounds that such information is privileged and its disclosure would violate the policies embodied in California Code of Civil Procedure Section 2018.

2.      Cross-defendants will make reasonable efforts to interpret and respond to each request. If defendants and cross-complainants, N Y Hillside, International Petroleum Management, Inc., Charles Jurgens, and Mahguib El-Arabi (hereafter "cross-complainants") subsequently supply an interpretation of a request that differs from that of cross-defendants, however, cross-defendants reserve the right to supplement their response.

3.      Cross-defendants have not yet completed their investigation of the facts related to this matter, have not completed discovery in this action and are not completely prepared for trial. Cross-

defendants object generally to any request with which cross-complainants may seek to prejudice cross-defendants' right to produce evidence of any facts, including documents, discovered subsequent to the preparation of this response.

4.    The responding cross-defendants, Grace Energy Corporation and W.R. Grace & Co. did not, at any time, own or operate any of the properties, facilities, or oil and gas leases at issue in the pending action.  A separate corporation, Grace Petroleum Corporation (GPC), or Teal Petroleum Corporation (Teal), from time to time had an interest in some of the properties, facilities, or oil and gas leases at issue in this action.  In or about 1992, the stock of GPC was sold to Samson Investment Corporation (Samson).  Based on reasonable inquiry, the cross-defendants represent that, if and to the extent any documents of GPC and/or Teal currently exist and contain information responsive to these Form Interrogatories, they would likely be maintained by Samson.  Nevertheless, while under no obligation to do so and without waiving any objection to any party's future demand of cross-defendants, cross-defendants made a reasonable inquiry of Samson to obtain documents of the former GPC and/or Teal containing information that might be relevant to this action.  In relying on documents obtained from Samson, cross-defendants expressly do not represent that the production comprises each and every document in Samson's custody and control that could potentially contain information responsive to the Form Interrogatories, although cross-defendants are not aware of any documents containing responsive information that Samson may not have produced.  Thus, to the extent cross-defendants have responded to the Form Interrogatories, it should be understood that the information provided from the Samson documents is now in the possession of cross-defendants only as a result of their voluntary, good faith effort to locate documents containing responsive information from Samson.  Other information provided here was obtained from documents produced by other parties or was in cross-defendants' files notwithstanding the sale of GPC to Samson.

5.    No incidental or implied admission of any nature whatsoever is intended.  The fact that any interrogatory has been answered should not be taken as an admission, acceptance, or

concession of the existence of any facts set forth or assumed by such interrogatory, or that such answer constitutes admissible evidence or evidence of any fact set forth or assumed. All questions that assume facts are objected to on that basis and any answer provided thereto is provided without waiving such objections. The fact that cross-defendants have answered part or all of the interrogatory is not intended and should not be construed as a waiver by cross-defendants of all or any objections to any interrogatory.

6.      Cross-defendants object to each interrogatory insofar as it might be construed to require present disclosure of either the identity of, or any conclusions or opinions or work of, any experts who may become expert witnesses, on the grounds that such disclosure is contrary to the requirements of Code of Civil Procedure Section 2034.

7.      Cross-defendants incorporate by reference each of the General Objections as if each of those objections was set forth fully in each of the following responses to the Form Interrogatories.

## 1.0  IDENTITY OF PERSONS ANSWERING THESE INTERROGATORIES

**FORM INTERROGATORY NO. 1.1:**

1.1      State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE TO FORM INTERROGATORY NO. 1.1:**

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Form Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, cross-defendants respond as follows:

Anthony G. Riddlesperger, c/o Holme Roberts & Owen LLP, 1700 Lincoln Street, Suite 4100, Denver, Colorado, 80203 (303/861-7000);

Holme Roberts & Owen LLP, counsel for cross-defendants, 1700 Lincoln Street, Suite 4100, Denver, Colorado, 80203 (303/861-7000);

Law Offices of John C. Mueller, counsel for cross-defendants, 5146 Douglas Fir Road, Suite 206, Calabasas, California, 91302-1439 (818/ 222-8151).

## 3.0  GENERAL BACKGROUND INFORMATION – BUSINESS ENTITY

**FORM INTERROGATORY NO. 3.1:**

3.1     Are you a corporation?  If so, state:

(a)     the name stated in the current articles of incorporation;

(b)     all other names used by the corporation during the past ten years and the dates each was used;

(c)     the date and place of incorporation;

(d)     the **ADDRESS** of the principal place of business;

(e)     whether you are qualified to do business in California

**RESPONSE TO FORM INTERROGATORY NO. 3.1:**

Cross-defendants hereby incorporate their General Objections.  Cross-defendants also object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome.  Cross-defendants further object on the ground that the Form Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objections, cross-defendants respond as follows for GPC:  Yes.

(a)     Samson Hydrocarbons Company.

(b)     In 1992, pursuant to a stock purchase agreement, Samson Investment Corporation purchased all shares of stock of GPC.  Shortly thereafter, GPC was merged into Samson Hydrocarbons Company.

(c)     On information and belief, 1993- Delaware.

(d)     Two West Second Street, Tulsa, Oklahoma  74103-3103.

(e)     On information and belief, yes.

**FORM INTERROGATORY NO. 3.2:**

3.2     Are you a partnership?  If so, state:

(a)     the current partnership name;

(b)     all other names used by the partnership during the past ten years and the dates each was used;

(c)     whether you are a limited partnership and, if so, under the laws of what jurisdiction;

(d)     the name and **ADDRESS** of each general partner;

(e)     the **ADDRESS** of the principal place of business.

**RESPONSE TO FORM INTERROGATORY NO. 3.2:**

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome.  Cross-defendants further object on the ground that the Form Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objections, cross-defendants respond as follows:  W.R. Grace, Grace Energy and GPC are not or were not partnerships.  With respect to Samson, it is unknown.

**FORM INTERROGATORY NO. 3.3:**

3.3     Are you a joint venture: If so, state:

(a)    the current joint venture name;

(b)    all other names used by the joint venture during the past ten years and the dates each was used;

(c)    the name and **ADDRESS** of each joint venturer;

(d)    the **ADDRESS** of the principal place of business.

**RESPONSE TO FORM INTERROGATORY NO. 3.3:**

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Form Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, cross-defendants respond as follows: W.R. Grace, Grace Energy and GPC are not or were not joint ventures. With respect to Samson, it is unknown.

**FORM INTERROGATORY NO. 3.4:**

3.4    Are you an unincorporated association? If so, state:

(a)    the current unincorporated association name;

(b)    all other names used by the unincorporated association during the past ten years and the dates each was used;

(c)    the **ADDRESS** of the principal place of business.

#57025 v1

9

*Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
Grace Energy Corp.'s and W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Form Interrogatories

**RESPONSE TO FORM INTERROGATORY NO. 3.4:**

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Form Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, cross-defendants respond as follows: W.R. Grace, Grace Energy and GPC are not or were not unincorporated associations. With respect to Samson, it is unknown.

**FORM INTERROGATORY NO. 3.5:**

3.5    Have you done business under a fictitious name during the past ten years? If so, for each fictitious name state:

      (a)     the name;

      (b)     the dates each was used;

      (c)     the state and county of each fictitious name filing;

      (d)     the **ADDRESS** of the principal place of business.

**RESPONSE TO FORM INTERROGATORY NO. 3.5:**

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Form Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**FORM INTERROGATORY NO. 3.6:**

3.6    Within the past five years has any public entity registered or licensed your businesses? If so, for each license or registration:

      (a)     identify the license or registration;

(b)    state the name of the public entity;

(c)    state the dates of issuance and expiration.

**RESPONSE TO FORM INTERROGATORY NO. 3.6:**

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome.  Cross-defendants further object on the ground that the Form Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

## 4.0  INSURANCE

**FORM INTERROGATORY NO. 4.1:**

4.1    At the time of the **INCIDENT**, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rate, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT**?  If so, for each policy state:

(a)    the kind of coverage;

(b)    the name and **ADDRESS** of the insurance company;

(c)    the name, **ADDRESS**, and telephone number of each named insured;

(d)    the policy number;

(e)    the limits of coverage for each type of coverage contained in the policy;

(f)    whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company;

(g)    the name, **ADDRESS**, and telephone number of the custodian of the policy.

**RESPONSE TO FORM INTERROGATORY NO. 4.1:**

Cross-defendants hereby incorporate their General Objections.  Cross-defendants also object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and

burdensome. Cross-defendants further object on the ground that the Form Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Finally, cross-defendants object to the term "Incident" as vague and ambiguous and lacking sufficient particularity or specificity to respond to this interrogatory (since the term was not more particularly defined as contemplated in the statutory instructions where "the action arises from a course of conduct or a series of events occurring over a period of time."). Without waiving any objections, cross-defendants respond as follows: To the extent that "Incident" refers to "hydrocarbon contamination," cross-defendants are presently unaware of any hydrocarbon contamination during GPC's and/or Teal's occupation or operation of the properties at issue in this matter. Nevertheless, cross-defendants are not presently aware of any such insurance coverage. Discovery is ongoing and cross-defendants reserve the right to supplement this response.

**FORM INTERROGATORY NO. 4.2:**

4.2    Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, specify the statute.

**RESPONSE TO FORM INTERROGATORY NO. 4.2:**

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Form Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Finally, cross-defendants object to the term "Incident" as vague and ambiguous and lacking sufficient particularity or specificity to respond to this interrogatory (since the term was not more particularly defined as contemplated in the statutory instructions where "the action arises from a course of conduct or a series of events occurring over a period of time."). Without waiving any objections, cross-defendants respond as follows: To the

extent that "Incident" refers to "hydrocarbon contamination," cross-defendants are presently unaware of any hydrocarbon contamination during GPC's and/or Teal's occupation or operation of the properties at issue in this matter.  Nevertheless, with respect to self insurance, No.

## 12.0 INVESTIGATION – GENERAL

**FORM INTERROGATORY NO. 12.1:**

     12.1    State the name, **ADDRESS**, and telephone number of each individual:

          (a)     who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT**;

          (b)     who made any statement at the scene of the **INCIDENT**;

          (c)     who heard any statements made about the **INCIDENT** by any individual at the scene;

          (d)     who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

**RESPONSE TO FORM INTERROGATORY NO. 12.1:**

     Cross-defendants hereby incorporate their General Objections.  Cross-defendants object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome.  Cross-defendants further object on the ground that the Form Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Cross-defendants also object to the term "Incident" as vague and ambiguous and lacking sufficient particularity or specificity to respond to this interrogatory (since the term was not more particularly defined as contemplated in the statutory instructions where "the action arises from a course of conduct or a series of events occurring over a period of time.").  Without waiving any objections, cross-defendants respond as follows: To the extent that "Incident" refers to "hydrocarbon contamination," see cross-defendants responses to cross-

complaintants' First Set of Special Interrogatories (Special Interrogatories), served simultaneously with these responses. For more particularity about persons with knowledge, see cross-defendants' responses to Special Interrogatories No. 22. Further, cross-defendants are presently unaware of any hydrocarbon contamination during GPC's and/or Teal's occupation or operation of the properties at issue in this matter.

**FORM INTERROGATORY NO. 12.2:**

12.2    Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT**? If so, for each individual state:

(a)    the name, **ADDRESS**, and telephone number of the individual interviewed;

(b)    the date of the interview;

(c)    the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

**RESPONSE TO FORM INTERROGATORY NO. 12.2:**

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Form Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Cross-defendants also object to the term "Incident" as vague and ambiguous and lacking sufficient particularity or specificity to respond to this interrogatory (since the term was not more particularly defined as contemplated in the statutory instructions where "the action arises from a course of conduct or a series of events occurring over a period of time."). Without waiving any objections, cross-defendants respond as follows: To the extent that "Incident" refers to "hydrocarbon contamination," see cross-defendants responses to cross-complaintants' First Set of Special Interrogatories (Special Interrogatories), served simultaneously with these responses. Further, cross-defendants are presently unaware of any hydrocarbon

1  contamination during GPC's and/or Teal's occupation or operation of the properties at issue in this

2  matter.  For more particularity about persons with knowledge, see cross-defendants' responses to

3  Special Interrogatories No. 22.  On information and belief, cross-defendants are not aware of any

4  such interviews regarding hydrocarbon contamination.

5  **FORM INTERROGATORY NO. 12.3:**

6

7      12.3    Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or

8  recorded statement from any individual concerning the **INCIDENT**?  If so, for each statement state:

9          (a)    the name, **ADDRESS,** and telephone number of the individual from whom the

10  statement was obtained;

11          (b)    the name, **ADDRESS,** and telephone number of the individual who obtained

12  the statement;

13          (c)    the date the statement was obtained;

14

15          (d)    the name, **ADDRESS,** and telephone number of each **PERSON** who has the

16  original statement or a copy.

17  **RESPONSE TO FORM INTERROGATORY NO. 12.3:**

18      Cross-defendants hereby incorporate their General Objections. Cross-defendants object to this

19  Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome.

20  Cross-defendants further object on the ground that the Form Interrogatory seeks information that is

21  neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery

22  of admissible evidence.  Cross-defendants also object to the term "Incident" as vague and ambiguous

23  and lacking sufficient particularity or specificity to respond to this interrogatory (since the term was

24  not more particularly defined as contemplated in the statutory instructions where "the action arises

25  from a course of conduct or a series of events occurring over a period of time.").  Without waiving

26  any objections, cross-defendants respond as follows:  To the extent that "Incident" refers to

27  "hydrocarbon contamination," see cross-defendants responses to cross-complaintants' First Set of

Special Interrogatories (Special Interrogatories), served simultaneously with these responses. Further, cross-defendants are presently unaware of any hydrocarbon contamination during GPC's and/or Teal's occupation or operation of the properties at issue in this matter. For more particularity about persons with knowledge, see cross-defendants' responses to Special Interrogatories No. 22. On information and belief, cross-defendants are not aware of any written statements regarding hydrocarbon contamination.

**FORM INTERROGATORY NO. 12.4:**

12.4    Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a)    the number of photographs or feet of film or videotape;

(b)    the places, objects, or persons photographed, filmed, or videotaped;

(c)    the date the photographs, films, or videotapes were taken;

(d)    the name, **ADDRESS**, and telephone number of the individual taking the photographs, films, or videotapes;

(e)    the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy.

**RESPONSE TO FORM INTERROGATORY NO. 12.4:**

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Form Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Cross-defendants also object to the term "Incident" as vague and ambiguous and lacking sufficient particularity or specificity to respond to this interrogatory (since the term was not more particularly defined as contemplated in the statutory

instructions where "the action arises from a course of conduct or a series of events occurring over a period of time."). Without waiving any objections, cross-defendants respond as follows: To the extent that "Incident" refers to "hydrocarbon contamination," see cross-defendants' response to cross-complaintants' First Set of Special Interrogatories (Special Interrogatories), served simultaneously with these responses. Further, cross-defendants are presently unaware of any hydrocarbon contamination during GPC's and/or Teal's occupation or operation of the properties at issue in this matter. On information and belief, except what others have produced in this matter, cross-defendants are not aware of any photographs, films or videotapes regarding alleged hydrocarbon contamination at the properties in issue in this matter.

**FORM INTERROGATORY NO. 12.5:**

12.5    Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure section 2034) concerning the **INCIDENT**? If so, for each item state:

      (a)    the type (i.e., diagram, reproduction, or model);

      (b)    the subject matter;

      (c)    the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

**RESPONSE TO FORM INTERROGATORY NO. 12.5:**

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Form Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Cross-defendants also object to the term "Incident" as vague and ambiguous and lacking sufficient particularity or specificity to respond to this interrogatory (since the term was not more particularly defined as contemplated in the statutory instructions where "the action arises from a course of conduct or a series of events occurring over a

#57025 v1
17
*Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
Grace Energy Corp.'s and W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Form Interrogatories

period of time."). Without waiving any objections, cross-defendants respond as follows: To the extent that "Incident" refers to "hydrocarbon contamination," see cross-defendants' response to cross-complaintants' First Set of Special Interrogatories (Special Interrogatories), served simultaneously with these responses. Further, cross-defendants are presently unaware of any hydrocarbon contamination during GPC's and/or Teal's occupation or operation of the properties at issue in this matter. On information and belief, except what others have produced in this matter, cross-defendants are not aware of any diagram, reproduction, or model of any place or thing regarding alleged hydrocarbon contamination at the properties in issue in this matter.

**FORM INTERROGATORY NO. 12.6:**

12.6    Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:

(a)    the name, title, identification number, and employer of the **PERSON** who made the report;

(b)    the date and type of report made;

(c)    the name, **ADDRESS**, and telephone number of the **PERSON** for whom the report was made.

**RESPONSE TO FORM INTERROGATORY NO. 12.6:**

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome. Cross-defendants further object on the ground that the Form Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Cross-defendants also object to the term "Incident" as vague and ambiguous and lacking sufficient particularity or specificity to respond to this interrogatory (since the term was not more particularly defined as contemplated in the statutory instructions where "the action arises from a course of conduct or a series of events occurring over a period of time."). Without waiving any objections, cross-defendants respond as follows: To the

extent that "Incident" refers to "hydrocarbon contamination," see cross-defendants' response to cross-complaintants' First Set of Special Interrogatories (Special Interrogatories), served simultaneously with these responses.  Further, cross-defendants are presently unaware of any hydrocarbon contamination during GPC's and/or Teal's occupation or operation of the properties at issue in this matter.  On information and belief, except what others have produced in this matter, cross-defendants are not aware of any reports by GPC and/or Teal regarding alleged hydrocarbon contamination at the properties in issue in this matter.

**FORM INTERROGATORY NO. 12.7:**

12.7    Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**?  If so, for each inspection state:

(a)    the name, **ADDRESS**, and telephone number of the individual making the inspection (except for expert) witnesses covered by Code of Civil Procedure section 2034);

(b)    the date of the inspection.

**RESPONSE TO FORM INTERROGATORY NO. 12.7:**

Cross-defendants hereby incorporate their General Objections. Cross-defendants also object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome.  Cross-defendants further object on the ground that the Form Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Cross-defendants also object to the term "Incident" as vague and ambiguous and lacking sufficient particularity or specificity to respond to this interrogatory (since the term was not more particularly defined as contemplated in the statutory instructions where "the action arises from a course of conduct or a series of events occurring over a period of time.").  Without waiving any objections, cross-defendants respond as follows:  To the extent that "Incident" refers to "hydrocarbon contamination," see cross-defendants' response to cross-complaintants' First Set of Special Interrogatories (Special Interrogatories), served simultaneously

1   with these responses.  Further, cross-defendants are presently unaware of any hydrocarbon

2   contamination during GPC's and/or Teal's occupation or operation of the properties at issue in this

3   matter.  On information and belief, except what others have produced in this matter, cross-defendants

4   are not aware of any inspection regarding alleged hydrocarbon contamination at the properties in

5   issue in this matter.

6

7   ### 13.0    INVESTIGATION - SURVEILLANCE

8   **FORM INTERROGATORY NO. 13.1:**

9       13.1    Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance

10  of any individual involved in the **INCIDENT** or any party to this action?  If so, for each surveillance

11  state:

12          (a)    the name, **ADDRESS**, and telephone number of the individual or party;

13          (b)    the time, date and place of the surveillance;

14          (c)    the name, **ADDRESS**, and telephone number of the individual who conducted

15

16  the surveillance.

17  **RESPONSE TO FORM INTERROGATORY NO. 13.1:**

18      Cross-defendants hereby incorporate their General Objections. Cross-defendants also object

19  to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and

20  burdensome.  Cross-defendants further object on the ground that the Form Interrogatory seeks

21  information that is neither relevant to the subject matter of this action nor reasonably calculated to

22  lead to the discovery of admissible evidence.  Cross-defendants also object to the term "Incident" as

23  vague and ambiguous and lacking sufficient particularity or specificity to respond to this

24  interrogatory (since the term was not more particularly defined as contemplated in the statutory

25  instructions where "the action arises from a course of conduct or a series of events occurring over a

26  period of time.").  Without waiving any objections, cross-defendants respond as follows:  To the

27  extent that "Incident" refers to "hydrocarbon contamination," see cross-defendants' response to cross-

28

complaintants' First Set of Special Interrogatories (Special Interrogatories), served simultaneously with these responses. Further, cross-defendants are presently unaware of any hydrocarbon contamination during GPC's and/or Teal's occupation or operation of the properties at issue in this matter. On information and belief, cross-defendants are not aware that anyone acting on their behalf conducted surveillance of any individual regarding alleged hydrocarbon contamination at the properties in issue in this matter.

**FORM INTERROGATORY NO. 13.2:**

13.2    Has a written report been prepared on the surveillance? If so, for each written report state:

(a)    the title;

(b)    the date;

(c)    the name, **ADDRESS**, and telephone number of the individual who prepared the report;

(d)    the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy.

**RESPONSE TO FORM INTERROGATORY NO. 13.2:**

Cross-defendants hereby incorporate their response to Form Interrogatory No. 13.1.

**14.0    STATUTORY OR REGULATORY VIOLATIONS**

**FORM INTERROGATORY NO. 14.1:**

14.1    Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify each **PERSON** and the statute, ordinance, or regulation.

**RESPONSE TO FORM INTERROGATORY NO. 14.1:**

Cross-defendants hereby incorporate their response to Form Interrogatory No. 14.1.

### 50.0 CONTRACT

**FORM INTERROGATORY NO. 50.1:**

50.1    For each agreement alleged in the pleadings:

(a)    identify all **DOCUMENTS** that are part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(b)    state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;

(c)    identify all **DOCUMENTS** that evidence each part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(d)    identify all **DOCUMENTS** that are part of each modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(e)    state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;

(f)    identify all **DOCUMENTS** that evidence each modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

**RESPONSE TO FORM INTERROGATORY NO. 50.1:**

Cross-defendants hereby incorporate their General Objections.  Cross-defendants also object to this Form Interrogatory as overbroad, including as to time, and as unduly oppressive and burdensome.  Cross-defendants further object on the ground that the Form Interrogatory seeks

information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Finally, cross-defendants object to this interrogatory because there are no agreements alleged in the pleadings. To the extent this interrogatory seeks information about the agreements related to the properties at issue in this matter, and without waiving any of its objections, cross-defendants respond as follows: See cross-defendants' response to Special Interrogatory No. 8.

**FORM INTERROGATORY NO. 50.2:**

    50.2   Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

**RESPONSE TO FORM INTERROGATORY NO. 50.2:**

    Cross-defendants hereby incorporate their response to Form Interrogatory No. 50.1.

**FORM INTERROGATORY NO. 50.3:**

    50.3   Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

**RESPONSE TO FORM INTERROGATORY NO. 50.3:**

    Cross-defendants hereby incorporate their response to Form Interrogatory No. 50.1.

**FORM INTERROGATORY NO. 50.4:**

    50.4   Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated and state why it was terminated including dates.

**RESPONSE TO FORM INTERROGATORY NO. 50.4:**

    Cross-defendants hereby incorporate their response to Form Interrogatory No. 50.1.

**FORM INTERROGATORY NO. 50.5:**

    50.5   Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

**RESPONSE TO FORM INTERROGATORY NO. 50.5:**

Cross-defendants hereby incorporate their response to Form Interrogatory No. 50.1.

**FORM INTERROGATORY NO. 50.6:**

50.6   Is any agreement alleged in the pleadings ambiguous?  If so, identify each ambiguous agreement and state why it is ambiguous.

**RESPONSE TO FORM INTERROGATORY NO. 50.6:**

Cross-defendants hereby incorporate their response to Form Interrogatory No. 50.1.

Dated:  March 15, 2001

JOHN C. MUELLER
LAW OFFICES OF JOHN C. MUELLER

COLIN G. HARRIS
HOLME ROBERTS & OWEN LLP

John C. Mueller / by Las

John C. Mueller

Attorneys for Cross-Defendants
**GRACE ENERGY CORPORATION AND
W.R. GRACE & CO.**

## PROOF OF SERVICE BY MAIL

I, the undersigned, say: I am and was at all times herein mentioned a resident of the County of Jefferson County, over the age of eighteen years and not a party to the within action or proceeding; that my business address is 1700 Lincoln Street, Suite 4100, Denver, CO 80203

On *March 15*, 2001, I served the within **CROSS-DEFENDANTS' GRACE ENERGY CORPORATION'S AND W.R. GRACE & CO.'S JOINT RESPONSES TO DEFENDANT AND CROSS-COMPLAINTANT N.Y. HILLSIDE, INC.'S FIRST SET OF FORM INTERROGATORIES of Grace Energy Corporation and W.R. Grace & Co.** upon counsel and/or interested parties named in the attached mailing list hereto, by placing a true and correct copy thereof in an envelope. I sealed said envelope with postage thereon fully prepaid, and deposited the envelope in the mail [at] with the U.S. Postal Service in Denver, Colorado on *March 15*, 2001.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I made such service at the direction of a member of the bar of this court.

Executed on *March 15*, 2001, in Denver, Colorado.

Lisa A. Schuh

#57025 v1

*Petro Resources, Inc. v. N.Y. Hillside, Inc., et al.*
Grace Energy Corp.'s and W.R. Grace & Co.'s Joint Responses to N.Y. Hillside's First Set of Form Interrogatories

1

2

## MAILING LIST

3  David S. MacCuish
   Weston, Benshoof, Rochefort, Rubalcava & MacCuish
4  444 South Flower Street, 43rd Floor
   Los Angeles, CA  90071

5

6  Gary A. Meyer
   Scott J. Leipzig
7  Parker Miliken, Clark, O'Hara & Samuelian
   333 South Hope Street, 27th Floor
8  Los Angeles, CA  90071-1488

9  Cynthia R. Maher
   Maher & Maher, LLP
10  505 South Main Street
    Orange, CA  92868
11

12  Robert L. Compton
    Nordman, Company, Hair & Compton
13  1000 Town Center Drive, 6th Floor
    P.O. Box 9100
14  Oxnard, CA  93031-9100

15  Laura K. McAvoy
    Jackson, DeMarco & Peckenpaugh
16  31365 Oak Crest Drive, Suite 200
17  Westlake Village, CA 91361

18

19  Jill Cooper-Teraoka
    McCutchen, Doyle, Brown & Enerson
20  355 south Grand Avenue, Suite 4400
    Los Angeles, CA 90071-1560

21  David Edson
22  Chevron, U.S.A., Inc.
    3613 Camino Ramon, Suite 3208
23  San Ramon, CA 94583-4289

24

25

26

27

28

**VERIFICATION**

I, DAVID B. SIEGEL, hereby declare as follows:

I am an officer, director or managing agent of Cross-defendant, W.R. Grace & Co., and am authorized to make this Verification on its behalf. I have read Cross-defendant's, W.R. Grace & Co.'s Reponses to **CROSS-DEFENDANTS GRACE ENERGY CORPORATION'S AND W.R. GRACE & CO.'S JOINT RESPONSES TO FIRST FORM INTERROGATORIES BY DEFENDANTS AND CROSS-COMPLAINTANTS N.Y. HILLSIDE, INC.,** et al., and know its contents. I am informed and believe that the matters stated therein are true, and on that ground, I declare under penalty of perjury under the laws of the State of California, and the laws of the United States, that the same are true and correct.

Executed this 14th day of March, 2001 at Boca Raton, Florida.

## VERIFICATION

I, DAVID B. SIEGEL, hereby declare as follows:

I am an officer, director or managing agent of Cross-defendant, Grace Energy Corporation, and am authorized to make this Verification on its behalf. I have read Cross-defendant's, Grace Energy Corporation's Reponses to CROSS-DEFENDANTS GRACE ENERGY CORPORATION'S AND W.R. GRACE & CO.'S JOINT RESPONSES TO FIRST FORM INTERROGATORIES BY DEFENDANTS AND CROSS-COMPLAINTANTS N.Y. HILLSIDE, INC., et al., and know its contents. I am informed and believe that the matters stated therein are true, and on that ground, I declare under penalty of perjury under the laws of the State of California, and the laws of the United States, that the same are true and correct.

Executed this 14th day of March, 2001 at Boca Raton, Florida.