## EXHIBIT A

**Form of Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Related docket no.** _____ |
| | ) **Hearing Agenda item no.** _____ |

## ORDER APPROVING: (I) SETTLEMENT OF MASSACHUSETTS TAX CLAIMS; AND (II) PAYMENT OF AMOUNTS OWED UPON ENTRY OF ORDER

Upon consideration of the *Motion for an Order Approving: (I) Settlement of Massachusetts Tax Claims; and (II) Payment of Amounts Owed Upon Entry of Order* (the "Motion"); and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby ORDERED that:

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  Capitalized terms not defined in this Order shall have the meaning ascribed to them in, as the case may be, the Motion, the Settlement Agreement or *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594 and 24657 (the "Plan").

1.    The Motion is granted in its entirety.

2.    The Debtors are authorized to enter into the *Settlement Agreement Resolving Claims of the Commissioner of Revenue of the Commonwealth of Massachusetts* (the "Settlement Agreement", the form of which is attached hereto as Exhibit I).

3.    Claim no. 15370 (the "Allowed Massachusetts Priority Tax Claim") is allowed in the amount of in the amount of approximately $15,001,905.82 (the "Allowed Massachusetts Priority Tax Claim Amount").

4.    The Commissioner shall not be entitled to any postpetition interest on the Allowed Massachusetts Priority Tax Claim Amount as long as the Debtors pay that amount over to the Commissioner on the terms and conditions set forth in this Order and the Settlement Agreement.

5.    The Debtors shall pay the Allowed Massachusetts Priority Tax Claim Amount prior to January 31, 2011, *provided*, *however*, that if this Order becomes final and nonappealable on or after January 25, 2011, the Debtors shall have five business days after that date in which to make the payment.

6.    If the Settlement Order has not become final and nonappealable on or before March 15, 2011, the Debtors and the Commissioner may at any time thereafter in their individual discretion rescind the Settlement Agreement without further order of this Court, and the Agreement shall be null and void; *provided*, *however*, that the party rescinding the Agreement shall provide notice to the other party, the Court and the parties to whom notice of the motion to approve the Settlement Agreement was given.  If the rescission described in the preceding sentence occurs, the Debtors will provide a form of order to the Court vacating this Order.

7.     The *Debtors' Objection to the Claim Filed by Massachusetts Department of Revenue*,
dated March 28, 2007 (docket no. 15013) (the "Objection") is hereby withdrawn with
prejudice, but the Debtors shall have leave to reinstate the Objection if the Settlement
Agreement is rescinded and this Order is vacated pursuant to ¶ 6 of this Order.

8.     The remaining prepetition claims of the Commonwealth of Massachusetts, as
summarized in Exhibit C to the Settlement Agreement (other than Claim no. 15370) and
as listed below are disallowed in their entirety:

| Disallowed Claims |
| --- |
| 281 |
| 288 |
| 1482 |
| 1485 |
| 4080 |
| 4082 |
| 2389 |
| 4078 |
| 4079 |

9.     The Commissioner shall have no other Allowed Priority Tax Claims or General
Unsecured Claims in these Chapter 11 Cases other than the Allowed Massachusetts
Priority Tax Claim, whether for principal amount of tax, prepetition or postpetition
interest thereon, penalties related thereto or any other amounts, except as may arise
pursuant to ¶ 6 of this Order; *provided, however*, that the Commissioner may file one or
more Administrative Claims as provided for by the Plan and any other applicable orders
of this Court, and the Debtors shall have the right to object to any such administrative
claims.

10.     The Debtors are authorized to take all actions that may be necessary to undertake their

obligations under the Settlement Agreement.

11.     The Court shall retain jurisdiction to hear and determine all matters arising from or

relating to the implementation of this Order and the Settlement Agreement.

12.     This Order shall be effective and enforceable immediately upon entry and its provisions

shall be self-executing and shall not be stayed under Fed.R.Bankr.P. 6004(h).

Dated: _____, 2011


_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

## E<small>XHIBIT</small> I

**Massachusetts Tax Settlement Agreement**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

## SETTLEMENT AGREEMENT RESOLVING CLAIMS OF THE COMMISSIONER OF REVENUE OF THE COMMONWEALTH OF MASSACHUSETTS

This Settlement Agreement ("Agreement") is entered into by and between the Commissioner of Revenue of the Commonwealth of Massachusetts (the "Commissioner") and the Debtors pursuant to M.G.L. c. 62C, § 37C and as of the last date identified on the last page of this Agreement.[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined in this Settlement Agreement shall have the meaning ascribed to them in, as the case may be, the Fresenius Settlement Agreement, the Chomerics Sales Agreement or the *First Amended Joint Plan of Reorganization in these Chapter 11 Cases*, as amended, docket nos. 19579, 20666, 20872, 20873 and 21594 (the "Plan").

## DEFINITIONS

a.      "Allowed Massachusetts Priority Tax Claim" means Claim no. 15370, reduced and allowed in the amount of $15,001,905.82, which as set forth in Exhibit A hereof is the sum of the Settled Tax Amount and the Prepetition Interest.

b.      "Allowed Priority Tax Claim" means a claim for taxes allowed pursuant to section 502 of the Bankruptcy Code with the priority set forth in section 507(a)(8) of the Bankruptcy Code.

c.      "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

d.      "Chapter 11 Cases " means those reorganization cases that were commenced on the Petition Date when the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

e.      "Chomerics Amount" is $49,881.00, as set forth in Exhibit A.

f.      "Chomerics Transaction" means the stock sale transaction documented by that certain Chomeric Sales Agreement, dated September 30, 1994.

g.      "Combined Group" means Grace, Grace-Conn., the Debtors and all other affiliates, including but not limited to the Divested Entities and Chomerics that were part of the group of affiliated taxpayers that elected to file a Massachusetts combined excise tax return.

h.      "Court" means the United States Bankruptcy Court for the District of Delaware, before which are pending the Chapter 11 Cases.

i.      "Disallowed Claims" shall have the meaning ascribed to it in ¶ 5 of this Settlement.

j.      "Divested Entities" means all affiliated entities within the combined group for which Grace-Conn. was jointly and severally liable for payment of tax during the tax years at

issue that were sold, merged out of existence or otherwise divested or separated from the Combined Group prior to the Petition Date, and otherwise includes all Grace-Conn. affiliates other than the Debtors, Grace, Grace-Conn. and Chomerics (which is dealt with separately in this Agreement).

k.      "Grace" means W. R. Grace & Co.

l.      "Grace-Conn." means W. R. Grace & Co.–Conn., a Debtor.

m.      "Parker Hannifin" means Parker Hannifin Corporation, the "Buyer" in the Chomerics Transaction.

n.      "Petition Date" means April 2, 2001.

o.      "Prepetition Interest" means interest accrued on the Settled Tax Amount though the Petition Date, as calculated in accordance with M.G.L. c. 62C, § 32.

p.      "Previously Resolved Claims" means the claims timely filed by the Commissioner listed in Exhibit B hereof, each of which has previously been disallowed on the grounds set forth in Exhibit B.

q.      "Remaining Unresolved Claims" means the claims timely filed by the Commissioner listed in Exhibit C hereof, each of which remains disputed or otherwise unresolved.

r.      "Settled Tax Amount" is the total amount of the settled tax amounts by year and entity set forth in Exhibit A hereof, which is $9,632,566.00, subject to adjustment pursuant to ¶ 6 hereof.

s.      "Settlement Order" means the final, nonappealable order entered by the Bankruptcy Court approving this Agreement.

<u>STATEMENT OF FACTS</u>

WHEREAS, during the relevant tax years, Grace-Conn. was a Massachusetts taxpayer that elected to file a Massachusetts combined excise tax return together with the Combined Group. As a taxable member of the Combined Group, Grace-Conn. is jointly and severally liable for the Settled Tax Amount;

WHEREAS, on or about September 30, 1994, the Debtors and Parker Hannifin consummated the Chomerics Transaction;

WHEREAS, the Debtors commenced their respective Chapter 11 Cases on the Petition Date;

WHEREAS, the Commissioner timely filed the proofs of claim set forth in <u>Exhibit B</u>, each of which is a Previously Resolved Claim;

WHEREAS, the Previously Resolved Claims were resolved on the grounds set forth in <u>Exhibit B</u>;

WHEREAS, the Commissioner timely filed the proofs of claim set forth in <u>Exhibit C</u>, each of which is a Remaining Unresolved Claim;

WHEREAS, on or about March 27, 2007, the Debtors filed an objection (docket no. 15013) to Claim no. 15370, which objection remains pending;

WHEREAS, the Commissioner and the Debtors agree that the expedited resolution of this matter is in the best interests of the parties;

<u>THE SETTLEMENT</u>

**NOW, THEREFORE**, for good and valuable consideration, the parties hereby stipulate and agree that as of the date on which the Settlement Order becomes final and non-appealable:

4

1.    **Settled Tax Amount**.  The Debtors and the Commissioner agree that the Settled Tax Amount is $9,632,566.00, as set forth in <u>Exhibit A</u> hereof, which shall be payable pursuant to the terms of this Agreement.

2.    **Prepetition Interest**.    The Debtors and the Commissioner agree that the Prepetition Interest is $5,369,339.82, as set forth in <u>Exhibit A</u> hereof, which shall be payable pursuant to the terms of this Agreement.

<u>ALLOWED MASSACHUSETTS PRIORITY TAX CLAIM</u>

3.    **Allowed Claim**.    In satisfaction of the Settled Tax Amount and Prepetition Interest, the Allowed Massachusetts Priority Tax Claim shall be an Allowed Priority Tax Claim in the amount of $15,001,905.82 (which is the sum of the Settled Tax Amount and the Prepetition Interest).

4.    **Disallowance of Remaining Unresolved Claims**.    The following Remaining Unresolved Claims shall be disallowed in their entirety:

| Disallowed Claims |
| :---: |
| 281 |
| 288 |
| 1482 |
| 1485 |
| 4080 |
| 4082 |
| 2389 |
| 4078 |
| 4079 |

5.    **No Other Claims**.  The Commissioner shall have no other Allowed Priority Tax Claims or General Unsecured Claims in these Chapter 11 Cases other than the Allowed

Massachusetts Priority Tax Claim, whether for principal amount of tax, prepetition interest thereon, penalties related thereto or any other amounts, except as may arise pursuant to paragraph 6 below; *provided*, *however*, that the Commissioner may file one or more Administrative Claims as provided for by the Plan and any other applicable orders of this Court, and the Debtors shall have the right to object to any such administrative claims.

### EFFECT OF FEDERAL CHANGE REPORT

6.     Up until the effective date of any chapter 11 plan that may be confirmed in the above-captioned case, the Settled Tax Amount shall be subject to adjustment pursuant to M.G.L. c. 62C, § 30 (2010) concerning any pre-petition tax period and to the extent that the Debtors may, at any time or from time to time, be required under G.L.c. 62C, section 30 to file a federal change report, nothing in this Agreement shall preclude the Debtors or the Commissioner from asserting that an additional refund is due or that an additional tax is owed for any tax period(s) based on the federal change and subject to the provisions of said section 30 (except that each party's right under § 30 to claim offsets shall not extend to issues related to or raised in the Settled Tax Amount).; *provided*, *however*, that the Commissioner shall provide notice to the Debtors and all parties entitled to service pursuant to Fed.R.Bankr.P. 2002 of any intent to amend the Settled Tax Amount. The Debtors and any member of the Combined Group affected by any such proposed amendment of the Settled Tax Amount shall have the right to dispute that proposed amendment in accordance with applicable bankruptcy or nonbankruptcy procedures as may be appropriate.

### PAYMENT OF CLAIMS

7.     **Terms of Payment of the Allowed Massachusetts Priority Tax Claim.**  The Debtors shall pay in accordance with the terms and conditions set forth in this Agreement the full

amount of the Allowed Massachusetts Priority Tax Claim to the Commissioner prior January 31, 2011, *provided*, *however*, that if the Order becomes final and nonappealable on or after January 25, 2011, the Debtors shall have five business days in which to make the payment; *provided*, *further*, that should the Settlement Order not have become final and nonappealable on or before March 15, 2011, the Debtors and the Commissioner may at any time thereafter in their discretion rescind this Agreement, and this Agreement shall be null and void.  The party rescinding the Agreement shall provide notice to the Court, the other party and the parties to whom notice of the motion to approve the Settlement Agreement was given.

8.      **Delivery of Payments**.  All payments under this Agreement shall be issued on the terms and conditions of the preceding paragraph to the Commonwealth of Massachusetts electronically, and in accordance with the instructions provided by the Commissioner to the Debtors in separate correspondence.

### FULL AND FINAL DETERMINATION OF AMOUNTS AT ISSUE IN UNRESOLVED CLAIMS

9.      **Full and Final Determination**.  The Debtors and the Commissioner agree that the Settled Tax Amount and the allowance of the Allowed Claims on the terms and conditions set forth in this Agreement are in full and final settlement of all disputed amounts for tax years ending prior to the Petition Date, except to the extent set forth in ¶ 6 of this Agreement.

10.     **Commissioner's Agreement re Debtors**.  The Commissioner agrees that it is forever barred, estopped, and enjoined from asserting any additional claims against the Debtors for unpaid tax or other amounts arising prior to the Petition Date other than enforcing the obligations of the Debtors set forth in this Agreement or seeking an adjustment of the Settled Tax Amount as set forth in ¶ 6 of this Agreement.

11.     **Commissioner's Agreement re Parker Hannifin**.  The Commissioner agrees that this Settlement disposes of all amounts in dispute regarding tax year 1994, which the

Commissioner has asserted, or could assert, against Parker Hannifin as a result of the Chomerics Transaction, and the Commissioner further agrees not to assess Parker Hannifin for, or otherwise seek to collect from Parker Hannifin, any such unpaid tax or other amounts, including but not limited to interest and/or penalties related thereto.

12. **Commissioner's Agreement re Divested Entities**. The Commissioner agrees that this Settlement disposes of all amounts in dispute for the tax years at issue in the Unresolved Claims as to the Divested Entities. The Commissioner further agrees not to assess any of the Divested Entities or otherwise seek to collect from the Divested Entities any unpaid tax or other amounts, including but not limited to interest and/or penalties for any of the tax years at issue in the Unresolved Claims, except to the extent set forth in ¶ 6 of this Agreement.

13. **Net Operating Losses and Other Adjustments.** There shall be no net operating loss carryovers resulting from any of the adjustments related to the Settled Tax Amount by reason of this Agreement. Any other adjustments that may be required or otherwise necessary under the version of Section 346(j) of the Bankruptcy Code in effect on the Petition Date shall be unaffected by this Agreement.

<u>M</u><u>ISCELLANEOUS</u>

14. **Necessary Actions**. The Debtors shall take all actions necessary to implement this Agreement, including but not limited to filing a motion seeking entry of the Settlement Order as soon as is reasonably practicable, which motion shall withdraw the Debtors' objection to Claim no. 15370.

15. **Bankruptcy Court Approval**. Notwithstanding the foregoing, this Agreement and the Debtors' signature hereon shall not become effective and binding until the Bankruptcy Court enters the Settlement Order.

16. **Full Power and Authority**.  Each party executing this Agreement represents that such party has the full authority and legal power to do so.

17. **Counterparts**.  This Agreement may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument.  The parties further agree that facsimile signatures hereon shall be deemed to be original signatures.

18. **Binding Nature**.  This Agreement shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

19. **No Admissions**.  This Agreement is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to matters set forth herein.

20. **Retention of Jurisdiction**.  The Bankruptcy Court shall retain jurisdiction over the Allowed Massachusetts Priority Tax Claim, including but not limited to enforcement of the terms of this Agreement and adjudication of any dispute arising from any adjustment of the Settled Tax Amount proposed by the Commissioner pursuant to ¶ 7 hereof.

**[signature page to follow]**

The following Parties enter into this Settlement, which provides for the allowance of the

Allowed Massachusetts Priority Tax Claim (Claim no. 15370) and the disallowance of all

Remaining Unresolved Claims on the terms and conditions set forth herein on behalf of:

**W. R. Grace & Co., et al., Debtors**

**Naveet K. Bal,**
**Commissioner of Revenue**
**Commonwealth of Massachusetts**

By: _____ /s/ _____

By: _____ /s/ _____

Hudson La Force III
Senior Vice President & Chief Financial
Officer
W.R. Grace & Co.
7500 Grace Drive
Columbia, Maryland  21044

Kevin Brown (BBO#060609)
General Counsel
Massachusetts Department of Revenue
Litigation Bureau, 7th Floor
P.O. Box 9565
100 Cambridge Street
Boston, MA 02114-9565

Tel.: (617) 626-3225

Date: ___ December 3, 2010 ___

Date: ___ December 3, 2010 ___

<u>EXHIBIT A</u>

**Settled Tax Amounts**

| YEAR | W. R. GRACE-CONN. | OTHER DEBTOR ENTITIES | CHOMERICS TRANSACTION | SETTLED TAX AMOUNT | PREPETITION INTEREST | TOTAL TAX + INTEREST |
|---|---|---|---|---|---|---|
| 1990 | $ 93,806.00 | $0.00 | $0.00 | $ 93,806.00 | $174,470.96 | $268,276.96 |
| 1991 | $ 970,128.00 | $0.00 | $0.00 | $ 970,128.00 | $1,426,124.60 | $2,396,252.60 |
| 1992 | $184,065.00 | $0.00 | $0.00 | $184,065.00 | $207.129.63 | $391,194.63 |
| 1993 | $(35,638.00) | $0.00 | $0.00 | $(35,638.00) | ($30,292.75) | ($65,930.75) |
| 1994 | $418,049.00 | $738,370.00 | $49,881.00 | $1,206,300.00 | $953,202.71 | $2,159,502.71 |
| 1995 | $0.00 | $759,724.00 | $0.00 | $759,724.00 | $467,584.43 | $1,227,308.43 |
| 1996 (9/30) | $39,687.00 | $857,380.00 | $0.00 | $897,067.00 | $450,577.44 | $1,347,644.44 |
| 1996 (12/31) | $423,247.00 | $20,125.00 | $0.00 | $443,372.00 | $206,483.40 | $649,855.40 |
| 1997 | $4,232,255.00 | $168,550.00 | $0.00 | $4,400,805.00 | $1,435,756.97 | $5,836,561.97 |
| 1998 | $0.00 | $0.00 | $0.00 | $0.00 | $0 | $0 |
| 1999 | $712,937.00 | $0.00 | $0.00 | $712,937.00 | $78,302.43 | $791,239.43 |
| TOTALS | $7,038,536.00 | $2,544,149.00 | $49,881.00 | $9,632,566.00 | $5,369,339.82 | |
| | ALLOWED MASSACHUSETTS TAX CLAIM AMOUNT | | | | | $15,001,905.82 |

## EXHIBIT B

### Previously Resolved Claims

| Claim No. | Debtor | Tax Year | Amount | Priority | Asserted Basis | Disallowance |
|---|---|---|---|---|---|---|
| 282 | G C Management, Inc. | 1999-2000 | $966.93 | Priority | Corporate Excise Tax | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $95.76 | Unsecured | | |
| 283 | Alewife Boston Ltd. | 1995-2001 | $4,904.49 | Priority | Sales and Corporate Excise Taxes | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $1,192.52 | Unsecured | | |
| 284 | Alewife Land Corporation | 1995-2001 | $4,354.74 | Priority | Sales and Corporate Excise Taxes | Expunged via Order, docket no. 9297, entered August 29, 2005 |
| | | | $1,042.04 | Unsecured | | |
| 285 | Amicon, Inc. | 1995-2000 | $15,752.97 | Priority | Corporate Excise Tax | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $4,266.76 | Unsecured | | |
| 286 | CCHP, Inc. | 2000 | $5,225.44 | Priority | Corporate Excise Tax | Claim withdrawn on July 2, 2001 |
| | | | $78.00 | Unsecured | | |
| 287 | Five Alewife Boston Ltd. | 1990-1993, 1999-2000 | $5,151.42 | Priority | Corporate Excise Tax | Claim withdrawn on July 2, 2001 |
| | | | $433.15 | Unsecured | | |
| 289 | L B Realty, Inc. | 1988, 1999-2000 | $1,612.58 | Priority | Corporate Excise Tax | Claim withdrawn on July 2, 2001 |
| | | | $268.61 | Unsecured | | |
| 290 | MRA Staffing Systems, Inc. | 1999-2000 | $2,221.33 | Priority | Corporate Excise Tax | Claim withdrawn on July 2, 2001 |
| | | | $362.98 | Unsecured | | |
| 291 | W.R. Grace & Co.-Conn. | 1976, 1980, 2000, 2001 | $1,762,847.06 | Priority | Withholding and Corporate Excise Taxes | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $8,266.00 | Unsecured | | |
| 336 | Dewey and Almy LLC | 1999-2000 | $966.93 | Priority | Corporate Excise Tax | Expunged via Order, docket no. 9297, entered August 29, 2005 |
| | | | $95.76 | Unsecured | | |
| 608 | W.R. Grace & Co.-Conn. | 1991-2000 | $5,999,176.40 | Priority | Sales, Withholding and Corporate Excise Taxes | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $636,923.92 | Unsecured | | |

| Claim No. | Debtor | Tax Year | Amount | Priority | Asserted Basis | Disallowance |
|---|---|---|---|---|---|---|
| 1479 | W.R. Grace & Co.-Conn | 1991-2000 | $6,017,476.89 | Priority | Sales, Withholding and Corporate Excise Taxes | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $536,753.08 | Unsecured | | |
| 1480 | Alewife Boston Ltd. | 1995-2001 | $3,250.59 | Priority | Sales Tax | Expunged via Order, docket no. 9297, entered August 29, 2005 |
| | | | $830.00 | Unsecured | | |
| 1481 | Alewife Land Corporation | 1995-2001 | $3,250.59 | Priority | Sales Tax | Expunged via Order, docket no. 9297, entered August 29, 2005 |
| | | | $830.00 | Unsecured | | |
| 1483 | Dewey and Almy, LLC | 2000 | $458.23 | Priority | Corporate Excise Tax | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $6.84 | Unsecured | | |
| 1484 | G C Management, Inc. | 1992-1993, 1999-2001 | $5,588.18 | Priority | Corporate Excise Tax | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $218.88 | Unsecured | | |
| 1486 | W.R. Grace & Co.-Conn. | 1991-2000 | $6,017,476.89 | Priority | Sales, Withholding and Corporate Excise Taxes | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $536,753.08 | Unsecured | | |
| 1487 | Alewife Boston Ltd. | 1995-2001 | $3,250.59 | Priority | Sales Tax | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $830.00 | Unsecured | | |
| 1488 | Alewife Land Corporation | 1995-2001 | $3,250.59 | Priority | Sales Tax | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $830.00 | Unsecured | | |
| 1489 | Amicon, Inc. | 1997-2001 | $3,215.92 | Priority | Corporate Excise Tax | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $218.88 | Unsecured | | |
| 1490 | Dewey and Almy LLC | 2000 | $458.23 | Priority | Corporate Excise Tax | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $6.84 | Unsecured | | |

| Claim No. | Debtor | Tax Year | Amount | Priority | Asserted Basis | Disallowance |
|---|---|---|---|---|---|---|
| 1491 | G C Management, Inc. | 1992-1993, 1999-2001 | $5,588.18 | Priority | Corporate Excise Tax | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $218.88 | Unsecured | | |
| 1492 | Remedium Group, Inc. | 1997, 1999, 2000-2001 | $2,827.14 | Priority | Corporate Excise Tax | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $218.88 | Unsecured | | |
| 2337 | W.R. Grace & Co.-Conn. | 1991-2000 | $4,645,278.69 | Priority | Sales, Withholding and Corporate Excise Taxes | Expunged via Order, docket no. 4346, entered August 25, 2003 |
| | | | $7,150.00 | Unsecured | | |
| 4081 | W.R. Grace & Co.-Conn. | 1991-2000 | $35,434,634.69 | Priority | Sales, Withholding and Corporate Excise Taxes | Expunged via Order, docket no. 5646, entered May 24, 2004 |
| 15333 | W.R. Grace & Co.-Conn | 1991-2000 | $35,423,945.06 | Priority | Sales, Withholding and Corporate Excise Taxes | Expunged via Order, docket no. 8030, entered February 28, 2005 |

## Exhibit C

## Remaining Unresolved Claims

| Claim No. | Debtor | Tax Year | Amount | Priority | Basis |
|---|---|---|---|---|---|
| 281 | Remedium Group, Inc. | 2000-2001 | $6,289.02 / $503.67 | Priority / Unsecured | Withholding Tax |
| 288 | Grace Tarpon Investors, Inc. | 1993-2000 | $2,887.79 / $464.72 | Priority / Unsecured | Corporate Excise Tax |
| 1482 | Amicon, Inc. | 1997-2001 | $3,215.92 / $218.88 | Priority / Unsecured | Corporate Excise Tax |
| 1485 | Remedium Group, Inc. | 1997 1999-2001 | $2,827.14 / $2,18.88 | Priority / Unsecured | Corporate Excise Tax |
| 4080 | Amicon, Inc. | 1994 1996-1997, 1999-2001 | $737,677.91 / $218.88 | Priority / Unsecured | Corporate Excise Tax |
| 4082 | CB Biomedical, Inc. | 1996-1997 | $7,033.00 | Priority | Corporate Excise Tax |
| 2389 | Dewey and Almy, LLC | Unknown | $458.23 / $6.84 | Priority / Unsecured | Unknown |
| 4078 | GC Management, Inc. | 1999-2001 | $1,500.91 / $218.88 | Priority / Unsecured | Corporate excise tax |
| 4079 | Remedium Group, Inc. | 1994, 1997, 1999-2001 | $217,213.91 / $218.88 | Priority / Unsecured | Corporate Excise Tax |
| 15370 | W.R. Grace & Co.-Conn. | 2000 1991-1999 | $34,805,361.23 | Priority | Withholding and Corporate Excise Taxes |