## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | **Re: Docket Nos. 20872, 20874, and 20877** |

### NOTICE OF FIFTH SET OF MODIFICATIONS
### TO JOINT PLAN OF REORGANIZATION

Please take notice that the above-captioned debtors (the "Debtors"), together with the

Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Equity

Security Holders, and the Asbestos PI Future Claimants' Representative (collectively the "Plan

Proponents"), hereby submit this fifth set of technical modifications to the Plan Proponents' First

Amended Joint Plan of Reorganization [Dkt. No. 20872] (the "Joint Plan") and related Plan

Documents contained in the Exhibit Book filed on February 27, 2009 [Dkt. No. 20874], and

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

amended Exhibit 25 filed on February 28, 2009 [Dkt. No. 20877] (collectively, the "Plan Document Modifications"), and respectfully state as follows:

1.     The Plan Proponents filed their first set of Plan Document Modifications to the Joint Plan on September 4, 2009 [Dkt. No. 23177], their second set of Plan Document Modifications to the Joint Plan on October 12, 2009 [Dkt. No. 23474], their third set of Plan Document Modifications to the Joint Plan on December 16, 2009 [Dkt. No. 24016], and their fourth set of Plan Document Modifications to the Joint Plan on March 19, 2010 [Dkt. No. 24477]. Those modifications were either technical in nature, *e.g.*, correcting typographical or similar errors, or resolved specific objections to confirmation of the Joint Plan. The current proposed modifications are no different.

2.     The Plan Proponents are, pursuant to this Fifth Set of Plan Document Modifications, making certain additional technical modifications to the Joint Plan and plan documents. The Fifth Set of Plan Document Modifications, as explained below, relates to (1) the Joint Plan; (2) Exhibit 3 to the Joint Plan -- the Asbestos PD Trust Agreement; (3) Exhibit 5 to the Joint Plan -- the Schedule of Settled Asbestos Insurance Companies Entitled to § 524(g) Protection; (4) Schedule 2 to Exhibit 6 to the Joint Plan -- the Asbestos Insurance Transfer Agreement; (5) Exhibit 21 to the Joint Plan -- the Schedule of Unresolved Asbestos PD Claims; and (6) Exhibit 25 to the Joint Plan -- the Case Management Order for Class 7A Asbestos PD Claims. These modifications are technical in nature, *e.g.*, they (a) correct typographical or similar errors, (b) reflect the current status of settlements with insurers, (c) reflect the current status of active Asbestos PD Claims, (d) provide the names of the Trustees of the Asbestos PD Trust; and (e) provide plan provisions to extend the Asbestos PI Channeling Injunction to

insurers who settle post-confirmation.  None of the proposed modifications affect any pending objections to the Joint Plan.

**Plan Modifications**

3.       Modifications to the Joint Plan itself were made to (1) update current notice parties and current counsel, and correct typographical errors, primarily in the annexed sections 1 and 2 attached to the Joint Plan (collectively, the "Tax Annex"), (2) provide language conforming Article 9 of the Joint Plan with language in the proposed Confirmation Order filed by the Debtors on April 30, 2010 [Dkt. No. 24708] (the "Draft Order") regarding assumption and rejection of contracts with respect to the Sealed Air Settlement Agreement and the Fresenius Settlement Agreement (see pages 123, 125 of blackline at **Exhibit A** hereto), (3) provide conforming language in Section 7.7(b) of the Joint Plan and the Draft Order regarding references to sub-classes 7A and 7B (see page 77 of blackline at **Exhibit A** hereto), (4) provide conforming language in Section 7.7(g) of the Joint Plan and the Draft Order to refer to the "Reorganized Parent" rather than the "Parent" (see page 77 of blackline at **Exhibit A** hereto), (5) provide conforming language in Sections 8.1.1 and 8.1.5 of the Joint Plan and the Draft Order to eliminate references to "Equity Interests" subject to discharge and "Disallowed Equity Interests" since Equity Interests are neither discharged nor disallowed under the Joint Plan (see pages 99-100 of blackline at **Exhibit A** hereto), and (6) provide language to make clear that under certain circumstances, and subject to approval by the United States District Court for the District of Delaware, Asbestos Insurance Entities may be entitled to protection pursuant to the Asbestos PI Channeling Injunction after the Effective Date, and that Exhibit 5 to the Joint Plan -- the Schedule of Settled Asbestos Insurance Companies  (see pages 41, 72, 131 of blackline at **Exhibit A** hereto) -- may be modified accordingly.

**Exhibit 3 -- Asbestos PD Trust Agreement**

4.      Exhibit 3 to the Joint Plan -- the Asbestos PD Trust Agreement -- has been modified to include the names of the Trustees of the proposed Asbestos PD Trust.  Richard Schiro has been proposed to serve as the Class 7A Trustee and Edward B. Cottingham, Jr. has been proposed to serve as the Class 7B Trustee.

**Exhibit 5 -- Schedule of Settled Asbestos Insurance Companies Entitled to § 524(g) Protection**

5.      Exhibit 5 to the Joint Plan -- the Schedule of Settled Asbestos Insurance Companies Entitled to § 524(g) Protection -- has been updated to include the names of insurers who have entered into court-approved settlements that, under the Joint Plan, would entitle them to protection under section 524(g) of the Bankruptcy Code since the filing of the Fourth Set of Modifications to the Joint Plan on March 19, 2010.

**Exhibit 6 -- Asbestos Insurance Transfer Agreement**

6.      Schedule 2 to Exhibit 6 has been updated to reflect all Asbestos Insurance Settlement Agreements approved by the Court since the filing of the First Set of Modifications to the Joint Plan on September 4, 2009.

**Exhibit 21 -- Schedule of Unresolved Asbestos PD Claims**

7.      Exhibit 21 to the Joint Plan -- the Schedule of Unresolved Asbestos PD Claims -- has been updated to reflect the total number of active Asbestos PD Claims and Asbestos PD Claims currently on appeal.  These updates are the following:

- Section I has been updated to reflect that as a result of court rulings and settlements, there are now only two Canadian claims and 17 U.S. claims that are neither settled nor on appeal.

- Section II has been updated to reflect that the Anderson Memorial class claims (Nos. 009911 and 009914) are no longer on appeal.

- Section II has also been updated to reflect that 37 Canadian Claims are on appeal and 16 State of California claims no longer are on appeal.

- A new Section III has been updated to reflect that the Anderson Memorial class claims are still pending but currently inactive.

- The title of Exhibit 21 has been modified to more accurately conform with the description of Exhibit 21 in Section 1.1.223 of the Joint Plan.

**Exhibit 25 -- Case Management Order for Class 7A Asbestos PD Claims**

8.      Exhibit 25 to the Joint Plan -- the Case Management Order for Class 7A Asbestos

PD Claims -- has been modified in Paragraph I.B.3 to note that 37 Canadian Asbestos PD Claims

are on appeal, rather than 35, as a result of the April 2010 statute of limitations trial for two of

the claims, and this Court's May 4, 2010 order expunging the two claims [Dkt. No. 24735], for

which a May 14, 2010 notice of appeal was filed [Dkt. No. 24774].  In addition, the Order

Setting Various Deadlines Regarding Objections to Asbestos Property Damage Claims, which is

attached to the Class 7A CMO at Exhibit 25, was modified in the following ways:

- The title has been modified to more accurately reflect that the Order addresses deadlines for objections.

- On page 1, as a result of settlements, the total number of remaining claims is now 56 rather than 73, and the number of remaining Canadian claims is 39 rather than 55 as a result of settlements of 16 claims.

- In Section A, the number of remaining Canadian claims is updated again to 39. Paragraph 2 is updated to reflect that there are now only two Canadian claims that are neither settled nor on appeal.  Paragraph 3 is updated to reflect the results of the April 2010 statute of limitations trial, order, and notice of appeal referenced above.  Footnote 1 is also updated to reflect the May 2010 order.

- Section B has been deleted because the Solow claim has been settled and an approval order was entered.

- Section C is updated to reflect the October 2, 2009 Memorandum Opinion and Order issued by the United States District Court for the District of Delaware

reversing the Court's 2008 opinion expunging certain claims; however, there is no change in the procedure for resolving the California claims.

- Paragraph 11 is updated to delete the now-settled Solow claim.

- Exhibit A to the Amended Order Setting Various Deadlines Regarding Asbestos Property Damage Claims is updated to delete the Solow claim and the 16 settled Canadian claims.

9.      These changes to Exhibit 25 are simply updates; none of the changes amend any procedures set forth in Exhibit 25, and none relate to Anderson Memorial Hospital's claims.

10.     Blacklined pages of the Joint Plan reflecting the above-described changes since the fourth set of Plan Document Modifications are attached at **Exhibit A**. Blacklined pages of Exhibit 3 -- the Asbestos PD Trust Agreement -- reflecting changes described herein are attached at **Exhibit B**. A blackline of Exhibit 5 -- Schedule of Settling Asbestos Insurance Companies -- reflecting changes described herein is attached at **Exhibit C**. A blackline of Schedule 2 to Exhibit 6 -- the Asbestos Insurance Transfer Agreement -- reflecting changes described herein is attached at **Exhibit D**. A blackline of Exhibit 21 -- the Schedule of Unresolved Asbestos PD Claims -- reflecting changes described herein is attached at **Exhibit E**. A blackline of Exhibit 25 -- the Class 7A Case Management Order -- reflecting changes described herein is attached at **Exhibit F**. For the Court's ease of reference, a clean and revised copy of the entire Joint Plan is attached at **Exhibit G**, a clean and revised version of Exhibit 3 is attached at **Exhibit H**, a clean and revised version of Exhibit 5 is attached at **Exhibit I**, a clean and revised version of Schedule 2 to Exhibit 6 is attached at **Exhibit J**, a clean and revised version of Exhibit 21 is attached at **Exhibit K**, and a clean and revised version of Exhibit 25 is attached at **Exhibit L**.

11.     No other changes were made to the Plan Documents since the Fourth Set of Plan Document Modifications.

12.    Section 1127(a) of the Bankruptcy Code provides in pertinent part: "The proponents of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title.  After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan." 11 U.S.C. § 1127(a).

13.    Furthermore, Rule 3019 of the Federal Rules of Bankruptcy Procedure provides in pertinent part: "In a chapter 9 or chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan.  If the court finds after hearing on notice to the trustee, any committee appointed under the Code, and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan." Fed. R. Bankr. P. 3019.

14.    The proposed Plan Document Modifications do not alter in any respect the treatment accorded to claims or equity interests of any party that has not consented to or requested such modifications.  As such, the Plan Proponents submit that no additional solicitation is required as a result of the requested modifications. *See In re Federal-Mogul Global, Inc.,* No. 01-10578 (JKF), 2007 WL 4180545, *39 (Bankr. D. Del. Nov. 16, 2007) (ruling that because modifications did not materially or adversely affect or change the treatment of holders of claims or equity interests under the plan, the modifications did not require additional disclosure under section 1125 of the Bankruptcy Code, resolicitation under section 1126 of the Bankruptcy Code, or afford any changes in votes previously cast against or in favor of the plan); *see also In re U.S. Concrete, Inc.,* No. 10-11407 (PJW), 2010 WL 3493066, *3

(Bankr. D. Del. July 29, 2010) (prior notice regarding substance of modifications, together with the filing of the plan, as modified, constitutes due and sufficient notice thereof, and does not afford resolicitation); *In re Cellular Info. Sys., Inc.*, 171 B.R. 926, 929 n.6 (Bankr. S.D.N.Y. 1994) (nonmaterial modifications to plan do not require resolicitation).

15.     Further, the Plan Proponents are keenly aware that the Court may issue an order with respect to confirmation of the Joint Plan in the near future.  Nevertheless, if this Court confirms the Joint Plan before incorporating the Fifth Set of Modifications, the Fifth Set of Modifications may be made pursuant to section 1127(b) of the Bankruptcy Code.  Section 1127(b) of the Bankruptcy Code allows for modification of a plan following confirmation so long as the plan, as modified, (a) continues to comply with sections 1122 (classification) and 1123 (required contents of a plan) of the Bankruptcy Code, and (b) has not been substantially consummated.  *See* 11 U.S.C. § 1127(b); *In re Northwestern Corp.,* 352 B.R. 32, 36 (D. Del. 2006) (allowing for modification of plan pursuant to section 1127(b) of the Bankruptcy Code any time after confirmation, but before substantial consummation of the plan).  Here, as set forth above, the proposed Fifth Set of Plan Modifications is technical in nature and does not affect the Joint Plan's compliance with either section 1122 or 1123 of the Bankruptcy Code since none of the proposed modifications even implicates classification or the required contents of a chapter 11 plan set forth in section 1123 of the Bankruptcy Code.

Dated: December 8, 2010
Wilmington, Delaware

Respectfully submitted,

KIRKLAND & ELLIS LLP
John Donley
Adam Paul
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Deanna D. Boll
601 Lexington Avenue
New York, NY  10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison Street
Suite 2100
Chicago, IL  60602
Telephone: (312) 641-2162

and

PACHULSKI, STANG, ZIEHL & JONES LLP


_____ /s/ Kathleen P. Makowski_____
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Counsel for the Debtors and Debtors in Possession*

CAMPBELL & LEVINE, LLC


_____ /s/ Mark T. Hurford_____
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE  19801
Telephone:  (302) 426-1900
Facsimile:  (302) 426-9947


and

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY  10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Jeffrey A. Liesemer
Kevin Maclay
One Thomas Circle, N.W.
Washington, DC  20005
Telephone:  (202) 862-5000
Facsimile:  (202) 429-3301

*Counsel for the Official Committee of Asbestos
Personal Injury Claimants*

PHILLIPS, GOLDMAN & SPENCE, P.A.


_____ /s/ John C. Phillips
John C. Phillips (Bar No. 110)
1200 North Broom Street
Wilmington, DE  19806
Telephone:  (302) 655-4200
Facsimile:  (302) 655-4210

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
Debra L. Felder
1152 15th Street, NW
Washington, DC  20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T. Austern, Asbestos PI Future
Claimants' Representative*

SAUL EWING LLP

_/s/ Teresa K.D. Currier_
Teresa K.D. Currier (Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899
Telephone:  (302) 421-6800
Facsimile:  (302) 421-6813

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Horowitz
Douglas Mannal
David E. Blabey, Jr.
1177 Avenue of the Americas
New York, NY  10022
Telephone:  (212) 715-9100
Facsimile: (212) 715-8000

_Counsel for the Official Committee of Equity Security
Holders_