IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Re: 12/13/10 Agenda Item No. 3**
**Various Docket Numbers[2]**

## ORDER APPROVING QUARTERLY FEE APPLICATIONS FOR THE THIRTY-SEVENTH PERIOD

Upon the thirty-seventh quarterly fee applications (the "Applications")[3] of the Professionals referenced on **Exhibit A** attached hereto for the period of April 1, 2010 through June 30, 2010, (the "Compensation Period"), pursuant to sections 105(a) and 331 of title 11 of

---

1 The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2 Re: Docket Numbers: 25121, 25142, 25176, 25181, 25191, 25192, 25208, 25213, 25214, 25215, 25216, 25217, 25218, 25219, 25220, 25225, 25226, 25227, 25228, 25231, 25237, 25247, 25269, 25330, 25354, 25355, 25356, 25357, 25358, 25359, 25934, 25399, 25415, 25426, 25428, 25444, 25523, 25524, 25526, 25538, 25562, 25632, 25635, 25718, 25719, 25720, 25725, and 25779,

3 Capitalized terms not defined in this order shall have the meaning ascribed to them in the Interim Compensation Order.

the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 2016 and the Amended Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Interim Compensation Order"); and it appearing that the Court has jurisdiction to consider the Applications and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and these Applications is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Applications having been given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Applications as modified on **Exhibit A** hereto are granted; and it is further

ORDERED that each of the Professionals is allowed in the amounts set forth in **Exhibit A** (i) compensation for services rendered during the Compensation Period and (ii) reimbursement for actual and necessary expenses incurred during the Compensation Period; and it is further

ORDERED that the Debtors are authorized and directed to make payment to each of the Professionals, 100% of any and all fees and 100% of any and all expenses listed in **Exhibit A** that have not yet been paid pursuant to the Interim Compensation Order, provided, however, that all fees and expenses paid pursuant to this order are subject to final allowance by the Court pursuant to the terms of the Interim Compensation Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: 12\10, 2010

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

SJS