

*Attention Sherry*

RECEIVED / FILED
DEC 21 2010
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

16547 Academia Drive
Encino, Ca. 91436
December 18, 2010

The United States Bankruptcy Court
For the District of Delaware
824 Market Street
Wilmington, Delaware 19801

01 - 1139 - JKF

Re: Response to Objection Seeking Disallowance of
Claim No. 2114 of N Y Hillside, Inc.

Introduction: Claimant (N Y Hillside, Inc) is not seeking to collect twice for the same liability. The liability in question is for environmental damage caused by operations of an oil field over a long period of time, approximately 1960 to 2000 by Grace Petroleum Corporation (GPC). GPC drilled oil wells, pumped oil, operated oil separation facilities and pumped oil into trucks for delivery to refineries for a number of years up to 1989. The obligation to share in the cost of environmental cleanup for any and all operators on a property is judicially well defined.

## Facts and Background

1. GPC acknowledges it entered into an Assignment of Oil and Gas Leases to Petro Resources on April 30, 1989. Prior to that date it operated on the Leases as described in the above Introduction.

2. The fact that Grace Energy sold the stock of GPC to Samson Investment in 1993 does not change the fact that they operated on the Leases prior to the sale. In addition Samson did not assume any liability with respect to Grace's operations before their acquisition date.

3. Please note the following from page 3 of the Settlement Agreement: "Whereas, Grace Energy Corporation and W. R. Grace are both presently in bankruptcy with a stay baring further involvement in the action", and "Whereas, Grace Energy Corporation and W. R. Grace & Co. have both asserted under oath in response to interrogatories propounded by the Hillside Parties that their only involvement as an oil operator on the Subject Properties was through a subsidiary named Grace Petroleum Corporation". This confirms Grace's operation as set forth in the Introduction. At no time did attorneys representing Grace at the time of the Settlement Agreement deny that Grace operated on the property or should not be a party to the Settlement Agreement.

## Action Requested

4. Based on the facts presented above N Y Hillside, Inc hereby requests that its claim for $25,000 be approved for payment.

## Argument

5. The fact that the Samson interests decided to be part of the Settlement Agreement does not bear on the facts as presented above, as the Samson ownership interest relates to a different time period.

6. Environment cleanup cost responsibility is the obligation of each operator.

## Notice

7. Notice of this Response to Objection has been FAXed to each of the parties as required in the Notice of Objection Seeking Disallowance of Claim 2114 of N Y Hillside, Inc.