# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hearing Date: February 14, 2011, at 9:00 a.m. |
| | ) Objection Deadline: January 28, 2011 |

## APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAER HIGGINS FRUCHTMAN LLC AS CO-COUNSEL TO THE DEBTORS

The Debtors hereby submit this application (the "Application") for the entry of an order authorizing and approving the retention of Baer Higgins Fruchtman LLC ("BHF") as their bankruptcy co-counsel nunc pro tunc to January 1, 2011. The facts and circumstances supporting the Application are set forth in the affidavit of Janet S. Baer (the "Baer Affidavit"), filed contemporaneously herewith as Exhibit A.[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the JSBPC Retention Order, the Baer Affidavit, the Engagement Letter or the *First Amended Joint Plan of Reorganization*

BHF is a continuation of, and successor to, The Law Offices of Janet S. Baer, P.C. ("JSBPC").[3] Janet S. Baer and Roger J. Higgins will continue to lead BHF's representation of the Debtors, just as they did with JSBPC. BHF will submit its first fee application starting with January 2011. JSBPC's last fee application in these chapter 11 cases shall be as of December 2010.

In further support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Application are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Fed.R.Bankr.P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1.

## BACKGROUND

3. The Debtors currently employ the law firms of Kirkland & Ellis LLP ("K&E"), Pachulski Stang Ziehl & Jones LLP ("PSZJ") and JSBPC to serve as bankruptcy and reorganization co-counsel to the Debtors. This Court approved JSBPC's retention nunc pro tunc to February 11, 2009, pursuant to its *Order Authorizing the Retention and Employment of The Law Offices of Janet S, Barr. P.C. as Co-Counsel to the Debtors*, dated March 24, 2009, docket no. 21102 (the "JSBPC Retention Order"), when Ms. Baer resigned from K&E, where she had been a partner, and where she had represented the Debtors since the inception of these chapter 11

---

in these chapter 11 cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594, 24657 & 25881 (the "Plan").

[3] Please note that, as of January 17, 2011, BHF's offices will be located at: 111 East Wacker Drive, Suite 2800, Chicago, IL 60601.

cases. Since the Court entered the JSBPC Retention Order, Ms. Baer (later joined by Mr. Higgins) has represented the Debtors as co-counsel to the Debtors

4. Recently, Ms. Baer and Mr. Higgins were joined by Rebecca O. Fruchtman, and BHF was formed. If retained in these chapter 11 cases, BHF will continue to represent the Debtors just as JSBPC has represented the Debtors, retaining the same fee structure as JSBPC. BHF, K&E and PSZJ will continue the same relationship and division of tasks as co-counsel to the Debtors as K&E and PSZJ had with JSBPC. The Debtors and BHF respectfully submit that this proposed retention of BHF in JSBPC's stead is, in substance, a change in name and not a change in function.

## RELIEF REQUESTED

5. By this Application, the Debtors respectfully request the entry of an order pursuant to Bankruptcy Code sections 327(a) and 330, Fed.R.Bankr.P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1, authorizing them to employ and retain BHF as co-counsel in connection with the prosecution of these chapter 11 cases and to perform the specific legal services as described herein and consistent with the terms of that certain engagement letter dated as of January 3, 2011 (the "Engagement Letter"), attached hereto and incorporated herein as Exhibit B.

## BHF'S QUALIFICATIONS

6. The Debtors request the retention of BHF as co-counsel to advise and represent them in connection with the prosecution of these chapter 11 cases due to both Ms. Baer's and Mr. Higgins' vast experience in advising companies in such matters and their particular knowledge of the Debtors' businesses and operations as a result of having provided services to the Debtors since the inception of these cases. Because of Ms. Baer's longstanding representation of the Debtors in such matters, and Mr. Higgins having represented the Debtors

since September 2009, they have an intimate knowledge of the Debtors' chapter 11 cases and the players involved in these cases.

7. The Debtors desire to retain BHF as its co-counsel in order to maintain continuity in the services being provided to the Debtors. In effect, there will be no change in the Debtors' representation if BHF is retained as co-counsel. Moreover, the Debtors, their estates and all parties-in-interest will not be prejudiced (unduly or otherwise) by BHF being retained in JSBPC's stead. Indeed, this transition will be virtually transparent to all stakeholders and professionals in these chapter 11 cases since the same two attorneys, Ms. Baer and Mr. Higgins, will continue to lead BHF's representation as co-counsel to the Debtors, just as they have been doing with JSBPC. As such, the Debtors submit that BHF is well qualified and uniquely able to provide the specialized legal advice sought by the Debtors during these chapter 11 cases. Thus, BHF's retention as co-counsel is in the best interest of the Debtors and their estates.

## SCOPE OF PROPOSED RETENTION

8. As set forth in further detail in the Engagement Letter and in the Baer Affidavit, and subject to approval of this Court, the Debtors request the employment and retention of BHF to render, but shall not be limited to, the following professional services:

   a. advise the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

   b. advise the Debtors on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

   c. attend meetings and negotiate with representatives of the creditors and other parties in interest;

   d. prosecute actions on the Debtors' behalf, defend actions commenced against the Debtors and represent the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e. prepare pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f. advise the Debtors in connection with any potential sale of assets;

g. appear before the Court and any other courts, including appellate courts, to represent the interests of the Debtors' estates;

h. assist the Debtors in confirming a chapter 11 plan and all documents related thereto; and

i. perform all other necessary or appropriate legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof, (ii) analyzing the validity of liens against the Debtors and (iii) advising the Debtors on transactional and litigation matters.

9. BHF will continue to divide responsibilities in representing the Debtors with K&E and PSZJ in the same way that JSBPC has since it was retained in these chapter 11 cases. The three law firms will continue to make every effort to avoid and/or minimize duplication of services in these chapter 11 cases. The Debtors believe that the services that BHF will provide will complement rather than duplicate the services being performed by K&E and PSZJ.

## NO ADVERSE INTEREST

10. To the best of the Debtors' knowledge, and based upon the Baer Affidavit, BHF is a "disinterested person" as defined in Bankruptcy Code section 101(14) and does not represent or hold any interest adverse to the Debtors or their estates. Further, to the best of the Debtors' knowledge, BHF does not have any connection with any creditors or other parties-in-interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees.

## COMPENSATION

11. In accordance with section 330 of the Bankruptcy Code and any applicable orders of the Court, the Debtors propose to compensate BHF on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by BHF.

The above matters will primarily be handled by Ms. Baer and Mr. Higgins, just as they were with JSBPC. Ms. Baer's current standard hourly rate is $625.00 per hour, and Mr. Higgins' currently standard hourly rate is $475.

12.  Other attorneys or paralegals may from time to time serve the Debtors with respect to the matters described in this Application. BHF's current attorney billing rates are unchanged from those of JSBPC and range from $350.00 to $625.00 per hour, depending upon the seniority and expertise of the attorney involved. BHF's rates for paralegals are similarly unchanged from those of JSBPC and from $80.00 to $175.00 per hour.

13.  As set forth in the Baer Affidavit, the hourly rates described above are subject to periodic adjustment to reflect economic and other conditions. Other attorneys or paralegals may from time to time serve the Debtors in the matters for which BHF's retention is sought. BHF's rates are set at a level designed to compensate BHF fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. As with JSBPC, it is BHF's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, express mail charges, special or hand delivery charges, document processing, printing and similar charges by outside vendors for large volume work, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. BHF will charge the Debtor for these expenses in a manner and at rates consistent with charges generally made to BHF's other clients. BHF believes that is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

14. Moreover, pursuant to Fed.R.Bankr.P. 2016(b), BHF has not shared, nor agreed to share any compensation that it has received or may receive with another party or person, other than with the partners, associates, contract attorneys or paraprofessionals that may be associated with BHF, or (b) any compensation another person or party has received or may receive.

15. BHF will submit interim and final applications for compensation in accordance with Bankruptcy Code sections 330 and 331, the Federal Rules of Bankruptcy Procedure, this Court's Local Bankruptcy Rules and such other and further orders of the Court.

## BASIS FOR RELIEF

16. Bankruptcy Code section 327(a) provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under [the Bankruptcy Code].

11 U.S.C. § 327(a).

17. Fed.R.Bankr.P. 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed.R.Bankr.P. 2014(a).

18. Del. Bankr. L. R. 2014-1 states:

> Any entity seeking approval of employment of a professional person ... shall file with the Court a motion, a supporting affidavit or verified statement of the professional person and a proposed order for approval. Promptly after learning of any additional material information relating to such employment (such as

potential or actual conflicts of interest), the professional employed or to be employed shall file and serve a supplemental affidavit setting forth the additional information.

Del. Bankr. L.R. 2014-1.

19. Based on the foregoing, the Debtors submit that they have satisfied the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules to support entry of an order authorizing the Debtors to employ and retain BHF as co-counsel in these chapter 11 cases.

## CONCLUSION

20. For the reasons set forth above and in the Baer Affidavit, the Debtors believe that BHF is well qualified to provide the requested services to the Debtors' in light of Ms. Baer's and Mr. Higgins' intimate knowledge of the Debtors' businesses and affairs and their expertise in the field of bankruptcy services described herein. The Debtors further believe that the engagement of BHF is essential to the Debtors' successful reorganization and that the retention of JSBPC is necessary and in the best interest of the Debtors and their estates.

## NO PREVIOUS APPLICATION

21. No previous application for the retention of BHF in these chapter 11 cases nor any other such motion for the relief sought herein have been made to this or any other court.

## NO BRIEFING SCHEDULE

22. The Debtors respectfully submit that this Application does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Del. Bankr. L.R. 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

## NOTICE

23. Notice of this Application has been given to: (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these chapter 11 cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) Warren H. Smith & Associates, P.C., in its capacity as the fee auditor retained in these chapter 11 cases. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto, authorizing the retention and employment of BHF as co-counsel for the Debtors and granting such other and further relief as is just and proper.

Dated: January 4, 2011

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

And

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Kathleen P. Makowski

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession