## EXHIBIT A

**Baer Affidavit**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |

## AFFIDAVIT OF JANET S. BAER IN SUPPORT OF THE DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAER HIGGINS FRUCHTMAN LLC AS CO COUNSEL TO THE DEBTORS

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | ss. |
| COUNTY OF COOK | ) | |

Janet S. Baer, after being duly sworn according to law, deposes and says:[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Application or the *First Amended Joint Plan of Reorganization* in these chapter 11 cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594, 24657 & 25881 (the "Plan").

1.     I am a partner in the law firm of Baer Higgins Fruchtman LLC ("BHF"), with offices at 70 West Madison Street, Suite 2100, Chicago, IL 60602.  As of January 10, 2011, BHF's offices will be located at 111 East Wacker Drive, Suite 2800, Chicago, IL 60601.  I am a duly licensed and practicing attorney in the State of Illinois. I am admitted to practice in the United States District Courts for the District of Illinois; in the United States Courts of Appeals for the Third and Seventh Circuits; and am currently admitted *pro hac vice* in this Court. I am in good standing in all of the states and courts to which I have been admitted. There are no disciplinary proceedings pending against me in any jurisdiction.

2.     I submit this declaration in support of the Debtors' Application for the entry of an order pursuant to Bankruptcy Code sections 327 and 330, Fed.R.Bankr.P. 2014(a) and 2016, and Del. Bankr. L. R. 2014-1 and 2016-1, authorizing the Debtors to retain BHF as co-counsel to the Debtors in connection with their chapter 11 cases.  Unless otherwise stated in this affidavit, I have personal knowledge of the facts set forth herein. To the best of my knowledge based upon the inquiries described below, the following statements are true.

### BHF's QUALIFICATIONS

3.     I have represented debtors, creditors' committees, secured and unsecured creditors and asset purchasers in major chapter 11 cases in various jurisdictions in the United States for the past twenty-five years.  Mr. Higgins has had similar representations for the past ten years, and he has specifically represented the Debtors since joining The Law Offices of Janet S. Baer, P.C. ("JSBPC"), of which I have been the sole shareholder since February 2009.  Prior to forming JSBPC, I was a partner at K&E.  Prior to joining me, Mr. Higgins was first an associate and then a partner at K&E, and he represented the Debtors when they commenced their chapter 11 cases on April 2, 2001.

4. As set forth in my affidavit in support of the Debtors' applic ation to retain JSBPC, dated February 12, 2009, docket no. 20713, the Debtors requested the representation by JSBPC as co-counsel to advise and represent them in connection with these chapter 11 cases due to my vast experience in advising companies in such matters and my particular knowledge of the Debtors' businesses and operations as a result of having provided such services when I was a partner at K&E. On March 24, 2009, this Court entered its *Order Authorizing the Retention and Employment of The Law Offices of Janet S, Baer. P.C. as Co-Counsel to the Debtors*, docket no. 21102.

5. As of January 1, 2011, Mr. Higgins and I became partners in the law firm of Baer Higgins Fruchtman LLC along with Rebecca O. Fruchtman, who has approximately twenty years' experience in representations similar to those of myself and Mr. Higgins. BHF will continue to represent the Debtors on the same terms and conditions as JSBPC has been representing the Debtors since February 11, 2009. Due to my and Mr. Higgins' longstanding representation of the Debtors, we have intimate knowledge of the Debtors' chapter 11 cases and the players involved in these cases.

## SCOPE OF PROPOSED RETENTION

6. As set forth in further detail in below and in the Engagement Letter a copy of which is attached to the Application as Exhibit B), and subject to approval of this Court, the Debtors request the employment and retention of BHF to render, but shall not be limited to, the following professional services:

 a. advise the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

 b. advise the Debtors on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

3

c.    attend meetings and negotiate with representatives of the creditors and other parties in interest;

d.    prosecute actions on the Debtors' behalf, defend actions commenced against the Debtors and represent the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e.    prepare pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f.    advise the Debtors in connection with any potential sale of assets;

g.    appear before the Court and any other courts, including appellate courts, to represent the interests of the Debtors' estates;

h.    assist the Debtors in confirming a chapter 11 plan and all documents related thereto; and

i.    perform all other necessary or appropriate legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof, (ii) analyzing the validity of liens against the Debtors and (iii) advising the Debtors on transactional and litigation matters.

7.    BHF will continue to divide responsibilities in representing the Debtors with K&E and PSZJ in the same way that JSBPC has since it was retained in these chapter 11 cases. The three law firms will continue to make every effort to avoid and/or minimize duplication of services in these chapter 11 cases. The Debtors believe that, as with JSBPC, BHF's services for the debtors will complement rather than duplicate the services being performed by K&E and PSZJ.

## NO ADVERSE INTEREST

8.    BHF is a "disinterested person" as defined in Bankruptcy Code section 101(14) and does not represent or hold any interest adverse to the Debtors or their estates. BHF also does not have any connection with any creditors or other parties-in-interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees.

9.      Based on BHF's conflicts search conducted to date from a list obtained from the Debtors of all individuals entities that may be parties-in-interest in these chapter 11 cases, to the best of my knowledge, neither I, BHF, nor any partner, associate, or of counsel thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or any other parties in interest, the Debtors' respective attorneys and accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware.

### COMPENSATION

10.      In accordance with section 330 of the Bankruptcy Code and any applicable orders of the Court, the Debtors propose to compensate BHF on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by BHF. The above matters will primarily be handled by Ms. Baer and Mr. Higgins, just as they were with JSBPC. Ms. Baer's current standard hourly rate is $625.00 per hour, and Mr. Higgins' currently standard hourly rate is $475.

11.      BHF may from time to time employ or otherwise engage other attorneys or paralegals to serve the Debtors with respect to the matters described in this Application. BHF's current attorney billing rates are unchanged from those of JSBPC and range from $350.00 to $625.00 per hour, depending upon the seniority and expertise of the attorney involved. BHF's rates for paralegals are similarly unchanged from those of JSBPC and range from $80.00 to $175.00 per hour.

12.      The hourly rates described above are subject to periodic adjustment to reflect economic and other conditions. BHF sets its rates at a level designed to compensate BHF fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. As with JSBPC, it is BHF's policy to charge its clients in all areas of practice for all other expenses

5

incurred in connection with the client's case. The expenses charged to clients may include, among other things, express mail charges, special or hand delivery charges, document processing, photocopying, printing and similar charges by outside vendors for large volume work, travel expenses, expenses for "working meals", computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. BHF will charge the Debtor for these expenses in a manner and at rates consistent with charges generally made to BHF's other clients.   BHF believes that is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

13.    Moreover, pursuant to Fed.R.Bankr.P. 2016(b), BHF has not shared, nor agreed to share any compensation that it has received or may receive with another party or person, other than with the partners, associates, contract attorneys or paraprofessionals that may be associated with BHF, or (b) any compensation another person or party has received or may receive.

14.    BHF will submit interim and final applications for compensation in accordance with Bankruptcy Code sections 330 and 331, the Federal Rules of Bankruptcy Procedure, this Court's Local Bankruptcy Rules and such other and further orders of the Court.

**[remainder of this page is intentionally left blank]**

15.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_Janet S. Baer_
Janet S. Baer, P.C.

SWORN AND SUBSCRIBED
before me this 3rd day of January 2011

_Tracy A. Rodriguez_

My Commission Expires:

10-18-14

OFFICIAL SEAL
TRACY A RODRIGUEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/18/14