**EXHIBIT B**

**BHF Engagement Letter**

# BAER ◊ HIGGINS ◊ FRUCHTMAN LLC

70 W. Madison Street
Suite 2100
Chicago Illinois 60602
(312) 641-2162

Email:
jbaer@jsbpc.com

Facsimile:
(312)-641-2165

January 3, 2011

**VIA E-MAIL AND FIRST CLASS MAIL**

Mr. Mark A. Shelnitz
Vice President, General Counsel and Secretary
W. R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

Re: Amended Retention Letter re Legal Services

Dear Mark:

As we discussed, this letter constitutes the revised retention letter for my firm to provide legal services to W. R. Grace and its subsidiaries and affiliates (collectively, "you", "your" or the "Company") as co-counsel in connection with its chapter 11 case currently pending in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 01-1139 et al, jointly administered (the "Grace Matter"). This letter replaces the retention letter between the Company and my predecessor firm, The Law Offices of Janet S. Baer, P.C., dated February 11, 2009. Please note, the Firm's representation is only of the Company; the Firm does not and will not represent any shareholder, director, officer, partner, or joint venturer of the Company.

**General Terms.** This retention letter ("Agreement") sets forth the terms of your retention of Baer Higgins Fruchtman LLC ( the "Firm") to provide legal services and constitutes an agreement between us. This Agreement sets forth our entire agreement for rendering professional services in the Grace Matter, as well as for all other existing or future matters, except where we otherwise agree in writing.

**Personnel.** I will be primarily responsible for this engagement along with Roger J. Higgins. Other attorneys and legal assistants who may become associated with the Firm also may perform services during the course of this engagement. We will involve such other lawyers and legal assistants to the extent that your needs make such involvement desirable and acceptable to you.

**Fees.** The Firm will bill the Company for fees incurred at its regular hourly rates and in one-tenth (1/10) increments of an hour. My hourly rate is $625.00 per hour and Roger Higgins' hourly rate is $475.00 per hour. The hourly rates for other attorneys who may be advising on the Grace matter will range from $350.00 to $625.00 per hour depending upon the seniority and expertise of the attorney involved. Our rates range from $50.00 to $175.00 per hour for

www.bhflaw.net

BAER ◊ HIGGINS ◊ FRUCHTMAN LLC

paraprofessionals and legal assistant who may work on this representation. We reserve the right to adjust the Firm's billing rates from time to time in the ordinary course of the Firm's representation of the Company.

Although we will attempt to estimate fees to assist you in your planning if requested, such estimates are subject to change and are not binding unless otherwise expressly and unequivocally stated in writing.

**Expenses.** Expenses related to providing services shall be included in our statements as disbursements advanced by us on your behalf. Such expenses may include express mail charges, special or hand delivery charges, document processing, printing and similar charges by outside vendors for large volume work, travel expenses, expenses for "working meals", computerized research, postage, witness fees and other fees related to trials and hearings, transcriptions costs, and non-ordinary overhead expenses such as secretarial and other overtime. Our clients pay directly and are solely responsible for certain larger costs, such as consultant or expert witness fees and expenses, and outside suppliers or contractors' charges except as otherwise ordered by the Court. By executing this Agreement below, you agree to pay for all charges in accordance with the Firm's schedule of charges, a copy of which is attached hereto as Schedule 1, as revised from time to time.

**Billing Procedures.** Our statements for fees and expenses are typically rendered monthly and, unless other arrangements are made, payment in full is due within thirty days of your receipt of the statement except to the extent modified by Court order. If you have any questions concerning any statement, we ask that you raise it within that thirty-day period.

**Termination.** Our retention may be terminated by either of us at any time by written notice by or to you. Our representation will end at the earliest of: (a) your termination of our representation; (b) our withdrawal; or (c) the substantial completion of our substantive work. We normally do not withdraw from a representation unless the client: (i) misrepresents or fails to disclose material facts; (ii) fails to pay fees and expenses; (iii) makes it unethical or unreasonably difficult for us to continue to represent the client; or (iv) unless other just cause exists. If a court requires us to obtain permission to withdraw, we shall apply promptly for such permission, and termination of our representation shall coincide with the court's entry of an order permitting us to withdraw from that representation. If this Agreement or our services are terminated for any reason, such termination shall be effective only to terminate our services prospectively and all the other terms of this Agreement shall survive any such termination.

Once our active involvement in a particular matter has ceased (even if we continue to be actively involved in other matters on your behalf), we will have no further duty to inform you of future developments or changes in law that may be relevant to such matter. Further, unless you and we mutually agree in writing to the contrary, we will have no obligation to monitor renewal or notice dates or similar deadlines that may arise from the matters for which we had been retained but in which our involvement has ceased.

**Cell Phone and E-Mail Communications.** We hereby inform you, and you hereby acknowledge by executing this Agreement, that the Firm's attorneys sometimes communicate

BAER ◊ HIGGINS ◊ FRUCHTMAN LLC

with their clients and their clients' professionals and agents by cell telephone, that: (i) such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege; and (ii) that you must inform us if you do not wish the Firm to discuss privileged matters on cell telephones with you, your professionals or your agents.

We hereby inform you, and you hereby acknowledge by executing this Agreement, that the Firm's attorneys sometimes communicate with their clients and their clients' professionals and agents by unencrypted e-mail, that: (i) such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege; and (ii) you must inform us if you wish to institute a system to encode all e-mails between the Firm and you, your professionals or your agents.

**File Retention.** The Firm will comply with our policy as it may be in effect from time to time in retaining and disposing of all records and files . Subject to future changes, it is our current policy generally not to retain records relating to a matter for more than five years. Upon your prior written request, we will return client records to you prior to their destruction. It is not always administratively feasible for us to advise you that a matter has been closed or records related to any such matter are being disposed of. We therefore recommend that you maintain your own files for reference or submit a written request for your client files promptly upon conclusion of a matter.

**No Guarantee of Success.** It is impossible to provide any promise of guarantee about the outcome of your matters. Nothing in this Agreement or any statement by our staff or attorneys constitutes a promise or guarantee. Any comments about the outcome of your matter are simply expressions of judgment and are not binding on us.

**Consent to Use of Information.** In connection with future materials that, for marketing purposes, describe facets of our law practice and recite examples of matters we handle on behalf of clients, you agree that, if those materials avoid disclosing your confidences and secrets as defined by applicable ethical rules, they may identify you as a client, may contain factual synopses of your matters and may indicate generally the results achieved.

**Reimbursement of Expenses.** You agree promptly to reimburse us consistent with the appropriate Court Administrative Orders for all fees and expenses, including the amount of the Firm's attorney and paralegal time at normal billing rates, as incurred by us in connection with participating in, preparing for, or responding to any action, claim, suit or proceeding brought by or against any third-party that relates to the legal services provided by us under the Agreement. Without limiting the scope of the forgoing, and by way of example only, this paragraph extends to all such fees and expenses incurred by us in responding to document subpoenas, and preparing for and testifying at deposition s and trials.

**Miscellaneous.** The Agreement sets forth our entire agreement for rendering professional services. It can be amended or modified only in writing and not orally or by course of conduct. Each party signing below is jointly and severally responsible for all obligations due us and represents that each has full authority to execute this Agreement so that it is binding. This

BAER ◊ HIGGINS ◊ FRUCHTMAN LLC

Agreement may be signed in one or more counterparts and binds each party countersigning below, whether or not any other proposed signatory ever executes it. If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or applications, and to this end the provisions of this Agreement are declared to be severable.

We are not advising you with respect to this Agreement because we would have a conflict of interest in doing so. If you wish advice, you should contact independent counsel of your choice.

Please confirm your agreement with the arrangements described in this Agreement by signing below and returning it to me via e-mail at jbaer@jsbpc.com.

Sincerely,

Baer Higgins Fruchtman LLC

By: _____
Name: Janet S. Baer P.C.
Title: Partner

Agreed to and accepted this 4th day of January, 2011.

W. R. Grace & Co.

By: _____
Name: Mark A. Shelnitz
Title: Vice President, General Counsel and Secretary

BAER ◊ HIGGINS ◊ FRUCHTMAN LLC

**Schedule I**

**CLIENT REIMBURSEMENT EXPENSES AND OTHER CHARGES**

*Effective January 1, 2011*

The following outlines the Firm's policies and standard charges for various services performed by the Firm and/or by other third parties on behalf of the client which are often ancillary to our legal services. Services provided by in-house Firm personnel are for the convenience of our clients. Given that these services are often ancillary to our legal services, in certain instances, it may be appropriate and/or more cost efficient for these services to be outsources to a third-party vendor.

- **Duplicating, Reprographics and Printing:** Clients are not charged for routine duplicating or printing. Clients are charged for duplicating, printing and related services by outside vendors for large volume work and unusual needs, such as color copies. Charges from outside vendors will be at the actual cost incurred.

- **Secretarial and Work Processing:** Clients are not charged for secretarial and word processing activities incurred on their matters during standard business hours.

- **Overtime Charges:** Secretarial and word processing overtime costs are not passed on to clients <u>unless</u> either (i) the client has specifically requested the after-hours work or (ii) the nature of the work being done for the client necessitates the overtime and such work could not have been done during normal working hours. Costs for related overtime meals and transportation are charged to the client only under the same conditions and subject to any applicable regulations and guidelines.

- **Travel Expenses:** We charge clients only our out-of-pocket costs for travel expenses including associated travel agency fees. We charge only coach fares (business class for international flights) unless the client has approved first-class or an upgrade. Firm personnel are instructed to incur only reasonable airfare, hotel, and meal expenses.

- **Communication Expenses:** We do not charge for telephone calls or faxes made from our offices with the exception of separately incurred toll calls, third-party conference calls and videoconferences. Charges incurred for specific toll calls, conference calls, videoconferences, cellular telephones and broadband cards, and calls made from other third-party locations will be charged to the client at the actual cost incurred. Further, other telecommunication expenses incurred at third-party locations (e.g. phone lines trial sites, Internet access, etc.) will be charged to the client at the actual cost incurred.

- **Overnight Delivery/Postage:** We charge clients for the actual cost of overnight and special delivery (e.g. Express Mail and FedEx), and U.S Postage for materials mailed on the client's behalf.

- **Messengers:** We charge clients for the actual cost of a third party vendor messenger.

www.bhflaw.net

BAER ◊ HIGGINS ◊ FRUCHTMAN LLC

- **Computerized Research Services:** Client charges are limited to the Firm's actual third-party costs and do not include any surcharges for related overhead.

- **Off-Site Legal File Storage:** The firm does not routinely charge clients for costs to store electronic data and files related to cases on the Firm's systems. However, the Firm will charge for any third-party data storage costs for those cases where the Firm, in consultation with the client, concludes that the size of the matter or need for long-term data storage required a third-party service provider economical data storage.

- **Supplies:** There is no client charge for standard office supplies. Clients are charged only for special items (e.g. minute books, exhibit tabs/indexes/dividers, binding, etc.) and then only at the Firm's actual cost.

- **Third-Party Expenditures:** Other third party expenditures ( e.g. corporate document and lien searches, SEC and regulatory filings, etc.) incurred on behalf of a client, will be passes through to the client at actual cost. If the invoice exceeds $5,000, it is the Firm's policy that whenever possible such charges will be directly billed to the client. In those circumstances where this is not possible, the Firm will seek reimbursement from our client prior to paying the vendor.

Unless otherwise noted, charges billed in foreign currencies are determined annually based on current U.S. charges at an appropriate exchange rate.