IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Related Docket No. 25863 |
| | ) | Agenda Item No. 3 |

## ORDER PURSUANT TO SECTIONS 105, 363, 1107 AND 1108 OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 9014 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING THE SETTLEMENT AGREEMENT BETWEEN W. R. GRACE & CO. AND SWISS REINSURANCE COMPANY AND EUROPEAN REINSURANCE COMPANY OF ZURICH

This matter having come before the Court on the Debtors'[2] Motion (the "Motion") for an order approving the Settlement Agreement and Mutual Release ("Agreement") by and between W. R. Grace & Co. ("Grace") on the one hand, and Swiss Reinsurance Company Limited and European Reinsurance Company of Zurich Limited, formerly known as European General

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Agreement or in the First Amended Joint Plan of Reorganization, as modified through March 19, 2010, as applicable.

Reinsurance Company of Zurich Limited (collectively, "Swiss Re"), on the other hand, and the Court having reviewed the Motion and any objection thereto, the Court hereby finds that:

a. the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

b. this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

c. notice of the Motion was adequate under the circumstances;

d. the compromise and settlement memorialized in the Agreement are the product of arm's-length, good faith negotiations by and between Grace and Swiss Re, and are not the product of fraud or collusion; and the settlement meets the standard established by the United States Court of Appeals for the Third Circuit for approval of settlements, which requires consideration of the following factors: (1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and related expense and inconvenience; and (4) the interests of the creditors. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also Fry's Metals, Inc. v. Gibbons (In re RFE Industries, Inc.)*, 283 F.3d 159, 165 (3d Cir. 2002);

e. the consideration to be paid by Swiss Re under the Agreement is fair and reasonable and constitutes reasonably equivalent value;

f. the transaction set forth in the Agreement pursuant to which Swiss Re is to acquire all rights, title and interests of the Debtors in and under the Subject Policies constitutes a sale of property pursuant to Bankruptcy Code Section 363(b) and subject to the terms of Bankruptcy Code Sections 363(f) and 363(m), and Swiss Re is a good faith buyer within the meaning of Section 363(m);

g. the transaction contemplated by the Agreement is at arm's length and in good faith, and the consideration to be paid by Swiss Re is fair and adequate and constitutes reasonably equivalent value and fair consideration, such that the Agreement and sale of the Subject Policies is not subject to avoidance under Bankruptcy Code Section 363(n), and Swiss Re is entitled to the full protections of Section 363(m);

h. the relief requested in the Motion is in the best interests of the bankruptcy estates; and

i. the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

NOW, THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A), 363, 1107 AND 1108, AND RULES 2002, 6004, 9014 AND 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. For the reasons set forth herein, all objections to the Motion and the relief requested therein and/or granted in this Order that have not been withdrawn, waived or settled, and all reservations of rights included in such objections are overruled on the merits. By this Order, however, the Court is not deciding at this time whether a Bankruptcy Code Section 524(g) injunction should be issued with respect to Swiss Re. Questions relating to Section 524(g) are reserved for the Court's ruling on plan confirmation.

3. The Agreement, a copy of which is attached to the Motion as Exhibit A, is approved in its entirety.

4. The Debtors shall be, and hereby are, authorized to enter into the Agreement, and are authorized to execute, deliver, implement and fully perform any and all obligations, to execute any instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Agreement and perform any and all obligations contemplated therein, including designating the Agreement as an Asbestos Insurance Settlement Agreement, and Swiss Reinsurance Company Limited and European Reinsurance Company of Zurich Limited, formerly known as European General Reinsurance Company of Zurich Limited, as Settled Asbestos Insurance Companies, with respect to the Subject Policies, on Exhibit 5 of the Exhibit Book to the First Amended Joint Plan of Reorganization. If such a plan is confirmed, following the plan Effective Date, the Asbestos PI Trust, upon its creation, will be bound to the terms of the Agreement as if it were a signatory to the Agreement as of its Execution Date.

5. Upon receipt by the Asbestos PI Trust of the Settlement Amount as provided in the Agreement, the Debtors shall be deemed to have sold, conveyed, assigned, transferred and delivered, and Swiss Re shall be deemed to have purchased from the Debtors, all rights, title and interests of the Debtors in and under the Subject Policies, free and clear of all liens, encumbrances and/or interests of any kind or nature whatsoever, pursuant to Section 363(f) of the Bankruptcy Code. Swiss Re shall thereafter be entitled to the protections of Sections 363(m) of the Bankruptcy Code with respect to the Subject Policies.

6. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 6004(h).

7. This Court shall retain jurisdiction to interpret, implement and enforce the provisions of this Order subject to the terms of the Agreement.

Dated: 1/6, 2011

_Judith K. Fitzgerald_
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

4