# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Related docket no. 25868 |
| | ) Hearing Agenda item no. 4 |

## ORDER APPROVING: (I) SETTLEMENT OF MASSACHUSETTS TAX CLAIMS; AND (II) PAYMENT OF AMOUNTS OWED UPON ENTRY OF ORDER

Upon consideration of the *Motion for an Order Approving: (I) Settlement of Massachusetts Tax Claims; and (II) Payment of Amounts Owed Upon Entry of Order* (the "Motion"); and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby ORDERED that:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in, as the case may be, the Motion, the Settlement Agreement or *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594 and 24657 (the "Plan").

1. The Motion is granted in its entirety.

2. The Debtors are authorized to enter into the *Settlement Agreement Resolving Claims of the Commissioner of Revenue of the Commonwealth of Massachusetts* (the "Settlement Agreement", the form of which is attached hereto as Exhibit I).

3. Claim no. 15370 (the "Allowed Massachusetts Priority Tax Claim") is allowed in the amount of in the amount of approximately $15,001,905.82 (the "Allowed Massachusetts Priority Tax Claim Amount").

4. The Commissioner shall not be entitled to any postpetition interest on the Allowed Massachusetts Priority Tax Claim Amount as long as the Debtors pay that amount over to the Commissioner on the terms and conditions set forth in this Order and the Settlement Agreement.

5. The Debtors shall pay the Allowed Massachusetts Priority Tax Claim Amount prior to January 31, 2011, *provided, however*, that if this Order becomes final and nonappealable on or after January 25, 2011, the Debtors shall have five business days after that date in which to make the payment.

6. If the Settlement Order has not become final and nonappealable on or before March 15, 2011, the Debtors and the Commissioner may at any time thereafter in their individual discretion rescind the Settlement Agreement without further order of this Court, and the Agreement shall be null and void; *provided, however*, that the party rescinding the Agreement shall provide notice to the other party, the Court and the parties to whom notice of the motion to approve the Settlement Agreement was given. If the rescission described in the preceding sentence occurs, the Debtors will provide a form of order to the Court vacating this Order.

7. The *Debtors' Objection to the Claim Filed by Massachusetts Department of Revenue*, dated March 28, 2007 (docket no. 15013) (the "Objection") is hereby withdrawn with prejudice, but the Debtors shall have leave to reinstate the Objection if the Settlement Agreement is rescinded and this Order is vacated pursuant to ¶ 6 of this Order.

8. The remaining prepetition claims of the Commonwealth of Massachusetts, as summarized in Exhibit C to the Settlement Agreement (other than Claim no. 15370) and as listed below are disallowed in their entirety:

| Disallowed Claims |
|---|
| 281 |
| 288 |
| 1482 |
| 1485 |
| 4080 |
| 4082 |
| 2389 |
| 4078 |
| 4079 |

9. The Commissioner shall have no other Allowed Priority Tax Claims or General Unsecured Claims in these Chapter 11 Cases other than the Allowed Massachusetts Priority Tax Claim, whether for principal amount of tax, prepetition or postpetition interest thereon, penalties related thereto or any other amounts, except as may arise pursuant to ¶ 6 of this Order; *provided*, *however*, that the Commissioner may file one or more Administrative Claims as provided for by the Plan and any other applicable orders of this Court, and the Debtors shall have the right to object to any such administrative claims.

3

10. The Debtors are authorized to take all actions that may be necessary to undertake their obligations under the Settlement Agreement.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the Settlement Agreement.

12. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed.R.Bankr.P. 6004(h).

Dated: 1\6 , 2011

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

SJS