**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| IN RE: | |
|---|---|
| ACandS, Inc. | Case No.: 02-12687 |
| Armstrong World Industries, Inc. | Case No.: 00-4471 |
| Combustion Engineering, Inc. | Case No.: 03-10495 |
| The Flintkote Company | Case No.: 04-11300 |
| Kaiser Aluminum Corp. | Case No.: 02-10429 |
| Owens Corning | Case No.: 00-3837 |
| US Mineral Products Company | Case No.: 01-2471 |
| USG Corp. | Case No.: 01-2094 |
| W.R. Grace & Co. | Case No.: 01-1139 |
| Debtors. | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| IN RE: | |
|---|---|
| Mid-Valley, Inc. | Case No.: 03-35592 |
| North American Refractories Co. | Case No.: 02-20198 |
| Pittsburgh Corning Corp. | Case No.: 00-22876 |
| Debtors. | |

**MOTION OF GARLOCK SEALING TECHNOLOGIES LLC FOR ENTRY OF AN ORDER LIMITING NOTICE OF THE MOTION OF GARLOCK SEALING TECHNOLOGIES LLC FOR ORDERS AUTHORIZING ACCESS TO 2019 STATEMENTS FILED IN THIS COURT AND FOR RELATED RELIEF**

Garlock Sealing Technologies LLC ("Garlock") hereby moves (the "Motion") for

the entry of orders, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy

Code") and Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") limiting notice with respect to the *Motion of Garlock Sealing Technologies LLC for Orders Authorizing Access to 2019 Statements Filed in this Court And For Related Relief* (the "Motion for Access"), filed contemporaneously herewith.  In support of this Motion, Garlock respectfully states as follows:

## RELIEF REQUESTED

1. This Motion seeks procedural relief applicable to (a) the above-captioned chapter 11 cases (the "Delaware Bankruptcy Cases") venued in the District of Delaware (the "Delaware Bankruptcy Court") and (b) the above-captioned chapter 11 cases (the "W.D. Pa. Bankruptcy Cases," and together with the Delaware Bankruptcy Cases, the "Bankruptcy Cases") venued United States Bankruptcy Court for the Western District of Pennsylvania (the "W.D. Pa. Bankruptcy Court," and together with the Delaware Bankruptcy Court, the "Bankruptcy Courts")).  The associated Motion for Access is likewise being filed in both the Delaware Bankruptcy Cases and the W.D. Pa. Bankruptcy Cases.

2. By this Motion, Garlock seeks to limit notice of the Motion for Access to the following (collectively, the "Service Parties"): (i) all law firms for asbestos personal injury claimants ("Plaintiffs' Counsel") that have filed statements ("2019 Statements") pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule") and that Garlock seeks through the Motion for Access,[1] (ii) counsel of record for the debtors in each of the

---

[1] In connection with service of this Motion and the Motion for Access, Garlock has compiled service lists from the information available on the dockets in the subject bankruptcy cases.  In certain instances, given the size and age of some of the bankruptcy cases and the fact that parties may not have updated their contact information with the Court, such information may be stale, incomplete or otherwise inaccurate.

Bankruptcy Cases, (iii) counsel for any statutory committee appointed in the Bankruptcy Cases, (iv) counsel for all trustees (the "Asbestos Trustees") of any trusts created in the Bankruptcy Cases pursuant to section 524(g) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), and (v) the Office of the United States Trustee for the districts in which each of the Bankruptcy Cases is venued.

## JURISDICTION

3. The Bankruptcy Courts has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to 28 U.S.C. §§ 1408 and 1409, venue of this Motion is proper (a) in the Delaware Bankruptcy Court insofar as the Motion seeks relief in the Delaware Bankruptcy Cases and (b) in the W.D. Pa. Bankruptcy Court insofar as the Motion seeks relief in the W.D. Pa. Bankruptcy Cases. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. The predicates for the relief requested herein are section 105 of THE Bankruptcy Code and Bankruptcy Rule 2002.

## BASIS FOR RELIEF

5. In the Motion for Access, Garlock seeks access to the 2019 Statements filed by plaintiffs' counsel in twelve (12) chapter 11 cases, which include several of the largest asbestos-related bankruptcy cases ever filed. Given the size and complexity of these Bankruptcy Cases, the number of parties involved, and the length of time the cases have been pending, the service lists for the cases have grown to be massive. Garlock submits that it would unnecessary and unduly burdensome to require it to serve all parties who have requested notice in the Bankruptcy Cases.

6. By this Motion, Garlock requests that the Court limit the notice of the Motion for Access. The Motion for Access does not fall into any of the enumerated categories of requests for relief that require broad notice under Bankruptcy Rule 2002. *See* Fed. R. Bankr. P. 2002. Nonetheless, numerous parties have entered appearances in the various cases and have requested notice of all pleadings filed in the cases. Therefore, Garlock seeks to limit notice as set forth herein.

7. No party will be prejudiced by so limiting notice of the Motion for Access. The Motion for Access principally concerns access to documents containing information about Plaintiffs' Counsel and their clients' claims, and is unlikely to meaningfully impact other parties-in-interest. Because Garlock will serve all known Plaintiffs' Counsel, all directly affected parties will receive notice. Further, because the Service Parties Garlock has committed to serve include virtually every major constituency from each of the Bankruptcy Cases, effective notice will have been provided to most other parties in interest with any material, ongoing interest in the Bankruptcy Cases.

8. Moreover, Garlock is itself a debtor in possession with a pending chapter 11 bankruptcy case in the United States Bankruptcy Court of the Western District of North Carolina. In exercising its fiduciary duty to its estate and creditors, Garlock must take all reasonable steps to limit the administrative costs to its estate. Limiting notice as requested herein will save the Garlock estates thousands—perhaps tens of thousands—of dollars, and, as described above, will not prejudice other parties-in-interest in the Bankruptcy Cases.

## **NOTICE**

9. Garlock has caused this Motion to be served on each of the Notice Parties listed above.

WHEREFORE, Garlock respectfully requests that: (a) the Delaware Bankruptcy Court enter the proposed Order annexed hereto as **Exhibit A**; and (b) the W.D. Pa. Bankruptcy Court enter the proposed Order annexed hereto as **Exhibit B**.

Dated: January 10, 2011                MORRIS, NICHOLS, ARSHT & TUNNELL LP

By /s/ Gregory Werkheiser
Gregory W. Werkheiser
DE Bar No. 3553
Matthew B. Harvey
DE Bar No. 5186

1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: 302-658-9200
Fax: 302-658-3989

DEL SOLE CAVANAUGH STROYD LLC

By /s/ Richard A. Swanson
Arthur H. Stroyd, Jr.
PA ID No. 15910
Richard A. Swanson
PA ID No. 83868

The Waterfront Building
200 First Avenue, Suite 300
Pittsburgh, PA  15222
Tel: 412-261-2393
Fax: 412-261-2110

- and -

Garland S. Cassada
Richard C. Worf, Jr.
ROBINSON, BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel: 704-377-8317
Fax: 704-373-3917

**Attorneys for Garlock Sealing Technologies, LLC**