IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hearing Date: February 14, 2011, at 9:00 a.m. |
| | ) Objection Deadline: January 28, 2011 |

## MOTION FOR AN ORDER EXTENDING THE TERM OF THE CREDIT AGREEMENT WITH ADVANCED REFINING TECHNOLOGIES LLC

The Debtors respectfully move this Court (the "Motion") for entry of an order substantially in the form attached hereto as Exhibit A (the "Order") authorizing the Debtors to amend the credit agreement between W. R. Grace & Co.-Conn. ("Grace") and Advanced Refining Technologies LLC ("ART") to extend its termination date to February 28, 2012.[2]

In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Limited Liability Company Agreement dated as of March 1, 2001, as amended thereafter (the "Operating Agreement"), the Grace Credit Agreement or the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket Nos. 19579, 20666, 20872, 20873, 21594, 24657 & 25881 (the "Plan").

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion are 363(b) of the Bankruptcy Code and Fed. R. Bankr. P. 6004.

## BACKGROUND

3. Since 2001, Grace and Chevron Products Company, a division of Chevron U.S.A. Inc. ("Chevron USA"), have held ART as a joint venture. Each of Grace and Chevron USA currently holds a 50% equity interest in ART. ART develops, manufactures and sells hydroprocessing catalysts, which are used in the petroleum refining industry for the removal of certain impurities from petroleum feedstock.

4. Grace and Chevron Capital Corporation, an affiliate of Chevron USA ("Chevron Capital") have entered into separate, substantially identical credit agreements with ART (collectively, as amended from time to time, the "ART Credit Agreements"; the credit agreement between Grace and ART being the "Grace ART Credit Agreement") under which they each provide ART with a separate $15 million revolving line of credit. The Grace ART Credit Agreement expires on February 28, 2011.[3]

5. The ART Credit Agreements provide financing to ART for working capital requirements so that excess cash from ART's business operations can be used to pay dividends

---

[3] This Court has approved extensions of the term of the Grace Credit Agreement and other amendments pursuant to orders entered on January 22, 2004, [Docket No. 4965] and March 24, 2006, [Docket No. 12119], March 10, 2008, [Docket No. 18259], October 28, 2009, [Docket No. 23596], and February 16, 2010, [Docket No. 24298] (the latter order extending the Grace ART Credit Agreement's expiry until February 28, 2011).

For further details on the Grace Credit Agreement, see, Debtors' Motion for an Order Extending the Term of the Credit Agreement with Advanced Refining Technologies LLC, dated January 15, 2010, Docket No. 24152.

to Grace and Chevron and/or to fund ART growth without such cash having to be tied up to fund periodic working capital "spikes". In 2011 and thereafter, ART expects to continue experiencing such spikes in working capital requirements, and it therefore will continue to require the existing lines of credit, particularly if excess cash has been either distributed in dividends or used to further invest in the ART joint venture. For these reasons, Grace and Chevron Capital have determined that they should extend the ART Credit Agreements' expiration dates to February 28, 2012.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek an order authorizing, but not requiring, the Debtors to amend the Grace ART Credit Agreement to extend its term to February 28, 2012.

## ANALYSIS

7. Section 363(b) of the Bankruptcy Code provides, in relevant part, that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). A court has the statutory authority to authorize a debtor to use property of the estate pursuant to section 363(b)(1) of the Bankruptcy Code when such use is an exercise of a debtor's sound business judgment and when the use of the property is proposed in good faith. See 11 U.S.C. § 363(b) (use authorized after notice and hearing); see also In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986); In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991); see also Fulton State Bank v. Schipper, 933 F.2d 513,515 (7th Cir. 1991) ("a debtor's decision must be supported by an articulated business justification"); Stephen Indus., Inc. v. McClung, 789 F.2d 386,390 (6th Cir. 1986) (adopting the "sound business purpose" standard for sales proposed pursuant to section 363(b)); In re Ernst Home Center, Inc., 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997).

8. Under section 363(b) of the Bankruptcy Code, a debtor must establish that it has a valid business purpose for using estate property outside the ordinary course of business. See In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (Bankr. D. Del. 1999); see also Lionel Corp., 722 F.2d at 1070-71, Delaware & Hudson, 124 B.R. at 178-79. Once the debtor has articulated such a valid business purpose, however, a presumption arises that the debtor's decision was made on an informed basis, in good faith and in the honest belief that the action was in the debtor's best interest. See In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992). A party-in-interest seeking to challenge the debtor's valid business purpose must "produce some evidence supporting its objections." Montgomery Ward, 242 B.R. at 155.

9. Courts generally apply four factors in determining whether a sound business justification exists for the use of estate assets outside the ordinary course of business: (i) whether a sound business reason exists for the proposed transaction; (ii) whether fair and reasonable consideration is provided; (iii) whether the transaction has been proposed and negotiated in good faith; and (iv) whether adequate and reasonable notice is provided. See Lionel Corp., 722 F.2d at 1071 (setting forth the "sound business purpose" test); see also Abbotts Dairies, 788 F.2d at 145-47 (implicitly adopting the articulated business justification test of the Lionel standard and adding the "good faith" requirement); Delaware & Hudson, 124 B.R. at 176 (adopting the Lionel standard in this district).

10. As discussed below, extending the Grace ART Credit Agreement's expiry until February 28, 2012, satisfies each of these factors and is in the best interests of the Debtors and their estates, and their creditor constituencies and equity holders. Moreover, the relief requested in this Motion is substantially identical to the relief granted by this Court last year in its *Order*

4

*Authorizing Extending the Term of the Credit Agreement with Advanced Refining Technologies, LLC*, dated February 16, 2010, Docket No. 24298:

**Sound Business Reason**

11.    In view of the nature of ART's business operations and working capital requirements, Grace and Chevron Capital have concluded that it is more cost-effective to continue the existing lines of credit than it would be for ART to hold excess cash in order to meet fluctuations in working capital requirements if and when they occur.

**Fair and Reasonable Consideration**

12.    Grace believes that maintaining the Grace ART Credit Agreement provides the most cost-effective means of managing its investment in the ART joint venture.

**Good Faith**

13.    The Debtors have negotiated the extension of the Grace ART Credit Agreement at arm's length and in good faith.

**Adequate and Sufficient Notice**

14.    In satisfaction of the requirements of Fed. R. Bankr. P. 2002, the Debtors intend to serve copies of this Motion to all parties as provided herein.

## CONCLUSION

15.    In light of the foregoing, the Debtors submit that the Court should enter the Order authorizing the Debtors to extend the Grace ART Credit Agreement's expiry until February 28, 2012, because that extension is in the best interest of the Debtors' estates and satisfies the "sound business judgment" test for the use of estate assets outside the ordinary course of business under section 363(b) of the Bankruptcy Code.

91100-001\DOCS_DE:166845.1

## NO PREVIOUS MOTION

16.    No previous motion for the relief sought herein has been made to this or any other court.

## NO BRIEFING SCHEDULE

17.    The Debtors respectfully submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Del. Bankr. L.R. 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

## NOTICE

18.    Notice of this Motion has been given to: (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) counsel to Chevron USA and Chevron Capital. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

91100-001\DOCS_DE:166845.1

WHEREFORE, the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to extend the Grace ART Credit Agreement's expiry to February 28, 2012; and (b) granting such other and further relief as the Court deems just and proper.

Dated: January 10, 2011

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer, P.C.
Roger J. Higgins, P.C.
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession

91100-001\DOCS_DE:166845.1