## EXHIBIT I

## Form of L/C Facility Amendment Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re docket no. _____ |
| | ) Hearing Agenda item no. _____ |

## FINAL ORDER AUTHORIZING FIRST AMENDMENT TO POST-PETITION LETTER OF CREDIT FACILITY AGREEMENT

Upon consideration of the *Debtors' Motion for an Order Authorizing First Amendment to Post-Petition Letter of Credit Facility Agreement* (the "Motion"); and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby ORDERED that:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion, the *Motion of Debtors for Authority to Enter into Letter of Credit and Hedging Agreements and Terminate Current DIP Facilities*, Docket No. 24156 (the "L/C Facility Motion"), the L/C Facility Order, the *Post-Petition Letter Of Credit Facility Agreement*, dated as of March 2, 2010, between the Financial Institutions from Time to Time Party Hereto, as Letter of Credit Issuers, Bank of America, N.A., as the Agent, and W. R. Grace-Conn., as the Account Party (the "Facility Agreement"), the L/C Facility Amendment or the *First Amended Joint Plan of*

1.  The Motion is granted in its entirety.

2.  The Debtors are hereby authorized to enter into the *First Amendment to Post-Petition Letter of Credit Facility Agreement* (the "L/C Facility Amendment") in substantially the form attached hereto as Exhibit A.

3.  The *Final Order Authorizing Secured Post-Petition Letter of Credit Facility and Hedging and Swap Arrangements on a Super-Priority Basis Pursuant to 11 U.S.C. § 364, and Granting Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362* [docket no. 24299] (the "L/C Facility Order"), dated February 16, 2010, is incorporated herein by reference.

4.  The Debtors are authorized to pay the fees and expenses set forth in the L/C Facility Amendment.

5.  The Debtors are authorized to take all actions that may be necessary to undertake entry into the L/C Facility Amendment.

6.  The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the L/C Facility Amendment.

7.  This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 6004(h).

Dated: _____, 2011

Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

---

*Reorganization* in these Chapter 11 Cases, as amended, Docket Nos. 19579, 20666, 20872, 20873, 21594, 24657 & 25881 (the "Plan").

## EXHIBIT A

**L/C Facility Amendment**

**L&W Draft**
**1/7/11**

## FIRST AMENDMENT TO
## POST-PETITION LETTER OF CREDIT FACILITY AGREEMENT

This FIRST AMENDMENT TO POST-PETITION LETTER OF CREDIT FACILITY AGREEMENT (this "Amendment"), dated as of January __, 2011, (the "Effective Date"), is entered into by and between THE FINANCIAL INSTITUTIONS PARTY HERETO, as letter of credit issuers (the "Letter of Credit Issuers"), BANK OF AMERICA, N. A., as the agent for the Letter of Credit Issuers (in such capacity, the "Agent"), and W.R. GRACE & CO.-CONN., as the account party (the "Account Party").

### Recitals

WHEREAS, the Letter of Credit Issuers, the Agent and the Account Party are parties to that certain Post-Petition Letter of Credit Facility Agreement, dated as of March 2, 2010 (as such agreement may be amended, restated, or otherwise modified from time to time, the "Agreement") pursuant to which the Letter of Credit Issuers have agreed to issue Letters of Credit for the account of the Account Party as provided therein (terms defined in the Agreement, where used in this Amendment, shall have the same meanings in this Amendment as are prescribed by the Agreement);

WHEREAS, the Account Party has requested that the Letter of Credit Issuers and the Agent agree to amend the Agreement to extend the Stated Termination Date and to provide the Account Party with the option to increase the Total Facility by $20,000,000; and

WHEREAS, the Letter of Credit Issuers and the Agent have agreed to amend the Agreement to extend the Stated Termination Date and to provide the Account Party with the option to increase the Total Facility by $20,000,000 in accordance with the terms and conditions contained herein;

NOW, THEREFORE, in consideration of the terms and conditions contained herein, and of any loans or financial accommodations heretofore, now, or hereafter made to or for the benefit of the Account Party by the Lenders, it hereby is agreed as follows:

## ARTICLE 1
## AMENDMENTS

**Section 1.1**    The parenthetical "(as such amount may be increased pursuant to Section 1.6)" is hereby inserted immediately after the reference to "100,000,000" in the first recital to the Agreement.

**Section 1.2**    Section 1.1 of the Agreement is hereby amended and restated to read in its entirety as follows:

"1.1    Total Facility. Subject to all of the terms and conditions of this Agreement, the Letter of Credit Issuers agree to make available a total letter of credit facility of up to $100,000,000 (as such amount may be increased pursuant to Section 1.6, the "Total Facility") to the Account Party from time to time prior to the Termination Date."

**Section 1.3**    A new Section 1.6 is hereby added to the Agreement, which shall read in its entirety as follows:

CH\1202011.5

"1.6    Increase in Total Facility.

(a)    Request for Increase. Upon written notice to the Agent (which shall promptly notify the Letter of Credit Issuers), the Account Party may, on a one-time basis, increase the Total Facility by $20,000,000 (the "Total Facility Increase").

(b)    Effective Date, Commitment Increases and Allocations. The Agent and the Account Party shall determine the effective date of the Total Facility Increase (the "Total Facility Increase Effective Date") and, and upon the Total Facility Increase Effective Date, the Commitment of each Letter of Credit Issuer shall be increased by its Pro Rata Share of the Total Facility Increase, and the Total Facility shall be increased by the aggregate amount of the Total Facility Increase. The Agent shall promptly notify the Account Party and the Letter of Credit Issuers of (i) the Total Facility Increase Effective Date and (ii) the aggregate Commitment of each Letter of Credit Issuer following the Total Facility Increase.

(c)    Conditions to Effectiveness of Total Facility Increase. As conditions precedent to the Total Facility Increase, the Agent shall have received from the Account Party (i) a certificate dated as of the Total Facility Increase Effective Date (in sufficient copies for each Letter of Credit Issuer) signed by a Responsible Officer of the Account Party (A) certifying and attaching the resolutions adopted by the Account Party approving or consenting to the Total Facility Increase, and (B) certifying that, before and after giving effect to the Total Facility Increase, (1) the representations and warranties contained in Article 6 and the other Letter of Credit Documents are true and correct in all material respects on and as of the Total Facility Increase Effective Date, except to the extent that such representations and warranties specifically refer to an earlier date, in which case they are true and correct as of such earlier date, and (2) no Default exists and (ii) an increase fee in immediately available funds for the ratable benefit of Letter of Credit Issuers in an amount equal to $50,000.

(d)    Conflicting Provisions. This Section shall supersede any provisions in Section 11.01 to the contrary."

Section 1.4    The following definitions set forth in Annex A to the Agreement are hereby amended and restated to read in their entirety, respectively, as follows:

"'Availability' means, at any time (a) the lesser of (i) an amount equal to 95.24% of the L/C Cash Collateral Account Balance at such time or (ii) an amount equal to the Total Facility, minus, (b) in each case, the aggregate outstanding face amount of all Letters of Credit.

'Commitment' means, at any time with respect to a Letter of Credit Issuer, the amount set forth beside such Letter of Credit Issuer's name under the heading 'Commitment' on Schedule 1.1 attached to the Agreement or on the signature page of the Assignment and Acceptance pursuant to which such Letter of Credit Issuer became a Letter of Credit Issuer hereunder in accordance with the provisions of Section 11.2, as such Commitment may be adjusted from time to time in accordance with the provisions of Section 1.6 or Section 11.2, and 'Commitments' means, collectively, the aggregate amount of the commitments of all of the Letter of Credit Issuers.

'Stated Termination Date' means March 1, 2012.

2

'Unused Letter of Credit Amount' means, at any time, an amount equal to the Total Facility at such time minus the sum of (a) the aggregate undrawn amount of all outstanding Letters of Credit at such time, plus, without duplication, (b) the aggregate unpaid reimbursement obligations due with respect to all Letters of Credit at such time."

## ARTICLE 2
## MISCELLANEOUS

**Section 2.1  Conditions to Effectiveness.** This Amendment, including the amendment set forth in Article 1 and other terms set forth herein, shall become effective as of the Effective Date upon the satisfaction (or waiver) of each the following conditions precedent, all of which must be satisfied (or waived) and acceptable in form and substance to the Agent in its sole discretion.

(a)   Execution and Delivery. This Amendment shall have been executed and delivered by each party hereto.

(b)   Amendment Fee. The Account Party shall have paid to the Agent for the ratable benefit of Letter of Credit Issuers an amendment fee in an amount equal to $250,000.

(c)   Representations and Warranties. All representations and warranties made hereunder and in the other Letter of Credit Documents shall be true and correct in all material respects as if made on such date except to the extent such representations and warranties specifically relate to an earlier date, in which case they shall be true and correct in all material respects as of such earlier date.

(d)   No Default. No Default or Event of Default shall have occurred and be continuing after giving effect to this Amendment.

(e)   Deliverables. The Agent shall have received copies of (i) the certificate of incorporation, (ii) the bylaws or other similar agreement and all amendments thereto, (iii) resolutions of the Board of Directors approving and adopting this Amendment, the transactions contemplated herein and authorizing execution and delivery hereof, in each case, of the Account Party and certified by a secretary or assistant secretary of the Account Party to be true and correct and in force and effect as of such date and (iv) a certificate of the Secretary or Assistant Secretary of the Account Party certifying as to the incumbency of the officers of the Account Party executing this Amendment.

(f)   Fees and Expenses. The Account Party shall have paid all fees and expenses of the Agent and the Attorney Costs incurred in connection with this Amendment and the transactions contemplated hereby to the extent invoiced.

(g)   Proceedings. All proceedings taken in connection with the execution of this Amendment and all documents and papers relating thereto shall be satisfactory in form, scope, and substance to the Agent and the Letter of Credit Issuers.

(h)   Amendment Order. The Agent shall have received a signed copy of an order (the "Amendment Order") of the Bankruptcy Court in substantially the form of Exhibit A authorizing and approving the transactions contemplated hereby. The Amendment Order (i) shall be in form and substance satisfactory to the Agent, (ii) shall be certified by the Clerk of the Bankruptcy Court as having been duly entered, (iii) shall approve the payment by the Account Party of the fee

3

set forth in Section 2.1(b) and (iv) shall be in full force and effect and shall not have been vacated, reversed, modified, amended or stayed.

Section 2.2  **Representations, Warranties, and Covenants of the Account Party**. The Account Party hereby represents and warrants that, as of the date of this Amendment and after giving effect hereto, (a) no event has occurred and is continuing which, after giving effect to this Amendment, constitutes a Default or an Event of Default, (b) the representations and warranties of the Account Party contained in the Agreement and the other Letter of Credit Documents are true and correct in all material respects on and as of the date hereof to the same extent as though made on and as of the date hereof, except to the extent such representations and warranties specifically relate to an earlier date, in which case they are true and correct in all material respects as of such earlier date, (c) the execution and delivery by the Account Party of this Amendment and the performance by the Account Party of the Agreement, as amended by this Amendment, are within its corporate powers and have been duly authorized by all necessary corporate action, (d) this Amendment and the Agreement, as amended by this Amendment, are legal, valid, and binding obligations of the Account Party enforceable against the Account Party in accordance with their terms, and (e) the execution and delivery by the Account Party of this Amendment and the performance by the Account Party of the Agreement, as amended by this Amendment, do not require the consent of any Person (other than consents which have been obtained) and do not contravene the terms of the Account Party's organizational documents or any indenture, agreement, or undertaking to which the Account Party is a party or by which the Account Party or any of its property is bound.

Section 2.3  **Reference to and Effect on the Agreement**. Except as expressly provided herein or therein, the Agreement and all other Letter of Credit Documents shall remain unmodified and in full force and effect and are hereby ratified and confirmed. The execution, delivery, and effectiveness of this Amendment shall not operate as a waiver or forbearance of (a) any right, power, or remedy of the Agent or the Letter of Credit Issuers under the Agreement as amended by this Amendment or any of the other Letter of Credit Documents or (b) any Default or Event of Default. With respect to the period from and after the execution and delivery hereof, this Amendment shall constitute a Letter of Credit Document.

Section 2.4  **Governing Law; Choice of Forum; Service of Process**. The provisions of Section 13.3 of the Agreement are hereby incorporated herein *mutatis mutandis* as if fully set forth herein.

Section 2.5  **Fees, Costs, and Expenses**. Subject to Section 13.7 of the Agreement, the Account Party agrees to pay on demand all costs and expenses of the Agent in connection with the preparation, negotiation, execution and delivery, and closing of this Amendment and all related documentation, including the fees and out-of-pocket expenses of counsel for the Agent with respect thereto.

Section 2.6  **Counterparts**. This Amendment may be executed in any number of counterparts and by different parties hereto as separate counterparts, each of which counterparts, when so executed and delivered, shall be deemed to be an original and all of which counterparts, when taken together, shall constitute but one and the same agreement. A telecopy, pdf or similar electronic file of any such executed counterpart shall be deemed valid and may be relied upon as an original.

Section 2.7  **Headings**. Section headings in this Amendment are included herein for convenience of reference only and shall not constitute part of this Amendment for any other purposes.

Section 2.8  **No Oral Agreements**. THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

[Signature Pages to Follow]

IN WITNESS WHEREOF, the parties hereto have executed this Amendment as of the day and year first written above.

**ACCOUNT PARTY:**

**W. R. GRACE & CO.-CONN.**, as Account Party

By:_____
Its Senior Vice President or Vice President

**AGENT:**

**BANK OF AMERICA, N.A.**, as the Agent

By: _____
Title: _____

**LETTER OF CREDIT ISSUER:**

**BANK OF AMERICA, N.A.**, as a Letter of Credit Issuer

By: _____
Title: _____

[SIGNATURE PAGE TO AMENDMENT TO
POST-PETITION LETTER OF CREDIT FACILITY AGREEMENT]

CH\1202011.5

EXHIBIT A

FORM OF AMENDMENT ORDER

[SEE ATTACHED.]

CH\1202011.5