## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

_____
                                                      )
In re:                                                )
                                                      )          **Chapter 11**
**W.R. GRACE & CO., et al.,**                         )          **Case No. 01-01139 (JKF)**
                                                      )          **(Jointly Administered)**
                          Debtors.                    )          Objection Deadline: March 11, 2011 at 4:00 p.m.
_____)              Hearing: March 28, 2011 at 9:00 a.m.

### NINETEENTH QUARTERLY INTERIM APPLICATION OF ORRICK, HERRINGTON & SUTCLIFFE LLP, BANKRUPTCY COUNSEL TO DAVID T. AUSTERN, ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD JULY 1, 2010 THROUGH SEPTEMBER 30, 2010

Pursuant to §§ 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and this Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (collectively, the "Administrative Order"), Orrick, Herrington & Sutcliffe LLP ("Orrick"), Bankruptcy Counsel, hereby submits this nineteenth quarterly interim application (the "Nineteenth Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to David T. Austern, the Asbestos PI Future Claimants' Representative (the "FCR") of W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period July 1, 2010 through September 30, 2010 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period.

By this Nineteenth Quarterly Interim Application, Orrick seeks the interim allowance of compensation in the amount of $321,026.50 in fees and reimbursement of actual and necessary expenses in the amount of $4,390.47 for a total of $325,416.97, or 100% of all compensation and expense reimbursement requested, for the period July 1, 2010 through September 30, 2010.  In support of this Nineteenth Quarterly Interim Application, Orrick respectfully represents as follows:

**Jurisdiction**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

**Background**

2.      On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      By an Order dated May 24, 2004, the Court appointed the FCR for the above captioned cases.  The Order appointing the FCR also authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the Bankruptcy Code).  On March 9, 2006, the FCR applied to this Court for an order authorizing the retention of Orrick as his bankruptcy counsel pursuant to an engagement agreement dated February 6, 2006 (the "Engagement Agreement").

4.      On May 8, 2006, this Court entered an order (the "Retention Order") authorizing the FCR to employ Orrick as bankruptcy counsel effective as of the February 6, 2006 pursuant to the terms of the Engagement Agreement.

**<u>Monthly Fee Applications Covered Herein</u>**

5.      Prior to the filing of this Nineteenth Quarterly Interim Application, Orrick filed its July 2010, August 2010, and September 2010 fee applications with the Court pursuant to the Administrative Order.

6.      On September 7, 2010, Orrick filed its Fifty-Fourth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period July 1-31, 2010 (the "Fifty-Fourth Monthly") [Docket No. 25362] requesting $81,648.80 (80% of $102,061.00) and expenses in the amount of $2,012.57.   The deadline to file objections to the Fifty-Fourth Monthly expired on September 27, 2010, and no objections were filed.  A certificate of no objection was filed with the Court on September 29, 2010 at Docket No. 25493.

7.      On September 27, 2010, Orrick filed its Fifty-Fifth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period August 1-31, 2010 (the "Fifty-Fifth Monthly") [Docket No. 25481] requesting $83,182.00 (80% of $103,977.50) and expenses in the amount of $1,360.83.   The deadline to file objections to the Fifty-Fifth Monthly expired on October 18, 2010, and no objections were filed.  A certificate of no objection was filed with the Court on October 21, 2010 at Docket No. 25621.

8.      On October 26, 2010, Orrick filed its Fifty-Sixth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period September 1-30, 2010 [Docket No. 25640] requesting $91,990.40 (80% of $114,988.00) and expenses in the amount of $1,017.07.   The deadline to file objections to the

Fifty-Sixth Monthly expired on October 26, 2010, and no objections were filed. A certificate of no objection was filed with the Court on November 16, 2010 at Dkt. No. 25662.

9.      The Fifty-Fourth, Fifty-Fifth, and Fifty-Sixth Monthly applications covered by this Nineteenth Quarterly Interim Application contain details on the actual and necessary services provided by Orrick during the Interim Period as well as the other information required to be included in fee applications.

## **Requested Relief**

10.      By this Nineteenth Quarterly Interim Application, Orrick requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Orrick from July 1, 2010 through September 30, 2010. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court.

11.      At all relevant times, Orrick has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interests of the FCR.

12.      All services for which compensation is requested by Orrick were performed for or on behalf of the FCR.

13.      Except for the Debtors' obligation to pay compensation and reimbursement as allowed by the Court, Orrick has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with these cases.

14.     In accordance with Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, Orrick has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person other than with its partners, counsel and associates, or (b) any compensation another person or party has received or may receive in connection with these Chapter 11 cases.

WHEREFORE, Orrick respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period July 1, 2010 through September 30, 2010, Orrick shall be allowed the sum of $321,026.50 in fees for reasonable and necessary professional services rendered to the FCR and the sum of $4,390.47 for the reimbursement of actual and necessary costs and expenses incurred, for a total of $325,416.97, that the Debtors be authorized and directed to pay to Orrick the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

ORRICK, HERRINGTON & SUTCLIFFE LLP


By:*/S/ RICHARD H. WYRON*
    Roger Frankel, admitted *pro hac vice*
    Richard H. Wyron, admitted *pro hac vice*
    Debra L. Felder, admitted *pro hac vice*
    Columbia Center – 1152 15th Sreet, N.W.
    Washington, DC  20005
    (202) 339-8400

    *Counsel to David T. Austern,*
    *Asbestos PI Future Claimants' Representative*

Dated: January 13, 2011