IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Re: Docket Nos.: 25776, 25954, 25955, 25997, 25998, 26004
January 10, 2011 Hearing Agenda Item No. 5

## CERTIFICATION OF COUNSEL REGARDING ORDER ON DEBTORS' MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH THE CNA COMPANIES

1. On November 18, 2010, the Debtors filed their *Motion for an Order Approving Settlement Agreement with the CNA Companies* ("Motion for Approval") (Docket No. 25776) with the United States Bankruptcy Court for the District of Delaware (the "Court"), 824 Market Street, Wilmington, Delaware 19801. Libby Claimants and BNSF Railway opposed the Motion for Approval. Docket Nos. 24954 and 25955. The Debtors and CNA filed replies and the Asbestos PI Future Claimants' Representative (the "Asbestos PI FCR") and Asbestos PI Claimants' Committee (the "ACC") filed a Joinder in the Motion for Approval and the Debtor's Reply. *See* Docket Nos. 25954, 25955, 26004.

2. On January 10, the Court heard arguments and granted the Motion for Approval, and the Court requested several modifications to the Debtors' Proposed Order approving the settlement. The modifications were to clarify that definitions in the Plan govern the scope of the Asbestos PI Channeling Injunction, to make clear that the Settlement Agreement is between only the Debtors and CNA, and to clarify that three insurance policies specifically identified by BNSF are not Subject Policies for purposes of the Settlement Agreement. 1/10/11 Hrg. Tr. at 53-54 and 104:19-25 and 105:1-7.

K&E 18255314

3. The Debtors drafted a modified Proposed Order and circulated it to counsel for the Libby Claimants, BNSF, CNA, the Asbestos PI FCR and the ACC. As reflected in the blackline of the draft Proposed Order attached hereto as Exhibit A, the draft order incorporated the changes requested by the Court. Specifically:

(a) Paragraph 2 of the Order has been modified with the addition of a sentence to make clear that it is the Plan, the Plan's definitions of Asbestos PI Claim and Asbestos PD Claim, and the Plan's provisions regarding the Asbestos PI Channeling Injunction and the Asbestos PD Channeling Injunction, not the terms of the Settlement Agreement, that will govern the scope of any section 524(g) injunction in favor of the CNA Companies. The Libby Claimants and BNSF accepted the sentence added by the Debtors to Paragraph 2 of the Order.

(b) Paragraph 4 of the Order has been modified to make clear that the Settlement Agreement releases only claims of Grace, the Grace Parties (to the extent that Grace has the power to bind them) and the Trust, as each of those parties is defined in the Settlement Agreement. The Libby Claimants and BNSF accepted this added language.

(c) Paragraph 5 of the Order has been modified to make clear that the three insurance policies identified by BNSF in its objection are not "Subject Policies" under the Settlement Agreement. However, the Debtors, CNA and BNSF have not been able to reach closure on this added language, as discussed in Paragraph 11 below.

4. The Libby Claimants requested one revision to the Proposed Order, specifically, the addition of the following two sentences at the end of Paragraph 2, which go well beyond the Court's requested revisions:

> However, for the avoidance of doubt, the Asbestos PI Channeling Injunction shall not enjoin any Entity (a "Plaintiff") from commencing, conducting or continuing

any suit, action or other proceeding against any Settled Asbestos Insurance Company (a "Defendant") based on a Non-Derivative Claim. Non-Derivative Claims shall solely consist of claims that are (a) for alleged breach by a Defendant of the Defendant's own legal duties or obligations to the Plaintiff and (b) not payable from an Asbestos Insurance Policy or proceeds thereof. Johns-Manville Corp. v. Chubb Indem. Ins. Co. (In re Johns-Manville Corp.), 517 F.3d 52, 66-68 (2d Cir. 2008), rev'd on other grounds, Travelers Indem. Company v. Bailey, -- U.S. -- , 129 S. Ct. 2195 (2009).

5. As Debtors' counsel conveyed to Libby Claimants' counsel, the Debtors, as well as CNA, the Asbestos PI FCR and the ACC, cannot agree to the Libby Claimants' proposed additional sentences, for several reasons.

6. First, the Court did not direct the Debtors to include in the Approval Order language modifying the Asbestos PI Channeling Injunction with respect to "derivative" claims. Indeed, during the January 10 hearing, the Court expressly stated that if the Libby Claimants were to submit language to "clarify" the Asbestos PI Channeling Injunction, such language would be "a non-starter." 1/10/11 Hrg. Tr. at 82:11-14.

7. Second, the Libby Claimants really are proposing additional language for the Plan's definition of the Asbestos PI Channeling Injunction. It is not appropriate for the Channeling Injunction to be modified in the context of a settlement approval order. Moreover, noted in Grace's Reply in Support of the Motion for Approval (Dkt. 25954), the Plan incorporates section 524(g)'s standards into the Plan's definition of Settled Asbestos Insurance Company, and therefore the Channeling Injunction only encompasses claims that fall within section 524(g). Section 524(g) allows the Court to issue an injunction that bars claims that seek

to hold an entity "directly or indirectly liable for the conduct of, claims against or demands on the debtor to the extent that such alleged liability...arises by reason of . . . [the entity's] provision of insurance to the debtor." 11 U.S.C. § 524(g)(4)(A)(ii). The Libby Claimants want this Court to incorporate into this settlement approval order a shorthand -- and as the Court acknowledged at the hearing, a somewhat ambiguous -- term ("derivative") as a substitute for the more precise statutory standard that is already incorporated into the Plan. As the Court made clear at the hearing, when and if a claim alleging specific facts is brought against a settled insurer, a determination can be made, if necessary, at that time, in light of the facts then alleged, as to whether the claim fits within the statutory language. It is premature to try to define in shorthand language every possible claim that might or might not satisfy section 524(g)'s standards.

8. Third, the Libby Claimants' proposed language overreaches, in that it applies to "any Entity" (not just the Libby Claimants) and to all Settled Asbestos Insurance Companies (not just CNA), and thus implicates issues and interests not involved in this contested matter.

9. Fourth, the parties have fully addressed matters relating to the scope of the Asbestos PI Channeling Injunction and Asbestos PD Channeling Injunction by the proposed addition of the following sentence in Paragraph 2 of the Approval Order:

> If the Court enters a Confirmation Order (as defined in the Agreement), then the provisions of the Joint Plan, including the definitions of the Asbestos PI Channeling Injunction, Asbestos PD Channeling Injunction, Asbestos Protected Party and Settled Asbestos Insurance Company, shall govern the scope of the Asbestos PI Channeling Injunction and the Asbestos PD Channeling Injunction as to the CNA Companies.

10. For each of these reasons, the Debtors respectfully request that the Court decline to incorporate the Libby Claimants' proposed additional sentence in the Approval Order.

11. Grace and CNA tried unsuccessfully to reach agreement with BNSF on the modification requested by the Court that the Approval Order be clear that the three policies identified by BNSF in its Objection not be deemed "Subject Policies." The language proposed by Grace and CNA in Paragraph 5 of the attached proposed Order does that. BNSF, however, has insisted that Grace and CNA also exclude other policies in which both BNSF and Grace are insureds. The Court expressly rejected that argument by BNSF at the hearing.

12. As a result, the Debtors respectfully request that the Court enter the proposed order regarding the Motion for Approval. A clean version is attached hereto as Exhibit B. Counsel to the Libby Claimants requested that the Court be made aware that the Libby Claimants will shortly file their own Certification of Counsel explaining why their proposed additional language should be included in the Approval Order.

Dated: January 19, 2011                    Respectfully submitted,

                                           KIRKLAND & ELLIS LLP
                                           John Donley
                                           Lisa G. Esayian
                                           300 N. LaSalle
                                           Chicago, IL 60654
                                           Telephone: (312) 862-2000
                                           Facsimile: (312) 862-2200

                                           -and-

K&E 18255314

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Kathleen P. Makowski*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

K&E 18255314