## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.* | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | **Re: Docket Nos.: 25776, 25954, 25955, 25997, 25998, 26004** |

## LIBBY CLAIMANTS'CERTIFICATION OF COUNSEL
## REGARDING ORDER ON DEBTORS' MOTION FOR APPROVALOF
## SETTLEMENT AGREEMENT WITH THE CNA COMPANIES

1.      On January 19, 2011, counsel to the Debtors filed their Certification of Counsel

Regarding Order on Debtors' Motion for Approval of Settlement Agreement with the CNA

Companies (the "Debtors' COC"), attaching a proposed form of order approving the proposed

settlement with CNA (the "Debtors' Proposed Order"). As reported in the Debtors' COC, the

Debtors and the Libby Claimants reached agreement[1] on the form of the Debtors' Proposed

Order except in one respect:  The Libby Claimants requested that the Debtors add to the Debtors'

Proposed Order, and the Debtors refused to do so, the following sentence at the end of Paragraph

2 (the "Additional Sentence"):

> However, for the avoidance of doubt, the Asbestos PI Channeling Injunction shall
> not enjoin any Entity (a "Plaintiff") from commencing, conducting or continuing
> any suit, action or other proceeding against any Settled Asbestos Insurance
> Company (a "Defendant") based on a Non-Derivative Claim.  Non-Derivative
> Claims shall solely consist of claims that are (a) for alleged breach by a Defendant
> of the Defendant's own legal duties or obligations to the Plaintiff and (b) not
> payable from an Asbestos Insurance Policy or proceeds thereof. Johns-Manville

---

[1] There remains a dispute between the Debtors and BNSF concerning the Debtors' Proposed Order.  The
Libby Claimants take no position on the merits of that dispute.

{393.001-W0012499.}

Corp. v. Chubb Indem. Ins. Co. (In re Johns-Manville Corp.), 517 F.3d 52, 66-68 (2d Cir. 2008), rev'd on other grounds, Travelers Indem. Company v. Bailey, -- U.S. -- , 129 S. Ct. 2195 (2009).

2.      The benefits of including the Additional Sentence are as follows:

- The Additional Sentence provides the specificity that the Libby Claimants have argued is required by law concerning what types of lawsuits against insurers the Asbestos PI Channeling Injunction does and does not enjoin. Accordingly, if included in the order approving the CNA settlement, the revision will entirely eliminate the Libby Claimants' objection to the CNA Settlement based on the injunction's lack of specificity as to what claims against CNA will be enjoined. Similarly, if included in any order confirming the Plan, the Additional Sentence would entirely eliminate the Libby Claimants' objection to the Plan based on lack of specificity of the Asbestos PI Channeling Injunction.

- This Court announced at the January 10 hearing that any order confirming the Plan (it was not clear whether this Court also referred to any order approving the CNA settlement) would specify that non-derivative claims are not enjoined by the Asbestos PI Channeling Injunction. The Additional Sentence supplies language to do so. Because such language is proposed by and satisfactory to the Libby Claimants, its inclusion in the order approving the CNA settlement would entirely eliminate the Libby Claimants' objection thereto on the basis that CNA is potentially receiving a broader injunction than Section 524(g) permits. Similarly, inclusion of the Additional Sentence in any order confirming the Plan would entirely eliminate the Libby Claimants' objection to the Plan based on the scope of the Asbestos PI Channeling Injunction.

- At the January 10 hearing, counsel to the Libby Claimants argued that the correct standard defining derivative and non-derivative claims appears in the Second Circuit's decision in Johns-Manville Corp. v. Chubb Indem. Ins. Co. (In re Johns-Manville Corp.), 517 F.3d 52, 66-68 (2d Cir. 2008), rev'd on other grounds, Travelers Indem. Company v. Bailey, -- U.S. -- , 129 S. Ct. 2195 (2009). This Court stated that it would review the Travelers decision. Travelers held that non-derivative claims are those arising from a non-debtor party's breach of its own legal duties (as defined by applicable non-bankruptcy law) and that are payable from the non-debtor party's own assets rather than from the *res* of the bankruptcy estate. Consistently with Travelers, the Additional Sentence makes it clear that the Asbestos PI Channeling Injunction will not protect a Settled Asbestos Insurance Company such as CNA from breaches of its own legal duties that are payable from the insurer's own assets, rather than from the Debtor's insurance policies or proceeds thereof.

3.      The arguments in the Debtors' COC against including the Additional Sentence are without merit.  The sentence that the Debtors added to paragraph 2 of the Proposed Order clarifies nothing.  It simply repeats the language of the Plan that leaves ambiguous whether the injunction bars non-derivative claims.  The Plan Proponents have acknowledged that it is impossible to tell whether the Asbestos PI Channeling Injunction will or will not enjoin the non-derivative claims of the Libby Claimants; as ACC counsel Peter Lockwood expressed it: "The plan is agnostic" on that issue.[2]

4.      The Debtors correctly point out that the Additional Sentence affects not just the Libby Claimants.  The Libby Claimants do not seek a special rule applicable only to themselves. They seek a clear statement of the law that will apply to everyone.  It is completely appropriate for the Court to include the Additional Sentence because (a) it correctly states the law, and (b) issues concerning the specificity and scope of the Asbestos PI Channeling Injunction were fully litigated by all interested parties in conjunction with Plan confirmation and approval of the CNA settlement.

5.      The form of order attached as Exhibit A is identical to the Debtors' Proposed Order submitted with the Debtors' COC, except for inclusion of the Additional Sentence at the end of paragraph 2 thereof.  For the reasons set forth above, the Libby Claimants respectfully request that its order approving the CNA settlement be in the form of Exhibit A hereto.

---

[2]  Transcript of Plan Confirmation Hearing before Hon. Judith K. Fitzgerald, January 4, 2009, at 153 [Docket No. 20648] (Attorney Peter Lockwood).

Dated: January 20, 2011
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_(signature)_

Adam G. Landis (DE No. 3407)
Kerri Mumford (DE No. 4186)
919 Market Street, Suite 1800
Wilmington, DE  19801
Telephone:    (302) 467-4400

          and

Daniel C. Cohn
Murtha Cullina, LLP
99 High Street, 20th Floor
Boston, MA 02110
Telephone:    (617) 457-4000

_Counsel to Libby Claimants_