# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.* | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: Docket Nos.: 25776, 25954, 25955, 25997,** |
| | | **25998, 26004** |

## ORDER PURSUANT TO SECTIONS 105, 363, 1107, AND 1108 OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 9014, AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING THE SETTLEMENT AGREEMENT BETWEEN W. R. GRACE & CO. AND THE CNA COMPANIES

This matter having come before the court on the Debtors' Motion Pursuant to Sections 105, 363, 1107, and 1108 of the Bankruptcy Code and Rules 2002, 6004, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion") requesting that the Court issue an Order approving a Settlement Agreement (the "Agreement") by and between W. R. Grace & Co., on its own behalf and on behalf of the Grace Parties[1] (collectively, "Grace"), and Continental Casualty Company and Continental Insurance Company ("CIC"), on their own behalf and on behalf of the CNA Companies, and in CIC's capacity as successor by merger to Pacific Insurance Company and Boston Old Colony Insurance Company, and as successor-in-interest to certain alleged policies issued by Harbor Insurance Company, Buffalo Insurance Company, Buffalo Reinsurance Company, and London Guarantee & Accident Company of New York (collectively, the "CNA Companies") and the compromise and settlement memorialized therein; and the

---

[1] Capitalized terms used but not defined herein shall having the meanings ascribed to them in the Agreement or, if not defined in the Agreement, in the First Amended Joint Plan of Reorganization, as modified through March 19, 2010 ("Joint Plan").

{393.001-W0012500.}

Court having reviewed the Objections filed by the Libby Claimants (Dkt. No. 25955) and

the BNSF Railway Company (Dkt. No. 25954), the Replies filed by the Debtors (Dkt.

No. 26039) and the CNA Companies (Dkt. No. 26048) and the Joinder in the Debtors'

Motion and Reply filed by the Asbestos PI FCR and Asbestos Claimants Committee

(Dkt. No. 26004) and the Court having conducted a hearing on the Motion in open court

on January 10, 2011 (the "Hearing"); and having noted the appearances of all interested

parties and all responses and objections to the Motion  in the record of the Hearing; and

after due deliberation and sufficient cause appearing for the entry of this Order (the

"Approval Order"); and the Grace PI Committees having appeared at the Hearing and

supported the relief requested by the Motion; the Court hereby makes the following:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Jurisdiction, Final Order, and Statutory Predicates

A.    The findings and conclusions set forth herein and on the record at the Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.    To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

D.    This Order constitutes a final and immediately appealable order within the meaning of 28 U.S.C. § 158(a).

E.    The statutory predicates for the relief sought in the Motion include sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019.

### Notice of the Motion

F.    The Debtors have provided due and adequate notice of the Motion, the Agreement, and the subject matter thereof to all parties in interest pursuant to Bankruptcy Rules 2002 and 6004.  Notice was sufficient and proper and complied with all applicable

provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and

Local Rules of this Court.  No additional notice of the Motion or this Order is required.

A reasonable opportunity to object or be heard with respect to the Motion and the relief

requested therein has been afforded to all interested parties and entities.  This Court

hereby further finds that notice to an attorney for the holder of a Claim constitutes notice

to such holder for purposes of notice of the Motion, the Hearing, the Agreement, and this

Approval Order.

      G.     To the extent that any Person (i) either (a) received proper notice of these

matters (or is represented by a Person, including, without limitation, the Asbestos PI

Future Claimants' Representative or counsel, that received such notice) or (b) having had

notice of these Chapter 11 Cases, elected not to request notices regarding these Chapter

11 Cases, and (ii) failed to object to the Motion or the entry of this Approval Order, then

such Persons, including without limitation, the Asbestos PI Trust (or, to the extent that it

has not yet been formed or does not yet exist, its predecessor(s) in interest), the Asbestos

PI Future Claimants' Representative, and the Asbestos PI Committee, hereby shall have

no right to file or prosecute an appeal of this Approval Order.

## Sound Business Judgment and Reasonableness

      H.     The relief requested in the Motion is in the best interests of the Debtors'

bankruptcy estates, their creditors, and the holders of Asbestos-Related Claims against

the bankruptcy estates and other parties-in-interest.  The Debtors have demonstrated

good, sufficient, and sound business purposes and justifications for the relief requested in

the Motion.  The settlement and compromise with the CNA Companies embodied in the

Agreement are consistent with and within the reasonable range of litigation outcomes if

the Debtors were to litigate the matters resolved pursuant to this Order. The releases to be made by Grace pursuant to the Agreement are appropriate and should be approved. The CNA Companies would not have entered into the Agreement or any of the compromises and settlements contained therein, or agreed to withdraw their objections to the Joint Plan, suspend prosecution of proofs of claim, and pay the Settlement Amount, without the benefit of obtaining the releases contained in the Agreement and the protections of the injunctions contained in the Joint Plan and the Confirmation Order.

I.      The Debtors have due and proper corporate authority to enter into the Agreement and perform all of their obligations thereunder. No consents or approvals, other than this Approval Order, are required for the Debtors to perform all of their obligations thereunder, including the releases of all insurance coverage or other benefits under the Subject Policies as provided in the Agreement. The consummation of the Agreement by the Debtors does not conflict, contravene, or cause a breach, default, or violation of any law, rule, regulation, contractual obligation, or organizational or formation document.

## Good Faith and Substantial Contribution

J.      The compromise and settlement memorialized in the Agreement are the product of arm's-length, good faith negotiations by and between Grace and the CNA Companies, and are not the product of fraud or collusion. The settlement meets the standard established by the United States Court of Appeals for the Third Circuit for approval of settlements, which requires consideration of the following factors: (1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and related expense and inconvenience; and (4) the

interests of the creditors. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also Fry's Metals, Inc. v. Gibbons (In re RFE Industries, Inc.)*, 283 F.3d 159, 165 (3d Cir. 2002).

K.       The consideration to be paid by the CNA Companies under the Agreement is fair, equitable, and reasonable to Grace and to all persons who hold Claims or Demands against Grace for all relevant purposes under the Bankruptcy Code, constitutes reasonably equivalent value, and is in the best interest of the bankruptcy estates.

L.       The transaction set forth in the Agreement pursuant to which the CNA Companies are to acquire all rights, title, and interests of the Debtors in and under the Subject Policies free and clear of all liens, encumbrances, and/or interests as provided in Section V.E. of the Agreement (the "363 Sale") constitutes a sale of property pursuant to Bankruptcy Code Sections 363(b) and 363(f); any interest of any entity other than Grace in the Subject Policies is in bona fide dispute and is not entitled to adequate protection under Section 363(e) of the Bankruptcy Code; and the CNA Companies are good faith buyers within the meaning of Section 363(m).

M.       The 363 Sale is at arm's length and in good faith, and the consideration to be paid by the CNA Companies is fair and adequate and constitutes reasonably equivalent value and fair consideration, such that the sale of the Subject Policies is not subject to avoidance under Bankruptcy Code Section 363(n), and the CNA Companies are entitled to the full protections of Section 363(m).

N.       The relief requested in the Motion is in the best interests of the bankruptcy estates.

O.    The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

### Retention of Jurisdiction

P.    It is necessary and appropriate for the Court to retain jurisdiction, among other things, to interpret and enforce the terms and provisions of this Order and the Agreement, and to adjudicate, if necessary, any and all disputes arising under or relating in any way to, or affecting any of the transactions contemplated under, the Agreement.

For all of the foregoing reasons and after due deliberation, pursuant to Bankruptcy Code Sections 105(a), 363, 1107, and 1108 and Bankruptcy Rules 2002, 6004, 9014, and 9019(a), it is

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is GRANTED and APPROVED in all respects.

2.    For the reasons set forth herein and on the record at the hearing, all objections to the Motion and the relief requested therein and/or granted in this Order that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits.  By this Order, however, the Court is not deciding at this time whether a Bankruptcy Code Section 524(g) injunction should be issued with respect to the CNA Companies, which question is reserved for the Court's ruling on confirmation.  If the Court enters a Confirmation Order (as defined in the Agreement), then the provisions of the Joint Plan, including the definitions of the Asbestos PI Channeling Injunction, Asbestos PD Channeling Injunction, Asbestos

Protected Party and Settled Asbestos Insurance Company, shall govern the scope of the

Asbestos PI Channeling Injunction and the Asbestos PD Channeling Injunction as to the

CNA Companies.  However, for the avoidance of doubt, the Asbestos PI Channeling

Injunction shall not enjoin any Entity (a "Plaintiff") from commencing, conducting or

continuing any suit, action or other proceeding against any Settled Asbestos Insurance

Company (a "Defendant") based on a Non-Derivative Claim.  Non-Derivative Claims

shall solely consist of claims that are (a) for alleged breach by a Defendant of the

Defendant's own legal duties or obligations to the Plaintiff and (b) not payable from an

Asbestos Insurance Policy or proceeds thereof.  Johns-Manville Corp. v. Chubb Indem.

Ins. Co. (In re Johns-Manville Corp.), 517 F.3d 52, 66-68 (2d Cir. 2008), rev'd on other

grounds, Travelers Indem. Company v. Bailey, -- U.S. -- , 129 S. Ct. 2195 (2009).

3.      The terms of the Agreement, a copy of which is attached to the Motion as

Exhibit A, are approved in their entirety.

4.      The Debtors are authorized to release the CNA Companies, effective on

the Effective Date, subject to the condition subsequent of the Asbestos PI Trust's receipt

of the Initial Payment, in accordance with the terms and subject only to the conditions

specified herein and in the Agreement.  For the avoidance of doubt, the claims released

pursuant to Section III(A) of the Settlement Agreement are only those of Grace, the

Grace Parties (to the extent that Grace has the power to bind them) and the Trust as each

of those parties is identified and defined in the Settlement Agreement.

5.      The Debtors shall be, and hereby are, authorized to enter into the

Agreement, and are authorized to execute, deliver, implement, and fully perform any and

all obligations, to execute any instruments, documents, and papers, and to take any and

all actions reasonably necessary or appropriate to consummate the Agreement and

perform any and all obligations contemplated therein, including designating the

Agreement as an Asbestos Insurance Settlement Agreement, and the CNA Companies as

Settled Asbestos Insurance Companies, with respect to the Subject Policies on Exhibit 5

of the Exhibit Book to the Joint Plan of Reorganization.  If the Joint Plan is confirmed,

following the Effective Date for the Joint Plan, the Asbestos PI Trust, upon its creation,

will be bound to the terms of the Agreement as if it were a signatory to the Agreement as

of the Execution Date.  For the avoidance of doubt, the insurance policies identified in

Exhibits A, B and C to BNSF's Objection to Approval of the Settlement Agreement [Dkt

No. 25954] -- Policy No. 2483440 (but not including policies with the identical number

issued to Grace, identified as CNA Trial Exhibits 19B and 19C, which shall be Subject

Policies), Policy No. CCP 3227361 and Policy No. 9060456 -- are not Subject Policies

for purposes of the Settlement Agreement.  All parties reserve their rights regarding such

policies, including with respect to the existence and terms of such policies.

6.    Upon receipt by the Asbestos PI Trust of the Initial Payment as provided

in Section II.A.1 of the Agreement (or pursuant to Section II.E.1, as applicable), the

Debtors shall be deemed to have sold, conveyed, assigned, transferred, and delivered, and

the CNA Companies shall be deemed to have purchased from the Debtors, all rights, title,

and interests of the Debtors in and under the Subject Policies, free and clear of all liens,

encumbrances, and/or interests of any kind or nature whatsoever, pursuant to Section

363(f) of the Bankruptcy Code, and no person or entity is entitled to adequate protection

with respect to the Subject Policies under Section 363(e) of the Bankruptcy Code.  The

CNA Companies shall thereafter be entitled to the protections of Sections 363(m) of the Bankruptcy Code with respect to the Subject Policies.

7.    Pursuant to Bankruptcy Rule 9019, the settlement and mutual releases as set forth in the Agreement are hereby approved. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 6004(h).

8.    Upon the Approval Order becoming a Final Order, the CNA Companies shall withdraw all of their objections to the Joint Plan and any plan-related documents and to confirmation of the Joint Plan, and shall expressly consent to the assignment of Asbestos Insurance Rights as provided in the Asbestos Insurance Transfer Agreement, Exhibit 6 to the Joint Plan. After both the Approval Order and the Confirmation Order become Final Orders, the Proofs of Claim shall be deemed withdrawn with prejudice to the extent they relate to Asbestos-Related Claims.

9.    The CNA Companies are not, and shall not be deemed to be, successors to the bankruptcy estates by reason of any theory of law or equity or as a result of the consummation of the transaction contemplated in the Agreement or otherwise. The CNA Companies shall not assume any liabilities of the bankruptcy estates.

10.    The failure specifically to include or refer to any particular term or provision of the Settlement Agreement in this Approval Order, including without limitation the Termination provisions of Section VI, shall not diminish or impair the effectiveness of such term and provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

    11.    This Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Order subject to the terms of the Agreement.

Dated:  January___, 2011

 

                                 _____
                                 The Honorable Judith K. Fitzgerald
                                 United States Bankruptcy Judge