**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et. al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objection Deadline: February 16, 2011 @ 4:00 p.m. |
| _____ | ) | Hearing Date: June 20, 2011 @ 10:00 a.m. |

**SUMMARY OF FOURTH QUARTERLY APPLICATION OF
LAUZON BÉLANGER LESPÉRANCE FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS
SPECIAL COUNSEL FOR THE CANADIAN ZAI CLAIMANTS FOR THE INTERIM
FEE PERIOD FROM OCTOBER 1, 2010, THROUGH DECEMBER 31, 2010**

| | |
|---|---|
| Applicant: | Lauzon Bélanger Lespérance[1] |
| Authorized to Provide Professional Services to: | Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI Claimants")AI Claimants by |
| Date of Retention: | March 19, 2010 *nunc pro tunc* to December 21, 2009 |
| Period for which compensation and reimbursement is sought: | October 1, 2010, through December 31, 2010 |
| Amount of compensation sought as actual, reasonable and necessary: | CDN $   9,913.75 |
| Amount of expense reimbursement (includes Goods & Services Tax and Quebec Sales Tax) sought as actual, reasonable and necessary: | CDN $   1,319.55 |

This is a quarterly fee application.

This is Applicant's Fourth quarterly fee application.

---

[1] On January 18, 2010, Lauzon Bélanger changed its name to Lauzon Bélanger Lespérance.

**Prior Interim Fee Applications:**

| Date Filed | Period Covered | Requested Fees (CDN $) | Requested Expenses (CDN $) | Approved Fees (CDN $) | Approved Expenses (CDN $) |
|---|---|---|---|---|---|
| **04/30/2010 Dkt. No. 24700** | **December 21, 2009 - March 31, 2010** | **$ 16,143.45** | **$ 2,216.53** | **$ 12,914.76 $ 3,228.69** | **$ 2,216.53** |
| 08/12/2010 Dkt. No. 25214 | April 1, 2010 – June 30, 2010 | $ 13,342.65 | $ 3,330.11 | $10,659.12 | $ 3,330.11 |
| 11/16/2010 Dkt. No. 25761 | July 1, 2010 – September 30, 2010 | $ 7,075.60 | $ 1,456.13 | $ 5,660.48 | $ 1,456.13 |

**Prior Monthly Fee Applications Included in this Interim Fee Application:**

| Date Filed | Period Covered | Requested Fees (CDN $) | Requested Expenses (CDN $) | Paid Fees (CDN $) | Paid Expenses (CDN $) |
|---|---|---|---|---|---|
| 12/03/2010 Dkt. No. 25857 | October 1, 2010 – October 31, 2010 | $ 4,248.75 | $ 550.52 | $ 3,399.00 | $ 550.52 |
| 01/05/2011 Dkt. No. 26019 | November 1, 2010 – November 30, 2010 | $ 1,952.65 | $ 251.40 | Pending | Pending |
| 01/28/2011 Dkt. No. 26133 | December 1, 2010 – December 31, 2010 | $ 3,712.35 | $ 517.63 | Pending | Pending |

**Fee Detail by Professional for the Period of October 1, 2010, through December 31, 2010:**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Fees (CDN $) |
|---|---|---|---|---|
| Michel Bélanger | Partner, 14 years - 1994 | $350.00 | 13.22 | $ 4,627.00 |
| Careen Hannouche | Associate, 5 years - 2005 | $285.00 | 18.55 | $ 5,286.75 |
| **Grand Total** | | | **31.77** | **$ 9,913.75** |
| Blended Rate | | | | 312.05 |

**Task Code Summary for the Period of October 1, 2010, through December 31, 2010:**

| Project Category | Total Hours | Total Fees (CDN $) |
|---|---|---|
| 04 - Case Administration | 23.71 | $ 7,513.95 |
| 11 - Fee Applications, Applicant | 3.49 | $ 994.65 |
| 12 - Fee Applications, Others | N/A | 0.00 |
| 14 – Hearings | N/A | 0.00 |
| 16 - Plan and Disclosure Statement | .50 | $ 142.50 |
| 20 - Travel (Non-Working) | N/A | 0.00 |
| 24 – Other | 4.07 | $ 1,262.65 |
| **TOTAL** | **31.77** | **$ 9,913.75** |

**Expense Summary for the Period of October 1, 2010, through December 31, 2010:**

| Expense Category | Service Provider (if applicable) | Total Expenses (CDN $) |
|---|---|---|
| Photocopies (In House) | 37 @ .10 | $ 3.70 |
| Facsimile | | 0.00 |
| Long Distance Calls | | 0.00 |
| Goods & Services Tax (G.S.T.) | ` | 495.87 |
| Quebec Sales Tax (Q.S.T.) | | $ 819.98 |
| **TOTAL** | | **$ 1,319.55** |

**FOURTH QUARTERLY APPLICATION OF LAUZON BÉLANGER LESPÉRANCE
FOR COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL
FOR THE CANADIAN ZAI CLAIMANTS FOR THE INTERIM FEE PERIOD
FROM OCTOBER 1, 2010, THROUGH DECEMBER 31, 2010**

Lauzon Bélanger Lespérance (the "Applicant") as Special Counsel for the Canadian ZAI Claimants by appointment order, dated March 19, 2010 [Docket No. 24508], hereby submits this Fourth Quarterly Application for Compensation for Services Rendered and Reimbursement of Expenses for the Interim Fee Period From October 1, 2010, through December 31, 2010 ("Fourth Quarterly Application"), pursuant to 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016, and the Court's Amended Administrative Order Under 11 U.S.C., §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members [Docket No. 1949] (the "Amended Administrative Order").

By this application, Applicant seeks approval of all amounts in this application for legal services performed and expenses incurred during the period commencing October 1, 2010, through and including December 31, 2010 (the "Compensation Period"). In support hereof, Applicant respectfully represents the following:

**BACKGROUND**

1.      On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. Since the Petition Date, the U.S. trustee has appointed the following creditors' committees: Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injury Claimants,

4

and Official Committee of Asbestos Property Damage Claimants (collectively, the "Committees"). No trustee has been appointed in Debtors' Chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On April 2, 2001, the Court entered its order that Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4. On May 3, 2001, the Court entered an Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals. That order was amended by the Amended Administrative Order, signed on April 17, 2002. Pursuant to the procedures set forth in the Administrative Order and the Amended Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject to the filing and approval of interim and final fee applications of the professional. The professional is also to file a quarterly interim fee application.

5. On March 19, 2010, this Court entered a Modified Order Granting The Canadian ZAI Claimants' Application for Appointment of Special Counsel [Docket No. 24508] (the "Modified Appointment Order"), wherein Scarfone Hawkins and Lauzon Bélanger, n/k/a Lauzon Bélanger Lespérance, as Representative Counsel to Canadian ZAI Claimants, were appointed as Special Counsel for the Canadian ZAI Claimants, effective *nunc pro tunc* to December 21, 2009, through the Effective Date of the Plan.

## MONTHLY FEE APPLICATIONS COVERED HEREIN

6. This quarterly application, which is submitted in accordance with the Amended Administrative Order, is Lauzon Bélanger Lespérance's Fourth Quarterly Application for compensation for services rendered in connection with the Chapter 11 Cases. The Fourth Quarterly Application covers the Compensation Period of October 1, 2010, through December 31, 2010.

7. Prior to the filing of this Fourth Quarterly Fee Application, Applicant filed with the Court the following Monthly Fee Applications during the Compensation Period:

   a. Eighth Monthly Application of Lauzon Bélanger, n/k/a Lauzon Bélanger Lespérance, as Special Counsel for the Canadian ZAI Claimants for the Period October 1, 2010, through October 31, 2010 ("Eighth Monthly Application"), filed December 3, 2010, Docket No. 25857, attached hereto as **Exhibit A**;

   b. Ninth Monthly Application of Lauzon Bélanger Lespérance as Special Counsel for the Canadian ZAI Claimants for the Period November 1, 2010, through November 30, 2010 ("Ninth Monthly Application"), filed January 5, 2011, Docket No. 26019, attached hereto as **Exhibit B**;

   c. Tenth Monthly Application of Lauzon Bélanger Lespérance as Special Counsel for the Canadian ZAI Claimants for the Period December 1, 2010, through December 31, 2010 ("Tenth Monthly Application"), filed January 28, 2011, Docket No. 26133, attached hereto as **Exhibit C**.

8. The respective periods for objecting to the fees and expense reimbursements relating to the Eighth and Ninth Monthly Applications have each passed without any objections being filed, whereupon Applicant filed Certificates of No Objection with the Court.

9. Applicant has received 80% of the fees requested for the Eighth Monthly Application and 100% of the expenses requested.

10. Applicant has received no payment for the Ninth Monthly Application.

11. The objection deadline for the Tenth Monthly Application is February 15, 2011.

12. Applicant has filed three previous Quarterly Applications. The First and Second Quarterly Applications were approved by the Court. The Court is scheduled to hear the Third Quarterly Application for the period of July 1, 2010, through September 30, 2010, [Docket No. 25761], at the hearing currently set for March 28, 2011.

13. Applicant has not received the 20% holdback payment for the Second Quarterly Application.

## REQUESTED RELIEF

14. By this Fourth Quarterly Application, Applicant requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Lauzon Bélanger Lespérance from October 1, 2010, through December 31, 2010. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Monthly Fee Applications that have already been filed with the Court. *See Exhibits A, B. and C.*

15. At all relevant time, Applicant has been a disinterested party as that term is defined in Section 101(14) of the United States Bankruptcy Code, as modified by Section 1107(b) of the United States Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

16. Applicant billed a total of CDN $9,913.75 in fees and incurred expenses of CDN $1,319.55 in its efforts performed as Special Counsel during the Compensation Period.

17. Pursuant to the terms of the Amended Administrative Order, Applicant has filed a summary of its monthly fee application together with monthly invoices which include fee and

expense detail that describes the fees and expenses incurred by such Professional during the Compensation Period, October 1, 2010, through December 31, 2010, in the amount of CDN $9,913.75 for fees and CDN $1,319.55 for expenses (pursuant to Del. Bankr. LR 2016-2(e)(iii)).

18. All services for which compensation is requested by Lauzon Bélanger Lespérance were performed as Special Counsel for or on behalf of the Canadian ZAI Claimants.

19. During the Compensation Period, Applicant has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Amended Administrative Order.

20. Pursuant to Fed. R. Bankr. P. 2016(b), there is no agreement or understanding between Applicant and any other party or person for the sharing of compensation to be received for the services rendered in these Chapter 11 cases.

21. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person." 11 U.S.C. § 330(a)(1)(A). The attorneys requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Bankruptcy Court that the services performed and fees incurred were reasonable.

22. In determining the amount of reasonable compensation to be awarded, the Court shall consider, 11 U.S.C. § 330(a)(3), the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D)

<the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. See 11 U.S.C. § 330(A)-(E).

23. Applicant believes that the Application and the description of services set forth herein of work performed are in compliance with the requirements of Delaware Local Rule 2016-2, the Amended Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustee. A true and correct copy of the Certification of Careen Hannouche is attached hereto as **"Exhibit D"**.

24. The professional services and related expenses for which Lauzon Bélanger Lespérance requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of Lauzon Bélanger Lespérance's professional responsibilities as Special Counsel for the Canadian ZAI Claimants. Lauzon Bélanger Lespérance's services have been necessary and beneficial.

WHEREFORE, Lauzon Bélanger Lespérance respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, (a) for the period of October 1, 2010, through December 31, 2010, an administrative allowance be made to Lauzon Bélanger Lespérance in the sum of CDN $9,913.75 as compensation for reasonable and necessary professional services rendered as Special Counsel for the Canadian ZAI Claimants and in the sum of CDN $1,319.55 for reimbursement of actual and necessary costs and expenses incurred, for a total of CDN $11,233.30; (b) that the Debtors be authorized and directed to pay Lauzon Bélanger Lespérance the outstanding amount of such sums, less any sums previously paid to Lauzon

Bélanger Lespérance pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Administrative Order; and (d) for such other and further relief as this Court deems proper.

Dated: January 31, 2011    Respectfully submitted,

By:    */s/ Daniel K. Hogan*
Daniel K. Hogan (DE Bar No. 2814)
THE HOGAN FIRM
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302.656.7540
Facsimile: 302.656.7599
Email: dkhogan@dkhogan.com

**Counsel to the Representative Counsel as Special Counsel for the Canadian ZAI Claimants**