IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re docket no. 25926 |
| | ) | Hearing Agenda item no. _____ |
| | ) | |

**ORDER AUTHORIZING DEBTORS' ENTRY INTO A STIPULATION RESOLVING CLAIMS OF THE MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION**

Upon consideration of the *Motion Of Debtors For Entry Of An Order Authorizing Entry Into A Stipulation Resolving Claims of The Massachusetts Department Of Environmental Protection* (the "Motion"); and due and proper notice of the Motion having been given; and it

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby ORDERED that:

1. The Motion is granted in its entirety.

2. The Debtors are authorized to enter into the 2010 Stipulation, (a copy of which is attached hereto as <u>Exhibit A</u>) with the Massachusetts Department of Environmental Protection.

3. Pursuant to the terms of the 2010 Stipulation, the Reserved Claims' portion of Claim No. 12849 is allowed as provided for in the 2010 Stipulation and Debtors are authorized to pay such claims as provided therein, including as to payment of interest.

4. The Debtors are authorized and ordered to perform their respective obligations under the 2010 Stipulation and to take whatever actions are necessary to consummate the transactions contemplated by the 2010 Stipulation.

5. Claim No. 18511 is deemed withdrawn.

6. The Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that the Reserved Claims' portion of Claim No. 12849 shall be allowed as outlined in the 2010 Stipulation and Claim No. 18511 is withdrawn.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order, the 2010 Stipulation, and the withdrawal of Claim No. 18511.

---

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion or the 2010 Stipulation.

8. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 6004(h).

Dated: Feb. 4 , 2011

_Judith K. Fitzgerald_
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## STIPULATION RESOLVING CLAIMS OF
## THE MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION

This stipulation ("Stipulation") is entered into this ___ day of _____, 2010, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and the Massachusetts Department of Environmental Protection ("MassDEP" or "Claimant"), collectively, "Parties."

INTRODUCTION

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors include the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS**, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

**WHEREAS**, on March 31, 2003, Claimant filed timely proofs of claim against each of the following Debtors: (a) W.R. Grace & Co., (b) W.R. Grace & Co-Conn., and (c) Grace Energy Corporation regarding the Debtors' alleged liability to the Commonwealth of Massachusetts in connection with environmental contamination at numerous sites throughout the Commonwealth, pursuant to federal and state laws and regulations, including the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606, et seq. ("CERCLA"), the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. G. L. c. 21E, the Massachusetts Contingency Plan ("MCP"), 310 C.M.R. §§ 40.0000, et seq., and the Timely Action Schedule and Fee Provisions, 310 C.M.R. §§ 4.00, et seq., which the Debtors' claims agent designated as Claims #12848, #12849 and #13487, respectively (collectively, "MassDEP Claims").

**WHEREAS**, the MassDEP Claims set forth alleged general unsecured pre-petition liquidated claims in a total amount of $799,418.84, and also provided notice of other contingent, unliquidated, and/or estimated environmental liability that the MassDEP alleged that Debtors already had, or may come to have, to the Commonwealth, and Debtors objected to the MassDEP Claims on various grounds.

**WHEREAS**, on May 16, 2005, the Court entered a Stipulation and Order (Docket No. 8447), attached hereto as Exhibit A, ordering that: (a) the liquidated, general unsecured pre-petition claims set forth in Claim # 12849 were allowed as an unsecured, pre-petition, non-priority claim in the amount of $700,298.00 ("Allowed Pre-Petition Claim"); (b) Claim # 12848

and Claim #13847 were withdrawn; (c) all other contingent, unliquidated, or estimated pre-petition or post-petition claims or amounts included in Claim # 12849 remained unresolved ("Reserved Claims"); (d) all rights of MassDEP to seek recovery of the Reserved Claims were expressly reserved; and (e) all rights of Debtors to object to MassDEP's exercise of its rights with regard to the Reserved Claims were expressly reserved.

**WHEREAS**, on January 22, 2009, Claimant filed an amendment to Claim # 12849 asserting newly-discovered environmental liability of Debtors to the Commonwealth in connection with the Sutton Brook Superfund Site, in Tewksbury, Massachusetts, which Debtors' claims agent designated Claim # 18511, and which the Parties resolved in a Consent Decree entered by the United States District Court for the District of Massachusetts on November 9 and 10, 2010 ("Sutton Brook CD"). *See United States v. Ausimont Industries, Inc*, (No. 09-12169) (Docket No. 10), consolidated with *Commonwealth of Massachusetts v. Ausimont Industries, Inc.* (No. 09-12172) (Docket No. 6) (D. Mass.).

**WHEREAS**, Debtors dispute Claim # 18511, and continue to dispute the Reserved Claims; and, but for the Sutton Brook CD and this Stipulation, Debtors would object to Claim # 18511 and renew their objections to the Reserved Claims.

**WHEREAS**, Debtors seek, to the maximum extent permitted by law, to obtain protection, through the resolution of environmental liabilities for the Sites, as defined below, from and against all claims that have been or may in the future be asserted, and MassDEP seeks, to the maximum extent permitted by law, to protect public health, safety and welfare and the environment, and to assure Debtors' full compliance with applicable environmental laws in connection to all sites throughout the Commonwealth at which Debtors have environmental liability.

3

**WHEREAS**, the Parties now agree to resolve the Reserved Claims with a full and final settlement to the maximum extent possible, as set forth herein.

**WHEREAS**, in consideration of and in exchange for the promises and covenants herein, including, without limitation, the covenants not to sue set forth herein, and intending to be legally bound hereby, the Debtors and the Claimant hereby agree to the terms and provisions of this Stipulation.

**WHEREAS**, settlement of the matters governed by this Stipulation is in the public interest and an appropriate means of resolving these matters:

**NOW, THEREFORE**, for good and valuable consideration, the Parties hereby stipulate and agree as follows:

1. "Debtors" shall mean W.R. Grace & Co. and those of its subsidiaries that filed voluntary petitions for relief on April 2, 2001, as debtors, debtors-in-possession or in a new or reorganized form as a result of the Bankruptcy Cases.

2. "Work Consent Decrees" means the following judicial Consent Decrees, as amended: (i) United States v. W.R. Grace & Co., Civil Action No. 80-748-C (October 21, 1980) (D. Mass.); (ii) United States v. Wildwood Conservation Corporation, et al., Civil Action No. 91-11807 MA (October 9, 1991) (D. Mass.); (iii) United States v. W.R. Grace, (July 6, 1998) Civil Action No. 97-CV-125830NG; and (iv) United States v. BIM Investment Corporation et al., Civil Action No. 10-11263 (D. Mass.), in which the United States filed a motion to approve the consent judgment on December 3, 2010 (see Docket Nos. 4 and 5), which is still pending before the US District Court of Massachusetts.

3. The Parties agree that the Reserved Claims shall be allowed against the chapter 1 estates of the Debtors in the amounts of $90,437.08 for administrative expense claims ("Allowed

Administrative Expense Claims") and $15,145.89 for general unsecured claims ("Allowed General Unsecured Claims), for a combined total of $105,582.97, as set forth specifically below.

4. Debtors agree that MassDEP's Reserved Claims shall be resolved and allowed in the following manner and amounts:

(a) With respect to the Former Zonolite Plant Site in Easthampton (MassDEP RTN # 1-13515), the Claimant shall have an Allowed General Unsecured Claim of $1,863.21 for costs incurred post-petition through May 25, 2010.

(b) With respect to the Daramic Plant Site in Acton (MassDEP RTN # 2-0006), the Claimant shall have an Allowed Administrative Expense Claim of $5,200.00 for costs incurred post-petition.

(c) With respect to the Cambridge Plant Site in Cambridge (MassDEP RTN # 3-0277), the Claimant shall have an Allowed Administrative Expense Claim of $3,900.00 for costs incurred post-petition through May 25, 2010.

(d) With respect to the Knox Trail site in Acton and Concord (MassDEP RTN # 3-21297), the Claimant agrees that no costs are outstanding and no amount shall be allowed.

(e) With respect to the MMR Pipeline Site, in Sandwich (MassDEP RTN # 4-11812), the Claimant shall have an Allowed General Unsecured Claim of $8,543.00 for costs incurred post-petition.

(f) With respect to the Acton Superfund Site in Acton and Concord (MassDEP RTN # 2-0010), the Claimant shall have:

(i) an Allowed Administrative Expense Claim of $81,337.08 for costs incurred post-petition through May 25, 2010; and

(ii) an Allowed Administrative Expense Claim for 100% of all Unreimbursed response costs incurred by Claimant, if any, after May 25, 2010.

(g) With respect to the Wells G & H Superfund Site in Woburn (MassDEP RTN # 3-0479), the Claimant shall have:

(i) an Allowed General Unsecured Claim of $1,836.19 for costs incurred post-petition through May 25, 2010;

(ii) an Allowed Administrative Expense Claim for 100% of all Unreimbursed response costs incurred by Claimant, if any, after May 25, 2010, related to the Debtor's Source Area (OU1); and

   (iii) an Allowed General Unsecured Claim for 25% of all Unreimbursed response costs incurred by Claimant related to the Central Area (OU2).

 (h) With respect to the Blackburn & Union Privileges Superfund Site in Walpole (MassDEP RTN # 4-3000603), the Claimant shall have:

   (i) an Allowed General Unsecured Claim of $2,903.49 for costs incurred post-petition through May 25, 2010; and

   (ii) an Allowed General Unsecured Claim for 50% of Unreimbursed response costs incurred by Claimant, if any, incurred after May 25, 2010.

5. For purposes of paragraph 4, "Unreimbursed" response costs shall mean response costs for which Claimant has not been reimbursed by any other entity, including the United States Environmental Protection Agency.

6. Debtors shall comply with applicable environmental laws and regulations with respect to the following sites that are Debtor-owned: Cambridge Plant Site (including regulations related to the Activity Use Limitation on the Site); Daramic Plant Site, Acton Superfund Site; and Wells G&H Superfund Site.

7. Debtors shall comply with all of their obligations to perform response actions as provided in the Work Consent Decrees at the Acton Superfund Site, Wells G&H Superfund Site, and Blackburn & Union Privileges Site; and all such obligations shall not be impaired in any way by these Bankruptcy Cases or confirmation of a Plan of Reorganization.

8. Debtors agree that actions or claims against the Debtors by the Commonwealth under Mass. G.L. c.21.E for recovery of natural resource damage arising as a result of post-petition releases or ongoing releases of hazardous substances or materials at or which migrate or leach from the Acton Superfund Site, the Wells G&H Superfund Site, or the Blackburn and Union Privilege Superfund Site shall not be discharged under the Bankruptcy Code, by confirmation of a Plan of Reorganization, nor shall such actions, claims or underlying

obligations be impaired in any way by these bankruptcy cases or confirmation of a Plan of Reorganization.

9. At any time, including after the Effective Date of the Plan, the Commonwealth may pursue enforcement actions or proceedings with respect to claims and obligations of the Debtors described in Paragraph 8 in the administrative or judicial tribunals in which the Commonwealth could have pursued enforcement actions or proceedings if these bankruptcy cases had never been commenced. The Debtors reserve the right to assert any and all defenses and counterclaims available to them under applicable law with respect to any such claims and obligations of the Debtors to the Commonwealth, except the alleged defense of discharge of liabilities under the Bankruptcy Code, under a plan of reorganization or order of confirmation. The Commonwealth reserves all rights with respect to any defenses or counterclaims asserted by Debtors under this paragraph.

10. In the event that the Plan of Reorganization confirmed by the Bankruptcy Court provides for payment of interest to holders of Allowed General Unsecured Claims and Allowed Administrative Expense Claims, with respect to such claims held by the Claimant, interest shall be calculated at the rate provided for and compounded as provided for the holders of such claims under the Plan (this rate is currently proposed to be 4.19% per annum), which for all amounts allowed under this Stipulation shall begin to accrue on May 25, 2010 and shall continue to accrue, for the same duration as provided for other such claims in accordance with terms of the Plan. The total amount allowed herein, pre-interest, is $105,582.97.

11. The portions of Claim # 12849 allowed herein and the portions of Claim # 12849 allowed under the 2005 Stipulation as Allowed Pre-Petition Claims shall be paid in the same manner as all other similarly situated claims pursuant to the Plan. While the 2005 Stipulation

reserved the right of MassDEP to seek to set-off the Allowed Pre-Petition Claim against a tax refund owed to Debtors by the Massachusetts Department of Revenue, and reserved Debtors' right to oppose the exercise of that right, on June 3, 2005, MassDEP withdrew its set-off motion (Docket No. 8547) and shortly thereafter MDOR paid the tax refund in full to Debtors. See 2005 Stipulation, ¶ 4. Therefore, the Allowed Pre-Petition Claims under the 2005 Stipulation shall be paid on the Effective Date of the Debtors' Chapter 11 Plan in the same manner as other allowed general unsecured claims, with interest accruing thereon from June 3, 2005. The amounts resolved pursuant to the Sutton Brook CD shall be paid pursuant to the terms set forth in the Sutton Brook CD and are not affected by this Stipulation.

12. Claimant agrees that Claim # 18511 shall be withdrawn.

13. Upon execution of this Stipulation by the Parties, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that, in addition to the amounts specified in the May 2005 Stipulation, Claim # 12849 shall be allowed in the additional amounts outlined herein, which the claims agent shall add to the amounts allowed under the May 2005 Stipulation, and Claim # 18511 shall be withdrawn. All allowed amounts to be paid as specified in the May 2005 Stipulation and this Stipulation shall be made in the form of a check(s) payable to the Commonwealth of Massachusetts and referencing W.R. Grace Bankruptcy. Payment shall be sent to: Cost Recovery, Fees and Revenue Section, Bureau for Waste Site Cleanup, Massachusetts Department of Environmental Protection, One Winter Street, Boston, MA 02108 (Attn: Marc Collins, Branch Chief). Copies of all checks shall be sent to: the Office of the Attorney General, Environmental Protection Division, One Ashburton Place, 18th Floor, Boston, MA 02108 (Attn: Carol Iancu), and to the Massachusetts Department of

8

Environmental Protection, Office of General Counsel, One Winter Street, Boston, MA 02108 (Attn: Jennifer Davis).

14. The Allowed General Unsecured Claims and Allowed Administrative Expense Claims set forth herein, subject to the rights reserved herein, address all past, present and future claims by Claimant with respect to response costs or natural resource damage related to the Reserved Claims, whether to address matters known or unknown, for which a Claim of any kind or nature has been or could be asserted against the Debtors by Claimant pursuant to Sections 106 or 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607(a)(1)-(4), or Mass. G.L.c. 21E, the MCP, or 310 C.M.R. §§4.00 *et. seq.* by the Claimant.

15. Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional claims against the Debtors with respect to any costs relating to the sites at issue in this Stipulation, other than enforcement of the obligations of the Debtors (a) set forth in this Stipulation or the May 2005 Stipulation, or (b) arising from post-May 25, 2010 conduct of the Debtor at the Acton Superfund Site, Wells G&H Superfund Site, or the Cambridge Plant Site; (c) arising from post-May 25, 2010 oversight and remediation activities of Claimant at the Zonolite Plant Site in Easthampton Site; or (d) arising from conduct of Debtors after confirmation of a Plan of Reorganization; and, Claimant further agrees that any and all other liabilities and obligations for the sites at issue herein that have been or ever could be asserted by the Claimant against Debtors are discharged and fully and finally satisfied as provided for herein.

16. The Parties shall take whatever additional action, if any, is necessary to make sure that Claim # 12849 is allowed as outlined herein and in the May 2005 Stipulation, and Claim # 18511 is withdrawn as outlined herein.

17. Notwithstanding the foregoing, this Stipulation and the Debtors' signature hereon shall not become effective and binding until entry of a separate order of the Bankruptcy Court upon a motion of the Debtors served upon the necessary parties-in-interest in accordance with the Bankruptcy Code and the Bankruptcy Rules. Upon execution of this Stipulation by the Parties, the Debtors shall promptly prepare and file the motion and serve it upon the necessary parties-in-interest.

18. Each Party executing this Stipulation represents that such Party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. This Stipulation shall be binding upon and inure to the benefit of each of the Parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

19. If for any reason this Stipulation is not approved, (a) this Stipulation shall be null and void and the parties shall not be bound hereunder or under any documents executed in connection herewith; (b) the parties shall have no liability to one another arising out of or in connection with this Stipulation or under any documents executed in connection herewith; (c) this Stipulation and any documents prepared in connection herewith shall have no residual or probative effect or value and it shall be as if they had never been executed and (d) this Stipulation and any statements made in connection herewith may not be used as evidence in any litigation between the parties.

20. This Stipulation applies to, is binding upon, and shall inure to the benefit of the Claimant and the Debtors, as well as the Debtors' legal successors and assigns, and any trustee, examiner or receiver appointed by the Bankruptcy Court.

21. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation.

STIPULATED AND AGREED:

| | |
|---|---|
| The Massachusetts Department of Environmental Protection ("Claimant") By its attorney, MARTHA COAKLEY ATTORNEY GENERAL | W. R. Grace & Co., *et al.* ("Debtors") |
| By: *[signature]* <br> Carol Iancu <br> Assistant Attorney General <br> Office of the Attorney General <br> Environmental Protection Division <br> One Ashburton Place, Room 1813 <br> Boston, MA 02108 <br> 617.963.2428 <br> carol.iancu@state.ma.us | By: _____ <br> William M. Corcoran <br> Vice President <br> Public and Regulatory Affairs |
| Date: 12/10/10 | Date: _____ |

11

21.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation.

STIPULATED AND AGREED:

| The Massachusetts Department of Environmental Protection ("Claimant") By its attorney, MARTHA COAKLEY ATTORNEY GENERAL | W. R. Grace & Co., *et al.* ("Debtors") |
|---|---|
| By: _____ Carol Iancu Assistant Attorney General Office of the Attorney General Environmental Protection Division One Ashburton Place, Room 1813 Boston, MA 02108 617.963.2428 carol.iancu@state.ma.us | By: *[signature]* William M. Corcoran Vice President Public and Regulatory Affairs |
| Date: _____ | Date: 12/10/10 |

11