IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Re docket no. 26014 |
| ) | Hearing Agenda item no. 4 |

## ORDER GRANTING APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAER HIGGINS FRUCHTMAN LLC AS CO-COUNSEL TO THE DEBTORS

Upon consideration of the *Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Baer Higgins Fruchtman LLC as Co-Counsel to the Debtors* (the "Application") requesting retention of Baer Higgins Fruchtman LLC ("BHF") nunc pro tunc to January 1, 2011, pursuant to sections 327 and 330 of the Bankruptcy Code, Fed.R.Bankr.P. 2014(a) and 2016 and Del. Bankr. L. R. 2014-1 and 2016-1; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

U.S.C. §§ 157 and 1334; consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having reviewed the Application and the affidavit of Janet S. Baer in support of the Application (the "Baer Affidavit"); the Court being satisfied based on the representations made in the Application and Baer Affidavit that (a) BHF does not hold or represent an interest adverse to the Debtors' estates, and (b) BHF "disinterested person" as defined in Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a) and Del. Bankr. L. R. 2014-1; and it appearing that notice of this Application and opportunity for a hearing on this Application was appropriate under the particular circumstances and that no other or further notice need be given; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors, it is hereby ORDERED that:[2]

1. The Application is granted in its entirety.

2. The Debtors are authorized to employ and retain BHF nunc pro tunc to January 1, 2011, as their Bankruptcy Code section 327(a) co-counsel in accordance with the terms and conditions set forth in the Application and in the engagement letter between BHF and the Debtors in the form attached as Exhibit B to the Application (the "Engagement Letter").

3. BHF is authorized to render professional services to the Debtors as described in the Application and the Engagement Letter that may include, but shall not be limited to, the following services:

   a. advise the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Application, the Baer Affidavit or the *First Amended Joint Plan of Reorganization* in these chapter 11 cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594, 24657 & 25881 (the "Plan")..

b. advise the Debtors on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

c. attend meetings and negotiate with representatives of the creditors and other parties in interest;

d. prosecute actions on the Debtors' behalf, defend actions commenced against the Debtors and represent the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e. prepare pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f. advise the Debtors in connection with any potential sale of assets;

g. appear before the Court and any other courts, including appellate courts, to represent the interests of the Debtors' estates;

h. assist the Debtors in confirming a chapter 11 plan and all documents related thereto; and

i. perform all other necessary or appropriate legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof, (ii) analyzing the validity of liens against the Debtors and (iii) advising the Debtors on transactional and litigation matters.

4. BHF shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code. the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

5. The Debtors and BHF are authorized to take all actions that may be necessary to undertake the employment of BHF as co-counsel to the Debtors.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the employment of BHF as co-counsel to the Debtors.

7. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 6004(h) or otherwise.

Dated: _Feb. 4_, 2011

                                   _Judith K. Fitzgerald_
                                   Honorable Judith K. Fitzgerald  rmab
                                   United States Bankruptcy Judge