# **Exhibit A**

Reply

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| IN RE: | |
|---|---|
| ACandS, Inc. | Case No.: 02-12687 – D.I. 3639, 3645, 3646, 3648 |
| Armstrong World Industries, Inc. | Case No.: 00-4471 – D.I. 10698, 10706, 10707, 10709 |
| Combustion Engineering, Inc. | Case No.: 03-10495 – D.I. 3380, 3386, 3387, 3389 |
| The Flintkote Company | Case No.: 04-11300 – D.I. 5606, 5643, 5646, 5662 |
| Kaiser Aluminum Corp. | Case No.: 02-10429 – D.I. 10009, 10018, 10019, 10023 |
| Owens Corning | Case No.: 00-3837 – D.I. 20954, 20962, 20963, 29064, 20966 |
| US Mineral Products Company | Case No.: 01-2471 – D.I. 3878, 3884, 3885, 3887 |
| USG Corp. | Case No.: 01-2094 – D.I. 12596, 12604, 12605, 12607 |
| W.R. Grace & Co. | Case No.: 01-1139 – D.I. 26053, 26137, 26146, 26195 |
| Debtors. | |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| IN RE: | |
|---|---|
| Mid-Valley, Inc. | Case No.: 03-35592 – D.I. 2770, 2775, 2777, 2779 |
| North American Refractories Co. | Case No.: 02-20198 – D.I. 6944, 6961, 6965, 6977 |
| Pittsburgh Corning Corp. | Case No.: 00-22876 – D.I. 8096, 8118, 8120, 8121, 8129 |
| Debtors. | |

## REPLY OF GARLOCK SEALING TECHNOLOGIES LLC IN SUPPORT OF MOTION FOR ORDERS AUTHORIZING ACCESS TO 2019 STATEMENTS FILED IN THIS COURT AND FOR RELATED RELIEF

Garlock Sealing Technologies LLC ("Garlock") hereby replies in support of its Motion for Orders Authorizing Access to 2019 Statements Filed in This Court and for Related Relief (the "Motion"). As the Motion anticipated, no objector has attempted to shoulder its burden of demonstrating that disclosure of the exhibits will cause a "clearly defined and serious injury." *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 194 (3d Cir. 2001). Rather, the objectors rely on arguments that are irrelevant to the principal issue before the Court.

1.    **The Motion is not a discovery motion, and Garlock's need for the information is not relevant to the standard for access to court-filed records.**[1] Perhaps the most fundamental mistake the law firm objectors make is to cast the burden upon Garlock to

---

[1] Alternatively, the statements are indeed discoverable under the Rules. *See* Motion ¶¶ 81-85.

demonstrate that the exhibits are discoverable within the meaning of Rule 26(b)(1).[2] But this is a right of access motion. The filing of the statements in this Court triggered the public right of access, and requires application of the *Goldstein* standard rather than any standards drawn from discovery rules. Any member of the public has a right to obtain the exhibits, so long as it would not cause a "clearly defined and serious injury." *Goldstein*, 260 F.3d at 194. The relevant interest is the public's presumptive right of access, and objectors must prove a clearly defined and serious injury to overcome it.

2.      **It is a mistake to refer to the exhibits as "confidential"; no court has sealed them or made a finding that they should be sealed.** The law firm responses refer to the exhibits as "confidential" and argue that the original 2019 orders were "sealing" orders entered for good cause.[3] But this is mistaken. As each reviewing court that upheld the orders recognized, the orders were not sealing orders, but rather orders instating a *procedure* under which persons could seek to obtain access. *See In re Pittsburgh Corning Corp.*, 2005 U.S. Dist. LEXIS 46017 at *28-29, 31-32 (W.D. Pa. Sept. 27, 2005), *aff'd by In re Pittsburgh Corning Corp.*, 260 Fed. Appx. 463, 465 (3d Cir. 2008); *Certain Underwriters at Lloyds v. Future Asbestos Claim Representative (In re Kaiser Alum. Corp.)*, 327 B.R. 554, 558-560 (D. Del. 2005). No court has, to Garlock's knowledge, made findings regarding confidentiality or sensitivity (and this Court denied Garlock's previous request in the *Pittsburgh Corning* case without prejudice).[4] Accordingly, *now* is the time when the firms must prove that the disclosure of the exhibits would cause a "clearly defined and serious injury." *Goldstein*, 260 F.3d at 194. Simply labeling the exhibits "confidential" is begging the question.[5]

---

[2] Brief of Kazan, McClain et al. at 2, 13-18; Response of the Law Offices of Peter G. Angelos et al. at 4-5, 11-13.
[3] Brief of Kazan, McClain et al. at 3, 7, 9, 13, 19; Response of the Law Offices of Peter G. Angelos et al. at 2-3, 10 et seq.
[4] Objectors contend that the Court's denial of Garlock's prior motion in the *Pittsburgh Corning* case disposes of this Motion. But first, the order the Court entered denied Garlock's motion without prejudice, so Garlock's current Motion is proper even in that case. Second, even if that order were final and binding, it applies only in that case.
[5] For this same reason, Garlock is not challenging entry of the 2019 orders, as the law firms claim: it is abiding by the process those orders established and intended.

3.      **The purpose of Rule 2019 has nothing to do with Garlock's right to access.**
The law firms argue that Garlock is entitled to access only if that access would serve the
purposes of Rule 2019.[6] Rule 2019 does serve important interests, but those purposes have
nothing to do with the public's right to access the statements, once filed. In fact, public access is
often upheld, despite no apparent connection between the reason the public wants access and the
reason why the document was filed in court. *See Bank of America National Trust and Savings
Association v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344-45 (3d Cir. 1986) (upholding access
when it arguably *disserved* the reason for filing); *Copley Press, Inc. v. Peregrine Sys. (In re
Peregrine Sys.)*, 311 B.R. 679, 687 (D. Del. 2004) (upholding access to document that never
should have been filed with court in the first place). Public access serves important goals
independent of the reason for the filing, as the Third Circuit has repeatedly explained. *See
Goldstein*, 260 F.3d at 192. Because the 2019 exhibits are court filings, the public has a right to
access so long as no clearly defined and serious injury will occur. Judge Shannon recently
recognized this to be the case when he permitted Dow Jones to have access to 2019 statements
originally filed under seal. *See* Order Granting Motion of Dow Jones & Company, Inc. to
Intervene and Unseal Ad Hoc Noteholder Group's Rule 2019(a) Disclosures, *In re Accuride
Corp.*, No. 09-13449 (Bankr. D. Del.) ¶¶ 11-14 (attached hereto as Ex. 1). In any event, because
Rule 2019 is a disclosure rule, the Rule militates in favor of Garlock's access, not against it.

4.      **Arguments about what the exhibits mean, as an evidentiary matter, are
inapposite.** Much of the law firms' briefs are devoted to discussing what the filed 2019
statements mean, and how Garlock's belief in their evidentiary significance is misplaced.[7] But
the statements speak for themselves. As the Motion demonstrates, statements were filed attesting
to personal knowledge that claimants were injured by products manufactured by debtors. *See*
Motion Exs. D, E. In any event, the weight that should be accorded to the statements has nothing

---

[6] Brief of Kazan, McClain et al. at 8, 9-13; Response of the Law Offices of Peter G. Angelos et al. at 3, 6-7, 25-26.
[7] Brief of Kazan McClain et al. at 4, 9-18; Response of the Law Offices of Peter G. Angelos et al. at 25-26.

to do with the access question. The law firms must demonstrate a clearly defined and serious injury from disclosure, not that Garlock will be unable to make use of the statements.

5.    **Garlock has standing to intervene as a member of the public.** Law firms argue that Garlock does not have standing to intervene in these cases.[8] But any person has standing to intervene to seek to vindicate the right of access to judicial records. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777-780 (3d Cir. 1994); *In re Alterra Healthcare Corp.*, 353 B.R. 66, 70-73 (Bankr. D. Del. 2006). Judge Shannon agreed that members of the public have a right to intervene in bankruptcy cases to seek access to 2019 statements in his opinion in *Accuride. See* Ex. 1 ¶¶ 8-9. Nor does Garlock believe it needs to reopen the cases to obtain access, and urges the Court to so find.

6.    **Garlock did not represent that Pittsburgh Corning manufactured a "friable" product within the EPA's definition of that word.** Pittsburgh Corning argues that Mr. Grant's affidavit misstates that Pittsburgh Corning manufactured a friable product, within the meaning of the EPA's definition of that term. But neither the affidavit nor the Motion invokes the EPA's definition. To the contrary, the Motion defines friable products as "products that emitted large numbers of asbestos fibers during normal use." Motion ¶ 5. At any rate, the dispute is irrelevant to this Motion, which depends upon whether the objectors can carry their burden.

7.    **The law firm objectors do not come close to carrying their burden of demonstrating a clearly defined and serious injury that will occur if Garlock has access.** Finally, and most important, the law firms barely utter a word with respect to the issue on which they have the burden of proof: whether Garlock's access will cause a "clearly defined and serious injury." *Goldstein*, 260 F.3d at 194. The Brief of Kazan McClain et al. states only that "the personal information about these claimants could be misused in a variety of ways," without stating how the information could be misused.[9] The Response of Peter G. Angelos et al. speculates that the "information . . . could be marshaled for nefarious purposes" and that "a

---

[8] Brief of Kazan McClain et al. at 19; Response of the Law Offices of Peter G. Angelos et al. at 2, 27 et seq.
[9] *Id.* at 8.

concentrated store of information about many people" could be "a veritable bonanza" for "anyone exploitatively or nefariously minded—identity thieves, investment schemers, dubious marketers, scam artists."[10] There is no risk whatsoever that Garlock would use the exhibits for these purposes, and the objectors provide no evidence that access would increase the risk of identity theft or other unlawful injury. None of the firms address how access to names of persons participating in the bankruptcy cases could increase the risk of harm in any way—indeed, they admit that Garlock should have access to ballots containing similar information. The firms cannot make the showing the law requires. *See Goldstein*, 260 F.3d at 194 ("Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient.").[11]

<table>
<tr><td>

MORRIS, NICHOLS, ARSHT
& TUNNELL LP

By:   /s/ Gregory W. Werkheiser
Gregory W. Werkheiser (DE# 3553)
Matthew B. Harvey (DE# 35186)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: 302-658-9200
Fax: 302-658-3989

</td><td>

DEL SOLE CAVANAUGH STROYD LLC

By:   /s/ Richard A. Swanson
Arthur H. Stroyd, Jr. (PA# 15910)
Richard A. Swanson (PA#83868)
The Waterfront Building
200 First Avenue, Suite 300
Pittsburgh, PA  15222
Tel: 412-261-2393
Fax: 412-261-2110

</td></tr>
</table>

- and -

Garland S. Cassada
Richard C. Worf, Jr.
ROBINSON, BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel: 704-377-8317
Fax: 704-373-391

**Attorneys for Garlock Sealing Technologies, LLC**

Dated: February 4, 2011

4076073.3

---

[10] *Id.* at 16, 19.
[11] As suggested by Pittsburgh Corning, Garlock is willing to stipulate that any full or partial social security numbers that may be contained in the exhibits shall be kept confidential.