# EXHIBIT B

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

IN RE                              . Case No. 10-11780 (JKF)
                                   . Adv. No. 10-53702
 SPECIALTY PRODUCTS HOLDINGS       .
 CORPORATION,                      .
                    Debtor,        .
. . . . . . . . . . . . . . . . . .
IN RE:                             . Case No. 02-12687 (JKF)
                                   . Adv. No. 10-53721
 ACandS, Inc.,                     .
                    Debtor,        .
. . . . . . . . . . . . . . . . . .
IN RE:                             . Case No. 02-10429 (JKF)
                                   . Adv. No. 10-53719
 KAISER ALUMINUM CORPORATION,      .
                    Debtor,        .
. . . . . . . . . . . . . . . . . .
IN RE:                             . Case No. 00-03837 (JKF)
                                   . Adv. No. 10-53720
  OWENS CORNING,                   .
                    Debtor,        .
. . . . . . . . . . . . . . . . . .
IN RE:                             . Case No. 01-02094 (JKF)
                                   . Adv. No. 10-53712
  USG CORPORATION,                 .
                    Debtor,        . U.S. Steel Tower - 54th Floor
. . . . . . . . . . . . . . . . . . 600 Grant Street
ACandS ASBESTOS SETTLEMENT         . Pittsburgh, PA   15219
TRUST; KAISER ALUMINUM &           .
CHEMICAL CORPORATION ASBESTOS      . December 2, 2010
PERSONAL INJURY TRUST; OWENS       . 10:06 a.m.
CORNING/FIBREBOARD ASBESTOS        .
PERSONAL INJURY TRUST; and         .
UNITED STATES GYPSUM ASBESTOS      .
PERSONAL INJURY SETTLEMENT         .
TRUST,                             .
          and                      .
                                   .
TRUST ADVISORY COMMITTEES FOR      .
ACandS ASBESTOS SETTLEMENT         .
TRUST, KAISER ALUMINUM &           .
CHEMICAL CORPORATION ASBESTOS      .
PERSONAL INJURY TRUST, OWENS       .
CORNING/FIBREBOARD ASBESTOS        .
PERSONAL INJURY TRUST and          .
UNITED STATES GYPSUM ASBESTOS      .
PERSONAL INJURY SETTLEMENT         .
TRUST,                             .
                                   .
      and                          .
```

```
HON. DEAN M. TRAFELET (Ret),      .
LEGAL REPRESENTATIVE FOR          .
FUTURE CLAIMANTS AGAINST THE      .
UNITED STATES GYPSUM ASBESTOS     .
PERSONAL INJURY SETTLEMENT        .
TRUST,                            .
                                  .
            Plaintiffs,           .
      -v-                         .
                                  .
HARTFORD ACCIDENT & INDEMNITY     .
CO., FIRST STATE INSURANCE        .
CO., NEW ENGLAND INSURANCE        .
COMPANY, NATIONAL UNION FIRE      .
COMPANY OF PITTSBURGH, P.A.,      .
AMERICAN HOME ASSURANCE CO.,      .
GARLOCK SEALING TECHNOLOGIES,     .
LLC, SPECIALTY PRODUCTS           .
HOLDING CORP., 'DELAWARE          .
CLAIMS PROCESSING FACILITY,       .
LLC, and VERUS CLAIMS             .
SERVICES, LLC,                    .
                                  .
            Defendants.           .
```

TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtor Specialty Products Holding Corp.: | Jones Day<br>By:   GREG GORDON, ESQ.<br>      DAN PRIETO, ESQ.<br>2727 North Harwood Street<br>Dallas, TX  75201 |
| Audio Operator: | Janet Heller |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@jjcourt.com

(609) 586-2311   Fax No.  (609) 587-3599

3

**APPEARANCES (CONT'D):**

| | |
|---|---|
| For the Debtor Specialty Products Holding Corp.: | Evert, Weathersby & Houff<br>By: EDWARD F. HOUFF, ESQ.<br>120 E. Baltimore Street<br>Baltimore, MD 21202 |
| For ACandS Asbestos Settlement Trust: | Keating, Muething & Klekamp<br>By: KEVIN IRWIN, ESQ.<br>JENNIFER MORALES, ESQ.<br>One East 4th Street, Suite 1400<br>Cincinnati, OH 45202 |
| Owens Corning/Fibreboard 524 Settlement Trust and U.S. Gypsum 524 Settlement Trust: | Campbell & Levine<br>By: BERNARD G. CONAWAY, ESQ.<br>800 North Market Street<br>Suite 300<br>Wilmington, DE 19801 |
| For Hartford Related Entities: | Wilmer, Cutler, Pickering, Hale & Dorr<br>By: CRAIG GOLDBLATT, ESQ.<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br><br>Shipman & Goodwin<br>By: JAMES RUGGERI, ESQ.<br>1133 Connecticut Avenue NW<br>Washington, DC 20036 |
| For Continental Casualty Co., | Seyfarth Shaw<br>By: DAVID CHRISTIAN, ESQ.<br>131 South Dearborn Street<br>Suite 2400<br>Chicago, IL 60603 |
| For National Union Fire Ins., & American Home Co.,: | Jackson & Campbell PC<br>By: BRIAN MALONE, ESQ.<br>1120 20th Street NW<br>Suite 300 South<br>Washington, DC 20036<br><br>Zeichner Ellman & Krause<br>By: MICHAEL DAVIS, ESQ.<br>575 Lexington Avenue<br>New York, NY 10022 |

                                                                    4

**APPEARANCES (CONT'D):**

| | |
|---|---|
| For Garlock Sealing Technologies: | Robinson Bradshaw & Hinson<br>By:  GARLAND CASSADA, ESQ.<br>         RICHARD WORF, ESQ.<br>101 North Tryon Street<br>Suite 1900<br>Charlotte, NC  28246 |
| For Plaintiff Trust Advisory Trust Comm.: | Caplin & Drysdale Chartered<br>By:  PETER LOCKWOOD, ESQ.<br>         JAMES WEHNER, ESQ.<br>375 Park Avenue, 35th Floor<br>New York, NY  10152 |
| For Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust: | Frank/Gecker LLP<br>By:  JOSEPH FRANK, ESQ.<br>325 N. LaSalle, Suite 625<br>Chicago, IL 60654 |
| For CE Trust/Lummus: | Stutzman, Bromberg, Esserman and Plifka<br>By: PETER D'APICE, ESQ.<br>2323 Bryan Street, Suite 2200<br>Dallas, TX  75201 |

**TELEPHONIC APPEARANCES:**

| | |
|---|---|
| For Interested Party: | Simmons Law Firm<br>By:  ROBERT PHILLIPS, ESQ.<br>707 Birkshire Blvd.<br>East Alton, IL  62024 |
| For Garlock Technologies: | Morris, Nichols, Arsht & Tunnell<br>By:  MATTHEW HARVEY, ESQ.<br>         GREGORY WERKHEISER, ESQ.<br>1201 North Market Street<br>Wilmington, DE |
| For Creditors Committee of Liquidation Company: | Kramer, Levin, Naftalis & Frankel LLP<br>By: DAVID BLABEY, JR., ESQ.<br>1177 Avenue of the Americas<br>New York, NY 10036 |
| For Specialty Products Holdings Corp.: | Richards, Layton & Finger, P.A.<br>By:  DANIEL DeFRANCESCHI, ESQ.<br>         ZACHARY SHAPIRO, ESQ.<br>920 North King Street<br>Wilmington, DE  19801 |

**TELEPHONIC APPEARANCES (CONT'D):**

| | |
|---|---|
| For Interested Party: | Stevens & Lee<br>By:  JOHN D. DEMMY, ESQ.<br>1105 North Market Street<br>Wilmington, DE |
| For Claimant of Specialty Products Holdings Corp.: | Carroll, Burdick & McDonough<br>By:  RODNEY ESHELMAN, ESQ.<br>44 Montgomery Street, Suite 400<br>San Francisco, CA |
| For Specialty Products Holdings Corp.: | Jones Day<br>By:  DAVID L. HORAN, ESQ.<br>2727 North Harwood Street<br>Dallas, TX  75201<br><br>The Blackstone Group<br>By:  JOHN O'CONNELL, ESQ.<br>     JOHN SHARKEY, ESQ.<br>     PAUL SHEAFFER, ESQ.<br>345 Park Avenue<br>New York, NY  10154<br><br>RPM International Inc.<br>By:  TRACY CRANDALL, ESQ. |
| For NGC Bodily Injury Trust: | Womble, Carlyle, Sandridge & Rice PLLC<br>By:  THOMAS HORAN, ESQ.<br>222 Delaware Avenue<br>Wilmington, DE<br><br>Gibson Dunn & Crutcher<br>By:  MICHAEL ROSENTHAL, ESQ.<br>200 Park Avenue<br>New York, NY  10166 |
| For the U.S. Trustee: | Office of the U.S. Trustee<br>By:  DAVID M. KLAUDER, ESQ.<br>844 King Street, Suite 2313<br>Wilmington, DE 19801 |
| For Wachovia Capital Finance Corp.: | Otterbourg, Steindler Houston & Rosen, P.C.<br>By:  ANDREW KRAMER, ESQ.<br>230 Park Avenue, 29th Floor<br>New York, NY  10169 |

6

**TELEPHONIC APPEARANCES (CONT'D):**

| | |
|---|---|
| For Hon. Dean Trafelet: | Kaye Scholer, LLP<br>By: ANDREW KRESS, ESQ.<br>435 Park Avenue<br>New York, NY 10022 |
| For Plaintiff Asbestos Trust: | Campbell & Levine, LLC<br>By: PHILIP E. MILCH, ESQ.<br>1700 Grant Building<br>310 Grant Street<br>Pittsburgh, PA 15219 |
| For Delaware Claims Processing Facility: | Smith, Katzenstein & Jenkins LLP<br>By: KATHLEEN MILLER, ESQ.<br>800 Delaware Avenue<br>Wilmington, DE |
| For Verus: | Fox Rothschild LLP<br>By: JOHN STROCK, ESQ.<br>Citizens Bank Center<br>919 North Market Street<br>Wilmington, DE 19801 |
| For Hartford Accident & Indemnity Co: | Klehr, Harrison, Harvey & Branzburg<br>By: SALLY VEGHTE, ESQ.<br>Mellon Bank Center<br>919 Market Street, Suite 1000<br>Wilmington, DE 19801 |
| For Debtor Kaiser Aluminum Corp.: | Landis, Rath & Cobb LLP<br>By: REBECCA BUTCHER, ESQ.<br>919 Market Street<br>Wilmington, DE 19801 |

- - -

1  affidavit of Paul Grant, which is also before our bankruptcy
2  court judge, that Owens Corning and these other defendants who
3  are represented by these trusts that evidence of exposure to
4  their products has disappeared in the tort system.  Claimants
5  stopped identifying them.  And that's what these
6  confidentiality provisions are designed to do.  They're
7  designed to permit claimants to file their claims against the
8  trusts in a way that they don't get -- have to give any credit
9  at all for the payments or have any allowance for the evidence
10 of their exposure to the trust in the tort system.  That's what
11 these confidentiality provisions do and that's what they've
12 done.
13         THE COURT:  The confidentiality provision doesn't
14 have anything to do with whether a plaintiff is lying to
15 somebody in the state court system.  It simply is there to
16 protect information for different purposes on the trust.  If a
17 plaintiff lies, a plaintiff lies.  They're going to lie whether
18 there's a confidentiality provision in place or not.  And many
19 of the state courts these days have standard orders that
20 require the plaintiffs to produce information as to who they've
21 also sued as soon as they file a claim.  So, if they're lying,
22 then if you can produce evidence that you've got some
23 substantial database that shows that they're lying, that may be
24 one basis to get to this.
25         But, saying 14 out of 312,000 people who filed

1 ballots in a case either made a mistake or somehow or another
2 didn't report or filed a claim in the wrong place, frankly
3 that's so de minimis I can't consider that to be a substantial
4 portion --
5     MR. CASSADA: Your Honor, just so the Court
6 understands, we're not saying 14 out of all of them. We're
7 saying that we did a random sample and that out of over 100
8 claims that we drew, over 90 percent of them denied that they
9 had exposure to Pittsburgh Corning while in the tort system --
10 excuse me, the other way around. They certified under penalty
11 of perjury that they had exposure to Pittsburgh Corning
12 sufficient to raise a Pittsburgh Corning claim and in tort
13 system discovery with Garlock they denied they had any evidence
14 of Pittsburgh Corning. This is not a random, arbitrary thing.
15 It is a widespread practice. And that's what the discovery
16 will show. So, thank you very much, Your Honor.
17     THE COURT: Mr. Lockwood, truly, two minutes.
18     MR. LOCKWOOD: I have two minutes. First, Mr.
19 Goldblatt said our response is fundamentally -- that we're
20 objecting here because the discovery is burdensome and
21 irrelevant. That's not true. We're objecting -- we've
22 conceded we're not going to argue relevance here. The burden
23 is a separate issue as I've identified and what we were arguing
24 as Mr. Cassada just pointed it out is confidentiality which Mr.
25 Goldblatt didn't mention.