**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| IN RE: | |
|---|---|
| ACandS, Inc. | Case No.: 02-12687 – D.I. 3639, 3645, 3646, 3648 |
| Armstrong World Industries, Inc. | Case No.: 00-4471 – D.I. 10698, 10706, 10707, 10709 |
| Combustion Engineering, Inc. | Case No.: 03-10495 – D.I. 3380, 3386, 3387, 3389 |
| The Flintkote Company | Case No.: 04-11300 – D.I. 5606, 5643, 5646, 5662 |
| Kaiser Aluminum Corp. | Case No.: 02-10429 – D.I. 10009, 10018, 10019, 10023 |
| Owens Corning | Case No.: 00-3837 – D.I. 20954, 20962, 20963, 29064, 20966 |
| US Mineral Products Company | Case No.: 01-2471 – D.I. 3878, 3884, 3885, 3887 |
| USG Corp. | Case No.: 01-2094 – D.I. 12596, 12604, 12605, 12607 |
| W.R. Grace & Co. | Case No.: 01-1139 – D.I. 26053, 26137, 26146, 26195 |
| Debtors. | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| IN RE: | |
|---|---|
| Mid-Valley, Inc. | Case No.: 03-35592 – D.I. 2770, 2775, 2777, 2779 |
| North American Refractories Co. | Case No.: 02-20198 – D.I. 6944, 6961, 6965, 6977 |
| Pittsburgh Corning Corp. | Case No.: 00-22876 – D.I. 8096, 8118, 8120, 8121, 8129 |
| Debtors. | |

**MOTION OF GARLOCK SEALING TECHNOLOGIES LLC FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION FOR ORDERS AUTHORIZING ACCESS TO 2019 STATEMENTS FILED IN THIS COURT AND FOR RELATED RELIEF**

Garlock Sealing Technologies LLC ("Garlock") hereby moves, pursuant to Del. Bankr. L.R. 9006-1(d), for leave to file a reply (the "Reply") in support of its *Motion for Orders Authorizing Access to 2019 Statements Filed in This Court and for Related Relief* (the "Motion"), and respectfully states as follows:

1.  On January 10, 2011, Garlock filed the Motion.

2.  On January 28, 2011, The Law Offices of Peter G. Angelos, P.C., Baron & Budd, P.C., Brayton Purcell, LLP, Hissey Kientz, LLP, The Lipman Law Firm, Reaud, Morgan & Quinn, Inc., Thornton & Naumes, LLP, Waters & Kraus, LLP, and Williams Kherkher Hart

- 1 -

Date Filed _2/4/11_
Docket No. _Various_

Boundas, LLP filed a collective response to the Motion (the "<u>Response of Peter G. Angelos et al.</u>"), and Kazan, McClain, Lyons, Greenwood & Harley, Waters & Kraus LLP, Stanley, Mandel & Iola, L.L.P., Simmons Browder Gianaris Angelides & Barnerd LLC, Bergman, Draper & Frockt, Gori Julian & Associates, P.C., Early, Lucarelli, Sweeney & Strauss, Cooney & Conway, George & Sipes LLP, Lipsitz & Ponterio, LLC, Bifferato LLC, and Montgomery, McCracken, Walker & Rhoads, LLP, filed a collective brief in opposition to the Motion (the "<u>Brief of Kazan McClain et al.</u>").  The Response of Peter G. Angelos et al. is approximately 34 pages and the Brief of Kazan McClain et al. is approximately 25 pages (exclusive of its 7 exhibits).  In addition, the Owens Corning debtors and Pittsburgh Corning debtors filed responses on January 28, 2011, and the law firm Motley Rice LLC joined in the other responses on February 3, 2011.

3.    In total, over 50 pages of responsive briefing were filed by more than a dozen law firms representing innumerable asbestos plaintiffs.  And despite Garlock's best efforts to anticipate and address all possible arguments against its Motion, the objectors raised arguments that Garlock could not have anticipated.  Therefore, Garlock respectfully requests leave to file the Reply attached hereto as **Exhibit A**.  Pursuant to this Court's chambers procedures governing chapter 7 and chapter 11 cases, the Reply, including caption and signatures, is five (5) pages.  Garlock submits that the Reply will aid the Court in determining the issues presented by the Motion.[1]

4.    In addition, pursuant to Del. Bankr. L.R. 7007-2(a)(vii), Garlock has attached, as **Exhibit 1** to the Reply, the *Order Granting Motion of Dow Jones & Company, Inc. to Intervene and Unseal* Ad Hoc *Noteholder Group's Rule 2019(a) Disclosures*, entered by the Honorable Brendan L. Shannon on November 16, 2010, in *In re Accuride Corporation*, Case No.

---

[1] In addition, as a personal accommodation, Garlock agreed not to oppose the filing after the deadline of a response by the Official Committee of Asbestos Personal Injury Claimants in Garlock's bankruptcy case. Garlock reserves the right to seek leave to reply to new arguments raised therein.

09-13449 (BLS) (the "Accuride Order"). Because the Accuride Order is an unreported decision

not available through WESTLAW or LEXIS, Garlock believes its inclusion with the Reply is a

requirement of this Court's Local Rules, and therefore not part of the Reply so as to cause the

Reply to exceed this Court's five-page limitation for replies. *See* Del. Bankr. L.R. 7007-2(a)(vii)

("If an unreported opinion is cited which is neither reported in the National Reporter System nor

available on either WESTLAW or LEXIS, a copy of such opinion shall be attached to the

document which cites it or shall otherwise be provided to the Court."). Nonetheless, to the

extent necessary, Garlock respectfully requests that the Court permit it to exceed the five-page

limit for the Reply to the extent of the Accuride Order.

WHEREFORE, for the foregoing reasons, Garlock respectfully requests that the

Court enter the proposed order attached hereto as **Exhibit B**, granting (i) Garlock leave to file the

Reply and (ii) such other and further relief as is just and proper under the circumstances.

Dated: February 4, 2011                     MORRIS, NICHOLS, ARSHT & TUNNELL LP

                                            By /s/ Gregory W. Werkheiser
                                            Gregory W. Werkheiser
                                            DE Bar No. 3553
                                            Matthew B. Harvey
                                            DE Bar No. 5186

                                            1201 North Market Street, 18th Floor
                                            P.O. Box 1347
                                            Wilmington, DE 19899-1347
                                            Tel: 302-658-9200
                                            Fax: 302-658-3989

                                            DEL SOLE CAVANAUGH STROYD LLC

                                            By /s/ Richard A. Swanson
                                            Arthur H. Stroyd, Jr.
                                            PA ID No. 15910
                                            Richard A. Swanson
                                            PA ID No. 83868

The Waterfront Building
200 First Avenue, Suite 300
Pittsburgh, PA  15222
Tel: 412-261-2393
Fax: 412-261-2110

- and -

Garland S. Cassada
Richard C. Worf, Jr.
ROBINSON, BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel: 704-377-8317
Fax: 704-373-3917

**Attorneys for Garlock Sealing Technologies, LLC**

# **Exhibit A**

Reply

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| IN RE: | |
|---|---|
| ACandS, Inc. | Case No.: 02-12687 – D.I. 3639, 3645, 3646, 3648 |
| Armstrong World Industries, Inc. | Case No.: 00-4471 – D.I. 10698, 10706, 10707, 10709 |
| Combustion Engineering, Inc. | Case No.: 03-10495 – D.I. 3380, 3386, 3387, 3389 |
| The Flintkote Company | Case No.: 04-11300 – D.I. 5606, 5643, 5646, 5662 |
| Kaiser Aluminum Corp. | Case No.: 02-10429 – D.I. 10009, 10018, 10019, 10023 |
| Owens Corning | Case No.: 00-3837 – D.I. 20954, 20962, 20963, 29064, 20966 |
| US Mineral Products Company | Case No.: 01-2471 – D.I. 3878, 3884, 3885, 3887 |
| USG Corp. | Case No.: 01-2094 – D.I. 12596, 12604, 12605, 12607 |
| W.R. Grace & Co. | Case No.: 01-1139 – D.I. 26053, 26137, 26146, 26195 |
| Debtors. | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| IN RE: | |
|---|---|
| Mid-Valley, Inc. | Case No.: 03-35592 – D.I. 2770, 2775, 2777, 2779 |
| North American Refractories Co. | Case No.: 02-20198 – D.I. 6944, 6961, 6965, 6977 |
| Pittsburgh Corning Corp. | Case No.: 00-22876 – D.I. 8096, 8118, 8120, 8121, 8129 |
| Debtors. | |

**REPLY OF GARLOCK SEALING TECHNOLOGIES LLC IN SUPPORT OF MOTION
FOR ORDERS AUTHORIZING ACCESS TO 2019 STATEMENTS FILED IN THIS
COURT AND FOR RELATED RELIEF**

Garlock Sealing Technologies LLC ("Garlock") hereby replies in support of its Motion for Orders Authorizing Access to 2019 Statements Filed in This Court and for Related Relief (the "Motion"). As the Motion anticipated, no objector has attempted to shoulder its burden of demonstrating that disclosure of the exhibits will cause a "clearly defined and serious injury." *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 194 (3d Cir. 2001). Rather, the objectors rely on arguments that are irrelevant to the principal issue before the Court.

1.    **The Motion is not a discovery motion, and Garlock's need for the information is not relevant to the standard for access to court-filed records.**[1] Perhaps the most fundamental mistake the law firm objectors make is to cast the burden upon Garlock to

---

[1] Alternatively, the statements are indeed discoverable under the Rules. *See* Motion ¶¶ 81-85.

- 1 -

demonstrate that the exhibits are discoverable within the meaning of Rule 26(b)(1).[2] But this is a right of access motion. The filing of the statements in this Court triggered the public right of access, and requires application of the *Goldstein* standard rather than any standards drawn from discovery rules. Any member of the public has a right to obtain the exhibits, so long as it would not cause a "clearly defined and serious injury." *Goldstein*, 260 F.3d at 194. The relevant interest is the public's presumptive right of access, and objectors must prove a clearly defined and serious injury to overcome it.

2.      **It is a mistake to refer to the exhibits as "confidential"; no court has sealed them or made a finding that they should be sealed.** The law firm responses refer to the exhibits as "confidential" and argue that the original 2019 orders were "sealing" orders entered for good cause.[3] But this is mistaken. As each reviewing court that upheld the orders recognized, the orders were not sealing orders, but rather orders instating a *procedure* under which persons could seek to obtain access. *See In re Pittsburgh Corning Corp.*, 2005 U.S. Dist. LEXIS 46017 at *28-29, 31-32 (W.D. Pa. Sept. 27, 2005), *aff'd by In re Pittsburgh Corning Corp.*, 260 Fed. Appx. 463, 465 (3d Cir. 2008); *Certain Underwriters at Lloyds v. Future Asbestos Claim Representative (In re Kaiser Alum. Corp.)*, 327 B.R. 554, 558-560 (D. Del. 2005). No court has, to Garlock's knowledge, made findings regarding confidentiality or sensitivity (and this Court denied Garlock's previous request in the *Pittsburgh Corning* case without prejudice).[4] Accordingly, *now* is the time when the firms must prove that the disclosure of the exhibits would cause a "clearly defined and serious injury." *Goldstein*, 260 F.3d at 194. Simply labeling the exhibits "confidential" is begging the question.[5]

---

[2] Brief of Kazan, McClain et al. at 2, 13-18; Response of the Law Offices of Peter G. Angelos et al. at 4-5, 11-13.
[3] Brief of Kazan, McClain et al. at 3, 7, 9, 13, 19; Response of the Law Offices of Peter G. Angelos et al. at 2-3, 10 et seq.
[4] Objectors contend that the Court's denial of Garlock's prior motion in the *Pittsburgh Corning* case disposes of this Motion. But first, the order the Court entered denied Garlock's motion without prejudice, so Garlock's current Motion is proper even in that case. Second, even if that order were final and binding, it applies only in that case.
[5] For this same reason, Garlock is not challenging entry of the 2019 orders, as the law firms claim: it is abiding by the process those orders established and intended.

3.     **The purpose of Rule 2019 has nothing to do with Garlock's right to access.**
The law firms argue that Garlock is entitled to access only if that access would serve the
purposes of Rule 2019.[6] Rule 2019 does serve important interests, but those purposes have
nothing to do with the public's right to access the statements, once filed. In fact, public access is
often upheld, despite no apparent connection between the reason the public wants access and the
reason why the document was filed in court. *See Bank of America National Trust and Savings
Association v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344-45 (3d Cir. 1986) (upholding access
when it arguably *disserved* the reason for filing); *Copley Press, Inc. v. Peregrine Sys. (In re
Peregrine Sys.)*, 311 B.R. 679, 687 (D. Del. 2004) (upholding access to document that never
should have been filed with court in the first place). Public access serves important goals
independent of the reason for the filing, as the Third Circuit has repeatedly explained. *See
Goldstein*, 260 F.3d at 192. Because the 2019 exhibits are court filings, the public has a right to
access so long as no clearly defined and serious injury will occur. Judge Shannon recently
recognized this to be the case when he permitted Dow Jones to have access to 2019 statements
originally filed under seal. *See* Order Granting Motion of Dow Jones & Company, Inc. to
Intervene and Unseal Ad Hoc Noteholder Group's Rule 2019(a) Disclosures, *In re Accuride
Corp.*, No. 09-13449 (Bankr. D. Del.) ¶¶ 11-14 (attached hereto as Ex. 1). In any event, because
Rule 2019 is a disclosure rule, the Rule militates in favor of Garlock's access, not against it.

4.     **Arguments about what the exhibits mean, as an evidentiary matter, are
inapposite.** Much of the law firms' briefs are devoted to discussing what the filed 2019
statements mean, and how Garlock's belief in their evidentiary significance is misplaced.[7] But
the statements speak for themselves. As the Motion demonstrates, statements were filed attesting
to personal knowledge that claimants were injured by products manufactured by debtors. *See*
Motion Exs. D, E. In any event, the weight that should be accorded to the statements has nothing

---

[6] Brief of Kazan, McClain et al. at 8, 9-13; Response of the Law Offices of Peter G. Angelos et al. at 3, 6-7, 25-26.
[7] Brief of Kazan McClain et al. at 4, 9-18; Response of the Law Offices of Peter G. Angelos et al. at 25-26.

to do with the access question. The law firms must demonstrate a clearly defined and serious injury from disclosure, not that Garlock will be unable to make use of the statements.

5.    **Garlock has standing to intervene as a member of the public.** Law firms argue that Garlock does not have standing to intervene in these cases.[8] But any person has standing to intervene to seek to vindicate the right of access to judicial records. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777-780 (3d Cir. 1994); *In re Alterra Healthcare Corp.*, 353 B.R. 66, 70-73 (Bankr. D. Del. 2006). Judge Shannon agreed that members of the public have a right to intervene in bankruptcy cases to seek access to 2019 statements in his opinion in *Accuride*. *See* Ex. 1 ¶¶ 8-9. Nor does Garlock believe it needs to reopen the cases to obtain access, and urges the Court to so find.

6.    **Garlock did not represent that Pittsburgh Corning manufactured a "friable" product within the EPA's definition of that word.** Pittsburgh Corning argues that Mr. Grant's affidavit misstates that Pittsburgh Corning manufactured a friable product, within the meaning of the EPA's definition of that term. But neither the affidavit nor the Motion invokes the EPA's definition. To the contrary, the Motion defines friable products as "products that emitted large numbers of asbestos fibers during normal use." Motion ¶ 5. At any rate, the dispute is irrelevant to this Motion, which depends upon whether the objectors can carry their burden.

7.    **The law firm objectors do not come close to carrying their burden of demonstrating a clearly defined and serious injury that will occur if Garlock has access.** Finally, and most important, the law firms barely utter a word with respect to the issue on which they have the burden of proof: whether Garlock's access will cause a "clearly defined and serious injury." *Goldstein*, 260 F.3d at 194. The Brief of Kazan McClain et al. states only that "the personal information about these claimants could be misused in a variety of ways," without stating how the information could be misused.[9] The Response of Peter G. Angelos et al. speculates that the "information . . . could be marshaled for nefarious purposes" and that "a

---

[8] Brief of Kazan McClain et al. at 19; Response of the Law Offices of Peter G. Angelos et al. at 2, 27 et seq.
[9] *Id.* at 8.

concentrated store of information about many people" could be "a veritable bonanza" for "anyone exploitatively or nefariously minded—identity thieves, investment schemers, dubious marketers, scam artists."[10] There is no risk whatsoever that Garlock would use the exhibits for these purposes, and the objectors provide no evidence that access would increase the risk of identity theft or other unlawful injury. None of the firms address how access to names of persons participating in the bankruptcy cases could increase the risk of harm in any way—indeed, they admit that Garlock should have access to ballots containing similar information. The firms cannot make the showing the law requires. *See Goldstein*, 260 F.3d at 194 ("Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient.").[11]

MORRIS, NICHOLS, ARSHT
& TUNNELL LP

By:   /s/ Gregory W. Werkheiser
Gregory W. Werkheiser (DE# 3553)
Matthew B. Harvey (DE# 35186)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: 302-658-9200
Fax: 302-658-3989

DEL SOLE CAVANAUGH STROYD LLC

By:   /s/ Richard A. Swanson
Arthur H. Stroyd, Jr. (PA# 15910)
Richard A. Swanson (PA#83868)
The Waterfront Building
200 First Avenue, Suite 300
Pittsburgh, PA  15222
Tel: 412-261-2393
Fax: 412-261-2110

- and -

Garland S. Cassada
Richard C. Worf, Jr.
ROBINSON, BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel: 704-377-8317
Fax: 704-373-391

**Attorneys for Garlock Sealing Technologies, LLC**

Dated: February 4, 2011

4076073.3

---

[10] *Id.* at 16, 19.
[11] As suggested by Pittsburgh Corning, Garlock is willing to stipulate that any full or partial social security numbers that may be contained in the exhibits shall be kept confidential.

# **Exhibit 1**

Accuride Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ACCURIDE CORPORATION, <u>et al.</u>, | ) | Case No.  09-13449 (BLS) |
| | ) | |
| Debtors. | ) | Docket Reference No. 968 |

## ORDER GRANTING MOTION OF DOW JONES & COMPANY, INC. TO INTERVENE AND UNSEAL *AD HOC* NOTEHOLDER GROUP'S RULE 2019(a) DISCLOSURES

Upon consideration of the Motion of Dow Jones & Company Inc. ("Dow Jones") to

Intervene and Unseal *Ad Hoc* Noteholder Group's Rule 2019(a) Disclosure (the "Motion")

[Docket No. 968] and the declarations filed in connection therewith [Docket No. 969, 970]; and

the Court having reviewed and considered the objection of the *Ad Hoc* Noteholder Group (the

"Group") to the Motion [Docket No. 1043], the response of the United States Trustee to the

Motion [Docket No. 1053], and Dow Jones' reply in support of the Motion [Docket No. 1054];

and the Court having conducted a hearing (the "Hearing") on the Motion on May 12, 2010; and

upon the record of the Hearing and after due deliberation, the Court hereby FINDS as follows:

1. On October 8, 2008 (the "Petition Date"), Accuride Corporation and certain of its

affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy

Code.  On the Petition Date, counsel for the Group filed a notice of appearance and request for

service [Docket No. 26].

2. On January 4, 2010, the official committee of equity security holders appointed in the

Debtors' cases moved the Court to require the Group to comply with Federal Rule of Bankruptcy

Procedure 2019 ("Rule 2019").  On January 22, 2010, the Court entered an Order  (the "2019

Order") [Docket No. 633] granting such motion, in part, and compelling the Group to comply

with Rule 2019.  Thereafter, the Group filed a notice of appeal of the 2019 Order [Docket No.

668] and an emergency motion to stay the effectiveness of the 2019 Order pending appeal (the

"Stay Motion") [Docket No. 669].

3.  At a hearing on February 8, 2010, the Court denied the Stay Motion and ordered the

Group to file a statement pursuant to Rule 2019 (the "2019 Statement").  In so ruling, the Court

reiterated that, on the issue of the applicability of Rule 2019 to the Group, the Court had

"considered carefully and agreed with Judge Gropper's ruling and Judge Walrath's conclusion in

the Northwest and the Washington Mutual cases" and also noted that "in Northwest II, Judge

Gropper specifically said that he did not believe that sealing information was appropriate and

consistent with his prior ruling on the approach of Bankruptcy Rule 2019."  Transcript of Stay

Motion Hearing at 135, Case No. 09-13449 (BLS) (Feb. 8, 2010) [Docket No. 874].

4.  To preserve the parties' appeal rights, however, this Court directed that "Schedule C"

of the 2019 Statement, which contained information related to the individual Group members'

purchases and sales of the Debtors' debt securities, be filed under seal pending appeal of the

2019 Order.  More specifically, the Court stated that "the sealing of the pricing and timing of

acquisition information is actually directly responsive to the concerns and allegations raised in

the [Stay Motion]."  Id.

5.  Several weeks later, following the entry of an order (the "Confirmation Order")

[Docket No. 856] confirming the Debtors' chapter 11 plan of reorganization (the "Plan"), the

Group withdrew its appeal of the 2019 Order by filing a notice (the "Withdrawal Notice")

[Docket No. 884] that included the following statement: "[t]he withdrawal of the Appeal is not

intended to be, and should not be construed as, a direct or indirect waiver of the right of the

2

Group to have Schedule "C" to the [2019 Statement], filed under seal or remain under seal as directed by the Court and treated as confidential . . . ." The Group did not file a motion or otherwise seek an order of the Court regarding the continued sealing of Schedule C.

6.   Over a month later, on April 8, 2010, Dow Jones filed the Motion, therein seeking to intervene and unseal Schedule C of the 2019 Statement.  By the Motion, Dow Jones argues that it should be allowed to intervene pursuant to Federal Rule of Bankruptcy Procedure 2018(a) ("Rule 2018(a)").  Intervention is appropriate, argues Dow Jones, for members of the press seeking to enforce the qualified constitutional right of public access to judicial documents embodied in Bankruptcy Code section 107 ("Section 107").  More specifically, Dow Jones argues that Section 107(a) provides that bankruptcy filings are generally public documents, and that the Group has not submitted any evidence to support a finding that Schedule C should be sealed as "confidential commercial information" pursuant to Section 107(b)(1).  Dow Jones also contends that the constitutional presumption of public access to judicial documents requires evidence that sealing is a compelling necessity and narrowly tailored.   In addition, Dow Jones posits that Rule 2019 contemplates public disclosure of the type of information contained in Schedule C and that Section 107 should not be used to end-run the specific mandate of Rule 2019.  Finally, Dow Jones argues that here, Schedule C was sealed for the limited, and now inapt, purpose of allowing the Group to prosecute its appeal and unsealing is appropriate.  The Office of the United States Trustee supports the relief requested in the Motion.

7.   The Group opposes the Motion on procedural and substantive grounds.  The Group first argues that Dow Jones' intervention is improper at this late stage when the Debtors' confirmed Plan has mooted the underlying issues and unsealing will prejudice the settled rights

3

of the parties. The Group asserts that it relied on the release and injunction provisions of the

Plan and Confirmation Order when it withdrew its appeal of the 2019 Order. Unsealing

Schedule C, according to the Group, would prejudice the Group by depriving it of the ability to

pursue an appellate challenge to the application of Rule 2019. In addition to the impropriety of

intervention, the Group argues that Dow Jones does not have standing to pursue the Motion

because Dow Jones is not an "aggrieved party." The Group further argues that Schedule C

contains confidential commercial information to which no constitutional, bankruptcy, common

law, or other right of access applies. The Group finally contends that disclosure of Schedule C at

this time does not vindicate the purpose behind Rule 2019, and that the Motion is really an

improper request for the Court to reconsider the 2019 Order and the Confirmation Order.

    8.   First, the Court agrees with Dow Jones that it has standing to intervene to assert

public access rights to judicial documents. See Pansy v. Borough of Stroudsburg, 23 F.3d 773,

777 (3d Cir. 1994) ("We have routinely found, as have other courts, that third parties have

standing to challenge protective orders and confidentiality orders in an effort to obtain access to

information or judicial proceedings."); Alterra Healthcare Corp., 353 B.R. 66, 71 (Bankr. D. Del.

2006) ("To find standing, the Court must only find that the Order . . . being challenged presents

an obstacle to the Newpapers' attempt to obtain access and that a decision to unseal the

agreements would remedy the injury.") (internal quotations removed). Although Dow Jones

seeks intervention to vindicate rights that belong to the public at large, Dow Jones has

sufficiently alleged a direct injury to itself caused by non-disclosure. See Pansy, 23 F.3d at 777.

    9.   The Court also agrees with Dow Jones that it should be permitted to intervene under

Rule 2018(a) which states: "[i]n a case under the Code, after hearing on such notice as the court

4

directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter." Fed. R. Bankr. P. 2018(a). Dow Jones has requested permission to intervene for the limited purpose of vindicating the right of public access to civil judicial documents. Dow Jones has sufficiently demonstrated that it is an interested entity and the cause for its intervention - the advancement of transparency in bankruptcy proceedings and public right to access bankruptcy documents.

10. The Group's argument that the relief requested in the Motion is mooted by the Group's reliance on the release and injunction provisions of the Confirmation Order and Plan is distracting and unavailing. The Plan and Confirmation Order do not address or preclude the relief requested in the Motion. To the extent that the Group relied on the Plan provisions to maintain the sealed nature of Schedule C after the withdrawal of the appeal, in light of the Court's statements at the February 8, 2010 hearing, the Group was not justified in its reliance. However, even if the Plan and Confirmation Order dealt with the sealing of Schedule C, which they do not, courts have permitted third party intervention to vindicate public access rights, despite settlement of underlying issues by litigation parties. See In re Peregrine Sys., Inc., 311 B.R. 679, 688-92 (D. Del. 2004). Mootness is therefore not applicable. See id. at 686-87 (finding third party appeal of motion to unseal was not mooted by litigation parties' resolution of underlying issues). Accordingly, Dow Jones may intervene for the limited purpose of seeking to unseal the Group's 2019 Statement.

11. Sealing documents and proceedings in bankruptcy cases is appropriate in limited circumstances and "[t]here is a strong presumption in favor of public access to bankruptcy proceedings and records." Alterra, 353 B.R. at 73. Section 107(a) specifically provides for

5

public access to bankruptcy filings, stating that, subject to certain enumerated exceptions, "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). One enumerated exception applies to "trade secret[s] or confidential research, development, or commercial information." 11 U.S.C. §107(b)(1).

12.   "Confidential commercial information," as the term is used in Section 107, is generally understood to be information that if disclosed would unfairly advantage an entity's competitors. See Alterra, 353 B.R. at 75-76. In its response to the Motion, the Group contends that disclosure of the trading information contained in Schedule C would place the members of the Group at a competitive disadvantage. Regardless of the merit of this argument, the Court did not hold a hearing pursuant to Section 107(b) and has never determined that Schedule C constitutes confidential commercial information.

13.   Instead, the Court has twice ruled that the Group is required to submit a statement pursuant to Rule 2019(a).[1] Although a tension between the clear public disclosure requirement

---

[1] Rule 2019(a) states, in relevant part:

In a . . . chapter 11 reorganization case, . . . every entity or committee representing more than one creditor or equity security holder . . . shall file a verified statement setting forth (1) the name and address of the creditor or equity security holder; (2) the nature and amount of the claim or interest and the time of acquisition thereof unless it is alleged to have been acquired more than one year prior to the filing of the petition; (3) . . . in the case of a committee, the name or names of the entity or entities at whose instance, directly or indirectly, . . . the committee was organized or agreed to act; and (4) with reference to the time of . . . the organization or formation of the committee . . . the amounts of claims or interests owned by the entity, the members of the committee or the indenture trustee, the times when acquired, the amounts paid therefor, and any sales or other disposition thereof.

6

of Rule 2019 and the Court's power to seal documents pursuant to Section 107 may arise in certain circumstances, the Court need not undertake such reconciliation in this case. Here, the Court has not received sufficient evidence showing that Schedule C is confidential commercial information pursuant to Section 107. Other than the Group's vague statements that the release of the information in Schedule C would place the Group's members at a commercial disadvantage, the Group has provided no evidence from which the Court could distill particularized competitive harm.[2]

14. More importantly, however, the harm that the Court expressly sought to prevent by temporarily sealing Schedule C was irreparable damage to the Group's ability to obtain effective consideration of its appellate arguments. The fact that the Court did not seal Schedule C indefinitely pursuant to a commercial business information finding under Section 107 is not subject to reasonable dispute. Simply stated, the Court sealed Schedule C for the limited purpose of permitting a meaningful appeal, and in the absence of a pending appeal, there is no supported justification for continued sealing. Neither the Group's attempt to preserve the sealed status of Schedule C by the filing the Withdrawal Notice nor the provisions of the Plan and Confirmation Order operate to supplement, enlarge, or alter the scope of the Court's February 8, 2010 ruling.

Accordingly, based on the foregoing, it is hereby

---

Fed. R. Bankr. P. 2019(a).

[2] Even if the Court were required to reconcile Rule 2019 with Section 107, it would determine that the Court's sealing powers, as delineated by Section 107(b) should not be used to undermine the disclosures specifically contemplated by Rule 2019. See In re Northwest Airlines Corp., 363 B.R. 704, 708 (Bankr. S.D.N.Y. 2007) (denying a request to seal Rule 2019 disclosures and stating that "there is no reason to assume that the drafters believed that the goals of the Rule could be achieved if the required information were filed secretly.").

7

ORDERED, that the Motion is GRANTED; it is further

ORDERED, that pursuant to 2018(a), Dow Jones is permitted to intervene as an "interested entity" for the limited purpose of enforcing the public's right of access to information in these cases; it is further

ORDERED, that the Group shall file a complete unredacted statement pursuant to Rule 2019(a) within 10 days of the issuance of this Order; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from and related to the implementation and/or interpretation of this Order.

Dated: Wilmington, Delaware
      November 16, 2010

                    Brendan Linehan Shannon
                    United States Bankruptcy Court

8

# **Exhibit B**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| IN RE: | |
|---|---|
| ACandS, Inc. | Case No.: 02-12687<br>Re: 3649 |
| Armstrong World Industries, Inc. | Case No.: 00-4471<br>Re: 10710 |
| Combustion Engineering, Inc. | Case No.: 03-10495<br>Re: 3390 |
| The Flintkote Company | Case No.: 04-11300<br>Re: 5666 |
| Kaiser Aluminum Corp. | Case No.: 02-10429<br>Re: 10024 |
| Owens Corning | Case No.: 00-3837<br>Re: 20968 |
| US Mineral Products Company | Case No.: 01-2471<br>Re: 3888 |
| USG Corp. | Case No.: 01-2094<br>Re: 12608 |
| W.R. Grace & Co.<br>Debtors. | Case No.: 01-1139<br>Re: 26205 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| IN RE: | |
|---|---|
| Mid-Valley, Inc. | Case No.: 03-35592<br>Re: 2780 |
| North American Refractories Co. | Case No.: 02-20198<br>Re: 6980 |
| Pittsburgh Corning Corp.<br>Debtors. | Case No.: 00-22876<br>Re: 8136 |

**ORDER GRANTING MOTION OF GARLOCK SEALING TECHNOLOGIES LLC FOR
LEAVE TO FILE A REPLY IN SUPPORT OF MOTION FOR ORDERS
AUTHORIZING ACCESS TO 2019 STATEMENTS FILED IN THIS COURT AND FOR
<u>RELATED RELIEF</u>**

Upon the motion (the "<u>Motion</u>")[1] of Garlock Sealing Technologies LLC

("<u>Garlock</u>") for leave to file a reply (the "<u>Reply</u>") in support of its Motion for Orders

Authorizing Access to 2019 Statements Filed in This Court and For Related Relief; and due and

proper notice having been given; and cause appearing for the relief sought in the Motion,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED.

2.      Leave is hereby granted for Garlock to file the Reply, not to exceed five

(5) pages.

3.      Pursuant to Del. Bankr. L.R. 7007-2(a)(vii), the Accuride Order shall not

be counted toward the above-mentioned five-page limitation.

Dated: _Feb. 7_____, 2011        _Judith K. Fitzgerald_____
                                 THE HONORABLE JUDITH K. FITZGERALD
                                 UNITED STATES BANKRUPTCY JUDGE

---

[1]      Capitalized terms not defined herein are defined in the Motion.

## CERTIFICATE OF SERVICE

I, Matthew B. Harvey, certify that I am not less than 18 years of age, and that service of the foregoing **Motion Of Garlock Sealing Technologies LLC For Leave To File A Reply In Support Of Motion For Orders Authorizing Access To 2019 Statements Filed In This Court And For Related Relief** was caused to be made on February 4, 2011, in the manner indicated upon the parties identified on the attached service list.

Dated: February 4, 2011

_/s/ Matthew B. Harvey_
Matthew B. Harvey (No. 5186)

4076481.1

# GARLOCK REPLY SERVICE LIST

**VIA HAND DELIVERY**

Richard L. Schepacarter, Esq.
Office of the U.S. Trustee
844 King Street, Suite 2207
Lockbox 35
J. Caleb Boggs Federal Building
Wilmington, DE   19801

Daniel K. Hogan, Esq.
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE   19806

Mark Minuti
Saul Ewing LLP
222 Delaware Avenue
Suite 1200
Wilmington, DE   19801

Natalie D. Ramsey
Laurie A. Krepto
Montgomery McCracken Walker & Rhoads LLP
1105 North Market Street
Suite 1500
Wilmington, DE   19801

**VIA FIRST CLASS U.S. MAIL**

Peter J. Ashcroft, Esq.
Bernstein Law Firm, PC
Suite 220 Gulf Tower
Pittsburgh, PA   15219

Sander L. Esserman, Esq.
David A. Klinger, Esq.
David J. Parsons, Esq.
Cliff I. Taylor, Esq.
Stutzman, Bromberg, Esserman & Flifka
2323 Bryan Street
Suite 2200
Dallas, TX   75201

Adam H. Isenberg
Saul Ewing LLP
1500 Market Street
38th Floor
Center Square West
Philadelphia, PA   19102

Natalie D. Ramsey
Laurie A. Krepto
Ellen C. Brotman
Montgomery McCracken Walker & Rhoads LLP
123 S. Broad Street
Avenue of the Arts
Philadelphia, PA   19109

Joseph F. Rice
John Baden
Motley Rice LLC
28 Bridge Boulevard
Mt. Pleasant, SC   29464

James J. Restivo, Jr., Esq.
Douglas E. Cameron, Esq.
David Ziegler, Esq.
Andrew J. Muha, Esq.
Reed Smith LLP
225 Fifth Avenue
Pittsburgh, PA   15222-2716

Office of the United States Trustee
U.S. Trustee
1001 Liberty Avenue
Suite 970
Liberty Center
Pittsburgh, PA   15222

4076368v1

**File a Motion:**

<u>02-12687-JKF ACandS, Inc</u> **Closed** 06/30/2010

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (Delaware) |
| Assets: y | Debtor disposition: Discharge<br>Not Applicable | Judge: JKF |

Case Flag: LEAD, APPEAL, CLMSAGNT, CONFIRMED, CLOSED, MEGA

### U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Matthew B. Harvey entered on 2/4/2011 at 6:15 PM EST and filed on 2/4/2011

**Case Name:**       ACandS, Inc
**Case Number:**   <u>02-12687-JKF</u>
**WARNING: CASE CLOSED on 06/30/2010**
**Document Number:**   <u>3649</u>

**Docket Text:**
Motion for Leave *To file a Reply in Support of Motion for Orders Authorizing Access to 2019 Statements filed in this Court and for Related Relief* (related document(s)[3639], [3645], [3646], [3648]) Filed by Garlock Sealing Technologies LLC. (Attachments: # (1) Exhibit A# (2) Exhibit 1# (3) Exhibit B# (4) Certificate of Service # (5) Service List) (Harvey, Matthew)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314187-0]
[536a0e650272d3e8661e71886f7486903909fb04a5ae5bca48a025b146eab5a551ed8
6af1ba839635d8c56a72c22186cef9307a4fe638e5b28d5ed496423e0dc]]
**Document description:**Exhibit A
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314187-1]
[60b2b7da05e12ab3a93c296a82e80d6058d263821b364a322aa568d7920d45ddb5f72
84c81ec960418375e3b1dc0deb718e31955fdf24aca42fe1425d5266f39]]
**Document description:**Exhibit 1
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex 1.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314187-2]
[0bebaa4268f9790b0dc1cf4df5b89e82d46dbc34cfc39a721577a5b399099a9afa55d
90dd986af7709a3e5566ce1a1dec6fc9a3db281e5ca92ac5fed9b8fd636]]
**Document description:**Exhibit B
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex B.pdf
**Electronic document Stamp:**

**File a Motion:**

00-04471-JKF Armstrong World Industries, Inc. and ARMSTRONG WORLD INDUSTRIES, INC., ET AL. **Closed** 12/29/2009

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (Delaware) |
| Assets: y | Debtor disposition: Discharge Not Applicable | Judge: JKF |

Case Flag: LEAD, Sealed Doc
(s), CLOSED, MEGA

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Matthew B. Harvey entered on 2/4/2011 at 6:17 PM EST and filed on 2/4/2011
**Case Name:**      Armstrong World Industries, Inc. and ARMSTRONG WORLD INDUSTRIES, INC., ET AL.
**Case Number:**    00-04471-JKF
**WARNING: CASE CLOSED on 12/29/2009**
**Document Number:** 10710

**Docket Text:**
Motion for Leave *To file a Reply in Support of Motion for Orders Authorizing Access to 2019 Statements filed in this Court and for Related Relief* (related document(s)[10698], [10706], [10707], [10709]) Filed by Garlock Sealing Technologies, LLC. (Attachments: # (1) Exhibit A# (2) Exhibit 1# (3) Exhibit B - Proposed Order# (4) Certificate of Service # (5) Service List) (Harvey, Matthew)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314196-0]
[99af6ca3a9b13e203aae83d9c8c8eb6cffecf0a5cc61ffd742ca4a51dbaab5180540b
d7412ebc369169feecf8983992146650a3e0b8db1790246503e98948521]]
**Document description:**Exhibit A
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314196-1]
[419360fd24e381c7461736b7468b9dd2d13e533a7ab46366185fc0a8334211f24e00d
682233243e00ec0f9c76f09d26b10bde99b056abad6f4eb1f548316ef71]]
**Document description:**Exhibit 1
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex 1.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314196-2]
[3979c033eb9ee1a73c668df558684571e41c2934971b3c5f81671d45014372b346d47
8224cbfd73e618dd2def33b7a8cd5716e3964b4a5a07bbb9a60e7889abc]]
**Document description:**Exhibit B - Proposed Order
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex B.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314196-3]
[5bf32e50352a72802d4616d80b880ad3586a5ad7ea3bf1ecfacc27a32af2e2c603e45
aa3ccaa15dffdb0985d83994275d5eff89033fa047129009fb21e9c9281]]
**Document description:**Certificate of Service
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) COS.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314196-4]
[25d4f55e78ce9bae4a3fe50743d05cc6712a91c2ed26a4b0590dab866c608505e4d30
892188486e135cdc7a811ea6810f8d490832681c886488b20e8a297e7b3]]
**Document description:**Service List
**Original filename:**X:\67746 Garlock\020411 Garlock Reply Service List.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314196-5]
[4b9be85ec23b4c3af2f33dce0a0e81d405b6f637a43403709836071e3081d90fd3fe8
9c72c29a924b6eb0f948e08a983d03530d172263389f5ba5f64f1aeec5c]]

**00-04471-JKF Notice will be electronically mailed to:**

Justin R. Alberto on behalf of Interested Party Liberty Mutual Insurance Company

**File a Motion:**

03-10495-JKF Combustion Engineering, Inc. **Closed** 06/08/2007

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (Delaware) |
| Assets: y | Disposition: Discharge Not Applicable | Judge: JKF |

Case Flag: Sealed Doc(s),
LeadSC, CLOSED, MEGA

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Matthew B. Harvey entered on 2/4/2011 at 6:20 PM EST and filed on 2/4/2011
**Case Name:**      Combustion Engineering, Inc.
**Case Number:**    03-10495-JKF
**WARNING: CASE CLOSED on 06/08/2007**
**Document Number:** 3390

**Docket Text:**
Motion for Leave *To file a Reply in Support of Motion for Orders Authorizing Access to 2019 Statements filed in this Court and for Related Relief* (related document(s)[3380], [3386], [3387], [3389]) Filed by Garlock Sealing Technologies LLC. (Attachments: # (1) Exhibit A# (2) Exhibit 1# (3) Exhibit B - Proposed Order# (4) Certificate of Service # (5) Service List) (Harvey, Matthew)

The following document(s) are associated with this transaction:

**Document description:Main Document**
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314202-0]
[4a5d0d142a1b12ef0402e78d6f299c2c481e83a42a20bdfa88ce337f731f5fb5526d4
1282f312374b882727c7293aed433573e1936dde74c0f8c841657c9dfde]]
**Document description:Exhibit A**
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314202-1]
[0cfd403cfc9f18c10d166048346e42adb59c3053af6fb5b824382f639b1ea0de0fe1c
2b1b16d4c52af312f675983d85853aea71ecd689f779c2b0b838fe889e5]]
**Document description:Exhibit 1**
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex 1.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314202-2]
[7c43cab388d79f636c8c1107115ea415ea40cc2e17b0a3a384f57f6a284012c9e4152
83370b2f1046d040655691a6779fbd0b3766931175b3a94a56abc5796b0]]
**Document description:Exhibit B - Proposed Order**
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex B.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314202-3]
[24e3c9e9b0a454214bb47291f88d4713ad1dff82058363c3f385ba5387f2e0811a0fa
4b5a80d3d829dd3fdfe4067f37430ce440888da5fb3dd57a504fea1c943]]
**Document description:Certificate of Service**
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) COS.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314202-4]
[38e50eac76f01105617937528851ad129e4ed4ddaef0b0b87acad6b5775280edae61d
c394cfddb66216fffda1297d143efadee5ec05afd93f64895512f94ca5a]]
**Document description:Service List**
**Original filename:**X:\67746 Garlock\020411 Garlock Reply Service List.pdf

**File a Motion:**

04-11300-JKF The Flintkote Company and Flintkote Mines Limited,

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (Delaware) |
| Assets: y | Judge: JKF | Case Flag: MEGA, LEAD, CLMSAGNT, APPEAL |

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Matthew B. Harvey entered on 2/4/2011 at 6:23 PM EST and filed on 2/4/2011
**Case Name:**     The Flintkote Company and Flintkote Mines Limited,
**Case Number:**   04-11300-JKF
**Document Number:** 5666

**Docket Text:**
Motion for Leave *To file a Reply in Support of Motion for Orders Authorizing Access to 2019 Statements filed in this Court and for Related Relief* (related document(s)[5606], [5643], [5646], [5662]) Filed by Garlock Sealing Technologies LLC. (Attachments: # (1) Exhibit A# (2) Exhibit 1# (3) Exhibit B - Proposed Order# (4) Certificate of Service # (5) Service List) (Harvey, Matthew)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314214-0]
[70b2715dc6e993257f65f4fb7b21c5662bd6944a3922c73159431061 5fca332a4199e
b0d68a505732f8709a451cac37e4e8776071692631a2f8c3a622335aea7]]
**Document description:**Exhibit A
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314214-1]
[2d1fb4caa159d364322cca28e8008774e1f82571c143b7188d1a56c6e4bccb6b122d8
81f49d5f614d202718cd9719c94b389d51938ce796d8fa7ba7d3682015a]]
**Document description:**Exhibit 1
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex 1.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314214-2]
[7f9c8906f91afabc3753ac5c65202df22ac43fa43059124d6f80dffccc843d6249039
d9a46b2a25f1960754f80eefb17f84c26f5b635392bd155e1a89052f38e]]
**Document description:**Exhibit B - Proposed Order
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex B.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314214-3]
[3949794a7f33963e9ef5a36b8928b80a1f7bc54121d0bd4b407c5bacdae1c8f7bd4a9
ccb9618a2ed6a81626cf5845b287a9b4923a43959cfacc88dbcc2428d63]]
**Document description:**Certificate of Service
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) COS.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314214-4]
[5f576dfc7d2f5effdc03d41f149934b4f2efb6ef2867a74b6b6926cb781ef91ec9468
f8acb1f72614f978b97b4bd0c2de8467820de1d85edf6759a4e11b08140]]
**Document description:**Service List
**Original filename:**X:\67746 Garlock\020411 Garlock Reply Service List.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314214-5]
[0f0804f182891a0c4d09c78a7950caa10c84ec923dd62cd051f7bda7399c162ae4140
c955a8b98f10029610ceddad8bc0b11c1cd76fe0d4dd222558b9f1aa3f7]]

**04-11300-JKF Notice will be electronically mailed to:**

Jeffrey S.
PACERTeam@gardencitygroup.com,
Paul.Kinealy@gardencitygroup.com;Jeffrey.Demma@gardencitygroup.com;elizabeth.vrato@gardencitygroup.com;brian.karpuk@gardencitygroup.com;Lauren.Gr

Karen Beth

**File a Motion:**

02-10429-JKF Kaiser Aluminum Corporation
Type: bk                    Chapter: 11 v              Office: 1 (Delaware)
Assets: y                   Judge: JKF
Case Flag: MEGA, LEAD, APPEAL, CLMSAGNT, Sealed Doc(s), CONFIRMED

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Matthew B. Harvey entered on 2/4/2011 at 6:26 PM EST and filed on 2/4/2011
Case Name:      Kaiser Aluminum Corporation
Case Number:    02-10429-JKF
Document Number: 10024

**Docket Text:**
Motion for Leave *To file a Reply in Support of Motion for Orders Authorizing Access to 2019 Statements filed in this Court and for Related Relief* (related
document(s)[10009], [10018], [10019], [10023]) Filed by Garlock Sealing Technologies LLC. (Attachments: # (1) Exhibit A# (2) Exhibit 1# (3) Exhibit B -
Proposed Order# (4) Certificate of Service # (5) Service List) (Harvey, Matthew)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314223-0]
[6953e1941c19411bb15c3eacc70e2c95ee9f5fb3ce01f906ea985baa15a01c1702b32
61eeb8bbb2538744b66595507328de6fc0895733740b329fa604c01ab3d]]
**Document description:**Exhibit A
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314223-1]
[1f843f154a92dc9149caedbae93e18ccd42da24715a33ae962b99093a52a4a6d51bd4
1f2634926febf0688bf0fb95e87314be3a201115254fd1cc91f3eac0de7]]
**Document description:**Exhibit 1
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex 1.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314223-2]
[0b32980fd8b5b708b60b32671a2406c188f3787fa79523e0a5d662c467e07926b0e6e
7914fecb218f5d1acb1bdb776e7c6bec723c984f8e814351c19042cb000]]
**Document description:**Exhibit B - Proposed Order
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex B.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314223-3]
[080c4f90cb9b66c5fc531caa76bf9a3b743a274c2c15501ccf3289e6dcfc0a5d4d742
1a95bf29480d034900b99ad38c3ed05bf0d4885e2732492ddf779ce6d11]]
**Document description:**Certificate of Service
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) COS.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314223-4]
[35af8bd7527fcfd7bedb63605357f0c2e6ef1c32d0d381ee362f49fa9ee642c0635a5
fbd189d896dfd29e214320f99390f4b6c8db28b8179c25fcfa6965c9371]]
**Document description:**Service List
**Original filename:**X:\67746 Garlock\020411 Garlock Reply Service List.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314223-5]
[673a58ef826dd901280314f40d0418048fcf3d78781915e61b9642bfefdd85117a51f
1045698bbd3be45e6ef81d27d13ec206af0b17dbb00c1f8991021a3d135]]

**02-10429-JKF Notice will be electronically mailed to:**

Eric B. Abramson on behalf of Interested Party Asbestos Claimants
eabramson@serlinglaw.com

Julie A. Ardoin on behalf of Attorney Julie Ardoin
dlawless@ardoinlawfirm.com

**File a Motion:**

00-03837-JKF Owens Corning
Type: bk                          Chapter: 11 v                    Office: 1 (Delaware)
Assets: y                         Judge: JKF
Case Flag: LEAD, MEGA, APPEAL, CLMSAGNT, MTRUNADV, CONFIRMED, Sealed Doc(s)

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Matthew B. Harvey entered on 2/4/2011 at 6:29 PM EST and filed on 2/4/2011
**Case Name:**        Owens Corning
**Case Number:**      00-03837-JKF
**Document Number:** 20968

**Docket Text:**
Motion for Leave *To file a Reply in Support of Motion for Orders Authorizing Access to 2019 Statements filed in this Court and for Related Relief* (related document(s)[20954], [20962], [20963], [20964], [20966]) Filed by Garlock Sealing Technologies LLC. (Attachments: # (1) Exhibit A# (2) Exhibit 1# (3) Exhibit B - Proposed Order# (4) Certificate of Service # (5) Service List) (Harvey, Matthew)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314235-0]
[255abef327ca3dcdc49eb8b9befc2aba1d548b1932adfaa9dadf5293a87f8c967f0bb
e3ca5d18e2dbbf5ac1e4cbdddd64d3ef9953c86686dc3d2938ccf88f4f9]]
**Document description:**Exhibit A
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314235-1]
[5343fbd2c219492fc48b719073c964aac96f4de546952ee7a3b7f81e61867ec52cb6b
dfe8be8411cf6abbd3a81238038d96cda54cc143e3776016d0dc8ef5176]]
**Document description:**Exhibit 1
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex 1.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314235-2]
[4b4aa2e23a4e390e8baedf763d5546dcfc65b87167a210361bc2144c563e89039b662
7d60f1d42076ce3dcb4a2968342d5e22da85c5a3aa136d4736ef4c88fc3]]
**Document description:**Exhibit B - Proposed Order
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex B.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314235-3]
[8306b28d0191502d776380e4a479b6a179d5144b1d68b9a450550b1f7bc7478d14f14
3d5ff9562422ac795aac2b0bd3e1c7b34d785114f610239640c78eb0843]]
**Document description:**Certificate of Service
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) COS.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314235-4]
[1feb6690d0e0e97a3db6442ef65eb435c8fb8c8220de6c85812a5d14b5b6f4aca1e14
19d7f402e37370ba148c266afba3d7008b5c1d707b703736573de988f71]]
**Document description:**Service List
**Original filename:**X:\67746 Garlock\020411 Garlock Reply Service List.pdf

**File a Motion:**

01-02471-JKF UNITED STATES MINERAL PRODUCTS COMPANY and UNITED STATES MINERAL PRODUCTS COMPANY D/B/A ISOLA Closed 03/11/2010

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (Delaware) |
| Assets: y | Debtor disposition: Discharge Not Applicable | Judge: JKF |

Case Flag: CLMSAGNT, LeadSC, CONFIRMED, Sealed Doc(s), CLOSED

### U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Matthew B. Harvey entered on 2/4/2011 at 6:32 PM EST and filed on 2/4/2011

**Case Name:** UNITED STATES MINERAL PRODUCTS COMPANY and UNITED STATES MINERAL PRODUCTS COMPANY D/B/A ISOLA

**Case Number:** 01-02471-JKF

**WARNING: CASE CLOSED on 03/11/2010**

**Document Number:** 3888

**Docket Text:**
Motion for Leave *To file a Reply in Support of Motion for Orders Authorizing Access to 2019 Statements filed in this Court and for Related Relief* (related document(s)[3878], [3884], [3885], [3887]) Filed by Garlock Sealing Technologies LLC. (Attachments: # (1) Exhibit A# (2) Exhibit 1# (3) Exhibit B - Proposed Order# (4) Certificate of Service # (5) Service List) (Harvey, Matthew)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314238-0]
[2d7f0b8168b7e6b47933bc5281e506101c09de17b0ed784293cbbaa6d8fd124afdb9a
c7112830574211fb0a99c38b0cd834be5d7a075f8cc9eb0ca3f7309996c]]
**Document description:**Exhibit A
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314238-1]
[25f61156001d2d871695d9dc415e3a2583bd46b999cb949373a8ea4a9892528a04895
91bb79ad001b959c2f5cfdddfaa320b7710bd2a34e4f242aaca8e23a5eb]]
**Document description:**Exhibit 1
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex 1.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314238-2]
[6d593bb0a9b10987acea27e5c62b1e013b15bb5711255037a3d38f8e804f47ba8d4d0
2aa0532ce6e4aea291985931a91407032f8403ffb9d277386644d93a2fb]]
**Document description:**Exhibit B - Proposed Order
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex B.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314238-3]
[2361f6a164a0d7c894f55571c04d7c913b8a3392ed4a95711d4ceb45fe3bddac5fc0c
56ada88b9d80ddd7e266497f3d270bb0470c316af0ec54802c112f6c3b1]]
**Document description:**Certificate of Service
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) COS.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314238-4]
[2282cde0228f5da29b0a79a6a0026a3f283cb2cc7b147e011d58489f64db56cf67920
cba37c75472fb9643008e7219befab501355c43a729fa1cc22abbe17c7f]]
**Document description:**Service List
**Original filename:**X:\67746 Garlock\020411 Garlock Reply Service List.pdf

**File a Motion:**

01-02094-JKF USG Corporation **Closed** 09/29/2009

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (Delaware) |
| Assets: y | Debtor disposition: Discharge Not Applicable | Judge: JKF |

Case Flag: LEAD, MEGA, CLMSAGNT, Sealed Doc(s), CONFIRMED, CLOSED

## U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Matthew B. Harvey entered on 2/4/2011 at 6:35 PM EST and filed on 2/4/2011
**Case Name:**          USG Corporation
**Case Number:**       01-02094-JKF
**WARNING: CASE CLOSED on 09/29/2009**
**Document Number:**     12608

Docket Text:
Motion for Leave *To file a Reply in Support of Motion for Orders Authorizing Access to 2019 Statements filed in this Court and for Related Relief* (related document(s)[12596], [12604], [12605], [12607]) Filed by Garlock Sealing Technologies, LLC. (Attachments: # (1) Exhibit A# (2) Exhibit 1# (3) Exhibit B - Proposed Order# (4) Certificate of Service # (5) Service List) (Harvey, Matthew)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314247-0]
[2e6ab5409d41dbf9b2b0e77e96191f8efbd04d7a8c553f57e7a05226cee782890fee2
cbd513bae7bcfa7e49aa5934ee8d521d5728db1baf20de46dcf562cd77c]]
**Document description:**Exhibit A
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314247-1]
[4749bd814a0adf6e96532d2c0b5fba7618045e4706b6ae84850206b9238cb5ec1d7ad
90505888635b031edefff7f687b2c28f47dd5e834648f5c2d0ea6bd4dfa]]
**Document description:**Exhibit 1
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex 1.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314247-2]
[51c03f4077f555472fa93430a537b38c383a619c7ce2122b9857b56d0c7216dc51976
de38145c3a1bd04b27f4962830e422977465ff1e449ebce6000c8b86bfc]]
**Document description:**Exhibit B - Proposed Order
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex B.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314247-3]
[8ab4af1f7b9fb525fcb4b65a5623b2754cf0246d9f539c97f94c65d3836cf9619cbfd
3c6d7e20e3145e2737b429f4fc511c498e25b2afb622e37ae831131c446]]
**Document description:**Certificate of Service
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) COS.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314247-4]
[a374d3db4e41f65be28f362eefe02e5d4c3988d3a23a17448bca652269b58454a30f1
2f12aa150aab4c63e5c8ca81b543c3a7c153f8231fb1c6892e953a86687]]
**Document description:**Service List
**Original filename:**X:\67746 Garlock\020411 Garlock Reply Service List.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314247-5]
[2b8168859cd2d59238c6a6d239604d7b48a88a9abe100204a99d77109594cb22d3eb3
f0c59799608dc1fa051abe3b425606fe3faf632ef1c9097ae9279e8f2d1]]

**01-02094-JKF Notice will be electronically mailed to:**

Derek C. Abbott on behalf of Interested Party HP Financial Services, Inc.
dabbott@mnat.com, rfusco@mnat.com;ecampbell@mnat.com;mdecarli@mnat.com

**File a Motion:**

<u>01-01139-JKF</u> W.R. Grace & Co., et al.

Type: bk                    Chapter: 11 v                Office: 1 (Delaware)
Assets: y                   Judge: JKF                   Case Flag: Sealed Doc(s),
                                                         CONFIRMED, APPEAL,
                                                         MEGA

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Matthew B. Harvey entered on 2/4/2011 at 6:37 PM EST and filed on 2/4/2011
**Case Name:**       W.R. Grace & Co., et al.
**Case Number:**     <u>01-01139-JKF</u>
**Document Number:** <u>26205</u>

**Docket Text:**
Motion for Leave *To file a Reply in Support of Motion for Orders Authorizing Access to 2019 Statements filed in this Court and for Related Relief* (related document(s)[26053], [26137], [26146], [26195]) Filed by Garlock Sealing Technologies, LLC. (Attachments: # (1) Exhibit A# (2) Exhibit 1# (3) Exhibit B - Proposed# (4) Certificate of Service # (5) Service List) (Harvey, Matthew)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314262-0]
[1d3005caa7088c8449a3da549b22381914e203f71a3b245bd72bfccdfc48aa1ba951a
258ad2c83aea2b10db278289c9d260fe95e0f7cc5187382e699a31aed76]]
**Document description:**Exhibit A
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314262-1]
[121e9373459f0d0e101398188980ba867676f61ec3ef0eac98d164afa955210be5fff
9baca93767305d6a7f68bfef842ed0f488093a2adeddfa7fae87ea73c4b]]
**Document description:**Exhibit 1
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex 1.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314262-2]
[4cfc1393005fcf38e096abb5518176b949b838169fba4d9b46754e82f0bbf88aa9ec9
c22d288cf131b8fe7505a7c035bdf577f798b93d121c5bfc2724cf4d1f8]]
**Document description:**Exhibit B - Proposed
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) Ex B.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314262-3]
[48de29395f75796abdb3fd971b71d171f3476d7b02695d97792ceb1de3607cb724b99
9cc2c10f4aee110cd1671a702897481ae3aaeef29adfd9910c8260c93c0]]
**Document description:**Certificate of Service
**Original filename:**X:\67746 Garlock\020411 Garlock - Motion for Leave to File Reply (FOR FILING) COS.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=2/4/2011] [FileNumber=9314262-4]
[9fb563b8e382c24ea05103b7a5be916b7d7664bb656292e143b1f5711d1bbfe90bca5
43980ae0de578a217168470e6b388d302a098c46d2954bee8ed3762ac78]]
**Document description:**Service List
**Original filename:**X:\67746 Garlock\020411 Garlock Reply Service List.pdf