IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Related Dkt. Nos. 12022, 12379, 12896, 13019, |
| | ) | 13421, 13509, 15690, 18883, 19223, 19526, 19608, |
| | ) | 19808, 20699, 25435 |
| | ) | |

**THIRTEENTH SUPPLEMENTAL DECLARATION UNDER
FED. R. BANKR. P. 2014 AND 5002 IN SUPPORT OF
APPLICATION FOR AN ORDER AUTHORIZING RETENTION
AND EMPLOYMENT OF ORRICK, HERRINGTON & SUTCLIFFE LLP AS
BANKRUPTCY COUNSEL TO DAVID T. AUSTERN AS
<u>ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE</u>**

I, Roger Frankel, state:

      1.      I am a partner in the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), and maintain an office for the practice of law at 1152 15th Street, N.W., Washington, D.C. 20005. I am admitted to practice law before the Bars of the District of Columbia and the State of Maryland, and am authorized to execute this Thirteenth Supplemental Declaration on behalf of Orrick. Orrick is bankruptcy counsel to David T. Austern, the Asbestos PI Future Claimants' Representative appointed by the Court in the above-captioned cases (the "PI FCR"), pursuant to an Order entered on May 8, 2006, which authorizes Orrick's employment effective as of February 6, 2006.

      2.      On March 9, 2006, I submitted my declaration pursuant to Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Rules") in support of the Application of the FCR seeking the entry of an Order authorizing the retention and employment of Orrick as his bankruptcy counsel (the "Application") (Dkt. No. 12022). Supplemental declarations were

submitted in support of the Application on August 1, 2006 (Dkt. No. 12896), August 21, 2006 (Dkt. No. 13019), October 18, 2006 (Dkt. No. 13421), October 27, 2006 (Dkt. No. 13509), May 18, 2007 (Dkt. No. 15690), June 9, 2008 (Dkt. No. 18883), August 4, 2008 (Dkt. No. 19223), September 11, 2008 (Dkt. No. 19526), September 25, 2008 (Dkt. No. 19608), October 20, 2008 (Dkt. No. 19808), February 9, 2009 (Dkt. No. 20699), and September 21, 2010 (Dkt. No. 25435).

    3.    Except as is otherwise provided below, the facts set forth in this declaration are based upon my personal knowledge, upon records maintained by Orrick in the ordinary course of its business which have been reviewed by me and/or by other partners or employees of Orrick at my direction, or upon information known by other partners or employees of Orrick and conveyed to me.

    4.    I make this Thirteenth Supplemental Declaration out of an abundance of caution, and not because I believe the matters set forth herein are within the scope of Rules 2014 or 5002.

    5.    Oracle USA, Inc. (formerly known as Siebel Systems, Inc.) has entered its appearance in these chapter 11 cases. Orrick represents Oracle Corp. and certain affiliates in matters unrelated to the Debtors and these chapter 11 cases.

    6.    Farallon Capital Management, LLC ("Farrallon") appears in these cases as a bank debt holder; Orrick has represented Farrallon (or their affiliates) in the past and may represent them in the future on matters unrelated to the Debtors and these chapter 11 cases. Halcyon Asset Mgmt, LLC ("Halcyon"), Onex Debt Opportunity Fund, Ltd. ("Onex") and Royal Bank of Scotland, PLC ("RBS") also appear as bank debt holders in these cases; Orrick currently represents Halycon, Onex and RBS (or their affiliates) in matters unrelated to the Debtors and these chapter 11 cases.

7. Ihsan Dogramaci ("Mr. Dogramaci") has joined Orrick as an associate in our New York office. Prior to joining Orrick, Mr. Dogramaci was an associate at Simpson Thacher & Bartlett LLP ("STB"), where he worked on a matter for Travelers Casualty and Surety Company ("Travelers"). The Debtors have entered into a settlement agreement with Travelers resolving certain insurance claims in these cases. Mr. Dogramaci has confirmed that his work for Travelers was completely unrelated to the Debtors and these chapter 11 cases. Although there is no conflict, out of an abundance of caution, Orrick has established an ethical wall separating Mr. Dogramaci from the Orrick lawyers and staff working on these cases

8. Orrick will use reasonable efforts to identify any additional relevant fact or relationship not previously disclosed. If any such fact or relationship is discovered, Orrick will, as soon as reasonably practicable, file additional supplemental declarations with the Court.

\* \* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

/S/ ROGER FRANKEL
Roger Frankel

Executed on February 8, 2011