**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.,** *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING TWENTY-FIRST[1] INTERIM**
**FEE APPLICATION OF ANDERSON KILL & OLICK, P.C., FOR THE**
**PERIOD OF JULY 1, 2010 THROUGH SEPTEMBER 30, 2010**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee

auditor in the above-captioned bankruptcy proceedings, regarding the Twenty-First Interim Fee

Application of Anderson Kill & Olick, P.C., for the Period of July 1, 2010 through September 20,

2010 (the "Application").

**BACKGROUND**

1.      Anderson Kill & Olick, P.C. ("AKO"), was retained as special insurance counsel to

the Official Committee of Asbestos Personal Injury Claimants.  In the Application, AKO seeks

approval of fees totaling $522,461.00 and expenses totaling $8,741.24 for its services from July 1,

2010 through September 30, 2010 (the "Thirty-Eighth Interim Fee Period" or the "Application

Period").

2.      In conducting this audit and reaching the conclusions and recommendations

contained herein, we reviewed in detail the Application in its entirety, including each of the time and

expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330,

---

[1]Although AKO has entitled this Application its "Twenty-First Interim," it covers the Thirty-
Eighth Interim Fee Period.

Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Effective February 1, 2010, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  Based on our review, we sent to AKO an e-mail inquiry, and received a response from AKO, portions of which response are quoted herein.

## DISCUSSION

3.      We noted the following time entry in which there is a discrepancy between the total time billed and the time recorded within the work description:

| 08/18/10 | Analysis of selected insurance policies re: follow form, limits, payment of loss issues, and other coverage issues (1.10); draft and revise insurance policy data spreadsheets (.60) | GFF | 2.70 | 891.00 |
|---|---|---|---|---|

Although 2.70 hours were billed, the time recorded within the work description totals only 1.70 hours.  We asked AKO regarding this issue, and AKO responded:  "This was a mathematical error/typographical error. The '1.10' should have been 2.10." AKO subsequently advised us that this information was obtained from the timekeeper's original records.  Thus, we accept AKO's response and have no objection to these fees.

4.      We noted the following legal research expense for which more information was needed:

    08/11/10      6,647.91      Legal Research – Lexis/Nexis – Mealeys . . . Acct #
                                118FDM  7/10  Online services

In response to our request, AKO provided the following information concerning this charge:

> Although the charge reflects our practice of submitting our research expenses "at the firm's cost" (i.e., the bill we receive), due to an underlying billing error we will reduce the amount by $6,009.00.

- Much to my dismay, I discovered a vendor billing agreement in place that I was unaware of. The billing agreement is supposed to apply a huge discount on services to both the firm, and then, in turn, to the client. It works in most instances, but in not in this one.
- The billing agreement which was negotiated with our vendor presumed a certain amount of usage per month. During the months when W.R. Grace was overcharged, there was a substantial under usage; the excess was then prorated amongst the clients for which actual usage charges occurred.
- The current reduction of $6,009.00 will appear on the invoice I am currently working on (for the January billing period).
- Although I have been assured that the current vendor agreement was not put in place until July 2009, I reviewed all bills not only for 2010 and 2009, but also 2008, 2007, 2006 and part of 2005. I discovered two additional errors for this vendor in the amounts of $1,962.99 and $620.62 (dated 01/20/10 and 04/14/10, respectively) both of which will be credited to the current bill as well.

We appreciate AKO's response and thus recommend a reduction of $6,009.00 in expenses.[2]

## CONCLUSION

5.      Thus, we recommend approval of $522,461.00 in fees and $2,732.24 in expenses

($8,741.24 minus $6,009.00) for AKO's services for the Application Period.

---

[2]We will address the overcharges of $1,962.99 and $620.62, dated January 20, 2010 and April 14, 2010, respectively, in our review of AKO's final fee application, and will recommend reductions for those overcharges as appropriate.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____

Warren H. Smith
Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 10th day of February, 2011.

_____

Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Robert Y. Chung
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

**The Debtors**
Richard Finke.
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
Deanna Boll
Holly Bull
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801