## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., *et al.*, | ) Case No. 01-01139 (JKF) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: 21654 and 21655** |

## PLAN PROPONENTS' MOTION FOR
## CLARIFICATION OF CONFIRMATION ORDER

Plan Proponents bring this Motion because certain Plan opponents contend that this Court did not actually enter a confirmation order on January 31, 2011. These Plan opponents also have apprised Plan Proponents that they intend to file objections pursuant to Rule 9033 of the Federal Rules of Bankruptcy Procedure — notwithstanding that these same Plan opponents never disputed that the confirmation proceedings were core and that Rule 9033 objections may only be filed in response to "proposed findings of fact and conclusions of law" entered in "non-core proceedings." FED. R. BANKR. P. 9033. Plan Proponents believe that the two rulings issued by this Court on January 31[1] are clear: in the exercise of its jurisdiction over core plan confirmation proceedings, the Court (1) entered a confirmation order, expressly stating that "[t]he Plan and each of its provisions . . . are CONFIRMED in each and every respect" (Order at 9), (2) made all necessary findings of fact and conclusions of law, including those required by 11 U.S.C. §§ 1129 and 524(g), and overruled all objections to the Plan, and (3) recommended to the District Court that it adopt and enter this Court's findings of fact and conclusions of law.

---

[1]  Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010 (Docket No. 21655) (the "Order") and Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law (Docket No. 21654) (the "Mem. Op."). Collectively, the Order and Mem. Op. are referred to herein as the "January 31 Rulings."

This case is set for status conference before U.S. District Senior Judge Ronald L. Buckwalter on February 16, 2011. Plan Proponents had anticipated that the status conference would address the timing and procedures for appeals of the confirmation order. Now, however, Plan opponents will create confusion and delay before Judge Buckwalter if they deny that a confirmation order was entered and contend that there are dueling Rule 9033 and appellate proceedings.

Accordingly, Plan Proponents request entry of the proposed order attached hereto as Exhibit A clarifying that: (1) on January 31, 2011, this Court entered an order confirming the First Amended Joint Plan of Reorganization as Modified Through December 23, 2010 (the "Plan"); (2) made findings of fact and conclusions of law, including those required pursuant to 11 U.S.C. §§ 1129 and 524(g), and overruled all objections to the Plan; and (3) recommended to the District Court that it enter the proposed order provided by this Court, thereby complying with the requirement of 11 U.S.C. § 524(g)(3)(A) that the District Court "issue or affirm" the confirmation order. Plan Proponents further request as part of the order that any Rule 9033 objections that may be filed to this Court's January 31 Rulings are improper and will be stricken *sua sponte* by this Court because Rule 9033 objections apply only to non-core proceedings.

Because of the status conference before Judge Buckwalter scheduled for February 16, Plan Proponents respectfully request that the Court consider and rule upon this matter on an expedited basis pursuant to this Court's inherent authority to clarify its own orders. *See* 11 U.S.C. § 105(a) ("No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."); *In re Petrie Retail, Inc.*, 304 F.3d 223, 230 (2d Cir. 2002)

2

(bankruptcy courts have inherent power to interpret and enforce their own orders); *see also In re Zinchiak*, 406 F.3d 214, 224 (3d Cir. 2005) (holding that a bankruptcy court is "well suited to provide the best interpretation of its own order."); *cf. In re Shenango Group Inc.*, 501 F.3d 338, 346 (3d Cir. 2007) (holding that a bankruptcy court's interpretation of its own order should be entitled to deference). No rights of any party are impacted and no party will be prejudiced since this Motion simply requests that this Court interpret its own order. Alternatively, Plan Proponents respectfully request that, if the Court deems it necessary, that the Court hold a hearing at the time of the previously scheduled omnibus hearing, 9 a.m. on February 14, 2011, and shortening the time for noticing the hearing and for filing this Motion.

## DISCUSSION

I. **BECAUSE THIS COURT'S JANUARY 31 RULINGS RELATED TO THE CORE MATTER OF PLAN CONFIRMATION, ANY RULE 9033 OBJECTIONS ARE IMPROPER AND MUST BE STRICKEN.**

There can be no dispute that this Court's January 31 Rulings were issued in the exercise of the Court's jurisdiction over core proceedings. The express language of 28 U.S.C. § 157(b)(2)(L) provides that "core proceedings include . . . confirmations of plans." In its January 31 Rulings, this Court expressly stated that they are core: "This Memorandum Opinion constitutes our findings of fact and conclusions of law with respect to the remaining objections to confirmation. The Court has jurisdiction under 28 U.S.C. § 157 and § 1334 *in this core proceeding*." (Mem. Op. at 1 n.1 (emphasis added).) Similarly, in its confirmation order, the Court stated that it was making "findings that . . . (ii) *this is a core proceeding* pursuant to 28 U.S.C. §157(b)(2) . . . ." (Order at 8 (emphasis added).)[2]

---

[2]   Because no party contested that the Court was exercising jurisdiction over a core proceeding at any time throughout the confirmation hearings, Plan opponents have waived any right to contend that these proceedings are non-core. *See, e.g., Gravel & Shea v. Vermont Nat'l Bank*, 162 B.R. 961, 965-66 (D. Vt. 1993) (totality of appellants' actions throughout the bankruptcy case indicate that they consented to the bankruptcy court making

Rule 9033 does not apply here because Rule 9033 objections may only be filed with regard to proposed findings of fact and conclusions of law issued in non-core matters.[3] Because the January 31 Rulings were issued in a core proceeding, any Rule 9033 objections would be improper and should be stricken.

## II.    THE COURT'S JANUARY 31 RULINGS MAKE CLEAR THAT A CONFIRMATION ORDER WAS IN FACT ENTERED.

There also should be no dispute that this Court entered a confirmation order.  In asserting otherwise, Plan opponents ignore the express language of the January 31 Rulings, including:

- "The Plan and each of its provisions (whether or not specifically approved herein) and all exhibits and schedules thereto as amended to the date hereof are *CONFIRMED in each and every respect*, pursuant to § 1129 of the Bankruptcy Code." (Order at 9 (emphasis added).)

- In at least 50 places, the Court refers to "this Confirmation Order." (Order at 2, 9, 20-24, 28, 30-34, 43, 48-49, 51-52, 55-57, 59-60, 62-63, 65, 75-76.)

- The Memorandum Opinion "*constitutes our findings of fact and conclusions of law* with respect to the remaining objections to confirmation." (Mem. Op. at 1 n.1 (emphasis added).)

- "*[W]e find* that the Joint Plan meets the requirements of 11 U.S.C. §1129(a)(1) - (13), (16), (b)(1), and (b)(2)(B) . . . .  The Joint Plan also complies, in all respects, with § 524(g)." (*Id.* at 2 (emphasis added).)

- "*We find* that the Joint Plan as modified through December 23, 2010, . . . meets the standards and requirements of 11 U.S.C. §1129 and §524(g).  *We find* that the Joint Plan is proposed in good faith, is feasible, and is consistent with the best interests of creditors." (*Id.* at 3 (emphases added).)

---

a final determination, including not raising the core/non-core issue although they had many opportunities to do so).

[3]    *See* FED. R. BANKR. P. 9033 ("Review of Proposed Findings of Fact and Conclusions of Law in Non-Core Proceedings"); *see also* 28 U.S.C. § 157(c)(1) (providing for submission of "proposed findings of fact and conclusions of law" by the bankruptcy court to the district court in a non-core proceeding); *Gravel & Shea v. Vermont Nat'l Bank*, 150 B.R. 889, 892-93 (D. Vt. 1993) (affirming motion to strike Rule 9033 objection to order entered on core matter).

4

Plan opponents may suggest that the use of the word "Recommended" in the title of the Order and portions of the text of the January 31 Rulings somehow transforms the Rulings into a non-core matter as to which Rule 9033 objections are proper.  This cannot be so, since as a matter of law proposed findings of fact and conclusions of law are authorized only in connection with non-core proceedings.  *See, e.g.*, 28 U.S.C. § 157(c)(1); *Gravel & Shea*, 150 B.R. at 892-93. Even if the Court were authorized to make proposed findings and conclusions in a core matter, such an interpretation here would have to ignore and nullify the myriad statements of this Court in the January 31 Rulings, as outlined above, that it was issuing a confirmation order and that it was making findings of fact and conclusions of law.  The notion that this Court somehow vacated its own confirmation order by using the word "recommended" is unfounded, and Plan Proponents request that this notion be dismissed via the proposed clarifying order.

*(Remainder of Page Intentionally Left Blank)*

5

Dated February 10, 2011

Respectfully submitted,

KIRKLAND & ELLIS LLP
John Donley
Adam Paul
300 N. LaSalle Street
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile: (312) 862-2200

and

Deanna D. Boll
601 Lexington Avenue
New York, NY 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

and

Baer Higgins Fruchtman LLC
Janet S. Baer
111 East Wacker Drive
Suite 2800
Chicago, IL 60601-4277
Telephone:  (312) 836-4022
Facsimile:  (312) 577-0737

and

PACHULSKI STANG ZIEHL & JONES LLP

   /s/ James E. O'Neill_____
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

*Co-Counsel for the Debtors and Debtors in
Possession*

6

CAMPBELL & LEVINE, LLC


   _/s/ Mark T. Hurford_____
Mark T. Hurford (Bar No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947

and

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Jeffrey A. Liesemer
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of
Asbestos Personal Injury Claimants*

K&E 18392511.8

PHILLIPS, GOLDMAN & SPENCE, P.A.


___/s/ John C. Phillips_____
John C. Phillips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T. Austern, Asbestos PI Future*
*Claimants' Representative*

K&E 18392511.8

SAUL EWING LLP


_____ /s/ Teresa K.D. Currier _____
Teresa K.D. Currier (Bar No. (3080)
222 Delaware Avenue, 12th Floor
Wilmington, DE  19899
Telephone: (302) 421-6800
Facsimile: (302) 421-6813

and

KRAMER LEVIN NAFTALIS & FRANKEL
LLP
Philip Bentley
Gregory Horowitz
Douglas Mannal
David E. Blabey, Jr.
1177 Avenue Of The Americas
New York, NY 10022
Telephone:  (212) 715-9100
Facsimile:  (212) 715-8000

*Counsel for the Official Committee of Equity*
*Security Holders*

9