UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | . | Case No. 01-1139(JKF) |
| | . | |
| W.R. GRACE, | . | |
| | . | 5414 U.S. Steel Tower |
| | . | 600 Grant Street |
| | . | Pittsburgh, PA 15219 |
| Debtor. | . | |
| | . | December 20, 2010 |
| . . . . . . . . . . . . . . . | . | 4:03 p.m. |

TRANSCRIPT OF HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

TELEPHONIC APPEARANCES:

For the Debtors:

Baer, Higgins, Fruchtman, LLC
By: JANET S. BAER, ESQ.
ROGER J. HIGGINS, ESQ.
111 East Wacker Drive
Suite 2800
Chicago, IL 60601

Kirkland & Ellis, LLP
By: JOHN DONLEY, ESQ.
300 North LaSalle
Chicago, IL 60654

Pachulski, Stang, Ziehl & Jones, LLP
By: KATHLEEN P. MAKOWSKI, ESQ.
JAMES E. O'NEILL, ESQ.
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705

Audio Operator: Dayna Kanary

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609)586-2311 Fax No. (609) 587-3599**

TELEPHONIC APPEARANCES (CONT'D):

| | |
|---|---|
| For the Debtors: | Kirkland & Ellis, LLP<br>By: DEANNA D. BOLL, ESQ.<br>601 Lexington Avenue<br>New York, NY 10022 |
| For the Unsecured Creditors' Committee: | Strook & Strook & Lavan, LLP<br>By: LEWIS KRUGER, ESQ.<br>ARLENE G. KRIEGER, ESQ.<br>180 Maiden Lane<br>New York, NY 10038-4982 |
| For the Asbestos Personal Injury Committee: | Caplin & Drysdale<br>By: PETER VAN N. LOCKWOOD, ESQ.<br>One Thomas Circle N.W.<br>Suite 1100<br>Washington, DC 20005 |
| | Campbell & Levine, LLC<br>By: MARK HURFORD, ESQ.<br>800 King Street, Suite 300<br>Wilmington, DE 19801 |
| | Anderson, Kill & Olick<br>By: ROBERT M. HORKOVICH, ESQ.<br>1251 Avenue of the Americas<br>New York, NY 10020-1186 |
| For the Property Damage Committee: | Bilzin, Sumberg, Baena, Price & Axelrod, LLP<br>By: MATTHEW KRAMER, ESQ.<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, FL 33131 |
| For David Austern: | Orrick, Herrington & Sutcliffe, LLP<br>By: ROGER FRANKEL, ESQ.<br>Washington Harbour<br>3050 K Street, N.W.<br>Washington, D.C. 20007 |
| For Geico and Republic Ins. Co: | Drinker, Biddle & Reath LLP<br>By: MICHAEL F. BROWN, ESQ.<br>One Logan Square<br>18th and Cherry Streets<br>Philadelphia, PA 19103 |

TELEPHONIC APPEARANCES (CONT'D):

| | |
|---|---|
| For Continental Casualty Co.: | Ford, Marrin, Esposito, Witmeyer & Gleser, LLP<br>By: ELIZABETH M. DeCRISTOFARO, ESQ.<br>Wall Street Plaza, 23rd Floor<br>New York, NY 10005 |
| | Goodwin Procter LLP<br>By: DANIEL M. GLOSBAND, ESQ.<br>Exchange Place<br>Boston, MA 02109-2881 |
| For MCC & Zurich: | Eckert Seamans<br>By: EDWARD J. LONGOSZ, II, ESQ.<br>1747 Pennsylvania Avenue, NW<br>Suite 1200<br>Washington, DC 20006 |
| | Wiley Rein, LLP<br>By: RICHARD A. IFFT, ESQ.<br>1776 K Street NW<br>Washington, DC 20006 |
| For Century Indemnity Company: | O'Melveny & Myers<br>By: JOHN McDONALD, ESQ. |
| For the Property Damage FCR: | Law Office of Alan B. Rich<br>By: ALAN B. RICH, ESQ.<br>1401 Elm Street, Suite 4620<br>Dallas, TX 75202 |
| For the Bank Lenders: | Landis, Rath & Cobb, LLP<br>By: RICHARD COBB, ESQ.<br>919 Market Street, Suite 1800<br>Wilmington, DE 19899 |
| | Paul, Weiss, Rifkind, Wharton & Garrison, LLP<br>By: ANDREW N. ROSENBERG, ESQ.<br>REBECCA R. ZUBATY, ESQ.<br>1285 Avenue of the Americas<br>New York, NY 10019 |
| For State of Montana Dept. of Environmental Quality: | Womble, Carlyle, Sandridge & Rice<br>By: FRANCIS A. MONACO, JR., ESQ.<br>KEVIN J. MANGAN, ESQ.<br>222 Delaware Avenue, Suite 1501<br>Wilmington, DE 19801 |

TELEPHONIC APPEARANCES (CONT'D):

| | |
|---|---|
| For the Equity Committee: | Kramer, Levin, Naftalis & Frankel<br>By: DAVID E. BLABEY, JR., ESQ.<br>919 Third Avenue<br>New York, NY 10022 |
| For ZAI Claimants: | Richardson, Patrick, Westbrook & Brickman, P.C.<br>By: EDWARD J. WESTBROOK, ESQ.<br>174 East Bay Street<br>Charleston, SC 29401 |
| For BNSF Railway: | Pepper Hamilton, LLP<br>By: LINDA CASEY, ESQ.<br>3000 Two Logan Square<br>Philadelphia, PA 19103 |
| For Sealed Air: | Skadden, Arps, Slate, Meagher & Flom, LLP<br>By: DAVID M. TURETSKY, ESQ.<br>One Rodney Square<br>Wilmington, DE 19801 |
| For Fresenius: | McDermott, Will & Emery<br>By: NATHAN F. COCO, ESQ.<br>DAVID S. ROSENBLOOM, ESQ.<br>227 West Monroe Street<br>Chicago, IL 60606-5096 |
| For the Scotts Company: | Vorys, Sater, Seymour & Pease, LLP<br>By: JESSE COOK-DUBIN, ESQ.<br>52 East Gay Street<br>Columbus, OH 43215 |
| For Anderson Memorial Hospital: | Kozyak, Tropin & Throckmorton, PA<br>By: JOHN W. KOZYAK, ESQ.<br>2525 Ponce de Leon, 9th Floor<br>Miami, Florida 33134 |
| For New Star: | Fulbright & Jaworski, LLP<br>By: STEVE A. PEIRCE, ESQ.<br>300 Convent Street, Suite 2200<br>San Antonio, TX 78205-3792 |
| For the Libby Claimants: | By: BRIAN McDONALD, ESQ. |

TELEPHONIC APPEARANCES (CONT'D):

| | |
|---|---|
| For Canadian Zonolite Claimants: | The Hogan Firm<br>By: DANIEL K. HOGAN, ESQ.<br>1311 Delaware Avenue<br>Wilmington, DE 19801 |
| For Maryland Casualty: | Connelly, Bove, Lodge & Hutz, LLP<br>By: JEFFREY WISLER, ESQ.<br>The Nemours Building<br>1007 North Orange Street<br>Wilmington, DE 19899 |
| For CNA: | Goodwin Procter, LLP<br>By: MICHAEL GIANNOTTO, ESQ.<br>901 New York Avenue, NW<br>Washington, DC 20001 |

\- - -

THE COURT: Good afternoon, everyone. This is the matter of W.R. Grace, Bankruptcy Number 01-1139. I asked for this status conference to be held so that I can explain something to all parties, and then I will ask the debtor to get in touch with any of the entities who need notice of this and were not able to participate because of the short notice. So, would you all please identify yourself? I don't have a list of participants. So let's start with the debtor, please.

MS. BAER: Good afternoon, Your Honor. Janet Baer on behalf of the debtors.

MR. DONLEY: John Donley also on behalf of the debtors.

MS. MAKOWSKI: Your Honor, Kathleen Makowski from Pachulski, Stang on behalf of the debtors.

MR. HIGGINS: Roger Higgins on behalf of the debtors.

MS. BOLL: Deanna Boll on behalf of the debtors.

THE COURT: All right. The unsecured creditors committee.

MR. KRUGER: Lewis Kruger and Arlene Krieger for the committee.

THE COURT: The asbestos personal injury committee.

MR. LOCKWOOD: Peter Lockwood on behalf of the committee.

MR. HURFORD: Mark Hurford on behalf of (indiscernible).

MR. HORKOVICH: Bob Horkovich for the insurance counsel for the committee.

THE COURT: All right. The property damage committee.

MR. KRAMER: Good afternoon, Your Honor. Matt Kramer from Bilzin Sumberg.

THE COURT: The futures rep.

MR. FRANKEL: Good afternoon, Your Honor. Roger Frankel for David Austern, the PI future rep.

THE COURT: All right. It's a little difficult to figure out who else to ask to participate first, so perhaps, if I can just get -- let's start with insurers.

MR. BROWN: Michael Brown on behalf of Geico and Republic.

MS. DeCRISTOFARO: Elizabeth DeCristofaro on behalf of Continental Casualty Company.

MR. GLOSBAND: Dan Glosband also for Continental Casualty.

MR. IFFT: Richard Ifft for Maryland Casualty and Zurich.

MR. LONGOSZ: Edward Longosz also on behalf of Maryland Casualty.

THE COURT: Any other insurers?

MR. McDONALD: Yes, Your Honor. John McDonald, O'Melveny & Myers, for Century Indemnity Company.

THE COURT: Any others?

MR. RICH: Yes, Your Honor. Alan Rich for the property damage FCR.

THE COURT: Okay. Anyone else on, please?

MR. COBB: Your Honor, Richard Cobb on behalf of certain bank lenders.

MR. ROSENBERG: Your Honor, Andrew Rosenberg, Rebecca Zubaty, on behalf of certain bank lenders.

MR. MONACO: Frank Monaco and Kevin Mangan on behalf of the State of Montana.

MR. BLABEY: Your Honor, David Blabey on behalf of the equity committee.

THE COURT: I’m sorry. Whoever was speaking, I couldn’t understand you. I apologize.

MR. BLABEY: I apologize, Your Honor. David Blabey on behalf of the equity committee.

THE COURT: Thank you.

MR. WESTBROOK: Your Honor, Ed Westbrook on behalf of the ZAI claimants.

MS. CASEY: Your Honor, Linda Casey on behalf of BNSF Railway.

MR. TURETSKY: Your Honor, David Turetsky of Skadden on behalf of Sealed Air.

MR. COCO: Your Honor, Nathan Coco and David Rosenbloom on behalf of Fresenius.

MR. COOK-DUBIN: Your Honor, Jesse Cook-Dubin on behalf of the Scotts Company.

MR. KOZYAK: John Kozyak on behalf of Anderson Memorial.

THE COURT: Anyone else?

MR. PEIRCE: Steve Peirce on behalf of New Star.

MR. McDONALD: Brian McDonald on behalf of the Libby claimants.

MR. HOGAN: Daniel Hogan on behalf of the Canadian Zonolite claimants.

THE COURT: Anyone else?

MR. O'NEILL: James O'Neill on behalf of Grace.

THE COURT: Anyone else?

(No audible response)

THE COURT: Okay. Folks, the bad news is that I don't think I'm going to get this opinion finished by the end of the year. We are very close, but, frankly, I'm just not happy with a couple of the sections of this opinion and I think it's just going to take a little more time. And given the problem with Christmas vacations, use or lose leave time and so forth, I just don't think it's going to happen.

My major concern, of course, is the agreement that the CCAA representative counsel and others arrived at concerning the ZAI -- Canadian ZAI claimants and the fact that this agreement may be set to expire December 31st if there's no

confirmation order entered by that day. And that's the reason for this status call. I just don't think it's going to happen. We've been pushing, but I just realistically don't think it will happen.

I do think it will happen in January because, frankly, I think we'll all jump out the window if it doesn't happen by January. And since we're on the 54th floor that would hurt. So, as a result, I believe that January is workable and doable, but I'm concerned about what the effect of the agreements in Canada will be. So, that's the reason I called this status call. Anybody want to address it?

MS. BAER: Your Honor --

MR. HOGAN: Your Honor -- sorry, Jan. Go ahead.

MS. BAER: Okay. Jan Baer on behalf of Grace. Your Honor, pursuant to the ZAI minutes of settlement, it provides that, unless otherwise agreed to by the parties, the settlement agreement expires or becomes null and void if there's no confirmation order entered by the end of the year. I would hope that if, in fact, we're just a couple weeks away from getting the confirmation order entered that parties wouldn't take advantage of that situation to blow things up. And I would hope that Canada would be reasonable in potentially giving a short extension here so that we could get this done. The debtors certainly are -- don't want to have the Court do a lot of work and start over again because of this particular

condition not being met.

THE COURT: Mr. Hogan?

MR. HOGAN: Your Honor, Dan Hogan here --

THE COURT: Yes, sir.

MR. HOGAN: -- on behalf of the Canadian ZAI claimants, both PI and PD. I have a couple concerns, Your Honor. I agree generally with what Jan said. However, obviously, I've got no explicit authority or otherwise to make a representation and make that agreement at this time. I will endeavor, of course, to procure such an agreement or an extension, but there's a couple concerns that I have.

Number one, the approval that occurred before the CCAA was, of course, of the amended and restated minutes of settlement, and a condition of those minutes as you've stated is that if it's not done by this date, the 31st of 2010, December, that it could possibly be blown up. And, so I have to go back to my counsel and find out if it's going to require further approval by the CCAA if they were to make such an agreement to extend that deadline.

And, so I just throw that out as an initial threshold issue that we're going to have to figure out before we can even make a representation about whether we can agree to a short extension. And that's really all I could say at this point, Your Honor.

THE COURT: Okay. Paragraph 20 of that agreement,

Mr. Hogan, does say unless otherwise agreed to by the parties hereto, then in the event of any of the following, and one of those is that the confirmation order isn't entered by December 31st, then the minutes will be null and void. So, it seems that the agreement as it was already approved provides the discretion of the parties to make that extension if necessary. But, I appreciate the fact that you need to run that by your counsel.

MR. HOGAN: Of course.

THE COURT: I'm sorry?

MR. HOGAN: I was just agreeing with you, Your Honor.

THE COURT: Okay. The only alternative that this Court has and, frankly, I'm not comfortable doing it, is to enter an order and then do the opinion later, you know, within a couple of weeks. And, frankly, I don't think that does any good since this has to be a recommendation to the District Court one way or the other, as opposed to a final order of this Court because of the need for the injunction if the plan is confirmed -- the 524(g) injunction if the plan is confirmed.

So, I really think -- I think the ball just has to be here and I just don't think it's going to get done in that short time frame. So, I -- all I can tell you is we're trying, but I don't think it's going to do it. So, whatever you folks need to do with respect to this agreement I simply wanted to give you a heads up because I believe January will be -- a day

in January. Which one, I don't know, but a day in January, a confirmation order of some sort and the opinion that goes with it will be entered, but probably not before then. That's --

MS. BAER: Your Honor --

THE COURT: Yes, I'm sorry.

MS. BAER: -- from the debtor's perspective, Your Honor, we'll certainly work with Canada to do everything we can to get this extended so that things do not become much more complicated, because if we don't get it extended we then may be faced with having to revise the plan to sort of remove some of these Canadian conditions or the assumption that there will be a minutes of settlement, which we, of course, could do.

THE COURT: Okay. That was really the only thing that I wanted to alert you folks about. So, with that said, unless someone else has an issue to raise, that was the only thing that I wanted to cover.

MR. COBB: Your Honor, this is Richard Cobb on behalf of certain bank lenders. Your Honor, I wanted to note for the Court's calendar that we will be filing an objection to the sixth plan modification that was filed by the debtors last week. It was not filed in compliance with 1127(f)(2). So, Your Honor, if -- just to give you a heads up, Your Honor.

THE COURT: Oh, okay. I am glad you raised that because I thought that the sixth amended was an agreement, so I misunderstood. You're talking simply about the provision of

when the interest is going to be paid?

MR. COBB: Your Honor, the provision I believe states that the interest will continue to run while on appeal. However, Your Honor, without consulting with us, without any meet and confer, the debtors unilaterally filed an amendment to the plan that provides that interest will not be paid on the effective date. However, in the event that we appeal, the interest would continue to run.

THE COURT: I’m sorry, Mr. Cobb. You faded out. It says that in the event -- and I lost you after in the event.

MR. COBB: Your Honor, what I believe the debtors are proposing as a modification to the plan is that interest will now run on the effective date in the event that we file an appeal of the confirmation order assuming the -- Your Honor does not agree with us with regard to our plan objection. But, Your Honor, interest will not be paid on the effective date. I -- and, again, Your Honor, this was filed without any meet and confer with us, so I’m not certain precisely why it was filed.

THE COURT: Okay. Well, perhaps we should address that because, quite frankly, that’s going to be a problem.

MS. BAER: Your Honor, the amendment was filed by the debtors in order to address the concern that was raised in court last week. And that concern had to do with the fact that the way the plan was originally drafted it did not appear as though if there was an appeal, if there wasn’t an immediate

resolution or payment with a final order, that interest would not continue to accrue and therefore, there was impairment.

Your Honor, we simply eliminated that issue by providing in the amendment that now interest does continue to accrue and therefore, you know, when there is a final order, that interest will have been running and there will then therefore be no impairment. They will receive whatever interest the Court decides they are entitled to receive.

MR. DONLEY: Judge, this is John Donley for the debtor. Your Honor, we have met and conferred with the banks as you directed to try to resolve the issue. There were discussions with Mr. Rosenberg. And I don’t want to go into those with the Court, but we did satisfy -- we did, in good faith, undertake those discussions and when it was clear to us that we couldn’t achieve an overall resolution at a minimum what we wanted to do was address the concern Mr. Cobb had addressed in court on Monday the 13th, which was specifically his objection to the plan not paying interest from the effective date forward to whatever date an appeal runs or a final order on allowance or disallowance becomes final. That’s why we amended the plan to address what we thought precisely was the objection and what we heard from him and understood from the Court at that hearing --

THE COURT: Well, look --

MR. DONLEY: -- which would pay the non-default rate

after the effective date -- to continue paying the non-default contract rate after the effective date.

THE COURT: Well, yes, I think -- I mean, the amount of the interest to at least say that the sum interest is going to be paid -- and you can, you know, can fight about the rate. I don't want to get into the issue about the rate. But, to at least say that there will be interest paid is a start. But, frankly, I'm not at all sure that not paying the interest on the amount of the claim that you concede -- because the amount of the claim doesn't seem to be in dispute -- so not paying interest on the effective date may still be an impairment.

So, it seems to me that to fix this, to make sure you have a confirmation order, the debtor is going to have to pay the interest on the allowed claim at least in the contract rate and then, you know, the difference between the contract rate and whatever else you want to fight about obviously could be reserved somewhere pending a final order if it's not ordered in this confirmation order, you know, what the rate has to be. But, I don't think the debtor gets out of the impairment issue by deferring interest. So, that's going to be -- it's --

MR. COBB: Your Honor, it's Richard Cobb. That's precisely my point. And, Your Honor, although there was a meet and confer with regard to settling the overall interest issue, there was no discussion with regard to payment of the interest on the effective date.

THE COURT: Well, okay.

MR. COBB: So, Your Honor, I guess we can leave it up to the debtors.

MR. DONLEY: We hear you loud and clear, Your Honor. We'll address this with the --

THE COURT: Please state your name.

MR. DONLEY: -- the client's not on the line, but we'll address this with them --

THE COURT: It's Donley.

MR. DONLEY: -- promptly.

THE COURT: Okay. Yes, I understand that, but I believe it's going to be an issue. So, okay. You'll have at least until the 31st of -- you'll have at least until the 3rd of January, I think, at this point, to get that particular piece resolved. But, if it -- if you don't, then I can't prejudge what's going to happen, but, folks, I think there's going to be an issue.

MR. DONLEY: We hear you loud and clear, Your Honor. Ms. Baer and I will get back with the client.

THE COURT: Okay. Anyone else have anything to address?

(No audible response)

THE COURT: One second, please.

(Pause)

THE COURT: Was it Maryland Casualty that raised an

issue or CNA? I apologize, I don't have the draft opinion or the objections in front of me or maybe both that raised the issue about the plan prohibiting access to co-insurers. Is that issue resolved? What I think I'm not clear about in the insurance neutrality provisions that have been agreed upon is whether all issues concerning insurance are now deferred to insurance coverage litigation or whether some of these issues were still live, and I'm just not clear.

MR. WISLER: Your Honor, this is Jeffrey Wisler for Maryland Casualty. We did not raise any insurance neutrality issues. Zurich did, but Zurich ultimately settled.

THE COURT: Okay. Did --

MR. BROWN: And, Your Honor?

THE COURT: Yes.

MR. BROWN: Your Honor, this is Michael Brown for Geico and Republic. The -- we have the assignment issue pending, but that's the only issue we have pending.

THE COURT: Yes, I understood the assignment issue, Mr. Brown. Thank you for that clarification. But I thought that there was -- I just want to be sure that there is still not an issue between insurers as to whether or not this plan prohibits some access by one insurer against another co-insurer and that that issue is resolved by the neutrality agreement.

MR. GIANNOTTO: Your Honor, this is Michael Giannotto for CNA. I came on late. I don't think there is any issue --

any insurance issues remaining of that nature. Some of the insurers have raised issues in their capacity as creditors and those issues still remain. But, I believe all of the issues raised as insurers -- qua insurers are resolved by the interest neutrality provision, other than the assignment issue that Michael Brown just mentioned.

THE COURT: Okay. Then that may take -- perhaps, if that's the case, that will get through one issue that I was really not clear whether or not we needed to still write about. Okay. Having said that, is there anything else anybody else wants to address?

(No audible response)

THE COURT: Okay, folks, I apologize. We really did try to get this done. I just don't think it's going to happen, so I hope you all have happy holidays and I will see you at the omnibus in January.

UNIDENTIFIED ATTORNEY: Thank Your Honor.

MS. BAER: Thank you, Your Honor.

THE COURT: Thank you. We're adjourned.

UNIDENTIFIED ATTORNEY: Thank you, Your Honor. Same to you.

* * * * *

**C E R T I F I C A T I O N**

I, AMY L. RENTNER, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

/s/ Amy L. Rentner

AMY L. RENTNER

J&J COURT TRANSCRIBERS, INC. DATE: February 8, 2011