UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                      .      Case No. 01-1139(JFK)
                            .
                            .
W.R. GRACE,                 .
                            .      824 North Market Street
                            .      Wilmington, DE 19801
                            .
          Debtor.           .      February 14, 2011
. . . . . . . . . . . . . ..       10:59 a.m.


TRANSCRIPT OF HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:            Baer, Higgins, Fruchtman, LLC
                            By:  JANET S. BAER, ESQ.
                            111 East Wacker Drive
                            Suite 2800
                            Chicago, IL 60601

                            Kirkland & Ellis, LLP
                            By:  JOHN DONLEY, ESQ.
                            300 North LaSalle
                            Chicago, IL 60654

                            Pachulski, Stang, Ziehl &Jones, LLP
                            By:  JAMES E. O'NEILL, ESQ.
                            919 North Market Street, 17th Floor
                            Wilmington, DE  19899-8705


Audio Operator:             Brandon J. McCarthy



Proceedings recorded by electronic sound recording, transcript
produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311   Fax No. (609) 587-3599**

APPEARANCES (Cont'd):

| | |
|---|---|
| For the Debtors: | Kirkland & Ellis, LLP<br>By:  ADAM PAUL, ESQ.<br>200 East Randolph Drive<br>Chicago, IL 60601 |
| For the Unsecured<br>Creditors' Committee: | Strook & Strook & Lavan, LLP<br>By:  KENNETH PASQUALE, ESQ.<br>180 Maiden Lane<br>New York, NY 10038-4982 |
| For David Austern: | Orrick, Herrington & Sutcliffe, LLP<br>By:  ROGER FRANKEL, ESQ.<br>Washington Harbour<br>3050 K Street, N.W.<br>Washington, D.C.  20007 |
| For the Asbestos<br>Personal Injury<br>Committee: | Caplin & Drysdale<br>By:  PETER VAN N. LOCKWOOD, ESQ.<br>One Thomas Circle N.W.<br>Suite 1100<br>Washington, DC 20005 |
| For the Bank Lenders: | Landis, Rath & Cobb, LLP<br>By:  RICHARD COBB, ESQ.<br>919 Market Street, Suite 1800<br>Wilmington, DE  19899 |
| For State of Montana<br>and Canada: | Womble, Carlyle, Sandridge & Rice<br>By:  FRANCIS A. MONACO, JR., ESQ.<br>222 Delaware Avenue, Suite 1501<br>Wilmington, DE 19801 |
| For BNSF Railway: | Pepper Hamilton, LLP<br>By:  LINDA CASEY, ESQ.<br>3000 Two Logan Square<br>Philadelphia, PA  19103 |
| For Maryland Casualty: | Connelly, Bove, Lodge & Hutz, LLP<br>By:  JEFFREY WISLER, ESQ.<br>The Nemours Building<br>1007 North Orange Street<br>Wilmington, DE  19899 |

APPEARANCES (Cont'd):

```
                              Eckert, Seamans, Cherin & Mellott, LLC
                              By:  GABRIELLA V. CELLAROSI, ESQ.
                              1717 Pennsylvania Avenue, N.W.
                              12th Floor
                              Washington, DC 20006

For CNA:                      Goodwin Procter, LLP
                              By:  MICHAEL GIANNOTTO, ESQ.
                              Exchange Place
                              Boston, MA  02109-2881

For Canadian Zonolite         The Hogan Firm
Claimants:                    By:  DANIEL K. HOGAN, ESQ.
                              1311 Delaware Avenue
                              Wilmington, DE  19801

For PI and FCR:               Orrick, Herrington & Sutcliffe, LLP
                              By:  RICHARD H. WYRON, ESQ.
                              Columbia Center
                              1152 15th Street, N.W.
                              Washington, DC 20005-1706

For the U.S. Trustee:         Office of the United States Trustee
                              By:  RICHARD L. SCHEPACARTER, ESQ.
                              844 King Street
                              Suite 2207
                              Wilmington, DE 19801

For Arrowwood:                Bifferato Gentilotti, LLC
                              By:  GARVAN McDANIEL, ESQ.
                              800 North King Street
                              Wilmington, DE 19801

For Garlock Sealing:          Robinson, Bradshaw & Hinson, P.A.
                              By:  GARLAND S. CASSADA, ESQ.
                                   RICHARD C. WORF, ESQ.
                              101 North Tryon Street
                              Suite 1900
                              Charlotte, NC 28246

                              Morris James, LLP
                              By:  BRETT D. FALLON, ESQ.
                              500 Delaware Avenue
                              Suite 1500
                              Wilmington, DE 19801
```

4

APPEARANCES (Cont'd):

For Trade Committee:          Duane Morris, LP
                             By:  MICHAEL R. LASTOWSKI, ESQ.
                             1100 North Market Street
                             Suite 1200
                             Wilmington, DE 19801

For PD Committee:             Ferry, Joseph & Pearce, P.A.
                             By:  THEODORE TACCONELLI, ESQ.
                             824 Market Street
                             Suite 1000
                             Wilmington, DE 19899

For Certain Law Firm          Montgomery, McCracken, Walker &
Objectors:                    Rhoads, LLP
                             By:  NATALIE D. RAMSEY, ESQ.
                             123 South Broad Street
                             Philadelphia, PA 19109

For Sampson                   Monzack, Mersky, McLaughlin & Browder,
Hydrocarbons:                   P.A.
                             By:  RACHEL MERSKY, ESQ.
                             1201 North Orange Street
                             Suite 400
                             Wilmington, DE 19801

For the Equity                Kramer Levin Naftalis & Frankel, LLP
Committee:                    By:  PHILIP BENTLEY, ESQ.
                             1177 Avenue of the Americas
                             New York, NY 10036


TELEPHONIC APPEARANCES:

For Geico and                 Drinker, Biddle & Reath LLP
Republic Ins. Co:             By:  MICHAEL F. BROWN, ESQ.
                             One Logan Square
                             18th and Cherry Streets
                             Philadelphia, PA  19103

For Continental               Ford, Marrin, Esposito, Witmeyer &
Casualty Co.:                 Gleser, LLP
                             By:  ELIZABETH M. DeCRISTOFARO, ESQ.
                             Wall Street Plaza, 23rd Floor
                             New York, NY  10005

TELEPHONIC APPEARANCES (Cont'd):

```
For MCC & Zurich:           Eckert Seamans
                            By:  EDWARD J. LONGOSZ, II, ESQ.
                            1747 Pennsylvania Avenue, NW
                            Suite 1200
                            Washington, DC 20006

For the Equity             Kramer, Levin, Naftalis & Frankel
Committee:                 By:  DAVID E. BLABEY, JR., ESQ.
                            919 Third Avenue
                            New York, NY  10022

For Sealed Air:            Skadden, Arps, Slate, Meagher & Flom,
                              LLP
                            By:  DAVID M. TURETSKY, ESQ.
                                 DOUGLAS D. HERRMANN, ESQ.
                            One Rodney Square
                            Wilmington, DE  19801

For the Asbestos           Anderson, Kill & Olick
Personal Injury            By:  ROBERT M. HORKOVICH, ESQ.
Committee:                 1251 Avenue of the Americas
                            New York, NY  10020-1186

For Libby:                 Cohn, Whitesell & Goldberg, LLP
                            By:  DANIEL COHN, ESQ.
                            101 Arch Street
                            Boston, MA 02110

For Arrowwood:             O'Melveny & Myers, LLP
                            By:  TANCRED V. SCHIAVONI, III, ESQ.
                            Times Square tower
                            7 Times Square
                            New York, NY 10036

For CNA:                   Goodwin Procter, LLP
                            By:  DANIEL GLOSBAND, ESQ.
                            Exchange Place
                            Boston, MA 02109-2881

For Allstate Insurance:    Cuyler Burk, LLP
                            By:  ANDREW CRAIG, ESQ.
                            Parsippany Corporate Center
                            Four Century Drive
                            Parsippany, NJ 07054
```

TELEPHONIC APPEARANCES (Cont'd):

For Everest Insurance          Crowell & Moring, LLP
Company:                       By:  LESLIE A. DAVIS, ESQ.
                                    MARK PLEVIN, ESQ.
                               1001 Pennsylvania Avenue, N.w.
                               Washington, DC 20004

                               Marks, O'Neill, O'Brien & Courtney,
                                 LLP
                               By:  BRIAN L. KASPRZAK, ESQ.
                                    MICHAEL F. DUGGAN, ESQ.
                               913 North Market Street
                               Suite 800
                               Wilmington, DE 19801

For Royal Indemnity            Wilson, Elser, Moskowitz, Edelman &
Company:                         Dicker, LLP
                               By:  CARL J. PERNICONE, ESQ.
                               150 East 42nd Street
                               New York, NY 10017

For Farallon Capital           Farallon Capital Management
Management:                    By:  MICHAEL LINN, ESQ.
                               One Maritime Plaza
                               Suite 2300
                               San Francisco, CA 94111

For Anderson Memorial          Kozyak, Tropin, & Throckmorton, P.A.
Hospital:                      By:  DAVID L. ROSENDORF, ESQ.
                               2525 Ponce de Leon, 9th Floor
                               Miami, FL 33134

For Various Claimant           Stutzman, Bromberg, Esserman & Plifka
Firms:                         By:  DAVID J. PARSONS, ESQ.
                               2323 Bryan Street
                               Suite 2200
                               Dallas, TX 75201-2689

Interested Party:              Vinson & Elkins, LLP
                               By:  ARI BERMAN, ESQ.
                               Trammell Crow Center
                               2001 Ross Avenue
                               Suite 3700
                               Dallas, TX 75201

TELEPHONIC APPEARANCES (Cont'd):

```
                    Ford, Marrin, Esposito, Witmeyer &
                      Gleser
                    By:  SHAYNE SPENCER, ESQ.
                    Wall Street Plaza
                    New York, NY 10005

                    Caspian Capital
                    By:  TERESE BEST

                    O'Melveny & Myers, LLP
                    By:  SARAH HARGROVE, ESQ.
                         CHARLES NERKO. ESQ.
                         GARY SVIRSKY, ESQ.
                    Times Square Tower
                    7 Times Square
                    New York, NY 10036

                    Pentwater Capital Management
                    By:  JORDAN FISHER

                    Traub, Lieberman, Straus &
                      Shrewsberry, LLP
                    By:  ROBERT P. SIEGEL, ESQ.
                    Mid-Westchester Executive Park
                    Seven Skyline Drive
                    Hawthorne, NY 10532

                    Archer Capital
                    By:  ROBERT B. SALES

                    Bank of America
                    By:  MICHAEL J. WALSH

                    Dewey & Leboeuf
                    By:  JENNIFER WHITENER, ESQ.
                    1301 Avenue of the Americas
                    New York, NY 10019-6092

                         -  -  -
```

1          COURT CLERK:  All rise.

2          THE COURT:  Good morning.  Please be seated.  This is

3    the matter of W.R. Grace, Bankruptcy Number 01-1139.  I read

4    the parties who were participating by phone except for these

5    additional, Ari Berman, Terese Best, David Blabey, Michael

6    Brown, Gabriella Cellarosi, Daniel Cohn, Andrew Craig, Leslie

7    Davis, Elizabeth DeCristofaro, Michael Duggan, Jordan Fisher,

8    Michael Giannotto, Daniel Glosband, Sarah Hargrove, Douglas

9    Herrmann, Robert Horkovich, Brian Kasprzak, Michael Linn,

10   Edward Longosz, Charles Nerko, David Parsons, Carl Pernicone,

11   Mark Plevin, David Rosendorf, Robert Sales, Tancred Schiavoni,

12   Robert Siegel, Shayne Spencer, Gary Svirsky, David Turetsky,

13   Michael Walsh, Jennifer Whitener, Leslie -- no, that's all.

14   Sorry.

15          I'll take entries in Court, please.

16          MR. DONLEY:  John Donley on behalf of the debtors,

17   Your Honor.

18          MS. BAER:  Janet Baer on behalf of the debtors.

19          MR. BENTLEY:  Philip Bentley for the equity

20   committee.

21          MR. LOCKWOOD:  Peter Lockwood for the ACC.

22          MR. FRANKEL:  Good morning, Your Honor.  It's Roger

23   Frankel on behalf of the David Austern, PI, FCR.

24          MR. O'NEILL:  Good morning, Your Honor.  James

25   O'Neill for the debtors.

1          MR. PASQUALE:  Good morning, Your Honor.  Ken

2  Pasquale from Strook and Strook and Lavan for the official

3  unsecured creditors' committee.  Thank you.

4          MR. COBB:  Good morning, Your Honor.  Richard Cobb,

5  Landis, Rath and Cobb, on behalf of certain bank lenders.

6          MR. MONACO:  Good morning, Your Honor.  Frank Monaco

7  from Womble Carlyle on behalf of Montana and Canada.

8          MR. CASSADA:  Good morning, Your Honor.  Garland

9  Cassada here for Garlock Sealing Technologies.  I'm here with

10 Brett Fallon, our local counsel, and Mr. Worf.

11         THE COURT:  Thank you.

12         MR. GIANNOTTO:  Good morning, Your Honor.  Michael

13 Giannotto for the CNA companies.

14         MR. SCHEPACARTER:  Good morning, Your Honor.  Richard

15 Schepacarter for the United States Trustee.

16         THE COURT:  Good morning.

17         MR. McDANIEL:  Good morning, Your Honor.  Garvan

18 McDaniel for Arrowood.

19         MR. HOGAN:  Good morning, Your Honor.  Daniel Hogan

20 on behalf of the Canadian Zonolite Claimants.

21         MR. WISLER:  Good morning, Your Honor.  Jeffrey

22 Wisler on behalf of Maryland Casualty Company.

23         MS. CASEY:  Good morning, Your Honor.  Linda Casey on

24 behalf of BNSF Railway Company.

25         THE COURT:  Folks, I think I discovered the problem

1    with the order that we were attempting to address and I brought

2    it with me if I can find it.  I neglected to put in the last

3    paragraph, all right, that I had put in the other orders and I

4    think that's perhaps what caused the problem.  That paragraph,

5    depending on the case, in some instances it used the word

6    confirm.  In some instances, it used the word affirm, but

7    nonetheless, I'll read it in the context of affirming.  Those

8    cases have this order at the end of my order to the District

9    Court.

10           To the extent required under 28 U.S.C. Section

11   157(b), this Court hereby reports to the District Court and

12   recommends that the District Court enter an order issuing and

13   affirming this confirmation order including, without

14   limitation, the injunction pursuant to 11 U.S.C. Section

15   524(g)(3) in accordance with the terms of the joint plan, and

16   the attendant plan documents and the recommended findings of

17   fact and conclusions of law.  And in this instance, I would

18   add, and the memorandum opinion overruling objections to the

19   first amended plan.  I believe it's the omission of that

20   paragraph which caused the whole problem in this case because

21   that paragraph appeared in the other confirmation orders.

22           It seems to me that makes it clear that I was

23   confirming the plan and requesting the District Court to affirm

24   that confirmation.  And that I had issued the injunction and

25   was requesting the Court -- the District Court to affirm the

1  issuance of that injunction.  So, I think if I simply amend the

2  order to include that paragraph, it may take care of the issue

3  from my perspective.  I see people shaking their heads no, so

4  I'm not sure why not.  But, that seems to me to be the only

5  thing that was different about this order than the other

6  orders.  Mr. Donley?

7          MR. DONLEY:  I think it goes a large part of the way,

8  Your Honor, but let me just address what I think the remaining

9  problem may be and it will depend on what the other parties say

10  after I get up.

11          Your Honor's exactly right that that language has

12  been -- and I spent the weekend rereading all of -- every one

13  of the orders and memorandums from the prior cases and there's

14  basically two ways that Your Honor has done it, setting aside

15  where the District Court sat jointly --

16          THE COURT:  Yes.

17          MR. DONLEY:  -- like USG and issued it, itself.  But,

18  there's basically two ways in ACandS and in Mid-Valley, Your

19  Honor actually issued, without any qualification, a

20  confirmation order saying it was core and there was no

21  qualification.  And, of course, we'd urge that and be happy

22  with that in this case and we think that's a good way to go.

23          THE COURT:  There were no objections.

24          MR. DONLEY:  There were objections in Mid-Valley.  I

25  went back and looked actually.

1          THE COURT:  I thought they were resolved.

2          MR. DONLEY:  I heard that Friday.  I went back and

3  looked and they weren't -- we can provide the cite, but --

4          THE COURT:  No, that's okay.

5          MR. DONLEY:  I think --

6          THE COURT:  I didn't check <u>Mid-Valley</u>.  I just -- my

7  recollection was that they were resolved by the time we got --

8  I got around --

9          MR. DONLEY:  There --

10          THE COURT:  -- to entering the confirmation order.

11          MR. DONLEY:  -- there was at least one remaining.

12          THE COURT:  All right.

13          MR. DONLEY:  I did check it over the weekend and I

14  don't think legally it makes any difference anyway.  I

15  understand practically it may --

16          THE COURT:  Yes.

17          MR. DONLEY:  -- but, legally, it really doesn't.

18          So, in all the other cases the order has been

19  entered.  The Court has said the plan's confirmed, the

20  injunction's entered, jurisdiction is core and then there's a

21  qualifying phrase similar to what Your Honor said.  It's what I

22  call the to the extent that or the to the extent required

23  caveat that's because of the language of 524(g)(3)(A) about

24  issuing or affirming a confirmation order at the District Court

25  level.  You have that qualifying phrase added.

1       And adding that here is one way to proceed and go

2  forward.  I hesitate to say just flat out yes, that solves our

3  problem because, as we've read the filings and as we've talked

4  to the various objectors and appellants in this case, I believe

5  the position is still being taken that because the word

6  recommended is used in the title of one of Your Honor's

7  pleadings from January 31st, Number 1, I believe parties are

8  taking a position that no confirmation order was entered on

9  January 31, that all jurisdiction is non-core and that there is

10 no appeal running and there is no vehicle for us to move

11 forward and everyone to move forward through the appellate

12 process.

13      And the problem with that, Your Honor, is -- if

14 that's -- if that were the case.  We don't believe it is, but

15 we believe people are asserting it is.  And the problem with

16 that assertion still out there is really two-fold.  One is we

17 need clarity that there was, in fact, a confirmation order

18 entered on January 31st, including for the portions --

19 especially for the portions unrelated to 524(g) and

20 specifically for the Canadian ZAI settlement.  We understand

21 that the position is being taken or may be taken that there was

22 no confirmation order and therefore that settlement's undone

23 and we think that's absolutely not what Your Honor did.  But, I

24 think we need a clarification on that.

25      The second reason we need clarification and ask for

1  clarification today is right now if the parties stick to their

2  positions, that there was no confirmation order, and that there

3  is no appeal process running, and that everything was non-core

4  and the only vehicle to move forward is the Rule 9033

5  objections, we have a situation where -- and this I lived

6  through, Your Honor, is that the only case -- 524(g) case that

7  I know of where it actually -- where the bankruptcy courts

8  order actually was just -- expressly just recommendations and

9  not a final confirmation order was Judge Brown's initial order

10  in the Eastern District of Louisiana in 2004 in

11  Babcock & Wilcox.

12        And what he did there was he said well, parts of what

13  I'm doing -- on the first go around, he said part so what I'm

14  doing are core, parts of what I'm doing are non-core and, so

15  I'm going to issue a everything as a recommendation and report.

16  And interestingly, what he said was non-core wasn't the 524(g)

17  aspects.  It was a whole series of insurance disputes where the

18  insurers said they were State contract law determinations that,

19  in their view, were non-core.  That was the part he was

20  flagging as non-core.

21        Fourteen days later, we got -- and I remember it,

22  Your Honor.  The bankruptcy court clerk got and we got hundreds

23  of pages from the objectors under Rule 9033 briefing every

24  issue in the case, everything from the case and then just a

25  complete fiasco where there were dueling appeals and 9033

1  objections, hundreds of pages.

2            THE COURT:  Well, Mr. Donley --

3            MR. DONLEY:  And I think we -- I think if there's any

4  way to avoid that by clarifying today, it would be very, very

5  desirable.

6            THE COURT:  I didn't bring the order with me.  I

7  thought I had.  I am relatively sure that I signed an order

8  that said that the plan is confirmed.  The only thing I didn't

9  do was add this language.  I -- and I made a specific finding

10 that indicated that these are core issues.  To the extent that

11 it's a confirmation issue, it's clearly core.  It's listed as a

12 core issue.  There's no way I have the authority to say it's

13 non-core.  The confirmation, it is core.  Congress has said

14 that.  So, it's a core issue to the extent that it's

15 confirmation related.

16            My view is -- and I understand Mr. Lockwood's

17 premises argued last week.  My view is that with respect to the

18 issuance of the 524(g) injunction that, yes, I have the

19 jurisdiction to do it.  But, the way I read 157 whatever the

20 subsection was, I think it's non-core as to 524(g).  But, if

21 I'm wrong and it's core, no one is hurt by the fact that I

22 think it's non-core.

23            We are hurt with respect to the confirmation,

24 everybody is, if the Court doesn't do what the jurisdiction of

25 the Court is which is to confirm the plan.  And I thought my

1 order clearly confirmed the plan and then recommended that the

2 District Court enter an order of confirmation.  So, I think the

3 problem is it should have said probably -- this paragraph that

4 I omitted is the issue.  It should have been in there asking

5 the District Court to affirm.

6          MR. DONLEY:  I thank, Your Honor, and I may need just

7 a minute to confer with my client.  But, if we have a

8 clarification here on the record that, in fact, Your Honor, did

9 issue a confirmation order on January 31st, that there was an

10 exercise of court jurisdiction as stated with the qualification

11 being added in the order today that to the extent it's non-core

12 and so forth, the language Your Honor read at the start, with

13 those clarifications, that may work.  But, I just -- if I could

14 -- may I have a moment to confer --

15          THE COURT:  Yes.  Yes.

16          MR. DONLEY:  -- with counsel and our client?

17          THE COURT:  Those of you who have -- may I borrow

18 your confirmation -- copy of your confirmation order, Mr.

19 Frankel?  I'll return it in one minute.  Thank you.

20          MR. DONLEY:  May I take just a minute --

21          THE COURT:  Yes.

22          MR. DONLEY:  -- because I don't want to make that

23 commitment and I may be missing something and I want to confer

24 with --

25          UNIDENTIFIED ATTORNEY:  Your Honor, do you have a

1  copy of your memorandum opinion because there's a -- at the end

2  of your memorandum opinion regarding objections, after you say

3  not addressed, to be resolved, the Court recommends that the

4  District Court confirm --

5           THE COURT:  Yes.

6           UNIDENTIFIED ATTORNEY:  -- proponents amended to any

7  plan.

8           THE COURT:  That's what this says, too, or affirm.

9           UNIDENTIFIED ATTORNEY:  Yes.  And what you really

10 mean is affirm --

11          THE COURT:  Affirm.

12          UNIDENTIFIED ATTORNEY:  -- don't you?

13          THE COURT:  That's what -- yes, that's the problem, I

14 think.

15          UNIDENTIFIED ATTORNEY:  Yes.

16          THE COURT:  This -- I think this --

17          UNIDENTIFIED ATTORNEY:  So, it appears in both the

18 memorandum opinion and the order.  It's not just the order,

19 itself.

20          THE COURT:  Yes, it was my error in looking at this.

21 You know, it was my error in not putting the correct words into

22 this opinion.  That's correct.  But, I believe that's it's

23 clarified if I add this paragraph, that that should take care

24 of it.  Let's see here.

25          For example, on pages -- here's the problem.  On --

1  I'm just picking out one example.  On Page 75 and, again, on

2  Page 76, this is talking about the notice of the entry of the

3  confirmation order and it directs the parties to serve this

4  confirmation order and those are the words that are used.

5       So, if -- I understand the confusion of the parties.

6  I've confused myself and I apologize for that.  But, I think

7  the addition of this paragraph would solve the problem.  Mr.

8  Frankel, I'll return your copy.  Thank you.

9       MR. DONLEY:  Your Honor, on behalf of the debtors,

10 we'd make two other requests.  Just to bolster and support your

11 statement here on the record today, that confirmation order

12 was, in fact, entered.  Since the title still says recommended

13 findings on the start, we'd suggest just changing the title to

14 confirmation order is simply enough.  And at the end of the

15 order, it doesn't say so ordered and if those words could be

16 are so ordered, the judge then decreed whatever the usual words

17 are.  If that could be added at the end, we think that would be

18 helpful.

19      THE COURT:  All right.  I think what I may do is a

20 revised and simply -- or maybe a supplemental to clarify.  I

21 think I will simply issue an order that is a supplement to the

22 confirmation order and clarifies it to correct my own -- I

23 don't know if it's considered to be administerial, or not.

24 I -- that's what I will view it as.  It was simply I was trying

25 very hard to get the opinion filed by January 31st and, as a

1 result, I think I simply wasn't careful enough in making that

2 finding the way it should have been made.  So, I will issue

3 that supplement.

4          To the extent that there is an appeal issue, however,

5 it seems to me that the appeal time will have to start running

6 from the day I issue the supplement because this was not clear

7 and I am -- I think I am not in a position to be able to

8 jeopardize parties' appeal rights.  I don't think it matters

9 anyway since BNSF has a motion for reconsideration pending.

10 It's irrelevant.  The time to file an appeal won't end until

11 that's done, in any event, but I think just to be clear, I

12 should make it clear that this entry on the docket will start

13 the appeal period.

14          MR. DONLEY:  Yes, Your Honor.  With the one proviso

15 we'd request that Your Honor's supplemental order or

16 supplemental document, whatever it's called, be nunc pro tunc

17 to January 31st, so there's no question that there was a

18 confirmation order insofar as the effectuation of the Canadian

19 ZAI settlement took place.

20          THE COURT:  All right.  Well, I'm -- I have no issue

21 before me with respect to the Canadian ZAI settlement.   In

22 terms of clarifying the opinion and the order that I issue, I

23 will clarify the opinion and the order that I issue.   And

24 whatever the effect is on the Canadian ZAI, that's what the

25 effect will be.  I don't have an issue before me and I'm not

1  adjudicating that, but I will clarify the confusion that I

2  created.

3         MR. DONLEY:  And the clarification is as to what Your

4  Honor intended on January 31st as I understand, is that --

5         THE COURT:  I will clarify it, Mr. Donley.  To the

6  best of my ability, I will clarify it.  If you're not happy

7  with it, appeal.  That's all I can tell you.

8                       (Laughter)

9         MR. DONLEY:  All right.  Well, I hope to be very

10  happy with it, Your Honor.

11                      (Laughter)

12         MR. DONLEY:  I'm an optimist.

13         THE COURT:  Okay.  This isn't going to happen until

14  tomorrow when I have a chance to get back to Pittsburgh and

15  take a look at the documents.  I want to make sure that I

16  actually get all of the clarifications clarified, but I will

17  make sure that Judge Buckwalter has a copy of the changes.  I

18  will have someone on my staff notify him that this supplement

19  is coming, so that he'll be aware.  He may be confused by it,

20  too.

21         MR. DONLEY:  One other matter -- or related matter,

22  Your Honor.  On the BNSF motion for reconsideration, we're, of

23  course, very eager to move ahead as rapidly as possible with

24  this case and I know that's not formally set until March 28th.

25  We had talked informally with Ms. Casey about having an

1 expedited schedule and I understand she's agreeable.  We didn't

2 have dates, but if we could try to get a date for a response

3 and a hearing that, you know, doesn't push out into the end of

4 March.  But, if we could try to get something --

5             MR. LOCKWOOD:  Before we --

6             MR. DONLEY:  Mr. Lockwood's involved.

7             MR. LOCKWOOD:   -- address that, could we find out

8 whether anybody else is planning on filing a motion to

9 reconsider because I believe that the due date is the close of

10 business today and our schedule might be affected by whether

11 we're only addressing the BNSF motion or whether other folks in

12 the room are imminently going to file something after we leave

13 the courtroom.

14             MR. DONLEY:  Okay.

15             THE COURT:  If you --

16             MR. DONLEY:  Agreed.

17             THE COURT:  Mr. Monaco?

18             MR. MONACO:  Good morning, again, Your Honor.  Frank

19 Monaco on behalf of Montana and Canada.  Your Honor, to that

20 point, Montana kind of do intend to join in -- partially join

21 in the third point raised by BNSF in their motion, so we were

22 going to file a joinder today.

23             THE COURT:  Okay.  But, that won't raise a new issue.

24             MR. MONACO:  No.

25             THE COURT:  Okay.

1          MR. MONACO:  It will not raise a new issue.

2          THE COURT:  All right.

3          MR. MONACO:  And while I'm at the podium, Your Honor,

4  I did want to apologize to the Court and to the parties on the

5  phone on Friday.  Just as I started to address the Court, a

6  fire sprinkler apparently burst and there was a fire alarm.  We

7  had to evacuate and I --

8          THE COURT:  We really didn't want you burned up,

9  literally, Mr. Monaco.

10          MR. MONACO:  So, I do apologize to the Court.

11          One other housekeeping matter, Your Honor, with

12  respect to the -- we filed joinders to the --

13          THE COURT:  Yes.

14          MR. MONACO:  -- 9033 and I just want to make clear

15  for the record that Your Honor's order, which I believe was

16  entered on Friday, that extension applies to all parties.

17          THE COURT:  Yes, sir.

18          MR. MONACO:  Okay.

19          THE COURT:  It applies to everyone and I will not

20  change that date.  I think if you need an additional extension,

21  you've got a status conference in front of Judge Buckwalter and

22  if you need additional time, I really think you should ask

23  him --

24          MR. MONACO:  All right.

25          THE COURT:  -- for that additional time.

1          MR. MONACO:  Okay.  And, Your Honor, may I also just

2    briefly address the finality issue --

3          THE COURT:  Yes.

4          MR. MONACO:  -- on here.  Your Honor, I don't

5    disagree with Your Honor's analysis as you set forth on Friday.

6    I won't belabor the point.  I think you had it right with

7    respect to 524(g)(3)(A) and the interplay of Section 157, I

8    think the language you're proposing goes a long way to fixing

9    that.

10         One thing I'm just still a little bit unclear is the

11   effect of the separate recommendations that are now deemed or

12   termed recommendations versus the opinion.  The opinion still

13   has findings of fact that involve non-core issues and I want it

14   clear for the record that any order --supplemental order that

15   will be entered by Your Honor doesn't make the entire opinion a

16   final order with respect to issues that may be ultimately non-

17   core.

18         THE COURT:  That's up to Judge Buckwalter to

19   determine.

20         MR. MONACO:  Okay.

21         THE COURT:  All I can do is --

22         MR. MONACO:  Well, Your Honor, one of the things I

23   was going to actually suggest is that we just defer this until

24   Wednesday and let him address it, but --

25         THE COURT:  No, I think I need to clarify my own

1  confirmation --

2          MR. MONACO:  Okay.

3          THE COURT:  -- order, Mr. Monaco.  I should not have

4  issued the order that caused this kind of confusion and I think

5  it's up to me to clarify it.  So, I'm going to clarify it.  I

6  hope --

7          MR. MONACO:  Okay.

8          THE COURT:  -- to do it in a fashion that, you know,

9  is non-controversial, but based on what's happened in this

10 case, I'm not sure anything can do anything in the case that's

11 non-controversial.  But, I'll do my best.

12         MR. MONACO:  Okay.  Thank Your Honor.

13         THE COURT:  Mr. McDaniel?

14         MR. McDANIEL:  Good morning, Your Honor.  Garvan

15 McDaniel for Arrowood.  Your Honor, hopefully this is

16 non-controversial.  Arrowood was planning on filing a motion

17 for a technical amendment.  There's just a mistake in one of

18 the annexes regarding to one of Arrowood's names, so we just --

19 we were planning on filing that and we just wanted to bring

20 that to the Court's attention.

21         THE COURT:  Okay.  I don't think that should be an

22 issue that would have any objection.  If you can file it

23 before --

24         MR. McDANIEL:  I can --

25         THE COURT:  -- tomorrow, I might be able just to

1 incorporate that change into this confirmation order, Mr.

2 McDaniel.  That's not an appeal issue or anything.

3          MR. McDANIEL:  Right.  I will file as soon as I get

4 back to my office and email it to your mailbox, Your Honor.

5          THE COURT:  Okay.  That would be helpful and that

6 way, when I get it, I -- if that's all it is, is a change to a

7 name, I'll just make that technical correction.

8          MR. McDANIEL:  It's just from Arrowood Capital to

9 Arrowpoint Capital.  That's it.

10          THE COURT:  Okay.  Then I'll make that technical

11 correction.  Are there any of those other types of simply

12 technical corrections that need to be addressed?

13                    (No verbal response)

14          THE COURT:  If so, would you please file them today,

15 so that tomorrow morning, when I'm back in the office, I can

16 take a look at them and consider them all.  But, please, make

17 sure you send them to the JKF box.  If you don't, I won't see

18 them.

19          Okay.  It looks like no one else is filing motions

20 for reconsideration, so what have you worked out?

21          MR. DONLEY:  We didn't have a chance to work out

22 dates, but, Your Honor, we'd be able to reply to the motion

23 within a week by say February 22, and would ask for a hearing

24 as soon as possible after that, that Your Honor could be

25 available.

1          THE COURT:  Can you get into the Pittsburgh calendar?

2          COURT CLERK:  (Indiscernible).  The earliest is --

3          THE COURT:  Okay.  Will you need to reply?

4          MR. DONLEY:  I will say I don't think it will take

5    much time.  It's a reasonably discreet issue, I believe.

6          THE COURT:  Will you need to reply, Ms. Casey?

7          MS. CASEY:  Well, we would like to reserve the right

8    to reply.  Yes, Your Honor.

9          THE COURT:  How much time?

10         MS. CASEY:  A week would be fine.

11         THE COURT:  Okay.  That's June 29.

12         MR. DONLEY:  Whoa.

13         UNIDENTIFIED ATTORNEY:  June?

14         THE COURT:  I'm sorry, February.

15         UNIDENTIFIED ATTORNEY:  I think it's March 1st.

16   March 1st.

17         THE COURT:  March 1st.  That's what happens when you

18   have granddaughters born in February and in June and you go to

19   their birthday parties.

20                         (Laughter)

21         THE COURT:  This argument will be in Pittsburgh.  You

22   can appear by phone if you'd like.  I don't think it's going to

23   take that much time really.  We'll notify court call.  I can do

24   March 7th in the morning.  I have a procedure that I've agreed

25   to do with the District Court at 12:30, so I'd had to be

1 finished by 12 to get there.

2          MR. DONLEY:  Can -- is there noting the week before

3 that would be possible?

4          COURT CLERK:  In February?

5          THE COURT:  No, March -- the week of March 1st.

6          THE COURT:  The week of March 1?

7          COURT CLERK:  How much time?

8          THE COURT:  An hour?

9          MR. DONLEY:  That would be well sufficient, I'd

10 imagine.  Yes.

11          THE COURT:  Their response is due March 1st.

12          COURT CLERK:  Right.  So, that will (indiscernible).

13          THE COURT:  What time does that start, ten?

14          COURT CLERK:  (Indiscernible).

15          THE COURT:  At what time, ten?  What day was that?

16          COURT CLERK:  That's March 2nd.

17          MR. DONLEY:  That would be terrific, Your Honor.

18          THE COURT:  Can I shorten your time by a day, so I

19 have a chance to have your reply?

20          MS. CASEY:  Yes, Your Honor.

21          UNIDENTIFIED ATTORNEY:  I'm sorry, Your Honor.  What

22 was the day?

23          THE COURT:  March 2nd at nine o'clock.

24          MR. DONLEY:  In Pittsburgh, Your Honor, correct?

25          THE COURT:  In Pittsburgh, but you can appear by

1 court call.

2           MR. DONLEY:  Okay.

3           THE COURT:  We'll make the arrangements.  Well, we'll

4 notify the court call.  You'll have to call in as usual, but

5 then BNSF's reply is due February 28, so that I have a chance

6 to read it.  Okay.

7           MR. DONLEY:  Thank you, Your Honor.

8           COURT CLERK:  At the same time, they should apply

9 for --

10           MR. DONLEY:  Oh, and I assume the same timing for Mr.

11 Monaco's joinder and any filings he may make.

12           THE COURT:  Yes.  Mr. Monaco, does that work?

13           MR. MONACO:  Yes, Your Honor.

14           THE COURT:  Okay.  Okay.  So, I have responses

15 February 22, and replies, February 28, the argument March 2nd

16 at nine in Pittsburgh, but you may appear by phone.  Okay.  All

17 right, folks, is -- I think that's all on Grace.

18           COURT CLERK:  That is.

19           THE COURT:  Okay.  Thank you.

20           UNIDENTIFIED ATTORNEY:  Thank you, Your Honor.

21           UNIDENTIFIED ATTORNEY:  Thank you, Your Honor.

22                   * * * * *

23

24

25

## **C E R T I F I C A T I O N**

       I, AMY L. RENTNER, certify that the foregoing is a correct transcript, to the best of my ability, from the electronic sound recording of the proceedings in the above-entitled matter.


/s/ Amy Rentner

AMY RENTNER

J&J COURT TRANSCRIBERS, INC.    DATE:  February 16, 2011