<u>**EXHIBIT A**</u>

**Form of Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) Re docket no. _____ |
|  | ) Hearing Agenda item no. _____ |
|  | ) |

## ORDER AUTHORIZING, BUT NOT REQUIRING, THE DEBTORS TO MAKE CONTRIBUTIONS TO THE GRACE RETIREMENT PLANS

Upon consideration of the Debtors' *Motion for Entry of an Order Authorizing, but not Requiring, the Debtors to Make Contributions to the Grace Retirement Plans* (the "Motion"); and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby ORDERED that:

1.     The Motion is granted in its entirety.

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594, 24657 & 25881 (the "Plan").

2.   The Debtors are authorized, but not required, to make a series of contributions in 2011 to their defined benefit retirement plans covering the Debtors' employees in the United States (the "Grace Retirement Plans" or the "Plans") totaling approximately $236 million (collectively, the "2011 Contribution") on the terms and conditions set forth in the Motion.

3.   The Debtors are authorized to take all actions that may be necessary to undertake the 2011 Contribution.

4.   The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the 2011 Contribution.

5.   This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under any of Fed. R. Bankr. P. 6004(h), 9014 or otherwise.

Dated: _____, 2011

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

2

<u>**EXHIBIT B**</u>

**Prior Total Contributions By Calendar Year**

| Due Date | 2007 | 2008 | 2009 | 2010 | 2011 |
|---|---|---|---|---|---|
| January 15 | $16,279,562 | $14,830,385 | $7,604,629 | $8,757,675 | $9,923,857 |
| April 15 | $20,567,271 | $17,823,645 | $8,533,803 | $9,924,866 | -- |
| July 15 | $8,982,359 | $20,284 | $8,164,422 | $9,924,866 | -- |
| September 15 | $15,343,157 | $10,528,926 | $4,834,598 | $7,399,564 | -- |
| October 15 | $14,830,385 | $5,820,937 | $8,628,679 | $9,924,866 | -- |
| **Totals** | $76,002,734 | $49,026,185 | $37,768.140 | $45,931,837 | $9,923,857 |

<u>EXHIBIT C</u>

**Projected Cash Impact Of Making 2011 Contribution (in Millions)**

| Year | With 2011 Contribution | Minimum Contributions Only | Cash-Flow Savings |
|---|---|---|---|
| 2011[1] | $245.7 | $ 65.8 | ($179.9) |
| 2012 | $ 39.5 | $ 89.4 | $49.9 |
| 2013 | $ 49.9 | $ 91.1 | $41.2 |
| 2014 | $ 44.3 | $ 85.8 | $41.5 |
| 2015 | $ 32.0 | $ 70.1 | $38.1 |
| 2016 | $ 32.0 | $ 60.0 | $28.0 |
| 2017 | $ 22.3 | $ 29.9 | $7.6 |
| **Totals** | **$465.7** | **$492.1** | **$26.4** |

---

[1]    The amount for 2011 includes a cash contribution of approximately $9.9 million made in January 2011. *See* <u>Exhibit A</u>.

<u>**EXHIBIT D**</u>

**Projected Reduction in Pension Expense Due to 2011 Contribution (in Millions)**

| Year | With 2011 Contribution | Minimum Contributions Only | Pension Expense Reduction |
|------|------------------------|----------------------------|---------------------------|
| 2011[1] | $40.5 | $50.9 | ($10.4) |
| 2012 | $37.2 | $45.7 | ($8.5) |
| 2013 | $38.9 | $43.3 | ($4.4) |
| 2014 | $41.0 | $42.2 | ($1.2) |
| 2015 | $41.5 | $42.3 | ($0.8) |
| 2016 | $41.0 | $42.0 | ($1.0) |
| 2017 | $40.3 | $40.5 | ($0.2) |
| **Totals** | **$280.4** | **$306.9** | **($26.5)** |

---

[1]    The amount for 2011 includes a cash contribution of approximately $9.9 million made in January 2011.

**E**XHIBIT **E**

**O'Connell Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) Hearing Date: March 28, 2011, at 9:00 a.m. |
|  | ) Objection Deadline: March 11, 2011 |

**DECLARATION OF JOHN JAMES O'CONNELL III IN SUPPORT OF MOTION FOR
ENTRY OF AN ORDER AUTHORIZING, BUT NOT REQUIRING, THE DEBTORS TO
MAKE CONTRIBUTIONS TO THE GRACE RETIREMENT PLANS**

|  |  |  |
|---|---|---|
| STATE OF NEW YORK | ) | |
|  | ) ss. | |
| COUNTY OF NEW YORK | ) | |

John James O'Connell III, after being duly sworn according to law, deposes and says:

1.    I am over the age of 18 and competent to testify. I am a Managing Director of

Blackstone Advisory Partners L.P. ("Blackstone"), a financial advisory firm whose principal

address is 345 Park Avenue, New York, New York 10154. Blackstone serves as financial

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

advisor to the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in the captioned cases.

2.     I am generally familiar with the Debtors' business affairs and restructuring. Blackstone has served as financial advisor to the Debtors since April 2001, and I have been personally involved in advising the Debtors since July 2004. This declaration is based on my personal knowledge, relevant documents that I have reviewed, information that has been supplied to Blackstone by employees of the Debtors, and my expert opinions. If called upon to testify, I could and would testify competently to the facts and opinions contained in this declaration.

3.     As of December 31, 2010, the Debtors had on hand approximately $1.1 billion of cash on a consolidated basis. Pursuant to the terms of the Plan, the Debtors would have paid approximately $1.6 billion of allowed claims on a pro forma basis assuming they emerged from bankruptcy on December 31, 2010. As such, the Debtors have estimated, on a pro forma basis assuming a December 31, 2010 exit from bankruptcy, that in addition to then-existing cash balances, they would have needed an exit financing credit facility ("Exit Facility") in the amount of approximately $600 million to fund such projected emergence payments.

4.     The Additional Contribution may require the Debtors to increase the Exit Facility's size. Any such increase would depend upon a number of factors, including the timing of their exit from bankruptcy. The Debtors have more than ample liquidity and debt capacity to support any additional borrowing that the Debtors determine in their business judgment would be necessary as a result of the Additional Contribution being made. Regardless of whether the Additional Contribution is made, the Debtors' capital structure, based upon relevant credit statistics, will remain conservative.

5.     Moreover, the major credit rating agencies Moody's and Standard & Poor's treat after-tax underfunded pension obligations as debt for purposes of their credit analysis.[2] Thus, even if the size of the Exit Facility were to increase as a result of the Debtors having made the Additional Contribution, such an increase would not be viewed as an increase in the Reorganized Debtors' overall debt level. Instead, to the extent that the Exit Facility does increase in size, the Debtors and their advisors believe that the Additional Contribution would be better viewed as an exchange of highly volatile and uncertain unfunded pension benefit obligations for a fixed amount of debt at a contractual interest rate.

6.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

John James O'Connell III
Managing Director
Blackstone Advisory Partners L.P.

SWORN AND SUBSCRIBED before me,
this 17 day of February 2011

Notary Public

My Commission Expires:     11/13/11

ERIN L ARNOLD
NOTARY PUBLIC-STATE OF NEW YORK
No. 01AR6177287
Qualified in Kings County
My Commission Expires November 13, 2011

---

[2]    See Standard & Poor's *Pension Deficits Pose Risks to Corporate Credit, Despite Funding-Relief Measures*, June 2010 and Moody's *Managing Ratings with Increased Pension Liability*, March 2009.