IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Hearing Date: March 28, 2011, at 9:00 a.m. |
| ) | Objection Deadline: March 11, 2011 |

## MOTION FOR AN ORDER LIFTING THE AUTOMATIC STAY TO ALLOW THE STATE COURT LITIGATION REGARDING CLAIM NO. NO. 9566 (ROBERT H. LOCKE) TO PROCEED

The Debtors respectfully move this Court for the entry of an order substantially in the form attached hereto as Exhibit I (the "Order"), approving the Debtors' entry into the *Stipulation Requesting the Lifting of the Automatic Stay in Regard to Claimant Robert H. Locke*, attached to the Order as Exhibit A (the "Locke Stipulation") and lifting the automatic stay as to the litigation matter (the "Locke Action") captioned *Robert Locke v. W. R. Grace & Co.-Conn and Robert J. Bettacchi*, Civil Action No. 99-2530 (Mass. Sup. Ct., Middlesex Cty., hereinafter the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

"Massachusetts Trial Court") so that the Locke Action may proceed to trial in the Massachusetts Trial Court.[2]

In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.  The predicates for this Motion are section 362 of the Bankruptcy Code and Fed. R. Bankr. P. 9019.

## BACKGROUND

### I. THE LOCKE ACTION

3.  On or about May 18, 1999, as set forth more fully in the Locke Stipulation and other papers filed with this Court regarding the Locke Action, Locke commenced the Locke Action, asserting claims of employment discrimination against the Debtors and Bettachi (collectively, the "Defendants"). On or about January 2, 2001, the Massachusetts Trial Court entered an order granting a motion to compel the Defendants to respond to certain discovery requests submitted by Locke. Another order granting a motion to compel discovery was entered in May 2001 (together, the "Discovery Order"). On or about January 22, 2001, the Defendants filed a motion for summary judgment seeking a judgment in favor of the Defendants on all counts of the Locke Action (the "Summary Judgment Motion").

4.  On or about April 27, 2001, this Court entered a preliminary injunction staying actions against certain non-debtor affiliates of the Debtors (the "Injunction"). The Court later

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Locke Stipulation or the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594, 24657 & 25881 (the "Plan").

extended the Injunction to stay actions against current and former directors, officers and employees of the Debtors arising out of their employment with the Debtors. Thus extended, the Injunction fully stayed the Locke Action.

## II.   THE LOCKE CLAIM

5. On March 28, 2003, Locke filed Claim No. 9566 (the "Locke Claim") against the Debtors in the amount of approximately $6-7 million for age and handicap discrimination as alleged in the Locke Action. On or about May 19, 2003, the parties entered into a stipulation which partially lifted the automatic stay and the Injunction to permit the parties to the Locke Action to complete discovery as set forth in the Discovery Order, prosecute and defend the Summary Judgment Motion and to take such actions as necessary or appropriate to exercise their rights of appeal, if any, with respect to the Summary Judgment Motion, until such rights had been exhausted. On or about November 16, 2004, the Summary Judgment Motion was granted as to the age discrimination claims, but it was denied as to the disability claims.

6. On June 27, 2005, this Court entered an order expunging the Claim.

## III.   ALTERNATIVE DISPUTE RESOLUTION & THE LOCKE STIPULATION

7. In November 2006, the Debtors and Locke entered into a stipulation (Docket no. 13735) (the "Reinstatement Stipulation") to reinstate the Locke Claim solely as to the disability claim and refer the Locke Claim to mediation pursuant to this Court's order (the "ADR Order") establishing an alternative dispute resolution program (the "ADR Procedures"). On November 28, 2006, the Court entered an order authorizing the Debtors to enter into the Reinstatement Stipulation and reinstating the Locke Claim solely as to the disability claim (Docket no. 13817).

8. On December 20, 2006, the Debtors filed their *Debtors' Objection to Claim of Robert H. Locke and Agreement for Referral to Mediation* (Docket no. 14100) (the "Objection"). On January 4, 2007, Locke filed his *Response of Claimant Robert H. Locke to Debtors' Objection*

*to Claim of Robert H. Locke* (Docket no. 14218) (the "Locke Objection Response"). The Debtors and Locke have since participated in the mediation program,. But the parties were unable to resolve the Locke Claim.

9. On January 31, 2011, the Debtors and Locke executed the Locke Stipulation.

10. The ADR Procedures contemplate that parties who are unable to resolve their claims should proceed with "mature litigation" to resolve such claims once the automatic stay has been lifted. The ADR Procedures further provide that the Debtors have "sole discretion to determine whether a particular ADR claim involves 'immature' or 'mature' litigation". ADR Procedures at § 10.0. The Debtors and Locke have stipulated that the Locke Action is "mature litigation", and so they have therefore agreed that the automatic stay should be lifted to permit the Locke Action to proceed in the Massachusetts Trial Court.

## RELIEF REQUESTED

11. The Debtors respectfully request the Court enter the Order: (i) approving the Debtors' entry into the Locke Stipulation; (ii) lifting the automatic stay to allow the Locke Action to proceed; and (iii) providing that this Court shall retain jurisdiction over the allowance (or disallowance, as the case may be) of the Locke Claim, including but not limited to the Objection, the Locke Objection Response, any additional related pleadings that may be filed regarding the Locke Claim and any determination of whether the Locke Claim should be allowed or disallowed based upon any judgment rendered in the Locke Action.

## ANALYSIS

12. Section 362(a) provides in relevant part that the commencement of a chapter 11 bankruptcy case:

operates as a stay, applicable to all entities, of—

4

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title ...

Section 362(d) provides in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest ...

13. The Debtors respectfully submit that sufficient cause exists for lifting the automatic stay so that the Locke Action may proceed in the Massachusetts Trial Court. In particular:

- The ADR Procedures specifically contemplate that the automatic stay should be lifted in order to allow "mature litigation" to go forward when alternative dispute resolution has failed to resolve a claim such as the Locke Claim; and

- The Debtors and Locke have stipulated that the Locke Action is "mature litigation", thereby consensually resolving this next procedural step in adjudicating the Locke Claim. Fed. R. Bankr. P. 9019.

The Debtors therefore request the Court enter the Order approving the Debtors' entry into Locke Stipulation pursuant to Fed. R. Bankr. P. 9019 and lifting the automatic stay so that the Locke Action may go forward.

### NO PREVIOUS MOTION

14. No previous motion for the relief sought herein has been made to this or any other court.

### NO BRIEFING SCHEDULE

15. The Debtors respectfully submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil

Practice and Procedure of the United States District Court for the District of Delaware (the "<u>Local District Court Rules</u>"), incorporated by reference in Del. Bankr. L.R. 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules

## <u>NOTICE</u>

16. Notice of this Motion has been given to: (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) counsel for Locke. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Debtors respectfully request the Court enter the Order: (i) approving the Debtors' entry into the Locke Stipulation; (ii) lifting the automatic stay as to the Locke Action; and (iii) granting such other relief as may be appropriate.

Dated: February 18, 2011

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession