## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Hearing Date: March 28, 2011, at 9:00 a.m.** |
| | ) **Objection Deadline: March 11, 2011** |
| | ) |

## DEBTORS' MOTION FOR AN ORDER AUTHORIZING CREATION OF A NONDEBTOR FOREIGN SUBSIDIARY HOLDING COMPANY STRUCTURE

The above-captioned debtors and debtors in possession (the "Debtors") respectfully request that the Court (the "Motion") enter an order substantially in the form attached hereto as Exhibit A (the "Order") authorizing the Debtors to establish a nondebtor foreign subsidiary holding company structure (the "Netherlands HoldCo Structure"), pursuant to which Debtor W. R. Grace & Co.-Conn. ("Grace-Conn.") will transfer its equity interests in certain of its non-debtor foreign subsidiaries (the "Nondebtor HoldCo Subsidiaries", a list of which is set forth in Exhibit B to this Motion) to a holding company (the "Netherlands HoldCo") whose equity

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

interests will be wholly owned by Grace-Conn., and which the Debtors intend to domicile in the Netherlands.[2] Establishing the Netherlands HoldCo Structure will:

- Centralize, simplify, and increase the cost effectiveness and tax efficiencies of the financing, cash management and other activities of certain of the Debtors' nondebtor foreign subsidiaries;

- Preserve foreign tax credits and maximize the availability of the net operating losses expected to result from payment of claims under the Plan; and

- Optimize the corporate structure of the Debtors' nondebtor foreign subsidiaries, which will streamline the Debtors' proposed exit financing.

In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.       The predicate for this Motion are sections 105 and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 6004.

## BACKGROUND

### A.       The Debtors' Foreign Business Operations

3.       In recent years, the Debtors have expanded their foreign business operations in both established and new markets in Asia, the Middle East, Europe and Latin America. As part of their overall business strategy, the Debtors intend to continue expanding their foreign business operations. Such expansion will inevitably increase demands for capital to support ongoing business operations and to fund capital investments and strategic transactions.

---

[2]     Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594 and 24657 and 25881 (the "Plan").

4.      Exhibit B to this Motion lists those entities that the Debtors expect will be Nondebtor HoldCo Subsidiaries. None of these entities are Debtors in these chapter 11 cases. In most cases, Grace-Conn. holds 100% of the equity interests of the Nondebtor HoldCo Subsidiaries. Certain other Debtors may hold minority equity interests in one or more of the Nondebtor HoldCo Subsidiaries in cases where the jurisdiction at issue requires more than one equity holder. The Debtors may in their business judgment include additional non-debtor foreign subsidiaries (100% of whose equity interests are held by Grace-Conn. or by another Debtor) to the Nondebtor HoldCo Subsidiaries.

**B.      The Foreign Subsidiary Holding Company Structure**

5.      Netherlands HoldCo will be the parent company of the Netherlands HoldCo Structure. Grace-Conn. will own 100% of Netherlands HoldCo's equity interests. Netherlands HoldCo will be organized under the laws of the Netherlands. Grace-Conn. will transfer the equity interests of the Nondebtor HoldCo Subsidiaries to Netherlands HoldCo to create the Netherlands HoldCo Structure. Any subsidiaries of the Nondebtor HoldCo Subsidiaries will become indirect subsidiaries of Netherlands HoldCo. No Nondebtor HoldCo Subsidiary (nor any portion of the equity thereof nor any assets held by any Nondebtor HoldCo Subsidiary) will be transferred outside the Grace corporate group as a result of the transactions contemplated by the creation of the Netherlands HoldCo Structure. To the extent that another Debtor holds a minority interest in a NonDebtor Netherlands HoldCo Subsidiary, that Debtor either may retain any such interest or transfer that interest to Netherlands HoldCo.

6.      The Debtors believe that the proposed transfers will involve acceptable tax and other costs. To the extent that they determine subsequent to this Court's entry of the Order that any proposed transfer would incur unexpectedly high tax and/or other costs or present some other legal or operational issue requiring resolution, the Debtors in their business judgment may

3

either: (a) revise the proposed transactions to avoid or minimize any such costs or to resolve any other legal or operational issue; or (b) not undertake the contemplated transaction.

## C.    Benefits of the Netherlands HoldCo Structure

7.    The Netherlands HoldCo Structure will benefit the Debtors' ongoing business operations, which will redound to the Debtors' benefit and that of their estates.    Moreover, the Netherlands HoldCo Structure will not adversely affect creditor interests.    In particular, the Netherlands HoldCo Structure will:

- *Permit the Foreign Holding Company to Operate in a Favorable Jurisdiction.*

8.    The Netherlands is a highly favorable jurisdiction in which to establish the Netherlands HoldCo Structure.  The Netherlands: (i) has an extensive and favorable tax treaty network, which allows for efficient capital transfers; (ii) does not impose currency exchange restrictions; and (iii) provides an attractive legal infrastructure in which to operate sophisticated business enterprises, including business-friendly civil and commercial law and a favorable corporate tax regime.

- *Consolidate and Streamline Cash Management.*

9.    A key purpose of the Netherlands HoldCo Structure is to establish a centralized cash management system that will: (i) enhance cash management and oversight; (ii) reduce foreign exchange risks by permitting centralized currency monitoring and management; and (iii) simplify intercompany financing transactions within the Netherlands HoldCo Structure. Centralizing cash management will thus reduce both administrative costs and burdens and a variety of cash management-related risks.

- *Improve Tax Efficiency and Preserve Anticipated Net Operating Losses and Foreign Tax Credits.*

10.     The Netherlands HoldCo Structure will enable Grace to transfer capital from one foreign subsidiary to another by dividending the needed funds to Netherlands HoldCo, which will then contribute or loan such funds to the target subsidiary.  Under current law, such transfers will not cause the Debtors or Reorganized Debtors to recognize any portion of the transferred funds as income for U.S. tax purposes.  By contrast, as Grace's foreign subsidiaries are currently organized, transferring capital from one foreign subsidiary to another may require the transferring foreign subsidiary to dividend funds to Grace-Conn. so that Grace-Conn. can then contribute or loan those funds to the target foreign subsidiary.  Such dividends to Grace-Conn. are income for U.S. income tax purposes, and Grace-Conn. historically has been able to apply its foreign tax credits (FTCs) to shield such income from tax.

11.     Upon emergence from Chapter 11, the Debtors expect that payment of bankruptcy claims will generate substantial net operating losses (NOLs) for U.S. tax purposes.  Applicable tax law requires any existing NOLs be applied to income, including foreign dividend income, until all such NOLs have been exhausted before available FTCs can be applied, and the unused FTCs to be carried forward.  The Debtors expect that such FTCs would expire unused, because the FTC carryover period is much shorter than the NOL carryover period.

12.     Thus, the current foreign subsidiary structure combined with the expected NOL increase upon emergence would likely involve use of the NOLs to shield dividends for foreign subsidiary financing from U.S. tax, and loss of the value of the FTCs.  By contrast, the Netherlands HoldCo Structure will permit financing between foreign subsidiaries without recognizing U.S. tax or affecting the NOLs or FTCs of the Reorganized Debtors.

DOCS_DE:167963.1

- *Optimize Foreign Subsidiary Alignment in Preparation for Exit Financing.*

13.    In order to emerge from chapter 11, the Debtors will enter into debt financing arrangements, the proceeds of which will be used to pay claims pursuant to the terms of the Plan. Having the Netherlands HoldCo Structure in place prior to negotiating the terms of an exit financing facility will enable the Debtors and their lenders to structure the financing based on an optimal corporate structure.  If the Netherlands HoldCo Structure were not to be established until after the exit financing were consummated, the Debtors likely would need to amend the debt documentation to reflect the changes in corporate structure, which could entail the Reorganized Debtors incurring potential costs and time delays that they otherwise would avoid if the Debtors were to establish the Netherlands HoldCo Structure prior to the negotiating and entering into the contemplated exit financing arrangements.

### RELIEF REQUESTED

14.    By this Motion, the Debtors seek entry of the Order attached to this Motion as Exhibit A authorizing, but not requiring them, to:

    (i)    Establish the Netherlands HoldCo Structure by: (a) establishing Netherlands HoldCo (whether by transferring the equity interests of an existing entity or establishing a new entity), 100% of the equity interests of which will be held by Grace-Conn.; and (b) Grace-Conn. transferring to Netherlands HoldCo its equity interests in the Nondebtor HoldCo Subsidiaries; and

    (ii)    Consummate any and all transactions necessary to create the Netherlands HoldCo Structure on the terms and conditions set forth in clause (i) above.

### ANALYSIS

15.    Section 363(b) of the Bankruptcy Code provides, in relevant part, that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b).  Courts in this jurisdiction may approve such use of estate property outside the ordinary course of business if the debtor establishes that:

6

(1) a sound business purpose exists for the sale; (2) the sale price is
fair; (3) the debtor has provided adequate and reasonable notice;
and (4) the purchaser has acted in good faith.

*In re Decora Indus.*, 2002 U.S. Dist. LEXIS 27031, 7-8 (D. Del. May 20, 2002), citing *In re*

*Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991). *See also In re Abbotts Dairies*

*of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d

Cir. 1983); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) ("In

evaluating whether a sound business purpose justifies the use, sale or lease of property under

Section 363(b), courts consider a variety of factors, which essentially represent a 'business

judgment test'."); *Fulton State Bank v. Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) ("a debtor's

decision must be supported by an articulated business justification"); *Stephen Indus., Inc. v.*

*McClung*, 789 F.2d 386,390 (6th Cir. 1986) (adopting the "sound business purpose" standard for

sales proposed pursuant to section 363(b)).

16.     Once the debtor has articulated such a valid business purpose, however, a

presumption arises that the debtor's decision was made on an informed basis, in good faith and

in the honest belief that the action was in the debtor's best interest. *See In re Integrated*

*Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992). A party-in-interest seeking to challenge the

debtor's valid business purpose must "produce some evidence supporting its objections."

*Montgomery Ward*, 242 B.R. at 155.

17.     The establishment of the Netherlands HoldCo Structure meets each of the

foregoing requirements.

18.     *Sound Business Reason*.  Establishing the Netherlands HoldCo Structure prior to

exiting chapter 11 will optimize the Debtors' ability to efficiently transfer capital to and among

foreign subsidiaries post-emergence within the anticipated restrictions to be put into place as part

of their exit financing arrangements.  The Debtors also anticipate additional tax efficiencies,

7

improved cash and currency management practices and certain administrative efficiencies will accrue as a result of creating the contemplated holding company structure.

19.    *Fair and Reasonable Consideration*.    There is no significant expense to consummating the contemplated transactions other than routine administrative costs. These costs (to the limited extent that they are incurred by the Nondebtor HoldCo Subsidiaries) are outweighed by the various benefits discussed in this Motion that the Debtors anticipate will accrue from the creation of the Netherlands HoldCo Structure.

20.    *Good Faith*.    The Debtors have properly exercised their business judgment in developing the Netherlands HoldCo Structure and the contemplated transactions necessary to put that structure into place after extensive analysis of the associated costs and benefits.

21.    *Notice*.    The Debtors have been consulting with advisors to the statutory committees appointed in these chapter 11 cases and the future claimants' representatives, and they have given notice of this Motion to the parties listed in ¶ 25 of this Motion.

## NO PREVIOUS MOTION

22.    No previous motion for the relief sought herein has been made to this or any other court.

## NO BRIEFING SCHEDULE

23.    The Debtors respectfully submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Del. Bankr. L.R. 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

## NOTICE

24.     Notice of this Motion has been given to:  (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; and (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

*(Remainder of Page Intentionally Left Blank)*

DOCS_DE:167963.1

The Debtors respectfully request the Court enter the Order substantially in the form attached hereto as <u>Exhibit A</u> authorizing the Debtors: to (i) establish the Netherlands HoldCo Structure as it may be amended or revised in the Debtors' business judgment after entry of the Order on the terms and conditions set forth in the Order, (ii) consummate the transactions contemplated thereby, and (iii) granting such other relief as may be appropriate.

Dated: February 18, 2011

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer, P.C.
Roger J. Higgins
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession