Hearing Date: March 28, 2011 at 9:00 a.m. (ET)
Objection Deadline: March 11, 2011 at 4:00 p.m. (ET)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re | |
|---|---|
| ACandS, Inc. | Case No.: 02-12687 (JFK) |
| Armstrong World Industries, Inc. | Case No.: 00-4471 (JFK) |
| Combustion Engineering, Inc. | Case No.: 03-10495 (JFK) |
| The Flintkote Company | Case No.: 04-11300 (JFK) |
| Kaiser Aluminum Corp. | Case No.: 02-10429 (JFK) |
| Owens Corning | Case No.: 00-03837 (JFK) |
| US Mineral Products Company | Case No.: 01-02471 (JFK) |
| USG Corp. | Case No.: 01-02094 (JFK) |
| W.R. Grace & Co. | Case No.: 01-01139 (JFK) |
| Debtors or Reorganized Debtors. | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| In re | |
|---|---|
| Mid-Valley, Inc. | Case No.: 03-35592 (JFK) |
| North American Refractories Co. | Case No.: 02-20198 (JFK) |
| Pittsburgh Corning Corp. | Case No.: 00-22876 (JFK) |
| Debtors or Reorganized Debtors. | |

**MOTION OF GARLOCK SEALING TECHNOLOGIES LLC TO INTERVENE FOR
LIMITED PURPOSE OF SEEKING ACCESS TO JUDICIAL RECORDS**

Garlock Sealing Technologies LLC ("Garlock") hereby moves (the "Motion"), pursuant to rule 2018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing Garlock to intervene in above-captioned chapter 11 bankruptcy cases (collectively, the "Bankruptcy Cases") for the limited purpose of permitting Garlock to seek access to certain judicial records. In support of the Motion, Garlock respectfully states as follows:

**INTRODUCTION**

1.  Garlock is filing this Motion, at the direction of the Court, in furtherance of its Motion for Orders Authorizing Access to 2019 Statements Filed in This Court and for Related Relief previously filed in each of the Bankruptcy Cases on or about January 10, 2011 (collectively, the "Original 2019 Access Motions").[1] By this Motion, Garlock seeks to intervene in each of the Bankruptcy Cases for the limited purpose of pursuing its request, pursuant to the 2019 Access Motions, to obtain access to exhibits to Bankruptcy Rule 2019 statements filed in the Bankruptcy Cases by plaintiffs' firms (the "2019 Exhibits"), but omitted from the electronic

---

[1] At the February 14, 2011 hearing on the Original 2019 Access Motions, the Court indicated its intention to dismiss the Original 2019 Access Motions without prejudice in the Bankruptcy Cases that were closed as of the time of filing of the Original Rule 2019 Access Motion (the "Closed Cases"). *See* Transcript of February 14, 2011 hearing, at 81:3 – 81:7 (hereinafter "2/14/2011 Hrg. Tr. at ___") ("The Clerk should have stricken them because they were closed, and I'm going to have the Clerk dismiss them without prejudice because the cases are closed and haven't been reopened, and they have to be reopened before you can file anything in those cases."). In light of the Court's statements, out of an abundance of caution, contemporaneously with the filing of this Motion, Garlock has filed its Amended Motion for Orders Authorizing Access to 2019 Statements Filed in This Court and for Related Relief in each of the Closed Cases (the "Amended 2019 Access Motions," and together with the Original 2019 Access Motions, the "2019 Access Motions"). The Amended 2019 Access Motions are substantively identical to the Original 2019 Access Motions, notice of which was previously served upon parties in interest, including the debtors in each of the Closed Cases, statutory committees in each of the closed cases, each known filer of a Bankruptcy Rule 2019 statements in each of the Closed Cases, and the Office of the United States Trustee. Garlock notes that the Original 2019 Access Motions remain pending on the dockets of the Closed Cases at this time.

2

docket pursuant to orders of the Court requiring a motion to obtain access (collectively, the "2019 Orders").[2]

2.  Garlock has been a defendant in lawsuits alleging asbestos-related personal injury for over 35 years. As the Court is aware, Garlock filed a bankruptcy petition on June 5, 2010. Garlock's case is currently pending in the United States Bankruptcy Court for the Western District of North Carolina before the Honorable George R. Hodges. In its bankruptcy case, Garlock is seeking to address its asbestos liabilities and reorganize, which necessitates that Garlock obtain an accurate picture of its current and future asbestos-related liabilities. The Rule 2019 statement exhibits are relevant to an assessment of those liabilities. Accordingly, pursuant to the 2019 Access Motions, Garlock has invoked its First Amendment, common law and statutory rights of access to the Rule 2019 statement exhibits, which are judicial records of this Court, because of its compelling need to access the information contained in the 2019 Exhibits.

---

[2] *See* Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019 But Staying Effective Date, *In re ACandS, Inc.*, No. 02-12687, D.I. 1574 (Bankr. D. Del. Oct. 22, 2004); Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019 But Staying Effective Date, *In re Armstrong World Industries, Inc.*, No. 00-4471, D.I. 7468 (Bankr. D. Del. Oct. 22, 2004); Consent Order Requiring the Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re Combustion Engineering, Inc.*, No. 03-10495, D.I. 2465 (Bankr. D. Del. Sept. 8, 2005); Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re The Flintkote Company*, No. 04-11300, D.I. 337 (Bankr. D. Del. Oct. 22, 2004); Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re Kaiser Aluminum Corp.*, No. 02-10429, D.I. 5255 (Bankr. D. Del. Oct. 25, 2004); Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re Owens Corning, et al.*, No. 00-3837, D.I. 13091 (Bankr. D. Del. Oct. 22, 2004); Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re US Mineral Products Company*, No. 01-2471, D.I. 2155 (Bankr. D. Del. Oct. 22, 2004); Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re USG Corp.*, No. 01-2094, D.I. 6852 (Bankr. D. Del. Oct. 22, 2004); Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re W.R. Grace & Co., et al.*, No. 01-1139, D.I. 6715 (Bankr. D. Del. Oct. 25, 2004); Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re North American Refractories Company*, No. 02-20198, D.I. 2515 (Bankr. W.D. Pa. Oct. 22, 2004); Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re Pittsburgh Corning Corp.*, No. 00-22876, D.I. 3667 (Bankr. W.D. Pa. Oct. 22, 2004). Garlock could discover no order entered in *In re Mid-Valley, Inc.* but exhibits to 2019 statements in that case were generally filed off the electronic docket, as in the cases where orders were entered.

3. While Garlock respectfully submits that formal intervention is not necessary to grant Garlock the relief it seeks pursuant to the 2019 Access Motions, intervention nevertheless is warranted. Any member of the public has standing to intervene to vindicate the right to public access to documents filed in court. *See Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 778 (3d Cir. 1994); *In re Alterra Heathcare Corp.,* 353 B.R. 66, 70-71 (Bankr. D. Del. 2006). Garlock, in particular, has a right to intervene because its access to the 2019 Exhibits is being impeded and it needs the information contained therein for its own bankruptcy reorganization. Furthermore, this Motion and the 2019 Access Motions are timely and do not unduly prejudice any party whose interests this Court is required to consider, because Garlock seeks only to litigate its right of access to the 2019 Exhibits, an important interest that courts have recognized may be vindicated at any time.

4. For all of these reasons, as well as those stated below and in the 2019 Access Motions, Garlock respectfully submits that it should be permitted to intervene in each of the Bankruptcy Cases for the limited purpose of establishing its right to access the 2019 Exhibits.

## JURISDICTION

5. Jurisdiction over this Motion is supplied both by the Court's inherent authority to interpret and modify its own Orders and its statutory authority over cases and proceedings pursuant to sections 157 and 1334 of title 28 of the United States Code. "Every court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978). "Indeed, it would be quite odd if the [court] did not have jurisdiction in the first instance to adjudicate a claim of right to the court's very own records and files." *In re Motion for Release of Court Records,* 526 F.Supp.2d 484, 487 (F.I.S.A. Ct. 2007). As the Second Circuit explained:

4

> The court's supervisory power does not disappear because jurisdiction over the relevant controversy has been lost. The records and files are not in limbo. So long as they remain under the aegis of the court, they are superintended by the judges who have dominion over the court.

*Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004). *See also, e.g., EEOC v. National Children's Center, Inc.,* 146 F.3d 1042, 1047 (D.C. Cir. 1998); *In re Agent Orange Prod. Liab. Litig.,* 821 F.2d 139, 145 (2d Cir. 1987); *In re Linerboard Antitrust Litig.,* 333 F. Supp. 2d 333, 339 (E.D. Pa. 2004).

6. This is true even if the underlying case has been closed or dismissed. "[I]n cases where intervenors seek to modify an order of the court, the court has jurisdiction based on the fact that it already has the power to modify the . . . order and no independent jurisdictional basis is needed." *Pansy,* 23 F.3d at 778 n.3 (citing *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 473 (9th Cir. 1992). *See also, e.g.*, *United Nuclear Corp. v. Cranford Ins. Co.,* 905 F.2d 1424, 1427 (10th Cir. 1990) ("As long as a protective order remains in effect, the court that entered the order retains the power to modify it, *even if the underlying suit has been dismissed.*") (emphasis added).[3]

7. Second, this Court has jurisdiction over the 2019 Access Motions pursuant to 28 U.S.C § 1334, regardless of whether the Bankruptcy Cases remain open. *See, e.g. In re Menk,* 241 B.R. 896, 904-05 (9th Cir. BAP 1999). This is because of the distinction between "arising in" and "related to" jurisdiction on the one hand, and "arising under" jurisdiction on the other hand. Section 1334(b) of title 28 provides that this Court has "jurisdiction of all civil

---

[3] Indeed the terms of the 2019 Orders are consistent with this result. Pursuant to the 2019 Orders, the Court ordered that "when [a] case is closed, the Clerk shall archive the 2019 Statements and Supplements with the case file." *See, e.g.*, Pittsburgh Corning 2019 Order. There would be no need to archive such information if it was not contemplated that an entity, such as Garlock, would have the right to seek such information after the case was closed.

proceedings arising under title 11 or arising in or related to a case under title 11." 11 U.S.C § 1334(b). Parsing this phrase, the Court has (i) jurisdiction arising in or related to *a case* under title 11, and (ii) jurisdiction of *all civil proceedings* arising under title 11 (whether or not a "case" is then pending or open). As the Bankruptcy Appellate Panel for the Ninth Circuit held:

> The portion of the § 1334(b) statutory sentence addressing "arising under" jurisdiction does not refer to the existence of a presently-open bankruptcy case: "the district courts shall have original but not exclusive jurisdiction of all civil proceedings *arising under* title 11." 28 U.S.C. § 1334(b) (emphasis added). Since this straightforward language does not refer to the existence of a "case" under § 1334(a), the text of the statute does not appear to require that the bankruptcy case must be open in order to exercise § 1334(b) "arising under" jurisdiction. . . . [T]he decisions hold that various aspects of the bankruptcy court's § 1334(b) jurisdiction continue after a case is either closed or dismissed.

*Menk*, 241 B.R. at 905 (emphasis in original). Accordingly, an open case is not required for the Court to adjudicate a matter that is within its "arising under" jurisdiction.

8. The 2019 Exhibits on file with the Clerk are part of the disclosures mandated by Bankruptcy Rule 2019. Bankruptcy Rule 2019, in turn, relates to administration of the bankruptcy estate, which is a core matter and within the Court's "arising under" jurisdiction. *See* 28 U.S.C. § 157(b)(2)(A); *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee*, 321 B.R. 147, 163 (D.N.J. 2005). Because the 2019 Exhibits at issue here would not exist but for the "core" estate administration obligations imposed by Bankruptcy Rule 2019, the 2019 Access Motions "arise under" title 11 and can be heard without reopening the Closed Cases.

## BACKGROUND

9. A detailed recitation of the background to this Motion is set forth in the "Background" section of the 2019 Access Motions and the Affidavit of Paul Grant attached to the 2019 Access Motions as Exhibit A, both of which are incorporated herein by reference.

**PROCEDURAL HISTORY**

10. Garlock previously filed the Original 2019 Access Motions in the Bankruptcy Cases on January 10, 2011. At that time, Garlock did not formally move to intervene by separate motion, but, out of an abundance of caution, included a request for intervention, supported by limited argument, in its Original 2019 Access Motions.[4] *See* Original 2019 Access Motions, at p.2 and ¶¶ 86-87. However, at the February 14, 2011 hearing on the Original 2019 Access Motions, the Court stated that the Original 2019 Access Motions were procedurally infirm because Garlock had not filed separate motions to intervene. *See* 2/14/2011 Hrg. Tr. at 15:13 – 16:17.

11. Accordingly, at the Court's direction, Garlock has filed this Motion.[5]

**RELIEF REQUESTED**

12. By this Motion, Garlock moves to intervene in the Bankruptcy Cases for the limited purpose of pursuing its request for access to the 2019 Exhibits.

**BASIS FOR RELIEF REQUEST**

13. Garlock should be permitted to intervene in the Bankruptcy Cases. Under Bankruptcy Rule 2018(a) the Court may permit a party "to intervene generally or with respect to any specific matter" in a bankruptcy case "after a hearing on such notice as the court directs for

---

[4]  Garlock provided notice of its request to intervene pursuant to the 2019 Access Motion to (a) the debtors, statutory committees and Office of the United States Trustee in all of the Bankruptcy Cases and (b) to all other parties who had requested notice, pursuant to Bankruptcy Rule 2002, in the Bankruptcy Cases that had not been closed.

[5]  Garlock respectfully reiterates its position that formal intervention is not necessary here. Indeed, the Third Circuit has expressed that requesting permissive intervention is not the exclusive means by which an entity may seek access to judicial records. *See Pansy,* 23 F.3d at 778 n.3. At least one court has held that no formal motion to intervene was necessary when the requesting party had taken "all steps necessary to apprise interested parties . . . of the pending Motion to Unseal . . . ." *In re North Bay Gen. Hosp., Inc.,* 404 B.R. 429, 442 n.7 (Bankr. N.D. Tex. 2009). In short, the form of the request should not trump the substance thereof when, as here, all interested parties have been put on notice of a request for access to judicial records.

7

cause shown." Fed. R. Bankr. P. 2018(a). "[T]he procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." *Pansy*, 23 F.3d at 778. In evaluating requests to intervene under Bankruptcy Rule 2018(a), this Court has borrowed from Federal Rule of Civil Procedure 24(b)(2), governing permissive intervention. *Alterra,* 353 B.R. at 70-71.

### A.  Garlock Has Standing To Intervene For The Purpose Of Pursuing Its Request To Access The 2019 Exhibits.

14.  Garlock's standing to intervene and to seek the relief requested by the underlying 2019 Access Motions has been questioned by the Court and various objecting parties. While it is certainly proper for this Court to consider issues such as standing, controlling Third Circuit law lays bare any argument that Garlock lacks standing here. By this Motion, Garlock is not seeking to participate fully in the Bankruptcy Cases, but merely to assert its right to access the 2019 Exhibits.

15.  The Third Circuit has "routinely found, as have other courts, that third parties have standing" to vindicate the right of access to judicial records.[6] *Pansy,* 23 F.3d at 777 (collecting cases); *see also Alterra,* 353 B.R. at 70 (quoting *Pansy,* 23 F.3d at 777). To find standing, there need only be an obstacle to access to judicial records and an injury that a decision to provide access to those records would address. *See Pansy,* 23 F.3d at 777; *Alterra,* 353 B.R. at 70. Under the 2019 Orders, Garlock cannot gain access to the 2019 Exhibits without further order of the Court, so the absence of such an order is an obstacle to Garlock's access. In turn, a decision to provide Garlock with access to those records would address that injury by providing

---

[6]  Although the quoted text from *Pansy* uses the term "confidentiality order," in a footnote the Third Circuit made clear that the term "denotes any court order which in any way restricts access to or disclosure of any form of information or proceeding, including but not limited to 'protective orders', 'sealing orders' and 'secrecy orders'." *Id.* at 777 n.1.

Garlock with information that it needs in furtherance of its own reorganization. Thus, Garlock has suffered an "injury in fact" that this Court can remedy.

16. It has also been suggested that Garlock's interest in access to the 2019 Exhibits is somehow diminished or extinguished because Garlock is a private litigant, rather than a media outlet or public interest organization.[7] But, the case law, including controlling Third Circuit precedent, makes no such distinction. *See Bank of America Nat. Tr. and Sav. Ass'n v. Hotel Rittenhouse Assoc.,* 800 F.2d 339, 345 (3d Cir. 1986) ("the applicability and importance of these interests are not lessened because they are asserted by a private party to advance its own interests in pursuing its lawsuits . . . ."). *See also, e.g., Leucadia, Inc. v. Applied Extrusion Tech., Inc.,* 998 F.2d 157 (3d Cir. 1993) (holding that stockholder of corporation that was party to previously concluded trade secrets litigation was entitled to unsealing of judicial records).

17. Furthermore, "[c]ircumstances weighing against confidentiality exist . . . when the sharing of information among litigants would promote fairness and efficiency." *Pansy,* 23 F.3d at 787. *See also Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 485 (3d Cir. 1995) ("Federal courts should not provide a shield to potential claims by entering broad protective orders that prevent public disclosure of relevant information. The sharing of information among current and potential litigants is furthered by open proceedings.").

18. Those circumstances weighing against confidentiality are particularly compelling here, especially now that Garlock is itself a debtor-in-possession. As a debtor-in-possession, Garlock is now a fiduciary that has duties to conserve its resources and maximize its estate as effectively and expeditiously as possible for the benefit its creditors and parties in

---

[7] At the February 14, 2011 hearing, the Court stated: "The problem is that the case law is clear that the courts can prevent access to documents that are under seal when the purpose for the request to get the access is itself improper, and Garlock isn't here alleging that it's going to vindicate some public interest . . . ." 2/14/2011 Hrg. Tr. at 28:4 – 28:8.

9

interest in its *own* bankruptcy case. It, therefore, would be contrary to the policy goals driving Garlock's actions in furtherance of its own reorganization to deny it the opportunity to gain access to the 2019 Exhibits.

      **B.**      **Garlock's Intervention Request Is Supported By Cause.**

      19.      Under Civil Rule 24(b)(2), permissive intervention should be authorized "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Bankr. P. 24(b)(2). When, as here, intervention is sought to vindicate the right of public access to judicial records, the requirement that the claim must have a question of law or fact in common with the main action is satisfied. *See Pansy,* 23 F.3d at 778. "[T]hat the [intervenors'] claim involve . . . the same legal theory [that was raised in the main action], is not required when intervenors are not becoming parties to the litigation. There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of" asserting the right to public access. *Pansy,* 23 F.3d at 778 (quoting and adopting *Beckman,* 966 F.2d at 474).

      20.      Thus, by virtue of the fact that Garlock cannot obtain access to the 2019 Exhibits without an order from this Court, Garlock has established cause to intervene in the Bankruptcy Cases – both open and closed – to seek access to the 2019 Exhibits.

      **C.**      **Garlock's Intervention Request Is Timely And Prejudices No Party.**

      21.      It is immaterial to the question of Garlock's limited purpose intervention that many of the Bankruptcy Cases have been closed and/or now have confirmed and effective bankruptcy plans. "Rule 2018(a) does not specify a time limit for interested parties seeking intervention." *Alterra,* 353 B.R. at 71. The Third Circuit explains in *Pansy,* in the context of a right of public access challenge to a protective order, that it and other

> courts have allowed intervention by parties for the limited purpose of modifying a confidentiality or protective order even after the underlying dispute between the parties has been settled. . . . Discussion in a recent decision by this court reflects the growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated. In *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.,* 998 F.2d 157 (3d Cir. 1993), we stated that "a district court may properly consider a motion to intervene permissively for the limited purpose of modifying a protective order even after the underlying dispute between the parties has long been settled." *Id.* at 161 n.5. This recognition in *Leucadia,* in combination with the forming consensus in other courts of appeals, provides strong reasons to allow a district court to grant permissive intervention in order to allow litigation of ancillary issues even after a case has been concluded.

*Pansy,* 23 F.3d 779 (internal citations omitted).

22. Moreover, there is no viable argument that intervention would result in undue prejudice to any party whose interests are required to be considered. Notably, even in a dispute among private litigants not acting in a fiduciary capacity (which this is not), "[g]eneral allegations of injury to reputation and client relationships or embarrassment that may result from dissemination of privileged documents is insufficient to justify judicial endorsement of an umbrella confidentiality agreement." *Glenmede,* 56 F.3d at 484. *See also, e.g., North Bay Hosp.,* 404 B.R. at 442. If such general allegations – the only one that have been made here – are insufficient to deny access to judicial records, they most certainly are insufficient to establish undue prejudice that would warrant denying Garlock's request to intervene. There is simply no record that has been made or could be made that anyone has legitimately relied to their detriment on the 2019 Orders as would warrant a denial of intervention here.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, and those stated in the 2019 Access Motions, Garlock respectfully requests that it should be permitted to intervene in the Bankruptcy Cases, both open and closed, for the limited purpose of pursuing access to the 2019 Exhibits.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT<br>& TUNNELL LP<br><br>By:   /s/ Gregory W. Werkheiser<br>Gregory W. Werkheiser (DE# 3553)<br>Matthew B. Harvey (DE# 35186)<br>1201 North Market Street, 18th Floor<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Tel: 302-658-9200<br>Fax: 302-658-3989 | DEL SOLE CAVANAUGH STROYD LLC<br><br>By:   /s/ Richard A. Swanson<br>Arthur H. Stroyd, Jr. (PA# 15910)<br>Richard A. Swanson (PA#83868)<br>The Waterfront Building<br>200 First Avenue, Suite 300<br>Pittsburgh, PA  15222<br>Tel: 412-261-2393<br>Fax: 412-261-2110 |

- and -

Garland S. Cassada
Richard C. Worf, Jr.
ROBINSON, BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel: 704-377-8317
Fax: 704-373-391

**Attorneys for Garlock Sealing Technologies LLC, Debtor-in-Posession**

Dated: February 18, 2011

4098471.4