# EXHIBIT B



FILED & JUDGMENT ENTERED
Christine F. Winchester

Dec 09 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| GARLOCK SEALING TECHNOLOGIES LLC, et al.[1] | ) ) | Case No. 10-31607 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### ORDER ON MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS FOR ENTRY OF A SCHEDULING ORDER AND DEBTORS' <u>MOTION FOR ESTABLISHMENT OF ASBESTOS CLAIMS BAR DATE, ETC.</u>

This cause came before the Court on October 14, 15, 27 and 28, and November 18 and 19, 2010, for hearings upon the *Motion of the Official Committee of Asbestos Personal Injury Claimants for Entry of a Scheduling Order for Plan Formulation Purposes* (the "Scheduling Order Motion"), [Doc. 451], and the *Debtors' Motion for (A) Establishment of Asbestos Claims Bar Date, (B) Approval of Asbestos Proof of Claim Form, (C) Approval of Form and Manner of Notice, (D) Estimation of Asbestos Claims, and (E) Approval of Initial Case Management Schedule* (the "Bar Date/Proofs of Claim Motion"), [Doc. 461]. Based upon a review of the

---

[1] The Debtors in these jointly administered cases are Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company (collectively, the "Debtors").

{00234469.DOC V. A162.018038;}
3031926v1 17067.00011 CASGAR

record, the submissions of the parties, the evidence presented, and the arguments of counsel, and for the reasons stated on the record on November 19, 2010, the Court finds and concludes that it should deny the Bar Date/Proofs of Claim Motion without prejudice and instead permit the parties to undertake discovery to obtain asbestos claims data and other evidence needed by the Debtors to develop the theories and analyses of their claims expert, Dr. Charles Bates, and by the Official Committee of Asbestos Personal Injury Claimants and the Future Claims Representative to develop the theories and analyses of their claims experts and to investigate pre-petition related party transfers and restructurings effected by the Debtors prior to their bankruptcy filings.

**THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:**

1. The Bar Date/Proofs of Claim Motion is denied without prejudice to the Debtors' right to renew the motion at a later stage of these cases;

2. The Scheduling Order Motion is granted to the extent set out herein; and to the extent not granted, it is denied without prejudice to the Official Committee of Asbestos Personal Injury Claimants' right to renew the motion at a later stage of these cases;

3. The parties shall have six (6) months from the entry of this Order to conduct preliminary discovery related to estimation, for purposes of formulating a plan of reorganization, of the Debtors' liability for pending and future asbestos-related claims for personal injury and wrongful death;

4. The Official Committee of Asbestos Personal Injury Claimants and the Future Claims Representative shall have six (6) months from the entry of this Order to conduct discovery regarding pre-petition related party transfers and restructurings effected by the Debtors prior to their bankruptcy filings;

5. All discovery conducted by the parties shall be governed by and conducted pursuant to the Bankruptcy Rules and Federal Rules of Civil Procedure applicable to contested matters, except as may be modified by further Order of this Court;

6. During the period of discovery provided by this Order, the parties are encouraged to negotiate and, if possible, to develop an agreed protocol or method for identifying those pending asbestos-related claims for personal injury or wrongful death that may be considered to have been abandoned or are otherwise no longer viable claims for purposes of estimation, plan formulation, voting on a plan, and distribution;

7. The Court will hold a status hearing in these cases on May 12, 2011, beginning at 9:30 a.m. in the United States Bankruptcy Court, Charles Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina. At that hearing the Court will further consider the Scheduling Order Motion, the Bar Date/Proofs of Claim Motion, the results of the parties' discovery, and negotiations pursuant to this Order, and matters related to those topics. No further notice of this hearing shall be given.

| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court |
|---|---|