# EXHIBIT J

Order Filed on
9/2/2004
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J.LBR 9004-2©)

STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas 75214
Tel (214) 969-4900
Fax (214) 969-4999

LEVITT & SLAFKES, P.C.
76 South Orange Avenue, Suite 305
South Orange, New Jersey 07079
(973) 313-1200
Attorneys for Motley Rice, LLC
BY: Bruce H. Levitt, Esq. (BL9302)

In Re:

**CONGOLEUM CORPORATION et. al.,**

**Debtors.**

Case No.: 03-51524
(Jointly Administered)

Adv. No.:

Hearing Date: **July 26, 2004**

Judge: Kathryn C. Ferguson

**ORDER REQUIRING COMPLIANCE WITH BANKRUPTCY
RULE 2019 AND GRANTING OTHER RELIEF**

The relief set forth on the following pages, numbered two (2) through five (5) is hereby
**ORDERED**.

**DATED: 9/2/2004**

_____
Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

**Page 2**
Debtor: Congoleum Corporation, et. al.
Case No.: 03-51524 KCF (Jointly Administered)
Caption:   Order Requiring Compliance with Bankruptcy Rule 2019 and Granting Other Relief

---

This core matter involving the administration of this bankruptcy case having come before the Court on the Motion of Travelers Casualty and Surety Company and St. Paul Fire and Marine Insurance Co. [docket no. 919], and on the separate Motion of Century Indemnity Co., ACE American Insurance Co., and ACE Property and Casualty Insurance Co. [docket no. 922]; and the Court having considered all pleadings, letters and statements filed in connection therewith and the arguments of counsel at the July 26, 2004 hearing; and it appearing that some counsel to asbestos tort claimants, including several of the members of the pre-petition committee, represent multiple creditors in this Chapter 11 case and have not filed statements required by Federal Rule of Bankruptcy Procedure 2019 promulgated under 28 U.S.C. § 2075; and it appearing that certain of the Rule 2019 Statements filed to date may not meet the requirements of that Rule; and based on the Court's legal rulings at the conclusion of the July 26, 2004 hearing; and upon service of a proposed form of this Order, under the Five-Day Rule, Local Bankruptcy Rule 9072-1(d), upon (i) the Master Service List, (ii) all parties filing opposition to the Motions, (iii) all counsel appearing at the July 26, 2004 hearing on the Motions, (iv) all members of the pre-petition committee, and (v) a list of counsel for asbestos tort claimants who filed master ballots herein, which list was furnished by the Debtors' counsel to Travelers' counsel on August 25 ("Asbestos Claimants Counsel List")[, and consideration of objections thereto filed pursuant to the Five-Day Rule], IT IS HEREBY:

**ORDERED** that, all counsel representing more than one creditor herein (including by having executed a ballot on the proposed plan of reorganization on behalf of more than one creditor) shall (whether or not such counsel has filed a notice of appearance herein) file a Rule 2019 Statement, within TEN (10) days after the entry of this Order on the electronic docket, fully complying with the

*Approved by Judge Kathryn C. Ferguson September 02, 2004*

**Page 3**
Debtor: Congoleum Corporation, et. al.
Case No.: 03-51524 KCF (Jointly Administered)
Caption:    Order Requiring Compliance with Bankruptcy Rule 2019 and Granting Other Relief

---

requirements of Rule 2019 except as hereby limited by subparagraph (c)(i) of the next **ORDERED** paragraph; and it is further

**ORDERED** that, pursuant to Rule 2019 and this Order, such Rule 2019 Statement shall be sworn under the penalty of perjury and shall include:

(a) a list of the names and addresses of all creditors (including creditors for whom the filing counsel is acting as co-counsel), and a general statement about the nature of their respective claims and when those claims arose;

(b) a certification that counsel has the authority to vote for each claimant on whose behalf counsel executes a ballot on a proposed plan of reorganization, pursuant to (i) an executed separate bankruptcy-specific power of attorney or (ii) a bankruptcy specific power of attorney clause that is part of an executed retainer agreement or contract of representation, in either case authorizing the attorney to vote on behalf of the client in this bankruptcy proceeding;

(c) attachment of the lesser of: (i) 25 executed bankruptcy-specific powers of attorney or other bankruptcy-specific authorizing instruments or (ii) all bankruptcy specific powers of attorney or other bankruptcy-specific authorizing instruments, executed by creditors in connection with this bankruptcy case on whose behalf the counsel votes, with, if necessary, the redaction of any attorney-client privileged information or other confidential information;

(d) a list and a detailed explanation of any type of co-counsel, consultant or fee-sharing relationships and arrangements whatsoever, in connection with this bankruptcy case or claims against any of the Debtors, and attachment of copies of any documents that were signed in conjunction with creating that relationship or arrangement; and

*Approved by Judge Kathryn C. Ferguson September 02, 2004*

**Page 4**
Debtor: Congoleum Corporation, et. al.
Case No.: 03-51524 KCF (Jointly Administered)
Caption:    Order Requiring Compliance with Bankruptcy Rule 2019 and Granting Other Relief

---

(e) for any member of the pre-petition committee, in their respective Rule 2019 Statement, such statement shall include the information required by Rule 2019 (including for the period prior to the filing of the petition herein) with respect to the committee, including as required by clauses (3) and (4) of Paragraph (a) of the Rule; and it is further

**ORDERED** that, if any counsel required to file a Rule 2019 Statement does not timely file its Rule 2019 Statement in accordance with this Order or if a non-complying Statement is filed or if a presently filed Rule 2019 Statement is not supplemented to comply with this Order, the Debtor is directed to send the Disclosure Statement to the underlying claimants and allow the underlying claimants to vote on the proposed plan of reorganization under procedures to be determined by this Court;

**ORDERED** that, Mr. Joseph F. Rice of Motley Rice LLC shall, within a reasonable time after the 10-day period provided for above, and at a mutually convenient time and place, appear for the continuance of his deposition herein, and Mr. Rice is instructed to answer all outstanding deposition questions on any type of co-counsel, consultant or fee-sharing relationship whatsoever, and such continued deposition shall not be covered by any discovery stay order the Court may issue in connection with the deferral of the scheduled confirmation hearing from September 9, 2004; and it is further

**ORDERED** that, nothing in this Order is a ruling on whether any Rule 2019 Statement filed to date complies, or does not comply, with Rule 2019 or the legal effect of not filing a Rule 2019 Statement or filing a non-complying Rule 2019 Statement, and the Court maintains jurisdiction with respect to such matters and with respect to the interpretation and enforcement of this Order; and it is further

*Approved by Judge Kathryn C. Ferguson September 02, 2004*

**Page 5**
Debtor: Congoleum Corporation, et. al.
Case No.: 03-51524 KCF (Jointly Administered)
Caption:    Order Requiring Compliance with Bankruptcy Rule 2019 and Granting Other Relief

---

**ORDERED** that, counsel for Travelers shall serve this Order on (i) the Master Service List herein, (ii) all parties filing opposition to the Motions, (iii) all counsel appearing at the July 26, 2004 hearing on the Motions, (iv) all members of the pre-petition committee, and (v) counsel on the Asbestos Claimants Counsel List, which service shall be effected by email, facsimile or regular mail, and that such service and posting of the Order on the electronic docket herein shall be good and sufficient service and notice hereof.

*Approved by Judge Kathryn C. Ferguson September 02, 2004*