# EXHIBIT M

CAUSE NO. 06-25595

| | | |
|---|---|---|
| RONALD M. FOSTER and | § | IN THE DISTRICT COURT OF |
| RUTH FOSTER, His wife | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHEMTURA CORPORATION, et al | § | 11th JUDICIAL DISTRICT |

CAUSE NO. 40,925

| | | |
|---|---|---|
| RONALD M. FOSTER and | § | IN THE DISTRICT COURT OF |
| RUTH FOSTER, His wife | § | |
| | § | |
| VS. | § | WHARTON COUNTY, TEXAS |
| | § | |
| CHEMTURA CORPORATION, et al | § | 23RD JUDICIAL DISTRICT |

**PLAINTIFF'S ANSWERS TO DEFENDANTS'
MASTER SET OF HARRIS COUNTY MDL
INTERROGATORIES AND REQUEST FOR PRODUCTION**

TO:     All known Defendants, by and through their attorneys of record.

COMES NOW **RONALD FOSTER** , Plaintiff in the above-styled and numbered cause, and files

this his Answers and Objections to Defendants' Master Set of Harris County MDL Interrogatories and

Request for Production pursuant to the Texas Rules of Civil Procedure.

Respectfully submitted,

**THE LANIER LAW FIRM, P.C.**

BY:     _____

W. MARK LANIER
TSB#: 11934600
PATRICK N. HAINES
TSB#: 00784191
ANGELA B. GREENBERG
TSB# 24000645
R. CRAIG BULLOCK
TSB#: 24014340
P. O. Box 691408
Houston, TX  77269-1408
(713) 659-5200
Fax: (713) 659-2204

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel in accordance with the Texas Rules of Civil Procedure on this the 12th day of May, 2006.

R. CRAIG BULLOCK

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

State the following personal information pertaining to the plaintiff/decedent who claims to have sustained an asbestos-related disease:

     (a)    full name;

     (b)    current residence address;

     (c)    social security number(s);

     (d)    date of birth;

     (e)    name of spouse;

     (f)    spouse's residence address, if different from plaintiffs;

     (g)    date of death (if applicable); and

     (h)    cause of death (if applicable).

**ANSWER:**

| | |
|---|---|
| **(a) Full Name:** | **Ronald Marvin Foster** |
| **(b) Address:** | **1008 East 25th Terrace, Lawrence, Kansas** |
| **(c) SSN:** | **5260** |
| **(d) DOB:** | **42** |
| **(e) Spouse:** | **Ruth Foster** |
| **(f) Spouse's Address:** | **Same as above** |
| **(g) Date of Death:** | **Not applicable** |
| **(h) Cause of Death:** | **Not applicable** |

### INTERROGATORY NO. 2:

State the following injury information pertaining to the plaintiff/decedent who claims to have sustained an asbestos-related disease:

     (a)    the asbestos-related injury or injuries claimed;

     (b)    the first date of diagnosis of each of the plaintiff or decedent's asbestos-related condition(s); and

     (c)    name and address of the physician/health care provider(s) who rendered the diagnosis or diagnoses.

**ANSWER:**    **Objection. This interrogatory asks for a professional opinion from a lay person. This interrogatory seeks expert opinions which plaintiff is not qualified to render and which are best discovered through other discovery means. Furthermore, it seeks information equally available to Defendants through the medical records of Plaintiff, copies of which are available through the medical authorization attached.**

> Subject to and without waiving these objections, Plaintiff states: See attached medical reports. Also, see Plaintiff's List of Physicians and Hospitalizations, Exhibit "A" and the attached HIPAA authorization to order.

    **(a)**    **Malignant Mesothelioma**

    **(b)**    **12/22/05**

    **(c)**    **Michael Thompson, MD**

## INTERROGATORY NO. 3:

Identify all doctors, hospitals, and other health care providers or facilities that have ever treated the plaintiff/decedent for any heart, lung, chest-related injury, or cancer and all doctors, hospitals, and other health care providers or facilities where the plaintiff/decedent has been treated at any time during the preceding ten (10) years, to include:

    (a)    the approximate dates of the treatment;

    (b)    the names and current addresses of the doctors, hospitals or other healthcare providers; and

    (c)    the reasons for the treatment and diagnosis.

**ANSWER:**    **Plaintiff objects to this request as overly broad, unduly burdensome and calling for expert opinions. It is virtually impossible for Plaintiff to recall each and every doctor or medical provider, or hospital or clinic, at which (or by which) he has been examined or treated since birth. Furthermore, much of the detail requested is best obtained through his medical records which are equally available to defendants through the authorization attached.**

    **See Plaintiff's List of Physicians and Hospitalizations, Exhibit "A" and Plaintiff's Diagnosing Medical Record, Exhibit "B".**

    **I am sure there are others, however, I cannot recall them at this time.**

## INTERROGATORY NO.4:

State the plaintiff/decedent's tobacco use history; including quantity, product smoked, and when started and stopped.

**ANSWER:**    **Plaintiff smokes one cigar per day in the 1960s.**

## INTERROGATORY NO.5:

State the plaintiff/decedent's occupation and union membership, if any, and the dates of membership. If plaintiff was or is an officer or steward in any union, state the dates that such position, if any, was held.

**ANSWER:**    **Plumbers and Pipefitters Union Local# 763 (now 441), 1963-present, Wichita, KS**

## INTERROGATORY NO. 6:

Using extreme diligence, provide detailed work and asbestos exposure history of the plaintiff/decedent (or if exposure is claimed through another person, of that other person) to include the following information (provide answers to each subpart):

(a)    the location and name of the owner/occupier of each premises, the specific unit or area of the premises where exposure to asbestos is alleged to have occurred;

(b)    the manufacturer, description, model name and number, serial number, and location at the time of plaintiff/decedent's alleged exposure, of any and all equipment, including but not limited to Heavy Equipment, pumps, vessels, boilers, turbines, furnaces, tractors, engines, mobile or affixed equipment containing or utilizing asbestos or asbestos-containing products or component part(s) to which the plaintiff/decedent claims, or has claimed, exposure;

(c)    the identity of each Contractor that the plaintiff/decedent claims, or has claimed, caused them to be exposed to asbestos and for each Contractor, each act or omission of that Contractor that caused exposure, including the premises, location and date of each such claimed exposure;

(d)    each product, to include manufacturer, supplier or distributor and brand name (regardless of whether the manufacturer is a party), that the plaintiff/decedent claims, or has claimed, to have caused his/her asbestos exposure. The plaintiff must state if the name of the manufacturer is not known by the plaintiff,

(e)    a specific description of each alleged exposure, including the specific time period, the work or task being performed, the length of time in hours, days, or months, as appropriate, and the specific nature of the exposure alleged;

(f)    the plaintiff/decedent's employer and occupation or craft at the time of each exposure identified;

(g)    if any exposure in question is the result of ship-board exposure in the navy or otherwise, the work history must identify the name of any ship on which the plaintiff claims exposure occurred and, if known, the hull number, the owner/operator of the ship, the dates of service on the ship and any berths or yards where the ship was located when not at sea or in operation; and

(h)    whether any exposure in question is claimed to have occurred on United States government property, and if so, the complete name and location of the site, relevant dates of alleged exposure, and describe the nature of the exposure and the asbestos-containing products to which plaintiff was exposed at that time.

**ANSWER:**    **Please refer to Plaintiff's Work History Sheets, Exhibit "D," and any depositions of Plaintiff and/or co-workers given or to be given in this case.**

**INTERROGATORY NO.7:**

State the identity of each coworker or other product identification witness who can provide product identification information, the specific site or sites at which each coworker or product identification witness worked with the plaintiff, the specific units or areas in each site at which each coworker or product identification witness worked with the plaintiff, the dates that the coworker or witness worked at each site, and the products and manufacturer, supplier and distributor of the alleged asbestos-containing products, and any other products that allegedly released asbestos in their use, that each coworker, or other product identification witness, can identify (listing the product(s) specific to each co-worker or product identification witness). (If the plaintiff/decedent alleges exposure through another person's job or occupation, please answer for that other person's job or occupation.]

**ANSWER:**     **Plaintiff is expected to testify as to his work conditions, work environment and work history.**

**Please see all co-workers identified in the work history sheet attached, Plaintiffs' and/or co-workers' depositions and the co-worker listing to be provided during discovery and according to the controlling case management order.**

**INTERROGATORY NO. 8:**

Provide detailed information about the plaintiff/decedent's non-occupational history during which he or she may have been exposed to asbestos or asbestos-containing materials, including:

(a)     a description of the activity engaged in;

(b)     the location, including address, of such possible exposure;

(c)     the dates of all possible exposure; and

(d)     the identity of any persons who were present during such possible exposure.

**ANSWER:**     **Please refer to Plaintiff's Work History Sheets, Exhibit "D," and any depositions of Plaintiffs and/or other fact witnesses given or to be given in this case and the co-worker listing to be provided during discovery and according to the controlling case management order.**

**INTERROGATORY NO. 9:**

With regard to any lawsuit filed or claim (including claims made through workers compensation or with the Veteran's Administration) made in any jurisdiction in which the plaintiff/decedent claimed a personal injury affecting his/her lungs (including but not limited to any asbestos-related, silica-related, mixed-dust related or welding-fume related condition), the plaintiff shall identify:

(a)     the identity of each entity against whom any such lawsuit was filed or against whom any claim was made;

(b)     the full style, including name, cause number and court, in which the lawsuit, if any, was filed, and identifying information such as claim number and dates of claim(s) for any claims made;

(c)     counsel, if any, that represented plaintiff/decedent in any such lawsuit(s) or claim(s);

(d)     the current status and result of any such lawsuit(s) or claim(s); and

(e)     the amount, if any, received in resolution or settlement of any such lawsuit(s) or claims(s) and from whom received.

[If the plaintiff/decedent alleges exposure through another person's job or occupation, please answer for that other person's job or occupation.]

**ANSWER:**

**Not applicable.**

## INTERROGATORY NO. 10:

With regard to any claim or settlement made or anticipated to be made with any entity or trust (including but not limited to claims made in conjunction with a bankruptcy proceeding such as those for Johns-Manville, UNARCO, and Celotex, and including any claims made to or through the Center for Claims Resolution) in which the plaintiff/decedent claimed or will claim a personal injury affecting his/her lungs (including but not limited to any asbestos-related, silica-related, mixed-dust related or welding-fume related condition), the plaintiff shall identify:

(a)     the full identity of the entity against whom such claim was or will be made;

(b)     the amount, if any, paid or agreed to be paid, in compensation for the claim of the plaintiff/decedent; and

(c)     the date such claim was made and current status (e.g., claim made and pending).

**ANSWER:    Plaintiff objects to this Interrogatory as requesting information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Plaintiff states: None**

## INTERROGATORY NO. 11:

In all wrongful death or survival actions,

(a)     state the date and place of death;

(b)     state whether the decedent had a Last Will and Testament and whether any administration has been had on the decedent's estate;

(c)     if any administration of the estate or probate proceedings were initiated, state the name of the executor or administrator of the estate, the date the executor or administrator first qualified, and the title and location of each court that has granted letters, orders, or other authority to the executor or administrator;

(d)     the name, age, and address of each child and each heir of the decedent;

(e)    state whether an autopsy was performed on the decedent and if so, identify the person who performed the autopsy and the facility where the autopsy was performed; and

(f)    state the cause of death.

**ANSWER:    Not applicable.**

## INTERROGATORY NO. 12:

If the plaintiff/decedent is currently married, please state the spouse's name and address, the date of marriage and the name and address of the spouse's employer. With respect to any and all prior spouses, if any, state:; as to each prior spouse:

(a)    name and date of marriage; and

(b)    whether that marriage was terminated by divorce, separation, annulment, or death, and the date of such termination.

| ANSWER: | Spouse's name: | **Ruth Foster** |
|---|---|---|
| | Date of Marriage: | **l___1945** |
| | Address: | **Same as above** |
| | Occupation: | **Homemaker** |

## INTERROGATORY NO. 13:

State the present name, age, date of birth, and current address of each of the plaintiff/decedent's children, and of any person who in any way is financially dependent upon the plaintiff/decedent for support, including, but not limited to, parents, in-laws, relatives, or other people; for each such person, including children, state the extent to which such person is dependent upon the plaintiff/decedent for financial support or maintenance.

| ANSWER: | Name: | **Ruth Foster** |
|---|---|---|
| | Address: | **1008 East 25th Terrace, Lawrence, KS** |
| | DOB: | **l___42** |
| | Relationship | **Spouse** |
| | Dependent: | **100%** |
| | | |
| | Name: | **Rodney Foster** |
| | Address: | **14208 Bradshaw, Overland Park, KS** |
| | DOB: | **___68** |
| | Relationship | **Son** |
| | Dependent: | **0%** |
| | | |
| | Name: | **Rochelle Erickson** |
| | Address: | **1578 Piikea Street, Honolulu, Hawaii** |
| | DOB: | **l___70** |
| | Relationship: | **Daughter** |

8

| | |
|---|---|
| Dependent: | 0% |
| | |
| Name: | Renate Rea |
| Address: | 630 N. Nottingham Road, Lawrence, KS |
| DOB: | 81 |
| Relationship: | Daughter |
| Dependent: | 0% |

**INTERROGATORY NO. 14:**

State the names and addresses of all schools that the plaintiff/decedent has attended, the dates the plaintiff/decedent attended those schools, whether they were public, private, military, trade schools, and/or special training institutions, and with respect to each describe the type of training received, the highest grade reached, and the degree or certificate obtained, if any.

| ANSWER: | School: | LeCompton High School |
|---|---|---|
| | Address: | LeCompton, KS |
| | Type of school: | Public |
| | Dates: | 1956-1960 |
| | Graduated: | Yes |
| | | |
| | School: | Plumbing Trade School thruLocal 763 |
| | Address: | LeCompton, KS |
| | Type of school: | Trade |
| | Dates: | 1963-1968 |

**INTERROGATORY NO. 15:**

If the plaintiff/decedent has ever been arrested, charged, or convicted of a felony or crime involving moral turpitude, state the date, location and nature of each criminal charge or conviction, including the case number and jurisdiction, and the result of each such arrest, charge, or conviction; and specifically identify any time period and location of incarceration.

ANSWER:     **Plaintiff objects to the Interrogatory as requesting information that is irrelevant, immaterial, unduly prejudicial, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiff states: None**

**INTERROGATORY NO. 16:**

If the plaintiff/decedent has ever served in any capacity in the military service, state the dates, rank, service number, and branch of service; MOS (Military Occupational Specialty) or equivalent; each location where the plaintiff/decedent was stationed; the plaintiff/decedent's duties at each location; the injuries, if any, received during service; the exposure, if any, to any chemicals, solvents, silica, asbestos, radioactive materials or biological or chemical weapons; date and type of discharge from each tour of duty or enlistment; and type of disability and pension the plaintiff/decedent has received or are receiving, if any. If military service included service upon vessels, provide ship names and dates of service on each vessel.

**ANSWER:**        **Not Applicable**


**INTERROGATORY NO. 17:**

State the plaintiff/decedent's income and the source(s) of the plaintiff/decedent's income for each year of the last five years. If the plaintiff/decedent's spouse is employed or has been employed, state his or her income for each year of the last five years.

**ANSWER:**        **Pursuant to the Texas Rules of Civil Procedure, Rule 168(2)(b), Plaintiff signed authorization to obtain income tax returns for the last five years is attached to the responses.**


**INTERROGATORY NO. 18:**

Excluding any information already provided in response to Interrogatory No. 6. describe in detail the plaintiff/decedent's employment history, including:

    (a)    the name and address of each employer for whom the plaintiff/decedent worked;

    (b)    the dates when the plaintiff/decedent worked for each employer,

    (c)    the location, including each unit or area of each job site, and description of each job site where the plaintiff/decedent was employed and the dates when they worked at each such jobsite;

    (d)    the plaintiff/decedent's job duties, craft and titles for each job site where they were employed; and

    (e)    whether the plaintiff/decedent was exposed to any dusts, fumes or gases and if so, what dusts, fumes or gases the plaintiff/decedent was exposed to and at which job.

[If the plaintiff/decedent alleges exposure through another person's job or occupation, please answer for that other person's job or occupation.]

**ANSWER:**        **Please refer to Plaintiff's Work History Sheets, Exhibit "D," and any depositions of Plaintiff and/or co-workers given or to be given in this case.**


**INTERROGATORY NO. 19:**

For each position that the plaintiff/decedent held or job that the plaintiff/decedent performed at the job sites listed in response to Interrogatory No. 6, provide the following information for every product, part, or equipment, that allegedly was a producing cause of any of the injuries or damages made the basis of this lawsuit. [If the plaintiff/decedent alleges exposure through another person's job or occupation, please answer for that other person's job or occupation.]

    (a)    every location, unit or area in which the plaintiff/decedent worked with or around such product, and the inclusive dates during which the plaintiff/decedent worked in each location, unit or area;

(b)    the beginning and ending dates of each job during which the plaintiff/decedent contends the exposure occurred, the name and address of the plaintiff/decedent or the other person's employer on each job, and the plaintiff/decedent's or the other person's job title(s), classification(s), duties, and responsibilities on each job;

(c)    whether the product, part, or equipment was accompanied by a warning concerning dust or asbestos fibers, and, if so, the substance of the warning;

(d)    describe all training or information provided to the plaintiff/decedent (or the other person) by the plaintiff/decedent's (or the other person's) employer regarding the risks and hazards of working around asbestos, respiratory protection, or proper handling of hazardous substances;

(e)    whether the plaintiff/decedent was required to follow any safety procedures when working *with* and/or around the product, part, and/or equipment. If so, please identify these procedures and whether they followed these safety procedures;

(f)    the respiratory or protective equipment the plaintiff/decedent (or the other person) used, identifying each manufacturer and model number, who provided it to the plaintiff/decedent (or the other person) and whether use of the respiratory or protective equipment was mandatory;

(g)    if the premises were owned or occupied by a Premises Defendant, state all facts that support the plaintiff/decedent's contention that the Premises Defendant had actual knowledge of the danger posed by asbestos exposure, posed by the condition or activity on its premises that allegedly caused their injury,

(h)    description of the ventilation system of each building, shop, or confined space in which the plaintiff/decedent worked with and/or around the product, part, or equipment; and

(i)    the percentage that the plaintiff/decedent contends should be allocated to each asbestos-containing product, part, or equipment for comparative fault.

**ANSWER:**    **Please refer to Plaintiff's Work History Sheets, Exhibit "D," and any depositions of Plaintiff and/or co-workers given or to be given in this case.**

## INTERROGATORY NO. 20:

For each co-worker or product identification witness identified in response in Interrogatory No. 7, fully identify any claim or lawsuit where such co-worker or product identification witness asserted or claimed his/her own asbestos-related illness or condition, and list all prior depositions of the co-worker or product identification witness, whether as a plaintiff or witness, in any case alleging asbestos exposure.

**ANSWER:**    **See also Plaintiff's co-worker witnesses listing and all amendments thereto filed or to be filed in this case. Plaintiff reserves the right to supplement this response as discovery is on going.**

## INTERROGATORY NO. 21:

11

Has the plaintiff/decedent, or has anyone on the plaintiff/decedent's behalf, performed an investigation or research or reviewed data to identify asbestos-containing products or manufacturers which the plaintiff/decedent contends caused their asbestos related disease? If so, please provide the following:

    (a)    an explanation of the specific research performed (i.e. internet, etc.);

    (b)    a list of every document, photograph or other material retrieved as a result of the research;

    (c)    a list of literature, trade publications or journals, medical literature or treatises, union publications and similar literature reviewed;

    (d)    a list of photographs, slide-shows, videotapes, product lists, manufacturer lists and lists of suppliers or distributors reviewed; and

    (e)    all other information reviewed or consulted in order to identify asbestoscontaining products, part, or equipment, or manufacturers, suppliers and distributors of asbestos-containing products, parts, or equipment.

**ANSWER:**    **Plaintiff objects to this request as invasive of the attorney client and work product privileges and lacks foundation.**

**INTERROGATORY NO. 22:**

During the time for which the plaintiff/decedent alleges exposure, if the plaintiff/decedent was ever warned or given any information about hazards or potential hazards relating to asbestos by either a defendant, an employer for whom the plaintiff/decedent worked, a union of which the plaintiff/decedent were a member, or any other person or entity, please state the following:

    (a)    each date that the plaintiff/decedent was provided with a warning or other information;

    (b)    identify each person (name, position, and name of employer, union, or other entity with which the person was affiliated) who provided the plaintiff/decedent with the warning or other information;

    (c)    whether the warning or other information was in writing;

    (d)    the content of the warning or other information; and

    (e)    what action the plaintiff/decedent took or refrained from taking as a result of the warning or other information.

**ANSWER:**    **Plaintiff objects to this interrogatory as overly broad and unduly burdensome. Plaintiff further objects to this interrogatory as requesting information more properly obtained via deposition and as requesting an expert opinion from a lay witness. Subject to and without waiving these objections, Plaintiff does not recall ever receiving warnings regarding the dangers of asbestos.**

## INTERROGATORY NO. 23:

Has the plaintiff/decedent (or the person through whom the plaintiff/decedent alleges exposure) ever worked with or around asbestos-containing materials that were manufactured, sold, produced, prepared, or distributed by any of the following entities? Please circle or mark each for which the answer is "yes."

| | | |
|---|---|---|
| Johns-Manville Corporation | Raybestos-Manhattan | Carey Canadian |
| Quebec Asbestos Corporation | Asbestospray | Chicago Firebrick Co. |
| National Gypsum Company | Turner & Newell | Cassiar Mining |
| AP Green Industries | AP Green Services | Kaiser Aluminum |
| Armstrong World Industries | Ferodo America, Inc. | GAF Corporation |
| Rutland Fire and Clay | Owens-Corning Fiberglas | W.R. Grace |
| A-Best Products | Fibreboard Corp | Flexitallic Gasket |
| Asbestos Claims Management | Gardner Asphalt | Nicolet |
| Plibrico Company | TAF International, | Eagle Picher |
| TBA Industrial Products | United States Gypsum Co. | Celotex |
| Shook & Fletcher Insulation Co. | Pabco | H.K. Porter |
| Combustion Engineering | Pittsburgh Corning | Babcock & Wilcox |
| Unarco | Forty-Eight Insulations | Keene/BEH |
| North American Asbestos | Synkoloid; Burns & Roe | J.T. Thorpe |
| E.J. Bartells | Baldwin Ehret Hill | Keene Corporation |
| Kentile Floors | Philip Carey Company | M.H. Detrick |
| Hillsborough Holding | Brunswick Fabricators, Inc. | Pacor |
| Crown Cork & Seal Co., Inc. | Amatex | Proko Industries |
| Rock Wool Manufacturing | Standard Insulation | UNR Industries |
| United States Mineral Products Co. f/k/a Flexitallic | Porter-Hayden Co. | AC&S Gasket Holdings, Inc., |

NARCO/North American Refractory Co.

Dresser Industries/Harbison-Walker Refractories

**ANSWER:**

> **Plaintiff objects to this interrogatory as overly broad, unduly burdensome, calls for speculation and requires Plaintiff to build the defense for the defendants. Additionally, this interrogatory requests such information more properly obtained**

13

through deposition testimony.

**Subject to and without waiving these objections, plaintiff states: please see Plaintiff's Work History Sheet attached hereto, along with Plaintiff and/or co-worker depositions given or to be given in this case.**

## INTERROGATORY NO. 24:

If the plaintiff/decedent's answer to the preceding interrogatory is affirmative, provide the following information for each asbestos-containing product the plaintiff/decedent worked with or around that was manufactured, sold, produced, prepared, or distributed by any of the entities identified in the immediately preceding interrogatory:

    (a)    the brand or trade name of the product and a detailed description of the product including its color, shape, size, texture and use;

    (b)    the manufacturer, supplier, and/or distributor of the product;

    (c)    a detailed description of the packaging for the product including the color, size, shape, and material used for the packaging, the substance of all statements on the packaging, and a description of the container for the product;

    (d)    the date of each alleged exposure to each product;

    (e)    the location of each alleged exposure;

    (f)    a description of the circumstances of each alleged exposure(s);

    (g)    the identities of all co-workers or witnesses present during each alleged exposure;

    (h)    the identity of the plaintiff/decedent's supervisor(s) and all co-workers during each period the plaintiff/decedent was allegedly exposed to each asbestos-containing product:

    (i)    the exact nature of the work the plaintiff/decedent was performing at the time of each alleged exposure;

    (j)    the frequency with which the plaintiff/decedent worked with or handled each asbestos-containing product, and

    (k)    the plaintiff/decedent's job title or description at the time of each alleged exposure.

**ANSWER:**    **Plaintiff objects to this interrogatory as overly broad, unduly burdensome, calls for speculation and requests information more properly obtained through deposition testimony.**

                **Subject to and without waiving these objections, plaintiff states: please see Plaintiff's Work History Sheet attached hereto, along with Plaintiff and/or co-worker depositions given or to be given in this case. Please see all co-workers identified in the work history sheet attached or in the co-worker listing to be provided during discovery.**

14

**INTERROGATORY NO. 25:**

Did the plaintiff/decedent ever participate in any safety meetings or conferences among co-workers, union representatives, union members, physicians, medical technicians, attorneys or other individuals regarding the potential exposure to asbestos or other occupational dust in the work place? If so, please provide the following:

     (a)    the date, location, and purpose of the meeting;

     (b)    the identity (name, address and phone number) of all individuals who conducted or were present at the meeting, including but not limited to attorneys, co-workers, physicians, x-ray technicians or other individuals performing health screening tests;

     (c)    the substance of all conversations, representations or claims asserted during the meeting;

     (d)    all data, documents, product lists, manufacturer lists and all other information provided unto participants and/or reviewed by participants;

     (e)    all medical testing performed as a result of the meeting and the results thereof; and

     (f)    whether or not the plaintiff/decedent believed they had been exposed to asbestos, prior to the discussions at this meeting, and if so, state the basis of their belief.

**ANSWER:    Plaintiff objects to this interrogatory as overly broad and unduly burdensome. Plaintiff further objects to this interrogatory as requesting information more properly obtained via depositions.**

**INTERROGATORY NO. 26:**

     (a)    When, if ever, did the plaintiff/decedent first experience any problems with their respiratory health, lungs, or breathing?

     (b)    Describe in layman's language what the plaintiff/decedent's physical complaints were at the time they first experienced such problems.

     (c)    If the physical complaints and symptoms of which the plaintiff/decedent now complains are different than those they first experienced, as described above, describe their present physical complaints and symptoms and state when they first had these complaints.

     (d)    Please place a check mark by any of the illnesses, diseases, or injuries which the plaintiff/decedent has or had and, for each one checked, identify who advised them of the illness, disease, or injury, and the date they were so advised:

| | |
|---|---|
| Cancer of any type | Silicosis |
| Metal toxicity | Chronic restrictive lung disease |
| Histoplasmosis | Black lung |
| Chronic obstructive pulmonary disease (COPD) | Emphysema |
| Asbestosis | Pneumonia |
| Mesothelioma | Pneumoconiosis |
| Tuberculosis | Asthma |
| Sarcoidosis | Pleurisy |

Other lung condition (please identify)

(e)    Identify each physician or medical provider who has attended the plaintiff/decedent for lung or breathing problems, and with respect to each physician, state:

    (1)    the date(s) the physician was seen by the plaintiff/decedent;

    (2)    the complaints made to the physician;

    (3)    the type of examination and/or treatment received by the plaintiff/decedent from the physician;

    (4)    whether any chest x-ray, MRI, CT scan, HRCT scan, biopsy, lung resection, spirometry and/or pulmonary function test was taken or performed; and

    (5)    the final diagnosis made by the physician.

(f)    If the plaintiff/decedent has ever been examined through a company or union screening program for lung or respiratory disease, give the dates, place, and details of such examination, and the name of the company, law firm, or union sponsoring the program.

(g)    State the date on which the plaintiff/decedent was first diagnosed with an asbestos-related disease or injury, and identify who made such diagnosis.

**ANSWER:**    **Objection. This interrogatory asks for a professional opinion from a lay person. This interrogatory seeks expert opinions which plaintiff is not qualified to render and which are best discovered through other discovery means. Furthermore it seeks information equally available to Defendants through the medical records of Plaintiff, copies of which have been served on the defendants or will be served on the defendants and are available through the medical authorization attached. Subject to and without waiving these objections, Plaintiff states: See attached medical report and Plaintiff's other medical reports. Also, see Plaintiff's List of Physicians and Hospitalizations, Exhibit "A" and the attached HIPAA authorization to order.**

## INTERROGATORY NO. 27:

With regard to any employment referenced in answers to Interrogatories Nos. 6 or 18, state whether the plaintiff/decedent (or the exposed person) was warned in any way about hazards or health risks regarding exposure to asbestos, specifically, the name and address of employer, the date or dates on which such warning was given, the general nature of the warning given, and if any documents or materials were given to the employee by the employer, identify such documents.

**ANSWER:**    **Plaintiff objects to this interrogatory as overly broad and unduly burdensome. Plaintiff further objects to this interrogatory as requesting information more properly obtained via deposition. Subject to and without waiving these objections, Plaintiff states: please see Plaintiff's and/or co-workers' depositions given or to be given in this case.**

**INTERROGATORY NO. 28:**

If the plaintiff/decedent have any family history of cancer, state the name of the family member(s) diagnosed as having cancer, the family member's age when diagnosed, the family member's relation to the plaintiff/decedent, the type(s) of cancer diagnosed, and if the family member is now deceased, the date, location, and cause of the family member's death.

**ANSWER:** **Plaintiff objects to this interrogatory as it is overly broad, unduly burdensome and vague. Subject to and without waiving said objection, Plaintiff answers as follows: None**

**INTERROGATORY NO. 29:**

Please state whether the plaintiff/decedent was a recipient of the polio vaccine administered in the late 1950's and 1960's. If the answer is in the affirmative, please state:

    (a)    the approximate date(s) of the vaccination;

    (b)    the geographic location where the vaccine was administered; and

    (c)    the identity of the healthcare provider or facility administering the vaccine(s).

**ANSWER:** **Plaintiff does not recall.**

**INTERROGATORY NO. 30:**

If the plaintiff/decedent has been treated for alcohol or drug use or abuse, state the type of treatment received, the inclusive dates during which they received this treatment, and the name and address of each medical practitioner who provided this treatment.

**ANSWER:** **Plaintiff objects to the Interrogatory as requesting information that is irrelevant, immaterial, unduly prejudicial, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiff states that he has never been treated for alcohol or drug abuse.**

**INTERROGATORY NO. 31:**

    (a)    How and under what circumstances did the plaintiff/decedent first learn that asbestos could be harmful to his/her health?

    (b)    When did the plaintiff/decedent first believe that the lung problems or breathing problems of which he/she complains might have been related to asbestoscontaining products, parts, or equipment?

    (c)    When was the plaintiff/decedent first told, and by whom, that any lung problems or breathing problems of which he/she complains might have been related to asbestos-containing products, parts, or equipment?

ANSWER:      Plaintiff first learned asbestos was harmful when he was informed of his
             mesothelioma diagnosis. He began experiencing respiratory problems just prior
             to his diagnosis, however, Plaintiff did not realize at that time that his respiratory
             problems were related to his asbestos exposure.

## INTERROGATORY NO. 32:

If the plaintiff/decedent has entered into any settlement agreement, or if a named defendant or any third party has agreed to make payment to the plaintiff/decedent for his/her asbestos-related condition, please state:

   (a)    the full name of the party or person with whom the plaintiff/decedent entered into an
          agreement;

   (b)    the date of the agreement; and

   (c)    the amount of money each person or party has paid or agreed to pay.

ANSWER:      Settlement discussions are in progress. This answer will be supplemented to
             provide defendants with sufficient information for offset purposes.

## INTERROGATORY NO. 33:

Please list all medical expenses, if any, incurred as a result of the plaintiff/decedent alleged exposure to asbestos-containing products and the approximate date such expenses were incurred. "Medical expenses" includes, but is not limited to, all charges for care, treatment or diagnosis by a physician, nurse, or other health care specialist; all hospital costs, charges, and expenses; and all medication expenses.

ANSWER:      Plaintiff objects to this interrogatory as overly broad and unduly burdensome and
             because the Texas Rules of Civil Procedure do not require him to itemize each
             element of damages claimed. Furthermore, much of the detail requested is best
             obtained through his medical and billing records which are equally available to
             defendants through the HIPAA medical authorization attached. Also, see
             Plaintiff's List of Physicians and Hospitalizations, Exhibit "A" and Plaintiff's
             deposition in this matter.

## INTERROGATORY NO. 34:

If the plaintiff/decedent is making a claim for lost wages or lost earning capacity, either past or future, as a result of their alleged exposure to asbestos-containing products, please identify the factual basis for such a claim and the monetary amount claimed by the plaintiff/decedent to have been lost in the past or which they estimate will be lost in the future.

ANSWER:      Plaintiff objects to this interrogatory as overly broad, unduly burdensome and as
             requesting information more properly obtained through deposition testimony.

             (a-m)  Subject to and without waiving these objections, plaintiff states: please see
                    Plaintiff's Work History Sheet attached hereto, along with Plaintiff and/or co-

18

worker depositions given or to be given in this case.

**INTERROGATORY NO. 35:**

State when (including the month, date and year) the plaintiff/decedent first contacted an attorney for the purpose of obtaining professional legal services regarding their alleged asbestos exposure, and the date of any agreement with a lawyer to provide the plaintiff/decedent with professional legal services regarding the same.

**ANSWER:**        1/27/06

**INTERROGATORY NO. 36:**

Please identify each consulting expert whose mental impressions and opinions have been reviewed by a testifying expert. Tex. R. Civ. P. 192.3(e).

**ANSWER:**        Plaintiff objects to this interrogatory as overly broad and unduly burdensome and states that the appropriate way, under the Texas Rules of Civil Procedure, to obtain the details of experts' opinions and examinations is by means of deposition. Furthermore, Plaintiff objects to being requested to provide all documents and tangible items relied on by the witnesses in reaching their opinions. Defendants are in possession of or have access to numerous deposition and trial transcripts which set forth some of the documents and tangible items relied on by these witnesses. Additionally, Plaintiff objects to this interrogatory on the grounds that the identity and opinions of any and all consulting experts are protected from disclosure by the consulting expert and attorney work product privileges. Subject to and without waiving these objections, Plaintiff states that he will identify his experts and provide reports in compliance with the docket control order entered in this case.

See attached List of Expert Witnesses.

Any and all physicians who have seen and\or treated Plaintiff may testify regarding all general and special damages including, but not limited to reasonable and necessary medical expenses, pain and suffering as well as the diagnosis, prognosis, and treatment of Plaintiff. See Exhibit "A".

Plaintiff reserves the right to supplement these answers as discovery is continuing. Written reports of Plaintiff's Medical experts to date, to be supplemented.

Plaintiffs reserve the right to call: a) any opinion witnesses listed by Defendants; b) any treating physician listed on Plaintiff's and Decedents' Physician List produced pursuant to Plaintiffs' Answers to Interrogatories; c) any doctor whose discovery deposition is taken by Defendants; d) any person named in Plaintiffs' and Decedents' medical records e) any witnesses named in Plaintiffs' Designation of Depositions to be filed pursuant to this Court's Standard Pretrial Order; f) any persons identified in Defendants' Answers to Plaintiffs' Interrogatories and\or responses to Plaintiffs' Request for Production; g) any of Defendants current or former employees or others who may authenticate documents; h) any or all past and\or present physicians, nurses, medical directors, industrial hygienists and\or other employees who were employed, retained, consulted or otherwise engaged by each Defendant and\or each Defendant's

19

predecessor(s), successor(s) or subsidiaries; and i) any of Defendants' state-of-the-art witnesses and\or medical opinion witnesses (i.e., treating doctors, B-readers, pulmonologists or pathologists) to the extent that said witnesses' opinions confirm and\or are consistent with Plaintiffs' witnesses' opinions and\or diagnoses.

**INTERROGATORY NO. 37:**

If the plaintiff/decedent are making a claim of punitive damages against any defendant, please state:

    (a)    the basis upon which the plaintiff/decedent contends they are entitled to punitive damages against each Defendant against whom they assert such a claim;

    (b)    each and every fact, opinion or other evidence upon which the plaintiff/decedent intends to rely at trial in support of their claim, as against each such Defendant;

    (c)    each and every document upon which the plaintiff/decedent intends to rely to prove that they are entitled to punitive damages against each such Defendant;

    (d)    each person upon whose testimony the plaintiff/decedent intend to rely to prove that they are entitled to punitive damages against each such Defendant;

    (e)    each deposition or transcribed piece of testimony, by case name, number, date and page number, upon which the plaintiff/decedent will rely in support of their allegation of punitive damages against each such Defendant; and

    (f)    each and every medical or technical treatise, report, article, journal, book or other such publication or document upon which the plaintiff/decedent will rely in support of their claim for punitive damages against each such Defendant.

**ANSWER:**    **Plaintiff objects to this interrogatory as vague, voluminous, duplicative, overly broad and unduly burdensome. Furthermore, the Texas Rules of Procedure do not require Plaintiff to present his entire case through interrogatory responses.**

    **Subject to and without waiving these objections, Plaintiff states: Plaintiff will provide responsive answers to the relevant portions of this interrogatory as required by the court. Additionally, please refer to Plaintiff's Complaint filed in this matter for specific allegations, Plaintiff's Work History Sheet attached and witnesses' deposition testimony. See also Plaintiff's expert and fact/co-worker witnesses listing and all amendments thereto filed or to be filed in this case. Plaintiff reserves the right to supplement this response as discovery is ongoing.**

    **Subject to and without waiving the foregoing objections, Plaintiff states: all Defendants are liable for punitive or exemplary damages.**

**INTERROGATORY NO. 38:**

For each dust mask, respirator and other respiratory protection product the plaintiff/decedent used when exposed to asbestos, state:

    (a)    the name of the manufacturer and the name and model number of the product;

(b)    the basis for the plaintiff/decedent belief that the manufacturer they named actually manufactured the product;

(c)    the most complete description of the product that the plaintiff/decedent can give;

(d)    the quantity of time the plaintiff/decedent used such product in areas where they contend asbestos dust was in the air (being as specific and complete as they can);

(e)    the tasks the plaintiff/decedent performed while using such product in areas where they contend asbestos dust was in the air;

(f)    the reasons the plaintiff/decedent contends asbestos dust was in the air in areas where they performed the tasks identified above; and

(g)    the names, addresses and telephone numbers of all individuals who worked with or around the plaintiff/decedent at each job site during the time period they used such product when exposed to asbestos.

**ANSWER:**

**Plaintiff objects to this interrogatory as requesting information more properly obtained via deposition. Subject to and without waiving this objection, Plaintiff states: please see plaintiff's work history sheet and/or Plaintiff's deposition and/or coworker's deposition given or to be given in this case.**

**INTERROGATORY NO. 39:**

For each dust mask, respirator and other respiratory protection product the plaintiff/decedent used to attempt to reduce exposure to any substance other than asbestos, state:

(a)    the name of the manufacturer and the name and model number of the product;

(b)    the basis for the plaintiff/decedent's belief that the manufacturer they named actually manufactured the product;

(c)    the most complete description of the product that the plaintiff/decedent can give;

(d)    the substances to which the plaintiff/decedent attempted to reduce exposure;

(e)    the name and address of each job site where the plaintiff/decedent used the product during such exposure and the dates of such use at each job site;

(f)    the quantity of time the plaintiff/decedent used the product in areas where they believe such substances were present (being as specific and complete as they can, and answering separately for each substance); and

(g)    the tasks the plaintiff/decedent performed while using the product in areas where they believe such substances were present (answer separately for each substance).

**ANSWER:**

> Plaintiff objects to this interrogatory as requesting information more properly obtained via deposition. Subject to and without waiving this objection, Plaintiff states: please see plaintiff's work history sheet and/or Plaintiff's deposition and/or coworker's deposition given or to be given in this case.

## INTERROGATORY NO. 40:

Identify all documents and tangible things (including but not limited to sales literature, promotional materials, training materials, posters, instructions, warnings, warranties, limitations of liability, written representations, advertisements, and printed packaging) ever seen by the plaintiff/decedent that reference or concern any dust mask, respirator or other respiratory protection product used by them.

**ANSWER:**

> Plaintiff objects to this interrogatory as requesting information more properly obtained via deposition. Subject to and without waiving this objection, Plaintiff states: please see plaintiff's work history sheet and/or Plaintiff's deposition and/or coworker's deposition given or to be given in this case.

## INTERROGATORY NO. 41:

Describe in as much detail as the plaintiff/decedent can, the substance of all training, information and representations they received concerning the use or limitations of any dust mask, respirator or other respiratory protection product used by them, and state the name, address and telephone number of each person who provided any of such training, information or representations to them.

**ANSWER:**

> Plaintiff objects to this interrogatory as requesting information more properly obtained via deposition. Subject to and without waiving this objection, Plaintiff states: please see plaintiff's work history sheet and/or Plaintiff's deposition and/or coworker's deposition given or to be given in this case.

## INTERROGATORY NO. 42:

Identify all documents and tangible things the plaintiff/decedent has seen to refresh their memory regarding the description or identification of any dust mask, respirator or other respiratory protection product ever used by them, or regarding the description or identification of the packaging for any such product.

**ANSWER:**

> Plaintiff objects to this interrogatory as requesting information more properly obtained via deposition. Subject to and without waiving this objection, Plaintiff states: please see plaintiff's work history sheet and/or Plaintiff's deposition and/or coworker's deposition given or to be given in this case.

## INTERROGATORY NO. 43:

Please provide the following information for each Retailer product that the plaintiff/decedent claims caused or contributed to cause their injuries.

     (a)    Identify the type of product, including manufacturer and brand name.

     (b)    Identify who purchased the product and when and the location where was it purchased.

     (c)    State specifically how the plaintiff/decedent was exposed to dust created by the product. If the plaintiff/decedent worked with the product, provide a detailed description of what work they did; where and when they did the work; how long it took; how this work created dust; and what tools they used to manipulate, install or remove the product, if any. If the plaintiff/decedent is making a bystander claim, please describe in detail when and where they were around the product; identify who was working with the product; their proximity to the product; how the product was being used; how long they were around the product; how this work created dust; and, what tools were used to manipulate, install or remove the product, if any.

     (d)    Identify the plaintiff/decedent's employer and supervisor at the time they performed or were around the work described in subsection (c) above.

     (e)    Identify the plaintiff/decedent's supervisors and co-workers at the time they performed or were around the work described in subsection (c) or (d), above.

     (g)    State whether the plaintiff/decedent believes the product contained asbestos, then give all reasons for such belief.

**ANSWER:**    **Please refer to Plaintiff's Work History Sheets, Exhibit "D," and any depositions of Plaintiff given or to be given in this case.**

## INTERROGATORY NO. 44:

Please provide the name, address, and telephone number of any person that the plaintiff/decedent expects to call to testify at trial that:

     (a)    a product sold by Retailer proximately caused their injuries;

     (b)    Retailer's conduct with regard to the plaintiff/decedent violated any standard of care (i.e, that Retailer was negligent or grossly negligent, as alleged in the petition);

     (c)    Retailer knew or should have known that the specific products identified in answer to Interrogatory No. 43 were unreasonably dangerous;

     (d)    Retailer engaged in a conspiracy to harm the plaintiff/decedent;

     (e)    Retailer failed to develop or utilize substitutes for asbestos; and

     (f)    Retailer failed to properly test its products before releasing them for consumer use.

**ANSWER: See attached List of Expert Witnesses.**

        **Plaintiffs reserve the right to call: a) any opinion witnesses listed by Defendants; b) any treating physician listed on Plaintiff's and Decedents' Physician List produced**

pursuant to Plaintiffs' Answers to Interrogatories; c) any doctor whose discovery deposition is taken by Defendants; d) any person named in Plaintiffs' and Decedents' medical records e) any witnesses named in Plaintiffs' Designation of Depositions to be filed pursuant to this Court's Standard Pretrial Order; f) any persons identified in Defendants' Answers to Plaintiffs' Interrogatories and\or responses to Plaintiffs' Request for Production; g) any of Defendants current or former employees or others who may authenticate documents; h) any or all past and\or present physicians, nurses, medical directors, industrial hygienists and\or other employees who were employed, retained, consulted or otherwise engaged by each Defendant and\or each Defendant's predecessor(s), successor(s) or subsidiaries; and i) any of Defendants' state-of-the-art witnesses and\or medical opinion witnesses (i.e., treating doctors, B-readers, pulmonologists or pathologists) to the extent that said witnesses' opinions confirm and\or are consistent with Plaintiffs' witnesses' opinions and\or diagnoses.

## INTERROGATORY NO. 45:

If the plaintiff/decedent was exposed to asbestos-containing products or equipment allegedly as a result of a Contractor engaging in the supply, engineering, distribution, application, installation, removal, manipulation or other construction-related activity involving asbestos-containing products:

(a)    identify the full name of the contractor(s) that were engaging in this type of work;

(b)    describe the type of work the contractor(s) were engaged in (e.g., new construction, renovation or maintenance);

(c)    the location and name of the premise or plant where the exposure occurred;

(d)    the specific date and time period that such exposure occurred;

(e)    state the type of products and equipment that the plaintiff/decedent claims the contractor(s) were using, including:

    (1)    the brand or trade name of the product or equipment;

    (2)    the manufacturer, designer, fabricator; and/or seller of the product or equipment;

    (3)    a general description of the product and equipment, and

    (4)    how the plaintiff/decedent claims that they were exposed to asbestos in or on the product or equipment; and

    (5)    the frequency with which the plaintiff/decedent alleges the contractor(s) exposed them to the asbestos containing products or equipment.

(f)    list the names, addresses and phone numbers of any employees of the contractor(s) listed in subpart (a) that the plaintiff/decedent worked with or around; and

(g)    list the names, addresses and phone numbers of persons with knowledge of the plaintiff/decedent's exposure to asbestos as a result of the work any contractor listed in subpart (a) to this interrogatory.

**ANSWER:**

**Please refer to Plaintiff's work history sheets, Exhibit D, and any depositions of Plaintiff already taken or to be taken in this case.**

## INTERROGATORY NO. 46:

If the plaintiff/decedent alleges direct, bystander or household exposure to asbestos or asbestos-containing products, or component parts as a result of contact with or use of any equipment including but not limited to, pumps, vessels, turbines, boilers, furnaces, heat exchangers, tractors, Heavy Equipment, engines or any other mobile or affixed equipment, for each piece of equipment, state the following:

(a)    the name of the owner of the equipment;

(b)    the name of the operator of the equipment;

(c)    the manufacturer of the equipment;

(d)    the model name, model number, year, serial number, and description of the equipment;

(e)    when the equipment was installed or placed in service, if known;

(f)    the specific location of the equipment when the alleged exposure(s) occurred (e.g., contractor's shop, basement, field, employer's shop, etc.);

(g)    the specific work or task causing your alleged exposure to asbestos fibers from the equipment, the dates of exposure(s) and the frequency and duration of the exposure(s), in terms of hours, days, months, as appropriate;

(h)    the component part(s) of the equipment to which plaintiff/decedent is alleging exposure to asbestos fibers, and specifically whether the part(s) were original or replacements, or if that is unknown, so state;

(i)    the manufacturer and supplier of the asbestos-containing component part(s) of the equipment to which plaintiff/decedent is alleging exposure to asbestos fibers;

(j)    the job title and responsibilities of plaintiff/decedent, or the person through whom they are alleging exposure, at the time plaintiff/decedent alleges exposure to asbestos fibers from the equipment; and

(k)    the manner or application in which the equipment was being used at the time of plaintiff/decedent's alleged exposure.

**ANSWER:**

25

**Please refer to Plaintiff's work history sheets, Exhibit D, and any depositions of Plaintiff already taken or to be taken in this case.**

## INTERROGATORY NO. 47:

Please state the name and address of each person who participated in the preparation of these answers to interrogatories or who furnished any information used in the preparation of these answers to interrogatories.

**ANSWER:**    **Plaintiff answered these interrogatories with the assistance of his attorneys at The Lanier Law Firm.**

26

NAME:                **Ronald M. Foster**

## WORK HISTORY SHEET

**EMPLOYER:**      Brune Plumbing/Huxtable Electric/Huxtable & Assoc.
(1960-'61; 1962-2003)

**JOB SITE:**        Lawrence West Jr. High

**CITY, STATE:**    Lawrence, Kansas

**DATE OF JOB:**   1960's

**JOB LENGTH:**   approx. 6 months

**JOB DUTIES:**    plumber and pipe fitter

**EXPECTED PRODUCT ID:**

| PRODUCT: | MANUFACTURER: |
|---|---|
| Insulating Cement | Johns-Manville |
|  | Grefco |
| Gaskets | Cranite |
|  | Garlock |
| Packing | Hercules |
| Joint Compound | Georgia Pacific Ready Mix |
|  | Paco Quik-Set |
|  | Gold Bond |
| Valves | Bell & Gossett |
|  | Stockham |
|  | Crane |
|  | Honeywell |
| Boilers | Kewanee |
|  | Lennox |
|  | Cleaver Brooks |
| Electrical Boards | Allen Bradley |
|  | Square D |
|  | Cutler Hammer |

**NAME:**        **Ronald M. Foster**

## WORK HISTORY SHEET

**EMPLOYER:**    Brune Plumbing/Huxtable Electric/Huxtable & Assoc.
(1960-'61; 1962-2003)

**JOB SITE:**    FMC phosphate plant

**CITY, STATE:**    Lawrence, Kansas

**DATE OF JOB:**    1960's, intermittently

**JOB LENGTH:**    approx. 2-3 years total

**JOB DUTIES:**    plumber and pipe fitter

**EXPECTED PRODUCT ID:**

| PRODUCT: | MANUFACTURER: |
|---|---|
| Insulating Cement | Johns-Manville |
|  | Grefco |
| Fireproofing | Zonolite |
| Gaskets | Cranite |
|  | Garlock |
| Packing | Hercules |
| Pipe Covering | Armstrong |
| Valves | Bell & Gossett |
|  | Stockham |
|  | Crane |
|  | Honeywell |
| Boilers | Cleaver Brooks |
| Electrical Boards | Allen Bradley |
|  | Square D |
|  | Cutler Hammer |

NAME:        Ronald M. Foster

## WORK HISTORY SHEET

EMPLOYER:    Brune Plumbing/Huxtable Electric/Huxtable & Assoc.
(1960-'61; 1962-2003)

JOB SITE:    Lawrence Memorial Hospital

CITY, STATE:    Lawrence, Kansas

DATE OF JOB:    late 1960's/early 1970's

JOB LENGTH:    intermittent

JOB DUTIES:    plumber and pipe fitter

EXPECTED PRODUCT ID:

| PRODUCT: | MANUFACTURER: |
|---|---|
| Insulating Cement | Johns-Manville |
| | Grefco |
| Fireproofing | Zonolite |
| Gaskets | Cranite |
| | Garlock |
| Packing | Hercules |
| Pipe Covering | Unknown |
| Joint Compound | Georgia Pacific Ready Mix |
| | Paco Quik-Set |
| | Gold Bond |
| Valves | Bell & Gossett |
| | Stockham |
| | Crane |
| | Honeywell |
| Boilers | Kewanee |
| | Lennox |
| | Cleaver Brooks |

Electrical Boards

Allen Bradley
Square D
Cutler Hammer

NAME:          Ronald M. Foster

## WORK HISTORY SHEET

EMPLOYER:      Brune Plumbing/Huxtable Electric/Huxtable & Assoc.
               (1960-'61; 1962-2003)

JOB SITE:      Haskell University

CITY, STATE:   Lawrence, Kansas

DATE OF JOB:   late 1960's/early 1970's

JOB LENGTH:    intermittent

JOB DUTIES:    plumber and pipe fitter

EXPECTED PRODUCT ID:

| PRODUCT: | MANUFACTURER: |
|---|---|
| Insulating Cement | Johns-Manville |
|  | Grefco |
| Fireproofing | Zonolite |
| Gaskets | Cranite |
|  | Garlock |
| Packing | Hercules |
| Pipe Covering | Unknown |
| Joint Compound | Georgia Pacific Ready Mix |
|  | Paco Quik-Set |
|  | Gold Bond |
| Valves | Bell & Gossett |
|  | Stockham |
|  | Crane |
|  | Honeywell |
| Boilers | Kewanee |
|  | Lennox |
|  | Cleaver Brooks |

Electrical Boards

Allen Bradley
Square D
Cutler Hammer

**NAME:**          Ronald M. Foster

## WORK HISTORY SHEET

**EMPLOYER:**      Brune Plumbing/Huxtable Electric/Huxtable & Assoc.
                   (1960-'61; 1962-2003)

**JOB SITE:**      Coop/Fertilizer Plant

**CITY, STATE:**   Lawrence, Kansas

**DATE OF JOB:**   1960's or 1970's

**JOB LENGTH:**    intermittent

**JOB DUTIES:**    plumber and pipe fitter

**EXPECTED PRODUCT ID:**

| PRODUCT: | MANUFACTURER: |
|---|---|
| Insulating Cement | Johns-Manville |
| | Grefco |
| Fireproofing | Zonolite |
| Gaskets | Cranite |
| | Garlock |
| Packing | Hercules |
| Pipe Covering | Armstrong |
| Joint Compound | Georgia Pacific Ready Mix |
| | Paco Quik-Set |
| | Gold Bond |
| Valves | Bell & Gossett |
| | Stockham |
| | Crane |
| | Honeywell |
| Boilers | Kewanee |
| | Lennox |
| | Cleaver Brooks |

Electrical Boards                          Allen Bradley
                                           Square D
                                           Cutler Hammer

NAME:          **Ronald M. Foster**

**WORK HISTORY SHEET**

EMPLOYER:      Tucker Electrical

JOB SITE:      various

CITY, STATE:   Topeka, Kansas

DATE OF JOB:   1961-1962

JOB LENGTH:    approx. 1 year

JOB DUTIES:    truck driver

EXPECTED PRODUCT ID:

**PRODUCT:**                        **MANUFACTURER:**

NAME:          Ronald M. Foster

## WORK HISTORY SHEET

EMPLOYER:      self

JOB SITE:      family homes

CITY, STATE:   Lawrence, Kansas

DATE OF JOB:   1960's and 1970's

JOB LENGTH:    intermittent

JOB DUTIES:    carpenter/drywaller/roofer

EXPECTED PRODUCT ID:

**PRODUCT:**                          **MANUFACTURER:**
Joint Compound                        Georgia Pacific Ready Mix
                                      Paco Quik-Set
                                      Gold Bond

Shingles                              unknown

NAME:          Ronald M. Foster

## WORK HISTORY SHEET

EMPLOYER:       self

JOB SITE:        family homes

CITY, STATE:     Lawrence, Kansas

DATE OF JOB:     1960's and 1970's

JOB LENGTH:      intermittent

JOB DUTIES:      mechanic

EXPECTED PRODUCT ID:

PRODUCT:                              MANUFACTURER:
Brake shoes                           Bendix