**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

**NOTICE REGARDING CURE EXHIBIT PURSUANT TO SECTION 9.1.2 OF THE**
**JOINT PLAN OF REORGANIZATION**

Pursuant to section 9.1.1 of the Joint Plan of Reorganization[1], except for (i) executory contracts and unexpired leases that the Debtors reject prior to the Effective Date or designate (on a list set forth in Exhibit 18 in the Exhibit Book) as being subject to rejection in connection with the Effective Date; (ii) the TSIA which shall be terminated (except for Section 4.04) upon the effective date of the Fresenius Settlement Agreement; and (iii) agreements, to the extent executory, that create an obligation of the Debtors to reimburse or indemnify third parties with respect to Asbestos PI Claims, Asbestos PD Claims or CDN ZAI PD Claims (other than all Asbestos Insurance Policies, Asbestos Insurance Settlement Agreements, Asbestos In-Place Insurance Coverage, and Asbestos Insurance Reimbursement Agreements, to the extent they are executory, the Sealed Air Settlement Agreement, the Fresenius Settlement Agreement, and the 1998 Tax Sharing Agreement), all executory contracts and unexpired leases (including all Asbestos Insurance Policies, Asbestos Insurance Settlement Agreements, Asbestos In-Place Insurance Coverage, and Asbestos Insurance Reimbursement Agreements, to the extent they are

---

[1]  Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594, 24657 & 25881 (the "Joint Plan of Reorganization").

executory; the Sealed Air Settlement Agreement, the Fresenius Settlement Agreement, the 1998 Tax Sharing Agreement; and the cost sharing agreement between the Debtors, Unifirst Corporation, and Beatrice Company, dated November 16, 1990 and described at Section 2.8.2 of the Disclosure Statement) not previously assumed by the Debtors pursuant to Bankruptcy Code §365 shall be deemed to have been assumed by the Reorganized Debtors on the Effective Date, and the Plan shall constitute a motion to assume such executory contracts and unexpired leases as of the Effective Date.

Please take notice that pursuant to section 9.1.2. of the Joint Plan of Reorganization, the Debtors do not believe that as of the date hereof, any cure amounts are owing on any of the executory contracts and unexpired leases assumed.

Pursuant to section 9.1.2 of the Joint Plan of Reorganization, the Debtors are hereby serving this Notice on each non-Debtor party to an executory contract or unexpired lease being assumed pursuant to the Plan in lieu of the Cure Exhibit called for therein.  Not later than twenty (20) days after the service of this Notice, the non-Debtor party to any executory contract or unexpired lease that the Debtors propose to assume, may assert that a cure amount should be owing with respect to any executory contract or unexpired lease that is being assumed, or otherwise object to the assumption of the executory contract or unexpired lease indicated in Section 9.1.1 of the Plan by Filing a written objection with the Bankruptcy Court and serving such objection on counsel for the Debtors.

If no objection to the cure amount or the proposed assumption is properly Filed and served within twenty (20) days after the service of the Cure Exhibit then (i) the proposed assumption of the executory contract or unexpired leases shall be deemed approved without

further action of the Bankruptcy Court in accordance with the Plan and the Confirmation Order, effective as of the Effective Date.

If an objection to the cure amount or the proposed assumption is properly Filed and served within twenty (20) days after the service of the Cure Exhibit, then the Debtors or Reorganized Debtors, as applicable, and the objecting party may resolve such objection by stipulation, without further action of the Bankruptcy Court.  If the parties are unable to resolve such objection, then: (i) the Debtors or Reorganized Debtors may file a reply to such objection no later than thirty (30) days after the Filing and service of such objection and ask the Bankruptcy Court to schedule a hearing on the particular objection and the related reply at an appropriate time; or (ii) the Debtors or Reorganized Debtors, as applicable, may designate the executory contract or unexpired lease underlying such objection for rejection pursuant to Section 9.1.3 of the Plan.

Executory contracts and unexpired leases previously assumed by the Debtors during the case pursuant to Bankruptcy Code § 365 shall be governed by and are subject to the provisions of the order of the Court authorizing the assumption thereof.

Dated: February 21, 2011                    Respectfully submitted,

KIRKLAND & ELLIS LLP
John Donley
Adam Paul
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Deanna D. Boll
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: (312) 836-4022
Facsimile: (312) 577-0737

and

*/s/ James E. O'Neill*
PACHULSKI, STANG, ZIEHL & JONES LLP
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Counsel for the Debtors and Debtors in Possession*