**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-1139 (JKF)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |
| | ) | **Hearing Date:  March 2, 2011 at 9:00 a.m.** |
| | ) | **Related Docket Nos. 26154, 26241, 26261, 26262** |

**PLAN PROPONENTS' JOINT OPPOSITION TO**
**(I) THE MOTION OF BNSF RAILWAY COMPANY FOR RECONSIDERATION OF**
**THE MEMORANDUM OPINION REGARDING OBJECTIONS TO CONFIRMATION**
**AND (II) THE JOINDERS FILED BY THE STATE OF MONTANA AND**
**HER MAJESTY THE QUEEN IN RIGHT OF CANADA**

W. R. Grace & Co., et al., (collectively, the "Debtors"), the Official Committee of

Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the

Official Committee of Equity Security Holders (collectively, the "Plan Proponents"), through

their respective undersigned attorneys, hereby submit this joint opposition to the motion of

BNSF Railway Company ("BNSF") for reconsideration of the Court's memorandum opinion

regarding objections to confirmation (the "Motion for Reconsideration") (Dkt. No. 26241), in

which the State of Montana ("Montana") and Her Majesty the Queen in Right of Canada (the

"Crown") join (Dkt. Nos. 26261, 26262).

## INTRODUCTION

In its memorandum opinion regarding objections to confirmation (Dkt. No. 26154) (the

"Memorandum Opinion"), the Court properly held that all of the objections to confirmation

raised by BNSF either were resolved or overruled.  In its Motion for Reconsideration, BNSF

now asks the Court to rewrite history and hold that the Court actually sustained BNSF's

objections to the Debtors' settlement with the CNA Companies ("CNA"), that BNSF succeeded

in establishing the legal basis for, and the Court should sustain, an objection to confirmation that

the parties resolved, and that the Court misunderstood BNSF's arguments with respect to another

objection to confirmation.  BNSF is wrong on all three points.

## **ARGUMENT**

Reconsideration of a court's opinion is an "extraordinary means of relief."  MAS Litig.

Trust v. Plastech LDM (In re Meridian Auto. Sys.-Composite Operations, Inc.), Case No. 05-

11168, 2008 WL 141160, at *1 (Bankr. D. Del. Jan. 11, 2008).  As such, bankruptcy courts grant

reconsideration only "sparingly."  Official Comm. of Unsecured Creditors of Hechinger Inv. Co.

of Del., Inc. v. Fleet Retail Fin. Group (In re Hechinger Inv. Co. of Del.), 303 B.R. 18, 23

(D. Del. 2003) (internal quotation omitted).

To prevail on a motion for reconsideration, the moving party must show that the court

committed "clear legal error."[1]  Logan v. Credit Gen. Ins. Co. (In re PRS Ins. Group, Inc.), 335

B.R. 77, 80 (Bankr. D. Del. 2005).  Reconsideration may be appropriate where the moving party

demonstrates that the court "patently misunderstood" the party's arguments, "made a decision

outside the adversarial issues presented by the parties," or "made an error not of reasoning, but of

apprehension."  Id.  (internal quotation omitted).  Reconsideration, however, is not intended to be

a substitute for an appeal.  Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del.

1990).  The moving party, therefore, "must do more than simply reargue the facts or law of the

case."  MAS Litig. Trust, 2008 WL 141160, at *1.

For the reasons set forth below, BNSF, Montana, and the Crown each failed to identify

---

[1]    Reconsideration also may be appropriate where "there has been an intervening change in
the controlling law" or "there is newly discovered evidence which was not available to the
moving party at the time of judgment."  Fleet Retail Fin. Group, 303 B.R. at 23.  BNSF's Motion
for Reconsideration, however, does not invoke either of these bases for reconsideration.

any "clear legal errors" in the Court's Memorandum Opinion.  Accordingly, the Motion for

Reconsideration and the joinders filed by Montana and the Crown should be denied.

## I.    BNSF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED

### A.    The Court Properly Overruled BNSF's Objections to the CNA Settlement, and Footnote 46 of the Memorandum Opinion is Correct.

In section A of the Motion for Reconsideration, BNSF takes umbrage that the Court

noted, in footnote 46 on page 40 of the Memorandum Opinion, that BNSF's objections to the

Debtors' settlement with CNA were "overruled."  (Motion for Reconsideration 3-4.)  As the

Court well knows, the Debtors' settlement agreement with CNA specifically provided that the

three alleged policies under which BNSF claims to be a named insured were not affected by the

settlement in any respect.[2]  BNSF nonetheless objected to the settlement on multiple grounds,

including that the settlement somehow did impact such policies.  In order to resolve this BNSF

objection, the Debtors took the extra step of adding specific language to the proposed order

approving that settlement, to re-emphasize that the settlement does not impact the three alleged

policies.[3]

---

[2]    Section P.P. of the settlement agreement (Dkt. No. 25776 Ex. A) provides:

> For the avoidance of doubt, the term "Subject Policies" does not
> include . . . policies, or portions of policies, issued to BNSF by any
> of the CNA Companies, or issued to BNSF and subscribed to by
> any of the CNA Companies.

[3]    Paragraph 5 of the Court's order approving the settlement (Dkt. No. 26106) provides:

> For the avoidance of doubt, the insurance policies identified in
> Exhibits A, B, and C to BNSF's Objection to Approval of the
> Settlement Agreement [Dkt. No. 25954] -- Policy No. 2483440
> (but not including policies with the identical number issued to
> Grace, identified as CNA Trial Exhibits 19B and 19C, which shall
> be Subject Policies), Policy No. CCP 3227361 and Policy No.

This additional language consensually resolved this particular BNSF objection to the CNA settlement.  The Court overruled all of BNSF's objections to the settlement, as reflected in paragraph 2 of the settlement approval order:

> For the reasons set forth herein and on the record at the hearing, all objections to the Motion and the relief requested therein and/or granted in the Order that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits.

(Dkt. No. 26106.)  Thus, footnote 46 on page 40 of the Memorandum Opinion accurately describes the Court's actions with respect to consideration and approval of the Debtors' settlement with CNA.[4]

**B.    The Plan Proponents Resolved BNSF's Confirmation Objections to the Treatment of its Potential Contractual Claims for Attorneys' Fees and Expenses and Reconsideration is not Warranted on This Point.**

In section B of the Motion for Reconsideration, BNSF quarrels with the first three sentences on page 40 of the Memorandum Opinion, which address BNSF's objection that its potential claims for attorneys' fees and expenses incurred in connection with alleged contractual indemnity claims were not treated under the Plan.  (Motion for Reconsideration 4-6.)  BNSF's proposed order with respect to its Motion for Reconsideration suggests that the Court should simply delete these three sentences from the Memorandum Opinion.

---

9060456 -- are not Subject Policies for purposes of the Settlement Agreement.  All parties reserve their rights regarding such policies, including with respect to the existence and terms of such policies.

[4]    The Plan Proponents would not object if the Court were inclined to change the last word in footnote 46 from "overruled" to the phrase "overruled, to the extent not resolved," thus mooting BNSF's Motion for Reconsideration on this point.  The Plan Proponents also would not object if the Court were inclined to delete footnote 46 from the Memorandum Opinion in its entirety, given that the Debtors' settlement with CNA was considered at a separate hearing, was the subject of a separate ruling, and is now the subject of a separate pending appeal.

As BNSF itself admits in the Motion for Reconsideration, however, and as the Court correctly notes at footnote 37 on page 31 of the Memorandum Opinion, the Plan Proponents fully resolved BNSF's objection to the treatment of its potential contractual claims for attorneys' fees and expenses prior to confirmation by adding to the Asbestos PI TDP a new section 5.14—entitled "BNSF TDP Claims"—which provides a mechanism to address these claims.  (Motion for Reconsideration ¶ 15; Memorandum Opinion 31 n.37.)  Thus, the Plan Proponents submit that the Court need not reconsider anything on this point.[5]

## C.    The Court Properly Understood and Rejected BNSF's Objection to the Treatment of its Potential Common Law Contribution Claims.

Finally, in section C of the Motion for Reconsideration, BNSF protests the Court's rejection, on page 41 of the Memorandum Opinion, of BNSF's objection that its potential common law contribution claims are treated unfairly under the Asbestos PI TDP.  (Motion for Reconsideration 6-10.)  BNSF argues that the Court's use of the word "paid" rather than "awarded" in two instances on page 41 shows that the Court misconstrued BNSF's objection and addressed an issue not raised by BNSF.  (Id. ¶ 30.)  BNSF then proceeds to rehash precisely the same arguments that it made in connection with confirmation.

The Court's Memorandum Opinion, however, makes clear that the Court properly

---

[5]    Because the Plan Proponents fully resolved BNSF's objection to the treatment of  its potential contractual claims for attorneys' fees and expenses prior to confirmation, the Plan Proponents, in the interest of resolving issues where possible, would not object if the Court were inclined to delete the first three sentences on page 40 of the Memorandum Opinion as BNSF requests.  If the Court were to delete those three sentences, the Court should also delete accompanying footnote 46, a deletion to which the Plan Proponents would not object, as noted above.  In addition, with the deletion of the first three sentences on page 40, the opening phrase of the next sentence should be clarified by, for example, changing "BNSF's point seems to be that its claims should not be considered asbestos PI claims…." to "BNSF asserts that its claims should not be considered asbestos PI claims…."

understood BNSF's arguments the first time.  In addition to page 41 (the passage that BNSF

finds objectionable), the Court also addressed this objection on pages 31 through 32, in

conjunction with the same confirmation objection filed by Montana.  (Memorandum Opinion 31

("Montana *and others* object because the TDP allegedly will result in adverse disparate treatment

against Indirect PI Trust Claims (including contribution and indemnification claims) . . . .")

(emphasis added); id. at 31 n.37 ("BNSF'[s] plan objection raises the same 'restriction on

allowed claims' argument that Montana raises.").)  On page 32, the Court accurately described

BNSF's and Montana's objections—that the Asbestos PI TDP treats them unfairly because, they

allege, they could be subject to a judgment in the tort system for an amount in excess of the

amount their Indirect PI Trust Claims would be awarded under the Asbestos PI TDP—and then

properly rejected these objections:

> Montana and others object because . . . (3) the TDP
> provides for a "maximum value" for Asbestos PI Claims which
> could result in negative disparate treatment to holders of Indirect
> PI Trust Claims in the event that a judgment is entered against it in
> an amount in excess of the maximum value for the particular
> category. . . .
>     The TDP provides an appropriate mechanism for Indirect
> PI Trust Claims to be paid.  Indirect PI Trust Claimants may
> recover no more than the Direct Claimant can recover (maximum
> value at a certain payment percentage). . . .  The Trust will treat the
> claims, all derived from underlying tort liability, the same.  There
> is no discrimination. . . .

(Memorandum Opinion 32.)  On page 42 of the Memorandum Opinion, the Court reiterated its

holding and specifically overruled BNSF's objection:

> The fact that BNSF is paid what the Direct Asbestos PI Claimant
> would have been paid if the Direct PI Claimant made the demand
> rather than BNSF shows that claimants in the same class are being
> treated equally in compliance with the Bankruptcy Code. . . .  The
> objection is without merit and is overruled.

(Id. at 42.)

By focusing on part of page 41 of the Memorandum Opinion in isolation, BNSF is attempting to read error into the Memorandum Opinion when, in fact, there is none.  Even BNSF admits that "the Indirect Claimant should 'stand in the shoes' of the Direct Claimant" (Motion for Reconsideration ¶ 27), which is the precise treatment that the Asbestos PI TDP provides and this Court approved.  In the very same sentence in its motion, however, BNSF contradicts itself by asserting that the "shoes" the Indirect Claimant should stand in are not those of an *actual* Direct Claimant but rather those of a *fictitious* Direct Claimant who cannot show that there is little likelihood of substantial recovery elsewhere.[6]  (Id.)  This Court has already considered and rejected this argument, and BNSF's request that the Court reconsider it should be denied.[7]

## II.    THE JOINDERS FILED BY MONTANA AND THE CROWN SHOULD ALSO BE DENIED

Montana and the Crown each joined section C of the Motion for Reconsideration.  Like BNSF, however, neither Montana nor the Crown identified any "clear legal error" by the Court.  As discussed in section I.C. above, the Court fully considered and properly rejected the objections raised by Montana and others, including the Crown, to the treatment of common law contribution claims.  (Memorandum Opinion 31-32.)  Accordingly, Montana's and the Crown's requests for reconsideration should also be denied.

---

[6]     If, as BNSF posits, a Direct Claimant has "the ability to recover some or all of its claim against a third party non-debtor [such as BNSF], and the Trust determines that the recovery from the third party is 'substantial'" (Motion for Reconsideration ¶ 25), then indeed the Direct Claimant *should* be disqualified from receiving an Extraordinary Claim.

[7]     The Plan Proponents would not object, however, if the Court were inclined to change the word "paid" to "awarded" in both instances where "paid" appears on page 41 of the Memorandum Opinion.

WHEREFORE, the Plan Proponents respectfully request that this Court enter an order denying BNSF's Motion for Reconsideration and the joinders filed by Montana and the Crown, and granting such other and further relief as the Court deems just and proper.

[SIGNATURES ON FOLLOWING PAGES]

Dated:  February 22, 2011                 Respectfully submitted,

                                          KIRKLAND & ELLIS LLP
                                          John Donley
                                          Lisa G. Esayian
                                          Adam Paul
                                          300 N. LaSalle Street
                                          Chicago, IL 60654
                                          Telephone: (312) 862-2000
                                          Facsimile:  (312) 862-2200

                                          *and*

                                          Deanna D. Boll
                                          601 Lexington Avenue
                                          New York, NY  10022
                                          Telephone: (212) 446-4800
                                          Facsimile:   (212) 446-4900

                                          *and*

                                          BAER HIGGINS FRUCHTMAN LLC
                                          Janet S. Baer, P.C.
                                          111 East Wacker Drive, Suite 2800
                                          Chicago, IL 60602-4022
                                          Telephone: (312) 836-4022
                                          Facsimile:  (312) 577-0737

                                          *and*

                                          */s/ James E. O'Neill*
                                          PACHULSKI, STANG, ZIEHL & JONES LLP
                                          Laura Davis Jones (Bar No. 2436)
                                          James E. O'Neill (Bar No. 4042)
                                          Kathleen P. Makowski (Bar No. 3648)
                                          Timothy Cairns (Bar No. 4228)
                                          919 North Market Street, 16th Floor
                                          P.O. Box 8705
                                          Wilmington, DE 19899-8705
                                          (Courier 19801)
                                          Telephone:  (302) 652-4100
                                          Facsimile:   (302) 652-4400

                                          *Counsel for the Debtors and Debtors in
                                          Possession*

CAMPBELL & LEVINE, LLC

*/s/ Mark T. Hurford*
Mark T. Hurford (Bar No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone:  (302) 426-1900
Facsimile:   (302) 426-9947

*and*

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile:  (212) 644-6755

Peter Van N. Lockwood
One Thomas Circle, N.W.
Washington, DC 20005
Telephone:  (202) 862-5000
Facsimile:   (202) 429-3301

*Counsel for the Official Committee*
*of Asbestos Personal Injury Claimants*

PHILLIPS, GOLDMAN & SPENCE, P.A.

*/s/ John C. Phillips*
John C. Phillips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone:  (302) 655-4200
Facsimile:   (302) 655-4210

*and*

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
James W. Burke
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile:  (202) 339-8500

*Counsel for David T. Austern,*
 *Asbestos PI Future Claimants' Representative*

SAUL EWING LLP

*/s/ Teresa K.D. Currier*
Teresa K.D. Currier (Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Facsimile:  (302) 421-6813

*and*

KRAMER LEVIN NAFTALIS & FRANKEL
LLP
Philip Bentley
Douglas Mannal
1177 Avenue of the Americas
New York, NY 10022
Telephone: (212) 715-9100
Facsimile:  (212) 715-8000

*Counsel for the Official Committee of Equity
Security Holders*