UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                          .    Case No.  01-1139 (JKF)
                                .
W.R. GRACE & CO.,               .
et al.,                         .    USX Tower - 54th Floor
                                .    600 Grant Street
                                .    Pittsburgh, PA 15219
                Debtors.  .
                                .    February 11, 2011
. . . . . . . . . . . ..    4:04 p.m.


TRANSCRIPT OF TELEPHONIC CONFERENCE
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:          Kirkland & Ellis, LLP
                         By:  JANET BAER, ESQ.
                         200 East Randolph Drive
                         Chicago, IL  60601

                         Kirkland & Ellis, LLP
                         By:  JOHN DONLEY, ESQ.
                              ADAM PAUL, ESQ.
                         300 North LaSalle
                         Chicago, IL  60654

                         Pachulski, Stang, Ziehl & Jones
                         By:  JAMES E. O'NEILL, ESQ.
                         919 North Market Street
                         17th Floor
                         Wilmington, DE  19801



Audio Operator:          Janet Heller

Proceedings recorded by electronic sound recording, transcript
            produced by transcription service.

_____

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@jjcourt.com

(609)586-2311     Fax No. (609) 587-3599

**APPEARANCES (Cont'd):**

For the Asbestos
Creditors Committee:              Caplin & Drysdale, Chartered
                                  By:  PETER LOCKWOOD, ESQ.
                                  One Thomas Circle, NW
                                  Washington, D.C.  20005


For the Future                    Orrick, Herrington & Sutcliffe, LLP
Claimants                         By:  ROGER FRANKEL, ESQ.
Representatives:                  RICHARD H. WYRON, ESQ.
                                  Washington Harbour
                                  3050 K Street, N.W.
                                  Washington, D.C.  20007


For the Equity                    Kramer Levin Naftalis & Frankel
Committee:                        By:  DAVID E. BLABEY, JR., ESQ.
                                       PHILIP BENTLEY, ESQ.
                                  919 Third Avenue
                                  New York, NY  10022


                                  Saul Ewing
                                  By:  TERESA CURRIER, ESQ.
                                  222 Delaware Avenue
                                  Suite 1200
                                  Wilmington, DE  19899


For the Libby Claimants:          Murtha Cullina, LLP
                                  By:  DANIEL C. COHN, ESQ.
                                  99 High Street
                                  20th Floor
                                  Boston, MA  02110


For the                           Stroock & Stroock & Lavan
Unsecured Creditors'              By:  KENNETH PASQUALE, ESQ.
Committee:                             ARLENE KRIEGER, ESQ.
                                  180 Maiden Lane
                                  New York, NY  10038-4982


For Maryland Casualty:            Eckert Seamans Cherin & Mellott, LLC
                                  By:  EDWARD LONGOSZ, II, ESQ.
                                  1747 Pennsylvania Avenue, N.W.
                                  Suite 1200
                                  Washington, D.C.  20006

**APPEARANCES (Cont'd):**

| | |
|---|---|
| For Maryland Casualty: | Connolly, Bove, Lodge & Hutz, LLP<br>By:  JEFFREY C. WISLER, ESQ.<br>The Nemours Building<br>1007 North Orange Street<br>Wilmington, DE  19899<br><br>Wiley Rein, LLP<br>By:  RICHARD A. IFFT, ESQ.<br>1776 K Street NW<br>Washington, DC 20006 |
| For Sealed Air: | Skadden, Arps, Slate, Meagher & Flom,<br>  LLP<br>By: DAVID TURETSKY, ESQ.<br>One Rodney Square<br>Wilmington, DE  19801 |
| For AXA Belgium: | Tucker Arensberg, P.C.<br>By:  MICHAEL A. SHINER, ESQ.<br>1500 One PPG Place<br>Pittsburgh, PA  15222 |
| For State of Montana<br>and Her Majesty, The<br>Queen, in Right of<br>Canada: | Womble, Carlyle, Sandridge & Rice<br>By:  FRANK MONACO, ESQ.<br>     KEVIN J. MANGAN, ESQ.<br>222 Delaware Avenue<br>Suite 1501<br>Wilmington, DE  19801 |
| For BNSF Railway: | Pepper Hamilton, LLP<br>By:  LINDA CASEY, ESQ.<br>3000 Two Logan Square<br>Philadelphia, PA  19103 |
| For Fresenius: | McDermott Will & Emery<br>By:  NATHAN F. COCO, ESQ.<br>     DAVID ROSENBLOOM, ESQ.<br>227 West Monroe Street<br>Chicago, IL  60606 |
| For GEICO and<br>Republic Ins. Co.: | Drinker Biddle & Reath LLP<br>By:  MICHAEL F. BROWN, ESQ.<br>One Logan Square<br>18th and Cherry Streets<br>Philadelphia, PA  19103 |

**APPEARANCES (Cont'd):**

| | |
|---|---|
| For the Property<br>Damage Committee: | Bilzin Sumberg Baena Price &<br>  Axelrod LLP<br>By:  SCOTT BAENA, ESQ.<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, FL  33131 |
| | Ferry Joseph & Pearce, P.A.<br>By:  THEODORE TACCONELLI, ESQ.<br>824 Market Street, Suite 19899<br>Wilmington, DE 19899 |
| For the Bank Lenders: | Paul Weiss Rifkind Wharton &<br>  Garrison, LLP<br>By:  ANDREW ROSENBERG, ESQ.<br>1285 Avenue of the Americas<br>New York, NY  10019 |
| | Landis, Rath & Cobb, LLP<br>By:  RICHARD COBB, ESQ.<br>919 Market Street, Suite 1800<br>Wilmington, DE  19899 |
| For PD FCR: | Law Office of Alan B. Rich<br>By:  ALAN RICH, ESQ.<br>1201 Main Street, Suite 1910,<br>Dallas, TX  75202 |
| For Official Committee<br>of Asbestos Personal<br>Injury Claimants: | Anderson Kill & Olick<br>By:  ROBERT M. HORKOVICH, ESQ.<br>1251 Avenue of the Americas<br>New York, NY  10020-1186 |
| For PI FCR: | Phillips, Goldman & Spence, P.A.<br>By:  JOHN C. PHILLIPS, ESQ.<br>1200 North Broom Street<br>Wilmington, DE  19806 |
| | Campbell & Levine<br>By:  KATHLEEN DAVIS, ESQ.<br>800 North King Street<br>Suite 300<br>Wilmington, DE  19701 |
| For Anderson Memorial<br>Hospital: | Kozyak, Tropin & Throckmorton, PA<br>By:  DAVID L. ROSENDORF, ESQ.<br>2525 Ponce de Leon, 9th Floor<br>Miami, Florida 33134 |

**APPEARANCES (Cont'd):**

For Arrowwood:             Bifferato Gentilotti
                           By:  GARVAN F. McDANIEL, ESQ.
                           800 North King Street, Plaza Level
                           Wilmington, DE  19801

For Garlock Sealing        Morris James, LLP
Technologies:              By:  BRETT D. FALLON, ESQ.
                           500 Delaware Avenue
                           Suite 1500
                           Wilmington, DE  19801

                           Robinson, Bradshaw & Hinson, P.A.
                           By:  GARLAND CASSADA, ESQ.
                                RICHARD WORF, ESQ.
                           101 North Tryon Street
                           Suite 1900
                           Charlotte, NC  28246

For the Canadian          The Hogan Firm
Zonolite Claimants:        By:  DANIEL K. HOGAN, ESQ.
                           1311 Delaware Avenue
                           Wilmington, DE  19806

For PDFCR:                 By:  ALEX SANDERS

                                ---

1          THE COURT:  Good afternoon.  This is the matter of

2    W.R. Grace, Bankruptcy Number 01-1139 pending in the District

3    of Delaware.

4          The Court scheduled this status conference because

5    I've been getting several emergency motions.  And I believe

6    having done some research with respect to my authority that I

7    needed the status conference to make sure that no party is

8    prejudiced as a result of what I believe my authority is.  And

9    as a result, there were initially three matters scheduled for

10   status conference, but a fourth has been filed; and that is, a

11   motion for expedited consideration of the Anderson Memorial

12   Hospital's motion to extend various times.  It's at Docket

13   Number 26247.  And excuse me one minute.

14                         (Pause)

15         THE COURT:  Okay, thank you.  I do not have a list of

16   participants.  So, if we could please start with the debtor

17   who's present.

18         MS. BAER:  Good afternoon, Your Honor.  Janet Baer on

19   behalf of the debtor.

20         MR. DONLEY:  John Donley and Adam Paul on behalf of

21   the debtor, as well.

22         MR. O'NEILL:  James O'Neill on behalf of the debtor,

23   Your Honor.

24         THE COURT:  Anyone else?

25         MR. FRANKEL:  Roger Frankel and Rick Wyron for the

1  PI, FCR.

2          MR. BENTLEY:  Philip Bentley and David Blabey for the

3  Equity Committee.

4          THE COURT:  Wait, I'm sorry.  Mr. Bentley and who?

5          MR. BENTLEY:  David Blabey.

6          THE COURT:  Oh, Mr. Blabey, thank you.

7          MS. CURRIER:  And Teresa Currier from Saul Ewing

8  for the Equity Committee, also.

9          THE COURT:  Thank you.

10         MR. LOCKWOOD:  Peter Lockwood for the AC -- PI, ACC.

11         MR. BAENA:  Scott Baena for the Property Damage

12  Committee.

13         MR. RICH:  Alan Rich for the Property Damage FCR.

14         MR. TACCONELLI:  Theodore Tacconelli for the Property

15  Damage Committee.

16         MR. SANDERS:  Alex Sanders, PD, FCR.

17         MS. DAVIS:   Kathleen Davis for the ACC.

18         MR. PASQUALE:  Ken Pasquale and Arlene Krieger, Your

19  Honor, for the Official Creditors' Committee.

20         THE COURT:  I'm sorry, Mr. Pasquale, I couldn't hear

21  you.  There were a couple of people talking at the same time.

22         MR. PASQUALE:  My apologies, Your Honor.  I'm not

23  sure what order we're going in.  It's Ken Pasquale and Arlene

24  Krieger from Stroock for the Official Creditors' Committee.

25         THE COURT:  Thank you.  Next?

1          MR. ROSENBERG:  Andrew Rosenberg from Paul Weiss for

2   the bank lenders.

3          MR. COBB:  Richard Cobb from Landis Rath and Cobb for

4   the bank lenders.

5          MR. SHINER:  Michael Shiner, Tucker Arensberg for AXA

6   Belgium, a successor to Royal Belge, a certain London market

7   company.

8          MR. BROWN:  Michael Brown for Geico and Republic.

9          MR. MONACO:  Your Honor, Frank Monaco and Kevin

10  Mangan on behalf of the State of Montana and Her Majesty, the

11  Queen, in Right of Canada.

12         MR. TURETSKY:  Your Honor, David Turetsky of Skadden

13  Arps for Sealed Air.

14         MR. WORF:  Richard Worf and Brett Fallon for Garlock

15  Sealing Technologies.

16         MS. CASEY:  Linda Casey for BNSF Railway.

17         THE COURT:  I'm sorry.  There are two of you speaking

18  and I can't hear either one of you as a result.  So one -- I

19  don't know who you are, so I can't ask you to mention your

20  names.  I couldn't pick that up.  After Ms. Casey, could

21  somebody enter an appearance please?

22         MR. COHN:  Your Honor, Daniel Cohn of -- I'll stop.

23         THE COURT:  Mr. Cohn, go ahead.

24         MR. COHN:  Yes.  Daniel Cohn of Murtha Cullina, LLP

25  representing the Libby Claimant.  Thank you, Your Honor.

1          THE COURT:  Okay, who's next?

2          MR. PHILLIPS:  Your Honor, this is Jack Phillips of

3  Phillips Goldman and Spence on behalf of the PI, FCR.

4          THE COURT:  Is anyone on for Anderson Memorial?

5          MR. ROSENDORF:  Good afternoon, Your Honor.  David

6  Rosendorf from Kozyak, Tropin and Throckmorton for Anderson.

7          MR. McDANIEL:  Garvan McDaniel for Arrowwood.

8          MR. HOGAN:  Daniel Hogan on behalf of the Canadian

9  Zonolite claimants.

10          MR. HORKOVICH:  Bob Horkovich, insurance counsel to

11  the ACC.

12          MR. ROSENBLOOM:  David Rosenbloom and Nathan Coco for

13  Fresenius Medical Care.

14          THE COURT:  Anyone else?

15                    (No audible response)

16          THE COURT:  All right.  I'm going to read the list

17  that I have to make sure I've got everyone.  Baer, Donley,

18  Paul, O'Neill, Frankel, Wyron, Bentley, Blabey, Lockwood, Baena

19  -- I'm missing someone -- Tacconelli, Rich, Sanders, Davis,

20  Pasquale, Krieger, Rosenberg, Shiner, Cobb, Brown, Monaco,

21  Mangan, Turetsky, Worf, Fallon, Casey, Cohn, Phillips,

22  Rosendorf, Daniel Hogan, Horkovich, Rosenbloom, Coco.  Anyone

23  else?

24          MR. LONGOSZ:  Your Honor, Edward Longosz on behalf of

25  Maryland Casualty.

1          MR. WISLER:  And Jeffrey Wisler on behalf of Maryland

2     Casualty.

3          MR. IFFT:  And Richard Ifft on behalf of Maryland

4     Casualty.

5          MS. CURRIER:  And Teresa Currier also here for the

6     Equity Committee.

7          THE COURT:  Anyone else?

8                    (No audible response)

9          THE COURT:  Okay.  Let me begin then with the, I

10    guess three significant things.  The debtor has asked for

11    clarification of the confirmation order.  AXA Belgium has asked

12    for an extension of time to file either 9033 motions or appeals

13    and Anderson Memorial has filed the same type of requests.  And

14    frankly, folks, it seems to me that it makes some time to give

15    you time to get past the status conference before you have to

16    file anything further anywhere.  But, here's the problem.  I

17    have the authority under Rule 9033 to extend that time to file

18    whatever objections you may choose to file, but I do not

19    believe I have the authority to extend the time to file

20    appeals, because Bankruptcy Rule 8002(c)(1)(F), I believe -- is

21    that -- one second, let me get my code and rules.

22                    (Pause)

23          THE COURT:  8002(c)(1)(F) indicates that to the

24    extent that the order that the Court entered was a confirmation

25    order, the Court does not have the time to extend the right to

1 file an appeal.

2      So, here's the issue.  The issue is as framed by

3 everyone is, what did I enter, a final order or not a final

4 order?  The difficulty in addressing that issue, of course, is

5 the 524(g) injunction.  Because any issues that this Court

6 addresses concerning personal injury claims are within the

7 non-core jurisdiction of the Court, but not within the core

8 jurisdiction.  So, as to any findings and requests to issue a

9 524(g) injunction, as I understand the application of the law,

10 that is not final.  So, even though the confirmation is a core

11 proceeding, I don't see any other way but to recommend to the

12 District Court that it actually confirm the plan and issue the

13 524(g) injunction, because otherwise I think I put everybody in

14 the position of having to file appeals on core matters and Rule

15 9033 objections on non-core matters, and heaven only knows what

16 that would lead to.

17      So, it seems to me that the best thing to do is to

18 issue a report and recommendation, period, and let the District

19 Court determine whether the plan ought to be confirmed and a

20 524(g) injunction issued.  That's what I attempted to do.

21 Whether I succeeded, I guess that's not up to me to determine.

22 But, that's what I attempted to do.  I'm happy to extend

23 whatever I can extend, but I'm concerned about if I do enter an

24 order that extends the time to file an appeal and as a result

25 someone is misled and misses an appeal deadline that you may be

1  jeopardized as a result, and I don't think that would be

2  appropriate.  So, that's why I scheduled this status

3  conference.  Let me know what your preference is.  I will

4  extend whatever deadlines I can.  But, I do not think I can

5  extend the deadline to file appeals.

6       MR. LOCKWOOD:  Your Honor, BNSF has filed a motion to

7  reconsider.  And I believe under the rules that that

8  automatically holds, if you will, the time for filing appeals

9  until the motion to reconsider is passed on.  This is Peter

10  Lockwood.

11       THE COURT:  Well, it sure will as to BNSF, Mr.

12  Lockwood.  I can't disagree.  If everybody wants to weigh in on

13  the BNSF motion so that the motion for reconsideration will

14  apply, in general, to the plan confirmation order, I think

15  you're correct.  That would extend the time until that hearing

16  is determined.  And that may be all you need to get you past

17  the status conference.  You know, it seems to me that you folks

18  ought to work out with the District Court how the proceedings

19  should go from here, not with me.  He may have some different

20  view than I have, and he's the one who's going to have to hear

21  the matter.  So, you ought to work that out with him.  It's

22  just that I don't want to mislead somebody by entering an order

23  I have no jurisdiction to enter and then having somebody miss

24  an appeal period as a result.  So --

25       MR. LOCKWOOD:  Your Honor, could we -- I mean, I

13

1   don't know whether -- the timing on this.  But, I think that

2   the plan proponents would like to speak at either Monday, if

3   that would be better, or now on this issue about whether Your

4   Honor has jurisdiction to issue the confirmation order under

5   524(g), because, (a) we think you do, and (b) we know that

6   you've done it in a whole lot of other cases.

7        THE COURT:  Well, Mr. Lockwood, I don't think it's an

8   issue of jurisdiction.  I think that, you know, this Court

9   clearly has core jurisdiction, and the 524(g) injunction is

10  just a supplement to the other plan confirmation order.  The

11  problem is that it's non-core.

12       If you take a look at Section 157 -- I'm sorry, I got

13  a new code and I haven't found anything in it yet, and my old

14  one disappeared.  So, just a second while I find Title 28 now.

15                       (Pause)

16       THE COURT:  Okay, I'm sorry.  If you take a look at

17  Section 157(b)(2)(O), it states that core proceedings include,

18  but are not limited to, other proceedings affecting the

19  liquidation of the assets of the estate or the adjustment of

20  the debtor/creditor or the equity security holder relationship,

21  except personal injury or wrongful death claims.

22       It seems to me -- I mean, there's core jurisdiction

23  to estimate these claims, I think the later in the statute

24  under Section 5, it's clear that the Court has jurisdiction to

25  deal with personal injury claims other than to try them.  But,

1  it's also clear as a result of -- I wanted the little one, the

2  little (indiscernible) book -- but it's clear that under

3  Section 157(b)(2)(o) that whatever I do is not core.  So, yes,

4  do I have jurisdiction?  Yes, I do.  But I can't enter it as a

5  final order.  I can only enter it as a recommendation.  So --

6       MR. LOCKWOOD:  Your Honor, 157 is sort of a catchall.

7  The 524(g) itself specifically says that the Court that issues

8  a confirmation order --

9          THE COURT:  I understand.

10          MR. LOCKWOOD:  -- may issue the injunction, as well.

11          THE COURT:  I understand that.  And it also says that

12  the injunction isn't final until after the appeal time is run.

13  So, I don't disagree that I have jurisdiction.  The issue is

14  the type of jurisdiction.  The fact that 157 says I can issue

15  it doesn't mean that I can issue it as a final order, I don't

16  think, Mr. Lockwood.

17          The problem is, I don't want to catch somebody in the

18  middle.  And if I issue it as the final order and it's not

19  final then, you know, that may have some adverse consequences,

20  too.  And I think that it's pretty clear under 157(o) that

21  issues related to personal injury are not core.  So, I don't

22  know how else to do it but to recommend to the District Court

23  --

24          MR. LOCKWOOD:  Except that the exception modifies the

25  phrase, other proceedings affecting the liquidation of the

1  assets of the estate, which this doesn't do, or the adjustment

2  of the debtor/creditor relationship.  And it doesn't -- I can

3  see how you might contemplate that the 524(g) injunction

4  somehow or another affects the adjustment of the

5  debtor/creditor relationship.  But, that, in effect, would

6  suggest that Congress is sort of sweeping up the 524(g)

7  injunction indirectly in a way that makes no sense if you think

8  about what the Court is doing in the first instance.  I mean,

9  no court order is ever final until time for appeal has expired.

10         THE COURT:  Oh, no, that's not correct.  The orders

11  are final, and to the extent that there is no stay of those

12  orders and they're not reversed on appeal.  They're only not

13  final if they're reversed.

14         MR. LOCKWOOD:  Okay.

15         THE COURT:  But, this statute says specifically that

16  the injunction is not effective until after the time for appeal

17  has expired.  There's a specific provision in 524(g) to that

18  effect.

19         MR. DONLEY:  Your Honor, it's John Donley on behalf

20  of the debtors.  I'd just like to join Mr. Lockwood's point,

21  briefly.  My reading of the record in all the 524(g) cases has

22  been that the Bankruptcy Court's orders, and indeed your own

23  orders, Your Honor --

24         THE COURT:  No, Mr. Donley, I don't think that's

25  correct.  In fact, I started off these processes by adding

1  footnotes indicating that to the extent it was core it was

2  final, and to the extent it wasn't core it wasn't.  And in

3  every single case that I can recall, I have recommended to the

4  District Court that it issue -- I think in one case I may have

5  actually asked the District Court to affirm as opposed to

6  confirm, but the other cases, they've been reports and

7  recommendations.  So, I didn't appreciate that this was going

8  to be an issue.

9          And, folks, you know, I hope I have core

10  jurisdiction.  It would make my life a lot easier for the

11  couple cases I still have to address this in.  But, if I don't,

12  and I'm wrong, what's the consequence?

13          MR. LOCKWOOD:  Well, for openers, Your Honor, I went

14  back and looked at the Owens Corning confirmation order and it

15  wasn't a recommendations, and I looked at the Kaiser

16  confirmation order that Your Honor entered, and it wasn't

17  recommendations.  And I looked at the Federal Mogul order and

18  it wasn't a confirmation.  And I don't believe there's any

19  decided case that's ever concluded that the 524(g) injunction

20  wasn't a core matter.  The fact that the injunction may not be

21  final and definitive until it's affirmed by the District Court

22  is not in and of itself something that says it's either core or

23  non-core.  It's just a sort of a condition to ultimate

24  enforceability of the injunction that requires action by the

25  District Court.  But, that's not the same issue as to whether

1 something's core or non-core it seems to me.

2          THE COURT:  Well, Mr. Lockwood, I hope you're right.

3 But, nonetheless, the way I wrote this one was as a report and

4 recommendation.  So, if everyone agrees that I should change it

5 to do a confirmation order and let your appeals run instead,

6 I'm happy to do that.  I don't have a dog in this fight.  If

7 you're all convinced that it can be done that way, it's fine

8 with me.  I just want you folks to get to the point where you

9 can raise whatever issues, either on appeal or by objection,

10 that you need to raise, so that at one point in time or

11 another, hopefully soon, this case can actually end.  And your

12 clients can get what it is that they've been looking for for

13 the last ten years.  That's all.  And how is has to be

14 effectuated, I really don't care.  I'd just like to get it

15 effectuated.  But, I don't want somebody to lose substantial

16 rights in the event that I have a misinterpretation.

17          MR. DONLEY:  Your Honor, John Donley again.  We

18 really do believe it's core and did go back and read those

19 cases, and there was a cover letter in one from Your Honor to

20 the District Court saying you recommended that the findings be

21 affirmed.  But, they were all entered as core cases and final

22 orders, and no parties were prejudiced because they all had the

23 right to file notices of appeal within 14 days and they did.

24 And to us, it really should be the same thing here and we'd

25 urge the Court to follow that same practice here.

1           THE COURT:  Well, there was also a distinction in at
2  least a couple of those cases, Mr. Donley, and that is that by
3  the time I got to the confirmation order there were no
4  objections left except in some instances the insurance
5  assignment issues.  And so everybody agreed with the
6  proposition.  So, I didn't need to take it on.  I wasn't -- I
7  just didn't think that that was the case here.  If it is, as I
8  said, I'm happy to issue a corrective order.  I still have
9  jurisdiction over it.  You know, I've sent it to the District
10  Court, but he hasn't done anything that assumes jurisdiction
11  yet.  He scheduled a status conference.  So, if you all want me
12  to do this differently and amend what I did to say that I'm
13  issuing the injunction, I'm confirming the plan and would the
14  District Court please affirm it, then I will do that.  As long
15  as all your clients' rights are protected, I'm happy with that.
16           So, let me hear from anybody who doesn't want that
17  done.
18           MS. CASEY:  Your Honor, this is Linda Casey on behalf
19  of BNSF.  Whether Your Honor said that the final order or not,
20  BNSF doesn't take a position on.  We did file a pleading that
21  was filed shortly before this hearing, and I'm sure you didn't
22  receive it yet.  BNSF did file a motion to reconsider.  And if
23  the order were a final order, 8002(b) -- Bankruptcy Rule
24  8002(b) provides that if any party makes a timely motion, the
25  time for appeal for all parties runs until the entry of the

1   order disposing the motion.  So, I believe even if it is a

2   final order, what was filed on January 31st is a final order,

3   the motion for all parties to appeal has been tolled, for want

4   of a better word, by our filing the motion to reconsider.

5       However, the one concern we do have is filing -- the

6   debtors requested sort of a retroactive decision all the way

7   back to January 31st as to whether this is something we need to

8   appeal or object to, and BNSF's pleading that we filed in

9   response to that is, whatever does happen has to preserve

10  parties' rights.  And we can't have an order entered on the

11  last day of the appeal period or objection period tell us what

12  that day is.  We would need additional time to be able to

13  respond.

14          THE COURT:  Well, I agree with that, Ms. Casey.  I

15  certainly don't think I can, you know -- well, in fact, I

16  probably wouldn't even get an order entered until Monday at

17  this point, in any event.  So, I certainly think that if I

18  enter an order that modifies what I did before to say, oh, by

19  the way, this is a final order, that your time to appeal would

20  not run until that order is docketed.  But, if Rule 8002(b)

21  indicates that your motion for reconsideration has tolled that

22  time for everyone, then I don't think it's so much of an issue

23  anyway.

24          MR. SHINER:  Your Honor, this is Michael Shiner.  We

25  had filed on behalf of AXA the motion to extend both the appeal

1 and 9033 time frame.  And I do agree with Ms. Casey's statement

2 that, you know, the filing of any one motion for

3 reconsideration under 9024 that BNSF has filed, essentially

4 tolls the appeal period for -- you know, for all parties.

5          THE COURT:  Okay.  Let me go back to my initial

6 question.  I don't think everyone is represented on the phone,

7 I mean, not all parties, but certainly the major constituents

8 are.  Many of the insurance companies are not here.

9          MR. LOCKWOOD:  Your Honor, the only ones that are

10 still objecting to the plan, I believe, are here.

11          THE COURT:  Well, that's what I was going to ask.

12          MR. LOCKWOOD:  I heard Geico, Republic, Axa Belgium

13 and Maryland Casualty and Arrowwood and I don't believe that

14 there's anybody else that's a plan objector, unless CNA would

15 fit that description.  But, they've agreed -- the Court has

16 approved their settlement and they've agreed to withdraw their

17 objection.  So --

18          THE COURT:  No, I don't think --

19          MS. BAER:  Your Honor, this is Janet Baer on behalf

20 of the debtors.

21          When we created the e-mail list, we actually went

22 back and made sure that each and every plan objector was

23 included on this call, and I'm not aware of somebody who is not

24 on it, but they certainly were included in the list.

25          THE COURT:  All right.  Then let me ask one more

1  time, if everybody is on the phone, do you want an amended

2  order that indicates that the plan confirmation is final that I

3  am issuing a 524(g) injunction and --

4        MR. MONACO:  Your Honor, this is Frank Monaco.  And I

5  apologize.  There's a fire emergency in our building and we're

6  asked to evacuate, of all times.  We do object to the relief

7  sought by the plan proponents.  We do not think it should be a

8  final order.  We agree with Your Honor's analysis.  And I can

9  dial back in once I get outside (indiscernible).  I apologize.

10       THE COURT:  Okay, thank you.

11       MR. MONACO:  I'm going to have to get off the call.

12  I'm sorry.

13       MR. ROSENDORF:  Your Honor, this is David Rosendorf

14  on behalf of Anderson.  I will be candid in telling you, Your

15  Honor, that I had not yet evaluated whether my client has a

16  position on whether the Court has the authority to enter a

17  final order with respect to all these issues or not, because we

18  did not believe that that issue was really adequately teed up

19  at this point other than that we were seeking clarification of

20  it ourselves in the motion that we filed.

21       It seems to me the plan proponents have requested

22  clarification of this Court's order.  The clarification that

23  the Court gave today was not necessarily the clarification that

24  they wanted.  If the Court -- if the plan proponents are asking

25  the Court to do something else, I believe that that has to come

1  by means of a motion for reconsideration or to alter findings

2  with respect to the Court's orders that it did enter, in which

3  case parties could then have an opportunity to respond to them.

4  I just can't do so today with -- you know, really with no

5  motion teed up at this point.

6      THE COURT:  Well, I'm not modifying the findings at

7  this point.  I mean, I know BNSF has asked me to look at a

8  couple findings, and when people have a chance to respond to

9  that I certainly will look at those couple of findings.  I

10 don't want to have misunderstood something.  And if I did, I

11 appreciate the opportunity to get it clarified.  But, with

12 respect to the findings, I don't have any intention at this

13 point of changing my findings.  They are the findings, whether

14 they are final or whether they are not final is the issue.

15      From my point of view, I mean, I'm not going back to

16 do anything unless the District Court sends it back to me and

17 tell me that there's something that I did wrong and have to

18 redo.  So, in my point of view, they're as final as I can make

19 them.  I just don't know whether it is within my core or non-

20 core jurisdiction.  If it's within my core jurisdiction,

21 they're final by operation of law.  If it's within my non-core

22 jurisdiction, I have to make a report and recommendation.  And

23 trying to figure it out, as I think is evidenced by this call,

24 is not easy.  So, it seems to me that where it's in dispute the

25 best solution is simply not to make a final order, but to

1  recommend that the District Court enter the confirmation order

2  and the injunction, and then you get everything done at one

3  time.  That's how I viewed it.  But, as I said, I don't have a

4  dog in the fight.  It doesn't matter to me, just so you folks

5  get to the District Court level in a fashion that protects your

6  clients' interest, that's the only concern I have.  And

7  frankly, I think you're all protected if you can file an

8  appeal.  Just like you're all protected if you file objections.

9  The ultimate conclusion is the same, the District Court's going

10  to look at it.

11                  (Unrelated dialogue)

12          THE COURT:  I'm sorry, whoever's speaking, I can't

13  understand a word you're saying.  If you're on a speaker phone

14  you'll have to pick up.  Hello?

15          MR. LOCKWOOD:  It sounded like there was a fire alarm

16  going off in the background, Your Honor.  I don't think they

17  were intending to communicate to you.

18          THE COURT:  Oh, okay, thank you.

19          MR. ROSENDORF:  Your Honor, in direct answer to your

20  question of whether any party or if all parties consent to the

21  entry of an amended order, I cannot tell you that Anderson does

22  today.

23          THE COURT:  Okay.  I appreciate that, Mr. Rosendorf.

24  I'm sure no one had necessarily a clue about what this was

25  about.  My concern, as I said, is I don't think I can extend

1  the time to file an appeal.  But, to the extent that Ms.

2  Casey's client has filed a motion for reconsideration, I think

3  that -- having looked at this rule, I think the time's extended

4  anyway.

5       MR. ROSENDORF:  I'd concur with the filing of that

6  motion, certainly that the portion of the motion Anderson filed

7  is not necessary to be addressed at this point.

8       MR. LOCKWOOD:  That's the point I was trying to make,

9  Your Honor, at the beginning of the call about BNSF's filing.

10      THE COURT:  Okay.

11      MR. DONLEY:  Just -- John Donley for the debtors

12  again, Your Honor -- the one thing that was said that we do

13  disagree with, we don't think a Rule 9023 motion to amend or

14  alter is necessary.  We think the Court has inherent power to

15  interpret its own order.  And we really do think that all the

16  parties' rights are preserved by the notice of appeal process,

17  and the timing may be affected by the BNSF motion temporarily

18  and really would urge a clarification be entered clarifying

19  that the order and the findings have been made.

20      MR. LOCKWOOD:  Your Honor --

21      MR. DONLEY:  Notices of appeal in a time will run

22  under the statute when they run.

23      MR. LOCKWOOD:  Your Honor, could one way of dealing

24  with this that's consistent with what you've said be just to

25  have you say, in effect, that to the extent that the matters

1 that you've dealt with in your orders are core matters, they're

2 final, and to the extent that they're not, they're not?

3 Because otherwise you're putting -- you're making, in effect, a

4 ruling that says you don't have core jurisdiction to confirm a

5 plan.

6      THE COURT:  Oh, no, I think I put a footnote in that

7 indicated the plan confirmation is clearly core.  I mean,

8 that's one of the listed things in 157.  The difficulty isn't

9 whether I have core jurisdiction over the plan, it's the effect

10 of issuing the injunction.  And I don't know how to issue the

11 injunction as non-core, which I understand your argument, Mr.

12 Lockwood.  I maybe need to think about it, but nonetheless, as

13 I understood it when I issued this order, without the agreement

14 of the parties I don't know how to do the 524(g) injunction as

15 a non-core matter without doing a report and recommendation,

16 and at the same time issue a final order with respect to

17 confirmation without bifurcating the whole proceeding for

18 everyone.  And it seemed to me that that didn't make sense.

19 So, the thing that made most sense was simply to do a report

20 and recommendation as to everything and let the District Court

21 enter the final order so that it could then be appealed to the

22 Circuit.  That's what I thought I was doing.

23      MR. LOCKWOOD:  The problem with that from a technical

24 point of view, Your Honor, is that you have -- I mean, as you

25 said, the confirmation order is a core matter.  So, you don't,

1 | under the statute you can't recommend to the District Court
2 | that it decide something that's before you as a core matter.
3 | The District Court would instead have to withdraw the
4 | reference, which it made in the beginning of the case to you.
5 | So, one of the things that the plan proponents are concerned
6 | about is, we're going to be in front of Judge Buckwalter on
7 | Wednesday, if we go forward as scheduled, and we're concerned
8 | that he isn't going to have the vaguest idea of what he's
9 | expected to do, because if he reads the statute, he'll see that
10 | it says confirmation of a plan is a core matter.  And there's
11 | nothing in your orders to date that explain any of the
12 | reasoning that you've articulated here today to us as to why
13 | it's a piece of what's going on here that you think may not be
14 | core.  But, there's a whole bunch of other aspects, such as the
15 | confirmation order itself that you believe are core, and
16 | therefore under the way the statutory framework is set up,
17 | wouldn't be a proper subject for you to be making
18 | recommendations on.  I mean, you're the Judge that, you know,
19 | has the authority to rule on that, and the District Court
20 | referred the case to you for that purpose.
21 |         THE COURT:  Well, I agree that it's a conundrum, Mr.
22 | Lockwood.  I thought I had done what I could to straighten it
23 | out.  Maybe not.  As I said earlier, if the parties agree,
24 | apparently Mr. Monaco's client doesn't, that this is a final
25 | order, I have no problem issuing an amendment to indicate that

1  it's a final order.

2          With BNSF having filed a motion for reconsideration

3  that isn't even on the calendar for Monday, it's on for March,

4  I think, sometime, why don't you all get together before the

5  hearing on Monday and let me know what your clients' positions

6  are.  And I will make a ruling at that time, and I will do some

7  research in the meantime.  If I think that there's a way that I

8  can amend this to indicate that it's a final order and that I'm

9  asking the District Court to affirm it and to affirm the

10  injunction, I'll do that.  If I think I can't, then I'll tell

11  you why and I'll go forward with it the way it is now as what I

12  thought was a report and recommendation.  So, talk to your

13  clients, we will address this Monday at the time scheduled for

14  the Grace hearing.

15          MR. ROSENBERG:  Your Honor, it's Andrew Rosenberg.

16          One other thing.  Just in terms of extension of time,

17  I think if this ends up as 9033, that time does run on Monday,

18  and we were going to ask the Court for a brief extension to at

19  least get us past the District Court status conference on

20  Wednesday before we start adding more confusion to this by

21  starting to file 9033, you know, objections to findings of fact

22  and conclusions of law, which we'd have to file on Monday.

23          THE COURT:  Well, that I don't have any problem with

24  granting you, because I have the authority under Rule 9033 to

25  grant that extension.  So, tell me a date by which you want

1  that and I'll simply enter an order at this point that grants

2  the 9033 extension.  But, as I said, I don't think I have the

3  authority to grant an appeal extension.

4          MR. ROSENBERG:  Another week I think would be fine

5  for us, for the bank lenders.

6          MR. SHINER:  Your Honor, Michael Shiner.

7          We had asked for two weeks in our motion on the 9033

8  side.  We would appreciate that date.

9          THE COURT:  All right.  Why don't I make it until

10  February 28th.  Is that sufficient?  That's a week and a half

11  after your hearing with the District Court Judge, and he can

12  extend it further if he feels it is necessary.

13          MR. SHINER:  That's great.  Thank you.

14          MR. MONACO:  Your Honor, this is Frank Monaco.  I

15  apologize.  I promise it was not a delaying tactic.  They made

16  us evacuate the building and I'm now standing outside the

17  building.

18          I don't know what I've missed, but I'm happy to

19  repeat what I was trying to say, started to say.

20          THE COURT:  What I was about to do, Mr. Monaco, was

21  extend the time to file the 9033 motions until February 28th,

22  which gets you all past the status conference that Judge

23  Buckwalter has entered.  That way at least before him you can

24  decide what you need to file.  I indicated that I'd take this

25  same issue as to whether I can or cannot enter a final order on

1  all matters and then ask the judge to affirm them rather than

2  to enter the confirmation order up again on Monday, at the time

3  it's scheduled for the Grace hearing to give you all time to

4  confer with your clients.

5          Frankly, Mr. Monaco, I don't see how anybody is

6  prejudiced by my entering a final order, getting it docketed,

7  say Monday, and then giving you appeal times from there on.  I

8  mean, the District Court's going to hear this whether it's by

9  way of 9033 objections or an appeal, you're going to get a

10 briefing schedule if he determines you need one.  So, I don't

11 see that it makes a difference.  He's going to do what he

12 thinks he needs to do regardless of the context in which he

13 gets it.  So, if your clients aren't prejudiced by the time

14 delay, I simply don't see what difference it makes.

15         MR. MONACO:  Well, Your Honor, I guess the practical

16 effect is, who do we appeal from.  If the plan proponents are

17 right and this is deemed the final order, I guess we would

18 appeal to the District Court.  But, if you're making

19 recommendations and asking the District Court to make the final

20 call on this and enter an order, it seems to me we go to the

21 Third Circuit.  And that --

22         THE COURT:  Well, you go to the Third Circuit after

23 the District Court anyway.  The fact is, you're going to the

24 District Court first.  Whether you go there by 9033 or whether

25 you go there by appeal, you're going to the District Court.

1  And if you don't like what he does, you're going to the
2  Circuit.  So what difference does it make whether you go there
3  by appeal or by 9033 motions?
4          MR. MONACO:  Well, Your Honor, I just want to make
5  sure the procedure is followed correctly.
6          THE COURT:  I do, too, Mr. Monaco.  That's the reason
7  I did what I did.  But, maybe I made it more confusing rather
8  than less.
9          MR. DONLEY:  Your Honor, John Donley for the debtors.
10         Again, on the deadlines I wanted to raise one other
11 issue briefly.  BNSF's motion for reconsideration was noticed
12 for March 28th.  And we're, as you know, very eager to move
13 forward with the process as expeditiously as possible, and that
14 is a long time, so I know we'll be before you Monday and we can
15 perhaps make a specific proposal and talk to Ms. Casey about
16 streamlining that.  But, we would be very, very eager to move
17 up -- move that date up.  It's a discreet, specific point, and
18 to have the whole case delayed two months almost until March
19 28th, we'd like to move that up if we could.
20         THE COURT:  Well, I don't have a problem moving it up
21 if Ms. Casey doesn't have a problem.  But, it seems to me that
22 until you go past your status conference with the District
23 Court, maybe having it out there is not a bad thing for all of
24 you.  So, that this confusion doesn't bar anybody's rights to
25 either seek a 9033 or to file an appeal.

1          If I can enter an order on Monday that is a final

2     order, than actually you're time to appeal would be, I think,

3     March 1st, if I'm looking at the calendar correctly, rather

4     than February 28th anyway.  So, the time frame would still work

5     out the same.

6          Okay.  So, why don't you talk to your clients and

7     find out, you know, I honestly am having some difficulty

8     understanding what the difference would be if you have to go to

9     the District Court anyway.  So, whether you do it by filing a

10    notice of appeal or objections, all of which are going to go

11    the District Court anyhow, I just don't see the difference.

12         MR. HOGAN:  Your Honor, Dan Hogan here on behalf of

13    the Canadian Zonolite claimants.

14         You recall that we did an amendment to the minutes of

15    settlement and it was tied to the date of the confirmation

16    order.  And so this really isn't necessarily an appeal issue,

17    but the agreement provided that additional compensation would

18    be paid to the fund in the event that the confirmation order

19    wasn't entered on or before January 31st.  And so to the extent

20    that you enter an order that relates back, I've got a question

21    about whether -- you know, you asked about prejudice to any

22    constituency, arguably there may be a prejudice to the Canadian

23    Zonolite claimants.

24         THE COURT:  Well, maybe, Mr. Hogan.  My view with

25    respect to the confirmation of the plan is, I think I confirmed

1  the plan and ask -- I entered all the findings and then I

2  recommended that Judge Buckwalter actually confirm the plan

3  because I thought that was the appropriate thing to do.  I

4  think I can make the findings in the confirmation retroactive,

5  but I can't restart the appeal period.  I simply can't do that.

6  So, I don't know.  Why don't you, Mr. Hogan, talk to the debtor

7  and see if that issue can't be resolved somehow.  You were

8  successful in getting other extensions when you needed to, and

9  it seems to me that that should not be that much of a sticking

10 point.

11      MR. DONLEY:  Your Honor, just briefly for the

12 debtors.  This is John Donley.  We don't think it's a sticking

13 point at all, and we don't think it's a question of making

14 anything retroactive.  We think it's crystal clear that on

15 January 31st Your Honor entered a confirmation order.  And to

16 suggest that there's any impact on the Canadian settlement we

17 think is just wrong.  And if there needs to be a clarification

18 from Your Honor, that's fine, but I don't think it's doing

19 anything retroactive.  It would just be clarifying what Your

20 Honor, in fact, did on January 31.

21      MR. LOCKWOOD:  And because BNSF has filed a timely

22 notice of -- motion to reconsider, as Ms. Casey pointed out,

23 everybody's time to appeal has been extended until that motion

24 is resolved, so nobody could possibly be prejudiced by having

25 the Court clarify that the confirmation order was entered on

1  January 31st, except perhaps the opportunistic attempt by the

2  Canadian ZAI claimants to try and get another half million

3  dollars on the grounds that the confirmation order wasn't

4  entered on January 31st.

5         MR. HOGAN:  I take umbrage with that statement, Mr.

6  Lockwood.  I mean, this was a negotiated agreement and we're

7  just trying to avail ourselves of our rights that we negotiated

8  for, pursuant to the terms of the agreement.  So, opportunistic

9  I think is unfair.

10        THE COURT:  Okay.  Folks, if you would, address me,

11 and let's not get into name calling.  I mean, it's to the point

12 where this plan is actually done.  So, I mean, there may be

13 some tweaking that has to go on, you may have some legal issues

14 that will be addressed by the District Court, but essentially

15 the plan's done.  I think you can work this issue out.

16        As I indicated, if there is a way that I can say that

17 it's a final order and that I can issue the injunction, that's

18 the issue, can I issue the injunction in a fashion that doesn't

19 require a report and recommendation.  I clearly can issue a

20 confirmation order that doesn't require a report and

21 recommendation.  In fact, I think I have to do that.  But, I

22 can't issue, I think, the injunction in that fashion.  If I'm

23 wrong, then fine, you folks, I don't see how there's any

24 prejudice in terms of the appeal rights that your clients have

25 because you'll get to the same place anyway.  If I can issue

1  the injunction as a core matter without making a report and

2  recommendation, I'm happy to do that.  I'm happy to clarify

3  that that's what I did and to amend the order to ask the

4  District Court to affirm and to enter that order so that the

5  appeal period will start to run.  Well, it doesn't matter.

6  With BNSF's motion there, it really doesn't matter.  The appeal

7  period is tolled anyway, even if I enter a new order on Monday

8  it's still tolled.

9           So, I'm really at a loss to see what difference my

10 determining that it's final is going to have on the process.

11 Whether it has some impact on the Canadian Zonolite claimants,

12 that I'm not prepared to address.  But, that's not my concern

13 right now.  My concern is making sure that peoples' and

14 entities' appeal rights are preserved appropriately.

15          Okay, we'll readdress this on Monday then to see

16 whether or not there's some agreement.  Ms. Baer, why don't you

17 prepare a proposed order and bring it to court so that to the

18 extent there is some agreement or that I can make a

19 determination I at least have something to write on, and that

20 way I can get some order docketed on Monday.

21          Mr. Shiner, I will, in part grant, your motion, which

22 is essentially the same as Mr. Rosendorf's.  It extends the

23 time for the 9033 motions to be filed until February 28th, and

24 then we can address anything further on Monday.

25          MR. SHINER:  Thank you, Your Honor.

1          MS. CASEY:  Thank you, Your Honor.

2          THE COURT:  Mr. Rosendorf, is that sufficient for

3  you?

4          MR. ROSENDORF:  Yes, Your Honor, thank you.

5          THE COURT:  All right.  Thank you.  We're adjourned

6  until Monday.

7          MR. ROSENDORF:  Thank you, Your Honor.

8          MR. LOCKWOOD:  Thank you, Your Honor.

9                      * * * * *

10                **C E R T I F I C A T I O N**

11          I, RITA BERGEN, court approved transcriber, certify

12  that the foregoing is a correct transcript from the official

13  electronic sound recording of the proceedings in the

14  above-entitled matter, and to the best of my ability.

15

16  /s/ Rita Bergen

17  RITA BERGEN

18  J&J COURT TRANSCRIBERS, INC.    DATE:  February 21, 2011

19

20

21

22

23

24

25