IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al.,[1] | Case No. 01-1139 (JKF) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 26154, 26155, 26262, 26381 and 26430 |

**JOINDER OF HER MAJESTY THE QUEEN IN RIGHT OF CANADA TO THE REPLY IN SUPPORT OF MOTION OF BNSF RAILWAY COMPANY FOR RECONSIDERATION OF THE MEMORANDUM OPINION REGARDING OBJECTIONS TO CONFIRMATION OF FIRST AMENDED JOINT PLAN OF REORGANIZATION AND RECOMMENDED SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW AND THE RECOMMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING CONFIRMATION OF FIRST AMENDED JOINT PLAN OF REORGANIZATION AS MODIFIED THROUGH DECEMBER 23, 2010**

Her Majesty the Queen in Right of Canada (the "Crown"), by and through her undersigned counsel, hereby joins in Part C of the Reply in Support of Motion of BNSF Railway

---

[1] The Debtors are the following entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), ECARG, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc. E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WCSR 4564259v1

Company for Reconsideration of the Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law and the Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010 (the "Reply"), to the extent that it requests reconsideration of the treatment of contribution and indemnification claims or demands as they relate to the treatment of Indirect Claimants' pursuit of Extraordinary Claims pursuant to the Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law (Docket No. 26154) (the "Memorandum Opinion") and the Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010 (Docket No. 26155) (the "Proposed Order"), and in support states as follows:

1. On January 12, 2010, the Crown filed the Objections of Her Majesty the Queen in Right of Canada to Confirmation of the First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 3, 2009 (Docket No. 24144) (the "Objection").

2. In the Objection, the Crown maintained that the Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the

Official Committee of Equity Security Holders (as such plan has been or may be amended, supplemented, or modified) (the "Plan") is not confirmable.

3. On January 31, 2011, the Court docketed the Memorandum Opinion and the Proposed Order.

4. On February 10, 2011, BNSF Railway Company filed its Motion for Reconsideration of the Memorandum Opinion and the Proposed Order (Docket No. 26241) (the "Motion").

5. On February 14, 2011, the Crown filed her Joinder to the Motion (Docket No. 26262) with respect to the request for reconsideration of the treatment of contribution and indemnification claims or demands as they relate to the treatment of Indirect Claimants' pursuit of Extraordinary Claims pursuant to the Memorandum Opinion and Proposed Order.

6. On February 22, 2011, the plan proponents filed their Response to the Motion (Docket No. 26381).

7. The Crown agrees with the legal arguments and assertions set forth in Part C of the Reply with respect to the request for reconsideration of the treatment of contribution and indemnification claims or demands as they relate to the treatment of Indirect Claimants' pursuit of Extraordinary Claims pursuant to the Memorandum Opinion and Proposed Order, and hereby joins the Reply with respect to such request. The Crown reserves the right to present arguments at any hearing on the Motion or the Reply. Moreover, by the filing of this joinder, the Crown does not waive any of her arguments she previously asserted in her objections to the Plan.

WHEREFORE, for the reasons set forth in the Motion and in Part C of the Reply, the Crown respectfully requests reconsideration of the treatment of contribution and indemnification claims or demands as they relate to the treatment of Indirect Claimants' pursuit of Extraordinary Claims pursuant to the Memorandum Opinion and Proposed Order, and that the Court grant the Crown such other and further relief as it deems just and proper.

Dated: February 28, 2011

Respectfully submitted,

Womble Carlyle Sandridge & Rice, PLLC

By: /s/ Matthew P. Ward
Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
Matthew P. Ward (#4471)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Ph: (302) 252-4320
Fax: (302) 252-4330

-and-

Jacqueline Dais-Visca
Senior Counsel
Business Law Section
Ontario Regional Office
Suite 3400, Box 34, The Exchange Tower
130 King Street West, Toronto, Ontario
M5X 1K6

Counsel for Her Majesty the Queen in Right of Canada as represented by the Attorney General of Canada