IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO., *et al.*** | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | **Re: Docket Nos.: 26155, 26289** |

## LIBBY CLAIMANTS' OBJECTION TO RECOMMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING CONFIRMATION OF FIRST AMENDED JOINT PLAN OF REORGANIZATION

The Libby Claimants[1] hereby object, pursuant to Fed. R. Bankr. P. 9033 and the Order of the United States District Court for the District of Delaware (Ronald L. Buckwalter, S.J.) dated February 23, 2011 in Miscellaneous Case No. 11-00042 [Docket No. 4] (the "Procedural Order"), to the Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified through December 23, 2010 [Docket No. 26155], as clarified by the Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended through December 23, 2010 [Docket No. 26289] (the "Confirmation Order"). As grounds therefor, the Libby Claimants state:

1. The Libby Claimants concur with the proponents of the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., *et al.*, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders, as modified [Docket No.

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 24713], as it may be amended and restated from time to time.

25931] (the "Plan") that the Confirmation Order constitutes an order confirming the Plan—as to which the proper remedy for aggrieved parties such as the Libby Claimants to seek review by the District Court is through appeal under Fed. R. Bankr. P. 8001 *et seq.*—rather than recommended findings of fact and conclusions of law governed by Fed. R. Bankr P. 9033 or otherwise subject to objection rather than appeal. This objection is filed solely as a protective matter in the event that it should later be determined that the proper remedy of parties aggrieved by the Confirmation Order is to object rather than to appeal.

2. Pursuant to the Procedural Order, whereby the Libby Claimants' grounds for objection to the Confirmation Order may be stated in summary fashion, the Libby Claimants hereby state: (a) the Libby Claimants object to confirmation of the Plan on the bases set forth in the Libby Claimants' Objection to First Amended Plan of Reorganization dated May 20, 2009 [Docket No. 21811], Trial Brief of Libby Claimants in Opposition to Confirmation of First Amended Joint Plan of Reorganization dated July 13, 2009 [Docket No. 22439], Supplemental Trial Brief of Libby Claimants in Opposition to Confirmation of First Amended Joint Plan of Reorganization, Addressing Best Interest of Creditors Test Under 11 U.S.C. § 1129(a)(7) dated August 25, 2009 [Docket No. 22965], Libby Claimants' Post-Trial Brief in Support of Opposition to Confirmation of First Amended Joint Plan of Reorganization dated November 2, 2009 [Docket No. 23649], Libby Claimants' Post-Trial Reply Brief in Support of Opposition to Confirmation of First Amended Joint Plan of Reorganization dated November 20, 2009 [Docket No. 23821] and the arguments presented to this Court by Libby Claimants' counsel at the hearings of January 4, 5 and 6, 2010 concerning confirmation of the Plan [transcripts at Docket Nos. 24180, 24181 and 24182], all of which are incorporated herein by reference; and (b) the Libby Claimants object to the proposed findings contained in the Confirmation Order as being (i)

in error, (ii) based on an incorrect evidentiary record in that evidence was improperly admitted or excluded at the hearings on confirmation of the Plan and in pre-trial proceedings in respect thereof, and (iii) insufficient to permit confirmation of the Plan.

3.  The Libby Claimants reserve the right to further specify their grounds for objection within a reasonable time following any determination that the proper remedy of parties aggrieved by the Confirmation Order is to object rather than to appeal.

Dated: February 28, 2011                     Respectfully submitted,

LIBBY CLAIMANTS

By their attorneys,

_/s/ Kerri Mumford_
Adam G. Landis (DE No. 3407)
Kerri Mumford (DE No. 4186)
LANDIS RATH & COBB LLP
919 Market Street, Suite 1800
P.O. Box 2087
Wilmington, DE 19801
(302) 467-4400

and

Daniel C. Cohn
Murtha Cullina, LLP
99 High Street, 20th Floor
Boston, MA 02110
(617) 457-4000

3

2089712v2