IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

| | |
|---|---|
| ACandS, Inc. | Case No.: 02-12687 |
| Armstrong World Industries, Inc. | Case No.: 00-4471 |
| Combustion Engineering, Inc. | Case No.: 03-10495 |
| The Flintkote Company | Case No.: 04-11300 |
| Kaiser Aluminum Corp. | Case No.: 02-10429 |
| Owens Corning | Case No.: 00-3837 |
| US Mineral Products Company | Case No.: 01-2471 |
| USG Corp. | Case No.: 01-2094 |
| W.R. Grace & Co. | Case No.: 01-1139 |

Debtors.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| Mid-Valley, Inc. | Case No.: 03-35592 |
| North American Refractories Co. | Case No.: 02-20198 |
| Pittsburgh Corning Corp. | Case No.: 00-22876 |

Debtors.

**OBJECTION OF KAZAN, MCCLAIN, LYONS, GREENWOOD & HARLEY,
WATERS & KRAUS LLP, STANLEY, MANDEL & IOLA, L.L.P.,
SIMMONS BROWDER GIANARIS ANGELIDES & BARNERD LLC,
BERGMAN, DRAPER & FROCKT, GORI JULIAN, & ASSOCIATES, P.C.,
EARLY, LUCARELLI, SWEENEY & STRAUSS, COONEY & CONWAY,
GEORGE & SIPES LLP, LIPSITZ & PONTERIO, LLC, BIFFERATO LLC,
AND MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP,
TO GARLOCK'S HEARING EXHIBITS USED ON FEBRUARY 14, 2011,
<u>FOR AUTHORIZING ACCESS TO THE 2019 STATEMENTS</u>**

Kazan, McClain, Lyons, Greenwood & Harley, Waters & Kraus LLP, Stanley, Mandel &

Iola, L.L.P., Simmons Browder Gianaris Angelides & Barnerd LLC, Bergman, Draper & Frockt,

Gori Julian & Associates, P.C., Early, Lucarelli, Sweeney & Strauss, Cooney & Conway, George

& Sipes LLP, Lipsitz & Ponterio, LLC, Bifferato LLC, and Montgomery, McCracken, Walker &

Rhoads, LLP, and on their own behalf and on behalf of their respective predecessors ("Certain

2689233v1

Law Firm Objectors") file this Objection to Garlock's Hearing Exhibits Used on February 14, 2011, for Access to the 2019 Statements (the "Objections"), and respectfully state the following:

### A. **GENERAL OBJECTIONS**:

Certain Law Firm Objectors generally object to the proposed exhibits:

1. to the extent that they are proposed as exhibits in the closed cases.

2. to the extent that they are proposed as exhibits in connection with a non-evidentiary hearing.

3. for the reasons set forth in the Objections of the Law Offices of Peter G. Angelos, P.C.; Baron & Budd, P.C.; Brayton Purcell, LLP; Hissey Kientz, LLP; The Lipman Law Firm; Reaud, Morgan & Quinn, Inc.; Thornton & Naumer, LLP; Waters & Kraus, LLP; Weitz & Luxenberg P.C.; and Williams Kherkher Hart Boundas, LLP to Documents Garlock Sealing Technologies LLC would introduce in connection with its motion seeking access to Rule 2019 Statements, which Objection is adopted and incorporated hereby.

### B. **SPECIFIC OBJECTIONS**

In addition to and without waiting the above General Objections, the Certain Law Firm Objectors also specifically object to the proposed exhibits on the following grounds:

**DOCUMENTS IDENTIFIED AT HEARING ON FEBRUARY 14, 2010**

Exhibit 1    2019 statements filed by objecting law firms in various cases

**OBJECTION**
Fed. R. Evid., Rules 401, 402, and 403.   Relevance.  A 2019 statement filed in another court has no probative value in these cases and their admission would cause undue delay, waste of time, or needless presentation of cumulative evidence.  In addition, the Rule 2019 Statement filed by Stanley Mandel in *W.R. Grace* appears to be a partial copy.

2689233v1

    Exhibit 2    Summary of statements made in Exhibit 1

**OBJECTION**
Same objection as made to Exhibit 1. Moreover, the Rule 2019 Statements are the best evidence of their content, and available to this Court.

    Exhibit 3    2019 Statements filed by Kazan McClain, Brayton Purcell, and Waters & Kraus in *In re Plant Insulation* and *In re Thorpe Insulation*

**OBJECTION**
Same objection as made to Exhibits 1 above

    Exhibit 4    Excerpt (5 of 37,194 pages) from FEC report for Obama for America, showing individual donors with addresses

**OBJECTION**
Same objections as made to Exhibit 1.  Lack of foundation and authentication.  In addition, this information has no probative value in this case and ignores the fact that it is the inclusion of the identifying information on the 2019 statements that has significance, not the names and addresses standing alone.  The fact that names and addresses are generally available in other contexts does not support an inference that potential claimants listed in the 2019 statements at issue here have no legitimate interest in the continued limitation of public access here. In fact, the exhibit is probative only to the extent that it supports the law firms' position that the purpose of the statute mandating a filing should be considered by the Court in determining whether to maintain limited access to the personal information at issue.  The FEC filings are intended to create transparency in the election process by revealing the identities of donors; the purpose of the 2019 statement is to provide information about representation to the Court to prevent later confusion and conflict as the case proceeds.

    Exhibit 5    Individual Chapter 13 bankruptcy petition of William F. Smith filed on February 4, 2011 in Delaware bankruptcy court, showing individual's name, home address, and personal financial information

**OBJECTION**
Same objections as made to Exhibits 1, 4.  The inclusion of information required in the filing of a bankruptcy petition has no probative value in this case.  The potential claimants whose names are included in the 2019 statements have not sought to obtain the benefits of the chapter 11 process by retaining counsel to protect their interests.  Only subsequent, affirmative conduct by a claimant such as voting for a bankruptcy plan or filing a claim against a trust constitutes such action.

Exhibit 6    869-page extract from claims register in *In re American Business Financial Services, Inc.*, 05-10203 (Bankr. D. Del.), showing names and addresses of thousands of individual creditors

**OBJECTION**
Same objection as made to Exhibits 1, 4 and 5 above.

Exhibit 7    News article describing *In re American Business Financial Services, Inc.* bankruptcy, and noting that many of the investors required to file proofs of claim reflected in Exhibit 6 were elderly.

**OBJECTION**
Same objection as made to Exhibits 1 through 5 and to the extent that the statements in the article are offered for their truth, they are objected to on the basis of Fed.R.Evid. 802 as inadmissible hearsay.

Exhibit 8    List of pending cases in federal *MARDOC* proceeding, showing names of thousands of asbestos personal injury claimants

**OBJECTION**
Same objections as made to Exhibits 1, 4, 5 and 7 above.

Exhibit 9    List of pending cases in Texas MDL, showing names of thousands of asbestos personal injury claimants

**OBJECTION**

Same objections as made to Exhibits 1, 4, 5 and 7 above.

Exhibit 10    Master ballot of Thornton & Naumes firm, showing names of claimants in *In re Pittsburgh Corning* and their asbestos-related disease

**NO OBJECTION**

Exhibit 11    Collection of documents demonstrating the public interest and concern regarding suppression of evidence about exposure to bankrupts' products, including:
(a) "Toxic Justice" (in which former Baron & Budd product ID paralegal "insists that, for certain periods of time when tactical reasons dictated it was better not to have exposure to a bankrupt company's products, identification of those products was discouraged")
(b) "Trusts Busted" and "Cuyahoga Comeuppance" (recounting the discovery of inconsistent exposure stories told by Brayton Purcell and Early Ludwick firms in tort system and to Trusts)

2689233v1

(c) Letter from Congressman Lamar Smith to GAO (requesting inquiry into transparency of asbestos Trusts, in part because of concern regarding inconsistent exposure stories)
(d) "Double Dippers" (Forbes story recounting both Kananian incident and case where Weitz & Luxenburg case was dismissed because of failure to disclose Trust claims that contained unfavorable exposure evidence)
(e) "New Generation of Asbestos Trusts Encourages Double-Dipping" (2009 article by Jacob Cohn)

**OBJECTION**
Same objections as made to Exhibits 1, 4, 5 and 7 above.

**EXHIBITS ATTACHED TO GARLOCK'S MOTION**

Exhibit A    Affidavit of Paul Grant

**OBJECTION**
Same objections as made to Exhibits 1, 4, 5 and 7 above. In addition, the Affidavit does not appear to be based on the affiant's personal knowledge.

Exhibit B    December 9, 2010 Order in *In re Garlock Sealing Technologies LLC*

**OBJECTION**
Same objections as made to Exhibits 1, 4, 5 and 7 above.

Exhibit C    2019 Order in *In re Pittsburgh Corning Corp.*

**NO OBJECTION**

Exhibit D    Baron & Budd 2019 statement in *In re Pittsburgh Corning Corp.*

**NO OBJECTION**

Exhibit E    Waters & Kraus 2019 statement in *In re Pittsburgh Corning Corp.*

**NO OBJECTION**

Exhibit F    Order on Garlock 2019 motion in *In re Pittsburgh Corning Corp.*

**NO OBJECTION**

2689233v1

-6-

Exhibit G        Excerpts from transcript on hearing on Garlock 2019 motion in *In re Pittsburgh Corning Corp.*

**NO OBJECTION**

Exhibit H        Opposition of Baron & Budd et al. to Garlock 2019 motion in *In re Pittsburgh Corning Corp.*

**NO OBJECTION**

Exhibit I        Order granting access to 2019 statements in *In re Owens Corning*

**NO OBJECTION**

Exhibit J        2019 Order in *In re Congoleum*

**OBJECTION**
Same Objections as made to Exhibits 1, 4, 5 and 7 above.

Exhibit K        Waters & Kraus 2019 statement in *In re Congoleum*

**OBJECTION**
Same Objections as made to Exhibits 1, 4, 5 and 7 above.

Exhibit L        Complaint in *Puller v. ACandS*

**OBJECTION**
Same Objections as made to Exhibits 1, 4, 5 and 7 above.

Exhibit M        Interrogatory response in *Foster v. Chemtura*

**OBJECTION**
Same Objections as Exhibits 1, 4, 5 and 7 above.

Exhibit N        Voting procedures in *In re Pittsburgh Corning Corp.*

**OBJECTION**
Same Objections as made to Exhibits 1, 4, 5 and 7 above.

Exhibit O        Motley Rice 2019 statement in *In re Quigley*

**OBJECTION**
Same Objections as Exhibits 1, 4, 5 and 7 above.

Exhibit P     Excerpts from USG Trust Distribution Procedures

**NO OBJECTION**

Exhibit Q     Complaint in Delaware Action

**OBJECTION**
Same Objections as made to Exhibits 1, 4, 5 and 7 above.

Exhibit B(2)     Order unsealing 2019 statements in *In re Accuride*

**OBJECTION**
Same Objections as made to Exhibits 1, 4, 5 and 7 above.


Dated:  March 4, 2011                      */s/ Natalie D. Ramsey*
                                                                 Natalie D. Ramsey (DE 5378)
                                                                  */s/ Laurie A. Krepto*
                                                                  Laurie A. Krepto (DE 4109)
                                                                  MONTGOMERY, MCCRACKEN,
                                                                       WALKER & RHOADS, LLP
                                                                 1105 North Market Street, Suite 1500
                                                                 Wilmington, DE  19801
                                                                 Telephone:     (302-504-7830)
                                                                 Facsimile:      (302-504-7820)


                                                                 */s/ Natalie D. Ramsey*
                                                                 Natalie D. Ramsey (PA 41412)
                                                                 */s/ Laurie A. Krepto*
                                                                 Laurie A. Krepto (PA 76313)
                                                                 MONTGOMERY, MCCRACKEN,
                                                                       WALKER & RHOADS, LLP
                                                                 123 S. Broad Street
                                                                 Philadelphia, PA  19109
                                                                 Telephone:     (215-772-1500)
                                                                 Facsimile:      (215-772-7620)

                                                                *Counsel to the above-named firms*

Of Counsel:  Ellen C. Brotman
                 Montgomery, McCracken, Walker & Rhoads, LLP
                 123 South Broad Street
                 Avenue of the Arts
                 Philadelphia, PA 19109

2689233v1