**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| IN RE: | |
|---|---|
| ACandS, Inc. | Case No.: 02-12687 (Rel. Dkt. No. 3639) |
| Armstrong World Industries, Inc. | Case No.: 00-4471 (Rel. Dkt. No. 10698) |
| Combustion Engineering, Inc. | Case No.: 03-10495 (Rel. Dkt. No. 3380) |
| The Flintkote Company | Case No.: 04-11300 (Rel. Dkt. No. 5606) |
| Kaiser Aluminum Corp. | Case No.: 02-10429 (Rel. Dkt. No. 10009) |
| Owens Corning | Case No.: 00-3837 (Rel. Dkt. No. 20954) |
| US Mineral Products Company | Case No.: 01-2471 (Rel. Dkt. No. 3878) |
| USG Corp. | Case No.: 01-2094 (Rel. Dkt. No. 12596) |
| W.R. Grace & Co. | Case No.: 01-1139 (Rel. Dkt. No. 26053) |
| Debtors. | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| IN RE: | |
|---|---|
| Mid-Valley, Inc. | Case No.: 03-35592 (Rel. Dkt. No. 2770) |
| North American Refractories Co. | Case No.: 02-20198 (Rel. Dkt. No. 6944) |
| Pittsburgh Corning Corp. | Case No.: 00-22876 (Rel. Dkt. No. 8096) |
| Debtors. | **Hearing Date: March 28, 2011** |
| | **Objection Deadline: March 4, 2011** |

**THE ASBESTOS CLAIMANTS COMMITTEES'
OBJECTIONS TO EXHIBITS SUBMITTED BY
GARLOCK DURING THE FEBRUARY 14, 2011 HEARING**

The Official Committees of Asbestos Claimants in the Flintkote, Grace, NARCO and

Pittsburgh Corning bankruptcy cases (collectively, the "ACCs") by and through their

undersigned counsel, object to the admission into evidence of various documents (the "Garlock

Exhibits") moved by Garlock Sealing Technologies, LLC ("Garlock") at this Court's hearing on

February 14, 2011 and submit this memorandum in support of those objections pursuant to this

Court's directive of February 14, 2011.

## PRELIMINARY STATEMENT

On January 10, 2011, Garlock filed a Motion[1] in this Court requesting access to all the exhibits to Rule 2019 statements filed in the above-captioned cases (the "Rule 2019 Exhibits"). Garlock claimed that it had a "presumptive right" to access the Rule 2019 Exhibits as a "member of the public" and because it is "likely a party in interest in all the cases." Motion, at 3. Various parties, including the ACCs, filed objections to the Motion.[2] Among other things, those objections established that this Court should exercise its discretion to deny Garlock's request because Garlock's acknowledged purposes in seeking the Exhibits were improper and because there was cause to deny Garlock access to such information from the twelve above-captioned cases, as shown by the relevant statutory provisions and caselaw.

This Court held a hearing on the Motion on February 14, 2011. During that hearing, Garlock attempted to move the Garlock Exhibits into evidence, and this Court gave the other parties the opportunity to review them and file objections. The ACCs' objections to the admission into evidence of the Garlock Exhibits are set forth herein.

## ARGUMENT

The ACC objects to the requested admission of all of the Garlock Exhibits into evidence. As this Court is well aware, under Federal Rule of Evidence 401, only "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is relevant. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. As set forth below, none

---

[1]    Motion of Garlock Sealing Technologies LLC for Orders Authorizing Access to 2019 Statements Filed in this Court and for Related Relief (hereinafter, "Motion"). *See, e.g., In re Pittsburgh Corning Corp.*, No. 00-22876 (Bankr. W.D. Pa. Jan. 10, 2011) [Dkt. No. 8096].

[2]    The ACCs hereby incorporate by reference in its entirety, the Joinder And Objection Of The Official Committees Of Asbestos Claimants In The Flintkote, Grace, NARCO And Pittsburgh Corning Bankruptcies To Garlock's Motion For Orders Authorizing Access To 2019 Statements And Related Relief, February 7, 2011 in the above-captioned cases (the "ACC Joinder and Objection"). *See, e.g., In re Pittsburgh Corning Corp.*, No. 00-22876 (Bankr. W.D. Pa. Jan. 10, 2011) [Dkt. No. 8139].

of the Garlock Exhibits are relevant to the question of whether Garlock is entitled to the Rule 2019 Exhibits.  Furthermore, some of the Garlock Exhibits are also inadmissible on the grounds of hearsay under Fed. R. Evid. 802, and others because they have not been authenticated. Finally, Exhibit 2 is also excludable under Fed. R. Evid. 1002 (the "Best Evidence" Rule).

This Court's own rule for future access to the Rule 2019 Exhibits, as set forth in its denial of the Expedited Motion of Garlock Sealing Technologies LLC for Order Authorizing Access to Certain 2019 Statements Filed in Case, *In re Pittsburgh Corning Corp.*, No. 00-22876 (Bankr. W.D. Pa. Dec. 1, 2009) [Dkt. No. 7277], was that Garlock could only request "access to information contained in a specific 2019 Statement as to a particular client in specific instances of need or cause."  Order Denying Expedited Motion of Garlock Sealing Technologies, LLC for Order Authorizing Access to Certain 2019 Statements filed in Case, at 3, *In re Pittsburgh Corning Corp.*, No. 00-22876 (Bankr. W.D. Pa. Mar. 24, 2010) [Dkt. No. 7579].  Clearly, none of the Garlock Exhibits are relevant for this purpose – and Garlock has not even pretended to be looking for specific information about a particular claimant.  However, even ignoring Garlock's attempted end-run around this Court's ruling in *Pittsburgh Corning*, none of the Garlock Exhibits are relevant to this Court's decision, because none disprove Garlock's improper purposes nor do any tend to refute the cause shown to protect the Rule 2019 Exhibits by the ACC and the Law Firm objectors in their briefs.  *See, e.g.*, ACC Joinder and Objection, at 2-7.

The ACCs have divided the Exhibits into five categories for ease of analysis.  Each of these categories is addressed separately below.

## A.  Other Court Filings With Personal Information (Exhibits 4, 5, 6, 8, 9 and 10)

Garlock has proffered exhibits 4, 5, 6, 8, 9 and 10, which contain personal information that appears on dockets in other contexts, for the alleged purpose of showing that the information in the Rule 2019 Exhibits "is not the kind that courts protect."  Hr'g Tr. 37:17-19, Feb. 14, 2011.

The fact that, in other contexts, other submitters of information protectable under the governing law either could not or did not choose to contest making such information publicly available says nothing about whether the allegedly similar information in the Rule 2019 Exhibits is protectable under the governing law.  As shown by the ACC Joinder and Objection, the Rule 2019 Exhibits are entitled to protection under the circumstances presented here, and Garlock Exhibits 4-6 and 8-10 are simply irrelevant to this question.  *See, e.g.*, Garlock Exhibits 5 (individual Chapter 13 bankruptcy petition), 6 (claims register from *In re American Business Financial Services, Inc.* bankruptcy), 8[3] (alleged list of pending cases in an MDL in the Eastern District of Pennsylvania), and 9[4] (alleged list of pending cases in an MDL in Texas).

Additionally, Exhibit 4 shows donor information from a Federal Election Commission report.  Such information is provided and published under the law governing political donations, and political donors acknowledge that their information will be reported when they make donations.  *See, e.g.*, 2 U.S.C. § 434(b)(5).  To the contrary, it is clear under the Bankruptcy Code, the caselaw, and this Court's prior Rule 2019 orders that the submission of the Rule 2019 Exhibits did not waive any right to contest those Rule 2019 Exhibits being disclosed to a requesting party or the public.

Finally, Garlock submitted Exhibit 10 as a master ballot from the *Pittsburgh Corning* case, noting that it shows "names of the claimants and their claimed asbestos-related disease." Tr. 41:14-20.  A ballot is different from the Rule 2019 Exhibits in that, among other things, by voting, a claimant asserts that he or she has a claim.  As this Court has noted, "the fact that

---

[3]    Moreover, as Garlock's counsel admitted during questioning, the information in Exhibit 8 is not the same as that in the Rule 2019 Exhibits.  Tr. 40:23-41:06.  In addition, Exhibit 8 has not been authenticated.  There is no indication on the document that it is an official document or that it is what Garlock has represented it to be.  On this basis alone, pursuant to Fed. R. Evid. 901, it should not be admitted into evidence.

[4]    Also, the information provided is not the same as that in the Rule 2019 Exhibits.  As with Exhibit 8, Exhibit 9 has not been authenticated.  There is no indication on the document that it is an official document or that it is what Garlock has represented it to be.  On this basis alone, pursuant to Fed. R. Evid. 901, it should not be admitted into evidence.

somebody has listed an individual as a client on a 2019 statement is *not evidence* that they are going to submit a claim against the trust in the future." Hearing Transcript at 44, *In re Pittsburgh Corning Corp.*, No. 00-22876 (Bankr. W.D. Pa. Jan. 13, 2010) (emphasis added); ACC Joinder and Objection, ¶ 34. The expectation of confidentiality is also distinguishable. The details of that ballot are, therefore, again not relevant to the question of whether the Rule 2019 Exhibits, which were filed for a limited purpose for the use of the Court (*see* ACC Joinder and Objection, ¶ 12) are properly protected. Even if it were relevant, it would tend to show, if anything, that Garlock has no legitimate need for the Rule 2019 Exhibits.

**B.  Rule 2019 Statements (Exhibits 1, 3, D, E, K, O)**

Exhibits 1, 3, D, E, K, and O are publicly filed Rule 2019 Statements, and can be subdivided into two categories: those from certain of the above-captioned cases, without attachments –Exhibit 1, D and E – and those from other cases, with attachments –Exhibits 3, K and O.

The Rule 2019 statements that have been filed in certain of the above-captioned cases should be excluded under Fed. R. Evid. 403. They are cumulative – if this Court wishes to consult documents on its own dockets, it can do so without having them admitted into evidence. Additionally, as explained above, under Fed. R. Evid. 401 and 402 the contents of the publicly-filed sections of the Rule 2019 Statements are by definition not relevant to whether the Rule 2019 Exhibits should be provided to Garlock – they do not contain the information that Garlock is looking for and do not provide any evidence that addresses the issue.

Those from other cases are also not relevant. The fact that another court, as in *Congoleum*, for reasons specific to the litigation therein, entered a different form of Rule 2019 Order, or that a party in another case chose not to seek protection, is irrelevant to whether the Rule 2019 Exhibits here are entitled to protection under the governing law.

5

### C.  Orders from Other Cases (Exhibits B(2), I, J)

Exhibits B(2),[5] I and J are orders from other bankruptcy cases which apparently do not involve either the debtors in the above-captioned cases or Garlock.  These are not "evidence" – to the extent they are allegedly relevant precedent, Garlock could have cited them in its prior briefs.  Finally, even if it were otherwise potentially admissible and relevant, Exhibit I is unsigned, and is therefore both hearsay and unauthenticated.  Fed. R. Evid. 802, 901.

### D.  Published and Similar Materials (Exhibits 7, 11(a)(b)(c)(d) and (e))

Exhibits 7, 11(a), (b), (d) and (e) are published articles.  They are not relevant evidence, and are further excludable as hearsay.  Exhibit 7 is a news article about the *In re American Business Financial Services, Inc.* bankruptcy.  It is not relevant to the question of whether this Court should rethink its orders governing the Rule 2019 Statements.  Plus, Garlock has offered it as evidence that certain claimants in that bankruptcy were elderly, individual investors.  Tr. 39:21-40:04.  As such, it is clearly inadmissible hearsay.  *See* Fed. R. Evid. 802; *see also James v. Texas Collin County*, 535 F.3d 365, 374 (5th Cir. 2008) ("Newspaper articles, however, are not proper … evidence to prove the truth of the facts that they report because they are inadmissible hearsay.").[6]

Garlock purports to offer the articles in Exhibits 11(a), 11(b), 11(d) and 11(e) to demonstrate that there is a public interest in questions of asbestos exposure.  Tr. 41:24-43:15.  However, this is a transparent attempt to get around the hearsay rule.  These are articles that make claims about why claimant information should be public.  *See, e.g.*, Exhibit 11(e) ("California's courts should … require[e] full disclosure by asbestos claimants of their

---

[5]    During the hearing, Garlock misidentified Exhibit B(2) from its Motion as Exhibit B. Tr. 45:10-12.
[6]    Insofar as it is offered as evidence of a "public interest" in who bankruptcy claimants are, Garlock runs up against the same obvious fallacy with this argument, which is that the Rule 2019 Statements *do not list claimants*, but clients of the law firms which filed the statements.

claims….").  As such, they are not proof of a public interest in this issue, but an attempt to avoid the hearsay rule and get what is essentially advocacy admitted as evidence.  Under Rule 802, they are inadmissible.[7]

Finally, all these Garlock Exhibits, for the reasons discussed in Section A above, are not relevant to the subject matter of this action or the Motion under consideration.

### E.  Other Materials (Exhibits 2, L, M and N)

The remaining Garlock Exhibits are similarly inadmissible.  For the reasons outlined in Section A of this brief, that in different contexts different entities may not have sought protection for different information is irrelevant to the issues posed by the Motion and the objections thereto.  Moreover, these proposed exhibits are also excludable for other reasons.

Exhibit 2 is a summary of the documents in Exhibit 1.  In addition to being inadmissible for the same reasons as Exhibit 1, it is also inadmissible hearsay (as it is offered for the truth of the matters described within) and because it violates Fed. R. Evid. 1002 – often called the "Best Evidence" rule.  Rule 1002 requires that to prove the content of a writing, the original is required.  Although there is an exception for summaries of voluminous documents (*see* Fed. R. Evid. 1006), there are only twenty short documents in Exhibit 1.

Exhibits L and M are pretrial documents from other cases.  Both are irrelevant.  Exhibit L is a complaint from an asbestos case in a Maryland court.  Just because a particular victim chose to state certain information in a complaint in a different case has no bearing on whether or not this Court should revisit its prior order on the Rule 2019 Statements.  The complaint is also hearsay.

---

[7]       Exhibit 11(c), a letter requesting that asbestos bankruptcy trusts be investigated by the GAO because of a lack of transparency regarding claimant information, is inadmissible for the same reasons.

Exhibit M is even more absurd.  It is a set of interrogatory responses containing medical information.  Information provided in interrogatories is not typically released to the public or filed on a docket.  It is therefore completely irrelevant as to whether the Rule 2019 Exhibits in these twelve cases should be disclosed to Garlock.  It is also inadmissible hearsay.  *Broga v. Northeast Utils.*, 315 F. Supp. 2d 212, 216 (D. Conn. 2004) (Excluding, *inter alia*, interrogatories, and finding that "the statements at issue in this case meet the definition of hearsay set forth in the Federal Rules of Evidence.").

Finally, Exhibit N is the voting procedures for the *Pittsburgh Corning* case.  Garlock does not even explain why it is being offered into evidence.  Not only is it not facially relevant, it, as an attachment to an order of this Court, is like the orders discussed above, and not evidence.

## CONCLUSION

For the foregoing reasons, the ACCs respectfully request that this Court refuse to admit the Garlock Exhibits into evidence.

Dated: March 4, 2011                        Respectfully submitted,

**CAMPBELL & LEVINE, LLC**                  **CAMPBELL & LEVINE, LLC**


*/s/ Douglas A. Campbell*                   */s/ Mark T. Hurford*
Douglas A. Campbell (PA I.D. No. 23143)     Marla R. Eskin (Bar No. 2989)
Philip E. Milch (PA I.D. No. 53519)         Mark T. Hurford (Bar No. 3299)
David B. Salzman (PA I.D. No. 39360)        800 N. King Street, Suite 300
1700 Grant Building                         Wilmington, DE 19801
Pittsburgh, PA  15219                       Telephone:  (302) 426-1900
Telephone:  (412) 261-0310                  Facsimile:  (302) 426-9947
Facsimile:  (412) 261-5066                  meskin@camlev.com
dac@camlev.com                              mhurford@camlev.com
dbs@camlev.com
pem@camlev.com

**CAPLIN & DRYSDALE, CHARTERED**
Peter Van N. Lockwood
Trevor W. Swett
Kevin C. Maclay
One Thomas Circle, NW
Suite 1100
Washington, DC  20005
Telephone:  (202) 862-5000
Facsimile:  (202) 429-3301
E-mail: tws@capdale.com; pvnl@capdale.com
kcm@capdale.com

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY  10152-3500
Telephone:  (212) 319-7125
Facsimile:  (212) 644-6755
E-mail: ei@capdale.com

*Counsel for the Official Committees of Asbestos Claimants*