IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al., | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: Docket No. 26367 |
| | ) |

## STIPULATION REGARDING CURE PURSUANT TO SECTION 9.1.2 OF THE JOINT PLAN OF REORGANIZATION

This Stipulation is made this 9th day of March, 2011 between W. R. Grace & Co., Grace Energy Corporation, and W. R. Grace & Co.- Conn., et al., (including as applicable, as Reorganized Debtors, collectively, the "Debtors"), and SGH Enterprises, Inc. f/k/a Samson Hydrocarbons Company ("SGH") and Samson Investment Company (collectively, with SHG, "Claimant") whereby the parties state and agree as follows:

1. On February 21, 2011, the Debtors filed their *Notice Regarding Cure Exhibit Pursuant to Section 9.1.2 of the Joint Plan of Reorganization* (the "Cure Notice") (Docket No. 26367).

2. The Debtors are in the process of serving the Cure Notice, pursuant to section 9.1.2 of the Joint Plan of Reorganization[1], on each non-Debtor party who may have or may allege to have an executory contract or unexpired lease being assumed pursuant to the Joint Plan of Reorganization in lieu of the Cure Exhibit called for therein.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization* confirmed in these Chapter 11 Cases, as amended; see i.e. Docket Nos. 20872, 24657, 25881 and 26368 (the "Joint Plan of Reorganization").

DOCS_DE:168471.1

3.  Claimant asserts that it is a non- debtor party to a contract or contracts with one or more of the Debtors that might be an executory contract that is being assumed by the Debtors and, in any case, for which cure amounts are owed. Claimant, however, has either: (i) previously filed one or more Proofs of Claim (or has indicated it will hereafter file amended Proofs of Claim) for amounts that Claimant believes are claims against the applicable Debtors under the alleged executory contract or unexpired lease, which existing, amended or to be amended Proofs of Claim include amounts Claimant believes may be owing for cure as of a particular date, or (ii) otherwise informed the Debtors of its potential Claims through another appropriate means.

4.  By this Stipulation, the Debtors and Claimant agree that by proceeding as outlined in paragraph 3 above:

(i) Claimant has already timely complied with the terms of section 9.1.1 and 9.1.2 of the Joint Plan of Reorganization and the requirements and obligations of the Cure Notice and the Plan Order[2] with respect to asserting an entitlement to and claim for cure, objecting to and disputing the Cure Notice and Debtors' asserted cure amount, and asserting an amount for cure,

(ii) Claimant need not file with any court any objection to the Cure Notice or the Debtors' asserted cure amount (or make any further filing or take any further action) required by the Joint Plan of Reorganization, the Plan Order or the Cure Notice to preserve its cure claim and its rights to: (a) assert that cure is owing from the Debtors with respect to Claimant's alleged executory contract or unexpired lease, (b) assert the amount of the alleged cure, and (c) assert any other objection to assumption of a contract;

---

[2] The "Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010, and Order Clarifying Memorandum Opinion and Order Confirming the Joint Plan as Amended Through December 23, 2010 (collectively, the "Plan Order")(Docket Nos. 26155 and 26289)

DOCS_DE:168471.1                                    2

(iii) the deadlines applicable to Claimant set forth in the Cure Notice, the Plan Order and the Joint Plan of Reorganization have all been met by Claimant. If an alleged cure is ultimately disputed, the Claimant may assert all alleged cure claims and amounts at any hearing or trial to resolve and determine the cure amount.

THE PARTIES HEREBY AGREE AND STIPULATE AS SET FORTH ABOVE THROUGH THE UNDERSIGNED COUNSEL.

Dated: March 11, 2011

KIRKLAND & ELLIS LLP
John Donley
Adam Paul
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: (312) 836-4022
Facsimile: (312) 577-0737

and

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Counsel for the Debtors and Debtors in Possession*

Dated: March 11, 2011

/s/ Rachel Mersky
Rachel Mersky
Monzack Mersky McLaughlin and Browder, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
P (302) 656-8162
F (302) 656-2769
Email rmersky@monlaw.com

Gregory Lowry
  Texas Bar No. 12641360
LOCKE LORD BISSELL & LIDDELL LLP
  2200 Ross Avenue, Suite 2200
  Dallas, Texas 75201-6776
  Telephone: (214) 740-8000
  Facsimile: (214) 740-8800

**ATTORNEYS FOR SGH ENTERPRISES, INC. (F/K/A SAMSON HYDROCARBONS COMPANY) AND SAMSON INVESTMENT COMPANY**