# Exhibit B

FILED & JUDGMENT ENTERED
Steven T. Salata

Feb 25 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **GARLOCK SEALING TECHNOLOGIES,** | ) | Case No. 10-31607 |
| **LLC, et al.,** | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER QUASHING DEBTORS' NOTICES OF DEPOSITION PURSUANT TO RULE 30(B)(6) AND DENYING MOTIONS TO COMPEL**

This matter is before the court on the debtors' Notices of Deposition Pursuant to Rule 30(b)(6) (the "Notices") sent to a number of non-party asbestos settlement trusts (the "Trusts") and non-party Verus Claims Services, LLC ("Verus"), the Trusts and Verus' motion to quash the Notices, the debtors' motion to compel the discovery, and related pleadings. The principal motions include the following:

(1) *Motion To Quash Debtors' Notice of Deposition Pursuant to Rule 30(b)(6) filed by Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust, Babcock & Wilcox Company Asbestos Personal Injury Settlement Trust, Celotex Asbestos Settlement Trust, DII Industries, LLC Asbestos PI Trust, Federal-Mogul Asbestos Personal Injury Trust, Owens Corning/Fibreboard Asbestos Personal Injury Trust, United States Gypsum Asbestos Personal Injury Settlement Trust (Docket No.*

*1002 and related pleadings No's. 1003, 1008, 1059, 1063, 1083, and 1093);*

*(2) Debtors' Motion To Compel Rule 30(b)(6) Deposition of Parties to Contested Matter, and Opposition to Motion to Quash (Docket No. 1014 and related pleading No. 1093);*

*(3) Motion of Verus Claims Services, LLC to Quash Debtors' Notice of Deposition Pursuant to Rule 30(b)(6) (Docket No. 1058 and related pleadings No's. 1063 and 1083); and*

*(4) Debtors' Motion to Compel Rule 30(b)(6) Deposition of Verus Claims Services, LLC and Other Parties to Contested Matter, and Opposition to Motion to Quash (Docket No. 1065).*

Having considered the above-referenced pleadings and the arguments of counsel, the court has concluded that the Notices should be quashed, and the motions to compel depositions should be denied for the following reasons:

1. First, the Notices are not proper procedurally. The Trusts and Verus are third parties who are strangers to this proceeding. The Motion of Debtors for an Order Pursuant to Bankruptcy Rule 2004 Directing Production of Data by Claims Processing Facilities and Asbestos Trusts and the response thereto of those entities does not change their status as third parties. Therefore, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Trusts and Verus are not subject to deposition upon notice.

2. Second, the proposed depositions are premature. The debtors have substantial showings to make as to the propriety and necessity of the Rule 2004 examinations of these entities before the issue of the burden of responding becomes ripe.

2

3. Finally, the timing of the Notices and the breadth of their scope are indicative of an erosion of civility and common courtesy that underpins the extra-judicial discovery process.

It is therefore ORDERED that:

1. The debtors' Notices of Deposition Pursuant to Rule 30(b)(6) of Verus and the Trusts are quashed;

2. The debtors' motions to compel depositions are denied; and

3. This Order is without prejudice to the debtors' right to request such discovery in the future if it is deemed necessary, but any such further discovery shall be undertaken only upon motion and order for permission to do so.

**This Order has been signed electronically.**         **United States Bankruptcy Court**
**The judge's signature and court's seal**
**appear  at the top of the Order.**

3