# Exhibit C

FILED & JUDGMENT ENTERED
Steven T. Salata

Mar 04 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-31607 |
| | ) | Chapter 11 |
| | ) | |
| **GARLOCK SEALING TECHNOLOGIES LLC,**<br>**et al.,** | ) | Jointly Administered |
| | ) | |
| Debtor. | ) | |
| | ) | |

### ORDER DENYING MOTION FOR PRODUCTION OF INFORMATION FROM COUNSEL REPRESENTING GARLOCK CLAIMANTS

This matter is before the court on the Motion of Debtors for an Order Pursuant to Bankruptcy Rule 2004 Directing Production of Information from Counsel Representing Garlock Claimants (the "Motion") (Docket No. 1087); the Response of Cascino Vaughan Asbestos Claimants (Docket No. 1137); the Opposition of the Official Committee of Asbestos Personal Injury Claimants (Docket No. 1142); and debtors' Reply thereto (Docket

No. 1163).  The court has concluded that the debtors' Motion should be denied.

Debtors' Motion seeks the aggregate tort recoveries and aggregate trust recoveries received by mesothelioma plaintiffs who made claims against the debtors during the period 1995 to 2010.  The information seeks those claimants' aggregate recoveries against co-defendants of the debtors, and the discovery is directed to 70 law firms who represent thousands of such claimants.

The court has concluded that the debtors' Motion should be denied for the following reasons:

1.  First, the discovery would be an unprecedented intrusion into attorneys' practices and files.  The subjects of the discovery are the attorneys who represented claimants against co-defendants of the debtors.  They are not parties to this proceeding and were not parties to those proceedings.  They are the professionals who represented those parties, and as such, their records are protected from this discovery.

2.  Second, the discovery seeks information that is generally and traditionally held secret.  The information sought is settlement data from third parties.  That information is protected by those parties and subject to confidentiality agreements.

3.   Finally, the information sought is not available to the
debtors outside of bankruptcy.   Except in rare circumstances,
co-defendant settlement information is not available to the
debtors in the tort system.   The existence of this proceeding
should not change that.

The court believes that these reasons alone require denial
of the debtors' Motion.   The parties have also argued other
points involving relevance, need, relative burden and
appropriate Rules.   The court expresses no opinion on those
matters at this time.

It is therefore **ORDERED** that the Motion of Debtors for an
Order Pursuant to Bankruptcy Rule 2004 Directing Production of
Information from Counsel Representing Garlock Claimants is
**denied.**

This Order has been signed electronically.          **United States Bankruptcy Court**
The Judge's signature and Court's seal
appear at the top of the Order.