IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: <br><br> ACandS, Inc. <br> Armstrong World Industries, Inc. <br> Combustion Engineering, Inc. <br> The Flintkote Company <br> Kaiser Aluminum Corp. <br> Owens Corning <br> US Mineral Products Company <br> USG Corp. <br> W.R. Grace & Co. <br><br> Debtors. | Case No.: 02-12687 (Rel. Dkt. No. 3659) <br> Case No.: 00-4471 (Rel. Dkt. No. 10720) <br> Case No.: 03-10495 (Rel. Dkt. No. 3399) <br> Case No.: 04-11300 (Rel. Dkt. No. 5692) <br> Case No.: 02-10429 (Rel. Dkt. No. 10043) <br> Case No.: 00-3837 (Rel. Dkt. No. 20980) <br> Case No.: 01-2471 (Rel. Dkt. No. 3896) <br> Case No.: 01-2094 (Rel. Dkt. No. 12616) <br> Case No.: 01-1139 (Rel. Dkt. No. 26356) |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: <br><br> Mid-Valley, Inc. <br> North American Refractories Co. <br> Pittsburgh Corning Corp. <br><br> Debtors. | Case No.: 03-35592 (Rel. Dkt. No. 2790) <br> Case No.: 02-20198 (Rel. Dkt. No. 6997) <br> Case No.: 00-22876 (Rel. Dkt. No. 8161) <br><br> **Hearing Date: March 28, 2011** <br><br> **Objection Deadline: March 11, 2011** |

**OBJECTION OF THE OFFICIAL COMMITTEES OF ASBESTOS CLAIMANTS IN THE FLINTKOTE, GRACE, NARCO AND PITTSBURGH CORNING BANKRUPTCIES TO GARLOCK'S MOTION TO INTERVENE FOR LIMITED PURPOSE OF SEEKING ACCESS TO JUDICIAL RECORDS**

The Official Committees of Asbestos Claimants in the Flintkote, Grace, NARCO and Pittsburgh Corning bankruptcy cases (collectively, the "ACCs") by and through their undersigned counsel, hereby object to Garlock Sealing Technologies, LLC's ("Garlock") proposed intervention in the twelve above-captioned Bankruptcy Cases.

{D0197698.1 } 1

DOC#463349

**PRELIMINARY STATEMENT**

1.      On January 10, 2011, Garlock filed a motion[1] in this Court requesting access to all the exhibits to Rule 2019 statements filed in the above-captioned cases (the "Rule 2019 Exhibits").  Various parties, including the ACCs, filed objections to the motion.[2]  Among other things, those objections established that this Court should exercise its discretion to deny Garlock's request because Garlock's acknowledged purposes in seeking the Exhibits were improper and because there was cause to deny Garlock access to such information from the twelve above-captioned cases, as shown by the relevant statutory provisions and caselaw.  This Court held a hearing on the motion on February 14, 2011.  During that hearing, the Court directed Garlock to file a formal motion to intervene in each of the Bankruptcy Cases.  On February 18, 2011, Garlock filed its motion to intervene (the "Motion to Intervene"),[3] as well as an amended motion authorizing access to the 2019 statements that is substantively identical to Garlock's original motion (the "Amended Motion") (and which is therefore already responded to and refuted by the previously-filed ACC Joinder and Objection).  The ACCs' objections to Garlock's intervention in the twelve Bankruptcy Cases are set forth herein.

**ARGUMENT**

2.      Garlock's intervention "for the limited purpose of pursuing" access to 2019 statements should be denied.  Garlock does not establish that it has sufficiently shown "cause" to

---

[1]     Motion of Garlock Sealing Technologies LLC for Orders Authorizing Access to 2019 Statements Filed in this Court and for Related Relief.  *See, e.g.*, *In re Pittsburgh Corning Corp.*, No. 00-22876 (Bankr. W.D. Pa. Jan. 10, 2011) [Dkt. No. 8096].

[2]     The ACCs hereby incorporate by reference in its entirety, the Joinder and Objection of the Official Committees of Asbestos Claimants in the Flintkote, Grace, NARCO and Pittsburgh Corning Bankruptcies to Garlock's Motion for Orders Authorizing Access to 2019 Statements and Related Relief, February 7, 2011 in the above-captioned cases (the "ACC Joinder and Objection").  *See, e.g.*, *In re Pittsburgh Corning Corp.*, No. 00-22876 (Bankr. W.D. Pa. Feb. 7, 2011) [Dkt. No. 8139].

[3]     Motion of Garlock Sealing Technologies LLC to Intervene for Limited Purpose of Seeking Access to Judicial Records.  *See, e.g.*, *In re Pittsburgh Corning Corp.*, No. 00-22876 (Bankr. W.D. Pa. Feb. 18, 2011) [Dkt. No. 8161].

intervene under Bankruptcy Rule 2018. To the contrary, Garlock is attempting to misuse permissive intervention in the same manner it is attempting to misuse Rule 2019 ― to obtain fishing-expedition discovery under the guise of vindicating public rights of access. As the ACCs have already argued, the decision to restrict access to such materials is well within this Court's discretion. *See, e.g.*, *In re 50-Off Stores, Inc.*, 213 B.R. 646, 659 (Bankr. W. D. Tex. 1997) (following Supreme Court's guidance that "bar[ring] access to judicial records is . . . best left to the sound discretion of the trial court") (internal quotations and citations omitted). Likewise, under Rule 2018, deciding whether to grant an interested party leave to intervene is within the bankruptcy court's sound discretion. *In re Kovalchick*, Nos. 94-4256, 91-24183, 1994 WL 673105, at *1 (E.D. Pa. Nov. 14, 1994); *In re Hyde Park P'ship*, 73 B.R. 194, 196 (Bankr. N.D. Ohio 1986) ("the granting of permissive intervention is within the court's discretion"); *In re Durango Georgia Paper Co.*, 336 B.R. 594, 596 (Bankr. S.D. Ga. 2005) ("[i]ntervention is discretionary").

### A.     Garlock Has Not Established Cause to Intervene

3.     Bankruptcy Rule 2018(a) provides that the Court, *for cause shown*, may permit any interested entity to intervene generally or with respect to any specified matter. Garlock has not shown such cause.

4.     Instead, Garlock seeks to evade the cause requirement by arguing that "[i]n evaluating requests to intervene under Bankruptcy Rule 2018(a), this Court has borrowed from Federal Rule of Civil Procedure 24(b)(2), governing permissive intervention." Motion to Intervene at 8 (citing *Alterra v. Healthcare Corp.*, 353 B.R. 66, 70-71 (Bankr. D. Del. 2006)). But *Alterra* was merely citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994), for the proposition that a motion to intervene is the "proper procedure" for a media

company to challenge protective or confidentiality orders. It did not address under which substantive circumstances such a challenge might be rejected, and unsurprisingly, therefore, did not address the contours of "cause" under Bankruptcy Rule 2018.[4] And *Pansy* is not a bankruptcy case, and so of course did not address Bankruptcy Rule 2018 at all.

5. Moreover, unlike here, in *Pansy* and *Alterra* media access and public rights were at issue, whereas this Court has already recognized that Garlock is *not* seeking to vindicate a public right to access. *See* Hr'g Tr. 11, Feb. 14, 2011 ("Garlock isn't seeking these to vindicate a public right"). Instead, Garlock seeks to obtain access to the Rule 2019 Exhibits from 12 different bankruptcies in derogation of the purposes of that Rule and as an end-around proper discovery in yet other cases.[5]

6. Under Bankruptcy Rule 2018, a court may deny intervention if it will result in undue delay or prejudice. *See In re Lynott*, 193 B.R. 882, 886 (Bankr. E.D. Wisc. 1996); 9 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy, ¶ 2018.04[3], at 2018-6 (16th ed. 2009)

---

[4] To the extent that *Alterra* could be read to suggest that Federal Rule of Civil Procedure 24 applies in contested matters in bankruptcy, such a reading is refuted by the clear and governing text of the Bankruptcy Rules themselves. Rule 24 expressly applies only to adversary proceedings. *See* Fed. R. Bankr. P. 7024 ("Rule 24 F.R.Civ.P. applies in adversary proceedings"). In contested and other matters, Rule 2018(a) governs intervention. *See* Fed. R. Bankr. P. 2018(a) ("In a case under the Code, after hearing on such notice as the Court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter."). *See also* Fed. R. Bankr. P. 7024 advisory committee's note ("*Intervention in a case under the Code is governed by Rule 2018* and intervention in an adversary proceeding is governed by this rule [7024].") (emphasis added); Fed. R. Bankr. P. 9014(c) (omitting Bankruptcy Rule 7024 from the list of rules that apply to contested matters). A motion to intervene to assert a right of access to documents is a contested matter, and thus Rule 2018 controls here. *See In re Global Crossing Ltd.*, 295 B.R. 720, 721-22 (Bankr. S.D.N.Y. 2003) (noting that a proceeding regarding hearing certain evidence *in camera* was a "contested matter."). Indeed, Garlock itself acknowledges that it "moves . . . pursuant to rule 2018(a) of the Federal Rules of Bankruptcy Procedure . . . ." Motion to Intervene at 2. And while under certain circumstances cases utilizing Rule 2018 may look to precedent applying Rule 24, they neither could nor do eliminate the requirement of the Rule that "cause" be shown for such intervention, nor eliminate this Court's ability to exercise its discretion to determine what constitutes sufficient "cause" in a given situation.

[5] Garlock attempts to evade this Court's apparent conclusion that Garlock's purposes here are improper by making the obvious point that requests for access to documents, and the relevant legal principles, are not restricted to media outlets. *See* Motion to Intervene at 8-9 & n.7. But the cases it cites are neither bankruptcy cases nor instructive on what constitutes an improper purpose in the context of Rule 2019 Exhibits and the highly confidential medical information contained therein. Garlock simply ignores the relevant precedent, cited in the Joinder and Objection at 3-7, establishing that its purposes here are improper.

("[p]ermissive intervention is warranted if the entity demonstrates that no other entity exists to adequately protect its position and that intervention would not result in undue delay or prejudice"). Courts recognize that an intervenor causes undue delay and prejudice when it unjustifiably wastes resources for its individual interests. *See Hyde Park*, 73 B.R. at 197 (denying motion to intervene because "[t]he estate would be burdened by the added delay brought by the addition of another party to the proceedings and the extra expense of another law firm's fees to pay without the benefit of a new approach to the problems in this case."); *In re ANC Rental Corp.*, 278 B.R. 714, 719 (Bankr. D. Del. 2002) (intervention denied where it was the "interests [of the movants] as competitors of the Debtors which they are seeking to protect by opposing action by the Debtors which will improve the Debtors' chances of successfully reorganizing. *Those interests are not in harmony with the Debtors or the creditors of these estates and there is no reason to let Hertz and Avis use this forum to advance their individual interests.*") (emphasis added). This is another reason Garlock's attempt to intervene in the 12 cases should be denied.

7. Finally, Garlock cannot meet its burden of establishing "cause" for the intervention for the same reasons its underlying request for the Rule 2019 Exhibits should be rejected, including that it seeks the documents for purposes that are improper under the controlling law.

8. As the ACCs have previously established, "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). *See also Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) ("[e]very court has supervisory power over its own records and files, and access has been denied where court files

might have become a vehicle for improper purposes."); *50-Off,* 213 B.R. at 659-60 (refusing to unseal a retention hearing where, among other things, "the record in this matter seems at least to suggest an 'improper purpose' as that term was used by the Supreme Court in the *Nixon* case"); ACC Joinder and Objection at 3-4.

9.  As established by the ACC Joinder and Objection, Garlock's acknowledged purposes in seeking the Rule 2019 Exhibits for use in other cases are improper. This Court has already made clear that attempts to seek Rule 2019 materials for use in other cases violate the purpose of the Rule, and are inappropriate:

> "[T]he purpose for filing the 2019 statements is essentially to make sure that the Court understands that the parties who – that the attorneys who purport to represent particular parties actually do represent those parties and therefore have the right to participate in the significant events in the case. *They are not there for the purpose of allowing another party to use them in some litigation context outside the confines of this case.*"

Hearing Transcript at 40, *In re Pittsburgh Corning Corp.*, No. 00-22876 (Bankr. W.D. Pa. Jan. 13, 2010) (emphasis added). And the Court likewise specifically noted that "giving you mass discovery as to everybody who every law firm represents I think has no basis in law or in fact." *Id.* at 44-45. As the Court noted, "[t]hat is wholesale fishing." *Id.* at 51.

10.  Other courts have agreed with this Court's conclusion. *See, e.g.*, *In re Premier Int'l Holdings, Inc.*, 423 B.R. 58, 75 (Bankr. D. Del. 2010) (denying a motion to compel performance of Rule 2019 obligations and stating "the Official Committee, by filing its motion, is clearly engaged in a litigation tactic to apply pressure on it[s] current adversary, the Informal Committee of SFO Noteholders, as well as attempting to make an 'end run' around a previous ruling denying the Official Committee's request for discovery seeking virtually the same information"); *50-Off,* 213 B.R. at 659-60 ("[u]nder the facts of this particular case, this Court believes that a litigant's seeking to obtain information from a retention hearing involving the

litigant's opposing counsel is an 'improper purpose' within the meaning of that term as used in *Nixon*, so that access should be denied").

## **CONCLUSION**

For the foregoing reasons, the ACCs respectfully request that this Court refuse to allow Garlock to intervene in the above-captioned Bankruptcy Cases.

Dated: March 11, 2011                                    Respectfully submitted,

**CAMPBELL & LEVINE, LLC**                               **CAMPBELL & LEVINE, LLC**

*/s/ David B. Salzman*                                   */s/ Mark T. Hurford*
Douglas A. Campbell (PA I.D. No. 23143)                  Marla R. Eskin (DE Bar No. 2989)
Philip E. Milch (PA I.D. No. 53519)                      Mark T. Hurford (DE Bar No. 3299)
David B. Salzman (PA I.D. No. 39360)                     800 N. King Street, Suite 300
1700 Grant Building                                      Wilmington, DE 19801
Pittsburgh, PA 15219                                     Telephone: (302) 426-1900
Telephone: (412) 261-0310                                Facsimile: (302) 426-9947
Facsimile: (412) 261-5066                                meskin@camlev.com
dac@camlev.com                                           mhurford@camlev.com
dbs@camlev.com
pem@camlev.com

**CAPLIN & DRYSDALE, CHARTERED**                         **CAPLIN & DRYSDALE, CHARTERED**
Peter Van N. Lockwood                                    Elihu Inselbuch
Trevor W. Swett                                          375 Park Avenue, 35th Floor
Kevin C. Maclay                                          New York, NY 10152-3500
One Thomas Circle, NW                                    Telephone: (212) 319-7125
Suite 1100                                               Facsimile: (212) 644-6755
Washington, DC 20005                                     E-mail: ei@capdale.com
Telephone: (202) 862-5000
Facsimile: (202) 429-3301
E-mail: tws@capdale.com; pvnl@capdale.com
kcm@capdale.com

*Counsel for the Official Committees of Asbestos Claimants*