IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| W. R. GRACE & CO., et al., | ) Case No. 01-01139 (JKF) <br> ) (Jointly Administered) |
| Debtors. | ) <br> ) Re: Docket Nos. 26429, 26431, 26432, 26439, <br> ) 26441, 26444, and 26446 <br> ) |

**PLAN PROPONENTS' CONSOLIDATED RESPONSE TO OBJECTIONS FILED
PURSUANT TO BANKRUPTCY RULE 9033**

The above-captioned debtors (the "Debtors"), together with the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Equity Security Holders, and the Asbestos PI Future Claimants' Representative (collectively, the "Plan Proponents"), hereby submit this response to the objections to confirmation of the First Amended Joint Plan of Reorganization (the "Plan") pursuant to Rule 9033 (the "9033 Objections") of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and respectfully state as follows:

1.   On January 31, 2011, this Court entered its Order Confirming the First Amended Joint Plan of Reorganization as Modified Through December 23, 2010, and Recommending that the District Court Enter an Order Issuing and Affirming this Order and Adopting Recommended Findings of Fact and Conclusions of Law (the "Confirmation Order") [Dkt. No. 26155] and the Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Supplemental Findings of Fact and Conclusions of Law (the "Memorandum Opinion") [Dkt. No. 26154]. On February 15, 2011, this Court entered an Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010 [Dkt. No. 26289].

DOCS_DE:168526.1

2. On February 11, 2011, this Court entered an order setting February 28, 2011 as the deadline for filing 9033 Objections. *See* Order Granting In Part Motions to Extend Time to Object and Continuing Hearing to February 14, 2011, at 9:00 am Prevailing Eastern Time, and on Plan Proponents' Motion for Clarification and BNSF's Motion to Reconsider [Dkt. No. 26252]. Pursuant to Bankruptcy Rule 9033(b), responses to 9033 Objections are due within 14 days of service of the 9033 Objections, which, in this case, is March 14, 2011. *See* Fed. R. Bankr. P. 9033(b).

3. On February 23, 2011, a hearing was held before the U.S. District Court for the District of Delaware related to appeals of the Confirmation Order and any 9033 Objections. The parties stipulated, and the District Court ordered that, "Rule 9033 objections need not be filed, and all objections that may be or could have been asserted in Rule 9033 objections are preserved and may be argued as part of the appellate briefing filed pursuant to Bankruptcy Rules 8001 *et seq.*" District Court Order, dated 2/23/11 [Case No. 11-42, Dist. Ct. Dkt. No. 4; Bankr. Dkt. No. 26446, entered on docket on 3/1/11]. The District Court also ordered that to "the extent any party nevertheless chooses to file Rule 9033 objections on or before February 28, 2011, both that party's objections and Plan Proponents' responses may be filed in summary fashion, briefly stating the bases for the respective objections and responses, with detailed briefing and support reserved for the appellate briefs regarding the Confirmation Order." *Id.*

4. On February 28, 2011, a number of appellants/plan objectors filed summary 9033 Objections, including Anderson Memorial Hospital, Garlock Sealing Technologies LLC, BNSF Railway Company, the Libby Claimants, the State of Montana, and Her Majesty the Queen in

Right of Canada.[1] The various 9033 Objections received were filed in summary fashion and either (1) relied on earlier briefing (*see, e.g.,* Anderson Memorial Hospital), (2) objected to all findings of fact and conclusions of law to the extent they relate to a non-core issue (*see, e.g.,* Garlock, Montana, BNSF, and Her Majesty the Queen in Right of Canada), or (3) objected as a protective matter notwithstanding an admission that the Confirmation Order is subject to the Bankruptcy Rules governing appeals rather than Bankruptcy Rule 9033 (*see, e.g.,* the Libby Claimants).

5. The Plan Proponents hereby respond in summary fashion to the 9033 Objections, noting that because all of the findings of fact and conclusions of law contained in the

---

[1] *See* Anderson Memorial Hospital's Objections Pursuant to Fed. R. Bankr. P. 9033 to Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization, and Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law, Pursuant to Fed. R. Bankr. P. 9033 [Dkt. No. 26431]; Preliminary Objection by Garlock Sealing Technologies LLC, Pursuant to Rule 9033 of the Federal Rules of Bankruptcy Procedure, to (I) the Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law, (II) the Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010, and (III) the Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010 [Dkt. No. 26439]; Objections of BNSF Railway Company in Accordance With Bankruptcy Rule 9033 to the Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law [Docket Number 26154] and the Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010 [Docket Number 26155] and Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010 (Docket. No. 26289) [Dkt. No. 26429]; Libby Claimants' Objection to Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization [Dkt. No. 26441]; Preliminary Objection by the State of Montana, Pursuant to Rule 9033 of the Federal Rules of Bankruptcy Procedure, to (I) the Memorandum Opinion Regarding Objections to Confirmation of the First Amended Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law, (II) the Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010, and (III) the Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010 [Dkt. No. 26444]; and Preliminary Objections by Her Majesty the Queen in Right of Canada Pursuant to Rule 9033 of the Federal Rules of Bankruptcy Procedure, to (I) the Memorandum Opinion Regarding Objections to Confirmation of the First Amended Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law, (II) the Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010, and (III) the Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010 [Dkt. No. 26432].

Confirmation Order and Memorandum Opinion relate to core matters concerning plan confirmation, the 9033 Objections all fail in their entirety because Bankruptcy Rule 9033, by its express terms, limits such objections to non-core matters. *See* Fed. R. Bankr. P. 9033(a) ("[i]n *non-core proceedings* heard pursuant to 28 U.S.C. § 157(c)(1), the bankruptcy judge shall file proposed findings of fact and conclusions of law.") (emphasis added).

6.  Plan Proponents further oppose the 9033 Objections for the grounds set forth in their responses to Plan objections, pre- and post-trial Plan briefs, and arguments made and evidence presented at the confirmation hearing, all of which are incorporated by reference.[2]

7.  Finally, Plan Proponents reserve the right to respond to the 9033 Objections and the arguments and authorities cited in support of such objections in Plan Proponents' appellate briefing that will be submitted to the District Court pursuant to the appellate briefing schedule relating to Plan confirmation issues that is set forth in the District Court's Order Regarding Appeals of Confirmation Order, dated March 10, 2011 [Case No. 11-42, Dist. Ct. Dkt. No. 6; Bankr. Dkt. No. 26527, entered on docket on 3/10/11].

---

[2] These sources include the following, which are incorporated by reference: Plan Proponents' Second Amended Phase II Pre-Trial Statement, dated August 6, 2009 [Dkt. No. 22712]; Plan Proponents' Phase II Trial Brief in Response to Confirmation Objections of the Libby Claimants, dated August 7, 2009 [Dkt. No. 22731]; Plan Proponents' Main Brief in Support of Plan Confirmation, dated August 8, 2009 [Dkt. No. 22733]; Plan Proponents' Brief (Filed Under Seal) In Support of Plan Confirmation Regarding Feasibility, dated August 25, 2009 [Dkt. No. 22959]; Plan Proponents' Phase II Post-Trial Brief in Response to Confirmation Objections of the Libby Claimants, dated November 2, 2009 [Dkt. No. 23659]; Plan Proponents' Main Post-Trial Brief in Support of Confirmation of Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated November 3, 2009 [Dkt. No. 23662]; Plan Proponents' Response to Libby Claimants' Post-Trial Brief, dated November 20, 2009 [Dkt. No. 23824]; Plan Proponents' Main Post-Trial Response Brief in Support of Confirmation of the Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated November 20, 2009 [Dkt. No. 23833]; Plan Proponents' Response to Crown's Objection to Plan Confirmation, dated January 19, 2010 [Dkt. No. 24161]; and Plan Proponents' Letter Response to State of Montana's Letter Brief Filed on August 12, 2010, dated August 17, 2010 [Dkt. No. 25233].

Dated: March 14, 2011

Respectfully submitted,

KIRKLAND & ELLIS LLP
John Donley
Adam Paul
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Deanna D. Boll
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: (312) 836-4022
Facsimile: (312) 577-0737

and

PACHULSKI STANG ZIEHL & JONES LLP

_/s/ James E. O'Neill_
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Counsel for the Debtors and Debtors in Possession*

CAMPBELL & LEVINE, LLC

/s/ Mark T. Hurford
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947

and

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Jeffrey A. Liesemer
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*

PHILLIPS, GOLDMAN & SPENCE, P.A.

/s/ John C. Phillips
John C. Phillips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T. Austern, Asbestos PI Future Claimants' Representative*

SAUL EWING LLP

/s/ Teresa K. D. Currier
Teresa K.D. Currier (Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Facsimile: (302) 421-6813

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
David Blabey
1177 Avenue of the Americas
New York, NY 10022
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee of Equity Security Holders*