**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO.,et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: April 18, 2011, at 9:00 a.m.** |
| | ) | **Objection Deadline: April 1, 2011** |
| | ) | |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE
IMPLEMENTATION OF THE 2011 LONG-TERM INCENTIVE PLAN**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")
hereby file this motion (the "Motion") for entry of an order authorizing the Debtors to (a)
implement the Grace 2011 Long-Term Incentive Plan (the "2011 LTIP"), which will consist
exclusively of incentive based grants of options to purchase the common stock of the Debtors'
parent, W. R. Grace & Co. ("Grace Stock"), made to certain eligible employees of the Debtors,
and (b) adopt a stock incentive plan (the "2011 Stock Incentive Plan") to effectuate these grants.
In support of this Motion, the Debtors respectfully state as follows:

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1
Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.),
CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc.,
Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace
Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN
Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical
Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace
Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn
International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon
Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal,
Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai
Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management,
Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA
Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc.
(f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass,
Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal
Company, and H-G Coal Company.

## JURISDICTION

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for this Motion are sections 105(a) and 363(b) of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

## BACKGROUND

3.     On the petition date in these cases, April 2, 2001, the Court entered an Order authorizing and approving certain payments by the Debtors to their employees, including interim approval of certain employee retention and incentive programs, including the Grace 2000 Stock Incentive Program. On June 22, 2001, the Court entered a final order authorizing and approving such retention and incentive programs. (Docket No. 510).

4.     On the dates noted in the following Schedule, the Court entered orders authorizing the Debtors to implement the respective long-term incentive plans (the "PriorLTIPs") for management and other eligible employees of the Debtor selected to participate in the LTIPs (the "Eligible Employees"), as part of the Debtors' ongoing long-term incentive program:

| Date of Order | Period of LTIP |
| --- | --- |
| August 26, 2002 | 2002-2004 LTIP |
| March 26, 2003 | 2003-2005 LTIP |
| June 9, 2004 | 2004-2006 LTIP |
| July 13, 2005 | 2005-2007 LTIP |
| July 24, 2006 | 2006-2008 LTIP |
| August 29, 2007 | 2007-2009 LTIP |

2

| Date of Order | Period of LTIP |
| --- | --- |
| August 26, 2008 | 2008-2010 LTIP |
| April 22, 2009 | 2009-2011 LTIP |
| April  7, 2010 | 2010-2012 LTIP |

5.      The Debtors' long-standing, ongoing strategy for its long-term incentive program necessitates that a renewed LTIP be implemented each calendar year.

6.      The last three Prior LTIPs – those awarded to Eligible Employees in 2008, 2009 and 2010 – included awards of options on Grace Stock, as well as cash payouts based on business performance during a three-calendar year period.[2]

7.      The options on Grace Stock that were awarded under the Prior LTIPs were granted under the Grace 2000 Stock Incentive Plan, which, as set forth above, was authorized and approved by the Court in 2001 in conjunction with the Debtors' petition for relief under Chapter 11.  Last year, under the 2010-2012 LTIP, the Debtors' utilized all remaining authority under that Stock Incentive Plan.

8.      As a result, the Debtors' currently have no authority to issue options on Grace Stock (or any other stock incentives) to Eligible Employees, without the implementing the 2011 Stock Incentive Plan as described herein.

---

[2]      Under the LTIPs awarded in 2008 and 2009, the stock option component generally equaled approximately 50% of each Eligible Employee's total targeted award value and the remaining approximately 50% was comprised of the cash incentive payout award. Last year with respect to each Eligible Employee's award under the 2010-2012 LTIP, the Debtors increased the percentage allocated to stock options to approximately 70% with the remaining approximately 30% allocated to the cash incentive payout award, to increasingly align the financial interests of the Eligible Employees with the shareholders.

DOCS_DE:168525.1

## Basic Design of the 2011 LTIP[3]

9.      The basic design of the 2011 LTIP is similar to the other LTIPs approved by this Court; however, the 2011 LTIP will include only a stock component rather than stock and cash components.

10.     The aggregate targeted award value of the 2011 LTIP will be approximately$19 million (including the Chief Executive Officer of the Debtors (the "CEO")).[4]

11.     Under the 2011 LTIP, the total aggregate targeted award will be distributed to Eligible Employees in the form of options covering Grace Stock.

12.     No targeted cash payout opportunities will be distributed under the 2011 LTIP.

13.     The decision to grant only options on Grace Stock under the 2011 LTIP, and not include any cash incentives, is based on the Debtors' continuing strategy to increasingly align the interest of its management and other Eligible Employees with the interest of its shareholders.[5]

## Stock Options Under the 2011 LTIP

14.     As specified above, the total aggregate targeted award value under the 2011 LTIP will be awarded to Eligible Employees in the form of options on Grace Stock, and those options would be granted under a new 2011 Stock Incentive Plan described.

15.     The "strike price" of the stock options awarded under the 2011 LTIP will be the price of Grace Stock as of the award date (i.e., the average of the high and low market price of Grace Stock on that date).

---

[3]    As with the Prior LTIPs, the Debtors reserve the right to determine whether a particular employee is anEligible Employee with respect to the 2011 LTIP; and the right to vary the selection, and the degree of participation, of Eligible Employees under the 2011 LTIP from the Eligible Employees identified under prior LTIPs.

[4]    The total targeted award value last year under the 2010-2012 LTIP, including the CEO, was $15.5 million.

[5]    The Debtors believe that this approach is of increasing importance since the Court confirmed the Joint Plan of Reorganization in these Chapter 11 cases on January 31, 2011, and the Debtors are now focused on satisfying all of the conditions precedent to its Plan going effective and emerging from Chapter 11 in the near future.

DOCS_DE:168525.1

16.     The value of an option on a share of Grace Stock granted under the 2011 LTIP will be calculated by dividing the price of a share of Grace Stock on the award date by the applicable Black Scholes factor (provided that, for the purpose of valuing such grants, that price may not exceed $42.00 or be less than $32.00).[6]

17.     The Debtors anticipate awarding options to Eligible Employees under the 2011 LTIP covering roughly 1.77 million shares of Grace Stock (based on a total aggregate targeted value of $19 million, as specified above, and a price per share of $37.55, a recent price for a share of Grace Stock).  The number of shares covered by such awards could range between approximately 2.08 million and 1.58 million, depending on the price of a share of Grace Stock on the award date(and based on the limiting range specified in the prior paragraph).[7]

18.     One third of the awarded stock options would vest in 2012, one-third would vest in 2013, and the remaining one-third would vest in 2014; each on the anniversaries of the award date.

19.     The stock options would generally be exercisable for a period of 5 years after grant.[8]

### The 2011 Stock Incentive Plan

20.     As previously stated, in order for Debtors to award options on Grace Stock under the 2011 LTIP, the 2011 Stock Incentive Plan must be implemented, since the Debtors currently have no authority to issue any stock incentives.

---

[6]     The applicable Black Scholes factor for this calculation is 3.5 (based on an analysis concluded with the Debtors independent compensation consultant, Towers Watson). The formula to determine the value of an option on a share of Grace Stock will be as follows: Price of Grace Stock/3.5. In order to address this possible variability in the number of shares covered by these option grants, the Debtors have determined to limit the range of the price of Grace Stock that may be used to value a grant of options for purposes of the 2011 LTIP to the range noted above -- $42.00 to $32.00, which as stated equates with a range of the number of shares covered by options of approximately 2.08 million to 1.58 million.

[7]     Last year, under the 2010-2012 LTIP, the Debtors issued option grants on approximately 1.36 million shares of Grace Stock. Under the 2009-2011 LTIP, the Debtors issued option grants on approximately 1.57 million shares.

[8]     The stock options awarded the last two years- under the 2009-2011 LTIP and the 2010-2012 LTIP - also were subject to 3-year vesting, and were exercisable for a period of 5 years after grant.

DOCS_DE:168525.1

21.    Except as described in this Motion, the terms of the 2011 Stock Incentive Plan will be substantially the same as the terms of the Stock Incentive Plan that the Debtors anticipate adopting in conjunction with emergence from Chapter 11 (the "Reorg Stock Incentive Plan").The Reorg Stock Incentive Plan is Exhibit 31 to the First Amended Joint Plan of Reorganization as modified through December 23, 2010 (Docket No.26368)(the "Joint Plan") and attached hereto as Exhibit B.

22.    The options for Grace Stock under the 2011 LTIP will be issued to Eligible Employees at the discretion of the management of W. R. Grace & Co. ("Grace") and the Compensation Committee(the "Compensation Committee") of the Board of Directors of Grace based upon the pay grade of the Eligible Employee, the performance of the Eligible Employee and the value of the Eligible Employee to Grace.

23.    Under the 2011 Stock Incentive Plan, the maximum number of shares of Grace Stock that may be issued pursuant to stock incentives will not exceed 2.1 million shares.[9]

24.    As stated above, Debtors anticipate utilizing between 1.58 million and 2.08 million shares of Grace Stock authorized under the 2011 Stock Incentive Plan, in order to implement the 2011 LTIP.

25.    To the extent that any options for Grace Stock remain unissued under the 2011 Stock Incentive Plan after the 2011 LTIP is implemented, those options would be available to award to new hires and others during the remaining pendency of the Debtors' chapter 11 cases, as determined by the Debtors' management and the Compensation Committee.[10]

---

[9]    As previously stated, the terms of the 2011 Stock Incentive Plan will be substantially the same as the terms of the Reorg Stock Incentive Plan, which permits the utilization of stock incentives other than options on Grace Stock (e.g., restricted stock). However, as specified in this Motion, the Debtors anticipate granting only options to purchase Grace Stock under the 2011 LTIP, and not any other type of stock incentive.

[10]    The Compensation Committee would be required to approve all management recommendations regarding grants of options on Grace Stock under the terms of the 2011 Stock Incentive Plan, as will be the case under the Reorg Stock Incentive Plan.

26.     The term of the 2011 Stock Incentive Plan will expire on the earlier of (a) the date that Debtors emerge from Chapter 11 and (b) December 31, 2012; which means that no stock incentives would be granted under the Plan after the earlier date.[11]

### RELIEF REQUESTED

27.     By this Motion, the Debtors request that the Court authorize the implementation of the 2011 LTIP, and the adoption of the 2011 Stock Incentive Plan, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.

### BASIS FOR RELIEF

28.     Section 105(a) of the Bankruptcy Code permits the court to "issue any order… that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This Court has recognized that the broad reach of its equitable powers under section 105(a) of the Bankruptcy Code authorizes, among other things, implementation of long-term incentive plans.

29.     Section 363(b)(1) provides in relevant part that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate …." A court has the statutory authority to authorize a debtor to use property of the estate pursuant to section 363(b)(1) of the Bankruptcy Code when such use is an exercise of the debtor's sound business judgment and when the use of the property is proposed in good faith. In re Delaware & Hudson Ry. Co., 124 B.R. 169 (D. Del. 1991); see also Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Cir. 1991) (a debtor's decision must be supported by an "articulated business justification"); Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986) (adopting the "sound business purpose" standard for sales

---

[11]     Upon emergence, the Reorg Stock Incentive Plan will be available to provide stock incentives to Employees.  The Reorg Stock Incentive Plan includes authority to grant incentives covering up to 6 million shares.

proposed pursuant to section 363(b)); In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999); In re Ernst Home Ctr., Inc., 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997).

30.    Under section 363(b) of the Bankruptcy Code, a debtor has the burden to establish that it has a valid business purpose for using estate property outside the ordinary course of business. See In re Montgomery Ward Holding Corp., 242 B.R. at 153; see also In re Delaware & Hudson Ry. Co., 124 B.R. at 175-76; In re Lionel Corp., 722 F.2d 1063, 1070-71 (2d Cir. 1983). Once the debtor has articulated such a valid business purpose, however, a presumption arises that the debtor's decision was made on an informed basis, in good faith and in the honest belief that the action was in the debtor's best interest. See In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992).

31.    Permitting the Debtors to continue the Debtors' long-term incentive compensation strategy by implementing the 2011 LTIP, will accomplish the sound business purpose of maximizing the value of the Debtors' estates and furthering the Debtors' efforts to successfully complete their reorganization and have the Joint Plan become effective, by promoting the motivation and retention of Eligible Employees who are necessary to achieve the completion of these chapter 11 cases in a prompt and efficient manner.

32.    Adjusting the long-term incentive compensation strategy for the 2011 LTIP so that the Debtors' management and other Eligible Employees will be awarded options on Grace Stock, but receive no cash incentives, will allow the Debtors' management to more effectively and efficiently align the interests of Eligible Employees with the interests of the Debtors' shareholders.

33.    It is significant to the Debtors' estates and their creditors for the Debtors to provide the appropriate compensation to retain high-performing employees in sufficient

8

DOCS_DE:168525.1

numbers during the remaining pendency of the Debtors' chapter 11 cases to maximize the likelihood of a successful emergence from chapter 11.

34.     In light of the foregoing, the Debtors believe that the options to be granted under the 2011 LTIP are reasonable and appropriate and will enhance the prospect of retaining and motivating Eligible Employees and, ultimately, attaining a successful emergence from Chapter 11. For all of these reasons, the 2011 LTIP and the 2011 Stock Incentive Plan should each be approved.

## NO PREVIOUS MOTION

35.     No previous motion for the relief sought herein has been made to this or any other court.

## NO BRIEFING SCHEDULE

36.     The Debtors respectfully submit that this Motion does not present any novel issues of law requiring briefing.  Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Del. Bankr. L.R. 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

## NOTICE

37.     Notice of this Motion has been given to:  (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; and (vi) those parties that

requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.  In light of

the nature of the relief requested, the Debtors submit that no further notice is required.

**<u>[nothing further on this page]</u>**

DOCS_DE:168525.1

WHEREFORE, the Debtors respectfully request that the Court enter an order authorizing, but not requiring, the Debtors to implement the 2011 Long-Term Incentive Plan and adopt the 2011 Stock Incentive Plan, and authorizing the Debtors take such other action as may be necessary or appropriate to effect the intent of this Motion, and granting such other and further relief as the Court deems just and proper.

Dated:  March 14, 2011

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer, P.C.
Roger J. Higgins, P.C.
111 East Wacker Drive
Suite 2800
Chicago, IL60601
(312) 836-4042

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession