IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## NOTICE OF PROPOSED SALE OF CERTAIN INVESTMENT AND OTHER ASSETS OF DEBTORS' GRACE CONSTRUCTION PRODUCTS BUSINESS UNIT PURSUANT TO ORDER ESTABLISHING PROCEDURES FOR THE SALE OF *DE MINIMIS* ASSETS

PLEASE TAKE NOTICE that the Debtors propose to enter into an agreement with CeraTech, Inc., a Delaware corporation that has developed certain technology applicable to the construction products industry (the "Technology Company"), providing among other things for (i) options of Debtor W. R. Grace & Co.-Conn. ("Grace") to sell to the Technology

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

Company, and of the Technology Company to buy from Grace, the 112,500 shares of the convertible preferred stock of the Technology Company owned by Grace, at a purchase price of $40 per share for a maximum aggregate purchase price of $4.5 million; and (ii) in consideration of a payment to Grace of $250,000, the termination of an agreement between Grace and the Technology Company under which Grace has certain exclusive distribution and other rights for products utilizing the intellectual property of the Technology Company.

Pursuant to that certain *Order Establishing Procedures for the Sale or Abandonment of De Minimis Assets* dated August 2, 2001 (the "Order") [Docket No. 833], the Debtors may sell assets with a *de minimis* value up to $5 million which, in the Debtors' judgment, are no longer necessary to the operation of their businesses. In accordance with the Order, the Debtors provide the following information in connection with the transactions described above:

1. **Description of the Assets**. The assets consist of the option to buy Grace's ownership rights in up to 112,500 shares of the Class C Convertible Redeemable Preferred Stock of the Technology Company (the "Shares"), and Grace's exclusive distribution, license and other rights respecting purchase and sale of certain products related to the production of concrete under the Exclusive Sales, Market and Distribution Agreement (the "SMD Agreement") and the Supply Agreement (the "Supply Agreement") between the Technology Company and Grace, as more fully described in **Attachment 1** hereto.

2. **Proposed Purchase Price and Terms**. Grace and the Technology Company propose to enter into put and call options with respect to the Shares, under which Grace will have the right to sell the Shares to the Technology Company, and the Technology Company will have the right to purchase the Shares from the Debtors, in each case at a purchase

price of $40 per share, for an aggregate purchase price (assuming the purchase of all the Shares) of $4.5 million. In addition, if the Technology Company purchases all the Shares, the SMD Agreement and the Supply Agreement will be terminated, and the Technology Company will pay $250,000 to Grace. These transactions are referred to collectively herein as the "Sale." A more detailed description of the Sale is attached in **Attachment 1** hereto.

3. **The Sale is in the Best Interest of the Debtors' Estates**. The Debtors have determined in the reasonable exercise of their business judgment that sound business reasons justify the Sale. The investment in the Shares and Grace's entry into the SMD Agreement and the Supply Agreement were made pursuant to an order of this Court dated February 1, 2008 [Docket No. 18086]. The investment was made in order to develop and commercialize products utilizing the Technology Company's intellectual property, which the Debtors would sell under the SMD Agreement. However, further work on the intellectual property determined that successful development and commercialization of the products would require significantly more time and expense than anticipated, and the Debtors concluded that further investment by Grace, or payment of annual minimum fees in order to maintain its rights under the SMD Agreement, were not in the Debtors' best interests. They further concluded that the best interests of the Debtors lie in the sale of the Shares and Grace's rights under the SMD Agreement and the Supply Agreement.

4. **No Other Expressions of Interest**. No person or entity other than the Technology Company has expressed an interest in purchasing the Shares. It is uncertain whether the Technology Company will be able to find additional investments to enable it to continue development and commercialization of its intellectual property; or whether in any event it will succeed in its efforts. In addition, the Shares amount to less than 15% of the voting power of the

3

Technology Company stock, and have no class vote or protective rights except those provided by Delaware law. Furthermore, Grace's rights under the SMD Agreement and the Supply Agreement are not assignable without the Technology Company's consent. The Debtors therefore concluded that it was futile to attempt to pursue the Sale with another party.

5. **Terms and Conditions Reasonable.** The Debtors engaged in arm's-length, good faith negotiations with the Technology Company on the terms of the Sale over the course of nine months, and have concluded that the terms and conditions available from the Technology Company are reasonable. If the Options are exercised for all the Shares, the $4.5 million proceeds will equal the amount of the Debtors' original investment in the Shares. The Debtors believe that if the Technology Company is able to obtain financing to continue development and commercialization of its intellectual property, it is likely to exercise its option to purchase the Shares and terminate the SMD Agreement and the Supply Agreement in order to eliminate concerns of the new investors related to Grace's rights and involvement.

6. **Sale in Best Interests of Debtors.** Based on the analysis described above, all of which is supported by the Affidavit of Paul W. Hanlon attached hereto, the Debtors believe that they are receiving fair value for the proposed Sale, the Sale complies with the Debtors' internal management policies, and the Sale is in the best interests of the Debtors and their estates.

PLEASE TAKE FURTHER NOTICE THAT this notice of Sale is being served on (i) the United States Trustee, Attn: David Klauder, 844 N. King Street Suite 2207, Lock Box 35, Wilmington, DE 19801; (ii) counsel to the L/C Facility Agent and L/C Issuers, J. Douglas Bacon and Jeffrey Moran, Latham & Watkins, Sears Tower, Suite 5800, 233 South Wacker Drive, Chicago, IL 60606; and Steven M. Yoder, The Bayard Firm, 222 Delaware Avenue,

Suite 900, P.O. Box 25130, Wilmington, DE 19899 (iii) counsel to JP Morgan Chase Bank N.A., as agent for the Debtors' prepetition lenders, Mark D. Collins and Deborah Spivack, Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551, Wilmington, DE 19899; (iv) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Kenneth Pasquale and Arlene Krieger, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 10038-4982; Michael R. Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246; and William S. Katchen, Duane Morris LLP 744 Broad Street Suite 1200, Newark, NJ 07102-3889; (v) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131; and Theodore Tacconelli, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899; (vi) counsel to the Official Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch and Rita Tobin, Caplin & Drysdale, 375 Park Avenue, 35th Floor, New York, NY 10152; Mark Hurford, Campbell & Levine, LLC, Chase Manhattan Center, 1201 Market Street, 15th Floor, Wilmington, DE 19899; and Peter Van N. Lockwood and Christoper Rizek, Caplin & Drysdale, Chartered, One Thomas Circle, N.W., Washington, DC 20005; (vii) counsel to the Official Committee of Equity Holders, Philip Bentley and David Blabey, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022 (fax 212-715-8000), and Teresa Currier, Saul Ewing LLP, 222 Delaware Ave. Suite 1200, P.O. Box 1266, Wilmington, DE 19899; (viii) counsel to the Asbestos Personal Injury Future Claimants' Representative, Roger Frankel, Richard H. Wyron and Deborah Felder, Orrick, Herrington &

Sutcliffe LLP, 1152 15th Street, NW, Washington, DC 20005, and John C. Phillips, Jr., Phillips, Goldman & Spence, P.A., 1200 North Broom Street, Wilmington, DE 19806; (ix) counsel to the Asbestos Property Damage Future Claimants' Representative, Alan B. Rich, 1401 Elm Street, Suite 4620, Dallas, Texas 75202; and (x) counsel to the Technology Company, Jordan A. Wishnew, Morrison & Foerster, 1290 Avenue of the Americas, New York, NY 10104 (collectively, the "Sale Notice Parties").

PLEASE TAKE FURTHER NOTICE THAT any party wishing to submit an alternative bid with respect to the Shares and the SMD Agreement must serve its bid in writing upon (i) counsel for the Debtors: (A) Pachulski, Stang, Ziehl, & Jones LLP., Attn: James E. O'Neill, 919 Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), and (B) Baer Higgins Fruchtman LLP, Attn: Janet S. Baer, 111 East Wacker Drive, Suite 2800, Chicago, IL 60601 (collectively, "Debtors' Counsel"); and (ii) the Sale Notice Parties, so that it is **received** on or before **March 30, 2011**. Such alternative bid must be on terms that are otherwise equivalent or superior to the terms of the Sale.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Sale must be in writing and served upon Debtors' Counsel so that they are **received** on or before **March 30, 2011**. In the event that the Debtors do not receive any written objections to the Sale or

qualifying Alternative Bids on or before such date, the Debtors are authorized to proceed with the Sale without further approval of the Court.

Dated: March 16, 2011

Respectfully submitted,

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer, P.C.
Roger J. Higgins
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
(312) 836-4022

and

PACHULSKI STANG ZIEHL & JONES LLP.

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and
Debtors-In-Possession