IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re docket no. 4 |
| | ) | Hearing Agenda item no. 26348 & 26549 |

## ORDER LIFTING THE AUTOMATIC STAY TO ALLOW THE STATE COURT LITIGATION REGARDING CLAIM NO. NO. 9566 (ROBERT H. LOCKE) TO PROCEED

Upon consideration of the *Motion for an Order Lifting The Automatic Stay to Allow the State Court Litigation Regarding Claim No. No. 9566 (Robert H. Locke) to Proceed* (the "Motion"); and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, it is hereby ORDERED that:[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, Locke Stipulation or the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594, 24657 & 25881 (the "Plan").

DOCS_DE:167966.1

1. The Motion is granted in its entirety.

2. The Debtors' entry into the *Stipulation Requesting the Lifting of the Automatic Stay in Regard to Claimant Robert H. Locke*, dated January 31, 2011, attached hereto as Exhibit A (the "Locke Stipulation") and incorporated herein by reference, is approved.

3. The automatic stay is lifted and the litigation matter (the "Locke Action") captioned *Robert Locke v. W. R. Grace & Co.-Conn and Robert J. Bettacchi*, Civil Action No. 99-2530 (Mass. Sup. Ct., Middlesex Cty., hereinafter the "Massachusetts Trial Court"), may proceed to trial in the Massachusetts Trial Court; *provided* that any judgment rendered by the Massachusetts Trial Court shall not be enforced by the Massachusetts Trial Court and shall be subject to this Court's jurisdiction, as set forth below.

4. The Debtors are authorized to take all actions that may be necessary to undertake the Locke Action.

5. As set forth in the Locke Stipulation, the Defendants' entitlement to discovery relating to Locke's treatment by health care providers shall be decided by the Massachusetts Trial Court.

6. This Court shall retain jurisdiction over the allowance (or disallowance, as the case may be) of the Locke Claim, including but not limited to the Objection, the Locke Objection Response, any additional related pleadings that may be filed regarding the Locke Claim and any determination of whether the Locke Claim should be allowed or disallowed based upon any judgment rendered in the Locke Action.

7. Prior to this Court determining whether to allow or disallow the Locke Claim, the Debtors may supplement their Objection and Locke may file a response to any such supplemental Objection.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the Locke Stipulation.

9. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under any of Fed. R. Bankr. P. 6004, 7062 and 9014.

Dated: 3/25, 2011

*Judith K. Fitzgerald*

Honorable Judith K. Fitzgerald
United States Bankruptcy Judge    SJS