## EXHIBIT A

*Stipulation Requesting the Lifting of the Automatic Stay in Regard to Claimant Robert H. Locke*

DOCS_DE:167966.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| W. R. GRACE & CO., *et al.*[1] ) | Chapter 11 |
| ) | |
| Debtors. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |

## STIPULATION
### REQUESTING THE LIFTING OF THE AUTOMATIC STAY
### IN REGARD TO CLAIMANT ROBERT H. LOCKE

This stipulation is entered into this 31st day of January, 2011, between the above-captioned debtors (collectively, the "Debtors") and Robert H. Locke ("Locke").

WHEREAS, on or about May 18, 1999, Locke filed the case captioned <u>Robert Locke v. W. R. Grace & Co.-Conn and Robert J. Bettacchi</u>, Civil Action No. 99-2530 (Mass. Sup. Ct., Middlesex Cty.), (the "Locke Action"), asserting claims of employment discrimination against one of the Debtors and an officer and employee of one of the Debtors (collectively, the "Defendants"); and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

DOCS_DE:167969.1

WHEREAS, on or about January 22, 2001, the Defendants filed a motion for summary judgment seeking a judgment in favor of the Defendants on all counts of the Locke Action (the "Summary Judgment Motion"); and

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code; and

WHEREAS, on or about April 27, 2001, the Court entered a preliminary injunction staying actions against non-debtor affiliates of the Debtors which was later extended to stay actions against current and former directors, officers and employees of the Debtors arising out of their employment with the Debtors, including the Locke Action (the "Injunction"); and

WHEREAS, on March 28, 2003, Locke filed a Proof of Claim (the "Claim") against the Debtors, Claim No. 9566 in the amount of approximately $6 - 7 million for age and handicap discrimination as alleged in the Locke Action; and

WHEREAS, on or about May 19, 2003, the parties entered into a stipulation which partially lifted the automatic stay and the Injunction to permit the parties to the Locke Action to complete discovery necessary to prosecute and defend the Summary Judgment Motion and to take such actions as necessary or appropriate to exercise their rights of appeal, if any, with respect to the Summary Judgment Motion, until such rights had been exhausted; and

WHEREAS, discovery necessary to prosecute and defend the Summary Judgment Motion was completed in the Locke Action, and

WHEREAS, on or about November 2004, the Summary Judgment Motion was granted with respect to the age discrimination claim but denied with respect to the disability claims; and

DOCS_DE:167969.1

WHEREAS, on November 8, 2004, this Court approved the Debtors' motion to establish an alternative dispute resolution program to liquidate certain prepetition claims (D.I. 6853) (the "ADR Order"); and

WHEREAS, the parties entered into a Stipulation, which was approved by this Court, agreeing to be bound by the terms of the ADR Program and to participate in such program in good faith, and

WHEREAS, the parties participated in the ADR program in a good faith effort to resolve Locke's claim, including conferences with the Mediator, and

WHEREAS, despite the good faith efforts of the parties and the Mediator, the parties were not successful in resolving Locke's claim, and

WHEREAS, Paragraph 10.0 of the ADR Procedures addresses procedures to be followed if ADR Claims are not resolved, distinguishing between "immature litigation" and "mature litigation," and

WHEREAS, the parties stipulate that the Locke Action is "mature litigation" in which the litigation has largely progressed through the discovery stage and can be substantially ready for trial after the parties address the outstanding issue of discovery relating to Locke's treatment by health care providers, and

WHEREAS, the ADR Procedures state that in regard to such "mature litigation" if the ADR Claim is not resolved through Mediation "the Automatic Stay shall be lifted and the case shall proceed to trial in the forum where the case was pending when the Automatic Stay went into effect."

NOW, THEREFORE, in consideration of the terms and conditions contained herein, Debtors and Locke hereby stipulate and agree as follows:

DOCS_DE:167969.1

1. The Automatic Stay and Preliminary Injunction staying the Locke Action shall be lifted so that the Locke Action may proceed to trial in the Massachusetts Trial Court.

2. The Defendant's entitlement to discovery relating to Locke's treatment by health care providers shall be decided by the Massachusetts Trial Court.

3. This Stipulation and Debtors' signature hereon shall not become effective and binding until it is approved by the Bankruptcy Court. Upon execution of this Stipulation by the parties, the Debtors will promptly prepare and file the appropriate Motion for approval with the Bankruptcy Court.

|  | Robert H. Locke ("Locke") |  | W. R. Grace & Co., et al. ("Debtors") |
|---|---|---|---|
| By: | /s/ Harvey A. Schwartz | By: | /s/ Brigitte M. Duffy |
| Name: | Harvey A. Schwartz<br>Rodgers Powers & Schwartz LLP<br>18 Tremont Street<br>Boston, MA 02108<br>(617) 742-7010 | Name: | Brigitte M. Duffy<br>Seyfarth Shaw LLP<br>2 Seaport Lane<br>Boston, MA 02110<br>(617) 946-4800 |
| Title: | Counsel for Robert H. Locke | Title: | Counsel for W.R. Grace & Co., et al. |
| Dated: | January 31, 2011 | Dated: | February 16, 2011 |

DOCS_DE:167969.1