IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et al*., | : | Case No. 01-1139 (JKF) |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | |
| | : | |

**BNSF RAILWAY COMPANY'S DESIGNATION OF RECORD
AND STATEMENT OF ISSUES ON APPEAL**

Appellant, BNSF Railway Company ("BNSF"), through its counsel, Pepper Hamilton LLP, in accordance with Fed. R. Bankr. P. 8006, submits the statement of issues to be presented in connection with the appeal from the following orders:

I. Memorandum Opinion Regarding Objections To Confirmation Of First Amended Joint Plan Of Reorganization And Recommended Supplemental Findings Of Fact And Conclusions Of Law, entered January 31, 2011 (Supplemental Findings) [Docket Number 26154];

II. Recommended Findings Of Fact, Conclusions Of Law And Order Regarding Confirmation Of First Amended Joint Plan Of Reorganization As Modified Through December 23, 2010, entered January 31, 2011 (Findings) [Docket Number 26155];

III. Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010, entered February 15, 2011 (Clarifying Order) [Docket No. 26289]; and

IV. Memorandum Opinion and Order Granting in Part and Denying in Part Motion of BNSF Railway Company for Reconsideration of Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan and Recommended Supplemental Findings of Fact and Conclusions of Law and Order Regarding Confirmation of Joint Plan as

#14053685 v2

Modified Through December 23, 2010, entered March 4, 2011 (Reconsideration Order, and together with the Supplemental Findings, Findings and Clarifying Order, the Confirmation Orders) [Docket Number 26489].

Inclusion of an issue in this designation shall not constitute a waiver of the position that recommended findings of fact relating to a non-core matter is not the subject of an appeal, but is rather an objection under Bankruptcy Rule 9033, which is subject to *de novo* review. To the extent that any issue designated below relates to a recommended finding of fact relating to a non-core matter, such designation shall be treated as a Rule 9033 objection. BNSF reserves its rights, under the District Court's February 23, 2011 Order, to include all Rule 9033 objections in its appellate brief.

I. STATEMENT OF ISSUES ON APPEAL

1. Did the Bankruptcy Court err by finding that the Joint Plan is not discriminatory, even though the claims of all Indirect Claimants are treated the same, despite the fact that the value of the Indirect Claims of BNSF are eight times greater than the value of the majority of Indirect Claims, and as a result the Joint Plan is in violation of Sections 524(g), 1123(a)(4) and 1129(a)(1) & (b)(1) of the Bankruptcy Code, and as such is not confirmable?

2. Did the Bankruptcy Court err by finding that the Joint Plan is not discriminatory and is fair and equitable event though the Indirect Claims of BNSF are prohibited from receiving Extraordinary Claim treatment, contrary to the Plan Proponents' own testimony that the Extraordinary Claim value is equal to the value of Grace's liability, and as a result the Joint Plan is in violation of Sections 524(g), 1123(a)(4) and 1129(a)(1) & (b)(1) of the Bankruptcy Code, and as such is not confirmable?

3. Did the Bankruptcy Court err by finding that the Joint Plan can be confirmed even though it does not provide procedures for granting BNSF an award equal to the full value of its Indirect Asbestos PI Claims, and as a result the Joint Plan is in violation of

Sections 524(g), 1123(a)(4) and 1129(a)(1) & (b)(1) of the Bankruptcy Code, and as such is not confirmable?

      4.      Did the Bankruptcy Court err by finding that Indirect Claimants such as BNSF did not need to be separately classified even though they are receiving disparate treatment, and as a result the Joint Plan is in violation of Sections 524(g), 1123(a)(4) and 1129(a)(1) & (b), and as such is not confirmable?

      5.      Did the Bankruptcy Court err by finding that the Joint Plan can be confirmed even though it does not permit BNSF, as an Indirect Claimant, to receive an indemnity or contribution award equal to the full value of what it has paid in the first instance to Direct Claimants through judgment or settlement?

      6.      Did the Bankruptcy Court err by finding that BNSF's Indirect Asbestos PI Claims can be classified as Class 6 claims, and channeled to the Asbestos PI Trust pursuant to 11 U.S.C. § 524(g), instead of being classified as Class 9 general unsecured claims or administrative expense claims, and as a result the Joint Plan is in violation of Sections 524(g) and 1122(a), and as such is not confirmable?

      7.      Did the Bankruptcy Court err by finding that the Section 524(g) injunction need not extend to derivative claims asserted against BNSF?

      8.      Did the Bankruptcy Court err by confirming the Joint Plan while failing to decide the factual predicate as to whether the "failure to warn" claims asserted against the CNA Companies are "derivative" (thus enjoined by the Joint Plan) or "non-derivative" (thus not enjoined by the Joint Plan), thereby precluding determination as to whether the consideration paid by the CNA Companies was fair and equitable as mandated by Bankruptcy Code Section 524(g)(4)(B)(ii)?

      9.      Did the Bankruptcy Court err by finding that the consideration paid by the CNA Companies was fair and equitable as mandated by Bankruptcy Code Section

-3-

524(g)(4)(B)(ii), even though the factual record is devoid of evidence regarding the aggregate value of the "failure to warn" claims asserted directly against the CNA Companies?

10. Did the Bankruptcy Court err by finding that the issuance of the Bankruptcy Code Section 524(g)(4)(B)(ii) channeling injunction in favor of the CNA Companies was fair and equitable to the holders of "failure to warn" claims directly against the CNA Companies, even though the cash payment to be provided by the CNA Companies is <u>not</u> earmarked for such claimants, but, instead, will be distributed *pro rata* to <u>all</u> holders of asbestos personal injury claims against the Debtors?

11. Did the Bankruptcy Court err in finding that the Asbestos PI Trust Distribution Procedures which require Indirect PI Trust Claimants, such as BNSF, to obtain full releases from underlying asbestos creditors in order to be granted an allowed claim was not unfair, inequitable and discriminatory, and as a result the Joint Plan is in violation of Sections 524(g), 1123(a)(4) and 1129(a)(1) & (b), and as such is not confirmable?

12. Did the Bankruptcy Court err by finding that the appointment of attorneys for the underlying asbestos claimholders to the Trust Advisory Committee for the Asbestos PI Trust did not create an impermissible conflict of interest?

Dated: March 28, 2011
      Wilmington, DE

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ James C. Carignan
James C. Carignan (No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

Edward C. Toole, Jr., Esq.
Linda J. Casey, Esq.
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103
Tel.:  215-981-4000
Fax:  215-981-4750

*Counsel to BNSF Railway Company*

- and –

Robert J. Phillips, Esq.
PHILLIPS LAW FIRM P.C.
283 West Front Street, Suite 301
P.O. Box 8569
Missoula, Montana 59807-8569
Telephone: 406-721-7880
Facsimile: 406-721-0058

*Co-counsel to BNSF Railway Company*

#14053685 v2