IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al.,[1] | Case No. 01-1139 (JKF) |
| Debtors. | Jointly Administered |
| | Related Docket No. 26579 |

**DESIGNATION OF RECORD AND STATEMENT OF ISSUES PRESENTED ON APPEAL BY HER MAJESTY THE QUEEN IN RIGHT OF CANADA**

Her Majesty the Queen in Right of Canada (the "Crown"), by and through her undersigned counsel, hereby designates, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the issues presented on appeal to the United States District Court for the District of Delaware of (I) the Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law (Docket No. 26154),

---

[1] The Debtors are the following entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), ECARG, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc. E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WCSR 4586538v1

(II) the Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010 (Docket No. 26155), (III) the Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010 (Docket No. 26289), and (IV) the Memorandum Opinion and Order Denying in Part the Motion of BNSF Railway Company for Reconsideration (Docket No. 26489).

Inclusion of an issue in this designation shall not constitute a waiver of the position that a recommended finding of fact relating to a non-core matter is not the subject of an appeal, but is rather an objection pursuant to Bankruptcy Rule 9033, which is subject to <u>de novo</u> review. To the extent that any issue designated below relates to a recommended finding of fact relating to a non-core matter, such designation shall be treated as a Bankruptcy Rule 9033 objection. The Crown reserves her rights to include all Bankruptcy Rule 9033 objections in her appellate brief. <u>See</u> Order, <u>In re W.R. Grace & Co.</u>, Misc. No. 1:11-mc-0042-RLB (D. Del. Feb. 23, 2011) ("[T]his Court hereby orders that, Rule 9033 objections need not be filed, and all objections that may be or could have been asserted in Rule 9033 objections are preserved and may be argued as part of the appellate briefing filed pursuant to Bankruptcy Rules 8001 *et seq.*").

**Statement Of Issues Presented On Appeal**

1. Did the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") err in concluding that the First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders (Docket No. 20872) (as such plan has been or

2

may be modified and/or amended, the "<u>Plan</u>") is confirmable pursuant to Bankruptcy Code section 1129?

  2. Did the Bankruptcy Court err in concluding that the Plan complies with Bankruptcy Code section 524(g)?

  3. Did the Bankruptcy Court err in concluding that the Crown's requests for contribution and indemnification may be subject to an injunction pursuant to Bankruptcy Code section 524(g), even though they are of a different nature than asbestos claims?

  4. Did the Bankruptcy Court err in concluding that the Crown's requests for contribution and indemnification may be subject to an injunction imposed pursuant to Bankruptcy Code section 524(g), even though they are not "claims" or "demands"?

  5. Did the Bankruptcy Court err in concluding that the Plan complies with Bankruptcy Code section 1122(a), even though it classifies claims that are not substantially similar within the same class?

  6. Did the Bankruptcy Court err in concluding that the Plan complies with the absolute priority rule, even though it provides for favorable treatment to classes that are junior in priority to Class 6 Asbestos PI Claims?

  7. Did the Bankruptcy Court err in concluding that the Plan does not violate the prohibition on unfair discrimination, even though it provides for favorable treatment to classes that are equal in priority to Class 6 Asbestos PI Claims?

  8. Did the Bankruptcy Court err in concluding that the Trust Distribution Procedures comply with Bankruptcy Code sections 1123(a)(4) and 524(g)(2)(b), even though they give disparate treatment to claims within a class (including, without limitation, (a) the possibility that the Trust Distribution Procedures might be interpreted to give disparate treatment by providing

for no payout on account of requests for contribution and indemnification, (b) that the Trust Distribution Procedures give disparate treatment by implementing a first-in-first-out mechanic, and (c) that the Trust Distribution Procedures give disparate treatment by imposing additional restrictions or requirements on holders of Indirect PI Trust Claims)?

9. Did the Bankruptcy Court err in concluding that the Trust Distribution Procedures and the Plan are fair and equitable?

10. Did the Bankruptcy Court err in concluding that the Plan was proposed in good faith?

### Designation Of Items To Be Included In The Record On Appeal

Additionally, pursuant to Bankruptcy Rule 8006, the Plan Proponents (as defined in the Plan) are substantially contemporaneously herewith filing a Joint Designation of Record on Appeal, which includes those items that the Crown has designated to be included in the record on appeal.

Dated: April 1, 2011

Respectfully submitted,

Womble Carlyle Sandridge & Rice, PLLC

By:   /s/ Matthew P. Ward
Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
Matthew P. Ward (#4471)
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801
Ph: (302) 252-4320
Fax: (302) 252-4330

-and-

Jacqueline Dais-Visca
Senior Counsel
Business Law Section
Ontario Regional Office
Suite 3400, Box 34, The Exchange Tower
130 King Street West, Toronto, Ontario
M5X 1K6

Counsel for Her Majesty the Queen in Right of Canada as represented by the Attorney General of Canada