IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Dkt. Nos. 26154, 26155, 26257, 26289** |
| | ) | **26439 & 26577** |
| ------------------------------------------------ x | | |

## DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL BY GARLOCK SEALING TECHNOLOGIES LLC

Appellant Garlock Sealing Technologies LLC ("Garlock"), who the proponents of the First Amended Joint Plan of Reorganization (the "Plan") stipulate is a current and likely future co-defendant of W.R. Grace, through its counsel and in accordance with Fed. R. Bankr. P. 8006, hereby submits its statement of issues on appeal from the following orders:

I. Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law [Dkt. No. 26154] ("Memorandum Opinion");

II. Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010 [Dkt. No. 26155] ("Recommended Findings and Conclusions"); and

III. Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010 [Dkt. No. 26289] ("Clarification and Confirmation Order").

Inclusion of an issue in this designation shall not constitute a waiver of the position that any recommended finding of fact or conclusion of law in the Memorandum Opinion, Recommended Findings and Conclusions, or Clarification and Confirmation Order relates to a

3088079

non-core matter and is subject to objection under Bankruptcy Rule 9033 and to de novo review. To the extent any issue designated below relates to a recommended finding of fact relating to a non-core matter, such designation shall be treated as a Rule 9033 objection. Garlock reserves its rights, under the District Court's February 23, 2011 Order, to include all Rule 9033 objections in its appellate brief.

Garlock also hereby adopts as its designation of the record on appeal the Joint Designation that will be submitted by the Plan Proponents pursuant to the District Court's February 23, 2011 Order.

I.  STATEMENT OF ISSUES ON APPEAL

1.  The Supreme Court has held that the phrase "fair and equitable" in the Bankruptcy Code incorporates the absolute priority rule, which states that shareholders cannot receive property if creditors are not paid in full. In the Plan, the debtor's shareholders retain shares in the reorganized debtor currently worth in excess of $2.5 billion, while persons that might subsequently assert demands against the debtor (including co-defendants like Garlock) will be paid no more than 25 to 35% of the value of their allowed claims. Did the bankruptcy court err in concluding that identifying the debtor in the channeling injunction is "fair and equitable" with respect to persons that might subsequently assert demands?

2.  In the *Johns-Manville* case (upon which section 524(g) was modeled), the Second Circuit concluded that asbestos plaintiffs and co-defendants of the debtor have an "overwhelming" conflict of interest with respect to procedures for distributing assets to claimants adopted by a post-confirmation trust. W.R. Grace's co-defendants had no role in formulating the Plan or distribution procedures for the post-confirmation trust established under the Plan to liquidate and pay asbestos personal injury claims against W.R. Grace (the "Trust"), and W.R.

Grace's co-defendants were placed in a class where they were easily outvoted by asbestos plaintiffs. Did the bankruptcy court err in finding that identifying W.R. Grace in the channeling injunction is "fair and equitable" to W.R. Grace's co-defendants?

3. The channeling injunction permanently enjoins W.R. Grace's co-defendants, like Garlock, from exercising any state law remedy against W.R. Grace and channels co-defendants to the Trust for their sole remedies pursuant to the Trust's distribution procedures. Yet, the Plan's provisions relating to the Trust's distribution procedures favor asbestos plaintiffs over such co-defendants in numerous respects, including:

(a) Requiring the Trust to keep confidential the identities of asbestos plaintiffs who assert claims against the Trust, despite the fact that proofs of claim in bankruptcy cases (as well as asbestos claims in state courts) are open to public inspection;

(b) Requiring the Trust to keep confidential all evidence submitted by asbestos plaintiffs to prove the Trust's liability;

(c) Requiring the Trust to permit asbestos plaintiffs to delay consideration of their claims indefinitely, effectively giving them an infinite statute of limitations;

(d) Omitting any provision analogous to impleader under which a co-defendant could force simultaneous adjudication of the Trust claim and the state court claim against the co-defendant;

(e) Omitting any provision preserving co-defendants' right to receive setoff for payments made by the Trust to a plaintiff, where co-defendants have such rights under state law;

(f) Omitting any provision preserving the procedural rights co-defendants may need under applicable state law to effectuate their right to receive setoff for payments made by the Trust to a plaintiff;

3088079

3

(g) Providing that evidence submitted by plaintiffs to the Trust to prove that W.R. Grace caused their injuries "is for the sole benefit of the [Trust], not . . . defendants in the tort system"; and

(h) Giving asbestos plaintiffs' attorneys, but not attorneys for W.R. Grace's co-defendants, a role in administering the Trust.

Did the bankruptcy court err in finding that identifying W.R. Grace in the channeling injunction is "fair and equitable" with respect to W.R. Grace's co-defendants?

4. Section 524(g) provides that the channeling injunction is enforceable against holders of demands against the debtor only if "the court appoints a legal representative for the purpose of protecting the rights of persons that might subsequently assert demands of such kind." The bankruptcy court appointed a representative for future plaintiffs, but did not appoint a representative for future co-defendants, and the representative for future plaintiffs accepted Trust distribution procedures that are prejudicial to co-defendants. Did the bankruptcy court err in confirming the Plan and entering the channeling injunction?

5. Alternatively, to the extent the bankruptcy court concluded that it had appointed a representative for future co-defendants, or that the representative for future plaintiffs also represented future co-defendants, did the bankruptcy court err?

6. Alternatively, to the extent the bankruptcy court appointed a representative for future co-defendants, did the bankruptcy court err in confirming the Plan and entering the channeling injunction because the representative for future plaintiffs failed to provide adequate representation for future co-defendants?

7. Garlock has been sued in thousands of asbestos cases with W.R. Grace and is a current and likely future co-defendant of W.R. Grace. Under the Plan, Garlock's contribution

claims against W.R. Grace are discharged and it is enjoined from pursuing its substantive and procedural rights against W.R. Grace at any time in the future. Did the bankruptcy court err in finding that Garlock lacked standing to object to confirmation of the Plan and entry of the channeling injunction?

8. In particular, did the bankruptcy court err in finding that Garlock lacked standing (a) to object that identifying W.R. Grace in the channeling injunction is not fair and equitable with respect to persons that might subsequently assert demands against W.R. Grace (including contribution demands), and (b) to object that the court appointed no legal representative for the purpose of protecting the rights of persons that might subsequently assert contribution demands against W.R. Grace?

9. Garlock filed its own bankruptcy petition on June 5, 2010, but has not yet confirmed a plan of reorganization. Did the bankruptcy court err in concluding that Garlock's objections to this Plan are moot as a result of its petition?

Dated: April 1, 2011

**MORRIS JAMES LLP**

_____
Brett D. Fallon (DE Bar No. 2480)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bfallon@morrisjames.com

-and-

Garland Cassada
Richard C. Worf
ROBINSON, BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-8135
E-mail: GCassada@rbh.com
        RWorf@rbh.com

*Attorneys for Garlock Sealing Technologies LLC*