**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139(JKF) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | Consolidated |
| GARLOCK SEALING TECHNOLOGIES, | ) | Civil Action No. 11-199 (RLB) |
| LLC, | ) | (Lead Case) |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |
| | ) | |
| BANK LENDER GROUP, | ) | |
| Appellant, | ) | Civil Action Nos. 11-201, 11-203 |
| | ) | (RLB) |
| v. | ) | |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF UNSECURED | ) | |
| CREDITORS OF W.R. GRACE & CO., *et al.*, | ) | Civil Action Nos. 11-200, 11-202 |
| Appellant, | ) | (RLB) |
| | ) | |
| v. | ) | |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

{672.001-W0013909.}

# JOINT STATEMENT OF
# OFFICIAL COMMITTEE OF UNSECURED CREDITORS
# AND BANK LENDER GROUP OF ISSUES TO BE PRESENTED ON APPEAL

The Official Committee of Unsecured Creditors (the "Committee") of W.R. Grace & Co. *et al.*, and certain lenders under the Prepetition Bank Credit Facilities[1] (the "Bank Lender Group," together with the Committee the "Appellants"),[2] by and through their respective undersigned counsel, in connection with their appeals[3] of (i) the Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law dated as of January 31, 2011 (the "Memorandum Opinion") [Bankr. Dkt. No. 26154], (ii) the Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010 (the "Joint Plan") dated as of January 31, 2011 (the

---

[1] The Prepetition Bank Credit Facilities include (i) that certain Credit Agreement, dated May 14, 1998, among the W.R. Grace & Co. (the "Company"), W.R. Grace & Co.-Conn, The Chase Manhattan Bank, as Administrative Agent, Chase Securities Inc., as arranger, and certain Banks party thereto (the "1998 Credit Agreement"), and (ii) that certain 364-Day Credit Agreement, dated May 5, 1999, among the Company, W.R. Grace & Co.-Conn, Bank of America National Trust Savings Assoc., as documentation agent, The Chase Manhattan Bank, as administrative agent, Chase Securities Inc., as book manager, and certain Banks party thereto (as amended, the "1999 Credit Agreement", together with the 1998 Credit Agreement, the "Credit Agreements"). The Credit Agreements are attached as Exs. A and B to the Affidavit of Charles O. Freedgood of JPMorgan Chase Bank, N.A., filed August 15, 2008 [Dkt No. 19322].

[2] The Bank Lender Group includes (i) Anchorage Advisors, LLC; (ii) Archer Capital Management, L.P.; (iii) Babson Capital Management LLC; (iv) Bank of America, N.A.; (v) Barclays Bank PLC; (vi) Bass Companies; (vii) Caspian Capital Advisors, LLC; (viii) Catalyst Investment Management Co., LLC; (ix) Farallon Capital Management LLC; (x) Halcyon Asset Management LLC; (xi) Intermarket Corp.; (xii) JP Morgan Chase, N.A. Credit Trading Group; (xiii) Loeb Partners Corporation; (xiv) MSD Capital, L.P.; (xv) Normandy Hill Capital, L.P.; (xvi) Onex Debt Opportunity Fund Ltd.; (xvii) P. Schoenfeld Asset Management, LLC; (xviii) Royal Bank of Scotland, PLC; (xix) Visium Asset Management, L.P.; and (xx) York Capital Management Global Advisors LLC. The Bank Lender Group, together with all holders of claims under the Credit Agreements, including the previous holders of such claims, are collectively referred to as the "Bank Lenders."

[3] The Committee and the Bank Lender Group each filed their notices of appeal to the Confirmation Decisions on February 14, 2011 [Bankr. Dkt. Nos. 26259, 26270]. The Committee filed a supplemental notice of appeal of the Confirmation Decisions on February 17, 2011 [Bankr. Dkt. No. 26316], to address the entry of the Clarifying Order, and the Bank Lender Group filed a supplemental notice of appeal, for the same reason, on February 18, 2011 [Bankr. Dkt. No. 26351].

2

"Recommended Findings and Conclusions") [Bankr. Dkt. No. 26155] and (iii) the Order Clarifying Memorandum Opinion And Order Confirming Joint Plan As Amended Through December 23, 2010, dated February 15, 2011 (the "Clarifying Order") [Bankr. Dkt. No. 26289], hereby file this Statement of Issues to be Presented to the United States District Court for the District of Delaware pursuant to Rule 8006 of Fed.R.Bankr.P.

The District Court has consolidated Appellants' aforementioned appeals (the "Confirmation Appeals")[4] with *Civ. Action No. 11-CV-199* by order dated March 10, 2011 [Dist. Ct. Dkt. No. 3] (the "Scheduling Order"), and with Appellants' appeals of the Bankruptcy Court's opinion and order dated May 19, 2009 [Bankr. Dkt. No. 21747] (the "May 2009 Decision")[5] by order dated March 28, 2011 [Dist. Ct. Dkt. No. 6].

On April 1, 2011, the Appellants and appellees, including the above-captioned debtors (the "Debtors"), to these appeals will submit a joint designation of items to be included on the record on appeal pursuant to the Scheduling Order.

## STATEMENT OF ISSUES ON APPEAL

1. The Bankruptcy Court erred in concluding that the Bank Lenders' claims and, accordingly, Class 9 (General Unsecured Claims),[6] are not impaired pursuant to Section 1124 of the Bankruptcy Code by the Joint Plan.

2. The Bankruptcy Court erred in concluding as a matter of law that for purposes of entitlement to post-petition interest, creditors are required to establish a debtor's solvency as a matter of fact where shareholders are retaining equity interests.

---

[4] Appellants' Confirmation Appeals are docketed with the District Court as *Civ. Action Nos. 11-CV-200, 11-CV-201, 11-CV-202, 11-CV-203*.

[5] Appellants' appeals of the May 2009 Decision are docketed with the District Court as *Civ. Action Nos. 09-CV-644* and *09-CV-807*.

[6] Capitalized terms not defined herein shall have the meaning ascribed to them in the Joint Plan.

3. The Bankruptcy Court erred in concluding that there was no basis in evidence or law to support a finding of the Debtors' solvency or lack thereof.

4. The Bankruptcy Court erred in concluding that the Bank Lenders are not entitled, as a matter of law or fact, to interest at the contractual default rate.

5. To the extent necessary for Appellants' Confirmation Appeals, by virtue of the Bankruptcy Court's reliance on the May 2009 Decision, the Bankruptcy Court erred in concluding that no defaults existed under the Credit Agreements by making the following erroneous findings:

   a. No evidence was presented to substantiate a default on the Bank Lenders' claims pursuant to the Credit Agreements;

   b. No default had occurred as a matter of fact, or could occur as a matter of law, that triggered the default rate under the Credit Agreements;

   c. The Debtors' bankruptcy filing *per se* is not a permissible basis for invoking the contract default interest rate under the Credit Agreements because Section 365(e) of the Bankruptcy Code prohibits enforcement of the provisions of the Credit Agreement providing for default interest upon a bankruptcy filing as an *ipso facto* clause; and

   d. The Bank Lender Group agrees that no prepetition interest is owed on the Bank Lenders' claims under the Credit Agreement.

6. The Bankruptcy Court erred in concluding that the Joint Plan does not violate the "absolute priority rule" of Section 1129(b) of the Bankruptcy Code where the Joint Plan provides for holders of equity interests to retain value before dissenting creditors have received payment in full, including payment of post-petition interest on creditors' allowed claims at the applicable contract rate.

7. The Bankruptcy Court erred in concluding that the Joint Plan is fair and equitable as to each and every creditor of the Debtors' estates and in all creditors' best interests.

8. The Bankruptcy Court erred in concluding that the Joint Plan complies with Sections 1129(a)(7)(A)(ii), 1129(b)(1) and 1129(b)(2)(B) of the Bankruptcy Code.

9. To the extent necessary for Appellants' Confirmation Appeals, by virtue of the Bankruptcy Court's reliance on the May 2009 Decision, the Bankruptcy Court erred in finding that under Section 726(a)(5) of the Bankruptcy Code, the "legal rate" is the federal judgment rate.

10. The Bankruptcy Court erred in concluding that the Committee may be dissolved under the Joint Plan on the Effective Date, notwithstanding pending litigation concerning, *inter alia*, whether the unsecured creditor class for which the Committee has a fiduciary duty to act, Class 9, is impaired pursuant to Section 1124 of the Bankruptcy Code by the Joint Plan.

Dated: Wilmington, DE
April 1, 2011

LANDIS RATH & COBB LLP

/s/ Richard S. Cobb
Richard Cobb (No. 3157)
James Green (No. 4406)
919 Market Street, Suite 1800
Post Office Box 2087
Wilmington, Delaware  19899
Telephone:  (302) 467-4400
Telecopier:  (302) 467-4450

-and-

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Stephen J. Shimshak
Andrew N. Rosenberg
1285 Avenue of the Americas

|  |  |
|---|---|
|  | New York, New York  10019-6064<br>Telephone:  (212) 373-3000<br>Telecopier:  (212) 757-3990 |
|  | Attorneys for The Bank Lender Group |
| Dated:  April 1, 2011 | DUANE MORRIS LLP |
|  | /s/ Michael R. Lastowski<br>Michael R. Lastowski (No. 3892)<br>Richard W. Riley (No. 4052)<br>William S. Katchen<br>222 Delaware Avenue, Suite 1600<br>Wilmington, Delaware 19801-1659<br>Tel: (302) 657-4942<br>Fax: (302) 657-4901 |
|  | -and- |
|  | STROOCK & STROOCK & LAVAN LLP<br>Lewis Kruger<br>Kenneth Pasquale<br>(Members of the Firm)<br>180 Maiden Lane<br>New York, New York  10038-4982<br>Tel: (212) 806-5400<br>Fax: (212) 806-6006 |
|  | Attorneys for the Official Committee of Unsecured Creditors |