UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

November 5, 2009
CCO-022

No. 08-4829

In Re: W.R. Grace & Co., et al., Debtors

Anderson Memorial Hospital, Appellant
(District of Delaware No. 08-mc-00118)

PRESENT: BARRY, FISHER and NYGAARD, Circuit Judges.

1. Clerk's submission for possible dismissal,

2. Motion by Appellee W.R. Grace & Co. to dismiss appeal,

3. Response by Appellant to Clerk's submission for possible dismissal,

4. Reply by Appellee to Appellant's response to motion to dismiss.

Tonya Wyche  267-299-4938
Case Manager

**O R D E R**

**A district court's determination that an action may not be maintained as a class action under Rule 23 is not a final decision within the meaning of 28 U.S.C. § 1291. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 464-65, 470 (1978) (reversing Court of Appeals and holding district court's determination that action may not be maintained as class action under Rule 23 is not final decision as order refusing to certify class "does not of its own force terminate the entire litigation because plaintiff is free to proceed on his individual claim"); Nelson v. County of Allegheny, 60 F.3d 1010, 1013 (3d Cir. 1995) (noting denial of class certification by federal court is interlocutory and not immediately appealable) (citing Coopers, 437 U.S. at 470). Moreover, the four factors to be considered when determining the finality of a bankruptcy court order weigh against a finding that the Bankruptcy Court order denying class certification should be final. See In re Blatstein, 192 F.3d 88, 94 (3d Cir. 1999) (factors include impact of order's consideration of merits of appeal upon assets of bankruptcy estate, the necessity for further fact-finding on remand, the preclusive effect of a decision on merits of future litigation and whether judicial economy would be furthered if jurisdiction was exercised). The Bankruptcy Court**

order is not reviewable under the collateral order doctrine.  See Coopers, 437 U.S. at 469 (applying collateral order doctrine and finding exception does not apply to order refusing to certify class).  Because the Bankruptcy Court's order was interlocutory, the District Court's decision whether to exercise jurisdiction to review the order denying class certification was discretionary.  See 28 U.S.C. 158(a)(3) (district court shall have jurisdiction to hear appeals "with leave of court, from other interlocutory orders and decrees" of the Bankruptcy Court).  This Court cannot review that discretionary decision.  See Commerce Bank v. Mountain View Vill., 5 F.3d 34, 36 (3d Cir. 1993) (although this Court has jurisdiction over final orders of the district court in appeals from final orders of bankruptcy judge, it does not have jurisdiction "over a district court's discretionary review of a bankruptcy judge's interlocutory order[].") (citations omitted); In re Brown, 916 F.2d 120, 124 (3d Cir. 1990) (noting that if order of bankruptcy court is affirmed on interlocutory appeal, subsequent appeal to court of appeals not permitted under 28 U.S.C. § 158(d)).  Accordingly, Appellee's W.R. Grace & Co.'s motion to dismiss the appeal is granted.

By the Court,

/s/Maryanne Trump Barry
Circuit Judge

**Dated:** December 14, 2009
tyw/cc:     Lisa G. Esayian, Esq.
        Christopher Landau, Esq.
        James E. O'Neill, III, Esq.
        Gregory L. Skidmore, Esq.
        Marion C. Fairey, Jr., Esq.
        Christopher D. Loizides, Esq.
        Daniel A. Speights, Esq.