IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Hearing Date: May 23, 2011, at 9:00 a.m. |
| ) | Objection Deadline: May 6, 2011 |

## SUBSTANTIVE OBJECTION TO CLAIM NO. 150, FILED BY THE ILLINOIS DEPARTMENT OF REVENUE

The Illinois Department of Revenue ("IDOR") has filed a claim asserting that the Debtors failed to pay applicable payroll taxes for tax years 1976 and 1984 through 1989.[2] Those dates are not a typographical error. IDOR has asserted claims for unpaid payroll taxes dating from more than 20 years to as many as 35 years ago. Applicable Illinois law bars such claims if IDOR fails to notify a taxpayer within three years of the proposed tax deficiency. On information and belief,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the IDOR Claim or the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594, 24657, 25881 & 26368 (the "Plan").

DOCS_DE:169327.1

IDOR never provided the Debtors with any notice of any of these proposed deficiencies for any of the tax years at issue—whether within the applicable period of limitations or otherwise—until it filed this bankruptcy claim.

The Debtors therefore request that the Court to disallow Claim No. 150 and enter an order substantially in the form attached hereto as Exhibit A (the "Order").

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion are sections 11 U.S.C. §§ 105(a) and 502, Fed. R. Bankr. P. 3001 and 3007, and Del. Bankr. L.R. 3007-1.

## BACKGROUND

3. The Petition Date in these chapter 11 cases is April 2, 2001.

4. On or about June 7, 2001, IDOR filed Claim no. 150 (the "IDOR Claim") for approximately $3,486,130 in unpaid withholding taxes, associated penalties and prepetition interest. A copy of the proof of claim is attached hereto as Exhibit B (the "IDOR POC"). The years in which IDOR asserts that Grace did not pay over payroll withholding taxes comprise tax year 1976 and tax years 1984 through 1989. There is no notice of deficiency for any of the years attached to the IDOR POC, nor is there any other documentation attached to the POC—other than a handwritten balance sheet—establishing that Grace owes any such payroll withholding taxes.

5. The Debtors have no record of having received any notices of deficiency for any of the tax years at issue. Moreover, the Debtors' books and records do not indicate that any of the payroll withholding taxes asserted in Claim no. 150 are due and payable.

2

**RELIEF REQUESTED**

6. Pursuant to section 502(b)(1) of the Bankruptcy Code and 35 ILCS 5/905 (2011), the Debtors request the Court enter the Order disallowing the IDOR Claim, a copy of which is attached hereto as <u>Exhibit C</u>, in its entirety.

**ANALYSIS**

7. Section 502(b)(1) provides that a claim may be disallowed when it is "unenforceable against the debtor and property of the debtor, under ... applicable law". In other words:

> the 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having 'generally left the determination of property rights in the assets of a bankrupt's estate to state law' ...

*Travelers Cas. & Sur. Co. of Am. v. PG&E*, 549 U.S. 443, 450-51 (U.S. 2007) (citations omitted).

8. Illinois law provides that:

> [i]n the case of returns required under Article 7 of ... [35 ILCS 5/701 et seq.] (with respect to any amounts withheld as tax or any amounts required to have been withheld as tax) a notice of deficiency *shall be issued not later than 3 years after the 15th day of the 4th month following the close of the calendar year in which such withholding was required.*

35 ILCS 5/905(j) (2011) (emphasis added). The statute bars IDOR from asserting claims for withholding taxes if it failed to timely issue any such notice of deficiency. 35 ILCS 5/905(a)(2) (2011).

9. The last day on which IDOR could have timely filed a notice of deficiency for tax year 1989 was April 15, 1993, approximately 18 years ago. IDOR would have had to have filed a notice of deficiency for tax year 1976 on or before April 15, 1980, approximately 31 years ago.

3

DOCS_DE:169327.1

10. The IDOR POC contains no evidence that any notice of deficiency was issued to the Debtors—whether timely or otherwise—for any of the tax years at issue in the IDOR Claim. The Debtors submit that the Court should therefore disallow IDOR's claim in entirety.

## RESERVATION

11. The Debtors hereby reserve the right to object in the future to the IDOR Claim on any ground, and to amend, modify and/or supplement this Objection, including, without limitation, to object to amended claims and newly-filed claims and to file all other objections relating to the IDOR Claim. Separate notice and hearing will be scheduled for any such objection.

## NO PREVIOUS MOTION

12. No previous motion for the relief sought herein has been made to this or any other court.

## NO BRIEFING SCHEDULE

13. The Debtors respectfully submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Del. Bankr. L.R. 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules

## NOTICE

14. Notice of this Motion has been given to: (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and

Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) IDOR. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Debtors respectfully request the Court enter the Order disallowing Claim no. 150 and granting such other relief as may be appropriate.

Dated: April 15, 2011

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Kathleen Makowski

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession