EXHIBIT C

**35 ILCS 5/905 (2011).  Limitations on Notices of Deficiency**



LEXSTAT 35 ILCS 5/905

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright © 2011 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACTS 96-1555, EXCEPT P.A. 96-1551 OF THE 2010
LEGISLATIVE SESSION ***
*** ANNOTATIONS CURRENT TO STATE CASES THROUGH FEBRUARY 2, 2011 ***

CHAPTER 35.  REVENUE
INCOME TAXES
ILLINOIS INCOME TAX ACT
ARTICLE 9.  PROCEDURE AND ADMINISTRATION

**GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY**

*35 ILCS 5/905*  (2011)

[Prior to 1/1/93 cited as: Ill. Rev. Stat., Ch. 120, para. 9-905]

§ 35 ILCS 5/905.  Limitations on Notices of Deficiency

Sec. 905. Limitations on Notices of Deficiency. (a) In general. Except as otherwise provided in this Act:

(1) A notice of deficiency shall be issued not later than 3 years after the date the return was filed, and

(2) No deficiency shall be assessed or collected with respect to the year for which the return was filed unless such notice is issued within such period.

(b) Substantial omission of items.

(1) Omission of more than 25% of income. If the taxpayer omits from base income an amount properly includible therein which is in excess of 25% of the amount of base income stated in the return, a notice of deficiency may be issued not later than 6 years after the return was filed. For purposes of this paragraph, there shall not be taken into account any amount which is omitted in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Department of the nature and the amount of such item.

(2) Reportable transactions. If a taxpayer fails to include on any return or statement for any taxable year any information with respect to a reportable transaction, as required under Section 501(b) of this Act [*35 ILCS 5/501*], a notice of deficiency may be issued not later than 6 years after the return is filed with respect to the taxable year in which the taxpayer participated in the reportable transaction and said deficiency is limited to the non-disclosed item.

(c) *No return or fraudulent return.* If no return is filed or a false and fraudulent return is filed with intent to evade the tax imposed by this Act, a notice of deficiency may be issued at any time.

(d) *Failure to report federal change.* If a taxpayer fails to notify the Department in any case where notification is required by Section 304(c) or 506(b) [*35 ILCS 5/304* or *35 ILCS 5/506*], or fails to report a change or correction which is treated in the same manner as if it were a deficiency for federal income tax purposes, a notice of deficiency may be issued (i) at any time or (ii) on or after August 13, 1999, at any time for the taxable year for which the notification is required or for any taxable year to which the taxpayer may carry an Article 2 [*35 ILCS 5/201* et seq.]

credit, or a Section 207 [*35 ILCS 5/207*] loss, earned, incurred, or used in the year for which the notification is required; provided, however, that the amount of any proposed assessment set forth in the notice shall be limited to the amount of any deficiency resulting under this Act [*P.A. 91-541*] from the recomputation of the taxpayer's net income, Article 2 [*35 ILCS 5/201* et seq.] credits, or Section 207 [*35 ILCS 5/207*] loss earned, incurred, or used in the taxable year for which the notification is required after giving effect to the item or items required to be reported.

(e) Report of federal change.

(1) Before August 13, 1999, in any case where notification of an alteration is given as required by Section 506(b) [*35 ILCS 5/506*], a notice of deficiency may be issued at any time within 2 years after the date such notification is given, provided, however, that the amount of any proposed assessment set forth in such notice shall be limited to the amount of any deficiency resulting under this Act from recomputation of the taxpayer's net income, net loss, or Article 2 [*35 ILCS 5/201* et seq.] credits for the taxable year after giving effect to the item or items reflected in the reported alteration.

(2) On and after August 13, 1999, in any case where notification of an alteration is given as required by Section 506(b) [*35 ILCS 5/506*], a notice of deficiency may be issued at any time within 2 years after the date such notification is given for the taxable year for which the notification is given or for any taxable year to which the taxpayer may carry an Article 2 [*35 ILCS 5/201* et seq.] credit, or a Section 207 [*35 ILCS 5/207*] loss, earned, incurred, or used in the year for which the notification is given, provided, however, that the amount of any proposed assessment set forth in such notice shall be limited to the amount of any deficiency resulting under this Act [*P.A. 91-541*] from recomputation of the taxpayer's net income, Article 2 credits, or Section 207 [*35 ILCS 5/207*] loss earned, incurred, or used in the taxable year for which the notification is given after giving effect to the item or items reflected in the reported alteration.

(f) *Extension by agreement.* Where, before the expiration of the time prescribed in this section for the issuance of a notice of deficiency, both the Department and the taxpayer shall have consented in writing to its issuance after such time, such notice may be issued at any time prior to the expiration of the period agreed upon. In the case of a taxpayer who is a partnership, Subchapter S corporation, or trust and who enters into an agreement with the Department pursuant to this subsection on or after January 1, 2003, a notice of deficiency may be issued to the partners, shareholders, or beneficiaries of the taxpayer at any time prior to the expiration of the period agreed upon. Any proposed assessment set forth in the notice, however, shall be limited to the amount of any deficiency resulting under this Act from recomputation of items of income, deduction, credits, or other amounts of the taxpayer that are taken into account by the partner, shareholder, or beneficiary in computing its liability under this Act. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

(g) *Erroneous refunds.* In any case in which there has been an erroneous refund of tax payable under this Act, a notice of deficiency may be issued at any time within 2 years from the making of such refund, or within 5 years from the making of such refund if it appears that any part of the refund was induced by fraud or the misrepresentation of a material fact, provided, however, that the amount of any proposed assessment set forth in such notice shall be limited to the amount of such erroneous refund.

Beginning July 1, 1993, in any case in which there has been a refund of tax payable under this Act attributable to a net loss carryback as provided for in Section 207 [*35 ILCS 5/207*], and that refund is subsequently determined to be an erroneous refund due to a reduction in the amount of the net loss which was originally carried back, a notice of deficiency for the erroneous refund may be issued at any time during the same time period in which a notice of deficiency can be issued on the loss year creating the carryback amount and subsequent erroneous refund. The amount of any proposed assessment set forth in the notice shall be limited to the amount of such erroneous refund.

(h) *Time return deemed filed.* For purposes of this Section a tax return filed before the last day prescribed by law (including any extension thereof) shall be deemed to have been filed on such last day.

(i) *Request for prompt determination of liability.* For purposes of subsection (a)(1), in the case of a tax return required under this Act in respect of a decedent, or by his estate during the period of administration, or by a corporation, the period referred to in such subsection shall be 18 months after a written request for prompt determination of liability is filed with the Department (at such time and in such form and manner as the Department shall by regulations prescribe) by the executor, administrator, or other fiduciary representing the estate of such decedent, or by such corporation, but not more than 3 years after the date the return was filed. This Subsection shall not apply in the case of a corporation unless:

(1)(A) such written request notifies the Department that the corporation contemplates dissolution at or before the expiration of such 18-month period, (B) the dissolution is begun in good faith before the expiration of such 18-month period, and (C) the dissolution is completed;

(2)(A) such written request notifies the Department that a dissolution has in good faith been begun, and (B) the dissolution is completed; or

(3) a dissolution has been completed at the time such written request is made.

(j) *Withholding tax.* In the case of returns required under Article 7 of this Act [*35 ILCS 5/701* et seq.] (with respect to any amounts withheld as tax or any amounts required to have been withheld as tax) a notice of deficiency shall be issued not later than 3 years after the 15th day of the 4th month following the close of the calendar year in which such withholding was required.

(k) *Penalties for failure to make information reports.* A notice of deficiency for the penalties provided by Subsection 1405.1(c) of this Act [*35 ILCS 5/1405.1*] may not be issued more than 3 years after the due date of the reports with respect to which the penalties are asserted.

(l) *Penalty for failure to file withholding returns.* A notice of deficiency for penalties provided by Section 1004 of this Act [*35 ILCS 5/1004*] for taxpayer's failure to file withholding returns may not be issued more than three years after the 15th day of the 4th month following the close of the calendar year in which the withholding giving rise to taxpayer's obligation to file those returns occurred.

(m) *Transferee liability.* A notice of deficiency may be issued to a transferee relative to a liability asserted under Section 1405 [*35 ILCS 5/1405*] during time periods defined as follows:

1) *Initial Transferee.* In the case of the liability of an initial transferee, up to 2 years after the expiration of the period of limitation for assessment against the transferor, except that if a court proceeding for review of the assessment against the transferor has begun, then up to 2 years after the return of the certified copy of the judgment in the court proceeding.

2) *Transferee of Transferee.* In the case of the liability of a transferee, up to 2 years after the expiration of the period of limitation for assessment against the preceding transferee, but not more than 3 years after the expiration of the period of limitation for assessment against the initial transferor; except that if, before the expiration of the period of limitation for the assessment of the liability of the transferee, a court proceeding for the collection of the tax or liability in respect thereof has been begun against the initial transferor or the last preceding transferee, as the case may be, then the period of limitation for assessment of the liability of the transferee shall expire 2 years after the return of the certified copy of the judgment in the court proceeding.

(n) Notice of decrease in net loss. On and after August 23, 2002, no notice of deficiency shall be issued as the result of a decrease determined by the Department in the net loss incurred by a taxpayer in any taxable year ending prior to December 31, 2002 under Section 207 of this Act [*35 ILCS 5/207*] unless the Department has notified the taxpayer of the proposed decrease within 3 years after the return reporting the loss was filed or within one year after an amended return reporting an increase in the loss was filed, provided that in the case of an amended return, a decrease proposed by the Department more than 3 years after the original return was filed may not exceed the increase claimed by the taxpayer on the original return.

**HISTORY:** Source: P.A. 86-905; 88-195, § 5; 90-491, § 15; 91-541, § 5; 92-846, § 5; 93-840, § 35-90; 94-836, § 5-5.

**NOTES:**
NOTE.
This section was Ill.Rev.Stat., Ch. 120, para. 9-905.

EFFECT OF AMENDMENTS.
The 1999 amendment by P.A. 91-541, effective August 13, 1999, in subsection (d) inserted the item "(i)" designation, inserted the language beginning "or (ii) on or after the effective date" and ending "items required to be reported"; inserted "(1) Before the effective date of this amendatory Act of the 91st General Assembly" in the first paragraph in subsection (e); and added subsection (e)(2).

DOCS_DE:169327.1

The 2002 amendment by P.A. 92-846, effective August 23, 2002, substituted "August 13, 1999" for "the effective date of this amendatory Act of the 91st General Assembly" throughout the section; added the last two sentences in subsection (f); and added subsection (n).

The 2004 amendment by P.A. 93-840, effective July 30, 2004, inserted the subsection (b) and (b)(1) designations and subsection heading, and inserted subsection (b)(2).

The 2006 amendment by P.A. 94-836, effective June 6, 2006, in (n) added "in any taxable year ending prior to December 31, 2002" and made a stylistic change.

**LexisNexis Practice Insights**


**LexisNexis 50 State Surveys, Legislation & Regulations**

   Income Taxes

CASE NOTES

ANALYSIS
Applicability
Burden of Proof
--Filing of Returns
Effect of Federal Changes
Evidence
--Sufficiency
Extension of Time
Unitary Method

APPLICABILITY

   In order to come within the penumbra of subsection (c) of this section, the state must allege and prove that returns for withholding tax were not filed for the years in question, since the filing of returns would make subsection (j) of this section applicable. *Mitchell v. Department of Revenue, 230 Ill. App. 3d 795, 172 Ill. Dec. 752, 596 N.E.2d 31* (1 Dist. 1992).

   By its express terms, subsection (j) of this section applies only to those withholding tax situations where returns have actually been filed. *Mitchell v. Department of Revenue, 230 Ill. App. 3d 795, 172 Ill. Dec. 752, 596 N.E.2d 31* (1 Dist. 1992).

BURDEN OF PROOF

--FILING OF RETURNS

   Where the Department of Revenue made no attempt to check its records to determine whether returns were filed, it did not carry its burden in showing that returns were not filed. *Mitchell v. Department of Revenue, 230 Ill. App. 3d 795, 172 Ill. Dec. 752, 596 N.E.2d 31* (1 Dist. 1992).

EFFECT OF FEDERAL CHANGES

   Where the unitary method of apportionment was not related to the federal changes involved, the Department of Revenue could not, under subsection (d) of this section, utilize the unitary method of apportionment as a basis for declaring a deficiency as to plaintiffs' 1969 taxes. *Caterpillar Tractor Co. v. Lenckos, 77 Ill. App. 3d 90, 32 Ill. Dec. 786, 395 N.E.2d 1167* (3 Dist. 1979), aff'd, *84 Ill. 2d 102, 49 Ill. Dec. 329, 417 N.E.2d 1343 (1981)*, appeal dismissed, *463 U.S. 1220, 103 S. Ct. 3562, 77 L. Ed. 2d 1402 (1983)*.

EVIDENCE

--SUFFICIENCY

   The finding that defendant did not file returns for 1981 and 1982 was not just and reasonable in light of the evidence presented where the evidence presented was merely the investigator's "recollection" that those returns were not filed; there was no evidence introduced to establish that the returns were not filed, nor even any testimony that a

search had been made for the 1981 and 1982 returns, and there was no indication in the record of the basis of the investigator's recollection. *Mitchell v. Department of Revenue, 230 Ill. App. 3d 795, 172 Ill. Dec. 752, 596 N.E.2d 31* (1 Dist. 1992).

EXTENSION OF TIME

   When the Department of Revenue failed to mail plaintiff an executed duplicate of the extension agreement, the period in which the Department of Revenue could issue a notice of deficiency was properly extended and the notice was issued on a timely basis because there was a clear meeting of the minds. *Filtertek, Inc. v. Department of Revenue, 186 Ill. App. 3d 208, 133 Ill. Dec. 947, 541 N.E.2d 1385* (2 Dist. 1989).

UNITARY METHOD

   Even though this section bars the assessment and collection of additional taxes, payments already received may be retained to the extent those funds do not exceed the amount which might have been assessed and demanded. As a result, the unitary method of apportionment must be applied to taxable year 1969 in order to determine to what extent overpayments were made, thereby computing the amount refundable. *Caterpillar Tractor Co. v. Lenckos, 77 Ill. App. 3d 90, 32 Ill. Dec. 786, 395 N.E.2d 1167* (3 Dist. 1979), aff'd, *84 Ill. 2d 102, 49 Ill. Dec. 329, 417 N.E.2d 1343 (1981),* appeal dismissed, *463 U.S. 1220, 103 S. Ct. 3562, 77 L. Ed. 2d 1402 (1983).*

PRACTICE GUIDES AND TREATISES

   Trust Administration 2005 Edition § 4.29 Illinois Income Tax (IICLE)
   Estate Administration (Illinois) § 8.62 Computing Illinois Net Income (IICLE)