## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., *et al.*,**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |
| | ) | Objection Deadline: May 6, 2011 at 4:00 p.m. |
| | ) | Hearing Date: May 23, 2011 at 9:00 a.m. |

## MOTION FOR ORDER APPROVING THE CANADIAN
## ZAI PROPERTY DAMAGE CLAIMS ADMINISTRATOR

COMES NOW, Lauzon Bélanger Lespérance[2] and Scarfone Hawkins LLP as

Representative Counsel ("Representative Counsel") to Canadian Zonolite Attic Insulation

("ZAI") Claimants ("Canadian ZAI Claimants"), and hereby moves this Court for an Order

approving the proposed Canadian ZAI Property Damage Claims Administrator, Collectiva Class

Action Services Inc. ("Collectiva") as the claims administrator for the Canadian ZAI property

damage claims fund ("CDN ZAI PD Claims Fund" or the "Fund"), to be established pursuant to

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] On January 18, 2010, Lauzon Bélanger changed its name to Lauzon Bélanger Lespérance.

the terms of the Canadian ZAI Minutes of Settlement, as herein defined.  In support of this Application, Representative Counsel respectfully represents as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      The Plan Proponents filed their First Amended Joint Plan of Reorganization on February 27, 2009 ("Joint Plan")[Docket No. 20872].

3.      The Court entered an Order on January 31, 2011, Confirming the First Amended Joint Plan of Reorganization as Modified Through December 23, 2010, and Recommending that the District Court Enter an Order  Issuing and Affirming this Order and Adopting Findings of Fact and Conclusions of Law ( the "Confirmation Order")[Docket 26155] and the Memorandum Opinion Regarding Objections to Confirmation of the First Amended Joint Plan of Reorganization and Supplemental Findings of Fact and Conclusions of Law ("Memorandum Opinion") [Docket No. 26154].

4.      On February 15, 2011, the Court entered an Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010 [Docket Number 26289].

5.      The Court has retained jurisdiction post-confirmation pursuant to Article X of the Joint Plan.

## BACKGROUND

6.      ZAI was utilized in Canadian home building and renovations during the approximate period of time between 1940 and the 1980s. Certain affiliates of the U.S. Debtors manufactured and distributed ZAI for use in Canadian homes.

7.    Canadian ZAI homeowners allege that they suffer from a range of alleged injuries. These include diminution in property values, the costs of asbestos abatement, the financial burden of removing asbestos-contaminated ZAI and refitting homes, and loss of use and enjoyment of their homes due to limitations on remodeling and restrictions on use of areas contaminated with ZAI.

8.    On April 2, 2001, U.S. Debtors filed voluntary petitions for protection under Chapter 11 of the United States Bankruptcy Code (The "U.S. Proceedings") and were granted a temporary restraining order by this Court providing for certain injunctive relief in favor of the U.S. Debtors as well as certain other third parties (the "Affiliated Entities").

9.    Two days later Grace Canada, Inc. ("Grace Canada"), a Canadian affiliated entity of U.S. Debtors, was granted an order (the "Initial CCAA order") pursuant to Section 18.6(4) of the Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice which provided for a stay of proceedings against the commencement or continuation of any asbestos-related suits against Grace Canada.

10.    The Debtors have continued operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

11.    Numerous proposed class actions were commenced in Canada against certain of the U.S. Debtors, Grace Canada, Affiliated Entities and other parties including the Attorney General of Canada (Her Majesty the Queen in Right of Canada) (the "Crown"). These actions assert claims for damages or loss suffered, directly or indirectly, from the manufacture, sale or distribution of ZAI in Canada.

12.    There were eleven proposed class actions (the "Proposed Class Actions") filed across Canada concerning claims that relate, *inter alia*, to the cost of removal, diminution of

property value or economic loss allegedly caused by ZAI manufactured by the Debtors' affiliates and personal injuries allegedly caused by exposure to ZAI. W.R. Grace and/or its affiliated companies are co-defendants together with the Crown in all but the first of these proposed class actions, as follows:

      a.   *Viviane Brosseau et al. v. Attorney General of Canada*, Superior Court of Quebec, District of Montréal, 500-06-000286-050 (no claim against the Grace companies);

      b.   *Dextras et al. v. Attorney General of Canada, W.R. Grace & Co. et. al.*, Superior Court of Quebec, District of Montréal, 500-06-000258-042;

      c.   *Raven Thundersky et Rebecca Bruce v. Attorney General of Canada, W.R. Grace & Co.*, Court of Queen's Bench of Manitoba, CI04-01-39818;

      d.   *Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al.*, Federal Court, Saskatchewan, T-1503-05;

      e.   *Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al.*, Court of Queen's Bench of Saskatchewan, 696-2005;

      f.   *Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al.*, Court of Queen's Bench of Alberta, 0501-07100;

      g.   *Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al.*, Supreme Court of British Colombia, L-052352;

      h.   *Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al.*, Province of Quebec, District of Hull, 550-06-000020-058;

    i.   *Ernest Spencer et al. v. Attorney General of Canada, W.R. Grace & Co. et al.*, Court of Queen's Bench of Manitoba, C1-05-01-44628;

    j.   *Ernest Spencer et al. v. Attorney General of Canada, W.R. Grace & Co. et al.*, Ontario Superior Court of Justice, 5-CV-32367; and

    k.   *Her Majesty in Right of the Province of Manitoba v. Attorney General of Canada, W.R. Grace & Co et al.,* Court of Queen's Bench of Manitoba, C1-05-01-41069.

13.    The Proposed Class Actions were prosecuted by separate class action law firms located throughout Canada including Lauzon Bélanger Lespérance, the Merchant Law Group and the Aikins MacAulay firm.

14.    On November 14, 2005, as the result of the Proposed Class Actions commenced in Canada against certain of the U.S. Debtors, Grace Canada, Affiliated Entities and other parties, including the Crown, the CCAA Court granted an order recognizing the injunctive relief provided for by this Court and giving effect to it in Canada, thereby implementing a limited stay of proceedings with respect to the Crown. See copy of Order for Injunctive Relief attached as **Exhibit A.**

15.    On November 14, 2005, the CCAA Court also considered a request for an extension of the stay contained in the initial order in light of the Proposed Class Actions. The Honorable Justice Farley indicated that cooperation and coordination between the CCAA Court and the Court was needed, that there had been recognition in the U.S. Bankruptcy Court that Canadian proceedings would be governed by Canadian substantive law, and that the insolvency adjudicative proceedings presented an efficient process, but that the extension of the stay would

not affect the ability of the Plaintiffs in the Proposed Class Actions from returning to the CCAA
Court if they felt there was "foot dragging or other elements of prejudice."  Order for Injunctive
Relief, 3 n.13 (Nov. 14, 2005).

16.    In January 2006, Grace Canada made application to the CCAA Court for the
appointment of two law firms, Lauzon Bélanger Lespérance and Scarfone Hawkins LLP, as
Representative Counsel in the CCAA Court proceedings on behalf of all Canadian ZAI
Claimants.

17.    On February 9, 2006, the CCAA Court entered an Order appointing Lauzon
Bélanger Lespérance and Scarfone Hawkins LLP as Representative Counsel, and declaring that
Representative Counsel shall have the power, among others, to appear or have an agent appear
before the U.S. Court in the context of the Debtors Chapter 11 cases, and to negotiate on behalf
of the Canadian ZAI Claimants with Grace Canada, the Debtors, and The Crown. See copy of
Order for Appointment of Representative Counsel attached as **Exhibit B**.

18.    Since its appointment by the CCAA Court in 2006, Representative Counsel have
engaged in extensive negotiations with Grace Canada, representatives of the U.S. Debtors, and
the Crown, in an attempt to fashion a comprehensive resolution of all Canadian ZAI personal
injury claims ("Canadian ZAI PI Claims") and property damage claims ("Canadian ZAI PD
Claims").

19.    Representative Counsel has actively monitored these proceedings since their
appointment by the CCAA Court in an effort to advance the interests of Canadian ZAI PI and PD
Claimants.  Representative Counsel filed a motion with the CCAA seeking instruction from that
court on the issues of development of a Canadian litigation procedure to deal with claims
advanced by Canadian ZAI Claimants consistent with the Debtors' first proposed plan of

reorganization. The motion also sought directions from the CCAA as to the effect of the Science Trial memorandum opinion on Canadian ZAI Claimants. The motion raised notice issues with the CCAA and affirmatively sought documentary discovery of records and information in the possession and control of the Crown for the purpose of aiding and enhancing a direct notice program.

20.     Representative Counsels' support of the Plan is a critical element of the Amended Minutes of Settlement. Without Representative Counsels' involvement and support for the development of the Plan, the confirmation process would be further delayed by a prolonged battle concerning the estimation and valuation of these claims. To avoid a longer delay in the Debtors' emergence from bankruptcy, a delay in distributions to creditors and equity holders and significant additional administrative costs, Representative Counsel worked with Grace Canada and other constituencies to create and negotiate a plan that contained a separate class for Canadian ZAI PD Claims.

21.     After ten years in bankruptcy, numerous iterations of a reorganization plan, and significant litigation, Representative Counsel, in tandem with Grace Canada, the U.S. Debtors, and the Affiliated Entities, worked tirelessly to negotiate a global Canadian ZAI claims settlement. Representative Counsel was intimately involved in the development and drafting of many of the key documents which led to the creation of a separate class of Canadian ZAI PD Claims within the Debtors' Joint Plan. Representative Counsels' support for the Joint Plan and Representative Counsels' diplomatic negotiations through this case substantially assisted the Debtors' reorganization process.

22.     To support Debtors' Joint Plan, the Representative Counsel, on behalf of the Canadian ZAI Claimants, agreed to be bound by the terms of the Minutes of Settlement which

7

includes a full and final resolution of all claims against the Grace Canada Parties recognizing that a fully consensual resolution would provide the most fruitful outcome for the Canadian ZAI Claimants.

23.     The Honorable Justice Morawetz, of the CCAA Court, released an Endorsement approving The Minutes of Settlement and confirming, in Paragraph 79, that "Counsel to Grace also submitted that Representative Counsel have been continuously active and diligent in both the U.S. and Canadian proceedings and Grace is of the view that it is appropriate that a portion of the funds paid under the settlement go towards compensation of Representative Counsels' fees." Endorsement, 10 n.79 (Oct. 17, 2008).  A true and correct copy of the Endorsement is attached hereto as **Exhibit C**[3].

24.     On November 1, 2009, the original Minutes of Settlement became null and void, in accordance with the terms thereof which provided, inter alia, that the Joint Plan had to be confirmed by October 31, 2009.

25.     On or about November 16, 2009, the Debtors and Representative Counsel acknowledged and agreed to the Amended Minutes of Settlement.

26.     The CCAA Court endorsed the Amended Minutes of Settlement on December 13, 2009.  The Honorable Justice Morawetz found that the Amended Minutes of Settlement are "both fair and reasonable". Reasoning of Justice Morawetz, 6 n.23 (Jan. 8, 2010)[4].

---

[3] Paragraph 79 of Morawetz's Reasons for Decision is noteworthy in that it was Grace's submissions that persuaded Morawetz to approve the payments to Representative Counsel, the claims administrator and qualified expert to assist in the claims process totally approximately CDN$3,250,000.00.

[4] On January 19, 2011 the Plan Proponents filed a Notice of Amendment to the Amended CDN ZAI Minutes of Settlement and Definition 69 to the First Amended Joint Plan of Reorganization [Docket No. 26087]. The Joint Plan was thus changed in two respects:  definition 90 in the Joint Plan now includes a reference to the Amendment to the Amended and Restated Minutes of Settlement, and the Amended and Restated Canadian ZAI Minutes of Settlement has been added to the Joint Plan as Exhibit 35.

27.     On or about January 11, 2011, the Debtors and Representative Counsel acknowledged and agreed to the Amendment to the Amended and Restated Minutes of Settlement ("Amendment to Amended Minutes of Settlement").  The Amendment to Amended Minutes of Settlement is attached hereto as **Exhibit D**.

28.     On or about April 8, 2011, the Honorable Justice Morawetz, of the CCAA Court, endorsed the Confirmation Order made January 31, 2011, as clarified by the Order made February 15, 2011, by the Honorable Judge Fitzgerald.  The Honorable Justice Morawetz ordered that the Confirmation Order "be and is hereby recognized and given full effect to in all provinces and territories of Canada in accordance with its terms, and all persons subject to the jurisdiction of this Court shall be so bound."   The Honorable Justice Morawetz's Order and Endorsement is attached as **Exhibit E**.

## RELIEF REQUESTED

29.     Pursuant to the terms of the Joint Plan, the Confirmation Order, the Memorandum Opinion and the terms of the Amended Minutes of Settlement, Representative Counsel seeks an order approving the proposed Canadian ZAI Property Damage Claims Administrator, Collectiva as the claims administrator for the CDN ZAI PD Claims Fund, as established pursuant to the terms of the Amended Minutes of Settlement.

30.     According to the defined terms of the Amended Minutes of Settlement, the "Claims Administrator" is defined as "a person appointed by CCAA Representative Counsel and approved by the U.S. Court to administer the Fund in accordance with this Settlement and any subsequent Fund administration agreement or other related document."

31.     Paragraph 22.(c) of the Amended Minutes of Settlement further provides that the CDN ZAI PD Claims Fund shall "be authorized to pay a Claims Administrator up to eight hundred fifty thousand Canadian dollars (CDN $850,000) for fees and disbursements incurred for the purpose of administering the CDN ZAI PD Claims Procedure and the Fund."

32.     Pursuant to Article I. B. 1 of the Confirmation Order , the Joint Plan and each of its provisions (whether or not specifically approved herein) and all exhibits and schedules thereto as amended to the date hereof are confirmed in each and every respect, pursuant to §1129 of the Bankruptcy Code.

33.     Pursuant to Article IX of the Confirmation Order and §§105(a), 524(a), 1141(d), and 1142 of the Bankruptcy Code, the Bankruptcy Court shall retain and shall have exclusive jurisdiction over any matter (i) arising under the Bankruptcy Code, and (ii) arising in or related to the Chapter 11 Cases or the Plan documents (including the Amended and Restated Canadian ZAI Minutes of Settlement Plan Documents).

34.     At the time of confirmation, the proposed Canadian ZAI Property Damage Claims Administrator had not yet been selected.

35.     On the Effective Date, pursuant to the terms of the Confirmation Order, the CDN ZAI PD Claims Fund Trust will be created pursuant to the Joint Plan and in accordance with the Joint Plan documents.

36.     In order to prepare for the creation and funding of the CDN ZAI PD Claims Fund, Representative Counsel considered and made contact with various Canadian claims administration entities.  After much deliberation, Representative Counsel selected Collectiva as the proposed claims administrator for the CDN ZAI PD Claims Fund.  Collectiva has previously been utilized by Representative Counsel in this case in connection with the notice and claims

process established pursuant to the Debtors' Motion for An Order (A) Establishing a Proof of Claim Bar Date for Zonolite Attic Insulation Claims and (B) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program [Docket No. 18731].

37.    On or about September 26, 2006, Collectiva was incorporated via the initiative of certain lawyers of the law firm of Lauzon Bélanger Lespérance.  Collectiva was incorporated to offer class action administration services to Lauzon Bélanger Lespérance, to other law firms, and to government ministries, with the goal of offering class action management services to plaintiff and defendant law firms to allow them to preserve their independence and exposure as well as the control of their files.

38.    Collectiva makes it a point to ensure and guarantee to its clients, complete confidentiality and the absence of communication between its employees and those of Lauzon Bélanger Lespérance. The solicitation of new mandates by its clientele is testimony to this guaranteed autonomy.

39.    Furthermore, Collectiva is capable of providing claims administration services in English and in French, Canada's two official languages, which is a vital consideration in selection of a claims administrator in a national case.  Collectiva's current promotional materials demonstrate the range of experience its team offers to ensure a smooth and cost effective administration process.  See Collectiva's Promotional Brochure attached as **Exhibit F.**

40.    For complete transparency, Representative Counsel discloses that certain shareholders of Collectiva are also members of the law firm of Lauzon Bélanger Lespérance.  No agreement or understanding exists between Collectiva and Lauzon Bélanger Lespérance, or any other person or entity, for the sharing of any compensation to be received for professional services rendered or to be provided in connection with these cases.

11

41.     Representative Counsel seeks authority to make payment of customary fees at rates to Collectiva which are comparable to those charged by claims administrators of similar expertise in their respective relevant market, as indicated by Paragraph 22.(c) of the Amended Minutes of Settlement which states that the CDN ZAI PD Claims Fund shall "be authorized to pay a claims administrator up to eight hundred fifty thousand Canadian dollars (CDN $850,000) for fees and disbursements incurred for the purpose of administering the CDN ZAI PD Claims Procedure and the Fund."

42.     Accordingly, this Court should approve the proposed Canadian ZAI Property Damage Claims Administrator, Collectiva Class Action Services Inc. as the claims administrator for the CDN ZAI PD Claims Fund, to be established pursuant to the terms of the Canadian ZAI Minutes of Settlement and as contained in the Confirmation Order.

## CONCLUSION

WHEREFORE, Representative Counsel, on behalf of Canadian ZAI Claimants, respectfully request that this Court (i) enter an order, in a form substantially similar to the one attached hereto, granting this Application, approving Collectiva as the claims administrator for the CDN ZAI PD Claims Fund; and (ii) grant such other and further relief as the Court deems just and proper.

Dated: April 18, 2011                        /s/Daniel K. Hogan
                                             Daniel K. Hogan (DE Bar No. 2814)
                                             **THE HOGAN FIRM**
                                             1311 Delaware Avenue
                                             Wilmington, Delaware 19806
                                             Telephone: (302) 656.7540
                                             Facsimile: (302) 656.7599
                                             E-Mail: dkhogan@dkhogan.com

                              -and-

**LAUZON BÉLANGER LESPERANCE, INC.**
Yves Lauzon
Michel Bélanger
286, rue St-Paul Quest, Bureau 100
Montreal Quebec
Telephone: (514) 844-4646
ylauzon@lauzonBélanger.qc.ca
mBélanger@lauzonBélanger.qc.ca

**SCARFONE HAWKINS LLP**
Matthew G. Moloci
David Thompson
One James Street South, 14th Floor
P.O. Box 926, Depot 1
Hamilton, Ontario
Canada L8N 3P9
Telephone: (905) 523-1333
moloci@shlaw.ca
thompson@shlaw.ca