# EXHIBIT E

Court File No. 01-CL-4081

## ONTARIO
## SUPERIOR COURT OF JUSTICE
## (COMMERCIAL LIST)

| | | |
|---|---|---|
| THE HONOURABLE | ) | FRIDAY, THE 8th DAY |
| JUSTICE MORAWETZ | ) ) | OF APRIL, 2011 |

IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF GRACE CANADA, INC.

Applicant

### ORDER

**THIS MOTION** made by Grace Canada, Inc. (hereinafter referred to as the "Applicant") for, among other things, an Order recognizing and giving effect to in Canada the Order made January 31, 2011, as clarified by Order made February 15, 2011 (the "Confirmation Order") by the Honourable Judge Fitzgerald of the United States Bankruptcy Court in the State of Delaware providing for, *inter alia,* confirmation of the First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., *et al.,* the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as modified through December 23, 2010 (as it may be further modified hereafter in accordance with its terms, the Confirmation Order, and the United States Bankruptcy Code, the "Plan"), and for certain other relief, was heard this day at 330 University Avenue, Toronto, Ontario.

DOCSTOR: 2106441\5

- 2 -

ON READING the Applicant's Motion Record and upon hearing the submissions of counsel for the Applicant, and other parties whose names appear on the counsel slip, no one appearing for the other parties served with the Applicant's Motion Record:

## DEFINITIONS

1.     **THIS COURT ORDERS** that any capitalized terms not otherwise defined in this Order shall have the meanings ascribed to such terms in the Plan.

## SERVICE

2.     **THIS COURT ORDERS** that the time for service of the Notice of Motion and the Motion Record is hereby abridged so that this motion is properly returnable today and further service thereof is dispensed with.

## RECOGNITION AND APPROVAL OF THE CONFIRMATION ORDER

3.     **THIS COURT ORDERS** that the Confirmation Order, attached as Exhibit "B" to the 36th Report of the Information Officer dated March 30, 2011 (the "36th Report"), be and is hereby recognized and given full effect to in all provinces and territories of Canada in accordance with its terms, and all persons subject to the jurisdiction of this Court shall be so bound.

## APPROVAL OF PLAN

4.     **THIS COURT ORDERS** that the Plan, attached as Exhibit "A" to the 36th Report, be and is hereby approved and recognized and given full effect to in all provinces and territories of Canada in accordance with its terms, and all persons subject to the jurisdiction of this Court shall be so bound.

5.     **THIS COURT ORDERS** that the Debtors (and, as reorganized entities after emergence, the "Reorganized Debtors") be and are authorized, directed and permitted to take all steps and actions, and to do all things, necessary or appropriate to enter into or implement the Plan in accordance with and subject to the terms of the Plan, and enter into, execute, deliver, implement and consummate all of the steps, transactions and agreements contemplated pursuant to the Plan.

## ASBESTOS PI CHANNELING INJUNCTION

6. **THIS COURT ORDERS** that the Asbestos PI Channelling Injunction is granted to take effect as of the Effective Date with respect to the Debtors and the Other Protected Parties, including the Canadian Entities.

## ASBESTOS PD CHANNELING INJUNCTION

7. **THIS COURT ORDERS** that that the Asbestos PD Channelling Injunction is granted to take effect as of the Effective Date with respect to the Debtors and the Other Protected Parties, including the Canadian Entities.

## SUCCESSOR CLAIMS INJUNCTION

8. **THIS COURT ORDERS** that the Successor Claims Injunction is granted to take effect as of the Effective Date with respect to the Debtors and the Other Protected Parties, including the Canadian Entities.

## ASBESTOS INSURANCE ENTITY INJUNCTION

9. THIS COURT ORDERS that the Asbestos Insurance Entity Injunction is granted to take effect as of the Effective Date with respect to the Debtors and the Other Protected Parties, including the Canadian Entities.

## RELEASES

10. **THIS COURT ORDERS** that each of the release, exculpation, and indemnification provisions set forth in the Plan is hereby approved in all respects, is incorporated herein in its entirety, is so ordered and shall be immediately effective on the Effective Date of the Plan without further action or notice by the Court, any of the parties to such releases, exculpations, and indemnifications, or any other party. This includes the provisions in Sections 7.13, 8.6, 8.8.1, 8.8.3, 8.8.6, 8.8.7, 8.8.8, 8.8.9, 8.8.10, 8.8.11, 11.8, and 11.9 of the Plan, captioned as follows:

> 7.13 No Successor Liability
>
> 8.6 Injunctions and Releases Related to the Sealed Air Indemnified Parties and Fresenius Indemnified Parties

- 4 -

8.8.1 Release of Sealed Air Indemnified Parties

8.8.3 Release of Fresenius Indemnified Parties

8.8.4 Assumption of 1998 Tax Sharing Agreement and §4.04 of the TSIA

8.8.6 Release of Avoidance Actions

8.8.7 Specific Releases by Holders of Claims or Equity Interests

8.8.8 Release by Debtors and Estate Parties. 8.8.9 Indemnification of Representatives of the Debtors and Non-Debtor Affiliates

8.8.9 Indemnification of Representatives of the Debtors and Non-Debtor Affiliates

8.8.10 Indemnification of Reorganized Debtors and Their Representatives by the Asbestos PI Trust

8.8.11 Indemnification of the Reorganized Debtors and Their Representatives by the Asbestos PD Trust

11.8 Dissolution of the Unsecured Creditors' Committee, the Asbestos PI committee, the Asbestos PD Committee and the Equity Committee, Continued Retention of the Asbestos PI Future Claimants' Representative and the Asbestos PD Future Claimants' Representative

11.9 Exculpation

**AID AND ASSISTANCE**

11.     **THIS COURT ORDERS** and requests the aid and recognition of any court or any judicial, regulatory or administrative body in any province or territory of Canada (including the assistance of any Court in Canada pursuant to Section 17 of the *Companies Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended) and the Federal Court of Canada and any judicial, regulatory or administrative body or other court constituted pursuant to the Parliament of Canada or the legislature of any province in carrying out the terms of this Order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

APR - 8 2011

PER/PAR:

Court File No: 01-CL-4081

IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF GRACE CANADA, INC.

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
(Commercial List)

Proceeding commenced at Toronto

**ORDER**

**OGILVY RENAULT LLP**
Barristers & Solicitors
Suite 3800, PO Box 84
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario  M5J 2Z4

**DERRICK C. TAY**
LSUC #21152A
Tel: 416.216.4832

**ORESTES PASPARAKIS**
LSUC # 36851T
Tel: 416.216.4815

Fax: 416.216.3930

Lawyers for the Applicant

DOCSTOR: 2106441\5

(2)

only in the district court, not bankruptcy court. The A.G. Canada is pursuing its rights in the U.S. courts and has filed an appeal of the order of Judge Fitzgerald. It seems to me that the proper place for the AG Canada to pursue the issues it raises in respect of the jurisdiction of the U.S. Bankruptcy Court is on the appeal to the U.S. District Court and not in this court.

The function of this Court is to consider whether it is appropriate to recognize the US Confirmation Order and approve the Plan and grant the Injunctions and Releases as set out in the Notice of Motion. It is not the function of this court to second guess the U.S. Bankruptcy

Courts on jurisdictional points such as this.

This Court has already recognized the U.S. Proceedings as "foreign proceedings" under s.18.6 of the CCAA.

Under s.18.6(3) the court has broad and flexible jurisdiction to make any order appropriate to facilitate cross-border insolvency proceedings and to complement, co-ordinate with and assist the US Courts in the course of insolvency proceedings.

The US Court has specifically requested the aid of this Court to give effect to the Plan in Canada.

In this case it is appropriate to note that:

    a) there is a long history of comity with the US Court in insolvency proceedings

(4)

b) This Court has recognized the US Proceedings and facilitated those proceedings in Canada for ten years;

c) The key stakeholders (including the Crown) have actively participated in the US Proceedings.

Further, I am satisfied that the relief sought does not prejudice the Crown. The Effective Date will only occur once all appeals of the US Confirmation Order are addressed or the condition that the appeals be concluded is waived by the parties. The PIa provides that the Crown's appeal of the U.S. Confirmation Order will be addressed prior to the Effective Date.

The fact that there is an outstanding

545

appeal of the US Confirmation Order is not an impediment to this motion for recognition. The US Court's order is effective in the US in accordance with its terms and has not been stayed.

See HSBC Bank USA v Supraminian, 2007 ONCA 445, affirming [2006] O.J. 5117 and Pan American World Airways Inc. v Varghese (1985) 49 O.R. (2d) 608 (C.A.)

I am satisfied that, in these circumstances, it is both fair and reasonable to grant the order requested by the Applicant and supported by Representative Counsel and Ms. Thundersky. Motion granted. Order to go in the form requested.

[subject to edit if typoed]

Court File No.: 01-CL-4081

# ONTARIO

# SUPERIOR COURT OF JUSTICE

# COMMERCIAL LIST

## IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, C. c-36, AS AMENDED

## AND IN THE MATTER OF GRACE CANADA, INC.

Endorsement of Morawetz J. - April 8, 2011

Grace Canada Inc.

D. Tay and O. Pasparakis for Applicant
D. Thompson and M. Moloci Representative Counsel
J. Dais-Visca for A.G. Canada

Counsel for the A.G. Canada raises the issue as to whether the U.S. Bankruptcy Court exceeded its jurisdiction in requesting that the Canadian Court enter an Order pursuant to s. 18.6 of the CCAA recognizing the Confirmation Order (before the US Bankruptcy Court) and specifically providing for, *inter alia,* the approval of the Plan and granting the Asbestos PI Channeling Injunction, the Asbestos PD Channeling Injunction, the Successor Claims Injunction and all of the Plan releases. In essence, counsel to the A.G. submits that under U.S. code s. 524(g)(2) the proceeding in respect of injunction may be commenced only in the district court, not bankruptcy court. The A.G. Canada is pursuing its rights in the U.S. Courts and has filed an appeal of the order of Judge Fitzgerald. It seems to me that the proper place for the A.G. Canada to pursue the issues it raises in respect of the jurisdiction of the US Bankruptcy Court is in the appeal to the U.S. District Court and not in this Court.

The function of this Court is to consider whether it is appropriate to recognize the U.S. Confirmation Order and approve the Plan and grant the injunction and releases as set-out in the Notice of Motion. It is not the function of this Court to second guess the U.S. Bankruptcy Court on jurisdictional points such as this. This Court has already recognized the U.S. Proceedings as "foreign proceedings" under s. 18.6 of the CCAA.

Under s. 18.6(3) the court has broad and flexible jurisdiction to make any order appropriate to facilitate cross-border insolvency proceedings and to compliment, coordinate with and assist the U.S. Courts in the course of insolvency proceedings. The U.S. Court has specifically requested the aid of this Court to give effect to the Plan in Canada.

In this case, it is appropriate to note that:
a) There is a long history of comity with the U.S. Court in insolvency proceedings;
b) This court has recognized the U.S. Proceedings and facilitated those proceedings in Canada for 10 years;
c) The key stakeholders (including the Crown) have actively participated in the U.S. Proceedings.

Further, I am satisfied that the relief sought does not prejudice the Crown. The Effective Date will only occur once all appeals of the U.S. Confirmation Order are addressed or the condition that the appeals be concluded is waived by the parties. The Plan provides that the Crown's appeal of the U.S. Confirmation Order will be addressed prior to the Effective Date.

The Fact that there is an outstanding appeal of the U.S. Confirmation Order is not an impediment to this motion for recognition. The U.S. Court's order is effective in the US in accordance with its terms and has not been stayed. See HSBC Bank USA v. Subraminian, 2007 ONCA 445, affirming [2006] O.J. 5117 and Pan American World Airways Inc. v. Varghese (1985) 49 O.R. (2d) 608 (C.A.).

I am satisfied that, in these circumstances, it is both fair and reasonable to grant the order requested by the Applicant and supported by Representative Counsel and Ms. Thundersky.

Motion granted. Order to go in the form requested.

Morawetz J.

[subject to edit if typed]