## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.**, *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING THIRTY-NINTH QUARTERLY FEE APPLICATION OF KIRKLAND & ELLIS LLP FOR THE INTERIM PERIOD OF OCTOBER 1, 2010 THROUGH DECEMBER 31, 2010

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Thirty-Ninth Quarterly Fee Application of Kirkland & Ellis LLP for the Interim Period of October 1, 2010 through December 31, 2010 (the "Application").

### BACKGROUND

1.      Kirkland & Ellis LLP ("K&E") was retained as counsel to the Debtors.  In the Application, K&E seeks approval of fees totaling $768,334.50 and expenses totaling $21,608.29 for its services from October 1, 2010 through December 31, 2010 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2011, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with

precedent established in the United States Bankruptcy Court for the District of Delaware, the United

States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  Based

on our review, we served an initial report on K&E and received a response from K&E, portions of

which response are quoted herein.

**DISCUSSION**

3.    We noted the following time entries of professionals who billed only a *de minimis*

amount of time on the case:

| 11/17/2010 | Christian O Nagler | 3.80 | Confer with client re description of notes and review and consider issues re same. |
|---|---|---|---|
| 12/6/2010 | Christian O Nagler | 1.50 | Prepare description of notes. |
| | | **5.30** | |
| 11/16/2010 | Todd F Maynes, P.C. | 0.30 | Correspond internally re 5% shareholders. |
| 11/17/2010 | Todd F Maynes, P.C. | 0.20 | Correspond internally re 5% shareholders. |
| 11/18/2010 | Todd F Maynes, P.C. | 0.30 | Confer and correspond re structure alternatives. |
| 11/19/2010 | Todd F Maynes, P.C. | 0.30 | Correspond internally re 5% shareholders. |
| | | **1.10** | |
| 12/8/2010 | Eric F Leon | 0.80 | Confer with J. Donley and J, O'Connell re bank lender issue (.3); review materials re same (.5). |
| 12/9/2010 | Eric F Leon | 1.30 | Review materials re lender dispute (.8); confer with team re same (.5). |
| 12/15/2010 | Eric F Leon | 0.50 | Confer with J. Donley and others re bank lender issues. |
| | | **2.60** | |

| 12/14/2010 | Robert Orren | 1.00 | Review Delphi docket for reply to objections to motion for leave (.2); retrieve and distribute hearing transcript for December 17 hearing (.3); review adversary proceedings for objections to Debtors' motion for leave (.3); prepare correspondence to M. Klugman re same (.2). |
| | | **1.00** | |

The foregoing professionals performed no other work on the case during the Application Period.

We scrutinize more closely the work of professionals who appear to have only fleeting involvement with the case.[1]  We asked K&E to explain how this work benefited the estate, and K&E provided the following response:

> Christian Nagler is the corporate partner who is responsible for working with the Debtors and the Debtors' investment bankers on financing issues.  Mr. Nagler's time billed in November and December 2010 involved some updated work with the Debtors on their exit financing in the event that a ruling would be forthcoming from the Bankruptcy Court involving confirmation of the joint plan of reorganization (the "Plan").  Mr. Nagler had previously worked with the Debtors on issues related to exit financing; thus, he was in the best position to renew those efforts with the Debtors.

> Todd Maynes is the tax partner who has worked with the Debtors over the years on all tax-related issues arising in the Debtors' Case.  Mr. Maynes' time billed in November 2010 relates to discrete issues involving tax-related issues stemming from potential ownership changes.  We believe that Mr. Maynes was in the best position to analyze tax issues in the Debtors' case.

> Eric Leon is a litigation partner who was heavily involved with the lender issues

---

[1]As stated by the court in *In re Jefsaba, Inc.,* 172 B.R. 786, 800 n. 9 (Bankr.E.D.Pa. 1994):

> Requests to compensate for services of professionals whose time is *de minimis* raises a red flag in our review.   Other than professionals with a special expertise, the fleeting involvement of bankruptcy attorneys in a case often results from a staffing inefficiency.   Given the itinerant attorney's lack of knowledge of the case, the attorney's time may be less productive than attorneys regularly assigned to the case.   When this occurs, we would expect an appropriate deduction be made to the time charged.

during the confirmation hearings. Mr. Leon's time in December 2010 relates to such lender issues and conferring with the K&E team regarding his insight into same. On December 7, 2010, the Bankruptcy Court issued an order that, among other things, specifically asked for the Debtors to appear on December 13, 2010 (discussed in more detail below) to address certain lender issues. We believe that because Mr. Leon previously worked intimately on the lender issues, his 2.6 hours of analysis of lender issues in December 2010 and coordination with Mr. Donley was invaluable in order to fully prepare for the December 13, 2010 hearing.

Finally, Robert Orren is a legal assistant. Ordinarily, *de minimis* time for a legal assistant who may be assisting on a project with other more regularly-staffed legal assistants (*e.g.*, Kimberly Love) would be written off by K&E. Here, Mr. Orren was the *only* legal assistant assigned to and assisting K&E attorneys on the *Delphi* preference matter. We believe having a legal assistant staffed on that matter under the circumstances is cost-effective. Furthermore, most attorneys who are staffed on the *Delphi* preference matter are in New York where the *Delphi* case was filed; thus, having a New York legal assistant rather than a Chicago-based legal assistant (*e.g.*, Kimberly Love) made the most sense.

Accordingly, for the reasons set forth above, we believe that while the time from the aforementioned billers was *de minimis*, the time was appropriately billed and benefited the estate.

We accept K&E's response and have no objection to these fees.

4.      We noted that on December 13, 2010, attorneys Boll ($735), Paul ($735), Donley ($825), and Esayian ($775), as well as paralegal Love ($260), attended a hearing. The total time spent, including non-working travel time, was 31.50 hours. Total fees of $18,873.50 were billed. See Exhibit "A." Paragraph II.D.5. of the U.S. Trustee Guidelines provides: "If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We understood from the time entries the reason for attendance at the hearing by attorneys Boll, Esayian, and Donley, as well as paralegal Love. However, we noted that attorney Paul is a newcomer to this case,[2] and we asked K&E to explain why it was necessary

---

[2]Attorney Paul billed only 1.90 hours to the case in the Thirty-Eighth Interim Period (the application period immediately preceding this one) and no time to the case in the Thirty-Seventh

for him to attend the hearing.  K&E responded as follows:

> ...  As noted above, on December 7, 2010, the Bankruptcy Court issued an order, *sua sponte*, requesting that the Debtors and other parties respond to various questions of the Bankruptcy Court related to confirmation.  Specifically, some questions were somewhat targeted in terms of the releases contained in the Plan and issues related to the lenders, but one question was as broad as an inquiry into any "such other plan-related questions."  *See* 12/13/10 Order [Dkt. No. 25875].
>
> As discussed in prior responses, Mr. Donley is the lead litigation partner involved in the Debtors' Case, and he addressed the Bankruptcy Court's questions in person at the hearing.  He prepared for all specific questions posed by the Bankruptcy Court, as well as the general question posed covering anything related to the Plan, and he coordinated those efforts with counsel for the other plan proponents on the day of the hearing in Delaware.
>
> Mr. Paul is the lead restructuring partner who took over for Mr. Freedman after Mr. Freedman's retirement.[3]  He attended the hearing in person to assist Mr. Donley with respect to any bankruptcy-specific questions from the Bankruptcy Court that may have arisen during the Bankruptcy Court's inquiry into plan-related provisions and the rationale behind same.  He essentially is stepping into Mr. Freedman's shoes and is involved on a day-to-day basis on matters much like those previously handled by Mr. Freedman.
>
> For the reasons described herein, K&E respectfully requests approval of Mr. Paul's time related to the December 13, 2010 hearing.

We accept K&E's response and have no objection to these fees.

  5.    We noted the following charges for Electronic Data Storage:

| 10/31/2010 | 1,727.81 | Electronic Data Storage |
| 11/30/2010 | 1,727.53 | Electronic Data Storage |

---

Interim Period.

[3]With respect to your footnote 2 regarding Mr. Paul's new involvement in the case, in K&E's response to the Initial Report for the Thirty-Seventh Interim Period, we indicated that Mr. Freedman retired from the Firm as of October 31, 2010.  Mr. Paul began working with Mr. Freedman and others at K&E prior to Mr. Freedman's retirement.  The transition time by Mr. Paul was not billed to the Debtors, which is why Mr. Paul's time was *de minimis* for the Thirty-Eighth Interim Period and non-existent for the Thirty-Seventh Interim Period.

12/31/2010    1,727.43    Electronic Data Storage

In response to our request, K&E provided the following information:

> As we indicated in our response related to the Thirty-Eighth Interim Period, K&E has reviewed charges related to the electronic storage fees. These fees relate primarily to the storage of files involved in the criminal case. K&E agrees to a voluntary reduction for these charges in the full amount of $5,181.77.

We appreciate K&E's response and recommend a reduction of $5,182.77[4] in expenses.

## CONCLUSION

6.    Thus, we recommend approval of $768,334.50 in fees and $16,425.52 in expenses

($21,608.29 minus $5,182.77) for K&E's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
        Warren H. Smith
        Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

---

[4]Although K&E agreed to a reduction of $5,181.77, these expenses total $5,182.77.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 3rd day of May, 2011.

_____
Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**
Deanna Boll
Kirkland & Ellis
601 Lexington Avenue
New York, NY 10022-4611

**The Debtor**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Co-Counsel for the Debtors**
Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K. D. Currier
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

## EXHIBIT "A"

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 12/13/2010 | Kimberly K Love | 5.50 | 1,430.00 | Attend hearing and assist attorneys with various requests (1.5); prepare and organize materials for use at hearing (3.0); prepare materials for Court and for case files (1.0). |
| 12/13/2010 | Deanna D Boll | 0.80 | 588.00 | Participate telephonically in hearing on lender and release issues. |
| 12/13/2010 | Adam C Paul | 5.70 | 4,189.50 | Prepare for December 13 hearing (2.1); participate in hearing (1.7); participate in strategy conference re hearing (1.9). |
| 12/13/2010 | John Donley | 6.20 | 5,115.00 | Argue at hearing re plan issues before Judge Fitzgerald (1.5); prepare for and outline hearing arguments re interest issues and Fresenius release issues (3.6); revise demonstratives (1.1). |
| 12/13/2010 | Lisa G Esayian | 2.50 | 1,937.50 | Participate in hearing re various confirmation issues and reply to Court's questions re plan's treatment of PD claims. |
| 12/12/2010 | Kimberly K Love | 3.00 | 780.00 | Travel from Chicago, IL to Wilmington, DE to assist at hearing (billed at half time). |
| 12/12/2010 | Adam C Paul | 2.10 | 1,543.50 | Travel from Chicago, IL to Wilmington, DE for hearing (billed at half time). |
| 12/12/2010 | John Donley | 1.70 | 1,402.50 | Travel from Chicago, IL to Wilmington, DE (billed at halftime). |
| 12/13/2010 | Kimberly K Love | 2.50 | 650.00 | Return travel from Wilmington, DE to Chicago, IL after hearing (billed at half time). |
| 12/13/2010 | John Donley | 1.50 | 1,237.50 | Travel from Wilmington, DE to Chicago, IL (billed at half time). |