## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING THE THIRTY-NINTH QUARTERLY FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR THE PERIOD OF OCTOBER 1, 2010 THROUGH DECEMBER 31, 2010**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Thirty-Ninth Quarterly Fee Application of PricewaterhouseCoopers LLP for the Period of October 1, 2010 through December 31, 2010 (the "Application").

### BACKGROUND

1.   PricewaterhouseCoopers LLP ("PwC") was retained as auditors and tax consultants to the Debtors and Debtors-in-Possession. In the Application, PwC seeks approval of fees totaling $749,388.94 and expenses totaling $23,951.06 for its services from October 1, 2010 through December 31, 2010 (the "Application Period").

2.   In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2011, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C.

§ 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. Based on our review, we served an initial report on PwC and received a response from PwC, portions of which response are quoted herein.

## DISCUSSION

3.    We note for informational purposes that PwC billed the time of the following professionals at the rate of $1,019.81 per hour: Robert Edyt, Brett Cohen, Cody Smith, and Gail Hadley. In *In re USG Corporation,* Case No. 01-2094 (JKF), Transcript of Proceedings, July 19, 2004, p. 14, the Honorable Judith K. Fitzgerald asked that we call to the Court's attention any instance in which a professional's hourly rate reaches $1,000.00. PwC offered the following information concerning these professionals:

> We understand that the fee auditor has been requested by the Court to note when an hourly rate is $1,000 or more. We are providing additional context for the hourly rates of Robert Edyt, Brett Cohen, Cody Smith and Gail Hadley. These individuals are PwC partners at the National Office and possess a high level of technical knowledge, skill and experience. Therefore, the hourly rates exceed $1,000/hour. Please note that the rates for these professionals remained consistent through 2010.

We offer no recommendation concerning the hourly rates of these professionals, but are merely bringing this issue to the Court's attention.

4.    We noted the following time entries which appeared to include non-working travel time:

| Justin Bray | 1-Oct | 1.3 | 549.78 | Travel time from PwC Miami office - meeting with PwC team |

| Justin Bray | 12-Oct | 0.5 | 211.46 | Travel time from Grace - Boca Raton, FL office |
|---|---|---|---|---|
| Kathleen Bradley | 1-Oct | 1.0 | 161.29 | Travel time from Miami to Baltimore |
| Justin Bray | 3-Nov | 0.5 | 211.46 | Travel time from Audit Committee meeting in Washington, DC to Grace-Columbia |
| Kathleen Bradley | 2-Dec | 1.0 | 161.29 | Travel time to Chicago for inventory count |
| | | **4.3** | **1,295.28** | |

Pursuant to Local Rule 2016-2(d)(viii): "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates." We asked PwC whether the required 50% discount had been applied to these fees. PwC responded:

> We reviewed the non-working travel time for the individuals noted and have concluded that the required 50% discount was properly applied for Justin Bray on October 1, 2010 for 1.3 hours, October 12, 2010 for 0.5 hours and November 3, 2010 for 0.5 hours and for Kathleen Bradley on October 1, 2010 for 1 hour and December 2, 2010 for 1.0 hour. Therefore, the amounts reported are compensable.

PwC subsequently advised us that "[t]he discount was applied by billing only 1/2 the time for travel." Based upon this latter representation by PwC, we have no objection to these fees.

    5.    We noted the following time entries which include time spent on training:

| Pavel Katsiak | 25-Oct | 1.5 | Attending Physical Inventory Observation training with N. Johnson (PwC), K. Bradley (PwC), A. Schmidt (PwC) and S. McNeilly (PwC) |
|---|---|---|---|
| Alexandra L Schmidt | 26-Oct | 1.5 | Attend Grace physical inventory training |
| Kathleen Bradley | 26-Oct | 1.5 | Training for WR Grace physical inventory observation |
| Jamie Kunkel | 20-Oct | 0.7 | Safety training of Grace's campus at the guard house |

The training of a firm's professionals is usually not considered compensable, so we asked PwC to explain why this training should be compensated by the estate. PwC responded:

> We reviewed the time entries and have determined that the time charged by Pavel Katsiak on October 25, 2010 for 1.5 hours, Alexandra L Schmidt on October 26, 2010 for 1.5 hours and Kathleen Bradley on October 26, 2010 for 1.5 hours are compensable. The description of the time ("training") does not accurately reflect the activity. Under US GAAS, we are required to plan and perform physical inventory observations. The activity related to this time represents the engagement team's meeting to communicate the locations to be visited and procedures to be performed as a part of the inventory observations, and does not represent a training activity of the firm professionals. The time charged by Jamie Kunkel on October 20, 2010 for 0.7 hours represents W. R. Grace's mandatory safety orientation and encompasses review of the Company's policies and procedures. As this is a required procedure for all contractors, we believe it was properly included in the fee application.

We accept PwC's response and have no objection to these fees.

6.      We noted that on October 22, 2010, Pavel Katsiak ($233.68) spent 0.50 hours and $116.84 in fees for what appears to be making travel arrangements:

Pavel Katsiak        22-Oct        0.5      Booking travel to Germany

As making travel arrangements is an administrative task, we asked PwC to explain why the estate should compensate this time. PwC responded:

> We reviewed the time entry by Pavel Katsiak on October 22, 2010 for 0.5 hours and have concluded that the description of the time ("Booking travel to Germany") does not accurately reflect the activity. The time reported encompassed planning and coordination for the visit to provide required oversight to the PwC audit team in Germany. Since communication and coordination with the international audit teams is a required audit procedure, we believe that this time is compensable. Please note that the time actually spent booking the flight, hotel and making other travel arrangements for this trip has been excluded from the fee application.

We do not believe that PwC has carried its burden that these were not administrative tasks. Furthermore, we consider that, generally, contemporaneous records should be afforded greater weight than a reconstruction of past events, and more detailed records should be afforded greater weight than less detailed records (thus we give more weight to the detail provided in the original invoice than subsequent explanations). We believe that PwC has not given us a good reason for

deviating from these general principles. The time entry in question clearly reads "booking travel." Thus, we recommend disallowance of this time, for a reduction of $116.84 in fees.

7.   We noted the following air fare for which more information was needed:

Tom Smith    11/09/10    3,537.84    Airfare to Frankfurt, Germany for trip to Worms, Germany

PwC responded to our inquiry with the following information:

> The airfare for Tom Smith reported on November 9, 2010 in the amount of $3,537.84 represents a round trip business class fare from International Airport at Dulles to Frankfurt, Germany. The purpose of the trip was to provide the required oversight of the PwC audit team in Germany. Note that considering the length of the flight (over 8 hours), nature of the travel (International) and the level of the professional travelling (PwC partner), the class of the fare is consistent with both Grace and PwC policy.

We do not believe the estate should be put to the added expense of business class flights for its professionals. Nevertheless, our research[1] indicates that the cost of a refundable, non-stop, economy class, round trip ticket from Washington, DC (Dulles), to Frankfurt, would exceed the amount of the business class fare which was billed to the estate in this instance. Thus, we have no objection to this expense.

## CONCLUSION

8.   Thus, we recommend approval of $749,272.10 in fees ($749,388.94 minus $116.84) and $23,951.06 in expenses for PwC's services for the Application Period.

---

[1] We checked www.united.com.

**FEE AUDITOR'S FINAL REPORT** - Page 5
wrg FR PwC 39Q 10-12.10 v2.wpd

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 5th day of May, 2011.

_____
     Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**
Kathleen M. Miller
Stephanie S. Habelow
SMITH, KATZENSTEIN & FURLOW LLP
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
Deanna Boll
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801