James D. Newbold
Assistant Attorney General
Revenue Litigation Bureau
100 W. Randolph Street
Chicago, IL 60601
(Tel) (312) 814-4557
(Fax) (312) 814-3589
James.Newbold@illinois.gov
Attorney for Illinois Department of Revenue

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Case No. 01-01139 (JKF) |
| W.R. Grace & Co., *et al.*, ) | Chapter 11 |
| ) | Hearing: May 23, 2011 @ 9:00 a.m. |
| Debtors. ) | |

## RESPONSE OF ILLINOIS DEPARTMENT OF REVENUE TO DEBTOR'S OBJECTION TO CLAIM No. 150

The Illinois Department of Revenue ("IDOR"), by its attorney, Lisa Madigan, Illinois Attorney General, responds to Debtor's objection to Claim No. 150 as follows:

1.      IDOR filed a withholding tax claim for various quarters in 1976 and 1984 through 1989.  The claim was filed because, according to IDOR's records, W.R. Grace ("Debtor") failed to file withholding tax returns or remit the related taxes during 1976 and, after doing so during the intervening years, again failed to file withholding tax returns of remit the taxes during the period from 1984 through 1989.

2.      Based on the Debtor's failure to file returns and pay the related taxes, IDOR estimated liability for these "open" quarters by projecting liability from other tax periods for which returns were filed and, based on this projected liability, filed claim No. 150.

1

3. In its objection, the Debtor asserts that the liability claimed in Claim 150 is unenforceable as IDOR failed to issue Notices of Deficiency (NODs) for these quarters within the statute of limitations of 35 ILCS 5/905(j).

4. While IDOR acknowledges that it did not issue NODs, the Debtor misconstrues the effect and application of the statute of limitations set forth in 35 ILCS 5/905(j). Section 905(j) applies to establish a statute of limitations in those situations where the taxpayer filed returns. See *Mitchell v. Department of Revenue*, 596 N.E.2d 31, 32 (Ill. App. 1992). Where a taxpayer fails to file returns, there is no statute of limitations. *Id.*, see also 35 ILCS 5/905(c). Therefore, IDOR's claim cannot be disallowed on this basis.

5. Unless the Debtor files returns for the "open" quarters or can demonstrate that it did not have Illinois employees during these quarters and therefore had no liability, the Court should allow IDOR's claim as filed.

WHEREFORE, IDOR requests that the Court enter an order (1) denying the Debtor's objection and, unless the Debtor files returns or demonstrates that it did not have Illinois employees during the applicable quarters, (2) allowing IDOR's claim in the amount as filed.

        ILLINOIS DEPARTMENT OF REVENUE
        BY:    LISA MADIGAN
                Illinois Attorney General

        BY:  /s/ James D. Newbold
                JAMES D. NEWBOLD
                Assistant Attorney General
                Revenue Litigation Bureau
                100 W. Randolph Street
                Chicago, IL 60601
                (312) 814-4557

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he served a copy of this **RESPONSE** on:

Adam Paul
Kirkland & Ellis
Fax (312) 862-2200

Janet Baer
Baer Higgins Fruchtman
Fax (312) 577-0737

James O'Neill
Pachulski Stang
Fax (302) 652-4400

Lewis Kruger
Strook Strook & Lavan
Fax (212) 806-6006

Michael Lastowski
Morris & Heckscher
Fax (3020 657-4901

Scott Baena
Bilzin, Sumberg
Fax (305) 374-7593

Michael Joseph
Ferry & Joseph
Fax (302) 575-1714

Elihu Inselbuch
Caplin & Drysdale
fax (212) 644-6577

Marla Eskin
Campbell & Levine
Fax (302) 426-9947

Thomas Mayer
Kramer Levin
Fax (212) 715-8000

Teresa Currier
Saul Ewing
Fax (302) 421-6813

Richard Wyron
Orrick Herrington
Fax (202) 339-8500

John Phillips
Phillips Goldman
Fax (302) 655-4210

David Klauder
Office of US Trustee
Fax (302) 573-6497

Karl Hill
Seitz, Van Ogtrop
Fax (302) 888-0606

Alan Rich
Fax (214) 749-0325

Michael Giabbotto
CNA Companies
Fax (202) 346-4444

by faxing a copy from Chicago, Illinois on May 6, 2011.

/s/  James D. Newbold
James D. Newbold

3