IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**SEVENTEENTH QUARTERLY INTERIM APPLICATION OF OGILVY RENAULT LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD FROM JANUARY 1, 2011 THROUGH MARCH 31, 2011**

| | |
|---|---|
| Name of Applicant: | Ogilvy Renault LLP ("OR") |
| Authorized to Provide Professional Services to: | W.R. Grace & Co., et al., Debtors and Debtors in Possession |
| Date of Retention: | Retention Order entered and effective as of December 18, 2006 |
| Period for which Compensation and Reimbursement is Sought: | January 1, 2011 through March 31, 2011 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | CDN$65,112.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary | CDN$760.44 |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food' & Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

- 2 -

This is a:    ___  monthly    _X_ interim    ___  final application.

The total time expended for preparation of this quarterly fee application is approximately three (3) hours and the corresponding estimated compensation requested is approximately $630.00[2].

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 03/16/07 | 10/17/06-31/01/07 | $102,612.50 | $665.48 | $43,335.00 | $582.36 |
| 04/24/07 | 02/01/07-02/28/07 | $45,825.50 | $328.67 | n/a | $328.67 |
| 05/10/07[3] | 02/01/07-02/28/07 | $97.50 | $0.00 | $45,923.00 | n/a |
| 05/10/07 | 03/01/07-03/31/07 | $57,662.00 | $5,125.70 | $57,662.00 | $5,125.70 |
| 06/08/07 | 04/01/07-04/30/07 | $47,014.00 | $1,540.51 | $47,014.00 | $1,540.51 |
| 07/06/07 | 05/01/07-05/31/07 | $21,853.00 | $296.98 | $21,853.00 | $296.98 |
| 08/03/07 | 06/01/07-06/30/07 | $34,799.00 | $2,223.81 | $34,799.00 | $2,223.81 |
| 08/28/07 | 07/01/07-07/31/07 | $85,426.50 | $206.43 | $85,426.50 | $206.43 |
| 09/24/07 | 08/01/07-08/31/07 | $74,819.50 | $335.00 | $74,819.50 | $335.00 |
| 11/08/07 | 09/01/07-09/31/07 | $104,938.00 | $104,661.80 | $104,938.00 | $104,661.80 |

---

[2] The actual number of hours expended preparing this quarterly application and the corresponding compensation requested will be set forth in OR's subsequent fee applications.

[3] This application was filed as a "corrected" second monthly fee application to replace and correct errors related to the amount of compensation sought pursuant to the original second monthly fee application (the "Original Second Monthly") filed on April 24, 2007. The corrected second monthly fee application requests an additional $97.50 on top of what was requested in the Original Second Monthly.

- 3 -

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 11/20/07 | 10/01/07-10/31/07 | $87,103.50 | $488.03 | $85,023.50 | $488.03 |
| 01/11/08 | 11/01/07-11/30/07 | $77,944.00 | $6,166.86 | $77,944.00 | $6,166.86 |
| 01/28/08 | 12/01/07-12/31/07 | $8,348.50 | $99.93 | $8,348.50 | $99.93 |
| 02/28/08 | 01/01/08-01/31/08 | $10,198.50 | $88.70 | $10,198.50 | $88.70 |
| 04/01/08 | 02/01/08-02/29/08 | $24,299.50 | $449.80 | $24,299.50 | $449.80 |
| 04/24/08 | 03/01/08-03/31/08 | $45,098.50 | $1,296.53 | $45,098.50 | $1,296.53 |
| 05/15/08 | 04/01/08-04/30/08 | $50,569.50 | $2,757.72 | $48,209.50 | $2,757.72 |
| 06/20/08 | 05/01/08-05/31/08 | $87,505.50 | $1,965.87 | $87,505.50 | $1,965.87 |
| 07/31/08 | 06/01/08-06/30/08 | $64,835.50 | $316.78 | $64,835.50 | $316.78 |
| 08/26/08 | 07/01/08-07/31/08 | $56,187.00 | $76.66 | $56,187.00 | $76.66 |
| 09/22/08 | 087/01/08-08/31/08 | $107,954.50 | $573.95 | $107,954.50 | $573.95 |
| 10/24/08 | 09/01/08-09/30/08 | $223,082.00 | $3,009.77 | $178,465.60 | $3,009.77 |
| 11/18/08 | 10/01/08-10/31/08 | $46,804.00 | $566.87 | $46,804.00 | $566.87 |
| 01/06/09 | 11/01/08-11/30/08 | $18,141.00 | $293.58 | $18,141.00 | $293.58 |
| 01/29/09 | 12/01/08-12/31/08 | $5,222.00 | $101.31 | $5,222.00 | $101.31 |
| 02/19/09 | 01/01/09-01/30/09 | $7,232.00 | $34.48 | $7,232.00 | $34.48 |
| 03/19/09 | 02/01/09-02/28/09 | $20,934.00 | $217.02 | $20,934.00 | $217.02 |
| 04/16/09 | 03/01/09-03/31/09 | $29,166.00 | $674.25 | $29,166.00 | $674.25 |

- 4 -

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 06/02/09 | 04/01/09-04/30/09 | $18,798.50 | $37.33 | $18,798.50 | $37.33 |
| 06/16/09 | 05/01/09-05/31/09 | $5,743.00 | $28.75 | $5,743.00 | $28.75 |
| 07/22/09 | 06/01/09-06/30/09 | $8,340.50 | $145.70 | $8,340.50 | $145.70 |
| 08/21/09 | 07/01/09-07/31/09 | $15,320.50 | $200.52 | $15,120.50 | $200.52 |
| 09/23/09 | 08/01/09-08/31/09 | $3,558.00 | $57.51 | $3,558.00 | $57.51 |
| 10/26/09 | 09/01/09-09/30/09 | $32,965.50 | $926.42 | $32,965.50 | $926.42 |
| 12/02/09 | 10/01/09-10/31/09 | $50,301.50 | $485.51 | $50,301.50 | $485.51 |
| 12/17/09 | 11/01/09-11/30/09 | $29,593.50 | $214.69 | $29,593.50 | $214.69 |
| 02/02/10 | 12/01/09-12/31/09 | $80,158.50 | $535.59 | $80,158.50 | $535.59 |
| 02/23/10 | 01/01/10-01/31/10 | $80,809.50 | $556.77 | $80,809.50 | $556.77 |
| 03/31/10 | 02/01/10-02/28/10 | $96,649.00 | $3,072.97 | $96,649.00 | $3,072.97 |
| 04/28/10 | 03/01/10-03/31/10 | $9,870.50 | $199.07 | $9,870.50 | $199.07 |
| 06/02/10 | 04/01/10-04/30/10 | $2,585.00 | $65.10 | $2,585.00 | $65.10 |
| 07/07/10 | 05/1/10-05/31/10 | $1,876.50 | $74.52 | $1,876.50 | $74.52 |
| 08/06/10 | 06/01/10-06/30/10 | $505.00 | $30.81 | $505.00 | $30.81 |
| 09/07/10 | 07/01/10-07/31/10 | $7,259.00 | $30.67 | $7,259.00 | $30.67 |
| 10/13/10 | 08/01/10-08/31/10 | $4,319.50 | $219.33 | $4,319.50 | $219.33 |
| 11/01/10 | 09/01/10-09/30/10 | $715.50 | $30.49 | $715.50 | $30.49 |

- 5 -

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 12/07/10 | 10/01/10-10/31/10 | $1,019.50 | $30.67 | $815.60 | $30.67 |
| 01/04/11 | 11/01/10-11/30/10 | $1,774.50 | $61.62 | $1,419.60 | $61.62 |
| 02/03/11 | 12/01/10-12/31/10 | $7,476.50 | $109.54 | $5,981.20 | $109.54 |
| 03/07/11 | 01/01/11-01/31/11 | $16,190.00 | $265.67 | $12,952.00 | $265.67 |
| 04//07/11 | 02/01/11-02/28/11 | $10,759.00 | $84.93 | Pending | Pending |
| 04/26/11 | 03/01/11-03/31/11 | $38,163.00 | $409.84 | Pending | Pending |

## OR PROFESSIONALS

| Name of Professional Individual | Position of the Professional, Year of Call to the Ontario Bar (if applicable) | Hourly Billing Rate | Total Hours Billed[4] | Total Compensation |
|---|---|---|---|---|
| Derrick Tay | Partner, Year of Call to the Ontario Bar – 1981 | $1,100.00 | 0.60 | $660.00 |
| Ruth Wahl | Partner, Year of Call to the Ontario Bar – 1987 | $790.00 | 2.00 | $1,580.00 |
| Orestes Pasparakis | Partner, Year of Call to the Ontario Bar – 1995 | $800.00 | 45.10 | $36,080.00 |
| Teresa Walsh | Partner, Year of Call to the Ontario Bar – 1996 | $600.00 | 0.90 | $540.00 |
| Vasuda Sinha | Associate, Year of Call to the Ontario Bar – 2008 | $260.00 | 22.10 | $5,746.00 |
| Alex Dimson | Associate, Year of Call to the Ontario Bar – 2008 | $260.00 | 9.30 | $2,418.00 |

---

[4] Some professional time that was spent during the interim period may be reflected in a subsequent application and some professional time that was spent during the previous interim period may be reflected in this Application.

- 6 -

| Name of Professional Individual | Position of the Professional, Year of Call to the Ontario Bar (if applicable) | Hourly Billing Rate | Total Hours Billed[4] | Total Compensation |
|---|---|---|---|---|
| Adrienne Glen | Associate, Year of Call to the Ontario Bar – 2009 | $310.00 | 48.30 | $14,973.00 |
| Katie Legree | Law Clerk – n/a | $180.00 | 6.00 | $1,080.00 |
| Hoori Chitilian | Student At Law – n/a | $185.00 | 11.00 | $2,035.00 |

**Total Fees:**            **CDN$65,112.00**

**Total Hours:**           **145.30**

**Blended Billing Rate:**    **CDN$448.12**

## TASK CODE SUMMARY

| | Project Category | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 0001 | Chapter 11 Proceedings, General Matter | 145.30 | $65,112.00 |
| **Total** | | **145.30** | **$65,112.00** |

## EXPENSE SUMMARY

| Expense Category | | Total Expenses |
|---|---|---|
| Copies | | $10.70 |
| Courier Services | | $145.87 |
| Filing Fees | | $254.00 |
| Process Server Fee | | $100.00 |
| Meal | | $10.11 |
| Tax | | $0.35 |
| Quicklaw | | $239.41 |
| **Total** | | **$760.44** |

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | -- |

**SEVENTEENTH QUARTERLY INTERIM APPLICATION OF OGILVY RENAULT LLP ("OR") FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD FROM JANUARY 1, 2011 THROUGH MARCH 31, 2011**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§105(a) and 331 Establishing Revised

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food' N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a. British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

- 2 -

Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order") and Del. Bankr. LR 2016-2, the law firm of OR hereby applies for an order allowing it (i) compensation in the amount of CDN$65,112.00 for the reasonable and necessary legal services OR has rendered to the above-captioned debtors and debtors-in possession (collectively the "Debtors") and (ii) reimbursement of actual and necessary expenses that OR has incurred in the amount of CDN$760.44, for a total of CDN$65,872.44 or one hundred percent (100%) of all compensation and expense reimbursement requested, for the period January 1, 2011 through March 31, 2011 (the "Sixteenth Quarterly Fee Application"). In support of this Seventeenth Quarterly Fee Application, OR respectfully states as follows:

## Background

1.      On April 2, 2001, (the "Petition Date") each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the United States Bankruptcy Code.

2.      On May 3, 2001, the Court entered an Interim Compensation Order, as amended by the Amended Interim Compensation Order, establishing procedures for monthly compensation and reimbursement of expenses of professionals (each such application, a "Monthly Fee Application"), and whereby any notice party listed in the Amended Interim Compensation Order may object to such Monthly Fee Application. If no notice party objects to a

- 3 -

professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and one hundred percent (100%) of the expenses requested, subject to the filing and approval of the interim and final fee applications of the professional.

3.      Furthermore, and also pursuant to the Amended Interim Compensation Order, within forty-five (45) days of the end of each quarter, professionals are required to file and serve, upon the notice parties, a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application, less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

4.      By an order of this Court, the Debtors were authorized to retain OR as their special counsel, effective as of December 18, 2006, with respect to the specific matters set out in OR's retention application and in the affidavit of Teresa J. Walsh, submitted in support of OR's retention application (the "Retention Order"). The Retention Order authorizes the Debtors to compensate OR at OR's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that OR incurred, subject to application to this

- 4 -

Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.    This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is OR's Seventeenth Quarterly Fee Application for compensation for services rendered in connection with the Chapter 11 Cases and covers the fee period of January 1, 2011 through March 31, 2011 (the "Fee Period").

6.    OR has filed with the Court the following Monthly Fee Applications for interim compensation during the Fee Period:

(a)    Forty-Ninth Monthly Fee Application of Ogilvy Renault LLP for Compensation for Services Rendered and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the period from January 1, 2011 through January 31, 2011, (Docket No. 26501) (the "Forty-Ninth Monthly"), requesting CDN$16,190.00 in fees and CDN$265.67 in expenses;

(b)    Fiftieth Monthly Fee Application of Ogilvy Renault LLP for Compensation for Services Rendered and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the period from February 1, 2011 through February 28, 2011 (Docket No. 26755) (the "Fiftieth Monthly"), requesting CDN$10,759.00 in fees and CDN$84.93 in expenses; and

(c)    Fifty-First Monthly Fee Application of Ogilvy Renault for Compensation for Services Rendered and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-in-Possession for the Period from March 1, 2011 through

- 5 -

March 31, 2011 (Docket No. 26819) (the "Fifty-First Monthly"), requesting CDN$38,163.00 in fees and CDN$409.84 in expenses.

7.      The monthly fee applications covered by this Seventeenth Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by OR during the Fee Period, as well as other detailed information required to be included in fee applications. The Forty-Ninth Monthly, Fiftieth Monthly and Fifty-First Monthly (collectively, the "Applications") are attached hereto as Exhibits "A", "B" and "C".

8.      The period for objecting to the fee and expense reimbursement relating to the Forty-Ninth Monthly has passed without any objections being filed, whereupon the Debtors filed a Certificate of No Objection with the Court and have either paid, or will pay, interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

9.      The period for objecting to the fee and expense reimbursement relating to the Fiftieth Monthly has passed without any objections being filed, whereupon the Debtors filed a Certificate of No Objection with the Court and have either paid, or will pay, interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

10.     The Fifty-First Monthly is pending.

11.     OR has previously filed the following Quarterly Fee Applications:

(a)     First Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period from October 17, 2006 through March 31, 2007 (the "First Quarterly");

- 6 -

(b)    Second Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period from April 1, 2007 through June 30, 2007 (the "Second Quarterly");

(c)    Third Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period from July 1, 2007 through September 30, 2007 (the "Third Quarterly");

(d)    Fourth Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period from October 1, 2007 through December 31, 2007 (the "Fourth Quarterly");

(e)    Fifth Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period from January 1, 2008 through March 31, 2008 (the "Fifth Quarterly");

(f)    Sixth Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period from April 1, 2008 through June 30, 2008 (the "Sixth Quarterly");

- 7 -

(g)     Seventh Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period from July 1, 2008 through September 30, 2008 (the "Seventh Quarterly");

(h)     Eighth Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period from October 1, 2008 through December 31, 2008 (the "Eighth Quarterly");

(i)     Ninth Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period from January 1, 2009 through March 31, 2009 (the "Ninth Quarterly").

(j)     Tenth Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period from April 1, 2009 through June 30, 2009 (the "Tenth Quarterly");

(k)     Eleventh Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period from July 1, 2009 through September 30, 2009 (the "Eleventh Quarterly");

- 8 -

(l)     Twelfth Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period from October 1, 2009 through December 31, 2009 (the "Twelfth Quarterly");

(m)     Thirteenth Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period from January 1, 2010 through March 31, 2010 (the "Thirteenth Quarterly");

(n)     Fourteenth Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period from April 1, 2010 through June 30, 2010 (the "Fourteenth Quarterly").

(o)     Fifteenth Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period from July 1, 2010 through September 30, 2010 (the "Fifteenth Quarterly"); and

(p)     Sixteenth Quarterly Interim Application of Ogilvy Renault LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession for the Interim Period

- 9 -

from October 1, 2010 through December 31, 2010 (the "Sixteenth Quarterly").

12.     There have been no objections filed with respect to the First Quarterly. On July 18, 2007, OR received the fee auditor's Initial Report regarding the First Quarterly and prepared a response to the same. OR received the fee auditor's final report on September 11, 2007, whereby the fee auditor recommended a reduction of $59,277.50 in fees and $83.09 in expenses. OR did not object to this recommendation.

13.     There have been no objections filed with respect to the Second Quarterly. OR received the fee auditor's final report regarding the Second Quarterly whereby the fee auditor recommended the approval of $103,666.00 in fees and $4,061.30 in expenses.

14.     There have been no objections filed in respect to the Third Quarterly. On January 23, 2008, OR received the fee auditor's Initial Report regarding the Third Quarterly and prepared a response to the same. OR received the fee auditor's final report on February 25, 2008 whereby the fee auditor recommended the approval of $265,184.00 in fees and $105,203.23 in expenses.

15.     There have been no objections filed with respect to the Fourth Quarterly. On April 21, 2008, OR received the fee auditor's Initial Report regarding the Fourth Quarterly and prepared a response to the same. OR received the fee auditor's final report on May 19, 2008 whereby the fee auditor recommended the approval of $171,316.00 for fees and $6,756.82 in expenses.

- 10 -

16.    There have been no objections filed with respect to the Fifth Quarterly. OR received the fee auditor's final report regarding the Fifth Quarterly whereby the fee auditor recommended the approval of $79,596.50 in fees and $1,835.03 in expenses.

17.    There have been no objections filed with respect to the Sixth Quarterly. On October 23, 2008, OR received the fee auditor's Initial Report regarding the Sixth Quarterly and prepared a response to the same. OR received the fee auditor's final report on November 20, 2008, whereby the fee auditor recommended a reduction of $2,360 in fees. OR did not object to this recommendation. The fee auditor's final report regarding the Sixth Quarterly recommended the approval of $200,550.50 in fees and $$5,040.37 in expenses.

18.    There have been no objections filed with respect to the Seventh Quarterly. OR received the fee auditor's final report regarding the Seventh Quarterly whereby the fee auditor recommended the approval of $387,233.50 in fees and $3,660.38 in expenses.

19.    There have been no objections filed with respect to the Eighth Quarterly. The fee auditor approved $70,167.00 in fees and $961.76 in expenses.

20.    There have been no objections filed with respect to the Ninth Quarterly. OR received the fee auditor's final report regarding the Ninth Quarterly whereby the fee auditor recommended the approval of $57,332.00 in fees and $925.75 in expenses.

21.    There have been no objections filed with respect to the Tenth Quarterly. OR received the fee auditor's final report regarding the Tenth Quarterly whereby the fee auditor recommended the approval of $32,882.00 in fees and $211.78 in expenses.

- 11 -

22.    There have been no objections filed with respect to the Eleventh Quarterly. OR received the fee auditor's final report regarding the Eleventh Quarterly whereby the fee auditor recommended the approval of $51,643.50 in fees and $1,184.45 in expenses..

23.    There have been no objections filed with respect to the Twelfth Quarterly. OR received the fee auditor's final report regarding the Twelfth Quarterly whereby the fee auditor recommended the approval of $160,053.50 in fees and $1,235.79 in expenses.

24.    There have been no objections filed with respect to the Thirteenth Quarterly. OR received the fee auditor's final report regarding the Thirteenth Quarterly whereby the fee auditor recommended the approval of $187,329.00 in fees and $3,828.81 in expenses.

25.    There have been no objections filed with respect to the Fourteenth Quarterly. OR received the fee auditor's final report regarding the Fourteenth Quarterly whereby the fee auditor recommended the approval of $4,966.50 in fees and $170.43 in expenses.

26.    There have been no objections filed with respect to the Fifteenth Quarterly. OR received the fee auditor's final report regarding the Fifteenth Quarterly whereby the fee auditor recommended the approval of $12,294.00 in fees and $280.49 in expenses.

27.    There have been no objections filed with respect to the Sixteenth Quarterly. OR is awaiting the fee auditor's final report regarding the Sixteenth Quarterly.

28.    By this Seventeenth Quarterly Fee Application, OR requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by OR from January 1, 2011 through

- 12 -

March 31, 2011,[2] less any amounts previously paid to OR pursuant to the Monthly Fee Applications and Quarterly Fee Applications and the procedures set forth in the Amended Interim Compensation Order.  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Monthly Fee Applications and Quarterly Fee Applications that already have been filed with the Court.

29.    At all relevant times, OR has been a disinterested person as that term is defined in Section 101(14) of the United States Bankruptcy Code, as modified by section 1107(b) of the United States Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

30.    All services for which compensation is requested by OR were performed for or on behalf of the Debtors and not on behalf of any committee, creditor, or other person.

31.    OR believes that the Sixteenth Quarterly Fee Application complies with the requirements of Del. Bankr. LR 2016-2 and the Amended Interim Compensation Order.

32.    During the Interim Period, OR has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases, other than the interim compensation payments pursuant to the Amended Interim Compensation Order.  There is no agreement or understanding between OR and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

---

[2] OR reserves its right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee application.

- 13 -

33.    The professional services and related expenses for which OR requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of OR's professional responsibilities as special counsel for Debtors in the Chapter 11 Cases.  OR's services have been necessary and beneficial to the Debtors and their estates, creditors, and other parties in interest.

34.    Pursuant to Fed R. Bank. P. 2016(b), OR has not shared, nor has agreed to share: (a) any compensation it has received or may receive with another party or person other than with the parties, counsel and associates of OR, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, OR respectfully requests that the Court enter an order, providing that (a) for the period from January 1, 2011 through March 31, 2011, an administrative allowance be made to OR in the sum of CDN$65,112.00 as compensation for reasonable and necessary professional services rendered to the Debtors and, in the sum of CDN$760.44 for reimbursement of actual and necessary costs and expenses incurred, for a total of CDN$65,872.44; (b) that the Debtors be authorized and directed to pay to OR the outstanding amount of such sums, less any sums previously paid to OR pursuant to the Monthly Fee Applications and Quarterly Fee Applications and the procedures set forth in the Amended Interim Compensation Order and (c) this Court grant such further relief as is equitable and just.

Dated: May ___9th___ 2011.

Respectfully submitted,

OGILVY RENAULT, LLP
Per

Teresa J. Walsh  LSUC#385140
200 Bay Street, Suite 3800
Royal Bank Plaza, South Tower

- 14 -

Toronto, ON  M5J 2Z4
Tel:    416.216.4080
Fax:    416.216.3930

Special Counsel for Debtors and
Debtors-In-Possession

## VERIFICATION

PROVINCE OF ONTARIO  :

CITY OF TORONTO        :

Teresa J. Walsh, after being duly sworn according to law, deposes and says:

(a)    I am a partner with the law firm Ogilvy Renault LLP ("OR").

(b)    I am familiar with the legal services rendered by OR as special counsel to the
       Debtor and Debtors in Possession by the lawyers and paraprofessionals of OR.

(c)    I have reviewed the foregoing Application and the facts set forth therein are true
       and correct to the best of my knowledge, information and belief.  Moreover, I
       submit that I have been duly advised by our agent James O'Neill with the law firm
       of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. that the Application
       substantially complies with Local Bankruptcy Rules for the District of Delaware.

SWORN AND SUBSCRIBED before
me this 9ᵗʰ  day of May, 2011

_____              _____
A Commissioner for Taking                           Teresa J. Walsh
Affidavits

*Greg Sheahan*