## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.**, *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S COMBINED FINAL REPORT REGARDING THOSE FEE APPLICATIONS WITH *DE MINIMIS* OR NO FEE OR EXPENSE ISSUES FOR THE THIRTY-NINTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding all the Interim Fee Applications of those firms for which we have *de minimis*[1] or no fee or expense issues for the Thirty-Ninth Interim Period (collectively referred to hereafter as the "Applications").[2]

### BACKGROUND

1.      Anderson Kill & Olick, P.C. ("AKO"), was retained as special insurance counsel to the Official Committee of Asbestos Personal Injury Claimants. AKO seeks approval of fees totaling $452,438.50 and expenses totaling $1,862.82 for its services during the Application Period.

2.      David T. Austern ("Austern") was retained as the Legal Representative for Asbestos Personal Injury Future Claimants. Austern seeks approval of fees totaling $1,800.00 and expenses totaling $724.90 for his services during the Application Period.

---

[1]For purposes of this report, applications with *de minimis* issues are those for which: (1) our recommended reductions total less than $250, *and* (2) the applicant has agreed to our recommended reductions.

[2]The Thirty-Ninth Interim Period encompasses October 1, 2010 through December 31, 2010 (the "Application Period").

3.      The Law Offices of Janet S. Baer, P.C. ("Baer P.C."), was retained as co-counsel to the Debtors and Debtors-in-Possession.  Baer P.C. seeks approval of fees totaling $372,507.50 and expenses totaling $7,954.64 for its services during the Application Period.

4.      Beveridge & Diamond, P.C. ("Beveridge & Diamond"), was retained as special counsel to the Debtors.  Beveridge & Diamond seeks approval of fees totaling $45,394.50 and expenses totaling $449.97 for its services during the Application Period.

5.      Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg") was retained as counsel to the Official Committee of Asbestos Property Damage Claimants.  Bilzin Sumberg seeks approval of fees totaling $11,752.00 and expenses totaling $1,284.73 for its services during the Application Period.

6.      Blackstone Advisory Services L.P. ("Blackstone") was retained as financial advisor to the Debtors.  Blackstone seeks approval of a flat fee totaling $475,000.00[3] and expenses totaling $3,691.01 for its services during the Application Period.

7.      BMC Group ("BMC") was retained as Claims Reconciliation and Solicitation Consultant to the Debtors.  BMC seeks approval of fees totaling $49,749.50 and expenses totaling $6,605.70 for its services during the Application Period.

8.      Campbell & Levine, LLC ("Campbell & Levine"), was retained as Delaware and associated counsel to the Official Committee of Asbestos Personal Injury Claimants.  Campbell & Levine seeks approval of fees totaling $32,033.00 and expenses totaling $1,799.77 for its services during the Application Period.

---

[3]For the Application Period, Blackstone lists 758.70 hours worked, which computes to an effective hourly rate of $626.07.

9.      Caplin & Drysdale, Chartered ("Caplin & Drysdale"), was retained as counsel to the Official Committee of Asbestos Personal Injury Claimants.  Caplin & Drysdale seeks approval of fees totaling $44,919.50 and expenses totaling $168.16 for its services during the Application Period.

10.     Capstone Advisory Group, LLC ("Capstone"), was retained as financial advisor to the Official Committee of Unsecured Creditors.  Capstone seeks approval of fees totaling $176,259.00 and expenses totaling $538.25 for its services during the Application Period.

11.     Casner & Edwards, LLP ("Casner"), was retained as special litigation counsel to the Debtors.  Casner seeks approval of fees totaling $36,913.00 and expenses totaling $34,911.91 for its services during the Application Period.

12.     Charter Oak Financial Consultants, LLC ("Charter Oak"), was retained as financial advisor to the Official Committee of Asbestos Personal Injury Claimants.  Charter Oak seeks approval of fees totaling $37,525.00 and no expenses for its services during the Application Period.

13.     Day Pitney LLP ("Day Pitney") was retained as special counsel to the Debtors.  Day Pitney seeks approval of fees totaling $3,993.00 and no expenses for its services during the Application Period.

14.     Deloitte Tax LLP ("Deloitte Tax") was retained to provide tax services to the Debtors and Debtors-in-Possession.  Deloitte Tax seeks approval of fees totaling $27,387.00 and expenses totaling $31.00 for its services from July 1, 2010 through September 30, 2010 (the "Thirty-Eighth Interim Period").

15.     Duane Morris LLP ("Duane Morris") was retained as counsel to the Official Committee of Unsecured Creditors.  Duane Morris seeks approval of fees totaling $23,319.00 and

expenses totaling $988.07 for its services during the Application Period.

16.    Ferry, Joseph & Pearce, P.A. ("Ferry Joseph"), was retained as counsel to the Official Committee of Asbestos Property Damage Claimants.  Ferry Joseph seeks approval of fees totaling $24,634.00 and expenses totaling $1,869.65 for its services during the Application Period.

17.    Foley Hoag LLP ("Foley Hoag") was retained as special environmental counsel to the Debtors.  Foley Hoag seeks approval of fees totaling $40,401.00 and expenses totaling $398.62 for its services during the Application Period.

18.    Fragomen, Del Rey, Bernsen & Loewy LLP ("Fragomen") was retained as immigration counsel to the Debtors.  Fragomen seeks approval of fees totaling $5,650.00 and expenses totaling $14,183.17 for its services during the Application Period.

19.    The Hogan Firm ("Hogan") was retained as Delaware counsel to the Canadian Zonolite Attic Insulation ("ZAI") Claimants.  Hogan seeks approval of fees totaling $37,132.00 and expenses totaling $2,326.25 for its services during the Application Period.

20.    Holme Roberts & Owen, LLP ("Holme"), was retained as special environmental counsel to the Debtors.  Holme seeks approval of fees totaling $1,242.50 and expenses totaling $2,051.81 for its services from April 1, 2010 through June 30, 2010 (the "Thirty-Seventh Interim Period") and fees totaling $2,888.50 and expenses totaling $1,598.71 for its services for the Thirty-Eighth Interim Period.

21.    Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") was retained as co-counsel to the Official Committee of Equity Holders.  Kramer Levin seeks approval of fees totaling $16,846.00 and expenses totaling $247.86 for its services during the Application Period.

22.    Lauzon Bélanger Lespérance ("Lauzon Bélanger) was retained as Canadian counsel

to the Canadian ZAI Claimants.  Lauzon Bélanger seeks approval of fees totaling CDN $9,913.75 and expenses totaling CDN $1,319.55 for its services during the Application Period.

23.     Legal Analysis Systems, Inc. ("LAS"), was retained as asbestos-related bodily injury consultant to the Official Committee of Asbestos Personal Injury Claimants.  LAS seeks approval of fees totaling $5,070.00 and no expenses for its services for the Thirty-Eighth and Thirty-Ninth Interim Periods.

24.     Lincoln Partners Advisors LLC ("Lincoln") was retained as financial advisor to David T. Austern, the Asbestos Personal Injury Future Claimants' Representative.  Lincoln seeks approval of fees totaling $200,000.00[4] and expenses totaling $371.83 for its services during the Application Period.

25.     Ogilvy Renault LLP ("Ogilvy Renault") was retained as special counsel to the Debtors and Debtors-in-Possession in Canada.  Ogilvy Renault seeks approval of fees totaling CDN $10,270.50 and expenses totaling CDN $201.83 for its services during the Application Period.

26.     Pachulski Stang Ziehl & Jones LLP ("Pachulski") was retained as counsel to the Debtors.  Pachulski seeks approval of fees totaling $79,656.50 and expenses totaling $64,293.70 for its services during the Application Period.

27.     Protiviti Inc. ("Protiviti") was retained as Sarbanes-Oxley compliance advisor to the debtors.  Protiviti seeks approval of no fees and expenses totaling $10,850.00[5] for its services during

---

[4]For the current Application Period, Lincoln recorded 270.70 hours worked, which computes to an effective hourly rate of $738.82.

[5]We noted that this $10,850.00 expense was described only as "sundry" in Protiviti's Application.  In response to our inquiry, Protiviti advised us that this is an annual charge for maintenance of the Sarbanes-Oxley ("SOX") software which is licensed to W.R. Grace.  Thus, we have no objection to this expense.

the Application Period.

28.     Reed Smith LLP ("Reed Smith") was retained as special asbestos products liability defense counsel to the Debtors.  Reed Smith seeks approval of fees totaling $41,003.60 and expenses totaling $1,475.84 for its services during the Application Period.

29.     Alan B. Rich ("Alan Rich") was retained as counsel to the Honorable Alexander M. Sanders, Jr., Legal Representative for Future Asbestos-Related Property Damage Claimants.  Alan Rich seeks approval of fees totaling $28,765.00 and expenses totaling $1,190.02 for his services during the Application Period.

30.     The Honorable Alexander M. Sanders, Jr. ("Judge Sanders"), was retained as the Legal Representative for Future Asbestos-Related Property Damage Claimants.  Judge Sanders seeks approval of fees totaling $6,525.00 and expenses totaling $88.00 for his services during the Application Period.

31.     Saul Ewing LLP ("Saul Ewing") was retained as co-counsel to the Official Committee of Equity Holders.  Saul Ewing seeks approval of fees totaling $25,565.00 and expenses totaling $497.89 for its services during the Application Period.

32.     Scarfone Hawkins LLP ("Scarfone Hawkins") was retained as Canadian counsel to the Canadian ZAI Claimants.  Scarfone Hawkins seeks approval of fees totaling CDN $23,348.75 and expenses totaling CDN $3,065.44 for its services during the Application Period.

33.     Steptoe & Johnson LLP ("Steptoe") was retained as special tax counsel to the Debtors.  Steptoe seeks approval of fees totaling $1,694.00 and expenses totaling $0.90 for its services during the Application Period.

34.     Stroock & Stroock & Lavan LLP ("Stroock") was retained as counsel to the Official

Committee of Unsecured Creditors.  Stroock seeks approval of fees totaling $141,141.25 and expenses totaling $2,635.46 for its services during the Application Period.

35.    Woodcock Washburn LLP ("Woodcock Washburn") was retained as special litigation counsel to the Debtors.  Woodcock Washburn seeks approval of fees totaling $25,318.50 and expenses totaling $4,360.14 for its services during the Application Period.

36.    In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Applications in their entirety, including each of the time and expense entries included in the exhibits to the Applications, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2011, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

## DISCUSSION

37.    We have no objections to or issues with, any of the Applications.[6]

## CONCLUSION

38.    In summary, for the Application Period, we recommend approval of the following fees and expenses for these Applicants:

      a.      AKO - $452,438.50 in fees and $1,862.82 in expenses;

---

[6]We inquired of Stroock concerning time entries which were missing from its Application, as well as an instance of multiple professionals attending a hearing.  We address these issues in more detail in the attached Appendix A.

b.      Austern - $1,800.00 in fees and $724.90 in expenses;

c.      Baer - $372,507.50 in fees and $7,954.64 in expenses;

d.      Beveridge & Diamond - $45,394.50 in fees and $449.97 in expenses;

e.      Bilzin Sumberg - $11,752.00 in fees and $1,284.73 in expenses;

f.      Blackstone - $475,000.00 in fees and $3,505.48 in expenses ($3,691.01 minus $185.53[7]);

g.      BMC - $49,749.50 in fees and $6,605.70 in expenses;

h.      Campbell & Levine - $32,033.00 in fees and $1,799.77 in expenses;

i.      Caplin & Drysdale - $44,919.50 in fees and $168.16 in expenses;

j.      Capstone - $176,259.00 in fees and $538.25 in expenses;

k.      Casner - $36,913.00 in fees and $34,911.91 in expenses;

l.      Charter Oak - $37,525.00 in fees;

m.      Day Pitney - $3,993.00 in fees;

n.      Deloitte Tax - $27,387.00 in fees and $31.00 in expenses for the Thirty-Eighth Interim Period;

o.      Duane Morris - $23,319.00 in fees and $988.07 in expenses;

p.      Ferry Joseph - $24,634.00 in fees and $1,869.65 in expenses;

q.      Foley Hoag - $40,401.00 in fees and $398.62 in expenses;

r.      Fragomen - $5,650.00 in fees and $14,183.17 in expenses;

s.      Hogan - $37,132.00 in fees and $2,326.25 in expenses;

t.      Holme - $1,242.50 in fees and $2,051.81 in expenses for the Thirty-Seventh Interim Period and $2,888.50 in fees and $1,598.71 in expenses for the

---

[7]This reflects a recommended reduction of $185.53 for late night meal and taxi charges for which Blackstone agreed to withdraw its request for reimbursement.

Thirty-Eighth Interim Period;

u.      Kramer Levin - $16,846.00 in fees and $247.86 in expenses;

v.      Lauzon Bélanger - CDN $9,913.75 in fees and CDN $1,319.55 in expenses;

w.      LAS - $5,070.00 in fees for the Thirty-Eighth and Thirty-Ninth Interim Periods;

x.      Lincoln Partners - $200,000.00 in fees and $371.83 in expenses;

y.      Ogilvy Renault - CDN $10,270.50 in fees and CDN $201.83 in expenses;

z.      Pachulski - $79,656.50 in fees and $64,293.70 in expenses;

aa.     Protiviti - $10,850.00 in expenses;

bb.     Reed Smith - $41,003.60 in fees and $1,475.84 in expenses;

cc.     Alan Rich - $28,740.00 in fees ($28,765.00 minus $25.00[8]) and $1,190.02 in expenses;

dd.     Judge Sanders - $6,525.00 in fees and $88.00 in expenses;

ee.     Saul Ewing - $25,565.00 in fees and $497.89 in expenses;

ff.     Scarfone Hawkins - CDN $23,348.75 in fees and CDN $3,065.44 in expenses;

gg.     Steptoe - $1,694.00 in fees and $0.90 in expenses;

hh.     Stroock - $141,141.25 in fees and $2,635.46 in expenses; and

ii.     Woodcock Washburn - $25,318.50 in fees and $4,360.14 in expenses.

---

[8]This reflects a recommended reduction of $25.00 to correct a mathematical error in Alan Rich's fee request, to which reduction Mr. Rich has agreed.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
      Warren H. Smith
      Texas State Bar No. 18757050

Republic Center
325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

      **FEE AUDITOR**


      **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 10th day of May, 2011.


_____
      Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicants**
Robert Y. Chung
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

David T. Austern
Claims Resolution Management Corporation
3110 Fairview Park Drive, Suite 200
Falls Church, VA 22042-0683

Janet S. Baer
The Law Offices of Janet S. Baer, P.C.
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601-4277

Pamela D. Marks
Beveridge & Diamond, P.C.
201 N. Charles Street, Suite 2210
Baltimore, MD 21201

Scott L. Baena
Jay M. Sakalo
Matthew I. Kramer
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

John James O'Connell III
Managing Director
Blackstone Advisory Services L.P.
345 Park Avenue
New York, NY 10154

Myrtle H. John
BMC Group
600 1st Avenue, Suite 300
Seattle, Washington 98104

Marla R. Eskin
Mark T. Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
800 North King Street, Suite 300
Wilmington, DE 19899

Elihu Inselbuch, Esq.
Rita C. Tobin
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Edwin N. Ordway, Jr.
Capstone Advisory Group, LLC
Park 80 West
250 Pehle Avenue, Suite 105
Saddle Brook, NJ  07663

Robert A. Murphy
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

James P. Sinclair
Charter Oak Financial Consultants, LLC
430 Center Avenue
Mamaroneck, NY 10543

Anthony J. Marchetta
Day Pitney LLP
One Jefferson Road
Parsippany, NJ 07054

Jared Gordon, Principal
Deloitte Tax LLP
1700 Market Street
Philadelphia, PA 19103

Michael R. Lastowski
Richard W. Riley
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

William S. Katchen
Duane Morris LLP
One Riverfront Plaza
Newark, NJ  07102

Michael B. Joseph
Theodore J. Tacconelli
Lisa L. Coggins
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 1000
P. O. Box 1351
Wilmington, DE 19899

Adam P. Kahn
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600

Scott E. Bettridge
Fragomen, Del Rey, Bernsen & Loewy LLP
One Alhambra Plaza, Suite 600
Coral Gables, FL 33134

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE 19806

Eric E. Johnson
Holme Roberts & Owen, LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203

Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10022

Mark A. Peterson
Dan Relles
Legal Analysis Systems, Inc.
970 Calle Arroyo
Thousand Oaks, CA 91360

Jason Solganick
Lincoln Partners Advisors LLC
400 Madison Avenue, 21st Floor
New York, NY 10017-8901

Teresa J. Walsh
Ogilvy Renault LLP
200 Bay Street, Suite 3800
Royal Bank Plaza, South Tower
Toronto, ON   M5J 2Z4

James E. O'Neill
Laura Davis Jones
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

Scott Laliberte
Protiviti Inc.
Two Liberty Place
50 South 16th Street, Suite 2900
Philadelphia, PA 19102

Kurt F. Gwynne
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222

Alan B. Rich
4244 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Teresa K. D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

Anne E. Moran
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C.  20036

Lewis Kruger
Kenneth Pasquale
Arlene Krieger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

Gary H. Levin
Woodcock Washburn LLP
Cira Centre – 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
Deanna Boll
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

# APPENDIX A

## (Stroock)

1.      With respect to Stroock's Application, we noted that on December 13, 2010, attorneys Lewis Kruger ($995), Kenneth Pasquale ($875), and Arlene Krieger ($695) attended a hearing.  The total time spent, including non-working travel and preparation time, was 13.00 hours, and fees of $9,615.75 were billed.

| | | | |
|---|---|---|---|
| 12/13/2010 | Travel to attend court hearing. | | |
| | Pasquale, K. | 3.5 | 1,531.25 |
| 12/09/2010 | Prep for 12/13 court hearing re: confirmation issues. | | |
| | Pasquale, K. | 2.1 | 1,837.50 |
| 12/10/2010 | Continued review of confirmation record in prep for 12/13 hearing. | | |
| | Pasquale, K. | 2.3 | 2,012.50 |
| 12/13/2010 | Attend (telephonically) plan confirmation status hearing and exchanged memoranda with KP re: same. | | |
| | Krieger, A. | 1.8 | 1,251.00 |
| 12/13/2010 | Attend court hearing telephonically re: interest issue on bank debt. | | |
| | Kruger, L. | 0.8 | 796.00 |
| 12/13/2010 | Prep. for and court hearing. | | |
| | Pasquale, K. | 2.5 | 2,187.50 |

Paragraph II.D.5. of the U.S. Trustee Guidelines provides: "If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."  We asked Stroock to explain why it was necessary for each attorney to attend the hearing, and Stroock's response is attached as Response Exhibit 1.  We accept Stroock's response and have no objection to these fees.

2.      We also noted that the fee detail for Matter Code 20, "Fee Application, Other," was

missing from the November 2010 monthly application.  In response to our request, Stroock provided us with a copy of these time entries, which we reviewed and attached as Response Exhibit 2.  We have reviewed, and have no objection to, these fees.

**Response Exhibit 1**

As you are aware, Stroock & Stroock & Lavan LLP ("Stroock") represents the Official Committee of Unsecured Creditors (the "Creditors' Committee"), which body represents bank, trade and all other holders of non-asbestos unsecured debt of the Debtors. Stroock regards its representation of the Creditors' Committee as a significant responsibility to do the very best job it can effectively and efficiently for the non-asbestos unsecured creditors of these estates. Stroock submits that the monthly fees and expense reimbursement charges it billed to the Debtors' estates are relatively modest, especially given the complexity of the issues in these cases....

... As a general response, Stroock has previously informed the Fee Auditor, and it should be obvious from the time detail accompanying the many fee applications filed during these chapter 11 cases, that Mr. Kruger, Mr. Pasquale and Ms. Krieger, with few, if any, exceptions, constitute the Stroock "team" that has been responsible for representing the Creditors' Committee throughout these chapter 11 cases thereby ensuring efficiency and consistency in such representation. Mr. Kruger, a senior partner in the financial restructuring group, focuses on all long term plan and chapter 11 strategy and emergence issues of importance to the Creditors' Committee. Mr. Pasquale, a partner in the bankruptcy and litigation departments, participates in all aspects of these cases, focusing on all plan and emergence issues and related litigation, including the Creditors' Committee's pending objections to confirmation of the plan proposed by the Debtors and certain other parties (the "Plan") and the related post-petition interest litigation. Ms. Krieger has the day to day overall responsibility for these cases, interfaces with the Creditors' Committee and its members and provides bankruptcy-related services, including those with respect to Plan confirmation and the pending post-petition interest litigation and Plan confirmation objections. It is Stroock's position that each of these professionals play necessary but distinct roles in these proceedings that are not duplicative and for whose services Stroock should be compensated in full.

On December 7, 2010, Judge Fitzgerald issued an order[9] (the "December Order") directing counsel to be prepared to address at the upcoming omnibus hearing on December 13, 2010 (the "Hearing"), two specifically identified plan-related questions. The proposed payment of post-petition interest to Class 9 holders of general unsecured creditors represented by the Creditors' Committee was the focus of one of the two-specifically identified questions. In addition, the December Order directed parties to be prepared to address "[s]uch other plan-related questions as may be raised at the hearing." The December Order came at a point in time in these then almost ten year old cases when all parties were waiting for, and, in fact, were expecting, the Court to issue an order either granting or denying confirmation of the Plan.

We have previously informed the Fee Auditor that whether multiple attorneys from Stroock attend a certain hearing, call, or, meeting is dependent upon the nature and importance of the matters that

---

[9] Order Regarding Issues to be Addressed at the Omnibus Hearing on December 13, 2010, Related to Plan Confirmation entered December 7, 2010. [Dkt. No. 25875].

are the subject of the event.  Clearly, the issues raised, and that could be raised, at the Hearing, implicated issues of substantial significance to the Creditors' Committee.  Accordingly, this firm's preparation for and attendance at the Hearing was essential to fully represent the Creditors' Committee and address the Court's questions and any related issues that might arise.

As reflected in the time detail identified in the Report, Mr. Pasquale prepared for and was the only Stroock attorney who attended the hearing in person.  Mr. Kruger attended less than half of the Hearing by telephone.  Ms. Krieger also attended the Hearing telephonically, thereby enabling her to know in real time what was being addressed by the Court, and to immediately respond to creditor and counsel inquiries on the Hearing.

Stroock therefore submits that the amount expended in connection with the Hearing by the three attorneys with primary responsibility for these cases on behalf of the Creditors' Committee is reasonable and should be allowed in its entirety.