IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |
| | | **Objection Date: June 6, 2011 @ 4:00 pm** |

**THIRTY-NINTH INTERIM FEE APPLICATION OF
LEGAL ANALYSIS SYSTEMS, INC.,
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS
ASBESTOS-RELATED BODILY INJURY CONSULTANT TO THE OFFICIAL
COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS OF W.R. GRACE &
CO., FOR THE PERIOD JANUARY 1, 2011 THROUGH MARCH 31, 2011**

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members (the "Administrative Order"), the consulting firm of Legal Analysis Systems, Inc. ("LAS") hereby submits this Thirty-Ninth interim application ("Thirty-Ninth Interim Application") for compensation for professional services rendered as asbestos-related bodily injury consultant to the Official Committee of Asbestos Personal Injury Claimants (the "P.I. Committee") of the Debtor, W.R. Grace & Co., *et al.* (the "Debtors"), in an amount of $18,212.50 together with reimbursement of LAS' actual and necessary expenses incurred in the amount of $0.00 for the period commencing January 1, 2011 through and including March 31, 2011 (the "Period"). In support of this Thirty-Ninth Interim Application, LAS respectfully represents as follows:

{D0203690.1 }

## I.     JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334.

## II.     BACKGROUND

2. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 under Title 11 of the United States Code (the "Bankruptcy Code").

3. From the Petition Date through the date of this Thirty-Ninth Interim Application, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On April 12, 2001, the Office of the United States Trustee appointed the P.I. Committee pursuant to section 1102 of the Bankruptcy Code.

5. On May 4, 2001, 2001 the P.I. Committee filed and served its Application of the Official Committee of Asbestos Personal Injury Claimants to Retain and Employ Legal Analysis Systems, Inc. (the "Retention Application"). Through the Retention Application, the P.I. Committee sought authorization to employ LAS as asbestos-related bodily injury consultant, effective as of April 12, 2001.  On June 13, 2001, the Court entered the Order of Court Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bank. P. 2014(a), 2016 and 5002, Authorizing the Employment and Retention of Legal Analysis Systems, Inc. as Asbestos-Related Bodily Injury Consultant to the Official Committee of Asbestos Personal Injury Claimants, *nunc pro tunc* to April 12, 2001.

## III.     RELIEF REQUESTED

6. Through this Thirty-Ninth Interim Application, LAS seek allowance and payment of $18,212.50 in fees for services rendered during the Period and reimbursement of $0.00 for

reasonable and necessary expenses incurred during the Period. Thus, LAS seeks allowance and payment in the total amount of $18,212.50.

7. LAS have received no payment and no promises for payment from any source for services rendered during the Period in connection with the case. There exists no agreement or understanding between LAS and any other person for the sharing of any compensation to be received for services rendered by LAS in the case.

8. All services for which compensation is requested by LAS pursuant to this Application were performed for or on behalf of the P.I. Committee in this case.

9. This is LAS' Thirty-Ninth Interim Application.

### IV.     SUMMARY OF SERVICES RENDERED

10. LAS have maintained detailed records of the time spent as asbestos-related bodily injury consultant for the P.I. Committee during the Period. Attached hereto as Exhibit A and incorporated herein by reference are true and correct copies of the monthly summaries prepared for the services rendered in this case by LAS. Exhibit A is in the same form regularly used by LAS to bill its clients for services rendered and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services, the amount of time spent for each service and the designation of the professional who performed the service.

11. As set forth on Exhibit A, LAS rendered 26.3 hours of professional services during the Period, resulting in legal fees totaling $18,212.50 and associated reasonable and necessary expenses totaling $0.00

12. As set forth below are the rates for the expenses incurred by LAS for which reimbursement is requested pursuant to this Application, as well as the basis for such rates for the identified expense items:

a) Copy charges: LAS charges 10 cents per page for copies and such charge is based on an analysis of the cost to LAS to make a copy;

b) Computer research charges: LAS passes through on an exact cost basis all computer-assisted research charges; and

c) Out-going facsimile charges: LAS charges $0.50 for each page. These charges are based on an analysis of the cost to LAS to send facsimile transmissions. LAS do not pass through to its client's expenses or charges related to incoming facsimile transmissions.

13. LAS have extensive experience and knowledge with respect to analyzing and solving complex problems associated with asbestos-related bodily injury matters. This experience includes analytical support in estimating the number and time of potential asbestos-related bodily injury claims by disease, development of alternative methods of providing compensation for asbestos-related diseases, estimation of the costs of such compensation and consulting with asbestos trusts on claims, procedures and estimations.

14. The general areas in which LAS has rendered professional services to the P.I. Committee during the Period in the Case may be broadly categorized as follows:

a) Development of claim procedures to be used in the development of financial models of payments and assets of a claims resolution trust;

b) Estimating the number and value of present and future asbestos-related personal injury claims;

c) Analyzing and responding to issues relating to the setting of a bar date regarding the filing of personal injury claims; and

analyzing and responding to issues relating to providing notice to personal injury claimants and assisting in the development of such notice procedures.

15. The generality of the foregoing description is amplified on a day-to-day basis by the Billing Statement attached as Exhibit A.

16. Thus, through this Thirty-Ninth Interim Application, LAS seeks payment of $18,212.50 in fees and $0.00 in expenses. A Notice of Thirty-Ninth Interim Application will be filed and served on all parties requesting notice under Bankruptcy Rule 2002 and the Thirty-Ninth Interim Application will be served on the parties specified in the Administrative Order.

## V.   ALLOWANCE OF COMPENSATION

17. LAS have necessarily and properly expended 26.3 hours of services in performance of its duties as asbestos-bodily injury consultant to the P.I. Committee. Pursuant to the Administrative Order, LAS respectfully requests payment of an interim fee allowance of professional services in the amount of $18,212.50. LAS have also necessarily incurred expenses in the amount of $0.00 in the performance of its duties to the P.I. Committee during the Period. LAS respectfully requests reimbursement of expenses in the amount of $0.00.

WHEREFORE, LAS respectfully requests that the Court enter an order approving this Thirty-Ninth Interim Application and directing payment of $18,212.50 in fees and reimbursement of $0.00 in expenses (to the extent not already paid pursuant to the Administrative Order), and for such other and further relief as the Court deems just and proper.

(*Remainder of Page Intentionally Left Blank*)

                                   LEGAL ANALYSIS SYSTEMS, INC.

*/s/Mark A. Peterson*
Mark A. Peterson
970 Calle Arroyo
Thousand Oaks, CA 91360
(805) 499-3572

*Asbestos-Related Bodily Injury Consultant for the Official Committee of Asbestos Personal Injury Claimants*

Dated:   May 16, 2011