IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**SUMMARY OF THE QUARTERLY VERIFIED FEE APPLICATION
OF CASNER & EDWARDS, LLP FOR COMPENSATION FOR
SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION
COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE FORTIETH INTERIM PERIOD
FROM JANUARY 1, 2011 THROUGH MARCH 31, 2011**

| | |
|---|---|
| Name of Applicant: | **Casner & Edwards, LLP** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **September 18, 2001, effective as of September 18, 2001** |
| Period for which compensation and reimbursement is sought: | **January 1, 2011 through March 31, 2011** |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Amount of Compensation sought as actual,
reasonable, and necessary:                                  **$41,162.00**

Amount of Expense Reimbursement sought as
actual, reasonable, and necessary:                          **$40,252.47**[2]

This is a:   __ monthly   **X** quarterly application.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 3/16/11 | 01/01/11 through 01/31/11 | $11,441.00 | $12,251.11 | No objections served on counsel | No objections served on counsel |
| 4/25/11 | 02/01/11 through 02/28/11 | $14,334.50 | $15,092.82 | Pending | Pending |
| 5/18/11 | 03/01/11 through 03/31/11 | $15,386.50 | $12,908.54 | Pending | Pending |
| TOTAL FOR INTERIM PERIOD | | $41,162.00 | $40,252.47 | | |

Counsel to Debtors and Debtors-in-Possession have filed a certificate of no objection

with the Court with respect to the Application for January 2011 because no objection was filed with

the Court within the objection period.

The Casner attorneys and paraprofessionals who rendered professional services in

these cases during the Interim Fee Period are[3]:

---

[2] This figure reflects a correction of an erroneous expense amount reported for January 2011.

[3] Any capitalized terms not defined herein have the meaning ascribed to them in the Quarterly Verified Fee Application of Casner & Edwards, LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al. for the Fortieth Interim Period from January 1, 2011 through March 31, 2011.

| Name of Professional Person | Position with the applicant | Number of years in the position | Department | Hourly billing rates | Total billed hours for the Interim Period | Total compensation for the Interim Period |
|---|---|---|---|---|---|---|
| Robert A. Murphy | Senior Counsel | 44 | Litigation | $345.00 | 7.90 | $2,725.50 |
| Robert A. Murphy | Senior Counsel | 44 | Litigation | No Charge | 0.10 | $0.00 |
| Donna M. Brewer | Partner | 27 | Litigation | $300.00 | 0.80 | $240.00 |
| Matthew T. Murphy | Partner | 23 | Litigation | $295.00 | 4.60 | $1,357.00 |
| Angela R. Anderson | Paralegal | 26 | Litigation | $130.00 | 258.60 | $33,618.00 |
| Angela R. Anderson | Paralegal | 26 | Litigation | $85.00 | 37.90 | $3,221.50 |
| TOTALS | | | | | 309.90 | $41,162.00 |

**Total Fees:  $41,162.00**

## EXPENSE SUMMARY

| Expense Category | Expenses for the Interim Period |
|---|---|
| Outside Copying | $164.09 |
| Photocopying ($0.10/page) | $3.10 |
| Excess Postage | $15.05 |
| Federal Express | $98.13 |
| Pacer Online Search | $76.72 |
| Rent Reimbursement | $38,564.23 |
| Miscellaneous | $1,331.15 |
| TOTAL | $40,252.47 |

**Total Expenses:  $40,252.47**

## CUMULATIVE COMPENSATION SUMMARY BY PROJECT CATEGORY

| Project Category | Total Hours for the Interim Period | Total Hours from the Petition Date | Total Compensation for the Interim Period | Total Compensation from the Petition Date |
|---|---|---|---|---|
| Litigation and Litigation Consulting | 304.60 | 34,975.70 | $39,368.00 | $3,733,645.25 |
| Fee Applications, Applicant | 5.30 | 404.85 | $1,794.00 | $97,845.50 |
| ZAI Science Trial | 0.00 | 1,454.80 | $0.00 | $169,754.50 |
| Expenses | N/A | N/A | $40,252.47 | $1,609,655.31 |
| ZAI Science Trial Expenses | N/A | N/A | $0.00 | $9,399.59 |
| TOTALS | 309.90 | 36,835.35 | $81,414.47 | $5,620,300.15 |

Dated:  May 17, 2011

CASNER & EDWARDS, LLP

Robert A. Murphy (BBO #363700)
303 Congress Street
Boston, MA  02210
(617) 426-5900

Special Litigation Counsel

52000.57/507911

4

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## QUARTERLY VERIFIED FEE APPLICATION
## OF CASNER & EDWARDS, LLP FOR COMPENSATION
## FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS
## SPECIAL LITIGATION COUNSEL TO W. R. GRACE & CO., ET AL.,
## FOR THE FORTIETH INTERIM PERIOD FROM
## JANUARY 1, 2011 THROUGH MARCH 31, 2011

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Revised Compensation Procedures") and Del.Bankr.LR 2016-2, the law

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

firm of Casner & Edwards, LLP ("Applicant" or "Casner"), Special Litigation Counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $41,162.00 for the reasonable and necessary legal services Casner has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that Casner incurred in the amount of $40,252.47[2] (the "Quarterly Fee Application"), for the fortieth interim period from January 1, 2011 through March 31, 2011 (the "Interim Fee Period"). In support of this Application, Casner respectfully states as follows:

## Background

### Retention of Casner

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      By this Court's order dated September 18, 2001, the Debtors were authorized to retain Casner as Special Litigation Counsel, effective as of the Petition Date (the "Retention Order"). The Retention Order authorizes the Debtors to compensate Casner at Casner's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and all applicable local rules and orders of this Court. On

---

[2] This figure reflects a correction of an erroneous expense amount reported for January 2011.

2

April 19, 2002, this Court entered the Revised Compensation Procedures, pursuant to which this Fee Application is being filed.

**Monthly Fee Applications Covered Herein**

3.    Pursuant to the procedures set forth in the Revised Compensation Procedures, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Revised Compensation Procedures may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certificate of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.    Furthermore, and also pursuant to the Revised Compensation Procedures, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.    This is the thirty-eighth Quarterly Fee Application for compensation for services rendered that Casner has filed with the Bankruptcy Court in connection with the Chapter 11

Cases, which covers the fortieth Interim Fee Period January 1, 2011 through March 31, 2011, encompassing the months of January through March 2011.

        6.      Casner has filed the following Monthly Fee Applications for interim compensation during this Interim Fee Period:

        1.      Amended Summary of the One Hundred and Twelfth Monthly Application of Casner & Edwards, LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to Debtors for the Period from January 1, 2011 through January 31, 2011 (Related Docket No. 26562), filed March 16, 2011, (the "January Fee Application") attached hereto as Exhibit A.

        2.      Summary of the One Hundred and Thirteenth Monthly Application of Casner & Edwards, LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to Debtors for the Period from February 1, 2011 through February 28, 2011, filed April 25, 2011, (the "February Fee Application") attached hereto as Exhibit B.

        3.      Summary of the One Hundred and Fourteenth Application of Casner & Edwards, LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to Debtors for the Period from March 1, 2011 through March 31, 2011, filed May 18, 2011, (the "March Fee Application") attached hereto as Exhibit C (collectively, the January Application, the February Application and the March Application are the "Applications").

        7.      Casner has not filed any other Quarterly Fee Applications or Monthly Fee Applications during this Interim Fee Period. The period for objecting to the fees and expense reimbursement requested in the January Fee Application has passed without any objection being filed, whereupon the Debtors filed a certificate of no objection with the Court for the January Fee Application and paid interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested in the January Fee Application. The periods for objecting to the fees and expense reimbursement requested in the February and March Fee Applications have not yet expired.

        8.      Casner has advised and represented the Debtors in connection with litigation strategy, in particular, asbestos bodily injury litigation and with respect to the maintenance and

operation of the Debtors' document repository and any future production of documents from the repository to plaintiffs. Casner has performed various professional services that are described in the Applications.

**Requested Relief**

9.      By this thirty-eighth Quarterly Fee Application, Casner requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Casner for the fortieth Interim Fee Period, which is from January 1, 2011 through March 31, 2011, as detailed in the Applications, less any amounts previously paid to Casner pursuant to the Applications and the procedures set forth in the Revised Compensation Procedures.[3] As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through C.

**Disinterestedness**

10.      As disclosed in the Affidavit of Robert A. Murphy in Support of the Application of the Debtors to employ Casner & Edwards, LLP as Special Litigation Counsel to the Debtors, (the "Murphy Affidavit"), filed August 13, 2001, Casner does not hold or represent any interest adverse to the estates, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

---

[3] Casner reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the January 1, 2011 through March 31, 2011 period that are not otherwise included in the relevant Applications.

11.    Casner may in the past have represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. Casner disclosed in the Murphy Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. Casner will update the Murphy Affidavit when necessary and when Casner becomes aware of any material new information.

**Representations**

12.    Casner believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

13.    Casner performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

14.    Casner has received a payment for 80% of the fees and 100% of expenses for the services performed and expenses incurred in January 2011, presented in the Application in the amount of $21,403.91.

15.    Pursuant to Fed. R. Bank. P. 2016(b), Casner has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Casner, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

16.    Although every effort has been made to include all fees and expenses from the Interim Fee Period in the Application, some fees and expenses from the Interim Fee Period might not be included in the Application due to accounting and processing delays. Casner reserves the right to make further application to the Court for allowance of fees and expenses for the Interim Fee Period not included herein.

6

WHEREFORE, Casner respectfully requests that the Court enter an order providing (a) that, for the Interim Fee Period January 1, 2011 through March 31, 2011, an administrative allowance be made to Casner in the sum of (i) $41,162.00 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $40,252.47 for reimbursement of actual and necessary costs and expenses incurred, for a total of $81,414.47, (b) that the Debtors be authorized and directed to pay to Casner the outstanding amount of such sums less any sums previously paid to Casner pursuant to the Applications and the procedures set forth in the Revised Compensation Procedures and (c) that this Court grant such further relief as is equitable and just.

Dated:  May 17, 2011                              CASNER & EDWARDS, LLP

                                                  Robert A. Murphy (BBO #363700)
                                                  303 Congress Street
                                                  Boston, MA  02210
                                                  (617) 426-5900

                                                  Special Litigation Counsel

52000.57/507911

7

## VERIFICATION PURSUANT TO DEL.BANKR.LR. 2016-2(f) AND 28 U.S.C. §1746(2)

I, Robert A. Murphy, Esquire, verify as follows:

1.      I am Senior Counsel with the applicant firm, Casner & Edwards, LLP ("Casner") and have been admitted to the Bar of the Commonwealth of Massachusetts since 1966.  Casner has rendered professional services in these Chapter 11 cases as Special Litigation Counsel.

2.      I have read the foregoing application of Casner for compensation and reimbursement of expenses (the "Thirty-Eighth Quarterly Fee Application").  To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the facts set forth in the foregoing Thirty-Eighth Quarterly Fee Application are true and correct and materially comply with the applicable orders, rules, guidelines and requirements as set forth by the Bankruptcy Code, Local Rule 2016-2, the Federal Rules of Bankruptcy Procedure, this Bankruptcy Court and the Executive Office for the United States Trustees.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on:  May 17, 2011

Robert A. Murphy

52000.57/507911.1