```
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   DISTRICT OF DELAWARE
 4   Case No. 01-01139(JKF)
 5   - - - - - - - - - - - - - - - - - - - -x
 6   In the Matter of:
 7
 8   W.R. GRACE & CO., et al.,
 9
10              Debtors.
11
12   - - - - - - - - - - - - - - - - - - - -x
13
14              U.S. Bankruptcy Court
15              824 North Market Street
16              Wilmington, Delaware
17
18              April 18, 2011
19              9:55 AM
20
21   B E F O R E:
22   HON. JUDITH K. FITZGERALD
23   U.S. BANKRUPTCY JUDGE
24
25   ECR OPERATOR:  NICKITA BARKSDALE
```

1
2  **HEARING re objection seeking disallowance of claim number 2114**
3  **of N.Y. Hillside, Inc.**
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Transcribed by:   Penina Wolicki

1  A P P E A R A N C E S :  (TELEPHONICALLY)
2  BAER HIGGINS FRUCHTMAN LLC
3       Attorneys for Debtors
4  BY:   JANET BAER, ESQ.
5        ROGER HIGGINS, ESQ.
6
7  KIRKLAND & ELLIS
8       Attorneys for Debtors
9  BY:   DEANNA BOLL, ESQ.
10       ADAM PAUL, ESQ.
11
12 PACHULSKI STANG ZIEHL & JONES
13      Attorneys for Debtors
14 BY:   KATHLEEN P. MAKOWSKI, ESQ.
15
16 ANDERSON KILL & OLICK
17      Attorneys for Official asbestos Property
18      damage claimants committee
19 BY:   ROBERT M. HORKOVICH, ESQ.
20
21 BILZIN, SUMBERG, BAENA, PRICE & AXELROD
22      Attorneys for Official asbestos Property
23      damage claimants committee
24 BY:   SCOTT, BAENA, ESQ.
25      JAY SAKALO, ESQ.

Case 01-01139-AMC   Doc 26969   Filed 05/20/11   Page 4 of 20

Page 4

```
 1

 2   CONNOLLY BOVE LODGE & HUTZ LLP

 3        Attorneys for Maryland Casualty Co.

 4   BY:  MARK J. PHILLIPS, ESQ.

 5

 6   COZEN O'CONNOR

 7        Attorneys for Federal Insurance Company

 8   BY:  JACOB COHN, ESQ.

 9        ILAN ROSENBERG, ESQ.

10

11   CROWELL & MORING LLP

12        Attorneys for Everest Reinsurance Company et al.

13   BY:  LESLIE A. DAVIS, ESQ.

14        MARK PLEVIN, ESQ.

15

16   DEWEY & LEBOEUF LLP

17   BY:  JENNIFER WHITENER, ESQ.

18

19   DIES & HILE LLP

20        Attorneys for Official asbestos Property

21        damage claimants committee

22

23   BY:  MARTIN DIES, ESQ.

24

25
```

VERITEXT REPORTING COMPANY
212-267-6868          www.veritext.com          516-608-2400

1
2  DUANE MORRIS LLP
3        Attorneys for Official Creditors' Committee
4  BY:   MICHAEL R. LASTOWSKI
5
6  ECKERT, SEAMANS, CHERIN & MELLOTT LLC
7        Attorneys for Maryland Casualty Co.
8  BY:   GABRIELLA CELLAROSI, ESQ.
9        EDWARD LONGOSZ, ESQ.
10
11 FERRY JOSEPH & PEARCE P.A.
12       Attorneys for Official asbestos Property
13       damage claimants committee
14 BY:   THEODORE J. TACCONELLI, ESQ.
15
16 FORD MARRIN ESPOSITO WITMEYER & GLESER LLP
17 BY:   ELIZABETH J. DECRISTOFARO, ESQ.
18       SHAYNE SPENCER, ESQ.
19
20 GOODWIN & PROCTER LLP
21       Attorneys for CNA Insurance Companies
22 BY:   MICHAEL GIANNOTTO, ESQ.
23
24
25

1

2  HAMILTON, RABINOVITZ & ALSHULER

3       Attorneys for Official asbestos Property

4       damage claimants committee

5  BY:   FRANCINE RABINOVITZ, ESQ.

6

7  KRAMER LEVIN NAFTALIS & FRANKEL, LLP

8       Attorneys for Official committee of equity holders

9  BY:   DAVID E. BLABEY, JR., ESQ.

10

11 LANDIS RATH & COBB, LLP

12      Attorneys for Bank Lender Group

13 BY:   RICHARD S. COBB, ESQ.

14       JAMES S. GREEN, JR., ESQ.

15

16 LAW OFFICE OF ALAN B. RICH

17      Attorney for Property Damage FCR

18 BY:   ALAN B. RICH, ESQ.

19

20 LIEFF, CABRASER, HEIMANN & BERNSTEIN

21      Attorneys for Official asbestos Property

22      damage claimants committee

23 BY:   ELIZABETH J. CABRASER

24

25

Page 7

1
2  MARKS, O'NEILL, O'BRIEN & COURTNEY
3        Attorneys for Everest Reinsurance Company
4  BY:   BRIAN L. KASPRZAK, ESQ.
5
6  O'MELVENY & MEYERS
7        Attorneys for Arrowwood Indemnity co.
8  BY:   CHARLES NERKO, ESQ.
9        TANCRED V. SCHIAVONI, ESQ.
10
11 PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
12       Attorneys for Bank Lender Group
13 BY:   KELLIE CAIRNS, ESQ.
14       SARAH HARNETT, ESQ.
15       MARGARET A. PHILLIPS, ESQ.
16       ANDREW N. ROSENBERG, ESQ.
17       STEPHEN SHIMSHAK, ESQ.
18       REBECCA ZUBATY, ESQ.
19
20 ORRICK HERRINGTON & SUTCLIFFE
21       Attorneys for future claimants representative
22 BY:   DEBRA FELDER, ESQ.
23       ROGER FRANKEL, ESQ.
24       RICHARD H. WYRON, ESQ.
25

Case 01-01139-AMC   Doc 26969   Filed 05/20/11   Page 8 of 20

Page 8

1

2  PEPPER HAMILTON LLP

3       Attorneys for Burlington Northern Santa Fe Railway

4  BY:   LINDA J. CASEY

5

6  PHILLIPS, GOLDMAN & SPENCE, P.A.

7       Attorneys for future claimants representative

8  BY:   JOHN C. PHILLIPS, JR., ESQ.

9

10 PRYOR CASHMAN LLP

11      Attorneys for Asbestos property damage claimants

12 BY:   RICHARD LEVY, ESQ.

13

14 RICHARDSON PATRICK WESTBROOK & BRICKMAN, LLC

15      Attorneys for Official asbestos Property

16      damage claimants committee

17 BY:   EDWARD J. WESTBROOK, ESQ.

18

19

20 SCOTT LAW OFFICE

21      Attorneys for Official asbestos Property

22      damage claimants committee

23 BY:   DARREL SCOTT, ESQ.

24

25

VERITEXT REPORTING COMPANY
212-267-6868   www.veritext.com   516-608-2400

1  SKADDEN ARPS SLATE MEAGHER & FLOM
2       Attorneys for Sealed Air Corp.
3  BY:   DAVID M. TURETSKY, ESQ.
4
5  SPEIGHTS & RUNYAN
6       Attorneys for Official asbestos Property
7       damage claimants committee
8  BY:   ALAN RUNYAN, ESQ.
9        GIBSON SOLOMONS, ESQ.
10       DANIEL SPEIGHTS, ESQ.
11
12 STROOCK & STROOCK & LAVAN LLP
13      Attorneys for Official Creditors' Committee
14 BY:   ARLENE G. KRIEGER, ESQ.
15
16 STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.
17      Attorneys for Claimant firms
18 BY:   DAVID J. PARSONS, ESQ.
19
20 THE BRANDI LAW FIRM
21      Attorneys for Official asbestos Property
22      damage claimants committee
23 BY:   THOMAS J. BRANDI, ESQ.
24
25

1

2  VINSON & ELKINS, LLP

3  BY: ARI BERMAN, ESQ.

4

5  WILEY REIN LLP

6      Attorneys for Zurich Insurance Co.

7  BY: RICHARD S. IFFT, ESQ.

8

9  WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

10     Attorneys for Royal Indemnity Company

11 BY: CARL PERNICONE, ESQ.

12

13 WOMBLE CARLYLE SANDRIDGE & RICE

14     Attorneys for State of Montana Dept. of Env. Quality

15 BY: FRANCIS MONACO, ESQ.

16

17 ALSO PRESENT:

18     CLAIRE BURKE, Lincoln International

19     GEORGE COLES, Lincoln International

20     RICHARD FINKE, W.R. Grace & Co.

21     CHARLES JURGENS, Pro Se

22     MARK SHELNITZ, W.R. Grace & Co.

23     JASON SOLGANICK, Lincoln International

24

25

1      P R O C E E D I N G S

2        THE COURT: Okay. Then I suppose, before I should to

3  turn to Specialty, I ought to ask about W.R. Grace as well,

4  because I apologize, I had thought that everything was off on

5  that, but apparently there is still one matter that has not

6  been addressed. Ms. Makowski?

7        MS. MAKOWSKI: Yes, Your Honor. On the telephone is

8  Jan Baer. She will be addressing the Hillside matter this

9  morning.

10       THE COURT: All right, let me call W.R. Grace,

11 01-1139. The list of participants I have by phone: Scott

12 Baena, Janet Baer, Ari Berman, David Blabey, Deanna Boll,

13 Thomas Brandi, Claire Burke, Elizabeth Cabraser, Kellie Cairns,

14 Linda Casey, Gabriella Cellarosi, Richard Cobb, Jacob Cohn,

15 George Coles, Leslie Davis, Elizabeth DeCristofaro, Martin

16 Dies, John Donley, Michael Duggan, Terrance Edwards, Debra

17 Felder, Richard Finke, Roger Frankel, Michael Giannotto, James

18 Green, Sarah Harnett, Roger Higgins, Robert Horkovich, Richard

19 Ifft, Charles Jurgens, Brian Kasprzak, Arlene Krieger, Michael

20 Lastowki, Richard Levy, Edward Longosz, Eitan Melamed, Francis

21 Monaco, Charles Nerko, David Parsons, Adam Paul, Carl

22 Pernicone, Marc Phillips, Margaret Phillips, John Phillips,

23 Mark Plevin, Francine Rabinovitz, Joseph Radecki, Alan Rich,

24 Andrew Rosenberg, Ilan Rosenberg, Alan Runyan, Jay Sakalo,

25 Alexander Sanders, Tancred Schiavoni, Darrel Scott, Mark

1    Shelnitz, Stephen Shimshak, Jason Solganick, Gibson Solomons,

2    Daniel Speights, Shayne Spencer, Theodore Tacconelli, David

3    Turetsky, Edward Westbrook, Jennifer Whitener, Richard Wyron,

4    Rebecca Zubaty.

5            Ms. Baer?

6            MS. BAER:  Good morning, Your Honor.

7            THE COURT:  Oh, I'm sorry, there are some here in

8    court too.  I apologize.  Mr. Lockwood?

9            MR. LOCKWOOD:  Your Honor, Peter Lockwood.  I'm here

10   on both Flintkote and Grace.  I didn't get notice that the

11   Flintkote hearing was cancelled, but I was here.

12           THE COURT:  Okay.  Thank you.  Anyone else in court

13   for Grace?

14           Okay, Ms. Baer?

15           MS. BAER:  Good morning, Your Honor.  Janet Baer on

16   behalf of W.R. Grace.  Your Honor, there's one matter on the

17   agenda, I guess, sort of.  We weren't quite sure what to do

18   with this.  As you might recall, N.Y. Hillside filed a proof of

19   claim and the debtor objected to it.  On January 14th Your

20   Honor entered an order disallowing the claim.  The reason for

21   the disallowance of the claim was primarily because N.Y.

22   Hillside was a California corporation, yet its response to our

23   objection was filed by an individual pro se, who appeared on

24   the phone to argue the merits.

25           Your Honor held, of course, that a corporation cannot

1  be represented pro se, it must have counsel.  And you
2  disallowed the claim without prejudice to N.Y. Hillside's right
3  to reassert the claim upon a proper motion being brought by
4  N.Y. Hillside by counsel.
5           What happened next, Your Honor, is shortly after that,
6  a gentleman named Charles Jurgens, who was the gentleman who
7  had appeared pro se the last time this was up, filed a notice
8  of dissolution of claimant N.Y. Hillside, and appearance pro se
9  by successor-in-interest.  Mr. Jurgens filed this apparently
10 with the Court.  We got a copy of it.  And it did not appear on
11 the docket, but it clearly had been sent to the courthouse.
12          That document showed a secretary of state copy of a
13 copy from California, indicating that N.Y. Hillside had been
14 dissolved in October of 2003.  The certificate of dissolution,
15 again a copy of a copy, indicated that the known assets of N.Y.
16 Hillside had been distributed to persons entitled thereto.
17 That dissolution certificate was signed by Mr. Jurgens as a
18 director.
19          Mr. Jurgens attached that to this notice of
20 dissolution he filed with the Court here on January 10th of
21 2011, and indicated on there that he, in fact, is the
22 successor-in-interest on the N.Y. Hillside claim.  However,
23 Your Honor, there's no documentation that shows he's the
24 successor-in-interest to that claim, purchased that claim or
25 has distributed the claim.

```
 1        We weren't quite sure what to do with this.  Mr.
 2   Jurgens called our office a number of times trying to find out
 3   what was going on, whether this would be put on the agenda.  I
 4   frankly don't know, Your Honor, if you consider this to be an
 5   appropriate motion to reopen the claim.  But out of an
 6   abundance of caution and given Mr. Jurgens is pro se, we felt
 7   that we would put it on the agenda, and at least address
 8   procedurally at, first, whether or not it should be here and
 9   should be heard, and then, of course, if Your Honor wants to go
10   forward and hear the merits of our objection, we believe that
11   the claim, in fact, should remain disallowed, that there are no
12   merits to the claim, and we're happy to address that.
13        But I think initially, Your Honor has to decide
14   whether or not there's in fact an appropriate motion to reopen
15   the claim, and secondly, whether or not there's any evidence in
16   the record at this point, that Mr. Jurgens, who's appearing
17   here pro se, in fact is the owner of this claim.
18        THE COURT:  Well, no, I don't think any evidence of
19   that fact has been submitted, and I'm not aware that any motion
20   to reopen has been filed.  So at this point, I don't think
21   there's anything before me.
22        MS. BAER:  Your Honor, from the debtors' perspective,
23   we certainly agree.  And again, given it's a pro se document
24   that came in, we always end up putting those sorts of things on
25   the agenda.
```

1           I believe Mr. Jurgens is on the phone if he wants to
2   address this.  Otherwise I would suggest, Your Honor, that the
3   order stand as the claim being disallowed, and this be done
4   with.
5           THE COURT:  Mr. Jurgens, are you on?
6           MR. JURGENS:  Yes, I am here.  Thank you.  Not being
7   of counsel here, I maybe am short of some things.  But the fact
8   is, I am the successor-in-interest.  I don't know how we prove
9   that.  And the claim, I think, is quite legitimate.  I have no
10  reason why -- I don't understand why it's being rejected.
11          THE COURT:  Well, it was rejected initially because
12  the corporation was not represented by counsel.
13          MR. JURGENS:  Yes, I understand --
14          THE COURT:  And then you filed a certificate that said
15  in fact there is no corporation, and that the assets of the
16  corporation have been distributed.  But there is nothing that
17  tells me to whom the assets were distributed or what the assets
18  were that were distributed.  So first of all, I don't know
19  that.
20          Secondly, there is no motion for me to reconsider this
21  claim, in any event.  And I'm sure that I said that a motion of
22  some sort had to be filed, because it has to be teed up in some
23  fashion that lets me know what the issues are.  And at the
24  moment, I don't even know what the issues are.  So until --
25          MR. JURGENS:  Well, I did file --

1         THE COURT:  -- I have some motion.  Well, I didn't get

2    a motion filed.  And I know that you've contacted my staff many

3    times, Mr. Jurgens.  I've not spoken with you, but I know my

4    staff has, and I know from what they've told me that they've

5    told you, you have to file a motion.

6         So either, sir, you've got to file a motion or you've

7    got to get counsel to represent you to do it.  But it has to be

8    done in a procedurally correct fashion so that I have

9    jurisdiction to adjudicate this issue, which right now, I don't

10   feel I do.

11        MR. JURGENS:  Well, if I could get one more word in?

12   Thank you.  I did contact counsel.  And I spoke to Delaware

13   counsel, as a matter of fact.  And they -- the response I

14   received was that what I had filed indicating the corporation

15   had been dissolved is true and correct, and that the fact is,

16   there is no corporation.  And if that's the case, they weren't

17   clear as to whether I could represent it or not.  That's where

18   I'm sitting here, in no-man's-land, not sure what to do.

19        THE COURT:  Well, I'm not permitted to give you legal

20   advice, Mr. Jurgens, but if there is no corporation, there's no

21   corporate claim.

22        MR. JURGENS:  Right.

23        THE COURT:  If you're the successor, then somehow or

24   other, you're going to have to establish that you are, because

25   otherwise, with a dissolved corporation, I don't know what the

1  claim would be, since the corporation's been dissolved since
2  2003.  Ms. Makowski's here.  One second.
3           Ms. Makowski?
4           MS. MAKOWSKI:  Yes, Your Honor.  I just wanted to
5  address the one point that Mr. Jurgens contacted Delaware
6  counsel.  If he spoke to anyone, that would be Jamie O'Neill in
7  our office, as you know.  Mr. O'Neill is traveling today and
8  was not able to attend.  I will confirm, if the Court wishes,
9  any conversations that he had with Mr. Jurgens, but I don't
10 anticipate that that was the substance of their conversation.
11          THE COURT:  Well, I'm sorry, Mr. Jurgens.  I thought
12 you were talking about Delaware counsel to represent your
13 interest?
14          MR. JURGENS:  That's -- well, I -- that's right.  I
15 was trying to figure out how to do that.  Then when I discussed
16 it with counsel, and the corporation had been dissolved, they
17 suggested, which I did send this form in on February the 3rd,
18 indicating that the corporation had been dissolved and asking
19 the Court to treat me on a pro se basis.
20          THE COURT:  I understand that that's what you've done.
21 I still need a motion to take a look at this objection on the
22 merits.  Because with this corporation dissolved, the
23 corporation filed the claim, as I understand it, Mr. Jurgens,
24 you didn't.
25          So you've got to contact counsel to get it into a

Case 01-01139-AMC    Doc 26969    Filed 05/20/11    Page 18 of 20
W.R. GRACE & CO., ET AL.

Page 18

1  manner that is procedurally proper.  I'm not permitted to give

2  you legal advice.  I can't tell you how to do it.  You have to

3  figure that out with your own counsel.

4             MR. JURGENS:  I see.  So if I understand you

5  correctly, I have to be able to prove that I'm a successor-in-

6  interest in this respect.

7             THE COURT:  You're going to have to get the matter

8  procedurally in a posture that I can adjudicate it.  And you

9  should discuss that matter with counsel, because it's something

10 on which you may need legal advice.  That's all I'm permitted

11 to tell you, Mr. Jurgens.

12            MR. JURGENS:  Okay, thank you.  I appreciate that.

13            THE COURT:  Okay.  As I said when I denied this

14 objection in the first place, it's without prejudice.  I don't

15 have anything before me.  If I get something before me, Ms.

16 Baer, then yes, please put it on the agenda.  But as of now, I

17 don't have a motion.

18            MS. BAER:  Thank you, Your Honor.  And just to make it

19 very clear, we will not put anything on the agenda unless it is

20 a proper motion.  Again, with pro se letters, we sometimes do

21 this out of an abundance of caution, but we appreciate Your

22 Honor's dealing with it this way, and we will wait and see.

23            THE COURT:  Okay.  Thank you.  Anything else in Grace?

24            MS. BAER:  No, Your Honor.  That's the only matter

25 that was on the agenda --

Case 01-01139-AMC    Doc 26969    Filed 05/20/11    Page 19 of 20
W.R. GRACE & CO., ET AL.

Page 19

1           THE COURT:  All right.

2           MS. BAER:  -- that's left.

3           THE COURT:  Thank you.

4           MS. BAER:  Thank you, Your Honor.

5           THE COURT:  Grace parties, anyone who's not interested
6   in what's going to happen in Specialty Products are free to
7   disconnect.  And I think Flintkote already has disconnected.

8        (Whereupon these proceedings were concluded at 10:06 AM)

1
2                    C E R T I F I C A T I O N
3
4   I, Penina Wolicki, certify that the foregoing transcript is a
5   true and accurate record of the proceedings.
6
7
8   _____
9   PENINA WOLICKI
10  AAERT Certified Electronic Transcriber CET**D-569
11
12  Veritext
13  200 Old Country Road
14  Suite 580
15  Mineola, NY 11501
16
17  Date:  May 20, 2011