DATE OF SERVICE OF CLAIMS SETTLEMENT NOTICE: JUNE 1, 2011

OPPOSITION/RESPONSE DUE: JUNE 21, 2011

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

### CLAIM SETTLEMENT NOTICE

THIS NOTICE (THE "CLAIMS SETTLEMENT NOTICE") IS PROVIDED TO YOU PURSUANT TO THAT CERTAIN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (THE "BANKRUPTCY COURT") *AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING* (THE "COURT ORDER"). YOU MUST ADHERE TO THE TERMS OF THIS CLAIMS SETTLEMENT NOTICE IN ORDER TO PROTECT YOUR RIGHTS. PLEASE READ THE FOLLOWING PROCEDURES CAREFULLY.[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined in this Stipulation shall have the meanings ascribed to them, as the case may be, in the *Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and*

Pursuant to the Court Order, the Debtors must provide notice to the Negative Notice Parties (as defined herein) of any settlement with a value that equals or exceeds $50,000, but does not exceed $1,000,000. Such notice must include the terms of the settlement and the Debtors' basis for belief that each settlement is fair and reasonable. Pursuant to the terms of the Court Order, if the terms set forth in this Claims Settlement Notice are not objected to in writing by any of the Negative Notice Parties within twenty (20) days after the date of transmittal of such written notice, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Bankruptcy Court by the Debtors of a certificate of no objection with respect to such settlements. **In no event, however, will a settlement executed by the Debtors in accordance with the Court Order provide for any monetary payments to be made by the Debtors from property of their estates to or on behalf of a settling party on account of any claims owing or arising prior to April 2, 2001, the date the Debtors filed their petitions for relief under title 11 of the United States Code.** Such claims shall be satisfied in accordance with such further orders of the Bankruptcy Court or in accordance with the Debtors' plan of reorganization.

If you oppose the settlement of the Claim (as defined below) on the terms set forth herein, you must follow the procedures delineated below. Please note that objections, oppositions or comments to the procedures set forth herein shall not be deemed an objection to the settlement of the Claim and will, therefore, not be considered.

### *Summary of Terms of Settlement*

On or about September 23 and 24, 2008, the Federal Environmental Protection Agency ("EPA" or "Claimant") conducted a Compliance Evaluation Inspection of Debtors' Curtis Bay facility located at 5500 Chemical Road, Baltimore, Maryland. After follow-up investigation, on May 21, 2010 EPA issued a "Show Cause" letter to Debtors, asserting violations of certain provisions of the Resource Conservation and Recovery Act ("RCRA")of 1976, as amended by *inter alia*, the Hazardous and Solid Waste Amendments of 1984, and State of Maryland hazardous waste regulations, and EPA initiated an enforcement process and sought an unspecified penalty. Debtors met with EPA to review in detail EPA's allegations and Debtors' defenses on July 21, 2010, and in this meeting Debtor explained why EPA should not seek to pursue certain allegations, and should not seek a maximum penalty concerning other alleged violations. Thereafter, EPA calculated a penalty of $248,000, which is a significant penalty but is far less than the maximum that the agency theoretically could have sought. After additional negotiations, Debtors' and EPA reached agreement to resolve the matter by Debtors' payment of a penalty of $150,000without the need for litigation and without any admission by Debtor as to liability. This agreement is set forth in a Consent Agreement and Final Order ("CAFO"), and is anticipated to become effective when the Final Order (signed by the Regional Administrator of U.S. EPA Region III or the Regional Judicial Officer) is filed with the Regional Hearing Clerk of U.S. EPA - Region III.

---

*Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding*, [Docket no. 936] (the "Omnibus Settlement Procedures Order") or the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., Et Al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee ofEquity Security Holders Dated February 27, 2009*, as thereafter amended (the "Plan").

| Claim No. | Asserted Amount | Asserted Priority | Asserted Basis for Claim |
|---|---|---|---|
| No claim filed | $150,000 (after negotiations) | Administrative | Post-Petition Environmental Liability |

On the terms and conditions set forth more fully in the CAFO, which is attached hereto as Exhibit A, the Debtors and the Claimant have agreed to settle the Claim with a payment by Debtor of $150,000 in the time and manner as set forth in the CAFO.

### *Objection Procedures:*

If you object to the settlement of the Claim, you **MUST** serve on the parties listed below (collectively, the "Negative Notice Parties") a written objection to this Claim Settlement Notice. All objections and responses must be received by the Negative Notice Parties at the facsimile numbers set forth below no later than twenty (20) days after the date of this notice (**June 21, 2011**) at 4:00 p.m. (E.S.T.).

If a timely objection is not received by the Negative Notice Parties and Debtors' counsel, the Claim shall be deemed resolved without further notice or hearing of the Bankruptcy Court.

If a timely objection is received by the Negative Notice Parties' and Debtors' counsel and a resolution to the objection cannot be reached among the parties, the Debtors will file a copy of the Claim Settlement Notice and your objection with the Court and will schedule a hearing to consider the Claim Settlement Notice. Unless otherwise ordered by the Court, if such objection is overruled or withdrawn, the settlement of the Claim shall be deemed to have occurred on the date the Court enters an order approving the Claim Settlement Notice.

Any questions or comments regarding the foregoing procedures may be forwarded to James E. O'Neill of Pachulski Stang Ziehl & Jones LLP at 919 N. Market St., 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705, (302) 652-4100.

**[Remainder of Page Intentionally Left Blank]**

## DISTRIBUTION LIST/NEGATIVE NOTICE PARTIES

### *OFFICE OF UNITED STATES TRUSTEE*

United States Trustee's Office  FAX: (302) 573-6497
Attn: David M. Klauder
844 King Street, Suite 2207
Lock Box 35
Wilmington, DE 19801

### *COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'*

Stroock & Stroock & Lavan LLP  FAX: (212) 806-6006
180 Maiden Lane
New York, New York 10038-4982
Attn: Arlene G. Krieger, Esq.

### *COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS*

Caplin & Drysdale  FAX: (212) 644-6755
375 Park Avenue, 35th Floor
New York, NY 10152
Attn: Elihu Inselbuch

Caplin & Drysdale  FAX: (202) 429-3301
One Thomas Circle, N.W., Suite 1100
Washington, District of Columbia 20005
Attn: Peter Van N. Lockwood

Campbell & Levine  FAX: (302) 426-9947
800 North King Street, Suite 300
Wilmington, DE 19801
Attn: Mark T. Hurford

### *COUNSEL TO THE OFFICIAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS*

Bilzin Sumberg Baena Price & Axelrod LLP  FAX: (305) 374-7593
First Union Financial Center
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Attn: Scott L. Baena

4

## *COUNSEL TO THE L/C FACILITY AGENT AND L/C ISSURERS*

Latham & Watkins  **FAX: (312) 993-9767**
SearsTower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Attn:   Douglas Bacon

## *COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS*

Kramer Levin Naftalis & Frankel LLP  **FAX: (212) 715-8000**
1177 Avenue of the Americas
New York, New York 10036
Attn:   Philip Bentley
        David Blabey

## *CO-COUNSEL TO THE DEBTORS*

Kirkland & Ellis LLP  **FAX: (312) 862-2200**
300 N. LaSalle Street
Chicago, Il 60654
Attn:   Adam Paul, Esq.

Baer Higgins Fruchtman LLC  **FAX: (312) 577-0737**
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Attn: Janet S. Baer, P.C.
      Roger J. Higgins, P.C.

Pachulski Stang Ziehl & Jones LLP  **FAX: (302) 652-4400**
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Attn:   James O'Neill, Esq.

**[Remainder of Page Intentionally Left Blank]**

Dated: June 1, 2011

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4022

and

PACHULSKI STANG ZIEHL & JONES LLP

_____

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession