DATE OF SERVICE OF CLAIMS SETTLEMENT NOTICE: JUNE 7, 2011

OPPOSITION/RESPONSE DUE: JUNE 27, 2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## CLAIM SETTLEMENT NOTICE

THIS NOTICE (THE "CLAIMS SETTLEMENT NOTICE") IS PROVIDED TO YOU PURSUANT TO THAT CERTAIN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (THE "BANKRUPTCY COURT") *AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING*[DOCKET NO. 936] (THE "COURT ORDER"). YOU MUST ADHERE TO THE TERMS OF THIS CLAIMS SETTLEMENT NOTICE IN ORDER TO PROTECT YOUR RIGHTS. PLEASE READ THE FOLLOWING PROCEDURES CAREFULLY.[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined in this Notice shall have the meanings ascribed to them, as the case may be, in the Settlement Agreement attached hereto as Exhibit A, the Court Order or the *First Amended Joint Plan of*

DOCS_DE:170551.1

Pursuant to the Court Order, the Debtors must provide notice to the Negative Notice Parties (as defined herein) of any settlement with a value that equals or exceeds $50,000, but does not exceed $1,000,000. Such notice must include the terms of the settlement and the Debtors' basis for belief that each settlement is fair and reasonable. Pursuant to the terms of the Court Order, if the terms set forth in this Claims Settlement Notice are not objected to in writing by any of the Negative Notice Parties within twenty (20) days after the date of transmittal of such written notice, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Bankruptcy Court by the Debtors of a certificate of no objection with respect to such settlements. **In no event, however, will a settlement executed by the Debtors in accordance with the Court Order provide for any monetary payments to be made by the Debtors from property of their estates to or on behalf of a settling party on account of any claims owing or arising prior to April 2, 2001, the date the Debtors filed their petitions for relief under title 11 of the United States Code.** Such claims shall be satisfied in accordance with such further orders of the Bankruptcy Court or in accordance with the Debtors' plan of reorganization.

If you oppose the settlement of the TIPA Patent Actions on the terms set forth herein (as documented in the settlement agreement attached hereto as Exhibit A hereto, the "Settlement Agreement"), you must follow the procedures delineated below. Please note that objections, oppositions or comments to the procedures set forth herein shall not be deemed an objection to the settlement of the Claim and will, therefore, not be considered.

### *Summary of Terms of Settlement*

1. **Description of the Claims and Causes of Action**. W. R. Grace & Co.-Conn. ("Grace") is the owner of Spanish Patent No. ES 0415799, United Kingdom Patent No. GB(EP)0415799, and Malaysian Patent No. MY-109490-A (collectively, together with all foreign counterparts, continuations, divisionals, reexaminations, and re-issuances thereof, "TIPA Patents"), and Grace-SA, Grace-UK and Grace-MY (collectively with Grace, the "Settlors") are licensees of the TIPA Patents. The Grace Settlors and Fosroc-Intl, Fosroc-Euco and Fosroc-MY (the "Fosroc Settlors" and collectively with the Grace Settlors, the "Settlors") have engaged in, and/or are currently engaged in the lawsuits in Spain, the United Kingdom and Malaysia listed in Exhibit B hereto (the "TIPA Patent Actions"), which primarily involve claims by the Grace Settlors that the Fosroc Settlors have supplied cement additive products leading to the infringement of the TIPA Patents. The current status of these actions is summarized as follows and as explained in further detail in ¶ 4:

- The liability portion of the first of the two Spanish TIPA Patent Actions is substantially completed, except for the amount of interests and costs to which Grace-SA is entitled.

---

*Reorganization* in these Chapter 11 Cases, as amended [Docket nos. 19579, 20666, 20872, 20873, 21594, 24657, 25881 & 26368] (the "Plan").

- A hearing in the other Spanish TIPA Patent Action, which seeks infringement damages for the period after the filing of the first Spanish TIPA Patent Action, has not yet been scheduled.

- The UK TIPA Patent action is substantially completed, with certain costs, fees, and expenses still in dispute.

- The Malaysian TIPA Patent Action is pending, but no trial has occurred and no ruling on validity, infringement liability, or damages has yet been made.

- Although all non-litigated TIPA Patents in countries other than Malaysia and the Philippines have expired as of the date hereof, liability for past infringement under such expired and non-litigated, TIPA Patents may still exist.

2. **Proposed Terms of the Settlement**. The Settlors propose that the Settlement be effected on the following terms and conditions, as more fully set forth in the Settlement Agreement attached hereto as Exhibit A:

(a) The Grace Settlors will agree (i) to settle all claims anywhere in the world under the TIPA Patents, including those which are the subject of the TIPA Patent Actions, and those which could have been brought or may still be able to be brought in countries not involved in the TIPA Patent Actions; and (ii) to grant the Fosroc Settlors and their affiliates a fully paid-up, worldwide, non-exclusive, non-transferable license to make and have made, use and have used, sell and have sold products under the TIPA Patents, including the right to sublicense customers to use products sold by the Fosroc licensees; but Fosroc may not otherwise assign or sublicense rights under the TIPA Patents.

(b) The Fosroc Settlors will make nonrefundable payments to the Grace Settlors as follows:

| Payable to: | Amount Payable On Signing | Additional Amount Payable By March 31, 2012 |
|---|---|---|
| Grace | $220,000 | $180,000 |
| Grace SA | $132,727 | $117,273 |
| Grace-UK | $ 27,273 | $ 22,727 |
| Grace-MY Malaysia | $220,000 | $180,000 |

3. **Requirements of Order**. The Court Order requires that "[n]o settlement will be agreed unless it is reasonable in the judgment of the Debtors upon consideration of (i) the probability of success if the claim is litigated or arbitrated, s continue to be litigated, (ii) the complexity, expense and likely duration of any litigation or arbitration with respect to the claim, (iii) other factors relevant to assessing the wisdom of the settlement and (iv) the fairness of the settlement vis-à-vis the Debtors' estates, creditors and shareholders" (p. 3, par. c.).

3

4. **Background of Settlement**. The Debtors engaged in arm's-length, good faith negotiations with the Fosroc Settlors over the course of approximately two to three months, and have concluded that given the difficulty and expense of proving additional infringement damages, and the inherent uncertainties of patent litigation, the terms and conditions of settlement available from the Fosroc Settlors, including the allocation of the settlement amounts among the Grace Settlors, are reasonable.

(a) The first Spanish TIPA Patent Action is substantially complete and the remaining issue is the amount of interest and costs to which Grace Spain is entitled. Under the settlement, the Spanish court would be directed to release to Grace Spain the funds that were paid into the court's account by Fosroc with respect to interest and costs.

(b) In the second Spanish TIPA Patent Action, Grace-SA seeks infringement damages for the period following the filing in 2007 of the first Spanish TIPA Patent Action. Under the settlement, $250,000 is apportioned to Grace-SA based on the same rate as damages calculated and paid to Grace-SA in the first Spanish TIPA Patent Action.

(c) In the UK TIPA Action, Grace-UK paid for the successful defense against Fosroc's action to revoke the UK TIPA Patent. Under the settlement, Fosroc will pay $50,000 to settle Grace-UK's claims for remaining unpaid costs.

(d) In Malaysia, Grace Malaysia filed an infringement action against Fosroc-MY, and Fosroc-MY filed a defense and counterclaim. Sophisticated patent litigation is not common in Malaysia, the courts are not experienced in handling patent litigation, and that the case presents an issue of first impression in Malaysia. Because of the resulting uncertainty regarding the duration or expense of the litigation, the likelihood of obtaining judgment in Grace's favor, or the amount of any damages award, the Debtors concluded that $400,000 was a reasonable apportionment to Grace-MY.

(e) The $400,000 to be paid to Grace in the settlement is for paid-up licenses under the TIPA Patents granted to the Fosroc Settlors and their affiliates to settle any and all TIPA Patent claims worldwide.

5. **Reasonableness of Settlement**. Based on the analysis set forth above, the Debtors believe that the settlement is reasonable under the criteria of the Order, and fair and reasonable and in the best interests of the Debtors' estates, creditors and shareholders.

*Objection Procedures:*

If you object to the settlement of the Claim, you **MUST** serve on the parties listed below (collectively, the "Negative Notice Parties") a written objection to this Claim Settlement Notice. All objections and responses must be received by the Negative Notice Parties at the facsimile numbers set forth below no later than twenty (20) days after the date of this notice (June__, 2011) at 4:00 p.m. (E.S.T.).

If a timely objection is not received by the Negative Notice Parties and Debtors' counsel, the Claim shall be deemed resolved without further notice or hearing of the Bankruptcy Court.

If a timely objection is received by the Negative Notice Parties' and Debtors' counsel and a resolution to the objection cannot be reached among the parties, the Debtors will file a copy of the Claim Settlement Notice and your objection with the Court and will schedule a hearing to consider the Claim Settlement Notice. Unless otherwise ordered by the Court, if such objection is overruled or withdrawn, the settlement of the Claim shall be deemed to have occurred on the date the Court enters an order approving the Claim Settlement Notice.

Any questions or comments regarding the foregoing procedures may be forwarded to James E. O'Neill of Pachulski Stang Ziehl & Jones LLP at 919 N. Market St., 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705, (302) 652-4100.

**[Remainder of Page Intentionally Left Blank]**

DOCS_DE:170551.1

## DISTRIBUTION LIST/NEGATIVE NOTICE PARTIES

***OFFICE OF UNITED STATES TRUSTEE***

United States Trustee's Office
Attn: David M. Klauder
844 King Street, Suite 2207
Lock Box 35
Wilmington, DE 19801

**FAX: (302) 573-6497**

***COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'***

Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982
Attn: Arlene G. Krieger, Esq.

**FAX: (212) 806-6006**

***COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS***

Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152
Attn: Elihu Inselbuch

**FAX: (212) 644-6755**

Caplin & Drysdale
One Thomas Circle, N.W., Suite 1100
Washington, District of Columbia 20005
Attn: Peter Van N. Lockwood

**FAX: (202) 429-3301**

Campbell & Levine
800 North King Street, Suite 300
Wilmington, DE 19801
Attn: Mark T. Harford

**FAX: (302) 426-9947**

***COUNSEL TO THE OFFICIAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS***

Billson Samberg Buena Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Attn: Scott L. Buena

**FAX: (305) 374-7593**

## COUNSEL TO THE L/C FACILITY AGENT AND L/C ISSUERS

Latham & Watkins  FAX: (312) 993-9767
Sears Tower, Suite 5800
233 South Wicker Drive
Chicago, IL 60606
Attn:   Douglas Bacon

## COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

Kramer Levin Naftalis & Frankel LLP  FAX: (212) 715-8000
1177 Avenue of the Americas
New York, New York 10036
Attn:   Philip Bentley
        David Blabey

## CO-COUNSEL TO THE DEBTORS

Kirkland & Ellis LLP  FAX: (312) 862-2200
300 N. LaSalle Street
Chicago, Il 60654
Attn:   Adam Paul, Esq.

Baer Higgins Fruchtman LLC  FAX: (312) 577-0737
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Attn: Janet S. Baer, P.C.
      Roger J. Higgins, P.C.

Pachulski Stang Ziehl & Jones LLP  FAX: (302) 652-4400
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Attn:   James O'Neill, Esq.

**[Remainder of Page Intentionally Left Blank]**

DOCS_DE:170551.1

Dated: June 7, 2011

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4022

and

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Kathleen P. Makowski
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession