IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re docket no. 27115, re: 27114 |
| | ) Hearing Agenda item no. _____ |

## PROTECTIVE ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THEIR MOTION FOR ENTRY OF AN ORDER AUTHORIZING, BUT NOT REQUIRING, THE DEBTORS TO PARTICIPATE IN A COMPETITIVE AUCTION, AND IF SELECTED AS THE WINNING BIDDER THEREAFTER CONSUMMATE A PROPOSED ACQUISITION

Upon consideration of the *Motion for Entry of a Protective Order Authorizing the Debtors to File the Proposed Transaction Motion, Transaction Documentation, Declarations and Certain Supplemental Filings Under Seal* (the "Motion") it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1. The Motion is granted in its entirety.

2. The Debtors are authorized to file under seal:

- The Debtors' *Motion for Entry of an Order Authorizing, but not Requiring, the Debtors to Participate in a Competitive Auction, and if Selected as the Winning Bidder, Thereafter Consummate a Proposed Transaction* (the "Proposed Transaction Motion") for the purchase from Seller (if Seller selects Grace as the winning bidder) certain assets (the "Proposed Transaction");

- The form transaction agreement attached as an exhibit to the Proposed Transaction Motion (the "TA") and the associated agreements and other transaction documentation (the "Transaction Documentation"), which Transaction Documentation shall be filed only upon Seller's selection of Grace as the winning bidder in the Auction;

- Two declarations in support of the Proposed Transaction, the first of which is from Jeremy Rohen (the "Rohen Declaration") and the second of which is from John James O'Connell III (the "O'Connell Declaration", together with the Rohen Declaration, the "Declarations"); and

- Any further documentation filed in support of the Proposed Transaction Motion on or before entry of an order authorizing the relief sought in the Proposed Transaction Motion (the "Supplemental Filings").

3. The Debtors shall serve the Proposed Transaction Motion, the Transaction Documentation, the Declarations and the Supplemental Filings (if any) on the statutory committees and futures claimants representatives appointed in these chapter 11 cases.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Motion or the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594, 24657 & 25881 (the "Plan").

4. In the event that a party-in-interest other than the Committees and the FCRs requests to review any of the Proposed Transaction Motion, the Transaction Documentation or the Supplemental Filings (if any):

- The Debtors will identify the party-in-interest to Seller;

- Seller will determine whether to consent to the party-in-interest executing an acknowledgment of and becoming bound by the Confidentiality Agreement (if Seller does not consent, then neither the Debtors, any Committee, the FCRs or any other person or entity that has received the Proposed Transaction Motion, the Transaction Documentation and/or the Supplemental Filings (if any) or any other materials sealed by the Seal Order shall disclose any of such materials);

- If Seller does so consent, the Debtors will furnish the party-in-interest with a form of the Confidentiality Agreement redacted of Seller's name and a redacted (if necessary) form of acknowledgment thereof;

- When the party-in-interest agrees in writing to execute the acknowledgment to and to be bound by the Confidentiality Agreement, the Debtors will furnish the unredacted Confidentiality Agreement and a form of acknowledgment thereof;

- The party-in-interest shall execute the acknowledgment and furnish same to the Debtors (who will furnish an electronic copy of same to Seller);

- In any such acknowledgment, the party-in-interest shall agree to file any pleading in this matter (if any) under seal pursuant to the terms of the Order;

- The Debtors then will serve the Proposed Transaction Motion, the Transaction Documentation and the Supplemental Filings (if any) on the party-in-interest to the extent that such documents have already been filed. The Debtors also will serve on the party-in-interest all such documents that are subsequently filed; and

- Any further information requests from the party-in-interest shall be dealt with pursuant to the terms of the Confidentiality Agreement.

5. Any pleadings filed by any of the Committees, FCRs or any other party-in-interest described in ¶ 4 above shall be filed under seal in their entirety.

6. The Debtors are authorized to take all actions that may be necessary file the Proposed Transaction Motion, the Transaction Documentation, the Declarations and the Supplemental Filings (if any) under seal.

7. Notice of the Seal Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the filing under seal of the Proposed Transaction Motion, the Transaction Documentation, the Declarations and the Supplemental Filings (if any).

9. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 6004(h), Fed. R. Bankr. P. 9014 if contested matter or otherwise.

Dated: June 22, 2011

*Judith K. Fitzgerald*
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge