-1-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W. R. GRACE & CO., et al., | § | Case No. 01-01139 (JKF) |
| | § | |
| *Debtors.* | § | Jointly Administered |
| | § | |
| | § | |
| | § | |

### CERTIFICATE OF COUNSEL REGARDING DOCKET NOS. 20224 & 20603

The undersigned certifies that:

1.  On December 9, 2008, he filed Docket Number 20224, titled "Application Pursuant to Sections 105, 327, 524(g) and 1109 of the Bankruptcy Code for Order Authorizing Retention *Nunc Pro Tunc* of Karl Hill, Esq. As Local Counsel to Hon. Alexander M. Sanders, Jr., Proposed Legal Representative for Future Asbestos Related Property Damage Claimants and Holders of Demands" (the "Application");

2.  There were no objections to the Application, and so on January 16, 2009, he filed Docket Number 20539, Certificate of No Objection Regarding Retention of Karl Hill, Esq. as Local Counsel;

3.  He submitted a proposed order and notice of service and filing thereof, Docket Number 20561; but said order contained a typographical error (the *nunc pro tunc* retention date was shown as September 29, 200<u>9</u>, where it should have been shown as September 29, 200<u>8</u>);

4.  Under a Certification of Counsel, on January 26, 2009, he submitted a Corrected Order and notice of service and filing thereof, Docket Number 20603; but that said corrected order with the correct *nunc pro tunc* retention date (September 29, 2008) was apparently *not* signed by the Court (although the order with the incorrect date was signed on January 23, 2009 [Doc.#20573]).

-2-

No objections were lodged to entry of the Corrected Order;

4. He is re-submitting herewith the attached Corrected Order which shows the correct *nunc pro tunc* date of retention, and respectfully requests entry of the Corrected Order.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
1201 Elm Street, Suite 4244
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

ATTORNEY FOR HON. ALEXANDER M. SANDERS, JR., FUTURE PROPERTY DAMAGE CLAIMS REPRESENTATIVE

**CERTIFICATE OF SERVICE**

I certify that on the 22nd of June, 2011, this document was served through the ECF system on all persons who have requested notice through the ECF system.

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W. R. GRACE & CO., et al., | § | Case No. 01-01139 (JKF) |
| | § | |
| *Debtors.* | § | Jointly Administered |

**CORRECTED ORDER PURSUANT TO SECTIONS 327 AND 1107 OF THE
BANKRUPTCY CODE AUTHORIZING RETENTION *NUNC PRO TUNC* OF KARL
HILL ESQ., AS COUNSEL TO HON. ALEXANDER SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED
PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS**

Upon consideration of the application (the "Application") of Alexander M. Sanders, Jr., the Proposed Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands (the "PDFCR") for the entry of an Order pursuant to section 327(a) and 1107(b) of the Bankruptcy Code, authorizing the Debtor to retain Karl Hill, Esq. to represent him as counsel in the above-referenced Chapter 11 Cases *nunc pro tunc* to September 29, 2008, after notice and hearing, and this Court being satisfied that: (i) Mr. Hill does not hold or represent any interest adverse to the PDFCR, the Debtors, their creditors, or this Bankruptcy Estate with respect to the matters for which Mr. Hill is to be engaged; (ii) Mr. Hill is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and has disclosed any matter which he believes could bear upon the finding by this Court that Mr. Hill is such a "disinterested person;" and (iii) that the employment and retention of Mr. Hill is necessary and in the best interests of the PDFCR, the Debtors, their creditors and this Bankruptcy Estate; and it appearing that the notice of the Applications were good and sufficient under the circumstances and that no other or further notice need be given,

-1-

and this Court finding good cause for the relief requested thereby, it is hereby

ORDERED that the Application is granted *nunc pro tunc* as of September 29, 2008; and it is further

ORDERED that pursuant to sections 327 and 1107 of the Bankruptcy Code, the PDFCR shall be, and hereby is, authorized and empowered to employ and retain Karl Hill, Esq. and his law firm as local counsel to the PDFCR for all matters related to these Chapter 11 Cases; and it is further

ORDERED that all notices, orders, documents, and pleadings filed in connection with these Chapter 11 Cases shall be served upon Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Post Office Box 68, Wilmington, Delaware 19899; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed this ____ day of June, 2011

_____
UNITED STATES BANKRUPTCY JUDGE