IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **CENTAUR, LLC et al.**, | : | Case No. 10-10799 (KJC) |
| | : | (Jointly Administered) |
| Debtors. | : | |

**FEE AUDITOR'S COMBINED FINAL REPORT REGARDING
THOSE FEE APPLICATIONS WITH *DE MINIMIS* OR NO FEE OR EXPENSE ISSUES
FOR THE THIRD INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding all the Interim Fee Applications of those firms for which we have *de minimis*[1] or no fee or expense issues for the Third Interim Period (collectively referred to hereafter as the "Applications").[2]

**BACKGROUND**

1.  Deloitte Financial Advisory Services LLP, ("Deloitte"), was retained as financial advisors to the official committee of unsecured creditors. In the Application, Deloitte seeks

---

[1] For purposes of this report, applications with *de minimis* issues are those for which: (1) our recommended reductions total less than $250.00, *and* (2) the applicant has agreed to our recommended reductions.

[2] The Third Interim Period encompasses September 1, 2010 through November 30, 2010 (the "Application Period").

**FEE AUDITOR'S FINAL REPORT** - Page 1
cen FR re Applications with De Minimis Objections 3rd int 9-11.10.wpd

approval of fees[3] totaling $191,275.50[4] and costs[5] totaling $2,414.10 for its services for the Application Period.

2.     Fox Rothschild LLP, ("Fox Rothschild"), was retained as co-counsel to the debtors and debtors in possession. In the Application, Fox Rothschild seeks approval of fees[6] totaling $93,625.00[7] and costs totaling $11,031.40 for its services for the Application Period.

3.     In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Applications in their entirety, including each of the time and expense entries included in the exhibits to the Applications, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2011, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Deloitte and Fox Rothschild initial reports based on our review and received responses from each of them, portions of which responses are quoted herein.

---

[3] We note that we questioned a couple of Deloitte fee issues for additional clarification. *See* the attached Appendix 1 for these questions and Deloitte's response.

[4] The total amount of fees attributable to the Valley View Downs Debtors' is $103,925.25 and the total amount of fees attributable to the Centaur Debtors is $87,350.25.

[5] We note that we questioned a couple of Deloitte expense issues for additional clarification. *See* the attached Appendix 1 for these questions and Deloitte's response.

[6] We note that we questioned a Fox Rothschild fee issue for additional clarification. *See* the attached Appendix 2 for this question and Fox Rothschild's response.

[7] According to the Application, Fox Rothschild billed $8,424.50 in fees to the VVD debtors and $85,200.50 in fees to the Centaur debtors.

## DISCUSSION

4.  We have no objections to or issues with, any of the Applications, with the exception of the *de minimis* issues noted in the following paragraph and accompanying footnotes.

## CONCLUSION

5.  In summary, for the Application Period, we recommend approval of the following fees and expenses for these Applicants:

a.  Deloitte - $191,275.50 in fees and $2,381.36 ($2,414.10 minus $32.74[8]) in costs; and

b.  Fox Rothschild - $93,535.00 ($93,625.00 minus $90.00[9]) in fees and $11,031.40 in costs.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
   Warren H. Smith
   Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Republic Center
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

---

[8] This amount reflects two meal charges ($12.74 and $20.00) wherein Deloitte agreed to an expense reduction. *See* Appendix 1.

[9] This reflects a recommended fee reduction of $90.00 for a time entry which lacked adequate detail, and Fox Rothschild agreed to a fee reduction. *See* Appendix 2.

**FEE AUDITOR'S FINAL REPORT** - Page 3
cen FR re Applications with De Minimis Objections 3rd int 9-11.10.wpd

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 24th day of June, 2011.

                                                                     Warren H. Smith

# SERVICE LIST
## Notice Parties

**Applicants**
John Sordillo
Partner
Deloitte FAS LLP
Two World Financial Center
New York, NY 10281-1414

Jeffrey M. Schlerf, Esq.
Eric M. Sutty, Esq.
John H. Strock, Esq.
Fox Rothschild LLP
919 North Market St., Suite 1600
Wilmington, DE 19801

**United States Trustee**
Richard L. Shepacarter, Esquire
Office of the U.S. Trustee
844 North Market Street, Ste 1200
Wilmington, DE 19801

**Attorneys for the Debtors**
Jeffrey M. Schlerf
Eric M. Sutty
John H. Strock
Fox Rothschild LLP
919 North Market Street, Suite 1600
Wilmington, DE 19801

Gerard H. Uzzi
Michael C. Shepherd
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036

Michael C. Shepherd
Lane E. Begy
White & Case LLP
200 South Biscayne Blvd., Ste. 4900
Miami, FL 33131

Anthony Aaron, Esq.
Ice Miller LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200

**Financial Advisors to the Debtors**
Steven Zelin
Shervin Korangy
Blackstone Advisory Services L.P.
345 Park Avenue
New York, NY 10154

Matthew J. Sodl
Innovation Capital LLC
222 N. Sepulveda Blvd., Ste 2175
El Segundo, CA 90245

**Tax Preparer and Tax Consultant to the Debtors**
Edward R. Marcum
Clifton Gunderson, LLP
9339 Priority Way West Drive, Ste. 200
Indianapolis, IN 46240

**Counsel to the Official Committee of Unsecured Creditors**
Stanley B. Tarr, Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

and

Michael Z. Brownstein, Esq.
Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208

**Financial Advisor to the Official <u>Committee</u> <u>of Unsecured Creditors</u>**
John Sordillo
Deloitte Financial Advisory Services LLP
Two World Financial Center
New York, NY 10281-1414

**Appendix 1**

**Deloitte - Valley View Downs Fees**

1. On September 7, 2010, DSP (Director), JPS (Partner/Principal), and WAT (Sr. Manager) attended a hearing. The total time spent including any preparation time was 15.15 hours[10] and total fees of $5,908.50[11].

| | | | |
|---|---|---|---|
| 09/01/10 | DSP | 0.75 | Print & review documents for testimony |
| 09/10/10 | WAT | 0.20 | Search for and pull the original claims register data to support the testimony effort |
| 09/02/10 | DSP | 0.15 | Review documents re: testimony preparation |
| 09/03/10 | WAT | 1.25 | Prepare for and attend a call with the Black Rome to discuss the testimony strategy |
| 09/06/10 | DSP | 1.50 | Met with D. Dorey (Blank Rome) re: trial testimony preparation and review |
| 09/06/10 | DSP | 0.55 | Review documentation binders in advance of 9/7/10 testimony |
| 09/06/10 | DSP | 0.40 | Review other materials for testimony preparation |
| 09/07/10 | DSP | 1.75 | Attend court hearing in connection with Committee Standing Motion and other issues |
| 09/07/10 | DSP | 1.50 | Provide direct testimony and cross examination testimony in connection with Committee Standing Motion |
| 09/07/10 | JPS | 0.50 | Prepare cross examination questions |
| 09/07/10 | JPS | 1.05 | Preparation for standing hearing with D. Dorey |
| 09/07/10 | JPS | 2.75 | Attend the Polsky and Zelin standing hearing |
| 09/07/10 | WAT | 2.65 | Attend the D Polsky and S Zelin testimony |
| 09/01/10 | DSP | 0.15 | Coordinate travel and logistics for 9/7/10 testimony |

---

[10] Time for this entry was located in the following project categories - (I) Preparation for/Participation in Court Hearings and Expert Witness Testimony and (ii) Case Administration.

[11] All timekeepers bill at $390.00 per hour.

Paragraph II.D.5. of the Guidelines provides that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." Furthermore, the Delaware Local Rules, rule 2016-2(d)(ix), states "....[t]he activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role." We asked Deloitte to provide further explanation regarding these fees. Deloitte's response is attached hereto as Response Exhibit 1. We appreciate Deloitte's response and have no objection to these fees.

## Deloitte - Centaur Fees

2. On September 7, 2010, DSP (Director), JPS (Partner/Principal), and WAT (Sr. Manager) attended a hearing. The total time spent including any preparation time was 15.15 hours[12] and total fees of $5,908.50[13].

| Date | Initials | Hours | Description |
|---|---|---|---|
| 09/01/10 | DSP | 0.75 | Print & review documents for testimony |
| 09/10/10 | WAT | 0.20 | Search for and pull the original claims register data to support the testimony effort |
| 09/02/10 | DSP | 0.15 | Review documents re: testimony preparation |
| 09/03/10 | WAT | 1.25 | Prepare for and attend a call with the Black Rome to discuss the testimony strategy |
| 09/06/10 | DSP | 1.50 | Met with D. Dorey (Blank Rome) re: trial testimony preparation and review |
| 09/06/10 | DSP | 0.55 | Review documentation binders in advance of 9/7/10 testimony |
| 09/06/10 | DSP | 0.40 | Review other materials for testimony preparation |
| 09/07/10 | DSP | 1.75 | Attend court hearing in connection with Committee Standing Motion and other issues |
| 09/07/10 | DSP | 1.50 | Provide direct testimony and cross examination testimony in connection with Committee Standing Motion |
| 09/07/10 | JPS | 0.50 | Prepare cross examination questions |
| 09/07/10 | JPS | 1.05 | Preparation for standing hearing with D. Dorey |

---

[12] Time for this entry was located in the following project categories - (I) Preparation for/Participation in Court Hearings and Expert Witness Testimony and (ii) Case Administration.

[13] *See* footnote 11 *supra*.

**FEE AUDITOR'S FINAL REPORT** - Page 8
cen FR re Applications with De Minimis Objections 3rd int 9-11.10.wpd

| | | | |
|---|---|---|---|
| 09/07/10 | JPS | 2.75 | Attend the Polsky and Zelin standing hearing |
| 09/07/10 | WAT | 2.65 | Attend the D Polsky and S Zelin testimony |
| 09/01/10 | DSP | 0.15 | Coordinate travel and logistics for 9/7/10 testimony |

We asked Deloitte to provide further explanation regarding these fees and it responded:

> This response is the same explanation as highlighted in the Valley View Downs Fees section above. In summary, we believe the time and efforts highlighted by the Fee Auditor were necessary in order to execute upon the strategy chosen by the Committee and its advisors leading up to and including the standing hearing on September 7, 2010.

We appreciate Deloitte's response and have no objection to these fees.

### **Deloitte - Expenses**

1.   We noted the following car service charges:

| | | | | |
|---|---|---|---|---|
| Sordillo, John Paul | 8/13/2010 | Travel | Car service to Metropark in connection with deposition preparation. | $89.76 |
| Sordillo, John Paul | 8/19/2010 | Travel | Car service to Midtown for meeting with Blank Rome | 23.10 |
| Sordillo, John Paul | 8/19/2010 | Travel | Car service to Mid for meeting on standing hearing | 20.90 |
| Tamul, William A | 9/7/2010 | Taxi | Taxi from Philadelphia to Wilmington in connection with Centaur. | $90.00 |
| Sordillo, John Paul | 9/10/2010 | Travel | Car service to Blank Rome in connection with Centaur. | $22.91 |
| Sordillo, John Paul | 9/2/2010 | Travel | Car service in connection with Centaur. | $23.10 |
| Sordillo, John Paul | 10/5/2010 | Travel | Car service to meeting with Blank Rome. | $23.28 |
| Sordillo, John Paul | 10/7/2010 | Travel | Car service to meeting with White & Case. | $23.28 |

The Guidelines II.E.1., states ". . .[f]actors relevant to a determination that the expense is proper include the following: 1. Whether the expense is reasonable and economical. For example, first class and other luxurious travel mode or accommodations will normally be objectionable." We asked Deloitte to provide further explanation regarding these charges. Deloitte's response is attached hereto as Response Exhibit 2. We appreciate Deloitte's response and concur with its findings regarding the similar costs of taking a taxi or car service from midtown to lower Manhattan[14]. Thus, we have no objection to these expenses.

---

[14] We consulted www.taxifarefinder.com as well as www.taxiwiz.com and found that the cost of a taxi and that of a car service are similar for trips between midtown and lower Manhattan (between $18.00 and $22.00).

**FEE AUDITOR'S FINAL REPORT** - Page 9
cen FR re Applications with De Minimis Objections 3rd int 9-11.10.wpd

2. We noted the following meal charges which required additional information:

| | | | | |
|---|---|---|---|---|
| Tamul, William A | 10/13/2010 | Meals | Dinner while working late on Centaur | $12.74 |
| Tamul, William A | 11/30/2010 | Meals | Dinner while in NY working on Centaur. | $20.00 |

We asked Deloitte to provide further information regarding these charges. Deloitte responded as follows:

> Mr. Tamul spent 4.7 hours on October 13 and 4.1 hours on November 30 working on the Centaur engagement. Upon further review of these expenses and the time worked by Mr. Tamul on these dates, we believe the meals should not be charged to the estate and we will reduce our expenses by $12.74 and $20.00 for October 13 and November 30, respectively.

We appreciate Deloitte's response and thus recommend a reduction of $32.74 in expenses.

Response Exhibit 1

This was a key hearing in the Case where Mr. Polsky testified as to the methodologies used to calculate the value to the estate of certain causes of action the Committee was seeking standing to assert and the interpretation the Plan of Reorganization put forth by the Debtors in order to understand the potential recoveries to the general unsecured creditors. The strategy devised by the Committee's professionals was to bring in a bankruptcy and restructuring professional who had expertise in evaluating recoveries to the estates and who could testify to the value of the causes of action asserted by the Committee. Mr. Polsky was selected to be the testifying expert due to his extensive bankruptcy and restructuring experience. His selection was based on both his significant testimony experience and bankruptcy and restructuring experience which spans more 20 the years as a restructuring professional. He was able to quickly get up to speed and understand the issues without needing to participate in the months and months of discussions leading up to this point in the case. Both Mr. Sordillo, as the lead engagement partner, and Mr. Tamul, as the lead engagement manager, were critical in assisting Mr. Polsky by explaining the methodologies and thought processes behind creating the general unsecured creditor recovery analysis upon which Mr. Polsky was to testify. Each of the professionals attendance at the hearing was viewed as necessary as the process was constantly evolving and additional clarifications and interaction with Counsel were required to adequately examine and cross-examine the witnesses. We believe the time and efforts highlighted by the Fee Auditor were necessary in order to execute upon the strategy chosen by the Committee and its advisors leading up to and including the standing hearing on September 7, 2010 in which the Committee was ultimately successful.

Response Exhibit 2

The first car service reimbursement, charged on August 13, 2010, is requested for Mr. Sordillo in the amount of $89.76. The Fee Auditor asked that we explain any special circumstances which warranted the use of a car service instead of a less expense taxi. The special circumstances related to the use of a car service on this particular trip related to the location of his pick-up. Mr. Sordillo was traveling to Wilmington, Delaware on an early Amtrak train from Metropark, in New Jersey, as Mr. Sordillo was leaving from his home in the suburbs of New Jersey. There generally are no traditional taxi services in the suburbs of New Jersey. All for hire transportation services are provided by reservation-based car services in these areas. Mr. Sordillo utilized a reservation based car service to ensure that transportation to the Metropark train station was available at the required time.

The next two car service fare reimbursements, charged on August 19, 2010, and the last four, dated September 2 & 10 and October 5 & 7, are requested for Mr. Sordillo in the amounts of $23.10, $20.90, $22.91, $23.10, $23.28 and $23.28, respectively. The Fee Auditor asked that we explain any special circumstances which warranted the use of a car service instead of a less expensive taxi. There were no special circumstances related to the use of a car service, however, there is no meaningful difference between a taxi and car service from Lower Manhattan to Midtown Manhattan. A taxi typically costs between $18 and $25 dollars depending on the Midtown destination and traffic conditions, whereas the car service charges a fixed amount of approximately $20 to $25, depending on specific location, regardless of how long it might take to go from Lower to Midtown Manhattan. The material benefit to utilizing a car service is certainty as there are frequent time periods during the day when taxis are not available in Lower Manhattan due to demand or other issues. This can present challenges when trying to be on time for meetings. Given the relatively immaterial, if any, difference between the taxi and the car service, we believe that the benefit of certainty of availability outweighs any difference in cost.

The fourth expense was related to a taxi cab ride from the Philadelphia airport to Wilmington, DE on September 7, 2010. Mr. Tamul flew from Boston to Philadelphia on the morning of September 7, 2010 to attend this court hearing. Since Wilmington does not have an airport, one has to fly to Philadelphia and either rent a car, take a car service or taxi from the airport to downtown Wilmington. Mr. Tamul took the least expensive option by taking a taxi. Mr. Tamul experienced significant traffic that morning and instead a 30 minute trip it took over an hour to go the 21 miles from the Philadelphia Airport to Wilmington. In the Second Interim Report, we noticed the Fee Auditor uses www.taxifarefinder.com and we calculated the trip using that website. If one assumes an additional 36 minutes of travel due to traffic and applies a 20% tip rate, the $90 taxi fare seems reasonable. In order to calculate the impact of traffic, we applied a wait time rate of $0.23 per every 37.6 seconds, which we found on www.philly-taxi.com/fares/htm accessed from the www.taxifarefinder.com website.

The other four car service expenses (dates 9/10, 9/2, 10/5 and 10/7) fall into a similar situation as described in the past with respect the tradeoff between using a taxi service and car service from Lower to Midtown Manhattan. The Fee Auditor asked that we explain any special circumstances which warranted the use of a car service instead of a less expense taxi. There were no special circumstances related to the use of a car service for these particular trips however there is no meaningful difference between a taxi and car service from Lower Manhattan to Midtown Manhattan.

A taxi typically cost between $18 and $25 dollars depending on the Midtown destination and traffic conditions, whereas the car service charges a fixed amount of approximately $23 regardless of how long it might take to go from Lower to Midtown Manhattan. The material benefit to utilizing a car service is certainty as there are frequent time periods during the day when taxis are not available in Lower Manhattan due to demand or other issues. This can present challenges when trying to be on time for meetings. Given the relatively immaterial, if any, difference between the taxi and the car service we believe that the benefit of certainty of availability outweighs any difference in cost.

**Appendix 2**

In our initial report, we noted the following time entry by Chigges ($180) which lacked the requisite detail:

09/08/10     CHIGGES     CA     ATTENTION TO MATERIALS     0.5     $90.00

Regarding information requirements, Local Rule 2016-2(d) states "(v) Each activity description shall include the type of activity (e.g., phone call, research); (vi) Activity descriptions shall include the subject matter (e.g., exclusivity motion, 341 meeting)". We asked Fox Rothschild to provide additional information regarding this time entry. Fox Rothschild responded as follows:

> Ms. Chigges is no longer employed by Fox and therefore Fox can not provide a further explanation regarding this time entry. Accordingly, Fox consents to reducing its application by 0.5 hours in the amount of $90.00.

We appreciate Fox Rothschild's response and thus recommend a reduction of $90.00 in fees.