IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING QUARTERLY INTERIM APPLICATION OF BAER HIGGINS FRUCHTMAN LLC FOR THE INTERIM PERIOD FROM JANUARY 1, 2011, THROUGH MARCH 31, 2011**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Quarterly Interim Application of Baer Higgins Fruchtman LLC for the Interim Period from January 1, 2011 through March 31, 2011</u> (the "Application").

## BACKGROUND

1.      Baer Higgins Fruchtman LLC ("BHF") was retained as co-counsel to the Debtors and Debtors-in-Possession. In the Application, BHF seeks approval of fees totaling $341,872.50 and expenses totaling $21,708.48 for its services from January 1, 2011 through March 31, 2011 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2011, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Baer 40Q 1-3.11.wpd

§ 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on BHF based upon our review, and we received a response from BHF, portions of which response are quoted herein.

## DISCUSSION

3.   In our initial report, we noted several time entries in which there is a discrepancy between the total time billed and the time recorded within the work description. See Exhibit "A." We asked BHF whether it agreed that fee adjustments were warranted for these time entries, and BHF responded:

> ... We have reviewed those entries and have the following corrections:
>
> The total time entries for RJH, as identified in subparagraphs (a) for 2/16; (b) for 2/7; (c) for 2/1; and (e) for 3/16 are all incorrect as you identified. It is the detailed time recorded that is correct. As a result, the total of these entries should be reduced by 2.40 hours which amounts to $1,140.00 in fees.
>
> The total time entry for JSB as identified in subparagraph (d) for 3/11 of 1.30 hours is correct. The detail, however, was inadvertently missing certain descriptions which were on the raw timesheets but failed to get transmitted to the fee application. The entry should be revised as follows:
>
> 3/11/11   JSB   1.30   $812.50. Review revised Hanlon affidavit re Ceratech and comments re same (.30); review comments from Ceratech re Notice of Sale (.20); prepare same for filing and service (.40); confer with client re additional changes and prepare correspondence re same (.40).
>
> The total time entry for JSB as identified in subparagraph (f) for 3/24 of 1.60 hours is correct. The detail, however, was inadvertently missing certain descriptions which were on the raw timesheets but failed to get transmitted to the fee application. The entry should be revised as follows:
>
> 3/24/11   JSB   1.60   $1,000.00. Confer with P. Bentley re Lender brief Stipulation (.30); confer with J. Donley and prepare correspondence re


 

Lender Stipulation (.30); review revised Beco Road Stipulation (.30); prepare further revisions on Beco Road Stipulation and correspondence re same (.30); confer with D. Boll re Record on Appeal issues (.40).

We appreciate BHF's response and recommend a reduction of $1,140.00 in fees.

4. We noted the following expense for which more information was needed:

1/26/2011   5,857.60   Phase Eleven Consultants - Paralegal charges re Neutocrete Discovery assistance

In response to our request, BHF provided us with the itemized invoice for this charge (see Response Exhibit "1"), which invoice we reviewed. In addition, BHF provided the following information:

> PhaseEleven Consultants is a litigation support vendor which BHF uses from time to time to assist on matters. BHF does not retain legal assistants on its staff. As a result, when it needs such assistance, BHF seeks the help of an outside vendor. The Senior Managing Director of PhaseEleven is Claude Irmis, a former senior legal assistant from Kirkland & Ellis who for a period of years was the senior legal assistant in charge of the W. R. Grace chapter 11 case. PhaseEleven's time is a straight expense pass through. BHF charges the expense to W. R. Grace at whatever price PhaseEleven charges BHF. There is no mark-up....

We accept BHF's response and have no objection to this expense.

5. We noted the following meal expense which appeared slightly excessive:

02/13/11   67.10   Hotel DuPont. Late evening room service dinner while working on matters for upcoming Omnibus hearing.

It appears to us that one person can obtain a satisfactory dinner for $55 or less in most locales, including Wilmington. In response to our inquiry, BHF agreed to reduce the charge by $12.10. We appreciate BHF's response and recommend a reduction of $12.10 in expenses.

6. We noted the following charge for Telecom services which seemed unusually high:

02/28/11   3,303.70   ICI Telecom - Conference call charges for February (including several court and all party conferences)

We asked BHF about this expense, and BHF responded:

> ... This bill is correct and unusually high because on two separate occasions in February, Judge Fitzgerald requested BHF arrange for conference calls with the Court, the Plan Proponents and all of the objecting parties to the Grace Chapter 11 Plan. These conferences related to some issues that had arisen regarding the Confirmation Order that had been issued by the Court on January 31, 2011. Each of those conferences included approximately 50 different participants, all calling in from different locations.

We accept BHF's response and have no objection to this expense.

## CONCLUSION

7.     Thus, we recommend approval of $340,732.50 in fees ($341,872.50 minus $1,140.00) and $21,696.38 in expenses ($21,708.48 minus $12.10) for BHF's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
        Warren H. Smith
        Texas State Bar No. 18757050

325 North St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 29th day of June, 2011.

_____
Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Janet S. Baer
Baer Higgins Fruchtman LLC
111 East Wacker Drive, Suite 2800
Chicago, IL 60601

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
Deanna Boll
Kirkland & Ellis
601 Lexington Avenue
New York, NY 10022-4611

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K. D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

**EXHIBIT "A"**

  a. We noted a time entry dated February 16, 2011, in which RJH ($475) billed 4.80 hours for total fees of $2,280.00. However, the amount of time recorded within the work description totals only 4.30 hours for a total fee of $2,042.50. Thus, it appeared there was an overcharge of $237.50.

| 02/16/11 | RJH | 4.80 | 2,280.00 | Analyze A. Paul comments to pension motion (.70); revise O'Connell Declaration (1.10); revise pension motion (2.50). |
|---|---|---|---|---|

  b. We noted a time entry dated February 7, 2011, in which RJH ($475) billed 1.70 hours for total fees of $807.50. However, the amount of time recorded within the work description totals only 1.00 hour for total fees of $475.00. Thus, it appeared there was an overcharge of $332.50.

| 02/07/11 | RJH | 1.70 | 807.50 | Prepare January fee detail (1.00) |
|---|---|---|---|---|

  c. We noted a time entry dated February 1, 2011, in which RJH ($475) billed 2.60 hours for total fees of $1,235.00. However, the amount of time recorded within the work description totals only 1.60 hours for total fees of $760.00. Thus, it appeared there was an overcharge of $475.00.

| 02/01/11 | RJH | 2.60 | 1,235.00 | Confer with J. Baer re discovery request (.50); revise same (1.10). |
|---|---|---|---|---|

  d. We noted a time entry dated March 11, 2011, in which JSB ($625) billed 1.30 hours for total fees of $812.50. However, the amount of time recorded within the work description totals only 0.80 hours for total fees of $500.00. Thus, it appeared there was an overcharge of $312.50.

| | | | | |
|---|---|---|---|---|
| 03/11/11 | JSB | 1.30 | 812.50 | Review revised Hanlon affidavit re Ceratech (.40); confer with client re additional changes and prepare correspondence re same (.40). |

  e. We noted a time entry dated March 16, 2011, in which RJH ($475) billed 0.50 hours for total fees of $237.50. However, the amount of time recorded within the work description totals only 0.30 hours for total fees of $142.50. Thus, it appeared there was an overcharge of $95.00.

| | | | | |
|---|---|---|---|---|
| 03/16/11 | RJH | 0.50 | 237.50 | Exchange correspondence with S. Stamoulis re Neutocrete (.30). |

  f. We noted a time entry dated March 24, 2011, in which JSB ($625) billed 1.60 hours for total fees of $1,000.00. However, the amount of time recorded within the work description totals only 1.00 hour for total fees of $625.00. Thus, it appeared there was an overcharge of $375.00.

| | | | | |
|---|---|---|---|---|
| 03/24/11 | JSB | 1.60 | 1,000.00 | Confer with P. Bentley revised Beco Road Stipulation (.30); prepare further revisions on Beco Road Stipulation and correspondence re same (.30); confer with D. Boll re Record on Appeal issues (.40). |