**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING FORTIETH QUARTERLY
FEE APPLICATION OF KIRKLAND & ELLIS LLP FOR THE INTERIM
PERIOD OF JANUARY 1, 2011 THROUGH MARCH 31, 2011**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fortieth Quarterly Fee Application of Kirkland & Ellis LLP for the Interim Period of January 1, 2011 through March 31, 2011 (the "Application").

**BACKGROUND**

1. Kirkland & Ellis LLP ("K&E") was retained as counsel to the Debtors. In the Application, K&E seeks approval of fees totaling $1,419,734.00 and expenses totaling $40,150.39 for its services from January 1, 2011 through March 31, 2011 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2011, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with

precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on K&E based upon our review, and we received a response from K&E, portions of which response are quoted herein.

## DISCUSSION

3.   We noted several time entries in which there is a discrepancy between the amount of time billed and the amount of time recorded within the work description. See Exhibit "A." We asked K&E whether fee adjustments were warranted for these time entries, and K&E responded as follows:

> ... In all cases, the narrative will reflect the correct time increments. Accordingly, for the instances in which you observed that K&E underbilled in its total time billed for various billers, we ask those amounts be adjusted upward to include the amounts underbilled in total equal to $365.00, which represents an additional $287.50 for the January 2011 fee period and $77.50 for the February 2011 fee period. In addition, we ask that for amounts where the aggregate amount inadvertently exceeded the amounts listed in the narratives, we ask that the fees be reduced by $848.00, which represents a reduction of $73.00 for the February 2011 fee period and $775.00 for the March 2011 fee period. Accordingly, K&E requests a total reduction for this Fee Application of $483.00 based on mathematical errors in computing total billed time during the period covered by the Fee Application.

We appreciate K&E's response and recommend a reduction of $483.00 in fees.

4.   We noted certain hearings attended by multiple K&E attorneys. See Exhibit "B." Paragraph II.D.5. of the U.S. Trustee Guidelines provides: "If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked K&E to explain why it was necessary for each attorney to attend these hearings, and K&E's response is attached as Response Exhibit "1." We appreciate K&E's response and, consistent with the response, recommend a reduction of $584.00 in fees.

5.   We noted that on March 16, 2011, attorneys Paul ($795), Donley ($865), and Esayian ($815) attended a settlement conference in Washington, DC. The total time spent was 27.10 hours, for total fees of $22,382.50.

| Date | Atty | Hours | Amount | Description |
|---|---|---|---|---|
| 03/16/11 | ACP | 8.20 | 6,519.00 | Confer with J. Donley re settlement meeting (.5); prepare for settlement meeting (3.7); participate in settlement meeting (4.0);.......... |
| 03/16/11 | JD | 7.50 | 6,487.50 | Prepare for client strategy meeting (3.0); strategy meeting with A. Paul, L. Esayian, M. Shelnitz, R. Finke, P. Lockwood, R. Wyron and R. Frankel re joint issues and case resolution options (4.0); confer with A. Paul re meeting prep (.5);..................... |
| 03/16/11 | LGE | 3.40 | 2,771.00 | Confer with M. Shelnitz, R. Finke, J. Donley, P. Lcckwood, R. Frankel and other re potential settlement issues. |
| 03/15/11 | ACP | 2.10 | 1,669.50 | Travel to Washington, DC for client strategy meeting (billed at half time). |
| 03/16/11 | JD | 3.50 | 3,027.50 | Travel to and from Washington, DC for client strategy meeting (billed at half time). |
| 03/17/11 | ACP | 2.40 | 1,908.00 | Travel from Washington, DC for client strategy meeting (billed at half time). |

In light of the Guideline cited above, we asked K&E to explain why it was necessary for each attorney to attend the meeting. K&E responded:

> As discussed (in Response Exhibit "1"), Mr. Paul has been taking the lead on bankruptcy-specific issues, and Mr. Donley is lead counsel for the Debtors' cases. They attended the settlement conference in Washington, D.C. in an effort to resolve certain issues involved in the appeal of plan confirmation. Ms. Esayian participated in the conference because she handles all of the insurance-related issues in the Debtors' cases. She attended the conference telephonically to minimize expenses. The settlement conference consisted primarily of discussions between the Future Claims Representative, Asbestos Claims Committee, and the Debtors to explore settlement options for the claims of the appellants. Counsel to CNA also joined the settlement conference, and the Debtors and counsel to CNA discussed the status of settlement negotiations between CNA and other insurers on the one hand, and the

>   Libby claimants on the other.
>
>   K&E believes that the time billed with respect to the March 16, 2011 settlement conference is appropriate. Therefore, K&E respectfully requests approval of all time and expenses related thereto.

We accept K&E's response and have no objection to these fees.

>   6.    We noted the following charges for C2 Legal user license fees:
>
>   | Date | Amount | Description |
>   |---|---|---|
>   | 12/31/2010 | 1,161.50 | C2 Legal - Information Broker Doc/Svcs, User License Fee |
>   | 1/31/2011 | 1,264.58 | C2 Legal - Outside Computer Services, User License Fee |
>   | 2/28/2011 | 1,264.58 | C2 Legal - Outside Computer Services, User License Fee |

We asked K&E whether these licensing fees were attributable solely to the W.R. Grace case, or whether the services could be used for other clients. K&E responded as follows:

>   The monthly fees from C2 Legal are attributable solely to the Debtors' cases. C2 Legal hosts a Grace-specific database containing only information related to Grace employee claims. The monthly fee is a hosting and accessing fee to this database. Because the monthly licensing fees are related solely to Grace, K&E asks that the full amount of the charges related thereto be reimbursed.

We accept K&E's response and have no objection to these expenses.

>   7.    We noted the following hotel charges for which more information was needed:
>
>   | Date | Amount | Description |
>   |---|---|---|
>   | 12/12/2010 | 515.90 | Kimberly Love, Lodging, Wilmington, DE, Hotel DuPont, 12/12/2010 to 12/13/2010 (Hearing) |
>   | 2/13/2011 | 482.90 | Kimberly Love, Lodging, Wilmington, DE, Hotel DuPont, 02/13/2011 to 02/14/2011 (Hearing) |
>   | 3/17/2011 | 605.71 | Adam Paul, Lodging, Washington, DC, The Westin Washington, DC City Center, 03/16/2011 to 03/17/2011 (Meeting) |

We asked K&E to provide an itemization of these charges, and K&E responded as follows:

>   The information requested is as follows:

    (1) 12/12/2010        $515.90    Hotel DuPont, Kimberly Love

The rate is for one night's stay from 12/12/2010 to 12/13/2010, and the breakdown is $469.00 for the room rate, $37.52 for state lodging tax, and $9.38 city tax. The Hotel DuPont is an approved lodging facility in these cases. Therefore, we ask that the full amount of this charge be reimbursed.

    (2) 2/13/2011        $482.90    Hotel DuPont, Kimberly Love

The rate is for one night's stay from 2/13/2011 to 2/14/2011, and the breakdown is $439.00 for the room rate, $35.12 for state lodging tax, and $8.78 for city tax. The Hotel DuPont is an approved lodging facility in these cases. Therefore, we ask that the full amount of this charge be reimbursed.

    (3) 3/17/2011        $605.71    Westin -- Washington, D.C., Adam Paul

The rate is for one night's stay from 3/16/2011 to 3/17/2011, and the breakdown is $529.00 room rate, and $76.71 for tax. Per the fee auditor's guidelines, the Westin is a four-star hotel, and, therefore, rates are not subject to the per-City fee cap. In addition, many popular events take place in Washington, D.C. during the early spring season when these hotels were booked, which likely resulted in higher-than-ordinary prices for this hotel stay. That said, K&E agrees to cap the expense at $350.00 in response to your concerns.

We appreciate K&E's response and, accordingly, recommend a reduction of $179.00 in expenses.

    8.    We noted the following air fare for which more information was needed:

3/9/2011      816.40    John Donley, Airfare, Washington, DC, 03/16/2011 to 03/16/2011 (Court Hearing)

In response to our request, K&E provided the following information:

The ticket is a one-way ticket from Washington, D.C. (Reagan) to Chicago, IL (O'Hare). It was an economy class ticket booked at the lowest refundable rate ($758.40) plus a $58.00 booking fee from Best Travel, K&E's travel agency. K&E respectfully requests the full amount of the charge be reimbursed.

We appreciate K&E's response and have no objection to this expense.

**FEE AUDITOR'S FINAL REPORT** - Page 5
wrg FR KE 40Q 1-3.11.wpd

## CONCLUSION

9.       Thus, we recommend approval of $1,418,667.00 in fees ($1,419,734.00 minus $1,067.00) and $39,971.39 in expenses ($40,150.39 minus $179.00) for K&E's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 1st day of July, 2011.

_____
Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Deanna Boll
Kirkland & Ellis
601 Lexington Avenue
New York, NY 10022-4611

dboll@kirkland.com

**The Debtor**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Co-Counsel for the Debtors**
Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K. D. Currier
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

## EXHIBIT "A"

    a.    On January 4, 2011, JD ($685) billed under one time entry 6.10 hours for total fees of $4,178.50. The subparts of the time entry totaled 6.30 hours for total fees of $4,315.50. The Applicant appears to have under billed this time entry by $137.00.

| Date | Attorney | Hours | Description |
|---|---|---|---|
| 1/4/2011 | John Donley | 6.10 | Confer with M. Shelnitz, R. Finke and A. Paul re status and next steps (.7); analyze district court appeal issues and timing (.5); confer with A. Paul re same (.5); analyze strategic options and review D. Boll research re plan confirmation timing (1.5); review various pleadings including ACC/FCR joinder re CNA (.2); review and edit drafts of Canadian minutes revisions and Delaware pleadings (.5); correspond with J. Baer, D. Boll and A. Paul re same (.3); correspond with J. Baer and co-plan proponents re CNA agreement (.3); review research re resolution of confirmation objections (.8); confer with A. Paul re same (.5); edit preliminary draft of research memo re same (.5). |

    b.    On January 7, 2011, DDB ($775) billed under one time entry 6.70 hours for total fees of $5,192.50. The subparts of the time entry totaled 6.80 hours for total fees of $5,270.00. The Applicant appears to have under billed this time entry by $77.50.

| Date | Attorney | Hours | Description |
|---|---|---|---|
| 1/7/2011 | Deanna D Boll | 6.70 | Analyze confirmation timing issues and confer with J. Donley re same (3.4); edit and revise objection chart (2.2); review insurance settlement chart (.7); confer with J. Baer re objection chart (.2); confer with L. Esayian re CNA (.3). |

    c.    On January 17, 2011, JG ($730) billed under one time entry 6.00 hours for total fees of $4,380.00. The subparts of the time entry totaled 6.10 hours for total fees of $4,453.00. The Applicant appears to have under billed this time entry by $73.00.

| | | | |
|---|---|---|---|
| 1/14/2011 | Jeffrey Gettleman | 6.00 | Review correspondence re appellate procedures (.2); conduct research re same (.9); confer with A. Paul and J. Donley re same (.5); review correspondence re distribution memorandum (.2); confer with B. Weiland re settlement memorandum (.2); review precedential plan and cases re timing of distributions (.8); draft analysis of plan distribution provisions (.7); confer with A. Paul re same (.4); confer with J. O'Neill re appeal and affirmance procedures (.3); conduct research re standards of review (1.9). |

        d.        On February 1, 2011, DDB ($775) billed under one time entry 9.50 hours for total fees of $7,362.50. The subparts of the time entry totaled 9.60 hours for total fees of $7,440.00. The Applicant appears to have under billed this time entry by $77.50.

| | | | |
|---|---|---|---|
| 2/1/2011 | Deanna D Boll | 9.50 | Prepare joint record on appeal and confer with K. Love (multiple times) re same (3.2); confer with A. Paul and J. Donley re same and re Rule 9033 objections (.5); confer with plan proponents re order confirming plan and next steps (.7); analyze issues re Rule 9033 objections (2.2); edit and review objection chart with court's rulings incorporated therein (2.5); confer with J. O'Neill re district court scheduling (.1); confer with M. Sew Hoy at Dept of Justice re confirmation (.2); confer with M. Araki re claimant question in class 9 (.2). |

        e.        On February 1, 2011, JG ($730) billed under one time entry 4.90 hours for total fees of $3,577.00. The subparts of the time entry totaled 4.80 hours for total fees of $3,504.00. The Applicant appears to have over billed this time entry by $73.00.

| | | | |
|---|---|---|---|
| 2/1/2011 | Jeffrey Gettleman | 4.90 | Confer with A. Paul, J. Donley, P. Lockwood and others re confirmation order issues (1.0); correspond with A. Paul re timing issues re possible confirmation order objections (.1); legal research re same (.8); confer with A. Paul re Rule 9033 timeline and alternative procedural issues (.2); draft, review and revise analysis of bankruptcy |

>Rule 9033 issues and timeline (3); correspond with A. Paul re same (.2); correspond with A. Paul re additional procedural questions re objections to findings and conclusions (.1); legal research re same (.9); correspond with A. Paul re same (.1); review and analyze disclosure statement (3).

f.  On March 22, 2011, DDB ($775) billed under one time entry 6.30 hours for total fees of $4,882.50. The subparts of the time entry totaled 5.30 hours for total fees of $4,107.50. The Applicant appears to have over billed this time entry by $775.00.

03/22/11    DDB    6.30    Confer with D. Rosendorf re record (.1); confer with J. Baer and J. Donley re record and appendix (.7); confer with D. Turetsky re appellate issues (.4); confer with J. Green and R. Cobb re motion to consolidate lender appeals, and work with plan proponents on finalizing same (1.3); confer with J. Baer re trial exhibits stricken from admission and history re same (.3); review confirmation hearing documents for record edits (1.5); confer with L. Esayian re joint record (.5); confer with D. Primack re record issues (.4); confer with J. Donley re same (.1).

**EXHIBIT "B"**

a.    We note that on January 10, 2011, attorneys Esayian ($815), Donley ($865), Paul ($795), and Boll ($775) attended a hearing. The total time spent, including non-working travel time, was 21.20 hours, and total fees of $17,517.00 were billed.

| Date | Name | Hours | Fees | Description |
|---|---|---|---|---|
| 1/10/2011 | Adam C Paul | 4.50 | 3,577.50 | Prepare for hearing (1.7); appear in court at hearing (2.8). |
| 1/10/2011 | John Donley | 4.50 | 3,892.50 | Prepare for hearing (2.0); attend omnibus hearing (2.5). |
| 1/10/2011 | Lisa G Esayian | 3.30 | 2,689.50 | Confer with counsel for CNA, ACC and FCR re issues for hearing (5); attend omnibus hearing and argue motion for approval of CNA settlement (2.8). |
| 1/10/2011 | Deanna D Boll | 0.60 | 465.00 | Participate in telephonic omnibus hearing re confirmation status (6);.............. |
| 1/9/2011 | Adam C Paul | 2.10 | 1,669.50 | Travel to Pittsburgh, PA for hearing (billed at half time). |
| 1/9/2011 | John Donley | 2.00 | 1,730.00 | Travel from Chicago, IL to Pittsburgh, PA for hearing (billed at halftime). |
| 1/10/2011 | Adam C Paul | 2.00 | 1,590.00 | Return travel from Pittsburgh, PA to Chicago, IL after hearing (billed at half time). |
| 1/10/2011 | John Donley | 2.20 | 1,903.00 | Return travel from Pittsburgh, PA to Chicago, IL (billed at halftime). |

b.    We note that on February 14, 2011, attorneys Donley ($865), Paul ($795), Esayian ($815), Weiland ($540), and paralegal Love ($280) attended a hearing. The total time spent, including non-working travel time, was 29.00 hours, for total fees of $18,893.50.

| Date | Name | Hours | Fees | Description |
|---|---|---|---|---|
| 2/14/2011 | Kimberly K Love | 3.00 | 840.00 | .......; attend hearing before Judge Fitzgerald reclarification of order and Garlock issue |

|  |  |  |  | (3.0). |
|---|---|---|---|---|
| 2/14/2011 | Adam C Paul | 4.80 | 3,816.00 | Prepare for plan hearing (1.1); appear at court for plan hearing (3.7). |
| 2/14/2011 | Brad Weiland | 2.60 | 1,404.00 | Review and analyze plan items for hearing (.5); prepare for and telephonically attend hearing (2.0); correspond with S. Seewer re same (.1). |
| 2/14/2011 | John Donley | 3.00 | 2,595.00 | ..........; attend and argue confirmation issues at hearing in bankruptcy court (3.0). |
| 2/14/2011 | Lisa G Esayian | 1.20 | 978.00 | Participate telephonically in portion of omnibus hearing re revisions to be made to confirmation order and re additional revisions requested by certain insurers. |
| 2/13/2011 | Kimberly K Love | 2.50 | 700.00 | Travel from Chicago, IL to Wilmington, DE for upcoming hearing (billed at halftime). |
| 2/13/2011 | Adam C Paul | 2.10 | 1,669.50 | Travel from Chicago, IL to Wilmington, DE for hearing (billed at halftime). |
| 2/13/2011 | John Donley | 2.00 | 1,730.00 | Travel from Chicago, IL to Wilmington, DE (billed at halftime). |
| 2/14/2011 | Kimberly K Love | 2.40 | 672.00 | Return travel from Wilmington, DE to Chicago, IL after hearing (billed at halftime). |
| 2/14/2011 | John Donley | 2.80 | 2,422.00 | Return travel from Wilmington, DE to Chicago, IL (billed at halftime). |
| 2/15/2011 | Adam C Paul | 2.60 | 2,067.00 | Return travel from Wilmington, DE to Chicago, IL (delay) (billed at halftime). |

c.  We note that on February 11, 2011, attorneys Seewer ($695), Boll ($775), Gettleman ($730), Paul ($795), and Donley ($865) attended a telephonic status conference with the Court. The total time spent was 4.60 hours, for total fees of $3,555.00.

| 2/11/2011 | Sarah Seewer | 1.10 | 764.50 | Confer with working group re status conference (.6); participate in status conference (.5);..... |
| 2/11/2011 | Deanna D Boll | 0.50 | 387.50 | ......; telephone conference with Court re status (.5);...... |
| 2/11/2011 | Jeffrey Gettleman | 0.80 | 584.00 | ..........; prepare for and participate in status call with counsel of record and Judge Fitzgerald re confirmation order (.8);........... |
| 2/11/2011 | Adam C Paul | 1.20 | 954.00 | ......; participate in telephonic hearing re plan (1.2);...... |
| 2/11/2011 | John Donley | 1.00 | 865.00 | ........; participate in telephone conference with J. Fitzgerald re plan confirmation and prepare and follow-up re same (1.0). |

      d.      We note that on March 2, 2011, attorneys Boll ($775), Paul ($795), Donley ($865), and Esayian ($815) attended a telephonic hearing. The total time spent was 7.10 hours, for total fees of $5,805.50.

| 03/02/11 | DDB | 0.80 | 620.00 | Participate telephonically in hearing on BNSF motion for reconsideration of plan confirmation. |
| 03/02/11 | ACP | 1.70 | 1,351.50 | Attend telephonic hearing (1.7);.............. |
| 03/02/11 | JD | 1.70 | 1,470.50 | Prepare for and participate in telephone hearing before Judge Fitzgerald and follow-up correspondence with L. Esayian. |
| 03/02/11 | LGE | 2.90 | 2,363.50 | Confer with P. Lockwood and R. Frankel in preparation for oral argument (.5); oral argument re BNSF's motion for reconsideration (2.4). |

# RESPONSE EXHIBIT "1"

<u>Attendance By Multiple Professionals at Certain Hearings (¶ 5 and Exhibit B)</u>

(a) Paragraph 5 and Exhibit B (subsection a) of the Initial Report notes that various professionals were involved in a hearing held before the Bankruptcy Court on January 10, 2011, and you have asked us to explain why it was necessary for various professionals to attend such hearing, specifically inquiring about the roles of Adam Paul, John Donley, Lisa Esayian, and myself.

The hearing on January 10, 2011 was an omnibus hearing before the Bankruptcy Court, and, in addition to any general issues that could be addressed at such hearing, the main issue addressed at such hearing was a motion to approve a settlement with one of the Debtors' insurers, Continental Casualty Company ("<u>CNA</u>"). As discussed in prior responses, Mr. Paul has taken over the role previously held by Mr. Freedman, who has retired from K&E. Mr. Paul attended the hearing in Pittsburgh before Judge Fitzgerald to address any bankruptcy-specific questions that the Court may have had generally with respect to the settlement or plan confirmation, as the Court had yet to issue a confirmation order at that time and was raising plan confirmation issues from time to time leading up to the issuance of the confirmation order. Mr. Donley is lead outside counsel in the Debtors' Case, and he attended the hearing in person in order to address any overall or litigation-related issues that might arise. Lisa Esayian attended the hearing in person to argue the motion to approve the CNA settlement as she has primarily been involved in the insurance-related issues in the Debtors' cases, including settlements involving various insurers, such as CNA. Ms. Esayian coordinated efforts related to same with Mr. Donley. Both Ms. Esayian and Mr. Donley were involved in various aspects of the settlement process; thus, both attended the hearing to address any and all questions that could arise with respect to specific elements of the CNA settlement and objections related thereto. Finally, I attended the hearing telephonically only for a brief period (.6 hours) in order to understand if confirmation-related questions were going to be raised as I drafted the Debtors' plan and all of the plan modifications thereto, along with the draft proposed confirmation order. If the Court had specific confirmation-related questions, I wanted to be ready to assist, as needed, in responding thereto. Once it was clear that the Court was not addressing such issues, I no longer participated in the remainder of the hearing.

For the reasons described herein, K&E believes that the time billed with respect to the January 10, 2011 hearing is appropriate. Therefore, K&E respectfully requests approval of all time billed related thereto.

(b) Paragraph 5 and Exhibit B (subsection b) of the Initial Report notes

that various professionals were involved in a hearing held before the Bankruptcy Court on February 14, 2011, and you have asked us to explain why it was necessary for various professionals to attend such hearing, specifically inquiring about the roles of Adam Paul, John Donley, Lisa Esayian, Brad Weiland, and Kimberly Love.

The roles of Messrs. Donley and Paul and Ms. Esayian remained the same in February as in earlier months. The hearing on February 14, 2011 was a hearing seeking clarification related to the confirmation order and certain language therein. Messrs. Paul and Donley attended the hearing in person in the capacity of lead bankruptcy and lead overall counsel for the Debtors. Ms. Esayian attended only a portion of the hearing (1.2 hours) telephonically as it related to certain insurer-related issues. Brad Weiland, a restructuring associate, attended the hearing telephonically in order to assist Mr. Paul with the motion seeking clarification. The motion was filed by the Debtors, and if the Court granted Debtors' motion, Debtors' counsel was prepared to file a draft confirmation order that included such points of clarification. Mr. Weiland worked with Mr. Paul on such draft. Finally, Kimberly Love is the lead legal assistant for the Debtors. She attended the hearing in person to assist Mr. Donley and Mr. Paul with any on site document assistance related to the motion.

For the reasons described herein, K&E believes that the time billed with respect to the February 14, 2011 hearing is appropriate. Therefore, K&E respectfully requests approval of all time billed related thereto.

*(In response to our request, K&E provided the following additional explanation for Mr. Weiland's attendance at this hearing:)*

February 14 Hearing. As set forth in our June 22 letter, Mr. Weiland drafted the Debtors' motion for clarification of the confirmation order. As you may know, the original confirmation order entered by the Court caused a great deal of confusion among not only the Debtors, but all parties in interest. As a result, we filed a motion seeking clarification of the Court's intent with respect to the confirmation order. I attended the hearing in my capacity as lead bankruptcy counsel. Given Mr. Weiland's role as drafter of the motion for clarification and his likely role as the associate responsible for drafting any future clarification order requested by the court, it made sense both practically and economically for Mr. Weiland to attend the hearing telephonically in order to understand the Court's response to our motion and any future changes to be made to the confirmation order without having to meet with Mr. Donley or me after the hearing; thereby, avoiding the costs associated with such meeting(s).

      (c)      Paragraph 5 and Exhibit B (subsection c) of the Initial report notes

that various professionals were involved in a hearing held before the Bankruptcy Court on February 11, 2011, and you have asked us to explain why it was necessary for various professionals to attend such hearing, specifically inquiring about the roles of Adam Paul, John Donley, Jeffrey Gettleman, Sarah Seewer, and myself.

The hearing on February 11, 2011 was a telephonic status conference with the Bankruptcy Court related to clarification of the Court's confirmation order and memorandum opinion, including a Motion for Clarification filed by the Debtors, and other issues related to confirmation of the plan and appeals therefrom. Messrs. Donley and Paul participated in their roles as described above. I participated in only a portion of the hearing (.5 hours) as it related to specific confirmation-related issues for which I was responsible. Sarah Seewer, a restructuring partner, attended the hearing telephonically (1.1 hours) in order to assist Messrs. Paul and Donley with the Motion for Clarification and related issues. Ms. Seewer assisted Messrs. Paul and Donley on this motion. Jeffrey Gettleman, another restructuring partner, also attended the hearing telephonically. In response to your concerns, we agree to voluntarily reduce Mr. Gettleman's time spent attending this hearing to zero.

For the reasons described herein, K&E believes that the time billed with respect to the February 11, 2011 hearing is appropriate. Therefore, K&E respectfully requests approval of all time billed related thereto other than as agreed-to herein.

*(In response to our request, K&E provided the following additional explanation for Ms. Seewer's attendance at this hearing:)*

February 11 Hearing. As set forth in our June 22 letter, Ms. Seewer also worked on the Debtors' motion for clarification. Ms. Seewer attended the February 11 hearing primarily for the same reason Mr. Weiland attended the February 14 hearing. Specifically, we did not know at the time what the Court intended by entering the first confirmation order and the Court requested the February 11 hearing sua sponte. Given the fact that Ms. Seewer assisted in drafting the Debtors' motion for clarification (which was filed within days following the entry of the original confirmation order) and the fact that the parties, including the Debtors, did not know what if anything the Court would ask for with respect to our motion for clarification, it again made sense both practically and economically for Ms. Seewer to attend the hearing telephonically in order to understand the Court's position without the need for further meetings with Mr. Donley or me and the attendant cost with respect to such meetings.

(d) Paragraph 5 and Exhibit B (subsection d) of the Initial report notes that various professionals were involved in a telephonic hearing held before the Bankruptcy Court on March 2, 2011, and you have asked us to explain why it was necessary for various professionals to attend such hearing, specifically inquiring about the roles of Adam Paul, John Donley, Lisa Esayian, and myself.

The hearing on March 2, 2011 involved a motion for reconsideration of plan confirmation filed by BNSF Railway Company. Ms. Esayian prepared for and attended the hearing telephonically to address BNSF-specific issues as she has historically worked on BNSF-related matters in the Debtors' cases. Mr. Donley and Mr. Paul attended a portion of the hearing (1.7 hours) in order to address any other questions of the Court related to other bankruptcy or litigation matters involving confirmation of the Debtors' plan. I attended only a portion of the hearing (.8 hours) to address any revisions to the confirmation order that the Court may have requested as a result of the motion for reconsideration.

For the reasons described herein, K&E believes that the time billed with respect to the March 2, 2011 hearing is appropriate. Therefore, K&E respectfully requests approval of all time billed related thereto.