IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re docket no. 27113 and 27241 |
| | ) 7/25/2011 Hearing Agenda item no. 1 |

### ORDER AUTHORIZING ENTRY INTO A CONSENT DECREE WITH THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS REGARDING THE BLACKBURN AND UNION PRIVILEGES SUPERFUND SITE - WALPOLE, MA

Upon consideration of the *Motion of Debtors for Entry of an Order Authorizing Entry Into a Consent Decree with the United States Regarding the Blackburn and Union Privileges Superfund Site - Walpole, MA* (the "Motion"); it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted in its entirety.

2. The Debtors are authorized to enter into the NRD Consent Decree,[2] which is attached to this Order as Exhibit I.

3. The Debtors are authorized to consummate the transactions contemplated in the NRD Consent Decree, including the use of the Debtors' estate property and resources necessary to pay the compensation set forth in the NRD Consent Decree.

4. Claim No. 9634 of the United States with respect to NRD at the Site is resolved by the NRD Consent Decree as follows:

> The U.S. shall have an allowed general unsecured claim against the Debtors in the amount of $358,745.67 (the "Allowed US NRD Claim"), which will be paid in the same manner as all other allowed general unsecured claims within 30 days of the Effective Date of the NRD Consent Decree, or within 30 days of the effective date of a confirmed chapter 11 plan of reorganization for the Debtors, whichever is later, and which shall be used for such purposes as provided in paragraph 6(b) of the NRD Consent Decree. Interest will accrue on the Allowed US NRD Claim beginning 30 days after the Effective Date of the NRD Consent Decree. At that point, Interest will accrue on the Allowed US NRD Claim at the rate established by 26 U.S.C. § 9507.

5. Claim No. 12849 of the Commonwealth of Massachusetts with respect to NRD at the Site, and in no other manner, is resolved by the NRD Consent Decree as follows:

> Massachusetts shall have an allowed general unsecured claim against the Debtors in the amount of $168,399.11 (the "Allowed Massachusetts NRD Claim"), which will be paid in the same manner as all other allowed general unsecured claims within 30

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the RD/RA Consent Decree, the NRD Consent Decree or the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594, 24657 & 25881 (the "Plan").

days of the Effective Date of the NRD Consent Decree or within 30 days of the effective date of a confirmed chapter 11 plan of reorganization for the Debtors, whichever is later. Interest will accrue on the Allowed Massachusetts NRD Claim beginning 30 days after the Effective Date of the NRD Consent Decree. At that point, Interest will accrue on the Allowed Massachusetts NRD Claim at the rate established by 26 U.S.C. § 9507.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the NRD Consent Decree.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

8. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 6004(h) or otherwise.

Dated: July 19, 2011

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

rmab