## Exhibit I

**NRD Consent Decree**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and COMMONWEALTH OF MASSACHUSETTS, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| v. | ) ) | |
| BIM INVESTMENT CORPORATION, SHAFFER REALTY NOMINEE TRUST, TYCO HEALTHCARE GROUP LP, and W.R. GRACE & CO.-CONN., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**CONSENT DECREE**

# TABLE OF CONTENTS

I. BACKGROUND .............................................................................................. 1
II. JURISDICTION ............................................................................................. 2
III. PARTIES BOUND ........................................................................................ 2
IV. DEFINITIONS .............................................................................................. 2
V. GENERAL PROVISIONS ............................................................................. 4
VI. PAYMENTS BY SETTLING DEFENDANTS ............................................ 5
VII. JOINT TRUSTEE-SPONSORED NATURAL RESOURCE RESTORATION
PROJECTS ................................................................................................... 8
VIII. STIPULATED PENALTIES ....................................................................... 8
IX. COVENANTS NOT TO SUE BY PLAINTIFFS ....................................... 10
X. COVENANTS BY SETTLING DEFENDANTS ......................................... 11
XI. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION ............. 12
XII. NOTICES AND SUBMISSIONS .............................................................. 14
XIII. EFFECTIVE DATE ................................................................................... 15
XIV. RETENTION OF JURISDICTION .......................................................... 15
XV. APPENDICES ............................................................................................ 15
XVI. MODIFICATION ...................................................................................... 15
XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ............. 15
XVIII. SIGNATORIES/SERVICE .................................................................... 16
XIX. FINAL JUDGMENT ................................................................................. 17

# I. BACKGROUND

A.    The United States of America ("United States"), on behalf of the Secretary of the United States Department of the Interior ("DOI"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. § 9607.

B.    The United States in its complaint seeks compensation for injury to, destruction of, or loss of Natural Resources resulting from the release of hazardous substances at or from the Blackburn & Union Privileges Superfund Site in Walpole, Massachusetts (the "Site").

C.    Pursuant to 42 U.S.C. §§ 9607(f)(2) and 9615, Executive Order 12580, and 40 C.F.R. § 300.600, DOI has been delegated authority to act on behalf of the public as the Federal Trustee for Natural Resources impacted by the release of hazardous substances at or from the Site.

D.    The Commonwealth of Massachusetts (the "Commonwealth"), on behalf of the Secretary of Energy and Environmental Affairs, also filed a complaint against the defendants in this Court seeking compensation for Natural Resource Damages pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, and the Massachusetts Oil and Hazardous Materials Release Prevention and Response Act, M. G. L. c. 21E § 5(a)(ii). The Massachusetts Executive Office of Energy and Environmental Affairs ("EEA") has been delegated authority to act as the State Trustee for natural resources impacted by the release of hazardous substances at or from the Site.

E.    Plaintiffs intend to file in this Court a motion to consolidate the separate actions described in Paragraphs A and D of this Consent Decree. Settling Defendants consent to the filing of such motion.

F.    Settling Defendant W.R. Grace & Co.-Conn. ("Grace") has filed for protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), In re W.R. Grace & Co., et al., No. 01-01139 (JKF). Both the United States and the Commonwealth filed proofs of claim in this bankruptcy proceeding asserting claims against Grace relating to the Site. In connection with its reorganization, Grace has entered into a multi-site settlement agreement with the United States. The Blackburn & Union Privileges Superfund Site is an "Additional Site" under that agreement. The Commonwealth and Grace have also entered into a multi-site settlement ("Stipulation") that includes this Site, which has been approved by the Bankruptcy Court. The Stipulation, among other things, expressly reserves natural resource damages claims for this Site.

G.    The United States, on behalf of the United States Environmental Protection Agency ("EPA"), and Settling Defendants previously entered into a consent decree providing for the design and implementation of response actions at the Site by Settling Defendants and the reimbursement of response costs incurred by the United States but reserving natural resource damages claims ("RD/RA Consent Decree"). The RD/RA Consent Decree, United States v. BIM Inv. Corp. et al., No. 1:10-cv-11263-NG, was approved by the Bankruptcy Court on July 3, 2010, and entered by the United States District Court for the District of Massachusetts on

1

December 21, 2010.

H.    The defendants that have entered into this Consent Decree ("Settling Defendants") do not admit any liability to Plaintiffs arising out of the transactions or occurrences alleged in the complaints, nor any matter of fact or law alleged in the complaints except as set forth in this Consent Decree.

I.    The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree: (i) has been negotiated by the Parties in good faith; (ii) will avoid prolonged and complicated litigation among the Parties; (iii) will expedite natural resource restoration actions to be performed by the Trustees; and (iv) is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

## II. JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9607 and 9613(b), and has pendent jurisdiction over the state law claims. This Court also has personal jurisdiction over Settling Defendants. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.    This Consent Decree applies to and is binding upon Plaintiffs and upon Settling Defendants and their heirs, successors and assigns. Any change in ownership or corporate status of a Settling Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter such Settling Defendant's responsibilities under this Consent Decree.

## IV. DEFINITIONS

3.    Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

"Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Delaware.

"BIM" shall mean Settling Defendant BIM Investment Corporation.

2

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601, *et seq.*

"Commonwealth" shall mean the Commonwealth of Massachusetts.

"Consent Decree" shall mean this Decree and all appendices attached hereto (listed in Section XV). In the event of conflict between this Decree and any appendix, this Decree shall control.

"Day" shall mean a calendar day unless expressly stated to be a working day. "Working day" shall mean a day other than a Saturday, Sunday, or federal holiday. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

"DOI" shall mean the United States Department of the Interior and any successor departments or agencies of the United States.

"EEA" shall mean the Massachusetts Executive Office of Energy and Environmental Affairs and any successor departments or agencies of the Commonwealth.

"Effective Date" shall be the effective date of this Consent Decree as provided in Paragraph 36.

"FWS" shall mean the United States Fish and Wildlife Service.

"Grace" shall mean Settling Defendant W.R. Grace & Co.-Conn.

"Interest" shall mean interest at the rate specified for interest on investments of the United States Environmental Protection Agency Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

"M. G. L. c. 21E" shall mean the Massachusetts Oil and Hazardous Materials Release Prevention and Response Act, as amended.

"Natural Resources" shall mean "natural resources" as that term is defined in Section 101(16) of CERCLA, 42 U.S.C. § 9601(16).

"Natural Resource Damages" shall mean damages recoverable under Section 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C), for injury to, destruction of, or loss of Natural Resources, including the reasonable cost of assessing such injury, destruction, or loss, as a result of the release or threat of release of hazardous substances at the Site; and, when referring to the Commonwealth, shall also mean damages recoverable under M. G. L. c. 21E § 5(a)(ii) for injury to, destruction of, or loss of Natural Resources, including the reasonable cost of assessing such injury, destruction, or loss, as a result of the release or threat of release of oil or other

3

hazardous materials at the Site.

"NRDAR Fund" shall mean DOI's Natural Resource Damage Assessment and Restoration Fund.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States, the Commonwealth, and Settling Defendants.

"Plaintiffs" shall mean the United States and the Commonwealth.

"RD/RA Consent Decree" shall mean the consent decree in United States v. BIM Investment Corp. et al., No. 1:10-cv-11263-NG, entered by the United States District Court for the District of Massachusetts on December 21, 2010.

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendants" shall mean those persons identified in Appendix A to this Consent Decree.

"Shaffer Trust" shall mean Settling Defendant Shaffer Realty Nominee Trust.

"Site" shall mean the Blackburn & Union Privileges Superfund Site located in Walpole, Norfolk County, Massachusetts, encompassing the areal extent of contamination resulting from the operations of industrial facilities formerly located on both the east and west side of South Street, and depicted generally on the map attached as Appendix B.

"Trustees" shall mean DOI, acting by and through FWS, and EEA.

"Tyco Healthcare" shall mean Settling Defendant Tyco Healthcare Group LP.

"United States" shall mean the United States of America.

"Waste Material" shall mean (1) any "hazardous substance" under Section 101(14) of CERCLA, 42 U.S.C. § 9601(14); (2) any pollutant or contaminant under Section 101(33), 42 U.S.C. § 9601(33); (3) any "solid waste" under Section 1004(27) of RCRA, 42 U.S.C. § 6903(27); (4) any "hazardous material" or "oil" under the Massachusetts Oil and Hazardous Release Prevention and Response Act, M. G. L. c. 21E, § 2; and (5) any "hazardous waste" under the Massachusetts Hazardous Waste Management Act, M. G. L. c. 21C § 2.

## V.  GENERAL PROVISIONS

4.    Objectives of the Parties.

    a.    The objectives of the Parties in entering into this Consent Decree are to

4

restore, rehabilitate, replace, or acquire the equivalent of damaged Natural Resources; to reimburse Natural Resource Damage assessment costs incurred by the United States and the Commonwealth; and to resolve the claims of the United States and the Commonwealth against Settling Defendants for Natural Resource Damages as provided in this Consent Decree.

>   5.      Joint Obligations of Settling Defendants.

>   a.      The obligations of BIM, the Shaffer Trust, and Tyco Healthcare under this Consent Decree are joint and several. In the event of the insolvency of any Settling Defendant or the failure by any Settling Defendant to implement any requirement of this Consent Decree, the remaining Settling Defendants among BIM, the Shaffer Trust, and Tyco Healthcare shall fulfill the obligations of the non-performing Settling Defendant and all remaining requirements of the Consent Decree.

## VI. PAYMENTS BY SETTLING DEFENDANTS

>   6.      Payments for Natural Resources Damages.

>   a.      Within 30 days after the Effective Date, Tyco Healthcare shall pay $358,745.67 to DOI for Natural Resource Damages assessment costs incurred by the United States and for Trustee-sponsored Natural Resource Damages restoration projects to be conducted in accordance with Paragraph 6(d)(2) and Section VII of this Consent Decree. Payment shall be made in accordance with Paragraph 7(a) (Payment Instructions).

>   b.      Within 30 days of the Effective Date, or within 30 days of the effective date of a confirmed Bankruptcy Chapter 11 plan of reorganization, whichever is later, Grace shall pay $358,745.67 to DOI for Natural Resource Damages assessment costs incurred by the United States and for Trustee-sponsored Natural Resource Damages restoration projects to be conducted in accordance with Paragraph 6(d)(2) and Section VII of this Consent Decree. Grace's payment shall include, as applicable, Interest running from the date 30 days after the Effective Date through the date of payment. Payment shall be made in accordance with Paragraph 7(a) (Payment Instructions).

>   c.      Within 30 days after the Effective Date, BIM and Shaffer Trust shall pay $40,000.00 to DOI for Natural Resource Damages assessment costs incurred by the United States and for Trustee-sponsored Natural Resource Damages restoration projects to be conducted in accordance with Paragraph 6(d)(2) and Section VII of this Consent Decree. Payment shall be made in accordance with Paragraph 7(a) (Payment Instructions).

>   d.      Of the total amount to be paid pursuant to Paragraph 6(a), (b), and (c):

>   (1)      $57,491.34 shall be deposited in the NRDAR Fund, to be applied toward Natural Resource Damages assessment costs incurred by DOI.

>   (2)      $575,000 shall be deposited in a segregated sub-account within the NRDAR Fund, to be managed by DOI for the joint use of the Trustees to restore, replace, and/or

acquire the equivalent of injured ecological Natural Resources. These funds shall be used by DOI and EEA for the development, implementation, and monitoring of Natural Resource restoration projects in accordance with Section VII of this Consent Decree (Joint Trustee-Sponsored Natural Resource Restoration Projects).

(3)    $125,000 shall be deposited in a segregated sub-account within the NRDAR Fund, to be managed by DOI for the joint use of the Trustees to restore, replace, and/or acquire the equivalent of injured ecological and groundwater Natural Resources. These funds shall be used by DOI and EEA for the development, implementation, and monitoring of Natural Resource restoration projects in accordance with Section VII of this Consent Decree (Joint Trustee-Sponsored Natural Resource Restoration Projects).

e.    Within 30 days after the Effective Date, Tyco Healthcare shall pay $168,339.11 to EEA for Natural Resource Damages assessment costs incurred by the Commonwealth and for Natural Resource Damages restoration projects in accordance with Paragraph 6(g)(2). Payment shall be made in accordance with Paragraph 7(b) (Payment Instructions).

f.    Within 30 days of the Effective Date, or within 30 days of the effective date of Grace's plan of reorganization, whichever is later, Grace shall pay $168,339.11 to EEA for Natural Resource Damages assessment costs incurred by the Commonwealth and for Natural Resource Damages restoration projects in accordance with Paragraph 6(g)(2). Grace's payment shall include, as applicable, Interest running from the date 30 days after the Effective Date through the date of payment. Payment shall be made in accordance with Paragraph 7(b) (Payment Instructions).

g.    Of the total amount to be paid by Tyco Healthcare and Grace pursuant to Paragraph 6(e) and (f):

(1)    $36,678.22 shall be deposited into the Natural Resource Damages Trust - Account 2000-6020 on account of Natural Resource Damages assessment costs incurred by the Commonwealth in connection with the Site. This payment shall be deposited into this account and expended by EEA in accordance with its requirements as established under 1998 Mass. Acts ch. 194, sec. 317, as amended.

(2)    $300,000 shall be deposited into the Natural Resource Damages Trust – Account 2000-6020 for Natural Resource Damages, and shall be managed by EEA and used for restoration, replacement, and/or acquisition of the equivalent of injured groundwater Natural Resources and other allowable purposes in accordance with M. G. L. c. 21E and the requirements as established under 1998 Mass. Acts ch. 194, sec. 317, as amended. Settling Defendants shall not be entitled to dispute, in any other forum or proceeding, any decision relating to use of funds or restoration efforts under this Section.

7.    <u>Payment Instructions.</u>

a.    <u>Instructions for Payments to DOI.</u> All payments of $10,000 or more

6

required to be made in accordance with this Paragraph 7(a) shall be made by FedWire EFT to the U.S. Department of Justice account in accordance with current EFT procedures, and in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit of the United States Attorney's Office for the District of Massachusetts following lodging of the Consent Decree.  All payments of less than $10,000 required to be made in accordance with this Paragraph 7(a) shall be made either by FedWire EFT to the U.S. Department of Justice account, as described above, or by check made payable to the "U.S. Department of Justice," referencing the name and address of the party making payment, the USAO File Number, and the DOJ Case Number 90-11-3-09667/1.  Payment shall be sent to:  U.S. Attorney's Office for the District of Massachusetts, Financial Litigation Unit, One Courthouse Way, John Joseph Moakley Courthouse, Boston, MA 02210.  At the time of any payment required to be made in accordance with this Paragraph 7(a), Settling Defendants shall send notice that payment has been made to the United States, in accordance with Section XII (Notices and Submissions), and to:

> Marcia Gittes, Esq.
> Office of the Northeast Regional Solicitor
> U.S. Department of the Interior
> One Gateway Center – Suite 612
> Newton, MA 02458-2881

> and

> Bruce Nesslage
> U.S. Department of the Interior
> Natural Resource Damage Assessment and Restoration Program
> 1849 C Street, NW, Mailstop 4449
> Washington, DC 20240.

      b.   <u>Instructions for Payments to EEA</u>.  All payments made in accordance with this Paragraph 7(b) shall be made by check payable to the Commonwealth of Massachusetts, with a reference to Natural Resource Damages Trust - Account 2000-6020.  Payment shall be sent to:

> Executive Office of Energy and Environmental Affairs
> Attn:  Chief Financial Officer
> 100 Cambridge Street, Suite 900
> Boston, MA 02114

Copies of the check shall be sent to:

> Karen I. Pelto
> NRD Coordinator
> Massachusetts Department of Environmental Protection
> Bureau of Waste Site Cleanup
> One Winter Street, 8th Floor
> Boston, MA 02108

and

Office of the Attorney General
Environmental Protection Division
One Ashburton Place
Boston, MA 02108 (Attn: Matthew Brock)

8.      In the event that any payment for Natural Resource Damages required under this Section is not made by the date required, Settling Defendants shall pay Interest on the unpaid balance commencing on the payment due date and accruing through the date of full payment. Payments of Interest made under this Paragraph shall be in addition to such other remedies or sanctions available to the United States and the Commonwealth by virtue of Settling Defendants' failure to make timely payments under this Section including, but not limited to, payment of stipulated penalties pursuant to Paragraph 12.

## VII. JOINT TRUSTEE-SPONSORED NATURAL RESOURCE RESTORATION PROJECTS

9.      All funds deposited in a segregated sub-account within the NRDAR Fund under Paragraph 6(d)(2) and (3) shall be managed by DOI for the joint use of the Trustees to pay for Trustee-sponsored Natural Resource restoration projects in accordance with this Consent Decree. All such funds shall be applied toward the costs of restoration, rehabilitation, or replacement of injured Natural Resources, and/or acquisition of equivalent resources, including but not limited to any administrative costs and expenses necessary for, and incidental to, restoration, rehabilitation, replacement, and/or acquisition of equivalent resources planning, any projects for the restoration, rehabilitation, replacement, and/or acquisition of equivalent resources undertaken, and monitoring of such projects.

10.      Decisions regarding any use or expenditure of funds under this Section shall be made by the consent of both Trustees, acting through a Trustee Council established by the Trustees. Settling Defendants shall not be entitled to dispute, in any other forum or proceeding, any decision relating to use of funds or restoration efforts under this Section.

## VIII.  STIPULATED PENALTIES

11.      Settling Defendants shall be liable for stipulated penalties in the amounts set forth in Paragraph 12 to the United States or the Commonwealth, as applicable, for failure to comply with the requirements of this Consent Decree specified below. "Compliance" by Settling Defendants shall include completion of the activities under this Consent Decree in accordance with all applicable requirements of law and this Consent Decree.

12.      Stipulated Penalty Amounts.

The following stipulated penalties shall accrue per violation per day:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 2,500 | 1st through 14th day |
| $ 5,000 | 15th through 30th day |
| $ 7,500 | 31st day and beyond |

13.    All penalties shall begin to accrue on the day after the complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

14.    Following the determination by a Plaintiff that Settling Defendants have failed to comply with a requirement of this Consent Decree, that Plaintiff may give Settling Defendants written notification of the same and describe the noncompliance. The Plaintiff may send Settling Defendants a written demand for the payment of the penalties. However, penalties shall accrue as provided in the preceding Paragraph regardless of whether a Plaintiff has notified Settling Defendants of a violation.

15.    All penalties accruing under this Section shall be due and payable to the United States or the Commonwealth, as applicable, within 30 days of Settling Defendants' receipt from the United States or the Commonwealth of a demand for payment of the penalties.

16.    <u>Instructions for Stipulated Penalty Payments.</u>

a.    All payments of stipulated penalties demanded by the United States or the Commonwealth for violations of Paragraph 6(a), 6(b), or 6(c) shall be made 50 percent to the United States pursuant to the instructions in Paragraph 7(a) and 50 percent to the Commonwealth pursuant to the instructions in Paragraph 7(b), and shall indicate that the payments are for stipulated penalties.

b.    All payments of stipulated penalties demanded by the Commonwealth for violations of Paragraph 6(e) or 6(f) shall be made to the Commonwealth pursuant to the instructions in Paragraph 7(b), and shall indicate that the payments are for stipulated penalties.

17.    If Settling Defendants fail to pay stipulated penalties when due, the United States or the Commonwealth, as applicable, may institute proceedings to collect the penalties, as well as Interest. Settling Defendants shall pay Interest on the unpaid balance, which shall begin to accrue on the date of demand made pursuant to Paragraph 15.

18.    Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States or the Commonwealth to seek any other remedies or sanctions available by virtue of Settling Defendants' violation of this Decree or of the statutes and regulations upon which it is based, including, but not limited to, penalties

pursuant to Section 122(*l*) of CERCLA, provided, however, that the United States shall not seek civil penalties pursuant to Section 122(*l*) of CERCLA for any violation for which a stipulated penalty is provided in this Consent Decree, except in the case of a willful violation of the Consent Decree.

19.    Notwithstanding any other provision of this Section, the United States or the Commonwealth, as applicable, may, in its unreviewable discretion, waive any portion of stipulated penalties that have accrued to it pursuant to this Consent Decree.

## IX.  COVENANTS NOT TO SUE BY PLAINTIFFS

20.    United States' Covenant Not to Sue.  In consideration of the actions that will be performed and the payments that will be made by Settling Defendants under the terms of this Consent Decree, and except as specifically provided in Paragraphs 21 and 24 of this Section, the United States covenants not to sue Settling Defendants for Natural Resource Damages pursuant to Section 107(a) of CERCLA.  This covenant not to sue shall take effect upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree, and is further conditioned upon and shall remain in effect only to the extent that the Settling Defendants are and continue to be in material compliance with their obligation, pursuant to the RD/RA Consent Decree, to implement the remedial action embodied in the EPA Record of Decision relating to the Site signed on September 30, 2008.  This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

21.    United States' Reservations of Rights.  The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within the United States' covenant not to sue.  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

        a.    claims based on a failure by Settling Defendants to meet a requirement of this Consent Decree;

        b.    claims based on a failure by Settling Defendants to meet a requirement of the RD/RA Consent Decree;

        c.    liability to reimburse response costs or to implement response actions under CERCLA in connection with the Site, subject to the covenants not to sue and reservations of rights in the RD/RA Consent Decree;

        d.    criminal liability;

        e.    liability for damages for injury to, destruction of, or loss of Natural Resources based upon Settling Defendants' transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of Waste Material at or in connection with the Site, other than pursuant to the RD/RA Consent Decree or otherwise ordered by EPA, after signature of this Consent Decree by Settling Defendants; and

f.        liability for damages for injury to, destruction of, or loss of Natural Resources arising from the past, present, or future disposal, release, or threat of release of Waste Material outside of the Site.

22.        <u>Commonwealth's Covenant Not to Sue</u>.  In consideration of the payments that will be made by Settling Defendants under the terms of this Consent Decree, and except as specifically provided in Paragraphs 23 and 24 of this Section, the Commonwealth, on behalf of EEA, covenants not to sue Settling Defendants for Natural Resource Damages pursuant to Section 107(a) of CERCLA and M. G. L. c. 21E § 5(a)(ii).  This covenant not to sue shall take effect upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree, and is further conditioned upon and shall remain in effect only to the extent that the Settling Defendants are and continue to be in material compliance with their obligation, pursuant to the RD/RA Consent Decree, to implement the remedial action embodied in the EPA Record of Decision relating to the Site signed on September 30, 2008.  This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

23.        <u>Commonwealth's Reservation of Rights</u>.  The Commonwealth reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within the Commonwealth's covenant not to sue, including claims under CERCLA and M. G. L. c. 21E for response costs and response actions in connection with the Site and for those matters set forth in Paragraph 21(a) and (c)-(f).

24.        <u>Specific Reservations Regarding Natural Resource Damages</u>.  Notwithstanding any other provision of this Consent Decree, the United States and the Commonwealth reserve the right to institute civil or administrative proceedings, as applicable, against Settling Defendants in this action or in a new action seeking recovery of Natural Resource Damages under Section 107 of CERCLA and M. G. L. c. 21E if:

a.        conditions at the Site, unknown to the Trustees as of the date of lodging of this Consent Decree, are discovered and are found by either of the Trustees to result in releases of hazardous substances that contribute to injury to, destruction of, or loss of Natural Resources; or

b.        information, unknown to the Trustees as of the date of lodging of this Consent Decree, is received by either of the Trustees, and either of the Trustees determines that such unknown information together with other relevant information indicates that releases of hazardous substances at the Site have resulted in injury to, destruction of, or loss of Natural Resources of a type that was unknown, or of a magnitude greater than was known, to either of the Trustees as of the date of lodging of this Consent Decree.

## X. COVENANTS BY SETTLING DEFENDANTS

25.        <u>Covenants by Settling Defendants</u>.  Settling Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the United States or the Commonwealth with respect to Natural Resource Damages or this Consent Decree, including,

but not limited to:

      a.    any direct or indirect claim for reimbursement of any payment for Natural Resource Damages from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law; or

      b.    any claim against the United States or the Commonwealth, including any department, agency or instrumentality of the United States or the Commonwealth, under CERCLA Sections 107 or 113 or M. G. L. c. 21E relating to Natural Resource Damages.

Except as provided in Paragraph 33 (Waiver of Res Judicata and Other Defenses), these covenants not to sue shall not apply in the event that the United States or the Commonwealth brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 21(c), (e), or (f), but only to the extent that Settling Defendants' claims arise from the same response action, response costs, or damages that the United States or the Commonwealth is seeking pursuant to the applicable reservation.

    26.    Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

    27.    <u>Waiver of Certain Claims Against Other Persons</u>.  Except as provided in Paragraph 34 of this Consent Decree, Settling Defendants agree not to assert any claims and to waive all claims or causes of action they may have against all other persons for all matters relating to Natural Resource Damages, including for contribution; provided, however, that each Settling Defendant reserves the right to assert and pursue all claims, causes of action, and defenses relating to Natural Resource Damages against any person in the event such person first asserts, and for so long as such person pursues, any claim or cause of action against that Settling Defendant relating to Natural Resource Damages.  Nothing in this Paragraph shall operate to waive or release any claim or action by a Settling Defendant under any contract of insurance.

## XI. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

    28.    Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  Each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.  Nothing in this Consent Decree diminishes the right of the United States or the Commonwealth pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), and M. G. L. c. 21E, as applicable, to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2) or M. G. L. c. 21E.

    29.    Except as provided in Paragraph 34 of this Consent Decree, the Parties agree, and

by entering this Consent Decree the Court finds, that this settlement constitutes a judicially approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that each Settling Defendant is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Natural Resource Damages. The "matters addressed" in this Consent Decree do not include those matters as to which the United States or the Commonwealth has reserved its rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States or the Commonwealth asserts rights against Settling Defendants coming within the scope of such reservations.

30.     Except as provided in Paragraph 34 of this Consent Decree, the Parties agree, and by entering this Consent Decree the Court finds, that pursuant to M. G. L. c. 21E, § 3A(j)(2), each Settling Defendant is entitled, as of the Effective Date, to protection from claims brought pursuant to M. G. L. c. 21E, regarding "matters addressed" in this Consent Decree, for cost recovery, contribution, and equitable share as to those persons receiving notice and an opportunity to comment on this Consent Decree in accordance with M. G. L. c. 21E, § 3A(j)(2). As of the date of entry of this Consent Decree, this Consent Decree constitutes a "judicially approved settlement" as that term is used in M. G. L. c. 21E, § 3A(j)(2). For purposes of this Paragraph, "matters addressed" shall be as defined in Paragraph 29. The 90-day comment period shall commence 30 days after the date of lodging of this Consent Decree. Settling Defendants' failure to provide timely and adequate notice to one person shall not affect their rights as against any other person who received such notice.

31.     Settling Defendants shall, with respect to any suit or claim brought by them for matters related to this Consent Decree, notify the United States and the Commonwealth in writing no later than 60 days prior to the initiation of such suit or claim.

32.     Settling Defendants shall, with respect to any suit or claim brought against them for matters related to this Consent Decree, notify in writing the United States and the Commonwealth within 10 days of service of the complaint on Settling Defendants. In addition, Settling Defendants shall notify the United States and the Commonwealth within 10 days of service or receipt of any Motion for Summary Judgment and within 10 days of receipt of any order from a court setting a case for trial.

33.     <u>Waiver of Res Judicata and Other Defenses</u>. In any subsequent administrative or judicial proceeding initiated by the United States or the Commonwealth for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the Commonwealth in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section IX (Covenants Not to Sue by Plaintiffs).

34.     Nothing in this Consent Decree shall be construed to release any claims that the

Settling Defendants may have among themselves. Each Settling Defendant expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that each Settling Defendant may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any other Settling Defendant.

## XII. NOTICES AND SUBMISSIONS

35.    Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, the Commonwealth, and Settling Defendants, respectively.

As to the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Re: DJ # 90-11-3-09667/1

and

Marcia Gittes, Esq.
Office of the Northeast Regional Solicitor
U.S. Department of the Interior
One Gateway Center – Suite 612
Newton, MA 02458-2881

As to the Commonwealth:

Karen I. Pelto
NRD Coordinator
Massachusetts Department of Environmental Protection
Bureau of Waste Site Cleanup
One Winter Street, 8th Floor
Boston, MA 02108

and

Office of the Attorney General
Environmental Protection Division
One Ashburton Place
Boston, MA 02108 (Attn:  Matthew Brock)

14

As to Settling Defendants:

Paul Bucens
Remedium Group, Inc.
62 Whittemore Avenue
Cambridge, MA 02140

Kathryn Zeigler
Director, Environmental Remediation
675 McDonnell Blvd.
St. Louis, MO 63042

## XIII. EFFECTIVE DATE

36.    The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered, or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on this Court's docket.

## XIV. RETENTION OF JURISDICTION

37.    This Court retains jurisdiction over both the subject matter of this Consent Decree and Settling Defendants for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes arising hereunder.

## XV. APPENDICES

38.    The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the list of Settling Defendants.

"Appendix B" is a map generally depicting the Site.

## XVI. MODIFICATION

39.    Material modifications to this Consent Decree shall be in writing, signed by the Parties, and shall be effective upon approval by the Court. Non-material modifications to this Consent Decree shall be in writing and shall be effective when signed by the Parties.

40.    Nothing in this Decree shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Consent Decree.

## XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

41.    Provided that Grace does not yet have a confirmed Bankruptcy Chapter 11 plan of

reorganization, this Consent Decree shall be subject to the approval of the Bankruptcy Court. Upon signature by all of the Parties, Grace shall promptly seek approval of this Consent Decree under Bankruptcy Rule 9019 or other applicable provisions of the Bankruptcy Code.

42.     Once the Consent Decree has been approved by the Bankruptcy Court, if applicable, and either such approval has been affirmed upon appeal or the period in which to lodge an appeal from such approval has expired without any appeal having been filed, the United States shall lodge the Consent Decree with this Court for a period of not less than 30 days for public notice and comment.

a.     The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate.

b.     The Commonwealth reserves the right to withdraw or withhold its consent if comments received disclose facts or considerations which show that the Consent Decree violates state law, or that the Consent Decree is inappropriate, improper, or inadequate with respect to the Commonwealth's recovery of Natural Resource Damages.

c.     Settling Defendants consent to the entry of this Consent Decree without further notice.

43.     If for any reason (i) the United States or the Commonwealth withdraws or withholds its consent as provided in Paragraph 42, (ii) the Bankruptcy Court declines to approve this Consent decree in the form presented, if applicable, or (iii) this Court declines to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVIII.  SIGNATORIES/SERVICE

44.     Each undersigned representative of a Settling Defendant to this Consent Decree, of the Commonwealth, and the Deputy Section Chief for the Environmental Enforcement Section of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document, subject in the case of Grace to approval of the Bankruptcy Court as set forth in Paragraph 41.

45.     Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States or the Commonwealth has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

46.     Each Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.

Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons. Settling Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XIX.  FINAL JUDGMENT

47.     This Consent Decree and its appendices constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

48.     Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States, the Commonwealth, and Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS __ DAY OF _____, 20__.


_____

United States District Judge

THE UNDERSIGNED PARTY enters into this Consent Decree regarding the Blackburn & Union Privileges Superfund Site.

**THE UNITED STATES OF AMERICA**

_____
Date

Ellen M. Mahan
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

5/11/11
Date

Mark Sabath
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611

Carmen M. Ortiz
United States Attorney
District of Massachusetts

George B. Henderson, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

18

THE UNDERSIGNED PARTY enters into this Consent Decree regarding the Blackburn & Union Privileges Superfund Site.

**THE COMMONWEALTH OF MASSACHUSETTS**

_____      _____
Date                   Richard K. Sullivan, Jr.
                       Secretary of Energy and Environmental Affairs
                       100 Cambridge Street
                       Suite 900
                       Boston, MA 02114

5/11/2011              _____
Date                   Matthew Brock
                       Assistant Attorney General
                       Environmental Protection Division
                       One Ashburton Place
                       Boston, MA 02108

THE UNDERSIGNED PARTY enters into this Consent Decree regarding the Blackburn & Union Privileges Superfund Site.

BIM INVESTMENT CORPORATION

3-24-11
Date

Irving Shaffer, Treasurer

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Irving Shaffer, Treasurer
101 Waterway
New Seabury, MA 02649

20

THE UNDERSIGNED PARTY enters into this Consent Decree regarding the Blackburn & Union Privileges Superfund Site.

**SHAFFER REALTY NOMINEE TRUST**

3-24-71
Date

Irving Shaffer, Trustee

Agent Authorized to Accept Service          Irving Shaffer, Trustee
on Behalf of Above-signed Party:            101 Waterway
                                            New Seabury, MA 02649

21

THE UNDERSIGNED PARTY enters into this Consent Decree regarding the Blackburn & Union Privileges Superfund Site.

**TYCO HEALTHCARE GROUP LP**

3 | 22 | 11
Date

Patricia H. Duft
Vice President
675 McDonnell Boulevard
Hazelwood, MO 63042

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

CT Corporation System
120 South Central Avenue, Suite 400
Clayton, MO 63105

22

THE UNDERSIGNED PARTY enters into this Consent Decree regarding the Blackburn & Union Privileges Superfund Site.

**W.R. GRACE & CO.-CONN., for itself and on behalf of W.R. Grace & Co. and Remedium Group, Inc.**

3/28/11
Date

William M. Corcoran
Vice President
7500 Grace Drive
Columbia, MD  21044

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Corporation Service Company
84 State Street
Boston, MA 02109

23

# APPENDIX A

## Settling Defendants

BIM Investment Corporation

Shaffer Realty Nominee Trust

Tyco Healthcare Group LP

W.R. Grace & Co.-Conn., for itself and on behalf of W.R. Grace & Co. and Remedium Group, Inc. (the "Grace-Affiliated Entities"), but only to the extent that the Grace-Affiliated Entities' alleged liability with respect to the Site is based on their status as the parent or sister company of W.R. Grace & Co.-Conn., and not to the extent that the Grace-Affiliated Entities' alleged liability arose independently of such status



**Appendix B – Site Map**