# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re docket no. 27114** |
| | ) **Hearing Agenda item no. 2** |

## [REDACTED] ORDER AUTHORIZING, BUT NOT REQUIRING, THE DEBTORS TO PARTICIPATE IN A COMPETITIVE AUCTION, AND IF SELECTED AS THE WINNING BIDDER THEREAFTER CONSUMMATE A PROPOSED ACQUISITION

Upon consideration of the Motion for Entry of an Order Authorizing, but not Requiring, the Debtors to Participate in a Competitive Auction, and if Selected as the Winning Bidder Thereafter Consummate a Proposed Acquisition (the "Motion); it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor:[2]

## Findings of Fact

The following findings of fact are made:

A.   The Proposed Acquisition is intended by Grace and Seller to be a purchase and sale, respectively, solely of the Transferred Assets (as that term is defined in the SPA).

B.   The Debtors and the Asbestos Trusts will not, as a result of consummating the Proposed Acquisition or thereafter owning or operating the Transferred Assets, be liable for any of the Excluded Liabilities (as that term is defined in the SPA).

C.   The Proposed Acquisition, when consummated, will not result in:

- A merger or consolidation (whether *de jure* or *de facto*) of Seller or any entity controlled by or affiliated with Seller with as the case may be Grace, any other Debtor or affiliate of the Debtors, or the Asbestos Trusts;

- Any of the Debtors or the Asbestos Trusts becoming a continuation of Seller or any entity that is controlled by or affiliated with Seller; and

- Grace or any of the Asbestos Trusts becoming a successor to Seller or any entity controlled by or affiliated with Seller.

D.   Grace and Seller are not undertaking the Proposed Acquisition to avoid, whether fraudulently or otherwise, any liabilities and obligations of Seller or any entity controlled by or affiliated with Seller.

---

[2]   Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the *Motion for Entry of a Protective Order Authorizing the Debtors to File Under Seal Their Motion for Entry of an Order Authorizing, but not Requiring, the Debtors to Participate in a Competitive Auction, and if Selected as the Winning Bidder Thereafter Consummate a Proposed Acquisition*, Dkt. No. 27115 (the "Seal Motion"), the *Protective Order Authorizing the Debtors to File Under Seal Their Motion for Entry of an Order Authorizing, but not Requiring, the Debtors to Participate in a Competitive Auction, and if Selected as the Winning Bidder Thereafter Consummate a Proposed Acquisition*, Dkt. No.27126 (the "Seal Order"), Motion, the SPA, the Acquisition Documentation or the First Amended Joint Plan of Reorganization in these Chapter 11 Cases, Docket no. 25881, as it may be further amended, supplemented or otherwise modified from time to time and the schedules and exhibits to the foregoing, as the same may be in effect from time to time (the "Plan").

**Order**

In view of the foregoing, it is hereby ORDERED that:

1.  The Motion and the relief sought therein is granted in its entirety, except as modified herein.

2.  Provided that Seller selects the Debtors as the successful bidder, the  Debtors are authorized to:

    a.  Pay up to but not more than the amount set forth on the record to purchase the Transferred Assets.

    b.  Consummate the Proposed Acquisition pursuant to the procedures set forth below:

    [redacted] Unredacted Order Under SEAL as Exhibit A to this order

    c.  Take all actions that may be necessary to consummate the Proposed Acquisition and to otherwise undertake all necessary transactions related to any of the foregoing.

3.  Notice of the Motion as provided therein shall be deemed good and sufficient notice thereof, and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

4.  The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the Proposed Acquisition.

5.  This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 6004(h), Fed. R. Bankr. P. 9014 or otherwise.

Dated: July 25, 2011

*Judith K. Fitzgerald*

Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

SJS

3