### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| W. R. GRACE & CO., <u>et al.</u>,[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | ss: |
| COUNTY OF COOK | ) | |

### TWENTY-EIGHTH SUPPLEMENTAL AFFIDAVIT OF
### DISINTERESTEDNESS UNDER 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014

Adam Paul, being duly sworn, deposes and says:

1. I am a partner in the firm of Kirkland & Ellis LLP ("K&E"), 300 North LaSalle, Chicago, IL 60654. I am authorized to make this affidavit on K&E's behalf.

2. On April 2, 2001 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition (collectively, the "Cases") for

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. ("Chapter 11").

3.      On April 2, 2001, K&E filed an application to be retained as Debtors' counsel in the Cases (the "Application"). By this Court's order, dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Cases and all related matters. K&E has filed the following affidavits in support of the Application:

- Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession, filed April 2, 2001 (the "Original Affidavit");

- First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 17, 2001 (the "First Supplement");

- Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 2, 2001 (the "Second Supplement");

- Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed July 25, 2001 (the "Third Supplement");

- Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed September 13, 2001 (the "Fourth Supplement");

- Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed October 24, 2001 (the "Fifth Supplement");

- Sixth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed November 13, 2001 (the "Sixth Supplement");

- Seventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 11, 2002 (the "Seventh Supplement");

- Eighth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 23, 2002 (the "Eighth Supplement");

- Ninth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed July 19, 2002 (the "Ninth Supplement");

- Tenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr P. 2014, filed September 18, 2002 (the "Tenth Supplement");

- Eleventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed March 11, 2003 (the "Eleventh Supplement");

- Twelfth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed September 20, 2004, and the Amendment to the Twelfth Supplement, filed December 2, 2004, (the "Twelfth Supplement");

- Thirteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed February 10, 2005 (the "Thirteenth Supplement");

- Fourteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed June 14, 2005 (the "Fourteenth Supplement");

- Fifteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed December 12, 2005 (the "Fifteenth Supplement");

- Sixteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed March 20, 2006 (the "Sixteenth Supplement");

- Seventeenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 17, 2006 (the "Seventeenth Supplement");

- Eighteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 22, 2006 (the "Eighteenth Supplement");

- Nineteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed June 23, 2006 (the "Nineteenth Supplement");

K&E 19198005.3

- Twentieth Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed October 23, 2006 (the "Twentieth Supplement");

- Twenty-First Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 9, 2007 (the "Twenty-First Supplement,");

- Twenty-Second Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed October 31, 2007 (the "Twenty-Second Supplement");

- Twenty-Third Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 14, 2008 (the "Twenty-Third Supplement");

- Twenty-Fourth Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed June 13, 2008 (the "Twenty-Fourth Supplement");

- Twenty-Fifth Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed January 21, 2009 (the "Twenty-Fifth Supplement");

- Twenty-Sixth Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed July 22, 2010 (the "Twenty-Sixth Supplement"); and

- Twenty-Seventh Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed February 4, 2011 (the "Twenty-Seventh Supplement", and together with the Original Affidavit, the First Supplement, the Second Supplement, the Third Supplement, the Fourth Supplement, the Fifth Supplement, the Sixth Supplement, the Seventh Supplement, the Eighth Supplement, the Ninth Supplement, the Tenth Supplement, the Eleventh Supplement, the Twelfth Supplement and Amendment to Twelfth Supplement, the Thirteenth Supplement, the Fourteenth Supplement, the Fifteenth Supplement, the Sixteenth Supplement, the Seventeenth Supplement, the Eighteenth Supplement, the Nineteenth Supplement, the Twentieth Supplement, the Twenty-First Supplement, the Twenty-Second Supplement, the Twenty-Third Supplement, the Twenty-Fourth Supplement, the Twenty-Fifth Supplement, and the Twenty-Sixth Supplement, collectively, the "Prior Affidavits").

4.    I submit this Twenty-Eighth Supplemental Affidavit (the "Twenty-Eighth Supplement") to provide additional disclosure required under Fed. R. Bankr. P. 2014(a). Unless

K&E 19198005.3

otherwise stated in this Twenty-Eighth Supplement, I have personal knowledge of the facts set forth herein.

5.    As stated in the Prior Affidavits, K&E continues to learn of parties who have or may have had relationships to the Debtors. Thereafter, as is reasonably practicable, K&E will file additional supplemental affidavits as required by Fed. R. Bankr. P. 2014(a) as K&E learns of such parties and K&E conducts a conflicts search of such parties.

### Conflicts Searches

6.    K&E has updated its conflicts searches on certain entities and individuals whose names had previously been the subject of a conflict search performed with respect to the Debtors during the pendency of the Cases (such searches, the "Update Searches"). The categories encompassing the Update Searches include: the Debtors' vendors; lessors; customers; insurers; investment bankers; bank creditors; letters of credit providers; officers and directors; significant equity security holders; significant unsecured creditors; ordinary course professionals; other parties in interest; and any additional Fed. R. Bankr. P. 2002 parties not already included in the previous category listings.

### Specific Disclosures

*Results of Conflicts Searches*

7.    **Exhibit A**[2] lists the client connections found as a result of the Update Searches.[3]

---

[2]    On **Exhibit A**, the term "current client" means a client for whom time was posted in the 12 months before the date of this Twenty-Eighth Supplement. On **Exhibit A**, the term "former client" means a client for whom time was posted between 36 and 12 months before the date of this Twenty-Eighth Supplement. On **Exhibit A**, the term "closed client" means a client for whom time was posted in the 36 months before the date of this Twenty-Eighth Supplement, but the client representation has been closed. As a general matter, K&E discloses connections with former clients or closed clients for whom time was posted in the last 36 months, but does not disclose connections if time was billed more than 36 months before the date of this Twenty-Eighth Supplement.

K&E 19198005.3

8.      As disclosed below and on **Exhibit A**, K&E represents certain of the Debtors' creditors, debtholders or affiliates of the debtholders, and/or other parties in interest in matters unrelated to the Debtors and the Cases.  None of the representations described on **Exhibit A** are materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders thereof.

9.      Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither K&E nor any partner, of counsel, or associate thereof have any connection with the Debtors, their creditors, or any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as disclosed or otherwise described below, in the Prior Affidavits or in the Application.

*1% Clients*

10.      In each Prior Affidavit, K&E disclosed the names of those parties-in-interest in the Cases which, as clients of K&E, represented more than 1% of K&E's fee receipts for the respective twelve-month periods.

11.      K&E currently represents, and has represented, Chemtura Corporation and certain of its affiliates and subsidiaries.  Chemtura Corporation represented approximately 1.43 percent of K&E's fee receipts for the twelve-month period ending on April 30, 2011.  In its periodic review of potential connections conducted pursuant to Bankruptcy Rule 2014(a), K&E has identified new connections to a Chemtura Corporation affiliate, Great Lakes Chemical Corp. ("Great Lakes").  Great Lakes is a vendor for certain of the Debtors.  All prior and current K&E

---

3      However, to the extent that the Update Searches resulted in disclosures identical to the disclosures made in Prior Affidavits, those results are not repeated here.

representations of Great Lakes and Chemtura Corporation have been in matters unrelated to the Debtors or these Cases. K&E does not believe that these connections present a conflict, but has disclosed them out of an abundance of caution. With the exception of Great Lakes, no client listed on **Exhibit A** represents more than 1% of K&E's fee receipts for the twelve-month period ending April 30, 2011.

### Disclosure of New K&E Employee Connections

12.    Adam M. Kaufmann, an intellectual property associate, started working in K&E's Chicago office on April 25, 2011. Before joining K&E, Mr. Kaufmann worked as an associate at Cascino Vaughan Law Offices, Ltd., and represented numerous individuals in asbestos-related litigation unrelated to the Debtors. Such representations were adverse to Minnesota Mining & Manufacturing, Bechtel Construction Company, Linde, Inc., Union Carbide Corporation, Uniroyal Inc., and other parties. Although this asbestos-related litigation did not involve the Debtors, out of an abundance of caution, K&E has instituted formal screening procedures to screen Mr. Kaufmann from any contact with K&E's representation of the Debtors.

13.    Gavin Gordon, a corporate partner, started working in K&E's London office on November 1, 2010. Before joining K&E, Mr. Gordon worked as a partner at Ashurst LLP, and represented the management of the Lehman Brothers Investment Banking Division on the sale of the division to affiliates of Nomura Holdings, Inc. Lehman Brothers Inc. and certain of its affiliates are adverse parties and creditors or the parent of a creditor in these Cases. Although Mr. Gordon's representation of the management of the Lehman Brothers Investment Banking division was unrelated to these Cases, out of an abundance of caution, K&E has instituted formal screening procedures to screen Mr. Gordon from any contact with K&E's representation of the Debtors.

7

14.    David M. Tarr, a corporate associate, started working in K&E's New York office on August 2, 2010.  Before joining K&E, Mr. Tarr worked as an associate at White & Case LLP, and represented Deutsche Bank AG in various matters, including in connection with proposed exit financing for W. R. Grace & Co. - Conn.  K&E has instituted formal screening procedures to screen Mr. Tarr from any contact with K&E's representation of the Debtors.

*[Concluded on Following Page]*

15.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Executed on:  July 29, 2011

_____
Adam Paul
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Subscribed and sworn to before me
this 29th day of July, 2011.

_____
Notary Public
My Commission Expires: 2/4/2013

"OFFICIAL SEAL"
Joseph Seabloom
Notary Public, State of Illinois
My Commission Expires February 4, 2013

9