# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                           Chapter 11

**W.R. Grace & Co., et al.**                     Case No. 01-01139 (JKF)

Debtors.                              Jointly Administered

**FORTY-FIRST QUARTERLY FEE APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM APRIL 1, 2011 THROUGH JUNE 30, 2011**

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **April 1, 2011 – June 30, 2011** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$388,620.75** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$4,259.75** |
| Fees and Expenses of the Asbestos Issues Expert: | |

This is an: ☒ interim ☐ final application

This is the forty-first quarterly application filed.

## Attachment A

**Monthly Interim Fee Applications**

| Date Filed | Period Covered | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| May 30, 2001 D.I.339 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 D.I.613 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111,943.00 | $6,884.73 |
| July 30, 2001 D.I.772 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| September 5, 2001 D.I.889 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 D.I.983 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 D.I.1058 | 9/1/01 – 9/30/01 | $58,742.00 | $6,801.32 | $46,993.60 | $6,801.32 |
| November 26, 2001 D.I.1239 | 10/1/01 – 10/31/01 | $101,069.00 | $3,562.09 | $80,855.20 | $3,562.09 |
| January 8, 2002 D.I.1470 | 11/1/01 – 11/30/01 | $136,368.50 | $8,847.34 | $109,094.80 | $8,847.34 |
| February 1, 2002 D.I.1608 | 12/01/01 – 12/31/01 | $92,064.50 | $9,471.47 | $73,651.60 | $9,471.47 |
| March 14, 2002 D.I.1812 | 01/01/02 – 01/31/02 | $100,231.50 | $14,675.58 | $80,185.20 | $14,675.58 |
| April 22, 2002 D.I.1951 | 02/01/02 – 02/28/02 | $88,974.50 | $16,863.97 | $71,179.60 | $16,863.97 |
| May 8, 2002 D.I.2029 | 03/01/02 – 03/31/02 | $77,964.25 | $1,190.44 | $62,371.40 | $1,190.44 |
| June 3, 2002 D.I.2156 | 04/01/02-04/30/02 | $97,251.50 | $1,816.40 (Stroock) $9,772.37 (Chambers) | $77,801.20 | $11,588.86 |

|  |  |  | Payment Requested | Payment Approved |  |
|---|---|---|---|---|---|
| July 2, 2002<br>D.I.2324 | 05/01/02 –<br>05/31/02 | $74,910.75 | $2,9154.43 (Stroock)<br>$43,190.69 (Chambers) | $59,928.60 | $46,105.12 |
| August 5, 2002<br>D.I.2495 | 06/01/02 –<br>06/30/02 | $73,096.75 | $2,054.05 (Stroock)<br>$114,666.72 (Chambers) | $58,477.4011 | $116,720.77 |
| September 20, 2002<br>D.I.2720 | 07/01/02 –<br>07/31/02 | $90,903.27 | $1,250.79 (Stroock)<br>$11,996.25 (Chambers) | $72,722.61 | $13,274.04 |
| October 29, 2002<br>D.I.2898 | 08/01/02 –<br>08/31/02 | $93,151.25 | $11,539.51 (Stroock)<br>$5,046.70 (Chambers) | $74,521.00 | $16,586.21 |
| November 14, 2002<br>D.I.2981 | 09/01/02 -<br>09/30/02 | $96,613.25 | $15,567.77 (Stroock)<br>$771.50 (Chambers) | $77,290.60 | $16,339.27 |
| December 10, 2002<br>D.I.3129 | 10/1/02 –<br>10/31/02 | $68,404.00 | $2,956.54 (Stroock)<br>$1,780.75 (Chambers) | $54,723.20 | $4,737.29 |
| January 28, 2003<br>D.I.3286 | 11/1/02 –<br>11/30/02 | $75,345.50 | $8,712.16 (Stroock) | $60,276.40 | $8,712.16 |
| February 7, 2003<br>D.I.3349 | 12/1/02 –<br>12/31/02 | $27,683.50 | $13,332.14 (Stroock) | $22,146.80 | $13,332.14 |
| March 26, 2003<br>D.I.3552 | 1/1/03 –<br>1/31/03 | $88,139.00 | $1,210.11 (Stroock) | $70,511.20 | $1,210.11 |
| April 7, 2003<br>D.I.3626 | 2/1/03 –<br>2/28/03 | $76,313.00 | $2,022.78 (Stroock)<br>$1,077.80 (Chambers) | $61,050.40 | $3,100.58 |
| April 29, 2003<br>D.I.3718 | 3/1/03 –<br>3/31/03 | $60,163.50 | $6,191.15 (Stroock) | $48,130.80 | $6,191.15 |
| June 2, 2003<br>D.I. 3850 | 4/1/03 –<br>4/30/03 | $60,269.00 | $814.02 (Stroock)<br>$2,043.00 (Chambers) | $48,215.20 | $2,857.02 |
| July 1, 2003<br>D.I. 3983 | 5/1/03 –<br>5/31/03 | $111,990.50 | $691.84 (Stroock)<br>$3,830.50 (Chambers) | $89,592.40 | $10,522.34 |
| August 5, 2003<br>D.I. 4152 | 6/1/03 –<br>6/30/03 | $43,824.00 | $1,220.42 (Stroock)<br>$61,755.00 (Chambers) | $35,059.20 | $62,975.42 |
| September 4, 2003<br>D.I. 4381 | 7/1/03 –<br>7/31/03 | $79,090.50 | $2,301.33 (Stroock)<br>$14,274.25 (Chambers) | $63,272.40 | $16,575.58 |

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| September 30, 2003 D.I. 4512 | 8/1/03 – 8/31/03 | $69,927.00 | $1,164.19 (Stroock) $12,488.94 (Chambers) | $55,941.60 | $13,653.13 |
| October 29, 2003 D.I. 4625 | 9/1/03 – 9/30/03 | $69,409.50 | $1,076.94 (Stroock) $10,102.00 (Chambers) | $55,527.60 | $11,178.94 |
| December 19, 2003 D.I. 4843 | 10/1/03 – 10/31/03 | $96,980.50 | $3,800.45 (Stroock) $42,881.50 (Chambers) | $77,584.40 | $46,681.95 |
| January 23, 2004 D.I. 4976 | 11/1/03 – 11/30/03 | $66,428.50 | $1,225.38 (Stroock) $30,463.00 (Navigant f/k/a Chambers) | $53,142.80 | $31,688.38 |
| February 4, 2004 D.I. 5056 | 12/1/03 – 12/31/03 | $52,321.50 | $924.99 (Stroock) $27,005.00 (Navigant f/k/a Chambers) | $41,857.20 | $27,929.99 |
| March 17, 2004 D.I. 5309 | 1/1/04 – 1/31/04 | $65,980.50 | $1,917.93 (Stroock) $47,654.57 (Navigant f/k/a Chambers) | $52,784.40 | $49,572.50 |
| April 6, 2004 D.I. 5406 | 2/1/04 – 2/29/04 | $90,421.50 | $3,636.48 (Stroock) $35,492.50 (Navigant f/k/a Chambers) | $72,337.20 | $39,128.98 |
| April 28, 2004 D.I. | 3/1/04 – 3/31/04 | $103,524.00 | $5,567.34 (Stroock) | $82,819.20 | $5,567.34 |
| June 14, 2004 D.I. 5803 | 4/1/04 – 4/30/04 | $99,136.00 | $3,518.96 (Stroock) $1,515.00 (Navigant February) $49,667.00 (Navigant March) $80,307.11 (Navigant April) | $79,308.80 | $135,008.07 |
| July 2, 2004 D.I. 5917 | 5/1/04 – 5/31/04 | $134,324.50 | $2,409.97 (Stroock) $78,360.05 (Navigant May) | $107,459.60 | $80,770.02 |
| August 2, 2004 D.I. 6105 | 6/1/04 – 6/31/04 | $120,501.00 | $1,831.49 (Stroock) $62,625.00 (Navigant June) | $96,400.80 | $64,456.49 |
| September 9, 2004 D.I. 6341 | 7/1/04 – 7/31/04 | $72,394.00 | $3,461.84 (Stroock) $40,427.50 (Navigant July) | $57,915.20 | $43,889.34 |

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| September 23, 2004 D.I. 6444 | 8/1/04 – 8/31/04 | $70,457.00 | $1,764.40 (Stroock) | $56,365.60 | $1,764.40 |
| October 14, 2004 D.I 6625 | 9/1/04 – 9/30/04 | $83,903.50 | $1,535.61 (Stroock) $27,142.00 (Navigant August) | $67,122.80 | $28,677.61 |
| December 3, 2004 D.I. 7086 | 10/1/04 – 10/31/04 | $200,155.50 | $1,368.18 (Stroock) $ 24,659.00 (Navigant September) | $160,124.40 | $26,027.18 |
| January 7, 2005 D.I. 7481 | 11/1/04 – 11/30/04 | $218,608.50 | $14,019.09 (Stroock) $25,102.80 (Navigant October) $27,972.34 (Navigant November) | $174,886.80 | $67,094.23 |
| February 2, 2005 D.I. 7667 | 12/1/04 – 12/31/04 | $235,503.70 | $10,442.92 (Stroock) $62,687.97 (Navigant December) | $188,402.96 | $73,130.89 |
| March 15, 2005 D.I. 8026 | 1/1/05 – 1/31/05 | $187,168.00 | $4,411.55 (Stroock) $15,686.00 (Navigant January) | $149,734.40 | $20,097.55 |
| April 1, 2005 D.I. 8155 | 2/1/05 – 2/28/05 | $108,180.25 | $8,102.85 (Stroock) $18,303.37 (Navigant February) | $86,544.20 | $26,406.22 |
| April 29, 2005 D.I. 8305 | 3/1/05 – 3/31/05 | $56,941.25 | $287.23 (Stroock) $6,114.86 (Navigant March) | $45,553.00 | $6,402.09 |
| June 6, 2005 D.I. 8562 | 4/1/05- - 4/30/05 | $127,695.00 | $3,531.45 (Stroock) $20,129.06 (Navigant April) | $102,156.00 | $23,660.51 |
| June 28, 2005 D.I. 8704 | 5/1/05- 5/31/05 | $98,569.00 | $4,871.74 (Stroock) | $78,855.20 | $858.21 |
| August 3, 2005 D.I. 9135 | 6/1/05- 6/30/05 | $114,903.75 | $4,871.74 (Stroock) $34,075.28 (Navigant June) | $91,923.00 | $38,947.02 |
| September 8, 2005 D.I. 9356 | 7/1/05 – 7/31/05 | $117,780.75 | $2,088.44 (Stroock) $2,211.00 (Navigant) | $94,224.60 | $4,299.44 |

4

| | | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|---|
| October 4, 2005 D.I. 9565 | 8/1/05 – 8/31/05 | $106,796.25 | $5,046.99 (Stroock) | $18,550.00 (Navigant) | $85,437.00 | $23,596.99 |
| November 1, 2005 D.I. 10951 | 9/1/05 – 9/30/05 | $67,697.50 | $1,399.68 (Stroock) | $11,197.50 (Navigant) | $54,158.00 | $12,597.18 |
| November 29, 2005 D.I. 11202 | 10/1/05 – 10/31/05 | $98,216.75 | $1,611.30 (Stroock) | $11,582.50 (Navigant) | $78,573.40 | $13,193.80 |
| January 9, 2006 D.I. 11507 | 11/1/05 – 11/30/05 | $104,348.00 | $2,847.45 (Stroock) | $71,598.50 (Navigant) | $83,478.40 | $74,445.95 |
| January 30, 2006 D.I. 11655 | 12/1/05 – 12/31/05 | $96,855.00 | $1,379.53 (Stroock) | $20,317.49 (Navigant) | $77,484.00 | 21,697.02 |
| March 1, 2006 D.I. 11921 | 1/1/06 – 1/31/06 | $73.383.00 | $1,810.85 (Stroock) | $14,124.01 (Navigant) | $58.706.40 | $15,934.86 |
| March 28, 2006 D.I. 12134 | 2/1/06 – 2/28/06 | $105,083.75 | $1,434.62 (Stroock) | $25,971.70 (Navigant) | $84.067.00 | $27,406.32 |
| May 2, 2006 D.I. 12354 | 3/1/06 – 3/31/06 | $145,189.50 | $2,512.81 (Stroock) | $25,838.37 (Navigant) | $116,151.60 | $28,351.18 |
| May 31, 2006    DI. 12558 | 4/1/2006 – 4/30/2006 | $116,817.00 | $2,141.42 (Stroock) | $7,425.00 (Navigant) | $93,453.60 | $9,566.42 |
| July 6, 2006 D.I. 12748 | 5/1/2006 – 5/31/2006 | $121,304.50 | $1,838.71 (Stroock) | $17,493.75 (Navigant) | $97,043.60 | $19,332.46 |
| August 1, 2006 D.I. 12899 | 6/1/2006 – 6/30/2006 | $94,856.50 | $1,869.66 (Stroock) | $38,548.75 (Navigant) | $75,885.20 | $40,418.41 |
| August 30, 2006 D.I. 13117 | 7/1/2006 – 7/31/2006 | $97,397.25 | $496.76 (Stroock) | $30,280.00 (Navigant) | $77,917.80 | $30,776.76 |
| October 2, 2006 D.I. 13336 | 8/1/2006 – 8/31/2006 | $131,856.25 | $98.34 (Stroock) | $98,317.50 (Navigant) | $105,485.00 | $98,415.84 |
| November 2, 2006 D.I. 13559 | 9/1/2006 – 9/30/2006 | $150,960.00 | $4,147.01 (Stroock) | $91,179.11 (Navigant) | $120,768.00 | $95,326.12 |
| November 29, 2006 D.I. 13838 | 10/1/06 – 10/31/06 | $196,223.50 | $915.14 (Stroock) | $147,374.20 (Navigant) | $156,978.89 | $148,289.34 |

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| January 12, 2007<br>D.I. 14292 | 11/1/06 –<br>11/30/06 | $188,638.00 | $3,370.16 (Stroock)<br>$133,438.70 (Navigant) | $150,910.40 | $136,808.86 |
| January 29, 2007<br>D.I. 14415 | 12/1/06 –<br>12/31/06 | $99,832.00 | $5,752.89 (Stroock)<br>$55,245.22 (Navigant) | $79,865.60 | $60,998.11 |
| March 8, 2007<br>D.I. 14810 | 1/1/07 –<br>1/31/07 | $77,582.00 | $962.06 (Stroock)<br>$90,474.74 (Navigant) | $62,065.60 | $91,436.80 |
| April 10, 2007<br>D.I. 15132 | 2/1/07 –<br>2/28/07 | $119,140.50 | $3,092.88 (Stroock)<br>$77,301.25 (Navigant) | $95,312.40 | $80,394.13 |
| May 1, 2007<br>D.I. 15457 | 3/1/07 –<br>3/31/07 | $135,228.00 | $6,635.25 (Stroock)<br>$104,674.53 (Navigant) | $108,182.40 | $111,309.78 |
| June 22, 2007<br>D.I. 16136 | 4/1/07 –<br>4/30/07 | $177,646.00 | $815.81 (Stroock)<br>$173,437.45 (Navigant) | $142,116.80 | $174,253.26 |
| July 17, 2007<br>D.I. 16309 | 5/1/07 –<br>5/31/07 | $205,937.25 | $6,405.01 (Stroock)<br>$162,431.03 (Navigant) | $164,749.80 | $168,836.04 |
| August 10, 2007<br>D.I. 16528 | 6/1/07 –<br>6/30/07 | $225,650.50 | $5,929.97 (Stroock)<br>$200,294.81 (Navigant) | $180,520.40 | $206,224.78 |
| September 14, 2007<br>D.I. 16822 | 7/1/07 –<br>7/31/07 | $157,268.50 | $4,021.65 (Stroock)<br>$208,116.54 (Navigant) | $125,814.80 | $212,138.19 |
| October 1, 2007<br>D.I. 16959 | 8/1/07 –<br>8/31/07 | $145,866.50 | $3,354.61 (Stroock)<br>$210,152.54 (Navigant) | $116,693.20 | $213,507.15 |
| November 16, 2007<br>D.I. 17394 | 9/1/07 –<br>9/30/07 | $206,908.50 | $3,056.89 (Stroock) | $165,526.80 | $3,056.89 |
| December 5, 2007<br>D.I. 17548 | 10/1/07 –<br>10/31/07 | $288,976.50 | $22,324.58 (Stroock)<br>$325,509.63 (Navigant) | $231,181.20 | $303,185.05 |
| January 11, 2008<br>D.I. 17803 | 11/1/07 –<br>11/30/07 | $249,372.50 | $32,780.40 (Stroock)<br>$162,394.93 (Navigant) | $199,498.00 | $195,175.33 |
| February 1, 2008<br>D.I. 17957 | 12/1/07 –<br>12/31/07 | $116,522.50 | $57,717.92 (Stroock)<br>$47,444.43 (Navigant) | $93,218.00 | $105,162.35 |
| March 4, 2008<br>D.I. 18202 | 1/1/08 –<br>1/31/08 | $201,472.50 | $3,282.80 (Stroock)<br>$86,070.26 (Navigant) | $161,178.00 | $89,353.06 |

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| April 5, 2008<br>D.I. 18450 | 2/1/08 –<br>2/29/08 | $195,491.00 | $5,922.25 (Stroock)<br>$73,924.16 (Navigant) | $156,392.80 | $79,846.41 |
| April 29, 2008<br>D.I. 18639 | 3/1/08 –<br>3/31/08 | $275,659.00 | $11,217.17 (Stroock)<br>$69,201.53 (Navigant) | $220,527.20 | $80,418.70 |
| June 4, 2008<br>D.I. 18862 | 4/1/08<br>4/30/08 | $298,888.00 | $10,143.60 (Stroock)<br>$38,800.00 (Navigant) | $239,110.40 | $48,943.60 |
| July 1, 2008<br>D.I. 19032 | 5/1/08<br>5/31/08 | $138,683.50 [1] | $3,649.95 (Stroock) | $110,946.80 [2] | $3,649.95 |
| August 4, 2008<br>D.I. 19224 | 6/1/08<br>6/30/08 | $213,559.00 | $12,357.78 (Stroock)<br>$96.84 (Navigant) | $170,847.20 | $12,454.62 |
| September _, 2008<br>D.I. 19516 | 7/1/08<br>7/31/08 | $206,087.50 | $6,717.13 (Stroock)<br>$259.90 (Navigant) | $164,870.00 | $6,977.03 |
| September 30, 2008<br>D.I. 19653 | 8/1/08<br>8/31/08 | $212,928.50 | $2,326.65 (Stroock) | $170,342.80 | $2,326.65 |
| November 6, 2008<br>D.I. 19949 | 9/1/08<br>9/30/08 | $226,486.50 | $2,844.77 (Stroock) | $181,189.20 | $2,844.77 |
| December 2, 2008<br>D.I. 20168 | 10/1/08<br>10/31/08 | $270,097.00 | $10,611.52 (Stroock) | $216,077.60 | $10,611.52 |
| December 30, 2008<br>D.I. 20384 | 11/1/08<br>11/30/08 | $184,642.00 | $5,870.24 (Stroock) | $147,713.60 | $5,870.24 |
| February 3, 2009<br>D.I. 20654 | 12/1/08-<br>12/31/08 | $102,648.50 | $4,017.80 (Stroock) | $82,118.80 | $4,017.80 |
| March 3, 2009<br><br>D.I. 20906 | 1/1/09<br>1/31/09 | $114,525.00 | $2,458.44 (Stroock) | $91,620.00 | $2,458.44 |
| March 30, 2009<br>D.I. 21152 | 2/1/08<br>2/28/09 | $141,569.00 | $1,627.89 (Stroock) | $113,255.20 | $1,627.89 |
| April 29, 2009<br>D.I. 21475 | 3/01/09<br>3/31/09 | $181,006.75 | $3,270.02 (Stroock) | $144,805.40 | $3,270.02 |

---

[1]    See paragraph 10 re Twenty-Ninth Quarterly Fee Application, Docket No. 19386.

[2]    See paragraph 10 re Twenty-Ninth Quarterly Fee Application, Docket No. 19386.

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| May 29, 2009<br>D.I. 21910 | 4/01/09<br>4/30/09 | $187,588.50 | $1,545.41 (Stroock) | $150,070.80 | $1,545.41 |
| July 1, 2009<br>D.I. 22310 | 5/01/09<br>5/31/09 | $227,989.00 | $9,428.79 (Stroock) | $182,391.20 | $9,428.79 |
| August 6, 2009<br>D.I. 22709 | 6/01/09<br>6/30/09 | $238,611.25 | $5,960.91 (Stroock) | $190,889.00 | $5,960.91 |
| September 25, 2009<br>D.I. 23338 | 7/01/09<br>7/31/09 | $294,766.50 | $17,306.20 (Stroock) | $235,813.20 | 17,306.20 |
| October 5, 2009<br>D.I. 23422 | 8/01/09<br>8/31/09 | $299,544.25 | $7,237.57(Stroock)<br>$2,812.50 (Navigant) | $239,635.40 | $10,050.07 |
| November 13, 2009<br>D.I. 23759 | 9/01/09<br>9/30/09 | $349,937.50 | $20,164.05 (Stroock) | $279,950.00 | $20,164.05 |
| December 1, 2009<br>D.I. 23897 | 10/01/09<br>10/31/09 | $281,050.75 | $12,457.25 (Stroock) | $224,840.60 | $12,457.25 |
| December 30,2009<br>D.I. 24087 | 11/01/09<br>11/30/09 | $219,347.00 | $10,084.80 (Stroock) | $175,477.60 | $10,084.80 |
| January 29, 2010<br>D.I. 24211 | 12/01/09<br>12/31/09 | $117,137.00 | $3,532.36 (Stroock) | $93,709.60 | $3,532.36 |
| March 1, 2010<br>D.I. 24376 | 1/01/10<br>1/31/10 | $193,442.75 | $3,163.37 (Stroock) | $154,754.20 | $3,163.37 |
| March 30, 2010<br>D.I. 24537 | 2/01/10<br>2/28/10 | $56,435.50 | $1,668.29 (Stroock) | $45,148.40 | $1,668.29 |
| April 28, 2010<br>D.I. 24687 | 3/01/10<br>3/31/10 | $42,209.00 | $636.63 (Stroock) | $33,767.20 | $636.63 |
| May 28, 2010<br>D.I. 24859 | 4/01/10<br>4/30/10 | $44,465.00 | $265.51 (Stroock) | $35,572.00 | $265.51 |
| June 28, 2010<br>D.I. 24993 | 5/01/10<br>5/31/10 | $36,946.50 | $770.90 (Stroock) | $29,557.20 | $770.90 |
| July 28, 2010<br>D.I. 25130 | 6/01/10<br>6/30/10 | $52,374.50 | $93.68 (Stroock) | $41,899.60 | $93.68 |

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| August 30, 2010<br>D.I. 25286 | 7/01/10<br>7/31/10 | $20,240.00 | $141.30 (Stroock) | $16,192.00 | $141.30 |
| September 28, 2010<br>D.I. 25488 | 8/01/10<br>8/31/10 | $23,595.50 | $157.91 (Stroock) | $18,876.40 | $157.91 |
| October 28, 2010<br>D.I. 25660 | 9/01/10<br>9/30/10 | $25,244.50 | $328.75 (Stroock) | $20,195.60 | $328.75 |
| November 29, 2010<br>D.I. 25812 | 10/01/10<br>10/31/10 | $17,677.50 | $90.00 (Stroock) | $14,142.00 | $90.00 |
| December 28, 2010<br>D.I. 25963 | 11/01/10<br>11/30/10 | $45,417.00 | $307.06 (Stroock) | $36,333.60 | $307.06 |
| January 28, 2011<br>D.I. 26140 | 12/01/10<br>12/31/10 | $78,046.75 | $2,238.40 (Stroock) | $62,437.40 | $2,238.40 |
| February 28, 2011<br>D.I. 26435 | 1/01/11<br>1/31/11 | $37,267.00 | $193.84 (Stroock) | $29,813.00 | $193.84 |
| March 28, 2011<br>D.I. 26651 | 2/01/11<br>2/28/11 | $145,264.75 | $3,264.42 (Stroock) | $116,211.80 | $3,264.42 |
| April 28, 2011<br>D.I. 26834 | 3/01/11<br>3/30/11 | $95,649.00 | $1,447.38 (Stroock) | $76,519.20 | 1,447.38 |
| May 31, 2011<br>D.I. 27012 | 4/01/11<br>4/30/11 | $137,671.50 | $1,005.62 (Stroock) | $110,137.20 | $1,005.62 |
| June 28, 2011<br>D.I. 27166 | 5/01/11<br>5/31/11 | $67,451.50 | $1,350.50 (Stroock) | $53,961.20 | $1,350.50 |
| July 28, 2011<br>D.I. 27326 | 6/01/11<br>6/30/11 | $183,497.75 | $1,903.63 (Stroock) | | |

**Quarterly Fee Applications**

| Date Filed | Period Covered | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| July 30, 2001 D.I.770 (First) | 4/12/01-6/30/01 | $369,873.75 | $19,318.00 | $369,873.75 | $19,318.75 |
| November 1, 2002 D.I.1068 (Second) | 7/1/01 – 9/31/01 | $204,923.50 | $15,015.57 | $204,923.50 | $15,015.57 |
| February 8, 2002 D.I.1658 (Third) | 10/1/01 – 12/31/01 | $329,842.00 | $21,880.90 $9,918.43[*] | $329,842.00 | $21,880.90 (Stroock) $9,918.43 (Chambers) |
| May 16, 2002 D.I.2064 (Fourth) | 01/01/02 – 03/31/02 | $267,170.20 | $6,149.76 $36,352.60* | $266,865.70 | $6,144.85 (Stroock) $22,002.76 (Chambers) |
| August 16, 2002 D.I.2557 (Fifth) | 04/01/02 – 06/30/02 | $245,259.00 | $6,784.97 $167,629.78* | $245,259.00 | $6,784.97 (Stroock) $167,629.78 (Chambers |
| November 18, 2002 D.I.3045 (Sixth) | 07/01/02 – 09/30/02 | $280,471.77 | $28,358.07 $17,814.45* | $224,534.21[3] | $28,358.07 (Stroock)[1] $17,814,45 (Chambers)[1] |
| March 25, 2003 D.I.3549 (Seventh) | 10/01/02 – 12/31/03 | $171,108.00 | $25,000.84 $1,780.75* | $136,886.40[4] | $25,000.84 (Stroock)[2] $1,780.75 (Chambers)[2] |

---

[*]   These amounts relate to the Committee's Asbestos Issues Expert.

[3]   Court Order dated March 14, 2003 approved fees in the amount of $276,535.77 and expenses in the amount of $45,477.52.

[4]   Court Order dated July 28, 2003 approved fees in the amount of $171,108.00 and expenses in the amount of $26,412.62.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| May 20, 2003 D.I. 3815 (Eighth) | 1/1/03 – 3/31/03 | $224,358.50 | $9,424.04 $1,077.80* | $224,615.50[5] | $9,424.04 (Stroock)[3] $1,077.80 (Chambers)[3] |
| August 29, 2003 D.I. 4357 (Ninth) | 4/1/03 – 6/30/03 | $215,903.50 | $2,726.28 $67,628.50* | $215,903.50[6] | $2,726.28 (Stroock)[4] $67,628.50 (Chambers)[4] |
| December 5, 2003 D.I. 4778 (Tenth) | 7/1/03 – 9/30/03 | $218,222.00 | $4,339.46 $36,865.19* | $218,222.00[7] | $4,339.46 (Stroock)[5] $36,865.19 (Chambers)[5] |
| March 2, 2004 D.I. 5212 (Eleventh) | 10/1/03 – 12/31/03 | $215,718.50 | $5,950.82 $100,349.50* | $215,718.50[8] | $5,922.67 (Stroock)[6] $100,349.50 (Chambers)[6] |
| May 18, 2004 D.I. 5597 (Twelfth) | 1/1/04 – 3/31/04 | $254,857.00 | $9,965.36 $83,147.07* | $254,857.00[9] | $9,965.36 (Stroock)[7] $83,147.07 (Navigant)[7] |
| August 26, 2004 D.I. 6269 (Thirteenth) | 4/1/04 – 6/30/04 | $353,629.50 | $7,760.42 $272,474.16* | $353,629.50[10] | $7,760.42 (Stroock)[8] $272,474.16 (Navigant)[8] |

---

[5]   Court Order dated September 22, 2003 approved fees in the amount of $224,033.50 and expenses in the amount of $10,410.22.

[6]   Amended Court Order dated December 23, 2003 approved fees in the amount of $215,903.50 and expenses in the amount of $70,354.78.

[7]   Court Order dated April 26, 2004 approved fees in the amount of $218,222.00 and expenses in the amount of $41,204.65.

[8]   Court Order dated June 16, 2004 approved fees in the amount of $215,718.50 and expenses in the amount of $106,272.17.

[9]   Court Order dated September 27, 2004 approved fees in the amount of $254,857.00 and expenses in the amount of $93,011.96.

[10]   Court Order dated January 25, 2005 approved fees in the amount of $353,629.50 and expenses in the amount of $280,234.58.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| November 10, 2004 D.I. 6871 (Fourteenth) | 7/1/04 – 9/30/04 | $226,702.50 | $6,705.08 $67,569.50* | $226,702.50[11] | $6,705.08 (Stroock)[9] $67,569.50 (Navigant)[9] |
| February 22, 2005 D.I. 7851 (Fifteenth) | 10/1/04 – 12/31/04 | $653,133.20 | $25,830.19 $140,422.11* | $648,355.70[12] | $25,830.19 (Stroock)[10] $140,422.11 (Navigant)[10] |
| May 16, 2005 D.I. 8468 (Sixteenth) | 1/1/05- 3/31/05 | $352,289.50 | $12,746.23 $40,104.23* | $349,644.00 | $12,746.23 (Stroock)[13] $40,104.23 (Navigant) |
| August 19, 2005 D.I. 9225 (Seventeenth) | 4/1/-5 – 6/30/05 | $340,821.25 | $9,261.40 $54,204.34* | $340,096.25[14] | $9,261.40 (Stroock) $54,204.34 (Navigant) |
| November 18, 2005 D.I. 11118 (Eighteenth) | 7/1/05 – 9/30/05 | $291,843.50 | $8,534.71 $31,958.50* | $291,843.50[15] | $8,534.71 (Stroock) $31,958.50 (Navigant) |
| February 15, 2006 D.I. 11798 (Nineteenth) | 10/1/05 – 12/31/05 | $299,419.75 | $5,838.28 $103,498.49* | $299,419.75[16] | $5,838.69 (Stroock $103,498.49 (Navigant) |

---

[11]  Court Order dated March 22, 2005 approved fees in the amount of $226,702.50 and expenses in the amount of $74,274.58.

[12]  Court Order dated June 29, 2005 approved fees in the amount of $648,335.70 and expenses in the amount of $166,252.30.

[13]  Court  Order dated September 27, 2005 approved fees in the amount of $349,644.00 and expenses in the amount of $52,850.46.

[14]  Court Order dated December 19, 2005 approved fees in the amount of $340,096.25 and expenses in the amount of $63,465.74.

[15]  Court Order dated March 24, 2006 approved fees in the amount of $291,843.50 and expenses in the amount of $40,493.21.

[16]  Court Order dated June 16, 2006 approved fees in the amount of $299,419.75 and expenses in the amount of $109,337.18.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| May 26, 2006 D.I. 12533 (Twentieth) | 1/1/2006 – 3/31/2006 | $323,566.25 | $5,758.28 $65,934.98* | $323,451.25[17] | $5,758.28 (Stroock) $64,810.58 (Navigant) |
| August 17, 2006 D.I. 13006 (Twenty-First) | 4/1/2006 – 6/30/2006 | $332,978.00 | $5,849.79 $63,467.50* | $332,978.00[18] | $5,849.70 (Stroock) $63,467.50 (Navigant) |
| November 29, 2006 D.I. 13835 (Twenty-Second) | 7/1/2006 – 9/30/2006 | $380,213.50 | $4,742.11 $219,776.61* | $380,213.50[19] | $4,742.11 (Stroock) $219,776.61 (Navigant) |
| March 1, 2007 D.I. 14717 (Twenty-Third) | 10/1/2007 – 12/31/07 | $484,693.50 | $10,038.19 $336,058.12* | $484,693.50[20] | $10,038.19 (Stroock) $336,058.12 (Navigant) |
| June 4, 2007 D.I. 15949 (Twenty-Fourth) | 1/1/07 - 3/31/07 | $331,950.50 | $10,690.15 $272,450.52* | $331,950.50[21] | $10,690.15 (Stroock) $272,450.52 (Navigant) |
| August 30, 2007 D.I. 16710 (Twenty-Fifth) | 4/1/2007 - 6/30/2007 | $609,233.75 | $13,150.79 $536,163.29* | $609,233.75[22] | $13,150.79 (Stroock) $536,163.29 (Navigant) |

---

[17] Court Order dated September 25, 2006 approved fees in the amount of $323,451.25 and expenses in the amount of $71,130.16.

[18] Court Order dated December 18, 2006 approved fees in the amount of $332,978.00 and expenses in the amount of $69,317.29.

[19] Court Order dated May 3, 2007 approved fees in the amount of $380,213.50 and expenses in the amount of $224,518.72.

[20] Court Order dated June 20, 2007 approved fees in the amount of $484,693.50 and expenses in the amount of $346,096.31.

[21] Court Order dated September 24, 2007 approved fees in the amount of $331,950.50 and expenses in the amount of $283,140.67.

[22] Court order dated December 13, 2007 approved fees in the amount of $609,233.75 and expenses in the amount of $549,314.08.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| December 12, 2007<br>D.I. 17625<br>(Twenty-Sixth) | 7/1/2007 –<br>9/30/2007 | $510,043.50 | $10,433.15<br>$418.269.08* | $508,758.50[23] | $10,433.15<br>(Stroock)<br>$418,269.08<br>(Navigant) |
| March 5, 2008<br>D.I. 18222<br>(Twenty-Seventh) | 10/1/07 –<br>12/31/07 | $654,871.50 | $112,822.90<br>$535,348.99* | $654,871.50[24] | $112,650.85<br>(Stroock)<br>$535,348.99<br>(Navigant) |
| May 27, 2008<br>D.I. 18789<br>(Twenty-Eighth) | 1/1/08<br>3/31/08 | $672,622.50 | $20,422.22<br>$229,195.95* | $672,622.50[25] | $20,422.22<br>(Stroock)<br>$229,195.95<br>(Navigant) |
| August 27, 2008<br>D.I. 19386<br>(Twenty-Ninth) | 4/1/08<br>6/30/08 | $653,130.50 | $26,151.33<br>$38,896.84* | $653,130.50[26] | $26,151.33<br>(Stroock)<br>$38,896.84<br>(Navigant) |
| December 5, 2008<br>D.I. 20207<br>(Thirtieth) | 7/1/08 –<br>9/30/08 | $645,502.50 | $11,888.55<br>$259.90* | $645,092.50[27] | $11,888.55<br>(Stroock)<br>$259.90<br>(Navigant) |
| March 9, 2009<br>D.I. 20950<br>(Thirty-First) | 10/01/08<br>12/31/08 | $557,387.50 | $20,499.56 | $557,387.50[28] | $20,499.56 |
| June 1, 2009<br>D.I. 21937<br>(Thirty-Second) | 1/01/09<br>3/31/09 | $437,100.75 | $7,356.35 | $433,438.75[29] | $7,356.35 |

---

[23]  Court order dated March 12, 2008 approved fees in the amount of $508,758.50 and expenses in the amount of $428,702.23.

[24]  Court order dated June 23, 2008 approved fees in the amount of $654,871.50 and expenses in the amount of $647,999.84.

[25]  Court order dated October 1, 2008 approved fees in the amount of $672,622.50 and expenses in the amount of $249,618.17.

[26]  Court order dated December 17, 2008 approved fees in the amount of $653,130.50 and expenses in the amount of $65,048.17.

[27]  Court order dated April 1, 2009 approved fees in the amount of $645,092.50 and expenses in the amount of $12,148.45.

[28]  Court order dated July 7, 2009 approved fees in the amount of $557,387.50 and expenses in the amount of $20,499.56.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| August 19, 2009 D.I. 22869 (Thirty-Third) | 4/01/09 6/30/09 | $654,188.75 | $16,935.11 | $653,243.75[30] | $16,935.11 |
| December 4, 2009 D.I. 23944 (Thirty-Fourth) | 7/01/09 9/30/09 | $944,248.25 | $44,707.82 $2,812.50* | $942,116.25[31] | $43,707.82 (Stroock) $2,812.50 (Navigant) |
| February 16, 2010 D.I. 24308 (Thirty-Fifth) | 10/01/10 12/31/09 | $617,534.75 | $26,074.41 | $617,534.75[32] | $26,074.41 |
| May 20, 2010 D.I. 24811 (Thirty-Sixth) | 01/01/10 3/30/10 | $290,697.25 | $5,468.29 | $290,697.25[33] | $5,468.29 |
| August 17, 2010 D.I. 25231 (Thirty-Seventh) | 4/01/10 6/30/10 | $133,786.00 | $1,130.09 | $133,786.00[34] | $1,130.09 |
| Nov. 17, 2010 D.I. 25766 (Thirty-Eighth) | 7/01/10 9/30/10 | $69,080.00 | $627.96 | $69,080.00[35] | $627.96 |
| March 3, 2011 D.I. 26481 (Thirty-Ninth) | 10/01/10 12/30/10 | $141,141.25 | $2,635.46 | $141,141.25[36] | $2,635.46 |

[29]  Court order dated September 28, 2009 approved fees in the amount of $433,438.75 and expenses in the amount of $7,356.35.

[30]  Court order dated December 11, 2009 approved fees in the amount of $653,243.75 and expenses in the amount of $16,935.11.

[31]  Court order dated March 19, 2010 approved fees in the amount of $942,116.25 and expenses in the amount of $47,520.32.

[32]  Revised Court Order dated June 7, 2010 approved fees in the amount of $617,534.75 and expenses in the amount of $26,074.41.

[33]  Court Order dated September 13, 2010 approved fees in the amount of $290,697.25 and expenses in the amount of $5,468.29.

[34]  Court Order dated December 10, 2010 approved fees in the amount of $133,786.00 and expenses in the amount of $1,130.09.

[35]  Court Order dated March 25, 2011 approved fees in the amount of $69,080.00 and expenses in the amount of $627.96.

[36]  Court Order dated June 30, 2011 approved fees in the amount of $141,141.25 and expenses in the amount of $2,635.46.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| May 19, 2011<br>D.I. 26959<br>(Fortieth) | 1/01/11<br>3/31/11 | $278,180.75 | $4,905.64 | | |

**WR GRACE & CO**
**ATTACHMENT B**
**APRIL 1, 2011 - JUNE 30, 2011**

|  | Hours | Rate | Amount | No. of Years in Position |
|---|---|---|---|---|
| **Partners** |  |  |  |  |
| Kruger, Lewis | 13.8 | $ 995 | $   13,731.00 | 41 |
| Pasquale, Kenneth | 120.1 | 895 | 107,489.50 | 20 |
|  |  |  |  |  |
| **Associates** |  |  |  |  |
| Berg, Madelaine | 2.2 | 685 | 1,507.00 | 22 |
| Krieger, Arlene G. | 357.7 | 715 | 255,755.50 | 26 |
|  |  |  |  |  |
| **Paraprofessionals** |  |  |  |  |
| Azelby, Colleen | 0.6 | 85 | 51.00 | 1 |
| Magzamen, Michael | 1.7 | 320 | 544.00 | 9 |
| Mohamed, David | 80.0 | 200 | 16,000.00 | 21 |
|  |  |  |  |  |
| **Sub Total** | **576.1** |  | **$ 395,078.00** |  |
| **Less 50% Travel** | **(8.1)** |  | **(6,457.25)** |  |
| **Total** | **568.0** |  | **$ 388,620.75** |  |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W. R. GRACE & CO., et al.**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |

**FORTY-FIRST QUARTERLY FEE APPLICATION OF STROOCK & STROOCK &
LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF W. R. GRACE & CO., et al., FOR INTERIM COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED
DURING THE PERIOD FROM APRIL 1, 2011 THROUGH JUNE 30, 2011**

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

accordance with the Administrative Fee Order (defined below) for interim allowance of

---

[1]   The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.
R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc.,
CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative
Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a
Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace
Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC
Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities
Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems,
Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace
H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a
Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum
Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace
Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc.,  Guanica-Caribe Land
Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development
Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos
Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-
BNA  Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc.
(f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management,
Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street
Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West
Coal Company, and H-G Coal Company.

compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## INTRODUCTION

1.      By this application (the "Application"), Stroock seeks (i) an interim allowance of compensation for the professional services rendered by Stroock as counsel for the Committee for the period from April 1, 2011 through June 30, 2011 (the "Compensation Period") in the aggregate amount of $388,620.75 representing 485.7 hours of professional services and 82.3 hours of paraprofessional services; and (ii) the reimbursement of actual and necessary expenses incurred by Stroock during the Compensation Period in connection with its rendition of such professional and paraprofessional services for the Committee in the aggregate amount of $4,259.75.

2.      Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## BACKGROUND

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and has continued in the management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the Bankruptcy Code.  Pursuant to an order of the Court, the Debtors' chapter 11 cases have been procedurally consolidated and are being jointly administered.

4.      The Debtors operate a worldwide specialty chemicals and materials business and employ approximately 3860 full and part-time employees.  On a consolidated basis, for the fiscal

2

year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues. The

Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales

are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor

subsidiaries and affiliates.

5.      On April 12, 2001, the United States Trustee formed the Committee. During the

first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its

counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter

11 cases. The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP

(n/k/a Duane Morris LLP) ("DM&H") as its local Delaware counsel. On December 3, 2003, the

United States Trustee filed a second amended notice of appointment of the Committee. On July

10, 2006, the United States Trustee filed a third amended notice of appointment of the

Committee.

6.      The United States Trustee also appointed two separate official committees to

represent the interests of claimants asserting asbestos-related personal injury claims (the "ACC")

and asbestos-related property damage claims (the "PD Committee") against the Debtors

(collectively, the "Asbestos Claim Committees"). On June 18, 2001, the United States Trustee

appointed an official committee to represent the interests of equity security holders of the

Debtors (the "Equity Committee").

7.      By order dated May 24, 2004, the Court authorized the appointment of a legal

representative for future asbestos personal injury claimants (the "PI FCR"). By order dated

---

[2]   The Debtors' pleadings further reported that this net loss resulted in part from a $294.0 million asbestos-related
    charge to earnings recorded in the fourth quarter of 2000.

October 20, 2008, the Court authorized the appointment of a legal representative for future

asbestos property damage claimants (the "PD FCR").

8.      By application dated May 1, 2001, Stroock sought Court approval for its retention

as counsel to the Committee nunc pro tunc to April 12, 2001.  The Court signed an order

approving Stroock's retention as counsel to the Committee on May 30, 2001.

9.      This is the forty-first quarterly interim application Stroock has filed with the

Court for an allowance of compensation and reimbursement of expenses for services rendered to

the Committee.  This Application is submitted pursuant to the terms of the Administrative Order

Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement

of Expenses for Professionals and Official Committee Members, approved by the Court on

May 3, 2001 as amended by order dated April 17, 2002 (collectively, the "Administrative Fee

Order").

10.     In accordance with the procedures established by the Administrative Fee Order,

Stroock had, at the time of filing this Application, received payment from the Debtors for 80% of

the fees and 100% of Stroock's expenses requested, and not objected to, in the April 2011 fee

statement.  Stroock has not received payment for the fees and expenses requested in either the

May 2011 fee statement for which a certificate of no objection has been filed, or in June 2011 fee

statement for which a certificate of no objection has not yet been filed.  Applicant has received

no other payments and no promises for payment from any source for services rendered in

connection with these cases for the months encompassing this Compensation Period other than

as immediately set forth above.  There is no agreement or understanding between the Applicant

4

and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

11.    As stated in the Affidavit of Kenneth Pasquale, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

## SUMMARY OF SERVICES RENDERED

12.    Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates.  The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

13.    Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee.  Such time records were made contemporaneously with the rendition of services by the person rendering such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2006.  A compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Compensation Period is annexed hereto as Exhibit "B".  In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and

paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services.

14.    Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection.  A schedule of the categories of expenses and amounts for which payment is requested is annexed hereto as Exhibit "D".

15.    Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

16.    The following summary of the services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B".  Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention.

### Business Operations -- Category 0013

17.    During this Compensation Period, the Debtors first informed Stroock and then filed a motion and related materials under seal seeking authority to participate in a competitive auction to acquire a certain target business and consummate the purchase, if Grace was the winning bidder.  In connection with its review of this highly confidential matter for the Committee, Stroock participated in numerous conference calls with Debtors' representatives and other interested parties, engaged in numerous calls with Capstone, reviewed all pleadings,

materials and analyses related to the proposed transaction, attended to all relevant issues and case law and prepared and/or provided comment on memoranda for the Committee. In addition, during this Compensation Period, Stroock reviewed the motion filed by the Debtors seeking to amend the order entered during the prior compensation period establishing a foreign holding company structure for certain of the Debtors' non-debtor foreign subsidiaries and discussed the amendment with Capstone. Stroock has expended 48.6 hours on this category for a fee of $36,441.00.

### Case Administration -- Category 0014

18.     As reported in prior monthly compensation applications, these chapter 11 cases were reassigned to District Court Judge Alfred Wolin in November 2001 and referred to Bankruptcy Court Judge Judith Fitzgerald, and then reassigned to District Court Judge Ronald L. Buckwalter following Judge Wolin's recusal from these cases.

19.     During this Compensation Period, Stroock continued to closely monitor the items on the Court's general chapter 11 docket for these cases, as well as those dockets relating to pending adversary proceedings and appeals, to ensure that the Committee was fully informed about all pending motions, adversary proceedings and appeals and that Stroock would be ready to timely respond on behalf of the Committee, as might be applicable. Stroock continued to engage Debtors' counsel and Capstone on an on-going basis with respect to pending matters and information requests. Stroock has expended 60.0 hours on this category for a fee of $14,506.00.

### Claims Analysis, Objection and Resolution (Non-Asbestos) -- Category 0015

20.     During this Compensation Period, the Debtors filed a settlement agreement with Fosroc International, Inc. ("Fosroc") setting forth a proposed settlement of outstanding claims

relating to multiple related pending patent litigations engaged in by Grace and three of its foreign

subsidiaries in Spain, the United Kingdom and Malaysia, against Fosroc and three of its

subsidiaries in those countries.  Stroock reviewed the settlement, sought additional information

from the Debtors on this matter, had a conference call with Debtors' counsel to discuss it and as

reflected elsewhere in this Application prepared a memorandum for the Committee discussing

the settlement.  Stroock has expended 2.9 hours on this category for a fee of $2,073.50.

### Committee, Creditors' Noteholders' or Equity Holders' -- Category 0017

21.    During this Compensation Period, Stroock communicated with the full Committee

and its members through memoranda and calls.  In order to keep the Committee fully informed

of all of the pending matters in these cases, and thus enable the Committee to take informed

positions on those issues, Stroock reviewed and summarized the motions, other pleadings and

notices filed by the Debtors and other parties in interest in these cases and the objections and

responses filed, raised issues the Committee should be aware of, made recommendations to the

Committee concerning appropriate actions to be taken with regard to the pleadings and

communicated with members of the Committee regarding the positions to be taken.  In addition,

Stroock engaged counsel and other representatives for the Debtors, with the Committee's

questions, concerns and comments, negotiated whenever and to the extent possible consensual

resolutions of outstanding issues and acceptable forms of proposed orders, stipulations and

agreements.

22.    As reported in the prior compensation application, the Bankruptcy Court on

January 31, 2011 issued a Memorandum Decision and Recommended Findings of Fact and

Conclusions of Law, with respect to the first amended joint plan of reorganization proposed by

the Debtors, the ACC, the PI FCR and the Equity Committee (collectively, the "Plan

Proponents") and the Bankruptcy Court thereafter on February 15, 2011 issued an order

clarifying that the Memorandum Decision was a Confirmation Order. A number of appeals were

taken from these confirmation rulings. The District Court issued a scheduling order and

established an appellate process to govern the appeals taken from the Confirmation Order and

objections to the Findings of Fact. During this Compensation Period, Stroock discussed with the

Committee the confirmation appeals taken by various appellants to the Confirmation Order

issued by the Bankruptcy Court and the confirmation appeals hearings held by the District Court

towards the end of this Compensation Period.

23.     During this Compensation Period, Stroock also prepared memoranda for the

Committee addressing, among other matters, (a) the Debtors proposed settlement of an

enforcement proceeding commenced by the Environmental Protection Agency relating to the

Debtors' Curtis Bay Facility located in Baltimore, MD, (b) the Debtors' proposed Administrative

Consent Order with the United States resolving the federal government's asbestos-related claims

with respect to the Debtors' former vermiculite expansion plant in Atlanta, GA., (c) the Debtors'

proposed Consent Decree with the United States, the Commonwealth of Massachusetts and other

parties resolving those governmental entities unresolved claims for natural resources damages

with respect to the Blackburn and Union Privileges Superfund Site located in Walpole, MA, (d)

the Debtors' proposed settlement of several pending patent litigations and related claims with

Fosroc and several of its subsidiaries and (e) the Debtors' proposed acquisition of a target

business.

24.     Through its correspondence and communications with the Committee, Stroock

has assisted the Committee in fulfilling its statutory duties to make informed decisions and

express the Committee's views regarding the issues which arise in these cases, to participate in

9

those proceedings and matters and in the confirmation of a plan providing appropriate treatment for the creditors represented by the Committee.  Stroock has expended 58.3 hours on this category for a fee of $42,226.50.

### Fee Application, Applicant -- Category 0018

25.    During this Compensation Period, Stroock prepared its fee statements for the months of March 2011, April 2011 and May 2011 and related notices, affidavits of service and certifications of no objection where applicable.  Stroock also prepared its Fortieth Quarterly Fee Application covering the period from January 1, 2011 through March 31, 2011 (the "prior compensation application"), including a narrative section summarizing the services rendered during that period by Stroock and numerous fee and expense schedules, as required by the Administrative Fee Order entered by the Court.  Stroock has expended 30.6 hours on this category for a fee of $13,330.50.

### Creditor Inquiries -- Category 0019

26.    During this Compensation Period, Stroock responded to inquiries from unsecured creditors with respect to the appeals taken from the Confirmation Rulings issued by the Court, the oral arguments made on the confirmation appeals before the District Court, exit financing and the status of these cases.  Stroock has expended 7.9 hours on this category for a fee of $6,818.50.

### Fee Application, Others -- Category 0020

27.    During this Compensation Period, Stroock prepared notices, affidavits of service and certifications with respect to Capstone's monthly fee statements for the months of January

2011, February 2011 and March 2011 and with respect to Capstone's 29th quarterly interim fee application.  Stroock has expended 11.0 hours on this category for a fee of $2,612.00.

### Environmental Matters/Regulations/Litigation -- Category 0022

28.      As reflected elsewhere in this Application, during this Compensation Period, the Debtors filed several separate pleadings seeking approval for agreements they had reached with the United States, and in one instance with other parties, to resolve outstanding claims against the Debtors with respect to the USA-Zonolite Road Site in Georgia, the Curtis Bay facility in Maryland and the Blackburn & Union Privileges Site in Massachusetts.  Stroock reviewed the pleadings, the proposed agreements, obtained additional information from Debtors' counsel and prepared memoranda for the Committee discussing these settlements.  Stroock expended 17.3 hours on this category for a fee of $12,303.50.

### Travel Non Working – Category 0035

29.      During this Compensation Period, Stroock attorneys traveled to and from Philadelphia, Pennsylvania to represent the Creditors' Committee at the confirmation appeals hearings on June 28, 2011 and June 29, 2011 before District Court Judge Buckwalter.  Stroock expended 16.3 hours on this category for a fee of $12,914.50, for which it seeks payment in the amount of $6,457.25.

### Plan and Disclosure Statement -- Category 0036

30.      As reported in prior compensation applications, in September 2008, the Debtors filed a plan of reorganization embodying the Proposed PI Resolution and the Term Sheet the Debtors reached with the other Plan Proponents.  Stroock reviewed the drafts of the plan and related exhibits, the disclosure statement and the solicitation–related materials focusing on those

11

terms and provisions affecting the treatment of general unsecured creditors in Class 9, and

communicated with the Committee and Capstone regarding these documents. The Court

approved an amended disclosure statement (the "Disclosure Statement") corresponding to the

first amended plan of reorganization dated February 27, 2009 (the "Plan") and solicitation

procedures, and creditors and equity holders voted on the Plan and filed objections to

confirmation. Stroock prepared and filed objections to confirmation of the Plan on behalf of the

Committee.

31.     On January 31, 2011, the Bankruptcy Court issued its Memorandum Opinion

Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and

Recommended Supplemental Findings of Fact and Conclusions of Law (the "Memorandum

Decision") and its Recommended Findings of Fact, Conclusions of Law and Order Regarding

Confirmation of First Amended Joint Plan of Reorganization As Modified through December 23,

2010 (the "Findings of Fact"). Thereafter, the Bankruptcy Court issued an order clarifying that

the Memorandum Decision was a confirmation order. (collectively, the Memorandum Decision,

as clarified and the Findings of Fact are the "Confirmation Rulings"). The Confirmation Rulings

raised substantive issues for numerous parties resulting in the filing of multiple objections to the

Confirmation Rulings. The District Court issued a scheduling order and established an appellate

process to govern the appeals taken from the Confirmation Order and objections to the Findings

of Fact. During the prior compensation period, Stroock with counsel representing certain of the

holders of bank lender claims (the "Bank Lender Group") attended to the procedural

consolidation before the District Court of the appeals taken by the Committee and the Bank

Lender Group from the May 2009 Order entered in respect of the Pre-petition Interest Litigation

and the appeals taken by the Committee and the Bank Lender Group from the Confirmation

Rulings and attended to a joint statement of issues on appeal.

32.    During this Compensation Period, in connection with the Committee's joint

appeal with the Bank Lender Group from the Confirmation Rulings, Stroock reviewed all

relevant post-trial briefs, prepared with counsel for the Bank Lender Group the parties' joint

appellants' brief, and after reviewing the briefs on appeal filed by the Plan Proponents prepared

with Bank Lenders Group's counsel the parties' joint reply brief.  Stroock also reviewed the

briefs filed by other appellants and briefs filed by appellees other than the Plan Proponents and

prepared for argument on the appeals before the District Court.  Stroock expended 322.6 hours

on this category for a fee of $251,423.00.

### Hearings -- Category 0037

33.    During the Compensation Period, Judge Fitzgerald held one telephonic hearing

from Wilmington, DE.  Stroock reviewed the agenda notice and attended the hearing.  Stroock

expended 0.5 hours on this category for a fee of $357.50.

### Tax Issues – Category 0047

34.    During this Compensation Period, the Debtors filed an objection to the claims

filed by the Illinois Department of Revenue.  Stroock's services in this category relate to its

review  of that objection.  Stroock expended 0.1 hours on this category for a fee of $71.50.

### FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

35.    The factors to be considered in awarding attorneys fees have been enumerated in

In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547

F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts.  Stroock

respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

The Time and Labor Required.  The professional services rendered by Stroock on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the complex issues encountered by the Committee with skill and dispatch.  Occasionally, Stroock has been required to perform these services under significant time constraints requiring work late into the evening and on weekends.  The services rendered by Stroock were performed efficiently, effectively and economically.

The Novelty and Difficulty of Questions.  Novel and complex issues have already arisen in the course of these Chapter 11 cases, and it can be anticipated that other such issues will be encountered.  In this case, as in many others in which the firm is involved, Stroock's effective advocacy and creative approach have helped clarify and resolve such issues and will continue to prove beneficial.

The Skill Requisite to Perform the Legal Services Properly.  Stroock believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Stroock's practice, and its creative approach to the

14

resolution of issues, are and will continue to contribute to the

maximization of the distributions to the Debtors' unsecured creditors.

The Preclusion of Other Employment by Applicant Due to Acceptance of
the Case.  Due to the size of Stroock's insolvency department, Stroock's

representation of the Committee has not precluded its acceptance of new

clients.  However, the volume of the matters needing attention on a

continuing basis has required several of the attorneys to commit

significant portions of their time to these cases.

The Customary Fee.  The fee sought herein is based upon Stroock's

normal hourly rates for services of this kind.  Stroock respectfully submits

that the fee sought herein is not unusual given the magnitude and

complexity of these cases and the time expended in attending to the

representation of the Committee, and is commensurate with fees Stroock

has been awarded in other cases, as well as with fees charged by other

attorneys of comparable experience.

Whether the Fee is Fixed or Contingent.  Pursuant to §§ 330 and 331 of

the Bankruptcy Code, all fees sought by professionals employed under

§ 1103 of the Code are contingent pending final approval by this Court,

and are subject to adjustment dependent upon the services rendered and

the results obtained.

Time Limitations Imposed by Client or Other Circumstances.  As already

indicated, Stroock has attended to the various issues arising in these cases.

15

Occasionally, Stroock has had to perform those services under significant time constraints requiring attorneys assigned to these cases to work evenings and on weekends.

The Amount Involved and Results Obtained.  Through the efforts of Stroock, the Committee has been an active participant in these Chapter 11 cases from the very first days of its formation, and its assistance, as well as constructive criticism, has greatly contributed to the efficient administration of these cases.

The Experience, Reputation and Ability of the Attorneys.  Stroock has one of the largest and most sophisticated insolvency practices in the nation and has played a major role in numerous cases of national import including: Acme Metals, Inc., Hillsborough Holdings Corporation, Laclede Steel Company, Gulf States Steel, Inc. of Alabama, The LTV Corporation, Wheeling-Pittsburgh Steel Corporation, Allis-Chalmers Corporation, The Charter Company, Federated Department Stores, G. Heileman Brewing Company, Inc., Burlington Motor Holdings, Inc., Metallurg, Inc., Forstmann & Company, Inc., Barneys, Inc., Fruehauf Trailer Corporation, Levitz Furniture Incorporated, The Columbia Gas System, Inc., JWP, Inc., Flushing Hospital and Medical Center, Planet Hollywood International, Anchor Glass Container Corporation, Beloit Corporation in the Harnischfeger Industries Chapter 11 Cases, RSL COM U.S.A. Inc, USG Corporation, Formica Corp. Galey & Lord, Inc. and DESA Holdings. Stroock's experience enables it to perform the services described herein

16

competently and expeditiously. In addition to its expertise in the area of corporate reorganization, Stroock has already frequently called upon the expertise of its partners and associates in the litigation, ERISA, tax, environmental and intellectual property law areas to perform the wide ranging scope of the legal work necessitated by these cases.

The "Undesirability" of the Case. These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of the attorneys assigned hereto.

Nature and Length of Professional Relationship. As described above, Stroock has been actively rendering services on behalf of the Committee as necessary and appropriate from April 12, 2001 through to the present.

## ALLOWANCE OF COMPENSATION

36. The professional services rendered by Stroock required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

37. With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services

17

rendered by [such] . . . professional person.  11 U.S.C. § 330.  Section 330 further states that the

court should take into consideration, <u>inter alia</u>, the nature, extent, and value of services

performed, as well as the cost of comparable services other than in a case under this title.  <u>Id.</u>

The clear Congressional intent and policy expressed in this statute is to provide for adequate

compensation in order to continue to attract qualified and competent bankruptcy practitioners to

bankruptcy cases.

        38.    The total time spent by Stroock attorneys and paraprofessionals during the

Compensation Period for which Stroock seeks payment was 568.0 hours.  Such services have a

fair market value of $388,620.75.  The work involved, and thus the time expended, was carefully

assigned in light of the experience, expertise and familiarity with the issues in these cases

required for a particular task.

        39.    As shown by this Application and supporting documents, Applicant spent its time

economically and without unnecessary duplication of time.  Attached hereto as Exhibit "C" are

summaries of the hours expended by the attorneys and paraprofessionals during the

Compensation Period, their normal hourly rates, and the value of their services.

        40.    In addition, Stroock incurred actual out-of-pocket expenses in connection with the

rendition of the professional services to the Committee in the sum of $4,259.75 for which

Stroock respectfully requests reimbursement in full.  The disbursements and expenses have been

incurred in accordance with Stroock's normal practice of charging clients for expenses clearly

related to and required by particular matters.  Stroock has endeavored to minimize to the fullest

extent possible those expenses incurred to enable Stroock to devote time beyond normal office

18

hours to matters that imposed extraordinary time demands.  Attached hereto as Exhibit "D" is a summary chart reflecting each category of disbursement for which Stroock seeks reimbursement.

41.    Stroock's billing rates do not include charges for photocopying, telephone and telecopy toll charges, computerized research, travel expenses, "working meals", secretarial overtime, postage and certain other office services, because the needs of each client for such services differ.  Stroock believes that it is fairest to charge each client only for the services actually used in performing services for it.  Stroock has endeavored to minimize these expenses to the fullest extent possible.

42.    Stroock charges $.10 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions.  Stroock does not charge for incoming facsimiles.

43.    No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

44.    Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

45.    No prior application has been made in this or in any other Court for the relief requested herein for the Compensation Period other than as set forth herein.

**[Remainder of Page Left Intentionally Blank]**

19

**WHEREFORE**, Stroock respectfully requests, pursuant to the Administrative Fee Order: (a) the allowance of compensation for professional services rendered to the Committee during the period from April 1, 2011 through and including June 30, 2011 in the amount of $388,620.75, for which Stroock seeks payment; (b) the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from April 1, 2011 through and including June 30, 2011 in the amount of $4,259.75; and an order authorizing and directing the Debtors to pay to Stroock each of the amounts set forth in (a), (b) and (c) of this WHEREFORE clause (to the extent not already paid pursuant to the Administrative Fee Order); and granting such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
      August 16, 2011

                        STROOCK & STROOCK & LAVAN LLP

                        Lewis Kruger
                        Kenneth Pasquale
                        Members of the Firm
                        180 Maiden Lane
                        New York, New York 10038-4982
                        (212) 806-5400
                        Co-Counsel for the Official Committee of
                        Unsecured Creditors of W. R. Grace & Co., et al.