# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date: September 26, 2011, at 9:00 a.m. |
| | ) | Objection Deadline: September 9, 2011 |
| | ) | |
| | ) | Related Docket Entries: 27114, 27115, 27121, 27122, 27,126, 27280, 27281 & 27290, 27335 & 27359 |

## MOTION FOR ENTRY OF AN ORDER PROVIDING FOR THE RETURN OF CERTAIN PLEADINGS AND AN ORDER FILED UNDER SEAL TO DEBTORS' COUNSEL FOR DESTRUCTION

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") requesting the Court enter an order, substantially in the form attached hereto as Exhibit A (the "Order") granting the Debtors' request for the return of certain pleadings filed under seal and an order entered by this Court under seal pursuant to this Court's *Order (PROTECTIVE) Authorizing the Debtors to File Under Seal Their Motion for Entry of an*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

*Order Authorizing, but not Requiring, the Debtors to Participate in a Competitive Auction and, if selected as the Winning Bidder Thereafter, Consummate a Proposed Acquisition*, entered on June 22, 2011 [docket no. 27126] (the "Seal Order"). [2]

In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion are Bankruptcy Code section 107, Fed. R. Bankr. P. 9018 and Del. Bankr. L.R. 9018-1.

## BACKGROUND

3. In April 2011, the Debtors executed the Confidentiality Agreement with Seller in order to conduct preliminary due diligence concerning a potential acquisition.[3] On June 20, 2011, the Debtors filed their *Motion for Entry of an Order Authorizing, But Not Requiring, the Debtors to Participate In a Competitive Auction, and If Selected as the Winning Bidder Thereafter Consummate a Proposed Acquisition* [docket no. 27114] (the "Acquisition Motion"), requesting the Court's authority to proceed with the proposed acquisition. The Confidentiality Agreement required the Debtors to file the Acquisition Motion and certain other pleadings under seal.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the *Motion for Entry of a Protective Order Authorizing the Debtors to File Under Seal Their Motion for Entry of an Order Authorizing, But Not Requiring, the Debtors to Participate in a Competitive Auction, and If Selected as the Winning Bidder Thereafter Consummate a Proposed Acquisition*, dated June 20, 2011 [docket no. 27115] (the "Seal Motion") or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases*, Docket no. 25881, as it may be further amended, supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

[3] Seller's identity has remained confidential pursuant to the Confidentiality Agreement, as that term is defined in the Seal Motion.

4. The Debtors therefore also filed the Seal Motion at the same time as the Acquisition Motion. On June 22, 2011, the Court entered its Seal Order, authorizing the Debtors to file the Acquisition Motion and other related pleadings under seal.

5. Pursuant to that authority, the Debtors filed the following pleadings under seal:

| Filing Date | Docket | Docket Text |
|---|---|---|
| 06/20/2011 | 27114 | The Acquisition Motion – Motion to Authorize /Debtors' Motion for Entry of an Order Authorizing, But Not Requiring, the Debtors to Participate In a Competitive Auction, and If Selected as the Winning Bidder Thereafter Consummate a Proposed Acquisition [FILED UNDER SEAL] Filed by W.R. Grace & Co., et al.. Hearing scheduled for 7/25/2011 at 09:00 AM at US Bankruptcy Court, 824 Market St., 3rd Floor, Room 309, Wilmington, Delaware. Objections due by 7/8/2011. (Attachments: # 1 Notice) (O'Neill, James) (Entered: 06/20/2011) |
| 06/21/2011 | 27121 | Declaration in Support of John James O'Connell III In Support of Debtors' Motion for Entry of an Order Authorizing, But Not Requiring, the Debtors to Participate In a Competitive Auction, and If Selected as the Winning Bidder Thereafter Consummate a Proposed Acquisition [FILED UNDER SEAL] (related document(s) 27114 , 27115 ) Filed by W.R. Grace & Co., et al.. (O'Neill, James) (Entered: 06/21/2011) |
| 06/21/2011 | 27122 | Declaration in Support of Jeremy Francis Rohen In Support of Debtors' Motion for Entry of an Order Authorizing, But Not Requiring, the Debtors to Participate In a Competitive Auction, and If Selected as the Winning Bidder Thereafter Consummate a Proposed Acquisition [FILED UNDER SEAL] (related document(s) 27114 , 27115 ) Filed by W.R. Grace & Co., et al.. (O'Neill, James) (Entered: 06/21/2011) |
| 07/22/2011 | 27280 | Certification of Counsel [FILED UNDER SEAL] Regarding Order, Amended As Attached Hereto, Authorizing, But Not Requiring, The Debtors To Participate In A Competitive Auction, And If Selected As The Winning Bidder Thereafter Consummate A Proposed Acquisition-Hearing 7/25/11 - Agenda Item #2 (related document(s) 27114 ) Filed by W.R. Grace & Co., et al.. (O'Neill, James) (Entered: 07/22/2011) |
| 07/22/2011 | 27281 | Supplemental Declaration in Support [Filed Under Seal] of Jeremy Francis Rohen In Support of Motion for Entry of an Order Authorizing, But Not Requiring, the Debtors to Participate In a Competitive Auction, and If Selected as the Winning Bidder Thereafter Consummate a Proposed Acquisition -Hearing 7/25/2011 - Agenda Item #2 (related document(s) 27114 ) Filed by W.R. Grace & Co., et al.. (O'Neill, James) (Entered: 07/22/2011) |

(collectively, the foregoing pleadings are the "Filed Under Seal Pleadings")

6. On July 25, 2011, the Court entered, and filed under seal, its *Order Authorizing, but not Requiring, the Debtors to Participate in a Competitive Auction, and if Selected as the*

*Winning Bidder Thereafter Consummate a Proposed Acquisition* (the "Unredacted Acquisition Approval Order").[4]

7. On or about July 29, 2011, Seller informed the Debtors that they were not the successful bidder in the auction described in the Acquisition Motion. Seller thereafter requested that the Debtors destroy all Evaluation Material (as that term is defined in the Confidentiality Agreement) in their possession, including the Filed Under Seal Pleadings.

### RELIEF REQUESTED

8. The Debtors respectfully request the Court enter the Order substantially in the form attached hereto as Exhibit A and return the Filed Under Seal Pleadings and the Unredacted Acquisition Approval Order to Debtors' counsel for destruction. The Debtors are requesting destruction of the Unredacted Acquisition Approval Order in addition to the Filed Under Seal Pleadings so that no materials relating to the proposed acquisition remain in the Court's possession.

### ANALYSIS

9. Del. Bankr. L.R. 9018-1 provides in relevant part that:

> [t]he Clerk shall electronically docket the cover sheet and shall keep the documents segregated and under seal until the case or adversary proceeding is closed at which time the sealed documents shall be returned to the party that filed them.

10. The Filed Under Seal Pleadings were filed in the main bankruptcy case, which the Debtors believe will remain ongoing for the foreseeable future. The arrangements set forth in Del. Bankr. L.R. 9018-1 do not permit the Debtors to comply with Seller's request that all Evaluation Materials be destroyed as promptly as possible. The Debtors therefore respectfully

---

[4] The Unredacted Acquisition Approval Order is attached as Exhibit A to the Court's *Redacted Order Authorizing, but not Requiring, the Debtors to Participate in a Competitive Auction, and if Selected as the Winning Bidder Thereafter Consummate a Proposed Acquisition*, also dated July 25, 2011 [docket no. 27290].

request the Court enter the Order substantially in the form attached hereto as <u>Exhibit A</u> and return the Filed Under Seal Pleadings and the Unredacted Acquisition Approval Order to Debtors' counsel for destruction.

## NO PREVIOUS MOTION

11. No previous motion for the relief sought herein has been made to this or any other court.

## NO BRIEFING SCHEDULE

12. The Debtors respectfully submit that this Motion does not present any novel issues of law requiring briefing. Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "<u>Local District Court Rules</u>"), incorporated by reference in Del. Bankr. L.R. 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules

## NOTICE

13. Notice of this Motion has been given to: (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) Seller. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

The Debtors respectfully request the Court: (a) enter the Order substantially in the form attached hereto as Exhibit A granting the relief set forth therein and granting such other relief as may be appropriate; and (b) return the Filed Under Seal Pleadings and the Unredacted Acquisition Approval Order to Debtors' counsel for destruction.

Dated: August 22, 2011

KIRKLAND & ELLIS LLP
James H. M. Sprayregen
Adam Paul
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession