**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.,** *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S AMENDED COMBINED FINAL REPORT REGARDING THOSE FEE APPLICATIONS WITH *DE MINIMIS* OR NO FEE OR EXPENSE ISSUES FOR THE FORTIETH INTERIM PERIOD

This is the amended[1] final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding all the Interim Fee Applications of those firms for which we have *de minimis*[2] or no fee or expense issues for the Fortieth Interim Period (collectively referred to hereafter as the "Applications").[3]

### BACKGROUND

1.    Anderson Kill & Olick, P.C. ("AKO"), was retained as special insurance counsel to the Official Committee of Asbestos Personal Injury Claimants. AKO seeks approval of fees totaling $440,943.00 and expenses totaling ($1,471.63) for its services during the Application Period.

---

[1]This final report is being amended to include the Applications of the following professionals which were filed subsequent to the filing of our original final report: David T. Austern, Beveridge & Diamond, P.C., Day Pitney LLP, Deloitte Tax LLP, Duane Morris LLP, Holme Roberts & Owen, LLP, Steptoe & Johnson LLP, and Venable LLP.

[2]For purposes of this report, applications with *de minimis* issues are those for which: (1) our recommended reductions total less than $400, *and* (2) the applicant has agreed to our recommended reductions.

[3]The Fortieth Interim Period encompasses January 1, 2011 through March 31, 2011 (the "Application Period"). All Applications are for the Fortieth Interim Period, unless otherwise specified.

2.      David T. Austern ("Austern") was retained as the Legal Representative for Asbestos Personal Injury Future Claimants.  Austern seeks approval of fees totaling $3,200.00 and expenses totaling $824.40 for his services during the Application Period.

3.      Beveridge & Diamond, P.C. ("Beveridge & Diamond"), was retained as special counsel to the Debtors.  Beveridge & Diamond seeks approval of fees totaling $18,745.50 and expenses totaling $150.90 for its services during the Application Period.

4.      Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg") was retained as counsel to the Official Committee of Asbestos Property Damage Claimants.  Bilzin Sumberg seeks approval of fees totaling $36,438.00 and expenses totaling $3,051.54 for its services during the Application Period.

5.      Blackstone Advisory Services L.P. ("Blackstone") was retained as financial advisor to the Debtors.  Blackstone seeks approval of a flat fee totaling $475,000.00[4] and expenses totaling $4,611.86 for its services during the Application Period.

6.      BMC Group ("BMC") was retained as Claims Reconciliation and Solicitation Consultant to the Debtors.  BMC seeks approval of fees totaling $87,384.50 and expenses totaling $6,728.24 for its services during the Application Period.

7.      Campbell & Levine, LLC ("Campbell & Levine"), was retained as Delaware and associated counsel to the Official Committee of Asbestos Personal Injury Claimants.  Campbell & Levine seeks approval of fees totaling $54,692.00 and expenses totaling $7,059.74 for its services during the Application Period.

---

[4]For the Application Period, Blackstone lists 571.50 hours worked, which computes to an effective hourly rate of $831.14.

8.      Caplin & Drysdale, Chartered ("Caplin & Drysdale"), was retained as counsel to the Official Committee of Asbestos Personal Injury Claimants.  Caplin & Drysdale seeks approval of fees totaling $154,283.25[5] and expenses totaling $3,906.41 for its services during the Application Period.

9.      Capstone Advisory Group, LLC ("Capstone"), was retained as financial advisor to the Official Committee of Unsecured Creditors.  Capstone seeks approval of fees totaling $245,534.50 and expenses totaling $541.52 for its services during the Application Period.

10.     Casner & Edwards, LLP ("Casner"), was retained as special litigation counsel to the Debtors.  Casner seeks approval of fees totaling $41,162.00 and expenses totaling $40,252.47 for its services during the Application Period.

11.     Charter Oak Financial Consultants, LLC ("Charter Oak"), was retained as financial advisor to the Official Committee of Asbestos Personal Injury Claimants.  Charter Oak seeks approval of fees totaling $62,819.00 and no expenses for its services during the Application Period.

12.     Day Pitney LLP ("Day Pitney") was retained as special counsel to the Debtors.  Day Pitney seeks approval of fees totaling $2,775.50 and no expenses for its services during the Application Period.

13.     Deloitte Tax LLP ("Deloitte Tax") was retained to provide tax services to the Debtors and Debtors-in-Possession.  Deloitte Tax seeks approval of fees totaling $64,439.35 and expenses

---

[5]We note for informational purposes that, effective January 1, 2011, Caplin & Drysdale began billing the time of attorney Elihu Inselbuch at $1,000.00 per hour.  Mr. Inselbuch billed 3.6 hours on the case, for $3,600.00 in fees, during the current Application Period.  In *In re USG Corporation,* Case No. 01-2094 (JKF), Transcript of Proceedings, July 19, 2004, p. 14, the Honorable Judith K. Fitzgerald asked that we call to the Court's attention any instance in which a professional's hourly rate reaches $1,000.00, and thus we are complying with the Court's request.

totaling $107.47 for its services from October 1, 2010 through March 31, 2011.

14.     Duane Morris LLP ("Duane Morris") was retained as co-counsel to the Official Committee of Unsecured Creditors.  Duane Morris seeks approval of fees totaling $71,736.00 and expenses totaling $1,669.02 for its services during the Application Period.

15.     Ferry, Joseph & Pearce, P.A. ("Ferry Joseph"), was retained as counsel to the Official Committee of Asbestos Property Damage Claimants.  Ferry Joseph seeks approval of fees totaling $44,706.00 and expenses totaling $2,116.13 for its services during the Application Period.

16.     Foley Hoag LLP ("Foley Hoag") was retained as special environmental counsel to the Debtors.  Foley Hoag seeks approval of fees totaling $38,056.50 and expenses totaling $43.15 for its services during the Application Period.

17.     The Hogan Firm ("Hogan") was retained as Delaware counsel to the Canadian Zonolite Attic Insulation ("ZAI") Claimants.  Hogan seeks approval of fees totaling $47,053.00 and expenses totaling $2,214.13 for its services during the Application Period.

18.     Holme Roberts & Owen, LLP ("Holme"), was retained as special environmental counsel to the Debtors.  Holme seeks approval of fees totaling $4,604.50 and expenses totaling $2,613.93 for its services during the Application Period.

19.     Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") was retained as co-counsel to the Official Committee of Equity Holders.  Kramer Levin seeks approval of fees totaling $54,094.50 and expenses totaling $2,044.81 for its services during the Application Period.

20.     Lauzon Bélanger Lespérance ("Lauzon Bélanger) was retained as Canadian counsel to the Canadian ZAI Claimants.  Lauzon Bélanger seeks approval of fees totaling CDN $14,764.40 and expenses totaling CDN $2,159.47 for its services during the Application Period.

21.    Legal Analysis Systems, Inc. ("LAS"), was retained as asbestos-related bodily injury consultant to the Official Committee of Asbestos Personal Injury Claimants. LAS seeks approval of fees totaling $18,212.50 and no expenses for its services during the Application Period.

22.    Lincoln Partners Advisors LLC ("Lincoln") was retained as financial advisor to David T. Austern, the Asbestos Personal Injury Future Claimants' Representative. Lincoln seeks approval of flat fees totaling $145,000.00[6] and expenses totaling $626.82 for its services during the Application Period.

23.    Ogilvy Renault LLP ("Ogilvy Renault") was retained as special counsel to the Debtors and Debtors-in-Possession in Canada. Ogilvy Renault seeks approval of fees totaling CDN $65,112.00 and expenses totaling CDN $760.44 for its services during the Application Period.

24.    Orrick, Herrington & Sutcliffe LLP ("Orrick") was retained as bankruptcy counsel to David T. Austern, Future Claimants' Representative. Orrick seeks approval of fees totaling $480,156.25 and expenses totaling $14,901.02[7] for its services during the Application Period.

25.    Pachulski Stang Ziehl & Jones LLP ("Pachulski") was retained as counsel to the Debtors. Pachulski seeks approval of fees totaling $144,358.50 and expenses totaling $140,813.53 for its services during the Application Period.

26.    Reed Smith LLP ("Reed Smith") was retained as special asbestos products liability defense counsel to the Debtors. Reed Smith seeks approval of fees totaling $77,833.00 and expenses

---

[6]For the current Application Period, Lincoln recorded 203.40 hours worked, which computes to an effective hourly rate of $712.88.

[7]Orrick's Application included an expense summary, but no expense detail as required by Local Rule 2016-2(e)(ii). Upon our request, Orrick provided an itemization of its expenses, which itemization we have reviewed and attached as Appendix "A."

totaling $15,542.94 for its services during the Application Period.

27.     Alan B. Rich ("Alan Rich") was retained as counsel to the Honorable Alexander M. Sanders, Jr., Legal Representative for Future Asbestos-Related Property Damage Claimants.  Alan Rich seeks approval of fees totaling $52,585.00 and expenses totaling $2,957.53 for his services during the Application Period.

28.     The Honorable Alexander M. Sanders, Jr. ("Judge Sanders"), was retained as the Legal Representative for Future Asbestos-Related Property Damage Claimants.  Judge Sanders seeks approval of fees totaling $17,955.00 and expenses totaling $1,583.39 for his services during the Application Period.

29.     Saul Ewing LLP ("Saul Ewing") was retained as co-counsel to the Official Committee of Equity Holders.  Saul Ewing seeks approval of fees totaling $39,214.50 and expenses totaling $540.01 for its services during the Application Period.

30.     Scarfone Hawkins LLP ("Scarfone Hawkins") was retained as Canadian counsel to the Canadian ZAI Claimants.  Scarfone Hawkins seeks approval of fees totaling CDN $41,490.00 and expenses totaling CDN $7,860.55 for its services during the Application Period.

31.     Steptoe & Johnson LLP ("Steptoe") was retained as special tax counsel to the Debtors.  Steptoe seeks approval of fees totaling $6,875.50 and expenses totaling $15.31 for its services during the Application Period.

32.     Stroock & Stroock & Lavan LLP ("Stroock") was retained as counsel to the Official Committee of Unsecured Creditors.  Stroock seeks approval of fees totaling $278,180.75 and expenses totaling $4,905.64 for its services during the Application Period.

33.     Venable LLP ("Venable") was retained as special litigation counsel to the Debtors

and Debtor-in-Possession. Venable seeks approval of fees totaling $11,500.00[8] and expenses totaling $165.52 for its services from April 1, 2010 through June 30, 2010 (the "Thirty-Seventh Interim Period").

34.    Woodcock Washburn LLP ("Woodcock Washburn") was retained as special litigation counsel to the Debtors. Woodcock Washburn seeks approval of fees totaling $23,929.00 and expenses totaling $260.00 for its services during the Application Period.

35.    In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Applications in their entirety, including each of the time and expense entries included in the exhibits to the Applications, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2011, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

## DISCUSSION

36.    We have no objections to or issues with, any of the Applications.[9]

---

[8]We note that Venable's entire fee request of $11,500.00 was for matters pertaining to its fee applications. However, Venable's fee requests for the periods covered by these fee applications (the Thirty-Fifth and Thirty-Sixth Interim Periods) totaled $1,619,188.71. Because Venable's fee application preparation fees of $11,500.00 comprise less than 1% of its total fee request for these periods, we have no objection to these fees.

[9]We inquired of Orrick concerning multiple professionals attending hearings, as well as certain travel expenses. We address these issues in more detail in the attached Appendix B.

**CONCLUSION**

37.    In summary, for the Application Period, we recommend approval of the following

fees and expenses for these Applicants:

      a.    AKO - $440,943.00 in fees and ($1,471.63) in expenses;

      b.    Austern - $3,200.00 in fees and $824.40 in expenses;

      c.    Beveridge & Diamond - $18,745.50 in fees and $150.90 in expenses;

      d.    Bilzin Sumberg - $36,438.00 in fees and $3,051.54 in expenses;

      e.    Blackstone - $475,000.00 in fees and $4,611.86 in expenses;

      f.    BMC - $87,384.50 in fees and $6,728.24 in expenses;

      g.    Campbell & Levine - $54,692.00 in fees and $7,059.74 in expenses;

      h.    Caplin & Drysdale - $154,283.25 in fees and $3,906.41 in expenses;

      i.    Capstone - $245,534.50 in fees and $541.52 in expenses;

      j.    Casner - $41,162.00 in fees and $40,252.47 in expenses;

      k.    Charter Oak - $62,819.00 in fees;

      l.    Day Pitney - $2,775.50 in fees;

      m.    Deloitte Tax - $64,439.35 in fees and $107.47 in expenses for the period of

October 1, 2010 through March 31, 2011;

      n.    Duane Morris - $71,648.50 in fees ($71,736.00 minus $87.50[10]) and

---

[10]These recommended reductions totaling $87.50 are for a mathematical error on a time entry, as well as a time entry which was billed to the estate by mistake, to which reductions the applicant agreed.

$1,614.28 in expenses ($1,669.02 minus $54.74[11]);

    o.    Ferry Joseph - $44,706.00 in fees and $2,116.13 in expenses;

    p.    Foley Hoag - $38,056.50 in fees and $43.15 in expenses;

    q.    Hogan - $47,053.00 in fees and $2,214.13 in expenses;

    r.    Holme - $4,604.50 in fees and $2,613.93 in expenses;

    s.    Kramer Levin - $54,094.50 in fees and $2,044.81 in expenses;

    t.    Lauzon Bélanger - CDN $14,764.40 in fees and CDN $2,159.47 in expenses;

    u.    LAS - $18,212.50 in fees;

    v.    Lincoln Partners - $145,000.00 in fees and $626.82 in expenses;

    w.    Ogilvy Renault - CDN $65,112.00 in fees and CDN $760.44 in expenses;

    x.    Orrick - $480,156.25 in fees and $14,626.02 in expenses ($14,901.02 minus $275.00[12]);

    y.    Pachulski - $144,358.50 in fees and $140,813.53 in expenses;

    z.    Reed Smith - $77,833.00 in fees and $15,542.94 in expenses;

    aa.    Alan Rich - $52,585.00 in fees and $2,957.53 in expenses;

    bb.    Judge Sanders - $17,955.00 in fees and $1,331.61 in expenses ($1,583.39 minus $251.78[13]);

---

[11]This recommended reduction totaling $54.74 reflects a travel expense for which Duane Morris was unable to provide any details, and to which reduction the applicant agreed.

[12]These recommended reductions totaling $275.00 are for a meal charge and certain hotel charges, to which reductions the applicant agreed.

[13]This recommended reduction of $251.78 is for a duplicate hotel expense, to which reduction the applicant agreed.

cc.     Saul Ewing - $38,964.50 in fees ($39,214.50 minus $250.00[14]) and $399.58

        in expenses ($540.01 minus $140.43[15]);

dd.     Scarfone Hawkins - CDN  $41,490.00 in fees and CDN $7,860.55 in
        expenses;

ee.     Steptoe & Johnson - $6,875.50 in fees and $15.31 in expenses;

ff.     Stroock - $278,180.75 in fees and $4,905.64 in expenses;

gg.     Venable - $11,500.00 in fees and $165.52 in expenses for the Thirty-Seventh
        Interim Period; and

hh.     Woodcock Washburn - $23,929.00 in fees and $260.00 in expenses.


                    Respectfully submitted,

                    **WARREN H. SMITH & ASSOCIATES, P.C.**


                    By: _____
                            Warren H. Smith
                            Texas State Bar No. 18757050

                    Republic Center
                    325 N. St. Paul Street, Suite 1250
                    Dallas, Texas  75201
                    214-698-3868
                    214-722-0081 (fax)
                    whsmith@whsmithlaw.com

                    **FEE AUDITOR**

---

[14]This recommended reduction of $250.00 is for a duplicate time entry, to which reduction the
applicant agreed.

[15]This recommended reduction of $140.43 is for a secretarial overtime expense, to which
reduction the applicant agreed.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 25th day of August, 2011.

_____

Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicants**

Robert Y. Chung
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

David T. Austern
Claims Resolution Management Corporation
3110 Fairview Park Drive, Suite 200
Falls Church, VA 22042-0683

Pamela D. Marks
Beveridge & Diamond, P.C.
201 N. Charles Street, Suite 2210
Baltimore, MD 21201

Scott L. Baena
Jay M. Sakalo
Matthew I. Kramer
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

John James O'Connell III
Managing Director
Blackstone Advisory Services L.P.
345 Park Avenue
New York, NY 10154

Myrtle H. John
BMC Group
600 1st Avenue, Suite 300
Seattle, Washington 98104

Marla R. Eskin
Mark T. Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
800 North King Street, Suite 300
Wilmington, DE 19899

Elihu Inselbuch, Esq.
Rita C. Tobin
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Edwin N. Ordway, Jr.
Capstone Advisory Group, LLC
Park 80 West
250 Pehle Avenue, Suite 105
Saddle Brook, NJ 07663

Robert A. Murphy
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

James P. Sinclair
Charter Oak Financial Consultants, LLC
430 Center Avenue
Mamaroneck, NY 10543

Anthony J. Marchetta
Day Pitney LLP
One Jefferson Road
Parsippany, NJ 07054

Jared Gordon, Principal
Deloitte Tax LLP
1700 Market Street
Philadelphia, PA 19103

Michael R. Lastowski
Richard W. Riley
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

Michael B. Joseph
Theodore J. Tacconelli
Lisa L. Coggins
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 1000
P. O. Box 1351
Wilmington, DE 19899

Adam P. Kahn
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE 19806

Eric E. Johnson
Holme Roberts & Owen, LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203

Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Mark A. Peterson
Dan Relles
Legal Analysis Systems, Inc.
970 Calle Arroyo
Thousand Oaks, CA 91360

Jason Solganick
Lincoln Partners Advisors LLC
400 Madison Avenue, 21st Floor
New York, NY 10017-8901

Teresa J. Walsh
Ogilvy Renault LLP
200 Bay Street, Suite 3800
Royal Bank Plaza, South Tower
Toronto, ON   M5J 2Z4

Roger Frankel
Richard H. Wyron
Debra L. Felder
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005

James E. O'Neill
Laura Davis Jones
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

Kurt F. Gwynne
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222

Alan B. Rich
4244 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Teresa K. D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

Anne E. Moran
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C.  20036

Lewis Kruger
Kenneth Pasquale
Arlene Krieger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

G. Stewart Webb, Jr.
Darek S. Bushnaq
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore, MD  21202

Gary H. Levin
Woodcock Washburn LLP
Cira Centre – 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
Deanna Boll
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

## APPENDIX B

## (Orrick)

1.      We noted a number of hearings attended by multiple Orrick professionals.  See Appendix "B-1."  Paragraph II.D.5. of the U.S. Trustee Guidelines provides: "If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."  We asked Orrick to explain why it was necessary for each attorney to attend, and Orrick's response is attached as Response Exhibit "1."  We accept Orrick's response and have no objection to these fees.

2.      We noted the following air fares for which more information was needed:

| 12/1/2010 | AIR | Travel Expense, Air Fare | 645.40 | Vendor: American Express; Invoice #122510; Date: 12/25/2010 - Firm/s#128102/MYP-Lawyers Travel Charge Acct...... |
|---|---|---|---|---|
| 1/9/2011 | AIR | Travel Expense, Air Fare | 949.40 | Vendor: Frankel, Roger; Invoice #: 012611B; Date: 2/2/2011 - dc/dd/#129371/myp - attd pre-hearing conf. w/Grace and Cna settlement hearing, Pitts 1/9/11 |
| 1/9/2011 | AIR | Travel Expense, Air Fare | 918.50 | Vendor: American Express; Invoice #: 012511; Date: 1/25/2011 - Firm/s#129924/myp-Lawyers Travel Charge Acct..... |

In response to our request, Orrick provided the following information concerning these charges:

a.      12/1/10 Richard Wyron – Air Fare from Washington National Airport to LaGuardia $645.40 (Round Trip)

b.      01/9/11   Roger Frankel – Air Fare from Washington National Airport to Pittsburgh $949.40 (Round Trip)

c.      01/9/11   Richard Wyron – Air Fare from Washington National Airport to Pittsburgh $918.50 (Round Trip)

Based upon our research of refundable air fares for the same itineraries, we accept Orrick's response

and have no objection to these expenses.

3.     We noted the following meal charges for which more information was needed:

| 2/23/2011 | TRVML | Out of Town Business Meals | 75.00 | Vendor: Wyron, Richard H.; Invoice#022811; Date 3/14/2011 - dc/dd/#131298/myp-Grace Status hearing, Phila 2/23/11 |
|-----------|-------|----------------------------|-------|---------|
| 2/13/2011 | TRVML | Out of Town Business Meals | 27.50 | Vendor: Wyron, Richard H.; Invoice#: 021611; Date: 2/23/2011 - dc/dd/#130392/myp - Omnibus hearing, Wilmington, 2/13-14/11 |

In response to our request, Orrick provided the following information concerning these charges:

a.     2/13/11 – Breakfast – 1 person – Wilmington, DE – $3.50
        2/13/11 – Dinner – 1 person – Wilmington, DE – $24.00
        Total Amount - $27.50

b.     2/23/11 – Breakfast – 1 person – Philadelphia, PA – $63.00 (see note below)
        2/23/11 – Lunch – 1 person – Philadelphia, PA – $12.00
        Total Amount - $75.00

Please note that Orrick agrees to a reduction to the 2/23/11 breakfast meal by $38.00 to comply with the Fee Auditor's guidelines of $25.00.

We appreciate Orrick's response and recommend a reduction of $38.00 in expenses.

4.     We noted the following local travel expenses for which more information was

needed:

| 12/10/2010 | TAXI | Local Taxi Expense | 58.65 | Vendor: XYZ Invoice#: 1405682 Date: 12/22/2010 |
|------------|------|--------------------|-------|---------|
| 2/13/2011 | LTRV | Travel Expense, Local | 115.26 | Vendor: Wyron, Richard H.  Invoice# 021611; Date: 2/23/2011 - dc/dd/#130392/myp - Omnibus hearing, Wilmington 2/13-14/11 |

| 2/23/2011 | LTRV | Travel Expense, Local | 236.00 | Vendor: Wyron, Richard H. Invoice#: 022811; Date: 3/14/2011 - dc/dd/#131298/myp-Grace Status hearing, Phila 2/23/11 |
| 2/23/2011 | LTRV | Travel Expense, Local | 40.80 | Vendor: Wyron, Richard H. Invoice#: 022811; Date: 3/14/2011 - dc/dd/#131298/myp-Grace Status hearing, Phila 2/23/11 |

In response to our request, Orrick provided the following information concerning these charges:

a.      12/10/10 – $58.65 – Car service by Richard Wyron from Orrick's NY office to LaGuardia airport

b.      2/13/11 – 2/14/11 – $115.26 – Round trip mileage by Richard Wyron to and from Wilmington, DE to attend the 2/14/11 status conference (226 miles x .51 per mile = $115.26)

c.      2/23/11 – $236.00 – Round trip train fare by Richard Wyron from BWI Rail Station to Philadelphia to attend meeting and status conference ($125 to PA / $111 return to MD)

d.      2/23/11 – $40.80 – Round-trip mileage by Richard Wyron to and from BWI Rail Station to catch the train to Philadelphia to attend meeting and status conference in Philadelphia ... (80 miles x .51 per mile = $40.80)

We accept Orrick's response and have no objection to these expenses.

5.      We noted the following out of town travel expenses for which more information was needed:

| 2/13/2011 | TRV | Travel Expense, Out of Town | 318.06 | Vendor: Wyron, Richard H.; Invoice#: 011111; Date: 1/14/2011 - dc/dd/#128381/myp - Omnibus hearing, Pittsburgh 1/9-10/10 |
| 1/9/2011 | TRV | Travel Expense, Out of Town | 420.66 | Vendor: Frankel, Roger: Invoice#: 012611B; Date: 2/2/2011 - dc/dd/#129371/myp-attd pre-hearing conf. w/ Grace and Cna settlement hearing, Pitts 1/9/11 |
| 2/13/2011 | TRV | Travel Expense, Out of Town | 486.90 | Vendor: Wyron, Richard H. Invoice#: 022811; Date: 3/14/2011 - dc/dd/#131298/myp-Grace Status hearing, Phila 2/23/11 |

| 2/13/2011 | TRV | Travel Expense, Out of Town | 482.90 | Vendor: Frankel, Roger; Invoice#: 022411; Date: 3/28/2011 - dc/dd/s#131986/myp-attd Omnibus hearing in De re clarification of confirmation order, Wilmington 3/12/11 |
|-----------|-----|-----------------------------|--------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 3/1/2011 | TRV | Travel Expense, Out of Town | 318.06 | Vendor: Frankel, Roger; Invoice #: 032311; Date: 3/28/2011 - dc/dd/s#131986/myp - attd hearing in Pitts on Bnsf motion for reconsideration, 3/1/11 |

We asked Orrick to itemize these expenses, and Orrick responded as follows:

      a.    1/09/11 – $318.06 - Hotel charge by Richard Wyron at Omni William Penn in Pittsburgh - Standard Room Charge of $279, which is within the Fee Auditor's guidelines.

      b.    1/09/11 – $420.66 - Hotel charge by Roger Frankel at Omni William Penn in Pittsburgh - Standard Room Charge of $369.  Orrick agrees to a reduction of $69 based on the $300 rate for hotels in Pittsburgh under the Fee Auditor's guidelines.

      c.    2/13/11 – $486.90 - Hotel charge by Richard Wyron at Hotel DuPont in Wilmington -  Standard Room Charge of $439.  Orrick agrees to a reduction of $189 based on the $250 rate for hotels in Delaware under the Fee Auditor's guidelines.

      d.    2/13/11 – $482.90 - Hotel charge by Roger Frankel at Hotel DuPont in Wilmington - Standard Room Charge $439.  Orrick previously took a $210 reduction in its March  monthly fee application; the reduction should have been $189, so Orrick is entitled to a $21 credit as noted above.

      e.    3/01/11 – $318.06 - Hotel charge by Roger Frankel at Omni William Penn in Pittsburgh - Standard Room Charge of $279, which is within the Fee Auditor's guidelines.

We appreciate Orrick's response and, consistent with the response, recommend a reduction of $237.00 in expenses.

      6.    In summary, we recommend approval of $480,156.25 in fees and $14,626.02 in expenses ($14,901.02 minus $275.00) for Orrick's services for the Application Period.

# APPENDIX "B-1"

a.      We noted that on January 10, 2011, R. Wyron ($850), R. Frankel ($985), and D. Felder ($645) attended a hearing.  The total time spent, including travel time, was 20.6 hours for total fees of $12,950.50.

| 01/10/11 | DF | 2.20 | 1,419.00 | Telephonic participation in omnibus hearing. |
|---|---|---|---|---|
| 01/10/11 | RW | 3.30 | 2,805.00 | Confer re strategy on CNA motion (.6); attend hearing on motion to approve CNA Agreement and follow-up (2.7);........ |
| 01/10/11 | RF | 3.40 | 3,349.00 | Attend pre-hearing conference with Grace (1.2); attend hearing on CNA settlement in Pittsburgh (2.2). |
| 01/09/11 | RW | 3.00 | 1,275.00 | Travel to Omnibus hearing. |
| 01/09/11 | RF | 1.60 | 788.00 | Travel to Pittsburgh. |
| 01/10/11 | RW | 2.70 | 1,147.50 | Return from Omnibus hearing. |
| 01/10/11 | RF | 4.40 | 2,167.00 | Travel from Pittsburgh to DC. |

b.      We noted that on February 14, 2011, R. Wyron ($850), R. Frankel ($985), and D. Felder ($645) attended a hearing.  The total time spent, including travel time, was 18.1 hours, for total fees of $10,563.50.

| 02/13/11 | RF | 0.70 | 689.50 | ....; prepare notes in preparation for hearing during travel (.7). |
|---|---|---|---|---|
| 02/14/11 | DF | 3.00 | 1,935.00 | Telephonic participation in omnibus hearing (3.0);............ |
| 02/14/11 | RW | 3.20 | 2,720.00 | Attend omnibus hearing on plan issues (3.2);.......... |
| 02/14/11 | RF | 3.60 | 1,773.00 | Attend Omnibus hearing re clarification of confirmation order in DE. |

| 02/13/11 | RW | 2.20 | 935.00 | Travel to Wilmington for hearing. |
| 02/13/11 | RF | 1.00 | 492.50 | Travel to Wilmington. |
| 02/14/11 | RW | 2.20 | 935.00 | Return from Wilmington. |
| 02/14/11 | RF | 2.20 | 1,083.50 | Travel from Wilmington. |

      c.      We noted that on March 2, 2011, R. Frankel ($985), D. Felder ($645), and R. Wyron ($850) attended a hearing.  The total time spent, including preparation and travel time, was 12.80 hours, for total fees of $8,832.25.

| 03/02/11 | DF | 1.00 | 645.00 | Telephonic participation in a portion of the arguments on BNSF's motion for reconsideration and follow-up regarding same (1.0);.......... |
| 03/02/11 | RW | 2.10 | 1,785.00 | Review responses on motion for reconsideration (.4); participate in hearing on motion for reconsideration and follow-up (1.7). |
| 03/02/11 | RF | 0.90 | 886.50 | Review pleadings, notes in preparation for hearing. |
| 03/02/11 | RF | 2.40 | 2,364.00 | Attend hearing in Pittsburgh on BNSF Motion for Reconsideration. |
| 03/01/11 | RF | 2.10 | 1,034.25 | Travel to Pittsburgh for hearing. |
| 03/02/11 | RF | 4.30 | 2,117.75 | Travel to DC from Pittsburgh. |

d.    We noted that on March 28, 2011, D. Felder ($645), R. Wyron ($850), and R. Frankel

($985) attended a hearing.  The total time spent was 11 hours, for total fees of $9,320.00.

| 03/28/11 | DF | 3.90 | 2,515.50 | Telephonic participation in Grace hearing regarding motion to intervene and access to 2019 statements (3.9);................ |
| 03/28/11 | RW | 1.40 | 1,190.00 | Participate in telephonic omnibus hearing (1.4);............... |
| 03/28/11 | RF | 5.70 | 5,614.50 | Attend telephonic hearing (omnibus), including Garlock motions re discovery, etc. |

## RESPONSE EXHIBIT "1"

**January 10, 2011 Hearing:** During the January 10, 2011 hearing, the Court heard argument from numerous parties with respect to the Debtors' motion seeking approval of an $84 million settlement agreement with CNA (the "Debtors' Approval Motion"), which settlement was the subject of intense negotiations led by the FCR, for more than a year. The FCR supported the Debtors' Approval Motion and filed a pleading in support of the Debtors' opposition to the objections filed by the Libby Claimants and BNSF.

Roger Frankel, the lead lawyer for the FCR in this case, had primary responsibility for negotiating the key business terms of the settlement. He is intimately familiar with the issues that were addressed in the negotiation process and was present at the January 10 hearing to present argument to the Court, on behalf of the FCR, in favor of approval of the settlement.

Richard Wyron led the process for the FCR of negotiating and drafting the specific terms of the settlement agreement, and is knowledgeable about its terms. Mr. Wyron was also the principal lawyer on the FCR's team involved in drafting the Plan and Plan Documents, which knowledge was critical to the drafting of the settlement agreement. In addition, Mr. Wyron has taken a lead role for the FCR in addressing a variety of issues raised by the Libby Claimants and BNSF, which objected to the settlement. Mr. Wyron attended the January 10 hearing to ensure that matters relating to the specific terms of the settlement agreement and its interplay with the Plan, and the objections to the settlement raised by the Libby Claimants and BNSF, were effectively presented to the Court.

Debra Felder is the senior bankruptcy associate involved in representing the FCR in all aspects of this case and the only bankruptcy associate involved in the settlement process with CNA. Ms. Felder is knowledgeable about the Plan as it relates to issues relevant to the CNA settlement from the FCR's perspective, including the issues raised by the Libby Claimants and BNSF in their objections to the settlement. She had primary responsibility on behalf of the FCR for analyzing the objections to the settlement and preparing the FCR's responses. Ms. Felder participated telephonically in the January 10 hearing to, among other things, provide support to Messrs. Frankel and Wyron during and after the hearing, and to follow-up as necessary with respect to, among other things, the subsequent appeals filed by the Libby Claimants and BNSF.

**February 14, 2011 Hearing:** On February 14, 2011, the Bankruptcy Court held a status conference on Plan confirmation and heard arguments by numerous parties in connection with discovery motions filed by Garlock Sealing Technologies LLC ("Garlock"). The status conference addressed, among other things, the Plan Proponents' motion for clarification of the Confirmation Order, BNSF's motion for reconsideration of the Confirmation Order, and various procedural motions, statements, and joinders filed by certain Plan opponents with respect to the time to file Bankruptcy Rule 9033 objections and the time to file notices of appeal from the Confirmation Order.

In light of their lead roles on behalf of the FCR in drafting and negotiating the key terms of the Plan and Plan Documents, and presenting arguments during the hearings on confirmation of the

Plan, it was critical that Messrs. Frankel and Wyron attend the February 14 hearing to address the many issues that were likely to be raised during the status conference.  Ms. Felder was the lead senior associate responsible for responding on behalf of the FCR to BNSF's motion for reconsideration and in analyzing the procedural issues associated with the many appeals that were anticipated, and subsequently filed, with respect to the Confirmation Order.  Accordingly, it was important that Ms. Felder attend the status conference telephonically to support Messrs. Frankel and Wyron during and after the status conference, given the range of issues being addressed and the impact of those issues upon the overall confirmation process, and to be prepared to handle the procedural issues arising as a result of the hearing.

**March 2, 2011 Hearing:**  On March 2, 2011, the Bankruptcy Court heard argument on BNSF's motion for reconsideration of the Confirmation Order, the pleadings filed by Montana and Canada in support thereof, the Plan Proponents' opposition to the motion, and BNSF's reply in support of the motion.  Mr. Frankel attended the March 2 hearing in order to present argument to the Court from the FCR's perspective on the Plan-related issues raised by BNSF, Montana and Canada.  Mr. Wyron was also present during the March 2 hearing because of his intimate familiarity with the terms of the Plan and the details surrounding the confirmation objections raised by BNSF.  Ms. Felder participated telephonically because of her role as the lead senior bankruptcy associate in the Plan confirmation process and the upcoming appeal process.  In addition, Ms. Felder was the lead senior associate responsible for responding (on behalf of the FCR) to the pleadings filed by BNSF, Montana and Canada.  Ms. Felder also had primary responsibility for numerous substantive and procedural issues that were likely to arise as a result of the hearing and subsequent confirmation appeal process.

**March 28, 2011 Hearing:**  On March 28, 2011, the Bankruptcy Court held a telephonic omnibus hearing on various discovery motions filed in the Debtors' case by Garlock.  Mr. Frankel, in his capacity as lead counsel for the FCR, participated in the entire hearing, while Mr. Wyron and Ms. Felder participated in those portions of the hearing that were relevant to their particular areas of expertise, as described above, with respect to the issues raised by Garlock and with respect to any other issues anticipated to arise during an omnibus hearing.

We believe it was necessary for each of these lawyers to attend and participate in each of these hearings as they did, participating by telephone where appropriate. We believe the participation of the FCR's key lawyers was important, and efficient, given the range of issues being addressed and the impact of those issues upon the confirmation process, the pending appeals and the overall resolution of the Debtors' Chapter 11 cases.