**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Hearing Date: October 24, 2011 |
| | ) | Response Deadline: October 17, 2011 |

**MOTION OF INTRAWEST FOR RELIEF FROM**
**AUTOMATIC STAY UNDER 11 U.S.C. §362(d)**

INTRAWEST CALIFORNIA HOLDINGS, INC., INTRAWEST RETAIL GROUPS, INC., 22 STATION DEVELOPMENT CORPORATION, FIRST ASCENT DEVELOPMENT CORPORATION and INTRAWEST CORPORATION ("INTRAWEST") hereby submits the following memorandum of points and authorities in support of its Motion for Relief from Automatic Stay.

**I.**

**INTRODUCTION**

INTRAWEST has filed an action against W.R. GRACE CO.-CONN ("GRACE") in connection with construction defect claims brought against INTRAWEST by Plaintiff, Squaw Valley Neighbourhood Company, in the Superior Court of Placer County, in the State of California (Squaw Valley Neighbourhood Company v. Intrawest California Holdings, Inc., et. al., Case No. S-CV-0027198). (Darcie A. Frounfelter Decl. ¶2.)

INTRAWEST seeks to obtain relief from the automatic stay to proceed with the current state court action and collect any judgment from any available insurance, up to the limits of such insurance. (Frounfelter Decl. ¶7.) INTRAWEST seeks to then assert any excess judgment above any available insurance as a claim in the pending bankruptcy proceedings, but would not seek to assert any collection of any judgment against the debtor personally outside the bankruptcy setting. (Frounfelter Decl. ¶7.)

II.

STATEMENT OF FACTS

Squaw Valley Neighbourhood Company, Inc. filed a lawsuit against INTRAWEST and various other defendants on May 20, 2010 in the Superior Court of California in the County of Placer, claiming construction defects at The Village at Squaw Valley Project ("Project"). INTRAWEST was the developer of the Project. Squaw Valley Neighbourhood Company, Inc. is the Master Association of the Project. INTRAWEST subsequently filed a Cross-Complaint on December 30, 2010 naming various Cross-Defendants, and Zoe's. INTRAWEST then named GRACE as a Zoe defendant in an Amendment to its Cross-Complaint on May 11, 2011. (Frounfelter Decl. ¶2.) INTRAWEST believes, based upon information, that GRACE supplied materials and performed work at the Project that is subject to Squaw Valley Neighbourhood Company's claims. (Frounfelter Del. ¶3.)

III.

ARGUMENT

A. **THE COURT MAY GRANT RELIEF FROM AN AUTOMATIC STAY FOR CAUSE**

Chapter 11, § 362 (a), of the United States Bankruptcy Code imposes an automatic stay against actions to collect debts from bankruptcy debtors, including continuing with pending litigation against debtors. However, courts may grant relief from an automatic stay upon a showing of "cause" by an interested party. 11 U.S.C. §362(d)(1) (2004).

There is no clear definition of "cause", thus, it is determined on a case-by-case basis. *In re McDonald*, 755 F.2d 715, 717 (9th Cir. 1985). In certain circumstances, cause may exist to terminate an automatic stay in order to permit the conclusion of pending litigation against the debtor in another forum. *Truebro Inc. v. Plumberex Specialty Prods., Inc.* (*In re Plumberex Specialty Prods., Inc.*), 311 B.R. 551, 556 (Bankr. C.D. Cal. 2004). The decision to terminate an

automatic stay is within the discretion of the court and is made upon consideration of the unique circumstances of each case. *In re Castlerock Properties,* 781 F. 2d 159, 163 (9th Cir. 1986).

In determining whether cause exists to lift an automatic stay in favor of pending state court litigation against the debtor, the court "must balance the potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *In re Robbins*, 964 F.2d 342, 345 (4th Cir 1992). Circumstances relevant to this question include: (1) "whether insurance coverage with duty of defense is available to the debtor or the estate, or, conversely, whether the conduct of the defense will impose a financial burden on the debtor or the estate," *In re Johnson*, 115 B.R. 634, 636 (Bankr. D. Minn 1989); (2) whether the unsecured creditor seeking relief intends to recover from non-estate property, *In re McGraw*, 18 B.R. 140, 143 (Bankr. D. Wis. 1982); (3) whether judicial economy favors the continuation of the action, *In Re Robbins,* 964 F.2d 342, 345 (4 Cir. 1992); (4) whether the state court litigation has progressed to trial readiness, making it likely that an investment of resources in trial preparation will be wasted if trial is deferred, *Johnson,* 115 B.R. at 636; (5) whether the issues presented are governed solely by state law, or should be adjudicated by the bankruptcy court, *Robbins*, 964 F.2d at 345; and (7) whether a balancing of the respective hardships which would result from the grant or denial of stay relief favors the debtor or the creditor, *Johnson,* 115 B.R. at 636.

**B. CAUSE EXISTS TO TERMINATE THE AUTOMATIC STAY AND ALLOW THE STATE COURT LITIGATION TO PROCEED**

In the case at hand, the seven factors described above all favor INTRAWEST's relief from the automatic stay.

    a. **No financial burden will be imposed on GRACE or its creditors if the litigation is allowed to proceed, because INTRAWEST seeks primary recovery against non-estate property, namely insurance coverage.**

Where the movant seeks to collect judgment not from the debtor itself, but rather from a

third party, cause exists to allow the stayed litigation to proceed. *McGraw*, 18 B.R. at 140. In *McGraw*, the bankruptcy court allowed a negligence action against a Chapter Seven debtor to proceed because the plaintiffs sought recovery from the debtor's former employer's insurance policy, not from the debtor. *Id* at 142.

The instant case is similar to *McGraw*, as INTRAWEST seeks recovery primarily against GRACE's applicable insurance policies. While INTRAWEST continues its discovery with respect to the status of GRACE's insurance coverage, if INTRAWEST obtains a judgment in excess of any available insurance, INTRAWEST stipulates that it will only pursue the excess amount in the form of a creditor's claim in GRACE's pending Chapter Eleven bankruptcy. (Frounfelter Decl. ¶8 and ¶7.) INTRAWEST will not attempt to collect any excess judgment from GRACE outside the bankruptcy arena, and therefore neither the bankruptcy estate nor other creditors will be affected by allowing the state court action to proceed. (Frounfelter Decl. ¶7.)

**b. Judicial economy favors allowing the state court action to continue.**

As noted above, cause for terminating a stay in favor of a pending action exists when the interests of judicial economy favor allowing the suit to go forward. *Holtkamp*, 699 F.2d at 509. This is particularly true where it is likely the investment of resources in trial preparation will go to waste if trial is deferred. *Johnson,* 115 B.R. at 636.

In the pending state court action against GRACE, extensive discovery was conducted and was nearly completed, and the matter was proceeding to mediation and trial. (Frounfelter Decl. ¶4. ) INTRAWEST's counsel had contacted counsel for GRACE and requested that the parties stipulate to allow the pending litigation to proceed against GRACE's insurance proceeds only. GRACE, through its counsel, refused to enter into such a stipulation, and thus, INTRAWEST, was forced to bring this motion. (Frounfelter Decl. ¶ 6.)

Moreover, judicial economy of the Bankruptcy Court favors allowing the state court action to proceed. As of now, GRACE has an unliquidated, unknown debt to INTRAWEST because the pending lawsuit has not been reduced to judgment. By allowing the state court

action to proceed, personal liability on the part of GRACE, if any above insurance proceeds is found, will become liquidated in the form of a judgment. INTRAWEST can then pursue this excess amount as a creditor in these bankruptcy proceedings. Thus, this Court will be able to more fully adjudicate the bankruptcy based on a known debt, rather than the current unliquidated amount. Therefore, the state court action should be allowed to proceed.

### c. The issues presented in the state court action are governed solely by state law.

Courts also favor allowing the state court action to go forward if the issues presented are governed only by state law and do not require the expertise of a bankruptcy court. *Holtkamp*, 699 F.2d at 509. In this case, the pending state action against GRACE is for negligence, breach of express and implied warranties, equitable indemnity and contribution, and each cause of action requires the application of only California law; no bankruptcy law, nor Delaware state law, is, or will be, involved. Therefore, the state court action should be allowed to proceed.

### d. The hardships incurred by INTRAWEST if relief is denied will outweigh the prejudice to GRACE or GRACE's estate if relief from stay is granted.

Overall, the court must balance the potential prejudice of the debtor if the action is allowed to proceed against the potential prejudice to the party seeking relief if the relief is denied. *Robbins,* 964 F.2d at 345. The situation at hand clearly presents a case where the creditor will be severely prejudiced if the state court action does not go forward. If the state court action is not allowed to proceed, INTRAWEST will have no avenue to pursue its unliquidated claim against GRACE.

If the stay is left in place, the state court action will be delayed indefinitely, and all preparation will have to be resumed when the stay is finally lifted. By that time, witnesses' may be unavailable and/or their recollections may have diminished, and much of the already completed extensive discovery will need to be repeated and/or additional discovery will need to be conducted. INTRAWEST will lose much of the benefit of its current preparation on the case and will be left holding the burden of its claim against GRACE.

Alternatively, there would be no prejudice to GRACE's bankruptcy estate or to other creditors if INTRAWEST obtains relief from the automatic stay. As set forth above, GRACE will not suffer financial detriment if the suit continues. INTRAWEST has stipulated to first collect any judgment received against GRACE from GRACE's insurer. If the judgment is in excess of the available insurance, GRACE will proceed by making a claim for that liquidated amount in this bankruptcy proceeding.

Accordingly, the balance of equities in this case mandates that the automatic stay be lifted so the state court action may continue.

### e. The Congressional objectives behind 11 U.S.C. 362(a) are furthered by allowing the case to proceed.

The intent of Congress in providing automatic stays under section 362(a) was to prevent a piecemeal dissipation of the bankruptcy estate and to allow the debtor to avoid multiple claims arising in different forums. *Plumberex*, 311 B.R. at 556. The legislative history of Section 362(a) states:

It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate will result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

H. Rep. No. 95-595, at P. 341 (1988).

Allowing the instant state court action to proceed will not dissipate the bankruptcy estate, because, as set forth above, if INTRAWEST obtains a judgment in excess of any available insurance, INTRAWEST will proceed by making a claim for that liquidated amount in this bankruptcy proceeding.

No prejudice to the bankruptcy estate will result, and the parties would be benefited by allowing the action to proceed in its original forum, which is better equipped to handle mixed tort/contract action governed by California law. The stay should therefore be lifted and the state

court action allowed to proceed.

## IV.

## CONCLUSION

Based on the foregoing, INTRAWEST hereby requests that this Court grant it relief from the automatic stay under 11 U.S.C. 362(a), and allow INTRAWEST to proceed with its action against GRACE in the California Superior Court for the County of Placer. If INTRAWEST obtains a judgment against GRACE, the judgment shall be paid by GRACE's insurers, and to the extent such a judgment exceeds any available insurance proceeds, INTRAWEST shall put forth its claim for the excess as a creditor in the pending bankruptcy action.

Dated: September 19, 2011

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

/s/ Tracy A. Burleigh
Tracy A. Burleigh, Esquire (ID#: 3609)
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899
Telephone: (302) 552-4304
Facsimile: (302) 651-7905
Email: taburleigh@mdwcg.com

and

**LINCOLN, GUSTAFSON & CERCOS**
Darcie A. Frounfelter, Esquire
225 Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 233-1150
Facsimile : (619) 233-6949
Email: dfrounfelter@lgclawoffice.com

Attorneys for Intrawest California Holdings, Inc., Intrawest Retail Groups, Inc., 22 Station Development Corporation, First Ascent Development Corporation and Intrawest Corporation

15/1232371.v1