UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: W.R. GRACE & CO., ET. AL.<br><br>Debtor, | Case No.: 01-1139 (JKF)<br>Motion No. _____<br><br>Chapter 11<br>Hearing Date: October 24, 3011<br>Time: 9:00 AM<br>Response Deadline: October 17, 2011 |

**DECLARATION OF DARCIE A. FROUNFELTER, ESQ. IN SUPPORT OF MOVANT, INTRAWEST'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. §362(d)**

I, Darcie A. Frounfelter, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am an associate at the law firm of Lincoln, Gustafson & Cercos, attorneys of record for Movant, INTRAWEST CALIFORNIA HOLDINGS, INC., et. al., ("INTRAWEST") in the pending matter of Squaw Valley Neighbourhood Company v. Intrawest California Holdings, Inc., et. al. in the Superior Court of The State of California for the County of Placer. I am personally familiar with the facts set forth herein, and would testify competently thereto if called upon as a witness in this matter.

2. On or about May 20, 2010, in the Superior Court of California in the County of Placer, Squaw Valley Neighbourhood Company filed an action against INTRAWEST alleging construction defects a multi-use residential project known as The Village at Squaw Valley

(Squaw Valley Neighbourhood Company v. Intrawest California Holdings, Inc., et. al., Case No. S-CV-0027198). Subsequently INTRAWEST filed a Cross-Complaint and then a Zoe Amendment naming W.R. Grace & Co.-Conn (GRACE) on December 30, 2010 and May 11, 2011 respectively.

3. Based upon information and belief, INTRAWEST alleges that GRACE provided materials and performed work at The Village at Squaw Valley project which subjects GRACE to liability for Squaw Valley Neighbourhood Company's claims.

4. Extensive discovery has been conducted in the pending state court action and the matter is proceeding to mediation and trial.

5. INTRAWEST received notice of GRACE's bankruptcy proceedings from GRACE's counsel in response and objection to the service of the Cross-Complaint on GRACE.

6. I attempted to meet and confer with GRACE's counsel, however, despite reasonable requests, GRACE, by and through its counsel, refused to enter into a stipulation allowing INTRAWEST to proceed with its claims against GRACE's available <u>insurance proceeds only</u> in the pending litigation.

7. INTRAWEST now seeks to obtain relief from the automatic stay to proceed with the current state action and agrees to collect any judgment only from any available insurance, up to the limits of such insurance. INTRAWEST agrees to then assert any excess judgment above any available insurance proceeds as a claim in the pending bankruptcy proceedings, and stipulates it would not seek to assert any collection of any judgment against the debtor personally outside the bankruptcy.

8. I have requested insurance information from GRACE's counsel numerous times. I was also contacted by one of GRACE's insurers who claimed to be currently investigating coverage and I also asked for that particular policy and any additional insurance information available to that insurer. To date I have not received any insurance information regarding GRACE as a result of any of my requests. Our efforts to obtain GRACE's insurance information continue.

Executed this 19th day of September 2011 at San Diego, California.

_____
DARCIE A. FROUNFELTER