| DATE OF SERVICE OF CLAIMS SETTLEMENT NOTICE: | SEPTEMBER 23, 2011 |
|---|---|
| OPPOSITION/RESPONSE DUE: | OCTOBER 13, 2011 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

### CLAIMS SETTLEMENT NOTICE (CLAIMS NOS. 8378, 8379 & 8380)

THIS NOTICE (THE "CLAIMS SETTLEMENT NOTICE") IS PROVIDED TO YOU PURSUANT TO THAT CERTAIN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (THE "BANKRUPTCY COURT") *AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING* (THE "COURT ORDER"). YOU MUST ADHERE TO THE TERMS OF THIS CLAIMS

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

SETTLEMENT NOTICE IN ORDER TO PROTECT YOUR RIGHTS. PLEASE READ THE FOLLOWING PROCEDURES CAREFULLY.[2]

Pursuant to the Court Order, the Debtors must provide notice to the Negative Notice Parties (as defined herein) of any settlement with a value that equals or exceeds $50,000, but does not exceed $1,000,000. Such notice must include the terms of the settlement and the Debtors' basis for belief that each settlement is fair and reasonable. Pursuant to the terms of the Court Order, if the terms set forth in this Claims Settlement Notice are not objected to in writing by any of the Negative Notice Parties within twenty (20) days after the date of transmittal of such written notice, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Bankruptcy Court by the Debtors of a certificate of no objection with respect to such settlements. **In no event, however, will a settlement executed by the Debtors in accordance with the Court Order provide for any monetary payments to be made by the Debtors from property of their estates to or on behalf of a settling party on account of any claims owing or arising prior to April 2, 2001, the date the Debtors filed their petitions for relief under title 11 of the United States Code.** Such claims shall be satisfied in accordance with such further orders of the Bankruptcy Court or in accordance with the Debtors' plan of reorganization.

If you oppose the settlement of the Claims (as defined below) on the terms set forth herein, you must follow the procedures delineated below. Please note that objections, oppositions or comments to the procedures set forth herein shall not be deemed an objection to the settlement of the Claims and will, therefore, not be considered.

*Summary of Terms of Settlement*

On or about March 28, 2003, Neutocrete Products, Inc. ("NPI"), Neutocrete Systems, Inc. ("NSI") and FTF Crawlspaces Specialists, Inc. ("FTF"), which collectively with NPI and NSI are the "Claimants") timely filed three proofs of claim (the "Proofs of Claim") documenting each of the Claimants' respective claims (the "Claims"), copies of which are attached to the Stipulation as Exhibit A (Claim No. 8378, on behalf of NPI), Exhibit B (Claim No. 8379 on behalf of NSI) and Exhibit C (Claim No. 8380 on behalf of FTF).

The Claims arise from a commercial dispute between Claimants and W. R. Grace & Co.-Conn. ("Grace") regarding the sale by Grace to Claimants of a blend of cement and vermiculite labeled "Neutocrete®" (a trade name registered by Claimants). Claimants used the Neutocrete® to make lightweight concrete, which they installed in residential crawlspaces as a sealant.

---

[2] Capitalized terms not defined in this Claims Settlement Notice shall have the meanings ascribed to them, as the case may be, in the *Stipulation and Settlement Agreement Resolving Claims of Neutocrete Products, Inc., and Its Affiliates (Claims Nos. 8378, 8379 & 8380)* (the "Stipulation"), dated as of September 15, 2011, and attached hereto as Exhibit I, the *Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding,* Docket no. 936 (the "Omnibus Settlement Procedures Order") or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases,* Docket no. 25881, as it may be further amended, supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

Commencing in May 1999, through December 31, 2000, Grace sold the Neutocrete® in separately invoiced shipments. Commencing on January 1, 2001, through May 2002, Grace sold Neutocrete® to Claimants pursuant to a "Long Term Purchase Agreement", dated December 14, 2000 (the "Agreement"), with invoices documenting each separate shipment.

Claimants asserted that Grace breached the Agreement. Claimants' Claims collectively assert unliquidated, contingent claims and request aggregate damages of $2,857,803, consisting of the following: (a) $211,875 for alleged shortages of goods; (b) $300,000 for fraud and violation of the Connecticut Unfair Trade Practices Act; (c) $250,000 for estimated legal fees; (d) $140,928 for indemnification for repair damages from unidentified material defects; (e) $1,700,000 for alleged lost sales; and (f) $255,000 for alleged loss of reputation and goodwill.

The Debtors disputed Claimants' assertions. On or about June 22, 2009, The Debtors filed *the Debtors' Objections to Certain Claims Filed by Neutocrete Products, Inc., Neutocrete Systems, Inc., and FTF Crawlspace Specialists, Inc.*, (Docket No. 22218) (the "Claim Objection").

The Debtors and Claimants thereafter engaged in an unsuccessful mediation, and thereafter conducted extensive discovery, followed by settlement talks. The parties ultimately executed the *Stipulation and Settlement Agreement Resolving Claims of Neutocrete Products, Inc., and Its Affiliates (Claims Nos. 8378, 8379 & 8380)*, dated as of September 15, 2011. The Stipulation is attached hereto as Exhibit I. The principal terms of the Stipulation include:

- Allowance of Claim no. 8378 (the "NPI Allowed Claim") as an Allowed Claim (as that term is defined in the Plan) in the amount of $190,000 (the "Settlement Amount");

- Pursuant to the terms of the Plan, the Debtors shall pay the Settlement Amount in full and complete satisfaction of the NPI Allowed Claim on or after the Effective Date;

- Notwithstanding the terms of the Plan, no interest shall accrue on the Settlement Amount; and

- Claims nos. 8379 and 8380 shall be disallowed and expunged for all purposes.

*Objection Procedures:*

If you object to the settlement of the Claims, you **MUST** serve on the parties listed below (collectively, the "Negative Notice Parties") a written objection to this Claims Settlement Notice. All objections and responses must be received by the Negative Notice Parties at the facsimile numbers set forth below no later than twenty (20) days after the date of this Claims Settlement Notice. This notice was served on September 23, 2011.

**THE OBJECTION DEADLINE IS October 13, 2011, at 4:00 P.M. ET.**

If the Negative Notice Parties and Debtors' counsel do not receive a timely-filed objection to this Claims Settlement Notice, the Claims shall be deemed resolved without further notice or hearing of the Bankruptcy Court.

If the Negative Notice Parties' and Debtors' counsel do receive a timely-filed objection to and a resolution to the objection cannot be reached among the parties, the Debtors will file a copy of the Claims Settlement Notice and your objection with the Court and will schedule a hearing to consider the Claims Settlement Notice. Unless otherwise ordered by the Court, if such objection is overruled or withdrawn, the settlement of the Claims shall be deemed to have occurred on the date the Court enters an order approving the Claims Settlement Notice.

Any questions or comments regarding the foregoing procedures may be forwarded to James E. O'Neill of Pachulski Stang Ziehl & Jones LLP at 919 N. Market St., 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705, (302) 652-4100.

*[remainder of this page is intentionally left blank]*

## DISTRIBUTION LIST/NEGATIVE NOTICE PARTIES

*OFFICE OF UNITED STATES TRUSTEE*

| | |
|---|---|
| United States Trustee's Office<br>Attn: David M. Klauder<br>844 King Street, Suite 2207<br>Lock Box 35<br>Wilmington, DE 19801 | FAX: (302) 573-6497 |

*COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS*

| | |
|---|---|
| Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, New York 10038-4982<br>Attn: Arlene G. Krieger, Esq. | FAX: (212) 806-6006 |

*COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS*

| | |
|---|---|
| Caplin & Drysdale<br>375 Park Avenue, 35th Floor<br>New York, NY 10152<br>Attn: Elihu Inselbuch | FAX: (212) 644-6755 |
| Caplin & Drysdale<br>One Thomas Circle, N.W., Suite 1100<br>Washington, District of Columbia 20005<br>Attn: Peter Van N. Lockwood | FAX: (202) 429-3301 |
| Campbell & Levine<br>800 North King Street, Suite 300<br>Wilmington, DE 19801<br>Attn: Mark T. Hurford | FAX: (302) 426-9947 |

*COUNSEL TO THE OFFICIAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS*

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>First Union Financial Center<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, Florida 33131<br>Attn: Scott L. Baena | FAX: (305) 374-7593 |

### COUNSEL TO THE LC FACILITY AGENT AND LC ISSUERS

| | |
|---|---|
| Latham & Watkins<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Attn:   Douglas Bacon | **FAX: (312) 993-9767** |

### COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

| | |
|---|---|
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Attn:   Philip Bentley<br>         David Blabey | **FAX: (212) 715-8000** |

### CO-COUNSEL TO THE DEBTORS

| | |
|---|---|
| Kirkland & Ellis LLP<br>300 North LaSalle Street<br>Chicago, IL 60654<br>Attn:   Adam Paul | **FAX: (312) 862-2200** |
| Baer Higgins Fruchtman LLC<br>111 East Wacker Drive<br>Suite 2800<br>Chicago, IL 60601<br>Attn:  Janet S. Baer, P.C.<br>        Roger J. Higgins | **FAX: (312) 577-0737** |
| Pachulski Stang Ziehl & Jones LLP<br>919 N. Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705<br>(Courier 19801)<br>Attn:   James O'Neill, Esq. | **FAX: (302) 652-4400** |

*[remainder of page intentionally left blank]*

Dated: September 23, 2011

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession

DOCS_DE:173341.1 91100-001