## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.**, *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING QUARTERLY INTERIM APPLICATION OF BAER HIGGINS FRUCHTMAN LLC FOR THE INTERIM PERIOD FROM APRIL 1, 2011, THROUGH JUNE 30, 2011

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Quarterly Interim Application of Baer Higgins Fruchtman LLC for the Interim Period from April 1, 2011 through June 30, 2011 (the "Application").

### BACKGROUND

1.      Baer Higgins Fruchtman LLC ("BHF") was retained as co-counsel to the Debtors and Debtors-in-Possession.  In the Application, BHF seeks approval of fees totaling $443,342.50 and expenses totaling $15,238.14 for its services from April 1, 2011 through June 30, 2011 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2011, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C.

§ 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served an initial report on BHF based upon our review, and we received a response from BHF, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.      We noted that the fee detail for Matter No. 20 (Non-Working Travel) was missing from BHF's April 2011 monthly fee application.  In response to our request, BHF provided us with a copy of same.  See Response Exhibit 1.  We reviewed the fee detail and have no objection to these fees.

### Specific Time and Expense Entries

4.      We noted the following time entries which appeared to be for entering time and expenses:

| | | | | |
|---|---|---|---|---|
| 05/12/11 | JSB | 0.50 | 312.50 | Prepare detailed May time entries (.50). |
| 05/29/11 | JSB | 2.00 | 1,250.00 | Prepare April time and expense entries and revise same (2.00). |
| 05/31/11 | RJH | 1.50 | 712.50 | Prepare April fee detail (1.50). |

While preparation of fee applications for bankruptcy courts is customarily compensable, simply keeping descriptive, useful time records for edification of the client, creditors and court is typically not compensable.  *See In re Gillett Holdings, Inc.*, 137 B.R. 475, 482 (Bankr.D.Colo. 1992).  We asked BHF to explain why these fees should not be disallowed as overhead, and BHF responded:

In paragraph 4 of the Initial Report, you note that certain time entries appear to be

for "entering time and expenses" which is not typically compensable. These time entry descriptions should have been more precise. The time expended was not for "entering time." We do not charge the estate such entry of time. The time noted is for the preparation and review of the May Fee Application, including the review and revisions to the fee and expense application, not the initial time and expense entries. Please accept this letter as a revision of those entries to more accurately describe the work, which we do believe is compensable.

We accept BHF's response and have no objection to these fees.

     5.    We noted the following expenses for which more information was needed:

| 04/30/2011 | $3,198.30 | Phase Eleven. Paralegal assistance re appellate briefing and Canadian recognition matters. |
| 04/30/2011 | $875.00 | Professional consulting services re claims litigation. |

In response to our request, BHF provided copies of the invoices for these expenses (see Response Exhibits 2 and 3), which invoices we reviewed. In addition, BHF stated as follows:

    Phase Eleven Consultants. As also explained in BHF's response to your Initial Report for the first quarter of 2011, dated June 6, 2011, Phase Eleven Consultants is a litigation support vendor which BHF uses from time to time to assist on matters. BHF does not retain legal assistants on its staff. As a result, when it needs such assistance, BHF seeks the help of an outside vendor. The Senior Managing Director of Phase Eleven is Claude Irmis, a former senior legal assistant from Kirkland & Ellis who for a period of years was the senior legal assistant in charge of the W. R. Grace chapter 11 case. Phase Eleven's time is a straight expense pass through. BHF charges the expense to W. R. Grace at whatever price Phase Eleven charges BHF. There is no mark-up. The particular tasks for which Phase Eleven rendered assistance as reflected on the April fee application, related to assistance that was needed to review materials related to certain briefing and oral argument in Canada regarding the Canadian Court's recognition of the Confirmation Order and issues related to the objections of the Crown and Montana to Confirmation and issues on appeal....

    Professional Consulting Services re Claims Litigation. This expense is also for the services of a consulting expert that was retained by BHF for Grace under Bankruptcy Rule 7026(b)(4)(D) to assist BHF and Grace in preparation for litigation with claimant Neutocrete. The consultant was not identified by name in the fee application due to the protection offered by Bankruptcy Rule 7026. This is the same consultant who rendered assistance to Grace as reflected on the March, 2011 fee application. A copy of the consulting expert's bill for the April, 2011 services is

attached.  We have redacted the name of the expert but if you need that information, we are happy to provide it separately on a confidential basis.

We accept BHF's response and have no objection to these expenses.[1]

6.      We noted the following hotel expense for which more information was needed:

04/19/2011      $656.03          W Hotel New York - lodging

In response to our request, BHF provided the following information:

The bill relates to one night's lodging.  The room charge was $569.00.  The taxes consisted of $50.50 State Tax, $2.00 Occupancy Tax, $1.50 NYS Javits Center Tax, and $33.43 Room Tax...  The charge does not include any meals or other items.  This trip was rather last minute but we did check other hotel rates in the area.  The W Hotel rate was actually less that night than the Marriott on Lexington, the Marriott Courtyard or the Waldorf Astoria, which are all in the same area – within a few blocks of the Kirkland & Ellis offices where the meeting took place that I was in NY to attend.

We accept BHF's response and have no objection to this expense.[2]

## CONCLUSION

7.      Thus, we recommend approval of $443,342.50 in fees and $15,238.14 in expenses

for BHF's services for the Application Period.

---

[1]We note that pursuant to the terms of the <u>Order Authorizing the Retention of Experts</u> (Docket No. 564) entered herein on June 22, 2001, the Debtors and Committees are authorized to employ and compensate experts in these cases without obtaining prior Court approval.  The Order authorizes the party retaining the expert to review the expert's billing statements for reasonableness and include the amounts billed in its monthly fee applications.

[2]We note that the W Hotel at which the applicant stayed is rated four stars on the Expedia travel website.  Thus, although the room rate exceeds our $450 "trigger rate" for New York, we do not classify this particular W Hotel as a luxury hotel.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
        Warren H. Smith
        Texas State Bar No. 18757050

325 North St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 27th day of September, 2011.

_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Janet S. Baer
Baer Higgins Fruchtman LLC
111 East Wacker Drive, Suite 2800
Chicago, IL 60601

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
Deanna Boll
Kirkland & Ellis
601 Lexington Avenue
New York, NY 10022-4611

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K. D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801