IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING QUARTERLY INTERIM
FEE APPLICATION OF ORRICK, HERRINGTON & SUTCLIFFE LLP FOR
FOR THE PERIOD OF APRIL 1, 2011 THROUGH JUNE 30, 2011**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Quarterly Interim Fee Application of Orrick, Herrington & Sutcliffe LLP for the Period of April 1, 2011 through June 30, 2011 (the "Application").

BACKGROUND

1. Orrick, Herrington & Sutcliffe LLP ("Orrick") was retained as bankruptcy counsel to David T. Austern, Future Claimants' Representative. In the Application, Orrick seeks approval of fees totaling $711,762.00 and expenses totaling $6,450.32 for its services from April 1, 2011 through June 30, 2011 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2011, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Orrick 41Q 4-6.11.wpd

§330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Orrick based upon our review, and we received a response from Orrick, portions of which response are quoted herein.

### DISCUSSION

#### General Issues

3.      We noted that the expense detail was missing from Orrick's Application. Orrick supplied its expense detail in response to our request. See Response Exhibit 1. Our questions concerning Orrick's expenses are addressed in paragraphs 5 and 6.

#### Specific Time and Expense Entries

3.      We noted that on June 28-29, 2011, attorneys D. Felder ($645), R. Wyron ($850), and R. Frankel ($985) attended an oral argument before Judge Buckwalter. The total time spent, including travel time, was 44.70 hours, for total fees of $30,904.00.

| 06/28/11 | D. Felder | ....; attend District Court oral argument (6.0). | 6.0 | $3,870.00 |
|---|---|---|---|---|
| 06/28/11 | R. Wyron | ....; attend oral argument (5.8);.... | 5.8 | $4,930.00 |
| 06/28/11 | R. Frankel | Participate in oral argument before Judge Buckwalter. | 6.1 | $6,008.50 |
| 06/29/11 | R. Wyron | ....; attend oral argument re confirmation (4.6);.... | 4.6 | $3,910.00 |
| 06/29/11 | R. Frankel | Attend oral argument before Judge Buckwalter. | 5.2 | $5,122.00 |
| 06/28/11 | D. Felder | Travel to Philadelphia, PA for District Court oral argument. | 2.5 | $806.25 |
| 06/28/11 | D. Felder | Return travel from Philadelphia, PA | 2.5 | $806.25 |

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Orrick 41Q 4-6.11.wpd

| 06/28/11 | R. Wyron | Travel to and from Philadelphia for oral argument. | 2.6 | $1,105.00 |
| --- | --- | --- | --- | --- |
| 06/28/11 | R. Frankel | Travel to and from Philadelphia. | 2.8 | $1,379.00 |
| 06/29/11 | R. Wyron | Travel to and from confirmation appeal hearing. | 4.2 | $1,785.00 |
| 06/29/11 | R. Frankel | Travel to and from Philadelphia. | 2.4 | $1,182.00 |
| | | | 44.70 | $30,904.00 |

Paragraph II.D.5. of the U.S. Trustee Guidelines provides: "If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked Orrick to explain why it was necessary for each attorney to attend the oral argument, and Orrick's response is included as Response Exhibit 2. We accept Orrick's response and have no objection to these fees.

    4.    We noted the following meal charge for which more information was needed:

| 3/31/2011 | BUSML | Business Meals | $129.80 | Vendor: Flik Compass Group USA; Invoice # X199940611; Date: 3/31/2011 - DC..... |
| --- | --- | --- | --- | --- |

In response to our request, Orrick provided the following information:

- 3/31/11 - $129.80 – Lunch Meeting, 11 people, Orrick's Washington DC office

We accept Orrick's response and have no objection to this expense.

    5.    We noted the following local travel expenses for which more information was needed:

| 6/9/2011 | LTRV | Travel Expense, Local | $195.00 | Vendor: Mahaley, Peri N.; Invoice#: 061011; Date: 6/17/2011 - dc/dd/#135765/myp - attd mediation re insurance settlement, Wilmington 6/9/11 |
| --- | --- | --- | --- | --- |

| 6/9/2011 | LTRV | Travel Expense, Local | $116.28 | Vendor: Wyron, Richard H.; Invoice#: 061311; Date: 6/17/2011 - dc/dd/#135765/myp - travel to Wilmington court ordered mediation, 6/9/11 |

In response to our request, Orrick provided the following information:

- 6/9/11 - $198.00 - Peri Mahaley's travel charge for business class, round-trip, train fare from Union Station, Washington, DC to Wilmington, DE.

- 6/9/11 - $116.28 - Richard Wyron's travel charge for car mileage, round-trip, from Potomac, MD to Wilmington, DE (228 miles x .51 cents). Note that there are no train fares or other charges for Mr. Wyron for that day of travel.

We accept Orrick's response and have no objection to these expenses.[1]

## CONCLUSION

6.      Thus, we recommend approval of $711,762.00 in fees and $6,450.32 in expenses for

Orrick's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

---

[1] We were advised by Orrick that Mr. Mahaley took the Amtrak Acela Express from Washington, DC, to Wilmington. There are no economy class seats sold on the Acela Express.

**FEE AUDITOR'S FINAL REPORT** - Page 4
wrg FR Orrick 41Q 4-6.11.wpd

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 28th day of September, 2011.

_____
Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Roger Frankel
Richard H. Wyron
Debra L. Felder
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005

rwyron@orrick.com
dfullem@orrick.com

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
Deanna Boll
Kirkland & Ellis
601 Lexington Avenue
New York, NY 10022-4611

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K. D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

**FEE AUDITOR'S FINAL REPORT** - Page 6
wrg FR Orrick 41Q 4-6.11.wpd

**RESPONSE EXHIBIT 2**

You asked us to explain why it was necessary for more than one Orrick lawyer to attend the District Court oral argument on June 28, 2011 and June 29, 2011, and to discuss the role of each. Your Report identified specific time entries for Roger Frankel, Richard Wyron, and Debra Felder; I address these time entries below.

On those dates, Judge Buckwalter heard oral argument on eleven consolidated appeals of the Bankruptcy Court's order confirming the Joint Plan of Reorganization (the "Plan"). Our client, David Austern, as the Asbestos Personal Injury Future Claimants' Representative (the "FCR"), is one of the proponents of the Plan and is an appellee in each of the appeals. These appeals raise virtually every conceivable issue appellants could identify in support of their objections to confirmation of the Plan, including, for example, whether the Plan complies with the provisions of sections 524(g) and 1129 of the Bankruptcy Code, whether the classification and treatment of both direct and indirect claims under the Plan is proper, and substantive and procedural challenges to the Asbestos Personal Injury Trust Distribution Procedures.

This was one of the most significant hearings in these cases. The District Court was considering, for the first time, the full range of objections to confirmation from the battery of objectors, encompassing virtually all of the key legal issues in these cases. It was important to the FCR that all available arguments be made, and that they be made well, before the District Court. Accordingly, the key lawyers on the FCR's team were present to participate in the hearing, and to react as necessary to new arguments made by the appellants and to any questions raised by the District Court.

Roger Frankel, the lead lawyer for the FCR in this case, had primary responsibility for presenting argument to the Court on the issues that are critical to the FCR and his constituency. Mr. Frankel has been involved in all aspects of the Plan process, including negotiations and discussions that ultimately led to the formation of the Plan and the Bankruptcy Court's order confirming the Plan. Mr. Frankel was also intimately involved in the development of the arguments contained in the appellees' response briefs.

Richard Wyron was the principal lawyer on the FCR's team involved in negotiating and drafting the Plan and related Plan documents. His knowledge was critical in addressing the intricate Plan issues raised by the appellants, both in their briefs and during oral argument. Mr. Wyron played a key role for the FCR in responding to issues raised by the Libby Claimants, BNSF, Garlock, Montana and Canada. Mr. Wyron attended oral arguments to ensure that the Plan proponents' responses to the issues raised by these objectors / appellants, and the interplay with the provisions of the Plan, were effectively presented to the Court.

Debra Felder is the senior bankruptcy associate involved in representing the FCR in all aspects of this case and the lead associate for the FCR involved in researching and drafting the appellees' briefs. Ms. Felder had primary responsibility for analyzing and researching issues relating to the treatment of indirect claims, and the challenges raised by appellees on those issues. Ms. Felder attended the oral argument on June 28, 2011 to assist in addressing those issues. Ms.

Felder did not attend the oral argument on June 29, 2011, as the arguments that day addressed matters which were not the focus of Ms. Felder's work.

We believe it was necessary for each of these lawyers to attend and participate in oral argument as set forth above. The participation of the FCR's key lawyers was important, and efficient, given the range of issues raised by the appellants and the impact of those issues upon confirmation of the Plan and the overall resolution of the Debtors' Chapter 11 cases.