## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.,** *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING FORTY-FIRST QUARTERLY FEE APPLICATION OF KIRKLAND & ELLIS LLP FOR THE INTERIM PERIOD OF APRIL 1, 2011 THROUGH JUNE 30, 2011

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Forty-First Quarterly Fee Application of Kirkland & Ellis LLP for the Interim Period of April 1, 2011 through June 30, 2011</u> (the "Application").

### BACKGROUND

1.      Kirkland & Ellis LLP ("K&E") was retained as counsel to the Debtors.  In the Application, K&E seeks approval of fees totaling $2,165,605.50 and expenses totaling $78,788.68 for its services from April 1, 2011 through June 30, 2011 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2011, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with

precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on K&E based upon our review, and we received a response from K&E, portions of which response are quoted herein.

## DISCUSSION

3.       We noted certain time entries in which there was a discrepancy between the amount of time billed and the amount of time recorded within the work description. See Exhibit A. We asked K&E whether it agreed that fee adjustments were warranted for these time entries. K&E's response is attached as Response Exhibit 1. We appreciate K&E's response and recommend a reduction of $2,040.00 in fees.

4.       We noted certain conference calls in which several K&E attorneys participated. See Exhibit B. Paragraph II.D.5. of the U.S. Trustee Guidelines provides: "If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked K&E to explain why it was necessary for each attorney to be present on each of these calls, and K&E's response is attached as Response Exhibit 2. We accept K&E's response and have no objection to these fees.

5.       We noted that on June 28-29, 2011, attorneys ACP ($795), JD ($865), and LGE ($815), as well as legal assistant MDG ($215), attended an appellate hearing. The total time spent, including non-working travel time, was 47.30 hours, and fees of $29,654.50 were billed. See Exhibit C. In light of the Guideline cited above, we asked K&E to explain why it was necessary for each attorney and legal assistant to attend the hearing. K&E's response is included as Response Exhibit 3. We accept K&E's response and have no objection to these fees.

6.    We noted the following time entries of professionals who billed only a *de minimis* amount of time on the case:

| 4/11/2011 | Matthew F. Dexter | 0.20 | Confer with C. Haffey re potential settlement. |
|---|---|---|---|
| 6/10/2011 | Matthew F. Dexter | 0.30 | Confer with J. Hughes re potential settlement. |
| 6/16/2011 | Matthew F. Dexter | 0.50 | Confer and correspond with client and opposing counsel re potential settlement. |
| 6/19/2011 | Matthew F. Dexter | 0.20 | Correspond with opposing counsel re potential settlement. |
| 6/21/2011 | Matthew F. Dexter | 0.80 | Review draft settlement agreement (.5); confer with J. Hughes re same (.3). |
| | | **2.00** | |
| 4/4/2011 | R. Scott Falk, P.C. | 1.50 | Confer with J. Donley, A. Paul and J. Sprayregen re warrants (.5); review documentation re same (1.0). |
| | | **1.50** | |
| 4/1/2011 | Christopher T. Greco | 0.10 | Correspond with M. Dexter re status. |
| 5/13/2011 | Christopher T. Greco | 0.20 | Correspond with client re plan distribution. |
| 5/4/2011 | Christopher T. Greco | 0.40 | Confer with M. Dexter and J. Hughes re status of settlement discussions and next steps. |
| 5/5/2011 | Christopher T. Greco | 0.30 | Correspond re settlement discussions with Grace and Delphi counsel. |
| 6/9/2011 | Christopher T. Greco | 0.20 | Correspond with M. Dexter re settlement status update. |
| 6/10/2011 | Christopher T. Greco | 0.20 | Correspond with working group re strategy re potential settlement. |
| 6/11/2011 | Christopher T. Greco | 0.10 | Correspond with working group re settlement discussions. |
| | | **1.50** | |
| 6/14/2011 | Maura Klugman | 1.10 | Review sur-reply briefs. |
| 6/21/2011 | Maura Klugman | 0.90 | Review proposed settlement agreement. |

| | | **2.00** | |
|---|---|---|---|

The foregoing professionals performed no other work on the case during the Application Period.

We scrutinize more closely the work of professionals who appear to have only fleeting involvement

with the case.[1]  We asked K&E to explain how this work benefited the estate, and K&E's response

appears at Response Exhibit 4.  We appreciate K&E's response and recommend a reduction of

$1,462.50 in fees.

       7.      We noted the following hotel charges for which more information was needed:

| 4/20/2011 | 690.85 | John Donley | Lodging, W New York, New York, NY, 04/19/2011 to 04/20/2011, (Conference) |
|---|---|---|---|
| 6/29/2011 | 1,057.54 | Adam Paul, | Lodging, Le Meridien, Philadelphia, PA, 06/27/2011 to 06/29/2011, (Hearing), Hotel stay for 2 nights |

In response to our request, K&E provided a copy of the invoices for both charges (see Response

Exhibit 5) and stated as  follows:

> ... Attached please find a copy of the itemized invoice for both hotel charges.  With respect to the hotel charge incurred by Mr. Donley on April 20, 2011, the W New York is a four-star hotel and, therefore, is not subject to the per-City fee cap.  In addition, the spring season is a popular time in New York City when hotels are normally booked, therefore likely resulting in a higher-than-ordinary price for this particular stay.  Nevertheless, K&E will agree to cap this expense at ... ($450) as an

---

[1]As stated by the court in *In re Jefsaba, Inc.,* 172 B.R. 786, 800 n. 9 (Bankr.E.D.Pa. 1994):

> Requests to compensate for services of professionals whose time is *de minimis* raises a red flag in our review.   Other than professionals with a special expertise, the fleeting involvement of bankruptcy attorneys in a case often results from a staffing inefficiency.   Given the itinerant attorney's lack of knowledge of the case, the attorney's time may be less productive than attorneys regularly assigned to the case.   When this occurs, we would expect an appropriate deduction be made to the time charged.

accommodation. With respect to the hotel charge incurred by Mr. Paul, this expense was for two nights (June 28-29, 2011) with each night costing $528.77. The Le Meridian is a four-star hotel and, therefore, is not subject to the per-City fee cap. Further, during this time, all of the hotels in Philadelphia were booked, thereby likely resulting in a higher rate. Further, the District Court extended the June 28 hearing by one day without notice and, therefore, Mr. Paul had to extend his reservation by one day on the morning of June 28, thereby contributing to a higher rate than normal. Given the extenuating circumstances, K&E believes that the reimbursement of the full amount of Mr. Paul's expense is justified.

We appreciate K&E's response and its proffered reduction of $149.00.[2] Thus, we recommend a reduction of $149.00 in expenses.

8.    We noted the following air fares for which more information was needed:

| 6/14/2011 | 859.70 | John Donley, Airfare, Washington, DC, 06/20/2011 to 06/20/2011, (Meeting) |
| 6/28/2011 | 992.40 | Maria Gaytan, Airfare, Philadelphia, PA, 06/27/2011 to 6/29/2011, (Oral Argument) |

In response to our request, K&E provided the following information:

... [T]he Initial Report requests certain information concerning the airfare expenses incurred by Mr. Donley and Ms. Gaytan. First, for Mr. Donley's trip, Mr. Donley traveled on June 20, 2011, from Providence, Rhode Island to Washington, D.C., with return travel on June 22, 2011, to Chicago, Illinois. Mr. Donley booked one-way, economy class tickets. Mr. Donley's tickets were one-way since he was not in Chicago on June 20. Second, for Ms. Gaytan's trip, Ms. Gaytan traveled on June 27, 2011, from Chicago, Illinois to Philadelphia, Pennsylvania, with return travel on June 29, 2011, to Chicago, Illinois. Ms. Gaytan booked a round trip, economy class ticket.[3]

Based upon our research of comparable refundable economy class fares, we accept K&E's response and have no objection to these expenses.

_____

[2]The difference between the $450.00 "trigger rate" and the $599.00 room rate.

[3]K&E subsequently advised us that Ms. Gaytan's fare also included a change fee of $369.00.

## CONCLUSION

9.      Thus, we recommend approval of $2,162,103.00 in fees ($2,165,605.50 minus $3,502.50) and $78,639.68 in expenses ($78,788.68 minus $149.00) for K&E's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
            Warren H. Smith
            Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 29th day of September, 2011.

_____
Warren H. Smith

**SERVICE LIST**
<u>Notice Parties</u>

**The Applicant**
John Donley
Adam C. Paul
Kirkland & Ellis LLP
300 N. LaSalle Street
Chicago, IL 60654

john.donley@kirkland.com
adam.paul@kirkland.com

**The Debtor**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Co-Counsel for the Debtors**
Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K. D. Currier
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

## EXHIBIT A

a.    We noted that on April 4, 2011, JD ($865) billed one time entry for 9.10 hours and

$7,871.50 in fees.  However, the subparts of the time entry totaled 5.00 hours for $4,325.00 in fees.

Thus, it appeared the applicant had over billed by $3,546.50.


| 04/04/2011 | JD | 9.10 | Revise chart/summary of appellate filings and potential challenges and responses (.7); draft memorandum to M. Shelnitz re same (.4); confer and correspond with D. Boll re AMH, Libby and bank issues and counter-statements or counterdesignations to be considered for filing by April 5 deadline (.6); outline counterdesignation pleadings (.3); confer with A. Paul and C. Landau re appellate issues (.3); confer with P. Lockwood, R. Frankel, R. Wyron, A. Paul, J Baer and C. Landau re appellate issues and April 5 filing (.3); confer with C. Landau re standard of review (.2); confer with D. Boll, L. Esayian, J. Brooks, A. Paul, J. Gettleman, K. Love and J. Baer re appellate filings (.5); confer and correspond with A. Paul re appellate issues (.3); review and analyze plan ex. 32 and related plan provisions (1.0); draft summary/outline re same (.4); confer with S. Falk, A. Paul and J. Sprayregen re plan ex. 32 |
|---|---|---|---|


b.    We noted that on May 11, 2011, SE ($680) billed one time entry for 4.80 hours and

$3,264.00 in fees.  However, the subparts of the time entry totaled 1.80 hours for $1,224.00 in fees.

Thus, it appeared the applicant had over billed by $2,040.00.

| 5/11/2011 | SE | 4.80 | Research and edit best interests argument (.9); research arguments for response to lenders' brief (.9). |
|---|---|---|---|

**EXHIBIT B**

a.      We noted that on April 27, 2011, attorneys JG ($730), ACP ($795), JD ($865), CL ($995), and EFL ($825) participated in a conference call.  The total time spent was 5.70 hours, and fees of $4,849.00 were billed.

| 04/27/11 | JG | 1.10 | 803.00 | .....; confer with J. Donley, A. Paul, J. Baer and Grace team re appellate briefing issues (1.1);........ |
|---|---|---|---|---|
| 04/27/11 | ACP | 1.20 | 954.00 | ............; confer with J. Donley, D. Boll and J. Baer re same (1.2);........... |
| 04/27/11 | JD | 0.80 | 692.00 | ..........; confer with K&E team re appellate briefing (.8). |
| 04/27/11 | CL | 1.50 | 1,492.50 | ...........; confer with team re confirmation appeals (1.5). |
| 04/27/11 | EFL | 1.10 | 907.50 | ...........; review lender appeal brief (1.1);............... |

b.      We noted that on May 5, 2011, attorneys JG ($730), ACP ($795), BTS ($665), BCG ($540), JSB ($535), JD ($865), LGE ($815), and CL ($995) participated in a conference call.  The total time spent was 4.60 hours, and fees of $3,434.00 were billed.

| 5/5/2011 | JG | 0.60 | 438.00 | .........; confer with J. Donley, A. Paul and Grace appellate working group re drafting of appellate briefs (.6). |
|---|---|---|---|---|
| 5/5/2011 | ACP | 0.70 | 556.50 | ........; confer with J. Donley re appellate briefs (.7);....... |
| 5/5/2011 | BTS | 0.40 | 266.00 | Confer with J. Donley, J. Baer, C. Landau and D. Boll re responses to appeal briefs re Libby issues. |
| 5/5/2011 | BCG | 0.60 | 324.00 | Prepare for and participate in conference with J. Donley and team re appeal brief drafting and related preparations and research. |
| 5/5/2011 | JSB | 0.50 | 267.50 | Confer with team re appeal brief open issues and related research (.5);.............. |
| 5/5/2011 | JD | 0.50 | 432.50 | .............; confer with K&E team re briefing and outline |

|            |     |      |        | issues (.5);.......... |
|------------|-----|------|--------|------------------------|
| 5/5/2011   | LGE | 0.80 | 652.00 | ........; team conference re briefs, related research issues and other open items re same (.8). |
| 5/5/2011   | CL  | 0.50 | 497.50 | Confer with team re district court appeal briefs and related open issues. |

**EXHIBIT C**

| | | | | |
|---|---|---|---|---|
| 6/28/2011 | Maria D Gaytan | 4.90 | 1,053.50 | Attend district court hearing. |
| 6/28/2011 | Adam C Paul | 6.10 | 4,849.50 | Prepare for and attend appellate hearing. |
| 6/28/2011 | John Donley | 4.50 | 3,892.50 | Attend appellate hearing and argue appeals. |
| 6/28/2011 | Lisa G Esayian | 7.90 | 6,438.50 | Prepare for and attend appeal hearing. |
| 6/29/2011 | Maria D Gaytan | 4.70 | 1,010.50 | ......; attend district court hearing (4.7). |
| 6/29/2011 | Adam C Paul | 4.40 | 3,498.00 | Attend appellate hearing. |
| 6/29/2011 | John Donley | 4.80 | 4,152.00 | Attend appellate hearing and argue appeals. |
| 6/27/2011 | Maria D Gaytan | 2.70 | 580.50 | Travel from Chicago, IL to Philadelphia, PA (billed at halftime). |
| 6/27/2011 | Adam C Paul | 2.20 | 1,749.00 | Travel from Chicago, IL to Philadelphia, PA for hearing (billed at halftime). |
| 6/29/2011 | Maria D Gaytan | 2.80 | 602.00 | Return travel from Philadelphia, PA to Chicago, IL (billed at halftime). |
| 6/29/2011 | Adam C Paul | 2.30 | 1,828.50 | Return travel from Philadelphia, PA to Chicago, IL after appellate hearing (billed at halftime). |

## RESPONSE EXHIBIT 1

... [T]he Initial Report notes that there are two time discrepancies where the total number of hours billed for certain billers is higher than the amount of time billed by the professional as broken out in the narrative descriptions of tasks completed and time billed.  With respect to the first instance, the remainder of the narrative description was erroneously omitted from the filed version of the Fee Application. The corrected description should read as follows (with the omitted language in italics):

> Revise chart/summary of appellate filings and potential challenges and responses (.7); draft memorandum to M. Shelnitz re same (.4); confer and correspond with D. Boll re AMH, Libby and bank issues and counter-statements or counterdesignations to be considered for filing by April 5 deadline (.6); outline counterdesignation pleading (.3); confer with A. Paul and C. Landau re appellate issues (.3); confer with P. Lockwood, R. Frankel, R. Wyron, A. Paul, J. Baer and C. Landau re appellate issues and April 5 filing (.3); confer with C. Landau re standard of review (.2); confer with D. Boll, L. Esayian, J. Brooks, A. Paul, J. Gettleman, K. Love and J. Baer re appellate filings (.5); confer and correspond with A. Paul re appellate issues (.3); review and analyze plan ex. 32 and related plan provisions (1.0); draft summary/outline re same (.4); confer with S. Falk, A. Paul and J. Sprayregen re plan ex. 32 *(.5); confer with J. Wisler re MCC appellate issues (.2); review and analyze all appellants' statement of issues and nexus to briefing and issues raised below (3.1); review various recent pleadings and orders (.3)*

As corrected, the narrative now matches the amount of time billed and we believe the same should be approved.  With respect to the second instance, the narrative represents the correct time and the total time billed should be adjusted by $2,040.00 as you noted.

**RESPONSE EXHIBIT 2**

... [T]he Initial Report references two conference calls in which multiple professionals participated.  Specifically, on April 27 and May 5, 2011, multiple K&E professionals participated in two conference calls; the total time spent on the first call was 5.70 hours for all five professionals and the total time spent on the second call was 4.60 hours for all eight professionals.  We believe it was not only necessary, but efficient for all of these professionals to participate in these conference calls.  By way of background, on or about April 25, 2011, no less than twelve appellants filed briefs in support of myriad appeals of the confirmation order issued by the Bankruptcy Court confirming the Debtors' plan of reorganization.  These briefs totaled over 450 pages and included countless issues on appeal.  Given the number of appeals, length of the briefs, and the array of issues, it was necessary for multiple attorneys to be responsible for addressing different briefs and issues, and coordination among the various lawyers became critical given the Debtors' intent to file one comprehensive brief responding to all of the appellate issues other than those involving the Debtors' lenders.  These two conference calls and the work that followed culminated in the Debtors filing two responsive briefs totaling over 400 pages in length, a mere 30 days following the filing of the appellate briefs.  Based upon the foregoing, we believe it was appropriate for all of the professionals to participate in these two coordinated conference calls, and this coordination allowed for an effective and efficient approach to the Debtors' appellate briefing.

## RESPONSE EXHIBIT 3

... [T]he Initial Report requests further information concerning the June 28-29, 2011 hearing before the District Court.  As set forth in previous responses, Mr. Donley is lead counsel for the Debtors, Mr. Paul is lead bankruptcy counsel for the Debtors, and Ms. Esayian is the lead insurance coverage counsel for the Debtors.  Given the multiple appeals, myriad issues involved, and importance to the case, it was necessary for Messrs. Donley and Paul and Ms. Esayian to attend the District Court hearing.  Specifically, Mr. Donley presented the Debtors' case in chief to the District Court, while Mr. Paul and Ms. Esayian actively advised Mr. Donley with respect to bankruptcy specific and insurance related issues, respectively, and were present to appear as necessary to address any such issues.  Finally, Ms. Gaytan attended the hearing to provide paralegal support.  This was critical given the vast array of issues involved.  Indeed, parties continued to raise issues leading up to the hearing and the hearing itself was extended to two days.  Ms. Gaytan provided invaluable and efficient support in finding cases, briefs, etc. to address any issues that came up and any concerns that the District Court raised.  Based upon the foregoing, we believe it was necessary for all of the above professionals to be present at the June 28-29 hearing ....

**RESPONSE EXHIBIT 4**

... [T]he Initial Report requests further information concerning certain *de minimis* time entries that were included in the Fee Application.  Specifically, Messrs. Dexter and Greco and Ms. Klugman all worked on a small but lengthy adversary proceeding in the *Delphi* bankruptcy case where Grace was the defendant.  Given their past experience in this matter, it was much more efficient for each of the foregoing professionals to continue to work on the matter, rather than assigning a new professional that may have more billable hours in the Fee Application.  In addition, Mr. Falk analyzed a specific issue that required expertise in securities and transactional law, and this analysis was at the request of the client.  Mr. Falk is a recognized leader in these areas of law, and his work here, while short, was necessary.  Nevertheless, K&E will agree to a reduction of $1,462.50, representing Mr. Falk's time as an accommodation.