Court File No. 01-CL-4081

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| THE HONOURABLE | ) | FRIDAY, THE 8th DAY |
| JUSTICE MORAWETZ | ) | OF APRIL, 2011 |
| | ) | |

**IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,* R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF GRACE CANADA, INC.**

**Applicant**

**ORDER**

**THIS MOTION** made by Grace Canada, Inc. (hereinafter referred to as the "Applicant") for, among other things, an Order recognizing and giving effect to in Canada the Order made January 31, 2011, as clarified by Order made February 15, 2011 (the "Confirmation Order") by the Honourable Judge Fitzgerald of the United States Bankruptcy Court in the State of Delaware providing for, *inter alia,* confirmation of the First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., *et al.*, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as modified through December 23, 2010 (as it may be further modified hereafter in accordance with its terms, the Confirmation Order, and the United States Bankruptcy Code, the "Plan"), and for certain other relief, was heard this day at 330 University Avenue, Toronto, Ontario.

ON READING the Applicant's Motion Record and upon hearing the submissions of counsel for the Applicant, and other parties whose names appear on the counsel slip, no one appearing for the other parties served with the Applicant's Motion Record:

## DEFINITIONS

1. **THIS COURT ORDERS** that any capitalized terms not otherwise defined in this Order shall have the meanings ascribed to such terms in the Plan.

## SERVICE

2. **THIS COURT ORDERS** that the time for service of the Notice of Motion and the Motion Record is hereby abridged so that this motion is properly returnable today and further service thereof is dispensed with.

## RECOGNITION AND APPROVAL OF THE CONFIRMATION ORDER

3. **THIS COURT ORDERS** that the Confirmation Order, attached as Exhibit "B" to the 36th Report of the Information Officer dated March 30, 2011 (the "36th Report"), be and is hereby recognized and given full effect to in all provinces and territories of Canada in accordance with its terms, and all persons subject to the jurisdiction of this Court shall be so bound.

## APPROVAL OF PLAN

4. **THIS COURT ORDERS** that the Plan, attached as Exhibit "A" to the 36th Report, be and is hereby approved and recognized and given full effect to in all provinces and territories of Canada in accordance with its terms, and all persons subject to the jurisdiction of this Court shall be so bound.

5. **THIS COURT ORDERS** that the Debtors (and, as reorganized entities after emergence, the "Reorganized Debtors") be and are authorized, directed and permitted to take all steps and actions, and to do all things, necessary or appropriate to enter into or implement the Plan in accordance with and subject to the terms of the Plan, and enter into, execute, deliver, implement and consummate all of the steps, transactions and agreements contemplated pursuant to the Plan.

Case 01-01139-AMC    Doc 27770-1    Filed 10/18/11    Page 3 of 5

- 3 -

## ASBESTOS PI CHANNELING INJUNCTION

6.     **THIS COURT ORDERS** that the Asbestos PI Channelling Injunction is granted to take effect as of the Effective Date with respect to the Debtors and the Other Protected Parties, including the Canadian Entities.

## ASBESTOS PD CHANNELING INJUNCTION

7.     **THIS COURT ORDERS** that that the Asbestos PD Channelling Injunction is granted to take effect as of the Effective Date with respect to the Debtors and the Other Protected Parties, including the Canadian Entities.

## SUCCESSOR CLAIMS INJUNCTION

8.     **THIS COURT ORDERS** that the Successor Claims Injunction is granted to take effect as of the Effective Date with respect to the Debtors and the Other Protected Parties, including the Canadian Entities.

## ASBESTOS INSURANCE ENTITY INJUNCTION

9.     THIS COURT ORDERS that the Asbestos Insurance Entity Injunction is granted to take effect as of the Effective Date with respect to the Debtors and the Other Protected Parties, including the Canadian Entities.

## RELEASES

10.     **THIS COURT ORDERS** that each of the release, exculpation, and indemnification provisions set forth in the Plan is hereby approved in all respects, is incorporated herein in its entirety, is so ordered and shall be immediately effective on the Effective Date of the Plan without further action or notice by the Court, any of the parties to such releases, exculpations, and indemnifications, or any other party.  This includes the provisions in Sections 7.13, 8.6, 8.8.1, 8.8.3, 8.8.6, 8.8.7, 8.8.8, 8.8.9, 8.8.10, 8.8.11, 11.8, and 11.9 of the Plan, captioned as follows:

>     7.13 No Successor Liability
>
>     8.6 Injunctions and Releases Related to the Sealed Air Indemnified Parties and
>     Fresenius Indemnified Parties

8.8.1 Release of Sealed Air Indemnified Parties

8.8.3 Release of Fresenius Indemnified Parties

8.8.4 Assumption of 1998 Tax Sharing Agreement and §4.04 of the TSIA

8.8.6 Release of Avoidance Actions

8.8.7 Specific Releases by Holders of Claims or Equity Interests

8.8.8 Release by Debtors and Estate Parties. 8.8.9 Indemnification of Representatives of the Debtors and Non-Debtor Affiliates

8.8.9 Indemnification of Representatives of the Debtors and Non-Debtor Affiliates

8.8.10 Indemnification of Reorganized Debtors and Their Representatives by the Asbestos PI Trust

8.8.11 Indemnification of the Reorganized Debtors and Their Representatives by the Asbestos PD Trust

11.8 Dissolution of the Unsecured Creditors' Committee, the Asbestos PI committee, the Asbestos PD Committee and the Equity Committee, Continued Retention of the Asbestos PI Future Claimants' Representative and the Asbestos PD Future Claimants' Representative

11.9 Exculpation

## AID AND ASSISTANCE

11.    **THIS COURT ORDERS** and requests the aid and recognition of any court or any judicial, regulatory or administrative body in any province or territory of Canada (including the assistance of any Court in Canada pursuant to Section 17 of the *Companies Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended) and the Federal Court of Canada and any judicial, regulatory or administrative body or other court constituted pursuant to the Parliament of Canada or the legislature of any province in carrying out the terms of this Order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

APR - 8 2011

PER/PAR:

DOCSTOR: 2106441\5

IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF GRACE CANADA, INC.

Court File No: 01-CL-4081

| |
|---|
| **ONTARIO SUPERIOR COURT OF JUSTICE** (Commercial List) Proceeding commenced at Toronto |
| **ORDER** |
| **OGILVY RENAULT LLP** Barristers & Solicitors Suite 3800, PO Box 84 Royal Bank Plaza, South Tower 200 Bay Street Toronto, Ontario M5J 2Z4 **DERRICK C. TAY** LSUC #21152A Tel: 416.216.4832 **ORESTES PASPARAKIS** LSUC # 36851T Tel: 416.216.4815 Fax: 416.216.3930 Lawyers for the Applicant |

DOCSTOR: 2106441\5