## EXHIBIT A

### Form of Order

DOCS_DE:174233.1 91100-001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re docket no. _____ |
| | ) | Hearing Agenda item no. _____ |

ORDER: (A) APPROVING THE FORM OF ASSET SALE AGREEMENT; (B)
AUTHORIZING THE SALE OF CERTAIN VERMICULITE ASSETS FREE AND
CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (C)
AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS; AND (D) APPROVING PROCEDURES FOR NOTICING AND
DETERMINING CURE AMOUNTS

This matter coming on to be heard on the *Motion for Entry of an Order: (a) Approving the Form of Asset Sale Agreement; (b) Authorizing the Sale of Certain Vermiculite Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (c) Authorizing the Assumption and Assignment of Executory Contracts; and (D) Approving Procedures for Noticing and Determining Cure Amounts* [Docket No. _____] (the "Sale Motion") filed by W. R. Grace &

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

Co.-Conn. ("Seller", together with the other debtors and debtors-in-possession in these chapter 11 cases, the "Debtors") for entry of an order (the "Sale Order"):[2]

(i)      Approving the form of Vermiculite Asset Sale Agreement (the "ASA") attached hereto as Exhibit I (which together with the ancillary documents attached thereto as exhibits or referred to therein being the "Sale Documents");

(ii)      Authorizing the sale to Purchaser for $10 million, as adjusted pursuant to the ASA (the "Purchase Price") of certain assets (the "Sale") of the Debtors' business of mining and processing vermiculite and selling vermiculite products (the "Vermiculite Assets") free and clear of all liens, claims, encumbrances, and other interests (collectively, the "Liens"), other than the Permitted Exceptions (as defined in the ASA);

(iii)      Approving procedures (the "Cure Procedures"), including but not limited to the form set forth in the form of notice of sale attached to the Motion as Exhibit C (the "Sale Notice"), for noticing and determining cure amounts (the "Proposed Cure Amounts") in connection with the assumption and assignment of certain contracts and leases listed in Exhibit 1 to the Sale Notice (collectively, the "Transferred Contracts");

(iv)      Approving the assumption and assignment of the Transferred Contracts pursuant to the terms of the ASA;

(v)      Authorizing the Debtors to: (a) undertake all transactions contemplated by the ASA; (b) enter into the ancillary agreements contemplated by the ASA; and (c) undertake all other actions necessary to consummate the Sale; and

(vi)      Providing that the Sale Order shall take immediate effect pursuant to Fed. R. Bankr. P. 6004(h), 6006(d) and otherwise.

Seller and Purchaser having executed the ASA; a hearing on the Sale Motion having been held on October 24, 2011 (the "Sale Hearing"); all interested parties having been afforded an opportunity to be heard with respect to the Sale Motion and all relief related thereto; and it appearing that the Court has jurisdiction over this matter; the Court having reviewed and

---

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Sale Motion, the ASA, the *Declaration of Robert Whitney in Support of the Debtors' Motion for Entry of an Order: (a) Approving the Form of Asset Sale Agreement; (b) Authorizing But Not Requiring the Sale of Certain Vermiculite Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (c) Authorizing the Assumption and Assignment of Executory Contracts; and (D) Approving Procedures for Noticing and Determining Cure Amounts* (the "Whitney Declaration") or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases,* Docket no. 25881, as it may be further amended, supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

considered (i) the Sale Motion, (ii) the objections thereto, if any, and (iii) the arguments of counsel made and the evidence proffered or adduced at the Sale Hearing; it appearing that the relief requested in the Sale Motion and approval of the Sale to Purchaser of the Transferred Assets, including Seller's assumption of the Transferred Contracts and assignment thereof to Purchaser, is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and based on the Sale Motion, the statements of counsel, the record of the Sale Hearing and the record in these cases; and after due deliberation thereon; and good cause appearing therefore, it is hereby FOUND AND DETERMINED THAT:[3]

A.    This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and this Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 over the Sale Motion and the Sale. Venue of this proceeding and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Fed. R. Bankr. P. 6004(h) and 6006(d), and to any extent necessary under Fed. R. Bankr. P. 9014 and Fed. R. Civ. P. 54(b), as made applicable by Fed. R. Bankr. P. 7054, the Court expressly finds that there is no just reason for delay in the immediate implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

C.    Actual written notice of the Sale Hearing, the Sale Motion, the Sale and the assumption and assignment of the Transferred Contracts, and a reasonable opportunity to object or to

---

[3]    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014. All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such, To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested parties and entities, including, but not limited to (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; (vii) counterparties to the Transferred Contracts; (viii) Purchaser; (ix) all persons or entities known or reasonably believed to have asserted a Lien in any of the Transferred Assets; (x) federal, state and local taxing authorities who have a reasonably known interest in the relief requested by this Motion; (xi) all persons and entities reasonably known to have expressed an interest in acquiring the Vermiculite Business; (xii) the United States Attorneys for the Districts of Delaware, Massachusetts, Maryland, the Southern District of Florida, Arizona and South Carolina; the state attorneys general for the states of South Carolina, Florida, Maryland, Massachusetts, Delaware and Arizona; (xiv) the state environmental protection agencies for the states of South Carolina, Florida, Massachusetts and Arizona; (xv) the provincial attorneys general for the Canadian provinces of Alberta, Manitoba and Ontario; (xvi) the provincial environmental protection agencies for the Canadian provinces of Alberta, Manitoba and Ontario; (xvii) the United States Environmental Protection Agency; and (xviii) Environment Canada and the Canadian Environmental Assessment Agency.

D.   As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate and

sufficient notice of the Sale Motion, the Sale Hearing, and the Sale, including, without limitation, the assumption and assignment of the Transferred Contracts, has been provided in accordance with sections 102(1), 105(a), 363 and 365 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014, (ii) such notice was good and sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice of the Sale Motion, the Sale Hearing or the Sale, including, without limitation, the assumption and assignment of the Transferred Contracts and the Proposed Cure Amounts, is or shall be required.

E.      Seller has served notice of the Proposed Cure Amounts in Schedule I to the Sale Notice upon each non-debtor counterparty to the Transferred Contracts that Seller seeks to assume and assign to Purchaser on the Closing Date. The service of such notice was good, sufficient and appropriate under the circumstances and no further notice need be given in respect of establishing a Proposed Cure Amount for the respective Transferred Contracts. Non-debtor counterparties to the Transferred Contracts have had an opportunity to object to the Proposed Cure Amount set forth in the Sale Notice.

F.      The disclosures made by Seller concerning the Sale Documents, the Sale, and the Sale Hearing were good, complete and adequate.

## Purchaser's Good Faith

G.      The Purchaser is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.

H.      Seller and Purchaser negotiated, proposed and entered into the ASA and each of the other Sale Documents without collusion, in good faith and from arm's length bargaining positions. Neither Seller nor Purchaser has engaged in any conduct that would cause or

permit all or any part of the Sale or any obligation of Seller under the Sale Documents to be avoided under section 363(n) of the Bankruptcy Code.

I.    Purchaser is a good faith Purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that: (a) Purchaser recognized that Seller was free to deal with the other potential party interested in acquiring the Transferred Assets; (b) all payments to be made by Purchaser and other agreements or arrangements entered into by Purchaser in connection with the Sale have been disclosed; (c) Purchaser has not violated section 363(n) of the Bankruptcy Code by any action or inaction; (d) no common identity of directors or controlling stockholders exists between Purchaser and Seller; and (e) the negotiation and execution of the ASA and other Sale Documents related thereto was at arms' length and in good faith. The Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the Sale.

### Highest and Best Offer

J.    Seller has thoroughly and effectively marketed the Vermiculite Business for sale in an appropriate manner that was designed to maximize the value received by the Debtors for the Vermiculite Business.

K.    The consideration provided by Purchaser pursuant to the terms of the Sale Documents: (i) is fair and reasonable, (ii) is the highest and otherwise best offer for the Transferred Assets, and (iii) will provide a greater recovery for Seller's estate than would be provided by any other available alternative.

L.    Seller's determination that the terms set forth in the Sale Documents constitute the highest and best offer for the Transferred Assets, including the Transferred Contracts,

constitutes a valid and sound exercise of Seller's business judgment pursuant to section 363(b) of the Bankruptcy Code.

M.    Approval at this time of the Sale Motion and the Sale Documents and the consummation of the Sale contemplated thereby are in the best interests of Seller, its affiliates, their creditors, their estates and other parties-in-interest.

N.    Seller has demonstrated compelling circumstances and a good, sufficient and sound business purpose and justification for the Sale prior to, and outside of, the Plan or any other chapter 11 plan of reorganization that may be confirmed in these chapter 11 cases.

O.    No consents or approvals, other than those expressly provided for in the ASA, are required for Seller to consummate such Sale.

### No Fraudulent Transfer

P.    The Purchase Price constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state territory, possession or the District of Columbia.

### Validity of Transfer

Q.    The Sale has been duly and validly authorized by all necessary corporate action of Seller, who has full corporate power and authority to execute and deliver the ASA and each of the other Sale Documents. Except as expressly set forth therein, no further consents or approvals are required for Seller to consummate the Sale contemplated by the Sale Documents.

R.    On the date of closing of the ASA (the "Closing Date"), Seller's transfer of the Transferred Assets, including its assumption and assignment to Purchaser of the Transferred Contracts, will be a legal, valid and effective transfer that, except for the Transferred Liabilities and any Permitted Exceptions, will vest Purchaser with all of

Seller's rights, title, and interests free and clear of all Liens, claims, obligations, liabilities, demands, guaranties, options, rights, contractual or other commitments, restrictions, interests and matters of any kind and nature, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of these bankruptcy cases, and whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Interests"), including but not limited to those (i) arising under doctrines of successor liability, (ii) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal or termination of Seller's or Purchaser's interest in such assets or contracts, or any similar rights and/or (iii) that relate to taxes arising under or out of, in connection with, or in any way relating to the operation of the Vermiculite Business prior to the Closing Date.

S.      Purchaser would not have entered into the ASA and would not consummate the Sale contemplated thereby, thus adversely affecting the Debtors, their estates, and their creditors, if the transfer of the Transferred Assets were not, except for the Transferred Liabilities and any Permitted Exceptions, free and clear of all Interests of any kind or nature whatsoever, or if Purchaser would, or in the future could, be liable for any of the Interests.

### Section 363(f) Is Satisfied

T.      Seller may sell the Transferred Assets free and clear of all Interests (other than Permitted Exceptions and Transferred Liabilities) because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those non-debtor parties with Interests in the Transferred Assets who did not object, or who withdrew their objections, to the ASA, the Sale or the Sale Motion are deemed to have consented pursuant to sections 363(f)(2) and 365 of the Bankruptcy Code. Those

non-debtor parties with Interests in the Transferred Assets who did object fall within one or more of the other subsections of sections 363(f) and 365 of the Bankruptcy Code and are not entitled to adequate protection or are adequately protected by having their Interests, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an Interest.

U. Except as expressly set forth in the ASA, the transfer of the Transferred Assets to Purchaser shall in no way impose any liability or obligation upon Purchaser for Interests related to Seller's operation of the Vermiculite Business or use of the Transferred Assets. Purchaser shall not be deemed, as a result of any action taken in connection with the purchase or the Transferred Assets or the assignment or the Transferred Contracts, to: (i) be a successor (or other such similarly situated party) to any of the Debtors (other than with respect to the Transferred Liabilities and any obligations arising under the Transferred Contracts from and after the Closing Date as expressly stated in the ASA); or (ii) have, *de facto* or otherwise, merged with or into any of the Debtors. The Purchaser is not acquiring or assuming any liability, warranty or other obligation of the Debtors, except as expressly set forth in the ASA with respect to the Transferred Liabilities.

V. Except for the Transferred Liabilities, the transfer of the Transferred Assets to Purchaser, including Seller's assumption and assignment to Purchaser of the Transferred Contracts will not subject Purchaser to any liability whatsoever with respect to the operation of the Vermiculite Business prior to the Closing Date or by reason of such transfer under the laws of the United States, any state, territory or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity, including, without limitation, any theory of antitrust, successor or transferee liability.

W.   The transfer of the Transferred Assets to Purchaser, including Seller's assumption and assignment to Purchaser of the Transferred Contracts will not subject Purchaser to any liability whatsoever for any Excluded Liabilities under the laws of the United States, any state, territory or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity, including, without limitation, any theory of antitrust, successor or transferee liability.

### Assumption and Assignment of the Transferred Contracts

X.   Seller has demonstrated that it is an exercise of the Debtors' sound business judgment to assume and assign the Transferred Contracts in connection with the consummation of the Sale, and Seller's assumption and assignment to Purchaser of the Transferred Contracts is in the best interests of the Debtors, their affiliates, their estates and their creditors. The Transferred Contracts being assigned to Purchaser are an integral part of the Vermiculite Business purchased by Purchaser and, accordingly, the assumption and assignment of the Transferred Contracts is reasonable, enhances the value of the Debtors' estates and does not constitute unfair discrimination.

Y.   As of the date hereof, Seller does not owe any amounts ("Cure Amounts") to counterparties of any Transferred Contracts nor does it need to provide further adequate assurance pursuant to section 365(b)(1)(A) of the Bankruptcy Code.

Z.   As of the date hereof, no counterparty to any Transferred Contract has suffered any pecuniary loss under any such Transferred Contract that would require compensation or adequate assurance pursuant to section 365(b)(1)(B) of the Bankruptcy Code.

AA.   Pursuant to and in accordance with the ASA, Purchaser has provided adequate assurance of its future performance of and under the Transferred Contracts, within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

## Compelling Circumstances for an Immediate Sale

BB.     To maximize the value of the assets of the Vermiculite Business and preserve the viability of the Vermiculite Businesses as a going concern, it is essential that the Sale occur within the time constraints set forth in the ASA. Time is of the essence in consummating the Sale.

## No De Facto Plan

CC.     The Sale does not constitute a *de facto* plan of reorganization or liquidation or an element of such a plan for any of the Debtors, as it does not propose to: (i) impair or restructure existing debt of, or equity interests in, the Debtors, (ii) impair or circumvent voting rights with respect to any future plan proposed by the Debtors; (iii) circumvent chapter 11 plan safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code; or (iv) classify claims or equity interests, compromise controversies or extend debt maturities.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

## General Provisions

1.     The relief requested in the Sale Motion is granted and approved in its entirety, and the Sale contemplated thereby is approved as set forth in this Sale Order.

2.     All objections to the entry of this Sale Order or the relief provided herein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby denied and overruled on the merits, or the interests of such objections have been otherwise satisfied or adequately provided for.

## Approval of the Sale Documents

3.     The Sale Documents, and all of the terms and conditions thereof, are hereby approved.

4.      Pursuant to sections 363(b) and (f) of the Bankruptcy Code, Seller is authorized and directed to consummate the Sale in accordance with the terms and conditions of the Sale Documents.

5.      Seller is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement the Sale Documents, including all instruments and documents that may be reasonably necessary or desirable to implement the Sale as contemplated by the ASA, and to take all further actions as may be reasonably requested by Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to Purchaser or reducing to possession, the Transferred Assets, including the Transferred Contracts, or as may be necessary or appropriate to the performance of the obligations as contemplated by the ASA. Any amounts that become payable by Seller pursuant to the Sale Documents shall (a) constitute super-priority administrative expenses of Seller's estates that, except for claims of the Debtors' postpetition lenders, shall be senior to all other administrative expenses in Seller's chapter 11 case or in any subsequent case under chapter 7 of the Bankruptcy Code; (b) be paid by Seller without further order of this Court and in the time and manner provided for in the Sale Documents; and (c) not be discharged, modified, or otherwise affected by any plan of reorganization or liquidation for the Debtors.

6.      The terms and provisions of this Sale Order shall be binding in all respects upon Seller, its affiliates, their estates, all known or unknown creditors of, and all known or unknown holders of equity interests in, Seller or Debtors, any holders of Interests against, in or on all or any portion of the Transferred Assets, all non-debtor parties to the Transferred Contracts, Purchaser and all successors and assigns of Purchaser, and any trustees, if any,

subsequently appointed in any of the Debtors' chapter 11 eases or upon a conversion to chapter 7 under the Bankruptcy Code of any of the Debtors' cases. This Sale Order and the Sale Documents shall inure to the benefit of Seller, its affiliates, their estates, their creditors, Purchaser, all interested parties and their respective successors and assigns. The Sale Documents shall not be subject to rejection.

### The Transferred Assets

7.    Pursuant to sections 105(a), 363(f) and 365 of the Bankruptcy Code, Seller is authorized to transfer the Transferred Assets on the Closing Date (the "Closing").  Such assets shall be transferred to Purchaser and shall constitute a legal, valid, binding and effective transfer of such assets of the Vermiculite Business and, upon Seller's receipt of the Purchase Price, shall be, free and clear of all Interests (other than Permitted Exceptions and Transferred Liabilities), with all such Interests of any kind or nature whatsoever to attach to the net proceeds of the Sale ultimately attributable to the property against or in which such Interests are held with the same validity, priority, force and effect that they now have, subject to any claims and defenses Seller may possess with respect hereto.

8.    Except as expressly permitted or otherwise specifically provided by the ASA or this Sale Order, all persons and entities holding Interests in the Transferred Assets (other than the Permitted Exceptions and Transferred Liabilities), arising under or out of, in connection with, or in any way relating to, Seller, the Transferred Assets, the Transferred Contracts, the operation of the Vermiculite Business prior to the Closing Date, or the transfer of the Vermiculite Business or the Transferred Contracts to Purchaser, hereby are forever barred, estopped and permanently enjoined from asserting against Purchaser, its successors or assigns, property or assets, such persons' or entities' Interests. On the Closing Date, each creditor is authorized to execute such documents and take all other

actions as may be necessary to release Interests (other than the Permitted Exceptions and Transferred Liabilities) on the Transferred Assets, if any, as provided for herein.

9.      The transfer of the Transferred Assets, including the Transferred Contracts, to Purchaser pursuant to the ASA constitutes a legal, valid and effective transfer of such assets and contracts, and that transfer shall vest Purchaser with all right, title and interest of Seller in and to such assets and contracts free and clear of all Interests of any kind or nature whatsoever, including but not limited to the Excluded Liabilities.

**Assumption by Selling Debtor and Assignment to Purchaser of the Transferred Contracts**

10.     Pursuant to sections 105(a) and 365 of the Bankruptcy Code, and subject to and conditioned upon the Closing, Seller's assumption and assignment to Purchaser of the Transferred Contracts, is hereby approved, and the requirements of section 365(b)(1) of the Bankruptcy Code with respect thereto are hereby deemed satisfied.

11.     Seller is hereby authorized and directed in accordance with sections 105(a) and 365 of the Bankruptcy Code to (a) assume and assign to Purchaser, effective upon the Closing, the Transferred Contracts free and clear of all Interests of any kind or nature whatsoever, and (b) execute and deliver to Purchaser such documents or other instruments as may be necessary to assign and transfer the Transferred Contracts to Purchaser.

12.     The Transferred Contracts shall be transferred to, and remain in full force and effect for the benefit of, Purchaser in accordance with their respective terms, notwithstanding any provision in any such Transferred Contract that prohibits, restricts or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, Seller shall be relieved from any further liability with respect to the Transferred Contracts after such assignment to and assumption by Purchaser.

13.    Seller may assume and assign each of the Transferred Contracts in accordance with sections 363 and 365 of the Bankruptcy Code and any provisions in any of the Transferred Contracts that prohibits, restricts or conditions the assignment of such Transferred Contract, or allow the party to such Transferred Contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assumption or assignment of such Transferred Contract constitute unenforceable anti-assignment provisions which are void and of no force and effect.

14.    All other requirements and conditions under section 363 and 365 of the Bankruptcy Code for the assumption and assignment to Purchaser of each of the Transferred Contracts have been satisfied. Upon Closing, in accordance with sections 363 and 365, Purchaser shall be fully and irrevocably vested in all right, title and interest of each of the Transferred Contracts.

15.    As of the Closing Date, each of the Transferred Contracts will be in full force and effect and not subject to termination or cancellation by the non-debtor party thereto based upon any act, omission or failure that may have occurred or arisen prior to the Closing.

16.    All defaults or other obligations of Seller under any Transferred Contract arising or accruing prior to the date of this Sale Order (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured by Purchaser upon Seller's assignment of each such Transferred Contract to Purchaser.    After the Closing Date, neither Seller nor Purchaser shall have any further liabilities to the non-debtor parties to the Transferred Contracts other than Purchaser's obligations under the Transferred Contracts that become due and payable on or after the Closing Date. There shall be no rent accelerations,

assignment fees, increases (including advertising rates) or any other fees charged to Purchaser or Seller as a result of the assumption and assignment of the Transferred Contracts.

17.     Except for Seller's obligation to pay the Cure Amounts (if any), each non-debtor party to a Transferred Contract hereby is forever barred, estopped and permanently enjoined from asserting against Seller or Purchaser, or the property of any of them, any default existing as of the date of the Sale Hearing; or, against Purchaser, any counterclaim, defense, setoff or any other claim asserted or assertable against Seller. Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, all parties to the Transferred Contracts are forever barred and permanently enjoined from raising or asserting against Seller or Purchaser any assignment fee, default, breach or claim or pecuniary loss or condition to assignment, arising under or related to the Transferred Contracts existing as of the Closing Date or arising by reason of the Closing.

### Additional Sale Provisions

18.     On the Closing Date of the Sale, each of Seller's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release its Interests, if any, in the Transferred Assets, including the Transferred Contracts, as such Interests may have been recorded or may otherwise exist.

19.     This Sale Order (a) shall be effective as a determination that, on the Closing Date, all Interests of any kind or nature whatsoever existing with respect to Seller, the Transferred Assets or the Transferred Contracts prior to the Closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders

or mortgages, recorders of deeds, registrars of deeds, administrative agencies, goveernmental departments, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of such assets or contracts.

20.     Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the ASA.

21.     If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Liens with respect to Seller, the Transferred Assets or the Transferred Contracts shall not have delivered to Seller and Purchaser prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens which the person or entity has with respect to Seller, the Transferred Assets, the Transferred Contracts, or otherwise, then (a) Seller is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such assets and contracts, and (b) Purchaser is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which, once met, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens in the Transferred Assets and Transferred Contracts of any kind or nature whatsoever.

22.   All entities who are presently, or on the Closing Date may be, in possession of some or all of the Transferred Assets are hereby directed to surrender possession of the Transferred Assets to Purchaser on the Closing Date.

23.   Except for the Transferred Liabilities, Purchaser shall have no liability or responsibility for any liability or other obligation of Seller arising under or related to the Vermiculite Business or the Transferred Contracts. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein and in the ASA, Purchaser shall not be liable for any claims against Seller or any of its predecessors or affiliates, and Purchaser shall have no successor or vicarious liabilities of any kind or character whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to Seller or any obligations of Seller arising prior to the Closing Date, including, but not limited to, (1) liabilities on account of any taxes arising, accruing or payable under, out of, in connection with or in any way relating to the operation of the Business prior to the Closing Date and (2) liabilities based on any theory of antitrust, environmental, successor or transferee liability, labor law, *de facto* merger or substantial continuity.

24.   Under no circumstances shall Purchaser be deemed a successor of or to the Debtors for any Interest against or in Seller or the Vermiculite Business or Transferred Contracts of any kind or nature whatsoever. Except for the Transferred Liabilities, the sale, transfer, assignment and delivery of the Transferred Assets, including the Transferred Contracts, shall not be subject to any Interests, and Interests of any kind or nature whatsoever shall remain with, and continue to be obligations of, Seller.   Except for persons holding Transferred Liabilities, all persons holding Interests against or in Seller or the Transferred

Assets or Transferred Contracts of any kind or nature whatsoever (including, but not limited to, Seller and/or its successors (including any trustees, creditors, employees, unions, former employees and shareholders, administrative agencies, governmental units, secretaries of state, federal, state and local officials, including those maintaining any authority relating to any environmental, health and safety laws, and the successors and assigns of each of the foregoing)) shall be, and hereby are, forever barred, estopped and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Interests of any kind or nature whatsoever against Purchaser, its property, its successors and assigns or the Transferred Assets or Transferred Contracts, as an alleged successor or otherwise, with respect to any Interest of any kind or nature whatsoever such person or entity had, has or may have against or in the Debtors, their estates, their officers, directors, shareholders or the Transferred Assets or Transferred Contracts. Following the Closing Date, no holder of an Interest in Seller shall interfere with Purchaser's title to or use and enjoyment of the Vermiculite Business or the Transferred Contracts based on or related to such Interest, or any actions that Seller and the other Debtors may take in their chapter 11 cases.

## Additional Provisions

25.    This Court retains exclusive jurisdiction over any matter or dispute arising from or relating to the implementation of this Sale Order as well as to enforce and implement the terms and provisions of the Sale Documents, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Transferred Assets to Purchaser, (b) resolve any disputes arising under or related to the Sale Documents, except as otherwise provided therein, (c) interpret, implement, and

enforce the provisions of this Sale Order and (d) protect Purchaser against any Interest in Seller, the Transferred Assets or the Transferred Contracts, of any kind or nature whatsoever, attaching to the proceeds of the Sale.

26.  Nothing contained in the Plan (or any other chapter 11 plan of reorganization that may be confirmed in these chapter 11 cases) or any order of this Court continuing such plan shall conflict with or deviate from the provisions of the ASA or the terms of this Sale Order.

27.  The transactions contemplated by the ASA are undertaken by Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code.  Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale as to Purchaser, except to the extent such authorization is duly stayed pending such appeal prior to such consummation. The Purchaser is a buyer in good faith of the Transferred Assets, including the Transferred Contracts, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

28.  The consideration provided by Purchaser for the assets of the Vermiculite Business under the Sale Documents (a) constitutes, and shall be deemed to constitute, reasonably equivalent value and fair consideration, and (b) is fair and reasonable and may not be avoided under section 363(n) or any other provision of the Bankruptcy Code, or otherwise.

29.  The terms and provisions of the Sale Documents and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, Seller, the remaining Debtors, their estates and their creditors, Reorganized Seller and the other Reorganized Debtors, Purchaser and its affiliates, successors and assigns, and shall be binding in all respects upon any affected third parties including, but not limited to, all persons asserting Interests

in such assets and contracts to be sold or assigned to Purchaser pursuant to the Sale Documents, notwithstanding any subsequent appointment of any trustee(s) or similar party under any chapter of the Bankruptcy Code, as to which trustee(s) or similar party such terms and provisions likewise shall be binding.

30.    The failure specifically to include any particular provision of a Sale Document in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the ASA and each of the Sale Documents be authorized and approved in their entirety. Likewise, all of the provisions of this Sale Order are nonseverable and mutually dependent.

31.    The ASA and any other Sale Document may be modified, amended or supplemented by the parties thereto, in a writing signed by all parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement docs not have a material adverse effect on the Debtors' estates. In the event that a motion is filed to add additional contracts (the "Additional Contracts") to the list of Transferred Contracts pursuant to Section 8.01(b) of the ASA, upon entry of an order approving the assumption and assignment of the Additional Contracts and payment of the related cure amounts by Purchaser and Seller in accordance with Section 8.01(b) of the ASA, such Additional Contracts shall be considered Transferred Contracts for all purposes under this Order.

32.    Notwithstanding Fed. R. Bankr. P. 7062, 9014, 6004(h) and 6006(d), this Sale Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and it shall not be stayed under any of the preceding Bankruptcy Rules or otherwise.

33.     Nothing in this Sale Order or the Sale Documents releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under any environmental statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Sale Order. Notwithstanding the foregoing sentence, nothing in this Sale Order shall be interpreted to deem Purchaser as the successor to the Debtors under any state or federal successor liability doctrine. Any action by a governmental unit to enforce a liability of the kind described in the first sentence of this paragraph may be asserted in any forum outside the Bankruptcy Court that has jurisdiction under applicable non-bankruptcy law. Nothing in this Sale Order or the ASA authorizes the transfer or assignment to Purchaser of any license, permit, registration, authorization, or approval of or with respect to a governmental unit without Purchaser's complying with all applicable legal requirements under Nonbankruptcy law governing such transfers or assignments.

**[remainder of this page left intentionally blank]**

35.     The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Sale Order, the Sale Documents, the transactions contemplated thereby, the Transferred Assets and the Transferred Contracts and each other subject addressed by this Sale Order.

Dated: _____, 2011

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge