## EXHIBIT B

## Sale Notice

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) Hearing |
| | ) Date:     November 28, 2011, at 9:00 a.m. |
| | ) Objection |
| | ) Deadline:  November 4, 2011 |

## NOTICE OF SALE OF THE VERMICULITE BUSINESS

To: (i)   The Office of the United States Trustee;

    (ii)  Counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders;

    (iii) Counsel to the L/C Facility Agent and L/C Issuers

    (iv)  Counsel to each of the official committees appointed in these Chapter 11 Cases;

    (v)   Counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives;

    (vi)  Those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002;

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

(vii) Counterparties to the Transferred Contracts;

(viii) Counsel to Purchaser;

(ix) All persons or entities known or reasonably believed to have asserted a Lien in any of the Transferred Assets;

(x) All federal, state and local taxing authorities who have a reasonably known interest in the relief requested by this Motion;

(xi) All persons and entities reasonably known to have expressed an interest in acquiring the Vermiculite Business;

(xii) The United States Attorneys for the Districts of Delaware, Massachusetts, Maryland, the Southern District of Florida, Arizona and South Carolina;

(xiii) The state attorneys general for the states of South Carolina, Florida, Maryland, Massachusetts, Delaware and Arizona;

(xiv) The state environmental protection agencies for the states of South Carolina, Florida, Massachusetts and Arizona;

(xv) The provincial attorneys general for the Canadian provinces of Alberta, Manitoba and Ontario;

(xvi) The provincial environmental protection agencies for the Canadian provinces of Alberta, Manitoba and Ontario;

(xvii) The United States Environmental Protection Agency;

(xviii) Environment Canada; and

(xix) the Canadian Environmental Assessment Agency.

**PLEASE TAKE NOTICE** that, subject to Court approval, Seller proposes to sell the Transferred Assets to Purchaser on the terms and conditions set forth below and as described in more detail in the Debtors' *Motion for Entry of an Order: (a) Approving the Form of Asset Sale Agreement; (b) Authorizing the Sale of Certain Vermiculite Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (c) Authorizing the Assumption and Assignment of Executory Contracts; and (D) Approving Procedures for Noticing and Determining Cure*

*Amounts* [Docket No. _____] (the "Sale Motion").[2] A copy of the Asset Sale Agreement (the "ASA") is attached to the Sale Motion as Exhibit B. Any party wishing to receive a copy of the Sale Motion or the ASA should contact Debtors' counsel, attention:

> Laura Davis Jones
> Timothy P. Cairns
> Pachulski Stang Ziehl Young & Jones LLP
> 919 North Market Street, 11th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705 (Courier 19801)

**Please take further notice** that the principal terms and conditions of the ASA are summarized below:[3]

| Term | Relevant ASA Section (§) | Description |
|---|---|---|
| **Seller** | preamble | Grace |
| **Purchaser** | preamble | Vermiculite Acquisition Corp. |
| **Sale of Business** | 2.01 | Transfer of Seller's right, title and interest in and to the Transferred Assets to Purchaser or its designee(s), free and clear of all Liens and imperfections in title (except certain Permitted Exceptions). |
| **Consideration** | 2.02 | USD 10,000,000, plus the excess of the Closing I&R Amount over USD 5,414,000, or minus the excess of USD 5,414,000 over the Closing I&R Amount.<br><br>A portion of the Consideration will be allocated to the Canadian Transferred Assets (as that term is defined in the Canadian ASA).[4] |

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Sale Motion, the ASA, the *Declaration of Robert Whitney in Support of the Debtors' Motion for Entry of an Order: (a) Approving the Form of Asset Sale Agreement; (b) Authorizing But Not Requiring the Sale of Certain Vermiculite Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (c) Authorizing the Assumption and Assignment of Executory Contracts; and (D) Approving Procedures for Noticing and Determining Cure Amounts* (the "Whitney Declaration") or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases,* Docket no. 25881, as it may be further amended, supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

[3] Capitalized terms used in this summary of terms of the ASA and not otherwise defined in this Motion shall have the meanings ascribed to them in the ASA. To the extent of any inconsistency between this summary and the ASA, the ASA's terms and conditions shall govern

[4] Grace Canada, Inc., is a wholly-owned non-debtor subsidiary of Grace. The Canadian ASA pertains only to the Canadian Transferred Assets, which are not assets of the Debtors' estates. The Canadian ASA is subject to the laws of Canada and the relevant political subdivisions thereof. The Debtors are not requesting the Court's

| Term | Relevant ASA Section (§) | Description |
| --- | --- | --- |
| Transferred Assets | 5.08 | Seller's right, title and interest in and to the assets, properties and rights pertaining directly and exclusively to the conduct of Seller's business of mining, milling, expanding, manufacture, and/or sale of vermiculite, vermiculite concentrate, perlite, and specialty vermiculite products |
| Excluded Assets | 1.01 | Seller's right, title and interest in (1) cash; (2) refunds of Taxes, (3) amounts receivable; (4) Insurance, claims with respect to Insurance, and refunds of amounts previously paid or prepaid on account of Insurance; (5) employee benefit plans and funds; (6) certain third-party proprietary information; (7) records to the extent relating to any of the Excluded Assets or the Excluded Liabilities, (8), the names "Grace" and "Davison"; (9) real property of, and all other property located at, the Ajax Facility; (10) bonds and letters of credit; (11) assets of the SCC Business, (12) assets of the fireproofing laboratory currently located at the South Carolina Real Property, (13) Seller's Pompano Beach Assets; and (14) any other assets listed on Exhibit 1.02A. |
| Transferred Contracts | 5.11 | Rights under the Vermiculite Leases and the other Subject Business Contracts, including contracts listed in Exhibit D to this Motion and Schedule 1.02E to the ASA. |
| Transferred Liabilities | 1.01 | (i) Obligations arising under the Transferred Contracts; (ii) Reclamation Obligations; (iii) Retention Pond liabilities and obligations; (iv) any other liabilities listed in Schedule 4.02 to the ASA; and (iv) certain vacation pay obligations. |
| Excluded Liabilities | 1.01 | Seller's liabilities and obligations relating to the Transferred Assets other than the Transferred Liabilities, including but not limited to certain: (i) income, payroll and similar taxes arising prior to Closing; (ii) Seller intercompany payables; (iii) Insurance obligations; (iv) employee benefit plans and funds; (v) accounts payable; (vi) product liability and warranty claims for products sold prior to Closing; (vii) Plan Claims; (viii) any liability for Seller's violation prior to the Closing of any law, governmental rule or order, including but not limited to any violation of Environmental Law; (ix) Workers Compensation claims for periods prior to Closing; and (x) liability or environmental remediation required by applicable law of any condition existing as of the Closing and arising out of the operations of the Subject Business at the Subject Real Property. |
| Permitted Exceptions | Preamble | Includes certain Liens for current Taxes, assessments or other claims by a Governmental Authority, zoning, subdivision, building code, entitlement and other land use, construction and Environmental Laws by a Governmental Authority, certain easements, rights-of-way, licenses, utility agreements, restrictions, and other similar encumbrances of record, and certain other non-material exceptions. |
| Employee Matters | 12 | Purchaser will offer employment to employees listed in Schedule 12.01 to the ASA. Those who accept offers of employment will become Purchaser's employees on the Closing Date. |
| Scheduled Closing Date | 3.01 | Tenth Business Day after the date on which the conditions to Closing have been met or waived. |

authority to enter into the Canadian ASA, as it will be Grace Canada, Inc., that is the seller, and not Grace or another Debtor.

| Term | Relevant ASA Section (§) | Description |
| --- | --- | --- |
| Closing Conditions | 10 & 11 | Sale Order shall have become final and non-appealable. |
| Termination of ASA | 13 | • Prior to Closing by written agreement of Seller and Buyer;<br>• After 180 days after the ASA's date upon written notice of one party to the other;<br>• By either Seller or Purchaser upon the other's inability to meet its respective closing conditions. |
| Seller's Indemnification | 14.02(a) | Seller shall indemnify Purchaser against any Damages to the Purchaser Group that are caused by or arise out of (i) the breach of or failure of Seller to perform and fulfill any provision or agreement to be performed or fulfilled by it under this ASA or any of the other Transaction Documents, (ii) any inaccuracy in any representation or breach of any warranty of such Seller set forth in Article 5 of the ASA, or (iii) any of the Excluded Liabilities or Excluded Assets. |
| Dispute Resolution | 4.06 | If Purchaser objects to the Closing I&R Amount and if the Parties cannot agree, then determination of the Closing I&R Amount shall be subject to arbitration. |

**PLEASE TAKE FURTHER NOTICE** that, subject to Court approval, pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, and subject to any orders entered by the Court, Seller will sell all right, title, and interest in the Transferred Assets with any liens, claims, encumbrances, and interests attaching to the proceeds of that sale.

**PLEASE TAKE FURTHER NOTICE** that the Debtors propose to assume and assign to Purchaser those Transferred Contracts set forth on <u>Exhibit 1</u> to this Notice (the "<u>List of Transferred Contracts</u>"). The List of Transferred Contracts also sets forth next to each Transferred Contract the proposed Cure Amount that Seller proposes to pay to each counterparty. If a counterparty to a Transferred Contract does not (i) properly object to the applicable Cure Amounts and/or adequate assurance of future performance by Purchaser on or before November 4, 2011; (ii) set forth a specific default in any executory contract or unexpired lease; or (iii) claim a specific monetary amount that differs from the amount (if any) specified by Seller as the Cure Amount on the List of Transferred Contracts, the Court shall enter an order deeming the Cure Amount set forth on the List of Transferred Contracts to be the actual Cure Amount payable

under section 365 of the Bankruptcy Code and forever barring such counterparty from objecting to adequate assurance of future performance and to the Cure Amounts and from asserting any additional cure or other amounts against the Debtors, their estates, and Purchaser with respect to its executory contract(s) or unexpired lease(s).

## OBJECTION DEADLINE

**PLEASE TAKE FURTHER NOTICE** that objections and other responses to the relief (each, an "Objection") requested in the Motion and objections or other responses to the Cure Amounts set forth in Exhibit I hereto (each, a "Cure Objection"), if any, must be in writing and filed with the Bankruptcy Court no later than **4:00 p.m. prevailing Eastern Time on November 4, 2010** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that you must also serve any such Objection or Cure Objection on each of the following parties prior to the Objection Deadline:

| | | |
|---|---|---|
| **Co-counsel for the Debtors:** | Laura Davis Jones<br>Timothy P. Cairns<br>Pachulski Stang Ziehl Young & Jones LLP<br>919 North Market Street, 11th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>(Courier 19801) | Adam Paul<br>John Donley<br>Kirkland & Ellis LLP<br>300 North LaSalle Street<br>Chicago, IL 60654 |
| | Janet S. Baer<br>Roger J. Higgins<br>Baer Higgins Fruchtman LLC<br>111 East Wacker Drive<br>Suite 2800<br>Chicago, IL 60601 | |
| **Counsel to the Official Committee of Unsecured** | Lewis Kruger<br>Arlene Krieger<br>Stroock & Stroock & Lavan<br>180 Maiden Lane, New York, | Michael R. Lastowski<br>Duane, Morris & Heckscher, LLP,<br>1100 N. Market<br>Street, Suite 1200, Wilmington, DE |

| | | |
|---|---|---|
| **Creditors** | NY 10038-4982 | 19801-1246 |
| **Counsel to the Official Committee of Property Damage Claimants** | Scott L. Baena<br>Jay Sakalo<br>Bilzin, Sumberg, Dunn, Baena, Price & Axelrod,<br>First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500<br>Miami, FL 33131 | Michael B. Joseph, Ferry & Joseph, P.A.<br>824 Market Street<br>Suite 904<br>P.O. Box 1351,<br>Wilmington, DE 19899 |
| **Counsel to the Official Committee of Personal Injury Claimants** | Peter Van L. Lockwood<br>Caplin & Drysdale, Chartered<br>One Thomas Circle, N.W.<br>Washington, D.C. 20005 | Mark T. Hurford<br>Campbell & Levine, LLC<br>800 N. King Street<br>Suite 300<br>Wilmington, DE 19801 |
| **Counsel to the Official Committee of Equity Holders** | Philip Bentley<br>David Blabey<br>Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue<br>New York, NY 10022 | Teresa K.D. Currer<br>Buchanan, Ingersoll & Rooney, P.C.<br>1000 West Street<br>Suite 1410<br>P.O. Box 1397<br>Wilmington, DE 19899-1397 |
| **Counsel to the Future Claimants' Representative** | Richard H. Wyron<br>Roger Frankel<br>Orrick, Herrington & Sutcliffe, LLP<br>3050 K Street, NW, Suite 300<br>Washington, DC 20007 | John C. Philips, Jr.<br>Phillips, Goldman & Spence, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806 |
| **The Office of the United States Trustee** | David Klauder<br>844 N. King Street<br>Wilmington, DE 19801 | |

IF NO OBJECTIONS OR CURE OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION **WITHOUT FURTHER NOTICE OR HEARING.**

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL BE HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD AT **THE UNITED STATES BANKRUPTCY COURT, 824 NORTH MARKET STREET, WILMINGTON, DE 19801, AT 9:00 A.M., November 28, 2011**.

Dated:  October 17, 2011

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

_/s/ [signature]_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession

## EXHIBIT 1

**Transferred Contracts**

## EXHIBIT 1

## Transferred Contracts

| Agreement | Counterparty | Cure Amount |
|---|---|---|
| Supply, Distribution and Lease Transfer Agreement effective April 25, 2011 between Virginia Vermiculite, L.L.C. and W. R. Grace & Co.-Conn. | Virginia Vermiculite, L.L.C. | $0.00 |
| Lease Agreement (Donnan Parcel) entered into May 16, 2011, between Virginia Vermiculite, L.L.C. and W. R. Grace & Co.-Conn. | Virginia Vermiculite, L.L.C. | $0.00 |
| Lease Agreement entered into March 17, 2011, between Marsha Young et al. and Virginia Vermiculite, L.L.C. Assignment and Assumption of Lease Agreement (Young Parcel) dated September 20, 2011, between W. R. Grace & Co.-Conn. and Virginia Vermiculite, L.L.C.) | Patricia Young Taylor, Gladys Clay, Carie Young, Leroy Young, Jr., Marsha Young, Dolores Young Shannon, Gerina Young, Terrance Young & Virginia Vermiculite, L.L.C. | $0.00 |
| Exploration Agreement and Lease between H. Kenneth Hanna and Iris Simpson Hanna and Carolina Vermiculite Company, Inc. dated November __, 1984, as amended by that certain Extension of Lease Agreement between Paul Kenneth Hanna and Katie Bell Hanna and Virginia Vermiculite LTD., successor to Carolina Vermiculite Company dated February 28, 2011.<br>(Assigned to W. R. Grace by Assignment and Assumption of Lease Agreement (Hanna Parcel) dated April 25, 2011, between W. R. Grace & Co.-Conn. and Virginia Vermiculite, L.L.C.) | Paul Kenneth Hanna, Katie Bell Hanna & Virginia Vermiculite, L.L.C. | $0.00 |
| Lease Agreement between Jack W. Harrison and Emily M. Harrison, Wife of Joe W. Harrison (Deceased) and Carolina Vermiculite Division of Virginia Vermiculite, LP, dated March 8, 2001, as amended by that certain Extension of Lease Agreement between Jack W. Harrison and Emily W. Harrison, wife of Joe W. Harrison (deceased) and Carolina Vermiculite Company, a division of Virginia Vermiculite, Ltd., dated February 10, 2011.<br>(Assigned to W. R. Grace & Co.-Conn. by Assignment and Assumption Agreement made as of March 25, 2011, between Virginia Vermiculite, L.L.C. and W. R. Grace & Co.-Conn.) | Jack W. Harrison, Emily M. Harrison & Virginia Vermiculite, L.L.C. | $0.00 |
| Lease Agreement between Jack Wingo McKittrick and Carolina Vermiculite Company, a division of Virginia Vermiculite, Ltd., dated June 9, 1994, as amended by that certain Extension of Lease Agreement between Jack Wingo McKittrick and Carolina Vermiculite Company, a division of Virginia Vermiculite, Ltd., dated December 31, 2008.<br>(Assigned to W. R. Grace & Co.-Conn. by Assignment and Assumption Agreement dated May 19, 2011, between Virginia Vermiculite, L.L.C. and W. R. Grace & Co.-Conn.), | Jack McKittrick & Virginia Vermiculite, L.L.C. | $0.00 |

| Agreement | Counterparty | Cure Amount |
|---|---|---|
| Exploration Agreement and Lease between Leonora Anne Verenes and Carolina Vermiculite Company, Inc. Dated July 30, 1984, as amended by that certain Extension of Lease Agreement between Leonora Anne Verenes and Carolina Vermiculite Company, a Division of Virginia Vermiculite, Ltd. dated July 1, 1994, as amended by that certain Extension of Lease Agreement between Leonora Anne Verenes and Carolina Vermiculite Company, a division of Virginia Vermiculite, Ltd., dated October 5, 2007. (Assigned to W. R. Grace & Co.-Conn. by Assignment and Assumption of Lease Agreement (Verenes Parcel) dated May 19, 2011, between Virginia Vermiculite, L.L.C. and W. R. Grace & Co.-Conn.) | Leonora Anne Verenes & Virginia Vermiculite, L.L.C. | $0.00 |
| Lease Agreement (Wingo Parcel) entered into May 16, 2011, between Virginia Vermiculite, L.L.C. and W. R. Grace & Co.-Conn. | Virginia Vermiculite, L.L.C. | $0.00 |
| Calibration Agreement executed November 10, 2010 | Greenville Scale Company, Inc. | $0.00 |
| Service Agreements Non-Hazardous Waste executed February 24, 2010 | Waste Management, Inc. | $0.00 |
| Air System Maintenance and Service Agreement executed August 6, 2008 | I&M Industrials, Inc. | $0.00 |
| Mutual Confidential Non-Disclosure Agreement dated September 20, 2006, extended by extension agreement executed May 13, 2008 | NanoPack Inc. | $0.00 |
| Easement and Right of Way Agreement dated May 22, 2008 | Mary Dula and Margaret Thompson | $0.00 |
| Access Easement Agreement dated July 27, 2010, between FIATP Timber LLC and W. R. Grace & Co.-Conn. | FIATP Timber LLC | $0.00 |
| Railcar Lease Rider No. A133 W.R. Grace & Co. (3 cars) UTLX 220115, 220117, 220171, accepted January 21, 2009 | Union Tank Car Company | $0.00 |
| Railcar Lease Car Leasing Agreement 1822-28, Rider No. 19, Renewal No. 1 7/17/2008 | General Electric Railcar Services Corporation | $0.00 |
| Railcar Lease Schedule 02 dated June 7, 2001 Master Lease Agreement Contract #0406-06 April 24, 2006 | Rocky Mountain Transportation Services, Inc. | $0.00 |
| Securitas Security Agreement | Securitas Security Services, Inc. | $0.00 |

2