**EXHIBIT A**

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

2011 OCT 17  PM 9: 28

CLERK
U.S. BANKRUPTCY
DISTRICT OF D

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hearing Date: November 28, 2011, at 9:00 a.m. |
| | ) Objection Deadline: November 4, 2011 at 4:00 p.m. |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER: (I) APPROVING
AGREEMENT; (II) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO
MERGE CERTAIN NON-OPERATING DEBTOR SUBSIDIARIES INTO W. R. GRACE
& CO.-CONN.; (III) EXPUNGING CERTAIN ACTIVE CLAIMS, CONDITIONALLY
EXPUNGED CLAIMS AND INTERCOMPANY CLAIMS; AND (IV) TRANSFERRING
CERTAIN ACTIVE AND INTERCOMPANY CLAIMS TO W. R. GRACE & CO.-CONN.**

TO:    Parties required to receive notice pursuant to Del. Bankr. LR 2001-1.

On October 17, 2011, the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors") filed the attached *Debtors' Motion for Entry of an Order: (I)*

*Approving Agreement; (II) Authorizing, But Not Directing, the Debtors to Merge Certain Non-*

---

1    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.
R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon,
Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc.,
Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC
(f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a
Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC
Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities
Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary
Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe,
Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc.
(f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace
Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.
R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe
Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai
Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH,
Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings
Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA
Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental
Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &
Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country
Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

DATE  10-17-11
DOCKET #  27769

*Operating Debtor Subsidiaries Into W. R. Grace & Co.–Conn.; (III) Expunging Certain Active Claims, Conditionally Expunged Claims and Intercompany Claims; and (IV) Transferring Certain Active and Intercompany Claims to W. R. Grace & Co.-Conn.* (the "Motion") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 (the "Bankruptcy Court"). A true and correct copy of the Motion is attached hereto.

      Responses to the relief requested in the Motion, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern time) on November 4, 2011. At the same time, you must also serve a copy of the objections or responses, if any, upon the following: (i) co-counsel for the Debtors, Adam Paul, Kirkland & Ellis LLP, 300 N. LaSalle, Chicago, IL  60654 (fax 312-862-2200), Janet S. Baer, Baer Higgins Fruchtman LLC, 111 East Wacker Drive, Suite 2800, Chicago, IL 60601 (fax 312-577-0737), and Laura Davis Jones and Curtis A. Hehn, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax 302-652-4400); (ii) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 10038-4982 (fax 212-806-6006), and Michael R. Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE  19801-1246 (fax 302-657-4901); (iii) counsel to the Official Committee of Asbestos Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Baena, Price & Axelrod, 1450 Brickell Avenue, Suite 2300, Miami, FL  33131 (fax 305-374-7593), and Michael B. Joseph, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899 (fax 302-575-1714); (iv) counsel to the Official Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch, Caplin & Drysdale, Chartered, 375 Park Avenue, 35th Floor, New York, NY

10152-3500 (fax 212-644-6755), and Marla Eskin, Campbell & Levine, LLC, 800 N. King Street, Suite 300, Wilmington, DE 19801 (fax 302-426-9947); (v) counsel to the Official Committee of Equity Holders, Thomas M. Mayer, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022 (fax 212-715-8000), and Teresa K.D. Currier, Saul Ewing LLP, 222 Delaware Avenue P.O. Box 1266, Wilmington, DE 19899-1397 (fax 302-421-6813); (vi) counsel to the Asbestos PI Future Claimants' Representative, Richard H. Wyron, Orrick, Herrington & Sutcliffe LLP, 1152 15th Street, NW, Washington, DC 20005 (fax 202-339-8500), and John C. Phillips, Jr., Phillips, Goldman & Spence, P.A., 1200 North Broom Street, Wilmington, DE 19806 (fax 302-655-4210); (vii) the Office of the United States Trustee, Attn: David Klauder, 844 N. King Street, Wilmington, DE 19801 (fax 302-573-6497); (viii) counsel to the Asbestos PD Future Claimants' Representative, Karl Hill, Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, P.O. Box 68, Wilmington, DE 19899 (fax 302-888-0606), and Alan B. Rich, Law Office of Alan B. Rich, Esq., 1201 Elm Street, Suite 4244, Dallas, TX 75270 (fax 214-749-0325); and (ix) counsel to the CNA Companies, Michael S. Giannotto, Goodwin Procter LLP, 901 New York Avenue, NW, Washington, DC 20001 (fax 202-346-4444).

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL BE HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD AT THE UNITED

3

STATES BANKRUPTCY COURT, 824 MARKET STREET, WILMINGTON, DELAWARE

19801, ON NOVEMBER 28, 2011, AT 9:00 A.M. PREVAILING EASTERN TIME.


Dated: October 17, 2011

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer, P.C.
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
Telephone: (312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession

4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Hearing Date:** November 28, 2011, at 9:00 a.m. |
| | ) **Objection Deadline:** November 4, 2011 |
| | ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER: (I) APPROVING AGREEMENT;
(II) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO MERGE CERTAIN
NON-OPERATING DEBTOR SUBSIDIARIES INTO W. R. GRACE & CO.-CONN.; (III)
EXPUNGING CERTAIN ACTIVE CLAIMS, CONDITIONALLY EXPUNGED CLAIMS
AND INTERCOMPANY CLAIMS; AND (IV) TRANSFERRING CERTAIN ACTIVE
AND INTERCOMPANY CLAIMS TO W. R. GRACE & CO.-CONN.**

The above-captioned debtors and debtors in possession (the "Debtors") respectfully

request the Court (the "Motion") enter an order substantially in the form attached hereto as

Exhibit A (the "Order"):[2]

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2]   Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, *Declaration of Elyse Filon Supporting the Debtors' Motion for Entry of An Order: (i) Approving Agreement; (ii) Authorizing, but not Directing, the Debtors to Merge Certain Non-Operating Debtor Subsidiaries into W. R. Grace & Co.-Conn.; (iii) Expunging Certain Active Claims, Conditionally Expunged Claims and Intercompany*

- Authorizing, but not requiring, the Debtors to enter into the Agreement and Plan of Merger (the "Agreement"), the form of which is attached hereto as Exhibit I to the Order. The Agreement provides for merging certain Debtors set forth in the *Schedule of Merging Subsidiaries* (the "Merging Subsidiaries"), attached hereto as Exhibit II to the Order, into Debtor Grace-Conn. on the terms and conditions set forth in the Agreement, and consummate the transactions contemplated thereby (the "Merger");[3]

- Approving the Merger and authorizing, but not requiring, the Debtors to take all actions necessary or advisable to consummate the Merger;

- Authorizing and directing the Claims Agent to expunge certain of the Claims (as defined in the Plan) listed by the Claims Agent as active on the claims register (the "Active Claims") Filed against each of the Merging Subsidiaries as set forth in Exhibit III to the Order (the "Expunged Claims") with the proviso that the rights afforded each Claimant (as defined in the Plan) in its respective Claim shall be preserved in the surviving Claim (each, a "Surviving Claim") against Grace-Conn. or such other Debtor as is listed in Exhibit III to the Order, and with the further proviso that such preservation shall not affect the rights of the Debtors to object to any such Surviving Claim to the extent that it has not already been Allowed;

- Authorizing and directing the Claims Agent to expunge each of the conditionally expunged Claims (the "Conditionally Expunged Claims") Filed against each of the Merging Subsidiaries as set forth in Exhibit IV to the Order, with the proviso that the rights afforded each Claimant in its respective Claim shall be preserved in the corresponding Surviving Claim against Grace-Conn. or such other Debtor as is listed in Exhibit IV to the Order, and with the further proviso that such preservation of Claimants' rights shall not affect the rights of the Debtors to object to any such Surviving Claim to the extent that it has not already been Allowed;[4]

- Authorizing and directing the Claims Agent to expunge each of the scheduled intercompany claims set forth in Exhibit V to the Order (the "Expunged Intercompany

---

Claims; and (iv) Transferring Certain Active and Intercompany Claims to W. R. Grace & Co.-Conn.* (the "Declaration"), filed contemporaneously herewith, the *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010,* Docket no. 26155 (the "Confirmation Order"), the *Debtors' Disclosure Statement for the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated As of February 27, 2009,* Docket no. 20873 (the "Disclosure Statement"), or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases,* Docket no. 25881, as it may be further amended, supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

[3]  When W. R. Grace & Co. is referred to individually, it is referred to as the "Parent." When W R Grace & Co.-Conn is referred to individually, it is referred to as "Grace-Conn." The Debtors may collectively be referred to as "Grace" in the context of their entire businesses.

[4]  As discussed below in n. 8, the Court entered orders conditionally expunging each of these Claims.

Claims," which together with the Surviving Intercompany Claims (as defined below) are the "Intercompany Claims").

- Authorizing and directing the Claims Agent to list Grace-Conn. as having assumed: (a) the benefit of surviving Intercompany Claims (the "Surviving Intercompany Claims") that Merging Subsidiaries hold against other, non-merging Debtors; and (b) the burden of Surviving Intercompany Claims against Merging Subsidiaries; each of which Surviving Intercompany Claims is listed in Exhibit VI to the Order.

In view of the pending appeal of the Confirmation Order, the Debtors respectfully request, however, that the chapter 11 cases of each of the Merging Subsidiaries remain open until after the Effective Date.[5]

Finally, Exhibit VII to the Order lists certain non-Debtor subsidiaries that Grace also intends to merge into Grace-Conn. as part of Grace's ongoing global initiative to simplify its corporate structure.  As set forth in Exhibit VII, and similar to the Merging Subsidiaries, none of these non-Debtor entities has any assets, nor do they have any liabilities other than a single intercompany claim held by Grace-Conn. against a single entity.  Grace will eliminate this intercompany claim for accounting purposes upon merger.  *See also* Filon Declaration at ¶ 14.

In support of this Motion, the Debtors respectfully state as follows:

<u>JURISDICTION</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Motion are Bankruptcy Code sections 105, 363, 502 and Fed. R. Bankr. P. 1015, 3007, 6004, 7062 and 9014 and Del. Bankr. L. R. 3007-1.

---

[5]  The Debtors will be providing further information to the professionals retained by the Committees and FCRs, including copies of the detailed third-party and intercompany claim analyses.

## BACKGROUND

### I.   The Proposed Merger

3.     The form of Agreement is attached to the Order as <u>Exhibit I</u>.  The Agreement contemplates merging each of the Merging Subsidiaries into Grace-Conn.  Under relevant state law, Grace-Conn. will acquire all assets and liabilities of the Merging Subsidiaries.  As permitted by applicable law, the Agreement:

- Cancels the stock and partnership interests of the Merging Subsidiaries; and
- Will not affect Grace-Conn.'s stock, certificate of incorporation and  board of directors and officers as a result of the Merger.

4.     The Debtors request, however, that the Order provide them with the authority to revise, amend or otherwise change the Agreement to the extent necessary to meet the requirements of the jurisdictions in which the Merging Subsidiaries were incorporated or otherwise formed.  These changes may include effecting the Merger by one or more similar, but separate, merger agreements for particular jurisdictions, in which event such merger agreements taken as a whole shall be deemed to be the "Agreement" for all purposes of this Motion.

### II.   Grace-Conn. Is The Chief Operating Company For Grace's Domestic Business

5.     As set forth in more detail in the Disclosure Statement and in the Filon Declaration (¶¶ 1-4), Parent is a publicly traded global holding company that conducts substantially all of its business through Grace-Conn., its direct wholly-owned subsidiary.  Grace-Conn owns substantially all of Grace's United States assets, properties, and rights directly or through subsidiaries.

6.     Parent and 61 of its direct or indirect U.S. subsidiaries, including Grace-Conn. and the Merging Subsidiaries, are Debtors in these chapter 11 cases.  None of the Merging Subsidiaries conducted any material business operations with any third party for at least several

years prior to the Petition Date, and in most cases since the sale or termination of their businesses in the 1980's and 1990's. None of the Merging Subsidiaries has conducted any material business operations since the Petition Date.

7.    Grace's two major U.S. operating segments, Grace Davison and Grace Construction Products ("GCP"), are owned and operated by Grace-Conn. Grace-Conn. employs substantially all of the Debtors' approximately 2,600 U.S. employees. Grace-Conn. also owns or leases substantially all of GCP's and Grace Davison's approximately 30 U.S. operating facilities and other real property. In addition, Grace-Conn. is the only Debtor that is party to the L/C Facility.

8.    The Plan consolidates all of the Claims against the Debtors into a single set of Classes, with all similarly situated Claims receiving the same treatment, regardless of Debtor. The Plan likewise contemplates using Grace-Conn.'s assets to satisfy all such Claims, whether prepetition or Administrative Expense Claims. Plan at 43-56 (Plan classification and distribution schemata). As discussed below, none of the Merging Subsidiaries has any significant assets; and in any event, such assets will be transferred to Grace-Conn. in the Merger. *See also*, Exhibit II; Motion, § IV, *infra*.

## III.    The Proposed Merger Will Benefit the Debtors' Estates

9.    Eliminating the Merging Subsidiaries will benefit the Debtors' ongoing business operations in several ways. Filon Declaration at ¶¶ 5-7. Such benefits include:

- *Reducing Administrative Burden and Expense*.

10.    The Debtors must allocate resources and funds to managing the Merging Subsidiaries. For example, Grace must annually file more than 100 tax and other returns, reports and other filings for the Merging Subsidiaries, including more than sixty state and federal tax returns. Each Merging Subsidiary that is a corporation must file annual or other periodic reports

and pay related fees in its state of incorporation, and a number of Merging Subsidiaries must pay franchise taxes in their states of incorporation even though they conduct no business and have no income. There are also a number of Merging Subsidiaries that are qualified to transact business as foreign corporations in other states, which requires them to file periodic reports and pay filing fees. Although the Debtors do not believe that any of these Merging Subsidiaries is legally required to maintain their respective qualifications as foreign corporation, the relevant states have not to date permitted them to withdraw their qualifications because they are chapter 11 debtors.

11.    The proposed Merger is also part of a worldwide Grace initiative to simplify its corporate structure and eliminate unnecessary complication and expense..

- ***Optimizing Corporate Structure in Preparation for Exit Financing.***

12.    The Debtors anticipate entering into financing arrangements at exit in order to provide a source of funding for Claims payment under the Plan. Eliminating the Merging Subsidiaries prior to negotiating the exit financing will enable the Debtors and their lenders to structure the financing based upon a greatly simplified corporate structure. The Debtors anticipate that failing to eliminate the Merging Subsidiaries before commencing exit financing negotiations will only complicate those negotiations and further complicate the concomitant exit financing documentation. If the Debtors were to wait until after emergence to merge the Merging Subsidiaries out of existence, they would have to amend the exit financing documentation, which could entail needless additional time and costs  Eliminating the Merging Subsidiaries now would avoid such complications, costs and delays.

**IV.    Creditors Will Not Be Prejudiced By the Proposed Merger**

13.    As discussed in the Filon Declaration (at ¶¶ 8-9), and as summarized for each Merging Subsidiary in the *Schedule of Merging Subsidiaries*, attached as <u>Exhibit II</u> to the Order:

- The total number and amount of Intercompany Claims that each such entity has against other Debtors and non-Debtor Grace entities;

- Intercompany Claims that other Debtor entities have against the Merging Subsidiary;

- The total number and amount of other scheduled and Filed Claims against the entity;

- The total number of Asbestos Personal Injury and Property Damage Claims against the entity; and

- Whether that entity has any assets other than Intercompany Claims, and if so, the nature of those assets.

The Schedule shows that only three Merging Subsidiaries have assets other than Intercompany Claims. None of those assets has any significant value.[6] In each case, Grace-Conn. will hold the assets of the Merging Subsidiary after the Merger.

14.     Grace has also ascertained (based on lien searches, review of books and records or otherwise):

- That there are no known liens asserted against any of the Merging Subsidiaries other than those previously disclosed concomitant with the commencement of these chapter 11 cases; and

- There are no known post-petition lawsuits or other post-petition claims against the Merging Subsidiaries.

**V.     Expunging Claims Filed Against Merging Subsidiaries and Specifying Surviving Claims Against Grace-Conn. or Another Debtor**

15.     As discussed in the Filon Declaration (at ¶¶ 10-12), Grace and its advisors performed a detailed analysis of every third-party Claim Filed or scheduled against each Merging Subsidiary. In particular, Grace and its advisors analyzed whether there were any third-party Claims or other issues that would preclude the Merging Subsidiaries from merging into Grace-Conn. as contemplated by this Motion.

---

[6]    One entity, CC Partners, has a minor amount of cash in its corporate bank account. The Debtors do not believe that eliminating CC Partners and moving the cash to Grace-Conn. will measurably affect Claimants' rights under any foreseeable process of exiting from these chapter 11 cases.

16.     Based upon that analysis, the Debtors have concluded that none of the Merging Subsidiaries have any third-party Claims against them that would preclude their being eliminated by merger into Grace-Conn.  Many such third-party Claims will, however, become redundant as a result of the proposed Merger.  The Debtors therefore request the Court expunge all such redundant Claims on the terms set forth below.

17.     Grace and its advisors also analyzed all Intercompany Claims to determine whether there are any issues that would prejudice one Debtor over another as a result of eliminating the Merging Subsidiaries.  The Expunged Intercompany Claims will become redundant by function of the proposed Merger, because each Intercompany Claim either is between Grace-Conn. and the Merging Subsidiary being merged into Grace-Conn., or between two Debtor Subsidiaries which both are being merged into Grace-Conn.  The Surviving Intercompany Claims will remain in place, because either the Surviving Intercompany Claim is held by a Merging Subsidiary against a Debtor that is not being merged into Grace-Conn. (or in a rarer case, against a non-Debtor subsidiary of Grace-Conn.), or because a surviving Debtor holds that Intercompany Claim against a Merging Subsidiary.  In either case, Grace-Conn. will assume the benefit or burden, as the case may be, of the Surviving Intercompany Claim.

18.     The treatment of each affected Claim is set forth in one of the exhibits to the Order:

- Exhibit III to the Order lists the Active Claims against various Merging Subsidiaries that will become Expunged Claims and the corresponding Surviving Claim.  The Order preserves the rights of the Claimants through the Surviving Claims.

- Exhibit III to the Order also lists Active Claims against various Merging Subsidiaries that are "Active Claims" on the claims register for which there is no corresponding Claim against Grace-Conn. or another Debtor.  The Order states that each such Claim shall be deemed to have been Filed against Grace-Conn., which will result in no change to the Claimant's rights pursuant to that Claim.

- <u>Exhibit IV</u> to the Order lists the Conditionally Expunged Claims, each of which will become redundant as a result of the proposed Merger, and therefore permanently expunged. Each such Conditionally Expunged Claim has a corresponding Surviving Claim listed in <u>Exhibit IV</u>.[7]

- <u>Exhibit V</u> to the Order lists the Expunged Intercompany Claims, all of which will become redundant as a result of the proposed Merger.

- <u>Exhibit VI</u> to the Order lists the Surviving Intercompany Claims, each of which Grace-Conn. will assume.

19.    The Debtors submit that the foregoing mechanism to expunge redundant Claims and transfer certain other Claims to Grace-Conn. satisfies the requirements of Fed. R. Bankr. P. 3007 and Del. Bankr. L. R. 3007-1 regarding the expunging of claims from a debtor's claims register. The Debtors further submit that the notice requirements of the foregoing rules have been satisfied by the notice given to Claimants holding the Claims listed in each of <u>Exhibits III & IV</u> to the Order.

**RELIEF REQUESTED**

20.    The Debtors respectfully request the Court enter the Order:

- Authorizing, but not requiring, the Debtors to, enter into the Agreement, and consummate the transactions contemplated thereby, and directing the Debtors to undertake all actions necessary to consummate the foregoing;

- Approving the elimination of the Merging Subsidiaries;

- Expunging or transferring Active Claims on <u>Exhibit III</u> to the Order, with the proviso that the rights afforded each Claimant in its Expunged Claim shall be preserved in the

---

[7]    The current status of the Conditionally Expunged Claims is set forth in the following documents: *Order Disallowing and Expunging Certain of the Claims of G-I Holdings, Inc. and Its Affiliates*, entered at docket number 15075 on April 3, 2007; *Stipulation Consolidating Claims of the CNA Companies*, entered at docket number 12248 on April 17, 2006; *Stipulation Resolving Certain Claims of JPMorgan Chase Bank*, entered at docket number 14455 on January 31, 2007; *Order Disallowing and Expunging Certain of the Claims of Fresenius Medical Care Holdings, Inc. and Its Affiliates*, entered at docket number 14892 on March 19, 2007; *Order Approving Stipulation Resolving Certain of the Claims of Century Indemnity Company, et al.*, entered at docket number 15077 on April 3, 2007; *Order Disallowing and Expunging Certain of the Claims of Seaton Insurance Company and OneBeacon America Insurance Company*, entered at docket 15503 on May 3, 2007; and *Order Disallowing and Expunging Certain Claims and Reducing Certain Other Claims of the Internal Revenue Service*, entered at docket 16366 on July 24, 2007.

corresponding Surviving Claim against Grace-Conn. or such other Debtor as is listed in
Exhibit III to the Order;

- Permanently expunging the Conditionally Expunged Claims on Exhibit IV to the Order,
with the proviso that the rights afforded each Claimant in its Expunged Claim shall be
preserved in the corresponding Surviving Claim against Grace-Conn. or such other
Debtor as is listed in Exhibit IV to the Order

- Expunging each of the Expunged Intercompany Claims set forth in Exhibit V; and

- Transferring the Surviving Intercompany Claims (listed in Exhibit VI to the Order) to
Grace-Conn.

## ANALYSIS

### I.    ELIMINATING THE MERGING SUBSIDIARIES BENEFITS THE DEBTORS AND THEIR ESTATES

21.    Section 363(b) of the Bankruptcy Code provides, in relevant part, that "the
trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of
business, property of the estate." 11 U.S.C. § 363(b).  Courts in this jurisdiction may approve
such use of estate property outside the ordinary course of business if the debtor establishes that:

> (1) a sound business purpose exists for the sale; (2) the sale price is
> fair; (3) the debtor has provided adequate and reasonable notice;
> and (4) buyer has acted in good faith.

*In re Decora Indus.*, 2002 U.S. Dist. LEXIS 27031, 7-8 (D. Del. May 20, 2002) (citing *In re
Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991)); *see also In re Abbotts Dairies
of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d
Cir. 1983); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) ("In
evaluating whether a sound business purpose justifies the use, sale or lease of property under
Section 363(b), courts consider a variety of factors, which essentially represent a 'business
judgment test'."); *Fulton State Bank v. Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) ("a debtor's
decision must be supported by an articulated business justification"); *Stephen Indus., Inc. v.*

*McClung*, 789 F.2d 386,390 (6th Cir. 1986) (adopting the "sound business purpose" standard for sales proposed pursuant to section 363(b)).

22.    Once the debtor has articulated such a valid business purpose, however, a presumption arises that the debtor's decision was made on an informed basis, in good faith and in the honest belief that the action was in the debtor's best interest. *See In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992). A party-in-interest seeking to challenge the debtor's valid business purpose must "produce some evidence supporting its objections." *Montgomery Ward*, 242 B.R. at 155.

23.    As set forth in the Filon Declaration, consummating the transactions contemplated by the Agreement and merging the Merging Subsidiaries into Grace-Conn. will:

- Reduce operating expenses and administrative burdens by reducing tax and other reporting requirements; and

- Materially aid in optimizing Grace's corporate structure in preparation for entering into exit financing arrangements.

The Debtors submit that these benefits more than adequately demonstrate that the Debtors have a valid business purpose in eliminating the Merging Subsidiaries prior to the Effective Date.

## II.    THE COURT MAY APPROVE THE AGREEMENT AND THE MERGER CONTEMPLATED THEREBY

24.    It is axiomatic that a court may approve a chapter 11 plan's proposed substantive consolidation without further inquiry if the affected creditors consent to such relief. *In re Owens Corning*, 419 F.3d 195, 210 (3rd Cir. 2005) (noting the debtors were required to prove substantive consolidation only "absent consent"). It is equally axiomatic that this Court may approve the Agreement and the transactions contemplated thereby because the Plan provides for classifying Claims and making Distributions to creditors on a consolidated basis, and each voting

class consented to the Plan. Confirmation Order at 3-4 (Plan acceptance by each voting class); Plan at 43-56 (Plan classification and distribution schemata).

25.    Moreover, and equally as important, merging the Merging Subsidiaries into Grace-Conn. will not substantively affect the rights to recovery of any Claimants—whether those with Claims against Grace-Conn. or those with Claims against one or more of the Merging Subsidiaries. As set forth in the Filon Declaration, the Debtors undertook a detailed, Claim-by-Claim analysis. As the Filon Declaration concludes, no creditor of any Merging Subsidiary is prejudiced by the proposed Merger. Likewise, creditors of Grace-Conn. are not materially prejudiced by the proposed entity elimination under any scenario, whether when the Plan is consummated or otherwise. Filon Declaration at ¶¶ 8-12.

26.    The Debtors therefore request the Court enter the Order approving the Agreement, merging the Merging Subsidiaries into Grace-Conn., expunging redundant Claims and transferring other Claims to Grace-Conn.

## No Previous Motion

27.    No previous motion for the relief sought herein has been made to this or any other court.

## Notice

28.    Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; (vii) each secretary of state, taxing authority, environmental agency and other governmental agency for each

jurisdiction in which it is known that the Merging Subsidiaries are incorporated, operated in the past or currently own assets such as land; and (viii) each party having one or more Claims listed in the Exhibits.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Debtors respectfully request the Court enter the Order: (i) approving the Agreement and the merger of the Merging Subsidiaries into Grace-Conn.; (ii) expunging certain Active Claims, Conditionally Expunged Claims and Expunged Intercompany Claims; (iii) transferring certain Active Claims and Surviving Intercompany Claims to Grace-Conn.; and (vi) granting such other relief as may be appropriate.

Dated:  October 17, 2011

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Hearing Date: November 28, 2011, at 9:00 a.m.** |
| | ) **Objection Deadline: November 4, 2011** |
| | ) |

## DECLARATION OF ELYSE FILON SUPPORTING THE MOTION FOR ENTRY OF AN ORDER: (I) APPROVING AGREEMENT; (II) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO MERGE CERTAIN NON-OPERATING DEBTOR SUBSIDIARIES INTO W. R. GRACE & CO,-CONN.; (III) EXPUNGING CERTAIN ACTIVE CLAIMS, CONDITIONALLY EXPUNGED CLAIMS AND INTERCOMPANY CLAIMS ; AND (IV) TRANSFERRING CERTAIN ACTIVE AND INTERCOMPANY CLAIMS TO W. R. GRACE & CO,-CONN.

| | | |
|---|---|---|
| STATE OF MARYLAND | ) | |
| | ) | ss. |
| COUNTY OF HOWARD | ) | |

Elyse Filon, after being duly sworn according to law, deposes and says:

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

I am over the age of 18 and competent to testify. I am Vice-President & Treasurer with W. R. Grace & Co.-Conn. ("Grace-Conn."), one of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in the captioned cases.[2]

I am generally familiar with the Debtors' business affairs and restructuring. I have served as Vice-President-Finance with Grace-Conn. since 2000. Prior to that, I was Director of Taxes from 1996 to 2000. I commenced my employment with the company in 1994. This Declaration is based on my personal knowledge, relevant documents that I have reviewed, information that has been supplied to me by the Debtors' employees and advisors to the Debtors. If called upon to testify, I could and would testify competently to the facts and opinions contained in this Declaration.

## I.    GRACE-CONN. IS THE DEBTOR ENTITY THAT CONDUCTS ALL OF GRACE'S DOMESTIC BUSINESS AFFAIRS

1.    As set forth in more detail in the Disclosure Statement, Parent is a publicly traded global holding company that conducts substantially all of its business through Grace-Conn., its direct wholly-owned subsidiary. Grace-Conn owns substantially all of Grace's United States assets, properties, and rights directly or through subsidiaries.

2.    Parent and 61 of its direct or indirect U.S. subsidiaries, including Grace-Conn. and the Merging Subsidiaries, are Debtors in these chapter 11 cases. None of the Merging

---

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in, *Motion for Entry of An Order: (i) Approving Agreement; (ii) Authorizing, but not Directing, the Debtors to Merge Certain Non-Operating Debtor Subsidiaries into W. R. Grace & Co,-Conn.; (iii) Expunging Certain Active Claims, Conditionally Expunged Claims and Intercompany Claims; and (iv) Transferring Certain Active and Intercompany Claims to W. R. Grace & Co,-Conn.* (the "Motion"), filed contemporaneously herewith, the *Debtors' Disclosure Statement for the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated As of February 27, 2009,* Docket no. 20873 (the "Disclosure Statement"), or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases,* Docket no. 25881, as it may be further amended, supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

Subsidiaries conducted any material business operations with any third party for at least several years prior to the Petition Date, and in most cases since the sale or termination of their businesses in the 1980's and 1990's.  None of the Merging Subsidiaries has conducted any material business operations since the Petition Date.

3.    Grace's two major U.S. operating segments, Grace Davison and Grace Construction Products ("GCP"), are owned and operated by Grace-Conn.  Grace-Conn. employs substantially all of the Debtors' approximately 2,600 U.S. employees.  Grace-Conn. also owns or leases substantially all of GCP's and Grace Davison's approximately 30 U.S. operating facilities and other real property.  In addition, Grace-Conn. is the only Debtor that is party to the L/C Facility.

4.    The Plan consolidates all of the Claims against the Debtors into a single set of Classes, with all similarly situated Claims receiving the same treatment, regardless of Debtor. The Plan likewise contemplates using Grace-Conn.'s assets to satisfy all such Claims, whether prepetition or Administrative Expense Claims.  Plan at 43-56 (Plan classification and distribution schemata).  As discussed below, none of the Merging Subsidiaries has any significant assets; and in any event, such assets will be transferred to Grace-Conn. in the Merger. *See also*, Exhibit II.

## II.    THE PROPOSED MERGERS WILL BENEFIT THE DEBTORS' ESTATES

5.    Eliminating the Merging Subsidiaries will benefit the Debtors' ongoing business operations in several ways.   Such benefits include:

- ***Reducing Administrative Burden and Expense.***

6.    The Debtors must allocate resources and funds to managing the Merging Subsidiaries.  For example, Grace must annually file more than 100 tax and other returns, reports and other filings for the Merging Subsidiaries, including more than sixty state and federal tax returns. Each Merging Subsidiary that is a corporation must file annual or other periodic reports

and pay related fees in its state of incorporation, and a number of Merging Subsidiaries must pay franchise taxes in their states of incorporation even though they conduct no business and have no income. There are also a number of Merging Subsidiaries that are qualified to transact business as foreign corporations in other states, which requires them to file periodic reports and pay filing fees. Although the Debtors do not believe that any of these Merging Subsidiaries is legally required to maintain their respective qualifications as foreign corporation, the relevant states have not to date permitted them to withdraw their qualifications because they are chapter 11 debtors.

7. The proposed Merger is also part of a worldwide Grace initiative to simplify its corporate structure and eliminate unnecessary complication and expense.

• **_Optimizing Corporate Structure in Preparation for Exit Financing_**.

8. The Debtors anticipate entering into financing arrangements at exit in order to provide a source of funding for Claims payment under the Plan. Eliminating the Merging Subsidiaries prior to negotiating the exit financing will enable the Debtors and their lenders to structure the financing based upon a greatly simplified corporate structure. The Debtors anticipate that failing to eliminate the Merging Subsidiaries before commencing exit financing negotiations will only complicate those negotiations and further complicate the concomitant exit financing documentation. If the Debtors were to wait until after emergence to merge the Merging Subsidiaries out of existence, they would have to amend the exit financing documentation, which could entail needless additional time and costs  Eliminating the Merging Subsidiaries now would avoid such complications, costs and delays.

**III.    CREDITORS WILL NOT BE PREJUDICED BY THE PROPOSED MERGERS**

9. The _Schedule of Merging Subsidiaries_, attached as <u>Exhibit II</u> to the Order, summarizes for each Merging Subsidiary:

4

- The total number and amount of Intercompany Claims that each such entity has against other Debtors and non-Debtor Grace entities;

- Intercompany Claims that other Debtor entities have against the Merging Subsidiary;

- The total number and amount of other scheduled and Filed Claims against the entity;

- The total number of Asbestos Personal Injury and Property Damage Claims against the entity; and

- Whether that entity has any assets other than Intercompany Claims, and if so, the nature of those assets.

The Schedule shows that only three Merging Subsidiaries that have assets other than Intercompany Claims. None of those assets has any significant value.[3] In each case, Grace-Conn. will hold the assets of the Merging Subsidiary after the Merger.

10.    Grace has also ascertained (based on lien searches, review of books and records or otherwise):

- That there are no known liens asserted against any of the Merging Subsidiaries other than those previously disclosed concomitant with the commencement of these chapter 11 cases; and

- There are no known post-petition lawsuits or other post-petition claims against the Merging Subsidiaries.

11.    Grace and its advisors also performed a detailed analysis of all of the Filed and scheduled third-party Claims against each Merging Subsidiary. In particular, Grace and its advisors analyzed whether there were any third-party Claims or other issues that would prevent these Merging Subsidiaries from being eliminated prior to the Debtors exiting from their chapter 11 cases. The scheduled Intercompany Claims have also been analyzed to determine whether

---

[3]    One entity, CC Partners, has a minor amount of cash in its corporate bank account. The Debtors do not believe that eliminating CC Partners and moving the cash to Grace-Conn. will measurably affect Claimants' rights under any foreseeable process of exiting from these chapter 11 cases.

there are any issues that would prejudice one Debtor over another as a result of eliminating the Merging Subsidiaries.[4]

      12.    In particular:

- ***Third Party Claims***.

    - *Tax Claims*.

        - Most Tax Claims have been made jointly and severally against both Grace-Conn. and the Merging Subsidiary against which the Claim was Filed. Therefore, eliminating the Merging Subsidiary will not alter the tax Claimants' rights to recovery.

        - Grace-Conn. is not jointly and severally liable for certain other Tax Claims. In each such case, the Merging Subsidiary has no assets from which such Tax Claims may be satisfied. Under the Plan, such claims are being satisfied from Grace-Conn. assets. In alternative scenarios, such claims would also be satisfied by Grace-Conn., which likely enhances the Tax Claimant's recoveries. The number and amount of such Claims is *de minimis* in comparison to the number and amount of Claims against Grace-Conn, which means that Grace-Conn. creditors are not materially prejudiced by the Tax Claims being transferred to Grace-Conn.

    - *Protective Claims*. A small number of Claimants with substantive Claims against Grace-Conn. Filed protective Claims against one or more of the Merging Subsidiaries. Most such Claims have been conditionally expunged. Others still remain open. In each case, Claimant's rights to recovery will not be prejudiced by eliminating the Merging Subsidiary, because the substantive Claim is against Grace-Conn., which holds all of the assets to be used to fund creditor recoveries.

    - *Other Claims With Recourse Against Grace-Conn.* In a very few cases, the Claimant may have a Claim against a particular Merging Subsidiary based upon grounds independent of its parallel Claim against Grace-Conn. In each such case, the Claimant has a parallel Claim against Grace-Conn. Under the Plan, Claimants' recoveries will come entirely from Grace-Conn. assets. In other scenarios, the Merging Subsidiary will have no assets with which to satisfy such Claims, and Claimants will again look to Grace-Conn. as their only source of recovery, based upon their Claims against Grace-Conn.

    - *De Minimis Claims*. There are a number of *de minimis* Claims (mostly trade and Tax Claims) that are for $10,000 or less. The total amount of these Claims is so small that

---

[4]    The Debtors will be providing further information to those professionals, including copies of the detailed third-party and intercompany claim analyses.

transferring them to Grace-Conn. will make no material difference to Claimants that look to Grace-Conn. for recovery.

- *Scheduled Intercompany Claims*.

  - Most scheduled Intercompany Claims will be eliminated because either: (a) the Claim is held by the Merging Subsidiary at issue against Grace-Conn., or vice versa, and will as a result be eliminated by the entity consolidation; or (b) the Claim is held by the Merging Subsidiary against another Merging Subsidiary that is also being eliminated, or vice versa, and as a result of the assets and liabilities of both entities being merged into Grace-Conn.; and

  - For those Intercompany Claims of a Merging Subsidiary against another Debtor that is not being eliminated and vice-versa, Grace-Conn. will step into the shoes of the Merging Subsidiary being eliminated by assuming those Intercompany Claims and the benefits and burdens thereof.

13.    Based upon the foregoing analysis, I have concluded that none of the Merging Subsidiaries have any third-party Claims or Intercompany Claims against them that would preclude their being merged into Grace-Conn.

## IV.    GRACE INTENDS TO MERGE CERTAIN NON-DEBTOR SUBSIDIARIES INTO GRACE-CONN.

14.    Exhibit VII to the Order lists certain non-Debtor subsidiaries that Grace also intends to merge into Grace-Conn. as part of Grace's ongoing global initiative to simplify its corporate structure. As set forth in Exhibit VII, and similar to the Merging Subsidiaries, none of these non-Debtor entities has any assets, nor do they have any liabilities other than a single intercompany claim held by Grace-Conn. against a single entity. Grace will eliminate this intercompany claim for accounting purposes upon merger.

**[remainder of page left intentionally blank]**

15.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of

the United States of America that the foregoing is true and correct.

*Elyse F. Cox*
Name
Elyse Filon
Vice President-Finance
W. R. Grace & Co.-Conn.

SWORN AND SUBSCRIBED before me,
this 17th day of October 2011

*Diane E. Borowy*
Notary Public

My Commission Expires:  September 18, 2012

DIANE Z. BOROWY
Notary Public, State of Maryland
County of Howard
My Commission Expires September 18, 2012

8

## EXHIBIT A

## Form of Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re docket no. _____** |
| | ) **Hearing Agenda item no. _____** |
| | ) |

## ORDER: (I) APPROVING AGREEMENT; (II) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO MERGE CERTAIN NON-OPERATING DEBTOR SUBSIDIARIES INTO W. R. GRACE & CO.-CONN.; (III) EXPUNGING CERTAIN ACTIVE CLAIMS, CONDITIONALLY EXPUNGED CLAIMS AND INTERCOMPANY CLAIMS ; AND (IV) TRANSFERRING CERTAIN ACTIVE AND INTERCOMPANY CLAIMS TO W. R. GRACE & CO.-CONN.

Upon consideration of the *Motion for Entry of An Order: (i) Approving Agreement; (ii) Authorizing, but not Directing, the Debtors to Merge Certain Non-Operating Debtor Subsidiaries into W. R. Grace & Co.-Conn.; (iii) Expunging Certain Active Claims, Conditionally Expunged Claims and Intercompany Claims; and (iv) Transferring Certain Active and Intercompany Claims to W. R. Grace & Co.-Conn.* (the "Motion); it appearing that the relief

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1.      The Motion is granted in its entirety.

2.      The Debtors are authorized, but not required, to enter into the Agreement and Plan of Merger (the "Agreement"), the form of which is attached hereto as Exhibit I, and to consummate the transactions contemplated thereby.

3.      The Debtors are authorized, but not required, to merge the Debtors set forth in the *Schedule of Merging Subsidiaries*, attached hereto as Exhibit II (the "Merging Subsidiaries") into W. R. Grace & Co.-Conn. ("Grace-Conn.") pursuant to the Agreement.

4.      The chapter 11 cases of the Merging Subsidiaries shall remain open, and they shall continue to be administered jointly pursuant to this Court's *Order Directing Joint Administration*, dated April 2, 2001, Docket no. 8, under the caption *In re W. R. Grace & Co, et al.*, Case No. 01-1139 (JFK).

5.      The Debtors may make such changes to the Agreement, including but not limited to executing or adopting similar, but separate merger agreements or plans of merger in order

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Motion, the Agreement or the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594, 24657 & 25881 (the "Plan").

to comply with relevant laws of the jurisdiction in which a Merging Subsidiary was incorporated or otherwise formed.

6.      The Debtors are authorized, but not required, to undertake all necessary or advisable actions to consummate the Agreement and to eliminate the Merging Subsidiaries and to otherwise carry out the relief set forth in this Order.

7.      Each Claim set forth in Exhibit III and Exhibit IV is hereby expunged (the "Expunged Claims") or transferred to Grace-Conn., as indicated in the respective Exhibit.

8.      The rights of each Claimant pursuant to each of its Expunged Claims shall be preserved in the corresponding surviving Claim set forth, as the case may be, in either Exhibit III and Exhibit IV (each, a "Surviving Claim") against Grace-Conn. or such other Debtor as is listed therein; *provided, however,* that the preservation of such Claimant's rights under each such Surviving Claim shall not affect the rights of the Debtors to object to that Surviving Claim to the extent that the Surviving Claim has not already been Allowed by a separate order of this Court.

9.      Each scheduled Intercompany Claim set forth in Exhibit V shall be expunged.

10.     Grace-Conn. shall assume: (a) the benefit of surviving Intercompany Claims listed in Exhibit VI (the "Surviving Intercompany Claims") held against other Debtors by Merging Subsidiaries being eliminated; and (b) the burden of Intercompany Claims against Merging Subsidiaries being eliminated; each of which Surviving Intercompany Claims is listed in Exhibit VI.

11.     The Debtors are authorized, but not required, to merge the non-Debtor Subsidiaries listed on Exhibit VII into Grace-Conn., whether pursuant to the Agreement or otherwise.

12.     The Claims Agent is authorized and directed to take all actions necessary to implement the provisions of this Order.

13.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a), Fed. R. Bankr. P. 3007, Del. Bankr. L. R. 3007-1 and all other applicable local rules of the Court are satisfied by such notice.

14.     The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order, the Agreement, the transactions contemplated thereby, the Expunged Claims, the Surviving Claims, the Expunged Intercompany Claims, the Surviving Intercompany Claims and any other matter related to any of the foregoing.

15.     This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 6004(h), Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2011


_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

4

## EXHIBIT I

**Agreement**

**Exhibit I**

**FORM OF AGREEMENT AND PLAN OF MERGER**

Agreement and Plan of Merger (the "Agreement and Plan") dated as of _____, 2011, between W. R. Grace & Co.-Conn., a Connecticut corporation ("The Surviving Entity"), and the corporations and partnerships each of whose name, identity as corporation or partnership, and jurisdiction of incorporation are listed on **Exhibit A** attached hereto (the "Merging Entities")..

WHEREAS, all of the Surviving Entity and the Merging Entities (collectively, the "Constituent Corporations") are direct or indirect wholly-owned subsidiaries of W. R. Grace & Co., a Delaware corporation"), and all of the Merging Entities are direct or indirect subsidiaries of the Surviving Entity;

WHEREAS, the Board of Directors or partners of each of the Constituent Entities have deemed it desirable, upon the terms and conditions stated herein, that each of the Merging Entities merge with and into the Surviving Entity, with the Surviving Entity being the surviving entity (the "Merger") pursuant to this Agreement and Plan and the applicable provisions of the laws of the jurisdiction of incorporation or formation of each of the Constitutent Entities;

WHEREAS, The terms of this Agreement and Plan have been unanimously approved by the Boards of Directors or partners of each of the Constituent Entities, and have been submitted to and unanimously approved by, the stockholders or shareholders of each of the Constituent Entities that is a corporation, in accordance with the laws of their respective jurisdictions of incorporation or formation; and

WHEREAS, the execution, delivery and performance of this Agreement and Plan by the Constituent Entities which are debtors and debtors-in-possession in *In re*: *W. R. Grace & Co. et al., Debtors*, Chapter 11, Case Nos. 01-1139 et al. (JKF) (Jointly Administered) in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has been approved by order of the Bankruptcy Court dated _____ [Dkt No. _____], [which order has become final and non-appealable].

NOW, THEREFORE, the Constituent Entities hereto mutually covenant and agree as follows:

# ARTICLE I

## The Merger

1.1    The term "Effective Time" is defined in Section 3.3.

1.2    At the Effective Time, the Merging Entities shall be merged with and into the Surviving Entity, which shall be the surviving entity of the Merger.    The corporate existence of the Surviving Entity, with all its purposes, powers and objects, shall continue unaffected and unimpaired by the Merger; and as the Surviving Entity, the Surviving Entity shall be governed by the laws of the State of Connecticut, and succeed to all rights, assets, liabilities and obligations of the Merging Entities as set forth in the laws of the State of Connecticut and in the laws of the respective jurisdictions of incorporation or formation of the Merging Entities.    The separate existence and corporate and partnership organization of each of the Merged Entities shall cease upon the Effective Time and, thereafter, the Surviving Entity shall continue as the surviving entity under the laws of the State of Connecticut.

1.3    At the Effective Time, all the shares of the capital stock or all of the partnership interests of each of the Merging Entities shall, by virtue of the Merger, be cancelled.

1.4    The Merger shall have no effect on the shares of the capital stock of the Surviving Entity.

# ARTICLE II

## Certificate of Incorporation;
## By-laws; Board of Directors

2.1    The Certificate of Incorporation of the Surviving Entity as in effect at the Effective Time shall be the Certificate of Incorporation of the Surviving Entity, until amended in accordance with the provisions thereof and as provided by law.

2.2    The By-laws of the Surviving Entity as in effect at the Effective Time shall be the By-laws of the Surviving Entity, until amended in accordance with the provisions thereof and as provided by law.

2.3    The directors and officers of the Surviving Entity at the Effective Time shall be the directors and officers of the Surviving Entity, until their successors shall have been duly elected and shall qualify or as otherwise provided by law.

## ARTICLE III

### Amendment; Effectiveness of Merger; General

3.1    This Agreement and Plan may not be amended in contravention of any provision of applicable law of the jurisdiction of incorporation or formation of any of the Constituent Entities.

3.2    On such date as is deemed appropriate by the Surviving Entity, there shall be filed with the secretary of state or other appropriate officer and/or office in the jurisdiction of incorporation or formation of each of the Constituent Entities, this Agreement and Plan as executed, or a duly executed certificate of merger or equivalent documents meeting the requirements of each such jurisdiction for filing with respect to the Merger.

3.3    The Merger shall become effective as of the time this Agreement of Merger (or an appropriate certificate of merger), together with all necessary certificates and other documents with respect thereto, are accepted for filing by the Secretary of State of the State of Connecticut, and such time is herein referred to as the "Effective Time."

3.4    The officers or partners of the Constituent Entities shall prepare, execute, deliver and/or file with certificates and other documents and take such other and further actions as may they may deem necessary or advisable to bring about the effectiveness of the Merger.

3.5    This Agreement and Plan may be executed in any number of counterparts.  Each executed counterpart hereof shall be deemed to be an original instrument; but all such counterparts together shall constitute but one agreement and plan of merger.  In connection with any filing or other action for which such execution is not required, copies of this Agreement and Plan may be certified or otherwise delivered without the signatures or signature lines.

IN WITNESS WHEREOF, this Agreement and Plan of Merger has been executed by the Constituent Entities as of the date and year first above written.

**[CERTIFICATION OF SHAREHOLDER APPROVALS, SIGNATURES, ACKNOWLEDGEMENT OF SIGNATURES]**

## <u>EXHIBIT II</u>

## Schedule of Merging Subsidiaries

**EXHIBIT II**

**SCHEDULE OF MERGING SUBSIDIARIES**

| Name | Entity's Intercompany Claims Against Other Grace Entities | | Intercompany Claims Against Entity | | Other Scheduled Claims Against Entity | | Other Filed Claims Against Entity | | Asbestos PD Claims Against Entity | | Asbestos PI Claims Against Entity | | Non-Intercompany Claim Assets | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Qty | Amt. | Qty | Amt. | Qty | Amt. | Qty | Amt. | Qty | Amt. | Qty | Amt. | Descrip. | Value |
| A-1 Bit & Tool Co., Inc. | 0 | $0.00 | 2 | $1,118,993.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Alewife Boston Ltd. | 0 | $0.00 | 1 | $2,143,370.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Alewife Land Corporation | 0 | $0.00 | 2 | $4,793,048.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | Land | $0.00 |
| Amicon, Inc. | 1 | $57,347,491.00 | 0 | $0.00 | 0 | $0.00 | 4 | $38,840.34 | 1 | -- | 3 | -- | None | $0.00 |
| Axial Basin Ranch Company | 0 | $0.00 | 0 | $0.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| CB Biomedical, Inc. | 0 | $0.00 | 1 | $26,718,257.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| CC Partners | 1 | $180,470,668.00 | 1 | $27,783,022.00 | 0 | $0.00 | 4 | $89,492.19 | 1 | -- | 2 | -- | Cash | $127,120.63[3] |
| CCHP, Inc. | 2 | $25,331,315.93 | 1 | $8,155,890.00 | 0 | $0.00 | 5 | $108,948.36 | 1 | -- | 2 | -- | Cash | $0.00 |
| Coalgrace, Inc. | 2 | $5,297,199.00 | 0 | $0.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Coalgrace II, Inc. | 2 | $108,440.00 | 0 | $0.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Creative Food 'N Fun Company | 2 | $23,513,305.00 | 1 | $33,157.00 | 0 | $0.00 | 3 | $3,750,000.00 | 1 | -- | 2 | -- | None | $0.00 |

[1]    Excludes 19,260 ZAI-US and 14,100 Canadian ZAI claims filed per bar dates set in 2008 and 2009.

[2]    Excludes 139,000 Asbestos PI claims filed by numerous counsel in connection with the Asbestos PI bar date.

[3]    As of August 31, 2011.

| Name | Entity's Intercompany Claims Against Other Grace Entities | | Intercompany Claims Against Entity | | Other Scheduled Claims Against Entity | | Other Filed Claims Against Entity | | Asbestos PD Claims Against Entity | | Asbestos PI Claims Against Entity | | Non-Intercompany Claim Assets | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Qty | Amt. | Qty | Amt. | Qty | Amt. | Qty | Amt. | Qty | Amt. | Qty | Amt. | Descrip. | Value |
| Del Taco Restaurants, Inc. | 1 | $7,971,571.00 | 1 | $20,530,824.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Ecarg, Inc. | 0 | $0.00 | 1 | $1,230,583.00 | 0 | $0.00 | 3 | $8,250.00 | 1 | -- | 2 | -- | None | $0.00 |
| Five Alewife Boston Ltd. | 0 | $0.00 | 0 | $0.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| GC Limited Partners I, Inc. | 1 | $890.00 | 0 | $0.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| G C Management, Inc. | 1 | $20,384.00 | 0 | $0.00 | 0 | $0.00 | 2 | -- | 1 | -- | 3 | -- | None | $0.00 |
| GEC Management Corporation | 9 | $728,645,996.00 | 7 | $738,399,871.00 | 0 | $0.00 | 3 | $138,121.15 | 1 | -- | 1 | -- | None | $0.00 |
| GN Holdings, Inc. | 1 | $8,155,890.00 | 1 | $65,973,062.00 | 0 | $0.00 | 2 | -- | 1 | -- | 1 | -- | None | $0.00 |
| GPC Thomasville Corp. | 0 | $0.00 | 0 | $0.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Grace A-B Inc. | 1 | $1,658,494.00 | 1 | $847,895.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Grace A-B II Inc. | 1 | $1,515.653.00 | 1 | $639,984.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Grace Culinary Systems, Inc. | 1 | $1,301,988.00 | 3 | $27,614,443.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Grace Drilling Company | 1 | $19,613.00 | 2 | $81,134,246.00 | 0 | $0.00 | 3 | $11,227.67 | 1 | -- | 2 | -- | Oil & gas lease | de minimis |
| Grace Environ., Inc. | 0 | $0.00 | 1 | $7,288,586.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Grace H-G Inc. | 1 | $122.00 | 1 | $2,509,761.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Grace H-G II Inc. | 1 | $350.00 | 1 | $5,404.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Grace Hotel Services Corporation | 1 | $12,637.00 | 1 | $5,144,752.00 | 0 | $0.00 | 3 | $255.00 | 1 | -- | 2 | -- | None | $0.00 |

| Name | Entity Intercompany Claims Against Other Grace Entities | | Intercompany Claims Against Entity | | Other Scheduled Claims Against Entity | | Other Filed Claims Against Entity | | Asbestos PD Claims Against Entity | | Asbestos PI Claims Against Entity | | Non-Intercompany Claim Assets | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Qty | Amt. | Qty | Amt. | Qty | Amt. | Qty | Amt. | Qty | Amt. | Qty | Amt. | Descrip. | Value |
| Grace Offshore Company | 1 | $4,704,828.00 | 1 | $20,455,492.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Grace Petroleum Libya Incorporated | 1 | $48,873,654.00 | 1 | $1,465,748.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Grace Tarpon Investors, Inc. | 1 | $10,284,719.00 | 0 | $0.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Grace Ventures Corp. | 0 | $0.00 | 1 | $86,611.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Grace Washington, Inc. | 0 | $0.00 | 1 | $8,877,077.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Gracoal, Inc. | 2 | $145,501,916.00 | 0 | $0.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Gracoal II, Inc. | 1 | $132,652,251.00 | 1 | $2,173,833.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Hayden-Gulch West Coal Company | 0 | $0.00 | 0 | $0.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| H-G Coal Company | 0 | $0.00 | 0 | $0.00 | 0 | $0.00 | 2 | -- | 1 | -- | 1 | -- | None | $0.00 |
| Homco International, Inc. | 0 | $0.00 | 2 | $59,581,232.00 | 0 | $0.00 | 4 | $366,292.93 | 1 | -- | 2 | -- | None | $0.00 |
| L B Realty, Inc. | 1 | $140,582,585.00 | 1 | $19,613.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| Litigation Management, Inc. | 4 | $498,912,657.00 | 1 | $440,776,547.00 | 0 | $0.00 | 7 | $66,458.43 | 1 | -- | 4 | -- | None | $0.00 |
| Monolith Enterprises Incorporated | 0 | $0.00 | 2 | $2,417,264.00 | 0 | $0.00 | 2 | -- | 1 | -- | 1 | -- | None | $0.00 |
| Monroe Street, Inc. | 1 | $914,440.00 | 1 | $4,264,964.00 | 0 | $0.00 | 2 | -- | 1 | -- | 1 | -- | None | $0.00 |
| MRA Holdings Corp. | 0 | $0.00 | 0 | $0.00 | 0 | $0.00 | 3 | $196,111.84 | 1 | -- | 1 | -- | None | $0.00 |

3

| Name | Entity Intercompany Claims Against Other Grace Entities | | Intercompany Claims Against Entity | | Other Scheduled Claims Against Entity | | Other Filed Claims Against Entity | | Asbestos PD Claim Against Entity | | Asbestos PI Claim Against Entity | | Non-Intercompany Claim/ Assets | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Qty | Amt. | Qty | Amt. | Qty | Amt. | Qty | Amt. | Qty | Amt. | Qty | Amt. | Descrip. | Value |
| MRA Intermedco, Inc. | 0 | $0.00 | 0 | $0.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| MRA Staffing Systems, Inc. | 0 | $0.00 | 0 | $0.00 | 0 | $0.00 | 5 | $39,229.17 | 1 | -- | 2 | -- | None | $0.00 |
| Southern Oil, Resin & Fiberglass, Inc. | 0 | $0.00 | 0 | $0.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | None | $0.00 |
| W. R. Grace Land Corporation | 2 | $36,709,137.00 | 0 | $0.00 | 0 | $0.00 | 2 | -- | 1 | -- | 2 | -- | Stock | -- |

4

<u>**EXHIBIT III**</u>

**Active Claims Expunged and Corresponding Surviving Claims**

**Exhibit III – Active Claims and Surviving Claims**
**A-1 BIT & TOOL CO.,INC.**

The rights of each claimant pursuant to its respective Expunged Claim shall be preserved in the corresponding Surviving Claim; *provided, however,* that the preservation of each such claimant's rights under its respective Surviving Claim shall not affect the rights of the Debtors to object to any such Surviving Claim to the extent that any such Surviving Claim has not already been Allowed by a separate order of this Court.

| CLAIM TO BE EXPUNGED | | | SURVIVING CLAIM | | |
|---|---|---|---|---|---|
| Creditor Name Address | Case/ Claim Nbr | Amt | Creditor Name Address | Case/ Claim Nbr | Amt |
| CONTINENTAL CASUALTY CO TRANSPORTATION INSURANCE C C/O ELIZABETH DeCRISTOFARO ESQ FORD MARRIN ESPOSITO WITMEYER & GLESER WALL STREET PLAZA 23RD FLOOR NEW YORK, NY 10005 | A-1 BIT & TOOL CO.,INC. 13999 | UNKNOWN | CONTINENTAL CASUALTY CO TRANSPORTATION INSURANCE C C/O ELIZABETH DeCRISTOFARO ESQ FORD MARRIN ESPOSITO WITMEYER & GLESER WALL STREET PLAZA 23RD FLOOR NEW YORK, NY 10005 | W.R. GRACE & CO.-CONN. 13998 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND COVER c/o BERNARD SCHULTE 5 OSPREY CT OCEAN RIDGE, FL 33435 | A-1 BIT & TOOL CO.,INC. 8008 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND COVER c/o BERNARD SCHULTE 5 OSPREY CT OCEAN RIDGE, FL 33435 | W.R. GRACE & CO.-CONN. 7969 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND COVER c/o LAURENCE J KAISER ESQ PILIERO GOLDSTEIN KAISER & MITCHELL LLP 10 E 53RD ST NEW YORK, NY 10022 | A-1 BIT & TOOL CO.,INC. 7822 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND COVER c/o LAURENCE J KAISER ESQ PILIERO GOLDSTEIN KAISER & MITCHELL LLP 10 E 53RD ST NEW YORK, NY 10022 | W.R. GRACE & CO.-CONN. 7783 | UNKNOWN |
| GAF CORP G-I HOLDINGS AND ITS AFFILIATES C/O JOSEPH LUBERTAZZI JR ESQ McCARTER & ENGLISH LLP FOUR GATEWAY CENTER 100 MULBERRY ST NEWARK, NJ 07102 | A-1 BIT & TOOL CO.,INC. 7882 | UNKNOWN | GAF CORP G-I HOLDINGS AND ITS AFFILIATES C/O JOSEPH LUBERTAZZI JR ESQ McCARTER & ENGLISH LLP FOUR GATEWAY CENTER 100 MULBERRY ST NEWARK, NJ 07102 | W.R. GRACE & CO.-CONN. 7844 | UNKNOWN |
| MARYLAND CASUALTY COMPANY ECKERT SEAMANS CHERIN & MELLOTT LLC c/o KAREN L TURNER ESQ 1515 MARKET ST 9TH FL PHILADELPHIA, PA 19102 | A-1 BIT & TOOL CO.,INC. 15377 | UNKNOWN | MARYLAND CASUALTY COMPANY ECKERT SEAMANS CHERIN & MELLOTT LLC c/o KAREN L TURNER ESQ 1515 MARKET ST 9TH FL PHILADELPHIA, PA 19102 | W.R. GRACE & CO.-CONN. 15415 | UNKNOWN |

Total Claims Expunged:     5     Total Dollars Expunged:

### Exhibit III – Active Claims and Surviving Claims
### ALEWIFE BOSTON LTD.

The rights of each claimant pursuant to its respective Expunged Claim shall be preserved in the corresponding Surviving Claim; *provided, however,* that the preservation of each such claimant's rights under its respective Surviving Claim shall not affect the rights of the Debtors to object to any such Surviving Claim to the extent that any such Surviving Claim has not already been Allowed by a separate order of this Court.

| CLAIM TO BE EXPUNGED | | | SURVIVING CLAIM | | |
|---|---|---|---|---|---|
| **Creditor Name**<br>**Address** | **Case/**<br>**Claim Nbr** | **Amt** | **Creditor Name**<br>**Address** | **Case/**<br>**Claim Nbr** | **Amt** |
| CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY 10005 | ALEWIFE BOSTON LTD.<br>14000 | UNKNOWN | CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY 10005 | W.R. GRACE & CO.-CONN.<br>13998 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL 33435 | ALEWIFE BOSTON LTD.<br>8007 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL 33435 | W.R. GRACE & CO.-CONN.<br>7869 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY 10022 | ALEWIFE BOSTON LTD.<br>7821 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY 10022 | W.R. GRACE & CO.-CONN.<br>7783 | UNKNOWN |
| GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ 07102 | ALEWIFE BOSTON LTD.<br>7881 | UNKNOWN | GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ 07102 | W.R. GRACE & CO.-CONN.<br>7844 | UNKNOWN |
| MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA 19102 | ALEWIFE BOSTON LTD.<br>15378 | UNKNOWN | MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA 19102 | W.R. GRACE & CO.-CONN.<br>15415 | UNKNOWN |

Total Claims Expunged:    5    Total Dollars Expunged:

## Exhibit III – Active Claims and Surviving Claims
## ALEWIFE LAND CORPORATION

The rights of each claimant pursuant to its respective Expunged Claim shall be preserved in the corresponding Surviving Claim;  *provided, however,*  that the preservation of each such claimant's rights under its respective Surviving Claim shall not affect the rights of the Debtors to object to any such Surviving Claim to the extent that any such Surviving Claim has not already been Allowed by a separate order of this Court.

| CLAIM TO BE EXPUNGED | | | SURVIVING CLAIM | | |
|---|---|---|---|---|---|
| Creditor Name / Address | Case/ Claim Nbr | Amt | Creditor Name / Address | Case/ Claim Nbr | Amt |
| CONTINENTAL CASUALTY CO TRANSPORTATION INSURANCE C C/O ELIZABETH DeCRISTOFARO ESQ FORD MARRIN ESPOSITO WITMEYER & GLESER WALL STREET PLAZA 23RD FLOOR NEW YORK, NY 10005 | ALEWIFE LAND CORPORATION 14001 | UNKNOWN | CONTINENTAL CASUALTY CO TRANSPORTATION INSURANCE C C/O ELIZABETH DeCRISTOFARO ESQ FORD MARRIN ESPOSITO WITMEYER & GLESER WALL STREET PLAZA 23RD FLOOR NEW YORK, NY 10005 | W.R. GRACE & CO.-CONN. 13998 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND COVER c/o BERNARD SCHULTE 5 OSPREY CT OCEAN RIDGE, FL 33435 | ALEWIFE LAND CORPORATION 8006 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND COVER c/o BERNARD SCHULTE 5 OSPREY CT OCEAN RIDGE, FL 33435 | W.R. GRACE & CO.-CONN. 7969 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND COVER c/o LAURENCE J KAISER ESQ PILIERO GOLDSTEIN KAISER & MITCHELL LLP 10 E 53RD ST NEW YORK, NY 10022 | ALEWIFE LAND CORPORATION 7820 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND COVER c/o LAURENCE J KAISER ESQ PILIERO GOLDSTEIN KAISER & MITCHELL LLP 10 E 53RD ST NEW YORK, NY 10022 | W.R. GRACE & CO.-CONN. 7783 | UNKNOWN |
| GAF CORP G-I HOLDINGS AND ITS AFFILIATES C/O JOSEPH LUBERTAZZI JR ESQ McCARTER & ENGLISH LLP FOUR GATEWAY CENTER 100 MULBERRY ST NEWARK, NJ 07102 | ALEWIFE LAND CORPORATION 7880 | UNKNOWN | GAF CORP G-I HOLDINGS AND ITS AFFILIATES C/O JOSEPH LUBERTAZZI JR ESQ McCARTER & ENGLISH LLP FOUR GATEWAY CENTER 100 MULBERRY ST NEWARK, NJ 07102 | W.R. GRACE & CO.-CONN. 7844 | UNKNOWN |
| MARYLAND CASUALTY COMPANY ECKERT SEAMANS CHERIN & MELLOTT LLC c/o KAREN L TURNER ESQ 1515 MARKET ST 9TH FL PHILADELPHIA, PA 19102 | ALEWIFE LAND CORPORATION 15379 | UNKNOWN | MARYLAND CASUALTY COMPANY ECKERT SEAMANS CHERIN & MELLOTT LLC c/o KAREN L TURNER ESQ 1515 MARKET ST 9TH FL PHILADELPHIA, PA 19102 | W.R. GRACE & CO.-CONN. 15415 | UNKNOWN |

**Total Claims Expunged:**     5     **Total Dollars Expunged:**

## Exhibit III – Active Claims and Surviving Claims
## AMICON, INC.

The rights of each claimant pursuant to its respective Expunged Claim shall be preserved in the corresponding Surviving Claim; *provided, however,* that the preservation of each such claimant's rights under its respective Surviving Claim shall not affect the rights of the Debtors to object to any such Surviving Claim to the extent that any such Surviving Claim has not already been Allowed by a separate order of this Court.

| CLAIM TO BE EXPUNGED | | | SURVIVING CLAIM | | |
|---|---|---|---|---|---|
| Creditor Name<br>Address | Case/<br>Claim Nbr | Amt | Creditor Name<br>Address | Case/<br>Claim Nbr | Amt |
| 3M CO - FKA MINNESOTA MINING AND MANUFACTURING CO<br>C/O ANN MARIE HANRAHAN ESQ<br>OFFICE OF THE GENERAL COUNSEL<br>3M CENTER PO BOX 33428<br>SAINT PAUL, MN  55133-3428 | AMICON, INC.<br>8010 | UNKNOWN | 3M CO - FKA MINNESOTA MINING AND MANUFACTURING CO<br>C/O ANN MARIE HANRAHAN ESQ<br>OFFICE OF THE GENERAL COUNSEL<br>3M CENTER PO BOX 33428<br>SAINT PAUL, MN  55133-3428 | W.R. GRACE & CO.-CONN.<br>8015 | UNKNOWN |
| CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER & GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY  10005 | AMICON, INC.<br>14002 | UNKNOWN | CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER & GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY  10005 | W.R. GRACE & CO.-CONN.<br>13998 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL  33435 | AMICON, INC.<br>8005 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL  33435 | W.R. GRACE & CO.-CONN.<br>7969 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY  10022 | AMICON, INC.<br>7819 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY  10022 | W.R. GRACE & CO.-CONN.<br>7783 | UNKNOWN |
| GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ  07102 | AMICON, INC.<br>7879 | UNKNOWN | GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ  07102 | W.R. GRACE & CO.-CONN.<br>7844 | UNKNOWN |
| MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA  19102 | AMICON, INC.<br>15380 | UNKNOWN | MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA  19102 | W.R. GRACE & CO.-CONN.<br>15415 | UNKNOWN |
| PENNSYLVANIA DEPT OF REVENUE<br>BUREAU OF COMPLIANCE<br>DEPT 280946<br>HARRISBURG, PA  17128-0946 | AMICON, INC.<br>318 | $38,563.92 | PENNSYLVANIA DEPT OF REVENUE<br>BUREAU OF COMPLIANCE<br>DEPT 280946<br>HARRISBURG, PA  17128-0946 | W.R. GRACE & CO.-CONN.<br>318 | $38,563.92 |
| STATE OF GEORGIA<br>DEPT OF REVENUE<br>PO BOX 38143<br>ATLANTA, GA  30334 | AMICON, INC.<br>582 | $276.42 | STATE OF GEORGIA<br>DEPT OF REVENUE<br>PO BOX 38143<br>ATLANTA, GA  30334 | W.R. GRACE & CO.-CONN.<br>582 | $276.42 |

Total Claims Expunged:    8    Total Dollars Expunged:    $38,840.34

## Exhibit III – Active Claims and Surviving Claims
## AXIAL BASIN RANCH COMPANY

The rights of each claimant pursuant to its respective Expunged Claim shall be preserved in the corresponding Surviving Claim; *provided, however,* that the preservation of each such claimant's rights under its respective Surviving Claim shall not affect the rights of the Debtors to object to any such Surviving Claim to the extent that any such Surviving Claim has not already been Allowed by a separate order of this Court.

| CLAIM TO BE EXPUNGED | | | SURVIVING CLAIM | | |
|---|---|---|---|---|---|
| Creditor Name<br>Address | Case/<br>Claim Nbr | Amt | Creditor Name<br>Address | Case/<br>Claim Nbr | Amt |
| CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY 10005 | AXIAL BASIN RANCH COMPANY<br>13978 | UNKNOWN | CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY 10005 | W.R. GRACE & CO.-CONN.<br>13998 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL 33435 | AXIAL BASIN RANCH COMPANY<br>7951 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL 33435 | W.R. GRACE & CO.-CONN.<br>7969 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY 10022 | AXIAL BASIN RANCH COMPANY<br>7765 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY 10022 | W.R. GRACE & CO.-CONN.<br>7783 | UNKNOWN |
| GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ 07102 | AXIAL BASIN RANCH COMPANY<br>7827 | UNKNOWN | GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ 07102 | W.R. GRACE & CO.-CONN.<br>7844 | UNKNOWN |
| MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA 19102 | AXIAL BASIN RANCH COMPANY<br>15433 | UNKNOWN | MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA 19102 | W.R. GRACE & CO.-CONN.<br>15415 | UNKNOWN |

Total Claims Expunged:    5    Total Dollars Expunged:

## Exhibit III – Active Claims and Surviving Claims
## CB BIOMEDICAL, INC.

The rights of each claimant pursuant to its respective Expunged Claim shall be preserved in the corresponding Surviving Claim; *provided, however,* that the preservation of each such claimant's rights under its respective Surviving Claim shall not affect the rights of the Debtors to object to any such Surviving Claim to the extent that any such Surviving Claim has not already been Allowed by a separate order of this Court.

| CLAIM TO BE EXPUNGED | | | SURVIVING CLAIM | | |
|---|---|---|---|---|---|
| Creditor Name<br>Address | Case/<br>Claim Nbr | Amt | Creditor Name<br>Address | Case/<br>Claim Nbr | Amt |
| CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY 10005 | CB BIOMEDICAL, INC.<br>14003 | UNKNOWN | CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY 10005 | W.R. GRACE & CO.-CONN.<br>13998 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL 33435 | CB BIOMEDICAL, INC.<br>8004 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL 33435 | W.R. GRACE & CO.-CONN.<br>7969 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY 10022 | CB BIOMEDICAL, INC.<br>7818 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY 10022 | W.R. GRACE & CO.-CONN.<br>7783 | UNKNOWN |
| GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ 07102 | CB BIOMEDICAL, INC.<br>7878 | UNKNOWN | GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ 07102 | W.R. GRACE & CO.-CONN.<br>7844 | UNKNOWN |
| MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA 19102 | CB BIOMEDICAL, INC.<br>15381 | UNKNOWN | MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA 19102 | W.R. GRACE & CO.-CONN.<br>15415 | UNKNOWN |

Total Claims Expunged: 5    Total Dollars Expunged:

## Exhibit III – Active Claims and Surviving Claims
## CC PARTNERS

The rights of each claimant pursuant to its respective Expunged Claim shall be preserved in the corresponding Surviving Claim; *provided, however,* that the preservation of each such claimant's rights under its respective Surviving Claim shall not affect the rights of the Debtors to object to any such Surviving Claim to the extent that any such Surviving Claim has not already been Allowed by a separate order of this Court.

| CLAIM TO BE EXPUNGED | | | SURVIVING CLAIM | | |
|---|---|---|---|---|---|
| Creditor Name<br>Address | Case/<br>Claim Nbr | Amt | Creditor Name<br>Address | Case/<br>Claim Nbr | Amt |
| CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY 10005 | CC PARTNERS<br>13979 | UNKNOWN | CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY 10005 | W.R. GRACE & CO.-CONN.<br>13998 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL 33435 | CC PARTNERS<br>7950 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL 33435 | W.R. GRACE & CO.-CONN.<br>7969 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY 10022 | CC PARTNERS<br>7764 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY 10022 | W.R. GRACE & CO.-CONN.<br>7783 | UNKNOWN |
| GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ 07102 | CC PARTNERS<br>7826 | UNKNOWN | GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ 07102 | W.R. GRACE & CO.-CONN.<br>7844 | UNKNOWN |
| MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA 19102 | CC PARTNERS<br>15434 | UNKNOWN | MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA 19102 | W.R. GRACE & CO.-CONN.<br>15415 | UNKNOWN |
| NEW JERSEY DIV OF EMPLOYER ACCTS<br>STATE OF NEW JERSEY<br>PO BOX 077<br>TRENTON, NJ 08625-0077 | CC PARTNERS<br>144 | $89,429.30 | NEW JERSEY DIV OF EMPLOYER ACCTS<br>STATE OF NEW JERSEY<br>PO BOX 077<br>TRENTON, NJ 08625-0077 | W.R. GRACE & CO.-CONN.<br>144 | $89,429.30 |
| WASHINGTON GAS<br>CUSTOMER CREDIT DEPT<br>1100 H ST NW 2ND FL<br>WASHINGTON, DC 20080 | CC PARTNERS<br>348 | $62.89 | WASHINGTON GAS<br>CUSTOMER CREDIT DEPT<br>1100 H ST NW 2ND FL<br>WASHINGTON, DC 20080 | W.R. GRACE & CO.-CONN.<br>348 | $62.89 |

| | | | |
|---|---|---|---|
| Total Claims Expunged: | 7 | Total Dollars Expunged: | $89,492.19 |

### Exhibit III – Active Claims and Surviving Claims
### CCHP, INC.

The rights of each claimant pursuant to its respective Expunged Claim shall be preserved in the corresponding Surviving Claim;  *provided, however,*  that the preservation of each such claimant's rights under its respective Surviving Claim shall not affect the rights of the Debtors to object to any such Surviving Claim to the extent that any such Surviving Claim has not already been Allowed by a separate order of this Court.

| CLAIM TO BE EXPUNGED | | | SURVIVING CLAIM | | |
|---|---|---|---|---|---|
| Creditor Name<br>Address | Case/<br>Claim Nbr | Amt | Creditor Name<br>Address | Case/<br>Claim Nbr | Amt |
| CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY  10005 | CCHP, INC.<br>14004 | UNKNOWN | CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY  10005 | W.R. GRACE & CO.-CONN.<br>13998 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL  33435 | CCHP, INC.<br>8003 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL  33435 | W.R. GRACE & CO.-CONN.<br>7969 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY  10022 | CCHP, INC.<br>7817 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY  10022 | W.R. GRACE & CO.-CONN.<br>7783 | UNKNOWN |
| GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ  07102 | CCHP, INC.<br>7877 | UNKNOWN | GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ  07102 | W.R. GRACE & CO.-CONN.<br>7844 | UNKNOWN |
| LOUISIANA DEPT OF REVENUE<br>PO BOX 66658<br>BATON ROUGE, LA  70896 | CCHP, INC.<br>72 | $570.71 | LOUISIANA DEPT OF REVENUE<br>PO BOX 66658<br>BATON ROUGE, LA  70896 | W.R. GRACE & CO.-CONN.<br>72 | $570.71 |
| MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA  19102 | CCHP, INC.<br>15382 | UNKNOWN | MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA  19102 | W.R. GRACE & CO.-CONN.<br>15415 | UNKNOWN |
| NEW YORK STATE DEPT OF TAXATION &<br>FINANCE<br>BANKRUPTCY SECTION<br>PO BOX 5300<br>ALBANY, NY  12205-0300 | CCHP, INC.<br>15316 | $11,637.40 | NEW YORK STATE DEPT OF TAXATION &<br>FINANCE<br>BANKRUPTCY SECTION<br>PO BOX 5300<br>ALBANY, NY  12205-0300 | W.R. GRACE & CO.-CONN.<br>15316 | $11,637.40 |
| PENNSYLVANIA DEPT OF REVENUE<br>BUREAU OF COMPLIANCE<br>DEPT 280946<br>HARRISBURG, PA  17128-0946 | CCHP, INC.<br>155 | $96,740.25 | PENNSYLVANIA DEPT OF REVENUE<br>BUREAU OF COMPLIANCE<br>DEPT 280946<br>HARRISBURG, PA  17128-0946 | W.R. GRACE & CO.-CONN.<br>155 | $96,740.25 |

Total Claims Expunged:     8     Total Dollars Expunged:          $108,948.36

## Exhibit III – Active Claims and Surviving Claims
## COALGRACE II, INC.

The rights of each claimant pursuant to its respective Expunged Claim shall be preserved in the corresponding Surviving Claim; *provided, however,* that the preservation of each such claimant's rights under its respective Surviving Claim shall not affect the rights of the Debtors to object to any such Surviving Claim to the extent that any such Surviving Claim has not already been Allowed by a separate order of this Court.

| CLAIM TO BE EXPUNGED | | | SURVIVING CLAIM | | |
|---|---|---|---|---|---|
| Creditor Name<br>Address | Case/<br>Claim Nbr | Amt | Creditor Name<br>Address | Case/<br>Claim Nbr | Amt |
| CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY 10005 | COALGRACE II, INC.<br>14006 | UNKNOWN | CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY 10005 | W.R. GRACE & CO.-CONN.<br>13998 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL 33435 | COALGRACE II, INC.<br>8001 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL 33435 | W.R. GRACE & CO.-CONN.<br>7969 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY 10022 | COALGRACE II, INC.<br>7815 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY 10022 | W.R. GRACE & CO.-CONN.<br>7783 | UNKNOWN |
| GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ 07102 | COALGRACE II, INC.<br>7875 | UNKNOWN | GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ 07102 | W.R. GRACE & CO.-CONN.<br>7844 | UNKNOWN |
| MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA 19102 | COALGRACE II, INC.<br>15384 | UNKNOWN | MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA 19102 | W.R. GRACE & CO.-CONN.<br>15415 | UNKNOWN |

Total Claims Expunged:        5        Total Dollars Expunged:

### Exhibit III – Active Claims and Surviving Claims
### COALGRACE, INC.

The rights of each claimant pursuant to its respective Expunged Claim shall be preserved in the corresponding Surviving Claim; *provided, however,* that the preservation of each such claimant's rights under its respective Surviving Claim shall not affect the rights of the Debtors to object to any such Surviving Claim to the extent that any such Surviving Claim has not already been Allowed by a separate order of this Court.

| CLAIM TO BE EXPUNGED | | | SURVIVING CLAIM | | |
|---|---|---|---|---|---|
| Creditor Name<br>Address | Case/<br>Claim Nbr | Amt | Creditor Name<br>Address | Case/<br>Claim Nbr | Amt |
| CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY 10005 | COALGRACE, INC.<br>14005 | UNKNOWN | CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY 10005 | W.R. GRACE & CO.-CONN.<br>13998 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL 33435 | COALGRACE, INC.<br>8002 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL 33435 | W.R. GRACE & CO.-CONN.<br>7969 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY 10022 | COALGRACE, INC.<br>7816 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY 10022 | W.R. GRACE & CO.-CONN.<br>7783 | UNKNOWN |
| GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ 07102 | COALGRACE, INC.<br>7876 | UNKNOWN | GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ 07102 | W.R. GRACE & CO.-CONN.<br>7844 | UNKNOWN |
| MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA 19102 | COALGRACE, INC.<br>15383 | UNKNOWN | MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA 19102 | W.R. GRACE & CO.-CONN.<br>15415 | UNKNOWN |

Total Claims Expunged:     5     Total Dollars Expunged:

## Exhibit III – Active Claims and Surviving Claims
## CREATIVE FOOD 'N FUN COMPANY

The rights of each claimant pursuant to its respective Expunged Claim shall be preserved in the corresponding Surviving Claim; *provided, however,* that the preservation of each such claimant's rights under its respective Surviving Claim shall not affect the rights of the Debtors to object to any such Surviving Claim to the extent that any such Surviving Claim has not already been Allowed by a separate order of this Court.

| CLAIM TO BE EXPUNGED | | | SURVIVING CLAIM | | |
|---|---|---|---|---|---|
| **Creditor Name**<br>**Address** | **Case/**<br>**Claim Nbr** | **Amt** | **Creditor Name**<br>**Address** | **Case/**<br>**Claim Nbr** | **Amt** |
| CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY  10005 | CREATIVE FOOD 'N FUN<br>COMPANY<br>14007 | UNKNOWN | CONTINENTAL CASUALTY CO<br>TRANSPORTATION INSURANCE C<br>C/O ELIZABETH DeCRISTOFARO ESQ<br>FORD MARRIN ESPOSITO WITMEYER &<br>GLESER<br>WALL STREET PLAZA 23RD FLOOR<br>NEW YORK, NY  10005 | W.R. GRACE & CO.-CONN.<br>13998 | UNKNOWN |
| DEL TACO INC<br>c/o RICHARD W ESTERKIN<br>MORGAN LEWIS & BOCKIUS LLP<br>300 S GRAND AVE STE 2200<br>LOS ANGELES, CA  90071-3132 | CREATIVE FOOD 'N FUN<br>COMPANY<br>14648 | $3,750,000.00 | ARGO PARTNERS<br>Transferor: DEL TACO INC<br>12 WEST 37TH ST<br>9TH FLOOR<br>NEW YORK, NY  10018 | W.R. GRACE & CO.-CONN.<br>13964 | $3,750,000.00 |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL  33435 | CREATIVE FOOD 'N FUN<br>COMPANY<br>8000 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o BERNARD SCHULTE<br>5 OSPREY CT<br>OCEAN RIDGE, FL  33435 | W.R. GRACE & CO.-CONN.<br>7969 | UNKNOWN |
| ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY  10022 | CREATIVE FOOD 'N FUN<br>COMPANY<br>7814 | UNKNOWN | ELIGIBLE PERSONS AS DEFINED ON AND<br>COVER<br>c/o LAURENCE J KAISER ESQ<br>PILIERO GOLDSTEIN KAISER & MITCHELL LLP<br>10 E 53RD ST<br>NEW YORK, NY  10022 | W.R. GRACE & CO.-CONN.<br>7783 | UNKNOWN |
| GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ  07102 | CREATIVE FOOD 'N FUN<br>COMPANY<br>7874 | UNKNOWN | GAF CORP G-I HOLDINGS AND ITS AFFILIATES<br>C/O JOSEPH LUBERTAZZI JR ESQ<br>McCARTER & ENGLISH LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY ST<br>NEWARK, NJ  07102 | W.R. GRACE & CO.-CONN.<br>7844 | UNKNOWN |
| MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA  19102 | CREATIVE FOOD 'N FUN<br>COMPANY<br>15385 | UNKNOWN | MARYLAND CASUALTY COMPANY<br>ECKERT SEAMANS CHERIN & MELLOTT LLC<br>c/o KAREN L TURNER ESQ<br>1515 MARKET ST 9TH FL<br>PHILADELPHIA, PA  19102 | W.R. GRACE & CO.-CONN.<br>15415 | UNKNOWN |

**Total Claims Expunged:** 6    **Total Dollars Expunged:**    $3,750,000.00