UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 01-01139 (JKF) |
| W.R. Grace & Co., *et al.*,[1] | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) | Hearing Date: December 19, 2011 |
|  | ) | Objections Due: December 2, 2011 |
|  | ) |  |

## DEBTORS APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BAKER & MCKENZIE AS SPECIAL COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO NOVEMBER 1, 2011

The above-captioned debtors and debtors in possession (the "Debtors") hereby apply (this "Application") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to modify its retention and employment of the law firm of Baker & McKenzie (including its member firms, "Baker"), as special counsel for the Debtors, *nunc pro tunc* to November 1, 2011. Baker previously was employed by the Debtors as an ordinary course professional in these chapter 11 cases; however, the Debtors now require

---

[1] The Debtors are: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

additional services from Baker, the cost of which will exceed the limits established for ordinary course professionals. Thus, the Debtors hereby seek to modify the previous retention and employment of Baker to that of special counsel to the Debtors pursuant to 11 U.S.C. § 327(e). In support of this Application, the Debtors submit the Affidavit of Marc R. Paul, a partner at Baker, which is attached hereto as Exhibit B (the "Paul Affidavit"). In further support of this Application, the Debtors respectfully state as follows:

### JURISDICTION & PREDICATES FOR RELIEF

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. The predicates for the relief requested herein are sections 327(e) and 330 of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

### BACKGROUND

**A.   Services To Be Provided By Baker**

3. At this time, Baker represents the Debtors on a number of matters and has been retained and compensated by the Debtors pursuant to this Court's *Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business*, dated May 3, 2001 (the "OCP Order").

4. Subject to further order of the Court, the Debtors anticipate that Baker will continue to represent the Debtors in connection with the matters on which it has been retained under the OCP Order, in addition to representing the Debtors in connection with possible

transactions involving the disposition of certain of the Debtors' assets and businesses (the "New Matter"). In sum, the Debtors have sought to retain Baker to represent and advise the Debtors in connection with the following (the "Representative Matters"):

 a. certain proposed sales and purchases of assets in the U.S. and non-U.S. jurisdictions, including drafting documents, effectuating due diligence, participating in negotiations and providing other services in support of possible transactions;

 b. antitrust and competition law compliance, strategy and filings in the U.S. and foreign jurisdictions;

 c. advice regarding certain aspects of the Debtors' non-US subsidiaries, including advice relating to corporate formalities and commercial arrangements; and

 d. certain tax matters in the U.S. and in non-U.S. jurisdictions.

 5. Baker will submit applications for approval of all compensation due to Baker from the Representative Matters, from November 1, 2011 forward, under the Revised Compensation Procedures set forth in the *Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing revised Procedures for Interim Compensation And Reimbursement of Expenses for Professionals And Official Committee Members*, dated April 17, 2002.

**B. Baker's Qualifications**

 6. The Debtors believe that Baker is particularly well suited to serve as the Debtors' special counsel. Baker is one of the world's largest law firms with approximately 4,000 attorneys in 72 offices in 42 countries. Baker's knowledge, resources and international reach permit it to deliver high quality legal services throughout the world with fluency, consistency, confidence and sensitivity for cultural, social and legal practice differences outside of the U.S. Baker has extensive expertise in virtually all aspects of the law that may arise in the Representative Matters.

7.  Baker has previously represented the Debtors and certain of their affiliates and subsidiaries. As a result of its previous engagements with the Debtors, Baker has considerable knowledge concerning the Debtors' businesses and assets and has the requisite familiarity to provide efficient services related to any potential transactions and other matters that will require Baker's services. Were the Debtors required to retain different counsel regarding the matters in which Baker currently represents them, the Debtors would have to expend significant resources in helping new counsel become familiar with such matters.

8.  Because of Baker's experience coordinating with teams of specialized professionals, it will not duplicate the services that other firms may provide to the Debtors. Baker and such firms have and will continue to function cohesively to ensure that legal services provided to the Debtors by each firm are not duplicative. While certain aspects of Baker's representation will necessarily involve both Baker and the Debtors' restructuring counsel, the Debtors believe, and will require, that the services provided by Baker be complementary rather than duplicative of the services to be performed by such restructuring counsel. Baker will not serve as restructuring counsel to the Debtors.

C.  **Terms of Retention & Compensation**

9.  Subject to the Court's approval, and in accordance with section 330(a) of the Bankruptcy Code, Baker intends to charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered (and seek reimbursement of actual and necessary out-of-pocket expenses). Baker will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

10. Effective June 30, 2011, the hourly rates charged by Baker (in the U.S.) for each of the above referenced services to be provided on an hourly basis are:

| Billing Category | Range |
| --- | --- |
| US Partners | $500-1,000 per hour |
| US Of Counsel | $400-850 per hour |
| US Associates | $295-600 per hour |
| US Trainees/Paralegals | $100-275 per hour |

11. The hourly rates set forth above are Baker's standard rates charged to clients, and the specific compensation arrangement provided for in their engagement letter is consistent with and typical of arrangements entered into by Baker and other comparable law firms with respect to rendering similar services of this nature for clients such as the Debtors.

12. Baker's current hourly rates for associates and partners outside of the United States, depending on the jurisdiction, vary from $200 to $1200. These rates are consistent with hourly rates charged by professionals for similar services in the jurisdictions in which the services are provided. U.S. dollar values assigned to billing rates for attorneys outside of the U.S. may fluctuate based upon applicable exchange rates.

13. With respect to the New Matter, Baker has agreed to provide the Debtors a fifteen percent (15%) discount on its standard hourly rates.

14. These applicable hourly rates as may be agreed to by the Debtors and Baker are subject to periodic adjustments to reflect economic and other conditions. The rates set forth above are at a level designed to compensate Baker fairly for the work of its attorneys and legal assistants and to cover fixed and routine overhead expenses.

15. It is Baker's policy to charge its clients in all areas of service for all other expenses incurred in connection with the client's account. The expenses charged to clients include, among other things, telephone, toll and other charges, mail and express mail charges,

special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals," computerized research, couriers, postage, and non ordinary overhead expenses such as overtime for secretaries and other staff. Baker will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Baker's other clients.

**D.     Baker's Lack of Adverse Interests**

16.     To the best of the Debtors' knowledge, information and belief, and as supported by the Paul Affidavit, Baker has no other connection with the Debtors, their creditors, the United States Trustee, or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth in the Paul Affidavit, and does not represent or hold any interest adverse to the Debtors or their estates with respect to the Representative Matters.

17.     The Debtors have been advised that Baker submitted and checked against its computer conflict database of present and former clients and adverse parties an extensive list of parties-in-interest and other persons and entities related to the Debtors and these chapter 11 cases. As set forth in the Paul Affidavit, this inquiry revealed that:

   a.     Baker attorneys currently represent, on matters unrelated to the Representative Matters, a party that may be adverse to the Debtors with respect to the Representative Matters. Specifically, Baker represents affiliates of Akzo Nobel regarding corporate transactional, merger and acquisition, regulatory and commercial matters in various non-U.S. countries, none of which have any connection to the Debtors. In an abundance of caution, Baker and the Debtors have sought waivers from Akzo Nobel regarding Baker's representation of the Debtors and expect that such waivers will be obtained in advance of the hearing on this Application.

b.  Baker attorneys currently represent, on matters unrelated to the Representative Matters, a party that may be adverse to the Debtors on matters unrelated to the Representative Matters. Specifically, Baker advises affiliates of Sealed Air Corporation regarding various commercial matters in Australia, none of which have any material connection to the Debtors.

c.  Baker currently represents or has relationships with certain other parties in interest (the "Potentially Interested Parties") or their affiliates arising from matters unrelated to these chapter 11 cases and/or the Representative Matters, or otherwise not materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders thereof. A list of these Potentially Interested Parties is set forth on Exhibit 1 to the Paul Affidavit.

18. Based on the Paul Affidavit and the waivers to be obtained from Akzo Nobel, the Debtors do not believe that Baker's connection to the entities identified herein and in the Paul Affidavit constitute a representation of interests adverse to the estates with respect to the matters for which the Debtors wish to retain Baker as special counsel, and submit that their employment of Baker is in the best interests of their estates.

### RELIEF REQUESTED

19. By this Application, the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A: pursuant to Bankruptcy Code sections 327(e) and 330, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing them to employ and retain Baker as special counsel in connection with the New Matters consistent with the terms of that certain engagement letter dated as of November 9, 2011 and pursuant to existing agreements relating to the remaining Representative Matters (the "Engagement Letters").

## BASIS FOR RELIEF

20. Bankruptcy Code section 327(e) provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

21. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

22. Local Rule 2014-1 states:

> Any entity seeking approval of employment of a professional person ... shall file with the Court a motion, a supporting affidavit or verified statement of the professional person and a proposed order for approval. Promptly after learning of any additional material information relating to such employment (such as potential or actual conflicts of interest), the professional employed or to be employed shall file and serve a supplemental affidavit setting forth the additional information.

23. Based on the foregoing, the Debtors submit that they have satisfied the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules to support entry of an order authorizing the Debtors to employ and retain Baker as co-counsel in these chapter 11 cases.

## NOTICE

24. Notice of this Application has been given to the following parties: (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each

of the official committees appointed in these chapter 11 cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Bankruptcy Rule 2002; and (vii) Warren H. Smith & Associates, P.C., in its capacity as the fee auditor retained in these chapter 11 cases. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit A,: pursuant to Bankruptcy Code sections 327(e) and 330, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing them to employ and retain Baker as special counsel in connection with the Representative Matters consistent with the terms of the Engagement Letters.

**[signature page to follow]**

Dated: November 14, 2011

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

_/s/ Laura Davis Jones_

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession