# EXHIBIT A

DOCS_DE:137773.1 00001-002

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 01-01139 (JKF) |
| W.R. Grace & Co., *et al.*,[1] ) | (Jointly Administered) |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |

**ORDER GRANTING APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BAKER & MCKENZIE AS SPECIAL COUNSEL FOR THE DEBTORS NUNC PRO TUNC TO NOVEMBER 1, 2011**

Upon consideration of the *Application for Order Authorizing the employment and retention of Baker & McKenzie as Special Counsel for the Debtors Nunc Pro Tunc to November 1, 2011* (the "Application")[2] seeking authorization for the Debtors to retain Baker & McKenzie as special counsel to the Debtors in connection with their chapter 11 cases *nunc pro tunc* to November 1, 2011, pursuant to sections 327 and 330 of the Bankruptcy Code, Bankruptcy Rule

---

[1] The Debtors are: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Application.

CHIDMS//2957611

2014(a) and 2016 and Local rule 2014-1 and 2016-1; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having reviewed the Application and the affidavit of Marc R. Paul in support of the Application; the Court being satisfied based on the representations made in the Application and Paul Affidavit that Baker does not hold or represent an interest adverse to the Debtors' estates on the Representative Matters as required by Bankruptcy Code section 327(e); and it appearing that notice of this Application and opportunity for a hearing on this Application was appropriate under the particular circumstances and that no other or further notice need be given; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors, it is hereby ORDERED that:

1. The Application is granted in its entirety.

2. The Debtors are authorized to employ and retain Baker *nunc pro tunc* to November 1, 2011, as their Bankruptcy Code section 327(e) special in accordance with the terms and conditions set forth in the Application and in the engagement letter between Baker and the Debtors.

3. Baker is authorized to render professional services to the Debtors as described in the Application and the Engagement Letter that may include, but shall not be limited to, the following services:

    a. certain sales and purchases of assets in the U.S. and Non-U.S. jurisdictions, including drafting documents, effectuating due diligence, participating in negotiations and providing other services in support of possible transactions;

  b. antitrust and competition law compliance, strategy and filings in the U.S. and foreign jurisdictions;

  c. advice regarding certain aspects of the Debtors' non-US subsidiaries, including advice relating to corporate formalities and commercial arrangements; and

  d. certain tax matters in the U.S. and in non-U.S. jurisdictions

 4. Baker shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

 5. The Debtors and Baker are authorized to take all actions that may be necessary to undertake the employment of Baker as special counsel to the Debtors.

 6. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the employment of Baker as special counsel to the Debtors.

 7. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 6004(h) or otherwise.

Dated: _____, 2011

              _____
              Honorable Judith K. Fitzgerald
              United States Bankruptcy Judge