## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Hearing Date: December 19, 2011, at 9:00 a.m.** |
| | ) **Objection Deadline: December 2, 2011 at 4:00 p.m.** |

### APPLICATION OF THE DEBTORS TO AMEND THE ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS LLP AS AUDITORS AND TAX CONSULTANTS TO THE DEBTORS AND DEBTORS IN POSSESSION BY PROVISION OF A WAIVER UNDER RULE 2016-(2)(G) OF THE LOCAL RULES OF BANKRUPTCY PRACTICE AND PROCEDURE OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

### INTRODUCTION

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this application (this "Application") requesting the Court enter an order, substantially in the form

attached hereto as Exhibit A (the "Order") amending the order authorizing the employment and

retention of PricewaterhouseCoopers LLP ("PwC") as independent accountants and auditors to

the Debtors by waiving the requirement that PwC bill activities in tenth of an hour (six (6)

---

[1]       The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

minute) units and authorizing PwC to record and submit a summary time report kept in one hour

increments in its fee applications, thereby resulting in substantial savings to the Debtors' estates.

In support of this Application, the Debtors respectfully state as follows:

## JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this

Court under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief sought in this Application are sections

327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-2 of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules").

## BACKGROUND

3.    On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11

Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and,

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate

their businesses and manage their properties as debtors in possession.

4.    On January 10, 2002, the Debtors filed their *Application for the Entry of an Order*

*(i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the*

*Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and*

*Auditors to the Debtors and Debtors in Possession* [Docket No. 1488] for an order (i) approving

the payment of professional fees and expenses pursuant to section 503(b) of the Bankruptcy

Code and (ii) authorizing the employment and retention of PwC in the ordinary course of

2

business, as independent accountants and auditors of the Debtors ("Original Application"). Attached hereto as Exhibit B is a copy of the Original Application.

5.      On April 15, 2002, the Debtors filed an amended application for an order pursuant to sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002 authorizing the employment and retention of PwC as auditors and tax consultants to the Debtors *nunc pro tunc* to 60 days prior to November 11, 2002 ("Amended Application") [Docket No. 1934]. Attached hereto as Exhibit C is a copy of the Amended Application.

6.      On April 17, 2002, the Court entered the *Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members* ("Amended Administrative Order") [Docket No. 1949]. Attached hereto as Exhibit D is a copy of the Amended Administrative Order. To comply with the Amended Administrative Order, PwC instituted a timekeeping record system for all professionals and paraprofessionals recording time in tenths of an hour, and describing in detail tasks performed and the time attributable to each task. PwC did so despite the fact that PwC does not perform any restructuring-related work in these Chapter 11 Cases.

7.      On June 18, 2002, this Court entered the *Order Pursuant to 11 U.S.C. §§ 327(A) and 328 and Fed. R. Bankr. P. 2014(A), 2016 and 5002 Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Auditors and Tax Consultants to the Debtors and Debtors in Possession Nunc Pro Tunc to November 11, 2002* [Docket No. 2245], attached hereto as Exhibit E (the "Retention Order"). The Retention Order authorized the employment and retention of PwC as independent accountants and auditors to the Debtors under sections 327 and 328 of the Bankruptcy Code.

8.    Since the Petition Date and following the entry of the Retention Order, PwC has performed the following services, all non-restructuring in nature and unrelated to the administration of these Chapter 11 Cases:

a)    Continued audit work for the annual financial statement audit;

b)    Preparation for and participation in the Debtors' audit committee meeting;

c)    Continued audit work with respect to internal controls required under section 404 of the Sarbanes-Oxley Act; and

d)    General accounting services and support to the Debtors from time to time and on an as needed basis.

9.    PwC has filed one hundred and eight Monthly Fee Applications and one hundred and seven of those applications ("Monthly Fee Applications") have been granted by the Court. PwC's one hundred and eighth Monthly Fee Application has not yet been considered by the Court.

10.    On January 31, 2011 the Debtors' Plan of Reorganization was confirmed [Docket No. 26155].

## RELIEF REQUESTED

11.    The Debtors request that the Court waive, pursuant to Local Rule 2016-2(g), the requirement that PwC maintain contemporaneous time records in one-tenth hour increments pursuant to Local Rule 2016-(2)(d)(iv) and the Amended Administration Order (together, the "Six Minute Increments Requirement").

## BASIS FOR RELIEF REQUESTED

12.    PwC's continued compliance with the Six Minute Increments Requirement is an additional expense for the Debtors.  It is not the general practice of PwC to keep detailed time records similar to those customarily kept by restructuring attorneys so as to comply with the Six

4

Minute Increments Requirement. To comply with the Six Minute Increments Requirement, PwC has had to institute a special timekeeping record system for all professionals and paraprofessionals recording time concerning the Chapter 11 Cases in order to comply with the Amended Administration Order.

13.     The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has no objection to the waiver of PwC's compliance with the Six Minute Increments Requirement subject to PwC including the following in its Monthly Fee Applications:

a)      PwC will include a summary of the professionals who billed time to the Debtors during the relevant fee period, and the time billed by each professional, in one hour increments, substantially in the form of Exhibit F attached hereto.

b)      PwC will include a more detailed narrative description of its services in each Monthly Fee Application.

14.     The Debtors submit that the relief requested is in the best interests of their estates, their creditors and stakeholders, because allowing PwC to streamline its time entry requirements will reduce costs incurred by the Debtors and thus their estates, and allow PwC to focus its resources on its professional activities. PwC's time entries will still be sufficiently detailed for the Debtors, the U.S. Trustee and the fee examiner appointed in these chapter 11 cases to monitor PwC's activities and the reasonableness of their fees. The requested waiver is especially appropriate given that PwC's work is non-restructuring in nature and unrelated to the administration of these Chapter 11 Cases, and the fact that the Debtors are now in a post-confirmation environment. For the foregoing reasons, the Debtors respectfully request that the relief sought in this Application be granted.

## NO PREVIOUS APPLICATION

15.    No previous Application for the relief sought herein has been made to this or any other court.

## NO BRIEFING SCHEDULE

16.    The Debtors respectfully submit that this Application does not present any novel issues of law requiring briefing.  Therefore, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local District Court Rules"), incorporated by reference in Del. Bankr. L.R. 1001-1(b), the Debtors respectfully request that the Court set aside the briefing schedule set forth in Rule 7.1.2(a) of the Local District Rules.

## NOTICE

17.    Notice of this Application has been given to:  (i) the office of the U.S. Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) counsel for PwC.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (a) granting the relief requested herein and (b) granting such other and further relief as the Court deems appropriate.

Dated:  November 14, 2011

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession