**EXHIBIT C**

**Amended Application**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

Objection Deadline: May 3, 2002
Hearing Date: May 20, 2002 at 10:00 a.m.

**AMENDED APPLICATION OF THE DEBTORS FOR ENTRY OF
AN ORDER PURSUANT TO 11 U.S.C. §§ 327(A) AND 328 AND
FED. R. BANKR. P. 2014(A), 2016 AND 5002 AUTHORIZING THE EMPLOYMENT
AND RETENTION OF PRICEWATERHOUSECOOPERS LLP
AS AUDITORS AND TAX CONSULTANTS TO THE DEBTORS
AND DEBTORS IN POSSESSION NUNC PRO TUNC TO NOVEMBER 11, 2001**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this amended application (the "Amended Application") for an order pursuant to sections 327(a) and 328 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Fed. R. Bankr. P. 2014(a), 2016 and 5002 authorizing the employment and retention of PricewaterhouseCoopers LLP ("PwC") as auditors and tax consultants to the Debtors nunc pro tunc to 60 days prior to the date of the Original Application Date (as

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:44842.1

hereinafter defined), November, 11, 2001.  In support of this Amended Application, the Debtors

state as follows:[2]

### Jurisdiction

1. The Court has jurisdiction over this Amended Application pursuant to
28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C.
§ 157(b)(2)(A) and (O).  Venue of this proceeding and this Amended Application is proper in
this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought
herein is section 327(a) of the Bankruptcy Code and Fed. R. Bank. P. 2014(a).

### Background

2. On April 2, 2001 (the "Petition Date"), each of the Debtors in these
Chapter 11 Cases filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code
(collectively, the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for
administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy
Code, the Debtors continue to operate their businesses and manage their properties as debtors in
possession.

3. On January 10, 2002 (the "Original Application Date"), Debtors submitted
an application for the entry of an order (i) approving the payment of professional fees and
expenses pursuant to section 503(b) of the Bankruptcy Code and (ii) authorizing the employment
and retention of PwC in the ordinary course of business, as independent accountants and auditors
to the Debtors. The Debtors sought this relief, as opposed to an order authorizing retention under
section 327 of the Bankruptcy Code, because of a potential conflict of interest relating to the

---

[2] The facts and circumstances supporting this Motion are set forth in the Affidavit of David B. Siegel, Senior
Vice President and General Counsel of W. R. Grace & Co., in Support of First Day Motions, filed on the Petition
Date.

liquidation of one of the Debtors' foreign subsidiaries. Specifically, by way of an agreement dated February 9, 1998, W.R. Grace & Co. -Conn. ("Grace-Conn.") agreed, among other things, to indemnify Colin Graham Bird and Anthony Victor Lomas (both partners in PwC) against claims brought against them in connection with the voluntary liquidation of Chasmbridge Limited (the "Chasmbridge Liquidation"), a United Kingdom subsidiary of Grace-Conn. The United States Trusee (the "Trustee") filed its objection to the Debtors' application on January 30, 2002.

4.      Negotiations between PwC and the Debtors had been ongoing to resolve this potential conflict. Recently, PwC agreed to waive any and all claims for indemnity against the Debtors related to the Chasmbridge Liquidation. Therefore, Debtors now seek to retain PwC as auditors and tax consultants under sections 327 and 328 of the Bankruptcy Code and to withdraw without prejudice their request to retain PwC as Ordinary Course Professionals. The Debtors believe this Amended Application should resolve the Trustee's concerns about retaining PwC on a going forward basis in their Chapter 11 Cases.

### Relief Requested

5.      By this Amended Application, the Debtors seek to employ and retain PwC pursuant to section 327 and 328 of the Bankruptcy Code during the Chapter 11 Cases, as more fully described below.

6.      The Debtors' management believes that PwC is well qualified to act on their behalf, given their extensive knowledge and expertise in audit services as well as their familiarity with the Debtors' operations.

7.      Such auditing services are necessary to enable the Debtors to maximize the value of their estates and to reorganize successfully. PwC has indicated a willingness to act on behalf of the Debtors and to subject itself to the jurisdiction and supervision of the Court.

91100-001\DOCS_DE:44842.1                          3

## PwC's Disinterestedness

8.     To the best of the Debtors' knowledge, and as disclosed herein on the affidavit of W. Larry Farmer, a partner in PwC, attached hereto as Exhibit A (the "Farmer Affidavit"), (a) PwC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and referenced by section 328(c) of the Bankruptcy Code, and holds no interest adverse to the Debtors or their estates for the matters for which PwC is to be employed and (b) PwC has no connection to the Debtors, their creditors or their related parties herein except as disclosed in the Farmer Affidavit.

9.     PwC will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new facts or relationships are discovered, PwC will supplement its disclosure to the Court.

### Scope of Services

10.     PwC will provide such auditing services as PwC and the Debtors shall deem appropriate and feasible in order to assist the Debtors in the course of the Chapter 11 Cases, including but not limited to the following:

    a.     **Audit Services.**

        i.     Audit the financial statements of the Debtors as may be required from time to time, and advise and assist in the preparation and filing of financial statements and disclosure documents required by the Securities and Exchange Commission including Forms 10-K and 10-Q as required by applicable law or as requested by the Debtors;

        ii.     Audit any benefit plans as may be required by the Department of Labor or the Employee Retirement Income Security Act, as amended;

        iii.     Review the unaudited quarterly financial statements of the Debtors as required by applicable law or as requested by the Debtors; and

       iv.    Perform other audit-related services for the Debtors as may be necessary or desirable.

   b.  **Tax Services.**

      i.    Assist the Debtors in preparing for and undergoing existing and future IRS examinations relating to prior tax work performed by PwC; and

      ii.    Rendering any and all other tax assistance as may be requested from time to time.

11.    PwC, at the request of the Debtors, also may render additional related support deemed appropriate and necessary to the benefits of the Debtors' estates. The audit and tax services enumerated above are necessary to enable the Debtors to maximize the value of their estates and to reorganize successfully. The Debtors believe that PwC's audit and tax services will not duplicate the services that, subject to this Court entering or having entered appropriate orders, other professionals may provide to the Debtors in the Chapter 11 Cases. PwC will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid unnecessary duplication of services.

## Terms of Retention

12.    PwC has agreed to provide audit services to the Debtors pursuant to a fixed fee arrangement. PwC's fees in connection with this engagement will be based upon the estimated time that PwC will necessarily spend in providing its audit services to the Debtors. The fixed fee for the 2001 audit of the Debtors' financial statements is $700,000, which was reviewed with the Audit Committee of the Debtors' Board of Directors, and approved in July of 2001. In addition, PwC audits certain benefit plans sponsored by the Debtors. The 2001 fixed fees associated with such audits, in the aggregate, are $100,000, but the Debtors are reimbursed for such fees by the specific benefit plan trust. PwC had also agreed to provide the Debtors with tax compliance services for a fixed fee of $25,000 per month under an agreement which expired

in October of 2001. These compliance services included assistance with any reviews of the

Debtors' tax returns instituted by the Internal Revenue Service. Although the Debtors' management now performs most tax compliance matters in-house, the Debtors may request that PwC perform certain tax compliance matters in the future. In the event the Debtors request PwC perform any tax related services, it is anticipated by the parties that such services would be performed upon terms similar to those set forth in the October, 2001 agreement, or upon such other terms as the parties may agree. These fees are adjusted from time to time.

13. PwC's fees in connection with certain additional tax services will be based upon the time that PwC necessarily spends in providing its tax services to the Debtors, multiplied by its hourly rates. The normal hourly rates charged by PwC personnel are as follows:

      a.      Partner/Managing Director – $490-$575;

      b.      Director/Manager – $325-$515;

      c.      Sr. Associate/Associate – $165-$325;

      d.      Administrative/Paraprofessional – $75-$140.

These hourly rates are adjusted from time to time.

14. PwC will seek compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules and any orders of this Court, including without limitation, the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001. Pursuant to section 328(a) of the Bankruptcy Code, however, the Court may not allow PwC's compensation on terms different from those described herein unless such compensation "prove[s] to have been improvident in light of developments

not capable of being anticipated at the time" this Amended Application was originally approved. 11 U.S.C. § 328(a).

15.    PwC will maintain reasonably detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services

16.    PwC has received $250,000 in retainers for services related to the Chapter 11 Cases and has been paid $506,029.56 for prepetition services rendered related to preparations for the filing of the Chapter 11 Cases.  The payments have been applied to outstanding balances for prepetition services related to the filing of the bankruptcy petitions. The Debtors have agreed that any portion of the retainer not used to compensate PwC for its prepetition services and expenses ultimately will be used by PwC to apply against its postpetition billings and will not be placed in a separate account.

17.    As of the date hereof, PwC is currently owed (i) $700,000[3] related to its audit services and (ii) $200,000[4] for its tax services for the period from the Original Application Date through the date hereof (the "Fee Period") and $54,012.77 for its actual and necessary expenses incurred while rendering such services during the Fee Period.   Notwithstanding anything to the contrary contained herein, PwC reserves the right to seek compensation for these services in accordance with the Bankruptcy Code (including, without limitation, sections 327, 328 and 503), the Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules and any orders of this Court.

---

[3]   In accordance with the terms of its retention with the Debtors, PwC is reimbursed for audit and review services of the Debtors' consolidated financial statements based upon a fixed annual fee of $700,000.  PwC's request for reimbursement herein of $700,000 reflects the completion of the 2001 audit.

[4]   In accordance with the terms of its retention with the Debtors, PwC is reimbursed for its tax compliance services based upon a fixed monthly fee of $25,000 per month.  The tax compliance retention agreement between the parties expired, however, in October of 2001.  PwC is also reimbursed by the Debtors for its tax consulting services.  PwC's fees for tax compliance and consulting services provided to the Debtors incurred since the Petition Date are estimated to be $200,000 ($175,000 compliance and $25,000 consulting).

**Notice**

18.    Notice of this Amended Application has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**No Prior Request**

19.    No prior Motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, authorizing the employment and retention of PwC as auditors and tax consultants pursuant to the terms of the PwC Agreement nunc pro tunc to November 11, 2001; and grant such further relief as is just and proper.

Dated:  April 15, 2002

KIRKLAND & ELLIS
James H.M. Sprayregen, P.C.
James W. Kapp III
Christian J. Lane
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**AFFIDAVIT OF W. LARRY FARMER IN SUPPORT OF AMENDED APPLICATION
OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(A)
AND 328 AND FED. R. BANKR. P. 2014(A), 2016 AND 5002 AUTHORIZING
THE EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS LLP
AS AUDITORS AND TAX CONSULTANTS TO THE DEBTORS AND
DEBTORS IN POSSESSION NUNC PRO TUNC TO NOVEMBER 11, 2001**

| | | |
|---|---|---|
| STATE OF MARYLAND | ) | |
| | ) | ss. |
| COUNTY OF HOWARD | ) | |

W. LARRY FARMER, being duly sworn, deposes and says:

1.       I am a partner in PricewaterhouseCoopers LLP ("PwC"), an accounting

and financial services firm that maintains offices at numerous locations around the world, and I

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

make this Affidavit on behalf of PwC (the "Affidavit"). I submit this Affidavit in support of the application (the "Amended Application) of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (the "Order") authorizing the employment and retention of PwC as auditors and tax consultants to the Debtors in these chapter 11 cases (collectively, the "Chapter 11 Cases"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**PwC's Qualifications**

2.     PwC is recognized for its expertise as auditors and tax consultants.

3.     For more than a century, PwC has audited the financial statements of the Debtors and its predecessors. PwC has become thoroughly familiar with the Debtors' operations and is well qualified to serve the Debtors as auditors and tax consultants in a cost-effective and efficient manner.

**Disinterestedness Of Professionals**

4.     Based on the results of the conflict search conducted to date and described more fully below, to the best of my knowledge, neither I, PwC, nor any partner or employee thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, other parties-in-interest (as reasonably known to PwC) or their respective attorneys, except as disclosed or otherwise described herein. Further, to the best of my knowledge, no one involved in this case or in PwC's Audit Practice has any connection with or to the U.S. Trustee or any person employed in the Office of the U.S. Trustee for the District of Delaware.

5.     To the best of my knowledge, PwC is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code, in that, its members and employees:

a.   are not creditors, equity security holders or insiders of the Debtors;

b.   are not and were not investment bankers for any outstanding security of the Debtors;

c.   have not been, within three years before the date of the filing of the Debtors' chapter 11 petition, (i) investment bankers for a security of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors; and

d.   were not, within two years before the date of filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

6.    In connection with a 1997 corporate restructuring, the Debtors determined it was necessary to liquidate Chasmbridge Limited (f/k/a W. R. Grace Limited), a wholly owned United Kingdom non-debtor foreign subsidiary of the Debtors ("Grace-UK"). Under British law, a liquidator was needed to effectuate this restructuring. Accordingly, two PwC United Kingdom partners were appointed to serve as the liquidators of Grace-UK and they continue to serve in that capacity as of the date hereof.

7.    In connection with fulfilling their roles as liquidators, the PwC United Kingdom partners obtained from W.R. Grace & Co. -Conn. ("Grace-Conn."), a Debtor, a deed of indemnity backed by a letter of credit. This created a potential, contingent obligation of Grace-Conn. to the two PwC partners, should certain events occur in connection with the liquidation.

8.    Recognizing that the continued existence of these obligations from the Debtors to the two PwC United Kingdom partners created potential claims of the PwC partners against the Debtors, the Debtors and PwC entered into extensive negotiations in search of a means to mitigate these potential claims. As of the date hereof, PwC has agreed to waive any and all claims for indemnification against Debtors related to Grace-UK.

9.    As part of its diverse practice, PwC appears in numerous cases, proceedings and transactions involving many different professionals, including Kirkland & Ellis, Pachulski, Stang, Ziehl, Young & Jones and other attorneys, accountants, investment bankers and financial consultants, some of which may represent claimants and parties-in-interest in the Chapter 11 Cases. In fact, PwC audits the financial records of Kirkland & Ellis and Pachulski, Stang, Ziehl, Young & Jones and is represented by Kirkland & Ellis in certain matters. Further, PwC has in the past, and may in the future, be represented by several attorneys and law firms in the legal community, some of whom may be involved in these proceedings. In addition, PwC has in the past and will likely in the future be working with or against other professionals involved in the Chapter 11 Cases in matters unrelated to these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relations constitute interests materially adverse to the Debtors herein in matters upon which PwC is to be employed, and none are in connection with the Chapter 11 Cases.

10.    PwC has in the past represented, and likely in the future will represent, creditors or equity security holders of the Debtors in matters unrelated to these cases. A list of the entities PwC reviewed for conflicts is attached hereto as Exhibit A. In addition, a list of the entities from Exhibit A (i) with which PwC has or had relationships on unrelated matters or (ii) for which PwC has or is currently performing services in unrelated matters is reflected in Exhibit B to the Affidavit. The entities listed on Exhibit B have been located by PwC using its reasonable efforts. It is PwC's intent to update and expand its ongoing conflict search for additional parties in interest in an expeditious manner and update this information as necessary. PwC is confident that the disclosed representation of such creditors and equity security holders in unrelated matters will not affect its engagement by the Debtors in the Chapter 11 Cases.

11.     To the best of my knowledge, PwC has not been retained to assist any

entity or person other than the Debtors on matters relating to, or in connection with the Chapter

11 Cases. If this Court approves the proposed employment of PwC by the Debtors, PwC will not

accept any engagement or perform any service for any entity or person other than the Debtors in

this situation. PwC will, however, continue to provide professional services to entities or

persons that may be creditors of the Debtors or parties in interest in the Chapter 11 Cases;

provided, however, that such services do not relate to, or have any direct connection with, the

Chapter 11 Cases.

12.     To the best of my knowledge and belief, no PwC partner is a holder of any

shares of the Debtors' stock.

13.     PwC will periodically review its files during the pendency of the

Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise.

If any new relevant facts or relationships are discovered or arise, PwC will use reasonable efforts

to identify such further developments and will promptly file a Supplemental Affidavit as Fed. R.

Bankr. P. 2014(a) requires.

### Professional Services Compensation

14.     PwC will provide such auditing and tax services as PwC and the Debtors

shall deem appropriate and feasible in order to advise the Debtors in the course of the Chapter 11

Cases, including but not limited to the following:

a.     **Audit Services.**

i.     Audit the financial statements of the Debtors as may be
required from time to time, and advise and assist in the
preparation and filing of financial statements and disclosure
documents required by the Securities and Exchange
Commission including Forms 10-K and 10-Q as required
by applicable law or as requested by the Debtors;

91100-001\DOCS_DE:44842.1                    5

      ii.     Audit any benefit plans as may be required by the Department of Labor or the Employee Retirement Income Security Act, as amended;

      iii.    Review the unaudited quarterly financial statements of the Debtors as required by applicable law or as requested by the Debtors; and

      iv.    Perform other audit-related services for the Debtors as may be necessary or desirable.

   b.   **Tax Services.**

      i.     Assist the Debtors in preparing for and undergoing existing and future IRS examinations relating to prior tax work performed by PwC; and

      ii.    Rendering any and all other tax assistance as may be requested from time to time.

15.    PwC, at the request of the Debtors, also may render additional related support deemed appropriate and necessary to the benefits of the Debtors' estates. The audit and tax services enumerated above are necessary to enable the Debtors to maximize the value of their estates and to reorganize successfully. The Debtors believe that PwC's audit and tax services will not duplicate the services that, subject to this Court entering or having entered appropriate orders, other professionals may provide to the Debtors in the Chapter 11 Cases. PwC will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid unnecessary duplication of services.

16.    In accordance with the terms of its retention with the Debtors, PwC is reimbursed for audit and review services of the Debtors' consolidated financial statements based upon a fixed annual fee of $700,000. PwC had also agreed to provide the Debtors with tax compliance services for a fixed fee of $25,000 per month under an agreement which expired in October of 2001. To the extent that PwC is asked to perform any tax related services, it is

anticipated by the parties that such services would be performed upon terms similar to those set

forth in the October, 2001 agreement, or upon such other terms as the parties may agree.

17.    PwC's fees in connection with certain additional tax services will be based

upon the time that PwC necessarily spends in providing its tax services to the Debtors, multiplied

by its hourly rates.  The normal hourly rates charged by PwC personnel are as follows:

        a.      Partner/Managing Director – $490-$575;

        b.      Director/Manager – $325-$515;

        c.      Sr. Associate/Associate – $165-$325;

        d.      Administrative/Paraprofessional – $75-$140.

These hourly rates are adjusted from time to time.

18.    PwC will seek compensation and reimbursement of expenses in

accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, the Local

Bankruptcy Rules and orders of this Court, including without limitation, the Administrative

Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation

and Reimbursement of Expenses for Professionals and Official Committee Members, dated May

3, 2001, effective as of April 2, 2001.

19.    PwC will maintain reasonably detailed records of any actual and necessary

costs and expenses incurred in connection with the aforementioned services.

20.    PwC has received $250,000 in retainers for services related to the

Chapter 11 Cases and has been paid $506,029.56 for prepetition services rendered.  The

payments have been applied to outstanding balances for prepetition services related to the filing

of the bankruptcy petitions. The Debtors have agreed that any portion of the retainer not used to

compensate PwC for its prepetition services and expenses ultimately will be used by PwC to

apply against its postpetition billings and will not be placed in a separate account.

21.    As of the date hereof, PwC is currently owed (i) $700,000[2] related to its audit services and (ii) $200,000[3] for its tax services for the period from the Original Application Date through the date hereof (the "Fee Period") and $54,012.77 for its actual and necessary expenses incurred while rendering such services during the Fee Period.

22.    No commitments have been made or received by PwC, nor any partner or associate thereof, as to compensation or payment in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code. PwC has no agreement with any other entity to share with such entity any compensation received by PwC in connection with the Chapter 11 Cases.

---

[2]    In accordance with the terms of its retention with the Debtors, PwC is reimbursed for audit and review services of the Debtors' consolidated financial statements based upon a fixed annual fee of $700,000. PwC's request for reimbursement herein of $700,000 is based on the completion of the 2001 audit.

[3]    In accordance with the terms of its retention with the Debtors, PwC is reimbursed for its tax compliance services based upon a fixed monthly fee of $25,000 per month. The tax compliance retention agreement between the parties expired, however, in October of 2001. PwC is also reimbursed by the Debtors for its tax consulting services. PwC's fees for tax compliance and consulting services provided to the Debtors incurred since the Petition Date are estimated to be $200,000 ($175,000 compliance and $25,000 consulting).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Executed on _April 15_, 2002.

_W. Larry Farmer_
W. Larry Farmer

Subscribed and Sworn to before me
this _15th_ day of _April_, 2002

_V. Bridget Borikal_
Notary Public
My Commission expires: _February 3, 2003_

9

# EXHIBIT A

After reasonable research and inquiry, PricewaterhouseCoopers LLP ("PwC") has ascertained that PwC has provided professional services to, or has existing professional services relationships with, the following significant creditors and parties-in-interest to the chapter 11 case of W. R. Grace & Co., et al. (the "Debtors"). PwC has confirmed to the best of its ability, that none of the engagements or relationships that PwC has with these creditors or parties-in-interest relate to the Debtors' chapter 11 case.

1.      Engagements Adverse to Debtor Entities

        None

2.      Other Engagements Unrelated to this Assignment Involving PricewaterhouseCoopers LLP:

                        (SEE FOLLOWING PAGE)

| Audit Clients | Other Tax-Related Clients | Consulting Support Clients |
|---|---|---|
| ABN AMRO BANK | ABN AMRO BANK | ABN AMRO BANK |
| CITIBANK | CITIBANK | BANK OF AMERICA |
| JP MORGAN CHASE | JP MORGAN CHASE | CITIBANK |
| THE DEPOSITARY TRUST COMPANY | THE DEPOSITARY TRUST COMPANY | FIREMAN'S FUND |
| TRAVELERS | TRAVELERS | JP MORGAN CHASE |
| BANK OF AMERICA | WACHOVIA BANK | ST. PAUL |
| CHEVRON RES/RICHMOND | BANK OF AMERICA | THE DEPOSITARY TRUST COMPANY |
| DOW CORNING/CARROLLTON, KY. | ATOFINA PETROCHEMICALS INC. | TRAVELERS |
| DUPONT / TEMPE, AZ | CHEVRON RES/RICHMOND | WACHOVIA BANK |
| DYNASOL, INC. | COLGATE-JEFFERSONVILLE IN. | AMERADA HESS - PORT READING, NJ |
| EQUISTAR - MORRIS, IL | DUPONT / TEMPE, AZ | ATOFINA PETROCHEMICALS INC. |
| EXXONMOBIL - TORRANCE, CA | EQUISTAR - MORRIS, IL | BASF CORP. |
| GOODYEAR TIRE & RUBBER CO. | MILLIPORE/GENENTECH-SF | BP AMOCO CHEMICAL - CHICAGO, IL |
| HONEYWELL (GOMAR) - LINDEN, NJ | PACIFIC COAST BLDG. PRODUCTS | CHEVRON RES/RICHMOND |
| MILLIPORE/GENENTECH-SF | DCP LOHJA INC | CITGO - LEMONT, IL |
| MOBIL CHEMICAL - BEAUMONT, TX | ALCOA INC. | CONOCO - DENVER, CO |
| MOBIL OIL-CHANNAHON, IL | MILLENNIUM | DOW CORNING/CARROLLTON, KY. |
| MOTIVA - DELAWARE CITY, DE | THE CHASE MANHATTAN BANK | DUPONT / TEMPE, AZ |
| PACIFIC COAST BUILDING PRODUCTS | | ELF AQUITAINE |
| DCP-LOHJA INC | | EQUILON ENTERPRISES/WILMINGTON, CA |
| | | EQUISTAR - MORRIS, IL |
| HERCULES INC. | | EXXON (PAXON) - BATON ROUGE, LA |
| ALCOA INC. | | EXXONMOBIL - TORRANCE, CA |
| | | GOODYEAR TIRE & RUBBER CO. |
| THE CHASE MANHATTAN BANK | | LYONDELL CHEMICAL |
| | | PACIFIC COAST BUILDING PRODUCTS |
| | | SHELL CHEMICAL CO. |
| | | LOS ANGELES UNIFIED SCHOOL DISTRICT |
| | | HUNTSMAN CORPORATION |
| | | DCP-LOHJA INC. |
| | | C.N.A. INSURANCE |
| | | INGERSOLL-RAND FLUID PRODUCTS |
| | | HERCULES INC. |
| | | ALCOA INC. |
| | | MILLENNIUM |
| | | THE CHASE MANHATTAN BANK |

## EXHIBIT B

The following is a list of creditors and parties-in-interest that PwC used in performing its relationship check:

**Bank Creditors of the Debtors**
THE CHASE MANHATTAN BANK, AS AGENT
THE DEPOSITORY TRUST COMPANY
CEDE & CO.

**Issuers of the Debtors' Outstanding Surety Bonds**
AIG
TRAVELERS
FIREMAN'S FUND
HARTFORD
ST. PAUL

**Inventory Settlement Agreements**
WEITZ & LUXENBERG, NEW YORK, NY
REAUD, MORGAN & QUINN, BEAUMONT, TX
FOSTER & SEAR, DALLAS, TX
GOLDBERG, PERSKY, PITTSBURGH, PA
SILBER & PEARLMAN, DALLAS, TX
LAW OFFICES OF DAVID LIPMAN, P.C., MIAMI, FL
COONEY & CONWAY, CHICAGO, IL
CAMPBELL, CHERRY, HARRISON & DOVE, WACO, TX
ROBLES & GONZALES, MIAMI, FL

**Issuers of the Debtors' Outstanding Letters of Credit**
ABN AMRO BANK
BANK OF AMERICA
JP MORGAN CHASE
CITIBANK
WACHOVIA BANK

**Significant Current Customers of Debtors**
A.B.C. SUPPLY
ADMIXTURES INC
AGGREGATE INDUSTRIES
AKZO COATINGS / BIRMINGHAM, AL
ALLIED BUILDING PRODUCTS
ALON USA - BIG SPRING, TX
AMERADA HESS - PORT READING, NJ
AMERICAN ROOFING SUPPLY
ATOFINA PETROCHEMICALS INC.
BASF - DECATUR AL (EX MORTON)
BASF CORP.
BAYER - BAYTOWN, TX
BAYER CORP.
BLUE CIRCLE MATERIALS S.E.

**Significant Current Customers of Debtors (Cont.)**
BOISE CASCADE
BOSTON SAND & GRAVEL CO
BP - CARSON, CA
BP AMOCO CHEMICAL - CHICAGO, IL
BRADCO SUPPLY
CAMERON ASHLEY BLDG. PRODUCTS
CEMEX USA
CEMSTONE PRODUCTS COMPANY
CHANDLER READY-MIX INC
CHARLES H ERHART JR
CHEVRON RES/RICHMOND
CHEVRON USA
CITGO - LEMONT, IL
CLAYTON COATINGS INC.
COLGATE-JEFFERSONVILLE IN.
CONCRETE SUPPLY COMPANY
CONOCO - DENVER, CO
CONSTRUCTION MATERIALS
COOPERATIVE REFINING - COFFEYVILLE, KS
CRIDER & SHOCKEY INC.
CSR BUSINESS SERVICES CENTER
CSR HYDRO CONDUIT
CSR MATERIALS WEST
DARAMIC, INC.
DOW CORNING/CARROLLTON, KY.
DUPONT / TEMPE, AZ
DUPONT DOW ELASTICS CO.
DYNASOL, INC.
EASTERN CONCRETE MATERIALS, INC.
EASTERN MATERIALS
EMPIRE TRANSIT INC
EQUILON ENTERPRISES/WILMINGTON, CA
EQUISTAR - MORRIS, IL
EXXON (PAXON) - BATON ROUGE, LA
EXXONMOBIL - TORRANCE, CA
FAFARD OF SC.
FORD WHOLESALE
GALCO BUILDING PRODUCTS
GENEVA ROCK PRODUCTS
GOODYEAR TIRE & RUBBER CO.
GRACE/CINN/LAKE CHARLES
H CARR & SONS, INC.
HANDY CHEMICALS
HARRY A. LOWRY & ASSOC.
HONEYWELL (GOMAR) - LINDEN, NJ
HUTTIG BUILDING PRODUCTS

| Significant Current Customers of Debtors (Cont.) | Directors and Officers of Debtors |
|---|---|
| INTERNATIONAL PARTNERS | AKOS L. NAGY |
| JOHNSON MATTHEY - W. DEPTFORD NJ | ALICIA BURKE |
| KELLOGG WHOLESALE BLDG. SUPPLY | ANTHONY G. RIDDLESPERGER |
| KENNY MANTA INDUSTRIAL SERVICES | DAVID B SIEGEL |
| KENSEAL CONSTRUCTION PRODUCTS | DAVID M. CLEARY |
| LAFARGE-DENVER | DAVID NAKASHIGE |
| LYONDELL CHEMICAL | DUDLEY L. BOBOLTS |
| MARATHON ASHLAND - ROBINSON, IL | ELYSE NAPOLI FILON |
| MEYER MATERIAL COMPANY | FABIO TEGIACCHI |
| MILLIPORE/GENENTECH-S.SAN FRANCISCO | GREGORY E POLING |
| MITSUI - NEW YORK, NY | HENRY C. LYONS |
| MOBIL CHEMICAL - BEAUMONT, TX | J. ELDER |
| MOBIL OIL-CHANNAHON, IL | JOHN F. AKERS |
| MOTIVA - DELAWARE CITY, DE | JOHN J. MURPHY |
| MURPHY - MERAUX #2, LA | KANG HUI SHEN |
| OMNI FIREPROOFING CO INC | MARK A SHELNITZ |
| OWENS CORNING FIBERGLASS, INC. | MARTIN HUNTER |
| OZINGA CHICAGO RMC, INC. | MARYE ANNE FOX |
| PACIFIC COAST BUILDING PRODUCTS | MICHAEL A. MILLER |
| PACIFIC CONSTRUCTION SYSTEMS | MICHAEL N. PIERGROSSI |
| PHILLIPS R&D - BARTLESVILLE, OK | O. MARIO FAVORITO |
| PPG INDUSTRIES / EAST POINT, GA | PAUL BETTACCHI |
| PREMCOR - HARTFORD, IL | PAUL J NORRIS |
| REICHHOLD CHEMICALS, INC. | PAUL MCMAHON |
| REILLY INDUSTRIES INC.- INDIANAPOLIS, IN | R. H. LOCKE |
| REMET (NY) MRL INDS / SONORA CA | ROBERT A. MAGGIO |
| ROBERTSON'S READY MIX | ROBERT F. JENKINS |
| SCHOOFS-OAKLAND/VERNON/COMMERCE/LA | ROBERT J. BETTACCHI |
| SCOTTS COMPANY | ROBERT J. MEDLER |
| SHELL CHEMICAL CO. | ROBERT M. TAROLA |
| SHERWIN WILLIAMS / FT LAUDERDALE,FL | ROBERT P. TURNER |
| SIGLAN CONTAINER CORP. | RONALD C CAMBRE |
| SINCLAIR OIL CORP. - TULSA, OK | RUTH E. ROWAN |
| SIPLAST,INC | SUSAN E. FARNSWORTH |
| SOLVAY POLYMERS - DEER PARK, TX | SUSAN ECCHER |
| SUN CHEMICAL/SAN LEANDRO, CA | THOMAS A. VANDERSLICE |
| SUNOCO PRODUCTS CO. | W. BRIAN MCGOWAN |
| TABC - LONG BEACH, CA | WILLIAM L MONROE |
| TOSCO - BAYWAY, NJ | WILLIAM L. BAKER |
| TOSCO LAR - WILMINGTON, CA | WILLIAM M CORCORAN |
| TXI OPERATIONS, LP | |
| UDS - MARTINEZ, CA | **Parties to Litigation with Debtors** |
| UNILEVER H&PC - MISSOURI – D | ATTORNEY GENERAL FOR CALIFORNIA |
| UNION CARBIDE - TAFT, LA | CAPSULES ZAPATA AUSCAN, INC. (CANADA) |
| VALERO REFINING / BENICIA, CA | CARUCCIO |
| VALSPAR PKG CTG/BIRMINGHAM AL | CHAFFEY COMMUNITY COLLEGE |
| VIRGINIA CONCRETE CO INC | CITY OF CAMBRIDGE |
| VULCAN MATERIALS-CALMAT DIVISION | COUNTY OF RENFREW |
| VW & R - SEATTLE, WA / VARIOUS | DON PEARSON |
| WESTSIDE BUILDING MATERIALS | ED HIPIKIN |
| WHITE CAP INDUSTRIES | FORECO SRL |
| WHITNEY BUILDING PRODUCTS | FORECO/FORRESTALI |
| WILLIAMS INSULATION | GARCIA DIAZ |
| WYNNEWOOD REFINING, WYNNEWOOD, OK | GLORIA MUNOZ |

91100-001\DOCS_DE:44842.1                    13

| Parties to Litigation with Debtors (Cont.) | Top 100 Equity Security Holders of Debtors (Cont.) |
|---|---|
| HER MAJESTY THE QUEEN (CANADA) | JOANNA M FOLEY & JOSEPH P FOLEY |
| INTERNAL REVENUE SERVICE | JOSEPH A RIGHTMYER |
| ISG RESOURCES D/B/A MIDWEST FLY ASH | SIMON ATLAS |
| JOSEPH EVERSON | ALANNA FORSHAY FENSKE |
| KANEB PIPE LINE OPERATING PARTNERSHIP | FRED P BRANDT & CATHERINE A. BRANDT |
| LOUISE TURNER | GEORGE R PERRIN |
| OGDEN TECK., INC. | R RONALD KLEIMAN |
| PERRY | JOANNA M FOLEY & JOSEPH P FOLEY |
| RALPH MASON | MERLE REPPERT |
| RICKY M. ALBURY | DAVID B SIEGEL |
| ROBERT H. LOCKE | WILLIAM M CORCORAN |
| RUSSELL | ANN G FITZGERALD |
| SEQUA CORPORATION | W BRIAN MC GOWAN |
| STATE OF OHIO | HARRY S RINKER TR |
| STEVEN A. GARCIA | RAYMOND E SMILEY |
| TAPON (ZAPATA) FRANCE | JANET L FARR & EDWARD S FARR |
| THE OWNERS, STRATA PLAN LMNS 2262 | HOLMES OIL COMPANY |
| THE ATRIUM PALACE CONDOMINIUM ASSN. | LACK & LINDSAY |
| TIMOTHY KANE | WILLIAM A MAUDE |
| TRI-STATE GENERATION & TRANSMISSION | WILLIAM MONROE |
| TULLINO | GERALD W HALMO |
| U.S. JUSTICE DEPARTMENT | DAISY SALZO CASILLA |
| U.S. ATTORNEY DISTRICT OF NEW JERSEY | FRED P BRANDT |
| US MINERAL PRODUCTS COMPANY, INC. | DOROTHY G KLEIMAN |
| VICTORIAN WORKCOVER AUTHORITY | JAMES G SCHAEFFER |
| WESTERN FUELS-COLORADO | EDMUND F GUARALDI REVOCABLE TRUST |
| ZAPATA INDUSTRIES | JOHN O FLENDER |
|  | MAGDALEN SLEEMAN |
| **Top 100 Equity Security Holders of Debtors** | ROBERT BENDHEIM |
| CEDE AND CO. | RUDOLF B PEEST |
| W R GRACE & CO BOOK ENTRY MEMO A/C | ROBERT E ANDERSON & MARY F ANDERSON |
| LORIOT & CO | PHYLLIS SCHRIGER & WILLIAM D ROGER |
| JEANETTE L VACHON TR UA | EILEEN MARGARET GRIMSDITCH |
| PAUL J. NORRIS | RICHARD J SCHOOFS |
| CHARLES H ENHART JR | NOEL A LEE |
| BOB ROBERT SUNNESS | BETTY D GREEN |
| WACHOVIA BANK OF NORTH CAROLINA | DOROTHY F SELLERS |
| M EVELYN BOWMAN | LAWRENCE M PUCCI |
| PHYLLIS SCHRIGER | HILDA SALZ O |
| JOHN W AUSTIN JR & PATSY W | BONNIE NAGAI |
| QUENTIN ALEXANDER | CMSS AS EXCHANGE AGENT FOR CHOMERICS |
| PATRICIA STANLEY | GEORGE T FUKUI & KATHERINE K FUKUI |
| ELLEN R SAXL | LILLIAN BERMAN |
| ANGUS W MERCER | LEONARD L BROWN |
| RONALD C CAMBRE | JOHNNY P FOREHAND JR |
| JOYCE M MERCER | KATHRYN C MATTINGLY |
| WAYNE T SMITH | GREGORY E POLING |
| ROSE M JOHNSTON | DOUGLAS V REYNOLDS |
| JOHN A SANTILLO & ROSE SANTILLO | OLAF B SCHUBBE |
| EDNA M LOOS | THE SMILEY BBN FAMILY PARTNERSHIP |

| Top 100 Equity Security Holders of Debtors (Cont.) | Significant Vendors |
|---|---|
| DAVID LAWRENCE | THE CHASE MANHATTAN BANK, AS AGENT |
| THOMAS ARLEN EVANS & DOTZIE KAY EVANS | THE DEPOSITORY TRUST COMPANY |
| FREDA E STRAHL | CEDE AND CO. |
| MARIA O DE SALZ | LOS ANGELES UNIFIED SCHOOL DISTRICT |
| HAROLD A ECKMANN | HUNTSMAN CORPORATION |
| THE ABRAHAM FAMILY TRUST | ZHAGRUS ENVIRONMENTAL, INC. |
| BARBARA CATES BAYNARD | DCP-LOHJA INC. |
| WILLIE H BLANTON | PCS NITROGEN FERTILIZER, LP |
| CELWYN COMPANY INC | DUPONT COMPANY |
| RAE C HEIPLE | CASS LOGISTICS TEMPORARY |
| BURREL LEONARD | UNION CARBIDE CORP. |
| MARY C KODIS TR | SOUTHERN IONICS, INC. |
| JOAN MCKAY YOUNG | BASF |
| MALECH 1989 FAMILY TRUST | C.N.A. INSURANCE |
| MARGARET M SOKOL | RADIAN INTERNATIONAL |
| HAIG TORIGIAN | STONE PACKAGING SYSTEM |
| QUENTIN L THELEN | VALERSON STRENGTH FILMS |
| ROBERT L COX JR | INGERSOLL-RAND FLUID PRODUCTS |
| LOUISE LOFFREDO | DELTA CHEMICALS |
| ELYSE B NAPOLI | HERCULES INC. |
| RICHARD J NOZEMACK | H.S.I. GEOTRANS INC. |
| STEVEN S PALOUMBIS | OMG CHEMICALS |
| MARK SHELNITZ | ALCOA INC. |
| GERT H TESKA | NORCHEM CONCRETE PRODUCTS INC. |
| ROBERT H  & JOAN P BEBER | GENERAL CHEMICAL CORP. |
| LAUREY MERCER RIGSBEE | GOODYEAR TIRE AND RUBBER |
| GEORGE MONTGOMERY | MILLENNIUM |
| P S DE BEAUMONT | TETRA CHEMICALS |
|  | POROCEL |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ |

**ORDER PURSUANT TO 11 U.S.C. §§ 327(A) AND 328 AND
FED. R. BANKR. P. 2014(A), 2016 AND 5002 AUTHORIZING THE EMPLOYMENT
AND RETENTION OF PRICEWATERHOUSECOOPERS LLP AS
AUDITORS AND TAX CONSULTANTS TO THE DEBTORS AND DEBTORS IN
POSSESSION NUNC PRO TUNC TO NOVEMBER 11, 2001**

Upon consideration of the application (the "Amended Application")[2] of the above

captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order

authorizing the Debtors to employ and retain PricewaterhouseCoopers LLP ("PwC") auditors

and tax consultants to the Debtors nunc pro tunc to November 11, 2001, and upon the affidavit of

W. Larry Farmer (the "Affidavit"); and the Court being satisfied, based on the representations

made in the Amended Application and Affidavit, that PwC represents no interest adverse to the

Debtors' estates with respect to the matters upon which they are to be engaged, that PwC is a

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  Capitalized terms not defined herein shall have the same meaning as in the Amended Application.

91100-001\DOCS_DE:44842.1

"disinterested person" as that term is defined under section 104(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code, and that the employment of PwC is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §157(b); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Amended Application is granted; and it is further

ORDERED that the Debtors are authorized to employ and retain PwC as auditors and tax consultants on the terms set forth in the Amended Application and the PwC Agreement (as defined in the Amended Application) nunc pro tunc to November 11, 2001; and it is further

ORDERED that PwC will provide such auditing and tax services as PwC and the Debtors shall deem appropriate and feasible in order to advise the Debtors in the course of the Chapter 11 Cases, including but not limited to the following:

    a.    **Audit Services**.

        i.    Audit the financial statements of the Debtors as may be required from time to time, and advise and assist in the preparation and filing of financial statements and disclosure documents required by the Securities and Exchange Commission including Forms 10-K and 10-Q as required by applicable law or as requested by the Debtors;

        ii.    Audit any benefit plans as may be required by the Department of Labor or the Employee Retirement Income Security Act, as amended;

        iii.    Review the unaudited quarterly financial statements of the Debtors as required by applicable law or as requested by the Debtors; and

        iv.    Perform other audit-related services for the Debtors as may be necessary or desirable.

  b.  **Tax Services**.

    i.  Assist the Debtors in preparing for and undergoing existing and future IRS examinations relating to prior tax work performed by PwC; and

    ii.  Rendering any and all other tax assistance as may be requested from time to time.

    ORDERED that PwC may render audit and tax related support deemed appropriate and necessary to the benefits of the Debtors' estates; and it is further

    ORDERED that PwC shall be compensated for services provided and reimbursed for expenses incurred in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court, including without limitation, the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001; and it is further

    ORDERED that PwC shall be compensated for fees accrued during the Fee Period in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court, including without limitation, the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated: _____, 2002

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge