# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: Docket No. 27769 |
| | ) Hearing Date: November 28, 2011, at 9:00 a.m. |
| | ) Agenda Item No.: 5 |

## CERTIFICATE OF COUNSEL REGARDING ORDER: (I) APPROVING AGREEMENT; (II) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO MERGE CERTAIN NON-OPERATING DEBTOR SUBSIDIARIES INTO W. R. GRACE & CO.-CONN.; (III) EXPUNGING CERTAIN ACTIVE CLAIMS, CONDITIONALLY EXPUNGED CLAIMS AND INTERCOMPANY CLAIMS ; AND (IV) TRANSFERRING CERTAIN ACTIVE AND INTERCOMPANY CLAIMS TO W. R. GRACE & CO.-CONN.

1.  On October 17, 2011, the Debtors filed their motion for the *Motion for Entry of An Order: (i) Approving Agreement; (ii) Authorizing, but not Directing, the Debtors to Merge Certain Non-Operating Debtor Subsidiaries into W. R. Grace & Co.-Conn.; (iii) Expunging Certain Active Claims, Conditionally Expunged Claims and Intercompany Claims; and (iv)*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*Transferring Certain Active and Intercompany Claims to W. R. Grace & Co.-Conn.* (the "Motion) [Docket No. 27769] (the "Motion," the form of order attached thereto being the "Order").[2] The objection deadline for the Motion was November 4, 2011 (the "Objection Deadline"). No objections were filed prior to the objection deadline.

2. Prior to the Objection Deadline, the Debtors engaged in discussions with the Office of the United States Trustee, counsel to the Official Committee of Unsecured Creditors, counsel to the Asbestos Personal Injury Future Claimants Representative, counsel to the Official Committee of Personal Injury Claimants, counsel to Fresenius, counsel to JPMorgan and counsel to Sealed Air regarding a range of issues. The Debtors granted each of those parties an extension to the Objection Deadline (the "Extended Objection Deadline") through and including November 14, 2011, to resolve certain issues.

3. The Debtors and those parties subsequently resolved their issues prior to the expiration of the Extended Objection Deadline. As a result, the revised form of the Order attached hereto as Exhibit A (the "Revised Order") now provides for:

- The expungement and transfer (as applicable) of a Merging Subsidiary' scheduled and filed claims only upon confirmation of completion of the applicable Merger into Grace-Conn. (¶ 12);

- Reinstatement of Expunged Claims and Expunged Intercompany Claims of any Merging Subsidiary whose chapter 11 case is not consolidated with Grace-Conn.'s chapter 11 case in one of the following events (¶ 13):

    - The Merging Subsidiary's chapter 11 case is converted to chapter 7;

    - Prior to the Effective Date, the Plan is amended and thereafter substantially consummated in a form that does not contemplate distributions to creditors on a consolidated basis;

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Motion, the Revised Order or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases,* Docket no. 25881, as it may be further amended, supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

- Withdrawal of the Plan, followed by confirmation and substantial consummation of a chapter 11 plan of reorganization that also does not contemplate distributions to creditors on a consolidated basis; or

- A combination of any of the foregoing events;

- The reinstatement of such Expunged Claims and Expunged Intercompany Claims will be as if the Order was not entered and the relevant Merger(s) did not occur (¶ 13 proviso);

- The Debtors will maintain the books and records of the Merging Subsidiaries until the Effective Date (¶ 14);

- Grace-Conn. assuming the obligations of each Merging Subsidiary to perform under the Plan, and Grace-Conn. performing any and all acts that the Plan calls upon that Merging Subsidiary to perform (¶ 15);

- A statement that the Sealed Air Settlement Agreement and Fresenius Settlement Agreement are not modified, amended or otherwise changed (¶ 16); and

- One entity, W. R. Grace Land Corporation, has been removed from Exhibit II, leaving 45 Merging Subsidiaries.

4. The Debtors have circulated the Revised Order to all the parties identified in ¶ 2 above, and none of those parties have raised any objection to entry of the Revised Order.

**[remainder of page left intentionally blank]**

In view of the foregoing, Debtors respectfully request entry of an order substantially in the form (with exhibits) of the Revised Order, which is attached hereto as <u>Exhibit A</u>. <u>Exhibit B</u> contains a comparison (without exhibits) of the proposed Revised Order to the form filed with the Motion.

Dated: November 15, 2011

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession