# EXHIBIT I

## Agreement

# Exhibit I

# FORM OF AGREEMENT AND PLAN OF MERGER

Agreement and Plan of Merger (the "Agreement and Plan") dated as of _____, 2011, between W. R. Grace & Co.-Conn., a Connecticut corporation ("The Surviving Entity"), and the corporations and partnerships each of whose name, identity as corporation or partnership, and jurisdiction of incorporation are listed on **Exhibit A** attached hereto (the "Merging Entities")..

WHEREAS, all of the Surviving Entity and the Merging Entities (collectively, the "Constituent Corporations") are direct or indirect wholly-owned subsidiaries of W. R. Grace & Co., a Delaware corporation"), and all of the Merging Entities are direct or indirect subsidiaries of the Surviving Entity;

WHEREAS, the Board of Directors or partners of each of the Constituent Entities have deemed it desirable, upon the terms and conditions stated herein, that each of the Merging Entities merge with and into the Surviving Entity, with the Surviving Entity being the surviving entity (the "Merger") pursuant to this Agreement and Plan and the applicable provisions of the laws of the jurisdiction of incorporation or formation of each of the Constitutent Entities;

WHEREAS, The terms of this Agreement and Plan have been unanimously approved by the Boards of Directors or partners of each of the Constituent Entities, and have been submitted to and unanimously approved by, the stockholders or shareholders of each of the Constituent Entities that is a corporation, in accordance with the laws of their respective jurisdictions of incorporation or formation; and

WHEREAS, the execution, delivery and performance of this Agreement and Plan by the Constituent Entities which are debtors and debtors-in-possession in *In re*: *W. R. Grace & Co. et al., Debtors*, Chapter 11, Case Nos. 01-1139 et al. (JKF) (Jointly Administered) in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has been approved by order of the Bankruptcy Court dated _____ [Dkt No. ____], [which order has become final and non-appealable].

NOW, THEREFORE, the Constituent Entities hereto mutually covenant and agree as follows:

# ARTICLE I

## The Merger

1.1 The term "Effective Time" is defined in Section 3.3.

1.2 At the Effective Time, the Merging Entities shall be merged with and into the Surviving Entity, which shall be the surviving entity of the Merger. The corporate existence of the Surviving Entity, with all its purposes, powers and objects, shall continue unaffected and unimpaired by the Merger; and as the Surviving Entity, the Surviving Entity shall be governed by the laws of the State of Connecticut, and succeed to all rights, assets, liabilities and obligations of the Merging Entities as set forth in the laws of the State of Connecticut and in the laws of the respective jurisdictions of incorporation or formation of the Merging Entities. The separate existence and corporate and partnership organization of each of the Merged Entities shall cease upon the Effective Time and, thereafter, the Surviving Entity shall continue as the surviving entity under the laws of the State of Connecticut.

1.3 At the Effective Time, all the shares of the capital stock or all of the partnership interests of each of the Merging Entities shall, by virtue of the Merger, be cancelled.

1.4 The Merger shall have no effect on the shares of the capital stock of the Surviving Entity.

# ARTICLE II

## Certificate of Incorporation; By-laws; Board of Directors

2.1 The Certificate of Incorporation of the Surviving Entity as in effect at the Effective Time shall be the Certificate of Incorporation of the Surviving Entity, until amended in accordance with the provisions thereof and as provided by law.

2.2 The By-laws of the Surviving Entity as in effect at the Effective Time shall be the By-laws of the Surviving Entity, until amended in accordance with the provisions thereof and as provided by law.

2.3 The directors and officers of the Surviving Entity at the Effective Time shall be the directors and officers of the Surviving Entity, until their successors shall have been duly elected and shall qualify or as otherwise provided by law.

# ARTICLE III

## Amendment; Effectiveness of Merger; General

  3.1 This Agreement and Plan may not be amended in contravention of any provision of applicable law of the jurisdiction of incorporation or formation of any of the Constituent Entities.

  3.2 On such date as is deemed appropriate by the Surviving Entity, there shall be filed with the secretary of state or other appropriate officer and/or office in the jurisdiction of incorporation or formation of each of the Constituent Entities, this Agreement and Plan as executed, or a duly executed certificate of merger or equivalent documents meeting the requirements of each such jurisdiction for filing with respect to the Merger.

  3.3 The Merger shall become effective as of the time this Agreement of Merger (or an appropriate certificate of merger), together with all necessary certificates and other documents with respect thereto, are accepted for filing by the Secretary of State of the State of Connecticut, and such time is herein referred to as the "Effective Time."

  3.4 The officers or partners of the Constituent Entities shall prepare, execute, deliver and/or file with certificates and other documents and take such other and further actions as may they may deem necessary or advisable to bring about the effectiveness of the Merger.

  3.5 This Agreement and Plan may be executed in any number of counterparts. Each executed counterpart hereof shall be deemed to be an original instrument; but all such counterparts together shall constitute but one agreement and plan of merger. In connection with any filing or other action for which such execution is not required, copies of this Agreement and Plan may be certified or otherwise delivered without the signatures or signature lines.

IN WITNESS WHEREOF, this Agreement and Plan of Merger has been executed by the Constituent Entities as of the date and year first above written.

**[CERTIFICATION OF SHAREHOLDER APPROVALS, SIGNATURES, ACKNOWLEDGEMENT OF SIGNATURES]**