**EXHIBIT B**

**Comparison of Revised Form of Sale Order to Form Filed with Motion**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 01-01139 (JKF) <br> ) (Jointly Administered) <br> ) <br> ) Re docket no. ———27769 <br> ) Hearing Agenda item no. ———5 <br> ) |
| W. R. GRACE & CO., et al.,[8] | |
| Debtors. | |

## ORDER: (I) APPROVING AGREEMENT; (II) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO MERGE CERTAIN NON-OPERATING DEBTOR SUBSIDIARIES INTO W. R. GRACE & CO.-CONN.; (III) EXPUNGING CERTAIN ACTIVE CLAIMS, CONDITIONALLY EXPUNGED CLAIMS AND INTERCOMPANY CLAIMS ; AND (IV) TRANSFERRING CERTAIN ACTIVE AND INTERCOMPANY CLAIMS TO W. R. GRACE & CO.-CONN.

Upon consideration of the *Motion for Entry of An Order: (i) Approving Agreement; (ii) Authorizing, but not Directing, the Debtors to Merge Certain Non-Operating Debtor Subsidiaries into W. R. Grace & Co.-Conn.; (iii) Expunging Certain Active Claims, Conditionally Expunged Claims and Intercompany Claims; and (iv) Transferring Certain Active and Intercompany Claims to W. R. Grace & Co.-Conn.* (the "Motion); it appearing that the relief

---

[8] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[9]

1. The Motion is granted in its entirety as modified herein.

2. The Debtors are authorized, but not required, to enter into the Agreement and Plan of Merger (the "Agreement"), the form of which is attached hereto as Exhibit I, and to consummate the transactions contemplated thereby.

3. The Debtors are authorized, but not required, to merge the Debtors set forth in the *Schedule of Merging Subsidiaries*, attached hereto as Exhibit II (the "Merging Subsidiaries") into W. R. Grace & Co.-Conn. ("Grace-Conn.") pursuant to the Agreement. (collectively, the "Mergers," and each a "Merger").

4. The chapter 11 cases of the Merging Subsidiaries shall remain open, and they shall continue to be administered jointly pursuant to this Court's *Order Directing Joint Administration*, dated April 2, 2001, Docket no. 8, under the caption *In re W. R. Grace & Co, et al.*, Case No. 01-1139 (JFK).

5. The Debtors may make such changes to the Agreement, including but not limited to executing or adopting similar, but separate merger agreements or plans of merger in order

---

[9] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Motion, the Agreement or the *First Amended Joint Plan of Reorganization* in these Chapter 11 Cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594, 24657 & 25881 (the "Plan").

to comply with relevant laws of the jurisdiction in which a Merging Subsidiary was incorporated or otherwise formed.

6. The Debtors are authorized, but not required, to undertake all necessary or advisable actions to consummate the Agreement and to eliminate the Merging Subsidiaries and to otherwise carry out the relief set forth in this Order.

7. ~~Each~~Subject to ¶ 12 below, each Claim set forth in Exhibit III and Exhibit IV is hereby expunged (the "Expunged Claims") or transferred to Grace-Conn~~.~~, or, as the case may be, the Debtor listed therein (each, a "Transferred Claims"), as indicated in the respective Exhibit.

8. The rights of each Claimant pursuant to each of its Expunged Claims shall be preserved in the corresponding surviving Claim set forth, as the case may be, in either Exhibit III ~~and~~or Exhibit IV (each, a "Surviving Claim") against Grace-Conn. or such other Debtor as is listed therein; *provided, however,* that the preservation of such Claimant's rights under each such Surviving Claim shall not affect the rights of the Debtors to object to that Surviving Claim to the extent that the Surviving Claim has not already been Allowed by a separate order of this Court or pursuant to the Plan.

9. Each scheduled Intercompany Claim set forth in Exhibit V shall be expunged~~.~~ (the "Expunged Intercompany Claims").

10. ~~Grace-Conn. shall assume: (a)~~ the benefit ~~o~~for burden, as the case may be, of the surviving Intercompany Claims listed in Exhibit VI (the "Surviving Intercompany Claims") ~~held against other Debtors by Merging Subsidiaries being eliminated; and (b) the burden of Intercompany Claims against Merging Subsidiaries being eliminated; each of which Surviving Intercompany Claims is listed in Exhibit VI~~.").

11. The Debtors are authorized, but not required, to merge the non-Debtor Subsidiaries listed on Exhibit VII into Grace-Conn., whether pursuant to the Agreement or otherwise.

12. No Expunged Claim or Expunged Intercompany Claim shall be considered expunged until such time as the Merger has been completed for the relevant Merging Subsidiary against which such Claim was originally filed or scheduled. The Debtors shall provide written notice of the completion of each such Merger to the Claims Agent, at which time the Claims Agent shall mark the Claims docket to reflect for the relevant Merging Subsidiary: (i) the expungement of each Expunged Claim and Expunged Intercompany Claim against that entity; (ii) the preservation of each Surviving Claim; and (iii) the transfer of each Transferred Claim to Grace-Conn. (or as the case may be, the Debtor listed in Exhibit III or Exhibit IV ).

13. In the event that: (a) the chapter 11 case of one or more Merging Subsidiaries is converted to chapter 7; (b) prior to the Effective Date, the Plan is amended and is thereafter substantially consummated in a form that does not contemplate distributions to creditors on a consolidated basis; (c) the Plan is withdrawn, and another plan (or separate plans for one or more Merging Subsidiaries) of reorganization that does not contemplate distributions to creditors on a consolidated basis is confirmed by this Court and thereafter is substantially consummated; or (d) a combination of the foregoing circumstances occurs, then each Expunged Claim and each Expunged Intercompany Claim of each Merging Subsidiary whose chapter 11 or chapter 7 case is not consolidated with Grace-Conn.'s chapter 11 case for purposes of distributions shall be reinstated, and the Debtors, holders of the Expunged Claims and other parties-in-interest shall have all the rights and obligations with respect to all such reinstated Expunged Claims and reinstated Expunged

Intercompany Claims as if this Order had not been entered and the Mergers at issue had not taken place, notwithstanding any applicable State law to the contrary; *provided, however*, that in no event shall any such reinstatement be construed as imposing upon Grace-Conn. the obligations and/or burdens of any Expunged Claims or Expunged Intercompany Claims as to which Grace-Conn had no liability prior to entry of this Order.

14. The Debtors shall maintain all books and records of the Merging Subsidiaries relevant to the Expunged Claims and Expunged Intercompany Claims until the Effective Date of the Plan or the date on which any other chapter 11 plan of reorganization confirmed in these chapter 11 cases is substantially consummated.

15. To the extent that a Merging Subsidiary's Merger has been completed, Grace-Conn. shall: (i) perform on behalf of that Merging Subsidiary any and all acts the Plan calls upon that Merging Subsidiary to perform; and (ii) assume all obligations of that Merging Subsidiary under the Plan.

16. Nothing in this Order shall be deemed to alter, modify, amend, or otherwise change, in any way, (i) the Sealed Air Settlement Agreement, (ii) the Fresenius Settlement Agreement, or (iii) the rights or obligations of any Entity under the Sealed Air Settlement Agreement or the Fresenius Settlement Agreement.

~~12.~~17. The Claims Agent is authorized and directed to take all actions necessary to implement the provisions of this Order.

~~13.~~18. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a), Fed. R. Bankr. P. 3007,

Del. Bankr. L. R. 3007-1 and all other applicable local rules of the Court are satisfied by such notice.

~~14.~~ 19. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order, the Agreement, the transactions contemplated thereby, the Expunged Claims, the Surviving Claims, the Expunged Intercompany Claims, the Surviving Intercompany Claims and any other matter related to any of the foregoing.

~~15.~~ 20. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 6004(h), Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2011

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge