# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) Objection Due By: December 22, 2011 at 4:00 PM | |
| | ) Hearing Date: March 28, 2012 at 9:00 AM | |

## ELEVENTH APPLICATION OF DELOITTE TAX LLP FOR ALLOWANCE OF INTERIM COMPENSATION AND EXPENSE REIMBURSEMENT FOR THE INTERIM PERIOD FROM APRIL 1, 2011 THROUGH JUNE 30, 2011

| | |
|---|---|
| Name of Applicant: | Deloitte Tax LLP ("Deloitte Tax") |
| Authorized to Provide Professional Services to: | The above-captioned Debtors |
| Date of Retention: | December 20, 2004 |
| Interim Period for which Compensation and Reimbursement is Sought ("Interim Period"): | April 1, 2011 to June 30, 2011 |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Amount of Actual Fees Incurred During the Interim Period:    $43,513.00

Amount of Interim Expense Reimbursement Sought for the Interim Period:    $27.54

Total Amount of Compensation and Expense Reimbursement Sought:    $43,540.54

This is a:    __ monthly    X interim    __ final application.

## SUMMARY OF MONTHLY APPLICATIONS COVERED HEREIN

| Application Number | Monthly Period | Filing Date | Docket Number | CNO Date | CNO Docket Number | Fees Sought | Expenses Sought | Total |
|---|---|---|---|---|---|---|---|---|
| Seventy Forth | 04/01/11-04/30/11 | | | | | $11,212.00 | $0.00 | $11,212.00 |
| Seventy Fifth | 05/01/11-05/31/11 | | | | | $15,517.00 | $22.37 | $15,539.37 |
| Seventy Sixth | 06/01/11-06/30/11 | | | | | $16,784.00 | $5.17 | $16,789.17 |
| | | | | | | | | |
| TOTAL | | | | | | $43,513.00 | $27.54 | $43,540.54 |

## COMPENSATION SOUGHT BY PROFESSIONAL

| Professional | Position | Hours Billed | Billing Rate | Compensation |
|---|---|---|---|---|
| AGUIRRE RIVERA, FEDERICO | TAX SENIOR | 0.6 | 240 | $144.00 |
| BERMAN, HOWARD J | TAX DIRECTOR | 0.5 | 680 | $340.00 |
| BROOKS, THOMAS J | TAX MANAGER | 15.6 | 480 | $7,488.00 |
| CHURI, PRIYA BHARAT | TAX MANAGER | 1.8 | 480 | $864.00 |
| DALLAS, EDWARD JOHN HENRY | TAX SENIOR | 1.5 | 400 | $600.00 |
| GORDON, JARED H | TAX PRINCIPAL | 35.25 | 680 | $23,970.00 |
| HEIKKINEN, DEBRA L | TAX DIRECTOR | 2.3 | 680 | $1,564.00 |
| HUYKE, FRANCES ANN | OP ADMIN ASSISTANT | 0.4 | 40 | $16.00 |
| KEENAN, JOHN R | TAX DIRECTOR | 2 | 680 | $1,360.00 |
| LAGARDE, STEPHEN A | TAX SENIOR MANAGER | 2 | 570 | $1,140.00 |
| MENDEZ, MADELINE | OP ADMIN ASSISTANT | 2 | 70 | $140.00 |
| NGUYEN, HOANG OANH THI | TAX CONSULTANT I | 0.5 | 290 | $145.00 |
| REED, VALERIE R | OP ADMIN ASSISTANT | 1 | 70 | $70.00 |
| SAPIR, ERIC A | TAX CONSULTANT I | 1.3 | 290 | $377.00 |
| SIMPSON, ELIZABETH | TAX SENIOR MANAGER | 2 | 570 | $1,140.00 |
| VILLATE, RICARDO J | TAX DIRECTOR | 1 | 415 | $415.00 |
| WALKER, DEBORAH | TAX PARTNER | 5.5 | 680 | $3,740.00 |
| | | | | |
| SUBTOTAL | | 75.25 | | $43,513.00 |
| Plus Expenses | | | | $27.54 |
| TOTAL COMPENSATION SOUGHT | | | | $43,540.54 |

## COMPENSATION SOUGHT BY PROJECT CATEGORY

| Project Category | Total Hours Billed | Professional Fees |
|---|---:|---:|
| General Administration | 5.1 | $2,243.00 |
| Payroll Tax | 17.4 | $9,525.00 |
| Project EDDY | 36.35 | $21,898.00 |
| Project Roma | 14.4 | $9,272.00 |
| Puerto Rico - Property Tax | 2 | $575.00 |
|  |  |  |
| **SUBTOTAL** | **75.25** | **$43,513.00** |
| Plus Expenses |  | $27.54 |
| **TOTAL COMPENSATION SOUGHT** |  | **$43,540.54** |

## EXPENSE REIMBURSEMENT BY CATEGORY

| Expense Category | Amount |
|---|---:|
| Conference call | $18.98 |
| UPS Courier Fees onl -1 PKG | $8.56 |
|  |  |
| SUBTOTAL | $27.54 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-1139 (JKF) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) Objection Due By: December 22, 2011 at 4:00 PM | |
| ) Hearing Date: March 28, 2012 at 9:00 AM | |

ELEVENTH APPLICATION OF DELOITTE TAX LLP FOR ALLOWANCE OF
INTERIM COMPENSATION AND EXPENSE REIMBURSEMENT FOR THE
INTERIM PERIOD FROM APRIL 1, 2011 THROUGH JUNE 30, 2011

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and the Court's Amended Administrative Order Under 11 U.S.C.

§§ 105(a) and 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members', signed

April 17, 2002, amending the Court's 'Administrative Order Pursuant to Sections 105(a)

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May 3, 2001 (together, the "Administrative Order"), the firm of Deloitte Tax LLP ("Deloitte Tax") hereby files this Eleventh Application ("Eleventh Interim Application") of Deloitte Tax LLP for Allowance of Interim Compensation and Expense Reimbursement for the Interim Period from April 1, 2011 Through June 30, 2011 (the Interim Period"). In support of this Eleventh Interim Application, Deloitte Tax respectfully represents as follows:

## Relief Requested

1.  For the Interim Period Deloitte Tax seeks a total amount of compensation and expense reimbursement of $43,540.54, consisting of $43,513.00 in actual fees incurred, plus expense reimbursement in the amount of $27.54, totaling $43,540.54 ($43,513.00 + $27.54 = $43,540.54).

2.  The compensation and expense reimbursement sought in connection with Eleventh Interim Application have not been included in any prior interim fee applications filed with the Court in these Chapter 11 cases.

## Background

3.  On April 2, 2001 (the "Petition Date"), each of the debtors (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are

continuing to operate their businesses and manage their properties and assets as debtors in possession. No trustee has been appointed in the Debtors' Chapter 11 cases.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

5.      On April 2, 2001, the Court entered its order that the Debtors' Chapter 11 cases be consolidated for procedural purposes only and administered jointly.

6.      The Order Pursuant to 11 U.S.C.§§ 327(a) and 328(a) and Fed R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Service Providers to the Debtors <u>Nunc Pro Tunc</u> to August 22, 2004 was entered by this Court on December 21, 2004. Prior to August 22, 2004, tax advisory services, along with certain customs procedures review services, were provided to the Debtors by Deloitte & Touche LLP ("Deloitte & Touche"). As of August 22, 2004, such services have been performed by Deloitte Tax.

7.      Pursuant to the procedures set forth in the Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and one hundred percent (100%) of the expenses requested, subject to the filing and approval of interim and final fee applications

of the professional. The professional is also required to file a quarterly interim fee application.

8.  Attached hereto as Appendix A is the Verification of Jared Gordon of Deloitte Tax.

## Monthly Fee Applications Covered Herein

9.  The monthly fee applications covered by this Eleventh Interim Application are listed on the cover pages hereto and have been previously filed with the Court in these Chapter 11 cases and are available upon request. These monthly fee applications contain detailed daily time entries describing the services provided by Deloitte Tax during the Interim Period, as well expense detail and other detailed information required to be included in fee applications filed with the Court in these Chapter 11 cases, and are available upon request.

## Prior Interim Fee Applications

10. Deloitte Tax has filed the following interim fee applications in these Chapter 11 cases:

- On September 12, 2005, Deloitte Tax filed the First Interim Application of Deloitte Tax LLP for compensation and for reimbursement of expenses for August 22, 2004 through March 31, 2005 seeking interim approval of compensation in the amount of $273,951.00 and expense reimbursement in the amount of $1,986.00.

- On June 8, 2007, Deloitte Tax filed the Second Interim Application of Deloitte Tax LLP for compensation and for reimbursement of expenses for August 1, 2005 through December 31, 2006 seeking interim approval of compensation in the amount of $154,373.00, and no expense reimbursement. (Deloitte Tax's records indicate that it did not render services to the Debtors during the three month period from April 1, 2005 through July 31, 2005. Accordingly, Deloitte Tax filed no monthly or interim fee applications for this period. In the event that Deloitte Tax subsequently discovers that it incurred fees and expenses in connection with the provision of services to the Debtors during this period, requests for payment

of such fees and expenses will be included in future monthly applications or interim fee applications of Deloitte Tax.)

- On November 11, 2007, Deloitte Tax filed the Third Interim Application of Deloitte Tax LLP for compensation and for reimbursement of expenses for January 1, 2007 through March 31, 2007 seeking interim approval of compensation in the amount of $90,835.00, and no expense reimbursement.

- On February 21, 2008, Deloitte Tax filed the Fourth Interim Application of Deloitte Tax LLP for compensation and for reimbursement of expenses for April 1, 2007 through September 31, 2007 seeking interim approval of compensation in the amount of $88,279.00 and expense reimbursement in the amount of 3,676.00.

- On November 6, 2008, Deloitte Tax filed the Fifth Interim Application of Deloitte Tax LLP for compensation and for reimbursement of expenses for October 1, 2007 through June 30, 2008 seeking interim approval of compensation in the amount of $37,915.00, and no expense reimbursement. (It appears that this that this interim application was inadvertently entered on the Court Docket in as the fifth interim application of Deloitte Tax's affiliate, Deloitte & Touche, which is also providing services to the Debtors in these Chapter 11 case, and which files separate monthly and interim fee applications on its own behalf.)

- On May 11, 2009, Deloitte Tax filed the Sixth Application of Deloitte Tax LLP for Allowance of Interim (i) Compensation and Expense Reimbursement for the Interim Period From July 1, 2008 Through December 31, 2008, and (ii) Supplemental Compensation and Expense Reimbursement for the Monthly Period from June 1, 2008 Through June 31, 2008 seeking interim approval of compensation in the amount of $188,342.00 and expense reimbursement in the amount of $2,880.00.

- On April 9, 2010, Deloitte Tax filed the Seventh Application of Deloitte Tax LLP for Allowance of Interim Compensation and Expense Reimbursement for the Interim Period from January 1, 2009 Through September 31, 2009 seeking interim approval of compensation in the amount of $125,471.0 and expense reimbursement of $2,143.00.

- On November 18, 2010, Deloitte Tax filed the Eighth Application of Deloitte Tax LLP for Allowance of Interim Compensation and Expense Reimbursement for the Interim Period from November 1, 2009 Through June 30, 2010 seeking interim approval of compensation in the amount of $115,071.00 and expense reimbursement of $13.00.

- On March 10, 2011, Deloitte Tax filed the Ninth Application of Deloitte Tax LLP for Allowance of Interim Compensation and Expense Reimbursement for the Interim Period from July 1, 2010 Through September 30, 2010 seeking interim

approval of compensation in the amount of $27,387.00 and expense reimbursement of $31.00.

- On August 1, 2011, Deloitte Tax filed the Tenth Application of Deloitte Tax LLP for Allowance of Interim Compensation and Expense Reimbursement for the Interim Period from October 1, 2011 Through March 31, 2011 seeking interim approval of compensation in the amount of $64,439.35 and expense reimbursement of $107.47.

## Disinterestedness of Deloitte Tax, Necessity of Services

11. At all relevant times, Deloitte Tax has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of Debtors.

12. All services for which compensation is requested by Deloitte Tax were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

13. During the Interim Period, Deloitte Tax has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases. Deloitte Tax has no agreement with any non-affiliated entity to share any compensation earned in these Chapter 11 cases.

14. The full scope of the professional services for which interim allowance of compensation and expense reimbursement are sought under this Eleventh Interim Application are fully described in the above-referenced monthly fee applications for the Interim Period. Such professional services were rendered in connection with Deloitte Tax's provision of tax advisory services as requested by the Debtors in these Chapter 11

cases. Deloitte Tax's services have been necessary and beneficial to Debtors and their estates, and other parties in interest.

**WHEREFORE**, Deloitte Tax respectfully requests that the Court enter an order providing (a) that Deloitte Tax be granted interim allowance of compensation in the amount of $43,513.00 and expense reimbursement in the amount of $27.54 for the Interim Period, for a total allowance of compensation and expense reimbursement for the Interim Period of $43,540.54 for reasonable and necessary professional services rendered to Debtors; (b) that Debtors be authorized and directed to pay to Deloitte Tax the outstanding amount of such sum; and (c) for such other and further relief as this Court deems proper.

Dated: December __/__, 2011

                DELOITTE TAX LLP

                _/s/ Jared Gordon_____
                Jared Gordon, Principal
                Deloitte Tax LLP
                1700 Market Street
                Philadelphia, Pennsylvania

                Telephone: 215-299-5214

Tax advisors for Debtors and Debtors-in-Possession

## APPENDIX A

### VERIFICATION

PHILADELPHIA                              :
                                          :
COMMONWEALTH OF PENNSYLVANIA              :

Jared Gordon, after being duly sworn according to law, deposes and says:

a) I am a principal with the applicant professional services firm of Deloitte Tax LLP.

b) I have personal knowledge of Deloitte Tax LLP's retention as tax advisors to the Debtors in these Chapter 11 cases.

c) I have reviewed the foregoing Eleventh Interim Application to which this verification is attached and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have been informed of Del.Bankr.LR 2016-2 and the 'Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members', signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order, except as otherwise noted herein.

_____
Jared Gordon

SWORN AND SUBSCRIBED
before me this 1ST day of December, 2011

_____
Notary Public
My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Nichelle P. Irving, Notary Public
City of Philadelphia, Philadelphia County
My commission expires March 23, 2015