# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S AMENDED COMBINED FINAL REPORT REGARDING THOSE FEE APPLICATIONS WITH *DE MINIMIS* OR NO FEE OR EXPENSE ISSUES FOR THE FORTY-FIRST INTERIM PERIOD

This is the amended[1] combined final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding all the Interim Fee Applications of those firms for which we have *de minimis*[2] or no fee or expense issues for the Forty-First Interim Period (collectively referred to hereafter as the "Applications").[3]

### BACKGROUND

1.      Anderson Kill & Olick, P.C. ("AKO"), was retained as special insurance counsel to the Official Committee of Asbestos Personal Injury Claimants. AKO seeks approval of fees totaling

---

[1] This final report is being amended to include the Applications of the following professionals, Fragomen, Del Rey, Bernsen & Loewy, LLP, (Fortieth and Forty-First Interim Periods), Baker Donelson Bearman Caldwell & Berkowitz, P. C. (Thirty-Ninth through Forty-First Interim Periods), Day Pitney LLP, and Phillips, Goldman & Spence, P.A. (Thirty-Eighth through Forty-First Interim Periods).

[2] For purposes of this report, applications with *de minimis* issues are those for which: (1) our recommended reductions total less than $500, *and* (2) the applicant has agreed to our recommended reductions.

[3] The Forty-First Interim Period encompasses April 1, 2011 through June 30, 2011 (the "Application Period"). All Applications are for the Forty-First Interim Period, unless otherwise specified.

**FEE AUDITOR'S AMENDED COMBINED FINAL REPORT** - Page 1
wrg omnibus final report 41Q 4-6.11 AMENDED v2.wpd

$360,916.50 and expenses totaling $327.07 for its services during the Application Period.

2.      David T. Austern ("Austern") was retained as the Legal Representative for Asbestos Personal Injury Future Claimants. Austern seeks approval of fees totaling $2,950.00 and no expenses for his services during the Application Period.

3.      Baker Donelson Bearman Caldwell & Berkowitz, P. C. ("Baker Donelson"), was retained as advisor for legislative affairs to the Debtors. Baker Donelson seeks approval of fees and expenses as follows: flat fees totaling $60,000.00[4] and expenses totaling $23.24 for its services from October 1, 2010 through December 31, 2010 (the "Thirty-Ninth Interim Period"); flat fees totaling $57,000.00[5] and expenses totaling $13.39 for its services from January 1, 2011 through March 31, 2011 (the "Fortieth Interim Period"); and flat fees totaling $57,000.00[6] and expenses totaling $29.20 for its services for the current Application Period.

4.      Beveridge & Diamond, P.C. ("Beveridge & Diamond"), was retained as special counsel to the Debtors. Beveridge & Diamond seeks approval of fees totaling $38,083.50 and expenses totaling $133.91 for its services during the Application Period.

5.      Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg") was retained as counsel to the Official Committee of Asbestos Property Damage Claimants. Bilzin Sumberg seeks approval of fees totaling $24,000.00 and expenses totaling $1,488.36 for its services during the

---

[4] We note that Baker Donelson lists 28.00 hours for services rendered during the Thirty-Ninth Interim Period. This computes to an effective hourly rate of $2,142.86.

[5] We note that Baker Donelson lists 25.00 hours for services rendered during the Fortieth Interim Period. This computes to an effective hourly rate of $2,280.00.

[6] We note that Baker Donelson lists 26.00 hours for services rendered during the current Application Period. This computes to an effective hourly rate of $2,192.31.

Application Period.

6.    Blackstone Advisory Services L.P. ("Blackstone") was retained as financial advisor to the Debtors. Blackstone seeks approval of a flat fee totaling $525,000.00[7] and expenses totaling $1,888.31 for its services during the Application Period.

7.    BMC Group ("BMC") was retained as Claims Reconciliation and Solicitation Consultant to the Debtors. BMC seeks approval of fees totaling $85,606.50 and expenses totaling $6,546.90 for its services during the Application Period.

8.    Campbell & Levine, LLC ("Campbell & Levine"), was retained as Delaware and associated counsel to the Official Committee of Asbestos Personal Injury Claimants. Campbell & Levine seeks approval of fees totaling $44,341.50 and expenses totaling $4,632.79 for its services during the Application Period.

9.    Capstone Advisory Group, LLC ("Capstone"), was retained as financial advisor to the Official Committee of Unsecured Creditors. Capstone seeks approval of fees totaling $222,989.50 and expenses totaling $513.61 for its services during the Application Period.

10.    Casner & Edwards, LLP ("Casner"), was retained as special litigation counsel to the Debtors. Casner seeks approval of fees totaling $40,329.50 and expenses totaling $38,258.14 for its services during the Application Period.

11.    Charter Oak Financial Consultants, LLC ("Charter Oak"), was retained as financial advisor to the Official Committee of Asbestos Personal Injury Claimants. Charter Oak seeks approval of fees totaling $84,294.00 and expenses totaling $10.32 for its services during the

---

[7]For the Application Period, Blackstone lists 1,077.50 hours worked, which computes to an effective hourly rate of $487.24.

Application Period.

12. Day Pitney LLP ("Day Pitney") was retained as special counsel to the Debtors. Day Pitney seeks approval of fees totaling $27,045.50 and no expenses for its services during the Application Period.

13. Duane Morris LLP ("Duane Morris") was retained as co-counsel to the Official Committee of Unsecured Creditors. Duane Morris seeks approval of fees totaling $75,428.50 and expenses totaling $1,358.93 for its services during the Application Period.

14. Ferry, Joseph & Pearce, P.A. ("Ferry Joseph"), was retained as counsel to the Official Committee of Asbestos Property Damage Claimants. Ferry Joseph seeks approval of fees totaling $39,422.00 and expenses totaling $1,908.37 for its services during the Application Period.

15. Foley Hoag LLP ("Foley Hoag") was retained as special environmental counsel to the Debtors. Foley Hoag seeks approval of fees totaling $42,486.00 and expenses totaling $189.35 for its services during the Application Period.

16. Fragomen, Del Rey, Bernsen & Loewy LLP ("Fragomen") was retained as immigration counsel to the Debtors. Fragomen seeks approval of fees totaling $1,500.00 and expenses totaling $355.88 for its services for the Fortieth Interim Period, and fees totaling $12,643.75 and expenses totaling $15,338.92 for its services during the current Application Period.

17. R. Karl Hill ("Karl Hill") was retained as local counsel to the Honorable Alexander M. Sanders, Jr. ("Judge Sanders"), the Legal Representative for Future Asbestos-Related Property Damage Claimants. Karl Hill seeks approval of fees totaling $9,405.00 and expenses totaling $40.00 for his services during the Application Period.

18. The Hogan Firm ("Hogan") was retained as Delaware counsel to the Canadian

Zonolite Attic Insulation ("ZAI") Claimants. Hogan seeks approval of fees totaling $42,137.00 and expenses totaling $1,646.52 for its services during the Application Period.

19.     Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") was retained as co-counsel to the Official Committee of Equity Holders. Kramer Levin seeks approval of fees totaling $91,902.50 and expenses totaling $2,143.07 for its services during the Application Period.

20.     Lauzon Bélanger Lespérance ("Lauzon Bélanger) was retained as Canadian counsel to the Canadian ZAI Claimants. Lauzon Bélanger seeks approval of fees totaling CDN $11,883.45 and expenses totaling CDN $1,743.47 for its services during the Application Period.

21.     Lincoln Partners Advisors LLC ("Lincoln") was retained as financial advisor to David T. Austern, the Asbestos Personal Injury Future Claimants' Representative. Lincoln seeks approval of flat fees totaling $180,000.00[8] and expenses totaling $3,342.16 for its services during the Application Period.

22.     Pachulski Stang Ziehl & Jones LLP ("Pachulski") was retained as counsel to the Debtors. Pachulski seeks approval of fees totaling $121,834.00 and expenses totaling $54,282.04 for its services during the Application Period.

23.     Phillips, Goldman & Spence, P.A. ("PG&S"), was retained as local counsel to David T. Austern, Future Claimants' Representative. PG&S seeks approval of fees and expenses as follows: fees totaling $103,561.50 and expenses totaling $1,372.56 for its services from July 1, 2009 through September 30, 2009 (the "Thirty-Fourth Interim Period"); fees totaling $25,559.00 and expenses totaling $2,835.06 for its services from October 1, 2009 through December 31, 2009 (the

---

[8] For the current Application Period, Lincoln recorded 272.10 hours worked, which computes to an effective hourly rate of $661.52.

**FEE AUDITOR'S AMENDED COMBINED FINAL REPORT** - Page 5
wrg omnibus final report 41Q 4-6.11 AMENDED v2.wpd

"Thirty-Fifth Interim Period"); fees totaling $27,180.00 and expenses totaling $1,896.21 for its services from January 1, 2010 through March 31, 2010 (the "Thirty-Sixth Interim Period"); fees totaling $8,370.00 and expenses totaling $249.61 for its services from April 1, 2010 through June 30, 2010 (the "Thirty-Seventh Interim Period"); fees totaling $13,980.00 and expenses totaling $84.30 for its services from July 1, 2010 through September 30, 2010 (the "Thirty-Eighth Interim Period"); fees totaling $5,655.00 and expenses totaling $59.20 for the Thirty-Ninth Interim Period; fees totaling $26,848.50 and expenses totaling $222.15 for the Fortieth Interim Period; and fees totaling $32,337.00 and expenses totaling $207.21 for its services for the current Application Period.

24.     PricewaterhouseCoopers LLP ("PwC") was retained as auditors and tax consultants to the Debtors and Debtors-in-Possession. PwC seeks approval of fees totaling $432,724.72 and expenses totaling $8,122.78 for its services during the Application Period.[9] In addition, PwC seeks approval of fees totaling $35,958.86 and expenses totaling $2,685.42 for its services on the Darex Puerto Rico Audit for March – April 2011.

25.     Reed Smith LLP ("Reed Smith") was retained as special asbestos products liability defense counsel to the Debtors. Reed Smith seeks approval of fees totaling $49,504.50 and expenses totaling $1,320.38 for its services during the Application Period.

26.     Alan B. Rich ("Alan Rich") was retained as counsel to the Honorable Alexander M. Sanders, Jr., Legal Representative for Future Asbestos-Related Property Damage Claimants. Alan

---

[9]We note for informational purposes that PwC billed the time of Audit Partners, Robert Eydt and James DePonte, at $1,052.83 per hour. During the Application Period, Mr. Eydt billed 1.0 hour for fees of $1,052.83, and Mr. DePonte billed 2.0 hours for fees of $2,105.66. In *In re USG Corporation,* Case No. 01-2094 (JKF), Transcript of Proceedings, July 19, 2004, p. 14, the Honorable Judith K. Fitzgerald asked that we call to the Court's attention any instance in which a professional's hourly rate reaches $1,000.00, and thus we are complying with the Court's request.

Rich seeks approval of fees totaling $68,900.00 and expenses totaling $820.65 for his services during the Application Period.

27. The Honorable Alexander M. Sanders, Jr. ("Judge Sanders"), was retained as the Legal Representative for Future Asbestos-Related Property Damage Claimants. Judge Sanders seeks approval of fees totaling $22,455.00 and expenses totaling $872.11 for his services during the Application Period.

28. Saul Ewing LLP ("Saul Ewing") was retained as co-counsel to the Official Committee of Equity Holders. Saul Ewing seeks approval of fees totaling $40,542.00 and expenses totaling $391.64 for its services during the Application Period.

29. Scarfone Hawkins LLP ("Scarfone Hawkins") was retained as Canadian counsel to the Canadian ZAI Claimants. Scarfone Hawkins seeks approval of fees totaling CDN $29,156.25 and expenses totaling CDN $4,036.68 for its services during the Application Period.

30. Steptoe & Johnson LLP ("Steptoe") was retained as special tax counsel to the Debtors. Steptoe seeks approval of fees totaling $600.00 and expenses totaling $3.30 for its services during the Application Period.

31. Stroock & Stroock & Lavan LLP ("Stroock") was retained as counsel to the Official Committee of Unsecured Creditors. Stroock seeks approval of fees totaling $388,620.75 and expenses totaling $4,259.75 for its services during the Application Period.

32. Woodcock Washburn LLP ("Woodcock Washburn") was retained as special litigation counsel to the Debtors. Woodcock Washburn seeks approval of fees totaling $4,570.50 and no expenses for its services during the Application Period.

33. In conducting this audit and reaching the conclusions and recommendations

contained herein, we reviewed in detail the Applications in their entirety, including each of the time and expense entries included in the exhibits to the Applications, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2011, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

## DISCUSSION

34.     We have no objections to, or issues with, any of the Applications.

## CONCLUSION

35.     In summary, for the Application Period, we recommend approval of the following fees and expenses for these Applicants:

- a.   AKO - $360,916.50 in fees and $327.07 in expenses;
- b.   Austern - $2,950.00 in fees;
- c.   Baker Donelson - $60,000.00 in fees and $23.24 in expenses for the Thirty-Ninth Interim Period; $57,000.00 in fees and $13.39 in expenses for the Fortieth Interim Period; and $57,000.00 in fees and $29.20 in expenses for the current Application Period;
- d.   Beveridge & Diamond - $38,083.50 in fees and $133.91 in expenses;
- e.   Bilzin Sumberg - $24,000.00 in fees and $1,488.36 in expenses;
- f.   Blackstone - $525,000.00 in fees and $1,888.31 in expenses;

  g.  BMC - $85,606.50 in fees and $6,546.90 in expenses;

  h.  Campbell & Levine - $44,341.50 in fees and $4,632.79 in expenses;

  i.  Capstone - $222,989.50 in fees and $513.61 in expenses;

  j.  Casner - $40,329.50 in fees and $38,258.14 in expenses;

  k.  Charter Oak - $84,294.00 in fees and $10.32 in expenses;

  l.  Day Pitney - $27,045.50 in fees;

  m.  Duane Morris - $75,393.50 in fees ($75,428.50 minus $35.00[10]) and $1,358.93 in expenses;

  n.  Ferry Joseph - $39,422.00 in fees and $1,908.37 in expenses;

  o.  Foley Hoag - $42,486.00 in fees and $189.35 in expenses;

  p.  Fragomen - $1,500.00 in fees and $355.88 in expenses for the Fortieth Interim Period, and $12,643.75 in fees and $15,338.92 in expenses for the current Application Period;

  q.  Karl Hill - $9,360.00 in fees ($9,405.00 minus $45.00[11]) and $40.00 in expenses;

  r.  Hogan - $42,137.00 in fees and $1,526.52 in expenses ($1,646.52 minus $120.00[12]);

  s.  Kramer Levin - $91,902.50 in fees and $2,126.83 in expenses ($2,143.07

---

[10] Duane Morris agreed to a $35.00 fee reduction for a time entry in which there was a mathematical error.

[11] Karl Hill agreed to a $45.00 fee reduction for a time entry in which there was a mathematical error.

[12] Hogan agreed to withdraw its request for $120.00 in wire transfer fees.

minus $16.24[13]);

  t. Lauzon Bélanger - CDN $11,883.45 in fees and CDN $1,743.47 in expenses;

  u. Lincoln Partners - $180,000.00 in fees and $3,342.16 in expenses;

  v. Pachulski - $121,834.00 in fees and $54,282.04 in expenses;

  w. PG&S - $103,561.50 in fees and $1,372.56 in expenses for the Thirty-Fourth Interim Period, $25,559.00 in fees and $2,835.06 in expenses for the Thirty-Fifth Interim Period, $27,180.00 in fees and $1,896.21 in expenses for the Thirty-Sixth Interim Period, $8,370.00 in fees and $249.61 in expenses for the Thirty-Seventh Interim Period, $13,980.00 in fees and $84.30 in expenses for the Thirty-Eighth Interim Period, $5,655.00 in fees and $59.20 in expenses for the Thirty-Ninth Interim Period, $26,373.50 in fees ($26,848.50 minus $475.00[14]) and $222.15 in expenses for the Fortieth Interim Period, and $32,337.00 in fees and $207.21 in expenses for the current Application Period;

  x. PwC - $432,724.72 in fees and $8,122.78 in expenses for the Application Period, as well as $35,958.86 in fees and $2,685.42 in expenses for its services on the Darex Puerto Rico Audit for March -- April 2011;

  y. Reed Smith - $49,504.50 in fees and $1,320.38 in expenses;

  z. Alan Rich - $68,900.00 in fees and $820.65 in expenses;

  aa. Judge Sanders - $22,455.00 in fees and $872.11 in expenses;

  bb. Saul Ewing - $40,542.00 in fees and $391.64 in expenses;

---

[13] Kramer Levin agreed to a $16.24 reduction for a meal expense which exceeded our recommended guidelines.

[14] PG&S agreed to a $475.00 reduction for a mathematical error in one of its time entries. *See* Appendix A for further discussion of this and other issues.

**FEE AUDITOR'S AMENDED COMBINED FINAL REPORT** - Page 10
wrg omnibus final report 41Q 4-6.11 AMENDED v2.wpd

cc. Scarfone Hawkins - CDN $29,156.25 in fees and CDN $4,036.68 in expenses;

dd. Steptoe & Johnson - $600.00 in fees and $3.30 in expenses;

ee. Stroock - $388,620.75 in fees and $4,259.75 in expenses; and

ff. Woodcock Washburn - $4,570.50 in fees.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul Street, Suite 1250
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 2nd day of December, 2011.

_____
Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicants**
Robert Y. Chung
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

David T. Austern
Claims Resolution Management Corporation
3110 Fairview Park Drive, Suite 200
Falls Church, VA 22042-0683

E. Franklin Childress, Jr.
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103

Pamela D. Marks
Beveridge & Diamond, P.C.
201 N. Charles Street, Suite 2210
Baltimore, MD 21201

Scott L. Baena
Jay M. Sakalo
Matthew I. Kramer
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

John James O'Connell III
Managing Director
Blackstone Advisory Services L.P.
345 Park Avenue
New York, NY 10154

Myrtle H. John
BMC Group
600 1st Avenue, Suite 300
Seattle, Washington 98104

Marla R. Eskin
Mark T. Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
800 North King Street, Suite 300
Wilmington, DE 19899

Edwin N. Ordway, Jr.
Capstone Advisory Group, LLC
Park 80 West
250 Pehle Avenue, Suite 105
Saddle Brook, NJ 07663

Robert A. Murphy
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

James P. Sinclair
Charter Oak Financial Consultants, LLC
430 Center Avenue
Mamaroneck, NY 10543

Anthony J. Marchetta
Day Pitney LLP
One Jefferson Road
Parsippany, NJ 07054

Michael R. Lastowski
Richard W. Riley
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

Michael B. Joseph
Theodore J. Tacconelli
Lisa L. Coggins
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 1000
P. O. Box 1351
Wilmington, DE 19899

Adam P. Kahn
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600

Scott E. Bettridge
Fragomen, Del Rey, Bernsen & Loewy LLP
One Alhambra Plaza, Suite 600
Coral Gables, FL 33134

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE 19806

Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Jason Solganick
Lincoln Partners Advisors LLC
360 Madison Avenue, 21st Floor
New York, NY 10017

James E. O'Neill
Laura Davis Jones
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Kathleen M. Miller
Stephanie S. Habelow
Smith, Katzenstein & Furlow LLP
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)

Kurt F. Gwynne
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222

Alan B. Rich
4244 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Teresa K. D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

Anne E. Moran
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C.  20036

Lewis Kruger
Kenneth Pasquale
Arlene Krieger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

Gary H. Levin
Woodcock Washburn LLP
Cira Centre – 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
John Donley
Adam C. Paul
Kirkland & Ellis LLP
300 N. LaSalle Street
Chicago, IL 60654

**Official Committee of Asbestos Personal Injury Claimants**
Elihu Inselbuch, Esq.
Rita C. Tobin
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

**FEE AUDITOR'S AMENDED COMBINED FINAL REPORT** - Page 13
wrg omnibus final report 41Q 4-6.11 AMENDED v2.wpd

# APPENDIX A

# (PG&S - 40th Interim)

1.  We noted certain time entries in which there was a discrepancy between the total amount billed and the time recorded in parentheses within the time entry. See Exhibit 1. We asked PG&S whether it agreed that fee adjustments were appropriate for these time entries, and PG&S responded by agreeing to a net reduction of $475.00. We appreciate PG&S' response and recommend a reduction of $475.00 in fees.

2.  We noted the following time entry which appeared to include non-working travel time:

02/23/11    JCP    1.50    712.50    Travel to and from Philadelphia, Pennsylvania for Hearing.

Pursuant to Local Rule 2016-2(d)(viii): "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates." We asked PG&S whether the required 50% discount had been applied to this time. PG&S responded that "(t)he reduction was taken by only billing one half of the time."[15] We accept PG&S response and have no objection to these fees.

---

[15]Because the travel time between Wilmington, Delaware, and Philadelphia is ordinarily only 45 minutes one-way, or 1 1/2 hours round trip, we asked PG&S for additional information on this issue. PG&S' representative responded:

> I had to travel to the hearing during rush hour and on the way home I took Roger Frankel to the train station which was out of the way and then required that I take a longer route home.

We accept this response and have no objection to these fees.

**FEE AUDITOR'S AMENDED COMBINED FINAL REPORT** - Page 14
wrg omnibus final report 41Q 4-6.11 AMENDED v2.wpd

## Exhibit 1

| JCP | 01/07/11 | Review of Order Granting Debtors' Motion to File Reply to Libby Claimants' and BNSF's Objections to Motion to Approve CNA Settlement (.1); review of Order Granting Leave to CNA to File Reply re: same (.2); review of CNA's Reply and supporting Declaration (.1); review of Order Approving Swiss Re Settlement (.1); review of Order Approving Settlement of Massachusetts Tax Claim (.1); review of CNA's Response to Libby Claimants' Request for Production (.1). | 0.80 | 380.00 |

The time recorded in parentheses totals 0.70 hours for fees of $332.50. Thus, it appeared there was an overcharge of $47.50.

| JCP | 02/23/11 | E-mail from counsel for Debtor re: revised Order re: Appeals with enclosure (.1); review of same (.4); conference with Roger Frankel and Rick Wyron re: same (.6); Court appearance re: same (1.2); e-mail from James Burke re: drafting proposed Order denying BNSF's Motion for Reconsideration (.1). | 3.40 | 1,615.00 |

The time recorded in parentheses totals 2.40 hours for fees of $1,140.00. Thus, it appeared there was an overcharge of $475.00.

| JCP | 03/01/11 | Review of 3/1/11 Order re: Rule 9033 Objections (.1); review of 2nd Amended Agenda for 3/2/11 Hearing (.1); review of Her Majesty's Preliminary Objection to 1/31/11 Opinion Confirming 1st Amended Plan (.1); review of Montana's Preliminary Objection to same (.1); review of Montan's Joinder in BNSK's Motion for Reconsideration (.1); review of Her Majesty's Joinder in same (.1); review of as filed copy of Joint Counter Designations re: CNA Appeal (.1); review of CNA's Designations as Appellees of Additional Items to be Included in Record of Appeal (.1). | 0.70 | 332.50 |

The time recorded in parentheses totals 0.80 hours for fees of $380.00. Thus, it appeared there was an undercharge of $47.50.