# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Garlock Sealing Technologies LLC<br><br>    Appellant,<br><br> v.<br><br>Law Offices of Peter G. Angelos PC, *et al.*,<br><br>    Appellees. | Civil Action Nos. | 11-1130 (LPS)<br>11-1131 (LPS)<br>11-1132 (LPS)<br>11-1133 (LPS)<br>11-1134 (LPS)<br>11-1135 (LPS)<br>11-1136 (LPS)<br>11-1137 (LPS)<br>11-1138 (LPS) |
| In re<br><br> ACandS, Inc.,<br><br> Armstrong World Industries, Inc.,<br><br> Combustion Engineering, Inc.,<br><br> The Flintkote Company,<br><br> Kaiser Aluminum Corp.,<br><br> Owens Corning,<br><br> US Mineral Products Company,<br><br> USG Corp., and<br><br> W.R. Grace & Co.,<br><br>    Debtors. | Bankr. Case Nos. | 02-12687 (JFK)<br><br>00-04471 (JFK)<br><br>03-10495 (JFK)<br><br>04-11300 (JFK)<br><br>02-10429 (JFK)<br><br>00-03837 (JFK)<br><br>01-02471 (JFK)<br><br>01-02094 (JFK)<br><br>01-01139 (JFK) |

**MOTION OF APPELLANT GARLOCK SEALING TECHNOLOGIES LLC
TO PROCEDURALLY CONSOLIDATE ABOVE-CAPTIONED APPEALS**

Garlock Sealing Technologies LLC ("Garlock"), the appellant in the above-captioned nine appeals (the "Appeals"), hereby moves (the "Motion") for entry of an order procedurally consolidating the Appeals, all of which arise from identical Opinions and Orders (as defined below) entered in nine asbestos-related chapter 11 bankruptcy cases by the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge for the Western District of Pennsylvania, sitting by designation in the United State Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").[1] In support of this Motion, Garlock respectfully states as follows:

## INTRODUCTION

1. The Appeals pending before this Court arise out of separate but essentially identical motions filed by Garlock in each of the above-captioned nine asbestos-related bankruptcy cases venued in the Bankruptcy Court (the "Bankruptcy Cases"). Garlock has appealed from identical Opinions and Orders (defined below) entered in each case on October 7, 2011, that denied Garlock's motions filed in all nine Bankruptcy Cases. The record relating to the motions is substantially identical in all nine Bankruptcy Cases.

2. Garlock believes that the procedural consolidation of its nine Appeals from the Bankruptcy Cases will promote judicial economy and efficiency, given the substantial identity of issues, facts, and parties in the Appeals.

---

[1] Garlock is also the appellant in three appeals before the United States District Court for the Western District of Pennsylvania (the "W.D. Pa. District Court") that likewise arise from identical Opinions and Orders entered by Judge Fitzgerald in three asbestos-related chapter 11 bankruptcy cases venued in the United States Bankruptcy Court for the Western District of Pennsylvania (the "W.D. Pa. Bankruptcy Court").

**STATEMENT OF RELEVANT BACKGROUND**

3. Garlock is a manufacturer of sealing products, headquartered in Palmyra, New York. The company formerly manufactured asbestos-containing products, principally gaskets and packing containing encapsulated asbestos, and has been a defendant in lawsuits alleging asbestos-related personal injury for over 35 years.

4. Garlock's position in asbestos litigation changed significantly in 2000, when the most prominent defendants in asbestos litigation – all of whom were co-defendants in cases filed against Garlock – began to file for bankruptcy. Between 2000 and 2004, dozens of companies filed bankruptcy (the "Bankruptcy Wave").

5. The consequences of the Bankruptcy Wave eventually pushed Garlock into bankruptcy. On June 5, 2010, Garlock and two of its affiliated entities filed for chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Western District of North Carolina. Their chapter 11 cases are jointly administered as *In re Garlock Sealing Technologies LLC,* Case No. 10-31607 (Bankr. W.D.N.C.), before the Honorable George R. Hodges.

6. As a result of Garlock's need to obtain information related to claims estimation and other matters in its bankruptcy case, in January 2011, Garlock filed substantially identical motions (the "Original 2019 Access Motions") in the Bankruptcy Cases pending before Judge Fitzgerald. In each such motion, Garlock requested, pursuant to its right to public access to judicial documents, to obtain access to exhibits to statements under Rule 2019 of the Federal Rules of Bankruptcy Procedure 2019 (the "2019 Exhibits") filed by law firms representing asbestos personal injury claimants in the Bankruptcy Cases.

7. Section 107(a) of the Bankruptcy Code provides that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to

3

examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). Members of the public can be denied access to judicial documents only if the documents are "the kind of information that courts will protect" and giving access to the documents would "work a clearly defined and serious injury to the party seeking closure." *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 194 (3d Cir. 2001). The 2019 Exhibits are merely held by the Clerk of Court and have never been formally sealed from public access, but under orders entered by the Bankruptcy Courts, must be obtained through motion and order. The 2019 Exhibits contain, among other things, the names of asbestos personal injury creditors represented by the law firms in the Bankruptcy Cases, as well as other evidence material to Garlock, such as admissions of exposure to each debtor's products.

8. At a hearing held on February 14, 2011, Judge Fitzgerald instructed Garlock that the Bankruptcy Court would not consider Garlock's request for access to the 2019 Exhibits unless Garlock filed formal motions to intervene in the Bankruptcy Cases and, in certain Bankruptcy Cases that were closed, motions to reopen.[2] Therefore, on February 18, 2011, Garlock re-filed its original motion, and filed a motion to intervene in all of the Bankruptcy Cases, along with a motion to reopen in the closed Bankruptcy Cases. Specifically, Garlock filed the following three motions:

(i) *Motion of Garlock Sealing Technologies LLC for Entry of an Order, Pursuant to 11 U.S.C. § 350(b), Fed.R. Bankr. P. 3020(d), 3022, and 5010, Reopening Chapter 11*

---

[2] While Garlock believed that intervention and reopening of the closed cases were unnecessary, it had requested such relief pursuant to the Original 2019 Access Motions to the extent the Bankruptcy Court ruled that Garlock could not have access to the 2019 Exhibits without intervening in the cases and/or having the closed cases reopened. The Bankruptcy Court, however, believed that this manner of seeking such relief was procedurally defective.

*Bankruptcy Cases for the Limited Purpose of Seeking Access to 2019 Statements* (the "Motion to Reopen");

(ii) *Motion of Garlock Sealing Technologies LLC to Intervene for Limited Purpose of Seeking Access to Judicial Records* (the "Motion to Intervene"); and

(iii) *Motion of Garlock Sealing Technologies LLC for Orders Authorizing Access to 2019 Statements Filed in This Court and for Related Relief* (the "2019 Access Motion" and together with the Motion to Reopen and Motion to Intervene, the "Garlock Motions").[3]

9. Various parties objected to one or more of the Garlock Motions, with many objecting to all three motions in several, if not all, of the Bankruptcy Cases. Given the identical relief requested and the substantial identity of the parties, Judge Fitzgerald held a consolidated contested hearing on the Garlock Motions on March 28, 2011. No party objected to handling these matters via a consolidated hearing. At the close of the hearing, Judge Fitzgerald took the matters under advisement.

10. On October 7, 2011, the Bankruptcy Court issued an identical *Order Denying Motions for Access to 2019 Statements, Denying Motions to Intervene and Denying Motions to Reopen Certain Closed Cases* (the "Orders") and a companion *Memorandum Opinion* (the "Opinions") in each of the Bankruptcy Cases. By the Opinions and Orders, the Bankruptcy Court denied the relief requested in the Garlock Motions.

11. Garlock timely filed these Appeals on October 12, 2011.

12. On October 26, 2011, Garlock filed its *Statement of Issues and Designation of Items to be Included in Record on Appeal by Appellant Garlock Sealing*

---

[3] The 2019 Access Motions filed in each Bankruptcy Case were essentially identical to one another and to the Original 2019 Access Motions. Additionally, all of the Motions to Intervene were essentially identical to one another, and all of the Motions to Reopen were essentially identical to one another.

Case 01-01139-AMC Doc 28329 Filed 01/06/12 Page 6 of 10

*Technologies LLC* in each of the Bankruptcy Cases. As with Garlock's other filings, this document was filed in substantially the same form in each of the Bankruptcy Cases, with Garlock identifying the same appeal issues and designating the same record items for each of the appeals. Certain of the appellees have filed counter-designations of the record pursuant to Bankruptcy Rule 8006.[4] The deadline to file counter-designations for the appellate record expired on November 9, 2011.

13. On November 16, 2011, these Appeals were docketed in this Court, and on November 23, 2011, all nine Appeals were assigned to the Honorable Leonard P. Stark, United States District Judge.

14. Substantially contemporaneous with the filing of this Motion, Garlock is filing emergency motions to bypass appellate mediation and to expedite these Appeals.

### RELIEF REQUESTED

15. By this Motion, Garlock respectfully requests that the Appeals pending before this Court be procedurally consolidated for the purposes of further proceedings in this Court, including briefing and oral argument, if any.

16. To this end, Garlock requests that the Appeals pending in this Court be administered under the first docketed appeal, Civil Action No. 11-1130 (LPS), under the case

---

[4] Certain of these appellees have also filed so-called "re-statement of the issues on appeal", which is improper and not contemplated by Bankruptcy Rule 8006. *See Appellees', The Law Offices of Peter G. Angelos, P.C.; Baron & Budd, P.C.; Brayton Purcell, LLP, Hissey Kientz, LLP; The Lipman Law Firm; Reaud Morgan & Quinn, Inc.; Thornton & Naumes, LLP; Waters & Kraus, LLP; Weitz & Luxenberg, P.C.; and Williams Kherkher Hart Boundas, LLP, Re-Statement of the Issues on Appeal and Designation of Additional Items to be Included in Record on Appeal.*

name "In re Motions for Access of Garlock Sealing Technologies LLC" (the "<u>Consolidated Appeal</u>"), using the following case caption:

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Motions for Access of Garlock Sealing Technologies LLC | Civil Action No. 11-1130 (LPS) |

       17.    In further aid of this consolidation, and to ensure that all parties to the Appeals, or otherwise interested in the Appeals, can reference one docket for all information and pleadings related to the appeals, Garlock requests that a docket entry be made on the docket of each of the other Appeals stating as follows:

> An Order has been entered in this appeal directing the procedural consolidation of this appeal under Civil Action No. 11-1130 (LPS) (D. Del.). The docket in Civil Action No. 11-1130 (LPS) should be consulted for all matters affecting this appeal.

Further, all papers to be filed in the Appeals, whether before or after consolidation, should be filed or deemed filed, as applicable, in the docket of the Consolidated Appeal.

## **ARGUMENT**

       18.    Although the Bankruptcy Rules do not speak directly to a district court's authority to consolidate appeals, Bankruptcy Rule 8018(b) reserves broad discretion to district courts over the management of bankruptcy appeals. It provides that in connection with an appeal from a bankruptcy court, a "district judge may regulate practice in any manner consistent with federal law, these rules, Official Forms, and local rules . . . ." Fed. R. Bankr. P. 8018(b). The Advisory Committee Note to Bankruptcy Rule 8002, in turn, provides: "The district courts and bankruptcy appellate panels have inherent authority to consolidate appeals."

19. Consistent with the foregoing, this Court can freely analogize to the practice for consolidating appeals under Rule 3(b) of the Federal Rules of Appellate Procedure ("FRAP"). FRAP 3(b)(2), applicable by analogy here, provides: "When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals."[5] *See also* 28 U.S.C. § 158(c)(2) ("An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ."). Because these Appeals, despite having overlapping parties and subject matter, arise from separate underlying Bankruptcy Cases, consolidation, rather than joinder, is the correct result here.[6]

20. Procedurally consolidating the Appeals is in the best interests of the Court and all parties because it minimizes the chance of conflicting judgments, promotes judicial economy, avoids unnecessary costs to the parties, and prevents unnecessary inconvenience to the Court. Courts have recognized that is appropriate for a district court to consolidate two or more bankruptcy appeals when the appeals involve common issues of law or fact. *See, e.g., Tully*

---

[5] *See also* Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: . . . (2) consolidate the actions . . . .").

[6] The advisory committee note to FRAP 3 explains the distinction between joinder and consolidation as follows:

A joint appeal is authorized only when two or more persons may appeal from a single judgment or order. A joint appeal is treated as a single appeal and the joint appellants file a single brief. Under existing Rule 3(b) parties decide whether to join their appeals. They may do so by filing a joint notice of appeal or by joining their appeals after filing separate notices of appeal.

In consolidated appeals the separate appeals do not merge into one. The parties do not proceed as a single appellant. Under existing Rule 3(b) it is unclear whether appeals may be consolidated without court order if the parties stipulate to consolidation. The language resolves that ambiguity by requiring court action.

Fed. R. App. P. 3, advisory committee's notes to 1998 amendment.

*Constr. Co., Inc. v. Cannonsburg Envtl. Assoc., Ltd. (In re Cannonsburg Envtl. Assoc., Ltd.)*, 72 F.3d 1260, 1269 (6th Cir. 1996) (citing Fed. R. Bankr. P. 8018 and Fed. R. Civ. P. 42 for the proposition that "courts are routinely granted authority to consolidate related matters" on appeal); *In re Be-Mac Transport Co., Inc.*, 83 F.3d 1020, 1027 (8th Cir. 1996) (holding that it was within the district court's discretion to consolidate related bankruptcy appeals that involved common facts); *Nichols v. Farmers & Merchs. Bank,* 172 F.3d 867, 1999 WL 129698 (5th Cir. 1999) (unpublished) (consolidating appellants' multiple appeals from different decisions of the bankruptcy court in underlying bankruptcy case); *Weinman v. Ad Hoc Protective Comm. for Showbiz S'holders (In re Integra Realty Res., Inc.),* 262 F.3d 1089, 1098 (10th Cir. 2001) (consolidating eight appeals from order approving settlement with defendant class in bankruptcy related litigation). Consolidation is appropriate even when such appeals arise out of separate cases or proceedings. *See, e.g., United States v. Mills,* 613 F.3d 1070, 1071 & n.1 (11th Cir. 2010) (consolidating defendants' unrelated appeals that raised a common legal issue regarding sentencing); *Ellis v. City of Carrollton*, 213 F.3d 636 (5th Cir. April 12, 2000) (consolidating appellant's appeals from dismissal of two civil rights complaints).

21. While the nine Appeals filed in this Court each arise out of different underlying Bankruptcy Cases, they all appeal from the exactly identical Opinions and Orders entered in all nine Bankruptcy Cases, which denied identical Garlock Motions filed in all nine cases.[7] The nine Appeals involve identical legal questions and a common set of facts. Further, there is substantial overlap of parties who objected to the Garlock Motions and are now appellees in these Appeals. Without consolidation, the parties will be forced to file at least nine copies of

---

[7] The Motion to Reopen was filed in only the closed cases.

the same or substantially similar papers on nine different dockets, and the Court will be required to maintain, monitor and administer the several dockets and appeals. For these reasons, consolidating the Appeals is necessary and appropriate to promote judicial economy, avoid unnecessary costs to the parties, and prevent unnecessary inconvenience to the court.

## CONCLUSION

22. For the reasons stated herein, Garlock respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A** hereto, procedurally consolidating the Appeals from the Bankruptcy Court's Orders and Opinions and granting related relief.

Dated: December 6, 2011                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Gregory W. Werkheiser* .
Gregory W. Werkheiser (DE Bar No. 3553)
Matthew B. Harvey (DE Bar No. 5186)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: 302-658-9200
Fax: 302-658-3989

- and –

ROBINSON, BRADSHAW & HINSON, P.A.
Garland S. Cassada
Richard C. Worf, Jr.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel: 704-377-8317
Fax: 704-373-3917

**Attorneys for Garlock Sealing Technologies LLC**