## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | | |
|---|---|---|---|
| Garlock Sealing Technologies LLC, | : | | |
| | : | Civ. Nos. | 11-1130-LPS |
| Appellant, | : | | 11-1131-LPS |
| | : | | 11-1132-LPS |
| v. | : | | 11-1133-LPS |
| | : | | 11-1134-LPS |
| Law Offices of Peter G. Angelos PC, *et al.*, | : | | 11-1135-LPS |
| | : | | 11-1136-LPS |
| Appellees. | : | | 11-1137-LPS |
| | : | | 11-1138-LPS |
| | : | | |
| In Re: | : | | |
| | : | | |
| ACandS, Inc., | : | Bankr. Case No. 00-12687-JFK | |
| | : | | |
| Armstrong World Industries, Inc., | : | Bankr. Case No. 00-04471-JFK | |
| | : | | |
| Combustion Engineering, Inc., | : | Bankr. Case No. 03-10495-JFK | |
| | : | | |
| The Flintkote Company, | : | Bankr. Case No. 04-11300-JFK | |
| | : | | |
| Kaiser Aluminum Corp., | : | Bankr. Case No. 02-10429-JFK | |
| | : | | |
| Owens Corning, | : | Bankr. Case No. 00-03837-JFK | |
| | : | | |
| US Mineral Products Company, | : | Bankr. Case No. 01-02471-JFK | |
| | : | | |
| USG Corp., and | : | Bankr. Case No. 01-02094-JFK | |
| | : | | |
| W.R. Grace & Co., | : | Bankr. Case No. 01-01139-JFK | |
| | : | | |
| Debtors. | : | | |
| | : | | |

## <u>ORDER</u>

WHEREAS, Garlock Sealing Technologies LLC ("Garlock"), the appellant in the

above-captioned nine appeals (the "Appeals"), filed in each case on December 6, 2011: (1) an

Emergency Motion (I) to Expedite Briefing and Hearing on These Appeals, (II) to Bypass

Appellate Mediation and (III) for Related Relief (the "Emergency Motion"), and (2) a Motion to Procedurally Consolidate the Above-Captioned Appeals (the "Consolidation Motion," and together, with the Emergency Motion, the "Motions");

WHEREAS, on October 12, 2011, Garlock appealed from an identical Order Denying Motions for Access to 2019 Statements, Denying Motions to Intervene and Denying Motions to Reopen Certain Closed Cases (the "Orders") and a companion Memorandum Opinion (the "Opinions") entered in each of the nine above-referenced, asbestos-related chapter 11 bankruptcy cases (the "Bankruptcy Cases") on October 7, 2011, by the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge for the Western District of Pennsylvania, sitting by designation in the United State Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on November 16, 2011, these Appeals were docketed in this Court, and on November 23, 2011, all nine Appeals were assigned to the undersigned District Judge;

WHEREAS, Garlock is also the appellant in three appeals pending before the United States District Court for the Western District of Pennsylvania (the "Western District Court") that likewise arise from identical Opinions and Orders entered by Judge Fitzgerald in three asbestos-related chapter 11 bankruptcy cases venued in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Western District Bankruptcy Court");

WHEREAS, by its Emergency Motion, Garlock has requested that the Court expedite briefing of, and hearing on, the Appeals, thereby allowing the Court to decide the Appeals of the October 7, 2011 decisions entered by the Bankruptcy Court on a schedule consistent with one in place with respect to the three appeals currently pending in the Western District Court, involving identical Opinions and Orders, and substantially the same parties and issues;

2

WHEREAS, by its Emergency Motion, Garlock has also requested that the Court exercise discretion under Federal Rule of Bankruptcy Procedure 8009(a) and the July 23, 2004 standing Order ("In re: Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District") of the United States District Court for the District of Delaware, and order the by-pass of mandatory appellate mediation;

WHEREAS, by its Emergency Motion, Garlock has further requested that the Court confirm the applicability of the page limits for briefs set forth in Rule 8010(c) of the Federal Rules of Bankruptcy Procedure, so that principal briefs shall not exceed 50 pages, and reply briefs shall not exceed 25 pages, exclusive of pages containing the table of contents, tables of citations and any addendum containing statutes, rules, regulations, or similar material;

WHEREAS, by its Consolidation Motion, Garlock has requested that this Court exercise its discretion under Federal Rule of Bankruptcy Procedure 8018(b) to administratively manage these nine bankruptcy Appeals, and procedurally consolidate the Appeals for the purposes of further proceedings in this Court, including briefing and oral argument, if any;

WHEREAS, on December 12, 2011, the Court issued an Oral Order directing the Appellees to respond to the Motions on or before December 13, 2011, and directing that Appellant file a reply, if any, by December 14, 2011;

WHEREAS, due and sufficient notice of the Emergency Motion and Consolidation Motion having been given; and it appearing that no other or further notice need be provided; and upon the record herein; and it appearing that the relief requested in the Motions is supported by good cause in that it will, among other things, promote judicial economy and efficiency; and having considered all parties' responses and replies with regard to the relief requested in the

3

Motions, and it appearing therefrom that there is a general consensus among the parties and lack of opposition to the relief requested, and after due deliberation and sufficient cause appearing therefor;

WHEREAS, given Garlock's confirmation that the opening brief that it will file in the Delaware Appeals is substantively identical to the opening brief that it filed in the Western District Court Appeals on December 12, 2011, the Court will **GRANT** the Emergency Motion and direct the parties to file briefs in these Appeals on a schedule substantially concurrent with the briefing schedule in place in the Western District Court;

WHEREAS, the Court will also **GRANT** the Emergency Motion and permit the by-pass of appellate mediation;

WHEREAS, the Court will further **GRANT** the Emergency Motion and direct that all briefs shall conform to the page limit requirements requested therein;

WHEREAS, the Court will **GRANT** the Consolidation Motion and consolidate the Appeals for procedural purposes only, as further detailed below;

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1.    The appellate mediation requirement is **WAIVED**.

2.    The parties shall adhere to the following briefing schedule:

a)    Appellant's Opening Brief on appeal shall be filed **on December 19, 2011**.

b)    Each Appellee's Answering Brief on appeal shall be filed **on or before January 13, 2012**.

c)    Appellant's Reply Brief on appeal shall be filed **on or before January 27, 2012**.

4

3.     All briefs shall conform to the page limit requirements of Fed. R. Bankr. P.

8010(c).

4.     The Appeals pending in this Court shall be administered under the first docketed

appeal, Civil Action No. 11-1130-LPS, under the case name "In re Motions for Access of

Garlock Sealing Technologies LLC" (the "Consolidated Appeal"), using the following case

caption:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

| Motions for Access of Garlock Sealing | : | |
|---|---|---|
| Technologies LLC | : | Civ. No. 11-1130-LPS |
| _____ | : | |

5.     In further aid of this consolidation, and to ensure that all parties to the Appeals, or

otherwise interested in the Appeals, can reference one docket for all information and pleadings

related to the appeals, a docket entry shall be made on the docket of each of the other Appeals

stating as follows:

> An Order has been entered in this appeal directing the procedural
> consolidation of this appeal under Civil Action No. 11-1130-LPS
> (D. Del.). The docket in Civil Action No. 11-1130-LPS should be
> consulted for all matters affecting this appeal.

6.     All papers to be filed in the Appeals, whether before or after consolidation, should

be filed or deemed filed, as applicable, in the docket of the Consolidated Appeal.

7.     The parties to the Appeals are hereby authorized to utilize a combined service list

for the Appeals.

5

December 16, 2011

Honorable Leonard P. Stark
UNITED STATES DISTRICT JUDGE