# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al., ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |
| ) | Hearing Date: January 23, 2012 at 9:00 a.m. |
| ) | Re: Docket No. 27621 |

**STIPULATION AND AGREED ORDER RESOLVING MOTION OF INTRAWEST CALIFORNIA HOLDINGS, INC., ET AL. FOR RELIEF FROM THE AUTOMATIC STAY [DOCKET NO. 27621]**

W. R. Grace & Co. and certain of its affiliates, as debtors and debtors in possession, including W. R. Grace & Co.-Conn (collectively, the "Debtors"), and Intrawest California Holdings, Inc., Intrawest Retail Groups, Inc., 22 Station Development Corporation, First Ascent Development Corporation and Intrawest Corporation (collectively, "Intrawest" or the "Movants," and collectively with the Debtors, the "Parties"), hereby stipulate, as set forth below (this "Stipulation and Order"), to resolve the *Motion of Intrawest for Relief from the Automatic Stay* [Docket No. 27621] (the "Motion"). In connection with this Stipulation and Order, the Parties respectfully state as follows:

WHEREAS, on or about May 20, 2010, Squaw Valley Neighborhood Company, a non-profit corporation comprised of owners of residential and commercial units within the Squaw Valley Neighborhood Company development, filed a Complaint in the Superior Court of the State of California for the County of Placer against Intrawest and other defendants for unspecified damages (the "State Court Litigation").

K&E 20679620

WHEREAS, on or about April 6, 2011, the Movants filed a cross-complaint in the State Court Litigation against, among others, W. R. Grace & Co.-Conn. ("Grace"), improperly named in the cross-complaint as Grace Construction Products, seeking unspecified damages (the "Claim").

WHEREAS, the Movants' cross-complaint in the State Court Litigation alleges that Grace and other cross-defendants inspected, installed, constructed, designed, manufactured and/or supplied defective component parts incorporated into the Squaw Valley Neighborhood Company development.

WHEREAS, at the time of the events at issue in the State Court Litigation, the Debtors were covered by primary layer general commercial liability insurance with a $250,000 deductible and a $7.5 million limit, issued by American Home Insurance Company for the policy period June 30, 2000, to June 30, 2001, with policy number RM GL 612-38-15 (the "American Home Policy").

WHEREAS, on April 2, 2001, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

WHEREAS, the Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of title 11 of the Bankruptcy Code.

WHEREAS, on January 31, 2011, this Court issued its Memorandum Opinion [Dkt. No. 26154] and Recommended Findings of Fact, Conclusions of Law and Order, regarding Confirmation of First Amended Joint Plan of Reorganization and Order Confirming Plan of Reorganization [Dkt. No. 26155] (collectively, the "Confirmation Order"), and appeals of this Court's Confirmation Order are pending in the United States District Court for the District of Delaware.

WHEREAS, on September 19, 2011, the Movants filed the Motion seeking relief from the automatic stay imposed by 11 U.S.C. § 362 (the "Automatic Stay"). Specifically, the Motion seeks "to obtain relief from the automatic stay to proceed with the current state court action and collect any judgment from any available insurance, up to the limits of such insurance." (Motion at 1.)

NOW, THEREFORE, in consideration of the mutual promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby STIPULATED AND AGREED between the Parties that:

1. The Automatic Stay is modified to allow the Movants to liquidate the Claim in the State Court Litigation through adjudication in the Superior Court of California or settlement.

2. Movants agree that as the result of liquidating any judgment or settlement against Grace arising out of the State Court Litigation, they will take no action against the estates of any of the Debtors for the purpose of collecting on the judgment or settlement.

3. Movants agree that if they obtain a judgment against or enter into a settlement involving Grace in the State Court Litigation, they shall proceed to collect such judgment or settlement only from the proceeds of the American Home Policy, up to the limits of said policy.

4. Movants specifically waive (i) the right to take any action to collect from or against the estates of any of the Debtors as a result of the liquidation of any judgment or settlement against Grace in the State Court Litigation; and (ii) the right to file a claim against any of the Debtors in the Chapter 11 proceedings with respect to the liquidation of any judgment or settlement against Grace in the State Court Litigation.

5. Notwithstanding the agreements set forth in Paragraphs 1 through 5 above, Grace reserves any and all rights to appear in, participate in and defend itself in the State Court Litigation, and Movants agree that Grace shall have these rights.

6. The Motion is hereby withdrawn.

7. This Stipulation and Order shall be binding on and inure to the benefit of the Parties hereto and their respective successors and assigns.

8. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Order.

9. This Stipulation and Order may be executed in one or more counterparts, each of which when so executed and delivered shall be an original, but all of which when taken together shall constitute one and the same instrument.

10. This Stipulation and Order shall not be modified, altered, amended or vacated without written agreement of the Parties.

11. This Court shall retain jurisdiction, and the Parties consent to such retention of jurisdiction, to resolve any disputes or controversies arising from or related to this Stipulation and Order. Any motion or application brought before the Court to resolve a dispute arising from or related to the Stipulation and Order shall be brought on proper notice upon the undersigned parties in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States District Court for the District of Delaware.

Stipulated and Agreed to this __6__ day of January, 2012

| LINCOLN, GUSTAFSON & CERCOS | KIRKLAND & ELLIS LLP |
|---|---|
| */s/ Darcie A. Colihan* | */s/ Lisa G. Esayian* |
| Darcie A. Colihan | Lisa G. Esayian |
| 225 Broadway, Suite 2000 | 300 N. LaSalle |
| San Diego, CA 92101 | Chicago, IL 60654 |
| Telephone: (619) 233-1150 | Telephone: (312) 862-2000 |
| Facsimile: (619) 233-6949 | Facsimile: (312) 862-2200 |
| Email: dcolihan@lgclawoffice.com | Email: lisa.esayian@kirkland.com |

and

and

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

PACHULSKI STANG ZIEHL & JONES LLP

Tracy A. Burleigh, Esquire (Bar No. 3609)
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899
Telephone: (302) 552-4304
Facsimile: (302) 651-7905
Email: taburleigh@mdwcg.com

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: kmakowski@pszjlaw.com

*Attorneys for Intrawest California Holdings, Inc., Intrawest Retail Groups, Inc., 22 Station Development Corporation, First Ascent Development Corporation and Intrawest Corporation*

*Attorneys for the Debtors and Debtors in Possession*

5

K&E 20679620