## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: February 27, 2012, at 9:00 a.m.** |
| | ) | **Objection Deadline:  February 10, 2012 at 4:00 p.m.** |
| | ) | |

## MOTION FOR AN ORDER EXTENDING THE TERM OF THE CREDIT AGREEMENT WITH ADVANCED REFINING TECHNOLOGIES LLC

The Debtors respectfully move this Court (the "Motion") for entry of an order substantially in the form attached hereto as Exhibit A (the "Order") authorizing the Debtors to amend the credit agreement between W. R. Grace & Co.-Conn. ("Grace") and Advanced Refining Technologies LLC ("ART") to extend its termination date to February 28, 2013.[2]

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2]  Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Limited Liability Company Agreement dated as of March 1, 2001, as amended thereafter (the "Operating Agreement"), that certain credit agreement between W. R. Grace & Co.-Conn. ("Grace") and Advanced Refining Technologies, LLC ("ART"), as amended from time to time (the "Grace ART Credit Agreement") or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases* [Docket no. 25881], as it may be further

In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Motion are 363(b) of the Bankruptcy Code and Fed. R. Bankr. P. 6004.

## BACKGROUND

3.      Since 2001, Grace and Chevron Products Company, a division of Chevron U.S.A. Inc. ("Chevron USA"), have held ART as a joint venture. Each of Grace and Chevron USA currently holds a 50% equity interest in ART. ART develops, manufactures and sells hydroprocessing catalysts, which are used in the petroleum refining industry for the removal of certain impurities from petroleum feedstock.

4.      Grace and Chevron Capital Corporation, an affiliate of Chevron USA ("Chevron Capital") have entered into separate, substantially identical credit agreements with ART (collectively, as amended from time to time, the "ART Credit Agreements"; the credit agreement between Grace and ART being the "Grace ART Credit Agreement") under which they each provide ART with a separate $15 million revolving line of credit. The Grace ART Credit Agreement expires on February 28, 2012.[3]

_____

supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

[3]    This Court has approved extensions of the term of the Grace ART Credit Agreement and other amendments pursuant to orders entered on January 22, 2004 [Docket No. 4965], March 24, 2006 [Docket No. 12119], March 10, 2008 [Docket No. 18259], October 28, 2009 [Docket No. 23596], February 16, 2010 [Docket No. 24298], and February 4, 2011 [Docket No. 26200] (the latter order extending the Grace ART Credit Agreement's expiry until February 28, 2012). For further details on the Grace ART Credit Agreement, see, Debtors' Motion for an

5.      The ART Credit Agreements provide financing to ART for working capital requirements so that excess cash from ART's business operations can be used to pay dividends to Grace and Chevron and/or to fund ART growth without such cash having to be tied up to fund periodic working capital "spikes." In 2012 and thereafter, ART expects to continue experiencing such spikes in working capital requirements, and it therefore will continue to require the existing lines of credit, particularly if excess cash has been either distributed in dividends or used to further invest in the ART joint venture.  For these reasons, Grace and Chevron Capital have determined that they should extend the ART Credit Agreement's expiration dates to February 28, 2013.

<u>**RELIEF REQUESTED**</u>

6.      By this Motion, the Debtors seek an order authorizing, but not requiring, the Debtors to amend the Grace ART Credit Agreement to extend its term to February 28, 2013.

<u>**ANALYSIS**</u>

7.      Section 363(b) of the Bankruptcy Code provides, in relevant part, that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b).  Courts in this jurisdiction may approve such use of estate property outside the ordinary course of business if the debtor establishes that:

> (1) a sound business purpose exists for the sale; (2) the sale price is fair; (3) the debtor has provided adequate and reasonable notice; and (4) the purchaser has acted in good faith.

*In re Decora Indus.*, 2002 U.S. Dist. LEXIS 27031, 7-8 (D. Del. May 20, 2002), citing *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991).  *See also In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d

---

*Order Extending the Term of the Credit Agreement with Advanced Refining Technologies* LLC, dated January 15, 2010 [Docket No. 24152].

Cir. 1983); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) ("In evaluating whether a sound business purpose justifies the use, sale or lease of property under Section 363(b), courts consider a variety of factors, which essentially represent a 'business judgment test'."); *Fulton State Bank v. Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) ("a debtor's decision must be supported by an articulated business justification"); *Stephen Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986) (adopting the "sound business purpose" standard for sales proposed pursuant to section 363(b)).

8.    Once the debtor has articulated such a valid business purpose, however, a presumption arises that the debtor's decision was made on an informed basis, in good faith and in the honest belief that the action was in the debtor's best interest. *See In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992). A party-in-interest seeking to challenge the debtor's valid business purpose must "produce some evidence supporting its objections." *Montgomery Ward*, 242 B.R. at 155.

9.    As discussed below, extending the Grace ART Credit Agreement's expiry until February 28, 2013, satisfies each of these factors and is in the best interests of the Debtors and their estates, and their creditor constituencies and equity holders.  Moreover, the relief requested in this Motion is substantially identical to the relief granted by this Court last year in its *Order Extending the Term of the Credit Agreement with Advanced Refining Technologies, LLC*, dated February 4, 2011, Docket No. 26200:

***Sound Business Reason***

10.    In view of the nature of ART's business operations and working capital requirements, Grace and Chevron Capital have concluded that it is more cost-effective to continue the existing lines of credit than it would be for ART to hold excess cash in order to meet fluctuations in working capital requirements if and when they occur.

*Fair and Reasonable Consideration*

11.     Grace believes that maintaining the Grace ART Credit Agreement provides the most cost-effective means of managing its investment in the ART joint venture.

*Good Faith*

12.     The Debtors have negotiated the extension of the Grace ART Credit Agreement at arm's length and in good faith.

*Adequate and Sufficient Notice*

13.     In satisfaction of the requirements of Fed. R. Bankr. P. 2002, the Debtors intend to serve copies of this Motion on all parties as provided herein.

## CONCLUSION

14.     In light of the foregoing, the Debtors submit that the Court should enter the Order authorizing the Debtors to extend the Grace ART Credit Agreement's expiry until February 28, 2013, because that extension is in the best interest of the Debtors' estates and satisfies the "sound business judgment" test for the use of estate assets outside the ordinary course of business under section 363(b) of the Bankruptcy Code.

## NO PREVIOUS MOTION

15.     No previous motion for the relief sought herein has been made to this or any other court.

## NOTICE

16.     Notice of this Motion has been given to:  (i) the Office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested

service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) counsel to Chevron USA and Chevron Capital.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) authorizing the Debtors to extend the Grace ART Credit Agreement's expiry to February 28, 2013; and (b) granting such other and further relief as the Court deems just and proper.

Dated:  January 23, 2012

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

BAER HIGGINS FRUCHTMAN LLC
Janet S. Baer
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession