## EXHIBIT A

### Form of Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re docket no.** _____ |
| | ) **Hearing Agenda item no.** _____ |

## ORDER DISALLOWING CLAIM NO. 2114 IN ITS ENTIRETY

Upon consideration of the *Objection Seeking Disallowance of Claim No. 2114 of NY Inc.*,

dated December 3, 2010 [Docket no. 25864] (the "Original Objection") and the *Supplemental*

*Objection Seeking Disallowance of Claim No. 2114 of NY Hillside, Inc.*, dated February 9, 2012

(the "Supplemental Objection," which together with the Original Objection comprise the

"Objections"); it appearing that the relief requested is in the best interests of the Debtors, their

estates, their creditors and other parties in interest; the Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of

the Motion having been adequate and appropriate under the circumstances; and after due

deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1.      The relief requested in the Objections is granted in its entirety.

2.      Claim no. 2114 is disallowed in its entirety and is expunged.

3.      Mr. Charles Jurgens and Mr. Mahguib El Arabi shall be forever barred from asserting a

        claim of any kind against the Debtors, the Reorganized Debtors or their successors or

        assigns, the gravamen of which is related to or arising from Claim no. 2114.

4.      The Debtors are authorized and directed to instruct their claims agent to mark the

        Debtors' Claims Register to reflect the disallowance and expungement of Claim no.

        2114.

5.      Counsel for Debtors shall immediately serve all parties in interest who do not receive

        electronic notice and shall file a certificate of service forthwith.

6.      The Debtors are authorized to take all other actions that may be necessary to undertake

        the disallowance and expungement of Claim no. 2114.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from or

        relating to the implementation of this Order, the disallowance and expungement of Claim

        no. 2114 and all other related matters.

---

[2]     Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the
        Objections or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases,* Docket no. 25881, as
        it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits
        to the foregoing, as they may be in effect from time to time (the "Plan").

8.      This Order shall be effective and enforceable immediately upon entry and its provisions

shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R.

Bankr. P. 6004, Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2012


_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge