```
              IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF DELAWARE


IN RE:                        .    Chapter 11
                              .
W.R. GRACE & CO.,             .    Case No. 01-01139(JKF)
et al.,                       .    Jointly Administered
                              .
         Debtors.             .    Dec. 19, 2011 (9:05 a.m.)
                              .    (Wilmington)

                    TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE JUDITH K. FITZGERALD
                UNITED STATES BANKRUPTCY COURT JUDGE
```

Appearances:

| | |
|---|---|
| For the Debtors: | Janet S. Baer, Esq.<br>Roger Higgins, Esq.<br>Baer Higgins Fruchtman LLC<br>Kathleen P. Makowski, Esq.<br>Pachulski, Stang, Ziehl & Jones<br>Adam Paul, Esq.<br>Kirkland & Ellis<br>Richard Finke, Esq.<br>W.R. Grace & Co. |
| For Maryland Casualty: | Gabriella Cellarosi, Esq.<br>Edward Longosz, Esq.<br>Eckert, Seamans, Cherin & Mellott<br>Jeffrey C. Wisler, Esq.<br>Connolly, Bove, Lodge & Hutz LLP |
| For Property Damage FCR: | Alan B. Rich, Esq.<br>Law Office of Alan B. Rich |
| For Everest Reinsurance: | Leslie A. Davis, Esq.<br>Mark Plevin, Esq.<br>Crowell & Moring LLP<br>Brian L. Kasprzak, Esq.<br>Marks, O'Neill, O'Brien & Courtney |
| For the Asbestos Committee: | Robert M. Horkovich, Esq.<br>Anderson, Kill & Olick<br>Mark Hurford, Esq.<br>Campbell & Levine<br>Peter Lockwood, Esq.<br>Caplin & Drysdale<br>Jay Sakalo, Esq.<br>Bilzin, Sumberg, Baena, Price |

```
For the Committee of      Arlene G. Krieger, Esq,
Unsecured Creditors:      Stroock & Stroock & Lavan LLP
                          Michael R. Lastowski, Esq.
                          Duane Morris LLP

For Alexander Sanders:    Alexander Sanders, Jr., Esq.
                          Alexander Sanders, Jr.
```

Audio Operator: Dana Moore

Transcriber: Elaine M. Ryan
        (302) 683-0221

    Proceedings recorded by electronic sound recording;
      transcript produced by transcription service.

1          THE CLERK: All rise.

2          THE COURT: Good morning, please be seated.

3          ALL: Good morning, Your Honor.

4          THE COURT: The first matter is W.R. Grace,

5    Bankruptcy No. 01-1139.  Participating by phone: Janet Baer,

6    Gabriella Cellarosi, Leslie Davis, Richard Finke, Roger

7    Higgins, Robert Horkovich, Mark Hurford, Brian Kasprzak,

8    Arlene Krieger, Michael Lastowski, Peter Lockwood, Edward

9    Longosz, Kathleen Makowski, Adam Paul, Mark Plevin, Alan

10   Rich, Jay Sakalo, Alexander Sanders, Jeffrey Wisler - that's

11   all.

12         MS. BAER (TELEPHONIC): Good morning, Your Honor.

13   Janet Baer on behalf of the debtors.

14         THE COURT: Good morning, Ms. Baer.

15         MS. BAER (TELEPHONIC): Your Honor, this should be a

16   very quick hearing.  We only have one matter left on the

17   agenda.  Matters 1 through 3 were continued.  Matter 4 was

18   the fee matter where the order was entered.  Matter 5 was

19   withdrawn and that takes us to matter 6 which is the debtors'

20   application to amend the employment order related to PWC.

21   Your Honor, a certificate of no objection was filed, but we

22   understand that the Court has some questions about this and

23   Adam Paul on behalf of the debtors is on to respond to any

24   questions the Court may have.

25         THE COURT: All right.  My concern simply is that

1  it's asking the PWC not be responsible for keeping time
2  records in accord with the case management order, and my
3  concern is that this case is still on - Well, it's before the
4  District Court and whatever the status is for confirmation,
5  and to the extent that it comes back and I have to rule on
6  fees, I need the time records.  I don't know how I'm going to
7  be able to make the rulings without the time records.  So,
8  that's my issue.  Mr. Paul?
9              MR. PAUL (TELEPHONIC): Yes.  Good morning, Your
10 Honor.  Thanks for scheduling this short hearing so we can
11 address any concerns that you have.  Essentially the genesis
12 of this application to amend came to the client because the
13 client has been renegotiating the fee structure with PWC.  I
14 approached the U.S. Trustee and the Fee Examiner with the
15 suggestion that PWC be allowed to dispense, as you point out,
16 with keeping their detailed monthly time records but instead
17 provide a summary, a more detailed summary in the fee
18 application itself along with a spreadsheet that shows the
19 hours by individual and the total amount of hours worked on
20 the Grace matter by each PWC individual with the
21 understanding that to the extent that the U.S. Trustee or the
22 Fee Examiner needed further information with respect to what
23 PWC is doing, they could always do so, and then also with the
24 understanding that what PWC is doing at this point is not
25 restructuring related, it's only focused on auditing work or

1  compliance with Sarbanes-Oxley, and so given the fact that
2  we're not dealing with any restructuring work, given the fact
3  that we've got a history here of, I believe it's 108 monthly
4  fee applications, which doesn't sound good when you say it,
5  108 monthly fee applications, that all of them have been
6  granted following the filing of a CNO, and so, given the
7  history here you deal to determine - "you" meaning either the
8  Court, the U.S. Trustee, the Fee Examiner, whether or not
9  there's a material difference even setting aside the fact
10 that of course my client's going to be able to tell whether
11 or not there's a material difference in PWC's fees.  So,
12 given all of that, we thought that it would be best to
13 dispense with PWC having to keep those detailed time records
14 which would also save the estate a significant amount of
15 money going forward if this case continues on to the Third
16 Circuit and, you know, who knows how long that might take.
17 So that's the thought process behind it, Your Honor.
18         THE COURT: Well, I appreciate the thought process.
19 I was pretty sure that's what the thought process was, but I
20 still don't know how I'm going to make the comparisons that I
21 need to make without the detail if that's something that I'm
22 going to have to continue to do, and based on the fact that
23 the total fees in this case, according to the last
24 spreadsheet, has exceeded $147 million it seems to me that
25 the additional amounts that would be required for PWC to keep

1  those records are probably not material.  So, what is the

2  difference in keeping the time records versus doing what

3  you're suggesting?

4         MR. PAUL (TELEPHONIC): From what I understand from

5  PWC over a 12-month period it could allow for a savings to

6  the estate of approximately $100,000.  So, from our

7  perspective and given this is only with respect to PWC who's

8  only focused on auditing work that was material to Grace

9  especially in the context of renegotiating the fee structure

10 for PWC going forward which, again, not only do we hope that

11 the Court would grant this application which would allow for

12 savings, but we're also negotiating, hopefully, a lower fee

13 structure so the fees monthly by PWC wouldn't even exceed the

14 previous 108 monthly fee applications that they filed.

15        THE COURT: Well, I've explained my concern, Mr.

16 Paul.  I don't think I'm going to grant the order as it's

17 currently crafted, so, you either need to go back and

18 renegotiate or you need to get PWC within some form of, you

19 know, the typical monthly retainers that don't come before

20 the Court because they're within the fee cap that the Court's

21 previously authorized or something.  I just don't know how

22 I'm going to be able to make that assessment without the

23 detailed records, and -

24        MR. PAUL (TELEPHONIC): Would - Pardon me, Your

25 Honor.  Would the Court be amenable to allowing PWC to keep -

1  rather than keep it in tenths of an hour increments, there is
2  precedent for allowing PWC specifically or other auditors to
3  keep time records in either half hour or hour increments and
4  that way you can determine the amount of time spent by a PWC
5  auditor on a particular matter, however, it's not going to be
6  as taxing, no pun intended, for the PWC auditor to keep those
7  time records?
8         THE COURT: I don't have a problem with half hour or
9  hour time increments except for the fact that occasionally
10 there are things like telephone calls that are two minutes.
11 So, how do I make those assessments?  That's the problem.  My
12 responsibility in looking at these things is to essentially
13 true-up what's happening within the case, and the Fee
14 Auditor, frankly, has been doing a fabulous job, but the Fee
15 Auditor too has had the opportunity to compare one
16 professional with another, and I understand that when you're
17 doing audit work you can be working for a very long time on a
18 specific project and if that's the case you work 8 hours a
19 day, for example on one project, that's pretty easy just to
20 say you've worked 8 hours a day on one project, you don't
21 have to worry about tenth of an hour increments.  So, I'm
22 still at a loss as to where there is going to be a material
23 time savings and where the detail is somehow or other going
24 to be different that the ten-minute intervals.  I'm not
25 trying to be difficult, Mr. Paul.  It's just that, you know,

1  I have an obligation too.  One thing that the <u>Busy Beaver</u>
2  decision was quite clear about is this Court has to do an
3  independent examination of the fees, and so I think I need it
4  in the fashion that helps me.  It's not just the U.S. Trustee
5  and the debtor, it's the Court too.  So, I'm not going to
6  grant this the way it is.  If you can put it into some other
7  fashion that satisfies the issues, fine, but - not that
8  $100,000 isn't a lot of money, it's about my full salary, so
9  I appreciate the fact that it's a lot of money in the
10 abstract, but compared to what's happened with respect to the
11 fees overall, it's a pittance.  So, I just don't see at this
12 time that the problem that this Court may face if it has to
13 go back and have the records redone when the information may
14 not be available warrants that type of change at this time in
15 this case.  So -
16          MR. PAUL (TELEPHONIC): I appreciate that, Your
17 Honor.
18          THE COURT: All right, so, you know, I think you
19 need to readjust.  I'm willing to take - If a particular
20 timekeeper has done nothing but work on the audit of one of
21 the enterprises, and that's what the record says, you know, 8
22 hours, 10 hours, however much it is on that audit work, I
23 will accept that, but to the extent that there is something
24 that's been done in smaller increments, I think it has to be
25 carried out that way at least until the District Court

1    determines that the case actually is or isn't confirmed.  If

2    it's confirmed, you won't get so much of a problem with me

3    even if it goes to the Third Circuit, but at this point, I

4    don't know what the District Court's going to do and I don't

5    know if it's coming back here.

6                MR. PAUL (TELEPHONIC): I appreciate that, Your

7    Honor.  To the extent that the District Court rules in favor

8    of the debtor, then we would - I would assume, the Court

9    wouldn't have an objection to us renewing the motion at that

10   point during the pendency of an appeal to the Third Circuit,

11   if there is one.

12               THE COURT: I have no problem with your renewing

13   this motion at any point in time but specifically then.

14               MR. PAUL (TELEPHONIC): Okay, very well, Your Honor.

15               THE COURT: All right, so, do you want to go back

16   and - Do you want me to put this on next month's agenda to

17   see if you can get this worked out on a certification of

18   counsel?

19               MR. PAUL (TELEPHONIC): Yeah, that would work, or,

20   you know, hopefully the District Court may enter an order in

21   the intervening period.

22               THE COURT: I hope so, but just in case not, then

23   it's continued to the January omnibus and if you file a new

24   order on a COC I'll certainly take a look at it.  I have no

25   problem with anything else in the request other than this

1  timekeeping issue.

2          MR. PAUL (TELEPHONIC): Okay, Your Honor, thank you.

3          THE COURT: Ms. Baer?

4          MS. BAER (TELEPHONIC): Your Honor, I think that

5  concludes the agenda from the debtors' perspective.

6          THE COURT: Okay, thank you all.  Happy Holidays.

7          All: Thank you, Your Honor, same to you.

8          (Whereupon at 9:16 a.m., the hearing in this matter

9  was concluded for this date.)

10

11

12

13

14

15

16

17

18          I, Elaine M. Ryan, approved transcriber for

19 the United States Courts, certify that the foregoing is a

20 correct transcript from the electronic sound recording of the

21 proceedings in the above-entitled matter.

22

/s/ Elaine M. Ryan                    February 10, 2012
Elaine M. Ryan
2801 Faulkland Rd.
Wilmington, DE 19808
(302) 683-0221