## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: June 18, 2012** |
| | ) | **Objection Deadline: TBD** |
| | ) | |

**SUMMARY OF FOURTH QUARTERLY INTERIM VERIFIED APPLICATION OF BAER HIGGINS FRUCHTMAN LLC FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM OCTOBER 1, 2011, THROUGH DECEMBER 31, 2011[2]**

| | |
|---|---|
| Name of Applicant: | **Baer Higgins Fruchtman LLC** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retention Order entered February 4, 2011, effective as of January 1, 2011** |

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  This application is for the fourth quarter in which Applicant has been retained in these chapter 11 cases. It relates to the 43rd quarter of the chapter 11 cases for purposes of review of fees and expenses.

Period for which compensation and
reimbursement is sought:                          **October 1, 2011, through December 31, 2011**

Amount of Compensation sought as actual,
reasonable and necessary:                                              **$307,117.50**

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:                                   **$5,955.81**

This is a ___ monthly _X_ quarterly application.  Previous fee applications:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| February 28, 2011 | Jan.1-31, 2011 | $106,532.50 | $7,884.34 | Interim approval | Interim approval |
| March 28, 2011 | Feb.  1-28, 2011 | $141,095.00 | $6,912.07 | Interim approval | Interim approval |
| April 29, 2011 | March 1-31, 2011 | $94,245.00 | $5,623.31 | Interim approval | Interim approval |
| May 31, 2011 | Jan.- Mar., 2011 | $341,872.50 | $20,419.72 | Interim approval | Interim approval |
| June 6, 2011 | April 1-30, 2011 | $126,115.00 | $6,719.75 | Interim approval | Interim approval |
| June 28, 2011 | May 1-31, 2011 | $137,742.50 | $649.13 | Interim approval | Interim approval |
| July 28, 2011 | June 1-31, 2011 | $179,485.00 | $7,869.26 | Interim approval | Interim approval |
| August 2, 2011 | Apr. -June 2011 | $443,342.50 | $15,238.14 | Interim approval | Interim approval |
| August 29, 2011 | July 1-31, 2011 | $117,850.00 | $5,127.01 | Interim approval | Interim approval |
| September 28, 2011 | Aug. 1-31, 2011 | $95,347.50 | $812.62 | Interim approval | Interim approval |
| October 28, 2011 | Sept. 1-30, 2011 | $146,110.00 | $1,716.51 | Interim approval | Interim approval |
| November 8, 2011 | July – Sept. 2011 | $359,307.50 | $7,656.14 | Pending | Pending |
| November 29, 2011 | Oct. 1-31, 2011 | $127,765.00 | $2,158.14 | Interim approval | Interim approval |
| December 28, 2011 | Nov. 1-30, 2011 | $104,060.00 | $2,036.03 | Interim approval | Interim approval |
| January 30, 2012 | Dec. 1-31, 2011 | $75,292.50 | $1,761.64 | Pending | Pending |

BHF has filed certificates of no objection with the Court for the October and November

Monthly Fee Applications, because no objections were filed with the Court within the objection

period.  The objection deadline for the December Fee Application is February 19, 2012.  The

hearing for this interim period of October 1, 2011, through December 31, 2011, (the "Fee

2

Period") has been scheduled for June 18, 2012.  Janet S. Baer and Roger J. Higgins both

rendered professional services in these cases during the Fee Period:

| Name of Professional Person | Position with the Applicant and Year Admitted | | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Janet S. Baer | Member | 1982 | Restructuring | 625.00 | 173.10 | $108,187.50 |
| Roger J. Higgins | Member | 1997 | Restructuring | 475.00 | 418.80 | $198,930.00 |
| Total Hours Billed and Compensation Request by Attorney | | | | | 591.90 | $307,117.50 |

There are no paraprofessionals of BHF who rendered professional services in these cases

during the Fee Period who have charged fees to the Debtors.

Grand Total for Fees:          $307,117.50

Grand Total for Expenses:       $5,955.81

## COMPENSATION BY MATTER

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 3 | Business Operations | 338.70 | $171,862.50 |
| 4 | Case Administration | 24.40 | $14,680.00 |
| 5 | Claim Analysis Objection & Resolution (Asbestos) | 16.70 | $10,437.50 |
| 6 | Claim Analysis Objection & Resolution (Non-asbestos) | 67.10 | $35,682.50 |
| 8 | Employee Benefits/Pension | 3.40 | $1,615.00 |
| 10 | Employment Applications, Others | 32.70 | $15,532.50 |
| 11 | Fee Applications, Applicant | 22.10 | $11,622.50 |
| 12 | Fee Applications, Others | 3.00 | $1,755.00 |
| 13 | Financing | 24.10 | $11,447.50 |
| 14 | Hearings | 4.10 | $2,067.50 |
| 15 | Litigation and Litigation Consulting | 22.00 | $13,120.00 |
| 16 | Plan and Disclosure Statement | 33.60 | $17,295.00 |
|  | Total Hours Billed and Compensation Requested | 591.90 | $307,117.50 |

## EXPENSE SUMMARY

| Service Description | Amount |
|---|---|
| Long Distance/Conference Telephone Charges/Internet | $4,264.96 |
| Online research | $1,536.85 |
| Court fees | $ 154.00 |
| Total Expenses | $5,955.81 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. Grace & Co., et al.[3] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Hearing Date: June 18, 2012** |
| | ) **Objection Deadline: TBD** |

**FOURTH QUARTERLY INTERIM VERIFIED APPLICATION OF BAER HIGGINS
FRUCHTMAN LLC FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT
OF EXPENSES AS BANKRUPTCY COUNSEL TO W. R. GRACE & CO., ET AL., FOR
THE INTERIM PERIOD FROM OCTOBER 1, 2011, THROUGH DECEMBER 31, 2011**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended,

the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the

*Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim*

*Compensation and Reimbursement of Professionals and Official Committee Members* (the

"Interim Compensation Order"), the *Amended Administrative Order under 11 U.S.C. §§ 105(a)*

*and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of*

---

[3] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*Expenses for Professionals and Official Committee Members* (the "Amended Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Baer Higgins Fruchtman LLC ("BHF"), bankruptcy co-counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order (the "Fourth Quarterly Fee Application") allowing BHF for the interim quarterly period from October 1, 2011, through December 31, 2011 (the "Fee Period"): (i) compensation in the amount of $307,117.50 for the reasonable and necessary legal services BHF has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that BHF has incurred in the amount of $5,955.81.  In support of this Fourth Quarterly Fee Application, BHF respectfully states as follows:

**BACKGROUND**

*Retention of BHF*

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only.  Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      By this Court's order dated February 4, 2011, the Debtors were authorized to retain BHF as their co-counsel, effective as of the January 1, 2011, with regard to the prosecution of the Chapter 11 Cases and all related matters (the "Retention Order").  The Retention Order authorizes the Debtors to compensate BHF at BHF's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred,

2

subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

***Monthly Interim Fee Applications Covered Herein***

3.     Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order (the "Notice Parties") may object to any such request.   If no Notice Party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.     Furthermore, and also pursuant to the Amended Interim Compensation Order, within 45 days of the end of each quarter, professionals are to file and serve upon the Notice Parties a quarterly request (each such request, a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application.   If the Court grants the relief requested by the Quarterly fee application, the debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the monthly fee applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications.   Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.      The Fourth Quarterly Fee Application's Fee Period is October 1, 2011, through December 31, 2011.   BHF is submitting this application pursuant to the Amended Interim Compensation Order for compensation for services rendered that BHF has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

6.      BHF has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

   a.   *Summary Application of Baer Higgins Fruchtman LLC for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from October 1, 2011 through October 31, 2011*, filed November 29, 2011 (the "October Fee Application") attached hereto as Exhibit A; and

   b.   *Summary Application of Baer Higgins Fruchtman LLC for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from November 1, 2011 through November 30, 2011*, filed December 28, 2011 (the "November Fee Application") attached hereto as Exhibit B; and

   c.   *Summary Application of Baer Higgins Fruchtman LLC for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al. for the Monthly Interim Period from December 1, 2011, through December 31, 2011*, filed January 30, 2011 (the "December Fee Application", collectively with the October and November Fee Applications, the "Applications") attached hereto as Exhibit C.

7.      The respective periods for objecting to the fees and expense reimbursement requested in the October and November Monthly Fee Applications passed without any objections being filed, and the Debtors filed certificates of no objection with the Court for each of the October and November Monthly Applications.  The Debtors have either paid or will pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested in those Monthly Fee Applications.  The objection deadline for the December Fee Application is February 19, 2011.

8.      BHF has advised and represented the Debtors as co-counsel in connection with the operation of their businesses and other matters arising in the performance of their duties as a debtors-in-possession during the Fee Period covered by the Fourth Quarterly Fee Application. Furthermore, BHF has prepared various pleadings, motions and other papers submitted to this Court for consideration, has appeared before this Court during hearings regarding these cases and has performed various other professional services that are described in the Applications.

*Previous Quarterly Fee Applications*

9.      BHF has filed three previous Quarterly Fee Applications.  The Court approved the first two  such Quarterly Fee Applications at the following hearings:

| Quarterly Fee Application | Order Dated | Docket No. |
|---|---|---|
| First (January 1, 2011 – March 31, 2011) | September 20, 2011 | 27622 |
| Second (April 1, 2011 – June 30, 2011) | December 14, 2011 | 28150 |

10.     The Court is scheduled to hear the Third Quarterly Fee Application, for the period of July 1, 2011, though September 30, 2011, at the hearing currently set for March 28, 2012.

*Requested Relief*

11.     By this Fourth Quarterly Fee Application, BHF requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by BHF for the Fee Period as detailed in the Applications, less any amounts previously paid to BHF pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order.  As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A , B , and C.

*Disinterestedness*

12.     As disclosed in the *Affidavit of Janet S. Baer in Support of the Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Baer Higgins Fruchtman LLC as Co-Counsel to the Debtors* (the "Affidavit"), filed on January 3, 2011, BHF does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

13.     BHF may have in the past represented or may likely in the future represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. BHF disclosed in the Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.  BHF will update the Affidavit when necessary and when BHF becomes aware of material new information.

<u>R</u>EPRESENTATIONS

14.     BHF believes that the Fourth Quarterly Fee Application complies with the requirements of Del.Bankr.LR 2016-2 and the Amended Interim Compensation Order.

15.     BHF performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

16.     During the Fee Period, BHF has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Amended Interim Compensation Order.

17.     Pursuant to Fed. R. Bank. P. 2016(b), BHF has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other

than with the partners, counsel and associates of BHF, or (b) any compensation another person or

party has received or may receive in connection with the Chapter 11 Cases.

**[remainder of this page is intentionally left blank]**

WHEREFORE, BHF respectfully requests that the Court enter an order providing that (a) for the Fee Period, October 1, 2011, through December 31, 2011, an administrative allowance be made to BHF in the sum of (i) $307,117.50 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $5,955.81 for reimbursement of actual and necessary costs and expenses incurred, for a total of $313,073.31; (b) the Debtors be authorized and directed to pay to BHF the outstanding amount of such sums less any sums previously paid to BHF pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order; and (c) this Court grant such further relief as is equitable and just.

Dated: February 10, 2012                Respectfully submitted,

                                        Baer Higgins Fruchtman LLC


                                        _____
                                        Roger J. Higgins

                                        Baer Higgins Fruchtman LLC
                                        111 East Wacker Drive
                                        Suite 2800
                                        Chicago, IL 60601
                                        (312) 836-4022