**Exhibit D**

**Approval Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re docket no. _____ |
| | ) Hearing Agenda item no. _____ |
| | ) |

## ORDER APPROVING COMPROMISE AND SETTLEMENT

On consideration of the *Motion for Entry of an Order Approving Settlement* (the

"Motion"), filed by the Debtors (as defined in the Motion) pursuant to 11 U.S.C. § 105 and Rule

9019(a) of the Federal Rules of Bankruptcy Procedure; the Court having jurisdiction to consider

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of

---

[1]         The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

1

the Motion having been adequate and appropriate under the circumstances and under the

applicable rules, and no further notice being necessary; any objection to the Motion being

overruled; the Court having reviewed the terms of the proposed Settlement (as defined in the

Motion) among the Parties (as defined in the Motion), [2] and after due deliberation and sufficient

cause appearing therefor and having determined that the Settlement is fair and equitable, in the

best interests of the Debtors' estates and their creditors, is a reasonable exercise of business

judgment by the Debtors and falls within the range of a reasonable settlement of the issues, it is

hereby ORDERED that

1.    The Motion is GRANTED in its entirety as provided herein and, to the full extent

necessary, the Settlement and the Private Parties Agreement (as defined in the Motion) are

approved and Grace's entry into and performance under the Settlement, the Private Parties

Agreement and the Consent Decree (as defined in the Motion) are likewise approved, subject to

the conditions precedent set forth therein.

2.    Grace and the Debtors, and upon confirmation and the Effective Date of the Plan of

Reorganization the Reorganized Debtors, are authorized to execute, perform, comply with, and

consummate the Private Parties Agreement and the Consent Decree and any related settlement

documents in accordance with their terms and to grant and receive all releases of claims

contemplated or required thereunder.  The Private Parties Agreement and Consent Decree are not

impaired or limited by any failure to identify any specific terms thereof in this Order.

3.    Subject to and effective upon this Order and the Consent Decree each becoming a

Final Order, the Samson Hydrocarbons Allowed Otis Claim is hereby allowed in the Grace

Bankruptcy Proceeding against Grace and in the respective bankruptcy cases of Grace (including

---

[2] Capitalized terms used herein that are not defined herein or by express reference to the Motion shall have the
meaning given to those terms in the Private Parties Agreement.

for purposes of distribution under any Plan of Reorganization) as a general unsecured claim in the amount of U.S. $7,440,000, plus interest on such $7,440,000, compounded annually, from and after November 15, 2009 through the date of payment of such allowed claim in full, as provided in and subject to the terms of the Consent Decree and the Private Parties Agreement. The Samson Hydrocarbons Allowed Otis Claim is not subject to objection, estimation, avoidance, or disallowance and is not subordinated in priority to other unsecured claims asserted in the Grace Bankruptcy Proceeding.  This Order does not impair or affect the Samson Hydrocarbons Remaining Claims. Except as otherwise set forth in the Private Parties Agreement and the Consent Decree, all Parties reserve and retain all rights, assertions and defenses with respect to the Samson Hydrocarbons Remaining Claims.

4.    Subject to and effective upon this Order and the Consent Decree each becoming a Final Order: (i) the assignment of the Samson Hydrocarbons Allowed Otis Claim to the U.S. is hereby approved subject to and in accordance with the terms of the Consent Decree and the Private Parties Agreement; and (ii) Samson Hydrocarbons and the U.S. are authorized to jointly file a notice under Bankruptcy Rule 3001(e) substantially similar to the form appended to the Motion regarding the assignment of the Samson Hydrocarbons Allowed Otis Claim to the U.S., subject to and in accordance with the terms of the Consent Decree.

5.    The Private Parties Agreement and the Consent Decree shall not be discharged, released, enjoined or impaired by any Plan of Reorganization in the Grace Bankruptcy Proceeding, or by any Confirmation Order.  Grace, the Debtors and, as applicable, the Reorganized Debtors are authorized to comply with and perform the obligations under the Private Parties Agreement and the Consent Decree both before and after the Effective Date of the Plan of Reorganization.

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Fed. R. Bankr. P. 2002, 6004(a) and 9019 and the local rules of the Court are satisfied by such notice.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

8.      This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, 6004(h) or otherwise.

Dated: _____

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

4