# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. Grace & Co., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>) Case No. 01-01139 (JKF)<br>) (Jointly Administered)<br>)<br>) **Hearing Date: June 18, 2012, 9:00 a.m. (ET)**<br>) **Objections Due for Monthly Application:**<br>) **March 5, 2012**<br>) **Objections Due for Interim Application:**<br>) **June 1, 2012, 4:00 p.m. (ET)**<br>) |

## SUMMARY OF MONTHLY AND FIRST INTERIM FEE APPLICATION OF BAKER & MCKENZIE AS ORDINARY COURSE PROFESSIONAL FOR ALLOWANCE OF FEES AND EXPENSES IN EXCESS OF THE MONTHLY OCP LIMIT FOR NOVEMBER 2011

| | |
|---|---|
| Name of Applicant | Baker & McKenzie and its member firms ("Baker") |
| Authorized to Provide Professional Services to: | W.R. Grace & Co. *et al.*, debtors and debtors-in-possession |
| Date of Retention: | Retained as an Ordinary Course Professional on May 3, 2011 |

---

[1] The Debtors are: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Period for which compensation and
reimbursement is sought:                          November 2011

Amount of Compensation sought as actual,
reasonable and necessary:                         $96,728.61

Amount of Expense Reimbursement sought as
actual, reasonable and necessary:                 $1,118.16

This is a(n): _X_ monthly _X_interim ___ final application

The total time expended during this fee period for fee application preparation was 0 hours
and the corresponding compensation requested is $0.

This is the first application filed by Baker for monthly and interim compensation of
services in excess of the Monthly OCP Limit (as defined herein) for the period from
November 1, 2011 through November 30, 2011.  For the November 2011 period, Baker's fees
were $96,728.61 (after a 15% credit) and its actually and necessary expenses incurred were
$1,118.16.  The detail for these fees and expenses is as follows:

| Dates of Services Rendered | Fees | Expenses | Total | Standard OCP Payment | Excess of Monthly OCP Limit |
|---|---|---|---|---|---|
| 11/01/2011–11/30/2011 | $96,728.61 | $1,118.16 | $97,846.77 | $50,000.00 | $47,846.77 |

The Baker attorneys who provided professional services during November 2011 are:

| Name of Professional | Position with Baker, Year Admitted to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| **Abu Dhabai, United Arab Emirates Office** | | | | |
| Sophie Jouniaux | Partner, 2001 | $670.00 | 1.4 | $938.00 |
| **Bogota,  Columbia Office** | | | | |
| Martha Grazio | Sr. Associate | $260.00 | 2.3 | $598.00 |
| **Buenos Aires, Argentina Office** | | | | |
| Martin J. Barreiro | Partner, 1988 | $555.00 | 4.5 | $2,497.50 |

CHIDMS1/2990650.5

| Caracas, Venezuela Office | | | | |
|---|---|---|---|---|
| Name of Professional | Position with Baker, Year Admitted to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
| Ronald E. Evans | Partner, 1990 | $447.00 | 3.4 | $1,611.60 |
| Rodrigo H. Castillo Cottin | Jr. Associate, 2006 | $212.00 | 3.9 | $826.80 |
| **Chicago, IL, USA Office** | | | | |
| David F Heroy | Partner, 1976 | $895.00 | 5.1 | $4,564.50 |
| Andrew McDermott | Associate, 2003 | $485.00 | 17.4 | $8,439.00 |
| **Beijing, China Office** | | | | |
| Jinghau Liu | Partner, 2002 | $980.00 | 3.7 | $3,626.00 |
| Jason Wen | Tax Specialist | $520.00 | 1.0 | $520.00 |
| Lex Kuo | Jr. Associate, 2008 | $460.00 | 4.1 | $1,886.00 |
| **Hong Kong, China Office** | | | | |
| Pierre T. H. Chan | Of Counsel, 2001 | $950.00 | .4 | $380.00 |
| **Jakarta, Indonesia Office** | | | | |
| Ponti Partogi | Partner, 1996 | $375.00 | 2.0 | $750.00 |
| Niken Kristalia | Tax Specialist | $250.00 | 2.5 | $625.00 |
| **Kuala Lumpur, Malaysia Office** | | | | |
| Adeline Wong | Partner, 1990 | $640.0 | .7 | $448.00 |
| Si Ying Kong | Jr. Associate, 2010 | $310.00 | 1.0 | $310.00 |
| **London, U.K. Office** | | | | |
| Geoffrey A Kay | Partner, 1982 | $1,169.22 | .9 | $1,052.30 |
| Rachel Moon | Associate, 2009 | $604.77 | 5.4 | $3,265.76 |
| **Madrid, Spain Office** | | | | |
| Jamie Martinez-Inguez | Sr. Associate, 2011 | $587.00 | 2.1 | $1,232.70 |
| Antonio Albarran | Sr. Associate, 2008 | $524.00 | 2.3 | $1,205.20 |
| **Manila, Philippines Office** | | | | |
| Dennis D. Dimagiba | Partner, 1995 | $410.00 | 0.8 | $328.00 |
| Maria Ana Camila C. Jacinto | Associate, 2006 | $240.00 | 4.0 | $960.00 |
| **Mexico City, Mexico Office** | | | | |
| Jorge Narvaez-Hasfura | Partner, 1987 | $400.00 | 6.7 | $2,680.00 |

CHIDMS1/2990650.5

The Baker paraprofessionals who provided professional services during November 2011 are:

| Name of Paraprofessional | Position with Baker, Years of Experience | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| **Chicago, IL, USA Office** | | | | |
| Mark A. Young | Paralegal, 5 years | $215.00 | 8.1 | $2,7747.00 |
| **Brasilia, Brazil Office** | | | | |
| Daniel Pimentel Hort Rodrigues | Law Clerk | $110.00 | 1.8 | $198.00 |

Baker's blended rate for services provided in November 2011, after applying at 15% credit to the total fees, was $409.00.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Preparation for Proposed Transaction | 192.4 | $91,252.86 |
| Retention Issues | 41.3 | $21,801.50 |
| Non-Working Travel | 2.8 (billed at 50%) | $735.00 |

## EXPENSE SUMMARY

| Expense Category | Amount |
|---|---|
| Telephone Charges | $5.14 |
| Photocopies | $69.40 |
| Value Added Tax | $684.87 |
| PRC Business Tax | $358.75 |
| **TOTAL** | **$1,118.16** |

4

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 01-01139 (JKF) |
| W.R. Grace & Co., *et al.*,[2] | ) (Jointly Administered) |
| | ) |
| Debtors. | ) **Hearing Date: June 18, 2012, 9:00 a.m. (ET)** |
| | ) **Objections Due for Monthly Application:** |
| | ) **March 5, 2012** |
| | ) **Objections Due for Interim Application:** |
| | ) **June 1, 2012, 4:00 p.m. (ET)** |
| | ) |

## MONTHLY AND INTERIM FEE APPLICATION OF BAKER & MCKENZIE AS ORDINARY COURSE PROFESSIONAL FOR ALLOWANCE OF FEES AND EXPENSES IN EXCESS OF THE MONTHLY OCP LIMIT FOR NOVEMBER 2011

The law firm of Baker & McKenzie (including its member firms, "Baker") hereby applies

(this "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**,

authorizing the above-captioned debtors and debtors in possession (the "Debtors") to compensate

Baker for services rendered and for reimbursement of expenses incurred from November 1, 2011

through November 30, 2011, in excess of the monthly limit (the "Monthly OCP Limit") imposed

---

[2] The Debtors are: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

by this Court's *Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the ordinary Course of the Debtors' Business* (together, the "OCP Order") and the *Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* (the "Interim Compensation Order"). Baker has represented the Debtors as an ordinary course professional on numerous matters and has been retained and compensated by the Debtors pursuant to the OCP Order. In November 2011, the Debtors sought to engage Baker in connection certain transactions involving the disposition of certain of the Debtors' assets and businesses (collectively, the "Transaction") and applied for Baker to be retained as special counsel pursuant to 11 U.S.C. § 327(e) [Docket No. 27958] (the "Retention Application"). Shortly after filing the Retention Application, however, Baker was advised that the Transaction was no longer being pursued. As a result, the Debtors and Baker and withdrew the Retention Application [Docket No. 28063], as the additional services were no longer required. Baker now seeks compensation for services rendered and expenses incurred in excess of the Monhtly OCP Limit in connection with the substantial time spent by Baker attorneys preparing for the Transaction in November 2011.

## JURISDICTION & PREDICATES FOR RELIEF

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      The predicates for the relief requested herein are sections 1107(a), 1108 and 105(a) of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the

2

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules").

3.      This Application is made pursuant to the OCP Order, which provides that

> the Debtors are authorizes but not required to pay each Ordinary
> Course Professional for services rendered up to $50,000 per month
> . . . during the pendency of the Chapter 11 Cases. The Debtors
> cannot pay more than such amounts for services rendered without
> an order of this Court authorizing such higher amount . . .

OCP Order, p. 2.

4.      The Interim Compensation Order provides that

> [p]rofessionals that are retained and employed in the ordinary
> course of the Debtors' business, whose fees and disbursements
> exceed the cap(s) contained in the OCP Order, shall seek payment
> of compensation and reimbursement of expenses in accordance
> with the Revised Compensation Procedures.

Interim Compensation Order, p. 9.

<u>**BACKGROUND**</u>

**A.      Baker's Retention Application and Work To Be Performed In Connection with the Transaction**

5.      Throughout these chapter 11 cases, Baker has represented the Debtors on a

number of matters and has been retained and compensated by the Debtors pursuant to the OCP

Order.

6.      In the beginning of November 2011, the Debtors believed that they would require

addition assistance from Baker in connection with the Transaction, and that such additional

assistance would result in fees and expenses in excess of the Monthly OCP Limit. Accordingly,

the Debtors filed the Retention Application to retain Baker as special counsel pursuant to section

327(e) of the Bankruptcy Code. The Transaction would have required Baker to provide the

assistance to the Debtor in connection with the following:

3

a.      certain proposed sales and purchases of assets in the U.S. and non-U.S. jurisdictions, including drafting documents, effectuating due diligence, participating in negotiations and providing other services in support of possible transactions;

b.      antitrust and competition law compliance, strategy and filings in the U.S. and foreign jurisdictions;

c.      advice regarding certain aspects of the Debtors' non-US subsidiaries, including advice relating to corporate formalities and commercial arrangements; and

d.      certain tax matters in the U.S. and in non-U.S. jurisdictions.

**B.      Baker's Qualifications to Assist the Debtors with the Transaction**

7.      In seeking to retain Baker to assist them with the Transaction, the Debtors believed that Baker was particularly well suited to serve as the Debtors' special counsel. Baker is one of the world's largest law firms with approximately 4,000 attorneys in 72 offices in 42 countries. Baker's knowledge, resources and international reach permit it to deliver high quality legal services throughout the world with fluency, consistency, confidence and sensitivity for cultural, social and legal practice differences outside of the U.S. Baker has extensive expertise in virtually all aspects of the law that may have arisen in the Transaction.

8.      Baker had previously represented the Debtors and has considerable knowledge concerning the Debtors' businesses and assets and had the requisite familiarity to provide efficient services related to any potential transactions and other matters that would have required Baker's services. If the Debtors would have been required to retain different counsel regarding the matters in which Baker was to represent them, the Debtors would have had to expend significant resources in helping new counsel become familiar with such matters.

4

## C.    Cancellation of the Transaction

9.    At the end of November 2011, the Debtors determined that the Transaction would not go forward.  As such, the Debtors withdrew the Retention Application.

10.    In preparing for the Transaction and drafting the Retention Application, Baker rendered services to the Debtor that resulted in $96,728.61 in fees and $1,118.16 in actual and necessary expenses.  Invoices detailing the services rendered by Baker are attached hereto as **Exhibit B**, and invoices detailing the actual and necessary expenses incurred by Baker are attached hereto as **Exhibit C**.

11.    The Monthly OCP Limit caps monthly compensation to ordinary course professionals at $50,000 during the pendency of these Chapter 11 Cases.  OCP Order, p.2.

### RELIEF REQUESTED

12.    By this Application, Baker seeks entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to compensate Baker for services rendered and for reimbursement of expenses incurred from November 1, 2011 through November 30, 2011, in excess of the Monthly OCP Limit imposed by the OCP Order..

### BASIS FOR RELIEF

13.    Baker submits that authorization to exceed the Monthly OCP Limit is warranted in this instance.  Preparing for the Transaction required Baker to coordinate with and seek advice from numerous attorneys across offices in the United States, Russia, Japan, Spain, Mexico, France, the UK, and various other foreign jurisdiction.  Such coordination required substantial efforts on the part of these Baker attorneys.

14.    Baker should not be prevented from being properly compensated in excess of the Monthly OCP Limit under the foregoing circumstances.  Indeed, the OCP Order specifically contemplates that the Debtors may need to pay certain of its professionals in excess of such limits should the circumstances require it.  Baker's efforts were expended at the request of the

5

Debtors and in pursuit of the Transaction that, if successful, may have resulted in a significant benefit to the Debtors estates.   Baker respectfully requests that the Court approve the portion of Baker's fees in excess of the limits imposed by the OCP Order.

WHEREFORE, Baker respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to compensate Baker for services rendered and reimbursement of expenses as special counsel to the Debtors from November 1, 2011 through November 30, 2011, in excess of the Monthly OCP Limit imposed by the OCP Order.

Dated: February 14, 2012

/s/ *Andrew P.R. McDermott*
Andrew P.R. McDermott
BAKER & MCKENZIE LLP
300 East Randolph Street, Suite 5000
Chicago, Illinois  60601
(312) 861-8000

CHIDMS1/2990650.5

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 01-01139 (JKF) |
| W.R. Grace & Co., et al.,[1] | ) (Jointly Administered) |
| | ) |
| Debtors. | ) **Hearing Date: June 18, 2012, 9:00 a.m. (ET)** |
| | ) **Objections Due for Monthly Application:** |
| | ) **March 5, 2012** |
| | ) **Objections Due for Interim Application:** |
| | ) **June 1, 2012, 4:00 p.m. (ET)** |
| | ) |

## CERTIFICATION OF ANDREW P.R. MCDERMOTT

ANDREW P.R. MCDERMOTT certifies that:

1.        I am an associate in the Chicago, Illinois office of Baker & McKenzie (including its member firms, "Baker"). Baker was retained by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") as an ordinary course professional pursuant to this Court's *Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the ordinary Course of the Debtors' Business*

---

[1] The Debtors are: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

(together, the "OCP Order").  The Debtors also sought to engage Baker in connection certain transactions involving the disposition of certain of the Debtors' assets and businesses (collectively, the "Transaction") and applied for Baker to be retained as special counsel pursuant to 11 U.S.C. § 327(e) [Docket No. 27958] (the "Retention Application").  Shortly after filing the Retention Application, however, Baker was advised that the Transaction was no longer being pursued.  As a result, the Debtors and Baker and withdrew the Retention Application [Docket No. 28063].  The nature and scope of the additional services is described in the *Monthly and Interim Fee Application of Baker & McKenzie as Ordinary Course Professional for Allowance of Fees and Expenses in Excess of the Monthly OCP Limit for November 2011* filed contemporaneously herewith (the "Application").  This Certification is made in support of the Application and in compliance with Del. Bankr. L.R. 2016-2 and the *Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* (the "Interim Compensation Order").

2.     I have read the Application and I certify as follows:

a.     The expenses for which reimbursement is requested by Baker in the Application are reasonable and were necessary and incidental to the services performed by and for the Debtors.

b.     To the best of my knowledge, information, and belief, formed after a reasonable inquiry, except as expressly stated to the contrary, the Application complies with the mandatory provisions set forth in the Interim Compensation Order.

c.     To the best of my knowledge, information, and belief, formed after a reasonable inquiry, the fees and expense reimbursements sought by Baker comply with Del. Bankr. L.R. 2016-2 and the Interim Compensation Order.

d.     The fees and expense reimbursements sought in the Application are billed at rates and in accordance with practices customarily employed by Baker and generally acceptable to clients of Baker.

e.      Baker does not make a profit on the expenses for which it seeks
reimbursement in the Application.

f.      In charging for a particular service, Baker does not include in the amount
for which reimbursement is sought amortization of the cost of any
investment, equipment, or capital outlay.

g.      In seeking reimbursement for a service that Baker justifiably purchased
from a third party, Baker requests reimbursement only for the actual
amount billed to Baker by the third party vendor and that was actually
paid by Baker to such vendor.

February 14, 2012

/s/ Andrew P. R. McDermott
Andrew P.R. McDermott

CHIDMS1/2992820.2