16547 Academia Drive
Encino, Ca. 91436
February 14, 2012

The United States Bankruptcy Court
For the District of Delaware
824 Market Street
Wilmington, Delaware 19801

        Re: Response to Supplemental Objection Seeking Disallowance of Claim No. 2114 of N Y Hillside Inc., (since transferred to messers Jurgens and El Arabi) in re the W. R. Grace Bankruptcy Case # 01-01139 (JKF)

Introduction: Claimant is not trying to collect twice for the same liability. The obligation for each owner or operator to share the cost of environmental cleanup is judicially well defined. Witness the participation and payments of $25,000 by the other parties to the Settlement Agreement.

## FACTS

1. There is no plain language in the Settlement Agreement that supports any of Samson's assertions. Nor does the Supplemental Objection refer to any provision in the Settlement Agreement to support that claim.

2. The $25,000 Samson paid was to satisfy only its obligation under the Settlement Agreement. Refer to the Affidavit of Michael G. Daniel, Vice President and General Counsel of Samson Investment Company, dated January 3, 2011. In paragraph 7 he states "Samson's participation in the Settlement Agreement was for the purpose of resolving any and all alleged liability of Samson in the Petro suit, including any alleged liability of Samson Investment Company, Samson Hydrocarbons Company"... This confirms the reason for the Samson interests to participate in the Settlement agreement. The fact that later in the paragraph he includes GPC is academic, because the Samson interests are not liable for the W. R. Grace et al, obligations.

3. Also note in the Settlement Agreement there is no reference that the Samson entities represent any W. R. Grace entity.

4. The fact that W. R. Grace/ Grace Energy were significant operators on the property is not in doubt. The later sale of their interest to the Samson interests does not change their obligations. There is no doubt that W. R. Grace intended to sign the Settlement Agreement at the same time and with the knowledge of the Samson entities. No claim was made by any Samson representative that it was representing or acting for the Grace interests.

## Action Requested

6. Based on the facts presented above Claimant hereby requests that its claim for $25,000 be approved for payment

## Notice

7. A copy of this response to the Supplemental Objection has been FAXed to the following: Kirkland & Ellis LLC, Baer Higgins Fruchtman LLC and Pachulski Stang Ziehl & Jones LLP

*Charles F. Jurgen* (signature)