# Exhibit I

*Agreement*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

**SETTLEMENT AGREEMENT RESOLVING CLAIMS OF NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE**

This Settlement Agreement (the "Agreement") is entered into by and between the New York State Department of Taxation and Finance (the "NYSDTF") and the above-captioned debtors and debtors-in-possession (the "Debtors") as of the last dates specified on the signature page of this Agreement.[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization in Their Chapter 11* Cases [Docket no. 25881], as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

DOCS_DE:178149.1 91100-001

## DEFINITIONS

a. "Allowed Claims" shall mean the Claims marked as "Allowed" in Exhibit A.

b. "Allowed Claims Amounts" are the respective amounts set forth in Exhibit A to this Agreement in which the Allowed Claims will be Allowed.

c. "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware, before which are pending the Chapter 11 Cases.

d. "Chapter 11 Cases" means those reorganization cases that were commenced on the Petition Date when the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

e. "Claims" means the claims set forth in Exhibit A to this Agreement, which comprise the Allowed Claims and Disallowed Claims.

f. "Combined Group" means the Debtors and all other affiliates within the group of affiliated Debtor and nondebtor taxpayers electing to file combined federal and state tax returns, as applicable.

g. "Disallowed Claims" means Claims nos. 2701 and 18519, which are marked as "Disallowed" in Exhibit A to this Agreement.

h. "Grace" means W. R. Grace & Co., a Debtor.

i. "Grace-Conn." means W. R. Grace & Co.–Conn., a Debtor.

j. "Notice of Settlement" is the written notice of the Agreement and the relevant terms of the Settlement that the Settlement Procedures Order requires the Debtors to provide to the parties specified in the Settlement Procedures Order.

k. "Petition Date" means April 2, 2001.

l. "Settlement Procedures Order" means the *Amended Order Authorizing and Approving an Omnibus Procedures for Settling Certain Claims and Causes of Action Brought by*

*or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding*, dated September 18, 2001 (Docket no. 936).

m. "Subsidiary Elimination Order" means the *Modified Order: (i) Approving Agreement; (ii) Authorizing, but not Directing, the Debtors to Merge Certain Non-Operating Debtor Subsidiaries into W. R. Grace & Co.-Conn.; (iii) Expunging Certain Active Claims, Conditionally Expunged Claims and Intercompany Claims; and (iv) Transferring Certain Active and Intercompany Claims to W. R. Grace & Co.-Conn.*, dated November 21, 2011 (Docket no. 28007).

### STATEMENT OF FACTS

WHEREAS, the Debtors commenced the Chapter 11 Cases on the Petition Date;

WHEREAS, NYSDTF timely filed proofs of claim for each of the Claims set forth in Exhibit A to this Agreement;

WHEREAS, NYSDTF and the Debtors agree that resolving the Claims is in the best interests of the parties;

### THE SETTLEMENT

**NOW, THEREFORE,** for good and valuable consideration, the parties hereby stipulate and agree that, as of the date on which this Settlement becomes effective:

1. **Allowed Claims Amounts**. The Debtors and NYSDTF agree that the Allowed Claims shall be Allowed in the Allowed Claims Amounts set forth in Exhibit A to this Agreement.

2. **Subsidiary Elimination**. The Allowed Claims shall be satisfied by the surviving entity set forth in Exhibit A, which is the surviving entity set forth in the Subsidiary Elimination Order.

3.  **Distributions**. The Debtors and Reorganized Debtors shall make distributions in satisfaction of the Allowed Claims on the terms and conditions set forth in the Plan.

## FULL AND FINAL DETERMINATION OF THE CLAIMS

4.  **Full and Final Determination**. The Debtors and NYSDTF agree that the allowance of the Allowed Claims in the respective Allowed Claims Amounts and the disallowance of the Disallowed Claims on the terms and conditions set forth in this Agreement are in full and final settlement of all disputed amounts for all tax years ending prior to December 31, 2009, subject to adjustment (if any) as set forth in ¶¶ 5 or 6 of this Agreement.

5.  **Effect of Federal Change Report**. Up until the effective date of the Plan or any other chapter 11 plan that may be confirmed in the Chapter 11 Cases, the Allowed Claims Amounts shall be subject to adjustment pursuant to any federal change report(s) that the Debtors may be required to file pursuant to applicable state or other law. If any such federal change report is required to be filed, nothing in this Agreement shall preclude the Debtors or NYSDTF from asserting that an additional refund is due or that an additional tax is owed for any tax period(s) based on the federal change (except that each party's right to claim offsets shall not extend to issues related to or raised in the Allowed Claims Amounts).; *provided, however,* that NYSDTF shall provide notice to the Debtors and all parties entitled to service pursuant to Fed. R. Bankr. P. 2002 of any intent to amend the Allowed Claims Amounts. The Debtors and any member of the Combined Group affected by any such proposed amendment of the Allowed Claims Amounts shall have the right to dispute that proposed amendment in accordance with applicable bankruptcy or non-bankruptcy procedures as may be appropriate

6.  **Other Adjustments**. Any other adjustments that may be required or otherwise necessary under the version of Section 346(j) of the Bankruptcy Code in effect on the Petition Date shall be unaffected by this Agreement.

DOCS_DE:178149.1 91100-001                    4

7. **NYSDTF Agreement**. NYSDTF agrees that it is forever barred, estopped, and enjoined from asserting any additional claims against the Debtors for unpaid tax or other amounts for all tax years ending prior to December 31, 2009, subject to adjustment (if any) as set forth in ¶¶ 5 or 6 of this Agreement.

## MISCELLANEOUS

8. **Debtors' Necessary Actions**. The Debtors shall take all actions necessary to implement this Agreement, including but not limited to filing the Notice Of Settlement and all such related filings that may be necessary, withdrawing pending claims objections and directing the claims agent to mark the claims register to reflect the allowance of the Allowed Claims in their respective Allowed Claims Amounts and to disallow the Disallowed Claims as set forth in Exhibit A to this Agreement.

9. **NYSDTF's Necessary Actions**. NYSDTF agrees that, upon this Agreement becoming effective, NYSDTF shall withdraw its *Motion to Pay Administrative Expenses/Claims*, dated April 6, 2009 [Docket no. 21258]. The Debtors will mark Claim no. 18519 (which is the corresponding claim) as "disallowed" as set forth in Exhibit A to this Agreement.

10. **Full Power and Authority**. Each party executing this Agreement represents that such party has the full authority and legal power to do so, *provided* that, notwithstanding the foregoing, this Agreement and the Debtors' signature hereon shall not become effective and binding until, as set forth in the Settlement Procedures Order, either: (a) if there is no objection to the Notice of Settlement, then three days after filing the certificate of no objection with respect thereto; or (b) if there is such an objection, when a further order of the Court becomes final and non-appealable.

11. **Counterparts**. This Agreement may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures.

12. **Binding Nature**. This Agreement shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Chapter 11 Cases.

13. **No Admissions**. This Agreement is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to matters set forth herein.

14. **Retention of Jurisdiction**. The Bankruptcy Court shall retain jurisdiction over the Agreement, the Allowed Claims, the Disallowed Claims and all Allowed Claims Amounts, the Notice of Settlement and any filings related thereto.

*[signature page to follow]*

The following Parties enter into this Settlement, which provides for the allowance of the Allowed Claims and the disallowance of the Disallowed Claims on the terms and conditions set forth herein on behalf of:

| **W. R. Grace & Co., et al., Debtors** | **New York State Dept. of Taxation and Finance** |
|---|---|
| By: _____/s/_____ | By: _____/s/_____ |
| Hudson La Force III<br>Senior Vice President & Chief Financial Officer<br>W.R. Grace & Co.<br>7500 Grace Drive<br>Columbia, Maryland  21044 | Elaine Z. Cole<br>District Tax Attorney<br>New York State Dept. of Taxation and Finance<br>340 E. Main St.<br>Rochester, NY  14604 |
| Date:   February 27, 2012 | Date:   February 23, 2012 |

# EXHIBIT A

*Schedule of Allowed Claims, Allowed Claims Amounts and Disallowed Claims*

**Schedule of New Dept. of Finance and Taxation Allowed Claims, Allowed Claims Amounts and Disallowed Claims**

| Claim | Date Filed | Original Debtor | Surviving Debtor[1] | Allowed/ Disallowed | Allowed Claim Amount | Tax Year(s) |
|---|---|---|---|---|---|---|
| 2701 | 10/24/2002 | Litigation Mgmt., Inc. | Grace-Conn.[2] | Disallowed | NA | 1989-1992 |
| 18519 | 4/6/2009 | W.R. Grace & Co. | NA | Disallowed | NA | 2006 |
| 15316 | 5/19/2003 | CCHP, Inc. | Grace-Conn. | Allowed | $11,637.40 | 1999 |
| 15165 | 2/27/2003 | W.R. Grace & Co. | NA | Allowed | $106,368.00 | 1995, 1996 |
| 2700 | 10/24/ 2002 | MRA Staffing Systems, Inc. | Grace-Conn. | Allowed | $5,757.19 | 1998, 2000 |
| 18513 | 12/15/ 2008 | Grace-Conn. | NA | Allowed | $212.53 | 2005, 2006 |
| 18514 | 12/15/ 2008 | Litigation Mgmt., Inc. | Grace-Conn. | Allowed | $1,075.61 | 2005, 2006 |
| 18515 | 2/23/2009 | Litigation Mgmt., Inc. | Grace-Conn. | Allowed | $1,284.55 | 2005, 2006 |
| 18528 | 7/20/2009 | Litigation Mgmt., Inc. | Grace-Conn. | Allowed | $204.87 | 2005 |
| 18536 | 4/16/2010 | Litigation Mgmt., Inc. | Grace-Conn. | Allowed | $520.13 | 2005, 2009 |
| 18538 | 4/30/2010 | Litigation Mgmt., Inc. | Grace-Conn. | Allowed | $313.37 | 2010 |
| **Total Allowed Claims Amount** | | | | | $127,373.65 | NA |

---

[1]   Surviving Debtor is identified in the Subsidiary Elimination Order.

[2]   "Grace-Conn." is the Debtor, W.R. Grace & Co. – Conn.