# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Re: Docket Nos. 483, 694 & 706** |
| | ) | |

## SUPPLEMENTAL DISCLOSURE AFFIDAVIT OF ERIC E. JOHNSON, ON BEHALF OF BRYAN CAVE HRO (FORMERLY HOLME ROBERTS & OWEN LLP), REGARDING EMPLOYMENT AS SPECIAL ENVIRONMENTAL COUNSEL FOR THE DEBTORS, PURSUANT TO 11 U.S.C. § 327(e)

Bryan Cave HRO (formerly Holme Roberts & Owen LLP ("HRO")) respectfully submits the following disclosure with respect to its employment as special environmental counsel for the Debtors (as defined in footnote 1 below), pursuant to 11 U.S.C. § 327(e), in the above-captioned case:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II, Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G, Inc., Grace H-G II, Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/ka Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

#1583432 v2 den

I, Eric E. Johnson, being first duly sworn upon oath, hereby depose and state as follows:

1. I am employed as counsel with the law firm of Bryan Cave LLP, doing business in Colorado under the trade name Bryan Cave HRO ("BCHRO"), which maintains an office for the practice of law at 1700 Lincoln Street, Suite 4100, Denver, Colorado 80203. I am a member of the bars of the States of Colorado and Washington, the United States District Courts for the District of Colorado and the Western District of Washington, and the United States Tenth Circuit Court of Appeals. I make this Affidavit as a supplemental disclosure with regard to BCHRO's employment as successor counsel to HRO, solely as special environmental counsel for the Debtors in the above-captioned case.

2. Pursuant to this Court's Order Authorizing the Retention and Employment of Holme Roberts & Owen LLP as Special Environmental Counsel for the Debtors, dated July 18, 2001, nunc pro tunc to April 2, 2001 [D.I. 694 and 706[2]] (the "Retention Order"), the Debtors were authorized to employ HRO as special environmental counsel, under 11 U.S.C. § 327(e). As authorized by the Retention Order, HRO continued to represent the Debtors as special environmental counsel for a period of over ten years, through December 31, 2011, at which point it was succeeded as special environmental counsel by BCHRO, which continues to serve as special environmental counsel to the Debtors. In conjunction with that representation, HRO filed 40 interim fee applications with this Court, all of which were granted and approved by the Court, and HRO was awarded interim compensation totaling $9,591,220.94 (comprising allowed fees of $8,713,602.75, and allowed reimbursement of expenses of $877,618.19).

---

[2] Apparently, the same Order was signed by the Court on different dates, and entered on the docket as different docket entries.

3. As a prerequisite to the Retention Order, HRO filed with this Court its Application for Employment as Special Environmental Counsel, which included the Affidavit of Kenneth W. Lund in Support of Application of the Debtors to Employ Holme Roberts & Owen LLP as Special Environmental Counsel for the Debtors [D. I. 483] (the "Affidavit"). Mr. Lund's 19-page Affidavit set forth a detailed analysis of all connections between HRO and the many Debtors, along with their myriad creditors, co-defendants and equity holders, among others, in full compliance with Fed. R. Bankr. P. 2014 and 2016. Mr. Lund's Affidavit established that HRO represented no interests adverse to the Debtors or the Estate in the matters regarding which HRO was to be employed, in compliance with 11 U.S.C. § 327(e).

4. On January 1, 2012, the lawyers of HRO combined with Bryan Cave LLP ("BCLLP") to form BCHRO (the "Combination") in Colorado. The non-Colorado offices of former HRO, along with BCLLP's preexisting offices, conduct business after the Combination under the name of BCLLP. As of the date of the Combination, HRO no longer engaged in the practice of law, and all of HRO's client relationships were transferred to BCHRO or BCLLP, as applicable. Only lawyers and paralegals employed by BCHRO in Colorado have provided professional services to the Debtors following the Combination. Before the Combination, HRO's historical representation of the Debtors as special environmental counsel encompassed approximately 19 separate matters, as follows:

| Matter Number | Description |
| --- | --- |
| 00000 | General Counsel and Advice |
| 00290 | Fort Peck Indian Reservation - Defense of Administrative Order, in the Tenth Circuit Court of Appeals, concerning alleged groundwater contamination in and around the East Poplar Oil Field within the Fort Peck Indian Reservation |

| Matter Number | Description |
|---|---|
| 00300 | Defense of *United States of America v. W.R. Grace & Co. - Conn. and Kootenai Development Corporation*, Case No. 01-72-M-DWM, which concerns remedial activities in and around Libby, Montana |
| 00301 | Libby Access Case - Defense of EPA's demand for access and to add penalties for denial of access to mine site. *United State of America v. W.R. Grace & Company and Kootenai Development Corporation*, Case No. CV-00-167-M-DWM |
| 00302 | Defense of Cost Recovery case regarding clean up of the Libby, Montana mine and mine site. |
| 00310 | Casmalia Superfund Site - Defense CERCLA liability associated with the former Casmalia Disposal Site in California. |
| 00320 | Kootenai Development- Complete Corporate Transactions |
| 00330 | Defense of Cost Recovery Claims *Samson Investment Company and Samson Hydrocarbons Company v. W.R. Grace & Co. - Conn. and Grace Energy Corporation*, Case No. 01-769, District Court, 95th Judicial District |
| 00340 | NY Hillside Litigation - Defense of Third Part Claims of Superfund Site in Los Angeles. *United States of America v. W.R. Grace & Co. - Conn. and Kootenai Development Corporation*, Case No. 01-72-M-DWM |
| 00350 | Freedom of Information Act Request - Requests for information to the EPA and other federal agencies concerning certain of W.R. Grace's general state and federal actions. |
| 00370 | Defense of CERCLA § 104(e) requests regarding information concerning the facilities in Libby, Montana as well as current and former expanding plants, along with responses concerning Attic Insulation |
| 00380 | Coloway Coal Bonds - Negotiation and investigation regarding the release of W.R. Grace from reclamation and lease bonds. |
| 00390 | Bankruptcy Matters - Aspects pertaining to the bankruptcy case, including preparation of monthly and quarterly fee applications. |
| 00400 | Boulder Attic - Document production and review relating to the attic insulation litigation |
| 00410 | CBI Project - Confidential Business Information document review |
| 00420 | Ninth Circuit Appeal |
| 00430 | New England States 104(e) Request |
| 00440 | Indictment |

| Matter Number | Description |
|---|---|
| 00450 | EPA Request for Information re: California Plants |

5.      As of the date of the Combination, HRO's substantive representation of the Debtors as special environmental counsel was largely concluded. At that time, only three open matters remained, and only one of those matters involved substantive environmental representation. Of those two non-environmental matters, one was a general matter to respond to generalized requests for information from the Debtors, and one was a purely administrative matter to record time involved in seeking compensation for fees and expenses in this bankruptcy case. To summarize, as of the date of the Combination, the open matters regarding which BCHRO was continuing to provide services to the Debtors were as follows:

| Matter Number | Description |
|---|---|
| 00000 | General Counsel and Advice |
| 00300 | Defense of *United States of America v. W.R. Grace & Co. - Conn. and Kootenai Development Corporation*, Case No. 01-72-M-DWM, which concerns remedial activities in and around Libby, Montana |
| 00390 | Bankruptcy Matters - Aspects pertaining to the bankruptcy case, including preparation of monthly and quarterly fee applications. |

6.      I am not related and, to the best of my knowledge after inquiry of BCHRO's and BCLLP's attorneys, no other attorney of BCHRO or BCLLP is related, to any judge of the United States Bankruptcy Court for the District of Delaware or to the United States Trustee for this District.

7.      Based on a conflicts search of BCHRO's records, I do not hold or represent and, to the best of my knowledge and information, no other attorney of BCHRO holds or represents any interest adverse to the Debtors or their Estates with respect to any of the three matters (listed above) regarding which BCHRO continues to provide representation and professional legal

5

services on or after January 1, 2012 , the date of the Combination, to the Debtors as special environmental counsel.  Insofar as BCHRO has been able to ascertain, neither I, nor BCHRO, nor any attorney employed thereby, has any connection with the Debtors or any other party in interest in the matters with regard to which BCHRO is providing representation and professional legal services to the Debtors as special environmental counsel on or after January 1, 2012, other than as set forth previously in the Affidavit.

8. As set forth above, neither BCHRO nor any attorney employed thereby holds or represents any interest adverse to the Debtors or to the estate with respect to any matter on which BCHRO is employed by the Debtors to provide representation and professional legal services as special environmental counsel on or after January 1, 2012, in accordance with 11 U.S.C. § 327(e).

9. Based on a conflicts search of BCLLP's records, to the best of my knowledge and information, no attorney of BCLLP holds or represents any interest adverse to the Debtors with respect to any of the three matters (listed above) regarding which BCHRO continues to provide representation and professional legal services on or after January 1, 2012, the date of the Combination, to the Debtors as special environmental counsel.  To the best of my knowledge, no attorney employed by BCLLP has any connection with the Debtors or any other party in interest in the three matters with regard to which BCHRO is providing representation and professional legal services to the Debtors as special environmental counsel on or after January 1, 2012, except as follows:  BCLLP formerly represented W.R. Grace & Co., one of the Debtors, as "ordinary course counsel," in accordance with the Debtors' Application for Order Authorizing Debtors to Employ and Compensate Certain Professionals Utilized in Ordinary Course of Debtors' Business, dated April 3, 2001 [D.I. 29] and this Court's Order Authorizing Debtors to Employ

#1583432 v2 den

and Compensate Certain Professionals Utilized in Ordinary Course of Business, dated May 3, 2001 [D.I. 197]. In the course of BCLLP's representation of the Debtors as "ordinary course" counsel, BCLLP represented Debtor, W.R. Grace & Co., in the following matters:

| BCLLP Matter Number | Matter Name | General Description of Matter |
| --- | --- | --- |
| 0118862 | Hunter v. W.R. Grace & Co., et al. | Defend class action in S.D. Ill. involving homeowners with allegedly asbestos-containing vermiculite attic insulation |
| 0056508 | St. Louis Bodily Injury Litigation | Defend class action suit brought by four school districts on behalf of all public school districts and private schools in US to recover costs incurred in undertaking asbestos abatement projects (Asbestos School Litigation) |
| 0119022 | Daily, et al. v. W.R. Grace & Co. | Defend class action in Madison County, Illinois circuit court involving homeowners with allegedly asbestos-containing Zonolite attic insulation |
| 0122346 | Acquisition of Vydec | Real estate representation relating to real estate aspects of acquisition of a chemical company |
| 0137583 | Acquisition of Capital Stock; MODcol | Acquisition of capital stock |
| 0139360 | Argonaut Asset Acquisition | Asset acquisition: contract review and advice on asset purchase agreement, and ancillary contracts: transition services agreement, manufacturing services agreement and lease |
| 0179437 | City of San Leandro, CA | Representation of client in condemnation action relating to San Leandro facility |

10. To the best of my knowledge, based on a review of BCLLP's records, BCLLP was paid a total of $18,335.75 by the Debtors for its professional services rendered on and after April 2, 2001 as "ordinary course" counsel to the Debtors in the matters listed above, and an additional amount of $2,140.00 in professional services rendered by BCLLP post-petition was written off and not paid by the Debtors. BCLLP last rendered professional services to the Debtors in any of the matters listed above in 2004.

11. BCLLP does not have an active representation of W.R. Grace & Co. in any matter on or after the date of the Combination, and considers W.R. Grace & Co. to be an inactive client. BCLLP may, and likely does, have connections with and represent entities that are creditors or other parties in interest in the Debtors' bankruptcy case, in matters unrelated to those with regard to which BCHRO is providing representation and professional legal services to the Debtors as special environmental counsel, similar to the types of connections described by HRO in the Affidavit.

12. As set forth above, BCHRO's representation of the Debtors as special environmental counsel is substantially completed. Moreover, on January 30, 2012, the United States District Court for the District of Delaware entered its Order confirming the Debtors' Joint Plan of Reorganization. It is respectfully submitted that further research and disclosure regarding the many thousands of creditors, insiders and equity holders of the Debtors, with respect to matters unrelated to BCHRO's minimal ongoing representation of the Debtors as special environmental counsel under 11 U.S.C. § 327(e), would be unduly burdensome, and unreasonably difficult, time-consuming and expensive. Therefore, in light of the fact that this Affidavit establishes and certifies that BCHRO has satisfied the requirements for continuing and completing its employment as special environmental counsel, under 11 U.S.C. § 327(e), BCHRO and I respectfully request that further research and disclosure as to potential connections unrelated to BCHRO's minimal ongoing representation as special environmental counsel for the Debtors not be required.

13. BCHRO intends to apply to the Court for compensation for professional services rendered in connection with its representation, subject to approval of the Court and in compliance with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy

Procedure and any Orders of this Court.  BCHRO will charge hourly rates to the Debtors that are consistent with customary hourly rates charged by BCHRO to its other clients, which currently are $80 to $200 for paralegals, $200 to $610 for associates, and $285 to $910 for partners and counsel, subject to periodic adjustments, plus reimbursement of actual and necessary expenses and other charges that the firm incurs.  The principal attorneys and paralegals of BCHRO who will continue to be handling the representation of the Debtors as special counsel and their current standard hourly rates are:

| Name of Professional | Position | Hourly Rate |
| --- | --- | --- |
| Eric E. Johnson | Counsel | $465.00 |
| Joan L. Sherman | Paralegal | $200.00 |
| Stanley Friedman | Paralegal | $175.00 |
| William E. Payne | Litigation Support Analyst | $190.00 |

14.     As described above, BCHRO's continuing representation of the Debtors as special environmental counsel is now limited to the matters set forth in Paragraph 5, above.

15.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys and paralegals may from time to time serve the Debtors as well in the matters for which BCHRO continues to provide ongoing representation.  BCHRO's rates are set at a level designed to compensate BCHRO fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is BCHRO's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, mail and express mail charges, special hand delivery charges, document processing, photocopying charges, travel expenses, hotel expenses, air fare, expenses for "working meals," computerized

#1583432 v2 den

research, messengers and other non-ordinary overhead expenses such as secretarial and other overtime. BCHRO will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to BCHRO's other clients.

16. No promises have been received by BCHRO as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. BCHRO has no agreement with any other entity to share (a) any compensation that it has received or may receive for services rendered in connection with this case with another party or person, or (b) any compensation another party or person has received or may receive for services rendered in connection with this case.

*Eric E. Johnson*

STATE OF COLORADO            )
                             ) ss.
CITY AND COUNTY OF DENVER    )

Subscribed and sworn to before me by Eric E. Johnson on this 20th day of March, 2012.

Witness my hand and official seal.

My commission expires: 1-19-2014

_Tamara J Corder_
Notary Public

Address: 1700 Lincoln St Suite 4100
Denver CO 80203

11

#1583432 v2 den