## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.**, *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING THE QUARTERLY FEE APPLICATION OF SCARFONE HAWKINS LLP FOR THE PERIOD OF OCTOBER 1, 2011, THROUGH DECEMBER 31, 2011

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Quarterly Fee Application of Scarfone Hawkins LLP for the Period of October 1, 2011, through December 31, 2011</u> (the "Application").

### BACKGROUND

1.      Scarfone Hawkins LLP ("Scarfone Hawkins") was retained as Canadian counsel to the Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI Claimants"). In the Application, Scarfone Hawkins seeks approval of fees totaling CDN $9,783.75 and expenses totaling CDN $3,492.08 for its services from October 1, 2011, through December 31, 2011 (the "Application Period" or the "Forty-Third Interim Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2012, and the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served an initial report on Scarfone Hawkins based upon our review, and we received a response from Scarfone Hawkins, portions of which response are quoted herein.

## DISCUSSION

3.    We noted several time entries pertaining to the receipt of payments from W. R. Grace. See Exhibit A.   It appears to us that the processing of payments is a bookkeeping function and, therefore, the cost of doing business.  We asked Scarfone Hawkins to explain why the bankruptcy estate should be charged for this work.  Scarfone Hawkins' response is attached as Response Exhibit 1.  We appreciate Scarfone Hawkins' response and agree that time spent on fee application preparation is compensable.  We excluded from our calculations any time entries pertaining to fee applications, invoices, CNOs, etc.  Based upon Scarfone Hawkins' response, we revisited the time entries listed on Exhibit A and noted in bold print those time entries pertaining to reconciliation of amounts owed to the parties, as they might reasonably be presumed to have an impact on the parties' fee applications.  However, there is no indication that the remaining time entries listed on Exhibit A pertain to fee application preparation.  The remaining time entries on Exhibit A pertain to receiving payments and making or receiving wire transfers and, therefore, appear to be administrative in nature.  Thus, we accept Scarfone Hawkins' response with respect to the bolded time entries (totaling CDN $678.75 in fees), but recommend disallowance of the remainder, for a reduction of CDN $896.25 in fees.

4.    We noted the following time entry included in the invoice from Pinchin

Environmental[1] which appeared to contain non-working travel time:

09/28/11      8.00    Pinchin, Donald J.     travel and meeting in Montreal        2,700.00

Pursuant to Local Rule 2016-2(d)(viii): "Travel time during which no work is performed shall be

separately described and may be billed at no more than 50% of regular hourly rates."  We asked

Scarfone Hawkins whether the required 50% discount had been applied to this time.  Scarfone

Hawkins responded:

> The entire eight (8) hours was not for travel.  Scarfone Hawkins and Lauzon
> Bélanger Lespérance met with Donald J. Pinchin for over 4 hours in Montreal.
> Accordingly, we agree that four (4) hours should have been billed at 50% of the
> regular hourly rate:
>
> 9/28/11      4.00    Meeting in Montreal  $1,350.00
> 9/28/11      4.00    Travel to Montreal     $675.00
>
> The Pinchin Environmental invoice for the aforementioned should be reduced by
> $675.00: (a) $337.50 Scarfone Hawkins; and (b) $337.50 Lauzon Bélanger
> Lespérance.

We appreciate Scarfone Hawkins' response and recommend a reduction of $337.50 in expenses.

5.    We noted the following travel expenses included in the invoice from Pinchin

Environmental:

9/30/11        DJP          Travel Costs          81.20

9/30/11        DJP          Travel Costs          60.00

In response to our request, Scarfone Hawkins provided the following information concerning these

expenses:

---

[1]The bill from Pinchin Environmental was divided equally between Scarfone Hawkins and
Lauzon Bélanger Lespérance.

| 9/30/11 | DJP | Enterprise Car Rental $81.20 |
| 9/30/11 | DJP | Montreal Parking Fee $60.00 |

We appreciate Scarfone Hawkins' response and have no objection to these expenses.

## CONCLUSION

6.      Thus, we recommend approval of CDN $8,887.50 in fees (CDN $9,783.75 minus CDN $896.25) and CDN $3,154.58 in expenses (CDN $3,492.08 minus CDN $337.50) for Scarfone Hawkins' services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
          Warren H. Smith
          Texas State Bar No. 18757050

Republic Center
325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 30th day of March, 2012.

_____
          Warren H. Smith

# SERVICE LIST
## Notice Parties

**Counsel for the Applicants**
Daniel K. Hogan
THE HOGAN FIRM
1311 Delaware Avenue
Wilmington, DE 19806

dan@dkhogan.com

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

## EXHIBIT A

| 10/04/11 | receipt Karen Harvey email, receipt Careen Hannouche email, email to Careen Hannouche re: holdback monies receipt from Grace | DT | $525 | 0.10 | $52.50 |
|---|---|---|---|---|---|
| 10/14/11 | receipt cheque from Dan Hogan, wire transfer 1/2 of money to Lauzon Belanger, discuss with Cindy Yates, email to Grace's accounts payment department, re: wire transfer of monies received, etc. | DT | $525 | 0.35 | $183.75 |
| **10/19/11** | **Emails from Cindy Yates and Sue McCormick regarding receipt of part payment and application to July 2011 fee application** | **MGM** | **$450** | **0.20** | **$90.00** |
| **10/21/11** | **Emails from Sue McCormick and David Thompson regarding payments received, allocation and corrections made** | **MGM** | **$450** | **0.10** | **$45.00** |
| **10/26/11** | **receipt Careen Hannouche letter, memo to Cindy Yates and Matt Moloci re: monies owing to Lauzon Belanger Lesperance for Dan Hogan invoice** | **DT** | **$525** | **0.10** | **$52.50** |
| **10/26/11** | **Email from David Thompson with attached letter from Michel Belanger addressing Hogan invoice, payment and reconciliation among CDN ZAI representative counsel** | **MGM** | **$450** | **0.10** | **$45.00** |
| **10/31/11** | **Email from Cindy Yates regarding receipt of wire transfer of funds and allocation of payment** | **MGM** | **$450** | **0.10** | **$45.00** |
| 11/10/11 | Email from Sue McCormick regarding receipt of payment from Grace | MGM | $450 | 0.10 | $45.00 |
| 11/11/11 | receipt CY memo, receipt SM memo, receipt fee payment | DT | $525 | 0.10 | $52.50 |

| | | | | | |
|---|---|---|---|---|---|
| **11/11/11** | **Emails from and to David Thompson, Sue McCormick and Cindy Yates regarding receipt and reconciliation of Grace payment** | **MGM** | **$450** | **0.10** | **$45.00** |
| 11/14/11 | email to Grace re: overpayment of funds | DT | $525 | 0.10 | $52.50 |
| 11/23/11 | receipt Hogan Firm cheque, discuss with Cindy Yates, memo to Helen Martin, wire transfer to Lauzon Belanger | DT | $525 | 0.25 | $131.25 |
| **11/23/11** | **Emails from Sue McCormick and David Thompson regarding receipt and reconciliation of payment received from Grace** | **MGM** | **$450** | **0.10** | **$45.00** |
| 11/24/11 | emails to and from Careen Hannouche, memos to and from Sue McCormick and Cindy Yates, all re: wire transfer of payment to Lauzon Belanger | DT | $525 | 0.25 | $131.25 |
| 11/24/11 | receipt Careen Hannouche email confirming receipt of wire transfer funds | DT | $525 | 0.10 | $52.50 |
| 11/24/11 | Email from Careen Hannouche confirming receipt of payment of funds | MGM | $450 | 0.10 | $45.00 |
| **11/30/11** | **Email from David Thompson to Careen Hannouche and Michel Belanger regarding reconciliation of receipts from Grace; email from CDN ZAI PD claimant Andre Malouin** | **MGM** | **$450** | **0.10** | **$45.00** |
| **12/01/11** | **Emails from David Thompson and Careen Hannouche regarding payment and reconciliation process** | **MGM** | **$450** | **0.10** | **$45.00** |
| **12/02/11** | **Further email from David Thompson to Careen Hannouche regarding payment and reconciliation process** | **MGM** | **$450** | **0.10** | **$45.00** |
| 12/20/11 | receipt Karen Harvey email re: receipt of funds | DT | $525 | 0.10 | $52.50 |

| 12/20/11 | **emails to and from Karen Harvey, etc., memos to and from Cindy Yates re: CNOs and wire transfer of holdback funds** | DT | $525 | 0.25 | $131.25 |
|---|---|---|---|---|---|
| **12/20/11** | **Emails from and to David Thompson, Cindy Yates and Sue McCormick regarding receipt and reconciliation of payments from Grace** | **MGM** | **$450** | **0.10** | **$45.00** |
| 12/23/11 | Email from David Thompson to Sue McCormick regarding anticipated payment from The Hogan Firm next week | MGM | $450 | 0.10 | $45.00 |
| 12/29/11 | receipt Karen Harvey email, follow-up memo to Cindy Yates re: holdback cheque sent | DT | $525 | 0.10 | $52.50 |
| | | | | 3.20 | 1,575.00 |

**RESPONSE EXHIBIT 1**

Scarfone Hawkins LLP has been asked to explain why the bankruptcy estate should be charged for the time entries that appear to the bankruptcy estate to be a bookkeeping function. The time entries in question are for time expended to facilitate The Hogan Firm in the preparation of the monthly and quarterly fee applications for Scarfone Hawkins.  The time entries were not for services performed during the ordinary course of business for Scarfone Hawkins LLP, but were for services performed on behalf of the Canadian ZAI Claimants pursuant to the *Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members*, dated April 17, 2002.  Scarfone Hawkins LLP has an obligation to provide accurate information to The Hogan Firm for the preparation of the application as well as the receipt of the funds which relate to them. Hence, the time spent on the "bookkeeping" is actual, necessary, accounting for the preparation of the monthly and quarterly fee applications and, therefore, Scarfone Hawkins should be compensated for such services.  In re Worldwide Direct Inc., 334 B.R. 108 (D.Del. 2005); *See also* In re Nucorp Energy, Inc., 765 F.2d 655, 662 (9th Cir. 1985) (stating that denying counsel fees associated with preparation of fee applications would be "inconsistent with the express policy of the Bankruptcy Reform Act and fundamentally inequitable to impose substantial requirements on bankruptcy counsel as prerequisites to their obtaining compensation while simultaneously denying compensation for the efforts necessary to comply with those requirements.  The preparation and presentation of the detailed fee applications required by the bankruptcy court necessarily involve substantial investments of time and effort from both counsel and their staffs.  To require counsel to devote considerable time to the preparation of fee applications, but to demand that they absorb the

substantial cost associated therewith, would be to ignore the direct mandate of section 330(a) [*11 U.S.C. § 330(a)*] that reasonable compensation be provided for all 'actual, necessary' services rendered by bankruptcy counsel.").

Scarfone Hawkins LLP must frequently correspond with The Hogan Firm, as well as in-house correspondence, to provide the information necessary for the preparation of the fee applications. Accordingly, the time entries in question are directly related to preparation of fee applications and in compliance with the ***Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members****, dated April 17, 2002, and, therefore, should be paid by the bankruptcy estate.