IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING FIRST INTERIM
FEE APPLICATION OF BAKER & MCKENZIE LLP AS ORDINARY COURSE
PROFESSIONAL FOR ALLOWANCE OF FEES AND EXPENSES
IN EXCESS OF THE MONTHLY OCP LIMIT FOR NOVEMBER 2011

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the First Interim Fee Application of Baker & McKenzie LLP as Ordinary Course Professional for Allowance of Fees and Expenses in Excess of the Monthly OCP Limit for November 2011 (the "Application").

BACKGROUND

1.     Baker & McKenzie LLP ("Baker & McKenzie") was retained as an ordinary course professional ("OCP") to provide legal services to the Debtors and Debtors-in-Possession. In the Application, Baker & McKenzie seeks approval of fees totaling $96,728.61 and expenses totaling $1,118.16 for its services from November 1, 2011 through November 30, 2011 (the "Application Period").[1]

2.     In conducting this audit and reaching the conclusions and recommendations

---

[1] Baker & McKenzie is seeking approval of its fees for November 2011 because they exceeded the $50,000.00 monthly OCP cap.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Baker McKenzie 43Q 10-12.11.wpd

contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2012, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Baker & McKenzie based upon our review, and we received a response from Baker & McKenzie, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3. We noted that Baker & McKenzie requested fees totaling $96,728.61. However, we calculated Baker & McKenzie's fees at $96,719.61, for a difference of $9.00.[2] In response to our inquiry, Baker & McKenzie agreed to a $9.00 reduction. We appreciate Baker & McKenzie's response and recommend a reduction of $9.00 in fees.

4. We note for informational purposes the following professionals whose hourly rates exceeded $1,000.00:

---

[2] We calculate Baker & McKenzie's total fees, before the 15% credit, at $113,789.36, whereas, Baker & McKenzie lists its fees as $113,798.36.

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Baker McKenzie 43Q 10-12.11.wpd

| Name | Hours Billed | Hourly Rate | Amount Billed |
|---|---|---|---|
| Geoffrey A. Kay[3] | 0.9 | $1,169.22 | $1,052.30 |
| Edmund Leow[4] | 0.4 | $1,025.00 | $410.00 |
| Dixon Hearder[5] | 0.9 | $1,040.00 | $936.00 |
| John Walker | 0.4 | $1,040.00 | $416.00 |

In *In re USG Corporation,* Case No. 01-2094 (JKF), Transcript of Proceedings, July 19, 2004, p. 14, the Honorable Judith K. Fitzgerald asked that we call to the Court's attention any instance in which a professional's hourly rate reaches $1,000.00, and thus we are complying with the Court's request. Baker & McKenzie offered the following additional information in support of these hourly rates:

> Although we understand that your intention is merely to alert the court of the existence of billing rates over $1,000.00 that were charged by certain Baker attorneys, we feel that an explanation is warranted. Each of the professionals whose hourly billing rates exceeded $1,000.00 is a professional practicing in a foreign jurisdiction. Specifically, and as identified in the Initial Report, Mr. Kay practices in London, Mr. Leow practices in Singapore, and Messrs. Heard and Walker practice in Sydney. London is the most expensive legal market in the world, and is followed closely by both Singapore and Sydney. In addition, foreign attorneys bill at rates that are pegged to the local currency of the market in which they practice, and Baker converted such attorneys' billing rates to U.S. dollars in connection with preparing its fee application. Fluctuations in currency exchange markets lead to fluctuation in billing rates that are converted to U.S. dollars. As such, billing rates for foreign attorneys may appear higher than normal due to these exchange market fluctuations. We believe that the realities of expensive foreign legal markets and ordinary currency exchange market fluctuations warrant charging what otherwise might be considered above-market fees in the U.S.

Specific Time and Expense Entries

---

[3] Mr. Kay is with Baker & McKenzie's London office.

[4] Mr. Leow is with Baker & McKenzie's Singapore office.

[5] Messrs. Hearder and Walker are with Baker & McKenzie's Sydney office.

5.  We noted that a total of 7.7 hours and $5,339.50 in fees were billed on preparation of an engagement agreement. *See* Exhibit A. We understand that time spent on a retention application is compensable because a retention application is required in order to satisfy the bankruptcy rules. However, it appears to us that an engagement agreement is required for almost any matter, irrespective of whether or not the client is in bankruptcy. Thus, we asked Baker & McKenzie to explain why the time spent on this engagement agreement is not overhead. Baker & McKenzie responded as follows:

> We acknowledge that preparation of an engagement agreement is likely not properly chargeable to the estate. We note, however, that (a) a small portion of the fees identified in Exhibit A to the Initial Report were related to engagement letters for non-Baker professionals, which we believe are fees properly charged to the estate, and (b) the $5,339.50 figure identified in the Initial Report does not take into account the 15% discount that Baker provided to the entire bill. As such, we request that, to the extent that you intend to seek a reduction in Baker's fees on this matter, (i) the time entry identified in Appendix A attached hereto not be included as objectionable, and (ii) the amount that you request to be written off, if any, be reduced by 15% to reflect the discount that Baker applied to the entire November bill. We calculate that a write-off incorporating these two requests would total $4,403.42, and we agree to a write-off of that amount.

We have noted on Response Exhibit 1 the time entry which Baker & McKenzie contends is unrelated to preparation of its engagement agreement. We accept Baker & McKenzie's response and recommend a reduction of $4,403.42 in fees.

## CONCLUSION

6.  Thus, we recommend approval of $92,316.19 in fees ($96,728.61 minus $4,412.42) and $1,118.16 in expenses for Baker & McKenzie's services for the Application Period.

wrg FR Baker McKenzie 43Q 10-12.11.wpd

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1250
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 30th day of March, 2012.

_____
Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**
Andrew P. R. McDermott
Baker & McKenzie LLP
300 E. Randolph Street, Suite 5000
Chicago, IL   60601

andrew.mcdermott@bakermckenzie.com

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801