**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et. al.* | : | Case No. 01-1139 (JKF) |
| | : | (Jointly Administered) |
| Debtors | : | **Objection Deadline: April 23, 2012 @ 4:00 p.m.** |

**ONE HUNDRED AND TENTH COMBINED MONTHLY FEE APPLICATION OF
PRICEWATERHOUSECOOPERS LLP, AUDITORS AND TAX CONSULTANTS
FOR DEBTORS, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE MONTHS OF
JANUARY 2012 AND FEBRUARY 2012**

PricewaterhouseCoopers LLP ("PwC"), auditors and tax consultants for W.R. Grace & Co., and the other above-captioned debtors (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits its *One Hundred and Tenth Combined Monthly Fee Application for Allowance of Compensation and Reimbursement of Expenses for the months of January 2012 and February 2012* (the "Application"). PwC respectfully requests the granting compensation and reimbursement of expenses in the amounts requested. In support of this Application, PwC respectfully represents as follows:

I.      **COMPENSATION REQUESTED**

1.      As set forth below, Applicant is requesting an interim allowance of fees in the aggregate amount of $651,036.25 (plus $3,112.77 for preparing this fee application) and reimbursement of expenses in the aggregate amount of $19,845.07. These amounts represent the fees generated and expenses incurred by PwC during the months of January 2012 and February 2012. These amounts also represent the expenses occurred in the months of April, July, August and September 2011 which were not submitted with the previous fee applications. A table showing the names of all professionals and paraprofessionals who rendered services during the period, together with the billing rates of such persons and the number of hours charged by such persons

{02411:PLDG:10167746.DOCX}

during months of January 2012 and February 2012, is set forth on Attachment B to the cover sheet to this Application.


II.      **INTRODUCTION AND PROCEDURAL BACKGROUND**

2.      On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties and assets as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors filed their *Application of the Debtors for the Entry of an Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors and Debtors in Possession* on January 10, 2002 (the "Original Retention Application"). Because the Original Retention Application was contested, it was not until June 18, 2002 that the Court entered its *Order Pursuant to 11 U.S.C. §§ 327(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of PricewaterhouseCoopers LLP As Auditors and Tax Consultants to the Debtors and Debtors in Possession Nunc Pro Tunc to January 10, 2002* (the "Retention Order").

<u>Relief Requested</u>.

4.      By this Application, PwC respectfully requests, on an interim basis, allowance of fees in the amount of $651,036.25 (plus $3,112.77 for preparing this fee application) and reimbursement of expenses in the aggregate amount of $19,845.07 for the periods covered by this Application. In support of this Application, PwC submits its summary time records attached hereto as Exhibit "A" and the expenses summaries attached hereto as Exhibit "B."

5.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these proceedings and this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

6.     All of the services for which compensation is sought were rendered by Applicant to the Debtors solely in connection with this case and in furtherance of the duties and responsibilities of the Debtors and not on behalf of any creditor or other person.

7.     PwC's hourly rates for its auditors and other professionals charged in connection with its services for the Debtors were commensurate with the rates PwC customarily charged its clients (whether corporate or individual) in both bankruptcy and non-bankruptcy matters at the time the services were rendered.

8.     By order dated February 21, 2012 (Dk. No. 28551), the Court granted the Debtors' application to amend the Amended Administrative Order (Dk. No. 1949) authorizing the employment and retention of PwC as auditors and tax consultants to the Debtors and Debtors in possession, that waives the requirement under Rule 2016-(2)(G) of the local rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. Therefore, PwC is no longer required to maintain contemporaneous time records in one-tenth hour increments.  However, PwC is still providing summary time records for the personnel working on this action.

9.     Applicant is not seeking reimbursement for internal charges, including costs associated with airline ticketing and general office services such as computer usage, telephone charges, facsimile transmissions, postage, and photocopying.

10.     None of the amounts requested have been paid.  No payments have been made or promised to Applicant for the audit services described herein and for which PwC seeks compensation and reimbursement of expenses in this Fee Application.  No agreement exists between Applicant and any other person or entity to share any compensation in connection with the Debtors' Chapter 11 cases.

## III.    SERVICES RENDERED DURING THE INTERIM PERIODS

11.     The nature of the work performed by PwC during the covered periods included the following.

12.     <u>Audit and Tax Services</u>.  The Applicant provided the following services:

(i)     Performed audit work for the annual financial statement audit, including detailed audit procedures performed over the WR Grace Balance Sheet and Income Statement, such as cash confirmations, accounts receivable confirmations, detailed testing of revenue, property, plant, and equipment, accounts payable, other accruals, other assets, and incentive compensation accruals.  This work also included testing of management's estimates regarding legal and environmental reserves, assessment of management's goodwill impairment analysis, finalization of testing over the De Neef acquisition, tie out of the fourth quarter of 2011 earnings press release and the Form 10-K, journal entry testing performed to assess fraud risk and review of management's equity rollforward, among other procedures (performed over the course of two months).

(ii)    Audit work performed by the PwC tax team to obtain comfort over the effective tax rate, income tax provision, and income taxes payable included in the WR Grace 2011 financial statements.  This work included testing related to transfer pricing adjustments, uncertain tax positions, review of support for management's indefinite reinvestment assertion, review of the realizability of deferred tax assets, and detailed testing of deferred tax assets and liabilities (performed over the course of two months).

(iii)   Update and completion audit procedures performed by the PwC Risk Assurance team to finalize work performed over the WR Grace information technology systems and reports, including audit procedures related to Information Technology General Controls, automated controls, and key reports (performed over the course of two months).

(iv)    Audit work performed by PwC specialists to gain comfort over the following: assumptions used in pension estimates, valuation of foreign exchange hedges, valuation of De Neef, valuation of the fair value of WR Grace used in the goodwill impairment analysis, review of the environmental liability accrued for the former expansion plants, and review of self-insurance accruals.

> (v)  Preparation for and attendance at the audit committee meetings in January 2012 and February 2012.
>
> (vi)  Update and completion audit procedures performed to finalize our audit work over internal controls required under section 404 of the Sarbanes-Oxley Act. This work included update procedures to ensure operation of controls through the balance sheet date, meetings with management and internal audit to analyze and assess control deficiencies identified, documentation of direct entity level controls, final completion and review of documentation of the testing and of the summary of aggregated deficiencies (performed over the course of two months).

## IV.    ALLOWANCE OF COMPENSATION

13.    Under the Bankruptcy Code, professionals performing services in a bankruptcy case are entitled to "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses."  11 U.S.C. §330(a)(1)(A).

14.    In determining if the amount of compensation is "reasonable", the courts consider the "nature, the extent, and the value" of the services rendered, taking into account the following factors:  the time spent on the services; the rates charged for the services; whether the services were necessary or beneficial to the administration of the case; whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the services; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Chapter 11.    11 U.S.C. § 330(a)(3)(A).  As described throughout this Application, PwC has satisfied the relevant criteria to support the requested award of compensation.

15.    In general, the "baseline rule is for firms to receive their customary rates."  Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc., 50 F.3d 253, 259 (3d Cir. 1995).  The compensation sought herein is based on PwC's customary rates, which are in line with the customary rates charged by comparably skilled practitioners in cases other than cases under Chapter 11.

16.    Applicant's services have been rendered in an efficient manner by accountants and auditors who are experts in their fields.  PwC is one of the largest and most well-respected accounting firms in the country, and its rates are commensurate with its level of expertise.

17.    No prior application for the relief requested herein as been made.

**WHEREFORE**, PwC respectfully requests interim allowance of compensation in the amount of $651,036.25 (plus $3,112.77 for preparing this fee application) and reimbursement of expenses in the aggregate amount of $19,845.07, together with such other and further relief as this Court deems just and proper.

Dated:  April 3, 2012                SMITH KATZENSTEIN & JENKINS LLP


/s/ Kathleen M. Miller_____
Kathleen Miller (I.D.  No.2898)
Smith, Katzenstein & Jenkins, LLP
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)

Attorneys for PricewaterhouseCoopers LLP

{02411:PLDG:10167746.DOCX}