## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.**, *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING THE QUARTERLY FEE APPLICATION OF LAUZON BÉLANGER LESPÉRANCE FOR THE PERIOD OF OCTOBER 1, 2011, THROUGH DECEMBER 31, 2011

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Quarterly Fee Application of Lauzon Bélanger Lespérance for the Period of October 1, 2011, through December 31, 2011</u> (the "Application").

## BACKGROUND

1.      Lauzon Bélanger Lespérance was retained as Canadian counsel to the Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI Claimants"). In the Application, Lauzon Bélanger Lespérance seeks approval of fees totaling CDN $2,113.50 and expenses totaling CDN $2,798.72 for its services from October 1, 2011, through December 31, 2011 (the "Application Period" or the "Forty-Third Interim Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2012, and the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Lauzon Bélanger Lespérance based upon our review, and we received a response from Lauzon Bélanger Lespérance, portions of which response are quoted herein.

## DISCUSSION

3.      We noted several time entries pertaining to the receipt of payments from W. R. Grace. See Exhibit A.  It appears to us that the processing of payments is a bookkeeping function and, therefore, the cost of doing business.  We asked Lauzon Bélanger Lespérance to explain why the bankruptcy estate should be charged for this work.  Lauzon Bélanger Lespérance's response is attached as Response Exhibit 1.  We appreciate Lauzon Bélanger Lespérance's response and agree that time spent on fee application preparation is compensable.  We excluded from our calculations any time entries pertaining to fee applications, invoices, CNOs, etc.  Based upon Lauzon Bélanger Lespérance's response, we revisited the time entries listed on Exhibit A and noted in bold print those time entries pertaining to fees owed to The Hogan Firm, local counsel to the Canadian ZAI Claimants, as they might reasonably be presumed to pertain to the parties' fee applications. However, there is no indication that the remaining time entries listed on Exhibit A pertain to fee application preparation.  The remaining time entries on Exhibit A pertain to receiving payments and making or receiving wire transfers and, therefore, appear to be administrative in nature.  Thus, we accept Lauzon Bélanger Lespérance's response with respect to the bolded time entries (totaling CDN $285.00 in fees), but recommend disallowance of the remainder, for a reduction of CDN $381.90

in fees.

4.    We noted the following time entry included in the invoice from Pinchin Environmental[1] which appeared to contain non-working travel time:

09/28/11        8.00      Pinchin, Donald J.      travel and meeting in Montreal        2,700.00

Pursuant to Local Rule 2016-2(d)(viii): "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates." We asked Lauzon Bélanger Lespérance whether the required 50% discount had been applied to this time. Lauzon Bélanger Lespérance adopted the response provided by Scarfone Hawkins:

> The entire eight (8) hours was not for travel. Scarfone Hawkins and Lauzon Bélanger Lespérance met with Donald J. Pinchin for over 4 hours in Montreal. Accordingly, we agree that four (4) hours should have been billed at 50% of the regular hourly rate:
>
>        9/28/11        4.00      Meeting in Montreal    $1,350.00
>        9/28/11        4.00      Travel to Montreal      $675.00
>
> The Pinchin Environmental invoice for the aforementioned should be reduced by $675.00: (a) $337.50 Scarfone Hawkins; and (b) $337.50 Lauzon Bélanger Lespérance.

We appreciate Lauzon Bélanger Lespérance's response and recommend a reduction of CDN $337.50 in expenses.

## CONCLUSION

5.    Thus, we recommend approval of CDN $1,731.60 in fees (CDN $2,113.50 minus CDN $381.90) and CDN $2,461.22 in expenses (CDN $2,798.72 minus CDN $337.50) for Lauzon Bélanger Lespérance's services for the Application Period.

---

[1]The bill from Pinchin Environmental was divided equally between Scarfone Hawkins and Lauzon Bélanger Lespérance.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
             Warren H. Smith
             Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 4th day of April, 2012.

_____
Warren H. Smith

# SERVICE LIST
## Notice Parties

**Counsel for the Applicants**
Daniel K. Hogan
THE HOGAN FIRM
1311 Delaware Avenue
Wilmington, DE 19806

dan@dkhogan.com

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

**EXHIBIT A**

| | | | | | |
|---|---|---|---|---|---|
| **2011-10-04** | **CH** | **Email to Karen Harvey re: holdback payment for Jan 1, 2011 - March 31, 2011** | **0.17** | **285.00** | **48.45** |
| 2011-10-24 | CH | Email to Cindy Yates re: confirmation of wire transfer | 0.17 | 285.00 | 48.45 |
| **2011-10-26** | **CH** | **Letter to David Thompson re: portion of Hogan Firm's fees** | **0.25** | **285.00** | **71.25** |
| 2011-11-02 | CH | Email to Cindy Yates re: confirmation of wire transfer | 0.17 | 285.00 | 48.45 |
| 2011-11-11 | CH | Email to Karen Harvey re: confirmation of wire transfer receipt | 0.25 | 285.00 | 71.25 |
| 2011-11-23 | CH | Email to Cindy Yates re: confirmation of wire transfer | 0.17 | 285.00 | 48.45 |
| 2011-11-30 | CH | Email to David Thompson re: wire transfer fees | 0.33 | 285.00 | 94.05 |
| **2011-12-13** | **CH** | **Email to David Thompson re: portion of The Hogan Firm fees** | **0.25** | **285.00** | **71.25** |
| **2011-12-19** | **CH** | **Email to Cindy Yates re: payment of Hogan Firm's fees month of October and November** | **0.33** | **285.00** | **94.05** |
| 2011-12-22 | CH | Email to Karen Harvey re: wire transfer from Grace | 0.25 | 285.00 | 71.25 |
| | | | 2.34 | | 666.90 |

**RESPONSE EXHIBIT 1**

Lauzon Bélanger Lespérance has been asked to explain why the bankruptcy estate should be charged for the time entries that appear to the bankruptcy estate to be a bookkeeping function. The time entries in question are for time expended to facilitate The Hogan Firm in the preparation of the monthly and quarterly fee applications for Lauzon Bélanger Lespérance. The time entries were not for services performed during the ordinary course of business for Lauzon Bélanger Lespérance, but were for services performed on behalf of the Canadian ZAI Claimants pursuant to the *Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members*, dated April 17, 2002. Lauzon Bélanger Lespérance has an obligation to provide accurate information to The Hogan Firm for the preparation of the application as well as the receipt of the funds which relate to them. Hence, the time spent on the "bookkeeping" is actual, necessary, accounting for the preparation of the monthly and quarterly fee applications and, therefore, Lauzon Bélanger Lespérance should be compensated for such services. In re Worldwide Direct Inc., 334 B.R. 108 (D.Del. 2005); *See also* In re Nucorp Energy, Inc., 765 F.2d 655, 662 (9th Cir. 1985) (stating that denying counsel fees associated with preparation of fee applications would be "inconsistent with the express policy of the Bankruptcy Reform Act and fundamentally inequitable to impose substantial requirements on bankruptcy counsel as prerequisites to their obtaining compensation while simultaneously denying compensation for the efforts necessary to comply with those requirements. The preparation and presentation of the detailed fee applications required by the bankruptcy court necessarily involve substantial investments of time and effort from both counsel and their staffs. To require counsel to devote considerable time to the preparation of

fee applications, but to demand that they absorb the substantial cost associated therewith, would be to ignore the direct mandate of section 330(a) [*11 U.S.C. § 330(a)*] that reasonable compensation be provided for all 'actual, necessary' services rendered by bankruptcy counsel.").

Lauzon Bélanger Lespérance must frequently correspond with The Hogan Firm, as well as in-house correspondence, to provide the information necessary for the preparation of the fee applications. Accordingly, the time entries in question are directly related to preparation of fee applications and in compliance with the ***Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members***, dated April 17, 2002, and, therefore, should be paid by the bankruptcy estate.