## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Hearing Date: June 18, 2012, at 9:00 a.m.** |
| | ) **Objection Deadline: June 1, 2012** |

## MOTION FOR AN ORDER APPROVING THE STIPULATION AND SETTLEMENT AGREEMENT RESOLVING CLAIM OF THE UNITED STATES REGARDING THE BIG TEX SITE, SAN ANTONIO, TEXAS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") file this motion (this "Motion") requesting the Court enter an order, substantially in the form attached hereto as Exhibit A (the "Order"), approving *Stipulation and Settlement Agreement Resolving Claim of the United States Regarding the Big Tex Site, San Antonio, Texas* (the "Stipulation"), a copy of which is attached to the Order as Exhibit I, resolving the claims of the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

United States (the "United States" or the "Claimant") related to the Big Tex Site, as the Stipulation defines that term. In support of this Motion, the Debtors state the following:[2]

<b>JURISDICTION</b>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Motion are section 105 of the Bankruptcy Code and Fed. R. Bankr. P. 9019.

<b>BACKGROUND</b>

3.      Pursuant to the Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding (Docket no. 936) (the "Amended Order"), the Debtors are authorized to settle claims that exceed $1,000,000 only upon a motion of the Debtors for entry of a separate order.

4.      On or about March 23, 2003, the Claimant filed Proofs of Claim nos. 9634 and 9635 against the Debtor W. R. Grace & Co. and the Debtor Kootenai Development Company. The Proofs of Claim expressly reserved Claimant's right to amend them for any "subsequently discovered liabilities."

5.      On or about June 2, 2008, the Court entered its *Order Authorizing EPA Multi-Site Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters* (Docket no. 18847) (the "EPA Multi-Site Agreement Order"). Attached to that order as

---

[2]     Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Stipulation or the *First Amended Joint Plan of Reorganization in Their Chapter 11* Cases (Docket no. 25881), as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

Exhibit A was the *EPA Multi-Site Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters*, dated May 14, 2008, (the "EPA Multi-Site Agreement").

6.    On or about April 10, 2009, pursuant to the procedures set forth in the EPA Multi-Site Agreement Order, the Claimant notified the Debtors of the Big Tex Additional Site Claim, which the Claimant estimated to be approximately $2,248,448.47.  As documented in the Stipulation, the Claimant and the Debtors have agreed that the Big Tex Additional Site Claim shall be an allowed general unsecured claim of $2,200,000 for environmental remediation response costs at the Big Tex Site, along with any and all other claims, liabilities or obligations of the Debtors to the Settling Federal Agencies under Sections 106 and 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606 & 9607, and Section 7003 of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6973 (collectively, the "Environmental Statutes") arising from any and all acts, omissions or conduct of the Debtors, including without limitation, any and all such claims, liabilities and obligations arising from: (a) prepetition generation, transportation, disposal or release of hazardous wastes or materials; or (b) prepetition ownership or operation of hazardous waste facilities.

7.    In the Stipulation, which is dated as of April 9, 2012, the Debtors and the United States of America agreed to settle the Big Tex Additional Site Claim on the terms and conditions set forth in the EPA Multi-Site Agreement and the Stipulation.

8.    To the extent allowed by, and pursuant to the terms of, the Plan or another confirmed chapter 11 plan of reorganization, interest shall begin to accrue on the Big Tex Additional Site Claim on January 17, 2012, and continue accruing until the date on which a

distribution is made in satisfaction thereof at the rate and on the terms specified in the Plan for
Allowed General Unsecured Claims.

<u>PUBLIC NOTICE AND COMMENT</u>

9.      Pursuant to the terms of the Stipulation, the Debtors are filing this Motion and the
Stipulation more than thirty days prior to the hearing scheduled for June 18, 2012.  The United
States is publishing notice in the Federal Register of the filing of the Motion and the Stipulation
and identifying a public comment period.  After the conclusion of the public comment period,
the United States will file a statement informing the Bankruptcy Court of any comments
received, as well as the United States' responses to the comments.  The United States reserves
the right to withdraw or withhold its consent if the comments regarding the Stipulation disclose
facts or considerations that indicate that the Stipulation is not in the public interest.

10.      If the comment period expires prior to the June 11 deadline for filing the final
agenda for the June 18 hearing, the Debtors will list the Motion on the preliminary agenda as
going forward at that hearing.  If the comment period expires after June 11, 2012, the hearing on
the motion will be continued until the next omnibus hearing which is currently scheduled for
July 16, 2012.

<u>RELIEF REQUESTED</u>

11.      Therefore, by this Motion, the Debtors respectfully request the Court enter the
Order pursuant to section 105 of the Bankruptcy Code, Fed. R. Bankr. P. 9019 and the Amended
Order: (i) approving the Debtors' execution of the Stipulation; and (ii) allowing the Big Tex
Additional Site Claim on the terms and conditions set forth in the Stipulation and the EPA Multi-
Site Agreement.

<u>ANALYSIS</u>

12.     Section 105(a) of the Bankruptcy Code provides in pertinent part that "(t)he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Fed. R. Bankr. P. 9019(a) provides in pertinent part that "(o)n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

13.     Courts generally favor minimizing litigation and expediting the administration of a bankruptcy case. <u>See</u> <u>Myers v. Martin (In re Martin)</u>, 91 F.3d 389, 393 (3d Cir. 1996); <u>see also</u> <u>In re Key3Media Group, Inc.</u>, No. 03-10323, 2006 U.S. Dist. WL 2842462, at *3 (D. Del. Oct. 2, 2006). Settlements and compromises are "a normal part of the process of reorganization." <u>Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424 (1968) (quoting <u>Case v. Los Angeles Lumber Prods. Co.</u>, 308 U.S. 106, 130 (1939)). Indeed, compromises are favored in bankruptcy. <u>Martin</u>, 91 F.3d at 393.

14.     Before approving a settlement under Fed. R. Bankr. P. 9019(a), however, a court must determine that the proposed settlement is in the best interests of the debtor's estate. <u>See</u> <u>id.</u> at 394; <u>In re Marvel Entm't Group, Inc.</u>, 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether the compromise is fair, reasonable, and in the interest of the estate") (internal quotation marks and citations omitted). To reach this determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. <u>See</u> <u>Martin</u>, 91 F.3d at 393.

15.     The standard by which courts should evaluate the reasonableness of a proposed compromise and settlement is well established. This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and

delay necessarily attending it; and (4) the paramount interest of the creditors." Id. at 393; see also In re Nutraquest, Inc., 434 F.3d 639 (3d Cir. 2006).

16.    It is also well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Key3Media Group, 2006 WL 2842462, at *3; In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (citing In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979)).    Under this test, a proponent must simply demonstrate that a proposed settlement does not fall "below the lowest point in the range of reasonableness." World Health Alternatives, 344 B.R. at 1114 (citations omitted).

17.    The Debtors have determined that it is in their best interests and those of their estates to enter into the Stipulation.  The Stipulation is fair and reasonable, and is within the reasonable range of litigation possibilities.  The Stipulation settles what was an initially proposed $2,248,448.47 claim for a sum certain of $2,200,000, which caps the Debtors' liability for the Big Tex Additional Site Claim.  The Stipulation also effectuates the claim resolution process regarding Additional Sites that was put into place when this Court approved the EPA Multi-Site Agreement.

18.    Additionally, the Stipulation allows the Debtors to avoid potential additional or increased obligations arising from the Big Tex Site.  The Stipulation will preclude the United States from asserting any further claims for environmental remediation response costs at the Big Tex Site and any and all other claims, liabilities or obligations of the Debtors to the Settling Federal Agencies under the Environmental Statutes arising from any and all acts, omissions or conduct of the Debtors at the Big Tex Site, including without limitation, any and all such claims, liabilities and obligations arising from: (a) prepetition generation, transportation, disposal or

release of hazardous wastes or materials; or (b) prepetition ownership or operation of hazardous waste facilities.

19.     For the above reasons, the Debtors believe that the Stipulation represents a reasonable settlement of Big Tex Additional Site Claim.  The Stipulation is fair and equitable and in the best interests of the Debtors, their estates, and their creditors.  The Stipulation is also in the public interest.  Accordingly, the Debtors have demonstrated a sound business justification and public interest for the execution and consummation of the Stipulation.  The Court should enter the Order substantially in the form attached hereto as Exhibit A, approving the Stipulation.

### NO PREVIOUS MOTION

20.     No previous motion for the relief sought herein has been made to this or any other court.

### NOTICE

21.     Notice of this Motion has been given to:  (i) the Office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) counsel for the United States, as set forth in the Stipulation.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully seek the entry of an order, pursuant to Bankruptcy Code section 105 and Fed. R. Bankr. P. 9019: (i) approving the Debtors' execution of the Stipulation; (ii) allowing the Big Tex Additional Claim in the amount of $2,200,000; and (iii) granting such other relief as may be appropriate.

Dated: April 10, 2012

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession