# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re docket no. 28682 & 28768 |
| | ) Hearing Agenda item no. 3 |

## ORDER AUTHORIZING DEBTORS' ENTRY INTO AN ADMINISTRATIVE SETTLEMENT AGREEMENT AND ORDER ON CONSENT FOR REMOVAL ACTION FOR THE HIGH POINT, NORTH CAROLINA SITE

Upon consideration of the *Motion for an Order Approving Administrative Settlement Agreement and Order on Consent for Removal Action for the High Point, North Carolina Site* (the "Motion"), it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1. The Motion is granted in its entirety.

2. The Debtors are authorized to enter into the *Administrative Settlement Agreement and Order on Consent for Removal Action for the High Point, North Carolina Site* (the "AOC") in the form attached hereto as Exhibit I.

3. The AOC is a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that Debtors are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in the AOC.

4. The Debtors are authorized to take all actions that may be necessary to implement the AOC, including but not limited to making all payments specified in the AOC.

5. The EPA shall have an allowed unsecured claim for Past Response Costs in the amount of $131,825.66 through January 13, 2012. Consistent with the Multi-Site Agreement, the Debtors' obligation to pay the Past Response Costs is in the form of an Allowed General Unsecured Claim against the Debtors' chapter 11 estates (the "High Point Allowed Past Response Costs Claim").

6. The Debtors are authorized and directed to instruct their claims agent to mark the Debtors' Claims Register to reflect the allowance of the High Point Allowed Past

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the AOC, the Motion or the *First Amended Joint Plan of Reorganization in their Chapter 11* Cases (Docket no. 25881), as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

Response Cost Claim as an Allowed General Unsecured Claim in the amount of $131,825.66.

7. The Reorganized Debtors shall pay the Allowed Past Response Cost Claim within thirty (30) days after the Plan's Effective Date in the same manner as all other Allowed General Unsecured Claims.

8. Interest on the High Point Allowed Past Response Cost Claim shall commence accruing thirty (30) days after the Effective Date of the AOC at the rate established by 26 U.S.C. § 9507.

9. The Debtors are authorized to pay EPA's Future Response Costs within thirty (30) days of receipt of each bill requiring payment or within thirty (30) days of the Plan Effective Date, whichever is later.

10. The Debtors are authorized and directed to instruct their claims agent to mark the Debtors' Claims Register to reflect the allowance of Future Response Costs unpaid as of the Plan Effective Date as an Allowed General Unsecured Claim in the cumulative amount of all such unpaid Future Response Costs (the "High Point Future Response Costs Claim").

11. Interest on Future Response Costs shall begin to accrue thirty (30) days after the date of the receipt of the applicable bill and shall continue to accrue until the date of payment at the rate established by 26 U.S.C. § 9507.

12. Upon the issuance of the Notice of Completion of Work and the Debtors' payment of all Response Costs and other amounts pursuant to the AOC, any claims for or related to the Work (other than the High Point Allowed Past Response Cost Claim and the High Point Future Response Costs Claim) shall be considered general unsecured claims liquidated at

$0, and subject to applicable discharges under the Plan and section 1141 of the Bankruptcy Code.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

14. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order, the AOC and the High Point Site Additional Claim.

15. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 6004, Fed. R. Bankr. P. 9014 or otherwise.

Dated: April 13th, 2012

*Judith K. Fitzgerald*

Honorable Judith K. Fitzgerald
United States Bankruptcy Judge