|                                      |                    |
|--------------------------------------|--------------------|
| DATE OF SERVICE OF NOTICE:           | APRIL 16, 2012     |
| OPPOSITION/RESPONSE DUE:             | MAY 6, 2012        |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

## NOTICE OF FINAL JUDGMENT AND CLAIMS SETTLEMENT (CLAIM NO. 9566)

THIS NOTICE (THE "NOTICE") IS PROVIDED TO YOU PURSUANT TO THAT CERTAIN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (THE "BANKRUPTCY COURT"), CAPTIONED *AMENDED ORDER AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING*, [DOCKET NO. 936] (THE "OMNIBUS SETTLEMENT PROCEDURES ORDER"). YOU

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

DOCS_DE:179424.1 91100-001

MUST ADHERE TO THE TERMS OF THIS NOTICE IN ORDER TO PROTECT YOUR RIGHTS. PLEASE READ THE FOLLOWING PROCEDURES CAREFULLY.[2]

Pursuant to the Omnibus Settlement Procedures Order, the Debtors must provide notice to the Negative Notice Parties (as defined herein) of any settlement with a value that equals or exceeds $50,000, but does not exceed $1,000,000. Such notice must include the terms of the settlement and the Debtors' basis for belief that each settlement is fair and reasonable. Pursuant to the terms of the Omnibus Settlement Procedures Order, if the terms set forth in this Notice are not objected to in writing by any of the Negative Notice Parties within twenty (20) days after the date of transmittal of such written notice, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Bankruptcy Court by the Debtors of a certificate of no objection with respect to such settlements. **In no event, however, will a settlement executed by the Debtors in accordance with the Omnibus Settlement Procedures Order provide for any monetary payments to be made by the Debtors from property of their estates to or on behalf of a settling party on account of any claims owing or arising prior to April 2, 2001, the date the Debtors filed their petitions for relief under title 11 of the United States Code.** Such claims shall be satisfied in accordance with such further orders of the Bankruptcy Court or in accordance with the Debtors' plan of reorganization.

If you oppose the settlement of the Claims (as defined below) on the terms set forth herein, you must follow the procedures delineated below. Please note that objections, oppositions or comments to the procedures set forth herein shall not be deemed an objection to the settlement of the Claim and will, therefore, not be considered.

*Summary of Terms of Final Judgment & Settlement*

On or about March 9, 2012, the Debtors, Robert H. Locke ("Claimant" or "Locke") and Robert J. Bettacchi ("Bettacchi") entered into a *Confidential Settlement Agreement and General Release* (the "Settlement Agreement"), which resolves Claim no. 9566 (the "Locke Claim") and certain litigation pending before the Massachusetts Superior Court, Middlesex County (the "Massachusetts Court"), captioned as *Robert H. Locke v. W.R. Grace & Co.-Conn. and Robert J. Bettacchi*, Civil Action No. MICV1999-02530-C (the "Locke Action").

On or about May 18, 1999, Claimant commenced the Locke Action, asserting claims of employment discrimination against the Debtors and Bettacchi (collectively, the "Defendants"). On or about January 2, 2001, the Massachusetts Trial Court entered an order granting a motion to compel the Defendants to respond to certain discovery requests submitted by Locke. Another order granting a motion to compel discovery was entered in May 2001 (together, the "Discovery Order"). On or about January 22, 2001, the Defendants filed a motion for summary judgment seeking a judgment in favor of the Defendants on all counts of the Locke Action (the "Summary Judgment Motion"). On and after the Petition Date, the automatic stay and a preliminary

---

[2] Capitalized terms not defined in this Notice shall have the meanings ascribed to them, as the case may be, in the *Confidential Settlement Agreement and General Release* (the "Stipulation"), dated as of March 9, 2012, the Omnibus Settlement Procedures Order or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases,* Docket no. 25881, as it may be further amended, supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

injunction entered by the Bankruptcy Court staying actions against, among other parties, current and former directors, officers and employees of the Debtors arising out of their employment with the Debtors (the "Injunction") fully stayed the Locke Action.

On or about March 28, 2003, Claimant filed the Locke Claim for approximately $6-7 million for age and handicap discrimination as alleged in the Locke Action. On or about May 19, 2003, the parties entered into a stipulation that partially lifted the automatic stay and the Injunction to permit the parties to the Locke Action to complete discovery as set forth in the Discovery Order, prosecute and defend the Summary Judgment Motion and to take such actions as necessary or appropriate to exercise their rights of appeal, if any, with respect to the Summary Judgment Motion, until such rights had been exhausted. On or about November 16, 2004, the Summary Judgment Motion was granted as to the age discrimination claims, but it was denied as to the disability claims. On June 27, 2005, this Court entered an order expunging the Locke Claim (Docket no. 8735).

In November 2006, the Debtors and Locke entered into a stipulation (Docket no. 13735) (the "Reinstatement Stipulation") to reinstate the Locke Claim solely as to the disability claim and refer the Locke Claim to mediation pursuant to this Court's order establishing an alternative dispute resolution program. On November 28, 2006, the Court entered an order authorizing the Debtors to enter into the Reinstatement Stipulation and reinstating the Locke Claim solely as to the disability claim (Docket no. 13817).

On December 20, 2006, the Debtors filed their Debtors' Objection to Claim of Robert H. Locke and Agreement for Referral to Mediation (Docket no. 14100) (the "Objection"). On January 4, 2007, Locke filed his *Response of Claimant Robert H. Locke to Debtors' Objection to Claim of Robert H. Locke* (Docket no. 14218) (the "Locke Objection Response"). The Debtors and Locke thereafter participated in good faith in the mediation program, but they were unable to resolve the Locke Claim.

On January 31, 2011, the Debtors and Locke entered into the *Stipulation Requesting the Lifting of the Automatic Stay in Regard to Claimant Robert H. Locke* (the "Lift Stay Stipulation"), by which the Locke Action could proceed to trial in the Massachusetts Court. On March 25, 2011, the Court entered its *Motion for an Order Lifting the Automatic Stay to Allow the State Court Litigation Regarding Claim No. No. 9566 (Robert H. Locke) to Proceed* (Docket no. 26629).

Prior to the commencement of trial in the Massachusetts Court, the parties were able to resolve their differences and enter into the Settlement Agreement on the following terms:

- The Locke Claim shall be an allowed, general unsecured claim in the amount of $600,000.

- The Locke Claim will accrue post-judgment interest on the terms and conditions set forth in the Plan from March 9, 2012, until the date of payment.

- The Debtors will pay the Locke Claim on or after the Plan's Effective Date on the terms and conditions set forth in the Plan.

- Locke, Bettacchi and the Debtors have entered into mutual releases.

- The Debtors have agreed to indemnify Locke for any claims brought against Locke by Bettacchi, Mario Favorito, Robert Walsh, Harry Eschenbach, William McCaig, or Jack Wolter, concerning the criminal trial in the U.S. District Court for the District of Montana, encaptioned *United States v. W.R. Grace, et al.*, No. CR 05-07-M-DWM.

- The parties agreed to keep the terms of the Settlement Agreement and the nature of the settlement set forth therein confidential, except for the summary of terms set forth in this Notice.

Subsequent to entering into the Settlement Agreement, the Massachusetts Court entered a final judgment pursuant to Massachusetts Rule of Civil Procedure 68 (the "Final Judgment," a copy of which is attached hereto as Exhibit A), in which the Massachusetts Court ordered and adjudged:

> That the plaintiff Robert H. Locke recover of the defendant W. R. Grace & Co.-Conn the sum of $600,000.00 with interest thereon from March 15, 2012 to date in the sum of $2,367.14 and costs of the action so accrued.

The parties have agreed that the allowed amount of the Locke Claim shall not include the $2,367.14 of interest set forth in the Final Judgment. The Locke Claim shall be allowed in the amount of $600,000, as set forth in the Settlement Agreement, with interest accruing pursuant to the terms and conditions set forth in the Plan.

The Debtors believe that the terms of the Settlement Agreement fall well within the acceptable range of potential outcomes of the Locke Action in view of: (i) their assessment of the probability of success in the Locke Action; and (2) the complexity, expense, inconvenience and delay necessarily attending the Locke Action. In particular, the Debtors believe that the Settlement Agreement serves the interests of their estates and constituencies by resolving the Locke Action on favorable terms and avoiding potentially substantial litigation costs that would be incurred if a trial were to go forward in the Massachusetts Court.

*Objection Procedures:*

If you object to the settlement of the Claim, you **MUST** serve on the parties listed below (collectively, the "Negative Notice Parties") a written objection to this Notice. All objections and responses must be received by the Negative Notice Parties at the facsimile numbers set forth below no later than twenty (20) days after the date of this notice (May 12, 2012, at 4:00 p.m. ET).

If a timely objection is not received by the Negative Notice Parties and Debtors' counsel, the Claim shall be deemed resolved without further notice or hearing of the Bankruptcy Court.

If a timely objection is received by the Negative Notice Parties' and Debtors' counsel and a resolution to the objection cannot be reached among the parties, the Debtors will file a copy of the Notice and your objection with the Court and will schedule a hearing to consider the Notice.

Unless otherwise ordered by the Court, if such objection is overruled or withdrawn, the settlement of the Claim shall be deemed to have occurred on the date the Court enters an order approving the Notice.

Any questions or comments regarding the foregoing procedures may be forwarded to James E. O'Neill of Pachulski Stang Ziehl & Jones LLP at 919 N. Market St., 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705, (302) 652-4100.

**[remainder of this page is intentionally left blank]**

# DISTRIBUTION LIST/NEGATIVE NOTICE PARTIES

*OFFICE OF UNITED STATES TRUSTEE*

| | |
|---|---|
| United States Trustee's Office<br>Attn: David M. Klauder<br>844 King Street, Suite 2207<br>Lock Box 35<br>Wilmington, DE 19801 | **FAX: (302) 573-6497** |

*COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS*

| | |
|---|---|
| Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, New York 10038-4982<br>Attn: Arlene G. Krieger, Esq. | **FAX: (212) 806-6006** |

*COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS*

| | |
|---|---|
| Caplin & Drysdale<br>375 Park Avenue, 35th Floor<br>New York, NY 10152<br>Attn: Elihu Inselbuch | **FAX: (212) 644-6755** |
| Caplin & Drysdale<br>One Thomas Circle, N.W., Suite 1100<br>Washington, District of Columbia 20005<br>Attn: Peter Van N. Lockwood | **FAX: (202) 429-3301** |
| Campbell & Levine<br>800 North King Street, Suite 300<br>Wilmington, DE 19801<br>Attn: Mark T. Hurford | **FAX: (302) 426-9947** |

*COUNSEL TO THE OFFICIAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS*

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>First Union Financial Center<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, Florida 33131<br>Attn: Scott L. Baena | **FAX: (305) 374-7593** |

*COUNSEL TO THE LC FACILITY AGENT AND LC ISSUERS*

Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Attn:  Douglas Bacon

FAX: (312) 993-9767

*COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS*

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Attn:  Philip Bentley
       David Blabey

FAX: (212) 715-8000

*CO-COUNSEL TO THE DEBTORS*

Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Attn:  Adam Paul

FAX: (312) 862-2200

The Law Offices of Roger Higgins, LLC
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
Attn:  Roger J. Higgins

FAX: (312) 577-0737

Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Attn:  James O'Neill, Esq.

FAX: (302) 652-4400

**[remainder of page intentionally left blank]**

Dated: April 16, 2012

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession