IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | Relates to Docket No. 27621, 28333, 28375, 28793 |

**ORDER APPROVING AMENDED STIPULATION RESOLVING MOTION OF INTRAWEST CALIFORNIA HOLDINGS, INC., ET AL. FOR RELIEF FROM AUTOMATIC STAY**

The Court having considered the *Amended Stipulation Resolving Motion of Intrawest California Holdings, Inc. et. al. for Relief from the Automatic Stay* (the "Amended Stipulation") attached hereto as **Exhibit A**; the Court having determined that good and adequate cause exists for approval of the Amended Stipulation; and the Court having determined that no further notice of the Amended Stipulation must be given.

**IT IS HEREBY ORDERED** that the Stipulation is approved.

Dated: April 20, 2012
Wilmington, Delaware

*Judith K. Fitzgerald*
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br><br>Re: Docket No. 27621, 28333, 28375, 28793 |

## AMENDED STIPULATION AND AGREED ORDER RESOLVING MOTION OF INTRAWEST CALIFORNIA HOLDINGS, INC., ET AL. FOR RELIEF FROM THE AUTOMATIC STAY [DOCKET NO. 27621]

W. R. Grace & Co. and certain of its affiliates, as debtors and debtors in possession, including W. R. Grace & Co.-Conn (collectively, the "Debtors"), and Intrawest California Holdings, Inc., Intrawest Retail Groups, Inc., 22 Station Development Corporation, First Ascent Development Corporation and Intrawest Corporation (collectively, "Intrawest" or the "Movants," and collectively with the Debtors, the "Parties"), hereby enter into the following Amended Stipulation and Agreed Order, (the "Amended Stipulation and Order"), amending the Stipulation and Agreed Order Resolving the *Motion of Intrawest for Relief from the Automatic Stay* [Docket No. 27621] (the "Motion"), dated January 6, 2012, and approved and entered by the Court on January 17, 2012 [Docket No. 28375] (the "January 6, 2012, Stipulation"). In connection with this Amended Stipulation and Order, the Parties respectfully state as follows:

WHEREAS, on or about May 26, 2010, First Ascent Owner's Association ("First Ascent"), a non-profit corporation, filed a Complaint in the Superior Court of the State of California for the County of Placer (the "First Ascent Litigation"), against Intrawest and various

K&E 20679620

other defendants for various construction defect claims at Phase I of The Village at Squaw Valley project (the "Project").

WHEREAS, on or about May 20, 2012, 22 Station Owner's Association, a non-profit corporation ("22 Station") filed a Complaint in the Superior Court of the State of California for the County of Placer, against Intrawest and various other defendants, for various construction defect claims at Phase II of the Project, known as 22 Station (the "22 Station Litigation").

WHEREAS, on or about May 20, 2010, Squaw Valley Neighborhood Company ("SVNC"), a non-profit corporation comprised of owners of residential and commercial units within the Project, created to act as the Master Association for the Project, filed a Complaint in the Superior Court of the State of California for the County of Placer against Intrawest and other defendants, for various construction defect claims at the common areas of Phase I and Phase II of the Project (the "SVNC Litigation").

WHEREAS, on or about December 30, 2010, Intrawest filed a Cross-Complaint in the First Ascent Litigation, the 22 Station Litigation and the SVNC Litigation, naming various cross-defendants including Zoes 1 through 100.

WHEREAS, on or about May 23, 2011, Intrawest filed a Zoe Amendment in the SVNC Litigation naming, among others, W. R. Grace & Co.-Conn. ("Grace"), improperly named in the Zoe Amendment as Grace Construction Products, seeking unspecified damages.

WHEREAS, Intrawest's Zoe Amendment in the SVNC Litigation includes, but is not limited to, the allegation that Grace and other cross-defendants inspected, installed, constructed, designed, manufactured and/or supplied defective component parts incorporated into the Project.

WHEREAS, at the time of the filing of the May 23, 2011 Zoe Amendment naming Grace, Intrawest believed that the specific defect claims relating to Grace were being asserted by

2

the Plaintiffs in the SVNC Litigation based upon the initial Statement of Claims and Cost of Repair produced by Plaintiffs in the SVNC Litigation, 22 Station Litigation and First Ascent Litigation produced on or about January 26, 2011.

WHEREAS, on or about February 22, 2012, Plaintiffs in the 22 Station Litigation, First Ascent Litigation and SVNC Litigation produced revised Costs of Repair Reports which re-allocated their construction defect claims relating to various portions of the Project among the three matters, including the defect claims for which Intrawest alleges Grace is liable.

WHEREAS, based upon the Plaintiffs' re-allocation of their claims among the First Ascent Litigation, 22 Station Litigation, and SVNC Litigation, it has become necessary for Intrawest to name Grace as a Cross-Defendant in the 22 Station Litigation and First Ascent Litigation matters as well as the SVNC Litigation.

WHEREAS, at the time of the events at issue in the First Ascent Litigation, 22 Station Litigation and SVNC Litigation, the Debtors were covered by primary layer general commercial liability insurance with a $250,000 deductible and a $7.5 million limit, issued by American Home Insurance Company for the policy period June 30, 2000, to June 30, 2001, with policy number RM GL 612-38-15 (the "American Home Policy").

WHEREAS, the Parties, subsequent to discussions regarding further handling of Intrawest's claims against Grace, wish to incorporate and include the 22 Station Litigation and the First Ascent Litigation and Intrawest's claims against Grace therein, into the January 6, 2012, Stipulation granting Intrawest Relief from Grace's Bankruptcy Stay, as previously agreed upon and as herein restated as follows:

WHEREAS, on April 2, 2001, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

WHEREAS, the Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of title 11 of the Bankruptcy Code.

WHEREAS, on January 31, 2011, this Court issued its Memorandum Opinion [Dkt. No. 26154] and Recommended Findings of Fact, Conclusions of Law and Order, regarding Confirmation of First Amended Joint Plan of Reorganization and Order Confirming Plan of Reorganization [Dkt. No. 26155] (collectively, the "Confirmation Order"), and appeals of this Court's Confirmation Order are pending in the United States District Court for the District of Delaware.

WHEREAS, on September 19, 2011, the Movants filed the Motion seeking relief from the automatic stay imposed by 11 U.S.C. § 362 (the "Automatic Stay"). Specifically, the Motion seeks "to obtain relief from the automatic stay to proceed with the current state court action and collect any judgment from any available insurance, up to the limits of such insurance." (Motion at 1.)

NOW, THEREFORE, in consideration of the mutual promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby STIPULATED AND AGREED between the Parties that:

1. The Automatic Stay is modified to allow the Movants to liquidate its claims in the 22 Station Litigation, the First Ascent Litigation and the SVNC Litigation through adjudication in the Superior Court of California or through settlement of said claims.

2. Movants agree that as the result of liquidating any judgment or settlement against Grace arising out of the 22 Station Litigation, the First Ascent Litigation or the SVNC Litigation, they will take no action against the estates of any of the Debtors for the purpose of collecting on the judgment or settlement.

3. Movants agree that if they obtain a judgment against or enter into a settlement involving Grace in the 22 Station Litigation, the First Ascent Litigation or the SVNC Litigation, they shall proceed to collect such judgment or settlement only from the proceeds of the American Home Policy, up to the limits of said policy.

4. Movants specifically waive (i) the right to take any action to collect from or against the estates of any of the Debtors as a result of the liquidation of any judgment or settlement against Grace in the 22 Station Litigation, the First Ascent Litigation or the SVNC Litigation; and (ii) the right to file a claim against any of the Debtors in the Chapter 11 proceedings with respect to the liquidation of any judgment or settlement against Grace in the 22 Station Litigation, the First Ascent Litigation or the SVNC Litigation.

5. Notwithstanding the agreements set forth in Paragraphs 1 through 4 above, Grace reserves any and all rights to appear in, participate in and defend itself in the 22 Station Litigation, the First Ascent Litigation and the SVNC Litigation, and Movants agree that Grace shall have these rights.

6. The Motion is hereby withdrawn.

7. This Amended Stipulation and Order shall be binding on and inure to the benefit of the Parties hereto and their respective successors and assigns.

8. The undersigned hereby represent and warrant that they have full authority to execute this Amended Stipulation and Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Amended Stipulation and Order.

9. This Amended Stipulation and Order may be executed in one or more counterparts, each of which when so executed and delivered shall be an original, but all of which when taken together shall constitute one and the same instrument.

10. This Amended Stipulation and Order shall not be modified, altered, amended or vacated without written agreement of the Parties.

11. This Court shall retain jurisdiction, and the Parties consent to such retention of jurisdiction, to resolve any disputes or controversies arising from or related to this Amended Stipulation and Order. Any motion or application brought before the Court to resolve a dispute arising from or related to the Stipulation and Order shall be brought on proper notice upon the undersigned parties in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States District Court for the District of Delaware.

Stipulated and Agreed to this 17th day of April, 2012

| **LINCOLN, GUSTAFSON & CERCOS** | **KIRKLAND & ELLIS LLP** |
|---|---|
| _/s/ Darcie A.F. Colihan_ | _/s/ Lisa D. Esayian_ |
| Darcie A.F. Colihan | Lisa G. Esayian |
| 225 Broadway, Suite 2000 | 300 N. LaSalle |
| San Diego, CA 92101 | Chicago, IL 60654 |
| Telephone: (619) 233-1150 | Telephone: (312) 862-2000 |
| Facsimile: (619) 233-6949 | Facsimile: (312) 862-2200 |
| Email: dcolihan@lgclawoffice.com | Email: lisa.esayian@kirkland.com |
| And | And |

6

| | |
|---|---|
| **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN** | **PACHULSKI STANG ZIEHL & JONES LLP** |
| Tracy A. Burleigh, Esquire (Bar No. 3609)<br>1220 North Market Street, 5th Floor<br>P.O. Box 8888<br>Wilmington, DE 19899<br>Telephone: (302) 552-4304<br>Facsimile: (302) 651-7905<br>Email: taburleigh@mdwcg.com<br><br>*Attorneys for Intrawest California Holdings, Inc., Intrawest Retail Groups, Inc., 22 Station Development Corporation, First Ascent Development Corporation and Intrawest Corporation* | Laura Davis Jones (Bar No. 2436)<br>James E. O'Neill (Bar No. 4042)<br>Kathleen P. Makowski (Bar No. 3648)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>(Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: kmakowski@pszjlaw.com<br><br>*Attorneys for the Debtors and Debtors in Possession* |