Case 01-01139-AMC    Doc 28800    Filed 04/20/12    Page 1 of 6

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | Re: Docket No.: _____ |

**DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S SCHEDULING ORDER AND TO SHORTEN NOTICE PERIOD ON MOTION OF W. R. GRACE & CO. FOR ENTRY OF AN ORDER APPROVING (A) THE SETTLEMENT BETWEEN W. R. GRACE & CO. AND THE LIBBY CLAIMANTS, (B) THE TRANSITION OF THE LIBBY MEDICAL PROGRAM, AND (C) THE SETTLEMENT BETWEEN W. R. GRACE & CO. AND BNSF RAILWAY COMPANY**

The Debtors hereby move this Court pursuant to Del. Bankr. L.R. 9006-1(e), Rule 9006(c) of the Bankruptcy Rules and section 102 of the Bankruptcy Code, for leave from this Court's Scheduling Order and to shorten the notice period with respect to the *Motion of W. R.*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

DOCS_DE:179571.3 91100-001

*Grace & Co. For Entry of an Order Approving (A) the Settlement Between W. R. Grace & Co. and the Libby Claimants, (B) the Transition of the Libby Medical Program, and (C) the Settlement Between W. R. Grace & Co. and BNSF Railway Company* (the "Motion"), so that the Motion may be heard at the Court's May 23, 2012 hearing at 9:00 a.m. and setting the Objection Deadline on the Motion for May 4, 2012 at 4:00 p.m. (prevailing Eastern time). In support of this Motion, the Debtors respectfully represent as follows:

1. Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Similarly, Del. Bankr. LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

2. Accordingly, the Debtors file this Motion seeking an Order of this Court for leave of the Scheduling Order and shortening the notice period prescribed by Del. Bankr. LR 9006-1(c) to enable the Debtors to have the Motion heard at the Court's May 23, 2012 hearing. The Debtors also respectfully request that the Court establish May 4, 2012 at 4:00 p.m. (prevailing Eastern time) as the deadline to object to the Motion.

3. On February 27, 2009, the Debtors filed their First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace and Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009 [Docket No. 20872] (as modified and amended from time to time, the "Joint Plan").

2

4. On May 20, 2009, the Libby Claimants (as defined in the Libby Settlement Term Sheet) filed their *Objections to First Amended Joint Plan of Reorganization* [Docket No. 21811]. On that same date, BNSF filed its *Objection of BNSF Railway Company to Confirmation of the First Amended Chapter 11 Plan of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 3, 2009* [Docket No. 21769].

5. On June 17, 2009, the Debtors filed their *Debtors' Motion for an Order Approving Settlement Agreement and Mutual Release with the Royal Parties* [Docket No. 22153] (the "Grace-Arrowood Settlement").

6. On July 10, 2009, the Libby Claimants filed their *Objection to Debtors' Motion to Approve Settlement with Royal Parties* [Docket No. 22397] and on July 13, 2009, BNSF filed its *Objection of BNSF Railway Company to the Motion for an Order Approving Settlement Agreement and Mutual Releases with the Royal Parties* [Docket No. 22411].

7. On August 19, 2009, the Court entered its *Order Pursuant to Sections 105, 1107 and 1108 of the Bankruptcy Code and Rules 2002, 6004, 9014 and 9019 of the Fed. R. Bankr. P. Authorizing and Approving the Debtors Entering into the Settlement Agreement with the Royal Parties and Denying Libby Claimants' Motions to Defer Consideration and Compel Discovery* [Docket No. 22859].

8. On November 18, 2010, the Debtors filed their *Motion Pursuant to Sections 105, 363, 1107 and 1108 of the Bankruptcy Code and Rules 2002, 6004, 9014 and 9019 of the Federal Rules of Bankruptcy Procedure for an Order Approving the Settlement Agreement Between W. R. Grace & Co. and the CNA Companies* [Docket No. 25776] (the "Grace-CNA Settlement").

9. On December 23, 2010, BNSF filed its *Objection of BNSF Railway Company to Debtors' Motion Pursuant to Sections 105, 363, 1107 and 1108 of the Bankruptcy Code and Rules 2002, 6004, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure for an Order Approving the Settlement Between W. R. Grace & Co. and the CNA Companies* [Docket No. 25954]. On that same date the Libby Claimants filed their *Objection to Debtors' Motion to Approve Settlement with the CNA Companies* [Docket No. 25955].

10. On January 22, 2011, the Court issued its *Order Pursuant to Sections 105, 363, 1107, and 1108 of the Bankruptcy Code and Rules 2002, 6004, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure Approving the Settlement Agreement Between W. R. Grace & Co. and the CNA Companies* [Docket No. 26106].

11. On January 31, 2011, the Court issued its *Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law* [Docket No. 26154] and *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket No. 26155]. On February 15, 2011, the Court issued its *Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010* [Docket No. 26289] (collectively with Docket Nos. 26154 and 26155, the "Confirmation Order").

12. The Libby Claimants and BNSF appealed the Confirmation Order to the District Court for the District of Delaware, Case No. 11-199 (lead case), and reasserted their objections to the Joint Plan and the Grace-CNA Settlement. On January 30, 2012, the District Court issued its *Memorandum Opinion* [Docket No. 165] and *Order* [Docket No. 166] denying or overruling all objections, affirming the Grace-CNA Settlement, and confirming the Joint Plan in its entirety.

4

Following the entry of this Order, certain post-confirmation motions were filed in the District Court, which are currently being briefed, and have not yet been adjudicated. The Libby Claimants filed responses to certain of these motions. In addition, certain parties filed notices of appeal to the Third Circuit Court of Appeals, and BNSF and another party were granted an extension of time to file notices of appeal to the Third Circuit.

13. During this long and tortuous process, the Debtors have engaged both BNSF and the Libby Claimants in discussions aimed at achieving a consensual resolution to all of the issues underlying these objections and appeals. Recently, following lengthy formal and informal mediations among the parties, these negotiations culminated in the global settlement arrangement described above. These settlements will resolve the protracted litigation among the Debtors, BNSF, and the Libby Claimants, as well as certain outstanding disputes between the Libby Claimants and the insurers. After more than a decade of bankruptcy litigation, the consummation of this significant, global settlement constitutes a major step on the Debtors' path to successful emergence from chapter 11. Now that these settlement have been reached, the Debtors request the relief herein because approval of the settlements will assist the District Court and Third Circuit in rationalizing and simplifying the pending post-confirmation motions and appeals by allowing the Libby Claimants and BNSF to be removed from the process.

14. The Debtors also submit that hearing the Motion on shortened notice will not prejudice parties in interest. If the Court grants this Motion to Shorten and shortens notice thereof, parties in interest will have a total of 33 days' notice of the hearing on the Motion. The Debtors believe that such notice is fair and adequate in light of the nature of the relief requested in the Motion.

15. Given the nature of the relief requested, the Debtors respectfully submit that the limited notice described above is appropriate, as is leave from the Scheduling Order.

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the Debtors leave from the Scheduling Order, (ii) shortening the notice period with respect to the Motion, (iii) setting the Objection deadline on the Motion for May 4, 2012 at 4:00 p.m. and (iv) setting the Motion, if such a hearing is necessary, for May 23, 2012 at 9:00 a.m.

Dated: April 20, 2012

KIRKLAND & ELLIS LLP
John Donley
Adam Paul
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

and

THE LAW FIRM OF ROGER HIGGINS, LLC
Roger J. Higgins
11 East Wacker Drive
Suite 2800
Chicago, IL 60601
Telephone: (312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Telephone:   (302) 652-4100
Facsimile:   (302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession

6