**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 5/24/2012; 4:00 p.m. ET |
| | § | Hearing Date: 9/24/2012; 9:00 a.m. ET |

**FOURTEENTH QUARTERLY APPLICATION OF JUDGE ALEXANDER
M. SANDERS, JR., THE LEGAL REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND
HOLDERS OF DEMANDS FOR COMPENSATION FOR SERVICES
AND REIMBURSEMENT OF EXPENSES FOR THE 44th QUARTERLY
PERIOD FROM JANUARY 1, 2012 THROUGH MARCH 31, 2012**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Judge Alexander M . Sanders, Jr., pursuant to sections 327, 330 and 331

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), the Appointment Order (as defined below), the

Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim

Compensation and Reimbursement of Professionals and Official Committee Members (the

"Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§105(a)

and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of

Expenses for Professionals and Official Committee Members (the "Amended Interim

Compensation Order") and Del. Bankr. LR 2016-2, and hereby applies for an order allowing him

(i) compensation in the amount of $9,135.00 for the reasonable and necessary services he has

rendered as the Legal Representative for Future Asbestos-Related Property Damage Claimants

and Holders of Demands, and (ii) reimbursement of actual and necessary expenses that he has

incurred in the amount of $30.00, for a total of $9,165.00, or one hundred percent (100%) of all

compensation and expense reimbursement requested for the period January 1, 2012 through

March 31, 2012 (the "Quarterly Fee Application"), and in support of this Quarterly Fee

Application, would respectfully show as follows:

## I.

### SUMMARY

| | |
|---|---|
| Name of Applicant: | Alexander M. Sanders, Jr., |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | October 20, 2008, *nunc pro tunc* to September 22, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | October 1, 2011 through December 31, 2011 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $9,135.00 |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $30.00 |

This is a(n):    ☐Monthly    ☒Quarterly    ☐Interim    ☐Final Application

### PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |

---

[1] At 80% of the total incurred.

| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
|---|---|---|---|---|---|
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Paid | Paid |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | Paid | Paid |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | Paid | Paid |
| 11/4/2009 | 10-1-2009 to 10-31-2009 | $11,664.00 | $1,336.21 | Paid | Paid |
| 12/7/2009 | 11-1-2009 to 11-30-2009 | $5,292.00 | $0 | Paid | Paid |
| 1/7/2010 | 12-1-2009 to 12-31-2009 | $1,440.00 | $37.00 | Paid | Paid |
| 2/9/2010 | 1-1-2010 to 1-31-2010 | $18,972.00 | $2,992.32 | Paid | Paid |
| 3/12/2010 | 2-1-2010 to 2-28-2010 | $360.00 | $30.00 | Paid | Paid |
| 4/20/2010 | 3-1-2010 to 3-31-2010 | $2,016.00 | $0 | Paid | Paid |
| 5/5/2010 | 4-1-2010 to 4-30-2010 | $1,332.00 | $72.00 | Paid | Paid |
| 6/3/2010 | 5-1-2010 to 5-31-2010 | $2,484.00 | $0 | Paid | Paid |
| 9/17/2010 | 6-1-2010 to 6-30-2010 | $3,348.00 | $30.00 | Paid | Paid |
| 10/26/2919 | 7-1-2010 to 9-30-2010 | $360.00 | $30.00 | Paid | Paid |
| 12/1/2010 | 10-1-2010 to 11-30-2010 | $972.00 | $30.00 | Paid | Paid |
| 1/6/2011 | 12-1-2010 to 12-31-2010 | $4,248.00 | $58.00 | Paid | Paid |
| 2/3/2011 | 1-1-2011 to 1-31-2011 | $5,184.00 | $0 | Paid | Paid |
| 3/15/2011 | 2-1-2011 to 2-28-2011 | $5,832.00 | $1,348.39 | Paid | Paid |
| 4/5/2011 | 3-1-2011 to 3-31-2011 | $3,348.00 | $235.00 | Paid | Paid |

| 5/10/2011 | 4-1-2011 to 4-30-2011 | 1,188.00 | $0 | Paid | Paid |
|---|---|---|---|---|---|
| 6/8/2011 | 5-1-2011 to 5-31-2011 | $11,052.00 | $0 | Paid | Paid |
| 7/6/2011 | 6-1-2011 to 6-30-2011 | $5,724.00 | $872.11 | Paid | Paid |
| 8/1/2011 | 7-1-2011 to 7-31-2011 | $3,456.00 | $0 | Paid | Paid |
| 9/13/2011 | 8-1-2011 to 8-31-2011 | $648.00 | $0 | Paid | Paid |
| 10/13/2011 | 9-1-2011 to 9-30-2011 | $1,476.00 | $0 | Paid | Paid |
| 11/15/2011 | 10-1-2011 to 10-31-2011 | $1,980.00 | $0 | Paid | Paid |
| 2/3/2012 | 12-1-2012 to 12-31-2012 | $240.00 | $30.00 | Paid | Paid |
| 2/3/2012 | 1-1-2012 to 1-31-2012 | $3,096.00 | $0 | Paid | Paid |
| 3/9/2012 | 2-1-2012 to 2-29-2012 | $4,212 | $30.00 | Paid | Paid |

Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period.  Judge Sanders has practiced law for over 40 years, and the billing rate for the time period of this application was $450 per hour.  In this Quarterly Application period Judge Sanders billed 20.3 hours,[2] for a total amount billed of $9,135.00, of which 80% ($7,308.00) has been paid.  In expenses, $30.00 has bill billed and paid.  **The amount not yet approved on an interim basis or paid is $1,827.00 in fees.**

The time for preparation of this Fourteenth Quarterly Application is approximately .8 hours, for which $520.00 will be requested in a future application of my counsel.

---

[2] Non-Productive travel time is included in this figure, but at 50% of the actual time.

COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Confirmation | 18.3 | $8,235.00 |
| Business Operations | 2.0 | $900.00 |
| TOTAL | 20.3 | $9,135.00 |

EXPENSE SUMMARY

| Description | Expense |
|---|---|
| Court Call | $30.00 |
| TOTAL | $30.00 |

## II.

## APPLICATION

1.      On April 2, 2001 , (the "Petition Date") each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Chapter 11 Cases").  On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only.  Since the Petition Date, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the United States Bankruptcy Code.

2.      On May 3, 2001, the Court entered an Interim Compensation Order, as amended by the Amended Interim Compensation Order, establishing procedures for monthly compensation and reimbursement of expenses of professionals (each such application, a "Monthly Fee Application"), and whereby any notice party listed in the Amended Interim

Compensation Order may object to such Monthly Fee Application.  If no notice party objects to

professional's Monthly Fee Application within twenty (20) days after the date of service of the

Monthly Fee Application, the applicable professional may submit to the Court a certification of

no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of

the fees requested and one hundred percent (100%) of the expenses requested, subject to the

filing and approval of the interim and final fee applications of the professional.

3.       Furthermore, and also pursuant to the Amended Interim Compensation

Order, within forty-five (45) days of the end of each quarter, professionals are required to file

and serve, upon the notice parties, a quarterly request (a "Quarterly Fee Application") for interim

Court approval and allowance of the Monthly Fee Applications filed during the quarter covered

by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee

Application, the Debtors are authorized and directed to pay the professional 100% of the fees and

expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application,

less any amounts previously paid in connection with the Monthly Fee Applications.  Any

payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is

subject to final approval of all fees and expenses at a hearing on the professional's final fee

application.

4.       By an October 20, 2008 order of this Court, later made *nunc pro tunc* as of

September 22, 2008, the PD FCR was appointed by the Court (the "Appointment Order").  The

Appointment Order authorizes the Debtors to compensate Judge Sanders at his hourly rate

charged for services of this type and to be reimbursed for actual and necessary out-of-pocket

expenses that he incurred, subject to application to this Court in accordance with the Bankruptcy

Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.      This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is Judge Sanders' Fourteenth Quarterly Fee Application for compensation for services rendered in connection with the Chapter 11 Cases and covers the fee period of January 1, 2012 through March 31, 2011 (the "Fee Period").

6.      Judge Sanders has filed with the Court the following Monthly Fee Applications for interim compensation during the Fee Period:

(a)     "Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services and Reimbursement of Expenses as the Legal Representative for Future Asbestos-Related Property Damage Claimants And Holders of Demands for the Thirty-Second Monthly Interim Period from January 1, 2012 Through January 31, 2012," seeking $3,096.00 in fees (80% of $3,870.00);

(b)     "Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services and Reimbursement of Expenses as the Legal Representative for Future Asbestos-Related Property Damage Claimants And Holders of Demands for the Thirty-Third Interim Period from February 1, 2012 Through February 29, 2012," seeking $4,212.00 in fees (80% of $5,265.00), and expenses in the amount of $30.00.[3]

7.      The monthly fee applications covered by this Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by Judge Sanders during the Fee Period, as well as other detailed information required to be included in fee applications.  The Thirty-Second and Thirty-Third monthly fee applications are attached hereto as Exhibits "1" and "2."

_____

[3] Judge Sanders had no time in March, 2012, and thus no bill was submitted for that month and no bill is listed here.

8.      The period for objecting to the fee and expense reimbursements relating to the Thirty-Second and Thirty-Third monthly fee application has each passed without any objections being filed, whereupon Judge Sanders filed a Certificates of No Objection with the Court, and Judge Sanders has been paid interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

9.      Judge Sanders has previously filed 13 Quarterly Fee Applications, all of which have been approved by the Court.

10.      By this Fourteenth Quarterly Fee Application, Judge Sanders requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Judge Sanders from January 1, 2012 through March 31, 2012 and order the payment of that amount, less any amounts previously paid to Judge Sanders pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order.  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Monthly Fee Applications that already have been filed with the Court.

11.      Judge Sanders reserves his right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee applications.

12.      At all relevant times, Judge Sanders has been a disinterested person as that term is defined in Section 101(14) of the United States Bankruptcy Code, as modified by section 1107(b) of the United States Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

13.    All services for which compensation is requested by Judge Sanders were performed as the PD FCR and not on behalf of any committee, creditor, or other person.

14.    Judge Sanders believes that this Quarterly Fee Application complies with the requirements of Del. Bankr. LR 2016-2 and the Amended Interim Compensation Order.

15.    During the Interim Period, Judge Sanders has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases, other than the interim compensation payments pursuant to the Amended Interim Compensation Order.  There is no agreement or understanding between Judge Sanders and any other person for the sharing of compensation to be received for services rendered in these cases, other than normal intra-firm distributions at his law firm.

16.    The professional services and related expenses for which Judge Sanders requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of Judge Sanders' professional responsibilities as PD FCR in the Chapter 11 Cases.  Judge Sanders' services have been necessary and beneficial to future property damage claimants as well as the Debtors and their estates, creditors, and other parties in interest.

17.    Pursuant to Fed R. Bankr. P. 2016(b), other than normal intra-firm distributions at his law firm, Judge Sanders has not shared, nor has agreed to share: (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Judge Alexander M. Sanders, Jr. respectfully requests that the Court enter an order, providing that (a) for the period from January 1, 2012 through March 31, 2012, an administrative allowance be made to Judge Sanders in the sum of $9,135.00 as compensation for reasonable and necessary professional services rendered as the PD FCR, and in the sum of $30.00 for reimbursement of actual and necessary costs and expenses incurred, for a total of $9,165.00; (b) that the Debtors be authorized and directed to pay to Judge Sanders the outstanding amount of such sums, less any sums previously paid to Judge Sanders pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order and (c) this Court grant such other and further relief to which Judge Sanders is justly entitled.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

-10-

<u>DECLARATION</u>

Alan B. Rich, declares as follows:

I am the counsel hired by the PD FCR with the approval of the Court, and am familiar with the services that the PD FCR rendered.  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  I believe that this Application substantially complies with Local Bankruptcy Rules for the District of Delaware.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 5, 2012.

_____

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on the 5th day of May, 2012, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 2/23/12; 4:00 p.m., ET |
| | § | Hearing Date: TBD (if needed) |

**SUMMARY OF APPLICATION OF ALEXANDER M. SANDERS, JR. FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF
EXPENSES AS THE LEGAL REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS FOR THE THIRTY-SECOND MONTHLY INTERIM
PERIOD FROM JANUARY 1, 2012 THROUGH JANUARY 31, 2012**

Name of Applicant:                    Hon. Alexander M. Sanders, Jr.

Authorized to Provide Services To:    Future Asbestos-Related Property Damage
                                      Claimants and Holders of Demands

Date of Retention:                    September 22, 2008 (*nunc pro tunc*)

Period for Which Compensation
and Reimbursement is Sought:          January 1, 2012 through January 31, 2012

Amount of Fees Sought as Actual
Reasonable and Necessary:             $3,096.00  [80% of $3,870.00]

Amount of Expenses Sought as
Actual, Reasonable and Necessary:     $0

This is a(n):  ☒Monthly      ☐Interim      ☐Final Application

-1-

PRIOR APPLICATIONS

| Date  Filed | Period  Covered | Requested  Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Paid | Paid |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | Paid | Paid |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | Paid | Paid |
| 11/4/2009 | 10-1-2009 to 10-31-2009 | $11,664.00 | $1,336.21 | Paid | Paid |
| 12/7/2009 | 11-1-2009 to 11-30-2009 | $5,292.00 | $0 | Paid | Paid |
| 1/7/2010 | 12-1-2009 to 12-31-2009 | $1,440.00 | $37.00 | Paid | Paid |
| 2/9/2010 | 1-1-2010 to 1-31-2010 | $18,972.00 | $2,992.32 | Paid | Paid |
| 3/12/2010 | 2-1-2010 to 2-28-2010 | $360.00 | $30.00 | Paid | Paid |
| 4/20/2010 | 3-1-2010 to 3-31-2010 | $2,016.00 | $0 | Paid | Paid |
| 5/5/2010 | 4-1-2010 to 4-30-2010 | $1,332.00 | $72.00 | Paid | Paid |
| 6/3/2010 | 5-1-2010 to 5-31-2010 | $2,484.00 | $0 | Paid | Paid |
| 9/17/2010 | 6-1-2010 to 6-30-2010 | $3,348.00 | $30.00 | Paid | Paid |
| 10/26/2010 | 7-1-2010 to 9-30-2010 | $390.00 | $30.00 | Paid | Paid |
| 12/1/2010 | 10-1-2010 to 11-30-2010 | $972.00 | $0 | Paid | Paid |

---

[1] At 80% of the total incurred.

| | | | | | |
|---|---|---|---|---|---|
| 1/6/2011 | 12-1-2010 to 12-31-2010 | $4,248.00 | $58.00 | Paid | Paid |
| 2/3/2011 | 1-1-2011 to 1-31-2011 | $5,184.00 | $0 | Paid | Paid |
| 3/15/2011 | 2-1-2011 to 2-28-2011 | $5,832.00 | $1,348.39 | Paid | Paid |
| 4/5/2011 | 3-1-2-11 to 3-31-2011 | $3,348.00 | $235.00 | Paid | Paid |
| 5/10/2011 | 4-1-2011 to 4-30-2011 | $1,188.00 | $0 | Paid | Paid |
| 6/8/2011 | 5-1-2011 to 5-31-2011 | $11,052.00 | $0 | Paid | Paid |
| 7/5/2011 | 6-1-2011 to 6-30-2011 | $5,724.00 | $872.11 | Paid | Paid |
| 8/1/2011 | 7-1-2011 to 7-31-2011 | $3,456.00 | $0 | Paid | Paid |
| 9/13/2011 | 8-1-2011 to 8-31-2011 | $648.00 | $0 | Paid | Paid |
| 10/13/2011 | 9-1-2011 to 9-30-2011 | $1,476.00 | $0 | Paid | Paid |
| 11/15/2011 | 10-1-2011 to 10-31-2011 | $1,980.00 | $0 | Paid | Paid |
| 2/3/2012 | 12-1-2012 to 12-31-2012 | $240.00 | $30.00 | Pending | Pending |

Alexander M. Sanders, Jr. is the only attorney providing services in this Fee Application period.  Judge Sanders has practiced law for over 45 years, and his billing rate is $450 per hour. In this Application period Judge Sanders billed 8.6 hours,[2] for a total amount billed of $3,870.00, of which 80% is currently sought, in the amount of $3,096.00.

As stated above, this is the Thirty-Second application for monthly fees and expenses. The time for preparation of this Application is approximately .5 hours, for which $325.00 will be requested in a future application of my counsel.

---

[2] Non-Productive travel time, if any, is included in this figure, but at 50% of the actual time.

COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Confirmation | 6.6 | $2,970.00 |
| Business Operations | 2.0 | $900.00 |
| TOTAL | 8.6 hours | $3,870.00 |

Detail of the fees and expenses billed is attached hereto as Exhibit A.

CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)

I, Alan B. Rich, a professional person seeking approval of this Monthly Fee Application, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 3rd day of February, 2012, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

### ALEXANDER M. SANDERS, JR.
*Attorney at Law*
*19 Water Street*
*Charleston, South Carolina 29401*

## INVOICE FOR PROFESSIONAL SERVICES 1/1/12 – 1/31/12

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

*In re W. R. Grace,* No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|--------------------|------|
| 1/12/12 | Review of proposal by W.R. Grace (Roger J. Higgins, Esq.) for authority to make accelerated pension contributions | 0.3 |
| | Review of proposed order re: *Garlock Sealing v. Law Offices of Peter G. Angelos, P.C., et. al.* appeal | 0.6 |
| 1/20/12 | Review of materials for presentation on accelerated pension contributions scheduled for January 20 | 0.5 |
| | Review of materials from Morris, Nichols, etc., re: Garlock Sealing Appeal, 21 documents (approx. 448 pages) including: Notice of Appeal, with attachments; Statement of Issues, etc.; Designation of Appellees, etc.; Designation of Additional Items, etc., Restatement of Issues on Appeal and Designations of Additional Items; Notice of Docketing; Garlock Sealing Emergency Motion to Expedite Briefing and Hearing; Garlock Sealing Motion to Consolidate Appeals; Response of ACC Appellees, etc.; Consolidated Response of Certain Appellee Law Firms; Reply of Garlock Sealing; Brief of Garlock Sealing; Appendix to Brief of Garlock Sealing | 6.0 |
| | Conference call re: presentation on accelerated pension contributions | 0.4 |

**INVOICE 1/1/12 – 1/31/12**
**Page 2**

| Date | Services Performed | Time |
|------|-------------------|------|
| 1/24/12 | Review of W.R. Grace's motion for an order extending the term of certain credit agreements (approx. 13 pages) | 0.3 |
| | Review of W.R. Grace's motion for an order authorizing accelerated pension contributions (approx. 25 pages) | 0.5 |

8.6 hours @ $450/hour  =  $ 3,870

# EXHIBIT 2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W. R. GRACE & CO., et al., | § | Case No. 01-01139 (JKF) |
| | § | |
| *Debtors.* | § | Jointly Administered |
| | § | |
| | § | Objection Deadline: 3/29/12; 4:00 p.m., ET |
| | § | Hearing Date: TBD (if needed) |

**SUMMARY OF APPLICATION OF ALEXANDER M. SANDERS, JR. FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF
EXPENSES AS THE LEGAL REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS FOR THE THIRTY-THIRD MONTHLY INTERIM
PERIOD FROM FEBRUARY 1, 2012 THROUGH FEBRUARY 29, 2012**

Name of Applicant:                    Hon. Alexander M. Sanders, Jr.

Authorized to Provide Services To:    Future Asbestos-Related Property Damage
                                      Claimants and Holders of Demands

Date of Retention:                    September 22, 2008 (*nunc pro tunc*)

Period for Which Compensation
and Reimbursement is Sought:          February 1, 2012 through February 29, 2012

Amount of Fees Sought as Actual
Reasonable and Necessary:             $4,212.00  [80% of $5,265.00]

Amount of Expenses Sought as
Actual, Reasonable and Necessary:     $30.00

This is a(n):  ☒Monthly      ☐Interim      ☐Final Application

PRIOR APPLICATIONS

| Date  Filed | Period  Covered | Requested  Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Paid | Paid |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | Paid | Paid |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | Paid | Paid |
| 11/4/2009 | 10-1-2009 to 10-31-2009 | $11,664.00 | $1,336.21 | Paid | Paid |
| 12/7/2009 | 11-1-2009 to 11-30-2009 | $5,292.00 | $0 | Paid | Paid |
| 1/7/2010 | 12-1-2009 to 12-31-2009 | $1,440.00 | $37.00 | Paid | Paid |
| 2/9/2010 | 1-1-2010 to 1-31-2010 | $18,972.00 | $2,992.32 | Paid | Paid |
| 3/12/2010 | 2-1-2010 to 2-28-2010 | $360.00 | $30.00 | Paid | Paid |
| 4/20/2010 | 3-1-2010 to 3-31-2010 | $2,016.00 | $0 | Paid | Paid |
| 5/5/2010 | 4-1-2010 to 4-30-2010 | $1,332.00 | $72.00 | Paid | Paid |
| 6/3/2010 | 5-1-2010 to 5-31-2010 | $2,484.00 | $0 | Paid | Paid |
| 9/17/2010 | 6-1-2010 to 6-30-2010 | $3,348.00 | $30.00 | Paid | Paid |
| 10/26/2010 | 7-1-2010 to 9-30-2010 | $390.00 | $30.00 | Paid | Paid |
| 12/1/2010 | 10-1-2010 to 11-30-2010 | $972.00 | $0 | Paid | Paid |

---

[1] At 80% of the total incurred.

| 1/6/2011 | 12-1-2010 to 12-31-2010 | $4,248.00 | $58.00 | Paid | Paid |
|---|---|---|---|---|---|
| 2/3/2011 | 1-1-2011 to 1-31-2011 | $5,184.00 | $0 | Paid | Paid |
| 3/15/2011 | 2-1-2011 to 2-28-2011 | $5,832.00 | $1,348.39 | Paid | Paid |
| 4/5/2011 | 3-1-2-11 to 3-31-2011 | $3,348.00 | $235.00 | Paid | Paid |
| 5/10/2011 | 4-1-2011 to 4-30-2011 | $1,188.00 | $0 | Paid | Paid |
| 6/8/2011 | 5-1-2011 to 5-31-2011 | $11,052.00 | $0 | Paid | Paid |
| 7/5/2011 | 6-1-2011 to 6-30-2011 | $5,724.00 | $872.11 | Paid | Paid |
| 8/1/2011 | 7-1-2011 to 7-31-2011 | $3,456.00 | $0 | Paid | Paid |
| 9/13/2011 | 8-1-2011 to 8-31-2011 | $648.00 | $0 | Paid | Paid |
| 10/13/2011 | 9-1-2011 to 9-30-2011 | $1,476.00 | $0 | Paid | Paid |
| 11/15/2011 | 10-1-2011 to 10-31-2011 | $1,980.00 | $0 | Paid | Paid |
| 2/3/2012 | 12-1-2012 to 12-31-2012 | $240.00 | $30.00 | CNO Filed | CNO Filed |
| 2/3/2012 | 1-1-2012 to 1-31-2012 | $3,096.00 | $0 | CNO Filed | CNO Filed |

Alexander M. Sanders, Jr. is the only attorney providing services in this Fee Application period.  Judge Sanders has practiced law for over 45 years, and his billing rate is $450 per hour. In this Application period Judge Sanders billed 11.7 hours,[2] for a total amount billed of $5,265.00, of which 80% is currently sought, in the amount of $4,212.00.  Reimbursement of 100% of expenses incurred, $30.00 is also sought.  This Application seeks a total of $4,242.00.

---

[2] Non-Productive travel time, if any, is included in this figure, but at 50% of the actual time.

-3-

As stated above, this is the Thirty-Third application for monthly fees and expenses.  The time for preparation of this Application is approximately .7 hours, for which $455.00 will be requested in a future application of my counsel.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Confirmation | 11.7 | $5,265.00 |
| TOTAL | 11.7 hours | $5,265.00 |

## EXPENSE SUMMARY

| Description | Expense |
|---|---|
| Courtcall | $30.00 |
| TOTAL | $30.00 |

Detail of the fees and expenses billed is attached hereto as Exhibit A.

[Remainder of page intentionally blank]

-4-

<u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)</u>

I, Alan B. Rich, a professional person seeking approval of this Monthly Fee Application, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on the 9th day of March, 2012, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

*ALEXANDER M. SANDERS, JR.*
*Attorneys at Law*
*19 Water Street*
*Charleston, South Carolina 29401*

## INVOICE FOR PROFESSIONAL SERVICES 2/1/12 – 2/29/12

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

*In re W. R. Grace,* No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|--------------------|------|
| 2/1/12 | Review of Garlock Sealing's Reply Brief (31 pages) | 0.5 |
| | Review of Motion of the PI Claimant's for a protective order re: Garlock's subponeas (12 pages) | 0.2 |
| | Review of Order affirming the Settlement Agreement and Joint Plan (202 pages) | 3.5 |
| | Exchange of e-mail with Alan Rich, Esq., re: the above and the potential for attempts to stay the order | 0.2 |
| 2/6/12 | Review of Garlock Sealing's Application for Oral Argument | 0.1 |
| | Review of Garlock Sealing's Motion for Reargument, Rehearing and to Alter or Amend the Judgment, with attachments (approx. 300 pages) | 4.5 |
| 2/14/12 | Review of BNSF Railway's Motion to Extend Time to File Appeal | 0.2 |
| 2/16/12 | Review of Motion for an Order Approving Settlement, with Attachments (the exact nature of which is protected by Order Requiring Confidentiality (approx. 100 pages) | 1.5 |
| 2/22/12 | Review of Agenda for hearing scheduled for February 27 before Judge Fitzgerald (5 pages) | 0.2 |

**INVOICE, 2/1/12 – 2/29/12**

2/27/12        Hearing before Judge Fitzgerald as per above Agenda              0.8


                    11.7 hours @ $450/hour        $      5,265.00

                    Expenses                                  30.00
                    (Receipt Attached)

                                    TOTAL:        $      5,295.00

**Expenses**

Conference appearance by telephone before Judge Fitzgerald, 2/27/11   $     30.00