## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al.,[1] | Case No. 01-1139 (JKF) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 28799 |
| | Hearing Date: 5/23/12 at 8:30 a.m. (Eastern)<br>Objection Deadline: 5/4/12 |

### THE STATE OF MONTANA'S LIMITED OBJECTION TO THE MOTION OF W.R. GRACE & CO. FOR ENTRY OF AN ORDER APPROVING (A) THE SETTLEMENT BETWEEN W.R. GRACE & CO. AND THE LIBBY CLAIMANTS, (B) THE TRANSITION OF THE LIBBY MEDICAL PROGRAM, AND (C) THE SETTLEMENT BETWEEN W.R. GRACE & CO. AND BNSF RAILWAY COMPANY

The State of Montana ("Montana"), by and through its undersigned counsel, hereby

asserts its limited objection (the "Limited Objection") to the Motion of W.R. Grace & Co. for

Entry of an Order Approving (A) the Settlement Between W.R. Grace & Co. and the Libby

---

[1]     The Debtors are the following entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), ECARG, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc. E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Claimants, (B) the Transition of the Libby Medical Program, and (C) the Settlement Between

W.R. Grace & Co. and BNSF Railway Company (Docket No. 28799) (the "Motion")[2].  In

support of this Limited Objection, Montana states as follows:

## BACKGROUND

1.      On April 2, 2001 (the "Petition Date"), the debtors and debtors-in-possession in

the above-captioned Chapter 11 cases (collectively, the "Debtors") filed their voluntary petitions

for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").  The

Debtors continue to operate their businesses and manage their properties as debtors-in-

possession.

2.      On April 6, 2008, in the midst of litigation concerning the estimation of the

Debtors' liability for asbestos personal injury claims, the Debtors, the Official Committee of

Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the

Official Committee of Equity Security Holders (collectively, the "Plan Proponents") reached an

agreement in principle (the "Asbestos PI Settlement") to resolve all Asbestos PI Claims against

the Debtors and to cooperate in the confirmation of a plan of reorganization.  See Disclosure

Statement (as defined below) at p. 1.  Montana, which has filed requests for contribution and

indemnification relating to the Debtors' operations in Lincoln County, Montana, disagrees with

the Asbestos PI Settlement.  Montana was neither told of nor included in the negotiations leading

to that "settlement", yet the Asbestos PI Settlement is "the foundation for the Plan."  See id.

3.      On September 19, 2008, the Plan Proponents filed the Joint Plan of

Reorganization under Chapter 11 of the Bankruptcy Code (Bankr. D.I. 19579), as well as an

accompanying Disclosure Statement (Bankr. D.I. 19581).

---

[2]      Each capitalized term not otherwise defined herein shall have the meaning ascribed to it
in the Motion.

2

4.      Over the course of the following six months, the September 19, 2008 version of the plan and disclosure statement underwent numerous revisions and amendments.  Ultimately, these revisions and amendments culminated in the versions of those documents that were filed on February 27, 2009.  Specifically, on that date, the Plan Proponents filed a revised version of the Joint Plan of Reorganization (Bankr. D.I. 20872), as well as the accompanying Disclosure Statement (Bankr. D.I. 20873) (the "Disclosure Statement").

5.      On March 9, 2009, the Court entered its order (Bankr. D.I. 20944) approving the Disclosure Statement.

6.      Throughout the following year, numerous parties filed briefs opposing the Joint Plan of Reorganization, and the Court conducted a lengthy confirmation trial.  Ultimately, the Court recommended confirmation of the Joint Plan of Reorganization to the District Court, and entered its Memorandum Opinion and Recommended Findings of Fact on January 31, 2011 (Bankr. D.I. 26153 & 26154).

7.      Following the Court's Memorandum Opinion and Recommended Findings, the Plan Proponents filed a conformed version of the First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders (Bankr. D.I. 26368) (with all modifications and amendments, the "Plan").

8.      Numerous parties, including Montana, have appealed the Court's Memorandum Opinion and Recommended Findings to the District Court.  Some parties have further appealed to the Third Circuit Court of Appeals, which appeals remain pending.

9.      On April 20, 2012, the Debtors filed the Motion, pursuant to which the Debtors have requested the Court to approve two settlements, one between the Debtors and the Libby Claimants, and the other between the Debtors and BNSF Railway.  The exhibits to the Motion include a copy of the settlement term sheet with the Libby Claimants (the "Libby Settlement Term Sheet"), as well as the proposed form of order (the "Proposed Order").  The Court entered an order agreeing to consider the matter on an expedited basis.

## MONTANA'S CLAIMS

10.     Montana has been named as defendant in over two hundred and ten (210) cases in various Montana state courts (the "State Court Actions").  However, with the exception of one complaint, Montana was not named as a defendant in any of the State Court Actions until after the Petition Date.

11.     Plaintiffs in the State Court Actions (the "Plaintiffs") allege periods of employment and exposure from W.R. Grace and/or its predecessors' operations.  The various Plaintiffs in the State Court Actions include former employees of W.R. Grace and/or its predecessors, subcontractor employees, individuals that lived near the Debtors' operations, as well as their respective family members.

12.     Pursuant to the Agreement and Plan of Reorganization between W.R. Grace & Co. and Zonolite Company, dated January 17, 1963, W.R. Grace acquired substantially all of the properties and assets of Zonolite, including mining properties in Montana, and assumed all debts and liabilities of Zonolite.  W.R. Grace & Co. is liable for the conduct of the predecessor and subsidiary companies, including W.R. Grace & Co. – Conn. and Zonolite Company, with respect to the claims as set forth in the State Court Actions.  More than 50 of the State Court Actions include claims that Montana "aided and abetted" W.R. Grace in its actions.

13.    Montana denies that it is in any manner responsible for the events giving rise to the various Plaintiffs' claims for relief set forth in the State Court Actions, or for injuries and damages allegedly sustained by those Plaintiffs.  If, however, liability is imposed on Montana as a result of the matters alleged in the various State Court Actions, such liability was caused by the Debtors because the Debtors had a duty to:

(a)    furnish a place of employment that was safe for employees, including the Plaintiffs in the State Court Actions;

(b)    furnish and require the use of safety devices and safeguards, such as respiratory protective devices, by employees, including the Plaintiffs in the State Court Actions; and

(c)    adopt and use such methods, processes, practices, means, and operations as reasonably adequate to render the place of employment safe, and to do every other thing reasonably necessary to protect the life and safety of employees, including the Plaintiffs in the State Court Actions.

14.    The Debtors breached the aforementioned duties, and that breach was the proximate, intervening, and superseding cause of the alleged injuries and damages of the Plaintiffs in the State Court Actions.

15.    On or about March 25, 2003, Montana filed proofs of claim for contribution and indemnification against the Debtors, seeking contribution and indemnification from the Debtors in the pending State Court Actions against Montana.  On January 14, 2011, Montana amended its proof of claim in order to identify additional State Court Actions that had been commenced against Montana.[3]

---

[3]    Additionally, Montana has filed proofs of claim against the Debtors in the approximate amount of $15.6 million (which amount Montana anticipates increasing through amended proofs of claim) for the cost of future and past Medicaid reimbursement.  The Disclosure Statement provides that such claims will be classified as a Class 9 General Unsecured

5

16.     The Disclosure Statement provides that Montana's requests for contribution and indemnification, if pursued, would be treated as Indirect PI Trust Claims -- a subset of the Class 6 Asbestos PI Claims that are subject to the Asbestos PI Trust.  See Disclosure Statement § 2.8.1.3 ("To the extent that the State of Montana ultimately pursues its claim, it will be treated as an Indirect PI Trust Claim and will be channeled to the Asbestos PI Trust.").

17.     While the Plan itself does not expressly discuss Montana's requests for contribution and indemnification, the Plan does make it clear that Indirect PI Trust Claims are part of Class 6 Asbestos PI Claims.  See Plan § 1.1.34 (defining "Asbestos PI Claim" to include an "Indirect PI Trust Claim").

18.     The Plan then provides that all Asbestos PI Claims, including Indirect PI Trust Claims (including Montana's requests for contribution and indemnification, to the extent that they are permitted to be treated as Indirect PI Trust Claims), are channeled to the Asbestos PI Trust.  See Plan § 3.1.6(c).  On appeal to the District Court and the Third Circuit Court of Appeals, Montana has maintained, and continues to maintain, that its requests for contribution and indemnification should not be subject to an injunction imposed pursuant to Bankruptcy Code section 524(g).  This Limited Objection is without prejudice to Montana's continued assertion of that argument, and all other arguments raised by Montana on appeal of the confirmation order.

---

Claims to the extent that they are allowed.  See Disclosure Statement § 2.8.1.3.  The State of Montana Department of Environmental Quality ("MDEQ") also has filed proofs of claim against the Debtors for clean-up costs in excess of $55 million associated with the Libby, Montana site.  Two of the proofs of claim were expunged.  MDEQ and the Debtors have settled the remaining proofs of claim for $5,167,000, except for liabilities associated with the property in or around the Zonolite mine owned by the Debtors, which liabilities were specifically reserved.  On July 21, 2008, the Court approved the settlement.  Montana's requests for contribution and indemnification based on its purported failure to warn are distinct from its Medicaid reimbursement claims and MDEQ's claims for clean-up costs.

6

## LIMITED OBJECTION

19.    As a preliminary matter, Montana does not object in general to the Debtors'
proposed settlements.    Montana does not object to the settlement amount with the Libby
Claimants and transition to the LMP Trust, nor does Montana object to the settlement between
the Debtors and BNSF.    However, Montana asserts this limited objection in order to clarify that
the Motion and related documents do not limit or restrict Montana's ability to assert claims
(including, without limitation, for contribution, indemnification, recoupment, and/or setoff)
against the Asbestos PI Trust or others with respect to payments made by Montana to Libby
Claimants, or medical expenses incurred by Montana for the benefit of Libby Claimants.

20.    The Proposed Order provides:

> [E]ffective upon the occurrence of the Libby Settlement Effective Date, all
> persons and entities, including any successors, assigns or designees of such
> persons or entities, shall be, and hereby are, forever banned, stopped, prohibited
> and permanently enjoined from asserting, commencing or continuing in any
> manner any claim, action or other proceeding, whether in law or equity, in any
> judicial, administrative, arbitral or other proceeding against <u>the Debtors, HNA,
> their successors and assigns, and their property</u>, with respect to any claims arising
> under, out of, in connection with or in any way relating to the Libby Medical
> Program . . . .

Proposed Order, at ¶ 5 (emphasis added).  Similarly, the Motion states:

> Once the Libby Medical Program is transitioned to the LMP Trust and upon the
> Libby Settlement Effective Date (as defined herein), any person or entity that
> operated or administered the Libby Medical Program prior to its transition,
> including Grace and Health network America, Inc., will be relieved of any
> ongoing responsibility or liability resulting from the Libby Medical Program.
> Upon payment of the Trust Funding Amount into the LMP Trust, Grace shall
> have no further obligations whatsoever to the Libby Medical Program, and all
> persons or entities shall be forever barred from asserting any claim against the
> Debtors or Health Network of America, Inc. with respect to any claims that had
> not accrued as of the Libby Settlement Effective Date relating to the Libby
> Medical Program.

WCSR 7250269v3

Motion, at ¶ 25; see also Libby Settlement Term Sheet, at p. 4 (stating that upon Grace's payment to the LMP Trust, "Grace shall have no further liabilities, duties, or role whatsoever in the LMP").

21.    The Proposed Order further makes clear that its provisions are binding on the Debtors' creditors.  Specifically, it provides:

> This Order is and shall be binding in all respects upon the Debtors and their estates, creditors, officers, directors, advisors, members, managers and shareholders and all other interested parties, and their respective successors and assigns, and each of the Libby Claimants and LMP Beneficiaries, and BNSF, and their officers, directors, advisors, members, managers and shareholders and their respective successors and assigns.

Proposed Order, at ¶ 20 (emphases added).  Pursuant to this language, the Proposed Order would bind Montana.

22.    It is unclear from the Motion and the Proposed Order whether the Debtors are seeking to prevent Montana and other parties from asserting claims (including for contribution, indemnification, recoupment, and/or setoff) against the Asbestos PI Trust and others, on account of payments made to Libby Claimants or medical expenses incurred for the benefit of Libby Claimants.  To the extent that the Debtors are attempting to do so, Montana objects, and maintains that the proposed settlement with the Libby Claimants should not impact Montana's and other creditors' ability to assert claims against the Asbestos PI Trust or others.

## RESERVATION OF RIGHTS

23.    The Libby Settlement Term Sheet appears to be subject to final documentation. See Motion, at p. 11 n.5; Libby Settlement Term Sheet, at p. 7.  Montana requests the opportunity to review the final documentation, and reserves the right to impose any further objections resulting from modifications or amendments.

8

24.     Additionally, Montana reserves all rights to raise additional arguments, objections, and responses to the Motion either at or prior to any hearing thereon.  Montana also reserves the right to join in other arguments, objections, and responses of any other party to the Motion.

WHEREFORE, Montana respectfully requests that this Court (i) sustain the Limited Objection, (ii) confirm that the Motion and the Libby Settlement Term Sheet do not limit Montana and other parties from asserting claims (including for contribution, indemnification, recoupment, and/or setoff) against the Asbestos PI Trust and others, on account of payments made to Libby Claimants or medical expenses incurred for the benefit of Libby Claimants, and (iii) grant Montana such further relief as it deems just and proper.

Dated:  May 4, 2012                              Respectfully submitted,

                                                 Womble Carlyle Sandridge & Rice, LLP


                                                 _____/s/ Matthew P. Ward_____
                                                 Francis A. Monaco, Jr. (#2078)
                                                 Kevin J. Mangan (#3810)
                                                 Matthew P. Ward (#4471)
                                                 222 Delaware Avenue, Suite 1501
                                                 Wilmington, DE  19801
                                                 Ph: (302) 252-4320
                                                 Fax: (302) 252-4330

                                                 Counsel for the State of Montana