IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hearing Date: June 18, 2012, at 9:00 a.m. |
| | ) Objection Deadline: June 1, 2012 at 4:00 p.m. |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING IMPLEMENTATION OF
THE 2012 LONG-TERM INCENTIVE PLAN**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby file this motion (the "Motion") for entry of an order in the form attached hereto as Exhibit A (the "Order"), authorizing the Debtors to implement the Grace 2012 Long-Term Incentive Plan (the "2012 LTIP"), which will consist exclusively of incentive based grants of options to purchase the common stock ("Grace Stock") of the Debtors' parent, W. R. Grace & Co., made to certain eligible employees of the Debtors.[2] In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Reorg Stock Plan (as defined herein) or *First Amended Joint Plan of Reorganization in their Chapter 11 Cases* [Docket no. 25881], as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for this Motion are sections 105(a) and 363(b) of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

## BACKGROUND

3. The Debtors' long-standing, ongoing strategy for its long-term incentive program necessitates that a renewed LTIP be implemented each calendar year. The Debtors have thus annually requested the Court enter, which the Court has on the dates noted in the following Schedule, orders authorizing the Debtors to implement the respective long-term incentive plans (the "Prior LTIPs") for management and other eligible employees of the Debtor selected to participate in the LTIPs (the "Eligible Employees"), as part of the Debtors' ongoing long-term incentive program:

| Date of Order | Period of LTIP |
| --- | --- |
| August 26, 2002 | 2002-2004 LTIP |
| March 26, 2003 | 2003-2005 LTIP |
| June 9, 2004 | 2004-2006 LTIP |
| July 13, 2005 | 2005-2007 LTIP |
| July 24, 2006 | 2006-2008 LTIP |
| August 29, 2007 | 2007-2009 LTIP |
| August 26, 2008 | 2008-2010 LTIP |
| April 22, 2009 | 2009-2011 LTIP |
| April 7, 2010 | 2010-2012 LTIP |

| Date of Order | Period of LTIP |
|---|---|
| April 8, 2011 | 2011 LTIP |

4. In order to effectuate the 2011 LTIP, the Court also approved (under the April 8, 2011 Order) the Debtors' adoption of the 2011 Stock Incentive Plan, which was specifically intended to furnish the authority to issue options to fulfill the Debtor's requirements under the 2011 LTIP, and to make available stock incentives thereafter until the Debtors emerged from their Chapter 11 Cases.[3] The 2011 Stock Incentive Plan included the authority to issue options on a limited number of shares—2.1 million shares—in anticipation of the Debtors emerging from chapter 11 in the near term.[4] The 2011 LTIP did not have a cash payout component, and instead consisted solely of awards of options on Grace Stock.

5. As explained in the Debtor's 2011 LTIP motion, the provisions of the 2011 Stock Incentive Plan generally mirror the provisions of the stock incentive plan that will become effective upon the Debtors' emergence, and which was previously proposed as part of its First Amended Joint Plan of Reorganization (the "Reorg Stock Incentive Plan"). The Reorg Stock Incentive Plan is Exhibit 31 to the Plan.

6. Grace has sufficient authority remaining under the 2011 Stock Incentive Plan to issue up to approximately 797,000 shares of Grace Stock.[5]

7. The Debtors anticipate awarding options to Eligible Employees under the 2012 LTIP equating to approximately 775,000 shares. These awards will utilize most of the Debtors' remaining authority under the 2011 Stock Incentive Plan. (Once the 2012 LTIP awards have

---

[3] Pursuant to the 2011 Stock Incentive Plan, the options for Grace Stock are awarded to Eligible Employees at the discretion of Grace management and the Compensation Committee of Grace's Board of Directors, based upon the pay grade of the Eligible Employee, the performance of the Eligible Employee and the value of the Eligible Employee to Grace. The Compensation Committee is required to approve all management recommendations regarding grants of options on Grace Stock under terms of the 2011 Stock Incentive Plan, as will be the case under the Reorg Stock Incentive Plan.

[4] The 2011 Stock Incentive Plan terminates as of the earlier of (a) the Debtors' emergence from chapter 11 or (b) December 31, 2012.

[5] Under the 2011 LTIP, the Debtors awarded options covering approximately 1,287,000 shares of Grace Stock.

been made, the Debtors anticipate that they will be retaining approximately 20,000 shares, which they may use for various purposes, such as making awards to eligible new hires during 2012.

### BASIC DESIGN OF THE 2012 LTIP

8. The basic design of the 2012 LTIP is the same as the 2011 LTIP.[6]

9. Under the 2012 LTIP, the total aggregate targeted award will be distributed to Eligible Employees in the form of options covering Grace Stock.

10. No targeted cash payout opportunities will be distributed under the 2012 LTIP.

11. The calculated aggregate targeted award value of the 2012 LTIP will be approximately $17.0 million (including the Chief Executive Officer of the Debtors).[7]

12. Under the 2012 LTIP, as stated, options for approximately 775,000 shares will be issued.

13. The decision to grant only options on Grace Stock under the 2012 LTIP (as well as under the 2011 LTIP last year), and not include any cash incentives, is based on the Debtors' continuing strategy to align the interest of its management and other Eligible Employees with the interest of its shareholders.[8]

---

[6] As with the Prior LTIPs, the Debtors reserve the right to determine whether a particular employee is an Eligible Employee with respect to the 2012 LTIP; and the right to vary the selection, and the degree of participation, of Eligible Employees under the 2012 LTIP from the Eligible Employees identified under the Prior LTIPs.

[7] The total targeted award value last year under the 2011 LTIP, including the CEO, was $17.9 million, which equated to the issuance of options covering approximately 1,287,000 shares. The calculated aggregate award value for the 2012 LTIP will equate to the issuance of options covering approximately 775,000 shares, based on a calculation that includes a revised Black Scholes factor and a higher price of Grace Stock than last year. The revised Black Scholes factor that will be used for this calculation is 2.7 (based on an analysis concluded with the Debtors independent compensation consultant, Towers Watson). The formula to determine the value of an option on a share of Grace Stock awarded to an Eligible Employee will be as follows: $59.10 (the closing price of Grace Stock on May 7, 2012) ÷ 2.7.

[8] The Debtors believe that this approach is becoming increasingly important now that these Chapter 11 Cases are beginning to draw to a close. On January 30, 2012, the District Court affirmed the Confirmation Order entered by this Court on January 31, 2011. Although various parties are prosecuting appeals of the Confirmation Order, the Debtors are now focused on satisfying all of the conditions precedent to the Plan Effective Date in the near future.

## STOCK OPTIONS UNDER THE 2012 LTIP

14. As specified above, the total aggregate targeted award value under the 2012 LTIP will be awarded to Eligible Employees in the form of options on Grace Stock, and those options would be granted under the previously approved 2011 Stock Incentive Plan.

15. The "strike price" of the stock options awarded under the 2012 LTIP will be the price of Grace Stock as of the award date (i.e., the average of the high and low market price of Grace Stock on that date).

16. One third of the awarded stock options would vest in 2013, one-third would vest in 2014, and the remaining one-third would vest in 2015; each on the anniversaries of the award date.

17. The stock options would generally be exercisable for a period of 5 years after grant.[9]

18. As stated, the Debtors anticipate awarding options to Eligible Employees under the 2011 LTIP covering roughly 775,000 shares of Grace Stock based on a total aggregate targeted value of approximately $17.0 million. As stated above, this will effectively utilize the remaining authority under the 2011 Stock Incentive Plan (except approximately 20,000 shares).

19. Should the price of Grace Stock, as of the award date for the 2012 LTIP, differ substantially from the price specified in footnote 7, the Debtors may adjust the overall award approach and formula appropriately, provided that the number of shares covered by the award will not be greater than the remaining authority under the 2011 Stock Incentive Plan (i.e., approximately 797,000 shares).

---

[9] The stock options awarded the last three years - under the 2009-2011 LTIP, the 2010-2012 LTIP and the 2011 LTIP - also were subject to 3-year vesting, and were exercisable for a period of 5 years after grant.

## RELIEF REQUESTED

20. By this Motion, the Debtors request that the Court authorize the implementation of the 2012 LTIP pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.

## BASIS FOR RELIEF

21. Section 105(a) of the Bankruptcy Code permits the court to "issue any order… that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This Court has recognized that the broad reach of its equitable powers under section 105(a) of the Bankruptcy Code authorizes, among other things, implementation of long-term incentive plans.

22. Section 363(b)(1) provides in relevant part that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate …." A court has the statutory authority to authorize a debtor to use property of the estate pursuant to section 363(b)(1) of the Bankruptcy Code when such use is an exercise of the debtor's sound business judgment and when the use of the property is proposed in good faith. In re Delaware & Hudson Ry. Co., 124 B.R. 169 (D. Del. 1991); see also Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Cir. 1991) (a debtor's decision must be supported by an "articulated business justification"); Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986) (adopting the "sound business purpose" standard for sales proposed pursuant to section 363(b)); In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999); In re Ernst Home Ctr., Inc., 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997).

23. Under section 363(b) of the Bankruptcy Code, a debtor has the burden to establish that it has a valid business purpose for using estate property outside the ordinary course of business. See In re Montgomery Ward Holding Corp., 242 B.R. at 153; see also In re Delaware & Hudson Ry. Co., 124 B.R. at 175-76; In re Lionel Corp., 722 F.2d 1063, 1070-71 (2d Cir. 1983). Once the debtor has articulated such a valid business purpose, however, a presumption

arises that the debtor's decision was made on an informed basis, in good faith and in the honest belief that the action was in the debtor's best interest. See In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992).

24. Permitting the Debtors to continue their long-term incentive compensation strategy by implementing the 2012 LTIP will accomplish the sound business purpose of maximizing the value of the Debtors' estates and furthering the Debtors' efforts to successfully complete their reorganization and have the Joint Plan become effective, by promoting the motivation and retention of Eligible Employees who are necessary to achieve the completion of these Chapter 11 Cases in a prompt and efficient manner.

25. Continuing the long-term incentive compensation strategy for the 2012 LTIP whereby the Debtors' management and other Eligible Employees will be awarded options on Grace Stock, but receive no cash incentives, will allow the Debtors' management to more effectively and efficiently align the interests of Eligible Employees with the interests of the Debtors' shareholders.

26. In light of the foregoing, the Debtors believe that the options to be granted under the 2012 LTIP are reasonable and appropriate and will enhance the prospect of retaining and motivating Eligible Employees and, ultimately, successfully emerging from these Chapter 11 Cases. For all of these reasons, the 2012 LTIP should be approved.

## NO PREVIOUS MOTION

27. No previous motion for the relief sought herein has been made to this or any other court.

## NOTICE

28. Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase

Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; and (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Debtors respectfully request that the Court enter an order authorizing, but not requiring, the Debtors to implement the 2012 Long-Term Incentive Plan as described herein, and authorizing the Debtors take such other action as may be necessary or appropriate to effect the intent of this Motion, and granting such other and further relief as the Court deems just and proper.

Dated: May 14, 2012

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession