**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **W.R. Grace & Co., et al.** | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |

**FORTY-FOURTH QUARTERLY FEE APPLICATION OF STROOCK & STROOCK
& LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD
FROM JANUARY 1, 2012 THROUGH MARCH 31, 2012**

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **January 1, 2012 – March 31, 2012** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$121,495.00** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$740.14** |
| Fees and Expenses of the Asbestos Issues Expert: | |

This is an: ☒ interim ☐ final application

This is the forty-fourth quarterly application filed.

**Attachment A**

**Monthly Interim Fee Applications**

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| May 30, 2001 D.I.339 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 D.I.613 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111,943.00 | $6,884.73 |
| July 30, 2001 D.I.772 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| September 5, 2001 D.I.889 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 D.I.983 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 D.I.1058 | 9/1/01 – 9/30/01 | $58,742.00 | $6,801.32 | $46,993.60 | $6,801.32 |
| November 26, 2001 D.I.1239 | 10/1/01 – 10/31/01 | $101,069.00 | $3,562.09 | $80,855.20 | $3,562.09 |
| January 8, 2002 D.I.1470 | 11/1/01 – 11/30/01 | $136,368.50 | $8,847.34 | $109,094.80 | $8,847.34 |
| February 1, 2002 D.I.1608 | 12/01/01 – 12/31/01 | $92,064.50 | $9,471.47 | $73,651.60 | $9,471.47 |
| March 14, 2002 D.I.1812 | 01/01/02 – 01/31/02 | $100,231.50 | $14,675.58 | $80,185.20 | $14,675.58 |
| April 22, 2002 D.I.1951 | 02/01/02 – 02/28/02 | $88,974.50 | $16,863.97 | $71,179.60 | $16,863.97 |
| May 8, 2002 D.I.2029 | 03/01/02 – 03/31/02 | $77,964.25 | $1,190.44 | $62,371.40 | $1,190.44 |
| June 3, 2002 D.I.2156 | 04/01/02-04/30/02 | $97,251.50 | $1,816.40 (Stroock) $9,772.37 (Chambers) | $77,801.20 | $11,588.86 |

| | | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|---|
| July 2, 2002 D.I.2324 | 05/01/02 – 05/31/02 | $74,910.75 | $2,9154.43 (Stroock) $43,190.69 (Chambers) | | $59,928.60 | $46,105.12 |
| August 5, 2002 D.I.2495 | 06/01/02 – 06/30/02 | $73,096.75 | $2,054.05 (Stroock) $114,666.72 (Chambers) | | $58,477.4011 | $116,720.77 |
| September 20, 2002 D.I.2720 | 07/01/02 – 07/31/02 | $90,903.27 | $1,250.79 (Stroock) $11,996.25 (Chambers) | | $72,722.61 | $13,274.04 |
| October 29, 2002 D.I.2898 | 08/01/02 – 08/31/02 | $93,151.25 | $11,539.51 (Stroock) $5,046.70 (Chambers) | | $74,521.00 | $16,586.21 |
| November 14, 2002 D.I.2981 | 09/01/02 - 09/30/02 | $96,613.25 | $15,567.77 (Stroock) $771.50 (Chambers) | | $77,290.60 | $16,339.27 |
| December 10, 2002 D.I.3129 | 10/1/02 – 10/31/02 | $68,404.00 | $2,956.54 (Stroock) $1,780.75 (Chambers) | | $54,723.20 | $4,737.29 |
| January 28, 2003 D.I.3286 | 11/1/02 – 11/30/02 | $75,345.50 | $8,712.16 (Stroock) | | $60,276.40 | $8,712.16 |
| February 7, 2003 D.I.3349 | 12/1/02 – 12/31/02 | $27,683.50 | $13,332.14 (Stroock) | | $22,146.80 | $13,332.14 |
| March 26, 2003 D.I.3552 | 1/1/03 – 1/31/03 | $88,139.00 | $1,210.11 (Stroock) | | $70,511.20 | $1,210.11 |
| April 7, 2003 D.I.3626 | 2/1/03 – 2/28/03 | $76,313.00 | $2,022.78 (Stroock) $1,077.80 (Chambers) | | $61,050.40 | $3,100.58 |
| April 29, 2003 D.I.3718 | 3/1/03 – 3/31/03 | $60,163.50 | $6,191.15 (Stroock) | | $48,130.80 | $6,191.15 |
| June 2, 2003 D.I. 3850 | 4/1/03 – 4/30/03 | $60,269.00 | $814.02 (Stroock) $2,043.00 (Chambers) | | $48,215.20 | $2,857.02 |
| July 1, 2003 D.I. 3983 | 5/1/03 – 5/31/03 | $111,990.50 | $691.84 (Stroock) $3,830.50 (Chambers) | | $89,592.40 | $10,522.34 |
| August 5, 2003 D.I. 4152 | 6/1/03 – 6/30/03 | $43,824.00 | $1,220.42 (Stroock) $61,755.00 (Chambers) | | $35,059.20 | $62,975.42 |
| September 4, 2003 D.I. 4381 | 7/1/03 – 7/31/03 | $79,090.50 | $2,301.33 (Stroock) $14,274.25 (Chambers) | | $63,272.40 | $16,575.58 |

2

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| September 30, 2003 D.I. 4512 | 8/1/03 – 8/31/03 | $69,927.00 | $1,164.19 (Stroock) $12,488.94 (Chambers) | $55,941.60 | $13,653.13 |
| October 29, 2003 D.I. 4625 | 9/1/03 – 9/30/03 | $69,409.50 | $1,076.94 (Stroock) $10,102.00 (Chambers) | $55,527.60 | $11,178.94 |
| December 19, 2003 D.I. 4843 | 10/1/03 – 10/31/03 | $96,980.50 | $3,800.45 (Stroock) $42,881.50 (Chambers) | $77,584.40 | $46,681.95 |
| January 23, 2004 D.I. 4976 | 11/1/03 – 11/30/03 | $66,428.50 | $1,225.38 (Stroock) $30,463.00 (Navigant f/k/a Chambers) | $53,142.80 | $31,688.38 |
| February 4, 2004 D.I. 5056 | 12/1/03 – 12/31/03 | $52,321.50 | $924.99 (Stroock) $27,005.00 (Navigant f/k/a Chambers) | $41,857.20 | $27,929.99 |
| March 17, 2004 D.I. 5309 | 1/1/04 – 1/31/04 | $65,980.50 | $1,917.93 (Stroock) $47,654.57 (Navigant f/k/a Chambers) | $52,784.40 | $49,572.50 |
| April 6, 2004 D.I. 5406 | 2/1/04 – 2/29/04 | $90,421.50 | $3,636.48 (Stroock) $35,492.50 (Navigant f/k/a Chambers) | $72,337.20 | $39,128.98 |
| April 28, 2004 D.I. | 3/1/04 – 3/31/04 | $103,524.00 | $5,567.34 (Stroock) | $82,819.20 | $5,567.34 |
| June 14, 2004 D.I. 5803 | 4/1/04 – 4/30/04 | $99,136.00 | $3,518.96 (Stroock) $1,515.00 (Navigant February) $49,667.00 (Navigant March) $80,307.11 (Navigant April) | $79,308.80 | $135,008.07 |
| July 2, 2004 D.I. 5917 | 5/1/04 – 5/31/04 | $134,324.50 | $2,409.97 (Stroock) $78,360.05 (Navigant May) | $107,459.60 | $80,770.02 |
| August 2, 2004 D.I. 6105 | 6/1/04 – 6/31/04 | $120,501.00 | $1,831.49 (Stroock) $62,625.00 (Navigant June) | $96,400.80 | $64,456.49 |
| September 9, 2004 D.I. 6341 | 7/1/04 – 7/31/04 | $72,394.00 | $3,461.84 (Stroock) $40,427.50 (Navigant July) | $57,915.20 | $43,889.34 |

3

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| September 23, 2004<br>D.I. 6444 | 8/1/04 –<br>8/31/04 | $70,457.00 | $1,764.40 (Stroock) | $56,365.60 | $1,764.40 |
| October 14, 2004<br>D.I 6625 | 9/1/04 –<br>9/30/04 | $83,903.50 | $1,535.61 (Stroock)<br>$27,142.00 (Navigant<br>August) | $67,122.80 | $28,677.61 |
| December 3, 2004<br>D.I. 7086 | 10/1/04 –<br>10/31/04 | $200,155.50 | $1,368.18 (Stroock)<br>$ 24,659.00 (Navigant<br>September) | $160,124.40 | $26,027.18 |
| January 7, 2005<br>D.I. 7481 | 11/1/04 –<br>11/30/04 | $218,608.50 | $14,019.09 (Stroock)<br>$25,102.80 (Navigant<br>October)<br>$27,972.34 (Navigant<br>November) | $174,886.80 | $67,094.23 |
| February 2, 2005<br>D.I. 7667 | 12/1/04 –<br>12/31/04 | $235,503.70 | $10,442.92 (Stroock)<br>$62,687.97 (Navigant<br>December) | $188,402.96 | $73,130.89 |
| March 15, 2005<br>D.I. 8026 | 1/1/05 –<br>1/31/05 | $187,168.00 | $4,411.55 (Stroock)<br>$15,686.00 (Navigant<br>January) | $149,734.40 | $20,097.55 |
| April 1, 2005<br>D.I. 8155 | 2/1/05 –<br>2/28/05 | $108,180.25 | $8,102.85 (Stroock)<br>$18,303.37 (Navigant<br>February) | $86,544.20 | $26,406.22 |
| April 29, 2005<br>D.I. 8305 | 3/1/05 –<br>3/31/05 | $56,941.25 | $287.23 (Stroock)<br>$6,114.86 (Navigant<br>March) | $45,553.00 | $6,402.09 |
| June 6, 2005<br>D.I. 8562 | 4/1/05- -<br>4/30/05 | $127,695.00 | $3,531.45 (Stroock)<br>$20,129.06 (Navigant<br>April) | $102,156.00 | $23,660.51 |
| June 28, 2005<br>D.I. 8704 | 5/1/05-<br>5/31/05 | $98,569.00 | $4,871.74 (Stroock) | $78,855.20 | $858.21 |
| August 3, 2005<br>D.I. 9135 | 6/1/05-<br>6/30/05 | $114,903.75 | $4,871.74 (Stroock)<br>$34,075.28 (Navigant<br>June) | $91,923.00 | $38,947.02 |
| September 8, 2005<br>D.I. 9356 | 7/1/05 –<br>7/31/05 | $117,780.75 | $2,088.44 (Stroock)<br>$2,211.00 (Navigant) | $94,224.60 | $4,299.44 |

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| October 4, 2005 D.I. 9565 | 8/1/05 – 8/31/05 | $106,796.25 | $5,046.99 (Stroock) $18,550.00 (Navigant) | $85,437.00 | $23,596.99 |
| November 1, 2005 D.I. 10951 | 9/1/05 – 9/30/05 | $67,697.50 | $1,399.68 (Stroock) $11,197.50 (Navigant) | $54,158.00 | $12,597.18 |
| November 29, 2005 D.I. 11202 | 10/1/05 – 10/31/05 | $98,216.75 | $1,611.30 (Stroock) $11,582.50 (Navigant) | $78,573.40 | $13,193.80 |
| January 9, 2006 D.I. 11507 | 11/1/05 – 11/30/05 | $104,348.00 | $2,847.45 (Stroock) $71,598.50 (Navigant) | $83,478.40 | $74,445.95 |
| January 30, 2006 D.I. 11655 | 12/1/05 – 12/31/05 | $96,855.00 | $1,379.53 (Stroock) $20,317.49 (Navigant) | $77,484.00 | 21,697.02 |
| March 1, 2006 D.I. 11921 | 1/1/06 – 1/31/06 | $73.383.00 | $1,810.85 (Stroock) $14,124.01 (Navigant) | $58.706.40 | $15,934.86 |
| March 28, 2006 D.I. 12134 | 2/1/06 – 2/28/06 | $105,083.75 | $1,434.62 (Stroock) $25,971.70 (Navigant) | $84.067.00 | $27,406.32 |
| May 2, 2006 D.I. 12354 | 3/1/06 – 3/31/06 | $145,189.50 | $2,512.81 (Stroock) $25,838.37 (Navigant) | $116,151.60 | $28,351.18 |
| May 31, 2006 DI. 12558 | 4/1/2006 – 4/30/2006 | $116,817.00 | $2,141.42 (Stroock) $7,425.00 (Navigant) | $93,453.60 | $9,566.42 |
| July 6, 2006 D.I. 12748 | 5/1/2006 – 5/31/2006 | $121,304.50 | $1,838.71 (Stroock) $17,493.75 (Navigant) | $97,043.60 | $19,332.46 |
| August 1, 2006 D.I. 12899 | 6/1/2006 – 6/30/2006 | $94,856.50 | $1,869.66 (Stroock) $38,548.75 (Navigant) | $75,885.20 | $40,418.41 |
| August 30, 2006 D.I. 13117 | 7/1/2006 – 7/31/2006 | $97,397.25 | $496.76 (Stroock) $30,280.00 (Navigant) | $77,917.80 | $30,776.76 |
| October 2, 2006 D.I. 13336 | 8/1/2006 – 8/31/2006 | $131,856.25 | $98.34 (Stroock) $98,317.50 (Navigant) | $105,485.00 | $98,415.84 |
| November 2, 2006 D.I. 13559 | 9/1/2006 – 9/30/2006 | $150,960.00 | $4,147.01 (Stroock) $91,179.11 (Navigant) | $120,768.00 | $95,326.12 |
| November 29, 2006 D.I. 13838 | 10/1/06 – 10/31/06 | $196,223.50 | $915.14 (Stroock) $147,374.20 (Navigant) | $156,978.89 | $148,289.34 |

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| January 12, 2007 D.I. 14292 | 11/1/06 – 11/30/06 | $188,638.00 | $3,370.16 (Stroock) $133,438.70 (Navigant) | $150,910.40 | $136,808.86 |
| January 29, 2007 D.I. 14415 | 12/1/06 – 12/31/06 | $99,832.00 | $5,752.89 (Stroock) $55,245.22 (Navigant) | $79,865.60 | $60,998.11 |
| March 8, 2007 D.I. 14810 | 1/1/07 – 1/31/07 | $77,582.00 | $962.06 (Stroock) $90,474.74 (Navigant) | $62,065.60 | $91,436.80 |
| April 10, 2007 D.I. 15132 | 2/1/07 – 2/28/07 | $119,140.50 | $3,092.88 (Stroock) $77,301.25 (Navigant) | $95,312.40 | $80,394.13 |
| May 1, 2007 D.I. 15457 | 3/1/07 – 3/31/07 | $135,228.00 | $6,635.25 (Stroock) $104,674.53 (Navigant) | $108,182.40 | $111,309.78 |
| June 22, 2007 D.I. 16136 | 4/1/07 – 4/30/07 | $177,646.00 | $815.81 (Stroock) $173,437.45 (Navigant) | $142,116.80 | $174,253.26 |
| July 17, 2007 D.I. 16309 | 5/1/07 – 5/31/07 | $205,937.25 | $6,405.01 (Stroock) $162,431.03 (Navigant) | $164,749.80 | $168,836.04 |
| August 10, 2007 D.I. 16528 | 6/1/07 – 6/30/07 | $225,650.50 | $5,929.97 (Stroock) $200,294.81 (Navigant) | $180,520.40 | $206,224.78 |
| September 14, 2007 D.I. 16822 | 7/1/07 – 7/31/07 | $157,268.50 | $4,021.65 (Stroock) $208,116.54 (Navigant) | $125,814.80 | $212,138.19 |
| October 1, 2007 D.I. 16959 | 8/1/07 – 8/31/07 | $145,866.50 | $3,354.61 (Stroock) $210,152.54 (Navigant) | $116,693.20 | $213,507.15 |
| November 16, 2007 D.I. 17394 | 9/1/07 – 9/30/07 | $206,908.50 | $3,056.89 (Stroock) | $165,526.80 | $3,056.89 |
| December 5, 2007 D.I. 17548 | 10/1/07 – 10/31/07 | $288,976.50 | $22,324.58 (Stroock) $325,509.63 (Navigant) | $231,181.20 | $303,185.05 |
| January 11, 2008 D.I. 17803 | 11/1/07 – 11/30/07 | $249,372.50 | $32,780.40 (Stroock) $162,394.93 (Navigant) | $199,498.00 | $195,175.33 |
| February 1, 2008 D.I. 17957 | 12/1/07 – 12/31/07 | $116,522.50 | $57,717.92 (Stroock) $47,444.43 (Navigant) | $93,218.00 | $105,162.35 |
| March 4, 2008 D.I. 18202 | 1/1/08 – 1/31/08 | $201,472.50 | $3,282.80 (Stroock) $86,070.26 (Navigant) | $161,178.00 | $89,353.06 |

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| April 5, 2008 D.I. 18450 | 2/1/08 – 2/29/08 | $195,491.00 | $5,922.25 (Stroock) $73,924.16 (Navigant) | $156,392.80 | $79,846.41 |
| April 29, 2008 D.I. 18639 | 3/1/08 – 3/31/08 | $275,659.00 | $11,217.17 (Stroock) $69,201.53 (Navigant) | $220,527.20 | $80,418.70 |
| June 4, 2008 D.I. 18862 | 4/1/08 4/30/08 | $298,888.00 | $10,143.60 (Stroock) $38,800.00 (Navigant) | $239,110.40 | $48,943.60 |
| July 1, 2008 D.I. 19032 | 5/1/08 5/31/08 | $138,683.50 [1] | $3,649.95 (Stroock) | $110,946.80 [2] | $3,649.95 |
| August 4, 2008 D.I. 19224 | 6/1/08 6/30/08 | $213,559.00 | $12,357.78 (Stroock) $96.84 (Navigant) | $170,847.20 | $12,454.62 |
| September _, 2008 D.I. 19516 | 7/1/08 7/31/08 | $206,087.50 | $6,717.13 (Stroock) $259.90 (Navigant) | $164,870.00 | $6,977.03 |
| September 30, 2008 D.I. 19653 | 8/1/08 8/31/08 | $212,928.50 | $2,326.65 (Stroock) | $170,342.80 | $2,326.65 |
| November 6, 2008 D.I. 19949 | 9/1/08 9/30/08 | $226,486.50 | $2,844.77 (Stroock) | $181,189.20 | $2,844.77 |
| December 2, 2008 D.I. 20168 | 10/1/08 10/31/08 | $270,097.00 | $10,611.52 (Stroock) | $216,077.60 | $10,611.52 |
| December 30, 2008 D.I. 20384 | 11/1/08 11/30/08 | $184,642.00 | $5,870.24 (Stroock) | $147,713.60 | $5,870.24 |
| February 3, 2009 D.I. 20654 | 12/1/08- 12/31/08 | $102,648.50 | $4,017.80 (Stroock) | $82,118.80 | $4,017.80 |
| March 3, 2009 D.I. 20906 | 1/1/09 1/31/09 | $114,525.00 | $2,458.44 (Stroock) | $91,620.00 | $2,458.44 |
| March 30, 2009 D.I. 21152 | 2/1/08 2/28/09 | $141,569.00 | $1,627.89 (Stroock) | $113,255.20 | $1,627.89 |
| April 29, 2009 D.I. 21475 | 3/01/09 3/31/09 | $181,006.75 | $3,270.02 (Stroock) | $144,805.40 | $3,270.02 |

---

[1]    See paragraph 10 re Twenty-Ninth Quarterly Fee Application, Docket No. 19386.

[2]    See paragraph 10 re Twenty-Ninth Quarterly Fee Application, Docket No. 19386.

|  |  | Payment Requested |  | Payment Approved |  |
|---|---|---|---|---|---|
| May 29, 2009<br>D.I. 21910 | 4/01/09<br>4/30/09 | $187,588.50 | $1,545.41 (Stroock) | $150,070.80 | $1,545.41 |
| July 1, 2009<br>D.I. 22310 | 5/01/09<br>5/31/09 | $227,989.00 | $9,428.79 (Stroock) | $182,391.20 | $9,428.79 |
| August 6, 2009<br>D.I. 22709 | 6/01/09<br>6/30/09 | $238,611.25 | $5,960.91 (Stroock) | $190,889.00 | $5,960.91 |
| September 25, 2009<br>D.I. 23338 | 7/01/09<br>7/31/09 | $294,766.50 | $17,306.20 (Stroock) | $235,813.20 | 17,306.20 |
| October 5, 2009<br>D.I. 23422 | 8/01/09<br>8/31/09 | $299,544.25 | $7,237.57(Stroock)<br>$2,812.50 (Navigant) | $239,635.40 | $10,050.07 |
| November 13, 2009<br>D.I. 23759 | 9/01/09<br>9/30/09 | $349,937.50 | $20,164.05 (Stroock) | $279,950.00 | $20,164.05 |
| December 1, 2009<br>D.I. 23897 | 10/01/09<br>10/31/09 | $281,050.75 | $12,457.25 (Stroock) | $224,840.60 | $12,457.25 |
| December 30,2009<br>D.I. 24087 | 11/01/09<br>11/30/09 | $219,347.00 | $10,084.80 (Stroock) | $175,477.60 | $10,084.80 |
| January 29, 2010<br>D.I. 24211 | 12/01/09<br>12/31/09 | $117,137.00 | $3,532.36 (Stroock) | $93,709.60 | $3,532.36 |
| March 1, 2010<br>D.I. 24376 | 1/01/10<br>1/31/10 | $193,442.75 | $3,163.37 (Stroock) | $154,754.20 | $3,163.37 |
| March 30, 2010<br>D.I. 24537 | 2/01/10<br>2/28/10 | $56,435.50 | $1,668.29 (Stroock) | $45,148.40 | $1,668.29 |
| April 28, 2010<br>D.I. 24687 | 3/01/10<br>3/31/10 | $42,209.00 | $636.63 (Stroock) | $33,767.20 | $636.63 |
| May 28, 2010<br>D.I. 24859 | 4/01/10<br>4/30/10 | $44,465.00 | $265.51 (Stroock) | $35,572.00 | $265.51 |
| June 28, 2010<br>D.I. 24993 | 5/01/10<br>5/31/10 | $36,946.50 | $770.90 (Stroock) | $29,557.20 | $770.90 |
| July 28, 2010<br>D.I. 25130 | 6/01/10<br>6/30/10 | $52,374.50 | $93.68 (Stroock) | $41,899.60 | $93.68 |

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| August 30, 2010 D.I. 25286 | 7/01/10 7/31/10 | $20,240.00 | $141.30 (Stroock) | $16,192.00 | $141.30 |
| September 28, 2010 D.I. 25488 | 8/01/10 8/31/10 | $23,595.50 | $157.91 (Stroock) | $18,876.40 | $157.91 |
| October 28, 2010 D.I. 25660 | 9/01/10 9/30/10 | $25,244.50 | $328.75 (Stroock) | $20,195.60 | $328.75 |
| November 29, 2010 D.I. 25812 | 10/01/10 10/31/10 | $17,677.50 | $90.00 (Stroock) | $14,142.00 | $90.00 |
| December 28, 2010 D.I. 25963 | 11/01/10 11/30/10 | $45,417.00 | $307.06 (Stroock) | $36,333.60 | $307.06 |
| January 28, 2011 D.I. 26140 | 12/01/10 12/31/10 | $78,046.75 | $2,238.40 (Stroock) | $62,437.40 | $2,238.40 |
| February 28, 2011 D.I. 26435 | 1/01/11 1/31/11 | $37,267.00 | $193.84 (Stroock) | $29,813.00 | $193.84 |
| March 28, 2011 D.I. 26651 | 2/01/11 2/28/11 | $145,264.75 | $3,264.42 (Stroock) | $116, 211.80 | $3,264.42 |
| April 28, 2011 D.I. 26834 | 3/01/11 3/30/11 | $95,649.00 | $1,447.38 (Stroock) | $76,519.20 | 1,447.38 |
| May 31, 2011 D.I. 27012 | 4/01/11 4/30/11 | $137,671.50 | $1,005.62 (Stroock) | $110,137.20 | $1,005.62 |
| June 28, 2011 D.I. 27166 | 5/01/11 5/31/11 | $67,451.50 | $1,350.50 (Stroock) | $53,961.20 | $1,350.50 |
| July 28, 2011 D.I. 27326 | 6/01/11 6/30/11 | $183,497.75 | $1,903.63 (Stroock) | $146,798.20 | $1,903.63 |
| August 30, 2011 D.I. 27526 | 7/01/11 7/31/11 | $63,076.00 | $1,373.39 (Stroock) | $50,460.80 | $1,373.39 |
| September 28, 2011 D.I. 27675 | 8/01/11 8/31/11 | $56,731.00 | $1,133.86 (Stroock) | $45,384.80 | $1,133.86 |
| October 28, 2011 D.I. 27847 | 9/01/11 9/30/11 | $68,727.00 | $1,025.63 (Stroock) | $54,981.60 | $1,025.63 |

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| December 1, 2011 D.I. 28060 | 10/01/11 10/31/11 | $55,335.00 | $348.59(Stroock) | $44,268.00 | $348.59 |
| December 28, 2011 D.I. 28281 | 11/01/11 11/30/11 | $29,136.00 | $416.68 (Stroock) | $23,308.80 | $416.68 |
| February 3, 2012 D.I. 28463 | 12/01/11 12/31/11 | $8,012.50 | $52.22 (Stroock) | $6,410.00 | $52.22 |
| February 28, 2012 D.I. 28595 | 1/01/12 1/31/12 | $31,694.50 | $379.41 (Stroock) | $25,355.60 | $379.41 |
| March 28, 2012 D.I. 28732 | 2/01/12 2/29/12 | $62,628.00 | $220.71 (Stroock) | $50,102.40 | $220.71 |
| April 30, 2012 D.I. 28848 | 3/01/12 3/31/12 | $27,172.50 | $140.02 (Stroock) | | |

**Quarterly Fee Applications**

| Date Filed | Period Covered | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| July 30, 2001 D.I.770 (First) | 4/12/01-6/30/01 | $369,873.75 | $19,318.00 | $369,873.75 | $19,318.75 |
| November 1, 2002 D.I.1068 (Second) | 7/1/01 – 9/31/01 | $204,923.50 | $15,015.57 | $204,923.50 | $15,015.57 |
| February 8, 2002 D.I.1658 (Third) | 10/1/01 – 12/31/01 | $329,842.00 | $21,880.90 $9,918.43* | $329,842.00 | $21,880.90 (Stroock) $9,918.43 (Chambers) |
| May 16, 2002 D.I.2064 (Fourth) | 01/01/02 – 03/31/02 | $267,170.20 | $6,149.76 $36,352.60* | $266,865.70 | $6,144.85 (Stroock) $22,002.76 (Chambers) |
| August 16, 2002 D.I.2557 (Fifth) | 04/01/02 – 06/30/02 | $245,259.00 | $6,784.97 $167,629.78* | $245,259.00 | $6,784.97 (Stroock) $167,629.78 (Chambers |
| November 18, 2002 D.I.3045 (Sixth) | 07/01/02 – 09/30/02 | $280,471.77 | $28,358.07 $17,814.45* | $224,534.21[3] | $28,358.07 (Stroock)[1] $17,814,45 (Chambers)[1] |
| March 25, 2003 D.I.3549 (Seventh) | 10/01/02 – 12/31/03 | $171,108.00 | $25,000.84 $1,780.75* | $136,886.40[4] | $25,000.84 (Stroock)[2] $1,780.75 (Chambers)[2] |

---

*    These amounts relate to the Committee's Asbestos Issues Expert.

[3]    Court Order dated March 14, 2003 approved fees in the amount of $276,535.77 and expenses in the amount of $45,477.52.

[4]    Court Order dated July 28, 2003 approved fees in the amount of $171,108.00 and expenses in the amount of $26,412.62.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| May 20, 2003 D.I. 3815 (Eighth) | 1/1/03 – 3/31/03 | $224,358.50 | $9,424.04 $1,077.80* | $224,615.50[5] | $9,424.04 (Stroock)[3] $1,077.80 (Chambers)[3] |
| August 29, 2003 D.I. 4357 (Ninth) | 4/1/03 – 6/30/03 | $215,903.50 | $2,726.28 $67,628.50* | $215,903.50[6] | $2,726.28 (Stroock)[4] $67,628.50 (Chambers)[4] |
| December 5, 2003 D.I. 4778 (Tenth) | 7/1/03 – 9/30/03 | $218,222.00 | $4,339.46 $36,865.19* | $218,222.00[7] | $4,339.46 (Stroock)[5] $36,865.19 (Chambers)[5] |
| March 2, 2004 D.I. 5212 (Eleventh) | 10/1/03 – 12/31/03 | $215,718.50 | $5,950.82 $100,349.50* | $215,718.50[8] | $5,922.67 (Stroock)[6] $100,349.50 (Chambers)[6] |
| May 18, 2004 D.I. 5597 (Twelfth) | 1/1/04 – 3/31/04 | $254,857.00 | $9,965.36 $83,147.07* | $254,857.00[9] | $9,965.36 (Stroock)[7] $83,147.07 (Navigant)[7] |
| August 26, 2004 D.I. 6269 (Thirteenth) | 4/1/04 – 6/30/04 | $353,629.50 | $7,760.42 $272,474.16* | $353,629.50[10] | $7,760.42 (Stroock)[8] $272,474.16 (Navigant)[8] |

[5]    Court Order dated September 22, 2003 approved fees in the amount of $224,033.50 and expenses in the amount of $10,410.22.

[6]    Amended Court Order dated December 23, 2003 approved fees in the amount of $215,903.50 and expenses in the amount of $70,354.78.

[7]    Court Order dated April 26, 2004 approved fees in the amount of $218,222.00 and expenses in the amount of $41,204.65.

[8]    Court Order dated June 16, 2004 approved fees in the amount of $215,718.50 and expenses in the amount of $106,272.17.

[9]    Court Order dated September 27, 2004 approved fees in the amount of $254,857.00 and expenses in the amount of $93,011.96.

[10]   Court Order dated January 25, 2005 approved fees in the amount of $353,629.50 and expenses in the amount of $280,234.58.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| November 10, 2004 D.I. 6871 (Fourteenth) | 7/1/04 – 9/30/04 | $226,702.50 | $6,705.08 $67,569.50* | $226,702.50[11] | $6,705.08 (Stroock)[9] $67,569.50 (Navigant)[9] |
| February 22, 2005 D.I. 7851 (Fifteenth) | 10/1/04 – 12/31/04 | $653,133.20 | $25,830.19 $140,422.11* | $648,355.70[12] | $25,830.19 (Stroock)[10] $140,422.11 (Navigant)[10] |
| May 16, 2005 D.I. 8468 (Sixteenth) | 1/1/05- 3/31/05 | $352,289.50 | $12,746.23 $40,104.23* | $349,644.00 | $12,746.23 (Stroock)[13] $40,104.23 (Navigant) |
| August 19, 2005 D.I. 9225 (Seventeenth) | 4/1/-5 – 6/30/05 | $340,821.25 | $9,261.40 $54,204.34* | $340,096.25[14] | $9,261.40 (Stroock) $54,204.34 (Navigant) |
| November 18, 2005 D.I. 11118 (Eighteenth) | 7/1/05 – 9/30/05 | $291,843.50 | $8,534.71 $31,958.50* | $291,843.50[15] | $8,534.71 (Stroock) $31,958.50 (Navigant) |
| February 15, 2006 D.I. 11798 (Nineteenth) | 10/1/05 – 12/31/05 | $299,419.75 | $5,838.28 $103,498.49* | $299,419.75[16] | $5,838.69 (Stroock $103,498.49 (Navigant) |

---

[11]   Court Order dated March 22, 2005 approved fees in the amount of $226,702.50 and expenses in the amount of $74,274.58.

[12]   Court Order dated June 29, 2005 approved fees in the amount of  $648,335.70 and expenses in the amount of $166,252.30.

[13]   Court  Order dated September 27, 2005 approved fees in the amount of $349,644.00 and expenses in the amount of $52,850.46.

[14]   Court Order dated December 19, 2005 approved fees in the amount of $340,096.25 and expenses in the amount of $63,465.74.

[15]   Court Order dated March 24, 2006 approved fees in the amount of $291,843.50 and expenses in the amount of $40,493.21.

[16]   Court Order dated June 16, 2006 approved fees in the amount of $299,419.75 and expenses in the amount of $109,337.18.

13

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| May 26, 2006 D.I. 12533 (Twentieth) | 1/1/2006 – 3/31/2006 | $323,566.25 | $5,758.28 $65,934.98* | $323,451.25[17] | $5,758.28 (Stroock) $64,810.58 (Navigant) |
| August 17, 2006 D.I. 13006 (Twenty-First) | 4/1/2006 – 6/30/2006 | $332,978.00 | $5,849.79 $63,467.50* | $332,978.00[18] | $5,849.70 (Stroock) $63,467.50 (Navigant) |
| November 29, 2006 D.I. 13835 (Twenty-Second) | 7/1/2006 – 9/30/2006 | $380,213.50 | $4,742.11 $219,776.61* | $380,213.50[19] | $4,742.11 (Stroock) $219,776.61 (Navigant) |
| March 1, 2007 D.I. 14717 (Twenty-Third) | 10/1/2007 – 12/31/07 | $484,693.50 | $10,038.19 $336,058.12* | $484,693.50[20] | $10,038.19 (Stroock) $336,058.12 (Navigant) |
| June 4, 2007 D.I. 15949 (Twenty-Fourth) | 1/1/07 - 3/31/07 | $331,950.50 | $10,690.15 $272,450.52* | $331,950.50[21] | $10,690.15 (Stroock) $272,450.52 (Navigant) |
| August 30, 2007 D.I. 16710 (Twenty-Fifth) | 4/1/2007 - 6/30/2007 | $609,233.75 | $13,150.79 $536,163.29* | $609,233.75[22] | $13,150.79 (Stroock) $536,163.29 (Navigant) |

[17] Court Order dated September 25, 2006 approved fees in the amount of $323,451.25 and expenses in the amount of $71,130.16.

[18] Court Order dated December 18, 2006 approved fees in the amount of $332,978.00 and expenses in the amount of $69,317.29.

[19] Court Order dated May 3, 2007 approved fees in the amount of $380,213.50 and expenses in the amount of $224,518.72.

[20] Court Order dated June 20, 2007 approved fees in the amount of $484,693.50 and expenses in the amount of $346,096.31.

[21] Court Order dated September 24, 2007 approved fees in the amount of $331,950.50 and expenses in the amount of $283,140.67.

[22] Court order dated December 13, 2007 approved fees in the amount of $609,233.75 and expenses in the amount of $549,314.08.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| December 12, 2007 D.I. 17625 (Twenty-Sixth) | 7/1/2007 – 9/30/2007 | $510,043.50 | $10,433.15 $418.269.08* | $508,758.50[23] | $10,433.15 (Strock) $418,269.08 (Navigant) |
| March 5, 2008 D.I. 18222 (Twenty-Seventh) | 10/1/07 – 12/31/07 | $654,871.50 | $112,822.90 $535,348.99* | $654,871.50[24] | $112,650.85 (Strock) $535,348.99 (Navigant) |
| May 27, 2008 D.I. 18789 (Twenty-Eighth) | 1/1/08 3/31/08 | $672,622.50 | $20,422.22 $229,195.95* | $672,622.50[25] | $20,422.22 (Strock) $229,195.95 (Navigant) |
| August 27, 2008 D.I. 19386 (Twenty-Ninth) | 4/1/08 6/30/08 | $653,130.50 | $26,151.33 $38,896.84* | $653,130.50[26] | $26,151.33 (Strock) $38,896.84 (Navigant) |
| December 5, 2008 D.I. 20207 (Thirtieth) | 7/1/08 – 9/30/08 | $645,502.50 | $11,888.55 $259.90* | $645,092.50[27] | $11,888.55 (Strock) $259.90 (Navigant) |
| March 9, 2009 D.I. 20950 (Thirty-First) | 10/01/08 12/31/08 | $557,387.50 | $20,499.56 | $557,387.50[28] | $20,499.56 |
| June 1, 2009 D.I. 21937 (Thirty-Second) | 1/01/09 3/31/09 | $437,100.75 | $7,356.35 | $433,438.75[29] | $7,356.35 |

---

[23] Court order dated March 12, 2008 approved fees in the amount of $508,758.50 and expenses in the amount of $428,702.23.

[24] Court order dated June 23, 2008 approved fees in the amount of $654,871.50 and expenses in the amount of $647,999.84.

[25] Court order dated October 1, 2008 approved fees in the amount of $672,622.50 and expenses in the amount of $249,618.17.

[26] Court order dated December 17, 2008 approved fees in the amount of $653,130.50 and expenses in the amount of $65,048.17.

[27] Court order dated April 1, 2009 approved fees in the amount of $645,092.50 and expenses in the amount of $12,148.45.

[28] Court order dated July 7, 2009 approved fees in the amount of $557,387.50 and expenses in the amount of $20,499.56.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| August 19, 2009 D.I. 22869 (Thirty-Third) | 4/01/09 6/30/09 | $654,188.75 | $16,935.11 | $653,243.75[30] | $16,935.11 |
| December 4, 2009 D.I. 23944 (Thirty-Fourth) | 7/01/09 9/30/09 | $944,248.25 | $44,707.82 $2,812.50* | $942,116.25[31] | $43,707.82 (Stroock) $2,812.50 (Navigant) |
| February 16, 2010 D.I. 24308 (Thirty-Fifth) | 10/01/10 12/31/09 | $617,534.75 | $26,074.41 | $617,534.75[32] | $26,074.41 |
| May 20, 2010 D.I. 24811 (Thirty-Sixth) | 01/01/10 3/30/10 | $290,697.25 | $5,468.29 | $290,697.25[33] | $5,468.29 |
| August 17, 2010 D.I. 25231 (Thirty-Seventh) | 4/01/10 6/30/10 | $133,786.00 | $1,130.09 | $133,786.00[34] | $1,130.09 |
| Nov. 17, 2010 D.I. 25766 (Thirty-Eighth) | 7/01/10 9/30/10 | $69,080.00 | $627.96 | $69,080.00[35] | $627.96 |
| March 3, 2011 D.I. 26481 (Thirty-Ninth) | 10/01/10 12/30/10 | $141,141.25 | $2,635.46 | $141,141.25[36] | $2,635.46 |

[29] Court order dated September 28, 2009 approved fees in the amount of $433,438.75 and expenses in the amount of $7,356.35.

[30] Court order dated December 11, 2009 approved fees in the amount of $653,243.75 and expenses in the amount of $16,935.11.

[31] Court order dated March 19, 2010 approved fees in the amount of $942,116.25 and expenses in the amount of $47,520.32.

[32] Revised Court Order dated June 7, 2010 approved fees in the amount of $617,534.75 and expenses in the amount of $26,074.41.

[33] Court Order dated September 13, 2010 approved fees in the amount of $290,697.25 and expenses in the amount of $5,468.29.

[34] Court Order dated December 10, 2010 approved fees in the amount of $133,786.00 and expenses in the amount of $1,130.09.

[35] Court Order dated March 25, 2011 approved fees in the amount of $69,080.00 and expenses in the amount of $627.96.

[36] Court Order dated June 30, 2011 approved fees in the amount of $141,141.25 and expenses in the amount of $2,635.46.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| May 19, 2011 D.I. 26959 (Fortieth) | 1/01/11 – 3/31/11 | $278,180.75 | $4,905.64 | $278,180.75[37] | $4,905.64 |
| August 17, 2011 D.I. 27450 (Forty-First) | 4/01/11 – 6/30/11 | $388,620.75 | $4,259.75 | $388,620.75[38] | $4,259.75 |
| Nov. 16, 2011 D.I. 27985 (Forty-Second) | 7/01/11 - 9/01/11 | $188,534.00 | $3,532.88 | $188,543.00[39] | $3,532.88 |
| Feb. 16, 2012 D.I. 28540 (Forty-Third) | 10/01/11.-12/31/11 | $92,483.50 | $817.49 | | |

[37]  Court Order dated September 20, 2011 approved fees in the amount of $278,180.75 and expenses in the amount of $4,905.64.

[38]  Court Order dated December 14, 2011 approved fees in the amount of $388,620.75 and expenses in the amount of $4,259.75.

[39]  Court Order dated March 23, 2012 approved fees in the amount of $188,534.00 and expenses in the amount of $3,532.88.

**WR GRACE & CO**
**ATTACHMENT B**
**JANUARY 1, 2012 - MARCH 31, 2012**

| | Hours | Rate | Amount | No. of Years in Position |
|---|---|---|---|---|
| **Partners** | | | | |
| Kruger, Lewis | 8.7 | $ 1,025 | $     8,917.50 | 42 |
| Pasquale, Kenneth | 21.0 | 920 | 19,320.00 | 21 |
| | | | | |
| **Associates** | | | | |
| Krieger, Arlene G. | 111.3 | 725 | 80,692.50 | 27 |
| | | | | |
| **Paraprofessionals** | | | | |
| Magzamen, Michael | 1.4 | 335 | 469.00 | 9 |
| Mohamed, David | 57.6 | 210 | 12,096.00 | 22 |
| | | | | |
| **Total** | **200.0** | | **$ 121,495.00** | |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| W. R. GRACE & CO., <u>et al.</u>[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## FORTY-FOURTH QUARTERLY FEE APPLICATION OF STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., <u>et al.</u>, FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED <u>DURING THE PERIOD FROM JANUARY 1, 2012 THROUGH MARCH 31, 2012</u>

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

accordance with the Administrative Fee Order (defined below) for interim allowance of

---

[1]  The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA  Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## INTRODUCTION

1.      By this application (the "Application"), Stroock seeks (i) an interim allowance of compensation for the professional services rendered by Stroock as counsel for the Committee for the period from January 1, 2012 through March 31, 2012 (the "Compensation Period") in the aggregate amount of $121,495.00 representing 141.0 hours of professional services and 59.0 hours of paraprofessional services; and (ii) the reimbursement of actual and necessary expenses incurred by Stroock during the Compensation Period in connection with its rendition of such professional and paraprofessional services for the Committee in the aggregate amount of $740.14.

2.      Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## BACKGROUND

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and has continued in the management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the Bankruptcy Code.  Pursuant to an order of the Court, the Debtors' chapter 11 cases have been procedurally consolidated and are being jointly administered.

4.      The Debtors operate a worldwide specialty chemicals and materials business and employ approximately 3860 full and part-time employees.  On a consolidated basis, for the fiscal

2

year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues.  The

Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales

are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor

subsidiaries and affiliates.

5.      On April 12, 2001, the United States Trustee formed the Committee.  During the

first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its

counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter

11 cases.  The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP

(n/k/a Duane Morris LLP) ("DM&H") as its local Delaware counsel.  On December 3, 2003, the

United States Trustee filed a second amended notice of appointment of the Committee.  On July

10, 2006, the United States Trustee filed a third amended notice of appointment of the

Committee.

6.      The United States Trustee also appointed two separate official committees to

represent the interests of claimants asserting asbestos-related personal injury claims (the "ACC")

and asbestos-related property damage claims (the "PD Committee") against the Debtors

(collectively, the "Asbestos Claim Committees").  On June 18, 2001, the United States Trustee

appointed an official committee to represent the interests of equity security holders of the

Debtors (the "Equity Committee").

7.      By order dated May 24, 2004, the Court authorized the appointment of a legal

representative for future asbestos personal injury claimants (the "PI FCR").  By order dated

---

[2]      The Debtors' pleadings further reported that this net loss resulted in part from a $294.0 million asbestos-related
charge to earnings recorded in the fourth quarter of 2000.

October 20, 2008, the Court authorized the appointment of a legal representative for future

asbestos property damage claimants (the "PD FCR").

8.      By application dated May 1, 2001, Stroock sought Court approval for its retention

as counsel to the Committee nunc pro tunc to April 12, 2001.  The Court signed an order

approving Stroock's retention as counsel to the Committee on May 30, 2001.

9.      This is the forty-fourth quarterly interim application Stroock has filed with the

Court for an allowance of compensation and reimbursement of expenses for services rendered to

the Committee.  This Application is submitted pursuant to the terms of the Administrative Order

Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement

of Expenses for Professionals and Official Committee Members, approved by the Court on

May 3, 2001 as amended by order dated April 17, 2002 (collectively, the "Administrative Fee

Order").

10.      In accordance with the procedures established by the Administrative Fee Order,

Stroock had, at the time of filing this Application, received payment from the Debtors for 80% of

the fees and 100% of Stroock's expenses requested, and not objected to, in the January 2012 and

February 2012 fee statements.  Stroock has not received payment for the fees and expenses

requested in the March 2012 fee statement for which a certificate of no objection has not yet

been filed.  Applicant has received no other payments and no promises for payment from any

source for services rendered in connection with these cases for the months encompassing this

Compensation Period other than as immediately set forth above.  There is no agreement or

understanding between the Applicant and any other person (other than members of Stroock) for

the sharing of compensation to be received for the services rendered in these cases.

4

11.     As stated in the Affidavit of Kenneth Pasquale, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

## SUMMARY OF SERVICES RENDERED

12.     Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates.  The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

13.     Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee.  Such time records were made contemporaneously with the rendition of services by the person rendering such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2006.  A compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Compensation Period is annexed hereto as Exhibit "B".  In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services.

14.    Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection.  A schedule of the categories of expenses and amounts for which payment is requested is annexed hereto as Exhibit "D".

15.    Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

16.    The following summary of the services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B".  Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention.

### Business Operations -- Category 0013

17.    During this Compensation Period, the Debtors filed a motion seeking to extend the term of its Credit Agreement with Advanced Refining Technologies for another year. Stroock reviewed the motion and Capstone's draft memorandum for the Committee.  In addition, during this period, Stroock reviewed Capstone's report to the Committee on the Debtors' financial results for the fourth quarter of 2011.  Stroock has expended 3.9 hours on this category for a fee of $2,827.50.

**Case Administration -- Category 0014**

18.     As reported in prior monthly compensation applications, these chapter 11 cases were reassigned to District Court Judge Alfred Wolin in November 2001 and referred to Bankruptcy Court Judge Judith Fitzgerald, and then reassigned to District Court Judge Ronald L. Buckwalter following Judge Wolin's recusal from these cases.

19.     During this Compensation Period, Stroock continued to closely monitor the items on the Court's general chapter 11 docket for these cases and on the District Court's confirmation-related appeals docket, as well as those dockets relating to pending adversary proceedings and other appeals, to ensure that the Committee was fully informed about all pending motions, adversary proceedings and appeals and that Stroock would be ready to timely respond on behalf of the Committee, as might be applicable.  Stroock continued to engage Debtors' counsel and Capstone on an on-going basis with respect to pending matters and information requests.  Stroock has expended 35.2 hours on this category for a fee of $8,267.50.

**Claims Analysis, Objection and Resolution (Non-Asbestos) -- Category 0015**

20.     During this Compensation Period, the Debtors filed a notice of a proposed settlement of the claims filed by the New York State Department of Taxation and Finance. Stroock reviewed the proposed settlement, requested and obtained additional information from Debtors' counsel on this matter and prepared a memorandum for the Committee discussing the proposed settlement.  The services in this category also relate to Stroock's review of the Debtors' supplemental objection to the claim asserted by NY Hillside, Inc.  Stroock has expended 1.6 hours on this category for a fee of $1,220.00.

7

**Committee, Creditors' Noteholders' or Equity Holders' -- Category 0017**

21.     During this Compensation Period, Stroock communicated with the full Committee and its members through memoranda and calls.  In order to keep the Committee fully informed of all of the pending matters in these cases, and thus enable the Committee to take informed positions on those issues, Stroock reviewed and provided information to the Committee on motions, other pleadings and notices filed by the Debtors and other parties-in-interest in these cases and objections and responses filed, raised issues the Committee should be aware of, made recommendations to the Committee concerning appropriate actions to be taken with regard to these proposals and pleadings and communicated with the Committee and its members regarding the positions to be taken.  In addition, Stroock engaged counsel and other representatives for the Debtors, with the Committee's questions, concerns and comments, and negotiated whenever and to the extent possible consensual resolutions of outstanding issues and acceptable forms of proposed orders, stipulations and agreements.

22.     As reported in prior compensation applications, the Bankruptcy Court on January 31, 2011 issued a Memorandum Decision and Recommended Findings of Fact and Conclusions of Law, with respect to the first amended joint plan of reorganization proposed by the Debtors, the ACC, the PI FCR and the Equity Committee (collectively, the "Plan Proponents") and the Bankruptcy Court thereafter, on February 15, 2011, issued an order clarifying that the Memorandum Decision was a Confirmation Order.  Stroock discussed with the Committee the confirmation appeals taken by various appellants to the confirmation rulings issued by the Bankruptcy Court and the appellate hearings held by the District Court in June 2011.

23.     During this Compensation Period, on January 30, 2012 , the District Court issued a Memorandum Opinion and Order affirming the Confirmation Rulings issued by Judge

8

Fitzgerald.  Stroock discussed the District Court's decision with the Committee, and thereafter reviewed and provided memoranda to the Committee with respect to the confirmation-related motions, pleadings and appeals subsequently filed by various parties in interest to the District Court's Memorandum Opinion and Order.  Stroock also prepared a memorandum for the Committee discussing the proposed settlement the Debtors reached in January 2012 with the Libby Claimants and other confirmation-related settlements under discussion.

24.    During this Compensation Period, Stroock also prepared memoranda to the Committee, addressing, among other matters, the Debtors' proposed settlement with the United States and a number of other parties addressing environmental claims relating to the Otis Pipeline in Massachusetts.

25.    Through its correspondence and communications with the Committee, Stroock has assisted the Committee in fulfilling its statutory duties to make informed decisions and express the Committee's views regarding the issues which arise in these cases, and to participate in those proceedings and matters and in the confirmation of a plan providing appropriate treatment for the creditors represented by the Committee.  Stroock has expended 41.6 hours on this category for a fee of $31,750.00.

**Fee Application, Applicant -- Category 0018**

26.    During this Compensation Period, Stroock prepared its fee statements for the months of December 2011, January 2012 and February 2012 and related notices, affidavits of service and certifications of no objection where applicable.  Stroock also prepared its Forty-Third Quarterly Fee Application covering the period from October 1, 2011 through December 31, 2011 (the "prior compensation application"), including a narrative section summarizing the services

9

rendered during that period by Stroock and numerous fee and expense schedules, as required by the Administrative Fee Order entered by the Court.  Stroock has expended 25.2 hours on this category for a fee of $10,411.00.

### Creditor Inquiries -- Category 0019

27.    During this Compensation Period, Stroock responded to inquiries from unsecured creditors with respect to the District Court's Memorandum Opinion and Order, appeal and emergence issues, and with respect to the treatment of claims.  Stroock has expended 14.1 hours on this category for a fee of $12,271.50.

### Fee Application, Others -- Category 0020

28.    During this Compensation Period, Stroock prepared notices, affidavits of service and certifications with respect to Capstone's monthly fee statements for the months of November 2011, December 2011, January  2012 and February 2012, and with respect to Capstone's 31st and 32nd quarterly interim fee applications covering the period from July 1, 2011 through December 31, 2011.  Stroock has expended 10.7 hours on this category for a fee of $2,659.00.

### Employee Benefits – Category – 0021

29.    During this Compensation Period, the Debtors filed a motion seeking authorization to make minimum contributions to a trust for the benefit of Grace's retirement plans and an additional substantial accelerated contribution.  Stroock reviewed the motion and all additional information obtained from Debtors' representatives, attended a conference call for all parties discussing the contributions, and assisted Capstone with the preparation of a memorandum for the Committee on this matter.  Stroock expended 13.5 hours on this category for a fee of $9,787.50.

## Environmental Matters/Regulations/Litigation – Category – 0022

30.    During this Compensation Period, the Debtors filed a motion seeking approval for an agreement they had reached with the United States and several other parties, and a related private parties' agreement, which resolved claims of the United States for response and other environmental costs incurred and expected to be incurred relating to the Otis Pipeline in Massachusetts.  Stroock reviewed the Consent Decree and Private Parties Agreement, prepared a request for additional information, had a conference call with Debtors' counsel to obtain additional information relating to this matter and prepared a memorandum for the Committee discussing the proposed settlement.  The Debtors also filed a motion towards the end of this Compensation Period seeking approval for another settlement with the United States, this one involving the Debtors' remediation of a site located in High Point, North Carolina.  Stroock revised the related Administrative Settlement and Consent Order on this matter and prepared an additional information request to Debtors' counsel.  Stroock expended 15.1 hours on this category for a fee of $10,947.50.

## Plan and Disclosure Statement – Category – 0036

31.    As reported in prior compensation applications, in September 2008, the Debtors filed a plan of reorganization embodying the Proposed PI Resolution and the Term Sheet the Debtors reached with the other Plan Proponents.  Stroock reviewed the drafts of the plan and related exhibits, the disclosure statement and the solicitation–related materials focusing on those terms and provisions affecting the treatment of general unsecured creditors in Class 9, and communicated with the Committee and Capstone regarding these documents.  The Court approved an amended disclosure statement (the "Disclosure Statement") corresponding to the first amended plan of reorganization dated February 27, 2009 (the "Plan") and solicitation

11

procedures, and creditors and equity holders voted on the Plan and filed objections to
confirmation.  Stroock prepared and filed objections to confirmation of the Plan on behalf of the
Committee.  On January 31, 2011, the Bankruptcy Court issued its Memorandum Opinion
Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and
Recommended Supplemental Findings of Fact and Conclusions of Law (the "Memorandum
Decision") and its Recommended Findings of Fact, Conclusions of Law and Order Regarding
Confirmation of First Amended Joint Plan of Reorganization As Modified through December 23,
2010 (the "Findings of Fact").  Thereafter, the Bankruptcy Court issued an order clarifying that
the Memorandum Decision was a confirmation order (collectively, the Memorandum Decision,
as clarified and the Findings of Fact are the "Confirmation Rulings").  The Confirmation Rulings
raised substantive issues for numerous parties resulting in the filing of multiple appeals and
objections to the Confirmation Rulings.  The District Court issued a scheduling order and
established an appellate process to govern the appeals taken from the Confirmation Order and
objections to the Findings of Fact.

        32.      Also during the prior compensation period, Stroock, in connection with the
Committee's joint appeal from the Confirmation Rulings with counsel representing certain of the
holders of bank lender claims (the "Bank Lender Group"), reviewed all relevant post-trial briefs,
prepared with counsel for the Bank Lender Group the parties' joint appellants' brief and the
parties' joint reply brief and prepared for argument on the appeals before the District Court.  The
District Court held hearings on the appeals taken from the Confirmation Rulings in the later
portion of June 2011.

        33.      During this Compensation Period, the District Court issued its Memorandum
Opinion and Order affirming the Bankruptcy Court's Confirmation Rulings.  Stroock reviewed

12

the Memorandum Opinion and Order and discussed the decision with the Committee.  Thereafter

a number of motions, responses and other pleadings were filed with the District Court by the

Plan Proponents and other parties, and several appeals were taken from the District Court's

rulings to the Third Circuit Court of Appeals.  Stroock reviewed each of the confirmation-related

items docketed with the District Court and with the Third Circuit and, as reflected elsewhere in

this Application, communicated with the Committee on these matters.  In addition, during this

Compensation Period, Stroock was informed that the Debtors and the PI Committee had reached

a settlement of their plan-related issues with counsel representing the Libby Claimants, and that

other related settlements were being negotiated.  Stroock reviewed the Term Sheet

memorializing the Libby Claimants settlement and prepared a memorandum for the Committee

informing it of the settlement and the additional settlements under discussion.  Stroock expended

37.5 hours on this category for a fee of $30,193.50.

### Hearings – Category - 0037

34.    The Court held only one telephonic hearing during this Compensation Period.

Stroock prepared for and attended the hearing and prepared a memorandum on it.  Stroock

expended 1.1 hour on this category for a fee of $797.50.

### Relief From Stay Proceedings – Category 0041

35.    During a prior compensation period, Intrawest California Holdings filed a motion

seeking stay relief to proceed with state court litigation against Grace.  Stroock reviewed the

motion and communicated with Debtors' counsel regarding this matter.  During this

Compensation Period, a stipulation and order was filed resolving Intrawest's motion.  Debtors'

counsel also filed another request seeking to amend the terms of their retention of

13

PricewaterhouseCoopers.  Stroock reviewed the filings.  Stroock expended 0.5 hours on this category for a fee of $362.50.

### FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

36.     The factors to be considered in awarding attorneys fees have been enumerated in In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547 F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts.  Stroock respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

The Time and Labor Required.  The professional services rendered by Stroock on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the complex issues encountered by the Committee with skill and dispatch.  Occasionally, Stroock has been required to perform these services under significant time constraints requiring work late into the evening and on weekends.  The services rendered by Stroock were performed efficiently, effectively and economically.

The Novelty and Difficulty of Questions.  Novel and complex issues have already arisen in the course of these Chapter 11 cases, and it can be anticipated that other such issues will be encountered.  In this case, as in many others in which the firm is involved, Stroock's effective advocacy

14

and creative approach have helped clarify and resolve such issues and will continue to prove beneficial.

The Skill Requisite to Perform the Legal Services Properly.  Stroock believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Stroock's practice, and its creative approach to the resolution of issues, are and will continue to contribute to the maximization of the distributions to the Debtors' unsecured creditors.

The Preclusion of Other Employment by Applicant Due to Acceptance of the Case.  Due to the size of Stroock's insolvency department, Stroock's representation of the Committee has not precluded its acceptance of new clients.  However, the volume of the matters needing attention on a continuing basis has required several of the attorneys to commit significant portions of their time to these cases.

The Customary Fee.  The fee sought herein is based upon Stroock's normal hourly rates for services of this kind.  Stroock respectfully submits that the fee sought herein is not unusual given the magnitude and complexity of these cases and the time expended in attending to the representation of the Committee, and is commensurate with fees Stroock has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

15

<u>Whether the Fee is Fixed or Contingent</u>.  Pursuant to §§ 330 and 331 of the Bankruptcy Code, all fees sought by professionals employed under § 1103 of the Code are contingent pending final approval by this Court, and are subject to adjustment dependent upon the services rendered and the results obtained.

<u>Time Limitations Imposed by Client or Other Circumstances</u>.  As already indicated, Stroock has attended to the various issues arising in these cases. Occasionally, Stroock has had to perform those services under significant time constraints requiring attorneys assigned to these cases to work evenings and on weekends.

<u>The Amount Involved and Results Obtained</u>.  Through the efforts of Stroock, the Committee has been an active participant in these Chapter 11 cases from the very first days of its formation, and its assistance, as well as constructive criticism, has greatly contributed to the efficient administration of these cases.

<u>The Experience, Reputation and Ability of the Attorneys</u>.  Stroock has one of the largest and most sophisticated insolvency practices in the nation and has played a major role in numerous cases of national import including: <u>Acme Metals, Inc</u>., <u>Hillsborough Holdings Corporation</u>, <u>Laclede Steel Company</u>, <u>Gulf States Steel, Inc. of Alabama</u>, <u>The LTV Corporation</u>, <u>Wheeling-Pittsburgh Steel Corporation</u>, <u>Allis-Chalmers Corporation</u>, <u>The Charter Company</u>, <u>Federated Department Stores</u>, <u>G. Heileman Brewing</u>

16

Company, Inc., Burlington Motor Holdings, Inc., Metallurg, Inc.,
Forstmann & Company, Inc., Barneys, Inc., Fruehauf Trailer Corporation,
Levitz Furniture Incorporated, The Columbia Gas System, Inc., JWP, Inc.,
Flushing Hospital and Medical Center, Planet Hollywood International,
Anchor Glass Container Corporation, Beloit Corporation in the
Harnischfeger Industries Chapter 11 Cases, RSL COM U.S.A. Inc, USG
Corporation, Formica Corp. Galey & Lord, Inc. and DESA Holdings.
Stroock's experience enables it to perform the services described herein
competently and expeditiously.  In addition to its expertise in the area of
corporate reorganization, Stroock has already frequently called upon the
expertise of its partners and associates in the litigation, ERISA, tax,
environmental and intellectual property law areas to perform the wide
ranging scope of the legal work necessitated by these cases.

The "Undesirability" of the Case.  These cases are not undesirable, but as
already indicated, have required a significant commitment of time from
several of the attorneys assigned hereto.

Nature and Length of Professional Relationship.  As described above,
Stroock has been actively rendering services on behalf of the Committee
as necessary and appropriate from April 12, 2001 through to the present.

## ALLOWANCE OF COMPENSATION

37.    The professional services rendered by Stroock required a high degree of
professional competence and expertise so that the numerous issues requiring evaluation and

determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

38.     With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services rendered by [such] . . . professional person. 11 U.S.C. § 330. Section 330 further states that the court should take into consideration, inter alia, the nature, extent, and value of services performed, as well as the cost of comparable services other than in a case under this title. Id. The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

39.     The total time spent by Stroock attorneys and paraprofessionals during the Compensation Period for which Stroock seeks payment was 200.0 hours. Such services have a fair market value of $121,495.00. The work involved, and thus the time expended, was carefully assigned in light of the experience, expertise and familiarity with the issues in these cases required for a particular task.

40.     As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time. Attached hereto as Exhibit "C" are

18

summaries of the hours expended by the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services.

41.      In addition, Stroock incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $740.14 for which Stroock respectfully requests reimbursement in full.  The disbursements and expenses have been incurred in accordance with Stroock's normal practice of charging clients for expenses clearly related to and required by particular matters.  Stroock has endeavored to minimize to the fullest extent possible those expenses incurred to enable Stroock to devote time beyond normal office hours to matters that imposed extraordinary time demands.  Attached hereto as Exhibit "D" is a summary chart reflecting each category of disbursement for which Stroock seeks reimbursement.

42.      Stroock's billing rates do not include charges for photocopying, telephone and telecopy toll charges, computerized research, travel expenses, "working meals", secretarial overtime, postage and certain other office services, because the needs of each client for such services differ.  Stroock believes that it is fairest to charge each client only for the services actually used in performing services for it.  Stroock has endeavored to minimize these expenses to the fullest extent possible.

43.      Stroock charges $.10 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions.  Stroock does not charge for incoming facsimiles.

44.      No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

19

45.     Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

46.     No prior application has been made in this or in any other Court for the relief requested herein for the Compensation Period other than as set forth herein.

**[Remainder of Page Left Intentionally Blank]**

**WHEREFORE**, Stroock respectfully requests, pursuant to the Administrative Fee Order: (a) the allowance of compensation for professional services rendered to the Committee during the period from January 1, 2012 through and including March 31, 2012 in the amount of $121,495.00, for which Stroock seeks payment; (b) the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from January 1, 2012 through and including March 31, 2012 in the amount of $740.14; and (c) an order authorizing and directing the Debtors to pay to Stroock each of the amounts set forth in (a) and (b) of this WHEREFORE clause (to the extent not already paid pursuant to the Administrative Fee Order); and granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
May 18, 2012

STROOCK & STROOCK & LAVAN LLP

 /s/ Kenneth Pasquale
Lewis Kruger
Kenneth Pasquale
Members of the Firm
180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400
Co-Counsel for the Official Committee of
Unsecured Creditors of W. R. Grace & Co., et al.

21