**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | |
| | : | |
| | : | |
| **W.R. GRACE & CO.,** *et. al.*, | : | **CIVIL ACTION NO. 11-199 (Lead Case)** |
| | : | **CIVIL ACTION NO. 11-200** |
| | : | **CIVIL ACTION NO. 11-201** |
| **Debtors.** | : | **CIVIL ACTION NO. 11-202** |
| | : | **CIVIL ACTION NO. 11-203** |
| | : | **CIVIL ACTION NO. 11-207** |
| | : | **CIVIL ACTION NO. 11-208** |
| | : | **CIVIL ACTION NO. 09-644** |
| | : | **CIVIL ACTION NO. 09-807** |
| | : | |
| | : | *Procedurally Consolidated.* |
| | : | |

**Table of Contents**

I. Factual Background and Procedural History........................................................................ 3

    A. The Personal Injury Asbestos Litigation...................................................................3

    B. The State of Montana Duty to Warn Litigation.........................................................5

    C. BNSF Railway Company Litigation..........................................................................7

    D. The Property Damage Litigation................................................................................7

    E. The Canadian Class Action Litigation.......................................................................8

    F. Estate Asset and Fraudulent Conveyance Litigation with Grace Subsidiaries ......9

    G. Garlock Sealing Technologies LLC Litigation........................................................10

    H. Insurance Coverage Litigation..................................................................................10

        1. The Grace–CNA Settlement Agreement........................................................11

        2. AXA Belgium, GEICO, and Republic Excess General Liability Insurance Policies with Grace.........................................................................................13

    I. Bank Lender Pre-Petition Litigation.........................................................................14

    J. Grace's Bankruptcy Petition and The Joint Plan of Reorganization.......................14

    K. Bank Lender Post-Petition Litigation.......................................................................16

    L. The Bankruptcy Court Proceedings..........................................................................20

| | | | |
|---|---|---|---|
| II. | | Standard of Review | 21 |
| | A. | Standard of Review Regarding Approval of the Settlement Agreement | 21 |
| | B. | Standard of Review Regarding Confirmation of the Joint Plan | 22 |
| III. | | The Grace and CNA Companies' Settlement Agreement | 24 |
| | A. | Application of the Martin Factors | 26 |
| | B. | Fairness of the Settlement Agreement Related to Appellants' Purported Rights to the Disputed Insurance Policies | 30 |
| | | 1. BNSF's Objections | 30 |
| | | 2. The Libby Claimants' Objections | 33 |
| IV. | | Confirmation of the Joint Plan | 43 |
| | A. | The Good Faith Requirement | 43 |
| | B. | Asbestos Liability Trusts Under Section 524(g) | 49 |
| | | 1. The Two Trust Structure of the Joint Plan | 49 |
| | | 2. Requirements of a Proper Trust Under Section 524(g) | 52 |
| | C. | The Section 524(g) Channeling Injunction | 54 |
| | | 1. The Scope of the Channeling Injunction | 55 |
| | |    a. Extension of the Channeling Injunction to Independent Insurer Wrongdoing Claims | 55 |
| | |    b. Extension of the Channeling Injunction to BNSF | 61 |
| | |    c. AMH's Objections to the Scope of the Channeling Injunction | 64 |
| | | 2. The Fairness and Equality of the Channeling Injunction | 65 |
| | |    a. Application of the Channeling Injunction to MCC | 65 |
| | |    b. Application of the Channeling Injunction to CNA | 68 |
| | |       i. BNSF's Objections | 68 |
| | |       ii. The Libby Claimants' Objections | 71 |
| | | 3. The Effect of the Channeling Injunction on Releases from Liability Under the Joint Plan | 74 |
| | D. | Classification of Creditor Claims | 76 |
| | | 1. The Section 1122(a) Classification Requirement | 76 |
| | | 2. Circumvention of the Section 524(g) Injunction | 79 |

3.  Definitional Requirements of "Claims" and "Demands" Under the Bankruptcy Code..................................................................................81

    a.  Claims Under the Bankruptcy Code..............................................81

    b.  Demands Under the Bankruptcy Code...........................................84

E.  Feasibility of the Joint Plan........................................................................85

1.  AMH's Feasibility Claims..................................................................88

2.  Montana's Feasibility Claims.............................................................94

F.  Equality of Treatment Among Creditors....................................................96

1.  The Libby Claimants' Discrimination Claims...................................97

    a.  The TDP Criteria for Category IV-B............................................98

    b.  Pre-Bankruptcy Settlements.......................................................102

    c.  Grace's Non-Products Insurance Coverage...............................104

2.  BNSF's Discrimination Claims.......................................................107

    a.  Equal Treatment Under Section 1123(a)(4)..............................107

    b.  Administrative Costs.................................................................116

3.  Montana and the Crown's Discrimination Claims..........................118

    a.  Failure to Warn Liability...........................................................118

    b.  The Effect of Timing on Treatment of Creditor Claims............120

    c.  Equality of Payment and Treatment of Claims in Different Classes Under the Joint Plan....................................................122

4.  AMH's Discrimination Claims........................................................124

G.  The Best Interest of the Creditors Test....................................................127

1.  The Level of Specificity Required..................................................128

2.  The Consideration of Evidence Concerning Tort System Values...131

3.  Recovery from Grace's Insurers in a Hypothetical Chapter 7 Case.........134

H.  Impairment of Claims in Chapter 11 Reorganization Plans....................142

1.  The Bank Lenders' Claims..............................................................143

    a.  Entitlement to the Post-Petition Default Interest Rate..............144

    b.  Section 1124(1) and Alleged Impairment Under the Joint Plan.159

    c.  Solvency and Impairment..........................................................160

|   |   |   |   |
|---|---|---|---|
|   | 2. | AMH's Claims............................................................................................165 |   |
|   |   | a. Entitlement to Post-Petition Interest.............................................165 |   |
|   |   | b. The Effect of Impairment on Voting Rights.................................167 |   |
| I. | The Libby Claimants Right to Trial by Jury Claims.............................................168 |   |   |
|   | 1. | Rights Under the Seventh Amendment to the United States Constitution..................................................................................................169 |   |
|   | 2. | Statutory Rights Pursuant to Section 1411(a)..........................................175 |   |
| J. | The Fair and Equitable Test and The Absolute Priority Rule..............................178 |   |   |
| K. | Garlock's Objections to the Joint Plan................................................................182 |   |   |
|   | 1. | Garlock's Standing...................................................................................182 |   |
|   |   | a. Injury in Fact..................................................................................184 |   |
|   |   | b. Causation and Redressability........................................................194 |   |
|   |   | c. Statutory Standing.........................................................................195 |   |
|   | 2. | Garlock's Arguments On the Merits........................................................196 |   |
|   |   | a. "Fair and Equitable" Under the Bankruptcy Code........................197 |   |
|   |   | b. The Effect of the Joint Plan and TDP on Garlock's Alleged Pre-Petition Rights to Contribution and Set-off................................203 |   |
|   |   | c. Appointment of an Independent Representative for Garlock's Alleged Future Demands..........................................................209 |   |
| L. | The Anti-Assignment Provisions in Insurance Policies......................................214 |   |   |
| M. | Residual Bank Lenders Issues.............................................................................219 |   |   |
|   | 1. | The Best Interests of the Creditors Test and Legal Rate of Interest Objections.................................................................................................220 |   |
|   | 2. | The Absolute Priority Rule Objections....................................................221 |   |
|   | 3. | The Fair and Equitable Test and the Authority of the Unsecured Creditors Committee to Bind the Bank Lenders.......................................................223 |   |
|   | 4. | Dissolution of the Unsecured Creditors Committee................................226 |   |
| V. | Conclusion ..........................................................................................................................228 |   |   |