# EXHIBIT X

## STIPULATION AND SETTLEMENT AGREEMENT RESOLVING CLAIM OF THE UNITED STATES REGARDING THE BIG TEX SITE, SAN ANTONIO, TEXAS

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[5] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

## STIPULATION AND SETTLEMENT AGREEMENT RESOLVING CLAIM OF THE UNITED STATES REGARDING THE BIG TEX SITE, SAN ANTONIO, TEXAS

This stipulation and settlement agreement ("Stipulation") is entered into this 9th day of April, 2012, between W. R. Grace & Co. ("Grace") and its affiliates (collectively, the "Debtors") and The United States, on behalf of the United States Environmental Protection Agency (variously, the "EPA" or the "Claimant").

### INCORPORATION BY REFERENCE & CAPITALIZED TERMS

The EPA Multi-Site Agreement (as defined in the Definitions section below), attached hereto as Exhibit I, is incorporated into this Stipulation by reference. Capitalized terms not

---

[5] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

defined in this Stipulation shall have the meaning ascribed to them in the EPA Multi-Site Agreement or the Plan (as defined in the Definitions section below), as the case may be.

### DEFINITIONS

"Additional Site" shall mean for purposes of this Stipulation all sites, including, without limitation, all facilities, as that term is defined in the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, *et seq.*, other than the Liquidated Sites and Debtor-Owned Sites. An "Additional Site" shall be construed to include: (i) for those sites now or hereafter included on the National Priority List ("NPL"), all areas of a site as defined by EPA for purposes of the NPL, including any later expansion of such site as may be determined by EPA, and any affected natural resources, and (ii) for those sites not included on the NPL, all areas and natural resources affected or potentially affected by a release or threatened release of hazardous substances at or from the site.

"Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Delaware.

"Big Tex Site" shall mean the Additional Site located at the Big Tex Grain Company site, 354 Blue Star Street, San Antonio, Texas, which Grace formerly used to expand vermiculite.

"Big Tex Additional Site Claim" shall mean the claim that the Claimant notified the Debtors of on or about April 10, 2009, under the Additional Sites provision of the EPA Multi-Site Agreement in the amount of $2,248,448.47 with respect to environmental remediation response costs at the Big Tex Site.

"District Court" shall mean the United States District Court for the District of Delaware.

"EPA Multi-Site Agreement" shall mean that certain *EPA Multi-Site Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters*, dated May 14, 2008, as attached to Exhibit A to the *Order Authorizing EPA Multi-Site Agreement*

*Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters* (Docket No. 18847) (the "EPA Multi-Site Agreement Order").

"Plan" shall mean the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders, as Modified Through December 23, 2010* [Docket no. 25881], as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time. "Alternate Plan" shall mean any alternative chapter 11 plan that is confirmed and consummated in the event the Plan is not confirmed or consummated or is otherwise withdrawn.

"Settlement Order" shall mean the order entered by the Bankruptcy Court approving this Stipulation.

## STATEMENT OF FACTS

a. On April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

b. On April 22, 2002, the Bankruptcy Court issued its Bar Date Order, which established March 31, 2003, as the Bar Date for the filing of certain prepetition: (a) non asbestos; (b) asbestos property damage; and (c) medical monitoring claims.

c. On or about March 23, 2003, the Claimant filed Proofs of Claim Nos. 9634 and 9635 against the Debtor W. R. Grace & Co. and the Debtor Kootenai Development Company, each of which respectively reserve the right to amend said Proofs of Claim for any "subsequently discovered liabilities".

d.  On or about June 2, 2008, the Bankruptcy Court entered the EPA Multi-Site Agreement Order.

e.  On or about April 10, 2009, the Claimant notified the Debtors of the Big Tex Additional Site Claim.

f.  On or about September 14, 2009, the Debtors and the United States of America have agreed to settle the Big Tex Additional Site Claim on the terms and conditions set forth in the EPA Multi-Site Agreement and this Stipulation.

g.  On or about January 31, 2011, the Bankruptcy Court entered its *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010*, dated January 31, 2011 [Docket no. 26155] (the "Confirmation Order").

h.  On January 31, 2012, the District Court entered its *Order* affirming the Confirmation Order [Dist. Ct. Docket no. 166].

### SETTLEMENT IN DEBTORS' BEST INTERESTS & IN THE PUBLIC INTEREST

WHEREAS the Debtors seek, to the maximum extent permitted by law, to obtain protection, through the resolution of environmental liabilities for the Site as set forth herein, from and against all Claims that have been or may in the future be asserted for response costs.

WHEREAS settlement of the matters governed by this Stipulation is in the public interest and an appropriate means of resolving these matters;

WHEREAS in consideration of, and in exchange for, the promises and covenants herein, including, without limitation, the covenants not to sue set forth herein and, intending to be legally bound hereby, the Debtors and the Claimant hereby agree to the terms and provisions of this Stipulation; and

NOW, THEREFORE, for good and valuable consideration, the parties hereby stipulate and agree that as of the date on which the Settlement Order becomes final and non-appealable:

### THE SETTLEMENT

1. The Big Tex Additional Site Claim shall be treated as an Allowed General Unsecured Claim (as the EPA Multi-Site Agreement defines that term), which shall be Allowed in the amount of $2,200,000 (the "Settlement Amount") on the terms and conditions set forth in this Stipulation (the "Settlement"). The Big Tex Additional Site Claim shall be subject to the terms and conditions set forth in ¶¶ 15-19 of the EPA Multi-Site Agreement.

### TREATMENT AND PAYMENT OF CLAIM; INTEREST ACCRUAL

2. **Plan Treatment**. The Big Tex Additional Site Claim shall be classified as a General Unsecured Claim for classification and distribution purposes under the Plan.

3. **Interest Accrual**. Interest on the Settlement Amount shall begin to accrue on the Big Tex Additional Site Claim on January 17, 2012, and continue accruing until the date on which a distribution is made in satisfaction thereof at the rate and on the terms specified in the Plan for General Unsecured Claims.

4. **Payment**. On or before thirty (30) days after the Plan's Effective Date, the Debtors shall pay to the Claimant the Settlement Amount (plus any applicable interest) on the terms and conditions specified in the Plan. Cash distributions to the Claimant shall be made by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the U.S. Department of Justice account in accordance with current electronic funds transfer procedures. Payment shall be made in accordance with instructions provided to the Debtor by the Financial Litigation Unit of the United States Attorney's Office for the District of Delaware and shall reference the Civil Action Number Case No. 01-01139 and DOJ File Number 90-11-3-10313. The Debtors shall transmit

written confirmation of such payments to the Department of Justice and EPA at the addresses specified in Paragraph 17.

5. **Discharge**. On the Effective Date, the Big Tex Additional Site Claim shall be considered a liquidated site subject to discharge under section 1141 of the Bankruptcy Code and the Plan as contemplated by ¶ 15.A of the EPA Multi-Site Agreement.

6. **Claims Register**. Upon entry of the Settlement Order, the Debtors shall direct their claims agent, Rust Consulting, Inc., to add the Big Tex Additional Site Claim to the Debtors' claims register as a separate general unsecured claim, allowed in the amount of the Settlement Amount of $2,200,000 pursuant to the terms and conditions set forth in this Stipulation.

7. **Alternate Chapter 11 Plan of Reorganization**. In the event that the Bankruptcy Court confirms an Alternate Plan, the Big Tex Additional Site Claim shall be treated as an allowed general unsecured claim under any such Alternate Plan. Interest accrual (if any) on the Settlement Amount shall be on the terms and conditions set forth in such an Alternate Plan. The Big Tex Additional Site Claim shall be subject to discharge under section 1141 of the Bankruptcy Code and the Alternate Plan as contemplated by ¶ 15.A of the EPA Multi-Site Agreement upon the Alternate Plan's Effective Date. In the event that such an Alternate Plan contemplates non-cash distributions in satisfaction of allowed general unsecured claims, then the provisions of ¶ 17 of the EPA Multi-Site Agreement shall apply. Otherwise, distributions in satisfaction of the Big Tex Additional Site Claim shall be made within thirty days of the Alternate Plan's Effective Date on the terms and conditions set forth therein and in the EPA Multi-Site Agreement.

### PARTIES BOUND; SUCCESSION AND ASSIGNMENT

8. This Stipulation applies to, is binding upon, and shall inure to the benefit of the United States, the Debtors, the Debtors' legal successors and assigns and any trustee, examiner or receiver appointed in the Bankruptcy Cases.

### COVENANT NOT TO SUE AND RESERVATION OF RIGHTS

9. **Covenant Not to Sue**. In consideration of all of the foregoing, including, without limitation, the payments and/or distributions that will be made and the Big Tex Additional Site Claim authorized pursuant to the terms of this Stipulation, and except as specifically provided in ¶¶ 9 through 15 of this Stipulation, the Claimant covenants not to file a civil action or to take any administrative or other action against the Debtors pursuant to Sections 106 or 107 of CERCLA, 42 U.S.C. §§ 9606 or 9607, and Section 7003 of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6973, with respect to the Big Tex Site. This covenant not to sue shall take effect on the Effective Date.

10. **Applies to Successors and Assigns**. Without in any way limiting the covenant not to sue (and the reservations thereto) set forth in ¶ 9 of this Stipulation, and notwithstanding any other provision of this Stipulation, such covenant not to sue shall also apply to the Debtors' successors and assigns, officers, directors, employees, and trustees, but only to the extent that the alleged liability of the successor or assign, officer, director, employee, or trustee of any Debtor is based solely on its status as and in its capacity as a successor or assign, officer, director, employee, or trustee of any Debtor.

11. **No Effect on Third Parties**. The covenants not to sue contained in ¶¶ 9 & 10 of this Stipulation extend only to the Debtors and the persons described in ¶¶ 9 & 10 of this Stipulation, and do not extend to any other person. Nothing in this Agreement is intended as a covenant not to sue or a release from liability for any person or entity other than the Debtors or

the Claimant. The Claimant and the Debtors expressly reserve all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands and causes of action either judicial or administrative, past, present or future, in law or equity, which the United States or the Debtors may have against all other persons, firms, corporations, entities, or predecessors of the Debtors for any matter, transaction or occurrence arising at or relating in any manner to the Big Tex Site. Nothing in this Stipulation diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such other persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

12. **Limitation of Covenant**. Notwithstanding the foregoing, the covenants not to sue contained in this Stipulation shall not apply to nor affect any action based on: (i) a failure to meet a requirement of or breach of this Stipulation; (ii) liability for damages for injury to, destruction of, or loss of natural resources under Section 107 of CERCLA, 42 U.S.C. § 9607; or (iii) criminal liability. Debtors' agreement to this limitation on the covenants shall not be interpreted as a waiver of their right to contest such assertions of liability, at the Big Tex Site or other sites. Debtors reserve the right to challenge such liability and raise all defenses available to challenge such liability, including defenses available under CERCLA, the Bankruptcy Code, and the EPA Multi-Site Agreement.

13. **No Limitation on Response Action**. Nothing in this Stipulation shall be deemed to limit the authority of the United States to take response action under Section 104 of CERCLA, 42 U.S.C. § 9604, or any other applicable law or regulation, or to alter the applicable legal principles governing judicial review of any action taken by the United States pursuant to that authority. Nothing in this Stipulation shall be deemed to limit the information gathering

authority of the United States under Sections 104 and 122 of CERCLA, 42 U.S.C. §§ 9604 and 9622, or any other applicable federal law or regulation, or to excuse the Debtors from any disclosure or notification requirements imposed by CERCLA, RCRA, or any other applicable federal law or regulation.

14. **Debtors' Covenant Not to Sue**. The Debtors hereby covenant not to sue and agree not to assert or pursue any: (a) claims or causes of action against the United States with respect to the Big Tex Site, including but not limited to, any direct or indirect claim for reimbursement from the Hazardous Substances Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through Sections 106(b)(2), 111, 112, 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9611, 9612, 9613, or any other provision of law; (b) any claim against the United States, including any department, agency or instrumentality of the United States, under Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, related to the Big Tex Site; or (c) any claims arising out of response activities at the Big Tex Site. Nothing in this Stipulation shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, 40 C.F.R. § 300.700(d).

## CONTRIBUTION PROTECTION

15. **Protection From Third-Party Claims**. With regard to all existing or future third-party Claims against the Debtors with respect to the Big Tex Site, including claims for contribution, the parties hereto agree that this Settlement constitutes, upon entry of the Settlement Order (which shall so provide) a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that Debtors are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Settlement. The "matters addressed" in this Settlement are all

response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Big Tex Site, by the United States or any other person.

16. **Notification**.   Within fifteen (15) days of service, the Debtors will notify the United States of the commencement of any: (a) suit for contribution brought against any of them after the Effective Date for matters related to this Stipulation; (b) motion for summary judgment in any such suit for contribution; and (c) order from a court setting for trial any such suit for contribution (provided, however, that the failure to notify the United States pursuant to this Paragraph shall not in any way affect the protections of the Debtors and the Claimant set forth in ¶¶ 9 through 15 of this Stipulation).

### NOTICES AND SUBMISSIONS

17. The parties shall direct any written notices, reports or other documents required by this Stipulation to the individuals at the addresses specified below via U.S. certified mail, return receipt requested, unless those individuals or their successors give notice of a change of address to the other parties in writing:

As to the United States:

> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice (DJ # 90-11-3-10313)
> P.O. Box 7611
> Washington, D.C. 20044-7611
> and:
> Gloria Moran
> Assistant Regional Counsel
> Superfund Branch (6RC-S)
> U.S. EPA, Region 6
> 1445 Ross Avenue
> Dallas, TX 75202-2733

As to the Debtors:

> Karen Ethier
> Vice President
> Global Environmental Health and Safety

W. R. Grace & Co.
62 Whittemore Avenue
Cambridge, MA 02140
<u>and</u>:

W. R. Grace & Co.
7500 Grace Drive
Columbia, Maryland 21044
<u>Attention</u>: Secretary

All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Except as otherwise provided in this Stipulation, written notice as specified herein shall constitute complete satisfaction of any written notice requirement in the Stipulation with respect to the United States and the Debtors, respectively.

## LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

18. **Bankruptcy Court Approval**. This Stipulation shall be subject to the Bankruptcy Court's approval. Notwithstanding any other provision of this Stipulation, this Stipulation and the Debtors' signature hereon shall not become effective and binding until the Bankruptcy Court enters the Settlement Order. The Settlement Order shall provide, in relevant part, that the Settlement is a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that Debtors are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Settlement.

19. **Motion and Hearing**. Upon the parties' execution of this Stipulation, the Debtors shall promptly prepare and file the motion and serve it upon the necessary parties-in-interest in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and applicable orders of this Court. The hearing on Debtors' request for

such approval shall not be held until the United States informs the Bankruptcy Court (pursuant to ¶ 0 of this Stipulation) of any public comments on the Stipulation and the United States' responses to those comments.

20. **Public Notice and Comment**. This Stipulation shall be filed or otherwise lodged with the Bankruptcy Court for public notice and comment for a period not less than thirty (30) days prior to any scheduled hearing. The United States shall publish a notice of the lodging of this Stipulation in the Federal Register identifying a public comment period. After the conclusion of the public comment period, the United States will file a statement informing the Bankruptcy Court of any comments received, as well as the United States' responses to the comments. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Stipulation disclose facts or considerations that indicate that the Stipulation is not in the public interest.

21. **Conditions Under Which this Stipulation Shall Be Null and Void**. If for any reason: (i) the United States withdraws this Stipulation pursuant to ¶ 0 of this Stipulation; or (ii) the Bankruptcy Court does not approve this Stipulation; or (iii) the Bankruptcy Cases are dismissed or converted to cases under Chapter 7 of the Bankruptcy Code before the effective date of a Plan of Reorganization; then: (a) this Stipulation shall be null and void and the parties shall not be bound hereunder or under any documents executed in connection herewith; (b) the parties shall have no liability to one another arising out of or in connection with this Stipulation or under any documents executed in connection herewith; (c) this Stipulation and any documents prepared in connection herewith shall have no residual or probative effect or value, and it shall be as if they had never been executed; and (d) this Stipulation, any statements made in

connection with settlement discussions, and any documents prepared in connection herewith may not be used as evidence in any litigation between the parties.

### INTEGRATION, AMENDMENTS AND COUNTERPARTS

22. **Integration**. This Stipulation and any other documents to be executed in connection herewith shall constitute the sole and complete agreement of the parties hereto with respect to the matters addressed herein.

23. **Amendment**. This Stipulation may not be amended except by a writing signed by all parties to this Stipulation.

24. **Counterparts**. This Stipulation may be executed in counterparts each of which shall constitute an original and all of which shall constitute one and the same agreement.

### MISCELLANEOUS

25. **Full Power and Authority**. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

26. **No Admissions**. This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to the matters set forth herein.

27. **Headings**. Headings in this Stipulation are descriptive only, and shall have no legal force or effect.

28. **Retention of Jurisdiction**. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto for the duration of the performance of the terms and provisions of this Stipulation for the purpose of enabling any of the parties to apply to the Bankruptcy Court at any time for such further order, direction and relief as may be necessary or appropriate for the construction or interpretation of this Stipulation or to effectuate or enforce compliance with its terms.

**[Remainder of this page is left blank intentionally – Signature page to follow]**

**The following Parties enter into this Stipulation on behalf of:**

**The United States of America**

By _____/s/_____  
Robert E. Maher, Jr.  
Acting Deputy Chief  
Environmental Enforcement Section  
Environment and Natural Resources Division  
U.S. Department of Justice  
P.O. Box 7611  
Washington, D.C. 20044-7611  

Date: March 28, 2012

By _____/s/_____  
James D. Freeman  
Senior Attorney  
Environmental Enforcement Section  
Environment and Natural Resources Division  
U.S. Department of Justice  
999 18th Street; Suite 300 S. Terrace  
Denver, Colorado 80294  

Date: April 6, 2012

**The Environmental Protection Agency**

By _____/s/_____  
Samuel Coleman, P.E.  
Director, Superfund Division  
U. S. EPA, Region 6  
1445 Ross Avenue  
Dallas, TX 75202-2733  

Date: February 28, 2012

By _____/s/_____  
Gloria Moran  
Assistant Regional Counsel  
Superfund Branch (6RC-S)  
U.S. EPA, Region 6  
1445 Ross Avenue  
Dallas, TX 75202-2733  

Date: February 24, 2012

**The Debtors**

By _____/s/_____  
William M. Corcoran  
Vice President, Public and Regulatory Affairs  
W. R. Grace & Co.  
7500 Grace Drive  
Columbia, Maryland 21044  

Date: April 9, 2012