| Date of Service of De Minimis Sale Notice: June 14, 2012 |
|---|
| Opposition/Response Due:  June 28, 2012 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

**NOTICE OF PROPOSED SALE OF BONDERA® BUSINESS ASSETS PURSUANT TO ORDER ESTABLISHING PROCEDURES FOR THE SALE OF DE MINIMIS ASSETS**

**PLEASE TAKE NOTICE** that the Debtors propose to sell substantially all the assets (the "Assets") of their business of selling pressure-sensitive adhesive mats for the installation of tile to various surfaces under the *BONDERA®* registered trademark (the "Sale"), for $900,000 in cash, of which $350,000 is to be paid at closing with the remaining amount to be paid in six subsequent monthly installments, and the assignment of buyer's rights in certain patents and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

patent rights (the "Substance Injection Patents", the consideration to be paid of cash and intellectual property being the "Purchase Price"). This Court's *Order Establishing Procedures for the Sale or Abandonment of De Minimis Assets*, dated August 2, 2001 (the "Order") (Docket No. 833), provides procedures by which the Debtors may sell assets with a de minimis value up to $5 million, which in the Debtors' judgment, are no longer necessary to the operation of their businesses. In accordance with the Order, the Debtors provide the following information in connection with the Sale:[2]

1.  ***Description of the Assets***. The Assets, as set forth in more detail in that certain *Bondera® Asset Sale and Purchase Agreement* (the "Sale Agreement") dated June 13, 2012, between Debtor W. R. Grace & Co.-Conn. ("Seller") and Ambel Group, Inc. ("Buyer"), a copy of which is contained in Exhibit A hereto, include:

- The Inventory;

- The Bondera® Trademark;

- Customer orders for Bondera® Products that have not been filled on or before the Closing Date;

- Customer lists for the Bondera® Products;

- All books and records, files, sales and marketing materials and other documentation relating exclusively to the formulation, manufacture, application and promotion of the Bondera® Products; and

- The Bondera website (http://www.bonderatilematset.com/) and domain names (bonderamatset.com and bonderastyle.com).

2.  ***Proposed Buyer; Purchase Price; Salient Terms***. The Debtors propose to sell the Assets pursuant to the Sale Agreement. The Purchase Price shall be paid as follows: (a) on the

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Sale Agreement or the *First Amended Joint Plan of Reorganization in their Chapter 11* Cases [Docket no. 25881], as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

closing date, Buyer will pay Seller $350,000 in cash and assign to Seller its rights in the Substance Injection Patents; and (b) Buyer will pay Seller the balance of the cash portion of the Purchase Price in installments of $100,000 on each of August 1, September 1, October 1, November 1, and December 1, 2012, and $50,000 on January 1, 2013. The Sales Agreement contains, among other terms:

- Provision for Buyer and Seller to enter into the Insecticidal License Agreement (as defined in the Sales Agreement) and the option for Buyer to acquire a royalty-free intellectual property license relating to the Adhesive Patent (as defined in the Sales Agreement) and to sublicense and assign that license;

- Customary representations and warranties by both Seller and Buyer;

- Limited Seller's representations and warranties regarding assets and business;

- If the Sale is not authorized pursuant to the Order within 90 days after the date of the Sale Agreement's execution, either party may terminate the Sales Agreement upon written notice;

- Buyer is liable for, and shall indemnify Seller, for all sales, transfer and other similar taxes resulting from the Sale; and

- Seller's obligations under the Sale Agreement are predicated upon either: (a) authorization of the Sale pursuant to the Order; or (b) entry of an order by the Bankruptcy Court approving the transactions contemplated by the Sales Agreement.

3.  *Marketing Efforts*.  The Bondera® business is non-strategic and it is a poor fit with the goals of the Debtors' business plan. Nonetheless, since 2007, the Debtors have endeavored to grow the Bondera® business. Despite some initial and isolated instances of success, sales for the business subsequently declined and are now only minimal. The Debtors as a result have a substantial inventory of finished goods on hand, with only limited prospects for selling that inventory. Indeed, since late 2011, the Debtors have attempted to market the Inventory and other Assets by making it generally known to potentially interested parties that they were considering exiting this non-strategic business.

4. On April 1, 2012, Buyer manifested to Grace his interest in purchasing the Assets. Buyer's principal is an entrepreneur who is at the end of the term of a consulting agreement with the Debtors, pursuant to which he has been working in their Cambridge, MA, offices. He is also a former employee of a business that Grace acquired in 2010. As of the date hereof, the Debtors are not aware of any party other than Buyer that is interested or potentially interested in purchasing the Assets, whether on the terms set forth in the Sale Agreement or otherwise. Therefore, they have determined in their reasoned business judgment that they should not engage in a more formal marketing process, because such a process could put the proposed sale to Buyer at risk.

5. ***The Sale is in the Best Interest of the Debtors' Estates***. The Debtors have determined in the reasonable exercise of their business judgment that selling the Assets on the terms and conditions set forth in the Sale Agreement is in the best interests of the Debtors and their estates. The business is non-strategic, and would require substantial effort to revitalize. Other than Buyer, there are no other potential purchasers of the Inventory, let alone the rest of the Assets. The consideration to be paid under the Sales Agreement is significantly higher than the only other potential alternative at hand, which would be to simply abandon some or all of the Assets.

6. Based on the foregoing, which is supported by the Affidavit of D. Andrew Bonham (which is attached hereto as <u>Exhibit B</u>), the Debtors believe that the Sale is in the best interests of their estates.

**PLEASE TAKE FURTHER NOTICE** that this notice has been served on: (i) the office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv)

counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; (vii) Buyer; and (viii) Chase Corporation.

**PLEASE TAKE FURTHER NOTICE** that, as provided by the Order's procedures, any party wishing to submit an alternative bid for the Assets must serve its bid in writing upon Debtors' counsel and the Sale Notice Parties listed below *such that it is received by June 21, 2012*.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Sale must be in writing and served upon Debtors' Counsel *such that it is received by June 28, 2012*. In the event that the Debtors do not receive any written objections to the Sale on or before such date, the Debtors are authorized to proceed with the Sale without further approval of the Court.

**[remainder of this page is intentionally left blank]**

## SALE NOTICE PARTIES

### *OFFICE OF UNITED STATES TRUSTEE*

| | |
|---|---|
| United States Trustee's Office<br>Attn: David M. Klauder<br>844 King Street, Suite 2207<br>Lock Box 35<br>Wilmington, DE  19801 | FAX: (302) 573-6497 |

### *COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS*

| | |
|---|---|
| Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, New York 10038-4982<br>Attn: Arlene G. Krieger, Esq. | FAX: (212) 806-6006 |

### *COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS*

| | |
|---|---|
| Caplin & Drysdale<br>375 Park Avenue, 35th Floor<br>New York, NY  10152<br>Attn: Elihu Inselbuch | FAX: (212) 644-6755 |
| Caplin & Drysdale<br>One Thomas Circle, N.W., Suite 1100<br>Washington, District of Columbia 20005<br>Attn: Peter Van N. Lockwood | FAX: (202) 429-3301 |
| Campbell & Levine<br>800 North King Street, Suite 300<br>Wilmington, DE  19801<br>Attn: Mark T. Hurford | FAX: (302) 426-9947 |

### *COUNSEL TO THE OFFICIAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS*

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>First Union Financial Center<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, Florida 33131<br>Attn: Scott L. Baena | FAX: (305) 374-7593 |

**COUNSEL TO THE LC FACILITY AGENT AND LC ISSUERS**

Latham & Watkins  
Sears Tower, Suite 5800  
233 South Wacker Drive  
Chicago, IL 60606  
Attn:  Douglas Bacon

FAX: (312) 993-9767

**COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

Kramer Levin Naftalis & Frankel LLP  
1177 Avenue of the Americas  
New York, New York 10036  
Attn:  Philip Bentley  
      David Blabey

FAX: (212) 715-8000

**CO-COUNSEL TO THE DEBTORS**

Kirkland & Ellis LLP  
300 North LaSalle Street  
Chicago, IL 60654  
Attn:  Adam Paul

FAX: (312) 862-2200

The Law Offices of Roger Higgins, LLC  
111 East Wacker Drive  
Suite 2800  
Chicago, IL 60601  
Attn:  Roger J. Higgins

FAX: (312) 577-0737

Pachulski Stang Ziehl & Jones LLP  
919 N. Market Street, 17th Floor  
P.O. Box 8705  
Wilmington, Delaware 19899-8705  
(Courier 19801)  
Attn:  James O'Neill  
      Kathleen P. Makowski

FAX: (302) 652-4400

**[Remainder of Page Intentionally Left Blank]**

Dated: June 14, 2012

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession