# BONDERA ASSET SALE AND PURCHASE AGREEMENT

## EXHIBIT B

### Substance Injection Patents

| Case No | CC | Country Name | Status | Appln No | FilDate | Patent No | Issue Date |
|---------|----|--------------|--------|----------|---------|-----------|------------|
| L-3932-01 | AU | Australia | Granted | 2006216540 | 25-Sep-2007 | 2006216540 | 14-Jul-2011 |
| L-3932-01 | BR | Brazil | Pending | PI0607823-0 | 24-Aug-2007 | | |
| L-3932-01 | CA | Canada | Pending | 2598818 | 24-Feb-2006 | | |
| L-3932-01 | CN | China | Published | 200680014078.2 | 25-Oct-2007 | | |
| L-3932-01 | EP | European Pat | Pending | 06736098.2 | 24-Feb-2006 | | |
| L-3932-01 | HK | Hong Kong | Published | 09107150.2 | 04-Aug-2009 | | |
| L-3932-01 | IN | India | Published | 6708/DELNP/2007 | 30-Aug-2007 | | |
| L-3932-01 | JP | Japan | Granted | 557206/07 | 23-Aug-2007 | 4871886 | 25-Nov-2011 |
| L-3932-01 | JP | Japan | Pending | 1968/11 | 07-Jan-2011 | | |
| L-3932-01 | KR | Korea, Rep of | Pending | 10-2007-7021184 | 14-Sep-2007 | | |
| L-3932-01 | MX | Mexico | Granted | MX/a/2007/009964 | 16-Aug-2007 | 287859 | |
| L-3932-01 | MX | Mexico | Pending | MX/a/2010/001643 | 10-Feb-2010 | | |
| L-3932-01 | RU | Russian Fedn | Granted | 2007135350 | 24-Sep-2007 | 2370600 | 20-Oct-2009 |
| L-3932-01 | US | United States | Granted | 11/066927 | 25-Feb-2005 | 7584581 | 08-Sep-2009 |
| L-3932-01 | US | United States | Granted | 12/361437 | 28-Jan-2009 | 7836650 | 23-Nov-2010 |
| L-3932-01 | US | United States | Granted | 12/499564 | 08-Jul-2009 | 7900418 | 08-Mar-2011 |
| L-3932-01 | VN | Viet Nam | Pending | 1-2007-01749 | 30-Aug-2007 | | |
| L-3932-01 | WO | PCT | Inactive | US2006/006693 | 24-Feb-2006 | | |

| Case No | CC | Country Name | Status | Appln No | FilDate | Patent No | Issue Date |
|---------|----|--------------|--------|----------|---------|-----------|------------|
| L-3932-02 | BR | Brazil | Published | PI0621976-4 | 26-Feb-2009 | | |
| L-3932-02 | CA | Canada | Pending | 2662130 | 26-Feb-2009 | | |
| L-3932-02 | CN | China | Granted | 200680056236.0 | 28-Apr-2009 | ZL2006800562 36.0 | 14-Sep-2011 |
| L-3932-02 | EP | European Pat | Published | 06814018.5 | 24-Mar-2009 | | |
| L-3932-02 | HK | Hong Kong | Published | 10107350.7 | 02-Aug-2010 | | |
| L-3932-02 | MX | Mexico | Pending | MX/a/2009/002092 | 25-Feb-2009 | | |
| L-3932-02 | US | United States | Granted | 11/468544 | 30-Aug-2006 | 7565779 | 28-Jul-2009 |
| L-3932-02 | US | United States | Published | 12/477265 | 03-Jun-2009 | | |
| L-3932-02 | WO | PCT | Inactive | US2006/034079 | 31-Aug-2006 | | |

**BONDERA ASSET SALE AND PURCHASE AGREEMENT**

**SCHEDULE 4.04**

**<u>Buyer Intellectual Property Disclosure</u>**

None

33

## EXHIBIT B

**Affidavit of D. Andrew Bonham**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

**AFFIDAVIT OF D. ANDREW BONHAM IN SUPPORT OF NOTICE OF PROPOSED**
**SALE OF BONDERA BUSINESS ASSETS PURSUANT TO ORDER ESTABLISHING**
**PROCEDURES FOR THE SALE OF DE MINIMIS ASSETS**

D. Andrew Bonham, being duly sworn, deposes and says:

1.     I am Vice-President, W. R. Grace & Co.-Conn. ("Grace"), one of the above captioned debtors and debtors in possession ("Debtors"), and President of Grace's Construction Products business segment. [2] All facts set forth in this Affidavit are based on my personal knowledge, upon information supplied to me by employees of the Debtors and upon my opinion based upon experience and knowledge of Grace's businesses.

---

[1]     The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]     Capitalized terms not otherwise defined herein shall have the meaning as defined in the Notice.

2.      Further, I am generally familiar with the operations and ordinary course of business of Grace and the other Debtors.

3.      I have reviewed the *Notice of Proposed Sale of Bondera Business Assets Pursuant to Order Establishing Procedures for the Sale of De Minimis Assets* (the "Notice") and attest that all facts and conclusions set forth therein are true and accurate. In furtherance and support of the facts set forth therein, I note the following.

4.      ***Marketing Efforts.***  The Bondera® business is non-strategic and it is a poor fit with the goals of the Debtors' business plan.  Nonetheless, since 2007, the Debtors have endeavored to grow the Bondera® business.  Despite some initial and isolated instances of success, sales for the business subsequently declined and are now only minimal.  The Debtors as a result have a substantial inventory of finished goods on hand, with only limited prospects for selling that inventory.  Indeed, since late 2011, the Debtors have attempted to market the Inventory and other Assets by making it generally known to potentially interested parties that they were considering exiting this non-strategic business.

5.      On April 1, 2012, Buyer manifested to Grace his interest in purchasing the Assets. Buyer's principal is an entrepreneur who is at the end of the term of a consulting agreement with the Debtors, pursuant to which he has been working in their Cambridge, MA, offices.  He is also a former employee of a business that Grace acquired in 2010.  As of the date hereof, the Debtors are not aware of any party other than Buyer that is interested or potentially interested in purchasing the Assets, whether on the terms set forth in the Sale Agreement or otherwise. Therefore, they have determined in their reasoned business judgment that they should not engage in a more formal marketing process, because such a process could put the proposed sale to Buyer at risk.

2

6.      *The Sale is in the Best Interest of the Debtors' Estates*. The Debtors have determined in the reasonable exercise of their business judgment that selling the Assets on the terms and conditions set forth in the Sale Agreement is in the best interests of the Debtors and their estates.  The business is non-strategic, and would require substantial effort to revitalize. Other than Buyer, there are no other potential purchasers of the Inventory, let alone the rest of the Assets.  The consideration to be paid under the Sales Agreement is significantly higher than the only other potential alternative at hand, which would be to simply abandon some or all of the Assets.

7.      For the foregoing reasons, as more fully described in the Notice, I have concluded in my reasonable business judgment, and the Debtors have determined in their reasoned business judgment, that the sale price reflected in the Sales Agreement will provide fair value to the Debtors for the Property.

**[execution page to follow]**

3

I declare under penalty of perjury that the forgoing is true and correct.

June _14_, 2012

D. Andrew Bonham

Vice President, W. R. Grace & Co.-Conn., & President, Grace Construction Products
business segment

Sworn and Subscribed
Before me on this _14th_
of June 2012

Notary Public
My commission expires:

DIANE Z. BOROWY
Notary Public, State of Maryland
County of Howard
My Commission Expires September 18, 2012

4