## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Date: August 10, 2012 @ 4:00 p.m.** |
| | ) | **Hearing Date: August 27, 2012 @ 9:00 a.m.** |
| | ) | Related Docket Nos.: 6261, 6275 & 6715 |
| | | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE FLINTKOTE COMPANY AND | ) | Case No. 04-11300 (JKF) |
| FLINTKOTE MINES, LIMITED, | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Objection Date: August 10, 2012 @ 4:00 p.m.** |
| | ) | **Hearing Date: August 27, 2012 @ 9:00 a.m.** |
| | ) | Related Docket Nos.: 201, 219, 337 & 957 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| PITTSBURGH CORNING | ) | Case No. 00-22876 (JKF) |
| CORPORATION, | ) | |
| Debtor. | ) | |
| ------------------------------------------------- | ) | |
| PITTSBURGH CORNING | ) | Doc. No. ____ |
| CORPORATION, | ) | |
| Movant, | ) | **Objection Date:  August 23, 2012** |
| v. | ) | **Hearing Date:  September 10, 2012, 1:00** |
| NO RESPONDENT(s). | ) | Related Doc. Nos. 3527, 3530, 3667 & 4347 |
| | | |
| In re: | ) | Chapter 11 |
| NORTH AMERICAN REFRACTORIES | ) | Jointly Admin. Case No. 02-20198 (JKF) |
| CO., INC., et al., | ) | |
| Debtor. | ) | |
| ------------------------------------------------- | ) | |
| NORTH AMERICAN REFRACTORIES | ) | Doc. No. ____ |
| CO., INC, et al., | ) | |
| Movant, | ) | **Objection Date:  August 23, 2012** |
| v. | ) | **Hearing Date:  September 10, 2012, 2:00** |
| NO RESPONDENT(s). | ) | Related Doc. Nos. 2368, 2375, 2515, & 3251 |

**MOTION OF THE OFFICIAL COMMITTEES OF ASBESTOS PERSONAL INJURY CLAIMANTS TO MODIFY THE COURT'S ORDERS REQUIRING FILING OF STATEMENTS PURSUANT TO FED. R. BANKR. P. 2019**

The Official Committees of Asbestos Personal Injury Claimants in the above-captioned cases (the "**Asbestos Claimants Committees**" or "**ACCs**"), by and through their undersigned counsel, hereby submit this Motion (the "**Motion**") to amend the orders this Court entered in the above-captioned cases regarding the filing of statements pursuant to Federal Rule of Bankruptcy Procedure 2019 (collectively, the "**Rule 2019 Orders**"),[1] on the basis of an intervening change in the law. In support of the Motion, the ACCs respectfully represent as follows:

---

[1] These Rule 2019 Orders are: Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re Pittsburgh Corning Corp.*, Case No. 00-22876 (JFK) (Bankr. W.D. Pa. Aug. 26, 2004) [Dkt. No. 3527]; Amendatory Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re Pittsburgh Corning Corp.*, Case No. 00-22876 (JFK) (Bankr. W.D. Pa. Aug. 27, 2004) [Dkt. No. 3530]; Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re Pittsburgh Corning Corp.*, Case No. 00-22876 (JKF) (Bankr. W.D. Pa. Oct. 22, 2004) [Dkt. No. 3667]; Supplement to Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re Pittsburgh Corning Corp.*, Case No. 00-22876 (JKF) (Bankr. W.D. Pa. June 17, 2005) [Dkt. No. 4347]; Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re The Flintkote Co.*, Case No. 04-11300 (JFK) (Bankr. D. Del. Aug. 26, 2004) [Dkt. No. 201]; Amendatory Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re The Flintkote Co.*, Case No. 04-11300 (JFK) (Bankr. D. Del. Aug. 30, 2004) [Dkt. No. 219]; Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re The Flinkote Co.*, Case No. 04-11300 (JKF) (Bankr. D. Del. Oct. 22, 2004) [Dkt. No. 337]; Supplement to Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re Flinkote Co.*, Case No. 04-11300 (JKF) (Bankr. D. Del. July 15, 2005) [Dkt. No. 957]; Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re W.R. Grace & Co.*, Case No. 01-1139 (JFK) (Bankr. D. Del. Aug. 26, 2004) [Dkt. No. 6261]; Amendatory Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re W.R. Grace & Co.*, Case No. 01-1139 (JFK) (Bankr. D. Del. Aug. 30, 2004) [Dkt. No. 6275]; Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re W.R. Grace & Co.*, Case No. 01-1139 (JKF) (Bankr. D. Del. Oct. 25, 2004) [Dkt. No. 6715]; Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re N. Am. Refractories Co.*, Case No. 02-20198 (JFK) (Bankr. W.D. Pa. Aug. 26, 2004) [Dkt. No. 2368]; Amendatory Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re N. Am. Refractories Co.*, Case No. 02-20198 (JFK) (Bankr. W.D. Pa. Aug. 27, 2004) [Dkt. No. 2375]; Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re N. Am. Refractories Co.*, Case No. 02-20198 (JKF) (Bankr. W.D. Pa. Oct. 22, 2004) [Dkt. No. 2515]; Supplement to Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re N. Am. Refractories Co.*, Case No. 02-20198 (JKF) (Bankr. W.D. Pa. June 17, 2005) [Dkt. No. 3251]; Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re Global Indus. Techs., Inc.*, Case No. 02-21626 (JFK) (Bankr. W.D. Pa. Aug. 26, 2004) [Dkt. No. 3383]; Amendatory Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re Global Indus. Techs., Inc.*, Case No. 02-21626 (JFK) (Bankr. W.D. Pa. Aug. 27, 2004) [Dkt. No. 3386]; Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re Global Indus. Techs., Inc.*, Case No. 02-21626 (JKF) (Bankr. W.D. Pa. Oct. 22, 2004) [Dkt. No. 3591]; Supplement to Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re Global Indus. Techs., Inc.*, Case No. 02-21626 (JKF) (Bankr. W.D. Pa. June 17, 2005) [Dkt. No. 4543].

## JURISDICTION

1.     This Court has jurisdiction over these matters under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the adjudicatory authority of this Court.  *See* 28 U.S.C. § 157(b)(2).

## RELIEF REQUESTED AND STATUTORY BASIS

2.     The Asbestos Claimants Committees respectfully request that this Court amend the Rule 2019 Orders to reflect the amended language of Federal Rule of Bankruptcy Procedure 2019, effective December 1, 2011, pursuant to Federal Rule of Civil Procedure 54(b) as made applicable to these cases by Bankruptcy Rules 7054 and 9014.

## BACKGROUND

3.     Bankruptcy Rule 2019 is the bankruptcy rule that governs disclosures regarding creditors and equity security holders in Chapter 11 cases.  As this Court has noted, "[T]he purpose for filing the 2019 statements is essentially to make sure that the Court understands that the parties who – that the attorneys who purport to represent particular parties actually do represent those parties and therefore have the right to participate in the significant events in the case."  Hr'g Tr. at 40:9-14, *In re Pittsburgh Corning Corp.*, No. 00-22876 (Bankr. W.D. Pa. Jan. 13, 2010).

4.     As set forth below, the modifications to Bankruptcy Rule 2019 have limited the circumstances under which it applies, and the proposed order sought by the ACCs would amend the Rule 2019 Orders to conform them to the revised language of the Rule.  As shown below, precedent makes clear the appropriateness of such revisions.

5.     The proposed amended Rule 2019 order is also virtually identical to the similar amended Rule 2019 order entered by Judge Hodges in the *Garlock* bankruptcy case, *In re Garlock Sealing Techs., LLC*, No. 10-31607 (Bankr. W.D.N.C).  The *Garlock* amended 2019

order is particularly pertinent, because the original order in *Garlock* that implemented Rule 2019 was itself based upon this Court's Rule 2019 Orders.

## ARGUMENT

### I. This Court Has the Discretion to Modify the Rule 2019 Order

#### A. Bankruptcy Rule 2019 Has Changed Since This Court Issued Its Rule 2019 Orders

6.      Bankruptcy Rule 2019 was recently amended, effective December 1, 2011. Among other things, the amendment limits the filing requirement for an "entity" that "represents[] multiple creditors" by defining "represent" as "*to take a position before the Court*." Rule 2019(a)(2) (emphasis added). This significantly narrows the applicability of Bankruptcy Rule 2019:

> The advisory committee also added a definition of 'represent' or 'represents' in subdivision (a)(2) that limits the application of the rule to groups, committees, and entities taking a position before the court or soliciting votes on a plan. *This revision excludes from the rule those whose involvement in a case is merely passive*. The revision addresses concerns expressed during the public comment period that the rule's disclosure requirements should not be triggered when, for example, a law firm represents more than one client with respect to a chapter 11 case but does not appear in court to seek or oppose relief on behalf of more than one of those clients.

Communication from the Chief Justice, Amendments to the Federal Rules of Bankruptcy Procedure, 2011 US ORDER 0018 (C.O. 0018) (U.S. Apr. 26, 2011) (emphasis added).

Accordingly, for example, it is now clear that merely filing an entry of appearance on behalf of more than one client does not trigger Rule 2019 as amended.

#### B. The Revisions to Bankruptcy Rule 2019 Apply to Pending Cases Insofar as Just and Practicable, and Therefore Apply Here

7.      The Supreme Court's enabling order as to, *inter alia*, revised Bankruptcy Rule 2019, states that "the foregoing amendments * * * shall take effect on December 1, 2011, and

shall govern in all proceedings in bankruptcy cases thereafter commenced and, *insofar as just and practicable, all proceedings then pending.*"  *Id.* ¶ 2 (emphasis added).

8.      The Third Circuit has held, when addressing a similar promulgation order, that it will apply the amended rule to cases then pending where "no injustice" would be worked as a result.  *See Paluch v. Sec'y Pa. Dep't. Corr.*, 442 F. App'x 690 (3d Cir. 2011) (applying amended Federal Rule of Civil Procedure 59(e) to a pending case, under virtually identical promulgation language).

9.      Other courts have ruled similarly.  *See, e.g.*, *In re Pintlar Corp.*, 133 F.3d 1141, 1144 (9th Cir. 1998) (applying new Bankruptcy Rule 7004(f) to a pending case where it would not be unjust to apply it, under identical promulgation language); *Barber v. Whirlpool Corp.*, 34 F.3d 1268, 1274 (4th Cir. 1994) (applying an amended appellate procedural rule to a preexisting appeal on the basis of its finding that "[n]o injustice would be worked by applying the new Rule 4(a)(4) to the case at bar").  *See also Friel v. Cessna Aircraft Co.*, 751 F.2d 1037, 1039 (9th Cir. 1985) (holding that "when a statute is addressed to remedies or procedures and does not otherwise alter substantive rights, it will be applied to pending cases").

10.      Here, Bankruptcy Rule 2019 is clearly procedural and does not change any party's substantive rights.  Moreover, it would neither be impracticable to apply the revised rule to pending cases nor unjust to do so.

## C.      This Court Has the Discretion to Modify an Order When There Has Been an Intervening Change in the Law

11.      Under Bankruptcy Rules 7054 and 9014, Federal Rule of Civil Procedure 54(b) applies here.  Rule 54(b) provides, in pertinent part, that, absent an express final judgment,

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment* adjudicating all the claims and all the parties' rights and liabilities.

(Emphasis added).

12.    The Rule 2019 Orders were interlocutory orders, as they did not resolve all claims against all parties, and the cases are still continuing. *Id.* Indeed, those orders have already been modified by this Court several times, as shown in footnote 1, *infra*.

13.    Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment, because "a district court retains broad power over its interlocutory orders before a final judgment is entered. It may modify, vacate, or set them aside at any time before the final decree." *Braden v. Univ. of Pittsburgh*, 552 F.2d 948, 954 (3d Cir. 1977). *See also In re Anthanassious*, 418 F. App'x 91, 95 (3d Cir. 2011) (same). The same is true of this Court, which is an adjunct of the district court.

14.    A court will "reconsider issues that [it] previously resolved if any of the following 'extraordinary circumstances' are present: '(1) there has been an intervening change in the law; (2) new evidence has become available; or (3) reconsideration is necessary to prevent clear error or a manifest injustice.'" *ACLU v. Mukasey*, 534 F.3d 181, 188 (3d Cir. 2008) (quoting *Council of Alternative Political Parties v. Hooks,* 179 F.3d 64, 69 (3d Cir. 1999) (citing *In re City of Phila. Litig.,* 158 F.3d 711, 718 (3d Cir.1998)). Ultimately, the decision whether to reconsider an interlocutory order is a matter within the discretion of the Court. *In re Anthanassious*, 418 F. App'x at 95.

15.    Here, as shown below, Bankruptcy Rule 2019 has changed. This intervening change in the controlling law justifies this Court's amendment of its prior Rule 2019 Orders, which were premised on the then-existing version of Bankruptcy Rule 2019.

## II.    The Rule 2019 Orders Should be Modified

16.    Under the Court's Rule 2019 Orders, a law firm representing "more than one creditor" and that "enters an appearance, files a claim, casts a ballot or takes any other

affirmative action to participate in the Debtors' bankruptcy case in any way" must file a Rule 2019 Statement and must update prior 2019 Statements.  That order based upon old Bankruptcy Rule 2019 is now inconsistent with amended Bankruptcy Rule 2019, and indeed violates the primary reason for the changes in the Rule discussed in Part I of this Motion.  None of the activities described in the order would now trigger the application of Bankruptcy Rule 2019.

17.     Many law firms currently subject to the obligation to update their Rule 2019 Statements pursuant to this Court's Rule 2019 Orders are thus no longer subject to the Rule itself.  Moreover, firms that have not yet had to provide a Rule 2019 Statement likewise should be entitled to rely on the language of, and policy behind, the revisions to Rule 2019, as is consistent with the interpretation and enforcement of other procedural rules, as set forth above. *Cf. In re Great W. Cities, Inc. of N.M.*, 107 B.R. 116, 120 n.16 (N.D. Tex. 1989) (refusing to apply Rule 2019 by analogy in chapter 7 case and holding that "the statutory language mandates that the Rule does not apply in such a proceeding.  This court declines to alter the express terms of the Rule.").

18.     The rationale for the Rule 2019 Orders has now been superseded by changes to Rule 2019 itself.  This Court should therefore amend those orders, as it undoubtedly has the power to do.  *See, e.g.*, *Hailey v. City of Camden*, 631 F. Supp. 2d 528, 539 (D.N.J. 2009) ("[T]he Court has inherent power to modify or vacate its own interlocutory orders.").

19.     Nothing in the revisions to the Rule detracts from the important confidentiality concerns that earlier resulted in the protection of Rule 2019 Exhibits.  Accordingly, the proposed Order, as did the prior Rule 2019 Orders, provides for Rule 2019 Exhibits to be submitted to the Clerk and not filed on the docket, as has also been affirmed by prior reviewing courts.  *See In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005); *In re Pittsburgh Corning Corp.*, No. 04-1814, 2005 WL 6128987 (W.D. Pa. Sept. 27, 2005), *aff'd*, 260 F. App'x 463 (3d Cir. 2008).

20.     This Motion seeks identical relief in the above-captioned cases to that recently granted by Judge Hodges, bankruptcy judge for the Western District of North Carolina, in the *Garlock* bankruptcy case.  There, the court ordered that the Rule 2019 order it had previously entered, which it had patterned after this Court's Rule 2019 Orders,[2] be amended and restated in accordance with the revised Bankruptcy Rule 2019.  The amended Rule 2019 Order presently in place in that case is virtually identical to the proposed Order here.  *See* Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, *In re Garlock Sealing Techs.*, *LLC*, No. 10-31607 (Bankr. W.D.N.C. Mar. 16, 2012) [Dkt. No. 2037] (attached as Ex. 1).

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion, and amend its prior Rule 2019 Orders by entering the attached proposed Order in the above-captioned cases.

(Signature on Following Page)

---

[2] Indeed, Judge Hodges expressly recognized as much, noting preliminarily that "my inclination would be to enter an order similar to what Judge Fitzgerald has done," Hr'g Tr. 41:16-17, *In re Garlock Sealing Techs. LLC*, No. 10-31607 (Bankr. W.D.N.C. Aug. 26, 2010), and later stating that "Well, I think . . . that I ought to go with the form as Judge Fitzgerald had done it and as the committee has recommended.  So that will be my ruling if you all can – if you have language that does that from her order, I suppose. . . ." Hr'g Tr. 19:14-20, *In re Garlock Sealing Techs. LLC*, No. 10-31607 (Bankr. W.D.N.C. Oct. 14, 2010).

Dated: July 20, 2012

Respectfully submitted,

**CAMPBELL & LEVINE, LLC**

**CAPLIN & DRYSDALE, CHARTERED**

*/s/ Mark T. Hurford*
Marla R. Esking (Bar No. 2899)
Mark T. Hurford (Bar No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone:  (302) 426-1900
Facsimile:  (302) 426-9947
meskin@camlev.com
mhurford@camlev.com

Peter Van N. Lockwood
Trevor W. Swett
Kevin C. Maclay
One Thomas Circle, NW
Suite 1100
Washington, DC  20005
Telephone:  (202) 862-5000
Facsimile:  (202) 429-3301
E-mail: pvnl@capdale.com;
tws@capdale.com; kcm@capdale.com

Philip E. Milch
PA I.D. No. 53519
David B. Salzman
PA I.D. No. 39360
1700 Grant Building
Pittsburgh, PA  15219
Telephone:  (412) 261-0310
Facsimile:  (412) 261-5066
dbs@camlev.com
pem@camlev.com

Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY  10152-3500
Telephone:  (212) 319-7125
Facsimile:  (212) 644-6755
E-mail: ei@capdale.com

*Counsel for the Official Committees of
Asbestos Claimants*