# Exhibit A

Folger Building # 1
211 Main Street
San Francisco, CA 94105
CLAIM # 11009

# W.R. GRACE & CO.
# ASBESTOS PROPERTY DAMAGE
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO:

**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**PO Box 1620**
**Faribault, MN 55021-1620**

For a complete list of the Debtors in this case, please see "The Debtors" section of the *General Instructions for Completing Proof of Claim Forms.* The Debtors in this case are collectively referred to in this document as "Grace".

If you have a current claim against Grace for property damage allegedly resulting from asbestos from a Grace product *(other than Zonolite Attic Insulation)*, THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM MUST BE <u>RECEIVED</u> ON OR BEFORE 4:00 P.M. EASTERN TIME ON MARCH 31, 2003, or you will be forever barred from asserting or receiving payment for your claim.

## PART 1: CLAIMING PARTY INFORMATION

**NAME:**

`211 MAIN STREET BUILDING`

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**          **F.E.I.N. (Business Claimants)**

*(last four digits of SSN)*

**Other names by which claiming party has been known (such as maiden name or married name):**

*First*                                        *MI*    *Last*

*First*                                        *MI*    *Last*

**GENDER:** ☐ MALE    ☐ FEMALE

**Mailing Address:**

*Street Address*

*City*                                                           *State*        *Zip Code*
                                                                 *(Province)*   *(Postal Code)*

*Country*

## PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

`SPEIGHTS & RUNYAN`

**Name of Attorney:**

`AMANDA`          `G` `STEINMEYER`
*First*                    *MI* *Last*

**Mailing Address:**

`P O BOX 685 - 200 JACKSON AVENUE EAST`
*Street Address*

`HAMPTON`                              `SC`   `29924`
*City*                                *State*   *Zip Code*
                                      *(Province)* *(Postal Code)*

**Telephone:**

`(803) 943-4444`
*Area Code*

9276101                                        SERIAL #

## PART 3: PROPERTY INFORMATION

### A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

211 MAIN STREET
*Street Address*

SAN FRANCISCO          CA     94105
*City*                        *State*   *Zip Code*
                         *(Province)*  *(Postal Code)*

UNITED STATES
*Country*

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

☐ Yes    ☒ No

3. Do you currently own the property listed in Question 1, above?

☒ Yes    ☐ No

4. When did you purchase the property?    ☐☐ – ☐☐ – 1971
                                        *Month*  *Day*  *Year*

5. What is the property used for (check all that apply)?
   ☐ Owner occupied residence
   ☐ Residential rental
   ☒ Commercial
   ☐ Industrial    Specify: _____
   ☐ Other         Specify: _____

6. How many floors does the property have?    018

7. What is the approximate square footage of the property?    443000

8. When was the property built?
   ☐ Before 1969
   ☒ 1969 - 1973
   ☐ After 1973

9. What is the structural support of the property?
   ☐ Wood frame
   ☐ Structural concrete
   ☐ Brick
   ☒ Steel beam/girder
   ☐ Other    Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

    ☒ Yes    ☐ No

9276102                          SERIAL #⌐

238276-1 - 2/3

**A.   Real Property For Which A Claim Is Being Asserted (continued)**

If yes, please specify the dates and description of such renovations.

| Year | | | | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |

| Year | | | | Description | |

| Year | | | | Description | |

11.  To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes        ☐ No

If yes, please specify the dates and descriptions of such renovations.

| Year | | | | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |

| Year | | | | Description | |

| Year | | | | Description | |

**B.   Claim Category**

12.  For which category are you making a claim on the property?

☒ Category 1:   Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:   Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

- If you checked Category 1 in question 12, complete section C.
- If you checked Category 2 in question 12, complete section D.

**C.   Category 1 Claim:  Allegation With Respect To Asbestos From A Grace Product In The Property**

13.  For what alleged asbestos-containing product(s) are you making a claim?

☒ Monokote-3 fireproofing insulation

☐ Other      Specify:

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14.  When did you or someone on your behalf install the asbestos containing product(s) in the property?

| Year | | | | ☒ I did not install the product(s) |

15.  If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| 1971 | ☐ Don't know. |
| Year | |

9276103                              SERIAL #

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☒ Yes      ☐ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

```
NOT APPLICABLE
```

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

```
2003
```
*Year*

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

```
SEE ATTACHED
```

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

```
2003
```
*Year*

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

```
SEE ATTACHED
```

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes      ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

```
SEE ATTACHED
```

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☒ Yes      ☐ No

9276104                              SERIAL #⌋

238276-1 - 3/3

25. If you responded Yes to question 22. or 24. and have not supplied documents, please specify the dates and descriptions of any such efforts.

| Year | Description | VARIOUS YEARS, NUMEROUS PROJECTS |
| --- | --- | --- |
| Year | Description | |
| Year | Description | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes    ☐ No    If Yes, Attach All Documents Related To Any Testing Of The Property.

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

SEE ATTACHED

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes    ☐ No   NOT APPLICABLE

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| Year | Company/Individual | VARIOUS YEARS, NUMEROUS SAMPLES |
| --- | --- | --- |
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes    ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| Year | Description | AFFECTED BY NUMEROUS CUSTODIAL AND MAINTENANCE ACTIVITIES AND RENOVATIONS. |
| --- | --- | --- |
| Year | Description | |
| Year | Description | |

9276105

SERIAL #

## PART 4:  ASBESTOS LITIGATION AND CLAIMS

### A.  INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No
   ☒ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No
   ☒ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

### B.  LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption  ANDERSON MEMORIAL HOSPITAL, ON BEHALF OF ITSELF & OTHERS SIMILARLY SITUATED V. W.R. GRACE & COMPANY ET AL

   b. Court where suit **originally filed**: HAMPTON SC          Docket No.: 92CP25279
   *County/State*

   c. Date filed: 12 - 23 - 1992
   *Month    Day    Year*

   a. Caption

   b. Court where suit **originally filed**:                    Docket No.:
   *County/State*

   c. Date filed: ☐☐ - ☐☐ - ☐☐☐☐
   *Month    Day    Year*

   a. Caption

   b. Court where suit **originally filed**:                    Docket No.:
   *County/State*

   c. Date filed: ☐☐ - ☐☐ - ☐☐☐☐
   *Month    Day    Year*

   (Attach additional pages if necessary.)

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim: [                                    ]

   b. Date submitted: [  ] - [  ] - [    ]   ■
      *Month  Day   Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other  [                                    ]
              *Name of Entity*

---

   a. Description of claim: [                                    ]

   b. Date submitted: [  ] - [  ] - [    ]
      *Month  Day   Year*                            ■

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other  [                                    ]
              *Name of Entity*

---

   a. Description of claim: [                                    ]

   b. Date submitted: [  ] - [  ] - [    ]
      *Month  Day   Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other  [                                    ]
              *Name of Entity*

## PART 5:  SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION:  To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

SIGNATURE OF CLAIMANT  AMANDA G. STEINMEYER     [0 3] - [3 0] - [2 0 0 3]
                                                *Month  Day   Year*

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both.
18 U.S.C. §§ 152 & 3571.

9276110

Copyright ® 2002 NCS Pearson, Inc.  All rights reserved.

SERIAL #⌋

**Response to Question 19:**  Through this bankruptcy process.

**Response to Question 21:**  Refer to Question 19 Response.

**Response to Question 23:** Taken literally, Question 22 seeks all documents relating to not only the removal, enclosure and encapsulation, but operations and maintenance documents which attempt to contain contamination from Grace's product.  There is insufficient time to locate all such documents that might be called for in Question 22.  To the extent that such documents have not been destroyed in the ordinary course of business, they may exist in the files or dead storage of many persons involved with such projects.  Before undertaking an effort of this magnitude, Claimant would like to work with Grace to understand exactly what it is that Grace is seeking and whether Claimant can easily accommodate that request.

**Response to Question 27:** As Claimant understands Question 26, Grace seeks all documents of every kind and description not only related to the testing or sampling for the presence of asbestos, including samples taken during any abatement projects, as well as all samples related to any other particulates, including, by way of example only, all silicates, lead dust and other metal dust, beta glucans, etc.  Such documents, to the extent they exist, may not only be in the possession of Claimant, but a number of third party contractors and/or consultants as well.  Before undertaking the search for all of these documents, Claimant wishes to discuss this matter with Grace and obtain a clarification.

**Response to Question 19:** Through this bankruptcy process.

**Response to Question 21:** Refer to Question 19 Response.

**Response to Question 23:** Taken literally, Question 22 seeks all documents relating to not only the removal, enclosure and encapsulation, but operations and maintenance documents which attempt to contain contamination from Grace's product. There is insufficient time to locate all such documents that might be called for in Question 22. To the extent that such documents have not been destroyed in the ordinary course of business, they may exist in the files or dead storage of many persons involved with such projects. Before undertaking an effort of this magnitude, Claimant would like to work with Grace to understand exactly what it is that Grace is seeking and whether Claimant can easily accommodate that request.

**Response to Question 27:** As Claimant understands Question 26, Grace seeks all documents of every kind and description not only related to the testing or sampling for the presence of asbestos, including samples taken during any abatement projects, as well as all samples related to any other particulates, including, by way of example only, all silicates, lead dust and other metal dust, beta glucans, etc. Such documents, to the extent they exist, may not only be in the possession of Claimant, but a number of third party contractors and/or consultants as well. Before undertaking the search for all of these documents, Claimant wishes to discuss this matter with Grace and obtain a clarification.

| Job # | Location | A/E | Contractor | Bags | Bid | Quote | Sub-mits | Start | Compl | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|
| | SF | *GERNET | | 120,000 | 9/72 | | | 6/4 | | OK 10/17/72 |
| | SF | Wm. Brauss | A-J | 2003 | 9/72 | | | 73 | 3/72 | Joot BISMO ALLEY |
| S. Kohler | | Jim Hickey | | 2200 | 6/71 | | | 4/72 | | 100.0 Mfr |
| | SF | Neuhaus Taylor Chrisman | H. Beck | 36,000 | | | | 74 | | Inside On 3/72 ? Job VERY SLOW 6/72 MAY JOT GO 6/72 |
| | SF | C. Bistofier | | 32,000 | | | | 73 | | Just stat 73 ? None told us about 3/72 |
| End Size 231' Block | NOL | Porsman | H. Beer F. Smith Co. | 60,000 | 9/72 | | | 6/73 | 9/72 | No order 6/72 |
| Local Bldg | SF | Carol Barry | W + B | 30,000 | 8/71 | | YES | 4/72 | | 2500 PER WEEK |
| Cras Bldg | SF | B. Roller | SF Lath | 48,000 | 1/72 | | | 5/73 | | 1200 - 4/72 - Start |
| Talm Bldg | SF Airport | Esherick | | 2,000 | 4/73 | | | 9/73 | | N W. Ds  4/72 |
| Custom Dry Bldg | SF | Hertzka + Knowles | | 25,000 | 6/73 | | | 9/73 | | |
| P.T.T. T.D.S. | Pacifica | G. Poehm | Meisenholle | Small | 4/71 | | | 6/72 | 7/72 | |
| P.G.+E. | SF | S + W | Meisenholle | 22,000 | 4/71 | | | 6/73 | | |
| Embarcadero West | SF | Hertzka + Knowles | | 2000 | 9/73 | | | 9/73 | | |

2-mk

1/73

| # | Job | Location | A/E | Contractor | Bags | Bid | Quote | Sub-mitls | Start | Compl | Remarks |
|---|-----|----------|-----|------------|------|-----|-------|-----------|-------|-------|---------|
| 0 | | | | | | | | | | | |
| 15 | Ragsdale Bldg. Phase II | S.F. | Buffalo-Seiler-Cossey | | 2000 | 2/73 | | | | | |
| 16 | Home S.L. | San Mateo | Long Bond | | Sample | 1/73 | | | | | |
| 17 | Tower Bldg #2 | S.F. | Corwin Booth | | 25000 | 9/73 | | | | | |
| 18 | Old Mint | S.F. | White Schneider | | V.S. | | | | | | |
| 19 | Stockton St. Appts. | S.F. | Arthur Gensler | | 8000 ? | 2/74 | | | | | |
| 20 | Serramonte H.S. | Daly City | Corwin Booth | | 1000 | 9/73 | | | | | |
| 21 | Marin Gen Hosp, Med Records Addn Seal Rooms | San Rafael | Architecture Products inc | | | | | | | | |
| 22 | Continental Bldg | S.F. | S.O.M. | S. & W. F. Smith | 20,000 | 1/73 | | | 9/73 | | ? |

Index of Air Quality Surveys
211 Main Street
************************************************************

| Date of Report | Location of Samples | Index Number |
|---|---|---|
| 06/20/79 | Floor(s): Mezzanine, 7,8,9 | 1 |
| 04/01/83 | Floor(s): Mezzanine (Sprinkler Construction) | 2 |
| 09/12/84 | Floor(s): All (Bulk Sample) | 3 |
| 12/06/84 | Floor(s): 17 (Roof Leak) | 4 |
| 02/11/85 | Floor(s): All (Bulk Sample - Requested by GSA) | 5 |
| 12/17/85 | Floor(s): 11,15 | 6 |
| 12/20/85 | Floor(s): 11 | 7 |
| 10/17/86 | Cooling Tower | 8 |
| 07/20/87 | Quarterly Air Monitoring (Random Sampling) | 9 |
| 12/23/87 | Quarterly Air Monitoring (Random Sampling) | 10 |
| 04/05/88 | Quarterly Air Monitoring (Random Sampling) | 11 |
| 04/15/88 | Floor(s): 12,13 (Follow up Air Monitoring) | 12 |
| 08/05/88 | Floor(s): 15 (V.A. Complaint) | 13 |
| 08/19/88 | Floor(s): 15 (V.A. Complaint) | 14 |
| 08/26/88 | "    "    "    "    " | |
| 10/05/88 | "    "    "    "    " | |
| 08/30/88 | Quarterly Air Monitoring (Random Sampling) | 15 |
| 09/19/88 | Floor(s): 2,12,13,14 (Construction Air Samples) | 16 |
| 09/23/88 | Floor(s): 16 (Firedoors East Side Double Doors) | 17 |
| 09/28/88 | Floor(s): 2,11,14,15,16, Mezzanine (Const.Samples) | 18 |
| 09/29/88 | "    "    "    "    "    "    " | |
| 10/04/88 | Floor(s): 1,2 (Fire Doors) | 19 |
| 10/14/88 | Floor(s): 2,10,17 (Follow Up Sample) | 21 |
| 10/22/88 | Floor(s): 5 (Construction Air Samples) | 20 |
| 11/22/88 | Floor(s): 17 (Construction Air Samples) | 22 |
| 12/09/88 | Quarterly Air Monitoring (Random Sampling) | 23 |
| 02/04/89 | Floor(s): 15 (Construction Air Samples) | 24 |
| 03/07/87 | Quarterly Air Monitoring (Random Sampling) | 25 |
| 04/08/89 | Floor(s): 15 (Construction Air Samples) | 26 |
| 04/08/89 | Floor(s): 8 (Construction Air Samples) | 27 |
| 04/09/89 | "    "    "    "    "    " | |
| 04/10/89 | "    "    "    "    "    " | |
| 04/11/89 | Floor(s): Mezzanine and Varo Storage Area | 28 |
| 04/25/89 | Floor(s): 15 (Construction Air Samples) | 29 |
| 05/05/89 | Floor(s): Low-Rise Elevator Shaft & Machine Room | 30 |
| 06/13/89 | "    "    "    "    "    "    " | |
| 05/30/89 | Quarterly Air Monitoring (Random Sampling) | 31 |

Index of Air Quality Surveys
211 Main Street
*********************************************************************

| Date of Report | Location of Samples | Index Number |
|---|---|---|
| 06/10/89 | Floor(s): Suite 918 | 1 |
| 06/28/89 | Quarterly Air Monitoring (Random Sampling) | 2 |
| 07/05/89 | Floor(s): 9,13,17 Drinking Fountain Relocation | 3 |
| 07/15/89 | Floor(s): 9 (Construction Air Samples) | 4 |
| 07/19/89 | Floor(s): 15 Tenant Request | 5 |
| 07/22/89 | Floor(s): 15 (Construction Air Samples) | 6 |
| 07/31/89 | " " " " " " | |
| 08/18/89 | Floor(s): 1 Varo Supply Area | 7 |
| 08/19/89 | " " " " " | |
| 08/22/89 | Quarterly Air Monitoring (Random Sampling) | 8 |
| 09/09/89 | ACM-Related O & M Work in Fan and Phone Rooms | 9 |
| 09/10/89 | " " " " " " " | |
| 09/16/89 | " " " " " " " | |
| 09/17/89 | " " " " " " " | |
| 09/26/89 | Floor(s): 8 | 10 |
| 10/14/89 | Floor(s): Mezzanine (ACM-Related O & M Work ) | 11 |
| 10/15/89 | " " " " " " " | |
| 10/18/89 | Post Earthquake Air Monitoring | 12 |
| 11/10/89 | " " " " " | |
| 10/19/89 | Floor(s): 6 thru 17, 5, lobby - 4 | 13 |
| 10/21/89 | Floor(s): 4 | 14 |
| 10/21/89 | Floor(s): Mezzanine, 5 | 15 |
| 10/22/89 | Floor(s): 5 | 16 |
| 10/23/89 | Floor(s): 5 | 17 |
| 10/25/89 | Floor(s): 5 | 18 |
| 11/15/89 | Quarterly Air Monitoring (Random Sampling) | 19 |
| 11/27/89 | Floor(s): 17 (Rain Seepage) | 20 |
| 12/16/89 | Floor(s): 4 (Exhaust Fan Replacement) | 21 |
| 12/29/89 | Floor(s): 2 (Unscheduled Work in Return Air Plenum) | 22 |
| 12/30/89 | " " " " " " " " " | |
| 01/13/90 | Floor(s): 15 Fan Room (Construction Samples) | 23 |
| 01/14/90 | " " " " " " " | |
| 02/26/90 | Quarterly Air Monitoring (Random Sampling) | 24 |
| 03/06/90 | Floor(s): 6 (Construction Samples) | 25 |
| 04/20/90 | Floor(s): 3 (Construction Samples) | 26 |
| 05/30/90 | Quarterly Air Monitoring (Ranscm Sampling) | 27 |
| 07/21/90 | Floor(s): Random (Construction Samples) | 28 |
| 09/22/90 | " " " " " " " " | |
| 08/07/90 | Floor(s): 10 (Job #211-513) | 29 |
| 08/09/90 | Quarterly Air Monitoring (Random Sampling) | 30 |
| 10/06/90 | Floor(s): Random(Damper Motor Removal & Replacement) | 31 |
| 10/27/90 | " " " " " " " " | |

# REPORTS, NOTICES AND TRANSMITTALS
## 211 MAIN STREET
### AIR QUALITY
### BOOK NO. 3

| Date of Report | Location of Samples | Index Number |
|---|---|---|
| 11/14/90 | Quarterly Air Monitory (Random Sampling) | 1 |
| 12/08/90 | Floor (s): 11th Floor Mail Room and Room 807 | 2 |
| 12/10/90 to 01/05/91 | Report on Indoor Air Quality Surveys Performed in Jack Maddan's Office, Suite 1705 | 3 |
| 01/12/91 | Floor(s): 2nd and 7th and personnel samples | 4 |
| 02/02/91 | Floor(s): Suite 1705 | 5 |
| 02/28/91 and 03/07/91 | Floor(s): Suite 1060 | 6 |
| 03/02/91 and 03/03/91 | Floor(s): Suite 501   Report on Air and Bulk Sampling | 7 |
| 03/05/91 | Report on Quarterly Air Monitoring (Random Sampling) | 8 |
| 03/16/93 | Floor(s): 3rd Floor Women's Room | 9 |
| 4/19/91 and 4/25/91 | Floor(s): Suite 1702/1718  Above Ceiling Remodel Work | 10 |
| 05/21/91 | Floor(s): 13th and 14th Floors | 11 |
| 06/25/91 and 06/28/91 | Report on Quarterly Air Monitoring (Random Sampling) | 12 |
| 08/16/91 and 08/17/93 | Floor(s): 9th Floor   During and After Above Ceiling Work | 13 |
| 09/03/91 | Report on Quarterly Air Monitoring (Random Sampling) | 14 |
| 11/08/91 | Floor(s): 15th Floor | 15 |
| 11/08/91 | Floor(s): 8th Floor | 16 |
| 11/15/91 | Report on Quarterly Air Monitoring (Random Sampling) | 17 |
| 02/05/92 | Report on Quarterly Air Monitoring (Random Sampling) | 18 |
| 02/28/92 and 02/29/92 | Floor(s): 3rd Floor, Suite 310, 312 | 19 |

1

| Date of Report | Location of Samples | Index Number |
|---|---|---|
| 03/27/91 | Floor(s):    15th Floor | 20 |
| 03/27/92 | Floor(s):    17th Floor      Replacement of Stained Ceiling Tiles | 21 |
| 05/12/92 | Floor(s):    6th Floor Administrative Law Judges | 22 |
| 06/19/92 | Report on Quarterly Air Monitoring (Random Sampling) | 23 |
| 07/08/92 | Report on Quarterly Air Monitoring (Random Sampling) | 24 |
| 11/20/92 | Floor(s):    Suite 1108 | 25 |
| 11/24/92 | Report on Quarterly Air Monitoring (Random Sampling) | 26 |
| 02/22/93 | Report on Quarterly Air Monitoring (Random Sampling) | 27 |
| 06/21/93 | Report on Quarterly Air Monitoring (Random Sampling) | 28 |
| 09/14/93 | Report on Quarterly Air Monitoring (Random Sampling) | 29 |
| 12/16/93 | Report on Quarterly Air Monitoring (Random Sampling) | 30 |
| 03/11/94 | Report on Quarterly Air Monitoring (Random Sampling) | 31 |

# REPORTS, NOTICES AND TRANSMITTALS
## 211 and 221 MAIN STREET - AIR QUALITY
### BOOK NO. 4
#### November 20, 1997

| DATE OF REPORT | LOCATION OF SAMPLES | INDEX NUMBER |
|---|---|---|
| 6/17/94 | Report on Quarterly Air Monitoring (Random Sampling) | 1 |
| 9/8/94 | Report on Quarterly Air Monitoring (Random Sampling) | 2 |
| 11/1/94 | Asbestos Monitoring Survey Following Removal of Ceiling Panel Hallway of Ste. 341 | 3 |
| 11/11/94 | Asbestos Wipe Test. Hallway of Suite 341 | 4 |
| 12/15/94 | Report on Quarterly Air Monitoring (Random Sampling) | 5 |
| 3/24/95 | Report on Quarterly Air Monitoring (Random Sampling) | 6 |
| 6/28/95 | Report on Quarterly Air Monitoring (Random Sampling) Even Numbered Floors | 7 |
| 10/11/95 | Third Quarter Asbestos odd numbered floors air monitoring | 8 |
| 1/4/96 | Analytical Report - Room 220 | 9 |
| 1/10/96 | Asbestos Monitoring Survey - Suite 220 | 10 |
| 4/16/96 | Asbestos Monitory Surveillance Report and Air Monitoring "Spot Removal" | 11 |
| 4/9/96 | First Quarter Asbestos odd numbered floors air monitoring | 12 |
| 4/15/96 | Asbestos Monitoring Survey - Suite 220 | 13 |
| 7/2/96 | Second Quarter Asbestos even numbered floors air monitoring | 14 |
| 8/22-23/97 | Report on Consultation & Airborne Asbestos Monitoring - Marin Day Schools | 15 |
| 8/22-23/97 | Report on Consultation & Airborne Asbestos Monitoring - Clean-A-Rama | 16 |
| 5/30/89 Revised 10/14/97 | Report on Building Inspection & Bulk Sampling for Asbestos Containing Building Materials | 17 |
| | | |

E:\Office\AirQualityReportsBook4.wpd

Page 1 of 1



# REPORTS, NOTICES AND TRANSMITTALS
## 211 MAIN STREET - AIR QUALITY

### March 19, 2003

| DATE OF REPORT | LOCATION OF SAMPLES | INDEX NUMBER |
|---|---|---|
| | | |
| 1/6/98 | Report on Air Sampling for Culturable Fungi at Swinorton & Walberg 2nd Floor Construction Offices | 2 |
| 1/7/98 | Report on Hazardous Materials Abatement DRAFT | 3 |
| 2/12/98 | Report on Asbestos monitoring Conducted in the Penthouse | 4 |
| 2/13 & 17, 1998 | Report on Asbestos Monitoring During 12th & 13th Floor Freight Lobby Wall Demo | 5 |
| 5/24/98 | Report on Hazardous Materials Abatement | 6 |
| 9/2/98 | Asbestos Operations & Maintenance Plan | 7 |
| 9/17/98 | Report on Asbestos Monitoring During Removal & Replacement of Spandrel Glass | 8 |
| 5/12 & 21, 1999 | Report on Indoor Air Quality Survey Performed in the 12th Floor Offices DRAFT | 9 |
| 7/28/99 | Report on Airborne Fiber & Asbestos Monitoring During Removal & Replacement of Howard Street 2nd Floor Spandrel Glass | 10 |
| | | |

F:\Asbestos\AirQualityReportsBook4.wpd

