**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re docket no.** 29310, 29444 |
| | ) | **Hearing Agenda item no.** 3, 8/27/12 |

**MODIFIED ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GRANT THORNTON LLP AS TAX AND ACCOUNTING ADVISORS**

Upon consideration of the *Application of the Debtors for the Entry of an Order Authorizing the Employment and Retention of Grant Thornton LLP as Tax and Accounting Advisor* (the "Application") requesting retention Grant Thornton LLP ("Grant") nunc pro tunc to July 1, 2012, pursuant to sections 327 and 330 of the Bankruptcy Code, Fed.R.Bankr.P. 2014(a) and 2016 and Del. Bankr. L. R. 2014-1 and 2016-1; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Application and the relief requested therein being a core proceeding

1 The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having reviewed the Application and the affidavit of Mark A. Margulies in support of the Application (the "Margulies Affidavit"); the Court being satisfied based on the representations made in the Application and Margulies Affidavit that (a) Grant does not hold or represent an interest adverse to the Debtors' estates, and (b) Grant "disinterested person" as defined in Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a) and Del. Bankr. L. R. 2014-1; and it appearing that notice of this Application and opportunity for a hearing on this Application was appropriate under the particular circumstances and that no other or further notice need be given; and it appearing that the relief requested [as modified herein] in the Application is in the best interests of the Debtors, their estates and creditors, it is hereby ORDERED that:[2]

1. The Application is granted ~~in its entirety~~. [However, the administrative fee order controls and all expenses must be billed as actual expenses.]

2. The Debtors are authorized to employ and retain Grant nunc pro tunc to July 1, 2012, as their tax and accounting advisor in accordance with the terms and conditions set forth in the Application and in the engagement letter between Grant and the Debtors in the form attached as Exhibit 1 to the Margulies Affidavit (the "Engagement Letter"). * [* to the extent it does not conflict with the administrative fee order]

3. Grant is authorized to render professional services to the Debtors as described in the Application and the Engagement Letter * that may include, but shall not be limited to, the following services:

   a. certain proposed sales and purchases of businesses in the U.S. and non-U.S. jurisdictions, including effectuating tax due diligence and providing other services in support of possible transactions;

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Application, the Margulies Affidavit or the *First Amended Joint Plan of Reorganization* in these chapter 11 cases, as amended, Docket nos. 19579, 20666, 20872, 20873, 21594, 24657 & 25881 (the "Plan")..

  b.  preparation of research tax credit calculations, Section 199, accounting method changes, and other similar computations for the US taxpaying entities;

  c.  providing support in the Debtors ongoing IRS examinations;

  d.  due diligence transactions; and

  e.  such other tax and advisory consulting services that the Debtors may request.

4. Grant shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code. the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

5. The Debtors and Grant are authorized to take all actions that may be necessary to undertake the employment of Grant as tax and accounting advisor to the Debtors.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the employment of Grant as tax and accounting advisor to the Debtors.

7. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 6004(h) or otherwise.

Dated: _August 14_, 2012

               _Judith K. Fitzgerald_
               Honorable Judith K. Fitzgerald
               United States Bankruptcy Judge