IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Re: Docket No. 29311 and 29445 |
| ) | Hearing Date: August 27, 2012 |
| ) | Agenda Item #: 4 |

**ORDER AUTHORIZING DEBTORS' ENTRY INTO AN ADMINISTRATIVE SETTLEMENT AGREEMENT AND ORDER ON CONSENT FOR REMOVAL ACTION FOR THE WEEDSPORT, NEW YORK SITE**

Upon consideration of the *Motion for an Order Authorizing the Debtors to Enter into an Administrative Settlement Agreement and Order on Consent for a Removal Action at the Weedsport, New York Site* (the "Motion) it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1. The Motion is granted in its entirety.

2. The Debtors are authorized to enter into the *Administrative Settlement Agreement and Order on Consent for a Removal Action* for the Weedsport, New York Site (the "AOC") in the form attached hereto as Exhibit I.

3. The AOC is a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that Debtors are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in the AOC.

4. The Debtors are authorized to take all actions that may be necessary to implement the AOC, including but not limited to making all payments specified in the AOC.

5. The EPA shall have an allowed unsecured claim for Past Response Costs in the amount of $234,038.84 through December 31, 2011, which Past Response Costs shall be paid within thirty (30) days after the Plan's Effective Date.

6. Interest on the Weedsport Past Response Costs shall commence accruing thirty (30) days after the AOC's Effective Date at the rate established by 26 U.S.C. § 9507.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Motion, the AOC, the EPA Multi-Site Agreement or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases,* Docket no. 25881, as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

7. The Debtors are authorized to pay EPA's Future Response Costs within thirty (30) days of receipt of each such billing or thirty (30) days of the Plan's Effective Date, whichever is later.

8. Interest on Future Response Costs shall accrue at the rate established by 26 U.S.C. § 9507, beginning on the thirty-first (31st) day after the later of the date of receipt of the applicable bill or the Plan's Effective Date, and shall continue to accrue until the date of payment.

9. Upon the issuance of the Notice of Completion of Work and the Debtors' payment of all Response Costs and other amounts pursuant to the AOC, any claims for or related to the Work (other than the Weedsport Allowed Past Response Costs Claim and the EPA's Future Response Costs) shall be considered general unsecured claims liquidated at $0, and shall be subject to applicable discharges under the Plan and section 1141 of the Bankruptcy Code.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order, the AOC and the Weedsport Site Additional Claim.

12. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 6004, Fed. R. Bankr. P. 9014 or otherwise.

Dated: August 15, 2012

*Judith K. Fitzgerald*

Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

4