### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 9/6/2012; 4:00 p.m. ET |
| | § | Hearing Date: 12/17/2012; 9:00 a.m. ET |

**FIFTEENTH QUARTERLY APPLICATION OF JUDGE ALEXANDER M. SANDERS, JR., THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES FOR THE 45th QUARTERLY <u>PERIOD FROM APRIL 1, 2012 THROUGH JUNE 30, 2012</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Judge Alexander M . Sanders, Jr., pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Appointment Order (as defined below), the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order") and Del. Bankr. LR 2016-2, and hereby applies for an order allowing him (i) compensation in the amount of $21,465.00 for the reasonable and necessary services he has rendered as the Legal Representative for Future Asbestos-Related Property Damage Claimants

-1-

and Holders of Demands, and (ii) reimbursement of actual and necessary expenses that he has incurred in the amount of $3,417.91, for a total of $24,882.91, or one hundred percent (100%) of all compensation and expense reimbursement requested for the period April 1, 2012 through June 30, 2012 (the "Quarterly Fee Application"), and in support of this Quarterly Fee Application, would respectfully show as follows:

## I.

## SUMMARY

| | |
|---|---|
| Name of Applicant: | Alexander M. Sanders, Jr., |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | October 20, 2008, *nunc pro tunc* to September 22, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | April 1, 2012 through June 30, 2012 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $21,465.00 |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $3,417.91 |

This is a(n):   ☐Monthly   ☒Quarterly   ☐Interim   ☐Final Application

## PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |

---

[1] At 80% of the total incurred.

| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
|---|---|---|---|---|---|
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Paid | Paid |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | Paid | Paid |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | Paid | Paid |
| 11/4/2009 | 10-1-2009 to 10-31-2009 | $11,664.00 | $1,336.21 | Paid | Paid |
| 12/7/2009 | 11-1-2009 to 11-30-2009 | $5,292.00 | $0 | Paid | Paid |
| 1/7/2010 | 12-1-2009 to 12-31-2009 | $1,440.00 | $37.00 | Paid | Paid |
| 2/9/2010 | 1-1-2010 to 1-31-2010 | $18,972.00 | $2,992.32 | Paid | Paid |
| 3/12/2010 | 2-1-2010 to 2-28-2010 | $360.00 | $30.00 | Paid | Paid |
| 4/20/2010 | 3-1-2010 to 3-31-2010 | $2,016.00 | $0 | Paid | Paid |
| 5/5/2010 | 4-1-2010 to 4-30-2010 | $1,332.00 | $72.00 | Paid | Paid |
| 6/3/2010 | 5-1-2010 to 5-31-2010 | $2,484.00 | $0 | Paid | Paid |
| 9/17/2010 | 6-1-2010 to 6-30-2010 | $3,348.00 | $30.00 | Paid | Paid |
| 10/26/2919 | 7-1-2010 to 9-30-2010 | $360.00 | $30.00 | Paid | Paid |
| 12/1/2010 | 10-1-2010 to 11-30-2010 | $972.00 | $30.00 | Paid | Paid |
| 1/6/2011 | 12-1-2010 to 12-31-2010 | $4,248.00 | $58.00 | Paid | Paid |
| 2/3/2011 | 1-1-2011 to 1-31-2011 | $5,184.00 | $0 | Paid | Paid |
| 3/15/2011 | 2-1-2011 to 2-28-2011 | $5,832.00 | $1,348.39 | Paid | Paid |
| 4/5/2011 | 3-1-2011 to 3-31-2011 | $3,348.00 | $235.00 | Paid | Paid |

| 5/10/2011 | 4-1-2011 to 4-30-2011 | 1,188.00 | $0 | Paid | Paid |
|---|---|---|---|---|---|
| 6/8/2011 | 5-1-2011 to 5-31-2011 | $11,052.00 | $0 | Paid | Paid |
| 7/6/2011 | 6-1-2011 to 6-30-2011 | $5,724.00 | $872.11 | Paid | Paid |
| 8/1/2011 | 7-1-2011 to 7-31-2011 | $3,456.00 | $0 | Paid | Paid |
| 9/13/2011 | 8-1-2011 to 8-31-2011 | $648.00 | $0 | Paid | Paid |
| 10/13/2011 | 9-1-2011 to 9-30-2011 | $1,476.00 | $0 | Paid | Paid |
| 11/15/2011 | 10-1-2011 to 10-31-2011 | $1,980.00 | $0 | Paid | Paid |
| 2/3/2012 | 12-1-2012 to 12-31-2012 | $240.00 | $30.00 | Paid | Paid |
| 2/3/2012 | 1-1-2012 to 1-31-2012 | $3,096.00 | $0 | Paid | Paid |
| 3/9/2012 | 2-1-2012 to 2-29-2012 | $4,212.00 | $30.00 | Paid | Paid |
| 5/9/2012 | 4-1-2012 to 4-30-2012 | $4,716.00 | $1,051.60 | Paid | Paid |
| 6/13/2012 | 5-1-2012 to 5-31-2012 | $5,184.00 | $1,186.97 | Paid | Paid |
| 7/2/2012 | 6-1-2012 to 6-30-2012 | $7,272.00 | $1,179.34 | Paid | Paid |

Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period. Judge Sanders has practiced law for over 40 years, and the billing rate for the time period of this application was $450 per hour. In this Quarterly Application period Judge Sanders billed 59.4 hours,[2] for a total amount billed of $21,465.00, of which 80% ($17,172.00) has been paid. In expenses, $3,417.91 has been billed and paid. **The amount not yet approved on an interim basis or paid is $4,293.00 in fees.**

---

[2] Actual Non-Productive travel time is included in this figure, but is billed at 50% of the actual time incurred.

The time for preparation of this Fifteenth Quarterly Application is approximately 1 hour, for which $700.00 will be requested in a future application of my counsel.

COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Confirmation<br>Travel | 36.0<br>23.4 | $16,200.00<br>$5,265.00 |
| TOTAL | 59.4 | $21,465.00 |

EXPENSE SUMMARY

| Description | Expense |
|---|---|
| Travel | $3,417.91 |
| TOTAL | $3,417.91 |

**II.**

**APPLICATION**

1.      On April 2, 2001 , (the "Petition Date") each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Chapter 11 Cases").  On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only.  Since the Petition Date, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the United States Bankruptcy Code.

2.      On May 3, 2001, the Court entered an Interim Compensation Order, as amended by the Amended Interim Compensation Order, establishing procedures for monthly compensation and reimbursement of expenses of professionals (each such application, a

-5-

"Monthly Fee Application"), and whereby any notice party listed in the Amended Interim

Compensation Order may object to such Monthly Fee Application.  If no notice party objects to

professional's Monthly Fee Application within twenty (20) days after the date of service of the

Monthly Fee Application, the applicable professional may submit to the Court a certification of

no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of

the fees requested and one hundred percent (100%) of the expenses requested, subject to the

filing and approval of the interim and final fee applications of the professional.

   3.  Furthermore, and also pursuant to the Amended Interim Compensation

Order, within forty-five (45) days of the end of each quarter, professionals are required to file

and serve, upon the notice parties, a quarterly request (a "Quarterly Fee Application") for interim

Court approval and allowance of the Monthly Fee Applications filed during the quarter covered

by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee

Application, the Debtors are authorized and directed to pay the professional 100% of the fees and

expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application,

less any amounts previously paid in connection with the Monthly Fee Applications.  Any

payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is

subject to final approval of all fees and expenses at a hearing on the professional's final fee

application.

   4.  By an October 20, 2008 order of this Court, later made *nunc pro tunc* as of

September 22, 2008, the PD FCR was appointed by the Court (the "Appointment Order").  The

Appointment Order authorizes the Debtors to compensate Judge Sanders at his hourly rate

charged for services of this type and to be reimbursed for actual and necessary out-of-pocket

expenses that he incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.      This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is Judge Sanders' Fifteenth Quarterly Fee Application for compensation for services rendered in connection with the Chapter 11 Cases and covers the fee period of April 1, 2012 through June 30, 2012 (the "Fee Period").

6.      Judge Sanders has filed with the Court the following Monthly Fee Applications for interim compensation during the Fee Period:

(a)      "Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services and Reimbursement of Expenses as the Legal Representative for Future Asbestos-Related Property Damage Claimants And Holders of Demands for the Thirty-Fourth Monthly Interim Period from April 1, 2012 Through June 30, 2012," seeking $4,716.00 (80% of $5,895.00) in fees and expenses in the amount of $1,051.60;

(b)      "Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services and Reimbursement of Expenses as the Legal Representative for Future Asbestos-Related Property Damage Claimants And Holders of Demands for the Thirty-Fifth Interim Period from May 1, 2012 Through May 31, 2012," seeking $5,184.00 (80% of $6,480.00) in fees and expenses in the amount of $1,186.97; and

(c)      "Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services and Reimbursement of Expenses as the Legal Representative for Future Asbestos-Related Property Damage Claimants And Holders of Demands for the Thirty-Sixth Interim Period from June 1, 2012 Through June 30, 2012," seeking $7,272.00 (80% of $9,090.00) in fees and expenses in the amount of $1,179.34.

7.      The monthly fee applications covered by this Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by Judge Sanders

during the Fee Period, as well as other detailed information required to be included in fee applications. The Thirty-Fourth, Thirty-Fifth and Thirty-Sixth monthly fee applications are attached hereto as Exhibits "1," "2" and "3."

8.      The period for objecting to the fee and expense reimbursements relating to the Thirty-Fourth, Thirty-Fifth and Thirty-Sixth monthly fee application has each passed without any objections being filed, whereupon Judge Sanders filed a Certificates of No Objection with the Court, and Judge Sanders has been paid interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

9.      Judge Sanders has previously filed 14 Quarterly Fee Applications, all of which have been approved by the Court.

10.      By this Fifteenth Quarterly Fee Application, Judge Sanders requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Judge Sanders from April 1, 2012 through June 30, 2012 and order the payment of that amount, less any amounts previously paid to Judge Sanders pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Monthly Fee Applications that already have been filed with the Court.

11.      Judge Sanders reserves his right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee applications.

12.     At all relevant times, Judge Sanders has been a disinterested person as that term is defined in Section 101(14) of the United States Bankruptcy Code, as modified by section 1107(b) of the United States Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

13.     All services for which compensation is requested by Judge Sanders were performed as the PD FCR and not on behalf of any committee, creditor, or other person.

14.     Judge Sanders believes that this Quarterly Fee Application complies with the requirements of Del. Bankr. LR 2016-2 and the Amended Interim Compensation Order.

15.     During the Interim Period, Judge Sanders has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases, other than the interim compensation payments pursuant to the Amended Interim Compensation Order.  There is no agreement or understanding between Judge Sanders and any other person for the sharing of compensation to be received for services rendered in these cases, other than normal intra-firm distributions at his law firm.

16.     The professional services and related expenses for which Judge Sanders requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of Judge Sanders' professional responsibilities as PD FCR in the Chapter 11 Cases.  Judge Sanders' services have been necessary and beneficial to future property damage claimants as well as the Debtors and their estates, creditors, and other parties in interest.

17.     Pursuant to Fed R. Bankr. P. 2016(b), other than normal intra-firm distributions at his law firm, Judge Sanders has not shared, nor has agreed to share: (a) any compensation it has

-9-

received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Judge Alexander M. Sanders, Jr. respectfully requests that the Court enter an order, providing that (a) for the period from January 1, 2012 through March 31, 2012, an administrative allowance be made to Judge Sanders in the sum of $21,465.00 as compensation for reasonable and necessary professional services rendered as the PD FCR, and in the sum of $3,417.91 for reimbursement of actual and necessary costs and expenses incurred, for a total of $24,882.91; (b) that the Debtors be authorized and directed to pay to Judge Sanders the outstanding amount of such sums, less any sums previously paid to Judge Sanders pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order and (c) Judge Sanders receive all further relief to which he is justly entitled.

Respectfully Submitted,

_____

Alan B. Rich, Esq.
Texas Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## DECLARATION

Alan B. Rich, declares as follows:

I am the counsel hired by the PD FCR with the approval of the Court, and am familiar with the services that the PD FCR rendered.  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  I believe that this Application substantially complies with Local Bankruptcy Rules for the District of Delaware.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 17, 2012.

_____

## **CERTIFICATE OF SERVICE**

I certify that on the 17th day of August, 2012, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 5/29/12; 4:00 p.m., ET |
| | § | Hearing Date: TBD (if needed) |

**SUMMARY OF APPLICATION OF ALEXANDER M. SANDERS, JR. FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF
EXPENSES AS THE LEGAL REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS FOR THE THIRTY-FOURTH MONTHLY INTERIM
<u>PERIOD FROM APRIL 1, 2012 THROUGH APRIL 30, 2012</u>**

Name of Applicant:                                    Hon. Alexander M. Sanders, Jr.

Authorized to Provide Services To:          Future Asbestos-Related Property Damage
                                                              Claimants and Holders of Demands

Date of Retention:                                    September 22, 2008 (*nunc pro tunc*)

Period for Which Compensation
and Reimbursement is Sought:               April 1, 2012 through April 30, 2012

Amount of Fees Sought as Actual
Reasonable and Necessary:                     $4,716.00  [80% of $5,895.00]

Amount of Expenses Sought as
Actual, Reasonable and Necessary:          $1,051.60

This is a(n):   ☒Monthly        ☐Interim        ☐Final Application

PRIOR APPLICATIONS

| Date  Filed | Period  Covered | Requested  Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Paid | Paid |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | Paid | Paid |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | Paid | Paid |
| 11/4/2009 | 10-1-2009 to 10-31-2009 | $11,664.00 | $1,336.21 | Paid | Paid |
| 12/7/2009 | 11-1-2009 to 11-30-2009 | $5,292.00 | $0 | Paid | Paid |
| 1/7/2010 | 12-1-2009 to 12-31-2009 | $1,440.00 | $37.00 | Paid | Paid |
| 2/9/2010 | 1-1-2010 to 1-31-2010 | $18,972.00 | $2,992.32 | Paid | Paid |
| 3/12/2010 | 2-1-2010 to 2-28-2010 | $360.00 | $30.00 | Paid | Paid |
| 4/20/2010 | 3-1-2010 to 3-31-2010 | $2,016.00 | $0 | Paid | Paid |
| 5/5/2010 | 4-1-2010 to 4-30-2010 | $1,332.00 | $72.00 | Paid | Paid |
| 6/3/2010 | 5-1-2010 to 5-31-2010 | $2,484.00 | $0 | Paid | Paid |
| 9/17/2010 | 6-1-2010 to 6-30-2010 | $3,348.00 | $30.00 | Paid | Paid |
| 10/26/2010 | 7-1-2010 to 9-30-2010 | $390.00 | $30.00 | Paid | Paid |
| 12/1/2010 | 10-1-2010 to 11-30-2010 | $972.00 | $0 | Paid | Paid |

[1] At 80% of the total incurred.

-2-

| 1/6/2011 | 12-1-2010 to 12-31-2010 | $4,248.00 | $58.00 | Paid | Paid |
|---|---|---|---|---|---|
| 2/3/2011 | 1-1-2011 to 1-31-2011 | $5,184.00 | $0 | Paid | Paid |
| 3/15/2011 | 2-1-2011 to 2-28-2011 | $5,832.00 | $1,348.39 | Paid | Paid |
| 4/5/2011 | 3-1-2-11 to 3-31-2011 | $3,348.00 | $235.00 | Paid | Paid |
| 5/10/2011 | 4-1-2011 to 4-30-2011 | $1,188.00 | $0 | Paid | Paid |
| 6/8/2011 | 5-1-2011 to 5-31-2011 | $11,052.00 | $0 | Paid | Paid |
| 7/5/2011 | 6-1-2011 to 6-30-2011 | $5,724.00 | $872.11 | Paid | Paid |
| 8/1/2011 | 7-1-2011 to 7-31-2011 | $3,456.00 | $0 | Paid | Paid |
| 9/13/2011 | 8-1-2011 to 8-31-2011 | $648.00 | $0 | Paid | Paid |
| 10/13/2011 | 9-1-2011 to 9-30-2011 | $1,476.00 | $0 | Paid | Paid |
| 11/15/2011 | 10-1-2011 to 10-31-2011 | $1,980.00 | $0 | Paid | Paid |
| 2/3/2012 | 12-1-2012 to 12-31-2012 | $240.00 | $30.00 | Paid | Paid |
| 2/3/2012 | 1-1-2012 to 1-31-2012 | $3,096.00 | $0 | Paid | Paid |
| 3/9/2012 | 2-1-2012 to 2-29-2012 | $4,212.00 | $30.00 | Paid | Paid |

Alexander M. Sanders, Jr. is the only attorney providing services in this Fee Application period. Judge Sanders has practiced law for over 45 years, and his billing rate is $450 per hour. In this Application period Judge Sanders billed 13.1 hours,[2] for a total amount billed of $5,895.00, of which 80% is currently sought, in the amount of $4,716.00. Reimbursement of 100% of expenses incurred, $1,051.60 is also sought. This Application seeks a total of $5,767.60.

---

[2] Non-Productive travel time, if any, is included in this figure, but at 50% of the actual time.

-3-

As stated above, this is the Thirty-Fourth application for monthly fees and expenses.  The time for preparation of this Application is approximately .7 hours, for which $455.00 will be requested in a future application of my counsel.

<u>COMPENSATION BY PROJECT CATEGORY</u>

| Project Category | Hours | Amount |
|---|---|---|
| Confirmation | 13.1 | $5,895.00 |
| TOTAL | 13.1 hours | $5,895.00 |

<u>EXPENSE SUMMARY</u>

| Description | Expense |
|---|---|
| Travel | $1,051.60 |
| TOTAL | $1,051.60 |

Detail of the fees and expenses billed is attached hereto as Exhibit A.

[Remainder of page intentionally blank]

<u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)</u>

I, Alan B. Rich, a professional person seeking approval of this Monthly Fee Application, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on the 9th day of May, 2012, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

-5-

# EXHIBIT A

*ALEXANDER M. SANDERS, JR.*
*Attorney at Law*
*19 Water Street*
*Charleston, South Carolina 29401*

## INVOICE FOR PROFESSIONAL SERVICES 4/1/12 – 4/30/12

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

*In re W. R. Grace,* No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|--------------------|------|
| 4/20/12 | Review of Judge Buckwalter's order of April 10, 2012, establishing the hearing on May 1, 2012, to address Garlock's Motion pursuant to Rule 59(e). | 0.4 |
| | Review of Garlock's motion for re-argument, rehearing and/or to alter or amend the judgment (with exhibits) (approx.. 200 pages reviewed 4/20/12) | 3.0 |
| 4/21/12 | Continued review of Garlock's motion for re-argument, etc., from 4/20/12 (approx. 100 additional pages) | 1.0 |
| 4/22/12 | Review of appellees' brief in opposition to Garlock's motion for re-argument, etc. | 0.6 |
| | Review of Plan Proponents' Sur-reply re: Garlock's motion for reconsideration | 0.6 |
| | Review of Garlock's reply in support of its motion for re-argument, etc. (with exhibit) | 0.6 |
| 4/24/12 | Exchange of e-mail with Alan Rich, Esq.., re: W.R. Grace's motion for order approving settlements with the Libby claimants and BASF RR Co. | 0.2 |
| | Review of W.R. Grace's motion for order approving the settlements (approx.. 120 pages) | 2.0 |

**<u>INVOICE 4/1/12 – 4/30/12</u>**
Page 2


4/25/12    Exchange of e-mail with Alan Rich, Esq. re: certain settlements
           outside of proposed Court approvals and how certain attorney
           fees will be handled.                                                    0.2

4/30/12    Trip Charleston, SC, to Philadelphia, PA, and return, to attend hearing
           before Judge Buckwalter, scheduled for May 1, 2012:  2:30 p.m., left
           Charleston.  Arrived at hotel, 6:30 p.m.  Upon arrival at hotel,
           learned that hearing had been cancelled.  Immediately left hotel and
           returned to airport for flight back to Charleston.  11:30 p.m. arrived in
           Charleston.  (9 hours billed @ one-half)                                 4.5



           13.1  hours @ $450/hour      $    5,895.00

           Expenses                          1,051.60
           (Receipts Attached)

                     TOTAL:          $    6,946.60

## Expenses

Travel to Philadelphia, P.A., and return to Charleston, SC, for hearing before Judge Buckwalter, 4/30/2012:

| | | |
|---|---|---|
| Airfare | (With changes) | $   967.60 |
| Taxi | (From airport to hotel) | 34.50 |
| | (From hotel to airport) | 34.50 |
| Airport Parking | (Charleston, SC) | 15.00 |
| | TOTAL EXPENSES | $ 1,051.60 |

# EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 7/3/12; 4:00 p.m., ET |
| | § | Hearing Date: TBD (if needed) |

**SUMMARY OF APPLICATION OF ALEXANDER M. SANDERS, JR. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR THE THIRTY-FIFTH MONTHLY INTERIM PERIOD FROM MAY 1, 2012 THROUGH MAY 31, 2012**

| | |
|---|---|
| Name of Applicant: | Hon. Alexander M. Sanders, Jr. |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | September 22, 2008 (*nunc pro tunc*) |
| Period for Which Compensation and Reimbursement is Sought: | May 1, 2012 through May 31, 2012 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $5,184.00  [80% of $6,480.00] |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $1,186.97 |

This is a(n):  ☒Monthly  ☐Interim  ☐Final Application

PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Paid | Paid |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | Paid | Paid |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | Paid | Paid |
| 11/4/2009 | 10-1-2009 to 10-31-2009 | $11,664.00 | $1,336.21 | Paid | Paid |
| 12/7/2009 | 11-1-2009 to 11-30-2009 | $5,292.00 | $0 | Paid | Paid |
| 1/7/2010 | 12-1-2009 to 12-31-2009 | $1,440.00 | $37.00 | Paid | Paid |
| 2/9/2010 | 1-1-2010 to 1-31-2010 | $18,972.00 | $2,992.32 | Paid | Paid |
| 3/12/2010 | 2-1-2010 to 2-28-2010 | $360.00 | $30.00 | Paid | Paid |
| 4/20/2010 | 3-1-2010 to 3-31-2010 | $2,016.00 | $0 | Paid | Paid |
| 5/5/2010 | 4-1-2010 to 4-30-2010 | $1,332.00 | $72.00 | Paid | Paid |
| 6/3/2010 | 5-1-2010 to 5-31-2010 | $2,484.00 | $0 | Paid | Paid |
| 9/17/2010 | 6-1-2010 to 6-30-2010 | $3,348.00 | $30.00 | Paid | Paid |
| 10/26/2010 | 7-1-2010 to 9-30-2010 | $390.00 | $30.00 | Paid | Paid |
| 12/1/2010 | 10-1-2010 to 11-30-2010 | $972.00 | $0 | Paid | Paid |

---

[1] At 80% of the total incurred.

| 1/6/2011 | 12-1-2010 to 12-31-2010 | $4,248.00 | $58.00 | Paid | Paid |
|---|---|---|---|---|---|
| 2/3/2011 | 1-1-2011 to 1-31-2011 | $5,184.00 | $0 | Paid | Paid |
| 3/15/2011 | 2-1-2011 to 2-28-2011 | $5,832.00 | $1,348.39 | Paid | Paid |
| 4/5/2011 | 3-1-2-11 to 3-31-2011 | $3,348.00 | $235.00 | Paid | Paid |
| 5/10/2011 | 4-1-2011 to 4-30-2011 | $1,188.00 | $0 | Paid | Paid |
| 6/8/2011 | 5-1-2011 to 5-31-2011 | $11,052.00 | $0 | Paid | Paid |
| 7/5/2011 | 6-1-2011 to 6-30-2011 | $5,724.00 | $872.11 | Paid | Paid |
| 8/1/2011 | 7-1-2011 to 7-31-2011 | $3,456.00 | $0 | Paid | Paid |
| 9/13/2011 | 8-1-2011 to 8-31-2011 | $648.00 | $0 | Paid | Paid |
| 10/13/2011 | 9-1-2011 to 9-30-2011 | $1,476.00 | $0 | Paid | Paid |
| 11/15/2011 | 10-1-2011 to 10-31-2011 | $1,980.00 | $0 | Paid | Paid |
| 2/3/2012 | 12-1-2012 to 12-31-2012 | $240.00 | $30.00 | Paid | Paid |
| 2/3/2012 | 1-1-2012 to 1-31-2012 | $3,096.00 | $0 | Paid | Paid |
| 3/9/2012 | 2-1-2012 to 2-29-2012 | $4,212.00 | $30.00 | Paid | Paid |
| 5/9/2012 | 4-1-2012 to 4-30-2012 | $4,716 | $1,051.60 | CNO Filed | CNO Filed |

Alexander M. Sanders, Jr. is the only attorney providing services in this Fee Application period.  Judge Sanders has practiced law for over 45 years, and his billing rate is $450 per hour. In this Application period Judge Sanders billed 14.4 hours,[2] for a total amount billed of $6,480.00, of which 80% is currently sought, in the amount of $5,184.00.  Reimbursement of 100% of expenses incurred, $1,186.97, is also sought.  This Application seeks a total of

---

[2] Non-Productive travel time, if any, is included in this figure, but at 50% of the actual time.

$6,370.97.

As stated above, this is the Thirty-Fifth application for monthly fees and expenses.  The time for preparation of this Application is approximately .8 hours, for which $520.00 will be requested in a future application of my counsel.

COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Confirmation | 7.2 | $3,240.00 |
| Travel | 14.4 (at 100%) | $3,240.00 (at 50%) |
| TOTAL | 21.6 hours | $6,480.00 |

EXPENSE SUMMARY

| Description | Expense |
|---|---|
| Travel | $1,186.97 |
| TOTAL | $1,186.97 |

Detail of the fees and expenses billed is attached hereto as Exhibit A.

[Remainder of page intentionally blank]

CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)

I, Alan B. Rich, a professional person seeking approval of this Monthly Fee Application, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

**CERTIFICATE OF SERVICE**

I certify that on the 13th day of June, 2012, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

*ALEXANDER M. SANDERS, JR.*
*Attorney at Law*
*19 Water Street*
*Charleston, South Carolina 29401*

## INVOICE FOR PROFESSIONAL SERVICES 5/1/12 – 5/31/12

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

*In re W. R. Grace,* No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|-------------------|------|
| 5/7/12 | Travel Charleston, SC, to Philadelphia, PA, to attend hearing before Judge Buckwalter on Garlock's motion, scheduled for May 8, 2012:  2:30 p.m., left Charleston.  Arrived at hotel, 6:30 p.m.  (4 hours billed @ one-half) | 2.0 |
|  | Review of materials in preparation for the hearing before Judge Buckwalter | 1.5 |
| 5/8/12 | Hearing before Judge Buckwalter | 2.2 |
|  | Travel to airport and return to Charleston, SC (earliest flight available, 9:05 p.m., arriving at 11:05 p.m.; 10.5 hours billed @ one-half) | 5.2 |
| 5/9/12 | Review of materials in anticipation of the following conference call | 0.5 |
|  | Conference call re: financial condition and future outlook for WR Grace | 1.0 |
| 5/11/12 | Review of WR Grace's motion to implement 2012 long-term incentive plan and attached order | 0.4 |
| 5/21/12 | Review of Garlock's motion for judicial notice of certain legislation and to supplement the appellate record with attachments (approx. 40 pages) | 1.6 |

14.4   hours @ $450/hour      $    6,480.00

Expenses                                1,186.97
(Receipts Attached)

TOTAL:      $    7,666.97

**Expenses**

Travel to Philadelphia, P.A., and return to Charleston, SC, for hearing before Judge
Buckwalter, 5/8/2012:

| | | |
|---|---|---:|
| Airfare | | $   618.00 |
| Hotel | (Includes dinner charge of $33.56) | 419.48 |
| Dinner | 5/8/12 | 39.77 |
| Taxis | (From airport to hotel) | 34.75 |
| | (From courthouse to hotel) | 10.22 |
| | (From hotel to airport) | 34.75 |
| Airport Parking | (Charleston, SC) | 30.00 |
| | TOTAL EXPENSES | $ 1,186.97 |

# EXHIBIT 3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 7/23/12; 4:00 p.m., ET |
| | § | Hearing Date: TBD (if needed) |

## SUMMARY OF APPLICATION OF ALEXANDER M. SANDERS, JR. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR THE THIRTY-SIXTH MONTHLY INTERIM PERIOD FROM JUNE 1, 2012 THROUGH JUNE 30, 2012

| | |
|---|---|
| Name of Applicant: | Hon. Alexander M. Sanders, Jr. |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | September 22, 2008 (*nunc pro tunc*) |
| Period for Which Compensation and Reimbursement is Sought: | June 1, 2012 through June 30, 2012 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $7,272.00  [80% of $9,090.00] |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $1,179.34 |

This is a(n): ☒Monthly ☐Interim ☐Final Application

-1-

PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Paid | Paid |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | Paid | Paid |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | Paid | Paid |
| 11/4/2009 | 10-1-2009 to 10-31-2009 | $11,664.00 | $1,336.21 | Paid | Paid |
| 12/7/2009 | 11-1-2009 to 11-30-2009 | $5,292.00 | $0 | Paid | Paid |
| 1/7/2010 | 12-1-2009 to 12-31-2009 | $1,440.00 | $37.00 | Paid | Paid |
| 2/9/2010 | 1-1-2010 to 1-31-2010 | $18,972.00 | $2,992.32 | Paid | Paid |
| 3/12/2010 | 2-1-2010 to 2-28-2010 | $360.00 | $30.00 | Paid | Paid |
| 4/20/2010 | 3-1-2010 to 3-31-2010 | $2,016.00 | $0 | Paid | Paid |
| 5/5/2010 | 4-1-2010 to 4-30-2010 | $1,332.00 | $72.00 | Paid | Paid |
| 6/3/2010 | 5-1-2010 to 5-31-2010 | $2,484.00 | $0 | Paid | Paid |
| 9/17/2010 | 6-1-2010 to 6-30-2010 | $3,348.00 | $30.00 | Paid | Paid |
| 10/26/2010 | 7-1-2010 to 9-30-2010 | $390.00 | $30.00 | Paid | Paid |
| 12/1/2010 | 10-1-2010 to 11-30-2010 | $972.00 | $0 | Paid | Paid |

---

[1] At 80% of the total incurred.

| 1/6/2011 | 12-1-2010 to 12-31-2010 | $4,248.00 | $58.00 | Paid | Paid |
|---|---|---|---|---|---|
| 2/3/2011 | 1-1-2011 to 1-31-2011 | $5,184.00 | $0 | Paid | Paid |
| 3/15/2011 | 2-1-2011 to 2-28-2011 | $5,832.00 | $1,348.39 | Paid | Paid |
| 4/5/2011 | 3-1-2-11 to 3-31-2011 | $3,348.00 | $235.00 | Paid | Paid |
| 5/10/2011 | 4-1-2011 to 4-30-2011 | $1,188.00 | $0 | Paid | Paid |
| 6/8/2011 | 5-1-2011 to 5-31-2011 | $11,052.00 | $0 | Paid | Paid |
| 7/5/2011 | 6-1-2011 to 6-30-2011 | $5,724.00 | $872.11 | Paid | Paid |
| 8/1/2011 | 7-1-2011 to 7-31-2011 | $3,456.00 | $0 | Paid | Paid |
| 9/13/2011 | 8-1-2011 to 8-31-2011 | $648.00 | $0 | Paid | Paid |
| 10/13/2011 | 9-1-2011 to 9-30-2011 | $1,476.00 | $0 | Paid | Paid |
| 11/15/2011 | 10-1-2011 to 10-31-2011 | $1,980.00 | $0 | Paid | Paid |
| 2/3/2012 | 12-1-2012 to 12-31-2012 | $240.00 | $30.00 | Paid | Paid |
| 2/3/2012 | 1-1-2012 to 1-31-2012 | $3,096.00 | $0 | Paid | Paid |
| 3/9/2012 | 2-1-2012 to 2-29-2012 | $4,212.00 | $30.00 | Paid | Paid |
| 5/9/2012 | 4-1-2012 to 4-30-2012 | $4,716 | $1,051.60 | Paid | Paid |
| 6/13/2012 | 5-1-2012 to 5-31-2012 | $5,184 | $1,186.87 | Pending | Pending |

Alexander M. Sanders, Jr. is the only attorney providing services in this Fee Application period. Judge Sanders has practiced law for over 45 years, and his billing rate is $450 per hour. In this Application period Judge Sanders billed 20.2 hours,[2] for a total amount billed of $9,090.00, of which 80% is currently sought, in the amount of $7,272.00. Reimbursement of

---

[2] Non-Productive travel time, if any, is included in this figure, but at 50% of the actual time.

100% of expenses incurred, $1,179.34, is also sought.  This Application seeks a total of $8,451.34.

As stated above, this is the Thirty-Sixth application for monthly fees and expenses.  The time for preparation of this Application is approximately .8 hours, for which $520.00 will be requested in a future application of my counsel.

COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Confirmation | 15.7 | $7,065.00 |
| Travel | 9.0  (at 100%) | $2,025.00  (at 50%) |
| TOTAL | 24.7 hours | $9,090.00 |

EXPENSE SUMMARY

| Description | Expense |
|---|---|
| Travel | $1,179.34 |
| TOTAL | $1,179.34 |

Detail of the fees and expenses billed is attached hereto as Exhibit A.

[Remainder of page intentionally blank]

<u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)</u>

I, Alan B. Rich, a professional person seeking approval of this Monthly Fee Application, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on the 2nd day of July, 2012, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

-5-

# EXHIBIT A

# *ALEXANDER M. SANDERS, JR.*
### *Attorney at Law*
*19 Water Street*
*Charleston, SC 29401*

## INVOICE FOR PROFESSIONAL SERVICES 6/1/12 – 6/30/12

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

*In re W. R. Grace,* No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|-------------------|------|
| 6/3/12 | Review of Anderson Memorial Hospital's motion for relief from order and memorandum opinion affirming confirmation order with attachments, including minimum legal research | 1.1 |
| 6/4/12 | Exchange of e-mail with Alan Rich, Esq., re above | 0.1 |
| | Review of response opposing Garlock's motion for judicial notice of certain proposed legislation and to supplement the appellate record. | 0.8 |
| 6/11/12 | Travel Charleston, SC, to Wilmington, DE, to attend hearing on Garlock's motion scheduled for June 12, 2012: 10:30 a.m., left Charleston, arriving at hotel, 3:30 p.m. (5 hours billed @ one-half) | 2.5 |
| | Review of materials in preparation for hearing, including Garlock's reply in support of its motion | 1.5 |
| 6/12/12 | Hearing on Garlock's motion | 2.2 |
| | Travel from Wilmington, DE, to airport and return to Charleston, SC: 12 noon, left courthouse, arriving in Charleston 4 p.m. (4 hours billed @ one-half) | 2.0 |
| 6/13/12 | Review of documents, including amended memorandum opinion, dated June 11, 2012, re: appeal of the final judgment in bankruptcy court on reorganization of W.R. Grace, et al., and confirming the settlement agreement between Grace and the CNA companies, as well as the joint plan (approx.. 228 pages); consolidated order, dated June 12, 2012, regarding motions for reconsideration, including motion of plan proponents, motion of Garlock and certain other matters addressed as numbered paragraphs 3-6 (4 pages); and table of contents (4 pages). | 2.5 |

**INVOICE, 6/1/12 – 6/30/12**
Page 2


| | | |
|---|---|---|
| 6/18/12 | Review of certain documents, including: | |
| | Amended notice of agenda for hearing on June 18, 2012 (cancelled) | 0.2 |
| | Notice of proposed sale of Bondera business assets (47 pages) | 0.9 |
| | Draft of Appellee's response to Anderson Memorial's motion (15 pages) | 0.8 |
| | Appellee's response as per above in final form | 0.6 |
| | Response of PD FCR to Anderson Memorial | 0.4 |
| 6/27/12 | Review of certain documents, including: | |
| | Garlock's emergency motion to stay the court's memorandum opinion and order (approx. 45 pages) and Garlock's motion for expedited consideration | 1.0 |
| | Plan proponents response to Garlock's motions | 0.6 |
| | Appellee's response in opposition to Garlock's motion  for a stay | 0.4 |
| | PD FCR's response to Garlock's motion for a stay | 0.8 |
| | Judge Buckwalter's memorandum granting expedited consideration of Garlock's motion for a stay and denying the motion, with confirming order | 0.6 |
| | Information re: "Project Capricorn," an acquisition anticipated by WR Grace | 0.5 |
| 6/29/12 | Review of Anderson Memorial's reply brief and letter Alan Rich to Judge Buckwalter's secretary re: Surreply PD FCR's Brief | 0.5 |
| | Review of PD FCR's brief | 0.2 |


| | | |
|---|---|---|
| 20.2  hours @ $450/hour | $ | 9,090.00 |
| Expenses (Receipts Attached) | | 1,179.34 |
| TOTAL: | $ | 10,269.34 |

**Expenses**

Travel to Wilmington, DE, and return to Charleston, SC, for hearing on Garlock's motion, 6/12/12:

| | | |
|---|---|---:|
| Airfare | | $ 684.60 |
| | | 50.00* |
| Hotel | | 240.90 |
| Dinner | 6/11/12 | 50.69 |
| Breakfast | 6/12/12 | 13.00 |
| Taxis | (From Philadelphia airport to hotel in Wilmington and $12 tip) | 66.15 |
| | | 12.00 |
| | (From hotel to dinner and return) | 15.00 |
| | | 12.00 |
| Airport Parking | (Charleston, SC) | 35.00 |
| | TOTAL EXPENSES | $ 1,179.34 |

*Fee for change to earlier flight (saved 7 hours travel time not billed)