# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |

### NOTICE OF FORTY-FIFTH INTERIM VERIFIED FEE APPLICATION OF WARREN H. SMITH & ASSOCIATES, P.C. AS FEE AUDITOR FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

| | |
|---|---|
| Name of Applicant: | Warren H. Smith & Associates, P.C. |
| Authorized to Provide Services: | As Fee Auditor to the Estates |
| Date of Retention: | March 18, 2002 |
| Period for Which Compensation and Reimbursement is Sought: | April 1, 2012 through June 30, 2012 |
| Amount of Compensation Requested: | $67,322.50 |
| Amount of Expense Reimbursement Requested: | $604.21 |
| Amount of Compensation Requested Less Holdback: | $53,858.00 |
| Amount of Compensation Paid For Applicable Period: | $18,143.16 |
| Amount of Expenses Reimbursed For Applicable Period: | $164.18 |
| Total Amount of Holdback Fees in Aggregate: | $49,179.34 |

**CUMULATIVE SUMMARY OF MONTHLY APPLICATIONS OF WARREN H. SMITH & ASSOCIATES, P.C.  FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 1, 2012 THROUGH JUNE 30, 2012:**

| Filing Date | For the Period of | Total Fees Requested | Total Expenses Requested | Amount of Fees Paid | Amount of Expenses Paid |
|---|---|---|---|---|---|
| 5/10/12 | April 1, 2012-April 30, 2012 | $22,360.00 | $164.18 | $18,143.16 | $164.18 |
| 6/14/12 | May 1, 2012-May 31, 2012 | $23,458.00 | $57.43 | $0.00 | $0.00 |
| 07/18/12 | June 1, 2012-June 30, 2012 | $21,504.50 | $382.60 | $0.00 | $0.00 |

**CUMULATIVE COMPENSATION SUMMARY BY PROJECT CATEGORY:**

| Project Category | Total Hours For The Period 4/1/12 through 6/30/12 | Total Fees For The Period 4/1/12 through 6/30/12 |
|---|---|---|
| Accounting/Auditing | 455.80 | $66,422.00 |
| Fee Application | 11.7 | $900.50 |
| **Total** | **467.50** | **$67,322.50** |

**CUMULATIVE EXPENSE SUMMARY:**

| Expense Category | Total Expenses for the Period 4/1/12 through 6/30/12 |
|---|---|
| Long Distance | $0.00 |
| Third Party Copies & Document Mailing | $ 425.98 |
| Travel Expenses | $0.00 |
| Fed-Ex | $15.13 |
| Photocopies | $39.50 |
| PACER Research | $93.60 |
| CourtCall Conference Services | $30.00 |
| Westlaw | $0.00 |
| **TOTAL** | **$604.21** |

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

## FORTY-FIFTH INTERIM VERIFIED FEE APPLICATION OF WARREN H. SMITH & ASSOCIATES, P.C. AS FEE AUDITOR FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, dated November 30, 2000 (the "Administrative Order"), and the Order Appointing Fee Auditor and Establishing Related Procedures Concerning the Allowance of Payment of Compensation and Reimbursement of Expenses of Applicants and Consideration of Fee Applications, dated March 18, 2002 (the "Fee Auditor Order"), the law firm of Warren H. Smith & Associates, P.C. ("WHS") hereby files this Forty-Fifth Interim Verified Fee Application of Warren H. Smith & Associates, P.C. as Fee Auditor for Allowance of Compensation and for Reimbursement of Expenses (the "Application").  By this Application, WHS seeks that this Honorable Court award it reasonable compensation for professional legal services rendered as fee auditor for the estates of W. R. Grace  & Co., et al. ("Debtors") in the amount of $67,322.50 together with reimbursement for actual and necessary expenses incurred in the amount of $604.21 for the period commencing April 1, 2012 through June 30, 2012 (the "Interim Period").  In support of its Application, WHS respectfully states as follows:

## Background

1.    On April 2, 2001, the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code (the "Code"), 11 U.S.C. §§ 101 et. seq., as amended.  The Debtors continued in possession of their assets and were authorized to operate and manage their respective businesses pursuant to Bankruptcy Code §§ 1107 and 1108.

2.    On March 18, 2002, this Court signed the Fee Auditor Order, approving the retention of WHS as fee auditor for the Debtors.  The Fee Auditor Order authorized WHS to be compensated: "the lesser of (a) the ordinary hourly rate of the Fee Auditor for services of this nature or (b) 1% of the aggregate Applicant billings (fees and expenses) reviewed by the Fee Auditor that are subject to this Order over the life of these Chapter 11 Cases."

## Compensation Paid and its Source

3.    All services for which compensation is requested by WHS were performed for or on behalf of the bankruptcy estate and the Debtors and not on behalf of any committee, creditor or other person.

4.    Other than interim payments from the Debtors set forth in the notice, above, WHS has received no payment or promise for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these cases, and there is no agreement or understanding between WHS and any other person other than members of the firm for the sharing of compensation to be received for services rendered in these cases.

## Summary of Services

5.    Attached hereto as Exhibit B are WHS's billing statements for the Interim Period. These statements contain detailed daily time logs describing the time expended by each attorney and para-professional for the Interim Period.

6.    To the best of WHS's knowledge, this Application complies with sections 330 and

331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of thee United State Trustee, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2012, and the Administrative Order.

7.      During the Interim Period, WHS spent 11.7 hours of time for $900.50 in fees seeking its own compensation.   The professionals of WHS whom have rendered professional services to the Debtors during the Interim Period are Warren H. Smith and Bobbi Ruhlander. The para-professionals of WHS whom have rendered professional services to the Debtors in these cases during the Interim Period are James Wehrmann, Doreen Williams, Alexa Parnell and Anthony Lopez.

### Disbursements

8.    WHS has incurred $604.21 in disbursements for the Interim Period for Pacer charges, third party copies, Westlaw charges and photocopies.

### Valuation of Services

9.    The rates charged by each professional during the Interim Period are set forth in Exhibit A.  These rates are equal to or below WHS's normal hourly rates of compensation for work of this character.   Attorneys and para-professionals of WHS have expended a total of 467.50 hours in connection with this matter during the Interim Period.  The reasonable value of the services rendered by WHS for the Interim Period in these cases under Chapter 11 is $67,322.50.

10.      In accordance with the factors enumerated in 11 U.S.C. §§ 330, the amount of fees and expenses requested by WHS is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, WHS has reviewed the requirements of Local Rule 2016-2 of the Local Rules of the United States Bankruptcy

Court for the District of Delaware, Amended Effective February 1, 2012, and believes that this application complies with that rule.

WHEREFORE, WHS respectfully requests that an allowance be made to it in the amount of $67,322.50 for fees and $604.21 as reimbursement of actual necessary costs and expenses, for a total of $67,926.71 for the period commencing April 1, 2012 through June 30, 2012, that such sums be authorized for payment, and for such other and further relief as this Court may deem just and proper.

Dated:  August 21, 2012

WARREN H. SMITH & ASSOCIATES, P.C.


Warren H. Smith

2235 Ridge Road, Suite 105
Rockwall, TX 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

### **CERTIFICATE OF SERVICE**

I, Warren H. Smith, caused the preceding report to be served by <u>First Class United States</u> <u>mail</u> on the persons on the service list attached to the original on file, this 21st day of August, 2012 Copies of the service list may be obtained by contacting the undersigned.


_____

Warren H. Smith

# V E R I F I C A T I O N

STATE OF TEXAS                      '
                                   '          SS:
COUNTY OF ROCKWALL  '

Warren H. Smith, after being duly sworn according to law, deposes and says:

1.    I am the principal in the applicant firm, Warren H. Smith & Associates, P.C., and have been admitted to the bar of the Supreme Court of Texas since 1987.

2.    I have personally performed many of the services rendered by Warren H. Smith & Associates, P.C. as fee auditor in these cases and am thoroughly familiar with all other work performed by the professionals in the firm.

3.    I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2012, and submit that the Application substantially complies with such rule.

SWORN TO AND SUBSCRIBED before me, a Notary Public for the State and County aforesaid, on the 21st day of August, 2012.

ANTHONY LOPEZ
MY COMMISSION EXPIRES
February 9, 2016

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |


**ORDER APPROVING FORTY-FIFTH INTERIM**
**VERIFIED FEE APPLICATION OF WARREN H. SMITH & ASSOCIATES, P.C.**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this _____ day of _____, 2012 upon the Forty-Fifth Interim Verified Fee Application of Warren H. Smith & Associates, P.C. for Allowance of Compensation and Reimbursement of Expenses (the "Application") dated August 21, 2012, the Court having been satisfied that the interim compensation and reimbursement requested therein is reasonable and justified given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services and (e) the costs of comparable services in cases other than cases under Title 11, and after notice and a hearing;

IT IS HEREBY ORDERED that the Application is approved and that the Debtors, or their successors in interest, are authorized and directed to pay to Warren H. Smith & Associates, P.C. the sum of $67,322.50 as compensation for necessary professional services rendered for the period April 1, 2012 through June 30, 2012, and the sum of $604.21 for reimbursement of actual and necessary costs and expenses incurred for the same period.


_____
United States Bankruptcy Judge

## Service List

**The Debtors**
David B. Siegel, Esquire
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia MD 21044

**The Judge**
Honorable Judith K. Fitzgerald
590 US Steel Tower
600 Grant Street
Pittsburg, PA 15219

**Co-Counsel for the Debtors**
James H.M. Sprayregen, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

Laura Davis Jones, Esquire
David Carickhoff, Esquire
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 Market Street, Suite 1600
Wilmington, DE  19801

**Co-Counsel to the Debtor-in-Possession**

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago IL 60606

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue
Wilmington, DE 19801

**Counsel to the Official Committee of Unsecured Creditors**

Lewis Kruger, Esquire
Stroock Stroock and Lavan
180 Maiden Lane
New York NY 10038-4982
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE  19801-1246

**Counsel to the Official Committee of Asbestos Property Damage Claimants**

Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price & Axelrod
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami FL 33131

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P. O. Box  1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152

Matthew G. Zaleski, III, Esquire
Campbell & Levine
800 N. King St. #301
Wilmington, DE  19801

**The Official Committee of Equity Holders**
Philip Bently, Esquire
Kramer, Levin, Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esquire
Klett Rooney Leber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 1980

**The Office of the United States Trustee**

Office of the U.S. Trustee
844 King Street, Room 2311
Wilmington, DE 19801

### Exhibit A

| Timekeeper | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Anthony Lopez | Clerk since 2002 | 123.80 | 45 | $5,571.00 |
| James A. Wehrmann | Legal Assistant since 1989 | 276.70 | 155 | $42,888.50 |
| Doreen Williams | Paralegal since 1982 | .60 | 165 | $99.00 |
| Alexa Parnell | Legal Assistant since 1984 | 1.50 | 175 | $262.50 |
| Bobbi S. Ruhlander | Member of Texas Bar since 1990<br><br>Member of Oklahoma Bar since 1983 | 64.40 | 285 | $18,354.00 |
| Warren H Smith | Principal of firm formed in 2001. Member of Texas Bar since 1987, Illinois Bar since 1979 | .50 | 295 | $147.50 |
| Total Hours Worked | 467.50 | | | |
| Total Amount Billed | $67,322.50 | | | |

# Exhibit B

**(see attached)**