**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et. al.* | : | Case No. 01-1139 (JKF) |
| | : | (Jointly Administered) |
| Debtors | : | **Objection Deadline September 17, 2012 @ 4:00 p.m.** |

**ONE HUNDRED AND FIFTEENTH MONTHLY FEE APPLICATION OF
PRICEWATERHOUSECOOPERS LLP, AUDITORS AND TAX CONSULTANTS
FOR DEBTORS, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE MONTH OF JULY 2012**

PricewaterhouseCoopers LLP ("PwC"), auditors and tax consultants for W.R. Grace & Co., and the other above-captioned debtors (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits its *One Hundred and Fifteenth Monthly Fee Application for Allowance of Compensation and Reimbursement of Expenses for the Month of July 2012* (the "Application"). PwC respectfully requests the granting compensation and reimbursement of expenses in the amounts requested. In support of this Application, PwC respectfully represents as follows:

**I.      COMPENSATION REQUESTED**

1.      As set forth below, Applicant is requesting an interim allowance of fees in the aggregate amount of $296,465.46 (plus $738.00 for preparing this fee application) and reimbursement of expenses in the aggregate amount of $21,545.16. These amounts represent the fees generated and expenses incurred by PwC during the month of July 2012. A table showing the names of all professionals and paraprofessionals who rendered services during the period, together with the billing rates of such persons and the number of hours charged by such persons during month of July 2012, is set forth on Attachment B to the cover sheet to this Application.

{02411:PLDG:10181113.DOCX}

## II. INTRODUCTION AND PROCEDURAL BACKGROUND

2. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties and assets as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors filed their *Application of the Debtors for the Entry of an Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors and Debtors in Possession* on January 10, 2002 (the "Original Retention Application"). Because the Original Retention Application was contested, it was not until June 18, 2002 that the Court entered its *Order Pursuant to 11 U.S.C. §§ 327(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of PricewaterhouseCoopers LLP As Auditors and Tax Consultants to the Debtors and Debtors in Possession Nunc Pro Tunc to January 10, 2002* (the "Retention Order").

Relief Requested.

4. By this Application, PwC respectfully requests, on an interim basis, allowance of fees in the amount of $296,465.46 (plus $738.00 for preparing this fee application) and reimbursement of expenses in the aggregate amount of $21,545.16 for the period covered by this Application. In support of this Application, PwC submits its summary time records attached hereto as Exhibit "A" and the expenses summaries attached hereto as Exhibit "B."

5. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these proceedings and this motion is

{02411:PLDG:10181113.DOCX}

proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

6. All of the services for which compensation is sought were rendered by Applicant to the Debtors solely in connection with this case and in furtherance of the duties and responsibilities of the Debtors and not on behalf of any creditor or other person.

7. PwC's hourly rates for its auditors and other professionals charged in connection with its services for the Debtors were commensurate with the rates PwC customarily charged its clients (whether corporate or individual) in both bankruptcy and non-bankruptcy matters at the time the services were rendered.

8. By order dated January 21, 2012 (Dk. No. 28551), the Court granted the Debtors' application to amend the Amended Administrative Order (Dk. No. 1949) authorizing the employment and retention of PwC as auditors and tax consultants to the Debtors and Debtors in possession, that waives the requirement under Rule 2016-(2)(G) of the local rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. Therefore, PwC is no longer required to maintain contemporaneous time records in one-tenth hour increments. However, PwC is still providing summary time records for the personnel working on this action.

9. Applicant is not seeking reimbursement for internal charges, including costs associated with airline ticketing and general office services such as computer usage, telephone charges, facsimile transmissions, postage, and photocopying.

10. None of the amounts requested have been paid. No payments have been made or promised to Applicant for the audit services described herein and for which PwC seeks compensation and reimbursement of expenses in this Fee Application. No agreement exists

between Applicant and any other person or entity to share any compensation in connection with the Debtors' Chapter 11 cases.

### III. SERVICES RENDERED DURING THE INTERIM PERIODS

11. The nature of the work performed by PwC during the covered periods included the following.

12. <u>Audit and Tax Services</u>.  The Applicant provided the following services:

   (i) Performed review of WR Grace Q2 2012 financial information for the purposes of the Q2 2012 10-Q filing.  This included performing analytical procedures on consolidated and disaggregated worldwide balances, tying out the Q2 2012 10-Q and earnings release, review of incentive compensation accruals, review of earnings per share calculation, review of pension adjustments, review of environmental and legal updates, attendance at the Q2 2012 business review, review of hedging activities, testing of Q2 2012 restructuring activity, and review of management's equity rollforward, among other procedures.
   (ii) Review work performed by the PwC tax team to obtain comfort over the effective tax rate, income tax provision, and income taxes payable included in the WR Grace Q1 2012 10-Q.  This work included review of uncertain tax positions rollforward, review and tie out of effective tax rate calculation, tie out of tax balances in the Q1 2012 10-Q (performed over the course of one week).
   (iii) Performed 2012 audit work over internal controls required under section 404 of the Sarbanes-Oxley Act. This work included traveling to three Grace manufacturing plants in Chicago, IL to perform controls testing and walkthroughs of key processes, as well as travel to the Company's offices in Cambridge, MA to perform controls testing and walkthroughs of key processes (visits to Chicago and Cambridge were approximately one week each).
   (iv) Visit to the Company's shared service center in Manila, Philippines to discuss processes being performed at the site, meet with local process owners, and perform walkthroughs of the processes (visit was approximately one week).
   (v) Preparation for the audit committee meeting in August 2012.

### IV. ALLOWANCE OF COMPENSATION

13. Under the Bankruptcy Code, professionals performing services in a bankruptcy case are entitled to "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1)(A).

14. In determining if the amount of compensation is "reasonable", the courts consider the "nature, the extent, and the value" of the services rendered, taking into account the following factors: the time spent on the services; the rates charged for the services; whether the services were necessary or beneficial to the administration of the case; whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the services; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Chapter 11. 11 U.S.C. § 330(a)(3)(A). As described throughout this Application, PwC has satisfied the relevant criteria to support the requested award of compensation.

15. In general, the "baseline rule is for firms to receive their customary rates." Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc., 50 F.3d 253, 259 (3d Cir. 1995). The compensation sought herein is based on PwC's customary rates, which are in line with the customary rates charged by comparably skilled practitioners in cases other than cases under Chapter 11.

16. Applicant's services have been rendered in an efficient manner by accountants and auditors who are experts in their fields. PwC is one of the largest and most well-respected accounting firms in the country, and its rates are commensurate with its level of expertise.

17. No prior application for the relief requested herein as been made.

**WHEREFORE**, PwC respectfully requests interim allowance of compensation in the amount of $296,465.46 (plus $738.00 for preparing this fee application) and reimbursement of expenses in the aggregate amount of $21,545.16, together with such other and further relief as this Court deems just and proper.

Dated: August 27, 2012                    SMITH KATZENSTEIN & JENKINS LLP


/s/ Kathleen M. Miller
Kathleen Miller (I.D.  No.2898)
Smith, Katzenstein & Jenkins, LLP
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)

Attorneys for PricewaterhouseCoopers LLP