**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

_____
                                                                   )
**In re:**                                                      )
                                                                   )    **Chapter 11**
**W.R. GRACE & CO., et al.,**             )    **Case No. 01-01139 (JKF)**
                                                                   )    **(Jointly Administered)**
                          **Debtors.**              )    Objection Deadline: November 30, 2012 at 4:00 p.m.
_____)    Hearing: December 17, 2012 at 9:00 a.m.

**THIRTY-FIRST QUARTERLY INTERIM APPLICATION OF**
**DAVID T. AUSTERN, ASBESTOS PI FUTURE CLAIMANTS**
**REPRESENTATIVE, FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD**
**APRIL 1, 2012 THROUGH JUNE 30, 2012**

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Code"), and this Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (collectively, the "Administrative Order"), David T. Austern, the Asbestos PI Future Claimants Representative ("FCR"), hereby submits this thirty-first quarterly interim application (the "Thirty-First Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period of April 1, 2012 through June 30, 2012 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period.

By this Thirty-First Quarterly Interim Application the FCR seeks the interim allowance of compensation in the amount of $3,150.00 and reimbursement of actual and $475.00 in expenses for the period April 1, 2012 through June 30, 2012. In support of this Thirty-First Quarterly Interim Application, the FCR respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

### Background

2. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. By an Order entered September 27, 2004, the Court appointed the FCR for the above captioned cases effective as of May 24, 2004.

### Monthly Fee Applications Covered Herein

4. The FCR did not bill any time nor incur any expenses for the time period April 1-30, 2012. Thus, there is no monthly fee application filed with the Court.

5. The FCR has filed a Seventy-Eighth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses for the Period May 1-31, 2012 (the "Seventy-Eighth Monthly") on September 4, 2011 requesting $1,360.00 (80% of $1,700.00) in fees and $475.00 in expenses [Dkt. No. 29570]. The deadline to file objections will expire on September 24, 2012, and if no objections are filed, a Certificate of No Objection will be filed promptly with the Court.

6. The FCR has filed a Seventy-Ninth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses for the Period June 1-30, 2012 (the "Seventy-Ninth Monthly") on September 4, 2011 requesting $1,160.00 (80% of $1,450.00) in fees and no expenses [Dkt. No. 29571]. The deadline to file objections will expire on September 24, 2012, and if no objections are filed, a Certificate of No Objection will be filed promptly with the Court.

7. The Seventy-Eighth and Seventy-Ninth Monthly fee applications covered by this Thirty-First Quarterly Fee Application contains detailed daily time logs describing the actual and necessary services provided by the FCR during the Interim Period as well as other detailed information to be included in fee applications.

**Requested Relief**

8. By this Thirty-First Quarterly Interim Application, the FCR requests that the Court approve the interim allowance of compensation for professionals services rendered and the reimbursement of actual and necessary expenses incurred by the FCR from April 1, 2012 through June 30, 2012. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Seventy-Eighth and Seventy-Ninth Monthly fee applications previously filed with the Court.

9. At all relevant times, the FCR has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of future asbestos claimants.

10. All services for which compensation is requested by the FCR were performed in his capacity as FCR and not on behalf of any Debtor, committee, creditor, or other person.

11. Other than the Debtors' obligation to pay fees and expenses allowed by this Court, the FCR has received no payment and no promise for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Debtors' cases. There is no agreement or understanding between the FCR and any other person for the sharing of compensation to be received for services rendered in these cases.

WHEREFORE, the FCR respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period April 1, 2012 through June 30, 2012, an allowance be made to the FCR in the sum of $3,150.00 as compensation for reasonable and necessary professional services rendered and $475.00 in expenses for a total of $3,625.00, that the Debtors be authorized and directed to pay to FCR the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        */S/ DAVID T. AUSTERN*
        David T. Austern,
        Asbestos PI Future Claimants Representative
        Claims Resolution Management Corporation
        3110 Fairview Park Drive, Suite 200
        Falls Church, VA  22042-0683
        (703) 205-0835

Dated: September 19, 2012