IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Hearing Date: October 15, 2012, at 9:00 a.m. |
| ) | Objection Deadline: September 28, 2012 |
| ) | Re: Dkt. Nos. 23591, 29175, 29207, 29256, 29433, |
| ) | 29434, 29447 |

**DEBTORS' LIMITED JOINDER TO MAIN PLAZA LLC'S OBJECTION TO NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY FILED BY CIM URBAN REIT 211 MAIN ST. (SF), LP, AS ASSIGNEE OF CIM REIT ACQUISITION, LLC**

The Debtors file this *Limited Joinder to Main Plaza LLC's Objection to Notice of Transfer of Claim Other Than For Security Filed By CIM Urban REIT 211 Main St. (SF), LP, as Assignee of CIM REIT Acquisition, LLC* (Dkt. no. 29433), (the "Limited Joinder"; Main Plaza LLC's objection being the "Objection"),[2] requesting the Court to enforce its *Order Authorizing*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2] Main Plaza also filed the *Declaration of Christopher P. Booth in Support of Objection of Main Plaza, LLC to Notice of Transfer of Claim other than for Security filed by CIM Urban REIT 211 Main St. (SF), LP, as Assignee of CIM REIT Acquisition, LLC* (Dkt. no. 29434) in support of the Objection.

*the Settlement of an Asbestos Property Damage Claim Filed by Main Plaza, LLC*, dated October 28, 2009 (Dkt. no. 23591) (the "Order Authorizing Settlement"). The Debtors also request the Court to find that Main Plaza's claim has not been transferred to either CIM REIT Acquisition, LLC ("CIM Acquisition") or CIM Urban REIT 211 Main St. (SF), LP ("CIM Urban"), because Grace did not give its prior written consent to any such transfer, which prior written consent is required by the settlement agreement attached as Exhibit A to the Order Authorizing Settlement (the "Settlement Agreement").[3]

Except as and to the extent set forth herein, the Debtors do not take any further position as to the purported claim transfer at issue in the Objection.

In support of this requested relief, the Debtors respectfully state as follows:

## ANALYSIS

1. The Settlement Agreement (¶ 30) states that:

   no Party may assign, convey, transfer, delegate or encumber any right, interest, duty or obligation arising [thereunder] without the express written prior consent of all parties [to the Settlement Agreement], which consent shall not be unreasonably withheld.

2. On or about December 29, 2009, as described more fully in the Objection, Main Plaza sold to CIM Acquisition, pursuant to a purchase agreement attached as Exhibit B to the Objection (the "Purchase Agreement"), the building to which Main Plaza's claim relates. Main Plaza asserts in its Objection that it did not transfer its claim to CIM Acquisition as part of that

---

On August 13, 2012, Main Plaza filed its *Notice of Hearing Regarding Objection of Main Plaza, LLC to Notice of Transfer of Claim other than for Security filed by CIM Urban REIT 211 Main St. (SF), LP, as Assignee of CIM REIT Acquisition, LLC* (Dkt. no. 29447).

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Order Authorizing Settlement, the Settlement Agreement or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases* [Docket no. 25881], as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

sale transaction. *See* Objection at ¶¶ 22-27. Moreover, no notice of transfer of claim was filed pursuant to Fed. R. Bankr. P. 3001(e), regarding any purported transfer of claim by Main Plaza, whether to CIM Acquisition or any other party.

3.  On July 2, 2012, CIM Urban filed a *Notice of Transfer of Claim Other Than For Security* (Dkt. no. 29175) (the "Original Notice of Claim Transfer"), in which it asserted that it was the assignee of Main Plaza's claim vis-à-vis CIM Acquisition, the claim's purported assignor. On July 9, 2012, the claims agent in these Chapter 11 Cases filed a *Notice of Defective Transfer* as to the Original Notice of Claim Transfer (Dkt. no. 29207), because the payment address did not list Claimant's Counsel (which the Settlement Agreement (¶8) defines as the law firm of Speights & Runyan). On July 17, 2012, CIM Urban filed a second *Transfer of Claim Other Than For Security* ("Second Notice of Claim Transfer") (Dkt. no. 29256), which also asserted that it was the assignee of a purported transfer of Main Plaza's claim from CIM Acquisition, but this time listing the Speights & Runyan firm as the payment addressee.

4.  Main Plaza thereafter filed its Objection, asserting that the transfer referred to in the Second Notice of Claim Transfer was improper in its entirety, because Main Plaza had retained its claim after the building sale, and had not sold or otherwise transferred it to CIM Acquisition. The Debtors were not party to the Purchase Agreement, and thus take no position as to the respective rights of the parties contained therein.

5.  But the Debtors are interested parties to Main Plaza's Objection, because neither Main Plaza nor CIM Acquisition ever sought the Debtors' prior written consent—as required by the Settlement Agreement—to transfer the Main Plaza claim from Main Plaza to CIM Acquisition. *See Declaration of Richard C. Finke* filed in connection with this Limited Joinder,

and annexed hereto at <u>Exhibit A</u>. It is manifest that the Purchase Agreement cannot trump the Settlement Agreement's clear requirement.

6.    Accordingly, the Debtors request that this Court enforce the Settlement Agreement and find that Main Plaza's claim has not been transferred by CIM Acquisition to CIM Urban (or otherwise transferred from Main Plaza to any other party), because the Debtors have not given their prior, written consent to any such transfer.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Debtors request the Court enter an order in form acceptable to the Debtors enforcing the Settlement Agreement and the Order Authorizing Settlement, finding that the Main Plaza claim has not been transferred and granting such other relief as may be appropriate.

Dated: September 28, 2012

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession