UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: )<br>W.R. GRACE & CO., et. al., )<br>           )<br>     Debtors. )<br>           )<br>           )<br>           ) | Chapter 11 Case No.<br>01-01139 (JKF)<br><br>(Jointly Administered)<br><br>Related to D.I. 29256, 29711<br>Hearing Date: 10/15/12 at 9:00 am |

**DECLARATION OF JOHN BRUNO IN SUPPORT OF REPLY OF CIM URBAN REIT 211 MAIN ST. (SF), LP, AS ASSIGNEE OF CIM REIT ACQUISITION, LLC TO OBJECTION OF MAIN PLAZA, LLC TO NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY FILED BY CIM URBAN REIT 211 MAIN ST. (SF), LP, AS ASSIGNEE OF CIM REIT ACQUISITION, LLC**

Pursuant to 28 U.S.C. § 1746, I, John Bruno, hereby declare, under penalty of perjury, as follows:

1. I submit this declaration on personal knowledge and to the best of my recollection and, if called upon to testify, I could and would testify competently thereto.

2. I currently am a Vice President at CIM. In 2009, I was an Associate of CIM REIT ACQUISITION, LLC ("CIM"). I make this Deceleration in support of CIM's Reply to Objection of Main Plaza LLC to Notice of Transfer of Claim (the "Transfer Dispute"). At all times relevant to the Transfer Dispute, I was personally involved on behalf of CIM in the acquisition of the property acquired under the Purchase and Sale Agreement and Joint Escrow Instructions (the "Purchase Agreement"). I also was personally involved on behalf of CIM in conducting due diligence for CIM's purchase of the building and related assets at 211 Main Street, San Francisco, California 94105 (the "Property") and at the time that the Purchase and Sale Agreement was executed between Main Plaza and CIM.

1

3. During the negotiations for the purchase of the Property, CIM negotiated for the assignment from Main Plaza to CIM of claims and warranty claims that Main Plaza may have against suppliers, materialmen, and consultants retained by Main Plaza in connection with the design, construction, grading and installation of improvements on the Property.

4. It was CIM's intention during the negotiations for the Property to purchase all claims related to the Property. In fact, CIM believed that it had purchased all such claims when it closed on the acquisition of the Property.

5. During the entirety of the negotiations between Main Plaza and CIM, Main Plaza did not disclose that it had filed a warranty claim against W.R. Grace & Co. (the "Debtor"). Nor did Main Plaza disclose that it had entered into a settlement agreement with the Debtor with respect to that claim.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 2̲0̲, 2012
San Francisco, California

_____
John Bruno