**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: November 26, 2012, at 9:00 a.m.** |
| | ) | **Objection Deadline: November 9, 2012** |

---

**MOTION TO AMEND THE OCP ORDERS TO INCREASE THE TOTAL**
**EXPENDITURE CAP FOR SC&H CONSULTING**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") file

this motion (this "<u>Motion</u>") requesting the Court enter an order, substantially in the form

attached hereto as <u>Exhibit A</u> (the "<u>Order</u>") further amending the OCP Orders to increase the

Total Expenditure Cap (as defined below) to $2,000,000 for SC&H State & Local Tax

("<u>SC&H</u>").[2]  The Debtors also request authority, in the event that SC&H's expenditures exceed

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2]    The OCP Orders include that certain *Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business* dated May 3, 2001 (the "<u>Original Order</u>") [Docket No. 197] which was further amended on December 10, 2002

the $2,000,000 Total Expenditure Cap prior to the Plan's Effective Date, to raise that cap by up to an additional $400,000 upon 10 days' written notice to the U.S. Trustee and counsel for the statutory committees and future claims representatives appointed in these cases.[3]   The Total Expenditure Cap for all other professionals will remain at $1,600,000, as set forth in the Court's November 11, 2011 Order, and that order will also remain otherwise unaffected in all respects.

In support of this Motion, the Debtors respectfully state as follows.

### JURISDICTION

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408.

2.     The statutory predicates for this Motion are section 363(b) of the Bankruptcy Code and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

### BACKGROUND

3.     The Court's November 21, 2011 Order increased the total expenditure per OCP for fees and expenses (the "Total Expenditure Cap") to $1,600,000. Contemplating that further increases in the Total Expenditure Cap may become necessary, the November 11, 2011 Order was entered (as were the earlier OCP Orders) "without prejudice to the Debtors' rights to seek additional increases to the amounts they are authorized to pay Ordinary Course Professionals in the future ..."

---

[Docket No. 3126], July 24, 2006 [Docket No. 12855], September 24, 2007 [Docket No. 16913] and November 21, 2011 [Docket No. 28006].

[3]     Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the OCP Orders or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases* [Docket No. 25881], as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

4.     The Plan has been confirmed by this Court and the District Court. Several parties have appealed to the Court of Appeals for the Third Circuit. Those appeals have been consolidated and a briefing schedule has been set, but oral argument has not yet been scheduled. As a result of these pending appeals, the Effective Date has not occurred, and is not likely to occur for some period of time.

<u>**RELIEF REQUESTED**</u>

5.     The Debtors respectfully request the Court enter the Order, which increases the Total Expenditure Cap to $2,000,000 for SC&H, with leave to raise the cap for SC&H by up to a further $400,000 upon 10 days' written notice to the U.S. Trustee and counsel for the statutory committees and future claims representatives appointed in these chapter 11 cases.

<u>**ANALYSIS**</u>

6.     SC&H provides Grace with a wide range of tax consulting services, including:

- Conducting "reverse audits" of real property, personal property, sales and use taxes paid to several of the states in which Grace does business. These audits have resulted in the Debtors recovering significant tax refunds over the past several years;

- Annually preparing and filing approximately 85 personal property tax returns in 20 states; and

- Analyzing and advising the Debtors regarding the tax aspects of:

  - Real estate projects and negotiations; and

  - Special projects and proposed business transactions and ventures.

SC&H's fees depend upon the particular project. For more routine work Grace negotiates a flat fee arrangement. For smaller assignments, hourly fees are generally charged. For more speculative tasks, such as performing reverse audits with the goal of recovering refunds from various state and local taxing authorities, Grace will often negotiate a contingency fee

arrangement with SC&H. The Debtors submit that SC&H's services over the years have contributed significantly to improving the Debtors' state and local tax efficiency.

7.      As reflected in the *Debtors' Statement of Amounts Paid to Ordinary Course Professionals from July 1, 2012, through September 30, 2012* [Docket No. 29760], SC&H is nearing the current Total Expenditure Cap, although their monthly fees and expenses each remain well below the $50,000 monthly cap.  SC&H has billed Grace approximately $295,250.14 over the four quarters ending on September 30, 2012. As of that date, SC&H's total expenditure since the Petition Date was approximately $1,499,614.92.  At an average of approximately $73.8K per month (based upon billings of the last twelve months), the Debtors expect SC&H to exceed the Total Expenditure Cap in the first quarter of 2013.  By raising the cap to $2,000,000, at the present rate of expenditure, the Debtors do not expect that SC&H will approach the new cap until well into 2014.

8.      Nonetheless, and out of an abundance of caution, the Debtors respectfully request the Court authorize the Debtors to increase the Total Expenditure Cap for SC&H by up to an additional $400,000 in the event  that its expenditures will exceed $2,000,000 prior to the Effective Date. The Debtors propose that the cap be raised upon ten days' written notice to the Committees, FCRs and the U.S. Trustee, with the proviso that if one or more of the afore-mentioned parties objects in writing, then the cap will not be raised without further order of this Court. This arrangement will provide the Debtors with the flexibility to manage SC&H's vital assistance in the above-described tax consulting matters.

<u>**RESERVATION OF RIGHTS**</u>

9.      The Debtors reserve the right to request authority to increase the amounts that they are authorized to pay OCPs in the future.

## NO PREVIOUS MOTION

10.    No previous motion for the relief sought herein has been made to this or any other court.

## NOTICE

11.    Notice of this Motion has been given to:  (i) the Office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these chapter 11 cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; and (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) increasing the Total Expenditure Cap for SC&H to $2,000,000; (ii) providing a mechanism for further increasing the cap by an additional $400,000 without further order of the Court if SC&H's expenditures exceed $2,000,000 prior to the Effective Date; and (iii) granting such other and further relief as the Court deems appropriate.

Dated:  October 22, 2012

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession