# EXHIBIT A

1901141 v2/NY

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>Related to Docket Nos. 29256, 29433 |

**ORDER DENYING NOTICE OF TRANSFER OF CLAIM OTHER
THAN FOR SECURITY FILED BY CIM URBAN REIT 211 MAIN ST. (SF), LP,
AS ASSIGNEE OF CIM REIT ACQUISITION, LLC**

Upon the objection (the "Objection," D.I. 29433) filed by Main Plaza, LLC ("Main Plaza") to the Transfer of Claim Other than for Security (the "Notice of Transfer," D.I. 29256) filed by CIM Urban REIT 211 Main St. (SF), LP, as assignee of CIM REIT Acquisition , LLC ("CIM / CIM SF") seeking to transfer the Bankruptcy Claim[1], proof of claim number 11009 filed by Main Plaza in the above-captioned chapter 11 proceedings; and upon the Debtors' Limited Joinder to Main Plaza's Objection (D.I. 29701) and CIM / CIM SF's Reply in support of the Notice of Transfer (D.I. 29711, 29728); and upon the hearing (the "Hearing") held before the Court on October 15, 2012 at 9:00 a.m. (Eastern Time) with respect to the Notice of Transfer and the transcript of the Hearing, which is incorporated by reference herein; and it appearing that the Court has jurisdiction over this matter; and in consideration of the entire record on this matter and upon the proceedings before the Court and the findings made by the Court at the Hearing, including, *inter alia*, that:

    i.    The Objection is sustained and the Notice of Transfer is improper because the Purchase Agreement did not specifically identify the Bankruptcy Claim as an asset to be transferred or assigned to CIM / CIM SF, the Bankruptcy Claim was

---

[1]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

1901141 v2/NY

not a warranty claim, and the language of the Purchase Agreement did not

otherwise provide for its transfer or assignment to CIM / CIM SF;

ii.   The Debtors' prior written consent to a transfer of the Bankruptcy Claim was

required by the Settlement Agreement entered into by the Debtors and Main Plaza

with respect to the Bankruptcy Claim, which was approved by the Court on

October 28, 2009 (D.I. 23591), and the Debtors did not consent to such a transfer

of the Bankruptcy Claim from Main Plaza to CIM / CIM SF; and

iii.   Main Plaza owns the Bankruptcy Claim;

and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED,**

**ADJUGED AND DECREED** as follows:

1.    The Notice of Transfer is **denied** with prejudice and the Objection is sustained.

2.    In accordance with the Settlement Agreement, which was approved by the Court

on October 28, 2009 (D.I. 23591), "[a]ny payment made on account of the [Bankruptcy] Claim

under a Chapter 11 plan shall be paid in total, without condition, to Claimant's Counsel[2] at its

address of record and solely in its capacity as Claimant's Counsel.  Claimant's Counsel, in turn,

shall be solely responsible to allocate and disburse the amount received between the amount due

the Claimant[3] and the amount due Claimant's Counsel." See Settlement Agreement, D.I. 23591,

¶ 3).

---

[2]    The Settlement Agreement defines "Claimant Counsel" as Speights & Runyan, Main Plaza's counsel in connection with entering into the Settlement Agreement.

[3]    The Settlement Agreement defines "Claimant" as "the asbestos property damage claimant identified on Exhibit A hereto [to the Settlement Agreement], which timely filed a proof of claim in this Bankruptcy." Exhibit A to the Settlement Agreement reflects Main Plaza, LLC, as the claimant for claim number 11009.

1901141 v2/NY

3.      The Court shall retain jurisdiction over any and all matters arising from or related

to the interpretation, implementation or enforcement of this Order.


Dated: Wilmington, Delaware
        _____, 2012


                                        _____
                                        HONORABLE JUDITH K. FITZGERALD
                                        UNITED STATES BANKRUPTCY JUDGE

1901141 v2/NY