# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> W.R. GRACE & CO., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 01-01139 (JKF) <br> (Jointly Administered) <br><br> Related to Docket Nos. 29256, 29433 , 29175, 29798 |

### ORDER DENYING NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY FILED BY CIM URBAN REIT 211 MAIN ST. (SF), LP, AS ASSIGNEE OF CIM REIT ACQUISITION, LLC

Upon the objection (the "Objection," D.I. 29433) filed by Main Plaza, LLC ("Main Plaza") to the Transfer of Claim Other than for Security (the "Notice of Transfer," D.I. 29256) filed by CIM Urban REIT 211 Main St. (SF), LP, as assignee of CIM REIT Acquisition , LLC ("CIM / CIM SF") seeking to transfer the Bankruptcy Claim[1], proof of claim number 11009 filed by Main Plaza in the above-captioned chapter 11 proceedings; and upon the Debtors' Limited Joinder to Main Plaza's Objection (D.I. 29701) and CIM / CIM SF's Reply in support of the Notice of Transfer (D.I. 29711, 29728); and upon the hearing (the "Hearing") held before the Court on October 15, 2012 at 9:00 a.m. (Eastern Time) with respect to the Notice of Transfer and the transcript of the Hearing, which is incorporated by reference herein; and it appearing that the Court has jurisdiction over this matter; and in consideration of the entire record on this matter and upon the proceedings before the Court and the findings made by the Court at the Hearing, including, *inter alia*, that:

    i.    The Objection is sustained and the Notice of Transfer is improper because the Purchase Agreement did not specifically identify the Bankruptcy Claim as an asset to be transferred or assigned to CIM / CIM SF, the Bankruptcy Claim was

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

        not a warranty claim, and the language of the Purchase Agreement did not otherwise provide for its transfer or assignment to CIM / CIM SF;

    ii.    The Debtors' prior written consent to a transfer of the Bankruptcy Claim was required by the Settlement Agreement entered into by the Debtors and Main Plaza with respect to the Bankruptcy Claim, which was approved by the Court on October 28, 2009 (D.I. 23591), and the Debtors did not consent to such a transfer of the Bankruptcy Claim from Main Plaza to CIM / CIM SF; and

    iii.    Main Plaza owns the Bankruptcy Claim;

and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUGED AND DECREED** as follows:

    1.    The Notice of Transfer is **denied** with prejudice and the Objection is sustained.

    2.    In accordance with the Settlement Agreement, which was approved by the Court on October 28, 2009 (D.I. 23591), "[a]ny payment made on account of the [Bankruptcy] Claim under a Chapter 11 plan shall be paid in total, without condition, to Claimant's Counsel[2] at its address of record and solely in its capacity as Claimant's Counsel. Claimant's Counsel, in turn, shall be solely responsible to allocate and disburse the amount received between the amount due the Claimant[3] and the amount due Claimant's Counsel." See Settlement Agreement, D.I. 23591, ¶ 3).

---

[2] The Settlement Agreement defines "Claimant Counsel" as Speights & Runyan, Main Plaza's counsel in connection with entering into the Settlement Agreement.

[3] The Settlement Agreement defines "Claimant" as "the asbestos property damage claimant identified on Exhibit A hereto [to the Settlement Agreement], which timely filed a proof of claim in this Bankruptcy." Exhibit A to the Settlement Agreement reflects Main Plaza, LLC, as the claimant for claim number 11009.

3. The Court shall retain jurisdiction over any and all matters arising from or related to the interpretation, implementation or enforcement of this Order.

Dated: Wilmington, Delaware
 October 23 , 2012

 *Judith K. Fitzgerald*
 HONORABLE JUDITH K. FITZGERALD
 UNITED STATES BANKRUPTCY JUDGE