# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re docket no.** _____ |
| | ) **Hearing Agenda item no.** _____ |

## ORDER APPROVING A QUALIFIED SETTLEMENT FUND AND RELATED RELIEF

Upon consideration of the Debtors' Motion for Entry of an Order Approving a Qualified

Settlement Fund and Related Relief (the "Motion), and it appearing that the relief requested is in

the best interests of the Debtors, their estates, their creditors and other parties in interest; the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances and that no other or further notice is required; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1.      The Motion is granted in its entirety.

2.      The QSF is approved in all respects.

3.      The Debtors are authorized, but not directed, to (i) open the Segregated Account, and (ii) transfer the Settlement Cash into the Segregated Account.

4.      This Court shall take continuing jurisdiction over the QSF.

5.      The Debtors are authorized to take all actions that may be necessary in connection with the establishment of the QSF and the Segregated Account.

6.      Neither the establishment and operation of the QSF nor the terms of this Order (1) modifies or affects in any respect the Plan, any of the Plan Documents, or any of the Debtors' obligations thereunder, or (2) imposes any obligations upon the Asbestos PI Trust.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

K&E 24008902.10

9.      This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rules 6004(h), 7062, 9014, or otherwise.

Dated: _____, 2012

_____

Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

K&E 24008902.10

3