## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re docket no. ___29797, 29882___ |
| | ) Hearing Agenda item no. ___3___ |

## ORDER AMENDING THE OCP ORDERS TO INCREASE THE TOTAL EXPENDITURE CAP FOR SC&H CONSULTING

Upon consideration of the *Motion To Amend The OCP Orders to Increase the Total Expenditure Cap for SC&H Consulting* (the "Motion") it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that:[2]

1.      The Motion is granted in its entirety.

2.      The Debtors are authorized to increase the Total Expenditure Cap for SC&H State &
        Local Tax ("SC&H") up to $2,000,000 during the pendency of these chapter 11 cases.

3.      In the event that SC&H's expenditures exceed the Total Expenditure Cap prior to the
        Effective Date, the Debtors at their discretion may further increase the Total Expenditure
        Cap for SC&H by up to $400,000 upon ten days' written notice (which notice shall be
        filed on the docket) to: (i) the Office of the United States Trustee; (ii) counsel to each of
        the official committees appointed in these chapter 11 cases;  and (iii) counsel to the
        Asbestos Personal Injury and Asbestos Property Damage Future Claimants'
        Representatives; _provided_, _however_, that if one or more of the afore-mentioned parties
        objects in writing to that proposed increase, then the Total Expenditure Cap for SC&H
        shall not be raised above $2,000,000 without a further order of this Court.

4.      This Court's _Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors
        to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the
        Debtors' Business_ dated May 3, 2001 (Docket No. 197), as further amended on
        December 10, 2002 (Docket No. 3126), July 24, 2006 (Docket No. 12855), September
        24, 2007 (Docket No. 16913) and November 21, 2011 (Docket No. 28006), is
        incorporated herein by reference, and shall remain in force except as otherwise expressly
        provided herein.

---

[2]  Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Motion,
the OCP Orders or the _First Amended Joint Plan of Reorganization in their Chapter 11 Cases_ [Docket No.
25881], as it may be further supplemented or otherwise further amended from time to time, and the schedules
and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

5.      This Order shall be without prejudice to the Debtors' rights to seek additional increases to

the amounts that they are authorized to pay OCPs in the future.

6.      The Debtors are authorized to take all actions that may be necessary to undertake the

relief set forth in this Order.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of

such motion and the requirements of Fed. R. Bankr. P. 2002 and the local rules of the

Court are satisfied by such notice.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or

relating to the implementation of this Order.

Dated: _____, 2012
      November 13


_Judith K. Fitzgerald_
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

3