IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hearing Date: January 28, 2013, at 9:00 a.m. |
| | Objection Deadline: January 11, 2013, at 4:00 p.m. |

**DEBTORS' MOTION FOR AUTHORIZATION TO MODIFY AND EXPAND THE
SCOPE OF SERVICES PROVIDED BY BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C. AND REQUEST FOR
<u>ENTRY OF ORDER NUNC PRO TUNC</u>**

The above-captained debtors and debtors in possession (collectively, the "Debtors") hereby move this Court for approval to (i) expand the scope of the services provided by Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson"), a professional retained in these bankruptcy cases; and (ii) increase the monthly fees paid to Baker Donelson in consideration of its expanded services from $20,000 to $30,000, *nunc pro tunc* to May 1, 2012 (the "Motion"). In support of this Motion, the Debtors state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O). Venue of this proceeding and this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein is 11 U.S.C. § 327(a) and Fed. R. Bank. P. 2014(a).

## BACKGROUND

2. On April 2, 2001 (the "Petition Date") each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as Debtors-in-Possession.

3. On April 20, 2001, the Court entered an order that the Debtors' Chapter 11 cases be consolidated for procedural purposes only and administrated jointly.

4. By this Court's order dated June 16, 2004, the Debtors were authorized to retain Baker Donelson to advise the Debtors, their counsel, and their Board of Directors with respect to legislative affairs and current pending, and future legislative affairs ("Legislative Affairs Services") and such other related services as the Debtors may deem necessary or desirable, effective as of April 2, 2001 (the "Retention Order"). The Retention Order authorizes Debtors to compensate Baker Donelson on a flat rate in the amount of $17,000.00 per month for services rendered plus reimbursement of actual and necessary expenses incurred by Baker Donelson. [Dkt #5821].

5. The Debtors, on or about January, 24, 2005 filed a motion seeking authorization to modify and expand the scope of services provided by Baker Donelson. Specifically, the

motion sought the approval of retention of Baker Donelson to assist Debtors in connection with the Debtors' business operations in China and with respect to the Chinese governmental authorities at the national, provincial and local levels ("China Assistance Services"). The expanded scope of work of Baker Donelson was approved by order entered on March 15, 2005, effective January 1, 2005 ("Order Modifying and Expanding Services"). Compensation of Baker Donelson for the China Assistance Services was approved on a flat rate in the amount of $35,000.00 per month for services rendered, plus reimbursement of actual and necessary expenses incurred by Baker Donelson. [Dkt #8029].

6. On or about January 17, 2006, Debtor filed a Motion seeking the entry of an Order expanding the scope of employment of Baker Donelson as Special Counsel to the Debtor seeking an extension of the China Assistance Services. Pursuant to Order entered on February 23, 2006, *nunc pro tunc* to October 1, 2005, the China Assistance Services continued. Under this Order, the Debtor agreed to a flat rate for compensation for Legislative Affairs Services in the amount of $20,000.00 per month effective March, 2005 for services rendered plus reimbursement of actual and necessary expenses incurred by Baker Donelson. [Dkt #11887]. Pursuant to agreement with the Debtor the agreed compensation for 2011 was reduced to $19,000.00, plus reimbursement of actual and necessary expenses incurred by Baker Donelson.

7. Over the past several months, Baker Donelson's Legislative Affairs Services have continued and expanded, as to the projects for which they were retained pursuant to specific requests of the Debtors. As a result Baker Donelson has needed to increase its staffing for the Legislative Services including the special consulting services of William M. Corcoran. The fee increase reflects fees in most part, fees paid by Baker Donelson to its retained special consultant.

**RELIEF REQUESTED**

8. By this Motion, the Debtors seek authority to expand the retention of Baker Donelson pursuant to 11 U.S.C. §§ 327 and 328. Specifically, the Debtors request entry of an order that (i) increases Baker Donelson's monthly fee for its expanded services from $19,000 (the agreed rate for 2011 through April, 2012) to $30,000; and (ii) expands the scope of Baker Donelson's retention and work, *nunc pro tunc* to May 1, 2012.

9. The terms of retention will continue to provide (a) that the Debtors will pay Baker Donelson a $30,000 fee each month for the term of retention and (b) reimburse Baker Donelson for all actual and necessary expenses incurred by Baker Donelson during the term of the retention.

10. Unless otherwise provided herein, Baker Donelson will seek compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules and any orders of this Court, including without limitation, (a) the *Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members*, dated May 3, 2001, effective as of April 2, 2001 and (b) *Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members*, dated April 17, 2002. However, consistent with Baker Donelson's current, Court-approved retention agreement, Baker Donelson will not submit detailed hourly-reports. Instead, Baker Donelson will submit interim and final fee applications, which include reasonably-detailed descriptions of the scope of services provided during the applicable period.

11. The requested increase in Baker Donelson's compensation for the Legislative Affairs Services is fair and reasonable. Baker Donelson has been providing Legislative Affairs Services to the Debtors for several years, and the Debtors require Baker Donelson to continue to provide such services to the Debtors. Subsequent to the Court's order authorizing the Debtors to retain Baker Donelson for purposes of providing the Legislative Affairs Services, Baker Donelson has found it necessary to increase its staffing of the Legislative Affairs Services and employ a special consultant. To adequately represent the Debtors, Baker Donelson has needed to utilize these additional resources on behalf of the Debtors at the Debtors' request. The Debtors seek authority to adequately compensate Banker Donelson for these services.

12. Baker Donelson is a "disinterested" party within the meaning of 11 U.S.C. § 327(a). *See* Affidavit of Joan M. McEntee, Dkt #7620, Exhibit A.

## NOTICE

13. Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; and (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required..

## NO PRIOR REQUEST

14. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, (a) increasing Baker Donelson's monthly fee for its existing and expanded services from $19,000 to $30,000, *nunc pro tunc* to May 1, 2012, (b) expanding the scope of Baker Donelson's retention in accordance with the specific request and direction of the Debtors and (c) granting such further relief as is just and proper.

Dated: November 14, 2012

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession

6