IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re: Docket No. _____** |
| | **1/28/13 Agenda Item No. \_\_\_\_\_** |

## ORDER MODIFYING AND EXPANDING THE SCOPE OF SERVICES PROVIDED BY BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.

Upon consideration of the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the expansion of the scope of the services permitted to be provided by Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson") to the Debtors and increase in the monthly fees paid to Baker Donelson in consideration of its expanded services; and the Court being satisfied, based on the representations made in the Motion, that Baker Donelson represents no interest adverse to

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

the Debtors' estates with respect to the matter upon which they are to be engaged, that Baker Donelson is a "disinterested person" as that term is defined under 11 U.S.C. § 104(14) of the Bankruptcy Code, as modified by 11 U.S.C. § 1107(b) of the Bankruptcy Code, and that the expansion of scope, as requested pursuant to the Motion, is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Debtors are authorized to increase Baker Donelson's compensation for the Legislative Affairs Services on the terms set forth in the Motion and to expand the scope of Baker Donelson's services on the terms set forth in the Motion, *nunc pro tunc* to May 1, 2012.

3. The Debtors are authorized to retain Baker Donelson to provide Legislative Affairs Services for a monthly fee of $30,000 and reimburse Baker Donelson for all actual and necessary expenses incurred by Baker Donelson during the term of the retention.

4. Baker Donelson shall be compensated for the Legislative Affairs Services and reimbursed for expenses incurred providing such services, consistent with the terms described in the Motion, and in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules and any orders of this Court, including without limitation, (a) the *Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001*, effective as of April 2, 2001

and (b) *Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members*, dated April 17, 2002 (together, the "Administrative Order").

5. Notwithstanding anything to the contrary in the Administrative Order, Baker Donelson will not be required to submit detailed daily time records or expense records as part of any monthly statements, or interim or final fee applications submitted by Baker Donelson with respect to its provision of the Legislative Affairs Services; provided, however, that in lieu of such records, Baker Donelson shall submit a reasonably detailed summary of such services earned in connection therewith as part of such monthly statements, or interim or final fee applications.

6. Notwithstanding anything to the contrary herein, the application or the Administrative Order, Baker Donelson's fees shall be subject to the approval of the Court under a reasonableness standard upon proper application by Baker Donelson in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court, including, without limitation, the Administrative Order.

7. This Court retains jurisdiction with respect to all matters arising from or relating to the implementation of this order.

Dated: _____.

                                                                  The Honorable Judith K. Fitzgerald
                                                                  United States Bankruptcy Judge

M MRH01 2356926 v1
2850487-000001 11/14/2012