## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 12/17/2012; 4:00 PM ET |
| | § | Hearing Date: 3/25/2013; 9:00 AM ET |

**SIXTEENTH QUARTERLY APPLICATION OF ALAN B. RICH, ESQ. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR THE 46th QUARTERLY PERIOD FROM JULY 1, 2012 THROUGH SEPTEMBER 30, 2012**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Alan B. Rich, Esq., pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order") and Del. Bankr. LR 2016-2, and hereby applies for an order allowing him (i) compensation in the amount of $57,750.00 for the reasonable and necessary legal services he has rendered to Judge Alexander M. Sanders, Jr., Legal Representative for Future Asbestos-Related Property

Damage Claimants and Holders of Demands, and (ii) reimbursement of actual and necessary

expenses that he has incurred in the amount of $565.23, for a total of $58,315.23, or one hundred

percent (100%) of all compensation and expense reimbursement requested for the period July 1,

2012 through September 30, 2012 (the "Quarterly Fee Application"), and in support of this

Quarterly Fee Application, would respectfully show as follows:

### I.

### <u>SUMMARY</u>

Name of Applicant:                                                          Alan B. Rich, Esq.

Authorized to Provide Services To:             Judge Alexander M. Sanders, Jr.,
Legal Representative for Future Asbestos-
Related Property Damage Claimants
and Holders of Demands

Date of Retention:                      September 29, 2008 (*nunc pro tunc*)

Period for Which Compensation
and Reimbursement is Sought:         July 1, 2012 to September 30, 2012

Amount of Fees Sought as Actual
Reasonable and Necessary:           $57,750.00

Amount of Expenses Sought as
Actual, Reasonable and Necessary:     $565.23

This is a(n):   ☐Monthly   ☒Quarterly   ☐Interim   ☐Final Application

### <u>PRIOR APPLICATIONS</u>

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 11/15/2008 | 9/29/2008 to 9/30/2008 | $5,796.00 | $693.50 | Paid | Paid |

---

[1] At 80% of the total incurred.

-2-

| 11/15/2008 | 10/1/2008 to 10/30/2008 | $24,380.00 | $3,821.18 | Paid | Paid |
|---|---|---|---|---|---|
| 12/11/2008 | 11/1/2008 to 11/30/2008 | $35,326.00 | $4,010.79 | Paid | Paid |
| 1/2/2009 | 12/1/2008 to 12/31/2008 | $18,510.00 | $1,482.39 | Paid | Paid |
| 2/1/2009 | 1/1/2009 to 1/31/2009 | $31,740.00 | $2,717.34 | Paid | Paid |
| 3/2/2009 | 2/1/2009 to 2/28/2009 | $32,614.00 | $2,420.56 | Paid | Paid |
| 4/2/2009 | 3/1/2009 to 3/31/2009 | $27,186.00 | $4,556.30 | Paid | Paid |
| 5/5/2009 | 4/1/2009 to 4/30/2009 | $25,898.00 | $2,612.62 | Paid | Paid |
| 6/2/2009 | 5/1/2009 to 5/31/2009 | $56,304.00 | $5,301.01 | Paid | Paid |
| 7/1/2009 | 6/1/2009 to 6/30/2009 | $56,902.00 | $7,769.09 | Paid | Paid |
| 8/22/2009 | 7/1/2009 to 7/31/2009 | $40,296.00 | $4,279.60 | Paid | Paid |
| 9/1/2009 | 8/1/2009 to 8/31/2009 | $56,442.00 | $6,484.97 | Paid | Paid |
| 10/1/2009 | 9/1/2009 to 9/30/2009 | $65,184.00 | $6,064.05 | Paid | Paid |
| 11/1/2009 | 10/1/2009 to 10/31/2009 | $28,848.00 | $2,337.16 | Paid | Paid |
| 12/1/2009 | 11/1/2009 to 11/30/2009 | $16,176.00 | $10.35 | Paid | Paid |
| 1/3/2010 | 12/1/2009 to 12/31/2009 | $7,200.00 | $194.00 | Paid | Paid |
| 2/1/2010 | 1/1/2010 to 1/31/2010 | $29,088.00 | $2,415.28 | Paid | Paid |
| 3/2/2010 | 2/1/2010 to 2/28/2010 | $7,392.00 | $187.00 | Paid | Paid |
| 4/1/2010 | 3/1/2010 to 3/31/2010 | $7,200.00 | $150.56 | Paid | Paid |
| 5/3/2010 | 4/1/2010 to 4/30/2010 | $11,040.00 | $805.28 | Paid | Paid |

| 6/1/2010 | 5/1/2010 to 5/31/2010 | $5,808.00 | $44.00 | Paid | Paid |
|---|---|---|---|---|---|
| 7/1/2010 | 6/1/2010 to 6/30/2010 | $9,792.00 | $779.81 | Paid | Paid |
| 8/2/2010 | 7/1/2010 to 7/31/2010 | $7,824.00 | $208.00 | Paid | Paid |
| 9/1/2010 | 8/1/2010 to 8/31/2010 | $4,272.00 | $273.00 | Paid | Paid |
| 10/1/2010 | 9/1/2010 to 9/30/2010 | $6,672.00 | $30.00 | Paid | Paid |
| 11/1/2010 | 10/1/2010 to 10/31/2010 | $3,408.00 | $44.00 | Paid | Paid |
| 12/1/2010 | 11/1/2010 to 11/30/2010 | $6,012.00 | $0 | Paid | Paid |
| 1/3/2011 | 12/1/2010 to 12/31/2010 | $13,572.00 | $1,146.02 | Paid | Paid |
| 2/1/2011 | 1/1/2011 to 1/31/2011 | $13,416.00 | $1,247.19 | Paid | Paid |
| 3/1/2011 | 2/1/2011 to 2/28/2011 | $17,992.00 | $1,509.34 | Paid | Paid |
| 4/1/2011 | 3/1/2011 to 3/31/2011 | $10,660.00 | $201.00 | Paid | Paid |
| 5/2/2011 | 4/1/2011 to 4/30/2011 | $13,364.00 | $44.00 | Paid | Paid |
| 6/1/2011 | 5/1/2011 to 5/31/2011 | $22,932.00 | $243.05 | Paid | Paid |
| 7/1/2011 | 6/1/2011 to 6/30/2011 | $18,824.00 | $533.60 | Paid | Paid |
| 8/1/2011 | 7/1/2011 to 7/31/2011 | $10,088.00 | $0 | Paid | Paid |
| 9/1/2011 | 8/1/2011 to 8/31/2011 | $6,708.00 | $20.88 | Paid | Paid |
| 10/3/2011 | 9/1/2011 to 9/30/2011 | $6,500.00 | $0 | Paid | Paid |
| 11/1/2011 | 10/1/2011 to 10/31/2011 | $6,396.00 | $0 | Paid | Paid |
| 12/5/2011 | 11/1/2011 to 11/30/2011 | $6,084.00 | $0 | Paid | Paid |

| 1/3/2012 | 12/1/2011 to 12/31/2011 | $3,484.00 | $30.00 | Paid | Paid |
|---|---|---|---|---|---|
| 2/1/2012 | 1/1/2012 to 1/31/2012 | $8,372.00 | $0 | Paid | Paid |
| 3/5/2012 | 2/1/2012 to 2/29/2012 | $13,312.00 | $30.00 | Paid | Paid |
| 4/2/2012 | 3/1/2012 to 3/31/2012 | $8,060.00 | $0 | Paid | Paid |
| 5/3/2012 | 4/1/2012 to 4/30/2012 | $8,628.00 | $637.84 | Paid | Paid |
| 6/1/2012 | 5/1/2012 to 5/31/2012 | $18,450.00 | $1,613.72 | Paid | Paid |
| 7/2/2012 | 6/1/2012 to 6/30/2012 | $21,164.00 | $1,753.72 | Paid | Paid |
| 8/1/2012 | 7/1/2012 to 7/31/2012 | $22,400.00 | $565.23 | Paid | Paid |
| 9/4/2012 | 8/1/2012 to 8/31/2012 | $17,808.00 | $0.00 | Paid | Paid |
| 10/1/2012 | 9/1/2012 to 9/30/2012 | $5,992.00 | $0.00 | Paid | Paid |

Alan B. Rich is the only attorney providing services in this Fee Application period.  Mr. Rich has practiced law for 28 years, and his billing rate is $700 per hour.  In this Quarterly Application period Mr. Rich billed 82.5 hours,[2] for a total amount billed of $57,750.00, of which 80% ($46,200.00) has already been paid.  All expenses, $565.23, have been billed and paid.

**Therefore, the amount not yet approved on an interim basis or paid is $11,550.00 in fees.**

The time for preparation of this Fifteenth Quarterly Application is approximately 1.5 hours, for which $1,050.00 will be requested in a future application.

---

[2] Actual Non-Productive travel time, if any, is included in this figure, although it was billed at 50% of the actual time incurred.

COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Confirmation | 72.2 | $50,540.00 |
| Fee Applications | 10.3 | $7,210.00 |
| TOTAL | 82.5 | $57,750.00 |

EXPENSE SUMMARY

| Description | Expense |
|---|---|
| Westlaw | $565.23 |
| TOTAL | $565.23 |

## II.

## APPLICATION

1.     On April 2, 2001 , (the "Petition Date") each of the Debtors filed a

voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code

(the "Chapter 11 Cases").  On April 2, 2001, the Court entered an order procedurally

consolidating the Chapter 11 Cases for administrative purposes only.  Since the Petition Date, the

Debtors are continuing to operate their businesses and manage their properties and assets as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the United States Bankruptcy

Code.  The Plan has been confirmed and is now on appeal to the Third Circuit.

2.     On May 3, 2001, the Court entered an Interim Compensation Order, as

amended by the Amended Interim Compensation Order, establishing procedures for monthly

compensation and reimbursement of expenses of professionals (each such application, a

"Monthly Fee Application"), and whereby any notice party listed in the Amended Interim

Compensation Order may object to such Monthly Fee Application.  If no notice party objects to

professional's Monthly Fee Application within twenty (20) days after the date of service of the

Monthly Fee Application, the applicable professional may submit to the Court a certification of

no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of

the fees requested and one hundred percent (100%) of the expenses requested, subject to the

filing and approval of the interim and final fee applications of the professional.

   3.  Furthermore, and also pursuant to the Amended Interim Compensation

Order, within forty-five (45) days of the end of each quarter, professionals are required to file

and serve, upon the notice parties, a quarterly request (a "Quarterly Fee Application") for interim

Court approval and allowance of the Monthly Fee Applications filed during the quarter covered

by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee

Application, the Debtors are authorized and directed to pay the professional 100% of the fees and

expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application,

less any amounts previously paid in connection with the Monthly Fee Applications.  Any

payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is

subject to final approval of all fees and expenses at a hearing on the professional's final fee

application.

   4.  By an order of this Court, the PD FCR was authorized to retain Alan B. Rich as

his counsel, effective as of September 29, 2008 (the "Retention Order").  The Retention Order

authorizes the Debtors to compensate Rich at his hourly rate charged for services of this type and

to be reimbursed for actual and necessary out-of-pocket expenses that he incurred, subject to

application to this Court in accordance with the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.      This Quarterly Fee Application, which is submitted in accordance with the

Amended Interim Compensation Order, is Rich's Sixteenth Quarterly Fee Application for

compensation for services rendered in connection with the Chapter 11 Cases and covers the 46th

Quarterly fee period of July 1, 2012 through September 30, 2012 (the "Fee Period").

6.      Rich has filed with the Court the following Monthly Fee Applications for

interim compensation during the Fee Period:

(a)     Application of Alan B. Rich, Esq. For Compensation for Services and
        Reimbursement of Expenses as Counsel to the Legal Representative for Future
        Asbestos-related Property Damage Claimants And Holders of Demands for the
        Forty-Seventh Interim Period from July 1, 2012 Through July 31, 2012, seeking
        $22,400.00 (80% of $28,000.00) in fees and expenses in the amount of $565.23;

(b)     Application of Alan B. Rich, Esq. For Compensation for Services and
        Reimbursement of Expenses as Counsel to the Legal Representative for Future
        Asbestos-related Property Damage Claimants And Holders of Demands for the
        Forty-Eighth Monthly Interim Period from August 1, 2012 Through August 31,
        2012, seeking $17,808.00 (80% of $22,260.00) in fees; and

(c)     Application of Alan B. Rich, Esq. For Compensation for Services and
        Reimbursement of Expenses as Counsel to the Legal Representative for Future
        Asbestos-related Property Damage Claimants And Holders of Demands for the
        Forty-Ninth Monthly Interim Period from September 1, 2012 Through September
        30, 2012, seeking $5,992.00 (80% of $7,490.00) in fees.

7.      The monthly fee applications covered by this Quarterly Fee Application contain

detailed daily time logs describing the actual and necessary services provided by Rich during the

Fee Period, as well as other detailed information required to be included in fee applications.  The

Forty-Seventh, Forty-Eighth and Forty-Ninth monthly fee applications (collectively, the

"Applications") are attached hereto as Exhibits "1," "2" and "3" respectively.

8.      The periods for objecting to the fee and expense reimbursements relating to the Forty-Seventh, Forty-Eighth and Forty-Ninth monthly fee applications have each passed without any objections being filed, whereupon Rich filed Certificates of No Objection with the Court, and Rich has been paid interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

9.      Rich has filed 15 prior Quarterly Fee Applications.

10.     By this Sixteenth Quarterly Fee Application, Rich requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Rich from July 1, 2012 through September 30, 2012, and authorize and require payment of said amounts less any amounts previously paid to Rich pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order.  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Monthly Fee Applications that already have been filed with the Court.

11.     Rich reserves his right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee application.

12.     At all relevant times, Rich has been a disinterested person as that term is defined in Section 101(14) of the United States Bankruptcy Code, as modified by section 1107(b) of the United States Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

13.     All services for which compensation is requested by Rich were performed for or on behalf of the PD FCR and not on behalf of any committee, creditor, or other person.

14.     Rich believes that this Quarterly Fee Application complies with the requirements of Del. Bankr. LR 2016-2 and the Amended Interim Compensation Order.

15.     During the Interim Period, Rich has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases, other than the interim compensation payments pursuant to the Amended Interim Compensation Order.  There is no agreement or understanding between Rich and any other person for the sharing of compensation to be received for services rendered in these cases.

16.     The professional services and related expenses for which Rich requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of Rich's professional responsibilities as counsel for the PD FCR in the Chapter 11 Cases.  Rich's services have been necessary and beneficial to the PD FCR as well as the Debtors and their estates, creditors, and other parties in interest.

17.     Pursuant to Fed R. Bankr. P. 2016(b), Rich has not shared, nor has agreed to share: (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Alan B. Rich, Esq. respectfully requests that the Court enter an order, providing that (a) for the period from July 1, 2012 through September 31, 2012, an administrative allowance be made to Rich in the sum of $57,750.00 as compensation for reasonable and necessary professional services rendered to the PD FCR and, in the sum of

$565.23 for reimbursement of actual and necessary costs and expenses incurred, for a total of $58,315.23; (b) that the Debtors be authorized and directed to pay to Rich the outstanding amount of such sums, less any sums previously paid to Rich pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order and (c) this Court grant such other and further relief to which Rich is justly entitled.

Respectfully Submitted,

_____
Alan B. Rich
Texas Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## DECLARATION

Alan B. Rich, declares as follows:

I am the counsel hired by the PD FCR with the approval of the Court, and am familiar with the legal services which I rendered to the PD FCR.  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  I believe that this Application substantially complies with Local Bankruptcy Rules for the District of Delaware.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 26, 2012.

_____

## CERTIFICATE OF SERVICE

I certify that on the 26th day of November, 2012, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W. R. GRACE & CO., et al., | § | Case No. 01-01139 (JKF) |
| | § | |
| *Debtors.* | § | Jointly Administered |
| | § | |
| | § | Objection Deadline: 8/27/12; 4:00 p.m., ET |
| | § | Hearing Date: TBD (if needed) |

**SUMMARY OF APPLICATION OF ALEXANDER M. SANDERS, JR. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR THE THIRTY-SEVENTH MONTHLY INTERIM PERIOD FROM JULY 1, 2012 THROUGH JULY 31, 2012**

| | |
|---|---|
| Name of Applicant: | Hon. Alexander M. Sanders, Jr. |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | September 22, 2008 (*nunc pro tunc*) |
| Period for Which Compensation and Reimbursement is Sought: | July 1, 2012 through July 31, 2012 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $1,188.00  [80% of $1,485.00] |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $0.00 |

This is a(n):  ☒Monthly      ☐Interim      ☐Final Application

PRIOR APPLICATIONS

| Date  Filed | Period  Covered | Requested  Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Paid | Paid |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | Paid | Paid |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | Paid | Paid |
| 11/4/2009 | 10-1-2009 to 10-31-2009 | $11,664.00 | $1,336.21 | Paid | Paid |
| 12/7/2009 | 11-1-2009 to 11-30-2009 | $5,292.00 | $0 | Paid | Paid |
| 1/7/2010 | 12-1-2009 to 12-31-2009 | $1,440.00 | $37.00 | Paid | Paid |
| 2/9/2010 | 1-1-2010 to 1-31-2010 | $18,972.00 | $2,992.32 | Paid | Paid |
| 3/12/2010 | 2-1-2010 to 2-28-2010 | $360.00 | $30.00 | Paid | Paid |
| 4/20/2010 | 3-1-2010 to 3-31-2010 | $2,016.00 | $0 | Paid | Paid |
| 5/5/2010 | 4-1-2010 to 4-30-2010 | $1,332.00 | $72.00 | Paid | Paid |
| 6/3/2010 | 5-1-2010 to 5-31-2010 | $2,484.00 | $0 | Paid | Paid |
| 9/17/2010 | 6-1-2010 to 6-30-2010 | $3,348.00 | $30.00 | Paid | Paid |
| 10/26/2010 | 7-1-2010 to 9-30-2010 | $390.00 | $30.00 | Paid | Paid |
| 12/1/2010 | 10-1-2010 to 11-30-2010 | $972.00 | $0 | Paid | Paid |

---

[1] At 80% of the total incurred.

| 1/6/2011 | 12-1-2010 to 12-31-2010 | $4,248.00 | $58.00 | Paid | Paid |
|---|---|---|---|---|---|
| 2/3/2011 | 1-1-2011 to 1-31-2011 | $5,184.00 | $0 | Paid | Paid |
| 3/15/2011 | 2-1-2011 to 2-28-2011 | $5,832.00 | $1,348.39 | Paid | Paid |
| 4/5/2011 | 3-1-2-11 to 3-31-2011 | $3,348.00 | $235.00 | Paid | Paid |
| 5/10/2011 | 4-1-2011 to 4-30-2011 | $1,188.00 | $0 | Paid | Paid |
| 6/8/2011 | 5-1-2011 to 5-31-2011 | $11,052.00 | $0 | Paid | Paid |
| 7/5/2011 | 6-1-2011 to 6-30-2011 | $5,724.00 | $872.11 | Paid | Paid |
| 8/1/2011 | 7-1-2011 to 7-31-2011 | $3,456.00 | $0 | Paid | Paid |
| 9/13/2011 | 8-1-2011 to 8-31-2011 | $648.00 | $0 | Paid | Paid |
| 10/13/2011 | 9-1-2011 to 9-30-2011 | $1,476.00 | $0 | Paid | Paid |
| 11/15/2011 | 10-1-2011 to 10-31-2011 | $1,980.00 | $0 | Paid | Paid |
| 2/3/2012 | 12-1-2012 to 12-31-2012 | $240.00 | $30.00 | Paid | Paid |
| 2/3/2012 | 1-1-2012 to 1-31-2012 | $3,096.00 | $0 | Paid | Paid |
| 3/9/2012 | 2-1-2012 to 2-29-2012 | $4,212.00 | $30.00 | Paid | Paid |
| 5/9/2012 | 4-1-2012 to 4-30-2012 | $4,716 | $1,051.60 | Paid | Paid |
| 6/13/2012 | 5-1-2012 to 5-31-2012 | $5,184 | $1,186.87 | Paid | Paid |
| 7/2/2012 | 6-1-2012 to 6-30-2012 | $7,272.00 | $1,179.34 | Paid | Paid |

Alexander M. Sanders, Jr. is the only attorney providing services in this Fee Application period.  Judge Sanders has practiced law for over 45 years, and his billing rate is $450 per hour. In this Application period Judge Sanders billed 3.3 hours,[2] for a total amount billed of $1,485.00,

---

[2] Non-Productive travel time, if any, is included in this figure, but at 50% of the actual time.

of which 80% is currently sought, in the amount of $1,188.00.

As stated above, this is the Thirty-Seventh application for monthly fees and expenses.

The time for preparation of this Application is approximately .5 hours, for which $350.00 will be

requested in a future application of my counsel.

COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Confirmation | 3.3 | $1,485.00 |
| TOTAL | 3.3 hours | $1,485.00 |

EXPENSE SUMMARY

| Description | Expense |
|---|---|
| NONE | $0.00 |
| TOTAL | $0.00 |

Detail of the fees and expenses billed is attached hereto as Exhibit A.

[Remainder of page intentionally blank]

<u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)</u>

I, Alan B. Rich, a professional person seeking approval of this Monthly Fee Application, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____

Alan B. Rich, Esq.
Texas Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER M. SANDERS, JR., LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on the 6th day of August, 2012, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

-5-

# EXHIBIT A

## ALEXANDER M. SANDERS, JR.
### Attorney at Law
19 Water Street
Charleston, SC 29401

**INVOICE FOR PROFESSIONAL SERVICES 7/1/12 – 7/31/12**

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

*In re W. R. Grace,* No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|--------------------|------|
| 7/5/12 | Review of e-mail re: W.R. Grace property damage settlements | 0.3 |
| 7/12/12 | Review of PD FCR's response to Garlock's emergency motion for a stay | 1.0 |
| 7/29/12 | Review of e-mail from Alan Rich, Esq., re: Grant Thornton retention motion, etc., (approx.. 100 pages) | 2.0 |

3.3  hours @ $450/hour        $    1,485.00