### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 12/19/2012; 4:00 p.m. ET |
| | § | Hearing Date: 3/25/2013; 9:00 a.m. ET |

**THIRD QUARTERLY APPLICATION OF R. KARL HILL, SEITZ, VAN OGTROP & GREEN, P.A., LOCAL COUNSEL TO THE HON. ALEXANDER M. SANDERS, JR., THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES FOR THE 42nd THROUGH 46th QUARTERLY PERIODS FROM JULY 1, 2011 THROUGH SEPTEMBER 30, 2012**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, R. Karl Hill, Seitz, Van Ogtrop & Green, P.A., Local Counsel to the Hon. Alexander M . Sanders, Jr., pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Appointment Order (as defined below), the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order") and Del. Bankr. LR 2016-2, and hereby applies for an order allowing him (i) compensation in the amount of

$202.50 for the reasonable and necessary services he has rendered as local counsel to the Legal

Representative for Future Asbestos-Related Property Damage Claimants and Holders of

Demands, or one hundred percent (100%) of all compensation and expense reimbursement

requested, for the period July 1, 2011 through September 30, 2012 (the "Quarterly Fee

Application"), and in support of this Quarterly Fee Application, would respectfully show as

follows:

### SUMMARY

| | |
|---|---|
| Name of Applicant: | Seitz, Van Ogtrop & Green, P.A.<br>R. Karl Hill, Esq. |
| Authorized to Provide Services To:: | Hon. Alexander M. Sanders, Jr.,<br>Legal Representative for Future Asbestos-<br>Related Property Damage Claimants and<br>Holders of Demands |
| Date of Retention: | September 29, 2008, *nunc pro tunc* |
| Period for Which Compensation<br>and Reimbursement is Sought: | July 1, 2011 through September 30, 2012 |
| Amount of Fees Sought as Actual<br>Reasonable and Necessary: | $202.50 |
| Amount of Expenses Sought as<br>Actual, Reasonable and Necessary: | $0.00 |

This is a(n):   ☐Monthly   ☒Quarterly   ☐Interim   ☐Final Application\

PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 11-13-2009 | 9-29-08 to 2-28-09 | $1,632.00 | $0.00 | Paid | Paid |
| 3-25-2011 | 3-1-09 to 2-28-11 | $1,838.40 | $4.80 | Paid | Paid |
| 5-5-2011 | 3-1-2011 to 3-31-2011 | $816.00 | $0.00 | Paid | Paid |
| 6-3-2011 | 4-1-2011 to 4-30-2011 | 2,628.00 | $0.00 | Paid | Paid |
| 7-5-2011 | 5-1-2011 to 5-31-2011 | $1,464.00 | $40.00 | Paid | Paid |
| 8-1-2011 | 6-1-2011 to 6-30-2011 | $3,432.00 | $0.00 | Paid | Paid |
| 9-11-2012 | 7/1/2011 to 6/30/2012 | $162.00 | $0.00 | Paid | Paid |

R. Karl Hill and Kevin A. Guerke are the only attorneys providing services in this Fee Application period. Mr. Hill has practiced law for over 20 years, and his billing rate is $300.00 per hour. Mr. Guerke has practiced law for 10 years and his billing rate is $175.00 per hour. In this Quarterly Application period, Mr. Hill billed 0.5 hours and Mr. Guerke billed 0.3 hours, for a total amount billed of $202.50 of which 80% ($162.00) has been paid or has payment pending, leaving the amount not yet approved or paid of $40.50

The time for preparation of this Third Quarterly Application is approximately 0.3 hours, for which $210.00 will be requested in a future application by lead counsel for the PD FCR.

---

[1] At 80% of the total incurred.

COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Confirmation | 3.3 | $202.50 |
| TOTAL | 3.3 | $202.50 |

EXPENSE SUMMARY

| Description | Expense |
|---|---|
| None | |
| TOTAL | $0.00 |

**APPLICATION**

1.      On April 2, 2001 , (the "Petition Date") each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Chapter 11 Cases").  On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only.  Since the Petition Date, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the United States Bankruptcy Code.

2.      On May 3, 2001, the Court entered an Interim Compensation Order, as amended by the Amended Interim Compensation Order, establishing procedures for monthly compensation and reimbursement of expenses of professionals (each such application, a "Monthly Fee Application"), and whereby any notice party listed in the Amended Interim Compensation Order may object to such Monthly Fee Application.  If no notice party objects to

-4-

professional's Monthly Fee Application within twenty (20) days after the date of service of the

Monthly Fee Application, the applicable professional may submit to the Court a certification of

no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of

the fees requested and one hundred percent (100%) of the expenses requested, subject to the

filing and approval of the interim and final fee applications of the professional.

3.      Furthermore, and also pursuant to the Amended Interim Compensation

Order, within forty-five (45) days of the end of each quarter, professionals are required to file

and serve, upon the notice parties, a quarterly request (a "Quarterly Fee Application") for interim

Court approval and allowance of the Monthly Fee Applications filed during the quarter covered

by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee

Application, the Debtors are authorized and directed to pay the professional 100% of the fees and

expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application,

less any amounts previously paid in connection with the Monthly Fee Applications.  Any

payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is

subject to final approval of all fees and expenses at a hearing on the professional's final fee

application.

4.      By an October 20, 2008 order of this Court, later made *nunc pro tunc* as of

September 22, 2008, the PD FCR was appointed by the Court.  By an Order of this Court, *nunc

pro tunc* as of September 29, 2008, R. Karl Hill, Seitz, Van Ogtrop & Green, P.A. was retained

as local Delaware counsel by the PD FCR (the "Appointment Order").  The Appointment Order

authorizes the Debtors to compensate Mr. Hill and Seitz, Van Ogtrop & Green, P.A. at their

normal hourly rate charged for services of this type and to be reimbursed for actual and necessary

out-of-pocket expenses incurred, subject to application to this Court in accordance with the

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and

orders of this Court.

5.      This Quarterly Fee Application, which is submitted in accordance with the

Amended Interim Compensation Order, is the Third Quarterly Fee Application for

compensation for services rendered by Mr. Hill and his firm in connection with the Chapter 11

Cases and covers the fee period of April 1, 2011 through June 30, 2011 (the "Fee Period").

6.      The following Monthly Fee Application for interim compensation during the Fee

Period has been filed respecting Mr. Hill and his firm's services:

> "Application of Seitz, Van Ogtrop & Green, P.A. for Compensation for Services and
> Reimbursement of Expenses as Local Counsel to the Legal Representative for Future
> Asbestos-related Property Damage Claimants and Holders of Demands for the Seventh
> Interim Period From July 1, 2011 Through June 30, 2012," seeking $162.00 in fees (80%
> of $202.50);

7.      The monthly fee applications covered by this Quarterly Fee Application contain

detailed daily time logs describing the actual and necessary services provided by Mr. Hill and his

firm during the Fee Period, as well as other detailed information required to be included in fee

applications.  The Seventh monthly fee application is attached hereto as Exhibit "1."

8.      The periods for objecting to the fee and expense reimbursements relating to

the Seventh monthly fee application has passed without any objections being filed, whereupon a

Certificate of No Objection was filed with the Court.

9.      Two previous Quarterly Fee Applications have been filed by Mr. Hill and his

firm.

10.     By this Third Quarterly Fee Application, Mr. Hill and his firm request that the

Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Mr. Hill and his firm from July 1, 2011 through June 30, 2012, and order the payment of that amount, less any amounts previously paid to Mr. Hill and his firm pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order.  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Monthly Fee Applications that already have been filed with the Court.

11.    Mr. Hill and his firm reserve the right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee applications.

12.    At all relevant times, Mr. Hill and his firm have been disinterested persons as that term is defined in Section 101(14) of the United States Bankruptcy Code, as modified by section 1107(b) of the United States Bankruptcy Code and have not represented or held an interest adverse to the interest of the Debtors.

13.    All services for which compensation is requested by Mr. Hill and his firm were performed as counsel to the PD FCR and not on behalf of any committee, creditor, or other person.

14.    Mr. Hill believes that this Third Quarterly Fee Application complies with the requirements of Del. Bankr. LR 2016-2 and the Amended Interim Compensation Order.

15.    During the Interim Period, Mr. Hill and his firm have received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases, other than the interim compensation payments pursuant

to the Amended Interim Compensation Order.  There is no agreement or understanding between Mr. Hill and his firm and any other person for the sharing of compensation to be received for services rendered in these cases, other than normal intra-firm distributions at Mr. Hill's law firm.

16.    The professional services and related expenses for which Mr. Hill and his firm request interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of their professional responsibilities as counsel to the PD FCR in the Chapter 11 Cases.  The services of Mr. Hill and his firm have been necessary and beneficial to future property damage claimants as well as the Debtors and their estates, creditors, and other parties in interest.

17.    Pursuant to Fed R. Bankr. P. 2016(b), other than normal intra-firm distributions at his law firm, Mr. Hill and his firm have not shared, nor has agreed to share: (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, R. Karl Hill and Seitz, Van Ogtrop & Green, P.A. respectfully request that the Court enter an order, providing that (a) for the period from July 1, 2011 through June 30, 2012, an administrative allowance be made to Mr. Hill and his firm in the sum of $202.50.00 as compensation for reasonable and necessary professional services rendered as local counsel to the PD FCR; (b) that the Debtors be authorized and directed to pay to Mr. Hill and his firm the outstanding amount of such sums, less any sums previously paid to Mr. Hill and his firm pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order and (c) this Court grant such other and further relief to which Mr. Hill and his firm are justly entitled.

Respectfully Submitted,

_____

Alan B. Rich, Esq.
Texas Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## DECLARATION

R. Karl Hill declares as follows:

I am counsel hired by the PD FCR with the approval of the Court, and am familiar with the services rendered by me and my firm.  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  I believe that this Application substantially complies with Local Bankruptcy Rules for the District of Delaware.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November  _____, 2012.

_____

## CERTIFICATE OF SERVICE

I certify that on the ___ day of November, 2011, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____