## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. Grace & Co., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Hearing Date:** March 25, 2013 |
| | ) **Objection Deadline:** December 27., 2012 |

### SUMMARY OF FIRST QUARTERLY INTERIM VERIFIED APPLICATION OF THE ACCOUNTING FIRM OF GRANT THORNTON LLP, FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS TAX AND ACCOUNTING ADVISORS TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JULY 1, 2012, THROUGH SEPTEMBER 30, 2012[2]

| | |
|---|---|
| Name of Applicant: | **Grant Thornton, LLP** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al.,** **Debtors and Debtors-in-Possession** |

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  This application is for the 1st quarter in which Applicant has been retained in these chapter 11 cases. It relates to the 46th quarter of the chapter 11 cases for purposes of review of fees and expenses.

Date of Retention:                                              **Retention Order entered August 14, 2012,**
                                                                **effective as of August 14, 2012**

Period for which compensation and
reimbursement is sought:                                        **July 1, 2012, through September 30, 2012**

Amount of Compensation sought as actual,
reasonable and necessary:                                                              **$510,804.50**

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:                                                   **$41,603.33**

This is a ___ monthly _X_ quarterly application.  Previous fee applications:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| September 7, 2012 | Aug. 1-31, 2012 | $87,581.00 | $9,776.15 | Interim approval | Interim approval |
| October 11, 2012 | Aug. 1-31, 2012 | $243,006.50 | $16,344.34 | Interim approval | Interim approval |
| November 2, 2012 | Sep. 1-30, 2012 | $180,217.00 | $15,482.84 | Interim approval | Interim approval |

Grant Thornton has filed certificates of no objection with the Court for the July, August

and September Monthly Fee Applications because no objections were filed with the Court within

the objection period.  The hearing for this interim period of July 1, 2012, through September 30,

2012, (the "Fee Period") has been scheduled for March 25, 2013.

Grant Total for Fees:          $510,804.50

Grand Total for Expenses:        $41,603.33

## COMPENSATION BY MATTER

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 18 | Section 199 Tax Study | 539.70 | $236,023.20 |
| 18 | R&D Tax Credit Study | 746.20 | $274,781.50 |
|  | Total Hours Billed and Compensation Requested | 1285.90 | $ 510,804.50 |

## EXPENSE SUMMARY

| Service Description | Amount |
|---|---|
| Airfare | $14,171.13 |
| Lodging | $12,106.04 |
| Rental Car / Ground Transportation | $4,789.47 |
| Per Diem | $789.00 |
| Meals | $6,898.35 |
| Mileage | $845.34 |
| Client Acceptance Procedures – Background check charges | $1,850.00 |
| Miscellaneous / Other | $154.00 |
| Total Expenses | $ 41,603.33 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. Grace & Co., et al.[3] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Hearing Date: March 25, 2013** |
| | ) **Objection Deadline:** December 27, 2012 |

### FIRST QUARTERLY INTERIM VERIFIED APPLICATION OF GRANT THORNTON LLP, FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS TAX AND ACCOUNTING ADVISORS TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JULY 1, 2012, THROUGH SEPTEMBER 30, 2012

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the *Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members* (the "Interim Compensation Order"), the *Amended Administrative Order under 11 U.S.C. §§ 105(a)*

---

[3]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* (the "Amended Interim Compensation Order") and Del.Bankr.LR 2016-2, the accounting firm of Grant Thornton LLP ("GT"), tax and accounting advisors for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order (the "First Quarterly Fee Application") allowing GT for the interim quarterly period from July 1, 2012, through September 30, 2012 (the "Fee Period"): (i) compensation in the amount of $510,804.50 for the reasonable and necessary tax services GT has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that RJH has incurred in the amount of $41,603.33. In support of this First Quarterly Fee Application, GT respectfully states as follows:

## BACKGROUND

### *Retention of Grant Thornton LLP*

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      By this Court's order dated August 14, 2012, the Debtors were authorized to retain the accounting firm of Grant Thornton LLP ("GT") as their tax and accounting advisors, effective as of the July 1, 2012, with regard to the prosecution of the Chapter 11 Cases and all related matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate GT at GT's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court

2

in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

***Monthly Interim Fee Applications Covered Herein***

3.     Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order (the "Notice Parties") may object to any such request.    If no Notice Party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.     Furthermore, and also pursuant to the Amended Interim Compensation Order, within 45 days of the end of each quarter, professionals are to file and serve upon the Notice Parties a quarterly request (each such request, a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application.    If the Court grants the relief requested by the Quarterly fee application, the debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the monthly fee applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications.    Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

3

5.    The First Quarterly Fee Application's Fee Period is July 1, 2012, through September 30, 2012.  GT is submitting this application pursuant to the Amended Interim Compensation Order for compensation for services rendered that GT has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

6.    GT has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

a.    *Summary Application of Grant Thornton LLP, for Compensation for Services and Reimbursement of Expenses as tax and accounting advisors  to W.R. Grace & Co., et al., for the Monthly Interim Period from July 1, 2012 through July 30, 2012*, filed September 7, 2012 (the "July Fee Application") attached hereto as Exhibit A; and

b.    *Summary Application of Grant Thornton LLP, for Compensation for Services and Reimbursement of Expenses as tax and accounting advisors  to W.R. Grace & Co., et al., for the Monthly Interim Period from August 1, 2012 through August 31, 2012*, filed October 11, 2012 (the "August Fee Application") attached hereto as Exhibit B; and

c.    *Summary Application of Grant Thornton LLP, for Compensation for Services and Reimbursement of Expenses as tax and accounting advisors  to W.R. Grace & Co., et al., for the Monthly Interim Period from September 1, 2012, through September 30, 2012*, filed November 2, 2012 (the "September Fee Application", collectively with the July and August Fee Applications, the "Applications") attached hereto as Exhibit C.

7.    The respective periods for objecting to the fees and expense reimbursement requested in the July, August and September Monthly Fee Applications passed without any objections being filed, and the Debtors filed certificates of no objection with the Court for each of the July, August and September Monthly Applications.  The Debtors have either paid or will pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested in those Monthly Fee Applications.

8.    GT has advised and represented the Debtors as tax and accounting advisors in connection with the operation of their businesses and other matters arising in the performance of

their duties as a debtors-in-possession during the Fee Period covered by the First Quarterly Fee Application.

**Previous Quarterly Fee Applications**

9.     This is the first Quarterly Fee Application filed by GT in these chapter 11 cases.

**Requested Relief**

10.     By this First Quarterly Fee Application, GT requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by GT for the Fee Period as detailed in the Applications, less any amounts previously paid to GT pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order.    As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as <u>Exhibits A , B , and C.</u>

**Disinterestedness**

11.     As disclosed in the *Affidavit of Mark Margulies in Support of the Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Grant Thornton LLP as tax and accounting advisors to the Debtors* (the "<u>Affidavit</u>"), filed on July 23, 2012, GT does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

**REPRESENTATIONS**

12.     GT believes that the First Quarterly Fee Application complies with the requirements of Del.Bankr.LR 2016-2 and the Amended Interim Compensation Order.

13.     GT performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

14.     During the Fee Period, GT has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Amended Interim Compensation Order.

15.     Pursuant to Fed. R. Bank. P. 2016(b), GT has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, and staff of GT, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, GT respectfully requests that the Court enter an order providing that (a) for the Fee Period, July 1, 2012, through September 30, 2012, an administrative allowance be made to GT in the sum of (i) $510,804.50 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $41,603.33 for reimbursement of actual and necessary costs and expenses incurred, for a total of $552,407.83; (b) the Debtors be authorized and directed to pay to GT the outstanding amount of such sums less any sums previously paid to GT pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order; and (c) this Court grant such further relief as is equitable and just.

Dated: December 6, 2012                       Respectfully submitted,

                                              Grant Thornton LLP


                                              Mark Margulies

                                              Grant Thornton LLP
                                              1301 International Parkway
                                              Suite 300
                                              Fort Lauderdale, FL 33323
                                              (954) 768-9900

**EXHIBIT A**

**July Fee Application**

Available on the docket of the Bankruptcy Court for the District of Delaware at docket # 29601 under Case No. 01-01139.  Also available upon request from Grant Thornton LLP.

## EXHIBIT B

### August Fee Application

Available on the docket of the Bankruptcy Court for the District of Delaware at docket # 28955 under Case No. 01-01139.  Also available upon request from Grant Thornton LLP.

## EXHIBIT C

### September Fee Application

Available on the docket of the Bankruptcy Court for the District of Delaware at docket # 29976
under Case No. 01-01139.  Also available upon request from Grant Thornton LLP.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. Grace & Co., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

---

### VERIFICATION

| | | |
|---|---|---|
| STATE OF FLORIDA | ) | |
| | ) | ss. |
| COUNTY OF BROWARD | ) | |

Mark Margulies, after being duly sworn according to law, deposes and says:

I am a partner of the applicant accounting firm, Grant Thornton LLP ("GT"), and have

been practicing as a licensed CPA in the state of Florida, where I have been licensed since June

1991.

I have supervised the performance of the services of the members of GT to the Debtors.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

I have reviewed the foregoing First Quarterly Fee Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

Mark Margulies

SWORN AND SUBSCRIBED
before me this 6th day of December 2012

My Commission Expires:

_February 14, 2015_

LILIANA ROMERO
Notary Public - State of Florida
My Comm. Expires Feb 14, 2015
Commission # EE 36255
Bonded Through National Notary Assn.