## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.**, *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

## FEE AUDITOR'S COMBINED[1] FINAL REPORT REGARDING THE THIRTIETH AND THIRTY-FIRST QUARTERLY FEE APPLICATIONS OF BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.

This is the combined final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Thirtieth and Thirty-First Quarterly Fee Applications of Baker Donelson Bearman Caldwell & Berkowitz, P.C. (the "Applications").

### BACKGROUND

1.      Baker Donelson Bearman Caldwell & Berkowitz, P. C. ("Baker Donelson"), was retained as advisor for legislative affairs to the Debtors.  In its Thirtieth Quarterly Fee Application, Baker Donelson seeks approval of fixed fees totaling $57,000.00 and expenses totaling $14.01 for its services from October 1, 2011 through December 31, 2011 (the "Forty-Third Interim Period"), and in its Thirty-First Quarterly Fee Application, Baker Donelson seeks approval of fixed fees totaling $57,000.00 and expenses totaling $11.80 for its services from January 1, 2012 through March 31, 2012 (the "Forty-Fourth Interim Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained

---

[1]We are filing this combined final report regarding the two Applications in question because we have identical issues with both Applications.

herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2012, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We emailed questions to Baker Donelson based upon our review, and we received a response from Baker Donelson, portions of which response are quoted herein.

**DISCUSSION**

3.      We note that by Court order dated June 16, 2004 (the "Original Retention Order"),  the Debtors were authorized to retain Baker Donelson to advise the Debtors with respect to, among other things, current pending and future legislative affairs ("Legislative Affairs Services").  The Original Retention Order authorized Debtors to compensate Baker Donelson on a flat rate in the amount of $17,000.00 per month for services rendered, plus reimbursement of actual and necessary expenses.  A copy of the Original Retention Order is attached as <u>Exhibit A</u>.  An order modifying and expanding the scope of Baker Donelson's services was approved by the Court on March 15, 2005, effective January 1, 2005 ("Order Modifying and Expanding Services"), and under its terms Baker Donelson's flat rate for compensation for Legislative Affairs Services was increased from $17,000.00 per month to

$20,000.00 per month.[2]  A copy of the Order Modifying and Expanding Services is attached as <u>Exhibit B</u>.  According to the Applications, Baker Donelson has agreed with the Debtors to accept reduced compensation of $19,000.00 per month for Legislative Affairs Services during the periods in question. On November 14, 2012, Debtors filed another motion to expand and modify the scope of services provided by Baker Donelson, and in said motion have requested that Baker Donelson's fees for Legislative Affairs Services be increased from $20,000.00 per month to $30,000.00 per month, effective May 1, 2012.[3]

     4.     We noted that in its Thirtieth Quarterly Application, Baker Donelson lists 22.00 hours worked on Legislative Affairs Services for debtors, which computes to an effective hourly rate of $2,590.90.  We noted that in its Thirty-First Quarterly Application, Baker Donelson lists 5.00 hours worked on Legislative Affairs Services for debtors, which computes to an effective hourly rate of $11,400.00.  We asked Baker Donelson to explain how it could justify such high effective hourly rates, and Baker Donelson responded:

> We're on a retainer basis so that we're always available solely for WR Grace and none of their opposition/competition, and can work on any matter that WR Grace may throw to us, from Libby amphibole asbestos to rare earths to helping plan the CEO's trip to Europe.  All of our federal public policy work is done this way — by monthly retainer rather than hourly rate.

Baker Donelson subsequently advised us that its professional who performs Legislative Affairs Services

---

[2]An additional order modifying the compensation for the China Assistance Services was entered on February 23, 2006, *nunc pro tunc* to October 1, 2005.  However, in the Applications at issue, Baker Donelson billed no fees for China Assistance Services, only Legislative Affairs Services, so we have not discussed the February 23, 2006 order in this report.

[3]The motion which was filed on November 14, 2012, will affect Baker Donelson's fees commencing with the Forty-Fifth Interim Period, but has no effect on the two Applications which are the subject of this report.

for the Debtors has never kept detailed, hourly entries as would be the case in an engagement wherein Baker Donelson is retained on an hourly basis, but that the actual amount of time spent on the Debtors' business by this professional is closer to 25 to 30 hours per month.[4]  Assuming the accuracy of this estimate, Baker Donelson's effective hourly rate for both the Forty-Third and Forty-Forth Interim Periods would be only $760.00.  However, we note that the Order Modifying and Expanding Services, dated March 15, 2005, while relieving Baker Donelson of the necessity of providing detailed "daily" time records, nevertheless provides that "in lieu of such records, Baker Donelson shall submit a reasonably detailed summary of such services earned in connection therewith as a part of such monthly statements, or interim or final fee applications."  Thus we accept that Baker Donelson is not required to produce daily time records, but we expect it to take seriously its obligation to submit an accurate "reasonably detailed" summary of its services.  Furthermore, we give more credence to more detailed, more contemporaneous records than we do to an estimate of the total number of hours worked that was given long after the fact in defense of a fee application.  Thus, for purposes of this Final Report, we will use the number of hours set forth in the Applications.

5.      We note that the Original Retention Order provided that Baker Donelson's retention

---

[4]Paragraph 6 of the Order Modifying and Expanding Services provides:

> Notwithstanding anything to the contrary in the Administrative Order, Baker Donelson will not be required to submit detailed daily time records or expense records as part of any monthly statements, or interim or final fee applications submitted by Baker Donelson with respect to its provision of the China Assistance Services or Legislative Affairs Services; provided, however, that in lieu of such records, Baker Donelson shall submit a reasonably detailed summary of such services earned in connection therewith as part of such monthly statements, or interim or final fee applications.

was approved pursuant to 11 U.S.C. § 328(a).[5]  Where the court pre-approves the terms and conditions

of the retention under section 328(a), its power to amend those terms is severely constrained. It may

only "allow compensation different from the compensation provided under such terms and conditions

after the conclusion of such employment, if such terms and conditions prove to have been improvident

in light of developments *not capable of being anticipated* at the time of the fixing of such terms and

conditions."  *Id* (emphasis added).  We also note, however, that the Order Modifying and Expanding

Services, dated March 15, 2005, makes no mention of Section 328(a), and includes the following

provision allowing the Court to utilize a reasonableness standard in evaluating Baker Donelson's fees:

> Notwithstanding anything to the contrary herein or in the Application, the
> Affidavit or the Administrative Order, Baker Donelson's fees shall be subject to the
> approval of the Court under a reasonableness standard upon proper application by Baker
> Donelson in accordance with the applicable provisions of the Bankruptcy Code, the
> Bankruptcy Rules, the Local Rules and any applicable orders of this Court, including,
> without limitation, the Administrative Order.

Thus, it appears that the reasonableness standard is to be applied to the fees at issue here in Baker

Donelson's Forty-Third and Forty-Forth Interim Period Applications.[6]

---

[5]11 U.S.C. § 328(a) reads as follows:

> The trustee, or a committee appointed under section 1102 of this title, with
> the court's approval, may employ or authorize the employment of a professional
> person under section 327 or 1103 of this title, as the case may be, on any
> reasonable terms and conditions of employment, including on a retainer, on an
> hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.
> Notwithstanding such terms and conditions, the court may allow compensation
> different from the compensation provided under such terms and conditions after
> the conclusion of such employment, if such terms and conditions prove to have
> been improvident in light of developments not capable of being anticipated at the
> time of the fixing of such terms and conditions.

[6]The February 23, 2006 retention order addressed in Footnote 2 was entered pursuant to Section
328(a), but as stated previously, that order has no application here as it applies only to Baker
Donelson's China Assistance Services, not to the Legislative Affairs Services.

6.      Applying this reasonableness standard to these fees, we do not believe that the compensation sought by Baker Donelson for the Forty-Third and Forty-Forth Interim Periods is reasonable.  Compensation that produces effective hourly rates of $2,590.90 and $11,400.00 is extraordinarily high, such that could be justified as reasonable, if at all, by producing extraordinary results, but Baker Donelson has not carried its burden of showing that it has produced extraordinary results. Making a recommendation as to what compensation would be reasonable is an inexact art.  As a starting point, we note that Baker Donelson's average effective hourly rate over all of its previous applications is $842.83[7], and we believe that would be a reasonable rate on which to base our recommendation.  We would further note that this court has traditionally been reluctant to approve hourly rates above $1,000.  However,  if we accept Baker Donelson's position that some of the value that it provides is due to the fact that it is "always available solely for WR Grace and none of their opposition/competition", we could see how an effective hourly rate of $1,000 might be justified.  Thus, basing our recommendations on an hourly rate of $1,000, we recommend that for the Forty-Third Interim Period a fee of $22,000.00  ($1,000 x 22 hours) would be reasonable, and that for the Forty-Fourth Interim Period a fee of $5,000.00 ($1,000 x 5 hours) would be reasonable.

7.      We note that Baker Donelson charged $0.20 per page for its in-house photocopies and billed for 72 copies.  The limit in this district is $0.10 per page.[8]  In response to our request, Baker

---

[7]We arrived at this effective hourly rate by dividing the total fees billed by Baker Donelson up to, but not including, these applications under consideration ($2,351,500.00), by the total number of hours recorded for the same time period (2,790.00).

[8]*See* Del. Bankr. L.R. 2016-2(e)(iii).

Donelson agreed to reduce its copying charges to $0.10 per page, for a reduction of $7.20[9] in expenses.

## CONCLUSION

8.      Thus, we recommend approval of $22.000.00 in fees and  $12.71 in expenses ($14.01 minus $1.30) for Baker Donelson's services for the Forty-Third Interim Period and $5,000.00 in fees and $5.90 in expenses ($11.80 minus $5.90) for Baker Donelson's services for the Forty-Fourth Interim Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____

      Warren H. Smith
      Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, Texas  75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

---

[9]Of this reduction, $1.30 was for photocopies in the Forty-Third Interim Period, and $5.90 was for photocopies in the Forty-Fourth Interim Period.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 7th day of December, 2012.

_____
Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**
E. Franklin Childress, Jr.
Baker, Donelson, Bearman, Caldwell & Berkowitz,
P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

fchildress@bakerdonelson.com

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

richard.finke@grace.com

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured
Creditors**
Lewis Kruger
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

**Counsel to the Official Committee of Property
Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal
Injury Claimants**
Elihu Inselbuch
Rita C. Tobin
Caplin & Drysdale
600 Lexington Avenue, 21st Floor
New York, NY  10022-6000

Marla R. Eskin
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE  19801

**Official Committee of Equity Holders**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899