EXHIBIT I

Form of Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Re docket no. _____ |
| ) | Hearing Agenda item no. _____ |

**FINAL ORDER AUTHORIZING THIRD AMENDMENT TO POST-PETITION LETTER OF CREDIT FACILITY AGREEMENT**

Upon consideration of the *Debtors' Motion for an Order Authorizing Third Amendment to Post-Petition Letter of Credit Facility Agreement* (the "Motion"), it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1. The Motion is granted in its entirety.

2. The Debtors are hereby authorized to enter into the *Third Amendment to Post-Petition Letter of Credit Facility Agreement* (the "Third L/C Facility Amendment") in substantially the form attached hereto as Exhibit A.

3. The L/C Facility Order is incorporated herein by reference.

4. The First L/C Facility Amendment Order is incorporated herein by reference.

5. The Second L/C Facility Amendment Order is incorporated herein by reference.

6. The Debtors are authorized to pay the fees and expenses set forth in the Third L/C Facility Amendment, including but not limited to the Amendment Fee of $200,000.

7. The Debtors are authorized to take all actions that may be necessary to undertake entry into the Third L/C Facility Amendment.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the Third L/C Facility Amendment.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Motion, the *Motion of Debtors for Authority to Enter into Letter of Credit and Hedging Agreements and Terminate Current DIP Facilities* [Docket no. 24156] (the "L/C Facility Motion"), the *Final Order Authorizing Secured Post-Petition Letter of Credit Facility and Hedging and Swap Arrangements on a Super-Priority Basis Pursuant to 11 U.S.C. § 364, and Granting Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362* [Docket no. 24303] (the "L/C Facility Order"), the *Post-Petition Letter of Credit Facility Agreement, dated as of March 2, 2010, between the Financial Institutions from Time to Time Party Hereto, as Letter of Credit Issuers, Bank of America, N.A., as the Agent, and W. R. Grace-Conn., as the Account Party* (the "Facility Agreement"), the *Final Order Authorizing First Amendment to Post-Petition Letter of Credit Facility Agreement* (the "First L/C Facility Amendment Order") [Docket no. 26201], the *First Amendment to Post-Petition Letter of Credit Facility Agreement* (the "First L/C Facility Amendment"), *Second Amendment to Post-Petition Letter of Credit Facility Agreement* (the "Second L/C Facility Amendment"), the *Final Order Authorizing Second Amendment to Post-Petition Letter of Credit Facility Agreement* [Docket no. 28380] (the "Second L/C Facility Amendment Order"), the Third L/C Facility Amendment or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases* [Docket no. 25881], as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

10. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 6004(h), Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2013

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

# EXHIBIT A

## Form of Third L/C Facility Amendment

LW DRAFT 12.13.2012

THIRD AMENDMENT TO POST-PETITION LETTER OF CREDIT FACILITY AGREEMENT

This THIRD AMENDMENT TO POST-PETITION LETTER OF CREDIT FACILITY AGREEMENT (this "Amendment"), dated as of [_____], 2013, (the "Effective Date"), is entered into by and between THE FINANCIAL INSTITUTIONS PARTY HERETO, as letter of credit issuers (the "Letter of Credit Issuers"), BANK OF AMERICA, N. A., as the agent for the Letter of Credit Issuers (in such capacity, the "Agent"), and W. R. GRACE & CO.-CONN., as the account party (the "Account Party").

Recitals

WHEREAS, the Letter of Credit Issuers, the Agent and the Account Party are parties to that certain Post-Petition Letter of Credit Facility Agreement, dated as of March 2, 2010 (as such agreement may be amended, restated, or otherwise modified from time to time, the "Agreement") pursuant to which the Letter of Credit Issuers have agreed to issue Letters of Credit for the account of the Account Party as provided therein (terms defined in the Agreement, where used in this Amendment, shall have the same meanings in this Amendment as are prescribed by the Agreement);

WHEREAS, the Account Party has requested that the Letter of Credit Issuers and the Agent agree to amend the Agreement to extend the Stated Termination Date; and

WHEREAS, the Letter of Credit Issuers and the Agent have agreed to amend the Agreement to extend the Stated Termination Date in accordance with the terms and conditions contained herein;

NOW, THEREFORE, in consideration of the terms and conditions contained herein, and of any loans or financial accommodations heretofore, now, or hereafter made to or for the benefit of the Account Party by the Lenders, it hereby is agreed as follows:

## ARTICLE 1
## AMENDMENTS

**Section 1.1**    Section 2.5 of the Agreement is hereby amended by deleting the phrase "1.00% per annum" which appears therein and replacing it with the phrase "0.75% per annum".

**Section 1.2**    Clause (b) of Section 5.1 (Financial Information) of the Agreement is hereby amended and restated to read in their entirety as follows:

"(b)    [Intentionally Deleted.]"

**Section 1.3**    The following definitions set forth in Annex A to the Agreement are hereby amended and restated to read in its entirety as follows:

"'Applicable Percentage' means, with respect to the payment of the Unused Line Fee, for each month (or lesser period as applicable), 0.25% *per annum*.

'Stated Termination Date' means June 30, 2014."

## ARTICLE 2
## MISCELLANEOUS

CH\1425634.4

**Section 2.1** <u>Conditions to Effectiveness</u>. This Amendment, including the amendment set forth in <u>Article 1</u> and other terms set forth herein, shall become effective as of the Effective Date upon the satisfaction (or waiver) of each the following conditions precedent, all of which must be satisfied (or waived) and acceptable in form and substance to the Agent in its sole discretion.

(a) <u>Execution and Delivery</u>. This Amendment shall have been executed and delivered by each party hereto.

(b) <u>Amendment Fee</u>. The Account Party shall have paid to the Agent for the ratable benefit of Letter of Credit Issuers a facility fee in an amount equal to $200,000.

(c) <u>Representations and Warranties</u>. All representations and warranties made hereunder and in the other Letter of Credit Documents shall be true and correct in all material respects as if made on such date except to the extent such representations and warranties specifically relate to an earlier date, in which case they shall be true and correct in all material respects as of such earlier date.

(d) <u>No Default</u>. No Default or Event of Default shall have occurred and be continuing after giving effect to this Amendment.

(e) <u>Deliverables</u>. The Agent shall have received copies of (i) the certificate of incorporation, (ii) the bylaws or other similar agreement and all amendments thereto, (iii) resolutions of the Board of Directors approving and adopting this Amendment, the transactions contemplated herein and authorizing execution and delivery hereof, in each case, of the Account Party and certified by a secretary or assistant secretary of the Account Party to be true and correct and in force and effect as of such date and (iv) a certificate of the Secretary or Assistant Secretary of the Account Party certifying as to the incumbency of the officers of the Account Party executing this Amendment.

(f) <u>Fees and Expenses</u>. The Account Party shall have paid all fees and expenses of the Agent and the Attorney Costs incurred in connection with this Amendment and the transactions contemplated hereby to the extent invoiced.

(g) <u>Proceedings</u>. All proceedings taken in connection with the execution of this Amendment and all documents and papers relating thereto shall be satisfactory in form, scope, and substance to the Agent and the Letter of Credit Issuers.

(h) <u>Amendment Order</u>. The Agent shall have received a signed copy of an order (the "Amendment Order") of the Bankruptcy Court in substantially the form of <u>Exhibit A</u> authorizing and approving the transactions contemplated hereby. The Amendment Order (i) shall be in form and substance satisfactory to the Agent, (ii) shall be certified by the Clerk of the Bankruptcy Court as having been duly entered, (iii) shall approve the payment by the Account Party of the fee set forth in <u>Section 2.1(b)</u> and (iv) shall be in full force and effect and shall not have been vacated, reversed, modified, amended or stayed.

**Section 2.2** <u>Representations, Warranties, and Covenants of the Account Party</u>. The Account Party hereby represents and warrants that, as of the date of this Amendment and after giving effect hereto, (a) no event has occurred and is continuing which, after giving effect to this Amendment, constitutes a Default or an Event of Default, (b) the representations and warranties of the Account Party contained in the Agreement and the other Letter of Credit Documents are true and correct in all material respects on and as of the date hereof to the same extent as though made on and as of the date hereof,

2

except to the extent such representations and warranties specifically relate to an earlier date, in which case they are true and correct in all material respects as of such earlier date, (c) the execution and delivery by the Account Party of this Amendment and the performance by the Account Party of the Agreement, as amended by this Amendment, are within its corporate powers and have been duly authorized by all necessary corporate action, (d) this Amendment and the Agreement, as amended by this Amendment, are legal, valid, and binding obligations of the Account Party enforceable against the Account Party in accordance with their terms, and (e) the execution and delivery by the Account Party of this Amendment and the performance by the Account Party of the Agreement, as amended by this Amendment, do not require the consent of any Person (other than consents which have been obtained) and do not contravene the terms of the Account Party's organizational documents or any indenture, agreement, or undertaking to which the Account Party is a party or by which the Account Party or any of its property is bound.

**Section 2.3  Reference to and Effect on the Agreement.** Except as expressly provided herein or therein, the Agreement and all other Letter of Credit Documents shall remain unmodified and in full force and effect and are hereby ratified and confirmed. The execution, delivery, and effectiveness of this Amendment shall not operate as a waiver or forbearance of (a) any right, power, or remedy of the Agent or the Letter of Credit Issuers under the Agreement as amended by this Amendment or any of the other Letter of Credit Documents or (b) any Default or Event of Default. With respect to the period from and after the execution and delivery hereof, this Amendment shall constitute a Letter of Credit Document.

**Section 2.4  Governing Law; Choice of Forum; Service of Process.** The provisions of Section 13.3 of the Agreement are hereby incorporated herein *mutatis mutandis* as if fully set forth herein.

**Section 2.5  Fees, Costs, and Expenses.** Subject to Section 13.7 of the Agreement, the Account Party agrees to pay on demand all costs and expenses of the Agent in connection with the preparation, negotiation, execution and delivery, and closing of this Amendment and all related documentation, including the fees and out-of-pocket expenses of counsel for the Agent with respect thereto.

**Section 2.6  Counterparts.** This Amendment may be executed in any number of counterparts and by different parties hereto as separate counterparts, each of which counterparts, when so executed and delivered, shall be deemed to be an original and all of which counterparts, when taken together, shall constitute but one and the same agreement. A telecopy, pdf or similar electronic file of any such executed counterpart shall be deemed valid and may be relied upon as an original.

**Section 2.7  Headings.** Section headings in this Amendment are included herein for convenience of reference only and shall not constitute part of this Amendment for any other purposes.

**Section 2.8  No Oral Agreements.** THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

[Signature Pages to Follow]

CH\1425634.4

IN WITNESS WHEREOF, the parties hereto have executed this Amendment as of the day and year first written above.

**ACCOUNT PARTY:**

**W. R. GRACE & CO.-CONN.**, as Account Party

By:_____
Its Senior Vice President or Vice President

**AGENT:**

**BANK OF AMERICA, N.A.**, as the Agent

By: _____
Title: _____

**LETTER OF CREDIT ISSUER:**

**BANK OF AMERICA, N.A.**, as a Letter of Credit Issuer

By: _____
Title: _____

EXHIBIT A

FORM OF AMENDMENT ORDER

[SEE ATTACHED.]

CH\1425634.4