IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) ) (Jointly Administered) |
| Debtors. | ) ) Hearing Date: April 2, 2013, at 9:00 a.m. ) Objection Deadline: March 8, 2013, at 4:00 p.m. ) |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING, BUT NOT REQUIRING, THE DEBTORS TO MAKE CONTRIBUTIONS TO THE GRACE RETIREMENT PLANS**

The Debtors respectfully move this Court for the entry of an order substantially in the form attached hereto as Exhibit A (the "Order"), authorizing but not requiring them to contribute in 2013 approximately $50 million (the "2013 Contribution") to the trust (the "Plan Trust") holding and investing assets for the benefit of the Debtors' U.S. defined benefit employee retirement plans (the "Grace Retirement Plans" or the "Plans").[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the *Motion for Entry of an Order Authorizing, but not Requiring, the Debtors to Make Contributions to the Grace Retirement Plans*, dated January 23, 2012 [Docket no. 28400] (the "2012 Pension Contribution Motion"), the *Order Authorizing, but not Requiring, the Debtors to Make Contributions to the Grace Retirement Plans*, dated February 21, 2012 [Docket no. 28549] (the "2012 Pension Contribution Order"), the *Motion for Entry of an Order Authorizing, but not Requiring, the Debtors to Make Contributions to the Grace Retirement Plans*, dated February 18, 2011 [Docket no. 26344] (the "2011 Pension Contribution Motion"), the *Order Authorizing, but not Requiring,*

In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 6004(h).

## BACKGROUND

### I. PREVIOUS CONTRIBUTIONS TO THE DEBTORS' DEFINED BENEFIT PLANS

3. On March 31, 2011, the Debtors contributed approximately $245.6 million to the Plan Trust, which significantly reduced PBO volatility through the implementation of a glide path asset allocation and risk mitigation strategy.[3] The 2011 Contribution also yielded approximately $56 million in cash tax savings.[4] In the first quarter of 2012, the Debtors contributed approximately $109.3 million to the Plan Trust, which permitted the Debtors to continue their glide path asset allocation and risk mitigation strategy and yielded approximately $38 million in cash tax savings.[5] As a result of these actions, the Plan's funding is now approximately 91%.

---

*the Debtors to Make Contributions to the Grace Retirement Plans*, dated March 25, 2011 [Docket no. 26628] (the "2011 Pension Contribution Order") or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases* [Docket no. 25881], as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Chapter 11 Plan").

[3] For a further discussion of the glide path asset allocation and risk mitigation strategy, *see* the 2011 and 2012 Pension Contribution Motions. For details surrounding the 2012 Contribution, *see* the 2012 Pension Contribution Motion and 2012 Pension Contribution Order

[4] For details surrounding the 2011 contributions, *see* the 2011 Pension Contribution Motion and 2011 Pension Contribution Order.

[5] For details surrounding the 2012 contributions, *see* the 2012 Pension Contribution Motion and 2012 Pension Contribution Order.

**II.   THE 2013 CONTRIBUTION**

4.   The Debtors have determined in their business judgment that it is in their best interests and those of their various constituencies to contribute approximately $50 million to the Plan Trust on or before March 31, 2013. The 2013 Contribution equals what the Debtors have forecast to be approximately the next two years' Plan Service Costs (which equal the obligations incurred by granting ongoing benefits to active employees in those years). The contribution is thus designed to maintain Plan Trust funding levels at 90% or more at present interest rates. Moreover, the relatively small size of the 2013 Contribution will not impinge upon any proposed or anticipated operating or strategic cash usage in the coming year. The 2013 Contribution will also:

- Yield cash tax savings of approximately $18.5 million; and
- Maintain the Debtors' glide path asset allocation and risk mitigation strategy.

**RELIEF REQUESTED**

5.   The Debtors respectfully request the Court enter the Order, authorizing but not requiring them to make the 2013 Contribution on the terms and conditions set forth in this Motion.

**ANALYSIS**

6.   Section 363(b) of the Bankruptcy Code provides, in relevant part, that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Courts in this jurisdiction may approve such use of estate property outside the ordinary course of business if the debtor establishes that:

> (1) a sound business purpose exists for the sale; (2) the sale price is fair; (3) the debtor has provided adequate and reasonable notice; and (4) the purchaser has acted in good faith.

*In re Decora Indus.*, 2002 U.S. Dist. LEXIS 27031, at 7-8 (D. Del. May 20, 2002), citing *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991). *See also In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) ("In evaluating whether a sound business purpose justifies the use, sale or lease of property under Section 363(b), courts consider a variety of factors, which essentially represent a 'business judgment test'."); *Fulton State Bank v. Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) ("a debtor's decision must be supported by an articulated business justification"); *Stephen Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986) (adopting the "sound business purpose" standard for sales proposed pursuant to section 363(b)).

7. Once the debtor has articulated such a valid business purpose, however, a presumption arises that the debtor's decision was made on an informed basis, in good faith and in the honest belief that the action was in the debtor's best interest. *See In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992). A party-in-interest seeking to challenge the debtor's valid business purpose must "produce some evidence supporting its objections." *Montgomery Ward*, 242 B.R. at 155.

8. As discussed above, the Debtors' decision to make the 2013 Contribution makes eminent business sense, as it will yield approximately $18.5 million in cash tax savings, maintain Plan funding levels at 90% or more and allow continued implementation of the glide path asset allocation and risk mitigation strategy. The Debtors therefore submit that the Court should enter the Order authorizing the Debtors to make the 2013 Contribution, because doing so is in the best interest of the Debtors' estates and satisfies the "sound business judgment" test for the use of

estate assets outside the ordinary course of business under section 363(b) of the Bankruptcy Code

## NO PREVIOUS MOTION

9. No previous motion for the relief sought herein has been made to this or any other court.

## NOTICE

10. Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) the Pension Benefit Guaranty Corporation. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Debtors respectfully request the Court enter the Order authorizing but not requiring the Debtors to make the 2013 Contribution and granting such other relief as may be appropriate.

Dated: February 14, 2013

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession