**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co. <u>et al</u>.; | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Hearing Date: July 1, 2013 at 9:00 a.m.** |
| | ) | **Objection Deadline: June 14, 2013 at 4:00 p.m.** |

**FORTY-SEVENTH QUARTERLY FEE APPLICATION OF STROOCK & STROOCK**
**& LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD**
<u>**FROM OCTOBER 1, 2012 THROUGH DECEMBER 31, 2012**</u>

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide<br>Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and<br>reimbursement is sought | **October 1, 2012 – December 31, 2012** |
| Amount of Compensation sought as<br>actual, reasonable and necessary: | **$94,431.50** |
| Amount of Expense Reimbursement sought<br>as actual, reasonable and necessary: | **$547.76** |
| Fees and Expenses of the Asbestos Issues<br>Expert: | |

This is an: ☒ interim ☐ final application

This is the forty-seventh quarterly application filed.

**Attachment A**

**Monthly Interim Fee Applications**

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| May 30, 2001 D.I.339 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 D.I.613 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111,943.00 | $6,884.73 |
| July 30, 2001 D.I.772 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| September 5, 2001 D.I.889 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 D.I.983 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 D.I.1058 | 9/1/01 – 9/30/01 | $58,742.00 | $6,801.32 | $46,993.60 | $6,801.32 |
| November 26, 2001 D.I.1239 | 10/1/01 – 10/31/01 | $101,069.00 | $3,562.09 | $80,855.20 | $3,562.09 |
| January 8, 2002 D.I.1470 | 11/1/01 – 11/30/01 | $136,368.50 | $8,847.34 | $109,094.80 | $8,847.34 |
| February 1, 2002 D.I.1608 | 12/01/01 – 12/31/01 | $92,064.50 | $9,471.47 | $73,651.60 | $9,471.47 |
| March 14, 2002 D.I.1812 | 01/01/02 – 01/31/02 | $100,231.50 | $14,675.58 | $80,185.20 | $14,675.58 |
| April 22, 2002 D.I.1951 | 02/01/02 – 02/28/02 | $88,974.50 | $16,863.97 | $71,179.60 | $16,863.97 |
| May 8, 2002 D.I.2029 | 03/01/02 – 03/31/02 | $77,964.25 | $1,190.44 | $62,371.40 | $1,190.44 |
| June 3, 2002 D.I.2156 | 04/01/02-04/30/02 | $97,251.50 | $1,816.40 (Stroock) $9,772.37 (Chambers) | $77,801.20 | $11,588.86 |

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| July 2, 2002 D.I.2324 | 05/01/02 – 05/31/02 | $74,910.75 | $2,9154.43 (Stroock) $43,190.69 (Chambers) | $59,928.60 | $46,105.12 |
| August 5, 2002 D.I.2495 | 06/01/02 – 06/30/02 | $73,096.75 | $2,054.05 (Stroock) $114,666.72 (Chambers) | $58,477.4011 | $116,720.77 |
| September 20, 2002 D.I.2720 | 07/01/02 – 07/31/02 | $90,903.27 | $1,250.79 (Stroock) $11,996.25 (Chambers) | $72,722.61 | $13,274.04 |
| October 29, 2002 D.I.2898 | 08/01/02 – 08/31/02 | $93,151.25 | $11,539.51 (Stroock) $5,046.70 (Chambers) | $74,521.00 | $16,586.21 |
| November 14, 2002 D.I.2981 | 09/01/02 - 09/30/02 | $96,613.25 | $15,567.77 (Stroock) $771.50 (Chambers) | $77,290.60 | $16,339.27 |
| December 10, 2002 D.I.3129 | 10/1/02 – 10/31/02 | $68,404.00 | $2,956.54 (Stroock) $1,780.75 (Chambers) | $54,723.20 | $4,737.29 |
| January 28, 2003 D.I.3286 | 11/1/02 – 11/30/02 | $75,345.50 | $8,712.16 (Stroock) | $60,276.40 | $8,712.16 |
| February 7, 2003 D.I.3349 | 12/1/02 – 12/31/02 | $27,683.50 | $13,332.14 (Stroock) | $22,146.80 | $13,332.14 |
| March 26, 2003 D.I.3552 | 1/1/03 – 1/31/03 | $88,139.00 | $1,210.11 (Stroock) | $70,511.20 | $1,210.11 |
| April 7, 2003 D.I.3626 | 2/1/03 – 2/28/03 | $76,313.00 | $2,022.78 (Stroock) $1,077.80 (Chambers) | $61,050.40 | $3,100.58 |
| April 29, 2003 D.I.3718 | 3/1/03 – 3/31/03 | $60,163.50 | $6,191.15 (Stroock) | $48,130.80 | $6,191.15 |
| June 2, 2003 D.I. 3850 | 4/1/03 – 4/30/03 | $60,269.00 | $814.02 (Stroock) $2,043.00 (Chambers) | $48,215.20 | $2,857.02 |
| July 1, 2003 D.I. 3983 | 5/1/03 – 5/31/03 | $111,990.50 | $691.84 (Stroock) $3,830.50 (Chambers) | $89,592.40 | $10,522.34 |
| August 5, 2003 D.I. 4152 | 6/1/03 – 6/30/03 | $43,824.00 | $1,220.42 (Stroock) $61,755.00 (Chambers) | $35,059.20 | $62,975.42 |
| September 4, 2003 D.I. 4381 | 7/1/03 – 7/31/03 | $79,090.50 | $2,301.33 (Stroock) $14,274.25 (Chambers) | $63,272.40 | $16,575.58 |

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| September 30, 2003 D.I. 4512 | 8/1/03 – 8/31/03 | $69,927.00 | $1,164.19 (Stroock) $12,488.94 (Chambers) | $55,941.60 | $13,653.13 |
| October 29, 2003 D.I. 4625 | 9/1/03 – 9/30/03 | $69,409.50 | $1,076.94 (Stroock) $10,102.00 (Chambers) | $55,527.60 | $11,178.94 |
| December 19, 2003 D.I. 4843 | 10/1/03 – 10/31/03 | $96,980.50 | $3,800.45 (Stroock) $42,881.50 (Chambers) | $77,584.40 | $46,681.95 |
| January 23, 2004 D.I. 4976 | 11/1/03 – 11/30/03 | $66,428.50 | $1,225.38 (Stroock) $30,463.00 (Navigant f/k/a Chambers) | $53,142.80 | $31,688.38 |
| February 4, 2004 D.I. 5056 | 12/1/03 – 12/31/03 | $52,321.50 | $924.99 (Stroock) $27,005.00 (Navigant f/k/a Chambers) | $41,857.20 | $27,929.99 |
| March 17, 2004 D.I. 5309 | 1/1/04 – 1/31/04 | $65,980.50 | $1,917.93 (Stroock) $47,654.57 (Navigant f/k/a Chambers) | $52,784.40 | $49,572.50 |
| April 6, 2004 D.I. 5406 | 2/1/04 – 2/29/04 | $90,421.50 | $3,636.48 (Stroock) $35,492.50 (Navigant f/k/a Chambers) | $72,337.20 | $39,128.98 |
| April 28, 2004 D.I. | 3/1/04 – 3/31/04 | $103,524.00 | $5,567.34 (Stroock) | $82,819.20 | $5,567.34 |
| June 14, 2004 D.I. 5803 | 4/1/04 – 4/30/04 | $99,136.00 | $3,518.96 (Stroock) $1,515.00 (Navigant February) $49,667.00 (Navigant March) $80,307.11 (Navigant April) | $79,308.80 | $135,008.07 |
| July 2, 2004 D.I. 5917 | 5/1/04 – 5/31/04 | $134,324.50 | $2,409.97 (Stroock) $78,360.05 (Navigant May) | $107,459.60 | $80,770.02 |
| August 2, 2004 D.I. 6105 | 6/1/04 – 6/31/04 | $120,501.00 | $1,831.49 (Stroock) $62,625.00 (Navigant June) | $96,400.80 | $64,456.49 |
| September 9, 2004 D.I. 6341 | 7/1/04 – 7/31/04 | $72,394.00 | $3,461.84 (Stroock) $40,427.50 (Navigant July) | $57,915.20 | $43,889.34 |

3

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| September 23, 2004 D.I. 6444 | 8/1/04 – 8/31/04 | $70,457.00 | $1,764.40 (Stroock) | $56,365.60 | $1,764.40 |
| October 14, 2004 D.I 6625 | 9/1/04 – 9/30/04 | $83,903.50 | $1,535.61 (Stroock) $27,142.00 (Navigant August) | $67,122.80 | $28,677.61 |
| December 3, 2004 D.I. 7086 | 10/1/04 – 10/31/04 | $200,155.50 | $1,368.18 (Stroock) $ 24,659.00 (Navigant September) | $160,124.40 | $26,027.18 |
| January 7, 2005 D.I. 7481 | 11/1/04 – 11/30/04 | $218,608.50 | $14,019.09 (Stroock) $25,102.80 (Navigant October) $27,972.34 (Navigant November) | $174,886.80 | $67,094.23 |
| February 2, 2005 D.I. 7667 | 12/1/04 – 12/31/04 | $235,503.70 | $10,442.92 (Stroock) $62,687.97 (Navigant December) | $188,402.96 | $73,130.89 |
| March 15, 2005 D.I. 8026 | 1/1/05 – 1/31/05 | $187,168.00 | $4,411.55 (Stroock) $15,686.00 (Navigant January) | $149,734.40 | $20,097.55 |
| April 1, 2005 D.I. 8155 | 2/1/05 – 2/28/05 | $108,180.25 | $8,102.85 (Stroock) $18,303.37 (Navigant February) | $86,544.20 | $26,406.22 |
| April 29, 2005 D.I. 8305 | 3/1/05 – 3/31/05 | $56,941.25 | $287.23 (Stroock) $6,114.86 (Navigant March) | $45,553.00 | $6,402.09 |
| June 6, 2005 D.I. 8562 | 4/1/05- - 4/30/05 | $127,695.00 | $3,531.45 (Stroock) $20,129.06 (Navigant April) | $102,156.00 | $23,660.51 |
| June 28, 2005 D.I. 8704 | 5/1/05- 5/31/05 | $98,569.00 | $4,871.74 (Stroock) | $78,855.20 | $858.21 |
| August 3, 2005 D.I. 9135 | 6/1/05- 6/30/05 | $114,903.75 | $4,871.74 (Stroock) $34,075.28 (Navigant June) | $91,923.00 | $38,947.02 |
| September 8, 2005 D.I. 9356 | 7/1/05 – 7/31/05 | $117,780.75 | $2,088.44 (Stroock) $2,211.00 (Navigant) | $94,224.60 | $4,299.44 |

4

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| October 4, 2005 D.I. 9565 | 8/1/05 – 8/31/05 | $106,796.25 | $5,046.99 (Stroock) $18,550.00 (Navigant) | $85,437.00 | $23,596.99 |
| November 1, 2005 D.I. 10951 | 9/1/05 – 9/30/05 | $67,697.50 | $1,399.68 (Stroock) $11,197.50 (Navigant) | $54,158.00 | $12,597.18 |
| November 29, 2005 D.I. 11202 | 10/1/05 – 10/31/05 | $98,216.75 | $1,611.30 (Stroock) $11,582.50 (Navigant) | $78,573.40 | $13,193.80 |
| January 9, 2006 D.I. 11507 | 11/1/05 – 11/30/05 | $104,348.00 | $2,847.45 (Stroock) $71,598.50 (Navigant) | $83,478.40 | $74,445.95 |
| January 30, 2006 D.I. 11655 | 12/1/05 – 12/31/05 | $96,855.00 | $1,379.53 (Stroock) $20,317.49 (Navigant) | $77,484.00 | 21,697.02 |
| March 1, 2006 D.I. 11921 | 1/1/06 – 1/31/06 | $73.383.00 | $1,810.85 (Stroock) $14,124.01 (Navigant) | $58.706.40 | $15,934.86 |
| March 28, 2006 D.I. 12134 | 2/1/06 – 2/28/06 | $105,083.75 | $1,434.62 (Stroock) $25,971.70 (Navigant) | $84.067.00 | $27,406.32 |
| May 2, 2006 D.I. 12354 | 3/1/06 – 3/31/06 | $145,189.50 | $2,512.81 (Stroock) $25,838.37 (Navigant) | $116,151.60 | $28,351.18 |
| May 31, 2006 DI. 12558 | 4/1/2006 – 4/30/2006 | $116,817.00 | $2,141.42 (Stroock) $7,425.00 (Navigant) | $93,453.60 | $9,566.42 |
| July 6, 2006 D.I. 12748 | 5/1/2006 – 5/31/2006 | $121,304.50 | $1,838.71 (Stroock) $17,493.75 (Navigant) | $97,043.60 | $19,332.46 |
| August 1, 2006 D.I. 12899 | 6/1/2006 – 6/30/2006 | $94,856.50 | $1,869.66 (Stroock) $38,548.75 (Navigant) | $75,885.20 | $40,418.41 |
| August 30, 2006 D.I. 13117 | 7/1/2006 – 7/31/2006 | $97,397.25 | $496.76 (Stroock) $30,280.00 (Navigant) | $77,917.80 | $30,776.76 |
| October 2, 2006 D.I. 13336 | 8/1/2006 – 8/31/2006 | $131,856.25 | $98.34 (Stroock) $98,317.50 (Navigant) | $105,485.00 | $98,415.84 |
| November 2, 2006 D.I. 13559 | 9/1/2006 – 9/30/2006 | $150,960.00 | $4,147.01 (Stroock) $91,179.11 (Navigant) | $120,768.00 | $95,326.12 |
| November 29, 2006 D.I. 13838 | 10/1/06 – 10/31/06 | $196,223.50 | $915.14 (Stroock) $147,374.20 (Navigant) | $156,978.89 | $148,289.34 |

5

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| January 12, 2007 D.I. 14292 | 11/1/06 – 11/30/06 | $188,638.00 | $3,370.16 (Stroock) $133,438.70 (Navigant) | $150,910.40 | $136,808.86 |
| January 29, 2007 D.I. 14415 | 12/1/06 – 12/31/06 | $99,832.00 | $5,752.89 (Stroock) $55,245.22 (Navigant) | $79,865.60 | $60,998.11 |
| March 8, 2007 D.I. 14810 | 1/1/07 – 1/31/07 | $77,582.00 | $962.06 (Stroock) $90,474.74 (Navigant) | $62,065.60 | $91,436.80 |
| April 10, 2007 D.I. 15132 | 2/1/07 – 2/28/07 | $119,140.50 | $3,092.88 (Stroock) $77,301.25 (Navigant) | $95,312.40 | $80,394.13 |
| May 1, 2007 D.I. 15457 | 3/1/07 – 3/31/07 | $135,228.00 | $6,635.25 (Stroock) $104,674.53 (Navigant) | $108,182.40 | $111,309.78 |
| June 22, 2007 D.I. 16136 | 4/1/07 – 4/30/07 | $177,646.00 | $815.81 (Stroock) $173,437.45 (Navigant) | $142,116.80 | $174,253.26 |
| July 17, 2007 D.I. 16309 | 5/1/07 – 5/31/07 | $205,937.25 | $6,405.01 (Stroock) $162,431.03 (Navigant) | $164,749.80 | $168,836.04 |
| August 10, 2007 D.I. 16528 | 6/1/07 – 6/30/07 | $225,650.50 | $5,929.97 (Stroock) $200,294.81 (Navigant) | $180,520.40 | $206,224.78 |
| September 14, 2007 D.I. 16822 | 7/1/07 – 7/31/07 | $157,268.50 | $4,021.65 (Stroock) $208,116.54 (Navigant) | $125,814.80 | $212,138.19 |
| October 1, 2007 D.I. 16959 | 8/1/07 – 8/31/07 | $145,866.50 | $3,354.61 (Stroock) $210,152.54 (Navigant) | $116,693.20 | $213,507.15 |
| November 16, 2007 D.I. 17394 | 9/1/07 – 9/30/07 | $206,908.50 | $3,056.89 (Stroock) | $165,526.80 | $3,056.89 |
| December 5, 2007 D.I. 17548 | 10/1/07 – 10/31/07 | $288,976.50 | $22,324.58 (Stroock) $325,509.63 (Navigant) | $231,181.20 | $303,185.05 |
| January 11, 2008 D.I. 17803 | 11/1/07 – 11/30/07 | $249,372.50 | $32,780.40 (Stroock) $162,394.93 (Navigant) | $199,498.00 | $195,175.33 |
| February 1, 2008 D.I. 17957 | 12/1/07 – 12/31/07 | $116,522.50 | $57,717.92 (Stroock) $47,444.43 (Navigant) | $93,218.00 | $105,162.35 |
| March 4, 2008 D.I. 18202 | 1/1/08 – 1/31/08 | $201,472.50 | $3,282.80 (Stroock) $86,070.26 (Navigant) | $161,178.00 | $89,353.06 |

| | | | Payment Requested | Payment Approved | |
|---|---|---|---|---|---|
| April 5, 2008<br>D.I. 18450 | 2/1/08 –<br>2/29/08 | $195,491.00 | $5,922.25 (Stroock)<br>$73,924.16 (Navigant) | $156,392.80 | $79,846.41 |
| April 29, 2008<br>D.I. 18639 | 3/1/08 –<br>3/31/08 | $275,659.00 | $11,217.17 (Stroock)<br>$69,201.53 (Navigant) | $220,527.20 | $80,418.70 |
| June 4, 2008<br>D.I. 18862 | 4/1/08<br>4/30/08 | $298,888.00 | $10,143.60 (Stroock)<br>$38,800.00 (Navigant) | $239,110.40 | $48,943.60 |
| July 1, 2008<br>D.I. 19032 | 5/1/08<br>5/31/08 | $138,683.50[1] | $3,649.95 (Stroock) | $110,946.80[2] | $3,649.95 |
| August 4, 2008<br>D.I. 19224 | 6/1/08<br>6/30/08 | $213,559.00 | $12,357.78 (Stroock)<br>$96.84 (Navigant) | $170,847.20 | $12,454.62 |
| September _, 2008<br>D.I. 19516 | 7/1/08<br>7/31/08 | $206,087.50 | $6,717.13 (Stroock)<br>$259.90 (Navigant) | $164,870.00 | $6,977.03 |
| September 30, 2008<br>D.I. 19653 | 8/1/08<br>8/31/08 | $212,928.50 | $2,326.65 (Stroock) | $170,342.80 | $2,326.65 |
| November 6, 2008<br>D.I. 19949 | 9/1/08<br>9/30/08 | $226,486.50 | $2,844.77 (Stroock) | $181,189.20 | $2,844.77 |
| December 2, 2008<br>D.I. 20168 | 10/1/08<br>10/31/08 | $270,097.00 | $10,611.52 (Stroock) | $216,077.60 | $10,611.52 |
| December 30, 2008<br>D.I. 20384 | 11/1/08<br>11/30/08 | $184,642.00 | $5,870.24 (Stroock) | $147,713.60 | $5,870.24 |
| February 3, 2009<br>D.I. 20654 | 12/1/08-<br>12/31/08 | $102,648.50 | $4,017.80 (Stroock) | $82,118.80 | $4,017.80 |
| March 3, 2009<br>D.I. 20906 | 1/1/09-<br>1/31/09 | $114,525.00 | $2,458.44 (Stroock) | $91,620.00 | $2,458.44 |
| March 30, 2009<br>D.I. 21152 | 2/1/08-<br>2/28/09 | $141,569.00 | $1,627.89 (Stroock) | $113,255.20 | $1,627.89 |
| April 29, 2009<br>D.I. 21475 | 3/01/09-<br>3/31/09 | $181,006.75 | $3,270.02 (Stroock) | $144,805.40 | $3,270.02 |

---

[1]    See paragraph 10 re Twenty-Ninth Quarterly Fee Application, Docket No. 19386.

[2]    See paragraph 10 re Twenty-Ninth Quarterly Fee Application, Docket No. 19386.

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| May 29, 2009<br>D.I. 21910 | 4/01/09-<br>4/30/09 | $187,588.50 | $1,545.41 (Stroock) | $150,070.80 | $1,545.41 |
| July 1, 2009<br>D.I. 22310 | 5/01/09-<br>5/31/09 | $227,989.00 | $9,428.79 (Stroock) | $182,391.20 | $9,428.79 |
| August 6, 2009<br>D.I. 22709 | 6/01/09-<br>6/30/09 | $238,611.25 | $5,960.91 (Stroock) | $190,889.00 | $5,960.91 |
| September 25, 2009<br>D.I. 23338 | 7/01/09-<br>7/31/09 | $294,766.50 | $17,306.20 (Stroock) | $235,813.20 | 17,306.20 |
| October 5, 2009<br>D.I. 23422 | 8/01/09-<br>8/31/09 | $299,544.25 | $7,237.57(Stroock)<br>$2,812.50 (Navigant) | $239,635.40 | $10,050.07 |
| November 13, 2009<br>D.I. 23759 | 9/01/09-<br>9/30/09 | $349,937.50 | $20,164.05 (Stroock) | $279,950.00 | $20,164.05 |
| December 1, 2009<br>D.I. 23897 | 10/01/09-<br>10/31/09 | $281,050.75 | $12,457.25 (Stroock) | $224,840.60 | $12,457.25 |
| December 30,2009<br>D.I. 24087 | 11/01/09-<br>11/30/09 | $219,347.00 | $10,084.80 (Stroock) | $175,477.60 | $10,084.80 |
| January 29, 2010<br>D.I. 24211 | 12/01/09-<br>12/31/09 | $117,137.00 | $3,532.36 (Stroock) | $93,709.60 | $3,532.36 |
| March 1, 2010<br>D.I. 24376 | 1/01/10-<br>1/31/10 | $193,442.75 | $3,163.37 (Stroock) | $154,754.20 | $3,163.37 |
| March 30, 2010<br>D.I. 24537 | 2/01/10-<br>2/28/10 | $56,435.50 | $1,668.29 (Stroock) | $45,148.40 | $1,668.29 |
| April 28, 2010<br>D.I. 24687 | 3/01/10<br>3/31/10 | $42,209.00 | $636.63 (Stroock) | $33,767.20 | $636.63 |
| May 28, 2010<br>D.I. 24859 | 4/01/10-<br>4/30/10 | $44,465.00 | $265.51 (Stroock) | $35,572.00 | $265.51 |
| June 28, 2010<br>D.I. 24993 | 5/01/10-<br>5/31/10 | $36,946.50 | $770.90 (Stroock) | $29,557.20 | $770.90 |
| July 28, 2010<br>D.I. 25130 | 6/01/10-<br>6/30/10 | $52,374.50 | $93.68 (Stroock) | $41,899.60 | $93.68 |

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| August 30, 2010<br>D.I. 25286 | 7/01/10-<br>7/31/10 | $20,240.00 | $141.30 (Stroock) | $16,192.00 | $141.30 |
| September 28, 2010<br>D.I. 25488 | 8/01/10-<br>8/31/10 | $23,595.50 | $157.91 (Stroock) | $18,876.40 | $157.91 |
| October 28, 2010<br>D.I. 25660 | 9/01/10-<br>9/30/10 | $25,244.50 | $328.75 (Stroock) | $20,195.60 | $328.75 |
| November 29, 2010<br>D.I. 25812 | 10/01/10-<br>10/31/10 | $17,677.50 | $90.00 (Stroock) | $14,142.00 | $90.00 |
| December 28, 2010<br>D.I. 25963 | 11/01/10-<br>11/30/10 | $45,417.00 | $307.06 (Stroock) | $36,333.60 | $307.06 |
| January 28, 2011<br>D.I. 26140 | 12/01/10-<br>12/31/10 | $78,046.75 | $2,238.40 (Stroock) | $62,437.40 | $2,238.40 |
| February 28, 2011<br>D.I. 26435 | 1/01/11-<br>1/31/11 | $37,267.00 | $193.84 (Stroock) | $29,813.00 | $193.84 |
| March 28, 2011<br>D.I. 26651 | 2/01/11-<br>2/28/11 | $145,264.75 | $3,264.42 (Stroock) | $116, 211.80 | $3,264.42 |
| April 28, 2011<br>D.I. 26834 | 3/01/11-<br>3/30/11 | $95,649.00 | $1,447.38 (Stroock) | $76,519.20 | 1,447.38 |
| May 31, 2011<br>D.I. 27012 | 4/01/11-<br>4/30/11 | $137,671.50 | $1,005.62 (Stroock) | $110,137.20 | $1,005.62 |
| June 28, 2011<br>D.I. 27166 | 5/01/11-<br>5/31/11 | $67,451.50 | $1,350.50 (Stroock) | $53,961.20 | $1,350.50 |
| July 28, 2011<br>D.I. 27326 | 6/01/11-<br>6/30/11 | $183,497.75 | $1,903.63 (Stroock) | $146,798.20 | $1,903.63 |
| August 30, 2011<br>D.I. 27526 | 7/01/11-<br>7/31/11 | $63,076.00 | $1,373.39 (Stroock) | $50,460.80 | $1,373.39 |
| September 28, 2011<br>D.I. 27675 | 8/01/11-<br>8/31/11 | $56,731.00 | $1,133.86 (Stroock) | $45,384.80 | $1,133.86 |
| October 28, 2011<br>D.I. 27847 | 9/01/11-<br>9/30/11 | $68,727.00 | $1,025.63 (Stroock) | $54,981.60 | $1,025.63 |

|  |  | Payment Requested |  | Payment Approved |  |
|---|---|---|---|---|---|
| December 1, 2011 D.I. 28060 | 10/01/11-10/31/11 | $55,335.00 | $348.59(Stroock) | $44,268.00 | $348.59 |
| December 28, 2011 D.I. 28281 | 11/01/11-11/30/11 | $29,136.00 | $416.68 (Stroock) | $23,308.80 | $416.68 |
| February 3, 2012 D.I. 28463 | 12/01/11-12/31/11 | $8,012.50 | $52.22 (Stroock) | $6,410.00 | $52.22 |
| February 28, 2012 D.I. 28595 | 1/01/12-1/31/12 | $31,694.50 | $379.41 (Stroock) | $25,355.60 | $379.41 |
| March 28, 2012 D.I. 28732 | 2/01/12 2/29/12 | $62,628.00 | $220.71 (Stroock) | $50,102.40 | $220.71 |
| April 30, 2012 D.I. 28848 | 3/01/12-3/31/12 | $27,172.50 | $140.02 (Stroock) | $21,738.00 | $140.02 |
| May 30, 2012 D.I. 28991 | 4/01/12-4/30/12 | $24,898.50 | $75.21 (Stroock) | $19,918.80 | $75.21 |
| July 2, 2012 D.I. 29165 | 5/01/12-5/31/12 | $42,647.00 | $1,118.18 (Stroock) | $34,117.60 | $1,118.18 |
| July 30, 2012 D.I. 29369 | 6/01/12-6/30/12 | $38,391.50 | $70.86 (Stroock) | $31,145.20 | $70.86 |
| August 28, 2012 D.I. 29520 | 7/01/12-7/31/12 | $38,387.50 | $330.64 (Stroock) | $30,710.00 | $330.64 |
| September 28, 2012 D.I. 29705 | 8/01/12-8/31/12 | $12,847.00 | $53.09 (Stroock) | $10,277.60 | $53.09 |
| November 6, 2012 D.I. 29858, refiled, November 15, 2012 D.I. 29896 | 9/01/12-9/30/12 | $11,631.00 | $102.99 (Stroock) | $9,304.80 | $102.99 |
| December 5, 2012 D.I. 29997 | 10/01/12-10/31/12 | $21,007.00 | $75.77 (Stroock) | $16,805.60 | $75.77 |
| January 2, 2013 D.I. 30111 | 11/01/12-11/20/12 | $50,897.50 | $120.11 (Stroock) | $40,718.00 | $120.11 |
| January 28, 2013 D.I. 30200 | 12/01/12-12/31/12 | $22,527.00 | $351.88 (Stroock) | $18,021.60 | $351.58 |

**Quarterly Fee Applications**

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| July 30, 2001 D.I.770 (First) | 4/12/01-6/30/01 | $369,873.75 | $19,318.00 | $369,873.75 | $19,318.75 |
| November 1, 2002 D.I.1068 (Second) | 7/1/01 – 9/31/01 | $204,923.50 | $15,015.57 | $204,923.50 | $15,015.57 |
| February 8, 2002 D.I.1658 (Third) | 10/1/01 – 12/31/01 | $329,842.00 | $21,880.90 $9,918.43[*] | $329,842.00 | $21,880.90 (Stroock) $9,918.43 (Chambers) |
| May 16, 2002 D.I.2064 (Fourth) | 01/01/02 – 03/31/02 | $267,170.20 | $6,149.76 $36,352.60[*] | $266,865.70 | $6,144.85 (Stroock) $22,002.76 (Chambers) |
| August 16, 2002 D.I.2557 (Fifth) | 04/01/02 – 06/30/02 | $245,259.00 | $6,784.97 $167,629.78[*] | $245,259.00 | $6,784.97 (Stroock) $167,629.78 (Chambers |
| November 18, 2002 D.I.3045 (Sixth) | 07/01/02 – 09/30/02 | $280,471.77 | $28,358.07 $17,814.45[*] | $224,534.21[3] | $28,358.07 (Stroock)[1] $17,814,45 (Chambers)[1] |
| March 25, 2003 D.I.3549 (Seventh) | 10/01/02 – 12/31/03 | $171,108.00 | $25,000.84 $1,780.75[*] | $136,886.40[4] | $25,000.84 (Stroock)[2] $1,780.75 (Chambers)[2] |

---

[*]    These amounts relate to the Committee's Asbestos Issues Expert.

[3]    Court Order dated March 14, 2003 approved fees in the amount of $276,535.77 and expenses in the amount of $45,477.52.

[4]    Court Order dated July 28, 2003 approved fees in the amount of $171,108.00 and expenses in the amount of $26,412.62.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| May 20, 2003<br>D.I. 3815<br>(Eighth) | 1/1/03 –<br>3/31/03 | $224,358.50 | $9,424.04<br>$1,077.80* | $224,615.50[5] | $9,424.04<br>(Stroock)[3]<br>$1,077.80<br>(Chambers)[3] |
| August 29, 2003<br>D.I. 4357<br>(Ninth) | 4/1/03 –<br>6/30/03 | $215,903.50 | $2,726.28<br>$67,628.50* | $215,903.50[6] | $2,726.28<br>(Stroock)[4]<br>$67,628.50<br>(Chambers)[4] |
| December 5, 2003<br>D.I. 4778<br>(Tenth) | 7/1/03 –<br>9/30/03 | $218,222.00 | $4,339.46<br>$36,865.19* | $218,222.00[7] | $4,339.46<br>(Stroock)[5]<br>$36,865.19<br>(Chambers)[5] |
| March 2, 2004<br>D.I. 5212<br>(Eleventh) | 10/1/03 –<br>12/31/03 | $215,718.50 | $5,950.82<br>$100,349.50* | $215,718.50[8] | $5,922.67<br>(Stroock)[6]<br>$100,349.50<br>(Chambers)[6] |
| May 18, 2004<br>D.I. 5597<br>(Twelfth) | 1/1/04 –<br>3/31/04 | $254,857.00 | $9,965.36<br>$83,147.07* | $254,857.00[9] | $9,965.36<br>(Stroock)[7]<br>$83,147.07<br>(Navigant)[7] |
| August 26, 2004<br>D.I. 6269<br>(Thirteenth) | 4/1/04 –<br>6/30/04 | $353,629.50 | $7,760.42<br>$272,474.16* | $353,629.50[10] | $7,760.42<br>(Stroock)[8]<br>$272,474.16<br>(Navigant)[8] |

---

[5]  Court Order dated September 22, 2003 approved fees in the amount of $224,033.50 and expenses in the amount of $10,410.22.

[6]  Amended Court Order dated December 23, 2003 approved fees in the amount of $215,903.50 and expenses in the amount of $70,354.78.

[7]  Court Order dated April 26, 2004 approved fees in the amount of $218,222.00 and expenses in the amount of $41,204.65.

[8]  Court Order dated June 16, 2004 approved fees in the amount of $215,718.50 and expenses in the amount of $106,272.17.

[9]  Court Order dated September 27, 2004 approved fees in the amount of $254,857.00 and expenses in the amount of $93,011.96.

[10]  Court Order dated January 25, 2005 approved fees in the amount of $353,629.50 and expenses in the amount of $280,234.58.

|  |  | Payment Requested | | Order Approving Amount of: | |
| --- | --- | --- | --- | --- | --- |
| November 10, 2004<br>D.I. 6871<br>(Fourteenth) | 7/1/04 – 9/30/04 | $226,702.50 | $6,705.08<br>$67,569.50* | $226,702.50[11] | $6,705.08<br>(Stroock)[9]<br>$67,569.50<br>(Navigant)[9] |
| February 22, 2005<br>D.I. 7851<br>(Fifteenth) | 10/1/04 – 12/31/04 | $653,133.20 | $25,830.19<br>$140,422.11* | $648,355.70[12] | $25,830.19<br>(Stroock)[10]<br>$140,422.11<br>(Navigant)[10] |
| May 16, 2005<br>D.I. 8468<br>(Sixteenth) | 1/1/05- 3/31/05 | $352,289.50 | $12,746.23<br>$40,104.23* | $349,644.00 | $12,746.23<br>(Stroock)[13]<br>$40,104.23<br>(Navigant) |
| August 19, 2005<br>D.I. 9225<br>(Seventeenth) | 4/1/-5 – 6/30/05 | $340,821.25 | $9,261.40<br>$54,204.34* | $340,096.25[14] | $9,261.40<br>(Stroock)<br>$54,204.34<br>(Navigant) |
| November 18, 2005<br>D.I. 11118<br>(Eighteenth) | 7/1/05 – 9/30/05 | $291,843.50 | $8,534.71<br>$31,958.50* | $291,843.50[15] | $8,534.71<br>(Stroock)<br>$31,958.50<br>(Navigant) |
| February 15, 2006<br>D.I. 11798<br>(Nineteenth) | 10/1/05 – 12/31/05 | $299,419.75 | $5,838.28<br>$103,498.49* | $299,419.75[16] | $5,838.69<br>(Stroock<br>$103,498.49<br>(Navigant) |

[11]   Court Order dated March 22, 2005 approved fees in the amount of $226,702.50 and expenses in the amount of $74,274.58.

[12]   Court Order dated June 29, 2005 approved fees in the amount of  $648,335.70 and expenses in the amount of $166,252.30.

[13]   Court  Order dated September 27, 2005 approved fees in the amount of $349,644.00 and expenses in the amount of $52,850.46.

[14]   Court Order dated December 19, 2005 approved fees in the amount of $340,096.25 and expenses in the amount of $63,465.74.

[15]   Court Order dated March 24, 2006 approved fees in the amount of $291,843.50 and expenses in the amount of $40,493.21.

[16]   Court Order dated June 16, 2006 approved fees in the amount of $299,419.75 and expenses in the amount of $109,337.18.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| May 26, 2006 D.I. 12533 (Twentieth) | 1/1/2006 – 3/31/2006 | $323,566.25 | $5,758.28 $65,934.98* | $323,451.25[17] | $5,758.28 (Stroock) $64,810.58 (Navigant) |
| August 17, 2006 D.I. 13006 (Twenty-First) | 4/1/2006 – 6/30/2006 | $332,978.00 | $5,849.79 $63,467.50* | $332,978.00[18] | $5,849.70 (Stroock) $63,467.50 (Navigant) |
| November 29, 2006 D.I. 13835 (Twenty-Second) | 7/1/2006 – 9/30/2006 | $380,213.50 | $4,742.11 $219,776.61* | $380,213.50[19] | $4,742.11 (Stroock) $219,776.61 (Navigant) |
| March 1, 2007 D.I. 14717 (Twenty-Third) | 10/1/2007 – 12/31/07 | $484,693.50 | $10,038.19 $336,058.12* | $484,693.50[20] | $10,038.19 (Stroock) $336,058.12 (Navigant) |
| June 4, 2007 D.I. 15949 (Twenty-Fourth) | 1/1/07 - 3/31/07 | $331,950.50 | $10,690.15 $272,450.52* | $331,950.50[21] | $10,690.15 (Stroock) $272,450.52 (Navigant) |
| August 30, 2007 D.I. 16710 (Twenty-Fifth) | 4/1/2007 - 6/30/2007 | $609,233.75 | $13,150.79 $536,163.29* | $609,233.75[22] | $13,150.79 (Stroock) $536,163.29 (Navigant) |

[17]  Court Order dated September 25, 2006 approved fees in the amount of $323,451.25 and expenses in the amount of $71,130.16.

[18]  Court Order dated December 18, 2006 approved fees in the amount of $332,978.00 and expenses in the amount of $69,317.29.

[19]  Court Order dated May 3, 2007 approved fees in the amount of $380,213.50 and expenses in the amount of $224,518.72.

[20]  Court Order dated June 20, 2007 approved fees in the amount of $484,693.50 and expenses in the amount of $346,096.31.

[21]  Court Order dated September 24, 2007 approved fees in the amount of $331,950.50 and expenses in the amount of $283,140.67.

[22]  Court order dated December 13, 2007 approved fees in the amount of $609,233.75 and expenses in the amount of $549,314.08.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| December 12, 2007 D.I. 17625 (Twenty-Sixth) | 7/1/2007 – 9/30/2007 | $510,043.50 | $10,433.15 $418.269.08* | $508,758.50[23] | $10,433.15 (Stroock) $418,269.08 (Navigant) |
| March 5, 2008 D.I. 18222 (Twenty-Seventh) | 10/1/07 – 12/31/07 | $654,871.50 | $112,822.90 $535,348.99* | $654,871.50[24] | $112,650.85 (Stroock) $535,348.99 (Navigant) |
| May 27, 2008 D.I. 18789 (Twenty-Eighth) | 1/1/08 - 3/31/08 | $672,622.50 | $20,422.22 $229,195.95* | $672,622.50[25] | $20,422.22 (Stroock) $229,195.95 (Navigant) |
| August 27, 2008 D.I. 19386 (Twenty-Ninth) | 4/1/08 - 6/30/08 | $653,130.50 | $26,151.33 $38,896.84* | $653,130.50[26] | $26,151.33 (Stroock) $38,896.84 (Navigant) |
| December 5, 2008 D.I. 20207 (Thirtieth) | 7/1/08 – 9/30/08 | $645,502.50 | $11,888.55 $259.90* | $645,092.50[27] | $11,888.55 (Stroock) $259.90 (Navigant) |
| March 9, 2009 D.I. 20950 (Thirty-First) | 10/01/08 - 12/31/08 | $557,387.50 | $20,499.56 | $557,387.50[28] | $20,499.56 |
| June 1, 2009 D.I. 21937 (Thirty-Second) | 1/01/09 - 3/31/09 | $437,100.75 | $7,356.35 | $433,438.75[29] | $7,356.35 |

---

[23] Court order dated March 12, 2008 approved fees in the amount of $508,758.50 and expenses in the amount of $428,702.23.

[24] Court order dated June 23, 2008 approved fees in the amount of $654,871.50 and expenses in the amount of $647,999.84.

[25] Court order dated October 1, 2008 approved fees in the amount of $672,622.50 and expenses in the amount of $249,618.17.

[26] Court order dated December 17, 2008 approved fees in the amount of $653,130.50 and expenses in the amount of $65,048.17.

[27] Court order dated April 1, 2009 approved fees in the amount of $645,092.50 and expenses in the amount of $12,148.45.

[28] Court order dated July 7, 2009 approved fees in the amount of $557,387.50 and expenses in the amount of $20,499.56.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| August 19, 2009<br>D.I. 22869<br>(Thirty-Third) | 4/01/09 -<br>6/30/09 | $654,188.75 | $16,935.11 | $653,243.75[30] | $16,935.11 |
| December 4, 2009<br>D.I. 23944<br>(Thirty-Fourth) | 7/01/09 -<br>9/30/09 | $944,248.25 | $44,707.82<br>$2,812.50* | $942,116.25[31] | $43,707.82<br>(Stroock)<br>$2,812.50<br>(Navigant) |
| February 16, 2010<br>D.I. 24308<br>(Thirty-Fifth) | 10/01/10 -<br>12/31/09 | $617,534.75 | $26,074.41 | $617,534.75[32] | $26,074.41 |
| May 20, 2010<br>D.I. 24811<br>(Thirty-Sixth) | 01/01/10 -<br>3/30/10 | $290,697.25 | $5,468.29 | $290,697.25[33] | $5,468.29 |
| August 17, 2010<br>D.I. 25231<br>(Thirty-Seventh) | 4/01/10 -<br>6/30/10 | $133,786.00 | $1,130.09 | $133,786.00[34] | $1,130.09 |
| Nov. 17, 2010<br>D.I. 25766<br>(Thirty-Eighth) | 7/01/10 -<br>9/30/10 | $69,080.00 | $627.96 | $69,080.00[35] | $627.96 |
| March 3, 2011<br>D.I. 26481<br>(Thirty-Ninth) | 10/01/10 -<br>12/30/10 | $141,141.25 | $2,635.46 | $141,141.25[36] | $2,635.46 |

[29] Court order dated September 28, 2009 approved fees in the amount of $433,438.75 and expenses in the amount of $7,356.35.

[30] Court order dated December 11, 2009 approved fees in the amount of $653,243.75 and expenses in the amount of $16,935.11.

[31] Court order dated March 19, 2010 approved fees in the amount of $942,116.25 and expenses in the amount of $47,520.32.

[32] Revised Court Order dated June 7, 2010 approved fees in the amount of $617,534.75 and expenses in the amount of $26,074.41.

[33] Court Order dated September 13, 2010 approved fees in the amount of $290,697.25 and expenses in the amount of $5,468.29.

[34] Court Order dated December 10, 2010 approved fees in the amount of $133,786.00 and expenses in the amount of $1,130.09.

[35] Court Order dated March 25, 2011 approved fees in the amount of $69,080.00 and expenses in the amount of $627.96.

[36] Court Order dated June 30, 2011 approved fees in the amount of $141,141.25 and expenses in the amount of $2,635.46.

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| May 19, 2011 D.I. 26959 (Fortieth) | 1/01/11 – 3/31/11 | $278,180.75 | $4,905.64 | $278,180.75[37] | $4,905.64 |
| August 17, 2011 D.I. 27450 (Forty-First) | 4/01/11 – 6/30/11 | $388,620.75 | $4,259.75 | $388,620.75[38] | $4,259.75 |
| Nov. 16, 2011 D.I. 27985 (Forty-Second) | 7/01/11 - 9/01/11 | $188,534.00 | $3,532.88 | $188,543.00[39] | $3,532.88 |
| Feb. 16, 2012 D.I. 28540 (Forty-Third) | 10/01/11 - 12/31/11 | $92,483.50 | $817.49 | $92,483.50[40] | $817.49 |
| May 18, 2012 D.I. 28944 (Forty-Fourth) | 01/01/12 - 03/31/12 | $121,495.00 | $740.14 | $121,495.00[41] | $740.14 |
| August 15, 2012 D.I. 29463 (Forty-Fifth) | 4/01/12 - 6/30/12 | $105,462.00 | $1,264.25 | $105,462.00[42] | $1,264.25 |
| November 29, 2012 D. I. 29965 (Forty-Sixth) | 7/1/12 - 9/30/12 | $62,865.50 | $486.72 | | |

---

[37]   Court Order dated September 20, 2011 approved fees in the amount of $278,180.75 and expenses in the amount of $4,905.64.

[38]   Court Order dated December 14, 2011 approved fees in the amount of $388,620.75 and expenses in the amount of $4,259.75.

[39]   Court Order dated March 23, 2012 approved fees in the amount of $188,534.00 and expenses in the amount of $3,532.88.

[40]   Court Order dated June 14, 2012 approved fees in the amount of $92,483.50 and expenses in the amount of $817.49.

[41]   Court Order dated October 9, 2012 approved fees in the amount of $121,495.00 and expenses in the amount of $740.14.

[42]   Court Order dated December 11, 2012 approved fees in the amount of $105,462.00 and expenses in the amount of $1,264.25.

**WR GRACE & CO**
**ATTACHMENT B**
**OCTOBER 1, 2012 - DECEMBER 31, 2012**

|  | Hours | Rate | Amount | No. of Years in Position |
|---|---|---|---|---|
| **Partners** |  |  |  |  |
| Kruger, Lewis | 3.1 | $1,025 | $   3,177.50 | 42 |
| Pasquale, Kenneth | 10.9 | 920 | 10,028.00 | 21 |
|  |  |  |  |  |
| **Associates** |  |  |  |  |
| Krieger, Arlene G. | 99.6 | 725 | 72,210.00 | 28 |
|  |  |  |  |  |
| **Paraprofessionals** |  |  |  |  |
| Magzamen, Michael | 1.4 | 335 | 469.00 | 9 |
| Mohamed, David | 38.6 | 210 | 8,106.00 | 22 |
| Siegel, Scott D. | 1.4 | 315 | 441.00 | 1 |
|  |  |  |  |  |
| **Total** | **155.0** |  | **$ 94,431.50** |  |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W. R. GRACE & CO., et al.**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## FORTY-SEVENTH QUARTERLY FEE APPLICATION OF STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., et al., FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM OCTOBER 1, 2012 THROUGH DECEMBER 31, 2012

Strook & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

accordance with the Administrative Fee Order (defined below) for interim allowance of

---

[1] The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc.,  Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA  Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

compensation for services rendered and for reimbursement of expenses incurred in connection

therewith, respectfully represents as follows:

## INTRODUCTION

1.      By this application (the "Application"), Stroock seeks (i) an interim allowance of

compensation for the professional services rendered by Stroock as counsel for the Committee for

the period from October 1, 2012 through December 31, 2012 (the "Compensation Period") in the

aggregate amount of $94,431.50 representing 113.6 hours of professional services and 41.4 hours

of paraprofessional services; and (ii) the reimbursement of actual and necessary expenses

incurred by Stroock during the Compensation Period in connection with its rendition of such

professional and paraprofessional services for the Committee in the aggregate amount of

$547.76.

2.      Venue of this proceeding and this Application is proper in this district pursuant to

28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are 11 U.S.C.

§§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## BACKGROUND

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary

petitions for reorganization under chapter 11 of the Bankruptcy Code and has continued in the

management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the

Bankruptcy Code.  Pursuant to an order of the Court, the Debtors' chapter 11 cases have been

procedurally consolidated and are being jointly administered.

4.      The Debtors operate a worldwide specialty chemicals and materials business and

employ approximately 3860 full and part-time employees.  On a consolidated basis, for the fiscal

2

year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues.  The

Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales

generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor subsidiaries

and affiliates.

5.      On April 12, 2001, the United States Trustee formed the Committee.  During the

first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its

counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter

11 cases.  The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP

(n/k/a Duane Morris LLP) ("DM&H") as its local Delaware counsel.  On December 3, 2003, the

United States Trustee filed a second amended notice of appointment of the Committee.  On July

10, 2006, the United States Trustee filed a third amended notice of appointment of the

Committee.

6.      The United States Trustee also appointed two separate official committees to

represent the interests of claimants asserting asbestos-related personal injury claims (the "ACC")

and asbestos-related property damage claims (the "PD Committee") against the Debtors

(collectively, the "Asbestos Claim Committees").  On June 18, 2001, the United States Trustee

appointed an official committee to represent the interests of equity security holders of the

Debtors (the "Equity Committee").

7.      By order dated May 24, 2004, the Court authorized the appointment of a legal

representative for future asbestos personal injury claimants (the "PI FCR").  By order dated

---

[2]    The Debtors' pleadings further reported that this net loss resulted in part from a $294.0 million asbestos-related
charge to earnings recorded in the fourth quarter of 2000.

3

October 20, 2008, the Court authorized the appointment of a legal representative for future

asbestos property damage claimants (the "PD FCR").

8.      By application dated May 1, 2001, Stroock sought Court approval for its retention

as counsel to the Committee nunc pro tunc to April 12, 2001.  The Court signed an order

approving Stroock's retention as counsel to the Committee on May 30, 2001.

9.      This is the forty-seventh quarterly interim application Stroock has filed with the

Court for an allowance of compensation and reimbursement of expenses for services rendered to

the Committee.  This Application is submitted pursuant to the terms of the Administrative Order

Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement

of Expenses for Professionals and Official Committee Members, approved by the Court on

May 3, 2001 as amended by order dated April 17, 2002 (collectively, the "Administrative Fee

Order").

10.      In accordance with the procedures established by the Administrative Fee Order,

Stroock had, at the time of filing this Application, received payment from the Debtors for 80% of

the fees and 100% of Stroock's expenses requested in the October 2012 and November 2012 fee

statements.  Stroock has not yet received payment for the fees and expenses requested in the

December 2012 fee statement for which a certificate of no objection was filed on February 22,

2013.  Applicant has received no other payments and no promises for payment from any source

for services rendered in connection with these cases for the months encompassing this

Compensation Period other than as immediately set forth above.  There is no agreement or

understanding between the Applicant and any other person (other than members of Stroock) for

the sharing of compensation to be received for the services rendered in these cases.

4

11.    As stated in the Affidavit of Kenneth Pasquale, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

## SUMMARY OF SERVICES RENDERED

12.    Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates.  The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

13.    Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee.  Such time records were made contemporaneously with the rendition of services by the person rendering such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2006.  Stroock's detailed time records for the Compensation Period are contained in the monthly fee applications attached hereto as Exhibit "B".  In addition, Exhibit "C" hereto contains a fee summary chart showing all of the names of the attorneys and paraprofessionals who incurred fees during the Compensation Period, the number of hours expended by each of them in performing services, their normal hourly billing rates, and the aggregate value of their services.  Exhibit D attached hereto contains a summary of the hours expended by Stroock professionals and paraprofessionals for each of the project categories described below.

5

14.     Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection.  A schedule of the categories of expenses and amounts for which payment is requested is annexed hereto as Exhibit "E".

15.     Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

16.     The following summary of the services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B".  Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention.

### Claims Analysis Objection, Resolution and estimation (Asbestos) -- Category 0003

17.     During this Compensation Period, Stroock reviewed (i) the Debtors' motion to approve a proposed settlement with Dairlyland Insurance and (ii) the Debtors' Joinder to Main Plaza's Objection to CIM's claim transfer notice with respect to Main Plaza's asbestos property damage claim, as well as CIM's motion for leave to file a reply to Main Plaza's Objection and CIM's proposed Reply.  Stroock has expended 1.7 hours on this category for a fee of $1,232.50.

### Business Operations -- Category 0013

18.     During this Compensation Period, Stroock (i) reviewed and discussed with Capstone and the Debtors, the Debtors' proposed business realignment and information relating thereto, including Blackstone's materials on the One Grace business realignment, and, in conjunction with Capstone, prepared a report and memoranda for the Committee on the One Grace business realignment, (ii) reviewed and discussed with the Debtors, its counsel and Capstone, the Debtors' motion relating to its Qualified Settlement Fund and monies earmarked for the Trust; (iii) reviewed the Debtors' motion for approval of a "Cash Settled Collar Agreement," attended a call regarding the financial results of the proposed Cash Settled Collar Agreement, and communicated with Capstone and the Committee regarding the proposed Collar Agreement; and (iv) reviewed and discussed with Capstone, the Debtors' proposed third amendment to its post-petition Letter of Credit Facility.  In addition, Stroock attended to the Debtors' Third Quarter 2012 earnings conference call and information provided by the Debtors on its investor calls and in its 2011 annual report, and discussed such financial information with Capstone and the Committee.  Stroock has expended 8.2 hours on this category for a fee of $6,005.00.

### Case Administration -- Category 0014

19.     As reported in prior monthly compensation applications, these chapter 11 cases were reassigned to District Court Judge Alfred Wolin in November 2001 and referred to Bankruptcy Court Judge Judith Fitzgerald, and then reassigned to District Court Judge Ronald L. Buckwalter following Judge Wolin's recusal from these cases.

20.     During this Compensation Period, Stroock continued to closely monitor the items on the Court's general chapter 11 docket for these cases and on the confirmation-related appeals

dockets for the District Court and the Third Circuit Court of Appeals, as well as those dockets relating to pending adversary proceedings and other appeals, to ensure that the Committee was fully informed about all pending motions, adversary proceedings and appeals and that Stroock would be ready to timely respond on behalf of the Committee, as might be applicable. Stroock continued to engage Debtors' counsel and Capstone on an on-going basis with respect to pending matters and information requests. Stroock has expended 20.3 hours on this category for a fee of $4,666.00.

### Claims Analysis/Objections/Administration (Non-Asbestos) – Category 015

21.     During this Compensation Period, Stroock continued to engage in discussions with the Debtors regarding the treatment and settlement of certain creditor claims. Stroock has expended 2.6 hours on this category for a fee of $1,963.00.

### Committee, Creditors' Noteholders' or Equity Holders' -- Category 0017

22.     During this Compensation Period, Stroock communicated with the full Committee and its members through numerous memoranda. In order to keep the Committee fully informed of all of the pending matters in these cases, and thus enable the Committee to take informed positions on those issues, Stroock reviewed and provided information to the Committee on motions, other pleadings and notices filed by the Debtors and other parties-in-interest in these cases and objections and responses filed, raised issues the Committee should be aware of, made recommendations to the Committee concerning appropriate actions to be taken with regard to these proposals and pleadings and communicated with the Committee and its members regarding the positions to be taken. In addition, Stroock engaged counsel and other representatives for the Debtors, with the Committee's questions, concerns and comments, and negotiated whenever and

to the extent possible, consensual resolutions of outstanding issues and acceptable forms of proposed orders, stipulations and agreements.

23.     As reported in prior compensation applications, the Bankruptcy Court on January 31, 2011 issued a Memorandum Decision and Recommended Findings of Fact and Conclusions of Law, with respect to the first amended joint plan of reorganization proposed by the Debtors, the ACC, the PI FCR and the Equity Committee (collectively, the "Plan Proponents") and thereafter, on February 15, 2011, issued an order clarifying that the Memorandum Decision was a Confirmation Order.  Appeals were taken by various appellants to the confirmation rulings issued by the Bankruptcy Court and appellate hearings were held by the District Court in June 2011.  On January 30, 2012 , the District Court issued a Memorandum Opinion and Order affirming the Confirmation Rulings issued by Judge Fitzgerald.  Thereafter, a number of confirmation-related motions, pleadings and appeals were filed by various parties in interest to the District Court's Memorandum Opinion and Order, including the motions filed seeking to amend and/or to reargue their confirmation objections.  On June 11, 2012, the District Court issued its Amended Memorandum Opinion and Order (the "Amended Confirmation Decision") addressing the post-confirmation motions and further affirming confirmation of the Plan. Several parties appealed the District Court's Amended Confirmation Decision.  Opening briefs were filed by the Appellants in November and December, 2012.  In an effort to keep the Committee informed of the progress of the confirmation appeal process, Stroock monitored, reviewed and shared these appellate pleadings with the Committee.

24.     The memoranda to the Committee during this Compensation Period primarily addressed (i) the appeals filed by various parties to the Third Circuit, the appellate briefing schedules and the appellate briefs filed with the Third Circuit, (ii) emergence issues and

timeframe and (iii) the Debtors' motions, including, the QSF motion and the motion for approval of the Cash Settled Collar Agreement and (iv) updated financial information.

25.     Through its correspondence and communications with the Committee, Stroock has assisted the Committee in fulfilling its statutory duties to make informed decisions and express the Committee's views regarding the issues which arise in these cases, and to participate in those proceedings and matters and in the confirmation of a plan providing appropriate treatment for the creditors represented by the Committee.  Stroock has expended 37.4 hours on this category for a fee of $27,649.00.

### Fee Application, Applicant -- Category 0018

26.     During this Compensation Period, Stroock prepared its fee statements for the months of September 2012, October 2012, and November 2012, and related notices, affidavits of service and certifications of no objection where applicable.  Stroock also prepared its Forty-Sixth Quarterly Fee Application covering the period from July 1, 2012 through September 30, 2012, including a narrative section summarizing the services rendered during that period by Stroock and numerous fee and expense schedules, as required by the Administrative Fee Order entered by the Court.  Stroock has expended 23.3 hours on this category for a fee of $10,258.50.

### Creditor Inquiries -- Category 0019

27.     During this Compensation Period, Stroock responded to inquiries from unsecured creditors with respect to the status of the case, confirmation, resolution of claims, and appellate and emergence issues and timeframes.  Stroock has expended 0.4 hours on this category for a fee of $368.00.

**Fee Application, Others -- Category 0020**

28.     During this Compensation Period, Stroock assisted Capstone with filing its 103rd, 104th and 105th monthly fee applications, and its 35th Quarterly Fee Application for the period April 1, 2012 through June 30, 2012, and in conjunction therewith, prepared notices, affidavits of service and certifications with respect thereto.  Stroock has expended 8.8 hours on this category for a fee of $2,105.50.

**Plan and Disclosure Statement – Category 0036**

29.     As reported in prior compensation applications, in September 2008, the Debtors filed a plan of reorganization embodying the Proposed PI Resolution and the Term Sheet the Debtors reached with the other Plan Proponents.  Stroock reviewed the drafts of the plan and related exhibits, the disclosure statement and the solicitation–related materials focusing on those terms and provisions affecting the treatment of general unsecured creditors in Class 9, and communicated with the Committee and Capstone regarding these documents.  The Court approved an amended disclosure statement (the "Disclosure Statement") corresponding to the first amended plan of reorganization dated February 27, 2009 (the "Plan") and solicitation procedures, and creditors and equity holders voted on the Plan and filed objections to confirmation.  Stroock prepared and filed objections to confirmation of the Plan on behalf of the Committee.  On January 31, 2011, the Bankruptcy Court issued its Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law (the "Memorandum Decision") and its Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization As Modified through December 23, 2010 (the "Findings of Fact") and thereafter, an order clarifying that the Memorandum Decision

11

was a confirmation order (collectively, the Memorandum Decision, as clarified and the Findings of Fact are the "Confirmation Rulings").  The Confirmation Rulings raised substantive issues for numerous parties resulting in the filing with the District Court of multiple appeals and objections to the Confirmation Rulings.  The District Court held hearings on the appeals taken from the Confirmation Rulings in the later portion of June 2011.  The Committee joined certain holders of bank lender claims (the "Bank Lender Group") in appealing the Confirmation Rulings to the District Court.  The District Court issued its Memorandum Opinion and Order affirming the Bankruptcy Court's Confirmation Rulings and thereafter a number of motions, responses and other pleadings were filed with the District Court by the Plan Proponents and other parties, and several appeals were taken from the District Court's rulings to the Third Circuit Court of Appeals.  The District Court issued in June 2012 an Amended Confirmation Decision addressing the various post-confirmation motions filed.  Several parties appealed the District Court's Amended Confirmation Decision, and opening briefs were filed by the Appellants in November and December, 2012.

30.    During this Compensation Period, Stroock reviewed and shared with the Committee each of the confirmation-related pleadings, appeals and other documents docketed with the District Court and with the Third Circuit, including the Lenders' appellate brief.  In addition, relating to the Plan, Stroock reviewed and discussed with Capstone and the Committee, (i) the Plan Proponents' motion for authority to enter into the Collar Agreement, and in connection therewith reviewed the Warrant Agreement and related documents, and (ii) the Debtors' QSF motion.  As reflected elsewhere in this Application, Stroock communicated with the Committee on these matters.  Stroock expended 50.6 hours on this category for a fee of $38,951.50.

12

**Hearings - 0037**

31.     During this Compensation Period, Stroock continued to monitor, review and discuss with the Debtors, the Committee and local counsel, the hearing notices and hearing agendas in these cases. Stroock expended 1.7 hours on this category for a fee of $1,232.50.

## FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

32.     The factors to be considered in awarding attorneys fees have been enumerated in In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547 F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts.  Stroock respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

The Time and Labor Required.  The professional services rendered by Stroock on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the complex issues encountered by the Committee with skill and dispatch.  Occasionally, Stroock has been required to perform these services under significant time constraints requiring work late into the evening and on weekends.  The services rendered by Stroock were performed efficiently, effectively and economically.

The Novelty and Difficulty of Questions.  Novel and complex issues have already arisen in the course of these Chapter 11 cases, and it can be anticipated that other such issues will be encountered.  In this case, as in

many others in which the firm is involved, Stroock's effective advocacy and creative approach have helped clarify and resolve such issues and will continue to prove beneficial.

The Skill Requisite to Perform the Legal Services Properly.  Stroock believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Stroock's practice, and its creative approach to the resolution of issues, are and will continue to contribute to the maximization of the distributions to the Debtors' unsecured creditors.

The Preclusion of Other Employment by Applicant Due to Acceptance of the Case.  Due to the size of Stroock's insolvency department, Stroock's representation of the Committee has not precluded its acceptance of new clients.  However, the volume of the matters needing attention on a continuing basis has required several of the attorneys to commit significant portions of their time to these cases.

The Customary Fee.  The fee sought herein is based upon Stroock's normal hourly rates for services of this kind.  Stroock respectfully submits that the fee sought herein is not unusual given the magnitude and complexity of these cases and the time expended in attending to the representation of the Committee, and is commensurate with fees Stroock has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

14

<u>Whether the Fee is Fixed or Contingent</u>.  Pursuant to §§ 330 and 331 of

the Bankruptcy Code, all fees sought by professionals employed under

§ 1103 of the Code are contingent pending final approval by this Court,

and are subject to adjustment dependent upon the services rendered and

the results obtained.

<u>Time Limitations Imposed by Client or Other Circumstances</u>.  As already

indicated, Stroock has attended to the various issues arising in these cases.

Occasionally, Stroock has had to perform those services under significant

time constraints requiring attorneys assigned to these cases to work

evenings and on weekends.

<u>The Amount Involved and Results Obtained</u>.  Through the efforts of

Stroock, the Committee has been an active participant in these Chapter 11

cases from the very first days of its formation, and its assistance, as well as

constructive criticism, has greatly contributed to the efficient

administration of these cases.

<u>The Experience, Reputation and Ability of the Attorneys</u>.  Stroock has one

of the largest and most sophisticated insolvency practices in the nation and

has played a major role in numerous cases of national import including:

<u>Acme Metals, Inc</u>., <u>Hillsborough Holdings Corporation</u>, <u>Laclede Steel</u>

<u>Company</u>,  <u>The LTV Corporation</u>, <u>Wheeling-Pittsburgh Steel Corporation</u>,

<u>Allis-Chalmers Corporation</u>, <u>The Charter Company</u>, <u>Federated</u>

<u>Department Stores</u>, <u>Burlington Motor Holdings, Inc</u>., <u>Metallurg, Inc.</u>,

15

Forstmann & Company, Inc., Barneys, Inc., Fruehauf Trailer Corporation,
Levitz Furniture Incorporated, The Columbia Gas System, Inc., JWP, Inc.,
Flushing Hospital and Medical Center, Planet Hollywood International,
Anchor Glass Container Corporation, RSL COM U.S.A. Inc, USG
Corporation, Formica Corp., Galey & Lord, Inc. and Tropicana
Entertainment, LLC.  Stroock's experience enables it to perform the
services described herein competently and expeditiously.  In addition to its
expertise in the area of corporate reorganization, Stroock has already
frequently called upon the expertise of its partners and associates in the
litigation, ERISA, tax, environmental and intellectual property law areas
to perform the wide ranging scope of the legal work necessitated by these
cases.

The "Undesirability" of the Case.  These cases are not undesirable, but as
already indicated, have required a significant commitment of time from
several of the attorneys assigned hereto.

Nature and Length of Professional Relationship.  As described above,
Stroock has been actively rendering services on behalf of the Committee
as necessary and appropriate from April 12, 2001 through to the present.

## ALLOWANCE OF COMPENSATION

33.    The professional services rendered by Stroock required a high degree of
professional competence and expertise so that the numerous issues requiring evaluation and
determination by the Committee could be addressed with skill and dispatch and have, therefore,

16

required the expenditure of substantial time and effort.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

34.     With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services rendered by [such] . . . professional person.  11 U.S.C. § 330.  Section 330 further states that the court should take into consideration, inter alia, the nature, extent, and value of services performed, as well as the cost of comparable services other than in a case under this title.  Id.  The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

35.     The total time spent by Stroock attorneys and paraprofessionals during the Compensation Period for which Stroock seeks payment was 155.0 hours.  Such services have a fair market value of $94,431.50.  The work involved, and thus the time expended, was assigned in light of the experience, expertise and familiarity with the issues in these cases required for a particular task.

36.     As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time.  Attached hereto as Exhibit "C" are summaries of the hours expended by the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services.

37.     In addition, Stroock incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $547.76 for which Stroock respectfully requests reimbursement in full.  The disbursements and expenses have been incurred in accordance with Stroock's normal practice of charging clients for expenses clearly related to and required by particular matters.  Stroock has endeavored to minimize to the fullest extent possible those expenses incurred to enable Stroock to devote time beyond normal office hours to matters that imposed extraordinary time demands.  Attached hereto as Exhibit "E" is a summary chart reflecting each category of disbursement for which Stroock seeks reimbursement.

38.     Stroock's billing rates do not include charges for photocopying, telephone and telecopy toll charges, computerized research, travel expenses, "working meals", secretarial overtime, postage and certain other office services, because the needs of each client for such services differ.  Stroock believes that it is fairest to charge each client only for the services actually used in performing services for it.  Stroock has endeavored to minimize these expenses to the fullest extent possible.

39.     Stroock charges $.10 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions.  Stroock does not charge for incoming facsimiles.

40.     No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

41.     Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this

18

application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

42.    No prior application has been made in this or in any other Court for the relief requested herein for the Compensation Period other than as set forth herein.

**[Remainder of Page Left Intentionally Blank]**

**WHEREFORE**, Stroock respectfully requests, pursuant to the Administrative Fee Order: (a) the allowance of compensation for professional services rendered to the Committee during the period from October 1, 2012 through and including December 31, 2012 in the amount of $94,431.50, for which Stroock seeks payment; (b) the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from October 1, 2012 through and including December 31, 2012 in the amount of $547.76; and (c) an order authorizing and directing the Debtors to pay to Stroock each of the amounts set forth in (a) and (b) of this WHEREFORE clause (to the extent not already paid pursuant to the Administrative Fee Order); and granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
         February 28, 2013

                                        STROOCK & STROOCK & LAVAN LLP


                                        /s/ Kenneth Pasquale
                                        Lewis Kruger
                                        Kenneth Pasquale
                                        Members of the Firm
                                        180 Maiden Lane
                                        New York, New York 10038-4982
                                        (212) 806-5400

                                        Co-Counsel for the Official Committee of
                                        Unsecured Creditors of W. R. Grace & Co., et al.