## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.**, *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S COMBINED FINAL REPORT REGARDING THOSE FEE APPLICATIONS WITH *DE MINIMIS* OR NO FEE OR EXPENSE ISSUES FOR THE FORTY-SIXTH INTERIM PERIOD

This is the combined final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding all the Interim Fee Applications of those firms for which we have *de minimis*[1] or no fee or expense issues for the Forty-Sixth Interim Period (collectively referred to hereafter as the "Applications").[2]

### BACKGROUND

1.      Anderson Kill & Olick, P.C. ("Anderson Kill & Olick"), was retained as special insurance counsel to the Official Committee of Asbestos Personal Injury Claimants. Anderson Kill & Olick seeks approval of fees totaling $297,555.00 and expenses totaling $2,896.74 for its services during the Application Period.

2.      Beveridge & Diamond, P.C. ("Beveridge & Diamond"), was retained as special

---

[1]For purposes of this report, applications with *de minimis* issues are those for which: (1) our recommended reductions total less than $300.00, *and* (2) the applicant has agreed to our recommended reductions.

[2]The Forty-Sixth Interim Period encompasses July 1, 2012, through September 30, 2012 (the "Application Period").  All Applications are for the Forty-Sixth Interim Period, unless otherwise specified.

counsel to the Debtors. Beveridge & Diamond seeks approval of fees totaling $233,953.24 and

expenses totaling $7,931.68 for its services from April 1, 2012, through June 30, 2012 (the "Forty-

Fifth Interim Period").

3.      Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg") was retained as

counsel to the Official Committee of Asbestos Property Damage Claimants. Bilzin Sumberg seeks

approval of fees totaling $9,466.00 and expenses totaling $123.40 for its services during the

Application Period.

4.      Blackstone Advisory Partners L.P. ("Blackstone") was retained as financial advisor

to the Debtors. Blackstone seeks approval of flat fees totaling $325,000.00[3] and expenses totaling

$428.54 for its services during the Application Period.

5.      BMC Group ("BMC") was retained as Claims Reconciliation and Solicitation

Consultant to the Debtors. BMC seeks approval of fees totaling $125,641.50 and expenses totaling

$5,581.96 for its services during the Application Period.

6.      Campbell & Levine, LLC ("Campbell & Levine"), was retained as Delaware and

associated counsel to the Official Committee of Asbestos Personal Injury Claimants. Campbell &

Levine seeks approval of fees totaling $37,189.00 and expenses totaling $5,412.63 for its services

during the Application Period.

7.      Caplin & Drysdale, Chartered ("Caplin & Drysdale"), was retained as counsel to the

Official Committee of Asbestos Personal Injury Claimants. Caplin & Drysdale seeks approval of

---

[3]For the Application Period, Blackstone lists 384.50 hours worked, which computes to an
effective hourly rate of $845.25.

fees totaling $103,136.00[4] and expenses totaling $7,778.83 for its services during the Application Period.

8.      Capstone Advisory Group, LLC ("Capstone"), was retained as financial advisor to the Official Committee of Unsecured Creditors.  Capstone seeks approval of fees totaling $86,417.00 and expenses totaling $182.53 for its services during the Application Period.

9.      Casner & Edwards, LLP ("Casner"), was retained as special litigation counsel to the Debtors.  Casner seeks approval of fees totaling $13,496.00 and expenses totaling $37,342.43 for its services during the Application Period.

10.     Charter Oak Financial Consultants, LLC ("Charter Oak"), was retained as financial advisor to the Official Committee of Asbestos Personal Injury Claimants.  Charter Oak seeks approval of fees totaling $57,753.00 and expenses totaling $7.00 for its services during the Application Period.

11.     Duane Morris LLP ("Duane Morris") was retained as co-counsel to the Official Committee of Unsecured Creditors.  Duane Morris seeks approval of fees totaling $14,535.00 and expenses totaling $435.55 for its services during the Application Period.

12.     Ferry, Joseph & Pearce, P.A. ("Ferry Joseph"), was retained as counsel to the Official Committee of Asbestos Property Damage Claimants.  Ferry Joseph seeks approval of fees totaling $13,780.50 and expenses totaling $1,653.69 for its services during the Application Period.

---

[4]We note for informational purposes that Caplin & Drysdale billed the time of attorney Elihu Inselbuch at $1,000.00 per hour.  During the current Application Period, Mr. Inselbuch billed 30.70 hours at the $1,000 per hour rate, for $30,700.00 in fees.  In *In re USG Corporation,* Case No. 01-2094 (JKF), Transcript of Proceedings, July 19, 2004, p. 14, the Honorable Judith K. Fitzgerald asked that we call to the Court's attention any instance in which a professional's hourly rate reaches $1,000.00, and thus we are complying with the Court's request.

13.     Foley Hoag LLP ("Foley Hoag") was retained as special environmental counsel to the Debtors.  Foley Hoag seeks approval of fees totaling $39,219.30 and expenses totaling $461.28 for its services during the Application Period.

14.     Fragomen, Del Rey, Bernsen & Loewy LLP ("Fragomen") was retained as immigration counsel to the Debtors.  Fragomen seeks approval of fees totaling $32,725.00 and expenses totaling $6,742.25 for its services during the Application Period.

15.     The Law Offices of Roger J. Higgins, LLC ("Higgins"), was retained as co-counsel to the Debtors and Debtors-in-Possession.  Higgins seeks approval of fees totaling $114,125.00 and expenses totaling $2,350.40 for its services during the Application Period.

16.     R. Karl Hill, Seitz Van Ogrop & Green, P.A. ("Hill"), was retained as local counsel to the Hon. Alexander M. Sanders, Jr., the Legal Representative for Future Asbestos-Related Property Damage Claimants.  Hill seeks approval of fees totaling $202.50 and no expenses for his services for the Forty-Second Interim Period through the Forty-Sixth Interim Period.[5]

17.     Kirkland & Ellis LLP ("K&E") was retained as counsel to the Debtors.  K&E seeks

---

[5]Hill's Application encompasses July 1, 2011, through September 30, 2012.

approval of fees totaling $1,416,777.00[6] and expenses totaling $26,961.99[7] for its services during the Application Period.

18.     Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") was retained as co-counsel to the Official Committee of Equity Holders.  Kramer Levin seeks approval of fees totaling $31,544.00 and expenses totaling $816.69 for its services during the Application Period.

19.     Lauzon Bélanger Lespérance ("Lauzon Bélanger) was retained as Canadian counsel to the Canadian ZAI Claimants.  Lauzon Bélanger seeks approval of fees totaling CDN $2,402.55 and expenses totaling CDN $364.62 for its services during the Application Period.

20.     Legal Analysis Systems, Inc. ("LAS") was retained as asbestos-related bodily injury consultant to the Official Committee of Asbestos Personal Injury Claimants.  LAS seeks approval of fees totaling $3,410.00 and no expenses for its services during the Application Period.

21.     Lincoln Partners Advisors LLC ("Lincoln Partners") was retained as financial advisor to David T. Austern, the Asbestos Personal Injury Future Claimants' Representative.  Lincoln Partners seeks approval of flat fees totaling $185,000.00[8] and expenses totaling $2,043.07 for its

_____

[6]We note for informational purposes that Kirkland & Ellis billed the time of partners, Christopher Landau, P.C., and Todd F. Maynes, P.C., at $1,045.00 per hour.  During the Application Period, Mr. Landau's P.C. billed 2.60 hours for fees of $2,717.00, and Mr. Maynes' P.C. billed 12.70 hours for fees of $13,271.50.  In *In re USG Corporation,* Case No. 01-2094 (JKF), Transcript of Proceedings, July 19, 2004, p. 14, the Honorable Judith K. Fitzgerald asked that we call to the Court's attention any instance in which a professional's hourly rate reaches $1,000.00, and thus we are complying with the Court's request.

[7]K&E's expense request of $26,961.99 reflects a $5.00 reduction from the amounts sought in its monthly applications, which reduction K&E agreed to take in response to our request.  The $5.00 reduction was for a July 2012 dinner expense that exceeded our recommended cap of $70.00 for New York City.

[8]For the Application Period, Lincoln Partners recorded 268.10 hours worked, which computes to an effective hourly rate of $690.04.

services during the Application Period.

22.     Phillips, Goldman & Spence, P.A. ("PG&S"), was retained as local counsel to David T. Austern, Future Claimants' Representative.  PG&S seeks approval of fees totaling $10,452.00 and expenses totaling $967.17 for its services during the Application Period.

23.     PricewaterhouseCoopers LLP ("PwC") was retained as auditors and tax consultants to the Debtors and Debtors-in-Possession.  PwC seeks approval of fees totaling $838,415.34 and expenses totaling $36,346.28 for its services during the Application Period.  Included in the Application, are fees and expenses for the following separate projects:

- W. R. Grace Audit Services for July 1 – September 30, 2012: fees totaling $814,414.37 and expenses totaling $36,346.28;[9]

- Darex Puerto Rico Audit Services for July 1, 2012 – September 30, 2012:  fees totaling $24,000.97 and no expenses.

24.     Reed Smith LLP ("Reed Smith") was retained as special asbestos products liability defense counsel to the Debtors.  Reed Smith seeks approval of fees totaling $31,573.50 and expenses totaling $1,331.60 for its services during the Application Period.

25.     Alan B. Rich ("Alan Rich") was retained as counsel to the Honorable Alexander M. Sanders, Jr., Legal Representative for Future Asbestos-Related Property Damage Claimants.  Alan Rich seeks approval of fees totaling $57,750.00 and expenses totaling $565.23 for his services

---

[9]We note for informational purposes that PwC billed the time of Audit Partners, Cody L. Smith and Marc A. Panucci at $1,074.42 per hour and Audit Partner Ravi S. Rao at $1,005.84 per hour. During the Application Period, Mr. Smith billed 6.0 hours for fees of $6,446.52, Mr. Panucci billed 4.0 hours for fees of $4,297.68, and Mr. Rao billed 4.5 hours for fees of $4,526.28.  In *In re USG Corporation,* Case No. 01-2094 (JKF), Transcript of Proceedings, July 19, 2004, p. 14, the Honorable Judith K. Fitzgerald asked that we call to the Court's attention any instance in which a professional's hourly rate reaches $1,000.00, and thus we are complying with the Court's request.

during the Application Period.

26.    The Honorable Alexander M. Sanders, Jr. ("Judge Sanders"), was retained as the Legal Representative for Future Asbestos-Related Property Damage Claimants.  Judge Sanders seeks approval of fees totaling $1,495.00 and no expenses for his services during the Application Period.

27.    Saul Ewing LLP ("Saul Ewing") was retained as co-counsel to the Official Committee of Equity Holders.  Saul Ewing seeks approval of fees totaling $28,671.50 and expenses totaling $396.41 for its services during the Application Period.

28.    Scarfone Hawkins LLP ("Scarfone Hawkins") was retained as Canadian counsel to the Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI Claimants").  Scarfone Hawkins seeks approval of fees totaling CDN $7,743.75 and expenses totaling CDN $1,006.70 for its services during the Application Period.

29.    Stroock & Stroock & Lavan LLP ("Stroock") was retained as counsel to the Official Committee of Unsecured Creditors.  Stroock seeks approval of fees totaling $62,865.50[10] and expenses totaling $486.72 for its services during the Application Period.

30.    Towers Watson was retained as actuarial consultants to David T. Austern, Future Claimants Representative.  Towers Watson seeks approval of fees totaling $60,668.00 and expenses totaling $2,059.69 for its services during the Application Period.

---

[10]We note for informational purposes that Stroock billed the time of partner, Lewis Kruger, at $1,025.00 per hour.  During the Application Period, Mr. Kruger billed 3.3 hours for fees of $3,382.50.  In *In re USG Corporation,* Case No. 01-2094 (JKF), Transcript of Proceedings, July 19, 2004, p. 14, the Honorable Judith K. Fitzgerald asked that we call to the Court's attention any instance in which a professional's hourly rate reaches $1,000.00, and thus we are complying with the Court's request.

31.     Woodcock Washburn LLP ("Woodcock Washburn") was retained as special litigation counsel to the Debtors.   Woodcock Washburn seeks approval of fees totaling $12,603.00 and expenses totaling $3,100.00 for its services during the Forty-Fifth Interim Period and fees totaling $24,895.50 and expenses totaling $320.00 for its services during the current Application Period.

32.     In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Applications in their entirety, including each of the time and expense entries included in the exhibits to the Applications, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2013, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

### DISCUSSION

33.     We have no issues with or objections to any of the Applications, except for the *de minimis* issues noted in the following paragraph and accompanying appendices.

### CONCLUSION

34.     In summary, for the Application Period, we recommend approval of the following fees and expenses for these Applicants:

a.      Anderson Kill & Olick - $297,555.00 in fees and $2,896.74 in expenses;

b.      Beveridge & Diamond - $233,953.24 in fees and $7,892.98 in expenses

($7,931.68 minus $38.70)[11] for the Forty-Fifth Interim Period;

  c.  Bilzin Sumberg - $9,466.00 in fees and $123.40 in expenses;

  d.  Blackstone - $325,000.00 in fees and $428.54 in expenses;

  e.  BMC - $125,641.50 in fees and $5,581.96 in expenses;

  f.  Campbell & Levine - $37,189.00 in fees and $5,412.63 in expenses;

  g.  Caplin & Drysdale - $103,136.00 in fees and $7,716.73 in expenses ($7,778.83 minus $62.10);[12]

  h.  Capstone - $86,417.00 in fees and $182.53 in expenses;

  i.  Casner - $13,496.00 in fees and $37,342.43 in expenses;

  j.  Charter Oak - $57,753.00 and $7.00 in expenses;

  k.  Duane Morris - $14,535.00 in fees and $435.55 in expenses;

  l.  Ferry Joseph - $13,780.50 in fees and $1,653.69 in expenses;

  m.  Foley Hoag - $39,219.30 in fees and $461.28 in expenses;

  n.  Fragomen - $32,725.00 in fees and $6,742.25 in expenses;

  o.  Higgins - $114,125.00 in fees and $2,350.40 in expenses;

  p.  Hill - $202.50 in fees;

  q.  Kirkland & Ellis - $1,416,777.00 in fees and $26,961.99 in expenses;

  r.  Kramer Levin - $31,544.00 in fees and $816.69 in expenses;

  s.  Lauzon Bélanger - CDN $2,402.55 in fees and CDN $364.62 in expenses;

---

[11]This agreed $38.70 reduction is for an overcharge on Beveridge & Diamond's photocopies. *See* Appendix A.

[12]This agreed $62.10 reduction is for a car service charge which Caplin & Drysdale inadvertently billed twice.

t.      LAS - $3,410.00 in fees;

u.      Lincoln Partners - $185,000.00 in fees and $1,990.33 in expenses ($2,043.07

minus $52.74);[13]

v.      PG&S - $10,452.00 in fees and $967.17 in expenses;

w.      PwC - $838,415.34 in fees and $36,346.28 in expenses, including:

i.  $814,414.37 in fees and $36,346.28 in expenses for Audit Services

from July 1, 2012 – September 30, 2012, and

ii.  $24,000.97 in fees for Darex Puerto Rico Audit Service for July 1,

2012 – September 30, 2012;

x.      Reed Smith - $31,287.50 in fees ($31,573.50 minus $286.00)[14] and $1,331.60

in expenses;

y.      Alan Rich - $57,750.00 in fees and $565.23 in expenses;

z.      Judge Sanders - $1,485.00 in fees ($1,495.00 minus $10.00);[15]

aa.     Saul Ewing - $28,671.50 in fees and $396.41 in expenses;

bb.     Scarfone Hawkins - CDN $7,743.75 in fees  and CDN $1,006.70 in expenses;

cc.     Stroock - $62,865.50 in fees and $486.72 in expenses;

---

[13]This agreed $52.74 reduction was for an airline upgrade expense ($50.00) which Lincoln
Partners inadvertently billed and a breakfast charge which exceeded our recommended cap of
$30.00 for Washington, DC ($2.74).  *See* Appendix B.

[14]This agreed $286.00 reduction was for a time entry inadvertently billed by Reed Smith.  *See*
Appendix C.

[15]This agreed $10.00 reduction was to correct a typographical error in Judge Sanders' Amended
Quarterly fee application.  Although $1,495.00 in fees were requested in the Amended
Application, the correct amount of fees was $1,485.00.

dd.    Towers Watson - $60,555.50 in fees ($60,668.00 minus $112.50)[16] and $2,059.69 in expenses;

ee.    Woodcock Washburn - $12,603.00 in fees and $3,100.00 in expenses for the Forty-Fifth Interim Period, and $24,895.50[17] in fees and $320.00 in expenses for the current Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
          Warren H. Smith
          Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, Texas 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

---

[16]This agreed $112.50 reduction was to correct the time of one of Towers Watson's professionals who failed to bill in tenth of an hour increments.  *See* Appendix D.

[17]We asked Woodcock Washburn for additional detail concerning certain time and expense entries on its September 2012 monthly fee application, and we received a response which satisfied our inquiry.  *See* Appendix E.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 7th day of March, 2013.

_____
Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicants**
Robert Y. Chung
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

Pamela D. Marks
Beveridge & Diamond PC
201 North Charles Street, Suite 2210
Baltimore, MD   21201-4150

Scott L. Baena
Jay M. Sakalo
Matthew I. Kramer
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

John James O'Connell III
Managing Director
Blackstone Advisory Partners L.P.
345 Park Avenue
New York, NY 10154

Myrtle H. John
BMC Group
600 1st Avenue, Suite 300
Seattle, Washington 98104

Marla R. Eskin
Mark T. Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

Elihu Inselbuch, Esq.
Rita C. Tobin, Esq.
Caplin & Drysdale, Chartered
600 Lexington Avenue
21st Floor
New York, NY  10022-6000

Edwin N. Ordway, Jr.
Capstone Advisory Group, LLC
Park 80 West
250 Pehle Avenue, Suite 105
Saddle Brook, NJ  07663

Robert A. Murphy

Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210

James P. Sinclair
Charter Oak Financial Consultants, LLC
430 Center Avenue
Mamaroneck, NY 10543

Michael R. Lastowski
Richard W. Riley
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

Michael B. Joseph
Theodore J. Tacconelli
Lisa L. Coggins
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 1000
P. O. Box 1351
Wilmington, DE 19899

Seth D. Jaffe
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600

Scott E. Bettridge
Fragomen, Del Rey, Bernsen & Loewy LLP
One Alhambra Plaza, Suite 600
Coral Gables, FL 33134

Roger J. Higgins
The Law Offices of Roger J. Higgins, LLC
111 East Wacker Drive, Suite 2800
Chicago, IL 60601

John Donley
Adam C. Paul
Kirkland & Ellis LLP
300 N. LaSalle Street
Chicago, IL 60654

Philip Bentley
David E. Blabey, Jr.

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10022

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE 19806

Mark A. Peterson
Legal Analysis Systems, Inc.
970 Calle Arroyo
Thousand Oaks, CA  91360

Jason Solganick
Lincoln Partners Advisors LLC
360 Madison Avenue, 21st Floor
New York, NY 10017

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Kathleen M. Miller
Stephanie S. Habelow
Smith, Katzenstein & Furlow LLP
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)

Kurt F. Gwynne
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
Andrew J. Muha
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222

Alan B. Rich
4244 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Teresa K. D. Currier
Saul Ewing LLP

222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

Lewis Kruger
Kenneth Pasquale
Arlene Krieger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

Jennifer L. Biggs, FCAS, MAAA
Towers Watson
101 S. Hanley Rd.
St. Louis, MO 63105

Gary H. Levin
Woodcock Washburn LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA  19104-2891

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Delaware Counsel for the Debtors**
James E. O'Neill
Laura Davis Jones
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

## APPENDIX A

### (Beveridge & Diamond - 45th)

1.      We noted total photocopies of $77.40 for the Application Period.  The limit in this

district is $0.10 per page.[18]  In response to our inquiry, Beveridge & Diamond stated: "With regard

to the photocopy charge of $77.40..., there were 387 copies, billing at the allowed rate of 10 cents per

page equals $38.70.  We modify our request of $77.40 to $38.70."  We appreciate Beveridge &

Diamond's response and recommend a reduction of $38.70 in expenses.

2.      We noted a meal expense of $210.21 on the April 2012 monthly fee application for

which there was no detail.  In response to our request, Beveridge & Diamond provided the following

information: "With regard to the meal expense of $210.21..., this expense was for lunch in our

Washington, DC office during a client meeting.  There were at least 7 people at this meeting."  We

accept Beveridge & Diamond's response and have no objection to this expense.[19]

---

[18]*See* Del. Bankr. L.R. 2016-2(e)(iii).

[19]This meal expense computes to $30.03 per person.  We utilize a per person cap of $45 for lunch
in Washington, DC, and thus we have no objection to this expense.

## EXHIBIT B

### (Lincoln Partners)

1.      We noted the following expenses on Lincoln Partners' July 2012 monthly fee application:

|  |  |
|---|---|
| Transportation | $1,258.98 |
| Meals | $68.11 |
| Hotel | $314.88 |

We asked Lincoln Partners to itemize these expenses, and Lincoln Partners provided the information attached as Appendix B-1.  We appreciate this information, as well as Lincoln Partners' willingness to deduct the $50.00 air fare upgrade listed on Appendix B-1.  In addition, we noted that the $32.74 breakfast charge exceeds our $30.00 recommended cap for breakfast in Washington, DC, whereupon Lincoln Partners agreed to an additional $2.74 expense reduction.  Thus, we recommend a total reduction of $52.74 in expenses.

## Appendix B-1

*(See pdf attachment.)*

## APPENDIX C

### (Reed Smith)

1.      We noted the following time entry which was lacking any detail:

7/30/12        Lord            1.10

We asked Reed Smith about this time entry, and Reed Smith responded:

> The 1.10 hr. entry on July 30, 2012 for John Lord was entered erroneously, and was supposed to be deleted.  Apparently, only the narrative (and not the entire entry) was deleted, and this got past us in the course of submitting our fee application.  The 1.10 hr. entry should be deleted, and the fee should be reduced by $286 (1.1 * $260 rate for John Lord).

We appreciate Reed Smith's response and recommend a reduction of $286.00 in fees.

## APPENDIX D

## (Towers Watson)

1.      We noted that Towers Watson professional David Wolf ($375) appeared to be billing exclusively in quarter-hour or half-hour increments.   Pursuant to Local Rule 2016-2(d)(iv), "Activities shall be billed in tenths of an hour (six (6) minutes);...."  We brought this to Towers Watson's attention, and Towers Watson responded as follows:

> ... [A]s a general rule, our firm bills in increments of 0.25 hours, but for WR Grace we have given clear instruction to bill in 6 minute (0.1 hour) increments.  However, David Wolf was brought onto the Grace project in July and was not immediately told about the special arrangement.  We suggest the following corrections to David Wolf's Hourly Detail (Table 1), which would result in a reduction to our requested fees of $112.50 (= 0.30 hours x $375)....

**Table 1**

| Associate | Date | Submitted Hours | Corrected Hours |
|---|---|---|---|
| David Wolf | 7/16/2012 | 1.75 | 1.70 |
| David Wolf | 7/20/2012 | 0.75 | 0.70 |
| David Wolf | 7/30/2012 | 5.00 | 5.00 |
| David Wolf | 7/31/2012 | 4.50 | 4.50 |
|  |  | 12.00 | 11.90 |

| Associate | Date | Submitted Hours | Corrected Hours |
|---|---|---|---|
| David Wolf | 8/1/2012 | 1.25 | 1.20 |
| David Wolf | 8/8/2012 | 0.25 | 0.20 |
| David Wolf | 8/9/2012 | 2.75 | 2.70 |
| David Wolf | 8/10/2012 | 1.50 | 1.50 |
| David Wolf | 8/13/2012 | 5.00 | 5.00 |
| David Wolf | 8/14/2012 | 3.25 | 3.20 |
|  |  | 14.00 | 13.80 |

We appreciate Towers Watson's response and, consistent with same, recommend a reduction of $112.50 in fees.

2.      We noted certain time entries which lacked adequate detail.  See Appendix D-1.  We asked Towers Watson to supplement these time entries, and Towers Watson provided the information attached as Appendix D-2.   We appreciate this information and have no objection to these fees.

3.    We noted the following air fare charges for which more information was needed:

| | | | |
|---|---|---|---|
| Jenni Biggs | 8/14/2012 | $991.60 | Airfare to/from DC for meeting with |
| Jeff Kimble | 8/14/2012 | $991.60 | Airfare to/from DC for meeting with Orrick |

We asked Towers Watson for additional information concerning these charges, and Towers Watson responded:

Regarding #5, the August 14, 2012 meeting was with Orrick. Jeff Kimble and I flew into Reagan airport (economy fare)....

Towers Watson also provided copies of the airline receipts. See <u>Appendix D-3</u>. We appreciate Towers Watson's response and have no objection to these expenses.

**Appendix D-1**

| Professional | Date | Hrs | Rate | Amount | Description |
|---|---|---|---|---|---|
| Julianne Callaway | 7/2/2012 | 3.50 | $360 | $1,260.00 | Libby list |
| Julianne Callaway | 7/3/2012 | 1.50 | $360 | $540.00 | Libby list |
| Evan Petzoldt | 7/3/2012 | 2.50 | $300 | $750.00 | Libby list |
| Adam Luechtefeld | 8/1/2012 | 2.50 | $275 | $687.50 | Technical review |
| Adam Luechtefeld | 8/7/2012 | 1.50 | $275 | $412.50 | Technical review |
| Adam Luechtefeld | 8/17/2012 | 1.00 | $275 | $275.00 | Technical review |

**Appendix D-2**

| Professional | Date | Hrs | Rate | Amount | Description | Additional Information |
|---|---|---|---|---|---|---|
| Julianne Callaway | 7/2/2012 | 3.50 | $360 | $1,260.00 | Libby list | Compared updated list of Libby claimants to prior lists to determine overlap of claimants between the lists and disease mix.  Prepare summary information for Orrick. |
| Julianne Callaway | 7/3/2012 | 1.50 | $360 | $540.00 | Libby list | Compared updated list of Libby claimants to prior lists to determine overlap of claimants between the lists and disease mix.  Prepare summary information for Orrick. |
| Evan Petzoldt | 7/3/2012 | 2.50 | $300 | $750.00 | Libby list | Check manipulation of data supporting summaries. |
| Adam Luechtefeld | 8/1/2012 | 2.50 | $275 | $687.50 | Technical review | Technical review of cash flow projections |
| Adam Luechtefeld | 8/7/2012 | 1.50 | $275 | $412.50 | Technical review | Technical review of cash flow projections |
| Adam Luechtefeld | 8/17/2012 | 1.00 | $275 | $275.00 | Technical review | Technical review of cash flow projections |

**Appendix D-3**

*(See pdf attachment.)*

## APPENDIX E

## (Woodcock Washburn)

1.      We noted the following entry on Woodcock Washburn's September 2012 monthly fee application for which more information was needed:

| | |
|---|---|
| 09/01/2012 thru 09/30/2012 | Services in connection with analysis of enforceability and possible infringement of Grace patents directed to concrete systems, including review of patents, file histories, and relevant prior art; review of materials as received from Grace and telephone conferences with Grace representatives directed to infringement analyses; and report of conclusions on the analysis to Grace. |

SERVICES                    $22,682.50

| | | | |
|---|---|---|---|
| GHL | GARY H. LEVIN | 24.70 hours @ | $610.00 |
| JBO | JEB B. OBLAK | 15.70 hours @ | $375.00 |
| AC | AMRITA CHUGH | 7.20 hours @ | $240.00 |

We asked Woodcock Washburn to provide time entries to support these fees, and Woodcock Washburn advised us that it was unable to do so for reasons of confidentiality. We accept Woodcock Washburn's response and have no objection to these fees.

2.      We noted an expense of $320.00 on Woodcock Washburn's September 2012 monthly fee application. We asked Woodcock Washburn for more information concerning this expense, and Woodcock Washburn responded that the expense was for certified copies of the histories of certain U.S. patents, which copies were made by a third-party vendor. We accept Woodcock Washburn's response and have no objection to these expenses.