IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hearing Date: April 22, 2013, at 9:00 a.m. |
| | ) Objection Deadline: April 5, 2013 |

**MOTION REQUESTING ENTRY OF A PROTECTIVE ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE AFFIDAVIT OF MARK A. SHELNITZ IN SUPPORT OF MOTION FOR AN ORDER APPROVING BAKER DONELSON'S MONTHLY FIXED FEE, CLARIFYING THAT SECTION 328(A) PROVIDES THE APPROPRIATE STANDARD OF REVIEW FOR THE RETAINER AND EXPANDING THE SCOPE OF CERTAIN LEGISLATIVE AFFAIRS SERVICES NUNC PRO TUNC TO MAY 1, 2012**

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Grace") file this motion (the "Seal Motion") requesting the Court enter an order, substantially in the form attached hereto as Exhibit A (the "Seal Order") authorizing the Debtors to file under seal the *Affidavit of Mark A. Shelnitz in Support of Motion for an Order Approving Baker Donelson's Monthly Fixed Fee, Clarifying that Section 328(a) Provides the Appropriate*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

*Standard of Review for the Retainer and Expanding the Scope of Certain Legislative Affairs Services Nunc Pro Tunc to May 1, 2012* (the "Shelnitz Affidavit;" the motion being the "Baker Donelson Motion"), such that only the Court, the statutory committees (the "Committees"), the future claimants' representatives (the "FCRs"), the Fee Auditor and the United States Trustee in these cases shall be permitted to view the Shelnitz Affidavit.[2]

As discussed below, the Shelnitz Affidavit discusses certain, specific, highly confidential actions taken by the non-attorney professionals of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson") in Baker Donelson's representation of the Debtors during these chapter 11 cases. The Shelnitz Affidavit cannot be meaningfully redacted because the confidential information appears throughout the document.

The Debtors have consulted with the Fee Auditor regarding the Baker Donelson Motion and the Shelnitz Affidavit. They also have provided the Fee Auditor with drafts of both prior to their being filed with the Court. The Debtors will provide a copy of the filed Shelnitz Affidavit to the Committees, FCRs and the United States Trustee upon each such party's request.

In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion are sections 105(a) and 107(b) of the Bankruptcy Code, Fed. R. Bankr. P. 9018 and Del. Bankr. L.R. 9018-1

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Baker Donelson Motion.


## BACKGROUND

3.  The Debtors have filed the Shelnitz Affidavit in support of the Baker Donelson Motion, which requests the Court enter an order:

- Approving Baker Donelson's fees for the fourth quarter of 2011 and first quarter of 2012;

- Clarifying that Baker Donelson was retained to provide both the Legislative Affairs Services and the China Assistance Services under section 328(a), and that section's "improvident" standard should be used in reviewing Baker Donelson's fees for all periods beginning with the second quarter of 2012; and

- Expanding the scope of Baker Donelson's services and authorizing the Debtors to pay Baker Donelson up to $30,000 per month for those expanded services.

4.  The Shelnitz Affidavit contains detailed information regarding the nature of Baker Donelson's representation of the Debtors in providing certain Legislative Affairs Services and China Assistance Services (as the Baker Donelson Motion defines and describes those terms). Such information relates directly to the Debtors' business operations, and therefore, must remain confidential so as not to damage the Debtors by unfairly benefiting the Debtors' competitors.

## RELIEF REQUESTED

5.  By this Motion, the Debtors seek entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Fed. R. Bankr. P. 9018 and Del. Bankr. L.R. 9018-1, authorizing them to file the Shelnitz Affidavit under seal in order to maintain the confidentiality of the information described therein and attached thereto.

6.  The Debtors are filing this Motion pursuant to Fed. R. Bankr. P. 9018 and Local Rule 9018-1 (b), which provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del Bankr. L.R. 9018-1 (b).[3]

---

[3] Fed. R. Bankr. P. 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, providing in relevant part that:

## ANALYSIS

### I. SECTION 107(B) REQUIRES A COURT PROTECT AN ENTITY'S COMMERCIAL AND OTHER BUSINESS-SENSITIVE INFORMATION

7. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may:
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C § 107(b). Section 107(b)(1) thus *requires* courts to protect confidential commercial information. *In re Frontier Group, LLC*, 256 RR. 771, 773 (Bankr. E.D. Tenn. 2000).

8. Indeed, unlike its Fed. R. Civ. P. 26 counterpart, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d at 27. Finally, granting a sealing order is well within this Court's power - and discretion - as long as the

---

> [o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information ...

Fed. R. Bankr. P. 9018.

requirements set forth in section 107(b) have been met. *In re Ionosphere Clubs Inc.*, 156 B.R. 414, 434 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

9.  Under the plain language of section 107(b) of the Bankruptcy Code and Fed. R. Bankr. P. 9018, and in light of the Court's broad equitable powers under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," the requested relief should be granted for the reasons articulated below.

## II. THE SHELNITZ AFFIDAVIT CONTAINS COMMERCIAL AND OTHER BUSINESS-SENSITIVE INFORMATION

10.  This Court defines commercial information as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor'." *In re Alterra Healthcare Corp.*, 35 RR 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.*, 21 F.3d at 27-28). Additionally, "disclosure of [the] information [must] reasonably be expected to cause the entity commercial injury." *Alterra*, 353 B.R. at 76 (internal quotations and citations omitted). The Court must also find that information contained in the sealed documents "is so crucial to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors." *Alterra*, 353 B.R. at 75-76 (quoting *In re Barney's, Inc.*, 201 B.R. 703, 708-09 (Bankr. S.DN.Y. 1996)); *see also Orion Pictures*, 21 F.3d at 27-28 (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes of three films" contained confidential commercial information); *Northstar Energy*, 315 B.R. at 430-31 (holding that a list of investors in the debtor's oil and gas business was confidential commercial information); *In re Farmland Indus.*, 290 B.R. 364, 369-70 (Bankr. W.D. Mo. 2003) (holding time lines for marketing and selling assets established in a financing agreement between the debtor and prepetition lenders

were confidential and commercial); *Frontier Group*, 256 B.R. at 773-74 (finding that a list of physicians, who were placed in temporary places of employment by the debtor placement agency, was commercial in nature); *Barney's*, 201 B.R. at 709 (concluding that for a retailer, confidential commercial "information might include, without limitation, pricing formulae, short and long term marketing strategies and the terms of agreements with suppliers").

11.  The Shelnitz Affidavit summarizes what Baker Donelson has done over the past decade in terms of Legislative Affairs Services and China Assistance Services. Such information falls squarely within the meaning of "commercial information." Virtually the entire Shelnitz Affidavit contains business-sensitive commercial information, which makes redaction impracticable. The Debtors therefore respectfully submit that the Shelnitz Affidavit be filed under seal.

## NO PREVIOUS MOTION

12.  No previous motion for the relief sought herein has been made to this or any other court.

## NOTICE

13.  Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) the Fee Auditor. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request the Court enter the Order: (i) authorizing the Debtors to file the Shelnitz Affidavit under seal; and (ii) granting such other relief as may be appropriate.

Dated: March 18, 2013

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

_/s/ Laura Davis Jones_
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession