EXHIBIT D

**Original Retention Application**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Hearing Date: June 21, 2004 at 12:00 p.m.
Responses Due: June 4, 2004 at 4:00 p.m.

## APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C., AS A PROFESSIONAL EMPLOYED BY THE ESTATE FOR THE DEBTORS

The above-captioned debtors and debtors in possession (collectively, the

"Debtors") hereby submit this application (the "Application") for the entry of an order pursuant

to sections 327(a) and 328(a) of title 11 of the United States Code (as amended, the "Bankruptcy

Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing and approving

the retention of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker") as a

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food =N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

professional employed by the estate for the Debtors and in support thereof, the Debtors

respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction to entertain this application pursuant to 28

U.S.C. §§ 157 and 1334.

2.      The statutory bases for the relief requested herein are sections 327(a) and

328(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016.

### Background

3.      On April 2, 2001 each of the Debtors filed a voluntary petition for relief

under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11

Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage

their properties as debtors in possession.

### Relief Requested

4.      The Debtors respectfully request the entry of an order pursuant to sections

327(a) and 328(a) of the Bankruptcy Code authorizing them to employ and retain Baker as a

professional employed by the estate to perform certain lobbying representation the Debtors will

require during the course of these Chapter 11 Cases. Specifically, and as more particularly

described below, the Debtors seek authorization for Baker, their longtime legislative advisors

with respect to matters of current, pending, and future legislation, to advise the Debtors' senior

management, corporate counsel, and the Debtors' Board of Directors with respect to the policy

and legislative affairs affecting the Debtors business.  A proposed order is attached to this

Motion as Exhibit A.

### Basis For Relief Requested

5.      The Debtors have selected Baker as a professional employed by the estate

to advise them in connection with all matters relating to legislation affecting the Debtors'

business affairs, because of Baker's longstanding representation of the Debtors in such matters.

In addition, because of its longstanding representation, Baker has intimate knowledge of the

legislative affairs relating to the Debtors' business enterprises in addition to its extensive

experience and expertise in the fields of public policy.

6.      Since January 1, 2001, Baker and certain of its policy advisors have

rendered legal services to the Debtors in connection with various legislative matters. Further,

Baker has assisted the Debtors in responding to legislation with respect to the Debtors' business.

James D. Range, one of Baker's senior public policy advisors, has also represented the Debtors

since January 1, 2001, on the very matters for which Baker is to be retained herein. [2]

7.      As a consequence of Baker's continued representation of the Debtors,

Baker is intimately familiar with the complex legislative affairs that have arisen and are likely to

arise.

---

[2] Baker has continuously provided legal services to the Debtors regarding substantive legislative matters prior to and during the administration of the Chapter 11 Cases.  Baker files the instant application due to the fact that the aggregate limit on payments to ordinary course professionals has or will exceed the maximum amount allowed under the prior arrangements approved by this Court.  Baker seeks approval of its employment in accordance with the guidelines established by this Court requiring that any firm exceeding a certain amount of fees can no longer be considered an "ordinary course" expense unless court approval is obtained.

8.      Further, Baker has a national reputation and extensive experience and expertise in legislative affairs and public policy formulation, and the other related areas of practice as to which Baker's continued representation is sought.  As such, the Debtors submit that Baker is well qualified and uniquely able to provide the specialized lobbying advice on public policy having an effect on the Debtors during these Chapter 11 Cases.  Thus, Baker's retention as a professional employed by the estate is in the best interest of the Debtors and their estates.

### Scope Of Proposed Retention

9.      The Debtors currently seek to retain Baker, subject to the oversight and orders of this Court:

a.      to advise the Debtors, their counsel, and their Board of Directors with respect to legislative affairs and current, pending, and future legislative affairs; and

b.      such other related services as the Debtors may deem necessary or desirable.

Baker has indicated its willingness to render the necessary professional services described above as a public policy adviser to the Debtors.

10.     The Debtors have obtained authorization to employ and retain the law firms of Kirkland & Ellis LLP and Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. to serve as bankruptcy and reorganization counsel to the Debtors.  Baker will not serve as general bankruptcy and reorganization counsel to the Debtors.  While it is possible that certain aspects of the professional services may involve a combination of Baker, the Debtor's bankruptcy and

reorganization counsel, and/or other professionals employed by the Debtors, the Debtors believe that the services Baker will provide will be complementary rather than duplicative of the services to be performed by such bankruptcy counsel and other professionals. The Debtors are very mindful of the need to avoid the duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Baker's role.

### No Adverse Interest

11.     To the best of the Debtors' knowledge, and based upon the Affidavit of James D. Range (the "Range Affidavit") filed in support of the Application and attached hereto as <u>Exhibit A</u>, Baker does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters for which Baker is to be employed, except as set forth in the Range Affidavit. Further, to the best of the Debtors' knowledge and based on the Range Affidavit, Baker does not have any connection with any creditors or other parties in interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees, except as set forth in the Range Affidavit.

### Compensation

12.     In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors propose to compensate Baker based on a flat rate in the amount of $17,000.00 per month for services rendered, plus reimbursement of actual, necessary expenses incurred by Baker. Baker will be compensated monthly in arrears.

13.     The Debtors seek approval of the terms of compensation pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under

section 327 of the Bankruptcy Code on any reasonable terms and conditions of employment, including a retainer, on an hourly basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Courts have held that section 328(a) contemplates the retention of professionals on a monthly fee basis. See, e.g., In re Commercial Financial Servcs., 298 B.R. 733, 750 fn.46 (10th Cir. 2003). Therefore, the Bankruptcy Code permits the Court to approve the terms of compensation outlined herein. Accordingly, the Debtors believe that the rate and compensation terms set forth above are reasonable and should be approved. Baker has always worked for the Debtors in exchange for a pure, monthly flat-fee. Accordingly, Baker does not send the Debtors itemized invoices, and Baker does not intend to file monthly fee applications with the Court.

14.     Baker's rates are set at a level designed to compensate Baker fairly for the work of its advisors, attorneys, and paralegals and to cover fixed and routine overhead expenses. It is Baker's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, and non-ordinary overhead expenses such as secretarial and other overtime. Baker will charge the Debtor for these expenses in a manner and at rates consistent with charges generally made to Baker's other clients. Baker believes that is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

15.     Baker will maintain, or cause to be maintained, detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services. Baker will file a monthly cost and expense report with the Court.

### Conclusion

16.     For the reasons set forth above and in the Range Affidavit, the Debtors' believe that Baker is well qualified to act on the Debtors' behalf in light of their intimate knowledge of the Debtors' businesses and affairs and their expertise in the field of public policy. The Debtors further believe that the engagement of Baker is essential to the Debtors' successful reorganization and that the retention of Baker is necessary and in the best interest of the Debtors and their estates.

### Notice

17.     Notice of this Application has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### No Prior Request

18.     No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, authorizing the retention and employment of Baker as a professional employed by the estate for the Debtors and granting such other and further relief as is just and proper.

Dated: May 19, 2004

KIRKLAND & ELLIS LLP
James Sprayragen, P.C.
James W. Kapp III
Janet S. Baer
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000 (Telephone)
(312) 861-2200 (Facsimile)

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100 (Telephone)
(302) 652-4400 (Facsimile)

Co-Counsel for the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Hearing Date: June 21, 2004 at 12:00 p.m.**
**Objection Deadline: June 4, 2004 at 4:00 p.m.**

**NOTICE OF APPLICATION OF THE DEBTORS FOR THE ENTRY
OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.,
AS A PROFESSIONAL EMPLOYED BY THE ESTATE FOR THE DEBTORS**

TO:    (i) Office of the United States Trustee, (ii) counsel to the debtor-in-possesion lenders, (iii) counsel to the prepetition lenders, (iv) counsel to each official committees appointed by the United States Trustee, and (v) parties who have requested service under Fed. R. Bankr. P. 2002.

On May 19, 2004, the above-captioned debtors and debtors in possession

(collectively, the "Debtors") filed the Debtors' Application of the Debtors for The Entry of an

Order Authorizing the Retention and Employment of Baker, Donelson, Bearman, Caldwell &

Berkowitz, P.C., as a Professional Employed By the Estate for the Debtors (the "Application")

with the United States Bankruptcy Court for the District of Delaware, 824 Market Street,

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Wilmington, Delaware 19801 (the "Bankruptcy Court"). A true and correct copy of the

Application is attached hereto.

Objections and other responses to the relief requested in the Application, if any,

must be in writing and be filed with the Bankruptcy Court no later than June 4, 2004 at 4:00 p.m.

At the same time, you must also serve a copy of the objections or responses, if

any, upon the following: (i) co-counsel for the Debtors, James H.M. Sprayregen, P.C., Kirkland

& Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200),

and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., 919

North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801)

(fax number 302-652-4400); (ii) counsel to the Official Committee of Unsecured Creditors,

Lewis Kruger, Esquire, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, New York

10038-4982 (fax number 212-806-6006), and Michael R. Lastowski, Esquire, Duane, Morris &

Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, Delaware 19801-1246 (fax

number 302-657-4901); (iii) counsel to the Official Committee of Property Damage Claimants,

Scott L. Baena, Esquire, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial

Center, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (fax number 305-

374-7593), and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904,

P.O. Box 1351, Wilmington, Delaware 19899 (fax number 302-575-1714); (iv) counsel to the

Official Committee of Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale,

399 Park Avenue, 36th Floor, New York, New York 10022 (fax number 212-644-6755), and

Marla Eskin, Esquire, Campbell & Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201

Market Street, Suite 1500, Wilmington, Delaware 19801 (fax number 302-426-9947);

2

(v) counsel to the DIP Lenders, J. Douglas Bacon, Esquire, Latham & Watkins, Sears Tower, Suite 5800, Chicago, Illinois 60606 (fax number 312-993-9767), and Steven M. Yoder, Esquire, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, Delaware 19899 (fax number 302-658-6395); (vi) the Office of the United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, Delaware 19801 (fax number 302-573-6497); and (vii) counsel to the Official Committee of Equity Holders, Thomas M. Mayer, Esquire, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, New York 10022 (fax number 212-715-8000), and Teresa K.D. Currier, Esquire, Klett Rooney Lieber & Schorling, 1000 West Street, Suite 1410, P.O. Box 1397, Wilmington, DE 19899-1397 (fax number 302-552-4220).

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

3

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND

SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE APPLICATION

WILL BE HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD AT THE

BANKRUPTCY COURT, ON JUNE 21, 2004 AT 12:00 P.M., EASTERN TIME.

Dated: May 19, 2004

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
Janet S. Baer
James W. Kapp III
Samuel Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 N. Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400

Co-Counsel to Debtors and Debtors-in-Possession

4

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| W. R. Grace & Co., et al.,[1] | ) | **Case No. 01-1139** |
| | ) | **(Jointly Administered)** |
| **Debtors** | ) | |
| | ) | |

**AFFIDAVIT OF JAMES D. RANGE IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. AS A PROFESSIONAL EMPLOYED BY THE ESTATE FOR THE DEBTORS**

| | | |
|---|---|---|
| **WASHINGTON** | ) | |
| **DISTRICT OF COLUMBIA** | ) ss: | |

James D. Range being duly sworn, upon his oath, deposes and says:

1. I am a senior public policy advisor of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. located at 555 Eleventh Street, NW, 6th Floor, Washington, D.C. 20004 ("Baker, Donelson").

2. The Debtors have requested that Baker, Donelson provide professional services and counseling regarding public policy and legislative affairs relating to the Debtors, and Baker, Donelson has consented to provide such services.

3. I make this Affidavit in support of the application of the above-captioned Debtors and Debtors in Possession (collectively, the "Debtors") for an order authorizing the employment of Baker, Donelson as professionals to be employed for the Debtors,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R.Grace & Co.- Conn., A-i Bit & Tool Co., Inc., Alewife Boston, Ltd., Alewife Land Corporation, Amicon, Inc., CBBiomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc. Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'NFun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and AlmyCompany), Ecarg, Inc., Five Alewife Boston, Ltd., G.C. Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G. C Management, Inc. (f/k/a Grace Cocoa Management, Inc., Grace A-B, Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace EnergyCorporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G, Inc., Grace H-G II, Inc., Grace HotelServices Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), GraceOffshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc.,Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation,Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation,Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/aGHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, MonroeStreet, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Interdemco, Inc., MRA NestorBNA, Inc., MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/aEnvironmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin& Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross CountryStaffing), Hayden-Gulch West Coal Company, H-G Coal Company.

- 1 -

pursuant to sections 327(a) and 328(a) of the Bankruptcy Code (the "Application").
This Affidavit constitutes the statement of Baker Donelson pursuant to the Federal
Rules of Bankruptcy Procedure 2014(a) and 2016.

4.  I am not related and, to the best of my knowledge after inquiry of Baker, Donelson's
    members, counsel and associates, no other attorney or professional of Baker,
    Donelson is related, to any judge of the United States Bankruptcy Court for the
    District of Delaware or the United States Trustee for this District.

5.  I do not hold or represent and, to the best of my knowledge and information, no other
    attorney of Baker, Donelson currently holds or represents, any interest adverse to the
    Debtors or their estates with respect to any of the matters for which Baker, Donelson's
    retention is sought.  Insofar as Baker, Donelson has been able to ascertain, neither I,
    nor Baker, Donelson, nor any public policy advisor, shareholder, counsel or associate
    thereof, has any connection with the Debtors in these cases, their creditors, or any
    other party in interest, or their respective attorneys or accountants, except hereinafter
    set forth.

6.  For the past (3) three years,  Baker, Donelson and certain of its members and
    associates have rendered lobbying services to the Debtors and their affiliates.

7.  Baker, Donelson may have performed services in the past and may perform services
    in the future, in matters unrelated to these chapter 11 cases, for parties-in-interest in
    the Debtors chapter 11 cases.

8.  In matters unrelated to this case, Baker, Donelson has in the past represented,
    currently represents, and likely will represent certain of the Debtors' and their
    affiliates' significant current vendors, unsecured creditors, lenders, letter of credit
    issuers, equity holders, underwriters, indenture trustees, sureties, lessors and
    customers, together with certain co-defendants and other parties to litigation with the
    Debtors (all as identified in the exhibits filed in support of the Debtor's Application to
    retain Kirkland & Ellis as bankruptcy and reorganization counsel filed herein) (the
    "K& E Exhibits"), as well as certain attorneys, accountants, and financial advisors for
    such entities.

9.  Baker, Donelson has undertaken a comparison of the most complete list currently
    available of Baker, Donelson's clients.  To the best of my knowledge and information

- 2 -

*(that)*

as a result of this comparison, it appears the Baker, Donelson may have represented
or does represent in certain unrelated corporate matters, litigation, creditors' rights,
and other matters for certain entities listed in Exhibit A hereto, or their affiliates,
parents, or subsidiaries.

10. To the best of my knowledge, these representations do not include any interest
adverse to the Debtors and the matters upon which Baker, Donelson is to be engaged.

11. Summarily, Baker, Donelson will be providing lobbying representation and public
policy provided solely by me.

12. As compensation for its services, the Debtors will pay to Baker, Donelson a monthly
fee equal to $17,000.00 which will be paid monthly in arrears.  In addition, Baker,
Donelson will be entitled to payment by the Debtors for Baker, Donelson's reasonable
expenses rendered in connection with its lobbying efforts on behalf of the Debtor.
Baker, Donelson will charge flat rates to the Debtors that are consistent with
customary rates charged by Baker, Donelson, subject to periodic adjustments, plus
reimbursement of actual and necessary expenses and other charges the Baker,
Donelson incurs. The principal public policy advisor of Baker, Donelson who will be
professional services for the Debtors is :

### Public Policy Advisor

James D. Range

13. Neither I nor any shareholder of or professional employed by Baker, Donelson has
agreed to share or will share any portion of the compensation to be received from the
Debtors with any other person other than the shareholders and regular employees of
the firm.

14. No promises have been received by Baker, Donelson as to the compensation in
connection with this case other than in accordance with the provisions of the title 11.
Baker, Donelson has no agreement with any other entity to share (a) any
compensation it has received or may receive for services rendered in connection with
this case with another party or person, or (b) any compensation another party or
person has received or may receive for services rendered in connection with this case.

15. Baker, Donelson is conducting further inquiries regarding its retention by any
creditors of the Debtors, and upon conclusion of that inquiry, or at any time during

- 3 -

the period of its employment, if Baker, Donelson should discover any facts bearing on the matters described herein, Baker, Donelson will supplement the information contained in the Affidavit.

Executed on ___April 29___, 2004

_(signature)_
James D. Range

Sworn to and subscribed before me
This _29th_ day of _April_, 2004

_Elizabeth Taylor_
Notary Public
My Commission expires: _____

Elizabeth Taylor
Notary Public, District of Columbia
My Commission Expires 12-14-2006

- 4 -

M RSC 759947 v1
2850487-000001 04/28/04

## Exhibit A

1. Issuers of the Debtors' Outstanding Letters of Credit Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

   Chase Manhattan Bank
   Bank of America
   First Union National Bank
   Citibank NA
   Bank of Nova Scotia
   Credit Suisse First Boston
   Bank of New York
   Wachovia Bank
   Barclay's Bank
   Dresdner Bank
   Credit Lyonnais
   ABN Amro
   J.P. Morgan Bank

2. Unsecured Bondholders or Lenders Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

   Chase Manhattan Bank
   Bank of America
   First Union National Bank
   Dresdner Bank
   Barclay's Bank
   Barclay's Bank
   Wachovia Bank

3. All Indenture Trustees Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

   Deposit Guaranty National Bank

4. Official Statutory Committee Members Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

   Bank of New York
   First Union
   Bank of America
   Bankers Trust
   Prudential Insurance Company of America
   Sealed Air Corporation
   ABN Amro
   Wachovia Bank

- 5 -

5. Official Statutory Committee's Members' Attorneys Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

   Moses & Singer

6. Twenty Largest Unsecured Creditors Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

   Chase Manhattan Bank
   Union Carbide
   BASF
   CNA Insurance
   Southern Ionics, Inc.
   Radian International

7. Parties to the Debtor's Significant Executory Contracts and Leases Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

   AMB Property, LP
   Autozone
   FFCA/LLP
   Green Pastures
   Hines Interest Limited Partnership
   LaSalle National Bank
   Marshall's
   New England Mutual Life Ins. Co.
   Rhodes, Inc.
   Stein Mart
   The Salvation Army
   The Lincoln National Life Insurance Co.
   The Pep Boys
   Trammel Crow
   Wal-Mart Stores, Inc.
   Weingarten Realty Investors
   Tony Romas
   Protective Life Insurance Company[2]

---

[2] Baker, Donelson did represent Protective Life Insurance Company in a foreclosure proceeding wherein the W.R. Grace held a leasehold interest in real property in East Tennessee. However, Baker, Donelson's representation of Protective Life Insurance Company in the foreclosure proceeding occurred after W.R. Grace rejected the leasehold interest it possessed. Baker, Donelson, on behalf of Protective Life Insurance Company, has not filed a proof of claim in the instant case asserting a claim pursuant to 11 U.S.C. § 502(g), and the representation has concluded in regard to the W.R. Grace related matter.

M RSC 759947 v1
2850487-000001  04/28/04

8. Other Significant Parties Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

American International Group, Inc.
The Travelers Insurance Co.
Fireman's Fund Insurance Co.
The Hartford Financial Services Group
St. Paul Companies
ABN Amro
Bank of America
Ctibank NA
J.P. Morgan Bank
Wachovia Bank

- 7 -