# EXHIBIT F

**Second Modified Retention Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Re: Docket No. 11556
2/21/06 Agenda Item 2

## ORDER AUTHORIZING THE EXPANSION OF THE EMPLOYMENT OF BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. AS SPECIAL COUNSEL TO THE DEBTORS

Upon the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seeking entry of an order under sections 327(e) and 328(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the Debtors to expand the scope of employment of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson") as special counsel to provide services related to the Debtors' interest in China on an on-going basis; and it appearing that the relief requested is in the best interest of the Debtors' estates and their creditors and other parties in interest; and it appearing that this is a core matter under 28 U.S.C. § 157; and it appearing that Baker Donelson does not represent any interest adverse to the Debtors or their estates with respect to the matters on which Baker Donelson is to be employed, and meets all requirements for retention set forth in the Bankruptcy Code; and it appearing that the terms and conditions of Baker Donelson's employment as further described in the Motion are reasonable; and adequate notice having been given of the Motion; and good and sufficient cause existing to grant the Motion;

1

IT IS HEREBY ORDERED, FOUND AND DETERMINED THAT:

1. The Motion is GRANTED.

2. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code the scope of employment of Baker Donelson as special counsel to the Debtors is expanded to provide services related to the Debtors' interest in China on an on-going basis, *nunc pro tunc* to October 1, 2005.

3. Baker Donelson shall be compensated in accordance with the terms set forth in the Motion and in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of this Court, including without limitation: (a) the Administrative Procedures Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Interim Compensation and Reimbursement of Expenses for Professional and Official Committee members, dated May 3, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (together, the "Interim Compensation Order").

4. Notwithstanding anything to the contrary in the Interim Compensation Order, Baker Donelson is not required to submit detailed daily time records or expense records as part of its monthly, quarterly, and final fee applications; provided, however, that in lieu of such records, Baker Donelson shall submit a reasonably detailed summary of such services performed in connection therewith as part of its monthly, quarterly, and final fee applications.

5. The allowed fees and expenses of Baker Donelson shall an be administrative expense of the Debtors' estates.

6. This Order shall become effective immediately upon its entry.

7. This Court shall retain jurisdiction to hear and determine any matters arising from the implementation of this Order.

Dated: __2/21__, 2006

*/s/ JK Fitzgerald*
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge