IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : | |
| Motions for Access of Garlock Sealing : | |
| Technologies LLC : | Civ. No. 11-1130-LPS |

**ORDER IMPLEMENTING OPINION AND ORDER REVERSING
BANKRUPTCY COURT ORDERS AND GRANTING GARLOCK
SEALING TECHNOLOGIES LLC ACCESS TO 2019 EXHIBITS**

The Court having entered the Opinion[1] [Docket No. 64] and Order [Docket No. 65], dated March 1, 2013, reversing the orders of the Bankruptcy Court in the Delaware Bankruptcy Cases,[2] the Court further orders, consistent with this Court's Opinion and Order, the following implementing its Opinion and Order:

1. The Clerk of the Bankruptcy Court is hereby authorized and directed to grant Garlock access to, and permit Garlock to inspect and copy, any 2019 Exhibit submitted to the Clerk in the Delaware Bankruptcy Cases pursuant to the 2019 Orders, with the exception of the Retention Agreements, including any exemplars thereof. Garlock may, at its own election and expense, select a third-party copy vendor acceptable to the Law Firms and the ACCs that appeared in this appeal to copy such 2019 Exhibits and exclude from such copies all Retention

---

[1] Capitalized terms not defined herein are defined in the Opinion.

[2] The Delaware Bankruptcy Cases, and corresponding bankruptcy docket numbers of the orders and opinions of the Bankruptcy Court that are subject of these appeals, are as follows: (i) *In re ACandS, Inc.*, Bankr. Case No. 02-12687 (JKF) (D.I. 3697 & 3698); (ii) *In re Armstrong World Indus., Inc.*, Bankr. Case No. 00-04471 (JKF) (D.I. 10757 & 10758); (iii) *In re Combustion Eng'g, Inc.*, Bankr. Case No. 03-10495 (JKF) (D.I. 3437 & 3438); (iv) *In re Flintkote Co.*, et al., Bankr. Case No. 04-11300 (JKF) (D.I. 6244 & 6246); (v) *In re Kaiser Aluminum Corp.*, et al., Bankr. Case No. 02-10429 (JKF) (D.I. 10166 & 10167); (vi) *In re Owens Corning*, Bankr. Case No. 00-03837 (JKF) (D.I. 21027 & 21028); (vii) *In re United States Mineral Products Co. d/b/a Isoletek Int'l*, Bankr. Case No. 01-02471 (JKF) (D.I. 3934 & 3935); (viii) *In re USG Corp.*, et al., Bankr. Case No. 01-02094 (JKF) (D.I. 12652 & 12653); and (ix) *In re W.R. Grace & Co.*, et al., Bankr. Case No. 01-01139 (JKF) (D.I. 27737 & 27740).

Agreements. To the extent such Retention Agreements are inadvertently provided to Garlock, Garlock shall not review such Retention Agreements, shall promptly destroy such Retention Agreements, and shall not provide them to any other person or entity or use them for any purpose whatsoever.

2. This Order authorizes Garlock to use such 2019 Exhibits solely in connection with the estimation proceedings in Garlock's chapter 11 bankruptcy cases pending in the North Carolina Bankruptcy Court, and neither the 2019 Exhibits nor the information contained therein may be used for any other purpose. This Order is without prejudice to the rights of other parties to such estimation to oppose the use of the 2019 Exhibits in that proceeding.

3. Garlock shall not disclose publicly the information contained in any 2019 Exhibit except in an aggregate format that does not identify any individual represented person.

4. Reference is made to the *Debtors' Motion For Entry Of Protective Order Related To Rule 2019 Exhibits Filed In Twelve Bankruptcy Cases Pending In The District Of Delaware And The Western District Of Pennsylvania*, dated March 7, 2013, filed by Garlock in its jointly administered chapter 11 cases, captioned *In re Garlock Sealing Technologies LLC, et al.*, Case No. 10-BK-31607, pending in the North Carolina Bankruptcy Court [Docket No. 2779] (the "Protective Order Motion"). Recognizing that Garlock has requested the North Carolina Bankruptcy Court to enter a proposed protective order pursuant to the Protective Order Motion, public disclosure of the information in any 2019 Exhibit shall be subject to the terms of a protective order entered by the North Carolina Bankruptcy Court that is consistent with this Court's Opinion and Order and the terms of this Order. This Order is without prejudice to the rights of parties to this appeal or in the estimation proceeding in Garlock's bankruptcy from

proposing to the North Carolina Bankruptcy Court competing forms of protective order to address this subject matter.

5. For the avoidance of doubt, nothing in this Order reopens any closed Delaware Bankruptcy Cases, deems any such cases re-opened, or requires the re-opening of any such cases.

DATED: March 14, 2013

_____
The Honorable Leonard P. Stark
United States District Judge