**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | |
| ACandS, Inc. | Case No.: 02-12687 **(CLOSED)** <br> Related to Doc. No. 3723, 3725 |
| Armstrong World Industries, Inc. | Case No.: 00-4471 **(CLOSED)** <br> Related to Doc. No. 10784, 10786 |
| Combustion Engineering, Inc. | Case No.: 03-10495 **(CLOSED)** <br> Related to Doc. No. 3478, 3480 |
| The Flintkote Company | Case No.: 04-11300 <br> Related to Doc. No. 7442, 7459 |
| Kaiser Aluminum Corp. | Case No.: 02-10429 <br> Related to Doc. No. 10283, 10288 |
| Owens Corning | Case No.: 00-3837 **(CLOSED)** <br> Related to Doc. No. 21070, 21072 |
| US Mineral Products Company | Case No.: 01-2471 **(CLOSED)** <br> Related to Doc. No. 3991, 3993 |
| USG Corp. | Case No.: 01-2094 **(CLOSED)** <br> Related to Doc. No. 12684, 12686 |
| W.R. Grace & Co. | Case No.: 01-1139, <br> Related to Doc. No. 30417, 30436 |
| Debtors. | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | |
| Mid-Valley, Inc. | Case No.: 03-35592 **(CLOSED)** <br> Related to Doc. Nos. 2839, 2845 |
| North American Refractories Co. | Case No.: 02-20198 <br> Related to Doc. Nos. 7835, 7853 |
| Pittsburgh Corning Corp. | Case No.: 00-22876 <br> Related to Doc. Nos. 9260, 9288 |
| Debtors. | |

1

**STATEMENT OF GARLOCK SEALING TECHNOLOGIES LLC WITH RESPECT TO DRAFT PROTOCOL FOR PRODUCTION OF 2019 EXHIBITS**

Pursuant to this Court's *Order Setting Status Conference To Establish Protocol With Respect To Order Of The District Court For The Western District Of Pennsylvania And the Order Of The District Court For The District Of Delaware Regarding 2019 Statements*, entered on March 20, 2013 (Docket No. 10283),[1] Garlock Sealing Technologies LLC provides the following comments and suggestions regarding the *Draft Protocol For The Production Of 2019 Exhibits* (the "Proposed Protocol") entered by this Court on the docket on March 27, 2013 (Docket No. 10288). Unless otherwise defined, capitalized terms have the meanings ascribed to them in the Proposed Protocol:

1. Garlock respectfully submits that entry of the Proposed Protocol is unnecessary.[2] Garlock and the principal objectors to Garlock's motion to access 2019 Exhibits—approximately 20 law firms that filed 2019 Statements and Exhibits (the "Law Firms") and the objecting official committees of asbestos personal injury claimants in several open cases (the "ACCs")— negotiated and agreed upon all necessary protocols for the production of 2019 Exhibits and protection for personal information of claimants contained therein. The parties' agreements are

---

[1] Unless otherwise noted, docket number references are to the docket in *In re Kaiser Aluminum*, Case No. 02-10429 (JKF).

[2] The Court docketed the Proposed Protocol on March 27, 2013. Upon Garlock's initial review of the Proposed Protocol, Garlock became concerned that certain of if its terms were the result of a lack of clarity or a misunderstanding of the District Court's appellate mandate as reflected in the DOD Opinion and Order and the DOD Implementing Order. Because the District Court had entered the DOD Implementing Order on March 14, 2013, Garlock had just one day following this Court's docketing of the Proposed Protocol to move the District Court for relief pursuant to Bankruptcy Rule 8015, which requires such motions to be filed within 14 days after entry of the judgment. The ACCs filed a response to Garlock's motion, joined in by the Law Firms, which argued, among other things, that it was premature for the District Court to consider the motion until this Court had held the status conference and entered some form of order or judgment. Yesterday, the District Court entered an order denying Garlock's motion without comment.

reflected in three orders entered by consent of all parties in the DOD Court, the WDPA Court, and the United States Bankruptcy Court for the Western District of North Carolina (the "North Carolina Bankruptcy Court"):

- Order Implementing Opinion and Order Reversing Bankruptcy Court Orders and Granting Garlock Sealing Technologies LLC Access To 2019 Exhibits, entered by the DOD Court on March 14, 2013 (the "DOD Implementing Order") (attached hereto as Ex. A);

- Order of Court Resolving Appeals, entered by the WDPA Court on March 19, 2013 (the "WDPA Implementing Order") (attached hereto as Ex. B); and

- Order Governing Use and Confidentiality of Certain Exhibits to Rule 2019 Statements from Other Bankruptcy Cases, entered by the North Carolina Bankruptcy Court on March 28, 2013 (the "NC Protective Order") (attached hereto as Ex. C).

2.     The concerns this Court seeks to address through the Special Master Protocol—protection of Retention Agreements and full social security numbers ("SSNs")—are adequately addressed in the DOD and WDPA Implementing Orders and NC Protective Order.

3.     First, to protect the Retention Agreements, the DOD and WDPA Implementing Orders provide that "Garlock may, at its own election and expense, select a third-party copy vendor acceptable to the Law Firms and the ACCs that appear in this appeal to copy such 2019 Exhibits and exclude from such copies all Retention Agreements." *Id.* Further, "[t]o the extent such Retention Agreements are inadvertently provided to Garlock, Garlock shall not review such Retention Agreements, shall promptly destroy such Retention Agreements, and shall not provide them to any other person or entity or use them for any purpose whatsoever." *Id.* This means of protection for Retention Agreements was approved by the Law Firms and ACCs as well as the

3

Official Committee of Asbestos Personal Injury Claimants in Garlock's bankruptcy case (the "Garlock Committee"). These same parties subsequently agreed to Garlock's engagement of Parcels, Inc. ("Parcels") to provide data and document copying services described in the DOD Implementing Order.

4. Claimants' full SSNs are likewise protected by the DOD and WDPA Implementing Orders and NC Protective Order. The NC Protective Order provides that no personal information of any 2019 claimant, including any SSN, can be publicly disclosed. Moreover, should Garlock use any 2019 Exhibit in the estimation proceeding, it must first redact all but the last four digits of any SSN.[3]

5. The provisions protecting SSNs are consistent with the practice this Court has applied in other instances in which it permitted parties to have access to 2019 Exhibits or plan confirmation ballots in which claimants may have inadvertently recorded full SSNs. In the *Owens Corning* case, for example, the Court ordered the debtors to make compact discs containing 2019 Exhibits available directly to Credit Suisse First Boston and Century Indemnity Company for copying and use at an estimation proceeding but required CSFB and Century to keep information contained in the compact discs confidential. *See* Order Granting Motion of Credit Suisse First Boston, As Agent, For Access to Examine Statements Filed Pursuant to

---

[3] Among other things, the NC Protective Order also (i) states that Garlock is to provide copies of the 2019 Exhibits to counsel for the Official Committee of Asbestos Personal Injury Claimants and the Future Claimants' Representative in its bankruptcy case, (ii) limits the disclosure of 2019 Exhibits, (iii) provides for the confidentiality, protection and security of the 2019 Exhibits, (iv) limits the use of the 2019 Exhibits and any derivative material to the Estimation Hearing in Garlock's bankruptcy cases, (v) limits public disclosure of the 2019 Exhibits, (vi) provides for the confidentiality of any merged database generated in part from the data from the 2019 Exhibits, and (vii) provides for the destruction of the 2019 Exhibits within one year of the date of substantial consummation of a confirmed Chapter 11 plan of reorganization.

Bankruptcy Rule 2019(a), *In re Owens Corning, et al.*, No. 00-3837 (Bankr. D. Del. Jan. 11, 2005) (attached hereto as Ex. D).

6. In addition, in the *Pittsburgh Corning* case, the Court ordered Pittsburgh Corning and its Voting Agent, Logan & Company, Inc., to produce copies of plan confirmation ballots to Garlock even though the ballots contained full SSNs of some of the voting claimants. In order to expedite production of ballots to Garlock (and other parties) and to reduce expenses, Logan and Pittsburgh Corning did not redact SSNs from the ballots but entered into a stipulation with Garlock that it would treat all but the last four digits of the SSNs as confidential and, to the extent the ballots were shared with third parties or filed in court, Garlock would redact all but the last four digits of any SSNs. *See* Stipulation Regarding Confidential Material, *In re Pittsburgh Corning Corporation,* No. 00-22876 (Bankr. W.D. Pa. Dec. 23, 2009) (attached hereto as Ex. E).

7. In sum, the Retention Agreements and SSNs are already adequately protected by means agreeable to the Law Firms and ACCs, and the Court's proposal to appoint a Special Master to be responsible for the 2019 Exhibit production, therefore, would impose unnecessary cost on Garlock and unnecessary delay in obtaining the 2019 Exhibits.

8. In addition, some of the restrictions the Court proposes to place on Garlock's use of the 2019 Exhibits in paragraph 45 of the Draft Protocol go well beyond any restrictions placed on Garlock by the DOD Opinion and would unnecessarily prejudice Garlock's ability to use the 2019 Exhibits at the estimation proceedings in its case. Other restrictions are already dealt with through agreement with the Law Firms and ACCs. In particular:

(a) The Opinion and Implementing Orders permit Garlock to use 2019 Exhibits in connection with the North Carolina estimation proceedings, not simply in preparation for the estimation proceedings as provided in paragraph 45(a).

(b)    Contrary to the requirements of paragraph 45(b), in order to use the 2019 Exhibits, Garlock must be able to share them with the Garlock Committee and Future Claimants Representative.  The Law Firms and ACCs have agreed that Garlock may share 2019 Exhibits with parties to the estimation proceeding in accordance with the NC Protective Order which would require such receiving parties to protect the personal information of 2019 claimants.

(c)    While paragraph 45(c) of the proposed Protocol would require Garlock to certify that "Garlock did not and will not disclose the identity of any individual listed in any of the 2019 Exhibits," the Opinion and DOD and WDPA Implementing Orders do not contain such a restriction and the NC Protective Order permits Garlock to disclose identities of individuals to the North Carolina Bankruptcy Court and parties in the estimation proceeding so long as such disclosure is not made publicly but done under seal.

(d)    While paragraphs 45(d) and (e) of the Proposed Protocol require the return or destruction of 2019 Exhibits by Garlock and its experts, employees, and representatives, the NC Protective Order already provides for the destruction of such information by all parties obtaining access by means and timing agreed to by the parties.

9.    For these reasons, Garlock respectfully submits that the Proposed Protocol is not necessary.

*[Signatures follow]*

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Gregory W. Werkheiser*
Gregory W. Werkheiser (DE# 3553)
Matthew B. Harvey (DE# 35186)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: 302-658-9200
Fax: 302-658-3989

*Co-Counsel to Garlock in the Delaware Cases*

**DEL SOLE CAVANAUGH STROYD LLC**

*/s/ Arthur H. Stroyd, Jr.*
Arthur H. Stroyd, Jr. (PA# 15910)
The Waterfront Building
200 First Avenue, Suite 300
Pittsburgh, PA  15222
Tel: 412-261-2393
Fax: 412-261-2110

*Co-Counsel to Garlock in the Pennsylvania Cases*

**ROBINSON, BRADSHAW & HINSON, P.A.**

Garland S. Cassada
Richard C. Worf, Jr.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tel: 704-377-8317
Fax: 704-373-391

*Counsel to Garlock*