**EXHIBIT C**





_____
George R. Hodges
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Charlotte Division

|  |  |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| GARLOCK SEALING TECHNOLOGIES ) | Case No. 10-31607 |
| LLC, et al. ) | |
| ) | |
| Debtors.[1] ) | Jointly Administered |

## ORDER GOVERNING USE AND CONFIDENTIALITY OF CERTAIN EXHIBITS TO RULE 2019 STATEMENTS FROM OTHER BANKRUPTCY CASES

This matter came before the Court on Debtors' Motion for Order Governing Use and Confidentiality of Certain Exhibits to Rule 2019 Statements from Other Bankruptcy Cases (Docket No. 2779) (hereinafter, the "**Motion**"). Based upon a review of the Motion and the Opinion dated March 1, 2013 of the Honorable Leonard P. Stark in *In re Motions for Access of Garlock Sealing Technologies LLC*, Civ. No. 11-1130-LPS (D. Del.), the Order Implementing Opinion and Order Reversing Bankruptcy Court Orders and Granting Garlock Sealing Technologies LLC Access to 2019 Exhibits, *In re Motions for Access of Garlock Sealing Technologies* LLC, No. 11-1130 (D. Del. Mar. 14, 2013) [Dkt. No. 67], the Order of the Court Resolving Appeals, *In re Pittsburgh Corning Corp.*, No. 11-1406 (W.D. Pa. Mar. 19, 2013) [Dkt.

---

[1] The Debtors in these jointly administered cases are Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company.

827634v.1 3/27/2013

No. 33], the Order of Court Resolving Appeals, *In re Mid-Valley, Inc.*, No. 11-1439 (W.D. Pa. Mar. 19, 2013) [Dkt. No. 25], and the Order of Court Resolving Appeals, *In re N. Am. Refractories Co.*, No. 11-1452 (W.D. Pa. Mar. 19, 2013) [Dkt. No. 30] (together, the "**Opinion and Orders**"), and the submissions and agreement of the parties, the Court hereby ORDERS, ADJUDGES, AND DECREES that:

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157.

2. The Motion is GRANTED on the terms and conditions set forth in this Order.

3. The subjects of this Order are exhibits to statements filed by law firms pursuant to Federal Rule of Bankruptcy Procedure 2019—which exhibits were not placed on the electronic docket—to which Debtors will obtain access pursuant to the Opinion and Orders (hereinafter, "**2019 Exhibits**").[2] Law firms filing such 2019 Exhibits are hereinafter referred to as "**2019 Filing Firms.**"

4. This Order and the term "2019 Exhibits" do not apply to exhibits to statements filed by law firms pursuant to Federal Rule of Bankruptcy Procedure 2019 where such exhibits were placed on electronic dockets and that members of the public may access without the need for filing a motion, and nothing in this Order shall impose any restriction on the use by Debtors or any other parties of such exhibits to Rule 2019 statements, or impose any confidentiality restriction on such exhibits.

5. Debtors shall provide copies of all 2019 Exhibits promptly after they obtain them to respective counsel for the Official Committee of Asbestos Personal Injury Claimants (the

---

[2] The appeals pending in the Western District of Pennsylvania are *Garlock Sealing Technologies, LLC v. Pittsburgh Corning Corp. (In re Pittsburgh Corning Corp.)*, No. 11-1406; *Garlock Sealing Technologies, LLC v. Mid-Valley, Inc. (In re Mid-Valley, Inc.)*, No. 11-1439; and *Garlock Sealing Technologies, LLC v. North American Refractories,et al. (In re North American Refractories Co.)*, No. 11-1452.

"**Committee**"), and the Future Claimants' Representative (the "**FCR**") (together with the Debtors, the "**Receiving Estimation Parties**").

6.      No 2019 Exhibits shall be disseminated or disclosed, whether in written or electronic form, to any person other than (i) the Receiving Estimation Parties; (ii) Coltec Industries, Inc. (iii) any entity that becomes a party to the Estimation Proceeding by way of intervention pursuant to an order of the Bankruptcy Court (each, an "**Intervenor**"); (iv) any lawyer rendering legal services or providing legal advice with respect to the estimation of Debtors' aggregate liability for asbestos-related personal injury and wrongful death claims pursuant to the Order for Estimation of Mesothelioma Claims (Docket No. 2102 ) (the "**Estimation Proceeding**") to any Receiving Estimation Party, Coltec Industries, Inc., or Intervenor, and each employee, agent, and representative of the law firm employing such lawyer who is personally involved in rendering services in connection with the Estimation Proceeding; (v) any Receiving Estimation Party, Coltec Industries, Inc., or Intervenor's consulting or testifying experts, and members of their staffs, who are personally involved in rendering services to an Receiving Estimation Party or Intervenor in connection with the Estimation Proceeding; (vi) any person who testifies at a deposition or hearing in connection with the Estimation Proceeding, and for whose examination or cross-examination reference to a 2019 Exhibit is relevant; (vii) third-party service companies providing outside photocopying, graphic production services, or litigation support services in connection with the Estimation Proceeding; (viii) the Court, including secretaries, judicial assistants, law clerks, and other clerical staff; and (ix) court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Estimation Proceeding; *provided, however,* that the right of access to 2019

3173079v6 17067.00011

Exhibits hereby conferred on the foregoing persons is subject to the conditions precedent set forth in paragraph 7 immediately below.

7. Any person exercising a right of access to 2019 Exhibits granted by this Order shall thereby consent, and be deemed to consent, to be bound by this Order, as well as to be bound to the Opinion and Orders to the same extent as Garlock, and shall thereby submit, and be deemed to submit, to the jurisdiction and venue of this Court for any dispute pertaining to the interpretation or enforcement of this Order, and to the jurisdiction and venue of the District Courts of Delaware and the Western District of Pennsylvania for any dispute pertaining to the interpretation or enforcement of the Opinion and Orders. Without limitation of the generality of the foregoing sentence, as a condition of the right of access to 2019 Exhibits conferred by paragraph 6 above, every entity described in subparts (ii) through (vii) of paragraph 6 shall execute an Acknowledgement of Order and Agreement to Be Bound in the form annexed to this Order as Exhibit 1 or Exhibit 2. Exhibit 1 shall be executed on the part of corporations, partnerships, companies, or firms whose employees, representatives, or agents will receive access to 2019 Exhibits in the performance of the firm's duties with respect to the Estimation Proceeding. Exhibit 2 shall be signed in an individual capacity by individuals (such as witnesses or self-employed experts) who receive a right of access to 2019 Exhibits under paragraph 6 above in their individual capacities, rather than as employees, agents, or representatives of a firm.

8. Any Intervenor shall be deemed subject to all of the obligations and restrictions applicable to the Receiving Estimation Parties under this Order and the Opinion and Orders. Any Intervenor shall have access to the 2019 Exhibits only to the extent specified by the Bankruptcy

Court and subject to such terms and conditions as the Bankruptcy Court may impose by further order.

9. 2019 Exhibits shall be confidential and treated as such without need of any special designation. Any entity granted access to 2019 Exhibits as provided in this Order must maintain the confidentiality of the same in a manner consistent with the obligations and restrictions imposed herein.

10. All 2019 Filing Firms, Receiving Estimation Parties, Intervenors and Coltec Industries, Inc. shall have standing to enforce the protections afforded to 2019 Exhibits by this Order.

11. As a precautionary measure, but not as a precondition to protection, counsel for any party offering any 2019 Exhibit into evidence in connection with the Estimation Proceeding shall stamp such 2019 Exhibit with the following legend: "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."

12. Any entity that receives access to 2019 Exhibits as provided in this Order shall provide for physical, managerial and electronic security thereof such that 2019 Exhibits are reasonably maintained and secured, ensuring that they are safe from unauthorized access or use during utilization, transmission and storage. Should any unauthorized breach of the confidentiality of 2019 Exhibits occur, the entity whose agents or representatives were involved in the breach shall notify the Receiving Estimation Parties, Coltec Industries, Inc., and any Intervenor, as well as any 2019 Filing Firms to which the subject information pertains, as soon as reasonably practicable, but not later than two (2) business days after such entity first becomes aware of such breach.

13. Neither 2019 Exhibits, nor any analyses, conclusions, summaries, excerpts, redacted copies derived therefrom, nor any knowledge obtained therefrom, shall be used for any purpose other than the Estimation Proceeding.

14. Neither 2019 Exhibits nor any analyses, conclusions, summaries, excerpts, or redacted copies derived therefrom may be (a) publicly disclosed except in the aggregate and pursuant to this Order, (b) used as a disclosed or undisclosed source in any article, study, research, editorial, publication or scholarly work, or (c) incorporated into or merged with any preexisting database that is to be used or maintained for any purpose other than the Estimation Proceeding.

15. To the extent 2019 Exhibits are maintained in or converted to electronic form, they must be maintained in a separate file, database, or physical storage medium. If 2019 Exhibits maintained or converted to electronic form are incorporated into or merged with any preexisting electronic information or database (a "**Merged Database**"), the Merged Database must itself be treated as confidential to the same extent as the underlying 2019 Exhibits themselves, shall be maintained in a separate file, database, or physical storage medium, and shall be subject to the same use restrictions that this Order imposes on the 2019 Exhibits themselves.

16. Nothing in this Order shall restrict any person's right to make lawful use of:

a. any discrete data set or materials that came into the possession of such person lawfully, free of any confidentiality obligation, and independently of the Opinion and Orders;

b. any exhibit or other document that is placed on the public record in the Estimation Proceeding in conformity with the restrictions set forth in paragraph 17 below, or

3173079v6 17067.00011

        any data or material that is or becomes publicly available other than by a breach of this Order or of the Opinion and Orders; or

    c.    any discrete data set or materials developed by or on behalf of such person independently of any 2019 Exhibits.

17.    In the event that, in the course of the Estimation Proceeding, any Receiving Estimation Party, Coltec Industries, Inc., or Intervenor intends to offer into evidence or otherwise use 2019 Exhibits in connection with testimony or filings in the Bankruptcy Court, or any reviewing court, such Receiving Estimation Party, Coltec Industries, Inc., or Intervenor may not divulge 2019 Exhibits except when the following conditions are met: (i) such information is relevant to the Estimation Proceeding; (ii) there is no reasonable manner to use such information in the Estimation Proceeding without disclosing 2019 Exhibits; and (iii) such Receiving Estimation Party, Coltec Industries, Inc., or Intervenor has first utilized its best efforts to maintain the confidentiality of the 2019 Exhibits, and such information has been filed under seal, redacted or reviewed by the Bankruptcy Court (or any other court) *in camera*, as appropriate (and, in every such instance, with all but the last four digits of the social security number of any individual redacted), and that any hearing, deposition or other proceeding is closed and limited to attendance by persons who are subject to the terms of this Order. Notwithstanding the foregoing, in the course of the Estimation Proceeding and solely for the purposes thereof, a Receiving Estimation Party, Coltec Industries, Inc., or any Intervenor may use in the Bankruptcy Court, or any reviewing court, summaries, analyses, or copies derived from 2019 Exhibits and presented in an aggregate format that does not identify any individual's name, social security number, or other identifying detail. Likewise, nothing herein shall prohibit an expert for any Receiving Estimation Party, Coltec Industries, Inc., or Intervenor from using or referring to information

derived from 2019 Exhibits in such expert's report, or testifying concerning 2019 Exhibits, so long as such testimony or report is presented in aggregate format that does not identify any individual's name, social security number, or other identifying detail.

18. In the event that Debtors or any entity granted access to 2019 Exhibits pursuant to this Order, receives a subpoena, interrogatory, or other request for the production or disclosure of any 2019 Exhibit, in whole or in part (a "**Third-Party Discovery Demand**"), including a governmental or other regulatory body, such entity (a "**Discovery Target**") shall provide prompt written notice of any such request or requirement to the affected 2019 Filing Firms, with copies to the Receiving Estimation Parties, Coltec Industries, Inc., and any Intervenors, so that any of them may seek a protective order or other appropriate remedy or waive compliance with the provisions of this Order.  Pending a timely effort to obtain such a protective order or other remedy to prevent the requested production or disclosure, or written waiver by the affected 2019 Filing Firms, each of the Receiving Estimation Parties, Coltec Industries, Inc., and any Intervenor of the right to seek such an order or remedy, the Discovery Target shall interpose an objection to the Third-Party Discovery Demand on the basis of this Order. Nothing in this Order shall prohibit a Discovery Target from complying in good faith with an order directing it to comply, in whole or in part, with such Third-Party Discovery Demand, or require a Discovery Target to seek a stay of such an order, or to appeal from such an order; *provided, however*, that any Discovery Target shall exercise reasonable efforts to preserve the confidentiality of 2019 Exhibits produced or disclosed pursuant to such an order.

19. Within the one-year anniversary of the date of substantial consummation of a confirmed Chapter 11 plan of reorganization for the Debtors (a "**Plan**"), each entity that has received 2019 Exhibits shall destroy such 2019 Exhibits, including all copies thereof, in a

commercially reasonable manner and continue to be bound by the terms and obligations imposed by this Order, and shall certify such destruction in writing to respective counsel of record for the Debtors, the Committee, and the FCR; *provided, however,* that the obligations of this paragraph shall not apply to copies of pleadings and exhibits filed under seal with this Court, or to file copies in the possession of counsel of record for the Receiving Estimation Parties, Coltec Industries, Inc., or Intervenors of papers prepared in connection with the Estimation Proceeding (*e.g.*, pleadings, transcripts, interview or document summaries, internal memoranda, written communications with professionals, experts, and witnesses, depositions and exhibits thereto, court papers, and other papers prepared, created, or served in connection with the Estimation Proceeding).  Notwithstanding the foregoing, nothing in this Order shall operate to interfere with any additional requirements or shorter timeframe for return or destruction set forth by the Bankruptcy Courts for the Western District of Pennsylvania and Delaware in any protocol or order that those Courts may enter.

20. Any person who seeks relief from any provision of this Order shall do so by motion in the Bankruptcy Court on notice to the Receiving Estimation Parties, Coltec Industries, Inc., any Intervenors, and 2019 Filing Firms affected by the relief sought.  The movant shall bear the burden of showing good cause for the requested relief, and no such relief may be granted if it conflicts with the terms of the Opinion and Orders.

21. This Court shall retain jurisdiction to interpret, apply, and enforce this Order to the full extent permitted by law.

| | |
|---|---|
| This Order has been signed electronically.<br>The Judge's signature and Court's seal<br>appear at the top of this Order. | United States Bankruptcy Court |

**EXHIBIT 1 TO ORDER GOVERNING USE AND CONFIDENTIALITY OF CERTAIN EXHIBITS TO RULE 2019 STATEMENTS FROM OTHER BANKRUPTCY CASES**

Re: *In re Garlock Sealing Technologies LLC, et al.,*
**Case No. 10-BK-31607 (Jointly Administered)**
**United States Bankruptcy Court**
**for the Western District of North Carolina**

*Instructions*: **This Acknowledgment must be executed by an authorized representative of any corporation, partnership, company, or firm required to execute an Acknowledgment pursuant to paragraph 7 of the above-referenced Order.**

**A C K N O W L E D G E M E N T**

On behalf of my employer, _____ [*write in name of employer*] ("**Employer**"), I and other employees, agents, and representatives of Employer may be given access to 2019 Exhibits. Each and every 2019 Exhibit constitutes confidential and protected information in connection with the above- referenced Order Governing Use and Confidentiality of Certain Exhibits to Rule 2019 Statements from Other Bankruptcy Cases (the "**Order**"), entered by the United States Bankruptcy Court for the Western District of North Carolina (the "**Bankruptcy Court**") in the above-referenced jointly-administered Chapter 11 cases. Capitalized terms used in this Acknowledgment but not otherwise defined herein shall have the meanings ascribed to them in the Order.

I have read the Order, and the Opinion and Orders referenced therein, on behalf of Employer as part of performing its duties to _____ [*write in name of the Estimation Party or other client for whom Employer is rendering services in connection with the Estimation Proceeding*]. I understand the conditions and obligations of confidentiality, and use restrictions, that the Order and Opinion and Orders make applicable to 2019 Exhibits. By my signature below, Employer, for itself and all of its employees, agents, and representatives who receive access to 2019 Exhibits, hereby accepts and agrees to be bound by, and to abide by, those conditions, obligations, and restrictions. On Employer's behalf, I represent that Employer has made, or will make the Order, the Opinion and Orders, and this Acknowledgment known in advance to all of Employer's employees, agents, and representatives who are to receive access to 2019 Exhibits, so that they will be on notice of Employer's duties in connection therewith and their own responsibilities to ensure compliance with the Order and the Opinion and Orders.

Employer, its employees, agents, and representatives will not disclose any 2019 Exhibits to any person not authorized by the Order to receive such information. They will not use 2019 Exhibits for any purpose other than the Estimation Proceeding.

Pursuant to paragraph 19 of the Order, Employer will destroy or cause to be destroyed all 2019 Exhibits within one year of the date of substantial consummation of a confirmed Chapter 11 plan of reorganization for the Debtors (the "**Plan**"), and will promptly certify such destruction in writing to counsel of record for the Debtors and to counsel of record for the Filing Firms.

  Employer and I (in my individual capacity and my capacity as a representative of Employer) consent to the jurisdiction and venue of the Bankruptcy Court for any action to interpret, apply, and enforce the terms of the Order and this Acknowledgment, and to the jurisdiction and venue of the District Courts of Delaware and the Western District of Pennsylvania for any dispute pertaining to the interpretation or enforcement of the Opinion and Orders and for no other purposes.

  I represent that I am duly authorized to execute this Acknowledgment on behalf of Employer.

By: _____
Print Name: _____
Title: _____
Employer: _____
Address: _____
Dated: _____
Relationship to Employer:_____

**EXHIBIT 2 TO ORDER GOVERNING USE AND CONFIDENTIALITY OF CERTAIN EXHIBITS TO RULE 2019 STATEMENTS FROM OTHER BANKRUPTCY CASES**

Re: *In re Garlock Sealing Technologies LLC, et al.,*
Case No. 10-BK-31607 (Jointly Administered)
**United States Bankruptcy Court**
**for the Western District of North Carolina**

*<u>Instructions</u>: This Acknowledgment must be executed by any individual required to execute an Acknowledgment in his or her individual capacity pursuant to paragraph 7 of the above referenced Order (for example, a self-employed expert or a witness).*

**A C K N O W L E D G E M E N T**

I may be given access to certain confidential and protected information in connection with the above-referenced Order Governing Use and Confidentiality of Certain Exhibits to Rule 2019 Statements from Other Bankruptcy Cases (the "**Order**"), entered by the United States Bankruptcy Court for the Western District of North Carolina (the "**Bankruptcy Court**") in the above-referenced jointly administered Chapter 11 cases.

I have read the Order and the Opinion and Orders referenced therein. Capitalized terms used in this Acknowledgment but not otherwise defined herein shall have the meanings ascribed to them in the Order. I understand the conditions and obligations of confidentiality, and use restrictions, that the Order and the Opinion and Orders make applicable to 2019 Exhibits and hereby accept and agree to be bound by, and to abide by, those conditions, obligations, and restrictions.

I will not disclose any 2019 Exhibits to any person not authorized by the Order to receive such information. I will not use 2019 Exhibits for any purpose other than the Estimation Proceeding.

Pursuant to paragraph 19 of the Order, I will destroy all 2019 Exhibits within one year of the date of substantial consummation of a confirmed Chapter 11 plan of reorganization for the Debtors (the "**Plan**"), and will promptly certify such destruction in writing to counsel of record for the Debtors and to counsel of record for the 2019 Filing Firms.

I consent to the jurisdiction of the Bankruptcy Court for any action to enforce the terms of the Order and this Acknowledgment and to the jurisdiction and venue of the District Courts of Delaware and the Western District of Pennsylvania for any dispute pertaining to the interpretation or enforcement of the Opinion and Orders and for no other purposes.

By: _____
Print Name: _____
Title: _____
Address: _____
Dated: _____