## EXHIBIT E

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------------- x
                                                    :
In re:                                              :      In Proceedings for a Reorganization
                                                    :      Under Chapter 11
PITTSBURGH CORNING CORPORATION,                     :
                                                    :      Case No. 00-22876 (JKF)
              Debtor.                               :
                                                    :
------------------------------------------------------------- x
```

### STIPULATION REGARDING CONFIDENTIAL MATERIAL

WHEREAS, Pittsburgh Corning Corporation (the "Debtor") filed a Modified Third Amended Plan of Reorganization dated January 28, 2009 (the "Plan") in the above-captioned case (the "Bankruptcy Case") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court"); and

WHEREAS, the deadline for voting to accept or reject the Plan was November 16, 2009;

WHEREAS, Century Indemnity Company and Westchester Fire Insurance Company (collectively, the "Corning Insurers") and Garlock Sealing Technologies LLC ("Garlock" and, together with the Corning Insurers, collectively referred to herein as the "Requesting Parties") have requested copies of the ballots that were cast on the Plan;

WHEREAS, certain of the ballots may contain the full social security numbers ("SSN's") of claimants voting on the Plan;

WHEREAS, the Debtor and its Voting Agent, Logan and Company, Inc. ("Logan") are prepared to produce copies of the ballots subject to the protections agreed to herein.

NOW, THEREFORE, the Debtor, Logan, and the Requesting Parties agree as follows:

1.    All but the last four digits of any SSN's included in the ballots (the "Confidential Information") shall be treated as confidential and shall not be disclosed to anyone other than the Requesting Parties and their counsel.  The Requesting Parties shall not use the Confidential Information for any purpose whatsoever other than the enforcement of their rights in this case.

2.    In order to expedite the production of the ballots to the Requesting Parties and to reduce expenses, Logan shall not be responsible for redacting SSN's from any ballots.  Said non-redaction shall not be deemed or construed to waive the provisions of Paragraph 1 of this Stipulation.

3.    The Corning Insurers and Garlock agree that to the extent the ballots are to be shared with third parties or filed in the Bankruptcy Case or with any other court, all but the last four digits of any SSN's on the ballots shall first be redacted.

| /s/ David Ziegler | /s/ Ilana Volkov |
|---|---|
| David Ziegler (PA ID #37527) | Ilana Volkov |
| Reed Smith LLP | Cole, Schotz, Meisel, Forman & Leonard, P.A. |
| 225 Fifth Avenue, STE 1200 | Court Plaza North |
| Pittsburgh PA  15222 | 25 Main Street |
| dziegler@reedsmith.com | P. O. Box 800 |
| Counsel to Debtor | Hackensack, NJ 07602-0800 |
|  | ivolkov@coleschotz.com |
|  | Counsel to Logan and Company, Inc. |
|  |  |
| /s/ Tancred Schiavoni | /s/ Garland S. Cassada |
| Tancred Schiavoni | Garland S. Cassada |
| O'Melveny & Myers LLP | Robinson, Bradshaw & Hinson |
| Times Square Tower | 101 North Tryon Street, STE 1900 |
| 7 Times Square | Charlotte NC  28246 |
| New York, NY 10036 | gcassada@rbh.com |
| tschiavoni@omm.com | Counsel to Garlock Sealing Technologies LLC |
| Counsel to Corning Insurers |  |