## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>Pittsburgh Corning Corporation,<br>Debtor(s) | Bankruptcy No. 00-22876-JKF<br>Chapter 11<br>**Related to Doc. No. 9260** |
| In re:<br>North American Refractories<br>Company, *et al*.<br>Debtor(s) | Bankruptcy No. 02-20198-JKF<br>Chapter 11<br>**Related to Doc. No. 7835** |
| In re:<br>Mid-Valley, Inc., *et al.* and<br>DII Industries LLC<br>Debtor(s) | Bankruptcy No. 03-35592-JKF (**CLOSED**)<br>Chapter 11<br>**Related to Doc. No. 2839** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT DELAWARE

| | |
|---|---|
| In Re: | |
| Owens Corning, *et al.,*<br>Debtor(s) | Bankruptcy No.  00-3837-JKF (**CLOSED**)<br>Chapter 11<br>**Related to Doc. No. 21068** |
| W.R. Grace & Co., *et al.*<br>Debtor(s) | Bankruptcy No. 01-1139-JKF<br>Chapter 11<br>**Related to Doc. No. 30404** |
| USG Corporation, *et al.,*<br>Debtor(s) | Bankruptcy No. 01-2094-JKF (**CLOSED**)<br>Chapter 11<br>**Related to Doc. No. 12682** |
| United States Mineral Products Company,<br>*et al.*<br>Debtor(s) | Bankruptcy No. 01-2471-JKF (**CLOSED**)<br>Chapter 11<br>**Related to Doc. No. 3989** |
| Kaiser Aluminum Corporation, *et al.*<br>Debtor(s) | Bankruptcy No. 02-10429-JKF<br>Chapter 11<br>**Related to Doc. No.** |
| The Flintkote Company<br>Debtor(s) | Bankruptcy No. 04-11300-JKF<br>Chapter 11<br>**Related to Doc. No. 7436** |

| | |
|---|---|
| Armstrong World Industries, Inc., *et al.*<br>    Debtor(s) | Bankruptcy No. 00-4471-JKF **(CLOSED)**<br>Chapter 11<br>**Related to Doc. No. 10782** |
| ACandS, Inc., *et al.*<br>    Debtor(s) | Bankruptcy No. 02-12687-JKF **(CLOSED)**<br>Chapter 11<br>**Related to Doc. No. 3721** |
| Combustion Engineering, Inc.<br>    Debtor(s) | Bankruptcy No. 03-10495-JKF **(CLOSED)**<br>Chapter 11<br>**Related to Doc. No. 3476** |

## ORDER ESTABLISHING THE PROTOCOL FOR PRODUCTION OF 2019 EXHIBITS

This Protocol establishes the process by which the United States Bankruptcy Court for the Western District of Pennsylvania ("PAWB") and the United States Bankruptcy Court for the District of Delaware ("DEB") shall produce exhibits filed pursuant to Fed. R. Bank. P. 2019 in the above-captioned cases (the "2019 Exhibits") to Garlock Sealing Technologies LLC ("Garlock") in compliance with recent opinions and orders entered by United States District Court for the Western District of Pennsylvania ("WDPA") and the United States District Court for the District of Delaware ("DOD").

This Protocol includes the designation of an attorney from WDPA's Special Masters Panel to undertake the production of the 2019 Exhibits to Garlock.[1] For the benefit of the Special Master, the PAWB Clerk's Office, the DEB Clerk's Office, and Garlock, a brief summary of the procedural background is set forth in Part A; restrictions on Garlock's access to and use of the 2019 Exhibits are identified in Part B; information about the format, volume and content of the 2019 Exhibits is provided in Part C; and instructions to be followed by the Special Master (and copying vendors) are set forth in Part D.

Instructions for Garlock to be followed at the conclusion of its pending proceedings in the United States Bankruptcy Court for the Western District of North Carolina (the "NCWB Proceedings"),[2] are set forth in Part E.

---

[1] On November 16, 2010, WDPA established by Standing Order filed at Miscellaneous No. 10-324, a list of attorneys with expertise in electronic discovery to serve as Special Masters. Pursuant to that Order, WDPA maintains a list of qualified Special Masters ("the "WDPA Special Masters Panel") on its website. On March 30, 2011, WDPA established by Standing Order filed at Miscellaneous No. 11-94, that the WDPA Special Masters Panel "shall be available for use in any bankruptcy case, matter or proceeding in which the presiding bankruptcy judge determines that a Special Master would assist the bankruptcy court in handling motions or requests involving electronic discovery."

[2] In 2010, Garlock filed for chapter 11 bankruptcy protection in NCWB, where its pending cases are jointly administered at *In re Garlock Sealing Technology LLC*, Bankr. Case No. 10-31607 (Bankr. W.D.N.C.).

**A. Procedural Background**

1. A trial is scheduled in the NCWB Proceedings for the purpose of estimating Garlock's liability for mesothelioma claims (the "Liability Estimation").

2. Premised on obtaining information for use in its Liability Estimation, Garlock filed motions in the twelve above-captioned cases seeking access to the 2019 Exhibits.[3]

3. On October 7, 2011, orders were entered in DEB (the "DEB Orders")[4] and in PAWB (the "PAWB Orders")[5] denying Garlock's motions seeking access to the 2019 Exhibits.

4. On October 12, 2011, Garlock appealed the DEB Orders to DOD[6] and the PAWB Orders to WDPA.[7]

5. On June 21, 2012, the WDPA appeals were stayed pending the disposition of the DOD appeals.[8]

6. On March 1, 2013, DOD entered an Opinion and Order (the "DOD Opinion & Order")[9] granting Garlock access to the 2019 Exhibits filed in the nine DEB cases, subject to certain restrictions set forth in Part B, below.

---

[3] *In re Owens Corning, et al.* ("*Owens Corning*"), Bankr. Case No. 00-3837-JKF at dkt. no. 20954 (Bankr. D. Del.); *In re W.R. Grace & Co., et al.* ("*W.R. Grace*"), Bankr. Case No. 01-1139-JKF at dkt. no. 26053 (Bankr. D. Del); *In re USG Corporation, et al.* ("*USG*"), Bankr. Case. No. 01-2094-JKF at dkt. no. 12596 (Bankr. D. Del); *In re United States Mineral Products Co. d/b/a Isoletek Int'l* ("*US Mineral Products*"), Bankr. Case No. 01-2471-JKF at dkt. no. 3878 (Bankr. D. Del.); *In re Kaiser Aluminum Corporation, et al.* ("*Kaiser*"), Bankr. Case. No. 02-10429-JKF at dkt. no. 10009 (Bankr. D. Del.); *In re The Flintkote Co.* ("*Flintkote*"), Bankr. Case. No. 04-11300-JKF at dkt. no. 5606 (Bankr. D. Del.); *In re Armstrong World Industries, Inc.* ("Armstrong"), Bankr. Case No. 00-4471-JKF at dkt. no. 10698 (Bankr. D. Del); *In re AC and S, Inc.* ("*ACandS*"), Bankr. Case No. 02-12687-JKF at dkt. no. 3639 (Bankr. D. Del.); *In re Combustion Engineering, Inc.* ("*CE*"), Bankr. Case No. 03-10495-JKF at dkt no. 3380 (Bankr. D. Del); *In re Pittsburgh Corning Corporation* ("*Pittsburgh Corning*"), Bankr.Case No.00-22876-JKF at dkt. no.8162 (Bankr. W.D.P.A.); *In re North American Refractories Company* ("*NARCO*"), Bankr. Case No. 02-20198-JKF at dkt. no. 6998 (Bankr. W.D.P.A); *In re Mid-Valley, Inc., et al. and DII Industries LLC,* ("*Mid-Valley*"), Bankr. Case No. 03-35592-JKF at dkt. no. 2792 (Bankr. W.D.P.A.).

[4] *Owens*, at dkt. no. 21027; *Grace*, at dkt. no.27737; *USG*, at dkt. no. 12652; *USMP*, at dkt. no. 3934; *Kaiser*, at dkt. no. 10166; *Flintkote*, at dkt. no. 6244; *Armstrong*, at dkt. no. 10757X; *ACandS*, at dkt. no. 3697; and *CE*, at dkt. no. 3437.

[5] *Pittsburgh Corning*, at dkt. no. 8488; *NARC*, at dokt. no. 7246; and *Mid-Valley*, at dokt. no. 2817.

[6] *In re Motions for Access of Garlock Sealing Technology LLC* ("*In re Garlock I*"), consolidated at Civil A. No. 11-1130 (D. Del.).

[7] *In re Motions for Access of Garlock Sealing Technology LLC* ("*In re Garlock II*") Civil A. Nos. 11-1406, 11-1439, 11-1452 (W.D.P.A.)

[8] *In re Garlock II*, 11-1406 at dkt no. 27, 11-1439 at dkt. no.21, 11-1452 at dkt. no.26.

[9] *In re Garlock I*, at dkt nos. 64, 65.

7. On March 19, 2013, WDPA issued an Order (the "WDPA Order)[10] adopting the DOD Opinion as WDPA's Opinion and granting Garlock access to the 2019 Exhibits filed in the three PAWB cases, subject to certain restrictions set forth in Part B, below.

8. On March 21, 2013, PAWB provided Garlock with docket activity reports identifying the 2019 Exhibits filed in each of the three PAWB cases (the "PAWB 2019 Exhibit Reports").

9. On March 22, 2013, DEB provided Garlock with docket activity reports identifying the 2019 Exhibits filed in each of the nine DEB cases (the "DEB 2019 Exhibit Reports").

10. On March 28, 2013, NCWB issued an *Order Governing Use and Confidentiality of Certain Exhibits to Rule 2019 Statements from Other Bankruptcy Cases* (the "NCWB Protective Order").[11] The NCWB Protective Order, including the exhibits thereto, is attached to this Protocol as <u>Exhibit A</u>.


**B. Restrictions on Garlock's Access To and Use Of the 2019 Exhibits**

11. Both the DOD Opinion & Order and the WDPA Order impose restrictions on Garlock's access to and use of the 2019 Exhibits.

12. The DOD Opinion & Order states that "Garlock is not seeking retention agreements between lawyers and potential claimants and ***Garlock shall not be granted access to such agreements***."[12] Likewise, the WDPA Order states that Garlock is permitted to inspect and copy any 2019 Exhibit, "***with the exception of Retention Agreements, including any exemplars thereof***."[13] Thus, Garlock may not access retention agreements, exemplars or their equivalents (individually and collectively, the "Excluded Documents").

13. The DOD Opinion & Order states that "Garlock is to be provided access to the 2019 Exhibits ***solely*** for the purpose of using them in connection with the estimation proceedings in its own bankruptcy case."[14] Likewise, the WDPA Order "authorizes Garlock to use such 2019 Exhibits ***solely*** in connection with the estimation proceedings in Garlock's chapter 11 bankruptcy cases pending in the North Carolina Bankruptcy Court, and neither the 2019 Exhibits nor the information contained therein may be used for ***any other purpose***."[15] Thus, Garlock may not use the 2019 Exhibits or their contents for any purpose other than the Liability Estimation in the NCWB Proceedings.

---

[10] *In re Garlock II*, 11-1406 at dkt no. 33, 11-1439 at dkt. no.25, 11-1452 at dkt. no.30.

[11] *In re Garlock Sealing Technology LLC*, at dkt.no. 2807.

[12] *In re Garlock I*, 11-1406 at dkt no. 64, p.31 (emphasis added).

[13] *In re Garlock II*, 11-1406 at dkt no. 33, 11-1439 at dkt. no.25, 11-1452 at dkt. no.30, paragraph 2 (emphasis added).

[14] *In re Garlock I*, 11-1406 at dkt no. 64, p.31 (emphasis added).

[15] *In re Garlock II*, 11-1406 at dkt no. 33, 11-1439 at dkt. no.25, 11-1452 at dkt. no.30, paragraph 3 (emphasis added).

14. The DOD Opinion & Order states that "Garlock may not publicly disclose information contained in the 2019 Exhibits *except in an aggregate format that does not identify any individual*."[16] Likewise, the WDPA Order states that "Garlock shall not disclose publicly the information contained in any 2019 Exhibit *except in an aggregate format that does not identify any individual* represented person."[17] Thus, Garlock may not disclose the identity of any individual listed in any of the 2019 Exhibits.

## C.  The Format, Volume and Content of the 2019 Exhibits

15. In October of 2004, when the claimants were ordered to file their 2019 Exhibits,  the case management / electronic case filing system (the "CMECF System") used by PAWB and DEB did not have a feature allowing the electronic filing of documents under seal. Consequently, claimants submitted their 2019 Exhibits by mailing compact discs ("CDs") to PAWB and DEB. Upon receipt of the 2019 Exhibit mailings, PAWB's and DEB's Clerk's Office inventoried and stored the CDs in locked cabinets.

16. The volume of mailings and corresponding CDs associated with the 2019 Exhibits requested by Garlock is substantial.  Combined, the PAWB and DEB 2019 Exhibit Reports are over 680 pages, identifying more than 3,300 individual 2019 Exhibits.

17. Six of the DEB cases are closed,[18] and many of the 2019 Exhibits were sent by DEB to the off-site National Records Center.

18. The PAWB Clerk's Office reviewed a sample of the CDs filed in the PAWB cases, and confirmed that the CDs contain 2019 Exhibits to which Garlock is granted access, and documents such as retention agreements, exemplars and their equivalents to which Garlock's access is restricted (i.e., the CDs also contain the Excluded Documents identified in Part B, paragraph 12, above).

19. The PAWB Clerk's Office review of the CD sample also confirmed that some of the 2019 Exhibits to which Garlock is granted access list the complete social security numbers of individuals, the disclosure of which is prohibited by Fed. R. Bankr. P. 9037(a).

20. The logistics of providing Garlock access to the 2019 Exhibits (the "2019 Exhibit Production") is complicated by the fact that there are over 3,300 CDs, many of which contain Excluded Documents and personal identifiers.

21. Moreover, PAWB and DEB are operating at reduced staffing levels resulting from, *inter alia*, sequestration. Neither PAWB nor DEB has the staffing resources required to ensure that the 2019 Exhibit Production is screened of the Excluded Documents and unredacted personal identifiers in compliance with the DOD Opinion & Order, the WDPA Order and Fed. R. Bankr. P. 9037(a).

---

[16] *In re Garlock I*, 11-1406 at dkt no. 64, p.31 (emphasis added).

[17] *In re Garlock II*, 11-1406 at dkt no. 33, 11-1439 at dkt. no.25, 11-1452 at dkt. no.30, paragraph 4 (emphasis added).

[18] *Owens*, *USG*, *USMP*, *Armstrong*, *ACandS*, and *CE*.

22. Given the volume of items and the logistical complexity of undertaking the 2019 Exhibit Production, a Special Master would benefit PAWB, DEB and Garlock.

**D. Special Master Protocol for the 2019 Exhibit Production**

23.  Garlock shall review the WDPA Special Master Panel and, after consultation the parties to the DOD and PAWB appeals identified in paragraph 4, above, and by April 8, 2013, Garlock shall recommend a Pittsburgh-based Special Master to undertake the 2019 Exhibit Production.

24. Upon consideration of, but not bound by, Garlock's recommendation, or in the absence of a recommendation by Garlock on or before April 8, 2013, the Court shall designate a Special Master to be responsible for the 2019 Exhibit Production in accordance with this Protocol.

25.  Garlock shall identify a vendor to appear at PAWB and a vendor to appear at DEB (individually and collectively, the "Vendors") for the purpose of copying the CDs and scanning and copying the paper documents contained in the 2019 Exhibit mailings, in accordance with this Protocol.

26. All costs, fees and expenses associated with the 2019 Exhibit Production shall be itemized by the Vendors and Special Master and paid for in full by Garlock. The costs incurred by DEB in retrieving and shipping 2019 Exhibits from and to the National Records Center shall be itemized by DEB's Clerk's Office and paid in full by Garlock.

27. PAWB and DEB shall provide the Vendors with a work area within each respective Clerk's Office where the Vendors can undertake the copying and scanning of documents, on a rolling basis and at a volume agreed upon between the Vendors and respective Clerk's Offices.  PAWB's and DEB's Clerk shall create a log of the 2019 Exhibits as they are made available to, and then returned by, the Vendors.

28. PAWB and DEB shall make an external storage device ("ESD") available in their respective work areas to serve as the initial destination of the files copied by the Vendors.

29. Each ESD will be organized under a main folder named "VENDOR TO SPECIAL MASTER." The PAWB ESD will be further organized into three subfolders named for each of the three PAWB cases, respectively. The DEB ESD will be further organized into nine subfolders named for each of the nine DEB cases, respectively. For example, the PAWB ESD would be organized as follows:

PAWB ESD DRIVE:



- 6 -

30. Each case subfolder will be further organized by subfolders named for the 2019 Exhibit document number as listed in the corresponding PAWB 2019 Exhibit Report or DEB 2019 Exhibit Report. For example, one subfolder in the DEB ESD under the "DEL 02-12687 ACandS" subfolder would be "1637." The resulting organizational structure (file directory tree) on the ESD would be:

DEB ESD DRIVE:



In this example, the Vendor would copy the content of the 2019 Exhibit mailing corresponding with docket number 1637 in the ACandS case into the target folder \VENDOR TO SPECIAL MASTER\DEL 02-12687 ACandS\1637.

31. PAWB shall provide the Special Master with an ESD (the "SM ESD") organized under three main folders named "VENDOR TO SPECIAL MASTER," "PRODUCED TO GARLOCK," and EXCLUDED FROM GARLOCK" as follows:

SM ESD DRIVE:

    📁 VENDOR TO SPECIAL MASTER

    📁 PRODUCED TO GARLOCK

    📁 EXCLUDED FROM GARLOCK

32. Each of the main folders in the SM ESD shall be organized by twelve subfolders named for each of the twelve cases, respectively.  Each case subfolder shall be further organized by subfolders named for the docket number as listed in the corresponding PAWB 2019 Exhibit Report or DEB 2019 Exhibit Report.

33. The Special Master shall inspect each file in the VENDOR TO SPECIAL MASTER folder to determine whether it is a document to which Garlock has been granted access or whether it is an Excluded Document. Each file will then be copied to the appropriate corresponding folder (PRODUCED TO GARLOCK or EXCLUDED FROM GARLOCK), depending on whether it is produced or excluded.

34. Prior to copying a file into a subfolder under the PRODUCED TO GARLOCK main folder, the Special Master shall review the file to ensure that the document does not list more than the last four digits of an individual's social security number (a "Document Requiring Redaction" or "DRR"). If the Special Master encounters a DRR to which Garlock would otherwise have access, then the Special Master shall undertake the following steps:

(a) The original DRR file shall be copied from the VENDOR TO SPECIAL MASTER subfolder into the appropriate subfolder (the document number subfolder) in the EXCLUDED FROM GARLOCK main folder, where it shall be renamed by adding the prefix "ORIG-";

(b) The original DRR file shall be copied from the VENDOR TO SPECIAL MASTER subfolder into the appropriate subfolder (the document number subfolder) in the PRODUCED TO GARLOCK main folder, where it shall be redacted[19]and then renamed by adding the prefix "RED";

(c) For example, suppose (hypothetically) that the Special Master reviews a file named "exhibitabc.xls" corresponding with docket number 1637 in the ACandS case, and discovers that is a DRR due to listing full social security numbers. The Special Master would copy the original file from the VENDOR TO SPECIAL MASTER subfolder to the corresponding EXCLUDED FROM GARLOCK subfolder and rename it as "ORIG-exhibitabc.xls."   Then the Special Master would copy the original file from the VENDOR TO SPECIAL MASTER subfolder to the corresponding PRODUCED TO GARLOCK, where it would be redacted and renamed as "RED-exhibitabc.xls." The resulting organizational structure (file directory tree) on the ESD would be:

SM ESD DRIVE:



35. The PAWB and DEB Clerk's Offices will coordinate the transfer of the files from the PAWB ESD and DEB ESD to the SM ESD. This Protocol allows for the Vendors to perform the copying at DEB and PAWB concurrently, and for the Special Master to perform the necessary review on a rolling basis.

---

[19] The PAWB Information Technology Staff can provide a social security number redaction formula and process for Microsoft Excel files upon the Special Master's request.

36. PAWB and DEB shall provide the Vendors and Special Master with a spreadsheet to be used for logging any anomalies (defective discs, damaged files, etc.) that are encountered by the Vendors or Special Master while undertaking their respective duties (the "Production Incidents Log"). The Vendors shall confer with the Special Master and Garlock as to whether Garlock would prefer to omit the problematic Exhibits from the production rather than undertaking additional steps that may require an investment of additional time and money. Garlock's decision shall be recorded in the Production Incidents Log.

37. On a rolling basis, at the conclusion of the Special Master's review and sorting of an entire case's exhibits, the Special Master shall prepare and clearly label one DVD for that bankruptcy case, onto which the organized contents of the corresponding SM ESD case folder under the PRODUCED TO GARLOCK main folder shall be copied.

38. On a rolling basis, the Special Master shall deliver the resulting individually labeled DVD of PRODUCED TO GARLOCK content to Garlock, and copy PAWB's Clerk and DEB's Clerk on the transmittal letter.

39. PAWB shall retain the PAWB ESD and SM ESD for its records. DEB shall retain the DEB ESD for its records.


**E. Instructions to Garlock Regarding the 2019 Exhibit Production**

40. The NCWB Protective Order identifies parties in the NCWB Proceeding to whom Garlock shall provide copies of the 2019 Exhibit Production (the "Receiving Estimation Parties").[20]

41. The NCWB Protective Order identifies restrictions on the Receiving Estimation Parties' use of the 2019 Exhibit Production. The restrictions imposed by this Protocol shall be construed as complementary to the restrictions imposed by the NCWB Protective Order. Where there is a perceived conflict between the restrictions and/or limitations imposed by the NCWB Protective Order and this Protocol, the more restrictive and/or limiting provision shall govern.

42. The NCWB Protective Order provides that "nothing in this Order shall interfere with ***any additional requirements or shorter timeframe*** for the return or destruction [of the 2019 Exhibits] set forth by the Bankruptcy Courts for the Western District of Pennsylvania and Delaware in any protocol or order that those Courts may enter."[21]

43. Prior to providing any copy of the 2019 Exhibit to a Receiving Estimation Party or any other person or entity authorized by NCWB, Garlock shall obtain and file in each of the above-captioned cases, an affidavit setting forth that the recipient understands and agrees to be bound by the NCWB Protective Order and this Protocol, including the return and destruction requirements set forth in paragraph 44, below.

---

[20] *In re Garlock Sealing Technology LLC*, at dkt.no. 2807, paragraph 5.

[21] *Id.*, at paragraph 19 (emphasis added).

44.   Within thirty (30) days after the final confirmation or substantial consummation of Garlock's Chapter 11 plan of reorganization, whichever is earlier, Garlock and each recipient authorized by NCWB to receive copies of the 2019 Exhibit Production, individually shall file with NCWB and each of the above-captioned cases, a sworn affidavit by its counsel expressly attesting that the recipient and its employees, agents, experts and any other person or related entity:

(a) Used the 2019 Exhibits solely for the purpose of the NCWB Proceeding;

(b) Did not share or distribute any of the 2019 Exhibits (in whole or in part) with any person or entity other than what was expressly authorized by an Order of NCWB, DEB or PAWB;

(c) Did not and will not publicly disclose the identity of any individual listed in any of the 2019 Exhibits other than what was expressly authorized by an Order of NCWB, DEB or PAWB; and

(d) Retrieved, collected and permanently destroyed all copies of the 2019 Exhibit Production, including any and all subparts or subsets, regardless of whether any or all of the 2019 Exhibit data was merged with any other data.

**F. Jurisdiction**

45.   The United States Bankruptcy Court for the Western District of Pennsylvania and the United States Bankruptcy Court for the District of Delaware retain jurisdiction to adjudicate any disputes that arise pursuant to this Protocol, including but not limited to document production, document exclusion, fees, costs, and expenses.

**IT IS HEREBY ORDERED** that the foregoing Protocol shall be effective as of April 5, 2013. Any requests to deviate from this Protocol shall be made by way of motion to the Court.

*Judith K. Fitzgerald*                **rmab**

Judith K. Fitzgerald

United States Bankruptcy Judge

Date:  April ; , 2013



FILED & JUDGMENT ENTERED
Steven T. Salata

Mar 28 2013

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_George R. Hodges_
George R. Hodges
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

|  |  |  |
|---|---|---|
| IN RE: | ) | Chapter 11 |
|  | ) |  |
| GARLOCK SEALING TECHNOLOGIES LLC, et al. | ) | Case No. 10-31607 |
|  | ) |  |
| Debtors.[1] | ) | Jointly Administered |
|  | ) |  |

### ORDER GOVERNING USE AND CONFIDENTIALITY OF CERTAIN EXHIBITS TO RULE 2019 STATEMENTS FROM OTHER BANKRUPTCY CASES

This matter came before the Court on Debtors' Motion for Order Governing Use and

Confidentiality of Certain Exhibits to Rule 2019 Statements from Other Bankruptcy Cases

(Docket No. 2779) (hereinafter, the "**Motion**"). Based upon a review of the Motion and the

Opinion dated March 1, 2013 of the Honorable Leonard P. Stark in *In re Motions for Access of*

*Garlock Sealing Technologies LLC*, Civ. No. 11-1130-LPS (D. Del.), the Order Implementing

Opinion and Order Reversing Bankruptcy Court Orders and Granting Garlock Sealing

Technologies LLC Access to 2019 Exhibits, *In re Motions for Access of Garlock Sealing*

*Technologies* LLC, No. 11-1130 (D. Del. Mar. 14, 2013) [Dkt. No. 67], the Order of the Court

Resolving Appeals, *In re Pittsburgh Corning Corp.*, No. 11-1406 (W.D. Pa. Mar. 19, 2013) [Dkt.

---

[1]  The Debtors in these jointly administered cases are Garlock Sealing Technologies LLC,
Garrison Litigation Management Group, Ltd., and The Anchor Packing Company.

# EXHIBIT A

No. 33], the Order of Court Resolving Appeals, *In re Mid-Valley, Inc.*, No. 11-1439 (W.D. Pa.

Mar. 19, 2013) [Dkt. No. 25], and the Order of Court Resolving Appeals, *In re N. Am.*

*Refractories Co.*, No. 11-1452 (W.D. Pa. Mar. 19, 2013) [Dkt. No. 30]

 (together, the **"Opinion and Orders"**), and the submissions and agreement of the parties, the

Court hereby ORDERS, ADJUDGES, AND DECREES that:

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157.

2.      The Motion is GRANTED on the terms and conditions set forth in this Order.

3.      The subjects of this Order are exhibits to statements filed by law firms pursuant to

Federal Rule of Bankruptcy Procedure 2019—which exhibits were not placed on the electronic

docket—to which Debtors will obtain access pursuant to the Opinion and Orders (hereinafter,

"**2019 Exhibits**").[2]  Law firms filing such 2019 Exhibits are hereinafter referred to as "**2019**

**Filing Firms.**"

4.      This Order and the term "2019 Exhibits" do not apply to exhibits to statements

filed by law firms pursuant to Federal Rule of Bankruptcy Procedure 2019 where such exhibits

were placed on electronic dockets and that members of the public may access without the need

for filing a motion, and nothing in this Order shall impose any restriction on the use by Debtors

or any other parties of such exhibits to Rule 2019 statements, or impose any confidentiality

restriction on such exhibits.

5.      Debtors shall provide copies of all 2019 Exhibits promptly after they obtain them

to respective counsel for the Official Committee of Asbestos Personal Injury Claimants (the

---

[2] The appeals pending in the Western District of Pennsylvania are *Garlock Sealing Technologies, LLC v. Pittsburgh Corning Corp. (In re Pittsburgh Corning Corp.)*, No. 11-1406; *Garlock Sealing Technologies, LLC v. Mid-Valley, Inc. (In re Mid-Valley, Inc.)*, No. 11-1439; and *Garlock Sealing Technologies, LLC v. North American Refractories,et al. (In re North American Refractories Co.)*, No. 11-1452.

**EXHIBIT A**

"**Committee**"), and the Future Claimants' Representative (the "**FCR**") (together with the

Debtors, the "**Receiving Estimation Parties**").

6.      No 2019 Exhibits shall be disseminated or disclosed, whether in written or

electronic form, to any person other than (i) the Receiving Estimation Parties; (ii) Coltec

Industries, Inc. (iii) any entity that becomes a party to the Estimation Proceeding by way of

intervention pursuant to an order of the Bankruptcy Court (each, an "**Intervenor**"); (iv) any

lawyer rendering legal services or providing legal advice with respect to the estimation of

Debtors' aggregate liability for asbestos-related personal injury and wrongful death claims

pursuant to the Order for Estimation of Mesothelioma Claims (Docket No. 2102 ) (the

"**Estimation Proceeding**") to any Receiving Estimation Party, Coltec Industries, Inc., or

Intervenor, and each employee, agent, and representative of the law firm employing such lawyer

who is personally involved in rendering services in connection with the Estimation Proceeding;

(v) any Receiving Estimation Party, Coltec Industries, Inc., or Intervenor's consulting or

testifying experts, and members of their staffs, who are personally involved in rendering services

to an Receiving Estimation Party or Intervenor in connection with the Estimation Proceeding;

(vi) any person who testifies at a deposition or hearing in connection with the Estimation

Proceeding, and for whose examination or cross-examination reference to a 2019 Exhibit is

relevant; (vii) third-party service companies providing outside photocopying, graphic production

services, or litigation support services in connection with the Estimation Proceeding; (viii) the

Court, including secretaries, judicial assistants, law clerks, and other clerical staff; and (ix) court

reporters, stenographers, or videographers who record deposition or other testimony in

connection with the Estimation Proceeding; *provided, however,* that the right of access to 2019

**EXHIBIT A**

Exhibits hereby conferred on the foregoing persons is subject to the conditions precedent set forth in paragraph 7 immediately below.

7.     Any person exercising a right of access to 2019 Exhibits granted by this Order shall thereby consent, and be deemed to consent, to be bound by this Order, as well as to be bound to the Opinion and Orders to the same extent as Garlock, and shall thereby submit, and be deemed to submit, to the jurisdiction and venue of this Court for any dispute pertaining to the interpretation or enforcement of this Order, and to the jurisdiction and venue of the District Courts of Delaware and the Western District of Pennsylvania for any dispute pertaining to the interpretation or enforcement of the Opinion and Orders. Without limitation of the generality of the foregoing sentence, as a condition of the right of access to 2019 Exhibits conferred by paragraph 6 above, every entity described in subparts (ii) through (vii) of paragraph 6 shall execute an Acknowledgement of Order and Agreement to Be Bound in the form annexed to this Order as Exhibit 1 or Exhibit 2. Exhibit 1 shall be executed on the part of corporations, partnerships, companies, or firms whose employees, representatives, or agents will receive access to 2019 Exhibits in the performance of the firm's duties with respect to the Estimation Proceeding. Exhibit 2 shall be signed in an individual capacity by individuals (such as witnesses or self-employed experts) who receive a right of access to 2019 Exhibits under paragraph 6 above in their individual capacities, rather than as employees, agents, or representatives of a firm.

8.     Any Intervenor shall be deemed subject to all of the obligations and restrictions applicable to the Receiving Estimation Parties under this Order and the Opinion and Orders. Any Intervenor shall have access to the 2019 Exhibits only to the extent specified by the Bankruptcy

**EXHIBIT A**

Court and subject to such terms and conditions as the Bankruptcy Court may impose by further

order.

9.      2019 Exhibits shall be confidential and treated as such without need of any

special designation. Any entity granted access to 2019 Exhibits as provided in this Order must

maintain the confidentiality of the same in a manner consistent with the obligations and

restrictions imposed herein.

10.      All 2019 Filing Firms, Receiving Estimation Parties, Intervenors and Coltec

Industries, Inc. shall have standing to enforce the protections afforded to 2019 Exhibits by this

Order.

11.      As a precautionary measure, but not as a precondition to protection, counsel for

any party offering any 2019 Exhibit into evidence in connection with the Estimation Proceeding

shall stamp such 2019 Exhibit with the following legend: "CONFIDENTIAL—SUBJECT TO

PROTECTIVE ORDER."

12.      Any entity that receives access to 2019 Exhibits as provided in this Order shall

provide for physical, managerial and electronic security thereof such that 2019 Exhibits are

reasonably maintained and secured, ensuring that they are safe from unauthorized access or use

during utilization, transmission and storage. Should any unauthorized breach of the

confidentiality of 2019 Exhibits occur, the entity whose agents or representatives were involved

in the breach shall notify the Receiving Estimation Parties, Coltec Industries, Inc., and any

Intervenor, as well as any 2019 Filing Firms to which the subject information pertains, as soon as

reasonably practicable, but not later than two (2) business days after such entity first becomes

aware of such breach.

**EXHIBIT A**

13.     Neither 2019 Exhibits, nor any analyses, conclusions, summaries, excerpts, redacted copies derived therefrom, nor any knowledge obtained therefrom, shall be used for any purpose other than the Estimation Proceeding.

14.     Neither 2019 Exhibits nor any analyses, conclusions, summaries, excerpts, or redacted copies derived therefrom may be (a) publicly disclosed except in the aggregate and pursuant to this Order, (b) used as a disclosed or undisclosed source in any article, study, research, editorial, publication or scholarly work, or (c) incorporated into or merged with any preexisting database that is to be used or maintained for any purpose other than the Estimation Proceeding.

15.     To the extent 2019 Exhibits are maintained in or converted to electronic form, they must be maintained in a separate file, database, or physical storage medium. If 2019 Exhibits maintained or converted to electronic form are incorporated into or merged with any preexisting electronic information or database (a "**Merged Database**"), the Merged Database must itself be treated as confidential to the same extent as the underlying 2019 Exhibits themselves, shall be maintained in a separate file, database, or physical storage medium, and shall be subject to the same use restrictions that this Order imposes on the 2019 Exhibits themselves.

16.     Nothing in this Order shall restrict any person's right to make lawful use of:

a.      any discrete data set or materials that came into the possession of such person lawfully,  free of any confidentiality obligation, and independently of the Opinion and Orders;

b.      any exhibit or other document that is placed on the public record in the Estimation Proceeding in conformity with the restrictions set forth in paragraph 17 below, or

**EXHIBIT A**

any data or material that is or becomes publicly available other than by a breach
of this Order or of the Opinion and Orders; or

c.      any discrete data set or materials developed by or on behalf of such person
independently of any 2019 Exhibits.

17.      In the event that, in the course of the Estimation Proceeding, any Receiving
Estimation Party, Coltec Industries, Inc., or Intervenor intends to offer into evidence or otherwise
use 2019 Exhibits in connection with testimony or filings in the Bankruptcy Court, or any
reviewing court, such Receiving Estimation Party, Coltec Industries, Inc., or Intervenor may not
divulge 2019 Exhibits except when the following conditions are met: (i) such information is
relevant to the Estimation Proceeding; (ii) there is no reasonable manner to use such information
in the Estimation Proceeding without disclosing 2019 Exhibits; and (iii) such Receiving
Estimation Party, Coltec Industries, Inc., or Intervenor has first utilized its best efforts to
maintain the confidentiality of the 2019 Exhibits, and such information has been filed under seal,
redacted or reviewed by the Bankruptcy Court (or any other court) *in camera* , as appropriate
(and, in every such instance, with all but the last four digits of the social security number of any
individual redacted), and that any hearing, deposition or other proceeding is closed and limited to
attendance by persons who are subject to the terms of this Order. Notwithstanding the foregoing,
in the course of the Estimation Proceeding and solely for the purposes thereof, a Receiving
Estimation Party, Coltec Industries, Inc., or any Intervenor may use in the Bankruptcy Court, or
any reviewing court, summaries, analyses, or copies derived from 2019 Exhibits and presented in
an aggregate format that does not identify any individual's name, social security number, or
other identifying detail. Likewise, nothing herein shall prohibit an expert for any Receiving
Estimation Party, Coltec Industries, Inc., or Intervenor from using or referring to information

**EXHIBIT A**

derived from 2019 Exhibits in such expert's report, or testifying concerning 2019 Exhibits, so

long as such testimony or report is presented in aggregate format that does not identify any

individual's name, social security number, or other identifying detail.

18.     In the event that Debtors or any entity granted access to 2019 Exhibits pursuant to

this Order, receives a subpoena, interrogatory, or other request for the production or disclosure of

any 2019 Exhibit, in whole or in part (a "**Third-Party Discovery Demand**"), including a

governmental or other regulatory body, such entity (a "**Discovery Target**") shall provide prompt

written notice of any such request or requirement to the affected 2019 Filing Firms, with copies

to the Receiving Estimation Parties, Coltec Industries, Inc., and any Intervenors, so that any of

them may seek a protective order or other appropriate remedy or waive compliance with the

provisions of this Order.  Pending a timely effort to obtain such a protective order or other

remedy to prevent the requested production or disclosure, or written waiver by the affected 2019

Filing Firms, each of the Receiving Estimation Parties, Coltec Industries, Inc., and any

Intervenor of the right to seek such an order or remedy, the Discovery Target shall interpose an

objection to the Third-Party Discovery Demand on the basis of this Order. Nothing in this Order

shall prohibit a Discovery Target from complying in good faith with an order directing it to

comply, in whole or in part, with such Third-Party Discovery Demand, or require a Discovery

Target to seek a stay of such an order, or to appeal from such an order; *provided, however*, that

any Discovery Target shall exercise reasonable efforts to preserve the confidentiality of 2019

Exhibits produced or disclosed pursuant to such an order.

19.     Within the one-year anniversary of the date of substantial consummation of a

confirmed Chapter 11 plan of reorganization for the Debtors (a "**Plan**"), each entity that has

received 2019 Exhibits shall destroy such 2019 Exhibits, including all copies thereof, in a

# EXHIBIT A

commercially reasonable manner and continue to be bound by the terms and obligations imposed

by this Order, and shall certify such destruction in writing to respective counsel of record for the

Debtors, the Committee, and the FCR; *provided, however,* that the obligations of this paragraph

shall not apply to copies of pleadings and exhibits filed under seal with this Court, or to file

copies in the possession of counsel of record for the Receiving Estimation Parties, Coltec

Industries, Inc., or Intervenors of papers prepared in connection with the Estimation Proceeding

(*e.g.*, pleadings, transcripts, interview or document summaries, internal memoranda, written

communications with professionals, experts, and witnesses, depositions and exhibits thereto,

court papers, and other papers prepared, created, or served in connection with the Estimation

Proceeding).  Notwithstanding the foregoing, nothing in this Order shall operate to interfere with

any additional requirements or shorter timeframe for return or destruction set forth by the

Bankruptcy Courts for the Western District of Pennsylvania and Delaware in any protocol or

order that those Courts may enter.

20.     Any person who seeks relief from any provision of this Order shall do so by

motion in the Bankruptcy Court on notice to the Receiving Estimation Parties, Coltec Industries,

Inc., any Intervenors, and 2019 Filing Firms affected by the relief sought.  The movant shall bear

the burden of showing good cause for the requested relief, and no such relief may be granted if it

conflicts with the terms of the Opinion and Orders.

21.     This Court shall retain jurisdiction to interpret, apply, and enforce this Order to

the full extent permitted by law.

| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court |
|---|---|

# EXHIBIT A

**EXHIBIT 1 TO ORDER GOVERNING USE AND CONFIDENTIALITY OF CERTAIN
EXHIBITS TO RULE 2019 STATEMENTS FROM OTHER BANKRUPTCY CASES**

**Re: *In re Garlock Sealing Technologies LLC, et al.,*
Case No. 10-BK-31607 (Jointly Administered)
United States Bankruptcy Court
for the Western District of North Carolina**

***Instructions*: *This Acknowledgment must be executed by an authorized representative of any
corporation, partnership, company, or firm required to execute an Acknowledgment pursuant
to paragraph 7 of the above-referenced Order.***

**A C K N O W L E D G E M E N T**

On behalf of my employer, _____ [*write in name of
employer*] ("**Employer**"), I and other employees, agents, and representatives of Employer may
be given access to 2019 Exhibits. Each and every 2019 Exhibit constitutes confidential and
protected information in connection with the above- referenced Order Governing Use and
Confidentiality of Certain Exhibits to Rule 2019 Statements from Other Bankruptcy Cases (the
"**Order**"), entered by the United States Bankruptcy Court for the Western District of North
Carolina (the "**Bankruptcy Court**") in the above-referenced jointly-administered Chapter 11
cases. Capitalized terms used in this Acknowledgment but not otherwise defined herein shall
have the meanings ascribed to them in the Order.

I have read the Order, and the Opinion and Orders referenced therein, on behalf of
Employer as part of performing its duties to _____ [*write in name
of the Estimation Party or other client for whom Employer is rendering services in connection
with the Estimation Proceeding*]. I understand the conditions and obligations of confidentiality,
and use restrictions, that the Order and Opinion and Orders make applicable to 2019 Exhibits. By
my signature below, Employer, for itself and all of its employees, agents, and representatives
who receive access to 2019 Exhibits, hereby accepts and agrees to be bound by, and to abide by,
those conditions, obligations, and restrictions. On Employer's behalf, I represent that Employer
has made, or will make the Order, the Opinion and Orders, and this Acknowledgment known in
advance to all of Employer's employees, agents, and representatives who are to receive access to
2019 Exhibits, so that they will be on notice of Employer's duties in connection therewith and
their own responsibilities to ensure compliance with the Order and the Opinion and Orders.

Employer, its employees, agents, and representatives will not disclose any 2019 Exhibits
to any person not authorized by the Order to receive such information. They will not use 2019
Exhibits for any purpose other than the Estimation Proceeding.

Pursuant to paragraph 19 of the Order, Employer will destroy or cause to be destroyed all
2019 Exhibits within one year of the date of substantial consummation of a confirmed Chapter
11 plan of reorganization for the Debtors (the "**Plan**"), and will promptly certify such destruction
in writing to counsel of record for the Debtors and to counsel of record for the Filing Firms.

3173079v6 17067.00011

# EXHIBIT A

Employer and I (in my individual capacity and my capacity as a representative of Employer) consent to the jurisdiction and venue of the Bankruptcy Court for any action to interpret, apply, and enforce the terms of the Order and this Acknowledgment, and to the jurisdiction and venue of the District Courts of Delaware and the Western District of Pennsylvania for any dispute pertaining to the interpretation or enforcement of the Opinion and Orders and for no other purposes.

I represent that I am duly authorized to execute this Acknowledgment on behalf of Employer.

By: _____

Print Name: _____

Title: _____

Employer: _____

Address: _____

Dated: _____

Relationship to Employer:_____

# EXHIBIT A

**EXHIBIT 2 TO ORDER GOVERNING USE AND CONFIDENTIALITY OF CERTAIN
EXHIBITS TO RULE 2019 STATEMENTS FROM OTHER BANKRUPTCY CASES**

**Re:** *In re Garlock Sealing Technologies LLC, et al.,*
**Case No. 10-BK-31607 (Jointly Administered)**
**United States Bankruptcy Court**
**for the Western District of North Carolina**

**<u>Instructions</u>:  This Acknowledgment must be executed by any individual required to execute
an Acknowledgment in his or her individual capacity pursuant to paragraph 7 of the above
referenced Order (for example, a self-employed expert or a witness).**

**A C K N O W L E D G E M E N T**

I may be given access to certain confidential and protected information in connection
with the above-referenced Order Governing Use and Confidentiality of Certain Exhibits to Rule
2019 Statements from Other Bankruptcy Cases (the "**Order**"), entered by the United States
Bankruptcy Court for the Western District of North Carolina (the "**Bankruptcy Court**") in the
above-referenced jointly administered Chapter 11 cases.

I have read the Order and the Opinion and Orders referenced therein. Capitalized terms
used in this Acknowledgment but not otherwise defined herein shall have the meanings ascribed
to them in the Order. I understand the conditions and obligations of confidentiality, and use
restrictions, that the Order and the Opinion and Orders make applicable to 2019 Exhibits and
hereby accept and agree to be bound by, and to abide by, those conditions, obligations, and
restrictions.

I will not disclose any 2019 Exhibits to any person not authorized by the Order to receive
such information. I will not use 2019 Exhibits for any purpose other than the Estimation
Proceeding.

Pursuant to paragraph 19 of the Order, I will destroy all 2019 Exhibits within one year of
the date of substantial consummation of a confirmed Chapter 11 plan of reorganization for the
Debtors (the "**Plan**"), and will promptly certify such destruction in writing to counsel of record
for the Debtors and to counsel of record for the 2019 Filing Firms.

I consent to the jurisdiction of the Bankruptcy Court for any action to enforce the terms
of the Order and this Acknowledgment and to the jurisdiction and venue of the District Courts of
Delaware and the Western District of Pennsylvania for any dispute pertaining to the
interpretation or enforcement of the Opinion and Orders and for no other purposes.

By: _____
Print Name: _____
Title: _____
Address: _____
Dated: _____

3173079v6 17067.00011

**EXHIBIT A**