| DATE OF SERVICE OF CLAIM SETTLEMENT NOTICE: | APRIL 10, 2013 |
|---|---|
| OPPOSITION/RESPONSE DUE: | APRIL 30, 2013 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re: ) Chapter 11
) 
W. R. GRACE & CO., et al.,[1] ) Case No. 01-01139 (JKF)
) (Jointly Administered)
Debtors. )
)
)

**NOTICE OF SETTLEMENT OF CLAIM ASSERTED PURSUANT TO THE STIPULATION RESOLVING CLAIMS OF USG CORPORATION (AS ASSIGNEE OF DAP PRODUCTS INC., D/B/A DAP INC.)**

THIS AMENDED NOTICE (THE "CLAIM SETTLEMENT NOTICE") IS PROVIDED TO YOU PURSUANT TO THAT CERTAIN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (THE "BANKRUPTCY COURT") *AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING* [DOCKET NO. 936] (THE "OMNIBUS SETTLEMENT PROCEDURES ORDER"). YOU MUST ADHERE TO THE TERMS OF THIS CLAIM SETTLEMENT NOTICE IN ORDER

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

TO PROTECT YOUR RIGHTS. PLEASE READ THE FOLLOWING PROCEDURES CAREFULLY.[2]

Pursuant to the Court Order, the Debtors must provide notice to the Negative Notice Parties (as defined herein) of any settlement with a value that equals or exceeds $50,000, but does not exceed $1,000,000. Such notice must include the terms of the settlement and the Debtors' basis for belief that each settlement is fair and reasonable. Pursuant to the terms of the Court Order, if the terms set forth in this Claim Settlement Notice are not objected to in writing by any of the Negative Notice Parties within twenty (20) days after the date of transmittal of such written notice, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Bankruptcy Court by the Debtors of a certificate of no objection with respect to such settlements. **In no event, however, will a settlement executed by the Debtors in accordance with the Court Order provide for any monetary payments to be made by the Debtors from property of their estates to or on behalf of a settling party on account of any claims owing or arising prior to April 2, 2001, the date the Debtors filed their petitions for relief under title 11 of the United States Code.** Such claims shall be satisfied in accordance with such further orders of the Bankruptcy Court or in accordance with the Debtors' plan of reorganization.

If you oppose the settlement of the Claims on the terms set forth herein, you must follow the procedures delineated below. Please note that objections, oppositions or comments to the procedures set forth herein shall not be deemed an objection to the settlement of the Claim and will, therefore, not be considered.

*Summary of Terms of Settlement*

The settlement documented by the *Stipulation Resolving Claims of USG Corporation (as assignee of DAP Products Inc. d/b/a DAP Inc.)* dated as of April 10, 2013, attached hereto as Exhibit A (the "Stipulation"), concerns Proofs of Claim filed against Debtors by USG Corporation (the "Claimant" or "USG," as assignee of DAP Products, Inc., d/b/a DAP, Inc. "DAP") with respect to the Paulsboro, NJ facility, located at 2000 Nolte Drive, Paulsboro, NJ (the "Paulsboro Site").

The Paulsboro Site is the location of a former chemical manufacturing plant constructed by W.R. Grace in 1972. Grace operated the facility until on or about June 1984, at which time Grace ceased operating the facility. In 1986, Grace sold the facility and property to Durabond Product Company, a division of USG Industries, Inc.

On or about December 24, 1986 as a condition of the sale to Durabond and in accordance with New Jersey's Environmental Cleanup Responsibility Act ("ECRA"), the New Jersey Department of Environmental Protection ("NJDEP") and W.R. Grace entered into an

---

[2] Capitalized terms not defined in this Stipulation shall have the meanings ascribed to them, as the case may be, in the Settlement Agreement, the EPA Settlement Agreement Order, the Omnibus Settlement Procedures Order or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases,* Docket no. 25881, as it may be further amended, supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

Administrative Consent Order ("ACO") to identify and address environmental concerns at the Paulsboro Site.

Investigations pursuant to the ECRA ACO identified soil, groundwater, surface water and sediment contamination. In addition to various investigations and risk assessments, Grace initiated remediation of soil and groundwater; remediation of surface water and sediment was not required.

On April 2, 2001, the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

On April 22, 2002, the Bankruptcy Court issued its *Order as to All Non-Asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms, and (III) Approving Notice Program* [Docket no. 1963] (the "Bar Date Order"), which established March 31, 2003, as the Bar Date for the filing of certain pre-petition: (a) non-asbestos; (b) asbestos property damage; and (c) medical monitoring claims.

On or about March 31, 2003, DAP filed Proof of Claim No. 12990 against the Debtors with respect to the Paulsboro Site, as defined in the Proof of Claim, asserting an unsecured non-priority claim arising from environmental remediation response costs estimated at $429,798.91.

On or about April 4, 2008, the Claimant filed a *Notice: Transfer of Claim Pursuant to FRBP 3001(e)(2)*, filed at Docket No. 18453, indicating that DAP had transferred its Proof of Claim No. 12990 to USG Corporation on or about February 21, 2008.

On January 3, 2011, NJDEP issued a No Further Action ("NFA") Letter to DAP Products, Inc. relating to remediation of the Paulsboro Site. By issuance of this NFA, NJDEP acknowledged completion of a Preliminary Assessment, Site Investigation, Remedial Investigation, and Remedial Action for the Paulsboro Site, and Covenants Not to Sue for remediation of the Paulsboro Site. The NFA also included several conditions: that liability remains under the N.J. Spill Act; that wells are to be properly decommissioned; and that remediation of hazardous substances that may exist in building interiors or equipment are not covered.

On or about February 23, 2012, the Claimant filed a Proof of Claim No. 18549, amending and superseding Proof of Claim No. 12990, asserting an unsecured non-priority claim arising from environmental remediation response costs estimated at no less than $628,150.00 and supported by invoices.

The Debtors and Claimant have since cooperated in preparing the Stipulation and now desire, without any admission of fact, law or liability, to resolve the claims and demands relating to the Paulsboro Site as described in more detail below. The Stipulation specifically resolves (a) the Claimant's past response cost claims for the Paulsboro Site as set forth in Claim Nos. 12990 and 18549; and (b) the demands for payment of any and all future costs associated with the Paulsboro Site.

The Stipulation anticipates that the Debtors will resolve Claimant's claims for the Paulsboro Site in the amount of $668,150.00 (the "Settlement Amount"). This Settlement Amount consists of payment of $628,150.00 for past response costs (the "Past Response Costs") set forth in Allowed Claim No. 18549 and $40,000 to resolve any and all future costs associated with the Site ("Future Costs"). Claim No. 12990 will be disallowed and expunged for all purposes, as it has been superseded and amended by Claim No. 18549.

The Parties have agreed that interest shall begin accruing on the Past Response Costs as of January 3, 2011 (the "Accrual Date"), and continue accruing until the date on which a distribution is made in satisfaction thereof at the interest rate and on the terms specified in the Plan for General Unsecured Claims. The Accrual Date is the date on which the NJDEP issued a NFA for the Paulsboro Site, effectively resolving the remediation associated with Claim No. 18549. The Debtors shall pay the Settlement Amount within thirty (30) days after the Plan's Effective Date in the same manner as all other Allowed General Unsecured Claims. No interest shall accrue on the Future Costs.

The Parties have agreed to settle any and all of Debtor's Future Costs, including any and all claims for reopener of the NFA, contribution claims under CERCLA and natural resource damages with respect to the Paulsboro Site for $40,000.00, without interest. Although NJDEP issued a NFA for the Paulsboro Site in 2011, some contamination was left in the soil, groundwater and sediment at the Property. Despite the NFA and previous site investigations, a possibility exist that additional contamination attributable to Debtor could be discovered during future investigations. The NFA did not address liability for natural resource damages. Further, the cleanup criteria for the contaminants of concern addressed historically may be revised by NJDEP and cause additional remediation to be required.

For the foregoing reasons, the Debtors believe that the Stipulation represents a reasonable settlement of the Paulsboro Site Claim. The Stipulation is fair and equitable and in the best interests of the Debtors, their estates, and their creditors. The Stipulation is also in the public interest. Accordingly, the Debtors have demonstrated a sound business justification and public interest for the execution and consummation of the Stipulation.

*Objection Procedures:*

If you object to the settlement of the Claim, you **MUST** serve on the parties listed below (collectively, the "Negative Notice Parties") a written objection to this Claim Settlement Notice. All objections and responses must be received by the Negative Notice Parties at the facsimile numbers set forth below no later than twenty (20) days after the date of this notice (**April 30, 2013, at 4:00 p.m. (E.D.T.)**).

If a timely objection is not received by the Negative Notice Parties and Debtors' counsel, the Claim shall be deemed resolved without further notice or hearing of the Bankruptcy Court.

If a timely objection is received by the Negative Notice Parties' and Debtors' counsel and a resolution to the objection cannot be reached among the parties, the Debtors will file a copy of the Claim Settlement Notice and your objection with the Court and will schedule a hearing to consider the Claim Settlement Notice. Unless otherwise ordered by the Court, if such objection

is overruled or withdrawn, the settlement of the Claim shall be deemed to have occurred on the date the Court enters an order approving the Claim Settlement Notice.

Any questions or comments regarding the foregoing procedures may be forwarded to James E. O'Neill of Pachulski Stang Ziehl & Jones LLP at 919 N. Market St., 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705, (302) 652-4100.

*[remainder of this page is intentionally left blank]*

## DISTRIBUTION LIST/NEGATIVE NOTICE PARTIES

*OFFICE OF UNITED STATES TRUSTEE*

| | |
|---|---|
| United States Trustee's Office<br>Attn: David M. Klauder<br>844 King Street, Suite 2207<br>Lock Box 35<br>Wilmington, DE 19801 | FAX: (302) 573-6497 |

*COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS*

| | |
|---|---|
| Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, New York 10038-4982<br>Attn: Denise K. Wildes | FAX: (212) 806-6006 |

*COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS*

| | |
|---|---|
| Caplin & Drysdale<br>375 Park Avenue, 35th Floor<br>New York, NY 10152<br>Attn: Elihu Inselbuch | FAX: (212) 644-6755 |
| Caplin & Drysdale<br>One Thomas Circle, N.W., Suite 1100<br>Washington, District of Columbia 20005<br>Attn: Peter Van N. Lockwood | FAX: (202) 429-3301 |
| Campbell & Levine<br>800 North King Street, Suite 300<br>Wilmington, DE 19801<br>Attn: Mark T. Hurford | FAX: (302) 426-9947 |

*COUNSEL TO THE OFFICIAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS*

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>First Union Financial Center<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, Florida 33131<br>Attn: Scott L. Baena | FAX: (305) 374-7593 |

| *COUNSEL TO THE LC FACILITY AGENT AND LC ISSUERS* | |
|---|---|
| Latham & Watkins<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Attn:   Douglas Bacon | **FAX: (312) 993-9767** |

| *COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS* | |
|---|---|
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Attn:   Philip Bentley<br>          David Blabey | **FAX: (212) 715-8000** |

| *CO-COUNSEL TO THE DEBTORS* | |
|---|---|
| Kirkland & Ellis LLP<br>300 North LaSalle Street<br>Chicago, IL 60654<br>Attn:   Adam Paul | **FAX: (312) 862-2200** |
| The Law Offices of Roger Higgins, LLC<br>111 East Wacker Drive<br>Suite 2800<br>Chicago, IL 60601<br>Attn:   Roger J. Higgins | **FAX: (312) 577-0737** |
| Pachulski Stang Ziehl & Jones LLP<br>919 N. Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705<br>(Courier 19801)<br>Attn:   James O'Neill, Esq. | **FAX: (302) 652-4400** |

*[remainder of page intentionally left blank]*

Dated: April 10, 2013

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Kathleen P. Makowski

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession