**EXHIBIT A**

*Stipulation*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

---

**STIPULATION RESOLVING CLAIMS OF USG CORPORATION (AS ASSIGNEE OF DAP PRODUCTS INC. D/B/A DAP INC.)**

---

This stipulation ("Stipulation") is entered into between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and USG Corporation (the "Claimant" or "USG," as assignee of DAP Products, Inc., d/b/a DAP, Inc. "DAP") as of the last date specified on the signature page of this Agreement.[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Proofs of Claim or the *First Amended Joint Plan of Reorganization in their Chapter 11* Cases [Docket no. 26368], as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

WHEREAS, on April 22, 2002, the Bankruptcy Court issued its *Order as to all Non-asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms, and (III) Approving Notice Program* [Docket no. 1963] (the "Bar Date Order"), which established March 31, 2003, as the Bar Date for the filing of certain pre-petition: (a) non-asbestos; (b) asbestos property damage; and (c) medical monitoring claims.

WHEREAS, on or about March 31, 2003, DAP timely filed a proof of claim, no. 12990 (the "Original Proof of Claim"), against the Debtors with respect to the Paulsboro, NJ Facility, as that term is defined in the Original Proof of Claim (taken together those properties and portions thereof, and any other properties contaminated or affected by contamination from those properties shall be referred to as the "Paulsboro Site"), asserting an unsecured non-priority claim arising from environmental remediation response costs estimated at $429,798.91.

WHEREAS, on or about April 4, 2008, the Claimant filed a *Notice: Transfer of Claim Pursuant to FRBP 3001(e)(2)* [Docket no. 18453], indicating that DAP had transferred the Original Proof of Claim to Claimant on or about February 21, 2008.

WHEREAS, on or about February 23, 2012, the Claimant filed a proof of claim, no. 18549, amending and superseding the Original Proof of Claim (the "Amended Proof of Claim," which together with the Original Proof of Claim are the "Proofs of Claim") as to the Paulsboro Site, asserting an unsecured non-priority claim arising from environmental remediation response costs estimated at no less than $628,150.00.

WHEREAS, the parties have agreed to resolve Claimant's claims for the Paulsboro Site in the amount of $668,150.00 on the terms and conditions set forth herein,

NOW, THEREFORE, for good and valuable consideration, the parties hereby stipulate and agree that as of the Effective Date (as defined below):

1. The above-referenced Amended Proof of Claim (Claim no. 18549) shall be an Allowed General Unsecured Claim (the "Allowed USG Claim") in the Allowed Amount of $668,150.00 (the "Settlement Amount"), which consists of $628,150.00 for past response costs (the "Past Response Costs") set forth in the Amended Proof of Claim and $40,000 for any and all future costs associated with the Site (the "Future Costs"). The Settlement Amount shall be paid in the same manner as all other similarly situated Allowed General Unsecured Claims pursuant to the Plan (or any other confirmed chapter 11 plan or plans with respect to the Debtors).

2. Interest on the Past Response Costs shall begin accruing as of January 3, 2011, which is the date on which the New Jersey Department of Environmental Protection issued a No Further Action Letter for the Site, at the rate and on the terms specified in the Plan for Allowed General Unsecured Claims, and shall continue accruing until the date on which the Settlement Amount is paid. No interest shall accrue on the Future Costs.

3. The Original Proof of Claim (Claim no. 12990) shall be disallowed in its entirety (the "Disallowed Claim"), and Claimant shall not be entitled to any further claims against the Debtors with respect thereto.

4. Pursuant to the Omnibus Settlement Procedures Order:

(a) As soon as reasonably practicable after the Debtors and Claimants execute this Stipulation, the Debtors shall file and serve a notice of settlement (the "Settlement Notice") as provided in ¶ (f) of the Omnibus Settlement Procedures Order;

(b) The Settlement Notice shall provide for a twenty-day period during which written objections to the proposed terms of the Settlement may be made;

(c) If no written objections are made, the Debtors shall file a certificate of no objection stating that no written objections to the Settlement had been made; and

(d) Three days after the filing of the certificate of no objection, this Stipulation and the Debtors' signature(s) hereon shall become binding on the Debtors (the "Effective Date").

5. If a written objection to the Settlement is made, the Court shall enter an order resolving that written objection before this Stipulation and the Debtors' signature(s) hereon shall become binding on the Debtors.

6. The Debtors shall direct their claims agent Rust Consulting, Inc. to record the Allowed USG Claim (Claim no. 18549) as an Allowed General Unsecured Claim allowed in the Settlement Amount on the terms and conditions set forth in this Stipulation.

7. Except as otherwise set forth herein, the Claimant agrees that, upon the Effective Date of this Stipulation, all claims, liabilities, and obligations arising from or relating to the Disallowed Claim, the Allowed USG Claim or the Site that have been or ever could be asserted by Claimant against the Debtors are satisfied in full by the Allowed USG Claim on the terms and conditions set forth in this Stipulation, and Claimant shall have no other claim whatsoever against the Debtors as to the Site. Except for the rights, entitlements and obligations created by, arising under, or available to Claimant under this Stipulation and the Allowed USG Claim, Claimant and its successors and assigns jointly and severally release all claims, and all claims that could be asserted by or on their behalf against the Debtors arising at any time on or before the date hereof, whether known or unknown, foreseen or unforeseen, liquidated, unliquidated, fixed, contingent, material or immaterial, disputed or undisputed, suspected or unsuspected, asserted or unasserted, direct or indirect, at law or in equity arising from or relating to the Disallowed Claim, the Allowed USG Claim or the Site that have been or ever could be asserted

by Claimant against the Debtors, and Claimant is forever barred, estopped, and enjoined from asserting any such claims against the Debtors, other than to enforce the terms of this Stipulation.

8. The parties shall take all necessary actions to implement this Stipulation, the allowance of the Allowed USG Claim and payment of the Settlement Amount, including but not limited to the Debtors filing the Settlement Notice.

9. Each party executing this Stipulation represents that such party has the full authority and legal power to do so.

10. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile or electronic signatures hereon shall be deemed to be original signatures.

11. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

12. This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to the matters set forth herein.

13. The Bankruptcy Court shall retain jurisdiction over this Stipulation, the Allowed USG Claim and all matters relating thereto.

[signature page to follow]

The following Parties enter into this Settlement, which provides for the allowance of the Allowed Claims and the disallowance of the Disallowed Claims on the terms and conditions set forth herein on behalf of:

| USG Corporation ("Claimant") | W. R. Grace & Co., *et al.* ("Debtors") |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Name: JOHN A. DONAHUE | Karen E. Ethier |
| Title: SENIOR CORPORATE Counsel | Vice President, Environmental, Health and Safety |
| Date: 4/10/2013 | Date: 4/9/2013 |