<u>**Exhibit A**</u>

**Lease Agreement Between The Burlington Northern & Santa Fe Railway (the "<u>Lessor</u>") and the Debtors (the "<u>Lessee</u>")**

OIL STATION

The Applicant or Lessee shall not erect any structure or do any construction work on the premises covered by this agreement until the duplicate counterpart thereof, duly executed by the Railway Company, shall have been delivered to him, unless special permission is given by the Railway Company's superintendent.

Trfr: (BN) 202-045 11-16-70

Chevron Oil Company

No.: 213,794
Case No.:

THIS AGREEMENT, made this 1st day of April, 1974, between BURLINGTON NORTHERN INC., hereinafter called the "Railway Company," and W. R. GRACE & CO., a Connecticut corporation, whose Post Office address is P. O. Box 609, Libby, Montana 59923, hereinafter called the "Applicant",

WITNESSETH:

For and in consideration of the mutual dependent promises hereinafter stated, the parties agree:

1. The Railway Company hereby does grant to the Applicant license and permission to enter upon, and during the will and pleasure of the Railway Company, use and occupy the following described premises situate in Libby, County of Lincoln, State of Montana, described as follows, to-wit:

All that part of the premises of the said Railway Company as shown hatched black on the print hereto attached, marked Exhibit "A" dated February 28, 1974, and made a part hereof; Together with the right of way for oil pipes as shown colored solid red on said Exhibit "A".

SAVING AND RESERVING, to the Railway Company the right to construct, maintain and operate a railway track or tracks; to construct, maintain and use buildings or other structures for railway purposes on any part of the above described premises not occupied by the buildings and structures hereinafter mentioned; to construct, maintain and use or permit to be constructed, maintained and used by others any existing or additional pipe, telegraph, telephone or power transmission line upon, over or beneath the said premises; to make any changes in grade or location of its railway or any of its tracks, or to rearrange its station facilities, or to use the said premises or any part thereof for railway purposes; and further saving and reserving to the Railway Company the right to enter thereon for such purposes without payment to the Applicant of any sum for damage of any nature which may be caused thereby.

It is agreed by the parties hereto that the Railway Company may, at its option, apply all of the terms, conditions, covenants and promises herein contained, as against the Applicant, to any adjacent premises of the Railway Company, other than those indicated and described herein, which the Applicant shall have occupied by permanent structures, in all respects as though the premises occupied had been specifically described herein.

2. The Applicant shall use and occupy the said premises during the term hereof for the sole and exclusive purpose of erecting, maintaining and operating thereon a storage tanks, pumphouse and loading dock, and shall not erect any other structure on the said premises without the written consent of the Railway Company first had and obtained.

3. The Applicant shall pay as rental for the said premises the sum of Three Hundred and No/100 - - - - - - - - - - - - - - - - - - -Dollars ($ 300.00 ) per annum, in advance on the date of the execution hereof, and annually thereafter, during the continuance of the license and permission hereby granted.

4. The Applicant shall pay all taxes, license fees or other charges which may become due or which may be assessed against the said premises, against the Applicant, against the business conducted on the said premises or against any and all improvements placed thereon during the term hereof, except special assessment for public improvements; and shall reimburse the Railway Company for any such taxes, license fees or other charges which may be paid by the Railway Company, promptly upon the presentation by the Railway Company of bills for the amount thereof; and in default of such reimbursement, all sums so paid by the Railway Company shall be deemed an addition to the rental and recoverable as such.

1

LC 213794

14. The Applicant shall not assign or set over this agreement, or by any act or deed procure the said premises, or any part thereof, or the term hereby granted, to be assigned, transferred or set over; and further, shall not sublet the said premises, or any part thereof, to any person without the consent of the Railway Company in writing, first had and obtained.

15. Should the Applicant for a period of thirty (30) days cease to use and occupy the said premises for the purpose aforesaid, the license and permission granted herein, at the option of the Railway Company, shall cease and terminate upon five days' notice in writing given to the Applicant.

16. Each and all of the covenants and promises made by the Applicant herein are material considerations herefor, and upon the breach or non-performance by the Applicant of any of the said covenants or promises, the Railway Company, at its option, may re-enter the said premises or any part thereof in the name of the whole, upon five (5) days' written notice to the Applicant; and may have, repossess and enjoy the same as of its former estate; and may terminate this lease and all rights hereby granted. A waiver by the Railway Company of a default shall not be deemed a waiver of any subsequent default of the Applicant.

17. Either party hereto shall have the right to cancel and terminate this agreement at any time upon giving to the other party ten (10) days' written notice of its intention so to do.

18. Upon the termination and cancellation of this agreement in accordance with its terms, the Applicant not then being in default in the payment of any rental or other sums required to be paid by Applicant, or in the observance and performance of any of the covenants and promises to be observed and performed by Applicant, shall have the option to remove within thirty days thereafter, all improvements placed by Applicant upon the said premises. If such improvements are removed, the Applicant will fill and level all excavations and remove and level all obstructions above ground at Applicant's own cost and expense. In the event of the Applicant's failure to do so, the Railway Company may do said work and the Applicant will reimburse it for the cost and expense thereof.

19. Upon the termination of this agreement, or at the expiration of the period specified in paragraph 18 above if said paragraph is applicable, title to all improvements and property remaining on said premises shall immediately vest in the Railway Company. In the event the Railway Company shall determine that said improvements and property are of no value (and such determination by the Railway Company shall be conclusive), and notifies Applicant in writing of such determination, Applicant agrees to remove said improvements and property from said premises within sixty (60) days from the date of mailing of such notice. Should Applicant fail to remove such improvements and property within said sixty day period, Applicant agrees to pay the Railway Company the cost or expense of removing or destroying said improvements or property, including the filling and leveling of all excavations and the removal of all obstructions.

20. All notices to be given by the Railway Company to the Applicant hereunder may be effectually given by letter from the Railway Company or its agent or attorney, by depositing the same postpaid in a United States post office, addressed to the Applicant at Applicant's post office address above stated.

21. Nothing herein contained shall imply or import a covenant on the part of the Railway Company for quiet enjoyment, nor shall the Railway Company be held liable in any manner for damages arising from or in any manner connected with, or by reason of or in consequence of, any public improvement authorized by any duly constituted authority.

22. Subject to the foregoing provisions, this agreement and all of the covenants and promises thereof shall inure to the benefit of and be binding upon the executors, administrators, successors and assigns of the parties.

IN WITNESS WHEREOF, the parties have executed this agreement, in duplicate, the day and year first hereinabove written.

In presence of:

BURLINGTON NORTHERN INC.

By _____
General Manager - Leases

W. R. GRACE & CO.
Construction Products Division
BY _____

Title Vice President
         Manufacturing & Engineering

OPM 60072 1-74                                                    3

In the event that the premises hereby demised, or any part thereof, shall be subjected to any special assessment for any public improvement or improvements, the rental herein reserved and stipulated to be paid by the Applicant shall be automatically increased by an amount equal to 8% per annum on the total amount of the assessment.

5. For the purpose of providing protection from stray currents or static electricity, the Railway Company will install bonding in the track serving the herein described premises, and the Applicant shall reimburse the Railway Company for the cost thereof.

The Applicant in the handling and storage of petroleum products agrees to comply with the standards of the National Board of Fire Underwriters as recommended by the National Fire Protection Association, and with any applicable federal, state or municipal regulations.

The Applicant shall comply with the provisions of Exhibits "B", and "C", hereto attached, and by this reference thereto made a part of this agreement.    Form. 15532

6. Any sum which, under the provisions of this agreement, the Applicant has agreed to pay, shall constitute, when due and unpaid, a lien, enforceable at law by the Railway Company, upon any building, improvements or other property of the Applicant located on the said premises.

7. The Applicant at Applicant's own sole cost and expense shall install and maintain fire extinguishers in all buildings and structures upon the said premises. The number, character and manner of installation of such fire extinguishers shall be determined by the Superintendent of the Railway Company; and the said fire extinguishers may be used by the Railway Company as well as by the Applicant in extinguishing fires that may originate or occur in the buildings, property or structures on the said premises. The Applicant also, at Applicant's own cost and expense, shall observe and comply with all the rules, regulations and orders of any duly constituted authority, and of any board of fire underwriters having jurisdiction of the said premises, and all provisions of any fire insurance policy covering said premises.

8. The Applicant shall not permit the existence of any nuisance on the said premises; shall maintain and keep the same in proper, clean, safe and sanitary condition, and free and clear of any explosive, inflammable or combustible material other than gasoline and petroleum products, which would increase or tend to increase the risk from fire; and shall paint the buildings thereon to the satisfaction of the Railway Company, and further, the Applicant shall keep, observe and comply with all federal, state and municipal regulations, ordinances and laws, and with the regulations of any duly constituted legal authority having jurisdiction of the said premises, and at Applicant's own cost shall make any and all improvements, alterations, repairs and additions, and install all appliances required on the said premises by or under any such regulations, ordinances or laws.

9. The Applicant, at Applicant's own sole cost and expense, shall keep the premises hereby demised in good condition and shall make all repairs and renewals that from time to time may be necessary to keep any improvements which may be located thereon in good condition and ready and fit for occupancy; and on determination of Applicant's leasehold, either by expiration of the term hereof or by cancellation, shall surrender said premises in a condition satisfactory to the Railway Company.

10. The Applicant agrees that all doors facing the Railway Company's tracks shall be made to slide on rollers, and that no doors shall be constructed in such manner as to swing toward the tracks.

11. The Applicant shall not grant or permit to any railroad or transportation company, or to persons engaged in transportation other than the Railway Company, the use of any track which is now or hereafter may be constructed upon the said premises without express permission from the Railway Company in writing, nor shall the Applicant load or unload, or permit to be loaded or unloaded, any truck or trailer on the railside of said premises, nor except in emergencies shall the Applicant use or permit to be used upon said premises any tank truck other than for distribution of petroleum products from said leased premises.

12. The Applicant hereby assumes all risk of loss of or injury to any structure or any real or personal property upon said premises belonging to the Applicant, and to any property belonging to others brought and held on said premises by the Applicant for storage or transfer, caused by fire, whether such fire originates through the negligence of the Railway Company or otherwise, and the Applicant hereby releases and agrees to indemnify and save harmless the Railway Company from all claims for damages arising from such loss or injury; it being understood that any property for which a bill of lading has been issued, though on said premises, is not covered by the above provision exempting the Railway Company from liability for injury or destruction by fire.

13. The Applicant shall not place or permit to be placed or to remain any material, structure, pole or other obstruction within 9 feet laterally of the center or within 23 feet vertically from the top of the rail of any track located on or near said premises; provided that if by statute or order of competent public authority greater clearances shall be required than those provided for in this paragraph, then the Applicant shall strictly comply with such statute or order. The Applicant agrees to indemnify the Railway Company and save it harmless against any and all claims, demands, expenses, costs and judgments arising from loss of or damage to property, or injury to or death of persons occurring directly or indirectly by reason of any breach of the foregoing or any covenant contained in this contract.

2



Exhibit "A" — Burlington Northern, Inc. — Libby, Mont.