# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>Pittsburgh Corning Corporation,<br>    Debtor(s) | Bankruptcy No. 00-22876-JKF<br>Chapter 11<br>**Related to Doc. No. 9260** |
| In re:<br>North American Refractories<br>Company, *et al*.<br>    Debtor(s) | Bankruptcy No. 02-20198-JKF<br>Chapter 11<br>**Related to Doc. No. 7835** |
| In re:<br>Mid-Valley, Inc., *et al.* and<br>DII Industries LLC<br>    Debtor(s) | Bankruptcy No. 03-35592-JKF (**CLOSED**)<br>Chapter 11<br>**Related to Doc. No. 2839** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT DELAWARE

In Re:

| | |
|---|---|
| Owens Corning, *et al.,*<br>    Debtor(s) | Bankruptcy No. 00-3837-JKF (**CLOSED**)<br>Chapter 11<br>**Related to Doc. No. 21068** |
| W.R. Grace & Co., *et al.*<br>    Debtor(s) | Bankruptcy No. 01-1139-JKF<br>Chapter 11<br>**Related to Doc. No. 30404** |
| USG Corporation, *et al.,*<br>    Debtor(s) | Bankruptcy No. 01-2094-JKF (**CLOSED**)<br>Chapter 11<br>**Related to Doc. No. 12682** |
| United States Mineral Products Company,<br>*et al.*<br>    Debtor(s) | Bankruptcy No. 01-2471-JKF (**CLOSED**)<br>Chapter 11<br>**Related to Doc. No. 3989** |
| Kaiser Aluminum Corporation, *et al.*<br>    Debtor(s) | Bankruptcy No. 02-10429-JKF<br>Chapter 11<br>**Related to Doc. No.** |
| The Flintkote Company<br>    Debtor(s) | Bankruptcy No. 04-11300-JKF<br>Chapter 11<br>**Related to Doc. No. 7436** |

| | |
|---|---|
| Armstrong World Industries, Inc., *et al.*<br>    Debtor(s) | Bankruptcy No. 00-4471-JKF **(CLOSED)**<br>Chapter 11<br>**Related to Doc. No. 10782** |
| ACandS, Inc., *et al.*<br>    Debtor(s) | Bankruptcy No. 02-12687-JKF **(CLOSED)**<br>Chapter 11<br>**Related to Doc. No. 3721** |
| Combustion Engineering, Inc.<br>    Debtor(s) | Bankruptcy No. 03-10495-JKF **(CLOSED)**<br>Chapter 11<br>**Related to Doc. No. 3476** |

## ORDER DESIGNATING E-DISCOVERY SPECIAL MASTER REGARDING THE PRODUCTION OF 2019 EXHIBITS

AND NOW, this 15th day of April, 2013, pursuant to W.PA.LBR 7026-2, following the grant of notice and an opportunity to recommend candidates, it is hereby ORDERED that Karl Schieneman, Esquire, is designated E-Discovery Special Master until further ORDER of this Court.

The Court has received an affidavit from the E-Discovery Special Master, Karl Schieneman, Esquire, disclosing that there are no grounds for disqualification under 11 U.S.C. §327 and Fed.R.Bankr.P. 2014.

The E-Discovery Special Master's Appointment is effective upon the docketing of this Order.

1. **E-DISCOVERY SPECIAL MASTER'S DUTIES**

    The E-Discovery Special Master shall perform each of the duties set forth in Part D of the *Order Establishing the Protocol for Production of 2019 Exhibits* (the "Protocol Order") which has been docketed in each of the above-captioned cases.

2. **CONFIDENTIALITY**

    The E-Discovery Special Master shall be bound by confidentiality and adhere to the nondisclosure requirements as expressly stated or implied by the Protocol Order. Upon the completion of the production required by the Protocol Order, the E-Discovery Special

Master shall file an affidavit substantially in the form of what is set forth in paragraph 44 of the Protocol Order.

### 3. PROBLEMS OR ANOMALIES

The E-Discovery Special Master shall attempt to resolve any problems or anomalies arising during the 2019 Exhibit Production in consultation with the parties and the Clerks of the Bankruptcy Courts in the Western District of PA and the District of Delaware (or their designees) who shall keep a record of the matter. In the event that a consensual resolution cannot be reached among the E-Discovery Special Master, the parties and the Clerks, the matter shall be presented to the Court by motion.

### 4. COMPENSATION

The E-Discovery Special Master shall be compensated at his/her customary or prevailing rate for similar services provided to his/her private clients, including any retainer, fees and costs. A schedule of the fees to be charged and the expenses to be reimbursed shall be filed by the E-Discovery Special Master at each of the above-captioned cases within 10 days hereof.  Garlock shall pay the E-Discovery Special Master's retainer forthwith and shall pay each monthly itemized statement of fees, costs and expenses, in full and within thirty (30) days of receipt of same.  The E-Discovery Special Master shall be empowered to withhold delivery of any part of the 2019 Exhibit Production while any invoice remains unpaid.  Any unresolved dispute as to the fees, costs and expenses shall be presented to the Court by motion.

**IT IS SO ORDERED.**

*Judith K. Fitzgerald*    **rmab**
Judith K. Fitzgerald
United States Bankruptcy Judge