## EXHIBIT B

## Form of Sale Notice

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | Hearing Date:    9:00 a.m., May 20, 2013 |
| | ) | Objection Deadline:    May 3, 2013 |
| | ) | |

## NOTICE OF PRIVATE SALE OF REAL PROPERTY

To:  (i)    The Office of the United States Trustee;

   (ii)   Counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders;

   (iii)  Counsel to the L/C Facility Agent and L/C Issuers

   (iv)   Counsel to each of the official committees appointed in these Chapter 11 Cases;

   (v)    Counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives;

   (vi)   Those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002;

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

(vii) Buyer and Counsel to Buyer;

(viii) Federal, state and local taxing authorities who have a reasonably known interest in the relief requested by this Motion

(ix) All persons or entities known or reasonably believed to have asserted a lien on or interest in the Property (including Permitted Exceptions);

(x) All persons or entities known or reasonably believed to have expressed a serious interest in acquiring the Property;

(xi) The United States Attorneys for the Districts of Delaware and Maryland;

(xii) The state attorneys general for the states of Delaware and Maryland;

(xiii) The Maryland Department of Environment; and

(xiv) The United States Environmental Protection Agency.

**PLEASE TAKE NOTICE** that, subject to Court approval, Seller proposes to sell the Property to Purchaser on the terms and conditions set forth below and as described in more detail in the Debtors' *Motion for an Order Authorizing the Private Sale of Real Property and Approving the Purchase and Sale Agreement* [Docket No. _____] (the "Motion).[2] A copy of the Sale Agreement (the "Sale Agreement") is attached as Exhibit I to the form of order attached to the Motion. Any party wishing to receive a copy of the Motion or the SALE AGREEMENT should contact Debtors' counsel, attention:

> Laura Davis Jones
> James E. O'Neill
> Kathleen P. Makowski
> Pachulski Stang Ziehl Young & Jones LLP
> 919 North Market Street, 11th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705 (Courier 19801)

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

**Please take further notice** that the principal terms and conditions of the SALE AGREEMENT are summarized below:[3]

| Term | Summary Description |
|---|---|
| Selling Debtor | W. R. Grace & Co.-Conn. |
| Buyer | GAP VI Properties, LLC. |
| Transferred Property (Section 1.01) | The Property, which the Sales Agreement describes as: That certain parcel of land containing approximately 66.8 +/- acres located at 7600 Grace Drive, Columbia, Maryland 21044, including without limitation any and all easements, rights, or rights-of-way relating to or benefiting such parcel of land, and all right, title, and interest, if any, of Selling Debtor in and to the land lying within any street or roadway adjoining such parcel of land or any vacated or hereafter vacated street or alley adjoining such parcels of land to the center line thereof, and any and all rights-of-way, open or proposed streets (public or private), alleys, strips or gores of land adjacent thereto, together with all improvements located thereon, and any and all right, title and interest of Selling Debtor in and to any appurtenances to the Land. |
| Base Purchase Price (Section 2.01(a)) | $13.1 million, payable at Closing. |
| Additional Purchase Price (Section 2.01(b)) | Buyer intends to seek required governmental approvals to develop a residential real estate project on the Property containing attached and detached residential dwelling units, together with potential accessory retail and office space (if so required in connection with obtaining required governmental approvals)(the "Project"). In the event that prior to Closing or at any time within one (1) year after the date of Closing, Buyer obtains final approval for: (i) more than 450 single family attached or detached residential dwelling units, in addition to the Base Purchase Price, Buyer shall pay Twenty Five Thousand and 00/100 Dollars for each additional single family attached or detached residential dwelling unit in excess of 450 approved; and (ii) if any commercial office or retail space is required to be built by Howard County in connection with obtaining governmental approvals for the Project, in addition to the Base Purchase Price, Buyer shall pay Ten and 00/100 Dollars ($10.00) per square foot of such required space. |
| Initial Deposit (Section 2.02(a)) | $100,000, to Chicago Title Insurance Company (the "Escrow Agent"). The Initial Deposit and the Additional Deposits (collectively, the "Deposit") will be held and disbursed pursuant to the escrow agreement between Seller, Buyer and the Escrow Agent in the form of Exhibit B to the Sale Agreement. |
| Due Diligence Period (Sections 2.02(a), 5.01) | The period commencing on the date of the Sale Agreement and continuing for up to twenty-four months total, consisting of the "Initial Study Period" of ninety (90) days and up to seven (7) three-month extensions. |

---

[3] Capitalized terms used in this summary of terms of the Sale Agreement and not otherwise defined in this Motion shall have the meanings ascribed to them in the Sale Agreement. To the extent of any inconsistency between this summary and the Sale Agreement, the Sale Agreement's terms and conditions shall govern

| Term | Summary Description |
|---|---|
| Termination during Initial Study Period (Sections 2.02(a), 5.05) | If Buyer terminates the Sale Agreement during the first ninety (90) days of the Initial Study Period, Buyer shall be entitled to the immediate return of the Initial Deposit together with accrued interest. |
| Additional Deposits (Section 2.02(b)) | Buyer may extend the Due Diligence Period beyond the Initial Study Period for a maximum of seven (7) three-month extensions, by payment to the Escrow Agent of an additional deposit of One Hundred Thousand Dollars ($100,000.00) for each successive extension. |
| Holding of Deposit (Section 2.02(c); | The Initial Deposit and the Additional Deposits (collectively, the "Deposit" shall be held and disbursed in accordance with the Escrow Agreement and the Sale Agreement. Accrued interest and other earnings on the Deposit shall be part of the Deposit. Except as otherwise expressly provided in the Sale Agreement, the Deposit shall be non-refundable to Buyer. |
| Disposition of Deposit upon Closing or Default (Section 2.02(d), Article VIII) | If Closing occurs, all deposits will be credited against the Purchase Price and paid over to Buyer.<br><br>If Seller terminates for default by Buyer, Seller's sole remedy is receipt of the Deposit as liquidated damages.<br><br>If Buyer terminates for default by Seller, Buyer shall have the right to elect either: (i) to terminate and receive the return of the Deposit together with interest, accrued thereon, along with reimbursement of certain out-of-pocket costs and expenses, (ii) to waive the default and proceed with the Closing, or (iii) to seek specific performance. |
| Closing Date (Section 2.01) | The thirtieth (30th) day after expiration of the Due Diligence Period, if Purchaser has not previously terminated the Agreement.. |
| Purchaser's Right to Terminate (Section 5.05) | At any time before 5:00 p.m. Eastern time on the last day of the Due Diligence Period, as its sole and exclusive remedy, Purchaser may terminate the Sale Agreement, if the results of its investigation are unsatisfactory to Purchaser in its sole and absolute discretion. If such termination occurs after the termination of the Initial Study Period, then the disposition of the Deposit shall be as set forth in Section 2.02. |
| Permitted Exceptions (Section 6.01) | Temporary Easements and Retained Equipment, as those terms are defined in Article 6.01(a), zoning regulations, etc.,, exceptions shown on an accurate ALTA/ACSM survey of the Property, real estate taxes and betterment assessments levied or assessed on the Property for the year during which Closing occurs that are not yet due and payable and all matters of title or affecting title which constitute "Permitted Exceptions" in accordance with Article VI of the Sale Agreement, including, without limitation, any such matters which are not made the subject of a Title Defect Notice. |
| Closing Conditions (Article VII) | The Sale Order has become a Final Order.<br><br>All covenants and agreements required to be performed before the Closing have been performed. |

**PLEASE TAKE FURTHER NOTICE** that, subject to Court approval, pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, and subject to any orders entered by the

Court, Seller will sell all right, title, and interest in the Property with any liens, claims, encumbrances, and interests attaching to the proceeds of that sale.

---

**OBJECTION DEADLINE**

**PLEASE TAKE FURTHER NOTICE** that objections and other responses to the relief (each, an "Objection") requested in the, if any, must be in writing and filed with the Bankruptcy Court no later than **4:00 p.m. prevailing Eastern Time on May 3, 2013** (the "Objection Deadline").

---

**PLEASE TAKE FURTHER NOTICE** that you must also serve any such Objection or Cure Objection on each of the following parties prior to the Objection Deadline:

| | | |
|---|---|---|
| **Co-counsel for the Debtors:** | Laura Davis Jones<br>James E. O'Neill<br>Kathleen P. Makowski<br>Pachulski Stang Ziehl Young & Jones LLP<br>919 North Market Street, 11th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>(Courier 19801) | Adam Paul<br>John Donley<br>Kirkland & Ellis LLP<br>300 North LaSalle Street<br>Chicago, IL 60654 |
| | Roger J. Higgins<br>The Law Offices of Roger Higgins, LLC<br>111 East Wacker Drive<br>Suite 2800<br>Chicago, IL 60601 | |
| **Counsel to the Official Committee of Unsecured Creditors** | Denise K. Wildes<br>Stroock & Stroock & Lavan<br>180 Maiden Lane, New York, NY 10038-4982 | Michael R. Lastowski<br>Duane, Morris & Heckscher, LLP,<br>1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246 |

| | | |
|---|---|---|
| **Counsel to the Official Committee of Property Damage Claimants** | Scott L. Baena<br>Jay Sakalo<br>Bilzin, Sumberg, Dunn, Baena, Price & Axelrod,<br>First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500<br>Miami, FL 33131 | Michael B. Joseph, Ferry & Joseph, P.A.<br>824 Market Street<br>Suite 904<br>P.O. Box 1351,<br>Wilmington, DE 19899 |
| **Counsel to the Official Committee of Personal Injury Claimants** | Peter Van L. Lockwood<br>Caplin & Drysdale, Chartered<br>One Thomas Circle, N.W.<br>Washington, D.C. 20005 | Mark T. Hurford<br>Campbell & Levine<br>222 Delaware Avenue<br>Suite 1620<br>Wilmington, DE 19801 |
| **Counsel to the Official Committee of Equity Holders** | Philip Bentley<br>David Blabey<br>Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue<br>New York, NY 10022 | Teresa K.D. Currer<br>Buchanan, Ingersoll & Rooney, P.C.<br>1000 West Street<br>Suite 1410<br>P.O. Box 1397<br>Wilmington, DE 19899-1397 |
| **Counsel to the Future Claimants' Representative** | Richard H. Wyron<br>Roger Frankel<br>Orrick, Herrington & Sutcliffe, LLP<br>3050 K Street, NW, Suite 300<br>Washington, DC 20007 | John C. Philips, Jr.<br>Phillips, Goldman & Spence, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806 |
| **The Office of the United States Trustee** | Richard Shepacarter<br>844 N. King Street<br>Wilmington, DE 19801 | |

IF NO OBJECTIONS OR CURE OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION **WITHOUT FURTHER NOTICE OR HEARING.**

[remainder of this page left intentionally blank]

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL BE HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD AT **THE UNITED STATES BANKRUPTCY COURT, 824 NORTH MARKET STREET, WILMINGTON, DE 19801, AT 9:00 A.M., May 20, 2013.**

| | |
|---|---|
| Dated: April 15, 2013 | KIRKLAND & ELLIS LLP<br>Adam Paul<br>John Donley<br>300 North LSale Agreementlle Street<br>Chicago, IL 60654<br>(312) 862-2000<br><br>and<br><br>THE LAW OFFICES OF ROGER HIGGINS, LLC<br>Roger J. Higgins<br>111 East Wacker Drive<br>Suite 2800<br>Chicago, IL 60601<br>(312) 836-4047<br><br>and<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br><br>---<br><br>Laura Davis Jones (Bar No. 2436)<br>James E. O'Neill (Bar No. 4042)<br>Kathleen P. Makowski (Bar No. 3648)<br>Timothy P. Cairns (Bar No. 4228)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>(302) 652-4100<br>(302) 652-4400<br><br>Co-Counsel for the Debtors and Debtors-in-Possession |