# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date: May 20, 2013, at 9:00 a.m. |
| | ) | Objection Deadline: May 3, 2013 |

## DECLARATION OF DAVID BAIRD IN SUPPORT OF THE DEBTORS' MOTION FOR AN ORDER MOTION FOR AN ORDER AUTHORIZING THE PRIVATE SALE OF REAL PROPERTY AND APPROVING THE PURCHASE AND SALE AGREEMENT

STATE OF MARYLAND     )
                      )   ss.
COUNTY OF BALTIMORE   )

David Baird, after being duly sworn according to law, deposes and says:

I am over the age of 18 and competent to testify. I am a Senior Managing Director and Branch Manager at Cushman & Wakefield, Inc. ("Cushman & Wakefield"), a real estate broker whose principal address is 500 East Pratt Street, Suite 500, Baltimore, MD 21202.[2] The above-

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

captioned debtors and debtors-in-possession (collectively, the "Debtors") have retained Cushman & Wakefield to advise them on the sale of certain real property located at 7600 Grace Drive, Columbia, Maryland 21044 (the "Property").[3]

I directed the marketing of the Property. In that capacity, I have reviewed the *Motion for an Order Motion for an Order Authorizing the Private Sale of Real Property and Approving the Purchase and Sale Agreement* (the "Motion), which was filed contemporaneously herewith, and the purchase and sale agreement dated April 4, 2013, and attached to the Motion as Exhibit B (the "Sale Agreement"). Moreover, I am, directly or through the Debtors' personnel, attorneys, and other advisors familiar with the information contained therein and in the exhibits annexed thereto. Except as otherwise noted, I have personal knowledge of the matters set forth herein. If called upon to testify, I could and would testify competently to the facts and opinions contained in this declaration.

## I.     THE MARKETING PROCESS

1. In July 2008, Grace began considering the sale of certain property comprising approximately 66.8 acres of unused land located at 7600 Grace Drive, Columbia, Maryland 21044 (the "Property"). The Property is adjacent to the northwest boundary of Grace's corporate headquarters campus. The property is unimproved, except for a single structure used to warehouse files and a number of groundwater monitoring and treatment wells relating to long-term remediation taking place on the Grace campus.

2. Cushman & Wakefield, Inc. ("Cushman & Wakefield") has assisted Grace in analyzing options to dispose of the Property and to establish potential development densities and validate the Property's value. Cushman & Wakefield has also marketed the Property. In

---

[3] Cushman & Wakefield will be compensated 3% of the Base Purchase Price, or $393,000, for its services.

November 2008, Grace advised Howard County, Maryland, authorities of the potential subdivision and sale of the Property. By March 2009, Howard County had agreed to a subdivision plan developed by Grace and Cushman & Wakefield. In March 2009, Cushman & Wakefield released an offering memorandum for the Property based upon its development for office buildings. Between March 2009 and June 2011, Cushman & Wakefield contacted more than 725 prospective buyers and investors as part of its aggressive marketing effort. But no viable offer emerged for the purchase of the Property based upon its development for office space.

3. In August 2011, one of the earlier prospective buyers expressed renewed interest in the Property, but only if the Property could be rezoned for primarily residential use. In October 2011, this prospective buyer offered $8,000,000 for the Property based on the existing office-space zoning and $11,000,000 based upon rezoning to permit residential use. By late 2012, Cushman & Wakefield had been approached by several other interested parties who indicated that they could increase their offers if the Property were to be rezoned to permit residential use.

## II. HIGHEST AND BEST OFFER

4. In December 2012, Grace authorized Cushman & Wakefield to resume actively marketing the Property to qualified investors and buyers on the basis of the Property being rezoned for residential use. Cushman & Wakefield received four viable offers, from whom two finalists were chosen. In February 2013, Cushman & Wakefield requested best and final offers from the two finalists.

5. The Debtors, in consultation with Cushman & Wakefield, selected Greenfield Partners, LLC, through its subsidiary, GAP VI Properties, LLC, as the buyer (the "Buyer") based upon the following factors:

- Buyer had made the best financial offer, with a base purchase price of $13,100,000, plus additional amounts based upon Buyer achieving certain residential dwelling or commercial development densities; and

- Buyer had the best opportunity to successfully rezone the Property and obtain all of the necessary governmental approvals in order to be able to develop the Property, based upon its extensive acquisition and development experience, significant financial resources dedicated to this project and the quality of its team of seasoned land-use planning experts.

### III. NEGOTIATING THE SALE AGREEMENT

6. On April 4, 2013, after two weeks of intensive, arms-length and good-faith negotiations in which both parties were represented by sophisticated counsel and other advisors, Grace and Buyer executed the Sale Agreement.

### IV. NO LIENS ON THE PROPERTY

7. Based upon information and belief, there are no Liens or other Interests (as each of the preceding terms is defined in the Motion) in the Property other than the Permitted Exceptions.

**[remainder of this page is intentionally left blank]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
David Baird
Senior Managing Director and Branch Manager
Cushman & Wakefield, Inc.

SWORN AND SUBSCRIBED before me, this 15th day of April 2013

_____
Notary Public

My Commission Expires:    M'Linda M. Draughn
Notary Public, State Of Maryland
Baltimore County
My Commission Expires December 6, 2015