IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[3] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Re docket no. 30408 & 30483 |
| ) | Hearing Agenda item no. 4 |

### ORDER AUTHORIZING THE 2013 LONG-TERM INCENTIVE PLAN AND STOCK GRANTS TO DIRECTORS, AND THE AMENDMENT OF 2011 STOCK INCENTIVE PLAN TO IMPLEMENT SUCH PLAN AND GRANTS

Upon consideration of the *Motion for Entry of an Order Authorizing the 2013 Long-Term Incentive Plan and Stock Grants to Directors, and the Amendment of 2011 Stock Incentive Plan to Implement Such Plan and Grants* (the "Motion) it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core

---

[3] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

DOCS_DE:186787.1 91100/001

proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[4]

1. The Motion is granted in its entirety, as modified by the certificate of counsel filed at docket no. _____.

2. The Debtors are authorized, but not required, to implement the: (a) 2013 LTIP; (b) 2013 Directors Stock Grant; and (c) amendments to the 2011 LTIP, each as described in the Motion.

3. The Debtors are authorized to take all actions that may be necessary to implement the 2013 LTIP, the 2013 Directors Stock Grant and the amendments to the 2011 LTIP as described in the Motion.

4. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order, the 2013 LTIP, the 2013 Directors Stock Grant and the amendments to the 2011 LTIP.

**[remainder of this page is intentionally left blank]**

---

[4] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, THE Motion, the Reorg Stock plan (as defined herein) or the *First Amended Joint Plan of Reorganization in their Chapter 11* Cases [Docket no. 26368], as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

7.  This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062 and Fed. R. Bankr. P. 6004(h) or otherwise.

Dated: April 16, 2013

*Judith K. Fitzgerald*
_____
Honorable Judith K. Fitzgerald   SJS
United States Bankruptcy Judge