IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) ) (Jointly Administered) |
| Debtors. | ) ) Re docket no. 30412 & 30482 ) Hearing Agenda item no. _____ ) |

## ORDER APPROVING BAKER DONELSON'S MONTHLY FEE RETAINER, CLARIFYING THAT SECTION 328(A) PROVIDES THE APPROPRIATE STANDARD OF REVIEW FOR THE RETAINER AND EXPANDING THE SCOPE OF CERTAIN LEGISLATIVE AFFAIRS SERVICES NUNC PRO TUNC TO MAY 1, 2012

Upon consideration of the *Motion for an Order Approving Baker Donelson's Monthly Fixed Fee, Clarifying that Section 328(a) Provides the Appropriate Standard of Review and Expanding the Scope of Certain Legislative Affairs Services Nunc Pro Tunc to May 1, 2012* (the "Motion"); it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1. The Motion is granted in its entirety.

2. Baker Donelson's fees for the fourth quarter of 2011 and first quarter of 2012 are hereby approved in their entirety.

3. The Debtors are authorized to increase Baker Donelson's compensation for the Legislative Affairs Services on the terms set forth in the Motion and to expand the scope of Baker Donelson's services on the terms set forth in the Motion, *nunc pro tunc* to May 1, 2012.

4. The Debtors are authorized to retain Baker Donelson to provide Legislative Affairs Services for a monthly fee of $30,000 and reimburse Baker Donelson for all actual and necessary expenses incurred by Baker Donelson during the term of the retention.

5. Baker Donelson shall be compensated for the Legislative Affairs Services and reimbursed for expenses incurred providing such services, consistent with the terms described in the Motion, and in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules and any orders of this Court, including without limitation the, (a) *Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members,* dated May 3, 2001, effective as of April 2, 2001 and (b) *Amended*

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

*Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members*, dated April 17, 2002 (together, the "Interim Compensation Order").

6. Notwithstanding anything to the contrary in the Interim Compensation Order or herein, Baker Donelson's fixed monthly fee for Legislative Affairs Services shall be subject to the approval of the Court under the standard set forth in Bankruptcy Code section 328(a) upon proper application by Baker Donelson in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court, including, without limitation, the Interim Compensation Order; *provided, however*, that the United States Trustee retains the right to review any and all such fees and expenses pursuant to section 330(a) of the Bankruptcy Code.

7. Notwithstanding anything to the contrary in the Interim Compensation Order or herein, Baker Donelson will not be required to submit detailed daily time records as part of any monthly statements, or interim or final fee applications submitted by Baker Donelson with respect to its provision of the Legislative Affairs Services; *provided, however*, that in lieu of such records, Baker Donelson shall submit a reasonably detailed summary of such services earned in connection therewith as part of such monthly statements, or interim or final fee applications.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

9.  The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and matters pertaining to the retention and/or compensation of Baker Donelson in these chapter 11 cases.

10. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062 or otherwise.

Dated: April 16, 2013

*Judith K. Fitzgerald*     SJS

Honorable Judith K. Fitzgerald
United States Bankruptcy Judge