**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| _____ | ) | |
| **In re:** | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | Objection Deadline: May 24, 2013 at 4:00 p.m. |
| _____ | ) | Hearing: July 1, 2013 at 9:00 a.m. |

**TWENTY-EIGHTH QUARTERLY INTERIM FEE APPLICATION OF
TOWERS WATSON, ACTUARIAL CONSULTANTS TO
DAVID T. AUSTERN, ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE,
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR
THE PERIOD OCTOBER 1, 2012 THROUGH DECEMBER 31, 2012**

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Code"), and this Court's Amended

Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

Compensation and Reimbursement of Expenses for Professionals and Official Committee

Members, signed July 17, 2002, amending the Court's Administrative Order Pursuant to Sections

105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of

Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered

May 3, 2001 (the "Administrative Order"), Towers Watson, Actuarial Consultants ("Towers

Watson") hereby submits this Twenty-Eighth quarterly interim application (the "Twenty-Eighth

Quarterly Interim Application") for an allowance of (i) compensation for professional services

rendered to David T. Austern, the Asbestos PI Future Claimants Representative (the "FCR") of

W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period October 1, 2012

through December 31, 2012 (the "Interim Period"), and (ii) the reimbursement of expenses

incurred during the same period.

By this Twenty-Eighth Quarterly Fee Application, Towers Watson seeks the interim allowance of compensation in the amount of $3,692.50 in fees and reimbursement of actual and necessary expenses in the amount of $0.00 for a total of $3,692.50, or 100% of all compensation and expense reimbursement requested, for the period October 1, 2012 through December 31, 2012 (the "Interim Period"). In support of this Twenty-Eighth Quarterly Interim Application, Towers Watson respectfully represents as follows:

### Jurisdiction

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

### Background

2.  On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  By an Order dated May 24, 2004, the Court appointed the FCR for the above captioned cases. The Order appointing the FCR also authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the Bankruptcy Code). On October 29, 2004, the FCR applied to this Court for an order authorizing the retention of Towers Watson pursuant to an engagement agreement dated October 29, 2004 (the "Engagement Agreement") as his bankruptcy counsel.

4.  On December 21, 2004, this Court entered an order (the "Retention Order") authorizing the FCR to employ Towers Watson as actuarial consultants effective as of the October 29, 2004 pursuant to the terms of the Engagement Agreement.

**Monthly Fee Applications Covered Herein**

5.      On November 29, 2012, Towers Watson filed its Sixty-Fifth Monthly Application

for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy

Counsel to the FCR for the Period October 1, 2012 through October 31, 2012 (the "Sixty-Fifth

Monthly") [Docket No. 29966] requesting $2,954.00 (80% of $3,692.50) in fees and $0.00 in

expenses.  The deadline to file objections to the Sixty-Fifth Monthly expired December 19, 2012

and no objections were filed.  A certificate of no objection was filed with the Court on December

26, 2012 [Docket No. 30086].

6.      Towers Watson did not have any billing for the months of November and

December 2012, and therefore no fee applications were filed.

7.      The Sixty-Fifth Monthly application covered by this Twenty-Eighth Quarterly

Fee Application, as previously filed with the Court, contains the actual and necessary services

provided by Towers Watson during the Interim Period as well as other detailed information to be

included in fee applications.

**Requested Relief**

8.      By this Twenty-Eighth Quarterly Application, Towers Watson requests that the Court approve the interim allowance of compensation for professionals services rendered and the reimbursement of actual and necessary expenses incurred by Towers Watson from October 1, 2012 through December 31, 2012.  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee application for the Interim Period that already has been filed with the Court.

9.      At all relevant times, Towers Watson has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interests of the FCR.

10.     All services for which compensation is requested by Towers Watson were performed for or on behalf of the FCR.

11.     Except for the Debtors' promise to pay compensation and reimbursement as allowed by the Court, Towers Watson has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with this case.

14.    In accordance with Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, Towers Watson has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person other than with its partners, counsel and associates, or (b) any compensation another person or party has received or may receive in connection with this case.

WHEREFORE, Towers Watson respectfully requests that the Court enter an order, providing that, for the period October 1, 2012 through December 31, 2012, Towers Watson shall be allowed the sum of $3,692.50 in fees for reasonable and necessary professional services rendered to the FCR and the sum of $0.00 for the reimbursement of actual and necessary costs and expenses incurred, for a total of $3,692.50, that the Debtors be authorized and directed to pay to Towers Watson the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

TOWERS WATSON

*/S/ JENNIFER L. BIGGS*
Jennifer L. Biggs, FCAS, MAAA
101 S. Hanley Rd.
St. Louis, MO 63105
(314) 719-5843
(314) 719-5853 (fax)
Actuarial Consultant to David T. Austern,
Asbestos PI Future Claimants Representative

Dated: April 11, 2013