IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., *et al.*, | ) |
| | ) Case No. 01-1139 (JKF) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |
| | ) **Objection Date: June 4, 2013 @ 4 p.m.** |

**ANDERSON, KILL & OLICK, P.C.'S QUARTERLY FEE APPLICATION
FOR THE FORTY-EIGHTH INTERIM PERIOD OF
JANUARY 1, 2013 THROUGH MARCH 31, 2013 FOR
COMPENSATION OF SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES AS SPECIAL INSURANCE COUNSEL FOR
THE OFFICIAL COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS OF W. R. GRACE & CO., *ET AL.*[1]**

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members (the "Administrative Order"), the firm of Anderson Kill & Olick, P.C., ("AKO") hereby submits this Forty-Eighth interim application ("Forty-Eighth Interim Application") for compensation for professional services rendered as special insurance counsel to the Official Committee of Asbestos Personal Injury Claimants (the "P.I. Committee") of the Debtor, W. R. Grace & Co., *et al.* (the "Debtors"), in an amount of $392,374.50 together with reimbursement of AKO's actual and necessary expenses incurred in the amount of $124.41 for the period commencing January 1, 2013 through and including March 31, 2013 (the "Period").

---

[1] Per discussion with B. Ruhlander on 5/5/11, hereinafter our quarterly applications shall mirror her numbering system, making this our 31st Quarterly Application covering the 48th Interim Period of January, February and March 2013.

In support of this Forty-Eighth Interim Application, AKO respectfully represents as follows:

### I. JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334.

### II. BACKGROUND

2. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 under Title 11 of the United States Code (the "Bankruptcy Code").

3. From the Petition Date through the date of this Forty-Eighth Interim Application, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On April 12, 2001, the Office of the United States Trustee appointed the P.I. Committee pursuant to section 1102 of the Bankruptcy Code.

5. On March 18, 2005 the P.I. Committee filed and served its Application of the Official Committee of Asbestos Personal Injury Claimants to Retain and Employ Anderson Kill & Olick, P.C., (the "Retention Application"). Through the Retention Application, the P.I. Committee sought authorization to employ AKO as special insurance counsel, effective as of March 17, 2005. On June 14, 2005, the Court entered the Order of Court Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bank. P. 2014(a), 2016 and 5002, Authorizing the Employment and Retention of Anderson Kill & Olick, P.C., as Special insurance counsel to the Official Committee of Asbestos Personal Injury Claimants, *nunc pro tunc* to March 17, 2005.

### III. RELIEF REQUESTED

6. Through this Forty-Eighth Interim Application, AKO seeks allowance and payment of $392,374.50 in fees for services rendered during the Period and payment of $124.41

for reasonable and necessary expenses incurred during the Period. Thus, AKO seeks allowance and payment in the total amount of $392,498.91.

7. AKO has received no payment and no promises for payment from any source for services rendered during the Period in connection with the case. There exists no agreement or understanding between AKO and any other person for the sharing of any compensation to be received for services rendered by AKO in the case.

8. All services for which compensation is requested by AKO pursuant to this Application were performed for or on behalf of the P.I. Committee in this case.

9. This is AKO's Forty-Eighth Interim Application.

### IV.    SUMMARY OF SERVICES RENDERED

10. AKO maintains detailed records of the time spent as special insurance counsel for the P.I. Committee during the Period. Attached hereto as Exhibit A and incorporated herein by reference are true and correct copies of the monthly summaries prepared for the services rendered in this case by AKO. Exhibit A is in the same form regularly used by AKO to bill its clients for services rendered and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services, the amount of time spent for each service and the designation of the professional who performed the service.

11. As set forth on Exhibit A, AKO rendered 730.50 hours of professional services during the Period, resulting in legal fees totaling $392,374.50 and associated reasonable and necessary expenses returned totaling $124.41.

12. The rates for the expenses incurred by AKO for which reimbursement is requested pursuant to this Application, as well as the basis for such rates for the identified expense items are set forth below:

(a) Copy charges: AKO charges $0.10 cents per page for copies and such charge is based on an analysis of the cost to AKO to make a copy;

(b) Computer research charges: AKO passes through on an exact cost basis all computer-assisted research charges; and

(c) Out-going facsimile charges: AKO charges $0.50 for each page. These charges are based on an analysis of the cost to AKO to send facsimile transmissions. AKO does not pass through to its client's expenses or charges related to incoming facsimile transmissions.

13. AKO has extensive experience in matters of this nature and character. The firm possesses substantial and well–known expertise in analyzing complex insurance coverage and recovery issues. Among other things, AKO has successfully pursued insurance coverage on behalf of ten major asbestos defendants, as well as a great many other insurance policyholder clients. AKO has tried 17 major insurance coverage litigations on behalf of policyholders, prevailing in 15 of them, and has obtained billions of dollars in recoveries in well–publicized settlements in numerous other cases. AKO has extensive appellate experience in insurance coverage matters as well.

14. The PI Committee's activities and the services of AKO for the foreseeable future are expected to include, inter alia, the following responsibilities:

(a) To advise the PI Committee regarding matters of Debtors' insurance coverage available for payment of asbestos–related, silica–related or other toxic exposure claims, including gaps in coverage, overlapping coverage provided by multiple carriers and availability of excess insurance coverage;

(b) To review, analyze and advise the PI Committee on potential settlements between the Debtors and the Debtors' insurance carriers; and

  (c) To advise the PI Committee regarding issues related to the Debtors' insurance coverage in connection with these Chapter 11 cases.

15. The generality of the foregoing description is amplified on a day-to-day basis by the Billing Statement attached as Exhibit A.

16. Thus, through this Forty-Eighth Interim Application, AKO seeks payment of the uncredited portion of $392,374.50 in fees and $124.41 in expenses. A Notice of Forty-Eighth Interim Application will be filed and served on all parties requesting notice under Bankruptcy Rule 2002 and the Forty-Eighth Interim Application will be served on the parties specified in the Administrative Order.

## V. ALLOWANCE OF COMPENSATION

17. AKO have necessarily and properly expended 730.50 hours of services in performance of its duties as asbestos-bodily injury consultant to the P.I. Committee. Pursuant to the Administrative Order, AKO respectfully requests payment of an interim fee allowance of professional services in the amount of $392,374.50 and $124.41 in expenses reimbursement returned.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, AKO respectfully requests that the Court enter an order approving this Forty-Eighth Interim Application and directing payment of $392,374.50 in fees and reimbursement of $124.41 in expenses (to the extent not already paid pursuant to the Administrative Order), and for such other and further relief as the Court deems just and proper.

Dated:  May 15, 2013

                ANDERSON KILL & OLICK, P.C

                */s/Robert Y. Chung*
                Robert Y. Chung
                1251 Avenue of the Americas
                New York, NY 10020-1182
                (212) 278-1039

                *Special Insurance Coverage Counsel for the*
                *Official Committee of Asbestos Claimants*