B210A (Form 210A) (12/09)

# United States Bankruptcy Court

## District of Delaware

In re

W.R. GRACE & CO., et al.,　　　　　　　　　　Case No. 01-1139 (JKF)

　　Debtor

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Southpaw Koufax LLC | Oldon Limited Partnership |
|---|---|
| Name of Transferee | Name of Transferor |
| | |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): 11301 |
| Southpaw Koufax LLC | |
| 2 West Greenwich Office Park, 1st Floor | Claim Amount: $118,010.00 |
| Greenwich, CT 06831 | Date Claim Filed: 03/27/2003 |
| Attn: Jeff Cohen | |
| Phone: (203) 862-6208 | Phone: |
| Last Four Digits of Acct #: _____ | Last Four Digits of Acct. #: _____ |

Name and Address where transferee payments
should be sent (if different from above)


Phone:
Last Four Digits of Acct #:



I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:  /s/ Jeff Cohen　　　　　　　　　　　Date: May 24, 2013
　　　Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**Exhibit B**

## EVIDENCE OF TRANSFER OF CLAIM

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

Claim #:    11301

For good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, Oldon Limited Partnership, (the "Transferor") its successors and assigns, does hereby unconditionally and irrevocably sell, transfer and assign unto Southpaw Koufax LLC its successors and assigns (the "Transferee"), all rights, title, interest, claims and causes of action in and to, or arising under or in connection with all of Transferor's claims (collectively the "Claim") against W.R. Grace & Co. (the "Debtor"), the debtor in the Chapter 11 proceeding entitled *In re: W.R. Grace & Co.*, Case No. 01-01139 pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and all scheduled claims and all proofs of claim filed by Transferor in respect thereof.

Transferor hereby waives any objection to the transfer of the Claim to Transferee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Transferor acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Transferor transferring to Transferee the Claim and recognizing the Transferee as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Transferee at the following address:

> Southpaw Koufax LLC
> 2 West Greenwich Office Park, 1st Floor
> Greenwich, CT 06831
> Attn: Jeff Cohen

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated April 24, 2013.

Transferor:                                                                 Transferee:

Oldon Limited Partnership                                      Southpaw Koufax LLC

By: _____                              By: _____
Name: Eileen O'Leary Sullivan                                Name:
Title: General Partner                                              Title:

**Howard Golden**
**Member**

7

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & CO., et al.[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 01-01139 (JKF)<br>) (Jointly Administered)<br>)<br>) Re: Docket No.: 24919<br>) 7/14/10 Agenda Item No. 5<br>) |

### ORDER AUTHORIZING DEBTORS' ENTRY INTO (I) CONSENT ORDER WITH THE UNITED STATES REGARDING THE ZONOLITE/W.R. GRACE EASTHAMPTON, MA SUPERFUND SITE (II) STIPULATION RESOLVING CLAIM 11301 OF OLDON LIMITED PARTNERSHIP AND (III) STIPULATION RESOLVING CLAIM 7121 OF THE CITY OF EASTHAMPTON

Upon consideration of the *Motion of Debtors for Entry of an Order Authorizing Their Entry Into (i) Consent Order with the United States Regarding the Easthampton MA Superfund Site; (ii) Stipulation resolving Claim No. 11301 of Oldon Limited Partnership; and (iii) Stipulation resolving Claim No. 7121 of the City of Easthampton*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

DOCS_DE:161489.1

(the "Motion"); and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby ORDERED that:

1. The Motion is granted in its entirety.

2. The Debtors are authorized to enter into the Consent Order, which is attached to this Order as Exhibit I.

3. Paragraph 87 of the Consent Order executed by the parties and attached hereto as Exhibit I is incomplete. The complete paragraph 87 of the Consent Order which has been agreed to and executed by the parties and is approved by this Order reads as follows:

> 87. W.R. Grace has filed a petition for reorganization under Chapter 11 of the U.S. Bankruptcy Code. Grace expects to emerge from bankruptcy during 2010. In order to receive authority to carry out its obligations under this Settlement Agreement including, but not limited to, carrying out the Work to be performed and paying EPA's Past and Future Response Costs, Grace shall file a motion for approval of this Settlement Agreement with the Bankruptcy Court within fourteen (14) days after signature by all Parties in order to obtain permission to perform its obligations under the Settlement Agreement and to allow and pay as an unsecured, pre-petition, non-priority claim against Grace's Chapter 11 estate the amount of Grace's share of EPA's response costs. The allowed payment of Grace's share of EPA's response costs and any other payments due under or made pursuant to this Settlement Agreement shall be made pursuant to and in accordance with the date specified in Grace's confirmed Plan of Reorganization for the payment of allowed claims. This Settlement Agreement shall not be effective and binding on Grace or Oldon unless and until the Bankruptcy Court enters an Order granting the relief contemplated in this Paragraph.

4. The Debtors are authorized to enter into the Oldon Stipulation, which is attached to this Order as Exhibit II.

5. The Debtors are authorized to enter into the City Stipulation, which is attached to this Order as Exhibit III.

---

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion or the Consent Order.

2

DOCS_DE:161489.1

6. The Debtors are authorized to consummate the transactions contemplated in the Consent Order, the Oldon Stipulation and the City Stipulation, including the use of the Debtors' estate property and resources necessary to undertake the performance of the work set forth in the Consent Order.

7. The USEPA shall have an allowed unsecured claim for Past Response Costs in the amount of $72,537. The Allowed Past Response Cost Claim will be paid within 30 days after the effective date of the Plan of Reorganization for the Debtors in the same manner as all other allowed general unsecured claims. Notwithstanding what the Plan of Reorganization may provide, however, Interest will not accrue on the Allowed Past Response Cost Claim until 30 days after the Effective Date of the Consent Order, at which point, Interest will accrue on the Allowed Past Response Cost Claim at the rate established by 26 U.S.C. § 9507.

8. Grace is authorized to pay EPA's Future Response Costs. These costs shall be payable within 30 days of Grace's receipt of each bill requiring payment or within 30 days of the effective date of the Plan of Reorganization, whichever is later.

9. Oldon Claim No. 11301, which for purposes of the Stipulation includes, but is not limited to, certain actual costs already incurred by Oldon for compliance fees to MassDEP, a site survey, environmental consulting, legal fees and other costs incurred by Oldon as Owner of the Site shall be allowed as a Class 7A Asbestos Property Damage Claim (the "Allowed Oldon Claim"), in the amount of $118,010. The Allowed Oldon Claim shall be paid in the same manner as all other similarly situated Allowed Class 7A Asbestos Property Damage Claims pursuant to the Plan of Reorganization. All other amounts outlined in or related to the Claim No. 11301 relating to the Property, including any

3

DOCS_DE:161489.1

claims which would otherwise have qualified as Class 7B Asbestos Property Damage Claims, shall hereby be disallowed and expunged.

10. The Parties to the Oldon Stipulation, including upon its formation the WRG Asbestos Property Damage Trust, shall be forever barred, estopped, and enjoined from asserting against each other, other than on the terms and conditions set forth in the Oldon Stipulation and in the Consent Order attached as Exhibit I to this Order, any other or additional claims, liabilities, or causes of action arising from or related to the Property of any nature, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise.

11. City Claim No. 7121 shall be disallowed and expunged. However, in the event that Grace breaches its obligations under the Consent Order to remediate the Site as set forth in the Consent Order, the City shall have the right to re-assert its Claim against Grace.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order, the Consent Order, the Oldon Stipulation and/or the City Stipulation.

13. This Order is effective immediately upon its entry, notwithstanding Fed. R. Bankr. P. 6004(h).

Dated: July 2, 2010

_Judith K. Fitzgerald_
Honorable Judith K. Fitzgerald  rmab
United States Bankruptcy Judge

4