IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & CO., et al.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 01-01139 (JKF)<br>) (Jointly Administered)<br>)<br>) **Objection Deadline: June 14, 2013, at 4:00 p.m.**<br>) **Hearing Date: July 1, 2013, at 9:00 a.m.**<br>) |

## MOTION FOR ENTRY OF AN ORDER APPOINTING ROGER FRANKEL AS THE SUCCESSOR LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS *NUNC PRO TUNC* TO MAY 16, 2013

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion") requesting that the Bankruptcy Court (the "Court") enter an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), appointing Roger Frankel ("Mr. Frankel")as the successor legal representative for future asbestos personal injury claimants (the "PI Future Claimants' Representative"), effective *nunc pro tunc* to May 16, 2013. In

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

support of this Motion, the Debtors submit the declaration of Mr. Frankel, which is attached hereto as **Exhibit B** (the "Frankel Declaration").

As described more fully below, David T. Austern ("Mr. Austern"), the asbestos personal injury future claimants' representative originally appointed by the Court in 2004, passed away on May 16, 2013. By this Motion, the Debtors seek to appoint Mr. Austern's long-time counsel as his successor. In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for this Motion are sections 105, 327 and 524(g)(4)(B)(i) of the Bankruptcy Code.

## Background

**A.    Status of the Chapter 11 Cases**

4. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

5. On April 13, 2001, the United States Trustee for the District of Delaware (the "United States Trustee") appointed the following committees pursuant to section 1102 of the Bankruptcy Code: an official committee of unsecured creditors (the "Unsecured Creditors' Committee") [Docket No. 94]; an official committee of asbestos personal injury claimants (the

"Asbestos PI Committee") [Docket No. 95]; and an official committee of asbestos property damage claimants (the "Asbestos PD Committee") [Docket No. 96]. On June 18, 2001, the United States Trustee appointed an official committee of equity security holders pursuant to section 1102 of the Bankruptcy Code (the "Equity Committee," and together with the Unsecured Creditors' Committee, the Asbestos PI Committee, and the Asbestos PD Committee, collectively, the "Committees") [Docket No. 532].

6. On April 22, 2010, the Debtors filed the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through March 19, 2010 [Docket No. 24657]. On December 8, 2010, the Debtors filed the Notice of Fifth Set of Modifications to Joint Plan of Reorganization [Docket No. 25881]. On December 16, 2010, the Debtors filed the Notice of Sixth Modification to Joint Plan of Reorganization [Docket No. 25931]. On December 23, 2010, the Debtors filed the Certification of Counsel Regarding Agreed Amendment to Section 3.1.9 of the Joint Plan [Docket No. 25956] (together with Docket Nos. 24657, 25881, and 25931, the "Joint Plan").

7. On January 31, 2011, the Court issued its Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law [Docket No. 26154] and Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010 [Docket No. 26155]. On February 15, 2011, the Court issued its Order Clarifying Memorandum Opinion and Order

Confirming Joint Plan as Amended Through December 23, 2010 [Docket No. 26289] (collectively with Docket Nos. 26154 and 26155, the "Confirmation Order").

8. The Confirmation Order was appealed to the United States District Court for the District of Delaware (the "District Court"), Case No. 11-199 (lead case). On January 30, 2012, the District Court issued its Memorandum Opinion [Docket No. 165] and Order [Docket No. 166] denying or overruling all objections, affirming a settlement between the Debtors and CNA, and confirming the Joint Plan in its entirety.

9. On June 11, 2012, the District Court issued its Consolidated Order Regarding Motions for Reconsideration [Docket No. 215] and in conjunction with its consolidated order, the District Court issued its Amended Memorandum Opinion [Docket No. 217] and Amended Order [Docket No. 218] clarifying and expanding the discussion in its prior opinion and, once more, denying or overruling all objections and confirming the Joint Plan in its entirety.

10. The Confirmation Order is currently on appeal before the United States Court of Appeals for the Third Circuit (the "Third Circuit"), Case No. 12-1402 (lead case). The appeal has been fully briefed and oral argument has been set for June 17, 2013.

### B. David T. Austern's Appointment and Role as Asbestos Personal Injury Future Claimants' Representative in These Chapter 11 Cases

11. On May 24, 2004, this Court appointed Mr. Austern as the asbestos personal injury future claimants' representative in these Chapter 11 Cases.[2]

12. Mr. Austern died on May 16, 2013. Accordingly, the Debtors bring this Motion to ensure seamless and uninterrupted performance of the duties and responsibilities of the asbestos personal injury future claimants' representative in these Chapter 11 Cases.

---

[2] Order Granting Application of Debtors Pursuant to 11 U.S.C. §§ 105, 327 and 524(g)(4)(B)(i), for the Appointment of a Legal Representative for Future Asbestos Claimants, entered May 24, 2004 [Docket No. 5645], at ¶ 2.

13. During his tenure as the asbestos personal injury future claimants' representative, Mr. Austern and his counsel were actively involved in the contested estimation litigation proceedings, and played a key role in the negotiations leading up to the global settlement that formed the basis for the Joint Plan. Mr. Austern and his counsel were instrumental in the negotiation, drafting and finalization of the terms of the Joint Plan and the related Joint Plan documents, which documents reflect substantial input from Mr. Austern and his counsel. In addition, Mr. Austern and his counsel have been actively involved in the extended litigation before the Court leading to confirmation of the Joint Plan, as well as the briefing and argument on appeal to the District Court, and the briefing and preparation for oral argument in the appeal to the Third Circuit.[3]

14. Throughout his tenure as the asbestos personal injury future claimants' representative, Mr. Austern worked closely with Mr. Frankel and other lawyers from Orrick in carrying out his duties. As explained more fully in the Frankel Declaration, Mr. Frankel began representing Mr. Austern in connection with these Chapter 11 Cases when Mr. Austern was appointed in 2004, while Mr. Frankel was with the law firm of Swidler Berlin LLP (f/k/a Swidler Berlin Shereff Friedman, LLP) ("Swidler").[4] When Mr. Frankel left Swidler to join Orrick in 2006, Mr. Austern subsequently engaged Mr. Frankel and Orrick to serve as his attorneys in connection with his role as the asbestos personal injury future claimants' representative.[5]

---

[3] Frankel Declaration ¶¶ 8-9.

[4] Id. ¶¶ 6-7.

[5] Id. ¶ 7.

## Relief Requested

15. By this Motion, the Debtors seek entry of an order, pursuant to sections 105, 327 524(g)(4)(B)(i) of the Bankruptcy Code, appointing Roger Frankel as the successor PI Future Claimants' Representative in these Chapter 11 Cases effective *nunc pro tunc* to May 16, 2013.

## Basis for Relief

16. Section 524(g)(4)(B)(i) requires the Court to appoint "a legal representative for the purpose of protecting the rights of persons that might subsequently assert demands [as defined in section 524(g)(5)]." 11 U.S.C. § 524(g)(4)(B)(i).

### A. Mr. Frankel's Qualifications

17. Mr. Frankel is a graduate of the George Washington University Law School. He has practiced in the areas of business reorganization and creditors' rights since 1972. For the past twelve years, Mr. Frankel has represented clients in connection with complex, asbestos-related bankruptcy cases, including representing future claimants' representatives in the same.[6]

18. Mr. Frankel is a partner at Orrick, and is co-chair of Orrick's global Restructuring Group. As noted above and in the Frankel Declaration, Mr. Frankel has represented Mr. Austern and served as his lead counsel throughout Mr. Austern's term as asbestos personal injury future claimants' representative in these Chapter 11 Cases.[7] As such, Mr. Frankel is uniquely suited for appointment as the successor PI Future Claimants' Representative. To be sure, no other law firm or person has the institutional knowledge that Mr. Frankel and other lawyers at Orrick have with respect to the issues faced and decisions rendered by Mr. Austern and his counsel in these Chapter 11 Cases. Accordingly, appointing Mr. Frankel as the successor PI Future Claimants'

---

[6] *Id.* ¶¶ 11-14.

[7] *Id.* ¶¶ 6-9.

Representative will result in a seamless transition and occasion no disruption as these Chapter 11 Cases near their ultimate conclusion.

### B. Disinterestedness

19. To the best of the Debtors' knowledge, and as described more fully in the Frankel Declaration, Mr. Frankel is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and referenced by section 328(c) of the Bankruptcy Code.[8] Mr. Frankel holds no interest adverse to the Debtors or their estates for the matters for which he would be employed.[9] Additionally, Mr. Frankel has no connection, other than that disclosed above and in the Frankel Declaration, to the Debtors, their creditors, or any other party in interest.[10]

### C. Terms of Mr. Frankel's Appointment as Successor PI Future Claimants' Representative

20. The Debtors request the entry of the Order appointing Mr. Frankel as the successor PI Future Claimants' Representative under the following terms, which terms are identical to those provided in the Court's Order appointing Mr. Austern:

    a. <u>Standing</u>. The successor PI Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party-in-interest in all matters relating to the Debtors' Chapter 11 Cases, and shall have, inter alia, the powers and duties of a committee, which powers and duties may be modified by order of the Court at any time during these Chapter 11 Cases.

---

[8] *Id.* ¶¶ 15-23.
[9] *Id.*
[10] *Id.*

b. <u>Engagement of Professionals</u>. The successor PI Future Claimants' Representative may employ attorneys, and other professionals, consistent with sections 327 and 1103 of the Bankruptcy Code, subject to prior approval of this Court and pursuant to the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement for Expenses for Professionals and Official Committee Members, dated April 17, 2002 (the "Administrative Compensation Order") entered by this Court, and the guidelines established by the Fee Auditor appointed in these Chapter 11 Cases.

c. <u>Compensation</u>. Compensation, including professional fees and reimbursement of expenses, shall be payable to the successor PI Future Claimants' Representative and his professionals from the Debtors' estates, subject to approval by this Court and subject to the Administrative Compensation Order and the guidelines established by the Fee Auditor appointed in these Chapter 11 Cases.

d. <u>Liability Indemnity of Successor PI Future Claimants' Representative</u>. The PI Future Claimants' Representative shall not be liable for any damages, or have any obligations other than as prescribed by orders of this Court; <u>provided, however</u>, that the PI Future Claimants' Representative may be liable for damages caused by his willful misconduct or gross negligence. The PI Future Claimants' Representative shall not be liable to any person as a result of any action or omission taken or made by the PI Future Claimants' Representative in good faith. The Debtors shall indemnify, defend and hold the PI Future Claimants' Representative and his agents and professionals harmless from any claims by any party against the PI Future Claimants' Representative arising out of or relating to the performance of his duties as PI Future Claimants' Representative,

provided, however, that the PI Future Claimants' Representative (and his agents and professionals), shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the PI Future Claimants' Representative is liable upon such claim as a result of willful misconduct or gross negligence. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order and no longer subject to appeal), and (ii) entry of an order closing these Chapter 11 Cases, the PI Future Claimants' Representative believes that he is entitled to payment for any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under an order approving this Motion, including without limitation the advancement of defense costs, the PI Future Claimants' Representative must file an application therefor in this Court, and the Debtors may not pay any such amounts to the PI Future Claimants' Representative before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the PI Future Claimants' Representative for indemnification, contribution or reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the PI Future Claimants' Representative. In the event that a cause of action is asserted against the PI Future Claimants' Representative arising out of or relating to the performance of his duties as PI Future Claimants' Representative, the PI Future Claimants' Representative shall have the right to choose his own counsel.

e. Right to Receive Notices. The PI Future Claimants' Representative and his counsel shall be entitled to receive all notices and pleadings which are served upon the

Committees and their respective counsel pursuant to any and all orders entered in these Chapter 11 Cases, including, without limitation, (i) the Administrative Compensation Order, and (ii) any and all orders authorizing the Debtors to obtain post-petition financing.

### D. Appointment of Mr. Frankel *Nunc Pro Tunc* is Appropriate

21. Courts in this district have appointed future claimants' representatives on a *nunc pro tunc* basis. *See, e.g., In re ABB Lummus Global Inc.*, No. 06-10401-JKF, 2006 WL 2052409, at *2 (Bankr. D. Del. June 29, 2006). Moreover, Federal Rule of Bankruptcy Procedure 2012, which governs the death of a trustee, provides a useful analogy for the proposition that a representative's successor should take over immediately upon the death of the predecessor. *See* Fed. R. Bankr. P. 2012(b).[11]

22. Accordingly, the Debtors have determined that Mr. Frankel is qualified and uniquely suited to serve as the successor PI Future Claimants' Representative in these Chapter 11 Cases. The Debtors, therefore, seek entry of the Order appointing Mr. Frankel as the successor PI Future Claimants' Representative appointed in these Chapter 11 Cases, effective *nunc pro tunc* to May 16, 2013.

### No Previous Motion

23. No previous motion for the relief sought herein has been made to this or any other court.

---

[11] Rule 2012(b) provides, in relevant part, that "[w]hen a trustee dies, resigns, is removed, or otherwise ceases to hold office during the pendency of a case under the Code (1) the successor is automatically substituted as a party in any pending action, proceeding, or matter; and (2) the successor trustee shall prepare, file, and transmit to the United States trustee an accounting of the prior administration of the estate." Fed. R. Bankr. P. 2012(b); *cf.* Fed. R. Civ. P. 25(a) (detailing the procedure for substitution after a party's death).

## Notice

24.     Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to the Committees; and (v) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of the Order: (a) appointing Roger Frankel as the successor PI Future Claimants' Representative in these Chapter 11 Cases effective *nunc pro tunc* to May 16, 2013; and (b) granting such other relief as may be appropriate.

Dated: May 24, 2013

KIRKLAND & ELLIS LLP
John Donley, P.C.
Adam C. Paul
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

THE LAW OFFICE OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
Telephone: (312) 836-4047


and

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Kathleen P. Makowski
_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Co-Counsel for the Debtors and Debtors-in-Possession*