## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) <br> ) (Jointly Administered) |
| Debtors. | ) <br> ) Re Docket No. _____ <br> ) Hearing Agenda Item No. _____ <br> ) |

## ORDER APPOINTING ROGER FRANKEL AS THE SUCCESSOR LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS *NUNC PRO TUNC* TO MAY 16, 2013

Upon consideration of the *Motion for Entry of an Order Appointing Roger Frankel as the Successor Legal Representative for Future Asbestos Personal Injury Claimants Nunc Pro Tunc to May 16, 2013* (the "Motion"), and the declaration of Roger Frankel in support thereof (the "Frankel Declaration"), it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; the Court having found that Mr. Frankel is and continues to be disinterested, does not represent any other entity having an

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

adverse interest in connection with these cases, and does not represent or hold an adverse interest with respect to the matters on which Mr. Frankel is to be employed; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1. The Motion is granted in its entirety.

2. Pursuant to the terms and conditions set forth in the Motion and the Frankel Declaration, Roger Frankel is hereby appointed as the successor PI Future Claimants' Representative, effective *nunc pro tunc* to May 16, 2013.

3. The PI Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party in interest in all matters relating to the Debtors' Chapter 11 Cases, and shall have, *inter alia*, the powers and duties of a committee, which powers and duties may be modified by order of the Court at any time during these cases.

4. The PI Future Claimants' Representative may employ attorneys, and other professionals, consistent with sections 327 and 1103 of the Bankruptcy Code, subject to prior approval of this Court and pursuant to the Administrative Compensation Order and the guidelines established by the Fee Auditor appointed in these Chapter 11 Cases.

5. Compensation, including professional fees and reimbursement of expense, shall be payable to the PI Future Claimants' Representative and his professionals from the Debtors' estates, in accordance with the terms and conditions described in the Motion and the Frankel

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Declaration, subject to approval by this Court and subject to the Administrative Compensation Order and guidelines established by the Fee Auditor appointed in these Chapter 11 Cases.

6.  The PI Future Claimants' Representative shall not be liable for any damages, or have any obligations other than as prescribed by orders of this Court; provided, however, that the PI Future Claimants' Representative may be liable for damages caused by his willful misconduct or gross negligence. The PI Future Claimants' Representative shall not be liable to any person as a result of any action or omission taken or made by the PI Future Claimants' Representative in good faith. The Debtors shall indemnify, defend and hold the PI Future Claimants' Representative and his agents and professionals harmless from any claims by any party against the PI Future Claimants' Representative arising out of or relating to the performance of his duties as PI Future Claimants' Representative, provided, however, that the PI Future Claimants' Representative (and his agents and professionals), shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the PI Future Claimants' Representative is liable upon such claim as a result of willful misconduct or gross negligence. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order and no longer subject to appeal), and (ii) entry of an order closing these Chapter 11 Cases, the PI Future Claimants' Representative believes that he is entitled to payment for any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under this Order, including without limitation the advancement of defense costs, the PI Future Claimants' Representative must file an application therefor in this Court, and the Debtors may not pay any such amounts to the PI Future Claimants' Representative before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time

under which this Court shall have the jurisdiction over any request for fees and expenses by the PI Future Claimants' Representative for indemnification, contribution or reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the PI Future Claimants' Representative. In the event that a cause of action is asserted against the PI Future Claimants' Representative arising out of or relating to the performance of his duties as PI Future Claimants' Representative, the PI Future Claimants' Representative shall have the right to choose his own counsel.

7. The PI Future Claimants' Representative and his counsel shall be entitled to receive all notices and pleadings which are served upon the Committees and their respective counsel pursuant to any and all orders entered in these Chapter 11 Cases, including, without limitation, (i) the Administrative Compensation Order, and (ii) any and all orders authorizing the Debtors to obtain post-petition financing.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

9. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 6004(h), Fed. R. Bankr. P. 9014, or otherwise.

Dated: _____, 2013

_____
Honorable [_____]
United States Bankruptcy Judge