| DATE OF SERVICE OF CLAIM SETTLEMENT NOTICE: | MAY 28, 2013 |
|---|---|
| OPPOSITION/RESPONSE DUE: | JUNE 17, 2013 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| In re: | ) Chapter 11 |
|---|---|
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

## CLAIM SETTLEMENT NOTICE (CLAIM NO. 13308)

THIS NOTICE (THE "CLAIM SETTLEMENT NOTICE") IS PROVIDED TO YOU PURSUANT TO THAT CERTAIN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (THE "BANKRUPTCY COURT") *AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING* (THE "OMNIBUS SETTLEMENT PROCEDURES ORDER"). YOU MUST ADHERE TO THE

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

TERMS OF THIS CLAIM SETTLEMENT NOTICE IN ORDER TO PROTECT YOUR RIGHTS. PLEASE READ THE FOLLOWING PROCEDURES CAREFULLY.[2]

Pursuant to the Court Order, the Debtors must provide notice to the Negative Notice Parties (as defined herein) of any settlement with a value that equals or exceeds $50,000, but does not exceed $1,000,000. Such notice must include the terms of the settlement and the Debtors' basis for belief that each settlement is fair and reasonable. Pursuant to the terms of the Court Order, if the terms set forth in this Claim Settlement Notice are not objected to in writing by any of the Negative Notice Parties within twenty (20) days after the date of transmittal of such written notice, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Bankruptcy Court by the Debtors of a certificate of no objection with respect to such settlements. **In no event, however, will a settlement executed by the Debtors in accordance with the Court Order provide for any monetary payments to be made by the Debtors from property of their estates to or on behalf of a settling party on account of any claims owing or arising prior to April 2, 2001, the date the Debtors filed their petitions for relief under title 11 of the United States Code.** Such claims shall be satisfied in accordance with such further orders of the Bankruptcy Court or in accordance with the Debtors' plan of reorganization.

If you oppose the settlement of the Claims (as defined below) on the terms set forth herein, you must follow the procedures delineated below. Please note that objections, oppositions or comments to the procedures set forth herein shall not be deemed an objection to the settlement of the Claim and will, therefore, not be considered.

*Summary of Terms of Settlement*

The *Stipulation Resolving Claims of National Aluminum Corporation*, attached hereto as Exhibit A, has been executed by Avatex Liquidating Trust, as Disbursing Agent, on behalf of National Aluminum Corporation and the remaining NAC Debtors, pursuant to Section 6.5 of the NAC Debtors' *First Amended Plan of Reorganization, as Modified*, ("Claimant") and the Debtors pursuant to paragraph 4.B of that certain *Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters* (the "Settlement Agreement"), which is attached as Exhibit A to the Court's *Order Authorizing Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters*, entered on June 2, 2008 [Docket no. 18847] (the "Settlement Agreement Order").

Settlement Agreement ¶ 4.A allowed Claimant a general unsecured non-priority claim in the amount of $63,921.62 the claim documented by the proof of claim ("Claim No. 13308") filed by Claimant on or about March 31, 2003, asserting an unsecured nonpriority claim against the Debtors in the amount of $63,921.62 arising from environmental response costs relating to the Green River Site in Maceo, Kentucky.

---

[2] Capitalized terms not defined in this Stipulation shall have the meanings ascribed to them, as the case may be, in the Stipulation Resolving Claims of National Aluminum Corporation (the "Stipulation"), dated as of May 28, 2013, and attached hereto as Exhibit A, the Omnibus Settlement Procedures Order, the Settlement Agreement, the Settlement Agreement Order or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases*, Docket no. 25881, as it may be further amended, supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

Settlement Agreement ¶ 4.B provides in relevant part that Claimant will be entitled to receive payment under the Plan or another confirmed chapter 11 plan or plans in the above-captioned chapter 11 cases (the "Confirmed Plan of Reorganization") if, by the effective date of the Confirmed Plan of Reorganization, Claimant has agreed in writing that all liabilities and obligations for the Green River Site that Claimant has or ever could have been be asserted against the Debtors are discharged and satisfied by the Allowed Claim provided for in the Settlement Agreement.

*Objection Procedures:*

If you object to the settlement of the Claim, you **MUST** serve on the parties listed below (collectively, the "Negative Notice Parties") a written objection to this Claim Settlement Notice. All objections and responses must be received by the Negative Notice Parties at the facsimile numbers set forth below no later than set forth below no later than 4:00 p.m. ET, June 17, 2013, which is twenty (20) days after the date of this notice.

If a timely objection is not received by the Negative Notice Parties and Debtors' counsel, the Claim shall be deemed resolved without further notice or hearing of the Bankruptcy Court.

If a timely objection is received by the Negative Notice Parties' and Debtors' counsel and a resolution to the objection cannot be reached among the parties, the Debtors will file a copy of the Claim Settlement Notice and your objection with the Court and will schedule a hearing to consider the Claim Settlement Notice. Unless otherwise ordered by the Court, if such objection is overruled or withdrawn, the settlement of the Claim shall be deemed to have occurred on the date the Court enters an order approving the Claim Settlement Notice.

Any questions or comments regarding the foregoing procedures may be forwarded to James E. O'Neill of Pachulski Stang Ziehl & Jones LLP at 919 N. Market St., 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705, (302) 652-4100.

*[remainder of this page is intentionally left blank]*

## DISTRIBUTION LIST/NEGATIVE NOTICE PARTIES

### *OFFICE OF UNITED STATES TRUSTEE*

| | |
|---|---|
| United States Trustee's Office<br>Attn: Richard Shepacarter<br>844 King Street, Suite 2207<br>Lock Box 35<br>Wilmington, DE  19801 | **FAX: (302) 573-6497** |

### *COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS*

| | |
|---|---|
| Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, New York 10038-4982<br>Attn: Denise K. Wildes | **FAX: (212) 806-6006** |

### *COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS*

| | |
|---|---|
| Caplin & Drysdale<br>375 Park Avenue, 35th Floor<br>New York, NY  10152<br>Attn: Elihu Inselbuch | **FAX: (212) 644-6755** |
| Caplin & Drysdale<br>One Thomas Circle, N.W., Suite 1100<br>Washington, District of Columbia 20005<br>Attn: Peter Van N. Lockwood | **FAX: (202) 429-3301** |
| Campbell & Levine<br>222 Delaware Avenue<br>Suite 1620<br>Wilmington, DE 19801<br>Attn: Mark T. Hurford | **FAX: (302) 426-9947** |

### *COUNSEL TO THE OFFICIAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS*

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>First Union Financial Center<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, Florida 33131<br>Attn: Scott L. Baena | **FAX: (305) 374-7593** |

### *COUNSEL TO THE LC FACILITY AGENT AND LC ISSUERS*

Latham & Watkins  
Sears Tower, Suite 5800  
233 South Wacker Drive  
Chicago, IL 60606  
Attn:   Douglas Bacon

FAX: (312) 993-9767

### *COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS*

Kramer Levin Naftalis & Frankel LLP  
1177 Avenue of the Americas  
New York, New York 10036  
Attn:   Philip Bentley  
          David Blabey

FAX: (212) 715-8000

### *CO-COUNSEL TO THE DEBTORS*

Kirkland & Ellis LLP  
300 North LaSalle Street  
Chicago, IL 60654  
Attn:   Adam Paul

FAX: (312) 862-2200

The Law Offices of Roger Higgins, LLC  
111 East Wacker Drive  
Suite 2800  
Chicago, IL 60601  
Attn:   Roger J. Higgins

FAX: (312) 577-0737

Pachulski Stang Ziehl & Jones LLP  
919 N. Market Street, 17th Floor  
P.O. Box 8705  
Wilmington, Delaware 19899-8705  
(Courier 19801)  
Attn:   James O'Neill, Esq.

FAX: (302) 652-4400

*[remainder of this page is intentionally left blank]*

| | |
|---|---|
| Dated: May 28, 2013 | KIRKLAND & ELLIS LLP<br>Adam Paul<br>John Donley<br>300 North LaSalle Street<br>Chicago, IL 60654<br>(312) 862-2000<br><br>and<br><br>THE LAW OFFICES OF ROGER HIGGINS, LLC<br>Roger J. Higgins<br>111 East Wacker Drive<br>Suite 2800<br>Chicago, IL 60601<br>(312) 836-4047<br><br>and<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br><br>/s/ Laura Davis Jones<br>Laura Davis Jones (Bar No. 2436)<br>James E. O'Neill (Bar No. 4042)<br>Kathleen P. Makowski (Bar No. 3648)<br>Timothy P. Cairns (Bar No. 4228)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE  19899-8705<br>(302) 652-4100<br>(302) 652-4400<br><br>Co-Counsel for the Debtors and Debtors-in-Possession |