<u>EXHIBIT A</u>

*Stipulation Resolving All Claims of National Aluminum Corporation*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

## STIPULATION RESOLVING CLAIMS OF NATIONAL ALUMINUM CORPORATION

This stipulation ("Stipulation") is entered into this 28th day of May, 2013, between W. R.

Grace & Co. and its affiliates (collectively, the "Debtors") and Avatex Liquidating Trust, as

Disbursing Agent, on behalf of National Aluminum Corporation and the remaining NAC

Debtors (as hereinafter defined), pursuant to Section 6.5 of the NAC Debtors' *First Amended*

*Plan of Reorganization, as Modified*, ("Claimant");[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2] Capitalized terms not defined herein have the meaning ascribed to them in, as the case may be, the Settlement Agreement, the Settlement Agreement Order or the *First Amended Joint Plan of Reorganization in their Chapter 11* Cases [Docket no. 26368], as it may be further supplemented or otherwise further amended
(Continued...)

**WHEREAS**, on April 22, 2002, the United States Bankruptcy Court for the District of Delaware (the "Court") entered its *Order as to all Non-Asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving Notice Program* [Docket no. 1963] (the "Bar Date Order"), which established March 31, 2003, as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims;

**WHEREAS**, on or about March 31, 2003, Claimant timely filed a proof of claim ("Claim No. 13308") asserting an unsecured non-priority claim against the Debtors in the amount of $63,921.62 arising from environmental response costs relating to the Green River Site in Maceo, Kentucky;

**WHEREAS**, the Debtors and the United States of America agreed to settle their Claims on the terms and conditions set forth in that certain *Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters* (the "Settlement Agreement"), which is attached as Exhibit A to the Court's *Order Authorizing Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters*, entered on June 2, 2008 [Docket no. 18847] (the "Settlement Agreement Order");

**WHEREAS**, pursuant to Settlement Agreement ¶ 4.B, Claimant is a PRP Group/Entity entitled to receive payments or distributions from the Debtors in satisfaction of the claim allowed in the amount set forth in Settlement Agreement ¶ 4.A if, by the effective date of the Plan or another confirmed chapter 11 plan or plans in the above-captioned chapter 11 cases (the "Confirmed Plan of Reorganization"), Claimant agrees in writing that all liabilities and

---

from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

obligations for the site that have been or ever could be asserted by the PRP Group/Entity (or any of its individual members where the PRP Group/Entity is a group of potentially responsible parties) against the Debtors are discharged and satisfied by the Allowed Claim provided for in the Settlement Agreement;

WHEREAS, On December 11, 2002, Avatex Corporation and certain subsidiaries, including National Aluminum Corporation (collectively, the "NAC Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "NAC Bankruptcy Court"). On April 11, 2003, the NAC Bankruptcy Court confirmed the NAC Debtors' *First Amended Joint Plan of Reorganization*; and

WHEREAS, Claimant has agreed in this Stipulation to accept the terms of the above-referenced Settlement Agreement in exchange for payment of the amount allowed in Settlement Agreement ¶ 4.A in full settlement and satisfaction of its claims against the Debtors;

NOW, THEREFORE, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1.      The above-referenced Claim No. 13308 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $63,921.62. This allowed Claim No. 13308 shall be paid in the same manner as all other similarly situated General Unsecured Claims pursuant to the Confirmed Plan of Reorganization, except with respect to the payment of interest, which shall be paid on the terms and conditions set forth in this Stipulation. All other amounts outlined in or related to Claim No. 13308 relating to the Green River Site shall hereby be disallowed and expunged, except as may otherwise be provided herein.

2.    In the event that the Confirmed Plan of Reorganization provides for the payment of interest on allowed prepetition general unsecured claims, Claimant shall be entitled to such interest on Claim No. 13308 as provided in Paragraph 20 of the Settlement Agreement. The rate of interest shall be the rate provided under the Confirmed Plan of Reorganization for similarly situated general unsecured creditors and shall begin to accrue from and after April 1, 2003. Interest shall continue to accrue, for the same duration as provided for other Allowed General Unsecured Claims in accordance with the terms of the Confirmed Plan of Reorganization.

3.    Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional pre-petition claims against the Debtors with respect to any costs relating to the Green River Site, other than enforcement of the Debtors' obligations set forth in this Stipulation.

4.    The parties shall take whatever additional action, if any, is necessary to make sure that the specified Claim No. 13308 is allowed as outlined herein.

5.    Pursuant to the Court's *Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding* [Docket no. 936] (the "Omnibus Settlement Procedures Order"):

    (a)    As soon as reasonably practicable after the Debtors and Claimants execute this Stipulation, the Debtors shall file and serve a notice of settlement (the "Settlement Notice") as provided in ¶ (f) of the Omnibus Settlement Procedures Order;

    (b)    The Settlement Notice shall provide for a twenty-day period during which written objections to the proposed terms of the Settlement may be made;

    (c)    If no written objections are made, the Debtors shall file a certificate of no objection stating that no written objections to the Settlement had been made;

    (d)    Three days after the filing of the certificate of no objection, this Stipulation and the Debtors' signature(s) hereon shall become binding on the Debtors and Claimant without further order of the Court; and

4

(e)    The Debtors shall promptly thereafter direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that Claim No. 13308 shall be allowed as outlined herein and payments made in satisfaction thereof shall be made to Claimant.

6.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so.  This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument.  The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the above-captioned chapter 11 cases.

7.    This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to matters set forth herein.

8.    The Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

<table>
<tr><td>National Aluminum Corporation<br>("Claimant")</td><td>W. R. Grace & Co., et al.<br>("Debtors")</td></tr>
<tr><td>By: <em>[signature]</em></td><td>By: <em>[signature]</em></td></tr>
<tr><td>Name:  Robert H. Stone</td><td>Name:   Karen E. Ethier</td></tr>
<tr><td>Title:  Trustee, Avatex Liquidating<br>Trust, as Disbursing Agent,<br>pursuant to Section 6.5 of the<br>NAC Debtors' <em>First Amended<br>Plan of Reorganization,<br>As Modified</em></td><td>Vice President<br>Global Environment, Health and Safety</td></tr>
<tr><td>Date:  5/28/13</td><td>Date:   5|23|2013</td></tr>
</table>

5