## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.**, *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S COMBINED FINAL REPORT REGARDING THOSE FEE APPLICATIONS WITH *DE MINIMIS* OR NO FEE OR EXPENSE ISSUES FOR THE FORTY-SEVENTH INTERIM PERIOD

This is the combined final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding all the Interim Fee Applications of those firms for which we have *de minimis*[1] or no fee or expense issues for the Forty-Seventh Interim Period (collectively referred to hereafter as the "Applications").[2]

### BACKGROUND

1.      Anderson Kill & Olick, P.C. ("Anderson Kill & Olick"), was retained as special insurance counsel to the Official Committee of Asbestos Personal Injury Claimants. Anderson Kill & Olick seeks approval of fees totaling $341,590.50 and expenses totaling $121.57 for its services during the Application Period.

2.      Beveridge & Diamond, P.C. ("Beveridge & Diamond"), was retained as special

---

[1]For purposes of this report, applications with *de minimis* issues are those for which: (1) our recommended reductions total less than $100.00, *and* (2) the applicant has agreed to our recommended  reductions.

[2]The Forty-Seventh Interim Period encompasses October 1, 2012, through December 31, 2012 (the "Application Period").  All Applications are for the Forty-Seventh Interim Period, unless otherwise specified.

counsel to the Debtors.  Beveridge & Diamond seeks approval of fees totaling $190,485.08 and expenses totaling $6,284.25 for its services during the Application Period.

3.      Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg") was retained as counsel to the Official Committee of Asbestos Property Damage Claimants.  Bilzin Sumberg seeks approval of fees totaling $6,554.50 and expenses totaling $233.20 for its services during the Application Period.

4.      Blackstone Advisory Partners L.P. ("Blackstone") was retained as financial advisor to the Debtors.  Blackstone seeks approval of flat fees totaling $175,000.00[3] and expenses totaling $341.40 for its services during the Application Period.

5.      BMC Group ("BMC") was retained as Claims Reconciliation and Solicitation Consultant to the Debtors.  BMC seeks approval of fees totaling $120,314.50 and expenses totaling $4,638.38 for its services during the Application Period.

6.      Campbell & Levine, LLC ("Campbell & Levine"), was retained as Delaware and associated counsel to the Official Committee of Asbestos Personal Injury Claimants.  Campbell & Levine seeks approval of fees totaling $37,816.50 and expenses totaling $4,083.66 for its services during the Application Period.

7.      Caplin & Drysdale, Chartered ("Caplin & Drysdale"), was retained as counsel to the Official Committee of Asbestos Personal Injury Claimants.  Caplin & Drysdale seeks approval of

---

[3]For the Application Period, Blackstone lists 205.80 hours worked, which computes to an effective hourly rate of $850.34.

fees totaling $214,437.00[4] and expenses totaling $7,651.86 for its services during the Application Period.

8.      Capstone Advisory Group, LLC ("Capstone"), was retained as financial advisor to the Official Committee of Unsecured Creditors.   Capstone seeks approval of fees totaling $154,568.00 and expenses totaling $291.11 for its services during the Application Period.

9.      Casner & Edwards, LLP ("Casner"), was retained as special litigation counsel to the Debtors.   Casner seeks approval of fees totaling $30,434.00 and expenses totaling $37,908.96 for its services during the Application Period.

10.     Charter Oak Financial Consultants, LLC ("Charter Oak"), was retained as financial advisor to the Official Committee of Asbestos Personal Injury Claimants.  Charter Oak seeks approval of fees totaling $33,984.00 and expenses totaling $25.00 for its services during the Application Period.

11.     Duane Morris LLP ("Duane Morris") was retained as co-counsel to the Official Committee of Unsecured Creditors.  Duane Morris seeks approval of fees totaling $23,928.50 and expenses totaling $1,348.27 for its services during the Application Period.

12.     Ferry, Joseph & Pearce, P.A. ("Ferry Joseph"), was retained as counsel to the Official Committee of Asbestos Property Damage Claimants.  Ferry Joseph seeks approval of fees totaling $14,764.50 and expenses totaling $548.80 for its services during the Application Period.

---

[4]We note for informational purposes that Caplin & Drysdale billed the time of attorney Elihu Inselbuch at $1,000.00 per hour.  During the current Application Period, Mr. Inselbuch billed 18.50 hours at the $1,000 per hour rate, for $18,500.00 in fees.  In *In re USG Corporation,* Case No. 01-2094 (JKF), Transcript of Proceedings, July 19, 2004, p. 14, the Honorable Judith K. Fitzgerald asked that we call to the Court's attention any instance in which a professional's hourly rate reaches $1,000.00, and thus we are complying with the Court's request.

13.    Foley Hoag LLP ("Foley Hoag") was retained as special environmental counsel to the Debtors. Foley Hoag seeks approval of fees totaling $60,230.30 and expenses totaling $1,188.93 for its services during the Application Period.

14.    Fragomen, Del Rey, Bernsen & Loewy LLP ("Fragomen") was retained as immigration counsel to the Debtors. Fragomen seeks approval of fees totaling $10,550.00 and expenses totaling $5,289.78 for its services during the Application Period.

15.    The Law Offices of Roger J. Higgins, LLC ("Higgins"), was retained as co-counsel to the Debtors and Debtors-in-Possession. Higgins seeks approval of fees totaling $163,978.50 and expenses totaling $3,528.77 for its services during the Application Period.

16.    Kirkland & Ellis LLP ("K&E") was retained as counsel to the Debtors. K&E seeks approval of fees totaling $1,657,730.50[5] and expenses totaling $31,425.99 for its services during the Application Period.

17.    Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") was retained as co-counsel to the Official Committee of Equity Holders. Kramer Levin seeks approval of fees totaling $60,523.50 and expenses totaling $3,617.71 for its services during the Application Period.

18.    Lauzon Bélanger Lespérance ("Lauzon Bélanger) was retained as Canadian counsel to the Canadian ZAI Claimants. Lauzon Bélanger seeks approval of fees totaling CDN $2,194.50

---

[5]We note for informational purposes that K&E billed the time of partners, Christopher Landau, P.C., and Todd F. Maynes, P.C., at $1,045.00 per hour. During the Application Period, Mr. Landau billed 3.6 hours for fees of $3,762.00, and Mr. Maynes billed 15.1 hours for fees of $15,779.50. In *In re USG Corporation,* Case No. 01-2094 (JKF), Transcript of Proceedings, July 19, 2004, p. 14, the Honorable Judith K. Fitzgerald asked that we call to the Court's attention any instance in which a professional's hourly rate reaches $1,000.00, and thus we are complying with the Court's request.

and expenses totaling CDN $336.86 for its services during the Application Period.

19.    Legal Analysis Systems, Inc. ("LAS") was retained as asbestos-related bodily injury consultant to the Official Committee of Asbestos Personal Injury Claimants. LAS seeks approval of fees totaling $9,066.00 and no expenses for its services during the Application Period.

20.    Lincoln Partners Advisors LLC ("Lincoln Partners") was retained as financial advisor to David T. Austern, the Asbestos Personal Injury Future Claimants' Representative. Lincoln Partners seeks approval of flat fees totaling $200,000.00[6] and expenses totaling $4,286.56 for its services during the Application Period.

21.    Pachulski Stang Ziehl & Jones LLP ("Pachulski") was retained as counsel to the Debtors. Pachulski seeks approval of fees totaling $77,602.50 and expenses totaling $42,607.25 for its services during the Application Period.

22.    Phillips, Goldman & Spence, P.A. ("PG&S"), was retained as local counsel to David T. Austern, Future Claimants' Representative. PG&S seeks approval of fees totaling $7,352.00 and expenses totaling $869.67 for its services during the Application Period.

23.    PricewaterhouseCoopers LLP ("PwC") was retained as auditors and tax consultants

---

[6]For the Application Period, Lincoln Partners recorded 308.80 hours worked, which computes to an effective hourly rate of $647.69.

to the Debtors and Debtors-in-Possession.  PwC seeks approval of fees totaling $954,965.73[7] and expenses totaling $18,537.63 for its services during the Application Period.

24.    Reed Smith LLP ("Reed Smith") was retained as special asbestos products liability defense counsel to the Debtors.  Reed Smith seeks approval of fees totaling $16,979.00 and expenses totaling $840.80 for its services during the Application Period.

25.    Alan B. Rich ("Alan Rich") was retained as counsel to the Honorable Alexander M. Sanders, Jr., Legal Representative for Future Asbestos-Related Property Damage Claimants.  Alan Rich seeks approval of fees totaling $48,370.00 and expenses totaling $369.28 for his services during the Application Period.

26.    The Honorable Alexander M. Sanders, Jr. ("Judge Sanders"), was retained as the Legal Representative for Future Asbestos-Related Property Damage Claimants.  Judge Sanders seeks approval of fees totaling $1,530.00 and expenses totaling $30.00 for his services during the Application Period.

27.    Saul Ewing LLP ("Saul Ewing") was retained as co-counsel to the Official Committee of Equity Holders.  Saul Ewing seeks approval of fees totaling $26,806.00 and expenses totaling $635.17 for its services during the Application Period.

---

[7]We note for informational purposes that PwC billed the time of Audit Partners, Brett E. Cohen, Cody L. Smith, Jay B. Seliber, and Michael S. Coleman at $1,074.42 per hour, Audit Partner Matthew E. Sabatini at $1,042.67 per hour, and Audit Partner Ravi S. Rao at $1,005.84 per hour. During the Application Period, Mr. Cohen billed 1.0 hour for fees of $1,074.42, Mr. Smith billed 3.0 hours for fees of $3,223.26, Mr. Seliber billed 0.5 hours for fees of $537.21, Mr. Coleman billed 1.0 hour for fees of $1,074.42, Mr. Sabatini 11.0 hours for fees of $11,469.37, and Mr. Rao billed 6.5 hours for fees of $6,537.96.  In *In re USG Corporation,* Case No. 01-2094 (JKF), Transcript of Proceedings, July 19, 2004, p. 14, the Honorable Judith K. Fitzgerald asked that we call to the Court's attention any instance in which a professional's hourly rate reaches $1,000.00, and thus we are complying with the Court's request.

28.    Scarfone Hawkins LLP ("Scarfone Hawkins") was retained as Canadian counsel to the Canadian ZAI Claimants.  Scarfone Hawkins seeks approval of fees totaling CDN $5,340.00 and expenses totaling CDN $697.14 for its services during the Application Period.

29.    Stroock & Stroock & Lavan LLP ("Stroock") was retained as counsel to the Official Committee of Unsecured Creditors.  Stroock seeks approval of fees totaling $94,431.50[8] and expenses totaling $547.76 for its services during the Application Period.

30.    Towers Watson was retained as actuarial consultants to David T. Austern, Future Claimants Representative.  Towers Watson seeks approval of fees totaling $3,692.50 and no expenses for its services during the Application Period.

31.    Woodcock Washburn LLP ("Woodcock Washburn") was retained as special litigation counsel to the Debtors.  Woodcock Washburn seeks approval of fees totaling $12,088.50 and expenses totaling $1,886.00 for its services during the Application Period.

32.    In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Applications in their entirety, including each of the time and expense entries included in the exhibits to the Applications, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2013, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C.

---

[8]We note for informational purposes that Stroock billed the time of partner, Lewis Kruger, at $1,025.00 per hour.  During the Application Period, Mr. Kruger billed 3.1 hours for fees of $3,177.50.  In *In re USG Corporation,* Case No. 01-2094 (JKF), Transcript of Proceedings, July 19, 2004, p. 14, the Honorable Judith K. Fitzgerald asked that we call to the Court's attention any instance in which a professional's hourly rate reaches $1,000.00, and thus we are complying with the Court's request.

§ 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

## DISCUSSION

33.     We have no issues with or objections to any of the Applications, except for the *de minimis* issues noted in the following paragraph and accompanying appendices.

## CONCLUSION

34.     In summary, for the Application Period, we recommend approval of the following fees and expenses for these Applicants:

      a.     Anderson Kill & Olick - $341,590.50 in fees and $121.57 in expenses;

      b.     Beveridge & Diamond - $190,485.08 in fees and $6,284.25 in expenses;

      c.     Bilzin Sumberg - $6,554.50 in fees and $233.20 in expenses;

      d.     Blackstone - $175,000.00 in fees and $341.40 in expenses;

      e.     BMC - $120,314.50 in fees and $4,638.38 in expenses;

      f.     Campbell & Levine - $37,805.50 in fees ($37,816.50 minus $11.00)[9] and $4,083.66 in expenses;

---

[9]This agreed $11.00 reduction is for a time entry in which there was a mathematical error.  *See* Appendix A.

g.      Caplin & Drysdale - $214,437.00 in fees[10] and $7,651.86 in expenses;

h.      Capstone - $154,568.00 in fees and $291.11 in expenses;

i.      Casner - $30,434.00 in fees and $37,908.96 in expenses;

j.      Charter Oak - $33,984.00 and $25.00 in expenses;

k.      Duane Morris - $23,928.50 in fees and $1,348.27 in expenses;

l.      Ferry Joseph - $14,764.50 in fees and $548.80 in expenses;

m.      Foley Hoag - $60,230.30 in fees and $1,188.93 in expenses;

n.      Fragomen - $10,550.00 in fees and $5,289.78 in expenses;

o.      Higgins - $163,978.50 in fees and $3,528.77 in expenses;

p.      Kirkland & Ellis - $1,657,730.50 in fees and $31,425.99 in expenses;[11]

q.      Kramer Levin - $60,523.50 in fees and $3,617.71 in expenses;

r.      Lauzon Bélanger - CDN $2,194.50 in fees and CDN $336.86 in expenses;

s.      LAS - $9,066.00 in fees;

t.      Lincoln Partners - $200,000.00 in fees and $4,286.56 in expenses;

u.      Pachulski - $77,602.50 in fees and $42,607.25 in expenses;

v.      PG&S - $7,352.00 in fees and $869.67 in expenses;

---

[10]We asked Caplin & Drysdale about the following research expense because the individual who incurred the expense billed no time to the case during the Application Period:

        12/31/2012      $1,274.00      Database Research – Westlaw by AT on Dec 19

Caplin & Drysdale advised us that the research was performed by a member of its library staff at the request of Caplin & Drysdale attorney, Leslie Kelleher.  We accept Caplin & Drysdale's response and have no objection to this expense.

[11]We asked K&E for additional detail concerning certain expense entries on its Application, and we received a response which satisfied our inquiry.  *See* <u>Appendix B</u>.

w.    PwC - $954,965.73 in fees and $18,537.63 in expenses;

x.    Reed Smith - $16,979.00 in fees and $840.80 in expenses;

y.    Alan Rich - $48,370.00 in fees and $369.28 in expenses;

z.    Judge Sanders - $1,530.00 in fees and $30.00 in expenses;

aa.    Saul Ewing - $26,806.00 in fees and $635.17 in expenses;

bb.    Scarfone Hawkins - CDN $5,340.00 in fees  and CDN $697.14 in expenses;

cc.    Stroock - $94,431.50 in fees and $547.76 in expenses;

dd.    Towers Watson - $3,692.50 in fees;

ee.    Woodcock Washburn - $12,088.50 in fees and $1,886.00 in expenses.[12]

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
        Warren H. Smith
        Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, Texas 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

---

[12]We asked Woodcock Washburn for an explanation of an expense and a rate variation on its December 2012 monthly fee application, and we received a response which satisfied our inquiry. *See* Appendix C.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by
First Class United States mail to the attached service list on this 29th day of May, 2013.

Warren H. Smith

## SERVICE LIST
### Notice Parties

**<u>The Applicants</u>**
Robert Y. Chung
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

Pamela D. Marks
Beveridge & Diamond PC
201 North Charles Street, Suite 2210
Baltimore, MD   21201

Scott L. Baena
Jay M. Sakalo
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

John James O'Connell III
Managing Director
Blackstone Advisory Partners L.P.
345 Park Avenue
New York, NY 10154

Myrtle H. John
BMC Group
600 1st Avenue, Suite 300
Seattle, Washington 98104

Marla R. Eskin
Mark T. Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

Elihu Inselbuch
Rita C. Tobin
Caplin & Drysdale, Chartered
600 Lexington Avenue, 21st Floor
New York, NY  10022-6000

Edwin N. Ordway, Jr.
Capstone Advisory Group, LLC
Park 80 West
250 Pehle Avenue, Suite 105
Saddle Brook, NJ  07663

Robert A. Murphy
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210

James P. Sinclair
Charter Oak Financial Consultants, LLC
430 Center Avenue
Mamaroneck, NY 10543

Michael R. Lastowski
Richard W. Riley
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

Michael B. Joseph
Theodore J. Tacconelli
Lisa L. Coggins
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 1000
P. O. Box 1351
Wilmington, DE 19899

Seth D. Jaffe
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600

Scott E. Bettridge
Fragomen, Del Rey, Bernsen & Loewy LLP
One Alhambra Plaza, Suite 600
Coral Gables, FL 33134

Roger J. Higgins
The Law Offices of Roger J. Higgins, LLC
111 East Wacker Drive, Suite 2800
Chicago, IL 60601

John Donley
Adam C. Paul
Kirkland & Ellis LLP
300 N. LaSalle Street
Chicago, IL 60654

Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10022

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE 19806

Mark A. Peterson
Legal Analysis Systems, Inc.
970 Calle Arroyo
Thousand Oaks, CA  91360

Jason Solganick
Lincoln Partners Advisors LLC
360 Madison Avenue, 21st Floor
New York, NY 10017

James E. O'Neill
Laura Davis Jones
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Kathleen M. Miller
Stephanie S. Habelow
Smith, Katzenstein & Furlow LLP
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)

Kurt F. Gwynne
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
Andrew J. Muha
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222

Alan B. Rich
4244 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Teresa K. D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

Lewis Kruger
Denise Wildes
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

Jennifer L. Biggs, FCAS, MAAA
Towers Watson
101 S. Hanley Rd.
St. Louis, MO 63105

Gary H. Levin
Woodcock Washburn LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA  19104-2891

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

## APPENDIX A

### (Campbell & Levine)

1.        We noted the following time entry pertaining to a Medicare meeting:

12/31/12        KCD   0.70   $273.00        E-mails re: Medicare meeting; review proposals and smart act; consider implications.

We asked Campbell & Levine to confirm that this time entry was not billed to the WR Grace case in error, and Campbell & Levine responded:  "In response to your first question, the time entry was properly billed to the Grace case. The emails related to the Trust Distribution Procedures (which are an exhibit to the Plan) and considerations of whether it complies with applicable law."  We appreciate this information and have no objection to these fees.

2.        We noted the following time entry in which the amount of time billed exceeds the amount of time recorded within the work description:

12/07/12   SMB   0.30   $33.00        Review July through September 2012 application of Ferry Joseph & Pearce P.A. (.1); update weekly recommendation memorandum (.1).

We asked Campbell & Levine about this time entry, and Campbell & Levine responded: "...[T]he time entry at issue should be a 0.20 (rather than a 0.30).  We apologize for the error and will accept a reduction in that regard."  We appreciate Campbell & Levine's response and recommend a reduction of $11.00 in fees.

**EXHIBIT B**

**(Kirkland & Ellis)**

1.      We noted the following expenses for professional fees incurred with ARPC:

| 9/06/2012 | $10,483.20 | ARPC - Professional Fees, Payment to ARPC for Work to Determine Trust and Cash flow scenarios rendered July 2012 |
| 10/11/2012 | $2,429.30 | ARPC - Professional Fees, Professional Services Rendered and Expenses Incurred August 2012 |

We asked K&E whether or not ARPC is an expert in the case.[13]   K&E responded as follows:

ARPC is a claim consulting and estimating firm and has provided expert claim estimation services to the Debtors during the course of the Chapter 11 Cases, including the preparation of claims estimation reports in 2007.  In July and August, 2012, ARPC provided expert analysis of potential first-year payouts from the asbestos personal injury trust that will be established pursuant to the Debtors' chapter 11 plan (the "Plan").  This analysis was undertaken as part of the Debtors' financial and strategic planning for the anticipated effective date of the Plan and emergence from bankruptcy.  ARPC's expert claims estimation analysis was necessary in order for the Debtors to make informed and strategic decisions related to the occurrence of the effective date.  Therefore, we believe that the fees identified in paragraph 4 of the Initial Report should be approved pursuant to the Expert Retention Order.

We accept K&E's response and have no objection to these expenses.

2.      We noted the following expenses for "docket usage":

| 9/20/2012 | 20.00 | Restructuring Concepts LLC, Computer Database Research, Chapter 11 Dockets Usage for 9/2012, Mike Jones |
| 10/08/2012 | 23.00 | Restructuring Concepts LLC, Computer Database Research, Chapter 11 Dockets Usage for 10/2012, Carrie Sroka |

---

[13]Pursuant to the Court's Order Authorizing the Retention of Experts (Docket No. 564) dated June 22, 2001, an expert is not considered a professional subject to 11 U.S.C. § 327(a) and is not required to submit fee applications to the court, and the Debtors and the Committees are authorized to employ and compensate experts without court approval and to include the fees of such experts in their fee applications.

| 10/09/2012 | 78.00 | Restructuring Concepts LLC, Computer Database Research, Chapter 11 Dockets Usage for 10/2012, Andrew Brniak |

We asked K&E for more information concerning these expenses, and K&E responded:

> ...Chapter 11 Dockets is an online docket search and retrieval service that provides advanced search functions tailored to bankruptcy-specific issues. It is similar to PACER in that it allows users to retrieve digital copies of court documents. However, it offers certain functions that are unavailable on PACER. Specifically, it allows users to specifically target searches based upon the debtor's industry, the size (measured in total asset value) of the bankruptcy case, specific type of pleading, or specific sections of the Bankruptcy Code or Bankruptcy Rules cited in a pleading. As a result, in the few instances in which it was used, Chapter 11 Dockets provided K&E's attorneys and staff with a cost-effective means for conducting targeted searches of precedential court filings, which in turn reduces the total amount of time required to locate relevant documents. Given these benefits of Chapter 11 Dockets, we believe the expenses identified in paragraph 5 of the Initial Report are reasonable and provide a benefit to the Debtors' estates.

We accept K&E's response and have no objection to these expenses.

       3.      We noted the following charges for secretarial overtime:

| 11/28/2012 | 25.50 | Secretarial Overtime, Christine Hraban - Revisions to brief inserts. |
| 11/29/2012 | 63.75 | Secretarial Overtime, Christine Hraban - Revisions to brief outlines. |
| 11/30/2012 | 63.75 | Secretarial Overtime, Christine Hraban - Work on brief excerpts. |
| 12/02/2012 | 191.25 | Secretarial Overtime, Christine Hraban - Worked on excerpts for Third Circuit briefs |
| 12/06/2012 | 25.50 | Secretarial Overtime, Christine Hraban - Revisions to brief outlines. |
| 11/08/2012 | 242.25 | Secretarial Overtime, Christine Hraban - Work re Third Circuit appeals. |
| 12/09/2012 | 306.00 | Secretarial Overtime, Susan L. Woods -Revise brief and case notes; create stand alone insert documents; retrieve cases from Westlaw |
| 12/20/2012 | 36.96 | Secretarial Overtime, Christine A. Slivka - Create MS Word, Revise/Update MS Word. |
| 12/22/2012 | 304.92 | Secretarial Overtime, Teresa Sandoval - Create MS Word TOA, Revise/Update MS Word, Revise/Update MS Word TOC. |

We asked K&E to explain why the work which gave rise to these charges could not have been performed during normal business hours.  K&E responded:

> ...Please allow this letter to confirm that, while it is not K&E's usual policy to charge for secretarial overtime and K&E has typically written off any such charge during the Chapter 11 Cases, the expenses identified in paragraph 6 of the Initial Report were a unique exception and were necessary in order to meet the Third Circuit briefing schedule related to appeals from confirmation of the Plan.  K&E was responsible for preparing five major appellate briefs in a very short period of time. A typical timeline for submitting major appellate briefs similar to those prepared by K&E would be between three and four months.  However, because of the importance to the Debtors and their estates of having the appeals heard as quickly as possible, K&E was required to prepare all five appellate briefs in only six weeks, which overlapped both the Christmas and New Year holidays.  As a result, it was simply impossible to meet this briefing schedule without support staff working beyond regular business hours.  For these reasons, we believe that the expenses identified in paragraph 6 of the Initial Report were reasonable, necessary, and provided a significant benefit to the Debtors' estates.

We accept K&E's response and have no objection to these expenses.

**APPENDIX C**

**(Woodcock Washburn)**

1.      We noted that on the December 2012 monthly fee application attorney Gary Levin billed 2.0 hours at $625 per hour and 1.1 hours at $610 per hour.  We asked Woodcock Washburn for an explanation of this rate variation, and Woodcock Washburn responded:

> The reason for the lower rate on that one matter is that I had quoted an estimate for the work on that initial aspect of theater at a rate lower than my normal rate for Grace matters.  Starting in January, my billing rate for all Grace matters will be uniform at $630/hour.

We appreciate this explanation and have no objection to these fees.

2.      We noted an expense of $1,886.00 for local counsel fees on the December 2012 monthly fee application.  In response to our request, Woodcock Washburn provided a copy of the itemized invoice for this expense.  See <u>Appendix C-1</u>.  We reviewed the invoice and have no objection to this expense.

## Appendix C-1

*(See pdf attachment.)*