IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) Objection Deadline: July 12, 2013 at 4:00 p.m. |
|  | ) Hearing Date: July 29, 2013 at 9:00 a.m. |

**APPLICATION OF ROGER FRANKEL, SUCCESSOR
LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY
CLAIMANTS, FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF ORRICK, HERRINGTON & SUTCLIFFE LLP AS
BANKRUPTCY COUNSEL *NUNC PRO TUNC* TO MAY 16, 2013**

Pursuant to the Amended Interim Order Appointing Roger Frankel as Successor Legal Representative for Future Asbestos Personal Injury Claimants *Nunc Pro Tunc* to May 16, 2013, entered May 30, 2013 [Dkt. No. 30689] (the "Interim Appointment Order"), Roger Frankel (the "FCR" or "Mr. Frankel") hereby submits this application (the "Application") for the entry of an Order, substantially in the form attached hereto as **Exhibit A** (the "Order"), employing Orrick, Herrington & Sutcliffe LLP ("Orrick") as counsel to the FCR pursuant to Sections 328, 524(g) and 1103 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2014 (the "Bankruptcy Rules") and the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  In support of this Application, the FCR relies upon the Declaration of Richard H. Wyron (the "Wyron Declaration"), a partner of Orrick, which is attached hereto as **Exhibit B**.

As described more fully below, David T. Austern ("Mr. Austern"), the asbestos personal injury future claimants' representative appointed by the Court in 2004, passed away on May 16, 2013.  Accordingly, W. R. Grace & Co., *et al.* (collectively, the "Debtors") sought and received

Court approval to appoint Mr. Frankel as the successor FCR, on an interim basis. By this Application, Mr. Frankel seeks to retain and employ Orrick, the same law firm that represented Mr. Austern, as his bankruptcy counsel in these cases.

In support of this Application, the FCR respectfully states as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief sought herein are sections 105, 328, 524(g)(4)(B)(i) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and the Interim Appointment Order.

### Background

**A.  Status of the Chapter 11 Cases**

4. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

5. On April 13, 2001, the United States Trustee for the District of Delaware (the "United States Trustee") appointed the following committees pursuant to Section 1102 of the Bankruptcy Code: an official committee of unsecured creditors (the "Unsecured Creditors' Committee") [Dkt. No. 94]; an official committee of asbestos personal injury claimants (the "Asbestos PI Committee") [Dkt. No. 95]; and an official committee of asbestos property damage

claimants (the "Asbestos PD Committee") [Dkt. No. 96].  On June 18, the United States Trustee appointed an official committee of equity security holders pursuant to Section 1102 of the Bankruptcy Code (the "Equity Committee" and together with the Unsecured Creditors' Committee, the Asbestos PI Committee, and the Asbestos PD Committee, collectively, the "Committees") [Dkt. No. 532].

6. On April 22, 2010, the Debtors filed the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as modified through December 23, 2010, as amended from time to time [Dkt. Nos. 24657, 25881, 25931, 25956] (collectively, the "Joint Plan").

7. On January 31, 2011, the Court issued its Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law [Dkt. No. 26154] and Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010 [Dkt. No. 26155].  On February 15, 2011, the Court issued its Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010 [Dkt. No. 26289] (Docket Nos. 26154, 26155 and 26289 are collectively referred to herein as the "Confirmation Order").

8. The Confirmation Order was appealed to the United States District Court for the District of Delaware (the "District Court"), Case No. 11-199 (lead case).  On January 30, 2012, the District Court issued its Memorandum Opinion [Dkt. No. 165] and Order [Dkt. No. 166]

denying or overruling all objections, affirming a settlement between the Debtors and CNA, and confirming the Joint Plan in its entirety.

9. On June 11, 2012, the District Court issued its Consolidated Order Regarding Motions for Reconsideration [Dkt. No. 215] and in conjunction with its consolidated order, the District Court issued its Amended Memorandum Opinion [Dkt. No. 217] and Amended Order [Dkt. No. 218] clarifying and expanding the discussion of its prior opinion and, once more, denying or overruling all objections and confirming the Joint Plan in its entirety.

10. The Confirmation Order is currently on appeal before the United States Court of Appeals for the Third Circuit (the "Third Circuit"), Case No. 12-1402 (lead case). The appeal has been fully briefed and oral argument has been set for June 17, 2013.

### B. The Appointment of the FCR, the Successor FCR, and Orrick as Bankruptcy Counsel

11. On May 24, 2004, the Court appointed Mr. Austern as the legal representative for future asbestos personal injury claimants in these Chapter 11 Cases [Dkt. No. 5645] (the "Austern Appointment Order"). The Austern Appointment Order, among other things, authorized Mr. Austern to employ professionals consistent with sections 327 and 1103 of the Bankruptcy Code.

12. Following his appointment, Mr. Austern sought and received Court approval on September 27, 2004 to retain and employ Mr. Frankel, Mr. Wyron and their law firm of Swidler Berlin LLP ("Swidler") as bankruptcy counsel to represent him in these Chapter 11 Cases. [Mr. Austern's application to retain Swidler, Dkt. No. 5815; Order approving retention of Swidler, Dkt. No. 6480].

13. In February 2006, Mr. Frankel and Mr. Wyron, and other lawyers who had represented Mr. Austern while at Swidler, joined Orrick. At that time, Mr. Austern decided to

4

retain Mr. Frankel, Mr. Wyron and the other lawyers responsible for his representation, and their new law firm, to continue to represent him in these Chapter 11 Cases.  Accordingly, Mr. Austern sought and received Court approval to retain and employ Orrick as his bankruptcy counsel.  [Mr. Austern's application to retain Orrick, Dkt. No. 12022; Order approving retention of Orrick, Dkt. No. 12379].

14.  Mr. Austern died on May 16, 2013.

15.  For the past nine years, from Mr. Austern's Court appointment in 2004 until his death, Mr. Frankel, Mr. Wyron and their colleagues at Swidler, and then at Orrick, represented Mr. Austern in his capacity as the asbestos personal injury future claimants' representative in these Chapter 11 Cases.  During that time, the lawyers now at Orrick worked extremely closely with Mr. Austern in every aspect of these cases, including:

   a. Conducting due diligence regarding the Debtors and their affiliates, including an analysis of their assets and liabilities;

   b. Actively participating in a mediation, which failed to achieve a consensual plan of reorganization;

   c. Actively participating in every aspect of the highly contested estimation trial of the Debtors' present and future asbestos personal injury liabilities;

   d. Actively participating in negotiations and drafting of insurance settlement agreements, which provide for the payment of millions of dollars for the benefit of present and future asbestos personal injury claimants;

   e. Litigating against the Debtors in connection with their requests for multiple extensions of their exclusive periods to file a plan of reorganization and solicit

5

votes in connection therewith, including an appeal thereto, which ultimately resulted in an order terminating the Debtors' exclusive periods;

f. Actively participating in the negotiations that led to a global settlement of the Debtors' asbestos liabilities, which settlement formed the basis for the Joint Plan;

g. Actively participating in the negotiation and drafting of the Joint Plan as a co-proponent;

h. Litigating, along with the Debtors and the other co-proponents of the Joint Plan, in this Court and on appeal to the District Court, against numerous plan opponents in connection with confirmation of the Joint Plan, which resulted in this Court's entry of the Confirmation Order and the District Court's affirmance of that order; and

i. Actively participating in briefing the appeals from the Confirmation Order in the Third Circuit, and in preparing for oral argument, which is scheduled for June 17, 2013.

16. On May 24, 2013, the Debtors filed a Motion for Entry of an Order Appointing Roger Frankel as the Successor Legal Representative for Future Asbestos Personal Injury Claimants *Nunc Pro Tunc* to May 16, 2013 (the "Successor FCR Appointment Motion") and a supporting declaration by Mr. Frankel (the "Frankel Declaration") [Dkt. No. 30671].

17. An order was entered by the Court on May 29, 2013 [Dkt. No. 30681], which was amended on May 30, 2013 [Dkt. No. 30689], appointing Mr. Frankel, on an interim basis, as the successor FCR in these Chapter 11 Cases *nunc pro* tunc to May 16, 2013 (as defined above, the "Interim Appointment Order"). The Interim Appointment Order provides that if no objections

are timely filed by the June 14, 2013 objection deadline, the Interim Appointment Order will become final without further notice.  The Interim Appointment Order provides Mr. Frankel with the same rights and powers provided to Mr. Austern pursuant to the Austern Appointment Order, including, among other things, the right to retain and employ counsel consistent with sections 327 and 1103 of the Bankruptcy Code, subject to approval of the Court.

### Relief Requested and Basis for Relief Sought

18.     Given Orrick's many years of experience representing Mr. Austern in these Chapter 11 Cases, Orrick is intimately familiar with the Debtors, the Joint Plan and the plan-related documents, the Confirmation Order, the District Court's opinions and orders affirming the Confirmation Order, and the appeals related thereto.  In addition, Orrick is very familiar with the legal arguments and positions taken by Mr. Austern and the other co-proponents of the Joint Plan in support of confirmation, having participated in the briefing and argument of those issues before this Court and on appeal to the District Court.  Orrick has also been intimately involved in the briefing of those issues on appeal to the Third Circuit and in preparing for the June 17, 2013 oral argument.

19.     In addition, Orrick has extensive experience in other asbestos bankruptcy cases, particularly as bankruptcy counsel to future claimants' representatives, as described in the Frankel Declaration.  Orrick lawyers are familiar with the concerns and issues important to the FCR and to the asbestos personal injury claimants who may assert claims or demands in the future.

20.     The FCR believes that the engagement of Orrick with respect to the matters described below is essential to the FCR's continued role in these Chapter 11 Cases, and that Orrick is well suited to assist the FCR as his bankruptcy counsel during the pendency of these

7

Chapter 11 Cases. In addition, the FCR believes that the continued employment of the same Orrick lawyers who represented Mr. Austern in these Chapter 11 Cases for the past nine years will provide him with the most efficient and effective representation, thus allowing him seamlessly to succeed Mr. Austern in his duties and responsibilities as the FCR.

21. Accordingly, the FCR seeks, by this Application, to retain and employ Orrick as his bankruptcy counsel in these Chapter 11 Cases, *nunc pro tunc* to May 16, 2013, on the same terms and conditions as Mr. Austern's retention and employment of Orrick, and respectfully requests entry of the proposed Order attached hereto as Exhibit A.

### Services to be Rendered

22. Subject to the approval of this Court, Orrick will be engaged to render the following services to the FCR:

    a. provide legal advice and representation with respect to the FCR's powers and duties in connection with the Chapter 11 Cases;

    b. prepare and file on behalf of the FCR all applications, motions, responses, objections and other pleadings in these Chapter 11 Cases, including any appeals related thereto, as may be necessary and as the FCR authorizes;

    c. appear on behalf of and represent the FCR in these Chapter 11 Cases, including, *inter alia*, at meetings, court hearings, oral arguments, and other proceedings, as appropriate, before this Court or others;

    d. represent and advise the FCR with respect to any contested matter, adversary proceeding, lawsuit or other proceeding in which he may become a party or otherwise appear in connection with the Chapter 11 Cases, including any appeals related thereto;

    e. represent and advise the FCR with respect to the Joint Plan or any other plans of reorganization that may be proposed, including, for example, in connection with the appeals of the orders confirming the Joint Plan or any other plans of reorganization; and

    f. perform all other necessary legal services that the FCR authorizes and/or requests as may be appropriate in connection with these Chapter 11 Cases, including any appeals related thereto.

These services are necessary and essential to the FCR.

23.     The FCR believes that employing Orrick as bankruptcy counsel as set forth herein will provide him with advice and assistance in a cost effective manner in those areas in which Orrick and its lawyers have particular knowledge and expertise.

24.     Subject to approval of this Application, Orrick has indicated a willingness to act on behalf of, and render such services to, the FCR, on the same terms and conditions as such services were rendered to Mr. Austern.

25.     In addition, the FCR intends to file an application to continue to employ Phillips, Goldman & Spence, P.A. ("PG&S") as his Delaware co-counsel in these Chapter 11 Cases. Mr. Austern retained PG&S as his Court-approved Delaware co-counsel following his appointment in May 2004 until the time of his death. [Dkt. No. 6478]. The FCR expects that Orrick and PG&S will coordinate their work, as they did in connection with their services to Mr. Austern, to avoid duplication of effort.

**Disclosure Concerning Connections
Between Orrick and Parties in Interest**

26.     In order to prepare this Application and the accompanying Wyron Declaration, Orrick conducted a series of searches in its conflicts database to determine whether any conflicts of interest exist that would preclude it from representing the FCR in these Chapter 11 Cases, and whether any connections exist which should be disclosed under Rule 2014 of the Bankruptcy Rules.

27.     In connection with Orrick's representation of Mr. Austern, Orrick filed a declaration and various supplemental declarations pursuant to Bankruptcy Rule 2014, which are incorporated into the Wyron Declaration by reference. See Dkt. Nos. 12022, 12896, 13019,

13421, 13509, 15690, 18883, 19223, 19526, 19608, 19808, 20699, 25435, 26218, 26484, 27053, 28355 and 29745 (collectively, the "Orrick Declarations"). Nothing disclosed in the Orrick Declarations precludes Orrick from continuing to serve as counsel to the successor FCR in these Chapter 11 Cases.

28. To the best of the FCR's knowledge, except as otherwise set forth in the Orrick Declarations, the Wyron Declaration and the Frankel Declaration, Orrick does not have any connection with the Debtors, their affiliates, creditors or any other party in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the United States Trustee's office. In addition, to the best of the FCR's knowledge, Orrick does not represent any other entity having an adverse interest in connection with these Chapter 11 Cases, is disinterested, and does not represent or hold an interest adverse to the interests of the Debtors or their estates with respect to the matters on which Orrick is to continue to be employed.

**Professional Compensation**

29. As described in the Wyron Declaration, Orrick and the FCR have agreed that Orrick will represent the FCR, if authorized by the Court, on the same terms and conditions as Mr. Austern's retention and employment of Orrick. See Mr. Austern's application to retain Orrick, Dkt. No. 12022.

30. As Orrick has done in connection with the services it rendered to Mr. Austern, Orrick intends to apply for compensation for services rendered to Mr. Frankel in these Chapter 11 Cases on an hourly basis, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court, including the Administrative Compensation Order, and the guidelines established by the Fee Auditor appointed in these Chapter 11 Cases. Orrick has

agreed to accept as compensation such sums as may be allowed by the Court for fees incurred for professional services and for reimbursement of reasonable and necessary expenses.

31. As described in the Wyron Declaration, the FCR understands that, in connection with Orrick's representation of Mr. Austern, Orrick has received approximately $28 million in Court-approved fees and reimbursement of expenses. The FCR also understands that, as of May 30, 2013, Orrick has incurred $296,009.93[1] in additional fees and expenses for services rendered to Mr. Austern for the period through April 30, 2013, which have been billed to the Debtors but for which payment has not yet been received by Orrick. Orrick has filed fee applications with the Court for these amounts. In addition, the FCR understands that Orrick has incurred fees and expenses for services rendered to Mr. Austern from May 1, 2013 through the date of his death on May 16, 2013. Orrick intends to file a monthly fee application (and a quarterly fee application covering the relevant time period) for services rendered to Mr. Austern through May 16, 2013. Following Mr. Austern's death, Orrick continued to perform necessary services for the FCR, particularly in connection with the pending appeal to the Third Circuit. If the Application is granted, Orrick intends to file fee applications, as appropriate, seeking Court approval for compensation for services rendered and reimbursement of actual and necessary expenses incurred since May 16, 2013, in connection with its services to Mr. Frankel as the successor FCR.

32. For purposes of efficiency, Orrick has asked that it be permitted to file a single consolidated final fee application at the end of these Chapter 11 Cases, which will include all of the fees and expenses incurred by Orrick in connection with its representation of Mr. Austern from 2004 through May 16, 2013, and in connection with its representation of Mr. Frankel from

---

[1] This amount includes fees and expenses incurred in March and April 2013, as well as "holdbacks" from Orrick's fee applications for October 2012 through February 2013.

May 16, 2013 through and including the effective date of a plan of reorganization. The proposed Order attached hereto as Exhibit A so provides.

33. Pursuant to the proposed Order attached hereto as Exhibit A, compensation, including professional fees and reimbursement of expenses, shall be payable to Orrick from the Debtors' estates, subject to approval by the Court and subject to the Administrative Compensation Order,[2] the guidelines established by the Fee Auditor appointed in these Chapter 11 Cases, and any other applicable orders of this Court.

34. Mr. Frankel intends to apply to the Court for the allowance of his fees and expenses as the FCR, separate and apart from those fees and expenses incurred, and applied for, by Orrick.[3]

35. Other than as set forth above and in the Wyron Declaration, no arrangement is proposed between the FCR and Orrick for compensation to be paid in these Chapter 11 Cases.

36. The FCR has been advised by Orrick that it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Section 504(b)(1) of the Bankruptcy Code.

---

[2] Administrative Compensation Order" refers to the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, entered April 17, 2002 [Bankr. Dkt. No. 1949], as may be further amended by the Court.

[3] As set out in the Frankel Declaration and the Wyron Declaration, Mr. Frankel is a partner in Orrick. Mr. Frankel's fees and expenses for his service as the FCR in these Chapter 11 Cases will be submitted to the Court for approval separately from Orrick's fees and expenses. Because Mr. Frankel is an attorney at Orrick, amounts allowed by the Court as compensation for fees and reimbursement of expenses for Mr. Frankel's service as the FCR will be paid to Orrick.

### Request for *Nunc Pro Tunc* Authorization

37.     Given the current posture of these Chapter 11 Cases and the need to, among other things, prepare for the June 17, 2013 oral argument in the Third Circuit in connection with the appeal from confirmation of the Joint Plan, it was critical to the FCR that he receive advice and counsel from Orrick.  Contingent upon the Court's approval of the Successor FCR Appointment Motion on a final basis, and this Application, in order to avoid delay and to effectuate a seamless transition from Mr. Austern to the successor FCR, Mr. Frankel asked Orrick to continue its work on the FCR's behalf, particularly with respect to the Third Circuit appeal and preparation for the upcoming oral argument.  Accordingly, the FCR respectfully requests that the employment of Orrick be authorized effective as of May 16, 2013.

### No Prior Request

38.     Other than the application filed by Mr. Austern in 2006 to retain and employ Orrick as his bankruptcy counsel in these Chapter 11 Cases, as described herein, no prior application for the relief requested herein has been made to this or any other Court.

### Notice

39.     Notice of the Application and the requested relief has been provided to (i) counsel and co-counsel for the Debtors, (ii) the Office of the United States Trustee, (iii) counsel for the Committees appointed in these Chapter 11 Cases, (iv) the Fee Auditor, and (v) any party which has entered its appearance in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  The FCR believes that such notice of the Application is appropriate and sufficient.

**Conclusion**

**WHEREFORE**, the FCR respectfully requests that the Court enter an order substantially in the form attached hereto (1) granting this Application, (2) authorizing the FCR to retain and employ Orrick as his bankruptcy counsel in these Chapter 11 Cases, effective as of May 16, 2013, in accordance with the terms set forth in this Application and consistent with sections 328, 524(g)(4)(B)(i) and 1103 of the Bankruptcy Code and the Interim Appointment Order, and (3) granting such other and further relief as is appropriate.

Respectfully submitted,

/s/ Roger Frankel
Roger Frankel, in his capacity as the
Successor Legal Representative for Future Asbestos
Personal Injury Claimants
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, N.W.
Washington, DC  20005
Phone: 202.339.8400
Fax:    202.339.8500
Email: rfrankel@orrick.com

*Successor Legal Representative for the*
*Future Asbestos Personal Injury Claimants*

Dated: June 5, 2013