# EXHIBIT A
# TO THE APPLICATION:

# PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Re: Docket No. _____ |
| | ) Hearing Agenda Item No. _____ |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ORRICK, HERRINGTON & SUTCLIFFE LLP AS BANKRUPTCY COUNSEL TO ROGER FRANKEL, THE SUCCESSOR LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS, *NUNC PRO TUNC* TO MAY 16, 2013

Upon consideration of the *Application for Entry of an Order Authorizing the Retention and Employment of Orrick, Herrington & Sutcliffe LLP as Bankruptcy Counsel to Roger Frankel, the Successor Legal Representative for Future Asbestos Personal Injury Claimants,* Nunc Pro Tunc *to May 16, 2013* (the "Application") and the *Declaration of Richard H. Wyron in Support* thereof (the "Wyron Declaration"), it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; the Court having found that Orrick, Herrington & Sutcliffe LLP ("Orrick") is and continues to be disinterested, does not represent any other entity having an adverse interest in these chapter 11 cases, and does not represent or hold an interest adverse to the Debtors or their estates in these Chapter 11 Cases with respect to the matters on which Orrick is to be employed, the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. Sections 157 and 1334; consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. Section 157(b); venue being proper before the Court pursuant to 28 U.S.C. Sections 1408 and 1409; notice of the Application having been

adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that:

1. The Application be, and hereby is, granted in its entirety.

2. Pursuant to Sections 328 and 1103(a) of the Bankruptcy Code and the Interim Appointment Order, Roger Frankel (the "FCR") be, and he hereby is, authorized to employ and retain Orrick as bankruptcy counsel, effective as of May 16, 2013, upon the terms, and to perform the services, set forth in the Application and the Wyron Declaration, so long as Roger Frankel serves as the FCR in these cases for individuals who may assert asbestos-related personal injury claims and/or demands in the future against the Debtors.

3. Compensation, including professional fees and reimbursement of expenses, shall be payable to Orrick from the Debtors' estates, in accordance with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code and the terms and conditions described in the Application and the Wyron Declaration, subject to approval by this Court and subject to the Administrative Compensation Order entered in these cases.

4. Orrick may file a single consolidated final fee application at the end of these cases, which shall include all of the fees and expenses incurred by Orrick in connection with its representation of David T. Austern from February 6, 2004 through May 16, 2013, and in connection with its representation of Roger Frankel from May 16, 2013 through and including the effective date of a plan of reorganization.

3

5. The fees and expenses of Orrick allowed by the Court shall be an administrative expense of the Debtors' estates.

Dated: _____, 2013         _____
                                United States Bankruptcy Judge