**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

_____
                                              )
In re:                                        )    Chapter 11
                                              )    Case No. 01-01139 (KJC)
W.R. GRACE & CO., et al.,                     )    (Jointly Administered)
                                              )
                    Debtors.                  )    Objection Deadline: July 12, 2013 at 4:00 p.m.
_____)    Hearing Date: July 29, 2013 at 9:00 a.m.

**APPLICATION OF ROGER FRANKEL, SUCCESSOR
LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY
CLAIMANTS, FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF LINCOLN PARTNERS ADVISORS LLC AS
FINANCIAL ADVISOR *NUNC PRO TUNC* TO MAY 16, 2013**

Pursuant to the Amended Interim Order Appointing Roger Frankel as Successor Legal Representative for Future Asbestos Personal Injury Claimants *Nunc Pro Tunc* to May 16, 2013, entered May 30, 2013 [Dkt. No. 30689] (the "Interim Appointment Order"), Roger Frankel (the "FCR" or "Mr. Frankel") hereby submits this application (the "Application") for the entry of an Order, substantially in the form attached hereto as **Exhibit A** (the "Order"), employing Lincoln Partners Advisors LLC ("Lincoln") as financial advisor to the FCR pursuant to Sections 328, 524(g) and 1103 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2014 (the "Bankruptcy Rules") and the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Application, the FCR relies upon the Declaration of Joseph J. Radecki, Jr. (the "Radecki Declaration"), a Managing Director of Lincoln, which is attached hereto as **Exhibit B**.

As described more fully below, David T. Austern ("Mr. Austern"), the asbestos personal injury future claimants' representative appointed by the Court in 2004, passed away on May 16, 2013. Accordingly, W. R. Grace & Co., *et al.* (collectively, the "Debtors") sought Court

approval to appoint Mr. Frankel as the successor FCR. The Court, *sue sponte*, entered the Interim Appointment Order appointing Mr. Frankel as the successor FCR on an interim basis. Mr. Frankel's appointment will become final without further notice if no objections are timely filed by June 14, 2013. By this Application, Mr. Frankel seeks to retain and employ Lincoln, the same financial advisor retained by Mr. Austern, as his financial advisor in these cases.

In support of this Application, the FCR respectfully states as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief sought herein are sections 105, 328, 524(g)(4)(B)(i) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and the Interim Appointment Order.

## Background

### A. Status of the Chapter 11 Cases

4. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

5. On April 13, 2001, the United States Trustee for the District of Delaware (the "United States Trustee") appointed the following committees pursuant to Section 1102 of the Bankruptcy Code: an official committee of unsecured creditors (the "Unsecured Creditors'

Committee") [Dkt. No. 94]; an official committee of asbestos personal injury claimants (the "Asbestos PI Committee") [Dkt. No. 95]; and an official committee of asbestos property damage claimants (the "Asbestos PD Committee") [Dkt. No. 96].  On June 18, the United States Trustee appointed an official committee of equity security holders pursuant to Section 1102 of the Bankruptcy Code (the "Equity Committee" and together with the Unsecured Creditors' Committee, the Asbestos PI Committee, and the Asbestos PD Committee, collectively, the "Committees") [Dkt. No. 532].

6. On April 22, 2010, the Debtors filed the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as modified through December 23, 2010, as amended from time to time [Dkt. Nos. 24657, 25881, 25931, 25956] (collectively, the "Joint Plan").

7. On January 31, 2011, the Court issued its Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law [Dkt. No. 26154] and Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010 [Dkt. No. 26155].  On February 15, 2011, the Court issued its Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010 [Dkt. No. 26289] (Docket Nos. 26154, 26155 and 26289 are collectively referred to herein as the "Confirmation Order").

8. The Confirmation Order was appealed to the United States District Court for the District of Delaware (the "District Court"), Case No. 11-199 (lead case).  On January 30, 2012,

the District Court issued its Memorandum Opinion [Dkt. No. 165] and Order [Dkt. No. 166] denying or overruling all objections, affirming a settlement between the Debtors and CNA, and confirming the Joint Plan in its entirety.

9. On June 11, 2012, the District Court issued its Consolidated Order Regarding Motions for Reconsideration [Dkt. No. 215] and in conjunction with its consolidated order, the District Court issued its Amended Memorandum Opinion [Dkt. No. 217] and Amended Order [Dkt. No. 218] clarifying and expanding the discussion of its prior opinion and, once more, denying or overruling all objections and confirming the Joint Plan in its entirety.

10. The Confirmation Order is currently on appeal before the United States Court of Appeals for the Third Circuit, Case No. 12-1402 (lead case). The appeal has been fully briefed and oral argument has been set for June 17, 2013.

### B. The Appointment of Mr. Austern and His Financial Advisors

11. On May 24, 2004, the Court appointed Mr. Austern as the legal representative for future asbestos personal injury claimants in these Chapter 11 Cases [Dkt. No. 5645] (the "Austern Appointment Order"). The Austern Appointment Order, among other things, authorized Mr. Austern to employ professionals consistent with sections 327 and 1103 of the Bankruptcy Code.

12. Following his appointment, Mr. Austern sought and received Court approval on September 27, 2004 to retain and employ Joseph J. Radecki, Jr. ("Mr. Radecki") and the company he was employed with at that time, CIBC World Markets Corp. ("CIBC"), as financial advisor to represent him in these Chapter 11 Cases. [Order authorizing retention of CIBC, Dkt. No. 6479].

13. In February 2006, Mr. Radecki resigned from CIBC and joined Piper Jaffray & Co. ("PJC"). At that time, Mr. Austern, with Court approval, terminated CIBC and retained PJC as his financial advisor pursuant to an Order entered on May 8, 2006 [Order authorizing retention of PJC, Dkt. No. 12378].

14. In March 2008, Mr. Radecki resigned from PJC and began rendering financial advisory services through Tre Angeli LLC ("Tre Angeli") of which Mr. Radecki was the sole member and employee. After Mr. Radecki's resignation from PJC, with Court approval, Mr. Austern retained and employed Tre Angeli, as his co-financial advisors along with PJC, pursuant to separate retention agreements. [Orders at Dkt. Nos. 19189 and 19190].

15. On September 1, 2009, Mr. Radecki joined Lincoln as a Managing Director, and with Court approval, Mr. Austern retained Mr. Radecki and his new company, Lincoln, as his financial advisor pursuant to an Order entered on November 18, 2009 [Application to retain Lincoln, Dkt. No. 23382; Order authorizing retention of Lincoln, Dkt. No. 23785].

16. Mr. Austern died on May 16, 2013.

17. From Mr. Austern's Court-appointment in 2004 until the time of his death, Mr. Radecki (through his prior firms CIBC, PJC, Tre Angeli, and now Lincoln) worked extremely closely with Mr. Austern and his bankruptcy counsel previously at Swidler Berlin LLP, and now at Orrick, Herrington & Sutcliffe LLP, in connection with providing financial advice on issues that required Mr. Austern's review and input. For example, Mr. Radecki prepared an expert report for the estimation trial of the Debtors' present and future asbestos personal injury liability, analyzed financial issues relating to the settlement of those liabilities, and evaluated numerous financial issues surrounding the Joint Plan.

### C. The Appointment of Mr. Frankel as the Successor FCR

18. On May 24, 2013, the Debtors filed a Motion for Entry of an Order Appointing Roger Frankel as the Successor Legal Representative for Future Asbestos Personal Injury Claimants *Nunc Pro Tunc* to May 16, 2013 (the "Successor FCR Appointment Motion") [Dkt. No. 30671].

19. An order was entered by the Court on May 29, 2013 [Dkt. No. 30681], which was amended on May 30, 2013 [Dkt. No. 30689], appointing Mr. Frankel, on an interim basis, as the successor FCR in these Chapter 11 Cases *nunc pro* tunc to May 16, 2013 (as defined above, the "Interim Appointment Order"). The Interim Appointment Order provides that if no objections are timely filed by the June 14, 2013 objection deadline, the Interim Appointment Order will become final without further notice. The Interim Appointment Order provides Mr. Frankel with the same rights and powers provided to Mr. Austern pursuant to the Austern Appointment Order, including, among other things, the right to retain and employ counsel and professionals consistent with sections 327 and 1103 of the Bankruptcy Code, subject to approval of the Court.

### Relief Requested and Basis for Relief Sought

20. Mr. Radecki, through CIBC, PJC, Tre Angeli, and now Lincoln, has provided financial advice to Mr. Austern in these Chapter 11 Cases since 2004. As a result of Mr. Radecki's numerous years of experience in these Chapter 11 Cases as well as in other asbestos bankruptcy cases, Mr. Radecki is intimately familiar with these Chapter 11 Cases, the Debtors, their finances, and the financial concerns and issues important to the FCR and to asbestos personal injury claimants who may assert claims or demands in the future.

21. In addition, as described in the Radecki Declaration, Mr. Radecki (and the other professionals who work with him at Lincoln) has extensive expertise in other asbestos

6

bankruptcy cases, in particular, as financial advisor to future claimants' representatives, having served as such in the bankruptcy cases of USG Corporation, Congoleum Corporation, Combustion Engineering, Inc., and Garlock Sealing Technologies LLC.

22. The FCR believes that the engagement of Lincoln with respect to the matters described below is essential to the FCR's continued role in these Chapter 11 Cases, and that Lincoln is well suited to assist the FCR as his financial advisor during the pendency of these Chapter 11 Cases. In addition, the FCR believes that the continued employment of the same key professionals who represented Mr. Austern in these Chapter 11 Cases for the past nine years will provide him with the most efficient and effective financial advisory services, thus allowing him seamlessly to succeed Mr. Austern in his duties and responsibilities as the FCR.

23. Accordingly, the FCR seeks, by this Application, to retain and employ Lincoln as his financial advisor in these Chapter 11 Cases, *nunc pro tunc* to May 16, 2013, on the same terms and conditions as Mr. Austern's retention and employment of Lincoln, and respectfully requests entry of the proposed Order attached hereto as <u>Exhibit A</u>.

### Services to be Rendered

24. Subject to the approval of this Court, Lincoln will be engaged to render the following services to the FCR:

   a. assist the FCR in analyzing and reviewing the acts, conduct, assets, liabilities and financial condition of the Debtors;

   b. advise the FCR with respect to the Joint Plan, or any other plan of reorganization, including the implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code and other effective date issues.

   c. evaluate the financial effect of the implementation of the Joint Plan, or any plan of reorganization, upon the assets or securities of the Debtors; and

   d. any other tasks as mutually agreed upon by Lincoln and the FCR.

7

These services are necessary and essential to the FCR.

25. The FCR believes that employing Lincoln as his financial advisor as set forth herein will provide him with advice and assistance in a cost effective manner in those areas in which Lincoln and its professionals have particular knowledge and expertise.

26. Subject to approval of this Application, Lincoln has indicated a willingness to act on behalf of, and render such services to, the FCR, on the same terms and conditions as such services were rendered to Mr. Austern.

### Disclosure Concerning Connections
### Between Lincoln and Parties in Interest

27. To the best of the FCR's knowledge, except as otherwise set forth in the Radecki Declaration and in this Application, Lincoln does not have any connection with the Debtors, their affiliates, creditors or any other party in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Based upon the information provided to him, the FCR believes Lincoln does not represent any other entity having an adverse interest in connection with these Chapter 11 Cases, is disinterested, and does not represent or hold an interest adverse to the interest of the FCR with respect to the matters on which Lincoln is to be employed.

### Professional Compensation

28. As described in the Radecki Declaration, Lincoln and the FCR have agreed that Lincoln will provide financial advisory services to the FCR, if authorized by the Court, on the same terms and conditions as Mr. Austern's retention and employment of Lincoln. See Mr. Austern's application to retain Lincoln, Dkt. No. 23382.

29. As Lincoln has done in connection with the services it rendered to Mr. Austern, Lincoln intends to apply for compensation for services rendered to Mr. Frankel in these Chapter

8

11 Cases, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court, including the Administrative Compensation Order,[1] and the guidelines established by the Fee Auditor appointed in these Chapter 11 Cases.  Lincoln has agreed to accept as compensation such sums as may be allowed by the Court for fees incurred for professional services and for reimbursement of reasonable and necessary expenses.

30. As described in the Radecki Declaration, the FCR understands that, in connection with Lincoln's representation of Mr. Austern, Lincoln has received approximately $2.5 million in Court-approved fees and reimbursement of expenses.  The FCR also understands that, as of March 31, 2013, Lincoln has incurred, but has not yet been paid, $54,000.00[2] for financial advisory services rendered to Mr. Austern in these Chapter 11 Cases, and has filed fee applications with the Court for these amounts.  In addition, Lincoln advised the FCR that it has incurred fees and expenses for services rendered to Mr. Austern from April 1, 2013 through the date of his death on May 16, 2013.  I understand that Lincoln intends to file monthly fee applications (and a quarterly fee application covering the relevant time period) for services rendered to Mr. Austern through the date of his death on May 16, 2013.  Following Mr. Austern's death, Lincoln continued to perform necessary financial advisory services for the FCR.  If the Application is granted, I understand that Lincoln intends to file fee applications, as appropriate, seeking Court approval for compensation for services rendered and reimbursement

---

[1] Administrative Compensation Order" refers to the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, entered April 17, 2002 [Bankr. Dkt. No. 1949], as may be further amended by the Court.

[2] This amount includes "holdbacks" from Lincoln's fee applications for the months of October 2012 through March 2013.

of actual and necessary expenses incurred since May 16, 2013 in connection with its services to Mr. Frankel as the successor FCR.

31. For purposes of efficiency, Lincoln has asked that it be permitted to file a single consolidated final fee application at the end of these Chapter 11 Cases, which will include all of the fees and expenses incurred by Lincoln in connection with providing financial advisory services to Mr. Austern from 2009 through May 16, 2013, and in connection with providing financial advisory services to Mr. Frankel from May 16, 2013 through and including the effective date of a plan of reorganization. The proposed Order attached hereto as Exhibit A so provides.

32. Pursuant to the proposed Order attached hereto as Exhibit A, compensation, including professional fees and reimbursement of expenses, shall be payable to Lincoln from the Debtors' estates, subject to approval by the Court and subject to the Administrative Compensation Order, the guidelines established by the Fee Auditor appointed in these Chapter 11 Cases, and any other applicable orders of this Court.

33. Other than as set forth above and in the Radecki Declaration, no arrangement is proposed between the FCR and Lincoln for compensation to be paid in these Chapter 11 Cases.

34. The FCR has been advised by Lincoln that it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Section 504(b)(1) of the Bankruptcy Code.

**Request for *Nunc Pro Tunc* Authorization**

35. Contingent upon the Court's approval of this Application, in order to avoid delay and to effectuate a seamless transition from Mr. Austern to the successor FCR, Lincoln continued its work on the successor FCR's behalf following Mr. Austern's death on May 16,

2013. Accordingly, the FCR respectfully requests that the employment of Lincoln be authorized effective as of May 16, 2013.

### No Prior Request

36.     Other than the applications filed by Mr. Austern to retain and employ CIBC, PJC, Tre Angeli, and then Lincoln as his financial advisor in these Chapter 11 Cases, as described herein, no prior application for the relief requested herein has been made to this or any other Court.

### Notice

37.     Notice of the Application and the requested relief has been provided to (i) counsel and co-counsel for the Debtors, (ii) the Office of the United States Trustee, (iii) counsel for the Committees appointed in these Chapter 11 Cases, (iv) the Fee Auditor, and (v) any party which has entered its appearance in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. The FCR believes that such notice of the Application is appropriate and sufficient.

### Conclusion

**WHEREFORE**, the FCR respectfully requests that the Court enter an order substantially in the form attached hereto (1) granting this Application, (2) authorizing the FCR to retain and employ Lincoln as his financial advisor in these Chapter 11 Cases, effective as of May 16, 2013, in accordance with the terms set forth in this Application and consistent with sections 328, 524(g)(4)(B)(i) and 1103 of the Bankruptcy Code and the Interim Appointment Order, and (3) granting such other and further relief as is appropriate.

        Respectfully submitted,

        */s/ Roger Frankel*
        Roger Frankel, in his capacity as the
        Successor Legal Representative for Future Asbestos
        Personal Injury Claimants
        Orrick, Herrington & Sutcliffe LLP
        1152 15th Street, N.W.
        Washington, DC  20005
        Phone: 202.339.8400
        Fax:    202.339.8500
        Email: rfrankel@orrick.com

        *Successor Legal Representative for the*
        *Future Asbestos Personal Injury Claimants*

Dated: June 10, 2013