IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

_____
                                                              )
In re:                                                     )    Chapter 11
                                                              )
W.R. GRACE & CO., et al.,                    )    Case No. 01-1139 (KJC)
                                                              )
            Debtors.                                  )    Objection Deadline: July 23, 2013 at 4:00 .m.
_____)    Hearing: Schedule if Necessary (Negative Notice)


**COVER SHEET TO FIRST MONTHLY INTERIM APPLICATION OF
ROGER FRANKEL, ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
<u>EXPENSES FOR THE TIME PERIOD MAY 16, 2013 – MAY 31, 2013</u>**

| | |
|---|---|
| Name of Applicant: | Roger Frankel, Asbestos PI Future Claimants' Representative (the "FCR")[1] |
| Authorized to Provide Professional Services to: | As the FCR |
| Date of Retention: | As of May 16, 2013 pursuant to an Interim Order entered by the Court on May 29, 2013, as amended May 30, 2013, and which became a final order by its own terms as of June 14, 2013 |
| Period for which compensation is sought: | May 16-31, 2013 |
| Amount of Compensation (100%) sought as actual, reasonable, and necessary: | $69,152.50 |
| 80% of fees to be paid: | $55,322.00 |

---

[1] David T. Austern, the original FCR appointed by the Court in these Chapter 11 cases, died on May 16, 2013. On May 24, 2013, the Debtors filed a motion seeking the appointment of Roger Frankel as the successor FCR [Dkt. No. 30671]. On May 29, 2013, the Court entered an interim order [Dkt. No. 30681], which was amended on May 30, 2013 [Dkt. No. 30689], and which became final by its terms on June 14, 2013 [Dkt. No. 30756], appointing Roger Frankel as the successor FCR *nunc pro tunc* to May 16, 2013.

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:         $0.00

Total Fees @ 80% and 100% Expenses:     $55,322.00

This is an:    ____ interim    _X_ monthly    ___ final application.

This is the FCR's first interim fee application for the period May 16-31, 2013.  The FCR has not filed any other interim fee applications with the Court.  Accordingly, the FCR has not received any payments from the Debtors.

### COMPENSATION SUMMARY

### MAY 16-31, 2013

| Name of Professional Person | Position of Applicant | Hourly Billing Rate | Total Billed Hours | Total Fees |
|---|---|---|---|---|
| Roger Frankel | Future Claimants' Representative | $995 | 69.50 | $69,152.50 |
| **TOTAL** | | | **69.50** | **$69,152.50** |
| **Blended Rate: $995** | | | | |

### COMPENSATION BY PROJECT CATEGORY

### MAY 16-31, 2013

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Litigation | 46.40 | $46,168.00 |
| Retention of FCR | 23.10 | $22,984.50 |
| **TOTAL** | **69.50** | **$69,152.50** |

### EXPENSE SUMMARY

### MAY 16-31, 2013

| Expense Category | Total |
|---|---|
| No Expenses | $0.00 |
| **TOTAL EXPENSES** | **$0.00** |

The FCR follows the expense policy established by his law firm, Orrick, Herrington & Sutcliffe, LLP ("Orrick").  Orrick's Client Charges and Disbursements Policy effective January 1, 2013, is as follows:

      a.    *Duplicating* -- It is Orrick's practice to charge all clients of the Firm for duplicating at the in-house rate of 20¢ per page; however, Orrick has reduced the duplicating cost to 10¢ per page in order to comply with the Local Rules of this Court.  This charge includes the cost of maintaining the duplicating facilities and the actual cost involved with respect to the duplication.  Color copies are charged at $1.25 per page.

      b.    *Long Distance Telephone and Facsimile Charges* -- Orrick charges clients for long distance telephone calls but not for local telephone calls.  Necessary mobile phone usage is reimbursed to professionals submitting an appropriate bill.  Out-going facsimile transmissions are charged at $1.75 per page, plus any long-distance calling cost, and there is no charge for incoming facsimiles.

      c.    *Messenger and Courier Service* -- It is Orrick's practice to use Federal Express or similar express mail delivery and third-party messenger services only in exigent circumstances (i.e., when needed to meet a deadline or when a next-day response from the recipient was necessary or beneficial to the case) and only when less costly than other available alternatives.

      d.    *Overtime* -- It is Orrick's practice to allow staff and certain paraprofessionals in its Washington D.C. office working more than 3 hours of overtime to charge a meal to the appropriate client at a meal charge of up to $7.50.  It is Orrick's practice to allow professionals and support staff to charge a car service or cab to the appropriate client when working at least 2 hours of overtime.  Orrick endeavored not to incur overtime charges unless necessary to benefit the case and in certain exigent circumstances.

      e.    *Computerized Research* -- It is Orrick's practice to use computer-assisted legal research when it is efficient to do so.  Use of fee based internet research services is charged at Orrick's cost.

      Respectfully submitted,

By:*/S/ ROGER FRANKEL*
    Roger Frankel, in his capacity as the Asbestos
    Personal Injury Future Claimants' Representative
    c/o Orrick, Herrington & Sutcliffe LLP
    Columbia Center
    1152 15th Street, NW
    Washington, DC  20005
    (202) 339-8400

Dated: July 3, 2013