**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (KJC) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Hearing Date: August 29, 2013, at 10:00 a.m. |
| ) | Objection Deadline: August 22, 2013 |
| ) | |

**MOTION FOR ENTRY OF A PROTECTIVE ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THEIR MOTION FOR ENTRY OF AN ORDER AUTHORIZING, BUT NOT REQUIRING, THE DEBTORS (A) TO PARTICIPATE IN A COMPETITIVE AUCTION AND (B) IF SELECTED AS THE WINNING BIDDER, TO CONSUMMATE A PROPOSED ACQUISITION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Grace") file this motion (the "Seal Motion") requesting the Court enter an order, substantially in the form attached hereto as **Exhibit A** (the "Seal Order"), authorizing the Debtors to file the following materials under seal, such that only the Court, the Office of the United States Trustee, and the Asbestos PI Committee, the Asbestos PD Committee, the Asbestos PI FCR, the Asbestos

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

PD FCR, the Unsecured Creditors' Committee, and the Equity Committee (collectively, the "Committees") shall be permitted to view such materials:[2]

- The *Debtors' Motion for Entry of an Order Authorizing, But Not Requiring, the Debtors (A) to Participate in a Competitive Auction and (B) If Selected as the Winning Bidder, to Consummate a Proposed Acquisition* (the "Proposed Acquisition Motion") for the purchase from Seller (if Seller selects Grace as the winning bidder) of certain assets (the "Proposed Transaction");

- The declaration of John James O'Connell III (the "O'Connell Declaration") in support of the Proposed Transaction, which is attached to the Proposed Acquisition Motion as Exhibit B; and

- Any further documentation filed in support of the Proposed Acquisition Motion on or before entry of an order authorizing the relief sought in the Proposed Acquisition Motion (the "Supplemental Filings").

As discussed below, the heightened need for confidentiality on both the part of Seller and the Debtors makes it impossible to meaningfully redact confidential portions of the above-described documents without running the risk of inadvertently revealing confidential commercial information. The Debtors have nonetheless gone to great lengths, as also discussed below, to engage and inform important constituencies, such as the Committees, in the ongoing transaction process by sharing information with them, under confidentiality, regarding the Proposed Transaction.

In support of this Seal Motion, the Debtors respectfully state as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Proposed Acquisition Motion (defined herein).

2

2.	The predicates for this Motion are sections 105(a) and 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Background**

3.	The Debtors have become aware of a potential strategic transaction involving certain assets of the Seller. The Debtors' board of directors determined in its business judgment that this Proposed Transaction would be synergistic with Grace's existing business units and would significantly enhance Grace's business plan and growth strategy in the future.

4.	The Seller requires a heightened level of confidentiality in order to protect its confidential business information relating to the Proposed Transaction from the marketplace and the Seller's competitors. As a consequence, the Debtors are cognizant of such confidentiality concerns and are filing the Seal Motion in part to protect the confidential information of the Seller. In addition, the Debtors are including business information in the Proposed Acquisition Motion that they must keep confidential both from the Seller and the broader marketplace. This confidential business information is necessary to form the factual basis for the relief requested in the Proposed Acquisition Motion and includes a range of highly sensitive subjects that would cause the Debtors great harm if it were disclosed to the Seller or otherwise made public.

5.	Therefore, the Debtors seek to file the Proposed Acquisition Motion, the O'Connell Declaration, and the Supplemental Filings (if any) under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1 in order to protect the Debtors' confidential business information.

**Relief Requested**

6. By this Motion, the Debtors seek entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1 authorizing them to file the Proposed Acquisition Motion, the O'Connell Declaration, and the Supplemental Filings (if any) under seal in order to maintain the confidentiality of the information described therein and attached thereto.

7. The Debtors are filing this Seal Motion pursuant to Local Rule 9018-1(b), which provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." *See* Del Bankr. L.R. 9018-1(b).[3]

**Basis for Relief**

**I. Section 107(b) Requires a Court to Protect an Entity's Commercial and Other Business Sensitive Information.**

8. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may:
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

---

[3] In addition, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, providing in relevant part that:

> [o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information …

Fed. R. Bankr. P. 9018.

11 U.S.C § 107(b).  Section 107(b)(1) thus *requires* courts to protect confidential commercial information. *In re Frontier Group, LLC*, 256 RR. 771, 773 (Bankr. E.D. Tenn. 2000).

*9.*   Indeed, unlike its counterpart in Rule 26 of the Federal Rules of Civil Procedures, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *See*, *e.g.*, *In re Appleseed's Intermediate Holdings, LLC*, 470 B.R. 289, 304 (D. Del. 2012) (recognizing that, unlike FRCP 26, section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 "do not require a showing of good cause"); *see also Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d at 27.  Finally, granting a sealing order is well within this Court's power – and discretion – as long as the requirements set forth in section 107(b) have been met.  *In re Ionosphere Clubs Inc.*, 156 B.R. 414, 434 (S.D.N.Y. 1993), *affd*, 17 F.3d 600 (2d Cir. 1994).

10.   Under the plain language of section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, and in light of the Court's broad equitable powers under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," the requested relief should be granted for the reasons articulated below.

**II.   The Proposed Acquisition Motion and Related Documents Contain Commercial Information.**

11.   This Court defines commercial information as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial

operations of the debtor . . . .'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.*, 21 F.3d at 27-28). Additionally, "disclosure of [the] information [must] reasonably be expected to cause the entity commercial injury." *Alterra*, 353 B.R. at 76 (internal quotations and citations omitted). The Court must also find that information contained in the sealed documents "is so crucial to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors." *Alterra*, 353 B.R. at 75-76 (quoting *In re Barney's, Inc.*, 201 B.R. 703, 708-09 (Bankr. S.DN.Y. 1996)); *see also Orion Pictures*, 21 F.3d at 27-28 (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes of three films" contained confidential commercial information); *Northstar Energy*, 315 B.R. at 430-31 (holding that a list of investors in the debtor's oil and gas business was confidential commercial information); *In re Farmland Indus.*, 290 B.R. 364, 369-70 (Bankr. W.D. Mo. 2003) (holding timelines for marketing and selling assets established in a financing agreement between the debtor and prepetition lenders were confidential and commercial); *Frontier Group*, 256 B.R. at 773-74 (finding that a list of physicians, who were placed in temporary places of employment by the debtor placement agency, was commercial in nature); *Barney's*, 201 B.R. at 709 (concluding that for a retailer, confidential commercial "information might include, without limitation, pricing formulae, short and long term marketing strategies and the terms of agreements with suppliers").

12.     Here, the information which the Debtors seeks to file under seal as confidential commercial information falls into two categories:

- Grace's own business information, which the Debtors must keep confidential, both from the Seller and the general public, in order to avoid commercial injury to the Debtors; and

- Seller's business information, the disclosure of which could cause harm to the integrity of the Potential Transaction process and commercial injury to the Seller.

6

The Debtors have determined in their business judgment that consummating the Proposed Transaction will redound to their benefit (and that of their estates and stakeholder constituencies). The Proposed Acquisition Motion contains details of Grace's corporate and strategic interest in the Proposed Transaction, as well as certain terms, including but not limited to proposed bid amounts, relevant to Grace's contemplated participation in the Proposed Transaction. Grace would suffer significant harm if business information relating to its analysis of the benefits of the Proposed Transaction and other confidential subjects were to be disclosed to the Seller or otherwise to be made public. Such significant harm clearly constitutes a commercial injury. *Alterra*, 353 B.R. at 76.

13. By the same token, the descriptions of the Proposed Transaction and related details provided in the Proposed Acquisition Motion could harm the Seller by undermining the competitive auction process with respect to the Proposed Transaction. If the competitive process were undermined, this would likely give an unfair competitive advantage to the Seller's competitors. *Id.*

14. Therefore, the Debtors submit that both Grace's confidential business information and the Seller's confidential business information constitute commercial information for purposes of section 107(b) of the Bankruptcy Code. Since this information is contained throughout the Proposed Acquisition Motion, the O'Connell Declaration, and the Supplemental Filings (if any), it cannot be meaningfully redacted from any of those documents. Therefore, the Debtors submit that each of the Proposed Acquisition Motion, the O'Connell Declaration, and the Supplemental Filings (if any) should be filed under seal in their entirety.

**III.   The Committees Have Been Fully Apprised of the Proposed Transaction.**

15. The Debtors and The Blackstone Group ("Blackstone") have provided certain written materials and made presentations to counsel and financial advisors to the Committees.

The Debtors and Blackstone have also provided further information and analysis in response to queries from the Committees concerning the Proposed Transaction. Finally, the Debtors and their advisors are continuing to provide updates on the transaction process to the Committees' advisors as circumstances warrant.

16. The Committees and the Office of the United States Trustee were served with the unsealed versions of the Proposed Acquisition Motion and the Declaration. The Debtors will provide summaries of the Proposed Transaction documentation to the Committees in due course and will serve any Subsequent Filings on the Committees if any are made.

## No Previous Motion

17. No previous motion for the relief sought herein has been made to this or any other court.

## Notice

18. Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the Committees; (v) counsel to the Equity Committee; and (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request entry of an Order: (a) authorizing the Debtors to file (i) the Proposed Acquisition Motion, (ii) the Declaration, and (iii) the Supplemental Filings (if any) under seal, such that only the Court, the Office of the United States Trustee, and the Committees shall be permitted to view such materials; and (b) granting such other relief as may be appropriate.

Dated: August 2, 2013

KIRKLAND & ELLIS LLP
James H.M. Sprayregen
Adam C. Paul
John Donley, P.C.
Jeffrey W. Gettleman
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

THE LAW OFFICE OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
Telephone: (312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

___/s/ James E. O'Neill_____

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Co-Counsel for the Debtors and Debtors-in-Possession*