IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Date: September 3, 2013 @ 4 p.m.** |
| | ) | **Hearing Date:  To be determined** |
| | ) | |

**FORTY-NINTH INTERIM FEE APPLICATION OF CAMPBELL & LEVINE, LLC FOR APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS DELAWARE AND ASSOCIATED COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS FOR THE PERIOD APRIL 1, 2013 THROUGH JUNE 30, 2013**

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members (the "Administrative Order"), the law firm of Campbell & Levine, LLC ("Campbell & Levine") hereby submits this Forty-Ninth interim application ("Forty-Ninth Interim Application") for compensation for professional legal services rendered as Delaware and associated counsel to the Official Committee of Asbestos Personal Injury Claimants (the "P.I. Committee") of the Debtor, W.R. Grace & Co., *et al.* (the "Debtors"), in an amount of $35,780.00 together with reimbursement of Campbell & Levine's actual and necessary expenses incurred in the amount of $4,029.10 for the period commencing April 1, 2013 through June 30, 2013 (the "Period").  In support of this Forty-Ninth Interim Application, Campbell & Levine respectfully represents as follows:

## I.    JURISDICTION

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334.

## II.    BACKGROUND

2.    On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 under Title 11 of the United States Code (the "Bankruptcy Code").

3.    From the Petition Date through the date of this Forty-Ninth Interim Application, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    On April 12, 2001, the Office of the United States Trustee appointed the Asbestos Personal Injury Claimants Committee pursuant to section 1102 of the Bankruptcy Code. Subsequently, the Court entered Orders authorizing the Asbestos Personal Injury Claimants Committee to retain Ashby & Geddes, P.A. ("Ashby & Geddes") as its Delaware counsel until June 15, 2001, and Caplin & Drysdale, Chartered as its national counsel.

5.    On June 15, 2001, at a duly convened meeting, the Asbestos Personal Injury Claimants Committee voted to approve the substitution of Campbell & Levine for Ashby & Geddes.  On June 18, 2001, Campbell & Levine and Ashby & Geddes filed a Substitution of Counsel.

6.    On June 29, 2001 the P.I. Committee filed and served its Application of the Official Committee of Asbestos Personal Injury Claimants to Retain and Employ Campbell & Levine, LLC as Delaware and Associated Counsel (the "Retention Application").  Through the Retention Application, the P.I. Committee sought authorization to employ Campbell & Levine as Delaware and associated counsel, effective as of June 16, 2001.  On July 18, 2001, the Court entered the Order Authorizing the Retention of Campbell & Levine as Delaware and Associated

Counsel for the Official Committee of Asbestos Personal Injury Claimants, *nunc pro tunc* to June 16, 2001.

### III.    RELIEF REQUESTED

7.    Through this Forty-Ninth Interim Application, Campbell & Levine seeks allowance and payment of $35,780.00 in fees for services rendered during the Period and reimbursement of $4,029.10 for reasonable and necessary expenses incurred during the Period. Thus, Campbell & Levine seeks allowance and payment in the total amount of $39,809.10.

8.    Campbell & Levine has received no payment and no promises for payment from any source for services rendered during the Period in connection with the case.  There exists no agreement or understanding between Campbell & Levine and any other person for the sharing of any compensation to be received for services rendered by Campbell & Levine in the case.

9.    All services for which compensation is requested by Campbell & Levine pursuant to this Application were performed for or on behalf of the P.I. Committee in this case.

10.    This is Campbell & Levine's Forty-Ninth Interim Application.

### IV.    SUMMARY OF SERVICES RENDERED

11.    Campbell & Levine has maintained detailed records of the time spent in the rendition of professional services for the P.I. Committee during the Period.  Attached hereto as Exhibit A and incorporated herein by reference are true and correct copies of the monthly billing statements prepared for the services rendered in this case by Campbell & Levine (the "Billing Statements") during the Period.  The Billing Statements are in the same form regularly used by Campbell & Levine to bill its clients for services rendered and includes the date that the services were rendered, a detailed, contemporaneous narrative descriptions of the services, the amount of time spent for each service and the designation of the professional who performed the service.

12.     As set forth on Exhibit A, Campbell & Levine rendered 135.9 hours of professional services during the Period, resulting in legal fees totaling $35,780.00 and associated reasonable and necessary expenses totaling $4,029.10.

13.     Set forth below are the rates for the expenses incurred by Campbell & Levine for which reimbursement is requested pursuant to this Application, as well as the basis for such rates for the identified expense items:

a)  Copy charges:  Campbell & Levine charges 10 cents per page for copies and such charge is based on an analysis of the cost to Campbell & Levine to make a copy;

b)  Computer research charges:  Campbell & Levine passes through on an exact cost basis all computer-assisted research charges; and

c)  Out-going facsimile charges: Campbell & Levine charges $1.00 for each page. These charges are based on an analysis of the cost to Campbell & Levine to send facsimile transmissions.  Campbell & Levine do not pass through to its client's expenses or charges related to incoming facsimile transmissions.

14.     The professionals at Campbell & Levine have substantial experience in bankruptcy, including bankruptcies involving mass tort liability, insolvency, corporate reorganization and debtor/creditor law and commercial law and have participated in numerous proceedings before this Court, as well as several other bankruptcy courts.

15.     The general areas in which Campbell & Levine has rendered professional services to the P.I. Committee during the Period in the case may be broadly characterized as follows:

a)  providing legal advice as counsel regarding the rules and practices of this Court applicable to the P.I. Committee's powers and duties as an official committee appointed under section 1102 of the Bankruptcy Code;

b)  providing legal advice as Delaware counsel regarding the rules and practices of this Court;

c)  preparing and reviewing as counsel applications, motions, complaints, answers, orders, agreements and other legal papers filed on or behalf of the P.I. Committee for compliance with the rules and practices of this Court;

d)  appearing in Court as counsel to present necessary motions, applications and pleadings and otherwise protecting the interests of the P.I. Committee and asbestos-related, personal injury creditors of the Debtors;

e)  investigating, instituting and prosecuting causes of action on behalf of the P.I. Committee and/or the Debtors' estates; and

f)  performing such other legal services for the P.I. Committee as the P.I. Committee believes may be necessary and proper in these proceedings.

16.    The generality of the foregoing description is amplified on a day-to-day basis by the Billing Statements attached hereto.

17.    Thus, through this Forty-Ninth Interim Application, Campbell & Levine seeks interim allowance and payment of $35,780.00 in fees and $4,029.10 in expenses.  A Notice of Forty-Ninth Interim Application will be filed and served on all parties requesting notice under Bankruptcy Rule 2002 and the Application will be served on the parties specified in the Administrative Order.

## V.    ALLOWANCE OF COMPENSATION

18.    Campbell & Levine have endeavored to represent the P.I. Committee in the most expeditious and economical manner possible.  Further, the professionals at Campbell & Levine have coordinated their activities with co-counsel to avoid duplication of effort on behalf of the P.I. Committee in the case whenever possible.

WHEREFORE, Campbell & Levine respectfully requests that the Court enter an Order approving this Forty-Ninth Interim Application and directing payment of $35,780.00 in fees and reimbursement of $4,029.10 in expenses, and for such other and further relief as the Court deems just and proper.

CAMPBELL & LEVINE, LLC


/s/ Kathleen Campbell Davis
Marla R. Eskin (I.D. #2989)
Mark T. Hurford (I.D. #3299)
Kathleen Campbell Davis (I.D. #4229)
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801
(302) 426-1900

Delaware and Associated Counsel for the
Official Committee of Asbestos Personal Injury
Claimants

Dated: August 14, 2013