## Exhibit I

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al. | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

### **AFFIDAVIT**

STATE OF NEW JERSEY    )
                                   ) ss:
COUNTY OF BERGEN    )

      EDWIN N. ORDWAY, JR., being duly sworn, deposes and says:

    1.  I am a member and the manager of Capstone Advisory Group, LLC, ("Capstone"), and I am duly authorized to make this affidavit on behalf of Capstone. Capstone provides financial consulting services for restructuring matters and has its principal office at Park 80 West, 250 Pehle Avenue, Suite 105, Saddle Brook, New Jersey. Capstone has provided financial consulting services to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

    2.  This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of Capstone's Thirty-Eighth Quarterly application for compensation for services and for reimbursement of expenses for services rendered during the period from April 1, 2013 through June 30, 2013 in the aggregate amount of $107,013.00 of which $78,917.34 has not yet been paid.

    3.  All services for which compensation is requested by Capstone were professional services performed for and on behalf of the Committee from April 1, 2013 through and including June 30, 2013 and not on behalf of any other person.

    4.  In accordance with Title 18 U.S.C. Section 155, neither I nor any employee of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5. In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any employee thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any employee of my firm.  In the event Capstone uses contractors in the future I will supplement this affidavit accordingly.   Prior to the date of this Application, as of February 4, 2006 Robert J. Manzo and/or RJM, LLC, a firm owned by Robert J. Manzo, was a contract counterparty of Capstone.  Mr. Manzo was deemed by the parties' agreements to be an independent contractor of Capstone and RJM, LLC was paid compensation by Capstone pursuant to the parties' agreements.  On or about March 9, 2012, the relationship between Capstone and Robert J. Manzo and RJM, LLC ended pursuant to mutual agreement of the parties.

/s/ Edwin N. Ordway, Jr.

EDWIN N. ORDWAY, JR.

Sworn to before me this
8th day of August, 2013

/s/ Michelle Lutkowski

Michelle Lutkowski

Notary Public of Morris County

Commission expires March 25, 2016