## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.**, *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (KJC)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S COMBINED FINAL REPORT REGARDING THOSE FEE APPLICATIONS WITH *DE MINIMIS* OR NO FEE OR EXPENSE ISSUES FOR THE FORTY-EIGHTH INTERIM PERIOD

This is the combined final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding all the Interim Fee Applications of those firms for which we have *de minimis*[1] or no fee or expense issues for the Forty-Eighth Interim Period (collectively referred to hereafter as the "Applications").[2]

### BACKGROUND

1.       Beveridge & Diamond, P.C. ("Beveridge & Diamond"), was retained as special counsel to the Debtors.  Beveridge & Diamond seeks approval of fees totaling $181,453.95 and expenses totaling $2,155.60 for its services during the Application Period.

2.       Blackstone Advisory Partners L.P. ("Blackstone") was retained as financial advisor

---

[1]For purposes of this report, applications with *de minimis* issues are those for which: (1) our recommended reductions total less than $100.00, *and* (2) the applicant has agreed to our recommended  reductions.

[2]The Forty-Eighth Interim Period encompasses January 1, 2013, through March 31, 2013 (the "Application Period").  All Applications are for the Forty-Eighth Interim Period, unless otherwise specified.

to the Debtors.  Blackstone seeks approval of flat fees totaling $125,000.00[3] and expenses totaling $77.32 for its services during the Application Period.

3.    BMC Group ("BMC") was retained as Claims Reconciliation and Solicitation Consultant to the Debtors.  BMC seeks approval of fees totaling $107,535.50 and expenses totaling $4,766.24 for its services during the Application Period.

4.    Campbell & Levine, LLC ("Campbell & Levine"), was retained as Delaware and associated counsel to the Official Committee of Asbestos Personal Injury Claimants.  Campbell & Levine seeks approval of fees totaling $41,560.50 and expenses totaling $3,851.39 for its services during the Application Period.

5.    Caplin & Drysdale, Chartered ("Caplin & Drysdale"), was retained as counsel to the Official Committee of Asbestos Personal Injury Claimants.  Caplin & Drysdale seeks approval of fees totaling $240,922.00[4] and expenses totaling $1,816.44 for its services during the Application Period.

6.    Capstone Advisory Group, LLC ("Capstone"), was retained as financial advisor to the Official Committee of Unsecured Creditors.  Capstone seeks approval of fees totaling $134,650.00 and expenses totaling $287.38 for its services during the Application Period.

7.    Casner & Edwards, LLP ("Casner"), was retained as special litigation counsel to the Debtors.  Casner seeks approval of fees totaling $38,263.00 and expenses totaling $37,985.12 for

---

[3]For the Application Period, Blackstone lists 160.40 hours worked, which computes to an effective hourly rate of $779.30.

[4]We note for informational purposes that Caplin & Drysdale billed the time of attorney Elihu Inselbuch at $1,000.00 per hour.  During the current Application Period, Mr. Inselbuch billed 4.50 hours at the $1,000 per hour rate, for $4,500.00 in fees.

its services during the Application Period.

8.      Charter Oak Financial Consultants, LLC ("Charter Oak"), was retained as financial advisor to the Official Committee of Asbestos Personal Injury Claimants.  Charter Oak seeks approval of fees totaling $52,313.50 and expenses totaling $39.10 for its services during the Application Period.

9.      Duane Morris LLP ("Duane Morris") was retained as co-counsel to the Official Committee of Unsecured Creditors.  Duane Morris seeks approval of fees totaling $29,380.50 and expenses totaling $124.42 for its services during the Application Period.

10.     Ferry, Joseph & Pearce, P.A. ("Ferry Joseph"), was retained as counsel to the Official Committee of Asbestos Property Damage Claimants.  Ferry Joseph seeks approval of fees totaling $20,510.00 and expenses totaling $3,273.78 for its services during the Application Period.

11.     Foley Hoag LLP ("Foley Hoag") was retained as special environmental counsel to the Debtors.  Foley Hoag seeks approval of fees totaling $18,025.60 and expenses totaling $43.82 for its services during the Application Period.

12.     Fragomen, Del Rey, Bernsen & Loewy LLP ("Fragomen") was retained as immigration counsel to the Debtors.  Fragomen seeks approval of fees totaling $10,950.00 and expenses totaling $8,674.52 for its services during the Application Period.

13.     The Hogan Firm ("THF") was retained as Delaware counsel to the Canadian Zonolite Attic Insulation ("ZAI") Claimants.  THF seeks approval of fees totaling $24,754.00 and expenses totaling $1,661.24 for its services during the Application Period.

14.     Kirkland & Ellis LLP ("K&E") was retained as counsel to the Debtors.  K&E seeks

approval of fees totaling $1,587,846.00[5] and expenses totaling $59,992.66 for its services during the Application Period.

15.     Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") was retained as co-counsel to the Official Committee of Equity Holders.  Kramer Levin seeks approval of fees totaling $137,895.50 and expenses totaling $6,557.86 for its services during the Application Period.

16.     Lauzon Bélanger Lespérance ("Lauzon Bélanger) was retained as Canadian counsel to the Canadian ZAI Claimants.  Lauzon Bélanger seeks approval of fees totaling CDN $2,379.75 and expenses totaling CDN $363.67 for its services during the Application Period.

17.     Legal Analysis Systems, Inc. ("LAS") was retained as asbestos-related bodily injury consultant to the Official Committee of Asbestos Personal Injury Claimants.  LAS seeks approval of fees totaling $1,362.00 and no expenses for its services during the Application Period.

18.     Orrick, Herrington & Sutcliffe LLP ("Orrick") was retained as bankruptcy counsel to David T. Austern, Future Claimants' Representative.  Orrick seeks approval of fees totaling $293,944.50 and expenses totaling $632.05 for its services during the Application Period.

19.     Pachulski Stang Ziehl & Jones LLP ("Pachulski") was retained as counsel to the Debtors.  Pachulski seeks approval of fees totaling $110,216.50 and expenses totaling $54,658.77 for its services during the Application Period.

20.     Phillips, Goldman & Spence, P.A. ("PG&S"), was retained as local counsel to David

---

[5]We note for informational purposes that Kirkland & Ellis billed the time of partners, Christopher Landau, P.C. ("Landau PC"), and Todd F. Maynes, P.C. ("Maynes PC"), at $1,150.00 per hour, and James H. M. Sprayregen, P.C. ("Sprayregen PC"), at $1,125.00 per hour.  During the Application Period, Landau PC billed 0.5 hours for fees of $575.00, Maynes PC billed 4.0 hours for fees of $4,600.00, and Sprayregen PC billed 1.50 hours for fees of $1,687.50.

T. Austern, Future Claimants' Representative. PG&S seeks approval of fees totaling $12,198.00 and expenses totaling $1,034.51 for its services during the Application Period.

21.     PricewaterhouseCoopers LLP ("PwC") was retained as auditors and tax consultants to the Debtors and Debtors-in-Possession. PwC seeks approval of fees totaling $666,951.60[6] and expenses totaling $25,876.46 for its services during the Application Period.

22.     Reed Smith LLP ("Reed Smith") was retained as special asbestos products liability defense counsel to the Debtors. Reed Smith seeks approval of fees totaling $32,574.00 and expenses totaling $756.93 for its services during the Application Period.

23.     Alan B. Rich ("Alan Rich") was retained as counsel to the Honorable Alexander M. Sanders, Jr., Legal Representative for Future Asbestos-Related Property Damage Claimants. Alan Rich seeks approval of fees totaling $63,350.00 and expenses totaling $738.15 for his services during the Application Period.

24.     The Honorable Alexander M. Sanders, Jr. ("Judge Sanders"), was retained as the Legal Representative for Future Asbestos-Related Property Damage Claimants. Judge Sanders seeks approval of fees totaling $8,235.00 and no expenses for his services during the Application Period.

25.     Saul Ewing LLP ("Saul Ewing") was retained as co-counsel to the Official Committee of Equity Holders. Saul Ewing seeks approval of fees totaling $34,060.00 and expenses totaling $444.30 for its services during the Application Period.

26.     Scarfone Hawkins LLP ("Scarfone Hawkins") was retained as Canadian counsel to

---

[6]We note for informational purposes that PwC billed the time of Audit Partner, Ravi S. Rao, at $1,005.84 per hour. During the Application Period, Mr. Rao billed 8.0 hours for fees of $8,046.72.

the Canadian ZAI Claimants.  Scarfone Hawkins seeks approval of fees totaling CDN $6,420.00 and expenses totaling CDN $834.60 for its services during the Application Period.

27.     Woodcock Washburn LLP ("Woodcock Washburn") was retained as special litigation counsel to the Debtors.  Woodcock Washburn seeks approval of fees totaling $20,046.00 and expenses totaling $898.15 for its services during the Application Period.

28.     In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Applications in their entirety, including each of the time and expense entries included in the exhibits to the Applications, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2013, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

## DISCUSSION

29.     We have no issues with or objections to any of the Applications, except for the *de minimis* issues noted in the following paragraph and accompanying appendices.

## CONCLUSION

30.     In summary, for the Application Period, we recommend approval of the following fees and expenses for these Applicants:

a.      Beveridge & Diamond - $181,453.95[7] in fees and $2,155.60 in expenses;

b.      Blackstone - $125,000.00 in fees and $77.32 in expenses;

c.      BMC - $107,516.00 in fees ($107,535.50 minus $19.50)[8] and $4,766.24 in expenses;

d.      Campbell & Levine - $41,521.50 in fees ($41,560.50 minus $39.00)[9] and $3,851.39 in expenses;

e.      Caplin & Drysdale - $240,922.00 in fees[10] and $1,816.44 in expenses;

f.      Capstone - $134,650.00 in fees and $287.38 in expenses;

g.      Casner - $38,263.00 in fees and $37,985.12 in expenses;

h.      Charter Oak - $52,313.50 in fees and $39.10 in expenses;

i.      Duane Morris - $29,380.50 in fees and $124.42 in expenses;

j.      Ferry Joseph - $20,510.00 in fees and $3,273.78[11] in expenses;

k.      Foley Hoag - $18,025.60 in fees and $43.82 in expenses;

---

[7]We asked Beveridge & Diamond about one of its time entries, and we received a response which satisfied our inquiry.  *See* Appendix A.

[8]This agreed $19.50 reduction is for time entries in which there were mathematical errors.  *See* Appendix B.

[9]This agreed $39.00 reduction is for a duplicated time entry.  *See* Appendix C.

[10]We asked Caplin & Drysdale about certain time entries, and we received a response which satisfied our inquiry.  *See* Appendix D.

[11]We asked Ferry Joseph about certain expense entries, and we received a response which satisfied our inquiry.  *See* Appendix E.

l.      Fragomen - $10,950.00 in fees and $8,674.52[12] in expenses;

m.     THF - $24,754.00 in fees and $1,661.24 in expenses;

n.      Kirkland & Ellis - $1,587,846.00 in fees and $59,992.66 in expenses;[13]

o.      Kramer Levin - $137,895.50 in fees and $6,557.86 in expenses;

p.      Lauzon Bélanger - CDN $2,379.75 in fees and CDN $363.67 in expenses;

q.      LAS - $1,362.00 in fees;

r.      Orrick - $293,944.50 in fees and $632.05[14] in expenses;

s.      Pachulski - $110,216.50[15] in fees and $54,658.77 in expenses;

t.      PG&S - $12,148.50 in fees ($12,198.00 minus $49.50[16]) and $1,034.51 in expenses;

u.      PwC - $666,951.60 in fees and $25,876.46 in expenses;

v.      Reed Smith - $32,574.00 in fees and $756.93 in expenses;

w.     Alan Rich - $63,350.00 in fees and $738.15 in expenses;

x.      Judge Sanders - $8,235.00 in fees;

---

[12]We note that although Fragomen requested expenses totaling $8,674.52, we calculate Fragomen's expenses at $8,674.72, for a difference of $0.20. However, because the difference is *de minimis* and in the estate's favor, we did not inquire about this issue.

[13]We asked K&E about certain expense entries, and we received a response which satisfied our inquiry. *See* Appendix F.

[14]We noted that the expense detail was missing from Orrick's Application. Orrick supplied its expense detail in response to our request. See Appendix G.

[15]We asked Pachulski about certain time entries, and we received a response which satisfied our inquiry. *See* Appendix H.

[16]This agreed $49.50 reduction is for a time entry in which there was a mathematical error. *See* Appendix I.

y.    Saul Ewing - $34,060.00 in fees and $444.30 in expenses;

z.    Scarfone Hawkins - CDN $6,420.00 in fees  and CDN $834.60 in expenses;

aa.    Woodcock Washburn - $20,046.00 in fees and $898.15 in expenses.[17]

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
        Warren H. Smith
        Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, Texas 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

### CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 6th day of September, 2013.

_____
Warren H. Smith

---

[17]We asked Woodcock Washburn about one if its expense entries, and we received a response which satisfied our inquiry.  *See* Appendix J.

# SERVICE LIST
## Notice Parties

**The Applicants**
Pamela D. Marks
Beveridge & Diamond PC
201 North Charles Street, Suite 2210
Baltimore, MD   21201

John James O'Connell III
Managing Director
Blackstone Advisory Partners L.P.
345 Park Avenue
New York, NY 10154

Myrtle H. John
BMC Group
600 1st Avenue, Suite 300
Seattle, Washington 98104

Marla R. Eskin
Mark T. Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

Elihu Inselbuch
Rita C. Tobin
Caplin & Drysdale, Chartered
600 Lexington Avenue, 21st Floor
New York, NY  10022-6000

Edwin N. Ordway, Jr.
Capstone Advisory Group, LLC
Park 80 West
250 Pehle Avenue, Suite 105
Saddle Brook, NJ  07663

Robert A. Murphy
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210

James P. Sinclair
Charter Oak Financial Consultants, LLC
430 Center Avenue
Mamaroneck, NY 10543

Michael R. Lastowski
Richard W. Riley
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

Michael B. Joseph
Theodore J. Tacconelli
Lisa L. Coggins
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 1000
P. O. Box 1351
Wilmington, DE 19899

Seth D. Jaffe
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600

Scott E. Bettridge
Fragomen, Del Rey, Bernsen & Loewy LLP
One Alhambra Plaza, Suite 600
Coral Gables, FL 33134

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE 19806

John Donley
Adam C. Paul
Kirkland & Ellis LLP
300 N. LaSalle Street
Chicago, IL 60654

Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10022

Mark A. Peterson
Legal Analysis Systems, Inc.
970 Calle Arroyo
Thousand Oaks, CA  91360

James E. O'Neill
Laura Davis Jones
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Kathleen M. Miller
Stephanie S. Habelow
Smith, Katzenstein & Furlow LLP
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)

Kurt F. Gwynne
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
Andrew J. Muha
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222

Alan B. Rich
4244 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Teresa K. D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

Gary H. Levin
Woodcock Washburn LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA  19104-2891

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Official Committee of Unsecured Creditors**
Denise Wildes
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

**Counsel for the Official Committee of Asbestos Property Damage Claimants**
Scott L. Baena
Jay M. Sakalo
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

## APPENDIX A

### Beveridge & Diamond

1.      We noted the following time entry for which more information was needed:

02/05/13      P. Marks   0.50      $272.50      Follow-up re bankruptcy processing issues

Because it appeared this might pertain to the processing of fee payments from the client (a task

which we consider to be noncompensable overhead), we asked Beveridge & Diamond for

additional information.  Beveridge & Diamond responded:

> I can check my records more thoroughly as needed, but typically I bill just a bit of
> time for bankruptcy billing issues only when my time expenditure on the billing has
> greatly exceeded that of ordinary (non-bankruptcy) billing.  I suspect that this billed
> time was for:  1) preparing extra information to support the billing (such as in
> response to fee auditor reports or to try to avoid a fee auditor inquiry), and working
> with our staff to address these issues; and/or 2) making sure that the bills do not
> contain confidential information, because the bills are all a matter of public record.
> I assure you that the time billed to address bankruptcy-specific billing issues is far
> less time than I have actually spent on these issues.

We accept Beveridge & Diamond's response and have no objection to these fees.

## APPENDIX B

## BMC

1.        We noted the following time entries in which there was a discrepancy between the amount of time billed and the amount of time recorded within the work description:

        a.        On February 7, 2013, JM ($195) billed under one time entry 1.30 hours for total fees of $253.50.  The amount of time recorded within the work description totaled 1.50 hours for total fees of $292.50.  Thus, it appeared this time entry was under billed by $39.00.

| 02/07/13 | JM | 1.30 | 253.50 | Continued review and analysis of claims affected by stipulations/orders (.4); analysis of related pleadings (.6); update claims and distribution databases as appropriate (.5). |

        b.        On February 27, 2013, JM ($195) billed under one time entry 3.80 hours for total fees of $741.00.  The amount of time recorded within the work description totaled 3.50 hours for total fees of $682.50.  Thus, it appeared this time entry was over billed by $58.50.

| 02/27/13 | JM | 3.80 | 741.00 | Review and analysis of claims affected by stipulations/orders in connection with proposed distribution (1.7); review associated pleadings; review and update claims and distribution databases as necessary and appropriate (1.8). |

We asked BMC whether it agreed that fee adjustments were warranted for these time entries, and BMC responded: "BMC agrees that your calculations are correct..."  We appreciate BMC's response and recommend a net reduction of $19.50 in fees.

# APPENDIX C

## Campbell & Levine

1.      We noted the following identical time entries:

MTH    Review correspondence from MS re Woodcock fee application    0.10    39.00

MTH    Review correspondence from MS re Woodcock fee application    0.10    39.00

We asked if one of these entries was a duplicate, and Campbell & Levine responded:

> After review, we can confirm that those entries are duplicative.  We will agree to a reduction of $39.00.

We appreciate Campbell & Levine's response and recommend a reduction of $39.00 in fees.

## APPENDIX D

## Caplin & Drysdale

1.      We noted the following time entries pertaining to fee payments:

| 02/05/13 | RCT | 555.00 | 0.20 | Address payment issue. |
| 03/04/13 | RCT | 555.00 | 0.30 | Address fee/payment issues. |
| 03/14/13 | RCT | 555.00 | 0.30 | Address fee payment issues. |
| 03/21/13 | RCT | 555.00 | 0.30 | Address fee issues. |

Ordinarily, we consider time spent on payment issues to be a bookkeeping matter and therefore noncompensable overhead.   We asked Caplin & Drysdale to explain why the estate should compensate this time, and Caplin & Drysdale responded:

> Regarding your query in ... the Initial Report regarding my own time (Rita C. Tobin/RCT), as the attorney in charge of preparing and filing all fee applications and addressing queries from the UST or fee examiner, my responsibilities include responding to queries from our attorneys, paralegals and accounting personnel regarding the classification and billing of legal services; reviewing all fee orders and payments; and ensuring that any payments reflect fee applications, agreed reductions and the Court's orders.   Because these tasks include the interpretation of the UST's guidelines, the Court's orders, communications with the fee auditor, and other legal documents and correspondence, we assign such tasks to an attorney (and) do not consider them non-compensable overhead.

We accept Caplin & Drysdale's response and have no objection to these fees.

## APPENDIX E

### Ferry Joseph

1.     We noted the following similar expense entries:

| Mar-18-13 | Cost Advance - Digital Legal - copies/service (Inv # 72171) | 491.06 |
|---|---|---|
| Mar-27-13 | Cost Advance - Digital Legal - copies/service (Inv # 72429) | 491.06 |

We asked Ferry Joseph if one of the entries was a duplicate, and Ferry Joseph responded:

> Digital Legal did not bill the same expense twice.  The March 18 expense entry is for Bilzin's 47th Quarterly Fee app filed and served on 3/1/13 and the March 27 expense entry is for FJ&P's 47th Quarterly fee app that was filed and served on 3/11/13.

We accept Ferry Joseph's explanation and have no objection to this expense.

# APPENDIX F

## K&E

1.　　We noted Westlaw and Lexis expenses totaling $34,037.40.  We asked K&E whether these charges were billed at an amount equal to or less than the cost to the firm.[18]  K&E responded:

> Please allow this letter to confirm that, pursuant to K&E's internal billing policies, all expenses for Westlaw and Lexis computer research are charged to clients at the same rate charged to K&E.

We appreciate K&E's response and have no objection to these expenses.

2.　　We noted secretarial overtime charges totaling $15,630.26.  See Appendix F-1.  We asked K&E to explain why the work which gave rise to these charges could not have been performed during normal business hours.  K&E responded:

> Please allow this letter to confirm that the expenses identified in ... the Initial Report were necessary in order to meet the Third Circuit briefing schedule related to appeals from confirmation of the Debtors' plan of reorganization.  K&E was responsible for preparing five major appellate briefs in a very short period of time. A typical timeline for submitting major appellate briefs similar to those prepared by K&E would be measured in months rather than weeks.  However, because of the importance to the Debtors and their estates of having the appeals heard promptly in order to hasten the Debtors' exit from bankruptcy, K&E prepared all five appellate briefs in only seven weeks.  As a result, it was simply impossible to meet this briefing schedule without support staff working beyond regular business hours.  For these reasons, we believe that the expenses identified in ... the Initial Report were reasonable, necessary, and provided significant benefit to the Debtors' estates.

We appreciate K&E's response and have no objection to these expenses.

---

[18]Pursuant to Local Rule 2016-2(e)(iii), computer-assisted legal research charges "shall not be more than the actual cost..."

## Appendix F-1

| | | |
|---|---|---|
| 12/10/2012 | 165.75 | Secretarial Overtime, Susan L. Woods - Revise brief and notes, update binders with tabs and spines |
| 12/11/2012 | 76.50 | Secretarial Overtime, Jan M. Blair - Revise briefs |
| 12/11/2012 | 76.50 | Secretarial Overtime, Susan L. Woods - Revise Garlock brief excerpts and JDs notes |
| 12/12/2012 | 76.50 | Secretarial Overtime, Jan M. Blair - Revise briefs |
| 12/13/2012 | 76.50 | Secretarial Overtime, Jan M. Blair - Revise briefs |
| 12/15/2012 | 306.00 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs, create and revise inserts |
| 12/16/2012 | 165.75 | Secretarial Overtime, Susan L. Woods - Revise appeal brief, create and edit standalone documents |
| 12/17/2012 | 140.25 | Secretarial Overtime, Christine Hraban - Revise appeal briefs |
| 12/18/2012 | 127.50 | Secretarial Overtime, Susan L. Woods - Revise appeal brief overview |
| 12/18/2012 | 114.75 | Secretarial Overtime, Christine Hraban - Revise appeal briefs |
| 12/19/2012 | 114.75 | Secretarial Overtime, Susan L. Woods - Revise brief, retrieve cases, revise other documents |
| 12/19/2012 | 51.00 | Secretarial Overtime, Jan M. Blair - Revise briefs |
| 12/19/2012 | 76.50 | Secretarial Overtime, Christine Hraban - Revise appellate response briefs |
| 12/20/2012 | 153.00 | Secretarial Overtime, Jan M. Blair - Revise briefs |
| 12/21/2012 | 153.00 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 12/21/2012 | 76.50 | Secretarial Overtime, Christine Hraban - Revise response briefs. |
| 12/23/2012 | 369.75 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 12/24/2012 | 442.25 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 12/26/2012 | 167.75 | Secretarial Overtime, Jan M. Blair - Revise briefs |

| | | |
|---|---|---|
| 12/26/2012 | 183.00 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 12/27/2012 | 30.50 | Secretarial Overtime, Deleana J. Younger - Assist with revisions to Grace appeal brief |
| 12/27/2012 | 167.75 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 12/27/2012 | 137.25 | Secretarial Overtime, Christine Hraban - Revise Third Circuit briefs |
| 12/28/2012 | 13.02 | Secretarial Overtime, Celeste L. Sullivan - Print |
| 12/28/2012 | 366.00 | Secretarial Overtime, Christine Hraban - Revise Third Circuit briefs |
| 12/29/2012 | 31.50 | Secretarial Overtime, Jasmin Diaz - Courier services and printing |
| 12/29/2012 | 320.25 | Secretarial Overtime, Christine Hraban - Revise Third Circuit briefs |
| 12/30/2012 | 109.20 | Secretarial Overtime, Joan M. Engstrom - Revise/update MS Word, revise/update MS Word table of contents |
| 12/30/2012 | 549.00 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 12/31/2012 | 442.25 | Secretarial Overtime, Christine Hraban - Revise Third Circuit briefs |
| 1/01/2013 | 167.75 | Secretarial Overtime, Debra A. Moran - Revise plan proponents response to Garlock opening brief |
| 1/01/2013 | 503.25 | Secretarial Overtime, Christine Hraban - Revise Third Circuit briefs |
| 1/02/2013 | 274.50 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs, print emails and attachments |
| 1/02/2013 | 167.75 | Secretarial Overtime, Christine Hraban - Revise Garlock Third Circuit brief |
| 1/03/2013 | 188.16 | Secretarial Overtime, Gwendolyn Morgan - Revise/update MS Word |
| 1/03/2013 | 244.00 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 1/03/2013 | 122.00 | Secretarial Overtime, Christine Hraban - Revise Garlock brief |
| 1/04/2013 | 61.00 | Secretarial Overtime, Jan M. Blair - Revise briefs |
| 1/04/2013 | 76.25 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |

| 1/05/2013 | 118.02 | Secretarial Overtime, Joan M. Engstrom - Revise/update MS Word, revise/update MS Word table of contents |
| 1/05/2013 | 23.94 | Secretarial Overtime, Carmalita Blackwell - Courier services and printing |
| 1/05/2013 | 503.25 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 1/06/2013 | 171.36 | Secretarial Overtime, Joan M. Engstrom - Revise/update MS Word, revise/update MS Word table of contents |
| 1/06/2013 | 701.50 | Secretarial Overtime, Debra A. Moran - Revise plan proponents response to Garlock opening brief, introduction section and bank lender brief |
| 1/07/2013 | 213.50 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 1/08/2013 | 21.00 | Secretarial Overtime, Christine A. Slivka - Create Adobe PDF |
| 1/08/2013 | 91.50 | Secretarial Overtime, Debra A. Moran - Revise Garlock opening brief |
| 1/08/2013 | 274.50 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 1/09/2013 | 152.50 | Secretarial Overtime, Jan M. Blair - Revise briefs |
| 1/09/2013 | 244.00 | Secretarial Overtime, Debra A. Moran - Revise Garlock opening brief and introduction section |
| 1/09/2013 | 259.25 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 1/10/2013 | 152.50 | Secretarial Overtime, Jan M. Blair - Revise briefs |
| 1/10/2013 | 228.75 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 1/10/2013 | 61.00 | Secretarial Overtime, Christine Hraban - Revise Third Circuit briefs |
| 1/11/2013 | 183.00 | Secretarial Overtime, Jan M. Blair - Revise briefs |
| 1/12/2013 | 268.80 | Secretarial Overtime, Joan M. Engstrom - Revise/update MS Word, revise/update MS Word table of authorities, revise/update MS Word table of contents |
| 1/12/2013 | 13.44 | Secretarial Overtime, Maryam A. Afshar - Courier services and printing |

| | | |
|---|---|---|
| 1/12/2013 | 503.25 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 1/13/2013 | 175.98 | Secretarial Overtime, Joan M. Engstrom - Courier services, printing, reprographics, revise/update MS Word, revise/update MS word table of contents |
| 1/13/2013 | 549.00 | Secretarial Overtime, Debra A. Moran - Revise Garlock opening brief |
| 1/13/2013 | 549.00 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 1/14/2013 | 225.54 | Secretarial Overtime, Sharon Malayter - Revise/update MS Word table of authorities |
| 1/14/2013 | 11.76 | Secretarial Overtime, Christine A. Slivka - Print |
| 1/14/2013 | 61.00 | Secretarial Overtime, Jan M. Blair - Revise briefs |
| 1/14/2013 | 122.00 | Secretarial Overtime, Debra A. Moran - Revise Garlock opening brief |
| 1/14/2013 | 244.00 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 1/14/2013 | 152.50 | Secretarial Overtime, Christine Hraban - Revise Third Circuit briefs |
| 1/15/2013 | 52.50 | Secretarial Overtime, Celeste L. Sullivan - Create MS Word, revise/update MS Word table of contents |
| 1/15/2013 | 61.00 | Secretarial Overtime, Jan M. Blair - Revise briefs |
| 1/15/2013 | 244.00 | Secretarial Overtime, Debra A. Moran - Revise Garlock opening brief and introduction section |
| 1/15/2013 | 91.50 | Secretarial Overtime, Christine Hraban - Revise appellate briefs |
| 1/16/2013 | 290.22 | Secretarial Overtime, Celeste L. Sullivan - Create MS Word, create MS Word table of contents, revise/update MS Word table of authorities |
| 1/16/2013 | 21.00 | Secretarial Overtime, Christine A. Slivka - Create and print Adobe PDF |
| 1/16/2013 | 187.32 | Secretarial Overtime, Carmen Rivera - Create MS Word, Create MS Word table of contents, revise/update MS Word table of authorities |
| 1/16/2013 | 152.50 | Secretarial Overtime, Jan M. Blair - Revise briefs |

| | | |
|---|---|---|
| 1/16/2013 | 244.00 | Secretarial Overtime, Debra A. Moran - Revise Garlock opening brief |
| 1/16/2013 | 274.50 | Secretarial Overtime, Susan L. Woods - Revise appeal briefs |
| 1/16/2013 | 183.00 | Secretarial Overtime, Christine Hraban - Revise Third Circuit briefs |
| 1/17/2013 | 152.50 | Secretarial Overtime, Jan M. Blair - Revise briefs |
| 1/17/2013 | 305.00 | Secretarial Overtime, Christine Hraban - Revise appellate briefs |
| 1/19/2013 | 10.50 | Secretarial Overtime, Belle Lopez - Courier services and printing |

# APPENDIX G

## Orrick Expense Detail

*(See pdf attachment.)*

## APPENDIX H

### Pachulski

1.      We noted the following sets of similar time entries:

| 01/03/13 | PEC | 0.50 | 145.00 | Prepare Donelson Bearman Caldwell & Berkowitz, P.C.'s September 2012 Monthly Fee Application for filing and service (.4); Draft Certificate of Service (.1). |
| 01/03/13 | PEC | 0.50 | 145.00 | Prepare Donelson Bearman Caldwell & Berkowitz, P.C.'s October 2012 Monthly Fee Application for filing and service (.4); Draft Certificate of Service (.1). |
| 01/03/13 | PEC | 0.50 | 145.00 | Prepare Donelson Bearman Caldwell & Berkowitz, P.C.'s November 2012 Monthly Fee Application for filing and service (.4); Draft Certificate of Service (.1). |
| 01/25/13 | PEC | 0.60 | 174.00 | Draft Baker Donelson Bearman Caldwell & Berkowitz, P.C.'s September 2012 Monthly Fee Application and Affidavit of Service (.3); Prepare for filing and service (.3). |
| 01/25/13 | PEC | 0.60 | 174.00 | Draft Baker Donelson Bearman Caldwell & Berkowitz, P.C.'s October 2012 Monthly Fee Application and Affidavit of Service (.3); Prepare for filing and service (.3). |
| 01/25/13 | PEC | 0.60 | 174.00 | Draft Baker Donelson Bearman Caldwell & Berkowitz, P.C.'s November 2012 Monthly Fee Application and Affidavit of Service (.3); Prepare for filing and service (.3). |

We asked Pachulski whether any of these entries were duplicates, and Pachulski responded as follows:

> We provide the response below which hopefully clarifies the entries regarding the Baker Donelson fee applications.[19]

| 01/03/13 | PEC | 0.50 | 145.00 | Prepare **Baker** Donelson Bearman Caldwell & Berkowitz, P.C.'s September 2012 Monthly Fee |

---

[19]Fee Auditor's Note: The information provided by Pachulski is noted in underlined and bolded print.

|            |     |      |        | Application for filing and service (.4); Draft Certificate of Service (.1). |
|------------|-----|------|--------|-------------------------|
| 01/03/13 | PEC | 0.50 | 145.00 | Prepare **Baker** Donelson Bearman Caldwell & Berkowitz, P.C.'s October 2012 Monthly Fee Application for filing and service (.4); Draft Certificate of Service (.1). |
| 01/03/13 | PEC | 0.50 | 145.00 | Prepare **Baker** Donelson Bearman Caldwell & Berkowitz, P.C.'s November 2012 Monthly Fee Application for filing and service (.4); Draft Certificate of Service (.1). |
| 01/25/13 | PEC | 0.60 | 174.00 | Draft **Certificate of No Objection Regarding** Baker Donelson Bearman Caldwell & Berkowitz, P.C.'s September 2012 Monthly Fee Application and Affidavit of Service (.3); Prepare for filing and service (.3). |
| 01/25/13 | PEC | 0.60 | 174.00 | Draft **Certificate of No Objection Regarding** Baker Donelson Bearman Caldwell & Berkowitz, P.C.'s October 2012 Monthly Fee Application and Affidavit of Service (.3); Prepare for filing and service (.3). |
| 01/25/13 | PEC | 0.60 | 174.00 | Draft **Certificate of No Objection Regarding** Baker Donelson Bearman Caldwell & Berkowitz, P.C.'s November 2012 Monthly Fee Application and Affidavit of Service (.3); Prepare for filing and service (.3). |

We accept Pachulski's response and have no objection to these fees.

## APPENDIX I

## PG&S

1. We noted the following time entry in which the amount of time billed exceeded the

amount of time recorded within the work description:

PLAN AND DISCLOSURE JCP01/17/13 2.50 1,237.50
STATEMENT

E-mail from Rick Wyron approving Motion to Exceed Page Limit (.1); e-mail from Rick wyron to counsel for Debtors approving same (.1); e-mail from and e-mail to local counsel for Debtors approving same (.1); e-mail from local counsel for Debtors (2x) forwarding draft briefs (.2); e-mail to Megan C. Haney (2x) forwarding same and requesting review and revision of same (.1); review of Megan C. Haney's revisions to Garlock brief and further revise same (;4); e-mail to and e-mail from Debbie Felder re: revisions to same (.2); review of Megan C. Haney's revisions to Anderson Memorial brief and further revise same (.3) I e-mail to and e-mail from Debbie Felder re: revisions to Anderson Memorial brief (.1); e-mail from Megan C. Haney re: no revisions to draft introduction section (.1); review of same (.3); review of Megan C. Haney's comparison of previously revised Garlock brief to longer version of same (.4).

Although 2.5 hours were billed, the time recorded within the work description totaled only 2.4 hours.

We asked PG&S if it agreed that a fee adjustment was warranted for this time entry, and PG&S

responded: "Yes, we agree it is appropriate to deduct 0.10 of an hour for a total of $49.50 from the

fee application." We appreciate PG&S' response and recommend a reduction of $49.50 in fees.

**APPENDIX J**

**Woodcock Washburn**

1.       We noted an expense of $898.15 for local counsel fees.  In response to our request,

Woodcock Washburn provided a copy of the itemized invoice for this expense.  See Appendix J-1.

We reviewed the invoice and have no objection to this expense.

## Appendix J-1

*(See pdf attachment.)*