**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| W.R. GRACE & CO., <u>et</u> <u>al</u>., ) | **Case No. 01-01139 (KJC)** |
| ) | **(Jointly Administered)** |
| Debtors. ) | Objection Deadline: October 3, 2013 at 4:00 p.m. |
| ) | Hearing: December 18, 2013 at 11:00 a.m. |

**FIRST QUARTERLY INTERIM APPLICATION OF**
**ROGER FRANKEL, ASBESTOS PI FUTURE**
**CLAIMANTS' REPRESENTATIVE, FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD**
**MAY 16, 2013 THROUGH JUNE 30, 2013**

Pursuant to §§ 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and this Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (collectively, the "Administrative Order"), Roger Frankel, Asbestos Personal Injury Future Claimants' Representative ("FCR") hereby submits this first quarterly interim application (the "First Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period May 16, 2013 through June 30, 2013 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period.

By this First Quarterly Interim Application, the FCR seeks the interim allowance of compensation in the amount of $142,683.00 in fees and reimbursement of actual and necessary expenses in the amount of $251.40 for a total of $142,934.40, or 100% of all compensation and expense reimbursement requested, for the period May 16, 2013 through June 30, 2013. In support of this First Quarterly Interim Application, the FCR respectfully represents as follows:

### Jurisdiction

1.This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

### Background

2.On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.By an Interim Order entered on May 29, 2013, the Court appointed the FCR in the above-captioned cases *nunc pro tunc* to May 16, 2013 [Dkt. No. 30681]. The Interim Order was amended on May 30, 2013 [Dkt. No. 30689], and became final by its terms on June 14, 2013 [Dkt. No. 30689].

### Monthly Fee Applications Covered Herein

4.Prior to the filing of this First Quarterly Interim Application, the FCR filed his May 16-31, 2013 and June 1-30, 2013 monthly fee applications with the Court pursuant to the Administrative Order.

5.On July 3, 2013, the FCR filed his First Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses for the Period May 16-31, 2013 (the "First Monthly") [Docket No 30808] requesting $69,152.50 in fees and no expenses. The deadline to file objections to the First Monthly expired on July 23, 2013, and no objections were

filed.  A certificate of no objection was filed with the Court on July 25, 2013 at Docket No. 30870.

6. On August 8, 2013, the FCR filed his Second Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period June 1-30, 2013 (the "Second Monthly") [Docket No. 30945] requesting $73,530.50 in fees and expenses in the amount of $251.40.  The deadline to file objections to the Second Monthly expired on August 28, 2013, and no objections were filed.  A certificate of no objection was filed with the Court on August 30, 2013 at Docket No. 31043.

7. The First and Second monthly applications covered by this First Quarterly Interim Application contain details on the actual and necessary services provided by the FCR during the Interim Period as well as the other information required to be included in fee applications.

**Requested Relief**

8. By this First Quarterly Interim Application, the FCR requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by the FCR from May 16, 2013 through June 30, 2013.  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court.

11. At all relevant times, the FCR has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code.

12. All services for which compensation is requested in this Application were performed by the FCR.

13. Except for the Debtors' obligation to pay compensation and reimbursement as allowed by the Court, the FCR has received no payment and no promise for payment from any

3

source for services rendered, or to be rendered, in any capacity whatsoever in connection with these cases.

14. Because Mr. Frankel is a partner at Orrick, all of the amounts allowed by the Court as compensation for fees and reimbursement of expenses for Mr. Frankel's service as the FCR will be paid to Orrick. In accordance with Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, the FCR has not shared and has not agreed to share (a) any compensation he has received or may receive with another party other than Orrick, or (b) any compensation another person or party has received or may receive in connection with these Chapter 11 cases, other than compensation received by Orrick and shared with him in his capacity as a partner of Orrick.

WHEREFORE, the FCR respectfully requests that the Court enter an order, providing that, for the period May 16, 2013 through June 30, 2013, the FCR shall be allowed the sum of $142,683.00 in fees for reasonable and necessary professional services rendered to the FCR and the sum of $251.40 for the reimbursement of actual and necessary costs and expenses incurred, for a total of $142,934.40, that the Debtors be authorized and directed to pay to the FCR the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: September 13, 2013        By:*/S/ ROGER FRANKEL*
                                 Roger Frankel, in his capacity as the Asbestos
                                 Personal Injury Future Claimants' Representative
                                 c/o Orrick, Herrington & Sutcliffe LLP
                                 Columbia Center
                                 1152 15th Street, NW
                                 Washington, DC  20005
                                 (202) 339-8400