## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Hearing Date: December 18, 2013, at 11:00 a.m.** |
| | ) **Objection Deadline: December 2, 2013** |

### OBJECTION TO NON-ASBESTOS PERSONAL INJURY CLAIM NO. 18509 FILED BY PAULETTE RAMSEY NELSON (NON-SUBSTANTIVE)

The above-captioned debtors (the "Debtors" or "Grace") object on the following bases to

Claim No. 18509 (the "Nelson Claim," a copy of which proof of claim, the "Nelson POC," is

attached hereto as Exhibit A), which was filed by Paulette Ramsey Nelson ("Claimant"):[2] (i) The

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2]   The facts and circumstances set forth in this objection to the Nelson Claim (the "Objection") are based upon the *Declaration of Richard Finke in Support of the Debtors' Objection to Claim No. 18509 Filed by Paulette Ramsey Nelson (Substantive and Non-Substantive)* (the "Finke Declaration"), which was filed substantially contemporaneously herewith.

Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Finke Declaration or the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases* [Docket no. 26368], as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

claim was late-filed without Claimant having established the requisite "excusable neglect" (non-substantive), and is thus subject to disallowance pursuant to Del. Bankr. L.R. 3007-1(d)(iv);  (ii) Claimant did not execute the proof of claim, as required by Fed. R. Bankr. P. 3001(b) & (f), and (iii) Claimant did not provide sufficient documentation to establish the existence of a claim, which means that the Nelson Claim is subject to disallowance under Del. Bankr. L.R. 3007-1(d)(vi).  The Debtors therefore submit that the Court should enter an order substantially in the form attached hereto as Exhibit B (the "Order"), disallowing the Nelson Claim in its entirety, provided that claimant should have leave to file an Asbestos PI Claim to the extent that claimant has a basis for doing so.

In support of this Objection, the Debtors respectfully state as follows:

### JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Objection and the relief requested herein are 11 U.S.C. §§ 105(a) and 502, Fed. R. Bankr. P. 3001 & 3007 and Del. Bankr. L.R. Rule 3007-1.

### BACKGROUND

3.      By its *Order as to All Non-Asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof Of Claim Forms And (III) Approving Notice Program*, entered on April 22, 2002 (Docket no. 1963) (the "Bar Date Order"), the Bankruptcy Court established March 31, 2003, as the last date for filing proofs of claim for all prepetition non-asbestos Claims and Asbestos Property Damage Claims

(the "General Bar Date").[3] No bar date has been set in these cases for Asbestos Personal Injury Claims, other than asbestos personal injury prepetition litigation claims.

4.    Based upon a thorough review of their available books and records, as well as the Claims Agent's books and records and the docket, the Debtors have concluded that Claimant was not given actual notice of the General Bar Date.  The Debtors did not identify her as being a current or former employee or other potential creditor, nor was there any other evidence that Claimant could have had a claim against the Debtors.[4]  Finke Declaration at ¶ 2.  The Court found in the Bar Date Order that adequate publication notice was given of the General Bar Date. *See* Bar Date Order at 4.

5.    On December 5, 2008, more than five years and eight months after the General Bar Date, Claimant filed the Nelson POC.  Claimant did not comply with Fed. R. Bankr. P. 9006(b)(1) by concomitantly filing a motion requesting leave to do so.  The Nelson POC itself does not contain any basis on which the Nelson Claim could be late-filed as either a General Unsecured Claim or an Employee Benefits Claim.[5]  Claimant also did not properly execute the Nelson POC, as required by Fed. R. Bankr. P. 3001(b) & (f).[6]

---

[3]    The Court set separate bar dates for U.S. property ZAI PD Claims and Canadian property ZAI PD Claims.  *See Order (A) Establishing October 31, 2008 as the Proof of Claim Bar Date for Zonolite Attic Insulation Claims and (B) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program*, dated June 17, 2008 (Docket no. 18934); *Order (A) Establishing August 31, 2009 as the Proof of Claim Bar Date for Canadian Zonolite Attic Insulation Property Damage Claims and (B) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program* dated October 21, 2008 (Docket no. 19816).  These bar dates are not relevant to the Nelson Claim.

[4]    Subsequent to her filing her claim, Claimant was served with a solicitation package (Class 9), notice of the revised confirmation hearing date and Notice of Entry of the Confirmation Order.  Finke Declaration at ¶ 2.

[5]    Under the Plan, to the extent that Claimant is a former employee, the Nelson Claim could be classified as an Employee Benefits Claim to the extent it is determined to be allowable.  Otherwise, it would be classified as a General Unsecured Claim (to the extent allowable).  The Plan defines Employee Benefits Claims to include:

    all Claims, including accrued but unpaid pension Claims from the Petition Date, for compensation or benefits arising out of the Claimants' employment with the Debtors, but only to the extent and amount provided for under a written benefit plan sponsored by the Debtors. Workers' Compensation Claims, Asbestos Claims, and other Claims asserted by current or former

6.    The Nelson POC contains the following information:

- The official form states that the Nelson Claim is for "personal injury;"

- The second page appears to be an authorization by the State of Louisiana for certain medical treatment with a "nebulizer;"

- The fourth page is a copy of a "follow-up report" concerning a "work-related injury to her [Claimant's] lumbar spine." The report states that the injury occurred on September 18, 1997;

- The seventh page appears to be an extract of a longer document. It is handwritten, and lists several medical conditions in the space provided for stating "the nature of the claim," including:

  - "Constipation;"

  - "Reactive airway disease;"

  - "Joint disease;"

  - "Sacroiliac … disease;"

  - "Neuropathy of legs;" and

  - "Myelopathy lumbar spine disease of spinal cord;"

- The eighth page is a "fact sheet" dated October 9, 2008, posted by the U.S. Department of Health and Human Services, Agency for Toxic Substances & Disease Registry, on its website concerning a former vermiculite plant operated by the Texas Vermiculite Company and W. R. Grace & Co.;[7] and

---

employees are not Employee Benefits Claims. Further, any Claim for damages or other relief asserted by a current or former employee that is not for compensation or benefits in an amount permitted pursuant to the Debtors' written benefit plans is not an Employee Benefits Claim.

Plan § 1.1 (definition 102).  The Plan defines a General Unsecured Claim to be any claim:

[I]n the Chapter 11 Cases that is not an Administrative Expense Claim, Priority Tax Claim, Priority Claim, Secured Claim, Employee Benefit Claim, Workers' Compensation Claim, Intercompany Claim, Asbestos PI Claim, CDN ZAI PD Claim, or Asbestos PD Claim.

Plan § 1.1 (definition 132).

[6]    The Debtors note, however, that Claimant may have thought she was executing the Nelson POC when she filled her name in the blank entitled "Name of Creditor."

[7]    The Debtors note that Grace did operate a vermiculite plant from 1975 through 1992 at the site in Dallas, Texas (the "Dallas Site"). Prior to its acquisition by Grace in 1975, the Texas Vermiculite Company operated the

- Several other miscellaneous pages appear to include a school transcript and an acknowledgment issued by the State of Texas for a warranty deed to an unidentified piece of property.

7.    Subsequent to Claimant filing the Nelson POC, and prior to the filing of this Objection, the Debtors conducted a thorough review of their available books and records, including but not limited to records of current and former employees of Grace, for any information regarding Claimant. None was located. The Debtors thus have no basis to conclude that Claimant was ever an employee of any Grace business. The Debtors have similarly concluded that there is no other basis (either employment-related or otherwise) to be found in their books and records for a recovery by Claimant for any claim that could be allowable. Finke Declaration at ¶ 3.

<u>**RELIEF REQUESTED**</u>

8.    The Debtors respectfully request the Court enter the Order substantially in the form attached hereto as <u>Exhibit B</u>, granting the following relief:

- Disallowing the Nelson Claim in its entirety to the extent that it is a non-asbestos "personal injury" claim as: (i) having been improperly late-filed pursuant to Del. Bankr. L.R. 3007-1(d)(iv); (ii) been improperly executed pursuant to Fed. R. Bankr. P. 3001(b) & (f); and (ii) containing insufficient documentation pursuant to Del. Bankr. L.R. 3007-1(d)(vi); and

- Providing Claimant leave to file an Asbestos PI Claim to the extent that there are grounds for her to do so.

<u>**ANALYSIS**</u>

9.    The Nelson POC clearly identifies the Nelson Claim as a "personal injury" claim. As discussed in the Finke Declaration, and based upon their review of Grace's available books and records, the Debtors have classified the Nelson Claim as being non-asbestos in nature, and

---

plant at the Dallas Site. A thorough search of the Debtors' books and records has uncovered no evidence of a connection between the Dallas Site and Claimant. Finke Declaration at ¶ 4.

therefore classifiable as a General Unsecured Claim.  Sec. 1.1.132 (General Unsecured Claim).

As there is no record of Claimant being a former or current Grace employee, the Nelson Claim is

not an Employee Benefits Claim.  Plan at Sec. 1.1.108 (Employee Benefit Claim).

10.     The main gravamen of the claim appears to be a work-related back injury of some

kind that was incurred on or about September 18, 1997, along with assorted other medical

conditions of unknown etiology.  For the reasons set forth herein and in the Finke Declaration,

there is no evidence in the Debtors' books and records to indicate any known relationship

between Claimant and the Debtors.  Based upon this review of the Debtors' books and records,

the lack of sufficient documentation in the Nelson POC to support Claimant's asserted claim and

the fact that the POC was filed 68 months after the General Bar Date, the Debtors request the

Court disallow the Nelson Claim.

11.     The Debtors note, however, that a "fact sheet" relating to the Dallas Site is

attached to the Nelson POC, which raises the possibility that Claimant may have been attempting

to file an Asbestos PI Claim.  The Plan channels Asbestos PI Claims to the Asbestos PI Trust

pursuant to the Asbestos PI Channeling Injunction.  Plan at Sec. 3.1.6.  No bar date has been set

for Asbestos PI Claims.  Therefore, the Debtors request that any order entered by the Court

disallowing the Nelson Claim provide that Claimant has leave to file an Asbestos PI Claim to the

extent that she has grounds to do so.

I.     THE NELSON POC WAS FILED 68 MONTHS LATE, WITHOUT ANY SHOWING OF
       "EXCUSABLE NEGLECT"

12.     Claimant filed the Nelson POC on December 5, 2008, 68 months after the

General Bar Date of March 31, 2003.  Fed. R. Bankr. P. 9006(b)(1) permits claims to be filed

subsequent to an applicable bar date if the failure to comply with that bar date was the result of

"excusable neglect."  In such circumstances, the burden is on the party filing such a late claim to

prove such "excusable neglect." *PacifiCorp v. W.R. Grace & Co.*, 2006 U.S. Dist. LEXIS 57470 at *37 (D. Del. 2006) (internal citations omitted).

13.    Here, Claimant did not file a motion requesting leave to late-file the Nelson POC, as required by Fed. R. Bankr. P. 9006(b), nor did she adduce any other evidence of excusable neglect in not having timely filed the Nelson POC.  But even if Claimant were to attempt to adduce such evidence, she would fail.  As the Finke Declaration states, Grace's books and records do not contain any reference whatsoever to Claimant.  Finke Declaration at ¶ 2-3.  She was therefore not entitled to actual notice of the Bar Date, because under applicable law, her identity as a potential claimant was not "reasonably ascertainable." *Pacificorp. v. Grace*, 2006 U.S. Dist. LEXIS 57470 at *13-*14.  Moreover, Claimant received adequate publication notice. *See* Bar Date Order at 4.

14.    Therefore, subject to the caveat that it be made clear that Claimant be given leave to file an Asbestos PI Claim to the extent applicable, the Debtors respectfully request the Court disallow the Nelson Claim as time-barred.  Del. Bankr. L.R. 3007-1(d)(iv).

## II.    THE NELSON CLAIM IS NOT ENTITLED TO PRESUMPTIVE VALIDITY UNDER FED. R. BANKR. P. 3001(F)

### A.    Claimant Failed to Execute the Nelson POC

15.    Claimant did not properly execute the POC, as required by Fed. R. Bankr. P. 3001(b).  Such execution is a prerequisite to the Nelson Claim being entitled to presumptive prima facie validity under Fed. R. Bankr. P. 3001(f). *Bankers Healthcare Group, Inc. v. Bilfield (In re Bilfield)*, 493 B.R. 748, 754 (Bankr. D. Ohio 2013).

### B.    There Is Insufficient Documentation to Give Rise to a Claim

16.    For the reasons set forth in the Finke Declaration, the Nelson POC also does not provide sufficient documentation to give rise to liability on the part of the Debtors for damages

arising from Claimant's apparent back injury or any of the other physical ailments listed in the POC. The Finke Declaration establishes that the Debtors have determined, based upon a thorough review of their available books and records, that there is no known relationship between themselves and Claimant upon which Claimant could base her claim. Finke Declaration at ¶ 3. The Debtors therefore respectfully request the Court disallow the Nelson Claim pursuant to Del. Bankr. L.R. 3007-1(d)(vi) (insufficient documentation), subject to the caveat that it be made clear that Claimant may file an Asbestos PI Claim to the extent applicable.

### NO PREVIOUS OBJECTION

17.    No previous objection to the Nelson Claim has been made to this or any other court. The Debtors reserve the right to file additional substantive objections to the Nelson Claim as warranted.

### NOTICE

18.    Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) Claimant. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Debtors respectfully seek: (i) the entry of an order substantially in the form attached hereto as Exhibit B disallowing the Nelson Claim, with the proviso that Claimant shall have leave to file an Asbestos PI Claim, if she has grounds to do so; and (ii) granting such other relief as may be appropriate.

Dated:  October 29, 2013

KIRKLAND & ELLIS LLP
Adam Paul
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession