IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (KJC) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING THE NINETEENTH QUARTERLY FEE APPLICATION OF ALAN B. RICH FOR THE FORTY-NINTH QUARTERLY PERIOD FROM APRIL 1, 2013, THROUGH JUNE 30, 2013**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Nineteenth Quarterly Fee Application of Alan B. Rich for the Forty-Ninth Quarterly Period from April 1, 2013, through June 30, 2013 (the "Application").

BACKGROUND

1. Alan B. Rich ("Mr. Rich") was retained as counsel to the Honorable Alexander M. Sanders, Jr., the Legal Representative for Future Asbestos-Related Property Damage Claimants. In the Application, Mr. Rich seeks approval of fees totaling $79,635.00 and expenses totaling $4,794.57 for his services from April 1, 2013 through June 30, 2013 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2013, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C.

§330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We emailed questions to Mr. Rich based upon our review, and we received a response from Mr. Rich, portions of which response are quoted herein.

## DISCUSSION

3.      We noted that although Mr. Rich had requested fees of $79,635.00 for the Application Period, we calculated Mr. Rich's fees at $78,885.00, for a difference of $750.00. In response to our inquiry, Mr. Rich advised us that the discrepancy was due to his error in totaling certain non-working travel time and that he agreed with our calculations. Accordingly, we recommend a reduction of $750.00 in fees.

4.      We noted the following time entry which pertained to bookkeeping or accounts receivable:

4/5/2013     0.1     Emails to and from Debtor re errors in 46th Quarterly Fee payment

We asked Mr. Rich to explain why the estate should compensate this time, and he responded as follows:

> ... [T]he entry on April 5 was because Grace made an error in paying the quarterly hold-back. As it turned out, the check Grace sent to me included only two of the three months of the period. It was necessary for me to communicate back and forth with Grace, as well as research what the problem was (all of which consumed more than just the tenth of an hour charged), in order for me to receive all that the Court ordered that I receive. To the extent relevant to your analysis, it was the Debtors' error that precipitated the expenditure of this time, not mine. Personally, I don't see why this should be considered "overhead" any more than preparing that quarterly fee application was. If, however, it is clear that it should be considered "overhead," then so be it.

While we understand Mr. Rich's position, we maintain that billing issues, whether or not they are the fault of the applicant, are properly classified as administrative overhead. Thus, we recommend disallowance of this time and a reduction of $70.00 in fees.

5.      We noted the following hotel expense for which more information was needed:

Philadelphia    6/17/2013    Hotel    $390.53

In response to our inquiry, Mr. Rich provided the following information:

It was for one night at the Rittenhouse Hotel, with a base rate of $339.00.

We appreciate this information and note that, although the nightly rate exceeds our $325.00 "trigger" rate for Philadelphia, we do not consider the Rittenhouse to be a luxury hotel.[1] Therefore, we have no objection to this expense.

## CONCLUSION

6.      Thus, we recommend approval of $78,815.00 in fees ($79,635.00 minus $820.00) and $4,794.57 in expenses for Mr. Rich's services for the Application Period.

---

[1] The Rittenhouse Hotel is classified as a four-star hotel on the Expedia travel website. We consider a hotel to be a luxury hotel if it is rated four and one-half or five stars by Expedia.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, Texas  75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 31st day of October, 2013.

_____
    Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Alan B. Rich
4244 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

arich@alanrichlaw.com

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

**Counsel to the Official Committee of Unsecured Creditors**
Denise Wildes
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena
Jay Sakalo
Bilzin, Sumberg, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph
Theodore J. Tacconelli
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch
Rita Tobin
Caplin & Drysdale
600 Lexington Avenue, 21st Floor
New York, NY  10022-6000

Marla R. Eskin
Mark Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE  19801

**Counsel to the Official Committee of Equity Holders**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899