IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date: December 18, 2013, at 11:00 a.m. |
| | ) | Objection Deadline: December 6, 2013 |

## TWENTY-NINTH OMNIBUS OBJECTION TO EMPLOYEE CLAIMS (SUBSTANTIVE OBJECTION)

### INTRODUCTION

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors" or "Grace") have identified 21 claims set forth in Exhibit A (the "Employee Claims") to this Objection that should be disallowed by an order of this Court in the form attached hereto as Exhibit B.[2] The Employee Claims were filed by employees, former employees or beneficiaries

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2] The facts and circumstances set forth in this Motion are supported by the *Declaration of Richard C. Finke in Support of the Debtors' Twenty-Ninth Omnibus Objection to Employee Claims* (the "Finke Declaration," attached hereto as Exhibit C and incorporated into this Objection by reference).

of former employees (the "Claimants") who may be entitled to receive benefits (for each Claimant, his or her "Applicable Employee Benefits") under Grace's existing plans, programs, and policies regarding employee bonuses and other compensation, indemnity agreements or various medical, insurance, severance, retiree and other benefits (collectively, the "Grace Benefit Programs").[3]

As of the date hereof, each Claimant has been receiving his or her respective Applicable Employee Benefits, and each such Claimant will continue to receive those Applicable Employee Benefits, in each case subject to the Non-Bankruptcy Limitation. The Plan provides that the Reorganized Debtors will assume all Grace Benefit Programs on the Effective Date, which means that Claimants will receive their Applicable Employee Benefits on and after that date. Therefore, on the Effective Date, the Debtors will not have any unpaid obligations owing to these Claimants on account of their respective Applicable Employee Benefits (such amounts being the "Employee Obligations").

The Debtors have filed this Objection solely to efficiently and cost-effectively address 21 of approximately 6,800 Employee Claims filed protectively more than ten years ago at the

---

Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization in their Chapter 11 Cases* [Docket no. 26368], as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

[3] As set forth in Plan §§ 9.3.1 & 9.3.2, the Grace Benefit Programs (and thus the Applicable Employee Benefits) are subject to amendment, modification or termination under the terms of the applicable compensation or benefit plan, other agreement, or applicable non-bankruptcy law—a limitation that existed prior to Grace's bankruptcy and while Grace is in bankruptcy, and which will continue to exist after Grace emerges from bankruptcy (the "Non-Bankruptcy Limitation").

Please note that "Employee Claims" is being used instead of the term "Employee Benefits Claims" (which was used in the *Motion to Approve Employee Benefits Claim Resolution Protocol* [Docket no. 24153] (the "Protocol Motion") and *Order Approving Employee Benefits Claim Resolution Protocol* [Docket no. 24304] (the "Protocol Order") to avoid confusion with the Plan's defined term, "Employee Benefit Claims". *See, infra*, n. 9.

2

Debtors' behest, and which are now no longer needed for that purpose.[4] They are not seeking to amend or otherwise modify the Grace Benefit Programs, nor are they seeking to affect the Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) of any Claimant.

In October 2010, pursuant to the Debtors' *Twenty-Eighth Omnibus Objection to Employee Claims (Substantive Objection)* [Docket no. 24363] (the "2010 Employee Claims Objection"), the Court disallowed approximately 6,675 Employee Claims on the same basis—the claims were no longer needed for protective purposes, and thus could be disallowed. *See Corrected Order Disallowing Employee Claims (Substantive)* [Docket no. 25596] (the "2010 Employee Claims Disallowance Order," a copy attached hereto, without attachments, as Exhibit D).[5] As the Court found then, and as is the case now, the 21 Employee Claims, that are the subject of this Objection, were not included in the 2010 Employee Claims Objection because they required additional scrutiny by the Debtors and their professionals to ensure that no amounts were due and owing to the Claimants for their respective Applicable Employee Benefits.

The Debtors have, in objecting to the 21 Employee Claims, adhered to the same protocol that the Court approved prior to the Debtors filing their 2010 Employee Claims Objection. *See* the Protocol Order, a copy of which is attached hereto as Exhibit E. In so doing, the Debtors have sent each Claimant a *Notice of Objection to and Treatment of Employee Claims*, the form of

---

[4] For purposes of this Objection, the Employee Claims do not include claims related to or arising from amounts payable or contractual entitlement to benefits accruing pursuant to certain voluntary supplemental pension programs referred to in Plan § 9.3.1, nor do they include claims for benefits related to the Outside Directors' Retirement Plan or certain rabbi trusts that remain unfunded. These claims and amounts unpaid during the pendency of the chapter 11 cases pursuant to this Court's *Order Modifying the Authority of the Debtors to Make Payments Under Certain Wage Programs as Authorized by an Earlier Order of this Court*, dated June 22, 2001 [Docket no. 559], limiting such payments, will be dealt with separately.

[5] The Court originally entered its *Order Disallowing Employee Claims (Substantive)* on July 3, 2010. The 2010 Employee Claims Disallowance Order has a corrected Exhibit A, which removed two claims that had been included in error in the exhibit attached to the July 3, 2010, order. The 2010 Employee Claims Disallowance Order, entered on October 19, 2010, and the July 3 order are identical in all other respects.

which is attached hereto as Exhibit F (the "Benefit Continuation Notice"), and which informs Claimants that:[6]

- Their Employee Claims are being objected to as a procedural matter, and their Applicable Employee Benefits will not be affected by the disallowance of their respective Employee Claims;

- Their Applicable Employee Benefits will continue to be paid during the short period of time remaining in these chapter 11 cases, subject to the Non-Bankruptcy Limitation;

- The Grace Benefit Programs will be assumed on the Plan's Effective Date;

- Claimants may contact a hotline, send a letter, or fax or access a dedicated website if they have questions or concerns about the Benefit Continuation Notice or their respective Applicable Employee Benefits;

- Their concerns or other responses to the Objection will be addressed before their particular claims are addressed by this Court's entry of an order disallowing those claims; and

- In the unlikely event that the Plan is not consummated or another chapter 11 plan of reorganization is confirmed and consummated that does not contemplate the assumption of the Grace Benefit Programs, their Employee Claims will be reinstated.

The Benefit Continuation Notice also set December 6, 2013, as the date by which written responses to the Objection were to be received by Grace (the "Response Deadline").[7] The Notice also informs Claimants that they do not otherwise have to file their responses on the docket in order for them to be addressed by the Court.

As they did in 2010, the Debtors intend to file on or before December 11, 2013 (one week prior to the hearing at which this Objection will heard), a report under certification of counsel setting forth each written response and the resolution of the issue(s) raised by that

---

[6] The Benefit Continuation Notice conforms closely to the form of notice approved by the Court in its Protocol Order.

[7] The Response Deadline is the same date by which any objections to the relief requested herein are due from parties other than the Claimants themselves.

4

response.[8] The Debtors believe that this protocol will fully protect the Claimants' due process rights, while at the same time permitting the Debtors to resolve a major group of remaining open claims in these chapter 11 cases. The Debtors therefore respectfully request that the Court should enter an order substantially in the form attached hereto as Exhibit B disallowing the Employee Claims with the proviso that, in the event that the Court confirms a chapter 11 plan of reorganization that does not call for the Debtors to assume the Grace Benefit Programs, the order entered disallowing the Employee Claims will be void, and the Employee Claims will be reinstated for all purposes.

In support of this Objection, the Debtors respectfully state as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion are section 502 of the Bankruptcy Code, Fed.R.Bankr.P. 3007 and Del. Bankr. L.R. 3007-1.

### BACKGROUND

I. THE EMPLOYEE CLAIMS

    A. **The Debtors Are Paying All Applicable Employee Benefits**

3. On April, 2, 2001, the Court entered an order authorizing the Debtors to continue to honor all Employee Obligations in accordance with the Debtors' stated policies and to continue to operate under those policies at their sole discretion.[9] As set forth in the Finke

---

[8] To the extent necessary, the Debtors may also file a written reply to any objections to the relief requested herein.

[9] See the Court's Order: (a) Authorizing, but not Requiring the Debtors to Pay Certain Prepetition (i) Wages, Salaries, Incentive Pay, Bonus Plans and Other compensation and amounts Withheld From Such

Declaration, the Debtors' books and records show that, as of the date of this Objection, the Debtors have continued to honor all such Employee Obligations by paying all Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) and will continue to do so through the Effective Date.[10]

### B.  The Plan Does Not Impair Employee Benefit Claims

4. Plan § 3.1.3 provides that Employee Benefit Claims are unimpaired pursuant to the treatment provided for in Plan §§ 9.3.1 & 9.3.2.[11] Plan §§ 9.3.1 and 9.3.2 provide that, upon the Effective Date and pursuant to the terms of the Plan, the Reorganized Debtors will assume the Grace Benefit Programs, subject to the Non-Bankruptcy Limitation set forth in Plan §§ 9.3.1 and 9.3.2.[12] Each of the Employee Claims subject to this Objection fall within the Plan's

---

*Compensation, (ii) Employee Medical, Pension and Similar Benefits, (iii) Employee Severance Pay, (iv) Workers Compensation Benefits, (v) Amounts Relating to Retiree Health Benefits and (vi) Reimbursable Expenses; (b) Authorizing and Approving Certain Key Employee Retention Programs on an Interim Basis; (c) Authorizing Applicable Banks and Other Financial Institutions to Receive, Process, Honor and Pay All Checks Presented for Payment and to Honor All Electronic Payment Requests Made by the Debtors Related to the Foregoing* [Docket no. 20], dated April 2, 2001.

[10] See n. 4 for limitations on payments to certain former employees, none of whose claims are at issue in this Objection.

[11] As discussed *supra*, in n. 3**Error! Bookmark not defined.**, the Debtors refer to the unresolved claims filed by employees, former employees or beneficiaries of former employees as "Employee Claims" to avoid confusion with the Plan's defined term "Employee Benefit Claims." In the Protocol Motion, the term "Employee Benefits Claims" was used for both.

The Plan defines Employee Benefit Claims to include:

> all Claims, including accrued but unpaid pension Claims from the Petition Date, for compensation or benefits arising out of the Claimants' employment with the Debtors, but only to the extent and amount provided for under a written benefit plan sponsored by the Debtors. Workers' Compensation Claims, Asbestos Claims, and other Claims asserted by current or former employees are not Employee Benefits Claims. Further, any Claim for damages or other relief asserted by a current or former employee that is not for compensation or benefits in an amount permitted pursuant to the Debtors' written benefit plans is not an Employee Benefit Claim.

Plan § 1.1 (definition 108).

[12] Specifically, Plan § 9.3.1 provides that:

> From and after the Effective Date, the Reorganized Debtors intend to continue their existing employee compensation, indemnity agreements, and benefit plans, programs, and policies, and to cure any defaults

6

definition of "Employee Benefit Claim." Therefore, the Employee Claims filed by Claimants are unnecessary to protect Claimants' rights as to their post-Effective Date Applicable Employee Benefits.

### C.   Disallowance of Employee Claims in 2010

5.   It was in view of the continued payment of all Applicable Employee Benefits and the Plan's assumption of all Grace Benefit Programs that in January 2010 the Debtors filed their Protocol Motion requesting the Court approved a procedure by which the Debtors could object to the approximately 6,675 2010 Employee Claims (the "Employee Benefits Claim Resolution Procedure"). On February 16, 2010, the Court entered the Protocol Order, and the Debtors subsequently timely filed the 2010 Employee Claims Objection. The Court entered its 2010 Employee Claims Disallowance Order (a copy of which is attached hereto without attachments as Exhibit D), which disallowed approximately 6,675 claims.

## II.   THE 2013 OMNIBUS EMPLOYEE CLAIMS OBJECTION

6.   The Debtors have identified an additional 21 Employee Claims for disallowance where the Claimants have been receiving all Applicable Employee Benefits. As set forth in the Finke Declaration, the Debtors' books and records show that, as of the date of this Objection, the

---

> that may exist under such agreements, plans, programs, and policies, including payment of the Debtors' voluntary supplemental pension payments which were limited during the pendency of these Chapter 11 Cases, subject to any rights to amend, modify, or terminate such benefits under the terms of the applicable compensation and benefit plan, other agreement, or applicable non-bankruptcy law.

Plan § 9.3.1 (hereinafter, the "Employee Benefits"). Plan § 9.3.2 provides that:

> From and after the Effective Date, the Reorganized Debtors intend to continue to pay retiree benefits (as defined in section 1114(a) of the Bankruptcy Code) and any similar health, disability, or death benefits in accordance with the terms of the retiree benefit plans or other agreements governing the payment of such benefits, subject to any rights to amend, modify, or terminate such benefits under the terms of the applicable retiree benefits plan, other agreement, or applicable non-bankruptcy law.

(hereinafter, the "Retiree Benefits", which together with the Employee Benefits, comprise the Grace Benefit Programs as defined above, and the benefits arising therefrom that are payable to employees, former employees and their beneficiaries, as the case may be, are the Applicable Employee Benefits).

Debtors have continued to pay all Applicable Employee Benefits to each of the Claimants during the course of the chapter 11 cases. Those Claimants will continue to receive their Applicable Employee Benefits through the Plan's Effective Date, in each case subject to the Non-Bankruptcy Limitation. Therefore, no Claimant will have any allowable claim for Applicable Employee Benefits accruing prior to the Effective Date, and disallowing the Employee Claims will not affect their pre-Effective Date Applicable Employee Benefits.

### III.    THE EMPLOYEE CLAIMS OBJECTION PROTOCOL

7.    The Debtors have used the Employee Benefits Claim Resolution Procedure set forth in the Protocol Order to serve the Benefit Continuation Notice to the Claimants whose Employee Claims are the subject of this Objection. In particular:

- On November 1, 2013, contemporaneously with the filing of this Objection, the Debtors mailed to each Claimant an individualized Benefit Continuation Notice stating that: (a) the Claimant will continue to receive all Applicable Employee Benefits after the Effective Date, subject to the Non-Bankruptcy Limitation; and (b) the Claimant's Employee Claim will be disallowed, with the proviso that each such claim would be reinstated if the Court were to confirm a chapter 11 plan that did not contemplate assumption of the Grace Benefit Programs and the continuation of Applicable Employee Benefits;

- The Benefit Continuation Notice contained an explanation of the Non-Bankruptcy Limitation (i.e., Grace's right to modify or otherwise amend the Grace Benefit Programs under the terms of the applicable compensation or benefit plan, other agreement, or applicable non-bankruptcy law);

- The Benefit Continuation Notice provided Claimants with points-of-contact via mail, telephone, fax and a dedicated website to which they can direct any questions or concerns that they may have regarding their respective Applicable Employee Benefits or the Benefit Continuation Notice;

- The Benefit Continuation Notice provided each Claimant with a means of filing a written response to the objection to his or her Employee Claim on or before the Response Deadline (December 6, 2013);

- The Debtors addressed each written response to the above-described notice individually with the respective Claimant to attempt to resolve the issues raised in that written response;

- On or before December 11, 2013, the Debtors will file a report with the Court addressing the resolution of each written response; and

- To the extent that an Employee Claim objection remains unresolved as of the date of that report, the Debtors will, to the extent necessary, either file a reply to any such remaining unresolved written responses or continue their objection as to that Employee Claim until the issues raised by a Claimant's response have been resolved.

### RELIEF REQUESTED

8.  The Debtors request that the Court enter an order substantially in the form attached hereto as Exhibit B disallowing the Employee Claims, *provided*, *however*, that in the event that the Plan is not consummated or is otherwise withdrawn prior to consummation and a different chapter 11 plan of reorganization, which does not call for the Debtors to assume the Grace Benefit Programs, is confirmed and consummated instead, the order entered disallowing the Employee Claims will be void, and the Employee Claims will be reinstated for all purposes.

### CONTINGENT REINSTATEMENT IF PLAN IS NOT CONSUMMATED

9.  In the event that the Court confirms a chapter 11 plan of reorganization that does not call for the Debtors to assume the Grace Benefit Programs, the Debtors propose that:

- Without further action of the Court and upon the date that any such chapter 11 plan becomes effective, the order entered by this Court disallowing Employee Claims as requested by this Objection shall be void;

- The Debtors shall, within 30 days of that event, file a notice (the "Reinstatement Notice") with the Court stating that the Employee Claims will be reinstated for all purposes after the deadline to object or otherwise respond to the Reinstatement Notice;

- The Reinstatement Notice shall provide a thirty-day period for objection/response and shall be served upon the parties receiving notice of the filing of the Objection;

- Without further order of the Court, upon the expiration of the thirty-day period for objection/response, the Claims Agent shall record the reinstatement for all purposes of each Employee Claim where there is no outstanding objection or response to the reinstatement of that specific claim; and

- The Court shall adjudicate all remaining unresolved objections and responses to the Reinstatement Notice or to the reinstatement of specific Employee Claims.

10. This procedure, which has been previously approved by the Court, is also consistent with settlement or adjudication of other claims whose treatment is conditioned upon confirmation and consummation of the Plan. *See, e.g., Stipulation and Order Resolving Debtors' Objection to Claims of Weatherford International, Inc.*, dated, December 13, 2007 [Docket no. 17632]. This procedure is also consistent with the Court's statutory authority to reconsider claims that it has previously disallowed. 11 U.S.C. 502(j), Fed.R.Bankr.P. 3008.

### NO PREVIOUS OBJECTION

11. No previous objection to these Employee Claims has been filed, nor has any other motion for the relief sought herein been made to this or any other court.

### NOTICE

12. The Debtors served the Benefit Continuation Notice (substantially in the form attached hereto as Exhibit F) on the Claimants listed in Exhibit A hereto at their last known address. The Debtors developed the list of last known addresses by comparing the addresses on the proofs of Employee Claims with the corresponding addresses listed in the Claims Consultant's records from Plan solicitation and Claimants' addresses as listed in the Debtors' books and records. This reconciliation process yielded more than one address for some Claimants. Each Claimant for which there was more than one address was served the Benefit Continuation Notice at each such address.

13. Notice of this Objection (and the Objection itself) has been given to: (i) the office of the United States Trustee; (ii) counsel to the DIP Lender and counsel to the L/C Facility Agent and L/C Issuers; (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in these Chapter 11 Cases; (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future

Claimants' Representatives; and (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.

14.     In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Debtors respectfully seek: (i) the entry of an order substantially in the form attached hereto as <u>Exhibit B</u> disallowing the Employee Claims with the proviso that all such claims shall be reinstated for all purposes if the Plan is not confirmed or is otherwise withdrawn and not consummated, or if the Court confirms another chapter 11 plan of reorganization that does not assume the Grace Benefit Programs; and (ii) granting such other relief as may be appropriate.

Dated: November 1, 2013

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors-in-Possession