## E<small>XHIBIT</small> B

**Form of Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re docket no. _____** |
| | ) **Hearing Agenda item no. _____** |
| | ) |

## ORDER DISALLOWING EMPLOYEE CLAIMS (SUBSTANTIVE)

Upon consideration of the *Twenty-Ninth Omnibus Objection to Employee Claims (Substantive Objection)* (the "Objection"), which seeks an order disallowing the Employee Claims; and due and proper notice of the Objection having been given; and no previous application for such disallowance having been made; and the Court having found that the Debtors do not intend the relief sought in the Objection to affect either the Grace Benefit Programs or the Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

any Claimant; and this Court having duly and properly considered the matters set forth herein; it

is hereby ORDERED that:[2]

1.      The Objection is granted in its entirety.

2.      The Employee Claims listed on Exhibit 1 to this Order are disallowed, and the Claims

        Agent is directed to record each Employee Claim as disallowed; *provided, however,* that,

        in the event the Court confirms a chapter 11 plan of reorganization that does not call for

        the Debtors to assume the Grace Benefit Programs:

   a.   Without further action of the Court and upon the date that any such chapter 11 plan
        becomes effective,, this Order shall be void;

   b.   The Debtors shall, within 30 days of that event, file a notice (the "Reinstatement
        Notice") with the Court stating that the Employee Claims will be reinstated for all
        purposes after the deadline to object or otherwise respond to the Reinstatement
        Notice;

   c.   The Reinstatement Notice shall provide a thirty-day period for objection/response and
        shall be served upon the parties receiving notice of the filing of the Objection;

   d.   Without further order of the Court, upon the expiration of the thirty-day period for
        objection/response, the Claims Agent shall record the reinstatement for all purposes
        of each Employee Claim where there is no outstanding objection or response to the
        reinstatement of that specific claim; and

   e.   The Court shall adjudicate all remaining unresolved objections and responses to the
        Reinstatement Notice or to the reinstatement of specific Employee Claims.

3.      The relief granted in this Order shall not affect either the Grace Benefit Programs or the

        Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) of any

        Claimant.

4.      The Court shall retain jurisdiction to hear and determine all matters arising from or

        relating to implementation of this Order.

---

[2]   Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Objection.

5.     This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2013

_____
Honorable Kevin J. Carey,
United States Bankruptcy Judge

3