# EXHIBIT E

**Protocol Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) *Re DN #24153* |
| | ) *2-16-10 agenda #7* |

## ORDER APPROVING EMPLOYEE BENEFITS CLAIM RESOLUTION PROTOCOL

Upon consideration of the *Motion to Approve Employee Benefits Claim Resolution Protocol* (the "Motion"); and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby ORDERED that:

1. The Motion is granted in its entirety.

2. The Employee Claims Resolution Protocol is approved in its entirety.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in, as the case may be, the Motion or the *First Amended Joint Plan of Reorganization in these Chapter 11 Cases*, as amended, Docket nos. 19579, 20666, 20872, 20873 and 21594 (the "Plan").

3. The form of Benefit Continuation Notice attached hereto as <u>Exhibit 1</u> is approved in its entirety.

4. The Debtors shall file the Objection on or before March 1, 2010; and it is further ordered that responses for Claimants wishing to object to the disallowance of their Employee Benefits Claims must be postmarked on or before April 16, 2010; and it is further

5. The Debtors shall thereafter promptly file any such written responses on the docket.

6. The Debtors shall file a report on the status of resolving each of the written responses on or before June 25, 2010.

7. The Debtors shall have leave to file a reply to the written responses on or before June 25, 2010.

8. The Court shall hear the Objection, any written responses thereto and the Debtors' reply (if any) at the omnibus hearing currently scheduled for July 12, 2010.

9. The Debtors are authorized to take all actions that may be necessary to undertake the Employee Benefits Claims Resolution Protocol.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the Employee Benefits Claims Resolution Protocol.

11. This Order is effective immediately upon its entry, notwithstanding Fed. R. Bankr. P. 6004(h).

Dated: *Feb. 16*, 2010

*Judith K. Fitzgerald*
_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge