<u>**EXHIBIT F**</u>

**Form of Benefit Continuation Notice**

<u>Your Response Deadline: December 6, 2013</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. Grace & Co., et al. | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) Hearing Date: December 18, 2013 |
| | ) Response Deadline: December 6, 2013 |

**NOTICE OF OBJECTION TO AND TREATMENT OF EMPLOYEE CLAIMS NO. [XXXX]**

[name]
[address 1]
[address 2]
[city], [state] [zip code]

Dear: [name]:

    W. R. Grace & Co. ("<u>Grace</u>") is providing this Notice to you regarding the proof[s] of claim you filed in Grace's bankruptcy case (your "<u>Employee Claims[s]</u>") regarding benefits you are claiming pursuant to one or more of Grace's existing plans, programs, and policies regarding employee bonuses and other compensation, indemnity agreements, or various medical, insurance, severance, retiree and other benefits (collectively, the "<u>Grace Benefit Programs</u>").

    A copy of your Employee Claims[s] is [are] attached to this Notice for your reference. Any attachments you may have submitted with your Employee Claim[s] are not attached to this Notice. Please note that this Notice and the procedures described herein shall not affect any claim that you may have filed in these chapter 11 cases other than the Employee Claim[s] attached to this Notice.

    Grace's books and records show that, as of April 2, 2001, the date on which Grace commenced its bankruptcy case, you were either a current employee, former employee or a beneficiary of a former employee of Grace. As such, you were entitled to receive certain benefits (your "<u>Applicable Employee Benefits</u>") from one or more Grace Benefit Programs (including, but not limited to, salary and other compensation).

    ***Please note*** that, prior to Grace's bankruptcy case, your Applicable Employee Benefits were subject to amendment, modification or termination under the terms of the applicable Grace Benefit Program or under applicable non-bankruptcy law. These limitations are referred to in this Notice as the "<u>Non-Bankruptcy Limitation</u>". This Non-Bankruptcy Limitation to your

Applicable Employee Benefits has continued while Grace is in bankruptcy, and will continue to exist after Grace emerges from bankruptcy.

***Your Applicable Employee Benefits <u>have not been, and will not be in the future, affected</u> by Grace's chapter 11 bankruptcy case.***

Since April 2001, according to Grace's books and records, you have been receiving all your Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation). You will continue to receive all your Applicable Employee Benefits (subject to the Non-Bankruptcy Limitation) at least for as long as Grace remains in bankruptcy.

***Your Applicable Employee Benefits <u>will not be affected</u> by Grace's emergence from bankruptcy.***

On January 31, 2011, the Bankruptcy Court confirmed Grace's plan of reorganization (the "<u>Plan</u>"). Grace expects to emerge from chapter 11 early next year (the "<u>Effective Date</u>").[1] The Plan provides that, on the Effective Date, Grace will continue the Grace Benefit Programs by assuming the contractual obligations arising from those benefit programs. Therefore, you will see no change in your Applicable Employee Benefits as a result of Grace's emergence from bankruptcy on the Effective Date, and you will continue to receive all your Applicable Employee Benefits after the Effective Date, subject to the Non-Bankruptcy Limitation.

***The procedural disallowance of your Employee Claim <u>will not affect</u> your Applicable Employee Benefits.***

Grace has asked the Bankruptcy Court to "disallow" your Employee Claims under applicable bankruptcy law as of the Effective Date for the reasons discussed below. ***But this procedural matter <u>will not</u> affect your Applicable Employee Benefits.***

As you are aware, you have been receiving your Applicable Employee Benefits since Grace began its bankruptcy case, and you will continue to receive those benefits at least until Grace emerges from its bankruptcy case, all subject to the Non-Bankruptcy Limitation. Thus you will not have an "allowable" claim for unpaid benefits because you already will have received all the benefits to which you are entitled.

As discussed above, the Plan provides that you will continue to receive your Applicable Employee Benefits after Grace emerges from bankruptcy (subject to the Non-Bankruptcy Limitation) because Grace is "assuming" those Grace Benefit Programs as a matter of applicable bankruptcy law. This means that you will not have an "allowable" claim in Grace's bankruptcy case for any future Applicable Employee Benefits.

Grace has filed a motion (the "<u>Objection</u>") with the Bankruptcy Court requesting that the Court disallow your Employee Claim[s] for the reasons described above. At a hearing scheduled for December 18, 2013, the Court will consider whether to enter an order to disallow your Employee Claim[s] as of the Effective Date.

---

[1] Capitalized terms not defined in this notice are defined in the Plan.

2

Please note that, if Grace does not emerge from bankruptcy pursuant to the Plan or if Grace proposes and the Court confirms a different chapter 11 plan of reorganization that does not require Grace to assume the Grace Benefit Programs, any order entered by the Bankruptcy Court disallowing your Employee Claim[s] will be void, and your Employee Claim[s] will be reinstated for all purposes.

***Therefore, the Objection, which requests the Court disallow your Employee Claim, will not affect your Applicable Employee Benefits.***

\*   \*   \*   \*   \*

### PLEASE NOTE

You ***do not need to respond*** to this Notice or the Objection. The Bankruptcy Court's entry of the proposed order ***will not affect*** your Applicable Employee Benefits, which include but are not limited to salary and other compensation that you are now receiving and have been receiving since Grace commenced its bankruptcy case. You will continue to receive your Applicable Employee Benefits after Grace emerges from bankruptcy on the Effective Date, subject to the Non-Bankruptcy Limitation.

If you believe that you have not been receiving all benefits to which you are entitled, or if you have a question about your Applicable Employee Benefits, ***you do not need to respond to this Objection to preserve your rights or to have your question answered***. You should instead ***contact BMC to discuss the benefits*** to which you believe that you are entitled, but have not been receiving. You will then be contacted to discuss your benefits issue. You may contact BMC in any of the following ways:

| | | |
|---|---|---|
| **Telephone:** | BMC's toll-free number: | 1-888-909-0100 |
| **Electronic:** | www.bmcgroup.com/wrgrace | Submit question using "Inquiry Tab" |
| **Facsimile:** | Facsimile number: | 1-310-362-8433 |
| **By mail:** | Mailing address: | BMC Group, Inc.<br>Attn: W.R. Grace & Co., et al.<br>P.O. Box 3020<br>Chanhassen, MN 55317-3020 |
| | If by Courier or Overnight Delivery: | BMC Group, Inc.<br>Attn: W.R. Grace & Co., et al.<br>18675 Lake Drive East<br>Chanhassen, MN 55317 |

When you contact BMC by any of the above-described methods, please include your name and address, a daytime telephone number and (if you have one) an e-mail address. This will allow a BMC representative to contact you.

\* \* \* \* \*

## PROCEDURES FOR FILING A WRITTEN RESPONSE TO THE OBJECTION

If you wish to object to the proposed disallowance of your Employee Claims, you must mail a ***written response*** that is ***postmarked prior to the response deadline*** of December 6, 2013, to the following address:

> Pachulski Stang Ziehl & Jones LLP
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, Delaware 19899-8705
> Attn: James E. O'Neill

Responses sent by facsimile will not be treated as "written responses". You ***must file your written response by mailing*** to the address listed above for the law firm of Pachulski Stang Ziehl & Jones LLP.

Your response ***must be postmarked on or before the response deadline***. The response deadline is **December 6, 2013**.

Your written response must state a specific basis for objecting to the proposed disallowance of your Employee Claims. Your written response must also include your name and address, a daytime telephone number and (if you have one) an e-mail address. This will allow a Grace representative to contact you regarding your written response.

---

\* \* \* \* \*

**Your Written Response Must Be Postmarked on or Before December 6, 2013, to Be Considered by the Bankruptcy Court.**

\* \* \* \* \*

---

If the concerns addressed in your response are not resolved prior to the hearing on the Objection, the Bankruptcy Court will consider your written response to Grace's Objection to disallow your Employee Claims. Grace may file a reply addressing the issues raised in your written response. If Grace does file such a reply, you will be served a copy at the address you include in your written response if it is different than the address in Grace's books and records.

4

> \* \* \* \* \*
>
> **PLEASE NOTE THAT YOUR APPLICABLE EMPLOYEE BENEFITS WILL NOT BE AFFECTED BY THE DISALLOWANCE OF YOUR EMPLOYEE CLAIM.**
>
> **IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT GRACE BY TELEPHONE, FAX, E-MAIL OR REGULAR MAIL.**
>
> **YOU DO NOT NEED TO FILE A WRITTEN RESPONSE TO THE DISALLOWANCE OBJECTION IN ORDER TO PRESERVE YOUR RIGHTS.**
>
> \* \* \* \* \*