IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (KJC) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF STROOCK & STROOCK & LAVAN, LLP
FOR THE FORTY-NINTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Forty-Ninth Interim Fee Application of Stroock & Stroock & Lavan, LLP (the "Application").

BACKGROUND

1. Stroock & Stroock & Lavan, LLP ("Stroock"), was retained as counsel to the Official Committee of Unsecured Creditors. In the Application, Stroock seeks approval of fees totaling $44,007.00 and expenses totaling $788.36 for its services from April 1, 2013 through June 30, 2013 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2013, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent

established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Stroock based upon our review, and we received a response from Stroock, portions of which response are quoted herein.

## DISCUSSION

3.      We noted that during the Application Period, Stroock billed 18.90 hours, for total fees of $6,961.00, on matters pertaining to its fee application preparation. This amounts to approximately 15.8% of the fees billed in the Application. Cumulatively, since the Thirty-Second Interim Period,[1] Stroock's total fees billed in the project category "Fee Applications, Applicant" were $227,645.00.[2] This computes to 5.33% of the $4,269,784.25 in fees billed by Stroock from the Thirty-Second through Forty-Ninth Interim Periods. Although the Court has not set a defined limit on fees for fee application preparation in this case, such fees must still be reasonable under Section 330 of the Bankruptcy Code. A number of courts have established 5% of the total fees billed as a guideline for reasonableness for such fees. We understand that because the total amount of fees billed by Stroock has decreased over the years, the percentage of fees devoted to fee application preparation may increase. We also note that 71% of the time spent on fee application preparation in the current Application Period was billed by paralegals who bill at lower hourly rates, thereby contributing to Stroock's efficiency in this area. We asked Stroock if there were any other factors which it wanted us to consider in evaluating the reasonableness of these fees. Stroock responded:

---

[1] W recommended substantial fee reductions on this issue for the Thirty-Second Interim Period and therefore have not included fees billed prior to that period in our cumulative calculations.

[2] We calculated this amount as follows: $221,419.00 in fees for fee application preparation from the Thirty-Second through Forty-Eighth Interim Periods, less a $735.00 agreed reduction on this issue for the Forty-Eighth Interim Period, plus $6,961.00 in fees for fee application preparation for the current Application Period.

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Stroock 49Q 4-6.13.wpd

> With respect to the amount of fees billed for Fee Application preparation, we note that Stroock's fees have been steadily and continually declining in recent months making it more difficult to stay within the suggested guideline of 5% given that the fee application requirements (monthly and quarterly applications with required exhibits) remain unchanged irrespective of the amount of fees being billed. In addition, as the Fee Auditor noted in its Report regarding Stroock's 48th Fee Application (under which Stroock agreed to a voluntary reduction of $735.00 for this issue), some of the fees that were historically billed to the category of Fee Application preparation should have been more appropriately billed under "Case Administration". In addition, some of the time spent in the Fee Application category during the 49th Interim Period related to corresponding with the Fee Auditor regarding Stroock's 48th Fee Application and did not actually involve "Fee Application Preparation". Stroock will make every effort going forward to keep its fee application preparation time to a minimum and, as noted by the Fee Auditor, the bulk of the time spent on fee application preparation was billed by paralegals which will certainly continue and we will aim to increase paralegal time even further. Finally, we note that the vast majority of the fees billed in this category during the 49th period were incurred prior to the Fee Auditor first raising this issue in its Initial Report Regarding Stroock's 48th Interim Fee Application sent to Stroock on June 17, 2013. Now that Stroock is aware of the issue, it will more closely monitor the time spent on fee application preparation going forward to try and stay within the 5% guideline (on a cumulative basis). Given the *de minimis* amount by which Stroock's fees exceed the 5% guideline, and in light of Stroock decreasing fees in this case, we believe that the fees billed for fee application preparation time during the 49th interim period were reasonable and should be approved in full.

We accept Stroock's response and will continue to monitor this issue in future applications. However, for the current Application Period, we have no objection to these fees.

    4.  We noted the following time entry which appeared to include non-working travel time:

06/17/13   Pasquale, K.   3.00   2,850.00   Travel to attend court hearing in Philadelphia PA.

We asked Stroock whether or not these fees were discounted by 50%, as required by the Local Rules.[3] Stroock responded:

> With respect to the time (3.0 hours) billed by Mr. Pasquale on 6/17/13 in the amount of $2,850 for travel to the court hearing in PA, the Fee Auditor is correct in that such time constituted "non-working" travel and although billed under the proper time

---

[3] Pursuant to Local Rule 2016-2(d)(viii): "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates."

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR Stroock 49Q 4-6.13.wpd

category of "Non-Working Travel", we inadvertently failed to apply the 50% discount as required by the Local Rules. We regret this administrative error and agree to a fee reduction in the amount of $1,425.00.

We appreciate Stroock's response and recommend a reduction of $1,425.00 in fees.

## CONCLUSION

5.    Thus, we recommend approval of $42,582.00 in fees ($44,007.00 minus $1,425.00)

and $788.36 in expenses for Stroock's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, TX 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 5th day of October, 2013.

_____
Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Denise Wildes
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

dwildes@stroock.com

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Co-Counsel for the Official Committee of Unsecured Creditors**
Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena
Bilzin, Sumberg, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph
Theodore J. Tacconelli
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch
Rita Tobin
Caplin & Drysdale
600 Lexington Avenue, 21st Floor
New York, NY 10022-6000

Marla R. Eskin
Mark Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

**Official Committee of Equity Holders**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801