**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

_____

|  |  |  |
|---|---|---|
| | ) | |
| **In re:** | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (KJC)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | Objection Deadline: December 5, 2013 at 4:00 p.m. |
| | ) | Hearing: December 18, 2013 at 11:00 a.m. |

_____

**TWENTY-NINTH QUARTERLY INTERIM FEE APPLICATION OF
TOWERS WATSON, ACTUARIAL CONSULTANTS TO
DAVID T. AUSTERN, FORMER ASBESTOS PI FUTURE CLAIMANTS'
REPRESENTATIVE, FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED FOR
THE PERIOD APRIL 1, 2013 THROUGH JUNE 30, 2013**

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Code"), and this Court's Amended

Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

Compensation and Reimbursement of Expenses for Professionals and Official Committee

Members, signed July 17, 2002, amending the Court's Administrative Order Pursuant to Sections

105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of

Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered

May 3, 2001 (the "Administrative Order"), Towers Watson, Actuarial Consultants ("Towers

Watson") hereby submits this Twenty-Ninth quarterly interim application (the "Twenty-Ninth

Quarterly Interim Application") for an allowance of (i) compensation for professional services

rendered to David T. Austern, the Former Asbestos PI Future Claimants' Representative (the

"FCR") of W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period April

1, 2013 through June 30, 2013 (the "Interim Period"), and (ii) the reimbursement of expenses

incurred during the same period.

By this Twenty-Ninth Quarterly Fee Application, Towers Watson seeks the interim allowance of compensation in the amount of $1,551.50 in fees and reimbursement of actual and necessary expenses in the amount of $0.00 for a total of $1,551.50, or 100% of all compensation and expense reimbursement requested, for the period April 1, 2013 through June 30, 2013 (the "Interim Period"). In support of this Twenty-Ninth Quarterly Interim Application, Towers Watson respectfully represents as follows:

## Jurisdiction

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334.

## Background

2.  On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  By an Order dated May 24, 2004, the Court appointed the FCR for the above captioned cases. The Order appointing the FCR also authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the Bankruptcy Code). On October 29, 2004, the FCR applied to this Court for an order authorizing the retention of Towers Watson pursuant to an engagement agreement dated October 29, 2004 (the "Engagement Agreement") as his bankruptcy counsel.

4.  On December 21, 2004, this Court entered an order (the "Retention Order") authorizing the FCR to employ Towers Watson as actuarial consultants effective as of the October 29, 2004 pursuant to the terms of the Engagement Agreement.

**Monthly Fee Applications Covered Herein**

5.     Prior to the filing of this Twenty-Ninth Quarterly Fee Application, on May 15, 2013, Towers Watson filed its Sixty-Sixth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period April 1, 2013 through April 30, 2013 (the "Sixty-Sixth Monthly") [Dkt. No. 30639] requesting $1,241.20 (80% of $1,551.50) in fees and $0.00 in expenses.  The deadline to file objections to the Sixty-Sixth Monthly expired on June 4, 2013 and no objections were filed.  A certificate of no objection was filed with the Court on June 11, 2013 [Dkt. No. 30738].

6.     Towers Watson did not have any billings for the months of May or June 2013 and therefore no monthly fee applications were filed.

7.     The Sixty-Sixth Monthly application covered by this Twenty-Ninth Quarterly Fee Application, as previously filed with the Court, contains the actual and necessary services provided by Towers Watson during the Interim Period as well as other detailed information to be included in fee applications.

**Requested Relief**

8.     By this Twenty-Ninth Quarterly Application, Towers Watson requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Towers Watson from April 1, 2013 through June 30, 2013.  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee application for the Interim Period previously filed with the Court.

9.      At all relevant times, Towers Watson has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interests of the FCR.

10.      All services for which compensation is requested by Towers Watson were performed for or on behalf of the FCR.

11.      Except for the Debtors' promise to pay compensation and reimbursement as allowed by the Court, Towers Watson has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with these cases.

12.      In accordance with Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, Towers Watson has not shared and has not agreed to share (a) any compensation it has received or may receive with another party, except as permitted under Section 504(b)(1) of the Bankruptcy Code, or (b) any compensation another person or party has received or may receive in connection with these cases.

WHEREFORE, Towers Watson respectfully requests that the Court enter an order, providing that, for the period April 1, 2013 through June 30, 2013, Towers Watson shall be allowed $1,551.50 in fees for reasonable and necessary professional services rendered to the FCR and $0.00 for the reimbursement of actual and necessary costs and expenses incurred, for a total of $1,551.50, that the Debtors be authorized and directed to pay to Towers Watson the outstanding amount, and for such other and further relief as this Court may deem just and proper.

TOWERS WATSON

*/S/ JEFFREY D. KIMBLE*
Jeffrey D. Kimble, ACAS, MAAA
101 S. Hanley Rd.
St. Louis, MO 63105
(314) 719-5843
(314) 719-5853 (fax)
Actuarial Consultant to David T. Austern, Former
Asbestos PI Future Claimants Representative

Dated: November 8, 2013