# EXHIBIT A TO APPLICATION:

# PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 01-1139 (KJC) |
| W.R. GRACE & CO., et al., ) | (Jointly Administered) |
| ) |  |
| Debtors. ) | Re: Docket No. _____ |
| ) | Hearing Agenda Item No. _____ |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF TOWERS WATSON DELAWARE INC. AS ACTUARIAL CONSULTANT TO ROGER FRANKEL, LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS, *NUNC PRO TUNC* TO NOVEMBER 15, 2013

Upon consideration of the *Application of Roger Frankel, Legal Representative for Future Asbestos Personal Injury Claimants, for Entry of an Order Authorizing the Retention and Employment of Towers Watson Delaware Inc., as Actuarial Consultant,* Nunc Pro Tunc *to November 15, 2013* (the "Application") and the *Declaration of Jeffrey Kimble* in support thereof (the "Kimble Declaration"), it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; the Court having found that Towers Watson Delaware Inc. ("Towers Watson") is and continues to be disinterested, does not represent any other entity having an adverse interest in these cases, and does not represent or hold an interest adverse to Roger Frankel (the "FCR") in these cases with respect to the matters on which Towers Watson is to be employed, the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Application having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that:

1. The Application be, and hereby is, granted in its entirety.

2. Pursuant to Sections 328 and 1103(a) of the Bankruptcy Code and this Court's Order appointing Roger Frankel as the successor legal representative for future asbestos personal injury claimants [Dkt. No. 30689], the FCR is hereby authorized to employ and retain Towers Watson as his actuarial consultant, effective as of November 15, 2013, upon the terms, and to perform the services, set forth in the Application, the engagement letter, and the Kimble Declaration, so long as Roger Frankel serves as the FCR in these cases for individuals who may assert asbestos-related personal injury claims and/or demands in the future against the Debtors.

3. Compensation, including professional fees and reimbursement of expenses, shall be payable to Towers Watson from the Debtors' estates, in accordance with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code and the terms and conditions described in the Application, the engagement letter and the Kimble Declaration, subject to approval by this Court and subject to the Administrative Compensation Order entered in these cases.

4. Towers Watson may file a single consolidated final fee application at the end of these cases, which shall include all of the fees and expenses incurred by Towers Watson in connection with its actuarial services provided to David T. Austern from October 29, 2004 through May 16, 2013, and in connection with its actuarial services provided to Roger Frankel from November 15, 2013 through and including the effective date of a plan of reorganization.

3

5. The fees and expenses of Towers Watson allowed by the Court shall be an administrative expense of the Debtors' estates.

Dated: _____, 2013         _____
                                      The Honorable Kevin J. Carey
                                      United States Bankruptcy Judge

3