## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 12/5/2013; 4:00 p.m. ET |
| | § | Hearing Date: TBD |

**TWENTIETH QUARTERLY APPLICATION OF JUDGE ALEXANDER M. SANDERS, JR., THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES FOR THE 50th QUARTERLY PERIOD FROM JULY 1, 2013 THROUGH SEPTEMBER 30, 2013**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Judge Alexander M . Sanders, Jr., pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Appointment Order (as defined below), the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order") and Del. Bankr. LR 2016-2, and hereby applies for an order allowing him compensation in the amount of $2,880.00 for the reasonable and necessary services he has rendered as the Legal Representative for Future Asbestos-Related Property Damage Claimants

and Holders of Demands, which is one hundred percent (100%) of all compensation and expense reimbursement requested for the period July 1, 2013 through September 30, 2013 (the "Quarterly Fee Application"), and in support of this Quarterly Fee Application, would respectfully show as follows:

**I.**

**<u>SUMMARY</u>**

| | |
|---|---|
| Name of Applicant: | Alexander M. Sanders, Jr., |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | October 20, 2008, *nunc pro tunc* to September 22, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | July 1, 2013 through September 30, 2013 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $2,880.00 |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $0.00 |

This is a(n):   ☐Monthly   ☒Quarterly   ☐Interim   ☐Final Application

PRIOR APPLICATIONS

| Date  Filed | Period  Covered | Requested  Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Paid | Paid |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | Paid | Paid |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | Paid | Paid |
| 11/4/2009 | 10-1-2009 to 10-31-2009 | $11,664.00 | $1,336.21 | Paid | Paid |
| 12/7/2009 | 11-1-2009 to 11-30-2009 | $5,292.00 | $0 | Paid | Paid |
| 1/7/2010 | 12-1-2009 to 12-31-2009 | $1,440.00 | $37.00 | Paid | Paid |
| 2/9/2010 | 1-1-2010 to 1-31-2010 | $18,972.00 | $2,992.32 | Paid | Paid |
| 3/12/2010 | 2-1-2010 to 2-28-2010 | $360.00 | $30.00 | Paid | Paid |
| 4/20/2010 | 3-1-2010 to 3-31-2010 | $2,016.00 | $0 | Paid | Paid |
| 5/5/2010 | 4-1-2010 to 4-30-2010 | $1,332.00 | $72.00 | Paid | Paid |
| 6/3/2010 | 5-1-2010 to 5-31-2010 | $2,484.00 | $0 | Paid | Paid |
| 9/17/2010 | 6-1-2010 to 6-30-2010 | $3,348.00 | $30.00 | Paid | Paid |
| 10/26/2919 | 7-1-2010 to 9-30-2010 | $360.00 | $30.00 | Paid | Paid |
| 12/1/2010 | 10-1-2010 to 11-30-2010 | $972.00 | $30.00 | Paid | Paid |

---

[1] At 80% of the total incurred.

-3-

| 1/6/2011 | 12-1-2010 to 12-31-2010 | $4,248.00 | $58.00 | Paid | Paid |
|---|---|---|---|---|---|
| 2/3/2011 | 1-1-2011 to 1-31-2011 | $5,184.00 | $0 | Paid | Paid |
| 3/15/2011 | 2-1-2011 to 2-28-2011 | $5,832.00 | $1,348.39 | Paid | Paid |
| 4/5/2011 | 3-1-2011 to 3-31-2011 | $3,348.00 | $235.00 | Paid | Paid |
| 5/10/2011 | 4-1-2011 to 4-30-2011 | 1,188.00 | $0 | Paid | Paid |
| 6/8/2011 | 5-1-2011 to 5-31-2011 | $11,052.00 | $0 | Paid | Paid |
| 7/6/2011 | 6-1-2011 to 6-30-2011 | $5,724.00 | $872.11 | Paid | Paid |
| 8/1/2011 | 7-1-2011 to 7-31-2011 | $3,456.00 | $0 | Paid | Paid |
| 9/13/2011 | 8-1-2011 to 8-31-2011 | $648.00 | $0 | Paid | Paid |
| 10/13/2011 | 9-1-2011 to 9-30-2011 | $1,476.00 | $0 | Paid | Paid |
| 11/15/2011 | 10-1-2011 to 10-31-2011 | $1,980.00 | $0 | Paid | Paid |
| 2/3/2012 | 12-1-2012 to 12-31-2012 | $240.00 | $30.00 | Paid | Paid |
| 2/3/2012 | 1-1-2012 to 1-31-2012 | $3,096.00 | $0 | Paid | Paid |
| 3/9/2012 | 2-1-2012 to 2-29-2012 | $4,212.00 | $30.00 | Paid | Paid |
| 5/9/2012 | 4-1-2012 to 4-30-2012 | $4,716.00 | $1,051.60 | Paid | Paid |
| 6/13/2012 | 5-1-2012 to 5-31-2012 | $5,184.00 | $1,186.97 | Paid | Paid |
| 7/2/2012 | 6-1-2012 to 6-30-2012 | $7,272.00 | $1,179.34 | Paid | Paid |
| 8/6/2012 | 7-1-2012 to 7-31-2012 | $1,188.00 | $0 | Paid | Paid |
| 11/2/2012 | 10-1-2012 to 10-31-2012 | $864.00 | $30.00 | Paid | Paid |
| 1/15/2013 | 12-1-2012 to 12-31-2012 | $360.00 | $0 | Paid | Paid |
| 2/8/2013 | 1-1-2013 to 1-31-2013 | $4,140.00 | $0 | Paid | Paid |
| 3/1/2013 | 11-1-2012 to 11-30-2012 | $3,456.00 | $0 | Paid | Paid |

| 3/11/2013 | 2-1-2013 to 2-28-2013 | $2,016.00 | $0 | Paid | Paid |
|---|---|---|---|---|---|
| 4/2/2013 | 3-1-2013 to 3-31-2013 | $432.00 | $0 | Paid | Paid |
| 5/8/2013 | 4-1-2013 to 4-30-2013 | $2,484.00 | $51.00 | Paid | Paid |
| 7/31/2013 | 5-1-2013 to 5-31-2013 | $396.00 | $0 | Paid | Paid |
| 7/31/2013 | 7-1-2013 to 7-31-2013 | $540.00 | $0 | Paid | Paid |
| 10/17/2013 | 9-1-2013 to 9-30-2013 | $1,764.00 | $0 | Paid | Paid |

Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period. Judge Sanders has practiced law for over 50 years, and the billing rate for the time period of this application was $450 per hour. In this Quarterly Application period, Judge Sanders billed 6.4 hours,[2] for a total of $2,880.00 in fees, of which 80% ($2,304.00) has been paid. **The amount not yet approved on an interim basis or paid is $576.00 in fees.**

The time for preparation of this Nineteenth Quarterly Application is approximately .5 hour, for which $375.00 will be requested in a future application of my counsel.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Confirmation | 6.4 | $2,880.00 |
| TOTAL | 6.4 | $2,880.00 |

---

[2] Actual Non-Productive travel time is included in this figure, but is billed at 50% of the actual time incurred.

<u>EXPENSE SUMMARY</u>

| Description | Expense |
|---|---|
|  | $0.00 |
| TOTAL | $0.00 |

**II.**

**<u>APPLICATION</u>**

1.      On April 2, 2001 , (the "Petition Date") each of the Debtors filed a

voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code

(the "Chapter 11 Cases").  On April 2, 2001, the Court entered an order procedurally

consolidating the Chapter 11 Cases for administrative purposes only.  Since the Petition Date, the

Debtors are continuing to operate their businesses and manage their properties and assets as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the United States Bankruptcy

Code.

2.      On May 3, 2001, the Court entered an Interim Compensation Order, as

amended by the Amended Interim Compensation Order, establishing procedures for monthly

compensation and reimbursement of expenses of professionals (each such application, a

"Monthly Fee Application"), and whereby any notice party listed in the Amended Interim

Compensation Order may object to such Monthly Fee Application.  If no notice party objects to

professional's Monthly Fee Application within twenty (20) days after the date of service of the

Monthly Fee Application, the applicable professional may submit to the Court a certification of

no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of

the fees requested and one hundred percent (100%) of the expenses requested, subject to the

filing and approval of the interim and final fee applications of the professional.

3.     Furthermore, and also pursuant to the Amended Interim Compensation Order, within forty-five (45) days of the end of each quarter, professionals are required to file and serve, upon the notice parties, a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application, less any amounts previously paid in connection with the Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

4.     By an October 20, 2008 order of this Court, later made *nunc pro tunc* as of September 22, 2008, the PD FCR was appointed by the Court (the "Appointment Order").  The Appointment Order authorizes the Debtors to compensate Judge Sanders at his hourly rate charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that he incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.     This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is Judge Sanders' Twentieth Quarterly Fee Application for compensation for services rendered in connection with the Chapter 11 Cases and covers the

-7-

fee period of July 1, 2013 through September 30, 2013 (the "Fee Period").

6.      Judge Sanders has filed with the Court the following Monthly Fee Applications

for interim compensation during the Fee Period:

A.      "Application of Judge Alexander M. Sanders, Jr. For Compensation for Services
and Reimbursement of Expenses as the Legal Representative for Future
Asbestos-Related Property Damage Claimants And Holders of Demands for the
Forty-Sixth Monthly Interim Period from July 1, 2013 Through July 31, 2013,"
seeking $540.00 (80% of $675.00) in fees; and

B.      "Application of Judge Alexander M. Sanders, Jr. For Compensation for Services
and Reimbursement of Expenses as the Legal Representative for Future
Asbestos-Related Property Damage Claimants And Holders of Demands for the
Forty-Seventh Monthly Interim Period from September 1, 2013 Through
September 30, 2013," seeking $1,764.00 (80% of $2,205.00) in fees.[3]

7.      The monthly fee applications covered by this Quarterly Fee Application contain

detailed daily time logs describing the actual and necessary services provided by Judge Sanders

during the Fee Period, as well as other detailed information required to be included in fee

applications.  The Forty-Sixth and Forty-Seventh monthly fee applications are attached hereto as

Exhibits "1" and "2."

8.      The period for objecting to the fee and expense reimbursements relating to

the Forty-Sixth and Forty-Seventh monthly fee applications have passed without any objections

being filed, whereupon Judge Sanders filed Certificates of No Objection with the Court, and

Judge Sanders has been paid interim compensation and reimbursement of 80% of the fees

requested, as well as 100% of the expenses incurred.

9.      Judge Sanders has previously filed 19 Quarterly Fee Applications, all of which

have been approved by the Court.

---

[3] Judge Sanders did not bill any time in August, 2013.

10.     By this Twentieth Quarterly Fee Application, Judge Sanders requests that the Court approve the interim allowance of compensation for professional services rendered by Judge Sanders from July 1, 2013 through September 30, 2013 and order the payment of that amount, less any amounts previously paid to Judge Sanders pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order.  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Monthly Fee Applications that already have been filed with the Court.

11.     Judge Sanders reserves his right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee applications.

12.     At all relevant times, Judge Sanders has been a disinterested person as that term is defined in Section 101(14) of the United States Bankruptcy Code, as modified by section 1107(b) of the United States Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

13.     All services for which compensation is requested by Judge Sanders were performed as the PD FCR and not on behalf of any committee, creditor, or other person.

14.     Judge Sanders believes that this Quarterly Fee Application complies with the requirements of Del. Bankr. LR 2016-2 and the Amended Interim Compensation Order.

15.     During the Interim Period, Judge Sanders has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases, other than the interim compensation payments pursuant to the Amended Interim Compensation Order.  There is no agreement or understanding between Judge

Sanders and any other person for the sharing of compensation to be received for services rendered in these cases, other than normal intra-firm distributions at his law firm.

16.       The professional services and related expenses for which Judge Sanders requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of Judge Sanders' professional responsibilities as PD FCR in the Chapter 11 Cases.  Judge Sanders' services have been necessary and beneficial to future property damage claimants as well as the Debtors and their estates, creditors, and other parties in interest.

17.       Pursuant to Fed R. Bankr. P. 2016(b), other than normal intra-firm distributions at his law firm, Judge Sanders has not shared, nor has agreed to share: (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Judge Alexander M. Sanders, Jr. respectfully requests that the Court enter an order, providing that (a) for the period from April 1, 2013 through June 30, 2013, an administrative allowance be made to Judge Sanders in the sum of $2,880.00 as compensation for reasonable and necessary professional services rendered as the PD FCR; (b) that the Debtors be authorized and directed to pay to Judge Sanders the outstanding amount of such sums, less any sums previously paid to Judge Sanders pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order and (c) Judge Sanders receive all further relief to which he is justly entitled.

Respectfully Submitted,

_____

Alan B. Rich, Esq.
Texas Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

<u>DECLARATION</u>

Alan B. Rich, declares as follows:

I am the counsel hired by the PD FCR with the approval of the Court, and am familiar
with the services that the PD FCR rendered.  I have reviewed the foregoing Application and the
facts set forth therein are true and correct to the best of my knowledge, information and belief.  I
believe that this Application substantially complies with Local Bankruptcy Rules for the District
of Delaware.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 15, 2013.

_____

-11-

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 15th day of November, 2013, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | **Objection Deadline: 8/8/13; 4:00 p.m., ET** |
| | § | **Hearing Date: TBD (if needed)** |

## SUMMARY OF APPLICATION OF JUDGE ALEXANDER M. SANDERS, JR. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR THE FORTY-SIXTH INTERIM PERIOD FROM JULY 1, 2013 THROUGH JULY 31, 2013

| | |
|---|---|
| Name of Applicant: | Judge Alexander M. Sanders, Jr. |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | September 22, 2008 (*nunc pro tunc*) |
| Period for Which Compensation and Reimbursement is Sought: | July 1, 2013 through July 31, 2013 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $540.00  [80% of $675.00] |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $0 |

This is a(n):  ⊠Monthly        ☐Interim        ☐Final Application

<u>PRIOR APPLICATIONS</u>

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Paid | Paid |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | Paid | Paid |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | Paid | Paid |
| 11/4/2009 | 10-1-2009 to 10-31-2009 | $11,664.00 | $1,336.21 | Paid | Paid |
| 12/7/2009 | 11-1-2009 to 11-30-2009 | $5,292.00 | $0 | Paid | Paid |
| 1/7/2010 | 12-1-2009 to 12-31-2009 | $1,440.00 | $37.00 | Paid | Paid |
| 2/9/2010 | 1-1-2010 to 1-31-2010 | $18,972.00 | $2,992.32 | Paid | Paid |
| 3/12/2010 | 2-1-2010 to 2-28-2010 | $360.00 | $30.00 | Paid | Paid |
| 4/20/2010 | 3-1-2010 to 3-31-2010 | $2,016.00 | $0 | Paid | Paid |
| 5/5/2010 | 4-1-2010 to 4-30-2010 | $1,332.00 | $72.00 | Paid | Paid |
| 6/3/2010 | 5-1-2010 to 5-31-2010 | $2,484.00 | $0 | Paid | Paid |
| 9/17/2010 | 6-1-2010 to 6-30-2010 | $3,348.00 | $30.00 | Paid | Paid |
| 10/26/2010 | 7-1-2010 to 9-30-2010 | $390.00 | $30.00 | Paid | Paid |
| 12/1/2010 | 10-1-2010 to 11-30-2010 | $972.00 | $0 | Paid | Paid |

---

[1] At 80% of the total incurred.

| 1/6/2011 | 12-1-2010 to 12-31-2010 | $4,248.00 | $58.00 | Paid | Paid |
|---|---|---|---|---|---|
| 2/3/2011 | 1-1-2011 to 1-31-2011 | $5,184.00 | $0 | Paid | Paid |
| 3/15/2011 | 2-1-2011 to 2-28-2011 | $5,832.00 | $1,348.39 | Paid | Paid |
| 4/5/2011 | 3-1-2-11 to 3-31-2011 | $3,348.00 | $235.00 | Paid | Paid |
| 5/10/2011 | 4-1-2011 to 4-30-2011 | $1,188.00 | $0 | Paid | Paid |
| 6/8/2011 | 5-1-2011 to 5-31-2011 | $11,052.00 | $0 | Paid | Paid |
| 7/5/2011 | 6-1-2011 to 6-30-2011 | $5,724.00 | $872.11 | Paid | Paid |
| 8/1/2011 | 7-1-2011 to 7-31-2011 | $3,456.00 | $0 | Paid | Paid |
| 9/13/2011 | 8-1-2011 to 8-31-2011 | $648.00 | $0 | Paid | Paid |
| 10/13/2011 | 9-1-2011 to 9-30-2011 | $1,476.00 | $0 | Paid | Paid |
| 11/15/2011 | 10-1-2011 to 10-31-2011 | $1,980.00 | $0 | Paid | Paid |
| 2/3/2012 | 12-1-2012 to 12-31-2012 | $240.00 | $30.00 | Paid | Paid |
| 2/3/2012 | 1-1-2012 to 1-31-2012 | $3,096.00 | $0 | Paid | Paid |
| 3/9/2012 | 2-1-2012 to 2-29-2012 | $4,212.00 | $30.00 | Paid | Paid |
| 5/9/2012 | 4-1-2012 to 4-30-2012 | $4,716 | $1,051.60 | Paid | Paid |
| 6/13/2012 | 5-1-2012 to 5-31-2012 | $5,184 | $1,186.87 | Paid | Paid |
| 7/2/2012 | 6-1-2012 to 6-30-2012 | $7,272.00 | $1,179.34 | Paid | Paid |
| 8/6/2012 | 7/1/2012 to 7/31/2012 | $1,188.00 | $0 | Paid | Paid |
| 11/2/2012 | 10-1-2012 to 10-31-2012 | $864.00 | $30.00 | Paid | Paid |
| 1/15/2013 | 12-1-2012 to 12-31-2012 | $350.00 | $0 | Paid | Paid |
| 2/8/2013 | 1-1-2013 to 1-31-2013 | $4,140.00 | $0 | Paid | Paid |
| 3/1/2013 | 11-1-2012 to 11-30-2012 | $3,456.00 | $0 | Paid | Paid |

| 3/11/2013 | 2-1-2013 to 2-28-2013 | $2,016.00 | $0 | Paid | Paid |
| 4/2/2013 | 3-1-2013 to 3-31-2013 | $432.00 | $0 | Paid | Paid |
| 5/8/2013 | 4-1-2013 to 4-30-2013 | $2,484.00 | $51.00 | Paid | Paid |
| 7/30/2013 | 5-1-2013 to 5-31-2013 | $396.00 | $0 | Pending | Pending |

Alexander M. Sanders, Jr. is the only attorney providing services in this Fee Application period. Judge Sanders has practiced law for over 50 years, and his billing rate is $450 per hour. In this Application period Judge Sanders billed 1.5 hours,[2] for a total amount billed of $675.00, of which 80% is currently sought, in the amount of $540.00. No expenses were incurred. The sought by this Application is therefore $540.00.

As stated above, this is the Forty-Sixth application for monthly fees and expenses. The time for preparation of this Application is approximately .3 hours, for which $225.00 will be requested in a future application of my counsel.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Confirmation | 1.5 | $675.00 |
| TOTAL | 1.5 | $675.00 |

---

[2] Non-Productive travel time, if any, is included in this figure, but at 50% of the actual time.

-4-

EXPENSE SUMMARY

| Description | Expense |
|---|---|
|  | $0.00 |
| TOTAL | $0.00 |

Detail of the fees and expenses billed is attached hereto as Exhibit A.

CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)

I, Alan B. Rich, a professional person seeking approval of this Monthly Fee Application, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## CERTIFICATE OF SERVICE

I certify that on the 31st day of July, 2013, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

Case 01-01139-AMC   Doc 30900   Filed 07/15/13   Page 21 of 30

# ALEXANDER M. SANDERS, JR.
### Attorney at Law
### 19 Water Street
### Charleston, SC 29401

## INVOICE FOR PROFESSIONAL SERVICES 7/1/13 – 7/31/13

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

*In re W. R. Grace,* No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|--------------------|------|
| 7/24/13 | Review of e-mail from Alan Rich, Esq., attaching Garlock opinion | 0.1 |
| | Review of opinion of Circuit Judges Ambro, Fisher and Jordan in the appeal of Garlock Sealing | 0.9 |
| 7/29/13 | Review of extensive Agenda for hearing scheduled August 1, 2013 before Judge Carey | 0.5 |

1.5  hours @ $450/hour      $    $ 675.00

# EXHIBIT 2

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | **Objection Deadline: 11/6/13; 4:00 p.m., ET** |
| | § | **Hearing Date: TBD (if needed)** |

## SUMMARY OF APPLICATION OF JUDGE ALEXANDER M. SANDERS, JR. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR THE FORTY-SEVENTH INTERIM PERIOD <u>FROM SEPTEMBER 1, 2013 THROUGH SEPTEMBER 30, 2013</u>

| | |
|---|---|
| Name of Applicant: | Judge Alexander M. Sanders, Jr. |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | September 22, 2008 (*nunc pro tunc*) |
| Period for Which Compensation and Reimbursement is Sought: | September 1, 2013 through September 30, 2013 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $1,764.00  [80% of $2,205.00] |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $0 |

This is a(n):  ☒Monthly  ☐Interim  ☐Final Application

## PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | $0 | Paid | Paid |
| 10/7/2009 | 7-1-2009 to 7-31-2009 | $8,460.00 | $0 | Paid | Paid |
| 10/7/2009 | 8-1-2009 to 8-31-2009 | $3,168.00 | $0 | Paid | Paid |
| 10/7/2009 | 9-1-2009 to 9-30-2009 | $38,304.00 | $3,904.58 | Paid | Paid |
| 11/4/2009 | 10-1-2009 to 10-31-2009 | $11,664.00 | $1,336.21 | Paid | Paid |
| 12/7/2009 | 11-1-2009 to 11-30-2009 | $5,292.00 | $0 | Paid | Paid |
| 1/7/2010 | 12-1-2009 to 12-31-2009 | $1,440.00 | $37.00 | Paid | Paid |
| 2/9/2010 | 1-1-2010 to 1-31-2010 | $18,972.00 | $2,992.32 | Paid | Paid |
| 3/12/2010 | 2-1-2010 to 2-28-2010 | $360.00 | $30.00 | Paid | Paid |
| 4/20/2010 | 3-1-2010 to 3-31-2010 | $2,016.00 | $0 | Paid | Paid |
| 5/5/2010 | 4-1-2010 to 4-30-2010 | $1,332.00 | $72.00 | Paid | Paid |
| 6/3/2010 | 5-1-2010 to 5-31-2010 | $2,484.00 | $0 | Paid | Paid |
| 9/17/2010 | 6-1-2010 to 6-30-2010 | $3,348.00 | $30.00 | Paid | Paid |
| 10/26/2010 | 7-1-2010 to 9-30-2010 | $390.00 | $30.00 | Paid | Paid |
| 12/1/2010 | 10-1-2010 to 11-30-2010 | $972.00 | $0 | Paid | Paid |

---

[1] At 80% of the total incurred.

| 1/6/2011 | 12-1-2010 to 12-31-2010 | $4,248.00 | $58.00 | Paid | Paid |
|---|---|---|---|---|---|
| 2/3/2011 | 1-1-2011 to 1-31-2011 | $5,184.00 | $0 | Paid | Paid |
| 3/15/2011 | 2-1-2011 to 2-28-2011 | $5,832.00 | $1,348.39 | Paid | Paid |
| 4/5/2011 | 3-1-2-11 to 3-31-2011 | $3,348.00 | $235.00 | Paid | Paid |
| 5/10/2011 | 4-1-2011 to 4-30-2011 | $1,188.00 | $0 | Paid | Paid |
| 6/8/2011 | 5-1-2011 to 5-31-2011 | $11,052.00 | $0 | Paid | Paid |
| 7/5/2011 | 6-1-2011 to 6-30-2011 | $5,724.00 | $872.11 | Paid | Paid |
| 8/1/2011 | 7-1-2011 to 7-31-2011 | $3,456.00 | $0 | Paid | Paid |
| 9/13/2011 | 8-1-2011 to 8-31-2011 | $648.00 | $0 | Paid | Paid |
| 10/13/2011 | 9-1-2011 to 9-30-2011 | $1,476.00 | $0 | Paid | Paid |
| 11/15/2011 | 10-1-2011 to 10-31-2011 | $1,980.00 | $0 | Paid | Paid |
| 2/3/2012 | 12-1-2012 to 12-31-2012 | $240.00 | $30.00 | Paid | Paid |
| 2/3/2012 | 1-1-2012 to 1-31-2012 | $3,096.00 | $0 | Paid | Paid |
| 3/9/2012 | 2-1-2012 to 2-29-2012 | $4,212.00 | $30.00 | Paid | Paid |
| 5/9/2012 | 4-1-2012 to 4-30-2012 | $4,716 | $1,051.60 | Paid | Paid |
| 6/13/2012 | 5-1-2012 to 5-31-2012 | $5,184 | $1,186.87 | Paid | Paid |
| 7/2/2012 | 6-1-2012 to 6-30-2012 | $7,272.00 | $1,179.34 | Paid | Paid |
| 8/6/2012 | 7/1/2012 to 7/31/2012 | $1,188.00 | $0 | Paid | Paid |
| 11/2/2012 | 10-1-2012 to 10-31-2012 | $864.00 | $30.00 | Paid | Paid |
| 1/15/2013 | 12-1-2012 to 12-31-2012 | $350.00 | $0 | Paid | Paid |
| 2/8/2013 | 1-1-2013 to 1-31-2013 | $4,140.00 | $0 | Paid | Paid |
| 3/1/2013 | 11-1-2012 to 11-30-2012 | $3,456.00 | $0 | Paid | Paid |

| 3/11/2013 | 2-1-2013 to 2-28-2013 | $2,016.00 | $0 | Paid | Paid |
| 4/2/2013 | 3-1-2013 to 3-31-2013 | $432.00 | $0 | Paid | Paid |
| 5/8/2013 | 4-1-2013 to 4-30-2013 | $2,484.00 | $51.00 | Paid | Paid |
| 7/30/2013 | 5-1-2013 to 5-31-2013 | $396.00 | $0 | Paid | Paid |
| 7/31/2013 | 7-1-2013 to 7-31-2013 | $540.00 | $0 | Paid | Paid |

Alexander M. Sanders, Jr. is the only attorney providing services in this Fee Application period. Judge Sanders has practiced law for over 50 years, and his billing rate is $450 per hour. In this Application period Judge Sanders billed 4.9 hours,[2] for a total amount billed of $2,205.00, of which 80% is currently sought, in the amount of $1,764.00. No expenses were incurred. The sought by this Application is therefore $1,764.00.

As stated above, this is the Forty-Seventh application for monthly fees and expenses. The time for preparation of this Application is approximately .5 hours, for which $375.00 will be requested in a future application of my counsel.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Confirmation | 4.9 | $2,205.00 |
| TOTAL | 4.9 | $2,205.00 |

---

[2] Non-Productive travel time, if any, is included in this figure, but at 50% of the actual time.

-4-

EXPENSE SUMMARY

| Description | Expense |
|---|---|
|  | $0.00 |
| TOTAL | $0.00 |

Detail of the fees and expenses billed is attached hereto as Exhibit A.

CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)

I, Alan B. Rich, a professional person seeking approval of this Monthly Fee Application, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## <u>CERTIFICATE OF SERVICE</u>

     I certify that on the 17th day of October, 2013, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

 

_____

# EXHIBIT A

# ALEXANDER M. SANDERS, JR.
### Attorney at Law
### 19 Water Street
### Charleston, SC 29401


## INVOICE FOR PROFESSIONAL SERVICES 9/1/13 – 9/30/13


As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

*In re W. R. Grace,* No. 01-1139 (Bankr.D.Del)


| Date | Services Performed | Time |
|------|--------------------|------|
| 9/4 | Review of opinion of the Third Circuit denying the appeal of Anderson Memorial Hospital (approx. 43 pages) | 2.0 |
| | Review of opinion of the Third Circuit denying the appeal of Canada/Montana (approx. 44 pages) | 2.1 |
| 9/16-17 | Exchange of e-mails with Alan Rich, Esq., regarding the nomination of a substitute PD FCR in the case of my death or resignation and preparation of the formal nomination | 0.5 |
| 9/26/13 | Review of Judge Carey's order filed September 24, 2013 approving quarterly fee applications (approx. 8 pages) | 0.3 |

4.9 @ $450/hour     $ 2,205