**EXHIBIT A**

**Form of Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re docket no.** _____ |
| | ) | **Hearing Agenda item no.** _____ |

## ORDER AUTHORIZING, BUT NOT REQUIRING, THE DEBTORS TO MAKE A CONTRIBUTION TO QUALIFIED SETTLEMENT FUNDS

Upon consideration of the *Debtors' Motion for Entry of an Order Authorizing, but not Requiring, the Debtors to Make a Contribution to Qualified Settlement Funds* (the "Motion); it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1.    The Motion is granted in its entirety.

2.    The 2013 QSF is approved in all respects.

3.    The Debtors are authorized, but not directed, to: (i) open the 2013 Segregated Account; and (ii) transfer at their sole discretion some or all of the Settlement Cash into the 2013 Segregated Account prior to December 31, 2013.

4.    The 2012 QSF is further authorized, but not directed, to contribute the 2012 Contribution to the 2013 QSF prior to December 31, 2013.

5.    The Court shall take continuing jurisdiction over the 2013 QSF.

6.    Neither the establishment and operation of the 2013 QSF, including but not limited to the transfers thereto by Grace and the 2012 QSF, nor the terms of this Order shall: (i) modify or affect in any respect the Plan, any of the Plan Documents, or any of the Debtors' obligations thereunder; or (ii) impose any obligations upon the Asbestos PI Trust.

7.    The Debtors are authorized to take all other actions not specifically enumerated herein that may be necessary in connection with establishing the QSF and the 2013 Segregated Account and transferring some or all of the Settlement Cash and the 2012 Contribution to the 2013 Segregated Account.

8.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice

---

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

9.  The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

10. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 6004(h) and Fed. R. Bankr. P. 7062 or otherwise.

Dated: _____, 2013

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge