## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.**, *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (KJC)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S COMBINED FINAL REPORT REGARDING
### THOSE FEE APPLICATIONS WITH *DE MINIMIS* OR NO FEE OR EXPENSE
### ISSUES FOR THE FORTY-NINTH INTERIM PERIOD

This is the combined final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding all the Interim Fee Applications of those firms for which we have *de minimis*[1] or no fee or expense issues for the Forty-Ninth Interim Period (collectively referred to hereafter as the "Applications").[2]

### BACKGROUND

1.       Anderson Kill & Olick, P.C. ("AKO"), was retained as special insurance counsel to the Official Committee of Asbestos Personal Injury Claimants.  AKO seeks approval of fees totaling $225,014.50 and expenses totaling ($204.50) for its services during the Application Period.

2.       Baker Donelson Bearman Caldwell & Berkowitz, P. C. ("Baker Donelson"), was retained as advisor for legislative affairs to the Debtors.  Baker Donelson seeks approval of fixed

---

[1]For purposes of this report, applications with *de minimis* issues are those for which: (1) our recommended reductions total less than $200.00, *and* (2) the applicant has agreed to our recommended  reductions.

[2]The Forty-Ninth Interim Application Period encompasses April 1, 2013, through June 30, 2013 (the "Application Period").  All Applications are for the Forty-Ninth Interim Application Period, unless otherwise specified.

fees totaling $90,000.00[3] and expenses totaling $23.61 for its services from October 1, 2012, through

December 31, 2012 (the "Forty-Seventh Interim Application Period").

3.    Baker Donelson seeks approval of fixed fees totaling $90,000.00[4] and expenses

totaling $1,039.79 for its services from January 1, 2013, through March 31, 2013 (the "Forty-Eighth

Interim Application Period").

4.    Baker Donelson seeks approval of fixed fees totaling $90,000.00[5] and expenses

totaling $2,051.87 for its services for the current Application Period.

5.    Beveridge & Diamond, P.C. ("Beveridge & Diamond"), was retained as special

counsel to the Debtors.  Beveridge & Diamond seeks approval of fees totaling $157,795.20 and

---

[3]For the Forty-Seventh Interim Application Period, Baker Donelson lists 180 hours worked, which computes to an effective hourly rate of $500.00.

[4]For the Forty-Eighth Interim Application Period, Baker Donelson lists 180 hours worked, which computes to an effective hourly rate of $500.00.

[5]For the current Application Period, Baker Donelson lists 180 hours worked, which computes to an effective hourly rate of $500.00.  We note that this is the same number of hours which Baker Donelson worked on the case during the previous two application periods (*see* Footnotes 3 and 4), and the work descriptions for all three periods are almost identical.  We would ordinarily question the accuracy of Baker Donelson's timekeeping in such a situation. However, the terms of Baker Donelson's most recent retention order relieve it of the responsibility of complying with most of the timekeeping requirements of the Local Rules:

> Notwithstanding anything to the contrary in the Interim Compensation Order or herein, Baker Donelson will not be required to submit detailed daily time records as part of any monthly statements, or interim or final fee applications submitted by Baker Donelson with respect to its provision of the Legislative Affairs Services; *provided, however,* that in lieu of such records, Baker Donelson shall submit a reasonably detailed summary of such services earned in connection therewith as part of such monthly statements, or interim or final fee applications.

*See* Order Approving Baker Donelson's Monthly Fee Retainer, Clarifying that Section 328(a) Provides the Appropriate Standard of Review for the Retainer and Expanding the Scope of Certain Legislative Affairs Services Nunc Pro Tunc to May 1, 2012 (Docket No. 30523) at ¶ 7.

expenses totaling $1,497.01 for its services during the Application Period.

6.      Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg") was retained as counsel to the Official Committee of Asbestos Property Damage Claimants.  Bilzin Sumberg seeks approval of fees totaling $19,767.50 and expenses totaling $1,423.53 for its services during the Application Period.

7.      Blackstone Advisory Partners L.P. ("Blackstone") was retained as financial advisor to the Debtors.  Blackstone seeks approval of fixed fees totaling $200,000.00[6] and expenses totaling $583.33 for its services during the Application Period.

8.      BMC Group ("BMC") was retained as Claims Reconciliation and Solicitation Consultant to the Debtors.  BMC seeks approval of fees totaling $75,621.50 and expenses totaling $4,624.76 for its services during the Application Period.

9.      Campbell & Levine, LLC ("Campbell & Levine"), was retained as Delaware and associated counsel to the Official Committee of Asbestos Personal Injury Claimants.  Campbell & Levine seeks approval of fees totaling $35,780.00 and expenses totaling $4,029.10 for its services during the Application Period.

10.      Caplin & Drysdale, Chartered ("Caplin & Drysdale"), was retained as counsel to the Official Committee of Asbestos Personal Injury Claimants.  Caplin & Drysdale seeks approval of fees totaling $135,435.50[7] and expenses totaling $867.96 for its services during the Application

_____

[6]For the Application Period, Blackstone lists 264.10 hours worked, which computes to an effective hourly rate of $757.29.

[7]We note for informational purposes that Caplin & Drysdale billed the time of attorney Elihu Inselbuch at $1,000.00 per hour.  During the current Application Period, Mr. Inselbuch billed 7.60 hours, for $7,600.00 in fees.

Period.

11.     Capstone Advisory Group, LLC ("Capstone"), was retained as financial advisor to the Official Committee of Unsecured Creditors.  Capstone seeks approval of fees totaling $107,013.00 and expenses totaling $181.48 for its services during the Application Period.

12.     Casner & Edwards, LLP ("Casner"), was retained as special litigation counsel to the Debtors.  Casner seeks approval of fees totaling $33,562.00 and expenses totaling $37,268.85 for its services during the Application Period.

13.     Charter Oak Financial Consultants, LLC ("Charter Oak"), was retained as financial advisor to the Official Committee of Asbestos Personal Injury Claimants.  Charter Oak seeks approval of fees totaling $39,960.50 and expenses totaling $10.00 for its services during the Application Period.

14.     Duane Morris LLP ("Duane Morris") was retained as co-counsel to the Official Committee of Unsecured Creditors.  Duane Morris seeks approval of fees totaling $20,955.00 and expenses totaling $1,277.48 for its services during the Application Period.

15.     Ferry, Joseph & Pearce, P.A. ("Ferry Joseph"), was retained as counsel to the Official Committee of Asbestos Property Damage Claimants.  Ferry Joseph seeks approval of fees totaling $17,280.00 and expenses totaling $1,485.29 for its services during the Application Period.

16.     Foley Hoag LLP ("Foley Hoag") was retained as special environmental counsel to the Debtors.  Foley Hoag seeks approval of fees totaling $40,766.20 and expenses totaling $47.33 for its services during the Application Period.

17.     Fragomen, Del Rey, Bernsen & Loewy LLP ("Fragomen") was retained as immigration counsel to the Debtors.  Fragomen seeks approval of fees totaling $12,837.50 and

expenses totaling $12,758.15 for its services during the Application Period.

18.    Roger Frankel was retained as Asbestos Personal Injury Future Claimants'
Representative.  Roger Frankel seeks approval of fees totaling $142,683.00 and expenses totaling
$251.40 for his services during the Application Period.  Roger Frankel succeeded David T. Austern,
the former Future Claimants' Representative, who passed away on May 16, 2013.  Roger Frankel
was retained by order of the Court dated June 14, 2013, effective May 16, 2013.  This is Roger
Frankel's first fee application in the case.

19.    Grant Thornton LLP ("Grant Thornton") was retained as tax and accounting advisor
to the Debtors.  Grant Thornton seeks approval of fees totaling $20,000.00 and no expenses for the
Forty-Eighth Interim Application Period.

20.    The Law Offices of Roger J. Higgins, LLC ("Higgins"), was retained as co-counsel
to the Debtors and Debtors-in-Possession.  Higgins seeks approval of fees totaling $167,485.00 and
expenses totaling $2,125.47 for its services during the Application Period.

21.    The Hogan Firm ("THF") was retained as Delaware counsel to the Canadian Zonolite
Attic Insulation ("ZAI") Claimants.  THF seeks approval of fees totaling $19,385.50 and expenses
totaling $948.65 for its services during the Application Period.

22.    Kirkland & Ellis LLP ("Kirkland & Ellis") was retained as counsel to the Debtors.
K&E seeks approval of fees totaling $1,760,946.00[8] and expenses totaling $81,367.23 for its

_____

[8]We note for informational purposes that Kirkland & Ellis billed the time of partners,
Christopher Landau, P.C. ("Landau PC"), and Todd F. Maynes, P.C. ("Maynes PC"), at
$1,150.00 per hour, and James H. M. Sprayregen, P.C. ("Sprayregen PC"), at $1,125.00 per
hour.  During the Application Period, Landau PC billed 4.30 hours for fees of $4,945.00, Maynes
PC billed 8.30 hours for fees of $9,545.00, and Sprayregen PC billed 8.30 hours for fees of
$9,337.50.

services during the Application Period.

23.    Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") was retained as co-counsel to the Official Committee of Equity Holders.  Kramer Levin seeks approval of fees totaling $137,082.50 and expenses totaling $11,367.36 for its services during the Application Period.

24.    Lauzon Bélanger Lespérance ("Lauzon Bélanger") was retained as Canadian counsel to the Canadian ZAI Claimants.  Lauzon Bélanger seeks approval of fees totaling CDN $1,758.45 and expenses totaling CDN $265.98 for its services during the Application Period.

25.    Lincoln Partners Advisors LLC ("Lincoln Partners") was retained as financial advisor to David T. Austern, the Asbestos Personal Injury Future Claimants' Representative.  Lincoln seeks approval of fixed fees totaling $70,000.00[9] and expenses totaling $361.64 for its services for the Forty-Eighth Interim Application Period, as well as fixed fees totaling $46,000.00[10] and expenses totaling $111.28 for its services for the period of April 1, 2013, through May 15, 2013.

26.    After Roger Frankel was retained in place of David T. Austern, Lincoln Partners was subsequently retained as financial advisor to Roger Frankel, the Asbestos Personal Injury Claimants' Representative.[11]    In that capacity, Lincoln Partners seeks approval of fixed fees totaling

---

[9]For the Forty-Eighth Interim Application Period, Lincoln Partners lists 96 hours worked, which computes to an effective hourly rate of $729.17.

[10]For the period of April 1, 2013, through May 15, 2013, Lincoln Partners lists 64.40 hours worked, which computes to an effective hourly rate of $714.29.

[11]Effective May 16, 2013, Roger Frankel was appointed as the Asbestos Personal Injury Future Claimants' Representative to succeed David T. Austern.  Lincoln Partners was retained as financial advisor to Roger Frankel by order of the Court dated July 31, 2013, *nunc pro tunc* to May 16, 2013.

$79,000.00[12] and expenses totaling $152.88 for its services for the period of May 16, 2013, through June 30, 2013.

27.    Norton Rose Fulbright Canada LLP ("Norton Rose") was retained as special counsel to the Debtors and Debtors-in-Possession in Canada.  Norton Rose seeks approval of fees totaling CDN $5,696.00 and expenses totaling CDN $108.72 for its services from April 1, 2012, through June 30, 2012 (the "Forty-Fifth Interim Application Period").

28.    Orrick, Herrington & Sutcliffe LLP ("Orrick") was retained as bankruptcy counsel to David T. Austern, Future Claimants' Representative.  Orrick seeks approval of fees totaling $151,218.00 and expenses totaling $2,735.14 for its services for the period of April 1, 2013, through May 15, 2013.

29.    After Roger Frankel was retained in place of David T. Austern, Orrick was subsequently retained as bankruptcy counsel to Roger Frankel, the Asbestos Personal Injury Claimants' Representative.[13]  In that capacity, Orrick seeks approval of fees totaling $137,865.00 and expenses totaling $4,909.25 for its services for the period of May 16, 2013, through June 30, 2013.

30.    Pachulski Stang Ziehl & Jones LLP ("Pachulski") was retained as counsel to the Debtors.  Pachulski seeks approval of fees totaling $107,279.00 and expenses totaling $42,687.78 for its services during the Application Period.

---

[12]For the period of May 16, 2013, through June 30, 2013, Lincoln Partners lists 114.10 hours worked, which computes to an effective hourly rate of $692.37.

[13]Effective May 16, 2013, Roger Frankel was appointed as the Asbestos Personal Injury Future Claimants' Representative to succeed David T. Austern.  Orrick was retained as bankruptcy counsel to Roger Frankel by order of the Court dated July 31, 2013, *nunc pro tunc* to May 16, 2013.

31.    Phillips, Goldman & Spence, P.A. ("PG&S"),  was retained as local counsel to David T. Austern, Future Claimants' Representative and subsequently retained as local counsel to Roger Frankel, Mr. Austern's successor.[14]  PG&S seeks approval of fees totaling $15,213.00 and expenses totaling $1,041.07 for its services during the Application Period.

32.    PricewaterhouseCoopers LLP ("PwC") was retained  as auditors and tax consultants to the Debtors and Debtors-in-Possession.  PwC seeks approval of fees totaling $691,488.76[15] and expenses totaling $6,702.44 for its services during the Application Period.  Of this amount,

    • $630,687.93 in fees and $6,702.44 in expenses were billed for W. R. Grace Audit Services for the period of April 1, 2013, through June 30, 2013;

    • $45,136.23 in fees and no expenses were billed for the Global Restructuring Project for the period of June 2012 through September 2012; and

    • $15,664.60 in fees and no expenses were billed for the IRS Audit Project for May 2013.

33.    Protiviti Inc. ("Protiviti") was retained as Sarbanes-Oxley compliance advisor to the debtors.  Protiviti seeks approval of fees totaling $3,280.00 and expenses totaling $35,197.42 for its

---

[14]PG&S was retained as local counsel to Roger Frankel by order of the Court dated July 31, 2013, *nunc pro tunc* to May 16, 2013.

[15]We note for informational purposes that PwC billed the time of Audit Partners, Jonathan W. Gochoco and Jay B. Seliber, at $1,106.17 per hour, Matthew E. Sabatini at $1,084.58 per hour, and Kevin Catalono and Christopher Gerdau at $1,036.32 per hour.  During the Application Period, Mr. Gochoco billed 4.0 hours for fees of $4,424.68, Mr. Seliber billed 7.0 hours for fees of $7,743.19, Mr. Sabatini billed 1.50 hours for fees of $1,626.87, Mr. Catalano billed 1.5 hours for fees of $1,554.48, and Mr. Gerdau billed 0.5 hours for fees of $518.16.

services from April 1, 2012, through April 30, 2013.[16]

34.    Reed Smith LLP ("Reed Smith") was retained as special asbestos products liability defense counsel to the Debtors.  Reed Smith seeks approval of fees totaling $56,764.00 and expenses totaling $940.54 for its services during the Application Period.

35.    The Honorable Alexander M. Sanders, Jr. ("Judge Sanders"), was retained as the Legal Representative for Future Asbestos-Related Property Damage Claimants.  Judge Sanders seeks approval of fees totaling $3,600.00 and expenses totaling $51.00 for his services during the Application Period.

36.    Scarfone Hawkins LLP ("Scarfone Hawkins") was retained as Canadian counsel to the Canadian ZAI Claimants.  Scarfone Hawkins seeks approval of fees totaling CDN $7,020.00 and expenses totaling CDN $916.89 for its services during the Application Period.

37.    Towers Watson was retained as actuarial consultants to David T. Austern, Future Claimants Representative.  Towers Watson seeks approval of fees totaling $1,551.50 and no expenses for its services during the Application Period.

38.    Woodcock Washburn LLP ("Woodcock Washburn") was retained as special litigation counsel to the Debtors.  Woodcock Washburn seeks approval of fees totaling $25,857.00 and expenses totaling $4,540.50 for its services during the Application Period.

39.    In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Applications in their entirety, including each of the time and expense entries included in the exhibits to the Applications, for compliance with 11 U.S.C. § 330,

---

[16]The period covered by the Application–April 1, 2012, through April 30, 2013–includes the Forty-Fifth, Forty-Sixth, Forty-Seventh, Forty-Eighth, and portions of the Forty-Ninth Interim Application Periods.

Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2013, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

## DISCUSSION

40.    We have no issues with or objections to any of the Applications, except for the *de minimis* issues noted in the following paragraph and accompanying appendices.

## CONCLUSION

41.    In summary, for the Application Period, we recommend approval of the following fees and expenses for these Applicants:

    a.    AKO - $225,014.50 in fees and a credit of ($204.50) in expenses;

    b.    Baker Donelson - $90,000.00 in fees and $23.61 in expenses for the Forty-Seventh Interim Application Period;

    c.    Baker Donelson - $90,000.00 in fees and $1,039.79 in expenses for the Forty-Eighth Interim Application Period;

    d.    Baker Donelson - $90,000.00 in fees and $2,051.87[17] in expenses for the current Application Period.

    e.    Beveridge & Diamond - $157,795.20 in fees and $1,497.01 in expenses;

---

[17]We asked Baker Donelson about one of its expense entries, and we received a response which satisfied our inquiry. *See* Appendix A.

      f.        Bilzin Sumberg - $19,767.50 in fees and $1,361.13 in expenses ($1,423.53 minus $62.40);[18]

      g.        Blackstone - $200,000.00 in fees and $583.33[19] in expenses;

      h.        BMC - $75,606.50 in fees ($75,621.50 minus $15.00)[20] and $4,624.76 in expenses;

      i.        Campbell & Levine - $35,582.00 in fees ($35,780.00 minus $198.00)[21] and $4,029.10 in expenses;

      j.        Caplin & Drysdale - $135,435.50 in fees and $867.96 in expenses;

      k.        Capstone - $107,013.00 in fees and $181.48 in expenses;

      l.        Casner - $33,562.00 in fees and $37,268.85 in expenses;

      m.        Charter Oak - $39,960.50 in fees and $5.00 in expenses ($10.00 minus $5.00);[22]

      n.        Duane Morris - $20,955.00 in fees and $1,277.48 in expenses;

      o.        Ferry Joseph - $17,280.00 in fees and $1,485.29 in expenses;

---

[18]This agreed $62.40 reduction is for a meal expense which exceeded our recommended cap.  *See* Appendix B.

[19]We asked Blackstone about one of its expense entries, and we received a response which satisfied our inquiry.  *See* Appendix C.

[20]This agreed $15.00 reduction is for a time entry in which there was a mathematical error.  *See* Appendix D.

[21]This agreed $198.00 reduction is for time entries which were billed to the W.R. Grace case in error.  *See* Appendix E.

[22]This agreed $5.00 reduction is for May PACER expenses which were billed in both the May and June 2013 monthly fee applications.  Charter Oak agreed that one of the expense entries was a duplicate.

p.      Foley Hoag - $40,766.20 in fees and $47.33 in expenses;

q.      Fragomen - $12,837.50 in fees and $12,758.15 in expenses;

r.      Frankel - $142,683.00 in fees and $251.40 in expenses;

s.      Grant Thornton - $20,000.00 in fees for the Forty-Eighth Interim Application

Period;

t.      Higgins - $167,485.00 in fees and $2,125.47 in expenses;

u.      THF - $19,385.50 in fees and $948.65 in expenses;

v.      Kirkland & Ellis - $1,760,946.00 in fees and $81,367.23 in expenses;[23]

w.      Kramer Levin - $137,082.50 in fees and $11,367.36[24] in expenses;

x.      Lauzon Bélanger - CDN $1,758.45 in fees and CDN $265.98 in expenses;

y.      Lincoln Partners - $70,000.00 in fees and $361.64 in expenses for the Forty-

Eighth Interim Period, and $46,000.00 in fees and $111.28 in expenses for the period of April

1, 2013, through May 15, 2013;

z.      Lincoln Partners - $79,000.00 in fees and $152.88 in expenses for the period

of May 16, 2013, through June 30, 2013;

aa.     Norton Rose - CDN $5,696.00[25] in fees and CDN $108.72 in expenses for the

Forty-Fifth Interim Application Period;

---

[23]We asked Kirkland & Ellis about certain time and expense entries, and we received a response which satisfied our inquiry.  *See* Appendix F.

[24]We asked Kramer Levin about certain travel expenses, and we received a response which satisfied our inquiry.  *See* Appendix G.

[25]We asked Norton Rose about certain time entries, and we received a response which satisfied our inquiry.  *See* Appendix H.

bb.    Orrick - $151,218.00 in fees and $2,735.14[26] in expenses for the period of April 1, 2013, through May 15, 2013;

cc.    Orrick - $137,865.00 in fees and $4,909.25[27] in expenses for the period of May 16, 2013, through June 30, 2013;

dd.    Pachulski - $107,279.00 in fees and $42,687.78 in expenses;

ee.    PG&S - $15,213.00 in fees and $1,041.07 in expenses;

ff.    PwC - $691,488.76 in fees and $6,702.44 in expenses, including $630,687.93 in fees and $6,690.78 in expenses ($6,702.44 minus $11.66)[28] for W. R. Grace Audit Services, $45,136.23 in fees for the Global Restructuring Project for June 2012 through September 2012, and $15,664.60 in fees for the IRS Audit Project for May 2013;

gg.    Protiviti - $3,280.00 in fees and $35,197.42 in expenses;[29]

hh.    Reed Smith - $56,764.00 in fees and $940.54 in expenses;

ii.    Judge Sanders - $3,600.00 in fees and $51.00 in expenses;

jj.    Scarfone Hawkins - CDN $7,020.00 in fees and CDN $916.89 in expenses;

kk.    Towers Watson - $1,551.50 in fees; and

---

[26]We noted that the expense detail was missing from Orrick's Application. Orrick supplied its expense detail in response to our request. See <u>Appendix I</u>.

[27]We noted that the expense detail was missing from Orrick's Application. Orrick supplied its expense detail in response to our request. See <u>Appendix I</u>.

[28]This agreed $11.66 reduction is for the following travel dinner expense which exceeded our $50.00 per person cap:

| Russell Moore | 28-Mar | $61.66 | Travel dinner while visiting Grace client site in Columbia, MD. |

[29]The expense detail was missing from Protiviti's Application. Protiviti provided its expense detail in response to our request. *See* <u>Appendix J</u>.

    ll.     Woodcock Washburn - $25,857.00 in fees and $4,540.50 in expenses.[30]

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
            Warren H. Smith
            Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, Texas 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**


### CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 26th day of November, 2013.

_____
Warren H. Smith

---

[30]We noted expenses for local counsel in the amounts of $997.24 and $2,230.86.  In response to our request, Woodcock Washburn provided copies of the itemized statements for these legal fees.  *See* <u>Appendix K</u>.  We have reviewed the statements and have no objection to these expenses.

# SERVICE LIST
## Notice Parties

**The Applicants**

Robert Y. Chung
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

E. Franklin Childress, Jr.
Baker Donelson, Bearman, Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

Pamela D. Marks
Beveridge & Diamond PC
201 North Charles Street, Suite 2210
Baltimore, MD  21201

Scott L. Baena
Jay M. Sakalo
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

John James O'Connell III
Managing Director
Blackstone Advisory Partners L.P.
345 Park Avenue
New York, NY 10154

Myrtle H. John
BMC Group
600 1st Avenue, Suite 300
Seattle, Washington 98104

Marla R. Eskin
Mark T. Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

Elihu Inselbuch
Rita C. Tobin
Caplin & Drysdale, Chartered
600 Lexington Avenue, 21st Floor
New York, NY  10022-6000

Edwin N. Ordway, Jr.
Capstone Advisory Group, LLC
Park 80 West
250 Pehle Avenue, Suite 105
Saddle Brook, NJ  07663

Robert A. Murphy
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210

James P. Sinclair
Charter Oak Financial Consultants, LLC
430 Center Avenue
Mamaroneck, NY 10543

Michael R. Lastowski
Richard W. Riley
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

Michael B. Joseph
Theodore J. Tacconelli
Lisa L. Coggins
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 1000
P. O. Box 1351
Wilmington, DE 19899

Seth D. Jaffe
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600

Frederick D. Goosen
Fragomen, Del Rey, Bernsen & Loewy LLP
One Alhambra Plaza, Suite 600
Coral Gables, FL 33134

Mark Margulies
Grant Thornton LLP
1301 International Parkway
Suite 300
Fort Lauderdale, FL 33323

Roger J. Higgins
The Law Offices of Roger Higgins, LLC
111 East Wacker Drive, Suite 2800
Chicago, IL 60601

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE 19806

John Donley
Adam C. Paul
Kirkland & Ellis LLP
300 N. LaSalle Street
Chicago, IL 60654

Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Jason Solganick
Lincoln Partners Advisors LLC
360 Madison Avenue, 21st Floor
New York, NY 10017

Vasuda Sinha
Norton Rose Fulbright Canada LLP
79 Wellington Street West
Suite 2300
Toronto, ON   M5K 1H1

Roger Frankel
Richard H. Wyron
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington, DC 20005

James E. O'Neill
Laura Davis Jones
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Kathleen M. Miller
Smith, Katzenstein & Jenkins LLP
The Corporate Plaza
P.O. Box 410
Wilmington, DE 19899

Andrew Struthers-Kennedy
Protiviti Inc.
1 East Pratt Street, Suite 800
Baltimore, MD 21202

Kurt F. Gwynne
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

James J. Restivo, Jr.
Douglas E. Cameron
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222

Alan B. Rich
4244 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Jeffrey D. Kimble
Towers Watson
101 S. Hanley Rd.
St. Louis, MO  63105

Gary H. Levin
Woodcock Washburn LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA  19104-2891

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Official Committee of Unsecured Creditors**
Denise Wildes
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

**Counsel for the Official Committee of Equity
Holders**
Teresa K. D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

**APPENDIX A**

**Baker Donelson**

1.      We noted the following travel expense for which more information was needed:

$1,706.37      Mr. Corcoran      Meeting in Washington with Client      05/13-14/13

In response to our request, Baker Donelson provided the following information concerning this

expense:

On May 13, 2013, Mr. Corcoran traveled to Washington for meetings with W.R.
Grace officials and their Science Advisors regarding the clean-up in Libby, Montana,
and for a meeting regarding the W.R. Grace Congressional strategy. He traveled back
to Savannah International Airport on May 14, 2013.

| | |
|---|---|
| $1,279.21 | Airfare to Washington from Savannah International Airport |
| $ 388.16 | Hotel |
| $ 17.00 | Cab fare from hotel to Washington Reagan Airport |
| $ 22.00 | Parking fee at Savannah International Airport |

$1,706.37      Total

The attachments provide the detail information on airfare and hotel cost.

We reviewed the supporting documentation and attached it as <u>Appendices A-1</u> and <u>A-2</u>.

We accept Baker Donelson's response and have no objection to these expenses.

## APPENDIX B

### Bilzin Sumberg

1.    We noted the following meal expense for which more information was needed:

06/17/13    212.40        Meals Vendor: Jay M. Sakalo Invoice # 0383841407011408
                          Date: 6/30/2013 WR Grace Trip (June 16 & 17) Dinner

In response to our inquiry, Bilzin Sumberg provided the following information:

> This charge was a dinner expense for 3 people (counsel and 2 committee members)
> in Philadelphia. The total bill was $168 and the difference was tax and gratuity.

We recommend a cap of $50.00 per person for dinner in most cities–Philadelphia included– which

cap includes tax and gratuity.  Bilzin Sumberg advised us that it would agree to accept a reduced

reimbursement for this expense.   We appreciate Bilzin Sumberg's cooperation, and recommend that

reimbursement of the expense be reduced to $150.00, for a reduction of $62.40 in expenses.

2.    We noted the following hotel expense for which more information was needed:

06/17/13    334.08        Lodging   Vendor:   Jay   M.   Sakalo   Invoice#:
                          0383841407011408 Date: 6/30/2013 - 6/18/2013 WR Grace
                          Trip (June 16 & 17) Hotel 06/17/2013 - 06/18/2013

In response to our inquiry, Bilzin Sumberg provided the following information:

> This charge was for one night at the Sofitel Hotel in Philadelphia. The room charge
> was $290 for one night and the difference was for hotel-related taxes.

We accept Bilzin Sumberg's response and have no objection to this expense.[31]

---

[31]The nightly room rate of $290.00 is less than our recommended nightly "trigger" rate of
$325.00 for Philadelphia.

# APPENDIX C

## Blackstone

1.      We noted the following expense for "publishing services":

Jaffe (preparation of materials for meetings) 04/07/13        583.33

In response to our inquiry, Blackstone provided the following information:

> Regarding the expense referenced in your message below, the Publishing Services category of expenses includes charges for the in-house production of text-based publications such as research reports and presentations, and/or typesetting, graphic design, printing and binding services.  Blackstone bills at a rate of $70 per hour for time spent by its Publishing Services staff in preparing text-based publications and/or in performing any of the before mentioned services.  Mr. Jaffe's expense dated 04/07/13 in the amount of $583.33 was incurred in connection with the preparation, editing, printing, and binding of a business analysis presentation for a meeting with certain third parties.

In addition, Blackstone stated:

> All of Blackstone's bankruptcy and non-bankruptcy clients pay for Publishing Services expenses incurred, and all are billed at the same rate as W. R. Grace.

We appreciate Blackstone's response, and we have no objection to this expense.

## APPENDIX D

## BMC

1.        We noted that on June 13, 2013, GK billed a time entry for 1.30 hours for $195.00 in fees.  However, the time recorded within the work description totaled only 1.20 hours for $180.00 in fees.

06/13/13        GK    1.30    195.00    Update allowed claims template (.3); prep updated allowed claims report (.6); review report (.2); prep email to M Araki re report (.1).

We asked BMC whether it would agree to a $15.00 fee reduction to correct this discrepancy, and BMC responded affirmatively.  We appreciate BMC's response and recommend a reduction of $15.00 in fees.

# APPENDIX E

## Campbell & Levine

1.     We noted the following time entries which appeared to have been billed to the W.R.

Grace case in error:

| 05/31/2013 | SMB | Review April 2013 application of Vorys, Sater, Seymour & Pease LLP (.1); update weekly recommendation memorandum (.1) | 0.20 | 22.00 |
|---|---|---|---|---|
| 05/31/2013 | SMB | Review April 2013 application of James J. McMonagle (.1); update weekly recommendation memorandum (.1) | 0.20 | 22.00 |
| 06/28/2013 | SMB | Prepare May 2013 application of Sidley Austin LLP (.1); update weekly recommendation memorandum (.1) | 0.20 | 22.00 |
| 06/28/2013 | SMB | Prepare May 2013 application of Schiff Hardin LLP (.1); update weekly recommendation memorandum (.1) | 0.20 | 22.00 |
| 06/28/2013 | SMB | Prepare May 2013 application of Irell & Manella (.1); update weekly recommendation memorandum (.1) | 0.20 | 22.00 |
| 06/28/2013 | SMB | Prepare February through April 2013 application of James J. McMonagle (.1); update weekly recommendation memorandum (.1) | 0.20 | 22.00 |
| 06/28/2013 | SMB | Prepare February through April 2013 application of Young Conaway Stargatt & Taylor (.1); update weekly recommendation memorandum (.1) | 0.20 | 22.00 |
| 06/28/2013 | SMB | Prepare May 2013 application of Frantz Ward (.1); update weekly recommendation memorandum (.1) | 0.20 | 22.00 |
| 06/28/2013 | SMB | Prepare February through April 2013 application of Frantz Ward (.1); update weekly recommendation memorandum (.1) | 0.20 | 22.00 |
| | | | 1.80 | $198.00 |

We asked Campbell & Levine about these time entries, and Campbell & Levine responded that they

were billed to this case in error and agreed to a reduction of $198.00.  We appreciate Campbell &

Levine's response and recommend a reduction of $198.00 in fees.

**APPENDIX F**

**Kirkland & Ellis**

1.      We noted that on June 17, 2013, attorneys Adam C. Paul ($895), John Donley ($965),

Lisa Esayian ($870), and Rana Barakat ($675), along with legal assistant Kimberly Kay Love ($310),

attended the Third Circuit oral argument.  The total time spent, including non-working travel time,

was 49.90 hours, and fees of $39,108.00 were billed.  See <u>Appendix F-1</u>.  Paragraph II.D.5. of the

U.S. Trustee Guidelines provides: "If more than one professional from the applicant firm attends a

hearing or conference, the applicant should explain the need for multiple attendees."  We asked K&E

to  explain why it was necessary for each professional to attend the hearing, and K&E responded as

follows:

> Paragraph 4 of the Initial Report notes that Messrs. Paul and Donley and Mses.
> Esayian, Barakat, and Love attended oral arguments before the United States Court
> of Appeals for the Third Circuit (the "<u>Third Circuit Court</u>") held on June 17, 2013
> (the "<u>Third Circuit Arguments</u>").  For the reasons that follow, we believe this time
> to be appropriate.  At the Third Circuit Arguments, K&E was responsible for
> responding to complex appellate arguments from five separate appellants involving
> unique factual scenarios and legal theories.  As set forth in previous responses, Mr.
> Donley is lead counsel for the Debtors and Mr. Paul is lead bankruptcy counsel for
> the Debtors.  Given that the Third Circuit Arguments raised multiple issues
> involving both bankruptcy and non-bankruptcy law, it was necessary for both
> Messrs. Donley and Paul to attend the Third Circuit Arguments.  Specifically, Mr.
> Donley presented the Debtors' arguments on appeal to the Third Circuit Court,
> while Mr. Paul actively advised Mr. Donley with respect to bankruptcy-specific
> issues and was present to appear as necessary to address any such issues.  Similarly,
> it was necessary for both Mses. Esayian and Barakat to attend the Third Circuit
> Arguments because they were heavily involved in drafting the Debtors' appellate
> papers and preparing for the Third Circuit Arguments, each with respect to distinct
> factual and legal issues.  As such, given the complexity of the appeals and the
> myriad factual and legal issues involved, their presence at the Third Circuit
> Arguments was essential in order to provide support and advice to Mr. Donley
> concerning the specific elements of the Debtors' appellate arguments in which they
> were involved.  Finally, Ms. Love attended the Third Circuit Arguments to provide
> paralegal support and was necessary to offer prompt and efficient support in finding
> cases, briefs, and other supporting documents to address any issues that might arise,
> including any concerns raised by the Third Circuit Court.  Based upon the

foregoing, we believe it was necessary for all of the above professionals to be present at the Third Circuit Arguments.

We accept K&E's response and have no objection to these fees.

> 2.       We noted a total of $6,756.68 in secretarial overtime charges.  See <u>Appendix F-2</u>.

We asked K&E to explain why the work which necessitated these charges could not have been

performed during normal business hours.  K&E responded:

> ... Please allow this letter to confirm that the expenses identified in paragraph 5 and Exhibit B of the Initial Report were necessary in order to prepare for the Third Circuit Arguments.  As explained above, K&E was responsible for preparing for the Third Circuit Arguments in response to appeals filed by multiple appellants and involving distinct and complex factual and legal issues.  Preparing for the Third Circuit Argument on the Third Circuit's briefing schedule was simply impossible without support staff working beyond regular business hours.  For these reasons, we believe that the expenses identified in paragraph 5 and Exhibit B of the Initial Report were reasonable, necessary, and provided a significant benefit to the Debtors' estates.

We accept K&E's response and have no objection to these expenses.

> 3.       We noted several identical Federal Express expense entries.  See <u>Appendix F-3</u>.

We asked K&E to confirm that none of these entries were duplicates.  K&E responded:

> ... Please allow this letter to confirm that these expenses, incurred in connection with the Third Circuit Argument, were individual charges and not duplicate expense entries.  K&E has reviewed its Federal Express cost reports for the charges listed on Exhibit C of the Initial Report and confirmed that each charge corresponds to a distinct Federal Express order with a unique item number.  As such, we believe that these expenses were not duplicates and should be approved.

We appreciate K&E's response and have no objection to these expenses.

**Appendix F-1**

| | | | |
|---|---|---|---|
| 6/17/2013 | Kimberly K Love | 3.80 | Attend Third Circuit oral argument. |
| 6/17/2013 | Adam C Paul | 6.90 | Prepare for appellate hearings (3.0); attend same (3.9);............ |
| 6/17/2013 | Rana Barakat | 4.00 | Office conference with J. Donley, L. Esayian, R. Finke and M. Shelnitz re oral argument (.5); attend Third Circuit oral argument (3.5). |
| 6/17/2013 | John Donley, P.C. | 11.00 | Prepare for and make oral argument in Third Circuit. |
| 6/17/2013 | Lisa G Esayian | 6.50 | Office conference with plan proponents' counsel prior to oral argument (1.5); attend Third Circuit oral argument (5.0);.......... |
| 6/14/2013 | Kimberly K Love | 2.70 | Travel from Chicago, IL to Philadelphia, PA for hearing (billed at half time). |
| 6/14/2013 | John Donley, P.C. | 2.20 | Travel from Chicago, IL to Philadelphia, PA for hearing (billed at half time). |
| 6/16/2013 | Adam C Paul | 2.20 | Travel from Chicago, IL to Philadelphia, PA for hearing (billed at half time). |
| /16/2013 | Lisa G Esayian | 1.50 | Travel from Chicago, IL to Philadelphia, PA for Third Circuit oral argument (billed at half time). |
| 6/17/2013 | Adam C Paul | 2.70 | Return travel from Philadelphia, PA to Chicago, IL (delay) (billed at half time). |
| 6/17/2013 | Lisa G Esayian | 1.50 | Return travel from Philadelphia, PA to Chicago, IL after oral argument (billed at half time). |
| 6/18/2013 | Kimberly K Love | 2.90 | Return travel from Philadelphia, PA to Chicago, IL (billed at half time). |
| 6/18/2013 | John Donley, P.C. | 2.00 | Return travel from Philadelphia, PA to Chicago, IL (billed at half time). |

**Appendix F-2**

| | | |
|---|---|---|
| 4/29/2013 | 45.75 | Secretarial Overtime, Christine Hraban - Revisions to Garlock Oral Argument Prep Outlines |
| 5/03/2013 | 122.00 | Secretarial Overtime, Christine Hraban - AMH oral argument outline. |
| 5/06/2013 | 76.25 | Secretarial Overtime, Christine Hraban - Work on AMH oral argument outlines |
| 5/07/2013 | 106.75 | Secretarial Overtime, Christine Hraban - Work on AMH oral argument outlines |
| 5/08/2013 | 76.25 | Secretarial Overtime, Christine Hraban - Work on AMH oral argument outlines |
| 5/09/2013 | 137.25 | Secretarial Overtime, Christine Hraban - Revisions to AMH oral argument outline |
| 5/11/2013 | 140.70 | Secretarial Overtime, Belle Lopez - Corruption, Revise/Update MS Word. |
| 5/12/2013 | 173.04 | Secretarial Overtime, Teresa Sandoval - Revise/Update MS Word. |
| 5/20/2013 | 30.50 | Secretarial Overtime, Christine Hraban - Revise Oral Argument outlines |
| 5/21/2013 | 61.00 | Secretarial Overtime, Christine Hraban - Revisions to oral argument outlines |
| 5/22/2013 | 61.00 | Secretarial Overtime, Christine Hraban - Revisions to oral argument outlines |
| 5/24/2013 | 61.00 | Secretarial Overtime, Christine Hraban - Revisions to oral argument outlines |
| 5/25/2013 | 135.24 | Secretarial Overtime, Teresa Sandoval - Revise/Update MS Word. |
| 5/26/2013 | 289.38 | Secretarial Overtime, Catherine E. Poulsen - Revise/Update MS Word. |
| 5/27/2013 | 70.15 | Secretarial Overtime, Debra A Moran - Revise/Update MS Word. |
| 5/30/2013 | 244.00 | Secretarial Overtime, Christine Hraban - Revisions to oral argument |

outlines

| 5/31/2013 | 45.75 | Secretarial Overtime, Christine Hraban - Revisions to oral argument outlines |
| 6/01/2013 | 427.00 | Secretarial Overtime, Christine Hraban - Revisions to oral argument outlines |
| 6/02/2013 | 411.75 | Secretarial Overtime, Christine Hraban - Revisions to oral argument outlines |
| 6/03/2013 | 183.00 | Secretarial Overtime, Christine Hraban - Revisions to oral argument outlines |
| 6/04/2013 | 61.00 | Secretarial Overtime, Jan M. Blair - Revising outlines |
| 6/05/2013 | 274.50 | Secretarial Overtime, Christine Hraban - Revisions to oral argument outlines |
| 6/06/2013 | 122.00 | Secretarial Overtime, Valerie E. Denney - Revise Lenders Argument |
| 6/07/2013 | 61.00 | Secretarial Overtime, Jan M. Blair - Revising outlines |
| 6/08/2013 | 350.75 | Secretarial Overtime, Susan L. Woods - Revise oral argument outlines |
| 6/09/2013 | 411.75 | Secretarial Overtime, Susan L. Woods - Revise argument outlines |
| 6/10/2013 | 183.00 | Secretarial Overtime, Susan L. Woods - Revise oral argument outlines |
| 6/10/2013 | 137.25 | Secretarial Overtime, Christine Hraban - Revisions to oral argument outlines |
| 6/11/2013 | 183.00 | Secretarial Overtime, Susan L. Woods - Revise oral argument outlines |
| 6/11/2013 | 137.25 | Secretarial Overtime, Christine Hraban - Revisions to oral argument outlines |
| 6/12/2013 | 63.84 | Secretarial Overtime, Celeste L. Sullivan - Convert Document, Create MS Word, Format/Clean Up Proofread, Revise/Update Adobe PDF |
| 6/12/2013 | 152.50 | Secretarial Overtime, Jan M. Blair - Revising outlines |
| 6/12/2013 | 45.75 | Secretarial Overtime, Susan L. Woods - Revise oral argument outlines |
| 6/13/2013 | 335.50 | Secretarial Overtime, Susan L. Woods - Revise oral argument outlines |

| | | |
|---|---|---|
| 6/13/2013 | 152.50 | Secretarial Overtime, Christine Hraban - Revisions to oral argument outlines |
| 6/14/2013 | 137.25 | Secretarial Overtime, Christine Hraban - Revisions to oral argument outlines |
| 6/15/2013 | 7.14 | Secretarial Overtime, Belle Lopez - Revise/Update MS Word |
| 6/15/2013 | 18.90 | Secretarial Overtime, Teresa Sandoval - Revise/Update MS Word |
| 6/15/2013 | 549.00 | Secretarial Overtime, Christine Hraban - Revisions to oral arguments outlines |
| 6/16/2013 | 13.86 | Secretarial Overtime, Belle Lopez - Revise/Update MS Word |
| 6/16/2013 | 9.66 | Secretarial Overtime, Catherine E. Poulsen - Revise/Update MS Word |
| 6/16/2013 | 396.50 | Secretarial Overtime, Debra A. Moran - Revise Lenders-Main, Equities, Lenders-Misc., Solvency, and Impairment Outlines |
| 5/30/2013 | 55.02 | Secretarial Overtime, Gwendolyn Morgan - Create MS Word. |

**Appendix F-3**

| | | |
|---|---|---|
| 6/03/2013 | 140.23 | Fed Exp to: Deb Scarcella (for John Donley), Washington, DC from: Christine Hraban |
| 6/03/2013 | 140.23 | Fed Exp to: Deb Scarcella (for John Donley), Washington, DC from: Christine Hraban |
| 6/03/2013 | 140.23 | Fed Exp to: Deb Scarcella (for John Donley), Washington, DC from: Christine Hraban |
| 6/03/2013 | 140.23 | Fed Exp to: Deb Scarcella (for John Donley), Washington, DC from: Christine Hraban |
| 6/06/2013 | 37.69 | Fed Exp to: Mailroom, Chicago, IL from: Mailroom |
| 6/06/2013 | 37.69 | Fed Exp to: Mailroom, Chicago, IL from: Mailroom |
| 6/13/2013 | 65.92 | Fed Exp to: Lauren Pasquini (for Kim Love), Philadelphia, PA from: Kimberly Love |
| 6/13/2013 | 65.92 | Fed Exp to: Lauren Pasquini (for Kim Love), Philadelphia, PA from: Kimberly Love |
| 6/13/2013 | 65.92 | Fed Exp to: Lauren Pasquini (for Kim Love), Philadelphia, PA from: Kimberly Love |
| 6/13/2013 | 137.84 | Fed Exp to: Kimberly Love, Chicago, IL from: Lauren Pasquini (for guest Kim Love) |
| 6/13/2013 | 137.84 | Fed Exp to: Kimberly Love, Chicago, IL from: Lauren Pasquini (for guest Kim Love) |

## APPENDIX G

## Kramer Levin

1.      We noted the following train fares for which more information was needed:

| DINERS CLUB CITICORP DIN 6/5/2013 NYP TO WAS TO NYP | Bentley, P | 05/30/13 | 543.25 |

| DINERS CLUB CITICORP DIN 6/5/2013 NYP TO WAS TO NYP | Blabey, D E | 05/30/13 | 543.25 |

| DINERS CLUB CITICORP DIN 6/17/2013 NYP TO PHL TO NYP | Bentley, P. | 06/11/13 | 296.25 |

| DINERS CLUB CITICORP DIN 6/17/2013 NYP TO PHL TO NYP | Blabey, D E | 06/11/13 | 296.25 |

| DINERS CLUB CITICORP DIN 6/17/2013 NYP TO PHL TO NYP | Bentley, P. | 06/13/13 | 344.25 |

| DINERS CLUB CITICORP DIN 6/17/2013 NYP TO PHL TO NYP | Blabey, D E | 06/13/13 | 344.25 |

| DINERS CLUB CITICORP DIN 6/17/2013 NYP TO PHL TO NYP | Bentley, P. | 06/28/13 | -203.40 |

| DINERS CLUB CITICORP DIN 6/17/2013 NYP TO PHL TO NYP | Blabey, D E | 06/28/13 | -203.40 |

In response to our request, Kramer Levin provided the following information:

| Date | Charge/Credit | Attorney | Round-trip? | Acela? | First Class? | Notes |
|---|---|---|---|---|---|---|
| 06/17/13 | $296.25 | P. Bentley | Y | Y | N | NY-Philadelphia travel |
| 06/17/13 | $296.25 | D. Blabey | Y | Y | N | NY-Philadelphia travel |
| 06/17/13 | -$203.40 | P. Bentley | Y | Y | N | Credit applied to 06/17/13 ticket for $296.25, partial credit minus service fee for ticket change |
| 06/17/13 | -$203.40 | D. Blabey | Y | Y | N | Credit applied to 06/17/13 ticket for $296.25, partial credit minus service fee for ticket change |
| 06/17/13 | $344.25 | P. Bentley | Y | Y | N | Charge for changed ticket, NY-Philadelphia travel |
| 06/17/13 | $344.25 | D. Blabey | Y | Y | N | Charge for changed ticket, NY- |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Philadelphia travel |
| 06/05/13 | $543.25 | P. Bentley | Y | Y | N | NY-Washington, D.C. travel |
| 06/05/13 | $543.25 | D. Blabey | Y | Y | N | NY-Washington, D.C. travel |

We appreciate this information and have no objection to these expenses.[32]

---

[32]Although these fares are business class, we do not object because only business and first class seating are available on the Acela.

**APPENDIX H**

**Norton Rose**

1.      We noted the following time entries which appeared to pertain to bookkeeping

matters:

| 11/4/12 | Penny Adams | Dealing with issues relating to outstanding invoices and payments from the client (1.0). | 1.00 | $220.00 |
|---------|-------------|------------------------------------------------------------------------------------------|------|---------|
| 29/5/12 | Penny Adams | Dealing with issues with respect to outstanding invoices (0.50). | 0.50 | $110.00 |

We consider time spent on a firm's accounts receivable to be the cost of doing business and,

therefore, noncompensable overhead.  We asked Norton Rose to explain why the estate should

compensate these fees, and Norton Rose responded:

> Penny Adams is a law clerk who was responsible for the fee applications.  Her
> time entries in respect of invoices and payments would pertain to matters arising
> from the fee applications, not bookkeeping/accounting matters.

We accept Norton Rose's response and have no objection to these fees.

## APPENDIX I

### (Orrick)

*(See attached spreadsheet.)*


## APPENDIX J

### (Protiviti)

*(See attached spreadsheet.)*


## APPENDIX K

### (Woodcock Washburn)

*(See pdf attachment.)*