## **EXHIBIT A**

Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (KJC) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) | Re: Docket No. [___] |

### ORDER AUTHORIZING THE DEBTORS TO (A) ENTER INTO THE EXIT FINANCING COMMITMENT AND ENGAGEMENT LETTER AND THE FEE LETTERS; (B) PAY CERTAIN FEES, INDEMNITIES, COSTS AND EXPENSES IN CONNECTION THEREWITH; AND (C) FILE THE COMMITMENT AND ENGAGEMENT LETTER AND THE FEE LETTERS UNDER SEAL

Upon the motion (the "Motion") of the Debtors[2] for entry of an order (this "Order")

under sections 105(a), 107(b), 363(b), 503(b), and 507(a)(1) of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy

---

[1]     The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food ɔN Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc.), (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]     Capitalized terms not defined herein shall have the same meaning ascribed in the Motion.

Rules") (a) authorizing and approving the Debtors' entry into, and performance under, the Letters; (b) authorizing the use of estate funds to pay the fees and expenses set forth in the Fee Letters, including the Break-up Fee, if applicable; (c) authorizing the Debtors' indemnification of the Engagement Parties and their affiliates in accordance with the terms and conditions set forth in Annex A to the Commitment and Engagement Letter and in the Mandate Letter; (d) authorizing the Debtors to file copies of the Letters under seal pursuant to section 107(b) of the Bankruptcy Code; (e) directing that the Letters remain under seal and confidential and not be made available to anyone other than the Limited Notice Parties without the written consent of the Debtors and the Engagement Parties, respectively; and (f) granting such other and further relief as the Court deems just and proper; it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and upon all the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Motion is granted in its entirety.

2.      Pursuant to sections 105 and 363(b) of the Bankruptcy Code, the Letters, and the terms provided therein, are hereby approved.

3.      The Debtors are authorized to enter into, and perform under, the Letters and take all actions necessary to implement the Letters, including any uses of estate assets required by any or all of the Letters, and to negotiate, prepare and finalize the Loan Documents and any other documentation evidencing or otherwise effectuating the Exit Facilities, and to enter into the Exit Facilities in connection with consummation of the Plan.

4.      The Debtors are authorized and directed, to accept, incur and perform all of their obligations under the Letters, including, without limitation, incurring and paying all fees required to be paid thereunder, reimbursing the Engagement Parties for their reasonable costs and expenses, and indemnifying the Engagement Parties, all on the terms and conditions set forth in the Letters as and when they are incurred and become due, and without any other or further order of the Court.

5.      All of the Debtors' obligations under the Letters and all of the rights of the Engagement Parties thereunder, including, without limitation, the Debtors' obligation to pay to the Engagement Parties, and the Engagement Parties' right to receive, all amounts due and owing to each of the Engagement Parties pursuant to (and to the extent provided in) the Letters (including, without limitation, the fees and indemnities as set forth in the Letters and reimbursement of all reasonable costs and expenses incurred in connection with the transactions contemplated thereunder) are actual, necessary costs and expenses of preserving these estates and shall be treated as allowed administrative expenses under sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code and may be paid without further order of the Court, whether or not the Exit Facilities are entered into or funded, and none of such amounts shall be discharged, modified, or otherwise affected by any chapter 11 plan of the Debtors.

6.      The automatic stay of section 362 of the Bankruptcy Code is hereby deemed modified to the extent necessary to enable the Engagement Parties to perform under the Letters and, in each case, to exercise any and all of their contractual rights thereunder, without seeking further relief from the automatic stay, and neither the Debtors nor any other party in interest may enforce the automatic stay against the Engagement Parties with respect to these rights.

7.      The Debtors are authorized to file copies of the Letters under seal, and the Letters shall remain under seal and confidential and shall not be made available to anyone other than the Limited Notice Parties without the written consent of the Debtors and the Engagement Parties. The Limited Notice Parties shall be bound by this Order and shall at all times keep the Letters strictly confidential and shall not disclose their contents to any party whatsoever, except as may otherwise be agreed in writing by the Debtors and the Engagement Parties.  Service of the Motion with all exhibits, without transmittal of the Letters, to all parties entitled to receive notice of the Motion other than the Limited Notice Parties, is hereby deemed due and sufficient notice under the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

8.      Notwithstanding the applicability of Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

9.      The Debtors are authorized to take any and all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion and to implement the Letters.

10.     The terms and provisions of this Order shall be binding in all respects upon all parties in these cases, the Debtors, their estates, and all successors and assigns thereof, including any chapter 7 trustee or chapter 11 trustee appointed in any of these cases or after conversion of

any of these cases to cases under chapter 7 of the Bankruptcy Code or any plan agent, administrator or trustee no matter how denominated.

11.     The provisions and effect of this Order, any actions taken pursuant to this Order and the respective rights, obligations, remedies and protections provided for herein and therein shall survive the conversion, dismissal or closing of the Chapter 11 Cases, appointment of a trustee herein (or after conversion of any of these cases to cases under chapter 7 of the Bankruptcy Code), or the substantive consolidation of these cases with any other case or cases, and the terms and provisions of this Order shall continue in full force and effect notwithstanding the entry of any such order.

12.     Nothing contained in any chapter 11 plan proposed in any of these cases or any order confirming any plan or in any other order in these cases or entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code shall alter, conflict with, or derogate from, the provisions of this Order.

13.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Date: _____ ___, 2014

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge