# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hearing Date: January 29, 2014 at 10:00 a.m. |
| | ) Objection Deadline: January 13, 2014 at 4:00 p.m. (prevailing Eastern Time) |

## ORDER APPROVING, AUTHORIZING, AND IMPLEMENTING THE SETTLEMENT AGREEMENT BETWEEN AND AMONG THE DEBTORS AND THE BANK LENDER GROUP

Upon the motion (the "Motion") of the Debtors[2] for entry of an order under sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) approving, as set forth in the Motion, a settlement embodied in that certain Settlement Agreement dated as of December 23, 2013 between and among the Debtors, on the one hand, and the Bank Lender

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

[2] Any capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Settlement Agreement, as applicable.

Group, on the other hand, and attached to the Motion as **Exhibit B** (the "Settlement Agreement") and (ii) approving and deeming to be in full force and effect the Settlement Agreement; it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted in its entirety.

2. The Debtors' entry into the Settlement Agreement is a reasonable exercise of their respective business judgment and the Settlement Agreement is approved as attached to the Motion as **Exhibit B** and incorporated herein. Upon entry of this Order, the Settlement Agreement shall be in full force and effect subject to each of the terms and conditions therein and in this Order.

3. The Debtors shall be, and hereby are, authorized to enter into the Settlement Agreement, and are authorized to execute, deliver, implement and fully perform any and all obligations, to execute any instruments, documents, and papers, and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein.

4. The Lender Payment shall be in full and final satisfaction of all amounts due and owing under the Pre-petition Credit Facilities, the Proofs of Claim, the Plan, or otherwise.

5. On the Effective Date of the Plan, the Debtors shall make all payments to the Bank Lender Group required by the Plan and the Settlement Agreement.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

7. The Debtors are authorized and empowered to take any and all further actions to implement the terms of the Settlement Agreement and the relief granted in this Order.

8. Each Party shall bear its own fees and costs in connection with the Settlement Agreement and the Proofs of Claim, Bank Lender Appeals and Claims Order Appeal which are being resolved by the Settlement Agreement, including attorney's fees.

9. Within three business days of this Order becoming a Final Order, the Bank Lender Group shall file all such documents as are appropriate in the Third Circuit to cause the Bank Lender Appeals to be withdrawn with prejudice and without costs.

10. The failure specifically to include or refer to any particular term or provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such term and provision, it being the intent of

KE 28986604

the Court that the Settlement Agreement be authorized and approved in its entirety.

11. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 7062, Bankruptcy Rule 6004(h) or otherwise.

Dated: Wilmington, Delaware
       Jan 17, 2014

_____
Honorable Kevin J. Carey
UNITED STATES BANKRUPTCY JUDGE