IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date: January 29, 2014, at 10:00 a.m. |
| | ) | Objection Deadline: January 22, 2014, at 4:00 p.m. |
| | ) | Agenda No. 31640 |

**ORDER PURSUANT TO SECTIONS 105, 363, 1107 AND 1108 OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 9014 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING THE ADDENDUM TO THE AMENDED AND RESTATED SETTLEMENT AGREEMENT BETWEEN W. R. GRACE & CO. AND HARPER INSURANCE LTD.**

This matter having come before the Court on the Debtors' Motion (the "Motion") for an order approving the Addendum to the Amended and Restated Settlement Agreement ("Agreement") by and between W. R. Grace & Co. ("Grace"), and Harper Insurance Ltd. ("Harper"),[2] and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding is proper

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Addendum, the Agreement or the First Amended Joint Plan of Reorganization, as applicable.

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and upon the record of the hearing on the Motion (the "Hearing"); and after due deliberation and having determined that the relief requested in the Motion is in the best interest of the Debtors, their estates, and creditors, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is GRANTED and APPROVED in all respects.

2. For the reasons set forth herein and on the record at the Hearing, all objections (if any) to the Motion and the relief requested therein or granted in this Order that have not been withdrawn, waived or settled, and all reservations of rights included in such objections are denied and overruled on the merits with prejudice.

3. The Addendum, a copy of which is attached to the Motion as **Exhibit A**, is approved in its entirety.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, including entering into the Addendum.

5. Unless specifically provided otherwise in this Order, all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

7. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 6004(h).

Dated: January __, 2014

*[signature]*
The Honorable Kevin J. Carey
United States Bankruptcy Judge