## Exhibit 25

**Updated Certificates of Incorporation for the Debtors**

**AMENDED AND RESTATED
CERTIFICATE OF INCORPORATION
OF
W. R. GRACE & CO.**

*Adopted in accordance with the provisions
of §303, §242 and §245 of the
General Corporation Law of the State of Delaware*

\* \* \* \* \* \* \*

W. R. Grace & Co., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

The name of the Corporation is "W. R. Grace & Co."

The original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on August 6, 1997, under the name Grace Specialty Chemicals, Inc.

The Corporation and certain of the Corporation's direct and indirect subsidiaries filed a joint plan of reorganization (as amended, modified and supplemented, and including the exhibits and schedules thereto, the "Plan") which, pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), was confirmed by an order, entered [•], January 31, 2011, of the United States Bankruptcy Court for the District of Delaware, a court having jurisdiction of a proceeding under the Bankruptcy Code (the "Order"), and such order provides for the making and filing of this Amended and Restated Certificate of Incorporation.

The Board of Directors of the Corporation duly adopted resolutions in accordance with Section 303, Section 242 and Section 245 of the General Corporation Law of the State of Delaware, as authorized by the Order, to put into effect and carry out the Plan by amending and restating the Certificate of Incorporation in its entirety to read as set forth as follows:

ARTICLE I

The name of the Corporation is W. R. Grace & Co.

ARTICLE II

The address of the Corporation's registered office in the State of Delaware is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware, County of New Castle.  The name of the Corporation's registered agent at such address is The Prentice-Hall Corporation System, Inc.

ARTICLE III

The nature of the business or purposes to be conducted or promoted is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware.

ARTICLE IV[1]

Section 1   The total number of shares of stock which the Corporation shall have authority to issue is [Three Hundred and Fifty-Three Million (353,000,000)],), consisting of [Fifty-Three Million (53,000,000)]) shares of Preferred Stock, par value $.01 per share (the "Preferred Stock"), and [Three Hundred Million (300,000,000)]) shares of Common Stock, par value $.01 per share (the "Common Stock").

Section 2   The Preferred Stock may be issued from time to time in one or more series. The Board of Directors is hereby authorized to provide for the issuance of shares of Preferred Stock in series and, by filing a certificate pursuant to the applicable law of the State of Delaware ("Preferred Stock Designation"), to establish from time to time the number of shares to be included in each such series, and to fix the designation, powers, preferences and rights of the shares of each such series and the qualifications, limitations and restrictions thereof.  The authority of the Board of Directors with respect to each series shall include, but not be limited to, determination of the following:

(a)  The designation of the series, which may be by distinguishing number, letter or title.

(b)  The number of shares of the series, which number the Board of Directors may thereafter (except where otherwise provided in the Preferred Stock Designation) increase or decrease (but not below the number of shares thereof then outstanding).

(c)  Whether dividends, if any, shall be cumulative or noncumulative and the dividend rate of the series.

(d)  The dates on which dividends, if any, shall be payable.

(e)  The redemption rights and price or prices, if any, for shares of the series.

(f)  The terms and amount of any sinking fund provided for the purchase or redemption of shares of the series.

(g)  The amounts payable on, and the preferences, if any, of, shares of the series in the event of any voluntary or involuntary liquidation, dissolution or winding up of the affairs of the Corporation.

---

[1] [Note: to confirm whether capitalization numbers will change.]

2

(h) Whether the shares of the series shall be convertible into shares of any other class or series, or any other security, of the Corporation or any other corporation, and, if so, the specification of such other class or series of such other security, the conversion price or prices or rate or rates, any adjustments thereof, the date or dates at which such shares shall be convertible and all other terms and conditions upon which such conversion may be made.

(i) Restrictions on the issuance of shares of the same series or of any other class or series.

(j) The voting rights, if any, of the holders of shares of the series.

Section 3   The Common Stock shall be subject to the express terms of the Preferred Stock and any series thereof. Each share of Common Stock shall be equal to each other share of Common Stock. The holders of shares of Common Stock shall be entitled to one vote for each such share upon all questions presented to the stockholders.

Except as may be provided in this Amended and Restated Certificate of Incorporation or in a Preferred Stock Designation, or as may be required by law, the Common Stock shall have the exclusive right to vote for the election of directors and for all other purposes, and holders of Preferred Stock shall not be entitled to receive notice of any meeting of stockholders at which they are not entitled to vote.

Section 4   The Corporation shall be entitled to treat the person in whose name any share of its stock is registered as the owner thereof for all purposes and shall not be bound to recognize any equitable or other claim to, or interest in, such share on the part of any other person, whether or not the Corporation shall have notice thereof, except as expressly provided by applicable law.

Section 5   There shall be designated a series of the Corporation's Preferred Stock, as follows:

(a) <u>Designation and Amount</u>. The shares of such series shall be designated as "Series A Junior Participating Preferred Stock" (the "<u>Series A Preferred Stock</u>") and the number of shares constituting the Series A Preferred Stock shall be 3,000,000. Such number of shares may be increased or decreased by resolution of the Board of Directors; provided, that no decrease shall reduce the number of shares of Series A Preferred Stock to a number less than the number of shares then outstanding plus the number of shares reserved for issuance upon the exercise of outstanding options, rights or warrants or upon the conversion of any outstanding securities issued by the Corporation convertible into Series A Preferred Stock.

(b) <u>Dividends and Distributions</u>.

(i) Subject to the rights of the holders of any shares of any series of Preferred Stock (or any similar stock) ranking prior and superior to the Series A Preferred Stock with respect to dividends, the holders of shares of Series A Preferred Stock, in preference to the holders of Common Stock, and of any other junior stock, shall be entitled to receive, when, as and if declared by the Board of Directors out of funds legally available for the purpose, quarterly dividends payable in cash on the first day of March, June, September and December in each year (each such date being referred to herein as a "<u>Quarterly Dividend Payment Date</u>"), commencing

3

on the first Quarterly Dividend Payment Date after the first issuance of a share or fraction of a share of Series A Preferred Stock, in an amount per share (rounded to the nearest cent) equal to the greater of (a) $1 or (b) subject to the provision for adjustment hereinafter set forth, 100 times the aggregate per share amount of all cash dividends, and 100 times the aggregate per share amount (payable in kind) of all non-cash dividends or other distributions, other than a dividend payable in shares of Common Stock or a subdivision of the outstanding shares of Common Stock (by reclassification or otherwise), declared on the Common Stock since the immediately preceding Quarterly Dividend Payment Date or, with respect to the first Quarterly Dividend Payment Date, since the first issuance of any share of a fraction of a share of Series A Preferred Stock. In the event the Corporation shall at any time declare or pay any dividend on the Common Stock payable in shares of Common Stock, or effect a subdivision or combination or consolidation of the outstanding shares of Common Stock (by reclassification or otherwise than by payment of a dividend in shares of Common Stock) into a greater or lesser number of shares of Common Stock, then in each such case the amount to which holders of shares of Series A Preferred Stock were entitled immediately prior to such event under clause (b) of the preceding sentence shall be adjusted by multiplying such amount by a fraction, the numerator of which is the number of shares of Common Stock outstanding immediately after such event and the denominator of which is the number of shares of Common Stock that were outstanding immediately prior to such event.

(ii)     The Corporation shall declare a dividend or distribution on the Series A Preferred Stock as provided in subparagraph (a) of this paragraph (2) immediately after it declares a dividend or distribution on the Common Stock (other than a dividend payable in shares of Common Stock); provided that, in the event no dividend or distribution shall have been declared on the Common Stock during the period between any Quarterly Dividend Payment Date and the next subsequent Quarterly Dividend Payment Date, a dividend of $1 per share on the Series A Preferred Stock shall nevertheless be payable on such subsequent Quarterly Dividend Payment Date.

(iii)     Dividends shall begin to accrue and be cumulative on outstanding shares of Series A Preferred Stock from the Quarterly Dividend Payment Date next preceding the date of issue of such shares, unless the date of issue of such shares is prior to the record date for the first Quarterly Dividend Payment Date, in which case dividends on such shares shall begin to accrue from the date of issue of such shares, or unless the date of issue is a Quarterly Dividend Payment Date or is a date after the record date for the determination of holders of shares of Series A Preferred Stock entitled to receive a quarterly dividend and before such Quarterly Dividend Payment Date, in either of which events such dividends shall begin to accrue and be cumulative from such Quarterly Dividend Payment Date. Accrued but unpaid dividends shall not bear interest. Dividends paid on the shares of Series A Preferred Stock in an amount less than the total amount of such dividends at the time accrued and payable on such shares shall be allocated pro rata on a share-by-share basis among all such shares at the time outstanding. The Board of Directors may fix a record date for the determination of holders of shares of Series A Preferred Stock entitled to receive payment of a dividend or distribution declared thereon, which record date shall be not more than 60 days prior to the date fixed for the payment thereof.

4

(c) <u>Voting Rights</u>.  The holders of shares of Series A Preferred Stock shall have the following voting rights:

(i)    Subject to the provision for adjustment hereinafter set forth, each share of Series A Preferred Stock shall entitle the holder thereof to 100 votes on all matters submitted to a vote of the stockholders of the Corporation.  In the event the Corporation shall at any time declare or pay any dividend on the Common Stock payable in shares of Common Stock, or effect a subdivision or combination or consolidation of the outstanding shares of Common Stock (by reclassification or otherwise than by payment of a dividend in shares of Common Stock) into a greater or lesser number of shares of Common Stock, then in each such case the number of votes per share to which holders of shares of Series A Preferred Stock were entitled immediately prior to such event shall be adjusted by multiplying such number by a fraction, the numerator of which is the number of shares of Common Stock outstanding immediately after such event and the denominator of which is the number of shares of Common Stock that were outstanding immediately prior to such event.

(ii)    Except as otherwise provided herein, in any other certificate of designations creating a series of Preferred Stock or any similar stock, or by law, the holders of shares of Series A Preferred Stock and the holders of shares of Common Stock and any other capital stock of the Corporation having general voting rights shall vote together as one class on all matters submitted to a vote of stockholders of the Corporation.

(iii)    Except as set forth herein, or as otherwise provided by law, holders of Series A Preferred Stock shall have no special voting rights and their consent shall not be required (except to the extent they are entitled to vote with holders of Common Stock as set forth herein) for taking any corporate action.

(d) <u>Certain Restrictions</u>.

(i)    Whenever quarterly dividends or other dividends or distributions payable on the Series A Preferred Stock as provided in paragraph (b) are in arrears, thereafter and until all accrued and unpaid dividends and distributions, whether or not declared, on shares of Series A Preferred Stock outstanding shall have been paid in full, the Corporation shall not:

(A) declare or pay dividends, or make any other distributions, on any shares of stock ranking junior (either as to dividends or upon liquidation, dissolution or winding up) to the Series A Preferred Stock;

(B) declare or pay dividends, or make any other distributions, on any shares of stock ranking on a parity (either as to dividends or upon liquidation, dissolution or winding up) with the Series A Preferred Stock, except dividends paid ratably on the Series A Preferred Stock, and all such parity stock on which dividends are payable or in arrears in proportion to the total amounts to which the holders of all such shares are then entitled;

(C) redeem or purchase or otherwise acquire for consideration shares of any stock ranking junior (either as to dividends or upon liquidation, dissolution or winding up) to the Series A Preferred Stock, provided that the Corporation may at any time redeem, purchase or otherwise acquire shares of any such junior stock in exchange for shares of

5

any stock of the Corporation ranking junior (either as to dividends or upon dissolution, liquidation or winding up) to the Series A Preferred Stock; or

(D) redeem or purchase or otherwise acquire for consideration any shares of Series A Preferred Stock, or any shares of stock ranking on a parity with the Series A Preferred Stock, except in accordance with a purchase offer made in writing or by publication (as determined by the Board of Directors) to all holders of such shares upon such terms as the Board of Directors, after consideration of the respective annual dividend rates and other relative rights and preferences of the respective series and classes, shall determine in good faith will result in fair and equitable treatment among the respective series of classes.

(ii)    The Corporation shall not permit any subsidiary of the Corporation to purchase or otherwise acquire for consideration any shares of stock of the Corporation unless the Corporation could, under subparagraph (i) of this paragraph (d), purchase or otherwise acquire such shares at such time and in such manner.

(e)    Reacquired Shares.  Any shares of Series A Preferred Stock purchased or otherwise acquired by the Corporation in any manner whatsoever shall be retired and cancelled promptly after the acquisition thereof.  All such shares shall upon their cancellation become authorized but unissued shares of Preferred Stock and may be reissued as part of a new series of Preferred Stock subject to the conditions and restrictions on issuance set forth herein, or in any other certificate of designations creating a series of Preferred Stock or any similar stock or as otherwise required by law.

(f)    Liquidation, Dissolution or Winding Up.  Upon any liquidation, dissolution or winding up of the Corporation, no distribution shall be made (1) to the holders of shares of stock ranking junior (either as to dividends or upon liquidation, dissolution or winding up) to the Series A Preferred Stock unless, prior thereto, the holders of shares of Series A Preferred Stock shall have received $100 per share, plus an amount equal to all accrued and unpaid dividends and distributions thereon, whether or not declared, to the date of such payment, provided that the holders of shares of Series A Preferred Stock shall also be entitled to receive an aggregate amount per share, subject to the provision for adjustment hereinafter set forth, equal to 100 times the aggregate amount to be distributed per share to holders of shares of Common Stock, or (2) to the holders of shares of stock ranking on a parity (either as to dividends or upon liquidation, dissolution or winding up) with the Series A Preferred Stock, except distributions made ratably on the Series A Preferred Stock and all such parity stock in proportion to the total amounts to which the holders of all such shares are entitled upon such liquidation, dissolution or winding up. In the event the Corporation shall at any time declare or pay any dividend on the Common Stock payable in shares of Common Stock, or effect a subdivision or combination or consolidation of the outstanding shares of Common Stock (by reclassification or otherwise than by payment of a dividend in shares of Common Stock) into a greater or lesser number of shares of Common Stock, then in each such case the aggregate amount to which holders of shares of Series A Preferred Stock were entitled immediately prior to such event under the proviso in clause (1) of the preceding sentence shall be adjusted by multiplying such amount by a fraction, the numerator of which is the number of shares of Common Stock outstanding immediately after such event and the denominator of which is the number of shares of Common Stock that were outstanding immediately prior to such event.

6

(g) <u>Consolidation, Merger, etc</u>.  In case the Corporation shall enter into any consolidation, merger, combination or other transaction in which the shares of Common Stock are exchanged for or changed into other stock or securities, cash and/or any other property, then in any such case each share of Series A Preferred Stock shall at the same time be similarly exchanged or changed into an amount per share, subject to the provision for adjustment hereinafter set forth, equal to 100 times the aggregate amount of stock, securities, cash and/or any other property (payable in kind), as the case may be, into which or for which each share of Common Stock is changed or exchanged.  In the event the Corporation shall at any time declare or pay any dividend on the Common Stock payable in shares of Common Stock, or effect a subdivision or combination or consolidation of the outstanding shares of Common Stock (by re-classification or otherwise than by payment of a dividend in shares of Common Stock) into a greater or lesser number of shares of Common Stock, then in each such case the amount set forth in the preceding sentence with respect to the exchange or change of shares of Series A Preferred Stock shall be adjusted by multiplying such amount by a fraction, the numerator of which is the number of shares of Common Stock outstanding immediately after such event and the denominator of which is the number of shares of Common Stock that were outstanding immediately prior to such event.

(h) <u>No Redemption</u>.  The shares of Series A Preferred Stock shall not be redeemable.

(i) <u>Rank</u>.  The Series A Preferred Stock shall rank, with respect to the payment of dividends and the distribution of assets, junior to all series of any other class of the Corporation's Preferred Stock.

(j) <u>Amendment</u>. This Amended and Restated Certificate of Incorporation of the Corporation shall not be amended in any manner which would materially alter or change the powers, preferences or special rights of the Series A Preferred Stock so as to affect them adversely without the affirmative vote of the holders of at least two-thirds of the outstanding shares of Series A Preferred Stock, voting together as a single class.

Section 6   Notwithstanding anything to the contrary in this Amended and Restated Certificate of Incorporation, the Corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  The prohibition on the issuance of nonvoting equity securities is included in this Amended and Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  This Section 6 of this Article IV may be amended or eliminated in accordance with applicable law from time to time in effect.

ARTICLE V

The Corporation is to have perpetual existence.

ARTICLE VI

Section 1   <u>Number of Directors</u>.  Subject to any rights of the holders of any class or series of Preferred Stock to elect additional directors under specified circumstances, the number of directors which shall constitute the Board of Directors shall be fixed from time to time by

7

resolution adopted by the affirmative vote of a majority of the total number of directors then in office.

Section 2   Classes of Directors.  At each annual meeting of stockholders, directors of the Corporation shall be elected to hold office until the expiration of the term for which they are elected, and until their successors have been duly elected and qualified; except that if any such election shall be not so held, such election shall take place at a stockholders' meeting called and held in accordance with the Delaware General Corporation Law.  Unless and except to the extent that the By-laws of the Corporation shall so require, the election of directors of the Corporation need not be by written ballot.  The directors of the Corporation, other than those who may be elected by the holders of any series of Preferred Stock or any other series or class of stock as set forth in this Amended and Restated Certificate of Incorporation, shall be divided into three classes as nearly equal in size as is practicable, hereby designated Class I, Class II and Class III. The term of office of the initial Class I directors shall expire at the next succeeding annual meeting of stockholders, the term of office of the initial Class II directors shall expire at the second succeeding annual meeting of stockholders and the term of office of the initial Class III directors shall expire at the third succeeding annual meeting of the stockholders.  The initial Class I, Class II and Class III directors shall be as set forth in the Plan.  At each annual meeting after the first annual meeting of stockholders, directors to replace those of a Class whose terms expire at such annual meeting shall be elected to hold office until the third succeeding annual meeting and until their respective successors shall have been duly elected and qualified.  If the number of directors is hereafter changed, any newly created directorships or decrease in directorships shall be so apportioned among the classes as to make all classes as nearly equal in number as practicable.

Section 3   Newly-Created Directorships and Vacancies.  Subject to the rights of the holders of any series of Preferred Stock then outstanding, newly created directorships resulting from any increase in the number of directors or any vacancies in the Board of Directors resulting from death, resignation, retirement, disqualification, removal from office or any other cause may be filled, so long as there is at least one remaining director, only by the Board of Directors, provided that a quorum is then in office and present, or by a majority of the directors then in office, if less than a quorum is then in office, or by the sole remaining director.  Directors elected to fill a newly created directorship or other vacancies shall hold office until such director's successor has been duly elected and qualified or until his or her earlier death, resignation or removal as hereinafter provided.

Section 4   Removal of Directors.  Subject to the rights of the holders of any series of Preferred Stock then outstanding, any director may be removed from office at any time only for cause, at a meeting called for that purpose, but only by the affirmative vote of the holders of at least 80% of the voting power of all outstanding shares of Common Stock entitled to vote generally in the election of directors, voting together as a single class.

Section 5   Rights of Holders of Preferred Stock.  Notwithstanding the provisions of this ARTICLE VI, whenever the holders of one or more series of Preferred Stock issued by the Corporation shall have the right, voting separately or together by series, to elect directors at an annual or special meeting of stockholders, the election, term of office, filling of vacancies and

8

other features of such directorship shall be governed by the rights of such Preferred Stock as set forth in the certificate of designations governing such series.

Section 6    <u>By-Laws</u>.  The Board of Directors is expressly authorized to adopt, amend, alter, change or repeal the by-laws of the Corporation.  Notwithstanding the foregoing and anything contained in this Amended and Restated Certificate of Incorporation to the contrary, the by-laws of the Corporation shall not be amended, altered, changed or repealed by the stockholders, and no provision inconsistent therewith shall be adopted by the stockholders, without the affirmative vote of the holders of 80% of the voting power of all outstanding shares of the Corporation entitled to vote generally in the election of directors, voting together as a single class.

Section 7    <u>No Cumulative Voting</u>.   Except as may otherwise be set forth in the resolution or resolutions of the Board of Directors providing the issue of a series of Preferred Stock, and then only with respect to such series of Preferred Stock, cumulative voting in the election of directors is specifically denied.

ARTICLE VII

Section 1    <u>Limitation of Liability</u>.

(a)  To the fullest extent permitted by the Delaware General Corporation Law as it now exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than permitted prior thereto), no director of the Corporation shall be liable to the Corporation or its stockholders for monetary damages arising from a breach of fiduciary duty owed to the Corporation or its stockholders.

(b)  Any repeal or modification of the foregoing paragraph shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

Section 2    <u>Right to Indemnification</u>.  Each person who was or is made a party or is threatened to be made a party to or is otherwise involved (including involvement, without limitation, as a witness) in any actual or threatened action, suit or proceeding, whether civil, criminal, administrative or investigative (a "<u>proceeding</u>"), by reason of the fact that such person is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as an employee or agent of the Corporation or as a director, officer, partner, member, trustee, administrator, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust or other enterprise, including service with respect to an employee benefit plan (an "<u>indemnitee</u>"), whether the basis of such proceeding is alleged action in an official capacity as a director or officer or in any other capacity while serving as a director or officer, shall be indemnified and held harmless by the Corporation to the fullest extent authorized by the Delaware General Corporation Law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than permitted prior thereto), against all expense, liability and loss (including attorneys' fees and

9

related disbursements, judgments, fines, excise taxes or penalties under the Employee Retirement Income Security Act of 1974, as amended from time to time ("ERISA"), penalties and amounts paid or to be paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith and such indemnification shall continue as to an indemnitee who has ceased to be a director, officer, employee or agent and shall inure to the benefit of the indemnitee's heirs, executors and administrators; provided, however, that, except as provided in Section 3 of this ARTICLE VII with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Board of Directors of the Corporation. The right to indemnification conferred in this Section 2 of this ARTICLE VII shall be a contract right and shall include the obligation of the Corporation to pay the expenses incurred in defending any such proceeding in advance of its final disposition (an "advance of expenses"); provided, however, that an advance of expenses incurred by an indemnitee shall be made only upon delivery to the Corporation of an undertaking (an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise. The Corporation may, by action of its Board of Directors, provide indemnification to employees and agents of the Corporation with the same or lesser scope and effect as the foregoing indemnification of directors and officers.

Section 3    Procedure for Indemnification. Any indemnification of a director or officer of the Corporation or advance of expenses (including attorneys' fees, costs and charges) under Section 2 of this ARTICLE VII shall be made promptly, and in any event within forty-five days (or, in the case of an advance of expenses, twenty days, provided that the director or officer has delivered the undertaking contemplated by Section 2 of this ARTICLE VII), upon the written request of the director or officer. If a determination by the Corporation that the director or officer is entitled to indemnification pursuant to this ARTICLE VII is required, and the Corporation fails to respond within sixty days to a written request for indemnity, the Corporation shall be deemed to have approved the request. If the Corporation denies a written request for indemnification or advance of expenses, in whole or in part, or if payment in full pursuant to such request is not made within forty-five days (or, in the case of an advance of expenses, twenty days, provided that the director or officer has delivered the undertaking contemplated by Section 2 of this ARTICLE VII), the right to indemnification or advances as granted by this ARTICLE VII shall be enforceable by the director or officer in any court of competent jurisdiction. Such person's costs and expenses incurred in connection with successfully establishing his or her right to indemnification, in whole or in part, in any such action shall also be indemnified by the Corporation. It shall be a defense to any such action (other than an action brought to enforce a claim for the advance of expenses where the undertaking required pursuant to Section 2 of this ARTICLE VII, if any, has been tendered to the Corporation) that the claimant has not met the standards of conduct which make it permissible under the Delaware General Corporation Law for the Corporation to indemnify the claimant for the amount claimed, but the burden of such defense shall be on the Corporation. Neither the failure of the Corporation (including its Board of Directors, independent legal counsel or its stockholders) to have made a determination prior to the commencement of such action that indemnification of the claimant is proper in the circumstances because such person has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including

10

its Board of Directors, independent legal counsel or its stockholders) that the claimant has not met such applicable standard of conduct, shall be a defense to the action or create a presumption that the claimant has not met the applicable standard of conduct. The procedure for indemnification of other employees and agents for whom indemnification is provided pursuant to Section 2 of this ARTICLE VII shall be the same procedure set forth in this Section 3 for directors or officers, unless otherwise set forth in the action of the Board of Directors providing indemnification for such employee or agent.

Section 4    Insurance.  The Corporation may purchase and maintain insurance on its own behalf and on behalf of any person who is or was or has agreed to become a director, officer, employee or agent of the Corporation or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss asserted against him or her and incurred by him or her in any such capacity, or arising out of his or her status as such, whether or not the Corporation would have the power to indemnify such person against such expenses, liability or loss under the Delaware General Corporation Law.

Section 5    Service for Subsidiaries.  Any person serving as a director, officer, employee or agent of another corporation, partnership, limited liability company, joint venture or other enterprise, at least 50% of whose equity interests are owned by the Corporation (a "subsidiary" for this ARTICLE VII) shall be conclusively presumed to be serving in such capacity at the request of the Corporation.

Section 6    Reliance.  Persons who after the date of the adoption of this ARTICLE VII become or remain directors or officers of the Corporation or who, while a director or officer of the Corporation, become or remain a director, officer, employee or agent of a subsidiary, shall be conclusively presumed to have relied on the rights to indemnity, advance of expenses and other rights contained in this ARTICLE VII in entering into or continuing such service. The rights to indemnification and to the advance of expenses conferred in this ARTICLE VII shall apply to claims made against an indemnitee arising out of acts or omissions which occurred or occur both prior and subsequent to the adoption hereof.

Section 7    Other Rights; Continuation of Right to Indemnification.  The rights to indemnification and to the advance of expenses conferred in this ARTICLE VII shall not be exclusive of any other right which any person may have or hereafter acquire under this Amended and Restated Certificate of Incorporation or under any statute, by-law, agreement, vote of stockholders or disinterested directors or otherwise. All rights to indemnification under this ARTICLE VII shall be deemed to be a contract between the Corporation and each director or officer of the Corporation who serves or served in such capacity at any time while this ARTICLE VII is in effect. Any repeal or modification of this ARTICLE VII or any repeal or modification of relevant provisions of the Delaware General Corporation Law or any other applicable laws shall not in any way diminish any rights to indemnification of such director or officer or the obligations of the Corporation arising hereunder with respect to any proceeding arising out of, or relating to, any actions, transactions or facts occurring prior to the final adoption of such modification or repeal.

Section 8  <u>Merger or Consolidation</u>.  For purposes of this ARTICLE VII, references to the "Corporation" shall include, in addition to the resulting Corporation, any constituent Corporation (including any constituent of a constituent) absorbed in a consolidation or merger which, if its separate existence had continued, would have had power and authority to indemnify its directors, officers and employees or agents, so that any person who is or was a director, officer, employee or agent of such constituent Corporation, or is or was serving at the request of such constituent Corporation as a director, officer, employee or agent of another Corporation, partnership, joint venture, trust or other enterprise, shall stand in the same position under this ARTICLE VII with respect to the resulting or surviving Corporation as he or she would have with respect to such constituent Corporation if its separate existence had continued.

Section 9  <u>Savings Clause</u>.  If this ARTICLE VII or any portion hereof shall be invalidated on any ground by any court of competent jurisdiction, then the Corporation shall nevertheless indemnify each person entitled to indemnification under Section 2 of this ARTICLE VII as to all expense, liability and loss (including attorneys' fees and related disbursements, judgments, penalties, fines, ERISA excise taxes and penalties, and amounts paid or to be paid in settlement) actually and reasonably incurred or suffered by such person and for which indemnification is available to such person pursuant to this ARTICLE VII to the fullest extent permitted by any applicable portion of this ARTICLE VII that shall not have been invalidated and to the fullest extent permitted by applicable law.

Section 10 Exclusive Forum.  Unless the Corporation consents in writing to the selection of an alternative forum, the sole and exclusive forum for (i) any derivative action or proceeding brought on behalf of the Corporation, (ii) any action asserting a claim of breach of a fiduciary duty owed by any director or officer or other employee of the Corporation to the Corporation or the Corporation's stockholders, (iii) any action asserting a claim against the Corporation or any director or officer or other employee of the Corporation arising pursuant to any provision of the Delaware General Corporation Law or the Corporation's Certificate of Incorporation or By-laws (as either may be amended from time to time), or (iv) any action asserting a claim against the Corporation or any director or officer or other employee of the Corporation governed by the internal affairs doctrines shall be a state court located within the State of Delaware (or, if no state court located within the State of Delaware has jurisdiction, the United States District Court for the District of Delaware).

ARTICLE VIII

The stockholders of the Corporation may not take any action by written consent in lieu of a meeting, and must take any actions at a duly called annual or special meeting of stockholders and the power of stockholders to consent in writing without a meeting is specifically denied. Special meetings of stockholders of the Corporation may be called only by either the chairman of the Board of Directors or the chief executive officer of the Corporation or pursuant to a resolution adopted by the affirmative vote of the majority of the total number of directors then in office.  Advance notice of stockholder nominations for the election of directors and of business to be brought by stockholders before any meeting of the stockholders of the Corporation shall be given in the manner provided in the by-laws of the Corporation.

12

ARTICLE IX

The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Amended and Restated Certificate of Incorporation, in the manner now or hereafter prescribed herein and by the laws of the state of Delaware, and all rights conferred upon stockholders herein are granted subject to this reservation.  Notwithstanding any other provision of this Amended and Restated Certificate of Incorporation or the by-laws of the Corporation, and notwithstanding the fact that a lesser percentage or separate class vote may be specified by law or otherwise, but in addition to any affirmative vote of the holders of any particular class or series of the capital stock required by law or otherwise, the affirmative vote of the holders of at least 80% of the voting power of all outstanding shares of capital stock of the Corporation entitled to vote generally in the election of directors, voting together as a single class, shall be required to adopt any provision inconsistent with, to amend, alter, change or repeal any provision of, or to adopt a by-law inconsistent with, ARTICLE VI, ARTICLE VII, ARTICLE VIII, ARTICLE IX and ~~ARTICLE X,~~ ARTICLE X, of this Amended and Restated Certificate of Incorporation.

ARTICLE X

Section 1   <u>Right to Impose Trading Restrictions</u>.

(a)  In the event that the Corporation determines (in consultation with outside counsel) that at least 25 percentage points of "owner shift" have occurred with respect to the Corporation's equity for purposes of Section 382 of the Internal Revenue Code of 1986, as amended, and the Treasury regulations thereunder (collectively, "<u>Section 382</u>"), during the relevant "testing period", then the Board of Directors shall meet on an expedited basis to determine whether to impose restrictions on the trading of the Corporation's stock in accordance with this ARTICLE X and to determine the specific terms of such restrictions.  Unless otherwise defined herein, all terms used in this ARTICLE X (including but not limited to "5% shareholder," "testing period," "ownership change," and "owner shift") have the meaning ascribed to such terms under Section 382 and shall be construed accordingly.

(b)  In determining whether 25 percentage points of "owner shift" have occurred, it shall be presumed that at least 12.5 percentage points of "owner shift" have occurred as a result of the issuance of warrants to the WRG Asbestos PI Trust, a Delaware statutory trust, established pursuant to Section 524(g) of the Bankruptcy Code (the "<u>Asbestos PI Trust</u>") (such warrants, the "<u>Trust Warrants</u>").   To the extent that the Trust Warrants are exercised in whole or in part, the actual amount of "owner shift" resulting from such exercise shall be used in determining whether 25 percentage points of "owner shift" have occurred, and the amount of the 12.5 percentage points of "owner shift" that were previously presumed shall be reduced by such amount.  In the event that any or all of the Trust Warrants shall expire unexercised, then no further presumption with respect to the Trust Warrants shall apply.

Section 2   <u>Procedure to Impose Trading Restrictions</u>.  If the Board of Directors determines to impose trading restrictions on transfers of the Corporation's stock pursuant to Section 1(a) of this ARTICLE X, which determination shall require the affirmative vote of at least 66-2/3% of all the directors, then the Corporation shall promptly announce the imposition

13

and terms of such trading restrictions by means of a press release and the filing of a Current Report on Form 8-K with the Securities and Exchange Commission. The terms of such restrictions, including the form of any notice or application documentation that may be associated with such restrictions, shall also be described by the Corporation in each quarterly and annual report filed by the Corporation with the Securities and Exchange Commission.

Section 3    <u>Principal Terms of Trading Restrictions</u>. If the Board of Directors determines to impose trading restrictions on transfers of the Corporation's stock in accordance with Section 1(a), the principal terms of such trading restrictions shall be as set forth in this Section 3 of this ARTICLE X. The Board of Directors shall have the authority in its sole discretion to determine and establish the definitive and ancillary terms of such trading restrictions, so long as such terms are consistent with the provisions of this ARTICLE X:

(a) Any acquisition of the Corporation's stock by a person or entity that is not a 5% shareholder of the Corporation will be null and void *ab initio* as to the purchaser to the extent such acquisition causes such person or entity to become a 5% shareholder of the Corporation, unless the acquisition of such stock (i) was previously approved in writing by the Board of Directors, (ii) will not result in an increase in an "owner shift" for purposes of Section 382 in excess of any "owner shift" that would have occurred if the seller had sold the same amount of stock through general public market transactions (e.g., because the stock is purchased from another 5% shareholder whose stock acquisition had caused an "owner shift"), (iii) is the result of the exercise by the Asbestos PI Trust of the Trust Warrants, or (iv) is the result of any stock acquisition by the Asbestos PD Trust or the Asbestos PI Trust of stock directly from the Corporation (or any successor to the Corporation). Clauses (i) through (iv) of the immediately preceding sentence, each a "<u>Permitted Acquisition</u>".

(b) Any person or entity that is a 5% stockholder of the Corporation shall not be permitted to acquire additional stock of the Corporation and any such purchase of such additional stock shall be null and void *ab initio* as to the purchaser unless the acquisition of such stock was (1) previously approved in writing by the Corporation's Board of Directors or (2) is a Permitted Acquisition.

(c) Any stockholder of the Corporation seeking to use the "Permitted Acquisition" exception in the case of Section 3(a) or Section 3(b) of this ARTICLE X shall, prior to such transaction, notify the Corporation of its intent to engage in a Permitted Acquisition and provide at its own expense either (i) a legal opinion reasonably acceptable to the Corporation to the effect that such acquisition will qualify as a Permitted Acquisition, or (ii) a representation reasonably acceptable to the Corporation establishing that such acquisition will qualify as a Permitted Acquisition.

(d) Any person or entity that holds 5% or more of the Corporation's stock shall not be permitted to sell such stock, except that (i) there shall be no restriction on the ability of any person or entity to dispose of any stock of the Corporation held by such stockholder on the date on which the Corporation emerged from Chapter 11 bankruptcy protection (the "<u>Emergence Date</u>"), taking into account any adjustment in the number of shares held by such person or entity as a result of any stock splits, stock dividends, or other transactions that have caused a change in

14

the number of shares held by such person or entity but which did not change the relative the economic ownership of such person or entity in the Corporation;

(ii)      Any person or entity holding 9.99% or less, by value, of the outstanding stock of the Corporation shall be permitted to dispose of an amount of such stock representing up to 5%, by value, of the outstanding stock of the Corporation.  Beginning two Business Days after such person or entity owns less than 5%, by value, of the Corporation's stock, such person or entity shall be permitted to sell the remainder of such stock.  The term "Business Day" shall mean any day other than a Saturday, Sunday or a day on which banks located in New York, New York shall be authorized or required by law to close; and

(iii)      the sale of such stock shall be permitted if either (1) the purchase of such shares is a Permitted Acquisition, or (2) the sale was previously approved in writing by the Corporation's Board of Directors.

(e)  The Corporation shall announce by press release and the filing of a Current Report on Form 8-K with the Securities and Exchange Commission if its Board of Directors shall determine that trading restrictions are no longer required.  Any such trading restrictions shall expire automatically if the total amount of "owner shift" during the relevant "testing period" shall be less than 20 percentage points for purposes of Section 382.

(f)  Notwithstanding anything to the contrary contained herein, no restrictions shall be imposed on the acquisition or disposition of the Corporation's stock by the Asbestos PI Trust or the WRG Asbestos Property Damage Settlement Trust, a Delaware statutory trust, established pursuant to Section 524(g) of the Bankruptcy Code (the "Asbestos PD Trust"), or on the ability of any person or entity to acquire any or all other stock of the Corporation from the Asbestos PI Trust or the Asbestos PD Trust to the extent the aforementioned stock is acquired by the Asbestos PI Trust or the Asbestos PD Trust directly from the Corporation.

Section 4   Requirement to Provide Information Regarding Share Ownership.  All stockholders of the Corporation that have filed or would be required to file a Schedule 13D or 13G with the Securities and Exchange Commission with respect to the Corporation shall be required to provide information to the Corporation regarding such stockholder's ownership of the Corporation's stock, including the dates of the acquisition and disposition of such stock and the amounts of such acquisitions and dispositions, to the extent reasonably requested by the Corporation.  In determining whether any information requested by the Corporation is reasonable, any such information shall be reasonably necessary only to the extent such information is relevant to the Corporation in determining the level of owner shift that has or will occur for purposes of Section 382.  Such information shall be provided within five Business Days of the Corporation's request, and, at the stockholder's reasonable request, the Corporation shall execute a standard confidentiality agreement with respect to such information.

Section 5   Bankruptcy Rules; Expiration.  The restrictions described herein, once in effect, shall be subject to the standard rules for corporations emerging from bankruptcy, including that any acquisitions of stock in violation of such restrictions shall be null and void *ab initio* without any action being taken by the Corporation.

(a)  Any trading restrictions imposed by the Board of Directors shall automatically expire on (i) the second anniversary of the imposition of such restrictions, subject to the ability of the Board of Directors to impose new restrictions by an affirmative vote of the Board of Directors pursuant to Section 2 above or (ii) the date on which the amount of "owner shift" for purposes of Section 382 during the "testing period" is less than 20 percentage points.

(b)  This ARTICLE X shall automatically expire on the date that is three years after the Emergence Date; provided, however, that the Board of Directors shall be permitted to extend such provisions for additional three-year periods upon the affirmative vote of at least 66-2/3% of all the directors.

-IN WITNESS WHEREOF, W. R. Grace & Co. has caused this Amended and Restated Certificate of Incorporation to be signed by its [Senior Vice President] this [●] day of [●], 20[●].

W. R. GRACE & CO.

By:_____
     [●]

16

**EXHIBIT A**

**AMENDED AND RESTATED**
**CERTIFICATE OF INCORPORATION**
**OF**
**W. R. GRACE & CO. - CONN.**

FIRST: The name of the corporation (the "Corporation") is: W. R. Grace & Co. - Conn.

SECOND: The nature of the business to be transacted, or the purposes to be promoted or carried out by the Corporation, is to engage in any lawful act or activity for which Corporations may be formed under the Connecticut Business Corporation Act or any applicable successor act thereto, as the same may be amended from time to time.

THIRD:

A. The designation of each class of shares, the authorized number of shares of each such class, and the par value of each share thereof are as follows:

| CLASS | NUMBER OF SHARES | PAR VALUE PER SHARE |
|-------|------------------|---------------------|
| Common | 300,000,000 | $1.00 |

B.     All shares of common stock have unlimited voting rights and together are entitled to receive the net assets of the Corporation upon dissolution.

C.     Notwithstanding anything to the contrary in this Amended and Restated Certificate of Incorporation, the Corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C § 1123(a)(6)). The prohibition on the issuance of nonvoting equity securities is included in this Amended and Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)). This paragraph C. may be amended or eliminated in accordance with applicable law from time to time in effect.

FOURTH: The personal liability to the Corporation or its shareholders of a person who is or was a director of the Corporation for monetary damages for breach of duty as a director shall be limited to the amount of the compensation received by the director for serving the Corporation during the year of the violation if such breach did not (a) involve a knowing and culpable violation of law by the director, (b) enable the director or an associate, as defined in subdivision (3) of Section 33-840 of the Connecticut Business Corporation Act as in effect on the date hereof and as it may be amended from time to time, to receive an improper personal economic gain, (c) show a lack of good faith and a conscious disregard for the duty of the director to the Corporation under circumstances in which the director was aware that the director's conduct or omission created an unjustifiable risk of serious injury to the Corporation, (d) constitute a sustained and unexcused pattern of inattention that amounted to an abdication of the director's duty to the Corporation, or (e) create liability under Section 33-757 of the Connecticut Business Corporation Act as in effect on the effective date hereof and as it may be amended from time to time. The personal liability of a person who is or was a director to the

Corporation or its shareholders for breach of duty as a director shall further be limited to the fullest extent allowed from time to time by Connecticut law. This Article Fourth shall not limit or preclude the liability of a person who is or was a director for any act or omission occurring prior to the effective date hereof. Any lawful repeal or modification of this Article Fourth or the adoption of any provision inconsistent herewith by the Board of Directors and the shareholders of the Corporation shall not, with respect to a person who is or was a director, adversely affect any limitation of liability, right or protection of such person existing at or prior to the effective date of such repeal, modification or adoption of a provision inconsistent herewith.

FIFTH: The Corporation shall indemnify its directors for liability, as defined in Section 33-770(5) of the Connecticut Business Corporation Act, as in effect on the date hereof and as it may be amended from time to time, to any person for any action taken, or any failure to take any action, as a director, except liability that (a) involved a knowing and culpable violation of law by the director, (b) enabled the director or an associate (as defined in Section 33-840 of the Connecticut Business Corporation Act, as in effect on the date hereof and as it may be amended from time to time) to receive an improper personal gain, (c) showed a lack of good faith and conscious disregard for the duty of the director to the Corporation under circumstances in which the director was aware that the director's conduct or omission created an unjustifiable risk of serious injury to the Corporation, (d) constituted a sustained and unexcused pattern of inattention that amounted to an abdication of the director's duty to the Corporation, or (e) created liability under Section 33-757 of the Connecticut Business Corporation Act, as in effect on the date hereof and as it may be amended from time to time. Notwithstanding the preceding sentence, the Corporation shall not be required to indemnify an indemnitee in connection with a proceeding commenced by the indemnitee against the Corporation. This Article shall not affect the indemnification or advance of expenses to a director for any liability stemming from acts or omissions occurring prior to the effective date of this Article. Any lawful repeal or modification of this Article or the adoption of any provision inconsistent herewith by the board of directors and the shareholders of the Corporation shall not, with respect to a person who is or was a director adversely affect any right to indemnification of such person existing at or prior to the effective date of such repeal, modification or adoption of a provision inconsistent herewith.

The Corporation shall not be obligated by Section 33-776(d) of the Connecticut Business Corporation Act to indemnify, or advance expenses, to any current or former employee or agent of the Corporation who is not a director. However, the Corporation may, at the discretion of the board of directors, indemnify, or advance expenses to, any current or former employee or agent of the Corporation who is not a director to the fullest extent permitted by law.

KE 27796168

**AMENDED AND RESTATED
CERTIFICATE OF INCORPORATION
OF REMEDIUM GROUP, INC.**

Adopted in accordance with the provisions
of §303, §242 and §245 of the
*General Corporation Law of the State of Delaware*

\* \* \* \* \* \* \*

Remedium Group, Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

The name of the Corporation is "Remedium Group, Inc."

The original Certificate of Incorporation was filed with the Secretary of State of Delaware on July 25, 1980, under the name Emerson & Cuming, Inc.

The Corporation and certain of the Corporation's affiliates filed a joint plan of reorganization (the "Plan") which, pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), was confirmed, as modified, by an order, entered ————,January 31, 2011, of the United States Bankruptcy Court for the District of Delaware, a court having jurisdiction of a proceeding under the Bankruptcy Code (the "Order"), and such order provides for the making and filing of this Amended and Restated Certificate of Incorporation.

The Board of Directors of the Corporation duly adopted resolutions in accordance with Section 303, Section 242 and Section 245 of the General Corporation Law of the State of Delaware, as authorized by the Order, to put into effect and carry out the Plan by amending and restating the Certificate of Incorporation in its entirety to read as follows:

## ARTICLE 1: NAME

The name of the Corporation shall be REMEDIUM GROUP, INC.

## ARTICLE 2: REGISTERED OFFICE AND REGISTERED AGENT

The address, including street, number, city, and county, of the registered office of the Corporation in the State of Delaware is 2711 Centerville Road, Suite 400, City of Wilmington 19808, County of New Castle; and the name of the registered agent of the corporation in the State of Delaware at such address is Corporation Service Company.

## ARTICLE 3: PURPOSE

The nature of the business or purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware (the "DGCL").

## ARTICLE 4: CAPITALIZATION

1.      *Total Stock*. The total number of shares of stock which the Corporation shall have authority to issue is twelve thousand two hundred twenty-three (12,223) shares of Common Stock of the par value of One Dollar ($1.00) per share, eleven thousand (11,000) of which shall be designated as the Class A Common Stock, and one thousand two hundred twenty-three (1,223) of which shall be designated as the Class B Common Stock.

2.      *Voting Rights*. Except for the election of directors, all voting rights shall be vested in the holders of Class A Common Stock. Voting rights with respect to election of directors shall be as set forth in Article 5.

3.      *Suits by Class B Holders*. Except with respect to distributions payable to holders of Class B Common Stock pursuant to Article 6 below, no holder of Class B Common Stock shall have the right to bring suit against the Corporation, the Board of Directors or any individual director seeking the payment of a dividend or the making of other distributions by the Corporation.

**4.      *Nonvoting Equity Securities. Notwithstanding anything to the contrary in this Certificate of Incorporation, the Corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)). The prohibition on the issuance of nonvoting equity securities is included in this Amended and Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)). This Section 4 may be amended or eliminated in accordance with applicable law from time to time in effect.***

## ARTICLE 5: BOARD OF DIRECTORS

1.      *Number and Classes*. The Board of Directors of the Corporation shall consist of six directors and such directors shall be divided into two classes. One class shall consist of five directors (the "Class A Directors") and only holders of Class A Common Stock shall be entitled to vote for the election or removal of Class A Directors. The second class of directors shall consist of one director (the "Class B Director") and only holders of Class B Common Stock shall be entitled to vote for the election or removal of the Class B Director.

2.      *Vacancies*. Any vacancies on the Board of Directors among the Class A Directors resulting from death, resignation, retirement, disqualification, removal from office or other cause shall be filled by a majority vote of the remaining Class A Directors then in office, or if there shall be no Class A Directors remaining, by vote of the holders of Class A Common Stock at the next annual or special stockholders meeting. Any vacancy on the Board of Directors of the Class B Director resulting from death, resignation, retirement, disqualification, removal from office or other cause shall be filled by vote of the holders of Class B Common Stock at the next annual or special stockholders meeting.

2

**ARTICLE 6: REDEMPTION OF STOCK**

1.      *Limitation on Redemption of Class A Common Stock*. So long as Class B Common Stock is issued and outstanding, the Corporation shall not redeem or acquire any issued and outstanding Class A Common Stock.

2.      *Redemption of Class B Common Stock by Corporation*. The Corporation may redeem shares of Class B Common Stock, in whole or in part, at any time or from time to time on or after March 31, 2004 for cash or other immediately available funds, at a price per share (the "Redemption Price")equal to 1.05 times the Redemption Value (hereafter defined) to the extent that the Corporation shall have funds legally available for such payment. From and after the date fixed for redemption, such shares of Class B Common Stock will no longer be outstanding and all rights in respect of such shares of Class B Common Stock shall cease, except the right to receive the Redemption Price. If less than all of the outstanding shares of Class B Common Stock are to be redeemed, (a) the Corporation shall redeem a portion of the shares of Class B Common Stock of each holder pro rata based on the number of shares of Class B Common Stock held by each holder; (b) if the portion to be redeemed from any holder shall include a fraction of a share that cannot be expressed in tenths of a share, such fraction shall be rounded down to the nearest tenth of a share; and (c) the Corporation shall execute and deliver to each such holder a new certificate for the unredeemed shares of Class B Common Stock.

3.      *Notice of Redemption by Corporation*. Notice of redemption must be given to the holders of Class B Common Stock at the addresses shown on the books of the Corporation not less than thirty (30) days nor more than sixty (60) days prior to the redemption date. Each such notice shall state: (i) the redemption date; (ii) the total number of shares of Class B Common Stock to be redeemed and, if fewer than all of the issued and outstanding shares of Class B Common Stock are to be redeemed, the number of such shares of Class B Common Stock to be redeemed from each holder; (iii) the Redemption Price per share; and (iv) the place or places where certificates for such shares of Class B Common Stock are to be surrendered for payment of the Redemption Price. Upon surrender of the certificate for any shares of Class B Common Stock so called for redemption (properly endorsed or assigned for transfer, if the Board shall so require and the notice shall so state), such shares shall be redeemed by the Corporation on the redemption date.

4.      *Redemption of Class B Common Stock Upon Request of Holders*. By written request to the Corporation, holders of shares of Class B Common Stock may cause the Corporation to redeem such shares, in whole or in part, at any time or from time to time on or after March 31, 2006 for cash or other immediately available funds, at a price per share equal to the Redemption Value, to the extent that the Corporation shall have funds legally available for such payment. Such written request must be given by such holder to the Corporation not less than thirty (30) days nor more than sixty (60) days prior to the redemption date. Each such request shall state the redemption date and the total number of shares of Class B Common Stock to be redeemed. Upon receipt of such written request, the Corporation shall notify said holder, not more than fifteen (15) days thereafter, of the Redemption Value and the place or places where certificates for such shares of Class B Common Stock are to be surrendered for payment of the Redemption Value. Upon surrender of the certificate for any shares of Class B Common Stock so requested for redemption (properly endorsed or assigned for transfer, if the Board shall

3

so require and the notice shall so state), such shares shall be redeemed by the Corporation on the redemption date. From and after the date fixed for redemption, such shares of Class B Common Stock will no longer be deemed to be outstanding and all rights in respect of such shares of Class B Common Stock shall cease, except the right to receive the Redemption Value.

5.      *Redemption Value*. The "Redemption Value" shall be equal to 10% of the Net Worth (hereafter defined) of the Corporation, determined from the balance sheet of the Corporation (the "Redemption Balance Sheet") as of the last day of the calendar month immediately preceding the month in which the notice of redemption is sent or received by the Corporation (the "Balance Sheet Date"), divided by the total number of shares of Class B Common Stock of the Corporation outstanding on the Balance Sheet Date; provided, however, that in no event shall the Redemption Value be less than $1.00 per share nor exceed $2,125.00 per share.

6.      *Calculation of Net Worth*. The term "Net Worth" shall mean the sum of all items included in determining total assets as shown on the asset side of the Redemption Balance Sheet, less the sum of all items included in determining total liabilities as shown on the liability side of the Redemption Balance Sheet, except that no current or deferred tax asset or liability shall be included in the computation of Net Worth, and subject to the provisions for determining Net Worth set forth in the Bylaws of the Corporation.

7.      *Objection to Calculation of Net Worth*. Prior to the redemption date, any holder of Class B Common Stock whose shares are being redeemed shall have reasonable access at reasonable times to the books and records of the Corporation relating to the preparation of the Redemption Balance Sheet. If prior to the redemption date holders of a majority of all then outstanding shares of Class B Common Stock send to the Corporation written objection to the value of the assets or liabilities set forth in the Redemption Balance Sheet, then (i) the Net Worth will be determined by an arbitrator either agreed to in writing by the holders of a majority of all then outstanding shares of Class B Common Stock and the Corporation, or, in the absence of such agreement, selected by lot from among the five largest nationally recognized accounting firms at that time (excluding, however, any firm which is then the regular outside accounting firm of the Corporation or any holder of a majority of all then outstanding Class B Common Stock), and (ii) the redemption date shall be delayed until the tenth (10th) business day after the arbitrator sends its determination of Net Worth to the Corporation and each holder of Class B Common Stock. The arbitrator's determination of Net Worth shall be binding on the Corporation and the holders of the Class B Common Stock. The holders of the Class B Common Stock shall pay the cost of such arbitrator unless the arbitrator's determination of Net Worth exceeds by more than five percent (5%) the Corporation's determination of Net Worth, in which event the Corporation shall pay the cost of such arbitrator.

## ARTICLE 7: DISSOLUTION, LIQUIDATION, WINDING UP

1.      *Dissolution, liquidation, winding up*. In the event of a voluntary or involuntary liquidation, dissolution, or winding up of the Corporation ("Dissolution"), (a) the holders of Class B Common Stock shall be entitled to receive out of the assets of the Corporation, whether those assets are capital or surplus of any nature, an amount per share equal to the lesser of (i) 10% of the amount of the total payment or distribution to the holders of Common Stock divided

4

by the total number of shares of Class B Common Stock outstanding on the date of Dissolution, or (ii) the Redemption Value per share, as determined in accordance with Article 5 (except that for such purpose Balance Sheet Date shall be taken to mean the last day of the calendar month immediately preceding the month in which Dissolution is approved by all required corporate action), provided, however, that in no event shall such amount be less than $1.00 per share nor exceed $2,125.00 per share; and (b) the holders of Class A Common Stock shall be entitled to receive, ratably, all remaining assets of the Corporation.

2.    *Consolidation or Merger not Dissolution*. Neither the consolidation or merger of the Corporation, nor the lease or conveyance of all or substantially all of its assets, shall be deemed a Dissolution of the Corporation for purposes of this Certificate of Incorporation.

## ARTICLE 8: DURATION

The Corporation shall have perpetual existence.

## ARTICLE 9: BOARD MAY AMEND BYLAWS

In furtherance and not in limitation of the powers conferred by statute, the Board of Directors of the Corporation is expressly authorized to make, alter, amend or repeal the Bylaws of the Corporation.

## ARTICLE 10: LIMITATION OF DIRECTORS' LIABILITY

A director of the Corporation shall not be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the DGCL, or (iv) for any transaction from which the director derived an improper personal benefit.

## ARTICLE 11: INDEMNIFICATION

1.    Each person who was or is made a party or is threatened to be made a party or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "proceeding"), by reason of the fact that he or she, or a person of whom he or she is the legal representative, is or was a director or officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to employee benefit plans, whether the basis of such proceeding is alleged action in an official capacity as a director, officer, employee or agent or in any other capacity while serving as a director, officer, employee or agent, shall be indemnified and held harmless by the Corporation to the fullest extent authorized by the DGCL, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than said law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, excise taxes or penalties and amounts paid or to be paid in settlement) reasonably incurred or suffered by such person in connection therewith and such indemnification shall continue as to

5

a person who has ceased to be a director, officer, employee or agent and shall inure to the benefit of his or her heirs, executors and administrators: provided, however, that, except as provided in Section 2 of this Article, the Corporation shall indemnify any such person seeking indemnification in connection with a proceeding (or part thereof) initiated by such person only if such proceeding (or part thereof) was authorized by the Board of Directors of the Corporation. The right to indemnification conferred in this Section shall be a contract right and shall include the right to be paid by the Corporation the expenses incurred in defending any such proceeding in advance of its final disposition; provided, however, that, if the DGCL requires, the payment of such expenses incurred by a director or officer in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such person while a director or officer, including, without limitation, service to an employee benefit plan) in advance of the final disposition of a proceeding, shall be made only upon delivery to the Corporation of an undertaking, by or on behalf of such director or officer, to repay all amounts so advanced if it shall ultimately be determined that such director or officer is not entitled to be indemnified under this Section or otherwise. The Corporation may, by action of its Board of Directors, provide indemnification to employees and agents of the Corporation with the same scope and effect as the foregoing indemnification of directors and officers.

2.      If a claim under Section 1 of this Article is not paid in full by the Corporation within 30 days after a written claim has been received by the Corporation, the claimant may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim and, if successful in whole or in part, the claimant shall be entitled to be paid also the expense of prosecuting such claim. It shall be a defense to any such action (other than an action brought to enforce a claim for expenses incurred in defending any proceeding in advance of its final disposition where the required undertaking, if any is required, has been tendered to the Corporation) that the claimant has not met the standards of conduct which make it permissible under the DGCL for the Corporation to indemnify the claimant for the amount claimed, but the burden of proving such defense shall be on the Corporation. Neither the failure of the Corporation (including its Board of Directors, independent legal counsel, or its stockholders) to have made a determination prior to the commencement of such action that indemnification of the claimant is proper in the circumstances because he or she has met the applicable standard of conduct set forth in the DGCL, nor an actual determination by the Corporation (including its Board of Directors, independent legal counsel, or its stockholders) that the claimant has not met such applicable standard of conduct, shall be a defense to the action or create a presumption that the claimant has not met the applicable standard of conduct.

3.      The right to indemnification and the payment of expenses incurred in defending a proceeding in advance of its final disposition conferred in this Section shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, provision of the Certificate of Incorporation of the Corporation, bylaw, agreement, vote of stockholders or disinterested directors or otherwise.

4.      To the extent available on commercially reasonable terms, the Corporation shall maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any such expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the DGCL.

6

**ARTICLE 12: SUPERMAJORITY FOR AMENDMENT**

No amendment of this Certificate of Incorporation requiring a vote of the stockholders under the DGCL shall be effective unless approved by holders of seventy-five percent (75%) of the Class A Common Stock then issued and outstanding and holders of seventy-five percent (75%) of the Class B Common Stock then issued and outstanding.

**IN WITNESS WHEREOF**, the undersigned has signed this Amended and Restated Certificate of Incorporation on this _____ day of _____, _____.

**REMEDIUM GROUP, INC.**

By: _____

Name:

Title:

KE 27788434

**Restated Certificate of Incorporation**

**of**

**W. R. GRACE CAPITAL CORPORATION**

**Under Section 807 of the Business Corporation Law**

_____

FIRST: The name of the corporation is W. R. GRACE CAPITAL CORPORATION.

SECOND: The certificate of incorporation of the corporation was filed by the Department of State on June 10, 1976.

THIRD: The certificate of incorporation, as heretofore amended, is hereby further amended or changed to effect the following amendments or changes authorized by the Business Corporation Law:

1.    To enlarge the purposes of the corporation;

2.    To change the location of the office of the corporation within the State of New York from the County of New York to the County of Albany;

3.    To change the name and post office address to which the Secretary of State shall mail a copy of any process against the corporation served upon him;

4.    To add provisions respecting indemnification and liability of directors;

5.    To eliminate the provision specifying the corporation's tax year;

6.    To add a provision prohibiting the issuance of nonvoting equity securities;

and the text of the certificate of incorporation is thereby restated as amended or changed to read as set forth in full as attached hereto.

FOURTH: The restatement of the certificate of incorporation of the corporation herein provided for was authorized as follows:

The corporation and certain of the corporation's affiliates filed a joint plan of reorganization (the "Plan") in *In re W. R. Grace & Co. et al.,* in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 01-01139 (JKF), which, pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), was confirmed, as modified, by an order, entered January 31, 2011, of the Court, a court having jurisdiction of a proceeding under the Bankruptcy Code (the "Order"), and such order provides for the making and filing of this amendment and restatement of the certificate of incorporation.

KE 27788611

The Board of Directors of the corporation duly adopted resolutions, as authorized by the Order, to put into effect and carry out the Plan by amending and restating the certificate of incorporation of the corporation.

IN WITNESS WHEREOF, we have made and signed this certificate this day of _____, \_\_\_\_\_, and we affirm the statements contained therein as true under penalties of perjury.

_____
Name:
Title:

<u>Attachment to Restated Certificate of Incorporation</u>
<u>of W. R. Grace Capital Corporation</u>

**Restated Certificate of Incorporation**

**of**

**W. R. GRACE CAPITAL CORPORATION**

**Under Section 807 of the Business Corporation Law**

_____

FIRST:        The name of the corporation is W. R. GRACE CAPITAL CORPORATION.

SECOND:        The purpose of the corporation is to engage in any lawful act or activity for which corporations may be organized under the Business Corporation Law; provided that it is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained.

THIRD:        The county within the State of New York in which the office of the corporation is to be located is Albany County.

FOURTH:        A.        The aggregate number of shares which the corporation shall have authority to issue is one thousand (1,000) of the par value of twenty dollars ($20.00) each.

*B.        Notwithstanding anything to the contrary in this mended and restated certificate of incorporation, the corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)). The prohibition on the issuance of nonvoting equity securities is included in this amended and restated certificate of incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)). This section B. may be amended or eliminated in accordance with applicable law from time to time in effect.*

FIFTH:        The Secretary of State is designated as the agent of the corporation upon whom process against the corporation may be served. The post office address to which the Secretary of State shall mail a copy of any process against the corporation served upon him is: c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

SIXTH:        The name and the address within the State of New York of the registered agent of the corporation are as follows: Corporation Service Company, 80 State Street, Albany, New York 12207. Said registered agent is to be the agent of the corporation upon whom or upon which process against the corporation may be served.

SEVENTH:        The corporation shall, to the fullest extent permitted by Article 7 of the Business Corporation Law, as the same may be amended and supplemented, indemnify any

3

KE 27788611

and all persons whom it shall have power to indemnify under said Article from and against any and all of the expenses, liabilities, or other matters referred to in or covered by said Article, and the indemnification provided for herein shall not be deemed exclusive of any other rights to which any person may be entitled under any By-Law, resolution of shareholders, resolution of directors, agreement, or otherwise, as permitted by said Article, as to action in any capacity in which he served at the request of the corporation.

        EIGHTH:      The personal liability of the directors of the corporation is eliminated to the fullest extent permitted by the provisions of paragraph (b) of Section 402 of the Business Corporation Law, as the same may be amended and supplemented.

FORM **BCA 10.30R** (rev. Dec. 2003)
**ARTICLES OF AMENDMENT**
**RESTATED ARTICLES**
**OF INCORPORATION**
Business Corporation Act

Jesse White, Secretary of State
Department of Business Services
Springfield, IL 62756
Telephone (217) 782-1832
http://www.cyberdriveillinois.com

Remit payment in the form of a
check or money order payable
to the Secretary of State.

_____ File # _____ Filing Fee: $150.00 Approved: _____
Submit in duplicate _____ Type or Print clearly in black ink _____ Do not write above this
line_____

1.      CORPORATE NAME: <u>GRACE CHEMICAL COMPANY OF CUBA</u>

                                                                                            (Note 1)

2.      MANNER OF ADOPTION OF AMENDMENT:

        The following amendment of the Articles of Incorporation was adopted on _____,

                                                                                    (Month & Day)

        _____ in the manner indicated below. ( "X" one box only)
        (Year)

☐       By a majority of the incorporators, provided no directors were named in the articles of
        incorporation and no directors have been elected;

                                                                                            (Note 2)

☐       By a majority of the board of directors, in accordance with Section 10.10, the corporation having
        issued no shares as of the time of adoption of this amendment;

                                                                                            (Note 2)

☐       By a majority of the board of directors, in accordance with Section 10.15, shares having been
        issued but shareholder action not being required for the adoption of the amendment;

                                                                                            (Note 3)

☐       By the shareholders, in accordance with Section 10.20, a resolution of the board of directors
        having been duly adopted and submitted to the shareholders. At a meeting of shareholders, not
        less than the minimum number of votes required by statute and by the articles of incorporation
        were voted in favor of the amendment;

                                                                                            (Note 4)

☐       By the shareholders, in accordance with Sections 10.20 and 7.10, a resolution of the board of
        directors having been duly adopted and submitted to the shareholders. A consent in writing has
        been signed by shareholders having not less than the minimum number of votes required by
        statute and by the articles of incorporation. Shareholders who have not consented in writing have
        been given notice in accordance with Section 7.10;

                                                                                            (Notes 4 & 5)

☐       By the shareholders, in accordance with Sections 10.20 and 7.10, a resolution of the board of
        directors having been duly adopted and submitted to the shareholders. A consent in writing has
        been signed by all the shareholders entitled to vote on this amendment.

                                                                                            (Note 5)

3(a) List all provisions of the restated articles of incorporation that amend the existing articles of incorporation:

Recital of authorization of amendment and restatement by U.S. Bankruptcy Court for the District of Delaware. Articles 3, 6, 7, 8, and 9 deleted.

Article 3 (formerly Article 4): revision of purpose of the Corporation Article 4 (formerly Article 5): minor language changes, and addition of 4(B) prohibiting issuance of nonvoting equity securities.

Page 2

3(b) Text of the Restated Articles of Incorporation:          (Note 6)
(Attach additional pages if extra space is needed.)

REFER TO EXHIBIT A

KE 27788896

<u>Exhibit A to Form BCA 10.30R</u>

**AMENDED AND RESTATED**
ARTICLES OF INCORPORATION
OF
<u>GRACE CHEMICAL COMPANY OF CUBA</u>

The Corporation and certain of the Corporation's affiliates filed a joint plan of reorganization (the "Plan") which, pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), was confirmed, as modified, by an order, entered ⸺January 31, 2011, of the United States Bankruptcy Court for the District of Delaware, a court having jurisdiction of a proceeding under the Bankruptcy Code (the "Order"), and such order provides for the making and filing of this Amended and Restated Certificate of Incorporation.

The Board of Directors of the Corporation duly adopted resolutions, as authorized by the Order, to put into effect and carry out the Plan by amending and restating the Certificate of Incorporation in its entirety to read as follows:

ARTICLE ONE

The name of the corporation (the "Corporation") is GRACE CHEMICAL COMPANY OF CUBA.

The Corporation was initially incorporated on December 1, 1953 as Can Chemical Company. Two subsequent Articles of Amendment to the Articles of Incorporation were filed: (a) September 28, 1954, changing the name of the Corporation to Dearborn Chemical Company of Cuba; and (b) March 17, 1976, changing the name of the Corporation to Grace Chemical Company of Cuba.

ARTICLE TWO

The address of the Corporation's registered office in the State of Illinois is 33 North LaSalle Street, Chicago, Illinois 60602, and the name of its Registered Agent at said address is The Prentice-Hall Corporation System, Inc.

ARTICLE THREE

The purpose of the Corporation is the transaction of any or all lawful business for which corporations may be incorporated under the Illinois Business Corporation Act.

ARTICLE FOUR

A.      The aggregate number of shares which the Corporation is authorized to issue is 5,000 shares of one class consisting of common stock without par value.

B.      Notwithstanding anything to the contrary in these Amended and Restated Articles of Incorporation, the Corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)). The prohibition on the issuance of nonvoting equity securities is included in this Amended and Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)). This Article Four (B) may be amended or eliminated in accordance with applicable law from time to time in effect.

ARTICLE FIVE

As of the date of filing of these Articles of Restatement, the number of shares of common stock issued is [1,500], and the amount of paid-in capital is $

ARTICLE SIX

The incorporators of the Corporation and their addresses as set forth in the original Articles of Incorporation are as follows:

| Name | Address |
|---|---|
| Dean A. Esling | 72 West Adams Street, Chicago 3, Illinois |
| Walter J. Hartmann | 72 West Adams Street, Chicago 3, Illinois |
| Marshall G. Sampsell | 72 West Adams Street, Chicago 3, Illinois |

KE 27788896

4.  The manner, if not set forth in Article 3b, in which any exchange, reclassification or cancellation of issued shares, or a reduction of the number of authorized shares of any class below the number of issued shares of that class, provided for or effected by this amendment, is as follows: *(If not applicable, insert "No change")*

No Change

5.  (a) The manner, if not set forth in Article 3b, in which said amendment effects a change in the amount of paid-in capital (Paid-in capital replaces the terms Stated Capital and Paid-in Surplus and is equal to the total of these accounts) is as follows: *(If not applicable, insert "No change")*

No Change

(b) The amount of paid-in capital (Paid-in Capital replaces the terms Stated Capital and Paid-in Surplus and is equal to the total of these accounts) as changed by this amendment is as follows: *(If not applicable, insert "No change")* (Note 7)

| | Before Amendment | After Amendment |
|---|---|---|
| Paid-in Capital | $_____ | $      No Change |

**(Complete either Item 6 or 7 below. All signatures must be in <u>BLACK INK</u>.)**

6.  The undersigned corporation has caused these articles to be signed by a duly authorized officer who affirms, under penalties of perjury, that the facts stated herein are true.

Dated   GRACE CHEMICAL COMPANY OF CUBA

*(Month & Day)   (Year)   (Exact Name of Corporation at date of execution)*

*(Any Authorized Officer's Signature)*

*(Type or Print Name and Title)*

7.  If amendment is authorized pursuant to Section 10.10 by the incorporators, the incorporators must sign below, and type or print name and title.

OR

If amendment is authorized by the directors pursuant to Section 10.10 and there are no officers, then a majority of the directors or such directors as may be designated by the board, must sign below, and type or print name and title.

The undersigned affirms, under the penalties of perjury, that the facts stated herein are true.

Dated _____, _____
       *(Month & Day)*     *(Year)*

_____    _____
_____    _____
_____    _____
_____    _____

## NOTES and INSTRUCTIONS

NOTE 1:    State the true exact corporate name as it appears on the records of the office of the Secretary of State, BEFORE any amendments herein reported.

NOTE 2:    Incorporators are permitted to adopt amendments ONLY before any shares have been issued and before any directors have been named or elected.

(§ 10.10)

NOTE 3:    Directors may, without shareholder approval, vote only to restate the articles of incorporation as amended.

(§ 10.15(g))

NOTE 4:    All amendments not adopted under § 10.10 or § 10.15 require (1) that the board of directors adopt a resolution setting forth the proposed amendment and (2) that the shareholders approve the amendment.

Shareholder approval may be (1) by vote at a shareholders' meeting *(either annual or special)* or (2) by consent, in writing, without a meeting.

To be adopted, the amendment must receive the affirmative vote or consent of the holders of at least 2/3 of the outstanding shares entitled to vote on the amendment *(but if class voting applies, then also at least a 2/3 vote within each class is required).*

The articles of incorporation may supersede the 2/3 vote requirement by specifying any smaller or larger vote requirement not less than a majority of the outstanding shares entitled to vote and not less than a majority within each class when class voting applies.

(§ 10.20)

NOTE 5:    When shareholder approval is by consent, all shareholders must be given notice of the proposed amendment at least 5 days before the consent is signed. If the amendment is adopted, shareholders who have not signed the consent must be promptly notified of the passage of the amendment.

(§§ 7.10 & 10.20)

NOTE 6:    The text of the restated articles of incorporation must set forth the following:

(i)    the date of incorporation, the name under which the corporation was incorporated, subsequent names, if any, that the corporation adopted pursuant to amendment of its articles of incorporation, and the effective date of any such amendments;

(ii)    the address of the registered office and the name of the registered agent on the date of filing the restated articles; and

(iii)    the number of shares of each class issued on the date of filing the restated articles and the amount of paid-in capital as of such date.

If the registered agent and/or registered office have changed, it will be necessary to accompany this document with form BCA 5.10.

If the number of issued shares and/or paid-in capital have changed, it will be necessary to accompany this document with form BCA 14.30.

NOTE 7:    If the paid-in capital is increased due to the provisions of the restatement, the corporation must pay all applicable franchise taxes, penalties and interest before this document can be accepted for filing.

KE 27788896

C-100A Rev. 3/96 -- cont'd
Part 2

New Jersey Division of Revenue
**Restated Certificate of Incorporation**

*of*

GLOUCESTER NEW COMMUNITIES COMPANY, INC.

To: Treasurer, State of New Jersey

Pursuant to the provisions of Section 14A:9-5, Corporations, General, of the New Jersey Statutes, the undersigned corporation hereby executes the following Restated Certificate of Incorporation:

1. Name of Corporation: GLOUCESTER NEW COMMUNITIES COMPANY, INC.

2. The purpose(s) for which the corporation is organized is (are): to engage in any activities within the purposes for which corporations may be organized under the New Jersey Business Corporation Act.

(Use the following if the shares are to consist of one class only.)
3. The aggregate number of shares which the corporation shall have authority to issue is 2,500 itemized

(Use the following if the shares are divided into classes, or into classes and series.)
4. The aggregate number of shares which the corporation shall have authority to issue is by classes, par value of shares, shares without par value, and series, if any, within a class is:

| Class | Series (if any) | Number Shares | Par value per share or statement that shares are without par value |
|---|---|---|---|
| Common | N/A | 100 | Shares are without par value |

The relative rights, preferences and limitations of the shares of each class and series (if any), are as follows:

(If, the shares are, or are to be divided into classes, or into classes and series, insert a statement of any authority vested in the board of directors to divide the shares into classes or series, or both, and to determine or change for any class or series its designation, number or shares, relative rights, preferences and limitations.)

5. The address of the corporation's current registered office is: (Include zip code) 830 Bear Tavern Road, West Trenton, New Jersey 08628 and the name of its current registered agent at such address is: The Prentice-Hall Corporation Service, Inc Company.

6. The number of directors constituting the current board of directors is:
The names and addresses of the directors are as follows:

| **Names** | **Address (including zip code)** |
|---|---|
| Alfred E. Festa | 7500 Grace Drive, Columbia, Maryland 21044 |

KE 27789355

| Names | Address (including zip code) |
|---|---|
| Hudson La Force III | 7500 Grace Drive, Columbia, Maryland 21044 |
| W. Brian McGowanMark A. Shelnitz | 7500 Grace Drive, Columbia, Maryland 21044 |

7.    The duration of the corporation, if other than perpetual, is:

8.    Other Provisions:

Signature:                                    Date:

Name: W. Brian McGowanMark A.          Title: Vice President and General Counsel
Shelnitz                                      (Must be Chair. of Board, Pres., or Vice Pres.)

NJ Division of Revenue, PO Box 308, Trenton NJ 08646

2

[Signature Page for Amended Certificate of Incorporation - Gloucester]

KE 27789355

C-100A Rev. 3/96 -- con't
Part 2

## Certificate Required to be filed with the
## RESTATED CERTIFICATE of INCORPORATION
### *(For Use by Domestic Corporations)*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pursuant to N.J.S.A.14A:9-5 (5), the undersigned corporation hereby executes the following certificate:

1.      Name of Corporation: GLOUCESTER NEW COMMUNITIES COMPANY, INC.

2.      Restated Certificate of Incorporation was adopted on the        day of                , 20   .

(Use the following clause if the Restated Certificate was adopted by the shareholders.)
3.      At the time of the adoption of the Restated Certificate of Incorporation, the number of shares outstanding was: The total of such shares entitled to vote thereon, and the vote of such shares was:

| Total Number of Shares | Number of Shares Voted | |
|---|---|---|
| Entitled to Vote | For | Against |

At the time of adoption of the Restated Certificate of Incorporation, the number of outstanding shares or each class or series entitled to vote thereon as a class and the vote of such shares, was: (if inapplicable, insert none".)

| Class or | Total Number of Shares | Number of Shares Voted | |
|---|---|---|---|
| Series | Entitled to Vote | For | Against |

(Use the following if the Restated Certificate does not amend the Certificate of Incorporation.)
4.      This Restated Certificate of Incorporation only restates and integrates and does not further amend the provisions of the Certificate of Incorporation of this corporation as heretofore amended or supplemented and there is no discrepancy between those provisions and the provisions of this Restated Certificate of Incorporation.

(Use the following if the Restated Certificate further amends the Certificate of Incorporation.)
5.      This Restated Certificate of Incorporation restates and integrates and further amends the Certificate of Incorporation of this corporation by: (insert amendment or amendments adopted. If such amendment is intended to provide for an exchange, reclassification or cancellation of issued shares, insert a statement of the manner in which the same shall be affected.)

incorporating the provisions provided in the attached Exhibit A

6.      Other Provisions:

KE 27789355

C-100A Rev. 3/96 -- con't
Part 2

Signature: _____    Date: _____

Name: W. Brian McGowanMark A.        Title: Vice President and General Counsel
Shelnitz                              (Must be Chair. of Board, Pres., or Vice Pres.)

NJ Division of Revenue, PO Box 308, Trenton NJ 08646

_____[Signature Page for Amended Certificate of Incorporation - Gloucester]

KE 27789355

**Exhibit A**

A.   The corporation and certain of the corporation's affiliates filed a joint plan of reorganization (the "Plan") which, pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), was confirmed, as modified, by an order, entered _____,January 31, 2011, of the United States Bankruptcy Court for the District of Delaware, a court having jurisdiction of a proceeding under the Bankruptcy Code (the "Order"), and such order provides for the making and filing of these Amended and Restated Articles of Organization.

The Board of Directors of the corporation duly adopted resolutions, as authorized by the Order, to put into effect and carry out the Plan by amending and restating the Certificate of Incorporation in its entirety.

B.   Notwithstanding anything to the contrary in this Amended and Restated Certificate of Incorporation, the corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)). The prohibition on the issuance of nonvoting equity securities is included in this Amended and Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)). This paragraph may be amended or eliminated in accordance with applicable law from time to time in effect.

Rev 2/15/06

## Instructions for Form C-100A
## RESTATED CERTIFICATE - PROFIT CORPORATIONS
### (Title 14A)

These forms may be used as templates when restating the Articles of the Certificate of Incorporation. Both the Restated Certificate of Incorporation *AND* the Certificate Required to be filed with the Restated Certificate of Incorporation must be submitted.

STATUTORY FEE: $75 The MANDATORY fields are:

### *Heading*
List the name as it appears on the records of the State Treasurer. If changing the corporation name, indicate the old name.

### *Field #1 -- Business Name*
List the name as it appears on the records of the State Treasurer. If changing the corporation name, indicate the new name.

### *Field # 2 -- Purpose*
List the purpose of the corporation (brief descriptive statement regarding the type of business that the corporation is conducting).

### *Field # 3 & 4 -- Shares*
List the number of shares the corporation is either authorized to issue (single class, par or no par), OR that are outstanding by class/series (par or no par), with a description the rights privileges and limitations of each class/series.

### *Field # 5 -- Registered Agent And Office*
Enter the current agent -- the agent may be an individual or corporation duly registered and in good standing with the Treasurer. Provide a New Jersey street address. A PO box may be used only if the street address is listed as well.

### *Field #6 -- Management*
List the total number of directors (minimum of 1) **and** the name and street address of each.

### *Field #7 --Duration*
Enter the period of time that the corporation is to exist. The words "Perpetual," "Unlimited," or "Forever" are acceptable.

### *Field # 8 -- Other Provisions (as needed)*
Specify other information such as the effective date if it is other than the filing date. The effective date cannot be before the filing date nor can it be more than 90 days after the filing date.

### *EXECUTION (Signature/Date)*
Have the chairman, president or vice-president sign. Also, list the date of execution (signature).

Inst. Form C-100A
Page 2

### ATTACHMENT - *(REQUIRED)*

Attach a fully executed Certificate Required to be filed with the Restated Certificate of Incorporation that includes:

### Field # 1 Business Name

List the name as it appears on the records of the Treasurer.

### Field # 2 -- Date of Adoption

List the date the restated certificate was adopted. If changing the corporation name, indicate the new name.

### Field # 3 -- Voting

Indicate the number of shares outstanding and the number of shares entitled to vote on the merger or consolidation. List any class or series of shares entitled to vote (designation and number, and votes for/against).

### Field # 4 & 5 -- Intent

Note whether the corporation's intent is to **restate/integrate only** or to **restate, integrate and amend.** If the latter applies, specify the amendment. If the amendment involves a name change, then name availability provisions apply.

\*\*The name must be distinguishable from other names on the State Treasurer's database. The Division of Revenue will check the proposed name for availability as part of the filing review process. If desired, you can reserve/register a name prior to submitting your filing by obtaining a reservation/registration. For information on name availability, reservation/registration services and fees, visit the Division's WEB site at http://www.state.nj.us/treasury/revenue/certcomm.htm or call (609) 292-9292 Monday-Friday, 8:30 a.m. - 4:30 p.m. When calling, Select Option 2 for Other Services, Option 3 for Service Representative, then Option 9 for General Assistance.

### Field #6 -- Other Provisions *(as* **needed)**

Specify other information such as the effective date if it is other than the filing date. The effective date cannot be before the filing date nor can it be more than 90 days after the filing date.

### EXECUTION *(Signature/Date)*

Have the chairman, president or vice-president of sign. Also, list the date of execution (signature).

* * * * * * * * * *

These documents should be filed in duplicate. Non-profits should file in triplicate. Make checks payable to: TREASURER, STATE OF NEW JERSEY. (No cash, please)

Mail to: NJ Division of Revenue, PO Box 308, Trenton, NJ 08646 FAX File: 609.984.6851 (Fax Filing is an optional expedited service subject to processing fees that are in addition to those stated above. For FAX Filing information , visit http://www.state.nj.us/treasury/revenue/dcriprograms/ffs.html. )

KE 27789355

ARTICLES OF RESTATEMENT
OF
<u>KOOTENAI DEVELOPMENT COMPANY</u>

To the Secretary of
State State of Montana

Pursuant to the provisions of 35-1-231 of the Montana Code Annotated, Kootenai Development Company (the "Corporation"), a Montana corporation, hereby certifies that:

FIRST:        The name of the Corporation is KOOTENAI DEVELOPMENT COMPANY.

SECOND:        The Corporation wishes to amend and restate its Articles of Incorporation as currently in effect.

THIRD:        Attached hereto is the text of the Restated Articles of Incorporation.

FOURTH:        (a) The Corporation and certain of the Corporation's affiliates filed a joint plan of reorganization (the "Plan") which, pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), was confirmed, as modified, by an order, entered ~~_____~~ January 31, 2011, of the United States Bankruptcy Court for the District of Delaware, a court having jurisdiction of a proceeding under the Bankruptcy Code (the "Order"), and such order provides for the making and filing of these Amended and Restated Articles of Incorporation.

(b)        On _____, the Board of Directors of the Corporation duly adopted resolutions, as authorized by the Order, to put into effect and carry out the Plan by amending and restating the Certificate of Incorporation.

IN WITNESS WHEREOF, the Corporation has executed these Articles of Restatement on _____.

KOOTENAI DEVELOPMENT
COMPANY

By:_____
Name:
Title:

1

Attachment to Kootenai Development Company
Articles of Restatement

RESTATED ARTICLES OF INCORPORATION
OF
KOOTENAI DEVELOPMENT COMPANY

FIRST:        The name of the Corporation is KOOTENAI DEVELOPMENT COMPANY.

SECOND:        The period of its duration is perpetual.

THIRD:        The purpose for which the Corporation is organized is to transact all lawful business for which corporations may be incorporated under the Montana Business Corporation Act.

FOURTH:        A.        The aggregate number of shares which the Corporation shall have authority to issue is 500 common shares of no par value per share.

*B.        Notwithstanding anything to the contrary in these Restated Articles of Incorporation, the Corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)). The prohibition on the issuance of nonvoting equity securities is included in these Restated Articles of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)). This section B. may be amended or eliminated in accordance with applicable law from time to time in effect.*

FIFTH:        The street address of the registered office of the Corporation is 26 West Sixth Street, P.O. Box 1691, Helena, Montana 59624-1691. The registered agent at such address is Corporation Service Company. The mailing address of the Corporation shall be 7500 Grace Drive, Columbia, Maryland 21044.

SIXTH:        The name and address of the incorporator as set forth in the original Articles of Incorporation is:

Mark G. Owens
1673 Highway 37
P.O. Box 1055
Libby, Montana 59923

SEVENTH:        No contract or other transaction between the Corporation and any other corporation shall be affected or invalidated by the fact that one or more of the Directors of the Corporation is, or are, interested in, or is a director or officer, or are directors or officers, of such other corporation, and each and every person who may become a director of the Corporation is hereby relieved from any liabilities that might otherwise exist from contracting with the Corporation for the benefit of any corporation in which he may be in any way interested.

2

**AMENDED AND RESTATED**
**CERTIFICATE OF INCORPORATION**
**OF**
**DAREX PUERTO RICO, INC.**

*Adopted in accordance with the provisions*
*of §303, §242 and §245 of the*
*General Corporation Law of the State of Delaware*

\* \* \* \* \* \* \*

Darex Puerto Rico, Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

The name of the Corporation is "Darex Puerto Rico, Inc."

The original Certificate of Incorporation was filed with the Secretary of State of Delaware on August 1, 1968, under the name Hatco Puerto Rico, Inc.

The Corporation and certain of the Corporation's affiliates filed a joint plan of reorganization (the "Plan") which, pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), was confirmed, as modified, by an order, entered January 31, 2011, of the United States Bankruptcy Court for the District of Delaware, a court having jurisdiction of a proceeding under the Bankruptcy Code (the "Order"), and such order provides for the making and filing of this Amended and Restated Certificate of Incorporation.

The Board of Directors of the Corporation duly adopted resolutions in accordance with Section 303, Section 242 and Section 245 of the General Corporation Law of the State of Delaware (the "GCL"), as authorized by the Order, to put into effect and carry out the Plan by amending and restating the Certificate of Incorporation in its entirety to read as follows:

ARTICLE I

The name of the Corporation is Darex Puerto Rico, Inc.

ARTICLE II

The address, including street, number, city, and county, of the registered office of the Corporation in the State of Delaware is 2711 Centerville Road, Suite 400, City of Wilmington 19808, County of New Castle; and the name of the registered agent of the corporation in the State of Delaware at such address is Corporation Service Company.

ARTICLE III

The nature of the business or purposes to be conducted or promoted is to engage in any lawful act or activity for which corporations may be organized under the GCL.

ARTICLE IV

Section 1   Authorized Shares.  The total number of shares of stock which the Corporation shall have authority to issue is one thousand (1,000) shares of Common Stock, par value $.$1.00 per share.

***Section 2   Nonvoting Equity Securities.  Notwithstanding anything to the contrary in this Amended and Restated Certificate of Incorporation, the Corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  The prohibition on the issuance of nonvoting equity securities is included in this Amended and Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  This Section 2 of this ARTICLE IV may be amended or eliminated in accordance with applicable law from time to time in effect.***

ARTICLE V

The Corporation is to have perpetual existence.

ARTICLE VI

Section 1   Number of Directors.  The number of directors which shall constitute the Board of Directors shall be fixed from time to time by resolution adopted by the affirmative vote of a majority of the total number of directors then in office, or as otherwise provided in the by-laws of the Corporation.

Section 2   Amendment of By-laws.  In furtherance of and not in limitation of the powers conferred bu statute, the board of directors of the Corporation is expressly authorized to make, alter, amend or repeal the by-laws of the Corporation.

ARTICLE VII

Section 1   Limitation of Liability.  The personal liability of the directors of the Corporation is hereby eliminated to the fullest extent permitted by the provisions of paragraph (7) of subsection (b) of Section 102 of the GCL, as the same may be amended and supplemented

Section 2   Right to Indemnification.  The Corporation shall, to the fullest extent permitted by the provisions of Section 145 of the GCL, as the same may be amended and supplemented, indemnify any and all persons whom it shall have power to indemnify under said section from and against any and all of the expenses, liabilities, or other matters referred to in or covered by said section, and the indemnification provided for herein shall not be deemed exclusive of any other rights to which those indemnified may be entitled under any by-law, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such person's official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of such person.

ARTICLE VIII

The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Amended and Restated Certificate of Incorporation, in the manner now or hereafter prescribed herein and by the laws of the State of Delaware, and all rights conferred upon stockholders herein are granted subject to this reservation.

IN WITNESS WHEREOF, the Corporation  has caused this Amended and Restated Certificate of Incorporation to be signed this _____ day of _____, 2014.

_____

By:_____
      Name:
      Title:

[Signature Page to Amended Certificate of Incorporation - Darex Puerto Rico]

**AMENDED AND RESTATED
CERTIFICATE OF INCORPORATION
OF
GRACE ENERGY CORPORATION**

*Adopted in accordance with the provisions
of §303, §242 and §245 of the
General Corporation Law of the State of Delaware*

\* \* \* \* \* \* \*

Grace Energy Corporation, a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

The name of the Corporation is "Grace Energy Corporation"

The original Certificate of Incorporation was filed with the Secretary of State of Delaware on December 11, 1979, under the name Grace Natural Resources Corp.

The Corporation and certain of the Corporation's affiliates filed a joint plan of reorganization (the "Plan") which, pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), was confirmed, as modified, by an order, entered January 31, 2011, of the United States Bankruptcy Court for the District of Delaware, a court having jurisdiction of a proceeding under the Bankruptcy Code (the "Order"), and such order provides for the making and filing of this Amended and Restated Certificate of Incorporation.

The Board of Directors of the Corporation duly adopted resolutions in accordance with Section 303, Section 242 and Section 245 of the General Corporation Law of the State of Delaware (the "GCL"), as authorized by the Order, to put into effect and carry out the Plan by amending and restating the Certificate of Incorporation in its entirety to read as follows:

## ARTICLE I

The name of the Corporation is Grace Energy Corporation.

## ARTICLE II

The address, including street, number, city, and county, of the registered office of the Corporation in the State of Delaware is 2711 Centerville Road, Suite 400, City of Wilmington 19808, County of New Castle; and the name of the registered agent of the corporation in the State of Delaware at such address is Corporation Service Company.

## ARTICLE III

The nature of the business or purposes to be conducted or promoted is to engage in any lawful act or activity for which corporations may be organized under the GCL.

## ARTICLE IV

Section 1   <u>Authorized Shares</u>.  The total number of shares of stock which the Corporation shall have authority to issue is one thousand (1,000) shares of Common Stock, par value $1.00 per share.

***Section 2   <u>Nonvoting Equity Securities</u>.  Notwithstanding anything to the contrary in this Amended and Restated Certificate of Incorporation, the Corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  The prohibition on the issuance of nonvoting equity securities is included in this Amended and Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  This Section 2 of this ARTICLE IV may be amended or eliminated in accordance with applicable law from time to time in effect.***

## ARTICLE V

The Corporation is to have perpetual existence.

## ARTICLE VI

Section 1   <u>Number of Directors</u>.  The number of directors which shall constitute the Board of Directors shall be fixed from time to time by resolution adopted by the affirmative vote of a majority of the total number of directors then in office, or as otherwise provided in the by-laws of the Corporation.

Section 2   <u>Amendment of By-laws</u>.  In furtherance of and not in limitation of the powers conferred bu statute, the board of directors of the Corporation is expressly authorized to make, alter, amend or repeal the by-laws of the Corporation.

## ARTICLE VII

Section 1   <u>Limitation of Liability</u>.  The personal liability of the directors of the Corporation is hereby eliminated to the fullest extent permitted by the provisions of paragraph (7) of subsection (b) of Section 102 of the GCL, as the same may be amended and supplemented

Section 2   <u>Right to Indemnification</u>.  The Corporation shall, to the fullest extent permitted by the provisions of Section 145 of the GCL, as the same may be amended and supplemented, indemnify any and all persons whom it shall have power to indemnify under said section from and against any and all of the expenses, liabilities, or other matters referred to in or covered by said section, and the indemnification provided for herein shall not be deemed exclusive of any other rights to which those indemnified may be entitled under any by-law, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such person's official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of such person.

KE 28433169

ARTICLE VIII

The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Amended and Restated Certificate of Incorporation, in the manner now or hereafter prescribed herein and by the laws of the State of Delaware, and all rights conferred upon stockholders herein are granted subject to this reservation.

IN WITNESS WHEREOF, the Corporation  has caused this Amended and Restated Certificate of Incorporation to be signed this _____ day of _____, 2014.

_____

By:_____

      Name:

      Title:

[Signature Page to Amended Certificate of Incorporation - Grace Energy]

**AMENDED AND RESTATED
CERTIFICATE OF INCORPORATION
OF
GRACE EUROPE, INC.**

*Adopted in accordance with the provisions
of §303, §242 and §245 of the
General Corporation Law of the State of Delaware*

\* \* \* \* \* \* \*

Grace Europe, Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

The name of the Corporation is "Grace Europe, Inc."

The original Certificate of Incorporation was filed with the Secretary of State of Delaware on June 25, 1970, under the name Grace Industrial Chemicals, Inc.

The Corporation and certain of the Corporation's affiliates filed a joint plan of reorganization (the "Plan") which, pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), was confirmed, as modified, by an order, entered January 31, 2011, of the United States Bankruptcy Court for the District of Delaware, a court having jurisdiction of a proceeding under the Bankruptcy Code (the "Order"), and such order provides for the making and filing of this Amended and Restated Certificate of Incorporation.

The Board of Directors of the Corporation duly adopted resolutions in accordance with Section 303, Section 242 and Section 245 of the General Corporation Law of the State of Delaware (the "GCL"), as authorized by the Order, to put into effect and carry out the Plan by amending and restating the Certificate of Incorporation in its entirety to read as follows:

## ARTICLE I

The name of the Corporation is Grace Europe, Inc.

## ARTICLE II

The address, including street, number, city, and county, of the registered office of the Corporation in the State of Delaware is 2711 Centerville Road, Suite 400, City of Wilmington 19808, County of New Castle; and the name of the registered agent of the corporation in the State of Delaware at such address is Corporation Service Company.

## ARTICLE III

The nature of the business or purposes to be conducted or promoted is to engage in any lawful act or activity for which corporations may be organized under the GCL.

ARTICLE IV

Section 1  <u>Authorized Shares</u>.  The total number of shares of stock which the Corporation shall have authority to issue is one thousand (1,000) shares of Common Stock, par value $1.00 per share.

***Section 2  <u>Nonvoting Equity Securities</u>.  Notwithstanding anything to the contrary in this Amended and Restated Certificate of Incorporation, the Corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  The prohibition on the issuance of nonvoting equity securities is included in this Amended and Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  This Section 2 of this ARTICLE IV may be amended or eliminated in accordance with applicable law from time to time in effect.***

ARTICLE V

The Corporation is to have perpetual existence.

ARTICLE VI

Section 1  <u>Number of Directors</u>.  The number of directors which shall constitute the Board of Directors shall be fixed from time to time by resolution adopted by the affirmative vote of a majority of the total number of directors then in office, or as otherwise provided in the by-laws of the Corporation.

Section 2  <u>Amendment of By-laws</u>.  In furtherance of and not in limitation of the powers conferred bu statute, the board of directors of the Corporation is expressly authorized to make, alter, amend or repeal the by-laws of the Corporation.

ARTICLE VII

Section 1  <u>Limitation of Liability</u>.  The personal liability of the directors of the Corporation is hereby eliminated to the fullest extent permitted by the provisions of paragraph (7) of subsection (b) of Section 102 of the GCL, as the same may be amended and supplemented

Section 2  <u>Right to Indemnification</u>.  The Corporation shall, to the fullest extent permitted by the provisions of Section 145 of the GCL, as the same may be amended and supplemented, indemnify any and all persons whom it shall have power to indemnify under said section from and against any and all of the expenses, liabilities, or other matters referred to in or covered by said section, and the indemnification provided for herein shall not be deemed exclusive of any other rights to which those indemnified may be entitled under any by-law, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such person's official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of such person.

ARTICLE VIII

The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Amended and Restated Certificate of Incorporation, in the manner now or hereafter prescribed herein and by the laws of the State of Delaware, and all rights conferred upon stockholders herein are granted subject to this reservation.

IN WITNESS WHEREOF, the Corporation  has caused this Amended and Restated Certificate of Incorporation to be signed this _____ day of _____, 2014.

_____

By:_____

     Name:

     Title:

[Signature Page to Amended Certificate of Incorporation - Grace Europe, Inc.]

**AMENDED AND RESTATED
CERTIFICATE OF INCORPORATION
OF
GRACE INTERNATIONAL HOLDINGS, INC.**

*Adopted in accordance with the provisions
of §303, §242 and §245 of the
General Corporation Law of the State of Delaware*

\* \* \* \* \* \* \*

Grace International Holdings, Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

The name of the Corporation is "Grace International Holdings, Inc."

The original Certificate of Incorporation was filed with the Secretary of State of Delaware on October 25, 1995, under the name Dearborn International Holdings, Inc.

The Corporation and certain of the Corporation's affiliates filed a joint plan of reorganization (the "Plan") which, pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), was confirmed, as modified, by an order, entered January 31, 2011, of the United States Bankruptcy Court for the District of Delaware, a court having jurisdiction of a proceeding under the Bankruptcy Code (the "Order"), and such order provides for the making and filing of this Amended and Restated Certificate of Incorporation.

The Board of Directors of the Corporation duly adopted resolutions in accordance with Section 303, Section 242 and Section 245 of the General Corporation Law of the State of Delaware (the "GCL"), as authorized by the Order, to put into effect and carry out the Plan by amending and restating the Certificate of Incorporation in its entirety to read as follows:

ARTICLE I

The name of the Corporation is Grace International Holdings, Inc.

ARTICLE II

The address, including street, number, city, and county, of the registered office of the Corporation in the State of Delaware is 2711 Centerville Road, Suite 400, City of Wilmington 19808, County of New Castle; and the name of the registered agent of the corporation in the State of Delaware at such address is Corporation Service Company.

ARTICLE III

The nature of the business or purposes to be conducted or promoted is to engage in any lawful act or activity for which corporations may be organized under the GCL.

ARTICLE IV

Section 1   Authorized Shares.  The total number of shares of stock which the Corporation shall have authority to issue is one thousand (1,000) shares of Common Stock, par value $1.00 per share.

***Section 2   Nonvoting Equity Securities.  Notwithstanding anything to the contrary in this Amended and Restated Certificate of Incorporation, the Corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  The prohibition on the issuance of nonvoting equity securities is included in this Amended and Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  This Section 2 of this ARTICLE IV may be amended or eliminated in accordance with applicable law from time to time in effect.***

ARTICLE V

The Corporation is to have perpetual existence.

ARTICLE VI

Section 1   Number of Directors.  The number of directors which shall constitute the Board of Directors shall be fixed from time to time by resolution adopted by the affirmative vote of a majority of the total number of directors then in office, or as otherwise provided in the by-laws of the Corporation.

Section 2   Amendment of By-laws.  In furtherance of and not in limitation of the powers conferred bu statute, the board of directors of the Corporation is expressly authorized to make, alter, amend or repeal the by-laws of the Corporation.

ARTICLE VII

Section 1   Limitation of Liability.  The personal liability of the directors of the Corporation is hereby eliminated to the fullest extent permitted by the provisions of paragraph (7) of subsection (b) of Section 102 of the GCL, as the same may be amended and supplemented

Section 2   Right to Indemnification.  The Corporation shall, to the fullest extent permitted by the provisions of Section 145 of the GCL, as the same may be amended and supplemented, indemnify any and all persons whom it shall have power to indemnify under said section from and against any and all of the expenses, liabilities, or other matters referred to in or covered by said section, and the indemnification provided for herein shall not be deemed exclusive of any other rights to which those indemnified may be entitled under any by-law, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such person's official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of such person.

KE 28433207

ARTICLE VIII

The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Amended and Restated Certificate of Incorporation, in the manner now or hereafter prescribed herein and by the laws of the State of Delaware, and all rights conferred upon stockholders herein are granted subject to this reservation.

IN WITNESS WHEREOF, the Corporation has caused this Amended and Restated Certificate of Incorporation to be signed this _____ day of _____, 2014.

_____

By:_____
      Name:
      Title:

[Signature Page for Amended Certificate of Incorporation - Grace International]

KE 28433207

**AMENDED AND RESTATED
CERTIFICATE OF INCORPORATION
OF
GRACE PAR CORPORATION**

*Adopted in accordance with the provisions
of §303, §242 and §245 of the
General Corporation Law of the State of Delaware*

\* \* \* \* \* \* \*

Grace PAR Corporation, a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

The name of the Corporation is "Grace PAR Corporation"

The original Certificate of Incorporation was filed with the Secretary of State of Delaware on February 3, 1981, under the name Grace PAR Corporation.

The Corporation and certain of the Corporation's affiliates filed a joint plan of reorganization (the "Plan") which, pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), was confirmed, as modified, by an order, entered January 31, 2011, of the United States Bankruptcy Court for the District of Delaware, a court having jurisdiction of a proceeding under the Bankruptcy Code (the "Order"), and such order provides for the making and filing of this Amended and Restated Certificate of Incorporation.

The Board of Directors of the Corporation duly adopted resolutions in accordance with Section 303, Section 242 and Section 245 of the General Corporation Law of the State of Delaware (the "GCL"), as authorized by the Order, to put into effect and carry out the Plan by amending and restating the Certificate of Incorporation in its entirety to read as follows:

ARTICLE I

The name of the Corporation is Grace PAR Corporation.

ARTICLE II

The address, including street, number, city, and county, of the registered office of the Corporation in the State of Delaware is 2711 Centerville Road, Suite 400, City of Wilmington 19808, County of New Castle; and the name of the registered agent of the corporation in the State of Delaware at such address is Corporation Service Company.

ARTICLE III

The nature of the business or purposes to be conducted or promoted is to engage in any lawful act or activity for which corporations may be organized under the GCL.

## ARTICLE IV

Section 1    Authorized Shares.  The total number of shares of stock which the Corporation shall have authority to issue is one thousand (1,000) shares of Common Stock, par value $1.00 per share.

**Section 2    Nonvoting Equity Securities.  Notwithstanding anything to the contrary in this Amended and Restated Certificate of Incorporation, the Corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  The prohibition on the issuance of nonvoting equity securities is included in this Amended and Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  This Section 2 of this ARTICLE IV may be amended or eliminated in accordance with applicable law from time to time in effect.**

## ARTICLE V

The Corporation is to have perpetual existence.

## ARTICLE VI

Section 1    Number of Directors.  The number of directors which shall constitute the Board of Directors shall be fixed from time to time by resolution adopted by the affirmative vote of a majority of the total number of directors then in office, or as otherwise provided in the by-laws of the Corporation.

Section 2    Amendment of By-laws.  In furtherance of and not in limitation of the powers conferred bu statute, the board of directors of the Corporation is expressly authorized to make, alter, amend or repeal the by-laws of the Corporation.

## ARTICLE VII

Section 1    Limitation of Liability.  The personal liability of the directors of the Corporation is hereby eliminated to the fullest extent permitted by the provisions of paragraph (7) of subsection (b) of Section 102 of the GCL, as the same may be amended and supplemented

Section 2    Right to Indemnification.  The Corporation shall, to the fullest extent permitted by the provisions of Section 145 of the GCL, as the same may be amended and supplemented, indemnify any and all persons whom it shall have power to indemnify under said section from and against any and all of the expenses, liabilities, or other matters referred to in or covered by said section, and the indemnification provided for herein shall not be deemed exclusive of any other rights to which those indemnified may be entitled under any by-law, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such person's official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of such person.

KE 28433212

## ARTICLE VIII

The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Amended and Restated Certificate of Incorporation, in the manner now or hereafter prescribed herein and by the laws of the State of Delaware, and all rights conferred upon stockholders herein are granted subject to this reservation.

IN WITNESS WHEREOF, the Corporation  has caused this Amended and Restated Certificate of Incorporation to be signed this _____ day of _____, 2014.

_____

By:_____

      Name:

      Title:

[Signature Page for Amended Certificate of Incorporation - Grace PAR]

KE 28433212

**AMENDED AND RESTATED
CERTIFICATE OF INCORPORATION
OF
GUANICA-CARIBE LAND DEVELOPMENT CORPORATION**

*Adopted in accordance with the provisions
of §303, §242 and §245 of the
General Corporation Law of the State of Delaware*

\*   \*   \*   \*   \*   \*   \*

Guanica-Caribe Land Development Corporation, a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

The name of the Corporation is "Guanica-Caribe Land Development Corporation"

The original Certificate of Incorporation was filed with the Secretary of State of Delaware on July 14, 1994, under the name Guanica-Caribe Land Development Corporation.

The Corporation and certain of the Corporation's affiliates filed a joint plan of reorganization (the "Plan") which, pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), was confirmed, as modified, by an order, entered January 31, 2011, of the United States Bankruptcy Court for the District of Delaware, a court having jurisdiction of a proceeding under the Bankruptcy Code (the "Order"), and such order provides for the making and filing of this Amended and Restated Certificate of Incorporation.

The Board of Directors of the Corporation duly adopted resolutions in accordance with Section 303, Section 242 and Section 245 of the General Corporation Law of the State of Delaware (the "GCL"), as authorized by the Order, to put into effect and carry out the Plan by amending and restating the Certificate of Incorporation in its entirety to read as follows:

ARTICLE I

The name of the Corporation is Guanica-Caribe Land Development Corporation.

ARTICLE II

The address, including street, number, city, and county, of the registered office of the Corporation in the State of Delaware is 2711 Centerville Road, Suite 400, City of Wilmington 19808, County of New Castle; and the name of the registered agent of the corporation in the State of Delaware at such address is Corporation Service Company.

## ARTICLE III

The nature of the business or purposes to be conducted or promoted is to engage in any lawful act or activity for which corporations may be organized under the GCL.

## ARTICLE IV

Section 1    Authorized Shares.  The total number of shares of stock which the Corporation shall have authority to issue is one thousand (1,000) shares of Common Stock, par value $1.00 per share.

***Section 2    Nonvoting Equity Securities.  Notwithstanding anything to the contrary in this Amended and Restated Certificate of Incorporation, the Corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  The prohibition on the issuance of nonvoting equity securities is included in this Amended and Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  This Section 2 of this ARTICLE IV may be amended or eliminated in accordance with applicable law from time to time in effect.***

## ARTICLE V

The Corporation is to have perpetual existence.

## ARTICLE VI

Section 1    Number of Directors.  The number of directors which shall constitute the Board of Directors shall be fixed from time to time by resolution adopted by the affirmative vote of a majority of the total number of directors then in office, or as otherwise provided in the by-laws of the Corporation.

Section 2    Amendment of By-laws.  In furtherance of and not in limitation of the powers conferred bu statute, the board of directors of the Corporation is expressly authorized to make, alter, amend or repeal the by-laws of the Corporation.

## ARTICLE VII

Section 1    Limitation of Liability.  The personal liability of the directors of the Corporation is hereby eliminated to the fullest extent permitted by the provisions of paragraph (7) of subsection (b) of Section 102 of the GCL, as the same may be amended and supplemented

Section 2    Right to Indemnification.  The Corporation shall, to the fullest extent permitted by the provisions of Section 145 of the GCL, as the same may be amended and supplemented, indemnify any and all persons whom it shall have power to indemnify under said section from and against any and all of the expenses, liabilities, or other matters referred to in or covered by said section, and the indemnification provided for herein shall not be deemed exclusive of any other rights to which those indemnified may be entitled under any by-law, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such person's official

capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of such person.

ARTICLE VIII

The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Amended and Restated Certificate of Incorporation, in the manner now or hereafter prescribed herein and by the laws of the State of Delaware, and all rights conferred upon stockholders herein are granted subject to this reservation.

IN WITNESS WHEREOF, the Corporation  has caused this Amended and Restated Certificate of Incorporation to be signed this _____ day of _____, 2014.

_____

By:_____
    Name:
    Title:

# AMENDED AND RESTATED
## CERTIFICATE OF INCORPORATION
### OF
## HANOVER SQUARE CORPORATION

*Adopted in accordance with the provisions*
*of §303, §242 and §245 of the*
*General Corporation Law of the State of Delaware*

\* \* \* \* \* \* \*

Hanover Square Corporation, a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

The name of the Corporation is "Hanover Square Corporation"

The original Certificate of Incorporation was filed with the Secretary of State of Delaware on June 30, 1955, under the name Hanover Square Corporation.

The Corporation and certain of the Corporation's affiliates filed a joint plan of reorganization (the "Plan") which, pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), was confirmed, as modified, by an order, entered January 31, 2011, of the United States Bankruptcy Court for the District of Delaware, a court having jurisdiction of a proceeding under the Bankruptcy Code (the "Order"), and such order provides for the making and filing of this Amended and Restated Certificate of Incorporation.

The Board of Directors of the Corporation duly adopted resolutions in accordance with Section 303, Section 242 and Section 245 of the General Corporation Law of the State of Delaware (the "GCL"), as authorized by the Order, to put into effect and carry out the Plan by amending and restating the Certificate of Incorporation in its entirety to read as follows:

## ARTICLE I

The name of the Corporation is Hanover Square Corporation.

## ARTICLE II

The address, including street, number, city, and county, of the registered office of the Corporation in the State of Delaware is 2711 Centerville Road, Suite 400, City of Wilmington 19808, County of New Castle; and the name of the registered agent of the corporation in the State of Delaware at such address is Corporation Service Company.

## ARTICLE III

The nature of the business or purposes to be conducted or promoted is to engage in any lawful act or activity for which corporations may be organized under the GCL.

ARTICLE IV

Section 1   Authorized Shares.  The total number of shares of stock which the Corporation shall have authority to issue is two hundred and fifty (250) shares of Common Stock, par value $100.00 per share.

**Section 2   Nonvoting Equity Securities.  Notwithstanding anything to the contrary in this Amended and Restated Certificate of Incorporation, the Corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  The prohibition on the issuance of nonvoting equity securities is included in this Amended and Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  This Section 2 of this ARTICLE IV may be amended or eliminated in accordance with applicable law from time to time in effect.**

ARTICLE V

The Corporation is to have perpetual existence.

ARTICLE VI

Section 1   Number of Directors.  The number of directors which shall constitute the Board of Directors shall be fixed from time to time by resolution adopted by the affirmative vote of a majority of the total number of directors then in office, or as otherwise provided in the by-laws of the Corporation.

Section 2   Amendment of By-laws.  In furtherance of and not in limitation of the powers conferred bu statute, the board of directors of the Corporation is expressly authorized to make, alter, amend or repeal the by-laws of the Corporation.

ARTICLE VII

Section 1   Limitation of Liability.  The personal liability of the directors of the Corporation is hereby eliminated to the fullest extent permitted by the provisions of paragraph (7) of subsection (b) of Section 102 of the GCL, as the same may be amended and supplemented

Section 2   Right to Indemnification.  The Corporation shall, to the fullest extent permitted by the provisions of Section 145 of the GCL, as the same may be amended and supplemented, indemnify any and all persons whom it shall have power to indemnify under said section from and against any and all of the expenses, liabilities, or other matters referred to in or covered by said section, and the indemnification provided for herein shall not be deemed exclusive of any other rights to which those indemnified may be entitled under any by-law, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such person's official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of such person.

KE 28433224

ARTICLE VIII

The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Amended and Restated Certificate of Incorporation, in the manner now or hereafter prescribed herein and by the laws of the State of Delaware, and all rights conferred upon stockholders herein are granted subject to this reservation.

IN WITNESS WHEREOF, the Corporation  has caused this Amended and Restated Certificate of Incorporation to be signed this _____ day of _____, 2014.

_____

By:_____
     Name:
     Title:

[Signature Page for Amended Certificate of Incorporation - Hanover Square]

**AMENDED AND RESTATED
CERTIFICATE OF INCORPORATION
OF
WATER STREET CORPORATION**

*Adopted in accordance with the provisions
of §303, §242 and §245 of the
General Corporation Law of the State of Delaware*

\* \* \* \* \* \* \*

Water Street Corporation, a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

The name of the Corporation is "Water Street Corporation"

The original Certificate of Incorporation was filed with the Secretary of State of Delaware on November 26, 1956, under the name Porto Rico Container Corporation.

The Corporation and certain of the Corporation's affiliates filed a joint plan of reorganization (the "Plan") which, pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), was confirmed, as modified, by an order, entered January 31, 2011, of the United States Bankruptcy Court for the District of Delaware, a court having jurisdiction of a proceeding under the Bankruptcy Code (the "Order"), and such order provides for the making and filing of this Amended and Restated Certificate of Incorporation.

The Board of Directors of the Corporation duly adopted resolutions in accordance with Section 303, Section 242 and Section 245 of the General Corporation Law of the State of Delaware (the "GCL"), as authorized by the Order, to put into effect and carry out the Plan by amending and restating the Certificate of Incorporation in its entirety to read as follows:

## ARTICLE I

The name of the Corporation is Water Street Corporation.

## ARTICLE II

The address, including street, number, city, and county, of the registered office of the Corporation in the State of Delaware is 2711 Centerville Road, Suite 400, City of Wilmington 19808, County of New Castle; and the name of the registered agent of the corporation in the State of Delaware at such address is Corporation Service Company.

## ARTICLE III

The nature of the business or purposes to be conducted or promoted is to engage in any lawful act or activity for which corporations may be organized under the GCL.

## ARTICLE IV

Section 1   Authorized Shares.  The total number of shares of stock which the Corporation shall have authority to issue is ten (10) shares of Common Stock, par value $.00 per share.

***Section 2   Nonvoting Equity Securities.  Notwithstanding anything to the contrary in this Amended and Restated Certificate of Incorporation, the Corporation shall not issue nonvoting equity securities to the extent prohibited by Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  The prohibition on the issuance of nonvoting equity securities is included in this Amended and Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).  This Section 2 of this ARTICLE IV may be amended or eliminated in accordance with applicable law from time to time in effect.***

## ARTICLE V

The Corporation is to have perpetual existence.

## ARTICLE VI

Section 1   Number of Directors.  The number of directors which shall constitute the Board of Directors shall be fixed from time to time by resolution adopted by the affirmative vote of a majority of the total number of directors then in office, or as otherwise provided in the by-laws of the Corporation.

Section 2   Amendment of By-laws.  In furtherance of and not in limitation of the powers conferred bu statute, the board of directors of the Corporation is expressly authorized to make, alter, amend or repeal the by-laws of the Corporation.

## ARTICLE VII

Section 1   Limitation of Liability.  The personal liability of the directors of the Corporation is hereby eliminated to the fullest extent permitted by the provisions of paragraph (7) of subsection (b) of Section 102 of the GCL, as the same may be amended and supplemented

Section 2   Right to Indemnification.  The Corporation shall, to the fullest extent permitted by the provisions of Section 145 of the GCL, as the same may be amended and supplemented, indemnify any and all persons whom it shall have power to indemnify under said section from and against any and all of the expenses, liabilities, or other matters referred to in or covered by said section, and the indemnification provided for herein shall not be deemed exclusive of any other rights to which those indemnified may be entitled under any by-law, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such person's official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of such person.

KE 28433353

ARTICLE VIII

The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Amended and Restated Certificate of Incorporation, in the manner now or hereafter prescribed herein and by the laws of the State of Delaware, and all rights conferred upon stockholders herein are granted subject to this reservation.

IN WITNESS WHEREOF, the Corporation  has caused this Amended and Restated Certificate of Incorporation to be signed this _____ day of _____, 2014.

_____

By:_____
        Name:
        Title:

[Signature Page for Amended Certificate of Incorporation - Water Street]

KE 28433353