IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 01-1139 (KJC) |
| W.R. GRACE & CO., <u>et al.</u>, | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Objection Deadline: February 14, 2014 at 4:00 p.m. |
| | ) Hearing Date: March 26, 2014 at 10:00 a.m. |

**APPLICATION OF ROGER FRANKEL, ASBESTOS PI FUTURE CLAIMANTS'
REPRESENTATIVE, FOR THE ENTRY OF AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF FRANKEL WYRON LLP AS BANKRUPTCY
CO-COUNSEL <u>*NUNC PRO TUNC* TO JANUARY 16, 2014</u>**

Pursuant to the Amended Interim Order Appointing Roger Frankel as Successor Legal Representative for Future Asbestos Personal Injury Claimants *Nunc Pro Tunc* to May 16, 2013, entered May 30, 2013, which became final on June 14, 2013 (the "Appointment Order") [Dkt. No. 30689], Roger Frankel (the "FCR" or "Mr. Frankel") hereby submits this application (the "Application") for the entry of an Order, substantially in the form attached hereto as **Exhibit A** (the "Order"), employing Frankel Wyron LLP ("FW LLP") as his bankruptcy co-counsel pursuant to Sections 328, 524(g) and 1103 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2014 (the "Bankruptcy Rules") and the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  In support of this Application, the FCR relies upon the Declaration of Richard H. Wyron (the "Wyron Declaration"), a partner in FW LLP, which is attached hereto as **Exhibit B**.

As described more fully below, David T. Austern ("Mr. Austern"), the asbestos personal injury future claimants' representative appointed by the Court in 2004, passed away on May 16, 2013.  Accordingly, W. R. Grace & Co., *et al.* (collectively, the "Debtors") sought and received Court approval to appoint Mr. Frankel as the successor FCR.  By this Court's Order dated July

13, 2013, effective as of May 16, 2013 [Dkt. No. 30902], Mr. Frankel was authorized to retain and employ Orrick, Herrington & Sutcliffe LLP ("Orrick"), the same law firm that represented Mr. Austern, as his bankruptcy counsel in these cases. In January 2014, Mr. Frankel and Mr. Wyron withdrew as partners in Orrick and formed FW LLP. By this Application, Mr. Frankel seeks to employ FW LLP as bankruptcy counsel, to serve as co-counsel with Orrick. Employing Mr. Wyron through his new firm will ensure that Mr. Frankel has continued representation from both Mr. Wyron (at FW LLP) and the other key members (at Orrick) of the team that has represented the asbestos personal injury future claimants' representative in these cases since Mr. Austern's appointment in 2004.

In support of this Application, the FCR respectfully states as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief sought herein are sections 105, 328, 524(g)(4)(B)(i) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and the Appointment Order.

## Background

### A. Status of the Chapter 11 Cases

4. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their

businesses and manage their properties as debtors in possession. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

5. In 2010, the Debtors filed the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as modified through December 23, 2010, as amended from time to time (the "Plan").

6. On January 31, 2011, this Court entered a memorandum opinion [Dkt. No. 26154] and order [Dkt. No. 26155] confirming the Plan (collectively, the "Confirmation Order").

7. The Confirmation Order was appealed to the United States District Court for the District of Delaware (the "District Court"), Case No. 11-199 (lead case). On January 30, 2012, the District Court issued its memorandum opinion [Dkt. No. 165] and order [Dkt. No. 166] overruling all objections and confirming the Plan in its entirety.

8. On June 11, 2012, the District Court issued a Consolidated Order Regarding Motions for Reconsideration [Dkt. No. 215] and in conjunction with the consolidated order, the District Court issued an Amended Memorandum Opinion [Dkt. No. 217] and Amended Order [Dkt. No. 218] clarifying and expanding the discussion of its prior opinion and, once more, overruling all objections and confirming the Plan in its entirety.

9. Five appeals from the District Court's confirmation of the Plan were filed in the United States Court of Appeals for the Third Circuit (the "Third Circuit"), Case No. 12-1402 (lead case). The Third Circuit held oral argument on the appeals on June 17, 2013. The Third Circuit has affirmed the District Court's rulings confirming the Plan in four of the five appeals. The fifth appeal, brought by a group of the Debtors' pre-petition bank lenders, was resolved

through a settlement among the Debtors, the Official Committee of Equity Security Holders, and the Debtors' pre-petition bank lenders, which was approved by this Court on January 28, 2014 [Dkt. No. 31648].

10. The effective date of the Plan is expected to occur in February 2014.

### B. The Appointment of Mr. Austern and Mr. Frankel, and the Retention of Bankruptcy Counsel

11. On May 24, 2004, the Court appointed Mr. Austern as the legal representative for future asbestos personal injury claimants in these Chapter 11 Cases [Dkt. No. 5645] (the "Austern Appointment Order"). The Austern Appointment Order, among other things, authorized Mr. Austern to employ professionals consistent with sections 327 and 1103 of the Bankruptcy Code.

12. Following his appointment, Mr. Austern sought and received Court approval on September 27, 2004 to retain and employ Mr. Frankel, Mr. Wyron and their law firm of Swidler Berlin LLP ("Swidler") as bankruptcy counsel to represent him in these Chapter 11 Cases. [Mr. Austern's application to retain Swidler, Dkt. No. 5815; Order approving retention of Swidler, Dkt. No. 6480].

13. In February 2006, Mr. Frankel and Mr. Wyron, and other lawyers who had represented Mr. Austern while at Swidler, joined Orrick. At that time, Mr. Austern decided to retain the lawyers responsible for representing him, including Mr. Frankel and Mr. Wyron, and their new law firm, to continue to represent him in these Chapter 11 Cases. Accordingly, Mr. Austern sought and received Court approval to retain and employ Orrick as his bankruptcy counsel. [Mr. Austern's application to retain Orrick, Dkt. No. 12022; Order approving retention of Orrick, Dkt. No. 12379].

14. Mr. Austern died on May 16, 2013.

15. On May 24, 2013, the Debtors filed a Motion for Entry of an Order Appointing Roger Frankel as the Successor Legal Representative for Future Asbestos Personal Injury Claimants *Nunc Pro Tunc* to May 16, 2013 (the "Successor FCR Appointment Motion") and a supporting declaration by Mr. Frankel (the "Frankel Declaration") [Dkt. No. 30671].

16. The Court granted the Successor FCR Appointment Motion and entered the Appointment Order appointing Mr. Frankel as the successor FCR in these Chapter 11 Cases *nunc pro tunc* to May 16, 2013 [Dkt. No. 30689]. The Appointment Order provides Mr. Frankel with the same rights and powers provided to Mr. Austern pursuant to the Austern Appointment Order, including, among other things, the right to retain and employ counsel consistent with sections 327 and 1103 of the Bankruptcy Code, subject to approval of the Court.

17. Mr. Frankel sought and obtained Court approval to retain and employ Orrick as his bankruptcy counsel effective as of May 16, 2013 pursuant to an order entered on July 13, 2013 [Dkt. No. 30902].

18. Effective as of January 15, 2014, Mr. Frankel and Mr. Wyron withdrew as partners in Orrick. As of January 16, 2014, Mr. Frankel and Mr. Wyron began practicing law as partners in FW LLP. Mr. Frankel wishes to retain Mr. Wyron (through FW LLP) as co-counsel with Orrick to continue to represent him during the balance of these Chapter 11 Cases.

**Relief Requested and Basis for Relief Sought**

19. Given Mr. Wyron's many years of experience in these Chapter 11 Cases, he is intimately familiar with the Debtors, the Plan and Plan Documents, the Confirmation Order, and the District Court's opinions and orders affirming the Confirmation Order.

20. In addition, Mr. Wyron and the lawyers at Orrick involved in this matter have extensive experience in other asbestos bankruptcy cases, particularly as bankruptcy counsel to

5

future claimants' representatives, as described in the Wyron Declaration. Mr. Wyron is familiar with the concerns and issues important to the FCR and to the asbestos personal injury claimants who may assert claims or demands in the future.

21. The FCR believes that the engagement of Mr. Wyron and his firm, FW LLP, with respect to the matters described below is essential to the FCR's continued role in these Chapter 11 Cases, and that FW LLP is well suited to assist the FCR as his bankruptcy counsel during the balance of these Chapter 11 Cases. In addition, the FCR believes that the continued employment of the same lawyers who represented Mr. Austern in these Chapter 11 Cases for nine years, and who have represented him since he was appointed as successor FCR, will provide him with the most efficient and effective representation, thus allowing him seamlessly to perform his duties and responsibilities as the FCR as the effective date of the Plan approaches and these cases draw to a close.

22. Accordingly, the FCR seeks to retain and employ FW LLP as his bankruptcy counsel, to serve as co-counsel with Orrick in these Chapter 11 Cases, *nunc pro tunc* to January 16, 2014, on the same terms and conditions as Mr. Frankel's retention and employment of Orrick,[1] and respectfully requests entry of the proposed Order attached hereto as **Exhibit A**.

### Services to be Rendered

23. Subject to approval of this Court, FW LLP will be engaged to render the following services to the FCR:

    a.    provide legal advice and representation with respect to the FCR's powers and duties in connection with the Chapter 11 Cases;

---

[1] See Application of Roger Frankel, Successor Legal Representative for Future Asbestos Personal Injury Claimants, for Entry of an Order Authorizing the Retention and Employment of Orrick, Herrington & Sutcliffe LLP as Bankruptcy Counsel *Nunc Pro Tunc* to May 16, 2013, filed June 5, 2013 [Dkt. No. 30718].

      b.      prepare and file on behalf of the FCR all applications, motions, responses, objections and other pleadings in these Chapter 11 Cases, including any appeals related thereto, as may be necessary and as the FCR authorizes;

      c.      appear on behalf of and represent the FCR in these Chapter 11 Cases, including, *inter alia*, at meetings, court hearings, oral arguments, and other proceedings, as appropriate, before this Court or others;

      d.      represent and advise the FCR with respect to any contested matter, adversary proceeding, lawsuit or other proceeding in which he may become a party or otherwise appear in connection with the Chapter 11 Cases, including any appeals related thereto;

      e.      represent and advise the FCR with respect to the Plan, including, for example, in connection with finalizing the Plan Documents and moving toward the effective date and implementation of the Plan; and

      f.      perform all other necessary legal services that the FCR authorizes and/or requests as may be appropriate in connection with these Chapter 11 Cases, including any appeals related thereto.

These services are necessary and essential to the FCR.

24.    The FCR believes that employing FW LLP as bankruptcy co-counsel as set forth herein will provide him with advice and assistance in a cost effective manner. Because Mr. Wyron was the lead partner on the team representing Mr. Frankel while they were both at Orrick, Mr. Frankel expects there will be no duplication of effort between FW LLP and Orrick, and that Mr. Wyron and the lawyers at Orrick will continue to function together smoothly as they have since May 2004.

25.    Subject to approval of this Application, FW LLP has indicated a willingness to act on behalf of, and render such services to, the FCR, on the same terms and conditions as such services were rendered to Mr. Frankel by Orrick prior to January 16, 2014.

**Disclosure Concerning Connections Between FW LLP and Parties in Interest**

26.    In order to prepare this Application and the accompanying Wyron Declaration, FW LLP determined whether any conflicts of interest exist that would preclude it from

7

representing the FCR in these Chapter 11 Cases, and whether any connections exist which should be disclosed under Rule 2014 of the Bankruptcy Rules.

27.     Nothing disclosed in the Wyron Declaration precludes Mr. Wyron and FW LLP from serving as co-counsel to the FCR in these Chapter 11 Cases.

28.     To the best of the FCR's knowledge, except as otherwise set forth in the Wyron Declaration, FW LLP does not have any connection with the Debtors, their affiliates, creditors or any other party in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the United States Trustee's office.  In addition, to the best of the FCR's knowledge, FW LLP does not represent any other entity having an adverse interest in connection with these Chapter 11 Cases, is disinterested, and does not represent or hold an interest adverse to the interests of the Debtors or their estates with respect to the matters on which FW LLP is to be employed.

## Professional Compensation

29.     As described in the Wyron Declaration, FW LLP and the FCR have agreed that FW LLP will represent the FCR, if authorized by the Court, on the same terms and conditions as Mr. Frankel's retention and employment of Orrick.  See Dkt. No. 30718.

30.     FW LLP intends to apply for compensation for services rendered to Mr. Frankel in these Chapter 11 Cases on an hourly basis, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court, including the Administrative

Compensation Order,[2] and the guidelines established by the Fee Auditor appointed in these Chapter 11 Cases.

31. FW LLP has agreed to accept as compensation such sums as may be allowed by the Court for fees incurred for professional services and for reimbursement of reasonable and necessary expenses.

32. Pursuant to the proposed Order attached hereto as **Exhibit A**, compensation, including professional fees and reimbursement of expenses, shall be payable to FW LLP from the Debtors' estates, subject to approval by the Court and subject to the Administrative Compensation Order, the guidelines established by the Fee Auditor appointed in these Chapter 11 Cases, and any other applicable orders of this Court.

33. Mr. Frankel intends to apply to the Court for the allowance of his fees and expenses as the FCR, separate and apart from those fees and expenses incurred, and applied for, by FW LLP.[3]

34. Other than as set forth above and in the Wyron Declaration, no arrangement is proposed between the FCR and FW LLP for compensation to be paid in these Chapter 11 Cases.

35. The FCR has been advised by FW LLP that it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Section 504(b)(1) of the Bankruptcy Code.

---

[2] The "Administrative Compensation Order" refers to the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, entered April 17, 2002 [Bankr. Dkt. No. 1949], as may be further amended by the Court.

[3] As set out in the Wyron Declaration and the Second Supplemental Declaration Under Fed. R. Bankr. P. 2014 and 5002 in Support of the Order Appointing Roger Frankel as Successor Asbestos PI Future Claimants' Representative, which is being filed contemporaneously with this Application, both Mr. Frankel and Mr. Wyron are partners in FW LLP. Mr. Frankel's fees and expenses for his services as the FCR in these Chapter 11 Cases will be submitted to the Court for approval separately from FW LLP's fees and expenses. Amounts allowed by the Court as compensation for fees and reimbursement of expenses for Mr. Frankel's services as the FCR will be paid to Orrick for services through January 15, 2014 and to FW LLP thereafter.

### Request for *Nunc Pro Tunc* Authorization

36. Given the current posture of these Chapter 11 Cases and the need to, among other things, prepare for the effective date and implementation of the Plan, it was critical to the FCR that he receive advice and counsel from FW LLP. Contingent upon the Court's approval of this Application, in order to avoid delay and to effectuate a seamless transition, Mr. Frankel asked FW LLP to continue to work on the FCR's behalf, particularly with respect to preparation in connection with the upcoming effective date and implementation of the Plan, so that the FCR is prepared to move forward toward the effective date without delay. Accordingly, the FCR respectfully requests that the employment of FW LLP be authorized effective as of January 16, 2014.

### No Prior Request

37. No prior application for the relief requested herein has been made to this or any other Court.

### Notice

38. Notice of the Application and the requested relief has been provided to (i) counsel and co-counsel for the Debtors, (ii) the Office of the United States Trustee, (iii) counsel for each of the official committees appointed in these Chapter 11 Cases: the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claims and the Official Committee of Equity Security Holders, (iv) the Asbestos PD Future Claimants' Representative, (v) the Fee Auditor, and (v) any party which has entered its appearance in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. The FCR believes that such notice of the Application is appropriate and sufficient.

**Conclusion**

**WHEREFORE**, the FCR respectfully requests that the Court enter an order substantially in the form attached hereto (1) granting this Application, (2) authorizing the FCR to retain and employ FW LLP as his bankruptcy co-counsel in these Chapter 11 Cases, effective as of January 16, 2014, in accordance with the terms set forth in this Application and consistent with Sections 328, 524(g)(4)(B)(i) and 1103 of the Bankruptcy Code and the Appointment Order, and (3) granting such other and further relief as is appropriate.

Dated: January 31, 2014

Respectfully submitted,

*/S/ ROGER FRANKEL*
Roger Frankel, in his capacity of the Asbestos PI Future Claimants' Representative
Frankel Wyron LLP
2101 L Street, N.W., Suite 800
Washington, DC 20037
Phone: (202) 903-0700
Fax: (202) 627-3002
Email: rfrankel@frankelwyron.com

OHSUSA:756228626.2