## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 01-1139 (KJC) |
| W.R. GRACE & CO., et al., | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) |

### DECLARATION OF RICHARD H. WYRON IN SUPPORT OF THE APPLICATION OF ROGER FRANKEL, ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FRANKEL WYRON LLP AS BANKRUPTCY CO-COUNSEL *NUNC PRO TUNC* TO JANUARY 16, 2014

I, RICHARD H. WYRON, hereby state as follows:

1. I am a partner in the law firm of Frankel Wyron LLP ("FW LLP"). I maintain my office for the practice of law at 2101 L Street, N.W., Suite 800, Washington, D.C. 20037. I am admitted to practice before the bars of the District of Columbia and the State of Maryland, the United States Bankruptcy Courts and the United States District Courts for the District of Columbia and the District of Maryland, and the United States Courts of Appeals for the Third and Fourth Circuits and the District of Columbia Circuit, among other courts. I am admitted *pro hac vice* to the United States Bankruptcy and District Courts for the District of Delaware in connection with these Chapter 11 Cases.[1]

2. I submit this declaration (the "Declaration") in support of the Application of Roger Frankel, Asbestos Personal Injury Future Claimants' Representative, for Entry of an Order

---

[1] Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Application (as defined herein).

Authorizing the Retention and Employment of Frankel Wyron LLP as Bankruptcy Co-Counsel *Nunc Pro Tunc* to January 16, 2014.

3. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

### A. The Appointment of Mr. Austern and Mr. Frankel, and the Retention of Bankruptcy Counsel

4. In May 2004, the Court appointed David T. Austern as the legal representative for future asbestos personal injury claimants in these Chapter 11 Cases (the "Austern Appointment Order"). The Austern Appointment Order, among other things, authorized Mr. Austern to employ professionals consistent with sections 327 and 1103 of the Bankruptcy Code.

5. Following his appointment, Mr. Austern sought and received Court approval to retain and employ Swidler Berlin LLP ("Swidler"), the firm in which Mr. Frankel and I were then partners, as bankruptcy counsel to represent him in these Chapter 11 Cases.

6. In February 2006, I, along with Mr. Frankel and other lawyers who had represented Mr. Austern while at Swidler, joined Orrick. At that time, Mr. Austern decided to retain the lawyers responsible for representing him, including Mr. Frankel and me, and our new law firm, to continue to represent him in these Chapter 11 Cases. Accordingly, Mr. Austern sought and received Court approval to retain and employ Orrick as his bankruptcy counsel.

7. Mr. Austern died in May 2013.

8. Following Mr. Austern's death, the Debtors filed a Motion for Entry of an Order Appointing Roger Frankel as the Successor Legal Representative for Future Asbestos Personal Injury Claimants *Nunc Pro Tunc* to May 16, 2013 (the "Successor FCR Appointment Motion") and a supporting declaration by Mr. Frankel (the "Frankel Declaration").

9. The Court granted the Successor FCR Appointment Motion and entered the Appointment Order appointing Mr. Frankel as the successor FCR in these Chapter 11 Cases *nunc pro tunc* to May 16, 2013. The Appointment Order provides Mr. Frankel with the same rights and powers provided to Mr. Austern pursuant to the Austern Appointment Order, including, among other things, the right to retain and employ counsel consistent with sections 327 and 1103 of the Bankruptcy Code, subject to approval of the Court.

10. Mr. Frankel sought and obtained Court approval to retain and employ Orrick as his bankruptcy counsel effective as of May 16, 2013.

11. Effective as of January 15, 2014, Mr. Frankel and I withdrew as partners in Orrick. As of January 16, 2014, Mr. Frankel and I began practicing law as partners in FW LLP. Mr. Frankel wishes to retain me (through FW LLP) as co-counsel with Orrick to continue to represent him during the balance of these Chapter 11 Cases.

## FW LLP's Qualifications

12. Since May 2004 when Mr. Austern was appointed as the future claimants' representative, and continuing after Mr. Frankel's appointment as the successor FCR, I, along with my colleagues, first at Swidler and then at Orrick, represented Mr. Austern and Mr. Frankel in their capacities as the asbestos personal injury future claimants' representative in these Chapter 11 Cases.

13. During that time, I, along with other lawyers, worked closely with Mr. Austern, and then with Mr. Frankel, in every aspect of these cases, including:

   a. Conducting due diligence regarding the Debtors and their affiliates, including an analysis of their assets and liabilities;

   b. Participating in a mediation, which failed to achieve a consensual plan of reorganization;

    c. Participating in the highly contested estimation trial of the Debtors' present and future asbestos personal injury liabilities;

    d. Participating in the negotiation and drafting of numerous insurance settlement agreements, which provide for the payment of millions of dollars for the benefit of present and future asbestos personal injury claimants;

    e. Litigating against the Debtors in connection with their requests for multiple extensions of their exclusive periods to file a plan of reorganization and solicit votes in connection therewith, including an appeal thereto, which ultimately resulted in an order terminating the Debtors' exclusive periods;

    f. Participating in the negotiations that led to a global settlement of the Debtors' asbestos liabilities, which settlement formed the basis for the Plan;

    g. Participating in the negotiation and drafting of the Plan as counsel for a co-proponent;

    h. Litigating, along with the Debtors and the other co-proponents of the Plan, in this Court and on appeal to the District Court, against numerous plan opponents in connection with confirmation of the Plan, which resulted in this Court's entry of the Confirmation Order and the District Court's affirmance of that order; and

    i. Participating in briefing the appeals from the Confirmation Order in the Third Circuit, and in preparing for oral argument.

14. Given my many years of experience in these Chapter 11 Cases, I am intimately familiar with the Debtors, the Plan and Plan Documents, the Confirmation Order, the District Court's opinions and orders affirming the Confirmation Order, and the issues related to the anticipated effective date and implementation of the Plan.

15. In addition, I have extensive experience in other asbestos bankruptcy cases, particularly as bankruptcy counsel to future claimants' representatives. I am familiar with the concerns and issues important to the FCR and to the asbestos personal injury claimants who may assert claims or demands in the future.

16. Given my experience in these Chapter 11 Cases and in representing future claimants' representatives in other matters, my continued employment will provide Mr. Frankel with efficient and effective representation, thus assisting him in performing his duties and

responsibilities as the FCR as the effective date of the Plan approaches and these cases draw to a close.

17. Accordingly, I believe FW LLP is well suited to assist the FCR as his bankruptcy co-counsel along with Orrick during the balance of these Chapter 11 Cases.

### Scope of FW LLP's Retention

18. The FCR has requested that FW LLP render the following services in connection with these Chapter 11 Cases:

   a. provide legal advice and representation with respect to the FCR's powers and duties in connection with the Chapter 11 Cases;

   b. prepare and file on behalf of the FCR all applications, motions, responses, objections and other pleadings in these Chapter 11 Cases, including any appeals related thereto, as may be necessary and as the FCR authorizes;

   c. appear on behalf of and represent the FCR in these Chapter 11 Cases, including, *inter alia*, at meetings, court hearings, oral arguments, and other proceedings, as appropriate, before this Court or others;

   d. represent and advise the FCR with respect to any contested matter, adversary proceeding, lawsuit or other proceeding in which he may become a party or otherwise appear in connection with the Chapter 11 Cases, including any appeals related thereto;

   e. represent and advise the FCR with respect to the Plan including, for example, in connection with finalizing the Plan Documents and moving toward the effective date and implementation of the Plan; and

   f. perform all other necessary legal services that the FCR authorizes and/or requests as may be appropriate in connection with these Chapter 11 Cases, including any appeals related thereto.

19. Subject to the Court's approval of the Application, FW LLP is willing to act on behalf of, and render such services to, the FCR on the same terms and conditions as Orrick rendered to Mr. Frankel prior to January 16, 2014.

20. I believe that employing FW LLP as bankruptcy co-counsel will provide the FCR with advice and assistance in a cost effective manner. Because I was the lead partner on the team representing Mr. Frankel while we were both at Orrick, I expect that there will be no duplication of effort between FW LLP and Orrick, and that the lawyers at Orrick and I will continue to function together smoothly as we have since May 2004.

### Connections to the FCR, the Debtors and Other Parties

21. Mr. Frankel and I have worked together for many years on these Chapter 11 Cases. We have also worked together in representing other clients on other matters, including representing future claimants' representatives in other chapter 11 cases and in connection with section 524(g) trusts formed under confirmed plans, and we expect to continue to do so during Mr. Frankel's tenure as the FCR in these Chapter 11 Cases. Mr. Frankel has been appointed as the future claimants' representative to the Combustion Engineering Asbestos Settlement Trust (the "CE Trust"), in addition to his position as the FCR in these Chapter 11 Cases. FW LLP represents Mr. Frankel in connection with the CE Trust. FW LLP also represents, among other clients, the Shook & Fletcher Asbestos Settlement Trust and the future claimants' representative to the Congoleum Asbestos Settlement Trust. None of such other matters is related to the Debtors or these Chapter 11 Cases.

22. I understand that Mr. Frankel intends to provide monthly fee statements of his fees and expenses incurred in his capacity as the FCR, and to file fee applications seeking compensation and reimbursement of expenses, separate and apart from the monthly fee statements and fee applications filed by FW LLP. It is my understanding that amounts allowed by the Court as compensation for fees and reimbursement of expenses for Mr. Frankel's services as the FCR from January 16, 2014 forward will be paid to FW LLP.

23. In order to determine whether any conflict of interest exists which would preclude me and FW LLP from serving as co-counsel to the FCR and to determine whether connections exist which should be disclosed under Bankruptcy Rule 2014, I reviewed a list of parties provided to me by Orrick. My understanding is that the list was originally provided by the Debtors in connection with Mr. Austern's retention of counsel in 2004 and that since that time, Orrick has updated the list as additional parties in interest and their attorneys and accountants have entered their appearances or otherwise become known to Orrick in these Chapter 11 Cases (the original list provided by the Debtors and the updates thereto are referred to herein as the "Listed Parties"). Attached hereto as **Exhibit 1** is the current list of the Listed Parties. I limited my review to the Listed Parties.

24. I have reviewed the list of FW LLP clients and matters with a view toward determining whether FW LLP has any identified connections with any of the Listed Parties.

25. As far as I am able to ascertain and to the best of my knowledge, and except as otherwise set forth herein, FW LLP does not hold or represent any interest adverse to the Debtors or their estates with respect to the matters on which FW LLP is to be employed, and has no connections with the Debtors, their creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. FW LLP is or may become involved in matters unrelated to these Chapter 11 cases in which such parties, or attorneys or accountants for such parties, were, are or become involved. FW LLP also may have or represent interests adverse to certain of such creditors or parties in interest in matters unrelated to these Chapter 11 Cases.

26. In addition to the foregoing, I have professional or personal associations with, or interests aligned with or adverse to, creditors or parties in interest, or their attorneys, accountants

or advisors. As part of its practice, FW LLP represents clients in cases, proceedings and transactions involving many different parties, and works together with many different parties, which may include creditors or parties in interest, or attorneys, accountants or other professional firms or advisors who may represent creditors or parties in interest, in these Chapter 11 Cases. To the best of my knowledge, none of these associations, relationships or interests has any connection to the Debtors or these Chapter 11 Cases.

27.  I am not related to any United States District Judge or United States Bankruptcy Judge for the District of Delaware or to the United States Trustee for this district or to any known employee of that office.

28.  FW LLP is not a creditor, equity security holder or an insider of the Debtors or their estates. In addition, within two years before the date of filing of these Chapter 11 Cases, I was not a director, officer, or employee of the Debtors.

29.  I do not directly hold publicly traded securities of W. R. Grace & Co.

30.  Accordingly, I believe FW LLP is "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code and may act as bankruptcy co-counsel to the FCR.

## Professional Compensation

31.  FW LLP and the FCR have agreed that FW LLP will represent the FCR, if authorized by the Court, on the same terms and conditions as such services were rendered to Mr. Frankel by Orrick prior to January 16, 2014.

32.  FW LLP intends to apply for compensation for services rendered to Mr. Frankel in connection with these Chapter 11 Cases on an hourly basis, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Orders of this Court, including the

Administrative Compensation Order, and the guidelines established by the Fee Auditor appointed in these Chapter 11 Cases.

33.  In light of confidentiality considerations, FW LLP reserves the right to redact its time and expense records as it believes appropriate. FW LLP understands that no compensation may be paid by the Debtors except to the extent allowed or approved by the Court.

34.  As was the case in 2013 while I was a partner in Orrick, my standard hourly rate is $875. My hourly rate is subject to periodic increases in the normal course of FW LLP's business. It is FW LLP's policy to charge its clients for certain disbursements for in-house services, including postage, telephone charges, duplicating, word processing and the like, as well as certain third-party payments, including travel expenses, expenses for working meals, computerized research, transcription costs, and other expenses incurred on the FCR's behalf. FW LLP agrees to follow the Local Rules and Orders of this Court, including the Administrative Compensation Order, the guidelines established by the Fee Auditor appointed in these Chapter 11 Cases and any other administrative procedures that apply to these Chapter 11 Cases concerning compensation.

35.  To the best of my knowledge, no promises or arrangements have been received by FW LLP as to payment or compensation in connection with the above-captioned cases other than in accordance with applicable provisions of the Bankruptcy Code. To the best of my knowledge, FW LLP has no agreement with any other entity to share with such entity compensation received by FW LLP in connection with the Debtors' Chapter 11 Cases, except as permitted by Section 504(b)(1) of the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Richard H. Wyron

Executed on this 31st day of January 2014