IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al,[1] | ) | Case No. 01-01139 (JFK) |
| | ) | (Jointly Administered) |
| Debtors | ) | |
| | ) | |

SUPPLEMENTAL AFFIDAVIT OF DISINTERESTEDNESS
UNDER 11 U.S.C. 327(e)

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS | ) |
| | ) |
| COUNTY OF SUFFOLK | ) |

William W. Kannel, being duly sworn, upon his oath, deposes and says:

1.  I am a member of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (the "Firm").

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston, Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fund Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston, Ltd., G.C. Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G.C. Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B, Inc., Grace A-B II, Inc, Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc,. Grace H-G, Inc., Grace H-G II, Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc,. Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Interdemco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a/ British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.  I submit this supplemental affidavit (the "Supplemental Affidavit") pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 to supplement the *Affidavit Under 11 U.S.C. 327(e)* (the "Original Affidavit"). The Original Affidavit was submitted on February 23, 2005 in response to the Debtors' request that the Firm provide legal services to the Debtors. I incorporate by reference herein the Original Affidavit, which is attached hereto as **Exhibit A**.

3.  The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 cases, for persons that are parties-in-interest in the Debtors' Chapter 11 cases. Except as set forth in paragraph 5 below and in the Original Affidavit, the Firm does not perform services for any such person in connection with these Chapter 11 cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

4.  As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties and professionals, some of whom may represent or be employed by the Debtors, claimants and parties-in-interest in these Chapter 11 cases. Except as set forth in paragraph 5 below and in the Original Affidavit, the Firm does not perform services for any such person in connection with these Chapter 11 cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

5.  I file this Supplemental Affidavit to disclose the following representation in addition to those identified in the Original Affidavit. The Firm now represents Ronald Strich with respect to advice on his employment agreement with, and the operating

agreement of, a non-debtor subsidiary of W.R. Grace & Co.-Conn. The Firm does not represent Strich with respect to any claims he may have in these Chapter 11 cases.

6. As demonstrated above and in the Original Affidavit, the Firm is disinterested within the meaning of 11 U.S.C. § 101(14), as modified by 11 U.S.C. §1107(b), and does not have an interest materially adverse to the interest of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason except as disclosed herein.

7. Except as specifically disclosed in the Original Affidavit and this Supplemental Affidavit, to the best of my knowledge, the Firm does not represent any of the Debtors' known creditors.

8. Neither I nor any principal of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the members and regular employees of the Firm.

9. Neither I nor any principal of or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which we are to be employed.

10. The Debtors do not owe the Firm any money for pre-petition services.

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters

described herein the Firm will supplement the information contained in this Supplemental Affidavit.

Executed on February 4, 2014

                                              William W. Kannel
                                              Mintz, Levin, Cohn, Ferris, Glovsky and
                                              Popeo P.C.

Sworn to and subscribed before me
this 4th day of February, 2014

Notary Public
My Commission expires: 6/12/20

JACQUELYN A. CANNATA
Notary Public
Commonwealth of Massachusetts
My Commission Expires June 12, 2020

26449975v.1

# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re:                                 ) Chapter 11
                                       )
W.R. Grace & Co., et al,[1]            ) Case No. 01-1139
                                       ) (Jointly Administered)
                   Debtors             )
                                       )

## AFFIDAVIT UNDER 11 U.S.C. 327(e)

COMMONWEALTH OF MASSACHUSETTS    )
                                 )
COUNTY OF SUFFOLK                )

William W. Kannel, being duly sworn, upon his oath, deposes and says:

1. I am a member of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (the "Firm").

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston, Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fund Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston, Ltd., G.C. Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G.C. Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B, Inc., Grace A-B II, Inc, Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc,. Grace H-G, Inc., Grace H-G II, Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc,. Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a/ British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2. The Debtors have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 cases, for persons that are parties-in-interest in the Debtors' Chapter 11 cases. Except as set forth in paragraph 5 below, the Firm does not perform services for any such person in connection with these Chapter 11 cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties-in-interest in these Chapter 11 cases. Except as set forth in paragraph 5 below, the Firm does not perform services for any such person in connection with these Chapter 11 cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

5. The Firm represents Perini Corporation with respect to its claims in the Debtors Chapter 11 cases. The Firm also represents an executive of W.R. Grace who is being indemnified by W.R. Grace pursuant to Delaware law and an understanding between W.R. Grace and the executive. The Firm has also been asked to represent Decathlon U.S.A. with respect to the potential lease of certain property from W.R. Grace. The Debtors are aware of and have consented to these representations.

6. Neither I nor any principal of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the

Debtors with any other person other than the members and regular employees of the Firm.

7. Neither I nor any principal of or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which we are to be employed.

8. The Debtors do not owe the Firm any money for pre-petition services.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein the Firm will supplement the information contained in this Affidavit.

Executed on February 23, 2005

William W. Kannel
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C.

Sworn to and subscribed before me
this 23rd day of February, 2005

Notary Public
My Commission expires: 7/21/06