IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: February 20, 2014, at 4:00 p.m.** |
| | ) | **Hearing Date: March 26, 2014 at 10:00 a.m.** |

**DEBTORS' MOTION PURSUANT TO SECTIONS 105, 363, 1107 AND 1108 OF
THE BANKRUPTCY CODE AND RULES 2002, 6004, 9014 AND 9019 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
FOR AN ORDER APPROVING THE ADDENDUM TO THE SETTLEMENT
AGREEMENT BETWEEN
THE GRACE PARTIES AND THE ROYAL PARTIES**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order approving the Addendum to the Settlement Agreement (the "Addendum") by and between the Grace Parties and the Royal Parties. A copy of the Addendum is attached hereto as Exhibit A. In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Motion is proper under 28 U.S.C. § 1408.

2. The statutory predicates for this Motion are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 the Federal Rules of Bankruptcy Procedure.

## Background

3. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. The Royal Parties are (1) Arrowood Indemnity Company, individually, and as corporate successor-in-interest to Royal Indemnity Company, and its parent company, Arrowpoint Capital Corp., and Royal Indemnity Company, together with all other Royal Parties as that term is defined in the Agreement. The Grace Parties are the Debtors, together with all other Grace Parties as defined in the Agreement.

5. In June 2009, the Grace Parties and the Royal Parties entered into the Settlement Agreement (the "Agreement"), executed on behalf of the Grace Parties and the Royal Parties on June 17, 2009, a copy of which is attached hereto as Exhibit B.

6. The Royal Parties issued or allegedly issued certain liability insurance policies to certain of the Grace Parties.[2] The Agreement resolved the Royal Parties' alleged coverage obligations and various other matters related to the Subject Insurance Policies, as defined in the Agreement.

7. On August 19, 2009, the Bankruptcy Court entered an Order Pursuant to Sections 105, 363, 1107 and 1108 of the Bankruptcy Code and Rules 2002, 604, 9014 and 9019 of the Federal Rules of Bankruptcy Procedure Approving the Settlement Agreement (Dkt. 22856), a copy of which is attached hereto as Exhibit C.

8. The First Amended Joint Plan of Reorganization (the "Plan") provides that Asbestos Insurance Rights, including rights to coverage under the Subject Insurance Policies, are to be transferred to the Trust, to be used to fund payment of Asbestos PI Claims. *See* Plan, Art. 7.2.2(d)(ii) and (iv); Plan Ex. 6 – Asbestos Insurance Transfer Agreement.

9. The Agreement provides for a buy-out of certain of the Royal Parties' coverage obligations under the Subject Insurance Policies.

10. Section II of the Agreement contemplated that the Royal Parties would pay the Settlement Amount of Five Million Eight Hundred Thousand U.S. Dollars ($5,800,000.00) into an Escrow Account following the Trigger Date, which was expected to occur prior to the Effective Date of the Plan. However, the Trigger Date was delayed.

11. On January 31, 2011, the Bankruptcy Court confirmed the Plan. (Dkt. 26154, 26155) In a January 31, 2012, Memorandum Opinion and Order (Case No. 11-cv-00199-RLB, Dkt. 165 and 166), and a June 11, 2012, Amended Memorandum Opinion and Order (Dkt.

---

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Agreement (as defined herein, paragraph 5 *infra*), or the Plan (as defined herein, paragraph 8 *infra*), as applicable.

217 and 218), the District Court also confirmed the Plan. The United States Court of Appeal for the Third Circuit denied several appeals (Case No. 12-2807, Opinion dated 7/24/13; Case Nos. 12-1521, 12-2904, 12-2923, 12-3143, Opinions dated 9/4/13). The final appeal which had been pending (Case No. 12-2924), has been resolved pursuant to a settlement agreement approved by this Court and that appeal has been dismissed.

12. The Effective Date occurred on February 3, 2014. Therefore, it is no longer necessary to establish an Escrow Account to hold the Settlement Amount prior to the Effective Date.

13. Accordingly, the Parties have agreed to an Addendum to the Agreement, which provides that Subsections I.A through II.C. of the Agreement, which provided for payment to an Escrow Account, are deleted in their entirety and replaced with a provision providing for direct payment of the Settlement Amount from Arrowood Indemnity Company to the WRG Asbestos PI Trust in accordance with the timing and other provisions set forth in the Addendum. A copy of the Addendum is attached hereto as <u>Exhibit A</u>.

**<u>Relief Requested</u>**

14. By this Motion, the Debtors respectfully seek the entry of an order, pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Addendum, which has been executed by the parties, and, by its terms, will become effective upon the approval of this Court.

**<u>Basis for Relief</u>**

15. This Court has statutory authority to authorize and approve the Debtors' entry into the Addendum pursuant to sections 105 and 363(b)(l) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the

Bankruptcy Code. 11 U.S.C. § 105(a). Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). A settlement of claims and causes of action by a debtor in possession constitutes a use of property of the estate. *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*

16. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019(a). Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed compromise is in the best interests of the debtor's estate. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate.'"). To reach this determination, courts assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the compromise. *See Martin*, 91 F.3d at 393.

17. The standard by which courts evaluate the reasonableness of a proposed compromise and settlement is well established. This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.*; *see also Depositor v. Mary M. Holloway Found.*, 36 F.3d 582, 587 (7th Cir. 1994) (affirming an order approving a compromise and settlement of claims against the estate where it was "unlikely" that

the debtor would succeed on the claim, litigation of the claims would involve considerable expense, and the claimant would withdraw all claims upon approval of the settlement). Settlements should only be rejected if they fall "below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). By its August 19, 2009 Order, the Court has already found that these standards are met in this case. The Addendum merely ensures that direct payment of the Settlement Amount may be made to the WRG Asbestos PI Trust.

18.  For all of the foregoing reasons, the Debtors submit that the Addendum is fair and reasonable and in the best interests of the Debtors, their creditors and their estates, and thus the Debtors should be authorized to enter into the Addendum.

### Notice

19.  Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee, (iv) counsel to the Asbestos PI Future Claimants' Representative and counsel to the Asbestos PD Future Claimants' Representative; and (v) those parties that requested papers under Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order approving the Addendum, and granting such other and further relief as the Court deems just and proper.

Dated: February 6, 2014

KIRKLAND & ELLIS LLP
Adam Paul
Lisa G. Esayian
300 N. LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

PACHULSKI, STANG, ZIEHL & JONES LLP

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession