IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,[1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>Objection Deadline:<br>Hearing Date:<br>Hearing Time: |

**SUMMARY COVER SHEET TO THIRTY-FOURTH QUARTERLY INTERIM
APPLICATION OF FOLEY HOAG LLP FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES AS SPECIAL ENVIRONMENTAL COUNSEL TO
W.R. GRACE & CO., ET AL. FOR INTERIM PERIODS
OCTOBER 2013 THROUGH DECEMBER 2013**

| | |
|---|---|
| Name of Applicant: | Foley Hoag LLP |
| Authorized to Provide Professional<br>Services to: | W.R. Grace & Co., et al.<br>Debtors and Debtors-in-Possession |
| Date of Retention: | September 30, 2005, *nunc pro tunc* July 1, 2005 |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc. ), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., CPC Thomasville Corp., Gloucester New Communities Company, Inc. Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp, Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Period for Which Compensation and
Reimbursement is Sought:                    October 2013 through December 2013

Amount of Compensation Sought as
Actual, Reasonable and Necessary:           $118,640.50

Amount of Expense Reimbursement Sought
as Actual, Reasonable and Necessary:        $2,398.06

This is a Thirty-fourth quarterly interim application.

## CUMULATIVE SUMMARY OF QUARTERLY FEES INCURRED BY FOLEY HOAG LLP AS SPECIAL ENVIRONMENTAL COUNSEL TO DEBTORS

The Foley Hoag professionals who rendered services during the Thirty-fourth Quarterly

Fee Application are:

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Seth D. Jaffe | Partner | Environmental | $643.00 | 88.5 | $ 56,905.50 |
| Seth D. Jaffe | Partner | Environmental | $626.00* | 40.3 | $ 25,227.80 |
| Thomas Bevilacqua | Partner | ILAP | $624.00 | 1.5 | $ 936.00 |
| Jacob N. Polatin | Partner | Real Estate | $615.00 | 8.9 | $ 5,473.50 |
| Jacob N. Polatin | Partner | Real Estate | $585.00* | 8.6 | $ 5,031.00 |
| Jesse Alderman | Associate | Environmental | $347.00 | 58.5 | $ 20,299.50 |
| Jesse Alderman | Associate | Environmental | $338.00* | 9.0 | $ 3,042.00 |
| Kevin C. Conroy | Associate | Administrative | $520.00 | 2.1 | $ 1,092.00 |
| Coleen Doyle | Paralegal | Administrative | $254.00 | 2.2 | $ 558.80 |
| Coleen Doyle | Paralegal | Administrative | $248.00* | 0.3 | $ 74.40 |
| | | | | | |
| **TOTAL** | | | | 219.9 | $ 118,640.50 |

*Rate change reflects 10% discount agreed-upon for billing over $250,000 during 2013 fiscal year (former rate was 7.5% discount of 2013 rates)

Total Fees: $118,640.50

## CUMULATIVE EXPENSE SUMMARY

| Expense Categories | Total Expenses for Period from October 1, 2013 – December 31, 2013 |
|---|---|
| Photocopies | $ 28.80 |
| Telephone | $ 24.96 |
| Document Production | $ 228.61 |
| Express Delivery | $ 35.19 |
| Case File Retrieval | $ 225.15 |
| Filing Fees | $ 400.00 |
| Meals | $ 122.15 |
| Computer Research | $ 399.10 |
| Title Examination | $ 876.00 |
| Parking | $ 23.00 |
| Transcripts | $ 35.10 |
| | |
| **TOTAL** | **$ 2,398.06** |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>Objection Deadline:<br>Hearing Date:<br>Hearing Time: |

## THIRTY-FOURTH QUARTERLY INTERIM APPLICATION OF FOLEY HOAG LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL ENVIRONMENTAL COUNSEL TO W.R. GRACE & CO., ET AL. FOR INTERIM PERIODS OCTOBER 2013 THROUGH DECEMBER 2013

Pursuant to Sections 330 and 331 of Title II of the United States Code (the "Bankruptcy

Code"), Fed. R. Bankr. P. 2016 and the Court's Amended Administrative Order under 11 U.S.C.

§§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members, signed

April 17, 2002, Amending the Court's Administrative Order Pursuant to Sections 105(a) and 331

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc. ), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., CPC Thomasville Corp., Gloucester New Communities Company, Inc. Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp, Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

of the Bankruptcy Code Establishing Procedures for Allowance of Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals entered May 3, 2001 (together the "Administrative Order"), the firm of Foley Hoag LLP ("Foley Hoag") hereby files this *Thirty-fourth Quarterly Interim Application of Foley Hoag LLP for Compensation and Reimbursement of Expenses as Special Environmental Counsel to W.R. Grace & Co., et al. for Interim Periods October 1, 2013 Through December 31, 2013* (the "Thirty-fourth Quarterly Fee Application"). By this Thirty-fourth Quarterly Fee Application, Foley Hoag seeks the interim allowance of compensation in the amount of $118,640.50 and reimbursement of actual and necessary expenses in the amount of $2,398.06 for a total of $121,038.56 for the period of October 1, 2013 through December 31, 2013 (the "Interim Period"). In support of this Thirty-fourth Quarterly Fee Application, Foley Hoag respectfully represents as follows:

## BACKGROUND

1.      On April 2, 2001 (the "Petition Date") each of the Debtors (collectively the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1008 of the Bankruptcy Code, the Debtors are continuing to operate their business and manage their properties and assets as Debtors-in-Possession.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 §§ 157(d)(2).

3.      On April 20, 2001, the Court entered its Order that the Debtors' Chapter 11 cases be consolidated for procedural purposes only and administrated jointly.

4.      By this Court's Order dated September 30, 2005, the Debtors were authorized to retain Foley Hoag as special environmental counsel, effective as of September 30, 2005, *nunc pro tunc* July 1, 2005 (the "Retention Order"). The Retention Order authorizes Debtors to

compensate Foley Hoag under Sections 330 and 331 of the Bankruptcy Code and shall be reimbursed for all allowed necessary, actual and reasonable expenses incurred by Foley Hoag.

5.    Pursuant to the procedures set forth in the Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a Certification of No Objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and one hundred percent (100%) of the expenses requested subject to the filing and approval of interim and final fee applications of the professional. The professional is to also file a Quarterly Interim Fee Application.

6.    Attached hereto as Exhibit A is the Verification of Seth D. Jaffe.

## MONTHLY FEE APPLICATIONS

7.    On November 29, 2013, Foley Hoag filed its Monthly Fee Application for the month of October 2013 for fees incurred in the amount of $85,265.30 (less twenty percent (20%) holdback of $17,053.06 for a fee to be paid pursuant to the monthly fee application filed of $68,212.24) and reimbursement of expenses totaling $1,065.03. No objection to the payment of the Monthly Fee Application was filed.

8.    On December 30, 2013, Foley Hoag filed its Monthly Fee Application for the month of November 2013 for fees incurred in the amount of $24,976.80 (less twenty percent (20%) holdback of $4,995.36 for a fee to be paid pursuant to the monthly fee application filed of $19,981.44) and reimbursement of expenses totaling $1,143.55. No objection to the payment of the Monthly Fee Application was filed.

9.    On January 28, 2013, Foley Hoag filed its Monthly Fee Application for the month of December 2013 for fees incurred in the amount of $8,398.40 (less twenty percent (20%)

holdback of $1,679.68 for a fee to be paid pursuant to the monthly fee application filed of

$6,718.72) and reimbursement of expenses totaling $189.48. The date for objection has not

passed, but no objection has been filed to date.

      10.    The Thirty-fourth Quarterly Fee Application is filed, as set forth above, for fees

incurred for October 1, 2013 through December 31, 2013. The Monthly Fee Application

contains daily time logs describing the actual and necessary services provided by Foley Hoag

during the Interim Period.

      11.    Attached hereto as Exhibit B is a summary of the primary services performed by

Foley Hoag during the Interim Period. The summary reflects services of importance which

required the special attention, efforts and skill of Foley Hoag.

      12.    Attached hereto as Exhibits C, D, and E are monthly time records, which provide

detail and information as to the work performed by Foley Hoag during the Interim Period.

**REQUESTED RELIEF**

      13.    By this Thirty-fourth Quarterly Fee Application, Foley Hoag requests that the

Court approve the interim allowance of compensation for professional services rendered in the

amount of $118,640.50 and the reimbursement of actual and necessary expenses incurred in the

amount of $2,398.06 by Foley Hoag during the Interim Period. As stated above, the full scope of

services provided and related expenses incurred are fully described in the monthly fee detail

attached hereto as Exhibits C, D and E.

      14.    At all relevant times, Foley Hoag has been a disinterested person as that term is

defined in Section 101(14) of the Bankruptcy Code and has not represented or held an interest

adverse to the interest of the Debtors. All services for which compensation is requested by Foley

Hoag were performed for or on behalf of the Debtors and not on behalf of any committee,

creditor or other person.

- 4 -

15.     During the Interim Period, Foley Hoag has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtor's cases.

16.     Foley Hoag has no agreement with any non-affiliated entity to share any compensation earned in these Chapter 11 cases.

17.     The professional services and related expenses for which Foley Hoag requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with Foley Hoag's provision of professional services, particularly with regard to advice as to current, pending, and future environmental matters relating to the Acton, Massachusetts superfund site and to a proposed lease of property in Woburn, Massachusetts.

18.     Foley Hoag's services have been necessary and beneficial to Debtors, their estates and other parties in interest.

WHEREFORE, Foley Hoag respectfully requests that the Court enter an Order, providing that, for the period October 1, 2013 through December 31, 2013, allowance will be made to Foley Hoag in the sum of $118,640.50 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $2,398.06 for reimbursement of actual and necessary costs and expenses incurred, for a total of $121,038.56; that Debtors authorized and directed to pay to Foley Hoag the outstanding amount of such sums; and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Seth D. Jaffe (MA BBO # 548217)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA  02210-2600
(617) 832-1000

Dated:  February 7, 2014