**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| W.R. GRACE & CO., *et. al.* | : Case No. 01-1139 (KJC) |
| | : |
| Debtors | : (Jointly Administered) |
| | : **Hearing Date:  March 26, 2014 at 10:00 a.m.** |
| | : **Objection Deadline:   March 6, 2014 at 4:00 p.m.** |

**FIFTY-FIRST QUARTERLY FEE APPLICATION OF**
**PRICEWATERHOUSECOOPERS LLP, AUDITORS AND TAX**
**CONSULTANTS FOR DEBTORS, FOR ALLOWANCE OF COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM**
**PERIOD OF OCTOBER 1, 2013 THROUGH DECEMBER 31, 2013**

PricewaterhouseCoopers LLP ("PwC"), auditors and tax consultants for W.R.

Grace & Co., and the other above-captioned debtors (collectively, the "Debtors"), by and

through its undersigned counsel, hereby submits its *Fifty-First Quarterly Fee Application*

*for Allowance of Compensation and Reimbursement of Expenses (the "Application")*

*incurred during the period of October 1, 2013 through December 31, 2013* (the

"Quarterly Period").   In support of this Application, PwC respectfully represents as

follows:

**I.      COMPENSATION REQUESTED**

        1.      As set forth below, Applicant is requesting a quarterly allowance of fees in

the aggregate amount of $1,117,664.21 (plus $3,678.96 for preparing the related fee

applications) and reimbursement of expenses in the aggregate amount of $14,304.26.

This amount represents the fees generated and expenses incurred by PwC during the

Fifty-First Quarterly Period, as defined in the Court's *Amended Administrative Order*

*Under 11 U.S.C. §§ 105(a) And 331 Establishing Revised Procedures For Quarterly*

*Compensation And Reimbursement Of Expenses For Professionals And Official Committee Members* (the "Amended Quarterly Procedures Order") and for the monthly applications that were not previously included in the quarterly applications.

2.       As explained more fully below, the Debtors filed their *Application of the Debtors for the Entry of an Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors and Debtors in Possession* on January 10, 2002 (the "Original Retention Application").

3.       The Original Retention Application was contested, and it was not until June 18, 2002 that the Court entered its Order Pursuant to 11 U.S.C. §§ 327(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of PricewaterhouseCoopers LLP As Auditors and Tax Consultants to the Debtors and Debtors in Possession Nunc Pro Tunc to January 10, 2002 (the "Retention Order").

4.       PwC herein requests allowance of compensation and reimbursement of expenses for the Fifty-First Quarterly Period.  The amounts billed in connection with this application are

|  | Fees | Expenses |
|---|---|---|
| W. R. Grace Audit Services: | | |
| October 1 – December 31, 2013: | $1,067,663.77 | $14,304.26 |
| Water's Edge Tax Project | | |
| September 1, 2013 – October 31, 2013: | $50,000.44 | $0.00 |

A table showing the names of all professionals and paraprofessionals who rendered services during the period covered by the applications, together with the billing rates of

such persons and the number of hours charged by such persons, is set forth on the cover sheet to these Applications.

## II.    INTRODUCTION AND PROCEDURAL BACKGROUND

5.      On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties and assets as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On January 10, 2002, the Debtors filed the Original Retention Application, seeking to retain PwC as their independent accountants and auditors.  The United States Trustee filed its Amended Objection to the Debtors' Application for Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors (the "Objection to the Original Retention Application") on January 31, 2002.

7.      On April 15, 2002, the Debtors filed the Amended Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§327(a) and 328 and the Fed. R. Bank. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Auditors and Tax Consultants to the Debtors and Debtors in Possession Nunc Pro Tunc to November 11, 2001 (the "Amended Retention Application").  The United States Trustee filed his Objection to the Amended Application for Order Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Auditors and Tax Consultants Nunc Pro Tunc to November 11, 2001 (the "Objection to the Amended Retention Application") on May 3, 2002.

8.      On June 8, 2002, the Court entered the Retention Order.

<u>Relief Requested</u>.

9.     By this Application, PwC respectfully requests the entry of an Order, substantially in the form attached as Exhibit "A," allowing on a quarterly basis $1,117,664.21 (plus $3,678.96 for preparing the related fee applications) and reimbursement of expenses in the aggregate amount of $14,304.26.  for the Quarterly Period.

10.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these proceedings and this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

11.     All of the services for which compensation is sought were rendered by Applicant to the Debtors solely in connection with this case and in furtherance of the duties and responsibilities of the Debtors and not on behalf of any creditor or other person.

12.     Applicant's hourly rates for its auditors and other professionals charged in connection with Applicant's services for the Debtors were the rates Applicant customarily charged its clients (whether corporate or individual) in both bankruptcy and non-bankruptcy matters at the time the services were rendered.  In July 2004, Applicant changed its time and expense management system and revised its standard billing rates. These new rates, effective with the filing of PwC's previous monthly application for July 2005, have been discussed with, and agreed to, by management of the Debtor, and have

not dramatically impacted the overall fees charged to the Debtor as compared to previous fee applications.

13.     By order dated April 17, 2002 (the "Amended Administrative Order"), the Court has adopted procedures (the "Procedures") for all applications for Quarterly compensation and reimbursement of expenses in this bankruptcy proceeding.   In accordance with the Procedures, Applicant has submitted a cumulative summary of fees by project category and a cumulative summary of expenses by category.

14.     Applicant is not seeking reimbursement for internal charges, including costs associated with airline ticketing and general office services such as computer usage, telephone charges, facsimile transmissions, postage, and photocopying.

15.     No payments have been promised to Applicant for services rendered or to be rendered in any capacity in connection with the Debtors' Chapter 11 cases.   No agreement exists between Applicant and any other person or entity to share any compensation in connection with the Debtors' Chapter 11 cases.

16.     Pursuant to the Amended Administrative Order, PwC served copies of this Application upon (a) David B. Siegel, W.R. Grace & Co.; (b) co-counsel for the Debtors; (c) co-counsel to the debtor-in-possession lender; (d) counsel to the Committees, including counsel for the Official Committee of Unsecured Creditors; counsel to the Official Committee of Asbestos Property Damage Claimants; counsel to the Official Committee of Personal Injury Claimants; and the Official Committee of Equity Holders; (e) the Fee Auditor; and (f) the United States Trustee.

III.    **SERVICES RENDERED DURING THE QUARTERLY PERIODS**

17.    The nature of the work performed by PwC during the Quarterly Period included the following.

Audit Services – 2013 Integrated Audit

Audit and Tax Services.  The Applicant provided the following services:

(i)    Performed review of WR Grace Q3 2013 financial information for the purposes of the Q3 2013 10-Q filing.  This included performing analytical procedures on consolidated and disaggregated worldwide balances, review of incentive compensation accruals, review of earnings per share calculation, review of pension adjustments, review of environmental and legal updates, attendance at the Q3 2013 business review, and review of management's equity rollforward, among other procedures.

(ii)    Performed completion procedures for the purposes of the Q3 2013 10-Q filing.  This included the tie out of the Q3 2013 10-Q, preparation of the management representation letter, preparation of our Q3 2013 review reports, and finalizing completion documentation including compiling a summary of aggregated deficiencies, summary of uncorrected misstatements, finalizing the review reports, and reviewing management's representation letter.

(iii)    Review work performed by the PwC tax team to obtain comfort over the effective tax rate, income tax provision, and income taxes payable included in the WR Grace Q3 2013 10-Q.  This work included review of the uncertain tax positions rollforward, review and tie out of effective tax rate calculation, and tie out of tax balances in the Q3 2013 10-Q.

(iv)    Preparation for the Audit Committee meeting in November 2013.

(v)    Performed 2013 audit work over internal controls required under section 404 of the Sarbanes-Oxley Act. This work included controls testing as well as review of walkthroughs of key processes including but not limited to, revenue and receivables, intangibles, financial reporting, capital asset management, treasury, payroll, incentive compensation, accruals, inventory and accounts payable.

(vi)    Preparation for and attendance at inventory observations in Chicago, IL Curtis Bay, MD, Elkridge, MD, and Toa Baja, PR plant, and preparation for attendance at inventory observations in Mt. Pleasant, TN, Mobile, Alabama,  and Chicago, IL.

(vii)    Work by our Risk Assurance team to evaluate the implementation of the SAP system upgrade.

(viii)    Completed our review of WR Grace Q3 2013 financial information for the purposes of the Q3 2013 10-Q filing.  This included finalizing the tie out

of the Q3 2013 10-Q, finalizing completion documentation including compiling a summary of aggregated deficiencies, summary of uncorrected misstatements, finalizing the review reports, and reviewing management's representation letter.

(ix)    Work by the engagement team and tax team to finalize the evaluation of accounting treatment of various tax matters including Windfall Tax Benefits, Section 199 Deduction, discrete tax adjustment resulting from an IRS finding related to a German stock transaction, and discrete tax adjustments resulting from adjustments made to the tax basis used to calculate the gain of the sale of ownership interest in the Colowyo partnership.

(x)    Procedures performed by the PwC Risk Assurance team to perform interim, update, and completion testing work over the WR Grace information technology systems and reports, including audit procedures related to Information Technology General Controls, automated controls, and key reports.

(xi)    Discussions with the Company, review of the documentation, and consultation with specialists on the following matters:

    a.  Acquisition made by the Company (Dow Unipol), including consideration of appropriate accounting for revenue
    b.  Change to Mark to Market pension accounting, including tie out and other procedures over the 8-K disclosure for the change
    c.  Emergence from Bankruptcy
    d.  Planned change in GCP reporting units

(xii)    Performed interim audit work for the annual financial statement audit around the following areas:

    a.  Journal entries
    b.  Testing of detailed revenue transactions
    c.  Preparation of cash and debt confirmations
    d.  Accounts receivable confirmations

(xiii)    Work performed by the PwC Tax Team over Q4 discrete adjustments and discussions with the Company about Q4 windfall tax impacts

(xiv)    Coordination of foreign component audit teams and review of interim component team deliverables.

(xv)    Preparation for the January Audit Committee meeting

Tax Services – Water's Edge Project

(i)    Reviewed modeled impact of W.R. Grace's California water's edge election in order to determine potential state tax implications of filing under this methodology in California.

(ii)    PwC participated in various conference calls and meetings with Grace Management to discuss water's edge model and election.

(iii)    Analyzed transactions and agreements related to the 1998 and 2007 California DISAs, DITs and other outstanding GRAs.
(iv)    Reviewed apportionment factor impact of DITs or DISAs
(v)    Considered potential impact of an MTC election on the water's-edge filing.
(vi)    Preparation and review of a memorandum discussing the conclusions reached and recommendations.
(vii)    Conference call meetings with Grace Management team to discuss findings, conclusions, and recommendations.

18.    <u>Retention and Fee Matters</u>.    Applicant also seeks compensation and reimbursement of expenses for the preparation of these Applications.

## IV.    **ALLOWANCE OF COMPENSATION**

19.    Under the Bankruptcy Code, professionals performing services in a bankruptcy case are entitled to "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1)(A).

20.    In determining if the amount of compensation is "reasonable", the courts consider the "nature, the extent, and the value" of the services rendered, taking into account the following factors: the time spent on the services; the rates charged for the services; whether the services were necessary or beneficial to the administration of the case; whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the services; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Chapter 11. 11 U.S.C. § 330(a)(3)(A). As described throughout these Applications, PwC has satisfied the relevant criteria to support the requested award of compensation.

21.    In general, the "baseline rule is for firms to receive their customary rates." <u>Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc</u>., 50 F.3d 253, 259 (3d Cir. 1995). The

compensation sought herein is based on PwC's customary rates, which are in line with the customary rates charged by comparably skilled practitioners in cases other than cases under Chapter 11.

22.    Applicant's services have been rendered in an efficient manner by accountants and auditors who are experts in their fields.  PwC is one of the largest and most well-respected audit firms in the country, and its rates are commensurate with its level of expertise.

23.    The time and effort dedicated to the preparation of a fee application is also an actual and necessary service compensable under the Bankruptcy Code.  See, e.g., In re ACT Mfg., Inc., 281 B.R. 468 (Bankr. D. Mass. 2002); Kelsey v. Great Lakes Higher Educ. Corp. (In re Kelsey), 272 B.R. 830 (Bankr. D. Vt. 2002); In re Gillett Holdings, Inc., 137 B.R. 475 (Bankr. D. Colo. 1992); In re Kreidle, 85 B.R. 573 (Bankr. D. Colo. 1988).  Applicant, therefore, requests compensation for the time and effort it dedicated to the preparation of these Applications.

24.    No prior application for the relief requested herein as been made.

**WHEREFORE**, PwC respectfully requests Quarterly allowance of compensation in the amount $1,117,664.21 (plus $3,678.96 for preparing the related fee applications) and reimbursement of expenses in the aggregate amount of $14,304.26, together with such other and further relief as this Court deems just and

Dated: February 12, 2014              SMITH KATZENSTEIN & JENKINS LLP

/s/ Kathleen M. Miller
Kathleen Miller (I.D.  No.2898)
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone:  302-652-8400
Telecopy:  302-652-8405
Email:  kmiller@skfdelaware.com

Attorneys for PricewaterhouseCoopers LLP