# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

## DECLARATION OF SERVICE REGARDING:

**Exhibit 1**     NOTICE OF OCCURRENCE OF THE EFFECTIVE DATE OF THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W. R. GRACE AND CO., ET AL. THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS AS MODIFIED THROUGH DECEMBER 23, 2010

I, James H. Myers, state as follows:

---

[1] The Reorganized Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

1. I am over eighteen years of age and I believe the statements contained herein are true based on my personal knowledge. My business address is c/o BMC Group, Inc. (f/k/a Bankruptcy Management Corporation), 300 North Continental Boulevard, Suite 570, El Segundo, California 90245.

2. On February 13, 2014, at the direction of Kirkland & Ellis LLP, co-counsel to the debtors and debtors in possession in the above-captioned cases, I caused the document attached hereto as Exhibit 1 to be served on the parties referenced in Exhibit A via the modes of service described therein.

Exhibit A   Address List regarding Exhibit 1
- Those parties who have requested special notice and the Core Group are referenced in Service List 55265
- The Creditor Matrix Parties are referenced in Service Lists 55288 and 55289
- The Non-Creditor Matrix Parties are referenced in Service List 55290
- The Retained Professionals are referenced in Service List 55351
- Broadridge is referenced in Service List 55350

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the 17th day of February 2014 at Paramount, California.

_____
James H. Myers

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | |

**NOTICE OF OCCURRENCE OF THE EFFECTIVE DATE OF THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W. R. GRACE AND CO., ET AL, THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS AS MODIFIED THROUGH DECEMBER 23, 2010**

**TO ALL CREDITORS, INTEREST HOLDERS, AND OTHER PARTIES IN INTEREST:**

1. **Confirmation of the Plan.** On January 31, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket No. 26155] and on February 15, 2011, the Bankruptcy Court entered the *Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010* [Docket No. 26289] (collectively, the "Confirmation Order"), pursuant to which the Bankruptcy Court approved and confirmed the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as amended and conformed pursuant to the Confirmation Order, the "Plan").[2] On June 11, 2012, the Bankruptcy Court's Confirmation Order was affirmed by the United States District Court for the District of Delaware (the "District Court"), Case No. 11-199 (lead case) [Docket Nos. 215, 217, and 218]. Certain parties appealed the judgment of the District Court to the United States Court of Appeals for the Third Circuit (the "Third Circuit") in cases consolidated under Case No. 12-1402 (lead case). The Third Circuit affirmed the judgment of the District Court in each such appeal except for one and the period for petitioning the Supreme Court of the United States for *certiorari* review for such affirmed appeals expired with no such petition being made. The Third Circuit dismissed the final remaining appeal with prejudice on February 3, 2014, pursuant to a stipulated dismissal agreement between the parties.

2. **Effective Date.** On February 3, 2014, the Effective Date under the Plan occurred and the transactions contemplated under the Plan were consummated. Each of the conditions precedent to consummation of the Plan enumerated in Article 7.8 of the Plan has been satisfied or waived in accordance with the Plan.

3. **Releases, Exculpation, and Injunctions.** Pursuant to the Confirmation Order, the release, injunction, and exculpation provisions in Article 8 and Article 11 of the Plan are now in full force and effect as to all Reorganized Debtors, the Sealed Air Indemnified Parties, and the Fresenius Indemnified Parties including, without limitation, (a) the Asbestos PI Channeling Injunction and the Asbestos

---

[1] The Reorganized Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Confirmation Order, as applicable.

PD Channeling Injunction issued pursuant to section 524(g) of the Bankruptcy Code, as set forth in Articles 8.2 and 8.3 of the Plan, respectively, (b) the Asbestos Insurance Entity Injunction and Successor Claims Injunction issued pursuant to section 105(a) of the Bankruptcy Code, as set forth in Articles 8.4 and 8.5 of the Plan, respectively, (c) the releases set forth in Article 8.8 of the Plan, and (d) the exculpation set forth in Article 11.9 of the Plan.

4. **Non-Default Interest Resolution Bar Date.** Pursuant to Article 3.1.9(e)(ii) of the Plan, the deadline for Holders of General Unsecured Claims who have submitted a timely Notice of Non-Default Contract Rate of Interest, which the Debtors have disputed by serving a written objection upon such Holder, to request a hearing before the Bankruptcy Court to resolve the objection shall be **April 7, 2014**.

5. **Rejected Contracts.** Pursuant to Article 9.1.3 of the Plan, all proofs of claim based upon a Claim arising from the rejection of an executory contract or unexpired lease pursuant to the Plan were to be Filed with the Bankruptcy Court no later than **March 6, 2014**. However, no executory contracts or unexpired leases were rejected pursuant to the Plan. *See* Rejected Executory Contracts and Unexpired Leases Schedule Filed by the Debtors on February 21, 2011, as Exhibit 5 to the Plan [Docket No. 26368] and as amended on January 28, 2014 [Docket No. 31657].

6. **Professionals' Fees.** Pursuant to Article 2.1.1(b)(1) of the Plan, all final applications for compensation of Professionals for services rendered and for reimbursement of expenses incurred on or before the Effective Date, and any other request for compensation by any Entity for making a substantial contribution (as described in Bankruptcy Code § 503(b)(3)(D)) in the Chapter 11 Cases (except only for Claims under 28 U.S.C. § 1930 and for fees incurred by the office of the Clerk of the Bankruptcy Court) ("Professionals' Fees"), shall be Filed no later than **May 5, 2014**. Objections to any Administrative Expense Claims for Professionals' Fees must be Filed within sixty (60) days after the applications have been Filed. Any Professional or Entity holding an Administrative Expense Claim that does not File an application for payment of such Administrative Expense Claim by the deadline set forth herein shall be forever barred from asserting such Administrative Expense Claim and shall receive no Distribution under this Plan or otherwise on account of such Administrative Expense Claim.

7. **Administrative Claims Bar Date.** Unless a request for the payment of an Administrative Expense Claim previously was Filed with the Court, all requests or applications for payment of Administrative Expense Claims other than Professionals' Fees described in paragraph 6 above ("Other Administrative Expense Claims") must be Filed with the Court and served on the Reorganized Debtors, pursuant to the procedures specified in Part II.A. of the Confirmation Order, no later than **May 5, 2014** (the "Administrative Claims Bar Date"). Any Holder of an Administrative Expense Claim that is required to File and serve a request for payment of such Administrative Expense Claim and that does not File and serve such a request by the Administrative Claims Bar Date will be forever barred from asserting such Administrative Expense Claim against the Debtors, the Reorganized Debtors or their respective property and such Administrative Expense Claim will be deemed to have been discharged as of the Effective Date. Objections to Other Administrative Expense Claims must be Filed with the Court and served on the requesting party no later than **November 3, 2014**; provided, however, that such objection deadline may be extended by the Court upon request of the Reorganized Debtors.

8. **Dissolution of Committees.** Except as otherwise provided in Article 11.8 of the Plan, the Asbestos PI Committee, the Asbestos PD Committee, the Unsecured Creditors' Committee, and the Equity Committee shall be released and discharged of and from all further authority, duties, responsibilities, and obligations relating to or arising from or in connection with the Chapter 11 Cases, and such committees shall be deemed dissolved as of the Effective Date.

9. **Further Information.** If you would like to obtain a copy of the Confirmation Order or the Plan, please contact the Debtors' Notice and Claims Agent, by: (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/wrgrace; or (c) writing to BMC Group, Inc., Attn: W. R. Grace & Co., 18675 Lake Drive East, Chanhassen, MN 55317.You may also obtain copies of any pleadings Filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

Dated: February 13, 2014

| | | |
|---|---|---|
| **KIRKLAND & ELLIS LLP** | **THE LAW OFFICE OF ROGER HIGGINS, LLC** | **PACHULSKI STANG ZIEHL & JONES LLP** |
| John Donley, P.C. | Roger J. Higgins | /s/   James E O'Neill |
| Adam C. Paul | 111 East Wacker Drive | Laura Davis Jones (Bar No. 2436) |
| 300 North LaSalle Street | Suite 2800 | James E. O'Neill (Bar No. 4042) |
| Chicago, IL 60654 | Chicago, IL 60601 | Timothy P. Cairns (Bar No. 4228) |
| Telephone: (312) 862-2000 | Telephone: (312) 836-4047 | 919 North Market Street, 17th Floor |
| Facsimile: (312) 862-2200 | | P.O. Box 8705 |
| | | Wilmington, DE  19899-8705 |
| | | Telephone: (302) 652-4100 |
| | | Facsimile: (302) 652-4400 |

*Co-Counsel for the Debtors and Reorganized Debtors*

2