## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re*: | ) | |
| | ) | |
| W. R. GRACE & CO., *et al.*[1] | ) | Chapter 11 |
| | ) | Case No. 01-1139 (KJC) |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

| | | |
|---|---|---|
| W. R. GRACE & CO., *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adv. No. A-01-771 (KJC) |
| MARGARET CHAKARIAN, *et al.*, | ) | |
| AND JOHN DOES 1-1000, | ) | **Hearing Date: April 2, 2014, at 11:00 a.m.** |
| | ) | **Objection Deadline: March 5, 2014, at 4:00 p.m.** |
| Defendants. | ) | |
| | ) | |

## REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE

---

[1] The Reorganized Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

The Reorganized Debtors hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), dismissing the above-captioned proceeding (the "Adversary Proceeding") with prejudice.[2] In support of this Motion, the Reorganized Debtors respectfully state as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012,[3] and § 10.4 of the Plan.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for the relief requested herein is Rule 41(a)(2) of the Federal Rules of Civil Procedure (the "Federal Rules") as made applicable by Rule 7041 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Relief Requested

4.      By this Motion, the Reorganized Debtors seek entry of an order dismissing the Adversary Proceeding with prejudice.

---

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Debtors' *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace and Co.*, et al., *the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010* [Docket No. 26368] (the "Plan").

[3]    The Reorganized Debtors confirm their consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution

### Background and Basis for Relief

5.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only.

6.      On the Petition Date, the Debtors also commenced the Adversary Proceeding, seeking to stay all asbestos-related and fraudulent transfer claims against certain entities (the "Affiliated Entities") [Adv. Docket No. 1]. On May 3, 2001, the Court entered an order granting the Debtors' request for a preliminary injunction staying certain actions pending a final judgment in the Adversary Proceeding or further order form the Court (the "Preliminary Injunction") [Adv. Docket No. 32].

7.      On January 22, 2002, the Court expanded the Preliminary Injunction to enjoin the commencement or continuation of certain actions against the Debtors' insurance carriers [Docket No. 87], and against BNSF Railway Company on April 14, 2008 [Docket 498].

8.      On January 31, 2011, the Court issued its *Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law* [Docket No. 26154] and *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket No. 26155]. On February 15, 2011, the Court issued its *Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010* [Docket No. 26289] (collectively with Docket Nos. 26154 and 26155, the "Confirmation Order").

KE 29829019

9.      Pursuant to § 8.7.1 of the Plan and § VI.H.1 of the Confirmation Order, the Preliminary Injunction was to remain in effect until the injunctions provided for in the Plan (the "Plan Injunctions") became effective, on the Effective Date of the Plan.

10.     On February 3, 2014 all of the conditions to the Effective Date under § 7.8 of the Plan had been either satisfied or waived, and the Effective Date of the Plan occurred.

11.     Pursuant to § 8.7.2 of the Plan and § VI.H.2 of the Confirmation Order, the Plan Injunctions became effective on the Effective Date.

12.     Pursuant to Bankruptcy Rule 7041, Federal Rule 41 applies in adversary proceedings. Federal Rule 41(a)(2) provides in part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P 41(a)(2).

13.     As plaintiffs in the Adversary Proceeding, the Reorganized Debtors respectfully submit that the Plan Injunctions have now become effective and replaced the Preliminary Injunction, and there remain no further issues to resolve in the Adversary Proceeding. The Adversary Proceeding should therefore be dismissed with prejudice.

## No Prior Request

14.     No prior motion for the relief requested herein has been made to this or any other court.

KE 29829019

**Notice**

15.    Notice of this Motion has been given to:  (a) the office of the U.S. Trustee; (b) counsel for the Asbestos PI Trust; (c) counsel for the Asbestos PI Future Claimants Representative; (d) counsel for Asbestos PD Future Claimants Representative; (e) counsel for the Asbestos PD Trust (7A); (f) counsel for the Asbestos PD Trust (7B); (g) counsel for the CDN ZAI PD Claims Fund; (h) those parties whose interests are directly affected by the Motion; and (i) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.

WHEREFORE, the Reorganized Debtors seek entry of the Order, substantially in the form attached hereto as **Exhibit A**, dismissing the Adversary Proceeding with prejudice.

*[Remainder of Page Intentionally Left Blank]*

5

Dated: February 19, 2014
Wilmington, Delaware

**KIRKLAND & ELLIS LLP**
Adam C. Paul
John Donley, P.C.
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

and

**THE LAW OFFICES OF ROGER HIGGINS**
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607
(312) 666-0431

and

**PACHULSKI STANG ZIEHL & JONES LLP**

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

*Co-Counsel for the Reorganized Debtors*

KE 29829019