# **EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Related Docket No. _____ |

**ORDER GRANTING MOTION OF ZAI CLASS COUNSEL
FOR A COMMON FUND FEE AWARD**

Currently before the Court is the Motion of ZAI Class counsel for an Order awarding them 25% of the first two of the twelve potential payments in the ZAI class settlement and for reimbursement of their costs. For the reasons set forth herein, the motion is granted.

The record in this Court confirms that the Zonolite Attic Insulation (ZAI) litigation was one of the most hotly contested issues in this bankruptcy, and one that threatened to affect confirmation of any Plan of Reorganization. Class counsel's motion ably summarizes their efforts against the Debtor's excellent defense to convince all the bankruptcy constituencies that ZAI presented a legitimate issue that needed to be addressed in the bankruptcy. After extensive effort, Class counsel achieved a significant settlement with guaranteed payments of $60 million and contingent payments, based on the amount of claims, totaling an additional $80 million. This $140 million potential settlement is a significant achievement for claims that the Debtor at one time suggested were arguably worthless.

The percentage-of-recovery method is favored in common fund cases in this circuit. *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005). Our appellate court has suggested ten factors to be considered by courts when determining an

appropriate percentage fee. *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000); *In re AT & T Corp.*, 455 F.3d 160 (3d Cir. 2006). Class counsel's motion discusses each of these factors in detail. The Court concurs with Class counsel's assessment that each of the factors favors the proposed 25% award and incorporates that reasoning by reference. The Court also notes that there has been no opposition to this motion from the Debtors, the Class, or any other bankruptcy constituency, and that the Property Damage Future Claims Representative affirmatively supports the motion.

Because the Court finds the reasoning in Class counsel's motion persuasive, it will discuss the relevant factors briefly:

1. <u>Size of the Fund and Number of Beneficiaries</u>. Considering the obstacles Class counsel faced, their achievement of a potential $140 million settlement is truly impressive. That fund will benefit thousands of current and potential future claimants over the next twenty years as they address ZAI issues.

2. <u>The Presence or Absence of Objections by the Class</u>. After due notice, no class member has objected to Class counsel's request for a 25% common fund fee.

3. <u>Skill and Efficiency of the Attorneys Involved</u>. As detailed in Class counsel's motion, the three Class counsel firms involved here combine decades of excellence in asbestos, class actions, and complex litigation. Their extensive experience produced a successful result against many obstacles.

4. <u>The Complexity and Duration of the Litigation</u>. The Court's files reflect a multitude of proceedings regarding ZAI litigation. Both Judge Fitzgerald and Judge Buckwalter recognized the difficulty and complexity of the ZAI litigation in their Opinions, as cited in Class counsel's motion. The ZAI litigation involved cutting edge scientific and legal issues that, if not resolved by a class settlement, could have entangled the litigants and courts for years.

5. <u>The Risk of Non-Payment</u>. While two of the Class counsel firms received hourly payment for performing a different role in this bankruptcy, that of Special Counsel for the "Science Trial," they have excluded those hours from any consideration on this fee application. They, and the third firm who did not function as Special Counsel, faced the prospect of no payment for their efforts on class issues.

6. <u>The Amount of Time Devoted to the Case</u>. Class counsel have submitted summary time records and performed a lodestar calculation which shows a multiplier of approximately 1.32 - well within the recognized lodestar range for cases of this difficulty and complexity.

7. <u>Awards in Similar Cases</u>. Class counsel's motion recounts numerous cases in which courts in this circuit have awarded 25% or more of a common fund comparable in size to this one. Class counsel also point out that precedent would permit them to apply

for a percentage fee on the value of the contingent payments as well, but they have waived that right here. This Court awarded Class counsel in the Canadian ZAI class action a 25% fee after achieving a smaller result than Class counsel achieved here. These factors all favor the reasonableness of the 25% fee request.

8. <u>The Relationship of the Benefits to Class Counsel's Effort</u>. Some class actions raise the question whether the class litigation was a "free rider" on a government investigation or prior litigation. No such issue is presented here. Class counsel had no aid from any government effort in their ZAI litigation. On the contrary, the government's effort against Grace in a related action failed. Class counsel had no help from any other source in achieving their result.

9. <u>Percentage Fee That Would Have Been Negotiated Privately</u>. As reflected in Class counsel's motion, they negotiated a 33⅓% contingent fee with the class representative. The 25% percentage of recovery requested is less than these attorneys would have received from their private arrangement.

10. <u>Innovative Terms of the Settlement</u>. The settlement has a number of innovative terms, including creation of a comprehensive ZAI educational program to inform homeowners and others concerning its potential hazard, ZAI management practices, and the availability of abatement assistance from this settlement. The settlement also allows the Settlement Administrator flexibility to

address extraordinary situations, contains a creative funding mechanism with $80 million in potential replenishment as claims' activities warrant and, finally, provides that any remaining funds at the end of the ZAI Trust's two decade plus life will be paid over to personal injury claimants in this bankruptcy. These are all creative terms that reflect the innovative efforts of Class counsel throughout this litigation.

For the foregoing reasons, the Court agrees with Class counsel that the relevant factors support a 25% common fund fee award to be paid from each of the first two payments into the ZAI class settlement fund. In addition, Class counsel have submitted their unreimbursed cost summaries which reflect expenditures for travel, experts, copying, research, and related litigation expenses in the amount of $ ~~387,520.00~~225,116.17. Counsel in common fund cases are entitled to reimbursement of their reasonable litigation costs. The Court finds such reimbursement appropriate here.

For the foregoing reasons, Class counsel's motion for a 25% common fund fee award from the first two payments into the ZAI class action settlement fund and for reimbursement of their litigation costs is granted.

IT IS SO ORDERED.

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

Dated: _____