# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | **Hearing Date:** April 2, 2014, at 11:00 a.m. |
| | ) | **Objection Deadline:** March 10, 2014, at 4:00 p.m. |
| | ) | |

## MOTION OF THE REORGANIZED DEBTORS FOR ISSUANCE OF A FINAL DECREE (A) CLOSING CERTAIN OF THE CHAPTER 11 CASES, (B) REMOVING CERTAIN OF THE CHAPTER 11 CASES FROM THE JOINT ADMINISTRATION ORDER, AND (C) WAIVING THE REQUIREMENT THAT THE REORGANIZED DEBTORS FILE A FINAL REPORT FOR THE MERGED SUBSIDIARIES

On November 21, 2011, this Court entered its *Modified Order: (I) Approving Agreement;*

*(II) Authorizing, but not Directing, the Debtors to Merge Certain Non-Operating Debtor*

*Subsidiaries into W. R. Grace & Co.-Conn.; (III) Expunging Certain Active Claims,*

*Conditionally Expunged Claims and Intercompany Claims; and (IV) Transferring Certain Active*

*and Intercompany Claims to W. R. Grace & Co.-Conn.* [Docket No. 28007] (the "Merger

---

[1]  The Reorganized Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

Order"), which permitted the Debtors to merge the 45 non-operating subsidiaries (the "Merged Subsidiaries") set forth in Exhibit II to Docket No. 27974 (a copy of which is attached hereto as **Exhibit A**) into Grace-Conn. or another Debtor.[2]  Concomitant with authorizing the merger of these Merged Subsidiaries, the Merger Order expunged certain third-party claims against each Merged Subsidiary (the "Expunged Claims") and also expunged the intercompany claims of and against each Merged Subsidiary (the "Expunged Intercompany Claims").   In each case, the Debtor into which each Merged Subsidiary was merged assumed the liabilities and benefits of the relevant Expunged Claims and Expunged Intercompany Claims.   The Merger Order also directed that the Merged Subsidiaries' Chapter 11 Cases remain open and continue to be jointly administered pursuant to the Court's *Order Directing Joint Administration*, dated April 2, 2001 [Docket No. 8] (the "Joint Administration Order"), under the caption *In re W. R. Grace & Co., et al.*[3]

The Chapter 11 Cases of the Merged Subsidiaries remained open because, in the unlikely event that the Plan was not consummated and another chapter 11 plan of reorganization was confirmed and consummated or if one or more of the Merged Subsidiaries' cases was subsequently converted to chapter 7, then as to each relevant Merged Subsidiary:

> the Debtors, holders of the Expunged Claims and other parties-in-
> interest ... [would have had] all the rights and obligations with
> respect to all such reinstated Expunged Claims and reinstated

---

[2]    **Exhibit C** lists the 17 Surviving Reorganized Debtors (as defined herein). "Grace-Conn." is defined in § 1.1.135 of the Plan (as defined herein) as "W. R. Grace & Co.-Conn., a Connecticut corporation, and one of the Debtors in these Chapter 11 Cases." Grace-Conn. is the chief operating company for the Reorganized Debtors' domestic business, and owns substantially all of the Reorganized Debtors' domestic assets, properties, and rights directly or through subsidiaries. *See* Merger Motion at ¶ 5.

[3]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in, as the case may be, the Merger Order or the Debtors' *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace and Co.,* et al., *the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010* [Docket No. 26368] (the "Plan").

KE 29900542

> Expunged Intercompany Claims as if this Order had not been entered and the Mergers at issue had not taken place.

Merger Order at ¶ 13.

On February 3, 2014, the Reorganized Debtors emerged from chapter 11. *See Notice of Occurrence of the Effective Date of the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified through December 23, 2010* [Docket No. 31732]. In view of the Reorganized Debtors' emergence from chapter 11, there is no further need to keep the Merged Subsidiaries' Chapter 11 Cases open, as there is now no possibility of another chapter 11 plan being confirmed and consummated or the Chapter 11 Case of one or more Merged Subsidiaries being converted to chapter 7.

The Reorganized Debtors are therefore filing this motion (the "Motion") for entry of a final decree, substantially in the form attached hereto as **Exhibit B** (the "Final Decree"): (a) closing the Merged Subsidiaries' Chapter 11 Cases; (b) removing the Merged Subsidiaries' Chapter 11 Cases from the Joint Administration Order; and (c) waiving the requirement that the Reorganized Debtors file a final report for the Merged Subsidiaries. In support of this Motion, the Reorganized Debtors respectfully state as follows:

### Jurisdiction

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference from the United States District Court for the*

*District of Delaware*, dated February 29, 2012, and § 10.4 of the Plan.[4]  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.        Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.        The statutory bases for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3022-1.

## Background

4.        On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Pursuant to the Joint Administration Order, the Chapter 11 Cases have been consolidated for administrative purposes only.

5.        On February 21, 2011, the Debtors filed the Plan.  On January 31, 2011, the Court issued its *Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law* [Docket No. 26154] and *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket No. 26155].  On February 15, 2011, the Court issued its *Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010* [Docket No. 26289] (collectively with Docket Nos. 26154 and 26155, the "Confirmation Order").

6.        On October 17, 2011, the Debtors filed the *Debtors' Motion for Entry of an Order: (I) Approving Agreement; (II) Authorizing, But Not Directing, the Debtors to Merge*

---

4    The Reorganized Debtors confirm their consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4

*Certain Non-Operating Debtor Subsidiaries into W. R. Grace & Co.-Conn.; (III) Expunging Certain Active Claims, Conditionally Expunged Claims and Intercompany Claims; and (IV) Transferring Certain Active and Intercompany Claims to W. R. Grace & Co.-Conn.* [Docket No. 27769] (the "Merger Motion"). The Merger Motion requested, in part, authority to merge the Merged Subsidiaries into Grace-Conn.

7.      On November 15, 2011, the Debtors filed a *Certificate of Counsel* [Docket No. 27974] describing changes to the relief requested in the Merger Motion, including, in part, the removal of W. R. Grace Land Corporation from the list of subsidiaries to be merged into Grace-Conn. On November 21, 2011, the Court entered the Merger Order. The Merger Order provided in relevant part:

- The Merged Subsidiaries' Chapter 11 Cases were to remain open and were to continue to be jointly administered pursuant to the Joint Administration Order. Merger Order at ¶ 4.

- The Expunged Claims were expunged and the liabilities of each such Expunged Claim were transferred to the Debtor into which the relevant Merged Subsidiary was merged. Merger Order at ¶ 7-8.

- The Debtors into which the Merged Subsidiaries were merged assumed the benefits and liabilities of the relevant Expunged Intercompany Claims. Merger Order at ¶ 9-10.

- The relevant Expunged Claims and Expunged Intercompany Claims would be reinstated and claimants would have retained "rights and obligations with respect to all such reinstated Expunged Claims and reinstated Expunged Intercompany Claims as if this Order had not been entered and the Mergers at issue had not taken place" if the Plan was not consummated and another chapter 11 plan of reorganization was confirmed and consummated or one or more of the Merged Subsidiaries' cases was converted to chapter 7. Merger Order at ¶ 13.

- Once each merger of a Merged Subsidiary had been completed, Grace-Conn. was obligated to perform on behalf of and assume all obligations of the Merged Subsidiary under the Plan. Merger Order at ¶ 15.

8.      The Merged Subsidiaries were subsequently merged into either Grace-Conn. (in the majority of instances) or into one of the other Debtors.

KE 29900542

9.    The remaining Reorganized Debtors in these Chapter 11 Cases (collectively, the "Surviving Reorganized Debtors"), which are listed in **Exhibit C** hereto, continue to operate their businesses and administer their Chapter 11 Cases.  The Reorganized Debtors do not seek to close the Chapter 11 Cases of the Surviving Reorganized Debtors as of the date hereof.

10.    On February 3, 2014, all of the conditions to the Effective Date under § 7.8 of the Plan had been either satisfied or waived, and the Effective Date of the Plan occurred.  Transfers of property, payments of Claims, and other distributions took place on or around the Effective Date pursuant to the terms of the Plan.

### Relief Requested

11.    By this Motion, the Reorganized Debtors seek entry of a Final Decree, substantially in the form attached hereto as **Exhibit B**, (a) closing the Chapter 11 Cases of the Merged Subsidiaries, (b) removing the Chapter 11 Cases of the Merged Subsidiaries from the Joint Administration Order, and (c) waiving the requirement that the Reorganized Debtors file a final report for the Merged Subsidiaries.

### Basis for Relief

12.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.  Finally, Local Rule 3022-1(a) provides that "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."  D. Del. Bankr. L.R. 3022-1(a).

6

13.     The Advisory Committee Notes to Bankruptcy Rule 3022 set forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

a.     whether the order confirming the plan has become final;

b.     whether deposits required by the plan have been distributed;

c.     whether the property proposed by the plan to be transferred has been transferred;

d.     whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

e.     whether payments under the plan have commenced; and

f.     whether all motions, contested matters, and adversary proceedings have been finally resolved.

14.     Courts have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.,* Case No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.,* 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); *see also In re Omega Optical, Inc.,* 476 B.R. 157, 167 (Bankr. E.D. Pa. 2012).

15.     Here, for the reasons set forth below, the Merged Subsidiaries' Chapter 11 Cases have been fully administered within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter the Final Decree closing the Merged Subsidiaries' Chapter 11 Cases.

16.     First, none of the Merged Subsidiaries conducted any material business operations with any third party for several years prior to the Petition Date, and in most cases since the 1980s or 1990s. *See* Merger Motion at ¶ 6. None of the Merged Subsidiaries had significant assets

prior to the merger, and any assets the Merged Subsidiaries did have were transferred to Grace-Conn. *See* Merger Motion at ¶ 8.

17.    <u>Second</u>, many Claims held against the Merged Subsidiaries were made redundant by the merger and were thus expunged, while Grace-Conn. assumed the benefit or burden of the various Intercompany Claims affected by the Merger. *See* Merger Motion at ¶¶ 16-17. Non-expunged third party Claims against the Merged Subsidiaries were transferred to Grace-Conn. pursuant to the Merger Order. *See* Merger Order at ¶ 7.

18.    <u>Third</u>, pursuant to paragraph 15 of the Merger Order, Grace-Conn. shall perform on behalf of the Merged Subsidiaries any and all acts the Plan requires the Merged Subsidiaries to perform, and assumes all obligations of the Merged Subsidiaries under the Plan. Thus, the Merged Subsidiaries have no independent corporate existence, no businesses to operate, no assets, no Claims against them, and no obligations under the Plan.

19.    <u>Fourth</u>, although the Chapter 11 Cases of the Merged Subsidiaries remain open under paragraph 4 of the Merger Order, paragraph 14 of the Merger Order required the Debtors to maintain the books and records of the Merged Subsidiaries relevant to expunged claims only until the Effective Date. With the Effective Date having occurred, there is no benefit to the Court, the Reorganized Debtors, creditors, or other parties in interest in keeping the Merged Subsidiaries' Chapter 11 Cases open.

20.    In addition, the Advisory Committee Notes factors indicate that the Chapter 11 Cases of the Merged Subsidiaries have been fully administered:

a.    the Confirmation Order has become final and is non-appealable;

b.    the property proposed by the plan to be transferred was transferred on the Effective Date;

c.    the Reorganized Debtors have assumed the business and management of the property dealt with by the Plan;

8

d.   payments under the Plan have commenced, and no payments or other distributions will be made from the Merged Subsidiaries' respective estates; and

e.   because the Merged Subsidiaries have been merged out of corporate existence and Grace-Conn. has assumed their obligations under the Plan, there are no further motions, contested matters, or adversary proceedings for the Merged Subsidiaries to resolve.

21.     Because there are no further issues to resolve in the Chapter 11 Cases of the Merged Subsidiaries, it is also appropriate to remove the Merged Subsidiaries from the Joint Administration Order.  Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Removing the Chapter 11 Cases of the Merged Subsidiaries from the Joint Administration Order is appropriate to expeditiously and efficiently administer the Chapter 11 Cases of the Surviving Reorganized Debtors.

22.     Furthermore, closing the Chapter 11 Cases of the Merged Subsidiaries and removing the Merged Subsidiaries from the Joint Administration Order will relieve the Court, the U.S. Trustee, and the Reorganized Debtors from the burden of continuing to monitor and administer the Chapter 11 Cases of the Merged Subsidiaries.  Granting the relief sought herein will also spare the Reorganized Debtors from incurring unnecessary expenses, including quarterly fees under 28 U.S.C. § 1930, in connection with the Merged Subsidiaries.

23.     Finally, because the Reorganized Debtors seek to close the Chapter 11 Cases only of certain non-operating entities that were merged out of corporate existence years prior and whose liabilities and Plan obligations have been expunged, transferred, or assumed by the Reorganized Debtors, it is appropriate to waive the requirement that the Reorganized Debtors file a final report under Local Rule 3022-1(c).  Moreover, the administration of assets and liabilities will occur in the Chapter 11 Cases of the Surviving Reorganized Debtors in accordance with the

9

provisions of the Plan and can be fully and fairly accounted for in the final report to be filed upon a request to close the Chapter 11 Cases of the Surviving Reorganized Debtors. Consequently, filing a final report for each of the Merged Subsidiaries would not be helpful to the U.S. Trustee, creditors, or other parties in interest.

24.     Relief similar to that requested herein has been granted by this Court and other Courts in this district. *See, e.g. In re Advanta Corp.*, Case No. 09-13931 (KJC) (Bankr. D. Del. Dec. 30, 2013) [Docket No. 1599] (closing the cases of certain debtors and granting a waiver of reporting requirements); *see also In re Jackson Hewitt Tax Service, Inc.*, Case No. 11-11587 (MFW) (Bankr. D. Del. February 5, 2013) [Docket No. 757] (closing the cases of certain debtors); *In re Visteon Corp.*, Case No. 09-11786 (CSS) (Bankr. D. Del. Nov. 20, 2012) [Docket No. 5720] (same).

### No Prior Request

25.     No prior motion for the relief requested herein has been made to this or any other court.

### Notice

26.     Notice of this Motion has been given to:  (a) the Office of the United States Trustee; (b) counsel for the Asbestos PI Trust; (c) counsel for the Asbestos PI Future Claimants Representative; (d) counsel for Asbestos PD Future Claimants Representative; (e) counsel for the Asbestos PD Trust (7A); (f) counsel for the Asbestos PD Trust (7B); (g) counsel for the CDN ZAI PD Claims Fund; and (h) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.  To comply with Local Rule 3022-1(b), notice of this Motion has also been given to:  (x) the Reorganized Debtors and (y) counsel for the official

KE 29900542

committees appointed in the Chapter 11 Cases.  In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is required.

WHEREFORE, the Reorganized Debtors seek entry of a Final Decree, substantially in the form attached hereto as **Exhibit B**:  (a) closing the Chapter 11 Cases of the Merged Subsidiaries; (b) removing the Chapter 11 Cases of the Merged Subsidiaries from the Joint Administration Order; and (c) waiving the requirement that the Reorganized Debtors file a final report for the Merged Subsidiaries.

Dated:  February 24, 2014
      Wilmington, Delaware

**KIRKLAND & ELLIS LLP**
Adam C. Paul
John Donley, P.C.
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

and

**THE LAW OFFICES OF ROGER HIGGINS**
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

**PACHULSKI STANG ZIEHL & JONES LLP**

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

*Co-Counsel for the Reorganized Debtors*

11