# TAB 3

Case 01-01139-AMC    Doc 31812-4    Filed 03/05/14    Page 1 of 7

MEMORANDUM

TO: The Grace Team

June 7, 1984

RE: JUNE 1984 DOCUMENT REVIEW; CPD MANUFACTURING AND SALES FACILITIES

Since November 1983, Merrick & Smith has served as national coordinating counsel to W. R. Grace & Co. (Grace) in "property damage" actions brought by school districts. Prompted by the publication of the Attorney General's Asbestos Liability Report to the Congress in 1981, school districts are suing to recover the actual or estimated cost of removal or encapsulation of friable asbestos-containing construction products installed in school buildings prior to the mid-1970s. Grace, through its Construction Products Division (CPD) and various affiliates and subsidiaries, manufactured many such products, and is considered, along with National Gypsum and United States Gypsum, to be one of "Big Three" defendants, an unenviable position of pre-eminence. Memoranda discussing the history of the corporate structure of Grace and identifying the range of products manufactured or developed by Grace are attached by way of further background information.

ATTACHMENT 4

Eighteen actions, in various stages of development, are presently pending. The most activity has occurred in the Southeast and, in particular, South Carolina, Alabama, and Tennessee. To a great extent, this represents the zealous efforts of Dan Speights, a plaintiff's lawyer with experience in asbestos-related personal injury cases. In several of the "Speights cases", Grace has been served with discovery papers (interrogatories and document requests), although responses have been filed only in the Greenville, South Carolina, case.

The answers to interrogatories in Greenville were based primarily on documents reviewed in the CPD headquarters in Cambridge. It is now our task to go out into the field to review and retrieve documents in the numerous CPD (Zonolite and Darex) expanding plants and sales offices. Review and retrieval is necessary for discovery purposes not only in the school district cases, but also in the more numerous personal injury cases which are being handled on a nationwide basis by the Boston firm of Casner, Edwards & Roseman. Casner, Edwards & Roseman has for the past several months managed the document review in Cambridge and will be working with us on the roving discovery process.

A third attached memorandum summarizes the relevant portions of document requests received thus far in both property damage and personal injury cases. Although

-2-

commercially-added asbestos was removed from all Grace construction products by 1973, the review of documents requires examination, not only of pre-1973 documents in dead storage, but also of current files. This need arises because vermiculite, the raw material still used by Grace in many of its construction products, contains trace elements of tremolite asbestos as a contaminant. For this reason, vermiculite products have, at least in the personal injury cases, been identified as "asbestos-containing" products in answering interrogatories.

By way of general summary, the relevant documents will include the following subjects:

1. Sales and shipping of Grace products;
2. Customer information;
3. Purchases by Grace of commercial asbestos, and packaging;
4. Production information;
5. Ingredients/formulas of products;
6. Testing of products;
7. Health/dust studies, fiber counts, air samples;
8. Safety meetings, warnings;
9. Mining information;
10. Worker's compensation information, employee disability claims, asbestos-related lawsuits;
11. Marketing information;
12. Trade association information;
13. Corporate history;
14. Scientific or medical articles;
15. Governmental information (OSHA, EPA, State regulations/citations);
16. Competitors' sales and products; and,
17. Complaints/inquiries from customers.

All original documents within these categories dated up to the present are to be returned to Cambridge. However, please note that sales, purchase, transportation and

-2-

production information dated after December 31, 1981, should not be reviewed or returned. Furthermore, only product formulas prior to 1970 are to be returned. If any such formulas are found, please arrange for them to be transported under separate cover, marked "confidential - products formulas."

In the last few weeks, we have undertaken pilot trips to Grace facilities in Trenton, New Jersey, and Dallas, Texas. On the basis of this limited experience, we suggest the following course of action:

1. Before leaving, ensure that a member of the "Grace Team" at Herrick & Smith contacts Bob Froelich of Grace and asks Mr. Froelich to make a call to the applicable plant or sales manager regarding your proposed visit. Then telephone each plant/sales manager to introduce yourself, explain what you intend to do, and notify him of your planned date and estimated time of arrival. Find out roughly how many file drawers of documents are on site, emphasizing that you must see all files, no matter how irrelevant they may seem to the plant/sales manager. Ask for documents in dead storage to be moved to a convenient place for review and that the boxes be cleaned. And obtain good directions! Plants are not located on prime downtown sites.

2. Upon arrival at each plant, go through the document list with the plant/sales manager and attempt to

determine the location of relevant documents.

3. Documents in dead storage will probably consist of sales invoices, drivers' logs, job site information, and employee time or "clock" cards. The time cards are irrelevant. The other information should be returned in bulk in the storage boxes to Cambridge. There should be no need to review each box document by document.

4. Relevant documents in current files should be marked with yellow posting stickers (take supplies) for return. If the plant/sales manager wishes to retain the documents, request that he arrange for photocopies to be made, and send the originals back to Cambridge. All photocopying and transportation costs will be met by Cambridge CPD. Plant managers should call Bob Froelich in Cambridge (876-1400) if they do not have the necessary charge number information.

5. With respect to shipping, instruct the plant/sales manager to return all documents at the same time, box them securely on pallets wrapped in plastic film, and mark each box clearly, identifying the plant, the type of document enclosed (generically), the office from where the documents were taken, and the date sent.

6. While on site, you should also interview the plant/sales managers. A list of proposed questions will be circulated once they have been finalized with Casner, Edwards. In addition, try to identify those employees

-5-

who have worked with Grace or its affiliates/licensees for more than 10 years, and question them if they are available. You should also put together a list of employees, whether present or former, who have filed any asbestos-related injury claims (worker's compensation, employment disability, etc.), or whose medical records refer to a diagnosed asbestos-related disease.

7. At the end of your trip, prepare a report, detailing what you did and any problems you encountered, and including your interview summaries.