## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) **Hearing Date: April 2, 2014, at 11:00 a.m.** |
| | ) **Objection Deadline: March 25, 2014** |

## THE REORGANIZED DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE ELIMINATION OF EXISTING SERVICE LIST AND THE CREATION OF A NEW SERVICE LIST

The above-captioned Reorganized Debtors file this *Motion for an Order Authorizing the Elimination of Existing Service List and the Creation of a New Service List* (the "Motion") requesting the Court to enter an order substantially in the form attached hereto as Exhibit A (the "Order") establishing a new service list for those parties who wish to continue to receive all notices, pleadings, orders and other papers filed in the above-captioned cases pursuant to Fed. R.

---

[1] The Reorganized Debtors comprise the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

Bankr. P. 2002 and Del. Bankr. L. R. 2002-1(b) & (c).[2]  The proposed parties for inclusion on the new service list are set forth in Exhibit B.

In further support of this Motion, the Reorganized Debtors respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Motion are 11 U.S.C. § 342, Fed. R. Bankr. P. 2002 and Del. Bankr. L. R. 2002-1.

## BACKGROUND

3.      On February 3, 2014, the Reorganized Debtors emerged from chapter 11.  Their existing list of parties who have filed notices of appearance pursuant to Fed. R. Bankr. P. 2002 and Del. Bankr. L. R. 2002-1, requesting service of all pleadings and other materials filed with the Court in these chapter 11 cases (the "Current Service List"), contains well over 240 parties. In view of the payment of Allowed Plan Claims and the substantial consummation of all other transactions contemplated by the Plan, many of these parties no longer need (or want) to receive routine service of all pleadings and other materials filed with the Court in the post-consummation phase of these chapter 11 cases.  The Reorganized Debtors submit that removing those parties from the Current Service List will substantially reduce the cost and burden of providing such routine service.

---

[2]  Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

### RELIEF REQUESTED

4.      By this Motion, the Reorganized Debtors respectfully request the Court enter the

Order substantially in the form attached hereto, (i) eliminating the Current Service List, and (ii)

establishing the New Service List with the following categories of parties:

- Counsel for the Reorganized Debtors;

- The United States Trustee;

- Counsel for the WRG Asbestos PI Trust;

- Counsel for the Asbestos PI Future Claimants Representative;

- Counsel for the Asbestos PD Futures Claimants Representative;

- Counsel for the WRG Asbestos PD Trust (7A);

- Counsel for the WRG Asbestos PD Trust (7B);

- Counsel for the CDN ZAI PD Claims Fund; and

- Those parties who, on or after the date of entry of the Order, file new notices pursuant to Fed. R. Bankr. P. 2002 and Del. Bankr. L. R. 2002-1(d), requesting inclusion on the New Service List.

Exhibit B sets forth the names and addresses of the counsel for each of the foregoing parties,

other than those who must file new notices to be included on the New Service List.

5.      The Reorganized Debtors submit that providing parties on the Current Service

List with the opportunity to have themselves placed on the New Service List by filing a new

notice on or after the date of the Order for inclusion on the New Service List will ensure that no

party requiring (or desiring) service misses the opportunity to receive such service.    The

Reorganized Debtors therefore propose to give notice upon entry of the Court's Order

substantially in the form of the notice attached as Exhibit I to the Order (the "Notice") to each

party on the Current Service List, giving them a period of thirty (30) days after entry of the Order

to file a new notice pursuant to Del. Bankr. L. R. 2002-1(d) for inclusion on the New Service List.

6.      During the thirty-day period, the Current Service List will continue to be used for service of pleadings, orders and other materials filed on the docket. At the end of that period, the New Service List will be used. Thereafter, parties will be added to the New Service List upon entry of a notice of appearance on the docket.

## NO PREVIOUS MOTION

7.      No previous motion for the relief sought herein has been made to this or any other court.

## NOTICE

8.      Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; and (viii) those parties on the Current Service List. In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

*[signature page to follow]*

WHEREFORE, the Reorganized Debtors request the Court enter the Order in substantially the form attached hereto as Exhibit A, (i) eliminating the Current Service List, (ii) establishing the New Service List, (iii) providing procedures by which parties may be placed on the New Service List, and (iv) granting such other relief as may be appropriate.

Dated: March 7, 2014

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

And

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

And

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors