IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: March 26, 2014 at 4:00 p.m.** |
| | ) | **Hearing Date: April 2, 2014 at 11:00 a.m.** |

**SUMMARY OF APPLICATION OF ZAI (CLASS 7B) TRUSTEE
EDWARD B. COTTINGHAM, JR., FOR COMPENSATION FOR SERVICES AND
REIMBURSEMENT OF EXPENSES RELATING TO PLAN IMPLEMENTATION
FOR THE PERIOD OF DECEMBER 1, 2013 THROUGH FEBRUARY 3, 2014**

Name of Applicant: Edward B. Cottingham, Jr.

Authorized to Provide
Professional Services to: ZAI (Class 7B) Trustee for the Asbestos Property Damage Trust (the "Trust")

Date of Retention: January 2011

Period for which compensation and
reimbursement is sought: December 1, 2013 through February 3, 2014
(the "Compensation Period")

Amount of Compensation sought
as actual, reasonable and necessary: $33,570.00

Amount of Expense Reimbursement sought
as actual, reasonable and necessary: $1,175.96

This is an: ___ interim  _X_ final application.

**Prior Applications – None**

## FEE SUMMARY FOR THE PERIOD FROM
## DECEMBER 1, 2013 THROUGH FEBRUARY 3, 2013

| Name of Professional Person | Hourly billing rate | Total billed hours | Total Compensation |
|---|---|---|---|
| Edward B. Cottingham, Jr. | $450.00 | 74.60 | $33,570.00 |
| TOTAL | | 74.60 | $33,570.00 |

**GRAND TOTAL:**  $33,570.00  Fees
　　　　　　　　　74.60  Hours
**BLENDED RATE:**  $   450.00  Per Hour

## COMPENSATION BY PROJECT CATEGORY

| Project Category[1] | Total Hours Billed | Total Compensation |
|---|---|---|
| December 2013 | 16.50 | $7,425.00 |
| January 2014 | 43.10 | $19,395.00 |
| February 2014 | 15.00 | $6,750.00 |
| TOTAL | 74.60 | $33,570.00 |

This interim fee application also seeks the reimbursement of the following expenses advanced on behalf of the Debtors in this matter.

| Description | Amount |
|---|---|
| FedEx Closing Documents | $62.00 |
| Airport Parking | $24.00 |
| Airfare | $322.00 |
| Hotel | $483.23 |
| Meals | $198.94 |
| Cab Fare | $85.79 |
| TOTAL | **$1,175.96** |

---

[1] Time spent includes (1) fiduciary obligations including due diligence; (2) review and revise drafts and changes to effective date as they relate to the ZAI Trustee; (3) attending meetings regarding effective date documents and fund flow issues; and (4) participate in February 3, 2014 closing and execute necessary documents on behalf of the Trust.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. Grace & Co., et al., ) | Case No. 01-01139 (KJC) |
| ) | (Jointly Administered) |
| ) | |
| Debtors. ) | **Objection Deadline: March 26, 2014 at 4:00 p.m.** |
| ) | **Hearing Date: April 2, 2014 at 11:00 a.m.** |

## APPLICATION OF ZAI (CLASS 7B) TRUSTEE EDWARD B. COTTINGHAM, JR., FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES RELATING TO PLAN IMPLEMENTATION FOR THE PERIOD OF DECEMBER 1, 2013 THROUGH FEBRUARY 3, 2014

COMES NOW, Edward B. Cottingham, Jr., ZAI Trustee (Class 7B), pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Del. Bankr. L.R. 2016-2, and this Court's February 15, 2011 *Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010* (the "Confirmation Order") [D.I. 26289], and hereby applies for an order allowing him compensation in the amount of $33,570.00 and reimbursement of expenses in the amount of $1,175.96 for the reasonable and necessary services he has rendered as Asbestos PD Class 7B Trustee in connection with plan closing and implementation (the "Application"). In support of this Application, Mr. Cottingham states the following:

### APPLICATION

1. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes.

2.      On February 15, 2011, the Court confirmed the First Amended Joint Plan of Reorganization as of December 23, 2010 (the "Plan").  The Plan provided for the establishment as of the Effective Date of the Asbestos PD Trust (the "PD Trust") to, inter alia, assume the liabilities of the Debtors with respect to Asbestos PD Claims and pay US ZAI PD Claims in Class 7B in accordance with the Asbestos PD Trust Agreement and ZAI TDP.  See Plan, Article 7.3.1.

3.      The Plan also provides for the appointment of a ZAI Class 7B Trustee, to be identified in the Asbestos PD Trust Agreement. Id., Article 7.3.5.  Mr. Cottingham is identified as the Class 7B Trustee in the Asbestos PD Trust Agreement.  See Exh. 1 in Plan Exhibit Book [D.I. 26368].  Per the Asbestos PD Trust Agreement, the billable hourly rate of the ZAI Class 7B Trustee is $695/hour, computed on a quarter hour basis for services rendered in connection with administering and paying US ZAI PD claims, and performing other obligations required of him in his capacity as the ZAI Class PD Trustee.

4.      Mr. Cottingham submits this application for compensation and reimbursement of expenses for services rendered prior to the establishment of the Asbestos PD Trust, in anticipation of the effective date of his appointment as the ZAI Class 7B Trustee, which were necessary to the creation of the Asbestos PD Trust and which benefitted the Debtors' estates. However, Mr. Cottingham seeks reimbursement at the reduced rate of $450/hour.

5.      Prior to the effective date of the Plan and the coming into being of the Asbestos PD Trust, Mr. Cottingham performed services benefiting the Debtors' estates in connection with (1) fiduciary obligations including due diligence preparations to insure efficient and timely operation of the Trust upon emergence (e.g., arranging for appropriate financial institutions to receive and invest the substantial funds and meeting with accounting professionals to insure

compliance with the laws and GAAP), (2) reviewing drafts and changes to effective date documents specifically as they related to ZAI Trustee duties, (3) traveling to and attending meetings regarding effective date documents and funds flow issues, and (4) participating in the February 3, 2014 closing and executing necessary effective date documents on behalf of the Asbestos PD Trust Class 7B ZAI. Without such necessary services, the Asbestos PD Trust could not function by the effective date designated and contemplated by the Plan.

6. Mr. Cottingham has not previously filed any other fee application in connection with the services rendered to the Debtors' estates as described above. Furthermore, Mr. Cottingham assumes that this will be his only application for compensation from the Debtors' estates based on services rendered in connection with the Asbestos PD Trust, because the Asbestos PD Trust Agreement and the Plan contemplate payment of Mr. Cottingham's fees and reimbursement of expenses incurred after the Asbestos PD Trust has come into being from Asbestos PD Trust Assets (as defined in the Plan).

7. All services for which compensation is requested by Mr. Cottingham were performed as the ZAI Trustee and not on behalf of any committee, creditor, or other person.

8. Mr. Cottingham believes that this Application complies with the requirements of Del. Bankr. L.R. 2016-2 and the Plan. There is no agreement or understanding between Mr. Cottingham and any other person for the sharing of compensation to be received for services rendered in these cases.

9. The professional services and related expenses for which Mr. Cottingham seeks allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of his professional responsibilities as ZAI Trustee, and have been necessary and beneficial to the Debtors and their estates.

10. Attached hereto as Exhibit A and incorporated herein by reference are Mr. Cunningham's time records showing a daily log of all time spent by him providing services for the Trust during the Compensation Period by Project Category.  The attached time records provide a detailed, day-by-day explanation of the services rendered by Mr. Cunningham in connection with this matter during that time.  The total compensation for which reimbursement is sought in the Application is $33,570.00.

11. Also included in Exhibit A, and incorporated herein by reference, is a summary of the expenses incurred by Mr. Cunningham during the Compensation Period on behalf of the Trust.  The total expense for which reimbursement is sought in the Application is $1,175.96.

**WHEREFORE**, Edward B. Cottingham, Jr., ZAI (Class 7B) Trustee, respectfully requests that the Court enter an order, providing that (a) for the period December 1, 2013 through February 4, 2014, an allowance be made to Mr. Cottingham for compensation in the amount of $33,570.00 and reimbursement of expenses in the amount of $1,175.96 for the reasonable and necessary services he provided to the Debtors and their estate as ZAI (Class 7B) Trustee, (b) that the Debtors be authorized and directed to pay to Mr. Cottingham such sums, and (c) Mr. Cottingham receive any further relief to which he is entitled.

Date: March 12, 2014                **SULLIVAN · HAZELTINE · ALLINSON LLC**
   Wilmington, Delaware

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
901 N. Market Street, Ste. 1300
Wilmington, DE  19801
Tel: (302) 428-8191
Fax: (302) 428-8195

*Counsel to Edward B. Cottingham, Jr., ZAI (Class 7B) Trustee*

4

## VERIFICATION

State of South Carolina )

County of Charleston   )

Edward B. Cottingham Jr, after being duly sworn according to law, deposes and says:

a) I am Trustee for the WRG Property Damage Trust, Class 7B Claims ("ZAI Trustee") and am duly admitted to practice before the Supreme Court of South Carolina and the U.S. Supreme Court.
b) I personally performed the services rendered by Edward B. Cottingham, ZAI Trustee.
c) I prepared attached Invoice for Professional Services and attest that the facts set forth therein are true and accurate to the best of my knowledge, information and belief. I have reviewed Del.Bankr.LR 2016-2 and the "Amended Administrative Order Under U.S.C secs 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members" and submit that the Application substantially complies with such Rule and Order.

_____
Edward B. Cottingham Jr.

SWORN AND SUBSCRIBED
Before me this 12th day of March, 2014

_____
Notary Public of South Carolina

[Notary Seal: BRIDGET G. LEGARE, NOTARY PUBLIC, SOUTH CAROLINA, My Comm. Exp. 12-06-2021]