# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. Grace & Co., et al., ) | Case No. 01-01139 (KJC) |
| ) | (Jointly Administered) |
| ) | |
| Debtors. ) | **Objection Deadline: March 26, 2014 at 4:00 p.m.** |
| ) | **Hearing Date: April 2, 2014 at 11:00 a.m.** |

## SUMMARY OF APPLICATION OF BARNWELL WHALEY PATTERSON & HELMS, L.L.C. AS COUNSEL TO THE ZAI (CLASS 7B) TRUSTEE EDWARD B. COTTINGHAM, JR., FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES RELATING TO PLAN IMPLEMENTATION FOR THE PERIOD OF DECEMBER 1, 2013 THROUGH FEBRUARY 3, 2014

Name of Applicant:             Barnwell Whaley Patterson & Helms, L.L.C.

Authorized to Provide
Professional Services to:      ZAI (Class 7B) Trustee, Edward B. Cottingham, Jr.

Date of Retention:             January 2011

Period for which compensation and
reimbursement is sought:       December 1, 2013 through February 3, 2014
                               (the "Compensation Period")

Amount of Compensation sought
as actual, reasonable and necessary: $9,875.00

Amount of Expense Reimbursement sought
as actual, reasonable and necessary: $280.50

This is an:  ___ interim   _X_ final application.

**Prior Applications – None**

## FEE SUMMARY FOR THE PERIOD FROM
## DECEMBER 1, 2013 THROUGH FEBRUARY 3, 2013

| Name of Professional Person | Position with the applicant | Hourly Billing rate | Total billed hours | Total Compensation |
|---|---|---|---|---|
| M. Dawes Cooke | Member | $350.00 | 21.20 | $7,420.00 |
|  |  | $175.00 | 12.00 | $2,100.00 |
| B.C. Killough | Member | $350.00 | 0.30 | $105.00 |
| Bradley B. Banias | Associate | $250.00 | 1.00 | $250.00 |
|  |  | **TOTAL** | **34.50** | **$9,875.00** |

**GRAND TOTAL:**   $9,875.00  Fees
                          34.50  Hours
**BLENDED RATE:**  $   286.23  Per Hour

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours Billed | Total Compensation |
|---|---|---|
| Case Administration | 34.50 | $9,875.00 |
| **TOTAL** | **34.50** | **$9,875.00** |

This interim fee application also seeks the reimbursement of the following expenses advanced on behalf of the Debtors in this matter.

| Description | Amount |
|---|---|
| Airfare | $280.50 |
| **TOTAL** | **$280.50** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: March 26, 2014 at 4:00 p.m.** |
| | ) | **Hearing Date: April 2, 2014 at 11:00 a.m.** |

**APPLICATION OF BARNWELL WHALEY PATTERSON &
HELMS, L.L.C. AS COUNSEL TO THE ZAI (CLASS 7B) TRUSTEE EDWARD B.
COTTINGHAM, JR., FOR COMPENSATION FOR SERVICES AND
REIMBURSEMENT OF EXPENSES RELATING TO PLAN IMPLEMENTATION FOR
THE PERIOD OF DECEMBER 1, 2013 THROUGH FEBRUARY 3, 2014**

Barnwell Whaley Patterson & Helms, L.L.C. ("Barnwell Whaley"), counsel to Edward B. Cottingham, Jr., the ZAI (Class 7b) Trustee (the "Trustee"), hereby submits its application, pursuant to 11 U.S.C. §§ 330, 331 and 503(b)(4), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Del. Bankr. L.R. 2016-2, for allowance of compensation for services rendered and for reimbursement of expenses incurred solely as counsel for the Trustee, and in further explanation respectfully represents:

## INTRODUCTION

1. By this application, Barnwell Whaley seeks (i) final allowance and award of compensation for professional services rendered by Barnwell Whaley as counsel for the Trustee for the period from December 1, 2013 through and including February 3, 2014 (the "Compensation Period") in the amount of $9,875.00, representing 34.50 hours in professional services rendered on behalf of the Trustee; and (ii) reimbursement of actual and necessary expenses incurred by Barnwell Whaley during the Compensation Period in connection with the rendition of such professional services in the amount of $280.50 (the "Application").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding

and this application is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330, 331, 503(b)(4), Federal Rule of Bankruptcy Procedure 2016 and Del. Bankr. L.R. 2016-2.

## BACKGROUND

1. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes.

2. The Plan also provides for the appointment of a ZAI Class 7B Trustee, to be identified in the Asbestos PD Trust Agreement. Plan, Article 7.3.5. Edward B. Cottingham. Jr. is identified as the Class 7B Trustee in the Asbestos PD Trust Agreement. See Exh. 1 in Plan Exhibit Book [D.I. 26368].

3. As set forth in Mr. Cottingham's own application for compensation and reimbursement of expenses for services rendered prior to the establishment of the Asbestos PD Trust (Docket No. 31849), in anticipation of the effective date of his appointment as the ZAI Class 7B Trustee, Mr. Cottingham performed services necessary to the creation of the Asbestos PD Trust and which benefitted the Debtors' estates.

4. Specifically, prior to the effective date of the Plan and the coming into being of the Asbestos PD Trust, Mr. Cottingham performed services benefiting the Debtors' estates in connection with (1) fiduciary obligations including due diligence preparations to insure efficient and timely operation of the Trust upon emergence (e.g., arranging for appropriate financial institutions to receive and invest the substantial funds and meeting with accounting professionals to insure compliance with the laws and GAAP), (2) reviewing drafts and changes to effective date documents specifically as they related to ZAI Trustee duties, (3) traveling to and attending

2

meetings regarding effective date documents and funds flow issues, and (4) participating in the February 3, 2014 closing and executing necessary effective date documents on behalf of the Asbestos PD Trust Class 7B ZAI. Without such necessary services, the Asbestos PD Trust could not function by the effective date designated and contemplated by the Plan.

5. Mr. Cottingham retained the firm of Barnwell Whaley to assist in the performance of these obligations. As set forth in the fee detail attached as Exhibit A, Barnwell Whaley reviewed bankruptcy and trust documents; reviewed effective date documents; corresponded with parties-in-interest regarding organization of trust, cash flow, draft agreements and closing issues.

6. All services for which compensation is requested by Mr. Cottingham were performed as the ZAI Trustee and not on behalf of any committee, creditor, or other person.

7. Barnwell Whaley believes that this Application complies with the requirements of Del. Bankr. L.R. 2016-2 and the Plan. There is no agreement or understanding between Barnwell Whaley and any other person for the sharing of compensation to be received for services rendered in these cases, other than normal intra-firm distributions at the law firm.

8. The professional services and related expenses for which Barnwell Whaley seeks allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases representing Mr. Cottingham in connection with the discharge of his professional responsibilities as ZAI Trustee, and have been necessary and beneficial to the Debtors and their estates.

## TIME RECORDS AND HOURLY RATES

9.      The total time spent by Barnwell Whaley representing the Trustee during the Compensation Period was 34.50 hours and the compensation sought for the Compensation Period is $9,875.00. This equates to a blended rate of $286.23 per hour.

10.     Attached hereto as Exhibit A and incorporated herein by reference are Barnwell Whaley's time records showing a daily log of all time spent by Barnwell Whaley providing services for the Trustee Committee during the Compensation Period. The attached time records provide a detailed, day-by-day explanation of the services rendered by Barnwell Whaley in connection with this matter during that time. Applicant certifies that Applicant has reviewed Del. Bankr. L.R. 2016-2 and believes that the Application complies therewith.

11.     Also included in Exhibit A, and incorporated herein by reference, is a summary of the expenses incurred by Barnwell Whaley during the Compensation Period on behalf of the Trustee. The total expense for which reimbursement is sought in the Application is $280.50.

**WHEREFORE**, Barnwell Whaley, respectfully requests that the Court enter an order, providing that (a) for the period December 1, 2013 through February 4, 2014, an allowance be made to Barnwell Whaley for compensation in the amount of $9,875.00 and reimbursement of expenses in the amount of $280.50 for the reasonable and necessary services they provided to the

Trustee, (b) that the Debtors be authorized and directed to pay to Barnwell Whaley such sums, and (c) Barnwell Whaley receive any further relief to which they are entitled.

Date: March 12, 2014  
      Wilmington, Delaware

**SULLIVAN · HAZELTINE · ALLINSON LLC**

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
901 N. Market Street, Ste. 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195

*Counsel to Edward B. Cottingham, Jr., ZAI (Class 7B) Trustee*

## VERIFICATION

State of South Carolina)

County of Charleston  )

I, M. Dawes Cooke, Jr., after being duly sworn according to law, deposes and says:

I am a Member of Barnwell Whaley Patterson & Helms, L.L.C. ("Barnwell Whaley"). Barnwell Whaley represents Edward B. Cottingham, Jr., as ZAI (Class 7B) Trustee (the "Trustee") in this matter. I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. I believe that this Application substantially complies with the Local Bankruptcy Rules for the District of Delaware.

I declare under penalty of perjury that the foregoing is true and correct.

_____
M. Dawes Cooke, Jr.
Barnwell Whaley Patterson & Helms, L.L.C.
Member

SWORN AND SUBSCRIBED
Before me this 12th day of March, 2014

_____
Notary Public of South Carolina