# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: | Chapter 11 |
| W.R. GRACE & CO., et al., | Case No. 01-01139 (KJC) |
|          Reorganized Debtors. | (Jointly Administered) |
| | **Relates to D.I. 31718, 31772 and 31794** |

### ORDER STAYING DISBURSEMENT OF COMMON FUND FEE AWARD PENDING RESOLUTION OF COMMON FUND FEE ALLOCATION DISPUTES

UPON CONSIDERATION of the Partial Joinder Of Lukins & Annis P.S. In Motion Of ZAI Class Counsel For A Common Fund Fee Award, And Counter-Motion To Stay Disbursement Of Any Common Fund Fee Award Pending Resolution Of All Common Fund Fee Allocation Disputes (D.I. 31794, the "Counter-Motion"), it appearing that good cause exists to grant the relief requested in the Counter-Motion, IT IS HEREBY ORDERED that:

1.        Any and all attorneys' fees awarded pursuant to the Motion Of ZAI Class Counsel For A Common Fund Fee Award (D.I. 31718) (a "Common Fund Fee Award") shall be segregated from each of the first two payments of the Class Settlement (as defined in D.I. 31718) and held in trust for the benefit of all firms asserting an interest therein,[1] pending further order of this Court following a determination by this Court, an arbitrator selected by agreement of all of the Firms, or a written agreement of all of the Firms, regarding the proper allocation of the Common Fund Fee Award among the Firms.

---

[1] The firms asserting an interest in the Common Fund Fee Award are (i) The Scott Law Group, P.S., (ii) Richardson, Patrick, Westbrook & Brickman, LLC, (iii) Lieff, Cabraser, Heimann & Bernstein, L.L.P., and (iv) Lukins & Annis, P.S. (collectively, the "Firms").

2.      Any allowance by this Court of a Common Fund Fee Award pursuant to the Common Fund Fee Motion shall be without prejudice to, and shall not constitute a determination by this Court of, the proper allocation of the Common Fund Fee Award among the Firms.

3.      Pending further order of the Court the Common Fund Fee Award shall be held in the trust account of one of (i) The Scott Law Group, P.S., (ii) Richardson, Patrick, Westbrook & Brickman, LLC, or (iii) Lieff, Cabraser, Heimann & Bernstein, L.L.P., as those three firms may unanimously agree, or failing such agreement in the trust account of Lukins & Annis P.S.  The deposit of the Common Fund Fee Award into any such trust account shall not vest the firm maintaining such account with an ownership interest in the Common Fund Fee Award.

4.      Nothing herein shall restrict the reimbursement of any out-of-pocket expenses requested pursuant to D.I. 31718, 31772 or 31794 and allowed by the Court.  Lukins & Annis P.S. has submitted its unreimbursed cost summaries which reflect expenditures in the amount of $222,946.96.  Counsel in common fund cases are entitled to reimbursement of their reasonable litigation costs. The Court finds the expenses for which Lukins & Annis P.S. has requested reimbursement to be reasonable litigation costs, and approves reimbursement of the same in the full amount requested.

5.      The Firms are directed to confer in good faith regarding the procedure to be employed to determine the allocation of the Common Fund Fee Award among the Firms.  A status conference shall be held before the Court on _____, 2014 at _____ _.m., regarding the same.

#24492446 v2

6.      In the absence of an agreement of all Firms regarding an alternate dispute resolution procedure for determining the allocation of the Common Fund Fee Award among the Firms, the Court reserves jurisdiction to determine the proper allocation of the Common Fund Fee Award among the Firms.

Dated: April ___, 2014
        Wilmington, DE

_____
Kevin J. Carey
United States Bankruptcy Judge