# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (KJC) |
| ) | (Jointly Administered) |
| Reorganized Debtors. ) | |

This Final Decree pertains to the Chapter 11 Cases of: A-1 Bit & Tool Co., Inc. (01-01141 (KJC)), Alewife Boston Ltd. (01-01142 (KJC)), Alewife Land Corporation (01-01143 (KJC)), Amicon, Inc. (01-01144 (KJC)), CB Biomedical, Inc. (01-01145 (KJC)), CCHP, Inc. (01-01146 (KJC)), Coalgrace, Inc. (01-01147 (KJC)), Coalgrace II, Inc. (01-01148 (KJC)), Creative Food 'N Fun Company (01-01149 (KJC)), Del Taco Restaurants, Inc. (01-01151 (KJC)), Ecarg, Inc. (01-01153 (KJC)), Five Alewife Boston Ltd. (01-01154 (KJC)), G C Limited Partners I, Inc. (01-01155 (KJC)), G C Management, Inc. (01-01156 (KJC)), GEC Management Corporation (01-01157 (KJC)), GN Holdings, Inc. (01-01158 (KJC)), GPC Thomasville Corp. (01-01159 (KJC)), Grace A-B Inc. (01-01161 (KJC)), Grace A-B II Inc. (01-01162 (KJC)), Grace Culinary Systems, Inc. (01-01164 (KJC)), Grace Drilling Company (01-01165 (KJC)), Grace Environment, Inc. (01-01167 (KJC)), Grace H-G Inc. (01-01169 (KJC)), Grace H-G II Inc. (01-01170 (KJC)), Grace Hotel Services Corporation (01-01171 (KJC)), Grace Offshore Company (01-01173 (KJC)), Grace Petroleum Libya Incorporated (01-01175 (KJC)), Grace Tarpon Investors, Inc. (01-01176 (KJC)), Grace Ventures Corp. (01-01177 (KJC)), Grace Washington, Inc. (01-01178 (KJC)), Gracoal, Inc. (01-01181 (KJC)), Gracoal II, Inc. (01-01182 (KJC)), Homco International, Inc. (01-01185 (KJC)), L B Realty, Inc. (01-01187 (KJC)), Litigation Management, Inc. (01-01188 (KJC)), Monolith Enterprises, Incorporated (01-01189 (KJC)), Monroe Street, Inc. (01-01190 (KJC)), MRA Holdings Corp. (01-01191 (KJC)), MRA Intermedco, Inc. (01-01192 (KJC)), MRA Staffing Systems, Inc. (01-01193 (KJC)), Southern Oil, Resin & Fiberglass, Inc. (01-01195 (KJC)), Axial Basin Ranch Company (01-01197 (KJC)), CC Partners

---

[1] The Reorganized Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

KE 29900542

|  |  |
|---|---|
| ) | (01-01198 (KJC)), Hayden-Gulch West Coal Company (01-01199 (KJC)), and H-G Coal Company (01-01200 (KJC)). |
| ) |  |
| ) |  |
| ) | Re: Docket No. 31773 |
| ) |  |

### FINAL DECREE (A) CLOSING CERTAIN OF THE CHAPTER 11 CASES, (B) REMOVING CERTAIN OF THE CHAPTER 11 CASES FROM THE JOINT ADMINISTRATION ORDER, AND (C) WAIVING THE REQUIREMENT THAT THE REORGANIZED DEBTORS FILE A FINAL REPORT FOR THE MERGED SUBSIDIARIES

Upon the Motion of the Reorganized Debtors for entry of a Final Decree: (a) closing the Chapter 11 Cases of the Merged Subsidiaries; (b) removing the Chapter 11 Cases of the Merged Subsidiaries from the Joint Administration Order; and (c) waiving the requirement that the Reorganized Debtors file a final report for the Merged Subsidiaries, all as more fully set forth in the Motion; this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and § 10.4 of the Plan; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a Final Decree consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of and opportunity for a hearing on the Motion were appropriate and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and

2

after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:[2]

1. The Motion is granted in its entirety.

2. The Chapter 11 Cases of the Merged Subsidiaries[3] are hereby closed effective as of the date of the entry of this Final Decree.

3. Entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors or any other party in interest to seek to reopen the Chapter 11 Cases of the Merged Subsidiaries.

4. The Merged Subsidiaries and their Chapter 11 Cases are hereby removed from the Joint Administration Order.

5. The Chapter 11 Cases of the Surviving Reorganized Debtors shall remain open and subject to the terms of the Joint Administration Order.

6. The requirement that the Merged Subsidiaries file a final report pursuant to Local Rule 3022-1(c) is hereby waived. No later than April 30, 2014, the Reorganized Debtors

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

[3] The Merged Subsidiaries consist of A-1 Bit & Tool Co., Inc. (01-01141 (KJC)), Alewife Boston Ltd. (01-01142 (KJC)), Alewife Land Corporation (01-01143 (KJC)), Amicon, Inc. (01-01144 (KJC)), CB Biomedical, Inc. (01-01145 (KJC)), CCHP, Inc. (01-01146 (KJC)), Coalgrace, Inc. (01-01147 (KJC)), Coalgrace II, Inc. (01-01148 (KJC)), Creative Food 'N Fun Company (01-01149 (KJC)), Del Taco Restaurants, Inc. (01-01151 (KJC)), Ecarg, Inc. (01-01153 (KJC)), Five Alewife Boston Ltd. (01-01154 (KJC)), G C Limited Partners I, Inc. (01-01155 (KJC)), G C Management, Inc. (01-01156 (KJC)), GEC Management Corporation (01-01157 (KJC)), GN Holdings, Inc. (01-01158 (KJC)), GPC Thomasville Corp. (01-01159 (KJC)), Grace A-B Inc. (01-01161 (KJC)), Grace A-B II Inc. (01-01162 (KJC)), Grace Culinary Systems, Inc. (01-01164 (KJC)), Grace Drilling Company (01-01165 (KJC)), Grace Environment, Inc. (01-01167 (KJC)), Grace H-G Inc. (01-01169 (KJC)), Grace H-G II Inc. (01-01170 (KJC)), Grace Hotel Services Corporation (01-01171 (KJC)), Grace Offshore Company (01-01173 (KJC)), Grace Petroleum Libya Incorporated (01-01175 (KJC)), Grace Tarpon Investors, Inc. (01-01176 (KJC)), Grace Ventures Corp. (01-01177 (KJC)), Grace Washington, Inc. (01-01178 (KJC)), Gracoal, Inc. (01-01181 (KJC)), Gracoal II, Inc. (01-01182 (KJC)), Homco International, Inc. (01-01185 (KJC)), L B Realty, Inc. (01-01187 (KJC)), Litigation Management, Inc. (01-01188 (KJC)), Monolith Enterprises, Incorporated (01-01189 (KJC)), Monroe Street, Inc. (01-01190 (KJC)), MRA Holdings Corp. (01-01191 (KJC)), MRA Intermedco, Inc. (01-01192 (KJC)), MRA Staffing Systems, Inc. (01-01193 (KJC)), Southern Oil, Resin & Fiberglass, Inc. (01-01195 (KJC)), Axial Basin Ranch Company (01-01197 (KJC)), CC Partners (01-01198 (KJC)), Hayden-Gulch West Coal Company (01-01199 (KJC)), and H-G Coal Company (01-01200 (KJC)).

KE 29900542

shall file a post-confirmation report for the Reorganized Debtors, including the Merged Subsidiaries. The information included in such post-confirmation report shall be current as of March 31, 2014.

7. To the extent not already paid, the fees required to be paid to the U.S. Trustee by the Merged Subsidiaries pursuant to 28 U.S.C. § 1930(a)(6) shall be paid by the Reorganized Debtors no later than March 31, 2014.

8. The Clerk of the Court shall enter this Final Decree individually on the docket of each of the Merged Subsidiaries and thereafter such dockets shall be marked as "Closed."

9. The Reorganized Debtors and BMC Group, Inc. as notice and claims agent are authorized to take all actions that may be necessary to undertake the relief granted in this Final Decree.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the Local Rules are satisfied by such notice.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Final Decree and shall retain jurisdiction over the Chapter 11 Cases of the Merged Subsidiaries pursuant to Article 10 of the Plan.

12. Notwithstanding the possible applicability of Rules 6004(h), 7062, or 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

Date: _____, 2014

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge

KE 29900542