IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| W.R. GRACE & CO., et al., | ) ) ) | Case No. 01-1139 (KJC) Jointly Administered |
| Reorganized Debtors. | ) ) ) | Objection Date: April 10, 2014 at 4:00 p.m. Hearing: To Be Determined |

**THIRD QUARTERLY INTERIM FEE APPLICATION OF
LINCOLN PARTNERS ADVISORS LLC, AS FINANCIAL ADVISOR TO
ROGER FRANKEL, ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE,
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR
THE PERIOD OF OCTOBER 1, 2013 THROUGH DECEMBER 31, 2013**

Pursuant to 328(a) U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Retention Order (as defined herein), and this Court's Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Procedures"), Lincoln Partners Advisors LLC ("Lincoln") hereby submits this Third Quarterly Interim Application (the "Third Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to Roger Frankel, the Asbestos PI Future Claimants' Representative (the "FCR") of W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period of October 1, 2013 through December 31, 2013 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period.

In support of this Third Quarterly Interim Application, Lincoln respectfully represents as follows:

## I. Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

## II. Background

2. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. By an Order dated May 24, 2004, the Court appointed David T. Austern as the Legal Representative for Future Asbestos Claimants (the "FCR") for the above captioned cases. The same Order authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the bankruptcy code). On March 1, 2006, the FCR applied to this Court for an order authorizing the retention of Piper Jaffray & Company ("PJC") pursuant to an engagement agreement dated February 16, 2006 (the "Engagement Agreement") as his financial advisor. On May 8, 2006 this Court entered an order (the "Retention Order") authorizing the FCR to employ PJC as financial advisor effective nunc pro tunc as of February 13, 2006 pursuant to the terms of the Engagement Agreement. After Joseph J. Radecki, Jr. left the employ of PJC on March 2, 2008 to work as sole member of Tre Angeli LLC, on July 29, 2008 this Court entered an order authorizing the retention and employment of Tre Angeli as co-financial advisor to the FCR *nunc pro tunc* as of March 3, 2008. On September 1, 2009, Mr. Radecki became employed by Lincoln. On November 18, 2009 this Court entered an order authorizing the retention and employment of Lincoln as the financial advisor to the FCR *nunc pro tunc* as of

2

September 1, 2009. Contemporaneous with the order, the FCR terminated the engagements of both Tre Angeli and PJC.

4. After the death of Mr. Austern on May 16, 2013, the Debtors filed a Motion for Entry of an order appointing Roger Frankel as the Successor Legal Representative for Future Asbestos Personal Injury Claimants *nunc pro tunc* to May 16, 2013 (the "Successor FCR Appointment Motion") on May 24, 2013. An order was entered by the Court on May 29, 2013 (which was amended on May 30, 2013), appointing Mr. Frankel, on an interim basis, as the successor FCR in these Chapter 11 Cases (the "Interim Appointment Order"). The Interim Appointment Order provided Mr. Frankel with the same rights and powers provided to Mr. Austern including, among other things, the right to retain and employ counsel and professionals consistent with sections 327 and 1103 of the Bankruptcy Code, subject to approval of the Court. On July 31, 2013, the Court entered an order authorizing the retention and employment of Lincoln as financial advisor to the successor FCR *nunc pro tunc* to May 16, 2013.

### III.  Summary of Services Rendered

5. The financial services provided to the FCR by Lincoln during this period included but were not limited to:

  (a) Conducting due diligence and advising the FCR with respect to the specialty chemicals industry in which the Debtors operate;

  (b) Conducting due diligence and advising the FCR with respect to the financial condition of the Debtors' businesses;

  (c) Conducting due diligence and advising the FCR with respect to the operations of the Debtors' businesses;

(d) Advising the FCR with respect to the plan of reorganization and effective date issues regarding same;

(e) Familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the Court docket and the numerous motions and orders filed in connection with this case;

(f) Reviewing and analyzing potential acquisitions and divestitures;

(g) Performing valuation analyses on the Debtors and their assets; and

(h) Reviewing and analyzing various claims and other liabilities of the Debtors.

### IV. Lincoln's Request for Compensation and Expense Reimbursement

6. Pursuant to the Procedures, professionals may request monthly compensation and the reimbursement of expenses incurred. The notice parties listed in the Procedures may object to such a request. If no notice party objects to a professional's request within twenty (20) days after the date of service of the request, the applicable professional may submit to this Court a certification of no objection whereupon the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested.

7. Furthermore, and also pursuant to the Procedures, professionals are to file with this Court and serve upon the notice parties a quarterly request for interim approval and allowance of the monthly fee applications filed during the quarter. If this Court grants the relief requested in these quarterly requests, the Debtors are authorized and directed to pay 100% of the fees and expenses requested in the monthly fee applications for the applicable quarter (less amounts previously paid as a result of monthly fee applications).

8. With this Third Quarterly Interim Application, Lincoln seeks interim allowance of compensation in the amount of $90,000.00 representing fees for October 1, 2013 through December 31, 2013.

9. During the Third Quarterly Interim Period, Lincoln has recorded expenses in the amount of $893.46. The actual and necessary costs and expenses for which Lincoln seeks reimbursement include the following:

   a. *Meeting with FCR* – Lincoln charges clients for necessary travel fees and expenses incurred in order to meet with clients.

   b. *Communications* – Lincoln charges clients for necessary mobile telephone, long-distance, fax and wireless internet charges.

   c. *Copies* – Lincoln charges clients for necessary printing and copying charges.

### V.  Relief Requested

9. With this Third Quarterly Interim Application, Lincoln requests that this Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred during the Interim Period.

10. Except for the Debtors' promise to pay compensation and reimbursement as allowed by the Court, and such compensation and reimbursement which has been or may be paid pursuant to the Procedures, Lincoln has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with this case.

11. Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, during the Third Interim Period, Lincoln has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person, or (b) any

compensation another person or party has received or may receive in connection with this case.

WHEREFORE, for all these reasons, Lincoln respectfully requests that the Court allow Lincoln the sum of $90,000.00 in fees and expenses of $893.46 for a total compensation of $90,893.46 for the period October 1, 2013 through December 31, 2013, that such sums be authorized for payment, and that the Court grant such other and further relief as is just and proper.

Dated: March 18, 2014

                                        Respectfully submitted,

                                        LINCOLN PARTNERS ADVISORS LLC

                                        By:    */S/ JASON SOLGANICK*
                                                      Jason Solganick
                                                      Director
                                                      360 Madison Ave, 21st Floor
                                                      New York, NY 10017
                                                      Telephone: (212) 277-8115