IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | Hearing Date: April 2, 2014, at 11:00 a.m. |
| | ) | Re: Docket Nos. 31794 and 31911 |
| | ) | |

**REORGANIZED DEBTORS' STATEMENT IN RESPONSE TO THE
PARTIAL JOINDER OF LUKINS & ANNIS P.S. IN MOTION OF ZAI CLASS
COUNSEL FOR A COMMON FUND FEE AWARD, AND COUNTER-MOTION TO
STAY DISBURSEMENT OF ANY COMMON FUND FEE AWARD PENDING
RESOLUTION OF ALL COMMON FUND FEE ALLOCATION DISPUTES**

1.  The *Partial Joinder of Lukins & Annis P.S. in Motion of ZAI Class Counsel for a Common Fund Fee Award, and Counter-Motion to Stay Disbursement of Any Common Fund Fee Award Pending Resolution of All Common Fund Fee Allocation Disputes* [Docket No. 31794] (the "L&A Counter-Motion") requests the Court to (i) approve the amount of the Common Fund Fee Award (as defined in the L&A Counter-Motion), (ii) stay distribution of the Common Fund Fee Award pending resolution of the allocation among the firms claiming an interest therein, and (iii) award Lukins and Annis's ("L&A") prepetition and postpetition out-of-pocket expenses. L&A Counter-Motion at pp. 10, 11.

2.  The *Reply of ZAI Class Counsel in Support of Motion for a Common Fund Fee Award and in Response to Lukins & Annis' "Counter Motion"* [Docket No. 31911] (the

---

[1] The Reorganized Debtors consist of the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

"Reply") proposes that the Court appoint Judge Judith Fitzgerald to issue a report and recommendation to the Court regarding the L&A Counter-Motion. Reply at p. 3. L&A apparently agrees with this proposed process. *Id.*

3.  On January 16, 2009, the Bankruptcy Court entered an order provisionally certifying a class composed of "[a]ll holders of U.S. ZAI claims that were filed with the Bankruptcy Court on or before the U.S. ZAI Bar Date, except the United States for its ZAI Claims filed on behalf of the United States Forest Service" [Docket No. 20535] (the "Grace ZAI Class"). On April 1, 2009, the Court gave final approval to a settlement in the Chapter 11 Cases between the Debtors and the Grace ZAI Class (the "Grace ZAI Class Settlement"), *see* [Docket No. 21174].

4.  The fees and expenses which L&A seeks will be paid out of the common fund awarded pursuant to the Grace ZAI Class Settlement. While an award of fees may ultimately be an issue of allocation of the Common Fund Fee Award among the several firms claiming an interest in the fund, an award of expenses will deplete the fund. Section 2(a)(ii) of the Deferred Payment Agreement (Class 7B ZAI) (Plan Exhibit 28), which incorporates the terms of the Grace ZAI Settlement into the Plan,[2] requires the Reorganized Debtors to make future payments to the fund beginning on the fifth anniversary of the Plan's effectiveness to the extent fund assets fall below $10 million. Thus, the Reorganized Debtors have an interest in ensuring that reimbursement of L&A's prepetition expenses does not cause or contribute to a shortfall in fund assets.

---

[2] For purposes of this statement, the "Plan" shall mean the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace and Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010* [Docket No. 26368].

5. The Reorganized Debtors do not agree with the relief requested in the L&A Counter-Motion, but agree with and support the proposal that the issues raised by the L&A Counter-Motion should be put before Judge Fitzgerald. The Reorganized Debtors therefore respectfully request that the Court not make any rulings on the merits of L&A's Counter-Motion at the April 2 hearing. The Reorganized Debtors reserve all of their rights to participate in the proceedings before Judge Fitzgerald, and to preserve all of their arguments, including, *inter alia*, that L&A should not be entitled to any prepetition expense reimbursement, and to object to any individual expenses to the extent they are unreasonable.

*[Remainder of Page Intentionally Left Blank]*

Dated: March 28, 2014
Wilmington, Delaware

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley, P.C.
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
Telephone: (312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Co-Counsel for the Reorganized Debtors*