# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>W.R. GRACE & CO., et al.,<br><br>                Reorganized Debtors. | Chapter 11<br><br>Case No. 01-01139 (KJC)<br>(Jointly Administered)<br><br>Hearing Date: April 2, 2014 at 11:00 a.m. (ET)<br>Objection Deadline: March 26, 2014 at 4:00 p.m. (ET)<br><br>Relates to D.I. 31794, 31849, 31911 |

### REPLY OF LUKINS & ANNIS, P.S. TO REPLY OF ZAI CLASS COUNSEL IN SUPPORT OF MOTION FOR A COMMON FUND FEE AWARD AND IN RESPONSE TO LUKINS & ANNIS' "COUNTER MOTION"

        Lukins & Annis, P.S. ("L&A"), by and through its undersigned counsel, hereby replies, pursuant to Local Rule of Bankruptcy Procedure 9006-1(d), to the *Reply of ZAI Class Counsel in Support of Motion for a Common Fund Fee Award and in Response to Lukins & Annis' "Counter Motion"* (the "**Class Counsel Reply**") (Docket No. 31911), and in support states as follows:

        1.    Class Counsel inaccurately suggests that no party has opposed this Court awarding to ZAI Class Counsel a common fund fee award of 25% of the first two ZAI settlement payments pursuant to the *Motion of ZAI Class Counsel for a Common Fund Fee Award* (the "**Fee Motion**"). See Class Counsel Reply, at page 1. By its *Partial Joinder of Lukins & Annis P.S. in Motion of ZAI Class Counsel for a Common Fund Fee Award, and Counter-Motion to Stay Disbursement of Any Common Fund Fee Award Pending Resolution of All Common Fund Fee Allocation Disputes* (the "**Partial Joinder**"), L&A joined "in the request to approve a contingency fee of 25% from the first two settlement payments made pursuant to the Settlement, for a total common fund attorney fee award of approximately $16 million … but does not join in any request to award such fees solely to ZAI Class counsel." Partial Joinder, at § III.A. At

#24864563 v4

-2-

Section III.B of the Partial Joinder, L&A asserted its entitlement to a fair portion of any common fund fee award, and the basis for that entitlement.  Therefore, L&A does not object to the award of a common fund fee, provided that such award is subject to an equitable allocation among itself and ZAI Class Counsel, but it does oppose such common fund fee being awarded solely to ZAI Class Counsel.

2. While L&A stands ready to supplement its fee and expense request if directed by the Court, L&A submits that the Partial Joinder to the Fee Motion constitutes a proper motion for attorney's fees and costs pursuant to Federal Rules of Civil Procedure 23(h) and 54(d).  The Partial Joinder both joins in the Fee Motion's request for a common fund fee award and sets forth L&A's fees, expenses and the grounds for entitlement to a fair portion of such award, thereby satisfying the requirements of Rule 54(d).  Partial Joinder, at § III.A – III.B.

3. L&A is currently in discussions with ZAI Class Counsel regarding a procedural mechanism for determining the allocation of any common fund fee award.  What seems crystal clear is that some further proceedings will need to be conducted to determine an equitable allocation of any common fund fee award among ZAI Class Counsel and L&A.  Counsel for L&A had discussed with former Bankruptcy Judge Judith Fitzgerald the possibility of her serving as an arbitrator should the parties choose to arbitrate the allocation dispute (to confirm that she would be willing to serve if requested), but L&A now understands that ZAI Class Counsel is not willing to arbitrate the allocation dispute.  There have been no discussions with Judge Fitzgerald regarding the possibility of her serving as a Federal Rule of Evidence 706 expert, though the Parties will endeavor to speak with her about that prior to the April 2 hearing.  L&A continues to evaluate ZAI Class Counsel's suggestion of appointing a Rule 706 expert and reserves all rights with regard to that suggested approach.

-3-

4.      Regardless of the forum in which the allocation dispute is resolved, L&A believes discovery consistent with the Federal Rules of Civil Procedure is required prior to any such resolution.  The allocation issue cannot be resolved without discovery regarding, without limitation, the respective roles of and work done by L&A and ZAI Class Counsel in the ZAI litigation, both before and after the departure of Darrell W. Scott from L&A at the end of 2004.  L&A believes ZAI Class Counsel is in sole possession of many of the documents, records and other information relevant to this inquiry.  As such, any procedure for resolution of the allocation dispute must provide L&A an adequate ability to conduct appropriate document discovery and depositions.

Dated:  March 28, 2014
       Wilmington, DE

Respectfully submitted,

**PEPPER HAMILTON LLP**

/s/ David M. Fournier
David M. Fournier (DE No. 2812)
Michael J. Custer (DE No. 4843)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE  19801
Phone: (302) 777-6500
Fax: (302) 421-8390
fournierd@pepperlaw.com
custerm@pepperlaw.com

*Attorneys for Lukins & Annis, P.S.*

#24864563 v4