1   UNITED STATES BANKRUPTCY COURT

2   DISTRICT OF DELAWARE

3   Case No. 01-1139 (KJC)

4   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

5   In the Matter of:

6

7   WR GRACE & CO., et al.

8

9        Reorganized Debtors.

10  - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

11

12                           United States Bankruptcy Court

13                           824 North Market Street

14                           Wilmington, Delaware  19801

15                           APRIL 2, 2014

16                           11:10 AM

17

18

19

20

21  B E F O R E:

22  HON. KEVIN J. CAREY

23  U.S. BANKRUPTCY JUDGE

24

25  ECRO:  ALFONSE LUGANO

1   HEARING re Doc #31718:   Motion of ZAI Class Counsel for a

2   Common Fund Fee Award

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Theresa Pullan

1  A P P E A R A N C E S :

2

3  PACHULSKI STANG ZIEHL & JONES

4        Attorneys for Reorganized Debtors

5  BY:   JEFFREY O'NEILL, ESQ.

6

7  PEPPER HAMILTON, LLP

8        Attorneys for Lukins & Annis

9  BY:   DAVID FOURNIER, ESQ.

10

11  RICHARDSON, PATRICK, WESTBROOK & BRICKMAN

12        Attorneys for ZAI

13  BY:   EDWARD WESTBROOK, ESQ.

14

15  SULLIVAN, HAZELTINE, ALLINSON

16        Attorneys for ZAI

17  BY:   WILLIAM SULLIVAN, ESQ.

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2          THE CLERK:  All rise.  Be seated please.

3          THE COURT:  Good morning everyone.

4          ALL:  Good morning, Your Honor.

5          MR. O'NEILL:  Good morning, Your Honor.  James

6    O'Neill, Pachulski Stang Zeil and Jones appearing on behalf of

7    the Reorganized Debtor this morning.  Your Honor, we filed our

8    agenda, there were several matters listed on the agenda.

9          I will note that for the matters going forward the

10   court has addressed the Fiftieth quarterly interim fee

11   applications, an order has been entered on that.  I do

12   appreciate that, Your Honor.  Also, Your Honor, we filed our

13   motion to reduce the 2002 service list in these cases, and

14   filed a certificate of no objection on that, and the Court has

15   entered an order on that motion as well.  And I do appreciate

16   that.

17          Your Honor, that leaves item number 5 on our agenda,

18   which is the motion of the ZAI Class Counsel for a common fund

19   fee award.  Your Honor, that matter is going forward today, and

20   I'm going to turn the podium over to counsel for ZAI Class and

21   that is Mr. Sullivan.

22          THE COURT:  Very well.

23          MR. O'NEILL:  Thank you.

24          MR. SULLIVAN:  Good morning, Your Honor, Bill

25   Sullivan on behalf of ZAI Class Counsel.  Your Honor, first I'd

1   like to make some introductions to counsel at counsel table.

2   On your far right is Elizabeth Cabraser, from the Lief Cabraser

3   firm, she's here from San Francisco.

4           MS. CABRASER:  Good morning, Your Honor.

5           THE COURT:  Oh, we made the weather just like San

6   Francisco just for you.

7           MS. CABRASER:  Exactly.

8           MR. SULLIVAN:  Next is Darryl Scott who is in from

9   Spokane, Washington.

10          MR. SCOTT:  I just flew in from Phoenix and the

11  weather here is not the same.

12          THE COURT:  Boy, don't I know that.

13          MR. SULLIVAN:  And then Ed Westbrook from the

14  Richards and Patrick Westbrook and Brickman firm.

15          MR. WESTBROOK:  Good morning.  [indiscernible] is

16  always good in Charleston, South Carolina.

17          THE COURT:  Welcome to you all.

18          MR. SULLIVAN:  Your Honor, before I turn the podium

19  over to Mr. Westbrook, in looking at the agenda, there are a

20  lot of items docketed, but I thought it would help the Court if

21  I would  hand up the two orders that the ZAI Class Counsel is

22  seeking to have entered today.  One is an order granting the

23  motion for a common fund fee award, and the other would be to

24  appoint a Rule 706 Expert in the person of Judge Fitzgerald

25  which Your Honor, a concept Your Honor may be familiar with.

1    And let me hand those up to you.

2              THE COURT:  All right.  Thank you.

3              MR. SULLIVAN:  Your Honor, both of those orders have

4    been filed, and I've attached blacklines for your reference if

5    you want them.  I can tell you with respect to the common funds

6    fee award, the only change from the filed version is to add a

7    latest paragraph that would stay the dispersement of any funds

8    pending a resolution of the claim of Lukins & Annis.

9              THE COURT:  To which I understand there is no

10   objection to the stay.

11             MR. WESTBROOK:  That's correct, Your Honor, we've

12   agreed to that.

13             THE COURT:  All right.

14             MR. SULLIVAN:  And then the second order, we have

15   modified slightly, but that is I guess still in dispute and I

16   believe Lukins & Annis has submitted a different order.  So,

17   with that I'm going to turn the podium over to Mr. Westbrook.

18             THE COURT:  Okay.  Thank you.

19             MR. WESTBROOK:  Good morning, Your Honor, Class

20   Counsel, Ed Westbrook for the ZAI Class.  Your Honor, as Mr.

21   Sullivan said we have a couple of items today; two of which can

22   be handled together in a straightforward manner.  First is our

23   class counsel motion for a common fund fee award which is

24   unopposed with anyone with standing, and second is was the

25   Lukins & Annis countermotion to stay dispersement.  We've

1     agreed to their countermotion.  And with respect to our motion,

2     Your Honor, Rule 23 provides that the only parties who could

3     object would be the class or someone who has to pay.  All class

4     members have not objected to the motion, Grace has not objected

5     to the motion, the Trust does not object to the motion, the

6     property damage future claimants representatives who supervises

7     the fund for the future claimants not only did not object to

8     the motion, but filed an affidavit in support of it, and

9     enthusiastically does support our efforts.

10            So, Your Honor, we believe that that motion is

11    properly taken unopposed and that the order should be

12    submitted.  We submitted our motion under Rule 23 and under

13    54(d).  54(d) governs what must be in a motion, and under 54(d)

14    you must state the grounds for your motion.  And in this

15    circuit, of course, that means covering in detail the Gunther

16    factors, the ten Gunther factors.  And we went through those

17    factors each and every one of them in detail in our 47 page

18    motion with our 33 exhibits, perhaps overkill, but there was a

19    lot of money at stake so we thought we would be as thorough as

20    we could be.  So we did do that as well.  And 54(d) also

21    requires that we state specific amount sought, and we did, 25

22    percent of the first two noncontingent payments.  We are

23    seeking no fee on the additional $80 million that could come

24    into the fund as the claimants use it.

25            As I say, Your Honor, there have been no objections,

1    we did not to object to the Lukins & Annis motion to stay the

2    dispersement.  And unless the Court has questions, we believe

3    that that motion is ripe to be heard and decided by the Court,

4    and we ask that the Court enter our proposed order.

5            THE COURT:  Thank you.  I've reviewed the submissions

6    and do not have any questions.

7            MR. WESTBROOK:  Thank you, Your Honor.

8            THE COURT:  But I'll hear from others.

9            MR. FOURNIER:  Good morning, Your Honor, David

10   Fournier on behalf of Lukins & Annis.  Your Honor, as reflected

11   in the partial joinder that we filed, Lukins & Annis's interest

12   in this is essentially on account of the fact that for the

13   first three and a half plus years during which this case was

14   pending and Mr. Scott was active on behalf of the ZAI

15   claimants, he was a partner with the Lukins & Annis law firm.

16   When he left the firm to form his own firm at the end of 2004,

17   he took his client with him.  With that said, Your Honor, based

18   upon the active involvement of the Lukins & Annis firm, and Mr.

19   Scott while he was a member of that firm for the first three

20   and a half years of the case, Lukins & Annis believes it is

21   entitled to an appropriate allocation of the common fund fee

22   award in this case.

23           When the settlement papers were filed in the case,

24   Your Honor, they contemplated an attorneys fee application in

25   the amount of 25 percent of the first two payments, and we

1   don't dispute that 25 percent of the first two payments is an

2   appropriate allocation of a common fund fee award for the

3   benefit of whatever law firms are entitled to participate in an

4   allocation of that award.  Your Honor, as noted in our papers,

5   we believe that we're entitled to inevitable allocation.  We

6   believe the case law supports that, but that's not an issue for

7   today, Your Honor.

8           I think what's an issue for today is with respect to

9   the Court's approval of a fund for an award now, I think it's

10  appropriate for any award that is entered to make clear what

11  the Court is approving is a creation of a fund for the

12  attorneys' fee award, the allocation of that would be set for

13  another day.  Your Honor, I'll note that the form of order that

14  was handed up to the Court essentially puts the rabbit in the

15  hat on that issue because it has the Court effectively saying

16  that we are awarding the full 25 percent to class counsel

17  today.  And by the way, distribution will be held in abeyance

18  pending the termination by the Court at some point in the

19  future as to whether something additional should be afforded to

20  Lukins & Annis firm.  At least, that's the way I read that

21  pleading.

22          Your Honor, we had understood that what would be

23  proposed would be an approval of an award with allocation to be

24  determined pursuant to a Rule 706 expert.  We've spoken with

25  Judge Fitzgerald with counsel, we understand that Judge

1    Fitzgerald is prepared to serve as a Rule 706 Expert if the

2    Court is inclined to approve that approach.  But, Your Honor,

3    that's meaningless unless the order that's entered approving a

4    common fund fee award makes clear that the award is subject to

5    equitable allocation as determined by the Court pursuant to

6    further proceedings.  So, Your Honor, we had proposed to

7    counsel for the class claimants --

8                THE COURT:  Let me stop you right there.

9                MR. FOURNIER:  Sure.

10                THE COURT:  And go back and ask, it seems to me

11    that's, understanding there's something yet to be resolved,

12    that's how the order that's been proposed has to be read.  So

13    let me ask if counsel disagrees with that.  And if you do,

14    we'll go from there.

15                MR. WESTBROOK:  Your Honor, in response to that

16    issue, we did add in the last paragraph of the order the final

17    sentence which says this order is without prejudice to and does

18    not constitute a determination by this Court concerning the

19    Lukins & Annis claim.  With respect to Lukins & Annis, Your

20    Honor, we believe that their issue has not yet properly been

21    brought before the Court.  They have not complied with Rule 23

22    and they haven't complied with Rule 54.  If they are seeking a

23    common fund fee award either out of the fee that we're awarded

24    or from the common fund itself, they must just as we did comply

25    with Rule 23 and Rule 54, which means that they must file a

1    motion, they must go through the factors, the Gunther factors,

2    to show how they meet those Gunther factors through an award,

3    and they must specify how much they're seeking.  So we need to

4    have the grounds under Gunther and we don't have the amount

5    they're seeking.  So we proposed that they file a motion, we

6    would file a response, they file a reply, that goes to Judge

7    Fitzgerald and she would decide that issue.  But as we stand

8    here today, we don't have --

9              THE COURT:  Let me ask you to pause for a moment.  So

10   let's say that process runs its course and ultimately former

11   Judge Fitzgerald might conclude that some award should be made.

12   What would then happen?

13             MR. WESTBROOK:  Then that recommendation or expert

14   report would come back to Your Honor for decision.

15             THE COURT:  And let's say I adopted it, then what

16   would happen?

17             MR. WESTBROOK:  Then the parties would either go home

18   and go to the bank or we'd go to the District Court.

19             THE COURT:  But would you agree the consequence of

20   that might necessarily have to be an allocation or reallocation

21   from the fund?

22             MR. WESTBROOK:  Potentially, Your Honor, if the

23   award, if an award to Lukins & Annis, if they were entitled to

24   an award, were determined that it should come from class

25   counsel fee, that would be correct.  It's possible that it

1    could be determined that it would come from the common fund

2    itself because there are cases that go in that direction as

3    well.

4            THE COURT:  Okay, now if it were the former, would

5    you agree that the order you've asked me to enter wouldn't

6    preclude this Court entering an order so providing?

7            MR. WESTBROOK:  I agree with you, Your Honor.

8            THE COURT:  Okay, Mr. Fournier, doesn't that answer

9    your question?

10           MR. FOURNIER:  Your Honor, it does.  And what I would

11   ask that we do is to add some clarifying language to the order

12   so that the order conforms to that.

13           THE COURT:  We just did, you know, as far as I'm

14   concerned.  I mean I've got oh, about five and a half years

15   left on my term, so I'm expecting you'll come back to me.  And

16   we have a transcript, and my memory on that stuff is still

17   pretty good.  So I think I have to consider that issued

18   settled.  Is there anything else?

19           MR. FOURNIER:  Your Honor, that takes us to the

20   second point of contention, if you will, although I think that

21   that largely resolved it, which is what is Judge Fitzgerald

22   being charged with doing.  And as I understand that she's being

23   charged with determining Lukins & Annis's entitlement to a

24   share of a common fund fee award and potentially a share of the

25   common fund fee award that's being approved by the Court today.

1    Your Honor, so the final point then is discovery, and we're

2    sort of in an interesting situation, Your Honor, an interesting

3    position because the principal attorney at Lukins & Annis

4    handling this matter prior to leaving the firm with Mr. Scott,

5    he has depending on his memory almost perfect knowledge of the

6    case, certainly he and his co counsel have knowledge, perfect

7    knowledge of what's happened in the case since they've left.

8    We have limited insight into that, Your Honor.  And so we

9    believe that some discovery in connection with the allocation

10   resolution is necessary.  And I think, Your Honor, we certainly

11   need the detailed time records from the three law firms because

12   all they've presented to the Court is a gross number for the

13   number of hours worked, no detailed time entries, no indication

14   of when that time was worked, no indication of what that time

15   was for.

16          THE COURT:  So I'm looking at paragraph 2 of the

17   proposed order.  You're saying you believe that to be

18   insufficient?

19          MR. FOURNIER:  Your Honor, we -- let me get that

20   proposed order.  I'll note, Your Honor, we have proposed our

21   own order, we sent it over to class counsel last Friday, have

22   not received any comments on it.

23          THE COURT:  Well, I'll tell you what.  I'm always

24   reluctant to have the negotiation here at the podium, not that

25   it never happens.  But if you truly haven't had a chance to get

1   a response or if there has been no response to your proposed

2   order I'll give you a couple of minutes now to talk about it.

3   I don't know what the, what the divides are.  But why don't you

4   just take a couple minutes now to see whether you can't agree.

5   I mean I am inclined to move forward with the suggestion that

6   former Judge Fitzgerald serve in this capacity, and to the

7   extent you can't work out any issues, I'll decide them when I

8   get back.

9           MR. FOURNIER:  That's fine, Your Honor.  What I'd

10  like to do then since counsel has handed up their proposed

11  order I'd like to hand up our proposed order as well and I'll

12  confer with counsel about it.

13          THE COURT:  All right.  Thank you.  Mr. O'Neill?

14          MR. O'NEILL:  Yes, Your Honor.

15          THE COURT:  Is there something you wanted to say?

16          MR. O'NEILL:  I do.  I thought I would say it right

17  before we take the break, Your Honor.  Grace filed a response

18  with respect to the Lukins & Annis motion, and we are, Grace is

19  okay with the Fitzgerald, Judge Fitzgerald suggestion and would

20  be supportive of that.  I rise only to just to indicate that we

21  are reserving our rights with respect to that process and want

22  to participate in that process and we are preserving our

23  arguments including our position that Lukins & Annis should not

24  be entitled to prepetition expense reimbursement and individual

25  expenses which may be objectionable.

1          THE COURT:  All right.  Thank you.

2          MR. O'NEILL:  Thank you.

3          THE COURT:  Anything else before we break?  Okay,

4     let's take a short recess.

5          (Recess 11:26 AM to 11:42 AM)

6          THE CLERK:  All rise.

7          THE COURT:  All right.  How did we do?

8          MR. FOURNIER:  Your Honor, unfortunately we don't

9     have an agreement on the form of order; the parties could not

10    reach agreement with respect to discovery.  So, Your Honor, we

11    have submitted a proposed form of order that I think

12    appropriately lays out a procedure for determination of the

13    allocation dispute.  Your Honor, I believe that our joinder in

14    the, partial joinder in the class motion to approve the fees,

15    you know, appropriately tees up Lukins & Annis's interest, but

16    we do provide in our proposed order for either party to provide

17    further submissions to the Court with respect to Lukins &

18    Annis's position within a specified time period.

19          We do provide for a reasonable period for discovery,

20    and 90 days for discovery which in the context of this case

21    with five years having passed since the settlement was approved

22    I don't think is an unreasonable time period.  And, Your Honor,

23    we clearly lay out in there what Judge Fitzgerald would be

24    charged with doing, which I think is important, Your Honor,

25    because to the extent she's being appointed as a Rule 706

1    Expert, I think it's important that, you know, she have clear

2    guidelines on what it is that she would be charged with

3    reporting and making a recommendation on.  Your Honor, I think

4    that the proposed form of order that class counsel has

5    submitted is not at all clear with respect to what it is that

6    Judge Fitzgerald would be charged with doing, and that's

7    highlighted, Your Honor.

8            THE COURT:  Seems to me that if there are any gaps in

9    that, she might be perfectly capable of deciding how to fill

10   them.  Wouldn't you think?

11           MR. FOURNIER:  Your Honor, I think what's important

12   though is that it be clear that she's charged with making an

13   allocation of the 25 percent fee award among class counsel and

14   Lukins to the extent that she determines the Lukins is entitled

15   to award of a common fund, a portion of the common fund fee.

16   And, Your Honor, what they have submitted doesn't make that

17   clear and --

18           THE COURT:  Well, is there an agreement that that's

19   what she should be doing?

20           MR. FOURNIER:  Well, Your Honor, that's exactly the

21   point though, because what was stated by counsel earlier with

22   respect to an allocation of the 25 percent was that that issue

23   remains open for determination based upon report and

24   recommendation of Judge Fitzgerald.

25           THE COURT:  Well if I understood it correctly and I

1    can be corrected if I'm wrong, that what Judge Fitzgerald as I

2    understood it by agreement was to determine whether there

3    should be an award, and if so, what it should be, and that

4    allocation or other alternatives should be left for this Court

5    for decision.  That's what I thought the parties had agreed on.

6    Or maybe there is just no agreement.

7           MR. FOURNIER:  Your Honor, from our standpoint what

8    the Judge should be determining is what percentage of that 25

9    percent award Lukins & Annis should share in on an equitable

10   basis.

11          THE COURT:  I understand your position.

12          MR. WESTBROOK:  And, Your Honor our position is

13   simply that we should proceed under the regular order, that is

14   Lukins & Annis must file as we did a motion under Rule 23 and

15   meet the Gunther factors in the Third Circuit to tee this up so

16   we know the grounds on which they're asking for in a fee award,

17   and the amount they're asking for.  As we stand here today, we

18   have no idea what that is; they simply put hours in their

19   papers.

20          THE COURT:  And that, should that happen before or

21   after the parties go to former Judge Fitzgerald?

22          MR. WESTBROOK:  Well, Your Honor, the briefing we

23   think should be before, they file their motion, we file a

24   response, they file a reply and then all that goes to Judge

25   Fitzgerald for a decision.

1            Your Honor, as to discovery, I think on our behalf,

2    Lukins & Annis misperceives their burden.  They have to come

3    forward as we came forward and show their entitlement to a

4    common fund fee.  They must do that on the basis of what

5    they've done on the basis of their record not by taking

6    discovery from us to find out what we did.  What we did is

7    contained in the pleadings we've filed over the years with the

8    Court in our extensive motions for preliminary approval, final

9    approval of the settlement and the work that we've done and our

10   motion for a common fund fee application.  They've got all

11   that, they also have access to the docket, if they can't get

12   something off there, we can give them one of our pleadings.

13   But, Your Honor, they've got to make their motion and stand on

14   their own feet, they can't come in and say well we want four

15   months of discovery and to be taking your depositions because

16   we want to find out what you did.  That's not what they're

17   supposed to do.  They've got to make their own standing, their

18   own claim for a fee.

19            Your Honor, so we believe that our order and we took

20   out all the whereases, etc., because those were contentious, we

21   just started off with numbered paragraphs, what's to happen, we

22   didn't try to prejudge anything, but we believe that this

23   should be briefed in the normal order, it should go to Judge

24   Fitzgerald in a normal order for her expert report.  Thank you,

25   Your Honor.

1              THE COURT:  Mr. O'Neill let me go back to Mr.

2     Fournier for a minute.

3              MR. O'NEILL:  Certainly.

4              THE COURT:  On the procedural issue what's your

5     position?

6              MR. FOURNIER:  Your Honor, on the procedural issue,

7     our position is that the pleadings that we filed today to date

8     adequately join Lukins & Annis in the request for a common fund

9     fee award to be allocated among the parties.  That said, Your

10    Honor, we are prepared to file supplemental pleadings to the

11    extent that the Court deems it appropriate, but we believe that

12    we already as standing here today to the extent of our partial

13    joinder in that motion for a common fund fee award, have

14    properly stated our entitlement to a share of that fee.

15             THE COURT:  Thank you.  Mr. O'Neill?

16             MR. O'NEILL:  Yes, Your Honor, just two clarifying

17    points.  Point number one, the last paragraph, paragraph 9 of

18    the class counsel's proposed order has a provision where these

19    parties are splitting the cost of the experts fees and I just

20    wanted to clarify that whatever the cost is that the parties

21    are agreeing to split it's not going to get charged back to

22    Grace or to the trust or any party like that.  This dispute

23    between the parties will be paid for by the parties and not by

24    any other party.

25             THE COURT:  All right, thank you.

1          MR. O'NEILL:  My other, one point, Your Honor, that I

2     just wanted to clarify.  Again, in the ZAI class counsel

3     proposed order in their paragraph 4, it provides that any party

4     wishing to respond may respond which is consistent with our

5     reservation of rights.  And I just was looking through the

6     order that was proposed by Lukins, and I don't know whether

7     that's in there.  Just again, we do want to participate.

8          THE COURT:  All right.

9          MR. O'NEILL:  Thank you.

10          THE COURT:  Here's what I'd like counsel to do,

11     please email to my chambers email address in word processing

12     form copies of all the orders that have been submitted today

13     and I will issue rulings in the forms of these orders in due

14     course.  Is there anyone from, whom I've not yet heard who

15     would like to be heard?

16          MR. COOKE:  Your Honor, this Dawes Cooke on the line,

17     I'm the attorney for the 7b Trustee, Edward Cunningham, who is

18     also on the line.  I'm not admitted in this case, and if Your

19     Honor would rather not hear from me, Mr. Cunningham would speak

20     for himself, but I do have a point I'd like to make.

21          THE COURT:  Go ahead.

22          MR. COOKE:  Just that our understanding is that at

23     least the expenses that are being applied for could be a burden

24     on the trust that Mr. Cunningham is responsible for.  He's not

25     been served with a motion and he would agree, he would like an

1    opportunity to appear and would ask that he be served with a

2    motion if one is to be made.

3            THE COURT:  Thank you.  Does anyone else wish to be

4    heard?

5            MR. RICH:  Your Honor, this is Alan Rich.  I

6    represent the property damage FCR, and I just wanted to let the

7    Court know that, you know, depending on the proceedings that my

8    client, Judge Sanders, may also want to be participating in

9    whatever is going on.

10           THE COURT:  Does anyone else wish to be heard?  I

11   hear no response.  Is there anything else we need to talk about

12   today, Mr. O'Neill?

13           MR. O'NEILL:  No, thank you, Your Honor.

14           THE COURT:  Thank you all very much.  That concludes

15   this hearing.  The Court will stand in recess.

16

17       (Proceedings Concluded 11:51 AM)

18

19

20

21

22

23

24

25

1                          I N D E X

2

3                           RULINGS

4    DESCRIPTION                                          PAGE

5    HEARING re Doc #31718:  Motion of ZAI

6    Class Counsel for a Common Fund Fee Award (cont'd)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 23

1                           CERTIFICATION

2            I, Theresa Pullan, certify that the foregoing is a

3      correct transcript from the official electronic sound recording

4      of the proceedings in the above-entitled matter.

Theresa    Digitally signed by Theresa Pullan
           DN: cn=Theresa Pullan, o, ou,
5          email=digital1@veritext.com, c=US
Pullan     Date: 2014.04.07 16:41:15 -04'00'

6      AAERT Certified Electronic Transcriber CET**00650

7      Theresa Pullan

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22     Veritext

23     330 Old Country Road

24     Suite 300

25     Mineola, NY  11501