IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & Co., <u>et</u> <u>al</u>, | ) | Case No. 01-1139 (KJC) |
| | ) | |
| Debtor. | ) | Jointly Administered |
| | ) | Objection Deadline: May 7, 2014 at 4:00 p.m. |

**FIFTY-SECOND INTERIM APPLICATION OF CAPLIN & DRYSDALE, CHARTERED, COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS OF W.R. GRACE & CO., <u>ET AL.,</u> FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Application: | Caplin & Drysdale, Chartered |
| Authorized to Provide Professional Services to: | The Official Committee of Asbestos Claimants of the above-captioned debtor and debtor-in-possession |
| Date of Retention: | June 13, 2001 *nunc pro tunc* To April 12, 2001 |
| Period for which Compensation and Reimbursement are sought: | January 1, 2014 through February 3, 2014 |
| Amount of Compensation Sought as actual, reasonable And necessary | $98,303.25 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | $584.01 |

This is an:       _x_  interim        __ final application.

{C0356446.1 }    DOC# 449351
1020130v.1 4/17/2014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & Co., <u>et al</u>, | ) | Case No. 01-1139 (KJC) |
| | ) | |
| Debtor. | ) | Jointly Administered |

**FIFTY-SECOND INTERIM APPLICATION OF CAPLIN & DRYSDALE, CHARTERED, COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS FOR INTERIM <u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Administrative Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Administrative Order"), the law firm of Caplin & Drysdale, Chartered ("Caplin & Drysdale") hereby submits this fifty-second interim application ("Fifty-Second Interim Application") for an Order awarding it interim compensation for professional legal services rendered as national counsel to the Official Committee of Asbestos Personal Injury Claimants (the "Committee") of the debtor, W. R. Grace & Co., <u>et al.</u>, ("Debtor"), in an amount of $<u>98,303.25</u>, together with reimbursement of Caplin & Drysdale's actual and necessary expenses incurred in the amount of $<u>584.01</u>, for the period commencing January 1, 2014 through February 3, 2014 (the "Application Period"). In support of this Fifty-Second Interim Application, Caplin & Drysdale respectfully represents as follows:

**IV. JURISDICTION**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334.

{C0356446.1}                                2

## II. BACKGROUND

2. On April 2, 2001 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 under Title 11 of the United States Code (the "Bankruptcy Code").

3. From the Petition Date through the date of this Fifty-Second Interim Application, the Debtor has continued to operate its businesses and manage its properties as debtor-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On April 12, 2001, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

5. On May 3, 2001, the Committee filed and served its Application For Entry Of An Order Nunc Pro Tunc As Of April 12, 2001 authorizing the employment of Caplin & Drysdale as national counsel for the Committee. On June 13, 2001, the Court entered an order, approving the retention application.

## III. RELIEF REQUESTED

6. Through this Fifty-Second Interim Application, Caplin & Drysdale seek allowance and payment of $98,303.25 in fees for services rendered during the Application Period and reimbursement of $584.01 for reasonable and necessary expenses incurred during the Application Period. Thus, Caplin & Drysdale seeks allowance and payment in the total amount of $98,887.26.

7. Caplin & Drysdale has received no payment and no promises for payment from any source for services rendered during the Application Period in connection with the case. There exists no agreement or understanding between Caplin & Drysdale and any other person for the sharing of any compensation to be received for services rendered by Caplin & Drysdale in the case.

8. All services for which compensation is requested by Caplin & Drysdale pursuant to this Application were performed for or on behalf of the Committee in this case.

9. This is Caplin & Drysdale' Fifty-Second Interim Application.

### IV. SUMMARY OF SERVICES RENDERED

10. The professionals at Caplin & Drysdale who have provided services to or for the Committee in this case and their standard hourly rates during the Application Period were as follows:

| **Name** | **Position** | **Years Experience** | **Rate** |
|---|---|---|---|
| Elihu Inselbuch (EI) | Member | 52 | $1,100 |
| Peter V. Lockwood (PVL) | Member | 48 | $975/487.50 |
| Trevor W. Swett (TWS) | Member | 33 | $770 |
| Ann C. McMillan (ACM) | Member | 30 | $675 |
| Rita C. Tobin (RCT) | Of Counsel | 24 | $555 |
| Andrew J. Sackett (AJS) | Of Counsel | 9 | $450 |
| Eugenia Benetos (EB) | Paralegal | 11 | $235 |
| Sara Joy DelSavio (SJD) | Paralegal | 10 | $235 |

11. Caplin & Drysdale has maintained detailed records of the time spent in the rendition of professional services for the Committee during the Application Period. Attached hereto as Exhibit A and incorporated herein by reference is a true and correct copy of the monthly billing statement prepared for the services rendered in this case by Caplin & Drysdale (the "Billing Statement"). The Billing Statement is in the same form regularly used by Caplin & Drysdale to

bill its clients for services rendered and includes the date that the services were rendered, a detailed, contemporaneous narrative description of the services, the amount of time spent for each service and the designation of the professional who performed the service.  In addition, attached hereto as Exhibit B and incorporated herein by reference is a summary by category of the professional services provided during the Application Period.

12. As set forth on Exhibits A and B, Caplin & Drysdale rendered 128.6 hours of professional services during the Application Period, resulting in legal fees totaling $98,303.25 and associated reasonable and necessary expenses totaling $584.01.

13. The total value of the services rendered by Caplin & Drysdale as shown on Exhibit B, broken down among the persons rendering the services is as follows[*]:

| **Name** | **Hours** | **Hourly Rate** | **Value** |
|---|---|---|---|
| Elihu Inselbuch | 3.6 | $1,100 | $3,960.00 |
| Peter Van N. Lockwood | 61.4 | $975 | $59,865.00 |
|  | 31.5 | $487.50 | $15,356.25 |
| Trevor W. Swett | .3 | $770 | $231.00 |
| Ann C. McMillan | 23.5 | $675 | $15,862.50 |
| Rita C. Tobin | 3.1 | $555 | $1,720.50 |
| Andrew J. Sackett | .4 | $450 | 180.00 |
| Eugenia Benetos | 3.7 | $235 | $869.50 |
| Sara Joy DelSavio | 1.1 | $235 | $258.50 |
| **Total** | **128.6** |  | **$98,303.25** |

---

[*] Nonworking travel time is billed at one-half the attorney's usual hourly rate.  See  Exhibit A, Task Code .16 for breakdown.

14. Set forth below are the rates for the expenses incurred by Caplin & Drysdale for which reimbursement is requested pursuant to this Application, as well as the basis for such rates for the identified expense items:

a) Copy charges: Caplin & Drysdale charges $0.10 per page for copies and such charge is based on an analysis of the cost to Caplin & Drysdale to make a copy;

b) Computer research charges: Caplin & Drysdale passes through on an exact cost basis all computer-assisted research charges; and

c) Out-going facsimile charges: Caplin & Drysdale charges $0.15 for each page. These charges are based on an analysis of the cost to Caplin & Drysdale to send facsimile transmissions. Caplin & Drysdale does not pass through to its client's expenses or charges related to incoming facsimile transmissions.

15. Attached hereto as Exhibit C and incorporated herein by reference is a summary by category of the expenses incurred by Caplin & Drysdale for which reimbursement is requested. This information also appears on Exhibit A hereto. Further supporting documentation is available upon request.

16. The general areas in which Caplin & Drysdale has rendered professional services to the Committee during the Application Period in the Case may be broadly characterized as follows:

a) providing legal advice with respect to the Committee's powers and duties as an official committee appointed under section 1102 of the Bankruptcy Code;

b) preparing on behalf of the Committee necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

      c) appearing in Court to present necessary motions, applications and pleadings and otherwise protecting the interests of the Committee; and

      d) performing legal services for the Committee necessary and proper in these proceedings.

17. The generality of the foregoing description is amplified on a day-to-day basis by the Billing Statement attached as Exhibit A.

18. Thus, through this Fifty-Second Interim Application, Caplin & Drysdale seeks interim allowance and payment of $98,303.25 in fees and $584.01 in expenses. A Notice of Fifty-Second Interim Application will be filed and served on all parties requesting notice under Bankruptcy Rule 2002.

## V. ALLOWANCE OF COMPENSATION

19. Caplin & Drysdale have endeavored to represent the Committee in the most expeditious and economical manner possible. Further, the professionals at Caplin & Drysdale have coordinated their activities with co-counsel to avoid duplication of effort on behalf of the Committee in the case whenever possible.

WHEREFORE, Caplin & Drysdale, Chartered respectfully requests that the Court enter an Order approving this Application and directing payment of $98,303.25 in fees and reimbursement of $584.01 in expenses, and for such other and further relief as the Court deems just and proper.

CAPLIN & DRYSDALE

*/s/ Elihu Inselbuch*
Elihu Inselbuch
Rita C. Tobin
Caplin & Drysdale, Chartered
600 Lexington Avenue at 52nd Street
21st Floor
New York, NY  10022
(212) 379-6000

*National Counsel for Official Committee
Of Asbestos Personal Injury Claimants*

Dated: April 17, 2014