# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Related Docket No. _____ |

**ORDER GRANTING MOTION OF LUKINS & ANNIS P.S.**
**FOR AN ALLOCATION OF THE ZAI CLASS ACTION**
**COMMON FUND FEE AWARD**

Currently before the Court is the Motion of Lukins & Annis P.S. (the "L&A Motion") awarding it an allocated share of the first two of the twelve potential payments in the ZAI class settlement, and for reimbursement of expenses. For the reasons set forth herein, the L&A Motion is granted.

The record in this Court confirms that the Zonolite Attic Insulation ("ZAI") litigation was one of the most hotly contested issues in this bankruptcy, and one that threatened to affect confirmation of any Plan of Reorganization. The Motion of ZAI Class Counsel For A Common Fund Fee Award (D.I. 31718, the "Class Counsel Motion") in which L&A partially joined, when taken together with the L&A Motion, ably summarizes the efforts of The Scott Law Group, P.S., Richardson, Patrick, Westbrook & Brickman, LLC and Lieff, Cabraser, Heiman & Bernstein, L.L.P. (collectively, "Class Counsel") and L&A against the Debtors' excellent defense to convince all the bankruptcy constituencies that ZAI presented a legitimate issue that needed to be addressed in the bankruptcy. The services rendered by L&A, with whom Class Counsel Darrell Scott was a partner for the first three and one-half years of this

#25572350 v3

2

case until December, 2004, were instrumental to the ultimate achievement of a ZAI settlement with guaranteed payments of $60 million and contingent payments, based on the amount of claims, totaling an additional $80 million. This $140 million potential settlement is a significant achievement for claims that the Debtor at one time suggested were arguably worthless.

The percentage-of-recovery method is favored in common fund cases in this circuit. *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005). Our appellate court has suggested ten factors to be considered by courts when determining an appropriate percentage fee. *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000); *In re AT & T Corp.*, 455 F.3d 160 (3d Cir. 2006). The Class Counsel Motion provides support for these factors, and the L&A Motion provides additional detail to supplement the information provided in the Class Counsel Motion.

The Court has previously entered an order (D.I. 31985, the "Common Fund Fee Order") approving a common fund fee award equal to 25% of the first two of the twelve potential payments in the ZAI class settlement (the "Common Fund Fee Award"), subject to amendment based upon the Court's determination of the L&A Motion. The facts cited in the Common Fund Fee Order for approval of a common fund fee award support an award of a portion of the Common Fund Fee Award to L&A, and the factual findings in the Common Fund Fee Order regarding the experience, efforts, services and achievements of Class Counsel in relation to this case, the ZAI litigation and the ZAI settlement are equally applicable to L&A for the period during which Darrell Scott was a partner with L&A (ie, the period prior to December 2004). Having considered the time expended by L&A, Class Counsel and the other firms to whom a portion of the Common

Fund Fee Award is allocated herein, the nature of the services rendered by the various firms, and the relative contributions and importance of the services rendered by each firm to the creation of the common fund and as applicable to necessary services thereafter, the Court finds that L&A, The Scott Law Group, P.S. and Richardson, Patrick, Westbrook & Brickman, LLC contributed equally and each should receive an equal share of 75% of the Common Fund Fee Award, and that the remaining 25% of the Common Fund Fee Award should be allocated among the firms of Lieff, Cabraser, Heiman & Bernstein, L.L.P. ("Lieff Cabraser"), Ness Motley, Loacholt, Richardson & Poole ("Ness Motley") and McGarvery, Heberling, Sullivan & McGarvey ("McGarvey").

For the foregoing reasons, the Court agrees with L&A that the relevant factors support an award to L&A of a 25% share of the Common Fund Fee Award and an allocation of the Common Fund Fee Award among L&A and Class Counsel, Ness Motley and McGarvey as follows:

| | |
|---|---|
| Lukins & Annis, P.S. | 25% |
| The Scott Law Group, P.S. | 25% |
| Richardson, Patrick, Westbrook & Brickman, LLC | 25% |
| Lieff, Cabraser, Heiman & Bernstein, L.L.P. | 17% |
| Ness Motley | 5% |
| McGarvey | 3% |

In addition, L&A has submitted its unreimbursed cost summaries which reflect expenditures for travel, experts, copying, research, and related litigation expenses in the amount of $184,097.00. Counsel in common fund cases are entitled to reimbursement of their reasonable litigation costs. The Court finds such reimbursement appropriate

here, and L&A's costs in the amount of $184,097.00 are to be reimbursed from the Common Fund Fee Award prior to the application of the allocation percentages set forth above.

For the foregoing reasons, the L&A Motion is GRANTED. The Common Fund Fee Order is hereby amended to provide for an allocation of the Common Fund Fee Award as set forth herein.

IT IS SO ORDERED.

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

Dated: _____