## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) **Hearing Date: May 28, 2014, at 11:00 a.m.** |
| | ) **Objection Deadline: May 22, 2014** |

## REORGANIZED DEBTORS' OBJECTION TO THE REMAINING CLAIMS OF THE INTERNAL REVENUE SERVICE (SUBSTANTIVE)

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors") file this objection (the "Claims Objection") to the remaining claims filed by The Department of Treasury-Internal Revenue Service (the "IRS"), requesting the Court enter an order, substantially in the form attached hereto as Exhibit A (the "Order"): (a) Disallowing Claim no. 18553 (attached hereto as Exhibit B); and (b) Disallowing as superseded and otherwise duplicative all other claims filed by the IRS, including but not limited to Claim no. 830 (attached hereto as Exhibit C).[2] The Reorganized Debtors are allowing in full the only other remaining outstanding IRS claims filed in these chapter 11 cases, which are: (i) Claim no. 18554 (amending claim no. 2235, and attached hereto as Exhibit D), in the amount of $196,111.84; (ii) Claim no. 18553-A

---

[1]   The Reorganized Debtors comprise the following entities: W. R. Grace & Co., W. R. Grace & Co.-Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC, Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc., Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. and Water Street Corporation.

[2]   The facts and circumstances set forth in this Objection are supported by the *Declaration of Donald J. Teichen Supporting the Reorganized Debtors' Objection to Remaining Claims of Internal Revenue Service (Substantive)* (the "Teichen Declaration," which is attached hereto as Exhibit H). Capitalized terms not defined herein shall have the meaning ascribed to them in the Teichen Declaration or, as the case may be, in the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

(which was originally Claim no. 809 against GEC Management, and which is attached hereto as Exhibit E) in the amount of $138,121.15; and (iii) Claim no. 18553-B (which was originally Claim no. 828 against Homco International, and which is attached hereto as Exhibit F) in the amount of $14,534.93. On April 18, 2014, the Reorganized Debtors paid each of these claims in full, with applicable interest through the date of payment, on the terms provided for in the Plan.

In support of this Claims Objection, the Reorganized Debtors respectfully state as follows:

## JURISDICTION

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.[3] This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.     The predicates for this Claims Objection are sections 105(a) and 502 of the Bankruptcy Code and Fed. R. Bankr. P. 3001 & 3007 and Del. Bankr. L.R. 3007-1.

## BACKGROUND

3.     The chapter 11 cases of W. R. Grace & Co. and 61 affiliates (collectively, the "Debtors") commenced on April 2, 2001.

4.     Prior to March 31, 2003, which this Court set as the last date for filing proofs of claim for all prepetition, non-asbestos claims, including all governmental claims, the IRS timely filed a large number of claims against the Debtors. On June 18, 2007, the Debtors filed their *Twenty-Third Omnibus Objection to Certain IRS Claims (Substantive)* (the "Original Claims

---

[3]     The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L.R. 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

Objection") [Docket no. 16069], which objected to all of the IRS's claims against the Debtors.

The Debtors and the IRS resolved the Original Claims Objection in a stipulation approved by

this Court on July 23, 2007, in its *Order Disallowing and Expunging Certain Claims and*

*Reducing Certain Other Claims of the Internal Revenue Service* [Docket no.16366], which left

open the following claims at the amounts set forth below:

| Claim No. | Asserted Taxpayer | Amount Asserted |
|-----------|-------------------|-----------------|
| 809[4] | GEC Management Corporation | $138,121.15 |
| 828[5] | Homco International, Inc. | $14,534.93 |
| 830[6] | W. R. Grace & Co.-Conn. | $311,200,164.87 |
| 2235[7] | MRA Holdings Corp. | $196,111.84 |

5.    On October 17, 2011, the Debtors filed their *Motion for Entry of An Order: (i)*

*Approving Agreement; (ii) Authorizing, but not Directing, the Debtors to Merge Certain Non-*

*Operating Debtor Subsidiaries into W. R. Grace & Co.-Conn.; (iii) Expunging Certain Active*

*Claims, Conditionally Expunged Claims and Intercompany Claims; and (iv) Transferring*

---

[4]    Claim no. 809 was filed on June 13, 2002, in the amount of $284,138,121.15, superseding and amending Claim no. 503, which was filed on September 28, 2001. Claim no. 503 was expunged by this Court's *Third Order Granting the Relief Sought in Debtors' Second Omnibus Objection to Claims (Non-Substantive)* [Docket no. 4643], dated October 27, 2003 (the "Second Omnibus Claims Order"). Pursuant to the Court's July 23, 2007, order, the amount of Claim no. 809 is $138,121.15.

[5]    Claim no. 828 was filed on June 13, 2002, in the amount of $310, 014,534.93, superseding and amending Claim no. 478, which was filed on September 28, 2001. Claim no. 478 was expunged by the Second Omnibus Claims Order. Pursuant to the Court's July 23, 2007, order, the amount of Claim no. 828 is $14,534.93.

[6]    Claim no. 830 was filed on June 13, 2002, superseding and amending Claim no. 463, which was filed on September 28, 2001. Claim no. 463 was expunged by this Court's *Order Granting Relief Sought in the Debtors' Third Omnibus Objection to Claims (Non-Substantive)* [Docket no. 5646], dated May 25, 2004 (the "Third Omnibus Claims Order").

[7]    Claim no. 2235, filed on September 11, 2002, amended and superseded Claim no. 786, which was filed on June 13, 2002, amending and superseding Claim no. 366, which was originally filed on August 24, 2001. Claim nos. 366 and 786 were expunged by the Second Omnibus Claims Order.

*Certain Active and Intercompany Claims to W. R. Grace & Co.-Conn.* [Docket no. 27769] (the "Subsidiary Merger Motion"). The Subsidiary Merger Motion sought to consolidate certain of the Debtor entities, many of them into Grace-Conn., with some being merged into another surviving Debtor entity. Active, open claims against the entities being consolidated were to be either transferred to the surviving entity (if the claimant had no open claim against the surviving entity) or the claim would survive as part of an existing claim against the surviving entity, without any change to the claimant's substantive rights. GEC Management, Homco International and MRA Holdings were each slated to be consolidated. In each case, the surviving entity was Grace-Conn. The IRS was to be left with one remaining open, active claim against Grace-Conn., Claim no. 830, which comprised the following elements:

| Amount | Pre-Subsidiary Merger Entity | Pre-Subsidiary Merger Claim No. | Post-Merger Surviving Claim | Contested by the Reorganized Debtors |
|---|---|---|---|---|
| $138,121.15 | GEC Management Corporation | 809 | 830 | No |
| $14,534.93 | Homco International, Inc. | 828 | 830 | No |
| $311,200,164.87 | W. R. Grace & Co.-Conn. | 830 | 830 | Yes |
| $196,111.84 | MRA Holdings Corp. | 2235 | 830 | No |

6.      On November 21, 2011, the Court entered its order granting the relief sought in the Subsidiary Merger Motion [Docket no. 28007] (the "Subsidiary Merger Order"). GEC Management, Homco International and MRA Holdings were subsequently merged into Grace-Conn., which left Claim no. 830 as the sole "Surviving Claim" (as the Subsidiary Merger Order defines that term) of the IRS against the Debtors. Subsidiary Merger Order at ¶¶ 7-8. As discussed above, the Subsidiary Merger Order did not change any substantive rights of claimants such as the IRS, whose claims against Merging Subsidiaries were subsumed within a "Surviving

Claim." Subsidiary Merger Order at ¶ 8.  The Subsidiary Merger Order further provided that all claims that were expunged pursuant thereto would be reinstated if the Plan were not consummated and either the chapter 11 plan of reorganization ultimately confirmed and consummated did not provide for distributions in satisfaction of allowed claims on a consolidated basis, or the chapter 11 cases were dismissed or converted to chapter 7.  Subsidiary Merger Order at ¶ 13.

7.     On December 7, 2012, the IRS filed two new proofs of claim, which are Claims nos. 18553 and 18554, purporting to amend Claims nos. 830 and 2235, respectively.  Claim no. 18553 reduced the amount asserted by Claim 830 from $311,200,164.87 to $11,356,686.82. Claim no. 18554 purported to amend and supersede Claim no. 2235, which as discussed above, was subsumed within Claim no. 830 for record-keeping purposes.  There were no amendments to the claims documented by Claims nos. 809 and 828.   As of the date hereof, the Reorganized Debtors reflects the remaining IRS claims as follows:

| Amount | Pre-Subsidiary Merger Claim No. | Current Surviving Claim | Contested by the Reorganized Debtors |
|---|---|---|---|
| $138,121.15 | 809 | 18553-A | No |
| $14,534.93 | 828 | 18553-B | No |
| $11,356,686.82 | 830 | 18553 | Yes |
| $196,111.84 | 2235 | 18554 | No |

8.     As mentioned above, the Reorganized Debtors are allowing (i) Claim no. 18554 (amending claim no. 2235, and attached hereto as Exhibit D), in the amount of $196,111.84; (ii) Claim no. 18553-A (which was originally Claim no. 809 against GEC Management, and which is attached hereto as Exhibit E) in the amount of $138,121.15; and (iii) Claim no. 18553-B (which was originally Claim no. 828 against Homco International, and which is attached hereto

as Exhibit F) in the amount of $14,534.93. On April 18, 2014, the Reorganized Debtors paid each of these claims in full, with applicable interest through the date of payment, on the terms provided for in the Plan.

9.      On February 3, 2014, the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11. *Notice of Occurrence of the Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732]. On February 24, 2014, the Reorganized Debtors filed their *Motion of the Reorganized Debtors for Issuance of a Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Removing Certain of the Chapter 11 Cases From the Joint Administration Order, and (C) Waiving the Requirement that the Reorganized Debtors File a Final Report For the Merged Subsidiaries* [Docket no. 31773] (the "Merged Subsidiaries Case Closing Motion"). On March 19, 2014, the Court entered its order granting the relief set forth in the Merged Subsidiaries Case Closing Motion, thereby closing the chapter 11 cases of each of the Merged Subsidiaries [Docket no. 31880] (the "Merged Subsidiaries Case Closing Order").

**RELIEF REQUESTED**

10.     The Reorganized Debtors respectfully request the Court enter the Order granting the relief requested in this Claims Objection:

- As to Claim no. 18553, granting the Reorganized Debtors' substantive objection to the $11,356,686.82 claim asserted against Grace-Conn.; and

- Disallowing and expunging Claim no. 830 pursuant to Del. Bankr. L.R. 3007-1(d)(iii), because Claim 18553 amended and superseded it; and

- Allowing no other claims by the IRS for any tax year ending prior to the Petition Date.

<u>ANALYSIS</u>

I.   THE REORGANIZED DEBTORS DO NOT OWE $11,356,686.82 AS ASSERTED IN CLAIM No. 18553

11.    Claim no. 18553 asserts a claim for unpaid federal income tax liability and prepetition interest thereon in the amount of $11,356,686.82 against Grace-Conn. for the tax year ending on December 31, 1998, which began on April 1, 1998 (the "1998 Tax Year").   On information and belief, as set forth in the Teichen Declaration and as set forth below, the Reorganized Debtors assert that net operating loss ("NOL") carry-backs from the Reorganized Debtors' 2006 and 2008 tax years eliminate any remaining unpaid tax for the 1998 Tax Year. The Reorganized Debtors therefore respectfully submit that Claim no. 18553 should be disallowed as to $11,356,686.82 in asserted unpaid federal income tax liability and prepetition interest thereon arising in the 1998 Tax Year.

12.    In particular, the Reorganized Debtors reported an NOL on their consolidated 2006 U.S. federal income tax return.  The IRS allowed the Reorganized Debtors to carry-back $2,099,377 of that NOL to offset the Reorganized Debtors' 1998 Tax Year taxable income.  On April 30, 2009, the Reorganized Debtors filed an amended 1998 U.S. federal tax return, which took into account the 2006 NOL carry-back.

13.    On September 11, 2009, the Reorganized Debtors filed their consolidated 2008 U.S. federal income tax return, which also reported a NOL.  On December 11, 2009, upon the conclusion of the IRS's 1998 Tax Year audit, the IRS assessed the Reorganized Debtors $11,356,686.82, which comprised additional tax in the amount of $5,852,658.00 and prepetition interest in the amount of $5,504,028.82.[8]  See Exhibit G, *Notice of Assessment.*  In March 2012,

---

[8]   The audit included the amended 1998 U.S. federal income tax return filed on April 30, 2009, which took the 2006 NOL carry-back into account.

the Reorganized Debtors filed an amended 1998 U.S. federal tax return, which took into account

the 2008 NOL carry-back. On December 7, 2012, the IRS filed Claim No. 18553 in the amount

of $11,356,686.82 to document the December 2009 assessment.

14.    On March 7, 2014, the IRS provided the Reorganized Debtors with an Account

Transcript, which included numerous refundable credits that the IRS was holding in light of the

asserted 1998 deficiency. These credits are summarized in the following chart:

| EXPLANATION OF TRANSACTION | TYPE OF TAX | CYCLE DATE | AMOUNT ($) |
|---|---|---|---|
| Credit transferred from 1120 200012 | Fuel Excise Tax Refundable Credit | 03/15/2001 | (13,321) |
| Credit transferred from 1120 200112 | Fuel Excise Tax Refundable Credit | 03/15/2002 | (23,927) |
| Credit transferred from 1120 200212 | Fuel Excise Tax Refundable Credit | 03/15/2003 | (16,841) |
| Credit transferred from 1120 200312 | Fuel Excise Tax Refundable Credit | 03/15/2004 | (21,057) |
| Credit transferred from 1120 200412 | Overpayment of Estimated Tax | 09/14/2005 | (202,838) |
| Credit transferred from 1120 200412 | Fuel Excise Tax Refundable Credit | 01/04/2006 | (47,380) |
| Credit transferred from 1120 200512 | Overpayment of Estimated Tax | 03/15/2006 | (19,705) |
| Credit transferred from 1120 200612 | Telephone Excise Tax Refundable Credit | 03/15/2007 | (450,749) |
| Credit transferred from 1120 200612 | Fuel Excise Tax Refundable Credit | 04/29/2007 | (89,564) |
| Credit transferred from 1120 201012 | Fuel Excise Tax Refundable Credit | 03/15/2011 | (17,166) |
| Credit transferred from 1120 201012 | Overpayment of Estimated Tax | 03/15/2011 | (377,715) |
| | | **TOTAL:** | (1,280,263) |

15.    On March 10, 2014, the IRS completed its examination of the Reorganized

Debtors' consolidated U.S. federal income tax returns for tax years 2007 through 2009, and

issued a final report of its audit findings, including certain proposed adjustments to the 2008

NOL. *See Final Revenue Agent's Report, Comprising Form 4059-A (Income Tax Discrepancy

Adjustments) and Supporting Forms & Documentation* (the "RAR").[9] The Reorganized Debtors

have agreed to each of the proposed adjustments in the RAR. The adjusted 2008 NOL will now

---

[9]    The RAR is not attached hereto due to its size. It is available upon request from the Reorganized Debtors.

not only eliminate the 1998 Tax Year deficiency, but also result in the IRS owing the
Reorganized Debtors a refund of approximately $2,768,610, when certain other tax amounts
owed by the IRS to the Reorganized Debtors, but which have been held on account because of
the 1998 Tax Year deficiency, are included (as set forth below in more detail):

| ITEM | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 1 | 1998 Tax Year Deficiency | 7,485,958 |
| 2 | 1998 Overpayment, refunded to Grace on 10/1/1999 | (4,490,859) |
| 3 | Total 1998 Tax Liability as of Refund Date 10/1/99 | 2,995,099 |
| 4 | Interest from 3/15/99 to refund date 10/1/99 | 132,826 |
| 5 | Total Liability as of 10/1/99 | 3,127,925 |
| 6 | Add-back Overpayment, refunded on 10/1/99 | 4,490,859 |
| 7 | Liability as of 10/1/99 | 7,618,784 |
| 8 | Interest from 10/2/99 to 3/15/01 | 1,018,500 |
| 9 | 2000 Excise Tax Credit due to Grace on 3/15/01 | (13,321) |
| 10 | Liability as of 3/15/01 | 8,623,963 |
| 11 | Interest from 3/15/01 to 4/2/01 | 37,882 |
| 12 | Tax Liability at 4/2/01 | 8,661,845 |
| 13 | Interest from 4/3/01 to 3/15/02 at 4.19% | 346,336 |
| 14 | 2001 Excise Tax Credit due to Grace on 3/15/02 | (23,927) |
| 15 | Tax Liability at 3/15/02 | 8,984,254 |
| 16 | Interest from 3/15/02 to 3/15/03 at 4.19% | 378,990 |
| 17 | 2002 Excise Tax Credit due to Grace on 3/15/03 | (16,841) |
| 18 | Tax Liability at 3/15/03 | 9,346,403 |
| 19 | Interest from 3/15/03 to 3/15/04 at 4.19% | 395,148 |
| 20 | 2003 Excise Tax Credit due to Grace on 3/15/04 | (21,057) |
| 21 | Tax Liability at 3/15/04 | 9,720,494 |
| 22 | Interest from 3/15/04 to 9/14/05 at 4.19% | 620,157 |
| 23 | 2004 Overpayment of Tax due to Grace on 9/14/05 | (202,838) |
| 24 | Tax Liability at 9/14/05 | 10,137,813 |
| 25 | Interest from 9/14/05 to 1/4/06 at 4.19% | 130,399 |
| 26 | 2004 Excise Tax Credit due to Grace on 1/4/06 | (47,380) |
| 27 | Tax Liability at 1/4/06 | 10,220,833 |
| 28 | Interest from 1/4/06 to 3/15/06 at 4.19% | 82,131 |
| 29 | 2005 Excise Tax Credit due to Grace on 3/15/06 | (19,705) |
| 30 | Tax Liability at 3/15/06 | 10,283,259 |
| 31 | Interest from 3/15/06 to 3/15/07 at 4.19% | 433,787 |

| Item | Description | Amount |
|------|-------------|--------|
| 32 | 2006 Excise Tax Credit due to Grace on 3/15/07 | (450,749) |
| 33 | Tax Liability at 3/15/07 | 10,266,296 |
| 34 | 2006 NOL Carry-back | (2,099,377) |
| 35 | Tax Liability at 3/15/07 after NOL CB | 8,166,920 |
| 36 | Interest from 3/15/07 to 4/29/07 at 4.19% | 42,188 |
| 37 | 2006 Excise Tax Credit due to Grace on 4/29/07 | (89,564) |
| 38 | Tax Liability at 4/29/07 | 8,119,544 |
| 39 | Interest from 4/29/07 to 3/15/09 at 4.19% | 653,000 |
| 40 | Total Liability at 3/15/09 - 2009 Tax Return Due Date | 8,772,544 |
| 41 | 2008 NOL Carry-back | (11,025,125) |
| 42 | Tax liability/(refund) as of 3/15/09 | (2,252,581) |
| 43 | Interest on Refund 3/15/09 to 3/15/11 | (65,228) |
| 44 | 2010 Overpayment of Tax due to Grace on 3/15/11 | (394,881) |
| 45 | Tax Refund at 3/15/11 | (2,712,690) |
| 46 | Interest on Refund 3/15/11 to 3/31/14 | (55,921) |
| ***1998 Tax Year Net Tax Due (Refund)*** | | **(2,768,610)** |

16.     The Reorganized Debtors have filed two amended returns that will result in a refund of $2,768,610 for the 1998 Tax Year.   The Reorganized Debtors therefore respectfully request the Court disallow Claim no. 18553 as to the $11,356,686.82 in unpaid tax and interest asserted by the IRS for the 1998 Tax Year.

## II.     CLAIM NO. 830 HAS BEEN AMENDED AND SUPERSEDED AND SHOULD BE EXPUNGED

17.     In December 2012, the IRS filed Claim no. 18553, which amends and supersedes Claim no. 830 in all respects.  The Reorganized Debtors respectfully request the Court disallow and expunge Claim 830 pursuant to Del. Bankr. L.R. 3007-1(d)(iii), along with any and all other claims that were filed by the IRS in these chapter 11 cases other than Claim nos. 18553-A, 18553-B and 18554.

### PROCEDURES FOR RESPONDING TO THE CLAIMS OBJECTION

18.     To contest any of the objections set forth in this Claims Objection, the IRS must file and serve a written response to this Claims Objection (a "Response") so that it is received no

later than 4:00 p.m. ET, on May 22, 2014 (the "Response Deadline").  The Response (or each

Response, if more than one is filed) must be filed with the Office of the Clerk of the United

States Bankruptcy Court for the District of Delaware at the following address:

> 824 Market Street
> Wilmington, Delaware 19801

19.    Each such Response must also be served upon the following co-counsel to the

Reorganized Debtors on or before the Response Deadline:

> KIRKLAND & ELLIS LLP
> Adam C. Paul
> Jeffrey W. Gettleman
> 300 North LaSalle Street
> Chicago, IL 60654
>
> THE LAW OFFICES OF ROGER HIGGINS, LLC
> Roger J. Higgins
> 1 North Bishop Street
> Suite 14
> Chicago, IL 60607-1823
>
> PACHULSKI STANG ZIEHL & JONES LLP
> Laura Davis Jones (Bar No. 2436)
> James E. O'Neill (Bar No. 4042)
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE  19899-8705

20.    Any Response to this Claims Objection must contain, at a minimum, the

following:

a.    A caption setting forth the name of the Court, the name of the Reorganized Debtors, the case number, and the title of the Objection to which the Response is directed;

b.    The specific factual basis and supporting legal argument upon which the IRS will rely in opposing the Claims Objection;

c.    Any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the IRS will rely to support the basis for and amounts asserted in the proof of claim;

d.   The name, address, telephone number, and fax number of the person(s) (which may be the IRS or the IRS' legal representative) with whom counsel for the Reorganized Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the IRS.

21.    If the IRS fails to file and serve a timely Response (or Responses), the Reorganized Debtors may present to the Court an appropriate order disallowing and expunging the IRS claims (as described herein) without further notice to the IRS or a hearing.

<h3 align="center">REPLY TO RESPONSE</h3>

22.    The Reorganized Debtors reserve the right to, at their option, file and serve a reply to the IRS's Response, if any.

<h3 align="center">SEPARATE CONTESTED MATTER</h3>

23.    If the IRS files a Response to this Claims Objection, and the IRS and the Reorganized Debtors are unable to resolve that Response, the corresponding claim and the objection by the Reorganized Debtors thereto asserted in this Claims Objection shall constitute a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  Any order entered by the Court regarding an objection asserted in the Claims Objection shall be deemed a separate order with respect to each such claim.

<h3 align="center">RESERVATION OF RIGHTS</h3>

24.    The Reorganized Debtors hereby reserve the right to object in the future to Claim nos. 830, 18553 and any other claims that the IRS may file on any grounds.  The Reorganized Debtors further reserve the right to amend, modify, and/or supplement this Claims Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

## NO PREVIOUS MOTION OR CLAIMS OBJECTION

25.     No previous claims objection or motion for the relief sought herein has been made to this or any other court.

## NOTICE

26.     Notice of this Claims Objection has been given to:  (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) The Department of Treasury—Internal Revenue Service.  In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

Wherefore, the Reorganized Debtors request the Court enter the Order in substantially the form attached hereto as Exhibit A: (a) disallowing Claim no. 18553 on substantive grounds; (b) disallowing and expunging Claim no. 830 and any and all other claims filed by the IRS (other than Claims nos. 18553-A, 18553-B and 18554) as superseded or otherwise duplicative; and (c) granting such other relief as may be appropriate.

Dated:  April 22, 2014                    KIRKLAND & ELLIS LLP
                                          Adam C. Paul
                                          John Donley
                                          Jeffrey W. Gettleman
                                          300 North LaSalle Street
                                          Chicago, IL 60654
                                          (312) 862-2000

                                          and

                                          THE LAW OFFICES OF ROGER HIGGINS, LLC
                                          Roger J. Higgins
                                          1 North Bishop Street
                                          Suite 14
                                          Chicago, IL 60607-1823
                                          (312) 666-0431

                                          and

                                          PACHULSKI STANG ZIEHL & JONES LLP


                                          Laura Davis Jones (Bar No. 2436)
                                          James E. O'Neill (Bar No. 4042)
                                          919 North Market Street, 17th Floor
                                          P.O. Box 8705
                                          Wilmington, DE  19899-8705
                                          (302) 652-4100
                                          (302) 652-4400

                                          Co-Counsel for the Reorganized Debtors