IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | |
| | ) | Re: Docket No. 32034 |
| | ) | |

## REORGANIZED DEBTORS' RESPONSE TO THE
## MOTION OF LUKINS & ANNIS, P.S. FOR AN ALLOCATION
## OF THE ZAI CLASS ACTION COMMON FUND FEE AWARD

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors") hereby file this response (this "Response") to the *Motion of Lukins & Annis, P.S. for an Allocation of the ZAI Class Action Common Fund Fee Award* [Docket No. 32034] (the "Fee Award Motion"). The Reorganized Debtors respectfully request that the Fee Award Motion be denied to the extent it requests reimbursement of expenses from the Common Fund Fee Award (as defined herein) and reimbursement of prepetition expenses from any source. In support of this Response, the Reorganized Debtors respectfully state as follows:

### Factual Background

1.  In 2004, Lukins & Annis, P.S. ("L&A") withdrew from representing claimants alleging Zonolite Attic Insulation ("ZAI") claims in the Reorganized Debtors' administratively consolidated bankruptcy cases (the "Chapter 11 Cases"), substituting a former L&A partner who

---

[1] The Reorganized Debtors consist of the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

had recently left L&A, Darrell Scott, as counsel. *See Notice of Withdrawal and Substitution of Counsel* [Docket No. 7641].

2. On January 16, 2009, the Bankruptcy Court entered an order in the Chapter 11 Cases provisionally certifying a class composed of "[a]ll holders of U.S. ZAI claims that were filed with the Bankruptcy Court on or before the U.S. ZAI Bar Date, except the United States for its ZAI Claims filed on behalf of the United States Forest Service" [Docket No. 20535] (the "Grace ZAI Class"). The order also appointed Edward Westbrook, Darrell Scott, and Elizabeth Cabraser as class counsel (the "Class Counsel"). On April 1, 2009, the Court gave final approval to a settlement in the Chapter 11 Cases between the Debtors and the Grace ZAI Class (the "Grace ZAI Class Settlement"), *see* [Docket No. 21174].

3. As a result of L&A's 2004 withdrawal from its representation of ZAI claimants in the Chapter 11 Cases, L&A was not appointed Class Counsel to the Grace ZAI Class, and the notice of the Grace ZAI Class Settlement sent to ZAI claimants did not refer to L&A or its intention to seek reimbursement of expenses.[2] *See Declaration of Service Regarding: Notice of the U.S. ZAI Class Action Settlement*, Exhibit A [Docket No. 20870].

4. On April 3, 2014, the Court entered an order (the "Common Fund Fee Award Order") approving an award of fees (the "Common Fund Fee Award") and reimbursement of expenses from the fund created by the Grace ZAI Class Settlement. *See* [Docket No. 31985]. On the same date, the Court entered an order (the "Rule 706 Order") appointing the Honorable Judith K. Fitzgerald as a Rule 706 Expert to issue a report with respect to a request by L&A to

---

[2] The Reorganized Debtors recognize that L&A had previously filed a limited objection purporting to reserve its right to seek fees and costs. [Docket No. 20383]. However, the fact remains that individual Grace ZAI Class members were served notice that only Class Counsel would seek fees and costs from their settlement fund.

2

KE 30619861

recover fees and costs. *See* [Docket No. 31986]. The Reorganized Debtors file this Response to the Fee Award Motion pursuant to the procedures set forth in the Rule 706 Order.

5. Through the Fee Award Motion, L&A seeks (i) a share of the attorney's fees to be paid from the Common Fund Fee Award, and (ii) reimbursement from the Common Fund Fee Award of pre- and postpetition expenses. The Reorganized Debtors request that the Fee Award Motion be denied to the extent L&A requests reimbursement of expenses from the Common Fund Fee Award and to the extent L&A requests reimbursement of prepetition expenses from any source.[3]

6. The matter which appears to be responsible for the vast majority, if not all, of L&A's prepetition costs, and the prepetition work which L&A relies on most heavily in its arguments in the Fee Award Motion, is a now dismissed Washington state court class action, *Barbanti v. W. R. Grace & Co.*, Case No. 00-2-01756-6 (Super. Ct. Wash.). *See, e.g.,* Fee Award Motion at p. 4-5.[4] The *Barbanti* class, which (unlike the Grace ZAI Class) sought primarily equitable relief, was certified in Washington state court, and was composed of "[a]ll owners or occupiers of real property located in the state of Washington in which Zonolite Attic Insulation has been installed." *See Barbanti*, Case No. 00-2-01756-6 (Super. Ct. Wash. Dec. 20, 2000).

---

[3] This Response pertains only to L&A's request for reimbursement of expenses. Although the Reorganized Debtors do not believe that L&A is entitled to any prepetition expenses, they also object to any individual expenses to the extent they are unreasonable. *See Serrano v. Sterling Testing Sys., Inc.*, 711 F. Supp. 2d 402, 424 (E.D. Pa. 2010) (analyzing whether expenses requested under the common fund doctrine were "reasonable in light of the nature of the action and the tasks that needed to be performed.").

[4] The Reorganized Debtors understand that although L&A previously requested, in its *Partial Joinder of Lukins & Annis P.S. in Motion of ZAI Class Counsel for a Common Fund Fee Award, and Counter-Motion to Stay Disbursement of any Common Fund Fee Award Pending Resolution of all Common Fund Fee Allocation Disputes* [Docket No. 31794], reimbursement of expenses incurred with respect to the *Dorrington* action, it is now making no such request. *See Declaration of Laura J. Black* [Docket No. 32034-3] at ¶ 7.

7. The *Barbanti* class never achieved any relief on its class claims, and a motion filed in the Chapter 11 Cases by eventual Class Counsel to recognize and permit the filing of a class proof of claim for the *Barbanti* class was never ruled on. *See ZAI Claimants' Motion for Order Recognizing and Permitting Filing of a Washington Class Proof of Claim* [Docket No. 18323].

## Argument

### I. L&A is not Entitled to Reimbursement of Expenses Out of the Common Fund Fee Award

8. As described in ¶ 24 below, pursuant to the Grace ZAI Class Settlement, the Reorganized Debtors were to make two payments totaling $60 million to a trust established to resolve ZAI-related claims, in addition to certain contingent payments as described in ¶ 11 below. One of the two non-contingent payments was made on the effective date of the Plan,[5] and the second will be made on the third anniversary of that date.

9. The Common Fund Fee Award Order granted the Common Fund Fee Award consisting of 25% of the two non-contingent payments described above. *See* Common Fund Fee Award Order at p. 5. The Common Fund Fee Award Order also *separately* granted reimbursement of Class Counsel's costs. *Id.* The Common Fund Fee Award Order thus recognized that fees and costs are distinct. So too did Class Counsel, who did not seek reimbursement of costs out of the Common Fund Fee Award. To claim reimbursement of costs from the Court-granted Common Fund Fee Award is to use the fund for an entirely different purpose than it was intended and to deplete the amount of the Common Fund Fee Award below what the Court approved. Given their many court-ordered funding obligations resulting from

---

[5] For purposes of this Response, the "Plan" shall mean the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace and Co.*, et al., *the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010* [Docket No. 26368].

4

KE 30619861

these Chapter 11 Cases, the Reorganized Debtors have an interest in seeing that Court orders directing that funds are to be paid over for a specific use or dedicated to a specific purpose are not re-directed for unauthorized purposes.

10. The terms of the Grace ZAI Class Settlement specify that Class Counsel's reimbursement of costs is to be paid from the Reorganized Debtor's settlement payments. *See, e.g.* Term Sheet for Resolution of U.S. Zonolite Attic Insulation Claims, [Docket No. 20275-3], Attachment A, at § IV. These costs should not, however, be paid out of the Common Fund Fee Award, which is a subset of the settlement fund specifically intended for payment of fees.

11. Any award of costs will, of course, deplete the fund established for claimants pursuant to the Grace ZAI Class Settlement. However, Section 2(a)(ii) of the *Deferred Payment Agreement (Class 7B ZAI)* (Plan Exhibit 28), which incorporates the terms of the Grace ZAI Settlement into the the Plan, requires the Reorganized Debtors to make future payments to that fund beginning on the fifth anniversary of the Plan's effectiveness to the extent fund assets fall below $10 million. Because the Reorganized Debtors will have to make up any shortfall in fund assets, they thus have an interest in ensuring that no such shortfall is caused by a gratuitous or unwarranted reimbursement of L&A's prepetition expenses.

## II. L&A Must Carry the Burden of Proving Its Prepetition Work Benefited the Grace ZAI Class

12. Under certain circumstances, counsel may be entitled to reasonable fees and reimbursement of reasonable costs under the so-called "common fund" doctrine. *See, e.g., Lindy Bros. Builders, Inc. of Philadelphia v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 110 (3d Cir. 1976). However, as set forth below, L&A has not demonstrated that it has a right to reimbursement for its prepetition expenses.

13. As a general matter, the burden of proving the reasonableness of a reimbursement request falls on the counsel seeking the reimbursement. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Courts apply this general rule in common fund cases as well. *See, e.g., In re Fid./Micron Sec. Litig.*, 167 F.3d 735, 738 (1st Cir. 1999) ("[counsel] must establish the reasonableness of their requests … the trial court may insist on examining particulars … so that it can determine whether the claimed expenses were reasonable, necessary, and incurred for the benefit of the class.").

14. Because the focus in common fund cases is on "whether the *specific services* benefited the fund," *Lindy Bros.*, 540 F.2d at 112 (emphasis added), L&A has attempted to blur the line between its pre- and postpetition ZAI litigation efforts and to claim a right to reimbursement of prepetition expenses based on benefits (if any) it allegedly bestowed on the Grace ZAI Class postpetition. L&A similarly has attempted to blur the distinction between benefit to the *Barbanti* class, which evidently represents the bulk of its prepetition work, and the Grace ZAI Class.

15. The Grace ZAI Class and the *Barbanti* class are quite different, as is apparent from their widely different respective scopes. *See* discussion at ¶¶ 2, 6. A review of the claims register reveals that the members of the Grace ZAI Class came from 49 states as well as the District of Columbia and the Virgin Islands, while *Barbanti* was, by its definition, only a statewide Washington class. *Supra* ¶ 6. The distinction between *Barbanti* and the Grace ZAI Class is further emphasized by the fact that a motion to recognize a *Barbanti* class proof of claim was still pending on the docket when the Court certified the Grace ZAI Class, and such proof of claim was never recognized in the Chapter 11 Cases. *See* discussion at ¶ 7. As outlined below,

6

KE 30619861

this distinction is crucial, as L&A cannot show that its prepetition work actually benefited the Grace ZAI Class, thus precluding L&A's recovery of prepetition expenses.

### III. L&A's Prepetition Work on Separate ZAI Litigation Did Not Benefit the Grace ZAI Class

16. Courts have recognized that an action by counsel to receive payment from a common fund is "analogous to an action in quantum meruit: the individual seeking compensation has, by his actions, benefited another and seeks payment for the value of the service performed." *Lindy Bros*, 540 F.2d at 110 (internal citation omitted).[6] As outlined above, L&A's prepetition representations involved different proceedings in different courts on behalf of different statewide classes seeking different types of relief than the litigation that actually resulted in the nationwide Grace ZAI Class Settlement and the related funds from which L&A seeks reimbursement. Whatever benefits L&A's various prepetition clients may have enjoyed as a result of L&A's prepetition efforts, the relationship of those efforts to the eventual Grace ZAI Class Settlement is far too attenuated for L&A to claim it conferred a benefit for which the Grace ZAI Class should reimburse it.

17. Courts have been justifiably reluctant to award litigation costs (or fees) to counsel under similar circumstances. *See, e.g., Class Plaintiffs v. Jaffe & Schlesinger, P.A.*, 19 F.3d 1306, 1309 (9th Cir. 1994) ("We know of no authority which mandates an award of fees to attorneys not formally representing the class, whose activities in representing others incidentally benefit the class"); *see also In re Unisys*, 886 F. Supp. at 471 ("*At a minimum*, time to be assessed against the settlement fund must have actually been expended on behalf of the settlement class") (emphasis added); *In re Prudential-Bache Energy Income Partnerships Sec.*

---

[6] Although courts discussing the common fee doctrine generally do so in the context of analyzing requests for fees, "[e]xpenses corresponding to work that was not expended on behalf of the settlement class are similarly unnecessary to the settlement class and should not be reimbursed." *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 886 F. Supp. 445, 485 (E.D. Pa. 1995).

*Litig.*, Case No. 888, 1994 WL 202394, *10-11 (E.D. La. May 18, 1994) (reducing the reimbursement of counsel who sought in part reimbursement for work performed for clients separate from the settling class).

18.     The Fee Award Motion makes much of *Barbanti*'s supposed precedential effect as a benefit to the Grace ZAI Class. *See, e.g.,* Fee Award Motion at p. 9. The Fee Award Motion cites *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161 (1939), a case which demonstrates how dissimilar *Barbanti*'s alleged benefit to the Grace ZAI Class is from the types of benefits cognizable under the common fund doctrine. The party in *Sprague*, though representing no formal class, effectively established a common fund by establishing legal rights for other claimants through bringing a successful action which created precedent that would have the effect of stare decisis in future cases. *See Sprague*, 307 U.S. at 166.

19.     L&A generated no precedent in its prepetition *Barbanti* work that created any legal rights for the Grace ZAI Class. Unlike the Grace ZAI Class Settlement, which resulted in a large monetary reward, the relief sought in *Barbanti* was primarily equitable. *See Memorandum Decision* in *Barbanti, available at* [Docket No. 18324-1] ("The question is what is the primary purpose of the litigation. This court accepts the plaintiff's assertion that equitable relief is the primary purpose…"); *see also Class Action Notice* in *Barbanti, available at* [Docket No. 18324-1] ("**The Plaintiffs do not seek monetary damages for persons who suffered personal injury.**") (emphasis in original). Quite clearly, the certification by a state court under state law of a statewide class raising state law claims seeking primarily equitable relief was in no way binding on the Court in considering the certification under federal law of the nationwide Grace ZAI Class seeking primarily monetary relief.

8

KE 30619861

20. The *Barbanti* class was simply one of many similar attempts to certify a ZAI-related class, and one that, as noted above, was entirely unsuccessful in obtaining the relief it sought in the Chapter 11 Cases. *Barbanti*, far from creating a fund through the effect of stare decisis, merely established a precedent of questionable applicability to the Grace ZAI Class. L&A should not be allowed to wield this limited prepetition success "like the holder of a copyright" and claim reimbursement from a distinct class "who might rely on or use it in one way or another." *Cranston v. Hardin*, 504 F.2d 566, 580 (2d Cir. 1974).

21. Tellingly, Class Counsel do not seek reimbursement of prepetition expenses. Although Class Counsel undoubtedly incurred their own out-of-pocket costs navigating ZAI issues and seeking certification of the statewide *Barbanti* class, their choice not to seek reimbursement of these expenses reflects an acknowledgement by Class Counsel that the Grace ZAI Class Settlement funds should not be depleted in order to reward counsel for previous, distinct, and ultimately unsuccessful litigation that benefited the Grace ZAI Class incidentally, if at all.

22. For all its alleged contributions to the field of ZAI litigation generally, L&A gave up on the potential Grace ZAI Class in 2004. L&A now seeks to trade in its unsuccessful prepetition efforts on behalf of a different class pursuing a different form of relief for a piece of the pie ultimately generated years after L&A withdrew from the litigation. L&A's attempt to leverage its prepetition work in this fashion is unsupported by the case law and the purpose of the common fund doctrine.

### IV. The Grace ZAI Class Settlement Was a Purely Bankruptcy Matter, Separate and Distinct from Prepetition ZAI Litigation

23. L&A's own actions reveal that its representation of various ZAI plaintiffs during the Chapter 11 Cases was not a mere continuation of its prepetition work. In an agreement dated

October 1, 2004, L&A agreed to represent certain claimants in ZAI litigation in the Chapter 11 Cases. *See Motion of ZAI Class Counsel for a Common Fund Fee Award*, Attachment 30 [Docket No. 31718] (attached hereto as **Exhibit A**). L&A's new agreement appears to have been with Ralph Busch, a class representative in the *Barbanti* statewide class action in Washington. *See Barbanti*, Case No. 00-2-01756-6 (Super. Ct. Wash. March 30, 2001) (directing the plaintiffs to add Mr. Busch as a class representative). L&A agreed to "represent [the] Claimant's legal interests in the W. R. Grace bankruptcy proceedings." The fact that L&A executed a new agreement with Mr. Busch, who was already a class representative in the *Barbanti* litigation, suggests that L&A was aware that its pursuit of recovery for ZAI claimants in the Chapter 11 Cases was an entirely new, bankruptcy-specific endeavor.

24.    Furthermore, the fund from which the Grace ZAI Class eventually recovered is also a creature of bankruptcy law. The term sheet attached to the Grace ZAI Settlement stipulates that the settlement fund shall come from transfers by the Reorganized Debtors to a trust established in accordance with 11 U.S.C. § 524(g). *See* Term Sheet for Resolution of U.S. Zonolite Attic Insulation Claims, [Docket No. 20275-3], Attachment A, at § I.A. Use of this particular type of trust mechanism and the related injunctions is not available to parties outside of bankruptcy cases. *See* 11 U.S.C. § 524(g). Additionally, the trust was funded by the Debtors with funds from the bankruptcy estate. *See* Plan at § 7.3.2.

25.    Just as the litigation and negotiation during the Chapter 11 Cases that led to the Grace ZAI Class Settlement, as well as the fund created by that settlement, were products of bankruptcy law, so too is L&A's reimbursement request. As noted above, counsel may seek costs only from the Reorganized Debtors' bankruptcy-related settlement payment obligations. Thus, the reimbursement which L&A seeks is intertwined with these purely bankruptcy matters,

and L&A's attempt to shoehorn claims based on its prepetition work into this bankruptcy process should be rejected.

## Conclusion

26. L&A may have incurred various costs evaluating various ZAI issues prior to the Chapter 11 Cases, as did any number of similarly enterprising attorneys, including Class Counsel. Yet, L&A is the only firm attempting to charge the Common Fund Fee Award for these prepetition expenses incurred on behalf of different claimants raising different issues in order to seek different relief under different laws in different fora. *Barbanti*, the centerpiece of L&A's argument regarding its alleged benefit to the Grace ZAI Class, is but yet one more unsuccessful ZAI-related effort abandoned before Class Counsel created value through the Grace ZAI Class Settlement. L&A seeks to misuse the Common Fund Fee Award to recover costs rather than fees, and its request to recover prepetition expenses rests on an untenable theory of reimbursement by association. L&A's request to recover costs out of the Common Fund Fee Award should be denied, and its request to recover any prepetition costs, regardless of the source, should also be denied.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Reorganized Debtors respectfully request that the Court deny the Fee Award Motion to the extent it requests reimbursement of expenses from the Common Fund Fee Award and reimbursement of prepetition expenses from any source.

Dated: April 28, 2014
      Wilmington, Delaware

**KIRKLAND & ELLIS LLP**
Adam C. Paul
John Donley, P.C.
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

and

**THE LAW OFFICES OF ROGER HIGGINS**
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

*Co-Counsel for the Reorganized Debtors*

KE 30619861