IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No.: 01-1139 (JKF) |
| | ) | **Chapter 11** |
| Debtors. | ) | Jointly Administered |

**BRASFIELD & GORRIE, L.L.C.'S REQUEST
FOR PAYMENT OF ADMINISTRATIVE CLAIM**

Brasfield & Gorrie, L.L.C. ("B&G"), by its undersigned counsel, hereby files its Request for Payment of Administrative Claim (the "Request for Payment") pursuant to section 503(b)(1)(A) of the Bankruptcy Code and in accordance with the terms of the *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket No. 26155] and the *Order Clarifying Memorandum Opinion and Order Confirming Plan of Reorganization as Modified Through December 23, 2010* [Docket No. 26289] (collectively, the "Confirmation Order"), and the *First Amended Joint Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Securities Holders as Modified Through December 23, 2010* [Docket No. 26368] (as modified and confirmed, the "Plan"). In support of its Request for Payment, B&G respectfully represents as follows:

**BACKGROUND**

1.    On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and scores of its affiliates (collectively, the "Debtors") filed for relief under chapter 11 of title 11 of the United

1/2582695.3

States Code (the "Bankruptcy Code").  Among the Debtors is W.R. Grace & Co.–Conn (W.R. Grace – Conn").

2. On January 31, 2011, this Court entered its *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket No. 26155] (the "Recommended Findings").  On January 31, 2011, the United States District Court for the District of Delaware entered its order adopting the Recommended Findings and confirming the Plan (the "Confirmation Order").

3. The Confirmation Order, through its adoption of the Recommended Findings, provides: "All requests for payment of an Administrative Expense Claim[1] (other than as set forth in § 2.1.1(b)(1) of the Plan and [Professional Fee Claims] shall be filed with the Bankruptcy Court and served on the Reorganized Debtors at the addresses set forth in § 11.12 of the Plan not later than ninety (90) days after the Effective Date unless extended by order of court."  See *Recommended Findings*, § II.A.

---

[1] The term "Administrative Expense Claim" is defined in the Plan as follows:

> "**Administrative Expense Claim"** shall mean (i) any Claim constituting a cost or expense of administration in the Chapter 11 Cases, on or after the Petition Date but prior to the Effective Date, under Bankruptcy Code §§ 503(b), 507(a)(1), 507(b) or 1114(e)(2), including: (a) any actual and necessary costs and expenses of preserving the estates of the Debtors, (b) any actual and necessary costs and expenses of operating the businesses of the Debtors, (c) any indebtedness or obligation incurred or assumed by the Debtors (including any executory contracts of the Debtors assumed pursuant to Bankruptcy Code § 365 by order of the Bankruptcy Court or the Plan) in connection with the conduct of their businesses or for the acquisition or lease of property or the rendition of services, and (d) any allowed compensation or reimbursement of expenses awarded or allowed under Bankruptcy Code §§ 330(a), 331 or 503 …."

*See* Plan, § 1.1(4).

4. On February 13, 2014, the *Notice of Occurrence of the Effective Date of the First Amended Joint Plan of Reorganization under Chapter 11 of the bankruptcy Code of W.R. Grace and Co., et al., The Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 31732] was filed with the Bankruptcy Court, providing notice that the Effective Date of the Plan occurred on February 3, 2014 and that any request for payment of an Administrative Expense Claim (other than claims for Professionals' Fees) must be submitted no later than May 5, 2014 (the "Administrative Claims Bar Date").

## REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM

5. As more particularly described below, B&G hereby asserts a contingent Administrative Expense Claim in an unliquidated amount against W.R. Grace–Conn for indemnification of any and all damages that might be sustained by B&G as a result of or relating to the actions or omissions post-petition of W.R. Grace–Conn with respect to the construction of the high-rise condominium project located in Galveston County, Texas, commonly known as "Palisade Palms" (the "Project").

*A.     Description of the Project*

6. On or about November 21, 2002, B&G entered into a "Standard Form of Agreement" (the "2002 Agreement") with East Beach Project Phase I, Ltd. ("East Beach"). The 2002 Agreement named East Beach as owner and B&G as contractor for the construction of the Project, which consisted of two 27-story condominium towers containing a total of 288 condominium units in Galveston County, Texas.

1/2582695.3

7. On or about July 8, 2005, East Beach and B&G entered into a new contract (the "2005 Contract"), based on a heavily-modified industry standard AIA Form A111-1997, governing the parties' relationships from that time forward with respect to the construction of the Project. B&G was the contractor for construction of the Project under the 2005 Contract.

8. Between 2005 and 2007, W.R. Grace–Conn sold the Vycor V40 moisture membrane that was used in the Project's exterior wall system to prevent water infiltration through the building envelope. The Vycor moisture membrane was selected by East Beach and its architect. B&G and its subcontractor, Triangle Plastering, recommended Vycor as an alternate, and, upon information and belief, East Beach and its architect of the Project selected and specified Vycor, based on a number of representations made by W.R. Grace–Conn.

9. After installation of the Vycor membrane, W.R. Grace–Conn inspected the Project, approved the installation of the Vycor membrane, and issued a 10-year warranty of its work on the Project.

**B.    *Brasfield & Gorrie, L.L.C. v. East Beach Project Phase I Ltd., et al.*, Cause No. 2010-77850, District Court of Harris County, Texas, 113th Judicial District (the "Texas State Court Lawsuit")**

10. On or about November 24, 2010, B&G filed its Original Petition (the "Original Petition") against East Beach and three other defendants in the District Court of Harris County, Texas, 113th Judicial District (the "Texas State Court"), thereby commencing the Texas State Court Lawsuit. In the Original Petition, B&G alleged, among other things, that East Beach had breached its contract with B&G, and B&G claimed damages associated therewith. None of the Debtors was named as a defendant in the Original Petition.

1/2582695.3

11. On February 24, 2011, East Beach filed its Original Counterclaim asserting alleged claims against B&G, one of which related to the Project's exterior wall system constructed of a moisture membrane, lathe and stucco. East Beach alleged that the exterior walls leaked allowing water to penetrate into the building interior. On June 16, 2011, East Beach filed its First Amended Counterclaim against B&G alleging the same claims related to the exterior of the Project.

12. On July 11, 2011, B&G filed its *Answer to East Beach's First Amended Counterclaim*, denying the alleged claims by East Beach. B&G has at all times denied the claims and allegations of East Beach.

13. Effective as of January 30, 2009, W.R. Grace-Conn and B&G executed and extended a Tolling Agreement, suspending the running of any limitations period for any claims that B&G might make against W.R. Grace-Conn. Amendment Number 2 to the Tolling Agreement expired as of July 15, 2012.

14. On or about February 27, 2012, B&G filed in the Texas State Court Lawsuit a motion for leave to file a third-party action against W.R. Grace–Conn, which motion was granted by the Texas State Court. Contemporaneous with the filing of its motion for leave, B&G filed with the Texas State Court the *Third-Party Plaintiff and Counterdefendant Brasfield & Gorrie's Third-Party Action Against W.R. Grace & Co.-Conn* (the "Third-Party Action"). In the Third Party Action, B&G stated that, although it denied any and all liability to East Beach, if and to the extent a finder of fact might ultimately find B&G liable to East Beach for damages related to water infiltration through the Project's exterior wall system, W.R. Grace–Conn would be liable to indemnify B&G for any related loss.

15.     W.R. Grace–Conn has appeared in the Texas State Court Lawsuit. On or about May 25, 2012, W.R. Grace–Conn filed with the Texas State Court the *Third-Party Defendant W.R. Grace & Co.-Conn's Original Answer*, pursuant to which W.R. Grace–Conn denied any and all liability to B&G.

C.     *Description of the Project*

16.     The Texas State Court Lawsuit continues to proceed in the Texas State Court. There are currently at least 12 named parties to the Texas State Court Lawsuit. The parties are actively engaged in discovery and preparing for trial, which has been set for January 2015 by the Texas State Court.

17.     To the extent B&G may be found liable for any damages in the Texas State Court Lawsuit – which liability to East Beach B&G has denied and continues to deny -- and the Texas State Court determines that W.R. Grace–Conn is liable to indemnify B&G for any such damages, B&G asserts an Administrative Expense Claim against the Debtor W.R. Grace–Conn in such amount as may be determined by the Texas State Court in the Texas State Court Lawsuit.

**RESERVATION OF RIGHTS**

18.     B&G expressly reserves the right to amend or supplement this Request for Payment at any time, in any respect and for any reason, including but not limited to, for the purposes of (a) fixing, liquidating, increasing, or amending the amounts referred to herein, and (b) adding or amending documents and other information and further describing the Administrative Expense Claim set forth herein. B&G does not waive any right to amounts due for any Administrative Expense Claim asserted herein by not stating a specific amount due for any such claim at this time, and B&G reserves the right to amend or supplement this Request for

1/2582695.3

Payment, if B&G should deem it necessary or appropriate, to assert and state an amount for any such claim.

19. B&G does not, by filing this Request for Payment, waive any of its rights between it and any Debtor, at law or in equity. This Administrative Expense Claim is not intended to be and shall not be construed as (i) an election of remedies or choice of law or (ii) as a waiver or limitation of any rights, remedies, claims, defenses or interest of B&G. By filing this Request for Payment, B&G does not waive, and expressly reserves, its right to pursue any and all claims accruing prior to the Effective Date (including, but not limited to, the Administrative Expense Claim described herein) against any Debtor based upon additional or alternative legal theories.

20. The documents in support of the foregoing Administrative Expense Claim are voluminous and therefore have not been annexed to this claim. B&G will provide copies of such documents to the Reorganized Debtors upon request therefore.

Dated: April 28, 2014

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

By: /s/ Jay R. Bender
    Jay R. Bender, Esq.
    Bradley Arant Boult Cummings LLP
    1819 5th Avenue North
    Birmingham, Alabama 35203
    Telephone: (205) 521-8000
    Facsimile: (205) 521-8800

*Counsel for Brasfield & Gorrie, L.L.C.*

1/2582695.3

**CERTIFICATE OF SERVICE**

       I hereby certify on April 28, 2014 that I have caused a true and correct copy of the foregoing to be sent by electronic delivery to all parties consenting to service through the Court's CM/ECF system and that I have sent the foregoing via Federal Express Overnight Delivery to the following:

W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
Attn:
David M. Bernick, P.C.
Theodore L. Freeman

Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Attn:
Laura David Jones
James E. O'Neill

                                      /s/ Jay R. Bender
                                      Jay R. Bender

                                      Bradley Arant Boult Cummings LLP
                                      One Federal Place
                                      1819 Fifth Avenue North
                                      Birmingham, AL 35203-2119
                                      Telephone: (205) 521-8000
                                      Facsimile: (205) 521-8800
                                      E-mail: jbender@babc.com