IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., _etal.,_ | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **D.I. 32034** |

### RESPONSE OF EDWARD B. COTTINGHAM, JR., AS THE ZAI (CLASS 7B) TRUSTEE FOR THE ASBESTOS PROPERTY DAMAGE TRUST, TO THE LUKINS & ANNIS MOTION FOR ALLOCATION OF THE ZAI CLASS ACTION COMMON FUND FEE AWARD

Edward B. Cottingham, Jr., as the ZAI (Class 7B) Trustee for the Asbestos Property Damage Trust ("Class 7B Trustee"), submits this response to the Lukins & Annis ("L & A") motion for fees and costs. For the reasons stated below, the Class 7B Trustee respectfully opposes L & A's motion.

<u>Interest of Class 7B Trustee</u>

Lukins & Annis states in its motion that it "does not propose or request any additional fees or costs from the Common Fund, other than what has already by [sic] awarded by the Court." (Motion, p. 2 fn. 4). The Class 7B Trustee nevertheless has an interest in L & A's motion as the fiduciary for ZAI Class 7B members who are now beneficiaries. The Grace Confirmation Plan documents charge the Trustees with safeguarding the Trust's assets. The Trust Agreement defines all trustees, including the Class 7B trustee, as fiduciaries, and requires the trustees to "preserve, hold, manage, and maximize the assets of the PD Trust" for paying Claimants and legitimate expenses related thereto.[1] The ZAI Trust Distribution Procedures

---

[1] WRG Asbestos Property Damage Settlement Trust Agreement, ¶¶ 1.2 (defining trust purposes); 2.1(a) (defining all trustees are fiduciaries and requiring the trustees to act in accordance with the Trust purposes). (Attach. 1).

caution: "At no time may the ZAI Trustee waste ZAI Trust Assets."[2]  Withdrawal of Trust

monies to pay unwarranted cost claims would violate the Class 7B Trustee's fiduciary

obligations to its beneficiaries.  The Class 7B Trustee supported the award of fees and costs to

class counsel, whose efforts created the Common Fund.  Paying Trust assets as fees or expenses

to a law firm that left the ZAI claimants years ago raises serious concerns, even though L&A

does not seek to enlarge the total amount of fees or expenses that the Trust will pay.  Without L

& A showing a direct causal link between its decade-old work and the class settlement that

funded the Trust, the Class 7B Trustee must object to any Trust funds being paid to that firm.

I.      The Class 7B Trustee objects to the disbursement of any Trust assets to cover L & A's
        costs.

        The L & A motion for costs overreaches by seeking pre-petition costs, which class

counsel did not even seek.  A review of the pleadings indicates that when Grace raised concern

about class counsel's cost submissions containing pre-petition costs, class counsel withdrew the

pre-petition costs. L & A, as non-class counsel, cannot stand in a better position than class

counsel and justify seeking pre-petition costs.

        L & A's request for post-petition costs also raises concerns.  The Class 7B Trustee is

aware from class counsel's common fund fee application that they have voluntarily agreed to

share their fee with two firms that rendered special assistance and stayed involved during the

ZAI litigation. See Motion of Class Counsel for a Common Fund Fee Award, fn. 30, ECF No.

31718.  But class counsel did not agree to share their cost award or seek costs for those firms.

And those other firms did not seek cost reimbursement from the common fund themselves,

recognizing that firms not chosen as class counsel stand in a different position from class counsel

---

[2]  United States Zonolite Attic Insulation ("US ZAI") Property Damage Settlement Trust
Distribution Procedure, ¶2.1. (Attach. 2).

in having the class reimburse their costs.  For these reasons, the Class 7B Trustee objects to the L
& A's cost reimbursement request.

Once again, the Class 7B Trustee is cognizant that L&A is not seeking more Trust funds
than the Court has already awarded.  Nevertheless, the Class 7B Trustee respectfully opposes re-
allocation of the existing award to counsel who were not materially responsible for the funding
of the Trust.

II.    The Class 7B Trustee objects to the allocation of any of the class counsel fee award to L
       & A.

To the extent they can maintain such a claim under applicable Third Circuit precedent,[3]
the Class 7B Trustee objects to the allocation of any of the class counsel fee award to L & A
because the class members did not consent to it and L & A provided no independent benefit to
the class.  First, the class members did not approve of providing any fees or costs to L & A.
When class counsel made their motion for fees and costs following creation of the Trust, the
Class 7B Trustee was fully supportive of class counsel's motion.  The Class 7B Trustee realized,
as did all involved, that without the tenacious efforts of the three class counsel firms, there would
have been no settlement and hence no Trust.  The Class 7B Trustee  believes it was logical for its
beneficiaries, the class members, to understand from the class notice that class counsels' request
for fees and costs was limited to class counsel.  The Notice was explicit in that regard:

> If you remain a class member, you will not be responsible for any fees or costs of
> class counsel, who will apply to the Bankruptcy Court for fees and costs out of the
> fund created for the class.
> . . .
> Notice is expressly given that, subject to judicial approval, the settlement funds
> may be disbursed in part to class counsel for their efforts in creating the
> settlement fund in an amount of up to 25% of the non-contingent payment by
> W.R. Grace to the Trust.  Subject to Bankruptcy Court approval, class counsel
> may also be paid from the settlement fund for their unreimbursed out-of-pocket

---

[3]  *See* In re Cendant Corp. Sec. Litig., 404 F.3d 173, 186 (3d Cir. 2005).

    ZAI litigation costs.[4]

The three class counsel firms were identified by name in the Notice. Id. at ¶ 17.  Class members were never informed of, and certainly could not have consented to the class settlement fund (now the Trust) paying litigation fees for a firm that quit the litigation many years earlier.

    L & A conferred no independent benefit on the class.  Class counsel's allocation of common fund fee awards to non-class counsel is entitled to judicial deference.  See Milliron v. T-Mobile USA, Inc., 423 F. App'x 131, 132 (3rd Cir. Apr. 14, 2011).  To overcome class counsel's allocation, non-class counsel must show that "their work conferred a benefit on the class beyond that conferred by [class counsel]." In re Cendant Corp. Securities Lit., 404 F.3d 173, 191 (3rd Cir. 2005).  The focus of the inquiry is the benefit that the non-class counsel's independent work provided the class, not merely the hours they expended.  Milliron, 423 F. App'x at 135.

    Here, this Court should defer to class counsel's decision to share their fees voluntarily with firms they believe were of special assistance.  Class counsel disclosed its agreement to the Court, (see class counsel's Fee Application at fn.30), and that internal decision does not entitle any other firm to demand a fee share.  Further, L & A cannot overcome this allocation because they cannot show they provided an independent benefit to the class.

    The Class 7B Trustee's review of the record confirms that L & A played no role in any of the post-Science Trial proceedings that were crucial to demonstrating to W.R. Grace the ZAI Claimants' tenacity, ingenuity, and relentless pursuit of ZAI claims.  These were the efforts that led to the innovative settlement facility under which the Trust operates.  L & A simply was not present when the critical efforts were being undertaken.  It goes without saying that L & A

---

[4] Notice of Class Certification and Proposed Settlement With W.R. Grace & Co. and Affiliated Debtors, ¶¶8, 20 (emphasis added) (Attach. 3).

played no role in negotiating the critical documents that created and govern the Trust's operations, nor is it playing any role in the important initial Trust organizational activities involving investment, claim form creation, claimant communications, and interaction with Grace and the Property Damage Future Claims Representative.

A realistic review of the record shows that the ZAI Claimants' likelihood of success was close to zero following the Court's Science Trial ruling in December 2006. In the ensuing eight years, class counsel took that cause from its nadir to the triumph of an operational ZAI Settlement Trust. The Trust's creation shows an ingenuity that warrants high praise in giving the Trust flexible funding, periodic replenishment, an ability to deal with unusual circumstances, and the funds to fashion a nationwide ZAI education program that can help millions avoid potential problems with ZAI. In this regard, the ZAI Trust is not simply a reimbursement mechanism, but a public health tool fashioned through the creative efforts of class counsel long after L & A left the scene.

There is only the most tenuous connection between efforts that ended in 2004 and a settlement negotiated in late 2008 and effectuated in 2014. The Class 7B Trustee asserts that L & A has not shown that its dated efforts played any role, much less a causative role, in the settlement that led to the funding of the Trust. The Class 7B Trustee, therefore, objects to L & A's motion for an allocation of fees from class counsel's fee award.

<u>Conclusion</u>

For whatever reason, L & A chose to terminate its involvement with the ZAI Claimants long ago. The consequences of that decision are that it should not receive either cost or fee money from a Trust that others created. The Class 7B Trustee respectfully requests that the Court deny the L & A motion.

Date:  April 28, 2014                    Respectfully Submitted,


                                         s/M. Dawes Cooke, Jr.
                                         M. DAWES COOKE, JR
                                         Barnwell Whaley Patterson & Helms LLC
                                         288 Meeting Street, Suite 200
                                         Charleston, SC 29401
                                         Tel: (843) 577-7700
                                         Fax: (843) 577-7708
                                         *Admitted Pro Hac Vice*


                                         **SULLIVAN · HAZELTINE · ALLINSON LLC**

                                         */s/ William D. Sullivan*
                                         William D. Sullivan (No. 2820)
                                         William A. Hazeltine (No. 3294)
                                         Elihu E. Allinson III (No. 3476)
                                         Seth S. Brostoff (No. 5312)
                                         901 North Market Street, Suite 1300
                                         Wilmington, DE 19801
                                         Tel: (302) 428-8191
                                         Fax: (302) 428-8195

                                         *COUNSEL TO EDWARD B. COTTINGHAM,
                                         JR., ZAI TRUSTEE*