## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W. R. GRACE & CO., et al., | § | Case No. 01-01139 (JKF) |
| | § | |
| *Debtors.* | § | Jointly Administered |

### RESPONSE OF THE PROPERTY DAMAGE FUTURE CLAIMANTS' REPRESENTATIVE TO MOTION OF LUKINS & ANNIS, P.S. FOR AN ALLOCATION OF THE ZAI CLASS ACTION COMMON FUND FEE AWARD

Judge Alexander M. Sanders, Jr., Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands (the "PD FCR"), submits his Response to the MOTION OF LUKINS & ANNIS, P.S. FOR AN ALLOCATION OF THE ZAI CLASS ACTION COMMON FUND FEE AWARD, and for which would show as follows:

### I.

### INTRODUCTION

Judge Sanders was appointed PD FCR following an agreement in principle to settle the ZAI claims. As the Court is aware, Judge Sanders then became heavily involved in the settlement process. Eventually, Judge Sanders became satisfied with the *bona fides* and substance of the First Amended Plan of Reorganization, and he testified in support of the Plan. Judge Sanders also supported the Plan while it was on appeal in the District Court and then in the Court of Appeals. Now, after due consideration, he wishes

to make his position known to the Court regarding the pending motion of Lukins &

Annis, P.S. (the "Lukins firm").  As set forth below, Judge Sanders does not believe that,

given the circumstances present here, the Lukins firm should receive a common fund fee

award.  Furthermore, while the fee award may be part of a "zero sum game" with respect

to the future claimants, it is not at all clear that the expense award sought by the Lukins

firm would be; consequently, under the circumstances presented here, Judge Sanders

would also oppose any award of expenses to the Lukins firm.

## II.

## ARGUMENT

Judge Sanders agrees with ZAI Special Counsel as to the correct legal standards to

apply.

The argument and analysis found in the motion of the Lukins firm is facially

faulty.  While acknowledging that the Science Trial took place and resulted in a finding

that Zonolite Attic Insulation posed no unreasonable risk of harm, it treats that outcome

as some kind of minor set-back, a bump in the road, which mattered little since other

types of so-called "viable claims" based on ZAI would still move forward.  Optimism is

one thing; but this is just being Pollyannaish.  It is certainly hard to fathom how those

other "viable claims" retained their viability once the Court ruled that ZAI did not pose an

unreasonable risk of harm; moreover, the Lukins firm ignores the practicalities of

pursuing the litigation track with the Albatross of the Science Trial decision hanging from

the ZAI claimants' necks.

The unfortunate fact is that the ZAI litigation, class action and all, was virtually valueless after the Science Trial decision; a situation further exacerbated by its interlocutory nature, making it impervious to review until there was a final decision on the merits first entered against the ZAI claimants – and worse still, getting to the point of finality obviously posed new and additional grave litigation risks to any ZAI claimant ever seeing a single penny in compensation.

So, how does all this matter – especially since the Lukins firm does not take issue with the excellent job the ZAI Special Counsel did in reaching a settlement that resulted in well over $100,000,000.00 in value to claimants who were on the brink of a total loss? It not only *matters* – it makes *all* of the difference – because the Science Trial was not simply a milepost on the journey from the filing of *Barbanti* to the opening of the ZAI Trust – the Science Trial decision was the *end of one epoch and the beginning of a new one*. Nothing that happened prior to this Court's decision in the Science Trial was of any significant value once the decision was made that ZAI posed no unreasonable risk of harm. The *only* activities of significant worth following the Science Trial was whatever could be done to salvage some value to the ZAI claimants despite the Court's crippling findings.

Of course, the Lukins firm played no role whatsoever in achieving value for the ZAI claimants following the Science Trial. Indeed, conspicuously absent from its motion

-3-

is any mention of how the Lukins firm participated in or somehow enhanced the ZAI claimants' settlement position with Grace and the other interested constituencies following the Science Trial.  Consequently, it would be inequitable and contrary to controlling law for the Lukins firm to profit from the negotiation and implementation of a settlement of which they played no role whatsoever in achieving.  There should be no award of fees or expenses to the Lukins firm.

## III.

## <u>CONCLUSION</u>

The Court should deny the Motion and not award any fees or expenses to the Lukins firm.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
1201 Elm Street, Suite 4244
Dallas, Texas  75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO JUDGE ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND
HOLDERS OF DEMANDS

## CERTIFICATE OF SERVICE

I certify that on the 25TH day of April, 2014, this document was served by delivery through the ECF system.

_____