IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

REPORT OF THE
WRG ASBESTOS PI TRUST

Lewis R. Sifford, Harry Huge, and Dean M. Trafelet, the Trustees of the WRG Asbestos PI Trust (the "Trust"), created pursuant to the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010, as modified (the "Plan"), submit this Report regarding the Trust's actions through April 1, 2014.

I.      INTRODUCTION

While the Trust Agreement's annual reporting provisions do not require the preparation or filing of an annual report and accounting of claims until April 30, 2015[1], the purpose of this Report is to provide information to interested parties and to report to the Court on the actions taken by the Trustees on behalf of the Trust during the period from February 3, 2014 to April 1, 2014 (the "Reporting Period").

---

[1] As set forth in Section II below, the Effective Date of the Trust was February 3, 2014. Section 2.2(c) of the Trust Agreement provides that the Trustees shall timely account to the Bankruptcy Court within one hundred and twenty (120) days following the end of each fiscal year and provide a copy of the report to the TAC, the Futures Representative, and the United States Trustee.

{C0358046.1 }

II.     BACKGROUND

On April 2, 2001, W. R. Grace & Co. and certain of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code. On January 31, 2011, the Court entered an order in these cases confirming the Plan and on February 15, 2011, the Bankruptcy Court entered and order clarifying the prior order. On June 11, 2012, the United States District Court for the District of Delaware affirmed the Bankruptcy Court's confirmation order. Certain parties appealed the judgment of the District Court to the United States Court of Appeals for the Third Circuit (the "Third Circuit"). The Third Circuit affirmed the judgment of the District Court in each such appeal except for one and the period for petitioning the Supreme Court of the United States for *certiorari* review for such affirmed appeals expired with no such petition being made. The Third Circuit dismissed the final remaining appeal with prejudice on February 3, 2014, pursuant to a stipulated dismissal agreement between the parties. On February 3, 2014 (the "Effective Date"), the Plan became effective and the Trustees began to manage the affairs of the Trust.

On or after the Effective Date, the Trust was funded as provided for in Section 7.2.2 of the Plan. The purpose of the Trust is to assume the liabilities of the Debtors, their predecessors and successors in interest, for all Asbestos PI Claims, as defined in the Plan, and to use the assets and income of the Trust to pay both present and future asbestos claimants in accordance with the Trust Agreement and the Trust Distribution Procedures in such a way that holders of Asbestos PI Claims are treated fairly, equitably, and reasonably in light of the finite assets available to satisfy such claims. See Trust Agreement, Section 1.2.

III.    TRUST ADMINISTRATION

    A.    Trustees

Lewis R. Sifford, Harry Huge, and Dean M. Trafelet served as the Trustees of the Trust during the Reporting Period. Lewis R. Sifford served as the Managing Trustee during the Reporting Period.

During the Reporting Period, the Trustees held formal meetings in accordance with the requirements of the Trust Agreement. These meetings were designated as "regular meetings" under the Trust's By-laws. Each meeting was in person and was attended by representatives of the TAC and the FCR. In addition to these formal meetings, the Trustees held regularly scheduled weekly teleconferences, met individually with Trust advisors, held executive session and special purpose meetings, and devoted considerable time to Trust matters outside of scheduled meetings. Activities included exercising oversight over the investment of Trust assets and the actions necessary for the Trust to begin to receive, process, and pay claims pursuant to the Trust Distribution Procedures.

    B.    Trust Officers

Analysis Research Planning Consulting ("ARPC") served as the Trust's Executive Director during the Reporting Period.

    C.    Trust Advisory Committee

Russell W. Budd, John D. Cooney, Joseph F. Rice, and Perry Weitz served as Members of the Trust Advisory Committee (the "TAC Members") during the Reporting Period.

    D.    Futures Representative

Roger Frankel served as the Futures Representative (the "FCR") during the Reporting Period.

E.   Claims Processing

On February 28, 2014, the Trust became a member of the Delaware Claims Processing Facility, LLC (the "DCPF") under an agreement with a number of other Qualified Settlement Funds. The DCPF will process Asbestos PI Claims for the Trust.

F.   Investment Management

During the Reporting Period, the Trust engaged Cambridge Associates, LLC of Boston, Massachusetts as the Trust's investment advisor.

Rothschild Inc. serves as the Trust's financial advisor with respect to its ownership of Sealed Air Corporation common stock and warrants to acquire W. R. Grace & Co. common stock.

G.   Insurance Coverage Litigation

Upon the Effective Date, pursuant to the Plan, the Trust received the right to pursue certain unsettled insurance coverage and the rights to certain proceeds paid pursuant to Asbestos Insurance Settlement Agreements. The Trust retained the firm of Anderson Kill, P.C. as Special Insurance Counsel to the Trust. Prior to the Effective Date of the Plan of Reorganization, the Debtors and other Plan Proponents reached settlement agreements with many of the Debtor's historical insurance companies that required the settling insurance companies to make cash payments to or for the benefit of the Trust. Certain of those agreements required the settling insurance companies to make payments into escrow accounts during the pendency of the bankruptcy case, and those escrow accounts were released to the Trust on or around the Effective Date. Certain other settlement agreements required the insurance companies to pay settlement proceeds to the Trust after the Plan's Effective Date, and the Trust received from insurance companies substantial payments during the Reporting Period. In addition, some of these

settlement agreements require the settling insurance companies to make payments to the Trust on agreed-to payment schedules that extend beyond the Reporting Period. As a result, the Trust anticipates receiving additional payments through 2020 under these settlement agreements. Although the Plan Proponents settled with many of the Debtors' insurance companies prior to the Plan's Effective Date, they did not settle with all of the Debtors' insurance companies. The Trust anticipates that its efforts to secure coverage from the remaining unsettled insurance company will continue at least through 2014.

### H. Counsel

Campbell & Levine, LLC of Pittsburgh, Pennsylvania and Wilmington, Delaware serves as general counsel to the Trust. Kaplan, Strangis & Kaplan, P.A. of Minneapolis, Minnesota and Keating Muething Klekamp, PLL of Cincinnati, Ohio serve as Special Securities Counsel and Anderson Kill, P.C. of New York, New York serves as Special Insurance Counsel to the Trust.

## IV. TRUST ASSETS

Pursuant to Section 7.2.2 of the Plan, on the Effective Date the Trust received, among other things, the Deferred Payment Agreement, approximately $1.4 billion in cash as well as the Warrant, as defined in the Plan, and 18 million shares of Sealed Air Corporation common stock. In addition, during the Reporting Period, the Trust received approximately $92.7 million pursuant to a number of Asbestos Insurance Settlement Agreements. As discussed in the insurance section above, the Trust anticipates receiving additional funds through at least the year 2020. The Trustees spent considerable time during the Reporting Period working with their advisors regarding the investment of the Trust's assets in accordance with the Trust Agreement.

| | |
|---|---|
| Date:  April 30, 2014 | CAMPBELL & LEVINE, LLC |

*/s/ Kathleen Campbell Davis*
Marla Rosoff Eskin (No. 2989)
Kathleen Campbell Davis (No. 4229)
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801
Tel. 302.426.1900
Fax 302.426.9947

-and-

Douglas A. Campbell
Stanley E. Levine
Philip E. Milch
1700 Grant Building
Pittsburgh, PA 15219
Tel. 412.261.0310
Fax 412.261.5066

*Counsel to WRG Asbestos PI Trust*