IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W. R. GRACE & CO., et al., | § | Case No. 01-01139 (JKF) |
| | § | |
| *Debtors.* | § | Jointly Administered |
| | § | |
| | § | Objection Deadline: 5/19/2014; 4:00 PM ET |
| | § | Hearing Date: TBD |

**FINAL FEE APPLICATION OF R. KARL HILL,
SEITZ, VAN OGTROP & GREEN, P.A., LOCAL COUNSEL TO
JUDGE ALEXANDER M. SANDERS, JR., THE LEGAL
REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED
PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, R. Karl Hill, Seitz, Van Ogtrop & Green, P.A., pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order"), the First Amended Plan of Reorganization, and Del. Bankr. LR 2016-2, and hereby applies for a final order allowing him (i) compensation in the amount of $14,917.50 for the reasonable and necessary legal services he has rendered to Judge Alexander M. Sanders, Jr., Legal Representative for Future Asbestos-Related Property Damage

-1-

Claimants and Holders of Demands, and (ii) reimbursement of actual and necessary expenses that he has incurred in the amount of $44.80, for a total of $14,962.30, or one hundred percent (100%) of all compensation and expense reimbursement requested for the period since his retention thorough the Effective Date, (the "Final Fee Application"), and in support of this Final Fee Application, would respectfully show as follows:

## I.

## SUMMARY

| | |
|---|---|
| Name of Applicant: | R. Karl Hill, Esq.<br>Seitz, Van Ogtrop & Green, P.A. |
| Authorized to Provide Services To: | Judge Alexander M. Sanders, Jr.,<br>Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | September 29, 2008 (*nunc pro tunc*) |
| Period for Which Compensation and Reimbursement is Sought: | September 29, 2008 to February 4, 2014 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $14,917.50 |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $44.80 |

This is a(n):   ☐Monthly   ☒Quarterly   ☐Interim   ☒Final Application

PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 11-13-2009 | 9-29-08 to 2-28-09 | $1,632.00 | $0.00 | Paid | Paid |
| 3-25-2011 | 3-1-09 to 2-28-11 | $1,838.40 | $4.80 | Paid | Paid |
| 5-5-2011 | 3-1-2011 to 3-31-2011 | $816.00 | $0.00 | Paid | Paid |
| 6-3-2011 | 4-1-2011 to 4-30-2011 | 2,628.00 | $0.00 | Paid | Paid |
| 7-5-2011 | 5-1-2011 to 5-31-2011 | $1,464.00 | $40.00 | Paid | Paid |
| 8-1-2011 | 6-1-2011 to 6-30-2011 | $3,432.00 | $0.00 | Paid | Paid |
| 9-11-2012 | 7/1/2011 to 6/30/2012 | $162.00 | $0.00 | Paid | Paid |

R. Karl Hill and Kevin A. Guerke are the only attorneys providing services as local counsel to Judge Sanders, the PD FCR. Mr. Hill has practiced law for over 20 years, and his billing rate is $300.00 per hour. Mr. Guerke has practiced law for 10 years and his billing rate is $175.00 per hour. During the scope of this entire retention, from September 29, 2008 to February 4, 2014, the applicant billed 52.75 hours, for a total amount billed of $14,917.50, of which 100% has been paid. During the Chapter 11 case, $44.80 in expenses has been incurred and has been paid. The time for preparation of this Final Fee Application will be billed directly to the reorganized debtor.

---

[1] At 80% of the total incurred.

COMPENSATION BY PROJECT CATEGORY (**FINAL**)

| Project Category | Hours |
|---|---|
| Confirmation | 47.35 |
| Fee Applications | 2.2 |
| Retention Matters | 3.2 |
| TOTAL HOURS | 52.75 |
| TOTAL FEES | $14,962.50 |

EXPENSE SUMMARY (**FINAL**)

| Description | Expense |
|---|---|
| Pro Hac Vice fees | $25.00 |
| Postage/Delivery | $15.00 |
| Electronic Research | $4.80 |
| TOTAL | $44.80 |

**II.**

**APPLICATION**

1.      On April 2, 2001 , (the "Petition Date") each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Chapter 11 Cases").  On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only.  Since the Petition Date, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the United States Bankruptcy Code.  The Plan is substantially consummated.

2.      On May 3, 2001, the Court entered an Interim Compensation Order, as amended by the Amended Interim Compensation Order, establishing procedures for monthly compensation and reimbursement of expenses of professionals (each such application, a "Monthly Fee Application"), and whereby any notice party listed in the Amended Interim Compensation Order may object to such Monthly Fee Application.  If no notice party objects to professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and one hundred percent (100%) of the expenses requested, subject to the filing and approval of the interim and final fee applications of the professional.

3.      Furthermore, and also pursuant to the Amended Interim Compensation Order, within forty-five (45) days of the end of each quarter, professionals are required to file and serve, upon the notice parties, a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application, less any amounts previously paid in connection with the Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.  This Plan also imposes an Administrative Bar Date of May 5, 2014 (90-days following the Effective Date), requiring that Final Fee Applications be filed by that date.

4.      By an order of this Court, the PD FCR was authorized to retain R. Karl Hill, Esq. Seitz, Van Ogtrop & Green, P.A. as his local counsel, effective as of September 29, 2008 (the "Retention Order").  The Retention Order authorizes the Debtors to compensate R. Karl Hill, Esq. Seitz, Van Ogtrop & Green, P.A. at the hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that he incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.      This is the Final Fee Application of R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A., which is submitted in accordance with the First Amended Plan and the Amended Interim Compensation Order.

6.      R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. has filed with the Court the following Monthly Fee Applications for interim compensation during this Chapter 11 Case:

(a)     "Application of Seitz, Van Ogtrop & Green, P.A. for Compensation for Services and Reimbursement of Expenses as Local Counsel to the Legal Representative for Future Asbestos-related Property Damage Claimants and Holders of Demands for the First Interim Period From September 29, 2008 Through February 28, 2009," seeking $1,632.00 in fees (80% of $2,040.00);

(b)     "Application of Seitz, Van Ogtrop & Green, P.A. for Compensation for Services and Reimbursement of Expenses as Local Counsel to the Legal Representative for Future Asbestos-related Property Damage Claimants and Holders of Demands for the Second Interim Period From March 1, 2009 Through February 28, 2011," seeking $1838.40 in fees (80% of $2,295.00), and $4.80 in expenses;

(c)     "Application of Seitz, Van Ogtrop & Green, P.A. for Compensation for Services and Reimbursement of Expenses as Local Counsel to the Legal Representative for Future Asbestos-related Property Damage Claimants and Holders of Demands for the Third Interim Period From March 1, 2011 Through March 31, 2011," seeking $816.00 in fees (80% of $1,020.00);

(d)  "Application of Seitz, Van Ogtrop & Green, P.A. for Compensation for Services and Reimbursement of Expenses as Local Counsel to the Legal Representative for Future Asbestos-related Property Damage Claimants and Holders of Demands for the Fourth Interim Period From April 1, 2011 Through April 30, 2011," seeking $2,628.00 in fees (80% of $3,285.00);

(e)  "Application of Seitz, Van Ogtrop & Green, P.A. for Compensation for Services and Reimbursement of Expenses as Local Counsel to the Legal Representative for Future Asbestos-related Property Damage Claimants and Holders of Demands for the Fifth Interim Period From May 1, 2011 Through May 31, 2011," seeking $1,464.00 in fees (80% of $1,830.00), and $40.00 in expenses;

(f)  "Application of Seitz, Van Ogtrop & Green, P.A. for Compensation for Services and Reimbursement of Expenses as Local Counsel to the Legal Representative for Future Asbestos-related Property Damage Claimants and Holders of Demands for the Sixth Interim Period From June 1, 2011 Through June 30, 2011," seeking $3,432.00 in fees (80% of $4,290.00);[2]

(g)  Application of Seitz, Van Ogtrop & Green, P.A. for Compensation for Services and Reimbursement of Expenses as Local Counsel to the Legal Representative for Future Asbestos-related Property Damage Claimants and Holders of Demands for the Seventh Interim Period From July 1, 2011 Through June 30, 2012," seeking $162.00 in fees (80% of $202.50).

7.  R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. has filed a total of seven fee applications and three quarterly fee applications and requests that the Court approve the final allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. from September 29, 2008 through February 4, 2014, as detailed in the fee applications listed in paragraph 6 above, and authorize and require payment of said amounts less any amounts previously paid to R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. pursuant to the Monthly

---

[2] A *de minimus* mathematical error identified by the fee auditor in the amount of $45.00 was reduced from the amount sought in the 41st Quarter. The amount shown here is that amount requested before the reduction. The reduction is reflected in the total amounts on the charts on page 4 above.

Fee Applications and the procedures set forth in the Amended Interim Compensation Order.

8. At all relevant times, R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. has been a disinterested person as that term is defined in Section 101(14) of the United States Bankruptcy Code, as modified by section 1107(b) of the United States Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

10. All services for which compensation is requested by R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. were performed for or on behalf of the PD FCR and not on behalf of any committee, creditor, or other person.

11. R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. believes that this Final Fee Application complies with the requirements of Del. Bankr. LR 2016-2 and the Amended Interim Compensation Order.

12. At no time during his services in this Chapter 11 case has R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. received promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases, other than the interim compensation payments pursuant to the Amended Interim Compensation Order. There is no agreement or understanding between R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. and any other person for the sharing of compensation to be received for services rendered in these cases.

13. The professional services and related expenses for which R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. requests interim and final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of the professional responsibilities of R. Karl Hill, Esq., Seitz, Van Ogtrop & Green,

P.A. as counsel for the PD FCR in the Chapter 11 Cases.  The services of R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. have been necessary and beneficial to the PD FCR as well as the Debtors and their estates, creditors, and other parties in interest.

14.     Pursuant to Fed R. Bankr. P. 2016(b), R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. has not shared, nor has agreed to share: (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. respectfully requests that the Court enter an order, providing that (a) for the period from September 29, 2008 through February 4, 2014, an administrative allowance be made to R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. in the sum of $14,917.50 as compensation for reasonable and necessary professional services rendered to the PD FCR and, in the sum of $44.80 for reimbursement of actual and necessary costs and expenses incurred, for a total of $14,962.30; (b) that the Debtors be authorized and directed to pay to R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. the outstanding amount of such sums, less any sums previously paid to R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order and (c) this Court grant such other and further relief to which R. Karl Hill, Esq., Seitz, Van Ogtrop & Green, P.A. is justly entitled.

Respectfully Submitted,



Alan B. Rich
Texas Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO JUDGE ALEXANDER M. SANDERS, JR., LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS

## DECLARATION

R. Karl Hill, Esq., declares as follows:

I am the local counsel hired by the PD FCR with the approval of the Court, and am familiar with the legal services which my firm and I rendered to the PD FCR. I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. I believe that this Application substantially complies with Local Bankruptcy Rules for the District of Delaware.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 30, 2014.

## **CERTIFICATE OF SERVICE**

    I certify that on the 30th day of April, 2014, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

*/s/ [signature]*

_____