**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. Grace & Co., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Hearing Date: TBD** |
| | ) **Objection Deadline: TBD** |

**FINAL SUMMARY OF THE MONTHLY AND QUARTERLY INTERIM VERIFIED APPLICATIONS OF THE ACCOUNTING FIRM OF GRANT THORNTON LLP, FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS TAX AND ACCOUNTING ADVISORS TO W. R. GRACE & CO., ET AL., FOR THE PERIOD FROM JULY 1, 2012 – FEBRUARY 3, 2014**

| | |
|---|---|
| Name of Applicant: | **Grant Thornton, LLP** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retention Order entered August 14, 2012, effective as of August 14, 2012** |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

| Period for which compensation and reimbursement was sought and collected: | July 1, 2012 through February 3, 2014 |

Grand Total of Fees: <u>$651,843.50</u>

Grand Total of Expenses: <u>$47,201.75</u>

Monthly Applications Submitted for Compensation and Reimbursement of Expenses

| Date Filed | Monthly Period Covered | Requested Fees | Requested Expenses | Quarterly Coverage | Docket No. |
|---|---|---|---|---|---|
| September 7, 2012 | Jul. 1-31, 2012 | $87,581.00 | $9,776.15 | Q3, 2012 | 29601 |
| October 11, 2012 | Aug. 1-31, 2012 | $243,006.50 | $16,344.34 | Q3, 2012 | 29761 |
| November 2, 2012 | Sep. 1-30, 2012 | $180,217.00 | $15,482.84 | Q3, 2012 | 29856 |
| April 12, 2013 | Oct. 1-31, 2012 | $65,437.50 | $1,081.86 | Q4, 2012 | 30465 |
| April 23, 2013 | Nov. 1-30, 2012 | $0.00 | $2,043.47 | Q4, 2012 | 30542 |
| May 14, 2013 | Dec. 1-31, 2012 | $0.00 | $59.00 | Q4, 2012 | 30627 |
| August 5, 2013 | Jan. 1-31, 2013 | $14,070.00 | $0.00 | Q1, 2013 | 30928 |
| August 7, 2013 | Feb. 1-28, 2013 | $5,930.00 | $0.00 | Q1, 2013 | 30943 |
| October 24, 2013 | Aug. 1-31, 2013 | $35,400.00 | $2,414.09 | Q3, 2013 | 31258 |
| February 18, 2014 | Jan. 1-31, 2014 | $20,201.50 | $0.00 | Q1, 2014 | 31751 |

Quarterly Applications Submitted for Services and Reimbursement of Expenses

| Date Filed | Quarterly Application | Requested Fees | Requested Expenses | Quarterly Coverage | Docket No. |
|---|---|---|---|---|---|
| December 7, 2012 | First | $510,804.50 | $41,603.33 | Q3, 2012 | 30014 |
| June 17, 2013 | Second | $236,077.88 | $3,184.33 | Q4, 2012 | 30747 |
| October 01, 2013 | Third | $20,000.00 | $0.00 | Q1, 2013 | 31190 |
| January 23, 2014 | Fourth | $35,400.00 | $2,414.09 | Q3, 2013 | 31632 |
| April 15, 2014 | Fifth | $20,201.50 | $0.00 | Q1, 2014 | 32019 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al.[2] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: TBD** |
| | ) | **Objection Deadline: TBD** |
| | ) | |

**FINAL SUMMARY OF THE MONTHLY AND QUARTERLY VERIFIED APPLICATIONS OF GRANT THORNTON LLP, FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS TAX AND ACCOUNTING ADVISORS TO W. R. GRACE & CO., ET AL., FOR THE PERIOD FROM JULY 1, 2012, THROUGH FEBRUARY 3, 2014**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the

"Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the

*Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim*

*Compensation and Reimbursement of Professionals and Official Committee Members* (the

"Interim Compensation Order"), the *Amended Administrative Order under 11 U.S.C. §§ 105(a)*

---

[2] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* (the "Amended Interim Compensation Order") and Del.Bankr.LR 2016-2, the accounting firm of Grant Thornton LLP ("GT"), tax and accounting advisors for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases:

## BACKGROUND

*Retention of Grant Thornton LLP*

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order dated August 14, 2012, the Debtors were authorized to retain the accounting firm of Grant Thornton LLP ("GT") as their tax and accounting advisors, effective as of the July 1, 2012, with regard to the prosecution of the Chapter 11 Cases and all related matters (the "Retention Order"). As a retained tax and accounting advisor, GT performed tax consulting services for the Debtor, specifically analysis (i.e., technical memorandums and corresponding calculations) surrounding specific tax provisions in the Internal Revenue Code ("IRC") (i.e., IRC section 41 (R&D tax credit) and IRC section 199 (Domestic Production Activities Deduction)). The Retention Order authorizes the Debtors to compensate GT at GT's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it

incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

***Monthly Interim Fee Applications Covered Herein***

3.  Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order (the "Notice Parties") may object to any such request. If no Notice Party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.  Furthermore, and also pursuant to the Amended Interim Compensation Order, within 45 days of the end of each quarter, professionals are to file and serve upon the Notice Parties a quarterly request (each such request, a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly fee application, the debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the monthly fee applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.      GT is submitting this application pursuant to the Amended Interim Compensation Order to summarize the Monthly and Quarterly Applications for interim for services rendered that GT has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

6.      The respective periods for objecting to the fees and expense reimbursement requested passed without any objections being filed, and the Debtors filed certificates of no objection with the Court for each of the Monthly Application. The Debtors have paid approximately 97% of the fees and 100% of the expenses requested in those Monthly Fee Applications.

7.      GT has advised and represented the Debtors as tax and accounting advisors in connection with the operation of their businesses and other matters arising in the performance of their duties as a debtors-in-possession during the Fee Period covered by the Final Fee Application.

*Previous Quarterly Fee Applications*

8.      GT has filed five Quarterly Fee Applications. This Court approved this application on February 22, 2013, August 7, 2013, December 17, 2013, January 23, 2014, and April 15, 2014, respectively, filed by GT in these chapter 11 cases.

*Disinterestedness*

9.      As disclosed in the Affidavit of Mark Margulies in Support of the Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Grant Thornton LLP as tax and accounting advisors to the Debtors (the "Affidavit"), filed on July 23, 2012, GT does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

## REPRESENTATIONS

**10.** GT believes that the all the Monthly and Quarterly Fee Application complies with the requirements of Del.Bankr.LR 2016-2 and the Amended Interim Compensation Order.

**11.** GT performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

**12.** During the Fee Period, GT has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Amended Interim Compensation Order.

**13.** Pursuant to Fed. R. Bank. P. 2016(b), GT has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, and staff of GT, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, GT respectfully acknowledges that all compensation for reasonable and necessary professional services rendered to the Debtors for reimbursement of actual and necessary costs and expenses incurred have been paid to GT pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order.

Dated: April 29, 2014            Respectfully submitted,

                                 Grant Thornton LLP


                                 _____
                                 Mark Margulies

                                 Grant Thornton LLP
                                 1301 International Parkway
                                 Suite 300
                                 Fort Lauderdale, FL 33323
                                 (954) 768-9900

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | ) Chapter 11 |
| ) | ) |
| W. R. Grace & Co., et al.[1] ) | ) Case No. 01-01139 (JKF) |
| ) | ) (Jointly Administered) |
| Debtors. ) | ) |
| ) | ) |
| _____ ) | ) |

## VERIFICATION

| | | |
|---|---|---|
| STATE OF FLORIDA | ) | |
| | ) | ss. |
| COUNTY OF BROWARD | ) | |

Mark Margulies, after being duly sworn according to law, deposes and says:

I am a partner of the applicant accounting firm, Grant Thornton LLP ("<u>GT</u>"), and have been practicing as a licensed CPA in the state of Florida, where I have been licensed since June 1991.

I have supervised the performance of the services of the members of GT to the Debtors.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

I have reviewed the foregoing Final Summary of the Monthly Quarterly Fee Applications, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

*[signature]*
Mark Margulies

SWORN AND SUBSCRIBED
before me this

*April 29, 2014*

My Commission Expires:

*February 14, 2015*

*[notary signature]*

LILIANA ROMERO
Notary Public - State of Florida
My Comm. Expires Feb 14, 2015
Commission # EE 36255
Bonded Through National Notary Assn.