IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (KJC) |
| ) | (Jointly Administered) |
| Reorganized Debtors. ) | |
| ) | Hearing Date: May 28, 2014, at 11:00 a.m. |
| ) | Objection Deadline: May 21, 2014 |

**MOTION FOR AN ORDER IMPLEMENTING THE PLAN'S DISCHARGE OF
PREPETITION LITIGATION CLAIMS AND THE RELATED INJUNCTION WHERE
CLAIMANTS DID NOT FILE PROOFS OF CLAIM**

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors") file this motion (the "Motion") requesting the Court enter an order in the form attached hereto as Exhibit A (the "Order") implementing the Plan's discharge and injunctive provisions as they relate to certain litigation (the "Prepetition Litigation") in which one or more Reorganized Debtor entities were defendants and the non-Grace parties to such Prepetition Litigation (the "Prepetition Litigants") failed to timely (or otherwise) file proofs of claim relating to the relevant Prepetition Litigation and any claims arising therefrom or otherwise relating thereto (the "Prepetition Litigation Claims").[2]

In support of this Motion, the Reorganized Debtors respectfully state as follows:

---

[1] The Reorganized Debtors comprise the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Motion are 11 U.S.C. §§ 502(a), 1141 & 1142, Fed. R. Bankr. P. 3003 & 3020 and Del. Bankr. L.R. 3003-1.

## BACKGROUND

3.      On June 1 and June 8, 2001, the Debtors filed their statements of financial affairs ("SOFA") and schedules of assets and liabilities ("Schedules"). *Statement of Financial Affairs & Schedules with Summary & Declarations (Case No. 01-1139)* [Docket no. 376 filed on June 1, 2001] and *Statement of Financial Affairs & Schedules with Summary & Declarations (Case No. 01-1140)* [Docket nos. 426–467, filed on June 8, 2001]. The SOFAs listed the following Prepetition Litigation, in which one or more of the Debtors was named as a defendant:

| Caption | Court | Plaintiffs | Co-Defendants |
|---|---|---|---|
| *In re John Morgan, Elizabeth Morgan and Angela MacConckey v. W.R. Grace, Inc., John Dinapoli d/b/a Menotomy Trucking, Inc. and William Shannon* (the "Morgan Litigation") | Court of Appeals of the Commonwealth of Massachusetts, Case No. 99-P-1965 | John H. Morgan, Elizabeth Morgan & Angela MacConkey (the "Morgan Plaintiffs") | John DiNapoli, d/b/a Menotomy Trucking & William Shannon (the "Morgan Co-Defendants") |
| *In re ISG Resources d/b/a Midwest Fly Ash v. W.R. Grace & Co.-Conn.* (the "ISG Resources Litigation") | District Court, District of Iowa, Woodbury County, Case No. C00-4111-MWB | ISG Resources, Inc. d/b/a Midwest Fly Ash And Materials ("ISG Resources") | None |

4.      The extracts from the SOFA are attached hereto as Exhibit B. The Plaintiffs and Defendants in the Prepetition Litigation (who, together are the Prepetition Litigants) were listed on Schedule F as having contingent, unliquidated claims. The relevant extracts of Schedule F

are attached hereto as Exhibit C. In each of the Prepetition Litigations, the Debtors filed *Suggestions of Bankruptcy*.

5. The Debtors served notice of the Schedules filing on ISG Resources. *Declaration Of Service Regarding: 1. Claims Bar Date Notice Materials; 2. Grace Non-Asbestos Proof of Claim Form; 3. W.R. Grace and Co. Asbestos Property Damage Proof of Claim Form; and 4. W.R. Grace and Co. Asbestos Medical Monitoring Proof of Claim Form*, dated July 17, 2002 [Docket nos. 2382 – 2393] (the "Declaration of Service").

6. The general bar date for prepetition unsecured claims was March 31, 2003 (the "Claims Bar Date"). *Order as to all Non-Asbestos Claims. Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof Of Claim Forms and (III) Approving Notice Program*, dated April 22, 2002 [Docket no. 1963] (the "Bar Date Order"). The Debtors served notice of Claims Bar Date on ISG Resources. *See* Declaration of Service.

7. The Debtors did not serve notice of the Claims Bar Date on the Morgan Plaintiffs, although it did serve such notice on the Morgan Co-Defendants. Instead, the Debtors filed two status reports with the Appeals Court for the Commonwealth of Massachusetts on May 10 and December 6, 2002, respectively, informing the Massachusetts Appeals Court of the Claims Bar Date. *See* Exhibits D-1 & D-2 (respectively, Status Reports dated May 10, 2002, and December 6, 2002). Counsel for the Morgan Plaintiffs was served with each of those notices on the date they were filed with the Appeals Court for the Commonwealth of Massachusetts.

8. To date, none of the Prepetition Litigants has filed a proof of claim in these chapter 11 cases, whether relating to the relevant Prepetition Litigation Claims or otherwise. *See*

*Claims Register Dated 10/17/2013 in Alphabetical Order*, dated March 12, 2014 [Docket nos. 31847 & 31848].

9. On January 31, 2011, the Court entered its *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket No. 26155], and on February 15, 2011, the Court entered its *Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010* [Docket No. 26289] (collectively, the "Confirmation Order"). On February 3, 2014, the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11. *Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732]. On February 24, 2014, the Reorganized Debtors filed their *Motion of the Reorganized Debtors for Issuance of a Final Decree (A) Closing Certain of The Chapter 11 Cases, (B) Removing Certain of The Chapter 11 Cases From The Joint Administration Order, and (C) Waiving the Requirement That the Reorganized Debtors File a Final Report For the Merged Subsidiaries* [Docket no. 31773] (the "Merged Subsidiaries Case Closing Motion"). On March 19, 2014, the Court entered its order granting the relief set forth in the Merged Subsidiaries Case Closing Motion, thereby closing the chapter 11 cases of each of the Merged Subsidiaries [Docket no. 31880] (the "Merged Subsidiaries Case Closing Order").

**RELIEF REQUESTED**

10.     The Reorganized Debtors request that the Court enter the Order substantially in the form attached hereto as <u>Exhibit A</u>, implementing the Plan's discharge and injunction provisions by discharging each of the Prepetition Litigation Claims pursuant to Plan Art. 8.1.1 and Bankruptcy Code §§ 524 & 1141, specifically enjoining the Prepetition Litigants from prosecuting any such Prepetition Litigation Claims, whether in the Bankruptcy Court or in any other forum, authorizing the Reorganized Debtors to seek the dismissal with prejudice of each of the Prepetition Litigations and barring the Prepetition Litigants from opposing such dismissal.

**ANALYSIS**

11.     Fed. R. Bankr. P. 3003(a) provides in relevant part:

> The schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be necessary for a creditor or equity security holder to file a proof of claim or interest except as provided in subdivision (c) (2) of this rule.

Fed. R. Bankr. P. 3003(a)(1) (2014). Fed. R. Bankr. P. 3003(c)(2) states:

> *Who must file.* Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

Fed. R. Bankr. P. 3003(c)(2) (2014).

12.     All of the Prepetition Litigants had actual, written notice of the General Bar Date. None of the Prepetition Litigants filed proofs of claim, whether relating to the Prepetition Litigation or otherwise. Therefore, they cannot be treated as creditors with respect to their respective Prepetition Litigation Claims.

13.     Plan Art. 8.1.1 states in relevant part:

> Except as otherwise provided herein, on the Effective Date, all Claims, Plan Claims, and Demands against the Debtors and the Debtors in Possession shall be discharged. The Reorganized Debtors shall not be responsible for any obligations of the Debtors or the Debtors in Possession except those expressly assumed by the Reorganized Debtors pursuant to this Plan.

Each of the Prepetition Litigation Claims is therefore discharged pursuant to Plan Art. 8.1.1 and Bankruptcy Code §§ 524 & 1141. Plan Art. 8.1.1 further states in relevant part:

> With respect to any debts discharged by operation of law under Bankruptcy Code §§ 524(a) and 1141, the discharge of the Debtors operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the Debtors, whether or not the discharge of such debt is waived …

In other words, the Plan enjoins the Prepetition Litigants from further pursuing their Prepetition Litigation Claims. The Reorganized Debtors therefore respectfully request the Court enter the Order substantially in the form attached hereto, authorizing the Reorganized Debtors to seek dismissal with prejudice of each Prepetition Litigation and enjoining the Prepetition Litigants from opposing such dismissal.

## No Previous Motion

14. No previous motion for the relief sought herein has been made to this or any other court.

## Notice

15. Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; (ix) the counsel of record in the

relevant Prepetition Litigation for each of the Prepetition Litigants. In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors request the Court enter the Order in substantially the form attached hereto as Exhibit A: (i) Discharging Prepetition Litigation Claims; (ii) specifically enjoining the Prepetition Litigants from prosecuting the Prepetition Litigation Claims; (iii) authorizing the Reorganized Debtors to seek the dismissal with prejudice of each the Prepetition Litigation; (iv) enjoining the Prepetition Litigants from opposing such dismissal; and (v) granting such other relief as may be appropriate.

Dated: May 1, 2014

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors