<u>**EXHIBIT B**</u>

**Extracts of the Statement of Financial Affairs Relevant to the Prepetition Litigation**

FILED

2001 JUN -1 PM 3:59

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | |
|---|---|
| W. R. Grace & Co. | Case No. 01-01139 |
| Debtor. | |

STATEMENT OF FINANCIAL AFFAIRS

**NOTE 1**: The Schedules and Statements have been prepared by the Debtor's Management and are unaudited. While management of the Debtor has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes in financial data contained in the Schedules and Statements and inadvertent errors or omissions may exist. To the extent the Debtor discovers additional information that may suggest a material difference, the Debtor will amend the Schedules and Statements to reflect such changes. Accordingly, the Debtor reserves all rights to amend its Schedules and Statements as may be necessary or appropriate.

**NOTE 2**: Unless otherwise indicated, all amounts are listed as of April 2, 2001 (the "Commencement Date"), the date that each Debtor commenced its chapter 11 case (collectively, the "Chapter 11 Cases").

**NOTE 3**: It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise indicated, net book values, rather than current market values, of the Debtor's interests in property are reflected on the Debtor's Schedules.

**NOTE 4**: The Debtors in the Chapter 11 Cases have made every effort to allocate assets among Debtor subsidiaries and affiliates based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of assets among Debtor subsidiaries and affiliates may change.

**NOTE 5**: The Debtors in the Chapter 11 Cases have made every effort to allocate liabilities between the prepetition and postpetition periods, as well as among Debtor subsidiaries and affiliates, based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods between Debtor subsidiaries and affiliates may change.

## SOFA-4a – Suits

In re: W.R. Grace & Co. Debtor.                     Case No. 01-01139

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OF DISPOSITION |
|---|---|---|---|
| W. R. Grace & CO. and ECARG, Inc. v. WEJA, Inc. d/b/a Clean Machine Car Wash, Sun Company, Inc. (R&M), Shell Oil Products Company, Wallace Teich, G.B. 440, Inc., Daniel V. Richards, Mo-Park Industries, Inc., Jerry Feldman, and John Does 1-10 v. Shell Oil and Continental Insurance Company, and Insurance Company of North America Case No. L7908-95 | Environmental claim | Superior Court of New Jersey, Law Division, Hudson County | Waiting for judicial decision |
| John Morgan, Elizabeth Morgan and Angela MacConckey v. W. R. Grace, Inc., John Dinapoli d/b/a Menotomy Trucking, Inc. and William Shannon Case No. 99-P-1965 | Environmental claim | Commonwealth of Massachusetts Appeals Court for the Commonwealth | On Appeal |
| United States of America v. AAI Corporation et al. {21 pages of defendants) Case No. 00-N-1909 | Environmental claim | U.S. District Court for the District of Colorado | Consent Decree approved |
| W.R. Grace & Co. v. U.S. EPA Case No. 00-3302 | Environment claim | U.S. Court of Appeals for the 3rd Circuit | Awaiting decision of 3rd Circuit |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. Grace & Co.– Conn.<br><br>　　　　　　　Debtor. | Case No. 01-01140 |

STATEMENT OF FINANCIAL AFFAIRS

**NOTE 1**: The Schedules and Statements have been prepared by the Debtor's Management and are unaudited. While management of the Debtor has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes in financial data contained in the Schedules and Statements and inadvertent errors or omissions may exist. To the extent the Debtor discovers additional information that may suggest a material difference, the Debtor will amend the Schedules and Statements to reflect such changes. Accordingly, the Debtor reserves all rights to amend its Schedules and Statements as may be necessary or appropriate.

**NOTE 2**: Unless otherwise indicated, all amounts are listed as of April 2, 2001 (the "Commencement Date"), the date that each Debtor commenced its chapter 11 case (collectively, the "Chapter 11 Cases").

**NOTE 3**: It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise indicated, net book values, rather than current market values, of the Debtor's interests in property are reflected on the Debtor's Schedules.

**NOTE 4**: The Debtors in the Chapter 11 Cases have made every effort to allocate assets among Debtor subsidiaries and affiliates based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of assets among Debtor subsidiaries and affiliates may change.

**NOTE 5**: The Debtors in the Chapter 11 Cases have made every effort to allocate liabilities between the prepetition and postpetition periods, as well as among Debtor subsidiaries and affiliates, based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods between Debtor subsidiaries and affiliates may change.

## SOFA 4a – Suits

In re: W.R. Grace & Co. – Conn. Debtor.                                    Case No. 01-01140

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OF DISPOSITION |
|---|---|---|---|
| Allen Russell and Beverly Russell d/b/a Russell Farms Partnership v. Schuster's Building Products, Inc., and W. R. Grace & Co.-Conn. Case No. 49D079907 CP 001041 | Product liability | Superior Court Marion County Indiana | Pending |
| W. R. Grace & Co.-Conn. v. Ogden Teck, Inc. Civ. Action No. 97-09782 | Breach of contract | Court of Common Pleas Chester County Pennsylvania | On appeal |
| ISG Resources d/b/a Midwest Fly Ash v. W. R. Grace & Co.-Conn. Case No. C00-4111-MWB | Breach of contract | Iowa District Court for Woodbury County | Pending |
| Don Pearson v. W. R. Grace & Co.-Conn.; Pacific Supply Co.; Does and Roe Corporations | Personal injury | District Court Clark County, Nevada | Dismissed |
| Tullino v. The Pyramid Companies, et al. [W. R. Grace & Co.-Conn.] Index No. 8381/99 | Personal injury | New York Supreme Court Orange County | Pending |
| Ricky M. Albury v. W. R. Grace & Co. and W. R. Grace & Co.-Conn. Case No. 00-8325-CIV | Personal injury/product liability | United States District Court, Southern District of Florida | Pending |