IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |

**SUMMARY OF INTERIM VERIFIED APPLICATION OF VENABLE LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE THIRTY-EIGHTH THROUGH FIFTIETH QUARTERS FROM JULY 1, 2010 THROUGH SEPTEMBER 30, 2013**

| | |
|---|---|
| Name of Applicant: | **Venable LLP ("Venable")** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retention Order[2] entered June 24, 2009, effective as of May 22, 2009** |
| Period for which compensation and reimbursement is sought: | **July 1, 2010 through September 30, 2013** |
| Amount of Compensation sought as actual, reasonable and necessary for the period: | **$209,779.50** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary for the period: | **$5,434.06** |
| Amount of Fees and Expenses set forth in this Application that have been Received: | **$172,749.05** |
| Total Fees and Expenses in Excess of Payments Received | **$42,464.01** |

---

[1] The Reorganized Debtors comprise the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

[2] Terms not defined herein shall have the meanings ascribed to them in the Interim Verified Application of Venable LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Thirty-Eighth through fiftieth Quarters from July 1, 2009 through September 30, 2013 (the "Fee Application").

8109513-v1

This is a ___ monthly  x  interim ___ final application.

Previous fee applications:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| November 5, 2009 | 11/1/2008-6/30/2009 | $709,294.00 | $6,405.06 | $706,595.00 | $6,405.06 |
| November 5, 2009 | 7/1/2009-7/31/2009 | $50,849.50 | $75,008.99 | Interim approval[3] | Interim approval |
| November 24, 2009 | 8/1/2009-8/31/2009 | $134,090.00 | $102,335.48 | Interim approval | Interim approval |
| November 24, 2009 | 9/1/2009-9/30/2009 | $306,602.00 | $118,095.92 | Interim approval | Interim approval |
| November 24, 2009 | July-September 2009 | $491,541.50 | $295,440.39 | $491,292.50 | $295,440.39 |
| February 26, 2010 | 10/1/2009-10/31/2009 | $479,238.00 | $266,326.39 | Interim approval[4] | Interim approval |
| April 16, 2010 | 11/1/2009-11/30/2009 | $398,519.00 | $163,488.22 | Interim approval | Interim approval |
| April 30, 2010 | 12/1/2009-12/31/2009 | $305,242.96 | $108,454.93 | Interim approval | Interim approval |
| May 3, 2010 | October-December 2009 | $1,182,999.96 | $538,269.54 | $1,179,018.46 | $538,269.54 |
| May 19, 2010 | 1/1/2010-1/31/2010 | $271,084.25 | $97,840.12 | Interim approval[5] | Interim approval |
| May 19, 2010 | 2/1/2010-2/28/2010 | $157,136.50 | $17,784.35 | Interim approval | Interim approval |
| May 19, 2010 | 3/1/2010-3/31/2010 | $7,968.00 | $640.70 | Interim approval | Interim approval |
| May 19, 2010 | January-March 2010 | $436,188.75 | $116,265.17 | $436,188.75 | $116,265.17 |
| August 18, 2011 | 4/1/2010-4/30/2010 | $2,500.00 | $162.02 | Interim approval | Interim approval[6] |
| August 18, 2011 | 5/1/2010-5/31/2010 | $9,000.00 | $3.50 | Interim approval | Interim approval |

---

[3] The fees and expenses requested in the July through September 2009 interim monthly applications were approved on an interim basis pursuant to the Order entered by this Court on March 19, 2010.
[4] The fees and expenses requested in the October through December 2009 interim monthly applications were approved on an interim basis pursuant to the Order entered by this Court on June 7, 2010.
[5] The fees and expenses requested in the January through March 2010 interim monthly applications were approved on an interim basis pursuant to the Order entered by this Court on September 13, 2010.
[6] The fees and expenses requested in the April and May 2011 interim monthly application were approved on an interim basis pursuant to the order entered by this Court on September 20, 2011.

| August 18, 2011 | April-June 2010 | $11,500.00 | $165.52 | $11,500.00 | $165.52 |

The professionals of Venable who rendered services in these cases during the period Fee Period are:

| Name of Professional Person | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Harry I. Atlas | Partner | 1997 | Business | $475.00 | 0.3 | $142.50 |
| | | | | $510.00 | 0.2 | $102.00 |
| Jeffrey P. Ayres | Partner | 1977 | Litigation | $525.00 | 0.7 | $367.50 |
| | | | | $600.00 | 2.7 | $1,620.00 |
| Jennifer S. Berman | Associate | 2006 | Business | $395.00 | 0.2 | $79.00 |
| Laura S. Bouyea | Associate | 2003 | Business | $285.00 | 0.2 | $57.00 |
| | | | | $495.00 | 5.3 | $2,623.50 |
| | | | | $515.00 | 1 | $515.00 |
| Jessica H. Braun | Associate | 2008 | Business | $265.00 | 6.5 | $1,722.50 |
| Darek S. Bushnaq | Partner | 1997 | Business | $550.00 | 3 | $1,650.00 |
| Walter R. Calvert | Partner | 1983 | Business | $695.00 | 1.3 | $903.50 |
| Christopher S. Davidson | Associate | 2008 | Business | $310.00 | 0.2 | $62.00 |
| | | | | $375.00 | 7.9 | $2,962.50 |
| John M. Farenish | Partner | 1978 | Government | $600.00 | 2.7 | $1,620.00 |
| Molly E. G. Ferraioli | Associate | 2010 | Business | $295.00 | 0.7 | $206.50 |
| Carmen M. Fonda | Partner | 2003 | Business | $450.00 | 0.4 | $180.00 |
| Thomas W. France | Partner | 1995 | Business | $560.00 | 9.1 | $5,096.00 |
| | | | | $590.00 | 10.2 | $6,018.00 |
| W. Warren Hamel | Partner | 1986 | Litigation | $745.00 | 0.5 | $372.50 |
| Brian M. Hudson | Counsel | 1999 | Litigation | $445.00 | 33.8 | $15,041.00 |
| Elizabeth R. Hughes | Partner | 1981 | Business | $580.00 | 134.7 | $78,126.00 |
| | | | | $670.00 | 4.5 | $3,015.00 |
| Thora A. Johnson | Partner | 1996 | Business | $525.00 | 5.1 | $2,677.50 |
| | | | | $555.00 | 2.2 | $1,221.00 |
| Monica E. Klein | Associate | 2004 | Business | $320.00 | 12.2 | $3,904.00 |
| George Kostolampros | Associate | 2001 | Litigation | $605.00 | 0.1 | $60.50 |
| Jessica E. Kuester | Associate | 2009 | Business | $320.00 | 0.6 | $192.00 |
| Thomas M. Lingan | Partner | 1986 | Government | $570.00 | 0.3 | $171.00 |
| Colleen M. Mallon | Partner | 1999 | Litigation | $415.00 | 0.2 | $83.00 |

3

| Name | Title | Year | Department | Rate | Hours | Fees |
|---|---|---|---|---|---|---|
| Heather L. Mitchell | Associate | 2002 | Litigation | $200.00 | 0.3 | $60.00 |
| | | | | $435.00 | 1.1 | $478.50 |
| | | | | $495.00 | 7.1 | $3,514.50 |
| | | | | $515.00 | 0.3 | $154.50 |
| Parker B. Morrill | Associate | 2009 | Business | $375.00 | 1.2 | $450.00 |
| Andrea I. O'Brien | Partner | 1985 | Business | $560.00 | 1.2 | $672.00 |
| Brian J. O'Connor | Partner | 1991 | Business | $720.00 | 0.4 | $288.00 |
| | | | | $745.00 | 6.4 | $4,768.00 |
| | | | | $770.00 | 4.1 | $3,157.00 |
| Peter P. Parvis | Partner | 1977 | Business | $685.00 | 0.3 | $205.50 |
| Uyen H. Pham | Associate | 2009 | Business | $375.00 | 39.8 | $14,925.00 |
| Thomas A. Strong | Counsel | 1995 | Litigation | $510.00 | 48 | $24,480.00 |
| | | | | $550.00 | 0.3 | $165.00 |
| | | | | $565.00 | 0.8 | $452.00 |
| Ronald W. Taylor | Partner | 1981 | Litigation | $585.00 | 0.5 | $292.50 |
| | | | | $615.00 | 0.2 | $123.00 |
| Eric R. Smith | Partner | 1997 | Business | $390.00 | 6.4 | $2,496.00 |
| | | | | $525.00 | 2.6 | $1,365.00 |
| David R. Warner | Partner | 1996 | Business | $610.00 | 3.5 | $2,135.00 |
| Thomas D. Washburn | Partner | 1981 | Business | $650.00 | 1.5 | $975.00 |
| | | | | $685.00 | 10 | $6,850.00 |
| John A. Wilhelm | Partner | 1987 | Business | $545.00 | 11 | $5,995.00 |
| | | | | $565.00 | 14.8 | $8,362.00 |
| | | | | $585.00 | 21.4 | $12,519.00 |
| | | | | $595.00 | 1.7 | $1,011.50 |
| Alan D. Yarbro | Partner | 1966 | Business | $670.00 | 0.2 | $134.00 |
| | | | | $700.00 | 0.4 | $280.00 |
| Robert W. Zinkham | Partner | 1980 | Business | $675.00 | 10.2 | $6,885.00 |
| **Total** | | | | | 442.5 | **$233,984.00** |
| **Write Offs** | | | | | | **($24,204.50)** |
| **Grand Total** | | | | | | **$209,779.50** |

**Grand Total for Fees (before write-off)**     **$233,984.00**
**Grand Total for Fees (after write-off)**     **$209,779.50**
**Blended Rate (after write-off)**     **$474.08**

## Compensation by Matter

| Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|
| Advice Concerning Labor and Employment Matters | 180.7 | $96,513.00 |
| Advice Concerning Corporate and Securities Matters (including Confidential Matters) | 249.8 | $131,162.50 |
| Advice Concerning Fee Application Matters | 9.5 | $4,845.50 |
| Advice Concerning Government Contracting Matters | 2.3 | $1,380.00 |
| Advice in Connection with the Global Printing Litigation | 0.2 | $83.00 |
| **Total** | **442.5** | **$233,984.00** |
| **Write Offs** | | **($24,204.50)** |
| **Grand Total** | | **$209,779.50** |

## Expense Summary

| Service Description | Amount |
|---|---|
| Commercial Messenger | $22.50 |
| Filing Fees | $435.91 |
| Filing Fees – Statutory Representation in DE | $168.78 |
| Legal Research/Lexis | $747.00 |
| Legal Research/Westlaw | $1,068.93 |
| Long Distance Telephone | $31.57 |
| Lunch/Dinner Conference | $688.60 |
| Overtime Wages | $1,275.00 |
| Postage | $2.48 |
| Reproduction Costs | $66.60 |
| Telecopy | $10.00 |
| Transcription | $792.75 |
| Travel Expenses | $123.94 |
| **Grand Total** | **$5,434.06** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | |

**INTERIM VERIFIED APPLICATION OF VENABLE LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE THIRTY-EIGHTH THROUGH FIFTIETH QUARTERS FROM JULY 1, 2010 THROUGH SEPTEMBER 30, 2013**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order"), Rule 2016-2 for the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the law firm of Venable LLP ("Venable"), special counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of

---

[1] The Reorganized Debtors comprise the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

7681940-v1

$209,779.50 for the reasonable and necessary legal services Venable has rendered to the Debtors, and (ii) reimbursement for the actual and necessary expenses that Venable has incurred in the amount of $5,434.06 (the "Fee Application"), for the thirty-eighth through fiftieth quarters from July 10, 2010 through September 30, 2013 (the "Fee Period"). In support of this Fee Application, Venable respectfully states as follows:

## BACKGROUND

### Retention of Venable LLP

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

2. Venable was originally retained by the Debtors as an "Ordinary Course Professional" (an "OCP") in these Chapter 11 Cases to provide representation in connection with matters involving employment, employee benefits, workers' compensation and corporate/securities law issues.

3. Pursuant to the Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business [Docket No. 197] as subsequently amended (the "OCP Order"), the Debtors were authorized to pay up to $50,000 per month (the "Monthly Cap") and up to a total $1,200,000 per professional (the "Total Expenditure Cap") during the pendency of these Chapter 11 Cases.[2]

---

[2] The Total Expenditure Cap was increased from $300,000 to $600,000 by the Court's December 10, 2002 Order [Docket No. 3126], increased to $800,000 by the Court's July 24, 2006 Order [Docket No. 12855], and increased to $1,200,000 by the Court's September 24, 2007 Order [Docket No. 16913].

7681940-v1 2

4. Pursuant to the OCP Order, Venable filed its Affidavit under 11 U.S.C. § 327(e) in these Chapter 11 Cases on May 25, 2001 [Docket No. 321].[3]

5. Because Venable's fees in relation to advising and representing the Debtors in a lawsuit filed by Global Printing & Design Solutions, Inc., Case No. 13-C-08-074673 CN, Circuit Court for Howard County, Maryland (the "Global Printing Litigation"), as well as fees for other services it provides to the Debtors, began exceeding the Monthly Cap, on May 22, 2009 the Debtors filed the Application for Entry of an Order Authorizing the Retention of Venable LLP as Special Litigation Counsel to the Debtors (the "Retention Application") [Docket No. 21850].

6. On June 24, 2009, this Court entered an Order Authorizing the Retention and Employment of Venable LLP as Special Litigation Counsel to the Debtors [Docket No. 21850] (the "Retention Order"), granting the Retention Application.

**Time Period Covered by the Fee Application**

7. The Retention Order entitles and instructs Venable to seek application for its outstanding fees and expenses in excess of OCP Caps. See Retention Order at ¶ 4. By this Fee Application, Venable seeks compensation for fees and expenses for the months from June 2010 through September 2013. During this period, Venable did not file monthly fee statements. Therefore, Venable has attached hereto monthly fee statements (the "Monthly Statements") for the months from June 2010 through September 2013[4] which contain detailed time entries describing the work performed during the month.[5] See Exhibits 1 through 36, respectively.

---

[3] Venable LLP was formerly known as Venable, Baetjer and Howard LLP at the time it filed its Affidavit under 11 U.S.C. 327(e).
[4] If no fees or expenses were incurred for a particular month during the Fee Period, there is no Monthly Statement for that month.
[5] Certain time entries have been redacted because they involved confidential securities matters or labor and employment matters with respect to individual employees.

7681940-v1                                3

8. The Retention Order authorizes the Debtors to compensate Venable at Venable's hourly rates charged for services of this type and to reimburse Venable for actual and necessary out-of-pocket expenses, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable Local Rules and orders of this Court.

**Previous Quarterly Fee Applications**

9. Venable has previously filed the following Quarterly Fee Applications:

a. Interim Verified Application of Venable for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-First, Thirty-Second, and Thirty-Third Quarters from November 1, 2008 through June 30, 2009 ("Application for the Thirty-First, Thirty-Second and Thirty-Third Quarters");

b. Interim Verified Application of Venable for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-Fourth Quarter from July 1, 2009 through September 30, 2009 ("Application for the Thirty-Fourth Quarter");

c. Interim Verified Application of Venable for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-Fifth Quarter from October 1, 2009 through December 31, 2009 ("Application for the Thirty-Fifth Quarter");

d. Interim Verified Application of Venable for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-Sixth Quarter from January 1, 2010 through March 31, 2010 ("Application for the Thirty-Sixth Quarter"); and

e. Interim Verified Application of Venable for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-Seventh Quarter from April 1, 2010 through June 30, 2010 ("Application for the Thirty-Seventh Quarter" and collectively, with the Application for the Thirty-First, Thirty-Second and Thirty-Third Quarters, the Application for the Thirty-Fourth Quarter , the Application for the Thirty-Fifth Quarter; and the Application for the Thirty-Sixth Quarter, the "Quarterly Applications").

10. There have been no objections filed with respect to the Quarterly Applications. An Order was entered on December 11, 2009 granting interim compensation and reimbursement of expenses requested in the Application for the Thirty-First, Thirty-Second and Thirty-Third Quarters. An Order was entered on March 19, 2010 granting interim compensation and reimbursement of expenses requested in the Application for the Thirty-Fourth Quarter. An Order was entered on June 7, 2010 granting interim compensation and reimbursement of expenses requested in the Application for the Thirty-Fifth Quarter. An Order was entered on September 13, 2010 granting interim compensation and reimbursement of expenses requested in the Application for the Thirty-Sixth Quarter. An Order was entered on September 20, 2011, granting interim compensation and reimbursement of expenses requested in the Application for the Thirty-Seventh Quarter.

**REQUESTED RELIEF**

11. By this Fee Application which is submitted in accordance with the Amended Interim Compensation Order, Venable requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Venable for the Fee Period as detailed in this Fee Application and the Monthly Statements, which amounts total $215,213.06, less amounts previously paid to Venable for work done during the Fee Period, which amounts total $172,749.05 (the "Payments"). Therefore, as of the date hereof, the amounts owed to Venable for the Fee Period total $42,464.01:

| Date of Application | Fees | Expenses | Total |
| --- | --- | --- | --- |
| July 2010 | $5,870.50 | $23.16 | $5,893.66 |
| August 2010 | $23,069.50 | $6.25 | $23,075.75 |
| September 2010 | $50,304.00 | $2,585.69 | $52,889.69 |
| October 2010 | $2,815.00 | $0.00 | $2,815.00 |

| | | | |
|---|---|---|---|
| November 2010 | $7,484.00 | $1,692.58 | $9,176.58 |
| December 2010 | $40.00 | $0.00 | $40.00 |
| January 2011 | $1,484.50 | $12.40 | $1,496.90 |
| February 2011 | $5,147.00 | $0.00 | $5,147.00 |
| April 2011 | $112.00 | $0.00 | $112.00 |
| May 2011 | $2,004.00 | $4.95 | $2,008.95 |
| June 2011 | $1,192.00 | $0.00 | $1,192.00 |
| July 2011 | $6,241.00 | $0.00 | $6,241.00 |
| August 2011 | $2,494.00 | $0.00 | $2,494.00 |
| September 2011 | $9,544.00 | $0.00 | $9,544.00 |
| October 2011 | $10,469.00 | $61.88 | $10,530.88 |
| November 2011 | $15,352.33 | $792.75 | $16,145.08 |
| December 2011 | $3,034.17 | $0.00 | $3,034.17 |
| January 2012 | $4,261.50 | $0.00 | $4,261.50 |
| February 2012 | $7,587.50 | $0.00 | $7,587.50 |
| March 2012 | $2,020.50 | $0.00 | $2,020.50 |
| April 2012 | $3,387.50 | $0.00 | $3,387.50 |
| May 2012 | $5,614.50 | $0.00 | $5,614.00 |
| June 2012 | $240.00 | $0.00 | $240.00 |
| July 2012 | $1,380.00 | $0.00 | $1,380.00 |
| August 2012 | $1,899.00 | $254.40 | $2,153.40 |
| November 2012 | $2,059.50 | $0.00 | $2,059.50 |
| December 2012 | $3,260.50 | $0.00 | $3,260.50 |
| January 2013 | $1,382.00 | $0.00 | $1,382.00 |
| February 2013 | $18,322.50 | $0.00 | $18,322.50 |
| March 2013 | $450.00 | $0.00 | $450.00 |
| April 2013 | $4,038.50 | $0.00 | $4,038.50 |
| May 2013 | $1,501.50 | $0.00 | $1,501.50 |
| June 2013 | $1,063.50 | $0.00 | $1,063.50 |
| July 2013 | $411.50 | $0.00 | $411.50 |
| August 2013 | $3,076.50 | $0.00 | $3,076.50 |
| September 2013 | $1,166.00 | $0.00 | $1,166.00 |
| **Total** | **$209,779.50** | **$5,434.06** | **$215,213.06** |
| | | Less payment | ($172,749.05) |
| | | **Total Due** | **$42,464.01** |

12. During the Fee Period, Venable primarily provided advice in connection with labor and employment and securities matters. The full scope of services provided and the related expenses incurred are described in the Monthly Statements, which are attached hereto as Exhibits 1 through 36.

7681940-v1                                        6

13. In the exercise of billing judgment and prior to submitting its invoices to the Debtors, Venable reduced its compensation billed for services rendered in this case for the period July 1, 2010 through September 30, 2013 by a total of $24,204.50. These reductions are already reflected in the amounts requested herein.

## DISINTERESTEDNESS

14. As disclosed in the following affidavits:

a. Affidavit of Jeffrey P. Ayres under 11 U.S.C. § 327(e), filed May 25, 2001 [Docket No. 321] (the "Ayres Affidavit");

b. Affidavit of G. Stewart Webb, Jr. in Support of Application of the Debtors for the Entry of an Order Authorizing the Retention of Venable LLP as Special Litigation Counsel to the Debtors, filed May 22, 2009 [Docket No. 21850, Exhibit B] (the "Webb Affidavit"); and

c. Supplemental Affidavit of G. Stewart Webb, Jr., Pursuant to 11 U.S.C. §327(e) in Connection with the Employment of Venable LLP [Docket No. 26671] (collectively with the Ayres Affidavit and the Webb Affidavit, the "Affidavits"),

Venable does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in § 101(14) of the Bankruptcy Code as modified by § 1107(b) of the Bankruptcy Code.

16. Venable may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. Venable disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.

## REPRESENTATIONS

17. Venable believes that the Fee Application complies with the requirements of Local Rule 2016-2, the Amended Interim Compensation Order and the Retention Order.

7681940-v1                                    7

18. Venable performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

19. During the Fee Period, Venable has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than as specifically set forth therein.

20. Pursuant to Bankruptcy Rule 2016(b), Venable has not shared, nor has it agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Venable, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Venable respectfully requests that the Court enter an order providing that (a) for the Fee Period, July 1, 2010, through September 30, 2013, an administrative allowance be made to Venable in the sum of (i) $209,779.50 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $5,434.06 for reimbursement of actual and necessary costs and expenses incurred, for a total of $215,213.06; (b) the Debtors be authorized and directed to pay to Venable this sum less any sums previously

paid to Venable for work done during the Fee Period including the Payments; and (c) this Court grant such further relief as is equitable and just.

| | |
|---|---|
| Wilmington, Delaware<br>Dated:  May 1, 2014 | Respectfully submitted,<br><br>VENABLE LLP<br><br>*/s/ Darek S. Bushnaq*<br>Darek S. Bushnaq<br>750 E. Pratt Street, Suite 900<br>Baltimore, Maryland 21202<br>(410) 244-7400<br><br>Special Counsel for the Debtors and Debtors in Possession |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | |

## VERIFICATION

| | | |
|---|---|---|
| STATE OF MARYLAND | ) | |
| | ) ss. | |
| CITY OF BALTIMORE | ) | |

Darek S. Bushnaq, after being duly sworn according to law, deposes and says:

1. I am a partner with the applicant law firm Venable LLP ("Venable").

2. I have personally performed some of the legal services rendered by Venable as counsel to the above-captioned debtors and debtors in possession (the "Debtors"), and I am familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of Venable.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[1] The Reorganized Debtors comprise the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

7681940-v1

3.       I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

*/s/ Darek S. Bushnaq*
Darek S. Bushnaq

SWORN AND SUBSCRIBED
Before me this 1st day of May, 2014

*/s/ Deborah L. Llewellyn*
Notary Public
My Commission Expires:  3-23-16

7681940-v1                                        11