**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al.[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | **Hearing Date: October 14, 2014, at 11:00 am ET** |
| | ) | **Objection Deadline:  July 1, 2014** |

**SUMMARY OF FINAL VERIFIED APPLICATION OF THE LAW OFFICES OF
JANET S. BAER, P.C., FOR COMPENSATION FOR SERVICES AND
REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO W. R. GRACE
& CO., ET AL., FOR THE INTERIM PERIOD FROM FEBRUARY 4, 2009, THROUGH
DECEMBER 31, 2010**

| | |
|---|---|
| Name of Applicant: | The Law Offices of Janet S. Baer, P.C. ("JSBPC") |
| Authorized to Provide Professional Services to: | W. R. Grace & Co., et al., Debtors and Debtors-in-Possession |
| Date of Retention: | Retention Order entered March 24, 2009, effective as of February 11, 2009 |
| Period for which compensation and reimbursement is sought: | February 4, 2009, through December 31, 2010[2] (the "JSBPC Fee Period") |
| Amount of Compensation sought as actual, reasonable and necessary: | $3,086,223.00 |

---

[1]  The Reorganized Debtors comprise the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

[2]  JSBPC ceased operations as of December 31, 2010.  Baer Higgins Fruchtman ("BHF"), which was retained as of January 1, 2011, was the successor firm.  BHF changed its name on April 1, 2012, to the Law Offices of Roger Higgins, LLC ("RJH").  BHF/RJH's final fee application was filed contemporaneously herewith, and as to the description of services provided, is incorporated herein by reference.

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:           $71,297.25

This is a final fee application.  Summary of Quarterly Fee Applications:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| May 8, 2009 | Jan.- March, 2009 | $189,125.00 | $3,866.00 | $189,125.00 | $3,866.87 |
| August 14, 2009 | April-June, 2009 | $383,812.50 | $18,946.28 | $383,187.50 | $18,946.28 |
| November 18, 2009 | July-Sept., 2009 | $474,822.50 | $14,490.29 | $474,822.50 | $14,490.29 |
| February 4, 2010 | Oct.–Dec., 2009 | $459,382.50 | $8,924.81 | $459,170.00 | $8,924.81 |
| May 11, 2010 | Jan.-March, 2010 | $474,577.50 | $8,019.81 | $472,705.50 | $8,924.81 |
| July 30, 2010 | April-June, 2010 | $365,742.50 | $4,818.00 | $365,742.50 | $4,818.00 |
| December 15, 2010 | July-Sept., 2010 | $368,962.50 | $3,371.55 | $368,962.50 | $3,371.55 |
| February 18, 2011 | Oct.-Dec. 2010 | $372,507.50 | $7,954.64 | $372,507.50 | $7,954.64 |
| | Total: | $3,088,932.50 | $70,391.38 | $3,086,223.00 | $71,297.25 |

Janet S. Baer, P.C., and Roger J. Higgins rendered professional services in these cases during the JSBPC Fee Period:

| Name of Professional Person | Position with the Applicant and Year Admitted | | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Janet S. Baer | Member | 1982 | Restructuring | 625.00 | 3,202.50 | $2,001,562.50 |
| Roger J. Higgins | Of Counsel | 1997 | Restructuring | 475.00 | 2,289.20 | $1,087,370.00 |
| Total Hours Billed and Compensation Requested by Attorney | | | | | 5,491.70 | $3,088,932.50 |

There were no paraprofessionals of JSBPC who rendered professional services in these cases during the JSBPC Fee Period who charged fees to the Debtors.   The total amounts requested below are the net amounts approved by interim order for the JSBPC Fee Period.

Grand Total for Fees:        $3,086,223.00

Grand Total for Expenses:        $71,297.25

2

## COMPENSATION BY MATTER

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 2 | Asset Disposition | 7.10 | $3,372.50 |
| 3 | Business Operations | 244.30 | $132,932.50 |
| 4 | Case Administration | 195.50 | $115,497.50 |
| 5 | Claim Analysis Objection & Resolution (Asbestos) | 27.20 | $16,250.00 |
| 6 | Claim Analysis Objection & Resolution (Non-asbestos) | 1,461.40 | $724,720.00 |
| 7 | Committee, Creditors', Noteholders', or Equity Holders' | 0.40 | $ 190.00 |
| 8 | Employee Benefits/Pension | 71.40 | $37,605.00 |
| 10 | Employment Applications, Others | 53.40 | $29,310.00 |
| 11 | Fee Applications, Applicant | 181.70 | $98,112.50 |
| 12 | Fee Applications, Others | 68.60 | $41,900.00 |
| 13 | Financing | 162.10 | $81,077.50 |
| 14 | Hearings | 289.50 | $177,787.50 |
| 15 | Litigation and Litigation Consulting | 1,661.00 | $981,680.00 |
| 16 | Plan and Disclosure Statement | 858.90 | $528,742.50 |
| 17 | Relief from Stay Proceedings | 50.80 | $26,575.00 |
| 18 | Tax Issues | 32.10 | $15,832.50 |
| 19 | Tax Litigation | 0.60 | $ 375.00 |
| 20 | Travel - Non-working | 125.70 | $76,972.50 |
|  | Total Hours Billed and Compensation Requested | 5,491.70 | $3,088,932.50 |

## EXPENSE SUMMARY

| Service Description | Amount |
|---|---|
| Airfare, local transportation and other travel expenses | $21,811.81 |
| Printing/Copying/Graphics Charges | $ 839.71 |
| Long Distance/Conference Telephone Charges | $22,443.78 |
| Computerized Legal Research | $4,944.11 |

| Service Description | Amount |
|---|---|
| Postage, Messenger & Delivery Service, and Miscellaneous | $1,723.54 |
| Local Transportation | $ 432.39 |
| Travel – Rental Car | $ 409.23 |
| Transportation – to/from airport | $4,489.29 |
| Lodging[3] | $11,723.51 |
| Meals | $1,207.79 |
| Other Travel Expenses | $ 73.97 |
| Court Fees[4] | $ 292.62 |
| Total Expenses | $70,391.75[5] |

---

[3]     Also referred to as "Hotels."

[4]     Also referred to as "Pacer Court Charges."

[5]     There is a $0.37 differential between the arithmetic total for the expenses requested in the 2/4/09 – 3/31/09 interim period, $3,866.37, and the amount listed on the quarterly fee application, $3,866. In any event. The fee auditor recommended that expenses be reimbursed in the amount of $3,866.87.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. Grace & Co., et al.[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) **Hearing Date: October 14, 2014, at 11:00 am ET** |
| | ) **Objection Deadline:  July 1, 2014** |

**FINAL VERIFIED APPLICATION OF THE LAW OFFICES OF JANET S. BAER, P.C., FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM FEBRUARY 4, 2009, THROUGH DECEMBER 31, 2010**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the *Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members* (the "Interim Compensation Order"), the *Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* (the "Amended Interim Compensation Order") and Del.Bankr.LR 2016-2, The Law Offices of Roger Higgins, LLC ("RJH"), on behalf of The Law Offices of Janet S. Baer, P.C. ("JSBPC"), bankruptcy co-counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") during the period of February 4, 2009, through December 31, 2010, hereby applies for a final order (the

---

[1]  The Reorganized Debtors comprise the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

"Final Fee Application") allowing JSBPC for the period from February 4, 2009, through December 31, 2010 (the "JSBPC Fee Period"): (i) compensation in the amount of $3,086,223.00 for the reasonable and necessary legal services RJH has JSBPC rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that JSBPC has incurred in the amount of $71,297.25.

In support of this Final Fee Application, RJH respectfully states as follows on behalf of JSBPC:

### BACKGROUND

1.    On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. From the Petition Date through emergence on February 3, 2014, from chapter 11, the Debtors operated their businesses and managed their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    By this Court's order dated March 24, 2009, the Debtors were authorized to retain JSBPC as their co-counsel, effective as of the February 4, 2009, with regard to the prosecution of the Chapter 11 Cases and all related matters (the "Retention Order"). The Retention Order authorized the Debtors to compensate JSBPC at JSBPC's hourly rates charged for services of this type and to reimburse JSBPC for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

3.    On December 31, 2010, JSBPC ceased operations. Its attorneys, Janet S. Baer and Roger J. Higgins, became members of the law firm of Baer Higgins Fruchtman, LLC ("BHF"), which was retained by order dated February 4, 2011, commencing effective as of

January 1, 2011. BHF's current name, as of April 2, 2012, is the Law Offices of Roger Higgins, LLC. BHF/RJH filed a separate final fee application for the period of January 1, 2011, through the effective date of February 3, 2014.

4.      The principal JSBPC and BHF/RJH attorneys, Janet S. Baer and Roger J. Higgins, are former partners at Kirkland & Ellis ("K&E"). While at K&E, Ms. Baer represented Grace in the Chapter 11 Cases from the Petition Date through February 2009, and Mr. Higgins represented Grace during its filing preparations in early 2001, as well as during 2001–02.

### SERVICES PERFORMED DURING THE JSBPC FEE PERIOD (AND DURING THE BHF/RJH FEE PERIOD)

5.      As is also set forth in the BHF/RJH final fee application, Ms. Baer and Mr. Higgins performed a wide array of services during the JSBPC Fee Period (and during the BHF/RJH Fee Period). During the period of early 2009 through 2010, Ms. Baer was heavily involved in the preparations leading to the confirmation trial during late 2009 and early 2010. She was instrumental in supporting the K&E trial team in achieving the confirmation trial's highly successful outcome.

6.      During the period of 2009 through emergence, JSBPC and BHF/RJH performed a wide range of other services for the Debtors, including:

- Taking the lead in documenting and obtaining Court approval of numerous business transactions involving both acquisitions and dispositions of property;

- Assisting the Debtors as lead counsel in documenting and obtaining court approval for a complex elimination of approximately 45 subsidiaries;

- Assisting K&E in certain business transactions where K&E took the lead in providing legal services to Grace;

- Assisted K&E in resolving issues regarding the Asbestos PD Trust;

- Representing the Debtors in structuring the Canadian and U.S. ZAI settlements;

- Resolving numerous issues involving the Canadian Asbestos PD claims and certain Canadian Asbestos PI claims;

- Resolving thousands of non-asbestos claims, including:

  - Nearly 7,000 employee claims;

  - State and federal tax claims;

  - Environmental claims and "Additional Site" consent agreements under the provisions of the *Order Authorizing EPA Multi-Site Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters* (Docket no. 18847);

  - Prepetition contractual disputes; and

  - Real estate lease and similar matters;

- Assisting the Debtors in coordination with the Asbestos PI and PD Committees with respect to a wide variety of matters;

- Resolving several relief from automatic stay matters that arose in 2010 and 2011;

- Documenting and obtaining court approval for numerous contributions to defined benefit plans;

- Assisting other retained professionals with issues relating to their retention and their interim fee applications;

- Resolving numerous issues for Grace with respect to their ordinary course professionals;

- Assisting the Debtors in the replacement of their DIP facility with a letter-of-credit facility;

- Working closely with K&E on certain aspects of Grace's exit facility;

- Assisting K&E and the Debtors in certain aspects of defending against various appeals of the plan confirmation order to the District Court and Court of Appeals for the Third Circuit; and

- Working closely with K&E and other professionals in late 2013 and early 2014 in preparation for Grace's February 3, 2014, emergence from bankruptcy.

7.     JSBPC and BHF/RJH took great care at all times to avoid any duplication of services between themselves and K&E, as well as with any other retained professionals in the Chapter 11 Cases.

4

INTERIM FEES & EXPENSES THROUGH FEBRUARY 3, 2014

*Interim Orders Approving Fees and Expenses Through the Third Quarter, 2014*

8.    Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order (the "Notice Parties") may object to any such request.   If no Notice Party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

9.    Furthermore, and also pursuant to the Amended Interim Compensation Order, within 45 days of the end of each quarter, professionals are to file and serve upon the Notice Parties a quarterly request (each such request, a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application.   If the Court grants the relief requested by the Quarterly fee application, the debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the monthly fee applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications.   Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

10.    JSBPC filed eight Quarterly Fee Applications, and it also filed the corresponding Monthly Fee Applications for each of those quarters.  The Court approved each of the eight Quarterly Fee Applications at the following hearings:

| Quarterly Fee Application | Order Dated | Docket No. |
|---|---|---|
| First (January 1, 2009 – March 31, 2009) | September 28, 2009 | 23352 |
| Second (April 1, 2009 – June 30, 2009) | December 11, 2009 | 23996 |
| Third (July 1, 2009 – September 30, 2009) | March 19, 2010 | 24470 |
| Fourth (October 1, 2009 – December 31, 2009) | June 7, 2010 | 24917 |
| Fifth (January 1, 2010 – March 31, 2010 ) | September 13, 2010 | 25397 |
| Sixth (April 1, 2010 – June 30, 2010) | December 10, 2010 | 25905 |
| Seventh (July 1, 2010 – September 30, 2010 ) | March 25, 2011 | 26627 |
| Eighth (October 1, 2010 – December 31, 2010 ) | June 30, 2011 | 27188 |

***Requested Relief***

11.    By this Final Fee Application, RJH requests on behalf of JSBPC that the Court enter an order for final approval of all fees and expenses of JSBPC during the JSBPC Fee Period.

***Disinterestedness***

12.    As disclosed in the *Affidavit of Janet S. Baer in Support of the Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of The Law Offices of Janet S. Baer, P.C. as Co-Counsel to the Debtors* (the "Affidavit"), filed on February 12, 2009, JSBPC did not hold or represent any interest adverse to the estates, and was, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

13.    JSBPC may have in the past represented or may likely in the future represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases.

JSBPC disclosed in the Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.

**REPRESENTATIONS**

14.     On behalf of JSBPC, RJH believes that the Final Fee Application complies with the requirements of Del.Bankr.LR 2016-2 and the Amended Interim Compensation Order.

15.     RJH performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

16.     During the JSBPC Fee Period, JSBPC has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Amended Interim Compensation Order.

17.     Pursuant to Fed. R. Bank. P. 2016(b), JSBPC has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of JSBPC, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

**[remainder of this page is intentionally left blank]**

WHEREFORE, RJH respectfully requests that the Court enter an order: (a) providing for final approval of all fees and expenses for the JSBPC Fee Period, February 4, 2009, through December 31, 2010, in the amount of $3,086,223.00for its fees and $71,297.25bin actual and necessary expenses; (c) authorizing and directing the Reorganized Debtors to pay to JSBPC the outstanding amount of such sums less any sums previously paid to JSBPC pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order; and (d) granting such further relief as is equitable and just.

Dated: May 2, 2014

Respectfully submitted on behalf of The Law Offices of Janet S. Baer, P.C.,

The Law Offices of Roger Higgins, LLC

Roger J. Higgins

The Law Offices of Roger Higgins, LLC
1 North Bishop Street
Suite 14
Chicago, IL 60601
(312) 666-0431

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al.[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | |

## VERIFICATION

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | ss. |
| COUNTY OF COOK | ) | |

Roger J. Higgins, after being duly sworn according to law, deposes and says:

I am a member of the applicant law firm, The Law Offices of Roger J. Higgins, LLC ("RJH"), and have been admitted to the Bar of the Supreme Court of Illinois since 1999.

I personally performed a significant number of the services rendered by The Law Offices of Janet S. Baer, P.C. ("JSBPC") as co-counsel to the Debtors during the period of February 4, 2009, through December 31, 2010. I am submitting the foregoing Final Fee Application on behalf of JSBPC. JSBPC ceased operations on December 31, 2010. Baer Higgins Fruchtman LLC, which on April 2, 2012, became the Law Offices of Roger Higgins, LLC, is the successor to JSBPC.

I have reviewed the foregoing Final Fee Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed

---

[1]    The Reorganized Debtors comprise the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

the Local Bankruptcy Rules for the District of Delaware and submit that the Application

substantially complies with such rules.

_____
Roger J. Higgins

SWORN AND SUBSCRIBED
before me this 2nd day of May 2014

_Charles Berdell_

My Commission Expires:

11-8-2016

Cook County
IL

"OFFICIAL SEAL"
Charles Berdell
Notary Public, State of Illinois
My Commission Expires 11/8/2016

2