IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (KJC) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Hearing Date: To be scheduled**

**FINAL APPLICATION
OF KAYE SCHOLER LLP
FOR COMPENSATION AND FOR REIMBURSEMENT OF
EXPENSES FOR JANUARY 1, 2010 THROUGH FEBRUARY 3, 2014**

| | |
|---|---|
| Name of Applicant: | Kaye Scholer LLP ("KS") |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | April 7, 2010 (effective as of January 1, 2010) |
| Period for which Compensation and Reimbursement is Sought: | January 1, 2010 through February 3, 2014 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $632,647.74[2] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $426.41 |

This is a:  _____ monthly  _____ quarterly  _____ interim  _X_ final application.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] This amount includes all reductions to fees.

The total time expended for preparation of this fee application is approximately 2.0 hours and the corresponding compensation requested is approximately $1,150.00.

**PRIOR APPLICATIONS FILED:**

Previous fee applications:

| Date Filed | Docket No. | Period Covered | CNO Filed |
|---|---|---|---|
| 08/03/10 | 25163 | 01/01/10 – 05/31/10 | 08/24/10 |
| 08/03/10 | 25164 | 06/01/10 – 06/30/13 | 08/24/10 |
| 09/02/10 | 25321 | 07/01/10 – 07/31/10 | 09/23/10 |
| 09/21/10 | 25443 | 08/01/10 – 08/31/10 | 10/14/10 |
| 10/20/10 | 25613 | 09/01/10 – 09/30/10 | 11/10/10 |
| 11/15/10 | 25754 | 10/01/10 – 10/31/10 | 12/08/10 |
| 11/30/10 | 25829 (Amended) | 10/01/10 – 10/31/10 | 12/8/10 |
| 12/14/10 | 25924 | 11/01/10 – 11/30/10 | 01/05/11 |
| 04/01/11 | 26708 | 12/01/10 – 12/31/10 | 04/22/11 |
| 04/01/11 | 26709 | 01/01/11 – 02/28/11 | 04/22/11 |
| 05/06/11 | 26890 | 03/01/11 – 03/31/11 | 05/27/11 |
| 05/18/13 | 26953 | 01/01/11 – 02/28/11 | 06/09/11 |
| 07/05/11 | 27219 | 04/01/11 – 04/30/11 | 07/28/11 |
| 07/28/11 | 27329 | 05/01/11 – 05/31/11 | 08/19/11 |

| Date Filed | Docket No. | Period Covered | CNO Filed |
|---|---|---|---|
| 07/28/11 | 27330 | 06/01/11 – 06/30/11 | 08/19/11 |
| 09/30/11 | 27706 | 07/01/11 – 07/31/11 | 10/24/11 |
| 10/04/11 | 27714 | 08/01/11 – 08/31/11 | 10/25/11 |
| 10/14/11 | 27761 | 09/01/11 – 09/30/11 | 12/09/11 |
| 11/10/11 | 27918 | 10/01/11 – 10/31/11 | 12/05/11 |
| 12/16/11 | 28164 | 11/01/11 – 11/30/11 | 01/09/12 |
| 02/16/12 | 28478 | 12/01/11 – 12/31/11 | 03/05/12 |
| 02/10/12 | 28500 | 01/01/12 - 01/31/12 | 03/13/12 |
| 02/17/12 | 28544 | 01/01/12 – 01/31/12 | 03/13/12 |
| 03/23/12 | 28713 | 02/01/12 – 02/28/12 | 04/23/12 |
| 05/03/12 | 28873 | 03/01/12 – 03/31/12 | 05/30/12 |
| 07/03/12 | 29182 | 04/01/12 – 04/30/12 | 07/26/12 |
| 07/03/12 | 29183 | 05/01/12 – 05/31/12 | 07/26/12 |
| 09/27/12 | 29699 | 06/01/12 – 06/30/12 | 10/23/12 |
| 09/27/12 | 29700 | 07/01/12 – 07/31/12 | 10/23/12 |
| 09/28/12 | 29708 | 08/01/12 – 08/31/12 | 10/23/12 |
| 10/31/12 | 29827 | 09/01/12 – 09/30/12 | 11/28/12 |
| 11/30/12 | 29981 | 10/01/12 – 10/31/12 | 12/26/12 |
| 12/20/12 | 30073 | 11/01/12 – 11/30/12 | 01/15/13 |
| 02/21/13 | 30306 | 12/01/12 – 01/31/13 | 03/22/13 |

| Date Filed | Docket No. | Period Covered | CNO Filed |
|------------|------------|----------------|-----------|
| 04/02/13 | 30463 | 02/01/13 – 02/28/13 | 04/25/13 |
| 05/02/13 | 30583 | 03/01/13 – 03/31/13 | 05/29/13 |
| 05/17/13 | 30646 | 04/01/13 – 04/30/13 | 06/11/13 |
| 06/28/13 | 30787 | 05/01/13 – 05/31/13 | 07/22/13 |
| 09/03/13 | 31058 | 07/01/13 – 07/31/13 | 09/27/13 |
| 09/04/13 | 31060 | 06/01/13 – 06/30/13 | 09/27/13 |
| 09/13/13 | 31132 | 08/01/13 – 08/31/13 | 10/08/13 |
| 11/21/13 | 31371 | 09/1/13 – 09/30/13 | 12/16/13 |
| 11/21/13 | 31372 | 10/01/13 – 10/31/13 | 12/16/13 |
| 12/23/13 | 31505 | 11/01/13 – 11/30/13 | 01/15/14 |
| 01/29/14 | 31667 | 12/01/13 – 12/31/13 | 02/20/14 |
| 03/05/14 | 31817 | 01/01/14 – 01/31/14 | 03/28/14 |

A summary of all invoices for all matters during the Fee Period identified by matter, date, fees, costs (disbursements), 80% payment and 20% holdback amounts is attached hereto as Exhibit A. Exhibit B identifies the docket numbers under Case No. 01-01139 pertaining to the Fee Applications available on the docket of the Bankruptcy Court for the District of Delaware.

### Kaye Scholer LLP's Professional

John P. Rynkiewicz rendered professional services in these matters during the Fee Period:

| Name of Professional Person | Position with the Applicant and Year Admitted | | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| John P. Rynkiewicz | Counsel | 1981 | Intellectual Property | $567.00 /587.00 Blended | 1096.45 | $632,647.74 |
| Total Fees Paid During Fee Period (80%) | | | | | | $506,118.19 |
| Total 20% Compensation Holdback Amount | | | | | | $126,529.55 |

## Compensation by Matter

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 0001 | General Intellectual Property Matters (Counseling, Clearance) | 290 | $167,314.72 |
| 0003 | I. GRACE Dispute | 129.40 | $74,669.35 |
| 0019 | Power Grace Dispute | 67.10 | $38,713.93 |
| 0021 | Bostik Trademark Matter | 4.10 | $2,364.39 |
| 0101 | Grace Bio | 0.66 | $379.89 |
| 0103 | Orthopedic Textiles | 4.30 | $2,427.18 |
| 0104 | Biflex | 13.20 | $7,614.81 |
| 0108 | Special Counsel | 247.00 | $142,758.78 |
| 0109 | iBasis | 6.00 | $3,472.00 |
| 0110 | Tibotec | 15.00 | $8,607.06 |
| 0111 | Trademark Watch Monitoring | 69.00 | $39,825.00 |
| 0112 | Potential Trademark Oppositions | 52.10 | $30,037.75 |
| 0113 | Grace of New York | 16.00 | $9,117.36 |
| 0114 | Bell Grace | 54.10 | $31,228.25 |
| 0115 | Dorazio Enterprises | 22.90 | $13,195.07 |
| 2000 | Massachusetts Division Trademarks - General Trademark Matters | 3.20 | $1,848.42 |
| 3001 | Davison Silica | 27.34 | $15,774.49 |

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 3002 | Davison FCC | 53.80 | $31,033.52 |
| 3003 | Davison Polyolefins | 21.25 | $12,265.77 |

## EXPENSE SUMMARY

| Service Description | Amount |
|---|---|
| Overnight Mail, Postage and Fees | $426.41 |
| Travel Meals | $ 0 |
| Hotels | $ 0 |
| Airfare, travel service fees | $0 |
| Transportation to/from Airport; Car Rental | $ 0 |
| Long Distance/Conference Telephone Charges | $0 |
| Computerized Legal Research/Pacer/Misc. | $ 0 |
| Total: | $426.00 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (KJC) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Hearing Date: To be scheduled**

**FINAL APPLICATION
OF KAYE SCHOLER LLP
FOR COMPENSATION AND FOR REIMBURSEMENT OF
EXPENSES FOR JANUARY 1, 2010 THROUGH FEBRUARY 3, 2014**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and the Court's 'Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

Professionals and Official Committee Members', signed April 17, 2002 (the "Amended

Administrative Order"), amending the Court's 'Administrative Order Pursuant to Sections 105(a)

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp.; Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc.; Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May 3, 2001, the law firm of Kaye Scholer LLP ("KS") hereby files this Final Application of Kaye Scholer LLP for Compensation and for Reimbursement of Expenses for January 1, 2010 through February 3, 2014 (the "Final Fee Application").

By this Final Fee Application KS seeks the final allowance of compensation in the amount of $632,647.74 and reimbursement of actual and necessary expenses in the amount of $426.41 for a total of $633,074.45, or one hundred percent (100%) of all compensation and expense reimbursement requested, for the period January 1, 2010 through February 3, 2014 (the "Fee Period"), and payment of any unpaid portion of such fees and costs. In support of this Final Fee Application, KS respectfully represents as follows:

### Background

1.    On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. Since the Petition Date, the U.S. Trustee has appointed the following creditors' committees: Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injury Claimants, and Official Committee of Asbestos Property Damage Claimants (collectively, the "Committees"). No trustee has been appointed in Debtors' Chapter 11 cases.

2

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On April 2, 2001, the Court entered its order that Debtors' Chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4.      By this Court's order dated April 7, 2010 effective as of January 1, 2010, Debtors were authorized to retain KS as their Special IP Counsel, effective as of the respective petition dates, with regard to intellectual property counseling and cases, and all related matters (the "Retention Order"). The Retention Order authorizes Debtors to compensate KS at KS's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.      On May 3, 2001, the Court entered an Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals. That order was amended by the Amended Administrative Order, signed on April 17, 2002. Pursuant to the procedures set forth in the Administrative Order and the Amended Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject to the filing and approval of interim and

3

final fee applications of the professional. The professional is also to file a quarterly fee application.

## Monthly Fee Applications Covered Herein

6.    Prior to the filing of this Final Fee Application, monthly fee applications for the time period January 1, 2010 through February 3, 2014 had been filed with the Court.

7.    The monthly fee applications covered by this Final Fee Application contain detailed daily time logs describing the actual and necessary services provided by KS during the Fee Period as well as other detailed information required to be included in fee applications. (Exhibits A and B.)

## Requested Relief

8.    By this Final Fee Application, KS requests that the Court approve the final allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by KS from January 1, 2010 through February 3, 2014, and payment of any unpaid portion of such fees and costs. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Fee Period that already have been filed with the Court. To the extent that KS has incurred fees and expenses in addition to the foregoing, KS reserves the right, and respectfully requests that the Court authorize KS, to file a supplemental fee application(s) by following the interim compensation procedures set forth in the Administrative Order and Amended Administrative Order and submitting a certificate of no objection and order to the

Court for final approval of such fees and expenses as may be reflected in any supplemental fee application.

9.      At all relevant times, KS has been a disinterested person as that term is defined in §101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors or the Committee.

10.     All services for which compensation is requested by KS were performed for or on behalf of the Debtors and not on behalf of any committee, creditor or other person.

11.     KS has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Final Fee Application.  There is no agreement or understanding between KS and any other person other than the partners, counsel and associates of KS for the sharing of compensation to be received for services rendered in these cases.

12.     The professional services and related expenses for which KS requests final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case and affecting Debtors intellectual property in the discharge of KS's professional responsibilities as attorneys for the Debtors in these intellectual property cases and matters.  KS's services have been necessary and beneficial to the Debtors and their estates, creditors and other parties in interest.

13.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by KS is fair and reasonable given (a) the complexity of the various intellectual property matters, (b) the time

expended, (c) the nature and extent of the services rendered, (d) the value of such services, and

(e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover,

KS has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and

Amended Administrative Order and believes that this Final Fee Application complies with such

Rule and Orders.

WHEREFORE, KS respectfully requests that the Court enter an order,

substantially in the form attached hereto, providing that, for the period of January 1, 2010

through February 3, 2014, a final allowance be made to KS in the sum of $632,647.74 as

compensation for reasonable and necessary professional services rendered to Debtors and in the

sum of $426.41 for reimbursement of actual and necessary costs and expenses incurred, for a

total of $633,074.45, that Debtors be authorized and directed to pay to KS the outstanding

amount of such sums; and for such other and further relief as this Court deems proper.

Dated: May 2, 2014                    KAYE SCHOLER LLP

John P. Rynkiewicz
(DC Bar No. 479387)
901 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 682-3671
Facsimile:  (202) 682-3580

Special IP Counsel for Debtors and Debtors in
Possession

## VERIFICATION

STATE OF MARYLAND          :
                          :
COUNTY OF ANNE ARUNDEL   :

       John P. Rynkiewicz, after being duly sworn according to law, deposes and says:

      a)     I am Counsel with the applicant law firm Kaye Scholer LLP, and have been admitted to practice before the District of Columbia Courts.

      b)     I am familiar with the work performed on behalf of the Debtors by the lawyers of KS.

      c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order.

                                     _____
                                       John P. Rynkiewicz

SWORN AND SUBSCRIBED
before me this 2nd day of May, 2014.

_____
Notary Public
My Commission Expires: Y/2017