### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| Reorganized Debtors. | ) | **Objection Deadline: July 7, 2014, 4:00 p.m.** |
| | ) | **Hearing Date: October 14, 2014 at 10:00 a.m.** |

### SUMMARY OF FINAL APPLICATION OF PERKINS COIE LLP AS ORDINARY COURSE PROFESSIONAL FOR ALLOWANCE OF FEES AND EXPENSES IN EXCESS OF OCP MONTHLY FEE CAP FOR THE PERIOD OF SEPTEMBER 2006 THROUGH MARCH 2007

| | |
|---|---|
| Name of Applicant: | ***Perkins Coie LLP*** |
| Authorized to Provide Professional Services to: | **W.R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retained as an Ordinary Course Professional in 2001[2]** |
| Fee Period for which Compensation and Reimbursement is Sought: | **September 2006 — March 2007** |

---

[1] The Reorganized Debtors consist of the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/ida Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and WaterStreet Corporation.

[2] Perkins Coie was retained by Debtor as an ordinary course professional ("OCP") in these Chapter 11 Cases to provide legal services regarding certain asbestos property damage claims. On May 9, 2001, Perkins Coie filed its affidavit under 11 U.S.C. § 327(e) to support its retention as an OCP. *See* ECF No. 223. No objections were filed to Perkins Coie's retention. Thus, Perkins Coie is employed, and continues to be employed, as an OCP in these Chapter 11 Cases.

Amount of Compensation sought as actual, reasonable and necessary (Amount over the OCP $50,000 Cap):  **$116,932.25**

Amount of Expense Reimbursement sought as actual, reasonable and necessary:  **$18,417.99**

Amount Unpaid  **$0**

This is a ___ monthly ___ quarterly **X** final application.

Perkins Coie filed monthly fee applications for September (ECF No. 17,410), November (ECF No. 17,411) and December 2006 (ECF No. 17,412) and March 2007 (ECF No. 17,413) ("Interim Period") on November 20, 2007. No objections were filed to the interim applications (ECF Nos. 17,613-17,616). Perkins Coie filed a quarterly interim application on February 6, 2008 (ECF No. 17,997). The fee auditor filed a report on February 20, 2008, recommending approval of Perkins Coie's fees requested during the Interim Period (ECF No. 18,076).

Monthly fee applications filed:

| Date Filed | Period Covered | Fees | Expenses | Total | OCP Payment | Excess OCP Fees and Expenses Requested | Excess OCP Fees and Expenses Approved |
|---|---|---|---|---|---|---|---|
| 11/20/2007 | 9/1-9/31/06 | $ 65,329.50 | $ 4,888.26 | $ 70,217.76 | <$50,000> | $20,217.76 | $20,217.76 |
| 11/20/2007 | 11/1-11/31/06 | 94,533.20 | 10,819.00 | 105,352.20 | <$50,000> | 55,352.20 | 55,352.20 |
| 11/20/2007 | 12/1-12/31/06 | 51,784.05 | 2,099.41 | 53,883.46 | <$50,000> | 3,883.46 | 3,883.46 |
| 11/20/2007 | 3/1-3/31/07 | 105,285.50 | 611.32 | 105,896.82 | <$50,000> | 55,896.82 | 55,896.82 |
| Total | | $316,932.25 | $18,417.99 | $335,350.24 | | $135,350.24 | $135,350.24 |

The Perkins Coie attorneys that rendered professional services during the Interim Period in excess of the monthly cap for OCP are:

| Name of Professional Person | Position with the Applicant and Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| David T. Biederman | Partner, Admitted 1981 | $495.00 $530.00 | 104.0 27.6 | $51,480.00 $14,628.00 |
| Judith B. Gitterman | Of Counsel Admitted 1984 | $365.00 $380.00 | 192.9 117.8 | 70,390.50 44,764.00 |
| Melora M. Garrison | Associate, Admitted 1999 | $350.00 $375.00 | 128.6 53.1 | 45,010.00 19,912.50 |
| John Kaplan | Partner, Admitted 1994 | $365.00 | 2.7 | 985.00 |
| Benjamin Soffer | Partner Admitted 1995 | $410.00 | 24.4 | 10,004.00 |
| Total | | | 648.9 | $257,174.50 |

The paraprofessionals of Perkins Coie, who rendered professional services during the Interim Period in excess of the monthly cap for OCP are:

| Name of Professional Person | Position with the Applicant and Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Serigo V. Perez | Paralegal | $215.00 $225.00 | 132.75 55.0 | $28,541.25 12,375.00 |
| Ann B. Ellias | Paralegal | $195.00 $205.00 | 71.6 16.4 | 13,362.00 3,362.00 |
| Lelia Ahlstrom-Guerrero | Paralegal | $180.00 $190.00 | 4.2 1.4 | 756.00 266.00 |
| Amy Shields | Paralegal | $180.00 | 2.8 | 504.00 |
| Jay D. Hickenbottom | ALS Manager | $187.00 | 2.5 | 467.50 |
| Michael D. Cruz | Paralegal | $155.00 | .80 | 124.00 |
| Total | | | 681.65 | $59,757.75 |

## Expense Summary

| Service Description | Amount |
|---|---|
| Photocopies and Printing | $ 3,051.92 |
| Air Express Charges | 1,127.97 |
| Computer Research | 6,445.73 |
| Long Distance Telephone Charges | 28.02 |
| Airfare | 4,176.15 |

| | |
|---|---|
| Special Postage | 6.05 |
| Create Original DVD's, copies | 2,325.59 |
| Travel Expense | 121.00 |
| Travel Expense – Meals | 15.55 |
| Conference Meals | 132.95 |
| Filing Fees | 23.00 |
| Professional Services, Research Fee | 394.00 |
| Other (international internet, telephone fees, File Keeper(s)) | 448.93 |
| **Total** | **$18,417.99** |

| | |
|---|---|
| **Grand Total for Fees:** | **$316,932.25** |
| **Blended Rate:** | **$238.29** |
| **Balance of Fees in excess of OCP cap:** | **$116,932.25** |
| **Balance of Expenses in excess of OCP cap:** | **$18,417.99** |
| **Amount Unpaid** | **$0** |

DATED:  May 2, 2014
Seattle, Washington

/s/ John Kaplan
John Kaplan
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone:  (206) 359-8408
Facsimile:  (206) 359-9408
Email:  JKaplan@perkinscoie.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| Reorganized Debtors. | ) | **Objection Deadline: July 7, 2014 at 4:00 p.m.** |
| | ) | **Hearing Date: October 14, 2014 at 10:00 a.m.** |

**FINAL APPLICATION OF PERKINS COIE LLP AS ORDINARY COURSE
PROFESSIONAL FOR ALLOWANCE OF FEES AND EXPENSES
IN EXCESS OF THE OCP MONTHLY CAP FOR THE PERIOD
FROM SEPTEMBER 1, 2006 THROUGH MARCH 31, 2007**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined

below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures

for Interim Compensation and Reimbursement of Professionals and Official Committee

Members (the "Interim Compensation Order"), the Amended Administrative Order under

11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended

Interim Compensation Order") and Del.Bankr.LR 2016-2, and the Order Granting Leave in

Accordance with the Orders Authorizing the Debtors to Employ and Compensate Ordinary

Course Professionals As It Pertains to Perkins Coie LLP dated June 20, 2007, Perkins Coie LLP

---

[1] The Reorganized Debtors consist of the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

("Perkins Coie"), as an ordinary course professional for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their Chapter 11 cases, hereby requests an order approving (i) final compensation for the amount of $116,932.25 for the reasonable and necessary legal services Perkins Coie has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that Perkins Coie has incurred in the amount of $18,417.99 (the "Final Fee Application"), for the period from September 1, 2006 through March 31, 2007 (the "Fee Period"). In support of this Final Fee Application, Perkins Coie respectfully states as follows:

## BACKGROUND

### Retention of Perkins Coie

1. Perkins Coie was retained by the Debtors as an ordinary course professional ("OCP") in the Chapter 11 Cases to provide legal services regarding certain asbestos property damage claims. On May 9, 2001, Perkins Coie filed its affidavit of disinterestedness to support its retention as an OCP (ECF No. 223). No objections were filed to Perkins Coie's retention. Thus, Perkins Coie is employed, and continues to be employed, as an OCP in these Chapter 11 Cases.

2. On June 20, 2007, this Court entered its Order Granting Leave in Accordance with the Orders Authorizing the Debtors to Employ and Compensate Ordinary Course Professionals As It Pertains to Perkins Coie LLP (ECF No. 16,107).

### Monthly Interim Fee Applications Submitted

3. Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days

2

after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Amended Interim Compensation Order, within 45 days of the end of each quarter, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5. This Final Fee Application covers the Fee Period of September 1, 2006 through March 31, 2007.

6. Perkins Coie has filed the following Monthly Fee Applications for interim compensation and, after the objection period had passed, filed a Certificate of No Objection for each one:

a.  Summary Application of Perkins Coie LLP as Ordinary Course Professional for Allowance of Fees in Excess of OCP Monthly Fee Cap for September 2006, filed November 20, 2007 (ECF No. 17,410), Certificate of No Objection filed December 11, 2007 (ECF No. 17,613);

b.  Summary Application of Perkins Coie LLP as Ordinary Course Professional for Allowance of Fees in Excess of OCP Monthly Fee Cap for November 2006, filed November 20, 2007 (ECF No. 17,411), Certificate of No Objection filed December 11, 2007 (ECF No. 17,614);

      c.     Summary Application of Perkins Coie LLP as Ordinary Course Professional for Allowance of Fees in Excess of OCP Monthly Fee Cap for December 2006, filed November 20, 2007 (ECF No. 17,412), Certificate of No Objection filed December 11, 2007 (ECF No. 17,615); and

      d.     Summary Application of Perkins Coie LLP as Ordinary Course Professional for Allowance of Fees in Excess of OCP Monthly Fee Cap for March 2007, filed November 20, 2007 (ECF No. 17,413), Certificate of No Objection filed December 11, 2007 (ECF No. 17,616).

      7.  Perkins Coie has advised and represented the Debtors in connection with asbestos related property damage claims.

**Previous Quarterly Fee Application**

      8.  Perkins Coie filed a Quarterly Fee Application on February 6, 2008, seeking interim approval of compensation in the amount of $116,932.25 and reimbursement of expenses of $18,417.99, for fees in excess of the OCP monthly fee cap of $50,000 for September 2006, November 2006, December 2006 and March 2007 (the "Excess Months") (ECF No. 17,997). Perkins Coie incurred total fees of $316,932.25 and expenses of $18,417.99 during the Excess Months.    On February 20, 2008, the fee auditor filed a report recommending approval of Perkins Coie's fees and expenses incurred during the Excess Months (ECF No. 18,076).

**Requested Relief**

      9.  Perkins Coie requests that the Court grant final approval of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Perkins Coie for the Fee Period as detailed in the Monthly Fee Applications.  As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications.  Perkins Coie has been paid in full.

**Disinterestedness**

10. On May 9, 2001, Perkins Coie filed its affidavit of disinterestedness to support its retention as an OCP (ECF No. 223). No objections were filed to Perkins Coie's retention. Perkins Coie does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

## REPRESENTATIONS

11. Perkins Coie believes that the Final Fee Application complies with the requirements of Del.Bankr.LR 2016-2 and the Amended Interim Compensation Order.

12. Perkins Coie performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

13. During the Fee Period, Perkins Coie has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Amended Interim Compensation Order.

14. Pursuant to Fed. R. Bank. P. 2016(b), Perkins Coie has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Perkins Coie, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, Perkins Coie respectfully requests that the Court enter an order approving final fees in excess of the of the OCP monthly fee cap for the Excess Months in the sum of (i) $116,932.25 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $18,417.99 for reimbursement of actual and necessary costs and expenses incurred, for a total of $135,350.24 and that this Court grant such further relief as is equitable and just.

DATED:  May 2, 2014
Seattle, Washington

**PERKINS COIE LLP**

/s/ John Kaplan
_____
John Kaplan
**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone:  (206) 359-8408
Facsimile:  (206) 359-9408
Email:  JKaplan@perkinscoie.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | |

## CERTIFICATION

John Kaplan, after being duly sworn according to law, deposes and says:

1.      I am a partner with the applicant law firm Perkins Coie LLP ("Perkins Coie"), and have been admitted to the Washington Bar since 1994.

2.      I have personally performed some of the legal services rendered by Perkins Coie as counsel to the above-captioned debtors and debtors in possession (the "Debtors"), and I am familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of Perkins Coie.

3.      I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

Dated: May 2, 2014                                              /s/ John Kaplan
                                                                          John Kaplan

---

[1]The Reorganized Debtors consist of the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/Ida Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.