**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

_____
                                                  )
In re:                                            )         **Chapter 11**
                                                  )
**W.R. GRACE & CO., et al.,**                     )         **Case No. 01-1139 (KJC)**
                                                  )         **Jointly Administered**
                                                  )
                    **Reorganized Debtors.**      )         Objection Deadline: July 1, 2014 at 4:00 p.m.
_____)          Hearing: October 14, 2014 at 10:00 a.m.


**FIRST QUARTERLY AND FINAL FEE APPLICATION OF
FRANKEL WYRON LLP AS BANKRUPTCY CO-COUNSEL TO
ROGER FRANKEL, ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, FOR
COMPENSATION OF SERVICES RENDERED AND REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES INCURRED FROM
JANUARY 16, 2014 THROUGH FEBRUARY 3, 2014**


       Pursuant to 11 U.S.C. §§ 330, 331, and 503 of the United States Code, Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-2 of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), Frankel Wyron LLP ("FW LLP"), bankruptcy co-

counsel to Roger Frankel, the Asbestos PI Future Claimants' Representative (the "FCR"), hereby

submits this combined first quarterly and final fee application (collectively, the "Final Fee

Application") for final allowance of (i) compensation for professional services rendered by FW

LLP for the period from January 16, 2014 through February 3, 2014 (the "Final Fee Period"), in

the amount of $56,087.50, and (ii) reimbursement of expenses incurred during the Final Fee

Period in the amount of $2,347.44, for total compensation and reimbursement of $58,434.94.  In

support of this Final Fee Application, FW LLP respectfully represents as follows:

## Jurisdiction

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for relief sought herein are Sections 330, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## Factual Background of the Chapter 11 Cases

### A.  The Chapter 11 Cases

2.  On April 2, 2001, W.R. Grace & Co. and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  After years of litigation and negotiation, the Debtors filed the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as modified through December 23, 2010 (as amended from time to time, the "Plan").

3.  This Court confirmed the Plan by order entered January 31, 2011 [Dkt. No. 26155] (the "Confirmation Order").  The Confirmation Order was appealed to the United States District Court for the District of Delaware [Case No. 11-199 (lead case)], which confirmed the Plan by order issued January 30, 2012 [Dkt. No. 166].  On June 11, 2012, the District Court issued an Amended Memorandum Opinion [Dkt. No. 217] and Amended Order [Dkt. No. 218] clarifying and expanding the discussion in its prior opinion and, once more, overruling all objections and confirming the Plan in its entirety.

4.   Five parties appealed the District Court's orders confirming the Plan.  The United States Court of Appeals for the Third Circuit affirmed the District Court's rulings in four of the five appeals.  The parties resolved the fifth appeal in a settlement approved by this Court [Dkt. No. 31604], and the Third Circuit then entered an order dismissing that appeal [3d Cir., Case No. 12-1402, Feb. 3, 2014].  The Plan became effective on February 3, 2014 (the "Effective Date") [Dkt. No. 31732].

**B.  The Appointment of the Former FCR, the Successor FCR, Orrick as Bankruptcy Counsel, and FW LLP as Bankruptcy Co-Counsel**

5.   On May 24, 2004, the Court appointed David T. Austern as the legal representative for future asbestos personal injury claimants in these Chapter 11 Cases.  Mr. Austern sought and received Court approval to retain Orrick, Herrington & Sutcliffe, LLP ("Orrick") as his bankruptcy counsel.  Orrick served as Mr. Austern's bankruptcy counsel until Mr. Austern's death on May 16, 2013.

6.   Following Mr. Austern's death, the Court appointed Roger Frankel as the successor FCR in these cases.  Mr. Frankel, then a partner in Orrick, had served as Mr. Austern's counsel in these cases throughout Mr. Austern's tenure as the FCR.  Mr. Frankel sought and received authority to continue to employ Orrick as bankruptcy counsel to the FCR in these cases. Orrick served as bankruptcy counsel to Mr. Frankel from May 16, 2013 through the Effective Date.

7.   Mr. Frankel and Richard H. Wyron withdrew as partners in Orrick effective as of January 15, 2014, and formed FW LLP.  Mr. Wyron had served, with Mr. Frankel, as counsel to Mr. Austern from Mr. Austern's appointment in 2004 through his death in May 2013.  As a partner in Orrick, Mr. Wyron then continued to represent Mr. Frankel as the FCR from May 2013 until both he and Mr. Frankel withdrew as partners in Orrick.

8.  On January 31, 2014, Mr. Frankel applied to this Court for an order authorizing the retention and employment of FW LLP as his bankruptcy co-counsel, to serve as co-counsel with Orrick [Dkt. No. 31687].  On February 21, 2014, the Court entered an order authorizing Mr. Frankel to employ FW LLP effective as of January 16, 2014 [Dkt. No. 31769].

### FW's First Monthly Fee Application

9.  The Administrative Order[1] in these Chapter 11 Cases established certain procedures for the interim and monthly payment of professional fees and reimbursement of expenses, subject to final approval of the Court.  Pursuant to the Administrative Order, FW LLP filed with the Court, and served on the required parties, its first (and only) monthly fee application for the period January 16, 2014 through February 3, 2014 [Dkt. 31890].

10. On May 1, 2014, the Debtors paid FW LLP, pursuant to the Administrative Order, eighty percent (80%) of its professional fees and one hundred percent (100%) of its expenses itemized in FW LLP's first monthly fee application, for a total payment of $47,217.44.

### Request for Approval of Compensation and Reimbursement of Expenses for the Final Fee Period

11. By this Final Fee Application, FW LLP respectfully requests that the Court award it final compensation for services rendered and reimbursement of expenses incurred in connection with FW LLP's representation of Roger Frankel as the FCR, from January 16, 2014 through February 3, 2014, in the amount of $56,087.50 in fees and $2,347.44 in expenses, for a total award of $58,434.94.

---

[1]The "Administrative Order" refers collectively to the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002 [Dkt. No. 1949] and the Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 [Dkt. No. 198].

12. In support of this Final Fee Application, FW LLP incorporates by reference its first monthly fee application for the period January 16, 2014 through February 3, 2014, which was filed on March 20, 2014 [Dkt. No. 31890], together with the certificate of no objection filed on April 11, 2014 [Dkt. No. 32007].  FW LLP has not filed any other monthly fee applications, and has filed no quarterly or final fee applications other than this Final Fee Application.

13. Below are summaries of the time expended by FW LLP by professional and by project category, as well as a summary of the reasonable and necessary out-of-pocket expenses incurred by FW LLP.

### SUMMARY OF TIME EXPENDED BY PROFESSIONAL: JANUARY 16, 2014 THROUGH FEBRUARY 3, 2014

| Name of Professional | Position of Applicant, No. of Years in Position, Prior Relevant Experience, Yr. Obtained License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Richard H. Wyron | Partner, 25 years in position; 34 years relevant experience; 1979 | $875 | 69.70 | $56,087.50 |
| **TOTAL:** | | | **69.70** | **$56,087.50**[2] |
| **Blended Rate: $804.70** | | | | |

___

[2] This amount includes a reduction of $4,900.00 for non-working travel, which was billed at one-half the hourly rate.

**SUMMARY OF COMPENSATION BY PROJECT CATEGORY:**
**JANUARY 16, 2014 THROUGH FEBRUARY 3, 2014**

| Project Category | Hours Billed | Total Fees Requested |
|---|---|---|
| Plan of Reorganization | 53.20 | $46,550.00 |
| Retention and Compensation | 5.30 | $4,637.50 |
| Travel (Non-Working) | 11.20 | 4,900.00 |
| **TOTAL:** | **69.70** | **$56,087.50** |

**SUMMARY OF EXPENSES:**
**JANUARY 16, 2014 THROUGH FEBRUARY 3, 2014**

| Expense Category | Expenses Requested |
|---|---|
| Airfare | $418.00 |
| Hotel | $828.37 |
| Meals | $78.91 |
| Mileage | $73.36 |
| Parking | $74.00 |
| Taxi | $99.00 |
| Tolls | $6.05 |
| Train | $769.75 |
| **TOTAL:** | **$2,347.44** |

14. As set forth in FW LLP's first monthly fee application, in accordance with the factors enumerated in 11 U.S.C. § 330, approval of the fees requested for the Final Fee Period is fair and reasonable given (a) the complexity of the case, (b) the time expended by FW LLP on behalf of the FCR, (c) the nature and extent of the services rendered, (d) the value of such services to the FCR, and to the Debtors and their estates in consummating the Plan, and (e) the costs of comparable services other than in a case under this title.  In addition, the out-of-pocket expenses for which FW LLP seeks reimbursement were actual, reasonable, and necessary costs incurred by FW LLP while providing services to the FCR in connection with these Chapter 11 Cases and preserving the value of the Debtors' estates.

15. FW LLP performed its work during the intense, final three weeks of these long-running cases.  FW LLP and Orrick professionals worked together seamlessly during this period as co-counsel, providing the FCR with the knowledge and expertise of the same lawyers upon whom both he and Mr. Austern had relied for 10 years, as the parties finalized and implemented the steps necessary to have the Plan become effective.

16. Pursuant to Bankruptcy Rule 2016(b), FW LLP has not shared and has not agreed to share (a) any compensation it has received with another party or person, or (b) except as set forth in the next sentence, any compensation another person or party has received or may receive in connection with these Chapter 11 Cases.  Roger Frankel, the FCR in these Chapter 11 Cases, is a partner in FW LLP, and his compensation as FCR for the period January 16, 2014 to February 3, 2014 is to be paid to FW LLP.

## Review of Applicable Local Rule

17. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Final Fee Application substantially complies with Local Rule 2016-2.

## Notice

18. Notice of this Final Fee Application has been served upon the notice parties as specified in the Administrative Order.  FW LLP submits that no other or further notice is required.

## No Prior Request

19. Other than the first monthly fee application filed by FW LLP in these Chapter 11 Cases, no previous application in respect of the relief requested herein has been made to this or any other Court.

WHEREFORE, for all the foregoing reasons, FW LLP respectfully requests that this Court enter an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, as follows:

(i)    awarding final compensation for services rendered and expenses incurred in connection with FW LLP's representation of Roger Frankel, Asbestos PI Future Claimants' Representative, from January 16, 2014 through February 3, 2014, in the amount of $56,087.50 in fees and $2,347.44 in expenses, for a total award of $58,434.94; and

(ii)    granting such other relief as this Court deems just and proper.

Respectfully submitted,

FRANKEL WYRON LLP


By:<u>/S/ RICHARD H. WYRON</u>
 Richard H. Wyron, admitted *pro hac vice*
 2101 L Street, N.W., Suite 800
 Washington, DC  20037
 (202) 903-0700
 (202) 627-3002 (facsimile)

*Co-Counsel to Roger Frankel, Asbestos PI Future Claimants' Representative*

Dated: May 2, 2014