IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[3] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors | ) | **Objection Deadline:  To be Determined** |
| | | **Hearing Date:** |

**Summary of the Final Application of Woodcock Washburn for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel and Ordinary Course Professionals for W.R. Grace & Co., *et al.*, for the Period of April 2, 2001, through February 3, 2014**

| | |
|---|---|
| Name of Applicant: | **Woodcock Washburn LLP** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention as Special Litigation Counsel: | **Retention Order entered January 22, 2003** |
| Date of Retention as Ordinary Course Professional: | **Order Permitting Expansion of Services entered April 15, 2005** |
| Period for which compensation and reimbursement is sought | **April 2, 2001, through February 3, 2014** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$ 3,716,655.00** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$ 810,651.56** |

---

[3]  The Debtors consist of the following 62 entities:  W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit &Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing System, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc., Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

The following monthly fee applications within the Fee Period have previously been filed:

| Period Covered | Date Filed | Requested Fees | Requested Disbursements |
|---|---|---|---|
| 1/1 – 1/31/03 | June 9, 2003 | $11,423.35 | $184.10 |
| 2/1 – 2/28/03 | June 9, 2003 | 29,216.00 | 684.22 |
| 3/1 – 3/31/03 | June 9, 2003 | 14,351.00 | 647.43 |
| 4/1 – 4/30/03 | June 3, 2003 | 14,268.50 | 244.41 |
| 5/1 – 5/31/03 | July 11, 2003 | 20,293.50 | 703.19 |
| 6/1 – 6/30/03 | August 1, 2003 | 24,087.00 | 2,822.23 |
| 7/1 – 7/31/03 | September 18, 2003 | 14,157.50 | 1,834.84 |
| 8/1/ - 8/31/03 | October 17, 2003 | 5,120.00 | 2,346.40 |
| 9/1 – 9/30/03 | November 6, 2003 | 18,536.00 | 2,143.81 |
| 10/1 – 10/31/03 | December 16, 2003 | 26,622.50 | 7,747.17 |
| 11/1 – 11/30/03 | January 23, 2004 | 46,329.50 | 22.29 |
| 12/1 – 12/31/03 | February 11, 2004 | 60,218.00 | 13,537.76 |
| 1/1 – 1/31/04 | March 29, 2004 | 117,384.00 | 34,007.41 |
| 2/1 - 2/29/04 | April 13, 2004 | 66,216.00 | 16,476.09 |
| 3/1 - 3/31/04 | April 27, 2004 | 96,991.00 | 8,235.63 |
| 4/1 - 4/30/04 | June 16, 2004 | 111,132.00 | 14,316.26 |
| 5/1 - 5/31/04 | July 19, 2004 | 104,787.00 | 14,642.22 |
| 6/1 - 6/30/04 | July 29, 2004 | 117,125.00 | 8,779.51 |
| 7/1 - 7/31/04 | September 17, 2004 | 85,802.00 | 10,905.33 |
| 8/1 – 8/31/04 | October 22, 2004 | 102,078.00 | 9,582.05 |
| 9/1 – 9/30/04 | November 9,2004 | 156,479.00 | 32,088.05 |
| 10/1 - 10/31/04 | December 17, 2004 | 169,846.00 | 69,597.98 |
| 11/1 – 11/30/04 | January 14, 2005 | 203,792.00 | 29,179.11 |
| 12/1 – 12/31/04 | February 11, 2005 | 164,958.00 | 92,377.99 |
| 1/1 – 1/31/05 | March 18, 2005 | 176,884.00 | 28,342.86 |
| 2/1 – 2/28/05 | April 15, 2005 | 157,122.50 | 125,892.70 |
| 3/1 – 3/31/05 | May 10, 2005 | 196,913.00 | 143,160.77 |
| 4/1 – 4/30/05 | June 21, 2005 | 124,598.70 | 6,544.89 |
| 5/1– 5/31/05 | July 20, 2005 | 198,043.00 | 45,257.99 |
| 6/1 – 6/30/05 | August 11, 2005 | 82,795.50 | 28,829.43 |
| 7/1 – 7/31/05 | September 15, 2005 | 53,078.50 | 578.90 |
| 8/1 – 8/31/05 | October 12, 2005 | 44,755.00 | 4,009.23 |
| 9/1 – 9/301/05 | November 22, 2005 | 47,211.00 | 146.73 |
| 10/1 – 10/31/05 | December 16, 2005 | 18,168.50 | 665.33 |
| 11/1– 11/30/05 | January 31, 2006 | 11,158.00 | 17.20 |
| 12/1– 12/31/05 | March 10, 2006 | 4,340.00 | 12.38 |
| 1/1– 1/31/06 | March 29, 2006 | 3,470.00 | 80.82 |

| | | | |
|---|---|---|---|
| 2/1 – 2/28/06 | April 19, 2006 | 4,121.50 | 300.25 |
| 3/1 – 3/31/06 | May 4, 2006 | 8,338.50 | 2,055.56 |
| 4/1 – 4/30/06 | July 7, 2006 | 10,612.50 | 4,762.62 |
| 5/1 – 5/31/06 | July 13, 2006 | 54,925.00 | 2,871.85 |
| 6/1 – 6/30/06 | August 4, 2006 | 108,519.50 | 669.50 |
| 7/1 – 7/31/06 | October 3, 2006 | 44,957.50 | 425.85 |
| 8/1 – 8/31/06 | October 31, 2006 | 4,800.50 | 87.00 |
| 9/1 – 9/30/06 | None Submitted | – | – |
| 10/1 – 10/31/06 | December 21, 2006 | 6,974.00 | 225.13 |
| 11/1 – 11/30/06 | None Submitted | – | – |
| 12/1 – 12/31/06 | February 12, 2007 | 13,156.00 | 496.85 |
| 1/1 – 1/31/07 | March 13, 2007 | 7,700.50 | 124.85 |
| 2/1 – 2/28/07 | April 4, 2007 | 17,119.50 | – |
| 3/1 – 3/31/07 | May 10, 2007 | 17,649.00 | 271.07 |
| 4/1 – 4/30/07 | June 19, 2007 | 4,328.50 | – |
| 5/1 – 5/31/07 | July 13, 2007 | 25,241.50 | – |
| 6/1 – 6/30/07 | August 23, 2007 | 4,814.00 | 2,326.25 |
| 7/1 – 7/31/07 | September 28, 2007 | 2,510.00 | 178.50 |
| 8/1 – 8/31/07 | October 12, 2007 | 14,305.00 | 234.00 |
| 9/1 – 9/30/07 | December 10, 2007 | 5,959.00 | 194.00 |
| 10/1 – 10/31/07 | December 14, 2007 | 7,213.00 | – |
| 11/1 – 11/30/07 | January 22, 2008 | 2,911 | – |
| 12/1 – 12/31/07 | February 6, 2008 | 25,057.00 | 2,661.75 |
| 1/1 – 1/31/08 | March 13, 2008 | 32,984.00 | – |
| 2/1 – 2/29/08 | April 28, 2008 | 21,984.00 | |
| 3/1 – 3/31/08 | May 7, 2008 | 4,302.00 | 560.00 |
| 4/1 – 4/30/08 | June 12, 2008 | 4,332.00 | – |
| 5/1 – 5/31/08 | July 7, 2008 | 445.00 | 10.79 |
| 6/1 – 6/30/08 | None Submitted | – | – |
| 7/1 – 7/31/08 | September 19, 2008 | 19,266.00 | – |
| 8/1 – 8/31/08 | October 14, 2008 | 11,601.50 | – |
| 9/1 – 9/30/08 | November 11, 2008 | 8,074.00 | 762.00 |
| 10/1 – 10/31/08 | December 11, 2008 | 11,056.50 | – |
| 11/1 – 11/30/08 | January 22, 2009 | 14,683.50 | 14.12 |
| 12/1 – 12/31/08 | October 19, 2010 | 30,541.00 | 9.00 |
| 1/1 – 1/31/09 | March 17, 2009 | 32,103.50 | – |
| 2/1 – 2/28/09 | April 15, 2009 | 9,576.00 | 409.50 |
| 3/1 – 3/31/09 | May 27, 2009 | 11,226.50 | – |
| 4/1 – 4/30/09 | July 7, 2009 | 2,139.00 | 140.00 |
| 5/1 – 5/30/09 | July 17, 2009 | 5,472.00 | 810.00 |
| 6/1 – 6/30/09 | None submitted | - | - |
| 7/1 – 7/31/09 | September 22, 2009 | 195.00 | - |

| | | | |
|---|---|---|---|
| 8/1 – 8/31/09 | October 12, 2009 | 228.00 | - |
| 9/1 – 9/30/09 | November 11, 2009 | 21,153.00 | 180.00 |
| 10/1 – 10/31/09 | December 3, 2009 | 11,029.50 | - |
| 11/1 – 11/30/09 | January 13, 2010 | 7,866.50 | - |
| 12/1 – 12/31/09 | February 2, 2010 | 7,923.00 | 1388.00 |
| 1/1 – 1/31/10 | None submitted | - | - |
| 2/1 – 2/28/10 | None submitted | - | - |
| 3/1 – 3/31/10 | May 25, 2010 | 1,904.00 | 1100.00 |
| 4/1 – 4/30/10 | June 16, 2010 | 1,392.00 | 4.72 |
| 5/1 – 5/31/2010 | July 13, 2010 | 9,003.50 | - |
| 6/1 – 6/30/2010 | August 9, 2010 | 4,627.00 | - |
| 7/1 – 7/31/2010 | September 14, 2010 | 11,372.50 | 93.45 |
| 8/1 – 8/31/2010 | October 19, 2010 | 2,645.00 | 498.39 |
| 9/1 – 9/30/2010 | November 8, 2010 | 714.00 | - |
| 10/1 – 10/31/2010 | December 17, 2010 | 6,381.00 | 970.14 |
| 11/1 – 11/30/2010 | January 10, 2011 | 16,883.50 | 3,390.00 |
| 12/1 – 12/31/2010 | February 14, 2011 | 2,054.00 | - |
| 1/1 – 1/31/2011 | March 14, 2011 | 7,318.50 | - |
| 2/1 – 2/28/2011 | April 15, 2011 | 14,948.50 | 130.00 |
| 3/1 – 3/31/2011 | May 6, 2011 | 1,502.00 | 130.00 |
| 4/1 – 4/30/2011 | None submitted | - | - |
| 5/1 – 5/31/2011 | None submitted | - | - |
| 6/1 – 6/30/2011 | August 12, 2011 | 4,570.50 | - |
| 7/1 – 7/31/2011 | September 12, 2011 | 2,607.50 | 40.00 |
| 8/1 – 8/31/2011 | October 11, 2011 | 720.00 | 1,990.00 |
| 9/1 – 9/30/2011 | November 16, 2011 | 200.00 | - |
| 10/1 – 10/31/2011 | None submitted | - | - |
| 11/1 – 11/30/2011 | January 25, 2012 | 2,325.00 | |
| 12/1 – 12/31/2011 | None submitted | - | - |
| 1/1 – 1/31/2012 | March 13, 2012 | 3,384.00 | - |
| 2/1 – 2/29/2012 | April 9, 2012 | 738.50 | 1,270.00 |
| 3/1 – 3/31/2012 | June 5, 2012 | 2,239.00 | 2,200.00 |
| 4/1 – 4/30/2012 | June 18, 2012 | 7,932.00 | 3,100.00 |
| 5/1 – 5/31/2012 | July 6, 2012 | 3,111.00 | - |
| 6/1 – 6/30/2012 | August 13, 2012 | 1,560.00 | - |
| 7/1 – 7/31/2012 | September 19, 2012 | 2,049.00 | - |
| 8/1 – 8/31/2012 | None submitted | | |
| 9/1 – 9/30/2012 | October 30, 2012 | 22,846.50 | 320.00 |
| 10/1 – 10/31/2012 | November 26, 2012 | 6,954.00 | - |
| 11/1 – 11/30/2012 | January 11, 2013 | 2,440.00 | - |
| 12/1 – 12/31/2012 | February 8, 2013 | 2,694.50 | 1,886.00 |
| 1/1 – 1/31/2013 | April 2, 2013 | 1,953.00 | - |

- 5 -

| 2/1 – 2/28/2013 | April 19, 2013 | 6,999.00 | - |
|---|---|---|---|
| 3/1 – 3/31/2013 | May 8, 2013 | 11,094.00 | 898.15 |
| 4/1 – 4/30/2013 | June 7, 2013 | 11,219.00 | 1,152.40 |
| 5/1 – 5/31/2013 | July 23, 2013 | 8,721.00 | 160.00 |
| 6/1 – 6/30/2013 | August. 7, 2013 | 5,917.00 | 3,228.10 |
| 7/1 – 7/31/2013 | August 23, 2013 | 1,008.00 | 1,044.00 |
| 8/1 – 8/31/2013 | October 9, 2013 | - | 771.30 |
| 9/1 – 9/30/2013 | November 6, 2013 | 2,375.00 | - |
| 10/1 – 10/31/2013 | December 5, 2013 | 3,535.00 | - |
| 11/1 – 11/30/2013 | January 21, 2014 | 352.50 | - |
| 12/1 – 12/31/2013 | January 28, 2014 | 2,375.00 | - |
| TOTAL | | $3,716,655.00 | $810,651.56 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors | ) | **Objection Deadline:** |
| | | **Hearing Date:  October 14, 2014** |

**Final Application of Woodcock Washburn for Compensation and for
Reimbursement of Expenses as Special Litigation Counsel and Ordinary Course
Professionals for April 2, 2001, through February 3, 2014.**

Pursuant to section 327, 330 and 331 of Title 11 of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Orders (as

defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Professionals

and Official Committee Members (The "Interim Compensation Order"), the Amended

Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised

Procedures for Interim Compensation and Reimbursement of Expenses for Professionals

and Official Committee Members (The "Amended Interim Compensation Order") and

Del.Bankr.LR 2016-2, the law firm of Woodcock Washburn LLP ("Woodcock"), special

---

[1]    The Debtors consist of the following 62 entities:  W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit &Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing System, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc., Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

litigation counsel and ordinary course professional for the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors"), hereby applies for an order

confirming all compensation and reimbursement already made for the reasonable and

necessary legal service Woodcock rendered to the Debtors during the period April 2,

2001, through February 3, 2014 (the "Fee Period"), and providing compensation and

reimbursement of any as-yet-unpaid requests made to this Court for services and

expenses for that period.  In support of this Application, Woodcock states as follows:

## Background

### Retention of Woodcock Washburn

1.      By this Court's order dated January 22, 2003, (the "Retention Order"), the

Debtors were authorized to retain Woodcock as special litigation counsel.  On April 15,

2005, the Court entered a further Order ("the Expansion Order") granting Debtor's

"Motion for Authorization to Modify and Expand the Scope of Services Provided by

Woodcock Washburn LLP."  This Order authorized Debtor to retain Woodcock to

provide to Debtor further services in ordinary course in the field of intellectual property

and authorized Debtor to reimburse Woodcock for ordinary course services provided

prior to the Order entry date.  The Retention Order and Expansion Order authorize the

Debtor to compensate Woodcock at Woodcock's hourly rates charged for services of this

kind and to reimburse Woodcock for actual and necessary out-of-pocket expenses that it

incurred, subject to application to this Court in accordance with the Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure, applicable local rules, and orders of this Court.[2]

---

[2]  Effective January 1, 2014, Woodcock combined with the law firm of Baker & Hostetler LLP.

**Interim Fee Applications Covered Herein**

2.      Pursuant to the procedures set forth in the Interim Compensation Order

and the Amended Interim Compensation Order, professionals may apply for monthly

compensation and reimbursement (each such application, a "Monthly Fee Application");

the notice parties listed in the Amended Interim Compensation Order may object to such

request.  If no party objects to a professional's Monthly Fee Application within twenty

(20) days after the date of service of the Monthly Fee Application, the applicable

professional may submit to the Court a certification of no objection whereupon the

Debtors are authorized to pay interim compensation and reimbursement of 80% of the

fees and 100% of the expenses requested.

3.      Woodcock has filed 42 Quarterly Fee Applications for the Fee Period.  All

fees and expenses for the first 41 applications have been approved on an interim basis

and all fees and reimbursements requested in those Applications have been paid.  The

42nd Quarterly Fee Application, for October 1, 2013 through December 31, 2013,

requesting $6262.50 in fees and reimbursement of $771.30 for expenses, is pending.  The

total amounts requested for the Fee Period are $3,716,655.00 for fees and $810,651.56

for expenses.

4.      In its roles as ordinary course professional and special litigation counsel,

Woodcock advised W.R. Grace & Co.-Conn. on general matters relating to intellectual

property and has performed general services in the intellectual property field, such as

rendering opinions on certain intellectual property matters.  Because Woodcock's fee

applications may be obtained by third-parties, the descriptions of fee services provided

have necessarily been made more general than might otherwise be provided in order to protect applicable privileges.

**Requested Relief**

5.      By this Final Fee Application, Woodcock requests that the Court approve the allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Woodcock for the Fee Period, as detailed in the individual monthly and quarterly petitions filed for the respective interim periods, and authorize payment of the allowed amounts, less any amounts already actually paid to Woodcock.

**Disinterestedness**

6.      Woodcock does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. Woodcock disclosed in its Application for Appointment as Special Litigation Counsel any connection it had to the Debtors that it had been able to ascertain using its reasonable efforts.

**Representations**

7.      Woodcock believes that this Final Fee Application complies with the requirements of the Amended Interim Compensation Order and the applicable rules of this Court.

8.      Woodcock performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor, or other person.

9.      During the Fee Period, Woodcock has received no payment, nor has it received any promises for payment, from any other source for services rendered during the Fee Period or to be rendered in any capacity whatsoever in connection with its acting as counsel for Debtors.

10.     Pursuant to Fed. R. Bank. P. 2016(b), Woodcock has not shared, nor has it agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Woodcock, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 case.

WHEREFORE, Woodcock respectfully requests that the Court enter an order providing that (a) for the period April 2, 2001, through February 3, 2014, a final allowance be made to Woodcock for (i) $3,716,655.00 as compensation for reasonable and necessary professional services rendered to Debtors, and (ii) $810,651.56 for reimbursement of actual and necessary costs and expenses incurred, for a total of $4,527,306.56 and (b) Debtors be authorized and directed to pay to Woodcock the outstanding amounts of these sums.

Respectfully submitted

/s/Gary H. Levin

Date: May 2, 2014

Gary H. Levin
Woodcock Washburn LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
(215) 568-3100
levin@woodcock.com