## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

_____

| | | |
|---|---|---|
| | ) | |
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO., et al.,** | ) | **Case No. 01-1139 (KJC)** |
| | ) | |
| **Reorganized Debtors.** | ) | Objection Deadline:  July 1, 2014 at 4:00 p.m. |
| | ) | Hearing: October 14, 2014 at 10:00 a.m. |

_____

### FOURTH QUARTERLY AND FINAL FEE APPLICATION OF ROGER FRANKEL, ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, FOR COMPENSATION OF SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED DURING THE FOURTH QUARTERLY PERIOD FROM JANUARY 1, 2014 THROUGH FEBRUARY 3, 2014, AND DURING THE FINAL FEE PERIOD FROM MAY 16, 2013 THROUGH FEBRUARY 3, 2014

Pursuant to 11 U.S.C. §§ 330, 331, and 503 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Roger Frankel, Asbestos PI Future Claimants' Representative (the "FCR"), hereby submits this combined fourth quarterly and final fee application (collectively, the "Final Fee Application") for final allowance of (i) compensation for professional services rendered by the FCR and reimbursement of actual and necessary expenses incurred during the fourth quarterly period from January 1, 2014 through February 3, 2014 (the "Fourth Quarterly Period"); and (ii) compensation for professional services rendered by the FCR from May 16, 2013 through February 3, 2014 (the "Final Fee Period") in the amount of $509,937.50, and (iii) reimbursement of expenses incurred during the Final Fee Period in the amount of $4,314.78, for total compensation and reimbursement of expenses of $514,252.28.  In support of this Final Fee Application, the FCR respectfully represents as follows:

**Jurisdiction**

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.   The statutory and legal predicates for relief sought herein are Sections 330, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

**Factual Background of the Chapter 11 Cases**

**A.  The Chapter 11 Cases**

2.   On April 2, 2001, W.R. Grace & Co. and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

3.   After years of litigation and negotiation, the Debtors filed the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as modified through December 23, 2010 (as amended from time to time, the "Plan").

4.   This Court confirmed the Plan by order entered January 31, 2011 [Dkt. No. 26155] (the "Confirmation Order").   The Confirmation Order was appealed to the United States District Court for the District of Delaware [Case No. 11-199 (lead case)], which confirmed the Plan by order issued January 30, 2012 [Dkt. No. 166].   On June 11, 2012, the District Court issued an Amended Memorandum Opinion [Dkt. No. 217] and Amended Order [Dkt. No. 218] clarifying and expanding the discussion in its prior opinion and, once more, overruling all objections and confirming the Plan in its entirety.

5.  Five parties appealed the District Court's orders confirming the Plan.  The United States Court of Appeals for the Third Circuit affirmed the District Court's rulings in four of the five appeals.  The parties resolved the fifth appeal in a settlement approved by this Court [Dkt. No. 31604], and the Third Circuit then entered an order dismissing that appeal [3d Cir., Case No. 12-1402, Feb. 3, 2014].  The Plan became effective on February 3, 2014 (the "Effective Date") [Dkt. No. 31732].

**B.  The Appointment of the Former FCR and the Successor FCR**

6.  On May 24, 2004, the Court appointed David T. Austern as the legal representative for future asbestos personal injury claimants in these Chapter 11 Cases.  Mr. Austern sought and received Court approval to retain Orrick, Herrington & Sutcliffe, LLP ("Orrick") as his bankruptcy counsel.  Orrick served as Mr. Austern's bankruptcy counsel until Mr. Austern's death on May 16, 2013.

7.  Following Mr. Austern's death, the Court appointed Roger Frankel as the successor FCR in these cases, effective as of May 16, 2013.  Mr. Frankel, then a partner in Orrick, had served as Mr. Austern's counsel in these cases throughout Mr. Austern's tenure as the FCR.

8.  Mr. Frankel withdrew as a partner in Orrick effective as of January 15, 2014, and formed Frankel Wyron LLP ("FW LLP").  He continued to serve as the FCR while a partner in FW LLP.  Accordingly, Mr. Frankel served as the FCR from May 16, 2013 through the Effective Date.

9.  Pursuant to Mr. Frankel's agreements with his law firms, compensation for his service as FCR and reimbursement of his expenses as FCR belong, and are to be paid, to Orrick for the period from May 16, 2013 through January 15, 2014, and to FW LLP for the period from January 16, 2014 through February 3, 2014.   All payments made to date by the Debtors as

compensation for services rendered and reimbursement of expenses to Mr. Frankel as FCR for his service through January 15, 2014 have been paid to Orrick, and not to Mr. Frankel personally.

### The FCR's Monthly and Quarterly Fee Applications

10. The Administrative Order[1] in these Chapter 11 Cases approved and set forth certain procedures for the interim and monthly payment of professional fees and reimbursement of expenses, subject to final approval of the Court.  Pursuant to the Administrative Order, the FCR filed with the Court, and served on the required parties, monthly and quarterly fee applications for the period May 16, 2013 through February 3, 2014.

11. As of May 1, 2014, the Debtors had paid the FCR, pursuant to the Administrative Order, eighty percent (80%) of his professional fees and one hundred percent (100%) of his expenses itemized in the FCR's monthly fee applications from May 16, 2013 through September 30, 2013.  Following this Court's approval of the FCR's quarterly fee applications for the periods May 16, 2013 through June 30, 2013 and July 1, 2013 through September 30, 2013, the Debtors also paid the FCR his twenty percent (20%) holdback for professional fees, for a total payment of $253,575.75 (100% fees) and $1,014.28 (100% expenses) incurred from May 16, 2013 through September 30, 2013.  The FCR has also received payment from the Debtors in connection with his quarterly fee application for the period October 1, 2013 through December 31, 2013 in the amount of $109,012.20 (80% fees) and $753.70 (100% expenses).  As of May 1, 2014, the FCR had not received any payments for fees and expenses in connection with his

---

[1] The "Administrative Order" refers collectively to the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002 [Dkt. No. 1949] and the Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 [Dkt. No. 198].

monthly fee application for January 16 through February 3, 2014, and to the best of his

knowledge, Orrick had not received any payments in connection with his monthly fee application

for January 1 through January 15, 2014.

### Request for Approval of Compensation and Reimbursement
### of Expenses for the Fourth Quarterly Period and Final Fee Period

12. By this Final Fee Application, the FCR respectfully requests that the Court award him

final compensation for services rendered and reimbursement of expenses incurred in connection

with his service as the FCR during the Final Fee Period, in the aggregate amount of $509,937.50

in fees and $4,314.78 in expenses, for a total award of $514,252.28.

13. In support of this Final Fee Application, the FCR incorporates herein by reference his

quarterly fee applications for the periods May 16, 2013 through February 3, 2014, together with

the certifications of counsel filed with the Court.  Below is a summary of same:

| Application | | | | Requested Fees and Expenses | | Approved/Paid Fees and Expenses | | Amounts Outstanding | COC | Approval Order |
|---|---|---|---|---|---|---|---|---|---|---|
| Dated Filed (DI No.) | Period Covered | Requested Fees | Requested Expenses | Approved/ Paid Fees | Approved/ Paid Expenses | Requested Fees/Expenses | | Dated Filed (DI No.) | Dated Filed (DI No.) |
| 9/13/13 D.I.31131 (1st Quarterly: fees/expenses paid to Orrick) | 5/16/13-6/30/13 | $142,683.00 | $251.40 | $142,683.00 | $251.40 | $0.00 | | 12/12/13 D.I. 31456 | 12/17/13 D.I. 31482 |
| 12/15/13 D.I. 31436 (2nd Quarterly: fees/expenses paid to Orrick) | 7/1/13-9/30/13 | $110,892.75 | $762.88 | $110,892.75 | $762.88 | $0.00 | | 3/28/14 D.I. 31947 | 3/31/14 DI 31963 |
| 3/14/14 D.I. 31864 (3rd Quarterly: fees/expenses paid to Orrick) | 10/1/13-12/31/13 | $136,265.25 | $753.70 | $109,012.20 | $753.70 | $27,253.05 (20% holdback on fees – approval pending) | | TBD | Set for hearing on May 28, 2014 |

5

| Application | | Requested Fees and Expenses | | Approved/Paid Fees and Expenses | | Amounts Outstanding | COC | Approval Order |
|---|---|---|---|---|---|---|---|---|
| Dated Filed (DI No.) | Period Covered | Requested Fees | Requested Expenses | Approved/ Paid Fees | Approved/ Paid Expenses | Requested Fees/Expenses | Dated Filed (DI No.) | Dated Filed (DI No.) |
| To Be Considered with this Final Fee Application<br><br>(4th Quarterly: fees/expenses paid to Orrick) | 1/1/14-1/15/14 | $36,566.25 | $890.80 | $0.00 | $0.00 | $36,566.25 (100% of fees – approval pending)<br><br>$890.80 (100% of expenses – approval pending) | TBD | Set for hearing on October 14, 2014 |
| To Be Considered with this Final Fee Application<br><br>(4th Quarterly: fees/expenses paid to Frankel Wyron LLP) | 1/16/14-2/3/14 | $83,530.25 | $1,656.00 | $0.00 | $0.00 | $83,530.25 (100% of fees – approval pending)<br><br>$1,656.00 (100% of expenses – approval pending) | TBD | Set for hearing on October 14, 2014 |
| **TOTAL:** | **5/16/13-2/3/14** | **$509,937.50** | **$4,314.78** | **$362,587.95** | **$1,767.98** | **$147,349.55 (fees)**<br><br>**$2,546.80 (expenses)** | **--** | **--** |

14. Below is a summary of the monthly fee applications filed by the FCR for the Fourth Quarterly Period, a summary of time expended by the FCR during the Fourth Quarterly Period, as well as a summary of fees incurred by project category and a summary of the reasonable and necessary out-of-pocket expenses incurred by the FCR during the Fourth Quarterly Period.

## MONTHLY FEE APPLICATIONS FILED FOR FOURTH QUARTERLY PERIOD

| Date Filed (DI No.) | Period Covered | Requested Fees (100%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | Fees/Expenses Paid To |
|---|---|---|---|---|---|---|
| 2/25/14 D.I. 31863 | 1/1/14-1/15/14 | $36,566.25 | $890.80 | $0.00 | $0.00 | Orrick |
| 2/25/14 D.I. 31891 | 1/16/14-2/3/14 | $83,530.25 | $1,656.00 | $0.00 | $0.00 | Frankel Wyron LLP |
| **TOTAL:** | **1/1/14-2/3/14** | **$120,096.50** | **$2,546.80** | **$0.00** | **$0.00** | -- |

## SUMMARY OF TIME EXPENDED BY
## PROFESSIONAL DURING FOURTH QUARTERLY PERIOD

| Name of Professional | Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Roger Frankel | FCR | $995 | 126.80 | $120,096.50 |
| **TOTAL:** | | | **126.80** | **$120,096.50**[2] |
| **Blended Rate: $947.13** | | | | |

## SUMMARY OF COMPENSATION BY
## PROJECT CATEGORY DURING FOURTH QUARTERLY PERIOD

| Project Category | Hours | Fees |
|---|---|---|
| Compensation of FCR | 2.30 | $2,288.50 |
| Litigation | 112.30 | $111,738.50 |
| Travel (Non-Working) | 12.20 | $6,069.50 |
| **TOTAL:** | **126.80** | **$120,096.50** |

---

[2] This amount includes a reduction of $6,069.50 for non-working travel, which was billed at one-half the hourly rate.

**SUMMARY OF EXPENSES INCURRED DURING FOURTH QUARTERLY PERIOD**

| Expense Category | Expenses Requested |
|---|---|
| Air | $2,144.80 |
| Taxi | $55.00 |
| Train | $347.00 |
| **TOTAL:** | **$2,546.80** |

15. Below is a summary of time expended by the FCR during the Final Fee Period, as well as a summary of fees incurred by project category and a summary of the reasonable and necessary out-of-pocket expenses incurred by the FCR during the Final Fee Period.

**TIME EXPENDED BY FCR DURING FINAL FEE PERIOD**

| Name of Professional | Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Roger Frankel | FCR | $995 | 523.50 | $509,937.50 |
| **TOTAL:** | | | **523.50** | **$509,937.50[3]** |
| **Blended Rate: $974.09** | | | | |

**COMPENSATION BY PROJECT CATEGORY DURING FINAL FEE PERIOD**

| Project Category | Hours | Fees |
|---|---|---|
| Compensation of FCR | 5.60 | $5,572.00 |
| Compensation of Other FCR Professionals | 1.00 | $995.00 |
| Litigation | 379.70 | $377,801.50 |
| Plan of Reorganization | 77.70 | $77,311.50 |
| Retention of FCR and FCR Professionals | 37.50 | $37,312.50 |
| Travel (Non-Working) | 22.00 | $10,945.00 |
| **TOTAL:** | **523.50** | **$509,937.50** |

---

[3] This amount includes a reduction of $10,945.00 for non-working travel, which was billed at one-half the hourly rate.

**EXPENSES INCURRED DURING FINAL FEE PERIOD**

| Expense Category | Expenses Requested |
|---|---|
| Duplicating | $368.83 |
| Meals | $235.80 |
| Postage | $123.57 |
| Travel – Air | $3,037.80 |
| Travel – Taxi | $201.78 |
| Travel – Train | $347.00 |
| | |
| **TOTAL:** | **$4,314.78** |

16. As set forth in the FCR's monthly and quarterly fee applications, in accordance with the factors enumerated in 11 U.S.C. § 330, approval of the fees requested for the Final Fee Period is fair and reasonable given (a) the complexity of the case, (b) the time expended by the FCR, (c) the nature and extent of the services rendered, (d) the value of such services to the Debtors and their estates in consummating the Plan, and (e) the costs of comparable services other than in a case under this title.  In addition, the out-of-pocket expenses for which reimbursement is sought were actual, reasonable, and necessary costs incurred by the FCR while providing services in connection with these Chapter 11 Cases and preserving the value of the Debtors' estates.

17. Pursuant to Bankruptcy Rule 2016(b), the FCR has not shared and has not agreed to share, except with his law firms Orrick and FW LLP, as set out in paragraph 9 above, (a) any compensation he has received with another party or person, or (b) any compensation another person or party has received or may receive in connection with these Chapter 11 Cases.

**Review of Applicable Local Rule**

18. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Final Fee Application substantially complies with Rule 2016-2.

9

## Notice

19. Notice of this Final Fee Application has been served upon the notice parties as specified in the Administrative Order.  The FCR submits that no other or further notice is required.

## No Prior Request

20. Other than the quarterly and monthly fee applications filed by the FCR in these Chapter 11 Cases, no previous application in respect of the relief requested herein has been made to this or any other Court.

WHEREFORE, for all the foregoing reasons, the FCR respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, as follows:

(i)       awarding him final compensation for services rendered and expenses incurred in connection with his service as the FCR in these Chapter 11 Cases from May 16, 2013 through February 3, 2014, in the amount of $509,937.50 in fees and $4,314.78 in expenses, for a total award of $514,252.28; and

(ii)       granting such other relief as this Court deems just and proper.

Respectfully submitted,

*/S/ ROGER FRANKEL*
Roger Frankel, Asbestos PI Future
Claimants' Representative
FRANKEL WYRON LLP
2101 L Street, N.W., Suite 800
Washington, DC  20037
(202) 903-0700
(202) 627-3002 (facsimile)

Dated: May 2, 2014