IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 01-01139 (KJC) |
| W.R. GRACE & CO., *et al.*,[1] | (Jointly Administered) |
| Reorganized Debtors. | **Obj. Dead.: 11/3/14 @ 4:00 p.m. (ET)** |
| | **Hrg. Date: TBD** |

**MARK HANKIN AND HANMAR ASSOCIATES MLP'S REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE PRIORITY CLAIM AND RESERVATION OF RIGHTS**

Mark Hankin and Hanmar Associates MLP (together, "Hanmar"), hereby respectfully request allowance and payment of an administrative expense priority claim and reserve all rights with respect to same (the "Administrative Claim") and in support hereof, Hanmar respectfully states as follows:

## Background

1. On April 2, 2001 (the "Petition Date"), the above-captioned, reorganized debtors, along with certain of their debtor-affiliates whose cases are now closed, each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code").

2. Prior to the Petition Date, on November 2, 1988, Hanmar entered into that certain Lease Agreement (the "Original Lease") with Pyrotec Industries, Inc. ("Pyrotec"), pursuant to which Hanmar leased certain non-residential real property located at 1330 Industry

[1] The Reorganized Debtors consist of the following 17 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co. – Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

Road, Hatfield, PA 19440, to Pyrotec. Pursuant to certain addenda, amendments, attachments and an Assignment (collectively and together with the Original Lease, the "Lease"), the Lease was extended, revised and Debtor W.R. Grace & Co. – Conn. (the "Debtor Tenant") became the tenant under the Lease and assumed all obligations as lessee under the Lease.

3. On October 27, 2009, the Debtors filed the Notice of Rejection of an Unexpired Lease of Non-residential Real Property (D.I. 23573) (the "Rejection Notice"), pursuant to which Debtors rejected the Lease under section 365 of the Bankruptcy Code effective October 27, 2009 (the "Rejection Date"). In accordance with the Rejection Notice, Hanmar filed proofs of claim (the "Original Claims")[2] on November 24, 2009.

4. The Original Claims included amounts for pre-petition rent, restoration costs and rejection damages, capped in accordance with section 502(g) of the Bankruptcy Code. However, several of the restoration costs were estimates, because at the time Hanmar was required to file the Original Claims, the work giving rise to such costs had not yet been completed. As such, on September 21, 2011, Hanmar filed supplemental proofs of claim (the "Supplemental Claims" and, together with the Original Claims, the "Prepetition Claim")[3] so as to include liquidated amounts for the restoration costs. Hanmar's Prepetition Claim totals $787,850.23, consisting of: (i) $17,250.05 in pre-petition rent; (ii) $520,237.10 in restoration costs; and (iii) $250,363.08 in damages for Debtors' early termination of the Lease, capped in accordance with § 502(b)(6). Hanmar and the Debtors have engaged in extensive discussions regarding the Prepetition Claim, but have yet to reach agreement.

---

[2] Hanmar filed one claim in the Debtor Tenant's bankruptcy case and an identical claim in the bankruptcy case of lead debtor W.R. Grace & Co.

[3] As with the Original Claims, Hanmar filed one Supplemental Claim in the Debtor Tenant's bankruptcy case and an identical claim in the lead bankruptcy case.

5. In January and February 2011, this Court entered Orders and Opinions (D.I. 26155, 26289) (the "Confirmation Order") confirming the Debtors First Amended, Modified Joint Plan (the "Plan"). The Effective Date of the Plan occurred on February 3, 2014 and the Debtors established May 5, 2014 as the deadline for filing administrative claims.

**Jurisdiction**

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue lies properly with this Court pursuant to 28 U.S.C. § 1408.

7. The statutory predicates for the relief requested herein are sections 105, 365(d)(3) and 503(b)(1)(a) of the Bankruptcy Code and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Administrative Claim**

8. Clearly, those portions of Hanmar's Prepetition Claim based upon pre-petition rent and damages for unpaid post-rejection rent constitute pre-petition, general unsecured claims. 11 U.S.C. § 365(g)(1). However, the Reorganized Debtors may assert that certain of the restoration costs might constitute administrative priority claims because such costs become due and payable, under the terms of the Lease, during that period between the Petition Date and the Rejection Date. *See* 11 U.S.C. § 365(d)(3); *Centerpoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 268 F.3d 205, 211 (3d Cir. 2001). As such, in an abundance of caution given the deadline for submitting administrative claims, Hanmar hereby asserts a claim in the amount of $520,237.10, allowable and payable as an administrative priority claim pursuant to sections 365(d)(3) and 503(b)(1) of the Bankruptcy Code to the extent, if at all, that the Court ultimately rules that such amounts are not properly allowable as a component of Hanmar's Prepetition Claim and are instead an administrative

expense. Hanmar reserves all rights on that issue, and respectfully requests that this Administrative Claim be adjudicated in conjunction with any objection the Reorganized Debtors may file to Hanmar's Prepetition Claim.

**Reservation of Rights**

9. This Administrative Claim is not intended to amend, supersede, revise or modify in any respect Hanmar's pending Prepetition Claim. Rather, it is consistent with the statement in the Prepetition Claim that "[t]o the extent any portion of the Claim (as supplemented hereby) is entitled to priority treatment under the Bankruptcy Code, Claimant asserts such portion of the Claim as a priority claim." Hanmar files this Administrative Claim so as to comply with the applicable bar date and to preserve its rights with respect to any restoration costs that ultimately are found to constitute administrative expenses. However, Hanmar will make appropriate adjustments to its Prepetition Claim or this Administrative Claim, as the case may be, depending upon the ultimate allowance and treatment of the restoration costs. Hanmar respectfully incorporates hereby by reference the facts stated its Prepetition Claim, including without limitation all attachments and supporting documentation.

WHEREFORE, Hanmar respectfully requests allowance and payment of $520,237.10 as an administrative expense claim to the extent, if at all, that the Court ultimately rules that such amounts are not properly allowable as a component of Hanmar's Prepetition Claim and are instead an administrative claim, reserves its rights as set forth herein, and requests such other and further relief as the Court deems just and proper.

Dated: May 5, 2014
Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ James C. Carignan

David M. Fournier (DE No. 2812)
James C. Carignan (DE No. 4230)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, Delaware 19801
Telephone (302) 777-6500
Facsimile (302) 421-8390

*Attorneys for Mark Hankin and Hanmar Associates MLP*