**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.,** | ) | **Case No. 01-1139 (KJC)** **Jointly Administered** |
| **Reorganized Debtors.** | ) | **Objection Date: July 7, 2014 at 4:00 p.m.** **Hearing: October 14, 2014 at 10:00 a.m.** |

**FINAL FEE APPLICATION OF THE ESTATE OF DAVID T. AUSTERN, FORMER ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, BY HIS PERSONAL REPRESENTATIVE, FOR (I) ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM MAY 24, 2004 THROUGH JUNE 30, 2012 AND (II) WAIVER OF CERTIFICATION REQUIREMENT OF LOCAL RULE 2016-2(G)**

Pursuant to sections 330 and 503 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the Court's Administrative Order,[1] the estate of David T. Austern, the former Court-appointed legal representative for future asbestos personal injury claimants (the "Former FCR"), by his Personal Representative,[2] hereby submits this final application (the "Final Fee Application") for final award of (i) compensation for professional services rendered by the Former FCR in these Chapter 11 cases from May 24, 2004

[1] The "Administrative Order" refers collectively to the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002 [Dkt. No. 1949], and the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 [Dkt. No. 198].

[2] Marilyn Austern (the "Personal Representative") was appointed to serve as the personal representative of Mr. Austern's estate.

through June 30, 2012[3] (the "Final Fee Period") in the amount of $332,700.00, (ii) reimbursement of expenses incurred during the Final Fee Period in the amount of $19,209.39, for a total amount of $351,909.39. and (iii) waiver of the certification requirement of Local Rule 2016-2(g). In support of this Final Fee Application, the Personal Representative respectfully states as follows:

**Unique Circumstances of this Final Fee Application**

1. The Personal Representative is filing this Final Fee Application to comply with the requirements of Section 330 of the Bankruptcy Code. The Personal Representative has no personal knowledge of the matters set forth in this Final Fee Application, but rather has relied upon (i) information contained in the monthly and quarterly fee applications filed by the Former FCR during the Chapter 11 Cases and the certifications he signed and filed contemporaneously with each such application, (ii) information concerning this Final Fee Application provided by counsel who represented the Former FCR during the Chapter 11 Cases, and (iii) the advice of her own counsel.

2. The fees and expenses described in this Final Fee Application were reviewed on a quarterly basis by the Fee Auditor appointed by the Court, approved by the Court on an interim basis, and fully paid by the Debtors to the Former FCR prior to his death. Thus, this Final Fee Application, if granted, would not result in the payment of any additional amounts to Mr. Austern's Estate.

[3] The Former FCR served as the asbestos personal injury future claimants' representative in these cases from May 24, 2004 until the time of his death in May 2013. He filed his last quarterly fee application in September 2012 for the period ending June 30, 2012. After June 30, 2012, the Former FCR continued to perform services as the asbestos personal injury future claimants' representative but did not seek compensation from the Debtors or their estates for fees or for reimbursement of expenses incurred.

## **Jurisdiction**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for relief sought herein are Sections 330 and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## **Factual Background of the Chapter 11 Cases**

4. On April 2, 2001, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases were consolidated for administrative purposes only.

5. Effective as of May 24, 2004, the Court appointed David T. Austern as the legal representative for future asbestos personal injury claimants in these Chapter 11 Cases [Dkt. No. 5645]. Mr. Austern served as the asbestos personal injury future claimants' representative in these Chapter 11 Cases until his death in May 2013.

6. After years of litigation and negotiation, the Debtors filed the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., *et al.*, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as modified through December 23, 2010 (as amended from time to time, the "Plan").

7. This Court confirmed the Plan by order entered January 31, 2011 [Dkt. No. 26155] (the "Confirmation Order"). The Confirmation Order was appealed to the United States District Court for the District of Delaware [Case No. 11-199 (lead case)], which confirmed the Plan by order issued January 30, 2012 [Dkt. No. 166]. On June 11, 2012, the District Court issued an

Amended Memorandum Opinion [Dkt. No. 217] and Amended Order [Dkt. No. 218] clarifying and expanding the discussion in its prior opinion and, once more, overruling all objections and confirming the Plan in its entirety.

8. Five parties appealed the District Court's orders confirming the Plan. The United States Court of Appeals for the Third Circuit affirmed the District Court's rulings in four of the five appeals. The parties resolved the fifth appeal in a settlement approved by this Court [Dkt. No. 31604], and the Third Circuit then entered an order dismissing that appeal [3d Cir., Case No. 12-1402, Feb. 3, 2014]. The Plan became effective on February 3, 2014 (the "Effective Date") [Dkt. No. 31732].

**The Former FCR's Monthly and Quarterly Fee Applications**

9. The Administrative Order in these Chapter 11 Cases established certain procedures for the interim and monthly payment of professional fees and reimbursement of expenses, subject to final approval of the Court.

10. Pursuant to the Administrative Order, the Former FCR filed with the Court, and served on the required parties, monthly and quarterly fee applications for the period from May 24, 2004 through June 30, 2012.

11. Each monthly fee application filed by the Former FCR during the Final Fee Period contain detailed daily time logs describing the actual and necessary services provided by the Former FCR as well as other detailed information required to be included in fee applications. In addition, each monthly and quarterly fee application was signed by the Former FCR and included a sworn verification by the Former FCR stating that the facts set forth therein were true and correct and in compliance with the Local Rules and the Administrative Order.

12. Pursuant to the Administrative Order, during the Final Fee Period, the Debtors paid the Former FCR eighty percent (80%) of his professional fees incurred and one hundred percent (100%) of his expenses as itemized in each of the Former FCR's monthly fee applications. Following the Court's approval of each of the Former FCR's quarterly fee applications, the Debtors also paid the Former FCR his twenty percent (20%) "holdback" for professional fees. There are no outstanding amounts due and owing from the Debtors to the Former FCR in connection with these Chapter 11 Cases.

**Relief Requested**

13. By this Final Fee Application, the Personal Representative respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, awarding final compensation for services rendered and expenses incurred by the Former FCR during the Final Fee Period in the amount of $332,700.00 in fees and $19,209.39 in actual and necessary expenses, for a total award of $351,909.39.

14. In support of this Final Fee Application, each of the Former FCR's previously filed quarterly fee applications, together with certifications of counsel or certifications of no objection, and the Orders of this Court relating to the same, summarized below, are incorporated herein by reference.

| **Application** | | **Requested Fees and Expenses** | | **Approved/Paid Fees and Expenses** | | **Holdback Requested** | **CNO or COC** | **Approval Order** |
|---|---|---|---|---|---|---|---|---|
| **Dated Filed (DI No.)** | **Period Covered** | **Requested Fees** | **Requested Expenses** | **Approved/ Paid Fees** | **Approved/ Paid Expenses** | **Requested Fees** | **Dated Filed (DI No.)** | **Dated Filed (DI No.)** |
| 10/22/04 D.I. 6698 (1st Quarterly) | 5/24/04-6/30/04 | $8,950.00 | $28.00 | $8,950.00 | $28.00 | $0.00 | 12/10/04 D.I. 7138 | 1/26/04 D.I. 7622 |
| 11/15/04 D.I. 6917 (2nd Quarterly) | 7/1/04-9/30/04 | $16,150.00 | $273.00 | $16,150.00 | $273.00 | $0.00 | 3/9/05 D.I. 7996 | 3/22/05 D.I. 8081 |

| **Application** | | **Requested Fees and Expenses** | | **Approved/Paid Fees and Expenses** | | **Holdback Requested** | **CNO or COC** | **Approval Order** |
|---|---|---|---|---|---|---|---|---|
| **Dated Filed (DI No.)** | **Period Covered** | **Requested Fees** | **Requested Expenses** | **Approved/ Paid Fees** | **Approved/ Paid Expenses** | **Requested Fees** | **Dated Filed (DI No.)** | **Dated Filed (DI No.)** |
| | | | | | | | | |
| 2/23/05 D.I. 7868 (3rd Quarterly) | 10/1/04-12/31/04 | $21,300.00 | $53.00 | $21,300.00 | $53.00 | $0.00 | 6/14/05 D.I. 8613 | 6/29/05 D.I. 8728 |
| 5/23/05 D.I. 8482 (4th Quarterly) | 1/1/05-3/31/05 | $2,400.00 | $0.00 | $2,400.00 | $0.00 | $0.00 | 9/15/05 D.I. 9419 | 9/27/05 D.I. 9513 |
| 11/11/05 D.I. 11047 (5th Quarterly) | 4/1/05-6/30/05 | $2,100.00 | $0.00 | $2,100.00 | $0.00 | $0.00 | 12/5/05 D.I. 11253 | 12/21/05 D.I. 11402 |
| 4/18/06 D.I. 12257 (6th Quarterly) | 7/1/05-9/30/05 | $400.00 | $0.00 | $400.00 | $0.00 | $0.00 | 12/5/05 D.I. 12593 | 6/20/07 D.I. 16105 |
| 4/18/06 D.I. 12258 (7th Quarterly) | 10/1/05-12/31/05 | $3,900.00 | $0.00 | $3,900.00 | $0.00 | $0.00 | 6/6/06 D.I. 12594 | 6/16/06 D.I. 12660 |
| 5/9/06 D.I. 12384 (8th Quarterly) | 1/1/06-3/31/06 | $12,100.00 | $1,377.45 | $12,100.00 | $1,377.45 | $0.00 | 6/6/06 D.I. 12595 | 9/26/06 D.I. 13298 |
| 10/30/06 D.I. 13524 (9th Quarterly) | 4/1/06-6/30/06 | $10,550.00 | $1,403.20 | $10,550.00 | $1,403.20 | $0.00 | 12/11/06 D.I. 13990 | 12/19/06 D.I. 14069 |
| 12/11/06 D.I. 13986 (10th Quarterly) | 7/1/06-9/30/06 | $7,050.00 | $222.48 | $7,050.00 | $222.48 | $0.00 | 3/27/07 D.I. 14990 | 3/30/07 D.I. 15044 |
| 2/21/07 D.I. 14631 (11th Quarterly) | 10/1/06-12/31/06 | $13,750.00 | $0.00 | $13,750.00 | $0.00 | $0.00 | 6/15/07 D.I. 16052 | 6/20/07 D.I. 16105 |
| 10/5/07 D.I. 17007 (12th Quarterly) | 1/1/07-3/31/07 | $15,000.00 | $473.80 | $15,000.00 | $473.80 | $0.00 | 9/17/07 D.I. 16850 | 9/25/07 D.I. 16916 |
| 10/5/07 D.I. 17008 (13th Quarterly) | 4/1/07-6/30/07 | $8,900.00 | $0.00 | $8,900.00 | $0.00 | $0.00 | 12/7/07 D.I. 17579 | 12/13/07 D.I. 17629 |
| 1/11/08 D.I. 17799 | 7/1/07-9/30/07 | $18,650.00 | $1,499.89 | $18,650.00 | $1,499.89 | $0.00 | 3/4/08 D.I. 18197 | 3/12/08 D.I. 18270 |

| Application | | Requested Fees and Expenses | | Approved/Paid Fees and Expenses | | Holdback Requested | CNO or COC | Approval Order |
|---|---|---|---|---|---|---|---|---|
| **Dated Filed (DI No.)** | **Period Covered** | **Requested Fees** | **Requested Expenses** | **Approved/ Paid Fees** | **Approved/ Paid Expenses** | **Requested Fees** | **Dated Filed (DI No.)** | **Dated Filed (DI No.)** |
| (14th Quarterly) | | | | | | | | |
| 4/29/08 D.I. 18632 (15th Quarterly) | 10/1/07- 12/31/07 | $20,500.00 | $1,557.27 | $20,500.00 | $1,268.27 | $0.00 | Not filed | 6/23/08 D.I. 18989 |
| 8/4/08 D.I. 19220 (16th Quarterly) | 1/1/08- 3/31/08 | $29,300.00 | $3,527.13 | $29,300.00 | $3,527.13 | $0.00 | 9/25/08 D.I. 19619 | 10/1/08 D.I. 19663 |
| 10/13/08 D.I. 19733 (17th Quarterly) | 4/1/08- 6/30/08 | $10,850.00 | $1,099.52 | $10,850.00 | $1,099.52 | $0.00 | 12/12/08 D.I. 20264 | 12/17/08 D.I. 20283 |
| 1/15/09 D.I. 20524 (18th Quarterly) | 7/1/08- 9/30/08 | $16,750.00 | $2,203.00 | $16,750.00 | $2,203.00 | $0.00 | 3/3/09 D.I. 21164 | 4/2/09 D.I. 21173 |
| 4/13/09 D.I. 21251 (19th Quarterly) | 10/1/08- 12/31/08 | $12,250.00 | $0.00 | $12,250.00 | $0.00 | $0.00 | 6/26/09 D.I. 22258 | 7/7/09 D.I. 22354 |
| 7/24/09 D.I. 22621 (20th Quarterly) | 1/1/09- 3/31/09 | $9,300.00 | $0.00 | $9,300.00 | $0.00 | $0.00 | 9/22/09 D.I. 23315 | 9/28/09 D.I. 23352 |
| 11/11/09 D.I. 23729 (21st Quarterly) | 4/1/09- 6/30/09 | $32,800.00 | $1,166.43 | $32,800.00 | $1,166.43 | $0.00 | 12/8/09 D.I. 23965 | 12/11/09 D.I. 23996 |
| 2/12/10 D.I. 24279 (22nd Quarterly) | 7/1/09- 9/30/09 | $37,850.00 | $2,246.92 | $37,850.00 | $2,148.92 | $0.00 | 3/15/10 D.I. 24448 | 3/19/10 D.I. 24470 |
| 8/6/10 D.I. 25810 (23rd Quarterly) | 1/1/10- 3/31/10 | $1,100.00 | $0.00 | $1,100.00 | $0.00 | $0.00 | 9/10/10 D.I. 25393 | 9/13/10 D.I. 25937 |
| 8/6/10 D.I. 25181 (24th Quarterly) | 4/1/10- 6/30/10 | $1,900.00 | $0.00 | $1,900.00 | $0.00 | $0.00 | 12/6/10 D.I. 25866 | 12/10/10 D.I. 25905 |
| 3/25/11 D.I. 26631 (25th Quarterly) | 10/1/10- 12/31/10 | $1,800.00 | $724.90 | $1,800.00 | $724.90 | $0.00 | 6/28/11 D.I. 27178 | 6/30/11 D.I. 27188 |
| 8/16/11 D.I. 27446 | 1/1/11- 3/31/11 | $3,200.00 | $824.40 | $3,200.00 | $824.40 | $0.00 | 9/19/11 D.I. 27620 | 9/20/11 D.I. 27622 |

| Application | | Requested Fees and Expenses | | Approved/Paid Fees and Expenses | | Holdback Requested | CNO or COC | Approval Order |
|---|---|---|---|---|---|---|---|---|
| Dated Filed (DI No.) | Period Covered | Requested Fees | Requested Expenses | Approved/ Paid Fees | Approved/ Paid Expenses | Requested Fees | Dated Filed (DI No.) | Dated Filed (DI No.) |
| (26th Quarterly) | | | | | | | | |
| 8/16/11 D.I. 27441 (27th Quarterly) | 4/1/11-6/30/11 | $2,950.00 | $0.00 | $2,950.00 | $0.00 | $0.00 | 12/12/11 D.I. 28143 | 12/13/11 D.I. 28150 |
| 1/26/12 D.I. 28425 (28th Quarterly) | 7/1/11-9/30/11 | $3,150.00 | $0.00 | $3,150.00 | $0.00 | $0.00 | 3/12/12 D.I. 28658 | 3/23/12 D.I. 28705 |
| 3/27/12 D.I. 28725 (29th Quarterly) | 10/1/11-12/31/11 | $1,750.00 | $0.00 | $1,750.00 | $0.00 | $0.00 | 6/11/12 D.I. 29040 | 6/14/12 D.I. 29054 |
| 9/20/12 D.I. 29643 (30th Quarterly) | 1/1/12-3/31/12 | $2,900.00 | $441.00 | $2,900.00 | $441.00 | $0.00 | 12/10/12 D.I. 30020 | 12/11/12 D.I. 30036 |
| 9/20/12 D.I. 29644 (31st Quarterly) | 4/1/12-6/30/12 | $3,150.00 | $475.00 | $3,150.00 | $475.00 | $0.00 | 12/10/12 D.I. 30020 | 12/11/12 D.I. 30036 |
| **TOTAL:** | 5/24/04-6/30/12 | **$332,700.00** | **$19,596.39** | **$332,700.00** | **$19,209.39** | $0.00 | -- | -- |

15. Below is a summary of time expended by the Former FCR during the Final Fee Period, as well as a summary of fees incurred by project category and a summary of the reasonable and necessary out-of-pocket expenses incurred by the Former FCR.

**SUMMARY OF TIME EXPENDED**
**BY THE FORMER FCR DURING THE FINAL FEE PERIOD**

| Name of Professional | Position of the Applicant | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| David T. Austern | Asbestos Personal Injury Future Claimants' Representative | $500.00 | 670.90 | $332,700.00[4] |
| **Blended Rate:** | **$495.90** | | | |

[4] This amount includes a reduction of $2,000.00 for non-working travel, which was billed at one-half the hourly rate.

**SUMMARY OF FEES INCURRED BY**
**PROJECT CATEGORY DURING THE FINAL FEE PERIOD**

| Project Category | Hours Billed | Total Fees Requested |
|---|---|---|
| Case Administration | 22.0 | $11,000.00 |
| Claims | 6.3 | $3,150.00 |
| Due Diligence | 1.1 | $550.00 |
| Insurance | 62.5 | $31,250.00 |
| Litigation | 261.0 | $129,750.00 |
| Plan and Disclosure Statement | 239.0 | $119,500.00 |
| Retention of Professionals | 9.0 | $4,500.00 |
| Travel (Non-Working) – Hours billed were reduced by one-half and billed at $500 | 21.2 | $10,600.00 |
| Travel (Non-Working) – No reduction in hours billed but hourly rate was reduced by one-half ($250/hr) | 8.0 | $2,000.00 |
| Trust Distribution Procedures | 40.8 | $20,400.00 |
| **TOTAL:** | **670.9** | **$332,700.00** |

**SUMMARY OF EXPENSES INCURRED DURING THE FINAL FEE PERIOD**

| Expense Category | Expenses Requested/Approved |
|---|---|
| Hotels | $3,276.02 |
| Meals | $75.00 |
| Parking | $683.00 |
| Travel – Airfare, Train, Mileage | $14,088.69 |
| Travel – Taxi | $1,473.68 |
| **TOTAL:** | **Expenses Requested: $19,596.39**<br>**Expenses Approved: $19,209.39**[5] |

[5] The Former FCR agreed to reduce his expenses in the aggregate amount of $387.00 in connection with his 15th and 22nd quarterly fee applications.

16. As set forth in the Former FCR's monthly and quarterly fee applications, in accordance with the factors enumerated in 11 U.S.C. § 330, approval of the fees requested for the Final Fee Period is fair and reasonable given (a) the complexity of the case, (b) the time expended by the Former FCR, (c) the nature and extent of the services rendered, (d) the value of such services to the Debtors and their estates, and (e) the costs of comparable services other than in a case under this title. In addition, the out-of-pocket expenses for which reimbursement is sought were actual, reasonable, and necessary costs incurred by the Former FCR in the performance of his duties.

17. The Former FCR received full payment from the Debtors for his services and related expenses in these Chapter 11 Cases in the total amount of $351,909.39, which represents 100% of fees and 100% of expenses incurred during the Final Fee Period from May 24, 2004 through June 30, 2012.

18. As stated in each of the Former FCR's monthly and quarterly fee applications, pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, the Former FCR did not share (a) any compensation he received with another party or person, or (b) any compensation another person or party has received in connection with these Chapter 11 Cases.

**Review of Applicable Local Rule**

19. The undersigned has reviewed the requirements of Local Rule 2016-2 and, upon the advice of counsel, believes that this Final Fee Application substantially complies with Rule 2016-2.

**Notice**

20. Notice of this Final Fee Application has been served upon the notice parties as specified in the Administrative Order. The Personal Representative submits that no other or further notice is required.

**No Prior Request**

21. Other than the applicable quarterly and monthly fee applications filed by the Former FCR in these Chapter 11 Cases, no previous application in respect of the relief requested herein has been made to this or any other Court.

**Request for Waiver of the Certification Requirement Under Local Rule 2016-2(g)**

22. The Personal Representative respectfully requests that the Court waive the certification requirement of Local Rule 2016-2(g) for this Final Fee Application under the unique circumstances present here. Because the Personal Representative lacks personal knowledge of the work the Former FCR performed and the expenses he incurred before his death, it is impossible for her to certify upon personal knowledge that this Final Fee Application complies with the Local Rules.

23. This circumstance, however, does not leave the Court without appropriate certifications in the record. The Former FCR signed and filed a certification for each of his quarterly fee applications that are included in this Final Fee Application. Because this Final Fee Application seeks final approval of only those fees and expenses that were previously the subject of a certification executed by the Former FCR, the Personal Representative respectfully requests that the Court waive the Certification Requirement for this Final Fee Application.

24. The Personal Representative recognizes that Local Rule 2016-2(h) provides that a waiver request generally should be included in the same motion in which the person seeks to be employed or filed with the Court as soon as possible thereafter. Under the circumstances present here, the Personal Representative respectfully requests that the Court consider this waiver request at this time.

WHEREFORE, for all the foregoing reasons, the Personal Representative respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, as follows:

(i) awarding final compensation for services rendered and expenses incurred by the Former FCR from May 24, 2004 through June 30, 2012 in the amount of $332,700.00 in fees and $19,209.39 in expenses, for a total award of $351,909.39; and

(ii) granting such other relief as this Court deems just and proper.

Dated: May 5, 2014

Respectfully submitted,

*/S/ MARILYN AUSTERN*

Marilyn Austern
c/o Earl Colson, Esquire
Arent Fox LLP
1717 K Street, N.W.
Washington, D.C. 20036
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

*Personal Representative of the Estate of David T. Austern, Former FCR*