IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |

**SUMMARY OF INTERIM AND FINAL VERIFIED APPLICATION OF VENABLE LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE FIFTY-FIRST THROUGH FIFTY-SECOND QUARTERS FROM OCTOBER 1, 2013 THROUGH FEBRUARY 3, 2014, AND FINAL VERIFIED APPLICATION OF VENABLE LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENESES AS SPECIAL COUNSEL TO W. R. GRACE & CO., ET AL. FOR THE PERIOD FROM NOVEMBER 1, 2008 THROUGH SEPTEMBER 30, 2013**

| | |
|---|---|
| Name of Applicant: | **Venable LLP ("Venable")** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retention Order[2] entered June 24, 2009, effective as of May 22, 2009** |
| Period for which interim compensation and reimbursement is sought (the "Interim Fee Period"): | **October 1, 2013 through February 3, 2014** |
| Period for which final compensation and reimbursement is sought (the "Final Fee Period"): | **November 1, 2008 through February 3, 2014** |
| Amount of Compensation sought as actual, reasonable and necessary for the Interim Fee Period: | **$57,803.73** |

---

[1] The Reorganized Debtors comprise the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

[2] Terms not defined herein shall have the meanings ascribed to them in the Interim Verified Application of Venable LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Thirty-Eighth through fiftieth Quarters from July 1, 2009 through September 30, 2013 (the "Fee Application").

8125135-v1

Amount of Expense Reimbursement sought as actual, reasonable and necessary for the Interim Fee Period: **$128.87**

Amount of Fees and Expenses that have been received for the Interim Fee Period: **$0.00**

Total Fees and Expenses in Excess of payments received for the Interim Fee Period: **$57,932.60**

Amount of Compensation sought as actual, reasonable and necessary for the Final Fee Period: **$3,092,177.94**

Amount of Expense Reimbursement sought as actual, reasonable and necessary for the Final Fee Period: **$962,108.61**

This is a ___ monthly _x_ interim _x_ final application.

Previous fee applications:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| November 5, 2009 | 11/1/2008-6/30/2009 | $709,294.00 | $6,405.06 | $706,595.00 | $6,405.06 |
| November 5, 2009 | 7/1/2009-7/31/2009 | $50,849.50 | $75,008.99 | Interim approval[3] | Interim approval |
| November 24, 2009 | 8/1/2009-8/31/2009 | $134,090.00 | $102,335.48 | Interim approval | Interim approval |
| November 24, 2009 | 9/1/2009-9/30/2009 | $306,602.00 | $118,095.92 | Interim approval | Interim approval |
| November 24, 2009 | July-September 2009 | $491,541.50 | $295,440.39 | $491,292.50 | $295,440.39 |
| February 26, 2010 | 10/1/2009-10/31/2009 | $479,238.00 | $266,326.39 | Interim approval[4] | Interim approval |
| April 16, 2010 | 11/1/2009-11/30/2009 | $398,519.00 | $163,488.22 | Interim approval | Interim approval |
| April 30, 2010 | 12/1/2009-12/31/2009 | $305,242.96 | $108,454.93 | Interim approval | Interim approval |

---

[3] The fees and expenses requested in the July through September 2009 interim monthly applications were approved on an interim basis pursuant to the Order entered by this Court on March 19, 2010.

[4] The fees and expenses requested in the October through December 2009 interim monthly applications were approved on an interim basis pursuant to the Order entered by this Court on June 7, 2010.

2

| | | | | | |
|---|---|---|---|---|---|
| May 3, 2010 | October-December 2009 | $1,182,999.96 | $538,269.54 | $1,179,018.46 | $538,269.54 |
| May 19, 2010 | 1/1/2010-1/31/2010 | $271,084.25 | $97,840.12 | Interim approval[5] | Interim approval |
| May 19, 2010 | 2/1/2010-2/28/2010 | $157,136.50 | $17,784.35 | Interim approval | Interim approval |
| May 19, 2010 | 3/1/2010-3/31/2010 | $7,968.00 | $640.70 | Interim approval | Interim approval |
| May 19, 2010 | January-March 2010 | $436,188.75 | $116,265.17 | $436,188.75 | $116,265.17 |
| August 18, 2011 | 4/1/2010-4/30/2010 | $2,500.00 | $162.02 | Interim approval | Interim approval[6] |
| August 18, 2011 | 5/1/2010-5/31/2010 | $9,000.00 | $3.50 | Interim approval | Interim approval |
| August 18, 2011 | April-June 2010 | $11,500.00 | $165.52 | $11,500.00 | $165.52 |
| May 2, 2014 | July 2010-Sepember 2013 | $209,779.50 | $5,434.06 | Application pending | Application pending |

The professionals of Venable who rendered services in these cases during the period Interim Fee Period are:

| Name of Professional Person | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Harry I. Atlas | Partner | 1997 | Business | $565.00 | .6 | $339.00 |
| Laura S. Bouyea | Associate | 2003 | Business | $495.00 | 62.9 | $31,135.50 |
| | Counsel | | | $535.00 | 2.3 | $1,230.50 |
| Darek S. Bushnaq | Partner | 1997 | Business | $550.00 | 4.0 | $2,200.00 |
| | | | | $590.00 | 1.0 | $590.00 |
| Dana M. Fidazzo | Partner | 2002 | Business | $710.00 | 9.4 | $6,674.00 |
| Heather L. Mitchell | Associate | 2002 | Litigation | $535.00 | .4 | $214.00 |
| Thomas A. Strong | Counsel | 1995 | Litigation | $565.00 | .3 | $169.50 |
| Thomas D. Washburne | Partner | 1981 | Business | $725.00 | 1.2 | $870.00 |
| John A. Wilhelm | Partner | 1987 | Business | $595.00 | 2.1 | $1,249.50 |
| Alan D. Yarbro | Partner | 1966 | Business | $795.00 | .8 | $636.00 |
| | | | | **Total for all attorneys** | | **$45,308.00** |

---

[5] The fees and expenses requested in the January through March 2010 interim monthly applications were approved on an interim basis pursuant to the Order entered by this Court on September 13, 2010.
[6] The fees and expenses requested in the April and May 2011 interim monthly application were approved on an interim basis pursuant to the order entered by this Court on September 20, 2011.

3

|  |  |
|---|---|
| (Less write-off) | ($994.27) |
| Total | $44,313.73 |

Grand Total for Fees (before write-off)  $45,308.00
Grand Total for Fees (after write-off)  $44,313.73
Blended Rate (after write-off)  $521.34

The Venable paralegal who rendered professional services in these cases during the Interim Fee Period are:

| Name of Professional Person | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Dorothy M. Dierdorff | Paralegal | 1998 | Business | $250.00 | 47.2 | $11,800.00 |
|  |  |  |  | $260.00 | 6.5 | $1,690.00 |
| | | | | Total for all paralegals | | $13,490.00 |

Grand Total for Fees  $13,490.00
Blended Rate  $251.21

**Compensation by Matter for the Interim Fee Period**

| Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|
| Advice Concerning Labor and Employment Matters | 3.4 | $1,972.00 |
| Advice Concerning Corporate and Securities Matters | 1.2 | $870.00 |
| Advice Concerning Fee Application Matters | 123.9 | $48,646.00 |
| Advice Concerning Local Maryland Opinion | 10.2 | $7,310.00 |
| Total | | $58,798.00 |
| Write Offs | | ($994.27) |
| Grand Total | | $57,803.73 |

**Expense Summary for the Interim Fee Period**

| Service Description | Amount |
|---|---|
| Commercial Messenger | $105.27 |
| Computer Research Services | $23.60 |
| Total of Expenses | $128.87 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |

**INTERIM AND FINAL VERIFIED APPLICATION OF VENABLE LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE FIFTY-FIRST THROUGH FIFTY-SECOND QUARTERS FROM OCTOBER 1, 2013 THROUGH FEBRUARY 3, 2014, AND FINAL VERIFIED APPLICATION OF VENABLE LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENESES AS SPECIAL COUNSEL TO W. R. GRACE & CO., ET AL. FOR THE PERIOD FROM NOVEMBER 1, 2008 THROUGH SEPTEMBER 30, 2013**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order"), Rule 2016-2 for the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the law firm of Venable LLP ("Venable"), special counsel for the

---

[1] The Reorganized Debtors comprise the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

7786869-v1

above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $57,803.73 for the reasonable and necessary legal services Venable has rendered to the Debtors for the fifty-first through fifty-second quarters from October 1, 2013 through February 3, 2014 (the "Interim Fee Period"), (ii) reimbursement for the actual and necessary expenses that Venable has incurred during the Interim Fee Period in the amount of $128.87, and (iii) final approval of all interim fee applications filed by the Applicant for the period November 1, 2008 through February 3, 2014 (the "Fee Application"). In support of this Fee Application, Venable respectfully states as follows:

## BACKGROUND

### Retention of Venable LLP

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

2. Venable was originally retained by the Debtors as an "Ordinary Course Professional" (an "OCP") in these Chapter 11 Cases to provide representation in connection with matters involving employment, employee benefits, workers' compensation and corporate/securities law issues.

3. Pursuant to the Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business [Docket No. 197] as subsequently amended (the "OCP Order"), the Debtors were authorized to pay up to $50,000 per month (the "Monthly Cap") and

up to a total $1,200,000 per professional (the "Total Expenditure Cap") during the pendency of these Chapter 11 Cases.[2]

4.    Pursuant to the OCP Order, Venable filed its Affidavit under 11 U.S.C. § 327(e) in these Chapter 11 Cases on May 25, 2001 [Docket No. 321].[3]

5.    Because Venable's fees in relation to advising and representing the Debtors in a lawsuit filed by Global Printing & Design Solutions, Inc., Case No. 13-C-08-074673 CN, Circuit Court for Howard County, Maryland (the "Global Printing Litigation"), as well as fees for other services it provides to the Debtors, began exceeding the Monthly Cap, on May 22, 2009 the Debtors filed the Application for Entry of an Order Authorizing the Retention of Venable LLP as Special Litigation Counsel to the Debtors (the "Retention Application") [Docket No. 21850].

6.    On June 24, 2009, this Court entered an Order Authorizing the Retention and Employment of Venable LLP as Special Litigation Counsel to the Debtors [Docket No. 21850] (the "Retention Order"), granting the Retention Application.

### Time Period Covered by the Fee Application

7.    The Retention Order entitles and instructs Venable to seek application for its outstanding fees and expenses in excess of OCP Caps. See Retention Order at ¶ 4. By this Fee Application, Venable seeks interim compensation for fees and expenses for the Interim Fee Period October 1, 2013 through February 3, 2014 and final approval for fees and expenses for the period November 1, 2008 through February 3, 2014 (the "Final Fee Period"). During the Interim Fee Period, Venable did not file monthly fee statements. Therefore, Venable has

---

[2] The Total Expenditure Cap was increased from $300,000 to $600,000 by the Court's December 10, 2002 Order [Docket No. 3126], increased to $800,000 by the Court's July 24, 2006 Order [Docket No. 12855], and increased to $1,200,000 by the Court's September 24, 2007 Order [Docket No. 16913].

[3] Venable LLP was formerly known as Venable, Baetjer and Howard LLP at the time it filed its Affidavit under 11 U.S.C. 327(e).

attached hereto monthly fee statements (the "Monthly Statements") for the months from October 2013 through February 2014.[4] See Exhibits 1 through 4, respectively.

8.  The Retention Order authorizes the Debtors to compensate Venable at Venable's hourly rates charged for services of this type and to reimburse Venable for actual and necessary out-of-pocket expenses, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable Local Rules and orders of this Court.

### Previous Quarterly Fee Applications

9.  Venable has previously filed the following Quarterly Fee Applications:

a.  Interim Verified Application of Venable for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-First, Thirty-Second, and Thirty-Third Quarters from November 1, 2008 through June 30, 2009 ("Application for the Thirty-First, Thirty-Second and Thirty-Third Quarters");

b.  Interim Verified Application of Venable for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-Fourth Quarter from July 1, 2009 through September 30, 2009 ("Application for the Thirty-Fourth Quarter");

c.  Interim Verified Application of Venable for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-Fifth Quarter from October 1, 2009 through December 31, 2009 ("Application for the Thirty-Fifth Quarter");

d.  Interim Verified Application of Venable for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-Sixth Quarter from January 1, 2010 through March 31, 2010 ("Application for the Thirty-Sixth Quarter");

e.  Interim Verified Application of Venable for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al., for the Thirty-Seventh Quarter from April 1, 2010 through June 30, 2010 ("Application for the Thirty-Seventh Quarter"); and

---

[4] No fees or expenses were incurred from February 1 through February 3, 2014, therefore, there is no Monthly Statement for that month.

7786869-v1                                  4

  f.  Interim Verified Application of Venable LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Thirty-Eighth through Fiftieth Quarters from July 1, 2010 through September 30, 2013 ("Application for the Thirty-Eighth through Fiftieth Quarters" and collectively, with the Application for the Thirty-First, Thirty-Second and Thirty-Third Quarters, the Application for the Thirty-Fourth Quarter, the Application for the Thirty-Fifth Quarter, the Application for the Thirty-Sixth Quarter, and the Application for the Thirty-Seventh Quarter, the "Quarterly Applications").

  10.  There have been no objections filed with respect to the Quarterly Applications. An Order was entered on December 11, 2009 granting interim compensation and reimbursement of expenses requested in the Application for the Thirty-First, Thirty-Second and Thirty-Third Quarters. An Order was entered on March 19, 2010 granting interim compensation and reimbursement of expenses requested in the Application for the Thirty-Fourth Quarter. An Order was entered on June 7, 2010 granting interim compensation and reimbursement of expenses requested in the Application for the Thirty-Fifth Quarter. An Order was entered on September 13, 2010 granting interim compensation and reimbursement of expenses requested in the Application for the Thirty-Sixth Quarter. An Order was entered on September 20, 2011, granting interim compensation and reimbursement of expenses requested in the Application for the Thirty-Seventh Quarter. The objection period for the Application for the Thirty-Eighth through Fiftieth Quarters has not yet expired.

## REQUESTED RELIEF

  11.  By this Fee Application which is submitted in accordance with the Amended Interim Compensation Order, Venable requests (a) compensation in the amount of $57,803.73 for the reasonable and necessary legal services Venable has rendered to the Debtors for the Interim Fee Period, (b) reimbursement for the actual and necessary expenses that Venable has incurred during the Interim Fee Period in the amount of $128.87; and (c) final approval of all

interim fee applications filed by the Applicant for the period November 1, 2008 through February 3, 2014.

| Date of Application | Fees | Expenses | Total |
|---|---|---|---|
| October 2013 | $15,100.00 | $0.00 | $15,100.00 |
| November 2013 | $10,665.00 | $0.00 | $10,665.00 |
| December 2013 | $19,879.00 | $0.00 | $19,879.00 |
| January 2014 | $12,159.73 | $128.87 | $12,288.60 |
| February 2014 | $0.00 | $0.00 | $0.00 |
| Total | $57,803.73 | $128.87 | $57,932.60 |

12.     During the Interim Fee Period, Venable primarily provided advice in connection preparation of fee applications, labor and employment, securities matters and Maryland opinions. The full scope of services provided and the related expenses incurred are described in the Monthly Statements, which are attached hereto as Exhibits 1 through 4.

13.     In the exercise of billing judgment and prior to submitting its invoices to the Debtors, Venable reduced its compensation billed for services rendered in this case for the period October 1, 2013 through February 3, 2014 by a total of $994.27. These reductions are already reflected in the amounts requested herein.

## DISINTERESTEDNESS

14.     As disclosed in the following affidavits:

a.      Affidavit of Jeffrey P. Ayres under 11 U.S.C. § 327(e), filed May 25, 2001 [Docket No. 321] (the "Ayres Affidavit");

b.      Affidavit of G. Stewart Webb, Jr. in Support of Application of the Debtors for the Entry of an Order Authorizing the Retention of Venable LLP as Special Litigation Counsel to the Debtors, filed May 22, 2009 [Docket No. 21850, Exhibit B] (the "Webb Affidavit"); and

c.      Supplemental Affidavit of G. Stewart Webb, Jr., Pursuant to 11 U.S.C. §327(e) in Connection with the Employment of Venable LLP [Docket No. 26671] (collectively with the Ayres Affidavit and the Webb Affidavit, the "Affidavits"),

Venable does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in § 101(14) of the Bankruptcy Code as modified by § 1107(b) of the Bankruptcy Code.

15.  Venable may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. Venable disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.

### REPRESENTATIONS

16.  Venable believes that the Fee Application complies with the requirements of Local Rule 2016-2, the Amended Interim Compensation Order and the Retention Order.

17.  Venable performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

18.  During the Interim and Final Fee Period, Venable has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than as specifically set forth herein and in the Quarterly Applications.

19.  Pursuant to Bankruptcy Rule 2016(b), Venable has not shared, nor has it agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Venable, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Venable respectfully requests that the Court enter an order providing that (a) for the Interim Fee Period, October 1, 2013 through February 3, 2014, an

administrative allowance be made to Venable in the sum of (i) $57,803.73 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $128.87 for reimbursement of actual and necessary costs and expenses incurred, for a total of $57,932.60; (b) that the Debtors be authorized and directed to pay Venable this sum less any sums previously paid to Venable for work done during the Interim Fee Period; (c) final approval of all interim fee applications filed by the Applicant for the Final Fee Period, November 1, 2008 through February 3, 2014; and (d) this Court grant such further relief as is equitable and just.

Wilmington, Delaware  
Dated: May 5, 2014

Respectfully submitted,

VENABLE LLP

/s/ Darek S. Bushnaq  
Darek S. Bushnaq  
750 E. Pratt Street, Suite 900  
Baltimore, Maryland 21202  
(410) 244-7400

Special Counsel for the Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JFK) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**VERIFICATION**

| | |
|---|---|
| STATE OF MARYLAND   ) | |
| ) | ss. |
| CITY OF BALTIMORE   ) | |

Darek S. Bushnaq, after being duly sworn according to law, deposes and says:

1. I am a partner with the applicant law firm Venable LLP ("Venable").

2. I have personally performed some of the legal services rendered by Venable as counsel to the above-captioned debtors and debtors in possession (the "Debtors"), and I am familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of Venable.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[1] The Reorganized Debtors comprise the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

7786869-v1

3. I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

/s/ Darek S. Bushnaq
Darek S. Bushnaq

SWORN AND SUBSCRIBED
Before me this 5th day of May, 2014

/s/ Deborah L. Llewellyn
Notary Public
My Commission Expires: 3/23/2016