THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| W. R. GRACE & CO., et al., | ) | **Case No. 01-01139 (KJC)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |

*Objection Deadline: July 8, 2014 at 4 PM*
*Hearing Date: October 14, 2014 at 10 AM*

**FINAL APPLICATION OF BLACKSTONE ADVISORY PARTNERS L.P.
AS FINANCIAL ADVISOR TO W. R. GRACE & CO. FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
ACTUAL AND NECESSARY OUT-OF-POCKET EXPENSES INCURRED
FOR THE PERIOD APRIL 2, 2001 THROUGH FEBRUARY 3, 2014**

## SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | Blackstone Advisory Partners L.P. |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | June 22, 2001, effective April 2, 2001 |
| Period for which compensation and reimbursement is sought: | April 2, 2001 through February 3, 2014 |
| Amount of Compensation sought as actual, reasonable and necessary: | $27,219,166.67 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $299,446.21 |
| Cash Payment Sought: | $5,099,996.70 |

This is a ___ monthly          ___ interim          x  final application

**CUMULATIVE SUMMARY OF QUARTERLY INTERIM FEE APPLICATIONS OF
BLACKSTONE ADVISORY PARTNERS L.P. AS FINANCIAL ADVISOR
TO W. R. GRACE & CO. AND AFFILIATES FOR COMPENSATION AND
REIMBURSEMENT OF OUT-OF-POCKET EXPENSES INCURRED FOR THE
PERIOD OF APRIL 2, 2001 THROUGH FEBRUARY 3, 2014**

| Date Filed [ECF No.] | Period(s) Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 07/31/01 [783] | 04/02/01 – 06/30/01 | $519,166.67 | $7,663.95 | $519,166.67 | $7,663.95 |
| 12/29/01 [1429] | 07/01/01 – 09/30/01 | $525,000.00 | $31,475.46 | $525,000.00 | $31,475.46 |
| 01/31/02 [1591] | 10/01/01 – 12/31/01 | $525,000.00 | $14,653.41 | $525,000.00 | $14,653.41 |
| 05/16/02 [2062] | 01/01/02 – 03/31/02 | $525,000.00 | $7,491.87 | $525,000.00 | $5,743.53 |
| 08/15/02 [2550] | 04/01/02 – 06/30/12 | $525,000.00 | $3,953.17 | $525,000.00 | $3,953.17 |
| 11/13/02 [2976] | 07/01/02 – 09/30/12 | $525,000.00 | $7,762.82 | $525,000.00 | $7,618.49 |
| 02/14/13 [3414] | 10/01/02 – 12/31/02 | $525,000.00 | $5,537.49 | $525,000.00 | $5,537.49 |
| 03/26/04 [5358] | 01/01/03 – 12/31/03 | $525,000.00 | $10,063.83 | $525,000.00 | $10,026.06 |
| 08/19/04 [6214] | 01/01/04 – 06/30/04 | $525,000.00 | $2,833.02 | $525,000.00 | $2,713.02 |
| 11/15/04 [6926] | 07/01/04 – 09/30/04 | $525,000.00 | $22,158.70 | $525,000.00 | $22,003.84 |
| 02/16/05 [7812] | 10/01/04 – 12/31/04 | $525,000.00 | $9,134.68 | $525,000.00 | $9,134.68 |
| 05/26/05 [8509] | 01/01/05 – 03/31/05 | $525,000.00 | $4,106.79 | $525,000.00 | $4,106.79 |
| 08/26/05 [9265] | 04/01/05 – 06/30/05 | $200,000.00 | $7,708.56 | $200,000.00 | $7,708.56 |
| 05/10/06 [12393] | 07/01/05 – 09/30/05 | $150,000.00 | $4,702.70 | $150,000.00 | $830.10 |
| 06/23/06 [12712] | 10/01/05 – 12/31/05 | $300,000.00 | $3,129.40 | $300,000.00 | $3,129.40 |
| 07/25/06 [12864] | 01/01/06 – 03/31/06 | $250,000.00 | $3,203.76 | $250,000.00 | $3,203.76 |
| 09/21/06 [13284] | 04/01/06 – 06/30/06 | $300,000.00 | $4,024.52 | $300,000.00 | $4,024.52 |
| 11/30/06 [13867] | 07/01/06 – 09/30/06 | $275,000.00 | $7,455.76 | $275,000.00 | $7,455.76 |
| 03/06/07 [14777] | 10/01/06 – 12/31/06 | $425,000.00 | $3,318.03 | $425,000.00 | $3,318.03 |
| 06/29/07 [16198] | 01/01/07 – 03/31/07 | $300,000.00 | $7,208.96 | $300,000.00 | $7,208.96 |
| 09/20/07 [16890] | 04/01/07 – 06/30/07 | $350,000.00 | $3,878.90 | $350,000.00 | 3,878.90 |
| 11/19/07 [17401] | 07/01/07 – 09/30/07 | $200,000.00 | $2,370.08 | $200,000.00 | $2,370.08 |
| 03/13/08 [18290] | 10/01/07 – 12/31/07 | $225,000.00 | $2,031.02 | $225,000.00 | $2,031.02 |
| 05/22/08 [18777] | 01/01/08 – 03/31/08 | $325,000.00 | $4,464.27 | $325,000.00 | $4,464.27 |
| 10/16/08 [19774] | 04/01/08 – 06/30/08 | $450,000.00 | $8,417.45 | $450,000.00 | $8,417.45 |
| 01/09/09 [20499] | 07/01/08 – 09/30/08 | $525,000.00 | $12,482.08 | $525,000.00 | $12,482.08 |
| 04/20/09 [21321] | 10/01/08 – 12/31/08 | $300,000.00 | $11,180.04 | $300,000.00 | $11,180.04 |
| 07/06/09 [22345] | 01/01/09 – 03/31/09 | $400,000.00 | $2,763.64 | $400,000.00 | $2,763.64 |
| 09/03/09 [23140] | 04/01/09 – 06/30/09 | $500,000.00 | $10,506.57 | $500,000.00 | $10,506.57 |
| 12/16/09 [24013] | 07/01/09 – 09/30/09 | $450,000.00 | $17,086.89 | $450,000.00 | $17,086.89 |
| 04/07/10 [24589] | 10/01/09 – 12/31/09 | $200,000.00 | $3,193.82 | $200,000.00 | $3,193.82 |
| 05/20/10 [24812] | 01/01/10 – 03/31/10 | $325,000.00 | $5,872.21 | $325,000.00 | $5,872.21 |
| 09/16/10 [25415] | 04/01/10 – 06/30/10 | $525,000.00 | $17,528.73 | $525,000.00 | $17,528.73 |
| 02/03/11 [26197] | 07/01/10 – 09/30/10 | $175,000.00 | $8,639.87 | $175,000.00 | $8,122.41 |
| 04/29/11 [26846] | 10/01/10 – 12/31/10 | $475,000.00 | $3,691.01 | $475,000.00 | $3,505.48 |
| 05/10/11 [26923] | 01/01/11 – 03/31/11 | $475,000.00 | $4,611.86 | $475,000.00 | $4,611.86 |
| 09/07/11 [27565] | 04/01/11 – 04/30/11 | $525,000.00 | $1,888.31 | $525,000.00 | $1,888.31 |
| 11/23/11 [28026] | 07/01/11 – 09/30/11 | $375,000.00 | $1,881.26 | $375,000.00 | $1,881.26 |
| 03/23/12 [28715] | 10/01/11 – 12/31/11 | $150,000.00 | $1,565.95 | $150,000.00 | $1,565.95 |
| 05/14/12 [28915] | 01/01/12 – 03/31/12 | $250,000.00 | $2,502.62 | $250,000.00 | $2,502.62 |
| 08/22/12 [29494] | 04/01/12 – 06/30/12 | $200,000.00 | $707.77 | $200,000.00 | $707.77 |
| 11/13/12 [29889] | 07/01/12 – 09/30/12 | $325,000.00 | $428.54 | $325,000.00 | $428.54 |
| 02/15/13 [30291] | 10/01/12 – 12/31/12 | $175,000.00 | $341.40 | $175,000.00 | $341.40 |
| 06/04/13 [30715] | 01/01/13 – 03/31/13 | $125,000.00 | $77.32 | $125,000.00 | $77.32 |

| Date Filed [ECF No.] | Period(s) Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 09/26/13 [31176] | 04/01/13 – 06/30/13 | $200,000.00 | $583.33 | $200,000.00 | $583.33 |
| 12/06/13 [31443] | 07/01/13 – 09/30/13 | $100,000.00 | $1,109.36 | $100,000.00 | $1,109.36 |
| 04/15/14 [32021] | 10/01/13 – 02/03/14 | $5,400,000.00 | $1,261.96 | Pending | Pending |

**CUMULATIVE COMPENSATION SUMMARY BY PROJECT CATEGORY FOR THE
PERIOD OF APRIL 2, 2001 THROUGH FEBRUARY 3, 2014**

| Project Category | Total Hours for the Period of April 2, 2001 through February 3, 2014 | Total Fees from the Petition Date[1] |
|---|---|---|
| Accounting/Auditing | 5.0 | NA |
| Asset Dispositions | 20.5 | NA |
| Business Analysis | 7,289.7 | NA |
| Case Administration | 702.5 | NA |
| Claims Analysis/Resolution | 909.9 | NA |
| Committee | 1,667.3 | NA |
| Corporate Finance | 1,640.6 | NA |
| Employment Applications | 18.0 | NA |
| Employee Benefits | 920.4 | NA |
| Fee Applications | 167.0 | NA |
| Financing | 2,355.6 | NA |
| Hearings | 277.9 | NA |
| Non-Working Travel Time | 1,041.3 | NA |
| Other | 121.2 | NA |
| Plan & Disclosure Statement | 5,082.8 | NA |
| Tax Issues | 326.6 | NA |
| Valuation | 1,926.5 | NA |

**CUMULATIVE OUT-OF-POCKET EXPENSE SUMMARY ($) FOR THE PERIOD OF
APRIL 2, 2001 THROUGH FEBRUARY 3, 2014**

| Out-of-Pocket Expense Categories | Total Expenses from the Petition date |
|---|---|
| Airfare/Railroad/Ground Transportation | $126,814.26 |
| Meals and Lodging | 59,255.65 |
| Research | 49,952.77 |
| Communications | 14,910.84 |
| Photocopying | 18,424.18 |
| Other | 10,600.05 |

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,** | ) | **Case No. 01-01139 (KJC)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |

### FINAL APPLICATION OF BLACKSTONE ADVISORY PARTNERS L.P. AS FINANCIAL ADVISOR TO W. R. GRACE & CO. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY OUT-OF-POCKET EXPENSES INCURRED FOR THE PERIOD APRIL 2, 2001 THROUGH FEBRUARY 3, 2014

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Retention Order (as defined herein), and the Court's *Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* (the "Administrative Order") [Docket No. 198], Blackstone Advisory Partners L.P. ("Blackstone") hereby submits this final fee application (the "Final Application") for (i) final allowance and approval of compensation for actual and necessary professional services rendered by it as financial advisor to the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") during the period of April 2, 2001 through February 3, 2014 (the "Compensation Period") in the amount of $17,219,166.67, and the reimbursement of out-of-pocket expenses incurred in connection thereto in the amount of $279,957.75[1]; (ii) the final allowance and approval of Blackstone Transaction

---

[1] Amount reflects $18,434.62 of reductions to out-of-pocket expenses agreed to between Blackstone and the Fee Auditor.

Fee in the amount of $5,000,000.00 for additional services provided to the Debtors, and the reimbursement of out-of-pocket expenses incurred in connection thereto in the amount of $19,488.46; (iii) the final allowance and approval of Blackstone's Restructuring Fee in the amount of $5,000,000.00; and (iv) the payment of any unpaid compensation and out-of-pocket expenses. In support of this Final Application, Blackstone respectfully represents as follows:

## I. Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II. Background

2. Blackstone is financial advisor to the Debtors.

3. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On April 2, 2001, the Debtors filed their *Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of the Blackstone Group L.P. as Financial Advisor to The Debtors and Debtors In Possession* [Docket No. 14] (the "Retention Application").

5. On June 22, 2001, the Court entered its *Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) and 2016 Authorizing the Employment and Retention of the Blackstone Group L.P. as Financial Advisor to the Debtors and Debtors In Possession*

[Docket No. 558] (the "Retention Order") approving the relief requested in the Retention Application.

6. On April 17, 2002, the *Administrative Order* was amended by the *Amended Administrative Order Under 11 U.S.C. Sections 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* [Docket No. 1949] (the "Amended Administrative Order').

7. On November 14, 2013, the Debtors filed their *Motion of the Debtors for Entry of an Order Amending the Retention Order Authorizing the Employment and Retention of The Blackstone Group L.P. as Financial Advisor to the Debtors and Debtors in Possession to Include Additional Necessary Financial Advisory Services Nunc Pro Tunc to October 15, 2013* [Docket No. 31343] (the "Motion").

8. On December 6, 2013, the Court entered its *Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) and 2016 Amending the Retention Order Authorizing the Employment and Retention of the Blackstone Group L.P. as Financial Advisor to the Debtors and Debtors In Possession To Include Additional Necessary Financial Advisory Services Nunc Pro Tunc To October 15, 2013* [Docket No. 31442] (the "Amended Retention Order") approving the relief requested in the Motion.[2]

### III. Blackstone's Request for Final Allowance of Compensation and Reimbursement of Out-of-Pocket Expenses

9. Pursuant to the Amended Administrative Order, professionals may request monthly compensation and the reimbursement of expenses incurred. The notice parties listed in the

---

[2] On November 14, 2013, the Debtors applied to the Court for an order amending the Retention Order *nunc pro tunc* to October 15, 2013, to authorize Blackstone to perform additional financial advisory services related to the acquisition by the Debtors of The Dow Chemical Company's Polypropylene Licensing & Catalyst business (the "Transaction"). The Debtors agreed to pay Blackstone a transaction fee (the "Transaction Fee") payable in cash in an amount representing 1% of the $500 million (or $5,000,000) of the consideration paid by the Debtors in connection with the Transaction.

Procedures may object to such a request. If no notice party objects to a professional's request within twenty (20) days after the date of service of the request, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested.

10. Furthermore, and also pursuant to the Amended Administrative Order, professionals are to file with the Court and serve upon the notice parties a quarterly request (the "Quarterly Interim Application") for interim approval and allowance of the monthly fee applications filed during the quarter covered by the Quarterly Interim Application. If the Court grants the relief requested in the Quarterly Interim Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the monthly fee applications covered by that Quarterly Interim Application less any amounts previously paid in connection with the monthly fee applications. Any payment made pursuant to the monthly fee applications or the Quarterly Interim Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

## IV. Quarterly Interim Fee Applications Covered

11. Prior to filing this Final Application, Blackstone filed 47 quarterly interim fee applications with the Court covering the period of April 2, 2001 through February 3, 2014. The quarterly interim fee applications contained time records detailing the actual and necessary services provided by Blackstone during the Compensation Period and other detailed information required to be included in quarterly interim fee applications. Blackstone requests that the Court approve the final allowance of compensation for services rendered and the reimbursement of out-of-pocket expenses incurred during the Compensation Period, and authorize and direct payment

to Blackstone for amounts unpaid, less amounts previously paid in connection with Blackstone's monthly fee applications and quarterly interim fee applications.

**V. Requested Relief**

12.  With this Final Application, Blackstone respectfully requests that the Court approve the final allowance of compensation for professional services rendered, the reimbursement of actual and necessary expenses recorded by Blackstone during the Compensation Period, and authorize payment of any unpaid fees and expenses. At all relevant times, Blackstone has been a disinterested person as that term is defined in § 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

13.  All services for which Blackstone is requesting compensation were performed for or on behalf of the Debtors and not on behalf of any committee, creditor, or other person.

14.  During the Compensation Period, Blackstone has received no payment and no promises for payment from any source (other than the Debtors) for services rendered or to be rendered in any capacity whatsoever in connection with the Debtors' cases.

**WHEREFORE,** Blackstone respectfully requests that the Court enter an order, providing that, for the Compensation Period:

a) A final allowance be made to Blackstone in (i) the sum of $17,219,166.67 as monthly compensation for reasonable and necessary professional services rendered to the Debtors, and the sum of $279,957.75 for reimbursement of out-of-pocket expenses incurred in connection thereto; (ii) the amount of $5,000,000.00 for the Transaction Fee for additional services provided by Blackstone to the Debtors, as approved by the Amended Retention Order, and the sum of $19,488.46 for the reimbursement of out-of-pocket expenses incurred in connection thereto; (iii) the amount of $5,000,000.00 for the Restructuring Fee due upon the consummation of the Debtors' bankruptcy case for a total of $27,518,612.88; and (iv) the Debtors be authorized and directed to pay to Blackstone the outstanding amounts of such sums for the Compensation Period as follows:

| | |
|---|---:|
| Total Monthly Fees | $17,219,166.67 |
| Total Out-Of-Pocket Expenses | 299,446.21 |
| Transaction Fee | 5,000,000.00 |
| Restructuring Fee | 5,000,000.00 |
| Subtotal | 27,518,612.88 |
| Less: Payments Received | (22,418,616.18)[3] |
| **Amount Due Blackstone** | **$5,099,996.70** |

b) Grant such other and further relief as the Court deems just and proper.

---

[3] Amount reflects payment of the $5,000,000.00 Transaction Fee for the additional services provided by Blackstone's to the Debtors, and the reimbursement of out-of-pocket expenses in the amount of $19,488.46 incurred in connection thereto.

Dated: May 9, 2014

Blackstone Advisory Partners L.P.
Financial Advisor to W. R. Grace & Co.


By:/s/ John James O'Connell III
      John James O'Connell III
      Senior Managing Director
      345 Park Avenue
      New York, NY 10154
      (212) 583-5000
      (212) 583-5707 (fax)

## THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |

## <u>CERTIFICATION OF JOHN JAMES O'CONNELL III</u>

John James O'Connell III, under penalty of perjury, certifies as follows:

1. I am a Senior Managing Director of Blackstone Advisory Partners L.P. ("<u>Blackstone</u>"), a financial advisory firm whose principal address is 345 Park Avenue, New York, New York 10154. I make this certification in accordance with Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") regarding the contents of applications for compensation and expenses.

2. I have read Blackstone's final fee application for final allowance of compensation for services rendered and reimbursement of expenses as financial advisor to the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") for the period of April 2, 2001 through February 3, 2014 (the "<u>Final Application</u>"). The above-captioned Debtors will be provided with a copy of the Final Application. As of the date hereof, the Debtors have not reviewed or approved the Final Application.

3. I have reviewed the requirements of the Guidelines For Reviewing Applications For Compensation And Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "<u>Guidelines</u>") and the Local Rules, and I believe that the Final Application complies with the Guidelines and the Local Rules, except as specifically noted in the Final Application.

Dated: May 9, 2014                        By: /s/ John James O'Connell III
                                              John James O'Connell III
                                              Senior Managing Director