IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> ) <br> W. R. GRACE & CO. et al.[1] ) <br> ) <br> ) <br> Debtors. ) | Chapter 11 <br><br> Case No. 01-01139 (JKF) <br> (Jointly Administered) |

**VERIFIED APPLICATION OF CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN FOR FINAL APPROVAL OF COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES PAID TO CARELLA BYRNE AS SPECIAL COUNSEL TO W.R. GRACE & CO., ET AL., FOR THE PERIOD FROM MARCH 1, 2002 THROUGH JUNE 30, 2005**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing

---

[1] During the period covered by this Application, the Debtors consisted of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. -Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (Ma Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G_ C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners 1, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del. Bankr. LR 2016-2, the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("Carella Byrne")[2] as special litigation and environmental counsel for the above-captioned debtors and debtors in possession (collectively, "Debtors") in connection with their chapter 11 cases, hereby applies for final approval of all fees and expenses previously paid to Carella Byrne as special counsel for the period from March 1, 2002 through June 30, 2005 (the "Final Approval Period"). In support of this Application, Carella Byrne states as follows:

### Retention of CBBG

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as Debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order dated March 18, 2002, the Debtors were authorized to retain Carella Byrne as their special counsel, effective as of February 1, 2002, with regard to environmental and litigation matters (the "Retention Order"). The Retention Order authorized the Debtors to compensate Carella Byrne at hourly rates charged by Carella Byrne for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

---

[2] The firm is now known as Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.

**Monthly and Quarterly Fee Applications**

3. Pursuant to the procedures set forth in the Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Interim Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Application filed during the quarter covered by the Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professionals 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

**Carella Byrne's Fees and Expenses During the Final Approval Period Were Approved and Ordered Paid Pursuant to this Court's Orders Approving the Quarterly Fee Applications for the Fourth through Seventeenth Quarterly Periods**

5. Carella Byrne's Monthly and Quarterly Interim Fee Applications filed during the Final Approval Period sought fees and expenses totaling $2,168,322.82 ($2,074,673.50 in fees,

and $93,649.32 in expenses). The total fees that were approved by the Fee Auditor and paid to Carella Byrne pursuant to this Court's Orders approving the Fourth through Seventeenth Quarterly Fee Applications was $2,160,717.09 ($2,071,528.25 in fees, and $89,188.84 in expenses).[3]

### Settlement of Honeywell Litigation

6. The services rendered by Carella Byrne as special counsel, along with co-counsel Wallace King Marraro & Branson lead to the 2004 settlement of litigation between Debtors and Honeywell International, Inc. The Settlement was approved by an Order of this Court dated October 13, 2004 (ECF 6608) and provided for, among other things, a cash payment to the Debtors' Estate of Sixty Two Million Five Hundred Thousand ($62,500,000) Dollars.

### Requested Relief

7. Carella Byrne requests that the Court enter an Order finally approving the fees and expenses previously paid to Carella Byrne for services rendered during the Final Approval Period pursuant to the Orders of this Court approving Quarterly Fee Applications totaling $2,160,717.09 ($2,071,528.25 in fees, and $89,188.84 in expenses).

### Representations

8. Carella Byrne believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

9. Carella Byrne performed the services for which it was paid on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

---

[3] As the Court will note, the last payment of fees and expenses received by Carella Byrne was approximately nine (9) years ago in 2005. The figures for fees and expenses requested by and paid to Carella Byrne used in this Application were compiled from the Orders approving the Fourth through Seventeenth Quarterly Fee Applications (each of which approved a payment of fees and expenses to Carella Byrne) and Carella Byrne's historical billing/accounting records.

10. Pursuant to Fed. R. Bank. P. 2016(b), CBBG has not shared, nor has agreed to share (a) any compensation it received with another party or person other than with the partners, counsel and associates of Carella Byrne, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Carella Byrne respectfully requests that the Court enter an order (a) finally approving the fees and expenses previously paid to Carella Byrne as special counsel to Debtors for the period March 1, 2002 through June 30, 2005 totaling $2,160,717.09 ($2,071,528.25 in fees, and $89,188.84 in expenses), and (b) granting such further relief as is equitable and just.

Roseland, New Jersey  
Dated: May 12, 2014

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN,  
CECCHI, STEWART & OLSTEIN  
(k/n/a Carella, Byrne, Cecchi,  
Olstein, Brody & Agnello)

_____  
John M. Agnello  
5 Becker Farm Road  
Roseland, New Jersey 07068  
(973) 994-1700

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO. et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |

## **VERIFICATION**

JOHN M. AGNELLO, after being duly sworn according to law, deposes and says:

1. I am a partner with the applicant firm, Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein[2] ("Carella Byrne") and I am a member in good standing of the bars of the State of New Jersey, the United States District Court for the District of New Jersey, the United States Court of Appeals for the Third Circuit, the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the Supreme Court of the United States.

---

[1] During the period covered by this application, the Debtors consisted of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. -Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G_C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] The firm is now known as Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.

2. I personally performed certain of, and oversaw all of the legal services rendered by Carella Byrne as special litigation and environmental counsel to the Debtors and am thoroughly familiar with all other work performed on behalf of the Debtors by the lawyers and other persons in the firm.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
John M. Agnello

In the State of New Jersey

SWORN TO AND SUBSCRIBED
before me this 12th day of May, 2014

_____
Notary Public

LAURA TEMPESTA
A Notary Public of New Jersey
My Commission Expires June 23, 2014