## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>W.R. Grace & Co., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>) Case No. 01-01139 (JKF)<br>) (Jointly Administered)<br>)<br>) **Hearing Date: October 14, 2014, 10:00 a.m. (ET)**<br>) **Objections Date: July 12, 2014, at 4:00 p.m. (ET)**<br>)<br>) |

### SUMMARY OF FINAL APPLICATION OF BAKER & MCKENZIE LLP AS ORDINARY COURSE PROFESSIONAL FOR ALLOWANCE OF FEES AND EXPENSES IN EXCESS OF THE MONTHLY OCP LIMIT FOR NOVEMBER 2011

| Name of Applicant | Baker & McKenzie LLP and its member firms ("<u>Baker</u>") |
|---|---|
| Authorized to Provide Professional Services to: | W.R. Grace & Co. *et al.*, debtors and debtors-in-possession |
| Date of Retention: | Retained as an Ordinary Course Professional on May 3, 2011 |

---

[1] The Debtors are: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Period for which compensation and
reimbursement is sought:                        November 2011

Amount of Compensation sought as actual,
reasonable and necessary:                       92,316.19[2]

Amount of Expense Reimbursement sought as
actual, reasonable and necessary:               $1,118.16

This is a(n): ___ monthly ____interim  _X_ final application

    Baker filed a First Interim Fee Application for Allowance of Fees and Expenses in
Excess of the Monthly OCP Limit for November 2011  [Docket No. 28530].  No Objections
were filed to the interim application. The Fee Auditor filed a report on March 30, 2012,
recommending approval of $92,316.19 in fees (a reduction of $4,403.42 from Baker's request of
$96,728.61 in fees) and $1,118.16 in expenses [Docket No. 28750].

    This is the final application filed by Baker for compensation of services in excess of the
Monthly OCP Limit (as defined herein) for the period from November 1, 2011 through
November 30, 2011.  For the November 2011 period, Baker's fees were $96,728.61 (after a 15%
credit) and its actually and necessary expenses incurred were $1,118.16.  The detail for these fees
and expenses is as follows:

| Period Covered | Fees | Expenses | Total | Standard OCP Payment | Excess of Monthly OCP Limit | Fees Approved/ Order | Expenses Approved/ Order |
|---|---|---|---|---|---|---|---|
| 11/01/2011– 11/30/2011 1st Interim/ November Monthly [Dkt. 28530] | $96,728.61 | $1,118.16 | $97,846.77 | $50,000.00 | $47,846.77 | $92,316.19 [Dkt. 29054] | $1,118.16 [Dkt. 29054] |

---

[2] Baker's originally requested fees in the amount of $96,728.61 [Docket No. 28530]. Those fees were reduced pursuant to the Court's *Order Approving Quarterly Fee Applications For the Forty-Third Period*, dated June 14, 2012 [Docket No. 29054].

3339390-v1\

The Baker attorneys who provided professional services during November 2011 are:

| Name of Professional | Position with Baker, Year Admitted to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| **Abu Dhabai, United Arab Emirates Office** | | | | |
| Sophie Jouniaux | Partner, 2001 | $670.00 | 1.4 | $938.00 |
| **Bogota,  Columbia Office** | | | | |
| Martha Grazio | Sr. Associate | $260.00 | 2.3 | $598.00 |
| **Buenos Aires, Argentina Office** | | | | |
| Martin J. Barreiro | Partner, 1988 | $555.00 | 4.5 | $2,497.50 |
| **Caracas, Venezuela Office** | | | | |
| Name of Professional | Position with Baker, Year Admitted to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
| Ronald E. Evans | Partner, 1990 | $447.00 | 3.4 | $1,611.60 |
| Rodrigo H. Castillo Cottin | Jr. Associate, 2006 | $212.00 | 3.9 | $826.80 |
| **Chicago, IL, USA Office** | | | | |
| David F Heroy | Partner, 1976 | $895.00 | 5.1 | $4,564.50 |
| Andrew McDermott | Associate, 2003 | $485.00 | 17.4 | $8,439.00 |
| **Beijing, China Office** | | | | |
| Jinghau Liu | Partner, 2002 | $980.00 | 3.7 | $3,626.00 |
| Jason Wen | Tax Specialist | $520.00 | 1.0 | $520.00 |
| Lex Kuo | Jr. Associate, 2008 | $460.00 | 4.1 | $1,886.00 |
| **Hong Kong, China Office** | | | | |
| Pierre T. H. Chan | Of Counsel, 2001 | $950.00 | .4 | $380.00 |
| **Jakarta, Indonesia Office** | | | | |
| Ponti Partogi | Partner, 1996 | $375.00 | 2.0 | $750.00 |
| Niken Kristalia | Tax Specialist | $250.00 | 2.5 | $625.00 |
| **Kuala Lumpur, Malaysia Office** | | | | |
| Adeline Wong | Partner, 1990 | $640.0 | .7 | $448.00 |
| Si Ying Kong | Jr. Associate,  2010 | $310.00 | 1.0 | $310.00 |

3

| London, U.K. Office | | | | |
|---|---|---|---|---|
| Geoffrey A Kay | Partner, 1982 | $1,169.22 | .9 | $1,052.30 |
| Rachel Moon | Associate, 2009 | $604.77 | 5.4 | $3,265.76 |
| **Madrid, Spain Office** | | | | |
| Jamie Martinez-Inguez | Sr. Associate, 2011 | $587.00 | 2.1 | $1,232.70 |
| Antonio Albarran | Sr. Associate, 2008 | $524.00 | 2.3 | $1,205.20 |
| **Manila, Philippines Office** | | | | |
| Dennis D. Dimagiba | Partner, 1995 | $410.00 | 0.8 | $328.00 |
| Maria Ana Camila C. Jacinto | Associate, 2006 | $240.00 | 4.0 | $960.00 |
| **Mexico City, Mexico Office** | | | | |
| Jorge Narvaez-Hasfura | Partner, 1987 | $400.00 | 6.7 | $2,680.00 |

The Baker paraprofessionals who provided professional services during November 2011 are:

| Name of Paraprofessional | Position with Baker, Years of Experience | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| **Chicago, IL, USA Office** | | | | |
| Mark A. Young | Paralegal, 5 years | $215.00 | 8.1 | $2,7747.00 |
| **Brasilia, Brazil Office** | | | | |
| Daniel Pimentel Hort Rodrigues | Law Clerk | $110.00 | 1.8 | $198.00 |

Baker's blended rate for services provided in November 2011, after applying at 15% credit to the total fees, was $409.00.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Preparation for Proposed Transaction | 192.4 | $91,252.86 |
| Retention Issues | 41.3 | $21,801.50 |
| Non-Working Travel | 2.8 (billed at 50%) | $735.00 |

4

3339390-v1\

### FINAL EXPENSE SUMMARY

| Expense Category | Amount |
|---|---|
| Telephone Charges | $5.14 |
| Photocopies | $69.40 |
| Value Added Tax | $684.87 |
| PRC Business Tax | $358.75 |
| | |
| **TOTAL** | **$1,118.16** |

3339390-v1\

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. Grace & Co., *et al.*,[3]<br><br>Debtors. | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>**Hearing Date: October 14, 2014, 10:00 a.m. (ET)**<br>**Objections Date: July 12, 2014, at 4:00 p.m. (ET)** |

## FINAL APPLICATION OF BAKER & MCKENZIE LLP AS ORDINARY COURSE PROFESSIONAL FOR ALLOWANCE OF FEES AND EXPENSES IN EXCESS OF THE MONTHLY OCP LIMIT FOR NOVEMBER 2011

The law firm of Baker & McKenzie LLP (including its member firms, "Baker") hereby applies (this "Application") for entry of an order authorizing the above-captioned debtors and debtors in possession (the "Debtors") to compensate Baker for services rendered and for reimbursement of expenses incurred from November 1, 2011 through November 30, 2011, in excess of the monthly limit (the "Monthly OCP Limit") imposed by this Court's *Order Pursuant*

---

[3] The Debtors are: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the ordinary Course of the Debtors' Business* (together, the "OCP Order") and the *Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* (the "Interim Compensation Order").  Baker has represented the Debtors as an ordinary course professional on numerous matters and has been retained and compensated by the Debtors pursuant to the OCP Order.  In November 2011, the Debtors sought to engage Baker in connection certain transactions involving the disposition of certain of the Debtors' assets and businesses (collectively, the "Transaction") and applied for Baker to be retained as special counsel pursuant to 11 U.S.C. § 327(e) [Docket No. 27958] (the "Retention Application").  Shortly after filing the Retention Application, however, Baker was advised that the Transaction was no longer being pursued.  As a result, the Debtors and Baker and withdrew the Retention Application [Docket No. 28063], as the additional services were no longer required.  Baker now seeks final compensation for services rendered and expenses incurred in excess of the Monthly OCP Limit in connection with the substantial time spent by Baker attorneys preparing for the Transaction in November 2011.

### JURISDICTION & PREDICATES FOR RELIEF

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. § 1408.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      The predicates for the relief requested herein are sections 1107(a), 1108 and 105(a) of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules").

3.     This Application is made pursuant to the OCP Order, which provides that

> the Debtors are authorizes but not required to pay each Ordinary
> Course Professional for services rendered up to $50,000 per month
> . . . during the pendency of the Chapter 11 Cases.  The Debtors
> cannot pay more than such amounts for services rendered without
> an order of this Court authorizing such higher amount . . .

OCP Order, p. 2.

4.     The Interim Compensation Order provides that

> [p]rofessionals that are retained and employed in the ordinary
> course of the Debtors' business, whose fees and disbursements
> exceed the cap(s) contained in the OCP Order, shall seek payment
> of compensation and reimbursement of expenses in accordance
> with the Revised Compensation Procedures.

Interim Compensation Order, p. 9.

## BACKGROUND

**A.     Baker's Retention Application and Work To Be Performed In Connection with the Transaction**

5.     Throughout these chapter 11 cases, Baker has represented the Debtors on a

number of matters and has been retained and compensated by the Debtors pursuant to the OCP

Order.

6.     In the beginning of November 2011, the Debtors believed that they would require

addition assistance from Baker in connection with the Transaction, and that such additional

assistance would result in fees and expenses in excess of the Monthly OCP Limit.  Accordingly,

the Debtors filed the Retention Application to retain Baker as special counsel pursuant to section

327(e) of the Bankruptcy Code.  The Transaction would have required Baker to provide the

assistance to the Debtor in connection with the following:

3339390-v1\

a.      certain proposed sales and purchases of assets in the U.S. and non-U.S. jurisdictions, including drafting documents, effectuating due diligence, participating in negotiations and providing other services in support of possible transactions;

b.      antitrust and competition law compliance, strategy and filings in the U.S. and foreign jurisdictions;

c.      advice regarding certain aspects of the Debtors' non-US subsidiaries, including advice relating to corporate formalities and commercial arrangements; and

d.      certain tax matters in the U.S. and in non-U.S. jurisdictions.

**B.      Baker's Qualifications to Assist the Debtors with the Transaction**

7.      In seeking to retain Baker to assist them with the Transaction, the Debtors believed that Baker was particularly well suited to serve as the Debtors' special counsel. Baker is one of the world's largest law firms with approximately 4,000 attorneys in 72 offices in 42 countries. Baker's knowledge, resources and international reach permit it to deliver high quality legal services throughout the world with fluency, consistency, confidence and sensitivity for cultural, social and legal practice differences outside of the U.S. Baker has extensive expertise in virtually all aspects of the law that may have arisen in the Transaction.

8.      Baker had previously represented the Debtors and has considerable knowledge concerning the Debtors' businesses and assets and had the requisite familiarity to provide efficient services related to any potential transactions and other matters that would have required Baker's services. If the Debtors would have been required to retain different counsel regarding the matters in which Baker was to represent them, the Debtors would have had to expend significant resources in helping new counsel become familiar with such matters.

4

### C.    Cancellation of the Transaction

9.    At the end of November 2011, the Debtors determined that the Transaction would not go forward.  As such, the Debtors withdrew the Retention Application.

10.    In preparing for the Transaction and drafting the Retention Application, Baker rendered services to the Debtor that resulted in $96,728.61 in fees and $1,118.16 in actual and necessary expenses.

11.    The Monthly OCP Limit caps monthly compensation to ordinary course professionals at $50,000 during the pendency of these Chapter 11 Cases.  OCP Order, p.2.

### PREVIOUS QUARTERLY FEE APPLICATION

12.    Baker filed a First Interim Fee Application for Allowance of Fees and Expenses in Excess of the Monthly OCP Limit for November 2011  [Docket No. 28530].  No Objections were filed to the interim application. The Fee Auditor filed a report on March 30, 2012, recommending approval of $92,316.19 in fees (a reduction of $4,403.42 from Baker's request of $96,728.61 in fees) and $1,118.16 in expenses [Docket No. 28750].

### RELIEF REQUESTED

13.    By this Application, Baker requests that the Court grant final approval of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Baker for the Fee Period, as detailed in Baker's First Interim Fee Application as Ordinary Course Professional for Allowance of Fees and Expenses in Excess of Monthly OCP Limit for November 2011 [Docket No. 28530].

14.    Baker  believes that the Final Fee Application complies with the requirements of Del.Bankr.LR 2016-2 and the Amended Interim Compensation Order.

15.    Baker performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

3339390-v1\

16.     During the Fee Period, Baker has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payment pursuant to the Amended Interim Compensation Order.

17.     Pursuant to Fed. R. Bank. P. 2016(b), Baker has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Baker, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Baker respectfully requests that the Court enter an order approving final fees in excess of the of the OCP monthly fee cap in the sum of (i) $92,316.19 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $1,118.16 for reimbursement of actual and necessary costs and expenses incurred, for a total of $93,434.35 and that this Court grant such further relief as is equitable and just.

Dated:  May 12, 2014

/s/ Erin Broderick
Erin Broderick
BAKER & MCKENZIE LLP
300 East Randolph Street, Suite 5000
Chicago, Illinois  60601
(312) 861-8000

6