IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**APPLICATION OF W. D. HILTON, JR. FOR FINAL
APPROVAL AND ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AS A CONSULTANT TO THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS**

| | |
|---|---|
| Name of Applicant: | W. D. Hilton, Jr. |
| Authorized to provide professional services to: | Official Committee of Asbestos Property Damage Claimants |
| Date of retention: | Retention order entered on February 20, 2002, Nunc Pro Tunc, to May 2, 2001 |
| Final Compensation Period: | August 12, 2005 through January 19, 2009 |
| Amount of compensation sought as actual reasonable and necessary: | $35,137.50[1,2] |
| Amount of expense reimbursement sought as actual reasonable and necessary: | $1,763.37[3] |

This is an: ___ interim _X_ final application

---

[1] Reflects fee reduction based on review and recommendation of the Fee Auditor.
[2] Total includes final fees incurred in the Fraudulent Transfer Litigation Against Sealed Air Corporation, Cryovac, Inc. and Fresenius Medical Care Holdings.
[3] Total includes final expenses incurred in the Fraudulent Transfer Litigation Against Sealed Air Corporation, Cryovac, Inc. and Fresenius Medical Care Holdings.

MIAMI 4144164.1 80590/43148

## HISTORY OF FEES/COSTS REQUESTED AND FEES/COSTS APPROVED

| Date Filed | App Doc # | Fees Requested | Expenses Requested | Covering Dates | Order Doc # | Order File Date | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|---|---|
| 11/25/09 | 23862 | $16,712.50 | N/A | 8/12/05 - 1/19/09 | 24470 | 3/19/10 | $16,537.50 | N/A |
| TOTAL | | $16,712.50 | | | | | $16,537.50 | |

## HISTORY OF FEES/COSTS REQUESTED AND FEES/COSTS APPROVED IN ADVERSARY PROC. NO. 02-2210

| Date Filed | App Doc # | Fees Requested | Expenses Requested | Covering Dates | Order Doc # | Order File Date | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|---|---|
| 3/8/10 | 24417 | $18,600.00 | $1,763.37 | N/A | 24678 | 4/27/10 | $18,600.00 | $1,763.37 |
| TOTAL | | $18,600.00 | $1,763.37 | | | | $18,600.00 | $1,763.37 |

**ATTACHMENT "B" TO FEE APPLICATION**
**SUMMARY OF HOURS – W. D. HILTON, JR.**

| Name of Professional Person | Position of Applicant | Number of Years in Position | Dept. | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| W. D. Hilton, Jr. | Consultant | N/A | N/A | $350.00 | 46.25 | $16,187.50 |
| W. D. Hilton, Jr. | Consultant | N/A | N/A | $175.00 | 3.0 | $525.00 |
| | | | | Total: | 49.25 | $16,712.50 |
| | | | | | GRAND TOTAL | $16,712.50* |

**COMPENSATION BY PROJECT CATEGORY**

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Claims Analysis and Valuation/Claim Analysis, Objection & Resolution (Asbestos) | 46.25 | $16,187.50 |
| Fraudulent Transfer Litigation | N/A | $18,600.00 |
| Non-working travel | 3.0 | $525.00 |
| **Total** | **49.25** | **$35,137.50** |

***Does not include breakdown for Fraudulent Transfer Litigation as such exhibits were filed on the docket in the adversary proceeding and the docket entries are no longer accessible.**

**EXPENSE SUMMARY**

| 1. | Data Entry | | |
|---|---|---|---|
| 2. | Court Reporter | | |
| 3. | Messenger Services | | |
| 4. | Photocopies | | |
| | (a)  In-house copies @ .15 | N/A | |
| | (b)  Outside copies (at cost) | N/A | |
| 5. | Postage | | |
| 6. | Overnight Delivery Charges | | |
| 7. | Long Distance Telephone Charges | | |
| 8. | Telecopies | | |
| 9. | Research Materials | | |
| 10. | Miscellaneous expenses for Fraudulent Transfer Litigation | | $1,763.37 |
| 11. | Travel Expenses | | |
| | (a)  Airfare | | |
| | (b)  Meals | | |
| | (c)  Parking, Car Rental & Mileage | | |
| | (d)  Lodging | | |
| | (e)  Taxicabs | | |
| **TOTAL "GROSS" AMOUNT OF REQUESTED DISBURSEMENT** | | | $1,763.37 |

-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re ) | | Chapter 11 |
| ) | | |
| W.R. Grace & Co., *et al.*, ) | | Case No. 01-01139 (KJC) |
| ) | | (Jointly Administered) |
| Debtors. ) | | |

**APPLICATION OF W. D. HILTON, JR. FOR FINAL
APPROVAL AND ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AS A CONSULTANT TO THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS**

W. D. Hilton, Jr. (the "Applicant"), consultants to the Official Committee of Asbestos Property Damage Claimants ("PD Committee") of the above-captioned debtors (the "Debtors") in this Court, hereby submits its final application (the "Final Application") pursuant to 11 U.S.C. §§ 330 and 331 and in accordance with the Administrative Fee Order (defined below) for final approval and allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

**I. Introduction**

1. The Applicant, as a consultant to the PD Committee, seeks final approval and allowance, pursuant to section 331 of the Bankruptcy Code of compensation for the professional services rendered by Applicant as a consultant for the PD Committee from August 12, 2005 through January 19, 2009 (the "Final Compensation Period") in the aggregate amount of $35,137.50 representing 49.25[4] hours of professional services and fees incurred by the Applicant during the Final Compensation Period and reimbursement of expenses in the amount of $1,763.37 during the Final Compensation Period.

---

[4] Per Attachment B, excludes hours from the Fraudulent Transfer Litigation.

MIAMI 4144164.1 80590/43148

2. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background

3. On April 2, 2001, each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been procedurally consolidated and are being jointly administered. No trustee or examiner has been appointed in their cases.

4. On April 12, 2001, the United States Trustee formed the PD Committee. Thereafter, the PD Committee approved the retention of Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg") as its counsel.

5. By order dated February 20, 2002, the Court authorized the PD Committee to retain the Applicant nunc pro tunc to May 2, 2001, pursuant to 11 U.S.C. §§ 1103 and 328, as a consultant to the PD Committee (the "W. D. Hilton Retention Order").

6. The Applicant has filed one previous interim fee application with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the PD Committee. This Final Application is submitted pursuant to the terms of the Administrative Order Under §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members approved by the Court on May 3, 2001, as amended by the Court's order of April 17, 2002 (collectively, the "Administrative Fee Order").

7. The Applicant has received no payment and no promise for payment from any source for services rendered in connection with these cases. There is no agreement or understanding

between the Applicant and any other person for the sharing of compensation to be received hereunder.

8. As stated in the Certification of W. D. Hilton, Jr., attached hereto as Exhibit "A," all of the services for which compensation is sought herein were rendered for and on behalf of the PD Committee solely in connection with these cases.

### III. Summary of Services Rendered

9. . In accordance with the Administrative Fee Order and the Local Rules, a summary of the professionals and their corresponding names, hourly rates and the number of hours incurred by each, the number of hours incurred by category and the summary of expenses for the Final Compensation Period are set forth on Attachment B. The hourly rates reflect what Applicant generally charges its other clients for similar services.

### IV. Conclusion

10. The Applicant has necessarily and properly expended 49.25 hours of services in the performance of its duties as a consultant to the PD Committee during the Final Compensation Period. Such services have a fair market value of $35,137.50. The work involved and thus the time expended, was carefully assigned in light of the expertise required for each particular task. In addition, Applicant incurred actual out-of-pocket expenses in connection with the rendition of services to the PD Committee in the sum of $1,763.37.

11. The Applicant has reviewed the requirements set forth in Local Rule 2016-2 and believes that this Final Application complies therewith.

12. The Applicant has made no prior application in this or any other Court for the relief sought herein.

MIAMI 4144164.1 80590/43148

WHEREFORE, the Applicant, by and through undersigned counsel, respectfully requests pursuant to the Administrative Fee Order:  a) the final approval and allowance, pursuant to section 331 of the Bankruptcy Code of compensation for professional services rendered to the PD Committee during the Final Compensation Period of August 12, 2005 through January 19, 2009 in the amount of $35,137.50; b) the final approval and allowance of Applicant's out-of-pocket expenses incurred in connection with the rendition of such services during the Final Application Period in the amount of $1,763.37; and c) such other relief as the Court deems just.

### CERTIFICATION OF COUNSEL

In accordance with the W. D. Hilton Retention Order, undersigned counsel, Jay M. Sakalo, hereby certifies that (a) he has personally reviewed the Applicant's Final Application, and (b) the services by the Applicant are not duplicative of services performed by Hamilton, Rabinovitz & Alschuler, Inc.

Dated:  May 12, 2014

Respectfully submitted,

BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
Counsel to the Official Committee of Asbestos Property Damage Claimants
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Telephone:  (305) 374-7580
Facsimile: (305) 374-7593

By:     /s/ Jay M. Sakalo
    Scott L. Baena (Admitted Pro Hac Vice)
    Jay M. Sakalo (Admitted Pro Hac Vice)