IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**APPLICATION OF DIES AND HILE, LLP FOR FINAL APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS**

| | |
|---|---|
| Name of Applicant: | Dies and Hile, LLP |
| Authorized to provide professional services to: | Official Committee of Asbestos Property Damage Claimants |
| Date of retention: | September 26, 2005 (See Transcript of Hearing held on September 26, 2005 [Dkt. No. 9628], at 114-15) Retention order entered on November 2, 2005. |
| Final Compensation Period: | September 26, 2005 through September 30, 2006 |
| Amount of compensation sought as actual reasonable and necessary: | $194,130.00 |
| Amount of expense reimbursement sought as actual reasonable and necessary: | $110,990.13 |

This is an: ___ interim  X  final application

MIAMI 4144304.1 74817/15537

## HISTORY OF FEES/COSTS REQUESTED AND FEES/COSTS APPROVED

| Date Filed | App Doc # | Fees Requested | Expenses Requested | Covering Dates | Order Doc # | Order File Date | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|---|---|
| 1/19/07 | 14364 | $194,130.00 | $110,990.13 | 9/26/05 - 9/30/06 | 15494 | 5/3/07 | $194,130.00 | $110,990.13 |
| TOTAL | | $194,130.00 | $110,990.13 | | | | $194,130.00 | $110,990.13 |

## ATTACHMENT "B" TO FEE APPLICATION
## SUMMARY OF HOURS

| Name of Professional Person | Position of Applicant | Number of Years in Position | Dept. | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Martin W. Dies | Partner | | Lit | $650.00 | 230.25 | $149,662.50 |
| Richard C. Hile | Partner | | Lit. | $550.00 | 80.85 | $44,467.50 |
| | | | | **Total:** | 311.1 | $194,130.00 |
| | | | | | **GRAND TOTAL** | **$194,130.00** |
| | | | | | **Blended Rate:** | **$624.02** |

## COMPENSATION BY PROJECT CATEGORY

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Litigation Consulting | 311.1 | $194,130.00 |
| **Total** | **311.1** | **$194,130.00** |

**EXPENSE SUMMARY**

| | | | |
|---|---|---|---|
| 1. | Data Entry | | $0.00 |
| 2. | Court Reporter | | $0.00 |
| 3. | Messenger Services | | $0.00 |
| 4. | Photocopies | | $0.00 |
| | (a)   In-house copies @ .15 | N/A | |
| | (b)   Outside copies (at cost) | N/A | |
| 5. | Postage | | $0.00 |
| 6. | Overnight Delivery Charges | | $0.00 |
| 7. | Long Distance Telephone Charges | | $0.00 |
| 8. | Telecopies | | $0.00 |
| 9. | Research Materials | | $0.00 |
| 10. | Expert Fees and Costs | | $101,012.19 |
| 11. | Travel Expenses | | $9,977.94 |
| | (a)   Airfare | $7,716.58.58 | |
| | (b)   Meals | $142.88 | |
| | (c)   Parking, Car Rental & Mileage | $114.00 | |
| | (d)   Lodging | $1,758.78 | |
| | (e)   Taxicabs | $245.70 | |
| **TOTAL "GROSS" AMOUNT OF REQUESTED DISBURSEMENT** | | | $110,990.13 |

-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**APPLICATION OF DIES AND HILE, LLP FOR FINAL APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS**

Dies and Hile, LLP (the "Applicant"), special counsel to the Official Committee of Asbestos Property Damage Claimants ("PD Committee") of the above-captioned debtors (the "Debtors") in this Court, hereby submits its final application (the "Final Application") pursuant to 11 U.S.C. §§ 328, 330 and 331 and in accordance with the Administrative Fee Order (defined below) for approval and allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

### I. Introduction

1. The Applicant, as special counsel to the PD Committee, seeks final approval and allowance, pursuant to section 331 of the Bankruptcy Code of compensation for the professional services rendered by Applicant as special counsel for the PD Committee from September 26, 2005 through September 30, 2006 (the "Final Compensation Period") in the aggregate amount of $194,130.00 representing 311.1 hours of professional services and (ii) reimbursement of actual and necessary expenses incurred by the Applicant during the Final Compensation Period in connection with the rendition of such professional services in the aggregate amount of $110,990.13.

2. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background

3. On April 2, 2001, each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been procedurally consolidated and are being jointly administered. No trustee or examiner has been appointed in this case.

4. On April 12, 2001, the United States Trustee formed the PD Committee. Thereafter, the PD Committee approved the retention of Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg") as its counsel.

5. On September 12, 2005, the PD Committee filed its Application of the Official Committee of Asbestos Property Damage Claimants to Retain Special Counsel Pursuant to sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 (the "Retention Application") [Dkt. No. 9384].

6. On September 26, 2005, the Court heard the Retention Application and authorized the PD Committee to retain the Applicant as special counsel. *See* Transcript of Hearing held on September 26, 2005 [Dkt. No. 9628], at 114-15.

7. By order dated November 2, 2005, [Dkt. No. 10978] the Court authorized the PD Committee to retain the Applicant, pursuant to 11 U.S.C. §§ 1103, 328, 330(a), 331, 503(b), and 507(a)(1), as special counsel to the PD Committee in these cases.

8. The Applicant has filed one previous interim application with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the PD Committee. This Final Application is submitted pursuant to the terms of the Administrative

Order Under §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members approved by the Court on May 3, 2001, as amended by the Court's order of April 17, 2002 (collectively, the "Administrative Fee Order").

9. The Applicant has received no payment and no promise for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between the Applicant and any other person for the sharing of compensation to be received hereunder.

10. As stated in the Certification of Martin W. Dies, Partner, attached hereto as Exhibit "A," all of the services for which compensation is sought herein were rendered for and on behalf of the PD Committee solely in connection with these cases.

### III. Summary of Services Rendered

11. In accordance with the Administrative Fee Order and the Local Rules, a summary sheet of the professionals and their corresponding names, years of experience, hourly rates and the number of hours incurred by each, the number of hours incurred by category and the summary of expenses for the Final Compensation Period are set forth on Attachment B. The hourly rates reflect what Applicant generally charges its other clients for similar services.

### IV. Conclusion

13. The Applicant has necessarily and properly expended 311.1 hours of services in the performance of its duties as special counsel to the PD Committee during the Final Compensation Period. Such services have a fair market value of $194,130.00. The work involved and thus the time expended, was carefully assigned in light of the expertise required for each particular task.

14. In addition, the Applicant incurred actual out-of-pocket expenses in connection with the rendition of services to the PD Committee in the sum of $110,990.13 for which it respectfully requests reimbursement in full.

15. The Applicant has reviewed the requirements set forth in Local Rule 2016-2 and believes that this Application for interim compensation complies therewith.

16. The Applicant has made no prior application in this or any other Court for the relief sought herein.

WHEREFORE, the Applicant respectfully requests pursuant to the Administrative Fee Order: a) the final approval and allowance, pursuant to section 331 of the Bankruptcy Code of compensation for professional services rendered to the PD Committee during the Final Compensation Period in the amount of $194,130.00, b) the final approval and allowance of Applicant's out-of-pocket expenses incurred in connection with the rendition of such services during the Final Compensation Period in the amount of $110,990.13; and c) such other relief as the Court deems just.

Dated: May 12, 2014              Respectfully submitted,

                                 BILZIN SUMBERG BAENA PRICE &
                                 AXELROD LLP
                                 Counsel to the Official Committee of Asbestos Property Damage Claimants
                                 1450 Brickell Avenue, Suite 2300
                                 Miami, Florida 33131
                                 Telephone: (305) 374-7580
                                 Facsimile: (305) 374-7593

                                 By:    /s/ Jay M. Sakalo
                                       Scott L. Baena (Admitted Pro Hac Vice)
                                       Jay M. Sakalo (Admitted Pro Hac Vice)