## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.**, *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (KJC)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S COMBINED FINAL REPORT REGARDING THOSE FEE APPLICATIONS WITH *DE MINIMIS* OR NO FEE OR EXPENSE ISSUES FOR THE FIFTY-FIRST INTERIM APPLICATION PERIOD

This is the combined final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding all the Interim Fee Applications of those firms for which we have *de minimis*[1] or no fee or expense issues for the Fifty-First Interim Application Period (collectively referred to hereafter as the "Applications").[2]

### BACKGROUND

1.     Anderson Kill P.C. ("AK") was retained as special insurance counsel to the Official Committee of Asbestos Personal Injury Claimants.  AK seeks approval of fees totaling $269,831.50 and expenses totaling $186.66 for its services during the Application Period.

2.     Beveridge & Diamond, P.C. ("Beveridge & Diamond"), was retained as special counsel to the Debtors.  Beveridge & Diamond seeks approval of fees totaling $248,187.15 and

---

[1]For purposes of this report, applications with *de minimis* issues are those for which: (1) our recommended reductions total less than $200.00, *and* (2) the applicant has agreed to our recommended reductions.

[2]The Fifty-First Interim Application Period encompasses October 1, 2013, through December 31, 2013 (the "Application Period").  All Applications are for the Fifty-First Interim Application Period, unless otherwise specified.

expenses totaling ($1.71) for its services during the Application Period.

3.    Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg") was retained as counsel to the Official Committee of Asbestos Property Damage Claimants.  Bilzin Sumberg seeks approval of fees totaling $9,260.50 and expenses totaling $123.77 for its services during the Application Period.

4.    Blackstone Advisory Partners L.P. ("Blackstone") was retained as financial advisor to the Debtors.  Blackstone seeks approval of fixed fees totaling $250,000.00[3] and expenses totaling $1,261.96 for its services during the Application Period.[4]

5.    BMC Group ("BMC") was retained as Claims Reconciliation and Solicitation Consultant to the Debtors.  BMC seeks approval of fees totaling $140,822.50 and expenses totaling $10,354.42 for its services during the Application Period.

6.    Campbell & Levine, LLC ("Campbell & Levine"), was retained as Delaware and associated counsel to the Official Committee of Asbestos Personal Injury Claimants.  Campbell & Levine seeks approval of fees totaling $34,481.50 and expenses totaling $4,198.70 for its services during the Application Period.

7.    Caplin & Drysdale, Chartered ("Caplin & Drysdale"), was retained as counsel to the Official Committee of Asbestos Personal Injury Claimants.  Caplin & Drysdale seeks approval of

---

[3]For the Application Period, Blackstone lists 327.00 hours worked, which computes to an effective hourly rate of $764.53.

[4]Blackstone's Application encompassed both the current Application Period, as well as the period of January 1, 2014 through February 3, 2014.  In this report, we will address only the fees and expenses for the current Application Period and address the fees and expenses for January 1, 2014, through February 3, 2014, in conjunction with our review of Blackstone's final fee application.

fees totaling $69,764.50[5] and expenses totaling $79.71 for its services during the Application Period.

8.      Capstone Advisory Group, LLC ("Capstone"), was retained as financial advisor to the Official Committee of Unsecured Creditors. Capstone seeks approval of fees totaling $83,241.00 and expenses totaling $147.21 for its services during the Application Period.

9.      Casner & Edwards, LLP ("Casner"), was retained as special litigation counsel to the Debtors. Casner seeks approval of fees totaling $46,128.00 and expenses totaling $37,682.55 for its services during the Application Period.

10.      Charter Oak Financial Consultants, LLC ("Charter Oak"), was retained as financial advisor to the Official Committee of Asbestos Personal Injury Claimants. Charter Oak seeks approval of fees totaling $27,861.00 and no expenses for its services during the Application Period.

11.      Duane Morris LLP ("Duane Morris") was retained as co-counsel to the Official Committee of Unsecured Creditors. Duane Morris seeks approval of fees totaling $8,439.00 and expenses totaling $715.10 for its services during the Application Period.

12.      Ferry, Joseph & Pearce, P.A. ("Ferry Joseph"), was retained as counsel to the Official Committee of Asbestos Property Damage Claimants. Ferry Joseph seeks approval of fees totaling $9,641.00 and expenses totaling $1,126.68 for its services during the Application Period.

13.      Foley Hoag LLP ("Foley Hoag") was retained as special environmental counsel to the Debtors. Foley Hoag seeks approval of fees totaling $118,640.50 and expenses totaling $2,398.06 for its services during the Application Period.

14.      Fragomen, Del Rey, Bernsen & Loewy LLP ("Fragomen") was retained as

---

[5]We note for informational purposes that Caplin & Drysdale billed the time of attorney Elihu Inselbuch at $1,000.00 per hour. During the current Application Period, Mr. Inselbuch billed 7.3 hours, for $7,300.00 in fees.

immigration counsel to the Debtors.  Fragomen seeks approval of fees totaling $7,650.00 and expenses totaling $535.35[6] for its services during the Application Period.

15.     Roger Frankel was retained as Asbestos Personal Injury Future Claimants' Representative.  Roger Frankel seeks approval of fees totaling $136,265.25 and expenses totaling $753.70 for his services during the Application Period.

16.     The Law Offices of Roger J. Higgins, LLC ("Higgins"), was retained as co-counsel to the Debtors and Debtors-in-Possession.  Higgins seeks approval of fees totaling $197,647.50 and expenses totaling $2,144.00 for its services during the Application Period.

17.     The Hogan Firm ("THF") was retained as Delaware counsel to the Canadian Zonolite Attic Insulation ("ZAI") Claimants.  THF seeks approval of fees totaling $21,829.50 and expenses totaling $944.57 for its services during the Application Period.

18.     Kirkland & Ellis LLP ("K&E") was retained as counsel to the Debtors.  K&E seeks approval of fees totaling $1,165,709.50[7] and expenses totaling $35,213.42 for its services during the Application Period.

19.     Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") was retained as co-counsel to the Official Committee of Equity Holders.  Kramer Levin seeks approval of fees totaling $40,653.00 and expenses totaling $529.11 for its services during the Application Period.

20.     Lauzon Bélanger Lespérance ("Lauzon Bélanger") was retained as Canadian counsel

---

[6] We note that, although Fragomen requested expenses totaling $531.35, we calculate Fragomen's expenses at $571.35, for a difference of $36.00 in favor of the estate.

[7] We note for informational purposes that Kirkland & Ellis billed the time of partners, Christopher Landau, P.C. ("Landau PC"), and Todd F. Maynes, P.C. ("Maynes PC"), at $1,150.00 per hour.  During the Application Period, Landau PC billed 0.30 hours for fees of $345.00, and Maynes PC billed 8.30 hours for fees of $9,545.00.

to the Canadian ZAI Claimants.  Lauzon Bélanger seeks approval of fees totaling CDN $2,519.40 and expenses totaling CDN $381.31 for its services during the Application Period.

21.     Legal Analysis Systems, Inc. ("LAS"), was retained as asbestos-related bodily injury consultant to the Official Committee of Asbestos Personal Injury Claimants.  LAS seeks approval of fees totaling $28,976.00 and no expenses for its services during the Application Period.

22.     Lincoln Partners Advisors LLC ("Lincoln") was retained as financial advisor to David T. Austern, the Asbestos Personal Injury Future Claimants' Representative.  Lincoln seeks approval of fixed fees totaling $90,000.00[8] and expenses totaling $893.46 for its services during the Application Period.

23.     Orrick, Herrington & Sutcliffe LLP ("Orrick") was retained as bankruptcy counsel to David T. Austern, Future Claimants' Representative.  Orrick seeks approval of fees totaling $334,783.50 and expenses totaling $7,959.95 for its services during the Application Period.

24.     Pachulski Stang Ziehl & Jones LLP ("Pachulski") was retained as counsel to the Debtors.  Pachulski seeks approval of fees totaling $68,119.00 and expenses totaling $31,542.45 for its services during the Application Period.

25.     Phillips, Goldman & Spence, P.A. ("PG&S"), was retained as local counsel to Roger Frankel, the Personal Injury Future Claimants' Representative.  PG&S seeks approval of fees totaling $5,923.50 and expenses totaling $876.81 for its services during the Application Period.

26.     Reed Smith LLP ("Reed Smith") was retained as special asbestos products liability defense counsel to the Debtors.  Reed Smith seeks approval of fees totaling $42,037.50 and expenses

---

[8]For the Application Period, Lincoln lists 125.40 hours worked, which computes to an effective hourly rate of $717.70.

totaling $1,373.84 for its services during the Application Period.

27.    Alan B. Rich was retained as counsel to the Honorable Alexander M. Sanders, Jr., the Legal Representative for Future Asbestos-Related Property Damage Claimants.  Alan B. Rich seeks approval of fees totaling $37,575.00 and expenses totaling $679.48 for his services during the Application Period.

28.    The Honorable Alexander M. Sanders, Jr. ("Judge Sanders"), was retained as the Legal Representative for Future Asbestos-Related Property Damage Claimants. Judge Sanders seeks approval of fees totaling $3,375.00 and no expenses for his services during the Application Period.

29.    Saul Ewing LLP ("Saul Ewing") was retained as co-counsel to the Official Committee of Equity Holders.  Saul Ewing seeks approval of fees totaling $21,180.00 and expenses totaling $494.12 for its services during the Application Period.

30.    Scarfone Hawkins LLP ("Scarfone Hawkins") was retained as Canadian counsel to the Canadian ZAI Claimants.  Scarfone Hawkins seeks approval of fees totaling CDN $8,153.75 and expenses totaling CDN $1,061.74 for its services during the Application Period.

31.    Stroock & Stroock & Lavan, LLP ("Stroock"), was retained as counsel to the Official Committee of Unsecured Creditors.  Stroock seeks approval of fees totaling $22,843.50 and expenses totaling $321.52 for its services during the Application Period.

32.    Towers Watson was retained as actuarial consultant to Roger Frankel, Future Claimants Representative, by order of the Court dated December 17, 2013, *nunc pro tunc* to November 15, 2013.  Towers Watson seeks approval of fees totaling $26,275.50 and no expenses for its services during the Application Period.

33.    Woodcock Washburn LLP ("Woodcock Washburn") was retained as special litigation

counsel to the Debtors. Woodcock Washburn seeks approval of fees totaling $6,262.50 and no expenses for its services during the Application Period.

34.    In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Applications in their entirety, including each of the time and expense entries included in the exhibits to the Applications, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2014, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

## DISCUSSION

35.    We have no issues with or objections to any of the Applications, except for the *de minimis* issues noted in the following paragraph and accompanying footnotes.

## CONCLUSION

36.    In summary, for the Application Period, we recommend approval of the following fees and expenses for these Applicants:

a.    AK - $269,831.50 in fees and $186.66 in expenses;

b.    Beveridge & Diamond - $248,187.15 in fees and ($1.71) in expenses;

c.    Bilzin Sumberg - $9,260.50 in fees and $123.77 in expenses;

d.    Blackstone - $250,000.00 in fees and $1,261.96 in expenses;

e.    BMC - $140,822.50 in fees and $10,354.42 in expenses;

    f.       Campbell & Levine - $34,481.50 in fees and $4,198.70 in expenses;

    g.       Caplin & Drysdale - $69,764.50 in fees and $79.71 in expenses;

    h.       Capstone - $83,241.00 in fees and $147.21 in expenses;

    i.       Casner - $46,128.00 in fees and $37,682.55 in expenses;

    j.       Charter Oak - $27,861.00 in fees;

    k.       Duane Morris - $8,439.00 in fees and $715.10 in expenses;

    l.       Ferry Joseph - $9,641.00 in fees and $1,126.68 in expenses;

    m.      Foley Hoag - $118,640.50 in fees and $2,398.06 in expenses;

    n.       Fragomen - $7,650.00 in fees and $535.35 in expenses;

    o.       Frankel - $136,265.25 in fees and $753.70 in expenses;

    p.       Higgins - $197,647.50 in fees and $2,144.00 in expenses;

    q.       THF - $21,829.50 in fees and $944.57 in expenses;

    r.       K&E - $1,165,709.50 in fees and $35,213.42 in expenses;[9]

    s.       Kramer Levin - $40,563.50 in fees ($40,653.00 minus $89.50)[10] and $529.11

---

[9]We questioned K&E concerning certain time and expense entries and received a response which satisfied our inquiry. *See* Appendix A.

[10]This $89.50 reduction is for the following time entry in which the time billed exceeds the time recorded within the work description by 0.1 hour:

    11/26/13    PB    3.50    3,132.50    Review/analyze Lender appeal and plan consummation issues (1.2), and dics A. Paul (.3), J. Brody (.4) and D. Blabey (.2) re same; review and edit draft stip re Lenders Appeals and trade e-mails re same (1.3).

In response to our query, Kramer Levin agreed to a reduction of $89.50 in fees.

in expenses;

t.      Lauzon Bélanger - CDN $2,519.40 in fees and CDN $381.31 in expenses;

u.      LAS - $28,976.00 in fees;

v.      Lincoln - $90,000.00 in fees and $702.16 in expenses ($893.46 minus

$191.30);[11]

w.      Orrick - $334,783.50 in fees and $7,959.95 in expenses;[12]

x.      Pachulski - $68,119.00 in fees and $31,542.45 in expenses;

y.      PG&S - $5,923.50 in fees and $876.81 in expenses;

z.      Reed Smith - $42,037.50 in fees and $1,373.84 in expenses;

aa.     Rich - $37,575.00 in fees and $679.48 in expenses;

bb.     Judge Sanders - $3,375.00 in fees;

cc.     Saul Ewing - $21,180.00 in fees and $494.12 in expenses;

dd.     Scarfone Hawkins - CDN $8,153.75 in fees and CDN $1,061.74 in expenses;

ee.     Stroock - $22,843.50 in fees and $321.52 in expenses;

---

[11]This agreed $191.30 reduction is for the following car service charge:

$382.67      Travel - Car Service      July 8, 2013 Trip to Washington, DC for
                                        Meeting with FCR

We asked Lincoln about this expense, and Lincoln responded: "That was ... service (for a) round trip from Ossining, NY to LGA airport. The UST office raised a similar question and we have agreed to reduce it in half." Lincoln also provided us with a copy of its correspondence with the U.S. Trustee's Office in which they had agreed to a reduction of $191.30. We appreciate this information and note that a reduction of $191.30 would bring the charge below the cost of a taxi for the same trip. Thus, we recommend a reduction of $191.30 in expenses.

[12]We noted that the expense detail was missing from Orrick's Application. Orrick supplied its expense detail in response to our request. See Appendix B. We reviewed Orrick's expenses and have no objection to same.

ff.     Towers Watson - $26,275.50 in fees; and

gg.    Woodcock Washburn - $6,262.50 in fees.


Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
        Warren H. Smith
        Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, Texas 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 14th day of May, 2014.

_____
        Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicants**
Robert Y. Chung
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

Pamela D. Marks
Beveridge & Diamond, P.C.
201 N. Charles Street
Suite 2210
Baltimore, MD 21201

Scott L. Baena
Jay M. Sakalo
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

John James O'Connell III
Managing Director
Blackstone Advisory Partners L.P.
345 Park Avenue
New York, NY 10154

Myrtle H. John
BMC Group
600 1st Avenue, Suite 300
Seattle, Washington 98104

Marla R. Eskin
Mark T. Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

Elihu Inselbuch
Rita C. Tobin
Caplin & Drysdale, Chartered
600 Lexington Avenue at 52nd Street
21st Floor
New York, NY  10022

Edwin N. Ordway, Jr.
Capstone Advisory Group, LLC
Park 80 West
250 Pehle Avenue, Suite 105
Saddle Brook, NJ  07663

Robert A. Murphy
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210

James P. Sinclair
Charter Oak Financial Consultants, LLC
430 Center Avenue
Mamaroneck, NY 10543

Michael R. Lastowski
Richard W. Riley
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

Michael B. Joseph
Theodore J. Tacconelli
Lisa L. Coggins
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 1000
P. O. Box 1351
Wilmington, DE 19899

Seth D. Jaffe
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600

Enrique Gonzalez, III
Tatiana Bessonova
Fragomen, Del Rey, Bernsen & Loewy LLP
One Alhambra Plaza, Suite 600
Coral Gables, FL 33134

Roger Frankel
Asbestos PI Future Claimants' Representative
c/o Frankel Wyron LLP
2101 L Street, N.W., Suite 800
Washington, DC 20037

Roger J. Higgins
The Law Offices of Roger Higgins, LLC
1 North Bishop Street, Suite 14
Chicago, IL 60607

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE 19806

John Donley
Adam C. Paul
Kirkland & Ellis LLP
300 N. LaSalle Street
Chicago, IL 60654

Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Mark A. Peterson
Legal Analysis Systems, Inc.
970 Calle Arroyo
Thousand Oaks, CA 91360

Jason Solganick
Lincoln Partners Advisors LLC
360 Madison Avenue, 21st Floor
New York, NY 10017

Debra L. Felder
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, NW
Washington, DC 20005

James E. O'Neill
Laura Davis Jones
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Kurt F. Gwynne
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

James J. Restivo, Jr.
Douglas E. Cameron
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222

Alan B. Rich
4244 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Teresa K. D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

Denise Wildes
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Jeffrey D. Kimble
Towers Watson
101 S. Hanley Rd.
St. Louis, MO 63105

Gary H. Levin
Woodcock Washburn LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA  19104-2891

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

## APPENDIX A

## (K&E)

1.      We noted that between October 19, 2013, and October 21, 2013, attorney Nia Dukov

($715) spent 10.30 hours for fees of $7,364.50 on researching potential recovery of attorney's fees.

| | | | |
|---|---|---|---|
| 10/18/13 | ND | 6.30 | Legal research re potential recovery of attorneys' fees by lenders. |
| 10/20/13 | ND | 3.60 | Research re potential recovery of attorneys' fees by lenders. |
| 10/21/13 | ND | 0.40 | Legal research re potential recovery of attorneys' fees by lenders. |

We asked K&E to explain what was done with this research and how it was used for the benefit of

the estate, and K&E responded:

> ... This research was related to the appeal by the Debtors' prepetition bank lenders.
> As part of this appeal, the lenders claimed millions of dollars of fees allegedly
> incurred throughout the pendency of these Chapter 11 Cases and recoverable under
> the plain language of the loan documents.  Both the amount and recoverability of
> these fees were disputed by the Debtors.  This research was needed in order to
> successfully negotiate a settlement with the lenders that included both a settlement
> of the amounts allegedly owed under the loan documents and the requested attorney's
> fees.  The Debtors reached an equitable settlement with the lenders on December 23,
> 2013, thereby resolving the last major obstacle to the effectiveness of the Debtors'
> plan of reorganization.  Given the importance of the appeal and the necessity of this
> research in order to stake out an appropriate negotiating position, K&E respectfully
> represents that this research was very beneficial to the estate.

We accept K&E's response and have no objection to these fees.

2.      We noted that between November 4, 2013, and November 15, 2013, attorneys Ryan

M. Hehner ($430), Jeffrey Gettleman ($835), and Adam C. Paul ($895), as well as legal assistants

Daniel Hill ($190), Andrew Brniak ($250), and Carrie Sroka ($275), spent a total of 61.50 hours and

$32,255.00 in fees researching and preparing the Project Lantern fee motion.  See Appendix A-1.

We asked K&E why this motion took so much time to complete, and K&E responded:

... Payment of the fee described in the Fee Motion was the culmination of a successful strategic acquisition that was critical to the Debtors' long-term operational goals. Pursuant to an agreement entered into by the Debtors, the Debtors were to pay $5 million plus expenses to Blackstone Advisory Partners L.P. ("Blackstone") for its services with respect to the acquisition.  Preparing the novel Fee Motion on the expedited time frame requested by the Debtors and Blackstone required K&E to, in part: (a) understand the mechanics of the acquisition as well as Blackstone's agreement with and services to the Debtors; (b) coordinate with Blackstone on a daily basis to resolve issues related to Blackstone's corporate structure and draft appropriate language; (c) coordinate with local Delaware counsel to ensure an order approving the relief sought in the Fee Motion was entered as quickly as possible; and (d) research numerous legal issues relevant to the Fee Motion, including indemnification standards and confidentiality issues.  Given the breadth of issues involved with the Fee Motion and the importance to the Debtors of promptly paying the fee, K&E respectfully represents that both the amount of time and the requested fees associated with the Fee Motion were reasonable and necessary.

We accept K&E's response and have no objection to these fees.

3.      We noted the following meal expense for which more information was needed:

12/22/2013    175.62        Seamless North America Inc., Catering Services, A. Paul, Lunch Meeting, 12/19/2013

In response to our request, K&E provided the following information concerning this charge:

... This meal expense was for a luncheon attended by ten people, and was incurred in Washington, D.C.  This meal relates to a meeting with representatives from the Debtors, the Asbestos PI Committee, the Asbestos PI Future Claimants Representative, and the Equity Committee (collectively, the "Plan Proponents") to review drafts of the numerous updated closing documents involved with the impending effective date of the Plan.  Review of these documents with the Plan Proponents was the next necessary step toward the effectiveness of the Plan.

We accept K&E's response and have no objection to this expense.[13]

4.      We noted the following air fare expenses for which more information was needed:

10/21/13    725.80        John Donley, Airfare, Baltimore, MD, 11/06/2013 to 11/06/2013, Attend Board meeting

---

[13]We also note that the cost of the meal was less than our recommended lunch cap for Washington, D.C., of $45.00 per person.

**FEE AUDITOR'S COMBINED FINAL REPORT** - Page 14
wrg omnibus final report 51Q 10-12 v3.wpd

| 10/24/13 | 680.60 | Adam Paul, Airfare, Baltimore, MD, 11/06/2013 to 11/07/2013, Meeting |
| 12/03/13 | 754.99 | Adam Paul, Airfare, Washington, DC, 12/18/2013 to 12/19/2013, Meeting |
| 12/12/13 | 841.70 | J. Michael Jones, Airfare, Washington, DC, 12/18/2013 to 12/19/2013, Client Meetings |
| 12/13/13 | 1,211.80 | Jeffrey Gettleman, Airfare, Washington, DC, 12/18/2013 to 12/19/2013, Meeting with Client |

In response to our request, K&E provided the following information concerning each expense:

| Amount | Description | Departure Airport | Destination Airport | Class of Fare | One-Way or Round Trip |
|--------|-------------|-------------------|---------------------|---------------|------------------------|
| 725.80 | John Donley, Airfare, Baltimore, MD, 11/06/2013 to 11/06/2013 | O'Hare - Chicago | BWI - Baltimore | Economy | Round Trip |
| 680.60 | Adam Paul, Airfare, Baltimore, MD, 11/06/2013 to 11/07/2013 | O'Hare - Chicago | BWI - Baltimore | Economy | Round Trip |
| 754.99 | Adam Paul, Airfare, Washington, DC, 12/18/2013 to 12/19/2013 | O'Hare - Chicago | Ronald Reagan National - DC | Economy | Round Trip |
| 841.70 | J. Michael Jones, Airfare, Washington, DC, 12/18/2013 to 12/19/2013 | O'Hare - Chicago | Ronald Reagan National - DC | Economy | Round Trip |
| 1,211.80 | Jeffrey Gettleman, Airfare, Washington, DC, 12/18/2013 to 12/19/2013 | O'Hare - Chicago | Ronald Reagan National - DC | Economy | Round Trip |

We accept K&E's response and have no objection to these expenses.

5.    We noted total charges of $13,691.15 for color copies or prints on the December 2013 monthly fee application, with one charge of $8,527.20 on 12/19/2013. As this was an unusually large charge for color prints, we asked K&E to confirm that this amount was not billed to the estate

in error.   K&E responded:

> Please let this letter serve as confirmation that K&E has reviewed its relevant records and confirms that this amount was not billed in error.  This charge is related to the voluminous closing documents to be reviewed at the meeting described above.  The documents were printed in color in order to ease the review of changes that had been made to the documents.

We appreciate this information and have no objection to these expenses.

**Appendix A-1**

| | | | |
|---|---|---|---|
| 11/04/2013 | Ryan M Hehner | .70 | Review precedent re Project Lantern fee motion. |
| 11/04/2013 | Daniel Hill | .70 | Research re precedent re authorization of separate fees. |
| 11/05/2013 | Ryan M Hehner | 1.80 | Review precedent re Project Lantern fee (1.6);..... |
| 11/05/2013 | Jeffrey Gettleman | .50 | Correspond with A. Paul and R. Hehner re Project Lantern fee. |
| 11/05/2013 | Adam C Paul | .40 | Correspond with M. Shelnitz re Project Lantern fee. |
| 11/06/2013 | Ryan M Hehner | .90 | Research and review precedent re Project Lantern fee motion (.8); correspond with J. Gettleman re same (.1). |
| 11/06/2013 | Andrew Brniak | 2.00 | Prepare and compile precedent re Blackstone retention materials and motions authorizing separate transaction fees (1.9);..... |
| 11/07/2013 | Ryan M Hehner | 5.10 | Research re Project Lantern fee motion (4.8);........ |
| 11/07/2013 | Andrew Brniak | .40 | Prepare and compile precedent re Blackstone retention materials (3);..... |
| 11/08/2013 | Carrie Sroka | 1.30 | Compile precedent re U.S. Trustee objections to Blackstone retention (.9); review case docket re protective order and related seal diligence (.4). |
| 11/08/2013 | Ryan M Hehner | 7.10 | Review and revise Project Lantern motion (2.9); research precedent re same (3.6); telephone conference and correspond with working group re same (6). |
| 11/08/2013 | Jeffrey Gettleman | 2.60 | Correspond with working group re Project Lantern fee (1.8); telephone and office conferences with R. Hehner re same (.8). |
| 11/08/2013 | Adam C Paul | 1.30 | Review Blackstone motion (.9);......... |
| 11/09/2013 | Ryan M Hehner | 6.10 | Review and revise Project Lantern fee motion (5.7);... |

| 11/09/2013 | Jeffrey Gettleman | 2.90 | Correspond working group re Project Lantern fee motion (2.1); review and revise same (.8). |
| 11/10/2013 | Ryan M Hehner | 3.20 | Review and revise Project Lantern fee motion (2.9);.... |
| 11/10/2013 | Jeffrey Gettleman | 2.40 | Correspond with A. Paul, J. O'Connell and R. Hehner re Project Lantern motion (1.5); review and revise same (9). |
| 11/10/2013 | Adam C Paul | 1.70 | Review and revise Project Lantern motion. |
| 11/11/2013 | Ryan M Hehner | 6.90 | Review and revise Project Lantern fee motion (3.4); correspond with working group re same (6); research re precedent for fee rate (2.9). |
| 11/12/2013 | Carrie Sroka | .40 | Compile precedent re orders approving professional retention. |
| 11/12/2013 | Ryan M Hehner | 4.00 | Review and revise Project Lantern fee motion (3.8); correspond with working group re same (.2). |
| 11/12/2013 | Andrew Brniak | 1.10 | Revise and review Blackstone Project Lantern fee motion (.9); correspond with R. Hehner re same (.2). |
| 11/12/2013 | Jeffrey Gettleman | 2.80 | Review and revise Project Lantern fee motion (.8); correspond with J. O'Connell and R. Hehner re same (1.2); office and telephone conferences with working group re same (8). |
| 11/12/2013 | Adam C Paul | .90 | Review Project Lantern fee motion. |
| 11/13/2013 | Ryan M Hehner | 2.50 | Review and revise Project Lantern fee motion (2.1); correspond with working group re same (.4). |
| 11/14/2013 | Ryan M Hehner | 1.30 | Review and revise Project Lantern fee motion (1.1); correspond with working group re same (.1); telephone conference with J. Gettleman re same (.1). |
| 11/14/2013 | Jeffrey Gettleman | 1.20 | Review and revise Project Lantern fee motion (.4); correspond with working group re same (.7); telephone conference with R. Hehner re same |
| 11/15/2013 | Ryan M Hehner | 1.10 | Correspond with working group re Project Lantern fee motion. |