IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (KJC) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING THE FIRST[1] INTERIM VERIFIED
APPLICATION OF KAYE SCHOLER LLP FOR COMPENSATION FOR SERVICES
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
JANUARY 1, 2010 THROUGH FEBRUARY 3, 2014

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the First Interim Verified Application of Kaye Scholer LLP for Compensation for Services and Reimbursement of Expenses for the Period from January 1, 2010 through February 3, 2014 (the "Application").

BACKGROUND

1.    Kaye Scholer LLP ("Kaye Scholer") was retained as special counsel to the Debtors for intellectual property matters. Kaye Scholer seeks approval of fees totaling $632,647.74 and expenses totaling $426.41 for its services from January 1, 2010 through February 3, 2014. Pursuant to discussions with Debtor's counsel, we are reviewing in this final report only Kaye Scholer's fees and expenses billed through December 31, 2013, and we will address Kaye Scholer's fees and expenses for January 1, 2014, through February 3, 2014 in conjunction with our review of its final

---

[1] Although this is Kaye Scholer's first interim fee application, it covers the period of January 1, 2010 through February 3, 2014, which includes the Thirty-Eighth through Fifty-Second Interim Application Periods.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Kaye Scholer 37-51Q 1.10-12.13 v2.wpd

fee application. Thus, for the period of January 1, 2010, through December 31, 2013 (the "Application Period"), Kaye Scholer seeks approval of fees totaling $622,662.87 and expenses totaling $426.41.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2014, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We emailed questions to Kaye Scholer based upon our review, and we received a response from Kaye Scholer, portions of which response are quoted herein.

## DISCUSSION

3. We noted that although Kaye Scholer seeks fees totaling $622,662.87 and expenses totaling $426.41 for the period ending December 31, 2013, we calculate Kaye Scholer's fees at $502,495.53 and its expenses at $311.41. In response to our inquiry, Kaye Scholer advised us that there were certain invoices mistakenly included in the fee and expense totals, and also agreed to our calculations. We appreciate Kaye Scholer's response and recommend that the amounts requested in the Application be reduced by $120,167.34 in fees and $115.00 in expenses in order to correct the error.

4.      We noted that there were no time entries billed in the Application for less than 10 minutes, or 0.17 hours, and it did not appear that Kaye Scholer was billing in tenth of an hour increments. Local Rule 2016-2(d)(iv) provides: "Activities shall be billed in tenths of an hour (six (6) minutes); . . ." We asked Kaye Scholer why it was not billing in tenth of an hour (six minute) increments, and Kaye Scholer responded:

> Kaye Scholer does not have a policy of billing a minimum of 10 minutes per time entry. Kaye Scholer's billing system is set up to bill in 5 minute increments (.08) and often bills in such increments. However, while Kaye Scholer LP can and will bill Grace at times for 5 minute increments where appropriate, Kaye Scholer typically is not involved in mundane, routine or other clerical intellectual property work for Grace that may total 5 minutes of legal work. On many occasions, Kaye Scholer simply has not billed Grace or has written off time with 5 minutes of work and, at other times, even where more considerable work was done and more time billed. Grace maintains an in-house Intellectual Property Department where work often requiring 5-10 minutes of time may be more common. That type work is not forwarded to Kaye Scholer. Issues brought to Kaye Scholer's attention and Grace's requests for assistance are often very detailed potential litigation issues, U.S. and foreign trademark clearance opinions, working with foreign counsel in oppositions and cancellations, review trademark watch/monitoring reports, settlements etc. Kaye Scholer's Counsel, John P. Rynkiewicz, was Grace's Chief Trademark counsel for nearly 10 years and has a solid grasp of the Company's business, foreign trademark agents and internal legal personnel. On these more significant issues where Grace requires such legal assistance, Kaye Scholer has been able to step in and address all of these more complex matters in far less time than another firm would require. Due to institutional knowledge, knowledge of the various Grace product lines and other legal capabilities, Kaye Scholer's billings for these type matters reflect no start-up, training, or "get-acquainted" time and reflect very efficient time entries.
>
> Kaye Scholer has, in fact, billed in 5 min. increments for legal time throughout the period.

We note that Kaye Scholer's time entries throughout the Application Period appear to have been billed in five-minute increments. We accept Kaye Scholer's response because five-minute increments are even more exact than 10-minute increments. Thus, we have no objection to Kaye Scholer's fees on that basis.

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR Kaye Scholer 37-51Q 1.10-12.13 v2.wpd

## CONCLUSION

5.    Thus, we recommend approval of $502,495.53 in fees ($622,662.87 minus $120,167.34) and $311.41 in expenses ($426.41 minus $115.00) for Kaye Scholer's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:                                            
      Warren H. Smith
      Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, TX   75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 14th day of May 14, 2014.

                                            Warren H. Smith

## SERVICE LIST

**Applicant**
John P. Rynkiewicz
Kaye Scholer LLP
The McPherson Building
901 Fifteenth Street, N.W.
Washington, DC 20005

jrynkiewicz@kayescholer.com