## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.,** *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (KJC)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING INTERIM FEE APPLICATION OF VENABLE LLP FOR THE THIRTY-EIGHTH THROUGH FIFTIETH QUARTERS FROM JULY 1, 2010 THROUGH SEPTEMBER 30, 2013

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Venable LLP for the Thirty-Eighth through Fiftieth Quarters from July 1, 2010 through September 30, 2013 (the "Application").

### BACKGROUND

1.      Venable LLP ("Venable") was retained as special litigation counsel to the Debtors and Debtor- in-Possession.  In the Application, Venable seeks approval of fees totaling $209,779.50 and expenses totaling $5,434.06 for its services from July 1, 2010 through September 30, 2013 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2014, and the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent

established in the United States Bankruptcy Court for the District of Delaware, the United States

District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served an

initial report on Venable based upon our review, and we received a response from Venable, portions

of which response are quoted herein.

## DISCUSSION

3.      We noted the following time entries which included non-working travel time:

| | | | | | |
|---|---|---|---|---|---|
| Strong, Thomas H. | 11/30/2011 | 7.00 | 430.62 | 3,014.35 | Travel to Curtis Bay Facility ........ regarding grievance; prepare potential witnesses; review prior postings and other preparation for hearing |
| Strong, Thomas H. | 12/1/2011 | 6.70 | 430.62 | 2,885.17 | Preparation for; travel to and from and attend hearing |

We asked Venable if this non-working travel time had been discounted by 50% as required by the

Local Rules.[1]    Venable responded:

> The time entry of Thomas Strong includes "Travel to Curtis Bay Facility . . . ."
> Curtis Bay and W.R. Grace's Curtis Bay facility are in Baltimore City, where our
> office is also located.  Curtis Bay is approximately 7-8 miles from our office and
> takes approximately 20-25 minutes to drive in one direction.  Mr. Strong was driving
> locally to the client's facility to prepare witnesses.  His driving time was not reduced
> by 50%.  If such time is covered by the requirement to reduce by 50%, we can do so.
> Using 50 minutes of total travel time, .833 x $430.62 = $358.85. If such time is not
> covered by the requirement to reduce by 50%, we would be happy to leave Mr.
> Strong's time as is.

---

[1]Local Rule 2016-2(d)(viii) provides:

> Travel time during which no work is performed shall be separately described and may be
> billed at no more than 50% of regular hourly rates;...

Regarding the (second) Tom Strong time entry, the hearing he attended was local, with approximately half an hour driving time in each direction, for a total of one hour to go to and from the hearing.  We have not reduced that time by 50%, but are agreeable to doing so as necessary.

We appreciate Venable's response and recommend that the fees for travel time in both time entries be reduced by 50%, for a reduction of $394.73[2] in fees.

> 5.    We noted the following sets of identical time entries:

| | | | | |
|---|---|---|---|---|
| 08/08/11 | BMH | 0.10 | 44.50 | Communications with client; preparation for grievance arbitrations. |
| 08/08/11 | BMH | 0.10 | 44.50 | Communications with client; preparation for grievance arbitrations. |
| 08/18/11 | BMH | 0.50 | 222.50 | Review documents from client; update arbitration outlines. |
| 08/18/11 | BMH | 0.50 | 222.50 | Review documents from client; update arbitration outlines. |
| 08/30/11 | BMH | 0.50 | 222.50 | Review notes, legal research and preparation for call with client. |
| 08/30/11 | BMH | 0.50 | 222.50 | Review notes, legal research and preparation for call with client. |
| 09/02/11 | BMH | 0.30 | 133.50 | Prep call with Greg Ford |
| 09/02/11 | BMH | 0.30 | 133.50 | Prep call with Greg Ford |

We asked Venable if any of these time entries were duplicates, and Venable responded:

> Those time entries, although they use identical language, are not duplicate entries. Rather, Mr. Hudson was working on two employee grievance arbitrations at the same time.  Venable kept track of those two matters on separate files.  When Mr. Hudson did work that was applicable to both grievances, he divided his time between the two matters, and used the same language to describe his work.

We accept Venable's response and have no objection to these fees.

---

[2]Of this reduction, $179.42 (50% of $358.85) is for the first time entry, and $215.31 (50% of $430.62) is for the second time entry.

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR Venable 41-50Q 7.10-9.13.wpd

6.    We noted the following meal charges for which more information was needed:

| 09/17/10 | Luncheon/Dinner Conf | 90.53 | E Hughes meeting order #2-48275 |
|---|---|---|---|
| 09/17/10 | Luncheon/Dinner Conf | 162.14 | E Hughes meeting order #2-48293 |
| 09/17/10 | Luncheon/Dinner Conf | 247.28 | E Hughes meeting order #2-48309 |
| 09/21/10 | Luncheon/Dinner Conf | 105.16 | Elizabeth Hughes - Ordered dinner for clients while working |
| 09/21/10 | Luncheon/Dinner Conf | 83.49 | Elizabeth Hughes - working lunch with clients |

In response to our request, Venable provided additional information concerning each charge:

2-48275 (posted on 9/17/10, meeting on 9/9/10)
Number of people: 10
City: Washington, D.C.
Meal: beverage service for afternoon and evening.

2-48293 (posted on 9/17/10, meeting on 9/10/10)
Number of people: 10
City: Washington, D.C.
Meal: lunch

2-48309 (posted on 9/17/10, meeting on 9/10/10)
Number of people: 10
City: Washington, D.C.
Meal: dinner

Venable does not have the requested information for the two 9/21/10 meals. Therefore, Venable is willing to forego reimbursement of its expense request for those two meals, which is a total of $188.65.

We appreciate Venable's response and recommend a reduction of $188.65 in expenses.[3]

7.    We noted the following charges for overtime wages:

| 09/09/10 | Overtime Wages | 510.00 | Empl#55980; authorized by Hughes, E.R.; Tysons Corner |
|---|---|---|---|
| 09/10/10 | Overtime Wages | 561.00 | Empl#55980; authorized by Hughes, E.R.; Tysons Corner |

[3]The remaining meal expenses fell under our recommended per person caps for Washington, D.C., of $45 for lunch and $65 for dinner. The charge for afternoon and evening beverage service computed to $9.05 per person which does not appear unreasonable. Thus, we had no objection to these expenses.

| 09/13/10 | Overtime Wages | 204.00 | Empl#55980; authorized by Hughes, E.R.; Tysons Corner |

We asked Venable why this work could not have been performed during regular business hours, and

Venable responded:

> Like ... the meal charges above, these overtime charges were incurred in connection with Elizabeth Hughes' work on the acquisition of an entity on a compressed timetable. Ms. Hughes worked the full regular business day on this matter on all three dates (9/9/10, 9/10/10, and 9/13/10), and her work continued into the evening, which created the need to have continued secretarial support after regular business hours.

We accept Venable's response and have no objection to these expenses.

## CONCLUSION

8.    Thus, we recommend approval of $209,384.77 in fees ($209,779.50 minus $394.73)

and $5,245.41 in expenses ($5,434.06 minus $188.65) for Venable's services for the Application

Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
        Warren H. Smith
        Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, TX 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 21st day of May, 2014.

_____

Warren H. Smith

**SERVICE LIST**
<u>Notice Parties</u>

<u>**The Applicant**</u>
Darek S. Bushnaq
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202

dbushnaq@venable.com

<u>**The Debtors**</u>
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

<u>**United States Trustee**</u>
Richard Schepacarter
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

<u>**Counsel for the Debtors**</u>
John Donley
Adam Paul
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

<u>**Counsel to the Official Committee of Unsecured Creditors**</u>
Denise Wildes
Kenneth Pasquale
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

<u>**Counsel to the Official Committee of Property Damage Claimants**</u>
Scott L. Baena
Jay Sakalo
Bilzin, Sumberg, Baena, Price & Axelrod
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Michael B. Joseph
Theodore J. Tacconelli
Lisa Coggins
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

<u>**Counsel to the Official Committee of Personal Injury Claimants**</u>
Elihu Inselbuch
Rita Tobin
Caplin & Drysdale
600 Lexington Avenue, 21st Floor
New York, NY  10022-6000

Marla R. Eskin
Mark Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE  19801

<u>**Counsel to the Official Committee of Equity Holders**</u>
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899