IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | Re docket no. 32095, 32220 |
| | ) | Hearing Agenda item no. 5 |

ORDER IMPLEMENTING THE PLAN'S DISCHARGE OF PREPETITION
LITIGATION CLAIMS AND THE RELATED INJUNCTION WHERE CLAIMANTS
DID NOT FILE PROOFS OF CLAIM

Upon consideration of the *Motion for an Order Implementing the Plan's Discharge of Prepetition Litigation Claims and the Related Injunction Where Claimants Did Not File Proofs of Claim* (the "Motion"), it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties-in-interest;[2] the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.  The Motion is granted in its entirety.

---

[1] The Reorganized Debtors comprise the following entities: W. R. Grace & Co., W. R. Grace & Co.-Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC, Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc., Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. and Water Street Corporation.

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion, the Plan or Exhibit I hereto.

DOCS_DE:192982.1 91100/001

2. All Prepetition Litigation Claims (as that term is defined in <u>Exhibit I</u>) are discharged pursuant to Bankruptcy Code §§ 524(a) & 1141 and Plan Art. 8.1.1.

3. Each of the Prepetition Litigants (as that term is defined in <u>Exhibit I</u>) is specifically enjoined by Plan Art. 8.1.1 from prosecuting the relevant Prepetition Litigation or otherwise pursuing their Prepetition Litigation Claims, whether in the courts with competent jurisdiction over the relevant Prepetition Litigation (as that term is defined in <u>Exhibit I</u>), this Court or in any other forum.

4. The Reorganized Debtors are authorized to seek the dismissal with prejudice of each of the Prepetition Litigations in the relevant court of competent jurisdiction.

5. Each Prepetition Litigant is specifically enjoined from opposing the entry of an order by the relevant court of competent jurisdiction of the dismissal with prejudice of the relevant Prepetition Litigation.

6. All stays and injunctions applicable to the Prepetition Litigation shall remain in place until such time as each such Prepetition Litigation is dismissed with prejudice by the court of competent jurisdiction.

7. The Reorganized Debtors are authorized to take any and all other actions that may be necessary to seek the dismissal with prejudice of each of the Prepetition Litigations.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

10. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014, or otherwise.

Dated: May 27, 2014

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge