# Exhibit 6

```
STATE OF SOUTH CAROLINA)
                       ) IN THE COURT OF COMMON PLEAS
COUNTY OF HAMPTON      )


ANDERSON MEMORIAL HOSPITAL,)
                           )
        PLAINTIFF,         )
                           ) TRANSCRIPT OF RECORD
        v.                 )
                           )   92-CP-25-279
W. R. GRACE & CO., et al., )
                           )
        DEFENDANTS.        )
```

MARCH 9, 2001
SPARTANBURG, SOUTH CAROLINA

B E F O R E:

    THE HONORABLE JOHN C. HAYES, III, JUDGE


A P P E A R A N C E S:

    DANIEL A. SPEIGHTS, ESQUIRE
    ALAN RUNYAN, ESQUIRE
    MARION FAIREY, ESQUIRE
    ATTORNEYS FOR THE PLAINTIFF

    DONALD A. COCKRILL, ESQUIRE
    P. KEVIN CASTEL, ESQUIRE
    ATTORNEYS FOR THE DEFENDANT



    CAROLYN K. MITCHELL
    CIRCUIT COURT REPORTER

1  or not this order should remain in effect or whether or not I
2  should set it aside and wait and resolve the whole matter
3  after I have consumed all that has been sent to me.
4      I will address, up front, one concern that W.R.
5  Grace had; and that's what I call the inertia factor. I
6  assure you -- assure everyone that I have not even come close
7  to making a decision in this because -- a final decision,
8  because I have not had a chance to digest, again, the quite
9  voluminous matter, nor have I reviewed the transcript. So
10 there are still issues out there.
11     And the fact that the Court has taken the action it
12 has at this point, I, in my mind and personally find that to
13 have no precedential value as to what I'll ultimately find and
14 can tell you, each side, that, to the extent it is humanly
15 possible, I feel that it would have absolutely no influence on
16 me, again, having been issued only in what I considered
17 exigent circumstances.
18     One final comment before I -- and then I'll shut up
19 and let y'all talk. And this is somewhat addressed in the
20 briefs, although counsel for plaintiff in theirs indicate that
21 they are willing to accept that burden if it exists.
22     I have no idea -- I know very little about
23 bankruptcy law. I know a little bit about preferences. I
24 know a little bit about secured and unsecured debts. I can't
25 even remember whether it's Chapter 7 or Chapter 13 you need to

1  MR. SPEIGHTS: Yes, sir.
2  THE COURT: Okay. All right.
3  Do you want to proceed, then?
4  MR. SPEIGHTS: Thank you, Your Honor.
5  Your Honor, I believe there are two fundamental issues that are before the Court today, two issues that are decisional, one of which I do not expect you to reach, especially after you've already advised us a few minutes ago that you are still dealing with the second issue.
10  But the first issue is, is it appropriate to conditionally certify a class action as to W.R. Grace.
12  We recognize that there is a clean slate today. We don't argue to you that because you signed an order two weeks ago that, therefore, we are in some superior position arguing before you today. We believe we will show you that Your Honor should continue or issue a new conditional certification as to W.R. Grace.
18  The only other issue that's actually pending before the Court is the question on the merits, should you certify the class action as to all defendants, an issue you, obviously, are not going to decide today. But I mention it because there is some relation between the two.
23  I am also going to briefly discuss, and very briefly, the appropriateness of the ex parte conditional order you signed a couple of weeks ago. I'm going to discuss it,

11

1  verified petition.
2      Well, Your Honor is today, and was two weeks ago, in
3  a vastly superior position to that because you heard the
4  evidence for two days, you heard many arguments in this
5  matter, and you have a full factual record.
6      The second reality I'd like to address the Court's
7  attention to is the reality that W.R. Grace controls its own
8  destiny.  If it does not file for bankruptcy, then it cannot
9  possibly show any prejudice.
10     Indeed, Grace could even tell the Court -- but I do
11 not believe that it will do so, given the consequences of a
12 representation to the Court.  But Grace could even tell the
13 Court or represent to the Court that it will not file
14 bankruptcy or will not file bankruptcy unless it gives
15 reasonable notice to the Court.  And Grace, thus far, in its
16 briefs, has refused to do that.
17     So whatever tough situation we have here today, I
18 would suggest to Your Honor, is in the hands of W.R. Grace.
19 It decides its own destiny.
20     The third issue, or third reality I would mention,
21 Your Honor, is that all issues go away when Your Honor decides
22 the merits.  The question of whether it was appropriate to
23 grant conditional relief today, the question of whether it was
24 appropriate to grant it two weeks ago, the question of whether
25 there should or should not have been an ex parte order, all

```
 1   evaporate by the very terms of the conditional order.  Once
 2   you decide the merits, either way, all of these issues
 3   evaporate without prejudice to anybody.
 4            And, lastly, Your Honor, and without in any way
 5   being presumptuous by saying this, I would suggest to Your
 6   Honor that there need not be any delay after Your Honor
 7   decides the merits, decides the merits in your own mind.
 8   Because at the moment Your Honor turns to your law clerk and
 9   says something to the effect, Let's start working on an order
10   in this matter, I've made up my mind, all Your Honor has to do
11   is to issue a form order.
12            And I just filled out two, just by way of example,
13   from Ms. Nettles' office down in Hampton.  And Your Honor
14   could enter a form order, "Plaintiff's motion for class
15   certification is granted on the merits.  A further memorandum
16   supporting this order will follow" or "Plaintiff's motion for
17   class certification is denied on the merits.  A further
18   memorandum supporting this order will follow."  And then all
19   issues will evaporate.
20            And I have no idea how Your Honor is going to rule,
21   obviously, because Your Honor has told us you don't know yet.
22   And I have no idea of the time schedule.
23            Everybody seems to be worried about time and the
24   delay.  We're worried that something's going to happen in
25   bankruptcy court; they've expressed some worries about it.
```

1  there is a real danger of bankruptcy here.
2  Now. That's only step one. Step two is, why does
3  that matter to Anderson? And I would suggest to Your Honor
4  that the record likewise shows that Anderson will suffer
5  severe and irreparable prejudice if bankruptcy precedes
6  certification, if there is -- you know, the best of all worlds
7  for Anderson, obviously, is the final order. Because Grace
8  will argue that the conditional order is not as good down in
9  bankruptcy court as the final order. But the worst of all
10 worlds for Anderson is that if W.R. Grace files bankruptcy
11 without any conditional certification whatsoever.
12 Now, why will Anderson be prejudiced, and severely
13 prejudiced?
14 Your Honor, we filed this motion three years ago to
15 certify the case. There have been multiple briefings and
16 multiple hearings, an evidentiary hearing. The resolution,
17 most recently, has been delayed -- and I'm not offering any
18 criticism of this because Grace asked and got permission to
19 file a brief after a transcript. And we know, in South
20 Carolina, all transcripts, with great respect to Ms. Mitchell,
21 are usually delayed because our court reporters are all
22 overworked. So that a hearing that started in September, the
23 transcript was not available until this year. And so we've
24 all been sort of running in place a little bit. But we've had
25 all of the proceedings for a certification decision in this