# Exhibit 10

Case 01-01139-AMC    Doc 32233-10    Filed 05/29/14    Page 2 of 3

Westlaw

H.R. REP. 95-595, H.R. Rep. No. 595, 95TH Cong., 1ST Sess. 1977, 1978 U.S.C.C.A.N. 5963, 1977 WL 9628 (Leg.Hist.)

P.L. 95-598, BANKRUPTCY REFORM ACT OF 1978
SEE PAGE 92 STAT. 2549
HOUSE REPORT (JUDICIARY COMMITTEE) NO. 95-595, SEPT. 8, 1977
(TO ACCOMPANY H.R. 8200)
SENATE REPORT (JUDICIARY COMMITTEE) NO. 95-989, JULY 14, 1978
(TO ACCOMPANY H.R.S. 2266)
DATES OF CONSIDERATION AND PASSAGE
HOUSE FEBRUARY 1, SEPTEMBER 28, OCTOBER 6, 1978
SENATE SEPTEMBER 7, 22, OCTOBER 5, 1978
THE HOUSE BILL WAS PASSED IN LIEU OF THE SENATE BILL AFTER AMENDING ITS LANGUAGE TO CONTAIN MUCH OF THE TEXT OF THE SENATE BILL. THE SENATE REPORT (THIS PAGE) AND THE HOUSE REPORT (P. 5963) ARE SET OUT.

(CONSULT NOTE FOLLOWING TEXT FOR INFORMATION ABOUT OMITTED MATERIAL.  EACH    COMMITTEE REPORT IS A SEPARATE DOCUMENT ON WESTLAW.)

HOUSE REPORT NO. 95-595
SEPT. 8, 1977

*1 **5963 THE COMMITTEE ON THE JUDICIARY, TO WHOM WAS REFERRED THE BILL (H.R. 8200) TO ESTABLISH A UNIFORM LAW ON THE SUBJECT OF BANKRUPTCIES, HAVING CONSIDERED THE SAME, REPORT FAVORABLY THEREON WITH AN AMENDMENT AND RECOMMEND THAT THE BILL AS AMENDED DO PASS. THE COMMITTEE AMENDMENT STRIKES OUT ALL AFTER THE ENACTING CLAUSE AND INSERTS A NEW TEXT, WHICH APPEARS IN ITALIC TYPE IN THE REPORTED BILL.

THE AMENDMENT IS AN AMENDMENT IN THE NATURE OF A SUBSTITUTE FOR THE BILL, INCORPORATING SIX SUBSTANTIVE AMENDMENTS ADOPTED BY THE COMMITTEE, AND NUMEROUS TECHNICAL, DRAFTING, AND STYLE CHANGES TO THE BILL. A DETAILED DESCRIPTION OF THE SIX AMENDMENTS ADOPTED DURING COMMITTEE DELIBERATIONS IS INCORPORATED INTO THE DESCRIPTION OF THE BILL CONTAINED IN THIS REPORT, WHICH ADDRESSES ITSELF TO THE AMENDMENTS IN THE NATURE OF A SUBSTITUTE. BRIEFLY SUMMARIZED, THEY ARE AS FOLLOWS:

THE FIRST AMENDMENT PROVIDES AN ALTERNATIVE TO THE UNITED STATES TRUSTEE IN THE APPOINTMENT OF PRIVATE STANDING CHAPTER 13 TRUSTEES. THE AMENDMENT PERMITS UNITED STATES TRUSTEES, WITH THE APPROVAL OF THE ATTORNEY GENERAL, TO EMPLOY PRIVATE STANDING TRUSTEES OR PUBLIC ASSISTANT UNITED STATES TRUSTEES TO SERVE IN CHAPTER 13 CASES.

THE SECOND AMENDMENT LIMITS THE CONSUMER PRIORITY IN SEC. 507(5) OF PROPOSED TITLE 11 TO $2,400 PER INDIVIDUAL.

THE THIRD AMENDMENT CHANGES SECTION 303(B) OF THE BILL TO DELETE THE REPEALER

REQUIRE HIS EXCLUSION FROM THE OTHER CLASS AS WELL. THE RESULT IS TO OVERRULE CASES SUCH AS ALADDIN HOTEL CORP. V. BLOOM, 200 F.2D 627 (8TH CIR. 1953), WHICH, THOUGH NOT IN THE BANKRUPTCY CONTEXT, WOULD APPEAR TO COUNT VOTES FOR A REORGANIZATION PLAN MOTIVATED BY AN ATTEMPT TO SQUEEZE OUT A MINORITY OF A CLASS. IN THAT CASE, THE CONFLICT OF INTEREST OF THOSE VOTING FOR THE PLAN WAS CLEAR, BUT THE COURT PERMITTED THE VOTES.

SUBSECTION (F) PERMITS THE COURT TO DESIGNATE ANY PERSON WHOSE ACCEPTANCE OR REJECTION OF THE PLAN WAS NOT IN GOOD FAITH OR IN ACCORDANCE WITH THE PROVISIONS OF THE BANKRUPTCY CODE.

SUBSECTION (G) STATES A CATEGORICAL RULE TO AVOID CONFLICTS OF INTEREST. IF A CLASS IS DENIED PARTICIPATION IN A REORGANIZED DEBTOR, THE CLASS IS CONCLUSIVELY DEEMED TO HAVE REJECTED THE PLAN.

### SEC. 1127. MODIFICATION OF PLAN

SUBSECTION (A) PERMITS THE PROPONENT OF A PLAN TO MODIFY IT AT ANY TIME BEFORE CONFIRMATION, SUBJECT, OF COURSE, TO THE REQUIREMENTS OF SECTIONS 1122 AND 1123, GOVERNING CLASSIFICATION AND CONTENTS OF A PLAN. AFTER THE PROPONENT OF A PLAN FILES A MODIFICATION WITH THE COURT, THE PLAN AS MODIFIED BECOMES THE PLAN, AND IS TO BE TREATED THE SAME AS AN ORIGINAL PLAN.

SUBSECTION (B) PERMITS MODIFICATION OF A PLAN AFTER CONFIRMATION UNDER CERTAIN CIRCUMSTANCES. THE MODIFICATION MUST BE PROPOSED BEFORE SUBSTANTIAL CONSUMMATION OF THE PLAN. THE REQUIREMENTS OF SECTIONS 1122 AND 1123 CONTINUE TO APPLY. THE PLAN AS MODIFIED UNDER THIS SUBSECTION BECOME THE PLAN ONLY IF THE COURT CONFIRMS THE PLAN AS MODIFIED UNDER SECTION 1129 AND THE CIRCUMSTANCES WARRANT THE MODIFICATION.

SUBSECTION (C) REQUIRES THE PROPONENT OF A MODIFICATION TO COMPLY WITH THE DISCLOSURE PROVISIONS OF SECTION 1125. OF COURSE, IF THE MODIFICATION WERE SUFFICIENTLY MINOR, THE COURT MIGHT DETERMINE THAT ADDITIONAL DISCLOSURE WAS NOT REQUIRED UNDER THE CIRCUMSTANCES.

SUBSECTION (D) SIMPLIFIES MODIFICATION PROCEDURE BY DEEMING ANY CREDITOR OR EQUITY SECURITY HOLDER THAT HAS ALREADY ACCEPTED OR REJECTED THE PLAN TO HAVE ACCEPTED OR REJECTED THE MODIFICATION, UNLESS, WITHIN THE TIME FIXED BY THE COURT, THE CREDITOR OR EQUITY SECURITY HOLDER CHANGES THIS PREVIOUS ACCEPTANCE OR REJECTION.

### SEC. 1128. CONFIRMATION HEARING

SUBSECTION (A) REQUIRES THAT THERE BE A HEARING IN EVERY CASE ON THE CONFIRMATION OF THE PLAN. NOTICE IS REQUIRED.

SUBSECTION (B) PERMITS ANY PARTY IN INTEREST TO OBJECT TO THE CONFIRMATION OF THE PLAN. UNDER SECTION 1109, THE SEC AND INDENTURE TRUSTEES, EVEN THOUGH NOT TRUE PARTIES IN INTEREST, MAY ALSO OBJECT TO CONFIRMATION.

**\*\*6368 \*412** SEC. 1129. CONFIRMATION OF PLAN

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.