# Exhibit 11

Case 01-01139-AMC    Doc 32233-11    Filed 05/29/14    Page 2 of 4

3 CLASSACT § 7:34                                                                                                                Page 1
Newberg on Class Actions § 7:34 (5th ed.)

Newberg on Class Actions
Database updated December 2013

William B. Rubenstein [a0]

Chapter
7. The Class Certification Motion
VI. Revisiting the Class Certification Decision[*]

**§ 7:34. Revisiting the initial class certification decision—Generally**

Rule 23 enables a district court to alter or amend its class certification decision any time before final judgment.[1] A court may change its mind in either direction; it can:
- *certify* a class that it initially rejected,[2] or
- *decertify* or *modify* a class that it initially approved.[3]

The succeeding sections of this unit review these two changes in course, first looking at reconsideration[4] and then at decertification or modification.[5]

While both types of motions are plausible, decertification and modification are far more common than reconsideration. The difference is easily explained: courts experience themselves as having somewhat unfettered discretion to decertify or modify as part of their oversight of the class suit, but they tend to adjudicate motions for reconsideration through the standard approach to such motions—namely, that they are an exception to the law of the case doctrine[6]—and that approach makes reconsideration highly unlikely.

Yet behind this easy explanation lies a more nuanced explanation concerning the history of Rule 23, a history that suggests that courts are more open to modified certifications than to revisiting denials. Under the pre-2003 version of Rule 23, courts were required to decide the class certification issue "as soon as practicable after commencement of an action"[7] but were simultaneously permitted to certify a class conditionally. Given the quick but tentative value of initial certifications, modification and, perhaps, decertification were not unusual developments in the progression of a class suit. Under the current, post-2003, Rule, courts have more time to make the initial certification decision—now it must be "at an early practicable time"[8] rather than "as soon as practicable"—but, simultaneously, they must be satisfied that the party seeking certification has met all requirements of Rule 23.[9] Thus, post-2003, decertification and modification should theoretically only take place after some change, unforeseen at the time of the class certification, that makes alteration of the initial certification decision necessary. Yet because district courts retain their broad discretion over issues related to class certification, these unforeseen changes need not satisfy a heightened standard of review in order for district courts to consider them in the context of decertification or modification. Rather, district courts rely on the discretion granted to them by Rule 23(c)(1)(C).[10]

By contrast, a successful motion for reconsideration, then and now, requires a significant, unexpected change in the facts or the law.[11] Courts do not rely on their discretion under Rule 23 in adjudicating these motions but rather apply a strict standard generally requiring a change in controlling law, the availability of new

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

evidence, or the need to correct manifest error or injustice.[12] These three conditions, the traditional bases for motions to reconsider any court order,[13] are difficult to satisfy, and courts generally look on motions to reconsider with disfavor.[14]

In short, decertification and modification have historically involved less stringent standards than reconsideration,[15] and despite a revised Rule 23 that implies *any* certification should be carefully considered and not "conditionally" granted, traditional conceptions of each still determines how they are applied.

[FNa0] Sidley Austin Professor of Law

Harvard Law School

[FN*] Professor Rubenstein thanks Josh Podoll, Harvard Law School Class of 2011, and Geng Chen, Harvard Law School Class of 2014, for their help in preparing this unit and Christopher Keys, Harvard Law School Class of 2011, for his help in editing it.

---

[FN1] Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

[FN2] Guardian Angel Credit Union v. MetaBank, 2010 DNH 74, 2010 WL 1794713, *2, 12 (D.N.H. 2010) (granting a renewed motion for class certification after the plaintiff cured the predominance issues from the original motion).

[FN3] Forehand v. Florida State Hosp. at Chattahoochee, 89 F.3d 1562, 1566, 71 Fair Empl. Prac. Cas. (BNA) 905, 35 Fed. R. Serv. 3d 911 (11th Cir. 1996) (holding that class could be decertified 10 years after original certification, but before decision on merits).

Barrett v. Option One Mortg. Corp., 2012 WL 4076465, *3–4 (D. Mass. 2012) (decertifying class in light of Supreme Court decision in Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 180 L. Ed. 2d 374, 112 Fair Empl. Prac. Cas. (BNA) 769, 94 Empl. Prac. Dec. (CCH) P 44193, 161 Lab. Cas. (CCH) P 35919, 78 Fed. R. Serv. 3d 1460 (2011)).

In re Grand Theft Auto Video Game Consumer Litigation, 251 F.R.D. 139 (S.D. N.Y. 2008) (decertifying in light of intervening Second Circuit decision).

Slaven v. BP America, Inc., 190 F.R.D. 649, 652, 2001 A.M.C. 1083 (C.D. Cal. 2000) (finding no "right" to class status in spite of five year gap between certification and decertification).

[FN4] *See* Rubenstein, 3 Newberg on Class Actions §§ 7:35 to 7:36 (5th ed.).

[FN5] *See* Rubenstein, 3 Newberg on Class Actions §§ 7:37 to 7:40 (5th ed.).

[FN6] *See generally* Wright and Miller's Federal Practice and Procedure, Jurisdiction and Related Matters § 4478 (explaining law of the case doctrine and noting that a trial court's decision "must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice" (quoting White v. Murtha, 377 F.2d 428, 431–32 (5th Cir. 1967), opinion adhered to on denial of reh'g, 381 F.2d 34 (5th Cir. 1967)). *See also* Wright v. F.B.I., 598 F. Supp. 2d 76, 77 (D.D.C. 2009) ("A motion for reconsideration is granted only when 'there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.'" (quoting Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998))).

[FN7] Fed. R. Civ. P. 23(c)(1)(A) advisory committee's note (2003) (explaining prior version of Rule).

[FN8] Fed. R. Civ. P. 23(c)(1)(A).

[FN9] Fed. R. Civ. P. 23(c)(1)(C) advisory committee's note (2003).

[FN10] Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

[FN11] Krim v. pcOrder.com, Inc., 212 F.R.D. 329, 332, Fed. Sec. L. Rep. (CCH) P 92244 (W.D. Tex. 2002) ("The Court will only address these arguments insofar as Lead Plaintiffs present newly discovered evidence or allege manifest errors of law or fact.").

[FN12] Panetta v. Sap America, Inc, 2006 WL 2711747, *2 (E.D. Pa. 2006), aff'd, 294 Fed. Appx. 715 (3d Cir. 2008) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

[FN13] *See generally* Wright and Miller's Federal Practice and Procedure, Jurisdiction and Related Matters § 4478.

[FN14] Slavinski v. Columbia Ass'n, Inc., 2011 WL 2119231, *1 (D. Md. 2011) ("Courts are reluctant to grant such a motion, because 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" (quoting Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403, 41 Fed. R. Serv. 3d 729 (4th Cir. 1998))).

[FN15] Ellis v. Elgin Riverboat Resort, 217 F.R.D. 415, 420, 92 Fair Empl. Prac. Cas. (BNA) 963, 85 Empl. Prac. Dec. (CCH) P 41818 (N.D. Ill. 2003) (differentiating between "a motion to reconsider requiring a heightened standard of review under the law of the case doctrine" and "a motion to decertify based on evidence developed and revelations produced during three years of discovery and pretrial litigation").

Westlaw. © 2013 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

3 CLASSACT § 7:34

END OF DOCUMENT