## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) **Hearing Date: July 8, 2014, at 10:00 a.m.** |
| | ) **Objection Deadline: June 25, 2014** |
| | ) |

### REORGANIZED DEBTORS' MOTION FOR AN ORDER EXTENDING THE CHAPTER 11 PLAN DEADLINE BY WHICH THE REORGANIZED DEBTORS MAY OBJECT TO CLAIMS

The above-captioned reorganized debtors (the "Reorganized Debtors") file this motion (the "Motion") for an order substantially in the form attached hereto as Exhibit A (the "Order"), extending until January 30, 2015, the deadline by which the Reorganized Debtors may file objections to open, unresolved, non-asbestos Plan Claims (the "Claims Objection Deadline").[2] Plan Art. 5.1 set the Claims Objection Deadline as the 180th day after the Plan's Effective Date, but gave leave to the Reorganized Debtors to seek one or more extensions upon proper notice to holders of open Plan Claims (other than Asbestos PI Claims, Asbestos PD Claims and CDN ZAI PD Claims). The Effective Date was February 3, 2014, which set the current Claims Objection Deadline on August 2, 2014.

---

[1]    The Reorganized Debtors comprise the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

As discussed in this Motion, the Reorganized Debtors had prior to the Effective Date already resolved the vast majority of the approximately 10,255 Plan Claims (other than Asbestos PI Claims, Asbestos PD Claims and CDN ZAI PD Claims).  Since then, the Reorganized Debtors have Allowed eight more Plan Claims, and a further 140 Plan Claims have been disallowed by order of this Court.  Virtually all of the remaining open Plan Claims (other than Asbestos PI Claims, Asbestos PD Claims and CDN ZAI PD Claims) are the subject of settlement negotiation or other consensual resolution or will be the subject of planned objections in the coming months. The Reorganized Debtors believe that extending the Claims Objection Deadline through January 30, 2015, will permit them to continue making material progress in their claims resolution process without having to precipitately file protective claims objections prior to the current August 2, 2014, deadline.

In support of this Motion, the Reorganized Debtors respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to Plan Art. X and 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.[3]  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Motion are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 9006 and Del. Bankr. L. R. 9006-2.

## BACKGROUND

3.      Plan Art. 5.1 provides in relevant part:

---

[3]   The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

> Unless otherwise provided herein or ordered by the Bankruptcy Court, all objections by the Reorganized Debtors to Plan Claims (other than Asbestos PI Claims, Asbestos PD Claims, and CDN ZAI PD Claims, all of which have no objection deadline) shall be served and Filed no later than 180 days after the Effective Date, subject to any extensions granted pursuant to a further order of the Bankruptcy Court. Such further order may be obtained by the Reorganized Debtors upon notice to all Holders of Plan Claims (other than Asbestos PI Claims, Asbestos PD Claims, and CDN ZAI PD Claims) that are still pending allowance and are not subject to a pending objection.

4.      On January 31, 2011, the Court entered its *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket no. 26155], and on February 15, 2011, the Court entered its *Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010* [Docket no. 26289] (collectively, the "Confirmation Order").

5.      On February 3, 2014, the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11. *Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732]. The Reorganized Debtors' February 3 emergence set August 2, 2014, the 180th day after the Effective Date, as the Claims Objection Deadline.

### THE CLAIMS RECONCILIATION PROCESS

6.      By an order dated April 22, 2002 [Docket no. 1963] (the "Bar Date Order"), the Bankruptcy Court established a bar date of March 31, 2003, (the "Bar Date") as the last date for filing proofs of claim for all prepetition non-asbestos Claims. Claimants filed approximately

10,255 non-asbestos-related proofs of claim.    Prior to the Effective Date, the Reorganized Debtors filed 26 omnibus objections to non-asbestos-related claims, as well as numerous other single objections, pursuant to which approximately 8,788 non-asbestos-related claims were disallowed.  Since then, the Reorganized Debtors have filed an additional omnibus objection to approximately 140 non-asbestos-related claims, which were disallowed. *See Order Disallowing Employee Claims (Substantive)*, dated May 27, 2014 [Docket no. 32228].  The Reorganized Debtors have also allowed an additional eight non-asbestos-related claims, which have been paid pursuant to the Plan.

7.    On January 31, 2014, shortly before the Effective Date, the Reorganized Debtors timely filed their *Amended Undisputed Claims Exhibit* [Docket no. 31681], and served notice thereof on all claimants holding undisputed claims (the "Allowed Claims"), of which there were approximately 3,294 (comprising 1,224 allowed non-asbestos-related Plan Claims, for which proofs of claim were filed, and 2,070 Plan Claims that were listed on the Reorganized Debtors' Schedules as liquidated and undisputed claims).  Payment in satisfaction of the Allowed Claims commenced on February 5, 2014, and was substantially completed shortly thereafter.

8.    As of June 1, 2014, approximately 92 Plan Claims remain open and are not the subject of a current objection. The Reorganized Debtors were not able to resolve many of these Plan Claims prior to the Effective Date for a variety of reasons.  Efforts are ongoing to resolve these claims as expeditiously as possible, whether through negotiated settlements (the preferred approach) or through the claims objection process.  A further approximately eight claims are subject to a current objection and are in the process of being resolved.

9.      The 92 remaining open, unresolved, non-asbestos-related Plan Claims include approximately:[4]

- 13 state tax claims;

- 23 miscellaneous litigation-related claims;

- Three workers' compensation claims;

- 10 environmental claims;

- One claim for unpaid letter of credit fees;

- 36 claims relating to non-asbestos contract indemnification or other contractual disputes; and

- Six administrative expense claims that were filed prior to the May 5, 2014, Administrative Claims Bar Date.

10.      Extending the Claims Objection Deadline to January 30, 2015, will give the Reorganized Debtors the opportunity to consensually resolve these remaining, open Plan Claims, while still enabling them to file objections to those claims as necessary. If the Claims Objection Deadline were not extended, the Reorganized Debtors would be forced to precipitately file protective claims objections prior to the current August 2 deadline. The Reorganized Debtors submit that doing so would not be an efficient use of their resources, nor would it shorten the time needed to bring these highly successful chapter 11 cases to a close.

## RELIEF REQUESTED

11.      By this Motion, the Reorganized Debtors respectfully request the Court enter the Order substantially in the form attached hereto as Exhibit A, extending the Claims Objection Deadline from August 3, 2014 through January 30, 2015, without prejudice to the Reorganized Debtors requesting further extensions to the extent necessary.

---

[4]    There are also pending objections to approximately 17 claims filed by Maryland Casualty Company that are not included in this count.

<u>ANALYSIS</u>

12.    Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Furthermore, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

13.    Fed. R. Bankr. P. 9006(b)(1) provides, in pertinent part, that

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

14.    The Reorganized Debtors have already resolved the vast majority of the more than 10,255 Plan Claims filed in these chapter 11 cases, either through disallowance by court order or by having been Allowed and paid pursuant to the Plan's provisions.  As discussed above, most of the remaining open Plan Claims are those that could not have been resolved prior to the Effective Date for one reason or another.  Many of those, including approximately 140 employee benefits-related claims, were quickly resolved.  The majority of the remaining open Plan Claims present issues that may take time to conclude in as favorable a manner to the Reorganized Debtors as possible.  The Reorganized Debtors are nonetheless committed to resolving them as expeditiously as possible.  Extending the Claims Objection Deadline through January 30, 2015, will materially aid the Reorganized Debtors in so doing, and should therefore be granted.

## NO PREVIOUS MOTION

15.    No previous motion for the relief sought herein has been made to this or any other court.

## NOTICE

16.    Notice of this Motion has been given to:  (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) as required by Plan Art. 5.1.1, "all Holders of Plan Claims (other than Asbestos PI Claims, Asbestos PD Claims, and CDN ZAI PD Claims) that are still pending allowance and are not subject to a pending objection."  In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors request the Court enter the Order in substantially

the form attached hereto as Exhibit A: (i) extending the Plan Claims Objection Deadline through

January 30, 2015; and (ii) granting such other relief as may be appropriate.

Dated: June 11, 2014

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
Jeffrey W. Gettleman
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors