**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (KJC) (Jointly Administered) |
| Debtors. | ) | **Objection Deadline: July 16, 2014 at 4:00 p.m. EST** **Hearing Date: October 12, 2014 at 10:00 a.m. EST** |
| | ) | **Related Docket No. 32131** |

**REVISED[1] SUMMARY OF THE FINAL APPLICATION OF SULLIVAN HAZELTINE ALLINSON LLC FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS ZAI LOCAL COUNSEL FOR THE PERIOD FROM JULY 24, 2006 THROUGH FEBRUARY 28, 2009**

Name of Applicant: Sullivan Hazeltine Allinson LLC

Authorized to Provide Professional Services to: Zonolite Attic Insulation Claimants

Date of Appointment: July 22, 2002[2]

Period for which compensation and Reimbursement is sought: July 24, 2006 through February 28, 2009 (the "Compensation Period")

Amount of Compensation sought as actual, Reasonable, and necessary: $88,944.50

Amount of Expenses Reimbursement: $54,581.90

This is a: ___ monthly ____ quarterly _X_ final application

---

[1] The Final Fee Application was filed on May 5, 2014 as Docket No. 32131. Counsel received comments from the Fee Examiner on May 31, 2014 indicating that in their review, the amounts were higher than those listed in the Application. No other comments or objections have been received or filed on the docket.

[2] William D. Sullivan presently serves as Delaware Counsel to the ZAI Claimants, through the firm of Sullivan Hazeltine Allinson LLC (formerly William D. Sullivan, LLC). Mr. Sullivan was designated as Delaware Counsel to the ZAI Claimants by Edward Westbrook, Lead Counsel to the ZAI Claimants, pursuant to the ZAI Claimants' Revised Special Counsel Designation and Litigation Budget for the ZAI Science Trial (D.I. 2508). The ZAI Claimants Revised Designation was approved by the Court by Order dated August 26, 2002 (D.I. 2617). Mr. Sullivan was previously employed by the firms of Elzufon Austin Reardon Tarlov and Mondell (through September 20, 2004) and Buchanan Ingersoll (September 20, 2004 through July 21, 2006). Those firms are no longer involved in the representation of the ZAI Claimants. As of July 22, 2006 Mr. Sullivan relocated to William D. Sullivan, LLC, which changed its name to Sullivan Hazeltine Allinson LLC effective January 1, 2008.

## PRIOR FEE APPLICATIONS

| Date Filed/D.I. No | Period Covered | Requested Fees and Expenses | Date Approved/ D.I. No. | Approved Amount |
|---|---|---|---|---|
| 11/3/2006 D.I. No. 13570 | 7/24/06- 8/31/06 | $1,950.00 (fees) $0.00 (exp) | 11/30/2006 (CNO) D.I. No. 13857 | $1,560.00 (fees) $0.00 (exp) |
| 11/3/2006 D.I. No.13571 | 9/1/06- 9/30/06 | $390.00 (fees) $0.00 (exp) | 11/30/06 (CNO) D.I. No. 13857 | $312.00 (fees) $0.00 (exp) |
| 1/3/2007 D.I. No.14210 | 10/1/06- 10/31/06 | $390.00 (fees) $0.00 (exp) | 2/27/2007 (CNO) D.I. No. 14688 | $312.00 (fees) $0.00 (exp) |
| 1/3/2007 D.I. No.14211 | 11/1/06- 11/30/06 | $3,330.00 (fees) $329.52 (exp) | 2/27/07 (CNO) D.I. 14689 | $2,664.00 (fees) $329.52 (exp) |
| 3/12/2007 D.I. No.14822 | 12/1/06- 12/31/06 | $7,702.50 (fees) $863.59 (exp) | 5/25/2007 (CNO) D.I. 15812 | $6,162.00 (fees) $863.59 (exp) |
| 3/12/2007 D.I. No. 14823 | 1/1/07- 1/31/07 | $7,248.75 (fees) $13.92 (exp) | 5/25/2007 (CNO) D.I. 15813 | $5,799.00 (fees) $13.92 (exp) |
| 3/29/2007 D.I. No. 15016 | 2/1/07- 2/28/07 | $1,102.50 (fees) $33.66 (exp) | 5/25/2007 (CNO) D.I. 15814 | $882.00 (fees) $33.66 (exp) |
| 7/20/2007 D.I. No. 16331 | 3/1/07- 3/31/07 | $8,591.25 (fees) $5,143.33 (exp) | No CNO Filed | - |
| 10/3/2007 D.I. No. 16987 | 4/1/07- 4/30/07 | $5,842.50 (fees) $62.40 (exp) | No CNO Filed | - |
| 10/3/2007 D.I. No. 16990 | 5/1/07- 5/31/07 | $2,970.00 (fees) $2,011.74 (exp) | No CNO Filed | - |
| 10/3/2007 D.I. No. 16991 | 6/1/07- 6/30/07 | $1,110.00 (fees) $0.00 (exp) | No CNO Filed | - |
| 11/14/2007 D.I. No. 17366 | 7/1/07- 7/31/07 | $615.00 (fees) $0.00 (exp) | No CNO Filed | - |
| 11/14/2007 D.I. No. 17367 | 8/1/07- 8/31/07 | $960.00 (fees) $690.00 (exp) | No CNO Filed | - |
| 11/14/2007 D.I. No. 17368 | 9/1/07- 9/30/07 | $544.00 (fees) $0.00 (exp) | No CNO Filed | - |
| 11/14/2007 D.I. No. 17369 | 10/1/07- 10/31/07 | $1,056.00 (fees) $912.66 (exp) | 3/26/08 (CNO) D.I. No. 18381 | $844.80 (fees) $912.66 (exp) |
| 1/14/2008 D.I. No. 17834 | 11/1/07- 11/30/07 | $1,882.00 (fees) $80.55 (exp) | 3/26/08 (CNO) D.I. No. 18382 | $1,505.60 (fees) $80.55 (exp) |
| 1/14/2008 D.I. No. 17835 | 12/1/07- 12/31/07 | $320.00 (fees) $0.00 (exp) | 3/26/08 (CNO) D.I. No. 18383 | $256.00 (fees) $0.00 (exp) |
| 3/4/2008 D.I. No. 18194 | 1/1/08 - 1/31/08 | $640.00 (fees) $50.28 (exp) | No CNO Filed | - |
| 4/2/2008 D.I. No. 18437 | 2/1/08 - 2/29/08 | $2,144.00 (fees) $1,639.92 (exp) | No CNO Filed | - |
| 8/8/2008 D.I. No. 19271 | 3/1/08 - 3/31/08 | $6,872.00 (fees) $18,882.04 (exp) | No CNO Filed | - |
| 11/13/2008 D.I. No. 20011 | 4/1/08 - 4/30/08 | $9,488.00 (fees) $6,856.79 (exp) | No CNO Filed | - |

| Date Filed/D.I. No | Period Covered | Requested Fees and Expenses | Date Approved/ D.I. No. | Approved Amount |
|---|---|---|---|---|
| 11/13/2008 D.I. No. 20013 | 5/1/08 - 5/31/08 | $4,768.00 (fees) $0.00 (exp) | No CNO Filed | - |
| 11/13/2008 D.I. No. 20015 | 6/1/08 - 6/30/08 | $3,936.00 (fees) $78.02 (exp) | No CNO Filed | - |
| 11/13/2008 D.I. No. 20016 | 7/1/08 - 7/31/08 | $3,254.00 (fees) $142.00 (exp) | No CNO Filed | - |
| 11/13/2008 D.I. No. 20017 | 8/1/08 - 8/31/08 | $1,280.00 (fees) $847.61 (exp) | No CNO Filed | - |
| 11/13/2008 D.I. No. 20018 | 9/1/08 - 9/30/08 | $1,664.00 (fees) $24.00 (exp) | No CNO Filed | - |
| 3/16/2009 D.I. No. 21013 | 10/1/08 - 10/31/08 | $2,362.00 (fees) $3,392.95 (exp) | No CNO Filed | - |
| 3/16/2009 D.I. No. 21014 | 11/1/08 - 11/30/08 | $1,594.00 (fees) $3,392.95 (exp) | No CNO Filed | - |
| 3/16/2009 D.I. No. 21015 | 12/1/08 - 12/31/08 | $2,228.00 (fees) $5,524.47 (exp) | No CNO Filed | - |
| 3/16/2009 D.I. No. 21016 | 1/1/09 - 1/31/09 | $1,634.00 (fees) $2,760.00 (exp) | No CNO Filed | - |
| 4/23/2009 D.I. No. 21373 | 2/1/09 - 2/28/09 | $1,076.00 (fees) $2,709.96 (exp) | No CNO Filed | - |

The attorneys who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| William D. Sullivan | Partner | 22 | Bankruptcy | $300.00 | 123.00 | $36,900.00 |
| | | | | $320.00 | 132.90 | $42,528.00 |
| Elihu E. Allinson, III | Partner | 17 | Bankruptcy | $225.00 | 19.30 | $4,342.50 |
| | | | | $260.00 | 19.90 | $5,174.00 |
| | | | **TOTAL** | | **295.10** | **$88,944.50** |

**GRAND TOTAL:** $88,944.50 Fees
295.10 Hours
**BLENDED RATE:** $ 301.40 Per Hour

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours Billed | Total Compensation |
|---|---|---|
| Fee Applications | 43.70 | $13,446.00 |
| ZAI Science Trial | 251.40 | $75,498.50 |
| **TOTAL** | **295.10** | **$88,944.50** |

## DETAIL OF EXPENSES

| Description | Amount |
|---|---|
| Copying and Service by Outside Vendor | $49,249.59 |
| Courier | $1735.60 |
| Court Call | $167.00 |
| FedEx Charges | $760.00 |
| Filing Fee | $150.00 |
| Parcels e-filing charges | $228.25 |
| Postage | $2,291.46 |
| **Total** | **$54,581.90** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*,[1] | ) Case No. 01-1139 (KJC) |
| | ) Jointly Administered |
| Debtors | ) |
| | ) **Objection Deadline: July 16, 2014 at 4:00 p.m. EST** |
| | ) **Hearing Date: October 12, 2014 at 10:00 a.m. EST** |
| | ) |
| | ) **Related Docket No. 32131** |

**REVISED FINAL APPLICATION OF SULLIVAN HAZELTINE ALLINSON LLC FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES <u>FOR THE PERIOD FROM JULY 24, 2006 THROUGH FEBRUARY 28, 2009</u>**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules Of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members', signed April 17, 2002 (the "Amended Administrative Order"), amending the Court's 'Administrative Order Pursuant to Sections 105(a) and 331 of the

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.); W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environments, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Cracoal, Inc., Gracoal II, Inc., Cuanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holdings, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May 3, 2001, the law firm of Sullivan Hazeltine Allinson LLC ("SHA") hereby files this Revised Final Application of Sullivan Hazeltine Allinson LLC for Compensation and for Reimbursement of Expenses for April 2, 2001 through February 3, 2014 (the "Final Fee Application").

By this Final Fee Application, SHA seeks the final allowance of compensation in the amount of $88,944.50 and reimbursement of actual and necessary expenses in the amount of $54,581.90 for a total of $143,526.40, or one hundred percent (100%) of all compensation and expense reimbursement requested, for the period July 24, 2006 through February 28, 2009 (the "Fee Period"), and payment of any unpaid portion of such fees and costs. In support of this Final Fee Application, SHA respectfully represents as follows:

**Background**

1. On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. On April 2, 2001, the Court entered its order that Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. By this Court's order effective as of July 22, 2002, the firm of Richardson, Patrick, Westbrook & Brickman ("RPWB") was appointed ZAI Lead Special Counsel to prosecute the ZAI "Science Trial" issues on behalf of the ZAI Claimants' position against the Debtors' position (the

"Appointment Order"). The Appointment Order permitted RPWB to utilize additional counsel in specific capacities. William D. Sullivan was selected to act as Delaware Counsel for RPWB, whose attorneys are not admitted to practice in Delaware and do not maintain an office in that state. Mr. Sullivan was previously associated with the firms of Elzufon, Austin, Reardon, Tarlov & Mondell ("EARTM") and Buchanan Ingersoll, PC ("BIPC"), but on July 24, 2006, moved his practice to William D. Sullivan, LLC ("Sullivan"). The RPWB firm continued to use Mr. Sullivan as Delaware counsel due to Mr. Sullivan's extensive experience in representing the ZAI Claimants.

4. On May 3, 2001the Court entered an Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals. That order was amended by the Amended Administrative Order, signed on April 17, 2002. Pursuant to the procedures set forth in the Administrative Order and the Amended Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and one hundred percent (100%) of the expenses requested, subject to the filing and approval of interim and final fee applications of the professional. The professional is also to file a quarterly interim fee application.

**Monthly Fee Applications Covered Herein**

5. Prior to the filing of this Final Fee Application, SHA filed 30 monthly fee applications and 8 interim fee applications. SHA is requesting final approval of all of its interim and monthly fee applications pursuant to this Final Fee Application.

6. The monthly fee applications covered by this Final Fee Application contain detailed daily time logs describing the actual and necessary services provided by SHA during the Fee Period as well as other detailed information required to be included in fee applications.

**Requested Relief**

7. By this Final Fee Application, SHA requests that the Court approve the final allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by SHA from July 24, 2001 through February 28, 2009, and payment of any unpaid portion of such fees and costs. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Fee Period that already have been filed with the Court.

8. At all relevant times, SHA has been a disinterested person as that term is defined in §101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors or the Committee.

9. All services for which compensation is requested by SHA were performed for or on behalf of the ZAI Claimants and not on behalf of any committee, creditors or other person.

10. SHA has received no payment and no promises for payment from any source other than the ZAI Claimants for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Final Fee Application. There is no agreement or understanding between SHA and any other person other than the partners of SHA for the sharing of compensation to be received for services rendered in these cases.

11. The professional services and related expenses for which SHA requests final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of SHA's professional responsibilities as attorneys for

the ZAI Claimants in these chapter 11 cases. SHA's services have been necessary and beneficial to the ZAI Claimants and their estates, creditors and other parties in interest.

12. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by SHA is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, SHA has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and Amended Administrative Order and believes that this Final Fee Application complies with such Rule and Orders.

WHEREFORE, SHA respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of April 2, 2001 through February 3, 2014, a final allowance be made to SHA in the sum of $88,944.50 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $54,581.90 for reimbursement of actual and necessary costs and expenses incurred, for a total of $143,526.40, that Debtors be authorized and directed to pay to SHA the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Date: June 18, 2014
Wilmington, DE

**SULLIVAN · HAZELTINE · ALLINSON LLC**

*/s/ William A. Hazeltine*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195

*Counsel for ZAI Claimants*

**VERIFICATION**

STATE OF DELAWARE :
:
COUNTY OF NEW CASTLE :

William A. Hazeltine, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Sullivan Hazeltine Allinson LLC, and have been admitted to appear before this Court.

b) I am familiar with other work performed on behalf of the ZAI Claimants by the lawyers and paraprofessionals of SHA.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order.

William A. Hazeltine