## IN THE UNITED STATE BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et. al.*, | ) | Case No. 01-01139 (KJC) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Re: Docket Nos. 32123, 32124, & 32125 |
| | ) | |
| | ) | **Objection Deadline: July 1, 2014 @ 4:00 p.m.** |
| | ) | **Hearing Date: July 8, 2014 @ 10:00 a.m.** |

### CLAIMANTS' COUNSELS' MOTION FOR LEAVE TO FILE AMENDED SEVENTEENTH QUARTERLY APPLICATIONS AND FINAL APPLICATIONS

The Hogan Firm, Scarfone Hawkins LLP, and Lauzon Bélanger Lespérance[1], counsel for the Canadian ZAI Claimants (hereinafter collectively referred to as "Claimants' Counsel"), hereby file this motion (the "Motion") pursuant to Fed. R. Bankr. P. 2016 and 9006(b)(1) for entry of an order allowing Claimants' Counsel to each file an amended quarterly and final fee application ("Proposed Amended Applications") after the expiration of the May 5, 2014, application deadline ("Final Application Deadline"). The Claimants' Counsels' respective Proposed Amended Applications are attached hereto as follows:

> The Hogan Firm as **Exhibit A**;
> Scarfone Hawkins as **Exhibit B**; and
> Lauzon Bélanger Lespérance as **Exhibit C**.

In support of this Motion, Claimants' Counsel respectfully state as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to Plan Art. X and 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District*

---

[1] On January 18, 2010, Lauzon Bélanger changed its name to Lauzon Bélanger Lespérance.

*Court for the District of Delaware,* dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion is Fed. R. Bankr. P. 2016 and 9006 and Del. Bankr. L. R. 9006-2.

## INTRODUCTION

3. On April 19, 2002, the *Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members* was entered [Docket No. 1949] (the "Amended Administrative Order").

4. The Amended Administrative Order provides:

> ORDERED that all fees and expenses paid to Professionals under the Revised Compensation Procedures are subject to disgorgement until final allowance by the Court; …

5. During the pendency of the above captioned action, Claimants' Counsel have filed numerous applications for compensation and reimbursement of expenses.  Accordingly, Claimants' Counsel were required to file final applications.

6. Pursuant to Article 2.1.1(b)(1) of the joint plan of reorganization confirmed in the Chapter 11 Cases, [Docket No. 26368] (the "Plan"), all final applications for compensation of Professionals (as defined in the Plan) for services rendered and for reimbursement of expenses incurred on or before February 3, 2014, were to be filed no later than May 5, 2014.

7. On May 5, 2014, The Hogan Firm filed, on behalf of Claimants' Counsel, fee applications titled "…Seventeenth Quarterly Application and Final Application…" for The Hogan Firm [Docket No. 32123], Scarfone Hawkins [Docket No. 32124] and Lauzon Bélanger Lespérance [Docket No. 32125] (the "Prior Final Applications").

2

8. On or about June 17, 2014, The Hogan Firm was notified by Debtors' counsel that Claimants' Counsel failed to comply with the Final Application Deadline.

9. Although Claimants' Counsels' Prior Final Applications included a table showing each interim application from December 21, 2009, through February 3, 2014, the Prior Final Applications inadvertently failed to include the correct dates and totals to encompass the December 21, 2009, through February 3, 2014, compensation period required for a final fee application.

## RELIEF REQUESTED

10. Pursuant to Fed. R. Bankr. P. 9006(b)(1), Claimants' Counsel respectfully request that this Court exercise its discretion to allow them to file the attached Proposed Amended Applications after the May 5, 2014, final application deadline.

## CLAIMANTS' COUNSEL ACTED IN GOOD FAITH

11. Claimants' Counsel have at all times acted in good faith and have acted in an expeditious manner to make known to Debtors their intent to comply with the Amended Administrative Order. Claimants' Counsel have also acted expeditiously in filing the current Motion.

## CLAIMANTS' COUNSEL HAVE DEMONSTRATED EXCUSABLE NEGLECT AND THEIR RESPECTIVE FINAL APPLICATIONS SHOULD BE DEEMED TIMELY FILED

12. As noted above, the Bankruptcy Court established May 5, 2014, as the deadline for filing final applications for Professionals' fees. However, pursuant to Fed. R. Bankr. P. 9006(b)(1), by motion made after the expiration of the specified period, the bankruptcy court may permit the act to be done "where the failure to act was the result of excusable neglect."

13. In this instance, Claimants' Counsel timely filed the Prior Final Applications on May 5, 2014, however, were unaware that the Prior Final Applications were non-compliant with the guidelines provided by the Amended Administrative Order until contacted by Debtors' counsel on or about June 17, 2014.

14. In *Pioneer Inv. Servs. Corp. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court considered the allowance of a late-filed proof of claim in a chapter 11 case, and applied the "excusable neglect" standard found in Fed. R. Bankr. P. 9006(b). In holding that the creditor should be allowed to file its proof of claim outside the bar date, the Supreme Court stated as follows:

> [T]he Rule [9006(b)(1)] grants a reprieve to out-of-time filings that were delayed by 'neglect.' The ordinary meaning of 'neglect' is to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *esp[ecially] through carelessness*.' Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis added). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness. Courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry 'their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979). Hence, by empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

> *Id.* at 388; 113 S.Ct. at 1494-95.

15. In its analysis of what sort of "neglect" for failing to meet a filing deadline is "excusable," the Supreme Court "conclude[d] that the determination is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission." *Pioneer*, 380 U.S. at 395; 113 S.Ct. at 1498. The factors adopted by the *Pioneer* Court for analyzing "excusable neglect" are: (1) the danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was

within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.*; *see also In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 125-30 (3d Cir. 1999) (adopting the *Pioneer* factors, and concluding that the bankruptcy court abused its discretion in failing to find excusable neglect). In addition, in the Third Circuit, "[a]ll factors must be considered and balanced; *no one factor trumps the others*." *In re Garden Ridge Corp.*, 348 B.R. 642, 645 (Bankr. D. Del. 2006) (emphasis added, citations omitted).

16.     As demonstrated below, each of these factors weighs in favor of granting the relief sought in this Motion and allowing Claimants' Counsel to file their Proposed Amended Applications.

## THERE IS NO DANGER OF PREJUDICE TO THE DEBTORS

17.     First, there is no danger of prejudice to the Debtors.

18.     Here, the Debtors are well aware of the previously filed Prior Final Applications and the Proposed Amended Applications.

19.     Hence, as there is no prejudice to the Debtors or to other creditors by the allowance of Claimants' Counsel to file their respective Proposed Amended Applications, Claimants' Counsel should be authorized to file their Proposed Amended Applications after the Final Application Deadline.

## CONCLUSION

For the reasons set forth above, the operation of the Final Application Deadline to preclude Claimants' Counsel from filing their Proposed Amended Applications fails constitutional due process standards. Moreover, Claimants' Counsel have satisfied their burden of showing excusable neglect under Fed. R. Bankr. P. 9006. Accordingly, Claimants' Counsel

respectfully request that this Court enter an order allowing their Proposed Amended Applications to be filed beyond the Final Application Deadline.

WHEREFORE, Claimants' Counsel respectfully request entry of an order (i) granting Claimants' Counsel leave to file Proposed Amended Applications after the Final Application Deadline, and (ii) granting such other and further relief as may be appropriate.

Date:  June 18, 2014              Respectfully Submitted:

By:    /s/ Daniel K. Hogan
       Daniel K. Hogan (DE Bar No. 2814)
       **THE HOGAN FIRM**
       1311 Delaware Avenue
       Wilmington, Delaware  19806
       Telephone:  (302) 656-7540
       Facsimile: (302) 656-7599

       **Counsel to the Representative Counsel as Special Counsel for the Canadian ZAI Claimants**