

EXHIBIT 3

## Pepper Hamilton LLP
Attorneys at Law

Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
302.777.6500
Fax 302.421.8390

June 3, 2014

Hon. Judith K. Fitzgerald
Tucker Arensberg, P.C.
1500 One PPG Place
Pittsburgh, PA 15222

Re:   W.R. Grace & Co., et al., Case No. 01-01139-KJC
      Lukins & Annis, P.S. Motion for Allocation of the
      ZAI Class Action Common Fund Fee Award

Dear Judge Fitzgerald:

This memorandum letter is in response to your request for additional information and analysis on certain issues raised by your initial review of Lukins & Annis, P.S.'s ("L&A") Motion for Allocation of the ZAI Class Action Common Fund Fee Award and the responses thereto.

### Issue No. 1: L&A's Benefit to the Class and Contribution to Settlement.

This issue is addressed at length in L&A's Motion[1] and Reply.[2] Primarily, L&A was extensively involved in investigating, developing, and otherwise providing the foundation and class certification that would serve as the basis for the ZAI Class claims - the Barbanti Litigation in Spokane County Superior Court. The Barbanti Litigation involved class-wide property damage claims which sought the same relief as the claims ultimately settled with the wider ZAI Class. As reflected in the time records submitted by L&A, from the beginning, L&A investigated the factual and legal basis for these newly-developing ZAI property damage claims, developed relationships with class members and the individual who would become class representatives for *both* the Barbanti Litigation and the ZAI Class, conducted extensive legal research, engaged in hundreds of hours of materials testing, investigated contaminated homes, located and worked with experts, investigated corporate and other issues with respect to W.R. Grace.[3]

---

[1] Motion of Lukins & Annis, P.S. for an Allocation of the ZAI Class Action Common Fund Fee Award, ECF No. 32034 ("L&A's Motion").
[2] Lukins & Annis, P.S.'s Reply Re: Motion for an Allocation of the ZAI Class Action Common Fund Fee Award, ECF No. 32181 ("L&A's Reply").
[3] L&A's Motion at pp. 4-5.

Philadelphia    Boston    Washington, D.C.    Los Angeles    New York    Pittsburgh
Detroit    Berwyn    Harrisburg    Orange County    Princeton    Wilmington

www.pepperlaw.com

**Pepper Hamilton LLP**
Attorneys at Law

Judith K. Fitzgerald
June 3, 2014
Page 2

L&A then filed the Barbanti Litigation, and successfully filed, obtained, and defended state-wide class certification of the ZAI property damage claims, which included additional discovery, testing, and investigation. L&A achieved what was the first class-wide certification of ZAI property damage claims. In sum, the Barbanti Litigation was the "bellwether" class action with respect to ZAI property damage claims. Almost immediately, W.R. Grace filed for bankruptcy protection. In all, L&A spent approximately **2,425 hours** investigating, developing, and pursuing the Barbanti Litigation prior to the bankruptcy filing.[4]

L&A remained as active and involved counsel for ZAI property damage claimants through 2004, by providing an additional **3,177 hours** of time directly spent on legal research, litigation strategy, maintaining a class claimant database, attended hearings, attending creditors' meetings, responding to objections to proofs of claim, and moving to allow a class-wide proof of claim on behalf of Washington residents.[5]

As outlined at length by L&A, the value and benefit of the work by L&A to the Class and toward settlement is a matter of public record and estoppel: Class Counsel has repeatedly recognized and relied on the benefit of the Barbanti Litigation, and by extension L&A's work, as providing a foundation and "blueprint" for resolving the ZAI Class claims and as justifying the $140,000,000.00 settlement.[6] Class Counsel simply cannot, as a matter of law, now negate the contribution of the Barbanti Litigation and L&A's work.

In all, L&A spent 5,602 hours <u>directly</u> working on the Barbanti Litigation and the ZAI Class claims prior to the decision in the Science Trial.[7] In an effort to discount L&A's contribution to the settlement (despite repeated statements to the contrary to the Court), Class Counsel now argues that post-Science Trial time is the only valuable time. This argument is completely negated by Class Counsel's representations to the Court, and by their significant proposed allocation to Lieff of approximately $2,400,000.00 despite Lieff having only de minimis hours after the Science Trial decision. It is similarly negated by proposed allocations to Ness and McGarvey, who (like L&A) expended all of their documented hours prior to the Science Trial decision.

---

[4] See id.
[5] See id. at Chart 2.
[6] L&A's Reply at pp. 18-20.
[7] Id. at pp. 20-21. This does not include any time spent on the Dorrington Litigation and the related personal injury claims, nor does it include time spent on the Science Trial for which L&A was compensated as special litigation counsel to the Property Damage Committee.

**Pepper Hamilton LLP**
Judith K. Fitzgerald
June 3, 2014
Page 3

| Firm | Post-Science Trial Hours[8] | Class Counsel's Proposed Allocation |
|------|------------------------------|--------------------------------------|
| L&A | 0 | 0 |
| Lieff | 113[9] | $2,400,000.00 |
| Ness | 0 | $667,500.00 |
| McGarvey | 0 | $250,000.00 |

Despite the fact that Lieff has only claimed 113 post-Science Trial hours,[10] Class Counsel has deemed Lieff's contribution worthy of a $2,400,000.00 allocation. <u>A review of those post-Science Trial hours reveals (yet again) no legitimate basis to distinguish L&A from Lieff.</u>

Likewise, Ness and McGarvey are deemed worthy of not insignificant allocations, despite the fact that they have no documented hours after the Science Trial decision.

<u>Issue No. 2: L&A's Notice of Transfer to Clients.</u>

Class Counsel has previously indicated that L&A's then firm president, Terence Whitten, drafted the Notice to the Class affirming that Mr. Scott would be continuing his representation of the Class at his new law firm, and that L&A's involvement would cease. Mr. Scott has also represented that that handwriting on the draft notice belongs to Mr. Whitten and supports L&A's intent to "abandon" the clients.

---

[8] All of these hours are taken from the time records provided by Class Counsel.
[9] Lieff has claimed an additional 297 hours of **post-settlement time** which is comprised of only five time entries ranging from 1-6 months and 30-80 hours of time for each entry. The sole description for up to six months and 80 hours of time is "monitoring proceedings, correspondence/conference co-counsel; legal research," <u>without more</u>. Given the method of recordkeeping, which is wholly lacking, and generic type of hours claimed, this additional claimed time cannot be presumed to be of material value.
[10] While Ms. Cabraser indicated at the recent telephone conference that most of Lieff's time was post-Science Trial, that is at odds with the time records submitted by Lieff.

**Pepper Hamilton LLP**
Judith K. Fitzgerald
June 3, 2014
Page 4

Mr. Whitten has expressly denied drafting the notice, and also disputes Mr. Scott's assertions that the notices contain Mr. Whitten's handwritten changes.[11] In any case, as argued by L&A, the notice clearly indicated that the basis for the withdrawal was for the clients to maintain continuous representation by Mr. Scott (who had been the lead L&A attorney handling the engagement), as opposed to abandonment.[12]

<u>Issue No. 3: L&A's (Lack of) Participation in Notice to Class of Settlement and Preservation of Claimed Right to Recover Attorneys' Fees and Costs.</u>

Throughout the current proceedings, L&A has preserved its right to recover from any resulting award of fees and costs in connection with the ZAI Class settlement.

L&A independently obtained a copy of the draft Notice of Class Certification and Proposed Settlement With W.R. Grace & Co. and Affiliated Debtors.[13] L&A did not have any involvement in drafting the Notice.

L&A filed a timely Limited Objection to Motion for Order of Preliminary Approval of Class Settlement and Certification of the U.S. ZAI Class to preserve its right to a fee award.[14] In the Limited Objection, L&A generally supported the terms and conditions of the settlement, but "request[ed] that the Order on the pending Motion contain no provisions which would be deemed, explicitly, or implicitly, to be rulings on the entitlement to fees and costs resulting from legal work which benefited the ZAI class of claimants." L&A further "reserve[d] all rights with regard to entitlement to fees and costs arising from its legal work for the ZAI claimants."[15] Subsequently, Class Counsel, W.R. Grace, and L&A entered in to a Stipulation that preserved L&A's objections.[16] The parties agreed in the Stipulation as follows:

1. The ZAI Motion does not seek any ruling from the Court on the entitlement to fees and costs resulting from legal work which benefited the ZAI class of claimants;

2. Class Counsel will present no order to the Court in connection with the ZAI Motion containing any provision ruling on the entitlement to fees and costs resulting in legal work that benefitted the ZAI class of claimants;

---

[11] Declaration of Terence Whitten, ECF No. 32182, ¶ 18.
[12] ECF No. 32182, p. 5 (citing Declaration of Darrell Scott at Exs. H and I).
[13] ECF No. 20275, Appendix B.
[14] ECF No. 20383, attached hereto as Exhibit A.
[15] Id.
[16] ECF No. 20481, attached hereto as Exhibit B.

**Pepper Hamilton LLP**
Judith K. Fitzgerald
June 3, 2014
Page 5

      3. Subject to the terms herein, Lukins & Annis withdraws its limited objection;

      4. All parties reserve all rights they may have concerning attorneys' fees and costs resulting from legal work that benefitted the ZAI Class of claimants.[17]

There should be no question that all parties agreed that L&A maintained the right to argue in favor of an award of both attorneys' fees and costs.

Issue No. 4: L&A Time on the "Wrong File."

As part of its Response, Class Counsel indicated that 19.15 hours of L&A's time was billed to the "wrong matter," because the time purportedly relates to the Dorrington Litigation or other personal injury claims.[18] Aside from the fact that Mr. Scott was the attorney responsible for supervising and billing time on all of the ZAI-related files for the period covered by those hours, L&A notes that this amount of time is miniscule in comparison to L&A's total hours.[19] If the hours were inadvertently entered on the wrong file, the 19.5 hour reduction in time does not alter L&A's entitlement to a fair allocation of the fee award.

L&A also noted that Lieff, Ness, and McGarvey have all included hundreds and, in some cases, thousands of hours of Dorrington Litigation and other personal injury time in their hours. In fact, Class Counsel included Lieff's hundreds of hours spent on these types of claims in its Motion for a Common Fund Fee Award, as justifying a 25 percent fee allocation from the common fund.[20] If L&A's prospective allocation should be discounted for the 19.15 hours of allegedly erroneous time, the proposed allocations to Lieff, Ness, and McGarvey should be sharply discounted, considering the large number of hours those firms spent on these types of claims.

Issue No. 5: Ness and McGarvey's Alleged Contributions to Settlement.

In its Response to L&A's Motion, Class Counsel made several unsupported representations as to Ness and McGarvey's extensive and continued involvement, up through the current date, despite the fact that neither firm billed a single hour after 2001. For example, Class Counsel asserted that Ness and McGarvey:

---

[17] Id.
[18] Declaration of Darrell W. Scott at Ex. A.
[19] Declaration of Terence Whitten at ¶ 6.
[20] ZAI Class Counsel's Motion for Common Fund Fee Award, ECF No. 31718.

**Pepper Hamilton LLP**
Attorneys at Law
Judith K. Fitzgerald
June 3, 2014
Page 6

> "remained engaged in ZAI litigation...."[21]
> "continuously engaged in representing ZAI interests, [and] ...directly assisted Class Counsel in securing the U.S. ZAI Class Settlement."[22]
> "[offered] critical assistance to Class Counsel in securing the U.S. ZAI Class Settlement."[23]
> "ha[ve] been engaged in ZAI representation from its earliest initiation in 2000 to date."[24]

We now know that the **sole support** for these statements is that an attorney at Ness arranged a meeting with Grace's Equity Committee.[25] Not only does this newly-disclosed fact not support the sweeping statements made by Class Counsel of "continuous" engagement and involvement, but it further cannot provide the sole support for a $675,000.00 allocation to Ness, nor any support whatsoever for a $250,000 allocation to McGarvey. Class Counsel has not provided the Court with any evidence that Ness or McGarvey remained active or engaged in the ZAI litigation after 2001. The reasonable inference is that, contrary to the position taken by Class Counsel relative to L&A, the services rendered by those firms prior to the conclusion of the Science Trial were recognized by Class Counsel to have contributed to the ultimate settlement of the ZAI litigation.

Respectfully, there is no reason for the Court to simply defer to the proposed allocation by Class Counsel, which has proved to be arbitrary, unsupported and self-interested. L&A again requests a proposed allocation that reflects the significant contributions of L&A to the Class and the settlement.

Sincerely,

David M. Fournier
Counsel for Lukins & Annis, P.S.

Attachments
cc:    Counsel (via email)

---

[21] Response at p. 4.
[22] Id.
[23] Id. at p. 5.
[24] Id. at p. 6.
[25] 5/28/14 Letter from Mr. Westbrook.

00862671.1

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                              ) Chapter 11
                                    )
W.R. Grace & Co., et al.,           ) Case No. 01-01139 (JKF)
                                    ) (Jointly Administered)
    Debtors.                        )
                                    ) Re: D.I. 20275

## LIMITED OBJECTION OF LUKINS & ANNIS, P.S. TO MOTION FOR ORDER OF PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF THE U.S. ZAI CLASS

Lukins & Annis, P.S., by and through its attorneys, Finger, Slanina & Liebesman, LLC, hereby objects on a limited and conditional basis to the Motion for Order of Preliminary Approval of Class Settlement and Certification of a U.S. ZAI Class.

Lukins & Annis, P.S. has no objection to the settlement of the claims of the class as set forth in the Settlement Agreement and motion seeking approval of the Settlement Agreement. Lukins & Annis, P.S. supports settlement under the terms and conditions set forth in the Settlement Agreement.

Lukins & Annis, P.S., enters this limited and conditional objection to the Motion on the basis that the Motion contains certain factual representations and statements which could be seen as seeking preliminary approval of entitlement to fees and costs for legal work benefiting the class of ZAI claimants. As set forth in various pleadings filed by the Scott Law Group and Darrell W. Scott, Mr. Scott was employed by Lukins & Annis, P.S. through December 31, 2003. By way of example, see D.I. 20036 filed on November 14, 2008. During the period of Mr. Scott's employment with Lukins & Annis, P.S., the Washington and Montana class actions were filed, the Washington class action was certified and Grace filed this bankruptcy proceeding. Following Mr. Scott's termination of employment with Lukins & Annis, P.S., Mr. Scott continued to represent the Washington class and the putative national class and Mr. Scott and Lukins & Annis, P.S., attempted to reach an agreement on sharing of fees. No agreement was reached and it is assumed that a court order determining the entitlement to fees will be required.

Based on the foregoing, Lukins & Annis, P.S., requests that the Order on the pending Motion contain no provisions which would be deemed, explicitly or implicitly, to be rulings on the entitlement to fees and costs resulting from legal work which benefited the ZAI class of claimants. Lukins & Annis, P.S. reserves all rights with regard to entitlement to fees and costs arising from its legal work for the ZAI claimants.

Dated: December 30, 2008

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID # 2556)
Finger, Slanina & Liebesman, LLC
One Commerce Center
1201 N. Orange Street, 7th floor
Wilmington, DE 19801-1186
(302) 573-2525
dfinger@delawgroup.com
Attorney for Lukins & Annis, P.S.

## CERTIFICATE OF SERVICE

I, David L. Finger, hereby certify that on this 30th day of December, 2008, I caused the foregoing document to be served via e-mail and first class, postage prepaid, on the below-listed counsel of record:

William D. Sullivan, Esq.
Sullivan Hazeltine Allinson, LLC
4 East 8th Street, Suite 400
Wilmington, DE 19801

Darrell W. Scott, Esq.
The Scott Law Group, P.S.
926 W. Sprague Avenue
Chronicle Building, Suite 680
Spokane, WA 99201

Edward J. Westbrook, Esq.
Richardson, Patrick, Westbrook & Brickman, LLC
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC 29464

Service was also made via CM/ECF on all parties signed up to receive such notice.

/s/ David L. Finger
David L. Finger (DE Bar ID # 2556)
Finger, Slanina & Liebesman, LLC
One Commerce Center
1201 N. Orange Street, 7th floor
Wilmington, DE 19801-1186
(302) 573-2525
dfinger@delawgroup.com
Attorney for Lukins & Annis, P.S.

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | Re: Docket No. 20275 |
| | ) | January 13, 2009 Agenda Item # 1 |

### CERTIFICATE OF COUNSEL RE STIPULATIONS WITHDRAWING OBJECTIONS TO MOTION FOR PRELIMINARY APPROVAL OF ZAI CLASS SETTLEMENT AND AMENDMENTS TO THE NOTICE, CLASS SETTLEMENT AGREEMENT AND PROPOSED ORDER

1. On December 15, 2008, the ZAI claimants filed their Motion for Order of Preliminary Approval of Class Settlement Agreement and Certification of the U.S. ZAI Class. (Docket No. 20275). Attached to the Motion were the proposed Notice to all holders of U.S. ZAI claims and the ZAI Class Settlement Agreement between the Debtors and the U.S. ZAI claimants.

2. The parties received two objections to the Motion - one from the United States which had filed ZAI Claims for certain Forest Service facilities, and one by the law firm of Lukins & Annis to preserve any interest it may have in any attorneys fees that may be awarded in connection with the ZAI Class settlement. In addition, the parties received a request from Sealed Air Corporation to revise the Settlement Agreement to explicitly describe the 524(g) channeling injunction as it relates to the ZAI Settlement Agreement and Claims.

3. Under the current version of the Settlement Agreement, the United States' ZAI Claims for certain Forest Service facilities would be included in the class definition. The United States objected that pursuant to 28 U.S.C. § 516, its claims can only be litigated by the Justice Department and not as part of a class represented by private counsel. As a result, the parties have entered into a Stipulation with the United States, attached here to as Exhibit 1,

whereby the United States has agreed to withdraw its objection if the Settlement Agreement and Notice are revised to eliminate its claims from the class definition.

4. Attached hereto as Exhibits 2 and 3 are slightly revised versions of the Notice and Settlement Agreement. In order to accommodate the United States' request, the Class definition in the Notice and Settlement Agreement has been amended to read as follows (changes in italics):

> Class means all holders of U.S. ZAI Claims that were filed with the Bankruptcy Court on or before the U.S. ZAI Bar Date, *except the United States for its ZAI claims filed on behalf of the United States Forest Service.*

5. In order to accommodate the request of Sealed Air, the parties have agreed to amend the definition of "Plan" in the Settlement Agreement. That revised definition, (definition o.) in the Settlement Agreement, has been amended to read as follow (changes in italics):

> "Plan" means the Joint Plan of Reorganization of the Debtors, the Equity Committee, the Asbestos Personal Injury Future Claimants' Representative and the Official Committee of Asbestos Personal Injury Claimants, as may be further amended or modified. *The Plan shall be in form and substance acceptable to Grace and the other Plan Proponents and shall provide, among other things, that pursuant to Section 524(g) of the Bankruptcy Code ("Section 524(g)") all current and future US ZAI Claims and demands (as that term is defined in Section 524(g)) shall, effective on the Effective Date of the Plan, be channeled to a trust for payment, and that all holders of current and future US ZAI Claims and demands shall be enjoined as provided in Article 8 of the Plan from asserting such claims against an "Asbestos Protected Party" as defined in Section 1.142 of the Plan.*

6. The parties have also entered into a Stipulation with Lukins & Annis whereby Lukins & Annis has agreed to withdraw its objection in exchange for an agreement by Class Counsel to seek no ruling or order from the Court at this time with respect to the entitlement to fees and costs resulting from legal work which benefited the ZAI class of claimants, and all parties reserve all rights they may have concerning such attorneys fees. A copy of the Stipulation with Lukins & Annis is attached hereto as Exhibit 4.

2

7. The parties have also slightly amended the Notice at paragraph 16. to decouple the timing of proceedings on the Motion, Notice and Settlement Agreement from the Plan timetable. As a result, the parties may proceed to obtain approval of the adequacy, fairness and reasonableness of the Settlement Agreement on a timetable that may be separate from the confirmation of the Plan.

8. Finally, the parties have revised the proposed Order previously supplied to the Court to take into account the withdrawal of all objections to the Motion, to reflect the change in the Class definition, and to articulate compliance with the applicable Rule 23 requirements. The revised Order is attached hereto as Exhibit 5. While W.R. Grace does not agree with all of the Order's proposed findings and does not waive its right to contest class certification in the event the Plan is not confirmed, it is not asserting any objection at this time to the provisional certification sought in the Motion. The ZAI Claimants agree that Grace is not waiving its rights.

9. Accordingly, the ZAI Claimants hereby request that the Court grant their Motion for entry of the attached Order: (i) preliminarily approving the Settlement Agreement as revised in Exhibit 2 herein; (ii) provisionally certifying the U.S. ZAI Class and appointing proposed class representatives and class counsel; and (iii) directing that the Notice, as revised and attached hereto as Exhibit 3, be sent to individual class members.

SULLIVAN · HAZELTINE · ALLINSON LLC

*E.E. Allinson IV*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Tel: 302/428-8191
Fax: 302/428-8195

--and--

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott
926 W. Sprague Avenue
Chronicle Building, Suite 680
Spokane, WA 99201
Telephone: 509/455-3966

--and--

RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC
Edward J. Westbrook
Robert M. Turkewitz
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC 29464
Telephone: 843/727-6500

*Special Counsel for ZAI Claimants*

4

**Exhibit 4**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

### STIPULATION AND WITHDRAWAL OF OBJECTION

WHEREAS Counsel for ZAI Claimants and the Property Damage Futures Representative entered into a Term Sheet for Resolution of U.S. Zonolite Attic Insulation Claims (the "ZAI Term Sheet") with the Debtors and its Equity Committee on November 21, 2008 providing for resolution of all U.S. ZAI Claims through negotiated financial terms and administration by a Section 524(g) trust;

WHEREAS Counsel for the ZAI Claimants subsequently negotiated a class settlement agreement, incorporating the terms of the ZAI Term Sheet, to resolve all U.S. ZAI Claims filed by the October 31, 2008 ZAI Bar Date;

WHEREAS the settlement agreement provides that Class Counsel may seek an award of common fund attorneys fees and costs from the Court if the class settlement is approved, but no such application has yet been filed;

WHEREAS Class Counsel have filed "ZAI Claimant's Motion for Order of Preliminary Approval of Class Settlement and Certification of the U.S. ZAI Class" to effectuate the class settlement agreement (the "ZAI Motion");

WHEREAS on December 30, 2008, Lukins & Annis filed a limited objection to the ZAI Motion to preserve the interest it may have in any attorneys fees that may be awarded by the Court in connection with the ZAI class settlement, and to ensure that the Court's order on the

ZAI Motion would contain no provision ruling on the entitlement to fees and costs for legal work which benefited the ZAI class of claimants;

WHEREAS Class Counsel agree that any ruling in connection with the ZAI Motion concerning class action fees or costs would be premature;

NOW THEREFORE, the parties hereby stipulate that:

1. The ZAI Motion does not seek any ruling from the Court on the entitlement to fees and costs resulting from legal work which benefitted the ZAI class of claimants;

2. Class Counsel will present no order to the Court in connection with the ZAI Motion containing any provision ruling on the entitlement to fees and costs resulting from legal work that benefitted the ZAI class of claimants;

3. Subject to the terms hereof, Lukins & Annis withdraws its limited objection;

4. All parties reserve all rights they may have concerning attorneys' fees and costs resulting from legal work that benefitted the ZAI class of claimants.

Dated: January 6, 2009

| W.R. GRACE, et al DEBTORS AND DEBTORS IN POSSESSION, By Their Counsel: | THE ZONOLITE ATTIC INSULATION PROPOSED CLASS, By Their Counsel: |
|---|---|
| David Bernick, Esq.<br>Kirkland & Ellis, LLP<br>200 E. Randolph Drive<br>Chicago, IL 60601<br>Phone: (312) 861-2000 | Edward J. Westbrook, Esq.<br>Richardson, Patrick, Westbrook & Brickman<br>1037 Chuck Dawley Blvd., Building A<br>Mount Pleasant, SC 29464<br>Phone: (843) 727-6513 |

ZAI Motion would contain no provision ruling on the entitlement to fees and costs for legal work which benefited the ZAI class of claimants;

WHEREAS Class Counsel agree that any ruling in connection with the ZAI Motion concerning class action fees or costs would be premature;

NOW THEREFORE, the parties hereby stipulate that:

1. The ZAI Motion does not seek any ruling from the Court on the entitlement to fees and costs resulting from legal work which benefitted the ZAI class of claimants;

2. Class Counsel will present no order to the Court in connection with the ZAI Motion containing any provision ruling on the entitlement to fees and costs resulting from legal work that benefitted the ZAI class of claimants;

3. Subject to the terms hereof, Lukins & Annis withdraws its limited objection;

4. All parties reserve all rights they may have concerning attorneys' fees and costs resulting from legal work that benefitted the ZAI class of claimants.

Dated: January 6, 2009

W.R. GRACE, et al
DEBTORS AND DEBTORS IN
POSSESSION, By Their
Counsel:

_____
David Bernick, Esq.
Kirkland & Ellis, LLP
200 E. Randolph Drive
Chicago, IL 60601
Phone: (312) 861-2000

THE ZONOLITE ATTIC INSULATION
PROPOSED CLASS, By Their Counsel:

_/s/ Edward J. Westbrook_____
Edward J. Westbrook, Esq.
Richardson, Patrick, Westbrook & Brickman
1037 Chuck Dawley Blvd., Building A
Mount Pleasant, SC 29464
Phone: (843) 727-6513

ZAI Motion would contain no provision ruling on the entitlement to fees and costs for legal work which benefited the ZAI class of claimants;

WHEREAS Class Counsel agree that any ruling in connection with the ZAI Motion concerning class action fees or costs would be premature;

NOW THEREFORE, the parties hereby stipulate that:

1. The ZAI Motion does not seek any ruling from the Court on the entitlement to fees and costs resulting from legal work which benefitted the ZAI class of claimants;

2. Class Counsel will present no order to the Court in connection with the ZAI Motion containing any provision ruling on the entitlement to fees and costs resulting from legal work that benefitted the ZAI class of claimants;

3. Subject to the terms hereof, Lukins & Annis withdraws its limited objection;

4. All parties reserve all rights they may have concerning attorneys' fees and costs resulting from legal work that benefitted the ZAI class of claimants.

Dated: January 6, 2009

W.R. GRACE, et al
DEBTORS AND DEBTORS IN
POSSESSION, By Their
Counsel:

THE ZONOLITE ATTIC INSULATION
PROPOSED CLASS, By Their Counsel:

David Bernick, Esq.
Kirkland & Ellis, LLP
200 E. Randolph Drive
Chicago, IL 60601
Phone: (312) 861-2000

Edward J. Westbrook, Esq.
Richardson, Patrick, Westbrook & Brickman
1037 Chuck Dawley Blvd., Building A
Mount Pleasant, SC 29464
Phone: (843) 727-6513

LUKINS & ANNIS,
By Its Counsel:

_____
David L. Finger (DE Bar ID #2556)
Finger, Slanina & Liebesman, LLC
1201 N. Orange Street, 7th Floor
Wilmington, DE 19801-1186
Phone: (302) 573-2525
dfinger@delawgroup.com