## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.,** *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (KJC)** |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING THE FINAL FEE
APPLICATION OF WACHTELL, LIPTON, ROSEN & KATZ
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD FROM APRIL 2, 2001 THROUGH MARCH 31, 2003**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Final Fee Application of Wachtell, Lipton, Rosen & Katz for Compensation for Services Rendered and Reimbursement of Expenses for the Period from April 2, 2001 through March 31, 2003 (the "Application").

## BACKGROUND

1.      Wachtell, Lipton, Rosen & Katz ("Wachtell") was retained as special corporate counsel to the debtors.  In the Application, Wachtell seeks final approval of fees totaling $186,846.25[1] and expenses totaling $25,864.16[2] for its services from April 2, 2001 through March

---

[1]We note that the total of the fees requested in Wachtell's three prior fee applications is $191,290.00.  It appears that Wachtell has deducted from this amount all of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 4, to arrive at the figure it seeks of $186,846.25.  We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[2]We note that the total of the expenses requested in Wachtell's three prior fee applications is $26,796.77.  It appears that Wachtell has deducted from this amount all of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 4, to arrive at the figure it seeks of $25,864.16.   We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

31, 2003 (the "Final Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2014, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

## DISCUSSION

### Final Application Period

3.      We had no objection to Wachtell's fees and expenses for the Final Application Period, and thus we did not send an initial report to Wachtell.

4.      However, we note that Wachtell omitted from its final application fees totaling $2,643.75 and expenses totaling $113.72 approved by the Court for the Ninth Interim Period.[3]  So although Wachtell has requested final approval of fees totaling $186,846.25 and expenses totaling $25,864.16, we calculate Wachtell's final fees at $189,490.00 and its final expenses at $25,977.88.

### Prior Interim Applications

5.      We note that we previously filed the following final reports for Wachtell's prior

---

[3]*See* Paragraph 5.

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Wachtell Final v2.wpd

interim applications, which final reports we incorporate by reference herein, and we also note the following orders that ruled on Wachtell's prior interim fee applications:

6th Period:    Fee Auditor's Final Report Regarding Fee Application of Wachtell, Lipton, Rosen & Katz for the Sixth Interim Period (Docket #3374), filed on or about February 11, 2003, in which we recommended approval of fees totaling $145,541.50 and expenses totaling $24,060.64, reflecting our recommended reductions of $1,800.00 in fees and $818.89 in expenses, as further explained in paragraphs 4, 5, 9 and 10 of that final report.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Sixth Period, dated March 14, 2003 (Docket #3511).

8th Period:    Fee Auditor's Final Report Regarding Fee Application of Wachtell, Lipton, Rosen & Katz for the Eighth Interim Period (Docket #3993), filed on or about July 2, 2003, in which we recommended approval of fees totaling $41,304.75 and expenses totaling $1,803.52.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Eighth Period, dated September 22, 2003 (Docket #4480).

9th Period:    Fee Auditor's Final Report Regarding Fee Application of Wachtell, Lipton, Rosen & Katz for the Ninth Interim Period (Docket #4492), filed on or about September 26, 2003, in which we recommended approval of fees totaling $2,643.75 and expenses totaling $113.72. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Ninth Period, dated December 15, 2003 (Docket #4827).

6.      We have reviewed the final reports and orders allowing fees and expenses for the prior interim periods, and we do not believe there is any reason to change any of the amounts awarded for the prior interim periods.

**CONCLUSION**

7.      Thus, we recommend final approval of $189,490.00 in fees ($186,846.25[4] plus $2,643.75)[5] and $25,977.88 in expenses ($25,864.16[6] plus $113.72) for Wachtell's services for the Final Application Period.[7]

---

[4]We note that the total of the fees requested in Wachtell's three prior fee applications is $191,290.00.  It appears that Wachtell has deducted from this amount all of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 4, to arrive at the figure it seeks of $186,846.25.  We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[5]*See* paragraph 4.

[6]We note that the total of the expenses requested in Wachtell's three prior fee applications is $26,796.77.  It appears that Wachtell has deducted from this amount all of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 4, to arrive at the figure it seeks of $25,864.16.   We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[7]We would ordinarily not recommend approval of amounts in addition to those requested by the applicant.  However, we note that the additional fee and expense amounts which we have recommended have been previously approved by the Court.  Thus, provided the Court and the U.S. Trustee have no objection, we recommend final approval of these additional fees and expenses.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
          Warren H. Smith
          Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, Texas 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 28th day of June, 2014.

_____
Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Harold S. Novikoff
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel to the Official Committee of Unsecured Creditors**
Denise Wildes
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena
Jay Sakalo
Bilzin, Sumberg, Baena, Price & Axelrod
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Michael B. Joseph
Theodore J. Tacconelli
Lisa Coggins
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch
Rita Tobin
Caplin & Drysdale
600 Lexington Avenue, 21st Floor
New York, NY 10022-6000

Marla R. Eskin
Mark Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

**Counsel to the Official Committee of Equity Holders**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899