IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (KJC) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING FINAL
FEE APPLICATION OF GOODWIN PROCTER LLP FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED FOR THE PERIOD FROM MAY 1, 2003 THROUGH FEBRUARY 28, 2005

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Final Fee Application of Goodwin Procter LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from May 1, 2003 through February 28, 2005 (the "Application").

## BACKGROUND

1.      Goodwin Procter LLP ("Goodwin Procter") was retained as counsel to State Street Bank and Trust Company as Investment Manager and Fiduciary of the Grace Stock Within the Grace Savings & Investment Plan. In the Application, Goodwin Procter seeks final approval of fees

totaling $249,300.00[1] and expenses totaling $14,891.66[2] for its services from May 1, 2003 through February 28, 2005 (the "Final Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2014, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We emailed an inquiry to Goodwin Procter based upon our review, but we did not receive a response from Goodwin Procter. Because the amount at issue was *de minimis*, we made no further inquiry.[3]

## DISCUSSION

### Final Application Period

---

[1] We note that the total of the fees requested in Goodwin Procter's five prior fee applications is $249,300.00. The Court has ordered no reductions for the prior periods, which periods are discussed in more detail in paragraph 4, and thus Goodwin Procter has deducted no sums from this amount to arrive at the figure it seeks of $249,300.00. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[2] We note that the total of the expenses requested in Goodwin Procter's five prior fee applications is $14,889.67. The Court has ordered no reductions for the prior periods, which periods are discussed in more detail in paragraph 4, and thus Goodwin Procter has deducted no sums from this amount to arrive at the figure it seeks of $14,891.66. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[3] *See* paragraph 3.

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Goodwin Procter Final.wpd

3.     We noted that, although Goodwin Procter requested final approval of expenses totaling $14,891.66, we calculate Goodwin Procter's total expenses at $14,889.67, for a net difference of $1.99.[4]  We asked Goodwin Procter if it agreed with our calculations, but we did not receive a response from Goodwin Procter.  Because the amount at issue is *de minimis* we made no further inquiry, and will make our recommendation without Goodwin Procter's response.

**Prior Interim Applications**

4.     We note that we previously filed the following final reports for each of Goodwin Procter's prior interim applications, which final reports we incorporate by reference herein, and we also note the following orders that ruled on Goodwin Procter's prior interim fee applications:

11th Period:   <u>Fee Auditor's Final Report Regarding Fee Application of Goodwin Procter LLP for the Eleventh Interim Period</u> (Docket #5664), filed on or about May 28, 2004, in which we recommended approval of fees totaling $125,000.00 and expenses totaling $10,546.65.  These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Eleventh Period</u>, dated June 16, 2004 (Docket #5822).

12th Period:   <u>Fee Auditor's Amended Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Twelfth Interim Period</u> (Docket #6320), filed on or about September 3, 2004, in which we recommended approval of fees totaling $58,505.50 and expenses totaling

---

[4]The reasons for the $1.99 discrepancy are (1) the table on p. 2 of Goodwin Procter's Application contains a $0.01 error in favor of the estate, and (2) we mistakenly recommended (and the Court approved) $179.30 in expenses for Goodwin Procter's quarterly fee application for the Twenty-First Interim Period, whereas the correct amount was $177.30, resulting in a $2.00 error in Goodwin Procter's favor.  The net result of both errors is a $1.99 error in Goodwin Procter's favor.

|  |  |
|---|---|
|  | $3,363.61. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Twelfth Period</u>, dated September 27, 2004 (Docket #6465). |
| 13th Period: | Fee Auditor's <u>Amended Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Thirteenth Interim Period</u> (Docket #7013), filed on or about November 22, 2004, in which we recommended approval of fees totaling $38,754.00 and expenses totaling $732.15. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirteenth Period</u>, dated January 26, 2005 (Docket #7622). |
| 21st Period: | Fee Auditor's <u>Final Report Regarding Fee Application of Goodwin Procter LLP for the Twenty-First Interim Period</u> (Docket #13979), filed on or about December 8, 2006, in which we recommended approval of fees totaling $22,676.00 and expenses totaling $179.30. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Twenty-First Period</u>, dated December 19, 2006 (Docket #14069). |
| 22nd Period: | Fee Auditor's <u>Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Twenty-Second Interim Period</u> (Docket #14868), filed on or about March 15, 2007, in which we recommended approval of fees totaling $4,364.50 and expenses totaling $69.96. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Twenty-Second Period</u>, dated May 3, 2007 |

(Docket #15494).

5. We have reviewed the final reports and orders allowing fees and expenses for the prior interim periods, and we do not believe there is any reason to change any of the amounts awarded for the prior interim periods, with the exception of the Twenty-First Interim Period. As noted in paragraph 3, we recommend an expense reduction of $2.00 to correct an error in our final report and the Court's order for that period.

## CONCLUSION

6. Thus, we recommend final approval of $249,300.00[5] in fees and $14,889.67 in expenses ($14,891.66[6] minus $1.99)[7] for Goodwin Procter's services for the Final Application Period.

---

[5] We note that the total of the fees requested in Goodwin Procter's five prior fee applications is $249,300.00. The Court has ordered no reductions for the prior periods, which periods are discussed in more detail in paragraph 4, and thus Goodwin Procter has deducted no sums from this amount to arrive at the figure it seeks of $249,300.00. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[6] We note that the total of the expenses requested in Goodwin Procter's five prior fee applications is $14,889.67. The Court has ordered no reductions for the prior periods, which periods are discussed in more detail in paragraph 4, and thus Goodwin Procter has deducted no sums from this amount to arrive at the figure it seeks of $14,891.66. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[7] *See* paragraph 3 and n. 4.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, Texas 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 8th day of July, 2014.

_____
     Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**
Daniel M. Glosband
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel to the Official Committee of Unsecured Creditors**
Denise Wildes
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena
Jay Sakalo
Bilzin, Sumberg, Baena, Price & Axelrod
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Michael B. Joseph
Theodore J. Tacconelli
Lisa Coggins
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch
Rita Tobin
Caplin & Drysdale
600 Lexington Avenue, 21st Floor
New York, NY 10022-6000

Marla R. Eskin
Mark Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

**Counsel to the Official Committee of Equity Holders**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899