## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.,** *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (KJC)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING THE RESTRUCTURING FEE SOUGHT IN THE FORTY-SEVENTH (CUMULATIVE) QUARTERLY INTERIM FEE APPLICATION OF BLACKSTONE ADVISORY PARTNERS L.P. <u>FOR THE PERIOD OF OCTOBER 1, 2013 THROUGH FEBRUARY 3, 2014</u>

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the request for Restructuring Fee included in the <u>Forty-Seventh (Cumulative) Quarterly Interim Fee Application of Blackstone Advisory Partners L.P. for the Period of October 1, 2013 through February 3, 2014</u> (the "Application").

### BACKGROUND

1.      Blackstone Advisory Partners L.P. ("Blackstone") was retained as financial advisor to the Debtors.  Blackstone seeks approval of a Restructuring Fee totaling $5,000,000.00 for its services in the case.[1]

---

[1]Although fees of $5,400,000.00 were requested in the Application, this report addresses only the $5,000,000.00 Restructuring Fee.  The remainder of the fee request, totaling $400,000.00, was for Monthly Advisory Fees for the period of October 1, 2013 through February 3, 2014.  The Monthly Advisory Fees for October 1, 2013 through December 31, 2013 have already been approved by the Court in conjunction with the Fifty-First Interim Fee Applications.  The Monthly Advisory Fees for January 1, 2014 through February 3, 2014 will be addressed in conjunction with the final fee applications and are scheduled to be heard at the final fee hearing on October 14, 2014.

2.    In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2014, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Blackstone based upon our review, and we received a response from Blackstone, portions of which response are quoted herein.

**DISCUSSION**

3.    We note that, pursuant to the terms of Blackstone's original Retention Order,[2] the Debtors are to pay to Blackstone the following consideration for Financial Advisory Services:

ORDERED that the Debtors shall pay Blackstone in consideration of the Financial Advisory Services provided by Blackstone:

a.    a Monthly Advisory Fee in the amount of $175,000 in cash in accordance with the procedures set forth herein; and

b.    a Restructuring Fee in the amount of $5,000,000 in cash, but only upon (i) the consummation of a Successful Restructuring and (ii) an

---

[2]The terms of Blackstone's Restructuring Fee are governed by Blackstone's original Retention Order. The terms of Blackstone's retention were modified by order entered on December 6, 2013, so as to include additional services and compensation for Blackstone's assistance with the acquisition of Dow Chemical's Polypropylene Licensing & Catalysts business. However, Blackstone's fees for those services are requested in Blackstone's final fee application and will therefore be addressed in another report.

order of this Court approving such Restructuring Fee;...[3]

4.     We note that, pursuant to Blackstone's original Retention Application and the Blackstone Agreement, a "Successful Restructuring" is defined as "the execution and confirmation of a plan of reorganization pursuant to an order of the Court."[4] We note also that confirmation of a plan of reorganization has occurred in this case.  The Court entered its <u>Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified through December 23, 2010</u> (Dkt. #26155) on January 31, 2011.  On February 3, 2014, the <u>Notice of Satisfaction or Waiver of Conditions to Occurrence of Effective Date of Plan</u> (Dkt. # 31700) was filed, which notice provided that the plan became effective on February 3, 2014.  Thus, a Successful Restructuring, within the meaning of Blackstone's Retention Order, has occurred.

5.     We note that Blackstone's Retention Order provides that the Restructuring Fee is subject to approval of the Court under a reasonableness standard:

> ORDERED that, notwithstanding anything to the contrary herein or in the Application, the Blackstone Agreement or the Administrative Order, the Restructuring Fee shall be subject to approval of the Court under a reasonableness standard upon proper application by Blackstone in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court, including, without limitation, the Administrative Order;....

---

[3]*See* <u>Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of the Blackstone Group L.P. as Financial Advisor to the Debtors and Debtors in Possession</u> (Dkt. #558) entered on June 22, 2001 ("Retention Order").

[4]*See* <u>Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) and 5002 Authorizing the Employment and Retention of the Blackstone Group L.P. as Financial Advisor to the Debtors and Debtors in Possession</u> (Dkt. # 13) ("Retention Application"), at ¶ 13.

6.      Thus, it appears that the Restructuring Fee is governed by the reasonableness standard of 11 U.S.C. § 330, as Blackstone itself acknowledges at p. 5 of the Application.  According to the Third Circuit Court of Appeals, a bankruptcy court is generally required to award an applicant a fee that is "reasonable" in light of certain factors set out in section 330(a)(1) of the Bankruptcy Code. *In re Federal Mogul-Global, Inc.*, 348 F.3d 390, 396-97 (3d Cir. 2003).  The determination of a restructuring or success fee's reasonableness is a two-part analysis involving (1) the market value of the services rendered and (2) the applicant's contribution to the success of the case.  See 11 U.S.C. § 330(a)(3)(C).  The sort of information relevant to the first prong of the analysis is discussed in *In re UDC Homes, Inc.*, 203 B.R. 218 (Bankr. D. Del. 1996).

7.      We noted that the Application addresses both prongs of the analysis.  As to the first prong of the analysis, the market value of the services rendered, we note that Blackstone has cited four comparable restructuring fees, one of which, the $5.5 million success fee sought by Lazard in *In re Northwestern Corp.*, was reviewed by this fee auditor.  From the information provided by Blackstone, and from our experience in evaluating similar fees, we believe that the Restructuring Fee is within the range of reasonableness established by the market for such services.  Among the cases cited by Blackstone in the Application, we note that the blended hourly rate sought by AP Services for its success fee in *In re Calpine Corp.*, Case No. 05-60200 (BRL) (Bankr.S.D. N.Y. March 28, 2008) [Docket No. 7748] was $430.53 per hour over the course of that case.[5]  However, we note further that in *In re Northwestern Corp.*, Delaware Case No. 03-12872  (KJC), we recommended approval of $8,100,000.00 in fees (including a $5.5 million success fee) for services provided by

---

[5]*See* Affidavit of Lisa J. Donahue in Support of the Final Fee Application of AP Services, LLC [Docket No. 7737], at ¶ 19.

**FEE AUDITOR'S FINAL REPORT** - Page 4
wrg FR Blackstone 52Q Restructuring Fee v3.wpd

financial advisor and investment banker Lazard Frères & Co., LLC ("Lazard"), whose effective hourly rate over the course of that case was $1,527.38.[6]  In another case cited by Blackstone, *In re Tribune Co.,* Case No. 08-13141 (KJC) (Bankr. D. Del. June 24, 2013) [Docket No. 13634], the Court approved a $10.3 million restructuring fee for the debtors' financial advisor, Lazard, whose effective hourly rate over the course of the case was $2,678.55.[7]   We note that Blackstone has recorded 22,871.70 hours worked on the case since its retention, which computes to an effective hourly rate of $971.47[8] over the course of the case, a rate which is within the range of reasonableness represented by the three cases cited above.   Moreover, in regard to the size of the Restructuring Fee as a percentage of the total fees (18.37%), we note that the 18.37% figure is within the range of what is typical for restructuring management and consulting services.   In the cases cited by Blackstone, the size of the restructuring or success fee as a percentage of the total fees is as follows:[9]

---

[6]*See* Fee Auditor's Final Report Regarding the Interim Fee Applications of Lazard Frères & Co. LLC for the Third, Fourth and Fifth Interim Periods and Final Fee Application of Lazard Frères & Co. LLC for the Period from September 14, 2003 through November 1, 2004 [Docket No. 2570], at ¶¶ 4 and 16-20.

[7]*See* Fee Examiner's Final Report Regarding the Forty-Eighth Monthly and Final Fee Application of Lazard Freres & Co. LLC [Docket No. 13614], at p. 11.

[8]This computation is based on Blackstone's total Monthly Advisory Fees plus the Restructuring Fee, which together total $22,219,170.40.  Subsequent to filing this Application, Blackstone filed its Final Fee Application in which it requests an additional $5,000,000.00 Transaction Fee for its services in connection with the acquisition of Dow Chemical's Polypropylene Licensing & Catalysts business ("Dow Transaction").  If the Dow Transaction Fee is added, Blackstone's total fees over the course of the case become $27,219,170.40, and its effective hourly rate would be $1,190.08–a rate which is still within the range of those cases cited by Blackstone.  As stated in n. 2, Blackstone's fees for the Dow Transaction will be addressed in our report concerning Blackstone's final fee application.

[9]We did not include the *Enron* case because we were unable to determine the total time spent on the case by turnaround manager, Stephen Forbes Cooper LLC.

| Case | Restructuring or Success Fee | Total Fee Request | Percentage |
|---|---|---|---|
| *In re Tribune* | $10,300,000.00 | $20,804,839.00 | 49.5% |
| *In re Calpine* | $6,000,000.00 | $52,571,747.10 | 11.4% |
| *In re Northwestern* | $5,500,000.00 | $8,100,000.00 | 67.9% |

Our review of other fee applications for restructuring management and consulting services has given us an understanding of the market in this regard,[10] and the 18.37% is comfortably within the range of reasonableness established by the market. Thus, we believe the first prong of the test is satisfied.

8.    With regard to the second prong of the reasonableness test, Blackstone addressed its role in the debtors' restructuring on p. 19 of the Application.  We also sought independent confirmation of the extent of Blackstone's role in the debtors' restructuring from other parties involved in the case.  We received the following statement from the debtors' General Counsel, Mark Shelnitz:

> Blackstone was integral to Grace's successful restructuring.  From the very beginning of the case in 2001, when they helped us with the strategy on how and when to file under Chapter 11 to the very end, when they helped Grace with its exit financing options, Blackstone was with us every step of the way.
>
> In between, these were among the many aspects of the case in which they played major roles:
>
> •  Assistance with obtaining Debtor-in-Possession financing
> •  Preparing and participating in dozens of presentations with the creditors' committees on business-related motions such as acquisitions,

---

[10]*See, e.g., In re BII Liquidation, Inc. (f/k/a Burlington Industries, Inc.),* Del. Case No. 01-11282 [Docket No. 3041, Exhibits B through E] (attached hereto as <u>Exhibits 1</u> through <u>4</u>) for an instructive summary on this issue provided to us by AlixPartners, an affiliate of AP Services.

         divestments, pension plan contributions, cash management initiatives, and claims settlements, including submission of supporting affidavits
- Strategizing on various Plan of Reorganization structures
- Reviewing and commenting on Plan documents
- Valuation analyses for purposes of Plan feasibility
- Liquidation analyses that supported the Plan meeting the best interests test
- Testimony in the estimation trial and Plan confirmation hearings
- Monitoring trading in Grace's bank debt and financial analyses of scenarios for settling the default interest disputes with prepetition bank lenders

We received the following statement from Adam Paul of Kirkland & Ellis, debtors' lead bankruptcy

counsel:

> I write on behalf of the Reorganized Debtors to confirm their strong and enthusiastic support for the award of a $5,000,000 Restructuring Fee to Blackstone Advisory Partners LP. Blackstone served the debtors ably and efficiently during chapter 11 cases of nearly unprecedented length. Both the debtors and Blackstone understood from the outset of Blackstone's retention that the market-driven Restructuring Fee was a critical component of Blackstone's overall compensation for its services, specifically as an incentive for Blackstone to help the debtors achieve the most successful restructuring possible. Few parties, including the debtors, could have anticipated the length of the chapter 11 cases or the high degree of success the debtors would ultimately achieve. Blackstone was an essential advisor to the debtors on a wide range of issues, including sophisticated financial analysis, and the Reorganized Debtors believe that Blackstone's unique expertise unmatched by its other professionals maximized value for their respective estates. The Reorganized Debtors submit that the requested fee is highly reasonable, particularly given the extraordinary success of the chapter 11 cases, the historic length of those cases, fees awarded for comparable work in other chapter 11 cases, and the invaluable and non-duplicative services provided by Blackstone.

We received the following statement from Denise Wildes of Stroock & Stroock & Lavan, counsel

for the Unsecured Creditors' Committee:

> As per your request for the Creditors Committee's opinion with respect to Blackstone's $5m Restructuring Fee, to be evaluated based upon a "reasonableness" standard, the Creditors Committee believes that the Restructuring Fee is reasonable in light of the success achieved in the case, namely payment of unsecured claims in full in cash (including post-petition interest), an outcome that was not assured at the

outset of the Debtors' chapter 11 cases, the financial/operational strength of the Debtors upon emergence, and given Blackstone's involvement with every aspect of these chapter 11 cases during their 13-year duration. Thus, the Committee supports payment of the Restructuring Fee as reasonable consistent with terms of Blackstone's Retention Order.

From David Blabey, Jr., of Kramer Levin Naftalis & Frankel, counsel for the Official Committee of

Equity Holders:

We have no objection to the payment of Blackstone's $5 million Restructuring Fee. We believe the fee is reasonable and justified in light of Blackstone's significant contributions to Grace's successful reorganization. These contributions included, among other things, Blackstone's efforts in connection with the confirmation of Grace's plan and its provision of strategic counsel in connection with acquisitions and other matters.

And from Richard Wyron of Frankel Wyron, counsel to Roger Frankel, Future Asbestos Personal

Injury Claimants' Representative:

The PI FCR has no objection to the Debtors' paying Blackstone the Restructuring Fee.

We inquired of Elihu Inselbuch of Caplin & Drysdale, counsel to the Official Committee of Asbestos

Personal Injury Claimants, concerning Blackstone's Restructuring Fee, and he responded as follows:


We believe Grace is far better able to evaluate Blackstone's contribution than we are.

Based on Blackstone's descriptions of its activities, our observation of the case, and the statements

provided by debtors' counsel and other parties, it appears that Blackstone played a valuable role

throughout the case and  made a major contribution to the success of the debtors' reorganization and

restructuring.  Nor has any party disputed Blackstone's characterization of the value of its

contribution.  Thus, it appears to us that Blackstone has met both prongs of the reasonableness test

set forth in *UDC Homes*.  Accordingly, we have no objection to Blackstone's Restructuring Fee.

## CONCLUSION

9.    Thus, we recommend approval of the Restructuring Fee in the amount of $5,000,000.00 for Blackstone's services in the case.


Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
          Warren H. Smith
          Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, Texas  75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 8th day of July, 2014.


_____
          Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
John James O'Connell III
Senior Managing Partner
Blackstone Advisory Partners L.P.
345 Park Avenue
New York, NY 10154

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel to the Official Committee of Unsecured Creditors**
Denise Wildes
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena
Jay Sakalo
Bilzin, Sumberg, Baena, Price & Axelrod
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Michael B. Joseph
Theodore J. Tacconelli
Lisa Coggins
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch
Rita Tobin
Caplin & Drysdale
600 Lexington Avenue, 21st Floor
New York, NY 10022-6000

Marla R. Eskin
Mark Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

**Counsel to the Official Committee of Equity Holders**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899