IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (KJC) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING FINAL APPLICATION OF
PERKINS COIE LLP AS ORDINARY COURSE PROFESSIONAL FOR
ALLOWANCE OF FEES AND EXPENSES IN EXCESS OF OCP MONTHLY FEE
CAP FOR THE PERIOD OF SEPTEMBER 2006 THROUGH MARCH 2007**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Final Application of Perkins Coie LLP as Ordinary Course Professional for Allowance of Fees and Expenses in Excess of OCP Monthly Fee Cap for the Period of September 2006 through March 2007 (the "Application").

BACKGROUND

1.    Perkins Coie LLP ("Perkins Coie") was retained as an ordinary course professional to provide legal services to the Debtors and Debtors-in-Possession regarding certain asbestos property damage claims. On or about June 20, 2007, the Court entered its Order Granting Leave in Accordance with the Orders Authorizing the Debtors to Employ and Compensate Ordinary Course Professionals as it Pertains to Perkins Coie LLP in which it authorized Perkins Coie to seek compensation for its fees in excess of its $50,000.00 monthly ordinary course professional ("OCP")

cap. In the Application, Perkins Coie seeks final approval of fees totaling $116,932.25[1] and expenses totaling $18,417.99[2] for its services from September 1, 2006 through March 31, 2007 (the "Final Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2014, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We have no issues with, or objections to, the Application, and thus we did not send an initial report to Perkins Coie.

## DISCUSSION

---

[1] We note that the total of the fees requested in Perkins Coie's prior fee application is $316,932.25. However, this amount included not only the $116,932.25 in fees billed in excess of the OCP cap, but also $200,000.00 in fees paid to Perkins Coie pursuant to the OCP Order. The Court ordered no reduction in fees for the prior period, which period is discussed in more detail in paragraph 4, and thus Perkins Coie has deducted from this amount only the $200,000.00 which it was paid pursuant to the OCP Order to arrive at the figure it seeks of $116,932.25. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[2] We note that the total of the expenses requested in Perkins Coie's prior fee application is $18,417.99. There were no reductions ordered by the Court for the prior period, which period is discussed in more detail in paragraph 4, and thus Perkins Coie has deducted no sums from this amount to arrive at the figure it seeks of $18,417.99. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Perkins Coie Final.wpd

**Prior Interim Applications**

3.     We note that we previously filed the following final report for Perkins Coie's prior interim application, which final report we incorporate by reference herein, and we also note the following order that ruled on Perkins Coie's prior interim fee application:

24th Period:     <u>Fee Auditor's Final Report Regarding Fee Application of Perkins Coie LLP for the Twenty-Sixth Interim Period</u> (Docket #18076), filed on or about February 20, 2008, in which we recommended approval of fees totaling $316,932.25 and expenses totaling $18,417.99. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Twenty-Sixth Period</u>, dated March 12, 2008 (Docket #18270).

4.     We have reviewed the final report and order allowing fees and expenses for the prior interim period, and we do not believe there is any reason to change any of the amounts awarded for the prior interim period. However, it should be noted that the fee award of $316,932.25 included not only $116,932.25 in fees incurred in excess of the OCP cap for which Perkins Coie was required to obtain Court approval, but also $200,000.00 paid to Perkins Coie pursuant to the OCP order.

**CONCLUSION**

5.      Thus, we recommend final approval of $116,932.25[3] in fees and 18,417.99[4] in expenses for Perkins Coie's services for the Final Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, TX 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

---

[3] We note that the total of the fees requested in Perkins Coie's prior fee application was $316,932.25. However, this amount included not only the $116,932.25 in fees billed in excess of the OCP cap, but also $200,000.00 in fees paid to Perkins Coie pursuant to the OCP Order. The Court ordered no reduction in fees for the prior period, which period is discussed in more detail in paragraph 3, and thus Perkins Coie has deducted from this amount only the $200,000.00 which it was paid pursuant to the OCP Order to arrive at the figure it seeks of $116,932.25. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[4] We note that the total of the expenses requested in Perkins Coie's prior fee application was $18,417.99. There were no reductions ordered by the Court for the prior period, which period is discussed in more detail in paragraph 3, and thus Perkins Coie has deducted no sums from this amount to arrive at the figure it seeks of $18,417.99. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 8th day of July, 2014.

_____
Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**
John Kaplan
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel to the Official Committee of Unsecured Creditors**
Denise Wildes
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena
Jay Sakalo
Bilzin, Sumberg, Baena, Price & Axelrod
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Michael B. Joseph
Theodore J. Tacconelli
Lisa Coggins
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch
Rita Tobin
Caplin & Drysdale
600 Lexington Avenue, 21st Floor
New York, NY 10022-6000

Marla R. Eskin
Mark Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

**Counsel to the Official Committee of Equity Holders**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899