**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., <u>et al.</u>, | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**ZAI CLASS COUNSEL'S MOTION FOR LEAVE TO FILE
ITS REPLY TO LUKINS & ANNIS, P.S.'s RESPONSE TO RULE 706
EXPERT REPORT OF JUDITH K. FITZGERALD**

ZAI Class Counsel files this Motion for Leave to File a Reply to Lukins & Annis, P.S.'s Response to Rule 706 Expert Report of Judith K. Fitzgerald (the "Reply") and in support of this motion, would show as follows:

1. On June 25, 2014, the *Rule 706 Expert Report of Judith K. Fitzgerald* was filed with the Court. (Docket No. 32259).

2. Pursuant to the terms of the *Order Appointing Rule 706 Expert Regarding Lukins & Annis Fee Allocation Claim* (D.I. 31986), both Lukins & Annis, P.S. and ZAI Class Counsel filed responses to the Rule 706 Expert Report on July 7, 2014. [*See ZAI Class Counsel's Response to Report of Judge Fitzgerald* (D.I. 32275); *Lukins & Annis, P.S.'s Response to Rule 706 Expert Report of Judith K. Fitzgerald* (Docket No. 32276)].

3. Given the simultaneous filing of these responses, the ZAI Class Counsel Response was not able to address any of the arguments made in the Lukins & Annis Response.

4. ZAI Class Counsel seeks leave to file a three paragraph reply to the Lukins & Annis Response, in the form attached hereto as Exhibit A, to ensure that any consideration given by the Court to the arguments presented in the Lukins & Annis Response is made on a fair and complete record. Specifically, the L&A Response argues that its treatment under the proposed

allocation is inequitable when compared to the allocation to three other firms referenced in the Response. [See L & A Response, pp. 9-13]. Yet as more fully set forth in the Reply, in comparing the amounts the respective firms would receive against the hours worked, the L&A Response fails to note that none of the other firms were compensated as Special Counsel to the ZAI Claimants, as Lukins & Annis was, and that any allocation of the Common Fund Fee Award received by Lukins & Annis would be in addition to the compensation already received. As such, the Reply presents facts which should necessarily be included in the record considered by the Court in evaluating the "inequitable allocation" argument advanced in L&A's Response.

      WHEREFORE, ZAI Class Counsel respectfully requests that the Court enter an Order, substantially in the form attached hereto, approving leave to file the attached Reply and including the Reply as part of the record in this contested matter.

Dated: July 10, 2014
      Wilmington, Delaware

                              SULLIVAN HAZELTINE ALLISON LLC

| THE SCOTT LAW GROUP, P.S. | */s/ William D.Sullivan* |
|---|---|
| Darrell W. Scott | William D. Sullivan (No. 2820) |
| 926 W. Sprague Avenue | Elihu E. Allinson, III (No. 3476) |
| Chronicle Building, Suite 680 | 901 North Market Street, Suite 1300 |
| Spokane, Washington 99201 | Wilmington, Delaware 19801 |
| | |
| RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |
| Edward J. Westbrook | Elizabeth Cabraser |
| 1037 Chuck Dawley Blvd., Bldg. A | Embarcadero Center West |
| Mt. Pleasant, South Carolina  29464 | 275 Battery Street, 30th Floor |
| | San Francisco, California  94111-3339 |

*ZAI CLASS COUNSEL*