IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (KJC) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING THE JANUARY 2014
MONTHLY APPLICATION AND THE FINAL APPLICATION
OF KAYE SCHOLER LLP FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM JANUARY 1, 2010 THROUGH FEBRUARY 3, 2014**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the January 2014 Monthly Application and the Final Application of Kaye Scholer LLP for Compensation and Reimbursement of Expenses for the Period from January 1, 2010 through February 3, 2014 (the "Applications").

**BACKGROUND**

1.  Kaye Scholer LLP ("Kaye Scholer") was retained as special counsel to the Debtors for intellectual property matters. In the Applications, Kaye Scholer seeks approval of fees and expenses as follows: fees totaling $9,984.87 and no expenses for its services from January 1, 2014 through January 31, 2014 (the "January 2014 Monthly Application"),[1] and final approval of fees

---

[1] Kaye Scholer previously requested approval of its fees for January 2014 in its First Interim Verified Application of Kaye Scholer LLP for Compensation for Services and Reimbursement of Expenses for the Period from January 1, 2010 through February 3, 2014. However, we reviewed in that application only Kaye Scholer's fees and expenses through December 31, 2013, and are reviewing Kaye Scholer's fees for January 2014 in conjunction with our review of its Final Application.

totaling $632,647.74[2] and expenses totaling $426.41[3] for its services from January 1, 2010 through February 3, 2014 (the "Final Application Period").

2.　　In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Applications in their entirety, including each of the time and expense entries included in the exhibits to the Applications, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2014, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We emailed an inquiry to Kaye Scholer based on our review, and we received a response from Kaye Scholer, portions of which response are reflected herein.

## DISCUSSION

### January 2014 Monthly Application

---

[2] We note that the total of the fees requested in Kaye Scholer's prior fee application, plus the compensation sought in the January 2014 Monthly Application, is $632,647.74. It does not appear that Kaye Scholer has deducted from this amount the reduction ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 6, to arrive at the figure it seeks of $632,647.74. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[3] We note that the total of the expenses requested in Kaye Scholer's prior fee application, plus the expenses sought in the January 2014 Monthly Application, is $426.41. It does not appear that Kaye Scholer has deducted from this amount the reduction ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 6, to arrive at the figure it seeks of $426.41. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

3.  We have no issues with, or objections to, the fees and expenses in Kaye Scholer's January 2014 Monthly Application.

4.  Thus, we recommend approval of $9,984.87 in fees for Kaye Scholer's January 2014 Monthly Application.

**Final Application Period**

5.  We noted that for the month of January 2010, Kaye Scholer requested fees totaling $74,212.84, however, the correct amount of fees was $73,409.49, for a difference of $803.35. The reason for the discrepancy was that Kaye Scholer billed for 130.89 hours of time for attorney, John P. Rynkiewicz, at the rate of $567.00 per hour, although Mr. Rynkiewicz recorded only 129.47 hours worked on the case. We asked Kaye Scholer about this discrepancy and Kaye Scholer agreed to withdraw the $803.35 from its fee request. We appreciate Kaye Scholer's response and recommend a reduction of $803.35 in fees.

**Prior Interim Application**

6.  We note that we previously filed the following final report for Kaye Scholer's prior interim application, which final report we incorporate by reference herein, and we also note the following order that ruled on Kaye Scholer's prior interim fee application:

38th – 51st Periods:   <u>Fee Auditor's Final Report Regarding the First Interim Verified Application of Kaye Scholer LLP for Compensation for Services and Reimbursement of Expenses for the Period from January 1, 2010 through February 3, 2014</u> (Docket #32199), filed on or about May 13, 2014, in which we recommended approval of fees totaling $502,495.53 and expenses totaling $311.41, reflecting our

recommended reduction of $120,167.34 in fees and $115.00 in expenses, as further explained in paragraph 3 of that final report. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Fifty-First Period</u>, dated May 23, 2014 (Docket #32216).

7. We have reviewed the final report and order allowing fees and expenses for the prior interim periods, and we do not believe there is any reason to change any of the amounts awarded for the prior interim periods.

**CONCLUSION**

8. Thus, we recommend final approval of $511,677.05 in fees ($632,647.74[4] minus $120,970.69)[5] and $311.41 in expenses ($426.41[6] minus $115.00)[7] for Kaye Scholer's services for the Final Application Period.

---

[4] We note that the total of the fees requested in Kaye Scholer's prior fee application, plus the compensation sought in the January 2014 Monthly Application, is $632,647.74. It does not appear that Kaye Scholer has deducted from this amount the reduction ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 6, to arrive at the figure it seeks of $632,647.74. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[5] This amount includes the Court-approved reduction of $120,167.34 for the prior interim periods, not previously deducted by Kaye Scholer (*see* paragraph 6), as well as our recommended reduction of $803.35 for the Final Application Period. *See* paragraph 5.

[6] We note that the total of the expenses requested in Kaye Scholer's prior fee application, plus the expenses sought in the January 2014 Monthly Application, is $426.41. It does not appear that Kaye Scholer has deducted from this amount the reduction ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 6, to arrive at the figure it seeks of $426.41. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[7] This is the Court-approved reduction of $115.00 for the prior interim periods, not previously deducted by Kaye Scholer. *See* paragraph 6.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, TX   75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 17th day of July, 2014.

_____
    Warren H. Smith

## SERVICE LIST

**Applicant**
John P. Rynkiewicz
Kaye Scholer LLP
The McPherson Building
901 Fifteenth Street, N.W.
Washington, DC 20005

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel to the Official Committee of Unsecured Creditors**
Denise Wildes
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena
Jay Sakalo
Bilzin, Sumberg, Baena, Price & Axelrod
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Michael B. Joseph
Theodore J. Tacconelli
Lisa Coggins
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch
Rita Tobin
Caplin & Drysdale
600 Lexington Avenue, 21st Floor
New York, NY 10022-6000

Marla R. Eskin
Mark Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

**Counsel to the Official Committee of Equity Holders**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899