IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (KJC) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING THE FINAL VERIFIED
APPLICATION OF THE LAW OFFICES OF JANET S. BAER, P.C.,
FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM FEBRUARY 4, 2009 THROUGH DECEMBER 31, 2010**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Final Verified Application of the Law Offices of Janet S. Baer, P.C., for Compensation for Services and Reimbursement of Expenses for the Period from February 4, 2009 through December 31, 2010 (the "Application").

**BACKGROUND**

1.  The Law Offices of Janet S. Baer, P.C. ("Baer"), was retained as co-counsel to the Debtors and Debtors-in-Possession. In the Application, Baer seeks final approval of fees totaling $3,086,223.00[1] and expenses totaling $71,297.25[2] for its services from February 4, 2009 through

---

[1] We note that the total of the fees requested in Baer's eight prior fee applications is $3,088,932.50. It appears that Baer has deducted from this amount all of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 4, to arrive at the figure it seeks of $3,086,223.00. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[2] We note that the total of the expenses requested in Baer's eight prior fee applications is $70,392.25. It appears that Baer has deducted from this amount all of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 4, to arrive at the figure it seeks of $71,297.25. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

December 31, 2010 (the "Final Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2014, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We emailed an inquiry to Baer based upon our review, and we received a response from Baer, portions of which response are reflected herein.

## DISCUSSION

### Final Application Period

3. We noted that on p. 2 of the Application, Baer listed its approved expenses for the Thirty-Sixth Interim Period as $8,924.81.  However, as noted in the following paragraph, the correct amount of approved expenses for that period was $8,011.57, for a difference of $913.24.  We asked Baer about this discrepancy, and Baer advised that it agreed with our amounts.  Thus, we recommend that Baer's final expense request be reduced by $913.24.

### Prior Interim Applications

4. We note that we previously filed the following final reports for Baer's prior interim applications, which final reports we incorporate by reference herein, and we also note the following

orders that ruled on Baer's prior interim fee applications:

32nd Period: Fee Auditor's Final Report Regarding Fee Application of the Law Offices of Janet S. Baer, P.C., for the Thirty-Second Interim Period (Docket #22924), filed on or about August 21, 2009, in which we recommended approval of fees totaling $189,125.00 and expenses totaling $3,866.87. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Thirty-Second Period, dated September 28, 2009 (Docket #23352).

33rd Period: Fee Auditor's Final Report Regarding Fee Application of the Law Offices of Janet S. Baer, P.C., for the Thirty-Third Interim Period (Docket #23774), filed on or about November 16, 2009, in which we recommended approval of fees totaling $383,187.50 and expenses totaling $18,946.28, reflecting our recommended reduction of $625.00 in fees, as further explained in paragraph 3 of that final report. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Thirty-Third Period, dated December 11, 2009 (Docket #23996).

34th Period: Fee Auditor's Amended Combined Final Report Regarding Those Fee Applications with *De Minimis* or No Fee or Expense Issues for the Thirty-Fourth Interim Period (Docket #24438), filed on or about March 11, 2010, in which we recommended approval of fees totaling $474,822.50 and expenses totaling $14,490.29. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Thirty-Fourth Period, dated

March 19, 2010 (Docket #24470).

35th Period: <u>Fee Auditor's Final Report Regarding Quarterly Interim Fee Application of the Law Offices of Janet S. Baer, P.C., for the Interim Period From October 1, 2009 through December 31, 2009</u> (Docket #24733), filed on or about May 4, 2010, in which we recommended approval of fees totaling $459,170.00 and expenses totaling $8,924.81, reflecting our recommended reduction of $662.50 in fees, as further explained in paragraphs 3 and 4 of that final report. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirty-Fifth Period</u>, dated June 7, 2010 (Docket #24917).

36th Period: <u>Fee Auditor's Final Report Regarding Fifth Quarterly Interim Verified Application of the Law Offices of Janet S. Baer, P. C., for the Interim Period from January 1, 2010 through March 31, 2010</u> (Docket #25283), filed on or about August 30, 2010, in which we recommended approval of fees totaling $472,705.50 and expenses totaling $8,011.57, reflecting our recommended reductions of $1,872.00 in fees and $8.24 in expenses, as further explained in paragraphs 3 and 4 of that final report. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirty-Sixth Period</u>, dated September 13, 2010 (Docket #25397).

37th Period: <u>Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Thirty-Seventh Interim Period</u> (Docket #25850), filed on or about December 2, 2010, in which we recommended

approval of fees totaling $365,742.50 and expenses totaling $4,818.00. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirty-Seventh Period</u>, dated December 10, 2010 (Docket #25905).

38th Period: <u>Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Thirty-Eighth Interim Period</u> (Docket #26519), filed on or about March 9, 2011, in which we recommended approval of fees totaling $368,962.50 and expenses totaling $3,371.55. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirty-Eighth Period</u>, dated March 25, 2011 (Docket #26627).

39th Period: <u>Fee Auditor's Amended Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Thirty-Ninth Interim Period</u> (Docket #27116), filed on or about June 21, 2011, in which we recommended approval of fees totaling $372,507.50 and expenses totaling $7,954.64. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirty-Ninth Period</u>, dated June 30, 2011 (Docket #27188).

5. We have reviewed the final reports and orders allowing fees and expenses for the prior interim periods, and we do not believe there is any reason to change any of the amounts awarded for the prior interim periods, with the exception of the Thirty-Fifth Interim Period. The fees for that period should have been $458,720.00, but due to an error in the final report and order

submitted to the Court, fees of $459,170.00 were approved. Baer's final fee request reflects the erroneous amount. Thus, we recommend Baer's final fee request be reduced by $450.00 in order to correct the error.

## CONCLUSION

6. Thus, we recommend final approval of $3,085,773.00 in fees ($3,086,223.00[3] minus $450.00)[4] and $70,384.01 in expenses ($71,297.25[5] minus $913.24)[6] for Baer's services for the Final Application Period.

---

[3] We note that the total of the fees requested in Baer's eight prior fee applications is $3,088,932.50. It appears that Baer has deducted from this amount all of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 4, to arrive at the figure it seeks of $3,086,223.00. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[4] *See* paragraph 5.

[5] We note that the total of the expenses requested in Baer's eight prior fee applications is $70,392.25. It appears that Baer has deducted from this amount all of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 4, to arrive at the figure it seeks of $71,297.25. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[6] *See* paragraph 3.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, Texas 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 17th day of July, 2014.

_____
Warren H. Smith

## SERVICE LIST
### Notice Parties

**Applicant's Counsel**
Roger J. Higgins
The Law Offices of Roger Higgins, LLC
1 North Bishop Street, Suite 14
Chicago, IL 60601

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel to the Official Committee of Unsecured Creditors**
Denise Wildes
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena
Jay Sakalo
Bilzin, Sumberg, Baena, Price & Axelrod
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Michael B. Joseph
Theodore J. Tacconelli
Lisa Coggins
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch
Rita Tobin
Caplin & Drysdale
600 Lexington Avenue, 21st Floor
New York, NY 10022-6000

Marla R. Eskin
Mark Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

**Counsel to the Official Committee of Equity Holders**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899