# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et. al., | ) | Case No. 01-01139 (KJC) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: Docket No. 32124** |
| | ) | |
| | ) | Objection Deadline: September 16, 2014 @ 4:00 pm |
| _____ | ) | Hearing Date: October 14, 2014 @ 10:00 am |

**AMENDED[1] SUMMARY OF SEVENTEENTH QUARTERLY APPLICATION AND FINAL APPLICATION OF SCARFONE HAWKINS FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL FOR THE CANADIAN ZAI CLAIMANTS FOR THE INTERIM FEE PERIOD FROM JANUARY 1, 2014 THROUGH FEBRUARY 3, 2014 AND THE FINAL FEE PERIOD DECEMBER 21, 2009 THROUGH FEBRUARY 3, 2014**

Applicant:                                                     Scarfone Hawkins LLP

Authorized to Provide
Professional Services to:                          Canadian Zonolite Attic Insulation Claimants
                                                                        ("Canadian ZAI Claimants") by Appointment Order,
                                                                        Dated March 19, 2010 [Docket No. 24508]

Date of Retention:                                     March 19, 2010 *nunc pro tunc* to December 21, 2009

Period for which quarterly compensation
and reimbursement is sought:                 January 1, 2014 through February 3, 2014

Amount of quarterly compensation sought
as actual, reasonable and necessary:       CDN $    38,812.50

Amount of quarterly expense reimbursement
(includes Harmonized Sales Tax of 13%[2])
sought as actual, reasonable and necessary:   CDN $    5,051.45

Period for which final compensation

---

[1] On July 15, 2014, the Court entered an Order granting The Hogan Firm, Scarfone Hawkins LLP, and Lauzon Bélanger Lespérance's Motion for Leave to file an Amended Seventeenth Quarterly Application and Final Fee Application [Docket No. 32297].

[2] On July 1, 2010, the Harmonized Sales Tax (HST) took effect in Ontario and is applied to most purchases and transactions. The 13% HST replaces the federal goods and services tax (GST) and the provincial sales tax (PST).

and reimbursement is sought:                    December 21, 2009 through February 3, 2014

Amount of final compensation sought
as actual, reasonable and necessary:            CDN $  429,799.89


Amount of final expense reimbursement
(includes Harmonized Sales Tax of 13%)
sought as actual, reasonable and necessary:  CDN $  61,931.48


This is the seventeenth quarterly fee application for the period January 1, 2014 through February 3, 2014 and the final fee application for the period December 21, 2009 through February 3, 2014.

**Prior Interim Fee Applications:**

| Date Filed | Period Covered | Requested Fees (CDN $) | Requested Expenses (CDN $) | Approved Fees (CDN $) | Approved Expenses (CDN $) |
|---|---|---|---|---|---|
| 04/30/2010 Dkt. No. 24702 | December 21, 2009 - March 31, 2010 | $ 98,678.75 Reduction -708.50 | $ 10,399.55 | $ 78,943.00 $ 19,027.25 | $ 10,399.55 |
| 08/12/2010 Dkt. No. 25213 | April 1, 2010 – June 30, 2010 | $ 59,494.00 | $ 7,134.53 | $ 47,595.20 $ 11,898.80 | $ 7,134.53 |
| 11/16/2010 Dkt. No. 25760 | July 1, 2010 – September 30, 2010 | $ 33,730.00 | $ 5,817.79 | $ 26,984.00 $ 6,746.00 | $ 5,817.79 |
| 01/31/2011 Dkt. No. 26157 | October 1, 2010 – December 31, 2010 | $23,348.75 | $ 3,065.44 | $ 18,679.00 | $ 3,065.44 |
| 05/13/2011 Dkt. No. 26929 | January 1, 2011 – March 31, 2011 | $ 41,490.00 | $ 7,860.55 | $ 33,192.00 $ 8,298.00 | $ 7,860.55 |
| 08/05/2011 Dkt. No. 27382 | April 1, 2011 – June 30, 2011 | $ 29,156.25 | $ 4,036.68 | $ 23,325.00 $ 5,831.25 | $ 4,036.68 |
| 11/18/2011 Dkt. No.28001 | July 1, 2011- September 30, 2011 | $ 29,185.89 | $ 6,445.48 | $ 23,348.71 $ 5,837.18 | $ 6,445.48 |
| 03/01/12 Dkt. No. 28604 | October 1, 2011- December 31, 2011 | $ 9,783.75 Reduction -$1,233.75 | $ 3,492.08 | $ 8,550.00 | $ 3,492.08 |
| 5/15/2012 Dkt. No. 28917 | January 1, 2012- March 31, 2012 | $ 15,682.50 Reduction -$386.25 | $ 2,056.21 | $ 12,546.00 $ 2,750.25 | $ 2,056.21 |
| 8/17/2012 Dkt. No.29470 | April 1, 2012- June 30, 2012 | $ 8,535.00 Reduction -$183.75 | $ 1,112.15 | $ 6,828.00 $ 1,523.25 | $ 1,112.15 |
| 11/27/2012 Dkt. No. 29947 | July 1, 2012- September 30, 2012 | $ 7,743.75 | $ 1,006.70 | $ 6,195.00 $ 1,548.75 | $ 1,006.70 |
| 3/4/2013 Dkt. No.30349 | October 1, 2012- December 31, 2012 | $ 5,340.00 | $ 697.14 | $ 4,272.00 $ 426.00 | $ 697.14 |
| 6/4/2013 Dkt. No. 30713 | January 1, 2013- March 31, 2013 | $ 6,420.00 | $834.60 | $ 5,136.00 $1,284.00 | $ 834.60 |
| 8/15/2013 Dkt. No. 30974 | April 1, 2013- June 30, 2013 | $7,020.00 | $916.89 | $5,616.00 $1,404.00 | $916.89 |
| 11/1/2013 Dkt. No. 31292 | July 1, 2013- September 30, 2013 | $7,225.00 | $942.50 | $5,780.00 $1,445.00 | $942.50 |
| 1/29/2014 Dkt. No. 31665 | October 1, 2013- December 31, 2013 | $8,153.75 | $1,061.74 | $6,523.00 $1,630.75 | $1,061.74 |

**Prior Monthly Fee Applications Included in this Interim Fee Application:**

| Date Filed | Period Covered | Requested Fees (CDN $) | Requested Expenses (CDN $) | Paid Fees (CDN $) | Paid Expenses (CDN $) |
|---|---|---|---|---|---|
| 3/25/2014 Dkt. No. 31908 | January 1, 2014- February 3, 2014 | $38,812.50 | $5,051.45 | Pending | Pending |

**Fee Detail by Professional for the Period of January 1, 2014 through February 3, 2014:**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate[3] (including changes) | Total Billed Hours | Total Fees (CDN $) |
|---|---|---|---|---|
| David Thompson | Partner, 25 years; 1988 | $575.00[4] | 46.10 | $26,507.50 |
| David Thompson – Travel | | $262.50 | 0.00 | 0.00 |
| Matthew G. Moloci | Partner, 15 Years; 1998 | $475.00 | 23.60 | $11,210.00 |
| Matthew G. Moloci - Travel | | $225.00 | 0.00 | 0.00 |
| Cindy Yates | Law Clerk, 31 Yrs.; 1982 | $150.00[5] | 7.30 | $1,095.00 |
| **Grand Total** | | | **77.00** | **$38,812.50** |
| Blended Rate | | | | $504.06 |
| Blended Rate (excluding Law Clerk time) | | | | $541.14 |

---

[4] Scarfone Hawkins LLP increased its hourly rates as of February 1, 2013.
[5] Scarfone Hawkins LLP increased its Law Clerk hourly rate as of March 1, 2013.

**Fee Detail by Professional for the Period of December 21, 2009 through February 3, 2014:**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate[6] (including changes) | Total Billed Hours | Total Fees (CDN $) |
|---|---|---|---|---|
| David Thompson | Partner, 25 years; 1998 | $475.00 | 255.15 | $121,196.25 |
| David Thompson - Travel | | $237.50 | 37.00 | $8,787.50 |
| David Thompson | | $525.00 | 180.64 | $94,836.00 |
| David Thompson | | $262.50 | 20.75 | $5,446.89 |
| David Thompson | | $575.00 | 86.15 | $49,536.25 |
| Matthew G. Moloci | Partner, 15 years; 1998 | $375.00 | 194.10 | $72,787.50 |
| Matthew G. Moloci - Travel | | $187.50 | 39.90 | $7,481.25 |
| Matthew G. Moloci | | $450.00 | 74.94 | $33,723.00 |
| Matthew G. Moloci - Travel | | $225.00 | 20.85 | $4,691.25 |
| Matthew G. Moloci | | $475.00 | 25.20 | $11,970.00 |
| Mike Stanton | Associate; 2007 | $250.00 | 5.20 | $1,300.00 |
| Mike Stanton - Travel | | $125.00 | 2.00 | $250.00 |
| Rano Daoud | | $100.00 | 4.60 | $460.00 |
| Rano Daoud - Travel | | $50.00 | 2.00 | $100.00 |
| Law Clerk | | $90.00 | 2.10 | $189.00 |
| Cindy Yates | Law Clerk, 31 Yrs.; 1982 | $90.00 | 30.00 | $2,700.00 |
| Cindy Yates | | $120.00 | 83.00 | $9,960.00 |
| Cindy Yates | | $145.00 | 2.00 | $290.00 |
| Cindy Yates | | $150.00 | 27.30 | $4,095.00 |
| **Grand Total** | | | **1092.88** | **$429,799.89** |
| Blended Rate | | | | $228.57 |
| Blended Rate (excluding Law Clerk time) | | | | $434.98 |

**Task Code Summary for the Period of January 1, 2014 through February 3, 2014:**

| Project Category | Total Hours | Total Fees (CDN $) |
|---|---|---|
| 04 - Case Administration | 74.80 | $38,417.50 |
| 11 - Fee Applications, Applicant | 2.20 | $395.00 |
| 12 - Fee Applications, Others | 0.00 | 0.00 |
| 14 - Hearings | 0.00 | 0.00 |
| 16 - Plan and Disclosure Statement | 0.00 | 0.00 |
| 20 - Travel (Non-Working) | 0.00 | 0.00 |
| 24 – Other | 0.00 | 0.00 |
| **TOTAL** | **77.00** | **$38,812.50** |

**Task Code Summary for the Period of December 21, 2009 through February 3, 2014:**

| Project Category | Total Hours | Total Fees (CDN $) |
|---|---|---|
| 04 - Case Administration | 547.03 | $254,176.50 |
| 11 - Fee Applications, Applicant | 228.30 | $68,111.50 |
| 12 - Fee Applications, Others | 1.30 | $610.00 |
| 14 - Hearings | 93.35 | $27,460.00 |
| 16 - Plan and Disclosure Statement | 21.60 | $10,382.50 |
| 20 - Travel (Non-Working) | 72.10 | $16,369.39 |
| 24 – Other | 129.20 | $52,690.00 |
| **TOTAL** | **1092.88** | **$429,799.89** |

**Expense Summary for the Period of January 1, 2014 through February 3, 2014:**

| Expense Category | Service Provider (if applicable) | Total Expenses (CDN $) |
|---|---|---|
| Photocopies (In-House) | | 0.00 |
| Postage | | 0.00 |
| Consulting on Canadian Vermiculite Settlement | | 0.00 |
| Travel – Meals | | 0.00 |
| Travel- Accommodations | | 0.00 |
| Travel – Airline | | 0.00 |
| Travel – Taxi & Parking | | 0.00 |
| Long Distance Calls | | $5.82 |
| Harmonized Sales Tax of 13% | | $5,045.63 |
| **TOTAL** | | **$5,051.45** |

**Expense Summary for the Period of December 21, 2009, through February 3, 2014:**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopies | In-House | $481.90 |
| Postage | | $16.74 |
| Courier | Federal Express | $185.00 |
| CCAA Fees | | $127.00 |
| Tabs/Binding Costs/Supplies | | $86.25 |
| Travel – Airfare | DT & MGM | $6,259.74 |
| Travel – Meals | DT & MGM | $1,456.06 |
| Travel – Parking & Taxi | Hamilton & Toronto Airport | $1,073.13 |
| Travel – Hotel Accommodations | | $2,954.78 |

| | | |
|---|---|---|
| Misc./Transfer Files | Rolling Thunder | $1,885.00 |
| Conference Calls | | $65.00 |
| Consulting on Canadian Vermiculite Settlement | Pinchin Environmental | $1,964.77 |
| Chase Process Servers | | $273.50 |
| Long Distance Calls | | $386.60 |
| Goods & Services Tax @ 5% | | $8,360.95 |
| Harmonized Sales Tax 13% | | $36,355.06 |
| **TOTAL** | | **$61,931.48** |

**AMENDED SEVENTEENTH QUARTERLY APPLICATION AND FINAL
APPLICATION OF SCARFONE HAWKINS FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL FOR
THE CANADIAN ZAI CLAIMANTS FOR THE INTERIM FEE PERIOD FROM
JANUARY 1, 2014 THROUGH FEBRUARY 3, 2014 AND THE FINAL FEE PERIOD
DECEMBER 21, 2009 THROUGH FEBRUARY 3, 2014**

Scarfone Hawkins LLP (the "Applicant" and/or "Scarfone Hawkins") as Special Counsel

for the Canadian ZAI Claimants by appointment order, dated March 19, 2010 [Docket No. 24508],

hereby submits this Amended Seventeenth Quarterly Application and Final Application of

Scarfone Hawkins for Compensation for Services Rendered and Reimbursement of Expenses for

the Interim Fee Period from January 1, 2014 through February 3, 2014 and the Final Fee Period

From December 21, 2009 through February 3, 2014 (the "Application"), pursuant to 11 U.S.C. §§

330 and 331, Federal Rule of Bankruptcy Procedure 2016, and the Court's Amended

Administrative Order Under 11 U.S.C., §§ 105(a) and 331 Establishing Revised Procedures for

Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee

Members [Docket No. 1949] (the "Amended Administrative Order").

By this Application, Applicant seeks approval of all amounts in this Application for legal

services performed and expenses incurred during the period commencing December 21, 2009

through and including February 3, 2014 (the "Compensation Period"). In support hereof,

Applicant respectfully represents the following:

## BACKGROUND

1.    On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to operate

their businesses and manage their properties and assets as debtors in possession.  Since the

Petition Date, the U.S. trustee has appointed the following creditors' committees:  Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injury Claimants, and Official Committee of Asbestos Property Damage Claimants (collectively, the "Committees").   No trustee has been appointed in Debtors' Chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On April 2, 2001, the Court entered its order that Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4.      On May 3, 2001, the Court entered an Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals.   That order was amended by the Amended Administrative Order, signed on April 17, 2002.   Pursuant to the procedures set forth in the Administrative Order and the Amended Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests.   If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject to the filing and approval of interim and final fee applications of the professional.   The professional is also to file a quarterly interim fee application.

5.      On March 19, 2010, this Court entered a Modified Order Granting The Canadian ZAI Claimants' Application for Appointment of Special Counsel [Docket No. 24508] (the "Modified Appointment Order"), wherein Scarfone Hawkins and Lauzon Bélanger as Representative Counsel to Canadian ZAI Claimants, were appointed as Special Counsel for the

Canadian ZAI Claimants, effective *nunc pro tunc* to December 21, 2009, through the Effective

Date of the Plan.

6.      Pursuant to Article 2.1.1(b)(1) of the joint plan of reorganization confirmed in the

Chapter 11 Cases, [Docket No. 26368] (the "Plan"), all final applications for compensation of

Professionals (as defined in the Plan) for services rendered and for reimbursement of expenses

incurred on or before February 3, 2014, are to be filed no later than May 5, 2014.

### MONTHLY FEE APPLICATIONS COVERED HEREIN

7.      This quarterly application, which is submitted in accordance with the Amended

Administrative Order, is Scarfone Hawkins' application for compensation for services rendered in

connection with the Chapter 11 Cases.   This quarterly application covers the compensation period

of January 1, 2014 through February 3, 2014.

8.      Prior to the filing of this quarterly application, Applicant filed with the Court the

following Monthly Fee Applications during the compensation period:

> a.   Forty-Seventh Monthly Application of Scarfone Hawkins LLP as Special
>      Counsel for the Canadian ZAI Claimants for the Period January 1, 2014
>      through February 3, 2014 ("Forty-Seventh Monthly Application"), filed
>      March 25, 2014, Docket No. 31908, attached hereto as **Exhibit A**;

9.      The respective periods for objecting to the fees and expense reimbursements

relating to the Forty-Seventh Monthly Application has passed without any objections being filed,

whereupon Applicant filed a Certificate of No Objection with the Court.

10.      Applicant has filed sixteen previous Quarterly Applications.   The First through

Sixteenth Quarterly Applications were approved by the Court.

## **REQUESTED RELIEF**

11.     By this Application, Applicant requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Scarfone Hawkins from January 1, 2014 through February 3, 2014.   As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Monthly Fee Applications that have already been filed with the Court. *See Exhibits A.*

12.     At all relevant times, Applicant has been a disinterested party as that term is defined in Section 101(14) of the United States Bankruptcy Code, as modified by Section 1107(b) of the United States Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

13.     Applicant billed a total of CDN $429,799.89 in fees and incurred expenses of CDN $61,931.48 (which includes 13% Harmonized Sales Tax) in its efforts performed as Special Counsel during the Compensation Period.   By this Application, Applicant requests that the Court approve the final allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Scarfone Hawkins from December 21, 2009 through February 3, 2014.

14.     Pursuant to the terms of the Amended Administrative Order, Applicant has filed a summary of its monthly fee application together with monthly invoices which include fee and expense detail that describes the fees and expenses incurred by such Professional during the period, January 1, 2014 through February 3, 2014, in the amount of CDN $38,812.50 for fees and CDN $5,051.45 for expenses (pursuant to Del. Bankr. LR 2016-2(e)(iii)).

12

15.    All services for which compensation is requested by Scarfone Hawkins were performed as Special Counsel for or on behalf of the Canadian ZAI Claimants.

16.    During the Compensation Period, Applicant has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Amended Administrative Order.

17.    Pursuant to Fed. R. Bankr. P. 2016(b), there is no agreement or understanding between Applicant and any other party or person for the sharing of compensation to be received for the services rendered in these Chapter 11 cases.

18.    Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person."  11 U.S.C. §330(a)(1)(A).  The attorneys requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Bankruptcy Court that the services performed and fees incurred were reasonable.

19.    In determining the amount of reasonable compensation to be awarded, the Court shall consider, 11 U.S.C. §330(a)(3), the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation

13

is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. See 11 U.S.C. § 330(A)-(E).

20.    Applicant believes that the Application and the description of services set forth herein of work performed are in compliance with the requirements of Delaware Local Rule 2016-2, the Amended Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustee.  A true and correct copy of the Certification of David Thompson is attached hereto as **Exhibit B**.

21.    The professional services and related expenses for which Scarfone Hawkins requests interim and final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of Scarfone Hawkins' professional responsibilities as Special Counsel for the Canadian ZAI Claimants.  Scarfone Hawkins' services have been necessary and beneficial.

WHEREFORE, Scarfone Hawkins respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, (a) for the period of January 1, 2014 through February 3, 2014, an administrative allowance be made to Scarfone Hawkins in the sum of CDN $38,812.50 as interim compensation for reasonable and necessary professional services rendered as Special Counsel for the Canadian ZAI Claimants and in the sum of CDN $5,051.45 for reimbursement of actual and necessary costs and expenses incurred, for a total of CDN $43,863.95; (b) for the period of December 21, 2009 through February 3, 2014, an administrative allowance be made to Scarfone Hawkins in the sum of CDN $429,799.89 as final compensation for reasonable and necessary professional services rendered as Special Counsel for the Canadian ZAI Claimants and in the sum of CDN $61,931.48 for reimbursement of actual and necessary costs

14

and expenses incurred, for a total of CDN $491,731.37; (c) that the Debtors be authorized and directed to pay Scarfone Hawkins the outstanding amount of such sums, less any sums previously paid to Scarfone Hawkins pursuant to the Application and the procedures set forth in the Amended Administrative Order; and (d) for such other and further relief as this Court deems proper.

Dated: July 16, 2014                    Respectfully submitted,

                                        By:    */s/ Daniel K. Hogan*
                                               Daniel K. Hogan (DE Bar No. 2814)
                                               THE HOGAN FIRM
                                               1311 Delaware Avenue
                                               Wilmington, Delaware 19806
                                               Telephone: 302.656.7540
                                               Facsimile: 302.656.7599
                                               Email: dkhogan@dkhogan.com

                                               **Counsel to the Representative Counsel as Special
                                               Counsel for the Canadian ZAI Claimants**