**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.,** *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (KJC)** |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING THE FINAL
APPLICATION OF LUKINS & ANNIS, P.S., FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
<u>FOR THE PERIOD FROM JULY 2002 THROUGH DECEMBER 15, 2004</u>**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Final Application of Lukins & Annis, P.S., for Compensation for Services Rendered and Reimbursement of Expenses for the Period from July 2002 through December 15, 2004</u> (the "Application").

## BACKGROUND

1.       Darrell W. Scott ("Scott"), formerly of Lukins & Annis, P.S. ("Lukins & Annis"), was retained as special counsel for the Zonolite Attic Insulation ("ZAI") Claimants.  In the Application, Lukins & Annis seeks final approval of fees totaling $539,289.00[1] and expenses totaling $42,716.68[2]

---

[1]We note that the total of the fees requested in Lukins & Annis' 10 prior fee applications is $539,603.50.  It does not appear that Lukins & Annis has deducted from this amount any of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 4, to arrive at the figure it seeks of $539,289.00.  We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[2]We note that the total of the expenses requested in Lukins & Annis' 10 prior fee applications is $42,716.68.  The Court ordered no reductions for the prior interim periods, which periods are discussed in more detail in paragraph 4, and thus Lukins & Annis has deducted no sums from this amount to arrive at the figure it seeks of $42,716.68.  We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

for its services from July 2002 through December 15, 2004 (the "Final Application Period").[3]

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2014, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We had no issues with, or objections to, the Application, and thus we did not send an initial report to Lukins & Annis.

## DISCUSSION

### Final Application Period

3.      We noted that although Lukins & Annis had requested final approval of fees totaling $539,289.00, we calculated Lukins & Annis' total fees at $537,953.50, for a difference of $1,335.50. There are two reasons for this discrepancy.  First, Lukins & Annis did not deduct from its final fee request a $1,650.00 reduction approved by the Court for the Sixth Interim Period.  *See* paragraph 4 and n. 12.  Second, Lukins & Annis filed its Fifteenth Interim fee application jointly with The Scott Law Group, but in its final fee request it is attributing a small portion of fees sought in the Fifteenth Interim fee application, $314.50, which were for fees billed for the period of December 16, 2004

---

[3]This is the period in which Scott was associated with Lukins & Annis. Commencing December 16, 2004, Scott formed The Scott Law Group, P.S. ("The Scott Law Group"), and Lukins & Annis' work on the case ceased.

through December 31, 2004, solely to The Scott Law Group, and is not including this sum in its final fee request.  When this amount is offset against the $1,650.00 fee reduction, the total is $1,335.50.  We recommend no increase to Lukins & Annis' final fee request for the $314.50 in fees for December 16-31, 2004 which it elected not to seek.[4]  Thus, we recommend no adjustment to Lukins & Annis' final fee request, except for the Court-approved reduction of $1,650.00, not previously deducted by Lukins & Annis.  *See* paragraph  4 and n. 12.

## Prior Interim Applications

4.      We note that we previously filed the following final reports for Lukins & Annis' prior interim applications, which final reports we incorporate by reference herein, and we also note the following orders that ruled on Lukins & Annis' prior interim fee applications:

6th Period:      Fee Auditor's Final Report Regarding Fee Application of Lukins & Annis, P.S. for the Sixth Interim Period (Docket #3321), filed on or about February 5, 2003, in which we recommended approval of fees totaling $36,041.00 and expenses totaling $3,422.38, reflecting our recommended reduction of $1,650.00 in fees, as further explained in paragraph 7 of that final report.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Sixth Period, dated March 14, 2003 (Docket #3511).

7th Period:      Fee Auditor's Final Report Regarding Fee Application of Lukins & Annis, P.S. for the Seventh Interim Period (Docket #3623 ), filed on or about April 7, 2003, in which we recommended approval of fees totaling $88,506.00 and

---

[4]We note from our review of the Prior Fee Application chart in The Scott Law Group's final fee application that The Scott Law Group has included the $314.50 in fees for December 16-31, 2004 in its final fee request.

expenses totaling $2,620.96. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Seventh Period, dated July 28, 2003 (Docket #4157).

8th Period:    Fee Auditor's Final Report Regarding Fee Application of Lukins & Annis, P.S. for the Eighth Interim Period (Docket #4069), filed on or about July 17, 2003, in which we recommended approval of fees totaling $105,390.00 and expenses totaling $12,923.70. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Eighth Period, dated September 22, 2003 (Docket #4480).

9th Period:    Fee Auditor's Final Report Regarding Fee Application of Lukins & Annis, P.S. for the Ninth Interim Period (Docket #4472 ), filed on or about September 24, 2003, in which we recommended approval of fees totaling $106,233.00 and expenses totaling $7,240.24. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Ninth Period, dated December 15, 2003 (Docket #4827).

10th Period:    Fee Auditor's Final Report Regarding Fee Application of Lukins & Annis, P.S. for the Thirteenth Interim Period (Docket #6982), filed on or about November 18, 2004, in which we recommended approval of fees totaling

$122,675.00 and expenses totaling $11,917.57.[5]  The Court approved $122,675.00 in fees and $11,917.57 in expenses in the <u>Order Regarding Motion to Amend Orders with Regards to Certain Quarterly Fee Applications,</u> dated December 29, 2004 (Docket #7396).[6]

11th Period:    <u>Fee Auditor's Final Report Regarding Fee Application of Lukins & Annis, P.S. for the Thirteenth Interim Period</u> (Docket #6982), filed on or about November 18, 2004, in which we recommended approval of fees totaling $17,860.00 and expenses totaling $641.90.[7]    The Court approved $17,860.00 in fees and $641.90 in expenses in the <u>Order Regarding Motion to Amend Orders with Regards to Certain Quarterly Fee Applications,</u> dated December 29, 2004 (Docket #7396).[8]

---

[5]We had originally recommended approval of only $93,557.40 in fees and $11,917.57 in expenses for the Tenth Interim Period because the ZAI Claimants' counsel were over budget for the ZAI Science Trial litigation.  *See* <u>Fee Auditor's Final Report Regarding Fee Application of Lukins & Annis, P.S. for the Tenth Interim Period</u> (Docket #5216), at ¶3.  However, the Court subsequently approved an increase in the budget for that litigation, so that the ZAI Claimants' counsel were within budget.  We therefore recommended approval of their entire fee and expense request for that period.

[6]This Order modified the Court's original award of $93,557.40 in fees and $11,917.57 in expenses approved in the <u>Order Approving Quarterly Fee Applications for the Tenth Period</u>, dated April 26, 2004 (Docket #5482).

[7]We had originally recommended approval of $0.00 in fees and $0.00 in expenses for the Eleventh Interim Period because the ZAI Claimants' counsel were over budget for the ZAI Science Trial litigation.  *See* <u>Fee Auditor's Final Report Regarding Fee Application of Lukins & Annis, P.S. for the Eleventh Interim Period</u> (Docket #5661), at ¶3.  However, the Court subsequently approved an increase in the budget for that litigation, so that the ZAI Claimants' counsel were within budget.  We therefore recommended approval of their entire fee and expense request for that period.

[8]This Order modified the Court's original award of $0.00 in fees and $0.00 in expenses approved in the <u>Order Approving Quarterly Fee Applications for the Eleventh Period</u>, dated June 16, 2004 (Docket #5822).

12th Period:     <u>Fee Auditor's Final Report Regarding Fee Application of Lukins & Annis, P.S. for the Thirteenth Interim Period</u> (Docket #6982), filed on or about November 18, 2004, in which we recommended approval of fees totaling $39.00 and expenses totaling $1,107.72.[9]  The Court approved $39.00 in fees and $1,107.72 in expenses in the <u>Order Regarding Motion to Amend Orders with Regards to Certain Quarterly Fee Applications</u>, dated December 29, 2004 (Docket #7396).[10]

13th Period:     <u>Fee Auditor's Final Report Regarding Fee Application of Lukins & Annis, P.S. for the Thirteenth Interim Period</u> (Docket #6982), filed on or about November 18, 2004, in which we recommended approval of fees totaling $3,631.00 and expenses totaling $145.75.  These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirteenth Period</u>, dated January 26, 2005 (Docket #7622).

14th Period:     <u>Fee Auditor's Final Report Regarding Fee Application of Lukins & Annis, P.S. for the Fourteenth Interim Period</u> (Docket #7944), filed on or about March 3, 2005, in which we recommended approval of fees totaling

---

[9]We had originally recommended approval of $0.00 in fees and $0.00 in expenses for the Twelfth Interim Period because the ZAI Claimants' counsel were over budget for the ZAI Science Trial litigation.  *See* <u>Fee Auditor's Final Report Regarding Fee Application of Lukins & Annis, P.S. for the Twelfth Interim Period</u> (Docket #6058), at ¶3.  However, the Court subsequently approved an increase in the budget for that litigation, so that the ZAI Claimants' counsel were within budget.  We therefore recommended approval of their entire fee and expense request for that period.

[10]This Order modified the Court's original award of $0.00 in fees and $0.00 in expenses approved in the <u>Order Approving Quarterly Fee Applications for the Twelfth Period</u>, dated September 27, 2004 (Docket #6465).

$9,723.00 and expenses totaling $151.20.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Fourteenth Period, dated March 22, 2005 (Docket #8081).

15th Period:    Fee Auditor's Final Report Regarding Lukins & Annis P.S. for the Fifteenth Interim Period (Docket #8557), filed on or about June 6, 2005, in which we recommended approval of fees totaling $47,855.50 and expenses totaling $2,545.26.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Fifteenth Period, dated June 29, 2005 (Docket #8728).

5.    We have reviewed the final reports and orders allowing fees and expenses for the prior interim periods, and we do not believe there is any reason to change any of the amounts awarded for the prior interim periods.

## CONCLUSION

6.    Thus, we recommend final approval of $537,639.00 in fees ($539,289.00[11] minus $1,650.00)[12] and $42,716.68[13] in expenses for Lukins & Annis' services for the Final Application

---

[11]We note that the total of the fees requested in Lukins & Annis' 10 prior fee applications is $539,603.50.  It does not appear that Lukins & Annis has deducted from this amount any of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 4, to arrive at the figure it seeks of $539,289.00.  We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[12]This is the amount of the Court-approved reduction for the Sixth Interim Period, not previously deducted by Lukins & Annis.  *See* paragraph 4.

[13]We note that the total of the expenses requested in Lukins & Annis' 10 prior fee applications is $42,716.68.  The Court ordered no reductions for the prior interim periods, which periods are discussed in more detail in paragraph 4, and thus Lukins & Annis has deducted no sums from this amount to arrive at the figure it seeks of $42,716.68.  We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
          Warren H. Smith
          Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, Texas 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served by
First Class United States mail to the attached service list on this 23rd day of July, 2014.

_____
          Warren H. Smith

## SERVICE LIST
### Notice Parties

**Applicant's Counsel**
David M. Fournier
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P. O. Box 1709
Wilmington, DE 19801

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel to the Official Committee of Unsecured Creditors**
Denise Wildes
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena
Jay Sakalo
Bilzin, Sumberg, Baena, Price & Axelrod
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Michael B. Joseph
Theodore J. Tacconelli
Lisa Coggins
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch
Rita Tobin
Caplin & Drysdale
600 Lexington Avenue, 21st Floor
New York, NY 10022-6000

Marla R. Eskin
Mark Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

**Counsel to the Official Committee of Equity Holders**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899