## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO.,** *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (KJC)** |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING INTERIM VERIFIED
APPLICATION OF VENABLE LLP FOR COMPENSATION FOR SERVICES
AND REIMBURSEMENT OF EXPENSES FOR THE FIFTY-FIRST THROUGH
FIFTY-SECOND QUARTERS FROM OCTOBER 1, 2013 THROUGH FEBRUARY 3,
2014, AND FINAL VERIFIED APPLICATION OF VENABLE LLP FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD FROM NOVEMBER 1, 2008 THROUGH FEBRUARY 3, 2014**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee

auditor in the above-captioned bankruptcy proceedings, regarding the Interim Verified Application

of Venable LLP for Compensation for Services and Reimbursement of Expenses for the Fifty-First

through Fifty-Second Quarters from October 1, 2013 through February 3, 2014, and Final Verified

Application of Venable LLP for Compensation for Services and Reimbursement of Expenses for the

Period from November 1, 2008 through February 3, 2014 (the "Application").

### BACKGROUND

1.      Venable LLP ("Venable") was retained as special litigation counsel to the Debtors

and Debtor- in-Possession.   In the Application, Venable seeks approval of fees and expenses as

follows: fees totaling $57,803.73 and expenses totaling $128.87 for its services from October 1, 2013

through February 3, 2014 (the "Fifty-First through Fifty-Second Interim Periods"), and final approval

of fees totaling $3,092,177.94[1] and expenses totaling $962,108.61[2] for its services from November 1, 2008 through February 3, 2014 (the "Final Application Period").

2.　　In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2014, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

## DISCUSSION

### Fifty-First through Fifty-Second Interim Periods

3.　　We have no issues with, or objections to, Venable's fees and expenses for the Fifty-First through Fifty-Second Interim Periods, and thus we did not send an initial report to Venable.

---

[1]We note that the total of the fees requested in Venable's six prior fee applications, plus the compensation sought for the Fifty-First through Fifty-Second Interim Periods, is $3,099,107.44. It does not appear that Venable has deducted from this amount all of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 5, to arrive at the figure it seeks of $3,092,177.94. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[2]We note that the total of the expenses requested in Venable's six prior fee applications, plus the expenses sought for the Fifty-First through Fifty-Second Interim Periods, is $962,108.61. It does not appear that Venable has deducted from this amount all of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 5, to arrive at the figure it seeks of $962,108.61. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

4.      Thus, we recommend approval of $57,803.73 in fees and $128.87 in expenses for Venable's services for the Fifty-First through Fifty-Second Interim Periods.

**Prior Interim Applications**

5.      We note that we previously filed the following final reports for Venable's prior interim applications, which final reports we incorporate by reference herein, and we also note the following orders that ruled on Venable's prior interim fee applications:

33rd Period:    Fee Auditor's Final Report Regarding Fee Application of Venable LLP for the Thirty-First, Thirty-Second, and Thirty-Third Interim Periods (Docket #23845), filed on or about November 24, 2009, in which we recommended approval of fees totaling $706,595.00 and expenses totaling $6,405.06, reflecting our recommended reduction of $2,699.00 in fees, as further explained in paragraph 3 of that final report. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Thirty-Third Period, dated December 11, 2009 (Docket #23996).

34th Period:    Fee Auditor's Final Report Regarding Interim Application of Venable, LLP for Compensation for Services and Reimbursement of Expenses for the Thirty-Fourth Quarter from July 1, 2009 through September 30, 2009 (Docket #24354), filed on or about February 25, 2010, in which we recommended approval of fees totaling $491,292.50 and expenses totaling $295,440.39, reflecting our recommended reduction of $249.00 in fees, as further explained in paragraph 4 of that final report. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Thirty-

Fourth Period, dated March 19, 2010 (Docket #24470).

35th Period:    Fee Auditor's Final Report Regarding Interim Fee Application of Venable, LLP for the Thirty-Fifth Quarter from October 1, 2009 through December 31, 2009 (Docket #24856), filed on or about May 28, 2010, in which we recommended approval of fees totaling $1,179,018.46 and expenses totaling $538,269.54, reflecting our recommended reduction of $3,981.50 in fees, as further explained in paragraphs 3 and 4 of that final report.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Thirty-Fifth Period, dated June 7, 2010 (Docket #24917).

36th Period:    Fee Auditor's Amended Combined Final Report Regarding Those Fee Applications with De Minimis or No Fee or Expense Issues for the Thirty-Sixth Interim Period (Docket #25384), filed on or about September 10, 2010, in which we recommended approval of fees totaling $436,188.75 and expenses totaling $116,265.17.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Thirty-Sixth Period, dated September 13, 2010 (Docket #25397).

37th Period:    Fee Auditor's Amended Combined Final Report Regarding Those Fee Applications with De Minimis or No Fee or Expense Issues for the Fortieth Interim Period (Docket #27507), filed on or about August 25, 2011, in which we recommended approval of fees totaling $11,500.00 and expenses totaling $165.52.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Fortieth Period, dated September 20, 2011

(Docket #27622).

38th – 51st Periods:  <u>Fee Auditor's Final Report Regarding Interim Fee Application of Venable LLP for the Thirty-Eighth through Fiftieth Quarters from July 1, 2010 through September 30, 2013</u> (Docket #32209), filed on or about May 20, 2014, in which we recommended approval of fees totaling $209,384.77 and expenses totaling $5,245.41, reflecting our recommended reductions of $394.73 in fees and $188.65 in expenses, as further explained in paragraphs 3 and 6 of that final report.  These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Fifty-First Period,</u> dated May 23, 2014 (Docket #32216).

6.      We have reviewed the final reports and orders allowing fees and expenses for the prior interim periods, and we do not believe there is any reason to change any of the amounts awarded for the prior interim periods.

## CONCLUSION

7.      Thus, we recommend final approval of $3,091,783.21 in fees ($3,092,177.94[3] minus

---

[3]We note that the total of the fees requested in Venable's six prior fee applications, plus the compensation sought for the Fifty-First through Fifty-Second Interim Periods, is $3,099,107.44.  It does not appear that Venable has deducted from this amount all of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 5, to arrive at the figure it seeks of $3,092,177.94.  We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

$394.73)[4] and $961,919.96 in expenses ($962,108.61[5] minus $188.65)[6] for Venable's services for the Final Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____

          Warren H. Smith
          Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, TX 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

---

[4]This is the amount of the Court-approved reduction for the Thirty-Eighth through Fiftieth Interim Periods, not previously deducted by Venable.  *See* paragraph 5.

[5]We note that the total of the expenses requested in Venable's six prior fee applications, plus the expenses sought for the Fifty-First through Fifty-Second Interim Periods, is $962,108.61. It does not appear that Venable has deducted from this amount all of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 5, to arrive at the figure it seeks of $962,108.61.  We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[6]This is the amount of the Court-approved reduction for the Thirty-Eighth through Fiftieth Interim Periods, not previously deducted by Venable.  *See* paragraph 5.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 24th day of July, 2014.

_____

Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**
Darek S. Bushnaq
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel to the Official Committee of Unsecured Creditors**
Denise Wildes
Kenneth Pasquale
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena
Jay Sakalo
Bilzin, Sumberg, Baena, Price & Axelrod
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Michael B. Joseph
Theodore J. Tacconelli
Lisa Coggins
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch
Rita Tobin
Caplin & Drysdale
600 Lexington Avenue, 21st Floor
New York, NY  10022-6000

Marla R. Eskin
Mark Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE  19801

**Counsel to the Official Committee of Equity Holders**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899