IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (KJC) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING APPLICATION
OF W. D. HILTON, JR., FOR FINAL APPROVAL AND ALLOWANCE
OF COMPENSATION FOR SERVICES RENDERED AS A CONSULTANT
TO THE OFFICIAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Application of W. D. Hilton, Jr., for Final Approval and Allowance of Compensation for Services Rendered as a Consultant to the Official Committee of Asbestos Property Damage Claimants (the "Application").

**BACKGROUND**

1.   W. D. Hilton, Jr., ("Hilton"), was retained as a consultant to the Official Committee of Asbestos Property Damage Claimants. In the Application, Hilton seeks final approval of fees

totaling $35,137.50[1] and expenses totaling $1,763.37[2] for his services from August 12, 2005 through January 19, 2009 (the "Final Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2014, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We have no issues with, or objections to, the Application, and thus we did not send an initial report to Hilton.

## DISCUSSION

### Final Application Period

3. We note that included in Hilton's final fee and expense request are fees totaling

---

[1] We note that the total of the fees requested in Hilton's prior fee application, plus the fees awarded in the Sealed Air Adversary Proceedings (*see* paragraph 3), is $35,312.50. It appears that Hilton has deducted from this amount all of the reductions ordered by the Court for the prior period, which period is discussed in more detail in paragraph 4, to arrive at the figure he seeks of $35,137.50. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[2] We note that the total of the expenses requested in Hilton's prior fee application, plus the expenses awarded in the Sealed Air Adversary Proceedings (*see* paragraph 3), is $1,763.37. The Court ordered no reductions for the prior periods, which periods are discussed in more detail in paragraph 4, and thus Hilton has deducted no sums from this amount to arrive at the figure he seeks of $1,763.37. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

$18,600.00 and expenses totaling $1,763.37 which the Court approved for Hilton in fraudulent conveyance Adversary Proceeding Nos. 02-2210 and 02-2211 (the "Sealed Air Proceedings"). We did not review these fees and expenses, and we therefore make no recommendation, and take no position, concerning their final approval in this report.

### Prior Interim Application

4.  We note that we previously filed the following final report for Hilton's prior interim application, which final report we incorporate by reference herein, and we also note the following order that ruled on Hilton's prior interim fee application:

> 18th - 32nd Periods:  Fee Auditor's Final Report Regarding Fee Application of W.D. Hilton, Jr., for the Thirty-Third Interim Period (Docket #23964), filed on or about December 8, 2009, in which we recommended approval of fees totaling $15,537.50, reflecting our recommended reduction of $175.00 in fees, as further explained in paragraph 4 of that final report. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Thirty-Fourth Period, dated March 19, 2010 (Docket #24470).

5.  We have reviewed the final report and order allowing fees and expenses for the prior interim period, and we do not believe there is any reason to change the amount awarded for the prior interim period.

### CONCLUSION

6. Thus, we recommend final approval of $16,537.50 in fees ($35,137.50[3] excluding Sealed Air fees of $18,600.00)[4] and $0.00 in expenses ($1,763.37[5] excluding Sealed Air expenses of $1,763.37)[6] for Hilton's services for the Final Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, Texas 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

---

[3] We note that the total of the fees requested in Hilton's prior fee application, plus the fees awarded in the Sealed Air Adversary Proceedings (*see* paragraph 3), is $35,312.50. It appears that Hilton has deducted from this amount all of the reductions ordered by the Court for the prior period, which period is discussed in more detail in paragraph 4, to arrive at the figure he seeks of $35,137.50. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[4] *See* paragraph 3.

[5] We note that the total of the expenses requested in Hilton's prior fee application, plus the expenses awarded in the Sealed Air Adversary Proceedings (*see* paragraph 3), is $1,763.37. The Court ordered no reductions for the prior periods, which periods are discussed in more detail in paragraph 4, and thus Hilton has deducted no sums from this amount to arrive at the figure he seeks of $1,763.37. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[6] *See* paragraph 3.

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 29th day of July, 2014.

                                             Warren H. Smith

## SERVICE LIST
Notice Parties

**Applicant**
W. D. Hilton, Jr.
4342 Catfish Cove
Greenville, TX 75402

**Applicant's Counsel**
Scott L. Baena
Jay Sakalo
Bilzin, Sumberg, Baena, Price & Axelrod
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel to the Official Committee of Unsecured Creditors**
Denise Wildes
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

**Co-Counsel to the Official Committee of Property Damage Claimants**
Michael B. Joseph
Theodore J. Tacconelli
Lisa Coggins
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch
Rita Tobin
Caplin & Drysdale
600 Lexington Avenue, 21st Floor
New York, NY 10022-6000

Marla R. Eskin
Mark Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

**Counsel to the Official Committee of Equity Holders**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899