EXHIBIT C

**The Medler Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) <br> ) (Jointly Administered) <br> ) |
| Reorganized Debtors. | ) <br> ) Hearing Date: September 10, 2014, at 10:00 a.m. <br> ) Objection Deadline: September 3, 2014 |

**DECLARATION OF ROBERT J. MEDLER IN SUPPORT OF OMNIBUS OBJECTION TO CERTAIN CLAIMS ARISING FROM THE TANTALO LANDFILL (SUBSTANTIVE OBJECTION)**

COUNTY OF SHELBY    )
                    ) ss.
STATE OF TENNESSEE  )

Robert J. Medler, after being duly sworn according to law, deposes and says:

1. I am over the age of 18 and competent to testify. I am Director of Remediation, Environment, Health & Safety for W. R. Grace & Co.-Conn. ("Grace-Conn."), which is one of the above-captioned reorganized debtors (collectively, "Grace" or the "Reorganized Debtors"). I am responsible for reviewing environmental claims and the resolution thereof during the chapter 11 cases. In that capacity, I have reviewed the Reorganized Debtors' *Thirty-First Omnibus Objection to Certain Claims Arising From the Tantalo Landfill (Substantive Objection)* (the "Objection"), filed concomitantly herewith. All facts set therein and in this Declaration are based on my personal knowledge, upon information supplied to me by the Reorganized Debtors' employees and professionals retained in these chapter 11 cases, as well as upon my opinion

---

[1] The Reorganized Debtors comprise the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

based upon my experience and knowledge of Grace's businesses.[2] Certain facts set forth in this Declaration also rely in part on the *Decision and Order*, dated April 20, 2006, in the litigation pending in the District Court for the Western District of New York, captioned, caption *Seneca Meadows, Inc. et al. v. ECI Liquidating, Inc., et al.*, Civil Action No. 95-CV-6400L, at docket no. 287 (the "Goulds Pump Decision," attached to the Objection as Exhibit D).

2.  Upon information and belief, the Reorganized Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the respective amounts owed to their creditors. If called upon to testify, I could and would testify competently to the facts and opinions contained in this Declaration.

*The Tantalo Landfill, the Seneca Meadows Landfill, and the Adjacent Properties*

3.  The 26-acre Tantalo Landfill is a discrete part of a much larger, 533-acre parcel located near Seneca Falls, New York, on which SMI has operated for decades—and continues to operate today (on information and belief)—another landfill (the "Seneca Meadows Landfill") that is one of the largest in New York State. Goulds Pumps Decision at 1. During the Disposal Period, solid waste from local municipalities, septic tank waste and sludge from municipal wastewater treatment plants, and wastes from local industries were disposed of at the Tantalo Landfill. Approximately 75% of the volume of refuse at the Site consists of municipal solid waste. *Id.* at 18.

4.  Landfill operations ended at the Tantalo Landfill in 1974. SMI did not, however, close the landfill at that time according to then-existing regulations. *Id.* at 36.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Objection or the *First Amended Joint Plan of Reorganization in their Chapter 11* Cases [Docket no. 26368], as it may be further supplemented or otherwise further amended from time to time, and the schedules and exhibits to the foregoing, as they may be in effect from time to time (the "Plan").

2

5. In 1983, the New York State Department of Environmental Conservation ("NYSDEC") classified the Tantalo Landfill as a Class II Inactive Hazardous Waste Disposal Site, which is a site deemed by New York Environmental Conservation Law ("ECL") § 27-1305(4)(b) to present a "significant threat to the public health or environment—action required," primarily as a result of liquid TCE contamination "in the bedrock and groundwater near the southern end of the Site." Goulds Pumps Decision at 2, 18. In 1992, SMI entered into the first of three Consent Orders with NYSDEC pursuant to which SMI agreed to investigate the extent of contamination, and remediate the release of hazardous substances into the environment. SMI did not commence remediation at the Tantalo Landfill until 2003—*nearly thirty years after the site closed.* Id. at 19, 21.

6. On information and belief, MHI and SMI acquired certain property adjacent to the Tantalo Landfill (the "Adjacent Properties") in two separate purchases in 1994 and 1995, respectively, for residential development.

*ECI Did Not Dispose of TCE or Other Solvents at the Tantalo Landfill*

7. SMI and MHI have asserted that ECI disposed of wastes in the Tantalo Landfill from ECI's manufacturing plant located in Waterloo, New York. *See* SMI Proof of Claim 4073, attached the Objection as Exhibit B-2; *see also* MHI Proof of Claim 4074, attached to the Objection as Exhibit B-3. On information and belief, prior to 1974, ECI may have arranged to dispose of general plant trash (including office, cafeteria, bathroom, and shipping and receiving wastes, etc.) and other predominantly non-hazardous solid wastes at the Tantalo Landfill. On information and belief, the Reorganized Debtors are not aware of any evidence establishing that ECI used TCE solvent or generated waste TCE solvent at its Waterloo manufacturing facility, and thus ECI did not dispose of any liquid TCE waste at the Tantalo Landfill during the Disposal

Period. To the extent that the facility generated other liquid wastes, they were disposed of near ECI's Waterloo facility during the Disposal Period.

8. In 1973, ECI entered into an agreement with DEC to construct a wastewater treatment plant at its Waterloo facility. ECI also contracted with SMI (then known as Tantalo Construction, Inc.) to dispose of the new waste that would be generated by the wastewater treatment facility following its construction (the "ECI/SMI Contract," a copy of which is attached hereto as Exhibit E). On information and belief, ECI commenced operating its wastewater treatment facility in November 1975—more than a year after the Tantalo Landfill ceased operations. The ECI/SMI Contract provided for a limited indemnification obligation, but the indemnity did not apply to any disposal at the Tantalo Landfill, because no waste from the treatment plant was ever disposed of there. *Id.* at ¶ 13. On information and belief, the ECI treatment plant waste was disposed at the Seneca Meadows Landfill.

*Grace Acquired ECI Assets in 1978 – Years After the Tantalo Landfill Ceased Operations*

9. In 1978, Grace acquired certain ECI assets and a narrow set of liabilities that did not include any: (i) potential historical liability to SMI; (ii) any liability relating to the Tantalo Landfill; or (iii) any environmental liabilities arising under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601 *et seq.* ("CERCLA"). *See Agreement and Plan of Reorganization Among W. R. Grace & Co. and Evans Chemetics, Inc., and Its Shareholders*, dated December 28, 1978, attached to the Objection as Exhibit F (the "Evans Chemetics Acquisition Agreement"), at §§ 4.02(b) & 15.02.

10.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Robert J Medler*

Robert J. Medler
Director Remediation
Environment, Health & Safety
W. R. Grace & Co.-Conn.

SWORN AND SUBSCRIBED before me,
this 15th day of August 2014

*Deborah W Parker*
Notary Public

My Commission Expires:   **MY COMMISSION EXPIRES FEBRUARY 22, 2015**



DEBORAH W. PARKER
NOTARY PUBLIC AT LARGE
SHELBY CO., TENNESSEE