## Exhibit H

**1997 Decision & Order**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SENECA MEADOWS INC. and
and MACEDON HOMES, INC.,

                    Plaintiffs,

DECISION AND ORDER

95-CV-6400L

        v.

ECI LIQUIDATING, INC., et al,

                    Defendants.

---

This action is brought pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and also raises New York common law causes of action. Pending before the Court is defendants' motion for partial summary judgment.

## BACKGROUND

Plaintiff Seneca Meadows, Inc. ("SMI") is the current owner of the Tantalo Landfill Site in Seneca Falls, New York ("Tantalo Site"). SMI purchased this site in 1968. Plaintiff Macedon Homes, Inc. ("MHI") and SMI each own real property immediately adjacent to the Tantalo Site ("Adjacent Properties"). MHI and SMI purchased these properties in 1994 and 1995 respectively.

#78

Land filling and other waste disposal practices occurred at the Tantalo Site from approximately 1958 until 1974. The New York State Department of Environmental Conservation ("DEC") listed the Tantalo Site on its registry of Inactive Hazardous Waste Disposal Sites in 1980. On August 19, 1992, SMI entered into a Consent Order with the DEC to investigate the contamination at the Tantalo Site and to develop remedial alternatives.

Plaintiffs commenced this action on August 18, 1995, alleging that defendants--the principal generators of the hazardous wastes--are responsible for the resulting contamination on both the Tantalo Site and the Adjacent Properties. In their complaint, plaintiffs assert, *inter alia*, state common law claims for property damage under theories of negligence, private nuisance, public nuisance, strict liability, and trespass ("common law claims").

Defendants move for summary judgment on SMI's common law claims regarding the Tantalo Site on the ground that they are time barred. Defendants also move for summary judgment on SMI and MHI's common law claims regarding the Adjacent Properties on the ground that plaintiffs have not suffered any recoverable damages.

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if the record, taken as a whole, could

- 2 -

lead a reasonable trier of fact to find in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The burden of demonstrating the absence of any genuine issue of material fact rests on the moving party, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and all ambiguities and inferences that may be reasonably drawn from the facts must be viewed in the light most favorable to the non-moving party. *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991). To defeat summary judgment, the non-moving party must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"These principles apply equally whether summary judgment is granted on the merits of the claim, or on an affirmative defense such as the statute of limitations." *Buttry v. General Signal Corp.*, 68 F.3d 1488, 1492 (2d Cir. 1995).


**B.    SMI's Common Law Claims Regarding the Tantalo Site**

Defendants move for summary judgment on SMI's common law claims regarding the Tantalo Site on the ground that they are barred by the applicable statute of limitations. Specifically, defendants argue that SMI did not commence this action, as required by CPLR 214-c(2), within three years from the date SMI discovered or should have discovered the injury to the Tantalo Site. CPLR 214-c(2) provides that

> the three year period within which an action to recover damages for . . . injury to property caused by the latent effects of exposure to any substance or combination of substances . . . must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier.

- 3 -

N.Y. CPLR 214-c(2).

SMI maintains that defendants applied the wrong commencement date for statute of limitations purposes. SMI argues that this action is governed by CERCLA § 9658, which delays the running of the statute of limitations on state law claims until the plaintiff discovers or should have discovered not only the injury, but also its cause. Section 9568 provides that the relevant limitations period begins to run on "the date the plaintiff knew (or reasonably should have known) that the . . . property damages . . . were caused or contributed to by the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. § 9658(b)(4)(A). According to SMI, its common law claims are timely under § 9658 because it did not know the cause of its injury more than three years before the commencement of this action. SMI maintains that to be charged with knowledge of the cause of its injury, it must have been aware of each defendant's specific contaminants.

I find that SMI's common law claims regarding the Tantalo Site are untimely under either the state or the federal statute.[1] SMI had actual knowledge of both the injury to the Tantalo Site and its cause more than three years prior to the commencement of this action.

SMI personally operated a landfill on the Tantalo Site for at least six years. During that time, SMI accepted wastes for disposal and treatment at the site. When SMI discovered that it had been injured--*i.e.*, that the property had been contaminated by hazardous substances--it also immediately knew the cause of that injury--*i.e.*, the wastes that had been disposed of at the site. It simply defies

---

[1]The Second Circuit has recognized that § 9658 "appears to purport to change state law, and is therefore of questionable constitutionality." *ABB Indus. Sys., Inc. v. Prime Tech., Inc.*, 120 F.3d 351, 360 n.5 (2d Cir. 1997). Because I find that SMI's claims are barred regardless of whether the state or federal commencement date is applied, it is unnecessary for me to address the constitutionality of § 9658.

logic that SMI was unaware of the causal connection between the property contamination and the waste disposal activities at the site.

There is ample documentary evidence before me to support this conclusion. For example, the DEC listed the Tantalo Site on its registry of Inactive Hazardous Waste Disposal Sites in 1980. Further, on December 6, 1983, the DEC sent SMI a letter, which stated:

> In accordance with the provisions of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 et, seq., the Department of Environmental Conservation has determined that you may be responsible for the release or threatened release of hazardous substances at the [Tantalo] site. As a potentially responsible party, you may be liable for the present and future costs of response, removal and remediation and for damages to the natural resources of the State of New York at and around the referenced site.

Letter from Langdon Marsh, Executive Deputy Commissioner, DEC, to Frank Dimino, Operator of the Tantalo Landfill (Dec. 6. 1983). At a minimum, the 1980 listing and the 1983 letter should have alerted SMI that there was a problem at the site with contamination by hazardous substances.

Additionally, and very significantly, SMI admits that it "confirmed the presence of hazardous substances in groundwater at the [Tantalo] Site . . . , potentially attributable to wastes at the Site, on or about 1985." Plaintiffs' Response to Defendants' First Set of Interrogatories, Interrogatory No. 10, at 19 (Dec. 6. 1996). In this admission, SMI essentially concedes that in 1985--a decade before the instant action was commenced--it knew of both the injury (the presence of hazardous substances in the groundwater at the Tantalo Site) and its cause (the wastes at the Tantalo Site).

Finally, on November 19, 1988, the DEC sent SMI another letter, which stated:

> Pursuant to the provisions of Section 27-1305 of the Environmental Conservation Law (the "ECL"), the Department of Environmental Conservation has determined that the Tantalo Landfill constitutes a significant threat to public health

and the environment and that a remedial program is necessary at this site. This determination is based upon evidence of disposal of hazardous waste at the site and recent laboratory analyses from samples of groundwater at the site and from a residence near the site. The groundwater analyses demonstrate the presence of trichloroethene and its degradation products in water supply wells. Copies of the laboratory reports are enclosed.

As the current property owner, and as the successor in interest to the owner and operator during the waste disposition, you may be found liable for all costs and damages incurred or attributable to the site. Although liability for inactive hazardous waste disposal sites is joint and several, the Department has also notified a number of waste transporters and generators of their potential responsibilities regarding this site. A list of others receiving similar notifications is enclosed.

Letter from Glen R. Bailey, Senior Attorney, Division of Environmental Enforcement, to SMI (Nov. 29, 1988). This letter specifically informed plaintiff of the injury to its property (contamination in the groundwater) and it cause (disposal of hazardous wastes at the site). The letter also provided SMI with a list of ten waste transporters and generators who may be responsible for the contamination--several of whom are now defendants in this action.

It is not necessary, as SMI suggests, for a plaintiff to know the identity of each defendant's specific contaminants that damaged the property before the statute of limitations begins to run; it is only necessary for plaintiff to know "the fact of the contamination." *Reichhold Chemicals, Inc. v. Textron, Inc.*, 888 F. Supp. 1116, 1126 (N.D. Fla. 1995); *see also Presque Isle Harbor Dev. Co v. Dow Chem. Co.*, 875 F. Supp. 1312, 1319 n. 11 (W.D. Mich. 1995) (holding that actual knowledge of each specific hazardous substance, pollutant, or contaminant is not required for the limitation period under § 9658 to begin to run); *Torrance Redevelopment Agency v. Solvent Coating Co.*, 763 F. Supp. 1060, 1066-67 (C.D. Cal. 1991) (finding that such specific knowledge is not required in order to trigger accrual of the cause of action). It is also not necessary for plaintiff to know the

- 6 -

identity of all individuals responsible for the contamination before the statute of limitations begins to run. *Reichhold Chemicals,* 888 F. Supp. at 1126 (rejecting plaintiff's argument that the CERCLA commencement date is the date plaintiff learned of the identity of the other tortfeasor). Once SMI discovered both the injury and its cause, it was under an obligation to ascertain the responsible parties and commence this action within the applicable statute of limitations.

For the foregoing reasons, SMI's common law claims for property damage at the Tantalo Site are dismissed as untimely.

### C.    SMI & MHI's Common Law Claims Regarding the Adjacent Properties

Defendants also move for summary judgment on SMI and MHI's common law claims regarding the Adjacent Properties on the ground that plaintiffs have not suffered any recoverable damages. According to defendants, plaintiffs purchased the Adjacent Properties with full awareness of the contamination at the Tantalo Site and with knowledge that this contamination had migrated or would soon migrate to the Adjacent Properties. Defendants maintain that this prepurchase knowledge of contamination bars plaintiffs' recovery for property damages.

Defendants have failed to cite any authority for this position. While knowledge of preexisting contamination, if proven, may be a factor to be considered by the jury in determining damages regarding the Adjacent Properties, I do not find that it acts as an absolute bar to plaintiffs' recovery on these common law claims as a matter of law.

Accordingly, defendants' motion for summary judgment on SMI and MHI's claims regarding the Adjacent Properties is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion for partial summary judgment is granted in part and denied in part.

IT IS SO ORDERED.

DAVID G. LARIMER
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:  Rochester, New York
        November 14 , 1997.

- 8 -

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Seneca Meadows, Inc.

                              Plaintiff(s)

        v.                                      6:95-cv-06400

ECI Liquidating, Inc

                              Defendant(s)

---

   PLEASE take notice of the entry of an ORDER filed on

11/14/97, of which the within is a copy, and entered 11/17/97

upon the official docket in this case.   (Document No. 78 .)

Dated:  Rochester, New York
        November 17, 1997

                              RODNEY C. EARLY, Clerk
                              U.S. District Court
                              Western District of New York
                              2120 U.S. Courthouse
                              100 State Street
                              Rochester, New York 14614

Enclosure
TO:
        Robert E. Glanville, Esq.
        Richard A. Palumbo, Esq.
        Terry M. Richman, Esq.
        R. William Stephens, Esq.
        Craig A. Slater, Esq.
        Philip H. Gitlen, Esq.