# Exhibit I

## 1998 Decision & Order

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SENECA MEADOWS, INC. and
MACEDON HOMES, INC.,

                     Plaintiffs,

                     DECISION AND ORDER

                     95-CV-6400L

    v.

ECI LIQUIDATING, INC., et al.,

                     Defendants.

---

      Plaintiff Seneca Meadows, Inc. ("SMI" or "plaintiff") commenced this action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, as amended by the Superfund Amendments and Reauthorization Act of 1986 ("SARA"). Pending before the Court is defendants' motion for summary judgment on SMI's CERCLA § 107 claim.[1]

---

[1] Macedon Homes, Inc., also a plaintiff in this action, has pleaded only common law claims and, therefore, is not a party to the instant motion.

## FACTUAL BACKGROUND

SMI has been the owner and operator of the Tantalo Landfill ("landfill") in Seneca Falls, New York since 1968. Land filling and other waste disposal practices occurred at this site from approximately 1958 until 1974. The New York State Department of Environmental Conservation ("DEC") listed the landfill on its Registry of Inactive Hazardous Waste Disposal Sites in 1980. In 1992, SMI entered into a Consent Order with the DEC to investigate the contamination at the landfill and to develop remedial alternatives.

In 1995, SMI commenced this action against defendants, alleging that they were the primary generators of the hazardous wastes. In its complaint, SMI asserts various claims against these defendants, including both a cost recovery claim pursuant to CERCLA § 107 and a contribution claim pursuant to CERCLA § 113 for the response costs it has incurred or will incur in cleaning up the landfill.

In its first cause of action under § 107, plaintiff maintains that defendants are strictly, jointly and severally liable to SMI for *all* response costs that it has incurred or will incur in response to the release or threatened release of hazardous substances at the landfill. In its second cause of action under § 113, plaintiff maintains that defendants are liable in contribution to SMI for those response costs that exceed SMI's equitable share.

Defendants move for partial summary judgment, dismissing plaintiff's § 107 claim on the ground that SMI, as a potentially responsible party, cannot maintain a § 107 cost recovery claim, but

- 2 -

may assert only a § 113 contribution claim, entitling plaintiff to recover only to the extent that SMI pays more than its fair share of the response costs.

## DISCUSSION

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if the record, taken as a whole, could lead a reasonable trier of fact to find in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The burden of demonstrating the absence of any genuine issue of material fact rests on the moving party, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and all ambiguities and inferences that may be reasonably drawn from the facts must be viewed in the light most favorable to the non-moving party. *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991). To defeat summary judgment, the non-moving party must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Congress enacted CERCLA in 1980 to address the environmental problems associated with the widespread use and disposal of hazardous substances. *United States v. Carr*, 880 F.2d 1550, 1552 (2d Cir. 1989); *New York v. Shore Realty Corp.*, 759 F.2d 1032, 1037 (2d Cir. 1985). The primary goals of CERCLA are to cleanup hazardous waste sites and to establish liability for the costs of the cleanup on "responsible" parties. *B.F. Goodrich Co. v. Murtha*, 958 F.2d 1192, 1198 (2d Cir.

1992); *Kowalski v. Goodyear Tire & Rubber Co.*, 841 F. Supp. 104, 108 (W.D.N.Y. 1994). Under CERCLA, there are four categories of responsible parties: (1) current owners and operators of a facility; (2) previous owners and operators of a facility at the time when hazardous substances were disposed; (3) individuals who arranged for the disposal of hazardous substances; and (4) individuals who transported hazardous substances for disposal. 42 U.S.C. § 9607(a)(1)-(4). In this action, there is no dispute that SMI, as both the current owner and the owner of the landfill when hazardous substances were disposed there, is a potentially responsible party under the statute. Further, there is no dispute that the defendants, who allegedly arranged for the disposal of hazardous substances at the landfill, are also potentially responsible parties under the statute.

CERCLA, as amended by SARA, provides private parties with two causes of action to recoup some or all of the response costs associated with hazardous waste cleanup. The first is a cost recovery claim under § 107, and the second is a contribution claim under § 113.

Section 107 provides, in relevant part, that a responsible party will be liable for "any other necessary costs of response incurred by any other person consistent with the national contingency plan." 42 U.S.C. § 9607(a)(4)(B). Liability under § 107 is strict, joint and several, except in those rare cases where the harm is divisible. *Murtha*, 958 F.2d at 1198; *City of New York v. Chemical Waste Disposal Corp.*, 836 F. Supp. 968, 972 (E.D.N.Y. 1993). Therefore, § 107 allows a plaintiff to obtain a complete recovery of all its response costs from any one of a number of responsible defendants.

Section 113, which was added by SARA, provides, in relevant part, that "[a]ny person may seek contribution from any other person who is liable or potentially liable under section 107(a)."

42 U.S.C. § 9613(f)(1). Liability under § 113 is several only. *Gould Inc. v. A & M Battery & Tire Serv.*, 901 F. Supp. 906, 913 (M.D. Pa. 1995). Therefore, each defendant is responsible only for their proportionate share of the harm caused at the site. *Id.*

The issue before me on the instant motion is a very narrow one: Whether SMI, as a potentially responsible party, may pursue a § 107 cost recovery claim against other responsible parties or is limited to a § 113 contribution claim?

Although the Second Circuit has not yet addressed this issue, every other circuit that has examined the issue has concluded that only an innocent party, who has undertaken a cleanup, may bring a § 107 cost recovery action to recover all of its response costs. A potentially responsible party, on the other hand, however, is limited to a § 113 contribution claim to recover only those response costs that exceed its equitable share. *Pneumo Abex Corp. v. High Point, Thomasville & Denton R.R. Co.*, 142 F.3d 769, 776 (4th Cir. 1998); *Sun Company, Inc. v. Browning-Ferris, Inc.*, 124 F.3d 1187, 1190 (10th Cir. 1997); *Pinal Creek Group v. Newmont Mining Corp.*, 118 F.3d 1298, 1301 (9th Cir. 1997), *cert. denied*, 1998 WL 324199 (June 22, 1998); *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1120 (3d Cir. 1997); *Redwing Carriers, Inc. v. Saraland Apts.*, 94 F.3d 1489, 1496 (11th Cir. 1996); *United States v. Colorado & Eastern R.R. Co.*, 50 F.3d 1530, 1536 (10th Cir. 1995); *United Technologies Corp. v. Browning-Ferris Indus., Inc.*, 33 F.3d 96, 99-100 (1st Cir. 1994); *Akzo Coatings, Inc. v. Aigner Corp.*, 30 F.3d 761, 764 (7th Cir. 1994); *Amoco Oil Co. v. Borden, Inc.*, 889 F.2d 664, 672 (5th Cir. 1989).

I agree with the holding of these courts that a potentially responsible party, such as SMI, may not proceed against defendants under § 107, but that the nature of SMI's claim is for contribution under § 113. I reach this conclusion primarily for two reasons.

First, an examination of the term "contribution" demonstrates that it is the appropriate remedy for a potentially responsible party who may share responsibility with others. "Contribution is a standard legal term that enjoys a stable, well-known denotation." *United Technologies*, 33 F.3d at 99. In essence, it is a claim "by and between jointly and severally liable parties for an appropriate division of the payment one of them has been compelled to make." *Akzo Coatings*, 30 F.3d at 764; *see also* Black's Law Dictionary 328 (6th ed. 1990) (defining contribution as the "[r]ight of one who has discharged a common liability to recover of another also liable, the aliquot portion which he ought to pay or bear").

Here, SMI is a party potentially liable to some degree for the contamination at the landfill, and its claim essentially is that the response costs should be shared among all the responsible parties. "That is a quintessential claim for contribution." *Akzo Coatings*, 30 F.3d at 764. It simply would not be appropriate to allow SMI, who potentially shares some of the responsibility for the contamination, to hold defendants jointly and severally liable for all of the response costs. Such full cost recovery is reserved for only those innocent parties who have not contributed to the contamination in any way.

Second, I find that this approach will eliminate the ancillary and piecemeal litigation that would otherwise result if a potentially responsible plaintiff was allowed to recover all of its response costs under § 107 from the defendants and then those same defendants would be required to

- 6 -

prosecute a contribution claim under § 113 against plaintiff in order to collect plaintiff's pro rata share. As Judge Parker recognized, "limiting responsible parties to contribution claims makes sense as a matter of policy. It will halt the ancillary litigation and third-, fourth-, and fifth- party practice that typically bogs down CERCLA litigation. Reducing this sort of sequential, piecemeal litigation will further the goals underpinning CERCLA by making cases more manageable, reducing transaction costs and enabling courts to perform CERCLA allocations of liability more efficiently." *Town of New Windsor v. Tesa Tuck, Inc.*, 919 F. Supp. 662, 681 (S.D.N.Y. 1996) (citations omitted); *see also Atlantic Richfield Co. v. Current Controls, Inc.*, 1996 WL 528601, at *5 (W.D.N.Y. 1996) (footnote omitted) ("By eliminating [plaintiff's] claim for section [107(a)] costs, this case becomes further focused and streamlined. Such should lead to a more expeditious and efficient disposition of this case, in furtherance of another of CERCLA's purposes–viz., the prompt and effective response to problems resulting from hazardous waste disposal.").

Accordingly, SMI will be allowed to pursue only its contribution claim under § 113 and not its cost recovery claim under § 107. In ultimately resolving that contribution claim, the Court will "allocate response costs among liable parties using such equitable factors as the court determines are appropriate."[2] 42 U.S.C. § 9613(f)(1).

---

[2] Plaintiff asks this Court to explain and clarify the requirements, standards, and burdens associated with § 113 contribution claims. I decline to do so at this time as those issues are not germane to the resolution of this motion and are not properly before the Court.

## CONCLUSION

For the foregoing reasons, defendants' motion for partial summary judgment is granted, and plaintiff's first cause of action is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: Rochester, New York
     August 6, 1998.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Seneca Meadows, Inc.

                        Plaintiff(s)

    v.                                                6:95-cv-06400

ECI Liquidating, Inc

                        Defendant(s)

---

PLEASE take notice of the entry of an ORDER filed on 8/6/98, of which the within is a copy, and entered 8/7/98 upon the official docket in this case. (Document No. 91 .)


Dated:  Rochester, New York
        August 7, 1998

                                    RODNEY C. EARLY, Clerk
                                    U.S. District Court
                                    Western District of New York
                                    2120 U.S. Courthouse
                                    100 State Street
                                    Rochester, New York 14614

Enclosure
TO:
       Robert E. Glanville, Esq.
       Kevin M. Hogan, Esq.
       Terry M. Richman, Esq.
       R. William Stephens, Esq.
       Angela M. Demerle, Esq.
       Philip H. Gitlen, Esq.
       Molly M.A. Brown, Esq.
       Richard A. Palumbo, Esq.
       Craig A. Slater, Esq.

6:95-cv-06400

Robert E. Glanville, Esq.                                    cm
Phillips, Lytle, Hitchcock, Blaine & Huber
3400 Marine Midland Center
Buffalo, NY  14203


---------------------------------




---------------------------------