**EXHIBIT K**

**Grace's Answer with Cross-Claims**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SENECA MEADOWS, INC. and
MACEDON HOMES, INC.,

        Plaintiffs,

vs.

ECI LIQUIDATING, INC.
EVANS CHEMETICS, INC.
EVANS CHEMETICS DIVISION OF
 HAMPSHIRE CHEMICAL CORP.
EVANS CHEMETICS DIVISION OF
 W.R. GRACE & CO.
EVANS CHEMETICS DIVISION OF
 W.R. GRACE & CO.-CONN.
EVANS RESEARCH AND DEVELOPMENT
 CORPORATION
FISHER BODY DIVISION OF GENERAL
 MOTORS CORP.
FISHER GUIDE DIVISION OF GENERAL
 MOTORS CORP.
GTE CORPORATION
GTE PRODUCTS CORPORATION
GTE SYLVANIA INCORPORATED
GENERAL MOTORS CORPORATION
GENERAL TELEPHONE & ELECTRONICS
 CORPORATION
GOULDS PUMPS, INCORPORATED
GOULDS PUMPS (N.Y.), INC.
HAMPSHIRE CHEMICAL CORP.
NORTH AMERICAN PHILIPS CORPORATION
OSRAM SYLVANIA INC.
PHILIPS ELECTRIC NORTH AMERICA
 CORPORATION
SALES AFFILIATES, INC.
SYLVANIA ELECTRIC PRODUCTS, INC.
SYLVANIA ELECTRICAL PRODUCTS, INC.
W.R. GRACE AND CO.
W.R. GRACE AND CO.-CONN.

        Defendants.

**ANSWER, COUNTERCLAIMS
AND CROSS-CLAIMS**

Civil Action No.
95-CV-6400L

ORIGINAL WAS RECEIVED AND FILED

BY: _____

MAY 1 5 2000

UNITED STATES DISTRICT COURT CLERK
WESTERN DISTRICT OF NEW YORK
CELEBRATING 100 YEARS OF SERVICE
TO WESTERN NEW YORK
1900-2000

- 2 -

Defendants W.R. Grace and Co. ("Grace & Co.") and W.R. Grace and Co.-Conn. ("Grace-Conn."), also named in the Second Amended Complaint as Evans Chemetics Division of W.R. Grace & Co. and Evans Chemetics Division of W.R. Grace & Co.-Conn. (collectively "Grace"), and Hampshire Chemical Corp., also named in the Second Amended Complaint as Evans Chemetics Division of Hampshire Chemical Corp. (collectively "Hampshire"), by their attorneys, Phillips, Lytle, Hitchcock, Blaine & Huber LLP, for their answer to the Second Amended Complaint of plaintiffs Seneca Meadows, Inc. ("SMI") and Macedon Homes, Inc. ("MHI"), upon information and belief answers as follows:

1. The allegations, if any, contained in paragraphs 1-7, 15, 19, 20, 21, 23, 57, 65, 69, 108, 109, 116, 117, 141, 149, 151, 157, and 171 state legal conclusions to which no answer is required and, therefore, are denied. To the extent these paragraphs do not state legal conclusions, Grace and Hampshire deny the allegations contained therein insofar as they relate to Grace and Hampshire, and lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein which relate to other defendants or plaintiffs.

2. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 8-14, 16, 22, 25, 26, 28, 29, 33, 34-53, 70-74, 75-81, 82-89, 90-93, 94-98, 100, 101, 103, 114, 115, 126, 127, 133, 155, 156, 174-177, and 179.

3. Admit the allegations in paragraphs 30, 56, 63, and 66.

4. Deny the allegations in paragraphs 60, 61, and 69.

5. With respect to the allegations contained in paragraphs 102, 105, 107, 110, 112, 113, 118, 119, 121-125, 128, 130, 131, 132, 134, 135, 137-139, 142-144, 146-148, 150,

- 3 -

152, 154, 158, 159, 161-164, 166, 168-170, 172, 178, 180, and 181 of the Second Amended Complaint, Grace and Hampshire deny the allegations contained therein to the extent they relate to Grace and Hampshire, and lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein which relate to other defendants or the plaintiffs.

6. In response to paragraphs 99, 106, 111, 120, 129, 136, 140, 145, 153, 160, 167, and 173 of the Second Amended Complaint, admit such allegations as are elsewhere herein admitted, deny such allegations as are elsewhere herein denied, and lack knowledge or information sufficient to form a belief as to the truth with respect to those allegations as are elsewhere herein similarly treated.

7. With respect to the allegations contained in paragraph 17, admit that the Evans Chemetics facility, then owned by Grace-Conn., received in 1988 notice that the New York State Department of Environmental Conservation ("DEC") considered it to be a potentially responsible party in regard to the Tantalo Site, deny that Hampshire or Grace & Co. received any such notice referred to in paragraph 17, and lack any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein which relate to other defendants or the plaintiffs.

8. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence in paragraph 18. The allegations, if any, contained in the second sentence in paragraph 18 state legal conclusions to which no answer is required and therefore are denied. To the extent the second sentence in paragraph 18 does not state legal conclusions, Grace and Hampshire deny the allegations contained therein to the extent they relate

- 4 -

to Grace and Hampshire, and lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein which relate to other defendants or plaintiffs.

9. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence in paragraph 24. The allegations, if any, contained in the second and third sentences in paragraph 24 state legal conclusions to which no answer is required and therefore are denied. To the extent the second and third sentences in paragraph 24 do not state legal conclusions, Grace and Hampshire deny the allegations contained therein to the extent they relate to Grace and Hampshire, and lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein which relate to other defendants or plaintiffs.

10. With respect to paragraph 27 of the Second Amended Complaint, admit the allegations contained therein to the extent they relate to Grace and Hampshire, and lack any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein which relate to other defendants or the plaintiffs.

11. With respect to the allegations contained in paragraph 31 of the Second Amended Complaint, admit that ECI Liquidating, Inc. ("ECI") and Evans Chemetics, Inc. ("Evans") were corporations organized and existing under the laws of the State of New York, deny that Evans still is a corporation organized and existing under the laws of the State of New York, and lack any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein which relate to ECI.

- 5 -

12. With respect to the allegations contained in paragraph 32 of the Second Amended Complaint, Grace and Hampshire admit that Evans "owned and operated a manufacturing/industrial plant[] at 228 East Main Street in the Village of Waterloo, State of New York and in the Town of Geneva, State of New York," and deny that ECI owned and operated any manufacturing/industrial plants in the Village of Waterloo or the Town of Geneva, State of New York. The allegations, if any, contained in paragraphs 32(a) of the Second Amended Complaint, state legal conclusions to which no answer is required and, therefore, are denied. With respect to the allegations contained in paragraphs 32(b), 32(c), 32(d), 32(e), and 32(f), Grace and Hampshire lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

13. With respect to the allegations contained in paragraph 54 of the Second Amended Complaint, Grace and Hampshire admit that Grace-Conn. operated a manufacturing facility known as "Evans Chemetics," and deny any remaining allegations contained therein.

14. With respect to the allegations contained in paragraph 55 of the Second Amended Complaint, Grace and Hampshire admit that Grace-Conn. is a corporation organized and existing under the laws of the State of Connecticut, with a principal place of business at One Town Center Road, Boca Raton, Florida, and that Grace & Co. is a corporation organized and existing under the laws of the State of New York with a principal place of business at One Town Center Road, Boca Raton, Florida, and deny any remaining allegations contained therein.

15. With respect to the allegations contained in paragraph 58 of the Second Amended Complaint, Grace and Hampshire admit that Grace-Conn. acquired in 1978 the

- 6 -

business and substantially all of the assets of Evans in exchange for shares of Grace-Conn. common stock, and deny any remaining allegations contained therein.

16. With respect to the allegations contained in paragraph 59 of the Second Amended Complaint, Grace and Hampshire admit that Grace-Conn. retained certain of Evans Chemetics' employees, acquired certain of Evans Chemetics' real property, equipment, machinery, inventory, supplies, records, customer lists, and contracts, continued Evans Chemetics' business operations in a similar manner as Evans, and maintained the "Evans Chemetics" name, and deny any remaining allegations contained therein.

17. With respect to the allegations contained in paragraphs 62 and 64 of the Second Amended Complaint, Grace and Hampshire admit that Hampshire owns and operates a manufacturing facility known as Evans Chemetics at 228 East Main Street in the Village of Waterloo, State of New York.

18. With respect to the allegations contained in paragraph 67 of the Second Amended Complaint, Grace and Hampshire admit that Hampshire acquired certain of the assets and operations associated with the manufacturing facility known as Evans Chemetics located in the Village of Waterloo, State of New York, from Grace-Conn. in 1992, and deny any remaining allegations contained therein.

19. With respect to the allegations contained in paragraph 68 of the Second Amended Complaint, Grace and Hampshire admit that Hampshire continues to operate the manufacturing facility known as Evans Chemetics located in the Village of Waterloo, State of New York, admit that Hampshire retained certain of Grace-Conn.'s employees and management

- 7 -

personnel, continued certain of Grace-Conn.'s business operations, and maintained the "Evans Chemetics" name, and deny any remaining allegations contained therein.

20. With respect to the allegations contained in paragraph 104 of the Second Amended Complaint, Grace and Hampshire admit that they have incurred no response costs, deny the remaining allegations contained therein to the extent they relate to Grace and Hampshire, and lack any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein which relate to other defendants or the plaintiffs.

21. With respect to the allegations contained in paragraph 165 of the Second Amended Complaint, Grace and Hampshire admit that they have not taken any response action or incurred any response costs in connection with the Tantalo Site or nearby properties, and lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein which relate to other defendants or the plaintiffs.

## FIRST DEFENSE

22. The Second Amended Complaint fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

23. The claims asserted in the Second Amended Complaint are barred in whole or in part by applicable statutes of limitations.

## THIRD DEFENSE

24. The relief sought is barred because the plaintiffs are guilty of waiver, estoppel, and laches.

- 8 -

### FOURTH DEFENSE

25.     The allegations are barred in whole or in part by the doctrine of *caveat emptor*.

### FIFTH DEFENSE

26.     The plaintiffs have failed to mitigate any damages they may have suffered.

### SIXTH DEFENSE

27.     Each injury or damage alleged in the Second Amended Complaint by plaintiffs was proximately caused or contributed to, in whole or in part, by acts or omissions attributable to the plaintiffs, and any recovery against Grace and/or Hampshire should be reduced to the extent that the plaintiffs' own culpable conduct caused or contributed thereto.

### SEVENTH DEFENSE

28.     Each injury or damage alleged in the Second Amended Complaint by plaintiffs was proximately caused or contributed to, in whole or in part, by the negligence or other culpable conduct of persons other than Grace and/or Hampshire, over whom Grace and/or Hampshire neither had nor exercised any control, or by the superseding intervention of causes beyond the control of Hampshire and/or Grace.

### EIGHTH DEFENSE

29.     At all relevant times, Hampshire and/or Grace exercised due care with respect to its activities and took precautions against foreseeable acts or omissions of others and consequences that could result from such acts or omissions.

- 9 -

### NINTH DEFENSE

30. No act or omission of Hampshire and/or Grace was a direct or proximate cause of any injury, harm, or damage alleged in the Second Amended Complaint.

### TENTH DEFENSE

31. The claims for equitable relief are barred because there is an adequate remedy at law.

### ELEVENTH DEFENSE

32. To the extent that each injury, damage, or harm alleged in the Second Amended Complaint was caused solely by the risks and hazards of plaintiffs' activities, including activities related to their own properties, which plaintiffs voluntarily assumed, Grace and Hampshire cannot be held legally responsible.

### TWELFTH DEFENSE

33. Each injury or damage alleged in the Second Amended Complaint resulted, in whole or in part, from plaintiffs' assumption of risk of the alleged injuries or damage.

### THIRTEENTH DEFENSE

34. Grace and Hampshire cannot be held jointly and severally liable for the acts and omissions of the other defendants and unnamed third parties, either because the applicable statutory or common law does not provide for such relief, or because any such acts or omissions were separate and distinct from any alleged acts or omissions of Grace and/or Hampshire and the alleged harms resulting from said acts and omissions are divisible.

- 10 -

### FOURTEENTH DEFENSE

35. Plaintiffs' claims in the Second Amended Complaint must fail against Grace and Hampshire because plaintiffs cannot establish that Grace and/or Hampshire are successors to the liabilities of Evans.

### FIFTEENTH DEFENSE

36. Any claim plaintiffs might otherwise have is barred by the doctrine of "coming to the nuisance."

### SIXTEENTH DEFENSE

37. Any damages allegedly recoverable by plaintiffs should be reduced in accordance with § 15-108 of the New York General Obligations Law in the event of a settlement with any of the defendants or other alleged tort feasors claimed to be liable, in whole or in part, for plaintiffs' alleged injuries or damages.

### SEVENTEENTH DEFENSE

38. Any damages allegedly recoverable by plaintiffs should be diminished pursuant to New York Civ. Prac. L. & R. Article 14-a in proportion to the amount that plaintiffs' culpable conduct bears to the total culpable conduct causing the plaintiffs' alleged injuries.

### EIGHTEENTH DEFENSE

39. Each item of economic loss alleged in the Second Amended Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, by collateral sources.

### NINETEENTH DEFENSE

40. The claims asserted in the Second Amended Complaint under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601, *et seq.* ("CERCLA"), and New York common law, are precluded because the plaintiffs failed to perform or satisfy conditions precedent to recovery from Grace and/or Hampshire by taking actions that are not cost-effective, do not effectively contribute to and/or are not necessary for the protection of public health, welfare, and the environment, involve unreasonable costs, and otherwise are not consistent with CERCLA and the National Contingency Plan, 40 C.F.R. Part 300 ("NCP").

### TWENTIETH DEFENSE

41. To the extent that the plaintiffs have failed to meet the requirements imposed by the NCP, the costs plaintiffs allege they have incurred that are not consistent with the NCP may not be recovered pursuant to CERCLA.

### TWENTY-FIRST DEFENSE

42. By virtue of the passage of federal and state statutes in the field of water and air pollution, and hazardous waste disposal, including CERCLA and New York Navigation Law, plaintiffs' common law claims are preempted, in whole or in part.

### TWENTY-SECOND DEFENSE

43. Grace and Hampshire cannot be held responsible for any alleged adverse impact on the environment from their alleged acts or omissions of acts because they, and their

- 12 -

alleged predecessor, Evans, conducted their operations at all times reasonably and in accordance with the "state-of-the-art" standards of conduct prevailing at the time.

### TWENTY-THIRD DEFENSE

44. Plaintiffs have failed to name as defendants to this action certain necessary and indispensable parties.

### TWENTY-FOURTH DEFENSE

45. To the extent that Evans and/or Grace-Conn. disposed of, arranged for the disposal of, or transported, or arranged for the transportation of, any wastes at the Tantalo Site, those wastes did not contain substances which are "of concern" or otherwise "driving the remedy" at the Tantalo Site and the adjacent properties and, therefore, to the extent any responsibility is accorded to Grace and/or Hampshire, either directly or derivatively, such responsibility must be equitably reduced in accordance therewith.

### TWENTY-FIFTH DEFENSE

46. To the extent that Evans and/or Grace-Conn. disposed of, arranged for the disposal of, transported, or arranged for the transportation of any wastes to the Tantalo Site, some or all such activities were expressly reviewed, approved, and permitted by the New York State Department of Environmental Conservation.

- 13 -

**TWENTY-SIXTH DEFENSE**

47.     The Tantalo Site is a portion (or "operable unit") of a larger, contiguous landfill which continues to be operated by plaintiff SMI (f/k/a Tantalo Construction, Inc.), and thus is and was subject to landfill closure requirements provided under state and federal law. Any attempt to shift responsibility for monitoring, investigation, closure, or cleanup activity onto generators of waste who may have utilized the Tantalo Site, because of the uncooperativeness, financial circumstances, or other circumstances concerning the operator of that Site, plaintiff SMI (f/k/a Tantalo Construction, Inc.), is an inappropriate use of CERCLA.

**TWENTY-SEVENTH DEFENSE**

48.     The Tantalo Site is a portion (or "operable unit") of a larger, contiguous landfill which continues to be operated by plaintiff SMI (f/k/a Tantalo Construction, Inc.), and any investigation or remediation required therefor is governed by the requirements of state or federal solid waste laws. All costs of investigation or remediation, or other response costs, of the Tantalo Site operable unit of the larger contiguous landfill, therefore, are the responsibility solely of the plaintiffs pursuant to these laws.

**GRACE AND HAMPSHIRE'S FIRST COUNTERCLAIM
(AGAINST PLAINTIFFS SMI AND MHI)**

49.     This counterclaim arises out of the transaction and occurrence of the plaintiffs' claims in this action, and is subject to this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction over the subject matter of this counterclaim in part pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, CERCLA, 42 U.S.C. §§ 9201, *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*

- 14 -

50. In this litigation, plaintiffs allege that Grace and Hampshire are responsible, under various federal and state statutory and common law theories, for the conditions existing at the Tantalo Site and, *inter alia*, for the past and future remedial work required at the Tantalo Site. Plaintiffs seek reimbursement from Grace and Hampshire for the costs of past remediation at the Tantalo Site, as well as declaratory and injunctive relief.

51. In their Second Amended Complaint, plaintiffs seek reimbursement and/or contribution for past and future response costs pursuant to §§ 112 and 113 of CERCLA, 42 U.S.C. §§ 9612 and 9613; contribution or reimbursement for past and future cleanup costs pursuant to New York common law principles of contribution, restitution, and unjust enrichment; compensation for damages under common law theories of negligence, private nuisance, public nuisance, strict liability, and trespass; and reimbursement for past and future cleanup and removal costs pursuant to common law theories of contractual indemnity.

52. Plaintiffs contend in their Second Amended Complaint that certain hazardous substances, as defined in § 101(14) of CERCLA, 42 U.S.C. § 9601(14), have been released into the environment located at the Tantalo Site and adjacent properties.

53. Plaintiffs further contend in their Second Amended Complaint that, in response to the alleged releases at the Tantalo Site, they have and will incur necessary response costs to remediate the release of hazardous substances into the environment and that the past and future response costs are consistent with the NCP.

54. Plaintiffs currently own the Tantalo Site and certain adjacent properties.

55. Plaintiffs are jointly and severally liable under § 107 of CERCLA, 42 U.S.C. § 9607, as an owner of the Tantalo Site and adjacent properties for all response costs

- 15 -

incurred, and to be incurred in the future, in connection with the remediation of the Tantalo Site and the adjacent properties.

### GRACE AND HAMPSHIRE'S SECOND COUNTERCLAIM
### (AGAINST PLAINTIFF SMI)

56. Grace and Hampshire incorporate herein paragraphs 49-55 of this answer.

57. On November 1, 1983, Tantalo Construction, Inc., a corporation incorporated under the laws of the State of New York and authorized to do business therein, changed its name to Seneca Meadows, Inc. SMI (f/k/a Tantalo Construction, Inc.) operated the Tantalo Site for the entire period of the Tantalo Site's operation.

58. Plaintiff SMI is jointly and severally liable under § 107 of CERCLA, 42 U.S.C. § 9607, as an operator of the Tantalo Site for all response costs incurred, and to be incurred in the future, in connection with the remediation of the Tantalo Site and the adjacent properties.

### GRACE AND HAMPSHIRE'S THIRD COUNTERCLAIM
### (AGAINST PLAINTIFFS SMI AND MHI)

59. Grace and Hampshire incorporate herein paragraphs 49-58 of this answer.

60. All injuries and other damages alleged by the plaintiffs in their Second Amended Complaint, if established, were solely or partially caused or contributed to by the acts or omissions of the plaintiffs.

61. By virtue of the acts or omissions or acts of the plaintiffs, or their agents, representatives, or independent contractors, the plaintiffs are the parties responsible, in whole or in part, for such alleged loss, damage, or other expenses which have been incurred and may be incurred in the future by the plaintiffs.

- 16 -

62. Plaintiffs are liable for contribution and/or indemnification under §§ 107 and 113(f)(1) of CERCLA, 42 U.S.C. §§ 9607 and 9613(f)(1), principles of New York common law, Article 14 of the New York Civil Practice Law and Rules, and general principles of equity, for all response costs incurred or to be incurred in connection with the remediation of the Tantalo Site and adjacent properties.

### GRACE AND HAMPSHIRE'S CROSS-CLAIM AGAINST ALL DEFENDANTS

63. The cross-claims asserted by Grace and Hampshire within this answer arise out of the transactions and occurrences underlying the plaintiffs' claims in this action, and are subject to this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and original jurisdiction pursuant to 42 U.S.C. §§ 9601, *et seq.*

64. All injuries and other damages alleged by the plaintiffs in their Second Amended Complaint, if established, were solely or partially caused or contributed to by the acts or omissions of the defendants ECI Liquidating, Inc., Evans Chemetics, Inc., Evans Research and Development Corporation, Fisher Body Division of General Motors Corp., Fisher Guide Division of General Motors Corp., GTE Corporation, GTE Products Corporation, GTE Sylvania, Incorporated, General Motors Corporation, General Telephone & Electronics Corporation, Goulds Pumps, Incorporated, Goulds Pumps (N.Y.), Inc., North American Philips Corporation, Osram Sylvania Inc., Philips Electronics North America Corporation, Sales Affiliates, Inc., Sylvania Electric Products, Inc., and Sylvania Electrical Products Inc. ("Co-Defendants").

65. By virtue of the acts or omissions of Co-Defendants, or their agents, representatives, or independent contractors, in connection with the Tantalo Site, the

- 17 -

Co-Defendants are the parties responsible, in whole or in part, for such alleged loss, damage, or other expenses which have been incurred or may be incurred in the future by the plaintiffs, by the potential plaintiffs in any private or public action for damages, contribution, or other relief relating to injuries allegedly resulting from the past, present, or future condition of the Tantalo Site.

66. If, as a result of the matters alleged in the Second Amended Complaint or initiated in this court or any other courts, any monies are required to be paid by Grace and/or Hampshire by virtue of any settlement or judgment that should be rendered against Grace and/or Hampshire, the Co-Defendants are liable for cost recovery, contribution and/or indemnification under §§ 107 and/or 113(f)(1) of CERCLA, 42 U.S.C. §§ 9607 and/or 9613(f)(1), principles of New York common law, Article 14 of the New York Civil Practice Law and Rules, and general principles of equity, in whole or in part, for the amount of such losses or damages incurred by Grace and/or Hampshire.

WHEREFORE, Grace and Hampshire request:

1. That the Court enter judgment dismissing the Second Amended Complaint as to Grace and Hampshire;

2. That the Court enter judgment declaring that the plaintiffs are liable for any losses or damages incurred by plaintiffs or for any judgment rendered against Grace and/or Hampshire;

3. That the Court enter judgment declaring that the Co-Defendants are liable (a) to plaintiffs for any losses or damages incurred by plaintiffs; and (b) to Grace and Hampshire

- 18 -

for any losses or damages incurred by Grace and/or Hampshire, or for any judgment rendered against Grace and/or Hampshire; and

4. The Court grant Grace and Hampshire such other and further relief that it finds just and proper, including the costs and disbursements of this action.

Dated:   Buffalo, New York
         May 15, 2000

                              PHILLIPS, LYTLE, HITCHCOCK, BLAINE & HUBER LLP

                              By _____
                                       Robert E. Glanville
                                       Kevin M. Hogan
                              **Attorneys for Defendants W.R. Grace and Co. and W.R. Grace and Co.-Conn. (also named in the Second Amended Complaint as Evans Chemetics Division of W.R. Grace & Co. and Evans Chemetics Division of W.R. Grace & Co.-Conn.), and Hampshire Chemical Corp. (also named in the Second Amended Complaint as Evans Chemetics Division of Hampshire Chemical Corp.)**
                              3400 HSBC Center
                              Buffalo, New York  14203
                              Telephone No.:  (716) 847-8400

BFLO Doc # 998886.1


## CERTIFICATE OF SERVICE

KEVIN M. HOGAN certifies that on the 15th day of May 2000, he caused to be served **Grace and Hampshire's Answer, Counterclaims and Cross-Claims to the Second Amended Complaint,** on the following attorneys at the addresses designated by said attorneys for that purpose, by U.S. First Class Mail:

Ronald G. Hull, Esq.
Underberg & Kessler, LLP
Attorneys for Plaintiffs
1800 Chase Square
Rochester, New York 14614

Richard A. Palumbo, Esq.
Boylan, Brown, Code,
 Fowler & Wilson
Attorneys for Defendants
 Evans Research & Development Corp.
 and Sales Affiliates, Inc.
900 Midtown Tower
Rochester, New York 14604

Philip H. Gitlen, Esq.
Whiteman, Osterman & Hanna
Attorneys for Defendants
 Goulds Pumps Incorporated and
 Goulds Pumps (N.Y.) Inc.
One Commerce Plaza
Albany, New York 12260

Craig A. Slater, Esq.
Harter, Secrest & Emery
Attorneys for Defendants GTE Corporation,
 GTE Products Corporation, GTE Sylvania
 Incorporated, General Telephone &
 Electronics Corporation, North American
 Philips Corporation, OSRAM Sylvania, Inc.,
 Sylvania Electric Products, Inc., and
 Sylvania Electrical Products, Inc.,
3550 Marine Midland Center
Buffalo, New York 14203

R. William Stephens, Esq.
Raichle, Banning, Weiss & Stephens
Attorneys for Defendants
 General Motors Corporation
 Fisher Guide Division of GM Corp.
 Fisher Body Division of GM Corp.
410 Main Street
Buffalo, New York 14202

_____
Kevin M. Hogan