**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| W.R. GRACE & CO., *et. al.* | : Case No. 01-1139 (KJC) |
| | : (Jointly Administered) |
| Debtors | : **Objection Deadline: September 2, 2014 at 4:00 p.m.** |
| | : **Hearing Date: October 14, 2014 at 10:00 a.m.** |

**AMENDED[1]  FINAL FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP, AUDITORS AND TAX CONSULTANTS FOR DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 10, 2002 THROUGH FEBRUARY 3, 2014**

PricewaterhouseCoopers LLP ("PwC"), auditors and tax consultants for W.R. Grace & Co., and the other above-captioned debtors (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits its *Amended Final Fee Application for Allowance of Compensation and Reimbursement of Expenses for the Period January 10, 2002 through February 3, 2014*[2] (the "Final Application").  PwC respectfully requests the granting compensation and reimbursement of expenses in the amounts requested.  In support of this Application, PwC respectfully represents as follows:

**I.      BACKGROUND**

1.      As set forth below, Applicant is requesting final allowance of fees in the aggregate amount of **$31,061,868.29** and reimbursement of expenses in the aggregate amount of

---

[1] **Amendments are reflected in bold.**

[2] Fees in the amount of $20,483.30 relating to Global Restructuring Project for the Month of January 2014 have not been submitted to the Court in prior fee application.  These fees are being submitted in this amended filing.  A summary of the services for this project is attached hereto as Ex. 2.

**$772,606.60**[3] for a total of **$31,834,474.89**, for the period January 10, 2002 through February 3, 2014 (the "Fee Period")[4].

2.    Prior to filing this **Amended** Final Fee Application, monthly fee applications for the time period January 10, 2002 through February 3, 2014 had been filed with the Court. Quarterly Fee Applications have also been filed and the Court has approved the Quarterly Fee Applications through the **Fifty-First** Quarterly Period on an interim basis.  The Monthly Fee Application for which a quarterly application has not yet been presented to the Court **is** attached as **Exhibit D**[5] (One Hundred and Thirty-Second Monthly Fee Application for the period January 1, 2014 through February 3, 2014, **D.I. 32073**).

3.    The monthly fee applications covered by this **Amended** Final Fee Application contain detailed daily time logs describing the actual and necessary serviced rendered by PwC during the Fee Period, as well as other detailed information required to be included in the fee applications.  The monthly fee applications also detail the actual and necessary expenses incurred by PwC during the Fee Period.  Attached as Exhibit 1 is a chart summarizing the fees and expenses in the monthly fee applications.

4.    The Debtors filed their *Application of the Debtors for the Entry of an Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors and Debtors in Possession* on January 10, 2002 (the "Original Retention Application").

---

[3] **As noted in the Fee Auditor's report relating to the final fee application, the expenses sought incorrectly included a previously agreed to reduction of $356.67.  This error is being corrected here and thus, the amount of expenses being sought are reduced by this amount.**

[4] This amount does not include fees or expenses incurred in preparing and filing the amended final fee application. PwC reserves the right to seek compensation and reimbursement of expenses relating to the amended final fee application.

[5] **Monthly fee applications for the periods October 2013 through December 2013, attached as exhibits A, B and C to Final Fee Application, have been approved (D.I. 32216).**

5.     The Original Retention Application was contested, and it was not until June 18, 2002 that the Court entered its Order Pursuant to 11 U.S.C. §§ 327(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Auditors and Tax Consultants to the Debtors and Debtors in Possession *Nunc Pro Tunc* to January 10, 2002 (the "Retention Order").

**Relief Requested**

6.     By this Application, PwC respectfully requests the entry of an Order, allowing, on a final basis, fees in the aggregate amount of **$31,061,868.29**[6] and reimbursement of expenses in the aggregate amount of **$772,606.60** for a total of **$31,834,474.89**, incurred by PwC during the period January 10, 2002 through February 3, 2014.  As stated above, the full scope of the services rendered and the related expenses incurred are fully described in the monthly fee applications for the Fee Period that already have been filed with the Court.

7.     All of the services for which compensation is sought were rendered by Applicant to the Debtors solely in connection with this case and in furtherance of the duties and responsibilities of the Debtors and not on behalf of any creditor or other person.

8.     Applicant's hourly rates for its auditors and other professionals charged in connection with Applicant's services for the Debtors were the rates Applicant customarily charged its clients (whether corporate or individual) in both bankruptcy and non-bankruptcy matters at the time the services were rendered.  In July 2004, Applicant changed its time and expense management system and revised its standard billing rates.  These new rates, effective with the filing of PwC's previous monthly application for July 2005, have been discussed with,

---

[6] **A description of the services provided on the Global Restructuring Project for the Month of January 2014 is also reflected on Ex. 2.**

and agreed to, by management of the Debtor, and have not dramatically impacted the overall fees charged to the Debtor as compared to previous fee applications.

9. No payments have been promised to Applicant for services rendered or to be rendered in any capacity in connection with the Debtors' Chapter 11 cases. No agreement exists between Applicant and any other person or entity to share any compensation in connection with the Debtors' Chapter 11 cases.

## II. SERVICES RENDERED DURING THE FEE PERIOD

10. The details of the work performed by PwC during the Fee Period is described in the monthly/quarterly fee applications, which included audit and tax services and special projects, such as the Global Restructuring Project, the IRS Audit Project, Darex and Control Optimization Project.

## III. ALLOWANCE OF COMPENSATION

11. Under the Bankruptcy Code, professionals performing services in a bankruptcy case are entitled to "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1)(A).

12. In determining if the amount of compensation is "reasonable", the courts consider the "nature, the extent, and the value" of the services rendered, taking into account the following factors: the time spent on the services; the rates charged for the services; whether the services were necessary or beneficial to the administration of the case; whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the services; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under

Chapter 11.    11 U.S.C. § 330(a)(3)(A).  As described throughout this Application, PwC has satisfied the relevant criteria to support the requested award of compensation.

13.    In general, the "baseline rule is for firms to receive their customary rates." <u>Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.</u>, 50 F.3d 253, 259 (3d Cir. 1995).  The compensation sought herein is based on PwC's customary rates, which are in line with the customary rates charged by comparably skilled practitioners in cases other than cases under Chapter 11.

14.    Applicant's services have been rendered in an efficient manner by accountants and auditors who are experts in their fields.  PwC is one of the largest and most well-respected accounting firms in the country, and its rates are commensurate with its level of expertise.

15.    The time and effort dedicated to the preparation of a fee application is also an actual and necessary service compensable under the Bankruptcy Code.  See, e.g., <u>In re ACT Mfg., Inc.</u>, 281 B.R. 468 (Bankr. D. Mass. 2002); Kelsey v. <u>Great Lakes Higher Educ. Corp</u>. (In re Kelsey), 272 B.R. 830 (Bankr. D. Vt. 2002); <u>In re Gillett Holdings, Inc.</u>, 137 B.R. 475 (Bankr. D. Colo. 1992); <u>In re Kreidle</u>, 85 B.R. 573 (Bankr. D. Colo. 1988).  Applicant, therefore, requests compensation for the time and effort it dedicated to the preparation of these Applications.

16.    No prior application for the relief requested herein has been made.

**WHEREFORE**, by this Application, PwC respectfully requests the entry of an Order, allowing a compensation on a final basis in the amount of **$31,061,868.29** and reimbursement of expenses in the aggregate amount of **$772,606.60** for a total of **$31,834,474.89** together with such other and further relief as this Court deems just and proper.

Dated: August 11, 2014                           SMITH KATZENSTEIN & JENKINS LLP

/s/ *Kathleen M. Miller*
Kathleen Miller (I.D. No.2898)
Smith, Katzenstein & Jenkins LLP
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)

Attorneys for PricewaterhouseCoopers LLP