UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et. al.* | : | Case No. 01-1139 (KJC) |
| | : | (Jointly Administered) |
| Debtors | : | **Objection Deadline: September 9, 2014 at 4:00 p.m.** |
| | : | **Hearing Date: October 14, 2014 at 10:00 a.m.** |

**MOTION OF PRICEWATERHOUSECOOPERS LLP, AUDITORS AND TAX CONSULTANTS FOR DEBTORS, TO ALLOW AMENDMENT TO ITS FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD <u>JANUARY 10, 2002 THROUGH FEBRUARY 3, 2014 TO BE DEEMED TIMELY FILED</u>**

PricewaterhouseCoopers LLP ("PwC"), auditors and tax consultants for W.R. Grace & Co., and the other above-captioned debtors (collectively, the "Debtors"), by and through its undersigned counsel, moves pursuant to Fed. R. Bankr. P. 9006(b)(1) to allow its Amended Final Fee Application for Allowance of Compensation and Reimbursement of Expenses for the Period January 10, 2002 through February 3, 2014 to be deemed timely filed (the "Amended Final Application") to be deemed timely filed. In support of this motion, PwC respectfully represents as follows:

**BACKGROUND**

1. The Debtors filed an Application of the Debtors for the Entry of an Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors and Debtors in Possession on January 10, 2002.

2. On June 18, 2002 that the Court entered an Order Pursuant to 11 U.S.C. §§ 327(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Auditors and Tax Consultants to the Debtors and Debtors in Possession *Nunc Pro Tunc* to January 10, 2002.

3. By order dated January 21, 2012 (Dk. No. 28551), the Court granted the Debtors' application to amend the Amended Administrative Order (Dk. No. 1949) authorizing the employment and retention of PwC as auditors and tax consultants to the Debtors and Debtors in possession, that waived the requirement under Rule 2016-(2)(G) of the local rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. Therefore, PwC was no longer required to maintain contemporaneous time records in one-tenth hour increments. However, PwC still provided summary time records for the personnel working on this action

4. During the course of this case, PwC has provided various tax and auditing services for the Debtors. The details of the work performed by PwC during the case is described in the monthly/quarterly fee applications, which included audit and tax services and special projects, such as the Global Restructuring Project, the IRS Audit Project, Darex and Control Optimization Project.

5. During the case, PwC filed monthly fee applications for the time period January 10, 2002 through February 3, 2014 and Quarterly Fee Applications. Fee applications through the Fifty-First Quarterly Period have been approved on an interim basis.

6. On May 5, 2014, PwC filed its Final Fee Application, requesting final allowance of fees in the aggregate amount of $31,041,384.99 and reimbursement of expenses in the aggregate amount of $772,963.27 for a total of $31,814,348.26, for the period January 10, 2002 through February 3, 2014. (Dkt. No. 32216).

7. On July 23, 2014, the Fee Auditor filed his Final Report on PwC's Final Fee Application. The Fee Auditor recommended approval of the Final Fee Application, with a *de minimis* reduction of $356.67 in expenses. (Dkt. No. 32333).

8. After the filing of the Final Application, PwC realized that it inadvertently omitted fees relating to the Global Restructuring Projection for the month of January 2014. This scope of this work included the following:

> (i) Research, analysis, discussions and preparation of PowerPoint slide deck outlining proposed cash management strategy for Luxembourg holding company structure.
>
> (ii) Research, analysis, discussions and preparation of PowerPoint slide deck outlining proposed Italy and Japan transactions including additional alternatives to avoid combined 304 issue.
>
> (iii) PwC Luxembourg's involvement with the above including direct correspondence with WR Grace in Europe.
>
> (iv) PwC Luxembourg correspondence with Grace US regarding potential inclusion of second US shareholder in Grace Luxembourg.

9. PwC seeks fees in the amount of $20,483.30 relating to Global Restructuring Project for the Month of January 2014. A summary of the services for this project is attached hereto as Ex. 2 to the Amended Final Application, which included the Global Restructuring Project fees and reduced the expense request by $356.67, as reflected in the Auditor's report. Thus, PwC seeks fees of $31,061,868.29 and reimbursement of expenses in the aggregate amount of $772,606.60 for a total of $31,834,474.89, for the period January 10, 2002 through February 3, 2014.

10. After realizing that the fees for Global Restructuring Project had been inadvertently omitted, PwC prepared and filed the Amended Final Application to include these fees on August 11, 2014[1] (Dkt. No. 32379).

---

[1] PwC realized the error in late June. The Amended Application was filed on August 11 due to counsel's trial schedule, followed by an unexpected absence from the office due to a death in the family.

11. On August 13, 2014 the Fee Auditor filed his Amended Final Report on the PwC's Amended Final Application (Dkt. No. 32381). The fee auditor had no issue or objection to the fees for the Global Restructuring Projected, but noted that the request for these fees was filed after the May 12, 2014 deadline for the final fee applications. *See* Order Dkt. No. 32110.

## RELIEF REQUESTED

12. Pursuant to Fed. R. Bankr. P. 9006(b)(1), PwC respectfully request that this Court exercise its discretion to allow the Amended Final Application to be deemed timely filed.

13. The Supreme Court addressed the excusable neglect standard in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489. At issue in *Pioneer* was the meaning of excusable neglect. *Id*. at 383, 1492. The Court ruled that excusable neglect should be determined using an equitable analysis, "taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395, 1498. The Court then identified several factors to be used in the analysis, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

14. Here, PwC has acted in good faith. It performed the services requested by the Debtors and has sought compensation for such services. Promptly after realizing the omission, PwC filed the Amended Fee Application.

15. There is very little, or no, danger of prejudice to the Debtors. The Amended Final Application was filed on August 11, 2014. Thus, all parties in-interest will have a reasonable time to consider the Amended Final Application before the October 14, 2014 hearing set to consider final fee applications in the case. In addition, compared to the fees incurred during the

course of the case, the amount of the additional fees asserted in the Amended Final Application is relatively minor.

16. Accordingly, PwC respectfully requests the entry of an Order, permitting the Amended Final Application to be deemed timely filed.

**WHEREFORE**, PwC respectfully requests the entry of an Order deeming the Amended Final Application timely filed with such other and further relief as this Court deems just and proper.

Dated: August 25, 2014                                SMITH, KATZENSTEIN & JENKINS LLP

/s/ *Kathleen M. Miller*_____
Kathleen Miller (I.D. No.2898)
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
302-652-8400
kmiller@skjlaw.com

Attorneys for PricewaterhouseCoopers LLP