IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., *et al.*, | § | Jointly Administered |
| | § | Case No. 01-01139 (KJC) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S AMENDED FINAL REPORT REGARDING THE NINETEENTH, TWENTIETH, AND TWENTY-FIRST MONTHLY FEE APPLICATIONS[1] AND THE FINAL APPLICATION OF PROTIVITI INC. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF JANUARY 1, 2004 THROUGH APRIL 30, 2013**

This is the amended[2] final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Nineteenth, Twentieth, and Twenty-First Monthly Fee Applications</u> and the <u>Final Application of Protiviti Inc. for Compensation and Reimbursement of Expenses for the Period of January 1, 2004 through April 30, 2013</u> (the "Applications").

## BACKGROUND

1.  Protiviti Inc. ("Protiviti") was retained as Sarbanes-Oxley compliance advisor to the debtors. In the Applications, Protiviti seeks approval of fees and expenses as follows: fees totaling $50,194.66 and expenses totaling $234.66 for its services from January 1, 2005 through January 31,

---

[1] Protiviti's Nineteenth, Twentieth, and Twenty-First Monthly Fee Applications cover the period of January 1, 2005 through March 31, 2005. However, Protiviti did not include these months in any of its quarterly fee applications, so we are addressing them in this report.

[2] We are amending our original final report to correct an error in paragraph 8 of the final report wherein we inadvertently omitted our recommendation concerning the expenses in Protiviti's Twenty-First Monthly Fee Application. These expenses were, however, included in our final expense recommendation, so no amendment to the Conclusion of our final report is necessary.

FEE AUDITOR'S AMENDED FINAL REPORT - Page 1
wrg FR Protiviti Final Amended.wpd

...

2005 ("Nineteenth Monthly Application"); fees totaling $2,640.00 and no expenses for its services from February 1, 2005 through February 28, 2005 ("Twentieth Monthly Application); fees totaling $4,860.00 and expenses totaling $308.03 for its services from March 1, 2005 through March 31, 2005 ("Twenty-First Monthly Application"); and final approval of fees totaling $3,502,658.66[3] and expenses totaling $403,757.85[4] for its services from January 1, 2004, through April 30, 2013 (the "Final Application Period").

    2.    In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2014, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on

---

[3] We note that the total of the fees requested in Protiviti's 21 prior fee applications, plus the compensation sought in the Nineteenth, Twentieth, and Twenty-First Monthly Applications, is $3,508,343.56. It does not appear that Protiviti has deducted from this amount any of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 10, to arrive at the figure it seeks of $3,502,658.66. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[4] We note that the total of the expenses requested in Protiviti's 21 prior fee applications, plus the expenses sought in the Nineteenth, Twentieth, and Twenty-First Monthly Applications, is $403,449.82. It does not appear that Protiviti has deducted from this amount any of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 10, to arrive at the figure it seeks of $403,757.85. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

Protiviti based upon our review, and we received a response from Protiviti, portions of which response are quoted herein.

## DISCUSSION

### Nineteenth Monthly Application

3.  We noted that although Protiviti requested fees totaling $50,194.66 on the face of the application, the fees supported by fee detail are $49,960.00, for a difference of $234.66.[5] Thus, we recommend a reduction of $234.66 in fees to correct the error.

4.  Thus, we recommend approval of $49,960.00 in fees ($50,194.66 minus $234.66)[6] and $234.66 in expenses for Protiviti's Nineteenth Monthly Application.

### Twentieth Monthly Application

5.  We have no issues with, or objections to, the fees and expenses in the Twentieth Monthly Application.

6.  Thus, we recommend approval of $2,640.00 in fees for Protiviti's Twentieth Monthly Application.

### Twenty-First Monthly Application

7.  We have no issues with, or objections to, the fees and expenses in the Twenty-First Monthly Application.

8.  Thus, we recommend approval of $4,860.00 in fees and $308.03 in expenses for Protiviti's Twenty-First Monthly Application.

---

[5] Protiviti had inadvertently added its expenses to its fees to arrive at the total of $50,194.66.

[6] Protiviti's final fee request reflects the correct amount of $49,960.00, so it will not be necessary for us to deduct this amount from Protiviti's final fee request.

**Final Application Period**

9.  We noted that Protiviti's Final Fee Application listed fees of $4,840.00 for the Twenty-First Monthly Application and included this amount in its final fee total. However, as noted in the preceding paragraph, the fees sought in the monthly application itself totaled $4,860.00. When we asked Protiviti about this $20.00 discrepancy, Protiviti advised us that "the $4,840.00 is a misprint." We accept Protiviti's response and recommend that its final fee request be increased by $20.00 to correct the error.[7]

**Prior Interim Applications**

10.  We note that we previously filed the following final reports for Protiviti's prior interim applications, which final reports we incorporate by reference herein, and we also note the following orders that ruled on Protiviti's prior interim fee applications:

10th Period: <u>Fee Auditor's Final Report Regarding Fee Application of Protiviti, Inc. for the Tenth Interim Period</u> (Docket #5105), filed on or about February 12, 2004, in which we recommended approval of fees totaling $167,495.00 and expenses totaling $7,174.13. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Tenth Period</u>, dated April 26, 2004 (Docket #5482).

11th Period: <u>Fee Auditor's Final Report Regarding Fee Application of Protiviti, Inc. for the Eleventh Interim Period</u> (Docket #5642), filed on or about May 24, 2004,

---

[7]We ordinarily do not recommend an amount in excess of the total request (fees plus expenses) sought by the applicant. In this instance, the $20.00 increase is more than offset by our recommended reductions elsewhere in this report and, thus, will not increase the overall amount of Protiviti's award.

in which we recommended approval of fees totaling $141,052.50 and expenses totaling $8,218.79. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Eleventh Period</u>, dated June 16, 2004 (Docket #5822).

12th Period:  <u>Fee Auditor's Final Report Regarding Fee Application of Protiviti, Inc. for the Twelfth Interim Period</u> (Docket #6078), filed on or about July 30, 2004, in which we recommended approval of fees totaling $602,120.00 and expenses totaling $57,358.20, reflecting our recommended reduction of $2,420.00 in fees, as further explained in paragraph 3 of that final report. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Twelfth Period</u>, dated September 27, 2004 (Docket #6465).

13th Period:  <u>Fee Auditor's Final Report Regarding Fee Application of Protiviti, Inc. for the Thirteenth Interim Period</u> (Docket #6983), filed on or about November 18, 2004, in which we recommended approval of fees totaling $823,456.25 and expenses totaling $113,527.62, reflecting our recommended reductions of $568.75 in fees and $911.78 in expenses, as further explained in paragraphs 3, 4, 5 and 6 of that final report. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirteenth Period</u>, dated January 26, 2005 (Docket #7622).

14th Period:  <u>Fee Auditor's Final Report Regarding Fee Application of Protiviti, Inc. for the Fourteenth Interim Period</u> (Docket #7980), filed on or about March 8,

2005, in which we recommended approval of fees totaling $710,336.72 and expenses totaling $56,731.72, reflecting our recommended reductions of $3,531.80 in expenses, as further explained in paragraphs 4, 5, 6, and 7 of that final report. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Fourteenth Period</u>, dated March 22, 2005 (Docket #8081).

15th Period: <u>Fee Auditor's Final Report Regarding Fee Application of Protiviti, Inc. for the Fifteenth Interim Period</u> (Docket #8580), filed on or about June 8, 2005, in which we recommended approval of fees totaling $409,720.74 and expenses totaling $18,363.69, reflecting our recommended reduction of $3,422.57 in expenses, as further explained in paragraphs 3, 4, and 5 of that final report. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Fifteenth Period</u>, dated June 29, 2005 (Docket #8728).

18th Period: <u>Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Eighteenth Interim Period</u> (Docket #12019), filed on or about March 9, 2006, in which we recommended approval of fees totaling $55,256.00 and expenses totaling $4,931.35. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Eighteenth Period</u>, dated March 27, 2006 (Docket #12121).

19th Period: <u>Fee Auditor's Combined Final Report Regarding Those Fee Applications</u>

with No Fee or Expense Issues for the Nineteenth Interim Period (Docket #12525), filed on or about May 25, 2006, in which we recommended approval of fees totaling $78,886.00 and expenses totaling $8,657.24. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Nineteenth Period, dated June 16, 2006 (Docket #12660).

20th Period: Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Twentieth Interim Period (Docket #13183), filed on or about September 8, 2006, in which we recommended approval of fees totaling $92,007.00 and expenses totaling $2,924.47. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Twentieth Period, dated September 26, 2006 (Docket #13298).

22nd Period: Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Twenty-Second Interim Period (Docket #14868), filed on or about March 15, 2007, in which we recommended approval of fees totaling $77,290.00 and expenses totaling $13,304.36. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Twenty-Second Period, dated May 3, 2007 (Docket #15494).

23rd Period: Fee Auditor's Amended Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Twenty-Third Interim

Period (Docket #16736), filed on or about August 31, 2007, in which we recommended approval of fees totaling $52,297.50 and expenses totaling $12,806.27, reflecting our recommended reduction of $4,746.66 in expenses, as further explained in paragraph 3 in that final report. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Twenty-Fourth Period, dated September 25, 2007 (Docket #16916).

24th Period: Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Twenty-Fourth Interim Period (Docket #16786), filed on or about September 10, 2007, in which we recommended approval of fees totaling $34,590.00 and expenses totaling $29.25. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Twenty-Fourth Period, dated September 25, 2007 (Docket #16916).

25th Period: Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Twenty-Eighth Interim Period (Docket #19535), filed on or about September 15, 2008, in which we recommended approval of fees totaling $3,130.00 and expenses totaling $10,783.29. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Twenty-Eighth Period, dated October 1, 2008 (Docket #19663).

26th Period: Fee Auditor's Combined Final Report Regarding Those Fee Applications

with No Fee or Expense Issues for the Twenty-Eighth Interim Period (Docket #19535), filed on or about September 15, 2008, in which we recommended approval of fees totaling $68,460.00 and expenses totaling $1,463.64. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Twenty-Eighth Period, dated October 1, 2008 (Docket #19663).

27th Period:   Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Twenty-Eighth Interim Period (Docket #19535), filed on or about September 15, 2008, in which we recommended approval of fees totaling $2,427.50. This recommendation was adopted in the Order Approving Quarterly Fee Applications for the Twenty-Eighth Period, dated October 1, 2008 (Docket #19663).

30th Period:   Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Thirtieth Interim Period (Docket #21063), filed on or about March 21, 2009, in which we recommended approval of fees totaling $37,012.50 and expenses totaling $2,538.58. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Thirtieth Period, dated April 2, 2009 (Docket #21173).

31st Period:   Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Thirty-First Interim Period (Docket #22047), filed on or about June 10, 2009, in which we recommended approval of fees totaling $47,982.50 and expenses totaling $11,694.19.

|  |  |
|---|---|
|  | These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirty-First Period</u>, dated July 7, 2009 (Docket #22354). |
| 34th Period: | <u>Fee Auditor's Amended Combined Final Report Regarding Those Fee Applications with *De Minimis* or No Fee or Expense Issues for the Thirty-Fourth Interim Period</u> (Docket #24438), filed on or about March 11, 2010, in which we recommended approval of fees totaling $38,280.00 and expenses totaling $3,846.54. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirty-Fourth Period</u>, dated March 19, 2010 (Docket #24470). |
| 35th Period: | <u>Fee Auditor's Combined Final Report Regarding Those Fee Applications with *De Minimis* or No Fee or Expense Issues for the Thirty-Fifth Interim Period</u> (Docket #24856), filed on or about May 28, 2010, in which we recommended approval of fees totaling $10,080.00 and expenses totaling $10,201.60. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirty-Fifth Period</u>, dated June 7, 2010 (Docket #24917). |
| 39th Period: | <u>Fee Auditor's Amended Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Thirty-Ninth Interim Period</u> (Docket #27116), filed on or about June 21, 2011, in which we recommended approval of expenses totaling $10,850.00. This recommendation was adopted in the <u>Order Approving Quarterly Fee Applications for the Thirty-Ninth Period</u>, dated June 30, 2011 (Docket |

        #27188).

45th - 49th Period:    Fee Auditor's Combined Final Report Regarding Those Fee Applications with *De Minimis* or No Fee or Expense Issues for the Forty-Ninth Interim Period (Docket #31404), filed on or about November 26, 2013, in which we recommended approval of fees totaling $3,280.00 and expenses totaling $35,197.42. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Forty-Ninth Period, dated December 17, 2013 (Docket #31482).

11.    We have reviewed the final reports and orders allowing fees and expenses for the prior interim periods, and we do not believe there is any reason to change any of the amounts awarded for the prior interim periods, with the exception of the following:

14th Period:    In the order submitted to, and approved by, the Court, Protiviti's fees were listed as $710,336.72, and its expenses were listed as $56,731.72. Although the expenses were correctly listed as $56,731.72,[8] Protiviti's fee award should have been $650,073.20. Thus, Protiviti's final fee request should be reduced

---

[8] Protiviti's requested expenses were $60,263.52, less Court-approved reductions of $3,531.80, for a total of $56,731.72.

by $48,483.30.[9]

15th Period: In the order submitted to the Court, Protiviti's fees are listed as $409,720.74, but the correct amount was $408,570.06, for a difference of $1,150.68. Although the order overstated Protiviti's fees by $1,150.68, no reduction to Protiviti's final fee request is necessary because Protiviti based its final fee calculation on the correct amount of $408,570.06.

18th Period: In the order submitted to the Court, Protiviti's fees are listed as $55,256.00, but the correct amount was $55,256.60, for a difference of $0.60. Although the order understated Protiviti's fees by $0.60, no increase to Protiviti's final fee request is necessary because Protiviti based its final fee calculation on the correct amount of $55,256.60.

---

[9]In its quarterly application for the Fourteenth Interim Period, Protiviti listed total fees plus expenses of $758,820.02 and agreed with W.R. Grace to credit $48,483.30 against this $758,820.02 total for "time charged by Tom Downing and mileage expense charged by certain individuals." After applying this credit, the total of Protiviti's fees *plus* expenses should have been $710,336.72. However, Protiviti requested fees of $710,336.72 and expenses of $60,263.52, for a total of $770,600.24. We asked Protiviti for more information concerning the $48,483.30 credit, and Protiviti confirmed that the amount which was listed as its fee request ($710,336.72) was actually the sum of its fees *plus* expenses after subtraction of the $48,483.30 credit:

> I believe the number included on the original fee application of $758,820.02 was the total of fees + expenses (which ties to the modified fee application, $698,556.50 fees + $60,263.52 expenses). The credit of $48,483.30 is to (be) applied against this total number for net fees & expenses of $710,336.72. I think ... the total fees + expenses of $710,336.72 is correct...

Thus, the total of Protiviti's fees *plus* expenses was supposed to have been $710,336.72. Because we have insufficient information on how the $48,483.30 credit was to have been applied, we are applying it to Protiviti's fees for purposes of this report. Thus, we recommend approval of $650,073.20 in fees ($698,556.50 minus the $48,483.30 credit) and $56,731.72 in expenses ($60,263.52 minus Court-approved reductions of $3,531.80) for a total of $706,804.92.

## CONCLUSION

12. Thus, we recommend final approval of $3,451,206.61 in fees ($3,502,658.66[10] minus $51,452.05)[11] and $391,145.04 in expenses ($403,757.85[12] minus $12,612.81)[13] for Protiviti's services for the Final Application Period.

---

[10]We note that the total of the fees requested in Protiviti's 21 prior fee applications, plus the compensation sought in the Nineteenth, Twentieth, and Twenty-First Monthly Applications, is $3,508,343.56. It does not appear that Protiviti has deducted from this amount any of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 10, to arrive at the figure it seeks of $3,502,658.66. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[11]This net reduction of $51,452.05 is the sum of: (a) $2,988.75 in Court-approved reductions for the prior interim periods, not previously deducted by Protiviti (*see* paragraph 10), (b) an increase of $20.00 to correct an error in Protiviti's final fee calculation (*see* paragraph 9), and (c) a $48,483.30 reduction to correct an error in Protiviti's fee award for the Fourteenth Interim Period (*see* paragraph 11).

[12]We note that the total of the expenses requested in Protiviti's 21 prior fee applications, plus the expenses sought in the Nineteenth, Twentieth, and Twenty-First Monthly Applications, is $403,449.82. It does not appear that Protiviti has deducted from this amount any of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 10, to arrive at the figure it seeks of $403,757.85. We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[13]This amount reflects the Court-approved reductions of $12,612.81 for the prior interim periods, not previously deducted by Protiviti. *See* paragraph 10.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, Texas 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 3rd day of September, 2014.

_____
    Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**
Andrew Struthers-Kennedy
Protiviti Inc.
1 East Pratt Street, Suite 800
Baltimore, MD 21202

**The Debtors**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**United States Trustee**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

**Counsel for the Debtors**
John Donley
Adam Paul
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel to the Official Committee of Unsecured Creditors**
Denise Wildes
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena
Jay Sakalo
Bilzin, Sumberg, Baena, Price & Axelrod
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Michael B. Joseph
Theodore J. Tacconelli
Lisa Coggins
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch
Rita Tobin
Caplin & Drysdale
600 Lexington Avenue, 21st Floor
New York, NY 10022-6000

Marla R. Eskin
Mark Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

**Counsel to the Official Committee of Equity Holders**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899