# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Debtors | ) | |
| | ) | Re: D.I. 31794, 32034 |

## MEMORANDUM AND ORDER
## ADOPTING RECOMMENDATIONS OF THE RULE 706 EXPERT
## REGARDING THE LUKINS & ANNIS FEE ALLOCATION CLAIM[1]

Background

On December 15, 2008, the claimants involved in extensive litigation with the Debtors regarding Zonolite Attic Insulation ("ZAI") filed a motion to approve a class settlement and certification of the ZAI class, which the Court preliminarily granted on January 16, 2009, and finally approved on April 1, 2009 (the "ZAI Class Settlement"). The ZAI Class Settlement was contingent on confirmation of a plan that contained a trust with distribution procedures to effectuate the settlement.

The Debtors' First Amended Joint Plan of Reorganization (D.I. 26368) took effect on February 3, 2014 (D.I. 31700). On February 7, 2014, ZAI Class Counsel filed a motion seeking a Common Fund Fee Award of 25 percent of the first two payments in the class settlement, for a total fee in the approximate amount of $16 million (the "Fee Award") (D.I. 31718).[2] On

---

[1] This Memorandum and Order constitutes the findings of fact and conclusions of law required by Fed.R.Bankr.P. 7052. This Court has jurisdiction to decide the motions before it pursuant to 28 U.S.C. §1334 and §157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(A) and (B).

[2] ZAI Class Counsel were appointed previously by this Order of this Court dated January 16, 2009, and includes the following attorneys and their respective firms: Darrell W. Scott of The Scott Law Group ("Scott"), Elizabeth Cabraser of Lieff, Cabraser, Heimann & Bernstein, L.L.P. ("Cabraser"), and Edward J. Westbrook of Richardson, Patrick, Westbrook & Brickman, LLC. ("Westbrook") (D.I. 20535 at 4, ¶3.)

February 28, 2014, Lukins & Annis, P.S. ("L&A") filed a partial joinder to the Motion of ZAI Class Counsel for a Common Fund Fee Award, and Counter-Motion to Stay Disbursement of any Common Fund Fee Award Pending Resolution of All Common Fund Fee Allocation Disputes (the "Joinder and Counter-Motion") (D.I. 31794). The Joinder and Counter-Motion consented to the request for the Fee Award, but objected to disbursement of the Fee Award pursuant to the allocation proposed by ZAI Class Counsel, which did not include any allocation for L&A. ZAI Class Counsel proposed the following allocation of the Fee Award:

(1) Scott will receive 42.5% of the Fee Award (approximately $6,675,000);

(2) Westbrook will receive 42.5% of the Fee Award (approximately $6,675,000);

(3) Cabraser will receive 15% of the Fee Award (approximately $2,400,000);

(4) McGarvey will receive $250,000 from the Fee Award; and

(5) Ness will receive 10 percent of Westbrook's allocation of the Fee Award (approximately $667,500).[3]

L&A contends that it is entitled to a portion of the Fee Award due to its active involvement in the ZAI matters from their inception until December 31, 2004, when Scott, the attorney who principally was handling the ZAI litigation, left L&A to form The Scott Law Group, P.S. L&A argues that the firm's efforts contributed to the development of the ZAI litigation, writing:

> While L&A does not discount the work ZAI Class counsel put into this matter from January 2005 until it settled in December 2008, much of the claims development and class certification work was done during the 5-year time span preceding Mr. Scott's departure from L&A. L&A spent many hours researching the possible merits of ZAI claims and formulating strategies for pursuing such claims. L&A also played an integral part in discovery, including identifying potential class claimants and taking many

---

[3]Pursuant to an agreement, ZAI Class Counsel proposed to allocate part of the Fee Award to the law firms Ness Motley ("Ness") and McGarvey Heberling ("McGarvey").

2

depositions.

(D.I. 31794, p. 7.) L&A stated that it did not have an agreement with Mr. Scott regarding a cost and fee sharing agreement related to the ZAI litigation. (*Id.* p. 3.)

On April 3, 2014, this Court entered an Order approving the Fee Award and reimbursement of ZAI Class Counsels' expenses from the fund created by the ZAI Class Settlement, but requiring the Fee Award to be held in trust pending further order of the Court regarding the L&A Joinder and Counter-Motion (the " Fee Award Order") (D.I. 31985).

Also on April 3, 2014, at the request of the parties, this Court entered an Order (the "Rule 706 Order") appointing Judith K. Fitzgerald as a Rule 706 Expert to issue a report and recommendation regarding the L&A Joinder and Counter-Motion.[4] The Rule 706 Order included a schedule for L&A to file a motion and accompanying documentation supporting its claim to an allocation of the Fee Award, and for parties to file responses and replies thereto. Thereafter, Fitzgerald had discretion to, *inter alia*, determine the manner, timing and scope of evidence and other submissions with respect to the allocation dispute. The Rule 706 Order also set a deadline for filing responses to the Expert Report after it was issued by Fitzgerald.

On April 18, 2014, L&A filed the Motion of Lukins & Annis, P.S. for an Allocation of the ZAI Class Action Common Fund Fee Award (the "L&A Motion") (D.I. 32034). On April 28, 2014, responses to the L&A Motion were filed by ZAI Class Counsel (D.I. 32063), the

---

[4]Prior to her retirement from the bench on May 31, 2013, Fitzgerald presided over this bankruptcy case and the ZAI litigation encompassed therein. The parties waived any conflict based on her prior status as the judge in the bankruptcy case. Further, during her tenure as a United States Bankruptcy Judge, Fitzgerald presided over more asbestos mass tort bankruptcies than any other bankruptcy judge in the country, including several of the largest asbestos-driven bankruptcy cases in history. (*See* Expert Report, p. 1 n. 1.)

Reorganized Debtors (D.I. 32058), ZAI Class 7B Trustee (D.I. 32061), and the Property Damage Future Claimants' Representative (D.I. 32061).

On June 25, 2014, Fitzgerald filed her Expert Report (D.I. 32259). Her expert opinions are summarized as follows:

(1) L&A did not withdraw from the case "voluntarily" as that term has been explained in applicable case law.

(2) L&A absorbed the risk of the state court *Barbanti* litigation, which indirectly led to the ZAI class settlement, and is entitled to a nominal fee but not to reimbursement of expenses.

(3) L&A's efforts contributed an indirect benefit to the ZAI class.

(4) Although Class Counsels' allocation of the $16 million fee is entitled to great weight, L&A has established an entitlement to a nominal share and, accordingly, Class Counsels' proposed allocation should be adjusted to provide for such share.

(5) Alternatively, if the Court finds L&A's services did not provide a benefit to the ZAI class sufficient to entitle L&A to an allocation of the Common Fund Fee then, similarly, this Court should find that neither McGarvey nor Ness provided a sufficient benefit to the ZAI class to be entitled to a fee.

(6) From the submissions of the parties and review of applicable law, the Court should award L&A ten percent (10%) of Darrell Scott's share of the Common Fund Fee, in the amount of [$667,500].[5]

Expert Report, p. 3. Fitzgerald further recommended that L&A be denied any reimbursement of its costs as no notice was provided to the ZAI class that such a request would be made and no other non-class counsel will receive a disbursement based on costs. Expert Report, p. 30.

On July 7, 2014, ZAI Class Counsel filed a response to the Expert Report (D.I. 32275), attaching a declaration of Darrell W. Scott, that challenged certain factual findings in the Expert

---

[5]The Expert Report incorrectly states the amount of L&A's 10% fee in the summary as $675,000. The correct amount is set forth on page 30 of the Expert Report ($667,500).

4

Report regarding Scott's representations to L&A about reaching a fee arrangement at a later time as incorrect.

Also on July 7, 2014, L&A filed a response to the Expert Report ("L&A's Response"), asking that the Expert Report's recommendation be revised to provide for an allocation to L&A of at least 17.03% of Scott's share of the Common Fund Fee Award , or approximately $1,136,666.00 (D.I. 32276).  L&A argues that the Expert Report recognized that it provided an important benefit to the ZAI Class Settlement, but then recommended only a "nominal" allocation to L&A from the Fee Award.  L&A contends that the award does not recognize that it expended approximately 5,602 hours of time, with an actual dollar value of $1,136,666.00 (at historical rates), for investigating, developing, and litigating the state court *Barbanti* Litigation and the ZAI property damages claims in the bankruptcy proceedings.  L&A further argues that Fitzgerald gave undue deference to ZAI Class Counsel's proposed allocation of the Fee Award, especially in light of ZAI Class Counsel's unreasonable attempt to completely bar L&A from any recovery.  L&A also argues that the recommended allocation award is not fair and equitable when compared to the proposed allocation to other counsel and the contributions of those firms to the ZAI Class Settlement.

On July 10, 2014, ZAI Class Counsel filed a Motion for Leave to File Its Reply to Lukins & Annis, P.S.'s Response to Rule 706 Expert Report (D.I. 32283).[6]  In the reply, ZAI Class Counsel asks the Court to accept Fitzgerald's report and recommendation due to her experience in mass tort bankruptcies and her familiarity with the ZAI litigation.  Further, ZAI Class Counsel

---

[6]The Rule 706 Order provided that parties could file responses to the Expert Report, but did not set any further time for filing replies to the responses.  However, as no objection has been filed to ZAI Class Counsel's reply, the Court will consider it.

responds to the comparison in L&A's Response between L&A's contribution to the ZAI Class Settlement and the work performed by other counsel. ZAI Class Counsel pointed out that L&A received $582,005.68 in court-approved post-petition special counsel fees, while the Fee Award represents the only compensation some other attorneys will receive in connection with the ZAI litigation.

Standard

The "common fund doctrine . . . provides that a private plaintiff, or plaintiff's attorney, whose efforts create, discover, increase, or preserve a fund to which others also have a claim, is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 187 (3d Cir. 2005) quoting *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 820 n. 39 (3d Cir. 1995). The common fund doctrine gives courts significant flexibility in setting attorneys' fees. *Cendant*, 4040 F.3d at 187. In traditional common fund cases, the court acts almost as a fiduciary for the class, performing some of the roles, *i.e.*, monitoring and compensating class counsel, that clients in individual suits normally take on themselves. *Id.* See also *Drazin v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, 528 F. App'x 211, 214 (3d Cir. 2013) quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008) ("In a class action settlement, the district court has an independent duty . . . to the class and the public to ensure that attorneys' fees are reasonable and divided up fairly among plaintiffs' counsel.")

"Generally, a district court may rely on lead counsel to distribute attorneys' fees among those involved, but we have recognized that the court may take a greater role when separate

counsel requests fees for work performed prior to the appointment of the lead plaintiff." *Milliron v. T-Mobile USA, Inc.*, 423 F. App'x 131, 134 (3d Cir. 2011) citing *Cendant*, 404 F.3d at 194-95. The *Milliron* Court further wrote:

> In deciding how to allocate fees, what is important is that the district court evaluate what class counsel actually did and how it benefitted the class. When awarding fees to non-lead counsel, only work that actually confers a benefit on the class will be compensable.

*Milliron*, 423 F. App'x at 134 (citations and internal punctuation omitted).

The two primary methods for calculating attorneys' fees are the percentage-of-recovery method and the lodestar method. *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 732 (3d Cir. 2001). The percentage-of-recovery method is generally favored in cases involving a common fund and is designed to allow courts to award fees from the fund in a manner that rewards counsel for success and penalizes it for failure. *Id.* quoting *In re Prudential Ins. Co. America Sales Practice Litig. Agent Actions*, 148 F.3d 283, 333 (3d Cir. 1998). The ultimate choice of methodology rests with the court's discretion. *Dewey v. Volkswagen Aktiengesellschaft*, 558 F. App'x 191, 197 (3d Cir. 2014) quoting *Sutter v. Horizon Blue Cross Blue Shield of N.J.*, 406 N.J. Super 86, 966 A.2d 508, 519 (N.J. App. Div. 2009).

Discussion

Fitzgerald has extensive experience in mass tort bankruptcy cases and, particularly relevant to the task at hand, Fitzgerald presided over the bankruptcy case of *W.R. Grace & Co., et al*, including the lengthy ZAI litigation prior to her retirement from the bench on May 31, 2013. Her consideration and evaluation of L&A's request for an allocation of the Fee Award was based

upon careful consideration of the parties' submissions and her familiarity with the background of the bankruptcy case, as well as proper application of the appropriate legal standard.

I disagree with L&A's contention that Fitzgerald relied too heavily on the proposed fee allocation by ZAI Class Counsel or that her award to L&A is not in proportion to the fees allocated to other non-class counsel. Fitzgerald used ZAI Class Counsel's allocation as a starting point, then awarded a share to L&A after consideration the indirect benefit that L&A's efforts provided to the ZAI Class Settlement. I conclude that Fitzgerald's reasoned and informed factual determinations and legal conclusions regarding the L&A request for an allocation of fees from the Fee Award should be, and hereby are, adopted by this Court in full.

Conclusion

Upon consideration of the Joinder and Counter-Motion (D.I. 31794), the L&A Motion (D.I. 32034), and the Expert Report (D.I. 32259), and responses and replies thereto, and for the reasons set forth above, it is hereby **ORDERED** that

(1) consistent with the recommendations in the Expert Report, which are hereby adopted by this Court, the Joinder and Counter-Motion and the L&A Motion are GRANTED, in part, so that Lukins & Annis, P.S. is hereby awarded a 10% share of Darrell W. Scott's portion of the Common Fund Fee Award ($667,500);

(2)  any other requests for relief in the Joinder and Counter-Motion and the L&A Motion are DENIED.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: September 3, 2014

cc: William D. Sullivan, Esquire[7]

---

[7] Counsel shall serve a copy of this Memorandum and Order upon all interested parties and file a Certificate of Service with the Court.