IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) Re docket no. 32366, 32393 |
| | ) Hearing Agenda item no. 3 |

## ORDER DISALLOWING CERTAIN CLAIMS RELATING TO THE TANTALO LANDFILL (SUBSTANTIVE OBJECTION)

Upon consideration of the *Omnibus Objection To Claims Arising From The Tantalo Landfill (Substantive Objection)* (the "31st Omnibus Objection" or "Objection"); it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties-in-interest; the Court having jurisdiction to consider the 31st Omnibus Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; consideration of the 31st Omnibus Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the 31st Omnibus

---

[1] The Reorganized Debtors comprise the following entities: W. R. Grace & Co., W. R. Grace & Co.-Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC, Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc., Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. and Water Street Corporation.

Objection having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1. The 31st Omnibus Objection is granted in its entirety.

2. The Claims set forth in <u>Exhibit I</u> (the "<u>Claims</u>") hereto are disallowed in their entirety.

3. The Reorganized Debtors are authorized to take all actions that may be necessary to reflect the disallowance of the Claims, including but not limited to directing Rust Consulting, Inc., their claims agent, to update the claims register to reflect such disallowance.

4. Notice of the 31st Omnibus Objection as provided therein shall be deemed good and sufficient notice thereof, and the requirements of Fed. R. Bankr. P. 3007(a) and the local rules of the Court are satisfied by such notice.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to implementation of this Order.

6. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: Sept 8, 2014

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the 31st Omnibus Objection or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").