## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) **Hearing Date: October 14, 2014, at 10:00 a.m.** |
| | ) **Objection Deadline: October 6, 2014** |

### MOTION FOR A FINAL DECREE: (A) CLOSING CERTAIN OF THE CHAPTER 11 CASES; (B) REMOVING SUCH CASES FROM THE JOINT ADMINISTRATION ORDER; AND (C) WAIVING THE REQUIREMENT TO FILE A FINAL REPORT FOR SUCH CASES

The above-captioned reorganized debtors (the "Reorganized Debtors") request the Court enter a final decree (the "Final Decree") substantially in the form attached hereto as Exhibit A, closing the chapter 11 cases (the "Chapter 11 Cases") of all of the above-captioned Reorganized Debtors (the "Grace Subsidiaries," as listed in footnote 1 below and Exhibit B hereto) except for that of W. R. Grace & Co. ("Grace"), Case No. 01-1139, and that of W. R. Grace & Co.-Conn. ("Grace-Conn."), Case No. 01-1140.[2] All remaining open claims against the Grace Subsidiaries are listed in Exhibit C hereto (the "Surviving Claims"), and the Final Decree shall provide that these claims shall become claims against Grace-Conn. The respective claimants shall have all of the rights and obligations with respect thereto that they have now under the Plan.

---

[1]  The Reorganized Debtors comprise the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

[2]  Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket no. 26368] (the "Plan").

The Reorganized Debtors further request that the Final Decree remove the Grace Subsidiaries' Chapter 11 Cases from this Court's *Order Directing Joint Administration*, dated April 2, 2001 [Case no. 01-1139, Docket no. 8] (the "Joint Administration Order"), and waive the requirement in Del. Bankr. L. R. 3022-1(c) for a final report for each of those cases.

In support of this Motion, the Reorganized Debtors respectfully state as follows:

### JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.[3] This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Motion are sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 3022 and Del. Bankr. L. R. 3022-1.

### BACKGROUND

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to the Joint Administration Order, the Chapter 11 Cases have been consolidated for administrative purposes only.

4.      On February 21, 2011, the Debtors filed the Plan. On January 31, 2011, the Court issued its *Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law* [Docket no. 26154] and *Recommended Findings of Fact, Conclusions of Law and Order*

---

[3]     The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

*Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket no. 26155].  On February 15, 2011, the Court issued its *Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010* [Docket no. 26289] (collectively with Docket Nos. 26154 and 26155, the "Confirmation Order").

5.      On October 17, 2011, the Debtors filed the *Debtors' Motion for Entry of an Order: (I) Approving Agreement; (II) Authorizing, But Not Directing, the Debtors to Merge Certain Non-Operating Debtor Subsidiaries into W. R. Grace & Co.-Conn.; (III) Expunging Certain Active Claims, Conditionally Expunged Claims and Intercompany Claims; and (IV) Transferring Certain Active and Intercompany Claims to W. R. Grace & Co.-Conn.* [Docket no. 27769] (the "Merger Motion").  The Merger Motion requested, in part, authority to merge 45 subsidiaries (the "Merged Subsidiaries") into Grace-Conn.[4]

6.      On November 15, 2011, the Debtors filed a *Certificate of Counsel* [Docket no. 27974] describing changes to the relief requested in the Merger Motion, including, in part, the removal of W. R. Grace Land Corporation from the list of subsidiaries to be merged into Grace-Conn.  On November 21, 2011 the Court granted the Merger Motion [Docket No. 28007].

7.      Pursuant to Plan Art. 11.16, on November 19, 2013, a *Notice to Creditors* (the "Tax Form Notice") was sent to certain Holders of Plan Claims (approximately 1,347 parties) that were to be Allowed as of the Plan Effective Date.  The Tax Form Notice stated in relevant part that, before Holders of Allowed Claims could "receive any … distribution" in satisfaction of their respective claims, Holders must "fulfill certain tax reporting obligations," including the

---

[4]    "Grace-Conn." is defined in § 1.1.135 of the Plan as "W. R. Grace & Co.-Conn., a Connecticut corporation, and one of the Debtors in these Chapter 11 Cases."  Grace-Conn. is the chief operating company for the Reorganized Debtors' domestic business, and owns substantially all of the Reorganized Debtors' domestic assets, properties, and rights directly or through subsidiaries. *See* Merger Motion at ¶ 5.

return on or before December 24, 2013, of a completed I.R.S. Form W-9, *Request for Taxpayer Identification Number and Certification* ("Form W-9") (if a U.S. person for tax purposes), or a completed I.R.S. Form W-8BEN, *Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding* ("Form W-8BEN") (if a nonresident alien or foreign entity).[5]

8.      On February 3, 2014, the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11. *See Notice of Occurrence of the Effective Date of the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732].

9.      Pursuant to the Plan, the Reorganized Debtors have made distributions to all claimants holding Allowed Claims for which they held valid Forms W-9 or Forms W-8BEN, as appropriate.

10.      On February 24, 2014, the Reorganized Debtors filed their *Motion of the Reorganized Debtors for Issuance of a Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Removing Certain of the Chapter 11 Cases From the Joint Administration Order, and (C) Waiving the Requirement That the Reorganized Debtors File a Final Report For the Merged Subsidiaries* [Docket no. 31773] (the "Merged Subsidiaries Case Closing Motion"). On March 19, 2014, the Court entered its order granting the relief set forth in the Merged Subsidiaries Case

---

[5]      The number of parties to whom the Tax Form Notice was sent constituted approximately 1/3 of the total number of Holders of Allowed Claims. Prior to sending the Tax Form Notice, the Debtors determined that they already possessed the requisite tax information for the remaining Allowed Claims Holders.

Closing Motion, thereby closing the chapter 11 cases of each of the Merged Subsidiaries [Docket

no. 31880] (the "Merged Subsidiaries Case Closing Order").

### REMAINING OPEN CLAIMS

11.    All remaining, unresolved claims against the Reorganized Debtors are against

either Grace or Grace-Conn., with the exception of the Surviving Claims, which are held by SGH

Enterprises ("SGH," f/k/a Samson Hydrocarbons) against Grace Energy Corp.  SGH also filed

these claims against Grace-Conn.  The Final Decree will provide for each of the Surviving

Claims to remain open against Grace-Conn., with no effect on SGH's rights as to the Surviving

Claims.

12.    There are also a number of Allowed Claims: (i) pursuant to which distributions

were made on or after the Effective Date, and the distribution checks were returned, or (ii) no

distribution was made in satisfaction thereof, because the Holders did not return a Form W-9 or

Form W-8BEN, as appropriate.  The Reorganized Debtors intend to make distributions to those

Holders to the extent that such Holders timely furnish updated addresses or return properly

completed Forms W-9 or W-8BEN, as needed.  The Final Decree will provide that the rights of

such Holders under the Plan will not be affected.

### RELIEF REQUESTED

13.    By this Motion, the Reorganized Debtors seek entry of a Final Decree,

substantially in the form attached hereto as Exhibit A: (a) closing the Grace Subsidiaries'

Chapter 11 Cases; (b) removing the Grace Subsidiaries' Chapter 11 Cases from the Joint

Administration Order, and (c) waiving the requirement that the Reorganized Debtors file a final

report for the Grace Subsidiaries.

<u>ANALYSIS</u>

14.    Bankruptcy Code section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).    Fed. R. Bankr. P. 3022, which implements Bankruptcy Code section 350, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.    Finally, Del. Bankr. P. 3022-1(a) provides that "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid." D. Del. Bankr. L.R. 3022-1(a).

15.    The Advisory Committee Notes to Fed. Bankr. P. 3022 set forth the following non-exclusive factors to be considered in determining whether a case has been fully administered, including whether:

- The order confirming the plan has become final;

- Deposits required by the plan have been distributed;

- The property proposed by the plan to be transferred has been transferred;

- The debtor or its successor has assumed the business or the management of the property dealt with by the plan;

- Payments under the plan have commenced; and

- All motions, contested matters, and adversary proceedings have been finally resolved.

16.    Courts have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, Case No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del.

June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990));

*see also In re Omega Optical, Inc.*, 476 B.R. 157, 167 (Bankr. E.D. Pa. 2012).

17.     Here, for the reasons set forth below—which are in the main the same reasons set forth in the Merged Subsidiaries Case Closing Motion—the Grace Subsidiaries' Chapter 11 Cases have been fully administered within the meaning of Bankruptcy Code section 350, making it appropriate for the Court to enter the Final Decree closing the Grace Subsidiaries' Chapter 11 Cases.

- *First*, there are no remaining open claims against the Grace Subsidiaries, except for three claims by SGH, which were also filed against Grace-Conn. Thus claimants will not be affected by closing the Grace Subsidiaries' Chapter 11 Cases; and

- *Second*, with the Effective Date having occurred, there is no benefit to the Court, the Reorganized Debtors, creditors, or other parties-in-interest in keeping the Grace Subsidiaries' Chapter 11 Cases open.

As discussed above, the form of Final Decree also provides that closure of the Grace Subsidiaries' Chapter 11 Cases shall not affect the rights of Holders of Allowed Claims having undeliverable distributions. All such distributions shall be treated as provided for in the Plan.

18.     In addition, the factors set forth in the Advisory Committee Notes indicate that the Grace Subsidiaries' Chapter 11 Cases have been fully administered:

- The Confirmation Order has become final and is non-appealable;

- The property proposed by the plan to be transferred was transferred on the Effective Date;

- The Reorganized Debtors have assumed the business and management of the property dealt with by the Plan;

- Payments under the Plan have commenced, and no payments or other distributions will be made from the Grace Subsidiaries' respective estates; and

- The Grace Subsidiaries are not needed to resolve any of the remaining claims objections (whether pending or to be filed in the future), which are the only matters now pending before the Court. Grace and Grace-Conn. are the true parties-in-interest in those claims objections. Therefore, the Grace Subsidiaries' cases need not remain open.

19.    The Court should, for the same reasons, remove the Grace Subsidiaries from the Joint Administration Order.  Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Removing the Grace Subsidiaries' Chapter 11 Cases from the Joint Administration Order will permit Grace and Grace-Conn. to more expeditiously and efficiently administer their Chapter 11 Cases.

20.    Furthermore, closing the Grace Subsidiaries' Chapter 11 Cases and removing the Grace Subsidiaries from the Joint Administration Order will relieve the Court, the U.S. Trustee, and the Reorganized Debtors from the burden of continuing to monitor and administer those cases.  Granting the relief sought herein will also spare the Reorganized Debtors from incurring unnecessary expenses, including further quarterly fees under 28 U.S.C. § 1930, in connection with the Grace Subsidiaries.

21.    Finally, the Reorganized Debtors request the Court waive the Del. Bankr. L. R. 3022-1(c) requirement for a final report.  All remaining open, unresolved claims are against either Grace or Grace-Conn., and substantially all of the Reorganized Debtors' businesses and assets reside in either Grace or Grace-Conn.  In addition, Grace and Grace-Conn. will continue to administer and account for their assets and liabilities pursuant to the Plan, and will file a final report in connection with a request to close their Chapter 11 Cases.  Consequently, filing a final report for each of the Grace Subsidiaries would not be helpful to the U.S. Trustee, creditors, or other parties-in-interest.

22.    The Court granted the same relief to the Reorganized Debtors in closing the Merged Subsidiaries' Chapter 11 Cases in March 2014, for many of the same reasons.  *See* Merged Subsidiaries Case Closing Order [Docket no. 31880].  This Court and other Courts in

this district have also granted similar relief in other complex chapter 11 cases. *See, e.g. In re Advanta Corp.*, Case No. 09-13931 (KJC) (Bankr. D. Del. Dec. 30, 2013) [Docket no. 1599] (closing the cases of certain debtors and granting a waiver of reporting requirements); *see also In re Jackson Hewitt Tax Service, Inc.*, Case No. 11-11587 (MFW) (Bankr. D. Del. February 5, 2013) [Docket no. 757] (closing the cases of certain debtors); *In re Visteon Corp.*, Case No. 09-11786 (CSS) (Bankr. D. Del. Nov. 20, 2012) [Docket no. 5720] (same).

## NO PREVIOUS MOTION

23.     No previous motion for the relief sought herein has been made to this or any other court.

## NOTICE

24.     Notice of this Motion has been given to:  (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) SGH.  To comply with Local Rule 3022-1(b), notice of this Motion has also been given to:  (x) the Reorganized Debtors and (y) counsel for the official committees appointed in the Chapter 11 Cases.  In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors request the Court enter the Final Decree in substantially the form attached hereto as Exhibit A: (i) closing the Grace Subsidiaries' Chapter 11 Cases; (ii) removing those cases from the Joint Administration Order; (iii) waiving the requirement that the Reorganized Debtors file a final report for the Grace Subsidiaries; and (iv) granting such other relief as may be appropriate.

Dated:  September 16, 2014

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
Jeffrey W. Gettleman
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors