# Exhibit A

## Form of Final Decree

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> W. R. GRACE & CO., et al.,[1] <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Reorganized Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 01-01139 (KJC) <br> ) <br> ) Darex Puerto Rico, Inc. 01-01150 (KJC); Dewey and Almy, LLC 01-01152 (KJC); Gloucester New Communities Company, Inc. 01-01160 (KJC); Grace Chemical Company of Cuba 01-01163 (KJC); Grace Energy Corporation 01-01166 (KJC); Grace Europe, Inc., 01-01168 (KJC); Grace International Holdings, Inc. 01-01172 (KJC); Grace PAR Corporation 01-01174 (KJC); W. R. Grace Capital Corporation 01-01179 (KJC); W. R. Grace Land Corporation 01-01180 (KJC); Guanica-Caribe Land Development Corporation 01-01183 (KJC); Hanover Square Corporation 01-01184 (KJC); Kootenai Development Company 01-01186 (KJC); Remedium Group, Inc. 01-01194 (KJC); Water Street Corporation 01-01196 (KJC) <br> ) <br> ) Re docket no. _____ <br> ) Hearing Agenda item no. _____ |

**FINAL DECREE: (A) CLOSING CERTAIN OF THE CHAPTER 11 CASES; (B) REMOVING SUCH CASES FROM THE JOINT ADMINISTRATION ORDER; AND (C) WAIVING THE REQUIREMENT TO FILE A FINAL REPORT FOR SUCH CASES**

Upon consideration of the *Motion for a Final Decree: (a) Closing Certain of the Chapter 11 Cases; (b) Removing Such Cases from the Joint Administration Order; and (C) Waiving the Requirement to File a Final Report for Such Cases* (the "Motion), it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties-in-interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

---

[1] The Reorganized Debtors comprise the following entities: W. R. Grace & Co., W. R. Grace & Co.-Conn., Darex Puerto Rico, Inc., Dewey and Almy, LLC, Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc., Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. and Water Street Corporation.

*Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1. The Motion is granted in its entirety.

2. The Grace Subsidiaries' chapter 11 cases (the "Chapter 11 Cases") are hereby closed effective as of the date of entry of this Final Decree.[3]

3. Entry of this Final Decree is without prejudice to the rights of W. R. Grace & Co. ("Grace"), W. R. Grace & Co.-Conn. ("Grace-Conn."), or any other party-in-interest to seek to reopen one or more of the Grace Subsidiaries' Chapter 11 Cases.

4. The Grace Subsidiaries and their Chapter 11 Cases are hereby removed from the Joint Administration Order.

5. The Chapter 11 Cases of Grace and Grace–Conn. shall remain open and subject to the terms of the Joint Administration Order.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket no. 26368] (the "Plan").

[3] The "Grace Subsidiaries" comprise: Darex Puerto Rico, Inc. 01-01150 (KJC); Dewey and Almy, LLC 01-01152 (KJC); Gloucester New Communities Company, Inc. 0 1 -0 1160 (KJC); Grace Chemical Company of Cuba 01-01163 (KJC); Grace Energy Corporation 01-01166 (KJC); Grace Europe, Inc., 01-01168 (KJC); Grace International Holdings, Inc. 01-01172 (KJC); Grace PAR Corporation 01-01174 (KJC); W. R. Grace Capital Corporation 01-01179 (KJC); W. R. Grace Land Corporation 01-01180 (KJC); Guanica-Caribe Land Development Corporation 01-01183 (KJC); Hanover Square Corporation 01-01184 (KJC); Kootenai Development Company 01-01186 (KJC); Remedium Group, Inc. 01-01194 (KJC); Water Street Corporation 01-01196 (KJC).

6.  The Claims identified in Exhibit C to the Motion (the "Surviving Claims") shall be deemed to be Claims against Grace-Conn., and shall be without prejudice to Grace, Grace-Conn., or the respective claimants.

7.  Nothing in this Final Decree shall affect any heretofore undelivered distributions to Holders of Allowed Claims against any of the Grace Subsidiaries, and all such undelivered distributions shall be treated as provided for in the Plan.

8.  The requirement that the Grace Subsidiaries file a final report pursuant to Local Rule 3022-1(c) is hereby waived. No later than October 31, 2014, Grace and Grace-Conn. shall file a post-confirmation report for the Reorganized Debtors, including the Grace Subsidiaries. The information included in such post-confirmation report shall be current as of September 30, 2014.

9.  To the extent not already paid, the fees required to be paid to the U.S. Trustee by the Grace Subsidiaries pursuant to 28 U.S.C. § 1930(a)(6) shall be paid by Grace and Grace-Conn. no later than October 31, 2014.

10. The Clerk of the Court shall enter this Final Decree individually on the docket of each of the Grace Subsidiaries and thereafter such dockets shall be marked as "Closed."

11. Grace, Grace-Conn., and BMC Group, Inc. as notice and claims agent, are authorized to take all actions that may be necessary to undertake the relief granted in this Final Decree.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the Local Rules are satisfied by such notice.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Final Decree and shall retain jurisdiction over the Grace Subsidiaries' Chapter 11 Cases pursuant to Plan Art. 10.

14. Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, or 9014 of or otherwise, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

Dated: _____, 2014

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge