## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **W.R. GRACE & CO.**, *et al.*, | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (KJC)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING THE FINAL APPLICATION OF BLACKSTONE ADVISORY PARTNERS L.P. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY OUT-OF-POCKET EXPENSES INCURRED FOR THE PERIOD FROM APRIL 2, 2001 THROUGH FEBRUARY 3, 2014

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Final Application of Blackstone Advisory Partners L.P. for Compensation for Services Rendered and Reimbursement of Actual and Necessary Out-of-Pocket Expenses Incurred for the Period from April 2, 2001 through February 3, 2014</u> (the "Application").

### BACKGROUND

1.      Blackstone Advisory Partners L.P. ("Blackstone") was retained as financial advisor to the Debtors.  In the Application, Blackstone seeks approval of fees and expenses as follows: fixed fees totaling $150,000.00 and no expenses for its services from January 1, 2014 through January 31,

2014 (the "Fifty-Second Interim Period"),[1] and final approval of fees totaling $27,219,166.67[2] and

expenses totaling $299,446.21[3] for its services from April 2, 2001 through February 3, 2014 (the

"Final Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained

herein, we reviewed in detail the Applications in their entirety, including each of the time and

expense entries included in the exhibits to the Applications, for compliance with 11 U.S.C. § 330,

Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of

Delaware, Amended Effective February 1, 2014 (the "Local Rules"), and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for

consistency with precedent established in the United States Bankruptcy Court for the District of

Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court

---

[1]Blackstone requested approval of these fees in the Forty-Seventh (Cumulative) Quarterly Interim Fee
Application of Blackstone Advisory Partners L.P. for the Period of October 1, 2013 through February 3,
2014 (Dkt. # 32021). We previously addressed Blackstone's Monthly Advisory Fees for October 1, 2013
through December 31, 2013, as well as Blackstone's request for a Restructuring Fee, in separate final
reports. However, we agreed with Debtors' counsel that Blackstone's fees and expenses for January 1,
2014 through January 31, 2014 would be addressed in our review of its final fee application.

[2]We note that the total of the fees requested in Blackstone's 47 prior fee applications, plus the
compensation sought for the Fifty-Second Interim Period, and the Dow Transaction (*see* paragraph 5), is
$27,219,166.67. No reductions have been ordered by the Court for the prior periods, which periods are
discussed in more detail in paragraph 16, and thus Blackstone has deducted no sums from this amount to
arrive at the figure it seeks of $27,219,166.67. We note that the Court has ruled on the First through
Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[3]We note that the total of the expenses requested in Blackstone's 47 prior fee applications, plus the
expenses sought for the Fifty-Second Interim Period, and the Dow Transaction (*see* paragraph 10), is
$318,141.66. It appears that Blackstone has deducted from this amount all of the reductions ordered by
the Court for the prior periods, which periods are discussed in more detail in paragraph 16, to arrive at
the figure it seeks of $299,446.21. We note that the Court has ruled on the First through Fifty-First
Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

of Appeals.  We served an initial report on Blackstone based upon our review, and we received a

response from Blackstone, portions of which response are quoted herein.

## DISCUSSION

### Fifty-Second Interim Period

3.     We have no issues with, or objections to, Blackstone's fees for the Fifty-Second

Interim Period.

4.     Thus, we recommend approval of $150,000.00 in fees for Blackstone's services for

the Fifty-Second Interim Period.

### Dow Transaction

5.     We noted that included in Blackstone's final fee request of $27,219,166.67 is a

$5,000,000.00 Transaction Fee sought for Blackstone's services in connection with the acquisition

of Dow Chemical's Polypropylene Licensing & Catalysts business ("Dow Transaction").  We further

noted that, pursuant to the Engagement Agreement between Blackstone and the Debtors, dated

October 15, 2013 (the "Engagement Letter"),[4] the Transaction Fee is "payable in cash in the amount

of 1.00% of the Consideration for the Business at consummation of a Transaction."  We asked

Blackstone to provide an explanation supporting its entitlement to the $5,000,000.00 Transaction

Fee, including (a) confirmation of the occurrence of a Transaction, within the meaning of the

Engagement Letter, (b) a summary of the services actually performed by Blackstone, along with any

time records of such services, and (c) an explanation for how the $5,000,000.00 Transaction Fee was

---

[4]The Court approved this Engagement Agreement by order dated December 6, 2013.  *See* Order Pursuant
to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) and 2016 Amending the Retention
Order Authorizing the Employment and Retention of The Blackstone Group L.P. as Financial Advisor to
the Debtors and Debtors in Possession to Include Additional Necessary Financial Advisory Services
*Nunc Pro Tunc* to October 15, 2013 (Dkt. #31442) (the "Modified Retention Order"), at ¶ 2.

calculated.  Blackstone's response is attached as <u>Response Exhibit 1</u>.  Based upon Blackstone's response, it appears to us that the conditions precedent to payment of the $5 million Transaction Fee have been satisfied.  Thus, we have no objection to the Transaction Fee on that basis.

6.    We further note that Blackstone was retained pursuant to §§ 327(a) and 328(a).[5] Section 328(a) provides that a compensation structure approved under section 328 may be modified at a later date only if it proves to have been "improvident in light of developments not capable of being anticipated at the time of fixing of such terms and conditions."  11 U.S.C. § 328(a).  We interpret the "improvident" standard as authorizing a revision in fee structures where an applicant reaps a windfall or suffers a hardship, where its compensation is not tied to the number of hours worked, and unforeseeable developments result in the applicant spending far less or far more time to achieve the result to which the compensation was tied.  The courts, however, have generally held that few developments are truly unforeseeable (*i.e.*, "not capable of being anticipated") as opposed to merely unforeseen.  The importance of this distinction was addressed by the Second Circuit Court of Appeals:

> Surprisingly few cases have construed this language, but those that have make it evident that it is a high hurdle to clear.  According to the Fifth Circuit, section 328(a) requires "the bankruptcy court ... [to] determine [ ] whether developments, which made the approved fee plan improvident, had been incapable of anticipation at the time the award was approved."  *See In re Barron*, 325 F.3d 690, 693 (5th Cir. 2003). For example, simply because the size and scope of a settlement had not actually been anticipated, it does not follow that it was *incapable of anticipation.  See id.* at 693-94.  Similarly, the fact that contingency fees may appear excessive in retrospect is not

---

[5]Although not specifically addressed in Blackstone's Modified Retention Order or in its original retention order, the titles of both orders state that Blackstone is being retained pursuant to §§ 327(a) and 328(a). Blackstone's original retention order carves out an exception for the $5 million Restructuring Fee (not to be confused with the Transaction Fee) which, according to the original order, is to be evaluated  under the "reasonableness" standard of Section 330(a).  We have addressed the Restructuring Fee in a separate final report, and the Court has already given final approval to same.

a ground to reduce them because "early success by counsel is always a possibility capable of being anticipated." *In re Gilbertson*, No. 06-C-610, 2007 WL 433096, at *5 (E.D. Wisc. Feb. 4, 2007).

*In re Smart World Technologies, LLC,* 552 F.3d 228, 234-235 (2nd Cir. 2009).

7.     Moreover, a party seeking to alter a fee arrangement approved pursuant to section 328(a) has the burden of proof with respect to the improvidence standard. *See In re Yablon*, 136 B.R. 88, 91 (Bankr. S.D.N.Y. 1992).   In this instance, we have no reason to think that the compensation structure approved by the Court has turned out to be "improvident."  Moreover, we are unaware of any relevant developments that were "not capable of being anticipated" at the time that this Court approved the compensation structure for Blackstone.  Nor has any party, through the filing of an objection or otherwise, brought such developments to our attention.  Accordingly, we have no objection to Blackstone's Transaction Fee.

8.     We note that in its response to our initial report, Blackstone stated that it "expended approximately 3,172.4 hours providing financial advisory services to the Company."  If so, this would make its effective hourly rate for the Dow Transaction $1,576.09.[6]

9.     We noted that Blackstone also sought expenses totaling $19,488.46 for its work on the Dow Transaction.  We asked Blackstone to provide the detail for these expenses, and Blackstone provided the information on Response Exhibit 3.  We have addressed these expenses in the following paragraphs.

10.    We noted the following sets of identical expense entries:

---

[6] We asked Blackstone if it kept any time records for this period, and Blackstone provided us with detailed time records for the months of April, May, and June 2010 and September 2010 through July 2011 which totaled 2,752.4 hours.  However, Blackstone was able to provide only a summary of its time for the months of June 2013 through October 2013, which summary reflected a total of 420 hours.  We have attached a copy of Blackstone's time records as Response Exhibit 2.

| 10/02/13 | 243.55 Schumacher (catered breakfast meal for 15 people during client meeting held @ Blackstone) |
| 10/02/13 | 243.55 Schumacher (catered breakfast meal for 15 people during client meeting held @ Blackstone) |
| 10/02/13 | 482.00 Schumacher (catered lunch meal for 15 people during client meeting held @ Blackstone) |
| 10/02/13 | 482.00 Schumacher (catered lunch meal for 15 people during client meeting held @ Blackstone) |
| 10/03/13 | 243.55 Schumacher (catered breakfast meal for 15 people during client meeting held @ Blackstone) |
| 10/03/13 | 243.55 Schumacher (catered breakfast meal for 15 people during client meeting held @ Blackstone) |
| 10/04/13 | 243.55 Schumacher (catered breakfast meal for 15 people during client meeting held @ Blackstone) |
| 10/04/13 | 243.55 Schumacher (catered breakfast meal for 15 people during client meeting held @ Blackstone) |

We asked Blackstone if any of the entries were duplicates, and Blackstone responded:

> The catered meal expenses referenced in your message are separate and distinct charges, and were incurred during negotiations related to the Dow acquisition.

In addition, Blackstone provided us with copies of each of the receipts for these expenses (*see* Response Exhibit 4). We note that for each of the catered meals which we questioned above, Blackstone provided two receipts, both of which were virtually identical, except for the invoice number. Blackstone was unable to provide an explanation for why the caterer would have issued identical receipts for the same meal. Because these receipts have different invoice numbers and have minor variations, we will accept Blackstone's representation that they are not duplicates but are, in fact, separate billings. However, if that is the case, then the total charge of $964.00 (2 × $482.00) for the 10/02/13 lunch meeting exceeds our recommended $55.00 lunch cap for New York City by

$139.00.[7]  Thus, we recommend a reduction of $139.00 in expenses.

11.    We noted taxi charges for late night or weekend work totaling $1,001.75, as well as late night or weekend working meals for employees totaling $1,627.58.  Ordinarily, if a professional bills three or more hours on a case in one day, we do not object to the individual's reimbursement request for an overtime meal or late night taxi home.  However, because Blackstone was unable to provide any time records for the period during which these expenses were billed, it is impossible for us to evaluate whether or not the expenses were necessary or a reasonable charge against the estate.  Thus, we must recommend disallowance of the $1,001.75 in late night and weekend taxi charges, as well as the $1,627.58 in working meals, for a total reduction of $2,629.33 in expenses.

12.    We noted that Blackstone billed for 19,981 black and white copies at a rate of $0.11 per page.  The Local Rules limit copying charges to $0.10 per page.[8]  Thus, we recommend that reimbursement for these copying charges be reduced to $0.10 per page, for a reduction of $199.81 in expenses.

13.    Thus, we recommend approval of $5,000,000.00 in fees and $16,520.32 in expenses ($19,488.46 minus $2,968.14) for Blackstone's services in connection with the Dow Transaction.

## Final Application Period

14.    We further note that, excluding its work on the Dow Transaction, Blackstone recorded 22,871.70 hours worked on the case, which makes its effective hourly rate for the Final

---

[7]A lunch for 15 people would be capped at $825.00 (or 15 × $55).  Our suggested cap for breakfast in New York City is $35 per person, so the breakfast charges are within the cap amount.

[8]*See* DEL. BANKR. L.R. 2016-2(e)(iii): "The motion shall state the requested rate for copying charges (which shall not exceed $.10 per page),..."

Application Period $971.47.[9]

15.     We noted that although Blackstone requested final approval of expenses totaling $299,446.21, we calculated Blackstone's total expenses (including the Dow Transaction expenses) at $299,123.46, for a difference of $322.75.[10]  We provided Blackstone with our calculations, and Blackstone responded: "Blackstone agrees to reduce its reimbursement request by $322.75."  We appreciate Blackstone's response and recommend that Blackstone's final expense request be reduced by $322.75.

### Prior Interim Applications

16.     We note that we previously filed the following final reports for Blackstone's prior interim applications, which final reports we incorporate by reference herein, and we also note the following orders that ruled on Blackstone's prior interim fee applications:

1st- 3rd Periods:     Fee Auditor's Final Report Regarding Fee Application of The Blackstone Group L.P. for the First, Second and Third Interim Periods (Docket #2836), filed on or about October 18, 2002, in which we recommended approval of fees totaling $1,569,166.67 and expenses totaling $38,677.48, reflecting our recommended reduction of $15,115.34 in expenses, as further explained in paragraph 6 of that final report.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the First, Second and Third Periods, dated November 25,

---

[9]We arrived at this figure by dividing Blackstone's total fees in the case (excluding the Dow Transaction Fee) of $22,219,166.67 by 22,871.70 hours worked.

[10]This amount does not reflect our recommended reductions for the Dow Transaction expenses (*see* paragraphs 11 and 12).

2002 (Docket #3091).

4th Period:    Fee Auditor's Final Report Regarding Fourth Interim Quarterly Fee Application of The Blackstone Group L.P. (Docket #2480), filed on or about July 31, 2002, in which we recommended approval of fees totaling $525,000.00 and expenses totaling $5,743.53, reflecting our recommended reduction of $1,748.34 in expenses, as further explained in paragraphs 6 and 8 of that final report.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Fourth Period, dated October 9, 2002 (Docket #2797).

5th Period:    Fee Auditor's Final Report Regarding Fee Application of The Blackstone Group L.P. for the Fifth Interim Period (Docket #3016), filed on or about November 18, 2002, in which we recommended approval of fees totaling $525,000.00 and expenses totaling $3,953.17.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Fifth Period, dated November 25, 2002 (Docket #3092).

6th Period:    Fee Auditor's Final Report Regarding Interim Fee Application of The Blackstone Group L.P. for the Sixth Interim Period (Docket #3305), filed on or about February 3, 2003, in which we recommended approval of fees totaling $525,000.00 and expenses totaling $7,618.49, reflecting our recommended reduction of $144.33 in expenses, as further explained in paragraph 6 of that final report.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Sixth Period, dated

March 14, 2003 (Docket #3511).

7th Period:    Fee Auditor's Final Report Regarding Fee Application of The Blackstone Group L.P. for the Seventh Interim Period (Docket #3722), filed on or about April 29, 2003, in which we recommended approval of fees totaling $525,000.00 and expenses totaling $5,537.49. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Seventh Period, dated July 28, 2003 (Docket #4157).

11th Period:   Fee Auditor's Final Report Regarding Interim Fee Application of The Blackstone Group L.P. for the Eleventh Interim Period. (Docket #5663), filed on or about May 28, 2004, in which we recommended approval of fees totaling $525,000.00 and expenses totaling $10,026.06, reflecting our recommended reduction of $37.77 in expenses, as further explained in paragraph 5 of that final report. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Eleventh Period, dated June 16, 2004 (Docket #5822).

13th Period:   Fee Auditor's Final Report Regarding Interim Fee Application of The Blackstone Group L.P. for the Thirteenth Interim Period (Docket #6970), filed on or about November 17, 2004, in which we recommended approval of fees totaling $525,000.00 and expenses totaling $2,713.02, reflecting our recommended reduction of $120.00 in expenses, as further explained in paragraph 5 of that final report. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Thirteenth Period, dated

January 26, 2005 (Docket #7622).

14th Period:    Fee Auditor's Final Report Regarding Interim Fee Application of The Blackstone Group L.P. for the Fourteenth Interim Period. (Docket #7969), filed on or about March 7, 2005, in which we recommended approval of fees totaling $525,000.00 and expenses totaling $22,003.84, reflecting our recommended reduction of $154.86 in expenses, as further explained in paragraphs 5, 6 and 7 of that final report.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Fourteenth Period, dated March 22, 2005 (Docket #8081).

15th Period:    Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Fifteenth Interim Period (Docket #8561), filed on or about June 6, 2005, in which we recommended approval of fees totaling $525,000.00 and expenses totaling $9,134.68.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Fifteenth Period, dated June 29, 2005 (Docket #8728).

16th Period:    Fee Auditor's Final Report Regarding Interim Fee Application of The Blackstone Group L.P. for the Sixteenth Interim Period (Docket #9372), filed on or about September 9, 2005, in which we recommended approval of fees totaling $525,000.00 and expenses totaling $4,106.79.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Sixteenth Period, dated September 27, 2005 (Docket #9513).

17th Period:    <u>Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Seventeenth Interim Period</u> (Docket #11168), filed on or about November 28, 2005, in which we recommended approval of fees totaling $200,000.00 and expenses totaling $7,708.56. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Seventeenth Period</u>, dated December 21, 2005 (Docket #11402).

18th Period:    <u>Fee Auditor's Final Report Regarding Interim Fee Application of The Blackstone Group L.P. for the Nineteenth[11] Interim Period</u> (Docket #12682), filed on or about June 20, 2006, in which we recommended approval of fees totaling $150,000.00 and expenses totaling $4,702.70.  The Court approved $150,000.00 in fees and $830.10 in expenses in the <u>Order Approving Fourteenth Quarterly Interim Fee Application of Blackstone Group L.P.</u> dated October 23, 2006 (Docket #13441).

19th Period:    <u>Fee Auditor's Final Report Regarding Interim Fee Application of The Blackstone Group L.P. for the Nineteenth Interim Period</u> (Docket #13504), filed on or about October 26, 2006, in which we recommended approval of fees totaling $300,000.00 and expenses totaling $3,129.40.  These recommendations were adopted in the <u>Order Approving Fifteenth Quarterly Interim Fee Application of Blackstone Group L.P.</u>, dated May 3, 2007 (Docket #15495).

---

[11] The title of the report should have read "Eighteenth Interim Period," not "Nineteenth Interim Period."

20th Period:    Fee Auditor's Amended Final Report Regarding Interim Fee Application of The Blackstone Group L.P. for the Twentieth Interim Period (Docket #13171), filed on or about September 8, 2006, in which we recommended approval of fees totaling $250,000.00 and expenses totaling $3,203.76.    These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Twentieth Period, dated September 26, 2006 (Docket #13298).

21st Period:    Fee Auditor's Final Report Regarding Interim Fee Application of The Blackstone Group L.P. for the Twenty-First Interim Period (Docket #13965), filed on or about December 8, 2006, in which we recommended approval of fees totaling $300,000.00 and expenses totaling $4,024.52.    These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Twenty-First Period, dated December 19, 2006 (Docket #14069).

22nd Period:    Fee Auditor's Final Report Regarding Interim Fee Application of The Blackstone Group L.P. for the Twenty-Second Interim Period (Docket #14778), filed on or about March 7, 2007, in which we recommended approval of fees totaling $275,000.00 and expenses totaling $7,455.76. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Twenty-Second Period, dated May 3, 2007 (Docket #15494).

23rd Period:    Fee Auditor's Final Report Regarding Interim Fee Application of The

Blackstone Group L.P. for the Twenty-Third Interim Period (Docket #15970), filed on or about June 6, 2007, in which we recommended approval of fees totaling $425,000.00 and expenses totaling $3,318.03. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Twenty-Third Period, dated June 20, 2007 (Docket #16105).

24th Period: Fee Auditor's Final Report Regarding Interim Fee Application of The Blackstone Group L.P. for the Twenty-Fourth Interim Period (Docket #16787), filed on or about September 10, 2007, in which we recommended approval of fees totaling $300,000.00 and expenses totaling $7,208.96. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Twenty-Fourth Period, dated September 25, 2007 (Docket #16916).

25th Period: Fee Auditor's Final Report Regarding Interim Fee Application of The Blackstone Group L.P. for the Twenty-Fifth Interim Period (Docket #17525), filed on or about December 3, 2007, in which we recommended approval of fees totaling $350,000.00 and expenses totaling $3,878.90. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Twenty-Fifth Period, dated December 13, 2007 (Docket #17629).

26th Period: Fee Auditor's Amended Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Twenty-Sixth Interim

Period (Docket #18176), filed on or about February 29, 2008, in which we recommended approval of fees totaling $200,000.00 and expenses totaling $2,370.08. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Twenty-Sixth Period</u>, dated March 12, 2008 (Docket #18270).

27th Period:   <u>Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Twenty-Seventh Interim Period</u> (Docket #18887), filed on or about June 9, 2008, in which we recommended approval of fees totaling $225,000.00 and expenses totaling $2,031.02. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Twenty-Seventh Period</u>, dated June 23, 2008 (Docket #18989).

28th Period:   <u>Fee Auditor's Final Report Regarding Fee Application of Blackstone Advisory Services L.P. for the Twenty-Eighth Interim Period.</u> (Docket #19285), filed on or about August 12, 2008, in which we recommended approval of fees totaling $325,000.00 and expenses totaling $4,103.99, reflecting our recommended reduction of $360.28 in expenses, as further explained in paragraph 4 of that final report. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Twenty-Eighth Period</u>, dated October 1, 2008 (Docket #19663).

29th Period:   <u>Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Twenty-Ninth Interim Period</u> (Docket

#20150), filed on or about November 26, 2008, in which we recommended approval of fees totaling $450,000.00 and expenses totaling $8,417.45. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Twenty-Ninth Period, dated December 17, 2008 (Docket #20283).

30th Period:    Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Thirtieth Interim Period (Docket #21063), filed on or about March 21, 2009, in which we recommended approval of fees totaling $525,000.00 and expenses totaling $12,482.08. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Thirtieth Period, dated April 2, 2009 (Docket #21173).

31st Period:    Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Thirty-First Interim Period (Docket #22047), filed on or about June 10, 2009, in which we recommended approval of fees totaling $300,000.00 and expenses totaling $11,180.04. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Thirty-First Period, dated July 7, 2009 (Docket #22354).

32nd Period:    Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Thirty-Second Interim Period (Docket #23240), filed on or about September 15, 2009, in which we recommended approval of fees totaling $400,000.00 and expenses totaling $2,763.64. These recommendations were adopted in the Order Approving Quarterly Fee

Applications for the Thirty-Second Period, dated September 28, 2009 (Docket #23352).

33rd Period: <u>Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Thirty-Third Interim Period</u> (Docket #23927), filed on or about December 3, 2009, in which we recommended approval of fees totaling $500,000.00 and expenses totaling $10,506.57. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirty-Third Period</u>, dated December 11, 2009 (Docket #23996).

34th Period: <u>Fee Auditor's Amended Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Thirty-Fourth Interim Period</u> (Docket #24438), filed on or about March 11, 2010, in which we recommended approval of fees totaling $450,000.00 and expenses totaling $17,086.89.  These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirty-Fourth Period</u>, dated March 19, 2010 (Docket #24470).

35th Period: <u>Fee Auditor's Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Thirty-Fifth Interim Period</u> (Docket #24856), filed on or about May 28, 2010, in which we recommended approval of fees totaling $200,000.00 and expenses totaling $3,193.82.  These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirty-Fifth Period</u>, dated June 7, 2010 (Docket #24917).

36st Period:    Fee Auditor's Amended Combined Final Report Regarding Those Fee Applications with No Fee or Expense Issues for the Thirty-Sixth Interim Period (Docket #25384), filed on or about September 10, 2010, in which we recommended approval of fees totaling $325,000.00 and expenses totaling $5,872.21.  These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Thirty-Sixth Period, dated September 13, 2010 (Docket #25397).

37th Period:    Fee Auditor's Final Report Regarding Thirty-Third Quarterly Interim Fee Application of Blackstone Advisory Services L.P. for the Period of April 1, 2010 through June 30, 2010 (Docket #25798), filed on or about November 22, 2010, in which we recommended approval of fees totaling $525,000.00 and expenses totaling $16,894.44, reflecting our recommended reduction of $634.29 in expenses, as  further explained in paragraph 4 of that final report. These recommendations were adopted in the Order Approving Quarterly Fee Applications for the Thirty-Seventh Period, dated December 10, 2010 (Docket #25905).

38th Period:    Fee Auditor's Final Report Regarding Thirty-Fourth Quarterly Interim Fee Application of Blackstone Advisory Services L.P. for the Period of July 1, 2010 through September 30, 2010 (Docket #26485), filed on or about March 3, 2011, in which we recommended approval of fees totaling $175,000.00 and expenses totaling $8,122.41, reflecting our recommended reduction of $517.46 in expenses, as further explained in paragraphs 4 and 5 of that final report.

These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirty-Eighth Period</u>, dated March 25, 2011 (Docket #26627).

39th Period:    <u>Fee Auditor's Amended Combined Final Report Regarding Those Fee Applications with <i>De Minimis</i> or No Fee or Expense Issues for the Thirty-Ninth Interim Period</u> (Docket #27116), filed on or about June 21, 2011, in which we recommended approval of fees totaling $475,000.00 and expenses totaling $3,505.48, reflecting our recommended reduction of $185.53 in expenses, as further explained in footnote 8 of that final report. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Thirty-Ninth Period</u>, dated June 30, 2011 (Docket #27188).

40th Period:    <u>Fee Auditor's Amended Combined Final Report Regarding Those Fee Applications with <i>De Minimis</i> or No Fee or Expense Issues for the Fortieth Interim Period</u> (Docket #27507), filed on or about August 25, 2011, in which we recommended approval of fees totaling $475,000.00 and expenses totaling $4,611.86. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Fortieth Period</u>, dated September 20, 2011 (Docket #27622).

41st Period:    <u>Fee Auditor's Amended Combined Final Report Regarding Those Fee Applications with <i>De Minimis</i> or No Fee or Expense Issues for the Forty-First Interim Period</u> (Docket #28070), filed on or about December 2, 2011, in which

we recommended approval of fees totaling $525,000.00 and expenses totaling $1,888.31. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Forty-First Period</u>, dated December 14, 2011 (Docket #28150).

42nd Period:   <u>Fee Auditor's Combined Final Report Regarding Those Fee Applications with</u> <u>*De Minimis* or No Fee or Expense Issues for the Forty-Second Interim Period</u> (Docket #28548), filed on or about February 20, 2012, in which we recommended approval of fees totaling $375,000.00 and expenses totaling $1,881.26  These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Forty-Second Period</u>, dated March 23, 2012 (Docket #28705).

43rd Period:   <u>Fee Auditor's Combined Final Report Regarding Those Fee Applications with</u> <u>*De Minimis* or No Fee or Expense Issues for the Forty-Third Interim Period</u> (Docket #28900), filed on or about May 9, 2012, in which we recommended approval of fees totaling $150,000.00 and expenses totaling $1,565.95. These recommendations were adopted in the <u>Order Approving Quarterly Fee Applications for the Forty-Third Period</u>, dated June 14, 2012 (Docket #29054).

44th Period:   <u>Fee Auditor's Combined Final Report Regarding Those Fee Applications with</u> <u>*De Minimis* or No Fee or Expense Issues for the Forty-Fourth Interim Period</u> (Docket #29449), filed on or about August 13, 2012, in which we recommended approval of fees totaling $250,000.00 and expenses totaling

$2,502.68.  These recommendations were adopted in the <u>Order Approving</u> <u>Quarterly Fee Applications for the Forty-Fourth Period</u>, dated October 19, 2012 (Docket #29746).

45th Period:    <u>Fee Auditor's Amended Combined Final Report Regarding Those Fee</u> <u>Applications with *De Minimis* or No Fee or Expense Issues for the Forty-Fifth</u> <u>Interim Period</u> (Docket #29988), filed on or about December 4, 2012, in which we recommended approval of fees totaling $200,000.00 and expenses totaling $707.77.  These recommendations were adopted in the <u>Order Approving</u> <u>Quarterly Fee Applications for the Forty-Fifth Period</u>, dated December 11, 2012 (Docket #30036).

46th Period:    <u>Fee Auditor's Combined Final Report Regarding Those Fee Applications with</u> <u>*De Minimis* or No Fee or Expense Issues for the Forty-Sixth Interim Period</u> (Docket #30382), filed on or about March 7, 2013, in which we recommended approval of fees totaling $325,000.00 and expenses totaling $428.54.  These recommendations were adopted in the <u>Order Approving Quarterly Fee</u> <u>Applications for the Forty-Sixth Period</u>, dated March 27, 2013 (Docket #30440).

47th Period:    <u>Fee Auditor's Amended Combined Final Report Regarding Those Fee</u> <u>Applications with *De Minimis* or No Fee or Expense Issues for the Forty-</u> <u>Seventh Interim Period</u> (Docket #30840), filed on or about July 17, 2013, in which we recommended approval of fees totaling $175,000.00 and expenses totaling $341.40.  These recommendations were adopted in the <u>Order</u>

Approving Quarterly Fee Applications for the Forty-Seventh Period, dated

July 31, 2013 (Docket #30907).

48th Period:    Fee Auditor's Combined Final Report Regarding Those Fee Applications with

*De Minimis* or No Fee or Expense Issues for the Forty-Eighth Interim Period

(Docket #31080), filed on or about September 6, 2013, in which we

recommended approval of fees totaling $125,000.00 and expenses totaling

$77.32.  These recommendations were adopted in the Order Approving

Quarterly Fee Applications for the Forty-Eighth Period, dated September 24,

2013 (Docket #31158).

49th Period:    Fee Auditor's Combined Final Report Regarding Those Fee Applications with

*De Minimis* or No Fee or Expense Issues for the Forty-Ninth Interim Period

(Docket #31404), filed on or about November 26, 2013, in which we

recommended approval of fees totaling $200,000.00 and expenses totaling

$583.33.  These recommendations were adopted in the Order Approving

Quarterly Fee Applications for the Forty-Ninth Period, dated December 17,

2013 (Docket #31482).

50th Period:    Fee Auditor's Combined Final Report Regarding Those Fee Applications with

*De Minimis* or No Fee or Expense Issues for the Fiftieth Interim Period

(Docket #31838), filed on or about March 11, 2014, in which we

recommended approval of fees totaling $100,000.00 and expenses totaling

$1,109.36.  These recommendations were adopted in the Order Approving

Quarterly Fee Applications for the Fiftieth Period, dated March 31, 2014

(Docket #31963).

51st Period:    Fee Auditor's Combined Final Report Regarding Those Fee Applications with

_De Minimis_ or No Fee or Expense Issues for the Fifty-First Interim

Application Period (Docket #32197), filed on or about May 13, 2014, in which

we recommended approval of fees totaling $250,000.00 and expenses totaling

$1,261.96.  These recommendations were adopted in the Order Approving

Quarterly Fee Applications for the Fifty-First Period, dated May 23, 2014

(Docket #32216).

Restructuring

Fee:            Fee Auditor's Final Report Regarding the Restructuring Fee Sought in the

Forty-Seventh (Cumulative) Quarterly Interim Fee Application of Blackstone

Advisory Partners L.P. for the Period of October 1, 2013 through February 3,

2014 (Docket #32272), filed on or about July 7, 2014, in which we

recommended approval of a Restructuring Fee totaling $5,000,000.00.  These

recommendations were adopted in the Order Approving Restructuring Fee,

dated July 15, 2014 (Docket #32298).[12]

17.    We have reviewed the final reports and orders allowing fees and expenses for the prior

interim periods, and we do not believe there is any reason to change any of the amounts awarded for

the prior interim periods, except for the Eighteenth Interim Period.  In the order submitted to the

Court for the Eighteenth Interim Period, Blackstone's expenses were listed as $830.10, however, the

---

[12]We note that in this Order, the Court approved Blackstone's $5,000,000.00 Restructuring Fee on a final
basis.

correct amount of Blackstone's expenses was $4,702.70, for a difference of $3,872.60.  However,

because Blackstone's final expense request reflects the correct amount of $4,702.70, no adjustment

to Blackstone's final expense request is necessary.

## CONCLUSION

18.     Thus, we recommend final approval of $27,219,166.67[13] in fees and $296,155.32 in

expenses ($299,446.21[14] minus $3,290.89)[15] for Blackstone's services for the Final Application

Period.

---

[13]We note that the total of the fees requested in Blackstone's 47 prior fee applications, plus the compensation sought for the Fifty-Second Interim Period, and the Dow Transaction (*see* paragraph 5), is $27,219,166.67.  No reductions have been ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 16, and thus Blackstone has deducted no sums from this amount to arrive at the figure it seeks of $27,219,166.67.  We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[14]We note that the total of the expenses requested in Blackstone's 47 prior fee applications, plus the expenses sought for the Fifty-Second Interim Period, and the Dow Transaction (*see* paragraph 10), is $318,141.66.  It appears that Blackstone has deducted from this amount all of the reductions ordered by the Court for the prior periods, which periods are discussed in more detail in paragraph 16, to arrive at the figure it seeks of $299,446.21.  We note that the Court has ruled on the First through Fifty-First Interim Periods, but no ruling has been made on the Fifty-Second Interim Period.

[15]This $3,290.89 reduction includes a reduction of $2,968.14 in Blackstone's expenses for the Dow Transaction (*see* paragraphs 10, 11, and 12), as well as a $322.75 reduction to correct an error in Blackstone's final expense calculation (*see* paragraph 15).

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
          Warren H. Smith
          Texas State Bar No. 18757050

2235 Ridge Road, Suite 105
Rockwall, Texas 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 26th of September, 2014.

_____
Warren H. Smith

## SERVICE LIST
<u>Notice Parties</u>

**<u>The Applicant</u>**
John James O'Connell III
Senior Managing Director
Blackstone Advisory Partners L.P.
345 Park Avenue
New York, NY 10154

**<u>The Debtors</u>**
Richard Finke
Assistant General Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**<u>United States Trustee</u>**
Richard Schepacarter
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

**<u>Counsel for the Debtors</u>**
John Donley
Adam Paul
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**<u>Counsel to the Official Committee of Unsecured Creditors</u>**
Denise Wildes
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

**<u>Counsel to the Official Committee of Property Damage Claimants</u>**
Scott L. Baena
Jay Sakalo
Bilzin, Sumberg, Baena, Price & Axelrod
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Michael B. Joseph
Theodore J. Tacconelli
Lisa Coggins
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**<u>Counsel to the Official Committee of Personal Injury Claimants</u>**
Elihu Inselbuch
Rita Tobin
Caplin & Drysdale
600 Lexington Avenue, 21st Floor
New York, NY  10022-6000

Marla R. Eskin
Mark Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE  19801

**<u>Counsel to the Official Committee of Equity Holders</u>**
Philip Bentley
David E. Blabey, Jr.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier
Saul Ewing LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

**RESPONSE EXHIBIT 1**

As set forth in the Amended Agreement, as approved by the Amended Retention Order, Blackstone was retained by the Company to effect (a) any merger, consolidation, reorganization or other business combination pursuant to which Dow Chemical's Polypropylene Licensing & Catalysts business is combined with that of the Company or one or more persons formed by or affiliated with the Company, (b) the acquisition, directly or indirectly, by the Company or any of its affiliates of all or a majority of the assets of, or of any right to all or a majority of the revenues or income, of the Dow Chemical's Polypropylene & Catalysts business by way of a negotiated purchase, lease, joint venture, license, exchange or other means.  Pursuant to the Amended Agreement, Blackstone agreed to:

- Provide financial advisory services, including a general business and financial analysis, transaction feasibility analysis and valuation analysis;

- Assist in negotiations and develop a general transaction strategy; and

- Provide other financial advisory services which may be customarily rendered in connection with the transaction.

During the period of April 2010 through December 2013, Blackstone rendered the following advisory services to the Company in connection with the Dow Transaction:

- Providing financial advisory services, including a general business and financial analysis, transaction feasibility analysis and valuation analysis;

- Analyzing Chemical M&A precedent transactions from 2010-2013 highlighting various metrics including acquisition multiple, synergies as % of sales, and acquirer share price change post-acquisition announcement;

- Conducting extensive target due diligence with the Company including analysis of management's financial forecasts, volume and margin assumptions for both Licensing and Catalysts businesses, and commercialization of new Consista catalyst product;

- Performing extensive Polypropylene industry analysis;

- Working with the Company to refine operating model and synergy assumptions for the Company's Base Case;

- Performing financial valuation analysis including comparable company analysis, long-run multiple analysis, precedent transactions, Discounted Cash Flow (DCF), and Sum-of-the-Parts (SOTP);

- Preparing DCF deconstruction analysis based on a SOTP DCF methodology for the catalyst and licensing businesses;

- Analyzing transaction IRR based on various purchase prices and synergy assumptions;

- Performing accretion/dilution analysis as well as competitor ability to pay and liquidity analyses;

- Analyzing impact to the Company's share price post-transaction;

- Preparing creditor presentation which included overview of industry and competitor landscape, investment highlights, initial valuation and synergy analysis;

- Assisting in negotiations and developed a general transaction strategy;

- Advising the Company on the initial bid strategy for its Non-Binding Indication of Interest;

- Advising the Company on its final bid strategy;

- Advising the Company on all aspects of the Share Purchase Agreement negotiation process along with the Company's in-house and external counsel;

- Providing other financial advisory services which may be customarily rendered in connection with the transaction; and

- Facilitating the Company's due diligence and all interactions with target's management team and advisor (Citi), including, expert sessions covering EH&S, finance, accounting, R&D, human resources, intellectual property, information technology, sales & marketing, transition services, etc.

Blackstone's professionals devoted significant time and attention assisting the Company in the implementation of the Dow Transaction. Blackstone estimates that its professionals expended approximately 3,172.4 hours providing financial advisory services to the Company. A summary of the hours expended by Blackstone's professionals is outlined below:

| David Bradley | Senior Managing Director | 122.8 |
| Patrick Schumacher | Managing Director | 374.6 |
| Scott Simon | Managing Director | 76.1 |
| Christopher Yamamoto | Associate | 933.8 |
| Kathleen Wu | Associate | 393.2 |
| Nikola Pikula | Associate | 458.1 |
| Cathy Gao | Associate | 813.8 |
| | **Total Hours** | **3,172.4** |

Pursuant to the Amended Agreement, the Company agreed to pay Blackstone a transaction fee (the "Transaction Fee") payable in cash in the amount of 1% of the consideration for the business upon the consummation of the Dow Transaction, which occurred on December 2, 2013. The Transaction Fee was calculated as follows:

### Transaction Fee Calculation

| Purchase Price of Dow Chemical Business | $500,000,000.00 |
| Multiplied by 1% of Consideration | x 0.01 |
| **Total** | **$5,000,000.00** |