# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) Hearing Date: November 20, 2014, at 3:00 p.m. |
| | ) Response Deadline: November 3, 2014 |

## THIRTY-SECOND OMNIBUS OBJECTION TO CERTAIN ENVIRONMENTAL CLAIMS (SUBSTANTIVE OBJECTION)

### INTRODUCTION

In this *Thirty-Second Omnibus Objection to Certain Environmental Claims (Substantive Objection)* (the "32nd Omnibus Objection" or "Objection"), the above-captioned reorganized debtors (collectively, the "Reorganized Debtors" or "Grace," the pending bankruptcy cases being the "Chapter 11 Cases") have identified two claims set forth in Exhibit I (the "Environmental Claims") that should be disallowed by an order of this Court in the form of order attached to this Objection as Exhibit A. As of the Plan's Effective Date, the Reorganized Debtors had no outstanding obligations to any of the claimants filing the Environmental Claims.

In support of this Objection, the Reorganized Debtors respectfully state as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the*

---

[1] The Reorganized Debtors comprise the following 17 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace"), W. R. Grace & Co. Conn. ("Grace-Conn."), Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

*District of Delaware*, dated February 29, 2012.[2] This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.　　The predicates for this Objection are section 502 of the Bankruptcy Code, Fed.R.Bankr.P. 3007 and Del. Bankr. L.R. 3007-1.

### BACKGROUND

3.　　On February 3, 2014, the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11. *Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732]. On March 19, 2014, the Court entered its order closing the chapter 11 cases approximately 45 of the Reorganized Debtors [Docket no. 31880].

4.　　On September 16, 2014, the Reorganized Debtors filed their Motion for a Final Decree: (a) Closing Certain of the Chapter 11 Cases; (b) Removing Such Cases from the Joint Administration Order; and (C) Waiving the Requirement to File a Final Report for Such Cases [Docket no. 32401], which requests the Bankruptcy Court enter a final decree closing all of the remaining chapter 11 cases except for Grace and Grace-Conn. The objection deadline is October 6, 2014, and the matter is scheduled to be heard on October 14, 2014.

---

[2]　The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## THE ENVIRONMENTAL CLAIMS

5. For the reasons set forth below, the Reorganized Debtors respectfully request the Court enter the Order disallowing each of the Environmental Claims. The facts and circumstances set forth in this Objection are supported by the *Declaration of Robert J. Medler in Support of the Debtors' Thirty-Second Omnibus Objection to Certain Environmental Claims* (the "Medler Declaration," attached hereto as Exhibit B and incorporated into this Objection by reference).

- ***Claim no. 13934 – Hampshire Chemical Corp.***

6. On or about March 31, 2003, Hampshire Chemical Corp. ("Hampshire Chemical") filed a proof of claim for contingent, unliquidated damages in the amount of $6.5 million (Claim no. 13934, the "Hampshire Chemical Claim," a copy of which is attached hereto as Exhibit C-1), based upon the Reorganized Debtors' alleged liability for environmental clean-up and remediation of certain property in Owensboro, KY. The Hampshire Chemical Claim asserts that such liability arises from an Asset Purchase Agreement dated July 20, 2000, attached to the Hampshire Chemical Claim as Exhibit A (the "Hampshire APA," whereby Hampshire Chemical sold certain business assets to the Reorganized Debtors), and pursuant to the terms and conditions of a Settlement Agreement entered into on June 21, 1999 between Grace-Conn. and an affiliate and Hampshire Chemical and an affiliate (the "Owensboro Settlement Agreement"), which was not attached to the Hampshire Chemical Claim due to confidentiality concerns.

7. On October 16, 2006, the Debtors filed their *Eighteenth Omnibus Objection to Claims* [Docket no. 13415] (the "18th Omnibus Objection"), which *inter alia* substantively objected to Claim no. 13934. Pursuant to the *Consent Order Withdrawing Without Prejudice Objection to Claim No. 13934 Filed by Hampshire Chemical Corp.*, dated November 26, 2007

[Docket no. 17426], the Debtors withdrew their objection without prejudice to their filing any future objection.

8.  As part of the Hampshire APA, the Reorganized Debtors agreed to assume certain environmental remediation liabilities. A letter dated August 14, 2006, from the Kentucky Environmental and Public Protection Cabinet (a copy of which is attached hereto as Exhibit C-2) states that Grace has performed all of its environmental remediation obligations for the Owensboro site arising under the Agreed Order among the Commonwealth of Kentucky Natural Resources and Environmental Protection Cabinet, Grace and Hampshire Chemical (the "Agreed Order" a copy of which is attached as Exhibit B to the Hampshire Chemical Claim). As of the Effective Date, the Reorganized Debtors therefore had no outstanding obligations to Hampshire Chemical under any of the Hampshire APA, the Owensboro Settlement Agreement or the Agreed Order. Under the Plan, the Reorganized Debtors remain bound by their obligations under each of those agreements. Therefore, the Hampshire Chemical Claim need not remain open to preserve Hampshire Chemical's rights under those agreements. The Reorganized Debtors respectfully request that the Court disallow Claim no. 13934.

- *Claim no. 1719 – Weatherford International*

9.  As set forth in the stipulation approved by this Court's *Order Approving Stipulation Resolving Debtors' Objection To Claims Of Weatherford International, Inc.*, dated December 13, 2007 [Docket no. 17632] (the "Weatherford Order," a copy of which is attached hereto as Exhibit D-1), Weatherford International, Inc. ("Weatherford") filed a number of claims in the Ch. 11 cases. The Weatherford Order allowed one claim (Claim no. 1721, which was satisfied in full as part of the Effective Date distributions), disallowed certain other claims, and left two other claims active, Claim nos. 1719 and 1720. Claim no. 1719 was filed against Grace, and Claim no. 1720 was filed against Homco. Those two remaining claims duplicated each

other, covering the same asserted contingent environmental clean-up liabilities. Those two claims were both based upon indemnification provisions set forth in a sales agreement (the "Weatherford SA") documenting Weatherford's 1994 purchase of certain real property and improvements in Kalkaska, Michigan from Homco International, Inc. ("Homco") (a copy of the Weatherford SA is attached to Claim no. 1719 as Exhibit A, which is the "Remaining Weatherford Claim," a copy of which is attached hereto as Exhibit D-2). Each of the duplicative claims was for approximately "$351,758 plus Interest, costs and attorneys' fees." The Court's Merger Order disallowed Claim no. 1720 as part of the merger of Homco into Grace-Conn. The Remaining Weatherford Claim remained open.

10. The property at issue in the Remaining Weatherford Claim has been the subject of environmental remediation pursuant to a 1994 consent decree with the State of Michigan and the Michigan Department of Natural Resources (a copy of which is attached to the Remaining Weatherford Claim as Exhibit B), pursuant which Weatherford, Homco, Grace-Conn., and NL Industries are responsible parties. On information and belief, that remediation has long been completed or is otherwise being completed by the past owner and operator, NL Industries, Inc. The Reorganized Debtors therefore had no liability to Weatherford under the Remaining Weatherford Claim as of the Effective Date. Moreover, as the Reorganized Debtors assumed the Weatherford SA pursuant to Plan Art. 9.1.1, Weatherford still retains its indemnification rights to the extent that the Reorganized Debtors could have any remaining liability to Weatherford. There is thus no need for the Remaining Weatherford Claim to remain open. It should therefore be disallowed in its entirety.

**RELIEF REQUESTED**

11.     The Reorganized Debtors request that the Court enter the Order substantially in the form attached hereto as <u>Exhibit A</u>, disallowing the Environmental Claims set forth in <u>Exhibit 1</u> thereto.

**PROCEDURES FOR RESPONDING TO THE CLAIMS OBJECTION**

12.     To contest any of the objections set forth in this Claims Objection, Claimants must file and serve a written response to this Claims Objection (a "<u>Response</u>") so that it is received no later than 4:00 p.m. ET, on November 3, 2014 (the "<u>Response Deadline</u>"). The Response (or each Response, if more than one is filed) must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "<u>Clerk</u>") at the following address:

>    824 Market Street
>    Wilmington, Delaware 19801

13.     Each such Response must also be served upon the following co-counsel to the Reorganized Debtors on or before the Response Deadline:

>    KIRKLAND & ELLIS LLP
>    Adam C. Paul
>    Jeffrey W. Gettleman
>    300 North LaSalle Street
>    Chicago, IL 60654
>
>    THE LAW OFFICES OF ROGER HIGGINS, LLC
>    Roger J. Higgins
>    1 North Bishop Street
>    Suite 14
>    Chicago, IL 60607-1823
>
>    PACHULSKI STANG ZIEHL & JONES LLP
>    Laura Davis Jones (Bar No. 2436)
>    James E. O'Neill (Bar No. 4042)
>    919 North Market Street, 17th Floor
>    P.O. Box 8705
>    Wilmington, DE  19899-8705

14. Every Response to this Claims Objection must contain, at a minimum, the following:

    a. A caption setting forth the name of the Court, the name of the Reorganized Debtors, the case number, and the title of the Objection to which the Response is directed;

    b. The name of the Claimant, its claim number, and a description of the basis for the amount of the claim;

    c. The specific factual basis and supporting legal argument upon which the party will rely in opposing the Claims Objection;

    d. Any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

    e. The name, address, telephone number, and fax number of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Reorganized Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the Claimant.

15. If a Claimant fails to file and serve a timely Response (or Responses), the Reorganized Debtors may present to the Court an appropriate order disallowing and expunging that Claimant's claim or claims without further notice to the Claimant or a hearing.

### REPLY TO RESPONSE

16. The Reorganized Debtors reserve the right to, at their option, file and serve one or more replies to Claimants' Responses, if any.

### SEPARATE CONTESTED MATTER

17. If a Claimant files a Response to this Objection, and the Claimant and the Reorganized Debtors are unable to resolve that Response, the corresponding claim and the objection by the Reorganized Debtors thereto asserted in this Claims Objection shall constitute a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. Any order entered by the

Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each such claim.

### RESERVATION OF RIGHTS

18. The Reorganized Debtors hereby reserve the right to object in the future to any of the Environmental Claims. The Reorganized Debtors further reserve the right to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

### NO PREVIOUS OBJECTION

19. No previous objection to these Environmental Claims has been filed, nor has any other motion for the relief sought herein been made to this or any other court.

### NOTICE

20. Notice of this Objection has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) the Claimants who filed the two Environmental Claims that are the subject of this 32nd Omnibus Objection. In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors request the Court enter the Order in substantially the form attached hereto as <u>Exhibit A</u> (i) disallowing the Environmental Claims; and (ii) granting such other relief as may be appropriate.

Dated:  October 3, 2014

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

And

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

And

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors