IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) <br> ) (Jointly Administered) |
| Reorganized Debtors. | ) <br> ) Hearing Date: November 20, 2014, at 3:00 p.m. <br> ) Response Deadline: November 3, 2014 <br> ) |

**THIRTY-THIRD OMNIBUS OBJECTION TO CERTAIN LEASE-RELATED CLAIMS
(SUBSTANTIVE OBJECTION)**

INTRODUCTION

In this *Thirty-Third Omnibus Objection to Certain Lease-Related Claims (Substantive Objection)* (the "33rd Omnibus Objection" or "Objection"),[2] the above-captioned reorganized debtors (collectively, the "Reorganized Debtors" or "Grace," the pending bankruptcy cases being the "Chapter 11 Cases")[3] have identified three (3) claims (the "Lease-Related Claims") that should be disallowed. Two of the claims arise from prepetition lease guarantee agreements that are, absent additional proof from the claimants, no longer valid. The third claim arises from two

---

[1] The Reorganized Debtors comprise the following 17 entities: W. R. Grace & Co. ("Grace," f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn. ("Grace-Conn."), Darex Puerto Rico, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Gloucester New Communities Company, Inc., Grace Chemical Company of Cuba, Grace Energy Corporation, Grace Europe, Inc., Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace PAR Corporation, W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Guanica Caribe Land Development Corporation, Hanover Square Corporation, Kootenai Development Company, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), and Water Street Corporation.

[2] The facts and circumstances set forth in this Objection are supported by the *Declaration of Sean Dempsey in Support of the Reorganized Debtors' Thirty-Third Omnibus Objection to Certain Lease-Related Claims (Substantive Objection)* (the "Dempsey Declaration"), filed contemporaneously herewith and incorporated into this Objection by reference.

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Dempsey Declaration or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

subleases that were assumed pursuant to Plan Art. 9.1. The Reorganized Debtors request the Court enter an order substantially in the form attached hereto as Exhibit A disallowing each of the Lease-Related Claims set forth in Exhibit A-1 to the Order.

In support of this Objection, the Reorganized Debtors respectfully state as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.[4] This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Objection are section 502 of the Bankruptcy Code, Fed.R.Bankr.P. 3007 and Del. Bankr. L.R. 3007-1.

### BACKGROUND

3. On February 3, 2014, the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11. *Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732]. On March 19, 2014, the Court entered its order closing the chapter 11 cases approximately 45 of the Reorganized Debtors [Docket no. 31880].

---

[4] The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      On September 16, 2014, the Reorganized Debtors filed their *Motion for a Final Decree: (a) Closing Certain of the Chapter 11 Cases; (b) Removing Such Cases from the Joint Administration Order; and (C) Waiving the Requirement to File a Final Report for Such Cases* [Docket no. 32401], which requests the Bankruptcy Court enter a final decree closing all of the remaining chapter 11 cases except for Grace and Grace-Conn. The objection deadline is October 6, 2014, and the matter is scheduled to be heard on October 14, 2014.

### THE LEASE-RELATED CLAIMS

5.      For the reasons set forth below, the Reorganized Debtors respectfully request the Court enter the Order disallowing each of the Lease-Related Claims. The facts and circumstances set forth in this Objection are supported by the Dempsey Declaration.

- *Claim No. 66 – H. Anthony Jew and Violet W. Jew.*

6.      On May 14, 2001, claimants H. Anthony Jew and Violet W. Jew filed a proof of claim (Claim no. 66, attached hereto as Exhibit B), as a contingent, unliquidated claim for potential obligations of the Debtors arising from that certain *Lease Guaranty Agreement*, dated September 3, 1980, attached thereto. The underlying lease was for an El Torito restaurant, which was part of one of several restaurant chains then owned by Grace. On December 26, 1986, the underlying lease was transferred as part of a stock sale by which Grace divested itself of these restaurant chains. As part of the transaction, Grace remained liable under the Lease Guaranty Agreement. Claim no. 66 states that the original term of the underlying lease expired on July 31, 2008. There were two five-year options to extend the term, neither of which had been exercised as of the date Claim no. 66 was filed. On information and belief, Grace never received notice of either of those options being subsequently exercised. The Reorganized Debtors therefore believe that the underlying lease has expired and the *Lease Guaranty Agreement* is of no further force and effect.

7.  On information and belief, no demand has ever been made by the claimants under the *Lease Guaranty Agreement*, and therefore no amount was due or owing under the *Lease Guaranty Agreement* as of either the Petition Date or the Effective Date.

8.  Based upon these facts and circumstances, the Court should disallow Claim no. 66 in its entirety.

- ***Claim No. 877 – German American Real Estate Corp.***

9.  On April 25, 2002, German American Real Estate Corp. ("German American") filed a proof of claim (Claim no. 877, attached hereto as Exhibit C) as a contingent, unliquidated claim for obligations of the Debtors arising from that certain *Guaranty of Lease*, dated December 12, 1979, as reaffirmed in that certain *Reaffirmation of Guaranty of Lease*, dated February 27, 1980 (together, the "German American Guaranty," copies of which are attached to Claim no. 877). The underlying lease (also for an El Torito restaurant), which was guaranteed by the German American Guaranty, was transferred on December 26, 1986, as part of the same transaction described above for Claim no. 66.

10. The Reorganized Debtors' books and records do not contain any record of an ongoing lease (or leases) guaranteed by the German American Guaranty, and upon information and belief, they believe that any such lease or leases may have expired prior to the Effective Date. The Reorganized Debtors' books and records further contain no indication that any amount was due or owing to German American under the *German American Guaranty* as of either the Petition Date or the Effective Date.

11. In view of the lack of any evidence of a valid, ongoing lease guaranteed by the German American Guaranty and the fact that no amounts are due or owing as of the Effective Date, the Court should disallow Claim no. 877.

- *Claim No. 13233 – Marshalls of MA, Inc.*

12. On March 31, 2003, Marshalls of MA, Inc., filed a proof of claim (Claim no. 13233, attached hereto as <u>Exhibit D</u>) as a contingent, unliquidated claim for obligations of the Debtors arising from the two "Subleases" identified therein, which pertained to the premises respectively located in East Meadow, New York (the "<u>East Meadow Sublease</u>"), and in Jericho, New York (the "<u>Jericho Sublease</u>").

13. The Subleases are nonresidential leases subject to assumption pursuant to Bankruptcy Code section 365. By operation of the terms of Plan Art. 9.1, the Reorganized Debtors assumed the Subleases as of the Effective Date. On information and belief, Grace was not in default under either of the Subleases as of either the Petition Date or the Effective Date.

14. The Jericho Sublease's original expiry was December 29, 2014. On February 11, 2014, the Reorganized Debtors assigned the Jericho Sublease to the prime landlord, Kimco Birchwood North, LLC. On information and belief, the prime landlord and Marshalls subsequently entered into a direct lease with each other for the same premises. The East Meadow Sublease is due to expire on December 31, 2018.

15. In view of the Reorganized Debtors' assumption of the Subleases and the fact that as of the Effective Date there was no default thereunder, the Court should disallow Claim no. 13233.

### RELIEF REQUESTED

16. The Reorganized Debtors request that the Court enter the Order substantially in the form attached hereto as <u>Exhibit A</u>, disallowing and expunging the Lease-Related Claims set forth in <u>Exhibit A-1</u> thereto.

## PROCEDURES FOR RESPONDING TO THE CLAIMS OBJECTION

17. To contest any of the objections set forth in this Objection, Claimants must file and serve a written response to this Objection (a "Response") so that it is received no later than 4:00 p.m. ET, on November 3, 2014 (the "Response Deadline"). The Response (or each Response, if more than one is filed) must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk") at the following address:

> 824 Market Street
> Wilmington, Delaware 19801

18. Each such Response must also be served upon the following co-counsel to the Reorganized Debtors on or before the Response Deadline:

> KIRKLAND & ELLIS LLP
> Adam C. Paul
> Jeffrey W. Gettleman
> 300 North LaSalle Street
> Chicago, IL 60654
>
> THE LAW OFFICES OF ROGER HIGGINS, LLC
> Roger J. Higgins
> 1 North Bishop Street
> Suite 14
> Chicago, IL 60607-1823
>
> PACHULSKI STANG ZIEHL & JONES LLP
> Laura Davis Jones (Bar No. 2436)
> James E. O'Neill (Bar No. 4042)
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705

19. Every Response to this Objection must contain, at a minimum, the following:

a. A caption setting forth the name of the Court, the name of the Reorganized Debtors, the case number, and the title of the Objection to which the Response is directed;

b. The name of the Claimant, its claim number, and a description of the basis for the amount of the claim;

c.  The specific factual basis and supporting legal argument upon which the party will rely in opposing the Claims Objection;

d.  Any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

e.  The name, address, telephone number, and fax number of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Reorganized Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the Claimant.

20. If a Claimant fails to file and serve a timely Response (or Responses), the Reorganized Debtors may present to the Court an appropriate order disallowing and expunging that Claimant's claim or claims without further notice to the Claimant or a hearing.

### REPLY TO RESPONSE

21. The Reorganized Debtors reserve the right to, at their option, file and serve one or more replies to Claimants' Responses, if any.

### SEPARATE CONTESTED MATTER

22. If a Claimant files a Response to this Objection, and the Claimant and the Reorganized Debtors are unable to resolve that Response, the corresponding claim and the objection by the Reorganized Debtors thereto asserted in this Objection shall constitute a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each such claim.

### RESERVATION OF RIGHTS

23. The Reorganized Debtors hereby reserve the right to object in the future to any of the Lease-Related Claims. The Reorganized Debtors further reserve the right to amend, modify,

and/or supplement this Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

### NO PREVIOUS OBJECTION

24.  No previous objection to these Lease-Related Claims has been filed, nor has any other motion for the relief sought herein been made to this or any other court.

### NOTICE

25.  Notice of this Objection has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) the Claimants whose Lease-Related Claims are the subject of this 33rd Omnibus Objection. In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors request the Court enter the Order in substantially the form attached hereto as <u>Exhibit A</u>: (i) disallowing and expunging each of the Lease-Related Claims set forth on <u>Exhibit A-1</u>; and (ii) granting such other relief as may be appropriate.

Dated: October 3, 2014

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors