<u>**EXHIBIT B**</u>

**Claim No. 66 – H. Anthony and Violet W. Jew**

# WR Grace
## Bankruptcy Form 10
### Index Sheet

RUST000015

A00000066B

| Claim Number: | 00000066 | Receive Date: | 05 / 14 / 2001 |

**Multiple Claim Reference**

Claim Number _____

- ☐ MMPOC — Medical Monitoring Claim Form
- ☐ PDPOC — Property Damage
- ☐ NAPO — Non-Asbestos Claim Form
- ☐ Amended

Claim Number _____

- ☐ MMPOC — Medical Monitoring Claim Form
- ☐ PDPOC — Property Damage
- ☐ NAPO — Non-Asbestos Claim Form
- ☐ Amended

**Attorney Information**

Firm Number:                     Firm Name:
Attorney Number:                 Attorney Name:
Zip Code:
Cover Letter Location Number:

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☒ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☐ Other Attachments | |
| **Other** | ☐ Non-Standard Form | |
| | ☐ Amended | |
| | ☐ Post-Deadline Postmark Date | |

Box/Batch: WRBF0001/WRBF0002                    Document Number: WRBF000066

FORM B10 (Official Form 10) (4/98)

| United States Bankruptcy Court | District of DELAWARE | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor<br>W.R. GRACE & CO., et al. | Case Number<br>01-01189 JJF<br>Chapter 11 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>H. ANTHONY JEW and VIOLET W. JEW | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>JAMES A. TIEMSTRA (#96203)<br>MILLER, STARR & REGALIA<br>1331 N. California Blvd., 5th Flr., P.O. Box 8177<br>Walnut Creek, CA 94596<br>Telephone number: (925) 935-9400 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | This space is for Court Use Only |

| Account or other number by which creditor identifies debtor:<br>JEW38804 | Check here ☐ replaces ☐ amends    a previously filed claim, dated: _____ |
|---|---|

1. **Basis for Claim**
   - ☐ Goods sold
   - ☐ Services performed
   - ☐ Money loaned
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - [X] Other Contingent & unliquidated claim based on Lease Guaranty Agreement
   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114 (a)
   - ☐ Wages, salaries, and compensation (Fill out below)
     Your SS #: ___-__-____
     Unpaid compensation for services performed
     from _____ (date) to _____ (date)

2. **Date debt was incurred:**

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ Unknown
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $ _____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ _____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ( _____ ).
   *Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

7. **CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date<br>5/11/01 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney)<br>JAMES A. TIEMSTRA, Attorney for H. Anthony Jew & Violet W. Jew | This Space Is for Court Use Only<br>DISTRICT OF DELAWARE<br>U.S. BANKRUPTCY COURT<br>2001 MAY 14 PM 3:46<br>FILED<br>WR Grace   BF.1.2.66 |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U

00000066

ATTACHMENT TO CERTIFICATE OF CONSENT, ESTOPPEL AND ATTORN- *C.S*
MENT FROM EL TORITO RESTAURANTS, INC., W. R. GRACE & CO.
AND VILLAGE PARTNERS, LTD.

### LEASE GUARANTY AGREEMENT

GUARANTY AGREEMENT, dated as of ___September 3___,
1980, ("this Guaranty"), from W. R. GRACE & CO. ("Grace"), a
Connecticut corporation, having its principal office at 1114
Avenue of the Americas, New York, New York 10036, to URBAN VILLAGE
PARTNERS, LTD. ("Landlord") having an address at 2607 Fresno
Street, Fresno, California 93721.

WHEREAS, Landlord is about to execute a certain Lease
(hereinafter called "Lease") dated August 8, 1980, with EL TORITO-
LA FIESTA RESTAURANTS, INC., as lessee (hereinafter called "Tenant"),
demising to Tenant certain premises located in Fresno, California,
said premises containing approximately 10,000 square feet, all as
more particularly described in the Lease; and

WHEREAS, Tenant is a subsidiary of Grace on the date of
execution and delivery of this Guaranty.

NOW, THEREFORE, in consideration of the sum of One
Dollar ($1.00) and other good and valuable consideration, the
receipt and sufficiency of which is hereby acknowledged, and in
order to induce the Landlord to execute the Lease, Grace agrees
with the Landlord as follows:

1. Grace hereby unconditionally guarantees the full
and faithful performance and observance by Tenant of each and
every agreement, obligation and conditon on the part of Tenant to
be performed or observed under the Lease in accordance with the
provisions thereof governing such performance and observance, and
in particular, without limiting the generality of the foregoing,
Grace will pay all sums of money payable by Tenant under the
Lease, including all such sums constituting annual minimum rent
and percentage rent, if any; it being intended that Grace's
obligations hereunder shall be independent of, and in addition to,
Tenant's obligations under the Lease except that actual performance
by Tenant of its obligations under the Lease shall satisfy, to the
extent thereof, the obligations of Grace hereunder.

2. Upon any default in the payment, performance or
observance of any obligation or condition to be performed or
observed by Tenant under the Lease, the Landlord may demand that
Grace perform Grace's obligations hereunder without first taking
any action or enforcing any remedies which may be available under
the Lease, it being understood and agreed that the Landlord shall
be entitled to enforce this Guaranty directly against Grace,
without the joinder of any other party or parties and without
first having sought relief against Tenant.

3. No obligation of Grace hereunder shall be affected
or impaired by the bankruptcy, insolvency, reorganization, compo-
sition, readjustment, liquidation, dissolution, winding up or
other proceeding affecting Tenant, or by any modification or
amendment of the Lease (except that any such amendment or modifi-
cation shall be binding upon Grace only if Grace has consented
thereto).

4. This Guaranty may not be amended orally, but only
by a writing signed by Grace and Landlord. This Guaranty shall



EXHIBIT....4....

bind Grace and its successors and assigns and shall inure to the benefit of Landlord, its successors and assigns and each subsequent holder of the Landlord's interest under the Lease. The term "Tenant" as defined in this Guaranty shall be deemed to include the successors and assigns of EL TORITO-LA FIESTA RESTAURANTS, INC.

IN WITNESS WHEREOF, Grace has caused this Guaranty to be signed and sealed by its duly authorized officers as of the date first hereinabove written.

W. R. GRACE & CO.

By _____
Richard L. Bowditch, Jr.
Senior Vice President & Treasurer

Attest:
By _____
Assistant Secretary

B₂

## ESTOPPEL STATEMENT

The undersigned, W.R. GRACE & CO., hereby acknowledges that the Lease Guaranty Agreement dated September 3, 1980, executed by the undersigned, remains in full force and effect. Said Lease Guaranty Agreement guarantees the obligations of the Lessee, EL TORITO-LA FIESTA RESTAURANTS, INC., under the terms of that certain Lease dated August 8, 1980 with URBAN VILLAGE PARTNERS, LTD., a general partnership, as Landlord, and said Guaranty shall continue in full force and effect after the execution of the Second Amendment to Lease, a copy of which is attached hereto.

W. R. GRACE & CO.

by: [signature]

June 12, 2000

| | |
|---|---|
| Property: | Approximately 10,000 square feet of land and improvements located at 2840 Tulare Street, Fresno, California ("Premises") |
| Lease Dated: | August 8, 1980 |
| Landlord: | H. Anthony Jew and Violet W. Jew ("Landlord") who acquired the Premises from Urban Village Partners, Ltd., a California limited partnership ("Original Landlord") |
| Tenant: | El Torito Restaurants, Inc., a Delaware corporation, as successor by merger of El Torito Restaurants, Inc., a California corporation and formerly known as El Torito-La Fiesta Restaurants, Inc. |
| Guarantor: | W.R. Grace & Co., a Connecticut corporation |

## CERTIFICATE OF ESTOPPEL

By executing this Certificate, Tenant hereby represents and acknowledges for the benefit and reliance of Landlord the truth and accuracy of the following statements pertaining to the Lease.

1. Except as set forth below, there are no modifications, amendments, supplements, arrangements, side letters or understandings, whether oral or written, of any sort modifying, amending, altering, supplementing or changing the terms of the Lease. References to the "Lease" hereinafter are to the Lease as so amended.

> Letter dated August 20, 1980
> Letter dated February 17, 1981
> Amendment to Lease dated June 15, 1982
> Second Amendment to Lease dated November 2, 1982
> Letter dated July 22, 1983
> Amendment No. 3 to Lease dated July 29, 1998
> Amendment No. 4 to Lease dated November 21, 1999

2. The Lease is in full force and effect, having been duly executed and delivered by Tenant; and the Lease is a valid and binding obligation of Tenant which is enforceable in accordance with its express terms to the extent such terms are enforceable under applicable law. Rent has been paid through June 30, 2000 and, other than for the current month, no rental has been paid in advance.

3. To Tenant's knowledge, without inquiry or investigation, Landlord has performed the obligations required to be performed by Landlord under the terms of the Lease through the date hereof. To its knowledge without inquiry or investigation, Tenant has no claims or demands against Landlord which have not been satisfied nor any offsets or reductions against rent. To Tenant's knowledge without inquiry or investigation, no disputes or controversies exist between Landlord and Tenant.

4. The rental and other monetary terms of the Lease are as set forth therein. Monthly base rent has been paid through June 30, 2000.

5. Landlord has not received and has no obligation for the return and/or administration of a security deposit under the Lease.

6. Tenant has not directly or indirectly subleased the Premises or assigned any right, title or interest of Tenant under the Lease.

7. For purposes of giving notice under the Lease, Tenant's address is P.O. Box 19561, Irvine, CA 92623-9561.

8. The original term of the Lease commenced July 25, 1983 and continues through July 31, 2008. The Lease provides for two (2) five-year options to extend the term, neither of which has been exercised.

9. W. R. Grace & Co. is the Guarantor who executed the Lease Guaranty Agreement dated September 3, 1980 (the "Guaranty"). The Guaranty is, to Tenant's knowledge without inquiry or investigation, in full force and effect in accordance with its terms and has not been modified, amended, or otherwise changed by any oral or written understanding or agreement.

EL TORITO RESTAURANTS, INC.,
a Delaware corporation

By: _____
Its Vice President

A

| | | |
|---|---|---|
| RE: | **Property:** | Restaurant Building at Corner of "R" Street and Tulare Street, Fresno, California |
| | **Lease Dated:** | August 8, 1980 |
| | **Landlord:** | H. Anthony Jew and Violet W. Jew |
| | **Tenant:** | El Torito - La Fiesta Restaurants, Inc., a California Corporation now known as El Torito Restaurants, Inc. by virtue of name change |
| | **Guarantor:** | W. R. Grace & Co., a Connecticut Corporation |

## CERTIFICATE OF
## CONSENT, ESTOPPEL AND ATTORNMENT

Landlord hereby requests that Tenant, for the benefit and reliance of Landlord and Bank of the West, consent and agree to the terms and provisions of this Certificate.

Bank of the West is about to make a loan (the "Loan") to Landlord which Loan will be secured in part by an assignment of Landlord's interest in the Lease and a lien upon the Property demised thereby pursuant to a deed of trust (the "Deed of Trust").

By executing this Certificate, Tenant hereby represents and acknowledges for the benefit and reliance of Bank of the West the truth and accuracy of the following statements pertaining to the Lease:

1. Attached to this Certificate is a true and correct copy of the Lease dated August 8, 1980. Except as identified herein to Bank of the West, there are no modifications, amend-

A₂

ments, supplements, arrangements, side letters or understandings, whether oral or written, of any sort modifying, amending, altering, supplementing or changing the terms of the Lease:

(a) Letter dated August 20, 1980 from Joseph D. Carroll of the Klein Group to Martin M. Casey of El Torito La Fiesta Restaurants, Inc. correcting typographical error which was agreed to Martin M. Casey;

(b) Letter dated February 17, 1981 from Joseph D. Carroll of Klein Group Commercial to Martin M. Casey of El Torito-La Fiesta Restaurants, Inc. re increase in base rent;

(c) Amendment to Lease dated June 15, 1982 between Urban Village Partners, Ltd., a general partnership, as landlord, and El Torito-La Fiesta Restaurants, Inc., a California corporation, as tenant;

(d) Second Amendment to Lease dated November 1, 1982 between Urban Village Partners, Ltd., a limited partnership, as landlord, and El Torito-La Fiesta Restaurants, Inc., a California corporation, as tenant;

(e) Undated letter from Urban Village Partners, Ltd. to El Torito-La Fiesta Restaurants, Inc. which was agreed to by El Torito-La Fiesta Restaurants, Inc.;

-2-

A,

(f) Letter dated July 22, 1983 from Kathleen Paley of Tomar Klein Financial Group to Martin M. Casey of El Torito-La Fiesta Restaurants, Inc.; and

(g) Certificate of Consent, Estoppel and Attornment executed by El Torito Restaurants, Inc. on February 1, 1985, W.R. Grace & Co. and Urban Village Partners.

References to the "Lease" hereinafter are to the Lease as so amended.

2. The Lease is in full force and effect, having been duly executed and delivered by Tenant; and the Lease is a valid and binding obligation of Tenant which is enforceable in accordance with its express terms to the extent such terms are enforceable under applicable law. Rent has been paid through AUGUST, 1992, and no advance rental has been paid.

3. The Lease is not in default and Landlord has performed the obligations required to be performed by Landlord under the terms thereof through the date hereof.

4. Except as set forth in the Lease, Tenant has made no agreements or amendments with Landlord which directly or indirectly reduce or delay (or could reduce or could delay) any

-3-

A4

of the rental payments or obligations of Tenant to Landlord. There are no accrued obligations or liabilities of Landlord or any other person to Tenant which Tenant could offset against (or otherwise be used to reduce) such rental payments or obligations.

5. Tenant shall not look to Bank of the West for the return and/or administration of a security deposit under the Lease, and Tenant represents that no such security deposit has been paid to Landlord.

6. Tenant agrees, for the benefit of Bank of the West, that without prior written consent of Bank of the West no rent or other amounts shall be paid by Tenant to Landlord except as expressly provided by the terms of the Lease.

7. Tenant shall, upon the acquisition by Bank of the West or any other person of title to the Property through foreclosure or other means, attorn to Bank of the West or such person and recognize Bank of the West or such person as the Landlord under the Lease.

8. For purposes of giving notice under the Lease, Tenant's address is 2450 White Road, Irvine, California 92714, Attn: Chief Financial Officer, unless and until changed by written notice by Tenant to Landlord and Bank of the West.

-4-

A.-

9. Tenant represents for the benefit and reliance of the Bank of the West that:

(a) The fixed minimum yearly rent under the Lease is $140,500.00, which sum is subject to adjustment as provided in the Lease.

(b) All obligations of Landlord under the Lease, as amended, with respect to construction, completion and financing of the Property have been fully performed, and Tenant has accepted the Property, occupied it, and conducts its business in it in its present condition, as-is, that Landlord has no further obligations under Articles VII or VIII of the Lease, as amended, and that all conditions precedent to occupancy under Article XXXIII of the Lease have been fully satisfied.

(c) The Common Area has been completed as provided in Paragraph A of Article XXXVIII of the Lease as amended. The Common Area Maintenance Costs are payable pursuant to Paragraph C of said Article XXXVIII and Landlord Maintenance is in effect.

(d) The Rent Commencement Date under the Lease, as amended, is July 25, 1983.

A-6

(e)  The amount of real estate taxes and assessments paid by Tenant from July, 1991 through June, 1992 was $12,227.14.

10.  This Certificate is executed and delivered by Tenant with the knowledge that Bank of the West will rely upon the statements contained herein in connection with a mortgage loan to be made by Bank of the West to the Landlord.  Tenant will, without further request, advise in writing, BANK OF THE WEST, 2050 North California Blvd., Walnut Creek, California 94596, Attention: Maria Lazzarini, of any change in the information contained in this Certificate.

Tenant:

EL TORITO RESTAURANTS, INC.,
a ~~California~~ corporation
   Delaware

By: _James W. Stryker_ (signature)
Name: James W. Stryker
Its: Executive Vice President
Date: August 13, 1992

Landlord:

_H. Anthony Jew_ (signature)
H. Anthony Jew

_Violet W. Jew_ (signature)
Violet W. Jew

-6-

RE:   **Property:**   Restaurant Building at Corner of "R" Street and Tulare Street, Fresno, California

**Lease Dated:**   August 8, 1980

**Landlord:**   Urban Village Partners, Ltd., a California limited partnership

**Tenant:**   El Torito - La Fiesta Restaurants, Inc. a California Corporation now known as El Torito Restaurants, Inc. by virtue of name change

**Guarantor:**   W. R. Grace & Co., a Connecticut Corporation

## CERTIFICATE OF CONSENT, ESTOPPEL AND ATTORNMENT

Landlord hereby requests that Tenant, for the benefit and reliance of Landlord and buyer, consent and agree to the terms and provisions of this Certificate.

Landlord is selling the Property to HONG ANTHONY JEW, an individual ("Buyer"). Buyer's address for purposes hereof is 2485 High School Avenue, Suite 208, Concord, California 94520, unless changed by written notice from Buyer to Tenant.

By executing this Certificate, Tenant hereby represents and acknowledges for the benefit and reliance of Buyer the truth and accuracy of the following statements pertaining to the Lease:

1. Attached to this Certificate is a true and correct copy of the Lease dated August 8, 1980. Except as identified herein to Buyer, there are no modifications, amendments, supplements, arrangements, side letters or understandings, whether oral or written, of any sort modifying, amending, altering, supplementing or changing the terms of the Lease: Amendment to Lease dated June 15, 1982; Second Amendment to Lease, dated November 2, 1982; Letter agreement by Tomar Klein of July 22, 1983. References to the "Lease" hereinafter are to the Lease as so amended.

2. The Lease is in full force and effect, having been duly executed and delivered by Tenant; and the Lease is a valid and binding obligation of Tenant which is enforceable in accordance with its express terms to the extent such terms are enforceable under applicable law. Rent has been paid through February 28, 1985, and no advance rental has been paid.

3. The Lease is not in default and Landlord has performed the obligations required to be performed by Landlord under the terms thereof through the date hereof.

4. Except as set forth in the Lease, Tenant has made no agreements or arrangements with Landlord which directly or indirectly reduce or delay (or could reduce or could delay) any of the rental payments or obligations of Tenant to Landlord. There are no accrued obligations or liabilities of Landlord or any other person to Tenant which Tenant could offset against (or otherwise use to reduce) such rental payments or obligations.

- 2 -

5. Tenant shall not look to Buyer for the return and/or administration of a security deposit under the Lease, and Tenant represents that no such security deposit has been paid to Landlord.

6. Tenant agrees, for the benefit of Buyer, that without prior written consent of Buyer:

(a) The Lease shall not be modified, amended, or extended, renewed, terminated or otherwise changed or altered prior to Close of Escrow for Buyer's acquisition of the Property.

(b) Tenant shall not directly or indirectly sublease the premises or assign any right, title or interest of Tenant under the Lease, whether for security or otherwise, except as may be otherwise permitted by the Lease. Tenant hereby represents that there have been no subleases of the Property or assignments of all or any interest of Tenant under the Lease, through and including the date hereof.

(c) No rent or other amounts shall be paid by Tenant to Landlord except as expressly provided by the terms of the Lease.

7. Tenant shall, upon Close of Escrow for Buyer's acquisition of the Property, attorn to Buyer and recognize Buyer as the Landlord under the Lease.

8. For purposes of giving notice under the Lease, Tenant's address is 2450 White Road, Irvine, California 92714, Attn: Chief Financial Officer, unless and until changed by written notice by Tenant to Landlord and Buyer.

9. Tenant represents for the benefit and reliance of the Buyer that:

(a) The fixed minimum yearly rent under the Lease is $140,500.00, which sum is subject to adjustment as provided in the Lease.

(b) All obligations of Landlord under the Lease, as amended, with respect to construction, completion and financing of the Property have been fully performed, and Tenant has accepted the Property, occupied it, and conducts its business in it in its present condition, as-is, that Landlord has no further obligations under articles VII or VIII of the Lease, as amended, and that all conditions precedent to occupancy under Article XXXIII of the Lease, have been fully satisfied.

(c) The Common Area has not been completed as provided in Paragraph A of Article XXXVIII of the Lease as amended. The Common Area Maintenance Costs payable pursuant to Paragraph C of said Article XXXVIII are contingent upon completion of the development and Landlord Maintenance is not in effect.

(d) The Rent Commencement Date under the Lease, as amended, is _____July 25_____, 19_83_.

(e) The amount of the Construction Costs paid by Lessee, for purposes of Subparagraph B(2) of Article VI of the Lease is $___0___, of which sum $___0___ previously has been deducted from Percentage Rent pursuant to said Subparagraph.

(f) The amount of real estate taxes and assessments paid by Tenant from July, 1983 through June, 1984 was $8,296.58.

- 3 -

(g) The amount of all insurance premiums paid by Tenant pursuant to the Lease during the first full lease year (calendar 1984), was $ __19,677.57__ .

10. The undersigned W. R. Grace & Co. is the Guarantor who executed the Lease guaranty Agreement dated September 3, 1980, a true and correct copy of which is attached to this Certificate (the "Guaranty"). The Guaranty is in full force and effect in accordance with its terms and has not been modified, amended, or otherwise changed by any oral or written understanding or agreement. Any documents or understandings referred to in Paragraph 1 of this Certificate have been with the consent of Guarantor, and no defenses, agreements or other circumstances presently exist which would prevent enforcement of said Guaranty against the undersigned Guarantor. The Guaranty will not be modified or amended in any way without Buyer's written consent prior to Close of Escrow for Buyer's acquisition of the Property or thereafter.

11. The agreement of Tenant and Guarantor to refrain from taking certain actions with respect to the Lease or the Guaranty prior to the Close of Escrow or Buyer's acquisition of the Property are made on the condition that the Close of Escrow occur before April 1, 1985.

Tenant:

EL TORITO RESTAURANTS, INC.
a California corporation

By: _Martin M. Casey_
Martin M. Casey
Its: Executive V.P.
Date: Feb 1, 1985

Guarantor:

W. R. GRACE & CO.,
a Connecticut corporation

By: _Francis L. Brennan_
Francis L. Brennan
Its: Treasurer
Date: February 8, 1985

By: _____
Its: _____
Date: _____

Landlord: URBAN VILLAGE PARTNERS, LTD.
A California limited partnership

By: TOMAR REAL ESTATE GROUP,
    Managing General Partner

    By: TOMAR, INC.
        By: _Thomas J. Bernard_
            Thomas J. Bernard,
            President

STATE OF CALIFORNIA  } ss.
COUNTY OF __FRESNO__ }

On this __26th__ day of __February__, in the year 19__85__, before me, the undersigned, a Notary Public in and for said State, personally appeared __ROBERT N. KLEIN II__, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person who executed the within instrument on behalf of the Corporation therein named, and acknowledged to me that the Corporation executed it.

WITNESS my hand and official seal.

_Kay Linn_
Notary Public in and for said State.

[SEAL: OFFICIAL SEAL / KAY LINN / NOTARY PUBLIC-CALIFORNIA / PRINCIPAL OFFICE IN / FRESNO COUNTY / My Commission Expires Jun. 30, 1986]

- 3 -

C4

    (g) The amount of all insurance premiums paid by Tenant pursuant to the Lease during the first full lease year (calendar 1984), was $ __19,677.57__ .

    10. The undersigned W. R. Grace & Co. is the Guarantor who executed the Lease guaranty Agreement dated September 3, 1980, a true and correct copy of which is attached to this Certificate (the "Guaranty"). The Guaranty is in full force and effect in accordance with its terms and has not been modified, amended, or otherwise changed by any oral or written understanding or agreement. Any documents or understandings referred to in Paragraph 1 of this Certificate have been with the consent of Guarantor, and no defenses, agreements or other circumstances presently exist which would prevent enforcement of said Guaranty against the undersigned Guarantor. The Guaranty will not be modified or amended in any way without Buyer's written consent prior to Close of Escrow for Buyer's acquisition of the Property or thereafter.

    11. The agreement of Tenant and Guarantor to refrain from taking certain actions with respect to the Lease or the Guaranty prior to the Close of Escrow or Buyer's acquisition of the Property are made on the condition that the Close of Escrow occur before April 1, 1985.

Tenant:

EL TORITO RESTAURANTS, INC.
a California corporation

By: _[signature]_
    Martin M. Casey
Its: Executive V.P.

Date: Feb 1, 1985

Guarantor:

W. R. GRACE & CO.,
a Connecticut corporation

By: _[signature]_
    Francis L. Brennan
Its: Treasurer

Date: February 8, 1985

By: _____

Its: _____

Date: _____

Landlord: URBAN VILLAGE PARTNERS, LTD.
A California limited partnership

By: TOMAR REAL ESTATE GROUP,
Managing General Partner

    By: TOMAR, INC.
    By: _[signature]_
        Thomas J. Bernard,
        President
    By: _[signature]_
        Robert N. Klein, II,
        President



**MILLER STARR & REGALIA**

A PROFESSIONAL LAW CORPORATION

1331 North California Blvd.
Fifth Floor
P.O. Box 8177
Walnut Creek, California 94596
Facsimile (925) 933-4126
Telephone (925) 935-9400

FILED

2001 MAY 14  PM 3: 45

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

May 11, 2001

Clerk
U.S. Bankruptcy Court
District of Delaware
824 Market Street, 5th Floor
Wilmington, DE 19801

    Re: W.R. Grace & Co., et al.; Bankruptcy Case No. 01-01189 JJF; Chapter
       11; Jointly Administered

Dear Clerk:

  Enclosed please find an original and three copies, including one unbound copy for scanning purposes, of the following document in the above-referenced matter:

PROOF OF CLAIM.

  Please file the original document and return a conformed copy in the enclosed self-addressed, stamped envelope. Please feel free to call me directly at (925) 941-3272 if you have any questions or comments. Thank you.

               Very truly yours,

               MILLER, STARR & REGALIA

               *Susan M LeBlanc*

               Susan M. LeBlanc
               Paralegal

Enclosures

cc: Anthony H. Jew, M.D. (w/encl.)
   Karl E. Geier, Esq. (w/encl.)
   James A. Tiemstra, Esq. (w/encl.)