<u>EXHIBIT C</u>

**Claim No. 877 – German American Real Estate Corp.**

# WR Grace

RUST000138 ■

## Bankruptcy Form 10
### Index Sheet

Claim Number:  __00000877__                    Receive Date:  __04 / 25 / 2002__

## Multiple Claim Reference

Claim Number  _____

☐ MMPOC    Medical Monitoring Claim Form

☐ PDPOC    Property Damage

☐ NAPO    Non-Asbestos Claim Form

☐    Amended

Claim Number  _____

☐ MMPOC    Medical Monitoring Claim Form

☐ PDPOC    Property Damage

☐ NAPO    Non-Asbestos Claim Form

☐    Amended

## Attorney Information

Firm Number:                           Firm Name:

Attorney Number:                       Attorney Name:

Zip Code:

Cover Letter Location Number:

| Attachments<br>Medical Monitoring | Attachments<br>Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☒ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☐ Other Attachments | |

**Other**

☐ Non-Standard Form

☐ Amended

☐ Post-Deadline Postmark Date

■ Box/Batch: WRBF0005/WRBF0018                    Document Number: WRBF000877 ■

B10 (Official Form 10) (Rev. 04/01)

| UNITED STATES BANKRUPTCY COURT<br>For the District of Delaware | PROOF OF CLAIM | |
|---|---|---|

| In re: W.R. Grace & Co.,et al | Case Number: 01-1139(JJF) |
|---|---|

NOTE; This claim should not be used to make a claim for an administrative expense arising after the commencement of the case.
A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Creditor Name<br>(Person or entity German American Real Estate Corp.<br>debtor owes) | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Address<br>Line 1  c/o John W. Hathaway | ☒ Check box if you have never received any notices from the bankruptcy court in this case. |
| Address<br>Line 2  701 Fifth Ave.,Suite 3401 | |
| Address<br>Line 3 | ☐ Check box if the address differs from the address on the envelope sent to you by the court |
| City,<br>ST ZIP Seattle,WA.98104 | THIS SPACE IS FOR COURT USE ONLY |

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

Check here if this claim ☐ replaces ☐ amends a previously filed claim dated:

**1. BASIS FOR CLAIM**

☐ Goods sold
☐ Personal injury/wrongful death
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)

☐ Services performed
☐ Taxes
☐ Wages, salaries, and compensation (Fill out below)

Your social security No._____

☐ Money loaned
☒ Other (Describe Briefly)
   Guaranty of Lease

Unpaid compensation for services performed
from _____ to _____
(date)        (date)

**2. Date Debt Incurred: (MMDDYY)**

Contingent

**3. If Court Judgment, Date Obtained:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☒ SECURED CLAIM
Attach evidence of perfection of security interest
Brief Description of Collateral:

☐ Real Estate   ☐ Motor Vehicle   ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any $ _____

☐ UNSECURED NONPRIORITY CLAIM
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.

☐ Wages, salaries, or commissions (up to $4,650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)

☐ Up to $2,100 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)

☐ Taxes or penalties of governmental units - 11 U.S.C. § 507 (a)(7)

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) _____

**5. AMOUNT OF CLAIM AT TIME CASE FILED:**  n/a -contingent

| (Secured) | (Unsecured Nonpriority) | (Unsecured Priority) |
|---|---|---|

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date<br>1/12/02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>Peter Moesslang, President | THIS SPACE IS FOR COURT USE ONLY<br>US BANKRUPTCY COURT DISTRICT OF DELAWARE<br>2002 APR 28 PM 12: 14<br>FILED |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

ORIGINAL
RECEIVED APR 2 5 2002

WR Grace        BF.5.18.877
00000877

## GUARANTY OF LEASE

WHEREAS, at the request of the undersigned, a lease (herein together with all amendments referred to as the "Lease") dated the ____ day of ____, 1979 covering premises located in the County of Marion, State of Indiana, was entered into between GAREC LIMITED PARTNERSHIP I, as Landlord, and EL TORITO-LA FIESTA RESTAURENTS, INC. (a subsidiary of the undersigned), as Tenant; and

WHEREAS, as part of the consideration for the said leasing by the Landlord to the Tenant, the undersigned agreed to guarantee the performance by Tenant of its obligations under the Lease; and

WHEREAS, the undersigned is desirous of facilitating the construction and permanent financing of the improvements constituting part of the premises under the Lease to be occupied by El Torito-La Fiesta Restaurants, Inc.,

NOW, THEREFORE, for the consideration above stated and for other good and valuable considerations and in fulfillment of its agreement as aforesaid, the undersigned hereby unconditionally and irrevocably guarantees to the Landlord and to any successors or assigns of the Landlord and to any assignee of Landlord's interest in the Lease as collateral security for indebtedness or Landlord to such assignee, the full, prompt and complete payment, performance and compliance by the Tenant, its successors and assigns, of all the terms, covenants, agreements and conditions in said Lease contained on the part of the Tenant to be kept, observed and performed; and the undersigned hereby waives any and all rights to notice of defaults and demands of every kind or character, and agrees that no delay in enforcing, and no extensions for the performance of any of the terms, covenants, agreements and conditions contained in said Lease shall in any manner affect, impair or diminish the liability of obligations of the undersigned hereunder; no modifications, amendments or supplements to said Lease nor the termination of the demised term by reason of a default on the part of the Tenant, nor the voluntary or involuntary liquidation, dissolution, sale or other disposition of all or substantially all of the assets, marshaling of assets and liabilities, receivership, insolvency, bankruptcy, assignment for the benefit of creditors, reorganization, arrangement, composition or readjustment of, or other similar proceeding affecting, the Tenant or any of its assets, or the disaffirmance of the Lease in any such proceeding, shall in any way affect the obligations of the undersigned; and the undersigned also agrees to pay all of the expenses of Landlord (or of Landlord's assignee, in the event enforcement hereof is pursued by such assignee as hereinafter provided), including reasonable attorneys' fees, incurred in enforcing this Guaranty, provided Landlord is the prevailing party. Neither the Landlord's consent to assignments, nor the assignment or successive assignments of said Lease by the Tenant and its assigns, made with or without notice to the undersigned, nor a changed or different use of the demised premises, nor any alteration, destruction or demolition of or damage to the improvements thereon, shall in any manner release the undersigned from any liability thereunder, it being the intention hereof that the undersigned shall remain liable as principal for the performance of all the terms, covenants, agreements and conditions of said Lease, to



the same extent as such obligations are imposed on the Tenant by the terms of said Lease or by operation of law, notwithstanding any act or thing which may act or operate in whole or in part as a legal or equitable discharge of a guarantor or surety.

This guaranty is a guaranty of payment, performance and compliance and not of collectibility, is in no way conditional or contingent upon any attempt to collect from, or enforce performance or compliance by, or the seeking of any relief against the Tenant or against any security. or upon any other event, contingency or circumstance whatsoever, and shall be binding upon and against the undersigned without regard to the validity or enforceability of the Lease.

This guaranty shall be binding upon the undersigned and its successors and assigns.

The undersigned is advised that the Landlord will assign its rights under the Lease to an institutional investor as security for a loan to be made by such institutional investor to the Landlord, and as long as any indebtedness of the Landlord shall be outstanding and such assignment of the Lease shall exist, such assignee shall be entitled to bring any suit, action or proceeding against the undersigned for the enforcement of any proceeding against the undersigned for the enforcement of any provision of this guaranty and it shall not be necessary in any such suit, action or proceeding to make the Landlord a party thereto.

This guaranty may not be modified or amended except in writing signed by the undersigned, the Landlord and such assignee of Landlord's interest in the Lease and any other attempted modification or amendment shall be void.

The undersigned hereby waives any right to require that any action be brought against any person or entity or to require that resort be made to any security, and further waives, to the fullest extent permitted by law, any and all notices and defenses to which it may be entitled as a guarantor or a surety, including but not by way of limitation, notice of acceptance of this guaranty.

IN WITNESS WHEREOF, the undersigned has caused this instrument to be duly executed and delivered in its name and behalf and under its corporate seal as of the ___/1st___ day of ___December___, 1979.

                                        W. R. GRACE & CO.

                                        By _____
ATTEST:                                    R. L. Bowditch
                                           Senior Vice President & Treasurer

By _____
   George N. McNair
   Assistant Secretary

-2-

JUN-14-00 WED 11:38          JOHN L. WITTMAN,...        ....



## REAFFIRMATION OF GUARANTY OF LEASE

WHEREAS, at the request of the undersigned, a lease (herein together with all amendments referred to as the "Lease"), dated the 17th day of January, 1980, covering premises located in the County of Marion, State of Indiana, was entered into between GAREC LIMITED PARTNERSHIP I, as Landlord, and EL TORITO-LA FIESTA RESTAURANTS, INC. (a subsidiary of the undersigned), as Tenant;

WHEREAS, the undersigned executed and delivered to GAREC Limited Partnership I, as Landlord, a guaranty of lease, dated February 4, 1980 (the "Guaranty"), guaranteeing the performance by Tenant of its obligations under the Lease, as set forth therein;

WHEREAS, Landlord and Tenant are desirous of modifying certain of the terms and provisions of the Lease, as more particularly described in the Modification of Lease, annexed hereto as Exhibit 1; and

WHEREAS, as part of the consideration for said parties entering into the Modification of Lease, the undersigned has agreed to reaffirm its obligations under the Guaranty.

NOW, THEREFORE, in consideration of the premises and in order to induce Landlord to enter into the Modification of Lease, the undersigned hereby confirms and ratifies its unconditional and irrevocable guaranty obligations to Landlord of all of the terms, covenants, agreements and conditions contained in the Lease, as modified by the Modification of Lease, dated as of February 13, 1980, on the part of the Tenant to be kept, observed and performed, as more particularly set forth in the Guaranty.

The term "this guaranty" as used in the Guaranty shall mean and refer to the Guaranty as ratified and confirmed by the terms and provisions of this Reaffirmation of Guaranty of Lease.

IN WITNESS WHEREOF, the undersigned has caused this instrument to be duly executed and delivered in its name and behalf and under its corporate seal as of the 27th day of February 1980.

W. R. GRACE & CO.

By: _____
R. L. BOWDITCH
Senior Vice-President and Treasurer

ATTEST:
_____

JUN-14-00 WED 11:40    JOHN L. HATHAWAY, PLLC    FAX NO. 0249292 

In accordance with the next to the last paragraph of the Guaranty of Lease, dated February 4, 1980, the undersigned, as Landlord, hereby acknowledges and consents to the above Reaffirmation of Guaranty of Lease, dated   February 27, 1980.

GAREC LIMITED PARTNERSHIP I

By:   Its General Partner,
      GERMAN AMERICAN REAL
      ESTATE CORPORATION

By: _____ V.P.

— 2 —