## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| THE FLINTKOTE COMPANY and | § | Case No. 04-11300 (MFW) |
| FLINTKOTE MINES LIMITED, | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S SECOND AMENDED COMBINED FINAL REPORT REGARDING THOSE FEE APPLICATIONS WITH *DE MINIMIS* OR NO FEE OR EXPENSE ISSUES FOR THE FORTIETH INTERIM PERIOD

This is the second[1] amended combined final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding all the Interim Fee Applications of those firms for which we have *de minimis*[2] or no fee or expense issues for the Fortieth Interim Period (the "Application Period").[3] Because we have *de minimis* or no issues with, or objections to, the following Applications, we have included all the Applications in a single final report.

---

[1]We amended our original final report to correct an error in our expense recommendation for Schiff Hardin LLP. We are amending our final report a second time to include the recently-filed quarterly fee applications of Nossaman LLP for the Thirty-Eighth and Thirty-Ninth Interim Periods.

[2]For purposes of this report, applications with *de minimis* issues are those for which: (1) our recommended reductions total less than $400.00, *and* (2) the applicant has agreed to our recommended reductions.

[3]The Fortieth Interim Period encompasses February 1, 2014 through April 30, 2014. All Applications are for the Fortieth Interim Period unless otherwise specified.

# BACKGROUND

1.      Blake, Cassels & Graydon LLP ("Blakes") was retained as Canadian counsel to the Debtors.  Blakes seeks approval of fees totaling $2,067.92 and expenses totaling $44.72 for its services during the Application Period.

2.      Campbell & Levine, LLC ("Campbell & Levine"), was retained as counsel to the Official Committee of Asbestos Personal Injury Claimants.  Campbell & Levine seeks approval of fees totaling $13,418.50 and expenses totaling $788.80 for its services during the Application Period.

3.      Caplin & Drysdale, Chartered ("Caplin & Drysdale"), was retained as counsel to the Official Committee of Unsecured Creditors.  Caplin & Drysdale seeks approval of fees totaling $18,279.50[4] and expenses totaling $49.51 for its services during the Application Period.

4.      Charter Oak Financial Consultants, LLC ("Charter Oak") was retained as financial advisor to the Official Committee of Asbestos Personal Injury Claimants.  Charter Oak seeks approval of fees totaling $3,217.50[5] and $29.00 in expenses for its services during the Application Period.

5.      Frank/Gecker LLP ("Frank/Gecker") was retained as counsel to the Official Committee of Asbestos Claimants.  Frank/Gecker seeks approval of fees totaling $140,562.50 and expenses totaling $35.88 for its services during the Application Period.

---

[4]We note for informational purposes that Caplin & Drysdale billed the time of attorney Elihu Inselbuch at $1,100.00 per hour. During the Application Period, Mr. Inselbuch billed 0.8 hours for fees of $880.00.

[5]Although the cover sheet of Charter Oak's Application lists its fees as $3,217.00, elsewhere in the Application (including in the prayer for relief), Charter Oak requests approval of fees totaling $3,217.50.  The correct amount of fees is $3,217.50.

6.      Irell & Manella LLP ("Irell") was retained as special litigation counsel to the Debtors. Irell seeks approval of fees totaling $4,420.35 and expenses totaling $25.10 for its services during the Application Period.

7.      Legal Analysis Systems, Inc. ("LAS"), was retained as asbestos-related bodily injury consultant to the Official Committee of Asbestos Personal Injury Claimants.  LAS seeks approval of fees totaling $8,640.00 and no expenses for its services during the Application Period.

8.      McCarter & English, LLP ("M&E"), was retained as special counsel to the Debtors for environmental and insurance matters.   M&E seeks approval of fees totaling $256,660.50 and expenses totaling $31,259.23 for its services during the Application Period.

9.      James J. McMonagle ("Mr. McMonagle") was retained as Legal Representative for Future Asbestos Claimants.  Mr. McMonagle seeks approval of fees totaling $4,320.00 and expenses totaling $1,165.12 for his services during the Application Period.

10.      Nossaman LLP ("Nossaman") was retained as special insurance counsel to the Debtors.   Nossaman seeks approval of fees totaling $290.00 and expenses totaling $369.97 for its services during the Thirty-Eighth Interim Period,[6] and fees totaling $2,074.00 and no expenses for its services during the Thirty-Ninth Interim Period.[7]

11.      Pachulski Stang Ziehl & Jones LLP ("Pachulski") was retained as counsel to the Debtors.  Pachulski seeks approval of fees totaling $67,245.50 and expenses totaling $4,373.03 for its services during the Application Period.

---

[6]The Thirty-Eighth Interim Period encompasses August 1, 2013 through October 31, 2013.

[7]The Thirty-Ninth Interim Period encompasses November 1, 2013 through January 31, 2014.

12.     The Law Office of Alan Pedlar, a Professional Corporation ("Pedlar"), was retained as special litigation counsel to the Debtors for the purpose of dividend recovery litigation.  Pedlar seeks approval of fees totaling $43,500.00[8] and expenses totaling $1,499.50 for its services during the Application Period.

13.     Schiff Hardin LLP ("Schiff Hardin") was retained as special litigation counsel to the Debtors for the purpose of dividend recovery litigation.  Schiff Hardin seeks approval of fees totaling $119,321.55[9] and expenses totaling $515.73 for its services during the Application Period.

14.     Sidley Austin LLP ("Sidley") was retained as counsel to the Debtors.  Sidley seeks approval of fees totaling $432,244.50[10] and expenses totaling $27,118.13 for its services during the Application Period.

15.     Snyder Miller & Orton LLP ("SMO") was retained as special litigation counsel to the debtors for the purpose of dividend recovery litigation.  SMO seeks approval of fees totaling $113,730.80[11] and expenses totaling $11,386.46 for its services during the Application Period.

16.     Vorys, Sater, Seymour and Pease LLP ("Vorys") was retained as counsel to the Future Claimants' Representative.  Vorys seeks approval of fees totaling $25,774.00 and expenses totaling $1,498.85 for its services during the Application Period.

---

[8]Pedlar's fees are capped for the present time at 40% of its hourly rates, not to exceed $200.00 per hour.

[9]Schiff Hardin's fees are capped for the present time at 40% of its hourly rates, not to exceed $200.00 per hour.

[10]We note for informational purposes that Sidley billed the time of attorney KT Lantry at $1,100.00 per hour and attorney JE Bjork at $1,025.00 per hour.  During the Application Period, Mr. Lantry billed 42.80 hours for fees of $47,080.00, and Mr. Bjork billed 5.80 hours for fees of $5,945.00.

[11]SMO's fees are capped for the present time at 40% of its hourly rates, not to exceed $200.00 per hour.

17.    Kelly C. Wooster ("Mr. Wooster") was retained as special litigation counsel to the Debtors for the purpose of dividend recovery litigation.  Mr. Wooster seeks approval of fees totaling $29,380.00[12] and expenses totaling $32.56 for his services during the Application Period.

18.    Dr. Timothy Wyant ("Dr. Wyant") was retained as claims evaluation consultant for James J. McMonagle, the Legal Representative for Future Claimants.  Dr. Wyant seeks approval of fees totaling $43,740.00 and no expenses for his services during the Application Period.  Dr. Wyant was retained by order of the Court dated January 23, 2014, *nunc pro tunc* to December 10, 2013. This is Dr. Wyant's first fee application in the case.

19.    Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), was retained as co-counsel to James J. McMonagle, the Legal Representative for Future Claimants.  Young Conaway seeks approval of fees totaling $10,807.00 and expenses totaling $838.95 for its services during the Application Period.

20.    In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Applications in their entirety, including each of the time and expense entries included in the exhibits to the Applications, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2014, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U. S. Trustee Guidelines"), as well as for consistency with

---

[12]Wooster's fees are capped for the present time at 40% of his hourly rate, not to exceed $200.00 per hour.

precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

## DISCUSSION

21.    We have no objections to, or issues with, any of the Applications, except for the *de minimis* issues noted in the Conclusion paragraph and accompanying appendices.

<u>General Issues</u>

22.    The <u>Order Appointing Fee Auditor and Establishing Related Procedures Concerning the Allowance and Payment of Compensation and Reimbursement of Expenses of Professionals and Members of the Official Committee and Consideration of Fee Applications</u> ("Fee Auditor Order") dated August 19, 2004, provides in Paragraph 6 that "Applicants shall not be compensated for fees incurred in preparing a Fee Application in an amount in excess of five percent (5%) of the fees subject to such Fee Application, in the absence of a sufficient showing of cause for any such fees. Applicants seeking less than $50,000 in fees shall not be subject to such 5% cap. No Applicant shall be compensated above what is reasonable and necessary for fees incurred in preparing the Fee Application." As the compensation for preparing a particular fee application is generally sought in the following fee application (we have heard this referred to as a "trailing expense"), it is very difficult to determine which fee application costs are attributable to which particular application, and it does not appear to us that such attribution is required by Paragraph 6 of the Fee Auditor Order. Thus, we interpret Paragraph 6 to require that an applicant's cumulative fee application costs be applied to the applicant's cumulative fees.

23.    We note that Blakes billed no fees for fee application preparation during the Application Period. Blakes' cumulative fees for fee application preparation through April 30, 2014,

are $23,644.64. Blakes' cumulative fees overall are $494,891.46, of which 5% is $24,744.57. Thus, Blakes' cumulative fees for fee application preparation are under the 5% cap, and we have no objection to these fees. Moreover, because Blakes' total fees are less than $50,000.00, Blakes is not subject to the 5% cap for the current Application Period.

24.      We note that Campbell & Levine billed 5.30 hours for $1,123.00 in fees for fee application preparation. Campbell & Levine's cumulative fees for fee application preparation through April 30, 2014, are $52,988.45.[13] Campbell & Levine's cumulative fees overall are $1,050,727.50, of which 5% is $52,536.38. Thus, Campbell & Levine's cumulative fees for fee application preparation exceed the 5% cap by $452.07. However, because Campbell & Levine's total fees are less than $50,000.00, Campbell & Levine is not subject to the 5% cap for the current Application Period. Thus, we have no objection to these fees.

25.      We note that Caplin & Drysdale billed 18.60 hours for $7,827.00 in fees on matters pertaining to its fee applications. Caplin & Drysdale's cumulative fees for fee application preparation through April 30, 2014, are $194,466.84.[14] Caplin & Drysdale's cumulative fees overall are $3,751,076.30, of which 5% is $187,553.82. Thus, Caplin & Drysdale's cumulative fees for fee application preparation exceed the 5% cap by $6,913.02. However, because Caplin & Drysdale's

---

[13]We calculated this amount as follows:   $52,350.80 in fee application preparation fees through the Thirty-Ninth Interim Period, less $485.35 (the amount by which Campbell & Levine exceeded the 5% cap during the Thirty-Ninth Interim Period), plus $1,123.00 in fee application preparation fees for the current Application Period.

[14]We calculated this amount as follows:   $192,673.37 in fee application preparation fees through the Thirty-Ninth Interim Period, less $6,033.53 (the amount by which Caplin & Drysdale exceeded the 5% cap during the Thirty-Ninth Interim Period), plus $7,827.00 in fee application preparation fees for the current Application Period.

total fees are less than $50,000.00, Caplin & Drysdale is not subject to the 5% cap for the current Application Period. Thus, we have no objection to these fees.

26.    We note that Charter Oak billed 0.3 hours and $214.50 in fees for fee application preparation. Charter Oak's cumulative fees for fee application preparation through April 30, 2014, are $5,540.67. Charter Oak's cumulative fees overall are $127,884.50, of which 5% is $6,394.22. Thus, Charter Oak's cumulative fees for fee application preparation are under the 5% cap. Moreover, because Charter Oak's total fees are less than $50,000.00, Charter Oak is not subject to the 5% cap for the current Application Period.

27.    We note that Frank/Gecker billed 0.30 hours for $208.50 in fees for fee application preparation. Frank/Gecker's cumulative fees for fee application preparation through April 30, 2014, are $12,987.50. Frank/Gecker's cumulative fees overall are $3,895,425.00, of which 5% is $194,771.25. Thus, Frank/Gecker's cumulative fees for fee application preparation are under the 5% cap, and we have no objection to these fees.

28.    We note that Irell billed 7.20 hours for $3,308.85 in fees for fee application preparation. Irell's cumulative fees for fee application preparation through April 30, 2014, are $238,856.10. Irell's cumulative fees overall are $15,713,441.58, of which 5% is $785,672.08. Thus, Irell's cumulative fees for fee application preparation are under the 5% cap, and we have no objection to these fees. Moreover, because Irell's total fees are less than $50,000.00, Irell is not subject to the 5% cap for the current Application Period.

29.    We note that LAS billed no fees for fee application preparation during the Application Period, and has billed no fees for fee application preparation in the case to date. Thus, LAS is in compliance with the Fee Auditor Order limiting such fees to 5% of the total fees sought. Moreover,

because LAS' total fees are less than $50,000.00, it is not subject to the 5% cap for the current Application Period.

30.    We note that M&E billed 8.60 hours for $1,894.50 in fees on matters pertaining to its fee applications.  M&E's cumulative fees for fee application preparation through April 30, 2014, are $49,636.00.  M&E's cumulative fees overall are $2,247,879.25, of which 5% is $112,393.96.  Thus, M&E's cumulative fees for fee application preparation are under the 5% cap, and we have no objection to these fees.

31.    We note that Mr. McMonagle billed 3.30 hours for $761.00 in fees for fee application preparation.[15]  Mr. McMonagle's cumulative fees for fee application preparation through April 30, 2014, are $21,619.15.  Mr. McMonagle's cumulative fees overall are $469,630.50, of which 5% is $23,481.53.  Thus, Mr. McMonagle's cumulative fees for fee application preparation are under the 5% cap, and we have no objection to these fees.  Moreover, because Mr. McMonagle's total fees are less than $50,000.00, Mr. McMonagle is not subject to the 5% cap for the current Application Period.

32.    We note that Nossaman billed no fees for fee application preparation during the Application Period.  Nossaman's cumulative fees for fee application preparation through April 30, 2014, are $9,742.50.  Nossaman's cumulative fees overall are $878,390.80, of which 5% is $43,919.54. Thus, Nossaman's cumulative fees for fee application preparation are under the 5% cap, and we have no objection to these fees. Moreover, since Nossaman's total fees for the Application Period are less than $50,000.00, Nossaman is not subject to the 5% cap for the current Application Period.

---

[15]These fees were billed by Vorys, Sater, Seymour and Pease LLP, the firm with which Mr. McMonagle is associated.

33.    We note that Pachulski billed 6.30 hours for $2,264.50 in fees for fee application preparation during the Application Period.  Pachulski's cumulative fees for fee application preparation through April 30, 2014, are $127,430.56.  Pachulski's cumulative fees overall are $2,651,643.25, of which 5% is $132,582.16.  Thus, Pachulski's cumulative fees for fee application preparation are under the 5% cap, and we have no objection to these fees.

34.    We note that Pedlar billed 5.00 hours for $1,000.00 in fees for fee application preparation.  Pedlar's cumulative fees for fee application preparation through April 30, 2014, are $41,710.00.  Pedlar's cumulative fees overall are $1,784,780.00, of which 5% is $89,239.00.  Thus, Pedlar's cumulative fees for fee application preparation are under the 5% cap, and we have no objection to these fees.  Moreover, because Pedlar's total fees are less than $50,000.00, Pedlar is not subject to the 5% cap for the current Application Period.

35.    We note that Schiff Hardin billed 12.00 hours and $949.60 in fees for fee application preparation during the Application Period.  Schiff Hardin's cumulative fees for fee application preparation through April 30, 2014, are $39,377.17.  Schiff Hardin's cumulative fees overall are $5,451,607.32, of which 5% is $272,580.37.  Thus, Schiff Hardin's cumulative fees for fee application preparation are under the 5% cap, and we have no objection to these fees.

36.    We note that Sidley billed 89.70 hours and $32,245.00 in fees for fee application preparation. Sidley's cumulative fees for fee application preparation through April 30, 2014, are $1,204,107.00.  Sidley's cumulative fees overall are $26,327,763.87, of which 5% is $1,316,388.19.  Thus, Sidley's cumulative fees for fee application preparation are under the 5% cap, and we have no objection to these fees.

37.    We note that SMO billed no fees for fee application preparation.  SMO's cumulative fees for fee application preparation through April 30, 2014, are $41,623.80.  SMO's cumulative fees overall are $6,867,439.00, of which 5% is $343,371.95.  Thus, SMO's cumulative fees for fee application preparation are under the 5% cap, and we have no objection to these fees.

38.    We note that Vorys billed 4.20 hours and $1,274.00 in fees for fee application preparation.  Vorys' cumulative fees for fee application preparation through April 30, 2014, are $62,550.50.  Vorys' cumulative fees overall are $1,853,440.50, of which 5% is $92,672.03.  Thus, Vorys' cumulative fees for fee application preparation are under the 5% cap, and we have no objection to these fees.  Moreover, because Vorys' total fees are less than $50,000.00, Vorys is not subject to the 5% cap for the current Application Period.

39.    We note that Mr. Wooster billed 0.90 hours for $180.00 in fees for fee application preparation.  Mr. Wooster's cumulative fees for fee application preparation through April 30, 2014, are $7,740.00.  Mr. Wooster's cumulative fees overall are $753,326.00, of which 5% is $37,666.30.  Thus, Mr. Wooster's cumulative fees for fee application preparation are under the 5% cap, and we have no objection to these fees.  Moreover, because Mr. Wooster's total fees are less than $50,000.00, Mr. Wooster is not subject to the 5% cap for the current Application Period.

40.    We note that Dr. Wyant billed no fees for fee application preparation, and has billed no fees for fee application preparation in the case to date.  Thus, Dr. Wyant is in compliance with the Fee Auditor Order limiting such fees to 5% of the total fees sought.

41.    We note that Young Conaway billed 3.20 hours for $887.50 in fees for fee application preparation.  Young Conaway's cumulative fees for fee application preparation through April 30, 2014, are $46,159.00.  Young Conaway's cumulative fees overall are $1,515,116.60, of which 5%

is $75,755.83.  Thus, Young Conaway's cumulative fees for fee application preparation are under the 5% cap, and we have no objection to these fees.  Moreover, because Young Conaway's total fees are less than $50,000.00, Young Conaway is not subject to the 5% cap for the current Application Period.

## CONCLUSION

42.     In summary, for the Application Period, we recommend approval of the following fees and expenses for these Applicants:

a.     Blakes - $2,067.92 in fees and $44.72 in expenses;

b.     Campbell & Levine - $13,418.50 in fees and $788.80 in expenses;

c.     Caplin & Drysdale - $18,279.50 in fees and $49.51 in expenses;

d.     Charter Oak - $3,217.50 in fees and $29.00 in expenses;

e.     Frank/Gecker - $140,562.50 in fees and $35.88 in expenses;

f.     Irell - $4,420.35 in fees and $25.10 in expenses;

g.     LAS - $8,640.00 in fees;

h.     M&E - $256,660.50 in fees and $30,872.27 in expenses ($31,259.23 minus $386.96);[16]

i.     Mr. McMonagle - $4,320.00 in fees and $1,031.12 in expenses ($1,165.12 minus $134.00);[17]

---

[16]Of this amount, $375.02 is for two expenses which M&E withdrew, and $11.94 is for a dinner expense which exceeded our recommended cap for the city in question.  *See* Appendix A.

[17]This $134.00 expense reduction is for a hotel expense which exceeded our recommended "trigger" rate for the city in question.  *See* Appendix B.

j.      Nossaman - $290.00 in fees and $369.97 in expenses for the Thirty-Eighth Interim Period, and $2,074.00 in fees for the Thirty-Ninth Interim Period;

k.      Pachulski - $67,245.50 in fees and $4,373.03 in expenses;

l.      Pedlar - $43,500.00 in fees and $1,499.50 in expenses;

m.      Schiff Hardin - $119,321.55 in fees and $515.73 in expenses;

n.      Sidley - $431,974.50 in fees ($432,244.50 minus $270.00)[18] and $27,118.09 in expenses ($27,118.13 minus $0.04);[19]

o.      SMO - $113,730.80 in fees and $11,386.46 in expenses;

p.      Vorys - $25,774.00 in fees and $1,498.85 in expenses;

q.      Mr. Wooster - $29,380.00[20] in fees and $32.56 in expenses;

r.      Dr. Wyant - $43,740.00 in fees; and

s.      Young Conaway - $10,807.00 in fees and $838.95 in expenses.

---

[18]This $270.00 fee reduction is for the following time entry which Sidley advised us was billed in error:

4/29/14      JF Cohn      .30      $270.00      Review comments/edits to Rossi response brief

Accordingly, we recommend this entry be deducted from Sidley's fee request, for a reduction of $270.00 in fees.

[19]This $0.04 expense reduction is to correct what appears to be a typographical error in Sidley's Application. On p. 2 of its Application, Sidley listed its February 2014 expense request as $13,081.58, but it was $13,081.54, for a difference of $0.04. As the amount is *de minimis*, we did not inquire about this issue.

[20]We inquired of Mr. Wooster concerning certain time entries for non-working travel, and we received a response which satisfied our inquiry. *See* Appendix C.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
       Warren H. Smith
       Texas State Bar No. 18757050

2235 Ridge Road
Suite 105
Rockwall, TX 75087
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**


**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 23rd day of October, 2014.


_____
Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicants**
Michael P. McGraw
Blake, Cassels & Graydon LLP
199 Bay Street
Suite 4000, Commerce Court West
Toronto, Ontario, Canada
M5L 1A9

Marla Eskin
Mark T. Hurford
Kathleen Campbell Davis
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801

Elihu Inselbuch
Rita C. Tobin
Caplin & Drysdale, Chartered
600 Lexington Avenue
21st Floor
New York, NY  10022-6000

James P. Sinclair
Charter Oak Financial Consultants, LLC
430 Center Avenue
Mamaroneck, NY 10543

Frances Gecker
Joseph D. Frank
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, IL  60654

Michael Fehner
Irell & Manella LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA  92660

Mark A. Peterson
Legal Analysis Systems, Inc.
970 Calle Arroyo
Thousand Oaks, CA 91360

William F. Taylor, Jr.
McCarter & English, LLP
Renaissance Center
405 N. King Street, 8th Floor
Wilmington, DE 19899

James J. McMonagle
c/o Reginald W. Jackson
Vorys, Sater, Seymour and Pease LLP
P.O. Box 1008
Columbus, OH 43216-1008

Kurt Melchior
Nossaman LLP
50 California Street, 34th Floor
San Francisco, CA 94111

Laura Davis Jones
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE 19899-8705

Alan Pedlar
The Law Office of Alan Pedlar, PC
1112 Via Malibu
Aptos, CA 95003

Eliot S. Jubelirer
Jean L. Bertrand
Wendi J. Berkowitz
Schiff Hardin LLP
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105

Kevin T. Lantry
Jeffrey E. Bjork
Sidley Austin LLP
555 W. 5th Street, Suite 4000
Los Angeles, CA  90013

James L. Miller
Peter P. Meringolo
Snyder Miller & Orton LLP
180 Montgomery Street, Suite 700
San Francisco, CA 94104

Reginald W. Jackson
Vorys, Sater, Seymour and Pease LLP
P.O. Box 1008
Columbus, OH  43216-1008

Kelly C. Wooster
P. O. Box 62
Copperopolis, CA 95228

James L. Patton, Jr.
Edwin J. Harron
Sharon M. Zieg
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

**The Debtors**
Eric Bower
The Flintkote Company
1299 Fourth Street, Suite 400
San Rafael, CA  94901

**Office of the United States Trustee**
Richard Schepacarter
Office of the U. S. Trustee
844 King Street, Lock Box 35, Suite 2207
Wilmington, DE 19801

**Copy Service**
Parcels, Inc.
Vito I. DiMaio
230 North Market Street
Wilmington, DE 19801

# APPENDIX A

## (M&E)

1.    We noted that the Application omitted the hourly rate of attorney Paul C. Dritsas.  We

asked M&E for Mr. Dritsas' hourly rate during this period, and M&E responded that it was $450.00.

2.    We noted the following arbitration expense for which more information was needed:

| | | |
|---|---|---|
| 12/03/2013 | INVOICE NO. 0003090408-410 FOR ARBITRATOR (HON. JAMES ROBERTSON) SERVICES RENDERED. REVIEW OF RULES AND EMAILS REGARDING PRELIMINARY CONFERENCE; TELEPHONE CONFERENCE AND NOTES OF MEETING. | 15,571.28 |

In response to our request, M&E provide us with a copy of the itemized statement for this expense.

*See* Appendix A-1.  We have reviewed the statement and have no objection to the expense.

3.    We noted the following arbitration retainer payment made to Keefe Bartels:

03/19/2014    $2,500.00    Arbitration Retainer Payment to Keefe Bartels

We asked M&E to confirm that this arbitration expense was not billed to the Flintkote case in error.

M&E responded:

> The amount was not billed to Flintkote in error.  Flintkote had an arbitration with Wausau, Flintkote's insurer, wherein Judge Keefe (ret.) served as the sole arbitrator. The proceedings settled in principle and the parties are negotiating a written settlement agreement.

We accept M&E's response and have no objection to this expense.

4.    We noted the following hotel expense for which more information was needed:

03/17/2014    DOUBLETREE HOTEL INVOICE - TRAVEL TO LONDON    1,651.44
FOR DEPOSITIONS OF OLIVIER BARRETT AND BARRY
BERTIN

In response to our request, M&E provided the following information:

> The charges are as follows:  hotel charge was GB Pounds 235.00 per night for 4 nights; one meal on 3/19/14 for GB Pounds 12.00; one meal on 3/20/14 for GB

Pounds 15.45; and VAT at GB Pounds 161.25.  Total GB Pounds 967.45, with $48.28 foreign transaction fee on credit card statement.

We appreciate this information and have no objection to these expenses.[21]

     5.     We noted the following meal expenses for which more information was needed:

| | | |
|---|---|---|
| 03/17/2014 | MEAL RECEIPTS - TRAVEL TO LONDON FOR DEPOSITIONS OF OLIVIER BARRETT AND BARRY BERTIN | 256.22 |
| 02/26/2014 | DINNER WITH JOHN BAY OF FLINTKOTE | 107.47 |
| 03/24/2014 | MEETING | 32.12 |
| 03/27/2014 | DEPOSITION BREAKOUT ROOM | 149.32 |

In response to our inquiry, M&E provided the following information:

The charges of 256.22 for breakfast, lunch and dinners (Lou Chiafullo) from March 17-21, 2014 in connection with depositions taken in London. The remaining charges in this paragraph are withdrawn.

M&E also provided us with copies of the meal receipts comprising the $256.22 expense.  We noted that only one of the meal charges ($81.94 for dinner in London) exceeded our recommended cap.

In response to our request, M&E agreed to reduce this charge to $70.00 (our dinner cap for London), for a reduction of $11.94.  We further note that the charges which M&E agreed to withdraw total $288.91. Thus, we recommend a total reduction of $300.85 in expenses.

     6.     We noted a charge of $86.11 for "deposition prep."  We asked M&E about this expense, and M&E responded: "The charge is withdrawn."  Accordingly, we recommend a reduction of $86.11 in expenses.

---

[21]After applying the rate of exchange then in effect, the hotel room rate computes to $391.00, and therefore did not exceed our recommended "trigger" rate of $400.00 per night for London.  The meal expenses computed to $19.97 and $25.71, both of which are less than our recommended meal caps for London ($35 for breakfast; $55 for lunch; and $70 for dinner).

## APPENDIX B

### (Mr. McMonagle)

1.      We noted the following hotel expense for which more information was needed:

482.12      Hotel Miami      02/24/2014 – 02/25/2014

In response to our query, Mr. McMonagle provided a copy of the invoice for this expense (see

Appendix B-1), from which we noted that the room rate was $409.00.  Our "trigger" rate for Miami

is $275.00 per night, sans taxes.  We also noted that the Fontainebleau Hotel is rated 4 ½ stars on

the Expedia travel website, and we therefore consider it to be a luxury hotel.  Thus we asked Mr.

McMonagle's counsel if Mr. McMonagle would agree to reduce this expense to the $275.00 trigger

rate.  Mr. McMonagle agreed, and accordingly we recommend a reduction of $134.00 in expenses.

## APPENDIX C

### (Mr. Wooster)

1.      We noted the following time entries for which more information was needed:

| Date | Code | Description | Hours | Fees | Discounted Fees |
|------|------|-------------|-------|------|-----------------|
| 3/13/14 | 018 | Non-working travel. | 2.50 | $1,950.00 | $500.00 |
| 3/14/14 | 018 | Non-working travel. | 2.70 | $2,106.00 | $540.00 |
| 4/30/14 | 018 | Non-working travel. | 2.60 | $2,028.00 | $520.00 |
|  |  |  | 7.80 |  | $1,560.00 |

In response to our request, Mr. Wooster advised us that the March 13, 2014 trip was from his office in Copperopolis, California, to San Francisco to attend a case management conference, and the March 14, 2014 entry was for the return trip home.  Mr. Wooster also advised us that the April 30, 2014 entry was for travel from his office in Copperopolis, California to San Francisco to attend a conference with the lawyers representing Flintkote, as well as opposing counsel.  We appreciate this information and have no objection to these fees.