## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | **Hearing Date: November 20, 2014, at 3:00 p.m.** |
| | ) | |

### OBJECTION TO MOTION BY BURRELL JOHNSON, JR. REQUESTING ALLOWANCE OF ADMINISTRATIVE CLAIM [RELATED DOCKET NO. 32434]

The Reorganized Debtors request the Court enter an order substantially in the form attached hereto as Exhibit A (the "Order"), denying with prejudice the motion of Burrell Johnson, Jr. [Docket no. 32434] (the "Motion"), deeming all further papers filed by Mr. Johnson in these chapter 11 cases to be stricken from the docket without further order of the Court and relieving the Reorganized Debtors from any and all obligations pertaining thereto.[2] For reasons set forth herein, Mr. Johnson has failed to state a basis for his claim.

### BACKGROUND

1.      On or about September 20, 2002, Mr. Johnson filed two claims, nos. 2237 and 2238, on forms reserved for asbestos property damage claims.[3] On or about December 7 and 8, 2004, Debtors served Mr. Johnson with a customized *Notice of Intent to Object to Claims on the Basis of Materially Insufficient Supporting Information and Opportunity to Supplement Claims*

---

[1]    The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co. Conn. ("Grace-Conn.").

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

[3]    Mr. Johnson has filed approximately 18 letters, motions and affidavits that appear on the docket. Only those relevant to Mr. Johnson's Motion are discussed herein. For a complete listing of the docket items filed by or relating to Mr. Johnson, *see* Exhibit B.

[Docket no. 7179].  The notice was not returned as undeliverable.  Thereafter, on or about September 1, 2005, the Debtors filed the *Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims* [Docket no. 9315].  On or about September 7, 2005, notice of the 15th Omnibus Objection was served on Mr. Johnson [Docket no. 9454], and on September 17, 2005, a notice of amended exhibits to the 15th Omnibus Objection [Docket no. 9493] was served on Mr. Johnson.  The September 7 notice was returned as undeliverable, but the September 17 notice was not returned as undeliverable.  On November 18, 2005, Mr. Johnson filed an *Affidavit in Support of Proof of Claim No. 1016186 and Opposition to Debtors' 15th Omnibus Objection* [Docket no. 11135]. On December 19, 2005, the Court entered its *Second Order Granting Relief Sought in Debtors' Fifteenth Omnibus Objection to Claims (Substantive)* [Docket no. 11394] (the "Disallowance Order"), a copy of which is attached hereto as Exhibit C, which disallowed and expunged Mr. Johnson's claims.  On or about December 22, 2005, the Debtors served a copy of the Disallowance Order on Mr. Johnson [Docket no. 11439].  This notice was not returned as undeliverable.

2.      By letter to the Court dated October 24, 2011, Mr. Johnson requested a copy of the creditor matrix.  On November 7, 2011, the Court denied Mr. Johnson's request. *See Order Denying Without Prejudice Request to Obtain Mailing Matrix Without Payment of Costs* [Docket no. 27887], attached hereto as Exhibit D.

3.      On October 3, 2014, the Court docketed a letter from Mr. Johnson, dated September 24, 2014, which requested information regarding the chapter 11 cases [Docket no. 32413].  On October 21, 2014, the Court docketed Mr. Johnson's Motion, dated October 14, 2014, requesting payment of an administrative claim in satisfaction of claims nos. 2237 and

2238.  [Docket no. 32434].  On October 28, 2014, the Court docketed another letter from Mr.

Johnson, which also dated September 24, 2014.  [Docket no. 32440].

### RELIEF REQUESTED

4.      The Reorganized Debtors respectfully request the Court deny Mr. Johnson's

Motion with prejudice, as the two claims that are the subject of his Motion were disallowed and

expunged in 2005 by a final and non-appealable order.  Fed. R. Bankr. P. 8001.  Moreover, Mr.

Johnson's claims are not administrative claims within the meaning of Bankruptcy Code section

503(b), and his Motion for administrative expense is untimely.[4]  Additionally, to the extent that

he is seeking to have the Court reconsider the disallowance and expungement of his claims, Mr.

Johnson has not met the requirements of Fed. R. Bankr. P. 9024.  Finally, the Reorganized

Debtors request the Court enjoin Mr. Johnson from filing further papers without this Court's

specific leave, and if such papers are filed, relieve the Reorganized Debtors from any obligation

arising therefrom.

### ARGUMENT

5.      Fed. R. Bankr. P. 9011 requires an attorney or unrepresented litigant to sign every

paper or pleading filed in the Bankruptcy Court.  The litigant's signature certifies that:

> [An] unrepresented party is certifying that to the best of the
> person's knowledge, information, and belief, formed after an
> inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to
> harass or to cause unnecessary delay or needless increase in the
> cost of litigation;

---

[4]   The administrative claims bar date was May 5, 2014. *Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732].

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b).

6.    Mr. Johnson's lengthy history of repeatedly filing papers has taken the Court's attention (*pace* the Court's November 11, 2011 order) and distracted the Reorganized Debtors and their counsel from the business of wrapping up the remaining issues in these chapter 11 cases.  In view of this repeated abuse of the legal process, the Reorganized Debtors respectfully request the Court enter the Order, enjoining Mr. Johnson from filing further papers without this Court's specific leave, and if such papers are filed, relieving the Reorganized Debtors from any obligation arising therefrom.

## RESERVATION OF RIGHTS

7.    The Reorganized Debtors hereby reserve the right to object on additional grounds in the future to Mr. Johnson's Motion.  The Reorganized Debtors further reserve the right to amend, modify, and/or supplement this Objection.  The Reorganized Debtors also reserve the right to seek sanctions under Fed. R. Bankr. P. 9011 in the event of future abusive filings. Separate notice and hearing will be scheduled for any such objection.

## NO PREVIOUS OBJECTION

8.      The Reorganized Debtors have not filed any previous objection to Mr. Johnson's Motion, nor has any other request for the relief sought herein been made to this or any other court.

## NOTICE

9.      Notice of this Objection has been given to:  (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) Mr. Johnson.  In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors request the Court enter the Order in substantially the form attached hereto as Exhibit A: (i) disallowing Mr. Johnson's Motion with prejudice; and (b) granting such other relief as may be appropriate.

Dated: November 5, 2014

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
Jeffrey W. Gettleman
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors