## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) **Hearing Date: December 17, 2014, at 2:00 p.m.** |
| | ) **Objection Deadline: December 8, 2014** |
| | ) |

## THIRTY-FOURTH OMNIBUS OBJECTION TO CERTAIN WORKERS'
## COMPENSATION CLAIMS (SUBSTANTIVE OBJECTION)

### INTRODUCTION

In this *Thirty-Fourth Omnibus Objection to Certain Workers' Compensation Claims (Substantive Objection)* (the "34th Omnibus Objection" or "Objection"), the above-captioned reorganized debtors (collectively, the "Reorganized Debtors" or "Grace," the pending bankruptcy cases being the "Chapter 11 Cases") have identified three claims set forth in Exhibit I (the "Workers' Comp Claims") that should be disallowed by an order of this Court substantially in the form attached to this Objection as Exhibit A. As of the Plan's Effective Date, the Reorganized Debtors had no outstanding obligations to any of the claimants filing the Workers' Comp Claims.

In support of this Objection, the Reorganized Debtors respectfully state as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the*

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

*District of Delaware*, dated February 29, 2012.[2]  This is a core proceeding pursuant to 28 U.S.C.

§ 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.　　　The predicates for this Objection are section 502 of the Bankruptcy Code,

Fed.R.Bankr.P. 3007 and Del. Bankr. L.R. 3007-1.

**THE OBJECTION**

3.　　　For the reasons set forth below, the Reorganized Debtors respectfully request the

Court enter the Order disallowing each of the Workers' Comp Claims.  The facts and

circumstances set forth in this Objection are supported by the *Declaration of Jeffrey M. Posner*

*in Support of the Reorganized Debtors' Thirty-Fourth Omnibus Objection to Certain Workers'*

*Compensation Claims* (the "Posner Declaration," attached hereto as Exhibit B and incorporated

into this Objection by reference).

4.　　　On April, 2, 2001, the Court entered an order (the "Wages Order") authorizing the

Debtors to continue to honor all Employee Obligations in accordance with the Debtors' stated

policies and to continue to operate under those policies at their sole discretion.[3]  Pursuant to the

Wages Order, the Reorganized Debtors continued to perform all workers' compensation

---

[2]　The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

[3]　*See* the Court's *Order: (a) Authorizing, but not Requiring the Debtors to Pay Certain Prepetition (i) Wages, Salaries, Incentive Pay, Bonus Plans and Other Compensation and Amounts Withheld From Such Compensation, (ii) Employee Medical, Pension and Similar Benefits, (iii) Employee Severance Pay, (iv) Workers Compensation Benefits, (v) Amounts Relating to Retiree Health Benefits and (vi) Reimbursable Expenses; (b) Authorizing and Approving Certain Key Employee Retention Programs on an Interim Basis; (c) Authorizing Applicable Banks and Other Financial Institutions to Receive, Process, Honor and Pay All Checks Presented for Payment and to Honor All Electronic Payment Requests Made by the Debtors Related to the Foregoing* [Docket no. 20], dated April 2, 2001.

obligations throughout the course of the chapter 11 cases.  The Reorganized Debtors emerged on February 3, 2014.[4]

5.      The Plan provides in relevant part that it left "unaltered the legal, equitable, and contractual rights to which each such Workers' Compensation Claim entitles the Holder of such Workers' Compensation Claim."  Plan Art. 3.1.4.(b).

- ***Claims nos. 277 & 2707 – Ohio Bureau of Workers' Compensation***

6.      On or about July 5, 2001, the Ohio Bureau of Workers' Compensation (the "Bureau") filed a proof of claim (Claim no. 277, a copy of which is attached hereto as <u>Exhibit C</u>) in the amount of $256,379.18 for unpaid premiums.  On December 12, 2002, the Bureau filed Claim no. 2707 (a copy of which is attached hereto as <u>Exhibit D</u>) in the amount of $257,480.24 in unpaid premiums, which purported to amend and supersede Claim no. 277.  The period to which the premiums purportedly apply is January 1, 1991, through December 31, 1992.  Neither claim provides any detail to support the Bureau's assertion that an audit occurred or that any written demand for payment was made to the Debtors at any time during the nearly ten-year period from December 31, 1992, through the Petition Date.

7.      The Reorganized Debtors' books and records available for review do not indicate that there are any unpaid premiums due or owing to the Bureau for any period, including the period at issue.  Additionally, Jeffrey M. Posner, who was an assistant vice president for risk management for Grace from 1982 through 1999, and who has been Grace's outside consultant for risk management since then, has no recollection of there ever being any such amount at issue

---

[4]   *Notice of Occurrence of the Effective Date of the First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732].

with the Bureau.  Moreover, Mr. Posner would in the course of his duties have become aware of any such amount being at issue.

8.      Finally, since the Petition Date, all premiums due to the Bureau were paid pursuant to the Wages Order, and as of the Effective Date, no amount was due or owing to the Bureau, based upon a review of the Reorganized Debtors' books and records.

9.      The Reorganized Debtors therefore request the Court disallow both Claim no. 277 and Claim no. 2707 in their entirety.

- *Claim no. 13548 – Dr. Charles J. Banta*

10.     On or about March 31, 2003, a claim was filed in the name of Doctor Charles J. Banta in the amount of $660.00, for allegedly unpaid doctor and pharmacy bills dating from 2001 and 2002.   The individual filing the claim appears to have been Geoffrey Spencer, who asserts that he was a former employee of the Reorganized Debtors.  Mr. Spencer also asserts in the proof of claim that he was pursuing this matter through the "Workers' Compensation Commission," and that he was filing Claim no. 13548 to protect his rights.

11.     In view of the provisions of the Wages Order and the Plan and Mr. Spencer's intent to seek reimbursement from the "Workers' Compensation Commission," Mr. Spencer presumably has long since received any benefits to which he may have been entitled.

12.     The Reorganized Debtors therefore request the Court disallow Claim no. 13548 in its entirety.

## RELIEF REQUESTED

13.     The Reorganized Debtors request that the Court enter the Order substantially in the form attached hereto as Exhibit A, disallowing the Workers' Comp Claims set forth in Exhibit I thereto.

**PROCEDURES FOR RESPONDING TO THE CLAIMS OBJECTION**

14.    To contest any of the objections set forth in this Claims Objection, Claimants must file and serve a written response to this Claims Objection (a "Response") so that it is received no later than 4:00 p.m. ET, on December 7, 2014 (the "Response Deadline"). The Response (or each Response, if more than one is filed) must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk") at the following address:

> 824 Market Street
> Wilmington, Delaware 19801

15.    Each such Response must also be served upon the following co-counsel to the Reorganized Debtors on or before the Response Deadline:

> KIRKLAND & ELLIS LLP
> Adam C. Paul
> Jeffrey W. Gettleman
> 300 North LaSalle Street
> Chicago, IL 60654
>
> THE LAW OFFICES OF ROGER HIGGINS, LLC
> Roger J. Higgins
> 1 North Bishop Street
> Suite 14
> Chicago, IL 60607-1823
>
> PACHULSKI STANG ZIEHL & JONES LLP
> Laura Davis Jones (Bar No. 2436)
> James E. O'Neill (Bar No. 4042)
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE  19899-8705

16.    Every Response to this Claims Objection must contain, at a minimum, the following:

a.    A caption setting forth the name of the Court, the name of the Reorganized Debtors, the case number, and the title of the Objection to which the Response is directed;

b.   The name of the Claimant, its claim number, and a description of the basis for the amount of the claim;

c.   The specific factual basis and supporting legal argument upon which the party will rely in opposing the Claims Objection;

d.   Any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

e.   The name, address, telephone number, and fax number of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Reorganized Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the Claimant.

17.   If a Claimant fails to file and serve a timely Response (or Responses), the Reorganized Debtors may present to the Court an appropriate order disallowing and expunging that Claimant's claim or claims without further notice to the Claimant or a hearing.

### REPLY TO RESPONSE

18.   The Reorganized Debtors reserve the right to, at their option, file and serve one or more replies to Claimants' Responses, if any.

### SEPARATE CONTESTED MATTER

19.   If a Claimant files a Response to this Objection, and the Claimant and the Reorganized Debtors are unable to resolve that Response, the corresponding claim and the objection by the Reorganized Debtors thereto asserted in this Claims Objection shall constitute a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each such claim.

### RESERVATION OF RIGHTS

20.   The Reorganized Debtors hereby reserve the right to object in the future to any of the Workers' Comp Claims. The Reorganized Debtors further reserve the right to amend,

modify, and/or supplement this Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

## NO PREVIOUS OBJECTION

21.     No previous objection to these Workers' Comp Claims has been filed, nor has any other motion for the relief sought herein been made to this or any other court.

## NOTICE

22.     Notice of this Objection has been given to:  (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) the Claimants who filed the three Workers' Comp Claims that are the subject of this 34th Omnibus Objection.  In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors request the Court enter the Order in substantially the form attached hereto as Exhibit A (i) disallowing the Workers' Comp Claims; and (ii) granting such other relief as may be appropriate.

Dated: November 7, 2014

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

And

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

And

PACHULSKI STANG ZIEHL & JONES LLP

_James E. O'Neill_

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors