# **EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) <br> ) (Jointly Administered) |
| Reorganized Debtors. | ) <br> ) Re docket no. _____ <br> ) Hearing Agenda item no. _____ <br> ) |

## ORDER DISALLOWING CERTAIN ENVIRONMENTAL CLAIMS (SUBSTANTIVE)

Upon consideration of the *Thirty-Second Omnibus Objection to Certain Environmental Claims (Substantive Objection)* (the "32nd Omnibus Objection" or "Objection"); it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties-in-interest; the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Objection having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the 32nd Omnibus Objection or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

DOCS_DE:196202.1 91100/001

1. The Objection is granted in its entirety.

2. The Environmental Claims set forth in Exhibit I hereto are disallowed in their entirety.

3. The relief granted in this Order shall not affect the Reorganized Debtors' continuing obligations under contracts assumed pursuant to Plan Art. 9.1.1 or any orders pursuant to which the Reorganized Debtors may have continuing obligations, *provided, further*, that nothing in this Order, the Plan, the *Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law* [Docket No. 26155] and/or any other documents associated with all of the foregoing shall relieve the Reorganized Debtors of any liability or obligations to, or preclude the assertion of any claims, rights and remedies against the Reorganized Debtors by, Hampshire Chemical with respect to the pollution and environmental clean-up and remediation of that certain waste-water treatment plant site located in Owensboro, Kentucky (the "Site") arising under (a) an Order entered by the Secretary of the Natural Resources and Environmental Protection Cabinet of the Commonwealth of Kentucky dated March 14, 1997, (b) the Settlement Agreement by and between Grace-Conn. and Hampshire Chemical dated June 21, 1999, (c) the Asset Purchase Agreement by and between Grace-Conn and Hampshire July 20, 2000, and (d) any and all other associated agreements, settlements, stipulations, administrative or judicial orders, consent decrees and judgments related to the Site.

4. The Reorganized Debtors are authorized to take all actions that may be necessary to reflect the disallowance of the Environmental Claims, including but not limited to directing Rust Consulting, Inc., their claims agent, to update the claims register to reflect such disallowance.

5. Notice of the Objection as provided therein shall be deemed good and sufficient notice thereof, and the requirements of Fed. R. Bankr. P. 3007(a) and the local rules of the Court are satisfied by such notice.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to implementation of this Order.

7. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2014

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge

# EXHIBIT I

**Environmental Claims**

In re: W.R. GRACE CO., et al
OMNIBUS 32 : EXHIBIT 1 – NO LIABILITY CLAIMS

| | Creditor Name/Address | Claim Number | Case Number | Case Name | Total Claim Dollars*/Claim Class** | Basis of Objection |
|---|---|---|---|---|---|---|
| 1 | HAMPSHIRE CHEMICAL CORP<br>C/O DILWORTH PAXSON LLP<br>ANNE MARIE P KELLEY ESQ<br>LIBERTYVIEW-STE 700<br>457 HADDONFIELD RD PO BOX 2570<br>CHERRY HILL, NJ 08034 | 13934 | 01-01140 | W.R. GRACE & CO.-CONN. | $6,500,000.00 (U)<br>UNLIQUIDATED | Debtors' records show no amount owed |
| 2 | WEATHERFORD INTERNATIONAL INC<br>2000 ST JAMES PLACE<br>HOUSTON, TX 77056 | 1719 | 01-01139 | W.R. GRACE & CO. | $351,758.00 (U)<br>UNLIQUIDATED | Debtors' records show no amount owed |
| | | | | Totals: | $6,851,758.00 (U) | |

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.
** (A) Administrative  (S) Secured  (P) Priority  (U) Unsecured

Page 1 of 1

9/17/2014 10:48 AM