# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & CO., et al.,[1]<br><br>Reorganized Debtors. | ) Chapter 11<br>)<br>) Case No. 01-01139 (KJC)<br>) (Jointly Administered)<br>)<br>) Re docket no. 32434 and _32443_<br>) Hearing Agenda item no. _6_<br>) |

## ORDER DENYING WITH PREJUDICE THE MOTION OF BURRELL JOHNSON, JR. FOR ADMINISTRATIVE CLAIM

Upon consideration of the motion by Burrell Johnson, Jr. for allowance of an administrative claim [Docket no. 32434] (the "Motion) and the Reorganized Debtors' *Objection to Motion by Burrell Johnson, Jr. Requesting Allowance of Administrative Claim* [Docket no. _32443_] (the "Objection"); the Court having jurisdiction to consider the Motion and the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; consideration of the Motion and the relief requested therein and the Objection being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1. The Motion is denied with prejudice.

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co. Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Objection or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (the "Plan").

2. Mr. Johnson is enjoined from filing any further papers in these chapter 11 cases without first seeking leave from this Court.

3. If Mr. Johnson does file further papers in these chapter 11 cases, the Reorganized Debtors shall be relieved of any obligation arising therefrom or pertaining thereto.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the denial of the Motion.

5. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: __Nov 20__, 2014

Honorable Kevin J. Carey
United States Bankruptcy Judge