## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | **Hearing Date: January 21, 2015, at 11:00 a.m.** |
| | ) | **Objection Deadline: January 12, 2015** |
| | ) | |

## THIRTY-FIFTH OMNIBUS OBJECTION TO CERTAIN STATE TAX CLAIMS
## (SUBSTANTIVE OBJECTION)

### INTRODUCTION

In this *Thirty-Fifth Omnibus Objection to Certain State Tax Claims (Substantive Objection)* (the "35th Omnibus Objection" or "Objection"),[2] the above-captioned reorganized debtors (collectively, the "Reorganized Debtors" or "Grace," the pending bankruptcy cases being the "Chapter 11 Cases")[3] have identified six (6) claims of certain state taxing authorities (the "State Tax Claims") that should be either disallowed, because there is no prepetition tax due and owing, or reduced and allowed in the amount of tax and prepetition interest that the Reorganized Debtors have determined, based upon their books and records and other circumstances, is due and owing to the various respective state taxing authorities. The Reorganized Debtors request the Court enter an order substantially in the form attached hereto as Exhibit A disallowing each

---

[1]    The Reorganized Debtors comprise W. R. Grace & Co. ("Grace," f/k/a Grace Specialty Chemicals, Inc.) and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2]    The facts and circumstances set forth in this Objection are supported by the *Declaration of Donald J. Teichen in Support of the Reorganized Debtors' Thirty-Fifth Omnibus Objection to Certain State Tax Claims (Substantive Objection)* (the "Teichen Declaration"), filed contemporaneously herewith and incorporated into this Objection by reference.

[3]    Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Teichen Declaration or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

of the State Tax Claims set forth in Exhibit A-1 and reducing and allowing each of the State Tax

Claims set forth in Exhibit A-2 thereto.

In support of this Objection, the Reorganized Debtors respectfully state as follows:

### JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference from the United States District Court for the*

*District of Delaware*, dated February 29, 2012.[4]  This is a core proceeding pursuant to 28 U.S.C.

§ 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Objection are section 502 of the Bankruptcy Code,

Fed.R.Bankr.P. 3007 and Del. Bankr. L.R. 3007-1.

### BACKGROUND

3.      On November 21, 2011, the Court entered an order (the "Merger Order"), which

permitted the Debtors to merge approximately 45 entities out of existence, transferring their

claims to Grace-Conn. [Docket No. 28007].  On February 3, 2014, the Reorganized Debtors

substantially consummated the transactions contemplated by the Plan and emerged from chapter

11.[5]  On March 19, 2014, the Court entered a final decree, closing the chapter 11 cases of the

merged subsidiaries that were the subject of the Merger Order [Docket no. 31880] (the "Merged

Subsidiaries Case Closing Order").  On October 14, 2014, the Court entered its *Final Decree:*

*(A) Closing Certain of the Chapter 11 Cases; (B) Removing Such Cases From the Joint*

---

[4]   The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

[5]   *Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732].

*Administration Order; and (C) Waiving The Requirement to File a Final Report For Such Cases* [Docket no. 32429], closing a further 15 cases. Grace and Grace-Conn. are the only remaining open chapter 11 cases.

## THE TAX CLAIMS

### *Arizona Claim No. 17766*

4.      On April 11, 2006, the Arizona Department of Revenue ("ADOR") filed a proof of claim, Claim no. 17766 (attached hereto as Exhibit B-1), for unpaid taxes attributable to tax years 1993, 1994 and 1995. ADOR's claim was for a total of $315,619.62, based upon asserted adjustments to taxes payable to Arizona as a result of the *Final Revenue Agent Report, Comprising Form 4059-A (Income Tax Discrepancy Adjustments) and Supporting Forms & Documentation* issued in 2006 by the Internal Revenue Service.

5.      ADOR and Grace subsequently negotiated settlements for each year. Copies of those settlement agreements are attached as Exhibit B-2. These settlement agreements were not executed, because of the Reorganized Debtors' then-pending chapter 11 cases. On information and belief, ADOR has agreed to the amounts set forth in these settlement agreements, which total $73,047.00, is the correct total amount payable in satisfaction of ADOR Claim no. 17766. *See* E-Mail Correspondence attached hereto as Exhibit B-3. Therefore the Reorganized Debtors respectfully request the Court reduce and allow ADOR Claim no. 17766 as set forth herein.

### *Florida Claim No. 18522*

6.      On May 8, 2009, the Florida Department of Revenue ("FDOR") filed a proof of claim, Claim no. 18522 (attached hereto as Exhibit C) for $35,503.27 for tax and penalties relating to alleged unpaid post-petition sales and use taxes. On information and belief, FDOR has since agreed with Grace that no such taxes and penalties are due and owing. FDOR has not

withdrawn its claim.  Therefore the Reorganized Debtors respectfully request the Court disallow and expunge FDOR Claim no. 18522 in its entirety.

*New Jersey Claim No. 144*

7.    On June 11, 2001, the State of New Jersey, Dept. of Labor, Division of Employer Accounts, filed Claim no. 144 (attached hereto as Exhibit D-1) against the Debtor, CC Partners (f/k/a Cross Country Staffing) (Case no. 01-01198 (KJC)), which asserted $89,429.30 in unpaid unemployment contributions for the years 1997 through 2001.  Pursuant to the Merger Order, Claim no. 144 was transferred to Grace-Conn. and Case no. 01-01198 was closed pursuant to the Merged Subsidiaries Case Closing Order.

8.    On or about October 30, 2014, the New Jersey Department of the Treasury confirmed that only $160.92 in unpaid unemployment contributions was due and owing for the years 1998 – 1999, because CC Partners had no employees during the relevant periods.  *See* Statement dated November 23, 2014, attached hereto as Exhibit D-2.  The Reorganized Debtors agree with this amount, and therefore request the Court reduce and allow Claim no. 144 in the amount of $160.92.

*Texas Claim No. 17760*

9.    On December 19, 2005, the Texas Comptroller of Public Accounts ("Texas Comptroller") filed Claim no. 17760 for administrative expense for unpaid tax years 2001 through 2003, in the amount of $133,828.11.  On June 30, 2008, the Texas Comptroller filed an amended proof of claim (Claim no. 18506), in the amount of $173,674.45, for administrative expenses for unpaid tax years 2001 through 2007.  Copies of Texas Comptroller Claim nos. 17760 and 18506 are attached hereto as Exhibits E-1 and E-2, respectively.  On November 20, 2012, the Texas Comptroller executed a *Withdrawal of First Amended Proof of Claim for Administrative Expense and Request for Payment of Claim no. 18506* (the "Withdrawal," a copy

of which is attached hereto as Exhibit E-3), and transmitted the Withdrawal to the Reorganized Debtor's Claims Agent, Rust Consulting, Inc. The Texas Comptroller has since confirmed to the Reorganized Debtors that Claim no. 17760 should also have been withdrawn, as the unpaid tax years in Claim no. 17760 were included in the withdrawn Claim no. 18506. *See* E-Mail Correspondence, attached hereto as Exhibit E-4.

10.     The Reorganized Debtors therefore request the Court disallow Claim no. 17760 in its entirety based upon the representation that the Texas Comptroller has determined that the Reorganized Debtors do not owe the tax asserted in Claim no. 17760.

**Indiana Claim No. 15355 and 18512**

11.     On January 28, 2002, the Indiana Department of Revenue ("InDOR") filed a proof of claim, Claim no. 876, in the amount of $17,263.46, for unpaid corporate income and other taxes. On June 5, 2003, InDOR filed a second proof of claim, Claim no. 15035, which purported to amend Claim no. 876 in the amount of $1,245,724.20. On August 19, 2003, InDOR filed a third proof of claim, Claim no. 15355, which purported to amend Claim no. 15305 in the amount of $443,479.07.

12.     On August 27, 2003, this Court entered its *Order Granting the Relief Sought in Debtors' Second Omnibus Objection to Claims (Non-Substantive)* [Docket no. 4346], which disallowed Claim no. 876, leaving Claims nos. 15305 and 15355 open and unresolved. On May 25, 2004, the Court entered its *Order Granting the Relief Sought in Debtors' Third Omnibus Objection to Claims (Non-Substantive)* [Docket no. 5646], which disallowed Claim no. 15305, and left Claim no. 15355 as its sole remaining prepetition claim. Copies of InDOR Claim nos. 876, 15305 and 15355 are attached hereto as Exhibits F-1, F-2 and F-3, respectively.

13.     On August 26, 2008, the Debtors objected to InDOR claim no. 15355 in their *Amended Twenty-Fifth Omnibus Objection to Claims (Substantive and Non-Substantive)* [Docket

no. 19378] (the "25th Omnibus Objection"), based upon insufficient documentation.    On September 17, 2008, InDOR filed its *Response to Objection to Claim* [Docket no. 19554] (the "InDOR Response," attached hereto as Exhibit F-4) to the 25th Omnibus Objection, stating that Claim no. 15355 should be allowed in the amount of $443,130.64.    The hearing on the 25th Omnibus Objection with respect to InDOR Claim no. 15355 was thereafter continued indefinitely, and remains pending.

14.    On December 8, 2008, InDOR filed a fourth proof of claim (Claim no. 18512, attached hereto as Exhibit F-5) in the amount of $77,734.35.    Claim no. 18512 amends Claim no. 15355 by eliminating liability number 199902480316 for $365,322.61 and making a number of other minor adjustments in the remaining asserted liabilities.

| TAX TYPE | YEAR | InDOR LIABILITY NUMBER | BASE TAX | INTEREST | PENALTY | TOTALS |
|---|---|---|---|---|---|---|
| Income | 1995 | 199501709693 | $3,017.61 | $648.09 | $0.00 | $3,665.70 |
| Income | 1996 | 199601709673 | $459.80 | $136.69 | $0.00 | $596.49 |
| Income | 1997 | 199701725353 | $8,962.04 | $1,882.27 | $0.00 | $10,844.31 |
| S&U | 1995 | 199502465732 | $21,927.80 | $8,024.63 | $2,192.78 | $32,145.21 |
| S&U | 1996 | 199602456735 | $11,100.97 | $3,287.41 | $1,110.10 | $15,498.48 |
| S&U | 1997 | 199702465737 | $9,766.79 | $2,210.51 | $976.68 | $12,953.98 |
| S&U | 1998 | 199802465712 | $1,425.24 | $222.81 | $142.52 | $1,790.57 |
| WTH | 2000 | 200000617363 | $214.83 | $3.30 | $21.48 | $239.61 |
| TOTAL | | | $56,875.08 | $16,415.71 | $4,443.56 | $77,734.35 |

15.    On February 5, 2014, as part of their emergence payments, the Reorganized Debtors paid $16,296.53 ($9,619.24 in Allowed Amount and $6,677.29 of interest) to InDOR in satisfaction of Claim no. 15369.    InDOR has since applied that amount to the outstanding balance of Claim no. 18512.    InDOR has also applied adjustments that decrease the amount of Claim no. 18512 by a further $1,905.24, leaving a total amount of $59,532.78 due and owing to

InDOR under Claim no. 18512. *See* E-Mail correspondence, dated December 9, 2014, attached hereto as Exhibit F-6. The Reorganized Debtors agree with this calculation, and request the Court reduce and allow Claim no. 18512 in the amount of $59,532.78, and disallow Claim no. 15355 as amended and superseded by Claim no. 18512.

## RELIEF REQUESTED

16.    The Reorganized Debtors request that the Court enter the Order substantially in the form attached hereto as Exhibit A, disallowing the State Tax Claims set forth in Exhibit A-1 thereto and reducing and allowing the State Tax Claims set forth in Exhibit A-2.

## PROCEDURES FOR RESPONDING TO THE CLAIMS OBJECTION

17.    To contest any of the objections set forth in this Objection, Claimants must file and serve a written response to this Objection (a "Response") so that it is received no later than 4:00 p.m. ET, on January 14, 2015 (the "Response Deadline"). The Response (or each Response, if more than one is filed) must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk") at the following address:

> 824 Market Street
> Wilmington, Delaware 19801

18.    Each such Response must also be served upon the following co-counsel to the Reorganized Debtors on or before the Response Deadline:

> KIRKLAND & ELLIS LLP
> Adam C. Paul
> Jeffrey W. Gettleman
> 300 North LaSalle Street
> Chicago, IL 60654
>
> THE LAW OFFICES OF ROGER HIGGINS, LLC
> Roger J. Higgins
> 1 North Bishop Street
> Suite 14
> Chicago, IL 60607-1823

PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

19.    Every Response to this Objection must contain, at a minimum, the following:

a.    A caption setting forth the name of the Court, the name of the Reorganized Debtors, the case number, and the title of the Objection to which the Response is directed;

b.    The name of the Claimant, its claim number, and a description of the basis for the amount of the claim;

c.    The specific factual basis and supporting legal argument upon which the party will rely in opposing the Claims Objection;

d.    Any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

e.    The name, address, telephone number, and fax number of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Reorganized Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the Claimant.

20.    If a Claimant fails to file and serve a timely Response (or Responses), the Reorganized Debtors may present to the Court an appropriate order disallowing and expunging that Claimant's claim or claims without further notice to the Claimant or a hearing.

### REPLY TO RESPONSE

21.    The Reorganized Debtors reserve the right to, at their option, file and serve one or more replies to Claimants' Responses, if any.

### SEPARATE CONTESTED MATTER

22.    If a Claimant files a Response to this Objection, and the Claimant and the Reorganized Debtors are unable to resolve that Response, the corresponding claim and the

objection by the Reorganized Debtors thereto asserted in this Objection shall constitute a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each such claim.

### RESERVATION OF RIGHTS

23.    The Reorganized Debtors hereby reserve the right to object in the future to any of the State Tax Claims. The Reorganized Debtors further reserve the right to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

### NO PREVIOUS OBJECTION

24.    Except as set forth above, no previous objection to these State Tax Claims has been filed, nor has any other motion for the relief sought herein been made to this or any other court.

### NOTICE

25.    Notice of this Objection has been given to:  (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) the Claimants whose State Tax Claims are the subject of this 35th Omnibus Objection. In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors request the Court enter the Order in substantially the form attached hereto as Exhibit A: (i) disallowing and expunging each of the State Tax Claims set forth on Exhibit A-1; (ii) and reducing and allowing each of the State Tax Claims as set forth on Exhibit A-2; and (iii) granting such other relief as may be appropriate.

Dated: December 　2014

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors