IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) Hearing Date: January 21, 2015, at 11:00 a.m. |
| | ) |

## DECLARATION OF DONALD J. TEICHEN IN SUPPORT OF THE REORGANIZED DEBTORS' THIRTY-FIFTH OMNIBUS OBJECTION TO CERTAIN STATE TAX CLAIMS (SUBSTANTIVE OBJECTION)

| | |
|---|---|
| COUNTY OF PALM BEACH | ) |
| | ) ss. |
| STATE OF FLORIDA | ) |

Donald J. Teichen, after being duly sworn according to law, deposes and says:

1. I am over the age of 18 and competent to testify. I am Director of Tax at W. R. Grace & Co.-Conn., which has offices located at 6001 Broken Sound Parkway, N.W. Suite 600, Boca Raton, Florida 33487. I submit this declaration (the "Declaration") in support of the *Reorganized Debtors' Thirty-Fifth Omnibus Objection to Certain State Tax Claims (Substantive Objection)* (the "Objection"), filed concomitantly herewith. All facts set forth in this Declaration are based on my personal knowledge, upon information supplied to me by the Reorganized Debtors' employees and professionals retained in these chapter 11 cases, as well as upon my opinion based upon my experience and knowledge of Grace's businesses. If called upon to testify, I could and would testify competently to the facts and opinions contained herein.[2]

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. ("Grace," f/k/a Grace Specialty Chemicals, Inc.) and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Objection or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

2. I am responsible for reviewing claims and overseeing the process of analyzing and objecting to claims of tax authorities filed during these chapter 11 cases. In that capacity, I have reviewed the Objection and I am either directly familiar with the information contained therein and in the exhibits attached thereto or indirectly familiar with this information through the Reorganized Debtors' employees, contractors or other personnel, attorneys and BMC Group, the Reorganized Debtors' claims consultant. Upon information and belief, the Reorganized Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the respective amounts owed to their creditors.

*Arizona Claim No. 17766*

3. On April 11, 2006, the Arizona Department of Revenue ("ADOR") filed a proof of claim, Claim no. 17766 (attached to the Objection as Exhibit B-1), for unpaid taxes attributable to tax years 1993, 1994 and 1995. ADOR's claim was for a total of $315,619.62. The Reorganized Debtors believe that ADOR timely filed its claim in response to notification by Grace of adjustments to taxes payable to Arizona as a result of the revenue agent's reports issued in 2006 by the Internal Revenue Service.

4. ADOR and Grace subsequently negotiated settlements for each year. Copies of those settlement agreements are attached to the Objection as Exhibit B-2. These settlement agreements were not executed, because of the Reorganized Debtors' then-pending chapter 11 cases. On information and belief, ADOR has agreed to the amounts set forth in these settlement agreements, which total $73,047.00, is the correct total amount payable in satisfaction of ADOR Claim no. 17766. *See* E-Mail Correspondence attached to the Objection as Exhibit B-3.

*Florida Claim No. 18522*

5. On May 8, 2009, the Florida Department of Revenue ("FDOR") filed a proof of claim, Claim no. 18522 (attached to the Objection as Exhibit C) for $35,503.27 for tax and

penalties relating to alleged unpaid post-petition sales and use taxes. On information and belief, FDOR has since agreed with Grace that no taxes and penalties are due and owing. FDOR has not withdrawn its claim.

*New Jersey Claim No. 144*

6. On June 11, 2001, the State of New Jersey, Dept. of Labor, Division of Employer Accounts, filed Claim no. 144 (attached to the Objection as Exhibit D-1) against CC Partners (f/k/a Cross Country Staffing) (Case no. 01-01198 (KJC)), which asserted $89,429.30 in unpaid unemployment contributions for the years 1997 through 2001. Pursuant to the Merger Order, Claim no. 144 was transferred to Grace-Conn. and Case no. 01-01198 was closed pursuant to the Merged Subsidiaries Case Closing Order.

7. On or about October 30, 2014, the New Jersey Department of the Treasury confirmed that only $160.92 in unpaid unemployment contributions was due and owing for the years 1998 – 1999, because CC Partners had no employees during the relevant periods. *See* Statement dated November 23, 2014, attached to the Objection as Exhibit D-2. The Reorganized Debtors agree with this amount.

*Texas Claim No. 17760*

8. On December 19, 2005, the Texas Comptroller of Public Accounts ("Texas Comptroller") filed Claim no. 17760 for administrative expense for unpaid tax years 2001 through 2003, in the amount of $133,828.11. On June 30, 2008, the Texas Comptroller filed an amended proof of claim (Claim no. 18506), in the amount of $173,674.45, for administrative expenses for unpaid tax years 2001 through 2007. Copies of Texas Comptroller Claim nos. 17760 and 18506 are attached to the Objection as Exhibits E-1 and E-2, respectively. On November 20, 2012, the Texas Comptroller executed a *Withdrawal of First Amended Proof of Claim for Administrative Expense and Request for Payment of Claim no. 18506* (the

3

"Withdrawal," a copy of which is attached to the Objection as <u>Exhibit E-3</u>), and transmitted the Withdrawal to the Reorganized Debtor's Claims Agent, Rust Consulting, Inc. The Texas Comptroller has since confirmed to the Reorganized Debtors that Claim no. 17760 should also have been withdrawn, as the unpaid tax years in Claim no. 17760 were included in the withdrawn Claim no. 18506. *See* E-Mail Correspondence, attached to the Objection as <u>Exhibit E-4</u>.

*Indiana Claim No. 15355 and 18512*

9. On January 28, 2002, the Indiana Department of Revenue ("<u>InDOR</u>") filed a proof of claim, Claim no. 876, in the amount of $17,263.46, for unpaid corporate income and other taxes. On June 5, 2003, InDOR filed a second proof of claim, Claim no. 15035, which purported to amend Claim no. 876 in the amount of $1,245,724.20. On August 19, 2003, InDOR filed a third proof of claim, Claim no. 15355, which purported to amend Claim no. 15305 in the amount of $443,479.07.

10. On August 27, 2003, this Court entered its *Order Granting the Relief Sought in Debtors' Second Omnibus Objection to Claims (Non-Substantive)* [Docket no. 4346], which disallowed Claim no. 876, leaving Claims nos. 15305 and 15355 open and unresolved. On May 25, 2004, the Court entered its *Order Granting the Relief Sought in Debtors' Third Omnibus Objection to Claims (Non-Substantive)* [Docket no. 5646], which disallowed Claim no. 15305, and left Claim no. 15355 as its sole remaining prepetition claim. Copies of InDOR Claim nos. 876, 15305 and 15355 are attached to the Objection as <u>Exhibits F-1, F-2 and F-3</u>, respectively.

11. On August 26, 2008, the Debtors objected to InDOR claim no. 15355 in their *Amended Twenty-Fifth Omnibus Objection to Claims (Substantive and Non-Substantive)* [Docket no. 19378] (the "<u>25th Omnibus Objection</u>"), based upon insufficient documentation. On

4

September 17, 2008, InDOR filed its *Response to Objection to Claim* [Docket no. 19554] (the "InDOR Response," attached to the Objection as Exhibit F-4) to the 25th Omnibus Objection, stating that Claim no. 15355 should be allowed in the amount of $443,130.64. Attached to the InDOR Response were certain work-papers generated by Grace, purporting to show an audit summary prepared by InDOR that showed a potential tax liability of $70,044.19. The hearing on the 25th Omnibus Objection with respect to InDOR Claim no. 15355 was thereafter continued indefinitely, and remains pending.

12. On December 8, 2008, InDOR filed a fourth proof of claim (Claim no. 18512, attached to the Objection as Exhibit F-5) in the amount of $77,734.35. Claim no. 18512 amends Claim no. 15355 by eliminating liability number 199902480316 for $365,322.61 and making a number of other minor adjustments in the remaining asserted liabilities.

| TAX TYPE | YEAR | INDOR LIABILITY NUMBER | BASE TAX | INTEREST | PENALTY | TOTALS |
|---|---|---|---|---|---|---|
| Income | 1995 | 199501709693 | $3,017.61 | $648.09 | $0.00 | $3,665.70 |
| Income | 1996 | 199601709673 | $459.80 | $136.69 | $0.00 | $596.49 |
| Income | 1997 | 199701725353 | $8,962.04 | $1,882.27 | $0.00 | $10,844.31 |
| S&U | 1995 | 199502465732 | $21,927.80 | $8,024.63 | $2,192.78 | $32,145.21 |
| S&U | 1996 | 199602456735 | $11,100.97 | $3,287.41 | $1,110.10 | $15,498.48 |
| S&U | 1997 | 199702465737 | $9,766.79 | $2,210.51 | $976.68 | $12,953.98 |
| S&U | 1998 | 199802465712 | $1,425.24 | $222.81 | $142.52 | $1,790.57 |
| WTH | 2000 | 200000617363 | $214.83 | $3.30 | $21.48 | $239.61 |
| TOTAL | | | $56,875.08 | $16,415.71 | $4,443.56 | $77,734.35 |

13. On February 5, 2014, as part of their emergence payments, the Reorganized Debtors paid $16,296.53 ($9,619.24 in Allowed Amount and $6,677.29 of interest) to InDOR in satisfaction of Claim no. 15369. InDOR has since applied that amount to the outstanding balance of Claim no. 18512. InDOR has also applied adjustments that decrease the amount of

Claim no. 18512 by a further $1,905.24, leaving a total amount of $59,532.78 due and owing to InDOR under Claim no. 18512. *See* E-Mail correspondence, dated December 9, 2014, attached to the Objection as Exhibit F-6. The Reorganized Debtors agree with this calculation.

**[Remainder of Page Left Intentionally Blank]**

14. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Donald J. Teichen*
Donald J. Teichen
Director of Tax
W. R. Grace & Co.-Conn.

SWORN AND SUBSCRIBED before me,
this 11th day of December 2014

_____
Notary Public
My Commission Expires: Sept 5, 2015

EDWINA DUROS
Notary Public, State of Florida
Commission# EE 125614
My comm. expires Sept 5 2015