<u>**EXHIBIT I**</u>

**Peter DeCambre Letter, dated June 18, 2013**



**U.S. Environmental Protection Agency**
**5 Post Office Square Suite 100**
**Boston, MA  02109 – 3912**

BY ELECTRONIC MAIL

June 18, 2013

Craig H. Campbell                                   Solomon M. Feldman
60 State Street, Suite 700                          199 Wells Ave., Suite 201
Boston, MA 02109                                    Newton, MA 02459

Re:    Blackburn and Union Privileges Superfund Site, Walpole, Massachusetts

Dear Counsel:

Over the last two months, EPA has made a number of first-hand observations regarding the condition of the Site property.  We have observed a number of problems, including large vegetative overgrowth throughout the property and the degradation of the asphalt-capped Area of Containment (AOC).   We have also received numerous complaints from the Town of Walpole and neighbors who live near the Site regarding the overgrowth of the property.

On April 23, 2013, by electronic mail, I directed that BIM Investment Corporation and Shaffer Realty Nominee Trust (collectively "the Shaffers") address the vegetative overgrowth at the Site.  I made a second request by electronic mail on June 3, 2013. Attorney Feldman informed EPA that the grass and brush would be addressed on Monday, June 10, 2013.  According to neighbors and Town officials, someone started to cut the vegetation on June 10, but did not finish the work.  The overgrowth must be addressed because the overgrowth of vegetation can threaten the integrity of the vegetative barrier.

In addition, during a site visit on May 14, 2013, Richard Fisher, the EPA Remedial Project Manager, observed large, fully penetrating cracks in the asphalt cap, vegetation coming up through the cap, and an overall degradation of the cap.  Based upon these observations, by electronic mail dated May 22, 2013, EPA required that the Shaffers submit a short-term plan detailing how they would repair and address the cap degradation in accordance with the September 1992 *Revised Draft Inspection and Maintenance Plan* (I&M Plan) for the Site.  In proposing short-term repairs, EPA stated that the Shaffers could take into account the fact that W.R. Grace and Covidien are currently drafting a plan that will address the condition and long-term integrity of this AOC cap during construction of the groundwater treatment building.  The short-term plan was due by June 6, 2013 and is now overdue.

Under the Consent Decree, Settling Defendants are liable for stipulated penalties for failure to comply with the requirements of this Consent Decree or perform the work

identified in the SOW.[1]  Under Section IV of the SOW (Performance Standards: Area of Containment), Settling Defendants are required to perform all of the activities required by the I&M Plan.  The activities required by this Plan, and by reference, the Consent Decree, include, without limitation, mowing the grass, maintaining a vegetative cover, and maintaining the asphalt cap.

Accordingly, the Settling Defendants shall perform the following activities within the time periods specified below:

1. Address the current landscaping issues and vegetative overgrowth throughout the Site, by mowing the vegetative barrier, other Site areas, and performing any other necessary maintenance relating to overgrown vegetation within five (5) days of the date of this letter;

2. Submit a proposed plan for EPA approval within fourteen (14) days of the date of this letter detailing how the Settling Defendants will repair and address the cap degradation in accordance with the I&M Plan until the overhaul of the cap is implemented in connection with the construction of the groundwater treatment building; and

3. Submit a proposed, updated I&M Plan for EPA approval within fourteen (14) days of the date of this letter for the vegetated barrier that includes specific timetables and frequencies of defined inspection and maintenance tasks to take place a minimum of four times (for example, a two-week period within which specific activities such as inspections, mowing, and maintenance will take place during the agreed upon schedule).

If any of the aforementioned tasks are not performed within the specified periods listed above, EPA may issue a demand for stipulated penalties pursuant to Section XXI (Stipulated Penalties) of the Consent Decree.

Please feel free to call or email me if you have any questions.

Sincerely,

/Peter DeCambre/
Senior Enforcement Counsel

cc:   Richard Fisher, EPA
      Mark Sabath, DOJ
      Bob Campbell, MADEP
      Lydia B. Duff
      Seth D. Jaffe
      Kathryn Zeigler
      Paul Bucens

---

[1] Under Paragraph 73, stipulated penalties for failure to perform work shall accrue per violation per day at $2,500 (1st through 14th day), $5,000 (15th through 30th day), and $7,500 (31st day and beyond).