IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date: January 21, 2015, at 11:00 a.m. |
| | ) | Objection Deadline: January 5, 2015 |

**MOTION REQUESTING ENTRY OF A PROTECTIVE ORDER AUTHORIZING THE REORGANIZED DEBTORS TO FILE A JOINT DEFENSE AGREEMENT UNDER SEAL**

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors" or "Grace") file this motion (the "Seal Motion") requesting the Court enter an order, substantially in the form attached hereto as Exhibit A (the "Seal Order") authorizing the Reorganized Debtors to file under seal the *Blackburn and Union Privileges Superfund Site Participation Agreement* (the "Joint Defense Agreement"), which the Reorganized Debtors are seeking to file in support of their *Objection to Claim No. 6078 Filed by Irving Shaffer, as Trustee of the Shaffer Realty Nominee Trust and of the BIM Investment Trust (Substantive Objection)* (the "Shaffer Objection"), which has been filed contemporaneously herewith. Irving Shaffer, as Trustee of the Shaffer Realty Nominee Trust and of the BIM Investment Trust (collectively, "Shaffer" or the "Claimant"), and Covidien, Inc., are parties to the Joint Defense Agreement, and the United States Trustee shall be permitted to view the document as needed.[2]

In support of this Motion, the Reorganized Debtors respectfully state as follows:

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may, the Shaffer Objection or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion are sections 105(a) and 107(b) of the Bankruptcy Code, Fed. R. Bankr. P. 9018 and Del. Bankr. L.R. 9018-1

## BACKGROUND

3. The Reorganized Debtors have filed the Joint Defense Agreement in support of the Shaffer Objection, which requests the Court enter an order disallowing Claim no. 6078 (the "Shaffer Claim") in part because of Claimant's breach of its obligations under the Joint Defense Agreement. The Shaffer Objection also requests the Court disallow the Shaffer Claim based upon potential counter-claims arising under relevant environmental law and Claimant's failure to assert any non-contingent, actual damages in the Shaffer Claim.[3]

4. The Joint Defense Agreement, which adopts Massachusetts law as its governing law, is a privileged document, because the parties thereto, Claimant, the Reorganized Debtors and Covidien, assert a common interest with respect to claims that may be asserted against one or more of the Parties arising from the Blackburn and Union Privileges Superfund Site in Walpole, Massachusetts (the "Walpole Site"). *See* RESTAT 3D OF THE LAW GOVERNING LAWYERS, § 76 (2014) ("If two or more clients with a common interest in a litigated or non-litigated matter are represented by separate lawyers and they agree to exchange information concerning the matter, a communication of any such client that otherwise qualifies as privileged

---

[3] The Reorganized Debtors are not seeking a recovery for damages arising from Claimant's breach of the Joint Defense Agreement or for their potential counter-claims under relevant environmental law. They seek only the disallowance of the Shaffer Claim.

under §§ 68-72 that relates to the matter is privileged as against third persons. Any such client may invoke the privilege, unless it has been waived by the client who made the communication"); *see also Hanover Ins. Co. v. Rapo & Jepsen Ins. Servs.*, 449 Mass. 609, 614, 870 N.E.2d 1105, 1110 (Mass. 2007) ("The principle articulated in § 76(1) of the Restatement is consistent with the law in the Commonwealth").[4]

### RELIEF REQUESTED

5. By this Motion, the Reorganized Debtors seek entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Fed. R. Bankr. P. 9018 and Del. Bankr. L.R. 9018-1, authorizing them to file the Joint Defense Agreement under seal in order to maintain the joint defense privilege asserted therein. The Reorganized Debtors are filing this Motion pursuant to Fed. R. Bankr. P. 9018 and Local Rule 9018-1(b), which provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del Bankr. L.R. 9018-1 (b).[5]

### ANALYSIS

**I.   SECTION 107(B) REQUIRES FILING THE JOINT DEFENSE AGREEMENT UNDER SEAL**

6. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

---

[4] By filing this Motion and the Joint Defense Agreement, the Reorganized Debtors are not waiving the common interest and attorney-client privilege in the Joint Defense Agreement.

[5] Fed. R. Bankr. P. 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, providing in relevant part that:

> [o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information …

Fed. R. Bankr. P. 9018.

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may: (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C § 107(b). Section 107(b)(1) thus *requires* courts to protect confidential commercial information. *In re Frontier Group, LLC*, 256 RR. 771, 773 (Bankr. E.D. Tenn. 2000).

7. Indeed, unlike its Fed. R. Civ. P. 26 counterpart, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d at 27. Finally, granting a sealing order is well within this Court's power - and discretion - as long as the requirements set forth in section 107(b) have been met. *In re Ionosphere Clubs Inc.*, 156 B.R. 414, 434 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

8. As Judge Clark stated in *In re 50-Off Stores*, 213 B.R. 646, 656 (Bankr. W.D. Tex. 1997), Bankruptcy Code section 107(b)(1) should be interpreted to include information subject to the attorney-client privilege. *Id.* ("a client's disclosures made in confidence to its attorneys is one kind of 'confidential ... commercial information'."). Therefore, under the plain language of section 107(b) of the Bankruptcy Code and Fed. R. Bankr. P. 9018, and in light of the Court's broad equitable powers under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," the requested relief should be granted. *See, e.g., In re Nortel Networks, Inc.*, 2011 Bankr.

LEXIS 3971, 60-61 (Bankr. D. Del. July 11, 2011) (order authorizing filing of documents under seal pursuant to both sections 105(a) and 107(b)); *In re Hemple*, 295 B.R. 200, 2024 (Bankr. D. Vt. 2003) (Court may seal filed documents pursuant to its authority under Bankruptcy Code section 105).

## No Previous Motion

9. No previous motion for the relief sought herein has been made to this or any other court.

## Notice

10. Notice of this Objection has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; (ix) Covidien, Inc.; (x) the Environmental Protection Agency and U.S. EPA Region I; and (xi) Claimant, Claimant's counsel and Argo Partners. In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors respectfully request the Court enter the Order: (i) authorizing the Reorganized Debtors to file the Joint Defense Agreement under seal; and (ii) granting such other relief as may be appropriate.

Dated:  December 12, 2014          KIRKLAND & ELLIS LLP
                                   Adam Paul
                                   John Donley
                                   300 North LaSalle Street
                                   Chicago, IL 60654
                                   (312) 862-2000

                                   and

                                   THE LAW OFFICES OF ROGER HIGGINS, LLC
                                   Roger J. Higgins
                                   111 East Wacker Drive
                                   Suite 2800
                                   Chicago, IL 60601
                                   (312) 836-4047

                                   and

                                   PACHULSKI STANG ZIEHL & JONES LLP

                                   /s/ James E. O'Neill
                                   _____
                                   Laura Davis Jones (Bar No. 2436)
                                   James E. O'Neill (Bar No. 4042)
                                   919 North Market Street, 17th Floor
                                   P.O. Box 8705
                                   Wilmington, DE  19899-8705
                                   (302) 652-4100
                                   (302) 652-4400

                                   Co-Counsel for the Reorganized Debtors