## EXHIBIT A

**Form of Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) Re docket no. 32470 |
| | ) |

## ORDER REDUCING AND ALLOWING CLAIM NO. 6078

Upon consideration of the Reorganized Debtors' *Objection to Claim no. 6078 Filed by Irving Shaffer, as Trustee of the Shaffer Realty Nominee Trust and of the BIM Investment Trust (Substantive Objection)* (the "Objection) seeking entry of an order disallowing and expunging Claim no. 6078, and the *Settlement Agreement Reducing and Allowing Claim no. 6078*, attached hereto as Exhibit I (the "Settlement Agreement"); it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties-in-interest; the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Objection having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1. The Settlement Agreement is incorporated herein by reference.

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co. Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Settlement Agreement.

DOCS_DE:197334.1 91100/001

2. Claim no. 6078, filed by Irving Shaffer, as Trustee of the Shaffer Realty Nominee Trust and of the BIM Investment Trust, the predecessor-in-interest to the Philip Shaffer Family Corp. (the "Claimant"), is reduced and allowed in the amount $15,000 (the "Settlement Amount").

3. Notwithstanding the terms of the Plan, no interest shall accrue on the Settlement Amount.

4. Payment shall be made on the terms and conditions set forth in the Settlement Agreement.

5. Nothing in the Settlement Agreement shall be construed to constitute a release or waiver by: (a) the Reorganized Debtors of any counter-claims (collectively, the "Counter-Claims") against Claimant arising from or related to, as the case may be: (i) any breach by Claimant (whether past or future) of the Joint Defense Agreement; (ii) that certain consent decree with respect to the Settling Defendants' reimbursement of Response Costs incurred by the United States, in *United States v. BIM Inv. Corp. et. al.*, No. 1:10-cv-11263-NG; (iii) that certain *Consent Decree with the United States and the Commonwealth of Massachusetts Regarding the Blackburn and Union Privileges Superfund Site—Walpole, MA* (v) any other causes of action permitted by Joint Defense Agreement ¶ 15; or (v) any other claims or causes of action related to, or arising from, the Walpole Site and the Shaffer Properties; or (b) by Argo Partners of any claims it may have against Claimant under the Assignment Agreement.

6. The Reorganized Debtors are authorized to take all actions that may be necessary to reflect the reduction and allowance of Claim no. 6078 including but not limited to directing Rust Consulting, Inc., their claims agent, to update the claims register to reflect such reduction and allowance.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 3007(a) and the local rules of the Court are satisfied by such notice.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to Claim no. 6078, the Settlement Agreement and implementation of this Order.

9. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2015

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge

# EXHIBIT I

**Settlement Agreement**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) |
| | ) |

### SETTLEMENT AGREEMENT REDUCING AND ALLOWING CLAIM NO. 6078

This stipulated agreement ("Agreement") is entered into, as of the last date set forth in the signature page of this Agreement, between the above-captioned reorganized debtors (collectively, the "Reorganized Debtors") and Philip Shaffer Family Corp., successor-in-interest to the Shaffer Realty Nominee Trust and BIM Investment Trust ("Claimant"), and Argo Partners (which, together with Claimant and the Reorganized Debtors, are the "Parties"), reducing and allowing Claim no. 6078.[2]

### STATEMENT OF FACTS

WHEREAS, the *Administrative Order and Second Administrative Order for Removal Action*, U.S. EPA Region I CERCLA Docket No. 1-92-1033 ("Administrative Order) requires Grace, Grace-Conn. and certain of their affiliates and Claimant to perform certain inspection, maintenance and reporting, as well as other "removal" activities at the South Street Superfund Site located in Walpole, Massachusetts (the "Walpole Site"), which the United States Environmental Protection Agency ("U.S. EPA") has designated a Superfund Site;

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may, the RD/RA Consent Decree or the NRD Consent Decree (as those terms are defined below), or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

DOCS_DE:197334.1 91100/001

**WHEREAS**, on November 19, 1993, Claimant and Grace entered into an agreement (the "Shaffer Agreement") to resolve litigation over the Walpole Site and certain properties owned by Claimant (the "Shaffer Properties");

**WHEREAS**, Grace agreed in the Shaffer Agreement to perform certain inspection, maintenance, reporting and other activities, which Grace thereafter timely performed;

**WHEREAS**, On April 2, 2001, the above-captioned chapter 11 cases commenced in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, pursuant to a December 13, 2001 letter, the Reorganized Debtors informed Claimant that, because the Shaffer Properties were a non-owned site, the pending chapter 11 cases prevented the Reorganized Debtors from continuing to perform inspection and maintenance activities on the Shaffer Properties;

**WHEREAS**, on March 26, 2003, Claimant's predecessor-in-interest filed Claim no. 6078;

**WHEREAS**, Claimant performed such inspection and maintenance at the Shaffer Properties from 2002 until 2010, when Covidien, Inc. ("Covidien"), Claimant and the Reorganized Debtors entered into the *Blackburn and Union Privileges Superfund Site Participation Agreement* (the "Joint Defense Agreement") by which the Joint Defense Agreement parties agreed to negotiate a follow-on consent decree for the Walpole Site;

**WHEREAS**, the Reorganized Debtors have asserted various counter-claims (collectively, the "Counter-Claims") against Claimant arising from or related to, as the case may be: (i) any breach by Claimant (whether past or future) of the Joint Defense Agreement; (ii) that certain consent decree with respect to the Settling Defendants' reimbursement of Response Costs incurred by the United States, in *United States v. BIM Inv. Corp. et. al.*, No. 1:10-cv-11263-NG; (iii) that certain *Consent Decree with the United States and the Commonwealth of Massachusetts*

*Regarding the Blackburn and Union Privileges Superfund Site—Walpole, MA*; (v) any other causes of action permitted by Joint Defense Agreement ¶ 15; or (v) any other claims or causes of action related to, or arising from, the Walpole Site and the Shaffer Properties;

WHEREAS, Joint Defense Agreement ¶ 15 specifically reserves the Reorganized Debtors' rights to pursue claims such as the Counter-Claims;

WHEREAS, on or about September 3, 2010, Argo Partners filed an *Amended Notice of Transfer of Claim Other Than for Security* [Docket no. 25332], pursuant to which Claimant assigned to Argo Partners its right (if any) to payment in satisfaction of the Claim (as documented in the "Assignment Agreement");

WHEREAS, on or about December 12, 2014, the Reorganized Debtors filed: (i) their *Motion Requesting Entry of a Protective Order Authorizing the Reorganized Debtors to File a Joint Defense Agreement Under Seal* [Docket no. 32471] (the "Seal Motion"); and (ii) *Objection to Claim no. 6078 Filed by Irving Shaffer, as Trustee of the Shaffer Realty Nominee Trust and of the BIM Investment Trust (Substantive Objection)* [Docket no. 32470] (the "Shaffer Claim Objection");

WHEREAS, on January 8, 2015, the Court entered its *Protective Order Authorizing the Reorganized Debtors to File a Joint Defense Agreement Under Seal* [Docket no. 32484]; and

WHEREAS, the Parties agree to settle Claim no. 6078 on the terms and conditions set forth herein.

NOW, THEREFORE, after a thorough review of Claim no. 6078 and the Shaffer Claim Objection, discussion and negotiations, for good and valuable consideration, the Parties hereby stipulate and agree as follows:

### THE SETTLEMENT

3. Claim no. 6078 is Allowed in the Allowed Amount of $15,000 (the "Allowed Amount"); *provided*, *however*, that, notwithstanding the terms of the Plan, no interest shall accrue on the Settlement Amount.

4. Claimant shall not be entitled to any further claims against the Reorganized Debtors for any amounts accruing on or before the date of this Agreement.

5. Argo Partners shall not be entitled to any further payment from the Reorganized Debtors, whether pursuant to Claim no. 6078 or otherwise in the above-captioned chapter 11 cases, except as set forth below in ¶ 5.

### NECESSARY ACTIONS

6. As soon as reasonably practicable after execution of this Agreement, the Reorganized Debtors shall file under certificate of counsel the form of order attached hereto as Exhibit A (the "Order"), with this Agreement as an exhibit thereto.

7. Within ten (10) business days after entry of the Order by the Court, the Reorganized Debtors shall pay by electronic funds transfer or wire transfer to Argo Partners cash equal to the Allowed Amount.

8. The Reorganized Debtors shall direct their claims agent Rust Consulting, Inc. to record Claim no. 6078 as an allowed, non-contingent, and liquidated claim on the terms and conditions set forth in this Agreement.

9. The Reorganized Debtors shall take all other actions necessary to effectuate this Agreement.

### RELEASE AND RESERVATION OF RIGHTS

10. **Release by Claimant and Argo Partners.** Except for the rights, entitlements and obligations created by, arising under, or available to Claimant under this Agreement,

Claimant, Argo Partners and their successors and assigns jointly and severally release all claims, and all claims that could be asserted by or on their behalf against the Reorganized Debtors arising at any time on or before the date hereof, whether known or unknown, foreseen or unforeseen, liquidated, unliquidated, fixed, contingent, material or immaterial, disputed or undisputed, suspected or unsuspected, asserted or unasserted, direct or indirect, at law or in equity, including but not limited to the Allowed Claim; *provided, however*, that this release shall not preclude Claimant from asserting defenses or counter-claims to the Reorganized Debtors' claims or Counter-Claims.

11.    **Reservation of Rights by the Reorganized Debtors as to Counter-Claims.** Nothing in this Agreement shall be construed to constitute a release of Claimant by the Reorganized Debtors as to the Counter-Claims, nor does this Agreement operate to limit the Reorganized Debtors rights under ¶ 15 of the Joint Defense Agreement to pursue the Counter-Claims against Claimant.

12.    **Reservation of Rights by Argo Partners.** Nothing in this Agreement shall be construed to be a release of Claimant by Argo Partners of any claims it may have against Claimant under the Assignment Agreement.

MISCELLANEOUS

13.    **Full Power and Authority.** Each Party executing this Agreement represents that such Party has the full authority and legal power to do so.

14.    **Counterparts.** This Agreement may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The Parties further agree that facsimile signatures hereon shall be deemed to be original signatures.

15.    **Binding Nature.** This Agreement shall be binding upon and inure to the benefit of each of the Parties, and upon their respective assignees, successors and/or partners.

16.   **No Admissions.**   This Agreement is being entered into solely as a settlement of issues and does not represent an admission by any of the Parties of the validity of any liability or defense with respect to matters set forth herein.

17.   **Retention of Jurisdiction.**   The Bankruptcy Court shall retain jurisdiction over the Claim and this Agreement.

**[signature page to follow]**

| | |
|---|---|
| **W. R. Grace & Co., et al., Reorganized Debtors** | **Philip Shaffer Family Corp., successor-in-interest to the Shaffer Realty Nominee Trust and BIM Investment Trust** |
| By: /s/ <br> Robert J. Medler <br> Director Remediation <br> W. R. Grace & Co. <br> 6401 Poplar Ave Suite 301 <br> Memphis TN 38119-4840 | By: /s/ <br> Irving Shaffer <br> Treasurer, Duly Authorized <br> Philip Shaffer Family Corp. <br> 18369 S.W. Woodhaven Lane <br> Tequesta, FL 33469 |
| Date: January 12, 2015 | Date: January 12, 2015 |

**Argo Partners**

By: /s/
Scott Krochek
Senior Vice President
Argo Partners
12 West 37th Street 9th Floor
New York, NY 10018

Date: January 12, 2015