# EXHIBIT B

## Comparison

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | Re docket no. _____ |
| | ) | Hearing Agenda item no. _____ |
| | ) | |

~~ORDER GRANTING THE RELIEF SOUGHT IN REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 6078 FILED BY IRVING SHAFFER, AS TRUSTEE OF THE SHAFFER REALTY NOMINEE TRUST AND OF THE BIM INVESTMENT TRUST (SUBSTANTIVE OBJECTION)~~ ORDER REDUCING AND ALLOWING CLAIM NO. 6078

Upon consideration of the Reorganized Debtors' *Objection to Claim ~~No~~no. 6078 Filed by Irving Shaffer, as Trustee of the Shaffer Realty Nominee Trust and of the BIM Investment Trust (Substantive Objection)* (the "Objection") ~~of the above-captioned Reorganized Debtors,~~ seeking entry of an order disallowing and expunging Claim no. ~~6078;~~ 6078, and the *Settlement Agreement Reducing and Allowing Claim no. 6078*, attached hereto as Exhibit 1 (the "Settlement Agreement"); it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties-in-interest; the Court having jurisdiction to consider the ~~Motion~~Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the ~~Motion~~Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the ~~Motion~~Objection having been adequate and appropriate

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co. Conn. ("Grace-Conn.").

under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1. The ~~Objection~~Settlement Agreement is ~~granted in its entirety~~incorporated herein by reference.

2. Claim ~~No~~no. 6078, filed by Irving Shaffer, as Trustee of the Shaffer Realty Nominee Trust and of the BIM Investment Trust, the predecessor-in-interest to the Philip Shaffer Family Corp. (the "Claimant"), is ~~disallowed in its entirety~~reduced and ~~expunged.~~allowed in the amount $15,000 (the "Settlement Amount").

3. Notwithstanding the terms of the Plan, no interest shall accrue on the Settlement Amount.

4. Payment shall be made on the terms and conditions set forth in the Settlement Agreement.

5. Nothing in the Settlement Agreement shall be construed to constitute a release or waiver by: (a) the Reorganized Debtors of any counter-claims (collectively, the "Counter-Claims") against Claimant arising from or related to, as the case may be: (i) any breach by Claimant (whether past or future) of the Joint Defense Agreement; (ii) that certain consent decree with respect to the Settling Defendants' reimbursement of Response Costs incurred by the United States, in *United States v. BIM Inv. Corp. et. al.*, No. 1:10-cv-11263-NG; (iii) that certain *Consent Decree with the United States and the Commonwealth of Massachusetts Regarding the Blackburn and Union Privileges Superfund Site—Walpole, MA* (v) any other causes of action permitted by Joint Defense Agreement ¶ 15; or (v) any other claims or causes of action related to, or arising from, the

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the ~~Objection~~Settlement Agreement.

Walpole Site and the Shaffer Properties; or (b) by Argo Partners of any claims it may have against Claimant under the Assignment Agreement.

3.6. The Reorganized Debtors are authorized to take all actions that may be necessary to reflect the ~~disallowance~~reduction and allowance of Claim no. 6078 including but not limited to directing Rust Consulting, Inc., their claims agent, to update the claims register to reflect such ~~disallowance~~reduction and allowance.

4. ~~Nothing in this Order shall be construed to preclude the Reorganized Debtors from seeking a recovery arising from either their potential counter-claims against Claimant or for damages arising from any breach by Claimant of the Joint Defense Agreement.~~

5.7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 3007(a) and the local rules of the Court are satisfied by such notice.

6.8. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to ~~the~~Claim no. 6078, the Settlement Agreement and implementation of this Order.

7.9. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, ~~2014~~2015

Honorable Kevin J. Carey
United States Bankruptcy Judge