IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | Hearing Date: March 4, 2015, at 10:00 a.m. |
| | ) | Objection Deadline: March 2, 2015 at 4:00 p.m. |

**THIRTY-SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS FILED REGARDING PREPETITION LITIGATION CAPTIONED, <u>ESTATE OF JEFFREY B. CHWALA, ET AL., VS. TEC (THERMAL EMISSION CONTROL), ET AL.,</u> CASE NO. 2002CV000495 (EAU CLAIRE COUNTY WISCONSIN 2002) (SUBSTANTIVE OBJECTION)**

In this *Thirty-Sixth Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, <u>Estate of Jeffrey B. Chwala, et al., vs. TEC (Thermal Emission Control), et al.,</u> Case No. 2002CV000495 (Eau Claire County Wisconsin 2002) (Substantive Objection)* (the "36[th] Omnibus Objection" or "<u>Claims Objection</u>"), the above-captioned reorganized debtors (collectively, the "<u>Reorganized Debtors</u>" or "<u>Grace,</u>" the pending bankruptcy cases being the "<u>Chapter 11 Cases</u>") have identified four claims (collectively, the "<u>Claims</u>," the parties filing the Claims are the "<u>Claimants</u>") filed by various parties to a litigation pending in Circuit Court for Eau Claire County, Wisconsin, captioned *Estate of Jeffrey B. Chwala, et al., vs. TEC (Thermal Emission Control), et al.,* Case No. 2002CV000495 (the "<u>Wisconsin State Court Litigation</u>").[2]

---

[1]  The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "<u>Grace</u>") and W. R. Grace & Co.-Conn. ("<u>Grace-Conn.</u>").

[2]  The facts and circumstances set forth in this Objection are supported by the *Declaration of Richard C. Finke in Support of the Reorganized Debtors' Thirty-Sixth Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, <u>Estate of Jeffrey B. Chwala, et al., vs. TEC (Thermal Emission Control) et al.,</u> Case No. 2002CV000495 (Eau Claire County Wisconsin 2002) (Substantive Objection)* (the "<u>Finke Declaration</u>"), attached hereto as <u>Exhibit A</u>, and incorporated into this Objection by reference.

Capitalized terms not defined herein shall have the meaning ascribed to them in the Finke Declaration or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants'*

...

The Reorganized Debtors respectfully request the Court enter an order, substantially in the form attached hereto as Exhibit B (the "Order"): (a) disallowing two claims filed by defendants that have since been dismissed with prejudice from the Wisconsin State Court Litigation; and (b) (i) to the extent that the Plaintiffs (as defined below) respond to this Claims Objection, permitting the Wisconsin State Court Litigation proceed to judgment; or (ii) if Plaintiffs do not respond to this Claims Objection, disallowing Plaintiffs' Claims pursuant to Fed. R. Bankr. P. 7055.

In the Wisconsin State Court Litigation, the Estate of Jeffrey B. Chwala (the "Chwala Estate"), Samantha J. Kittl (the decedent's minor daughter) and (on a subrogated basis) Royal & Sun Alliance Personal Insurance Co. ("Royal Sun", collectively with the Chwala Estate and Ms. Kittl, the "Plaintiffs") commenced an action against a number of defendants, including the Reorganized Debtors and their insurer, CNA (listed on the Wisconsin State Court Litigation docket as the Continental Insurance Company) for alleged damages arising from an industrial accident in which Mr. Chwala died. On information and belief, there is no deductible under the relevant CNA insurance policy, and CNA is responsible for providing the defense for itself and the Reorganized Debtors, and has entered an appearance in the Wisconsin State Court Litigation. The Reorganized Debtors therefore have not filed—and do not anticipate filing—an appearance.

This litigation has been stayed as to the Reorganized Debtors since 2002, and is listed on the docket as "open – case inactive." On information and belief, Plaintiffs have made no attempt since the Reorganized Debtors' emergence to proceed with the Wisconsin State Court Litigation or to otherwise prosecute their Claims.

The Reorganized Debtors respectfully submit that they bear no liability in this litigation. But pursuant to the limitations set forth in U.S.C. § 157(b)(2)(B), as implemented by Del. Bankr.

---

*Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

L. R. 3007-1(f)(v), they do not seek this Court's substantive disallowance of Plaintiffs' Claims on the merits. They instead seek this Court's leave for the Wisconsin State Court Litigation to proceed, *provided, however*, that to the extent Plaintiffs do not respond to this Claims Objection on or before the Response Deadline (March 2, 2015, as set forth below), the Court should disallow Plaintiffs' Claims pursuant to Fed. R. Bankr. P. 7055 and Del. Bankr. L. R. 7055-1.[3]

Sequa Corporation ("Sequa") and an affiliate, Megtec Systems, Inc. ("Megtec") were also named as defendants in the Wisconsin State Court Litigation. Sequa and Megtec each filed a claim against the Reorganized Debtors, asserting contingent claims based upon the Wisconsin State Court Litigation. Megtec and Sequa were subsequently dismissed with prejudice from the Wisconsin State Court Litigation. Their Claims should therefore be disallowed.

In support of this Motion, the Reorganized Debtors respectfully state as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.[4] This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Claims Objection are section 502 of the Bankruptcy Code, Fed.R.Bankr.P. 3007 & 7055 and Del. Bankr. L.R. 3007-1 & 7055-1.

---

[3] If Plaintiffs respond to this Claims Objection prior to the Response Deadline, the Reorganized Debtors will submit the form of Order lifting the injunction set forth in Plan Art. 8.1.1, and permitting the Wisconsin State Court Litigation to go forward. If Plaintiffs do not respond prior to the Response Deadline, then the Reorganized Debtors will submit the form of Order disallowing Plaintiffs' Claims based upon a failure to respond.

[4] The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Claims Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

*TEC Systems*

3. In 1997, Grace sold substantially all of the business assets of TEC (Thermal Emission Control) Systems, Inc., a/k/a TEC Systems AB, a/k/a Grace TEC Systems AB ("TEC Systems") to a subsidiary of Sequa Corporation ("Sequa"). *See* TEC Systems Sale Agreement, dated June 18, 1997 (a copy of which is attached to the Sequa Claim (as defined and discussed below).

*The Wisconsin State Court Litigation*

4. On July 25, 2002, Plaintiffs filed a complaint in Wisconsin State Court, thereby commencing the Wisconsin State Court Litigation. Among the Defendants were TEC Systems, Grace, CNA (as Grace's insurer), Megtec and Sequa. On October 4, 2002, Plaintiffs filed an amended complaint (the "Amended Complaint," a copy of which is attached to both the Chwala and Kittl Claims, as those terms are defined below). The Amended Complaint alleges in relevant part that American Coating Technologies, Inc. employed Mr. Chwala as a general laborer. The Amended Complaint additionally alleges that TEC Systems was formerly a division of Grace, and that either TEC Systems or Grace manufactured and sold an industrial oven to American Coating Technologies at some point prior to October 6, 1999.

5. The Amended Complaint further alleges that, on or about October 6, 1999:

> Jeffrey Chwala, while in the course of his employment at American Coating Technologies, was cleaning one of the ovens manufactured by TEC Systems and W.R. Grace. Mr. Chwala was required to climb into the oven itself in order to clean the oven.
>
> While Mr. Chwala was inside the oven cleaning said oven, the closing mechanism on the oven was activated and Mr. Chwala was crushed by the oven and its attendant closing mechanisms, causing severe bodily injuries and death.

The Amended Complaint asserts causes of action against the various defendants based upon negligence and strict liability, and asks for punitive damages.

6. On December 4, 2003, the Wisconsin State Court dismissed with prejudice all claims in the Wisconsin State Court Litigation against Megtec and Sequa (the "Megtec/Sequa Dismissal," a copy of which is attached hereto as Exhibit C).

7. As of the date hereof, the Wisconsin State Court Litigation docket lists the litigation as "open – case inactive." *See* Exhibit D.

*CNA Is Grace's Insurer*

8. On June 30, 1999, CNA issued a commercial casualty policy (the "CNA Policy") for the period of June 30, 1999, to June 30, 2000. The CNA Policy insures the Reorganized Debtors for up to $10 million per single occurrence, including for any damages that may be awarded in the Wisconsin State Court Litigation. There is no deductible or self-insured retention associated with the CNA Policy. Upon information and belief, CNA does not dispute that it is the Reorganized Debtors' insurer in this matter, and also does not dispute that it would be liable for any and all damages awarded to Plaintiffs attributable to the Reorganized Debtors up to the $10 million policy limit.

*The Proofs of Claim*

9. On March 20, 2003, the Chwala Estate filed a proof of claim designated Claim no. 4389 (the "Chwala Claim," attached hereto as Exhibit E) and counsel for Ms. Kittl, a minor, filed a proof of claim designated Claim no. 4390 (the "Kittl Claim," attached hereto as Exhibit F). The Chwala and Kittl Claims attached copies of the Amended Complaint. Both claims sought estimated damages of at least $8,000,000.00.

10. On March 31, 2003, Sequa Corporation ("Sequa") filed a proof of claim designated Claim no. 13951 (the "Sequa Claim," a copy of which is attached hereto as Exhibit

G) asserting a "[c]ontingent claim arising under 6/18/97 TEC Systems Sales Agreement based on Debtor's obligation to indemnify Creditor for liability and defense costs related to claims against Creditor" in the Wisconsin State Court Litigation. The "TEC Systems Sale Agreement," dated June 18, 1997, is attached as Exhibit A to the Sequa Claim, and a copy of the Amended Complaint is attached as Exhibit B. Megtec contemporaneously filed a substantially identical proof of claim, designated as Claim no. 13952 (the "Megtec Claim," a copy of which is attached hereto as Exhibit H). The contingent claims asserted by Megtec and Sequa have been mooted by their dismissal with prejudice from the Wisconsin State Court Litigation, and should therefore be disallowed. *See* Exhibit C.

***The Reorganized Debtors' Emergence From Chapter 11***

11.     On February 3, 2014, the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11. *Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732]. On March 19, 2014, the Court entered its *Final Decree (A) Closing Certain of The Chapter 11 Cases, (B) Removing Certain of The Chapter 11 Cases From The Joint Administration Order, and (C) Waiving the Requirement That the Reorganized Debtors File a Final Report For the Merged Subsidiaries* [Docket no. 31880], which closed the cases of 45 of the Reorganized Debtors (the "Merged Subsidiaries Case Closing Order"). On October 14, 2014, the Court entered its *Final Decree: (A) Closing Certain of the Chapter 11 Cases; (B) Removing Such Cases From the Joint Administration Order; and (C) Waiving The Requirement*

*to File a Final Report For Such Cases* [Docket no. 32429], closing a further 15 cases. Grace and Grace-Conn. are the only remaining Reorganized Debtors with open Ch. 11 cases.

### RELIEF REQUESTED

12.     The Reorganized Debtors request that the Court enter the Order substantially in the form attached hereto as Exhibit B: (a) disallowing Megtec's and Sequa's Claims; and (b) (i) to the extent that the Plaintiffs respond to this Claims Objection, permitting the Wisconsin State Court Litigation proceed to judgment; or (ii) if Plaintiffs do not respond to this Claims Objection, disallowing Plaintiffs' Claims pursuant to Fed. R. Bankr. P. 7055.

### PROCEDURES FOR RESPONDING TO THE CLAIMS OBJECTION

13.     To contest any of the objections set forth in this Claims Objection, Claimants must file and serve a written response to this Claims Objection (a "Response") so that it is received no later than 4:00 p.m. ET, on March 2, 2015 (the "Response Deadline"). The Response (or each Response, if more than one is filed) must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk") at the following address:

>    824 Market Street
>    Wilmington, Delaware 19801

14.     Each such Response must also be served upon the following co-counsel to the Reorganized Debtors on or before the Response Deadline:

>    KIRKLAND & ELLIS LLP
>    Adam C. Paul
>    Jeffrey W. Gettleman
>    300 North LaSalle Street
>    Chicago, IL 60654

> THE LAW OFFICES OF ROGER HIGGINS, LLC
> Roger J. Higgins
> 1 North Bishop Street
> Suite 14
> Chicago, IL 60607-1823
>
> PACHULSKI STANG ZIEHL & JONES LLP
> Laura Davis Jones (Bar No. 2436)
> James E. O'Neill (Bar No. 4042)
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705

15. Every Response to this Claims Objection must contain, at a minimum, the following:

   a. A caption setting forth the name of the Court, the name of the Reorganized Debtors, the case number, and the title of the Claims Objection to which the Response is directed;

   b. The name of the Claimant, its claim number, and a description of the basis for the amount of the claim;

   c. The specific factual basis and supporting legal argument upon which the party will rely in opposing the Claims Objection;

   d. Any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

   e. The name, address, telephone number, and fax number of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Reorganized Debtors should communicate with respect to the claim or the objection thereto, and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the Claimant.

16. If a Claimant fails to file and serve a timely Response (or Responses), the Reorganized Debtors may present to the Court an appropriate order disallowing and expunging that Claimant's claim or claims without further notice to the Claimant or a hearing.

### REPLY TO RESPONSE

17. The Reorganized Debtors reserve the right to, at their option, file and serve one or more replies to Claimants' Responses, if any.

### SEPARATE CONTESTED MATTER

18. If a Claimant files a Response to this Objection, and the Claimant and the Reorganized Debtors are unable to resolve that Response, the corresponding claim and the objection by the Reorganized Debtors thereto asserted in this Claims Objection shall constitute a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. Any order entered by the Court regarding an objection asserted in the Claims Objection shall be deemed a separate order with respect to each such claim.

### RESERVATION OF RIGHTS

19. The Reorganized Debtors hereby reserve the right to object in the future to any of the Claims. The Reorganized Debtors further reserve the right to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

### NO PREVIOUS OBJECTION

20. No previous objection to these Claims has been filed, nor has any other motion for the relief sought herein been made to this or any other court.

### NOTICE

21. Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service

and notice of papers in accordance with Fed. R. Bankr. P. 2002; (ix) CNA; and (ix) the Claimants. In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors request the Court enter the Order in substantially the form attached hereto as Exhibit B: (i) disallowing the Megtec and Sequa Claims; (ii) either permitting the Wisconsin State Court Litigation proceed to judgment or, if Plaintiffs do not respond to this Claims Objection, disallowing their Claims; and (iii) granting such other relief as may be appropriate.

Dated: January 30, 2015

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
Jeffrey W. Gettleman
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors