EXHIBIT A

The Finke Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) Hearing Date: March 4, 2015, at 10:00 a.m. |
| | ) Objection Deadline: March 2, 2015 |

**THE DECLARATION OF RICHARD C. FINKE IN SUPPORT OF THE REORGANIZED DEBTORS' THIRTY-SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS FILED REGARDING PREPETITION LITIGATION CAPTIONED, ESTATE OF JEFFREY B. CHWALA, ET AL., VS. TEC (THERMAL EMISSION CONTROL), ET AL., CASE NO. 2002CV000495 (EAU CLAIRE COUNTY WISCONSIN 2002) (SUBSTANTIVE OBJECTION)**

| | |
|---|---|
| COUNTY OF HOWARD | ) |
| | ) ss. |
| STATE OF MARYLAND | ) |

Richard C. Finke, after being duly sworn according to law, deposes and says:

1.  I am over the age of 18 and competent to testify. I am Vice President and Associate General Counsel of W. R. Grace & Co., one of the reorganized debtors (collectively, "Grace" or the "Reorganized Debtors") in the above-captioned cases. All facts set forth in this Declaration are based on my personal knowledge, on information supplied to me by employees of and/or professionals retained by the Reorganized Debtors in these chapter 11 cases, and on my experience and knowledge of Grace's businesses. If called upon to testify, I could and would testify competently to the facts and opinions contained herein. This declaration is filed in support of the Reorganized Debtors' *Thirty-Sixth Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, Estate of Jeffrey B. Chwala, et al., vs. TEC (Thermal Emission Control), et al., Case No. 2002CV000495 (Eau Claire County Wisconsin*

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

2002) *(Substantive Objection)* (the "Objection"), filed concomitantly herewith.[2] Based upon a thorough review of their available books and records, the Reorganized Debtors have concluded that they have no liability as to any of the claims discussed herein and in the Objection.

*TEC Systems*

2. In 1997, Grace sold substantially all of the business assets of TEC (Thermal Emission Control) Systems, Inc., a/k/a TEC Systems AB, a/k/a Grace TEC Systems AB ("TEC Systems") to a subsidiary of Sequa Corporation ("Sequa"). *See* TEC Systems Sale Agreement, dated June 18, 1997 (a copy of which is attached to the Sequa Claim (as defined and discussed below).

*The Wisconsin State Court Litigation*

3. On July 25, 2002, Plaintiffs filed a complaint in Wisconsin State Court, thereby commencing the Wisconsin State Court Litigation. Among the Defendants were TEC Systems, Grace, CNA (as Grace's insurer), Megtec and Sequa. On October 4, 2002, Plaintiffs filed an amended complaint (the "Amended Complaint," a copy of which is attached to both the Chwala and Kittl Claims, as those terms are defined below). The Amended Complaint alleges in relevant part that American Coating Technologies, Inc. employed Mr. Chwala as a general laborer. The Amended Complaint additionally alleges that TEC Systems was formerly a division of Grace, and that either TEC Systems or Grace manufactured and sold an industrial oven to American Coating Technologies at some point prior to October 6, 1999.

4. The Amended Complaint further alleges that, on or about October 6, 1999:

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Objection or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

> Jeffrey Chwala, while in the course of his employment at American Coating Technologies, was cleaning one of the ovens manufactured by TEC Systems and W.R. Grace. Mr. Chwala was required to climb into the oven itself in order to clean the oven.
>
> While Mr. Chwala was inside the oven cleaning said oven, the closing mechanism on the oven was activated and Mr. Chwala was crushed by the oven and its attendant closing mechanisms, causing severe bodily injuries and death.

The Amended Complaint asserts causes of action against the various defendants based upon negligence and strict liability, and asks for punitive damages.

5. On December 4, 2003, the Wisconsin State Court dismissed with prejudice all claims in the Wisconsin State Court Litigation against Megtec and Sequa (the "Megtec/Sequa Dismissal," a copy of which is attached to the Objection as Exhibit C).

6. As of the date hereof, the Wisconsin State Court Litigation docket lists the litigation as "open – case inactive." *See* Objection Exhibit D.

*CNA Is Grace's Insurer*

7. On June 30, 1999, CNA issued a commercial casualty policy (the "CNA Policy") for the period of June 30, 1999 to June 30, 2000. The CNA Policy insures the Reorganized Debtors for up to $10 million per single occurrence, including for any damages that may be awarded in the Wisconsin State Court Litigation. There is no deductible or self-insured retention associated with the CNA Policy. Upon information and belief, CNA does not dispute that it is the Reorganized Debtors' insurer in this matter, and also does not dispute that it would be liable for any and all damages awarded to Plaintiffs attributable to the Reorganized Debtors up to the $10 million policy limit.

*The Proofs of Claim*

8. On March 20, 2003, the Chwala Estate filed a proof of claim designated Claim no. 4389 (the "Chwala Claim," attached to the Objection as Exhibit E) and counsel for Ms. Kittl,

a minor, filed a proof of claim designated Claim no. 4390 (the "Kittl Claim," attached to the Objection as Exhibit F). The Chwala and Kittl Claims attached copies of the Amended Complaint. Both claims sought estimated damages of at least $8,000,000.00.

9.    On March 31, 2003, Sequa Corporation ("Sequa") filed a proof of claim designated Claim no. 13951 (the "Sequa Claim," a copy of which is attached hereto as Exhibit G) asserting a "[c]ontingent claim arising under 6/18/97 TEC Systems Sales Agreement based on Debtor's obligation to indemnify Creditor for liability and defense costs related to claims against Creditor" in the Wisconsin State Court Litigation. The "TEC Systems Sale Agreement," dated June 18, 1997, is attached as Exhibit A to the Sequa Claim, and a copy of the Amended Complaint is attached as Exhibit B. Megtec contemporaneously filed a substantially identical proof of claim, designated as Claim no. 13952 (the "Megtec Claim," a copy of which is attached to the Objection as Exhibit H). The contingent claims asserted by Megtec and Sequa have been mooted by their dismissal with prejudice from the Wisconsin State Court Litigation, and should therefore be disallowed. *See* Objection Exhibit C.

11.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Richard C. Finke*
Richard C. Finke
Vice President and Associate General Counsel
W. R. Grace & Co.

SWORN AND SUBSCRIBED before me,
this 30th day of January 2015

*Diane E. Borowy*
Notary Public

My Commission Expires: September 18, 2016

DIANE Z. BOROWY
Notary Public-Maryland
Howard County
My Commission Expires
September 18, 2016