## Exhibit F

**Claim No. 4390 (The Kittl Claim)**

# WR Grace
## Bankruptcy Form 10
## Index Sheet

SR00000395

Claim Number: 00004390

Receive Date: 03/20/2003

**Multiple Claim Reference**

| Claim Number | | | |
|---|---|---|---|
| | ☐ | MMPOC | Medical Monitoring Claim Form |
| | ☐ | PDPOC | Property Damage |
| | ☐ | NAPO | Non-Asbestos Claim Form |
| | ☐ | | Amended |

| Claim Number | | | |
|---|---|---|---|
| | ☐ | MMPOC | Medical Monitoring Claim Form |
| | ☐ | PDPOC | Property Damage |
| | ☐ | NAPO | Non-Asbestos Claim Form |
| | ☐ | | Amended |

**Attorney Information**

Firm Number: 00262   Firm Name: Daniel R Freund Atty At Law

Attorney Number: 00130   Attorney Name: Daniel R Freund

Zip Code: 54701

Cover Letter Location Number: SR00000395

| Attachments<br>Medical Monitoring | Attachments<br>Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☒ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☐ Other Attachments | |

**Other**

☐ Non-Standard Form
☐ Amended
☐ Post-Deadline Postmark Date

Box/Batch: WRBF0019/WRBF0074

Document Number: WRBF003700

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF Delaware | | GRACE NON-ASBESTOS PROOF OF CLAIM FORM |
|---|---|---|

Name of Debtor:[1] W.R. Grace & Co.    Case Number 01-1179

NOTE: Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. Those claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.

Name of Creditor (The person or other entity to whom the Debtor owes money or property):

Samantha Kittl

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☒ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Name and address where notices should be sent:
C/o Attorney Daniel R. Freund
P.O. Box 222
Eau Claire, WI 54702-0222

Account or other number by which creditor identifies Debtor:
Ch. 22.01

Check here ☐ replaces
if this claim ☐ amends a previously filed claim, dated: _____

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:
Grace Tec Systems and Tec Systems

1. Basis for Claim
   ☐ Goods sold
   ☐ Services performed
   ☐ Environmental liability
   ☐ Money loaned
   ☒ Non-asbestos personal injury/wrongful death
   ☐ Taxes
   ☐ Other_____

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Your SS #:_____
   Unpaid compensation for services performed
   from _____ to _____ (date)

2. Date debt was incurred: 10/6/99
3. If court judgment, date obtained:
4. Total Amount of Claim at Time Case Filed: $ 8,000,000 (est.)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Classification of Claim. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

   ☐ SECURED CLAIM (check this box if your claim is secured by collateral, including a right of setoff.)
   Brief Description of Collateral:
   ☐ Real Estate    ☐ Other (Describe briefly) _____
   Amount of arrearage and other charges at time case filed included in secured claim above, if any: $_____
   Attach evidence of perfection of security interest

   ☒ UNSECURED NONPRIORITY CLAIM
   A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

   ☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.
   ☐ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
7. Supporting Documents: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
8. Acknowledgement: Upon receipt and processing of this Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim form itself, enclose a self addressed envelope and copy of this proof of claim form.

This Space is for Court Use Only

Date: 3/19/03   Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
[signature]    Attorney Daniel R. Freund

REC'D MAR 2 0 2003

[1] See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and "other names" used by the Debtors.

WR Grace   BF.19.74.3700
00004390
SR=395

STATE OF WISCONSIN        CIRCUIT COURT        EAU CLAIRE COUNTY

ESTATE OF JEFFREY CHWALA,
by its Personal Representative,
Dale A. Chwala,                                   Case No. 02 CV 495
12295 312th Street
Boyd, Wisconsin 54726,

SAMANTHA J. KITTL,
541 – 3rd Street, Apt 4
Rib Lake, WI 54470,                               Wrongful Death
minor daughter of Jeffrey Chwala,                 Code No. 30105
by her Guardian Ad Litem,
Ann W. Johnson,                                   Amount Claimed Greater
Wachowski & Johnson, S.C.                         Than $5,000.00
P.O. Box 145
Eau Claire, WI 54702-0145,

    Plaintiffs,

ROYAL& SUN ALLIANCE PERSONAL                      FILED
INSURANCE CO.                                     CIRCUIT COURT
P.O. Box 1000                                     EAU CLAIRE COUNTY
Charlotte, NC 28201,
                                                  OCT 0 4 2002
    Subrogated Plaintiff,
v.                                                DIANA J. MILLER
                                                  CLERK OF CIRCUIT COURT
TEC (THERMAL EMISSION CONTROL)
SYSTEMS, INC., a/k/a
TEC SYSTEMS AB, a/k/a
GRACE TEC SYSTEMS AB,                             
DePere, WI 54115

ABC INSURANCE COMPANY,

MEGTEC SYSTEMS, INC.
830 Prosper Rd.
De Pere, WI 54115,

DEF INSURANCE COMPANY,

W.R. GRACE & CO.
799 Main St.
Hartford, CT 06103,

CONTINENTAL CASUALTY COMPANY a/k/a
CNA INSURANCE COMPANY,
CNA Plaza
Chicago, IL 60685,

SEQUA CORPORATION
229 S. State Street
Dover, DE 19901,

GHI INSURANCE COMPANY,

VAN ERT ELECTRIC CO., INC.
7019 Stewart Ave.
Wausau, WI 54401,

JKL INSURANCE COMPANY,

MURPHY ELECTRIC, INC.,
a/k/a Murphy Brothers
1025 N. Lane St.
Kaukauna, WI 54130,

MNO INSURANCE COMPANY,

LUNDA CONSTRUCTION
620 Gebhardt Rd.
P.O. Box 669
Black River Falls, WI 54615,

PQR INSURANCE COMPANY,

AMERICAN AUTOGARD CORPORATION
5173 – 26th Avenue
Rockford, IL 61109, and

STU INSURANCE COMPANY,

        Defendants.

---

## AMENDED COMPLAINT

COME NOW the plaintiffs, Estate of Jeffrey Chwala, by its personal representative, Dale Chwala and Samantha Kittl, minor daughter of Jeffrey Chwala, by her Guardian Ad Litem, Ann W. Johnson, by their attorneys, as and for their Complaint against the defendants, allege as follows:

1. The personal representative of the Estate of Jeffrey Chwala is Dale Chwala with a mailing address of 12295 312th Street, Boyd, WI 54726.

2. The guardian ad litem for Samantha Kittl, the minor daughter of Jeffrey Chwala, is Ann W. Johnson with a mailing address of 320 South Barstow Street, Eau Claire, Wisconsin 54701.

3. The subrogated plaintiff, Royal & Sun Alliance Personal Insurance Company, is an insurance company licenses to sell insurance within the State of Wisconsin with its registered agent and address for service being: Roger L. Gierhart, CT Corporation System, 44 E. Mifflin Street, Madison, WI 53703.

4. Defendant TEC (Thermal Emission Control) Systems, Inc., a/k/a TEC Systems AB, a/k/a Grace TEC Systems AB, and formerly a division of W.R. Grace & Company (hereinafter "TEC Systems") is a foreign corporation doing business in the State of Wisconsin with last known address in De Pere, WI 54115.

5. At all times material hereto, TEC Systems, Inc. had in effect a policy of liability insurance covering them. By terms of this policy, ABC Insurance Company insured TEC Systems, Inc. against loss by reason of liability imposed upon it arising out of the manufacture and sale of its products.

ABC Insurance Company is a proper party to this claim under the provisions of Wisconsin Stat. § 803.04(2).

6. MEGTEC Systems, Inc., a division of Sequa Corporation, is a domestic corporation doing business in Wisconsin with its principal offices located in the State of Wisconsin, with its registered agent and address for service being: CT Corporation System, 44 E. Mifflin Street, Madison, WI 53703.

7. At all times material hereto, MEGTEC Systems, Inc. had in effect a policy of liability insurance covering them. By terms of this policy, DEF Insurance Company insured MEGTEC Systems, Inc. against loss by reason of liability imposed upon it arising out of the manufacture and sale of its products. DEF Insurance Company is a proper party to this action under the provisions of Wisconsin Stat. § 803.04(2).

8. Defendant W.R. Grace & Company (hereinafter "W.R. Grace") is a foreign corporation doing business in the State of Wisconsin with its registered agent and address for service being: The Prentice-Hall Corporation System, Inc., 25 W Main Street, Madison, WI 53703.

9. At all times material hereto, W.R. Grace & Company had in effect a policy of liability insurance covering them. By terms of this policy, CNA Insurance Company insured W.R. Grace & Company against loss by reason of liability imposed upon it arising out of the manufacture and sale of its products. CNA Insurance Company is a proper party to this action under the provisions of Wis. Stat. § 803.04(2).

10. Defendant Sequa Corporation is a foreign corporation doing business within the State of Wisconsin, with its registered agent and address for service being: CT Corporation System, 44 E. Mifflin St., Madison, WI 53703.

11. At all times material hereto, Sequa Corporation had in effect a policy of liability insurance covering them. By terms of this policy, GHI Insurance Company insured Sequa Corporation against loss by reason of liability imposed upon it arising out of the manufacture and sale of its products. GHI Insurance Company is a proper party to this action under the provisions of Wis. Stat. § 803.04(2).

12. Defendant Van Ert Electric Company, Inc., is a corporation doing business in the State of Wisconsin with its registered agent and address for service being: Robert Van Ert, 7019 Stewart Avenue, Wausau, WI 54401.

13. At all times material hereto, Van Ert Electric Company, Inc. had in effect a policy of liability insurance covering them. By terms of this policy, JKL Insurance Company insured Van Ert Electric Company against loss by reason of liability imposed upon it arising out of the manufacture and sale of its products. JKL Insurance Company is a proper party to this action under the provisions of Wis. Stat. § 803.04(2).

14. Defendant Murphy Electric, Inc., a/k/a Murphy Brothers, is a corporation doing business in the State of Wisconsin with its registered agent and address for service being: Thomas J. Murphy, 1025 N. Lane St., Kaukauna, WI 54130.

15. At all times material hereto, Murphy Electric, Inc. had in effect a policy of liability insurance covering them. By terms of this policy, MNO Insurance Company insured Murphy Electric, Inc. against loss by reason of liability imposed upon it arising out of the manufacture and sale of its products. MNO Insurance Company is a proper party to this action under the provisions of Wis. Stat. § 803.04(2).

16. Defendant Lunda Construction is a corporation doing business in the State of Wisconsin with its registered agent and address for service being: Larry Lunda, 620 Gebhardt Road, Black River Falls, WI 54615.

17. At all times material hereto, Lunda Construction had in effect a policy of liability insurance covering them. By terms of this policy, PQR Insurance Company insured Lunda Construction against loss by reason of liability imposed upon it arising out of the manufacture and sale of its products. PQR Insurance Company is a proper party to this action under the provisions of Wis. Stat. § 803.04(2).

18. American Autogard Corporation is a foreign corporation doing business within the State of Wisconsin with its last known address in Rockford, Illinois.

19. At all times material hereto, American Autogard Corporation had in effect a policy of liability insurance covering them. By terms of this policy, STU Insurance Company insured American Autogard Corporation against loss by reason of liability imposed upon it arising out of the manufacture and sale of

its products. STU Insurance Company is a proper party to this action under the provisions of Wis. Stat. § 803.04(2).

20. At all times material hereto Jeffrey Chwala, deceased, was employed by American Coating Technologies, Inc. as a general laborer.

21. At all times material hereto, American Coating Technologies, Inc., was insured through a policy of worker's compensation liability insurance issued by Royal & Sun Alliance Insurance Company, which said company made workers' compensation payments herein.

22. Defendants were, at all times material hereto, in the business of manufacturing, selling and/or installing conveyor belt ovens and component parts which were used by manufacturers for the purpose of drying paper.

23. Defendants sold and/or installed conveyor belt ovens and component parts to American Coating Technologies prior to October 6, 1999, and those ovens had been used by American Coating Technologies prior to October 6, 1999 and at all times material hereto.

24. On or about October 6, 1999, Jeffrey Chwala, while in the course of his employment at American Coating Technologies, was cleaning one of the ovens manufactured by TEC Systems and W.R. Grace. Mr. Chwala was required to climb into the oven itself in order to clean the oven.

25. While Mr. Chwala was inside the oven cleaning said oven, the closing mechanism on the oven was activated and Mr. Chwala was crushed by the

oven and its attendant closing mechanisms, causing severe bodily injuries and death.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT'S SOUNDING IN NEGLIGENCE

26. Reallege and incorporate all of the above as is fully set forth herein.

27. At all times material hereto, Defendants transacted business within the State of Wisconsin, including the use in the State of Wisconsin of salesmen, advancement, agents, servants or employees to display, sell, take orders, and enter into contracts for the sale and/or installation of industrial equipment within the State of Wisconsin by advertisement and promotion of said products.

28. That at all times material hereto, Defendants have engaged in activities as set forth in this Complaint that gives this court personal jurisdiction over these defendants after service of process.

29. That Defendants were, at all times material hereto, engaged in the business of manufacturing, distributing, installing and promoting the sale and installation of industrial equipment including the oven product material to this suit.

30. That no material changes or alterations were made to the product material to this suit prior to the subject accident.

31. That Defendants owed a duty of care in the design, testing, manufacturing, marketing, selling and installation of the aforesaid oven to avoid an unreasonable risk of death or injury to purchasers or foreseeable users of

said product. Said duty was owed to Jeffrey Chwala as a foreseeable user of said product.

32. That Defendants owed a duty to adequately warn and instruct Jeffrey Chwala of all defects either known by said defendants, or which should have been known by them relative to the unreasonably dangerous nature of this product to avoid an unreasonable risk of death or injury to Jeffrey Chwala.

33. That Defendants breached the aforesaid duties of care owed to Jeffrey Chwala and were careless and negligent in the design, manufacturing, sale, distribution' installation and failure to warn of defects of the oven which caused Mr. Chwala's death.

34. As a direct and proximate result of the negligence of defendants, their agents, employees and assigns, Jeffrey Chwala was injured and suffered grievous bodily injury, conscious pain, suffering and death.

35. As a direct and proximate result of the negligence of defendants, plaintiff Samantha Kittl has suffered the loss of the aid, assistance and society of her father, Jeffrey Chwala, all to her great damage in an amount to be adduced at the time of trial.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS SOUNDING IN STRICT LIABILITY

36. Reallege and incorporate the above as is fully set forth herein.

37. That the oven and attendant devices material to this suit were in a defective condition and were unreasonably dangerous at the time they were manufactured, distributed, sold and installed by defendants.

38. The defendants had an obligation to refrain from placing into the stream of commerce products which were in a defective condition and unreasonably dangerous to foreseeable purchasers and users of said products, which conditions created risk of death or injury to such purchasers or users.

39. That in violation of the aforesaid duty, defendants placed into the stream of commerce the oven and attendant devices material to this suit.

40. As a direct and proximate result of the negligence of defendants, their agents, employees and assigns, Jeffrey Chwala was injured and suffered grievous bodily injury, conscious pain, suffering and death.

41. As a direct and proximate result of the negligence of defendants, plaintiff Samantha Kittl has suffered the loss of the aid, assistance and society of her father, Jeffrey Chwala, all to her great damage in an amount to be adduced at the time of trial.

PUNITIVE DAMAGE CLAIM AGAINST DEFENDANTS

42. Reallege and incorporate by reference all of the allegations contained above in the Complaint herein.

43. The defendants conduct, including their failure to warn or otherwise advise Mr. Chwala and/or his employer that certain sensors and/or parts were missing or not functional at the time of the accident which caused his death, constituted a willful, wanton, intentional and reckless disregard of

the plaintiff's safety and rights so as to entitle the Estate of Jeffrey Chwala and Samantha Kittl, the minor child of Jeffrey Chwala, to punitive damages.

WHEREFORE the plaintiffs, the Estate of Jeffrey Chwala, Samantha Kittl, the minor child of Jeffrey Chwala, and Royal & Sun Alliance Insurance Company, pray for judgment against the defendants as follows:

a. For a sum of compensatory damages against defendants TEC Systems Inc., Megtec Systems, Inc., W.R. Grace, Van Ert Electric Company, Inc., Lunda Construction, Murphy Electric, Inc., Sequa Corporation, AND American Autogard Corporation commensurate with the facts of this case as adduced at the time of trial.

b. For a sum of punitive damages against defendants TEC Systems Inc., Megtec Systems, Inc., W.R. Grace, Van Ert Electric Company, Inc., Lunda Construction, Murphy Electric, Inc., Sequa Corporation, and American Autogard Corporation commensurate with the facts of this case as adduced at the time of trial.

c. For a determination as to the entitlement of the subrogated plaintiff, Royal & Sun Alliance Insurance Company's rights to any benefits pursuant to Wis. Stats. § 102.29.

d. For the costs and disbursements in this matter, together with reasonable attorney's fees.

e. That the Court award the plaintiff the opportunity to amend and modify the provisions of this Complaint, if necessary or appropriate, after

additional or further discovery is completed in this matter and after all parties have been served.

  f. For such other further relief as the Court deems just and proper.

  g. For a twelve person jury trial.

Dated this 4th day of Oct., 2002.

DOAR, DRILL & SKOW, S.C.
Attorneys for the Plaintiffs

By: _____
Michael J. Brose
State Bar No. 1000827

Mailing Address:
P. O. Box 69
New Richmond, WI 54017-0069
(715) 246-2211

NIKOLAY LAW OFFICES
Attorneys for the Plaintiffs

By: _____
Paul A. Nikolay
State Bar No.: 1015223

Mailing Address:
P.O. Box 469
Abbotsford, WI 54405
(715) 223-4151