# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) Hearing Date: March 4, 2015, at 10:00 a.m. |
| | ) Objection Deadline: March 2, 2015 at 4:00 p.m. |
| | ) |

## THIRTY-SEVENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS FILED REGARDING PREPETITION LITIGATION CAPTIONED, <u>TIG INSURANCE COMPANY V. GARY SMOLKER, ET AL.</u>, CASE NO. BC 173952 (LOS ANGELES COUNTY SUP. CT.) (JANAVS, J.) (SUBSTANTIVE OBJECTION)

In this *Thirty-Seventh Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)* (the "37th Omnibus Objection" or "Claims Objection"), the above-captioned reorganized debtors (collectively, the "Reorganized Debtors" or "Grace," the pending bankruptcy cases being the "Chapter 11 Cases") have identified three claims (collectively, the "Claims") filed by various parties ("Claimants") to a litigation pending in the Superior Court of Los Angeles County, captioned *TIG Insurance Company v. Gary Smolker, et al.*, et al., Case No. 2002CV000495 (Los Angeles County Sup. Ct.) (Janavs, J.) (the "California State Court Litigation").[2] The Reorganized Debtors respectfully

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2] The facts and circumstances set forth in this Objection are supported by the *Declaration of Richard C. Finke in Support of the Reorganized Debtors' Thirty-Seventh Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)* (the "Finke Declaration"), attached hereto as Exhibit A, and incorporated into this Objection by reference.

Capitalized terms not defined herein shall have the meaning ascribed to them in the Finke Declaration or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants'*

request the Court enter an order, substantially in the form attached hereto as Exhibit B (the "Order"): (a) to the extent that Plaintiff (as defined below) responds to this Claims Objection, permitting the California State Court Litigation to proceed to judgment; or (b) if Plaintiff does not respond to this Claims Objection, disallowing the Claims pursuant to Fed. R. Bankr. P. 7055.[3]

The Claim filed by Gary S. Smolker, a pro se plaintiff in the California State Court Litigation ("Smolker" or the "Plaintiff"), asserts property damage to his condominium relating to termite extermination.[4] The Reorganized Debtors, Home Savings Termite Control, Inc. ("Termite Control") and Wayne Morris (who owns and operates Termite Control) are each cross-defendants in the California State Court Litigation. This litigation has been stayed as to the Reorganized Debtors, Termite Control and Mr. Morris since Petition Date. Termite Control and Mr. Morris have filed contingent, unliquidated proofs of claim in these Chapter 11 Cases. On information and belief, Plaintiff has made no attempt since the Reorganized Debtors' emergence to proceed with the California State Court Litigation or to otherwise prosecute his claim.

The Reorganized Debtors respectfully submit that they bear no liability in this litigation. But in view of the advanced state of the California State Court Litigation, they do not seek this Court's substantive disallowance of the Claims on the merits. They instead seek this Court's leave for the California State Court Litigation to proceed, *provided*, *however*, that to the extent

---

*Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

[3] If Plaintiff responds to this Claims Objection prior to the Response Deadline, the Reorganized Debtors will submit the form of Order lifting the injunction set forth in Plan Art. 8.1.1, and permitting the California State Court Litigation to go forward. If Plaintiff does not respond prior to the Response Deadline, then the Reorganized Debtors will submit the form of Order disallowing the Claims based upon Smolker's failure to respond.

[4] Mr. Smolker is a licensed attorney who is representing himself.

Plaintiff does not respond to this Claims Objection on or before the Response Deadline, the Reorganized Debtors seek this Court's disallowance of the Claims, pursuant to Fed. R. Bankr. P. 7055 and Del. Bankr. L. R. 7055-1.

In support of this Motion, the Reorganized Debtors respectfully state as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.[5] This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Claims Objection are section 502 of the Bankruptcy Code, Fed.R.Bankr.P. 3007 & 7055 and Del. Bankr. L.R. 3007-1 & 7055-1.

### BACKGROUND

*The Termite Extermination*

3. As set forth in more detail in the opinion issued by the California State Court of Appeals in *Smolker v. Pacific Villas Homeowners Ass'n., et al.*, 2007 Cal. App. Unpub. LEXIS 2155, 2007 WL 809683 (Cal. App. 2d Dist. Mar. 19, 2007), attached hereto as Exhibit C, in 1996, Smolker and his former wife, Alice Graham, owned a condominium unit in Pacific Villas, a six condominium complex in Playa del Rey, California. The property was a multi-story building, the common areas of which were owned in undivided equal interests by the six unit owners. The Pacific Villas Homeowners Association ("PVHOA") arranged for the hiring of Termite Control to treat the complex for termite infestation using amorphous silica aerogel, a

---

[5] The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Claims Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

pesticide dust used to dehydrate and permanently eradicate termites. In October 1996, Termite Control carried out the extermination by injecting silica aerogel through drilled holes in the building's common area, the garage and the walls of the six units. Termite Control used Syloid 244, which is a trade name for a silica aerogel manufactured by the Reorganized Debtors' Davison division.

4. In late 1996 or early 1997, Smolker complained to PVHOA that he, Graham and their children were suffering certain adverse health effects that they attributed to the pesticide. In 1997, an industrial hygienist with the Los Angeles County Health Department concluded after conducting a visual inspection that "there was no reason for any health concerns with respect to the way the pesticide was applied." *Id.* at 9. This was not the end of the matter:

> Throughout 1997, Smolker demanded that PVHOA, the other condominium owners, Termite Control, Grace, Grace Davison, all their respective insurance carriers and the Smokers' own insurance carriers pay for the following: tearing down his interior walls; [10] sealing the pesticide in the walls; installing and painting new interior walls; removing the air handling equipment; providing and operating a filtering system to remove any pesticide dust in their unit while the Smolkers lived elsewhere; and removing and replacing all personal property exposed to the pesticide dust, including all carpeting, soft furniture and children's soft toys.

*Id.* at 9-10.

5. There were other allegations raised by Smolker relating to certain roof repairs, pipe repairs and mold abatement that, upon information and belief, do not implicate the Reorganized Debtors or Termite Control or Mr. Morris.

***The California State Court Litigation***

6. In July 1997, TIG Insurance Company ("TIG"), the parent company of Truck Insurance Exchange, PVHOA's insurer, filed a declaratory relief action in the California State Court in connection with its denial of coverage for Smolker's claims. In October 1997, Smolker

filed a cross-complaint against the PVHOA, his fellow homeowners individually, the Reorganized Debtors, Termite Control, Mr. Morris and other parties for negligence and strict liability. These other parties included Albert J. Costello, the then chairman and chief executive officer of Grace and Grace-Conn., and James R. Hyde, at the time a senior vice president of Grace-Conn.

7.     On November 8, 1999, the California State Court ordered Smolker to no longer name Messrs. Costello and Hyde in subsequent cross-complaints. *Id.* at 13-14. In December 2000, the California State Court granted summary judgment in favor of PVHOA. *Id.* at 15-16. Smolker appealed these orders (among others).

8.     On April 2, 2001, the Chapter 11 Cases commenced, and a suggestion of bankruptcy was filed with the California State Court. The pending litigation was stayed as to the Reorganized Debtors, Termite Control and Mr. Morris. But Smolker's appeal continued, and on March 19, 2007, the California State Court of Appeals issued its opinion, affirming the California State Court's orders as described above, as well as affirming the California State Court's dismissal of Smolker's fellow homeowners and certain insurance companies from the lawsuit. The California State Court of Appeals also denied PVHOA's motion for attorneys' fees. *See* Exhibit C.

***The Reorganized Debtors' Emergence From Chapter 11***

9.     On February 3, 2014, the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11. *Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014

[Docket no. 31732]. On March 19, 2014, the Court entered its *Final Decree (A) Closing Certain of The Chapter 11 Cases, (B) Removing Certain of The Chapter 11 Cases From The Joint Administration Order, and (C) Waiving the Requirement That the Reorganized Debtors File a Final Report For the Merged Subsidiaries* [Docket no. 31880], which closed the cases of 45 of the Reorganized Debtors (the "Merged Subsidiaries Case Closing Order"). On October 14, 2014, the Court entered its *Final Decree: (A) Closing Certain of the Chapter 11 Cases; (B) Removing Such Cases From the Joint Administration Order; and (C) Waiving The Requirement to File a Final Report For Such Cases* [Docket no. 32429], closing a further 15 cases. Grace and Grace-Conn. are the only remaining Reorganized Debtors with open Ch. 11 cases.

### RELIEF REQUESTED

10. The Reorganized Debtors request that the Court enter the Order substantially in the form attached hereto as Exhibit B: (a) to the extent that Smolker responds to this Claims Objection, permitting the California State Court Litigation proceed to judgment; or (ii) if Smolker does not respond to this Claims Objection, disallowing the Claims pursuant to Fed. R. Bankr. P. 7055.

### PROCEDURES FOR RESPONDING TO THE CLAIMS OBJECTION

11. To contest any of the objections set forth in this Claims Objection, Claimants must file and serve a written response to this Claims Objection (a "Response") so that it is received no later than 4:00 p.m. ET, on March 2, 2015 (the "Response Deadline"). The Response (or each Response, if more than one is filed) must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk") at the following address:

>824 Market Street
>Wilmington, Delaware 19801

12. Each such Response must also be served upon the following co-counsel to the Reorganized Debtors on or before the Response Deadline:

>KIRKLAND & ELLIS LLP
>Adam C. Paul
>Jeffrey W. Gettleman
>300 North LaSalle Street
>Chicago, IL 60654
>
>THE LAW OFFICES OF ROGER HIGGINS, LLC
>Roger J. Higgins
>1 North Bishop Street
>Suite 14
>Chicago, IL 60607-1823
>
>PACHULSKI STANG ZIEHL & JONES LLP
>Laura Davis Jones (Bar No. 2436)
>James E. O'Neill (Bar No. 4042)
>919 North Market Street, 17th Floor
>P.O. Box 8705
>Wilmington, DE 19899-8705

13. Every Response to this Claims Objection must contain, at a minimum, the following:

a. A caption setting forth the name of the Court, the name of the Reorganized Debtors, the case number, and the title of the Claims Objection to which the Response is directed;

b. The name of the Claimant, its claim number, and a description of the basis for the amount of the claim;

c. The specific factual basis and supporting legal argument upon which the party will rely in opposing the Claims Objection;

d. Any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

e. The name, address, telephone number, and fax number of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Reorganized Debtors should communicate with respect to the claim or the objection thereto, and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the Claimant.

14.     If a Claimant fails to file and serve a timely Response (or Responses), the Reorganized Debtors may present to the Court an appropriate order disallowing and expunging that Claimant's claim or claims without further notice to the Claimant or a hearing.

### REPLY TO RESPONSE

15.     The Reorganized Debtors reserve the right to, at their option, file and serve one or more replies to Claimants' Responses, if any.

### SEPARATE CONTESTED MATTER

16.     If a Claimant files a Response to this Objection, and the Claimant and the Reorganized Debtors are unable to resolve that Response, the corresponding claim and the objection by the Reorganized Debtors thereto asserted in this Claims Objection shall constitute a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. Any order entered by the Court regarding an objection asserted in the Claims Objection shall be deemed a separate order with respect to each such claim.

### RESERVATION OF RIGHTS

17.     The Reorganized Debtors hereby reserve the right to object in the future to any of the Claims. The Reorganized Debtors further reserve the right to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

### NO PREVIOUS OBJECTION

18.     No previous objection to these Claims has been filed, nor has any other motion for the relief sought herein been made to this or any other court.

### NOTICE

19.     Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future

Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; (ix) Claimants; and (ix) the parties listed on the proof of service mailing list for the California State Court Litigation, attached hereto as <u>Exhibit G</u>.  In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors request the Court enter the Order in substantially the form attached hereto as <u>Exhibit B</u>: (i) either permitting the California State Court Litigation to proceed to judgment or, if Plaintiff does not respond to this Claims Objection, disallowing the Claims; and (iii) granting such other relief as may be appropriate.

Dated:  January 30, 2015

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
Jeffrey W. Gettleman
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors