<u>EXHIBIT F</u>

**Claim No. 4070 (The Morris Claim)**

# WR Grace

SR00000382 ■

### Bankruptcy Form 10

#### Index Sheet

```
A 0 0 0 0 4 0 7 0 B
```

Claim Number:     00004070

Receive Date:     03/18/2003

## Multiple Claim Reference

Claim Number _____

☐ MMPOC     Medical Monitoring Claim Form

☐ PDPOC     Property Damage

☐ NAPO      Non-Asbestos Claim Form

☐           Amended

Claim Number _____

☐ MMPOC     Medical Monitoring Claim Form

☐ PDPOC     Property Damage

☐ NAPO      Non-Asbestos Claim Form

☐           Amended

## Attorney Information

Firm Number:     00257

Firm Name:     Tybout Redfearn & Pell

Attorney Number:

Attorney Name:

Zip Code:     19899-2092

Cover Letter Location Number:     SR00000382

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☐ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☐ Other Attachments | |

**Other**

☐ Non-Standard Form

☐ Amended

☐ Post-Deadline Postmark Date

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF Delaware | | **GRACE NON-ASBESTOS PROOF OF CLAIM FORM** |
|---|---|---|

| Name of Debtor:[1]  **W.R. Grace & Company** | Case Number  01-01139 | |
|---|---|---|

**NOTE:** Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. Those claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.

| Name of Creditor (The person or other entity to whom the Debtor owes money or property):  **Wayne Morris** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| Name and address where notices should be sent:  **Prindle, Decker &Amarro**  **c/o Gary E. Yardumian**  **310 Golden Shore, 4th Floor**  **Long Beach, CA 90802** | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | |

| Account or other number by which creditor identifies Debtor: | Check here ☐ replaces if this claim ☐ amends a previously filed claim, dated:_____ |
|---|---|

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:

| 1.  Basis for Claim | |
|---|---|
| ☐ Goods sold<br>☐ Services performed<br>☐ Environmental liability<br>☐ Money loaned<br>☐ Non-asbestos personal injury/wrongful death<br>☐ Taxes<br>☐ Other__**Indemnity Claim**____<br>X | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br><br>Your SS #:_____  _____  _____<br>Unpaid compensation for services performed<br>from _____ to _____ (date) |

| 2.  Date debt was incurred: | 3.  If court judgment, date obtained: |
|---|---|

**4.  Total Amount of Claim at Time Case Filed:**  $_____

   If all or part of your claim is secured or entitled to priority, also complete Item 5 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5.  Classification of Claim.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. **CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.**

☐ SECURED CLAIM (check this box if your claim is secured by collateral, including a right of setoff.)

   Brief Description of Collateral:

   ☐ Real Estate        ☐ Other (Describe briefly)
   _____

Amount of arrearage and other charges at time case filed included in secured claim above, if any: $__**not applicable**____

   Attach evidence of perfection of security interest

☐ UNSECURED NONPRIORITY CLAIM

   A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☑ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.

   ☐ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).

   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).

   ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).

   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a____).

**6.  Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.    This Space is for Court Use Only

**7.  Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8.  Acknowledgement:** Upon receipt and processing of this Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim form itself, enclose a self addressed envelope and copy of this proof of claim form.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 3-5-07 | **Gary E. Yardumian** |

RECD MAR 1 8 2003

WR Grace      BF.18.69.3422<br>**00004070**<br>SR=382

[1] See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and "other names" used by the Debtors.

# SPECIFIC INSTRUCTIONS FOR COMPLETING
## GRACE NON-ASBESTOS PROOF OF CLAIM FORMS

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

This Proof of Claim form is for Creditors who have **Non-Asbestos Claims** against any of the Debtors. **Non-Asbestos Claims** are any claims against the Debtors as of a time immediately preceding the commencement of the Chapter 11 cases on April 2, 2001 other than Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims or Medical Monitoring Claims, as defined on the enclosed General Instructions. More specifically, **Non-Asbestos Claims** are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages.

**Administrative Expenses:** Those claims for, among other things, the actual, necessary costs and expenses of preserving the estate as defined in Section 503 of the Bankruptcy Code that arose after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to Section 503 of the Bankruptcy Code. This form should not be used to make a claim for an administrative expense.

**Secured Claim:** A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property. Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right to setoff), the creditor's claim may be a secured claim. (See also Unsecured Claim.)

**Unsecured Claim:** If a claim is not a secured claim, it is an unsecured claim. Unsecured claims are those claims for which a creditor has no lien on the debtor's property or the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Nonpriority Claim:** Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as Unsecured Nonpriority Claims.

**Information about Creditor:** Complete this section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the court which sent notice, or if this proof of claim replaces or amends a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:** Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:** Fill in the date the debt was first owed by the debtor.

3. **Court Judgments:** If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Amount of Claim:** Insert the amount of claim at the time the case was filed in the appropriate box based on your selected Classification of Claim in item 5. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Classification of Claim:** Check either Secured, Unsecured Nonpriority or Unsecured Priority as appropriate. (See Definitions above.)

   **Unsecured Priority Claim:** Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See Definitions, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

6. **Credits:** By signing this proof of claim, you are stating under oath that in calculating the amount of your claim, you have given the debtor credit for all payments received from the debtor.

7. **Supporting Documents:** You must attach to this proof of claim form, copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

*Be sure to date the claim and place original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:

Claims Processing Agent
Re: W. R. Grace & Co. Bankruptcy
P.O. Box 1620
Faribault, MN 55021-1620

**The Bar Date for filing all NON-ASBESTOS CLAIMS against the Debtors is March 31, 2003 at 4:00 p.m. Eastern Time.**

## DECLARATION OF GARY E. YARDUMIAN

I, Gary E. Yardumian, declare as follows:

1.    I am an attorney, duly licensed to practice law in all the courts of the State of California. I am a partner with the firm of Prindle, Decker & Amaro, LLP, attorneys of records for Moving Parties, HOME SAVING TERMITE CONTROL, INC. and WAYNE MORRIS (hereinafter "Moving Parties"). I am the attorney primarily responsible for handling the state court action entitled HOME SAVING TERMITE CONTROL, INC. and WAYNE MORRIS TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952. As such, I am readily familiar with the facts of this case and have personal knowledge of the facts set forth in this declaration. If called upon as a witness, I could, and would, testify competently as follows:

2.    I have retained the services of SHERRY RUGGIERO FALLON of TYBOUT, REDFEARN & PELL, a member of the bar of this court to represent HOME SAVING TERMITE CONTROL, INC. and WAYNE MORRIS at the hearing in this action, and assist my firm in obtaining admission pro hac vice. Enclosed, herein under separate cover is a copy of Moving Parties Motion and Order for Admission Pro Have Vice.

3.    The aforementioned state court action arises out of an October 15, and 16, 1996 incident in which HOME SAVING TERMITE CONTROL, INC. (hereinafter "Home Saving") applied the product Syloid 244 to GARY SMOLKER and ALICE SMOLKER'S (hereinafter "the

Smolkers") condominium unit for the purpose of eradicating termites. The Smolkers allege they have sustained personal injuries as a result of exposure to Syloid 244.

4.   Syloid 244 was manufactured and distributed by Debtor, W.R. GRACE & COMPANY (hereinafter "Debtor").

5.   On or about July 2, 1997, TIG Insurance Company filed a declaratory relief actions against the Smolkers seeking a declaration that TIG Insurance Company is not required to pay for any insurance proceeds to the Smolkers. Thereafter, in October of 1997, the Smolkers filed a cross-complaint against HOME SAVING TERMITE CONTROL, INC., WAYNE MORRIS, W.R. GRACE & COMPANY, and numerous other parties alleging 31 causes of action, including but not limited to a strict products liability cause of action against HOME SAVING TERMITE CONTROL, INC., WAYNE MORRIS, and W.R. GRACE & COMPANY.

6.   The gravamen of the Smolkers' cross-complaint is that Syloid 244 is a defective product and was negligently applied by Home Saving. The state court action was filed in the Los Angeles Superior Court Central District.

7.   Shortly after the Smolkers filed their cross-complaint Moving Parties and Debtor entered into a joint defense agreement to defend against the Smolkers' claims. One of the provisions of the joint defense agreement provided neither Moving Parties nor Debtor would file a cross-complaint against each other.

Further, the joint defense agreement provided each party would assist in defense costs, and provide cooperation and assistance in discovery and at trial.

8.   On or about April 2, 2001, Debtor filed Chapter 11 petition for bankruptcy relief.  Said bankruptcy petition, entitled In Re W.R. GRACE & COMPANY, bears the case number 01-01139, and is currently pending before this court.

9.   Moving Parties bring the instant Proof of Claim in order to preserve their rights to indemnity.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _5th_ day of _March_, 2003

_____
GARY E. YARDUMIAN, Declarant

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In Re:                                :    Chapter 11
                                      :
W. R. GRACE & COMPANY,                :    Case No. 01-01139-JJF
                                      :
          Debtor.                     :
                                      :
_____
TIG INSURANCE COMPANY, a              :
California corporation,               :
                                      :
          Plaintiff,                  :
                                      :
          v.                          :    Reference No. _____
                                      :
GARY SMOLKER, an individual,          :
and ALICE SMOLKER, an                 :
individual, and DOES 1-10,            :
inclusive,                            :
                                      :
          Defendant.                  :
_____
AND RELATED CROSS-ACTIONS             :
CONCERNING HOME SAVING TERMITE:
CONTROL, INC. and W.F. MORRIS :

## MOTION PURSUANT TO LOCAL DISTRICT COURT RULE 83.5(C) FOR ADMISSION *PRO HAC VICE*

Sherry Ruggiero Fallon (the "Movant"), a member in good standing of the Bar of the State of Delaware, an attorney admitted to practice before the United States District Court for the District of Delaware and the United States Court of Appeals for the Third Circuit, and a partner in the firm of Tybout, Redfearn & Pell, hereby moves this Court for entry of an order permitting GARY E. YARDUMIAN, of the law firm of PRINDLE, DECKER & AMARO, LLP, 310 Golden Shore, Fourth Floor, Long Beach, California 90801-5511 (the "Admittee"), to practice *pro hac vice* before the United States Bankruptcy Court for the District of Delaware, to represent HOME

SAVING TERMITE CONTROL, INC. and W.F. MORRIS, pursuant to Local Rule 83.5(c) of the United States District Court for the District of Delaware.  In support of the Motion, the Movant states as follows:

1.    Mr. Gary E. Yardumian is a member in good standing of the Bar of the State of California.  In addition, there are no disciplinary actions against him.

2.    Attached as Exhibit A is the certificate of the Admittee pursuant to Local Rule 83.6(i) of the United States District Court for the District of Delaware.

3.    Movant requests that the Court allow this Motion so that Mr. Yardumian may file pleadings and appear and be heard at hearings in these chapter 11 cases.

4.    No previous motion for relief sought herein has been made to this or any other court.

WHEREFORE, it is respectfully requested that the Court enter an Order substantially in the form attached hereto, (i) permitting GARY E. YARDUMIAN to appear *pro hac vice* in association with the Movant as counsel to Home Saving Termite Control, Inc. and W. F. Morris in these chapter 11 cases, and (ii) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

PRINDLE, DECKER & AMARO, LLP
Gary E. Yardumian
310 Golden Shore
Fourth Floor
Long Beach, CA 90801-5511
Telephone Number: (562)436-3946
Telecopy Number: (562) 492-0564

and

TYBOUT REDFEARN & PELL

_____

SHERRY RUGGIERO FALLON
I.D. Number: 2464
300 Delaware Avenue
Suite 1100
P.O. Box 2092
Wilmington, DE 19899
(302) 658-6901

Counsel to Home Saving Termite
Control, Inc. and W. F. Morris

1     The Admittee certifies that he is eligible for admission pro hac vice to this Court, is admitted to

2     practice and in good standing in the jurisdiction shown in the paragraph above, submits to the

3     disciplinary jurisdiction of this Court for any alleged misconduct which occurs in the course of, or in

4     the preparation of, this action, and has access to, or has acquired, a copy of the local Rules of this Court

5     and is generally familiar with such Rules.

6

7                                  GARY E. YARDUMIAN, ESQ.

8                                  PRINDLE, DECKER & AMARO
                                   310 Golden Shore, 4th Floor

9                                   Long Beach, California 90802

10    MOTION GRANTED.

11

12    DATED:_____                            _____
                                             UNITED STATES BANKRUPTCY JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PRINDLE, DECKER & AMARO L.

GEY/SMOLKER/PLEADINGS/pro-hac.wpd        MOTION AND ORDER FOR ADMISSION PRO HAC VICE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & COMPANY, | : | Case No. 01-01139 JJF |
| | : | |
| Debtor. | : | |

| | | |
|---|---|---|
| TIG INSURANCE COMPANY, a California corporation, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Reference No. _____ |
| | : | |
| GARY SMOLKER, an individual, and ALICE SMOLKER, an individual, and DOES 1-10, inclusive, | : | |
| | : | |
| Defendant. | : | |

| | |
|---|---|
| AND RELATED CROSS-ACTIONS CONCERNING HOME SAVING TERMITE CONTROL, INC. and W.F. MORRIS | : : : |

**ORDER PURSUANT TO LOCAL DISTRICT COURT
RULE 83.5(C) FOR ADMISSION *PRO HAC VICE***

Upon consideration of the foregoing Motion for Admission *Pro Hac Vice*, it is hereby

ORDERED that Gary E. Yardumian may appear and be heard at hearings in this chapter 11 case and any and all proceedings arising therein.

Dated: Wilmington, Delaware
_5-8-01_

_____
Judge

## CERTIFICATE OF SERVICE

I, SHERRY RUGGIERO FALLON, hereby certify that I have had deposited in the mailbox at 300 Delaware Avenue, Wilmington, Delaware, on this 3 day of May , 2001, true and correct copies of the attached document(s) addressed to be served on the parties:

Laura Davis Jones, Esquire
David Carickoff, Esquire
Pachulski, Stang, Ziehl et al.
919 N. Market St., Suite 1600
Post Office Box 8705
Wilmington, DE 19899-8705

Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, et al.
10100 Santa Monica Blvd.
Los Angeles, CA 90067-4100

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue
P.O. Box 25130
Wilmington, DE 19899

Frank J. Perch, Esquire
Office of United State Trustee
601 Walnut St., Room 950 West
Philadelphia, PA 19106

Scott L. Baena, Esquire
Member
Bilzin, Sumberg, Dunn, Baena,
Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131

David B. Siegel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

Robert N. Ridenour, Esquire
Borton, Petrini & Conron
707 Wilshire Blvd., 51st Floor
Los Angeles, CA 90017-3613

James H. M. Spraygeren, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

TYBOUT, REDFEARN & PELL

SHERRY RUGGIERO FALLON
I.D. Number: 2464
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE  19899

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & COMPANY, | : | Case No. 01-01139 JJF |
| | : | |
| Debtor. | : | |

| | | |
|---|---|---|
| TIG INSURANCE COMPANY, a California corporation, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **DOCUMENTS OFFERED IN SUPPORT** |
| | : | **OF PROOF OF CLAIM** |
| GARY SMOLKER, an individual, and ALICE SMOLKER, an individual, and DOES 1-10, inclusive, | : | |
| | : | |
| Defendant. | : | |

AND RELATED CROSS-ACTIONS     :
CONCERNING HOME SAVING TERMITE:
CONTROL, INC. and W.F. MORRIS :

COMES NOW, Creditors, HOME SAVING TERMITE CONTROL, INC. AND WAYNE MORRIS, hereby submit the following Memorandum of Points and Authorities and Declaration of Gary E. Yardumian in support of proof of claim.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF REASONS IN SUPPORT OF CLAIM**

There is currently pending before this Court a Petition for Relief under 11 U.S.C. §§ 1101. et seq., relating to the affairs of Debtor, W.R. GRACE & COMPANY (hereinafter "Debtor". Said Petition

entitled In Re W.R. Grace & Company bears the case number 01-01139.

Debtor is a cross-defendant and alleged manufacture of a product in

a state strict liability action entitled TIG INSURANCE v. GARY

SMOLKER, et al., and related cross-actions, California Case No. BC

173952.   Moving Parties, HOME SAVING TERMITE CONTROL, INC. and

WAYNE MORRIS, are also cross-defendants to the same strict products

liability action.   However, Moving Parties only applied Debtor's

product and never manufactured or supplied the product.   Therefore,

Moving parties have a potential claim for indemnity against Debtor

if a trier of facts finds Moving Parties liable under strict

products liability theory.

More specifically, the potential indemnity cross-complaint

against Debtor arises out of an incident on October 15 and 16,

1996, in which HOME SAVING TERMITE CONTROL, INC. (hereinafter "Home

Saving, Inc."), a termite control company owned and operated by

WAYNE MORRIS (hereinafter "Morris"), applied the product Syloid 244

to the condominium unit owned by GARY SMOLKER and ALICE SMOLKER

(Hereinafter "the Smolkers").   The Smolkers allege they have

sustained personal injuries as a result of exposure to Syloid 244.

Syloid 244 was manufactured and distributed by the Debtor, W.R.

GRACE & COMPANY.   On or about July 2, 1997, TIG INSURANCE COMPANY

filed a declaratory relief action against the Smolkers seeking a

declaration that TIG INSURANCE COMPANY is not responsible to pay

any insurance proceeds to the Smolkers.   Therafter, in October of

1997, the Smolkers filed a cross-complaint against HOME SAVING

TERMITE CONTROL, INC., WAYNE MORRIS, W.R. GRACE & COMPANY and numerous other parties alleging 31 causes of action, including by not limited to a strict products liability cause of action against HOME SAVING TERMITE CONTROL, INC., WAYNE MORRIS, and W.R. GRACE & COMPANY. This state court action, entitled TIG INSURANCE v. GARY SMOLKER, et al., and related cross-actions, Case No. BC 173952, was filed in the Los Angeles Superior Court, Central District.

The state court action referenced above to set to commence trial on June 11, 2001. Moving Parties are forced to pay if a trier of fact finds the Smolkers sustained personal injuries as a result of a defective product manufactured and supplied by Debtor, W.R. GRACE & COMPANY. Moving Parties have yet to file the cross-complaint against Debtor because prior to the bankruptcy petition, Moving Parties and Debtor have maintained a joint defense agreement in the TIG Insurance v. Gary Smolker action in which parties agreed to cooperate and not file cross-complaints against each other.

On or about April 2, 2001, Debtor filed a Chapter 11 Bankruptcy Petition in this Court. As a result, Moving Parties were forced to bring this proof of claim.

II.

**CONCLUSION**

Based upon the foregoing, Moving Parties, HOME SAVING TERMITE CONTROL, INC. and WAYNE MORRIS, have a claim against Debtor in the form of a state court indemnity cross-complaint against the Debtor.

DATED:

March 5, 2003

PRINDLE, DECKER & AMARO, LLP

GARY E. YARDUMIAN
Attorney for Cross-
Defendants, HOME SAVINGS
TERMITE CONTROL, INC., W.F.
MORRIS and RIKK THOMPSON