## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) Hearing Date: March 4, 2015, at 10:00 a.m. |
| | ) Objection Deadline: February 23, 2015 at 4:00 p.m. |

### MOTION REQUESTING ENTRY OF AN ORDER: (A) FILING JOINT DEFENSE AGREEMENT UNDER SEAL; AND (B) APPLYING THE PROTECTIVE PROVISIONS OF FED. R. EVID. 502 THERETO

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors" or "Grace") file this motion (the "Protective Motion") requesting the Court enter an order, substantially in the form attached hereto as Exhibit A (the "Protective Order"): (a) Authorizing the Reorganized Debtors to file under seal a *Joint Defense and Confidentiality Agreement* (the "Joint Defense Agreement"), entered into as of January 30, 2015, by SGH Enterprises, Inc. f/k/a Samson Hydrocarbons Company ("SGH"), Grace Energy Corporation ("GEC") and Grace-Conn. (together, the "Parties") in order to have it incorporated into the Protective Order pursuant to Fed. R. Evid. 502(e), thereby binding third parties; (b) Providing that, pursuant to Fed. R. Evid. 502(d) and (e), the filing of the Joint Defense Agreement, or any confidential or privileged information, under seal does not constitute a waiver of any Party's attorney-client privilege, work-product protection, or any other privilege or common interest, whether in these bankruptcy cases, or in any other federal or state proceeding; (c) Providing that, pursuant to Fed. R. Evid. 502(d) and applicable law, any disclosure or exchange of documents or information by any Party to any of the other Parties does not waive or impair any Party's attorney-client privilege, work-

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn."). GEC was a Reorganized Debtor whose case has been closed.

product protection, or any other privilege, whether in connection with these bankruptcy cases or in any other federal or state proceeding, and (d) Contemplating that, in the event resolving SGH's claims filed against the Reorganized Debtors requires initiating a contested matter, the Parties shall seek entry of an agreed order setting forth procedures to file under seal and otherwise protect such privileged or confidential information that is to be made part of the record of any such contested matter. The United States Trustee shall be permitted to view the Joint Defense Agreement as needed.[2]

SGH supports entry of the Protective Order in the form attached hereto. In support of this Motion, the Reorganized Debtors respectfully state as follows:

### JURISDICTION

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.   The predicates for this Motion are sections 105(a) and 107(b) of the Bankruptcy Code, Fed. R. Evid. 502, Fed. R. Bankr. P. 9018 and Del. Bankr. L.R. 9018-1

### BACKGROUND

3.   SGH has filed the following proofs of claim asserting, in part, claims and indemnity obligations against certain of the Reorganized Debtors (the "Claims") related to defending or resolving various environmental claims and matters:[3]

---

[2]   Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Joint Defense Agreement or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

[3]   This chart is for illustrative purposes only, and it does not constitute an admission by either the Reorganized Debtors or SGH. The Parties each reserve all their rights regarding the Claims.

| Claim No. | Dated Filed | Asserted Liability | Plan Class | Comments |
|---|---|---|---|---|
| 13946 | 3/31/03 | $7,958,774.60 | 9 | -- |
| 13947 | 3/31/03 | $7,958,774.60 | 9 | -- |
| 18518 | 4/10/09 | $9,289,309.10 | 9 | Amended and superseded Claim no.13947 |
| 18520 | 5/1/09 | $9,289,309.10 | 9 | Amended and superseded Claim no. 18518 |
| 18521 | 5/1/09 | $9,289,309.10 | 9 | Amended and superseded Claim no. 13946 |
| 18526 | 8/7/09 | $92,717,705.03 | 9 | Amended and superseded Claim nos. 13947, 18518 & 18520 |
| 18527 | 8/7/09 | $92,717,705.03 | 9 | Amended and superseded Claim nos. 13946 and 18521 |
| 18551 | 7/31/12 | $94,232,954.99 | 9 | Amended and superseded Claim nos. 13947, 18518, 18520 & 18526 |
| 18552 | 7/31/12 | $94,232,954.99 | 9 | Amended and superseded Claim nos. 13946, 18521 & 18527 |

4.  In connection with resolving a preliminary set of issues presented by the Claims, the Parties have entered into the Joint Defense Agreement, in which they assert "a common and joint interest in sharing certain information without revealing privileged information to third parties or waiving any applicable privileges or protections against disclosure or discovery." For example, by sharing privileged information related to the underlying matters, Reorganized Debtors and SGH do not want to waive the privileges or protections applicable to such information and strategy that may be of interest to SGH's adversaries in litigation relating to the environmental matters underlying the Claims. The Joint Defense Agreement also provides for procedures by which the Parties may exchange Confidential Information (as the Joint Defense Agreement defines that term, and which includes certain attorney-client-privileged, attorney-work-product and other confidential information) in order to resolve the Claims.

5.  The Joint Defense Agreement also states in relevant part that the Parties will seek the Court's entry of the Protective Order attached hereto, which in summary and subject to the terms of the Protective Order:

- Authorizes the Reorganized Debtors to file the Joint Defense Agreement under seal in order to have it incorporated into the Protective Order pursuant to Fed. R. Evid. 502(e), thereby binding third parties;

- Provides that, pursuant to Fed. R. Evid. 502(d) and (e), the filing of the Joint Defense Agreement, or any other confidential or privileged information, under seal does not constitute a waiver of any Party's attorney-client privilege, work-product protection, any other privilege, immunity, protection, or common interest, whether in these bankruptcy cases, or in any other federal or state proceeding;

- Provides that, pursuant to Fed. R. Evid. 502(d) and applicable law, any disclosure or exchange of documents or information by any Party to any of the other Parties do not waive or impair any Party's attorney-client privilege, work-product protection, or any other privilege, immunity or protection, whether in these bankruptcy cases or in any other federal or state proceeding;

- Contemplates that, in the event SGH's claims filed against the Reorganized Debtors requires a contested matter, the Parties shall file an agreed order setting forth procedures to file under seal and otherwise protect such privileged or confidential information that is to be made part of the record of any such contested matter.

Finally, the Joint Defense Agreement provides that, in the event that the Parties need to provide for the exchange of further information beyond the scope of that Agreement, the Protective Order shall not preclude them from: (a) entering into additional joint defense or common interest agreements in order to resolve any remaining aspects of the Claims or filing motions for orders applying Fed. R. Evid. 502; or (b) filing any such agreements under seal.

6.    Common interests are privileged under applicable Delaware law, which is the parties' choice of governing law for the Joint Defense Agreement. *See* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS, § 76 (2014) ("If two or more clients with a common interest in a litigated or non-litigated matter are represented by separate lawyers and they agree to exchange information concerning the matter, a communication of any such client that otherwise qualifies as privileged under §§ 68-72 that relates to the matter is privileged as against third persons. Any such client may invoke the privilege, unless it has been waived by the client who made the communication"); *see also Teleglobe Communs. Corp. v. BCE, Inc. (In re Teleglobe*

*Comms. Corp.)*, 493 F.3d 345, 363-64 (3d Cir. Del. 2007) (citing to the RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS in discussing the scope of the common interest rule).

### RELIEF REQUESTED

7.  By this Motion, the Reorganized Debtors seek entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Fed. R. Bankr. P. 9018, Fed. R. Evid. 502 and Del. Bankr. L.R. 9018-1:[4] (a) filing the Joint Defense Agreement under seal; and (b) applying the protective provisions of Fed. R. Evid. 502 to the Joint Defense Agreement and the information and documents exchanged between the Parties.

### ANALYSIS

**I.  NO WAIVER OF PRIVILEGE PURSUANT TO FED. R. EVID. 502**

8.  Fed. R. Evid. 502(d) provides in relevant part:

> A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court--in which event the disclosure is also not a waiver in any other federal or state proceeding.

Fed. R. Evid. 502(d). The Reorganized Debtors request the Court enter the Protective Order to facilitate the exchange of information and ensure that the filing of the Joint Defense Agreement in this Court, as well as any disclosure or exchange of documents or information by any Party to any of the other Parties in connection with these bankruptcy cases, does not waive or impair any Party's attorney-client privilege, work-product protection, or any other privilege or common interest, whether in connection with these bankruptcy cases or in any other federal or state proceeding.

9.  Fed. R. Evid. 502(e) provides in relevant part:

---

[4] Del. Bankr. L. R. 9018-1(b) provides in relevant part that "[a]ny party who seeks to file documents under seal must file a motion to that effect." *See also* Fed. R. Bankr. P. 9018.

> An agreement on the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order.

Fed. R. Evid. 502(e). The Reorganized Debtors request the Court incorporate the Joint Defense Agreement into its Order—and in so doing authorize the Reorganized Debtors to file it under seal pursuant to Bankruptcy Code sections 105(a) and 107(b).

## II.    SECTION 107(B) REQUIRES FILING THE JOINT DEFENSE AGREEMENT UNDER SEAL

### A.    Section 107(b) Requires Filing Confidential Information Under Seal

10.    Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may: (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C § 107(b). The mandatory language of section 107(b)(1) thus requires courts to protect confidential commercial information. *In re Frontier Group, LLC*, 256 B.R. 771, 773 (Bankr. E.D. Tenn. 2000).

11.    Indeed, unlike its Fed. R. Civ. P. 26 counterpart, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d at 27.

Finally, granting a sealing order is well within this Court's power—and discretion—as long as the requirements set forth in section 107(b) have been met. *In re Ionosphere Clubs Inc.*, 156 B.R. 414, 434 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

B. **Section 107(b) Encompasses the Confidential Information and the Joint Defense Agreement**

12. As Judge Clark stated in *In re 50-Off Stores*, 213 B.R. 646, 656 (Bankr. W.D. Tex. 1997), Bankruptcy Code section 107(b)(1) should be interpreted to include information subject to the attorney-client privilege. *Id.* ("a client's disclosures made in confidence to its attorneys is one kind of 'confidential … commercial information'."). As set forth above, the Joint Defense Agreement falls clearly within the purview of the common-interest and attorney-client privileges. So, too, does the Confidential Information, because it contains information related to litigation, attorney invoices and similar issues. Therefore, the Reorganized Debtors respectfully submit that section 107(b), by itself, provides sufficient basis for this Court to order the Joint Defense Agreement and Confidential Information be filed under seal.

13. To the extent that the Court disagrees with *50-Off*, *see In re Fibermark, Inc.*, 330 B.R. 480, 512 (Bankr. D. Vt. 2005) (disagreeing with *50-Off* premise, but nonetheless keeping sealed or redacting materials subject to the attorney-client privilege), the Court may still approve the filing of the Joint Defense Agreement under seal, based upon the attorney-client and common-interest privileges and the Court's inherent powers under section 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Id.*; *In re Nortel Networks, Inc.*, 2011 Bankr. LEXIS 3971, 60-61 (Bankr. D. Del. July 11, 2011) (order authorizing filing of documents under seal pursuant to both sections 105(a) and 107(b)); *In re Hemple*, 295 B.R. 200, 2024 (Bankr. D. Vt. 2003) (Court may seal filed documents pursuant to its authority under Bankruptcy Code section 105).

## NO PREVIOUS MOTION

14. No previous motion for the relief sought herein has been made to this or any other court. The Reorganized Debtors reserve the right to file one or more further motions requesting the Court enter orders to file under seal other joint defense or common interest agreements that they may enter into with SGH from time to time.

## NOTICE

15. Notice of this Objection has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) SGH. In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

WHEREFORE, the Reorganized Debtors seek entry of an order: (i) pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Fed. R. Bankr. P. 9018, Fed. R. Evid. 502 and Del. Bankr. L.R. 9018-1: (a) filing Joint Defense Agreement under seal; and (b) applying the protective provisions of Fed. R. Evid. 502 to the Joint Defense Agreement and the information and documents exchanged between the Parties; and (ii) granting such other relief as may be appropriate.

Dated: February 3, 2015

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607
(312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

_/s/ James E. O'Neill_
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors

DOCS_DE:197818.2 91100/001