# EXHIBIT A

**Form of Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) **Re docket no.** _____ |
| | ) **Hearing Agenda item no.** _____ |

## PROTECTIVE ORDER PURSUANT TO FED. R. EVID. 502

The above-captioned Reorganized Debtors, Grace Energy Corporation ("GEC") and SGH Enterprises, Inc., f/k/a Samson Hydrocarbons Company ("SGH") (SGH, GEC and the Reorganized Debtors are each a "Party," and collectively are the "Parties") having agreed to this form of order (the "Order"); upon consideration of *the Motion Requesting Entry of an Order: (A) Filing Joint Defense Agreement Under Seal; and (b) Applying the Protective Provisions of Fed. R. Evid. 502 Thereto* (the "Protective Motion"); it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Protective Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Protective Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Protective Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1.      The Protective Motion is granted in its entirety.

---

[1]     The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2]     Capitalized terms not defined herein shall have the meaning ascribed to them in the Protective Motion.

2.  The *Joint Defense and Confidentiality Agreement* (the "Joint Defense Agreement"), dated as of January 30, 2015, by and among SGH, GEC and Grace–Conn is incorporated herein by reference, and is binding pursuant to Fed. R. Evid. 502(e).

3.  The Reorganized Debtors are authorized to file the Joint Defense Agreement under seal.

4.  Pursuant to Fed. R. Evid. 502(d) and (e) and applicable law, the filing of the Joint Defense Agreement under seal and any disclosure or exchange of documents or information by any Party to any of the other Parties do not waive or impair any Party's attorney-client privilege, work-product protection or any other privilege, immunity or protection, including in connection with the above-captioned bankruptcy cases (and any contested matter or proceeding in such cases) or in any other federal or state proceeding.

5.  Pursuant to Fed. R. Evid. 502(d) and applicable law, any filing with, or disclosure in, this Court of privileged or protected documents or information by a Party under seal does not waive or impair any Party's attorney-client privilege, work-product protection or any other privilege, immunity or protection, including in connection with the above-captioned bankruptcy cases (and any contested matter or proceeding in such cases) or in any other federal or state proceeding.

6.  This Order contemplates that, in the event the resolution of SGH's claims filed against the Reorganized Debtors requires a contested matter to be initiated, the Parties shall seek entry of an agreed order setting forth procedures to file under seal and otherwise protect such privileged or confidential information that is to be made part of the record of any such contested matter and order that the filing and disclosure of such privileged or protected information by a Party in this Court does not waive or impair any Party's

attorney-client privilege, work- product protection or any other privilege, immunity or protection.

7. This Order does not preclude any of the Parties from requesting the Court to enter further orders under Fed. R. Evid. 502 or to authorize filing under seal information or documents or other joint defense or common interest agreements that the Parties may enter into from time to time.

8. The Reorganized Debtors are authorized to take all actions that may be necessary to file the Joint Defense Agreement under seal.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and Joint Defense Agreement.

10. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2015

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge