# TAB C

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| THE CELOTEX CORPORATION and CAREY CANADA INC., | Consolidated Case Nos.: 90-10016-8G1 90-10017-8G1 |
| Debtors. | |
| ASBESTOS SETTLEMENT TRUST, LEGAL REPRESENTATIVE FOR UNKNOWN CLAIMANTS, FREDERICK M. BARON, STEVEN KAZAN, GARY W. KENDALL, and JOSEPH F. RICE, as the TRUST ADVISORY COMMITTEE,[1] | Adv. No. 02-521 Consolidated With: Adv. No. 02-848 Adv. No. 03-009 Adv. No. 04-106 Adv. No. 04-384 Adv. No. 04-417 |
| Plaintiffs, v. | |
| ANDERSON MEMORIAL HOSPITAL, | |
| Defendant. | |

## ORDER ON ASBESTOS SETTLEMENT TRUST'S MOTION SEEKING INSTRUCTIONS REGARDING PAYMENT OF FIFTY-TWO ASBESTOS PROPERTY DAMAGE CLAIMS SUBMITTED BY ANDERSON MEMORIAL HOSPITAL

**THIS CASE** came before the Court to consider the Motion Seeking Instructions Regarding Payment of Fifty-Two Asbestos Property Damage Claims Submitted By Anderson

---

[1] James L. Patton, Jr. was appointed as successor Legal Representative to David S. Shrager, and Russell Budd replaced Frederick M. Baron as a member of the Trust Advisory Committee.

AMH-4120

DOC# 301486



EXHIBIT
AMH-40

Memorial Hospital (Dkt. 69) (the "**Motion for Instructions**"),[2] which was filed by the Asbestos Settlement Trust (the "**Trust**"), through its Trustees, Frank Andrews, Sharon M. Meadows and James W. Stevens (the "**Trustees**").

## BACKGROUND

1. The Trust was created pursuant to the Modified Joint Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code for The Celotex Corporation and Carey Canada Inc. (the "**Plan**").

2. Between January 2002 and March 2004, the Asbestos Property Damage Claims Administrator ("**PDCA**") allowed fifty-two Asbestos Property Damage Claims filed by Anderson Memorial Hospital ("**Anderson**") as the representative of certain building owners ("**Anderson Claimants**") in the total sum of $268,204,287.74 ("**Anderson Claims**") and submitted the Anderson Claims to the Trust for payment.

3. The Trustees declined to pay any of the Anderson Claims at the then-applicable 11.3% payment percentage and instituted the above-captioned adversary proceedings against Anderson ("**Adversary Proceedings**"), asking the Court to approve its refusal to pay. The Trust Advisory Committee ("**TAC**") and the Legal Representative of Unknown Claimants ("**FCR**") intervened and supported the Trust. The Property Damage Advisory Committee ("**PDAC**") then intervened and supported Anderson.

4. On May 29, 2007, the United States Court of Appeals for the Eleventh Circuit

---

[2] The Trust also simultaneously filed the Motion for Instructions in the main bankruptcy case as a contested matter (B.Dkt. 13872) (the "**Contested Matter**"). This Order will be entered in both the above-captioned adversary proceedings and the main bankruptcy case to resolve all proceedings relating to the Anderson Claims.

AMH-4121

rendered its decision in Asbestos Settlement Trust v. City of New York (In re: Celotex Corp.), 487 F.3d 1320 (11th Cir. 2007) ("City of New York").

5. On September 20, 2007, the Trust filed its Motion for Instructions in the Adversary Proceedings and also initiated the Contested Matter (see note 2 above), asserting that the allowance of the Anderson Claims constituted an abuse of the PDCA's discretion. The TAC and the FCR filed a brief supporting that contention. The TAC and the FCR also moved to consolidate the Contested Matter with and into the Motion for Instructions pending in the Adversary Proceedings (the "Motion to Consolidate") and to compel Anderson to provide certain discovery (the "Motion to Compel").

6. Anderson responded to the Contested Matter, but moved to dismiss the Adversary Proceedings. Although Anderson filed a substantial affidavit of its counsel, it took the position that the Court need not consider the affidavit and should decide the matter based on the provisions of the Plan and the related trust agreement and claims procedures ("Plan Documents"). The affidavit therefore has not been considered for purposes of this Order. Anderson also opposed the Motion to Compel. The PDAC filed a memorandum opposing the Trust's Motion and requesting that the Court dismiss the Adversary Proceedings and direct the Trust to pay the Anderson Claims. On January 11, 2008, this Court denied Anderson's motion to dismiss the Adversary Proceedings.

7. The parties have taken opposing positions as to whether or not the allowance of the Anderson Claims was an abuse of the PDCA's discretion and several subsidiary questions, including whether or not (a) a proof of claim filed by Anderson with respect to the Anderson Claims satisfied the bar date in the bankruptcy case, (b) Anderson had standing to file the Anderson Claims on behalf of the Anderson Claimants, (c) the Anderson Claims were submitted

- 3 -

AMH-4122

prior to the deadline set by the Asbestos Property Damage Claims Resolution Procedures ("APDCRP"), and (d) all of the Anderson Claims were timely asserted under applicable state law. The parties have filed comprehensive briefs and record materials with respect to these issues.

8. Having evaluated the matter in light of Anderson's response to the Contested Matter, the Eleventh Circuit's ruling in City of New York, and the costs and uncertainties of this litigation, the TAC engaged in discussions with Anderson to explore a potential consensual resolution. As a result of such discussions, the TAC, with the concurrence of the FCR, has recommended to the Trust that it pay the Anderson Claims on a basis that would fully and finally resolve the Anderson Claims and any and all related claims and demands.

9. The Trust, with the support of the TAC and the FCR, agrees to payment of the Anderson Claims at the 14.1% payment percentage now in effect, provided that (a) Anderson files a written consent, in its individual and representative capacities, to the entry of this Order, (b) the Court instructs the Trust to pay the Anderson Claims, (c) the Court finds that the Motion for Instructions has satisfied the Trustees' fiduciary duty under City of New York, and that the payment of the Anderson Claims at the 14.1% payment percentage pursuant to this Order will not constitute a breach of their fiduciary duty, (d) the Court determines that the Trust's payment of the Anderson Claims at the 14.1% payment percentage pursuant to this Order shall fully and finally resolve any claims, demands, suits, or actions by Anderson, the Anderson Claimants, or any other person, arising out of or in any way relating to the Anderson Claims, including without limitation any claim, demand, suit, or action for interest, delay damages, or attorneys fees, costs, or for compensation or money based on any future increase in the payment percentage, any alleged breach of duty, or any other ground whatsoever, and (e) the Court determines that, upon

-4-

the Trust's payment of the Anderson Claims pursuant to this Order, Anderson, in its individual and representative capacities, shall have released and discharged the Trust and the present and former Trustees, the TAC and its present and former members, and the present and former FCR, together with all of their agents, representatives, successors and assigns from any such claim, demand, suit, or action whatsoever.

10. Anderson, the Trust, the TAC, and the FCR agree that, at the 14.1% payment percentage now in effect, the total amount to be paid to Anderson as representative of the Anderson Claimants, pursuant to this Order, is $37,816,804.57, which is the sum of the respective individual payment amounts set forth on the attached Exhibit "A" with respect to the several Anderson Claimants ("**Individual Payment Amounts**").

11. In its individual and representative capacities, Anderson has consented in writing to the entry of this Order.

12. The TAC and the FCR have consented in writing to the entry of this Order. Conditioned on the entry of this Order, the TAC and the FCR have also withdrawn their Motion to Consolidate and their Motion to Compel.

13. The PDAC has filed a notice withdrawing its appearance and intervention in this proceeding.

### DISCUSSION

14. The Plan Documents grant the PDCA considerable discretion with respect to the allowance of Asbestos Property Damage Claims. There is an adequate record basis for concluding that his allowance of the Anderson Claims was not unreasonable in the circumstances. Accordingly, the Court will not disturb the PDCA's decision to allow the Anderson Claims.

AMH-4124

15. It is undisputed that, as allowed by the PDCA, the Anderson Claims total $268,204,287.74.

16. The Trustees have determined, in the proper exercise of their discretion regarding the timing and method of payment, to apply the 14.1 % payment percentage to the Anderson Claims pursuant to this Order. At that payment percentage, it is undisputed that the total amount payable to Anderson, as the representative of the Anderson Claimants, pursuant to this Order will be $37,816,804.57, as detailed in Exhibit "A."

17. The parties' agreement to the payment of $37,816,804.57 in full and final resolution of the Anderson claims and all related claims and demands results from good-faith discussions conducted at arm's length by Anderson, the Trust, the TAC, and the FCR, and from all parties' respective evaluations of the factual, legal, and practical aspects of this controversy. The outcome of those discussions is reasonable in view of (a) the nature and complexity of the issues; (b) the procedural posture of the Motion for Instructions; (c) the detailed record and extensive briefs presented to the Court with respect to the Motion for Instructions; (d) the hazards of litigation; (e) the amount at issue; (e) the costs, inconvenience, and delays that would be incurred in prosecuting this matter to final judgment; and (f) the best interests of the Trust and its beneficiaries.

18. The Trust and the Trustees have conducted sufficient inquiry into the facts and law surrounding the Anderson Claims to make an informed decision about the proposed resolution. The Court finds that the Motion for Instructions has satisfied the Trustees' fiduciary duty under City of New York, and that the payment of the Anderson Claims at the 14.1% payment percentage pursuant to this Order will not constitute a breach of their fiduciary duty.

19. The Trust has provided twenty days' written notice of its intention to seek entry of

AMH-4125

the instant Order, along with a copy of the form of order, to all parties entitled to service under this Court's Order dated October 25, 2007. Without finding that any parties are entitled to notice of the Trust's decision to pay the Anderson Claims or would have standing to object to the Trust's decision to do so, this Court finds that such notice is sufficient.

20. Pursuant to the Plan and the injunctions implemented through the Confirmation Order in the Celotex bankruptcy proceeding, property damage claimants may only bring claims against the Trust through the procedures set forth in the Celotex Third Amended and Restated Asbestos Property Damage Claim Procedures ("APDCRP"). None of the Anderson Claimants has brought a claim on its own behalf, as distinct from the claims Anderson has asserted as the Anderson Claimants' representative based on provisions of the APDCRP. Anderson maintains that the APDCRP conferred authority upon it to assert claims in a representative capacity, and it represents to this Court that it has acted in a representative capacity in asserting claims on behalf of the Anderson Claimants. The APDCRP required claims to be filed by January 29, 1999. The PDCA has not allowed any claims of the Anderson Claimants other than the claims Anderson has asserted on their behalf. The Trust is authorized to pay only the claims allowed by the PDCA. Consistently with the approach taken by the PDCA, this Court holds that, by virtue of the aforementioned claim deadline, and under principles of law prohibiting the Anderson Claimants from obtaining a double recovery, the Anderson Claimants are barred from asserting claims on their own behalf, as distinct from the claims Anderson has asserted on their behalf based on the APDCRP, and the claims thus presented by Anderson in a representative capacity constitute the only means for recovery from the Trust for the Anderson Claimants. Accordingly, this Court finds it appropriate that payment be made to the law firm of Speights & Runyan ("S&R") as counsel to Anderson in its representative capacity, with such funds to be held in

AMH-4126

trust and in escrow by Anderson and S&R for the Anderson Claimants.

21. Entry of this Order will fully and finally resolve the Anderson Claims, which have been pending for more than six years, and all related claims and demands, and will insulate all persons from the costs, burdens, and uncertainties of litigating the Anderson Claims or any related claims, demands, suits, or actions arising out of or in any way relating to the Anderson Claims.

## CONCLUSION

Accordingly, it is hereby ordered, adjudged, and decreed as follows:

**ORDERED** that the Motion is granted as more fully set forth herein. It is further

**ORDERED** that, on the eleventh day following the entry of this Order, unless the effect of this Order shall have been stayed during the pendency of an appeal from this Order, the Trustees are directed and instructed to pay Anderson, as the representative of the Anderson Claimants, the total sum of $37,816,804.57 (the "**Total Settlement Payment**"), in trust for the benefit of the Anderson Claimants and subject to an escrow agreement ("**Escrow Agreement**") to be made among Anderson, the Trust, and the escrow agent ("**Escrow Agent**") for the establishment and operation of an escrow account ("**Escrow Account**"); provided, however, that the Trust shall retain a residual interest in the proceeds of the Escrow Account to the extent, if any, not disbursed from the Escrow Account in compliance with the procedures specified below. It is further

**ORDERED** that, upon the Trust's paying the Total Settlement Payment into the Escrow Account, the Trust, all present and former Trustees, the TAC, all present and former members of the TAC, the present and former FCR, and each of their respective agents, representatives, successors and assigns shall, by operation of this Order, and without regard to any further

AMH-4127

consent or ratification by any person, be released and discharged of any claims, demands, suits, or actions by Anderson, the Anderson Claimants, or any other person, arising out of or in any way relating to the Anderson Claims, including without limitation any claim, demand, suit, or action for interest, delay damages, attorneys fees, costs, or for compensation or money based on any future increase in the payment percentage, any alleged breach of duty, or any other ground whatsoever. It is further

**ORDERED** that, upon the Trust's paying of the Total Settlement Payment into the Escrow Account, this adversary proceeding shall be closed, and the Contested Matter shall be deemed fully and finally resolved, with Anderson to bear its own expenses, including costs and attorneys fees, and with the Trust to bear its own expenses and those of the TAC, the FCR, and the PDAC, including costs and attorneys fees. It is further

**ORDERED** that, in accordance with the terms of this Order and the Escrow Agreement, promptly upon receipt by S&R of a written acknowledgment by an Anderson Claimant in the form annexed as Exhibit "B", S&R shall forward a copy of such acknowledgment to counsel of record for the Trust and shall direct the Escrow Agent in writing to pay into a client trust account maintained by S&R ("Client Trust Account") a sum of money ("**Disbursement Amount**") equal to the Individual Payment Amount applicable to such Anderson Claimant as specified in Exhibit A, plus interest calculated at the actual rate earned on the Individual Payment Amount in the Escrow Account, after deducting a *pro rata* portion of the applicable fees of the Escrow Agent. It is further

**ORDERED** that, promptly after the receipt of a Disbursement Amount, S&R shall pay over to the relevant Anderson Claimant, from the Client Trust Account, a sum of money equal to the Disbursement Amount minus S&R's applicable fee and reimbursable expenses. It is finally

AMH-4128

**ORDERED** that this Court retains jurisdiction to interpret, implement and enforce the terms and provisions of this Order.

DONE AND ORDERED at Tampa, Florida, on     April 21, 2008    .

_/s/ Paul M. Glenn_
PAUL M. GLENN
Chief United States Bankruptcy Judge

Copies to:
Harley E. Riedel, II, Esq.
Florida Bar Number 183628
STICHTER, RIEDEL, BLAIN & PROSSER, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602-4700

Daniel A. Speights, Esq. - #4252
SPEIGHTS & RUNYAN
200 Jackson Avenue East
P.O. Box 685
Hampton, South Carolina 29924

Jeffrey W. Warren, Esquire
BUSH ROSS GARDNER WARREN & RUDY
1801 North Highland Ave.
Tampa, Florida 33602

John Kozyak, Esquire
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134

James L. Patton, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Bldg.
1000 West Street, 17th Floor
Wilmington, DE 19801

AMH-4129

Trevor W. Swett, Esquire
CAPLIN & DRYSDALE
One Thomas Circle, NW, Ste. 1100
Washington, DC 20005

Elihu Inselbuch, Esquire
CAPLIN & DRYSDALE
375 Park Ave., 35th Floor
New York, New York 10152-3500

Scott L. Baena, Esquire
BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
2500 Wachovia Financial Center
200 S. Biscayne Blvd.
Miami, Florida 33131

AMH-4130

EXHIBIT "A"

TO ORDER ON ASBESTOS SETTLEMENT TRUST'S
MOTION SEEKING INSTRUCTIONS REGARDING
PAYMENT OF FIFTY-TWO ASBESTOS PROPERTY
DAMAGE CLAIMS SUBMITTED BY ANDERSON
MEMORIAL HOSPITAL

AMH-4131

**ASBESTOS SETTLEMENT TRUST -- ANDERSON CLAIMANTS**  3/20/2008

**PAYMENTS TO BUILDING OWNERS AT 14.1% PAYMENT PERCENTAGE**

| Claim Number | Building Name | Total Allowed Costs | Amount for PD Claim at 14.1% Payment Percentage |
|---|---|---|---|
| 021-001B-001 | Alaska Psychiatric Institute | $2,240,900.52 | $315,966.97 |
| 021-005A-001 | Naugatuck Valley Mall | $132,050.00 | $18,619.05 |
| 021-006A-001 | Newington Crippled Children's Hospital | $2,111,122.74 | $297,668.31 |
| 021-007A-001 | Hartford National Bank (Fleet Bank Corporate Ser) | $3,677,077.14 | $518,467.88 |
| 021-007B-001 | Bay View Federal Savings & Loan | $1,353,090.20 | $190,785.72 |
| 021-008A-001 | Stauffer Chemical Company | $5,586,660.00 | $787,719.06 |
| 021-009B-001 | G.M. Heublein Building #12 | $557,423.50 | $78,596.71 |
| 021-010A-001 | The Equitable Building | $2,583,000.00 | $364,203.00 |
| 021-017A-001 | B'Nai Jeshashu Building | $488,235.38 | $68,841.19 |
| 021-017B-001 | Contracting Material Equipment | $199,883.20 | $28,183.53 |
| 021-022A-001 | State Street Bank Building | $26,114,991.07 | $3,682,213.74 |
| 021-024A-001 | Comsat Lab | $4,662,622.50 | $657,429.77 |
| 021-025A-001 | Stewart's Department Store | $1,691,700.02 | $238,529.70 |
| 021-026A-001 | Langley Professional Building | $2,985,690.02 | $420,982.29 |
| 021-030A-001 | Grace Hospital | $1,137,500.00 | $160,387.50 |
| 021-031A-001 | Commerce Towers | $309,960.00 | $43,704.36 |
| 021-036A-001 | Fairlawn Professional Center | $27,640.50 | $3,897.31 |
| 021-039A-001 | Thomas J. Lipton, Inc. Tea Plant | $94,080.00 | $13,265.28 |
| 021-043A-001 | Johnson & Johnson Administration Building - Johnson | $338,658.36 | $47,750.83 |
| 021-047A-001 | Howard Savings Institute - Valsburg Branch | $82,000.00 | $11,562.00 |
| 021-048A-001 | The United Methodist Church of Morristown | $126,280.00 | $17,805.48 |
| 021-051A-001 | King George Inn, Inc. | $91,888.80 | $12,956.32 |
| 021-052A-001 | AT & T Building/Country Club Towers | $1,140,750.00 | $160,845.75 |
| 021-054B-001 | Presbyterian Church of Jamesburg | $62,215.00 | $8,772.32 |
| 021-056A-001 | Clara Maas Hospital | $1,530,721.22 | $215,831.69 |
| 021-058A-001 | FP102 Building - Exxon Research | $4,168,080.50 | $587,699.35 |
| 021-071B-001 | Uris Building | $10,869,700.37 | $1,532,627.75 |
| 021-072A-001 | Crum & Forster Job | $4,676,109.99 | $659,331.51 |
| 021-084A-001 | Elm Place f/k/a First National Bank Building | $19,624,649.95 | $2,767,075.64 |
| 021-084B-001 | 880 Third Avenue Building (a/k/a 165 E. 53rd) | $2,078,843.50 | $293,116.93 |
| 021-088A-001 | Roanoke Memorial Hospital | $5,262,225.99 | $741,973.86 |
| 021-089A-001 | Springfield Operations Center - Washington Gas & Light | $4,452,317.51 | $627,776.77 |
| 021-090A-001 | Wythe County Hospital | $2,593,000.00 | $365,613.00 |
| 021-091A-001 | Building 400 - Lockheed Martin | $2,373,666.30 | $334,686.95 |
| 021-093A-001 | Bender Hygenic Laboratory | $457,560.00 | $64,515.96 |

AMH-4132

ASBESTOS SETTLEMENT TRUST – ANDERSON CLAIMANTS  3/20/2008

PAYMENTS TO BUILDING OWNERS AT 14.1% PAYMENT PERCENTAGE

| Claim Number | Building Name | Total Allowed Costs | Amount for PD Claim at 14.1% Payment Percentage |
|---|---|---|---|
| 021-096B-001 | Union Central Life Insurance Building | $7,627,244.98 | $1,075,441.54 |
| 021-097A-001 | Siegfried Construction Co. - Erie County Office | $13,105,629.48 | $1,847,893.76 |
| 021-105A-001 | Schulman Investors Building (a/k/a 104 Corporation) | $1,845,000.00 | $260,145.00 |
| 021-110A-001 | Episcopal Church Building | $2,735,948.30 | $385,768.71 |
| 021-112A-001 | Flatbush Federal Savings & Loan | $439,520.00 | $61,972.32 |
| 021-118A-001 | Lord & Taylor | $882,199.20 | $124,390.09 |
| 021-135A-001 | One Battery Park Plaza (24 State Street J) | $1,356,161.92 | $191,218.83 |
| 021-144A-001 | 127 John Street Building (a/k/a 200 Water Street) | $29,250,000.00 | $4,124,250.00 |
| 021-156A-001 | St. Charles Hospital and Rehabilitation Center | $480,500.00 | $67,750.50 |
| 021-158A-001 | Lever Brother Building | $610,002.31 | $86,010.33 |
| 021-180A-001 | St. Paul's Lutheran Church Fellowship Hall | $112,870.80 | $15,914.78 |
| 021-210A-001 | Jacksonville City Hall | $18,819.00 | $2,653.48 |
| 021-224A-001 | Tulsa Assembly Center | $664,832.00 | $93,741.31 |
| 021-306A-001 | Liberty National Building Complex | $6,575,070.00 | $927,084.87 |
| 021-309A-001 | One Liberty Plaza Building | $77,332,969.87 | $10,903,948.75 |
| 021-37B2-001 | New Orleans Public Service, Inc. - Market Street | $1,070,025.60 | $150,873.61 |
| 021-50A1-001 | Building 59 - Hoffman - La Roche Tower | $8,215,200.00 | $1,158,343.20 |
| | TOTAL | $268,204,287.74 | $37,816,804.57 |

AMH-4133

EXHIBIT "B"

TO ORDER ON ASBESTOS SETTLEMENT TRUST'S
MOTION SEEKING INSTRUCTIONS REGARDING
PAYMENT OF FIFTY-TWO ASBESTOS PROPERTY
DAMAGE CLAIMS SUBMITTED BY ANDERSON
MEMORIAL HOSPITAL

AMH-4134

costs, as well as your pro rata share of whatever escrow fee may be charged by the Escrow Agent as detailed in the enclosed Statement of Account.

As provided in the Order, you must countersign this letter in the signature block below and return it to me at the address provided above in order to receive payment.

By signing this letter, you (1) acknowledge and agree that you have received the Order and are bound by all of the terms and provisions set forth therein, and (2) agree and covenant that you will not sue the Trust, any present or former Trustees of the Trust, the Trust Advisory Committee, any present or former members of the Trust Advisory Committee, the present or former Legal Representative for Unknown Claimants, or any of their respective agents, representatives, successors, or assigns with respect to any matter covered by the Order. The Order releases and discharges all such persons from "any claims, demands, suits, or actions arising out of or relating to your Claim, including without limitation, any claim, demand, suit, or action for interest, delay damages, attorneys' fees, costs, or for compensation or money based on any future increase in the payment percentage, any alleged breach of duty, or any other ground whatsoever."

Please do not hesitate to call my office if you have any questions regarding this letter, the procedure for payment of your claim, or any the enclosed materials.

Very truly yours,


Daniel A. Speights

Enclosures: "Order on Asbestos Settlement Trust's Motion Seeking Instructions Regarding Payment of Fifty-Two Asbestos Property Damage Claims Submitted by Anderson Memorial Hospital"

Statement of Account


**ACKNOWLEDGED AND AGREED:**

[NAME OF ANDERSON CLAIMANT]

By executing this letter, the undersigned represents that he or she has due authority to execute this letter on behalf of the above-named claimant and that said claimant has full and complete authority to agree, and has agreed, to the terms set forth herein.

By: _____

Title: _____
Dated: _____

2

AMH-4135

## EXHIBIT "B" TO ORDER ON INSTRUCTIONS

[Letterhead of Speights & Runyan]

**NOTICE: THIS ACKNOWLEDGMENT LETTER MUST BE <u>SIGNED</u> BY YOU AND <u>RETURNED</u> TO THE LAW FIRM OF SPEIGHTS AND RUNYAN (ADDRESS ABOVE) IN ORDER TO RECEIVE PAYMENT ON YOUR CLAIM AGAINST THE CELOTEX ASBESTOS SETTLEMENT TRUST**

[Name of Claimant's Contact]
[Name of Anderson Claimant]
[Address of Anderson Claimant]

Dear [Name]:

I am writing in reference to the asbestos-related property-damage claim ("Claim") that has been asserted on your behalf with respect to the Celotex Corporation and Carey Canada, Inc. ("Debtors"). As you may recall, Anderson Memorial Hospital ("Anderson") filed a proof of claim in the Chapter 11 reorganization case of the Debtors on behalf of a putative class of which you were a member. The reorganization concluded in a confirmed plan of reorganization, which, among other things, approved the creation of the Celotex Asbestos Settlement Trust ("Trust") and certain Asbestos Property Damage Claims Resolution Procedures ("APDCRP"). Anderson proceeded, in its representative capacity, to file your Claim and those of other persons, with the Trust under the APDCRP. Between January 2002 and March 2004, the Asbestos Property Damage Claims Administrator established under the Plan ("PDCA") allowed your Claim and certain other claims filed by Anderson in its representative capacity. Upon allowance by the PDCA, Anderson submitted these Claims to the Trust for payment. The Trust disputed and declined to pay your Claim and other similar claims. This dispute gave rise to proceedings in the United States Bankruptcy Court for the Middle District of Florida ("**Anderson Dispute**").

I am pleased to report that the Anderson Dispute has been resolved pursuant to the "Order on Asbestos Settlement Trust's Motion Seeking Instructions Regarding Payment of Fifty-Two Asbestos Property Damage Claims Submitted by Anderson Memorial Hospital," which the Bankruptcy Court entered on March ____, 2008 ("Order"). A copy of the Order is enclosed.

The Order sets forth the procedure that will result in the payment of your claim as follows: (1) the Trust has transferred the money to pay your claim into an escrow account; (2) after you sign this letter as acknowledgement of your receipt of the Order and return it to our firm, we will forward your acknowledgement to counsel for the Trust; (3) the escrow agent will then release funds for your Claim into our firm's client trust account in the requisite amount; and (4) we will then promptly transfer to you the disbursement amount of the Claim (which includes a pro rata portion of any interest earned on the escrow account), less attorneys' fees and litigation

DOC# 301498

AMH-4136