IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | Hearing Date: April 14, 2015, at 10:00 a.m. |
| | ) | Objection Deadline: March 17, 2015 |

**MOTION FOR AN ORDER IMPLEMENTING THE PLAN'S DISCHARGE OF PREPETITION LITIGATION CLAIMS AND THE RELATED INJUNCTION WHERE CLAIMANTS DID NOT FILE PROOFS OF CLAIM**

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors") file this motion (the "Motion") requesting the Court enter an order in the form attached hereto as Exhibit A (the "Order") implementing the Plan's discharge and injunctive provisions as they relate to certain litigation in which one or more Reorganized Debtor entities were defendants and the non-Grace parties to such litigation failed to timely (or otherwise) file proofs of claim relating to that litigation and any claims arising therefrom or otherwise relating thereto (the "Prepetition Litigation Claims").[2]

In support of this Motion, the Reorganized Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the*

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

*District of Delaware*, dated February 29, 2012.[3] This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion are 11 U.S.C. §§ 502(a), 1141 & 1142, Fed. R. Bankr. P. 3003 & 3020 and Del. Bankr. L.R. 3003-1.

## BACKGROUND

3. On June 1 and June 8, 2001, the Debtors filed their statements of financial affairs ("SOFA") and schedules of assets and liabilities ("Schedules"). *Statement of Financial Affairs & Schedules with Summary & Declarations (Case No. 01-1139)* [Docket no. 376 filed on June 1, 2001] and *Statement of Financial Affairs & Schedules with Summary & Declarations (Case No. 01-1140)* [Docket nos. 426–467, filed on June 8, 2001]. The SOFAs listed the following litigation, in which one or more of the Debtors was named as a defendant:

| Caption | Court | Plaintiffs | Co-Defendants |
|---|---|---|---|
| *Falco et al. v. W. R. Grace & Co., et al.* (the "Falco/Prete Litigation") | Circuit Court for Pinellas County, Florida (the "Florida State Court") | Frank Falco and Roberta J. Prete (the "Falco/Prete Plaintiffs") | Timothy L. Fisher and Thomas J. Mommaerts (the "Falco/Prete Co-Defendants") |

4. The extracts from the SOFA are attached hereto as Exhibit B. The Falco/Prete Plaintiffs and Falco/Prete Co-Defendants were listed on Schedule F as having contingent, unliquidated claims. The relevant extracts of Schedule F are attached hereto as Exhibit C. On April 9, 2001, the Debtors filed a *Suggestion of Bankruptcy* in the Falco/Prete Litigation and served it on counsel for the Falco/Prete Plaintiffs. *See* Register of Actions, Case No. 99-00178-CI, dated as of February 23, 2015, attached hereto as Exhibit D (listing the same counsel for Falco and Prete); *See Suggestion of Bankruptcy*, attached hereto as Exhibit E.

---

[3] The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.  The Debtors served notice of the Schedules filing on counsel for the Falco/Prete Plaintiffs. *Declaration Of Service Regarding: 1. Claims Bar Date Notice Materials; 2. Grace Non-Asbestos Proof of Claim Form; 3. W.R. Grace and Co. Asbestos Property Damage Proof of Claim Form; and 4. W.R. Grace and Co. Asbestos Medical Monitoring Proof of Claim Form*, dated July 17, 2002 [Docket nos. 2382 – 2393] (the "Declaration of Service").

6.  The general bar date for prepetition unsecured claims was March 31, 2003 (the "Claims Bar Date"). *Order As to All Non-Asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof Of Claim Forms and (III) Approving Notice Program*, dated April 22, 2002 [Docket no. 1963] (the "Bar Date Order"). The Debtors served notice of the Claims Bar Date on counsel for the Falco/Prete Plantiffs. *See* Declaration of Service.

7.  To date, neither of the Falco/Prete Plaintiffs has filed a proof of claim in these chapter 11 cases, whether relating to the relevant Prepetition Litigation Claims or otherwise. *See Claims Register Dated 10/17/2013 in Alphabetical Order*, dated March 12, 2014 [Docket nos. 31847 & 31848].

8.  On February 3, 2014, the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11. *Notice of Occurrence of the Effective Date of the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace and Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732].

## RELIEF REQUESTED

9. The Reorganized Debtors request that the Court enter the Order substantially in the form attached hereto as Exhibit A, implementing the Plan's discharge and injunction provisions by discharging each of the Prepetition Litigation Claims pursuant to Plan Art. 8.1.1 and Bankruptcy Code §§ 524 & 1141, specifically enjoining the Falco/Prete Plaintiffs from prosecuting any such Prepetition Litigation Claims, whether in the Bankruptcy Court or in any other forum, authorizing the Reorganized Debtors to seek the dismissal with prejudice of each of the Prepetition Litigations and barring the Falco/Prete Plaintiffs from opposing such dismissal.

## ANALYSIS

10. Fed. R. Bankr. P. 3003(a) provides in relevant part:

> The schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be necessary for a creditor or equity security holder to file a proof of claim or interest except as provided in subdivision (c) (2) of this rule.

Fed. R. Bankr. P. 3003(a)(1) (2014). Fed. R. Bankr. P. 3003(c)(2) states:

> *Who must file.* Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

Fed. R. Bankr. P. 3003(c)(2) (2014).

11. The Falco/Prete Plaintiffs had actual, written notice of the General Bar Date, because it was served on their counsel. *See* Exhibit D, Register of Actions. The Falco/Prete Plaintiffs did not file any proofs of claim, whether relating to the Falco/Prete Litigation or otherwise. Therefore, they cannot be treated as creditors with respect to their respective Prepetition Litigation Claims.

12. Plan Art. 8.1.1 states in relevant part:

> Except as otherwise provided herein, on the Effective Date, all Claims, Plan Claims, and Demands against the Debtors and the Debtors in Possession shall be discharged. The Reorganized Debtors shall not be responsible for any obligations of the Debtors or the Debtors in Possession except those expressly assumed by the Reorganized Debtors pursuant to this Plan.

Each of the Prepetition Litigation Claims is therefore discharged pursuant to Plan Art. 8.1.1 and Bankruptcy Code §§ 524 & 1141. Plan Art. 8.1.1 further states in relevant part:

> With respect to any debts discharged by operation of law under Bankruptcy Code §§ 524(a) and 1141, the discharge of the Debtors operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the Debtors, whether or not the discharge of such debt is waived …

In other words, the Plan enjoins the Falco/Prete Plaintiffs from further pursuing their Prepetition Litigation Claims. The Reorganized Debtors therefore respectfully request the Court enter the Order substantially in the form attached hereto, authorizing the Reorganized Debtors to seek dismissal with prejudice of the Falco/Prete Litigation and enjoining the Falco/Prete Plaintiffs from opposing such dismissal.

## NO PREVIOUS MOTION

13. No previous motion for the relief sought herein has been made to this or any other court.

## NOTICE

14. Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service

and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) the counsel of record for the Falco/Prete Plaintiffs. In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors request the Court enter the Order in substantially the form attached hereto as <u>Exhibit A</u>: (i) Discharging Prepetition Litigation Claims; (ii) specifically enjoining the Falco/Prete Plaintiffs from prosecuting the Prepetition Litigation Claims; (iii) authorizing the Reorganized Debtors to seek the dismissal of the Falco/Prete Litigation with prejudice; (iv) enjoining the Falco/Prete Plaintiffs from opposing such dismissal; and (v) granting such other relief as may be appropriate.

Dated: February 27, 2015

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors