# EXHIBIT B

**Extracts of the Statement of Financial Affairs Relevant to the Prepetition Litigation**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

W. R. Grace & Co.– Conn.

          Debtor.

Case No. 01-01140

STATEMENT OF FINANCIAL AFFAIRS

**NOTE 1**: The Schedules and Statements have been prepared by the Debtor's Management and are unaudited. While management of the Debtor has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes in financial data contained in the Schedules and Statements and inadvertent errors or omissions may exist. To the extent the Debtor discovers additional information that may suggest a material difference, the Debtor will amend the Schedules and Statements to reflect such changes. Accordingly, the Debtor reserves all rights to amend its Schedules and Statements as may be necessary or appropriate.

**NOTE 2**: Unless otherwise indicated, all amounts are listed as of April 2, 2001 (the "Commencement Date"), the date that each Debtor commenced its chapter 11 case (collectively, the "Chapter 11 Cases").

**NOTE 3**: It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise indicated, net book values, rather than current market values, of the Debtor's interests in property are reflected on the Debtor's Schedules.

**NOTE 4**: The Debtors in the Chapter 11 Cases have made every effort to allocate assets among Debtor subsidiaries and affiliates based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of assets among Debtor subsidiaries and affiliates may change.

**NOTE 5**: The Debtors in the Chapter 11 Cases have made every effort to allocate liabilities between the prepetition and postpetition periods, as well as among Debtor subsidiaries and affiliates, based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods between Debtor subsidiaries and affiliates may change.

## SOFA 4a – Suits

In re: W.R. Grace & Co. – Conn. Debtor.     Case No. 01-01140

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OF DISPOSITION |
|---|---|---|---|
| Frank Falco and Roberta J. Prete v. W. R. Grace & Co., a Florida corporation, Timothy L. Fisher and Thomas J. Mommaerts Case No.: 99-1178-CI-20 | Personal injury | Circuit Court for Pinellas County, Florida, Circuit Civil Division | Pending |
| Reginald L. Davis v. W.R. Grace/Darex Case No.: 110A10107 | Discrimination charge | EEOC, Atlanta District Office, Atlanta, Georgia | Pending |
| TransAlta Utilities Corporation v. Grace Dearborn, Inc. and Eveready Industrial Services 88 Ltd. Case No.: 9501-07621 | Product liability | Court of Queen's Bench of Alberta, Judicial District of Calgary | Pending |
| Janie L. Morgan v. W.R. Grace & Co.-Conn. And Florida Phosphate Council, Inc. Case No.: G98-2034-08 | Property Damage | Circuit Court, Polk County, Florida | pending |
| W.R. Grace & Co. – Conn., Plaintiff v. Lampeter Joint Venture and Myron L. Kaufman, Defendants W.R. Grace & Co. – Conn., Third-Party Plaintiff, v. The Pep Boys-Manny, Moe & Jack, Third Party Defendants Case No.: 00-CV-4268 | Real Estate – Breach of contract | U.S. District Court, Eastern District of Pennsylvania | Pending |

FILED

2001 JUN -1 PM 3:59

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

W. R. Grace & Co.

        Debtor.

Case No. 01-01139

STATEMENT OF FINANCIAL AFFAIRS

**NOTE 1:** The Schedules and Statements have been prepared by the Debtor's Management and are unaudited. While management of the Debtor has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes in financial data contained in the Schedules and Statements and inadvertent errors or omissions may exist. To the extent the Debtor discovers additional information that may suggest a material difference, the Debtor will amend the Schedules and Statements to reflect such changes. Accordingly, the Debtor reserves all rights to amend its Schedules and Statements as may be necessary or appropriate.

**NOTE 2:** Unless otherwise indicated, all amounts are listed as of April 2, 2001 (the "Commencement Date"), the date that each Debtor commenced its chapter 11 case (collectively, the "Chapter 11 Cases").

**NOTE 3:** It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise indicated, net book values, rather than current market values, of the Debtor's interests in property are reflected on the Debtor's Schedules.

**NOTE 4:** The Debtors in the Chapter 11 Cases have made every effort to allocate assets among Debtor subsidiaries and affiliates based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of assets among Debtor subsidiaries and affiliates may change.

**NOTE 5:** The Debtors in the Chapter 11 Cases have made every effort to allocate liabilities between the prepetition and postpetition periods, as well as among Debtor subsidiaries and affiliates, based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods between Debtor subsidiaries and affiliates may change.

367

## SOFA-4a -- Suits

In re: W.R. Grace & Co. Debtor.   Case No. 01-01139

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OF DISPOSITION |
|---|---|---|---|
| Tri-State Generation & Transmission, Inc. and Western Fuels-Colorado, v. Colowyo Coal Company, L.P.; Colowyo Coal Company; Gracoal, Inc.; Gracoal II, Inc.; W.R. Grace & Co., et al. Civil Action No. 97-CV-97 | Mining royalty litigation | District Court of Moffat, State of Colorado | Settled |
| William C. Baker, Eber E. Jaques, Bradford H. Miller, Montgomery R. Fisher, Sharon R. Ormsbee, Marilyn Rea, The Fisher Trust v. Del Taco, Inc.; W. R. Grace & Co.; Creative Food 'N Fun Company, Del Taco, Inc., et al Case No. 758512 | Contract litigation | Superior Court, Orange County, California | Pending |
| Frank Falco and Roberta J. Prete v. W. R. Grace & Co., a Florida corporation, Timothy L. Fisher and Thomas J. Mommaerts Case No.: 99-1178-CI-20 | Personal injury | Circuit Court for Pinellas County, Florida, Circuit Civil Division | Pending |
| Cary G. Youpee, et al v. Murphy Oil USA, Inc., Grace Petroleum Docket: V98108BLGJD | Environmental/ Indemnification | United States District Court, Billings Division, Montana | Pending |