IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (KJC) |
| ) | (Jointly Administered) |
| Reorganized Debtors. ) | |
| ) | Re docket no. 32497 |
| ) | Hearing Agenda item no. 7 |

**ORDER LIFTING INJUNCTION IN PREPETITION LITIGATION CAPTIONED, <u>TIG INSURANCE COMPANY V. GARY SMOLKER, ET AL.</u>, CASE NO. BC 173952 (LOS ANGELES COUNTY SUP. CT.) (JANAVS, J.) (SUBSTANTIVE OBJECTION)**

Upon consideration of the *Thirty-Seventh Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, <u>TIG Insurance Company v. Gary Smolker, et al.</u>, Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)* (the "<u>Claims Objection</u>"), and it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties-in-interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "<u>Grace</u>") and W. R. Grace & Co.-Conn. ("<u>Grace-Conn.</u>").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Claims Objection or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.*

1. The Claims Objection is granted solely to the extent that the injunction set forth in Plan § 8.1.1 is lifted, and the litigation captioned, *TIG Insurance Company v. Gary Smolker, et al.*, Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (the "California State Court Litigation") may proceed to judgment.

2. The objection set forth in the Claims Objection remain pending.

3. The Reorganized Debtors have leave to supplement the Claims Objection or file further objections to the claims list in Exhibit I hereto.

4. Notice of the Claims Objection as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the allowance, or disallowance, as the case may be, of the Claims.

6. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: March 4, 2015

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge

---

*R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (the "Plan").