1  UNITED STATES BANKRUPTCY COURT

2  DISTRICT OF DELAWARE

3  Case No. 01-01139(KJC)

4  (Jointly Administered)

5  - - - - - - - - - - - - - - - - - - - - - - - - - - x

6  In the Matter of:

7

8  W.R. GRACE & CO., ET AL.,

9           Reorganized Debtors.

10

11  - - - - - - - - - - - - - - - - - - - - - - - - - - x

12  ADV. PROC. NO.:  14-50867 (KJC)

13  RALPH HUTT AND CARL OSBORN,

14           Plaintiffs,

15  v.

16  MARYLAND CASUALTY COMPANY,

17           Defendant.

18  - - - - - - - - - - - - - - - - - - - - - - - - - - x

19

20

21

22

23

24

25

1                    United States Bankruptcy Court

2                    824 North Market Street

3                    Wilmington, Delaware

4

5                    March 4, 2015

6                    9:59 a.m.

7

8    B E F O R E :

9    HON KEVIN J. CAREY

10   U.S. BANKRUPTCY JUDGE

11

12   ECR OPERATOR:  AL LUGANO

13

14

15

16

17

18

19

20

21

22

23

24

25

1    Amended Debtors' Twenty-Fifth Omnibus Objection to Claims

2    (Substantive and Non-Substantive) [Filed: 8/26/08] (Docket

3    No. 19378)

4

5    Reorganized Debtors' Objection to the Remaining Claims of

6    the Internal Revenue Service (Substantive) [Filed: 4/22/14]

7    (Docket No. 32036)

8

9    Debtors' Objection to the Proof of Claim Filed by Norfolk

10   Southern Railway Company [Filed 7/20/09] (Docket No. 22553)

11

12   Anderson Memorial Hospital's Motion to Alter or Amend Order

13   Denying Motion for Class Certification and for Entry of

14   Scheduling Order and Granting Related Relief [Filed 3/5/14]

15   (Docket No. 31812)

16

17   Motion Requesting Entry of an Order: (A) Filing Joint

18   Defense Agreement Under Seal; and (B) Applying the

19   Protective Provisions of Fed. R. Evid. 502 Thereto [Filed:

20   2/3/15] (Docket No. 32499)

21

22

23

24

25

1   Thirty-Sixth Omnibus Objection to Certain Claims Filed

2   Regarding Prepetition Litigation Captioned, Estate of

3   Jeffrey B. Chwala, et al., vs. TEC (Thermal Emission

4   Control), et al., Case No. 2002cv000495 (Eau Claire County

5   Wisconsin 2002) (Substantive Objection) [Filed: 1/30/15]

6   (Docket No. 32496)

7

8   Thirty-Seventh Omnibus Objection to Certain Claims Filed

9   Regarding Prepetition Litigation Captioned, TIG Insurance

10   Company v. Gary Smolker, et al., Case No. BC 173952 (Los

11   Angeles County Sup. Ct.) (Janavs, J.) (Substantive

12   Objection) [Filed: 1/30/15] (Docket No. 32497)

13

14   Adversary Complaint (Ralph Hutt and Carl Osborn v. Maryland

15   Casualty Company [Filed: 6/13/11] (Adv. Pro. No.: 14-50867,

16   Docket No. 1)

17

18

19

20

21

22

23

24

25   Transcribed by:  Sherri L. Breach, CERT*D-397

```
 1   A P P E A R A N C E S :

 2   PACHULSKI STANG ZIEHL & JONES, LLP

 3        Co-Counsel for Reorganized Debtors

 4        919 North Market Street, 17th Floor

 5        Wilmington, Delaware 19899

 6

 7   BY:  JAMES E. O'NEILL, ESQ.

 8

 9   MURTHA CULLINA

10        Attorneys for Plaintiffs

11        99 High Street, 20th Floor

12        Boston, Massachusetts 02110

13

14   BY:  DANIEL C. COHN, ESQ.

15

16   GELLERT SCALI BUSENKELL & BROWN

17        Attorneys for Plaintiffs

18        913 North Market Street

19        Wilmington, Delaware 19801

20

21   BY:  MICHAEL BUSENKELL, ESQ.

22

23

24

25
```

1   ECKERT SEAMANS

2        Attorneys for Maryland Casualty Company

3        1717 Pennsylvania Avenue, N.W.

4        12th Floor

5        Washington, DC 20006

6

7   BY:  EDWARD J. LONGOSZ, II, ESQ.

8

9   CONNOLLY GALLAGHER, LLP

10       Attorneys for Maryland Casualty Company

11       The Brandywine Building

12       1000 West Street, 14th Floor

13       Wilmington, Delaware 19801

14

15  BY:  JEFFREY C. WISLER, ESQ.

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2           THE CLERK:  All rise.

3           Be seated, please.

4           THE COURT:  Good morning, all.

5       (A chorus of good morning)

6           MR. O'NEILL:  Good morning, Your Honor.  James

7    O'Neill, Pachulski, Stang, Ziehl & Jones on behalf of the

8    reorganized debtors, Grace.

9           Your Honor, we have a few items on our agenda

10   today.  Thank you very much for considering Number 5 on the

11   agenda, and I do see that an order was entered on that.

12          Next, Your Honor, Item Number 6 and 7 are two

13   omnibus claim objections related to long-standing State

14   Court litigation.  Item Number 6 is the thirty-sixth omnibus

15   objection filed regarding pre-petition litigation from the

16   estate of Jeffrey Chwala.

17          Your Honor, with this objection, this objected to

18   four claims which have been filed based on long-standing

19   State Court litigation.  We filed the objection and served

20   the objection.  We filed with an alternative form of order

21   depending on whether there were any responses or whether

22   there weren't responses.

23          Your Honor, there were no responses to this

24   objection.  Given the way that the objection deadline fell,

25   we couldn't file a CNO because it was just too close.  So

1    we've prepared a revised form of order which grants the

2    relief requested regarding disallowance of the four claims

3    and I am -- I have that here and I'm happy to hand it up to

4    Your Honor if Your Honor will entertain it.

5             THE COURT:  If you please.

6        (Pause)

7             MR. O'NEILL:  May I approach?

8             THE COURT:  You may.

9        (Pause)

10            MR. O'NEILL:  Thank you very much, Your Honor.  I

11   have handed up a clean and a blackline with the order.  And

12   as the Court can see from reviewing the blackline we've

13   taken out the alternative language and are requesting that

14   the Court enter orders disallowing the four claims.  There's

15   an exhibit attached to the form of order which identifies

16   the four claims.

17            THE COURT:  All right.  Let me ask for the record

18   if anyone else wishes to be heard in connection with this

19   matter?

20            I hear no response.

21            I've reviewed the submissions and don't have any

22   questions.  I'm prepared to grant the relief that's been

23   requested.

24            That order has been signed.

25            MR. O'NEILL:  Thank you very much, Your Honor.

1          Moving to Item 7 on the agenda, this was a similar

2     situation, long-standing State Court litigation, and we

3     filed the motion objecting to claims, again, in the

4     alternative depending on whether there was a response or

5     not.  In this instance, Your Honor, we did file -- we did

6     receive responses from Mr. Smolker.  Mr. Smolker has

7     consented to the relief that we've requested in the

8     alternative for leave to allow the pending litigation to

9     proceed.

10          THE COURT:  He seems very happy with that result.

11          MR. O'NEILL:  He does seem very happy with it.

12          So in this instance, Your Honor, we revised the

13     order to remove the disallowing language and to reflect

14     leave from this Court to allow the State Court litigation to

15     proceed.  And I have a revised form of order and a

16     blackline.

17          May I approach and hand it up?

18          THE COURT:  You may.

19      (Pause)

20          THE COURT:  Thank you.

21          I'll ask for the record if anyone else wishes to

22     be heard in connection with this matter.

23          I hear no response.

24          I've reviewed the submissions, don't have any

25     questions.  And it appears from the response that the relief

1    that's requested has been consented to.  That order has been

2    signed.

3              MR. O'NEILL:  Thank you very much, Your Honor.

4              Moving to Item 8 on our agenda, Your Honor, this

5    is a pretrial conference in Adversary Proceeding Number 14-

6    50867, Ralph Hutt and Carl Osborn versus Maryland Casualty

7    Company.

8              Your Honor, Grace is not a party to this action,

9    but counsel for the parties is in the courtroom and I'll

10   yield the podium to them for the purpose of the pretrial

11   conference.

12             THE COURT:  Very well.

13             MR. BUSENKELL:  Good morning, Your Honor.  Michael

14   Busenkell of Gellert, Scali, Busenkell & Brown on behalf of

15   the plaintiffs.  With me in the courtroom today is Mr.

16   Daniel Cohn of the Murtha Cullina Law Firm.  I will turn the

17   podium over to him for purposes of the pretrial conference.

18             THE COURT:  Very well.

19             MR. COHN:  Good morning, Your Honor.  Daniel Cohn

20   for the plaintiffs in the adversary proceeding.

21             This is perhaps not your usual adversary

22   proceeding.

23             THE COURT:  No.  I read the complaint.

24             MR. COHN:  But the good thing is, Your Honor, that

25   Mr. Longosz, representing Maryland Casualty, which is the

1    defendant, and I are in discussions and I think we're --

2    we're headed toward a consensual procedural order on how we

3    would like to proceed.

4           The -- we both believe that it is likely that the

5    case can be disposed of on cross-motions for summary

6    judgment.

7           THE COURT:  I figured.  I was actually a bit

8    surprised that an answer was filed instead of a motion to

9    dismiss, but I suppose there's a reason for that.

10          MR. COHN:  Well, we are proceeding with some

11   informal discovery and I think that Maryland Casualty just

12   wants to confirm some facts about the particular plaintiffs.

13   But I think I'll be able to satisfy them in that regard.  I

14   need some insurance policies from them.  I think they're

15   going to be able to supply those.

16          So we would expect that after, you know, some

17   short informal discovery that we'll have all that we

18   respectively need in order to proceed by cross-motions for

19   summary judgment.  And we've agreed that the deadlines for

20   those motions, with your consent, Your Honor, would be June

21   5th.

22          The -- and, of course, there would then be an

23   opportunity for each of us to respond to the other side's

24   motion.

25          THE COURT:  So that's fine so long as the parties

1   conclude their discovery by that time so that I'm not faced

2   with any argument that the summary judgment motion stage

3   that there's -- there's more yet to be done or there's

4   something lacking.  I'm assuming you're teeing it up in that

5   way.

6           MR. COHN:  Well, yes and no.  There are two

7   reservations on that.

8           One is that just to make sure that we each get

9   what we need in informal discovery, we're at least in theory

10  reserving the right to say there's some unresolved issue of

11  material fact.  But we both expect that we'll be able to get

12  what we need in informal discovery so that that won't be a

13  problem.

14          The second reservation, Your Honor, is that if you

15  were -- we don't think it likely, but if you were to deny

16  both cross-motions and say that in your view there was some

17  issue of fact that needed to be resolved, then we're open to

18  the full -- full pretrial process at that point which would

19  include discovery, another round potentially of dispositive

20  motions and so on.

21          But with that having been said, we think the

22  likely course here is going to be that we are able to

23  present you with cross-motions that you will feel that you

24  can grant or deny without -- without needing to reserve on

25  issues of fact.

1           THE COURT:  All right.  Have the parties discussed

2    whether I can enter a final order on this matter or whether

3    it's one in which I need to make proposed findings and

4    conclusions for the benefit of the District Court.

5           MR. COHN:  We have not, Your Honor.

6           THE COURT:  Would you do so?

7           MR. COHN:  Yes, Your Honor.

8           THE COURT:  And if you can agree, that's fine.  If

9    not, please let me know that as well.

10          MR. COHN:  All right.  With summary judgment, Your

11   Honor --

12          THE COURT:  Because as you know it matters not to

13   me.  It's just -- it's just how I title the --

14          MR. COHN:  Right.

15          THE COURT:  -- the decision, that's all.

16          MR. COHN:  I realize that.  And it's -- it's

17   entirely a technical matter in the sense that since a

18   summary judgment is a ruling of law anyway, there's no

19   difference in the standard whereby the District Court would

20   rule anyway.

21          So -- but as -- just as a technical matter we'll

22   make sure that we dispose of that in some clear way so that

23   the issue is not reserved by anybody.

24          THE COURT:  Okay.

25          MR. COHN:  Great.

1          THE COURT:  Thank you.

2          MR. COHN:  And then the only other thing I wanted

3    to add is that we are in -- and we've agreed to disagree in

4    the sense that we don't -- we don't think that mediation

5    would be productive.  It's this -- we've long known about

6    this dispute.  It was, in fact, talked about in the context

7    of confirmation of the plan.  And these are -- while these

8    are two plaintiffs who are suing, there are others who have

9    similar claims.

10         And so this is a pretty big deal for both the --

11   this group of plaintiffs and also for Maryland Casualty

12   Company.  And also I might -- I understand that CNA, another

13   insurance company, is appearing telephonically here.  And so

14   they may have something to say about the potential affect on

15   them.  So it's a big deal, Your Honor, and I -- we don't

16   think that mediation would be productive.

17         THE COURT:  All right.  You've anticipated one

18   other issue that I did want to talk about.  And normally, as

19   you might know, I do press the parties to go to mediation.

20   But based on what you're telling me I'm not inclined to do

21   that at this point.  But I reserve the right --

22         MR. COHN:  All right.

23         THE COURT:  -- to twist an arm or two at some

24   point down the road if that becomes appropriate.

25         MR. COHN:  Terrific.

1          THE COURT:  All right.  Thank you.

2          MR. COHN:  Thank you.

3          THE COURT:  Does the defendant wish to be heard?

4          MR. WISLER:  Yes, Your Honor.  Good morning.

5    Jeffrey Wisler from Connolly Gallagher on behalf of Maryland

6    Casualty Company.

7          Your Honor, I want to introduce my co-counsel,

8    Edward Longosz from Eckert Seamans.  Mr. Longosz's pro hac

9    motion, I think, was granted when I was in my 30s, quite a

10   while ago in this case.

11      (Laughter)

12          MR. WISLER:  Before Mr. Longosz comes to the

13   podium, I wanted to point out that the complaint did not

14   include the allegation about core, non-core and final

15   orders.  Our answer did and we did -- we believe the

16   Bankruptcy Court has jurisdiction to enter a final order and

17   we consented to that in our answer.

18          THE COURT:  All right.  Thank you.

19          MR. LONGOSZ:  Your Honor, thank you.  Ed Longosz

20   on behalf of Maryland Casualty.

21          I echo the comments made by counsel with respect

22   to the schedule.  One of the things, so the Court knows,

23   with respect to the informal discovery is that we are

24   reserving the right, and the parties have done that, to

25   utilize the hearing transcripts and discovery and documents

1    and exhibits that were proffered to the Court and accepted

2    by the Court in the underlying confirmation hearing.  And I

3    think that's how we're able to package this in a neat form

4    and in a timely manner such that we don't need six months or

5    nine months out to be able to do this and not re-invent the

6    wheel.

7            THE COURT:  All right.  Well, make sure those are

8    -- since I wasn't the judge at the time -- included in the

9    notice of completion of briefing binders.

10           MR. LONGOSZ:  We will make sure.  Obviously, Your

11   Honor.

12           And then the only other thing is knowing that we

13   do -- the dispositive motion may or may not be dispositive

14   of all issues, and while there's wishful thinking on both

15   our parts we're going to defer to the Court to review the

16   briefs and see if anything survives from this and then have

17   that period of time.

18           So while this may be a dispositive motion and I

19   could dispose of the case, there may be an additional

20   dispositive motion down the road if the Court feels that

21   there's some other issues that have to be resolved either

22   through discovery or otherwise.

23           THE COURT:  All right.  Well, so that you know my

24   practice is to, once the papers are finished and submitted,

25   then schedule a hearing for oral argument, and whether the

1   parties ask for it here or not I anticipate that I will

2   given the nature of the dispute.  And I pick that date to

3   give me enough time to prepare for the argument.  So we'll

4   address that when the time comes.

5           In terms of the order I'll await submission of an

6   order, proposed order under certification and, you know,

7   within reason I'll accommodate the parties' request.

8           Okay.  Is there anything more to be discussed in

9   that -- in this matter?

10          MR. LONGOSZ:  Judge, do you need to see us again

11  at the next scheduled omnibus or the one thereafter in June,

12  just from a catch up standpoint so to let the Court know if

13  there's any issues or any things that come up?

14          THE COURT:  Let's put it this way.  If you feel

15  like there's a need to talk to me or if I feel the same,

16  I'll let you know.  But --

17          MR. LONGOSZ:  Thank you.

18          THE COURT:  -- if everything is going along

19  swimmingly you're welcome not to schedule this for a status.

20          MR. LONGOSZ:  Thank you.

21          THE COURT:  But if you need it, please do so.

22          Is there anything further for today?

23          MR. O'NEILL:  No, Your Honor.  I would note that

24  we did receive a message regarding the date change from

25  April 14th to April 15th for our next hearing date and we

1    have confirmed with the Anderson Memorial parties who had a

2    motion that has been scheduled for quite some time.  But

3    they are amenable to that time, and so -- and I saw Your

4    Honor also entered the order on the Anderson Memorial

5    stipulation and in the order you corrected the time to the

6    -- or the date to the 15th.

7            THE COURT:  That's right --

8            MR. O'NEILL:  So --

9            THE COURT:  -- at 10:00.

10           MR. O'NEILL:  Correct.  So the next time that we

11   are before you will be April 15th at 10:00 a.m. and that

12   will be the day that the Anderson Memorial motion will be

13   heard.

14           THE COURT:  I shall await the day with great

15   anticipation.

16       (Laughter)

17           MR. O'NEILL:  Well, we appreciate Your Honor's

18   efforts with scheduling on that.  There are a number of

19   parties involved, so luckily it worked out.

20           And that's all we have for today.

21           THE COURT:  All right.  Thank you all very much.

22   That concludes this hearing.  Court will stand adjourned.

23       (A chorus of thank you)

24       (Whereupon, these proceedings were concluded at 10:13

25   a.m.)

1                          I N D E X

2

3                          RULINGS

4    DESCRIPTION                              PAGE     LINE

5    Thirty-Sixth Omnibus Objection to Certain

6    Claims Filed Regarding Prepetition Litigation

7    Captioned, Estate of Jeffrey B. Chwala, et

8    al., vs. TEC (Thermal Emission Control), et

9    al., Case No. 2002cv000495 (Eau Claire County

10   Wisconsin 2002) (Substantive Objection)      8       21

11

12

13   Thirty-Seventh Omnibus Objection to Certain

14   Claims Filed Regarding Prepetition Litigation

15   Captioned, TIG Insurance Company v. Gary

16   Smolker, et al., Case No. BC 173952 (Los

17   Angeles County Sup. Ct.) (Janavs, J.)

18   (Substantive Objection)                     10        1

19

20

21

22

23

24

25

1               C E R T I F I C A T I O N

2

3    I, Sherri L. Breach, CERT*D-397, certified that the

4    foregoing transcript is a true and accurate record of the

5    proceedings.

6

7    Sherri L Breach

     Digitally signed by Sherri L Breach
     DN: cn=Sherri L Breach, o, ou,
     email=digital1@veritext.com,
     c=US
     Date: 2015.03.05 14:55:35 -05'00'

8    _____

9    Sherri L. Breach

10   AAERT Certified Electronic Reporter & Transcriber CERT*D-397

11

12   Veritext Legal Solutions

13   200 Old Country Road

14   Suite 580

15   Mineola, New York 11501

16

17   DATE:  March 5, 2015

18

19

20

21

22

23

24

25