# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) **Hearing Date: April 15, 2015, at 10:00 a.m.** |
|  | ) **Objection Deadline: March 25, 2015** |
|  | ) |

## MOTION REQUESTING ENTRY OF A PROTECTIVE ORDER AUTHORIZING THE REORGANIZED DEBTORS TO FILE UNDER SEAL CERTAIN EXHIBITS TO AND THE MEMORANDUM OF LAW IN SUPPORT OF THE OBJECTION TO CLAIM NO. 4242, FILED BY CUMMINGS PROPERTIES, LLC (SUBSTANTIVE OBJECTION), UNDER SEAL

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors" or "Grace") file this motion (the "Seal Motion") requesting the Court enter an order, substantially in the form attached hereto as Exhibit A (the "Seal Order"), authorizing the Reorganized Debtors to file under seal certain "Confidential Documents," which comprise : (a) Claim no. 4242 (the "Cummings Claim," which is attached as Exhibit A to the *Objection to Claim No. 4242, Filed by Cummings Properties, LLC (Substantive Objection)* (the "Cummings Objection")); (b) the *Memorandum of Law Supporting the Objection to Claim No. 4242, Filed by Cummings Properties, LLC (Substantive Objection)* (the "Memorandum of Law", attached as Exhibit B to the Cummings Objection); and (c) the *Declaration of Robert J. Medler in Support of the Objection to Claim No. 4242, Filed by Cummings Properties, LLC (Substantive Objection)* (the "Medler Declaration," attached as Exhibit C to the Cummings Objection). The Reorganized

---

[1]     The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

Debtors are seeking in the Cummings Objection this Court's entry of an order disallowing the Cummings Claim.[2]

Under the order the Reorganized Debtors seek, the claimant Cummings Properties, LLC ("Cummings") and UniFirst Corporation ("UniFirst") shall be permitted to view the Confidential Documents. The United States Trustee shall be permitted to view the Confidential Documents upon request. The Reorganized Debtors also propose procedures by which other parties may view the Confidential Documents (if necessary) and further propose that hearings involving the Cummings Objection or the Cummings Claim (or otherwise have the information contained in the Confidential Documents as their subject matter) be held *in camera*. The Reorganized Debtors further request the Court find that filing the Confidential Documents under seal does not constitute a breach of contract by the Reorganized Debtors.

In support of the Seal Motion, the Reorganized Debtors respectfully state as follows:

### JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.    The predicates for the Seal Motion are sections 105(a) and 107(b) of the Bankruptcy Code, Fed. R. Bankr. P. 3007, Fed. R. Bankr. P. 5001(b), Fed. R. Bankr. P. 9018, Del. Bankr. L.R. 3007-1 and Del. Bankr. L.R. 9018-1.

---

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may, the Cummings Objection, the Memorandum of Law, the Medler Declaration or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

## BACKGROUND

3.     The Cummings Claim contains certain information, the existence and terms of which Cummings, UniFirst and Grace-Conn. are contractually bound to keep confidential. If one of those three parties wishes to disclose that information, that party must first obtain the express written consent of the other two parties, which is not to be unreasonably withheld. As required by Del. Bankr. L.R. 3007-1, the Cummings Claim is an exhibit to the Objection.    The Memorandum of Law and the Medler Declaration refer so extensively to the confidential information at issue as to render the option of redacting it impracticable.

## RELIEF REQUESTED

4.     By the Seal Motion, the Reorganized Debtors seek entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Fed. R. Bankr. P. 3007, Fed. R. Bankr. P. 9018, Del. Bankr. L.R. 3007-1 and Del. Bankr. L. R. 9018-1, authorizing them to file the Confidential Documents under seal in order to maintain the confidentiality of the existence and terms of certain information. The Reorganized Debtors are filing the Seal Motion pursuant to Fed. R. Bankr. P. 9018 and Local Rule 9018-1(b), which provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1 (b).

## ANALYSIS

### I.    SECTION 107(B) AND FED. R. BANKR. P. 9018 REQUIRE FILING THE CUMMINGS OBJECTION UNDER SEAL

5.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on
> the bankruptcy court's own motion, the bankruptcy court may:  (1)

protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C § 107(b); *see also* Fed. R. Bankr. P. 9018.[3]  Section 107(b)(1) and Fed. R. Bankr. P. 9018 thus require courts to protect confidential commercial information.  *In re Frontier Group, LLC*, 256 RR. 771, 773 (Bankr. E.D. Tenn. 2000).

6.     Indeed, unlike their Fed. R. Civ. P. 26 counterpart, section 107(b) of the Bankruptcy Code and Fed. R. Bankr. P. 9018 do not require an entity seeking such protection to demonstrate "good cause."  *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion*, 21 F.3d at 27.  Finally, granting a sealing order is well within this Court's power—and discretion—as long as the requirements set forth in section 107(b) and Fed. R. Bankr. P. 9018 have been met.  *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

A.     **Confidential Documents Should Be Filed Under Seal**

7.     Courts have recognized that information is "commercial information" within the meaning of Bankruptcy Code section 107(b) if the disclosure of such information would be reasonably expected to cause commercial injury.  *Orion*, 21 F.3d at 27; *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006).  Pleadings that refer to or analyze such

---

[3]    Fed. R. Bankr. P. 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, providing in relevant part that:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information ...

Fed. R. Bankr. P. 9018.

information also contain confidential information. The Reorganized Debtors submit that disclosure of the confidential information at issue without the prior written consent of UniFirst and Cummings could result in Grace-Conn. breaching a material contractual obligation—which by definition would cause a commercial injury. *See Global Crossing*, 295 B.R. at 725 ("the whole point of ... [Bankruptcy Code section 107(b) and Fed. R. Bankr. P. 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Other commercial injury could also result from third parties having knowledge of the existence of the information and matters relating thereto. The Cummings Claim contains the information at issue, and the Memorandum of Law and Medler Declaration both refer so extensively to this information that it would be impracticable to meaningfully redact those documents. Finally, the Cummings Objection itself will be filed on the open docket (albeit without reference to the confidential information at issue), thereby giving notice of the objection and the requested relief to all interested parties. For these reasons, the Confidential Documents should be filed under seal, subject to the proposed procedures set forth below. *In re 50-Off Stores*, 213 B.R. 646, 656 (Bankr. W.D. Tex. 1997) (bankruptcy court should grant relief sought under Bankruptcy Code section 107(b) before substantial injury to the asset being protected is incurred).

**B.    Hearings Should Be Held *In Camera***

8.    Fed. R. Bankr. P. 5001(b) provides in relevant part that "All trials and hearings shall be conducted in open court and so far as convenient in a regular court room." But when confidential information is filed under seal, then Fed. R. Bankr. P. 9018 will trump Fed. R. Bankr. P. 5001(b) to require hearings that would reveal such information if held in open court be held *in camera*. *Global Crossing*, 295 B.R. at 724. Such is the case here. Any hearing, whether as to the adjudication of the Cummings Objection or the resolution of this Seal Motion or in any

other setting wherein the confidential information at issue would be revealed, will necessitate revealing the existence of the confidential information at issue. The Reorganized Debtors therefore respectfully submit that all such hearings should be held *in camera. Id.*

**C.    Proposed Procedures for the Limited Disclosure of Confidential Documents**

9.    The Reorganized Debtors propose to furnish copies of the Confidential Documents to Cummings and UniFirst, as they are entitled to see it. The United States Trustee shall be permitted to view the Confidential Documents upon request. The Reorganized Debtors also propose that, to the extent that any other party requests to view the Confidential Documents, they will evaluate any such request and in their discretion seek the express written consent of Cummings and UniFirst prior to making the Confidential Documents available to any such party; *provided* that, if any of the Reorganized Debtors, Cummings or UniFirst decline to permit any such party to be provided with a copy of the Confidential Documents, then that party may make a motion to this Court requesting such access, and any of the Reorganized Debtors, Cummings and UniFirst may oppose any such motion. The Reorganized Debtors further propose that for the reasons discussed above, any hearing on the status or resolution of the Cummings Objection or to hear any motion by a party requesting access to the Confidential Documents shall be held *in camera.*

**D.    Conclusion**

10.    The Reorganized Debtors respectfully submit that these procedures satisfy the requirements of Del. Bankr. L. R. 9018-1 and will carefully balance due process and the right to access to public records with the contractual requirement that the Reorganized Debtors keep the existence and terms of the information at issue confidential. Furthermore, because Bankruptcy Code section 107(b) is designed to preserve the confidentiality of information such as that at issue here, the filing of the Confidential Documents and the procedures set forth herein cannot

result in the Reorganized Debtors having somehow breached their contractual obligation to keep the existence and terms of the information confidential. *See In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 431 (S.D.N.Y. 1993) ("no-one would bother to sign on to a confidentiality stipulation if it had no lasting effect"); *Bergen Brunswig Corp. v. IVAX Corp.*, 1998 U.S. Dist. LEXIS 3045, (S.D.N.Y. Mar. 11, 1998) (same); *Orion*, 21 F.3d at 28 ("Disclosing a limited amount of information in opposition to the motion to unseal the agreement, information designed to rebut VSDA's allegations of misconduct, did not waive the protection of § 107(b)"); *In re Hawker Beechcraft, Inc.*, 486 B.R. 264, 278 (Bankr. S.D.N.Y. 2013) ("failure to … maintain the confidentiality of the terms and conditions of [the agreement]… would constitute material breach"); *Rivera v. Sharp*, 2010 U.S. Dist. LEXIS 62556, 8  (D.V.I. June 21, 2010) (By "filing the Motion to Enforce Settlement unsealed, Plaintiff breached the confidentiality provision of the settlement agreement").

11.    For these reasons, the Reorganized Debtors respectfully request the Court enter the Seal Order, permitting the Reorganized Debtors to file the Confidential Documents under seal.

## No Previous Motion

12.    No previous motion for the relief sought herein has been made to this or any other court.

## Notice

13.    Notice of the Seal Motion has been given to:  (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service

and notice of papers in accordance with Fed. R. Bankr. P. 2002; (ix) the Environmental Protection Agency and U.S. EPA Region I; (x) UniFirst Corporation; and (xi) Claimant. In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors respectfully request the Court enter the Seal Order: (i) authorizing the Reorganized Debtors to file the Confidential Documents under seal; (ii) approving the related procedures proposed herein; and (iii) granting such other relief as may be appropriate.

Dated:  March 6, 2015

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

And

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors