## EXHIBIT A

**Form of Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & CO., et al.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 01-01139 (KJC)<br>) (Jointly Administered)<br>)<br>) Re docket no. _____<br>) Hearing Agenda item no. _____<br>) |

## PROTECTIVE ORDER AUTHORIZING THE REORGANIZED DEBTORS TO FILE THE OBJECTION TO CLAIM NO. 4242, FILED BY CUMMINGS PROPERTIES, LLC (SUBSTANTIVE OBJECTION), UNDER SEAL

Upon consideration of the *Motion Requesting Entry of a Protective Order Authorizing the Reorganized Debtors to File Under Seal Certain Exhibits to and the Memorandum of Law in Support of the Objection to Claim No. 4242, Filed by Cummings Properties, LLC (Substantive Objection), Under Seal* (the "Seal Motion) it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Seal Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Seal Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Seal Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may, the Cummings Claim, the *Objection to Claim No. 4242, Filed by Cummings Properties, LLC (Substantive Objection)*, (the "Cummings Objection"), the Memorandum of Law Supporting the Cummings Objection, or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

DOCS_DE:198647.1 91100/001

1. The Seal Motion is granted in its entirety.

2. The Reorganized Debtors are authorized to file under seal in accordance with the procedures set forth in Del. Bankr. L.R. 9018-1 the "Confidential Documents," which comprise: (a) Claim no. 4242 (which is attached as Exhibit A to the *Objection to Claim No. 4242, Filed by Cummings Properties, LLC (Substantive Objection)* (the "Cummings Objection")); (b) the *Memorandum of Law Supporting the Objection to Claim No. 4242, Filed by Cummings Properties, LLC (Substantive Objection)* (attached as Exhibit B to the Cummings Objection); and (c) the *Declaration of Robert J. Medler in Support of the Objection to Claim No. 4242, Filed by Cummings Properties, LLC (Substantive Objection)* (attached as Exhibit C to the Cummings Objection).

3. The Reorganized Debtors shall furnish copies of the Confidential Documents to Cummings and UniFirst.

4. The United States Trustee shall be permitted to view the Confidential Documents upon request.

5. The filing under seal of the Confidential Documents pursuant to this Order and the procedures set forth herein to permit parties to view the Confidential Documents does not constitute a breach of contractual obligations by the Reorganized Debtors.

6. To the extent that any other party requests to view the Confidential Documents, the Reorganized Debtors will evaluate any such request and in their discretion seek the express written consent of Cummings and UniFirst prior to making the Confidential Documents available to any such party, *provided* that, if any of the Reorganized Debtors, Cummings or UniFirst decline to permit any such party to be furnished with a copy of the Confidential Documents, then that party may make a motion to this Court requesting such

access, and any of the Reorganized Debtors, Cummings and UniFirst may oppose any such motion.

7. Any hearing on the status or resolution of the Cummings Objection or to hear any motion by a party requesting access to the Confidential Documents shall be held *in camera*.

8. The Reorganized Debtors are authorized to take all actions that may be necessary to undertake filing the Confidential Documents under seal.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order, the Cummings Objection and the Confidential Documents.

10. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2015

                                      Honorable Kevin J. Carey
                                      United States Bankruptcy Judge