## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | **Hearing Date: April 15, 2015, at 10:00 a.m.** |
| | ) | **Response Deadline:  April 6, 2015** |

## OBJECTION TO CLAIM NO. 4242, FILED BY CUMMINGS PROPERTIES, LLC (SUBSTANTIVE OBJECTION)

In this *Objection to Claim No. 4242, Filed by Cummings Properties, LLC  (Substantive Objection)* (the "Objection"), the above-captioned reorganized debtors (collectively, the "Reorganized Debtors" or "Grace," the pending bankruptcy cases being the "Chapter 11 Cases") object to Claim no. 4242 (the "Cummings Claim," a copy of which is attached hereto as Exhibit A), which is a contingent and unliquidated claim filed by Cummings Properties, LLC, successor-in-interest to Cummings Properties Management, Inc., and certain other parties identified in Exhibit A to the Cummings Claim (collectively, "Cummings" or the "Claimant"), and request the Court enter an order disallowing the Cummings Claim pursuant to 11 U.S.C. § 502(e)(1).  As set forth in the *Memorandum Supporting the Objection to Claim No. 4242, Filed by Cummings Properties, LLC (Substantive Objection)* (the "Memorandum of Law," attached hereto as Exhibit B and incorporated by reference), the Cummings Claim remains entirely contingent and unliquidated, and meets the requirements for disallowance under Bankruptcy Code section 502(e)(1).[2]

---

[1]    The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2]    The facts and circumstances set forth in this Objection are supported by the *Declaration of Robert J. Medler in Support of the Objection to Claim No. 4242, Filed by Cummings Properties, LLC  (Substantive Objection)* (the "Medler Declaration," attached hereto as Exhibit C and incorporated into this Objection by reference).

Contemporaneously herewith, the Reorganized Debtors have filed their *Motion Requesting Entry of a Protective Order Authorizing the Reorganized Debtors to File Under Seal Certain Exhibits to and the Memorandum of Law in Support of the Objection to Claim No. 4242, Filed by Cummings Properties, LLC (Substantive Objection), Under Seal* (the "Seal Motion), requesting the Court enter an order pursuant to Bankruptcy Code section 107(b), Fed. R. Bankr. P. 9018 and Del. Bankr. L. R. 9018-1: (i) Authorizing the Reorganized Debtors to file the Cummings Claim, the Memorandum of Law and the Medler Declaration (together, the "Confidential Documents") under seal; (ii) ordering that hearings be held *in camera* when the information at issue in the Confidential Documents will be revealed; and (iii) implementing procedures relating thereto.

### RELIEF REQUESTED

1.     For the reasons set forth in the Memorandum of Law, the Reorganized Debtors request that the Court enter an order substantially in the form attached hereto as Exhibit D, disallowing the Cummings Claim pursuant to Bankruptcy Code section 502(e)(1).

### PROCEDURES FOR RESPONDING TO THE CLAIM OBJECTION

2.     To contest this Objection, Claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than 4:00 p.m. ET, on April 3, 2015 (the "Response Deadline"). The Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk") at the following address:

> 824 Market Street
> Wilmington, DE 19801

---

Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Cummings Claim, The Memorandum of Law, the Medler Declaration or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

3.      Claimant must also serve the Response upon the following co-counsel to the

Reorganized Debtors on or before the Response Deadline:

> KIRKLAND & ELLIS LLP
> Adam C. Paul
> Jeffrey W. Gettleman
> 300 North LaSalle Street
> Chicago, IL 60654
>
> THE LAW OFFICES OF ROGER HIGGINS, LLC
> Roger J. Higgins
> 1 North Bishop Street
> Suite 14
> Chicago, IL 60607-1823
>
> PACHULSKI STANG ZIEHL & JONES LLP
> Laura Davis Jones (Bar No. 2436)
> James E. O'Neill (Bar No. 4042)
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705

4.      Any such Response to this Objection must contain, at a minimum, the following:

a.      A caption setting forth the name of the Court, the name of the Reorganized Debtors, the case number, and the title of the Objection to which the Response is directed;

b.      The name of the Claimant, its claim number, and a description of the basis for the amount of the claim;

c.      The specific factual basis and supporting legal argument upon which the party will rely in opposing the Objection;

d.      Any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

e.      The name, address, telephone number, and fax number of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Reorganized Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the Claimant.

5.    If Claimant fails to file and serve a timely Response, the Reorganized Debtors
may present to the Court an appropriate order disallowing and expunging that Claimant's claim
or claims without further notice to the Claimant or a hearing.

### REPLY TO RESPONSE

6.    The Reorganized Debtors reserve the right to, at their option, file and serve one or
more replies to any response filed by Claimant.

### SEPARATE CONTESTED MATTER

7.    If Claimant files a Response to this Objection, and the Claimant and the
Reorganized Debtors are unable to resolve that Response, the corresponding claim and the
objection by the Reorganized Debtors thereto asserted in this Objection shall constitute a
separate contested matter as contemplated by Fed. R. Bankr. P. 9014.

### RESERVATION OF RIGHTS

8.    The Reorganized Debtors hereby reserve the right to object in the future to the
Cummings Claim.  The Reorganized Debtors further reserve the right to amend, modify, and/or
supplement this Objection, including, without limitation, to object to amended claims and newly-
filed claims. Separate notice and hearing will be scheduled for any such objection.

### PREVIOUS OBJECTION

9.    The Cummings Claim was included in the *Debtors' Seventeenth Omnibus
Objection to Claims (Substantive)* [Docket no. 13497].  That objection was withdrawn without
prejudice to the Reorganized Debtors' right to object to the Cummings Claim in the future on
any grounds. *See Order Granting Relief Sought in Debtors' Seventeenth Omnibus Objection to
Claims (Substantive)* [Docket no. 13725].  No other objection to the Cummings Claim has been
filed, nor has any other motion for the relief sought herein been made to this or any other court.

<u>NOTICE</u>

10.    Notice of this Objection has been given to:  (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; (ix) the Environmental Protection Agency and U.S. EPA Region I; (x) UniFirst Corporation; and (xi) Claimant.  In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors request the Court enter an order in substantially the form attached hereto as Exhibit D: (i) disallowing and expunging Claim no. 4242; and (ii) granting such other relief as may be appropriate.

Dated:  March 6, 2015

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
Jeffrey W. Gettleman
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors