# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) |
| | ) |

**CERTIFICATE OF VERIFICATION OF PUBLICATION OF NOTICE OF OCCURRENCE OF THE EFFECTIVE DATE OF THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W. R. GRACE AND CO., ET AL, THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS AS MODIFIED THROUGH DECEMBER 23, 2010 IN THE NEW YORK TIMES, NATIONAL EDITION**

1 The Reorganized Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.



620 8TH AVENUE • NEW YORK, NY 10018

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

In re: W. R. GRACE & CO., et al., ) Chapter 11, Case No. 01-01139 (KJC)
Reorganized Debtors. ) (Jointly Administered)

NOTICE OF OCCURRENCE OF THE EFFECTIVE DATE OF THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W. R. GRACE AND CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS AS MODIFIED THROUGH DECEMBER 23, 2010

TO ALL CREDITORS, INTEREST HOLDERS, AND OTHER PARTIES IN INTEREST:

1. Confirmation of the Plan. On January 31, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket No. 26155] and on February 15, 2011, the Bankruptcy Court entered the *Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010* [Docket No. 26289] (collectively, the "Confirmation Order"), pursuant to which the Bankruptcy Court approved and confirmed the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as amended and conformed pursuant to the Confirmation Order, the "Plan").[1] On June 11, 2012, the Bankruptcy Court's Confirmation Order was affirmed by the United States District Court for the District of Delaware (the "District Court"), Case No. 11-199 (lead case) (Docket Nos. 215, 217, and 218). Certain parties appealed the judgment of the District Court to the United States Court of Appeals for the Third Circuit (the "Third Circuit") in cases consolidated under Case No. 12-1402 (lead case). The Third Circuit affirmed the judgment of the District Court in each such appeal except for one and the period for petitioning the Supreme Court of the United States for certiorari review for such affirmed appeals expired with no such petition being made. The Third Circuit dismissed the final remaining appeal with prejudice on February 3, 2014, pursuant to a stipulated dismissal agreement between the parties.

2. Effective Date. On February 3, 2014, the Effective Date under the Plan occurred and the transactions contemplated under the Plan were consummated. Each of the conditions precedent to consummation of the Plan enumerated in Article 7.8 of the Plan has been satisfied or waived in accordance with the Plan.

3. Releases, Exculpation, and Injunctions. Pursuant to the Confirmation Order, the release, injunction, and exculpation provisions in Article 8 and Article 11 of the Plan are now in full force and effect as to all Reorganized Debtors, the Sealed Air Indemnified Parties, and the Fresenius Indemnified Parties including, without limitation, (a) the Asbestos PI Channeling Injunction and the Asbestos PD Channeling Injunction issued pursuant to section 524(g) of the Bankruptcy Code, as set forth in Articles 8.2 and 8.3 of the Plan, respectively, (b) the Asbestos Insurance Entity Injunction and Successor Claims Injunction issued pursuant to section 105(a) of the Bankruptcy Code, as set forth in Articles 8.4 and 8.5 of the Plan, respectively, (c) the releases set forth in Article 8.8 of the Plan, and (d) the exculpation set forth in Article 11.9 of the Plan.

4. Non-Default Interest Resolution Bar Date. Pursuant to Article 3.1.9(e)(6) of the Plan, the deadline for Holders of General Unsecured Claims who have submitted a timely Notice of Non-Default Contract Rate of Interest, which the Debtors have disputed by serving a written objection upon such Holder, to request a hearing before the Bankruptcy Court to resolve the objection shall be April 7, 2014.

5. Rejected Contracts. Pursuant to Article 9.1.3 of the Plan, all proofs of claim based upon a Claim arising from the rejection of an executory contract or unexpired lease pursuant to the Plan were to be Filed with the Bankruptcy Court no later than March 6, 2014. However, no executory contracts or unexpired leases were rejected pursuant to the Plan. See Rejected Executory Contracts and Unexpired Leases Schedule Filed by the Debtors on February 21, 2011, as Exhibit 5 to the Plan [Docket No. 26368] and as amended on January 28, 2014 [Docket No. 31657].

6. Professionals' Fees. Pursuant to Article 2.1.1(b)(i) of the Plan, all final applications for compensation of Professionals for services rendered and for reimbursement of expenses incurred on or before the Effective Date, and any other request for compensation by any Entity for making a substantial contribution (as described in Bankruptcy Code § 503(b)(3)(D)) in the Chapter 11 Cases (except only for Claims under 28 U.S.C. § 1930 and for fees incurred by the office of the Clerk of the Bankruptcy Court) ("Professionals' Fees"), shall be Filed no later than May 5, 2014. Objections to any Administrative Expense Claims for Professionals' Fees must be Filed within sixty (60) days after the applications have been Filed. Any Professional or Entity holding an Administrative Expense Claim that does not File an application for payment of such Administrative Expense Claim by the deadline set forth herein shall be forever barred from asserting such Administrative Expense Claim and shall receive no distribution under this Plan or otherwise on account of such Administrative Expense Claims.

7. Administrative Claims Bar Date. Unless a request for the payment of an Administrative Expense Claim previously was Filed with the Court, all requests or applications for payment of Administrative Expense Claims other than Professionals' Fees described in paragraph 6 above ("Other Administrative Expense Claims") must be Filed with the Court and served on the Reorganized Debtors pursuant to the procedures specified in Part 0.A of the Confirmation Order, no later than May 5, 2014 (the "Administrative Claims Bar Date"). Any holder of an Administrative Expense Claim that is required to File and serve a request for payment of such Administrative Expense Claim and that does not File and serve such a request by the Administrative Claims Bar Date will be forever barred from asserting such Administrative Expense Claim against the Debtors, the Reorganized Debtors or their respective property and such Administrative Expense Claim will be deemed to have been discharged as of the Effective Date. Objections to Other Administrative Expense Claims must be Filed with the Court and served on the requesting party no later than November 3, 2014; provided however, that such objection deadline may be extended by the Court upon request of the Reorganized Debtors.

8. Dissolution of Committees. Except as otherwise provided in Article 11.8 of the Plan, the Asbestos PI Committee, the Asbestos PD Committee, the Unsecured Creditors' Committee, and the Equity Committee shall be released and discharged of and from all further authority, duties, responsibilities, and obligations relating to or arising from or in connection with the Chapter 11 Cases, and such committees shall be deemed dissolved as of the Effective Date.

9. Further Information. If you would like to obtain a copy of the Confirmation Order or the Plan, please contact the Debtors' Notice and Claims Agent, by: (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/wrgrace; or (c) writing to BMC Group, Inc., Attn: W. R. Grace & Co., 18675 Lake Drive East, Chanhassen, MN 55317. You may also obtain copies of any pleadings Filed in these Chapter 11 Cases for a fee via PACER at: https://www.deb.uscourts.gov.

Dated: February 13, 2014

KIRKLAND & ELLIS LLP, John Donley, P.C., Adam C. Paul, 300 North LaSalle Street, Chicago, IL 60654, Telephone: (312) 862-2000, Facsimile: (312) 862-2200 -and- THE LAW OFFICE OF ROGER HIGGINS, LLC, Roger J. Higgins, 111 East Wacker Drive, Suite 2800, Chicago, IL 60601, Telephone: (312) 836-4047 -and- PACHULSKI STANG ZIEHL & JONES LLP, /s/ James E. O'Neill, Laura Davis Jones (Bar No. 2436), James E. O'Neill (Bar No. 4042), Timothy P. Cairns (Bar No. 4228), 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, Telephone: (302) 652-4100, Facsimile: (302) 652-4400; *Co-Counsel for the Debtors and Reorganized Debtors*

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Confirmation Order, as applicable.

B 8

**CERTIFICATION OF PUBLICATION**

FEB 21 2014 20___

I, Alice Weber, in my capacity as a Principal Clerk of the Publisher of The New York Times a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of The New York Times on the following date or dates, to wit on

FEB 21 2014 20___

Alice Weber

Approved:

Maria Pannullo

THIS CERTIFICATION NOT VALID WITHOUT NYT RAISED SEAL

ties need not file Proofs of Claim on or before the applicable Bar Date: (a) any person or entity whose Claim is listed on the Schedules and whose Claim is not described thereon as "disputed," "contingent," or "unliquidated;" (b) who does not dispute the amount or classification of the Claim set forth in the Schedules, and (c) who does not dispute that the Claim is an obligation of the specific Debtor against which the Claim is listed on the Schedules; (b) any person or entity whose Claim has been paid in full by the Debtors; (c) professionals retained by the Debtors or the Creditors' Committee pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 328, 330, 331, and 503(b) of the Bankruptcy Code or 28 U.S.C. § 156(c); (d) any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to

(5005); Fox & Hound of Indiana, Inc. (5875); Fox & Hound of Kansas, Inc. (7695); Fox & Hound of Kentucky, Inc. (0777); Fox & Hound of [illegible], Inc. [illegible]; Fox & Hound of New Jersey, Inc. (9951); Fox & Hound of New Mexico, Inc. (5620); Fox & Hound of Ohio, Inc. (3963); Fox & Hound of Oklahoma, Inc. (2978); Fox & Hound of Texas, Inc. (9979); Fox & Hound Restaurant Group (2614); Fox & Hound, Inc. (9935); Fox & Hound II, Inc. (3540); Fuqua Beverage Corp. (4556); Jackson Beverage Corporation (3948); K. Collins Entertainment, Ltd. (4556); Raider Beverage Corporation (4993); Rocket Beverage Corporation (9829); Shenandoah Beverage Corporation (8087); Tent Finance, Inc. (5335); Tent Restaurant Operations, Inc. (5556); Willowbrook Beverage Corp. (1601); Winston-Salem Fox & Hound, Inc. (6319). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1551 N. Waterfront Pkwy, Suite 310, Wichita, KS 67206.

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

In re: **W. R. GRACE & CO., et al.,**[1] ) Chapter 11, Case No. 01-01139 (KJC) Reorganized Debtors. ) (Jointly Administered)

**NOTICE OF OCCURRENCE OF THE EFFECTIVE DATE OF THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W. R. GRACE AND CO., ET AL, THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS AS MODIFIED THROUGH DECEMBER 23, 2010**

**TO ALL CREDITORS, INTEREST HOLDERS, AND OTHER PARTIES IN INTEREST:**

1. **Confirmation of the Plan.** On January 31, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket No. 26155] and on February 15, 2011, the Bankruptcy Court entered the *Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010* [Docket No. 26289] (collectively, the "Confirmation Order"), pursuant to which the Bankruptcy Court approved and confirmed the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 25368] (as amended and conformed pursuant to the Confirmation Order, the "Plan"). On June 11, 2012, the Bankruptcy Court's Confirmation Order was affirmed by the United States District Court for the District of Delaware (the "District Court"), Case No. 11-199 (lead case) [Docket Nos. 215, 217, and 218]. Certain parties appealed the judgment of the District Court to the United States Court of Appeals for the Third Circuit (the "Third Circuit") in cases consolidated under Case No. 12-1402 (lead case). The Third Circuit affirmed the judgment of the District Court in each such appeal except for one and the period for petitioning the Supreme Court of the United States for certiorari review for such affirmed appeals expired with no such petition being made. The Third Circuit dismissed the final remaining appeal with prejudice on February 3, 2014, pursuant to a stipulated dismissal agreement between the parties.

2. **Effective Date.** On February 3, 2014, the Effective Date under the Plan occurred and the transactions contemplated under the Plan were consummated. Each of the conditions precedent to consummation of the Plan enumerated in Article 7.8 of the Plan has been satisfied or waived in accordance with the Plan.

3. **Releases, Exculpation, and Injunctions.** Pursuant to the Confirmation Order, the release, injunction, and exculpation provisions in Article 8 and Article 11 of the Plan are now in full force and effect as to all Reorganized Debtors, the Sealed Air Indemnified Parties, and the Fresenius Indemnified Parties including, without limitation, (a) the Asbestos PI Channeling Injunction and the Asbestos PD Channeling Injunction issued pursuant to section 524(g) of the Bankruptcy Code, as set forth in Articles 8.2 and 8.3 of the Plan, respectively, (b) the Asbestos Insurance Entity Injunction and Successor Claims Injunction issued pursuant to section 105(a) of the Bankruptcy Code, as set forth in Articles 8.4 and 8.5 of the Plan, respectively, (c) the releases set forth in Article 8.8 of the Plan, and (d) the exculpation set forth in Article 11.9 of the Plan.

4. **Non-Default Interest Resolution Bar Date.** Pursuant to Article 3.1.9(a)(ii) of the Plan, the deadline for Holders of General Unsecured Claims who have submitted a timely Notice of Non-Default Contract Rate of Interest, which the Debtors have disputed by serving a written objection upon such Holder, to request a hearing before the Bankruptcy Court to resolve the objection shall be April 7, 2014.

5. **Rejected Contracts.** Pursuant to Article 9.1.3 of the Plan, all proofs of claim based upon a Claim arising from the rejection of an executory contract or unexpired lease pursuant to the Plan were to be filed with the Bankruptcy Court no later than March 6, 2014. However, no executory contracts or unexpired leases were rejected pursuant to the Plan. *See Rejected Executory Contracts and Unexpired Leases Schedule Filed by the Debtors on February 27, 2011*, as Exhibit 5 to the Plan [Docket No. 26368] and as amended on January 23, 2014 [Docket No. 31657].

6. **Professionals' Fees.** Pursuant to Article 2.1.1(b)(i) of the Plan, all final applications for compensation of Professionals for services rendered and for reimbursement of expenses incurred on or before the Effective Date, and any other request for compensation by any Entity for making a substantial contribution (as described in Bankruptcy Code § 503(b)(3)(D)) in the Chapter 11 Cases (except only for Claims under 28 U.S.C. § 1930 and for fees incurred by the office of the Clerk of the Bankruptcy Court) ("Professionals' Fees"), shall be filed no later than May 5, 2014. Objections to any Administrative Expense Claims for Professionals' Fees must be filed within sixty (60) days after the applications have been filed. Any Professional or Entity holding an Administrative Expense Claim that does not file an application for payment of such Administrative Expense Claim by the deadline set forth herein shall be forever barred from asserting such Administrative Expense Claim and shall receive no distribution under this Plan or otherwise on account of such Administrative Expense Claim.

7. **Administrative Claims Bar Date.** Unless a request for the payment of an Administrative Expense Claim previously was filed with the Court, all requests or applications for payment of Administrative Expense Claims other than Professionals' Fees described in paragraph 6 above ("Other Administrative Expense Claims") must be filed with the Court and served on the Reorganized Debtors, pursuant to the procedures specified in Part II.A of the Confirmation Order, no later than May 5, 2014 (the "Administrative Claims Bar Date"). Any Holder of an Administrative Expense Claim that is required to file and serve a request for payment of such Administrative Expense Claim and that does not file and serve such a request by the Administrative Claims Bar Date will be forever barred from asserting such Administrative Expense Claim against the Debtors, the Reorganized Debtors or their respective property and such Administrative Expense Claim will be deemed to have been discharged as of the Effective Date. Objections to Other Administrative Expense Claims must be filed with the Court and served on the requesting party no later than November 3, 2014; provided, however that such objection deadline may be extended by the Court upon request of the Reorganized Debtors.

8. **Dissolution of Committees.** Except as otherwise provided in Article 11.8 of the Plan, the Asbestos PI Committee, the Asbestos PD Committee, the Unsecured Creditors' Committee, and the Equity Committee shall be released and discharged of and from all further authority, duties, responsibilities, and obligations relating to or arising from or in connection with the Chapter 11 Cases, and such committees shall be deemed dissolved as of the Effective Date.

9. **Further Information.** If you would like to obtain a copy of the Confirmation Order or the Plan, please contact the Debtors' Notice and Claims Agent, by: (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/wrgrace; or (c) writing to BMC Group, Inc., Attn: W. R. Grace & Co., 18675 Lake Drive East, Chanhassen, MN 55317. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov

Dated: February 13, 2014

**KIRKLAND & ELLIS LLP**, John Donley, P.C., Adam C. Paul, 300 North LaSalle Street, Chicago, IL 60654, Telephone: (312) 862-2000, Facsimile: (312) 862-2200 -and- **THE LAW OFFICE OF ROGER HIGGINS, LLC**, Roger J. Higgins, 111 East Wacker Drive, Suite 2800, Chicago, IL 60601, Telephone: (312) 836-4047 -and- **PACHULSKI STANG ZIEHL & JONES LLP**, /s/ James E. O'Neill, Laura Davis Jones (Bar No. 2436), James E. O'Neill (Bar No. 4042), Timothy P. Cairns (Bar No. 4228), 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, Telephone: (302) 652-4100, Facsimile: (302) 652-4400, *Co-Counsel for the Debtors and Reorganized Debtors*

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Confirmation Order, as applicable.

more strongly," Mr. Grantham said ... ed, the Fed "would have broken

unstable system, but we are still ... with the system," Tony Crescenzi, a portfolio manager at

# Unemployment Filings Fall, S

By Reuters

The number of Americans filing new claims for unemployment benefits fell last week, suggesting that the labor market continues to steadily improve despite severe weather that could hold back hiring again this month.

Nevertheless, cold weather continues to damage the economy, with other reports on Thursday showing a surprise decline in factory activity in the mid-Atlantic region this month and a spike in electricity and heating fuel prices in January.

"Weather has definitely been a factor in keeping things slow," said Alan MacEachin, an economist at Navy Federal Credit Union in Vienna, Va. "Looking at everything right now, I don't know how we can get a good picture for probably at least a couple of months."

Initial claims for state unemployment benefits slipped 3,000 to a seasonally adjusted 336,000, the Labor Department said. The claims data covered the period for February's nonfarm payrolls count. Snowstorms slammed parts of the country last week, which could have kept some workers at home, and possibly held back payroll growth in February.

Lost Tree Village

No State Income Tax
11596 Turtle Beach Road,
North Palm Beach
Direct Oceanfront Estate

Exclusive - $14,950,000
Christian Angle Real Estate
www.anglerealestate.com

Christian J Angle – 561-629-3015
cjangle@anglerealestate.com

Though information is believed to be correct offerings are subject to errors, omissions, prior sale and withdrawal without notice.

*Equal Housing Opportunity*

# Signs of Winte

By The Associated Press

The stock market got a lift on Thursday from a couple of encouraging reports that suggested the economy could pick up after a winter slump. In one report, United States manufacturing expanded in February at its fastest pace in almost four years, according to a private survey by Markit.

The Conference Board said in another report that its index of leading indicators posted a moderate gain in January, suggesting that the economy will continue to expand in the first half of the year.

"Today's market is reflecting the fact that the economy has gone through the doldrums due to the weather and we should now see a substantial pickup," said Peter Cardillo, chief market economist at Rockwell Global Capital.

The Standard & Poor's 500-stock index rose 11.03 points, or 0.6 percent, to 1,839.78. The Dow Jones industrial average gained 92.67 points, or 0.6 percent, to 16,133.23. The day before, the Dow fell 89 points the after minutes from the Federal Reserve's latest meeting showed that a few policy makers raised the possibility that an increase in interest rates should come "relatively soon."

And the Nasdaq composite on Thursday climbed 29.59 points, or 0.7 percent, to 4,267.55.

COMMERCIAL REAL ESTATE BUSINESS OPPORTUNITIES

OFFICE SPACE (100)

Offices-Manhattan 105

5th-Lex. Offices, Showrooms, Retail B/t GRAND CENTRAL & PENN STA. 185 Mad., 353 Lex., 285 5th, 390 5th, 5 W 37th
620 SF to 8,620 SF
Owner Management
212-843-5400 Floor Plans on Website
www.HilsonManagement.com

36th ST W., #152 B'twn Broadway & 7th 1000, 1500 & 2000 sq ft. totally renovated offices, new lobby NO FEE
falconproperties.com 212-302-3000

Offices-Brooklyn 121

BROOKLYN Medical Office for Rent
LOCATION
Newly renovated furnished medical office, suitable for Pediatric or family practice medicine, in a busy area of Brooklyn with parking on the site available for rent or sub lease. Excellent for start up practice. Ahmad, 917-446-0320

Professional Offices Staten Island 154

Staten Island
NEW PROFESSIONAL OFFICE SPACE
2200 sq ft
646-772-1744

RETAIL SPACE (200)

Manhattan 205

38th St #125 W... B'twn 8th & 9th Ave
New storefront Brokers we come
FalconProperties.com 212-302-3000

Nassau/Suffolk 220

SOUTHAMPTON- Retail Stores
For Rent. Lots of parking.
Located on very busy highway.
Call 212-355-5300 ext. 8315

Westchester County 238

YONKERS Retail Store
For Rent. 1000+ sq. ft. Very busy street.
Previously restaurant. $1400/month.
Call 212-355-5300 ext. 8315

INVESTMENT PROPERTIES (600)

Investment Properties Manhattan 603

1st Ave Exc. 4-story mixed use building with 6 apts & 1 store. Delivered vacant w/$5,560 bsf. Call Jesse Croix-Quinones of Bosen & Associates (212) 951-8416

Investment Properties Other Areas 605

FLORIDA SEBASTIAN
3 x 3,000 sf Medical/Office building – turnkey 1621 Rte 1
4 acres on Indian River zoned 6 units per acre allowing 2 docks w/ views of Indian River
15 acre residential industrial subdivision w/ views of Indian River
All For Sale by Owner
Call Pete: (631) 445 6364

Investment Properties Other Areas 605

WORTH AVENUE
Rare retail space for sale by owner. Approx. 1700 sq ft of useable area. 329 Worth Ave., Palm Beach, FL 33480 561-838-1855. Priced at $4,400,000.

COMMERCIAL LOTS & ACREAGE (700)

Queens 716

Rockaway Park
Attention Builders
R7A lots for sale. 365'x100'. Beach Block.
Serious inquiries only.
Call 917-453-9624 or 917-635-5548

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | |
| | ) | |

**CERTIFICATE OF VERIFICATION OF PUBLICATION OF NOTICE OF OCCURRENCE OF THE EFFECTIVE DATE OF THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W. R. GRACE AND CO., ET AL, THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS AS MODIFIED THROUGH DECEMBER 23, 2010 IN THE NATIONAL EDITION OF USA TODAY**

1 The Reorganized Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.



USA
TODAY
A GANNETT COMPANY

## VERIFICATION OF PUBLICATION

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX**

Being duly sworn, Toussaint Hutchinson says that he is the principal clerk of USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is fully acquainted with the facts stated herein: on **Monday, February 24, 2014** the following legal advertisement - **In re: W.R. GRACE & CO., et al.** - was published in the national edition of **USA TODAY.**

[signature]
Principal Clerk of USA TODAY
March 4, 2014

This 4th day of March month
2014 year.

[signature]
Notary Public

JULIE ROTH
NOTARY PUBLIC
REG. #7573317
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES DECEMBER 31, 2017

# ds' items fixed, returned

strangled by the y monitor in 2010, ıelped prompt re- monitors. He has cter rules for the are created and opping companies g baby monitors at nce in advertising. › worked to add o products to re- ; — and the need to

63 recalls in 2013 panies that used a Facebook or Twitter page within six months before the recall. Of these, the manufacturer mentioned the product recall on Facebook in only nine of those cases and on Twitter in eight, the report says.

Many people say they hear of about two to three recalls per year, when there are typically more than 100 recalls on children's products alone each year, Cowles says. In 2013, there were 113 children's products recalled.

"We had heard of different things being recalled from time to time, but not of any place to check and see if there was a database to search," Grasseth said in an e-mail. "We did not realize that her portable crib was recalled until the coroner told us."

Reaching the consumer isn't the only problem.

"Research has shown that consumers need to hear about recalls multiple times before they take action," the CPSC's Wolfson says.

Contributing: Jayne O'Donnell

## MONDAY

information: 1.800.872.3433 www.marketplace.usatoday.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re: **W. R. GRACE & CO., et al.,** ) Chapter 11, Case No. 01-01139 (KJC)
Reorganized Debtors. ) (Jointly Administered)

**NOTICE OF OCCURRENCE OF THE EFFECTIVE DATE OF THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W. R. GRACE AND CO., ET AL, THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS AS MODIFIED THROUGH DECEMBER 23, 2010**

**TO ALL CREDITORS, INTEREST HOLDERS, AND OTHER PARTIES IN INTEREST:**

1. **Confirmation of the Plan.** On January 31, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket No. 26155] and on February 15, 2011, the Bankruptcy Court entered the *Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010* [Docket No. 26289] (collectively, the "Confirmation Order"), pursuant to which the Bankruptcy Court approved and confirmed the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as amended and conformed pursuant to the Confirmation Order, the "Plan").[1] On June 11, 2012, the Bankruptcy Court's Confirmation Order was affirmed by the United States District Court for the District of Delaware (the "District Court"), Case No. 11-199 (lead case) [Docket Nos. 215, 217, and 218]. Certain parties appealed the judgment of the District Court to the United States Court of Appeals for the Third Circuit (the "Third Circuit") in cases consolidated under Case No. 12-1402 (lead case). The Third Circuit affirmed the judgment of the District Court in each such appeal except for one and the period for petitioning the Supreme Court of the United States for *certiorari* review for such affirmed appeals expired with no such petition being made. The Third Circuit dismissed the final remaining appeal with prejudice on February 3, 2014, pursuant to a stipulated dismissal agreement between the parties.

2. **Effective Date.** On February 3, 2014, the Effective Date under the Plan occurred and the transactions contemplated under the Plan were consummated. Each of the conditions precedent to consummation of the Plan enumerated in Article 7.8 of the Plan has been satisfied or waived in accordance with the Plan.

3. **Releases, Exculpation, and Injunctions.** Pursuant to the Confirmation Order, the release, injunction, and exculpation provisions in Article 8 and Article 11 of the Plan are now in full force and effect as to all Reorganized Debtors, the Sealed Air Indemnified Parties, and the Fresenius Indemnified Parties including, without limitation, (a) the Asbestos PI Channeling Injunction and the Asbestos PD Channeling Injunction issued pursuant to section 524(g) of the Bankruptcy Code, as set forth in Articles 8.2 and 8.3 of the Plan, respectively, (b) the Asbestos Insurance Entity Injunction and Successor Claims Injunction issued pursuant to section 105(a) of the Bankruptcy Code, as set forth in Articles 8.4 and 8.5 of the Plan, respectively, (c) the releases set forth in Article 8.8 of the Plan, and (d) the exculpation set forth in Article 11.9 of the Plan.

4. **Non-Default Interest Resolution Bar Date.** Pursuant to Article 3.1.9(e)(ii) of the Plan, the deadline for Holders of General Unsecured Claims who have submitted a timely Notice of Non-Default Contract Rate of Interest, which the Debtors have disputed by serving a written objection upon such Holder, to request a hearing before the Bankruptcy Court to resolve the objection shall be April 7, 2014.

5. **Rejected Contracts.** Pursuant to Article 9.1.3 of the Plan, all proofs of claims based upon a Claim arising from the rejection of an executory contract or unexpired lease pursuant to the Plan were to be Filed with the Bankruptcy Court no later than March 6, 2014. However, no executory contracts or unexpired leases were rejected pursuant to the Plan. *See* Rejected Executory Contracts and Unexpired Leases Schedule Filed by the Debtors on February 21, 2011, as Exhibit 5 to the Plan [Docket No. 26368] and as amended on January 28, 2014 [Docket No. 31657].

6. **Professionals' Fees.** Pursuant to Article 2.1.1(b)(1) of the Plan, all final applications for compensation of Professionals for services rendered and for reimbursement of expenses incurred on or before the Effective Date, and any other request for compensation by any Entity for making a substantial contribution (as described in Bankruptcy Code § 503(b)(3)(D)) in the Chapter 11 Cases (except only for Claims under 28 U.S.C. § 1930 and for fees incurred by the office of the Clerk of the Bankruptcy Court) ("Professionals' Fees"), shall be Filed no later than May 5, 2014. Objections to any Administrative Expense Claims for Professionals' Fees must be filed within sixty (60) days after the applications have been Filed. Any Professional or Entity holding an Administrative Expense Claim that does not File an application for payment of such Administrative Expense Claim by the deadline set forth herein shall be forever barred from asserting such Administrative Expense Claim and shall receive no Distribution under this Plan or otherwise on account of such Administrative Expense Claim.

7. **Administrative Claims Bar Date.** Unless a request for the payment of an Administrative Expense Claim previously was Filed with the Court, all requests or applications for payment of Administrative Expense Claims other than Professionals' Fees described in paragraph 6 above ("Other Administrative Expense Claims") must be Filed with the Court and served on the Reorganized Debtors, pursuant to the procedures specified in *Part II.A.* of the Confirmation Order, no later than May 5, 2014 (the "Administrative Claims Bar Date"). Any Holder of an Administrative Expense Claim that is required to File and serve a request for payment of such Administrative Expense Claim and that does not File and serve such a request by the Administrative Claims Bar Date will be forever barred from asserting such Administrative Expense Claim against the Debtors, the Reorganized Debtors or their respective property and such Administrative Expense Claim will be deemed to have been discharged as of the Effective Date. Objections to Other Administrative Expense Claims must be Filed with the Court and served on the requesting party no later than November 3, 2014; *provided, however*, that such objection deadline may be extended by the Court upon request of the Reorganized Debtors.

8. **Dissolution of Committees.** Except as otherwise provided in Article 11.8 of the Plan, the Asbestos PI Committee, the Asbestos PD Committee, the Unsecured Creditors' Committee, and the Equity Committee shall be released and discharged of and from all further authority, duties, responsibilities, and obligations relating to or arising from or in connection with the Chapter 11 Cases, and such committees shall be deemed dissolved as of the Effective Date.

9. **Further Information.** If you would like to obtain a copy of the Confirmation Order or the Plan, please contact the Debtors' Notice and Claims Agent, by: (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/wrgrace; or (c) writing to BMC Group, Inc., Attn: W. R. Grace & Co., 18675 Lake Drive East, Chanhassen, MN 55317. You may also obtain copies of any pleadings Filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

Dated: February 13, 2014

**KIRKLAND & ELLIS LLP**, John Donley, P.C., Adam C. Paul, 300 North LaSalle Street, Chicago, IL 60654, Telephone: (312) 862-2000, Facsimile: (312) 862-2200 -and- **THE LAW OFFICE OF ROGER HIGGINS, LLC**, Roger J. Higgins, 111 East Wacker Drive, Suite 2800, Chicago, IL 60601, Telephone: (312) 836-4047 -and- **PACHULSKI STANG ZIEHL & JONES LLP**, /s/ James E. O'Neill, Laura Davis Jones (Bar No. 2436), James E. O'Neill (Bar No. 4042), Timothy P. Cairns (Bar No. 4228), 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, Telephone: (302) 652-4100, Facsimile: (302) 652-4400; *Co-Counsel for the Debtors and Reorganized Debtors*

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Confirmation Order, as applicable.

more information on how to place your legal notice in
ırketplace Today, call 1-800-872-3433 (Toll-free in the U.S. only)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |

**CERTIFICATE OF VERIFICATION OF PUBLICATION OF NOTICE OF OCCURRENCE OF THE EFFECTIVE DATE OF THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W. R. GRACE AND CO., ET AL, THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS AS MODIFIED THROUGH DECEMBER 23, 2010 IN THE WALL STREET JOURNAL, NATIONAL EDITION**

[1] The Reorganized Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company and H-G Coal Company.

## AFFIDAVIT

**STATE OF TEXAS** )
) **ss:**
**CITY AND COUNTY OF DALLAS)**

I, Jeff Aldridge, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for National distribution for

1 insertion(s) on the following date(s):

FEB-21-2014;

ADVERTISER: WR Grace;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
21 day of February 2014

Notary Public

ANDREW PATRICK JOHNSON
Notary Public
STATE OF TEXAS
My Comm. Exp. Mar 01 2017

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

01-01139-KJC Doc 3182[illegible] Filed 02/06/14 Page

In re: ) Chapter 11
W. R. GRACE & CO., et al., ) Case No. 01-01139 (KJC)
Reorganized Debtors. ) (Jointly Administered)

**NOTICE OF OCCURRENCE OF THE EFFECTIVE DATE OF THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W. R. GRACE AND CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS AS MODIFIED THROUGH DECEMBER 23, 2010**

**TO ALL CREDITORS, INTEREST HOLDERS, AND OTHER PARTIES IN INTEREST:**

**1. Confirmation of the Plan.** On January 31, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket No. 26155] and on February 15, 2011, the Bankruptcy Court entered the *Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010* [Docket No. 26289] (collectively, the "Confirmation Order"), pursuant to which the Bankruptcy Court approved and confirmed the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as amended and conformed pursuant to the Confirmation Order, the "Plan").[1] On June 11, 2012, the Bankruptcy Court's Confirmation Order was affirmed by the United States District Court for the District of Delaware (the "District Court"), Case No. 11-199 (lead case) [Docket Nos. 215, 217, and 218]. Certain parties appealed the judgment of the District Court to the United States Court of Appeals for the Third Circuit (the "Third Circuit") in cases consolidated under Case No. 12-1402 (lead case). The Third Circuit affirmed the judgment of the District Court in each such appeal except for one and the period for petitioning the Supreme Court of the United States for *certiorari* review for such affirmed appeals expired with no such petition being made. The Third Circuit dismissed the final remaining appeal with prejudice on February 3, 2014, pursuant to a stipulated dismissal agreement between the parties.

**2. Effective Date.** On February 3, 2014, the Effective Date under the Plan occurred and the transactions contemplated under the Plan were consummated. Each of the conditions precedent to consummation of the Plan enumerated in Article 7.8 of the Plan has been satisfied or waived in accordance with the Plan.

**3. Releases, Exculpation, and Injunctions.** Pursuant to the Confirmation Order, the release, injunction, and exculpation provisions in Article 8 and Article 11 of the Plan are now in full force and effect as to all Reorganized Debtors, the Sealed Air Indemnified Parties, and the Fresenius Indemnified Parties including, without limitation, (a) the Asbestos PI Channeling Injunction and the Asbestos PD Channeling Injunction issued pursuant to section 524(g) of the Bankruptcy Code, as set forth in Articles 8.2 and 8.3 of the Plan, respectively, (b) the Asbestos Insurance Entity Injunction and Successor Claims Injunction issued pursuant to section 105(a) of the Bankruptcy Code, as set forth in Articles 8.4 and 8.5 of the Plan, respectively, (c) the releases set forth in Article 8.8 of the Plan, and (d) the exculpation set forth in Article 11.9 of the Plan.

**4. Non-Default Interest Resolution Bar Date.** Pursuant to Article 3.1.9(e)(ii) of the Plan, the deadline for Holders of General Unsecured Claims who have submitted a timely Notice of Non-Default Contract Rate of Interest, which the Debtors have disputed by serving a written objection upon such Holder, to request a hearing before the Bankruptcy Court to resolve the objection shall be April 7, 2014.

**5. Rejected Contracts.** Pursuant to Article 9.1.3 of the Plan, all proofs of claim based upon a Claim arising from the rejection of an executory contract or unexpired lease pursuant to the Plan were to be Filed with the Bankruptcy Court no later than March 6, 2014. However, no executory contracts or unexpired leases were rejected pursuant to the Plan. See Rejected Executory Contracts and Unexpired Leases Schedule Filed by the Debtors on February 21, 2011, as Exhibit 5 to the Plan [Docket No. 26368] and as amended on January 28, 2014 [Docket No. 31657].

**6. Professionals' Fees.** Pursuant to Article 2.1.1(b)(1) of the Plan, all final applications for compensation of Professionals for services rendered and for reimbursement of expenses incurred on or before the Effective Date, and any other request for compensation by any Entity for making a substantial contribution (as described in Bankruptcy Code § 503(b)(3)(D)) in the Chapter 11 Cases (except only for Claims under 28 U.S.C. § 1930 and for fees incurred by the office of the Clerk of the Bankruptcy Court) ("Professionals' Fees"), shall be Filed no later than May 5, 2014. Objections to any Administrative Expense Claims for Professionals' Fees must be filed within sixty (60) days after the applications have been Filed. Any Professional or Entity holding an Administrative Expense Claim that does not File an application for payment of such Administrative Expense Claim by the deadline set forth herein shall be forever barred from asserting such Administrative Expense Claim and shall receive no Distribution under this Plan or otherwise on account of such Administrative Expense Claim.

**7. Administrative Claims Bar Date.** Unless a request for the payment of an Administrative Expense Claim previously was Filed with the Court, all requests or applications for payment of Administrative Expense Claims other than Professionals' Fees described in paragraph 6 above ("Other Administrative Expense Claims") must be Filed with the Court and served on the Reorganized Debtors, pursuant to the procedures specified in Part II.A. of the Confirmation Order, no later than May 5, 2014 (the "Administrative Claims Bar Date"). Any Holder of an Administrative Expense Claim that is required to File and serve a request for payment of such Administrative Expense Claim and that does not File and serve such a request by the Administrative Claims Bar Date will be forever barred from asserting such Administrative Expense Claim against the Debtors, the Reorganized Debtors or their respective property and such Administrative Expense Claim will be deemed to have been discharged as of the Effective Date. Objections to Other Administrative Expense Claims must be Filed with the Court and served on the requesting party no later than November 3, 2014; *provided, however*, that such objection deadline may be extended by the Court upon request of the Reorganized Debtors.

**8. Dissolution of Committees.** Except as otherwise provided in Article 11.8 of the Plan, the Asbestos PI Committee, the Asbestos PD Committee, the Unsecured Creditors' Committee, and the Equity Committee shall be released and discharged of and from all further authority, duties, responsibilities, and obligations relating to or arising from or in connection with the Chapter 11 Cases, and such committees shall be deemed dissolved as of the Effective Date.

**9. Further Information.** If you would like to obtain a copy of the Confirmation Order or the Plan, please contact the Debtors' Notice and Claims Agent, by: (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/wrgrace; or (c) writing to BMC Group, Inc., Attn: W. R. Grace & Co., 18675 Lake Drive East, Chanhassen, MN 55317. You may also obtain copies of any pleadings Filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

Dated: February 13, 2014, **KIRKLAND & ELLIS LLP**, John Donley, P.C., Adam C. Paul, 300 North LaSalle Street, Chicago, IL 60654, Telephone: (312) 862-2000, Facsimile: (312) 862-2200 -and- **THE LAW OFFICE OF ROGER HIGGINS, LLC**, Roger J. Higgins, 111 East Wacker Drive, Suite 2800, Chicago, IL 60601, Telephone: (312) 836-4047 -and- **PACHULSKI STANG ZIEHL & JONES LLP**, /s/ James E O'Neill, Laura Davis Jones (Bar No. 2436), James E. O'Neill (Bar No. 4042), Timothy P. Cairns (Bar No. 4228), 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, Telephone: (302) 652-4100, Facsimile: (302) 652-4400; *Co-Counsel for the Debtors and Reorganized Debtors*

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Confir-