IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) Re docket no. 32511, 32532, 32533 |
| | ) |

**ORDER IMPLEMENTING THE PLAN'S DISCHARGE OF PREPETITION LITIGATION CLAIMS AND THE RELATED INJUNCTION WHERE CLAIMANTS DID NOT FILE PROOFS OF CLAIM**

Upon consideration of the *Motion for an Order Implementing the Plan's Discharge of Prepetition Litigation Claims and the Related Injunction Where Claimants Did Not File Proofs of Claim* (the "Motion"), it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties-in-interest;[2] the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted.

2. All Prepetition Litigation Claims (as that term is defined in Exhibit I) are discharged pursuant to Bankruptcy Code §§ 524(a) & 1141 and Plan Art. 8.1.1.

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion, the Plan or Exhibit I hereto.

DOCS_DE:198937.1 91100/001

3. The Falco/Prete Plaintiffs (as that term is defined in Exhibit I) are each specifically enjoined by Plan Art. 8.1.1 (the "Plan Injunction") from prosecuting the Falco/Prete Litigation (as that term is defined in Exhibit I) as to the Reorganized Debtors or otherwise pursuing their Prepetition Litigation Claims against the Reorganized Debtors: (i) whether directly, indirectly through one or more of the Falco/Prete Co-Defendants (as that term is defined in Exhibit I) or under any other theory of law; and (ii) whether in the Florida State Court (as that term is defined in Exhibit I), this Court or in any other forum.

4. Neither this Order nor any stays and injunctions in effect prior to the Effective Date shall bar the Falco/Prete Litigation from going forward as to Falco/Prete Co-Defendants; *provided, however*, that the Reorganized Debtors have leave to seek further orders from this Court enforcing the Plan Injunction against one or more of the Falco/Prete Co-Defendants, whether as to claims arising from the Falco/Prete Litigation that they may seek to assert against the Reorganized Debtors or as to any other claims discharged by the Plan as of the Effective Date.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

6. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014, or otherwise.

Dated: April 13, 2015

Honorable Kevin J. Carey
United States Bankruptcy Judge