UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | CHAPTER 11 |
| : | |
| W.R. GRACE & CO., *et al.* : | Case No. 01-01139 (KJC) |
| : | (Jointly Administered) |
| Debtors : | |
| : | (Re: D.I. 31812) |
| : | |

### ORDER REGARDING
### ANDERSON MEMORIAL HOSPITAL'S DISCOVERY REQUEST

AND NOW, this 5th day of May, 2015, upon consideration of Anderson Memorial Hospital's Motion to Alter or Amend Order Denying Motion for Class Certification and for Entry of Scheduling Order and Granting Related Relief[1] (D.I. 31812) (the "AMH Motion"), the objection filed by the Reorganized Debtors thereto (D.I. 32233), and AMH's Reply (D.I. 32503);

And after oral argument on April 15, 2015 regarding AMH's request within the AMH Motion that the Court enter "a Scheduling Order providing for discovery followed by certification briefing and oral argument" (the "Request for a Scheduling Order") to allow AMH to conduct limited discovery related to numerosity;

---

[1] On October 21, 2005, AMH filed a motion (D.I. 10014) seeking certification of a class of property owners whose buildings were, are, or will be contaminated with asbestos fibers released from asbestos-containing surfacing materials manufactured by the Debtors (the "AMH Class Certification Motion"). The Bankruptcy Court denied the AMH Class Certification Motion, deciding, among other things, that numerosity, one of the prerequisites for class certification, was not met. *In re W.R. Grace & Co.*, 389 B.R. 373 (Bankr.D.Del. 2008), ) *leave to appeal denied* 2008 WL 4234339 (D.Del. Sept. 4, 2008) *reconsid. denied* 398 B.R. 368 (D.Del. 2008). The Bankruptcy Court determined that AMH's request for a putative class that included any claimant who did not file a proof of claim by the bar date of March 31, 2003 would operate to negate the bar date and permit certain claimants with an opportunity to file late claims without having to establish excusable neglect. *Grace*, 289 B.R. at 379. After Judge Fitzgerald's retirement from the bench on May 31, 2013, this bankruptcy case was transferred to me.

And upon consideration of AMH's arguments that discovery on the issue of numerosity should be permitted to support AMH's Motion because (i) the Court, after a hearing in August 2006, granted the Debtors' motion for a protective order and prohibited AMH from conducting discovery regarding numerosity in support of the AMH Class Certification Motion, and (ii) AMH contends that the Bankruptcy Court erroneously concluded that only claimants who filed proofs of claim prior to the bar date could be part of the putative class;

And upon consideration of the Debtors' response to AMH's arguments;

This Court concludes that, even in light of any limitations, AMH previously had sufficient opportunity to conduct discovery on numerosity related to its putative class and that further opportunity is unwarranted;

It is, therefore, hereby **ORDERED** that:

(1) AMH's request to conduct limited discovery related to numerosity is **DENIED**; and

(2) the parties are directed to confer and submit a proposed scheduling order regarding the filing of briefs on the issue of class certification.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

cc: Theodore J. Tacconelli, Esquire[2]

---

[2] Counsel shall serve a copy of this Order upon all interested parties and file a Certificate of Service with the Court.