# **EXHIBIT A**

# ZAI 7B Fund Under the WR Grace Asbestos PD Trust

Financial Statements

Year ended December 31, 2014

# ZAI 7B Fund Under the WR Grace Asbestos PD Trust

Table of Contents

Financial Statements for the year ended December 31, 2014

| | |
|---|---|
| Independent Auditor's Report | 1 – 2 |
| Balance Sheet | 3 |
| Statement of Operations | 4 |
| Notes to the Financial Statements | 5 – 9 |

| | |
|---|---|
| Lordan & Camp, PLLC | 14525 Highway 7<br>Suite 335<br>Minnetonka, MN 55345<br>Phone: (952) 934-8405 • Fax: (952) 934-5444<br>www.lordancamp.com |

**Chris Lordan, CPA**
Certified Public Accountant

**Richard A. Camp**
Enrolled Agent

## Independent Auditor's Report

Mr. Ed Cottingham, Trustee
ZAI 7B Fund Under the WR Grace Asbestos PD Trust
317 Wingo Way
Suite 303
Mount Pleasant, SC 29464

*Report on the Financial Statements*

We have audited the accompanying financial statements of the ZAI 7B Fund Under the WR Grace Asbestos PD Trust, "the Fund", which comprise the Balance Sheet as of December 31, 2014, and related Statement of Operations for the year ended December 31, 2014, and the related notes to the financial statements.

*Management's Responsibilities for the Financial Statements*

Management of the Fund is responsible for the preparation and fair presentation of these financial statements in accordance with special-purpose accounting principles appropriate for a trust operating as a Qualified Settlement Fund, formed under Internal Revenue Code Section 1.486(b). Management is also responsible for the design, implementation, and maintenance of internal control relevant to the preparation and fair presentation of financial statements that are free from material misstatement, whether due to fraud or error.

*Auditor's Responsibilities*

Our responsibility is to express an opinion on these financial statements based on our audit. We conducted our audit in accordance with auditing standards generally acceptable in the United States of America. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free from material misstatement.

An audit involves performing procedures to obtain evidence about the amount and disclosures in the financial statements. The procedures selected

*Member of the American Institute of Certified Public Accountants*
*Member of the Minnesota Society of Certified Public Accountants*

1

depend on the auditor's judgment, including the assessment of risks of material misstatement of the financial statements, whether due to fraud or error. In making these risk assessments, the auditor considers internal control relevant to the entity's preparation and fair presentation of the financial statements in order to design audit procedures that are appropriate in the circumstances, but not for the purpose of expressing an opinion on the effectiveness of internal control. Accordingly, we express no such opinion. An audit also includes evaluating appropriateness of accounting policies used and the overall reasonableness of significant accounting estimates made by management, as well as evaluating the overall presentation of the financial statements.

We believe that the audit evidence we have obtained is sufficient and appropriate to provide a basis for our audit opinion.

*Opinion*

In our opinion, the financial statements referred to above present fairly, in all material respects, the financial position of the ZAI 7B Fund Under the WR Grace Asbestos PD Trust as of December 31, 2014, and the results of operations for the year then-ended, in accordance with accounting principles appropriate for a trust operating as a Qualified Settlement Fund.

*Emphasis of Matter*

In a departure from Generally Accepted Accounting Principles, the Fund has elected a special-purpose basis of accounting that emphasizes the Fund Balance available to pay future claims. This basis of accounting employs accrual accounting concepts, but relieves the Fund of the requirement to evaluate and estimate claims payable, and to record claims payable as a liability. See *Note 2 – Summary of Accounting Policies*, and *Note 4 – Fund Balance* for further explanation of these elections.

*Lordan & Camp PLLC*

LORDAN & CAMP PLLC
Minnetonka, Minnesota
June 4, 2015

2

## ZAI 7B Fund Under the WR Grace Asbestos PD Trust
## Balance Sheet
## as of December 31, 2014

**Assets**

    Current Assets

| | |
|---|---:|
| Cash and equivalents | 9,272,216 |
| Prepaid expenses | 8,888 |
| Total Current assets | 9,281,104 |
| | |
| Long-Term Investments | |
| Corporate Bonds | 6,739,433 |
| Treasury Securities | 4,537,483 |
| Equities | 3,763,765 |
| Total Long-term Investments | 15,040,681 |
| | |
| Other assets | 2,449 |
| **Total Assets** | **24,324,234** |

**Liabilities and Fund Balance**

    Current Liabilities

| | |
|---|---:|
| Accounts Payable and Other Current Liabilities | 15,195 |
| Fund Balance | 24,309,039 |
| **Total Liabilities and Fund Balance** | **24,324,234** |

See accompanying Notes to the Financial Statements    3

# ZAI 7B Fund Under the WR Grace Asbestos PD Trust
## Statement of Operations
### for the year ending December 31, 2014

**Income**

| | |
|---|---:|
| Interest income | 382,352 |
| Dividend income | 50,306 |
| Net Gain / (Loss) on Investments | (213,036) |
| **Total income** | **219,622** |

**Expenses**

| | |
|---|---:|
| Trustee and Administrator fees | 457,110 |
| Taxes | 19,668 |
| Accounting and Legal Fees | 9,085,949 |
| Notice and claims processing | 119,783 |
| Other deductions | 80,484 |
| **Total Expenses** | **9,762,994** |
| **Net Operating Result** | **(9,543,372)** |

ZAI 7B Fund Under the WR Grace Asbestos PD Trust
Notes to the Financial Statements
December 31, 2014

*Note 1 – Description of the Fund*

The Plan of Reorganization of W.R. Grace & Company includes the formation of the WRG Asbestos PD Trust. Assets and income of the PD Trust are to be employed to satisfy claims, costs and expenses related to the property damage caused by asbestos-containing products manufactured and sold by W.R. Grace prior to its Chapter 11 bankruptcy reorganization.

The ZAI 7B Fund Under the WR Grace Asbestos PD Trust ("the Fund") was formed to provide financial assistance to property owners who have or may have had Zonolite Attic Insulation ("ZAI"), an asbestos-containing material, in their properties. The Fund has assumed the liabilities for a portion of the cost incurred by property owners to abate the ZAI, and further holds the responsibility of developing and funding an educational program about ZAI. The Fund provides assistance with determining if ZAI is present, and provides programmatic reimbursement to property owners who remediate or remove the ZAI.

The Fund is subject to the ongoing supervision of the Zonolite Attic Insulation Trust Advisory Committee ("ZTAC".)

*Note 2 – Summary of Accounting Policies*

The Fund employs a special-purpose basis of accounting that emphasizes the fund balance available to pay future claims. This basis of accounting employs accrual accounting concepts, but relieves the Fund of the requirement to evaluate and estimate claims payable under accrual accounting concepts that prevail under Generally Accepted Accounting Principles. The accrual basis of accounting is required for a Qualified Settlement Fund ("QSF") in the regulations governing QSFs as laid out in Internal Revenue Code Section 1.468(B). See *Note 3 – Tax Status.*

Also unique to the special-purpose basis of accounting is the treatment afforded to proceeds received by the Fund, and disbursements to pay claims. Proceeds received when the Fund was established represent the initial fund balance. Disbursements to pay claims are reductions to the fund balance.

5

The preparation of financial statements on the accrual basis requires the use of estimates, which include assumptions that may affect the reported amounts of assets, liabilities or the changes therein. Actual results could differ from those estimates.

*Note 3 – Tax Status*

The Fund has been formed as a Qualified Settlement Fund under the Internal Revenue Code of the United States of America.

The taxable income of the Fund will differ from the accrual-based Net Operating Result due to significant differences in the treatment of certain expenses incurred by the Fund. IRC 1.468(B) disallows the recognition of plaintiff's attorney fees as deductible tax expenses. As such, taxable income is higher than accrual income on a permanent basis. Other book-to-tax income differences are similar to those commonly seen in taxable business entities. Additionally, for tax purposes, capital losses that exceed capital gains by greater than $3,000 are disallowed for tax purposes and carry forward. Capital loss carryforwards may be utilized to offset capital gains in tax years beyond 2014. Schedule 1 illustrates these differences for the year ending on December 31, 2014.

*Schedule 1, Book and Tax income differences, year ending 12/31/2014*

| | |
|---|---:|
| Book Net Operating Result – Income (Loss) | ( $ 9,543,372) |
| Disallowed Legal Expenses | 8,843,984 |
| Disallowed Meals & Entertainment | 843 |
| Capital Loss Limitation | 210,036 |
| **Tax Net Operating Result** Income (Loss) | ( $   488,509) |

Tax losses may also be carried forward so that taxable income that arises in subsequent tax years is offset by tax losses previously incurred. Under current rates the Fund would have a Federal tax liability equal to 39.6% of net taxable income.

The Fund is required to file a Form 1120-SF annually with the Internal Revenue Service. As of the date of this report the tax year 2014 tax return is on extension and is due by September 15, 2015. Owing to the currently-accumulated loss

6

nearing $500,000 no tax provision is reflected in the financial statements for Federal tax liability.

The various state departments of revenue employ widely varying approaches to taxation of QSFs. The Trustee has elected to comply with revenue regulations of the South Carolina Department of Revenue by filing a non-resident trust tax return. The South Carolina Department of Revenue recognizes the automatic extension of time to file and the extended due date that the Internal Revenue Service has afforded the Fund relative to the Form 1120-SF. Due to the loss in 2014 and the tax treatment afforded to non-resident trusts, there is no tax liability with the South Carolina Department of Revenue for 2014.

The Fund is subject to the ongoing jurisdiction of the US Bankruptcy Court for the District of Delaware. Delaware Code Chapter 11, Section 1633(d) defines a QSF as a Trust, exempt from taxation.

*Note 4 - Fund Balance*

As of December 31, 2014 the Fund Balance reported by the Fund is $24,309,039.

*Schedule 2, Fund Balance as of 12/31/2014*

| | |
|---|---:|
| Settlement Funding Received | $ 34,364,384 |
| Claims paid | ( 511,973) |
| Net Operating Result | ( 9,543,372) |
| **Ending Fund Balance** | **$ 24,309,039** |

Management believes that the Fund Balance on December 31, 2014 is adequate to pay the claims that the Fund has been formed to settle, and provides for the Fund's expenses to administer the claims to be paid.

*Note 5 – Claims Paid*

Claims are paid by the Trust after careful examination and review. The evaluation of a claim is initiated with the assembly of combined paper and digital claim files. These files are used to maintain a record of contacts with class members, including by mail, e-mail or by telephone. Files for claims that are paid include definitive proof of the presence of ZAI and the incurred costs of removal or abatement. This automated tool assists the Trustee by allowing both claims processors and the Trustee to make notes on individual claims, and to retrieve digitally-recorded claim documents from the claims database. This

7

sophisticated tool also provides a platform for the Trustee to prevent abuse of the claim-in function by automating data analytics and to prevent the processing of duplicate claims. Documentation of extraordinary claim payouts is also facilitated by the claims software.

*Note 6 - Investments*

Investments held by the Fund are stated at the lower of cost or market value. The Trustee of the Fund is charged with prudently investing the Fund's assets, in a manner consistent with the Uniform Prudent Investor Act. The Fund is limited to investing in the following:
- US Government debt securities
- Privately issued debt securities rated as Baa or higher by Moody's
- Privately issued debt securities rated as BBB by Standard and Poor's
- Investment-grade debts rated by a nationally recognized rating agency
- Diversified equity portfolios that track broad market indexes such as the Standard & Poor's 500 Index, among others
- Equity holdings that do not exceed 5% of the equity in the entity

The Fund held $24,312,897 in investable assets as of December 31, 2014, as follows:

*Schedule 3, Cash and Long-Term Investments as of 12/31/2014*

| | |
|---|---|
| Cash and equivalents | $ 9,272,216 |
| US Treasury Securities and Agency Debt | 4,537,483 |
| Corporate Bonds | 6,739,433 |
| Equity Securities | 3,763,765 |
| **Total investable assets** | $ 24,312,897 |

The investments held by the Fund as of December 31, 2014 are required to comply with the Uniform Prudent Investor Act. This act emphasizes the following attributes:
- Evaluating the investment portfolio as a whole, while not focusing on the performance of individual investments
- Observing the required duty to diversify the investment portfolio
- Evaluating individual investments in the context of the purpose of the Fund and the beneficiaries' needs
- Permissibility of delegating investment management to a third-party

8

The investments held by the Fund as of December 31, 2014 comply with the objectives of the Uniform Prudent Investor Act, and the Trustee's limitations on investment choices delineated in the WRG Asbestos PD Trust.

The investments held by the Fund as of December 31, 2014 include realized gains, and realized and unrealized losses through December 31, 2014.

*Note 7 - Subsequent Events*

The Trustee liquidated the non-cash holdings of the Fund by selling a majority of the underlying investments late in 2014. The majority of selling instructions were executed on December 30 and 31, 2014, with cash settlement early in January 2015. Essentially all non-cash investments were liquidated by January 7, 2015, with sales proceeds placed on deposit in various cash and money market accounts. The proceeds realized from the sale of the Fund's various investments approximates the value of non-cash investments held by the Fund at December 31, 2014.

While concentration in cash-based investments represents a lack of investment diversification, and runs counter to the objectives of the Uniform Prudent Investor Act, the Trustee has initiated a revised and updated investment program for the Fund in 2015 as of the date of this report.