**IN THE UNITED STATES BANKRUTPCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al. | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | **Re: Docket No. 32540** |
| | ) | |
| | ) | Hearing Date: July 30 at 1:00 p.m. |
| | ) | Objection Deadline: June 30, 2015 |

**OBJECTION TO MOTION OF REORGANIZED DEBTOR TO (A) ENFORCE INJUNCTION ISSUED IN CONNECTION WITH THE FIRST AMENDED JOINT PLAN OF REORGANIZATION AND (B) COMPEL MIRACON TECHNOLOGIES, LLC TO DISMISS WITH PREJUDICE ITS LAWSUIT AGAINST W.R. GRACE & CO. – CONN**

Miracon Technologies, LLC ("Miracon"), by and through the undersigned counsel, hereby files its Objection to Motion of Reorganized Debtor to (A) Enforce Injunction Issued in Connection with the First Amended Joint Plan of Reorganization and (B) Compel Miracon Technologies, LLC to Dismiss with Prejudice its Lawsuit Against W.R. Grace & Co. – Conn (this "Objection") and, in support thereof, states as follows:

## I.    INTRODUCTION

Miracon seeks to protect its proprietary interests in its Technology (as defined below) from infringement and other damage. Nonetheless, WR Grace & Co. – Conn has turned to this Court to attempt to bar Miracon's claims beyond the scope of the discharge and plan injunctions. Miracon's post-plan claims are not barred and should be litigated.

## II.    BACKGROUND

1.    Miracon created and developed confidential, proprietary, and, in some instances, patented technology (including chemical formulations and production processes) for use in the production of cement ("Miracon's Technology"). In short, Miracon's Technology involves the

use of chemical admixtures in cementitious compositions, to improve concrete performance through improved air entrainment within those compositions, by the creation of stable air voids within, and/or improving the fluidity of, those compositions.

2. Miracon learned that its Technology had been improperly misappropriated by certain of its competitors, who were using its Technology to develop, market, produce, and sell products that competed with Miracon and infringed Miracon's patent US 6,153,005. As a result, on January 9, 2015, Miracon filed a complaint against CRH, PLC, Oldcastle, Inc., Oldcastle Materials, Inc., Staker and Parson Companies d/b/a Jack B. Parson Companies, Lonnie James Gray, Douglas Bedingfield and W.R. Grace & Co. – Conn ("Grace – Conn") in the United States District Court for the Eastern District of Texas to stop the ongoing, among other things, patent infringement caused by the misappropriation of Miracon's Technology.

3. On April 2, 2001, Grace – Conn, along with its affiliated entities, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On February 27, 2009, Grace – Conn and its affiliates filed their First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et. al. (the "Plan"). The Plan was ultimately confirmed by the Court on January 31, 2011.

4. Now, Grace – Conn asserts that the Court should issue an injunction prohibiting Miracon from pursuing its claims against Grace – Conn. Grace-Conn's assertion relies solely on Grace-Conn's belief that it could have only caused the damages asserted by Miracon prior to 2007, which is the last time that Grace-Conn and Miracon had any business relationship. Grace-Conn fails to recognize that its use of Miracon's Technology, even through a third party, may give rise to claims against Grace-Conn. Upon information and belief, Grace-Conn continues to use Miracon's Technology.

### III.     ANALYSIS

5.      Miracon does not dispute that the Bankruptcy Code provides two protections for a debtor as they emerge from the bankruptcy process, a discharge and the discharge injunction. Section 1141(d) of the Bankruptcy Code provides that the confirmation of a plan "discharges the debtor from any debt that arose before the date of such confirmation . . ." 11 U.S.C. § 1141(d). Courts and commentators have held that confirmation of the plan occurs upon the effective date of the plan, rather than the date of entry of an order confirming the plan, for purposes of Section 1141(d) of the Bankruptcy Code. The discharge operates as an injunction against, among other things, "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a). Thus, the Bankruptcy Code operates as a bar to all claims that arose prior to the effective date of the plan.

6.      Section 101(12) of the Bankruptcy Code defines "debt" as liability on a claim. A claim is defined as "(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matures, unmatured, disputed, undisputed, secured or unsecured." 11 U.S.C. § 101(5).

7.      In addition, it is not unusual to include similar language that enforces the discharge injunction in a plan and the order confirming the plan. Grace-Conn is no exception. The Plan states that the Plan is a "discharge of all Claims, Plan Claims, and Demands of any nature whatsoever, including any interest accrued thereon from and after the Petition

Date, against the Debtor and the Debtors in Possession, or their assets, properties, or interests in property. Except as otherwise provided herein, on the Effective Date, all Claims, Plan Claims, and Demands against the Debtor and the Debtors in Possession shall be discharged. The Reorganized Debtors shall not be responsible for any obligations of the Debtor or the Debtors in Possession except those expressly assumed by the Reorganized Debtors pursuant to this Plan. All Entities shall be precluded and forever barred from asserting against the Debtor and the Reorganized Debtors, or their assets, properties, or interests in property any other or further Claims, Plan Claims or Demands based upon any act or omission, transaction, or other activity, event, or occurrence of any kind or nature that occurred prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date, except as expressly provided in this Plan. With respect to any debts discharged by operation of law under Bankruptcy Code §§ 524(a) and 1141, the discharge of the Debtors operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the Debtors, whether or not the discharge of such debt is waived; provided, however, that the obligations of the Reorganized Debtors under this Plan and the other Plan Documents to be entered into on the Effective Date are not so discharged." Plan, 8.1.1. The confirmation order repeats this same language. The Plan defines "claim" the same way as the Bankruptcy Code and, in fact, incorporates the Bankruptcy Code definition.

8.   Thus, Miracon does not dispute that any claims that it may hold for acts that occurred prior to the Effective Date of the Plan are barred by the discharge injunction and the corresponding plan injunction. However, Miracon does not agree that any claims that it may

hold against Grace-Conn for acts that occurred *after* the effective date of the Plan are barred. Grace-Conn was not granted a shield against all future claims of any nature.

9. Grace-Conn may assert that Miracon has not alleged facts sufficient to give rise to a post-effective date claim in its complaint or that there cannot be any claims due to the timing of Grace-Conn's direct use of Miracon's technology. Both of these arguments have no place here and should be raised properly before the United States District Court for the Eastern District of Texas (the "District Court"), rather than this Court. In fact, Grace-Conn has filed a motion to dismiss the complaint, evidencing Grace-Conn's belief that the District Court is the appropriate court to determine whether claims should be dismissed.

## IV.    CONCLUSION

10. Miracon objects to the Motion to the extent that it seeks to bar claims that Miracon may hold for post-plan conduct of Grace – Conn. These claims are not barred by either the discharge injunction or the plan injunction.

WHEREFORE, Miracon respectfully requests that the Motion be denied and requests such other and further relief as this Court deems just and proper.

Dated: June 30, 2015                    FERRY JOSEPH, P.A.

   /s/ Lisa L. Coggins
Lisa L. Coggins, Esq. (No. 4234)
824 Market Street, Suite 1000
P.O. Box 1351
Wilmington, DE  19899
Tel: (302) 575-1555
Counsel to Miracon Technologies, LLC