## Exhibit B

## Form of Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) **Re docket no. _____** |
| | ) **Hearing Agenda item no. _____** |
| | ) |

## ORDER ALLOWING IN PART AND DISALLOWING IN PART CLAIMS FILED BY SGH ENTERPRISES, INC. (SUBSTANTIVE AND NON-SUBSTANTIVE OBJECTION)

Upon consideration of the *Thirty-Eighth Omnibus Objection to Claims Filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* (the "Claims Objection"), and it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties-in-interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

---

[1]  The Reorganized Debtors comprise W. R. Grace & Co. ("Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2]  Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Claims Objection or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (the "Plan").

1.    The Claims Objection is granted as set forth below.

2.    The Claims set forth in <u>Exhibit I</u> hereto are disallowed in their entirety pursuant to Del.

Bankr. L. R. 3007-1, and shall be expunged.

3.    ***Matters for Summary Judgment***.   The Reorganized Debtors shall file one or more

motions for summary judgment in the following matters:

   a.   Whether the Court should disallow the SGH Claim to the extent that it is asserted for amounts arising from or related to the Casmalia Site and Ellison Litigation (as the Claims Objection defines those terms), because such indemnification claims are not within the scope of the indemnification set forth in that certain agreement by and among Grace Energy Corporation and Samson Investment Company, dated December 31, 1992 (the "<u>1992 Stock Purchase Agreement</u>");

   b.   Whether the 1992 Stock Purchase Agreement is an executory contract assumed by the Reorganized Debtors pursuant to Plan Art. 9.1.1;

   c.   Whether the 1992 Stock Purchase Agreement's Limited Environmental Indemnification set forth in 1992 Stock Purchase Agreement ¶ 13.03(a) was terminated as to Then Currently Owned Sites when SGH sold, assigned or otherwise conveyed those sites subsequent to the Closing Date;

   d.   Whether contingent or unliquidated amounts asserted by Claimant for indemnification under the 1992 Stock Purchase Agreement should be disallowed pursuant to Bankruptcy Code section 502(e)(1); and

   e.   Such other issues relating to the allowance or disallowance of the SGH Claim that are ripe for summary judgment.

4.    ***Matters for Further Evidentiary Proceedings***.   The Court shall conduct and evidentiary

hearing on one or more of the following matters:

   a.   Determining whether, to the extent that payments of claimed amounts were made, SGH made the payments for which it is seeking recovery or whether other entities made those payments;

   b.   Determining the allowable amount of the Settlement Payments as defined in the 1992 Stock Purchase Agreement, made in the Youpee and Placertia Litigations (and made pursuant to the Casmalia Site and in the Ellison Litigation, to the extent not otherwise disallowed) were reasonable as a matter of Texas law;

c.  Determining the allowable amount of Litigation Expenses, as defined in the 1992 Stock Purchase Agreement, and other costs asserted in the SGH Claim including whether the expenses were reasonable as a matter of Texas law;

d.  To the extent that contingent or unliquidated claims are not disallowed pursuant to Bankruptcy Code section 502(e)(1)(B), estimating the allowable amount of any such contingent or unliquidated claims pursuant to section 502(c)(1); and

e.  The allowable amount of remaining claimed amounts not otherwise adjudicated by summary judgment.

5.  ***Scheduling of Further Proceedings***.  The Reorganized Debtors and Claimant shall file a status report within [**thirty**] days of the date of entry hereof:

a.  Setting a schedule for motions for summary judgment or other dispositive motions and responses to same;

b.  Setting a discovery schedule on matters set for further evidentiary proceedings;

c.  Setting in place procedures by which relevant discovery will comply with the *Joint Defense and Confidentiality Agreement* (the "SGH Legal Invoice JDA") which was approved by this Court's *Protective Order Pursuant to Fed. R. Evid. 502*, dated March 3, 2015 [Docket no. 32514];

d.  Disclosing witnesses for deposition (if any);

e.  Setting a date by which reports for experts retained under Fed. R. Civ. P. 26(a)(2) are due;

f.  Setting a date by which a proposed joint draft final pretrial order is submitted under certificate of counsel; and

g.  Proposing three mutually agreeable dates for trial, along with the number of days trial is expected to take.

6.  The Reorganized Debtors shall have leave to supplement the Claims Objection or to file subsequent claims objections to the extent necessary to resolve the SGH Claim.

7.  Notice of the Claims Objection as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

8.   The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the allowance or disallowance of the Claims.

9.   This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2015

_____

Honorable Kevin J. Carey
United States Bankruptcy Judge

# EXHIBIT I

**The Disallowed Claims That Are Amended, Superseded or Duplicative**

In re: W.R. GRACE CO., et al
OMNIBUS 38 : EXHIBIT 1 – CLAIMS TO BE EXPUNGED

| | Creditor Name/ Address | Claim Number | Case Number | Case Name | Total Claim Dollars*/ Claim Class** | Basis of Objection |
|---|---|---|---|---|---|---|
| 1 | SAMSON HYDROCARBONS COMPANY c/o DOUG SKIERSKI LOCKE LORD BISSELL & LIDDELL LLP 2200 ROSS AVE STE 2200 DALLAS, TX 75201 | 18518 | 01-01140 | W.R. GRACE & CO.-CONN. | $9,289,309.10 (A) UNLIQUIDATED | Amended by claim 18551 |
| 2 | SAMSON HYDROCARBONS COMPANY C/O GREG LOWRY LOCKE LORD BISSELL & LIDDELL LLP 2200 ROSS AVE STE 2200 DALLAS, TX 75201 | 18527 | 01-01140 | W.R. GRACE & CO.-CONN. | $15,645,919.71 (U) UNLIQUIDATED | Amended by claim 18552 |
| 3 | SAMSON HYDROCARBONS COMPANY C/O GREG LOWRY LOCKE LORD BISSELL & LIDDELL LLP 2200 ROSS AVE STE 2200 DALLAS, TX 75201 | 18526 | 01-01140 | W.R. GRACE & CO.-CONN. | $15,645,919.71 (U) UNLIQUIDATED | Amended by claim 18551 |
| 4 | SAMSON HYDROCARBONS COMPANY LOCKE LIDDELL & SAPP LLP C/O PETER A FRANKLIN III 2200 ROSS AVE, SUITE 2200 DALLAS, TX 75201 | 13947 | 01-01140 | W.R. GRACE & CO.-CONN. | $7,958,774.60 (P) UNLIQUIDATED | Amended by claim 18551 |
| 5 | SAMSON HYDROCARBONS COMPANY LOCKE LIDDELL & SAPP LLP C/O PETER A FRANKLIN III 2200 ROSS AVE, SUITE 2200 DALLAS, TX 75201 | 13946 | 01-01140 | W.R. GRACE & CO.-CONN. | $7,958,774.60 (P) UNLIQUIDATED | Amended by claim 18552 |
| 6 | SAMSON HYDROCARBONS COMPANY LOCKE LORD BISSELL & LIDDELL LLP MELISSA S HAYWARD 2200 ROSS AVE STE 2200 DALLAS, TX 75201 | 18520 | 01-01140 | W.R. GRACE & CO.-CONN. | $9,289,309.10 (U) UNLIQUIDATED | Amended by claim 18551 |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.
** (A) Administrative  (S) Secured  (P) Priority  (U) Unsecured

8/12/2015 11:51 AM

In re: W.R. GRACE CO., et al
OMNIBUS 38 : EXHIBIT 1 – CLAIMS TO BE EXPUNGED

| Creditor Name/ Address | Claim Number | Case Number | Case Name | Total Claim Dollars*/ Claim Class** | Basis of Objection |
|---|---|---|---|---|---|
| 7  SGH ENTERPRISES INC FKA SAMSON HYDROCARB<br>GREG LOWRY<br>LOCKE LORD LLP<br>2200 ROSS AVE STE 2200<br>DALLAS, TX 75201 | 18552 | 01-01140 | W.R. GRACE & CO.-CONN. | $94,232,954.99   (U) | Duplicate of claim 18551 |
| 8  SGH ENTERPRISES INC FORMERLY KNOWN AS<br>SAMSON HYDROCARBONS COMPANY<br>c/o GREG LOWRY LOCKE LORD LLP<br>2200 ROSS AVE SUITE 2200<br>DALLAS, TX 75201 | 18521 | 01-01140 | W.R. GRACE & CO.-CONN. | $9,289,309.10   (U)<br>UNLIQUIDATED | Amended by claim 18552 |
| | | | Total: | $9,289,309.10   (A)<br>$15,917,549.20   (P)<br>$144,103,412.61   (U) | |

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.
** (A) Administrative  (S) Secured  (P) Priority  (U) Unsecured

8/12/2015 11:51 AM