EXHIBIT 12

Concise Summary of the Case,
SGH Enterprises, Inc. v. United States Environmental Protection Agency,
Case no. 11-1027 (3rd Cir.) (Docket no. 003110410559,
filed January 14, 2011 ("SGH Ft. Peck Case Summary")

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| SGH ENTERPRISES, INC., f/k/a<br>SAMSON HYDROCARBONS COMPANY,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY,<br><br>Respondent. | § § § § § § § § § § § § | Case No. 11-1027<br><br>Consolidated with Case Nos.:<br>11-1042 and 11-1044 |

## CONCISE SUMMARY OF THE CASE

Pursuant to Third Circuit Local Rule 33.3, SGH Enterprises, Inc., formerly known as Samson Hydrocarbons Company ("SGH"), files this Concise Summary of the Case.

SHORT CAPTION:         SGH Enterprises, Inc. v. U.S. E.P.A.
USCA NO.:              11-1027
AGENCY:                U.S. Environmental Protection Agency ("EPA")
AGENCY DOCKET NUMBER:  SDWA-08-2011-0006

SGH petitions for review of the EPA's December 16, 2010, Emergency Administrative Order ("Emergency Order"), attached as Exhibit A. The other Respondents to the Emergency Order – Murphy Exploration & Production Company - USA and Pioneer Natural Resources USA, Inc. – also have filed petitions for review in this Court (Docket Nos. 11-1042 and 11-1044). All three petitions for review were consolidated by Order dated January 7, 2011.

In the Emergency Order, the EPA alleges an imminent and substantial endangerment to public health allegedly resulting from groundwater contamination caused by historic saltwater disposal operations in the East Poplar Oil Field in Roosevelt County, Montana. SGH is the successor to Grace Petroleum Corporation ("Grace Petroleum"), which had operations in the East Poplar Field from approximately 1978 until 1986. Based on a Consent Decree with EPA dated July 20, 2004, Respondents have been, among other things, sampling groundwater to determine whether contaminants threaten the City of Poplar, Montana's public water supply wells. *See* Emergency Order at ¶¶ 19-22. The ongoing groundwater monitoring shows that the City of Poplar is not at risk, and indeed, the EPA stated in its Press Release dated December 16, 2010 that the City's water is safe to drink. To attempt to justify its order, EPA (1) relies on data that was collected from groundwater monitoring wells located miles away from the City's public water supply wells; (2) uses data that is over a decade old; and (3) identifies issues already resolved by actions taken under previous consent decrees. Further, EPA bases its order on secondary drinking water standards, which are non-enforceable guidelines for contaminants that may cause cosmetic or aesthetic effects and which cannot be the basis for an emergency order.

The Emergency Order requires, *inter alia*, Respondents to sample and analyze the City's public wells monthly, and private wells upon request. Respondents must provide alternative drinking water within seven days if sample results for certain constituents exceed specified "Action Levels," even though those "Action Levels" do not correlate with the primary maximum contaminant levels set by the EPA for such constituents and are not otherwise supported by any health-based standard, study, or other authority. In short, even if one of these arbitrarily set concentrations is exceeded for whatever reason (even unrelated to Respondents), Respondents have to supply alternative water. Additionally, the Order requires Respondents to create a plan for remediating groundwater. Emergency Order ¶¶ 72- 97.

SGH anticipates raising the following issues on appeal:

1. Whether the EPA exceeded its authority under the Safe Drinking Water Act by issuing the Emergency Order, including whether the scope of the Order exceeds EPA's authority under the Safe Drinking Water Act.

2. Whether there is an imminent and substantial endangerment to health and, even assuming *arguendo* there is, whether the EPA erred in determining that the requirements of the Order were necessary to abate any alleged imminent and substantial endangerment.

3. Whether EPA acted arbitrarily and capriciously, and without supporting facts, in ordering the actions to be taken in the Emergency Order.

4. Whether the EPA acted arbitrarily and capriciously, in ordering SGH to perform the requirements of the Emergency Order in the absence of record evidence that SGH's, or its predecessor's, operations caused or contributed to the alleged contamination, or otherwise implicate a public water system or underground source of drinking water, or caused any imminent and substantial endangerment to health.

5. Whether the EPA acted arbitrarily and capriciously, in ordering SGH to perform the requirements of the Emergency Order when the EPA's policies and its own documents issued to Grace Petroleum establish that Grace Petroleum did not cause or contribute to the alleged contamination.

6. Whether the EPA waived its right to pursue SGH by resolving an earlier lawsuit with SGH's predecessor, Grace Petroleum, which was brought in late 1986 and related to some of the same East Poplar Oil Field wells at issue in this matter.

7. Whether EPA's Emergency Order is authorized under Section 1431 of the Safe Drinking Water Act where there is no record evidence that applicable state and local authorities failed to act to protect the health of persons.

8. Whether the EPA's Emergency Order and each component of the Order constitute arbitrary and capricious actions.

Respectfully submitted,

*[signature]*

Elizabeth E. Mack
  Texas Bar No. 12761050
Cynthia Keely Timms
  Texas Bar No. 11161450
Thomas F. Loose
  Texas Bar No. 12561500

LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

ATTORNEYS FOR PETITIONER
SGH ENTERPRISES, INC. f/k/a
SAMSON HYDROCARBONS COMPANY

## CERTIFICATE OF SERVICE

    This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each part or their counsel of record this _14th_ day of January, 2011.

| | |
|---|---|
| Honorable Lisa P. Jackson<br>Administrator<br>ENVIRONMENTAL PROTECTION AGENCY<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460 | Ignacia S. Moreno<br>Assistant Attorney General<br>U.S. DEPARTMENT OF JUSTICE<br>Environment & Natural Resources Div.<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530 |
| Jim Eppers<br>ENVIRONMENTAL PROTECTION AGENCY –<br>REGION 8<br>1595 Wynkoop Street<br>*Mail Code:* 8ENF-L<br>Denver, Colorado 80202-1129 | Nathan Wiser<br>ENVIRONMENTAL PROTECTION AGENCY –<br>REGION 8<br>1595 Wynkoop Street<br>*Mail Code:* 8ENF-UFO<br>Denver, Colorado 80202-1129 |
| Scott M. DuBoff<br>GARVEY SCHUBERT BARER LAW FIRM<br>Flour Mill Building<br>1000 Potomac Street NW, 5th Floor<br>Washington, DC 20007-3501<br>*Counsel for Murphy Exploration & Production Co.* | Steven L. Leifer<br>BAKER & BOTTS LLP<br>The Warner<br>1299 Pennsylvania Ave., NW<br>Washington, DC 20004-2400<br>*Counsel for Pioneer Natural Resources USA Inc.* |

_Elizabeth E. Mack_ by permission
Elizabeth E. Mack