
# Exhibit 13

**Defendant's Joint Motion for Partial Summary Judgment and Brief in Support**

IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

FILED
SHARON DILL COURT CLERK
CANADIAN COUNTY OKLA.
APR 01 2002
By _____

| | |
|---|---|
| JACKIE EUGENE ELLISON, also known as GENE ELLISON, individually and as Trustee, et al., | |
| Plaintiffs, | |
| v. | Case No. CJ-99-151-01 |
| FPC DISPOSAL, INC., et al., | |
| Defendant. | |

SET FOR HEARING BEFORE
JUDGE EDWARD C. CUNNINGHAM
ON THE 24 DAY OF May
2002 AT 1:30 P.M.

### DEFENDANTS BJ SERVICES COMPANY, SAMSON RESOURCES COMPANY, SUITS DRILLING COMPANY, AND WARD PETROLEUM CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS AND BRIEF IN SUPPORT

Defendants BJ Services Company (formerly known as the Western Company of North America), Samson Resources Company, Suits Drilling Company, and Ward Petroleum Corporation (hereinafter referred to collectively as "Movants"), move for summary judgment on Plaintiffs' claims of private nuisance, damages for public nuisance, negligence *per se*, trespass, and annoyance and inconvenience on the grounds that those claims are barred by the applicable two-year statute of limitations. In support thereof, Movants adopt and incorporate herein by reference the Motion for Partial Summary Adjudication filed on March 1, 2002, by Defendants, Nadel and Gussman, *et al.* Movants also submit additional argument and authorities addressing the statute of limitations governing Plaintiffs' claim for damages for alleged public nuisance.

101055.1:910280:00520

## STATEMENT OF UNDISPUTED FACTS

The Statement of Undisputed Facts of Nadel and Gussman, *et al.'s* Motion for Partial Summary Adjudication, paragraphs 1 through 11, apply to Movants. Paragraphs 1 through 10 of Nadel and Gussman, *et al.'s* Statement of Undisputed Facts are generally applicable to all Defendants, other than FPC Disposal, Inc. with respect to Paragraph 10,[1] and are supported by the exhibits included in Nadel and Gussman, *et al.'s* Appendix of Exhibits filed on March 1, 2002.

With respect to Paragraph 11 of Nadel and Gussman, *et al.'s* Statement of Undisputed Facts, Movants state as follows:

11. Prior to the service of Summons and the Second Amended Petition, Movants had no knowledge or notice of the lawsuit pending between the Plaintiffs and FPC Disposal, Inc., which was originally filed on April 29, 1999. *See* Affidavits of Movants attached hereto as Exhibit "A".

## ARGUMENT AND AUTHORITIES

I. **Plaintiff's Claims of Private Nuisance, Negligence *Per Se*, Trespass, and Annoyance and Inconvenience are Barred by the Two-Year Statute of Limitations.**

Movants adopt and incorporate herein by reference the argument and authorities set forth in Nadel and Gussman, *et al.'s* Motion for Partial Summary Adjudication filed in this case on March 1, 2002.

---

[1] In Paragraph 10, Nadel and Gussman, *et al.*, state that Plaintiffs did not assert claims against them until they filed their Second Amended Petition on November 21, 2000, and that they were served with process of this action in December or January 2000. As reflected by the pleadings filed in this case, the Defendants herein also were not named as parties in this action until the Plaintiffs filed their Second Amended Petition. As reflected by the Court's files, the Defendants herein were not served with process until December 12, 13, or 14, 2000.

II. **Plaintiffs' Claim for Damages Based on Alleged Public Nuisance is Barred by the Two-Year Statute of Limitations.**

Plaintiffs' claim for damages for a public nuisance is barred based on the same undisputed facts and law applicable to their claim based on a private nuisance. Plaintiffs may assert that the statute of limitations does not apply to an action for damages for public nuisance based on Okla. Stat. tit. 50, § 7, which provides: "No lapse of time can legalize a public nuisance, amounting to an actual obstruction of public right." Even assuming that Plaintiff can establish a public nuisance and that such nuisance amounts to an actual obstruction of a public right, the Oklahoma Supreme Court has held that § 7 means that the statute of limitations will not bar an action to abate or enjoin a public nuisance. *See Kennedy v. Hawkins*, 1959 OK 53, 346 P.2d 342, 345; *Siegenthaler v. Newton*, 1935 OK 998, 50 P.2d 192. The Oklahoma Supreme Court has <u>never</u> held that the statute of limitations does not apply to a claim for damages based on a purported public nuisance. To the contrary, although not mentioning § 7, the Oklahoma Supreme Court and the Oklahoma Court of Appeals has held that a two-year statute of limitations governs actions for damages based on a public nuisance. *See Henryetta v. Runyan*, 1952 OK 348, 249 P.2d 425;[2] *N.C. Corff Pshp. v. Oxy USA, Inc.*, 1996 OK CIV APP 92, 929 P.2d 288, 293 (court did not distinguish between plaintiff's claims for both public and private nuisance in holding: "The statute of limitations applicable to nuisance claims in Oklahoma is two years.").

The rationale behind holding that, under Okla. Stat. tit. 50, § 7, a claim for abatement of a public nuisance brought by a private individual is not barred by limitations is that a

---

[2] In *Henryetta*, the plaintiff sued for damages, alleging that a city's construction and operation of a dam and other waterworks constituted a public nuisance. The court held that the plaintiff's claim was governed by a two-year statute of limitations. *See also, Ardmore v. Colbert*, 1915 OK 705, 152 P. 603 (court indicated that two-year statute of limitations applied to an action for damages for a nuisance which clearly constituted a public nuisance,

private individual brings an action on a public nuisance in order to protect the public rights. *See Revard v. Hunt*, 1911 OK 425, 119 P. 589, 592 (private individuals seeking abatement of a public nuisance "enjoy the exalted plane occupied by the state or municipalities in their actions in such cases" and "a public nuisance cannot be unlawful as to the whole public and lawful as to its constituents").[3] This rationale does not apply to a private individual's claim for damages for purported special injuries suffered by the individual caused by a public nuisance. There is no authority under which a landowner may recover damages suffered by the public at large based on the theory of public nuisance. Instead, any damages would be measured by those recoverable for a private nuisance. Plaintiffs should not be able to avoid the statute of limitations which is otherwise applicable to a private nuisance claim by also alleging a public nuisance.[4] By analogy, the Oklahoma Supreme Court has held that the court may enjoin a continuing trespass, while disallowing damages for the same trespass that

---

although not denominated as such).

[3] The court in *Revard* quoted extensively from *Woodruff v. North Bloomfield Gravel Min. Co.*, 18 F. 753 (C.C.D. Cal 1884), including the following statement: "'When a private person thus obtains a standing in court, by reason of his having suffered special damages, <u>although he can only maintain his suit for an injunction on that ground</u>, yet the court grants relief, not solely because the nuisance is private so far as he is concerned, but because it is public, and the relief will benefit the public.'" *Revard*, 119 P. at 593, quoting *Woodruff* (emphasis added).

[4] California and Idaho have statutory provisions similar to Okla. Stat. tit. 50, § 7. *See* Cal. Civ. Code § 3483; Idaho Code § 52-109. Nevertheless, both jurisdictions hold that the statute of limitations may bar a claim for damages based on a public nuisance. *See, e.g., Mangini v. Aerojet-General Corp.*, 230 Cal. App. 3d 1125, 1142-1143, 281 Cal. Rptr. 827 (Cal. App. 3d Dist. 1991) (although statute of limitations does not bar an action brought by a public entity to abate a public nuisance, the statute of limitations applies to a private citizens' claim for damages for a public nuisance); *West v. Smith*, 95 Idaho 550, 511 P.2d 1326, 1332 (1973) ("'A private owner, so injured, cannot invoke the protection of the public right to abate the nuisance, which is not barred, and thus avoid the effect of the statute of limitations upon his private right of action'") (quoting *Hudson v. Dailey*, 156 Cal. 617, 630, 105 P. 748, 754 (1909)). *See also Gardenhire v. Sinclair-Prairie Oil Co.*, 141 Kan. 865, 870, 44 P.2d 280 (1935) (statute of limitations may apply to a claim of damages for a public nuisance, although there is no right to continue the pollution by prescription).

were barred by the two-year statute of limitations. *Fairlawn Cemetery Asso. v. First Presbyterian Church.*, 1972 OK 66, 496 P.2d 1185, 1187.[5]

There are federal district courts in Oklahoma that have reached conflicting decisions as to whether the statute of limitations will bar a claim for damages for a public nuisance. *See, e.g., Branch v. Mobil Oil Corp.*, 788 F. Supp. 531, 536 (W.D. Okla. 1991) ("... Section 7 of Title 50 does not suspend the operation of the statute of limitations on a claim for damages caused by a public nuisance which obstructs a public right for as long as the nuisance exists. It merely allows abatement or a civil action therefor as long as the nuisance exists"); *Fischer v. Atlantic Richfield Co.*, 774 F. Supp. 616, 619 (W.D. Okla. 1989) ("Third, the statute of limitations does not run against a public nuisance. 50 O.S. § 7 (1981)"). *See also Tosco Corp. v. Koch Indus., Inc.*, 216 F.3d 886, 895 (10th Cir. 2000) (Okla. Stat. tit. 50, § 7 disallowed the statute of limitations "as a defense against a plaintiff seeking pollution abatement or the costs of abatement"). However, those decisions are not binding on the Oklahoma courts in deciding this state law question. *See, e.g., Schneberger v. Apache Corp.*, 1994 OK 117, ¶ 31, 890 P.2d 847, 854.

---

[5] In *Fairlawn Cemetery*, the court stated:

> While we agree the church should be enjoined from continuing the dirt fill on Cemetery's property and should be required to remove the encroaching dirt between the wall and Cemetery's south property line, we find the plaintiff is barred by the statute of limitations in seeking to require the church to re-establish vertical alignment of the west 540 feet of its concrete fence. The restoration of the wall to its former condition <u>is in the nature of damages for trespass which is subject to a limitation period of two years</u>.

496 P.2d at 1187 (emphasis added).

## CONCLUSION

For the above reasons, and for the reasons set forth in Nadel and Gussman, *et al.'s* Motion for Partial Summary Judgment and Brief in Support, Movants respectfully request that summary judgment be granted on all of Plaintiffs' claims as barred by the two-year statute of limitations, with the exception of their claim for abatement based on an alleged public nuisance.

Respectfully submitted,

*/s/ Michael E. Smith*

Michael E. Smith, OBA #8385
Sharon T. Thomas, OBA #8881
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
100 North Broadway
Bank One Tower, Suite 2900
Oklahoma City, Oklahoma 73102-8865
Telephone (405) 553-2828
Facsimile (405) 553-2855
**ATTORNEYS FOR DEFENDANTS, BJ SERVICES COMPANY, SAMSON RESOURCES COMPANY, SUITS DRILLING COMPANY, AND WARD PETROLEUM CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2002, a true and correct copy of the foregoing was mailed, postage prepaid thereon to all persons set forth below:

Michael J. Blaschke
4200 Perimeter Center, Suite 245
Oklahoma City, OK 73112
ATTORNEYS FOR PLAINTIFFS, JACKIE E. ELLISON, AKA GENE ELLISON, INDIVIDUALLY AND AS TRUSTEE, AND MARCIA ELLISON, AN INDIVIDUAL

Ms. Jayne Jarnigan Robertson
Jayne Jarnigan Robertson, P.C.
825 Robinson Renaissance
119 North Robinson
Oklahoma City, OK 73102
ATTORNEYS FOR PLAINTIFFS, JACKIE E. ELLISON, AKA GENE ELLISON, INDIVIDUALLY AND AS TRUSTEE, AND MARCIA ELLISON, AN INDIVIDUAL

Mark Henricksen
Henricksen & Henricksen, Lawyers, Inc.
210 North Choctaw; P.O. Box 1129
El Reno, Oklahoma 73036
ATTORNEY FOR DEFENDANTS,
FPC DISPOSAL, INC.; CHARLES FRENCH DENWALT; and, CHARLES FRENCH DENWALT, JR.

Dale E. Cottingham
Philip A. Schovanec
Moricoli, Harris & Cottingham
Two Leadership Square, Suite 1200
211 N. Robinson Avenue
Oklahoma City, Oklahoma 73102
ATTORNEYS FOR DEFENDANTS, CHESAPEAKE OPERATING, INC.; CHESAPEAKE EXPLORATION LIMITED PARTNERSHIP, Successor by Merger to ANSON CORPORATION

Micheal L. Darrah
Durbin, Larimore & Bialick, P.C.
920 N. Harvey Avenue
Oklahoma City, Oklahoma 73102-2610
ATTORNEY FOR DEFENDANTS, ANADARKO DOZER SERVICE, INC., A/K/A ANADARKO DOZER AND TRUCKING, L.L.C.; A & A TANK TRUCK COMPANY, IMPROPERLY NAMED AS ARROW TANK TRUCKS, INC.; ARROW OIL AND GAS, INC.; GARRETT SERVICES, INC.; MID-CONTINENT COMPLETION FLUIDS, INC.; RAUH'S FRAC SERVICE, INC.; ACTION PETROLEUM SERVICES; LUGREG TRUCKING, INC.; OKLAHOMA TANK SERVICE, INC.; AND, LANCO TRANSPORTATION CO.

Gary W. Davis
L. Mark Walker
Crowe & Dunlevy
1800 Mid-America Tower, 20 N. Broadway
Oklahoma City, Oklahoma 73102
ATTORNEYS FOR DEFENDANTS, KERR-McGEE CORPORATION; MARSHALL OIL CORPORATION; SGO PETROLEUM, INC., Formerly Known as B R G PETROLEUM, INC.; AND, SANTA FE MINERALS, INC.

Frederic Dorwart
J. Michael Medina
Old City Hall
124 E. Fourth Street
Tulsa, Oklahoma 74103-5010
ATTORNEYS FOR DEFENDANT,
KAISER-FRANCIS OIL COMPANY

Bradley A. Gungoll
Bradley E. Davenport
Gungoll, Jackson, Collins, Box & Devoll, P.C.
P.O. Box 1549, 323 W. Broadway
Enid, Oklahoma 73702-1549
ATTORNEY FOR DEFENDANT, LOUIS DREYFUS NATURAL GAS CORP.

Jeff L. Hirzel
Jeff L. Hirzel, Inc.
119 S. Broad Street
P.O. Box 279
Guthrie, Oklahoma 73044
ATTORNEY FOR DEFENDANT, LOCATORS OIL & GAS, INC.

David L. Kearney
Amy M. Stipe
Gable & Gotwals
One Leadership Square
211 N. Robinson, 15th Floor
Oklahoma City, Oklahoma 73102
ATTORNEY FOR DEFENDANT, EL PASO PRODUCTION COMPANY, Formerly Known as SONAT EXPLORATION COMPANY; and, MARATHON OIL COMPANY

Timothy L. Martin
Christian S. Huckaby
Looney, Nichols & Johnson
528 N.W. 12th Street
P.O. Box 468
Oklahoma City, Oklahoma 73101
ATTORNEYS FOR DEFENDANTS, WELL TECH TANK & TRANSPORTATION

Patricia G. Parrish
Mullins, Hirsch & Parrish
100 Park Avenue Building, Suite 400
Oklahoma City, Oklahoma 73102-8008
ATTORNEYS FOR DEFENDANT,
ROSEWOOD RESOURCES, INC.; LG&E POWER, INC., Formerly LG&E NATURAL, INC.

Frank D. Spiegelberg
John L. Randolph
Pray, Walker, Jackman, Williamson & Marlar
100 W. 5th Street, Suite 900
Tulsa, Oklahoma 74103
ATTORNEY FOR DEFENDANTS,
NADEL & GUSSMAN, L.L.C.; ST. MARY OPERATING CO.; UNIT CORPORATION; UNIT PETROLEUM
COMPANY; UNIT DRILLING COMPANY;
AND, OXY USA, INC.

Russell James Walker
Thomas J. Clark
Walker & Walker
950 Landmark Towers East
3535 N.W. 58th Street
Oklahoma City, Oklahoma 73112
ATTORNEYS FOR DEFENDANTS, SPESS OIL COMPANY & FPC DISPOSAL, INC.

Mark E. Schell, General Counsel
Unit Corporation
1000 Kensington Tower
7130 S. Lewis
Tulsa, Oklahoma 74136
CO-ATTORNEY FOR DEFENDANTS, UNIT CORPORATION, UNIT PETROLEUM COMPANY; AND, UNIT DRILLING COMPANY

James A. Ikard
Attorney at Law
P.O. Box 20365
Oklahoma City, Oklahoma 73156-0365
ATTORNEY FOR DEFENDANT,
LANTZ TRUCKING, INCORPORATED

R. Kevin Layton
Boesche, McDermott & Eskridge, L.L.P.
100 W. 5th Street, Suite 800
Tulsa, Oklahoma 74103-4216
ATTORNEY FOR DEFENDANT,
APACHE CORPORATION

G. Neal Rogers
Carl Michael Smith
Dunlap, Codding & Rogers, P.C.
9400 N. Broadway, Suite 420
Oklahoma City, Oklahoma 73114
ATTORNEY FOR DEFENDANT, BP AMOCO CORP.

James F. Long
Jack D. Hammontree
Traynor, Long & Wynne, P.C.
P.O. Box 3247
Enid, Oklahoma 73702
ATTORNEY FOR DEFENDANT,
RAUE' S FRAC SERVICE, INC.

Stephen D. Beam
Attorney at Law
P.O. Box 31
Weatherford, Oklahoma 73096
ATTORNEY FOR DEFENDANT, WEATHERFORD TRANSPORTS, INC.

John H. Tucker
Theresa Noble Hill
Rhodes, Hieronymus, Jones, Tucker & Gable, P.L.L.C.
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
ATTORNEYS FOR DEFENDANT,
SANGUINE, LTD.

William B. Federman
Stuart W. Emmons
Federman & Sherwood
120 N. Robinson Avenue, Suite 2720
Oklahoma City, Oklahoma 73102
ATTORNEYS FOR DEFENDANT,
MB OILFIELD SERVICES CORPORATION

Warren F. Young
Warren F. Young & Associates, P.C.
415 S. Boston, Suite 510
Tulsa, Oklahoma 74013
ATTORNEY FOR DEFENDANT,
PETROFIELD SERVICES CORPORATION

William P. Parker
Attorney at Law
2212 N.W. 50th ,, Suite 163
Oklahoma City, Oklahoma 73112
ATTORNEY FOR DEFENDANT,
BRIGGETT, INC.

Ralph A. Sallusti
Attorney at Law
3015 N.W. 59th Street
Oklahoma City, Oklahoma 73112
ATTORNEY FOR DEFENDANT, NATIONAL ENERGY GROUP, INC., Successor by Merger to ALEXANDER ENERGY CORPORATION and AMERICAN NATURAL ENERGY CORP.

David D. Duncan
Attorney at Law
1282 Adams Building
Bartlesville, Oklahoma 74004
ATTORNEY FOR DEFENDANT,
PHILLIPS PETROLEUM COMPANY

Bruce V. Winston
Walker, Ferguson & Ferguson
301 N.W. 63rd Street, Suite 400
Oklahoma City, Oklahoma 73116
ATTORNEY FOR DEFENDANT,
HAMM & PHILLIPS SERVICE COMPANY

David E. Pepper
Hartzog, Conger, Cason & Neville
1600 Bank of Oklahoma Plaza
201 Robert S. Kerr Avenue
Oklahoma City, Oklahoma 73102
ATTORNEY FOR DEFENDANT,
MUSTANG TRANSPORT COMPANY

Sam L. Stein
Garner, Stein & Dean, L.L.P.
P.O. Box 223/305 S. Grand
Cherokee, Oklahoma 73728
ATTORNEY FOR DEFENDANT,
HEREFORD BI-PRODUCTS, INC.,
D/B/A EL RENO BI-PRODUCTS

Stephen R. Stephens
Fellers, Snider, Blankenship, Bailey & Tippens
100 N. Broadway, Suite 1700
Oklahoma City, Oklahoma 73102—8820
ATTORNEY FOR DEFENDANT,
OKLAHOMA TANK SERVICE, INC.

_____
Michael E. Smith

IN THE DISTRICT COURT FOR CANADIAN COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| JACKIE EUGENE ELLISON, also known as GENE ELLISON, individually and as Trustee, et al., | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CJ-99-151-01 ) |
| FPC DISPOSAL, INC., et al., | ) ) ) |
| Defendant. | ) |

## AFFIDAVIT

STATE OF OKLAHOMA ) 
) ss.
COUNTY OF TULSA )

Jack A. Canon, of lawful age, being first duly sworn, upon oath states as follows:

1. I am Senior Vice President-General Counsel of Samson Investment Company ("Samson"). I have been employed by Samson since November 21, 1983. As a part of my responsibilities for Samson, I am informed of all potential lawsuits and lawsuits against Samson and its affiliates, including Samson Resources Company. I have personal knowledge of the facts stated herein.

2. Prior to the service of Summons and the Second Amended Petition, in the captioned case on Samson in December 2000, Samson had no knowledge or notice of this lawsuit.

Further affiant saith not.

_____
Jack A. Canon

Subscribed and sworn to before me this 27th day of March, 2002, by Jack A. Canon.

_____
Notary Public

My Commission Expires:

Notary Public Oklahoma
OFFICIAL SEAL
CAROL WOOLERY
CREEK COUNTY
Comm. Exp. 06-26-2005

EXHIBIT "A"

IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

JACKIE EUGENE ELLISON, also known
as GENE ELLISON, individually and as
Trustee, et al.,

    Plaintiffs,

v.

FPC DISPOSAL, INC., et al.,

    Defendant.

Case No. CJ-99-151-01

## AFFIDAVIT

STATE OF OKLAHOMA    )
                                 ) ss.
COUNTY OF GARFIELD    )

    William C. Ward, of lawful age, being first duly sworn, upon oath states as follows:

    1.    I am President of Ward Petroleum Corporation ("Ward"). I have been an (officer/employee) of Ward since 1996. As a part of my responsibilities for Ward, I am informed of all potential lawsuits and lawsuits against Ward. I have personal knowledge of the facts stated herein.

    2.    Prior to the service of Summons and the Second Amended Petition, in the captioned case on Ward in December, 2000, Ward had no knowledge or notice of this lawsuit.

    Further affiant saith not.

                                                                                                                                      W. C. Ward

Subscribed and sworn to before me this  29th  day of March, 2002, by
William C. Ward

_____Cheryl Holmes_____
Notary Public

My Commission Expires:

June 20, 2002
(SEAL)

IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

JACKIE EUGENE ELLISON, also known
as GENE ELLISON, individually and as
Trustee, et al.,

        Plaintiffs

v.                                         Case No. CJ-99-151-01

FPC DISPOSAL, INC., et al.,

        Defendant

## AFFIDAVIT

STATE OF TEXAS     )
                              ) ss
COUNTY OF HARRIS )

       Mark J. Airola, of lawful age, being first duly sworn, upon oath states as follows:

       1.     I am the Associate General Counsel of BJ Services Company ("BJ Services"). I have been an employee of BJ Services since 1995. As a part of my responsibilities for BJ Services, I am informed of all potential lawsuits and lawsuits against BJ Services. I have personal knowledge of the facts stated herein.

       2.     Prior to the service of Summons and the Second Amended Petition, in the captioned case on BJ Services in December, 2000, BJ Services had no knowledge or notice of this lawsuit.

       Further affiant saith not.

                                                                           _/s/ Mark J. Airola_

M:\CLMS&LIT\Ellison\AffidavitCANADIANCNTYOK.doc

Subscribed and sworn to before me this 28th day of March, 2002, by

Mark J. Airola

_Noema M. Hoskins_
Notary Public

My Commission Expires:

9-15-05
(SEAL)

Noema M. Hoskins
Notary Public, State of Texas
My Commission Expires
SEPTEMBER 15, 2005



## IN THE DISTRICT COURT OF CANADIAN COUNTY
## STATE OF OKLAHOMA

JACKIE EUGENE ELLISON, also known
as GENE ELLISON, individually and as
Trustee, et al.,

    Plaintiffs,

v.

FPC DISPOSAL, INC., et al.,

    Defendant.

Case No. CJ-99-151-01

### AFFIDAVIT

STATE OF OKLAHOMA   )
                            ) ss.
COUNTY OF Garfield  )

Steven L. Dyche, of lawful age, being first duly sworn, upon oath states as follows:

1. I am an officer of Suits Drilling Company ("Suits"). As a part of my responsibilities for Suits, I am informed of all potential lawsuits and lawsuits against Suits. I have personal knowledge of the facts stated herein.

2. Prior to the service of Summons and the Second Amended Petition, in the captioned case on Suits in December, 2000, Suits had no knowledge or notice of this lawsuit.

Further affiant saith not.

_____
Steven L. Dyche

101886.1:735679:00520

Subscribed and sworn to before me this /st day of April, 2002, by Steven L. Dyche.

_____
Notary Public

My Commission Expires:

9-27-2005
(SEAL)

[Notary seal: JULIO A. HENG, NOTARY PUBLIC, STATE OF OKLAHOMA, GARFIELD COUNTY]

TOTAL P.02