```
 1   UNITED STATES BANKRUPTCY COURT
 2   DISTRICT OF DELAWARE
 3
 4   In re:                              :    Chapter 11
                                         :
 5   W.R. GRACE & CO., et al.,           :    Case No. 01-01139(KJC)
                                         :
 6        Reorganized Debtors.           :    (Jointly Administered)
     _____      :
 7   RALPH HUTT AND CARL OSBORN,         :
                                         :
 8        Plaintiffs,                    :
                                         :    Adversary Proceeding
 9        v.                             :    No. 14-50867(KJC)
                                         :
10   MARYLAND CASUALTY COMPANY,          :
                                         :
11        Defendant.                     :
     _____      :
12   CONTINENTAL CASUALTY COMPANY        :
     AND TRANSPORTATION INSURANCE        :
13   COMPANY,                            :
                                         :
14        Plaintiff,                     :
                                         :    Adversary Proceeding
15        v.                             :    No. 15-50766(KJC)
                                         :
16   JEREMY B. CARR, et al.,             :
                                         :
17        Defendants.                    :
     _____      :
18
19
20                                  United States Bankruptcy Court
21                                  824 North Market Street
22                                  Wilmington, Delaware
23
24                                  August 19, 2015
25                                  1:00 PM
```

```
 1
 2    B E F O R E :
 3    HON KEVIN J. CAREY
 4    U.S. BANKRUPTCY JUDGE
 5
 6    ECR OPERATOR:   BRANDON MCCARTHY
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1  HEARING re Debtors' Objection to the Proof of Claim Filed by
2  Norfolk Southern Railway Company [Filed 7/20/09](Docket No.
3  22553).
4
5  HEARING re Consent Motion of Continental Casualty Company
6  and Transportation Insurance Company for Leave to File Brief
7  as Amici Curiae In Support of Defendant Maryland Casualty
8  Company [Filed 7/17/15](Adv. Pro. No.: 14-50867, Docket No.
9  20)
10
11 HEARING re Pretrial Conference
12
13
14
15
16
17
18
19
20
21
22
23
24
25 Transcribed by:  Tracey Williams

1  A P P E A R A N C E S :
2  PACHULSKI STANG ZIEHL & JONES, LLP
3       Attorney for the Reorganized Debtors
4       919 N. Market Street
5       17th Floor
6       P.O. Box 8705
7       Wilmington, DE 19899-8705
8
9  BY:  JAMES O'NEILL, ESQ.
10
11 GOODWIN PROCTER LLP
12      Attorney for CNA
13      901 New York Avenue, NW
14      Washington, DC 20001
15
16 BY:  MICHAEL S. GIANNOTTO, ESQ.
17
18 GELLERT SCALI BUSENKELL & BROWN LLC
19      Attorney for Ralph Hutt and Carl Osborn
20      913 North Market Street
21      10th Floor
22      Wilmington, DE 19801
23
24 BY:  MICHAEL BUSENKELL, ESQ.
25

```
 1
 2   MURTHA CULLINA LLP
 3        Attorney for Ralph Hutt and Carl Osborn
 4        99 High Street
 5        Boston, MA 02110
 6
 7   BY:  DANIEL C. COHN, ESQ.
 8
 9   CONNOLLY GALLAGHER LLP
10        Attorney for Maryland Casualty Company
11        The Brandywine Building
12        Suite 1400
13        1000 North West Street
14        Wilmington, DE 19801
15
16   BY:  JEFFREY C. WISLER, ESQ.
17
18   ECKERT SEAMANS CHERIN & MELLOTT LLC
19        Attorney for Maryland Casualty Company
20        1919 Pennsylvania Avenue, NW
21        Suite 1200
22        Washington, DC 20006
23
24   BY:  EDWARD J. LONGOSZ, II, ESQ.
25
```

```
 1
 2   BAYARD, P.A.
 3        Attorney for CNA
 4        222 Delaware Avenue
 5        Suite 900
 6        P.O. Box 25130
 7        Wilmington, DE 19899
 8
 9   BY:  SCOTT D. COUSINS, ESQ.
10
11   FORD MARRIN ESPOSITO WITMEYER & GLESER, LLP
12        Attorney for CNA
13        Wall Street Plaza
14        23rd Floor
15        New York, NY 10005-4900
16
17   BY:  ELIZABETH DECRISTOFARO, ESQ.
18
19   APPEARED TELEPHONICALLY:
20
21        ALAN B. RICH, ESQ.
22        RYAN M. HEHNER, ESQ.
23
24
25
```

1                P R O C E E D I N G S

2            THE COURT:  Good afternoon, everyone.

3       (Chorus of good afternoon)

4            MR. O'NEILL:  Good afternoon, Your Honor,

5   Pachulski Stang Ziehl & Jones appearing today on behalf of

6   the Reorganized Debtors.

7            Your Honor, we just have a few things on the

8   agenda today and they're related to two pending adversary

9   proceedings.  As we noted on our agenda, No. 1, which is not

10  related to the adversary proceedings, it's continued.  No. 2

11  is the consent motion of CNA, and I'm going to turn it over

12  to Counsel for CNA to present that matter.

13           Thank you.

14           MR. GIANNOTTO:  Your Honor, Michael Giannotto,

15  representing Continental Casualty Company and Transportation

16  Insurance Company.  We have referred to those companies

17  throughout these proceedings as CNA, because they're CNA

18  companies.

19           This item to file an amicus brief really relates

20  to Item 3 on your agenda, the Hutt adversary proceeding.

21  That proceeding involves claims by two persons exposed to

22  asbestos in Libby, Montana, who are seeking to sue a

23  different insurance company, Maryland Casualty Company, and

24  the issue is whether those claims are barred by the

25  channeling injunction entered in this case by the District

1  Court.  The decision in that case could significantly affect
2  CNA, because we also are a settled asbestos insurance and in
3  fact we've filed our own adversary proceeding, that's Item 4
4  on your agenda.  And it's not just these two cases, there
5  are hundreds of potential cases against us this could
6  affect.
7           So we sought to file an amicus brief in the MCC
8  proceeding, the Hutt proceeding.  The Libby claimants moved
9  for summary judgment, Messrs. Hutt and Osborn, and they
10 graciously agreed and MCC graciously agreed and consented to
11 us filing an amicus brief.  We filed a motion just to cross
12 all the Ts and dot all the Is.  We attached the brief, the
13 brief -- the motion was filed in the beginning of July, I
14 believe, when the briefing was due, and so we just asked
15 permission to be able to have that brief entered in the
16 record.
17          THE COURT:  Does anyone else wish to be heard in
18 connection with this motion?
19          I hear no response.  I don't have any questions.
20 Do you have a form of order for me?
21          MR. GIANNOTTO:  We do, Your Honor.  May I
22 approach?  And this has been -- all relevant parties have
23 seen this, Your Honor.
24          THE COURT:  Very well.  Thank you.
25      (Pause)

1           THE COURT:  That order has been signed.

2           MR. O'NEILL:  Your Honor, the next two items are

3   the two status on the adversaries and I'll turn it over to

4   Counsel.

5           THE COURT:  All right.

6           MR. COHN:  Good afternoon, Your Honor, Daniel

7   Cohn, I represent the plaintiffs in the proceeding versus

8   Maryland Casualty and the defendants in the proceeding

9   brought by CNA, but they're essentially mirror proceedings

10  of each other in the sense that they each seek declaratory

11  judgments about the applicability of that channeling

12  injunction to claims brought by asbestos victims in Montana

13  against the insurance companies.

14           I want to emphasize that reorganized Grace is not

15  implicated in these proceedings at all, is not a party to

16  any of these proceedings and won't be affected by the

17  result.  This is purely a matter of whether these

18  plaintiffs can obtain compensation from these insurers based

19  on their own alleged wrongdoing independent of Grace.

20  That's all I'm going to say about it.

21           We've had discussions amongst Counsel, we don't

22  see the need to -- unless you have any questions, don't see

23  the need to go into the substance of the proceedings, but we

24  have -- amongst ourselves we've had some procedural

25  discussions, and those discussions have led to a consensus

1   that because the two proceedings are related enough it would
2   make sense -- or more accurately, the two -- let me back up
3   a second.
4            In the Maryland Casualty proceeding, on behalf of
5   my own clients, we brought a motion for summary judgment.
6   That has been fully briefed, actually as of today we filed
7   our reply brief.  So there's been our motion and opening
8   brief, there's been replies by Maryland Casualty and the one
9   that you just accepted from CNA, and then a reply brief by
10  the plaintiffs, so that one is fully briefed.
11           In the CNA proceeding, which got started a little
12  bit later, what happened was CNA brought the declaratory
13  judgment proceeding.  I responded on behalf of the asbestos
14  victims with a motion to dismiss.  That motion and opening
15  brief have been filed, but there have not -- there's not yet
16  been the opposition, although there will be, and then of
17  course we'll have the right to file a reply brief.
18           So what the parties did was agreed on a scheduling
19  order that would govern the responses to the motion to
20  dismiss.  And then in addition we wanted to ask your
21  permission for those two motions to be consolidated for
22  purposes of oral argument, because I think when you look at
23  the briefing you'll notice that there's a considerable
24  overlap.  Most of the issues that affect CNA and Maryland
25  Casualty are identical or very closely related.  And so we

1  thought that it would be useful for the Court to hear oral
2  argument all at once.
3          And given that the briefing of the CNA proceeding,
4  which is the last one, will be completed by the end of
5  September or early October, we expect, we would like to ask
6  if you could give us a date in November for oral argument of
7  both the summary judgment motion in the MCC proceeding and
8  the motion to dismiss in the CNA proceeding.
9          THE COURT:  How does November 24th at 1 o'clock
10 sound?
11     (Pause)
12         MR. COHN:  Terrific for me, Your Honor.
13     (Pause)
14         MR. COHN:  You see the -- notice the triumph of
15 the paper calendar.
16         THE COURT:  A dinosaur.
17         MR. COHN:  Well, but I could actually give you an
18 answer about what's going on two months from now without --
19         UNIDENTIFIED SPEAKER:  Everyone is trying to
20 figure out if that's Thanksgiving day.
21         THE COURT:  No, it's --
22         MR. LONGOSZ:  No, the 24th is Tuesday,
23 Thanksgiving --
24         THE COURT:  -- Tuesday.
25         MR. LONGOSZ:  -- is the 26th.  Ed Longosz on

```
 1   behalf of Maryland Casualty, Your Honor.  I too have a paper
 2   calendar, which --
 3             THE COURT:  Another dinosaur.
 4             MR. LONGOSZ:  -- appears to have the 24th
 5   available.  And Mr. Wisler, my co-counsel, has a paper
 6   calendar as well, which -- so --
 7             MR. GIANNOTTO:  Your Honor, Michael Giannotto
 8   again.  I have an electronic calendar and November 24 is
 9   good with me as well.
10             THE COURT:  Okay.  Well, if you're finished, I'll
11   just ask if anyone else wishes to be heard in connection
12   with the status of either or both of those two adversaries.
13             MR. COHN:  I think the only thing I wanted to add
14   is that we did submit a form of proposed scheduling order
15   and, if you'd like, I can hand mine up and fill in the date,
16   and then it could be entered or --
17             THE COURT:  I actually have it here and have
18   signed it.
19             MR. COHN:  Terrific.
20             MR. LONGOSZ:  Your Honor, what time will it be on
21   the 24th?
22             THE COURT:  1 o'clock in the afternoon.
23             MR. LONGOSZ:  Thank you.
24             MR. COHN:  Thank you very much, Your Honor.
25             THE COURT:  Anyone else wish to be heard?  All
```

1   right, I hear no further response.

2           Mr. O'Neill, anything else we need to talk about

3   today?

4           MR. O'NEILL:  No, Your Honor, thank you very much.

5   That's all we have on the agenda for today.

6           THE COURT:  All right, thank you all very much.

7   That concludes this hearing.  Court will stand adjourned.

8       (Chorus of thank you)

9       (Whereupon the Court recessed at 1:10 p.m.)

10

11                          * * * * *

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T I O N

I, Tracey Williams, certify that the foregoing transcript is a true and accurate record of the proceedings.

_____

Tracey Williams

AAERT Certified Electronic Transcriber CET**00152

Date:  August 20, 2015

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501