IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & CO., et al.,[1]<br><br>Reorganized Debtors. | ) Chapter 11<br>)<br>) Case No. 01-01139 (KJC)<br>) (Jointly Administered)<br>)<br>) Hearing Date: Motion to Shorten Notice of Hearing<br>) filed Contemporaneously herewith<br>) Objection Deadline: TBD<br>)<br>) Related to Docket Nos. 32600, 32601 and 32603 |

**MOTION BY SGH ENTERPRISES, INC. REQUESTING: (I) AN EXTENSION OF THE RESPONSE DEADLINE REGARDING REORGANIZED DEBTORS' THIRTY EIGHTH OMNIBUS OBJECTION TO CLAIM, AND (II) A CONTINUANCE OF THE HEARING WITH RESPECT THERETO**

SGH Enterprises, Inc. (f/k/a Samson Hydrocarbons, Inc. ) ("SGH") requests and moves for: (i) a thirty day extension of the September 4, 2015, deadline to respond to the *"Thirty-Eighth Omnibus Objection to Claims filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)"* [Docket No. 32600] (the "Objection") and the *"Declaration of Richard C. Finke in Support of the Thirty- Eighth Omnibus Objection to Claims filed by SGH Enterprises, Inc. (Substantive and Non- Substantive Objection)"* [Docket No. 32601] (the "Finke Declaration" and collectively with the Objection, the "Claim Objection") filed by Reorganized Debtors on August 18, 2015, and (ii) a corresponding continuance of the hearing contemplated by the Claim Objection set for September 23, 2015 at 2:00 p.m.[2] so that it occurs at least seven days after the response deadline. This chapter 11 proceeding is approximately fourteen years

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn."). Grace Energy Corporation was a Reorganized Debtors whose case has been closed.

[2] The Notice filed with the Objection lists in the caption the hearing date of September 23, 2105 at 2:00 p.m., however, the substance of the Notice lists September 4, 2015 at 2:00 p.m. The Reorganized Debtors subsequently filed on August 19, 2015 the "Corrected Notice of Thirty-Eighth Omnibus Objection to Claims Filed By SGH Enterprises, Inc. (Substantive Objection and Non-Substantive Objection)" [Docket No. 32603] (the "Corrected Notice") that has the same discrepancy. In a telephone conversation with Reorganized Debtor's counsel, it was clarified the proposed hearing date on the Claim Objection is September 23, 2105 at 2:00 p.m.

PHIL1 4842773v.5

old. On August 17, 2015, eighteen months after Reorganized Debtors' chapter 11 plan became effective, Reorganized Debtors filed an extensive forty page substantive claim objection requesting disallowance, for a wide array of reasons, of a number of proofs of claim filed by SGH totaling more than $17 million. Some of the objections are fact dependent and others purport to involve legal issues. The Claim Objection implicates issues of state and federal law. Properly framing the issues will require analysis of thousands of pages of documents, including those related to expenses and payments incurred over a number of years. Properly framing the issues to be decided will be critical for judicial efficiency and to allow the parties to conduct tailored discovery and prepare for potential motions for summary judgment or contested evidentiary issues. SGH needs more than seventeen days to adequately address and respond this extensive Claim Objection. Importantly, the requested extension, if granted, will not prejudice the Reorganized Debtor in any way. At the same time, if the requested extension is denied, SGH will be severely prejudiced. SGH has requested the consent of the Reorganized Debtors for the extension. The Reorganized Debtors have declined, except under conditions that are unacceptable to SGH. The requested extension and continuance are reasonable, fair and necessary. In support of the requested extension, SGH respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion are 11 U.S.C. 105 and 502, Fed. R. Bankr. P. 3007 and 9006 Del. Bankr. L. R. 3007-1 and 9006.

3. These chapter 11 proceedings were commenced on April 2, 2001.

4. The Effective Date of the confirmed chapter 11 Plan ("Plan") in these cases was February 3, 2014 [Docket no. 31732].

## BACKGROUND

5. <u>The Plan pays claims in full.</u> Under the confirmed Plan in these cases, allowed Claims are to be paid in full, with post-petition interest. Allowance or denial of SGH's Claims will not impact payment of any other creditors' allowed claims.

6. <u>The claim objection extensions granted to Reorganized Debtors.</u> Under Article 5.1 of the confirmed Plan, the deadline for the Reorganized Debtors to file claims objections was the 180th day after such Effective Date (in August 2014), but the Plan allows Reorganized Debtors to request extensions. The Reorganized Debtors requested from this Court, and received without objection by SGH, three separate significant extensions of the deadlines to file claims. Recently, on June 12, 2015, the Reorganized Debtors filed their third request for an extension of the deadline to object to claims. [Docket no. 32574]. The request was granted and the current claim objection deadline is July 31, 2016 [Docket no. 32582].

7. <u>The Claim Objection was filed timely.</u> There is no deadline by which the Claims Objection must be resolved. There are no other statutory or judicial deadlines mandating an expedited consideration of the Claim Objection.

8. <u>SGH's proofs of claim</u>: SGH filed proofs of claim, as amended, in the bankruptcy cases of Grace-Conn and Grace Energy Corporation based, in part, on contractual indemnity provisions under a series of agreements. The proofs of claim identify a number of claims and indemnity obligations (collectively, the "Claims") against Grace-Conn and Grace Energy Corporation related, in part, to defending or resolving a number of environmental claims and matters. One part of the Claims, approximately $77 million related to the Otis Pipeline matter in Massachusetts, and has been resolved through an agreement approved by this Court.

9. The Claims (described under 6 different descriptive headings) not yet resolved are varied and relate, in part, to different properties, generally involving, *inter alia*: (i) a claim related to Emergency Administrative Orders of the Environmental Protection Agency with respect to Fort Peck, Montana, together with potential further costs and expenses ; (ii) a claim by the City of Poplar or private parties related to potential clean water act, CERCLA, and tort assertions with respect to activity in Montana, together with potential further costs and expenses; (iii) a claim related to alleged contamination of real property in Roosevelt County, Montana by certain salt water disposal operations; (iv) a claim related to a consent decree and remediation costs for the so-called Casmalia site in California, including potential further costs and expenses; and (v) claims related to lawsuits in Oklahoma seeking environmental clean-up or response costs. In some cases, the Claims include settlement payments. The unresolved claims exceed $17 million, including potential further costs and expenses. Attached to the latest amended proofs of claim is a list of invoices identifying expenses that are part of the Claims.

10. SGH and Reorganized Debtors have discussed the open Claims in an effort to resolve them. A joint defense and confidentiality agreement was approved by this Court's Protective Order Pursuant to Fed. R. Evid. 502 dated March 3, 2015 [Docket no. 32514]. In March 2015, SGH provided Reorganized Debtors with several thousand pages of documents, including invoices, supporting the Claims, with an expectation of further discussions to resolve the Claims.

11. <u>The Claim Objection</u>. After several months of relative silence, on August 18, 2015, Reorganized Debtors filed the forty page Claim Objection. The deadline to respond to the Claim Objection is September 4, 2015, and according to the Claim Objection and a subsequent Corrected Notice and ensuing conversations with counsel to the Reorganized Debtors, a hearing

PHIL1 4842773v.5

on the Claim Objection is currently set for September 23, 2015 at 2:00 p.m. SGH disputes the Claim Objection, and anticipates filing a detailed and substantive response that addresses the allegations in the Claim Objection.

12. The Claim Objection seeks to invalidate the open Claims for an array of reasons. For example, the Reorganized Debtors assert generally that: the indemnification does not apply to some Claims; the subject agreements are not executory contracts; the indemnification obligations were terminated, at least as to future obligations, due to subsequent actions; and the Court should determine whether any indemnification claims must be disallowed under section 502(e)(1) of the Bankruptcy Code. Further, the Reorganized Debtors assert that SGH must prove that expenses were actually paid (some payments made over a decade ago); that the expenses were reasonable; and that settlements reached in environmental disputes were reasonable and were fully funded by SGH. *See* Claim Objection at pp. 5-6.

13. As reflected in the proposed order filed with the Claim Objection, the Claim Objection requests that at the initial hearing: (i) the Court establish a list of issues and Claims on which Reorganized Debtors may file summary judgment motions, and (ii) the Court establish a list of issues and Claims for which an evidentiary hearing will take place, with entry of a scheduling order for discovery, other pre-trial matters and trial. SGH does not quarrel, in principal, with working toward a fair, efficient and sensible approach that would frame the issues and establish procedures necessary to resolve or litigate each discrete set of issues. But, at this point, SGH objects to not being allowed sufficient time to adequately review and consider the Claim Objection, prepare a response, consider the proposed order, and the appropriate schedule and scope of discovery, motion practice and trial (SGH reserves all objections to the proposed order).

14.  In addition to providing SGH with sufficient time to research and respond to the allegations in the Claim Objection, granting the requested extension should enable the parties, with or without the Court's assistance, to properly frame the issues to be resolved by dispositive motions, with agreement on the facts and documents to be considered in any such motion. The extension may also provide an opportunity to identify those discreet issues that may need to be resolved after discovery, motion practice and an evidentiary hearing. Moreover, it is possible that after analysis of the Claim Objection and SGH's response thereto, mediation may be an appropriate vehicle for resolution.

### REQUEST FOR RELIEF

15.  By this Motion, SGH requests: (i) a thirty day extension of the deadline to respond to the Claim Objection and any related deadlines, and (ii) a corresponding continuance of the hearing set for September 23, 2015 as contemplated by the Claim Objection to occur at least seven days after the response deadline. As part of this request, in an effort to address any potential claim of prejudice by the Reorganized Debtors, SGH will forego interest that would otherwise accrue under the chapter 11 Plan during any extension period granted by the Court, without prejudice to its right to interest on such Claims accruing other than during the extension period.

### ARGUMENT

16.  **SGH is prejudiced**. The response to the Claim Objection is a significant undertaking, dealing with a number of asserted substantive objections, asserted Claims, and a number of potentially complicated issues. Analysis is required of state law, the Bankruptcy Code and federal law and of facts that span a number of years. There are likely several thousand documents that may be relevant to an analysis of the facts and law in this case. SGH needs more time to analyze and respond to the Claim Objection. SGH is prejudiced if it must consider, draft

and file a substantive response in seventeen days. SGH needs more time to analyze the objection so it may address and determine whether it agrees, disagrees or has alternatives to summary judgment and the scheduling process requested by the Reorganized Debtors.

17. Further, SGH needs more time to gather information needed to address, or potentially resolve or limit, various objections raised in the Claim Objection. The scope of the records requested is broad (further records showing the reasonableness of payments) and cover a significant time frame.

18. Moreover, trial counsel for SGH will be in trial during the week of September 21, 2015, and is currently not available to participate in a scheduling hearing during that week.

19. Finally, Delaware co-counsel, who has been involved in this case representing SGH recently advised SGH that she had a conflict and would no longer be available. As a result, on August 21, 2015, SGH retained Klehr Harrison Harvey Branzburg LLP as replacement Delaware co-counsel, who is in the process of becoming familiar with this dispute.

20. The requested extension and continuance are fair, reasonable and necessary to allow SGH to properly respond to the Claim Objection. A seventeen day response deadline and hearing date is not fair, and serves no purpose other than to impair SGH's response and case.

21. **Reorganized Debtors are not prejudiced**. There is no emergency, pressing problem, or other prejudice to the Reorganized Debtors that weighs against a reasonable extension and continuance. The confirmed Plan requires Grace to pay all allowed claims in full and the allowance or disallowance of SGH's Claims (in whole or in part) does not impact payment of other claims. The Claim Objection arises eighteen months after the effective date of the chapter 11 Plan. As noted, in order to avoid any claim of prejudice, SGH will forego interest that would otherwise accrue during this thirty day extension period on its allowed Claims under

the chapter 11 Plan, without prejudice to SGH's Claims and its right to interest on such Claims accruing other than during the extension period.

22. It is noteworthy that, on one hand, Reorganized Debtors have requested and received three significant extensions of the deadline to file objections to claims (over 2 years of extensions). Yet, with no deadline approaching -- and after being provided access in late March 2015, to supporting information regarding the Claims -- the Reorganized Debtors file a 40 plus page claim objection, and will not agree to reasonable extensions of a response deadline and hearing date. The Reorganized Debtors refusal to grant an extension is unwarranted.

23. The Reorganized Debtors did not agree to a thirty day extension, absent conditions that are not acceptable. Very recently, the Reorganized Debtors, through counsel, indicate that an ten day extension of the response deadline may be available if SGH commits to resolve the proposed order attached to the Claim Objection before the hearing. This conditional extension is not sufficient and the parties may not agree on a form of order, as proposed by the Reorganized Debtors.

24. The Motion should be granted. Moreover, it is possible that after analysis of the Claim Objection and SGH's response thereto, mediation may be an appropriate vehicle for resolution.

### NO PREVIOUS MOTION

25. No previous motion for the relief sought herein has been made to this or any other court.

### NOTICE

26. Notice of this Motion has been given to: (i) the Office of the United States Trustee, Attn: Richard L. Schepecarter, Esquire, 844 N. King Street, Wilmington, Delaware 19801 (fax number 302-573-6497); (ii) Reorganized Debtors, through co-counsel, Roger J.

Higgins, The Law Offices of Roger Higgins, LLC, 1 North Bishop Street, Suite 14, Chicago, IL. 60607 and James E. O'Neill, Pachulski Stang Ziehl & Jones LLP, , 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899, (iii) counsel for the Official Committee of Unsecured Creditors, Michael Magzamen, Strook & Strook & Lavan, 180 Maiden Lane, New York, NY 10038-4982 (fax 212-806-6006), and Michael R. Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246 (fax 302-657-4901); (iv) counsel to the Official Committee of Asbestos Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Baena, Price & Axelrod, 1450 Brickell Avenue, Suite 2300, Miami, FL 33131 (fax 305-374-7593), and Michael B. Joseph, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899 (fax 302-575-1714); (v) counsel to the Official Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch, Caplin & Drysdale, Chartered, 375 Park Avenue, 35th Floor, New York, NY 10152-3500 (fax 212-644-6755), and Marla Eskin, Campbell & Levine, LLC, 222 Delaware Avenue, Suite 1620, Wilmington, DE 19801 (fax 302-426-9947); (vi) counsel to the Official Committee of Equity Holders, Thomas M. Mayer, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022 (fax 212-715-8000), and Teresa K.D. Currier, Saul Ewing LLP, 222 Delaware Avenue P.O. Box 1266, Wilmington, DE 19899-1397 (fax 302-421-6813); (vii) counsel to the Asbestos PI Future Claimants' Representative, Richard H. Wyron, FrankelWyron LLP, 2101 L Street, NW, Suite 800, Washington, DC 20037 (fax 202-627-3002), and John C. Phillips, Jr., Phillips, Goldman & Spence, P.A., 1200 North Broom Street, Wilmington, DE 19806 (fax 302-655-4210); (viii) counsel to the Asbestos PD Future Claimants' Representative, Karl Hill, Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, P.O. Box 68, Wilmington, DE 19899 (fax 302-888-0606), and Alan B. Rich, Law Office of Alan B. Rich, Esq., 1201 Elm Street, Suite 4244,

Dallas, TX 75270 (fax 214-749-0325), and (ix) those other parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002 and receive that notice though ECF service shall receive such notice through ECF. In light of the nature of the relief requested, SGH submits that no further notice is required.

**[remainder of this page is intentionally left blank]**

PHIL1 4842773v.5

WHEREFORE, SGH respectfully requests that the Court grant this Motion and enter the Order attached hereto as Exhibit A granting such other relief as may be appropriate.

Dated: August 25, 2015
Wilmington, Delaware

/s/ Domenic E. Pacitti
Domenic E. Pacitti (DE Bar No. 3989)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193

- and -

Morton Branzburg (*pro hac vice* admission pending)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-3007
Facsimile:    (215) 568-6603

- and -

David Swanson (*pro hac vice* admission pending)
Gregory Lowry (*pro hac vice* admission pending)
  Texas Bar No. 12641360
**LOCKE LORD, LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**ATTORNEYS FOR SGH ENTERPRISES, INC. (F/K/A SAMSON HYDROCARBONS COMPANY)**