**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) **Hearing Date:  August 25, 2015, at 12:00 p.m., ET** |
| | ) |
| | ) **Related to Docket nos. 32600, 32601, 32603, 32608,** |
| | ) **32609 & 32610** |

**RESPONSE TO MOTION BY SGH ENTERPRISES, INC. REQUESTING: (I) AN
EXTENSION OF THE RESPONSE DEADLINE REGARDING REORGANIZED
DEBTORS' THIRTY EIGHTH OMNIBUS OBJECTION TO CLAIM, AND (II) A
CONTINUANCE OF THE HEARING WITH RESPECT THERETO**

The Reorganized Debtors are not opposed to SGH Enterprises, Inc., ("SGH") having a reasonable extension of time to respond to the *Reorganized Debtors' Thirty-Eighth Omnibus Objection to Claims Filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* (the "Claim Objection").[2]  Moreover, SGH failed to disclose in its Motion to Extend why it and the Reorganized Debtors were unable to agree on such an extension.

It has been reported in the press that SGH's affiliate, Samson Resources, Inc. ("Samson") is planning to commence its own bankruptcy case prior to September 16, 2015.  *See, e.g.*, *KKR's Samson Resources Plans Chapter 11 Filing by Mid-September*, THE WALL STREET JOURNAL, August 14, 2015, attached hereto as Exhibit A.  Such a filing could potentially include affiliates of Samson. .

If SGH were to commence such a bankruptcy case, Bankruptcy Code section 362(a) would impose an automatic stay that would prevent this Court from proceeding with resolving

---

[1]    The Reorganized Debtors comprise W. R. Grace & Co. ("Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2]    The *Motion by SGH Enterprises, Inc. Requesting: (I) an Extension of the Response Deadline Regarding Reorganized Debtors' Thirty Eighth Omnibus Objection to Claim, and (II) a Continuance of the Hearing With Respect Thereto, filed on August 25, 2015* [Docket no. 32608] is the "Motion to Extend."

the Claim Objection until such time as the stay was lifted or that bankruptcy case ended. The Reorganized Debtors have two concerns about such an eventuality.

First is that such a stay could last for many months, at the very least, during which time interest (as required by Plan Art. 3.1.9(b)) would continue to accrue on the Allowed amount (if any) of the SGH Claim. SGH has agreed (as stated in the Motion to Extend) that interest would not accrue for the period of a short-term extension of the response deadline. The Reorganized Debtors would like to obtain assurance from SGH (which has not been forthcoming to date) that, in the event that SGH were to commence a bankruptcy case, interest does not continue to accrue during the period that the automatic stay would in place.

Second, the SGH has nine open claims, out of a mere 25 that remain unresolved in the Reorganized Debtors' chapter 11 cases (out of more than 10,000 filed). These claims must be resolved before the Reorganized Debtors can finally close their two remaining chapter 11 cases. It was in this context that, subsequent to filing the Claim Objection and prior to SGH filing its Motion to Extend, the Reorganized Debtors asked SGH to discuss a form of order that would acceptable to SGH regarding the relief sought in the Claim Objection—which, among other things, was to provide a deadline by which the parties would submit to the Court a form of order scheduling the litigation necessary to adjudicate the SGH Claim. SGH refused to do so.

<u>DISCUSSION</u>

1.      The Reorganized Debtors filed the Claim Objection on August 18, 2015, after negotiating for a number of months with SGH in an attempt to obtain documentary support for the approximately $17,161,169.67 of purported indemnification obligations set forth in the SGH Claim (Claim no. 18551, attached to the Claim Objection as <u>Exhibit A</u>). The only additional information that SGH provided were certain law firm invoices, pursuant to the SGH Legal

Invoice JDA.[3]  Despite repeated requests, SGH made no effort to tie those invoices to the legal fees for which it was requesting indemnification.  Despite repeated other requests from Grace, SGH has also, to date, refused to provide any further documentation to support the other components of the SGH Claim.

2.      This refusal by SGH left the Reorganized Debtors with no alternative but to file the Claim Objection in order to start the ball rolling in terms of putting together a realistic—and hopefully consensual—litigation schedule by which to resolve the SGH Claim.  Notwithstanding SGH's assertions in its Motion to Extend, the Claim Objection does not require SGH to respond substantively by September 4, 2015, to the Reorganized Debtors' objections to the SGH Claim. All that the Claim Objection requires by September 4 is a meaningful response from SGH to the Reorganized Debtors' request that this Court require the parties to file a consensual proposed form of scheduling order within some period subsequent to the hearing currently scheduled for September 23, 2015.  The Claim Objection contemplates that only then would the process of substantively resolving the SGH Claim commence—a date that at the earliest would be many weeks from now.

### PROPOSED RESOLUTION TO SGH'S REQUESTED RELIEF

3.      As mentioned above, the Reorganized Debtors have no objection to SGH having a reasonable extension of time to respond to the Claim Objection.  Therefore, the Reorganized Debtors propose that the form of order attached to the Motion to Shorten be modified as follows:

- SGH has until October 15, 2015, to respond to the Claim Objection (the "Extended Response Deadline").

---

[3]    This Court approved the parties' *Joint Defense and Confidentiality Agreement* (the "SGH Legal Invoice JDA") in its *Protective Order Pursuant to Fed. R. Evid. 502*, dated March 3, 2015 [Docket no. 32514].

- The hearing currently scheduled for September 23, 2015, will be rescheduled at the Court's convenience to a date on or after October 26, 2015 (the "Preliminary Scheduling Hearing").

- If SGH becomes a debtor in bankruptcy prior to the Extended Response Deadline, SGH will not oppose a motion by the Reorganized Debtors to lift the automatic stay in any such bankruptcy solely for purposes of resolving the SGH Claim in this Court. The Reorganized Debtors would agree not file any such motion until at least 60 days after the commencement of such a bankruptcy, in order to give SGH the opportunity to get is feet firmly on the ground.

- In that eventuality, the Extended Response Deadline will be 45 days after the date on which an order was entered lifting the automatic stay to resolve the SGH Claim. The Preliminary Scheduling Hearing would be set at the Court's convenience no earlier than ten days after the Extended Response Deadline.

- SGH will agree that post-petition interest would cease to run until the Preliminary Scheduling Hearing.

<u>**NOTICE**</u>

4.    Notice of this Motion has been given to:  (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) counsel for SGH.  In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors request the Court enter the form of order attached to SGH's Motion to Extend modified as requested herein and grant such other relief as may be appropriate.

Dated:  August 25, 2015

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431


and

PACHULSKI STANG ZIEHL & JONES LLP


_____*/s/ James E. O'Neill*_____

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors