## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W. R. GRACE & CO., et al., | § | Case No. 01-01139 (JKF) |
| | § | |
| *Debtors.* | § | Re: Docket No. 18821, 31812, 32624 |

## BRIEF OF THE PROPERTY DAMAGE
## FUTURE CLAIMANTS' REPRESENTATIVE

Alexander M. Sanders, Jr., Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands (the "PD FCR"), submits this brief regarding the pending motion for class certification filed by Anderson Memorial Hospital, and for which would show as follows:

While he was not a "Plan Proponent," the PD FCR was a strong supporter of the Plan that this Court confirmed.  He filed supporting briefs and offered supporting testimony at the confirmation hearing.  He briefed and argued in favor of the Plan at the Third Circuit.  He supported the establishment and structure of the Property Damage Trust, and he still does.  Indeed, with respect to the future claimants who might one day have "traditional" property damage claims against the PD Trust, the PD FCR noted in his post-confirmation trial brief that:

Future claimants with traditional property damage claims and those with ZAI claims will be very well served if the Plan before this Court is confirmed.  As for the future claimants with traditional property damage claims, it is rare for so large an asbestos constituency, with such substantial claims, to virtually "pass-through" a large Chapter 11 case with the only real effect on their rights being a requirement to bring their cases in a federal, rather than state, forum.

Doc. #2634 at 1.

After careful consideration, the PD FCR believes that certifying a class of traditional property damage claimants would be in the best interests of future claimants.

The PD FCR believes that, as to potentially hundreds or even thousands of claims, certifying the class would eliminate any lingering concern over whether such claims are timely brought.  Certification would also eliminate untold millions of dollars in costs to both the claimants as a whole, as well as the reorganized debtor.  This is in addition to the almost inconceivable amount of judicial time and effort needed to adjudicate the coming claims individually.  Certification would also promote (or at least be neutral to) Grace's stated goals for having a traditional property damage trust in the first place – that such claims "be subject to uniform procedures designed to determine whether they have been discharged by the Plan and the Asbestos PD Claims Bar Date," and making sure that "litigation concerning such future Asbestos PD Claims... be subject to the Federal Rules of

Civil Procedure and Evidence."[1]

The PD FCR fully intends to continue to protect the rights of unknown future claimants, whether or not the class is certified.  If there is to be a class, the PD FCR will work with class counsel and the reorganized debtors' counsel to make sure that those future claimants' rights are fully respected by whatever process is put into place following certification.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
*pro hac vice*
Texas Bar No. 16842350
1201 Elm Street, Suite 4244
Dallas, Texas  75270
(214) 744-5100
arich@alanrichlaw.com

COUNSEL TO ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

---

[1] Proffer of Richard Finke, Esq., p. 5 (¶¶21-22).

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 23rd day of November, 2015, this document was served by delivery through the ECF system.

_____