# Exhibit 4

)                                    )

IN THE STATE OF SOUTH CAROLINA )
                               )   IN THE COURT OF COMMON PLEAS
COUNTY OF HAMPTON              )


                               )
ANDERSON MEMORIAL HOSPITAL,    )       Case No. 92-CP-25-279
on behalf of itself and others )
similarly situated             )       SECOND AMENDED
                               )    CLASS ACTION COMPLAINT
           Plaintiff,          )
                               )      JURY TRIAL DEMANDED
       v.                      )
                               )
W.R. GRACE & COMPANY; W.R.     )
GRACE & COMPANY-CONNECTICUT;   )
UNITED STATES GYPSUM COMPANY;  )            FILED
USG CORPORATION;               )            12:50 pm
UNITED STATES MINERAL PRODUCTS )          SEP - 5 1996
COMPANY; ASBESTOS PRODUCT      )        Virginia P. Harter
MANUFACTURING CORPORATION;     )        CLERK OF COURT
ASBESTOSPRAY CORPORATION;      )        HAMPTON COUNTY
H & A CONSTRUCTION CORPORATION,)
formerly SPRAYCRAFT;           )
T & N, plc, formerly           )
TURNER & NEWALL, PLC and       )
TURNER & NEWALL, LTD;          )
                               )
           Defendants.         )
_____)

        Plaintiff, Anderson Memorial Hospital, brings this action
on behalf of itself and all others similarly situated as a
voluntary class action under Rule 23 of the South Carolina Rules of
Civil Procedure, and alleges:

                          PARTIES

        1.   Plaintiff Anderson Memorial Hospital is a nonprofit
corporation organized and existing under the laws of the State of
South Carolina.

        2.   The above-named defendants (and/or their predecessors
in interest) are all corporations, companies or other business
entities which have been and/or are now engaged in the business of
manufacturing, selling and/or distributing friable and potentially

)                                    )

friable asbestos-containing surfacing materials which are sprayed-on, trowelled-on or otherwise applied to surfaces in buildings, such as acoustical plaster on ceilings and fireproofing materials on structural members, or other materials on surfaces for acoustical, fireproofing, or other purposes.

3.    Subject to the exceptions listed in paragraph 4, the class of plaintiffs consists of all persons, corporations, partnerships, unincorporated associations or other entities which own in whole or in part any building in South Carolina which contains asbestos-containing surfacing materials; these buildings have suffered or will suffer asbestos contamination caused by the release of asbestos fibers from asbestos-containing surfacing materials manufactured, sold and/or distributed by defendants or for which Defendants are otherwise liable.

4.    The class does not include: a) any public and private elementary and secondary school within the class action <u>In re: Asbestos School Litigation</u>, 104 F.R.D. 422 (E.D.Pa.1984), <u>aff'd in part and vacated in part</u>, 789 F.2d 996 (3rd Cir. 1986), <u>cert. denied</u>, 479 U.S. 852, 915 (1986); b) any public and private college or university within the class action <u>Central Wesleyan College v. W. R. Grace & Co.</u>, CA No. 2:87-1860-8 (D.S.C.); c) any commercial building leased in any part to the United States government on or after May 30, 1986, within the class action <u>Prince George Center, Inc. v. United States Gypsum Co.</u>,    C.A.No. 5388 (Philadelphia Common Pleas Court); or d) any building owned by the State of South Carolina within the action <u>The State of South Carolina v. W. R. Grace & Co., et al.</u>, C.A. No. 3:87-2879-0 (D.S.C.).

2

)                                    )

### STATEMENT OF JURISDICTION

5.  Plaintiff is a nonprofit corporation organized and existing under the laws of the State of South Carolina; it owns buildings located in South Carolina and its injuries complained of below occurred or will occur in whole or in part in the State of South Carolina.

6.  Defendants used the ports of South Carolina or the roads and other means of transportation in the State of South Carolina to transport their products into the State of South Carolina where they sold and/or distributed their products to South Carolina residents or entities for use in buildings located in South Carolina.

7.  Defendants are all subject to the jurisdiction of this court in that Defendants transacted business in this state, committed tortious acts in whole or in part in this state, and/or produced, manufactured or distributed goods with the reasonable expectation that those goods would be used in this state and the goods were used in this state.

8.  Defendants have caused or will cause, and all class members have suffered or will suffer, property damage as a result of the acts or omissions of these defendants.

9.  The amount in controversy exceeds one hundred ($100.00) dollars for each member of the class, and some class members have suffered and will suffer less than fifty-thousand dollars ($50,000.00) in damages.

### CLASS ACTION ALLEGATIONS

10. Subject to the exceptions listed in paragraph 4, the

3

class of plaintiffs consists of all persons, corporations, partnerships, unincorporated associations or other entities which own in whole or in part any building in South Carolina which contains or formerly contained asbestos-containing surfacing materials.

11. The class is sufficiently numerous that joinder of all members is impracticable.

12. Plaintiff will fairly and adequately protect the interests of the class. The interests of the class representative are coincident with, and not antagonistic to, those of the other class members and plaintiff is represented by experienced and able counsel who have previously litigated class actions and similar types of cases.

13. There are questions of law and fact common to the class. Common questions of law include the liability of defendants for property damage caused by asbestos-containing surfacing materials in buildings. Common questions of fact include the available scientific and technical knowledge when the asbestos-containing surfacing materials were manufactured and sold; defendants' knowledge or reason to know of the health hazards of asbestos and asbestos-containing products; defendants' failure to warn class members of such hazards; the need for inspection and identification of asbestos-containing surfacing materials in class members' buildings; and the resultant damages incurred by members of the class.

14. Plaintiff's claims are typical of the class members' claims and derive from a common nucleus of operative facts in that

asbestos-containing surfacing materials for which Defendants are responsible were installed in Plaintiff's and other class members' buildings. These buildings have suffered or will suffer property damage caused by the release of asbestos fibers from said materials.

15. Upon information and belief, the named plaintiff not only represents a large number of class members whose property is contaminated, but also, due to the defendants' failure to adequately warn of the potential dangers of asbestos products, plaintiff represents an even larger number of class members who have yet to discover that their property has been or will be contaminated by asbestos fibers. For these reasons, a class action is especially appropriate to promote judicial efficiency and to protect class members interests and rights.

16. Each class member has been or will be similarly injured by these defendants' acts and omissions.

17. Class treatment is a superior method for the fair and efficient adjudication of the issues in dispute because it permits a large number of injured parties, joinder of whom is impracticable, to prosecute their common claims in a single forum simultaneously. In addition, it does not infringe upon the rights of those building owners who wish to litigate their claims separately. The class action provides an efficient method whereby the relative rights of the class members and defendants can be fairly managed.

<u>SUBSTANTIVE ALLEGATIONS</u>

18. Defendants manufactured, processed, sold, marketed

and/or placed into the stream of commerce asbestos-containing surfacing materials knowing that they would be used in buildings.

### Asbestos

19. Asbestos is a known human carcinogen. Deterioration of asbestos-containing surfacing materials causes the release of asbestos fibers into the air. Some such products in class members' buildings have already deteriorated to such a point as to make immediate removal of such products necessary. All asbestos-containing surfacing materials will eventually deteriorate to such a point if not earlier removed. In addition, any disturbance of asbestos-containing surfacing materials (such as by contact by building users or maintenance workers, renovation or remodeling, demolition, vandalism, vibration and water damage) also causes a release of fibers. Once released, asbestos fibers are extremely durable and their size and shape permit them to remain airborne for long periods of time.

20. The asbestos-containing surfacing materials in class members' buildings have resulted or will result in property damage because the buildings have been or will be contaminated by the release of asbestos fibers.

21. Because defendants' asbestos-containing surfacing materials have released asbestos fibers or will release asbestos fibers into class members' buildings, each class member faces an enormous and inevitable asbestos removal bill. In addition, to control the asbestos until removal, class members must test, monitor and manage the asbestos-containing surfacing materials.

### Defendants Acts/Omissions

6

22. Defendants sought to suppress, conceal and obscure data on the relationship between asbestos exposure and disease as early as the 1930's.

23. Defendants suppressed, discouraged and retarded research and publication concerning the relationship between asbestos and various diseases, and actively concealed and misrepresented such relationship.

24. Defendants, through their participation in asbestos industry associations, their funding and control of the Saranac asbestos dust studies during the 1930's, their control over trade publications, and through other agreements, understandings, and joint undertakings, cooperated and assisted each other in the suppression and active concealment and misrepresentation of the relationship between asbestos and disease as early as the 1930's.

25. Defendants were aware or should have been aware of certain studies and data linking asbestos with disease, and were aware or should have been aware of the acts of suppression, concealment and misrepresentation of the relationship established thereby being perpetrated for their economic benefit, but nevertheless continued to produce, manufacture, distribute and/or sell asbestos products without any warnings as to potential health hazards or property damage presented by their products.

26. Defendants and those entering the asbestos industry subsequent to the consummation of agreements, understandings and concert of action among the other industry members, adhered to an industry-wide practice of refusing to provide necessary warnings as to the health hazards or property damage presented by exposure to

7

)                                    )

asbestos and asbestos products, and the resulting costs to repair such property damage.

### Damages

27. Because effective control of asbestos contamination is possible only after the asbestos is identified, the named plaintiff and other class members have had to, or will have to, incur the costs of inspection, analysis, containment, removal and replacement of asbestos-containing surfacing materials and other property contaminated with asbestos fibers. Collectively, class members have spent and will spend millions of dollars on asbestos abatement activities and other remedial action to eliminate the asbestos contamination caused by asbestos-containing surfacing materials in their buildings.

28. Class members will be compelled to abate the asbestos-containing surfacing products from their buildings as a result of asbestos contamination. Further, class members will have to dispose of much contaminated property including furnishings, drapes and curtains which cannot be adequately cleaned.

29. Class members must test for and manage asbestos-containing surfacing materials (and incur substantially increased costs) for those building areas where asbestos-containing surfacing materials cannot be immediately removed.

30. All friable asbestos-containing surfacing material must be eventually removed from the class members' buildings separately and at great expense. Each removal project carries with it the additional expense of loss of use of those buildings for the duration of the removal projects.

8

)                                    )

## COUNT I: NEGLIGENCE

31. Plaintiff hereby incorporates by reference each paragraphs of this complaint, as if fully set forth herein.

32. At all times material hereto, defendants knew or should have known that asbestos-containing surfacing products, in their ordinary and foreseeable uses, would be used in buildings.

33. At all times material hereto, defendants manufactured, processed, distributed and/or sold asbestos-containing surfacing products which defendants knew, or through the exercise of reasonable care, should have known were defective and would damage class members' property.

34. Defendants failed to warn, or adequately or sufficiently warn, either directly or indirectly, the foreseeable users of the hazards and costs associated with these materials or of the property contamination they could cause after installation.

35. Defendants failed to test or adequately test the asbestos and/or asbestos-containing surfacing products or use alternate non-asbestos products in their place.

36. Defendants failed to represent accurately to class members, either directly or indirectly, that asbestos as used in the asbestos-containing surfacing products can pose a health hazard and/or contaminate property, whereby class members were induced to purchase and utilize such products.

37. Defendants failed to remove or recommend the removal of asbestos-containing surfacing products from the market; to undertake the responsibility to test for, and remove and replace, asbestos-containing surfacing materials in buildings when they knew

9

or should have known that the presence of such asbestos material in a readily-releasable form would contaminate buildings.

38. Defendants at all times have failed and continue to fail to perform their continuing duties to warn, recall, and abate.

39. As a result of defendants' conduct, plaintiff and class members have suffered and will continue to suffer damage.

COUNT II:
GROSS NEGLIGENCE AND INTENTIONAL,
WILLFUL AND WANTON, AND RECKLESS MISCONDUCT

40. Plaintiff hereby incorporates by reference each paragraphs in this complaint, as if fully set forth herein.

41. At all times material hereto, defendants knew or should have known friable asbestos-containing surfacing products, in their ordinary and foreseeable uses, would be used in buildings.

42. At all times material hereto, defendants manufactured, processed, distributed and/or sold asbestos-containing surfacing products which defendants knew, or through the exercise of reasonable care, should have known were defective and would damage class members' property.

43. Defendants failed to warn, or adequately or sufficiently warn, either directly or indirectly, the foreseeable users of the hazards and costs associated with these materials or of the property contamination they could cause after installation.

44. Defendants failed to test or adequately test the asbestos and/or asbestos-containing surfacing products or use alternate non-asbestos products in their place.

45. Defendants failed to represent accurately to class members, either directly or indirectly, that asbestos as used in

10

the defendants' asbestos-containing surfacing products can pose a health hazard and/or contaminate property, whereby class members were induced to purchase and utilize such products.

46. Defendants failed to remove or recommend the removal of asbestos-containing surfacing products from the market; to undertake the responsibility to test for, and remove and replace, asbestos-containing surfacing materials in buildings when they knew or should have known that the presence of such asbestos material in a readily-releasable form would contaminate buildings.

47. Defendants at all times have failed and continue to fail to perform their continuing duties to warn, recall, and abate.

48. As a result of defendants' conduct, plaintiff and class members have suffered and will continue to suffer damages.

49. All Defendants' acts and omissions complained of in this count were committed by them intentionally, willfully and wantonly, or in reckless indifference to the rights of the Plaintiff and other class members.

## COUNT III:  BREACH OF IMPLIED WARRANTIES

50. Plaintiff hereby incorporates by reference each paragraphs in this complaint, as if fully set forth herein.

51. Defendants failed to represent accurately to class members, either directly or indirectly, that asbestos and asbestos-containing surfacing products are unfit and unsafe to persons and property and would require enormous expenditures to control and ultimately remove.

52. Defendants intended that their asbestos-containing surfacing products be used in buildings for acoustical and

11

)                                    )

fireproofing and other purposes, and impliedly warranted through
the sale, advertising, and/or marketing of their products that
asbestos and asbestos-containing surfacing materials were fit for
their normal and foreseeable uses in buildings.

53. Class members, as foreseeable and intended users of
defendants' products, relied upon defendants' representations,
skill, expertise and judgment in assuming that asbestos and
asbestos-containing surfacing materials would not only perform
their basic functions as warranted, but were safe, would not cause
the class members to suffer property damage, and would not require
enormous sums to maintain and eventually remove.

54. Defendants have consistently refused to assist in any
asbestos abatement despite numerous requests from building owners.
Plaintiff, like the other plaintiffs before them, again demands
responsive action.

55. Defendants breached these implied warranties in that
asbestos-containing surfacing products as manufactured, distributed
and/or sold by defendants are poisonous, carcinogenic, deleterious,
and highly harmful, and can and do contaminate buildings and other
property therein by releasing asbestos fibers, and inevitably
require enormous expenditures to maintain and dispose.

56. As a direct and proximate result of defendants'
breach of implied warranties of good and merchantable quality and
fitness for a particular purpose and for their intended use, and
the presence of the dangerous asbestos-containing surfacing
products in the building resulting therefrom, the class members
have suffered and will continue to suffer direct and material harm

12

)                                    )

and injury.

57. All Defendants' acts and omissions complained of in this count were committed by them intentionally, willfully and wantonly, or in reckless indifference to the rights of the Plaintiff and other class members.

COUNT IV: FRAUD

58. Plaintiff hereby incorporates by reference each paragraph in this complaint, as if fully set forth herein.

59. Defendants at all time in producing, manufacturing, distributing and/or selling their asbestos-containing surfacing products knew that these products were and are hazardous and/or potentially hazardous to human life, health and property, and knew that asbestos fibers cause disease, injury, and death, including but not limited to cancer, and property damage.

60. At all time in marketing their products, defendants falsely and fraudulently represented expressly or impliedly to plaintiff, class members, the public and the market that their products were safe, and defendants suppressed and concealed facts that asbestos products are hazardous and that asbestos fiber cause disease, injury and death to humans, and property damage. Defendants knew of the dangerous propensities when they sold them. Defendants also on other occasions failed to even notify buyers that their products included asbestos.

61. Defendants at all time have had a continuing duty to disclose the dangerous propensities of their products to plaintiff, class members, the public, and the market, and the suppression of these facts constituted misleading and fraudulent

13

misrepresentations because defendants gave information of other
facts, including the uses for which they represented their products
were suited, which were likely to mislead for want of communication
of the suppressed facts, including the hazardous nature of asbestos
and asbestos fibers.

62. The misrepresentations, suppressions, and failures
to disclose information were made by defendants with the intent to
induce plaintiff, class members, the public and the market to
purchase and use the asbestos-containing surfacing products of
defendants in reliance thereon.

63. Defendants have continued at all time to the present
to falsely and fraudulently misrepresent, suppress, and fail to
disclose the dangerous propensities of their asbestos-containing
surfacing products including the facts that their products release
fibers during operations and maintenance, renovation, product
deterioration, and demolition.

64. Plaintiff, class members, the public, and the
market, at the times these failures to disclose and suppressions of
fact occurred, and at the time of purchase and use of the products,
were ignorant of the existence of the facts which defendants
suppressed and failed to disclose.  If plaintiff, class members,
the public, and the market had been aware of the existence of the
facts not disclosed by defendants, plaintiff and class member would
not have purchased or used the asbestos-containing surfacing
products of defendants, and would have not suffered and would not
suffer, the damages and injuries alleged herein.

65. As a direct and proximate result of defendants

14

)                                    )

suppression of facts and failure to disclose, marketing of the asbestos-containing surfacing products, and the presence of these products in the buildings of plaintiff and class members, plaintiff and class members were or will be directly and materially harmed and injured.

66. All Defendants' acts and omissions complained of in this count were committed by them intentionally, willfully and wantonly, or in reckless indifference to the rights of the Plaintiff and other class members.

COUNT V:  RESTITUTION

67. Plaintiff hereby incorporates by reference each paragraph in this complaint, as if fully set forth herein.

68. Defendants have at all times failed to perform their legal duties to perform asbestos abatement in plaintiff's buildings, and continue to fail to act, despite demands to do so including this demand.

69. Plaintiff and members of the class, as a result of defendants' continuing failure to act and perform their legal duty to warn, test, remove and/or otherwise abate the hazards of friable asbestos-containing surfacing products and pay for and implement the remedial measures required upon product deterioration, building renovation, demolition, and on other occasions during the life-cycle of the buildings in order to prevent fiber release, have had to and will have to undertake the responsibilities and duties of the defendants and to pay for asbestos remedial measures.

70. Plaintiff and class members also seek to have defendants perform and pay for the cost of ongoing operations and

15

maintenance work, including monitoring, to assure that asbestos remains controlled until it is removed.

71. As a result of defendants' conduct, plaintiff and class members have been and will be directly and materially harmed and injured.

COUNT VI:
PUBLIC AND/OR CONTINUING PRIVATE NUISANCE

72. Plaintiff hereby incorporates by reference each paragraph in this complaint, as if fully set forth herein.

73. Plaintiff and class members are, and have been, the owners and in possession and control of the buildings and properties described herein.

74. The presence of friable asbestos-containing surfacing products results from the acts and omissions of Defendants, does or will cause or threaten injury to the health of users of the buildings, and interferes with the comfortable use and enjoyment of Plaintiff's and other class members property, thereby constituting a nuisance.

75. The nuisance created by the continued presence of friable asbestos-containing surfacing products in the class members' buildings affects and will affect a large number of persons, including all users of the buildings. Further, upon demolition, fiber release will cause or threaten a nuisance by elevating or threatening to elevate asbestos fiber releases in the communities where the buildings are located.

76. The nuisance also causes special injury to the class in that as owners of the buildings, Plaintiff and class

16

)                                    )

members will have to undertake the responsibility and duty of the

defendants to expend monies for the abatement of the friable

asbestos-containing surfacing products, including analysis, and

removal of the products from the buildings.

77. The continued presence of the friable asbestos-
containing surfacing products in Plaintiff's and other class
members' buildings is abatable and the damage reflected by removal
and abatement costs is remediable. The continued presence of these
products constitutes both a public nuisance, and a continuing
private nuisance, entitling Plaintiff and class members to damages,
and to injunctive relief.

78. As a result of Defendants' conduct, plaintiff and
class members have been and will be directly and materially harmed
and injured.

79. All Defendants' acts and omissions complained of in
this count were committed by them intentionally, willfully and
wantonly, or in reckless indifference to the rights of the
Plaintiff and other class members.

        COUNT VII:  IMPLIED EQUITABLE INDEMNITY
AND/OR COMPARATIVE INDEMNITY AND/OR CONTRIBUTION

80. Plaintiff hereby incorporates by reference each
paragraph in this complaint, as if fully set forth herein.

81. By reason of the presence of the friable asbestos-
containing surfacing products in the class members' buildings,
Plaintiff and other class members have been, and will be, required
to perform costly removal and other abatement actions upon building
renovation or demolition, and will be required to perform other

17

costly measures during operations and maintenance, and prior to demolition and removal.

82. The release of asbestos fibers, or future release of asbestos fibers in Plaintiff's and other class members' buildings as a result of operations and maintenance, product deterioration, building renovation and demolition, and resultant damages are and will be caused entirely or in part by Defendants' acts and omissions.

83. Such responsibilities and duties of Plaintiff and class members to safely manage, remove and abate the friable asbestos-containing products in their buildings, is non-fault, vicarious, passive, derivative, and secondary, arising out of the primary, active, positive, and intentional or negligent acts, conduct, and omissions, and failure to act by Defendants.

84. Defendants are entirely or jointly and severally liable for asbestos removal and abatement requirements, and for dangers posed to building users and are therefore liable for indemnification or, alternatively, for contribution, of all costs imposed upon Plaintiff and class members by reason of the presence of friable asbestos-containing materials in their buildings. Plaintiff and class members' rights of non-contractual indemnification and contribution arise under state common law.

85. As a result of Defendants' conduct, Plaintiff and other class members have been and will be directly and materially harmed and injured.

86. All Defendants' acts and omissions complained of in this count were committed by them intentionally, willfully and

18

)                                    )

wantonly, or in reckless indifference to the rights of the Plaintiff and other class members.

COUNT VIII:   DECLARATORY RELIEF FOR IMPLIED EQUITABLE
INDEMNITY, COMPARATIVE INDEMNITY, AND/OR CONTRIBUTION

87. Plaintiff hereby incorporates by reference each paragraph in this complaint, as if fully set forth herein.

88. An actual controversy has arisen and now exists between Plaintiff and class members on the one hand, and Defendants on the other hand, in that Plaintiff and class members contend, and Defendants deny, the following:

a)  That, as between Plaintiff and Defendants, responsibility for safe management, removal, and abatement of friable asbestos-containing surfacing products in Plaintiff's and class members' buildings rests entirely or partially on Defendants; and

b)  That, as a result, Defendants are obligated to fully or partially indemnify or contribute to Plaintiffs for any sums that Plaintiff or other class members pay or will pay as a result of the removal and abatement of the friable asbestos-containing surfacing products in Plaintiff's and other class members' buildings.

89. Plaintiff and class members desire a judicial determination of their respective rights and duties of the class and defendants with respect to the damages claimed in the complaint herein. In particular, Plaintiff desires a declaration of the entire or comparative liability of Defendants for removal and abatement costs for any sums that Plaintiff and other class members

pay or will pay in connection therewith.

90. Such declaration is necessary and appropriate at this time in order that Plaintiff and class members on the one hand, and Defendants on the other hand, may ascertain their rights and duties with respect to the costs of asbestos management, removal, and abatement. Furthermore, such declaration is necessary and appropriate in order to avoid the delay and multiplicity of actions that would result if the Plaintiff and class members refused to safely manage, remove and fully abate the friable asbestos-containing products in the class members' buildings until releases of asbestos fibers occurs or until compelled by legal actions against them to do so, and then brought separate actions in the future against Defendants for indemnification of sums that Plaintiff and other class members would be compelled to pay as the result of judgments against them.

91. All Defendants' acts and omissions complained of in this count were committed by them intentionally, willfully and wantonly, or in reckless indifference to the rights of the Plaintiff and other class members.

<u>COUNT IX:  CONCERT OF ACTION</u>

92. Plaintiff hereby incorporates by reference each paragraph in this complaint, as fully set forth herein.

93. Defendants acted pursuant to a common plan, concert of action and a concerted course of conduct with respect to the activities referred to in this complaint, which activities were performed for the benefit of the defendants as members of the asbestos industry.

94. Each defendant knew or had reason to know that the conduct of some or all of the other defendants subjected class members to injury, constituting numerous breaches of legal duties, and gave substantial assistance or encouragement to such defendants by cooperating with, assisting in, and furthering the activities referred to in this complaint, and by adhering to an industry-wide practice of refusing to provide adequate warnings and refusing to adequately test.

95. Each defendant gave substantial assistance to some or all of the other defendants and each defendant's own conduct, separately considered, subjected class members to injury, constituting numerous breaches of legal duties.

96. As a result of the defendants' acts described herein, class members have suffered and will suffer substantial and material harm.

97. All Defendants' acts and omissions complained of in this count were committed by them intentionally, willfully and wantonly, or in reckless indifference to the rights of the Plaintiff and other class members.

<u>COUNT X:   CIVIL CONSPIRACY</u>

98. Plaintiff hereby incorporates by reference each paragraph in this complaint, as if fully set forth herein.

99. Defendants reached an agreement or tacit understanding to do the aforesaid acts with the unlawful intent to market asbestos products by suppressing knowledge about the dangers of asbestos, and by marketing without adequate testing and without adequate warnings.

21

100. The aforesaid acts, and similar acts, were committed in furtherance of this conspiracy to market asbestos and friable asbestos-containing products in an unlawful manner.

101. Defendants' combination provided defendants with additional power to inflict injury, harm and damages; such power would not have otherwise existed absent such combination.

102. As a result of the defendants' actions described herein, class members have suffered and will suffer substantial and material harm.

103. All Defendants' acts and omissions complained of in this count were committed by them intentionally, willfully and wantonly, or in reckless indifference to the rights of the Plaintiff and other class members.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff demands a jury trial and prays that:

A.    The Court certify a voluntary class under Rule 23 of the South Carolina Rules of Civil Procedure;

B.    Plaintiff and other class members recover the general and special compensatory damages determined to have been sustained by each of them respectively, including, but not limited to, reimbursement of the costs of inspection, analysis, containment, removal and replacement of the defendants' asbestos-containing surface treatment products, and that judgment therefore be entered therein against the defendants in an amount to be determined;

C.    Plaintiff and other class members recover punitive damages from defendants in an amount to be determined;

22

)                                    )

D. Declaratory relief and indemnification and/or contribution be granted as sought herein;

E. Injunctive relief be granted as sought herein;

F. Plaintiff and other class members recover the costs of this suit, including any expert witness fees, together with reasonable attorneys' fees; and,

G. The Court grant such other, further or different relief as may be deemed just and proper.

Respectfully submitted,

SPEIGHTS & RUNYAN
304 Lee Avenue
Post Office Box 685
Hampton, South Carolina 29924
(803) 943-4444

By:

ATTORNEYS FOR THE PLAINTIFF

Hampton, South Carolina

September 5, 1996.

23

STATE OF SOUTH CAROLINA )
                        )  AFFIDAVIT OF SERVICE BY MAIL
COUNTY OF HAMPTON        )

     Re:  Anderson Memorial Hospital, etc. v. W.R. Grace
         & Company, et al. (Case No. 92-CP-25-279)

---

        PERSONALLY APPEARED before me Susan T. Murdaugh, who being duly sworn, deposes and says:  that she is employed in the office of Speights & Runyan, attorney for the Plaintiff in the above-referenced action; that she served the foregoing PLAINTIFF'S NOTICE OF MOTION AND MOTION TO AMEND THE FIRST AMENDED COMPLAINT, this 5th day of September, 1996, by personally depositing in a United States Postal Service mail box a copy of the same, postage prepaid, addressed to the attorney(s) as indicated on the attached service list.

                                                SUSAN T. MURDAUGH

SWORN TO before me this
5th day of September, 1996

Theodora Lewis    (L.S.)
Notary Public for South Carolina
My Commission Expires: 10/14/2003

)                                    )

## SERVICE LIST

Re:  Anderson Memorial Hospital, etc. v. W.R. Grace
     & Company, et al. (Case No. 92-CP-25-279)

Asbestos Products Manufacturing Corporation
H&A Construction Corporation, formerly Spraycraft
Asbestospray Corporation
William S. Davies, Jr., Esquire
NELSON MULLINS RILEY & SCARBOROUGH
Third Floor, Keenan Building
1330 Lady Street
PO Box 11070
Columbia, SC  29211
803-799-2000
803-256-7500 (fax)

Robert D. Brownson, Esquire
Richard A. Koehler, Esquire
STICH, ANGELL, KREIDLER, BROWNSON
  & BALLOU, P.A.
The Crossings, Suite 120
250 Second Avenue South
Minneapolis, Minnesota  55401-2122
612-333-6251
612-333-1940 (fax)

T&N, plc, formerly Turner & Newall, PLC and Turner & Newall, Ltd.
Timothy W. Bouch, Esquire
YOUNG CLEMENT RIVERS & TISDALE
28 Broad Street, PO Box 993
Charleston, SC  29402
803-724-6659 (direct)
803-577-4000 (main)
803-724-6600 (fax)

United States Gypsum Company
Steven W. Ouzts, Esquire
Timothy D. St. Clair, Esquire
TURNER PADGET GRAHAM & LANEY, P.A.
1901 Main Street, 17th Floor
Post Office Box 1473
Columbia, SC  29202
803-254-2200
803-799-3957 (fax)

)                                                      )

James D. Pagliaro, Esquire
Raymond T. Cullen, Esquire
Kevin M. Donovan, Esquire
MORGAN, LEWIS & BOCKIUS
2000 One Logan Square
Philadelphia, PA 19103
215-963-5000
215-963-5299 (fax)

David M. Elston, Esquire
KIRKLAND & ELLIS
200 East Randolph Drive, Suite 5800
Chicago, IL  60601
312-861-2000
312-861-2200 (fax)

USG Corporation
Patrick Michael Duffy, Esquire
McNair & Sanford, P.A.
140 East Bay Street (29401)
Post Office Box 1431
Charleston, SC 29402
803-723-7831
803-722-3227 (fax)

David M. Elston, Esquire
KIRKLAND & ELLIS
200 E. Randolph Drive, Suite 5800
Chicago, IL  60601
312-861-2000
312-861-2200 (fax)

United States Mineral Products Company
Bruce E. Miller, Esquire
BARNWELL WHALEY PATTERSON & HELMS
134 Meeting Street, Suite 300 (29401-2224)
Post Office Drawer H
Charleston, SC  29402-0197
803-577-7700
803-577-7708 (fax)

Paul F. Slater, Esquire
DANAHAR TEDFORD LAGNESE & NEAL, P.C.
Capitol Place
21 Oak Street, Suite 700
Hartford, CT  06106
212-269-7100
212-269-2976 (fax)

<u>W.R. Grace & Company and W.R. Grace & Company-Connecticut</u>
L. Gray Geddie, Jr., Esquire
Donald A. Cockrill, Esquire
Phillip A. Kilgore, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
The Ogletree Building
300 North Main Street
Post Office Box 2757
Greenville, South Carolina  29602
1-800-277-1410
803-271-1300
803-235-4754 (fax)

Allen S. Joslyn, Esquire
CAHILL GORDON & REINDEL
Eighty Pine Street
New York, NY  10005
212-701-3340
212-269-5420 (fax)