# Exhibit 5

STATE OF SOUTH CAROLINA )
                        )       IN THE COURT OF COMMON PLEAS
COUNTY OF HAMPTON       )

ANDERSON MEMORIAL HOSPITAL,         )
on behalf of itself and others      )
similarly situated,                 )
                                    )
                Plaintiff,          )
                                    )
        v.                          )       Civil Action No. 92-CP-25-279
                                    )
W. R. GRACE & COMPANY; W. R.        )
GRACE & COMPANY-CONNECTICUT;        )
USG CORPORATION; UNITED             )
STATES GYPSUM COMPANY;              )
UNITED STATES MINERAL PRODUCTS      )
COMPANY; DANA CORPORATION;          )
KEENE CORPORATION; ASBESTOS         )
PRODUCT MANUFACTURING               )
CORPORATION; ASBESTOSPRAY           )
CORPORATION; H & A                  )
CONSTRUCTION CORPORATION,           )
formerly SPRAYCRAFT; T&N, plc,      )
formerly TURNER & NEWALL, PLC, and  )
TURNER & NEWALL, LTD.,              )
                                    )
                Defendants.         )

**FILED**
at 10:40 Am
MAY 0 8 1997
Melinda O. Nettles
CLERK OF COURT
HAMPTON COUNTY

## ANSWER OF W. R. GRACE & CO.
## AND W. R. GRACE & CO. - CONN.
## TO SECOND AMENDED CLASS ACTION COMPLAINT

Defendants, W. R. Grace & Co. - Conn. and W. R. Grace & Co. ("Grace"), now

answer the Second Amended Class Action Complaint ("amended complaint") as follows.

In answering this amended complaint, Grace assumes that the use of the name

"W. R. Grace & Company" refers to "W. R. Grace & Co.", a Connecticut corporation

formed in 1899 that changed its corporate name to W. R. Grace & Co. - Conn. in 1988.

The use of the term "Grace" in this answer thus refers to a single Connecticut corporation that has transacted business continuously since 1899 under two names: W. R. Grace & Co. (1899-1988) and W. R. Grace & Co. - Conn. (1988-present). If use of the name "W. R. Grace & Company" in the amended complaint was intended to refer to W. R. Grace & Co., a New York corporation formed in 1988 which has nothing to do with the matters referenced in the amended complaint, it denies that it has knowledge or information sufficient to form a belief as to the truth of any allegation of the amended complaint. In further answering the amended complaint, Grace expressly responds only on its behalf and denies information sufficient to respond on behalf of any of the other defendants to this action.

### First Defense

The court lacks subject matter jurisdiction in Hampton County in that the amended complaint seeks recovery for alleged injuries to real property located in Anderson County. Section 15-7-10, South Carolina Code of Laws, gives Anderson County courts exclusive subject matter jurisdiction to consider claims of alleged injuries to the real property of named plaintiff at issue in the case.

### Second Defense

In the alternative, Grace objects to the venue of this case in Hampton County; since named plaintiff alleges injuries to its real property, venue is proper only in Anderson County.

### Third Defense

In the further alternative, Grace objects to the venue of this case in Hampton County in that it is a foreign corporation residing not in Hampton County but in Greenville County; Grace alleges on information and belief that none of the other defendants, all foreign corporations, are residents in Hampton County; accordingly, the proper venue for this case is Greenville County, not Hampton County.

### Fourth Defense

Grace denies that the class action Anderson Memorial Hospital ("named plaintiff") seeks may properly be certified under Rule 23 of the South Carolina Rules of Civil Procedure as alleged in the introductory unnumbered paragraph.   To the extent the named plaintiff's amended complaint contains conclusions of law, Grace states that no response is required.  Grace refers all questions of law to the court, and will argue these matters at the appropriate time.   Subject to these qualifications, Grace responds as follows to each of the numbered paragraphs of the named plaintiff's amended complaint:

1.     Responding to paragraph 1 of the amended complaint, Grace lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

2.     Responding to paragraph 2 of the amended complaint, Grace admits that it has manufactured and sold certain asbestos-containing surfacing materials for use in buildings, but denies that these materials, if properly installed and utilized, constitute a health hazard to any person entering buildings containing such materials.

)                                    )

3.    Responding to paragraph 3 of the amended complaint, Grace admits that the named plaintiff purports to define a class but denies that the purported class may properly be certified for class action treatment under Rule 23 of the South Carolina Rules of Civil Procedure.  Grace denies the remaining allegations in paragraph 3 of the amended complaint.

4.    Responding to paragraph 4 of the amended complaint, Grace admits that the named plaintiff purports to define a class to exclude the entities and buildings described in paragraph 4 of the amended complaint.  Grace denies that the class the named plaintiff purports to define may properly be certified for class action treatment under Rule 23 of the South Carolina Rules of Civil Procedure.

5.    Responding to paragraph 5 of the amended complaint, Grace is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the amended complaint.  Further answering, Grace denies that named plaintiff and purported class members (collectively "plaintiffs") have been or will be injured as alleged in the amended complaint.

6.    Responding to paragraph 6 of the amended complaint, Grace admits the allegations contained therein except that Grace denies that its asbestos-containing construction materials, when properly installed and utilized, constitute a health hazard to any person entering buildings containing such materials.

7.    Responding to paragraph 7 of the amended complaint, Grace denies this court has subject matter jurisdiction in this case. *See* First Defense, *supra*. Responding further, Grace does admit that it is subject to the jurisdiction of the courts of this state

in Anderson County.  Grace denies that it has committed tortious acts as alleged in paragraph 7 of the amended complaint.

8.    Responding to paragraph 8 of the amended complaint, Grace denies the allegations contained therein.

9.    Responding to paragraph 9 of the amended complaint, Grace lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein but denies that the class described by named plaintiff can properly be certified.

10.    Responding to paragraph 10 of the amended complaint, Grace denies that the purported class is appropriate for certification as a class action under Rule 23 of the South Carolina Rules of Civil Procedure.

11.    Responding to paragraph 11 of the amended complaint, Grace denies that the class that the named plaintiff purports to define is sufficiently numerous that joinder of all proposed members is impracticable.

12.    Responding to paragraph 12 of the amended complaint, Grace denies the allegations in the first sentence of paragraph 12.  Grace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 except it admits that the firm of Speights and Runyan has been involved in a number of asbestos property damage cases.

13.    Responding to paragraph 13 of the amended complaint, Grace denies the allegations contained therein.

14.    Responding to paragraph 14 of the amended complaint, Grace denies the allegations contained therein.

- 5 -

15.   Responding to paragraph 15 of the amended complaint, Grace denies the allegations contained therein.

16.   Responding to paragraph 16 of the amended complaint, Grace denies the allegations contained therein.

17.   Responding to paragraph 17 of the amended complaint, Grace denies the allegations contained therein.

18.   Responding to paragraph 18 of the amended complaint, Grace admits that it manufactured and sold certain asbestos-containing construction materials for use in buildings and denies the remaining allegations.

19.   Responding to paragraph 19 of the amended complaint, Grace denies all allegations to the extent they purport to relate to an in-place Grace product.  Grace admits, however, that prolonged industrial exposure to significantly high levels of ambient asbestos fibers has been linked to certain types of diseases.  Grace expressly denies that its in-place asbestos-containing construction materials have caused disease to any person entering any building containing such products.  Grace denies the remaining allegations in paragraph 19 except insofar as they allege that the ability of an asbestos fiber to remain airborne depends in part upon its size and shape.  Grace further denies that its asbestos-containing construction materials, if properly installed and utilized, constitute a health hazard to any person entering a building containing such materials.

20.   Responding to paragraph 20 of the amended complaint, Grace denies the allegations contained therein.

21.   Responding to paragraph 21 of the amended complaint, Grace denies the allegations contained in the first sentence of paragraph 21.  Grace lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21.

22.     Responding to paragraph 22 of the amended complaint, Grace denies the allegations contained therein.

23.     Responding to paragraph 23 of the amended complaint, Grace denies the allegations contained therein.

24.     Responding to paragraph 24 of the amended complaint, Grace denies the allegations contained therein.

25.     Responding to paragraph 25 of the amended complaint, Grace denies the allegations contained therein.

26.     Responding to paragraph 26 of the amended complaint, Grace denies the allegations contained therein.

27.     Responding to paragraph 27 of the amended complaint, Grace denies the allegations contained therein.

28.     Responding to paragraph 28 of the amended complaint, Grace denies the allegations contained therein.

29.     Responding to paragraph 29 of the amended complaint, Grace denies the allegations contained therein.

30.     Responding to paragraph 30 of the amended complaint, Grace denies the allegations contained therein.

### Count I: Negligence

31.    Responding to paragraph 31 of the amended complaint, Grace incorporates by reference its responses to paragraphs 1-30 as if fully set forth herein.

32.    Responding to paragraph 32 of the amended complaint, Grace admits that it manufactured and sold certain asbestos-containing construction materials for uses in buildings in accordance with specified limitations and instructions. Grace further denies that its in-place asbestos-containing materials have caused disease to any person entering any such building. Grace denies the remaining allegations contained in paragraph 32 of the amended complaint.

33.    Responding to paragraph 33 of the amended complaint, Grace denies the allegations contained therein.

34.    Responding to paragraph 34 of the amended complaint, Grace denies the allegations contained therein.

35.    Responding to paragraph 35 of the amended complaint, Grace denies the allegations contained therein.

36.    Responding to paragraph 36 of the amended complaint, Grace denies the allegations contained therein.

37.    Responding to paragraph 37 of the amended complaint, Grace denies the allegations contained therein. Grace further expressly denies there was or is any need to remove or replace Grace's properly installed and utilized asbestos-containing construction materials which may be in plaintiffs' buildings and denies it had or has any obligation to do so.

38.     Responding to paragraph 38 of the amended complaint, Grace denies the allegations contained therein.  Grace expressly denies there was or is any need to warn plaintiffs or recall or abate its properly installed and utilized asbestos-containing construction materials from plaintiffs' buildings and denies it had or has any obligation to do so.

39.     Responding to paragraph 39 of the amended complaint, Grace denies the allegations contained therein.


### Count II:  Gross Negligence and Intentional, Willful and Wanton, and Reckless Misconduct

40.     Responding to paragraph 40 of the amended complaint, Grace incorporates by reference its responses to paragraphs 1-39 as if fully set forth herein.

41.     Responding to paragraph 41 of the amended complaint, Grace admits that it manufactured and sold certain asbestos-containing construction materials for uses in buildings in accordance with specified limitations and instructions.  Grace further denies that its in-place asbestos-containing materials have caused disease to any person entering any such building.  Grace denies the remaining allegations contained in paragraph 41 of the amended complaint.

42.     Responding to paragraph 42 of the amended complaint, Grace denies the allegations contained therein.

43.     Responding to paragraph 43 of the amended complaint, Grace denies the allegations contained therein and, in the case of Grace's properly installed asbestos-containing construction material, denies there was any need, or that it had any obligation to provide warnings.

44.     Responding to paragraph 44 of the amended complaint, Grace denies the allegations contained therein.

45.     Responding to paragraph 45 of the amended complaint, Grace denies the allegations contained therein.   Grace expressly denies that its asbestos-containing construction materials, if properly installed and utilized, constitute a health hazard to any person entering a building containing such materials.

46.     Responding to paragraph 46 of the amended complaint, Grace denies the allegations contained therein.   Grace expressly denies there was any need to remove or replace Grace's properly installed and utilized asbestos-containing construction materials which may be in plaintiffs' buildings and denies it had any obligation to do so.

47.     Responding to paragraph 47 of the amended complaint, Grace denies the allegations contained therein.   Grace expressly denies there was any need to warn plaintiffs or recall or abate its properly installed and utilized asbestos-containing construction materials from plaintiffs' buildings and denies it has any obligation to do so.

48.     Responding to paragraph 48 of the amended complaint, Grace denies the allegations contained therein.

49.     Responding to paragraph 49 of the amended complaint, Grace denies the allegations contained therein.


## Count III:  Breach of Implied Warranties

50.     Responding to paragraph 50 of the amended complaint, Grace incorporates by reference its responses to paragraphs 1-49 as if fully set forth herein.

51.    Responding to paragraph 51 of the amended complaint, Grace denies the allegations contained therein.    Grace expressly denies that its asbestos-containing construction materials, if properly installed and utilized, constitute a health hazard to any person entering a building containing such materials.

52.    Responding to paragraph 52 of the amended complaint, Grace admits that it intended for its asbestos-containing construction materials to be used in buildings in accordance with specified limitations and instructions.    Grace denies the remaining allegations contained in paragraph 52, to the extent they allege liability against Grace, and states further that paragraph 52 alleges legal conclusions to which no response by Grace is required.    Grace respectfully refers all such questions of law to the court.

53.    Responding to paragraph 53 of the amended complaint, Grace lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein but denies the allegations to the extent they allege liability against Grace.

54.    Responding to paragraph 54 of the amended complaint, Grace denies the allegations contained therein.    Grace further denies that it has breached any warranty, or that it has any duty or obligation to provide plaintiffs with any remedy where there has been no breach of any warranty.    Grace further denies that the plaintiffs have timely or adequately notified Grace of any alleged breach of purported warranties.

55.    Responding to paragraph 55 of the amended complaint, Grace denies the allegations contained therein.

56.    Responding to paragraph 56 of the amended complaint, Grace denies the allegations contained therein.

57.    Responding to paragraph 57 of the amended complaint, Grace denies the allegations contained therein.

## Count IV:  Fraud

58.    Responding to paragraph 58 of the amended complaint, Grace incorporates by reference its responses to paragraphs 1-57 as if fully set forth herein.

59.    Responding to paragraph 59 of the amended complaint, Grace denies the allegations contained therein.  Further pleading, Grace admits that prolonged industrial exposure to significantly high levels of ambient asbestos fibers has been linked to certain types of diseases.    Grace expressly denies that its in-place asbestos-containing construction materials, if properly installed and utilized, constitute a health hazard to any person entering a building containing such materials.

60.    Responding to paragraph 60 of the amended complaint, Grace denies the allegations contained therein.

61.    Responding to paragraph 61 of the amended complaint, Grace denies the allegations contained therein.  Grace expressly denies that its in-place asbestos-containing construction materials, if properly installed and utilized, constitute a health hazard to any person entering a building containing such materials.

62.    Responding to paragraph 62 of the amended complaint, Grace denies the allegations contained therein.

63.    Responding to paragraph 63 of the amended complaint, Grace denies the allegations contained therein.

64.    Responding to paragraph 64 of the amended complaint, Grace lacks knowledge or information sufficient to form a belief as to the knowledge of plaintiffs. Grace denies the remaining allegations contained in paragraph 64.    Grace expressly denies that its in-place asbestos-containing construction materials, if properly installed and utilized, constitute a health hazard to any person entering a building containing such materials. Grace also denies having failed to disclose or having suppressed any fact it was under an obligation to disclose.

65.    Responding to paragraph 65 of the amended complaint, Grace denies the allegations contained therein.

66.    Responding to paragraph 66 of the amended complaint, Grace denies the allegations contained therein.

## Count V:  Restitution

67.    Responding to paragraph 67 of the amended complaint, Grace incorporates by reference its responses to paragraphs 1-66 as if fully set forth herein.

68.    Responding to paragraph 68 of the amended complaint, Grace denies the allegations contained therein.

60.    Responding to paragraph 69 of the amended complaint, Grace denies the allegations contained therein.

70.    Responding to paragraph 70 of the amended complaint, Grace denies that it has any obligation to plaintiffs or others to provide the services alleged in paragraph 70.

71.    Responding to paragraph 71 of the amended complaint, Grace denies the allegations contained therein.

## Count VI:  Public and/or Continuing Private Nuisance

72.    Responding to paragraph 72 of the amended complaint, Grace incorporates by reference its responses to paragraphs 1-71 as if fully set forth herein.

73.    Responding to paragraph 73 of the amended complaint, Grace lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

74.    Responding to paragraph 74 of the amended complaint, Grace denies the allegations contained therein.  Grace further denies that its in-place asbestos-containing materials have caused disease to any occupant, tenant, or visitor of any building.

75.    Responding to paragraph 75 of the amended complaint, Grace denies the allegations contained therein.

76.    Responding to paragraph 76 of the amended complaint, Grace denies the allegations contained therein.  Grace expressly denies that it has any obligation to abate asbestos-containing construction materials in plaintiffs' buildings.

77.    Responding to paragraph 77 of the amended complaint, Grace denies the allegations contained therein.  Grace expressly denies there is any need to abate or remove Grace's properly installed and utilized asbestos-containing construction materials which may be present in plaintiffs' buildings or that it had any obligation to do so. Grace further denies that the presence of its asbestos-containing construction materials has caused any injury.

78.    Responding to paragraph 78 of the amended complaint, Grace denies the allegations contained therein.

79.    Responding to paragraph 79 of the amended complaint, Grace denies the allegations contained therein.

### Count VII:  Implied Equitable Indemnity and/or Comparative Indemnity and/or Contribution

80.    Responding to paragraph 80 of the amended complaint, Grace incorporates by reference its responses to paragraphs 1-79 as if fully set forth herein.

81.    Responding to paragraph 81 of the amended complaint, Grace denies the allegations contained therein.

82.    Responding to paragraph 82 of the amended complaint, Grace denies the allegations contained therein.

83.    Responding to paragraph 83 of the amended complaint, Grace denies the allegations contained therein.

84.    Responding to paragraph 84 of the amended complaint, Grace denies the allegations contained therein.

85.    Responding to paragraph 85 of the amended complaint, Grace denies the allegations contained therein.

86.    Responding to paragraph 86 of the amended complaint, Grace denies the allegations contained therein.

## Count VIII:  Declaratory Relief for Implied Equitable Indemnity, Comparative Indemnity, and/or Contribution

87.    Responding to paragraph 87 of the amended complaint, Grace incorporates by reference its response to paragraphs 1-86 as if fully set forth herein.

88.    Responding to paragraph 88 of the amended complaint and subparagraphs (a) and (b) of paragraph 88, Grace lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein but denies the allegations to the extent they allege liability against Grace.

89.    Responding to paragraph 89 of the amended complaint, Grace denies that it is liable to plaintiff or purported class members as claimed in the amended complaint. Grace further denies that plaintiffs are entitled to a judicial declaration as alleged in paragraph 89.  Grace lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 89 which relate solely to named plaintiff's motive for bringing this action.

90.    Responding to paragraph 90 of the amended complaint, Grace denies the allegations contained therein.

91.    Responding to paragraph 91 of the amended complaint, Grace denies the allegations contained therein.

## Count IX:  Concert of Action

92.    Responding to paragraph 92 of the amended complaint, Grace incorporates by reference its responses to paragraphs 1-91 as if fully set forth herein.

93.    Responding to paragraph 93 of the amended complaint, Grace denies the allegations contained therein.

94.     Responding to paragraph 94 of the amended complaint, Grace denies the allegations contained therein.

95.     Responding to paragraph 95 of the amended complaint, Grace denies the allegations contained therein.

96.     Responding to paragraph 96 of the amended complaint, Grace denies the allegations contained therein.

97.     Responding to paragraph 97 of the amended complaint, Grace denies the allegations contained therein.

**Count X:  Civil Conspiracy**

98.     Responding to paragraph 98 of the amended complaint, Grace incorporates by reference its responses to paragraphs 1-97 as if fully set forth herein.

99.     Responding to paragraph 99 of the amended complaint, Grace denies the allegations contained therein.

100.    Responding to paragraph 100 of the amended complaint, Grace denies the allegations contained therein.

101.    Responding to paragraph 101 of the amended complaint, Grace denies the allegations contained therein.

102.    Responding to paragraph 102 of the amended complaint, Grace denies the allegations contained therein.

103.    Responding to paragraph 103 of the amended complaint, Grace denies the allegations contained therein.

Responding to the unnumbered Prayer For Relief, Grace denies that the plaintiffs are entitled to any of the requested relief. Grace denies each allegation of the amended complaint not previously admitted, denied, or explained.

## Fifth Defense

Named plaintiff's amended complaint fails at least in part to state a claim upon which relief may be granted.

## Sixth Defense

Plaintiffs' claims are barred by the applicable statutes of limitation and repose. Further, plaintiffs' claims are barred by plaintiffs' failure to plead excuse for failure to bring this action within the applicable statutes of limitation.

## Seventh Defense

Plaintiffs' claims are barred by the doctrine of laches.

## Eighth Defense

Plaintiffs' claims are barred by the doctrines of disclaimer, waiver, and estoppel.

## Ninth Defense

If Grace was on notice of any hazardous defects in any of its products, which is not admitted but is expressly denied, plaintiffs also had, or reasonably should have had, such notice and therefore is barred from recovery.

### Tenth Defense

If any of Grace's products were used or installed as set forth in the amended complaint, these products were manufactured, distributed, or sold in conformity with the state-of-the-art, prevailing industry standards, local, regional and national buildings codes, and/or prevailing applicable government standards, were as safe as scientific knowledge and available technology would allow, and were within applicable medical health standards.

### Eleventh Defense

If any of Grace's products caused or contributed to plaintiffs' alleged damages, then said products were misused and/or altered by plaintiffs or their agents, or by other persons or entities for whose conduct Grace has no responsibility or liability, and over whom Grace had no control.

### Twelfth Defense

If any of Grace's products caused or contributed to plaintiffs' alleged injury and damages, then said products were used and installed contrary to the instructions of Grace.

### Thirteenth Defense

If plaintiffs suffered any injury or damages as alleged in the amended complaint, said injury or damage was the proximate result of the actions of plaintiffs, their agents

or persons or entities for whose conduct Grace has no responsibility or liability, and over whom Grace had no control.

### Fourteenth Defense

Plaintiffs assumed the risk of the alleged injury or damage for which they seek relief, and therefore are barred from recovery.

### Fifteenth Defense

If plaintiffs suffered an injury or damage, as alleged in the amended complaint, such injury or damage was the result of plaintiffs' negligence and plaintiffs' right to recover is therefore barred or reduced as deemed appropriate.

### Sixteenth Defense

Plaintiffs have failed to mitigate the damages, if any, they have incurred.

### Seventeenth Defense

Plaintiff's claim for breach of implied warranties is barred and precluded by the terms, conditions, and provisions of the express warranty, if any, extended to the buyer of the product allegedly manufactured and sold by Grace.

### Eighteenth Defense

Plaintiffs' claims for breach of implied warranties are barred and precluded by the failure of plaintiffs, or anyone, to give sufficient and reasonably prompt notice to Grace of any alleged breach of warranties.

### Nineteenth Defense

Plaintiffs' claims for breach of implied and/or express warranty are or may be barred due to lack of privity.

### Twentieth Defense

If any of Grace's products were or are in place in plaintiffs' building, which is not admitted, those products may have been specified or approved by governmental bodies.

### Twenty-First Defense

Plaintiffs' claims for punitive damages are unconstitutional under the United States Constitution.

### Twenty-Second Defense

Plaintiffs' claims for punitive damages are unconstitutional under the South Carolina Constitution.

### Twenty-Third Defense

Plaintiffs' alleged damages, if any, are for economic loss, which are not recoverable under tort theories.

### Twenty-Fourth Defense

Named plaintiff has failed to state any claim for fraud by Grace with the degree of particularity required by Rule 9 of the South Carolina Rules of Civil Procedure.

### Twenty-Fifth Defense

Plaintiffs had a duty to take reasonable steps to guard against and avoid future harm which it failed to do and it is therefore barred from recovery for any injuries caused by any alleged wrongdoing.

WHEREFORE, having fully answered, Grace prays that plaintiffs' amended complaint be dismissed in its entirety, a judgment be entered in Grace's favor, that Grace be awarded costs and attorneys' fees, and that the court award such further relief as is deemed appropriate.

Dated this 5th day of May, 1997.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _____

L. Gray Geddie, Jr. (#2397)
Donald A. Cockrill (#1300)
Phillip A. Kilgore (#3449)

Attorneys for W. R. Grace & Co. and
W. R. Grace & Co. - Conn.

The Ogletree Building
300 North Main Street
Post Office Box 2757
Greenville, South Carolina   29602
(803) 271-1300

STATE OF SOUTH CAROLINA )

COUNTY OF HAMPTON )

                       ) IN THE COURT OF COMMON PLEAS

---

ANDERSON MEMORIAL HOSPITAL, )
on behalf of itself and others )
similarly situated, )
                       )
         Plaintiff, )
                       )
         v. )   Civil Action No. 92-CP-25-279
                       )
W. R. GRACE & COMPANY; W. R. )
GRACE & COMPANY-CONNECTICUT; )
USG CORPORATION; UNITED )
STATES GYPSUM COMPANY; )
UNITED STATES MINERAL PRODUCTS )
COMPANY; DANA CORPORATION; )
KEENE CORPORATION; ASBESTOS )
PRODUCT MANUFACTURING )
CORPORATION; ASBESTOSPRAY )
CORPORATION; H & A )
CONSTRUCTION CORPORATION, )
formerly SPRAYCRAFT; T&N, plc, )
formerly TURNER & NEWALL, PLC, and )
TURNER & NEWALL, LTD., )
                       )
         Defendants. )

---

## CERTIFICATE OF SERVICE

         I hereby certify that a copy of the foregoing Answer Of W. R. Grace & Co. And

W. R. Grace & Co. - Conn. To Second Amended Class Action Complaint has been

served on the following individuals on the date below by placing a copy of same in the

United States Mail, First Class, with proper postage affixed thereto:

Daniel A. Speights, Esquire
Speights & Runyan
Post Office Box 685
Hampton, South Carolina   29924

William S. Davies, Jr., Esquire
Nelson, Mullins, Riley & Scarborough
1330 Lady Street
Post Office Box 11070
Columbia, South Carolina   29211

Steven W. Ouzts, Esquire
Turner, Padget, Graham & Laney
1901 Main Street, 17th Floor
Post Office Box 1473
Columbia, South Carolina   29202

Bruce E. Miller, Esquire
Barnwell, Whaley, Patterson & Helms
134 Meeting Street, Suite 300
Post Office Drawer H
Charleston, South Carolina   29402-0197

G. Mark Phillips, Esquire
Hood Law Firm
172 Meeting Street
Post Office Box 1508
Charleston, South Carolina   29402

Michael T. Cole, Esquire
Wise & Cole, P.A.
Post Office Drawer O
Charleston, South Carolina   29402

Timothy W. Bouch, Esquire
Young, Clement, Rivers & Tisdale
28 Broad Street
Post Office Box 993
Charleston, South Carolina   29402

Michael Scardato, Esquire
McNair & Sanford, P.A.
140 East Bay Street
Post Office Box 1431
Charleston, South Carolina   29402

Robert D. Brownson, Esquire
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 Second Avenue South
Minneapolis, Minnesota   55401-2122

David C. Eddy, Esquire
Howrey & Simon
1299 Pennsylvania Avenue, N.W.
Washington, D.C.   20004-2402

Larry R. Barron, Esquire
Montgomery, McCracken, Walker & Rhoads
20th Floor, Three Parkway
Philadelphia, Pennsylvania   19102

Joseph B. G. Fay, Esquire
Morgan, Lewis & Bockius
2000 One Logan Square
Philadelphia, Pennsylvania   19103

Paul F. Slater, Esquire
Danahar, Tedford, Lagnese & Neal, P.C.
Capitol Place
21 Oak Street, Suite 700
Hartford, CT   06106

David M. Elston, Esquire
Kirkland & Ellis
200 E. Randolph Drive
Suite 5800
Chicago, Illinois   60601

Allen S. Joslyn, Esquire
Cahill, Gordon & Reindel
80 Pine Street
New York, New York   10005

Dated this 5th day of May, 1997.