# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | § | Chapter 11 |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | Case No. 01-01139 (JKF) |
| | § | |
| *Debtors.* | § | Re: Docket Nos. 32648, 32669, 32673 |

## BRIEF OF THE PROPERTY DAMAGE
## FUTURE CLAIMANTS' REPRESENTATIVE
## REGARDING PLUM CREEK CLASS 7A PD CLAIM

Alexander M. Sanders, Jr., Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands (the "PD FCR"), submits this brief regarding the pending motion of W.R. Grace ("Grace") to enjoin and discharge the Class 7A property damage claim of Plum Creek Timber Co. ("Plum Creek"), and for which would show as follows:

## I.

## INTRODUCTION

Plum Creek filed a Class 7A property damage claim with the W.R. Grace Property Damage Trust. As required by the Property Damage Trust Agreement, that claim was forwarded by the Trust to Grace for it to manage the defense of the claim. Pursuant to the Case Management Order for traditional property damage

-1-

claims like that of Plum Creek, Grace has filed a motion to enjoin the claim and discharge it. The PD FCR files this brief to address issues raised by Plum Creek's claim that are likely to reoccur and effect other claims brought in the future. The PD FCR would urge two points. <u>First</u>, that under *Wright v. Owens Corning*, claims such as the one brought by Plum Creek are not barred by the PD Bar Date for to do so would violate the due process clause of the Fifth Amendment. <u>Second</u>, should this Court find that Plum Creek's claims are indeed not saved from the PD Bar Date by the due process clause, and should the Court not grant leave to file the claim late, this Court should base its ruling on the narrow, albeit sufficient ground, that Plum Creek received *actual notice* of the bar date notice and in spite of that notice, failed to file its claim in a timely manner.[1]

## II.

## ARGUMENT AND AUTHORITIES

1.  *Wright v. Owens Corning*

It appears from the briefs and the history of this case that beginning prior to the filing of the bankruptcy case, Plum Creek's trees were exposed to Grace's

---

[1] The PD FCR takes no position as to whether Plum Creek's untimeliness should be excused. To put a finer point on it, should the due process issue not save Plum Creek's claim, the PD FCR believes that if the Court denies Plum Creek's request to file its claim late, Grace should prevail, but based *solely* upon Plum Creek having received actual notice of the bar date.

Libby Amphibole.[2]  The bar date occurred years before the Third Circuit's decision in *Jeld-Wen, Inc. v. Van Brunt (In re Grossman's Inc.)*, 607 F.3d 114 (3d Cir. 2010).  Thus, according to the Third Circuit in *Wright v. Owens Corning*, 679 F.3d 101, 109 (3d Cir. 2012), *cert. denied*, 133 S.Ct. 1239 (2013), whether Plum Creek had a "claim" is governed by the now superceded *Frenville* rule (*Avellino v. M. Frenville Co. (In re M. Frenville Co.)*, 744 F.2d 332 (3d Cir.1984)).  The record before the Court does not establish that Plum Creek knew or even should have known of its claim, especially in light of the 1999 testing which proved negative for asbestos in the tree bark sampling done at that time.  Without knowledge of its claim, it does not comport with due process to bar it.  As a result, Grace's motion to enjoin the Plum Creek claim should be denied.

2. *Actual Notice*

If for any reason the Court finds that Plum Creek's claim is untimely and the late filing is unexcused, the Court must decide whether Plum Creek had constitutionally sufficient notice of the bar date.  Generally speaking, it is best for a court to rule on pending legal issues on the narrowest ground presented, in order

---

[2] *In re W.R. Grace & Co.*, No. 03-3453, 115 Fed. Appx. 565, 566, 2004 WL 2404546, *1 (3d Cir., Oct. 28, 2004) ("From 1963 until 1990, Grace operated a facility ten miles north of Libby, Montana, where it mined, milled and processed vermiculite").

to avoid making broad pronouncements which might lead to unintended future consequences. *See, e.g., Erie Telecommunications, Inc. v. City of Erie, Pa.*, 853 F.2d 1084, 1093 (3d Cir. 1988) ("prudential considerations dictate that we resolve all cases on as narrow a ground as possible.")

Grace argues that Plum Creek's claim should be enjoined because it received actual U.S. Mail notice of the bar date (Doc. 32673 at 9-10, 19), and because it also received "constructive notice" of the bar date through the notice program approved by the court. (*Id*. at 17-19).

Grace's filings have established that the bar date notice package was sent by U.S. Mail to Plum Creek in Libby, Montana. Regardless of what law is applied to Grace's act of mailing, placing the bar date notice package in the U.S. Mail, sent to Plum Creek's address, raises a presumption that the package was delivered to Plum Creek. *See, e.g., Pacificorp v. W.R. Grace*, 2006 WL 2375371, *16 (D. Del., Aug. 16, 2006) (federal law); *Crissey v. State Highway Commission*, 413 P.2d 308, 311-2, 147 Mont. 374, 378-9 (1966) (Montana law); *Windom v. William C. Ungerer*, 903 A.2d 276, 282 (Del. 2006) (Delaware law).

Importantly, Plum Creek has not denied receipt. The PD FCR agrees with Grace's discussion of the law on why the notice package was properly addressed.

Plum Creek had actual notice of the bar date, **and if and only if its claim accrual is *not* governed by *Frenville***, Plum Creek failed to timely file its claim; therefore, Plum Creek should be enjoined from proceeding any further on this claim absent the Court's permission to file the claim late.

That should end the matter.  Grace argues, and indeed frames as its lead argument, that Plum Creek's claims should be enjoined based on it having received constructive notice of the bar date.  Given the receipt of actual notice, it is not necessary for the Court to reach this issue.  Indeed, the Court should not reach this issue since it is far more complicated and nuanced than the actual notice issue, and it is simply not necessary to decide it.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
*pro hac vice*
Texas Bar No. 16842350
1201 Elm Street, Suite 4244
Dallas, Texas 75270
(214) 744-5100
arich@alanrichlaw.com

COUNSEL TO ALEXANDER M. SANDERS, JR., LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS

## CERTIFICATE OF SERVICE

I certify that on the 20th day of June, 2016, this document was served by delivery through the ECF system.

_____