**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) **Hearing Date: July 21, 2016, at 2:30 p.m.** |
| | ) **Objection Deadline: July 12, 2016, at 4:00 p.m.** |

**REORGANIZED DEBTORS' FOURTH MOTION FOR AN ORDER EXTENDING THE
CHAPTER 11 PLAN DEADLINE BY WHICH THE REORGANIZED DEBTORS MAY
OBJECT TO CLAIMS**

The above-captioned reorganized debtors (the "Reorganized Debtors") file this motion

(the "Motion") for an order substantially in the form attached hereto as Exhibit A (the "Order"),

extending until July 31, 2017, the deadline by which the Reorganized Debtors may file

objections to open, unresolved, non-asbestos Plan Claims (the "Claims Objection Deadline").[2]

Plan Art. 5.1 set the Claims Objection Deadline as the 180th day after the Plan's Effective

Date, but gave the Reorganized Debtors leave to seek one or more extensions upon proper notice

to holders of open Plan Claims (other than Asbestos PI Claims, Asbestos PD Claims and CDN

ZAI PD Claims).  The Effective Date was February 3, 2014, which set the original Claims

Objection Deadline on August 2, 2014.  On July 14, 2014, the Court entered its *Order Extending*

*Plan Claims Objection Deadline Through January 30, 2015* [Docket no. 32291] (the "First

Extension Order"), granting the relief requested in the *Reorganized Debtors' Motion for an*

*Order Extending the Chapter 11 Plan Deadline by Which the Reorganized Debtors May Object*

---

[1]   The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2]   Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

*to Claims* [Docket no. 32250] (the "First Extension Motion").  On January 12, 2015, the Court entered its *Order Extending Plan Claims Objection Deadline Through July 31, 2015* [Docket no. 32487] (the "Second Extension Order"), granting the relief requested in the *Reorganized Debtors' Second Motion for an Order Extending the Chapter 11 Plan Deadline by Which the Reorganized Debtors May Object to Claims* [Docket no. 32478] (the "Second Extension Motion").  On July 10, 2015, the Court entered its *Order Extending Plan Claims Objection Deadline Through July 31, 2016* [Docket no. 32582] (the "Third Extension Order"), granting the relief requested in the *Reorganized Debtors' Third Motion for an Order Extending the Chapter 11 Plan Deadline by Which the Reorganized Debtors May Object to Claims* [Docket no. 32574] (the "Third Extension Motion").

As discussed in this Motion, the Reorganized Debtors have continued to make substantial progress in resolving the remaining claims filed in their chapter 11 cases.  The Reorganized Debtors believe that extending the Claims Objection Deadline through July 31, 2017, will permit them to potentially complete their claims resolution process without having to precipitately file protective claims objections prior to the current July 31, 2016, deadline.

In support of this Motion, the Reorganized Debtors respectfully state as follows:

## JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to Plan Art. X and 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.[3]  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

---

[3]    The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     The predicates for this Motion are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 9006 and Del. Bankr. L. R. 9006-2.

## BACKGROUND

3.     Plan Art. 5.1 provides in relevant part:

> Unless otherwise provided herein or ordered by the Bankruptcy Court, all objections by the Reorganized Debtors to Plan Claims (other than Asbestos PI Claims, Asbestos PD Claims, and CDN ZAI PD Claims, all of which have no objection deadline) shall be served and Filed no later than 180 days after the Effective Date, subject to any extensions granted pursuant to a further order of the Bankruptcy Court. Such further order may be obtained by the Reorganized Debtors upon notice to all Holders of Plan Claims (other than Asbestos PI Claims, Asbestos PD Claims, and CDN ZAI PD Claims) that are still pending allowance and are not subject to a pending objection.

4.     The Reorganized Debtors' February 3, 2014, emergence set August 2, 2014, the 180th day after the Effective Date, as the Claims Objection Deadline.[4]  On June 11, 2014, the Reorganized Debtors filed their First Extension Motion, requesting the claims objection deadline be extended through January 30, 2015.  On July 14, 2014, the Court entered the First Extension Order, granting that request.  On January 12, 2015, the Court entered the Second Extension Order, further extending the claims objection deadline until July 31, 2015, as requested in the Second Extension Motion.  On July 10, 2015, the Court entered the Third Extension Order, further extending the claims objection deadline until July 31, 2016, as requested in the Third Extension Motion.

---

[4]     *See Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732].

## THE CLAIMS RECONCILIATION PROCESS

5.      As set forth in the First Extension Motion, out of approximately 10,255 non-asbestos-related proofs of claim filed during the chapter 11 cases, the Reorganized Debtors had resolved all but approximately 92 by June 1, 2014.  Since then, the Reorganized Debtors have made further substantial progress in resolving those remaining claims.  As of December 12, 2014, approximately 43 claims remain unresolved.

6.      As of May 9, 2016, approximately 20 claims remained unresolved:

- One environmental claim;

- Eight miscellaneous litigation-related claims;

- 10 claims relating to non-asbestos contract indemnification or other contractual disputes; and

- One administrative expense claim that was filed prior to the May 5, 2014, Administrative Claims Bar Date.

7.      Extending the Claims Objection Deadline to July 31, 2017, will give the Reorganized Debtors the opportunity to consensually resolve these remaining, open Plan Claims, while still enabling them to file objections to those claims as necessary.  If the Claims Objection Deadline were not extended, the Reorganized Debtors would be forced to precipitately file protective claims objections prior to the current July 31, 2016 deadline.  The Reorganized Debtors submit that doing so would not be an efficient use of their, or the Court's, resources, nor would it shorten the time needed to bring these highly successful chapter 11 cases to a close.

## RELIEF REQUESTED

8.      By this Motion, the Reorganized Debtors respectfully request the Court enter the Order substantially in the form attached hereto as Exhibit A, extending the Claims Objection Deadline from July 31, 2016, through July 31, 2017, without prejudice to the Reorganized Debtors requesting further extensions to the extent necessary.

<u>**ANALYSIS**</u>

9.      Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Furthermore, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

10.     Fed. R. Bankr. P. 9006(b)(1) provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

11.     As discussed above, most of the remaining open 20 Plan Claims are those that could not have been resolved prior to the Effective Date for one reason or another, and, moreover, present issues that are taking time to conclude as favorably for the Reorganized Debtors as possible. Some of the claims require resolution in state court litigation – which may take many months to complete. The Reorganized Debtors must retain the ability to further object to these claims when the related state court litigation has been completed. The Reorganized Debtors are nonetheless committed to resolving all of the remaining claims as expeditiously as possible. Extending the Claims Objection Deadline through July 31, 2017, will materially aid the Reorganized Debtors in so doing, and the Reorganized Debtor's requested relief should therefore be granted.

### NO PREVIOUS MOTION

12.     No previous motion for the relief sought herein has been made to this or any other court.

### NOTICE

13.     Notice of this Motion has been given to:  (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) as required by Plan Art. 5.1.1, "all Holders of Plan Claims (other than Asbestos PI Claims, Asbestos PD Claims, and CDN ZAI PD Claims) that are still pending allowance and are not subject to a pending objection."  In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors request the Court enter the Order, in substantially the form attached hereto as <u>Exhibit A</u>: (i) extending the Plan Claims Objection Deadline through July 31, 2017; and (ii) granting such other relief as may be appropriate.

Dated: June 24, 2016

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

<u>/s/ James E. O'Neill</u>

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors