# EXHIBIT A

## Form of Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) Re docket no. _____ |
| | ) Hearing Agenda item no. _____ |

**ORDER APPROVING STIPULATION AND SETTLEMENT AGREEMENT BETWEEN THE REORGANIZED DEBTORS AND SGH ENTERPRISES, INC. ("SGH"), ALLOWING CLAIM NO. 18551 AS AN ALLOWED CLAIM AND DISALLOWING ALL REMAINING CLAIMS FILED BY SGH**

Upon consideration of the Reorganized Debtors' *Motion to Approve the Stipulation and Settlement Agreement Resolving Claims Filed by SGH Enterprises, Inc.* [Docket no. _____] (the "Motion); it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties-in-interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1.  The Motion is granted in its entirety.

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co. Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Stipulation or the Plan.

2. The *Stipulation and Settlement Agreement Resolving Claims Filed by SGH Enterprises, Inc.*, a true and correct copy of which is attached hereto as <u>Exhibit I</u> (the "Stipulation"), is approved.

3. Claim no. 18551 (the "SGH Allowed Claim") is, and shall be, an Allowed General Unsecured Claim in the Allowed Amount of $3,450,000 (the "Settlement Amount"), which Settlement Amount shall include any and all interest due under the Plan.

4. Notwithstanding the terms of the Plan, no further interest shall accrue on the Settlement Amount.

5. Claim nos. 13946, 13947, 18518, 18520, 18521, 18526, 18527 and 18552 shall be disallowed and expunged for all purposes (the "Disallowed Claims").

6. The Reorganized Debtors' *Thirty-Eighth Omnibus Objection to Claims filed by SGH Enterprises, Inc. (Substantive and Non- Substantive Objection)* [Docket No. 32600], the *Declaration of Richard C. Finke in Support of the Thirty- Eighth Omnibus Objection to Claims filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* [Docket No. 32601] and SGH's *Response to Thirty-Eighth Omnibus Objection to Claims (Substantive and Non-Substantive Objection)* [Docket no. 32633] are dismissed as moot.

7. This Court's *Scheduling Order re Thirty-Eighth Omnibus Objection to Claims Filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* [Docket no. 32665], its *Amended Scheduling Order re Thirty-Eighth Omnibus Objection to Claims Filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* [Docket no. 32689], its *Second Amended Scheduling Order re Thirty-Eighth Omnibus Objection to Claims Filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* [Docket no. 32701], and its *Third Amended Scheduling Order re Thirty-Eighth Omnibus Objection to*

*Claims Filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* [Docket no. 32712] are withdrawn as moot.

8. The Reorganized Debtors shall direct their claims agent Rust Consulting, Inc. to record: (i) the SGH Allowed Claim as an allowed, non-contingent, and liquidated claim on the terms and conditions set forth in the Stipulation; and (ii) the Disallowed Claims as expunged and disallowed.

9. The Reorganized Debtors are authorized to take all other actions that may be necessary to undertake the actions set forth in the Stipulation.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order, the SGH Claims and the Stipulation.

12. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under, as the case may be, Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 6004(h) or Fed. R. Bankr. P. 9014 or otherwise.

13. In the event of any conflict between the terms of this Order, the Motion or the Stipulation, the Stipulation shall govern.

Dated: _____, 2016

                                              Honorable Kevin J. Carey
                                              United States Bankruptcy Judge

# EXHIBIT I

**Stipulation and Settlement Agreement Resolving Claims Filed by SGH Enterprises, Inc.**

EXECUTION DOCUMENT

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | |
| | ) | |

### STIPULATION AND SETTLEMENT AGREEMENT RESOLVING CLAIMS FILED BY SGH ENTERPRISES, INC.

The Reorganized Debtors and SGH Enterprises, Inc. ("SGH" together with the Reorganized Debtors, the "Parties") enter into this stipulation and settlement agreement (the "Agreement") as of this 22nd day of June, 2016 (the "Agreement Execution Date"), to resolve the nine claims filed by SGH (the "SGH Claims") as described below.[2]

### STATEMENT OF AGREED FACTS

WHEREAS, pursuant to that certain Stock Purchase Agreement dated December 30, 1992 (the "1992 Stock Purchase Agreement"), by and between Grace Energy Corporation ("GEC") and Samson Investment Company ("Samson Investment"), GEC sold the stock (the "GPC Stock Sale Transaction") of its subsidiary, Grace Petroleum Corporation ("GPC") to Samson Investment;

WHEREAS, subsequent to the "Closing Date" (as that term was defined by the 1992 Stock Purchase Agreement) of the GPC Stock Sale Transaction, the name of GPC was changed, first to Samson Natural Gas Company, then to SNG Production Company;

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (the "Plan").

WHEREAS, in 1994, SNG Production Company changed its name to Samson Hydrocarbons Company ("SHC"), and in July 2009, SHC changed its name to SGH Enterprises, Inc.;

WHEREAS, effective as of March 31, 1994, GEC and Samson Investment entered into that certain *Settlement and Release Agreement*;

WHEREAS, effective as of November 30, 1998, GEC and Samson Investment entered into that certain *Second Settlement and Release Agreement*;

WHEREAS, on January 26, 1993, GPC Marketing Company, changed its name to SNG Marketing Company, and on March 14, 1994, merged into Samson Natural Gas Company, which on June 30, 1996, merged into Samson Resources Company;

WHEREAS, on January 26, 1993, GPC Transporter, Inc., changed its name to SNG Transporter, Inc., and subsequently merged into SGH;

WHEREAS, on January 2, 1994, Petrodyne, Ltd., dissolved;

WHEREAS, effective as of January 31, 2001, Grace-Conn. and GEC entered into a *Payment of Settlement, Joint Defense, and Confidentiality Agreement* (the "Casmalia JDA") with Samson Investment and SHC;

WHEREAS, on April 2, 2001, Grace, Grace-Conn., GEC and certain of their affiliates commenced the above-captioned chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, the general bar date for prepetition unsecured claims was March 31, 2003 (the "Claims Bar Date"), as provided for in the Bankruptcy Court's *Order As to All Non-Asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing*

2

EXECUTION DOCUMENT

*Bar Date, (II) Approving Proof Of Claim Forms and (III) Approving Notice Program*, dated April 22, 2002 [Docket no. 1963] (the "Bar Date Order");

WHEREAS, the SGH Claims, as designated by Grace's claim agent, Rust Consulting, Inc., are:

| Claim No. | Date Filed | Original Debtor | Amount |
|---|---|---|---|
| 13946 | 3/31/03 | GEC | $7,958,774.60 |
| 13947 | 3/31/03 | Grace-Conn. | $7,958,774.60 |
| 18518 | 4/10/09 | Grace-Conn. | $9,289,309.10 |
| 18520 | 5/1/09 | Grace-Conn. | $9,289,309.10 |
| 18521 | 5/1/09 | GEC | $9,289,309.10 |
| 18526 | 8/7/09 | Grace-Conn. | $92,717,705.03 |
| 18527 | 8/7/09 | GEC | $92,717,705.03 |
| 18551 | 7/31/12 | Grace-Conn. | $94,232,954.99 |
| 18552 | 7/31/12 | GEC | $94,232,954.99 |

WHEREAS, the Plan provides that SGH is entitled to only one Plan Claim;

WHEREAS, on January 31, 2011, the Bankruptcy Court entered its *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket No. 26155] and on February 15, 2011, the Bankruptcy Court entered its *Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010* [Docket No. 26289] (collectively, the "Confirmation Order");

WHEREAS, on February 13, 2012, the Debtors filed their *Motion for Entry of an Order Approving Settlement* [Docket no. 28523], requesting the Bankruptcy Court enter an order approving, *inter alia*, that certain Private Parties Settlement Agreement (the "Private Parties Settlement Agreement") among the private parties thereto (collectively, the "Private Parties"), which included, *inter alia*, Samson Investment, SGH, GEC, Grace and Grace-Conn., regarding

3

the Otis Pipeline portion of the SGH Claims. Such Otis Pipeline portion of the SGH Claims arose from claims asserted by the United States Department of Justice ("DOJ") related to a pipeline serving the Otis Air Force Base on Cape Cod, Massachusetts. As a companion to the Private Parties Agreement, the parties also resolved the claims asserted by the DOJ in a Consent Decree (the "Otis Pipeline Consent Decree");

WHEREAS, to effectuate the Otis Pipeline Consent Decree, the DOJ filed a lawsuit on April 2, 2012, styled *United States v. NuStar Terminals Services, Inc., et al.*, Civil Action No. 1:12–cv–10585–DJC, in the United States District Court for the District of Massachusetts (the "Massachusetts District Court") and lodged the Otis Pipeline Consent Decree in the Massachusetts District Court the same day;

WHEREAS, on March 15, 2012, the Bankruptcy Court entered its *Order Approving Compromise and Settlement* [Docket 28668] (the "Otis Pipeline Order"), approving the Private Parties Settlement Agreement; and pursuant to Private Parties Settlement Agreement, the Otis Pipeline Order and the Otis Pipeline Consent Decree, in part, SGH was granted the "Samson Hydrocarbons Allowed Otis Claim" (the Private Parties Settlement Agreement defines that term and such definition applies in this Agreement) of $7,440,000, plus interest thereon, which was assigned to the United States of America;

WHEREAS the Massachusetts District Court entered the Otis Pipeline Consent Decree on May 22, 2012;

WHEREAS, on February 3, 2014, the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11, as set forth in the Reorganized Debtors' *Notice of Occurrence of the Effective Date of the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace and Co., et*

4

EXECUTION DOCUMENT

*al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732];

WHEREAS, on March 19, 2014, the Bankruptcy Court entered its *Final Decree (A) Closing Certain of The Chapter 11 Cases, (B) Removing Certain of The Chapter 11 Cases From The Joint Administration Order, and (C) Waiving the Requirement That the Reorganized Debtors File a Final Report For the Merged Subsidiaries* [Docket no. 31880], which closed the cases of 45 of the Reorganized Debtors (the "Merged Subsidiaries Case Closing Order");

WHEREAS, on October 14, 2014, the Bankruptcy Court entered its *Final Decree: (A) Closing Certain of the Chapter 11 Cases; (B) Removing Such Cases From the Joint Administration Order; and (C) Waiving The Requirement to File a Final Report For Such Cases* [Docket no. 32429-1] (the "Second Case Closing Order"), closing a further 15 cases, including that of GEC, leaving only the Grace and Grace-Conn. chapter 11 cases open and pending;

WHEREAS, the Merged Subsidiaries Case Closing Order and the Second Case Closing Order provided, in relevant part, that all open and unresolved claims against the Reorganized Debtors (including but not limited to the SGH Claims) remained unaffected by the closing of the Reorganized Debtors' chapter 11 cases and pending in the Grace and Grace-Conn. chapter 11 cases;

WHEREAS, on December 23, 2014, Berry Gas Company merged into SGH;

WHEREAS, on August 18, 2015, the Reorganized Debtors filed the *Thirty-Eighth Omnibus Objection to Claims filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* [Docket No. 32600] (the "Objection") and the *Declaration of Richard C. Finke in Support of the Thirty-Eighth Omnibus Objection to Claims Filed by SGH Enterprises, Inc.*

5

*(Substantive and Non-Substantive Objection)* [Docket No. 32601] (collectively with the Objection, the "Claim Objection");

WHEREAS, on August 27, 2015, the Bankruptcy Court entered an order approving a stipulation, which inter alia extended until October 19, 2015, the deadline by which SGH was to respond to the Claims Objection;

WHEREAS, on October 19, 2015, SGH timely filed its *Response to Thirty-Eighth Omnibus Objection to Claims Filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* [Docket no. 32633];

WHEREAS, on March 15, 2016, the Bankruptcy Court entered its *Scheduling Order re Thirty-Eighth Omnibus Objection to Claims Filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* [Docket no. 32665] (the "Scheduling Order");

WHEREAS, on May 24, 2016, the Bankruptcy Court entered its *Amended Scheduling Order re Thirty-Eighth Omnibus Objection to Claims Filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* [Docket no. 32689] (with any other amendments, the "Amended Scheduling Order");

WHEREAS, the Reorganized Debtors and SGH agree that resolving the SGH Claims on the terms set forth herein is in the best interests of the Parties.

## THE SETTLEMENT

NOW, THEREFORE, for good and valuable consideration, the Parties hereby stipulate and agree that as of the date hereof:

1. Claim no. 18551 (the "SGH Allowed Claim") is, and shall be, an Allowed General Unsecured Claim in the Allowed Amount of $3,450,000 (the "Settlement Amount"), which Settlement Amount shall include any and all interest due under the Plan.

2. Notwithstanding the terms of the Plan, no further interest shall accrue on the Settlement Amount.

3. Claim nos. 13946, 13947, 18518, 18520, 18521, 18526, 18527 and 18552 shall be disallowed and expunged for all purposes (the "Disallowed Claims"). Notwithstanding any contrary term of this Agreement, nothing in this Agreement affects, disallows, releases, or prejudices the Samson Hydrocarbons Allowed Otis Claim or the prior payment thereof by the Reorganized Debtors.

4. SGH and its successors and assigns, shall have no other claims against the Reorganized Debtors for any right to payment arising on or before the Agreement Execution Date, and SGH agrees that it is bound by the discharge provisions of the Plan, the Confirmation Order and the Bankruptcy Code as to all matters relating to or arising from the SGH Allowed Claim and the Disallowed Claims; *provided, however*, that nothing in this paragraph shall be construed to affect the continuing rights and obligations of SGH, the Reorganized Debtors, any of the other Private Parties or other parties named in the Otis Pipeline Consent Decree, or the United States under the Private Parties Settlement Agreement, the Otis Pipeline Consent Decree or any other aspect of the relief granted in the Otis Pipeline Order or the Otis Pipeline Consent Decree.

5. SGH admits and represents that:

   a. As of the Agreement Execution Date neither it nor any of its successors, assigns, affiliates, subsidiaries, parents and shareholders (collectively the "SGH Parties") have any claims, other those set forth in the SGH Claims, against any of the Reorganized Debtors of any nature whatsoever, including but not limited to any claims relating to or arising from any of the 1992 Stock Purchase Agreement, the Settlement and Release Agreement, the Second Settlement and Release Agreement, the Casmalia JDA, or otherwise relating to or arising from the GPC Stock Sale Transaction or any other related transaction subsequent to the Closing Date; *provided, however*, that nothing in this paragraph shall be construed to affect the continuing rights and obligations of SGH, the Reorganized Debtors, any

7

of the other Private Parties or other parties named in the Otis Pipeline Consent Decree, or the United States under the Private Parties Settlement Agreement, the Otis Pipeline Consent Decree or any other aspect of the relief granted in the Otis Pipeline Order or the Otis Pipeline Consent Decree; and *provided further* that this representation does not affect any claim arising from or related to Post-Effective Date business transactions, if any, between any of the SGH Parties and the Reorganized Debtors that are unrelated to any of the foregoing agreements;

b. As of the Petition Date, none of the 1992 Stock Purchase Agreement, the Settlement and Release Agreement and the Second Settlement and Release Agreement were executory contracts as that term is used in Bankruptcy Code section 365; and

c. Other than the Samson Hydrocarbons Allowed Otis Claim having been assigned to the United States, SGH is the owner of the SGH Claims, and it has not assigned all or any portion of the claims comprising the SGH Claims to any other person or entity.

6. The Reorganized Debtors admit and represent that, as of the Agreement Execution Date, they do not have any claim against SGH, including but not limited to claims arising from the SGH Allowed Claim, the 1992 Stock Purchase Agreement, the Settlement and Release Agreement, the Second Settlement and Release Agreement, the Casmalia JDA, or otherwise relating to or arising from the GPC Stock Sale Transaction or any other related transaction subsequent to the Closing Date; *provided, however,* that nothing in this paragraph shall be construed to affect the continuing rights and obligations of SGH, the Reorganized Debtors, any of the other Private Parties or other parties named in the Consent Decree, or the United States under the Private Parties Settlement Agreement, the Otis Pipeline Consent Decree or any other aspect of the relief granted in the Otis Pipeline Order or the Otis Pipeline Consent Decree; and *provided further* that this representation does not affect any claim arising from or related to Post-Effective Date business transactions, if any, between any of the SGH Parties and the Reorganized Debtors that are unrelated to any of the foregoing agreements.

## NECESSARY ACTIONS

7.  Pursuant to Plan Art. 5.1, the Reorganized Debtors shall within fifteen (15) days after the Agreement Execution Date, file a motion in the Bankruptcy Court requesting the Bankruptcy Court enter an order (the "Approval Order"): (i) approving this settlement agreement; and (ii) withdrawing as moot each of the Claims Objection, the SGH Response, the Scheduling Order and the Amended Scheduling Order.

8.  The Reorganized Debtors shall pay the Settlement Amount within thirty (30) business days of the Bankruptcy Court's entry of the Approval Order. The Settlement Amount of $3,450,000.00 shall be paid by wire transfer in accordance with instructions provided by SGH.

9.  Upon entry of the Approval Order, the Debtors shall direct their claims agent, Rust Consulting, Inc., to record: (i) the SGH Allowed Claim as an allowed, non-contingent, and liquidated claim on the terms and conditions set forth in this Agreement; and (ii) the Disallowed Claims as expunged and disallowed.

## RELEASES

10.  **SGH Release.** Except for the SGH Allowed Claim, and the rights, entitlements and obligations created by, arising under, or available to SGH under this Agreement and the Private Parties Settlement Agreement, the Otis Pipeline Consent Decree or any other aspect of the relief granted in the Otis Pipeline Order or the Otis Pipeline Consent Decree, SGH releases all actions, causes of action, claims, demands, counterclaims, cross-claims, liabilities, indemnities, litigation costs, losses, judgments, damages and expenses, including court costs, litigation expenses and attorneys' fees, settlement payments, remediation expenses, and other expenses, including but not limited to Damages (as that term is defined in 1992 Stock Purchase Agreement § 13.01(b)), that could be asserted by or on its behalf against the Reorganized

Debtors arising at any time from or relating in any way to any of the 1992 Stock Purchase Agreement, the Settlement and Release Agreement, the Second Settlement and Release Agreement and the Casmalia JDA, whether known or unknown, foreseen or unforeseen, liquidated, unliquidated, fixed, contingent, material or immaterial, disputed or undisputed, suspected or unsuspected, asserted or unasserted, direct or indirect, at law or in equity, including but not limited to the Disallowed Claims.

11.    **Reorganized Debtors Release.**  Except for the SGH Allowed Claim and the rights, entitlements and obligations created by, arising under or available to the Reorganized Debtors under this Agreement and Private Parties Settlement Agreement, the Otis Pipeline Consent Decree or any other aspect of the relief granted in the Otis Pipeline Order or the Otis Pipeline Consent Decree, the Reorganized Debtors jointly and severally release all causes of action, claims, demands, counterclaims, cross-claims, liabilities, indemnities, litigation costs, losses, judgments, damages and expenses, including court costs, litigation expenses and attorneys' fees, settlement payments, remediation expenses, and other expenses, including but not limited to Damages (as that term is defined in 1992 Stock Purchase Agreement § 13.01(b)), against SGH that could be asserted by or on their behalf arising at any time from or relating in any way to any of the 1992 Stock Purchase Agreement, the Settlement and Release Agreement, the Second Settlement and Release Agreement and the Casmalia JDA, whether known or unknown, foreseen or unforeseen, liquidated, unliquidated, fixed, contingent, material or immaterial, disputed or undisputed, suspected or unsuspected, asserted or unasserted, direct or indirect, at law or in equity.

## MISCELLANEOUS

12.    **Full Power and Authority.**  Each of the Parties executing this Agreement represents that such party has the full authority and legal power to do so.

<div align="right">EXECUTION DOCUMENT</div>

13. **Advice of Counsel.** Each of the Parties executing this Agreement agrees, acknowledges and represents that it was represented by its own independent legal counsel during the negotiation of the Agreement.

14. **No Effect on Otherwise Applicable Orders.** (i) Nothing in this Agreement shall be deemed to affect the force, effectiveness or applicability of the Bar Date Order, the Confirmation Order or the Plan (including but not limited to the injunctions, releases and discharge set forth in Plan Art. 8 and in the Confirmation Order) as to the Reorganized Debtors, SGH or any other entity; (ii) The releases and other covenants set forth in this Agreement are in addition to, and not in substitution of, any provision of the Confirmation Order or the Plan (including but not limited to the injunctions, releases and discharge set forth in Plan Art. 8 and in the Confirmation Order); (iii) Nothing in this Agreement shall affect the force, effectiveness or applicability of that certain *Joint Defense and Confidentiality Agreement* dated January 30, 2015, between GEC, Grace-Conn and SGH.

15. **Governing Law.** This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Texas, excluding the conflict of laws provisions thereof that would otherwise require the application of the law of any other jurisdiction.

16. **Counterparts.** This Agreement may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The Parties further agree that facsimile signatures hereon shall be deemed to be original signatures.

17. **Bankruptcy Court Approval.** Notwithstanding any other provision of this Agreement, this Agreement and the Reorganized Debtors' and SGH's signatures hereon shall not become effective and binding until the Bankruptcy Court enters the Approval Order.

<div align="center">11</div>

18. **Termination.** This Agreement shall be terminated if the Bankruptcy Court enters an order denying approval of this Agreement, and in any such case: (i) SGH and the Reorganized Debtors shall not be bound hereunder and shall have no liability to one another arising out of or in connection with this Agreement; (ii) this Agreement shall have no residual or probative effect or value, and it shall be as if it had never been executed; and (iii) this Agreement, any statements made in connection with settlement discussions, and any documents prepared in connection herewith may not be used as evidence in any litigation between the Parties.

19. **Binding Nature.** This Agreement shall be binding upon and inure to the benefit of each of the Parties, and each of their respective successors, assigns, affiliates, subsidiaries, parents, shareholders, officers, directors and professionals.

20. **No Admissions.** This Agreement is being entered into solely as a settlement of disputed claims and defenses and does not represent an admission by any of the Parties as to the validity of any such claim or defense, in whole or in part, except as to the extent stated herein.

21. **Retention of Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the SGH Claims and any issues arising out of or relating to this Agreement.

[signature page to follow]

EXECUTION DOCUMENT

The following Parties enter into this Agreement, which provides for allowance of the SGH Allowed Claim no. 18551 in the Allowed Amount of $3,450,000 (with no further interest payable thereon, whether pursuant to the Plan or otherwise), payment in full of such SGH Allowed Claim by the Reorganized Debtors, and the disallowance of the Disallowed Claims on the terms and conditions set forth herein on behalf of:

| W. R. Grace & Co., et al., Reorganized Debtors | SGH Enterprises, Inc. |
|---|---|
| By: _____<br>Mark A. Shelnitz<br>Its: Vice President, General Counsel and Secretary<br>W. R. Grace & Co.<br>7500 Grace Drive<br>Columbia MD 21044 | By: *[signature]*<br>Sharolyn Whiting-Ralston<br>Its: attorney-in-fact under a power of attorney |
| Date: _____ | Date: 6/22/16 |

EXECUTION DOCUMENT

The following Parties enter into this Agreement, which provides for allowance of the SGH Allowed Claim no. 18551 in the Allowed Amount of $3,450,000 (with no further interest payable thereon, whether pursuant to the Plan or otherwise), payment in full of such SGH Allowed Claim by the Reorganized Debtors, and the disallowance of the Disallowed Claims on the terms and conditions set forth herein on behalf of:

| **W. R. Grace & Co., et al., Reorganized Debtors** | **SGH Enterprises, Inc.** |
|---|---|
| By: *Mark A. Shelnitz* (signed) | By: _____ |
| Mark A. Shelnitz | Sharolyn Whiting-Ralston |
| Its: Vice President, General Counsel and Secretary<br>W. R. Grace & Co.<br>7500 Grace Drive<br>Columbia MD 21044 | Its: attorney-in-fact under a power of attorney |
| Date: June 22, 2016 | Date: _____ |