UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>Debtors. | Case No. 01-01139 (KJC)<br><br>Chapter 11<br><br>Jointly Administered |

**MOTION OF HONEYWELL INTERNATIONAL INC.
FOR ACCESS TO RULE 2019 EXHIBITS**

Honeywell International Inc. ("Honeywell"), by and through its undersigned counsel, hereby moves this Court for entry of an order, a form of which is attached hereto as Exhibit A, authorizing Honeywell to access the statements and exhibits submitted in these chapter 11 cases pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (collectively, the "2019 Exhibits"). In support of this motion (the "Motion"), Honeywell relies upon and incorporates by reference the *Declaration of Peter John Sacripanti in Support of the Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits* (the "Sacripanti Declaration"), attached hereto as Exhibit B, and respectfully states as follows:

**PROCEDURAL HISTORY**

1. On April 2, 2001, the above-captioned debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On August 25, 2004, this Court entered the *Amendatory Order Requiring Filing of Statements Pursuant to Fed.R.Bankr.P. 2019* [Docket No. 6275], a true and correct copy of which is attached to the Sacripanti Declaration as Exhibit 1 (the "2019 Order"), which required

"all counsel representing more than one creditor or equity security holder" to file the 2019 Exhibits off of the electronic docket with the clerk of the court.[1]

3.  Numerous law firms that represented asbestos personal injury claimants as putative creditors in these chapter 11 cases complied with the 2019 Order by filing the 2019 Exhibits off of the electronic docket.

## BACKGROUND

4.  Honeywell is a diversified technology and manufacturing company. Through its friction materials business unit, Honeywell has historically been a global supplier of automotive brake friction materials and aftermarket brake products. These "Bendix" products, as they are called, are the subject of numerous lawsuits in the tort system commenced by plaintiffs who allege they were exposed to asbestos from Bendix friction products.

5.  In addition to Honeywell's role as an active defendant in the asbestos tort system, Honeywell is obligated to fund practically all obligations of the North American Refractories Asbestos Personal Injury Settlement Trust (the "<u>NARCO Trust</u>") pursuant to the First Amended

---

[1] Pursuant to the 2019 Order, the following information was required to be included with the 2019 Exhibits: (i) a table of contents listing the full name of each claimant; and (ii) for each claimant:

- An exhibit consisting of copies of powers of attorney, agreement or instrument whereby the entity was empowered to act on behalf of the creditors or equity security holders; and
- An exhibit for each creditor or equity security holder including: (i) name and address; (ii) last four digits of social security number; (iii) nature and amount of the claim or interest and the time of acquisition thereof or an allegation that the claim or interest was acquired more than one year prepetition; (iv) a recital of the pertinent facts and circumstances in connection with the employment of the entity or indenture trustee and, in the case of a committee, the name or names of the entity or entities at whose instance, directly or indirectly, the employment was arranged or the committee was organized or agreed to act; (v) with reference to the time of the employment of the entity, the organization or formation of the committee, or the appearance in the case of any indenture trustee, (a) the amounts of claims or interests owned by the entity, the committee members or the indenture trustee; (b) the times acquired; (c) the amounts paid therefor; and (d) any sales or other disposition thereof; (vi) a description of how counsel became involved with the claimant; and (vii) a copy of the fee agreement, if any, between counsel and the claimant or between counsel and any other law firm or entity representing a claimant.

North American Refractories Company Asbestos Personal Injury Settlement Trust Agreement, attached to the Sacripanti Declaration as Exhibit 2 (the "Trust Agreement").[2]

6.      Specifically, subject to certain limitations and exceptions, Honeywell is obligated, *in perpetuity*, to fund (i) all distributions made by the NARCO Trust on account of asbestos injury claims, up to certain capped amounts (in excess of $100 million) each year, and (ii) all of the NARCO Trust's expenses (collectively, the "Evergreen Funding").  Trust Agreement § 2.3(b), (c).

7.      As a result of the Evergreen Funding obligations, Honeywell was given broad and sweeping rights to audit, review, and make recommendations to the NARCO Trust pursuant to the First Amended North American Refractories Company Asbestos Personal Injury Settlement Trust Distribution Procedures, a copy of which is attached to the Sacripanti Declaration as Exhibit 3 (the "NARCO TDP").[3] The NARCO TDP was approved by the United States Bankruptcy Court for the Western District of Pennsylvania in connection with the confirmation

---

[2] Due to the large number of notice parties in these chapter 11 cases, the Trust Agreement was not included in the service papers delivered to parties receiving notice of this Motion.  However, any party receiving notice of this Motion may request an electronic copy of the Trust Agreement by contacting counsel to Honeywell, McDermott Will & Emery LLP, Attn: Darren Azman, at dazman@mwe.com.

[3] Specifically, section 4.8(b) of the NARCO TDP provides, in relevant part, that "Honeywell shall, at its sole discretion and expense, be entitled to audit and review all aspects of the NARCO Asbestos Trust . . . . The NARCO Asbestos Trust shall provide to Honeywell, at Honeywell's sole discretion and expense, such information and documentation as Honeywell requests. The NARCO Asbestos Trust shall cooperate with Honeywell in connection with any Honeywell audit . . . . Honeywell may – and shall be entitled to as part of its audit rights – make recommendations to the NARCO Asbestos Trust . . . concerning the NARCO Asbestos Trust, including but not limited to the NARCO Asbestos Trust's claims processing operations." NARCO TDP § 4.8(b).

Due to the large number of notice parties in these chapter 11 cases, the NARCO TDP was not included in the service papers delivered to parties receiving notice of this Motion.  However, any party receiving notice of this Motion may access an electronic copy of the NARCO TDP on the NARCO Trust's website (http://www.narcoasbestostrust.org), or by contacting counsel to Honeywell, McDermott Will & Emery LLP, Attn: Darren Azman, at dazman@mwe.com.

of the *Third Amended Plan of Reorganization of North American Refractories Company et al. Dated December 28, 2005*.[4]

8.  Honeywell has significant and legitimate concerns about fraudulent claims filed against Honeywell in the tort system and against the NARCO Trust. These concerns not only stem from Honeywell's own experience in the asbestos tort and trust systems, but are substantiated by various authorities, including federal courts and Congress. *See, e.g.*, *Order Estimating Aggregate Liability* at ¶ 66, *In re Garlock Sealing Techs.*, No. 10-31607 (Bankr. W.D.N.C. Jan. 10, 2014) [Docket No. 3296] (finding a "startling pattern of misrepresentation" by asbestos claimants); H.R. Rep. No. 113-254, at 5-6, 13 (2013) (noting that one "commentator likened the scale of fraud in asbestos litigation to that of the scandals of . . . Worldcom [and] Enron. . . .", and that "The *Wall Street Journal* found that individuals had claimed exposure to asbestos through industrial jobs that they held while under the age of twelve, disparate medical diagnoses asserted among different asbestos trusts and state court cases, and claims asserted by individuals that simply did not exist."); *Verdict*, *CSX Transp. v. Peirce*, No. 5:05-cv-00202 (D. W. Va. Dec. 20, 2012) [Docket No. 1549] (jury finding asbestos personal injury plaintiffs' lawyers and others liable for civil racketeering for conspiring with a radiologist to fabricate evidence in asbestos lawsuits against railroad operator CSX).

9.  Honeywell intends to review and analyze all aspects of the NARCO Trust's operations, including, without limitation, its claims processing procedures and the claims submitted to the NARCO Trust under the individual review and expedited review processes. The valuable information contained in the 2019 Exhibits will help to ensure that the purpose of the NARCO Trust, which is to promptly pay holders of "valid" claims, is fulfilled, and that

---

[4] *In re North American Refractories Company, et al.*, Case No. 02-20198 (Bankr. W.D. Pa.).

Honeywell appropriately compensates asbestos plaintiffs in the tort system, to the extent such plaintiffs have valid claims.

10.     In addition, Honeywell intends to produce the 2019 Exhibits to the NARCO Trust to be used in connection with the NARCO Trust's own review of claims that it receives from asbestos claimants.  Payment of invalid or fraudulent claims violates the NARCO Trust's mandate and operates to the detriment of not only Honeywell—by forcing Honeywell to contribute money for invalid claims submitted to the NARCO Trust—but also the holders of valid claims, whose payments will necessarily be delayed (without interest) because of certain distribution caps imposed on the NARCO Trust.  Honeywell, therefore, has a very real and timely need to access the 2019 Exhibits and use them in furtherance of its efforts to ferret out invalid or fraudulent asbestos claims.

11.     Honeywell is not seeking, by this Motion, access to any information in the 2019 Exhibits that should remain confidential pursuant to Bankruptcy Rule 9037, and the proposed order has been carefully drafted to avoid disclosure of any such confidential information.

12.     The foregoing facts are provided solely to aid this Court's understanding of Honeywell's involvement with the NARCO Trust and the asbestos tort system.  However, these facts are not a prerequisite for this Court to find that Honeywell is entitled to access the 2019 Exhibits, as discussed in more detail below.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over this Motion because of this Court's inherent authority to interpret and modify its own orders (here, the 2019 Order), and this Court's statutory authority pursuant to sections 157 and 1334 of title 28 of the United States Code.

14. It is undisputed that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "Indeed, it would be quite odd if the [court] did not have jurisdiction in the first instance to adjudicate a claim of right to the court's very own records and files." *In re Motion for Release of Court Records*, 526 F.Supp.2d 484, 487 (FISA Ct. 2007) (finding that the court has jurisdiction to hear ACLU's request to certain judicial records).

15. As the Second Circuit has stated:

> The court's supervisory power does not disappear because jurisdiction over the relevant controversy has been lost. The records and files are not in limbo. So long as they remain under the aegis of the court, they are superintended by the judges who have dominion over the court.

*Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004); *see also EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1047 (D.C. Cir. 1998); *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987), *superseded by statute on other grounds*, Fed. R. Civ. P. 5(d) ("[A] district court retains the power to modify or lift protective orders that it has entered."); *In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333, 339 (E.D. Pa. 2004).

16. Additionally, this Court has jurisdiction over this Motion pursuant to section 1334 of title 28 of the United States Code, which provides that this Court has "jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C § 1334(b). The 2019 Exhibits on file with the clerk are part of the disclosures mandated by Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Bankruptcy Rule

2019, in turn, relates to the administration of the bankruptcy estate, which is a core matter and within the Court's "arising under" jurisdiction.  *See* 28 U.S.C. § 157(b)(2)(A); *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 154, 162-63 (D.N.J. 2005) (finding that bankruptcy court's "Rule 2019 Compliance Order" requiring law firms to file Rule 2019 statements was within the core subject matter jurisdiction of the bankruptcy court).  Because the 2019 Exhibits would not exist but for the "core" estate administration obligations imposed by Bankruptcy Rule 2019 and the 2019 Order, this Motion relates to a matter that "arises under" title 11.  This Motion is also a "core" matter because the relief sought herein is predicated, in part, on Bankruptcy Code section 107.  11 U.S.C. § 107.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).  The statutory predicates for the relief requested herein are Bankruptcy Code section 107(a) and Bankruptcy Rule 9018.  11 U.S.C. § 107(a); Fed. R. Bankr. P. 9018.

# ARGUMENTS

**A.     As A Member Of The Public, Honeywell Has Standing To Seek Access To The 2019 Exhibits**

18.     As a member of the public, Honeywell has standing to seek access to the 2019 Exhibits. The Court of Appeals for the Third Circuit has "routinely found" that members of the public have standing to seek access to judicial records that are subject to protective and confidentiality orders or are not directly available to the public. *Pansy*, 23 F.3d at 777 (citing *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992); *Pub. Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 787 & n. 12 (1st Cir. 1988), *cert. denied*, 488 U.S. 1030 (1989); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 354 (11th Cir. 1987); *United States v. Cianfrani*, 573 F.2d 835, 845 (3d Cir. 1978); *City of Hartford v. Chase*, 733 F. Supp. 533, 534 (D. Conn. 1990), *rev'd on other grounds*, 942 F.2d 130 (2d Cir. 1991)).

19.     In order to have standing to seek access to judicial records, a member of the public need only demonstrate that an obstacle prevents it from accessing a judicial record. *Pansy*, 23 F.3d at 777. As a result of the 2019 Order, and without a further order from this Court, Honeywell (as a member of the public) is unable to access the 2019 Exhibits because they were filed off of the electronic docket, and thus there is an obstacle preventing Honeywell's access.

20.     Consistent with this conclusion, the United States District Court for the District of Delaware has previously applied the obstacle exception in the context of a third party seeking access to exhibits filed pursuant to Bankruptcy Rule 2019 in these chapter 11 cases. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 294-95 (D. Del. 2013) (holding that the requesting party has standing because it "is a member of the public and faces an obstacle to obtaining access to [the 2019 Exhibits]"); *see also Consent Order Granting Access to*

*Rule 2019 Filings*, *In re Garlock Sealing Techs.*, No. 10-31607 (Bankr. W.D.N.C. Nov. 20, 2014) [Docket No. 4235]. Therefore, Honeywell has standing to seek access to the 2019 Exhibits.

**B.     Honeywell Has A Specific Statutory Right Of Access To The 2019 Exhibits**

21.     Congress codified the right to access documents filed in bankruptcy cases in Bankruptcy Code section 107(a), which provides that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge," subject to certain exceptions that are to be "construed narrowly." 11 U.S.C. § 107(a); *In re Crawford*, 194 F.3d 954, 960 & n.8 (9th Cir. 1999). Because all of the 2019 Exhibits constitute "paper[s] filed in a case under this title," Honeywell has a presumptive right of access to the 2019 Exhibits.

22.     To justify denial of access to any "papers" filed in these cases, the proponent of secrecy would need to demonstrate that the information in the papers to be sealed is "a trade secret or confidential research, development, or commercial information," a "scandalous or defamatory matter," or information the disclosure of which "would create undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(b)(1), (2), (c)(1).

23.     In sum, "Section 107 . . . establishes a broad right of public access, subject only to limited exceptions set forth in the statute, to all papers filed in a bankruptcy case." *In re Gitto Global Corp.*, 422 F.3d 1, 7 (1st Cir. 2005). Because "Sections 107(b) and (c) . . . define a universe of information that is exempt from the right of public access established by subsection (a)," where, as in these cases, the exceptions do not apply, any broader sealing or redaction is impermissible. *See In re Blake*, 452 B.R. 1, 8 (Bankr. D. Mass. 2011) (denying redaction request

where there were "no grounds under § 107(b) or (c)" to do so); *see also* Fed. R. Bankr. P. 9037 (identifying certain categories of information that may be redacted).

24.     Moreover, the United States District Court for the District of Delaware has already held that the 2019 Exhibits in these chapter 11 cases are subject to a presumptive right of access and that no party had rebutted this presumption. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. at 298 ("Here, the presumption of access has not been rebutted."); *see also Consent Order Granting Access to Rule 2019 Filings*, *In re Garlock Sealing Techs.*, No. 10-31607 (Bankr. W.D.N.C. Nov. 20, 2014) [Docket No. 4235]; *see also Consent Order Granting Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, In re Porter-Hayden Co.*, No. 02-54152 (Bankr. D. Md. Oct. 1, 2015) [Docket No. 1277].

25.     Also relevant to the relief sought herein is that in more than one third of all bankruptcy cases in which counsel to asbestos personal injury claimants filed statements and exhibits pursuant to Bankruptcy Rule 2019, such statements and exhibits are now, and have always been, publicly available. *See, e.g.*, *In re Brauer Supply Co.*, No. 05-51754 (Bankr. E.D. Mo.) [Docket No. 75]; *In re Burns & Roe Enters., Inc.*, No. 00-41610 (Bankr. D.N.J.) [Docket No. 1577]; *In re The Celotex Corp., et al.*, No. 90-10016 (Bankr. M.D. Fla.) [Docket No. 6702]; *In re CFB Liquidating Corp.*, No. 01-45483 (Bankr. N.D. Cal.) [Docket No. 342]; *In re Congoleum Corp., et al.*, No. 03-51524 (Bankr. D.N.J.) [Docket No. 457]; *In re Federal-Mogul Global, Inc.*, No. 01-10578 (Bankr. D. Del.) [Docket No. 1107]; *In re G-1 Holdings, Inc., et al.*, No. 01-30135 (Bankr. D.N.J.) [Docket No. 513]; *In re Mid-Valley, Inc., et al.*, No. 03-35592 (Bankr. W.D. Pa.) [Docket No. 882]; *In re Thorpe Insulation Co.*, No. 07-19271 (Bankr. C.D. Cal.) [Docket No. 1523]; *In re Plant Insulation Co.*, No. 09-31347 (Bankr. N.D. Cal.) [Docket No. 1222]; *In re Plibrico Co.*, No. 02-09952 (Bankr. N.D. Ill.) [Docket No. 581]; *In re Quigley*

*Co., Inc.*, No. 04-15739 (Bankr. S.D.N.Y.) [Docket No. 458]; *In re Am. Capital Equip., LLC, et al.*, No. 01-23987 (Bankr. W.D. Pa.) [Docket No. 113]. Many of the law firms that publicly filed statements and exhibits pursuant to Bankruptcy Rule 2019 in the foregoing cases are the same law firms that filed the 2019 Exhibits in these chapter 11 cases, and, upon information and belief, the type of information contained in the statements and exhibits filed in the foregoing bankruptcy cases is similar (if not identical) to the type of information contained in the 2019 Exhibits in these chapter 11 cases. It would be inconsistent for these same law firms to now argue that this type of information should be withheld from public access.

**C.     Honeywell Also Has A Common Law Right Of Access To The 2019 Exhibits**

26. Honeywell also has a common law right of access to the 2019 Exhibits. The public's right to access documents filed in court is a well-recognized and fundamental principle of Anglo-American justice that has existed for centuries. *See Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1068-70 (3d Cir. 1984).

27. The publicity of court filings serves important purposes and is "inherent in the nature of our democratic form of government." *Id.* at 1069. It (i) "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court," (ii) "diminishes possibilities for injustice, incompetence, perjury, and fraud," (iii) "provide[s] the public with a more complete understanding of the judicial system and a better perception of its fairness," and (iv) "helps assure that judges perform their duties in an honest and informed manner." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (internal quotation marks and citations omitted).

28. The modern common law right of access applies not only to court proceedings, but also to "judicial records," which includes all documents filed with the court. *Id.* (filing of

document "clearly establishes" that it is a "judicial record," and therefore subject to the right of access); *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1998) (describing the "general common law right to inspect and to copy judicial records and documents"). The 2019 Exhibits are clearly "documents" that were "filed" with this Court. The 2019 Order required certain parties to "file" the 2019 Exhibits and submit them to the clerk of the Court. As the United States District Court for the District of Delaware previously held with respect to the 2019 Exhibits filed in these chapter 11 cases, the 2019 Exhibits constitute "judicial records" for purposes of the common law presumptive right of access to court filings. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. at 297; *see also In re Pittsburgh Corning Corp.*, No. 04-1814, 2005 WL 6128987, at *10 (W.D. Pa. Sept. 27, 2005) ("The bankruptcy court in this case made clear that it was important to have the [2019] statements *filed* and that the issue of access would be addressed if and when a party files a proper motion.") (emphasis added).

29. The right to access court-filed documents is not absolute, but the Court of Appeals for the Third Circuit has developed "settled standards" governing when such right may be restricted, and these standards are limited to ensure that the right of access remains a robust guarantee of transparency and accountability in the federal judiciary. *See In re Cendant Corp.*, 260 F.3d at 194-96.

30. Specifically, "to override the common law right of access, the party seeking the closure of a hearing or the sealing of part of the judicial record 'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* at 194 (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

31. Thus, "[t]he burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption [of access]." *Id.* (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993). Courts have held that in carrying this burden and "delineating the injury to be prevented, specificity is essential. Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* (citations omitted). Moreover, any order protecting a judicial record from disclosure *must articulate specific injuries* justifying denial of public access and make specific findings supported by evidence. *See id.* The access right may be restricted only to avoid "*clearly defined and serious injury* to the party seeking closure." *Id.* (emphasis added).

32. Applying these criteria, the Court of Appeals for the Third Circuit has repeatedly rejected restrictions on access in a wide variety of circumstances. *See id.* at 197-98 (public had right to access sealed bids in auction for lead class counsel); *Littlejohn*, 851 F.2d at 685 (confidential information that might damage party's commercial standing could not be protected once filed in court); *Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 345-46 (3d Cir. 1986) (confidential settlement agreement filed with court could not be protected from public); *Publicker*, 733 F.2d at 1074 (facts demonstrating that company may have violated law could not be protected from public, despite possibility of substantial commercial detriment).[5] No opponent of this Motion could ever make such a showing, and thus Honeywell has a common law right of access to the 2019 Exhibits.

---

[5] The First Amendment is another legal basis in support of the right to access public records, and may provide even more robust protection. *See Publicker*, 733 F.2d at 1067-71; *In re Cendant Corp.*, 260 F.3d at 198 n.13. The Court of Appeals for the Third Circuit, however, has not yet defined the scope of the First Amendment protection of access to civil proceedings because the denials of access before it have all violated the arguably less stringent common law right of access. *See id.*

33. There are no countervailing interests that outweigh Honeywell's common law right of access to the 2019 Exhibits, particularly in light of the protections set forth in the proposed order. As stated herein, Honeywell is not seeking access to any information in the 2019 Exhibits that should remain confidential pursuant to Bankruptcy Rule 9037, and the proposed order has been carefully drafted to avoid disclosure of any such confidential information.

**NOTICE**

34. Notice of this Motion has been provided to (i) law firms for asbestos personal injury claimants that have filed statements in these chapter 11 cases case pursuant to Bankruptcy Rule 2019 and the 2019 Order, (ii) counsel to the Debtors, (iii) counsel to any statutory committee appointed in these chapter 11 cases, (iv) counsel to the WRG Asbestos PI Trust, (v) the Office of the United States Trustee for this district, and (vi) all parties who have filed requests for notices in these chapter 11 cases.[6]

---

[6] Given the large number of interested parties in these chapter 11 cases, Honeywell retained a third party vendor to prepare a notice mailing list that includes all parties entitled to receive notice in these chapter 11 cases, including all law firms that filed 2019 Exhibits. The vendor compiled the mailing list by reviewing notices of appearance and the unredacted portions of the 2019 Exhibits that were filed in these chapter 11 cases and available electronically or in hard copy from the Clerk's office. Certain 2019 Exhibits were not accessible in any form (digital or hard copy from the Clerk's office), but the vendor was able to identify from the docket entry the name of the attorney that filed the 2019 Exhibit. These include docket numbers 79, 97, 139, and 144.

Additionally, given the amount of time that has passed since the notices of appearance and 2019 Exhibits were filed in these chapter 11 cases, Honeywell was concerned that many of the notice parties' mailing addresses may have changed since their last pleading was filed. To address this concern, the vendor utilized resources, other than pleadings filed in these chapter 11 cases, in an attempt to verify the current notice information for each law firm that filed a 2019 Exhibit. For these reasons, under the circumstances, Honeywell submits that adequate notice of this Motion has been provided.

**CONCLUSION**

For the foregoing reasons, Honeywell respectfully requests that this Court enter an order, in a form substantially similar to the proposed order attached hereto as Exhibit A, authorizing Honeywell to immediately access all 2019 Exhibits filed in these chapter 11 cases, and granting such other relief the Court deems just and proper.

Dated:  June 30, 2016
       Wilmington, Delaware

POLSINELLI PC

*/s/ Justin Edelson*
Justin Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921

-AND-

MCDERMOTT WILL & EMERY LLP
Peter John Sacripanti *(pro hac vice pending)*
John J. Calandra *(pro hac vice pending)*
Darren Azman *(pro hac vice pending)*
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Attorneys for Honeywell International, Inc.*