IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) Re docket no. _32716, 32732_ |
| | ) Hearing Agenda item no. _____ |
| | ) |

**ORDER APPROVING STIPULATION AND SETTLEMENT AGREEMENT BETWEEN THE REORGANIZED DEBTORS AND SGH ENTERPRISES, INC. ("SGH"), ALLOWING CLAIM NO. 18551 AS AN ALLOWED CLAIM AND DISALLOWING ALL REMAINING CLAIMS FILED BY SGH**

Upon consideration of the Reorganized Debtors' *Motion to Approve the Stipulation and Settlement Agreement Resolving Claims Filed by SGH Enterprises, Inc.* [Docket no. _____] (the "Motion); it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties-in-interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1.  The Motion is granted in its entirety.

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co. Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Stipulation or the Plan.

2. The *Stipulation and Settlement Agreement Resolving Claims Filed by SGH Enterprises, Inc.*, a true and correct copy of which is attached hereto as Exhibit I (the "Stipulation"), is approved.

3. Claim no. 18551 (the "SGH Allowed Claim") is, and shall be, an Allowed General Unsecured Claim in the Allowed Amount of $3,450,000 (the "Settlement Amount"), which Settlement Amount shall include any and all interest due under the Plan.

4. Notwithstanding the terms of the Plan, no further interest shall accrue on the Settlement Amount.

5. Claim nos. 13946, 13947, 18518, 18520, 18521, 18526, 18527 and 18552 shall be disallowed and expunged for all purposes (the "Disallowed Claims").

6. The Reorganized Debtors' *Thirty-Eighth Omnibus Objection to Claims filed by SGH Enterprises, Inc. (Substantive and Non- Substantive Objection)* [Docket No. 32600], the *Declaration of Richard C. Finke in Support of the Thirty- Eighth Omnibus Objection to Claims filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* [Docket No. 32601] and SGH's *Response to Thirty-Eighth Omnibus Objection to Claims (Substantive and Non-Substantive Objection)* [Docket no. 32633] are dismissed as moot.

7. This Court's *Scheduling Order re Thirty-Eighth Omnibus Objection to Claims Filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* [Docket no. 32665], its *Amended Scheduling Order re Thirty-Eighth Omnibus Objection to Claims Filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* [Docket no. 32689], its *Second Amended Scheduling Order re Thirty-Eighth Omnibus Objection to Claims Filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* [Docket no. 32701], and its *Third Amended Scheduling Order re Thirty-Eighth Omnibus Objection to*

*Claims Filed by SGH Enterprises, Inc. (Substantive and Non-Substantive Objection)* [Docket no. 32712] are withdrawn as moot.

8. The Reorganized Debtors shall direct their claims agent Rust Consulting, Inc. to record: (i) the SGH Allowed Claim as an allowed, non-contingent, and liquidated claim on the terms and conditions set forth in the Stipulation; and (ii) the Disallowed Claims as expunged and disallowed.

9. The Reorganized Debtors are authorized to take all other actions that may be necessary to undertake the actions set forth in the Stipulation.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order, the SGH Claims and the Stipulation.

12. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under, as the case may be, Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 6004(h) or Fed. R. Bankr. P. 9014 or otherwise.

13. In the event of any conflict between the terms of this Order, the Motion or the Stipulation, the Stipulation shall govern.

Dated: July 19, 2016

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge