IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | **Related to Docket No. 32718** |

### REORGANIZED DEBTORS' RESPONSE TO MOTION OF HONEYWELL INTERNATIONAL INC. FOR ACCESS TO RULE 2019 EXHIBITS

The above captioned reorganized debtors (the "Reorganized Debtors") do not oppose the relief requested by Honeywell International, Inc. ("Honeywell") in its motion for access to the 2019 Exhibits[2] (the "Motion") with one qualification: Such relief should not come at the expense of the Reorganized Debtors. More specifically, to the extent that Honeywell (or any entity) seeks relief from the Clerk of the Court, the Reorganized Debtors do not object; however, to the extent that Honeywell (or any entity) seeks any relief from the Reorganized Debtors, Honeywell (or any entity) should be required to pay any and all costs the Reorganized Debtors may incur in providing such relief. The Reorganized Debtors should not be burdened with any expense regarding the relief sought in the Motion, because providing such relief does not benefit the Reorganized Debtors in any way.

---

[1] The Reorganized Debtors are W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc. or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein have the meanings given to them in the Motion.

## **Background**

1.  On January 31, 2011, the Bankruptcy Court entered its *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket No. 26155], and on February 15, 2011, the Bankruptcy Court entered its *Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010* [Docket No. 26289] (collectively, the "Confirmation Order"). On February 3, 2014, the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11, as set forth in the Reorganized Debtors' *Notice of Occurrence of the Effective Date of the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace and Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732].

2.  On March 19, 2014, the Bankruptcy Court entered its *Final Decree (A) Closing Certain of The Chapter 11 Cases, (B) Removing Certain of The Chapter 11 Cases From The Joint Administration Order, and (C) Waiving the Requirement That the Reorganized Debtors File a Final Report For the Merged Subsidiaries* [Docket no. 31880], which closed the cases of 45 of the Reorganized Debtors (the "Merged Subsidiaries Case Closing Order"). On October 14, 2014, the Bankruptcy Court entered its *Final Decree: (A) Closing Certain of the Chapter 11 Cases; (B) Removing Such Cases From the Joint Administration Order; and (C) Waiving The Requirement to File a Final Report For Such Cases* [Docket no. 32429-1] (the "Second Case

DOCS_DE:208701.2 91100/001

Closing Order"). Only the Grace and Grace-Conn. chapter 11 cases remain open.

## **Response**

3. Honeywell asserts several reasons why it is entitled to obtain the 2019 Exhibits – none of which the Reorganized Debtors choose to challenge or address at this time. The Reorganized Debtors' concern with respect to the relief requested in the Motion is the cost the Reorganized Debtors would have to bear if the specific relief Honeywell has requested is not limited to access to the 2019 Exhibits through the Clerk of the Court. If the Reorganized Debtors are required to provide relief to Honeywell, costs - perhaps significant costs - would be incurred.

4. Most of the Reorganized Debtors cases are closed. The cases are now more than fifteen years old. Many files are in storage. Costs would be incurred in retrieving applicable files, reviewing files, copying files. Such costs could possibly involve review by professionals and paraprofessionals.

5. None of these costs benefit the Reorganized Debtors in any way. After a long and expensive stay in chapter 11, the Reorganized Debtors should not be required to incur costs for which they receive no benefit.

6. Honeywell seeks certain relief from this Court and, arguably, they may be entitled to it. That relief, if approved, benefits only Honeywell.

7. The Reorganized Debtors respectfully request that they be removed from this process and that any order entered with respect to the Motion permit Honeywell to access the 2019 Exhibits only through court-filed documents through the Clerk of the Court.

8. Alternatively, should the Court require the Reorganized Debtors to provide any

3

DOCS_DE:208701.2 91100/001

relief to Honeywell, Honeywell should bear all costs associated with providing such relief.

Dated: July 26, 2016

                THE LAW OFFICES OF ROGER HIGGINS
                Roger J. Higgins
                111 East Wacker Drive
                Suite 2800
                Chicago, IL 60601
                (312) 836-4047

                And

                PACHULSKI STANG ZIEHL & JONES LLP

                */s James E. O'Neill*
                Laura Davis Jones (Bar No. 2436)
                James E. O'Neill (Bar No. 4042)
                919 North Market Street, 17th Floor
                P.O. Box 8705
                Wilmington, DE 19899-8705
                (302) 652-4100
                (302) 652-4400

                *Co-Counsel for the Reorganized Debtors*