**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Case No. 01-01139 (KJC) |
| W.R. Grace & Co., *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**Response in Opposition to Honeywell International Inc. and Ford Motor Company's Motion For Access to Rule 2019 Exhibits**

This is Claimants' response in opposition to Honeywell International Inc.'s ("Honeywell") and Ford Motor Company's ("Ford") motions for access to statements and exhibits submitted in certain chapter 11 cases. For the following reasons the moving parties' motions should be denied.

### A. Moving Parties Do Not Have Standing to Seek Access to the 2019 Exhibits

In its motions the moving parties admit that they have little connection to the debtors who filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. Their only connection is that they have been involved in asbestos litigation here in Delaware and around the country.

Honeywell cites <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772 as basis for their argument that they are entitled to these documents. Honeywell's reliance on <u>Pansy</u> is misplaced. In <u>Pansy</u> the Court allowed a newspaper access to a confidentiality agreement. Id. at 792. The Court did so in part because the matter involved the press and a politician. Here, the moving parties are simply defendants in other asbestos litigation. As a result it does not have standing to obtain these documents.

### B. Moving Parties Are Not Entitled To This Information

If the Court believes that the parties have standing this does not mean that the parties are necessarily entitled to the Rule 2019 exhibits. Under 11 USCS § 207 there are exceptions to the disclosure of documents such as the ones here. Under 11 USCS § 207 (c)(1) "the bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court find that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property." The information requested by the moving parties is of a sensitive nature and contains the personal information of dozens of individuals including medical histories and social security numbers.

The moving parties have failed to address why they need such documents but instead suggest that the claims filed are somehow not legitimate. The moving parties have no information to suggest that the claims filed on behalf of individuals suffering from asbestos-related diseases are not legitimate.

The intent of public access to records is to promote trustworthiness in the judicial process, not to aid as a discovery tool. As a result, the release of this information through this channel effectively circumvents state court actions and the rules provided for by state to request the information. Furthermore, it is unclear how these documents shall be used.

### C. Conclusion

Claimants incorporate by reference any other responses filed in objection to moving parties' motion.

Wherefore, Claimants respectfully request that this Court deny the moving parties' motion.

**JACOBS & CRUMPLAR, P.A.**

*/s/ Thomas Crumplar*
Thomas Crumplar, DE #0942
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899
*Attorney for Claimants*

Date: July 26, 2016