## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ACANDS, INC.,<br><br>          Debtor. | Case No. 02-12687 (KG)<br><br>Chapter 11 |
| In re:<br><br>ARMSTRONG WORLD INDUSTRIES, INC., *et al.*,<br><br>          Debtors. | Case No. 00-04471 (KG)<br><br>Chapter 11<br><br>Jointly Administered |
| In re:<br><br>COMBUSTION ENGINEERING, INC.,<br><br>          Debtor. | Case No. 03-10495 (MFW)<br><br>Chapter 11 |
| In re:<br><br>THE FLINTKOTE COMPANY, *et al.*,<br><br>          Debtors. | Case No. 04-11300 (MFW)<br><br>Chapter 11<br><br>Jointly Administered |
| In re:<br><br>KAISER ALUMINUM CORPORATION, *et al.*,<br><br>          Debtors. | Case No. 02-10429 (KG)<br><br>Chapter 11<br><br>Jointly Administered |

53973603.1

| | |
|---|---|
| In re:<br><br>OWENS CORNING, *et al.*,<br><br>             Debtors. | Case No. 00-03837 (KG)<br><br>Chapter 11<br><br>Jointly Administered |
| In re:<br><br>UNITED STATES MINERAL PRODUCTS COMPANY,<br><br>             Debtor. | Case No. 01-02471 (KG)<br><br>Chapter 11 |
| In re:<br><br>USG CORPORATION, *et al.*,<br><br>             Debtors. | Case No. 01-02094 (KG)<br><br>Chapter 11<br><br>Jointly Administered |
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>             Debtors. | Case No. 01-01139 (KJC)<br><br>Chapter 11<br><br>Jointly Administered |

### MOTION OF HONEYWELL INTERNATIONAL INC. TO STRIKE OBJECTION OF THE NORTH AMERICAN REFRACTORIES COMPANY ASBESTOS PERSONAL INJURY SETTLEMENT TRUST ADVISORY COMMITTEE

Honeywell International Inc. ("Honeywell"), by and through its undersigned counsel, hereby moves to strike (this "Motion") the *Objection of the North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee to Honeywell's Motion for Access to Rule 2019 Exhibits* filed in the above-captioned cases (the "Objection") in response to the *Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits* (the "Access Motion") and respectfully states as follows:

2

53973603.1

## PRELIMINARY STATEMENT

1.      The North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee (the "NARCO TAC") was formed for the narrow purpose of representing the interests of present claimants of the North American Refractories Company Asbestos Personal Injury Settlement Trust (the "NARCO Trust").  Neither the NARCO Trust nor any of its constituents, including the NARCO TAC, is implicated by the Access Motion, and thus the NARCO TAC lacks standing to oppose the relief sought therein.

2.      Notably absent from the Objection is even the most basic description of the NARCO TAC, including how and when the NARCO TAC was formed, who comprises the NARCO TAC, and the individuals whose interests the NARCO TAC is supposed to represent. At best, the NARCO TAC's failure to include this information is misleading.  At worst, it is an attempt to avoid highlighting the fact that the NARCO TAC lacks standing.

3.      It is no surprise that the NARCO TAC, despite its lack of standing, has taken the lead in objecting to the Access Motion given that Honeywell is obligated to pay the NARCO TAC's legal fees and expenses.[1]  Coupled with the timing of the Objection, which comes on the heels of contentious litigation involving the NARCO TAC, it is evident that the Objection is just one more page in the NARCO TAC's playbook, designed to do two things—prevent Honeywell from obtaining documents that may expose fraud perpetrated in the asbestos tort and trust systems and to do so in such a way that allows the Joinder Parties (as defined below) to shift the costs of opposing the Access Motion to Honeywell.

4.      Because the NARCO TAC is not a "party in interest," even under the Bankruptcy Code's broad definition, the Objection must be stricken.

---

[1] Honeywell reserves all rights to withhold payment of fees and expenses to the NARCO TAC incurred in connection with the Access Motion and the Objection.

53973603.1

## JURISDICTION AND VENUE

5.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of the above-captioned chapter 11 cases (the "Chapter 11 Cases") in this District is proper pursuant to 28 U.S.C. 1409(a).

## BACKGROUND

6.     On June 30, 2016, Honeywell filed the Access Motion in each of the Chapter 11 Cases.[2]  In the Access Motion, Honeywell seeks authorization to access the statements and exhibits submitted in the Chapter 11 Cases pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (collectively, the "2019 Exhibits").

7.     On July 26, 2016, the NARCO TAC filed the Objection.[3]  Thereafter, the following parties filed joinders thereto:  (i) Lipsitz & Ponterio, LLC, (ii) Simmons Hanly Conroy LLC, (iii) Motley Rice, LLC, (iv) Waters Kraus & Paul, (v) the Trust Advisory Committees in each of the Chapter 11 Cases, (vi) the Future Claimants' Representative for The Flintkote Asbestos Trust, and (vii) the Future Claimants' Representative for the NARCO Trust (collectively, the "Joinder Parties").[4]

---

[2] Case No. 02-12687, Docket No. 3751; Case No. 00-4471, Docket No. 10813; Case No. 03-10495, Docket No. 3502; Case No. 04-11300, Docket No. 9338; Case No. 02-10429, Docket No. 10351; Case No. 00-3837, Docket No. 21106; Case No. 01-2471, Docket No. 4094; Case No. 01-2094, Docket No. 12711; Case No. 01-1139, Docket No. 32718.

[3] Case No. 02-12687, Docket No. 3762; Case No. 00-4471, Docket No. 10824; Case No. 03-10495, Docket No. 3513; Case No. 04-11300, Docket No. 9346; Case No. 02-10429, Docket No. 10362; Case No. 00-3837, Docket No. 21119; Case No. 01-2471, Docket No. 4105; Case No. 01-2094, Docket No. 12722; Case No. 01-1139, Docket No. 32737.

[4] Honeywell submits that the Future Claimants' Representative for the NARCO Trust, and potentially other Joinder Parties, lack standing to oppose the Access Motion for the same reasons stated herein.  Honeywell reserves all rights to move at a later time to strike the joinders filed by the Joinder Parties.

53973603.1

8.      The NARCO TAC was established pursuant to the *Third Amended Plan of Reorganization of North American Refractories Company et al. Dated December 28, 2005*[5] and the First Amended North American Refractories Company Asbestos Personal Injury Settlement Trust Agreement (the "Trust Agreement").[6]   As set forth in Section 6.1 of the Trust Agreement, the purpose of the NARCO TAC is as follows:

> As provided herein, the Trustees [of the NARCO Trust] shall consult with the NARCO Asbestos TAC, Honeywell, and the NARCO Asbestos Future Claimants Representative regarding the implementation and administration of the NARCO Asbestos TDP. The members of the NARCO Asbestos TAC shall serve in a fiduciary capacity representing all holders of present NARCO Asbestos Trust Claims. The Trustees may consult with the NARCO Asbestos TAC on any matter affecting the NARCO Asbestos Trust, and certain actions by the Trustees are subject to the prior consent of the NARCO Asbestos TAC as provided in Section 8.l(b) hereof and in the NARCO Asbestos TDP.  The NARCO Asbestos TAC shall endeavor to act in the best interests of the holders of all NARCO Asbestos Trust Claims.

9.      The NARCO TAC is currently comprised of Steven T. Baron, John D. Cooney, Steven Kazan, Bruce E. Mattock, Joseph F. Rice, and Perry Weitz (the "NARCO TAC Members").  Each NARCO TAC Member regularly represents asbestos personal injury claimants.

10.      Pursuant to Section 2.3(b) of the Trust Agreement, Honeywell is obligated to fund the NARCO Trust's annual budget, including the legal fees and other expenses of the NARCO TAC.

11.      On July 13, 2015, Honeywell filed a complaint against the NARCO Trust in the United States Bankruptcy Court for the Western District of Pennsylvania, asserting that the Trustees of the NARCO Trust violated the First Amended North American Refractories

---

[5] *In re North American Refractories Company, et al.*, Case No. 02-20198 (Bankr. W.D Pa.), Docket No 3889, Section 4.7.

[6] A true and correct copy of the Trust Agreement was attached as Exhibit 2 to Exhibit B to the Access Motion.

Company Asbestos Personal Injury Settlement Trust Distribution Procedures (the "NARCO TDP").[7]  Among other things, Honeywell alleged that the Trustees breached the exposure and evidence standards under the Trust Agreement and failed to honor Honeywell's broad audit rights thereunder.  The NARCO TAC intervened in this dispute and was an active participant throughout the litigation.[8]  On March 2 and March 8, 2016, the bankruptcy court entered orders referring the disputes to mediation.[9]

**RELIEF REQUESTED**

12.    By this Motion, Honeywell respectfully requests that the Court strike the Objection because the NARCO TAC lacks standing.

**BASIS FOR RELIEF REQUESTED**

13.    The Bankruptcy Code provides every "party in interest" with the right to appear and be heard on any issue in a chapter 11 bankruptcy case.  11 U.S.C. § 1109(b).  Statutory parties in interest include "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee."  *Id.*  "Although this list is non-exhaustive, the concept of 'party in interest' is not infinitely elastic." *In re Morris Publ'g Grp. LLC, et al.*, No. 10-10134, 2010 WL 599393, at *2 (Bankr. S.D. Ga. Feb. 10, 2010) (citing *In re Ionosphere Clubs, Inc.,* 101 B.R. 844, 849 (Bankr. S.D.N.Y. 1989)). "Bankruptcy standing is narrower than Article III standing.  To have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings." *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607 (7th Cir. 1998) (internal citations omitted).

---

[7] Bankr. W. D. Pa. Case No. 15-00204 (TPA), Docket No. 61.  A true and correct copy of the NARCO TDP was attached as Exhibit 3 to Exhibit B to the Access Motion.

[8] Bankr. W.D. Pa. Case No. 15-00204 (TPA), Docket No. 88.

[9] Bankr. W.D. Pa. Case No. 15-00204 (TPA), Docket Nos. 323, 324, 343.

53973603.1

14.     The Third Circuit has described a party in interest as "'anyone who has a legally protected interest that could be affected by a bankruptcy proceeding.'"  *In re Global Indus. Techs., Inc.*, 645 F.3d 201, 210 (3d Cir. 2011) (adopting and quoting the test from *Matter of James Wilson Assocs.*, 965 F.2d 160, 169 (7th Cir. 1992)).  "Consequently, courts must determine on a case by case basis whether the prospective party in interest has a sufficient stake in the proceeding so as to require representation."  *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985).

15.     The NARCO TAC is not a "party in interest."  First, the NARCO TAC did not file any of the 2019 Exhibits, nor is the NARCO TAC counsel to (or represent in any way) the law firms that filed the 2019 Exhibits.

16.     Second, the information contained in the 2019 Exhibits relates to individual personal injury asbestos claimants, not the NARCO TAC.

17.     Third, even if the NARCO TAC can be considered a steward of present NARCO Trust asbestos personal injury claimants, the Access Motion does not seek access to 2019 Exhibits filed in *In re North American Refractories Company, et al.*, Bankr. W.D. Pa. Case No. 02-20198 (TPA).

18.     Fourth, even if the NARCO TAC can demonstrate overlap between individuals listed on the 2019 Exhibits in these Chapter 11 Cases and present claimants against the NARCO Trust, the NARCO TAC is not (and does not allege to be) counsel to these individuals, and does not represent them in any way with respect to the 2019 Exhibits.  *See, e.g.*, *In re Energy Future Holdings Corp.*, 522 B.R. 520, 526 (Bankr. D. Del. 2015) (holding that personal injury law firms did not have standing to object to a bar date motion to protect the interests of future claimants that they did not represent); *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 733 (D.N.J.

7

53973603.1

2013) ("A party lacks prudential standing if it is not the real party in interest, but instead asserts the rights of another third party.") (internal citation omitted).  In the same way that an Official Committee of Unsecured Creditors does not represent any individual creditor in a chapter 11 case, but rather represents the interests of the unsecured creditor body as a whole, the NARCO TAC does not represent any individual asbestos claimant, and certainly not in the context of *other* trusts unrelated to the NARCO Trust.

19.     For example, a consumer organization that sought to assert the rights of prepetition ticket holders of a debtor-airline was found not to be a "party in interest" under Bankruptcy Code Section 1109 because the organization itself was not a creditor or claimant of the debtor.  *In re Ionosphere Clubs, Inc.*, 101 B.R. at 849.  The court stated that "[a]lthough § 1109(b) ought to be construed broadly, if a party is not affected by the reorganization process it should not be considered a party in interest."  *Id.*

20.     Similarly, in the chapter 9 bankruptcy case of a hospital authority, a group of concerned citizens who resided in the local service area, but were not creditors of the debtor, lacked standing to be heard on the debtor's plan of adjustment.  *In re Addison Cmty. Hosp. Auth.*, 175 B.R. 646 (Bankr. E.D. Mich. 1994).  There, the court noted that, "[w]here a party is merely interested in the outcome of the matter and does not have ***a direct legal interest*** in the chapter 9 proceeding, that party is not a 'party in interest.'"  *Id.* at 650 (citing *In re City of Bridgeport,* 128 B.R. 30, 31–32 (Bankr. D. Conn. 1991)) (emphasis added).

21.     Even a creditor of a debtor has been found to lack standing to object to a settlement where the settlement did not affect the creditor's rights.  *In re Terry*, 521 B.R. 90, 95–96 (Bankr. E.D. Pa. 2014), *adhered to*, 2015 WL 1321486 (Bankr. E.D. Pa. 2015).

8

22.    Moreover, while the NARCO TAC alleges in the Objection that the individuals whose information is contained in the 2019 Exhibits will be harmed, there is no such cognizable injury under the law.  The 2019 Exhibits contain the names of creditors, which are never sealed in a bankruptcy case.  And an asbestos claimant puts his or her alleged disease at issue by virtue of making a claim or participating in a bankruptcy case, and has no privacy interest in that information—just as an asbestos plaintiff in state court has no privacy interest in that information and routinely identifies the alleged disease in the first page of the complaint.  The District Court in *In re Motions for Access of Garlock Sealing Technologies LLC* specifically recognized this, stating that "the information about each individual in a 2019 Exhibit is the same type of information that would have to be disclosed in asbestos-related litigation, such as in a complaint in a tort action."  488 B.R. 281, 298 (D. Del. 2013).

23.    The NARCO TAC does not allege (nor can it) that the NARCO TAC will be harmed in any way if Honeywell is granted the relief sought in the Access Motion.  In the event that Honeywell may later seek to produce the 2019 Exhibits to the NARCO Trust to be used in connection with the NARCO Trust's review of claims, the NARCO TAC will have the opportunity to raise its objections with the NARCO Trust at that time.  It is not, however, permissible for the NARCO TAC to do so here at this time.  The Trust Agreement is clear that the NARCO Trustees must consult with the NARCO TAC, Honeywell, and the NARCO Asbestos Future Claims Representative regarding the implementation and administration of the NARCO TDP and that certain actions, including amendment of the NARCO TDP, are subject to approval by the NARCO TAC.[10]

---

[10] *See* Section 6.1 of the Trust Agreement; Section 3.1 of the NARCO TDP.

53973603.1

24.    Notably, the parties who ***may*** have standing to assert such objections, such as certain Joinder Parties, have not taken the lead in objecting to the Access Motion.  Rather, they have relied upon the NARCO TAC—the only party whose fees and expenses are paid for by Honeywell—to do so.[11]

25.    Because the Access Motion presents no tangible threat to a legally protected interest of the NARCO TAC, it is not a "party in interest" under the Bankruptcy Code and its Objection must be stricken.

## NOTICE

26.    Notice of this Motion has been provided to (i) counsel to the debtors in each of the Chapter 11 Cases, (ii) counsel to the NARCO TAC, (iii) counsel to each Joinder Party, and (iv) the Office of the United States Trustee for this District.

Dated:  August 3, 2016
          Wilmington, Delaware

POLSINELLI PC

*/s/ Justin K. Edelson*
Justin K. Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921

-AND-

---

[11] As a result of obtaining sealed documents, including the 2019 Exhibits, in connection with its estimation hearing, Garlock Sealing Technologies LLC ("Garlock") commenced RICO actions against five asbestos-plaintiffs law firms, including Waters & Kraus, which is a Joinder Party.  *Garlock Sealing Technologies LLC v. Simon Greenstone Panatier Bartlett et al.*, W.D. Pa. Case No. 14-cv-00116; *Garlock Sealing Technologies LLC v. Waters & Kraus, LLP et al.*, W.D. Pa. Case No. 14-cv-00130; *Garlock Sealing Technologies LLC v. Belluck & Fox, LLP et al.*, W.D. Pa. Case No. 14-cv-00118; *Garlock Sealing Technologies LLC v. Shein et al.*, W.D. Pa. Case No. 14-cv-00137.  At least one of these law firms has entered into a settlement agreement with Garlock.  *Garlock Sealing Technologies LLC v. Simon Greenstone Panatier Bartlett et al.*, W.D. Pa. Case No. 14-cv-00116, Docket No. 125.

53973603.1

MCDERMOTT WILL & EMERY LLP
Peter John Sacripanti *(admitted pro hac vice)*
John J. Calandra *(admitted pro hac vice)*
Darren Azman *(admitted pro hac vice)*
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Attorneys for Honeywell International, Inc.*

11