**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ACANDS, INC.,<br><br>        Debtor. | Case No. 02-12687 (KG)<br><br>Chapter 11 |
| In re:<br><br>ARMSTRONG WORLD INDUSTRIES, INC., *et al.*,<br><br>        Debtors. | Case No. 00-04471 (KG)<br><br>Chapter 11<br><br>Jointly Administered |
| In re:<br><br>COMBUSTION ENGINEERING, INC.,<br><br>        Debtor. | Case No. 03-10495 (MFW)<br><br>Chapter 11 |
| In re:<br><br>THE FLINTKOTE COMPANY, *et al.*,<br><br>        Debtors. | Case No. 04-11300 (MFW)<br><br>Chapter 11<br><br>Jointly Administered |
| In re:<br><br>KAISER ALUMINUM CORPORATION, *et al.*,<br><br>        Debtors. | Case No. 02-10429 (KG)<br><br>Chapter 11<br><br>Jointly Administered |

53974551.1

| | |
|---|---|
| In re: | Case No. 00-03837 (KG) |
| OWENS CORNING, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |
| In re: | Case No. 01-02471 (KG) |
| UNITED STATES MINERAL PRODUCTS COMPANY, | Chapter 11 |
| Debtor. | |
| In re: | Case No. 01-02094 (KG) |
| USG CORPORATION, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |
| In re: | Case No. 01-01139 (KJC) |
| W.R. GRACE & CO., *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**_EX PARTE_ MOTION OF HONEYWELL INTERNATIONAL INC.
TO SHORTEN NOTICE ON MOTION TO STRIKE**

Honeywell International Inc. ("Honeywell"), by and through its undersigned counsel, hereby submits this motion (the "Motion to Shorten") pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (the "Order"), in substantially the form attached hereto as Exhibit A, shortening the notice period applicable to the *Motion of Honeywell International Inc. to Strike Objection of the North American Refractories Company*

2

53974551.1

*Asbestos Personal Injury Settlement Trust Advisory Committee* (the "Motion to Strike")[1] so that the Motion to Strike may be heard at the hearing on the *Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits* (the "Access Motion").[2]  In support of this Motion to Shorten, Honeywell respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the above-captioned chapter 11 cases (the "Chapter 11 Cases") in this District is proper pursuant to 28 U.S.C. § 1409(a).

2. The predicates for the relief requested herein are Bankruptcy Rule 9006(c) and Local Rule 9006-1(e).

## BACKGROUND

3. On June 30, 2016, Honeywell filed the Access Motion in each of the Chapter 11 Cases.[3]  In the Access Motion, Honeywell seeks authorization to access the statements and exhibits submitted in the Chapter 11 Cases pursuant to Bankruptcy Rule 2019.

4. On July 26, 2016, the North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee (the "NARCO TAC") filed the *Objection of the North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee to Honeywell's Motion for Access to Rule 2019 Exhibits* in each of the Chapter 11

---

[1] The factual background that supports the relief requested herein is set forth more fully in the Motion to Strike.

[2] The hearings on the Access Motion are currently scheduled as follows: August 19, 2016 for ACandS, Inc., Armstrong World Industries, Inc., et al., Kaiser Aluminum Corporation, et al., Owens Corning, et al., United States Mineral Products Company, and USG Corporation, et al., and August 15, 2016 for Combustion Engineering, Inc., The Flintkote Company. and W.R. Grace & Co., et al.

[3] Case No. 02-12687, Docket No. 3751; Case No. 00-4471, Docket No. 10813; Case No. 03-10495, Docket No. 3502; Case No. 04-11300, Docket No. 9338; Case No. 02-10429, Docket No. 10351; Case No. 00-3837, Docket No. 21106; Case No. 01-2471, Docket No. 4094; Case No. 01-2094, Docket No. 12711; Case No. 01-1139, Docket No. 32718.

3

Cases (the "Objection").[4] Thereafter, the following parties filed joinders thereto: (i) Lipsitz & Ponterio, LLC, (ii) Simmons Hanly Conroy LLC, (iii) Motley Rice, LLC, (iv) Waters Kraus & Paul, (v) the Trust Advisory Committees in each of the Chapter 11 Cases, (vi) the Future Claimants' Representative for The Flintkote Asbestos Trust, and (vii) the Future Claimants' Representative for the NARCO Trust (collectively, the "Joinder Parties").

5. Contemporaneous with the filing of this Motion to Shorten, Honeywell is filing the Motion to Strike.

## RELIEF REQUESTED

6. By this Motion to Shorten, Honeywell respectfully requests entry of the Order shortening the notice period so that the Motion to Strike can be heard at the hearing on the Access Motion.

## BASIS FOR RELIEF

7. Pursuant to Local Rule 9006-1(c), parties are required to provide at least twenty-one days notice of all motions served by first class mail, unless the Court approves a shortened notice period.

8. Pursuant to Bankruptcy Rule 9006(c)(1), the court may, for cause shown, shorten the otherwise applicable notice period. This authorization is also expressed in Local Rule 9006-1(e), which provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del Bankr. L. R. 9006-1(e); *see also* Fed R. Bankr. P. 9006(c)(1) ("[T]he court for cause shown may in its discretion with or without motion or notice order the [notice] period reduced.").

---

[4] Case No. 02-12687, Docket No. 3762; Case No. 00-4471, Docket No. 10824; Case No. 03-10495, Docket No. 3513; Case No. 04-11300, Docket No. 9346; Case No. 02-10429, Docket No. 10362; Case No. 00-3837, Docket No. 21119; Case No. 01-2471, Docket No. 4105; Case No. 01-2094, Docket No. 12722; Case No. 01-1139, Docket No. 32737.

4

53974551.1

9.      Here, the facts justify shortening notice so that the Motion to Strike can be heard at the hearing on the Access Motion. As more fully set forth in the Motion to Strike, the NARCO TAC is not a "party in interest" with respect to the Access Motion and, as a result, it lacks standing to lodge its Objection. If the Court grants the Motion to Strike, it need not consider the Objection. For this reason, the Motion to Strike should be adjudicated before the Court addresses the Access Motion.

10.     Honeywell submits that, for this reason, cause exists to shorten the notice period pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e).

11.     To compensate for the reduced notice period, Honeywell requests that the Court fix an appropriate response deadline to allow parties time to respond to the Motion to Strike prior to the hearing.

12.     Pursuant to Local Rule 9006-1(e), the Court may rule on this Motion to Shorten without the need for a hearing.

**NOTICE**

13.     Notice of this Motion to Shorten has been provided to (i) counsel to the debtors in each of the Chapter 11 Cases, (ii) counsel to the NARCO TAC, (iii) counsel to each Joinder Party, and (iv) the Office of the United States Trustee for this District.

**CONCLUSION**

14.     For the foregoing reasons, Honeywell respectfully requests that this Court enter an order, in a form substantially similar to the proposed order attached hereto as Exhibit A, shortening the notice period for the Motion to Strike and granting such other and further relief as the Court deems just and proper.

Dated: August 3, 2016
      Wilmington, Delaware

POLSINELLI PC

*/s/ Justin K. Edelson*
Justin K. Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921

-AND-

MCDERMOTT WILL & EMERY LLP
Peter John Sacripanti *(admitted pro hac vice)*
John J. Calandra *(admitted pro hac vice)*
Darren Azman *(admitted pro hac vice)*
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Attorneys for Honeywell International, Inc.*

6