**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | |
| | |
| ACandS, Inc. | Case No. 02-12687 (Rel. Dkt. No. 3751) |
| Armstrong World Industries, Inc. | Case No. 00-4471 (Rel. Dkt. No. 10813) |
| Combustion Engineering, Inc. | Case No. 03-10495 (Rel. Dkt. No. 3502) |
| The Flintkote Company | Case No. 04-11300 (Rel. Dkt. No. 9338) |
| Kaiser Aluminum Corp. | Case No. 02-10429 (Rel. Dkt. No. 10351) |
| Owens Corning | Case No. 00-3837 (Rel. Dkt. No. 21106) |
| US Mineral Products Company | Case No. 01-2471 (Rel. Dkt. No. 4094) |
| USG Corp. | Case No. 01-2094 (Rel. Dkt. No. 12711) |
| W.R. Grace & Co. | Case No. 01-1139 (Rel. Dkt. No. 32718) |
| Debtors. | |

**EMERGENCY MOTION OF THE NORTH AMERICAN REFRACTORIES COMPANY
ASBESTOS PERSONAL INJURY SETTLEMENT TRUST ADVISORY
COMMITTEE TO (1) CONSOLIDATE AND CONTINUE HEARINGS
AND (2) APPOINT RULE 2019 EXPERT AND REFEREE**

The North American Refractories Company Asbestos Personal Injury Settlement Trust

Advisory Committee (the "**NARCO TAC**") hereby moves this Court to continue the hearings

currently scheduled between August 15 and August 19, 2016 on the Motions of Honeywell

International Inc. for Access to Rule 2019 Exhibits (the "**Motions**")[1] and the related Joinders of

---

[1]     Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re ACandS, Inc.*, No. 02-12687 (Bankr. D. Del. June 30, 2016) (D.I. 3751); Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re Armstrong World Indus., Inc.*, No. 00-04471 (Bankr. D. Del. June 30, 2016) (D.I. 10813); Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re Combustion Eng'g, Inc.*, No. 03-10495 (Bankr. D. Del. June 30, 2016) (D.I. 3502); Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re The Flintkote Co.*, No. 04-11300 (Bankr. D. Del. June 30, 2016) (D.I. 9338); Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re Kaiser Aluminum Corp.*, No. 02-10429 (Bankr. D. Del. June 30, 2016) (D.I. 10351); Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re Owens Corning*, No. 00-03837 (Bankr. D. Del. June 30, 2016) (D.I. 21106), Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re U.S. Mineral Prods. Co.*, No. 01-02471 (Bankr. D. Del. June 30, 2016) (D.I. 4094); Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re USG Corp.*, No. 01-02094 (Bankr. D. Del. June 30, 2016) (D.I. 12711); Motion of Honeywell

Ford Motor Company (the "**Ford Joinders**"),[2] consolidate proceedings on the Motions, and

appoint former United States Bankruptcy Judge Judith K. Fitzgerald as a Rule 2019 expert and

referee to assist this Court in resolving the Motions.

In support of this Motion, the NARCO TAC respectfully represents as follows:

**BACKGROUND**

1. A discussion of the decade-long history of Rule 2019 statements in asbestos cases

is set forth in the NARCO TAC's opposition to the Motions.[3] For present purposes, however,

the role of former Bankruptcy Judge Judith K. Fitzgerald is worth highlighting. Beginning in

2004, Judge Fitzgerald, the judge then assigned to most of the asbestos bankrupcies filed within

---

International Inc. for Access to Rule 2019 Exhibits, *In re W.R. Grace & Co.*, No. 01-01139
(Bankr. D. Del. June 30, 2016) (D.I. 32718).

[2] Joinder of Ford Motor Company to Motion of Honeywell International Inc. for Access to
Rule 2019 Exhibits, *In re ACandS, Inc.*, No. 02-12687 (Bankr. D. Del. July 5, 2016) (D.I. 3756);
Joinder of Ford Motor Company to Motion of Honeywell International Inc. for Access to Rule
2019 Exhibits, *In re Armstrong World Indus., Inc.*, No. 00-04471 (Bankr. D. Del. July 6, 2016),
(D.I. 10818); Joinder of Ford Motor Company to Motion of Honeywell International Inc. for
Access to Rule 2019 Exhibits, *In re Combustion Eng'g, Inc.*, No. 03-10495 (Bankr. D. Del. July
6, 2016) (D.I. 3507); Joinder of Ford Motor Company to Motion of Honeywell International Inc.
for Access to Rule 2019 Exhibits, *In re The Flintkote Co.*, No. 04-11300 (Bankr. D. Del. July 6,
2016) (D.I. 9339); Joinder of Ford Motor Company to Motion of Honeywell International Inc.
for Access to Rule 2019 Exhibits, *In re Kaiser Aluminum Corp.*, No. 02-10429 (Bankr. D. Del.
July 6, 2016) (D.I. 10356); Joinder of Ford Motor Company to Motion of Honeywell
International Inc. for Access to Rule 2019 Exhibits, *In re Owens Corning*, No. 00-03837 (Bankr.
D. Del. July 6, 2016) (D.I. 21112); Joinder of Ford Motor Company to Motion of Honeywell
International Inc. for Access to Rule 2019 Exhibits, *In re U.S. Mineral Prods. Co.*, No. 01-02471
(Bankr. D. Del. July 6, 2016) (D.I. 4099); Joinder of Ford Motor Company to Motion of
Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re USG Corp.*, No. 01-02094
(Bankr. D. Del July 6, 2016), (D.I. 12716); Joinder of Ford Motor Company to Motion of
Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re W.R. Grace & Co.*, No. 01-
01139 (Bankr. D. Del. July 6, 2016) (D.I. 32724).

[3] *See, e.g.*, Objection of the North American Refractories Company Asbestos Personal
Injury Settlement Trust Advisory Committee to Honeywell's Motion for Access to Rule 2019
Exhibits, at 4-11, *In re ACandS*, No. 02-12687 (Bankr. D. Del. July 26, 2016) (D.I. 3762).

the Third Circuit, standardized Rule 2019 disclosures in mass tort bankruptcies with a series of orders in various Delaware and Pennsylvania asbestos bankruptcies (the "**2019 Orders**").[4]

2.      The procedures implemented by Judge Fitzgerald in the resulting 2019 Orders were reviewed and approved by higher courts within the Third Circuit several times in the intervening years.  *See, e.g.*, *In re Kaiser Aluminum Corp.*, 327 B.R. 554 (D. Del. 2005); *In re Pittsburgh Corning Corp.*, No. 04-1814, 2005 WL 6128987, at *10 (W.D. Pa. Sept. 27, 2005), *aff'd*, *In re Pittsburgh Corning Corp.*, 260 F. App'x 463 (3d Cir. 2008).

3.      More recently, in 2013 Judge Fitzgerald fashioned a procedure implementing the use and disclosure restrictions imposed by the District Court under which Garlock Sealing Technologies, LLC, a debtor in an asbestos bankruptcy pending in the Western District of North Carolina, obtained limited access to certain 2019 materials in these same nine bankruptcy cases, which had a consolidated hearing for that purpose.[5]

4.      Judge Fitzgerald has, therefore, a unique and unparalleled understanding of the history of the 2019 Orders and the issues arising from attempts to access exhibits submitted to the Court, but not filed on the docket pursuant to those orders.

### CURRENT PROCEDURAL POSTURE

5.      Honeywell and Ford filed their Motion and Joinder to obtain 2019 exhibits in nine separate bankruptcies before three different judges.  The papers they filed in each case did not cross-reference each other or explain that the motions were part of a coordinated effort spanning multiple cases.  Each was individually captioned.  Three separate hearings have been set before Judges Gross, Walrath, and Carey between August 15 and August 19, 2016.

---

[4]      *Id.* at 5 n.9.

[5]      *See, e.g.*, Order Establishing the Protocol for Production of 2019 Exhibits, *In re W.R. Grace & Co.*, No. 01-01139 (Bankr. D. Del. Apr. 9, 2013) (D.I. 30490).

6.      The NARCO TAC filed an objection to the Motions in the same cases on July 26, 2016.  As with the Motions and Joinders, the objection is identical in each of the nine cases. Many other parties in interest filed joinders to that objection.

7.      Honeywell filed a Motion to Strike the Objection of the NARCO TAC, and an *Ex Parte* Motion to Shorten Notice, seeking expedited briefing in each of the nine cases.[6]

## RELIEF REQUESTED

### I.      The Court Should Continue and Consolidate the Hearings

8.      As matters stand, the proceedings on the Motions are needlessly fragmented. Continuing the separate hearings currently set for the Motions would provide an opportunity for the Court to fashion a fair and efficient way to resolve the Motions in a coordinated fashion.[7]

9.      There is no need for expedited treatment of the Motions or Honeywell's recent Motion to Strike.  Honeywell and Ford have known of the Rule 2019 exhibits that are the subject matter of the Motions for a decade, and have made no previous attempt to access them.  Having ignored Rule 2019 submissions for many years, Honeywell and Ford cannot credibly declare an emergency now.

10.      After continuing the hearings, consolidation of the Motions makes sense.  The parties and papers in each case are identical.  For three bankruptcy judges to hear and decide the Motions separately would be a waste of judicial resources.  Consolidation would also obviate the possibility of inconsistent results.

---

[6]      *See, e.g.*, Motion of Honeywell International Inc. to Strike Objection of the North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee, *In re ACandS*, No. 02-12687 (Bankr. D. Del. Aug. 3, 2016) (D.I. 3772).

[7]      Given the various filings by parties in interest, whose counsel are spread across the United States, requiring such parties and/or their counsel to attend multiple hearings on the identical topic would be needlessly expensive and a waste of judicial resources.

## II.    The Court Should Appoint Judith Fitzgerald as Rule 2019 Expert and Referee

11.    In addition to consolidation, there is an additional step the Court can take to resolve the Motions efficiently.  Given Judge Fitzgerald's unique familiarity with the history of the 2019 Orders, the NARCO TAC believes she could assist the Court in resolving this matter. The Court should appoint her as a Rule 2019 expert and referee.[8]

12.    Judge Fitzgerald is already involved with Honeywell, the NARCO TAC, and others in a closely-related capacity.  She has been appointed by the Bankruptcy Court in the Western District of Pennsylvania as an expert and mediator in the very adversary proceeding in which Honeywell proposes to use the 2019 materials it now seeks.[9]  In that capacity, Judge Fitzgerald meets frequently with Honeywell and the NARCO TAC to resolve disputes.

13.    Should it wish to do so, the Court has authority to employ Judge Fitzgerald in a similar role here, as a Rule 2019 expert and referee.[10]  The Court may also appoint an expert pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 706. These are the same bases on which Honeywell, the NARCO TAC and others jointly moved to install Judge Fitzgerald in her current role in the NARCO bankruptcy.

---

[8]    Mediation Referral Order, *Honeywell Int'l, Inc. v. North American Refractories Asbestos Personal Injury Settlement Trust*, Adv. No. 15-00204 (Bankr. W.D. Pa. Mar. 2, 2016) (D.I. 324).

[9]    Judge Fitzgerald has advised counsel for the NARCO TAC that she is willing to serve in whatever capacity the Court might find useful with the proviso that, if such service requires waivers, they be obtained.

[10]    *Cf.* Del. Bankr. L.R. 9019-5(a) ("The Court may assign to mediation any dispute arising in an adversary proceeding, contested matter or otherwise in a bankruptcy case.").

## CONCLUSION

For the foregoing reasons, the NARCO TAC respectfully requests that the Emergency

Motion be granted.

Dated: August 4, 2016                                       Respectfully submitted,

**A.M. SACCULLO LEGAL, LLC**

*/s/ Thomas H. Kovach*
Anthony M. Saccullo (No. 4141)
Thomas H. Kovach (No. 3964)
27 Crimson King Drive
Bear, Delaware 19701
Telephone: (302) 836-8877
Facsimile: (302) 836-8787
ams@saccullolegal.com
kovach@saccullolegal.com
           -and-

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
600 Lexington Avenue, 21st Floor
New York, NY  10022
Telephone:  (212) 379-6000
Facsimile:  (212) 379-6001
E-mail: einselbuch@capdale.com

**CAPLIN & DRYSDALE, CHARTERED**
Ann C. McMillan, Esq.
Kevin C. Maclay, Esq.
James P. Wehner, Esq.
Todd E. Phillips, Esq.
One Thomas Circle, NW
Suite 1100
Washington, DC  20005
Telephone:  (202) 862-5000
Facsimile:  (202) 429-3301
E-mail: amcmillan@capdale.com;
kmaclay@capdale.com;
jwehner@capdale.com
tphillips@capdale.com

*Co-Counsel for the North American
Refractories Company Asbestos Personal
Injury Settlement Trust Advisory Committee*