**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ARMSTRONG WORLD INDUSTRIES, INC., *et al.*,<br><br>         Debtors. | Case No. 00-04471 (KG)<br><br>Chapter 11<br><br>Jointly Administered |
| In re:<br><br>THE FLINTKOTE COMPANY, *et al.*,<br><br>         Debtors. | Case No. 04-11300 (MFW)<br><br>Chapter 11<br><br>Jointly Administered |
| In re:<br><br>KAISER ALUMINUM CORPORATION, *et al.*,<br><br>         Debtors. | Case No. 02-10429 (KG)<br><br>Chapter 11<br><br>Jointly Administered |
| In re:<br><br>OWENS CORNING, *et al.*,<br><br>         Debtors. | Case No. 00-03837 (KG)<br><br>Chapter 11<br><br>Jointly Administered |
| In re:<br><br>UNITED STATES MINERAL PRODUCTS COMPANY,<br><br>         Debtor. | Case No. 01-02471 (KG)<br><br>Chapter 11 |

| | |
|---|---|
| In re: | Case No. 01-02094 (KG) |
| USG CORPORATION, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |
| In re: | Case No. 01-01139 (KJC) |
| W.R. GRACE & CO., *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**OMNIBUS OBJECTION OF HONEYWELL INTERNATIONAL INC.
TO (I) EMERGENCY MOTION OF THE NORTH AMERICAN REFRACTORIES
COMPANY ASBESTOS PERSONAL INJURY SETTLEMENT TRUST ADVISORY
COMMITTEE TO (1) CONSOLIDATE AND CONTINUE HEARINGS AND (2)
APPOINT RULE 2019 EXPERT AND REFEREE AND (II) MOTION OF THE NORTH
AMERICAN REFRACTORIES COMPANY ASBESTOS PERSONAL INJURY
SETTLEMENT TRUST ADVISORY COMMITTEE TO SHORTEN NOTICE ON ITS
EMERGENCY MOTION OF THE NORTH AMERICAN REFRACTORIES COMPANY
ASBESTOS PERSONAL INJURY SETTLEMENT TRUST ADVISORY
COMMITTEE TO (1) CONSOLIDATE AND CONTINUE HEARINGS AND (2)
<u>APPOINT RULE 2019 EXPERT AND REFEREE</u>**

Honeywell International Inc. ("<u>Honeywell</u>"), by and through its undersigned counsel,

hereby submits this reply to the (i) *Emergency Motion of the North American Refractories*

*Company Asbestos Personal Injury Settlement Trust Advisory Committee to (1) Consolidate and*

*Continue Hearings and (2) Appoint Rule 2019 Expert and Referee* (the "<u>Request</u>"),[1] and (ii)

*Motion of the North American Refractories Company Asbestos Personal Injury Settlement Trust*

*Advisory Committee to Shorten Notice on its Emergency Motion of the North American*

*Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee to (1)*

---

[1] Case No. 02-12687, Docket No. 3776; Case No. 00-4471, Docket No. 10839; Case No. 03-10495, Docket No. 3527; Case No. 04-11300, Docket No. 9360; Case No. 02-10429, Docket No. 10376; Case No. 00-3837, Docket No. 21133; Case No. 01-2471, Docket No. 4119; Case No. 01-2094, Docket No. 12737; Case No. 01-1139, Docket No. 32752.  Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Request.

Consolidate and Continue Hearings and (2) Appoint Rule 2019 Expert and Referee (the "Motion to Shorten"),[2] and respectfully states as follows:

1.      The Request and Motion to Shorten are just one more attempt by the NARCO TAC to impede the rights of Honeywell, and other members of the public, to access information that will help ferret out fraud in the asbestos tort and trust systems.  Recognizing that the law is *well-settled* that Honeywell *is* entitled to access the 2019 Exhibits, the NARCO TAC now interjects a pair of stall tactics.  First, it asks this Court for the extraordinary relief of appointing an "expert and referee."  Second, it asks for a continuance of the hearings on the Motions.

2.      The NARCO TAC apparently recognizes that Honeywell is entitled to access the 2019 Exhibits because it chose not to object or respond to, or even be heard on, Honeywell's prior successful attempts to access 2019 Exhibits filed in two separate cases.  *Consent Order Granting Access to Rule 2019 Filings*, *In re Garlock Sealing Techs.*, No. 10-31607 (Bankr. W.D.N.C. Nov. 20, 2014) [Docket No. 4235]; *Consent Order Granting Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, In re Porter-Hayden Co.*, No. 02-54152 (Bankr. D. Md. Oct. 1, 2015) [Docket No. 1277].

3.      The NARCO TAC's recent "hail mary" is designed to do two things:  delay a decision granting Honeywell (and Ford) access to the 2019 Statements as long as possible and force Honeywell (through its obligation to fund the NARCO Trust and NARCO TAC) to foot the bill for it.  The Request and Motion to Shorten are even more troubling given that the NARCO TAC lacks standing to be heard on the Motions.  It is hardly a coincidence that the NARCO TAC's request comes one day after Honeywell filed the Motion to Strike for lack of standing.

---

[2] Case No. 02-12687, Docket No. 3777; Case No. 00-4471, Docket No. 10840; Case No. 03-10495, Docket No. 3528; Case No. 04-11300, Docket No. 9361; Case No. 02-10429, Docket No. 10377; Case No. 00-3837, Docket No. 21134; Case No. 01-2471, Docket No. 4120; Case No. 01-2094, Docket No. 12738; Case No. 01-1139, Docket No. 32753.

The NARCO TAC's lack of standing is addressed more fully in the *Motion of Honeywell International Inc. to Strike Objection of the North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee* (the "Motion to Strike") filed in these chapter 11 cases on August 3, 2016.

4.      Honeywell does not take a position on whether the Motions should be (or can be) consolidated, as the NARCO TAC requests.  However, Honeywell opposes any attempt by the NARCO TAC to continue the hearings on the Motions and opposes the request to appoint a mediator in what is a straight-forward, well-settled matter.

5.      The NARCO TAC alleges that Honeywell is seeking "expedited treatment" of the Motions.  Request ¶ 9.  That is completely false.  Honeywell filed the Motions on *full* notice, giving all parties in interest a right to be heard.[3]

6.      There is also no role for a mediator in connection with the Motions.  The relief requested by Honeywell in the Motions has already been adjudicated by the District Court. There are no disputed facts.  The law is well settled, as will be further addressed in Honeywell's reply to the NARCO TAC's objection to the Motions.  *See In re Motions for Access of Garlock Sealing Technologies LLC*, 488 B.R. 281, 298 (D. Del. 2013) (grating a member of the public access to the 2019 Exhibits filed in these chapter 11 cases).

7.      Further, Honeywell's request to access the 2019 Exhibits is not, as the NARCO TAC suggests, inextricably tied to the NARCO Trust.  Even if the NARCO Trust did not exist, Honeywell would *still* be seeking access to the 2019 Exhibits.  As stated in the Motions, Honeywell has historically been a global supplier of automotive brake friction materials and aftermarket brake products.  These "Bendix" products, as they are called, are the subject of

---

[3] Notably, the NARCO TAC is not a party in interest, and is therefore *not* entitled to be heard on the Motions.

numerous lawsuits in the tort system commenced by plaintiffs who allege they were exposed to asbestos from Bendix friction products.  Motions ¶ 5.

8.    The NARCO TAC attempts to conflate and obfuscate the issues raised in the Motions with the issues currently before Judge Fitzgerald in mediation.  As the NARCO TAC well knows, the existing mediation before Judge Fitzgerald is wholly unrelated to the relief sought by Honeywell in the Motions.  The only potential connection between the two is that the NARCO TAC has wrongfully interjected itself in the instant dispute, thereby creating a false sense of overlap between the parties in the mediation and these chapter 11 cases.

9.    The NARCO TAC also conveniently ignores that Ford Motor Company ("Ford") filed joinders to the Motion, and that asbestos plaintiff law firms, trust advisory committees, and other parties filed joinders to the NARCO TAC's objection to the Motions.  None of these parties have any involvement in the existing mediation with Judge Fitzgerald.

10.    In any event, as a result of her prior involvement in these chapter 11 cases, including the very same issues implicated by the Motions, Judge Fitzgerald is conflicted, and Honeywell does not consent to waiving that conflict.  The NARCO TAC would have known this if it bothered to ask Honeywell before suggesting Judge Fitzgerald as a mediator.  Its failure to take this obvious, easy and common sense preliminary step is testament to the tactical nature of its request for relief.  This Court should not become the object or vehicle of the NARCO TAC's transparent attempt to ingratiate itself with the NARCO Trust Mediator.

11.    The NARCO TAC also asks this Court to adjudicate the Request *prior* to the Court adjudicating the Motions and the Motion to Strike.  That is an unsurprising, but absurd, request.  Motion to Shorten ¶ 9.  The Court must *first* determine whether the NARCO TAC has standing (which it does not) to respond and be heard on the Motions *before* considering the relief

now requested by the NARCO TAC in the Request and Motion to Shorten.  *See, e.g.*, *Nat'l Weather Service Employees Org., Branch 1-18 v. Brown*, 18 F.3d 986, 988 (2d Cir. 1994) (holding that the "district court should not have proceeded without first addressing the standing issue because standing is a jurisdictional prerequisite based upon the 'case or controversy' requirement of Article III").

12.    Finally, the NARCO TAC's basis for seeking shortened notice—that "the parties in interest have taken advantage of the opportunity to weigh in on this dispute"—is nonsensical. Motion to Shorten ¶ 12.  Whatever that statement means, it does not constitute "cause" under Local Rule 9001(c).

13.    In short, the issues raised by the Motions are well-settled and do not need to be mediated, and Judge Fitzgerald is conflicted (and Honeywell does not waive that conflict) in any event.  The Request and the Motion to Shorten are obvious delay tactics that must be denied.

Dated:  August 5, 2016
        Wilmington, Delaware

                                  POLSINELLI PC


                                  /s/ Justin Edelson
                                  Justin Edelson (Del. Bar No. 5002)
                                  222 Delaware Avenue, Suite 1101
                                  Wilmington, Delaware 19801
                                  Telephone: (302) 252-0920
                                  Facsimile: (302) 252-0921

                                     -AND-

                                  McDERMOTT WILL & EMERY LLP
                                  Peter John Sacripanti *(admitted pro hac vice)*
                                  John J. Calandra *(admitted pro hac vice)*
                                  Darren Azman *(admitted pro hac vice)*
                                  340 Madison Avenue
                                  New York, New York 10173-1922
                                  Telephone: (212) 547-5400
                                  Facsimile: (212) 547-5444

                                  *Attorneys for Honeywell International Inc.*

DM_US 75148337-3.082866.0377