**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| IN RE: | |
|---|---|
| ACandS, Inc. | Case No. 02-12687 (Rel. Dkt. No. 3772) |
| Armstrong World Industries, Inc. | Case No. 00-4471 (Rel. Dkt. No. 10835) |
| Combustion Engineering, Inc. | Case No. 03-10495 (Rel. Dkt. No. 3523) |
| The Flintkote Company | Case No. 04-11300 (Rel. Dkt. No. 9356) |
| Kaiser Aluminum Corp. | Case No. 02-10429 (Rel. Dkt. No. 10372) |
| Owens Corning | Case No. 00-3837 (Rel. Dkt. No. 21129) |
| US Mineral Products Company | Case No. 01-2471 (Rel. Dkt. No. 4115) |
| USG Corp. | Case No. 01-2094 (Rel. Dkt. No. 12733) |
| W.R. Grace & Co. | Case No. 01-1139 (Rel. Dkt. No. 32748) |
| Debtors. | |

**OPPOSITION OF THE NORTH AMERICAN REFRACTORIES COMPANY
ASBESTOS PERSONAL INJURY SETTLEMENT TRUST ADVISORY
COMMITTEE TO MOTION OF HONEYWELL INTERNATIONAL INC.
TO STRIKE OBJECTION**

The North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee (the "**NARCO TAC**"), by and through its undersigned counsel, hereby submits this opposition to the Motion of Honeywell International Inc. to Strike Objection of the North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee (the "**Motion to Strike**").   For the reasons that follow, the Court should deny Honeywell's Motion to Strike.[1]

**BACKGROUND**

Honeywell International Inc., a stranger to the nine asbestos bankruptcies captioned above, filed motions for access to certain Rule 2019 Exhibits submitted in those cases, but not

---

[1]    Because Honeywell has taken the position that this opposition to the Motion to Strike is due now even after the Courts have continued all of the relevant hearings, the NARCO TAC files this brief in an excess of caution.   NARCO TAC reserves the right to file additional or supplemental materials, if appropriate, going forward.

filed on the public docket (the "**Access Motions**").[2]  Honeywell seeks to obtain these Rule 2019

Exhibits so that, *inter alia*, it can attempt to have the asbestos trust created by the bankruptcy of

its subsidiary, the North American Refractories Company ("**NARCO**"), use those materials in

connection with processing claims asserted against that trust (the "**NARCO Trust**").  *See, e.g.*,

Access Motions at 4-5.  The NARCO TAC has filed an objection to Honeywell's Access

Motions.[3]  Nine other trust advisory committees have joined in the NARCO TAC's objection, as

have certain law firms and Future Claimants' Representatives.[4]  Honeywell does not move to

---

[2]    Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re ACandS, Inc.*, No. 02-12687 (Bankr. D. Del. June 30, 2016) (D.I. 3751); Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re Armstrong World Indus., Inc.*, No. 00-04471 (Bankr. D. Del. June 30, 2016) (D.I. 10813); Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re Combustion Eng'g, Inc.*, No. 03-10495 (Bankr. D. Del. June 30, 2016) (D.I. 3502); Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re The Flintkote Co.*, No. 04-11300 (Bankr. D. Del. June 30, 2016) (D.I. 9338); Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re Kaiser Aluminum Corp.*, No. 02-10429 (Bankr. D. Del. June 30, 2016) (D.I. 10351); Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re Owens Corning*, No. 00-03837 (Bankr. D. Del. June 30, 2016) (D.I. 21106), Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re U.S. Mineral Prods. Co*., No. 01-02471 (Bankr. D. Del. June 30, 2016) (D.I. 4094); Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re USG Corp*., No. 01-02094 (Bankr. D. Del. June 30, 2016) (D.I. 12711); Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, *In re W.R. Grace & Co.*, No. 01-01139 (Bankr. D. Del. June 30, 2016) (D.I. 32718).

[3]    *See, e.g.*, Objection of the North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee to Honeywell's Motion for Access to Rule 2019 Exhibits at 4-11, *In re ACandS*, No. 02-12687 (Bankr. D. Del. July 26, 2016) (D.I. 3762).  The NARCO TAC objects to Honeywell's attempt to obtain the Rule 2019 Exhibits for the reasons set forth in its objection.  Those reasons include the fact that claimants' sensitive information, including medical information, could be made public, harming those claimants.  Additionally, Honeywell's intended use of those materials would unnecessarily burden the NARCO Trust and potentially delay payments by the trust.

[4]    *See, e.g.*, Joinder of Certain Trust Advisory Committees to the Objection of the North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee to Honeywell's Motion for Access to Rule 2019 Exhibits, *In re ACandS, Inc.*, No. 02-12687 (Bankr. D. Del. July 26, 2016) (D.I. 3763); Joinder of the Trust Advisory Committee of the Combustion Engineering 524(G) Asbestos PI Trust in the Objection of the North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory

strike the filings of any of the other objecting parties who thus make the same arguments, although it purports to reserve the right to do so at a later time for the Future Claimants' Representative for the NARCO Trust and "potentially other Joinder Parties."[5]

The NARCO TAC is an advisory committee created by court order as part of the confirmation of the NARCO bankruptcy.[6]  As is common in asbestos bankruptcies resulting in asbestos trusts, the NARCO TAC is composed of counsel representing asbestos claimants.[7]  The NARCO TAC is expressly charged with representing the interests of asbestos claimants to the NARCO Asbestos Trust.  As Honeywell well knows, "[t]he members of the NARCO Asbestos TAC shall serve in a fiduciary capacity representing all holders of present NARCO Asbestos Trust Claims."[8]

Here, Honeywell's Access Motions affect claimants to the NARCO Trust that the NARCO TAC is charged to protect.  As Honeywell implicitly recognizes, the population of

---

Committee to Honeywell's Motion for Access to Rule 2019 Exhibits, *In re Combustion Eng'g, Inc.*, No. 03-10495 (Bankr. D. Del. July 29, 2016) (D.I. 3522).

[5]    Motion to Strike ¶ 7 n.4.

[6]    *See, e.g.*, Revised Order Confirming Third Amended Plan of Reorganization for North American Refractories Co., *et al*. Dated December 28, 2005 and Third Amended Plan of Reorganization for Global Industrial Technologies, Inc., *et al.* Dated December 28, 2005 as Supplemented and Recommending that the District Court Issue a Final Confirmation Order and Issue or Affirm the Injunctions at 2, *In re N. Am. Refractories Co.*, No. 02-20198 (Bankr. W.D. Pa. Nov. 13, 2007) (D.I. 5508).

[7]    Notice of Proposed Directors, Trustees, and Trust Advisory Committee Members, *In re N. Am. Refractories Co.*, No. 02-20198 (Bankr. W.D. PA. June 21, 2006) (D.I. 4455); *Cf. In re Pittsburgh Corning Corp.*, No. 00-22876 JKF, 2013 WL 2299620, at *35 (Bankr. W.D. Pa. May 24, 2013) ("Each of the initial TAC members is a member of a firm that represents a large number of plaintiffs in asbestos-related personal injury cases."); *In re W.R. Grace & Co.*, 446 B.R. 96, 129-30 (Bankr. D. Del. 2011) ("TACs have been a feature of asbestos PI trusts since the *Johns-Manville* case.").

[8]    First Amended North American Refractories Company Asbestos Personal Injury Settlement Trust Agreement at 20, Ex. B to Third Amended Plan of Reorganization for North American Refractories Company Dated December 28, 2005, *In re N. Am. Refractories Co.*, No. 02-20198 (Bankr. W.D. Pa. Jan. 27, 2006) (D.I. 3981) ("**NARCO Trust Agreement**").

claimants to the NARCO Trust represented by the NARCO TAC, and the individuals described in the Rule 2019 Exhibits that Honeywell seeks, overlap.[9]  Indeed, it is precisely because of that overlap that Honeywell is seeking access to the Rule 2019 Exhibits; Honeywell's stated purpose is to obtain information on claimants to the NARCO Trust so that it may attempt to affect the operation of the NARCO Trust.

## ARGUMENT

### I.    Third Circuit Precedent Makes Clear that the NARCO TAC Has Party-in-Interest Standing Under Section 1109 of the Bankruptcy Code

Honeywell largely relies on cases outside of the Third Circuit with respect to its framework for party-in-interest standing, and its specific examples of cases finding a lack of standing are likewise outside of the Third Circuit.[10]  But in the Third Circuit, it is clear that the party-in-interest standard "must be construed broadly to permit parties affected by a chapter 11 proceeding to appear and be heard."  *In re Global Indus. Techs., Inc.*, 645 F.3d 201, 211 (3d Cir. 2011) (en banc) (quoting *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985)).  Indeed, even Honeywell is forced to acknowledge that, in the Third Circuit, a party in interest is "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding."[11]

Honeywell claims that "[b]ankruptcy standing is narrower than Article III standing," citing a Seventh Circuit opinion,[12] but ignores that the Third Circuit itself has stated, in a case Honeywell cites extensively for other purposes, that "[p]ersuasive authority indicates that Article III standing and standing under the Bankruptcy Code are effectively coextensive," and then held

---

[9]    *See, e.g.*, Motion to Strike at 7.

[10]    *Id.* ¶ 13, 19-21.

[11]    *Id.* ¶ 14.

[12]    *Id.* ¶ 13.

that such standing is "at least [as] broad" as constitutional standing.  *Global*, 645 F.3d. at 211 & n.25.

Section 1109 specifically provides standing to entities, such as creditors committees, appointed by the Court to represent the interests of certain constituencies in bankruptcy, and its list is not exclusive, as Honeywell itself is forced to acknowledge.[13]  The NARCO TAC is such an entity, and therefore has standing under Section 1109 to represent the interests of its constituency.

## II.    The NARCO TAC has Standing as a Fiduciary for Claimants to the NARCO Trust

A plaintiff may be permitted to assert another's rights where the plaintiff has demonstrated (1) a close relationship to the injured party and (2) a barrier to that party's ability to protect its own interests.  *See Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004), *rev'g sub nom. Tesmer v. Granholm*, 333 F.3d 683 (6th Cir. 2003).  Historically, for example, trustees have been accorded standing to bring suits to benefit their trusts, guardians *ad litem* to bring suits to benefit their wards, receivers to bring suits to benefit their receiverships, assignees in bankruptcy to bring suits to benefit bankrupt estates, and executors to bring suits to benefit testator estates.  *See Sprint Commc'ns Co., v. APCC Servs., Inc.*, 554 U.S. 269, 287-88 (2008); *see also Smith v. Org. of Foster Families for Equality & Reform*, 431 U.S. 816, 841 n.44 (1977) (third party standing for foster parents to assert claims on behalf of foster children)*, rev'g sub nom. Org. of Foster Families for Equality & Reform v. Dumpson*, 418 F.Supp. 277 (S.D.N.Y. 1976).

Here, the NARCO TAC is a fiduciary, similar to a *guardian ad litem*, and was specifically appointed by a court to safeguard the interests of claimants to the NARCO Trust.  In

---

[13]    Motion to Strike at 6.

addition, the NARCO TAC is a party to the NARCO Trust Agreement, and is expressly charged under that agreement with the duty to protect the interests of asbestos claimants.[14]

As noted above, Honeywell relies on the fact that those affected by the disclosure of Rule 2019 Exhibits include claimants to the NARCO Trust.  The NARCO TAC is charged with a fiduciary duty to protect such individuals.[15]  Indeed, Honeywell itself acknowledged in its Access Motions that it seeks the Rule 2019 Exhibits to allegedly fulfill "the purpose of the NARCO Trust."[16]  The NARCO TAC is not only the best positioned entity to respond to those arguments, but also has an express role *vis-à-vis* the NARCO trust.[17]

Those claimants would be harmed by public disclosure of the sensitive medical information contained in the Rule 2019 Exhibits,[18] and there are numerous legal and practical obstacles to their pursuing their own objections to the Access Motions.  As a preliminary matter,

---

[14]     NARCO Trust Agreement at 20.

[15]     *See id.*

[16]     Access Motions at 4.

[17]     *See, e.g.*, NARCO Trust Agreement at 20.

[18]     Honeywell veers from discussing standing issues and attempts to make a substantive argument about the privacy interests of claimants, which is the subject of its Access Motions and the NARCO TAC's objection thereto and the various joinders.  Motion to Strike ¶ 22.  For the reasons set forth at length in the NARCO TAC's objection, such privacy interests must be respected.  And even if the information in the Rule 2019 Exhibits were available in the records of other courts in other proceedings, "there is a vast difference between the public records that might be found after a diligent search of courthouse files, county archives, and local police stations throughout the country and a computerized summary located in a single clearinghouse of information."  *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 764 (1989) (holding that third party request for contents of law enforcement records could reasonably be expected to invade privacy).  "An individual's interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information may be available to the public in some form."  *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 500 (1994) (finding that disclosure of employees' home addresses to union prohibited by Privacy Act).  Similarly, the fact that some of the information for some of the underlying asbestos victims might be available in some other courts does not undercut their privacy interests here.

many of the thousands of affected individuals have not been given notice of the Access Motions, as the service lists for closed cases are not maintained.  Indeed, Honeywell does not even assert that all affected individuals were served.  In any event, it is unrealistic to expect that such a large number of affected individuals and their families, who may or may not be currently represented, could appear in this Court to oppose the motion.  Thus, the NARCO TAC has standing to assert the rights of individuals affected by the contemplated disclosure of Rule 2019 Exhibits.[19]

Honeywell complains at several points in its Motion to Strike that it has to pay the expenses of the NARCO TAC.  Motion to Strike ¶¶ 10, 24.  But by order of the Bankruptcy Court of the Western District of Pennsylvania, Honeywell's complaints about funding are subject to ADR overseen by former Bankruptcy Judge Judith K. Fitzgerald.[20]  That issue is not before this Court.

---

[19]    Moreover, the NARCO TAC also has associational standing under long-standing Supreme Court precedent.  Specifically, an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose and (c) neither the claim asserted nor the relief requested requires the participation of individual members.  *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977), *superseded by statute on other grounds*.  All three elements are satisfied here.  Individual lawyer members of the NARCO TAC would be harmed for the reasons described above, and in more detail in the objection to the Access Motions, and thus have standing.  The interests the NARCO TAC seeks to protect relate to the operation of the NARCO Trust and its express fiduciary duties, and are therefore germane to its purpose.  And finally the objection does not require the participation of individual NARCO TAC members because the confidentiality concerns raised by the disclosure are uniform.  Thus, the NARCO TAC has standing as an association as well.

[20]    Mediation Referral Order, *Honeywell Int'l, Inc. v. N. Am. Refractories Asbestos Personal Injury Settlement Trust*, Adv. No. 15-00204 (Bankr. W.D. Pa. Mar. 2, 2016) (D.I. 324).

## <u>CONCLUSION</u>

For the foregoing reasons, the NARCO TAC respectfully requests that the Motion to Strike be denied.

Dated: August 10, 2016                                    Respectfully submitted,

**A.M. SACCULLO LEGAL, LLC**

*/s/ Thomas H. Kovach*
Anthony M. Saccullo (No. 4141)
Thomas H. Kovach (No. 3964)
27 Crimson King Drive
Bear, Delaware 19701
Telephone: (302) 836-8877
Facsimile: (302) 836-8787
ams@saccullolegal.com
kovach@saccullolegal.com
              -and-

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
600 Lexington Avenue, 21st Floor
New York, NY  10022
Telephone:  (212) 379-6000
Facsimile:  (212) 379-6001
E-mail: einselbuch@capdale.com
**CAPLIN & DRYSDALE, CHARTERED**
Ann C. McMillan, Esq.
Kevin C. Maclay, Esq.
James P. Wehner, Esq.
Todd E. Phillips, Esq.
One Thomas Circle, NW
Suite 1100
Washington, DC  20005
Telephone:  (202) 862-5000
Facsimile:  (202) 429-3301
E-mail: amcmillan@capdale.com;
kmaclay@capdale.com;
jwehner@capdale.com
tphillips@capdale.com

*Co-Counsel for the North American
Refractories Company Asbestos Personal
Injury Settlement Trust Advisory Committee*