**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> ACANDS, INC., <br><br>           Debtor. | Case No. 02-12687 (KG) <br><br> Chapter 11 <br><br> **Re: Docket Nos. 3772, 3784** |
| In re: <br><br> ARMSTRONG WORLD INDUSTRIES, INC., *et al.*, <br><br>           Debtors. | Case No. 00-04471 (KG) <br><br> Chapter 11 <br><br> Jointly Administered <br><br> **Re: Docket Nos. 10835, 10849** |
| In re: <br><br> COMBUSTION ENGINEERING, INC., <br><br>           Debtor. | Case No. 03-10495 (KG) <br><br> Chapter 11 <br><br> **Re: Docket Nos. 3523, 3536** |
| In re: <br><br> THE FLINTKOTE COMPANY, *et al.*, <br><br>           Debtors. | Case No. 04-11300 (KG) <br><br> Chapter 11 <br><br> Jointly Administered <br><br> **Re: Docket Nos. 9356, 9368** |
| In re: <br><br> KAISER ALUMINUM CORPORATION, *et al.*, <br><br>          Debtors. | Case No. 02-10429 (KG) <br><br> Chapter 11 <br><br> Jointly Administered <br><br> **Re: Docket Nos. 10372, 10384** |

| | |
|---|---|
| In re: <br><br> OWENS CORNING, *et al.*, <br><br> Debtors. | Case No. 00-03837 (KG) <br><br> Chapter 11 <br><br> Jointly Administered <br><br> **Re: Docket Nos. 21129, 21141** |
| In re: <br><br> UNITED STATES MINERAL PRODUCTS COMPANY, <br><br> Debtor. | Case No. 01-02471 (KG) <br><br> Chapter 11 <br><br> **Re: Docket Nos. 4115, 4127** |
| In re: <br><br> USG CORPORATION, *et al.*, <br><br> Debtors. | Case No. 01-02094 (KG) <br><br> Chapter 11 <br><br> Jointly Administered <br><br> **Re: Docket Nos. 12732, 12747** |
| In re: <br><br> W.R. GRACE & CO., *et al.*, <br><br> Debtors. | Case No. 01-01139 (KG) <br><br> Chapter 11 <br><br> Jointly Administered <br><br> **Re: Docket Nos. 32748, 32760** |

**REPLY OF HONEYWELL INTERNATIONAL INC.
TO OPPOSITION OF THE NORTH AMERICAN REFRACTORIES COMPANY
ASBESTOS PERSONAL INJURY SETTLEMENT TRUST ADVISORY COMMITTEE
<u>TO MOTION TO STRIKE OBJECTION</u>**

Honeywell International Inc. ("<u>Honeywell</u>"), by and through its undersigned counsel, hereby submits this reply to the *Opposition of the North American Refractories Company*

*Asbestos Personal Injury Settlement Trust Advisory Committee to Motion of Honeywell International Inc. to Strike Objection*[1] (the "Opposition") and respectfully states as follows:

## PRELIMINARY STATEMENT

1. The NARCO TAC was appointed for the limited purpose of representing the interests of present NARCO Trust claimants *in matters related to the NARCO Trust*. The NARCO TAC *does not and cannot* represent the interests of present NARCO Trust claimants *for all purposes and in all matters*. The NARCO TAC lacks standing to oppose the Access Motions because it does not have a legally protected interest in the outcome.

2. Furthermore, the NARCO TAC does not have third party standing or associational standing to assert the interests of present NARCO Trust claimants with respect to the Access Motions. The claimants whose information appears in the 2019 Exhibits *are represented by the very law firms that filed the 2019 Exhibits*, several of which filed joinders to the NARCO TAC's pleadings. And the trust advisory committees in *every single one of these chapter 11 cases* filed a joinder to the NARCO TAC's pleadings, making clear that there is adequate representation of the present claimants to the trusts created *in these chapter 11 cases*.

3. The NARCO TAC and the joinder parties should not be permitted to shift their costs of opposing the Access Motions to Honeywell. The NARCO TAC lacks standing to be heard on the Access Motions, and its pleadings related thereto should be stricken.

---

[1] Case No. 02-12687, Docket No. 3784; Case No. 00-4471, Docket No. 10849; Case No. 03-10495, Docket No. 3536; Case No. 04-11300, Docket No. 9368; Case No. 02-10429, Docket No. 10384; Case No. 00-3837, Docket No. 21141; Case No. 01-2471, Docket No. 4127; Case No. 01-2094, Docket No. 12747; Case No. 01-1139, Docket No. 32760.

**ARGUMENT**

I.   **The NARCO TAC Does Not Represent the Interests of Present NARCO Trust Claimants for All Purposes in All Matters**

4.   The NARCO TAC was established pursuant to the Trust Agreement, which provides as follows:

> A Trustees' Advisory Committee (the "NARCO Asbestos TAC") shall be formed. As provided herein, the Trustees [of the NARCO Trust] shall consult with the NARCO Asbestos TAC, Honeywell, and the NARCO Asbestos Future Claimants Representative *regarding the implementation and administration of the NARCO Asbestos TDP*. The members of the NARCO Asbestos TAC shall serve in a fiduciary capacity representing all holders of present NARCO Asbestos Trust Claims. ***The Trustees may consult with the NARCO Asbestos TAC on any matter affecting the NARCO Asbestos Trust***, and certain actions by the Trustees are subject to the prior consent of the NARCO Asbestos TAC as provided in Section 8.l(b) hereof and in the NARCO Asbestos TDP. The NARCO Asbestos TAC shall endeavor to act in the best interests of the holders of all NARCO Asbestos Trust Claims.

(Emphasis added).

5.   Under the express language of the Trust Agreement, the role of the NARCO TAC is limited to representing the interests of present NARCO Trust claimants *with respect to matters affecting the NARCO Trust,* such as the implementation and administration thereof. The Trust Agreement *does not* authorize the NARCO TAC to represent the holders of present NARCO Trust claimants for *all purposes in all matters*.

II.   **The Access Motions Do Not Affect the NARCO Trust**

6.   Honeywell's request to access the 2019 Exhibits is not a matter affecting the NARCO Trust. Even if the NARCO Trust did not exist, Honeywell would *still* be seeking access to the 2019 Exhibits. By way of example only, as stated in the Access Motions, Honeywell has historically been a global supplier of automotive brake friction materials and aftermarket brake products. These "Bendix" products, as they are called, are the subject of numerous lawsuits in

4

the tort system commenced by plaintiffs who allege they were exposed to asbestos from Bendix friction products.  Honeywell has good reason to believe that the 2019 Exhibits can be used by Honeywell in connection with this "Bendix" litigation.

7. In addition, and also by way of example only, Honeywell may also seek to use the 2019 Exhibits in connection with lobbying efforts in support of the Fairness in Class Action Litigation and Furthering Asbestos Claim Transparency Act of 2016 (H.R. 1927; S. 357).  The Act, which passed the House on January 8, 2016, would, *inter alia*, require asbestos trusts in the United States to file quarterly reports about the payouts they make and who receives them, which would create uniform transparency among asbestos trusts in an effort to ferret out fraud.

8. The NARCO TAC's objection to the Access Motions is really a disguised objection to how Honeywell may ultimately *use* the 2019 Exhibits.  But that is *not* the relief requested by Honeywell in the Access Motions.  Under the NARCO TAC's logic, if Honeywell had not included in the Access Motions its example of using the 2019 Exhibits in connection with the NARCO TAC, then the NARCO TAC would lack standing.  This is nonsensical.  The NARCO TAC will have an opportunity at a later time to contest the evidentiary value and Honeywell's use of the 2019 Exhibits.

### III. The NARCO TAC Lacks Standing, Even Under the Third Circuit's Broad Definition of "Party In Interest"

9. The NARCO TAC argues in conclusory fashion that it has standing under Bankruptcy Code section 1109 because it was appointed by a bankruptcy court to represent the interests of certain constituents—specifically, present NARCO Trust claimants.  Opposition, p. 5 ("The NARCO TAC is such an entity, and therefore has standing under Section 1109 to represent the interests of its constituency.").  It is axiomatic, however, that Bankruptcy Code section 1109 does *not* confer standing on a committee appointed in one bankruptcy case to

appear and be heard in other bankruptcy cases in which it was not appointed. Furthermore, even statutory parties in interest are not entitled to be heard when they lack a legally protected interest in the outcome of an issue. *See, e.g.*, *In re Terry*, 521 B.R. 90, 95–96 (Bankr. E.D. Pa. 2014), *adhered to*, 2015 WL 1321486 (Bankr. E.D. Pa. 2015) (finding that a creditor of a debtor, which is among the parties listed in Bankruptcy Code section 1109, lacked standing to object to a settlement where the settlement did not affect the creditor's rights).

10.  Honeywell acknowledged the Third Circuit's broad interpretation of "party in interest" as "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding." Motion to Strike at pp. 7, 10 (citing *In re Global Indus, Techs., Inc*, 645 F.3d 201, 210 (3d Cir. 2011)). Nonetheless, Honeywell cited to a number of cases in which parties with a relationship similar to that of the NARCO TAC with respect to the Access Motions were found to lack standing. Although outside of the Third Circuit and therefore not binding on this Court, these cases are factually on point and are therefore instructive. Notably, while the NARCO TAC criticized Honeywell's citation to cases outside the Third Circuit, it cited to no case law within the Third Circuit or otherwise in rebuttal on this issue.

**IV.    The NARCO TAC Does Not Have Fiduciary Standing To Represent Present NARCO Trust Claimants in the Context of the Access Motions**

11.  The NARCO TAC asserts that it has third party standing to assert the rights of present NARCO Trust claimants with respect to the Access Motions. As a general rule, a litigant must assert his own legal interests rather than those of third parties. *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004). The Supreme Court has recognized a limited exception to this rule where (i) the party asserting the right has a close relationship with the party who possesses the right, and (ii) there is a hindrance to the possessor's ability to protect his own interests. *Id.* at 130; *King v. Governor of the State of New Jersey*, 767 F.3d 216, 243 (3d Cir. 2014), cert. denied sub

nom. *King v. Christie,* 135 S. Ct. 2048 (2015) ("To establish third-party standing, a litigant must demonstrate that (1) she has suffered an 'injury in fact' that provides her with a 'sufficiently concrete interest in the outcome of the issue in dispute;' (2) she has a 'close relation to the third party;' and (3) there exists 'some hindrance to the third party's ability to protect his or her own interests.'" (internal citations omitted)).

12. As a preliminary matter, the NARCO TAC does not and cannot allege that it has third party standing to oppose the Access Motions on behalf of all individuals whose information is contained in the 2019 Exhibits. With respect to those individuals who are not claimants of the NARCO Trust, the NARCO TAC lacks the requisite close relationship to such individuals.

13. Furthermore, the NARCO TAC's duty to protect claimants to the NARCO Trust is limited to matters related to the administration of the NARCO Trust and does not extend to all matters, such as the one at bar. As discussed above and in the Motion to Strike, the Access Motions *do not* involve administration of the NARCO Trust. Therefore, in the context of the Access Motions, the NARCO TAC lacks a close relationship with present NARCO Trust claimants necessary to confer third party standing.

14. Finally, the NARCO TAC fails to satisfy the requirement that there exists "a hindrance to the possessor's ability to protect his own interests." The individuals whose information is contained in the 2019 Exhibits are represented by the very law firms that submitted the 2019 Exhibits. This is *precisely* the purpose of the 2019 Exhibits—to identify counsel that represents individuals in these chapter 11 cases.

15. As set forth in the notice section of the Access Motions, Honeywell retained a third party vendor to prepare a notice mailing list that included all parties entitled to receive notice in these chapter 11 cases, including all law firms that filed 2019 Exhibits. Those firms

could have filed objections to the Access Motions on behalf of the individuals whose information is contained in the 2019 Exhibits. In fact, a number of such law firms joined in the NARCO TAC's opposition (including Lipsitz & Ponterio, LLC, Motley Rice LLC, Waters & Kraus, LLP, and Simmons Hanly Conroy LLC). *See King v. Governor of the State of New Jersey*, 767 F.3d 216, 244 (3d Cir. 2014), cert. denied sub nom. *King v. Christie*, 135 S. Ct. 2048, 191 L. Ed. 2d 955 (2015) (In a case where therapists asserted third party standing on behalf of their minor clients, the court found that "the fact that minor clients have previously filed suit bolsters our conclusion that they are not sufficiently hindered in their ability to protect their own interests.").

16.    In addition, a trust advisory committee was appointed in each of these chapter 11 cases to represent the interests of claimants to the trust established *in each respective case*. Indeed, each and every single trust advisory committee in these chapter 11 cases filed a joinder to the NARCO TAC's opposition to the Access Motions. Certainly, the trust advisory committees created *in these chapter 11 cases* have a much closer nexus than the NARCO TAC to the individuals included in the 2019 Exhibits filed *in these chapter 11 cases*. And the fact that these trust advisory committees, which represent the present claimants to the trusts created *in these chapter cases*, filed joinders, directly contradicts the NARCO TAC's argument that any "hindrance" exists.

17.    These facts lead to only one conclusion about the NARCO TAC's (and the joinder parties') intentions—deflecting the cost of opposing the Access Motions to Honeywell. Importantly, each section 524(g) trust created in these chapter 11 cases has a *finite* amount of resources, whereas the NARCO Trust is an "evergreen" trust and looks to Honeywell for payment of its operating expenses, include those of the NARCO TAC's counsel.

**V.     The NARCO TAC Does Not Have Associational Standing**

18.     Finally, the NARCO TAC argues in a footnote that it has associational standing to appear on behalf of present NARCO Trust claimants because (i) its members would otherwise have standing to sue in their own right, (ii) the interests it seeks to protect are germane to its purpose, and (iii) neither the claim asserted nor the relief requested requires the participation of individual members. This argument fails for a number of reasons.

19.     First, the NARCO TAC is not an "association" and the individuals whose information is contained in the 2019 Exhibits are not "members" on whose behalf the NARCO TAC might bring suit.

20.     Second, as discussed above, the interests the NARCO TAC seeks to protect in the context of the Access Motions are not germane to its purpose. The purpose of the NARCO TAC is to represent present claimants to the NARCO Trust *in matters relating to the administration of the NARCO Trust*. In the context of the Access Motions, the NARCO TAC attempts to protect the interests of the individuals whose information is contained in the 2019 Exhibits, who may or may not be claimants of the NARCO Trust.

21.     Third, whether Honeywell is granted access to the 2019 Exhibits is not a matter affecting the NARCO Trust. For these reasons, the NARCO TAC does not have associational standing to object to the Access Motions.

**CONCLUSION**

22.     For the foregoing reasons, Honeywell respectfully requests that this Court strike all of the NARCO TAC's pleadings in these chapter 11 cases that relate to the Access Motions and preclude the NARCO TAC from being heard thereon, and grant such other relief the Court deems just and proper.

Dated: August 24, 2016
       Wilmington, Delaware

                             POLSINELLI PC

                             */s/ Justin Edelson*
                             Justin Edelson (Del. Bar No. 5002)
                             222 Delaware Avenue, Suite 1101
                             Wilmington, Delaware 19801
                             Telephone: (302) 252-0920
                             Facsimile: (302) 252-0921

                               -AND-

                             MCDERMOTT WILL & EMERY LLP
                             Peter John Sacripanti *(admitted pro hac vice)*
                             John J. Calandra *(admitted pro hac vice)*
                             Darren Azman *(admitted pro hac vice)*
                             340 Madison Avenue
                             New York, New York 10173-1922
                             Telephone: (212) 547-5400
                             Facsimile: (212) 547-5444

                             *Attorneys for Honeywell International Inc.*