**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Owens Corning | ) | Case No. 00-3837(KG) |
| Armstrong World Industries, Inc. | ) | Case No. 00-4471(KG) |
| W.R. Grace & Co. | ) | Case No. 01-1139(KG) |
| USG Corp. | ) | Case No. 01-2094(KG) |
| US Minerals Products Company | ) | Case No. 01-2471(KG) |
| Kaiser Aluminum Corp. | ) | Case No. 02-10429(KG) |
| ACandS, Inc. | ) | Case No. 02-12687(KG) |
| Combustion Engineering, Inc. | ) | Case No. 03-10495(KG) |
| The Flintkote Company | ) | Case No. 04-11300(KG) |
| | ) | |
| _____Debtors. ____ _____ ) | | **Re: D.I. Nos. 32737 & 32748 (01-1139)** |

**MEMORANDUM ORDER
RE STANDING OF NARCO TAC**

Honeywell International Inc. ("Honeywell"), joined by Ford Motor Company, has

moved in all cases for access to Rule 2019 Exhibits (the "Access Motions"). D.I. 32718[1].  In

response, the North American Refractories Company Asbestos Personal Injury Settlement

Trust Advisory Committee ("NARCO TAC") has both objected to the Access Motions and

filed emergency motions seeking appointment of a Rule 9019 expert and referee (the

"Referral Motions").  Honeywell objects to the Referral Motions.  The Court has scheduled

the Access Motions and the Referral Motions to be heard on October 14, 2016.

---

[1] References to docket items are to filings in the W.R. Grace & Co. Case, Case No. 01-01139. The identical document was filed in each case.

Honeywell has also moved to strike NARCO TAC's objection to the Access Motions (the "Motions to Strike") (D.I. 32748) on the ground that NARCO TAC lacks standing to oppose the relief Honeywell seeks in the Access Motions.  Honeywell argues that the NARCO TAC serves the limited purpose of "representing the interests of present NARCO Trust claimants *in matters related to the NARCO Trust*," (Reply of Honeywell at 3, emphasis in the orginal) and not for all purposes or in all matters.

Honeywell points to the fact that in each asbestos case, a trust advisory committee was appointed to represent the interests of claimants to the trust established in each case. Each trust advisory committee has filed a joinder to the NARCO TAC's objection to the Access Motions.  Honeywell surmises that NARCO TAC's involvement is a cost concern. The trusts created pursuant to Section 524(g) of the Bankruptcy Code have finite resources but the NARCO Trust is an "evergreen" trust and thereby has greater resources, which Honeywell funds, to oppose the Access Motions.

Honeywell continues in its Motions to Strike and Reply to argue that a party is obligated to argue its own interests rather than the interests of other parties, *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004).  There are exceptions to the rule, principally where there is a close relationship between the advocating party and some "hindrance" to the party possessing the right.  *King v. Governor of the State of New Jersey*, 767 F.3d 216, 243 (3d Cir. 2014), *cert. denied sub nom.  King v. Christie*, 135 S. Ct. 2048 (2015).  Honeywell therefore argues that NARCO TAC lacks a closer relationship to all individuals who have information in the 2019 exhibits, its duties do not extend to the matters involved in the

Access Motions and those whose interests are involved are represented and therefore are not hindered in their ability to protect themselves.

NARCO TAC, of course, opposes the Motions to Strike. NARCO TAC is an advisory committee which the bankruptcy court in the Western District of Pennsylvania created by its confirmation order in *In re North American Refractories Company*, No. 02-20198 (Bankr. W.D. Pa.). NARCO TAC is comprised of lawyers who represent asbestos claimants. These members are charged with representing all holders of NARCO Trust claims in a fiduciary capacity.

The Access Motions are pending before the Court which operates within the constraints of the United States Court of Appeals for the Third-Circuit and, therefore, is bound by its rulings. The controlling case on the standing issue is *In re Global Indus. Technologies, Inc.*, 645 F. 3d 201 (3d Cir. 2001), an *en banc* decision. There, the Third Circuit held that the decision of the bankruptcy court to deny standing to insurers was incorrect. The Third Circuit found that the insurers had standing because they demonstrated an "injury in fact that is 'concrete,' 'distinct and palable' and 'actual or imminent'." *Global Indus.*, 645 F.3d at 210, quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Also, the party whose standing is being challenged must allege a specific identifiable injury or a personal stake in the outcome of the issue being litigated. *Global Indus.*, 645 F. 3d at 210. The Third Circuit therefore employs a liberal test for a party's standing and the Third Circuit adopted the test for a party in interest from the United States Court of Appeals for the Seventh Circuit. In *In re James Wilson Associates*, 965 F. 2d 160, 169 (7th Cir. 1992), the

Seventh Circuit described a "party in interest" as having "a sufficient stake in the proceeding so as to require representation." *Id.* The Third Circuit went farther in its analysis to opine that "persuasive authority indicates that Article III standing and standing under the Bankruptcy Code are effectively coextensive." *Id.*

Section 1109(b) of the Bankruptcy Code provides that:

A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

Section 1109(b) "must be construed broadly to permit parties affected by a chapter 11 proceeding to appear and be heard." *Global Indus.,* 645 F. 3d at 211, quoting *In re Armatex Corp.,* 755 F. 2d 1034, 1042 (3d Cir. 1985). The Third Circuit therefore held that: "Interpreting the "party in interest" requirement as an additional obstacle to bankruptcy standing would frustrate the purpose of § 1109(b), which was intended to 'confer[ ] broad standing at the trial level, *In re PWS Holding Corp.*, 228 F. 3d 224, 249 (3d Cir. 2000), and to 'continue[ ] in [the] tradition' of 'encourag[ing] and promot[ing] greater participation in reorganization cases.'" *Id.*, quoting *PWS*, 228 F. 3d at 224, and *Armatex*, 775 F. 2d at 1042.

In light of the foregoing, the Court is denying the Motion to Strike. The Court finds that the court appointed NARCO TAC to protect the interests of NARCO Trust claimants. NARCO TAC is a party to the NARCO Trust Agreement and is charged to protect the interests of asbestos claimants. NARCO Trust Agreement at 20 ("The members of the NARCO [ ] TAC shall serve in a fiduciary capacity representing all holders of present NARCO Asbestos Trust Claims . . . . The NARCO [ ] TAC shall endeavor to act in the best

interests of the holders of all NARCO Asbestos Trust claims.")  It is clear there is overlap between the asbestos claimants to the NARCO Trust and individuals about whom Honeywell seeks information in the Access Motions.  Accordingly, NARCO TAC has standing to oppose the Access Motions and to pursue the Referral Motions.


Dated: August 29, 2016

KEVIN GROSS, U.S.B.J.