

Judith K. Fitzgerald     412.594.3933
jfitzgerald@tuckerlaw.com

September 7, 2016

The Honorable Kevin Gross
U.S. Bankruptcy Judge
District of Delaware
824 North Market Street
6th Floor
Wilmington, DE 19801

Re:    Delaware Asbestos Cases
        Case Nos. 02-12687; 00-4471; 03-10495; 04-11300; 02-10429; 00-3837; 01-2471;
        01-2094; and 01-1139

Dear Judge Gross:

I write in response to your letter concerning the *Motion Of Honeywell International Inc. For Access To Rule 2019 Exhibits* (the "Motion") and the request by the NARCO Trust Advisory Committees (TAC) for a court-appointed expert or referee. I note that other parties have joined in various pleadings on file in the bankruptcies in which the Motion was filed, but I have not had contact with them so I do not know their positions. You asked me to explain my view as to whether I have a conflict of interest that would prevent me from assisting the Court in the capacity of an expert or referee if the Court determined that the Court would benefit from that assistance. I offer no opinion whatsoever on whether a Rule 2019 expert or referee would be of assistance to the Court.

Currently, I am court-appointed mediator in matters pending between Honeywell, the NARCO Trust, the TAC and the Future Claims Representative (FCR).

When I was approached by the TAC about the Motion, I understood the inquiry to be whether I would consider serving as a mediator in the Rule 2019 Motion dispute. (I see, however, that the TAC's request as filed uses the terms "expert" and "referee." I understand the concept of "referee" to be akin to that of "arbitrator." However, your Honor, as the presiding judge, would rule on any recommendations from either the expert or referee process.) I advised the TAC to contact Honeywell with the idea, but there was apparently some immediacy in making the request to the Court and contact may not have been feasible. The TAC pointed out that if access were ordered by the Court, any disputes regarding the impact of Honeywell's intended use of the 2019 statements in the NARCO matter may be brought before me as the mediator. I have no way of knowing what use would be offered or whether any such offer would lead to a dispute.

I spoke with Honeywell's counsel only after your Honor's letter was docketed. Honeywell pointed out that the Motion is a broad request involving matters unrelated to NARCO as well as matters that may arise regarding NARCO. From this conversation, I concluded that Honeywell's primary concern about this Court appointing me the 2019 advisor centers around the decision I

Tucker Arensberg, P.C.   1500 One PPG Place   Pittsburgh, PA 15222   p. 412.566.1212   f. 412.594.5619
www.tuckerlaw.com
2 Lemoyne Drive   Suite 200   Lemoyne, PA 17043   p. 717.234.4121   f. 717.232.6802

**TUCKER | ARENSBERG**
Attorneys

Judge Gross
September 7, 2016
Page 2

issued years ago denying a request by Garlock for access to the Rule 2019 statements in various cases in Delaware and in the Western District of Pennsylvania, and whether I could "reverse myself" if a similar issue were to be presented in the context of the current Motion.

In response to that concern, I have re-read certain opinions I entered and those of the district courts and Court of Appeals related to my opinions. My decision regarding Garlock was reversed by the district courts in Delaware and in the Western District of Pennsylvania, which ordered access, and accordingly, I assisted in making the statements available to Garlock as the district courts required. The opinions of the district courts are the binding authority and I respected and followed those decisions.

In addition, I consulted an attorney at Tucker Arensberg, P.C. who deals with the firm's internal questions regarding conflicts of interest and with a law professor with expertise in professional responsibility. Based upon all of the information available to me, I am not aware of a conflict that would prohibit me from assisting the Court as a "neutral" because my role would be solely to serve the Court. I would not serve any party and would not be acting as an advocate on behalf of any party. Moreover, every case is different and a ruling in one is not necessarily going to apply to another. Having sat on the bench for over 25 years, I have the capability to assess different factual situations in an appropriate and (to borrow a phrase from the Bankruptcy Code) "disinterested" fashion. Therefore, as I would not be an advocate for any party or any position, I do not feel that I have a conflict of interest in this matter and thus could serve either as a referee or Rule 2019 Court expert. I want to emphasize that my view is related ONLY to serving the Court.

Despite my view that there is no conflict, I have concerns relating to the NARCO mediation. First, I am obligated and committed to continuing with that process. The mediation is occurring during a standstill, with the goal of reaching a resolution of issues so that litigation need not resume at the end of the standstill. If any party to the NARCO mediation is not comfortable with my serving as a referee for the Court, I believe it would be very difficult for me to help the parties achieve a resolution.

Regarding Federal Rule of Evidence 706 "Court-Appointed Experts," to the maximum extent possible, I will always make myself available to assist the Court. So that the Court is aware, I have been appointed as a Rule 706 Expert on certain matters in two bankruptcies in which I had served as the presiding judge: *In re W.R. Grace & Co.* (01-01139 (KJC) at Docket No. 31986 (Rule 706 Expert) and *In re All Matters Related to North American Refractories Company,* Misc. Case 15-00204-TPA at Docket No. 324 (Mediator and Court Appointed Expert). My understanding, in both cases, is that there was no objection to my appointment and the parties waived any real or perceived conflicts. And while there is no requirement that the parties consent to the Court's choice of an expert, I know that the Court appreciates the sensitivity of my role as



Judge Gross
September 7, 2016
Page 3

the NARCO mediator and will give due consideration to the objection of any NARCO mediation party.

I appreciate your Honor's willingness to hear from me. I would be pleased to answer any further questions.

With all good wishes, I am

Sincerely yours,

*Judith K. Fitzgerald*

Judith K. Fitzgerald

Cc: Peter Sacripanti, Counsel to Honeywell
John Calandra, Counsel to Honeywell
Joseph Baio, Counsel to the NARCO Trust
Rachel Strickland, Counsel to the NARCO Trust
Leslie Kelleher, Counsel to the NARCO TAC
Ann McMillan, Counsel to the NARCO TAC
Edwin Harron, Counsel to the NARCO FCR
Sharon Zieg, Counsel to the NARCO FCR