# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | (Jointly Administered) |
| W.R. GRACE & CO., *et al.*,[1] ) | |
| ) | Case No. 01-01139 (KJC) |
| Reorganized Debtors. ) | (D.I. 31812, 32772) |
| ) | |

## ORDER

AND NOW, this 25th day of August, 2016, upon consideration of Anderson Memorial Hospital's Motion to Alter or Amend Order Denying Motion for Class Certification (D.I. 31812), the responses thereto, and after two hearings on notice, for the reasons set forth in the foregoing Opinion, it is hereby **ORDERED** that:

(1) Anderson Memorial Hospital's Motion to Alter or Amend Order Denying Motion for Class Certification is **DENIED** without prejudice;

(2) Anderson Memorial Hospital and Grace **ENTER INTO MEDIATION** to explore amicable resolutions for Anderson Memorial Hospital's individual property damage claim against Grace; and

(3) given the reassignment of the main case to Judge Gross, further proceedings

---

[1] The Reorganized Debtors are W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W.R. Grace & Co.-Conn. ("Grace-Conn.").

regarding mediation and otherwise should be directed to Judge Gross's chambers.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

cc: James E. O'Neill, Esquire[2]

---

[2] Counsel shall serve a copy of this Order and the accompanying Opinion upon all interested parties and file a Certificate of Service with the Court.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,[1]<br><br>Reorganized Debtors. | Chapter 11<br>(Jointly Administered)<br><br>Case No. 01-01139 (KJC)<br>(D.I. 31812) |

## OPINION[2]

### BY: KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

On May 29, 2008, Judge Fitzgerald, once designated as a visiting judge in this district, issued a Memorandum Opinion and Order (the "May 2008 Decision")[3] denying Anderson Memorial Hospital's ("AMH") Motion for Class Certification. Before the Court is the AMH's Motion to Alter or Amend that Order (D.I. 31812). For the reasons that follow, I will deny AMH's Motion without prejudice and order the parties to mediation.[4]

### BACKGROUND

In 2001, W.R. Grace & Co., et al. ("Grace") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. In 2002, Judge Fitzgerald issued a bar date order (D.I. 1960), fixing March 31, 2003, as the deadline to file all present asbestos property damage claims ("Asbestos PD Claims"). Prior to the bar date, AMH filed an individual Asbestos PD proof of

---

[1] The Reorganized Debtors are W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc. or "Grace") and W.R. Grace & Co.-Conn. ("Grace-Conn.").

[2] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and § 157(a). This contested matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (B).

[3] In re W.R. Grace & Co., 389 B.R. 373 (Bankr. D. Del. 2008), D.I. 18821.

[4] Upon Judge Fitzgerald's retirement from the Bench, this case was assigned to the undersigned. By Order dated August 16, 2016 (D.I. 32763), this case, among others, was transferred to Judge Gross. By Order dated August 17, 2016 (D.I. 32764), Judge Gross directed that matters I was holding under advisement at the time of reassignment would remain with me until disposition.

claim and two class proofs of claim, one for South Carolina building owners and one for claimants without geographic specification, whose buildings are allegedly contaminated with asbestos.[5] In October 2005, AMH filed a Motion for Class Certification (D.I. 10014), which Judge Fitzgerald denied with prejudice in the May 2008 Decision. Judge Fitzgerald ruled that AMH's putative class did not meet the Rule 23(a) numerosity requirement and Rule 23(b) superiority requirement.[6] AMH's motion to the district court to grant leave to appeal was denied,[7] and the U.S. District Court for the District of Delaware subsequently denied AMH's motion to reconsider its decision.[8] The Third Circuit declined to review the district court's denial to grant leave to appeal because it did not have jurisdiction to review the district court's discretionary review of a bankruptcy judge's interlocutory order.[9] Judge Fitzgerald confirmed Grace's chapter 11 plan (the First Amended Joint Plan, or "Plan")[10] in January 2011 (the "Confirmation Order," D.I. 26155), which was affirmed by the district court in 2012 and by the Third Circuit in 2013.[11] The Plan became effective in February 2014 (the "Effective Date").

AMH filed the instant motion to alter or amend the May 2008 Decision denying class certification and to grant discovery on numerosity of the putative class. A hearing was held on the motion on April 15, 2015. I issued an order on May 5, 2015, denying AMH's discovery request and directing the parties to submit briefs on the class certification issue (D.I. 32560). A second hearing was held on June 15, 2016. AMH seeks to include in its class anyone who has not

---

[5] AMH's Mot. to Alter or Amend 13-14, D.I. 31812.
[6] *In re W.R. Grace & Co.*, 389 B.R. at 376, 378-79.
[7] *In re W.R. Grace & Co.*, 2008 WL 4234339 (D. Del. Sept. 4, 2008).
[8] *In re W.R. Grace & Co.*, 398 B.R. 368 (D. Del. 2008).
[9] *In re W.R. Grace & Co.*, No. 08-4829, Doc. No. 00319944293 (3d Cir. Nov. 5, 2009).
[10] D.I. 20666. Throughout, I will refer to the page numbers of the Plan itself.
[11] *In re W.R. Grace & Co.*, 446 B.R. 96 (Bankr. D. Del. 2011), *aff'd* 475 B.R. 34 (D. Del. 2012), *aff'd* 729 F.3d 332 (3d Cir. 2013).

filed an Asbestos PD Claim by the bar date, either because of neglect, lack of actual notice, or because their claim has not yet accrued.[12]

## DISCUSSION

Two issues are before the Court: the first is whether the Plan and the Case Management Order for Class 7A Asbestos PD Claims ("PD CMO") attached to the plan bar AMH from having its denial of class certification reconsidered. The second is whether AMH has made a satisfactory showing for reconsideration of the May 2008 Decision under the appropriate legal standard.

**(a) The Plan and PD CMO**

The PD CMO (D.I. 20668-25) was attached to the Plan, but was updated shortly before the Plan became effective in February 2014 (D.I. 31657-24), to account for the passage of time. The original and the updated version are almost identical, with updates to reflect only the change of presiding judge and the resolution of claims within that period.[13] According to the Plan, the PD CMO is defined as "Exhibit 25 of the Exhibit Book,"[14] and the Exhibit Book is defined as "exhibits to the Disclosure Statement, the Plan, and/or other Plan Documents."[15] According to the PD CMO, "[it] provides procedures for the resolution of *all* Class 7A Asbestos PD Claims (other than Class 7A Asbestos PD Claims that have been Allowed as of the Effective Date),"[16]

---

[12] *See* AMH Mot. for Class Certification 2; AMH Mot. to Alter or Amend 4-5; AMH's Reply Br. for Mot. to Alter or Amend 3-5, D.I. 32503; AMH's Reply Br.to Grace's Resp. 2, D.I. 32671. AMH has changed the definition of its proposed class a few times, but, consistent with its explanation in the briefs and at oral argument, it seems to be seeking a class including: (1) "Accrued Claims," which are supposedly claims that were not filed before the bar date; (2) "Gap Claims," which are supposedly claims that accrued post-petition, but pre-confirmation; and (3) "Future Claims," which are supposedly claims that do not accrue until after confirmation.
[13] For the remainder of this opinion, I will refer solely to pages of the updated PD CMO, D.I. 31657-24.
[14] Plan 19-20.
[15] *Id.* at 24.
[16] PD CMO 1 (emphasis added).

-3-

namely all unresolved Asbestos PD Claims.

Section I of the PD CMO outlines the adjudication procedure for Asbestos PD Claims filed before the bar date and Section II outlines the adjudication procedure for Asbestos PD Claims filed after the bar date.[17] As AMH filed its individual and class claims before the bar date and those claims remain unresolved, AMH claims fall within Section I. Section I provides:

> I.  The procedures with respect to Class 7A Asbestos claims filed prior to the March 2003 Bar Date shall be as follows:
>     A. Unresolved Asbestos PD Bar Date Claims, other than Asbestos PD Claims (i) which have been disallowed and/or expunged, and for which the Holders of such Asbestos PD Claims have filed appeals, which appeals are pending as of the Effective Date; or (ii) as to which class certification has been denied and an appeal from such denial of class certification is pending as of the Effective Date will be adjudicated in accordance with Amended Order Setting Various Deadlines Regarding Objections to Class 7A Asbestos Property Damage ("PD") Claims . . . .
>     B. With respect to any and all Class 7A Asbestos PD Claims which were filed as of the March 2003 Bar Date and (i) which have been disallowed and/or expunged by the Bankruptcy Court and for which the Holders of such Asbestos PD Claims have filed appeals, which appeals are pending as of the Effective Date; or (ii) as to which class certification has been denied and an appeal from such denial of class certification is pending as of the Effective date:
>         1. The appeals shall proceed to completion.
>         2. The Anderson Memorial class claims (Nos. 09911 and 09914) shall remain inactive unless and until there is a final, appealable order with respect to the Anderson Memorial individual claim (No. 011008).
>         3. Claims for which appeals are successful, resulting in reversal of the Bankruptcy Court order(s) disallowing and expunging the claims . . . or denying class certification, shall be remanded to the Bankruptcy Court . . . .[18]

---

[17] *Id.* at 1-6.
[18] *Id.* at 1-2.

Section II of the PD CMO then provides the procedures for Unresolved Class 7A Asbestos PD Claims other than those in Section I, namely those filed after the bar date.[19] Section II claimants must file a proof of claim with the Asbestos PD Trust and include information about circumstances related to excusable neglect.[20] Notably, Section II stipulates that class action claims "shall *not* be permitted" for post-bar date claims.[21] However, neither the original PD CMO nor the updated PD CMO was signed by the Court. At the June 15, 2016, hearing, the parties provided no explanation as to why this was the case.[22]

AMH makes three arguments about why the Plan or the PD CMO does not bar its instant motion. First, AMH argues that the PD CMO was never entered by the Court apart from its inclusion in the plans, and thus is not binding. Second, AMH argues that its claims do not fall within subsection B of Section I because, as the Third Circuit declined to review the district court's discretionary decision in 2009, AMH's appeal for its denial of class certification was no longer "pending" by the February 2014 Effective Date. Third, AMH argues that the PD CMO is merely a sequencing and scheduling order that can still be amended by the Court at this time.

In response, Grace argues that, first, even though the PD CMO was not signed, it was effectively entered because the language in the Plan and the Certification Order makes the PD CMO part of the Plan. Therefore, the PD CMO became binding on the parties when the Plan was confirmed and became effective. Grace points to the following language in the Plan and the Confirmation Order for support: (1) Plan § 1.4 provides that "Each of the Plan Documents is an

---

[19] *Id.* at 2.
[20] *Id.* at 2-6.
[21] *Id.* at 5 (emphasis added).
[22] 6/15/16 Tr. 34:20-35:6, 47:3-6, D.I. 32707.

integral part of this Plan and is hereby incorporated by reference and made a part of this Plan";[23] (2) the "Plan" is defined as "the First Amended Joint Plan of Reorganization . . . *and the exhibits and schedules to the foregoing*";[24] (3) "Plan Documents" is defined as "the Plan, the Exhibit Book, the Disclosure Statement, *all exhibits in the Exhibit Book*, and the Plan Supplement,"[25] which includes Exhibit 25, the PD CMO; and (4) the Confirmation Order provides that "the Plan . . . *and all exhibits* and schedules thereto as amended to the date hereof are CONFIRMED *in each and every respect*."[26] Grace argues that, because Section II provides that no class action is permitted for post-bar date claims, AMH is barred from including post-bar date claimants in its class. In response to AMH's second argument, that its claims do not fall within Section I.B. of the PD CMO, Grace argues that AMH's appeal of the order denying the Motion for Class Certification is "still pending." In support of this argument, Grace cites to relevant language in the Plan Documents and to Black's Law Dictionary for an expansive definition of the word "pending." Grace argues that because an action is pending from its inception until the final judgment, and there has been no final judgment, only interlocutory orders, on AMH's motion for class certification, AMH's appeal is still "pending." Finally, as to AMH's third argument, Grace argues that the procedures set forth in the PD CMO are integral to the Plan because they help achieve equality and fairness between different claimants, and that, unlike dates set for an oral argument or other court proceedings that are subject to scheduling changes, the procedures in the PD CMO cannot be altered after plan confirmation.

---

[23] Plan 41-42.
[24] *Id.* at 31 (emphasis added).
[25] *Id.* (emphasis added).
[26] Confirmation Order 9 (emphasis added).

Grace's argument is persuasive. The Plan and the Confirmation Order, in their relevant parts cited above, clearly contemplate the PD CMO as an integral part of the Plan. The Plan, with the PD CMO as an exhibit, was affirmed by the district court and the Third Circuit, became effective in February 2014 and is binding on AMH. Therefore, pursuant to Section II of the PD CMO, AMH should not be permitted to initiate a class action for PD claimants who did not file their claims by the bar date.

Further, Section I.B.2 of the PD CMO specifically discusses AMH's claims: AMH's class claims "shall remain inactive unless and until there is a final, appealable order with respect to [AMH's] individual claim."[27] While I do not find Grace's interpretation of the word "pending" persuasive, I find the above language to be highly significant. To the contrary of what AMH argues, the PD CMO is much more than a sequencing and scheduling order; it provides the mechanism for ongoing adjudication of unresolved PD Claims after plan confirmation and has significant implications to the estate. As part of the Plan that was confirmed, affirmed, and became effective, AMH is bound by the PD CMO to adjudicate its individual claim before commencing its class claims.

**(b) Motion to Reconsider**

Putting aside whether the PD CMO is part of the Plan that bars AMH from including post-bar date claims in its class, AMH did not offer sufficient evidence or reason for this Court to alter or amend Judge Fitzgerald's May 2008 Decision denying class certification. AMH's motion to alter or amend class certification under Fed. R. Civ. P. 23(c)(1)(C) is inherently a motion to reconsider the May 2008 Decision.

---

[27] PD CMO 2.

-7-

Fed. R. Civ. P. 59, as made applicable by Fed. R. Bankr. P. 9023, governs motions for reconsideration. A motion to alter or amend a judgment under Rule 59(e) must be grounded upon: "(1) an intervening change in controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct clear error of law or to prevent manifest injustice."[28] A party may not relitigate issues the Court has already decided, nor should parties make additional arguments which should have been made prior to judgment.[29] As a result, "finality of judgment and conservation of judicial resources dictate that Rule 59(e) [motions] be sparingly granted."[30]

AMH makes a host of arguments about factual and legal errors that Judge Fitzgerald made and subsequent developments after the May 2008 Decision, which allegedly warrant its reconsideration.[31] AMH's main arguments are that, first, the Third Circuit's *Frenville* reversal and the U.S. District Court for the District of Delaware's decision in *California Department of General Services* created thousands of present PD claimants in need of representation. Second, AMH argues that Judge Fitzgerald mistakenly believed that there was sufficient notice to PD

---

[28] *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).
[29] *See Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994); *see also Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (holding that a motion for reconsideration based upon a new, alternate theory was "a classic attempt at a 'second bite at the apple'").
[30] *Skretvedt v. E.I. DuPont de Nemours & Co.*, 2009 WL 1649495, at *2 (D. Del. June 12, 2009) (citing *Pa. Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp. 522, 524 (E.D. Pa. 1992)).
[31] In addition to AMH's main arguments, I also considered AMH's other arguments. First, AMH argues that Judge Fitzgerald mistakenly believed that class membership was limited to those who filed individual claims. This alleged legal error does not warrant reconsideration because AMH already had the opportunity to raise this argument in its original motion for class certification. *See* AMH's Final Br. in Supp. of Class Certification for the Worldwide Class 8, D.I. 16530. Second, AMH argues that Grace admitted that class membership is not limited to those who filed individual claims in its brief. To the contrary, AMH misinterpreted Grace's brief; Grace was distinguishing that position rather than supporting it. *See* Grace's Br. in Opp'n to AMH's Mot. to Reconsider Denial of Mot. for Leave to Appeal 11, *In re W.R. Grace & Co.*, 398 B.R. 368 (D. Del. 2008) (No. 08-110), D.I. 13. Third, AMH argues that Judge Fitzgerald mistakenly believed that AMH's motion for class certification was untimely because AMH did not file the motion until after it filed the class claims. Regardless of the accuracy of this argument, Judge Fitzgerald based the May 2008 Decision on the merits of numerosity and superiority, not on the (un)timeliness of the motion. Fourth, AMH argues that Judge Fitzgerald's appointment of a Property Damage Future Claimants Representative evidences a correction of her own previously mistaken belief that there are no such thing as future claims. AMH's citations to relevant parts of the record do not indicate Judge Fitzgerald believed that there were no future claims.

claimants, but that there was not because Grace did not give the claimants actual notice. Third, AMH argues that PD claimants are treated unequally compared to Zonolite Attic Insulation (or "ZAI," another type of Grace product) claimants, because a ZAI class was certified without a bar date. Fourth, plan confirmation presents "an entirely new landscape" because class certification at this point would no longer prolong the case.

The first three arguments rehash prior arguments that were considered and denied by either Judge Fitzgerald, the district court, or the Third Circuit. The last argument is not a sufficiently significant development to warrant reconsideration of the May 2008 Decision. Therefore, AMH's motion to alter or amend the May 2008 Decision will be denied.

First, AMH argues that, due to the reversal of *Frenville*,[32] the Plan does not discharge Gap Claims,[33] and that, absent certification of the AMH class, Gap Claimants with unaccrued claims at the time of bar date are subject to insufficient due process. The Third Circuit already addressed this argument, ruling that "AMH does not contend that its due process rights have been violated by the Plan, nor could it," and that it lacked standing to raise due process concerns for Gap Claimants because "litigants in federal court are [generally] barred from asserting the constitutional rights of others."[34] Additionally, AMH argues that the district court decision *Cal.*

---

[32] *Avellino & Bienes v. M. Frenville Co., Inc. (In re M. Frenville Co., Inc.)*, 744 F.2d 332, 337 (3d Cir. 1984) (holding that a claim does not arise until a right to payment arises under state law), *overruled by Jeld-Wen, Inc. v. Van Brunt (In re Grossman's Inc.)*, 607 F.3d 114, 125 (3d Cir. 2010) (holding that a claim arises when an individual is exposed *pre-petition* to a product or other conduct giving rise to an injury, which underlies a "right to payment."); *see also Wright v. Owens Corning*, 679 F.3d 101, 109 (3d Cir. 2012) (expanding *Grossman's* determination of when a claim arises to include "post-petition, pre-confirmation exposure to a debtor's conduct or product...."). I have previously addressed this line of cases in *In re New Century TRS Holdings*, 2013 WL 5231456, at *11-14 (Bankr. D. Del. Sept. 17, 2013).
[33] *See supra* note 12.
[34] *In re W.R. Grace & Co.*, 729 F.3d 332, 340 n.5 (3d Cir. 2013) (quoting *In re PWS Holding Corp.*, 228 F.3d 224, 248 (3d Cir. 2000)).

*Dep't of Gen. Servs.*,[35] released after the May 2008 Decision, is a change in controlling law that warrants reconsideration of that decision. Although the district court disagreed with Judge Fitzgerald's reasoning in ruling that the statute of limitations does not run until there is actual contamination,[36] Judge Fitzgerald had already considered this possibility and assumed AMH's contention to be accurate at the time of the May 2008 Decision.[37] Therefore, neither the *Frenville* reversal nor the *Cal. Dep't of Gen. Servs.* decision qualifies as a change in law that merits reconsideration because AMH has previously raised and lost these arguments.

Second, AMH argues that Judge Fitzgerald made a factual error in believing that there was sufficient notice to PD claimants, whereas, in reality, Grace did not give the claimants actual notice. This exact argument was raised by AMH when it sought leave to appeal the denial of class certification to the district court and the district court already held the bar date notice program to be sufficient and appropriately executed.[38]

Third, AMH argues that PD claimants are treated unequally compared to ZAI claimants, because a ZAI class was certified without a bar date but the PD class was not certified and is subject to the bar date. The Third Circuit, in affirming Grace's Plan in 2013, already rejected AMH's argument about unequal treatment. The court held that that the distinction between

---

[35] *Cal. Dep't of Gen. Servs. v. W.R. Grace & Co. (In re W.R. Grace & Co.)*, 418 B.R. 511 (D. Del. 2009).
[36] *Id.* at 532.
[37] Judge Fitzgerald wrote, "we note that in the statute of limitations context S[peights] & R[unyan] on behalf of its claimants has repeatedly asserted that until there is actual appreciable injury the statute of limitations does not begin to run. *Assuming without deciding*, that the proposition is correct, for such a determination, essentially a building by building analysis would have to be made which weighs against a finding of common issues of fact." *In re W.R. Grace & Co.*, 389 B.R. 373, 376 n.7 (Bankr. D. Del. 2008) (emphasis added).
[38] *See In re W.R. Grace & Co.*, 398 B.R. 368, 374 (D. Del. 2008). "Notice was provided to property damage claimants, and actual notice was given to '200,000 known asbestos claimants.'" *Id.* "Notified property damage claimants included 'all named parties to the handful of property damage cases pending when Grace filed its bankruptcy petition, and all known personal injury and property damage lawyers.'" *Id.* (quoting *Mission Towers v. W.R. Grace, et al.*, 2007 WL 4333817, at *1 (D. Del. Dec. 6, 2007). "This Court has previously determined that publication notice was appropriate." *Id.* (citing *Mission Towers*, 2007 WL 4333817, at *4).

treatment of AMH Class 7A PD Claims and treatment of ZAI claims was "immaterial," because ZAI claims are in a different class—Class 7B.[39]

Finally, AMH argues that circumstances have changed now because Grace's Plan has been confirmed and Judge Fitzgerald's concern that class certification would "needlessly prolong" the case no longer exists. Notably, this was only a secondary consideration for Judge Fitzgerald.[40] The May 2008 Decision denying AMH's class certification was based primarily upon the absence of numerosity, which Judge Fitzgerald found to be dispositive.[41] Judge Fitzgerald went on to "further illustrate the impropriety and inadvisability of certifying a class" by concluding that the Rule 23(b) requirement of superiority was also absent.[42] As all class certifications need to satisfy both Rule 23(a) and 23(b) requirements,[43] her decision was sufficiently grounded in the absence of numerosity and superiority. Therefore, AMH's argument about the change of circumstances does not warrant reconsideration of her decision.

## CONCLUSION

For the reasons set forth above, I conclude that the Case Management Order for Class 7A Asbestos P[roperty]D[amage] Claims is part of Grace's Plan, which has been confirmed and affirmed by the district court and the Third Circuit. AMH is bound by the PD CMO to adjudicate its individual claim before commencing its class claims, and is barred from including post-bar

---

[39] *See In re W.R. Grace & Co.*, 729 F.3d at 345.
[40] *See In re W.R. Grace & Co.*, 389 B.R. at 380. "*Additionally*, the motion for class certification proposes opt-out election which . . . would defeat the purpose of certifying a class in the context of this case." *Id.* (emphasis added) "*Finally*, certification of the class would needlessly prolong this case . . . ." *Id.* (emphasis added).
[41] *Id.* at 376 ("With respect to Rule 23(a), we address only numerosity as we find that to be dispositive."). AMH also recognizes that numerosity was the basis of her ruling. 6/15/16 Tr. 40:1-2 ("[I]t's clear that her ruling was based on numerosity. . . . [T]hat's almost her exact words.").
[42] *In re W.R. Grace & Co.*, 389 B.R. at 378.
[43] *See* Fed. R. Civ. P. 23(a) and (b).

-11-

date claims in its class action. Further, AMH's arguments regarding the change in controlling law as well as perceived factual and legal errors do not warrant reconsideration of Judge Fitzgerald's May 2008 Decision because they are a combination of previously lost arguments and subsequent, but not sufficiently material, developments after the decision. The Motion to Alter or Amend Order Denying Class Certification will be denied.

An appropriate Order follows.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT

Dated: August 25, 2016