**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | |
| ACandS, Inc. | Case No. 02-12687 (Rel. Dkt. No. 3751) |
| Armstrong World Industries, Inc. | Case No. 00-4471 (Rel. Dkt. No. 10813) |
| Combustion Engineering, Inc. | Case No. 03-10495 (Rel. Dkt. No. 3502) |
| The Flintkote Company | Case No. 04-11300 (Rel. Dkt. No. 9338) |
| Kaiser Aluminum Corp. | Case No. 02-10429 (Rel. Dkt. No. 10351) |
| Owens Corning | Case No. 00-3837 (Rel. Dkt. No. 21106) |
| US Mineral Products Company | Case No. 01-2471 (Rel. Dkt. No. 4094) |
| USG Corp. | Case No. 01-2094 (Rel. Dkt. No. 12711) |
| W.R. Grace & Co. | Case No. 01-1139 (Rel. Dkt. No. 32718) |
| Debtors. | |
| | **Objection Deadline: January 13, 2017, at 4:00 p.m. (ET)** |
| | **Hearing Date: January 27, 2017, at 10:00 a.m. (ET)** |

**JOINT MOTION OF THE NARCO TAC AND THE FCRS
TO RECONSIDER, OR VACATE, CORRECTING ORDER**

The North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee (the "**NARCO TAC**"), James J. McMonagle, the Future Claimants' Representative for The Flintkote Asbestos Trust, and Lawrence Fitzpatrick, the Future Claimants' Representative for the North American Refractories Company Asbestos Personal Injury Settlement Trust (collectively, the "**FCRs**" and, together with the NARCO TAC, the "**Movants**"), hereby submit this motion (the "**Motion**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, reconsidering, or vacating, the Court's *Correcting Order* (the "**Correcting Order**").[1] In support of this request, the Movants state as follows:

---

[1] The Correcting Order was filed in: Case No. 02-12687 at Docket No. 3833; Case No. 00-04471 at Docket No. 10898; Case No. 03-10495 at Docket No. 3596; Case No. 04-11300 at Docket No. 9423; Case No. 02-10429 at Docket No. 10437; Case No. 00-03837 at Docket No. 21196; Case No. 01-02471 at Docket No. 4180; Case No. 01-02094 at Docket Ano. 12796; and Case No. 01-01139 at Docket No. 929598.

1

## PRELIMINARY STATEMENT [2]

1.      The Movants respectfully submit that the Court erred in entering the Correcting Order in three respects.  First, because Honeywell had already filed Notices of Appeal, jurisdiction over matters related to the November 8 Order was properly with the District Court.  Second, the Court has no evidence that appropriately redacted copies of the Rule 2019 Exhibits are available from either the North Carolina Court or the Pennsylvania Court, which is a critical gating issue for the relief granted in the Correcting Order.  And third, eliminating the Movants' right to participate in the redaction and production process, granted under the November 8 Order, unfairly impacts the Movants and their constituents.  Thus, the Correcting Order should be vacated.

## BACKGROUND

2.      On November 8, 2016, this Court entered an opinion and order (the "**November 8 Order**")[3] granting in part and denying in part motions for access to certain Rule 2019 Exhibits filed by Honeywell International, Inc. ("**Honeywell**") and Ford Motor Company ("**Ford**").  The November 8 Order granted Honeywell and Ford access to the Rule 2019 Exhibits, but did so subject to certain restrictions and only after the Rule 2019 Exhibits had undergone a mandatory review and redaction process.  Among other things, the November 8 Order also provided that parties to the motions, including Honeywell, Ford, and the NARCO TAC would nominate a "facilitator" to supervise the review and redaction process.  The November 8 Order also provided that Honeywell and Ford would bear the costs of the review and redaction process.

---

[2]     Capitalized terms used but not defined in the Preliminary Statement shall have the meanings ascribed to them below.

[3]     The November 8 Order was entered in: Case No. 02-12687 at Docket No. 3810; Case No. 00-04471 at Docket No. 10876; Case No. 03-10495 at Docket No. 3562; Case No. 04-11300 at Docket No. 9389; Case No. 02-10429 at Docket No. 10415; Case No. 00-03837 at Docket No. 21173; Case No. 01-02471 at Docket No. 4159; Case No. 01-02094 at Docket No. 12774; and Case No. 01-01139 at Docket No. 32788.

3. On November 22, 2016, Honeywell and Ford filed notices appealing the November 8 Order to the District Court (the "**Notices of Appeal**").[4] In addition, on November 23, 2016, Honeywell filed the *Motion of Honeywell International Inc. for Stay Pending Appeal* (the "**Stay Motion**"),[5] seeking to stay the November 8 Order pending the District Court's adjudication. In the Stay Motion, Honeywell indicated its intention to argue on appeal that it should not be required to pay for the Rule 2019 Exhibits to be copied and redacted because redacted exhibits were readily available from the United States Bankruptcy Court for the Western District of North Carolina (the "**North Carolina Court**"). *See* Stay Motion ¶¶ 8-9. According to Honeywell, granting a stay of the November 8 Order would prevent Honeywell from incurring costs that could ultimately prove unnecessary if Honeywell were to prevail on appeal. *See* Stay Motion ¶¶ 9, 17.

4. Honeywell provided no evidence for its assertion that it could readily obtain properly redacted exhibits. In fact, Mr. Schieneman specifically explained to the Court that he "didn't get a chance," given the time pressures in *Garlock*, to "make sure that the redaction was actually on every single document." Hr'g Tr. 30:16-18, Oct. 14, 2016; *see also* Hr'g Tr. 65:25-66:6, Oct. 14, 2016 (Maclay) ("I can tell Your Honor that in my capacity as an attorney in the Garlock case I have seen some of the 2019s and I can confirm Judge – Mr. [Schieneman's] concern that documents did get through that process that contained information that was not

---

[4]   The Notices of Appeal were filed in: Case No. 02-12687 at Docket Nos. 3814 and 3815; Case No. 00-04471 at Docket Nos. 10880 and 10881; Case No. 03-10495 at Docket Nos. 3566 and 3567; Case No. 04-11300 at Docket Nos. 9402 and 9403; Case No. 02-10429 at Docket Nos. 10419 and 10420; Case No. 00-03837 at Docket Nos. 21177 and 21178; Case No. 01-02471 at Docket Nos. 4163 and 4164; Case No. 01-02094 at Docket Nos. 12778 and 12779; and Case No. 01-01139 at Docket Nos. 32793 and 32794.

[5]   The Stay Motion was filed in: Case No. 02-12687 at Docket No. 3820; Case No. 00-04471 at Docket No. 10886; Case No. 03-10495 at Docket No. 3573; Case No. 04-11300 at Docket No. 9409; Case No. 02-10429 at Docket No. 10424; Case No. 00-03837 at Docket No. 21184; Case No. 01-02471 at Docket No. 4168; Case No. 01-02094 at Docket No. 12784; and Case No. 01-01139 at Docket No. 929583.

supposed to be in them including both social security numbers in full as well as unfortunately medical records . . . .").

5.  On December 1, 2016, the Court entered the Correcting Order. The Correcting Order states that the Court believes it erred when it found that Honeywell and Ford must "bear the cost of the facilitator and copying of the Rule 2019 Exhibits" because the 2019 Exhibits were previously reviewed and redacted "under the supervision of Karl Schieneman" and those redacted versions are already "in the custody of the Bankruptcy Court for the Western District of Pennsylvania." Correcting Order at 1.

6.  Based on this perceived error, the Court altered the November 8 Order in a number of ways. The Correcting Order rescinded the rights of the parties under the November 8 Order to confer and nominate a facilitator. Instead, the Correcting Order names Mr. Schieneman as the facilitator. *Id.* at 2.

7.  Further, rather than having the Rule 2019 Exhibits undergo a review and redaction process, the Correcting Order offers a truncated process by which Mr. Schieneman has the discretion to suggest "adjustments" to the purportedly extant redacted versions of the Rule 2019 Exhibits. *Id.* at 1. Also, the Correcting Order states that Honeywell and Ford will not be required to bear the costs of this new process; however, the Correcting Order does not indicate how those costs will be paid or who will pay them. *Id.* at 1-2.

### BASIS FOR RELIEF

8.  This Court has the jurisdiction and authority to grant this Motion under Federal Rule of Civil Procedure 59(e), which is made applicable to bankruptcy matters by Federal Rule of Bankruptcy Procedure 9023. *See Troisio v. Erickson (In re IMMC Corp.)*, No. 08-11178 (KJC), 2015 WL 6684638, at *1 (Bankr. D. Del. Oct. 30, 2015). The Court should exercise its

discretion to grant such a motion where, as here, doing so is necessary "to correct a clear error of law or fact or to prevent manifest injustice." *Town of Georgetown v. David A. Bramble, Inc.*, No. 15-554-SLR, 2016 WL 2771125, at *1 (D. Del. May 13, 2016). Similarly, Federal Rule of Civil Procedure 60, made applicable to these proceedings by Bankruptcy Rule 9024, permits the Court to relieve a party from a judgment, order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). *See In re Woods*, 173 F.3d 770, 780 (10th Cir. 1999) (describing Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case" (citations omitted)).

## ARGUMENT

**I.   After Honeywell Filed the Notices of Appeal, the Court No Longer Had Jurisdiction to Enter the Correcting Order.**

9.   Upon the filing of the Notices of Appeal on November 22, 2016, the District Court had sole jurisdiction over all matters related to the November 8 Order, and the Court was thus without jurisdiction to enter the Correcting Order.

10.   Under the Divesture Rule, "an appeal divests the lower court of any further jurisdiction over the subject of the appeal." *In re Wash. Mut., Inc.*, 461 B.R. 200, 217 (Bankr. D. Del. 2011), *vacated in part on other grounds by*, No. 08-12229 (MFW), 2012 WL 1563880 (Bankr. D. Del. Feb. 24, 2012). As the United States Supreme Court has explained, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the [appellate] court . . . and divests the [trial] court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Galope v. New Century Mortg. Corp. (In re New Century TRS Holdings, Inc.)*, No. 07-10416 (KJC), 2013 WL 5755058, at *3 (Bankr. D. Del. Oct. 16, 2013) (ruling that the court

lacked jurisdiction over claims because they fell within the same subject matter as an order on appeal before the District Court).[6]

11.    For example, in *In re Energy Future Holdings*, Judge Sontchi determined that the Court lacked jurisdiction to rule on a motion to vacate a judgment pending before the District Court on appeal. In that case, a creditor appealed an order concerning distributions under the debtors' plan, which had been confirmed but not yet gone effective. *Delaware Tr. Co. v. Wilmington Tr., N.A. (In re Energy Future Holdings Corp.)*, Case No. 14-10979 (CSS), 2016 WL 6808958, at *1 (Bankr. D. Del. Nov. 17, 2016). Thereafter, the plan became null and void, and a new plan was confirmed and consummated. *Id.* The creditor sought to vacate the order on appeal, given that the plan it related to was defunct. Judge Sontchi explained, however, that the court lacked jurisdiction to do so, even when the order at issue was moot: "this Court 'cannot vacate or modify an order which is on appeal.'" *Id.* at *1 & n.7 (quoting *Hagel v. Drummond (In re Hagel)*, 184 B.R. 793, 798 (B.A.P. 9th Cir. 1995) ("Even though a bankruptcy court has wide latitude to reconsider and vacate its own prior decisions, not even a bankruptcy court may vacate or modify an order while on appeal." (citation omitted))).

12.    Here, the relief granted in the Correcting Order concerns the same subject that is before the District Court on appeal—the Correcting Order was in fact explicit that it "amended" the November 8 Order. Correcting Order at 2. The Correcting Order also reversed the directive in the November 8 Order that Honeywell and Ford must bear the costs of redacting and copying

---

[6] Under Rule 60(a) of the Federal Rules of Civil Procedure, after the docketing of an appeal, the trial court may correct a clerical error in its order *only* "with the appellate court's leave." Fed. R. Civ. P. 60(a). Here, the District Court docketed the Notices of Appeal on November 24, 2016, six days before the Court entered the Correcting Order. *See, e.g.*, Notice of Docketing, *In re ACandS, Inc.*, Case No. 16-1078 (D. Del.), D.I. 2. And in any event, the amendments to the November 8 Order went beyond the correction of clerical mistakes. *Cf. Law Offices of William W. McVay v. Szeg*, Civil Action No. 06-704, 2006 WL 2850627, at *4 (W.D. Pa. Oct. 3, 2006) ("It would strain reason to find it 'apparent that the court intended one thing but by merely clerical mistake or oversight did another.'" (quoting *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668-69 (5th Cir. 1986)).

the Rule 2019 Exhibits: "There is no reason for Honeywell and Ford to bear the cost of the repeated reproduction of the Rule 2019 Exhibits." Correcting Order at 1-2. And yet the directive that Honeywell redo that process was one of the bases for Honeywell's appeal in the first place: "Honeywell intends to appeal the Access Orders on a number of grounds, including . . . the directive to re-do the redaction process." Stay Motion ¶ 9. Thus, the subject of the Correcting Order is currently the subject of Honeywell's appeal, and the Court lacked jurisdiction to enter that order.

## II. The Stay Motion Did Not Provide a Proper Basis for the Relief Granted in the Correcting Order.

13. The Correcting Order lacks foundation in two key respects. First, although the Correcting Order suggests that it was based on Honeywell's Stay Motion, which "pointed out an error" in the November 8 Order, the Stay Motion in fact made no mention of the Pennsylvania Court discussed in the Correcting Order. Correcting Order at 1. Rather, the idea that the Rule 2019 Exhibits are available from the Pennsylvania Court appears to come from an unproved assertion by Karl Schieneman that he had previously submitted one set of Rule 2019 Exhibits to Garlock and then "sent one set back to the court in the Western District of Pennsylvania Bankruptcy Court to retain." Hr'g Tr. 29:2-5, Oct. 14, 2016. However, the Movants have not had any opportunity to test or confirm that assertion, which was not offered as evidence or established as a fact, and which contradicts the Movants' prior understanding. *See, e.g.*, Hr'g Tr. 72:8-11, Oct. 14, 2016 (Maclay) ("It is in another court apparently, the Western District of Pennsylvania. I don't know if that's frankly true or not, Your Honor, but at least that's been asserted."). Whether or not there are properly redacted versions is a critical threshold issue, and neither Honeywell nor Ford has offered any evidence that such versions in fact exist. The

foundation for the relief granted in the Correcting Order is thus uncertain, and could suffer from a possible mistake of fact.

14.     Second, if Honeywell wants to be able to use the Rule 2019 Exhibits prepared in connection with the Garlock matter, it should make that request formally, not through an oblique reference in a Stay Motion seeking unrelated relief, and afford the Movants an opportunity to respond.  The Movants have not had any opportunity to test Honeywell's claims or to ensure that whatever Rule 2019 Exhibits may have been prepared in connection with the Garlock bankruptcy adequately protect the Movants' constituents and comply with the procedures imposed in these cases.  Honeywell has not in any event asked the Court to adjudicate its unsubstantiated claims—quite the contrary, Honeywell indicated that it intended to present the issue to the District Court for consideration in the first instance.  Accordingly, Honeywell's Stay Motion does not warrant the relief that the Correcting Order granted.

### III.    Even If the Court Had Authority To Enter the Correcting Order, It Should Nonetheless Be Vacated.

15.     The Movants and their respective constituents, and the Court itself, have a significant interest in appropriate redactions being made to any Rule 2019 Exhibits that are provided to Honeywell, Ford, or anyone else.  To address this interest, the November 8 Order provided for the Rule 2019 Exhibits to undergo a review and redaction process before ever being distributed to Honeywell or Ford.  Further, the November 8 Order provided the Movants with the right to meaningfully participate in that process.  The Correcting Order removes that right.

16.     The November 8 Order provided the Movants with the ability to nominate, or work with other parties to nominate, a satisfactory facilitator.  This provided the Movants with the opportunity to nominate a facilitator based not only on his or her qualifications, but also, for example, on the methods that he or she would employ in the review and redaction process to

protect against errors. Thus, this right provided the Movants with some ability to, at least, be heard on how the review and redaction process would be shaped to ensure that the data of their constituents is properly protected.

17. The Correcting Order deletes that right by selecting Mr. Schieneman as facilitator. That is not to say that Mr. Schieneman is necessarily unacceptable to the Movants; the unfairness comes from the Movants being shut out from any role in shaping the review and redaction process, while Honeywell and Ford—who have no interest in appropriate redaction, but rather only in obtaining the Rule 2019 Exhibits as quickly as possible—have the facilitator installed that they effectively nominated at the October 14, 2016, hearing. *See* Hr'g Tr. 28:1-9, Oct. 14, 2016. (Honeywell's counsel endorsing Mr. Scheineman).

18. Moreover, the Correcting Order's alterations to the review and redaction process offered in the November 8 Order appear to go farther. The November 8 Order promised a fresh review and redaction of the Rule 2019 Exhibits before they could ever be distributed to Honeywell and Ford. This provided some comfort to the Movants and their respective constituents, given that a previous review and redaction process overseen by Mr. Schieneman was, by Mr. Schieneman's admission, rushed and incomplete. *Id.* at 30:16-18 ("But what we didn't get a chance to do under the incredible time pressures we had was make sure that the redaction was actually on every single document."). And this issue is of critical importance to the Movants' constituents. *See, e.g.*, *id.* at 65:20-66:9 (NARCO TAC's counsel discussing serious failures with the previous redaction process).

19. The Correcting Order removes any requirement for a new review and redaction process and instead requires the Movants to rely on the results of Mr. Schieneman's previous redaction process. But, the Court has no way to assess that previous process. The Court has not

been briefed on the successes and failures of that process, nor did the Court have any oversight or input into that process. Indeed, the only information about this previous redaction process is that it was incomplete.

20. Moreover, the Correcting Order removes any means of compensating Mr. Schieneman for his work should he ultimately undertake the role of facilitator. It is certainly possible that the removal of any funding for whatever process Mr. Schienmann might undertake would result in an unjustified reliance on the previous, incomplete review and redaction process that Mr. Schieneman oversaw.

21. These are significant issues. The November 8 Order provided the Movants and their constituents with rights and procedures to help ensure the redaction of their legally protected personal information. Without notice, briefing, or hearing, the Correcting Order eliminated those rights. In doing so, the Correcting Order works a "manifest injustice" under the District Court's interpretation of Rule 59(e) of the Federal Rules of Civil Procedure and Bankruptcy Rule 9023 on the Movants and their constituents that independently justifies reconsidering, or vacating, the Correcting Order.

**CONCLUSION**

For the foregoing reasons, the Movants respectfully request that the Court grant the Motion and vacate the Correcting Order.

Dated: December 15, 2016

| | |
|---|---|
| */s/ Thomas H. Kovach* | */s/ Sharon M. Zieg* |
| Anthony M. Saccullo | James L. Patton, Jr. (No. 2202) |
| Thomas H. Kovach | Edwin J. Harron (No. 3396) |
| A. M. SACCULLO LEGAL, LLC | Sharon M. Zieg (No. 4196) |
| 27 Crimson King Drive | YOUNG CONAWAY STARGATT & |
| Bear, DE 19701 | TAYLOR, LLP |
| Telephone: (302) 836-8877 | Rodney Square |
| Facsimile: (302) 836-8787 | 1000 North King Street |
| E-mail: ams@saccullolegal.com | Wilmington, Delaware 19801 |
| | Telephone: (302) 571-6600 |
| -and- | Facsimile: (302) 571-1253 |
| | |
| Elihu Inselbuch | *Counsel to FCRs* |
| CAPLIN & DRYSDALE, CHARTERED | |
| 600 Lexington Avenue, 21st Floor | |
| New York, NY 10022 | |
| Telephone: (212) 379-6000 | |
| Facsimile: (212) 379-6001 | |
| E-mail: einselbuch@capdale.com | |

Ann C. McMillan, Esq.
Kevin C. Maclay, Esq.
Todd E. Phillips, Esq.
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW
Suite 1100
Washington, DC 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301
E-mail: amcmillan@capdale.com;
kmaclay@capdale.com;
tphillips@capdale.com

*Co-Counsel for the North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee*