# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| W. R. GRACE & CO., et al. ) | Chapter 11 |
| ) | |
| Reorganized Debtors. ) | Case No. 01-01139 (KG) |
| ) | (Jointly Administered) |
| ) | Re: Docket Nos. 32673, 32697, 32704, 32705, 32812 |
| ) | Hearing Date: November 30, 2016 |

## ORDER APPROVING REORGANIZED DEBTORS' MOTION TO ENFORCE DISCHARGE AND INJUNCTION OF PLUM CREEK TIMBER CO.'S CLAIM

This matter coming before the Court on the *Reorganized Debtors' Motion to Enforce Discharge and Injunction of Plum Creek Timber Co., L.P.'s Untimely Claim* (Dkt. No. 32673) (the "Motion"), which was filed in the above-captioned bankruptcy cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, and having heard the statements in support of the relief requested therein at a hearing before this Court on November 30, 2016 (the "Hearing"); and this Court having

determined that the legal and factual bases set forth in the Motion and in the *Reorganized Debtors' Reply in Support of the Motion* (Dkt. 32705) and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED** that:

(1)  The Motion is granted for the reasons stated in the December 28, 2016, *Opinion re Motion of the Reorganized Debtors to Enforce Discharge & Injunction of Plum Creek Timber Co.'s Claim* (Dkt. 32812); and

(2)  Plum Creek Timber Co.'s ("Plum Creek") June 7, 2010 proofs of claim against W. R. Grace & Co. - Conn. ("Grace-Conn.") and Kootenai Development Company ("Kootenai") [Nos. 18539 and 18540], June 30, 2010 amended proofs of claim against Grace-Conn. and Kootenai [Nos. 18541 and 18542],[1] and October 7, 2015 proof of claim filed with the W. R. Grace Class 7A Asbestos Property Damage Trust (collectively, the "Plum Creek Claims"), are disallowed, discharged, and expunged in their entirety; and

(3)  Plum Creek is permanently enjoined from prosecuting the Plum Creek Claims; and

(4)  Except as provided in this Order, nothing in this Order shall be deemed (i) a waiver of the right of the Reorganized Debtors[2] to dispute any Claim, as defined in 11 U.S.C.

---

[1]  As of June 7, 2010, Plum Creek was known as Plum Creek Timber Company, Inc. The June 7, 2010 proofs of claim were filed in the name of Plum Creek Timber Company, Inc. The June 30, 2010 amended proofs of claim were filed in the name of Plum Creek Timberlands, L.P.

[2]  Capitalized terms not defined herein shall have the meaning ascribed to them in the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010 [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

§ 101(5)(A), against any Debtor on any grounds whatsoever, at a later date, or (ii) a promise by or requirement of any Debtor to pay any Claim, or (iii) a waiver of any rights of the Reorganized Debtors under the Plan, the Bankruptcy Code, or any other applicable law; and

(5) The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and

(6) This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Wilmington, Delaware

Dated: January 10, 2017

_____
Honorable Kevin Gross
UNITED STATES BANKRUPTCY JUDGE

DOCS_DE:211750.1 91100/001