IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> W.R. GRACE & CO., *et al.*,[1] <br><br> Reorganized Debtors. | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 01-01139 (KG) <br> ) Jointly Administered <br> ) <br> ) |

**ORDER GRANTING NORFOLK SOUTHERN RAILWAY COMPANY'S CROSS-MOTION FOR SUMMARY JUDGMENT ALLOWING CLAIM NO. 7021**

Upon consideration of *Norfolk Southern Railway Company's Cross-Motion for Summary Judgment Allowing Claim No. 7021* (the "Cross-Motion") and *Norfolk Southern Railway Company's (I) Answering Brief in Opposition to Reorganized Debtors' Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 for Partial Allowance and Partial Disallowance of Claim No. 7021 and (II) Opening Brief In Support Of Norfolk Southern's Cross-Motion For Summary Judgment*; the Court having jurisdiction to consider the Cross-Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Cross-Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient appearing therefor, it is hereby ORDERED that:[2]

1. The Motion is granted in its entirety.

---

[1] The Reorganized Debtors are W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.")

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Cross-Motion.

PAC 1241537v.1

2.   Claim no. 7021 is Allowed in the amount of $1,568,660.01, and is disallowed in all other respects.

3.   The Reorganized Debtors are authorized to take all actions that may be necessary to pay the Allowed amount of the claim and to reflect such allowance, including but not limited to directing Rust Consulting, Inc., their claims agent, to update the claims register to reflect such allowance.

4.   Notice of the Cross-Motion shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

5.   The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the allowance of the Claims.

6.   This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2017

> Honorable Kevin Gross
> United States Bankruptcy Judge

PAC 1241537v.1