# EXHIBIT A

Form 626 (4-4-77)

THIS AGREEMENT, made between
SOUTHERN RAILWAY COMPANY, a Virginia corporation,

hereinafter styled COMPANY; and
~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~ (initials) 10/1/
W. R. Grace & Co., a Connecticut Corporation,
hereinafter styled LICENSEE;

### W I T N E S S E T H:

THAT the PARTIES HERETO agree as follows:

1. COMPANY, in consideration of the covenants of Licensee, hereby grants unto Licensee the right to occupy and use for the purpose or purposes hereinafter mentioned.

    A.   __One__   parcel(S) of the right of way or property of Company at __NATKA, South Carolina__, having an area of __13,193__ (square feet) ~~(acres)~~, more or less, the location and dimensions of which are substantially as shown in __blue__ outline on print of Drawing No. __TB-80-0185__, dated __June 27, 1980__, ~~revised xxx xxxxxxxxxxxxxx~~ xxxxxxxxxxxxxxxxxxxxxxxxxxxxx, hereunto annexed and made a part hereof; TOGETHER with the right to maintain thereon, at Licensee's sole cost and expense, a portion of an existing warehouse building, with two appurtenant overhead canopies, a shed, and a cyclone fence with two double swing gates therein, all located substantially as shown on said annexed print; which said warehouse building, canopies, shed, fence and gates shall not become fixtures upon the realty but shall remain the property of Licensee and shall be removed from the premises upon termination of this agreement. Said canopies and said shed being hereinafter sometimes together referred to as "Facility".

    ~~B. The _____ of Company, or use of _____ square feet, more or less, therein, at _____, the location and dimensions of said structure of Company or of the area therein to be occupied by Licensee hereunder, being substantially as shown in _____ outline on print of Drawing No. _____, dated _____, revised or last revised _____, hereunto annexed and made a part hereof; TOGETHER with the right~~

Company reserves unto itself, and its permittees, the permanent right to maintain, operate, renew or reconstruct upon, under or over said premises, any existing pipe, electric transmission, telephone, telegraph, and signal lines, or any other facilities of like character, Licensee hereby agreeing that this agreement is subject to any or all such rights and uses; Company hereby further reserving unto itself the right to enter upon said premises at any and all times for the purpose of operating, maintaining, reconstructing or relocating such existing track or tracks as may be located on said premises. The privilege herein granted is subject also to such rights as the owners or users thereof may have to use any road or highway, or portion thereof, which may be located upon or which may traverse said premises.

    2. Licensee will use said premises for __mining and manufacturing plant__ in connection with the __Kaolin manufacturing__ business of Licensee.

    3. Licensee will pay unto Company the rent or sum of __ONE HUNDRED__ _____ DOLLARS ($100.00) per annum, payable annually, in advance, beginning as

2883-227

of the effective date hereof. If Licensee shall default in the payment of rental hereunder for a period of 30 days after the same shall be due, a service charge in the amount of 1/2 of 1% of such rent for each month or portion thereof that the same shall remain unpaid shall be charged to Licensee. Licensee will pay such service charge together with rental due hereunder.

4. Licensee will use said premises for the purposes aforesaid and for no other purpose. This license is a personal privilege to Licensee and shall not be assigned without the written consent of Company; nor shall Licensee, except with such consent, permit said premises to be used for any purpose by any other person.

5. Licensee will pay all taxes, licenses or other charges assessed or levied upon the property of or business conducted by Licensee upon said premises of Company, or against Company by reason of the location of such property or business of Licensee upon said premises.

6. Licensee will not construct or install upon said premises any buildings, structures or improvements unless specifically permitted hereby or by written consent of Company. Any buildings, structures or improvements erected by Licensee on said premises, if permitted hereby, shall be substantially constructed or installed, maintained and used in such manner as not to interfere with the operation and maintenance of the railroad of Company, shall be kept in good repair and presentable condition, shall be located as described herein or shown on the attached print, and shall not be relocated upon Company premises except with the written consent of Company. Buildings or structures of Licensee, if permitted hereunder, shall have roofs of metal or other non-combustible material to reduce fire risks. Licensee agrees to keep said premises in clean and sanitary condition, free of waste, trash, or unsanitary or inflammable matter, and to prevent the posting of advertising bills or signs upon said premises, except the usual business sign of Licensee.

7. Licensee will not permit smoking within any building of Company occupied by Licensee, and will post and maintain in a conspicuous place, or places, within said premises a sign or signs, reading "NO SMOKING ALLOWED", or words of similar import.

8. If the premises occupied hereunder by Licensee consists of a building or other structures of Company, or space therein, Licensee

   (a) accepts the premises in their present condition; it being agreed that all maintenance and repairs needed to keep the premises in as tenantable condition as at present shall be made by the Licensee at Licensee's sole cost and expense, the term "premises" as used in this subparagraph to include, without limitation, air conditioning, heating, sprinkler systems, plumbing, wiring facilities and other equipment or facilities which may be furnished by Company and employed in the use and occupancy of the premises; and that Company shall have no obligation to perform any maintenance or to make any repair or replacement with respect to the premises except those required to be made to the roofing, foundations, and outside walls (exclusive of windows, doors and facilities attached to or adjacent to the outside walls such as loading docks). It is further agreed that Licensee in fulfilling the obligations assumed by Licensee herein shall make provision for the immediate repair and maintenance of all doors, windows, or other facilities comprising the premises which serve to protect the premises from the elements, damage by vandalism or other causes, and that where any such repair or maintenance is not or is not considered by Licensee to be the responsibility of Licensee, Licensee shall notify Company immediately of the need for such repair and maintenance, Licensee failing in either respect, to be liable to Company for all damage resulting. Company shall have no obligation to furnish Licensee any water, heat, light or other public utilities for use by Licensee in Licensee's occupation and use of said premises, and all facilities for supplying light, water, heat and other public utilities required by Licensee in connection with Licensee's use of said premises shall be of character and design approved by Company and shall be installed and maintained therein at the expense of Licensee, and in accordance with the requirements of Company as to proper installation and construction; Licensee agreeing to pay all expenses and charges for such utilities and to install separate meters necessary in connection therewith.

   (b) will not make any alterations in, additions to or improvements to said

2883-227

- 2 -

Form 626

premises, or the appurtenances thereof, of any kind whatsoever, without the written consent of Company being first obtained. All alterations of or additions to the electric light or power wires or fixtures upon said premises which may be made by Licensee with the consent of Company shall be made in strict accord with the requirements of the National Electrical Code and at the expense of Licensee; and

(c) will, while in possession hereunder, comply, and cause its agents and employees to comply, with all such reasonable rules and regulations as may be prescribed by Company looking to the prevention of fires and compliance with insurance contracts and policies. Licensee will promptly comply with any requirements of any insurance inspector of Company looking to the enforcement of said rules and regulations, and will use its best efforts at all times for the prevention of fires; the insurance inspector of Company to have the right at all reasonable times to enter said premises for the inspection thereof.

9. At its own expense, Licensee shall maintain said premises in condition, and occupy and use the same in such manner as may be necessary, to meet all requirements of Federal, State, and local safety and health, environmental protection, and sanitation laws and regulations, and shall at its own expense make any and all corrections or addition to the leased premises that may be necessary to bring them into compliance with the aforesaid laws and regulations which may apply to the use and occupancy of said premises by Licensee.

10. The liability of the parties to this agreement, as between themselves, for death, personal injury and property loss and damage, which occurs by reason of, or arises out of, or is incidental to, the use or occupancy by Licensee of the property covered by this agreement, shall be determined in accordance with the following provisions:

(a) Licensee shall be solely responsible for, and shall bear all cost, expense and liability resulting from loss of or damage to property by fire;

(b) Licensee shall be solely responsible for, and shall bear all cost, expense and liability resulting from death, personal injury, and loss and damage to property, caused solely by the negligence of Licensee, or of the agents or employees of Licensee, or by the violation by Licensee or its agents or employees of the terms of this agreement, or by the negligence of Licensee concurring with the negligence of a third party;

(c) Except as provided in subparagraph (a) above, Company shall be solely responsible for and shall bear all cost, expense and liability resulting from death, personal injury, and property loss and damage, caused solely by the negligence of Company, or of the agents or employees of Company, or by the negligence of Company concurring with the negligence of a third party;

(d) Except as provided in subparagraph (a) above, Company and Licensee shall be jointly responsible for and bear equally all cost, expense and liability resulting from death, personal injury and property loss and damage caused by their joint and concurring negligence;

(e) Each of the parties hereto, for the liability imposed upon such party by this agreement, shall indemnify and hold entirely harmless the other party hereto;

(f) Knowledge on the part of Company of a continuing violation of the terms of this agreement by Licensee shall constitute neither negligence nor acquiescence on the part of Company, and shall in no event relieve Licensee of any of the responsibilities imposed upon Licensee hereunder; and

(g) The term "Company", as used in this paragraph, shall include not only Company specifically named in the first sentence of this agreement, but also all of the corporate affiliates of Company so named.

11. (a) In connection with the use of the premises covered by this agreement

2883-227

- 3 -

Form 626

Licensee agrees to observe and be bound by the rules of the Company with respect to standard clearances for all railroad tracks located on or adjacent to the premises covered by this agreement; that is to say, the Licensee agrees to maintain and preserve an overhead space of 22 feet measured perpendicularly from the top of the rail (except that overhead clearance where wire lines extend over said track shall be such as may be prescribed by the Company) and a space 20 feet in width, measured 10 feet on each side from the center line of said track; provided, however, that the side clearance of 10 feet must be increased one and one-half (1-1/2) inches for every degree of curvature, which space shall be kept clear of any obstruction whatever, including but not limited to all structures, facilities or property of the Licensee which are or may be placed or erected above or parallel to said track.

(b) Notwithstanding anything contained in this agreement, and irrespective of any joint or concurring negligence of Company, Licensee shall assume sole responsibility for and shall indemnify, save harmless and defend Company from and against all claims, actions, or legal proceedings arising, in whole or in part, from the failure of Licensee to comply with any clearance requirements set forth in this agreement. In this connection, it is specifically understood that knowledge on the part of Company of a violation of any such clearance requirements, whether such knowledge is actual or implied, shall not constitute a waiver and shall not relieve Licensee of its obligations to indemnify Company for losses and claims resulting from any such violation.

12. In the event that the whole or any part of the premises occupied by Licensee hereunder shall be taken for any purpose under the power of eminent domain, Licensee shall not be entitled to share in any award resulting from any such taking, nor shall Licensee have any claim against the Company for any expense which may be incurred by Licensee as a result of such taking or as a result of termination of this agreement by reason of such taking, as hereinafter provided. In the event that the taking shall be of the whole of the property herein occupied by Licensee or of such part as shall render said premises untenantable for the uses at such time made of the premises by the Licensee, then this agreement and all rights and interests acquired hereunder shall terminate as of the date of the vesting of title to the property in the condemning authority, and in no event shall Licensee have any claim for the value of any unexpired period of this agreement.

13. Company may terminate this agreement at any time by 30 days' written notice to Licensee of election so to do, and if Licensee shall default in the payment of rentals, or violate any other covenants herein, Company may terminate this agreement by 10 days' written notice to Licensee of election so to do; service of such notice to be made either (a) by delivering a copy of the notice to Licensee, or (b) by mailing the same to or leaving it at the last known address of Licensee and posting in any conspicuous place upon said premises. Licensee may also terminate this agreement by 30 days' written notice to Company of election so to do. Upon the termination of this agreement, in any manner, Licensee will vacate said premises of Company, remove all property (including structures, if any) of Licensee therefrom, and surrender possession of said premises to Company in as good condition as they were in prior to construction or placing of said property thereupon, and, in default thereof, Company may, in addition to any other legal remedy it may have, at its election (a) remove the property of Licensee from and restore the condition of said premises of Company, at the expense of Licensee, or (b) subject to notice as hereinafter provided, take possession of any property left on said premises by Licensee and dispose of the same by sale or otherwise for the purpose of applying the proceeds thereof against unpaid rental or to other payments due pursuant to the terms of this agreement, or for other purposes as hereinafter mentioned; except that if said property so left on said premises by Licensee has no value, in the judgment of Company, or cannot be conveniently sold, the same may be disposed of in such manner as Company may determine to relieve itself of the burden of caring for such property; provided, however, that prior to the sale or other disposition of such property Company shall notify, or attempt to notify, Licensee of Company's intent so to sell or dispose of such property. If this agreement shall be terminated by Company it agrees, upon written

2883-227                                    - 4 -

de: and by Licensee, to refund the unearned portion of any rent paid in advance; provided, however, that Company's obligation to refund unearned rental shall be conditioned upon the fulfillment of all of the obligations of Licensee under the terms of this agreement. The terms and provisions of this paragraph shall survive the termination of this agreement.

14. This agreement shall take effect as of the ___1st___ day of ___June___, 19 __80__.

15. Licensee will maintain and renew, at its sole cost, the two double swing gates across the industrial track on said premises at the locations indicated on said annexed print; said gates to be of such design and specification as may be prescribed by Company, to be equipped outside, and to be constructed in such manner as to provide, when opened an unobstructed space on each side of the center line of said track of not less than ten feet and a total clearance of not less than twenty feet. Licensee shall also provide a substantial device on each side of said track to which the wings of said gates may be fastened and made stationary parallel, or substantially parallel, with said track when railroad equipment is moving through the gateways; each of said devices to be so arranged that when the wings of said gates are fastened thereto the distance between the side of each wing and the center line of said track will not be less than ten feet in the clear.

16. Notwithstanding any other provisions of this agreement, Licensee will assume full responsibility for the safe and proper maintenance and use of said gates, and, except for loss, damage or injury caused solely by the negligence of Company, Licensee will indemnify and save harmless Company, and any associated, controlled or affiliated corporation, from and against the consequences of any property loss or damage, loss of life or personal injury whatever accruing from or by reason of the construction, maintenance or use of said gates or by reason of the presence of the same across said track, whether or not negligence of Company may have contributed to such loss, injury or damage.

17. Licensee will construct, and maintain said Facility at all times during the life of this agreeemnt, at its so'e cost and expense, in strict accord with plans and specifications (if any) shown and noted on said annexed print and such other specifications as may be reasonably prescribed by Company, and, moreover, in all respects in accordance with requirements of Company; it being understood that the work of constructing and maintaining said Facility shall, at all times during its progress, be subject to the inspection and supervision, and upon its completion to the approval, of the duly authorized representative of Company.

18. Licensee will maintain said Facility at all times during the life of this agreement in such condition that said Facility or the use thereof by Licensee shall not be or become an obstruction to, or interfere with, the safe and proper maintenance of said industrial track, or railroad operations upon said track, or endanger life or limb of employees of Company or other persons on or about said track.

19. Said Facility shall be maintained at the location indicated upon said annexed print, and shall not be relocated without the consent, in writing, of Company.

20. Licensee proposes to construct, maintain and use said Facility with full cognizance of the risk of loss of life, personal injury and property loss or damage which may be caused by or result from railroad operations on said industrial track at the location of said Facility, or which may accrue from or by reason of the construction, installation, maintenance, presence of use of said Facility by Licensee; and Licensee covenants that said Facility shall be constructed, maintained and used solely at the risk of Licensee, and the neither Company nor any associated controlled or affiliated corporation, shall assume any responsibility in the premises; Licensee hereby specifically agreeing, notwithstanding any other provision of this agreement, to indemnify and save harmless Company and any associate, controlled or affiliated corporation, from and against the consequences of any and all such loss, injury or damage, whether or not negligence of Company may have caused or contributed to such loss, injury or damage.

21. Notwithstanding the provisions of Article 14 of this agreement, the clearances for said industrial track, as to the existing structures of Licensee shown and depicted on said annexed print, may be limited or restricted to the dimensions shown on said print, provided Licensee shall place and maintain, at its own cost and expense, warning signs, satisfactory to Company, at conspicuous places on each of said structures where

2883-227                        -5-

standard clearances do not obtain to the effect that such structures will not clear man on side or on top of car.

    Notwithstanding any other provisions of this agreement, Licensee shall indemnify and save harmless Company, and any associated, controlled or affiliated corporation, from and against the consequences of any loss of life, personal injury or property loss or damage which may result from or be attributable to any limited or restricted clearances for said industrial track, whether or not negligence of Company may have caused or contributed to such loss, injury or damage.

    IN WITNESS WHEREOF the parties hereto have executed these presents in duplicate, each part being an original, this __15th__ day of __December__, 19__80__.

In presence of:

_____  
As to Company.

In presence of:

_____  
As to Licensee.  
N. K. Crawford

SOUTHERN RAILWAY COMPANY,  
By

_____  
Vice President.

W. R. GRACE & CO.,  
By

_____  
Vice-President.

-6-

DAG:jat  
7-16-80  
33458-1    2883-227

