# EXHIBIT E

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

RECEIVED
STATE COURT OF
BIBB COUNTY GEORGIA

1998 JUL -8 A 8: 45

*[signature]*
CLERK STATE COURT

| | |
|---|---|
| LESTER F. KIRKLAND, JR., ) | |
| ) | |
| Plaintiff ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | CIVIL ACTION FILE NO. 45223 |
| COMPANY, a corporation, ) | |
| ) | |
| Defendant ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Lester F. Kirkland, Jr., Plaintiff in this action, and files his Complaint for Damages against Defendant as follows:

### I. PARTIES, JURISDICTION, VENUE

1. The Defendant, Norfolk Southern Railway Company, is a Virginia corporation which does business in Bibb County, Georgia and has done business in Bibb County, Georgia at all times referred to herein. The Defendant, Norfolk Southern Railway Company, is subject to the jurisdiction of this Court, venue is proper, and it may be served with Summons and Complaint as allowed by law.

2. The Defendant, Norfolk Southern Railway Company, is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire for the purpose of carrying freight in interstate commerce. The Defendant, Norfolk Southern Railway Company, conducts a significant portion of its railroad operations in Bibb County, Georgia.

3. The Plaintiff, at all times referred to herein, was an employee of the Defendant and was acting within the line and scope of his employment for the Defendant. The Plaintiff's duties of

employment for the Defendant were in furtherance of interstate commerce or directly or closely affected interstate commerce.

4. This action is brought pursuant to the provisions of the Federal Employers Liability Act, 45 U.S.C., §51, et seq.

## II. FACTS

5. On January 23, 1998, the Plaintiff was employed as a conductor on a train being operated by the Defendant, Norfolk Southern Railway Company, near Warrenville, South Carolina. As part of the Plaintiff's duties, he was attempting to release a handbrake on a railroad car in the course of switching operations. The handbrake was in a defective condition and would not release when the Plaintiff applied it properly. As the Plaintiff attempted to release the defective handbrake, he slipped in a slick and dangerous substance which had been allowed to cover the rail car on which the handbrake was located. When he slipped, he fell from the rail car and landed on the ground suffering severe and permanent injuries to his back and hand.

6. Following his injuries, the Plaintiff continued to try to perform his job. On January 26, 1998, he was again attempting to apply a handbrake on a rail car which was located at the Aiken Depot, near Aiken, South Carolina. This car was covered with a clay like slick and dangerous substance. While attempting to apply this handbrake, the Plaintiff slipped and reinjured his back and aggravated the previous injury which he had suffered to his back.

## III. COUNT ONE (JANUARY 23, 1998 INJURY)

7. All of the Plaintiff's injuries and damages were caused, in whole or in part, by the negligence of the Defendant, its agents, servants or employees while acting within the line and scope of their employment for said Defendant, or by reason of a defect or insufficiency due to the

2

Defendant's negligence in its railroad cars, work practices, maintenance practices, and safety practices at the time and place where the Plaintiff suffered his injuries.

### IV. COUNT TWO (JANUARY 23, 1998 INJURY)

8. All of the Plaintiff's injuries and damages were caused, in whole or in part, by the negligent failure of the Defendant to use reasonable care to provide to the Plaintiff a reasonably safe place for the Plaintiff to perform his work and labor for the Defendant.

### V. COUNT THREE (JANUARY 23, 1998 INJURY)

9. All of the Plaintiff's injuries and damages were caused, in whole or in part, by a violation by the Defendant railroad of that Act of Congress commonly referred to as the Safety Appliance Acts and more specifically the Handbrake Act, 49 U.S.C. §20302, in that the defendant railroad allowed to be operated on its line of road a railroad car which was not equipped with a safe, secure, and efficient handbrake.

### VI. COUNT FOUR (JANUARY 26, 1998 INJURY)

10. All of the Plaintiff's injuries and damages were caused, in whole or in part, by the negligence of the Defendant, its agents, servants or employees while acting within the line and scope of their employment for said Defendant, or by reason of a defect or insufficiency due to the Defendant's negligence in its railroad cars, work practices, maintenance practices, and safety practices at the time and place where the Plaintiff suffered his injuries.

### VII. COUNT FIVE (JANUARY 26, 1998 INJURY)

11. All of the Plaintiff's injuries and damages were caused, in whole or in part, by the negligent failure of the Defendant to use reasonable care to provide to the Plaintiff a reasonably safe place for the Plaintiff to perform his work and labor for the Defendant.

3

## VIII. DAMAGES

12. The Plaintiff avers that as a result, in whole or in part, of the Defendant's negligence, he has suffered and seeks to recover for the following special injuries and damages:

   (a) Past lost wages and benefits;

   (b) Future lost wages and benefits;

   (c) Permanent impairment of his ability to earn a living;

   (d) Past medical expenses;

   (e) Future medical expenses.

13. The Plaintiff avers that as a result, in whole or in part, of the Defendant's negligence, he has suffered and seeks to recover for the following general injuries and damages:

   (a) Past physical pain and mental anguish;

   (b) Future physical pain and mental anguish;

   (c) Permanent physical disability;

   (d) Inability to carry out and enjoy the usual and normal activities of life.

14. The Plaintiff seeks to recover a sum that will fully and fairly compensate him for his special and general damages. Because of the severity of his injuries, the Plaintiff expects such fair compensation to be in excess of Two Million Dollars ($2,000,000.00).

## IX. JURY DEMAND

15. The Plaintiff demands a trial by a jury.

WHEREFORE, the Plaintiff prays for a trial by jury, that summons issue, that judgment be entered in favor of him and against the Defendant and that the following relief be granted:

(a) That the Plaintiff be awarded special and general damages in an amount to fully and fairly compensate him for his injuries;

(b) That the cost of this action be assessed against the Defendant;

(c) That this Court grant such other and further relief as it deems just and proper.

BURGE & WETTERMARK

By: _____
James H. Wettermark
Georgia Bar Number 750417

2300 SouthTrust Tower
Birmingham, Alabama 35203
(205) 251-9729