# EXHIBIT I

LAW OFFICES

**HALL, BLOCH, GARLAND & MEYER, LLP**

ELLSWORTH HALL, III
F. KENNEDY HALL
BENJAMIN M. GARLAND
J. PATRICK MEYER, JR.
J. STEVEN STEWART
JOHN BURTON WILKERSON, JR.
DUNCAN D. WALKER, III
MARK E. TOTH
JOHN FLANDERS KENNEDY
TODD C. BROOKS
J. ELLSWORTH HALL, IV

1500 CHARTER MEDICAL BUILDING
577 MULBERRY STREET
P.O. BOX 5088

MACON, GEORGIA 31208-5088

TELEPHONE 912-745-1625
FACSIMILE 912-741-8822

J. E. HALL
(1876-1945)
CHARLES J. BLOCH
(1893-1974)
ELLSWORTH HALL, JR.
(1908-1984)

MIDTOWN OFFICE
2452 VINEVILLE AVENUE
MACON, GEORGIA 31204
FACSIMILE 912-741-3544

September 15, 1999

<u>Via Certified Mail - Return Receipt Requested</u>

Mr. Harry Fishel
Plant Manager
W. R. Grace & Company
213 Kaolin Road
Aiken, SC 29801



RE:    Lester F. Kirkland, Jr. vs. Norfolk Southern Railway Company;
       State Court of Bibb County, C/A No. 45273

Dear Mr. Fishel:

This firm represents Norfolk Southern Railway Company and I am writing to you with reference to the above-identified lawsuit which has been filed by Plaintiff Lester Kirkland against Norfolk Southern, a copy of which is enclosed herewith for your ready reference.

As you will note from Plaintiff's allegations of fact in the Complaint, he alleges that on two occasions he slipped from a slick and dangerous substance which covered the rail car on which he was working and he fell and injured his neck and back. At his deposition, Plaintiff testified that the cars he was working on were loaded with kaolin by Grace employees at the W. R. Grace plant. He testified that the cars were overloaded and the kaolin spilled out all over the cars, however, W. R. Grace & Company did not blow off the cars or otherwise clean them as they are supposed to do and, that the presence of the excess kaolin overspill caused him to slip.

The agreement of December 15, 1980 between Southern Railway Company, Norfolk Southern's successor, and W. R. Grace & Company, provided in Section 10(b) that W. R. Grace & Company "shall be solely responsible, and shall bear all costs, expense and liability resulting from...personal injury...caused solely by the negligence of Licensee [W. R. Grace & Company]...or by a violation by licensee or its agents or employees of the terms of this agreement....".

Section 18 of this agreement provides that "Licensee [W. R. Grace & Company] will maintain said Facility at all times during the life of this agreement in such condition that said Facility or the use thereof by licensee shall not be or become an obstruction to, or interference with, the safe and proper maintenance of said industrial track, or railroad operations upon said

LAW OFFICES
## HALL, BLOCH, GARLAND & MEYER, LLP

Mr. Harry Fishel
Plant Manager
September 15, 1999
Page 2

track, or endanger life or limb of employees of Company or other persons on or about said track."

A full copy of the December 15, 1980 agreement is also enclosed herewith for your ready reference.

In view of the facts as alleged by Plaintiff in his Complaint and more fully developed upon his deposition, it seems clear that the proximate cause of Plaintiff's injury was the act of W. R. Grace & Company's employees in overfilling the kaolin cars and their failure to remove the overfill kaolin from the platform on the cars where the railroad employees have to walk.

I am therefore writing to request that W. R. Grace & Company assume the defense of this action and accept the responsibility for handling, settling or otherwise handling this lawsuit pursuant to the terms of the December 15, 1980 indemnity agreement.

If you or your counsel have additional questions with reference to this matter, please advise.

Thanking you, I am

Sincerely,

Hall, Bloch, Garland & Meyer

By:

Benjamin M. Garland

BMG/sj
Enclosures

cc:    M. S. Block
       R. A. Wells
       T. D. Barton
       J. D. Hollis
       **KIRKLL012398HR**