# EXHIBIT M

LAW OFFICES
## HALL, BLOCH, GARLAND & MEYER, LLP

F. KENNEDY HALL
BENJAMIN M. GARLAND
J. PATRICK MEYER, JR.
J. STEVEN STEWART
JOHN BURTON WILKERSON, JR.
DUNCAN D. WALKER, III
MARK E. TOTH
JOHN FLANDERS KENNEDY
TODD C. BROOKS
J. ELLSWORTH HALL, IV
HEATHER CURRIER WRIGHT
EMILY K. TURNER

1500 CHARTER MEDICAL BUILDING
577 MULBERRY STREET
P.O. BOX 5088

MACON, GEORGIA 31208-5088

TELEPHONE 912-745-1625
FACSIMILE 912-741-8822

ELLSWORTH HALL, III
OF COUNSEL

J. E. HALL
(1876-1945)
CHARLES J. BLOCH
(1893-1974)
ELLSWORTH HALL, JR.
(1906-1984)

MIDTOWN OFFICE
2452 VINEVILLE AVENUE
MACON, GEORGIA 31204
FACSIMILE 912-741-3544

July 11, 2000

*FILE COPY*

Lynne M. Durbin, Esq.
Division Counsel
W. R. Grace & Company
7500 Grace Drive
Columbia, MD 21044

RE: Lester F. Kirkland, Jr. vs. Norfolk Southern Railway Company
State Court of Bibb County, C/A No. 45273

Dear Ms. Durbin:

Further to our correspondence last fall concerning the above matter, I am writing to advise that it is very likely that this case will be reached for trial during the August term of the State Court of Bibb County during the weeks of August 14th and August 21st.

Plaintiff Lester Kirkland was a 42-year-old railroad conductor when he was injured in a fall from a railcar on January 23, 1998. As you will recall from our earlier correspondence, he testified that he slipped on some wet kaolin that had been left on the car after it was loaded with kaolin by Grace employees at your plant. He testified that the cars were overloaded and the kaolin spilled out all over the cars, however, the Grace & Company employees did not blow off the cars or otherwise clean them and the presence of the excess wet kaolin caused him to slip. He further testified that on numerous occasions prior to January, 1998, this type of dangerous condition had been brought to the attention of Grace & Company.

The neurologist who treated Mr. Kirkland testified in an evidentiary deposition that, in his opinion, Mr. Kirkland has a permanent disability and is unable to return to railroad work or any type of work requiring physical activity. Mr. Kirkland's lost wages to date exceed $115,000 and he presently is only employed on a part-time basis making approximately $400.00 per month. As you can tell, this case has dangerous jury verdict potential.

It is our opinion that Section B(10) of the December 15, 1980 Track Agreement providing that Grace & Company "shall be responsible, and shall bear all costs, expense and liability resulting from...personal injury...caused solely by the negligence of Licensee [W. R. Grace & Company]...or by a violation by Licensee or its agents or employees of the terms of this agreement..." read in conjunction with Section 18 providing that Grace & Company shall at all times maintain its facility so that it will not endanger any of the railroad employees clearly puts

**LAW OFFICES**
**HALL, BLOCH, GARLAND & MEYER, LLP**

Lynne M. Durbin, Esq.
July 11, 2000
Page Two

---

the responsibility for this injury on W. R. Grace & Company. Your letter of October 14, 1999 indicated that since Plaintiff's fall did not occur on the track identified in the agreement, the indemnity provisions did not apply, however, I invite your attention to the Georgia Supreme Court decision in *Southern Ry. Co. v. Insurance Company of North America, et. al.*, 228 Ga. 23, a copy of which is enclosed herewith. In that case, the Court held that the indemnification covenant contained in the track agreement applied even though the accident occurred off of the property identified in the agreement. Aside from the indemnity agreement, if Grace & Company's history of overfilling these cars and not blowing or washing off the excess kaolin is as Plaintiff has testified, this negligence would appear to be a proximate cause of Plaintiff's injury.

I realize that you have declined to accept responsibility for the defense and handling of this lawsuit, however, I am writing to request that you revisit this matter and participate with the railroad in trying to resolve this case prior to trial.

Please again be advised that the railroad will seek full indemnity from Grace & Company in the amount of a settlement or judgment in this case. It would seem to be in the best interest of both companies if you would conduct your own evaluation of this matter and participate with us in trying to resolve this case with Plaintiff Kirkland. We look forward to hearing from you in this regard.

Sincerely,

Hall, Bloch, Garland & Meyer

By:

Benjamin M. Garland

BMG/sj

cc:   R. A. Petersen
      R. A. Wells
      T. D. Barton
      KIRKLL012398HR