# EXHIBIT P

LAW OFFICES

## HALL, BLOCH, GARLAND & MEYER, LLP

F. KENNEDY HALL
BENJAMIN M. GARLAND
J. PATRICK MEYER, JR.
J. STEVEN STEWART
JOHN BURTON WILKERSON, JR.
DUNCAN D. WALKER, III
MARK E. TOTH
JOHN FLANDERS KENNEDY
TODD C. BROOKS
J. ELLSWORTH HALL, IV
EMILY K. TURNER

1500 CHARTER MEDICAL BUILDING
577 MULBERRY STREET
P.O. BOX 5088

### MACON, GEORGIA 31208-5088

TELEPHONE 478-745-1625
FACSIMILE 478-741-8822

ELLSWORTH HALL, III
OF COUNSEL

J. E. HALL
(1876-1945)
CHARLES J. BLOCH
(1893-1974)
ELLSWORTH HALL, JR.
(1908-1984)

MIDTOWN OFFICE
2452 VINEVILLE AVENUE
MACON, GEORGIA 31204
FACSIMILE 478-741-3544

April 2, 2001

*Via Certified Mail - Return Receipt Requested*

Scott B. Whittier, Esq.
Corporate Counsel
W. R. Grace & Company
7500 Grace Drive
Columbia, MD 21044



RE:    Lester E. Kirkland, Jr. vs. Norfolk Southern Railway Company
State Court of Bibb County Re: W. R. Grace & Company's Indemnity
Agreements with Norfolk Southern Railway Company of December 15,
1980 and Supplemental Agreement of September 17, 1990, copies of
which are enclosed herewith

Dear Mr. Whittier:

This will acknowledge receipt of your letter of March 19, 2001, advising that you have taken over this file.

This case went to trial on Monday, March 19th, and the jury returned a verdict on Wednesday, March 21, 2001, in the amount of $1,924,500. I am enclosing herewith a copy of the Jury Verdict and the Judgment that was entered on March 21, 2001.

The evidence presented by the Plaintiff at trial showed that the railcars that were picked up from the W. R. Grace & Company facility on Friday, January 23, 1998 were covered with wet kaolin. The Plaintiff's evidence further showed that his foot slipped on the walkway of the car and his hand slipped trying to turn the brake wheel because of the presence of the wet kaolin on the walkway and the wheel and that he fell off of the car injuring his hand and back. The Plaintiff's evidence further showed that the overfilling of the kaolin cars, and the failure of Grace & Company to properly blow off or otherwise remove the excess kaolin from the cars, had been an ongoing problem and, despite complaints to Grace & Company about this situation, the problem continued. The evidence further showed that Plaintiff returned to work on Monday, January 26th and that again, the cars were overfilled by Grace & Company and Mr. Kirkland testified that he slipped again on the walkway of the car aggravating his injured back. There was a witness to this incident and they had pictures of the cars that were covered with kaolin

LAW OFFICES

**HALL, BLOCH, GARLAND & MEYER, LLP**

Scott B. Whittier, Esq.
April 2, 2001
Page Two

The evidence presented by the Plaintiff in this case showed that the proximate cause of his injuries was the negligence of Grace & Company in overfilling the kaolin cars and in failing to remove the excess kaolin from the cars. As you are aware, a railroad has a duty under the FELA to provide its employees with a safe place to work. This duty is non-delegable and the railroad is therefore vicariously liable to its employees for a dangerous condition on a third party's property. Thus, the railroad is liable for Grace's negligence which the jury found in abundance.

I am sorry that W. R. Grace & Company would not participate with the railroad in attempting to settle this case as this could have resulted in a cap on the recovery. Although Grace would not participate in settlement, the railroad did attempt a good faith settlement with the Plaintiff, but were unsuccessful.

We are in the process of examining the case to determine whether any grounds of appeal exist. If we determine there are no grounds, the judgment will have to be paid and we will proceed against Grace & Company for indemnity, including all costs of litigation. If we determine there are grounds for appeal, we will pursue them reserving the right to proceed against Grace & Company at the appropriate time, both for the amount of the judgment, interest accruing thereon (at 12% per annum under Georgia law) and all costs of litigation.

If Grace & Company would acknowledge its obligations and take over the prosecution of the appeal, we will be glad to arrange for that.

Sincerely,

Hall, Bloch, Garland & Meyer

By:

Benjamin M. Garland

BMG/sj
Enclosures

bc:   R. A. Petersen
      R. A. Wells
      T. D. Barton
      **KIRKLL012398HR**

STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

LESTER E. KIRKLAND, JR.

PLAINTIFF

VS.                                      CIVIL ACTION NO. 45273

NORFOLK SOUTHERN RAILWAY COMPANY

DEFENDANT

JUDGMENT

This action came on for trial before the Court and a jury, Honorable William P. Adams,

presiding, and the issues having been tried and the jury having rendered it's verdict;

IT IS ORDERED AND ADJUDGED that the Plaintiff, Lester E. Kirkland, Jr. recover of the

Defendant, Norfolk Southern Railway Company.the sum of $1,924.500.00, with.interest thereon at

the legal rate as  provided by law and costs of this action

Dated at Macon, Bibb County, Georgia, this 21st day of March,  2001.

_____
JUDGE, STATE COURT OF BIBB COUNTY

_____
Plaintiff's Attorney

FILED IN OFFICE:
This 21st Day of March, 2001

_____
Deputy Clerk

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

LESTER E. KIRKLAND, JR.,　　　　　　　:
　　　　　　　:
　　　　　Plaintiff,　　　　　　　　　　:
　　　　　　　:
vs.　　　　　　　　　　　　　　　　　:　　CIVIL ACTION NO. 45273
　　　　　　　:
NORFOLK SOUTHERN RAILWAY　　　　:
COMPANY,　　　　　　　　　　　　　:
　　　　　　　:
　　　　　Defendant.　　　　　　　　　:

---

### JURY VERDICT

We, the jury, find for the:

( X )　Plaintiff in the amount of $ _1,924,500_ . _00_

*OR*

(   )　Defendant.


This _21ˢᵗ_ day of March, 2001.


FILED IN OFFICE
_21ˢᵗ_ DAY OF _March 2001_
_Mary Jo Powell_
Deputy Clerk

_Terry L. Jenkins_
Foreperson