IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

LESTER E. KIRKLAND, JR.,          "
          PLAINTIFF                    '
                                   "
VS                                        Civil Action No.
                                   "
NORFOLK SOUTHERN
RAILWAY COMPANY,                   "          45273
          DEFENDANT

COPY

TRIAL

held before

HON. WILLIAM P. ADAMS

and a JURY

VOLUME ~~III~~ of ~~III~~ IV of IV

March 21, 2001
9:00 a.m.
Bibb County Courthouse
Macon, Georgia

REPORTED BY:  Julia J. Scarborough

HAWTHORNE & WEBB COURT REPORTING
P.O. Box 539
Macon, Georgia 31202-0539
(478) 746-2295 & (478) 477-9356

# CHARGE BY THE COURT

1
2          THE COURT:        Ladies and Gentlemen, you have now
3     heard the evidence in the case as well as the argument of
4     counsel in this case of Lester E. Kirkland, Jr., as the
5     Plaintiff, against Norfolk Southern Railway Company, as
6     the Defendant, in which case the Plaintiff is seeking to
7     recover, at your hands, a verdict, for injuries and
8     damages alleged to have been sustained by him as a result
9     of events alleged to have occurred in January 1998 near
10    Warrenville, South Carolina.  It is now my duty to
11    instruct you on the law that applies in the case.  The
12    case was originally brought to Court by the filing of a
13       -- what we call a Complaint, and that is the written
14    statement of the Plaintiff's positions, which the
15    Defense, the railway company, responded with their
16    Answer.  Those are what we call the pleadings in the
17    case.  They will not be out in evidence with you.  They
18    are not evidence themselves and have no probative value.
19    I simply tell you that to help you to understand how a
20    case comes to be in court.  In this case, the railway
21    company's agent is in Macon, and that's why the suit is
22    filed in Bibb County, Georgia.  Now, you must consider
23    this case as a lawsuit between persons of equal worth and
24    equal standing in the community, in between persons
25    holding the same or similar positions in life.  All

1    persons stand equal under the law and before the law.  In

2    a Court of justice, all persons are to be dealt with as

3    equals.  A business entity, such as a corporation, here

4    Norfolk Southern Railway Company, is to be regarded as a

5    person in this instance for the sake of this charge I am

6    giving you, that again, in a Court of justice all persons

7    will be dealt with as equals.  Now, you have heard the

8    evidence in the case and you are familiar with the

9    contentions of fact by the respective parties.  I will

10    not attempt to review or summarize those contentions,

11    except insofar as may be necessary for me to give you the

12    law that is applicable to the case.  Now, the law I am

13    going to give you is generally in three categories.

14    First, we are going to talk about the burden of proof and

15    your consideration of the evidence; and then we are going

16    to talk about the liability issues under the law; and

17    finally, we will talk about damages.

18         First, the burden of proof.  The burden of proof is

19    on the Plaintiff in this case to make out his case by

20    what is called a preponderance of the evidence.

21    Similarly, the burden is on the Defendant to make out its

22    case as to any affirmative defense it may have, and I

23    will talk about those with you in a little bit, but also

24    by a preponderance of the evidence.  A preponderance of

25    the evidence; by those terms, a preponderance of the

1    evidence is meant that superior weight of evidence upon

2    the issues involved, which, while not enough to wholly

3    free your mind from a reasonable doubt, is sufficient to

4    incline a reasonable and impartial mind to one side of

5    the issue rather than to the other, that's the burden of

6    proof, preponderance of the evidence.  Now in determining

7    where the preponderance of the evidence lies in the case,

8    you may consider all the facts and circumstances of the

9    case itself, you may consider the witnesses manner of

10   testifying, their intelligence, their means and

11   opportunity for knowing the facts to which they testify,

12   the probability or improbability of their testimony, the

13   nature of the facts to which they testify, their interest

14   or lack of interest in the case, and also their personal

15   credibility insofar as that may legitimately appear from

16   the trial of the case.  Credibility simply means

17   believability, and in that regard, you will determine the

18   credibility of each witness as you weigh the evidence in

19   the case.  You may also consider the number of witnesses,

20   though the preponderance is not necessarily with a

21   greater number.  But the point is, is that you make all

22   decisions as to the facts of this case under the law as

23   given you in this charge.  In doing so, I charge you,

24   that you as jurors can use and apply your general

25   knowledge and experience in life, your common sense as

1    adults in considering the case.  Now, ordinarily the

2    Court receives testimony of witnesses only as to facts to

3    which they have particular and direct knowledge, but in

4    cases of the science or various professions, such as

5    medical professions or economics, where a particular

6    knowledge may be required to understand the situation,

7    the law does allow those persons, deemed to be experts,

8    to give their opinions based upon certain facts.  The

9    opinion testimony of expert witnesses can be based either

10   upon hypothetical questions or based on their

11   observations of the facts themselves.  You should not

12   consider any opinion at all unless the facts upon which

13   it is based are found by you to be true and correct.

14   Even though you are allowed to receive the testimony of

15   experts, you are not bound by any such testimony, it is

16   not conclusive on you, rather the law allows you to

17   receive it and consider it along with all the other

18   evidence in the case, and that is the manner in which you

19   should consider it.  An expert may aid a jury, but an

20   expert can not perform the function of a jury.  It is

21   your duty in this case, Members of the Jury, to reconcile

22   the evidence, and thus make each witness, if possible,

23   speak the truth.  However, if after a consideration of

24   the case you are unable to reconcile the testimony of a

25   witness or witnesses or there is a conflict in your

1      judgement in the testimony of witnesses, which you are

2      unable to reconcile, so as to make each witness speak the

3      truth, then you should believe such witness or witnesses

4      as you think are most entitled to believe, and that's

5      your job.  Now, you take the law of this case from the

6      Court, and after applying the law as given you in this

7      charge, to the facts as you find those facts to be, you

8      will then write your verdict, which speaks the truth of

9      the case.  The object of this investigation, and indeed

10     the object of all legal investigations, is the discovery

11     of the truth.

12         All right, now I am going to talk to you about the

13     second thing I mentioned, that is, liability, legal

14     principles that apply here.  And during the course of the

15     charge I am about to give you, I will, of necessity, use

16     terms relating to negligence.  But I charge you that in

17     using any term relating to negligence, the Court itself,

18     I am not intimating, suggesting or expressing an opinion

19     that anyone was or was not negligent in any respect.  And

20     again, that's your job to determine.  The term as used by

21     the Court is subject to the qualification and condition

22     that you, Members of the Jury, may find such negligence

23     on the part of the party to whom the term might refer.

24     Again, you Members of the Jury are the sole judges of the

25     facts of the case, and the Court has no opinion and

1   expresses no opinion concerning any facts, since that is

2   entirely left to you to resolve.  And in this case,

3   Members of the Jury, the Plaintiff's claims are asserted

4   under what is known as the Federal Employer's Liability

5   Act, which is sometimes called, F-E-L-A, FELA.  And you

6   will hear me just call it FELA, I am not going to say,

7   Federal Employer's Liability Act every time I mention

8   it.  I will say FELA, but you will know what I am talking

9   about.  This act provides that every common carrier, by

10   railroad, while engaged in commerce between any of the

11   several states shall be liable in damages to any of its

12   employees who are injured as a result of negligence by

13   the railroad, that's the federal law that applies here.

14   Now, this law, as to railroad employees, is to be

15   distinguished from the State Workers' Compensation Law,

16   which you may have some familiarity with, or not, but

17   those laws do not require showing a fault or negligence.

18   Railroad employees are, again, covered by FELA, and not

19   by State Workers' Compensation laws, so you must follow

20   these instructions I am about to give you on the FELA law

21   as it applies here to the Plaintiff's case.  And this

22   case, the Plaintiff claims that the Defendant failed to

23   exercise reasonable care to provide him with a reasonably

24   safe place in which to work and reasonably safe rail cars

25   and conditions in which to work.  In that regard, Members

1    of the Jury, I charge you that the Plaintiff must prove,

2    by a preponderance of the evidence, that the Defendant

3    knew, or in the exercise of ordinary care, should have

4    known, that such a condition existed and that it had a

5    reasonable opportunity to either warn the Plaintiff of

6    the existence of the condition or to remedy that

7    condition.  So in order to prevail on his claim, the

8    Plaintiff in this case, Members of the Jury, must prove

9    by a preponderance of the evidence, first, that the

10    Defendant was negligent as he claims; and second, that

11    such negligence was a legal cause of the damage that was

12    sustained by him.  So the first issue for you to decide

13    is whether the Defendant or any of its employees, other

14    than the Plaintiff, was negligent, and if so, whether

15    such negligence was the legal cause of any damage

16    sustained by the Plaintiff.  Under FELA, it was the

17    continuing duty of the Defendant railroad to use

18    reasonable care, under the circumstances, in furnishing

19    the Plaintiff with a reasonably safe place in which to

20    work and to use reasonable care, under the circumstances,

21    to maintain and keep such place of work in a reasonably

22    safe condition.  Now this does not mean that the

23    Defendant railroad was a guarantor or insurer of the

24    Plaintiff's safety, and the mere fact that an accident

25    happened, standing alone, does not require the conclusion

1    that the incident was caused by anyone's negligence.  The

2    extent of the Defendant's duty is to exercise reasonable

3    care under the circumstances to see that the place in

4    which the work is to be performed by its employees is

5    reasonably safe.  The railroad's duty in this regard, to

6    provide Plaintiff a safe place to work, is a

7    non-delegable duty, that is, it may not be delegated to

8    anyone by the railroad.  Now negligence, Members of the

9    Jury, is a failure to use reasonable care.  Reasonable

10   care is that degree of care which a reasonably careful

11   and prudent person would use under like and similar

12   circumstances.  Negligence may consist, either in doing

13   something that a reasonably careful person would not do

14   under like circumstances, or in failing to do something

15   that a reasonably careful person would do under like

16   circumstances.  For purposes of this action, negligence

17   is a legal cause of damage if it played any part, no

18   matter how small, in bringing about or actually causing

19   the injury or damage to Plaintiff.  So if you should find

20   from the evidence in this case, that any negligence of

21   the Defendant contributed in any way toward any injury or

22   damages suffered by Plaintiff, you may find that such

23   injury or damage was legally caused by the Defendant's

24   negligence.  Now, you are also instructed that

25   Defendant's negligence, if you so find, may be a legal

1      cause of damages, even though it operates in combination

2      with the act of another, or some natural cause, or some

3      other cause, if such other cause occurs at the same time

4      as the Defendant's negligence, and if the Defendant's

5      negligence played any part, no matter how smart, in

6      causing such damage.  Now if a preponderance of the

7      evidence in this case does not support the Plaintiff's

8      claim under FELA for negligence, then your verdict would

9      be for the Defendant as to the Plaintiff's claims based

10     on negligence.  If, however, a preponderance of the

11     evidence does support the Plaintiff's claim on negligence

12     then you would then consider the defenses raised by the

13     Defendant.  Here the Defendant has asserted that the

14     Plaintiff was contributorily negligent, and that the

15     Plaintiff failed to mitigate his damages.  These defenses

16     are known as affirmative defenses and as to these

17     defenses, the Defendant has the burden of proof, as I

18     mentioned to you earlier.  Affirmative defenses are

19     covered by the same rules of law that govern the

20     Plaintiff's claim, that is, the Defendant must prove any

21     such defense by a preponderance of the evidence.  Now the

22     Defendant contends that the Plaintiff, Mr. Kirkland, was

23     himself negligence, and that such negligence was the

24     legal cause of his own injury.  Railroad employees,

25     Members of the Jury, do have a continuing duty to

1    exercise due care for their own safety under the facts

2    and circumstances of the case.  Here the Defendant claims

3    that the Plaintiff was negligent in the way and manner in

4    which he chose to perform his job.  The burden of proving

5    that claim, by a preponderance of the evidence, is upon

6    the Defendant, who must establish first that the

7    Plaintiff was also negligent, as that term has just been

8    defined for you by me in this charge; and second, that

9    such negligence was a legal cause of the Plaintiff's own

10   damage.  So if you find in favor of the Defendant on this

11   defense, understand that that will not prevent a recovery

12   by the Plaintiff, it only reduces the amount of the

13   Plaintiff's recovery.  In other words, if you find that

14   the incident was due partly to the fault of the

15   Plaintiff, that is, his own negligence was, for example,

16   I'm just going to say "X" percent, if he was to some

17   percentage responsible for his own damage, then you would

18   reduce the amount of his reward by that amount, and it

19   could be 10 percent, it could be 20 -- whatever figure

20   you were to determine that the Plaintiff was at fault,

21   there is a percentage -- understanding that percentage

22   must add up to 100 between the parties, the Plaintiff and

23   the Defendant.  If you decide he is negligent in some

24   proportion, then you would reduce his award by that

25   amount.  Again, such a finding of negligence on the part

1  of the Plaintiff would not prevent a recovery, it would

2  just reduce the total damages by the percentage you find.

3  As I say, if you find the Defendant was negligent, you

4  might find it was 1 percent or 99 percent, or anywhere in

5  between, so long as, again, the figures of fault between

6  the two parties add up to 100 percent. Now, if you find

7  from the evidence that the sole legal cause of the

8  Plaintiff's injury, if any, was his own negligence, that

9  is 100 percent was on the Plaintiff, if you find he was

10  negligent, then in that event, the Plaintiff could not

11  recover against the Defendant, and it would be your duty

12  to return a verdict against -- or for the Defendant.

13  Now, I charge you under our law, as given you in this

14  charge, if you should find that the Plaintiff is entitled

15  to recover in the case, and in considering his damages,

16  if any, it would be your duty to take into consideration

17  the following principle of law; and that is, that the

18  Plaintiff is now, will be in the future, and was at all

19  times in the past bound to lessen or mitigate his

20  damages, if any, as attributable to the Defendant's

21  negligence, if any, as far as practicable by the use of

22  ordinary care and diligence on the Plaintiff's part. The

23  Defendant railroad company has the burden of proving that

24  Plaintiff failed to mitigate his damages by a

25  preponderance of the evidence. And in connection with

1    that burden, I charge you that the Plaintiff does have a

2    duty to mitigate his damages by returning to some type of

3    employment as soon as reasonably possible.  Plaintiff was

4    not required to accept employment if the place of

5    employment was in an unreasonably, as you may so find,

6    distant geographical area from the area where he lived at

7    the time of his injury.  Loss of wages is a consequence

8    of the employee's failure to return to gainful

9    employment, when that is by the employee's own choice,

10   rather than as a legal result of the Defendant's conduct,

11   is not recoverable.  That's the concept of mitigation of

12   damages.  Now, if after applying the rules of law as

13   given to you in this charge, to the facts as you find

14   those facts to be, you conclude that the Plaintiff in

15   this case is not entitled to recover, you would end your

16   investigation at that point and return your verdict for

17   the Defendant.  If, on the other hand, you find that the

18   Plaintiff is entitled to recover, you would go a step

19   further and take up the question of damages to be

20   awarded.

21        And in that connection, I charge you as follows.  So

22   now, I am talking about the third thing I told you about,

23   and that is, damages.  Under FELA, it is the duty of you,

24   the jury, to determine the amount of compensation and

25   damages, if any, as caused by Defendant's negligence, to

1   award the Plaintiff.  In this case, there are three types

2   of damages and compensation which you may consider,

3   medical expenses are not one of them, that's not part of

4   this case.  But one is the Plaintiff's past lost wages

5   and benefits; two, is the present value of the

6   Plaintiff's future lost wages and benefits; and three, is

7   the physical pain and mental anguish which Plaintiff may

8   have suffered in the past, and which you find he is

9   reasonably certain to suffer in the future, including an

10  amount to fairly compensate him for any permanent

11  physical disability which he may have suffered.  In

12  connection with the question of damages, I charge you as

13  follows:  Damages are given as pay or compensation for

14  injury done, where the law requires one party to pay

15  damages to another, it seeks to see that the damages

16  awarded are fair to both parties.  If you believe from a

17  preponderance of the evidence that the Plaintiff is

18  entitled to recover you should award to him such sums as

19  you believe are reasonable and just in the case.  The

20  only purpose of an award of damages to the Plaintiff is

21  to compensate him for injury and damages done, and not to

22  impose any penalty or punishment on the Defendant.  I am

23  going to charge you on this principle of law concerning

24  aggravation, or preexisting condition.  And that is, I

25  charge you that a Defendant, when committing a negligent

1    act, takes the injured party as he finds him physically,

2    and is not allowed to complain that the injury, if found

3    to be negligently committed, would in a normal person

4    cause less injury than it does in a person already

5    impaired.  The law is, that an aggravation or a worsening

6    of the previous condition, or prolonged recovery from an

7    original condition through additional trauma, negligently

8    inflicted, is a compensable injury for which damages will

9    lie.  So, if you should find that the Plaintiff received

10   an injury as a result of the negligence of the Defendant,

11   either a new injury or an injury that resulted in any

12   aggravation of a condition already existing, then the

13   Plaintiff could recover damages for the new injury, or

14   the aggravation of the preexisting condition.  But the

15   Defendant is not responsible for any physical infirmities

16   that you may find that the Plaintiff had that were due to

17   any other causes, other than the alleged incident

18   involved in this case.  And if you find that the

19   Plaintiff had some other injury, pain, or discomfort,

20   which is attributable to other causes and not to this

21   incident, then you could not hold the Defendant

22   responsible for that injury in this particular case.  All

23   right, in arriving at the amount of an award to be given

24   to the Plaintiff for past lost wages and fringe benefits,

25   you may include in your award a reasonable value of the

1    lost income, if any, as shown by the evidence to your

2    satisfaction, and that may have been necessarily lost up

3    to the present date by the Plaintiff since the time of

4    his injury because of his being unable to pursue his

5    occupation as a result of the injury.  In determining

6    this amount, you should consider any evidence of the

7    Plaintiff's earning capacity, his earnings, and the

8    manner in which he ordinarily occupied his time before

9    the injury, and find that he was reasonably certain to

10    have earned during the time so lost had he not been

11    disabled, that's past lost wages.  In arriving at the

12    amount of an award to be given to the Plaintiff for

13    future lost wages and benefits, you may include in your

14    award a sum that will reasonably compensate the Plaintiff

15    for the reasonable value of the time and wages of any

16    shown by the evidence in the case which will necessarily

17    be lost in the future by the Plaintiff because of his

18    injury.  In arriving at this amount, of your award, of

19    any loss of future earnings you should consider what the

20    Plaintiff's health, physical ability, and earning power

21    or capacity was before the accident, and what they are

22    now.  You should also consider the nature and the extent

23    of his injury, and whether his injuries are reasonably

24    certain to be permanent or not permanent, the extent of

25    their duration, all to the end of determining, first, the

1    effect if any, of the injury upon future earnings; and

2    second, the present cash value of any lost future

3    earnings which you are reasonably satisfied from the

4    evidence in this case that the Plaintiff is reasonably

5    certain to lose in the future as a result of the injury.

6    Present cash value means the sum of money needed now,

7    which when added to what that sum will reasonably be

8    expected to earn in the future, will equal such earnings

9    at the time in the future when these earnings would have

10   been received, taking into consideration inflation and

11   future taxation.  The award of damages for future lost

12   earnings must be reduced to present cash value.  Adequate

13   allowance must be made for the earning power of money and

14   future earnings should be calculated on the length of

15   time Plaintiff would presently be employed, rather than

16   on the time he would expect to live.  You are entitled to

17   consider all factors or circumstances, such as illness,

18   retirement, either compulsory or voluntary, the nature

19   and hazards of the employment of Plaintiff, accidents,

20   the possibility of obtaining other suitable employment,

21   death and other like matters, which might tend to

22   increase or decrease as a pecuniary loss.  No damage

23   relating to the future may be awarded by you unless it

24   has been proven to you by a preponderance of the

25   evidence, not only that the Plaintiff will, in fact,

1    sustain future damages growing out of Defendant's

2    negligence, if any, but also what the extent of future

3    damages, if any, will be.  Any amounts that you allow for

4    damages here shall be not subject to income tax,

5    therefore, you should neither add nor subtract for income

6    tax in arriving at your verdict.

7        All right, now we are going to talk about pain and

8    suffering.  In arriving at the amount of award to be

9    given to the Plaintiff, you may include in your award a

10   sum that would reasonably compensate Plaintiff for any

11   pain and suffering and mental anguish already suffered by

12   him resulting from the injury, and which will reasonably

13   compensate him for any pain and suffering, and mental

14   anguish, you find from the evidence that he is reasonably

15   certain to suffer in the future from the same cause.

16   Your award for pain and suffering should include, not

17   only the actual physical pain and the mental anguish

18   suffered by the Plaintiff, but also for any loss of

19   enjoyment of life, which he has reasonably suffered, or

20   is already suffering, and is reasonably certain to suffer

21   in the future, or any physical disability which he has

22   suffered in the past, which he is reasonably certain to

23   suffer from in the future.  The rule for your use,

24   Members of the Jury, should you determine that the

25   Plaintiff is entitled to recover for pain and suffering

1  is your enlightened consciences.  As upright and

2  impartial jurors acting under the sanctity of your oath.

3  That is the standard for you to use in determining an

4  award of pain -- of damages for pain and suffering, your

5  enlightened consciences as upright and impartial jurors

6  acting under the sanctity of your oaths.  All right, that

7  covers damages.

8      Now, you are not concerned, Members of the Jury,

9  with the effect of your verdict.  And your verdict should

10  not be based on either prejudice or sympathy for or

11  against either party in the case.  You are only

12  responsible for your verdict speaking the truth of the

13  case itself.  Now, I am going to send out to you, with

14  you into the jury room, a form that's called Jury

15  Verdict, and it has two places, and you will check one of

16  them.  And it says, we the jury find for the, in the

17  first space where you could check, says Plaintiff, in the

18  amount of blank dollars, or a place where you can place a

19  check, Defendant.  So the form of your verdict, if you

20  find for the Plaintiff, would be to check that first

21  line, and it would then say, we the Jury find for the

22  Plaintiff in the amount of, and then you would insert the

23  figure of damages as you come up with.  That figure would

24  be a single figure representing all three elements of

25  damages that I have explained to you, past lost wages,

1    future lost wages, pain and suffering.  You would not

2    break those figures down into the three categories, you

3    would insert a single figure that would represent the

4    total of those elements of damages.  Or if your verdict

5    is for the Defendant, then you would check this second

6    spot here so that your verdict would then read, we the

7    Jury find for the Defendant, and your foreperson would

8    then date it and sign it.  So one of your first duties

9    when you get back there in the Jury room in a minute will

10   be to elect one of your members to act as foreperson, who

11   will then preside over your deliberations, and who will

12   then fill out, date and sign this verdict form as I have

13   explained, for it then to be returned into the courtroom

14   to be published.  Your verdict must be unanimous, that

15   is, all 12 of you must freely and voluntarily agree to

16   whatever verdict you reach.  You should start your

17   deliberations with an open mind, and consult with one

18   another, consider each other's views.  Each of you must

19   decide the case for yourself, but you should do so only

20   after discussion and consideration of the case with your

21   fellow jurors.  Do not hesitate to change an opinion if

22   you are convinced that it's wrong, but you should never

23   surrender honest convictions or opinions in order to be

24   congenial, or to reach a verdict solely because of the

25   opinions of the other jurors.  Now, I am going to be ask

1  that you be taken to the Jury room in just a moment, but

2  do not begin your deliberations until I send out to you

3  this Verdict form, and also the exhibits that have been

4  admitted during the trial.  We will get those together,

5  and it may take us a few minutes to get all this

6  together.  But wait for all these items to be sent back

7  to you in the jury room, and once you have those things,

8  then you may begin talking about the case with one

9  another.  Everyone remain seated while the jurors are

10  taken to the Jury room.

11 (JURY LEAVES COURTROOM)

12   THE COURT:    First, though, are there any

13  exceptions to the charge on behalf of the Plaintiff?

14   MR. WETTERMARK:    Not from the Plaintiff, Your

15  Honor.

16   THE COURT:    Any exceptions to the charge on the

17  part of the Defense?

18   MR. GARLAND:    Your Honor, I would except to the

19  latter part of the charge where Your Honor goes into a

20  breakdown with exactly how to fill out that form, and

21  since it does not have a place on there for the

22  contributory negligence, it looks like that might be

23  omitted.  And although you said it earlier in the charge,

24  then I guess that's one of my feelings about having that

25  special verdict, because I am afraid now that

1    overemphasizes that they find the three elements of

2    damage and lump them into one and then that's it.  And

3    there was no mention there made about subtracting the

4    percentage of contributory negligence in that final

5    explanation.

6         THE COURT:    Is that it?

7         MR. GARLAND:   I would also except, Your Honor, as

8    to page 8 in giving the so little amount charge there.  I

9    think that --

10        THE COURT:    I don't know if you are referring

11   to a page.  I don't know what I gave you all

12   beforehand would be perfecting the record necessarily.

13   This won't --

14        MR. GARLAND:   That would be specifically the charge

15   there that says, for the purpose of this action

16   negligence is a legal cause, no matter how small, in

17   bringing about an actual cause for the injury to the

18   Plaintiff, I would object to that, Judge.  And then it's

19   used again in the next sentence there, too, about no

20   matter how small as being a standard that I contend is

21   applicable only to the extent of negligence to get the

22   case to the jury in the first place, and not to just the

23   general negligence decision.

24        THE COURT:    Okay.  Anything else?

25        MR. GARLAND:   That was it.

1      THE COURT:    Well, I frankly think Mr. Garland

2  makes a good point about my explanation of the verdict

3  form.  I am going to put them back in there and clarify

4  that point.  I think that's a fair point.  Would you put

5  the Jury back in?

6  (JURY ENTERS COURTROOM)

7      THE COURT:    Ladies and Gentlemen, let me clarify

8  one point.  When I was explaining to you this Jury

9  Verdict form, of course, it is intended to be merely the

10  way that you express to us your verdict.  And in getting

11  to your verdict that would be reflected on this piece of

12  paper that you will have as the form to do so, you should

13  take into account all of the instructions that I have

14  given you about the liability issues insofar as

15  negligence, the affirmative defenses raised by the

16  railway company insofar as contributory negligence or

17  mitigation of damages, all those things I have explained

18  to you as far as the legal principles, the liability, the

19  defenses, damages, should be taken into account by you

20  when you reach your verdict.  And again that includes,

21  was the railroad negligent, was any negligence on the

22  part of the Plaintiff, if so how do you attribute or

23  apportion that.  And to the extent you do apportion some

24  negligence to the Plaintiff, when you figure out what the

25  total damages should be, you would reduce those by that

1      percentage that you come up with if you do come up with

2      any such figure, and then the issue of the damages and

3      how you would calculate those based on the instructions I

4      have given you as to those three elements of damage, and

5      then whether there was mitigation.  In other words, all

6      those things I covered in the charge should be taken into

7      account when it comes to the point of you reducing it all

8      down to your verdict that will be reflected on this form

9      that I have explained to you.  So with that

10     clarification, you may take the jury back to the jury

11     room and we will have all these items ready for you in a

12     few minutes.

13          JUROR:   May I ask a question?

14          THE COURT:  No, ma'am, as much as I want to know

15     what is on your mind.  If you have a question you can

16     write it down and let the bailiff bring it to me.

17  (JURY LEAVES COURTROOM)

18          THE COURT:    Any exceptions on the part of anybody

19     to the recharge?

20          MR. WETTERMARK:    Not from the Plaintiff.

21          MR. GARLAND:  Not from the Defendant, I thought

22     that was appropriate.

23          MR. WETTERMARK:    I have heard that, may I ask a

24     question before.

25          THE COURT:    I have, too, and the urge is to say,

1    yes, go ahead.

2         MR. WETTERMARK:    I bet she wants a copy of the

3    written charge.

4         THE COURT:    That's entirely possible.  All right,

5    here is the verdict form.  Are all the exhibits organized

6    and -- you all may need -- all right, for the record,

7    that is a good point.  Let me make clear for the record

8    Defendant's Exhibits 7, 8, 9, and 10, to which there was

9    an objection stated by the Plaintiff earlier today, I

10   sustained the objection and will not allow Defendant's

11   Exhibits 7 through 10 to go out with the Jury.  They need

12   to be in the record, I suppose, but I will not allow them

13   to go out with the Jury.

14   (DISCUSSION ABOUT EXHIBITS OFF THE RECORD)

15   (Plaintiff's Exhibit 5 was withdrawn)

16   (Plaintiff's Exhibits 41 & 43 were admitted by agreement

17   between the parties).

18   (Defendant's Exhibits 23 & 30 were admitted by agreement

19   between the parties).

20   (NOTE FROM JURY)

21        THE COURT:    Here it is.  "Are we to assume that

22   the Plaintiff has had no income for three or so years?".

23   One.  "Were all of his medical bills paid by railroad, 100

24   percent?"  First question actually has a thing over to

25   the side here, "Are we to assume that the Plaintiff has

1 had no income for three or so years except for part-time

2 job he now holds?".    You all are welcome to look at the

3 note.    That just may be her concern.

4   MR. WETTERMARK:    How do we answer that?

5   THE COURT:    Well, of course, the medical bills, I

6 told them, that's not part of the case.    I mean, that's

7 just not part of their consideration of the case.    It

8 doesn't matter -- though I think the railroad does pay

9 them under that deal, or something.    I think they got

10 some kind of agreement they worked out some years ago.

11   MR. GARLAND:    I'm afraid you better just say you

12 can't comment other than what you have said, because I

13 can't -- I don't think you can really say that in answer

14 to either one of them.    I think on the bills it's pretty

15 clear.    But, in answering that, I don't know what to say,

16 because -- and it's one thing not allowing evidence of

17 this other income, but it's another thing to

18 affirmatively represent that it has been done -- if they

19 represented --

20   MR. WETTERMARK:    Just tell them you can't answer

21 it.

22   MR. GARLAND:    If they represented that in the

23 case then that would have opened the door for me to prove

24 that that was not accurate.

25   MR. WETTERMARK:    I think what the issue would be

1    the generic response, that you have asked these

2    questions, say you have to decide the evidence just on

3    what you have heard, just the evidence you have heard in

4    the courtroom for the first question.

5            MR. GARLAND:    That's for the first.  And for the

6    second one, I guess you can just say medical bills --

7    just kind of like you said it in your charge --

8            THE COURT:     Yes.  This is not part of it.  Well,

9    the question is, do I just go stand in the door and tell

10    them or bring them back in here?   I --

11           MR. GARLAND:    If you just want to go stand --

12           THE COURT:     Well, you all would --

13           MR. GARLAND:    That would be fine.

14          MR. WETTERMARK:    That would be fine.

15          THE COURT:     You would be hearing and seeing

16    everything I say.

17          MR. WETTERMARK:    That's what I was trying -- on

18    the medical bill question, I think I would agree that in

19    this case the medical bills aren't an issue in this case,

20    and so you don't even have to consider them, you should

21    not consider the past medical bills, that's a simple way.

22    And on the first question --

23          THE COURT:     You rely on the evidence presented to

24    you during the trial.

25          MR. WETTERMARK:    Yes.  You have to decide the

1      case on the evidence -- you have come here, you have

2      heard all the evidence, that's all you can get.

3            THE COURT:      You should not assume anything?

4            MR. GARLAND:    That's right.  I think that's a fair

5      way to say it.

6            THE COURT:      You want me to bring them in here or

7      just go stand at the door?  I've never done the stand at

8      the door routine, but I just want to get it in their

9      hands, and get them started.

10           MR. WETTERMARK:  Just say your verdict should be

11     based just on the evidence you heard during the trial and

12     should not be made on assumptions you make.

13     (JUDGE ANSWERS JURY'S QUESTION STANDING IN THE DOOR OF THE

14     JURY ROOM IN THE PRESENCE OF BOTH ATTORNEYS).

15           THE COURT:      This letter will be made part of the

16     record.

17     (COURT IN RECESS 3:10 p.m. To 3:50 p.m. WAITING ON VERDICT)

18           THE COURT:      I understand we have a verdict.

19     Please bring in the jury.

20     (JURY ENTERS COURTROOM)

21           THE COURT:      All right, Members of the Jury, I

22     understand you have reached a verdict; is that correct?

23           FOREPERSON:    Yes.

24           THE COURT:      If you will please hand that verdict

25     form to the Clerk, she'll see if it's in proper form and

1    then publish it.

2         THE CLERK:    In the State Court of Bibb County,

3    State of Georgia, Civil Action number 45273, Lester E.

4    Kirkland, Jr., versus Norfolk Southern Railway Company,

5    we the Jury find for the Plaintiff in the amount of

6    $1,924,500 this 21st day of March, 2001, Terry L.

7    Jenkins, Foreperson.

8         THE COURT:    Any matters to be addressed before

9    the Jurors are excused?

10        MR. WETTERMARK:    Not from the Plaintiff, Your

11   Honor.

12        THE COURT:    Mr. Garland?

13        MR. GARLAND:    Not from the Defendant.

14        THE COURT:    All right, Ladies and Gentlemen, this

15   will conclude your service for this term of court, and

16   it's -- you have put in three good days, and, as the

17   attorneys have said, I will say again, we do appreciate

18   your service to the court here this week.  You have been

19   an attentive jury and on time, and I appreciate your

20   cooperation in those matters.  I think everybody worked

21   well together to present it to you and keep it moving,

22   and put it in your hands, so this, as I say, will

23   conclude your service.  Once I step out, and you will

24   hang around a few minutes, the clerk will give you the

25   check for your Jury service that you are entitled to

1      under the law.  It's not a lot, but it is what the law

2      provides, it ought to at least cover your parking

3      tickets, or what not, but she will also be glad to

4      provide you excuses if you need that for work or school,

5      as the case may be, just hang around and she will provide

6      that for you.  Sometimes it comes up that the lawyers may

7      want to talk to you about your verdict, and I tell Jurors

8      that is something that attorneys or the parties may do.

9      But it's up to you as to whether you want to talk, if you

10     prefer not to, you just say, I don't want to talk about

11     it, that should be the end of the matter.  If you don't

12     object to doing so, though, it's okay for you to do so.

13     We do ask that it be done -- let us kind of get the

14     courtroom cleared out, and it will be done out in the

15     lobby so we can lock up here in the courtroom for the

16     day.  But we do appreciate your service.  Hope you will

17     have a good rest of the week, and may have you back down

18     sometimes, but again, thank you for your service.  We'll

19     be in recess.

20  COURT ADJOURNED: 3:55 p.m.

21

22

23

24

25

CERTIFICATE OF REPORTER

GEORGIA, JONES COUNTY:

I, Julia J. Scarborough, CCR, B-908, CERTIFY that acting in such capacity on March 21, 2001, I reported the trial in the above captioned case held before Hon. William Adams, and on the foregoing pages, numbered 5 through 398, both inclusive, have transcribed a true and accurate transcript of the same.

I FURTHER CERTIFY that I am not counsel for nor related to any of the parties; nor am I interested in the event or the outcome thereof.

WITNESS my hand and official seal this 30th day of April 2001.

_____ CCR
Certificate No. B-908

1
## INDEX TO PLAINTIFF'S EXHIBITS

2

| EXHIBIT NO: | PAGE NO: | EXHIBIT NO: | PAGE NO: |
|---|---|---|---|
| 1 | 179 | 25 | 202 |
| 2 | 180 | 26 | 203 |
| 3 | 181 | 27 | 204 |
| 4 | 182 | 28 | 205 |
| 6 | 183 | 29 | 206 |
| 7 | 184 | 30 | 207 |
| 8 | 185 | 31 | 208 |
| 9 | 186 | 32 | 209 |
| 10 | 187 | 33 | 210 |
| 11 | 188 | 34 | 211 |
| 12 | 189 | 36 | 212 |
| 13 | 190 | 37 | 214 |
| 14 | 191 | 38 | 217 |
| 15 | 192 | 39 | 220 |
| 16 | 193 | 40 | 222 |
| 17 | 194 | 41 | 223 |
| 18 | 195 | 43 | 232 |
| 19 | 196 | 44 | 235 |
| 20 | 197 | 47 | 239 |
| 21 | 198 | 48 | 289 |
| 22 | 199 | 50 | 290 |
| 23 | 200 | 52 | 291 |
| 24 | 201 | 54 | 293 |

1                        INDEX TO PLAINTIFF'S EXHIBITS

2          EXHIBIT NO:            PAGE NO:

3             61                    294

4             62                    295

5             65                    296

6             66                    297

7             67                    298

8             68                    299

9                        INDEX TO DEFENDANT'S EXHIBITS

10         EXHIBIT NO:            PAGE NO:        EXHIBIT NO:    PAGE NO:

11            3                    300              22            324

12            4                    301              23            325

13            5                    302              24            326

14            6                    303              26            327

15            7                    304              29            328

16            8                    307              30            329

17            9                    308              32            330

18           10                    309

19           12                    314

20           14                    315

21           15                    317

22           16                    318

23           18                    319

24           19                    320

25           20                    322

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



PLAINTIFF'S EXHIBIT NO. 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



PLAINTIFF'S EXHIBIT NO. 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



PLAINTIFF'S EXHIBIT NO. 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



PLAINTIFF'S EXHIBIT NO. 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



PLAINTIFF'S EXHIBIT NO. 6



PLAINTIFF'S EXHIBIT NO. 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



PLAINTIFF'S EXHIBIT NO. 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



PLAINITFF'S EXHIBIT NO. 9

PLAINTIFF'S EXHIBIT NO. 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



PLAINTIFF'S EXHIBIT NO. 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



PLAINTIFF'S EXHIBIT NO. 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



PLAINTIFF'S EXHIBIT NO. 13



Blumberg No. 5113

PLAINTIFF'S
EXHIBIT
14





Blumberg No. 5113

PLAINTIFF'S
EXHIBIT

⅛



PLAINTIFF'S
EXHIBIT



PLAINTIFF'S EXHIBIT

