**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (KG) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | | Re: Docket No.: 32838 |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REORGANIZED DEBTORS TO EXCEED THE PAGE LIMIT REQUIREMENT FOR OMNIBUS MEMORANDUM IN SUPPORT OF GRANTING THE REORGANIZED DEBTORS' SUMMARY JUDGMENT MOTION, DENYING NORFOLK SOUTHERN'S CROSS-MOTION AND DISALLOWING NORFOLK SOUTHERN'S INDEMNIFICATION CLAIM**

W. R. Grace & Co., et al., the above-captioned reorganized debtors (collectively, the "Reorganized Debtors" or "Grace") file this motion for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), authorizing the Reorganized Debtors to exceed the page limit requirement for the *Omnibus Memorandum in Support of Granting the Reorganized Debtors' Summary Judgment Motion, Denying Norfolk Southern's Cross-Motion and Disallowing Norfolk Southern's Indemnification Claim* (the "Omnibus Memorandum"). In support of this motion, the Reorganized Debtors respectfully state as follows.

**Jurisdiction**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is Rule 7007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Background**

4. On October 13, 2016, the Reorganized Debtors filed the *Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 for Partial Allowance and Partial Disallowance of Claim No. 7021, Filed by Norfolk Southern Railway Company* [Docket No. 929575] (the "Summary Judgment Motion).

5. On January 27, 2017, Norfolk Southern Railway Company ("Norfolk") filed the Norfolk Southern Railway Company's *Cross-Motion for Summary Judgment Allowing Claim No. 7021* [Docket No. 32825] (the "Cross-Motion").

6. On January 27, 2017, Norfolk filed the *Norfolk Southern Railway Company's (I) Answering Brief in Opposition to Reorganized Debtors' Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 for Partial Allowance and Partial Disallowance of Claim No. 7021 and (II) Opening Brief In Support of Norfolk Southern's Cross-Motion for Summary Judgment* [Docket No. 32826] (the "Answering Brief").

7. On March 8, 2017, the Reorganized Debtors filed the *Omnibus Memorandum in Support of Granting the Reorganized Debtors' Summary Judgment Motion,*

2

*Denying Norfolk Southern's Cross-Motion and Disallowing Norfolk Southern's Indemnification Claim* [Docket No. 32838] (the "Omnibus Memorandum").

### Relief Requested

8. By this Motion, Grace requests that the Court enter the Order authorizing the Reorganized Debtors to exceed the page limit requirement for the Omnibus Memorandum.

### Basis for Relief

9. Local Rule 7007-2 and the General Chambers Procedures, dated June 30, 2011, provide that no response shall exceed 40 pages in length and no reply shall exceed 20 pages in length. Del. Bankr. L.R. 7007-2(a)(iv); General Chambers Pro. at 3, ¶ 2(a)(vi). However, a response or reply may exceed the page limit with leave of the court.

10. The Reorganized Debtors respectfully submit that authority to exceed the page limitations prescribed by Local Rule 7007-2 and the General Chambers Procedures in connection with the Omnibus Memorandum is reasonable and appropriate under the circumstances. The Omnibus Memorandum, as filed, exceeds 100 pages in length.

11. The Omnibus Memorandum (14 pages) was filed to assist the Court and provide a cohesive vehicle through which the Reorganized Debtors could reply and respond to the filings of Norfolk. Attached as Exhibit A to the Omnibus Memorandum was the *Reply in Support of the Reorganized Debtors' Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 for Partial Disallowance of Claim No. 7021, Filed By Norfolk Southern Railway*, which consisted of 52 pages ( the "Reply") and attached as Exhibit B to the Memorandum was the *Response to Norfolk Southern's Cross-Motion for Summary Judgment Allowing Claim No. 7021,*

*Filed on January 27, 2017*, which consisted of 18 pages (the "Response"). Under the Local Rules and the Chambers Procedures, and answering brief is not to exceed forty (40) pages and a reply brief is not to exceed twenty (20) pages. Taken together, Grace's Reply and Response total seventy (70) pages.

12. Grace also filed its *Memorandum in Support of the Court's Entry of an Order Finding that the FELA Action Trial Record is Inadmissible for the Purpose of Norfolk Southern Establishing its Indemnification Claim* (21 pages) (the "Inadmissible Hearsay Memorandum") which seeks exclusion of FELA Action Trial Record. Although the Inadmissible Hearsay Memorandum is attached to the Omnibus Memorandum, it seeks relief and could have been filed as its own motion.

13. Given the substantial background information and legal analysis required for the Reorganized Debtors to establish the basis upon which the Summary Judgment Motion can be granted and to satisfactorily reply to the Answering Brief and respond to the Cross-Motion, Grace structured the Reply and Response, added the Omnibus Memorandum and seeks relief in the Inadmissible Hearsay Memorandum. If each filing was done separately, Grace would only need relief from the page limitation for its Reply. Given that the facts and arguments are interrelated, Grace sought to present its argument in a cohesive fashion and prepared the Omnibus Memorandum as a cover memo.

14. Accordingly, Grace requests relief from the page limitations of the Local Rules and Chambers Procedures.

4

DOCS_DE:212667.2 91100/001

WHEREFORE, for the reasons set forth herein, The Reorganized Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: March 10, 2017

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
Phone: (312) 666-0431

and

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley, P.C.
300 North LaSalle Street
Chicago, IL 60654
Phone: (312) 862-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
PO Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Phone: (302) 652-4100
Fax: (302) 652-4400

Co-Counsel for the Reorganized Debtors

DOCS_DE:212667.2 91100/001