## Exhibit A

**Form of Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KG) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | Re docket no. _____ |
| | ) | Hearing Agenda item no. _____ |

**ORDER BARRING THE KIRKLAND TESTIMONY IN FELA ACTION AS HEARSAY EVIDENCE**

Upon consideration of the *Motion for an Order Barring Kirkland Testimony in FELA Action as Hearsay Evidence* (the "Motion") it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties-in-interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1. The Motion is granted in its entirety.

2. The testimony of Lester Kirkland in the action captioned, *Lester F. Kirkland, Jr., v. Norfolk Southern Railway Co.*, C. A. No. 45273 (the "FELA Action") is found to be

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co. Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

inadmissible hearsay for the purpose of Norfolk Southern Railway ("Norfolk Southern") carrying its burden of proof as to the indemnity portion of claim no. 7021 (Norfolk Southern's "Claim").

3. Norfolk Southern is barred from introducing any portion of Mr. Kirkland's FELA Action testimony as evidence to prove the truth of any claims asserted by Norfolk Southern against Grace in regard to the resolution of the Norfolk Southern Claim.

4. This Court finds that Norfolk Southern did not "vouch" the Reogranized Debtor into Mr. Kirkland's FELA Action against Norfolk Southern, and thus the verdict in the FELA Action has no claim or issue preclusive effects on the Reorganized Debtor in the resolution of Claim no. 7021.

5. This Court finds that the only issue of consequence for this Contested Matter that was resolved in Mr. Kirkland's FELA Action against Norfolk Southern was that Norfolk Southern's negligence caused Mr. Kirkland's injuries. Norfolk Southern is precluded from relitigating that issue in the resolution of Claim no. 7021

6. This Order shall not restrict the Reorganized Debtors from introducing any portion of the FELA Action trial record, including but not limited to Mr. Kirkland's testimony therein.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and resolution of the Norfolk Southern Claim.

9.  This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2017

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Honorable Kevin Gross
　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge