## Exhibit B

## S. B. Whitter Letter, Dated November 8, 2007

| | | |
|---|---|---|
| **Legal Services Group** | W. R. Grace & Co.-Conn.<br>7500 Grace Drive<br>Columbia, MD 21044 | T 410.531.4075<br>F 410.531.4195<br>E scott.whittier@grace.com<br>W grace.com |

Scott B. Whittier
Corporate Counsel

November 8, 2007

<u>***VIA AIR COURIER***</u>

William H. Johnson
Norfolk Southern Corporation
Three Commercial Place
Norfolk, Virginia 23510-9242

    Re:   Norfolk Southern Proof of Claim number 0007021

Dear Mr. Johnson:

    As you recall, I sent you a letter on June 11, 2007 regarding Norfolk Southern's referenced proof of claim filed in W. R. Grace's bankruptcy action. We subsequently discussed this matter, and I agreed to put together a summary of Grace's view of the case to spur settlement discussions.

    I did not send the summary, in part because I suddenly got rather busy, but also because after some reflection on our discussion, it seemed that Norfolk Southern's view of the claim is vastly different than Grace's view, and I thought the effort to draft a summary might not be productive. I still feel that this claim is one where both parties would benefit by resolving the claim prior to Grace emerging from bankruptcy, however; both parties would save litigation costs, and a settlement would allow Norfolk Southern to receive settlement funds much earlier than if litigation began once Grace emerged from bankruptcy.

    Therefore, after consultation with bankruptcy counsel, I believe for the reasons stated above this claim would be a good candidate for mediation. The Delaware Bankruptcy Court has a structure and procedure for proofs of claim referred to mediation, outlined as follows:

> - Grace would file an objection to the Norfolk Southern claim, allowing the claim to be referred to mediation, rather than setting it for hearing before the court.
> - Norfolk Southern would have two weeks to file a response.
> - The matter would be referred to the court-appointed mediator, Judge Ray Thieme.
> - Judge Thieme would then conduct a conference call with both parties outlining the background of the case and the issues for resolution,

    reviewing the objection and response filed by each party. Based on the facts of the case, the judge would decide what documents should be filed for the mediation. In the last mediation, for example, each party filed a mediation brief, with a joint exhibit book.

- The mediation can be located wherever the parties find convenient. Judge Thieme is located in Maryland, and our bankruptcy counsel have offered their Washington, D.C. offices, for example.
- If the parties subsequently settle the claim, Grace's bankruptcy counsel would file either a notice or motion for approval with the court.

    Although W. R. Grace cannot pay any claims prior to emerging from bankruptcy, it is important to note that reaching settlement prior to Grace emerging from bankruptcy would offer Norfolk Southern two advantageous alternatives. First, as mentioned before, Norfolk Southern could receive the agreed settlement amount immediately after Grace emerges from bankruptcy. Second, after a party has secured an allowed claim in the Grace bankruptcy, such as after settlement, that claim can be monetized immediately via sale to a third party. Many claims have been converted into cash in this way.

    Please consider the above proposal and let me know if Norfolk Southern would be interested in mediation of this claim. If so, I will instruct bankruptcy counsel to begin the appropriate filings. If you have any questions, please don't hesitate to contact me.

Sincerely,

Scott B. Whittier
Corporate Counsel