# EXHIBIT A

## Form of Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KG) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) Re docket no. _____ |
| | ) Hearing Agenda item no. _____ |
| | ) |

### ORDER DISALLOWING CLAIM NO. 603, FILED BY JIM WRIGHT

Upon consideration of the Reorganized Debtors' *Objection to Claim No. 603 Filed by Jim Wright (Substantive)* (the "Objection) it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties-in-interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1. The Objection is granted in its entirety.

2. Claim no. 603, filed by Jim Wright, is disallowed in its entirety.

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co. Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Objection.

3. The Reorganized Debtors are authorized to take all actions that may be necessary to reflect the disallowance of Mr. Wright's Claim, including but not limited to directing Rust Consulting, Inc., their claims agent, to update the claims register to reflect such disallowance.

4. Notice of the Objection as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the disallowance of Mr. Wright's claim.

6. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2017

                                                Honorable Kevin Gross
                                                United States Bankruptcy Judge