IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KG) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) Hearing Date: May 3, 2017, at 11:00 a.m. ET |
| | ) Objection Deadline: April 23, 2017 |

**PROPOSED FINDINGS OF UNCONTESTED FACT IN SUPPORT OF THE REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 603 FILED BY JIM WRIGHT (SUBSTANTIVE)**

The Reorganized Debtors respectfully request the Court adopt the attached proposed findings of uncontested facts for purposes of adjudicating the Reorganized Debtors' *Objection to Claim No. 603 Filed by Jim Wright (Substantive)*, filed contemporaneously herewith:

### MR. WRIGHT'S PROOF OF CLAIM AND THE CHAPTER 11 CASES

1. On April 2, 2001, Grace and its affiliates commenced their chapter 11 cases (the "Petition Date"). On November 1, 2001, Jimmie E. Wright ("Mr. Wright") filed a proof of claim asserting a general unsecured claim of $651,678 (Claim no. 603, being the "Claim," a copy of which is attached hereto as Exhibit A). Attached to the proof of claim was a *Complaint at Law* (the "Complaint"), filed on February 25, 1999, commencing a matter in the United States District Court for the Northern District of Illinois (the "District Court") captioned, *Wright v. W. R. Grace & Co.-Conn., et al.*, Case no. 1:99-cv-01255 ("Mr. Wright's Civil Case").[2]

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2] A copy of the docket for Mr. Wright's Civil Case (the "Civil Case Docket") is attached hereto as Exhibit O.

2.      On August 26, 2008, the then-Debtors filed their *Amended Debtors' Twenty-Fifth Omnibus Objection to Claims (Substantive)* [Docket no. 19378] (the "25th Omnibus Objection").[3] The 25th Omnibus Objection objected to Mr. Wright's Claim on the basis of "no liability." At a hearing on September 29, 2008, counsel for the Debtors announced that, as to Mr. Wright's Claim, the 25th Objection was being continued to another hearing scheduled for October 20, 2008. (Transcript of Record, 7:7-8:13, September 28, 2008.) The 25th Omnibus Objection was continued thereafter, and Mr. Wright did not file a response to the 25th Omnibus Objection.

3.      Grace and its affiliates emerged from chapter 11 on February 3, 2014 (the "Effective Date"). *Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732]. The cases of all Grace affiliates other than Grace and Grace-Conn. have now been closed. *Final Decree (A) Closing Certain of The Chapter 11 Cases, (B) Removing Certain of The Chapter 11 Cases From The Joint Administration Order, and (C) Waiving the Requirement That the Reorganized Debtors File a Final Report For the Merged Subsidiaries*, dated March 15, 2014 [Docket no. 31880]; *Final Decree: (A) Closing Certain of the Chapter 11 Cases; (B) Removing Such Cases From the Joint Administration Order; and (C) Waiving The Requirement to File a Final Report For Such Cases*, dated October 14, 2014 [Docket no. 32429-1].

---

[3]    The 25th Omnibus Objection superseded and replaced the *Debtors' Twenty-Fifth Omnibus Objection to Claims (Substantive)* [Docket no. 19369], which was filed on the same date.

### Mr. Wright's Employment at Grace

4. Mr. Wright was born on June 18, 1937. (Complaint at ¶ 1.) He commenced his employment with Grace in 1965 or 1966. (Exit Interview, a copy of which is attached hereto as Exhibit B (states that employment commenced on July 19, 1965); "personal severance plan," dated January 5, 1996, ("Personal Severance Plan") a copy of which is attached hereto as Exhibit C (states that employment commenced on May 10, 1966); Complaint at ¶ 6 (states that employment commenced on January 1, 1965).)

5. On March 16, 1990, Mr. Wright was promoted to the position of Regional Manager for Region 350. ("Cryovac Announces" Bulletin, dated March 16, 1990, a copy of which is attached hereto as Exhibit D.)

6. Mr. Wright's employment with Grace terminated on March 31, 1996. (Complaint at ¶ 9.) As of that date, he had credited service of 29 years and 11 months. (Personal Severance Plan.) He collected severance pay in monthly installments beginning on April 1, 1996. Those payments terminated on July 15, 1997. (Personal Severance Plan; Cryovac Personnel Action Form, dated March 31, 1996, a copy of which is attached hereto as Exhibit E.) Mr. Wright has continued to receive all retirement benefits to which he was entitled as of his Retirement Date as such benefits have come due. (Complaint, *passim*; Personal Severance Plan.)

### The Grace Retirement Plan Documents Attached to Mr. Wright's Complaint

7. Mr. Wright's Complaint has attached to it two documents, one of which, labeled "Exhibit A," is entitled "W. R. Grace & Co. Retirement Plan for Salaried Employees" (the document being the "Grace Retirement Plan Manual" and the plan being the "Grace Retirement Plan"). The Complaint states that Exhibit B is a document entitled "The W. R. Grace & Co. Supplemental Retirement Plan," dated March 1993 (the document being the "Grace SERP Manual" and the plan being the "Grace SERP").

## MR. WRIGHT'S CIVIL CASE

8.   On February 25, 1999, Mr. Wright commenced his Civil Case by filing his Complaint. (Civil Case Docket; Complaint.) The Complaint named both Grace-Conn. and an entity styled as "Cryovac Division W. R. Grace & Co.-Conn. n/k/a Sealed Air Corp" (referred to hereinafter as "Sealed Air"). Mr. Wright alleged five counts on which Grace-Conn. could be held liable:

- Count I – Age discrimination pursuant to the Age Discrimination in Employment Act of 1967, 90 P.L. 202, 81 STAT. 602 (codified at 29 U.S.C. § 621 et seq.) ("ADEA");
- Count II – Breach of oral contract – a state law claim;
- Count III – Breach of written contract – a state law claim;
- Count IV – Promissory estoppel – a state law claim; and
- Count V – Negligent misrepresentations – a state law claim.

(Complaint, *passim*.)

9.   On June 24, 1999, Grace-Conn. and Sealed Air filed a motion seeking to dismiss Sealed Air as a defendant. Mr. Wright agreed to the motion. (*Motion to Dismiss*, dated June 24, 1999, Civil Case Docket no. 15, a copy of which is attached hereto as Exhibit F.)

10.   On June 25, 1999, Grace-Conn. filed an answer to the Complaint. (*W. R. Grace & Co.-Conn.'s Answer and Affirmative Defenses*, Civil Case Docket no. 12, a copy of which is attached hereto as Exhibit G.) On the same date, Grace-Conn. filed a motion to dismiss the Complaint, attached to which was a memorandum in support thereof. (*Defendant W. R. Grace & Co.-Conn.'s Motion to Dismiss Counts II-V of Plaintiff's Complaint*, dated June 25, 1999, Civil Case Docket no. 13 (the "Motion to Dismiss"), a copy of which is attached hereto as Exhibit H.)

11.   On July 15, 1999, the District Court entered a minute order dismissing Sealed Air, *nunc pro tunc*, as of July 2, 1999. (Civil Case Docket no. 17.)

12. On September 1, 1999, Mr. Wright filed a response to the Motion to Dismiss. (*Response to Motion to Dismiss*, dated September 1, 1999, Civil Docket no. 23, a copy of which is attached hereto as Exhibit I.) On September 17, Grace-Conn. filed a reply. (*Reply Memorandum in Support of Motion to Dismiss Counts II-V of Plaintiff's Complaint*, Civil Docket no. 24, a copy of which is attached hereto as Exhibit J.)

13. On November 22, 1999, counsel for Grace-Conn. served on counsel for Mr. Wright *Defendant's First Set of Interrogatories* and *Defendant's Request for Admission* (the "RFA"). (Telecopy, dated November 22, 1999, a copy of which is attached hereto as Exhibit K.) The two Certificates of Service attached to the Telecopy state that the two documents were initially served by first-class mail on November 4, 1999.

14. On December 8, 1999, Mr. Wright signed *Plaintiff's Response to Defendant's Request for Admission* (the "RFA Response"). (RFA Response, a copy of which is attached hereto as Exhibit L.) The RFA stated:

> Jim Wright did not file a charge of discrimination with the Equal Employment Opportunity Commission or the Illinois Human Rights Commission alleging age discrimination against W.R. Grace & Co.

(RFA.) Mr. Wright responded:

> Plaintiff admits that he did not file a charge of discrimination with the Human Rights Commission; plaintiff further states that he attempted to file a charge of discrimination with the Equal Employment Opportunity Commission, but that the EEOC would not accept his charge for filing because of timeliness.

(RFA Response.) Mr. Wright also admitted that he did not receive a Right to Sue letter from the Equal Employment Opportunity Commission regarding his age discrimination claim against Grace-Conn. (RFA Response.)

15. On February 8, 2000, counsel for Grace-Conn. sent a letter to counsel for Mr. Wright advising counsel that Grace intended to "file a motion for summary judgment on Count I of Plaintiff's Complaint alleging age discrimination under" ADEA. The letter further advised counsel that Grace-Conn. would "seek sanctions against both you and your client, as appropriate, if you continue to pursue Count I. As required by Rule 11, I have enclosed a copy of the motion we will file in 21 days if that Count is not voluntarily dismissed." (J. Gotshall letter, dated February 8, 2000, a copy of which is attached hereto as <u>Exhibit M</u>.) On February 24, 2000, counsel for Grace-Conn. sent a letter to counsel for Mr. Wright confirming that Mr. Wright had agreed to dismiss Count I of the Complaint. (J. Gotshall letter, dated February 24, 2000, a copy of which is attached hereto as <u>Exhibit N</u>.)

16. On March 17, 2000, the District Court entered a minute order stating that Mr. Wright "voluntarily dismisses counts 1 and 4," which were the ADEA and negligent misrepresentation claims. (Civil Case Docket no. 26.) The District Court also stated that it would rule on the Motion to Dismiss by May 5, 2000, a deadline that the court later extended to May 20, 2000. (Civil Case Docket.) On February 13, 2001, Mr. Wright filed a motion requesting the District Court rule on the Motion to Dismiss, which request the court granted. (Civil Case Docket nos. 27-28.) The District Court never ruled on Grace-Conn.'s Motion to Dismiss.

17. On April 11, 2001, Grace-Conn. filed a suggestion of bankruptcy. (*Suggestion of Bankruptcy*, dated April 11, 2001, Civil Case Docket no. 29.) On April 17, 2001, the District Court dismissed the Civil Case, striking all pending motions without prejudice. (Civil Court Docket no. 30.)

Dated: April 3, 2017

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley, P.C.m
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors