# Exhibit G

**Answer**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIM WRIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No:   99 C 1255 ) |
| W.R. GRACE & CO. - CONN., and CRYOVAC DIVISION W.R. GRACE & CO. - CONN. n/k/a SEALED AIR CORPORATION, | ) Judge Manning ) ) Magistrate Judge Ashman ) ) |
| Defendants. | ) |

FILED-EDA
99 JUN 25 PM 4: 17
CLERK
U.S. DISTRICT COURT

DOCKETED
JUN 28 1999

## NOTICE OF FILING

TO:  Amy C. Wright
Sikora & Wright, Ltd.
207 North Main Street
Suite 202
Crystal Lake, Illinois 60014

Caroline A. Mondschean
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601

PLEASE TAKE NOTICE that on June 25, 1999, the undersigned filed Defendant W.R. Grace & Co.-Conn.'s Answer And Affirmative Defenses to Count I with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, a copy of which is attached hereto and herewith served upon you.

_____
One of the Attorneys for Defendant
W.R. Grace & Co. - Conn.

Patrick J. Lamb
Julie L. Gottshall
Katten Muchin & Zavis
525 West Monroe Street, Suite 1600
Chicago, Illinois 60661-3693
(312) 902-5200

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIM WRIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No: 99 C 1255 |
| W.R. GRACE & CO. - CONN., and CRYOVAC DIVISION W.R. GRACE & CO. - CONN. n/k/a SEALED AIR CORPORATION, | ) Judge Manning ) ) Magistrate Judge Ashman ) |
| Defendants. | ) |

### DEFENDANT W.R. GRACE & CO-CONN.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant W.R. Grace & Co. - Conn. ("Grace"), by its attorneys, states the following as its Answer to Count I of Plaintiff's Complaint:

Complaint ¶1: This court has jurisdiction of this case pursuant to Section 7 of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §626, pursuant to the Older Workers in Benefit Protection Act (OWBPA), U.S.C. §623 (f)(2)(B)(ii), pursuant to 29 U.S.C. §1331, and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq.

Answer ¶1: Grace admits that this Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 to the extent Plaintiff purports to state a claim under the ADEA. Grace denies the remaining allegations contained in Paragraph 1.

Complaint ¶2: This action properly lies in this district pursuant to 29 U.S.C. § 1391 because the claim arose in this judicial district.

Answer ¶2: Grace admits the allegations contained in Paragraph 2.

Complaint ¶3: Plaintiff was born on June 18, 1937, and is now 61 years of age. Plaintiff is currently a resident of Glenwood Springs, Colorado. Prior to June 1996, plaintiff was at all times a resident of McHenry County, Illinois.

Answer ¶3: Upon information and belief, Grace admits that Plaintiff was born on June 18, 1937. Grace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3, and therefore denies same.

Complaint ¶4: Defendant, W.R. Grace & Co. - Conn. (hereafter "W.R. Grace & Co.") is a Connecticut Corporation with its principal place of business in Boca Raton, Florida, and with offices in both Chicago, and Buffalo Grove, Illinois.

Answer ¶4: Grace admits that it is a Connecticut corporation with its principal place of business in Boca Raton, Florida. Grace denies the remaining allegations contained in Paragraph 4.

Complaint ¶5: Defendant CRYOVAC PACKAGING DIVISION OF W.R. GRACE & CO. - CONN. n/k/a SEALED AIR CORP. (hereinafter "Cryovac"), was wholly owned and a division of Defendant W.R. Grace & Co., with its principal place of business in Duncan, South Carolina, and with offices in Buffalo Grove, Illinois.

Answer ¶5: Grace admits that Cryovac, n/k/a Sealed Air Corp., was a division of Grace, and that it had offices in Duncan, South Carolina, and Buffalo Grove, Illinois. Grace denies the remaining allegations contained in Paragraph 5.

Complaint ¶6: Plaintiff was hired by Defendant on January 1, 1965. The last position held by Plaintiff was Regional Manager at Cryovac.

Answer ¶6: Grace admits that the last position held by Plaintiff was Regional Sales Manager at Cryovac. Grace denies the remaining allegations contained in Paragraph 6.

Complaint ¶7: At all times pertinent hereto, Plaintiff performed his job in a satisfactory manner.

Answer ¶7: Upon information and belief, Grace admits the allegations contained in Paragraph 7.

Complaint ¶8: On or about February or March 1996, without prior notice or warning and without just cause by Defendant, Plaintiff, was constructively terminated by Defendant. Plaintiff was told that his job was being eliminated at Cryovac and that there were no other job assignments for him in the company. There was no legitimate business reason for Plaintiff's termination.

Answer ¶8: Grace admits that Plaintiff's employment terminated on March 31, 1996. Grace denies the remaining allegations contained in Paragraph 8.

Complaint ¶9: On March 31, 1996, plaintiff was threatened, intimidated and coerced into accepting an Early Retirement Incentive Plan, in direct violation of the Older Workers in Benefit Protection Act (OWBPA), 29 U.S.C. §623 (f)(2) (B)(ii). Plaintiff's decision to retire was not voluntary, and Plaintiff was not given complete and accurate information regarding his benefits.

Answer ¶9: Grace admits that Plaintiff's employment terminated on March 31, 1996. Grace denies the remaining allegations contained in Paragraph 9.

Complaint ¶10: Plaintiff voiced objection to the early retirement plan being forced on him, and Plaintiff expressed his wish to work to the age of 62, or normal retirement.

Answer: Upon information and belief, Grace denies the allegations contained in Paragraph 10.

Complaint ¶11: On April 1, 1996, after his termination, Plaintiff's job duties were assumed by a younger employee, approximately age 40.

Answer: Grace denies the allegations contained in Paragraph 11.

Complaint ¶12: By terminating plaintiff, and threatening, intimidating and coercing plaintiff into accepting an Early Retirement Incentive Plan, Defendants and its agents have wilfully and intentionally discriminated against plaintiff on the basis of his age.

Answer ¶12: Grace denies the allegations contained in Paragraph 12.

Complaint ¶13: Further, by terminating plaintiff's employment, Defendants knew and/or showed reckless disregard for the matter of whether its conduct violated the ADEA.

Answer ¶13: Grace denies the allegations contained in Paragraph 13.

Complaint ¶14: As a result of the unlawful and wilful acts complained of herein, Plaintiff has suffered loss of employment, wages, benefits and other compensation.

Answer ¶14: Grace denies the allegations contained in Paragraph 14.

Complaint ¶15: Plaintiff has complied with all administrative prerequisites by filing a Charge of Discrimination based on age with the EEOC.

Answer ¶15: Upon information and belief, Grace denies the allegations contained in Paragraph 15.

WHEREFORE, Defendant, W.R. Grace & Co. -- Conn., respectfully requests that this Court enter judgment in its favor on Count I and against Plaintiff, and for such other and further relief as this Court deems just. The remaining counts of Plaintiff's Complaint are the subject of a motion to dismiss and, therefore, no answer is made thereto.

## AFFIRMATIVE DEFENSES TO COUNT I

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

3. This Court lacks subject matter jurisdiction over the claims asserted in Count I because Plaintiff did not file a timely charge of discrimination with the EEOC raising those claims.

4. Plaintiff's claims are barred to the extent he failed to raise them in a timely charge of discrimination with the EEOC.

5. Upon information and belief, Plaintiff failed to mitigate his damages.

Respectfully submitted:

Dated: June 25, 1999

*[signature]*
One of the Attorneys for Defendant
W.R. Grace & Co. – Conn.

Patrick J. Lamb
Julie L. Gottshall
Katten Muchin & Zavis
525 West Monroe Street
Suite 1600
Chicago, Illinois 60661-3693
(312) 902-5200

Doc #:CH01 (85011-00008) 20598982v1;6/24/1999/Time:14:40

## CERTIFICATE OF SERVICE

I, Rena M. Honorow, being duly sworn, state that I caused copies of the foregoing Notice Of Filing and Defendant W.R. Grace & Co.-Conn.'s Answer And Affirmative Defenses to Count I referred to therein, to be served upon the person to whom the Notice is addressed by enclosing said copies in a properly addressed envelope, postage prepaid, and depositing same in the United States mail at 525 West Monroe Street, Chicago, Illinois, this 25th day of June, 1999.

_____
Rena M. Honorow