<u>**E**XHIBIT **J**</u>

**Grace's Reply Memorandum**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D

SEP 1 7 1999

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

| | | |
|---|---|---|
| JIM WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 99 C 1255 |
| | ) | |
| W.R. GRACE & CO., | ) | Judge Manning |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

To:    Amy C. Wright
       Sikora & Wright
       207 North Main Street
       Suite 202
       Crystal Lake, Illinois 60014

PLEASE TAKE NOTICE that on September 17, 1999, the undersigned caused to be mailed for filing, the REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, with the Clerk of the United States District court for the Northern District of Illinois, Eastern Division, a copy of which is attached hereto and served upon you.

One of the Attorneys for Defendant
W.R. Grace & Co. - Conn.

Patrick J. Lamb
Julie L. Gottshall
Katten Muchin & Zavis
525 West Monroe Street, Suite 1600
Chicago, Illinois 60661-3693
(312) 902-5200

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JIM WRIGHT,

          Plaintiff,

    v.

W.R. GRACE & CO.,

          Defendant.

No. 99C1255

Judge Manning

TO:
The United States District Court
Northern District of Illinois
Office of the Clerk
Dirksen Federal Building
219 South Dearborn Street
Chicago, Illinois 60604

February 5, 2001

Attn: Clerk of the United States District Court

Kindly file the attached documents enclosed herewith:

- PLAINTIFF'S REQUEST FOR A DECISION, and
- NOTICE OF MOTION

Should you have any questions, please contact the undersigned at 815-455-1095.

SIKORA & WRIGHT, Ltd.

By: _Amy C. Wright_
       Attorneys for Plaintiff

Amy C. Wright
Sikora & Wright, Ltd.
Attorneys for Plaintiff
207 North Main Street, Suite 202
Crystal Lake, IL 60014
815-455-1095

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JIM WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99 C 1255 |
| | ) | |
| W.R. GRACE & CO., | ) | Judge Manning |
| | ) | |
| Defendant. | ) | |

## JOINT PROPOSED DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order, Plaintiff, Jim Wright, and Defendant, W.R. Grace & Co.-- Conn. ("W.R.Grace"), by their counsel, submit the following proposed discovery plan.

1.    Discovery.  The subjects on which discovery may be needed include, but are not limited to: (1) the terms and conditions of Plaintiff's employment with W.R. Grace; and (2) the circumstances of the termination of Plaintiff's employment with W.R. Grace. The parties propose that discovery be completed by **April 7, 2000**.  The parties do not believe that discovery should be conducted in phases or limited to or focused upon particular issues.

3.    Limitations on Discovery.  The parties do not believe that any limitations on discovery should be imposed other than those set forth in the Federal Rules of Civil Procedure and the Rules of the United States District Court for the Northern District of Illinois.

4.    Other Orders by the Court.  The parties do not believe that any other orders should issue.

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1255 | **DATE** | 3/17/2000 |
| **CASE TITLE** | | Wright vs. WR Grace & Co. | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 5/5/00 at 10:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Plaintiff voluntarily dismisses counts 1 and 4 of the complaint. Ruling on defendant's motion to dismiss by 5/5/00. Ruling by mail. Depositions stayed pending ruling.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | rs | courtroom deputy's initials | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

MAR 23 2000

Dated this 3rd day of November, 1999.

Respectfully submitted,


_Amy C. Wright_ (by)
Attorney for Plaintiff

_Julie L. Gottshall_
Attorney for Defendants


Amy C. Wright
Sikora & Wright
207 North Main Street
Suite 202
Crystal Lake, IL 60014
(815) 455-1095

Julie L. Gottshall
Katten Muchin Zavis
525 West Monroe Street
Suite 1600
Chicago, IL 60661
(312) 902-5645


#1037258

## CERTIFICATE OF SERVICE

I, Julie L. Gottshall, being duly sworn, state that I caused copies of the foregoing Joint Proposed Discovery Plan, to be served by first class mail, postage prepaid, and depositing same in the United States mail at 525 West Monroe Street, Chicago, Illinois, on November 3, 1999 on the following:

> Amy C. Wright
> Sikora & Wright
> 207 North Main Street
> Suite 202
> Crystal Lake, IL 60014

Julie L. Gottshall

#1037258

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

F I L E D

FEB 0 7 2001

Judge Blanche M. Manning
United States District Court

Plaintiff,

No. 99C1255

⊃.,

Judge Manning

Defendant.

### REQUEST FOR A DECISION

⊃S Plaintiff, JIM WRIGHT, by and through his attorneys, SIKORA &
⊃suant to Local Rule 78.5,  hereby requests this Honorable Court rule upon
⊃o dismiss which has been pending before this court since June 25, 1999, and
⊐tes as follows:

_ly filed a multi-count complaint against Defendant on February 25, 1999
⊐ination, breach of written and oral contract, promissory estoppel and a claim
⁻esentation.

⁻ts motion to dismiss on June 25, 1999.  Plaintiff filed his Responsive brief
⊐nd on September 17, 1999 Defendant filed his reply brief.

⇒vn order, this court was to rule on the motion to dismiss by January 14, 2000

⊐ rule. Pursuant to a second order from this court, the court was to rule on the
  May 5, 2000 by mail. The court again failed to rule.

≣ng on July 16, 1999, this court stated that it would rule wihin the next two
⁻urt failed to rule.

⊫till waiting for a response from this court. The present case is at a virtual
⊐ move forward until this court rules on the pending motion to dismiss.  The
  have their case litigated in a timely manner while the facts and evidence are
⊐nesses are still available.

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1255 | **DATE** | 2/13/2001 |
| **CASE TITLE** | Wright vs. WR Grace & Co. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due _____. Reply to answer brief due _____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]   Plaintiff's request for a decision is granted.

(11)  ☐  [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 1 3 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 28 |
| | Mail AO 450 form. | | FEB 1 3 2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | rs | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

NITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

FEB 0 7 2001

Judge Blanche M. Manning
United States District Court

JIM WRIGHT,

            **Plaintiff,**

      **v.**

W.R. GRACE & CO.,

            **Defendant.**

No. 99C1255

**Judge Manning**

## NOTICE OF FILING/NOTICE OF MOTION

To:    Julie L. Gottshall
        Katten, Muchin & Zavis
        525 West Monroe Street, Suite 1600
        Chicago, IL  60661-3693
        FAX: 312-902-1061

DOCKETED

FEB 13 2001

      PLEASE TAKE NOTICE that on February 5, 2001, the undersigned mailed for filing the attached  PLAINTIFF'S REQUEST FOR A DECISION with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, a copy of which is attached hereto and served upon you.

      PLEASE TAKE NOTICE that on **Tuesday, February 13th, 2001, at 10:00 A.M.**, or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge Blanche Manning, or any Judge then sitting in Courtroom 2125 of the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, 60604, and then and there present the attached REQUEST FOR DECISION.

                       SIKORA & WRIGHT, LTD.

             By:   *Amy C. Wright*
                      AMY C. WRIGHT

Sikora & Wright
207 North Main Street, Suite 202
Crystal Lake, IL 60014
815-455-1095

### PROOF OF SERVICE

    The Undersigned hereby certifies that she caused a true and correct copy of the foregoing Notice, together with its attachments to be served upon the above named party by faxing the same by 5:00 p.m. on February 5th, 2001.

                           *Amy C. Wright*

27

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED

FEB 0 7 2001

Judge Blanche M. Manning
United States District Court

JIM WRIGHT,

          **Plaintiff,**

    v.                   **No. 99C1255**

W.R. GRACE & CO.,          **Judge Manning**

          **Defendant.**

FEB 1 3 2001

## REQUEST FOR A DECISION

    NOW COMES Plaintiff, JIM WRIGHT, by and through his attorneys, SIKORA & WRIGHT, LTD., pursuant to Local Rule 78.5, hereby requests this Honorable Court rule upon Defendant's motion to dismiss which has been pending before this court since June 25, 1999, and in support thereof states as follows:

1.) Plaintiff originally filed a multi-count complaint against Defendant on February 25, 1999 alleging: age discrimination, breach of written and oral contract, promissory estoppel and a claim for negligent misrepresentation.

2.) Defendant filed its motion to dismiss on June 25, 1999.  Plaintiff filed his Responsive brief on August 30, 1999, and on September 17, 1999 Defendant filed his reply brief.

3.) Pursuant to its own order, this court was to rule on the motion to dismiss by January 14, 2000 by mail.

4.) The court did not rule. Pursuant to a second order from this court, the court was to rule on the motion to dismiss by May 5, 2000 by mail. The court again failed to rule.

5.) At the status hearing on July 16, 1999, this court stated that it would rule wihin the next two weeks.  Again the court failed to rule.

6.) Both parties are still waiting for a response from this court. The present case is at a virtual standstill, and cannot move forward until this court rules on the pending motion to dismiss.  The plaintiff is entitled to have their case litigated in a timely manner while the facts and evidence are still fresh and the witnesses are still available.

27

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1255 | **DATE** | 2/13/2001 |
| **CASE TITLE** | Wright vs. WR Grace & Co. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ☒ [Other docket entry]    Plaintiff's request for a decision is granted.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |

Number of notices

FEB 13 2001
date docketed

docketing deputy initials

FEB 13 2001
date mailed notice

Document Number

28

rs    courtroom deputy's initials

Date/time received in central Clerk's Office

mailing deputy initials

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

SEP 17 1999

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| JIM WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 99 C 1255 |
| | ) | |
| W.R. GRACE & CO., | ) | Judge Manning |
| | ) | |
| Defendant. | ) | |

DOCKETED

SEP 21 1999

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS II-V OF PLAINTIFF'S COMPLAINT

Plaintiff Jim Wright's Response to Defendant's Motion to Dismiss Counts II-V of Plaintiff's Complaint fails to save his remaining claims for breach of oral and written contracts (Counts II and III) and promissory estoppel (Count IV). Plaintiff has failed to demonstrate any contractual obligation owed to him by Grace sufficient to overcome the presumption of employment at will. Rather, Plaintiff has, at best, proffered only nebulous remarks incapable of supporting his contract claims. Because these remarks cannot, under any conceivable set of facts, constitute a contract, Counts II-IV must be dismissed.

Additionally, the Counts must be dismissed as preempted by ERISA. Even a cursory reading of Plaintiff's Complaint and brief reveal that his claims rest almost entirely on statements made in the Company's retirement plan documents. Moreover, accepting Plaintiff's interpretation of these documents leads to the preposterous result that every employee subject to those retirement plans has guaranteed employment to age 65. Given Plaintiff's heavy reliance on the plan documents and the far-reaching implications of his argument, his breach of contract counts, to the extent they survive, are preempted by ERISA.

I.    **Plaintiff's Claim for Breach of Oral Contract (Count I) Is Barred by the Statute of Frauds .**

The Illinois Supreme Court has definitively held that oral employment agreements that cannot be performed within one year are unenforceable under the statute of frauds. *McInerney v. Charter Golf, Inc.*, 176 Ill.2d 482 (1997) (upholding summary judgment on breach of oral contract claim because contract, which was for lifetime employment and could not have been performed within one year, was unenforceable under the statute of frauds); *see also 740 ILCS 80/1*. Here, Plaintiff alleges that his superiors "agreed" that he could work for an additional four years and retire under the "normal retirement plan." Because the parties could not possibly have performed this four year contract within one year, the contract is unenforceable under the *McInerney* precedent.

In a desperate attempt to save this claim from dismissal, Plaintiff argues that the statute of frauds does not apply because *McInerney* is distinguishable; he partially performed his obligations under the alleged contract; and Grace misrepresented its position to him.[1]  These arguments, which badly misapprehend the law cited to support them, are baseless.

---

[1]    Plaintiff offhandedly suggests that the statute of frauds is not appropriately raised in a motion to dismiss. On the contrary, courts, *even in those cases cited by Plaintiff*, have consistently considered the application of the statute of frauds in a motion to dismiss. *Nolan v. American Library Association, Inc.*, 1998 WL 173304 (N.D.Ill. 1998) (cited by Plaintiff; the court properly considered application of statute of frauds in motion to dismiss, denied motion on other grounds); *Johnson v. George J. Ball, Inc.*, 248 Ill.App.3d 859 (2nd Dist 1993) (also cited by Plaintiff; the court properly considered application of the statute of frauds in motion to dismiss, denied motion on other grounds). Moreover, *Mapes v. Kalva Corporation*, 68 Ill.App.3d 362 (2nd Dist. 1979), relied on by Plaintiff, is inapposite because it did not involve a motion to dismiss at the pleading stage and the court did not find that this defense had been waived.

### A.    The Statute of Frauds Applies To A Four-Year Contract.

Plaintiff's attempt to skirt the clear authority of *McInerney* by contending that it applies only to lifetime contracts is unavailing. The Illinois statute clearly provides that "no action shall be brought . . . upon any agreement that is not to be performed within the space of one year from the making thereof, unless . . . in writing and signed by the party to be charged." 740 ILCS 80/1 (West 1994). In interpreting this statute, the *McInerney* court held that an oral contract for lifetime employment is unenforceable under the statute of frauds because "it anticipates a relationship of long duration – certainly longer than one year." *Id.* at 1352. By so holding, the Court emphasized that the critical consideration was whether the contract could be performed within one year, not whether it was a contract for life. Because a lifetime contract could not be performed within a year, the Court found, the statute of frauds applied.

The *Nolan v. American Library Association, Inc.* ruling upon which Plaintiff bases his futile argument is readily distinguishable from both *McInerney* and the present case. 1998 WL 173304 (N.D.Ill. 1998). In *Nolan*, the contract at issue had no specified duration. The court ruled that absent a time limit, the contract at issue was *not* a lifetime contract, but was a contract "at will." Because at will contracts could be performed within one year, the court declined to apply the statute of frauds. *Nolan*, at *3.

The alleged oral contract in the present case more clearly invokes the statute of frauds than the contracts in either *McInerney* or *Nolan*. Here, the alleged oral contract had a specific term of four years – a duration that obviously could not be completed within one year. *Prodromos v. Howard Savings Bank*, 295 Ill.App.3d 470 (1st Dist. 1998) (three-year employment contract barred

3

by statute of frauds where not supported by adequate writing); *Tabora v. Gottlieb Memorial Hospital*, 279 Ill.App.3d 108 (1st Dist. 1996) (oral employment contract for two year reappointment barred by statute of frauds even though original employment contract in writing); *Sinclair v. Sullivan Chevrolet Company*, 31 Ill.2d 507 (1964) (one year oral employment contract barred by statute of frauds because could not be performed within one year). As such, the statute of frauds precludes enforcement of the contract and Count II must be dismissed.

**B.      Defendant Fully Compensated Wright For the Work He Performed So Partial Performance Will Not Take The Alleged Oral Contract Out of The Statute of Frauds.**

Plaintiff's claim that partial performance of the alleged contract bars application of the statute of frauds is similarly unavailing. Contrary to Plaintiff's representation, Illinois courts have explicitly ruled that partial performance in the context of an employment contract does *not* act as a bar to the application of the statute of frauds. Indeed, the Illinois appellate court reached this conclusion in *Mapes,* the case Plaintiff disingenuously cites to support his argument. *Mapes v. Kalva Corporation*, 68 Ill.App.3d 362, 368 (1979).[2] In *Mapes,* the employee commenced working pursuant to an alleged oral employment contract for 368 days. Following his termination, plaintiff sued for breach of contract, alleging that the statute of frauds did not apply because he had performed his employment duties. *Id.* at 364. The court rejected that argument, holding that in the case of "normal employment contracts," partial performance does not act as a bar to application of the statute of frauds. As the court reasoned, "to allow the fact that an

---

[2]      Plaintiff not only cites this case for an erroneous proposition, but he attributes the case to the wrong court. Plaintiff claims to be citing the Illinois Supreme Court, when, in fact, this case was decided by the Illinois Appellate Court, Second District.

4

employee worked and was paid . . . to act as a [bar to the statute of frauds] would render the statute . . . totally meaningless," protecting from the statute any contract where the employee had started work and received a paycheck. *Id.* at 368.[3/]

The Illinois Supreme Court reached the same conclusion in *McInerney*. In *McInerney*, the employee turned down a lucrative job offer relying on his present employer's oral promises of lifetime employment and increased sales commissions. *McInerney*, at 484. The employee worked for three years before being terminated. *Id.* at 484-485. The court found that despite the employee's reliance on the employer's oral assurances concerning terms of employment, such reliance does not bar the application of the statute of frauds in Illinois. *Id.* at 492. The court emphasized that the employee had been fully compensated for the time he had worked and his reliance on the employer's promise of lifetime employment was misplaced. *McInerney*, at 492-493.

As in *McInerney* and *Mapes,* Plaintiff in the present case was fully compensated for all time that he worked. He received paychecks for the fair value of his services. Therefore, partial performance does not bar application of the statute of frauds.

**C.    Plaintiff Fails to Allege Fraudulent or Material Misrepresentations Which Would Preclude Application of the Statute of Frauds.**

In a last ditch effort to preclude application of the statute of frauds, Plaintiff claims that the statute does not apply because he has alleged that material misrepresentations and fraud occurred when the parties entered into the alleged oral contract. In support of this argument,

---

[3/]    Plaintiff also relies on *Haas v. Lola Cars Limited*, 933 F.Supp. 1381 (N.D.Ill. 1996). Such reliance is misplaced, as the case does not pertain to an employment contract.

Plaintiff again misrepresents the holdings of his authority.

Plaintiff erroneously relies upon *Sinclair v. Sullivan Chevrolet Company*, 31 Ill.2d 507 (1964), to argue that Grace's alleged misrepresentations bar application of the statute of frauds. In fact, the Illinois Supreme Court in *Sinclair* held *to the contrary*, ruling that misrepresentations in the form of oral promises of future employment and performances did *not* bar application of the statute of frauds. *Id.* at 510-511. Specifically, the *Sinclair* court stated that to be actionable, "a false representation must generally relate to a past or existing event, not to a promise or prognostication concerning a future happening..." *Id.* at 510 (affirming judgment for defendant because plaintiff's claim was barred by the statute of frauds as a matter of law). *Cf. Johnson v. George J. Ball, Inc.*, 248 Ill.App.3d 859 (2nd Dist. 1993) (employer's statements regarding budget actionable because allegations of presently existing facts, not promises of future action).

The present case is analogous to *Sinclair*, as Plaintiff likewise alleges promises of future performances. Consequently, Plaintiff has not alleged fraudulent or material misrepresentations barring application of the statute of frauds and Count II must be dismissed as barred by the statute of frauds.

**II.**     <u>**Count III Must Be Dismissed Because No Written Contract Exists Between Plaintiff and Defendant.**</u>

Count III (breach of written contract) must likewise be dismissed because Plaintiff has failed to allege a promise clear enough to support formation of a contract of guaranteed employment. A review of the Retirement Plan documents belies Plaintiff's allegations that these documents formed a contract obligating Grace to retain Plaintiff (as well as all other employees covered by the Plans) until he attained age 65. The statements in Grace's Retirement Plan

6

documents, which Plaintiff relies upon to demonstrate an employment contract, pertain only to an employee's eligibility for retirement benefits, *not* continued employment. Additionally, the Plan provides for forfeiture of benefits if employment terminates prior to vesting and formulas for calculating benefits if retirement occurs before age 65; these alternate scenarios negate any alleged promise of employment until age 65. Finally, the Plan contains explicit disclaimers, reserving Grace's right to modify or terminate the Plan at any time. Given this language, it would be absurd to construe the Plan documents as an employment contract absolutely guaranteeing employment to age 65 to Plaintiff, and hence to every other Grace employee covered by the Plan.

Plaintiff fails to meaningfully respond to these arguments or the factually similar case law supporting them.[4] Rather, Plaintiff merely insists that the Plan contains no disclaimers, or that to the extent it does, the disclaimers are not conspicuous enough to preclude a contract. On the contrary, a reading of the disclaimer language reveals two specific provisions of the Retirement Plans explicitly vesting absolute power with the Company to terminate, suspend or change the plan in any way, at any time. Courts have consistently held that an employee cannot establish an employment contract where the manual upon which the employee relies contains a disclaimer. *Davis v. Times Mirror Magazines, Inc.*, 697 N.E.2d 380, 388, 297 Ill.App.3d 488, 498 (1st Dist. 1998) (disclaimer language in employee handbook in which employer reserved right to amend, modify or delete any provisions of the handbook precluded formation of employment contract);

---

[4]    Plaintiff misinterprets *DeFosse v. Cherry Electrical Products Corporation*, 156 Ill.App.3d 1030 (2nd Dist. 1987), on which he relies. The court in *DeFosse* found that clear and unambiguous promises contained in employment manuals could give rise to contractual rights for benefits, *not for continued employment*. *Id.* at 1035.

*See also Hughes v. Encyclopaedia Britannica*, 117 N.E.2d 880, 882, 1 Ill.App.2d 514, 518-519 (1st Dist. 1954) (pension plan containing disclaimer did not give rise to contractual relationship with defendant).

Furthermore, courts have consistently held that disclaimers placed similarly to those in Grace's plan suffice to preclude contract formation. *See Finnane v. Pentel of America, Ltd.*, 43 F.Supp.2d 891 (N.D.Ill. 1999) (disclaimer is sufficiently conspicuous if a reasonable person in the employee's position would have noticed it). The court found sufficiently conspicuous the disclaimer language in *Finnane*, which was contained in the middle of a paragraph, not entitled "Disclaimer," and not printed in boldface or other distinguishing text. *Finnane*, at *899-900. Indeed, the disclaimers in the present case are more conspicuous than those in *Finnane*. The disclaimer language on page 31 of the Retirement Plan is designated under a boldface heading, **"The Plan's Future."** This section is immediately preceded by a provision entitled, **"Rights to Benefits,"** certainly an important section which a reasonable person in Plaintiff's position would have noticed. The disclaimer language in the Supplemental Retirement Plan is likewise set off under a boldface heading. Further, that section is preceded by a provision entitled **"Vesting"** which would also be a key provision that a reasonable employee in Plaintiff's position would have noticed and read. Grace did not hide or disguise this disclaimer language in any way and Plaintiff is not excused from the reasonable responsibility of actually reading the manual on which he purports to rely. Consequently, any argument by Plaintiff that the disclaimer language is inconspicuous must fail.

Plaintiff's argument regarding construing contract language against the drafter is similarly

misplaced. While it is true that ambiguous *contract* language must be construed against the drafter, this principal applies to contract *interpretation*, not to contract *formation*. In Illinois, the presumption is that employment is "at-will." *Duldulao v. Saint Mary of Nazareth Hospital*, 115 Ill. 2d 482 (1987). Plaintiff can only overcome this presumption by showing *clear* promises of employment contained in a written manual. *Id.* at 490. Plaintiff's argument that any ambiguous language contained in an employment manual should be construed against the drafter to form an employment contract is nonsensical.

Given the clear disclaimer language contained in the Retirement Plan, Plaintiff has not and cannot show a clear promise of employment until age 65 contained in the Plan. In the absence of any definitive promise, Plaintiff cannot overcome the presumption of employment at will. Accordingly, Plaintiff has not sufficiently alleged a written employment contract, and Count III must be dismissed.

**III.**    **Count IV Must Be Dismissed Because Plaintiff Fails to Allege a Clear and Unambiguous Promise.**

Plaintiff's claim for promissory estoppel must likewise be dismissed because Plaintiff has not sufficiently alleged that he relied on an unambiguous and enforceable promise sufficient to sustain the claim. To state a claim for promissory estoppel, Plaintiff must allege a clear and unambiguous promise upon which he could have foreseeably relied. *Moore v. Illinois Bell Telephone Co.*, 508 N.E.2d 519, 521, 155 Ill.App.3d 781, 785 (2nd Dist. 1987) (employer's incentive plan, which contained a disclaimer permitting employer to reduce, modify or withhold awards, did not contain a promise clear enough to constitute a contract or support a promissory estoppel claim). In *Moore*, the employee also argued that certain statements in his employer's

9

Incentive Plan contained contractual obligations owed to him regarding his compensation. *Id.* at 520. The court found that the Plan did not contain a clear and unambiguous promise given the disclaimers contained in the Plan, which allowed the employer to reduce, modify or withhold awards. *Id.* at 521-522.

Plaintiff has not even attempted to respond to the clear precedent of *Moore*. Instead, as he does repeatedly throughout his response brief, Plaintiff utterly misrepresents the rulings of applicable caselaw. Here, Plaintiff purports to rely on *Straka v. Francis*, 867 F.Supp. 767, 777-778 (N.D.Ill. 1994), in support of his claim for promissory estoppel. In *Straka*, however, the court dismissed the defendants' counterclaim for promissory estoppel for *failure to allege a clear and unambiguous promise*. *Id.* at 778. The court held that the defendants could not state a claim for promissory estoppel where they had failed to plead anything more than a "vague promise or intention to perform." *Id.*

Plaintiff's reliance on *Genin, Trudeau & Co., Ltd. v. Integra Development International*, 845 F. Supp. 611 (N.D.Ill. 1994), is likewise misplaced. In *Genin*, which involved an oral contract, the court considered whether promissory estoppel can bar application of the statute of frauds. *Id.* at 616-618. Since that time, however, the Illinois Supreme Court has definitively stated that "promissory estoppel does not bar the application of the statute of frauds in Illinois." McInerney at 492. Because the statute of frauds bars enforcement of the alleged four-year contract in the present case, Plaintiff cannot state a claim for promissory estoppel.

As in *Moore* and *Straka*, Plaintiff's claim must also be dismissed for failure to allege a

clear and unambiguous promise.[5] The Retirement Plans on which Plaintiff relies do not contain promissory language relating to continued employment. Further, the explicit disclaimers contained in the Retirement Plans negate any promissory interpretation of the Plans. Because these Plans do not contain a clear and unambiguous promise of continued employment, Count IV of Plaintiff's Complaint must be dismissed.

## IV.    Counts II-IV of Plaintiff's Complaint Are Preempted by ERISA.

Assuming, arguendo, that Counts II-IV of Plaintiff's Complaint are not dismissed under the foregoing analysis, they must be dismissed as preempted by § 502(a)(1)(B) of ERISA because they require interpretation of Grace's Retirement Plan. *See Cortez v. Michael Reese Health Plan, Inc.*, 980 F. Supp. 277, 279 (N.D. Ill. 1997) (where resolution of state law claims requires construing ERISA plan, state law claims are preempted); *Anglin v. Sears Roebuck and Co.*, 1993 WL 437430, *3 (N.D. Ill. 1993) (where court's inquiry must be directed to benefits plan, causes of action for breach of contract and promissory estoppel "related to" benefit plan and were thereby preempted).

In response to Defendant's argument that these claims are preempted by ERISA, Plaintiff claims that these state law claims only tangentially impact Grace's retirement plans. Nothing could be farther from the truth. While ERISA may not preempt a state law claim which only indirectly affects an employee benefit plan, this narrow exception does not apply to the case at hand. In the present case, Plaintiff seeks to covert Grace's retirement plans into a guaranteed

---

[5]    Plaintiff further fails to respond and, therefore, admits that promissory estoppel will not bar the application of the statute of frauds. Thus, Plaintiff's allegations regarding oral assurances allegedly made to him also fail to state a cause of action.

contract of employment for all Grace employees until age 65, an enormous expansion of Grace's obligations under its retirement plans. To determine if such a contract or promise is contained in the plan, this Court must analyze and interpret the plan language. Such an analysis cannot be said to "tangentially" impact the retirement plan.

The cases cited by Plaintiff are inapposite and do not involve claims which require interpretation of plan documents or the imposition of greater obligations under the plan. For example, *Golen v. Chamberlain Manufacturing Corporation*, 139 Ill.App.3d 53 (1st Dist. 1985), on which Plaintiff relies, involved an alleged promise by an employer to credit the plaintiff employee with pension credits for his years of service with a previous employer. *Id.* 55. The court found that the plaintiff's claim was not preempted because, unlike the present case, his claim was based on a memorandum that he had drafted and not on interpretation of any plan document.

*Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129 (7th Cir. 1992), is instructive in the present case. In *Tolle*, the court found that the employee's breach of contract claim based on statements made in plan documents was preempted by ERISA. *Tolle*, at 1136. As in *Tolle*, Plaintiff's claims rest on statements made in plan documents and are likewise preempted by ERISA.

12

## VI.    Conclusion.

Counts II-IV of Plaintiff's complaint must fail. Plaintiff's attempts to save his claims rest in large part on his attempts to cloud the issues with inapposite and misinterpreted caselaw. Moreover, Plaintiff ignores established Illinois caselaw which undeniably mandates that oral contracts that cannot be performed within one year are barred by the statute of frauds. Plaintiff likewise fails to acknowledge that claims of promissory estoppel are trumped by the statute of frauds. In support of his claims for breach of a written contract, Plaintiff urges unreasonable, almost absurd, interpretations of Grace's Retirement Plans. Finally, Counts II-IV, if they survive, must be dismissed as preempted by ERISA.

For the foregoing reasons, Defendant, W.R. Grace & Co, respectfully requests that this Court dismiss Counts II-V of Plaintiff's Complaint.

Dated: September 17, 1999            Respectfully submitted:

_One of the Attorneys for Defendant_
W.R. Grace & Co. - Conn.

Patrick J. Lamb
Julie L. Gottshall
Amy Moor Gaylord
Katten Muchin & Zavis
525 West Monroe Street, Suite 1600
Chicago, Illinois  60661-3693
(312) 902-5200

13

## CERTIFICATE OF SERVICE

I, Julie L. Gottshall, being duly sworn, state that I caused copies of the foregoing REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, to be served by first class mail, postage prepaid, and depositing same in the United States mail at 525 West Monroe Street, Chicago, Illinois, on September 17, 1999 on the following:

> Amy C. Wright
> Sikora & Wright
> 207 North Main Street
> Suite 202
> Crystal Lake, Illinois 60014

_____
Julie L. Gottshall