# Exhibit M

**J. Gotshall letter, dated February 8, 2000**



| Chicago | 525 West Monroe Street | Writer's Direct Numbers |
| Los Angeles | Suite 1600 | 312 902 5645 |
| New York | Chicago, IL 60661-3693 | 312 577 8827 (FAX) |
| Washington, DC | Tel 312 902 5200 | julie.gottshall |
| | Fax 312 902 1061 | @KMZ.com |
| | www.kmz.com | |

February 8, 2000

**VIA US Mail**

Amy C. Wright
Sikora & Wright
207 North Main Street, Suite 202
Crystal Lake, IL 60014

Re:  <u>Wright v. W.R. Grace & Co.</u>
     <u>Motions for Summary Judgment and Sanctions</u>

Dear Ms. Wright:

Pursuant to Judge Manning's Standing Order, this letter will advise you of Defendant W.R. Grace & Co.'s intent to file a motion for summary judgment on Count I of Plaintiff's Complaint alleging age discrimination under the Age Discrimination in Employment Act ("ADEA").

Plaintiff's responses to Defendant's Requests for Admission make clear that Plaintiff failed to file a timely charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") and therefore did not receive a Notice of Right to Sue. Accordingly, your client has not complied with the administrative prerequisites and cannot proceed with his ADEA claim. *See Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir. 1994) (upholding summary judgment on ADEA claim where plaintiff failed to file charge within 300 days of his termination); *Hamilton v. Komatsu Dresser Industries, Inc.*, 964 F.2d 600, 603 (7th Cir. 1992) (affirming grant of summary judgment because charge filed outside of 300 day limit); *Schroeder v. Copley Newspaper*, 879 F.2d 266, 269 (7th Cir. 1989) (affirming grant of summary judgment because a charge was never filed); *Bohse v. Metropolitan Water Reclaimation District*, 30 F. Supp. 1047, 1050 (N.D. Ill. 1998) ("an employee may bring a an age discrimination claim under the ADEA only if he files a charge with the EEOC within 300 days after the alleged unlawful practice occurred) (citation omitted); *Mizra v. Department of the Treasury*, 17 F. Supp. 759, 772 (N.D. Ill. 1998) (granting summary judgment because plaintiff did not file charge with EEOC); *Gorence v. Eagle Food Ctrs.*, No. 93 C 4862, 1998 WL 160975, at *6 (Apr. 1, 1998) (Manning, J.) ("In Illinois, an employee must file a charge of discrimination within 300 days of the discriminatory act in order to be able to raise that claim in court."); *Maddox v. Capitol Bankers Life Ins. Co.*,

A Law Partnership including Professional Corporations

K   M   Z

Amy C. Wright
February 8, 2000
Page 2

1997 WL 47449, at *8 (N.D. Ill. Jan. 30, 1997) (Manning, J.) (noting that the plaintiff may not maintain an action without alleging that she received a right to sue letter against the defendant).

Please be further advised that Defendant will seek sanctions against both you and your client, as appropriate, if you continue to pursue Count I. As required by Rule 11, I have enclosed a copy of the motion we will file in 21 days if that Count is not voluntarily dismissed.

Please contact me after you have had an opportunity to review the enclosed motion and the authority cited above so that we can discuss this matter.

Very truly yours,

*Julie L. Gottshall*
Julie L. Gottshall

K   M   Z

Amy C. Wright
February 8, 2000
Page 3

bcc:  Rick Sentflaben
      Patrick J. Lamb

Doc #:CH02 (85011-00008) 1079769v1;2/7/2000/Time:13:01

A Law Partnership including Professional Corporations

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JIM WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 99 C 1255 |
| | ) | |
| W.R. GRACE & CO. - CONN., | ) | Judge Manning |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

### DEFENDANT'S MOTION FOR SANCTIONS

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendant, W.R. Grace & Co. - Conn. ("Grace"), is entitled to an award of sanctions against the attorney for Plaintiff Jim Wright, based on the pursuit of a claim under the Age Discrimination in Employment Act ("ADEA") despite the fact that Plaintiff failed to comply with the administrative prerequisites to suit by filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and obtaining a Notice of Right to Sue. In support of this motion, Grace states as follows:

1. On February 25, 1999, Plaintiff filed suit against Grace alleging, *inter alia*, a claim under the ADEA (Count I). In support of this claim, Plaintiff alleged that he had "complied with all administrative prerequisites by filing a Charge of Discrimination based on age with the EEOC" (Complaint ¶ 15).

2. In fact, however, Plaintiff had failed to meet his administrative prerequisites to suit. Plaintiff did not file a charge of discrimination with the EEOC, nor did he receive a Notice of Right to Sue. *See* Plaintiff's Response to Defendant's Request for Admission, Nos. 1-3, attached as Exhibit A.

3.      To maintain an action in federal court under the ADEA, a plaintiff must file an EEOC charge within 300 days of the event giving rise to the claim and receive a notice of right to sue. *See Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir. 1994) (upholding summary judgment on ADEA claim where plaintiff failed to file charge within 300 days of his termination); *Hamilton v. Komatsu Dresser Industries, Inc.*, 964 F.2d 600, 603 (7th Cir. 1992) (affirming grant of summary judgment because charge filed outside of 300 day limit); *Schroeder v. Copley Newspaper*, 879 F.2d 266, 269 (7th Cir. 1989) (affirming grant of summary judgment because a charge was never filed); *Bohse v. Metropolitan Water Reclaimation District*, 30 F. Supp. 1047, 1050 (N.D. Ill. 1998) ("an employee may bring a an age discrimination claim under the ADEA only if he files a charge with the EEOC within 300 days after the alleged unlawful practice occurred) (citation omitted); *Mizra v. Department of the Treasury*, 17 F. Supp. 759, 772 (N.D. Ill. 1998) (granting summary judgment because plaintiff did not file charge with EEOC); *Gorence v. Eagle Food Ctrs.*, No. 93 C 4862, 1998 WL 160975, at *6 (Apr. 1, 1998) (Manning, J.) ("In Illinois, an employee must file a charge of discrimination within 300 days of the discriminatory act in order to be able to raise that claim in court."); *Maddox v. Capitol Bankers Life Ins. Co.*, 1997 WL 47449, at *8 (N.D. Ill. Jan. 30, 1997) (Manning, J.) (noting that the plaintiff may not maintain an action without alleging that she received a right to sue letter against the defendant).

4.      The central objective of Rule 11 sanctions is "the deterence of baseless filings and the curbing of abuses." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). To that end, prior to filing the Complaint Plaintiff's counsel had an obligation to ensure that Plaintiff's factual assertions were supported by evidence and that Plaintiff's legal contentions were warranted by existing law. Despite this obligation, counsel blatantly misrepresented that Plaintiff had met

the procedural prerequisites and pursued an ADEA claim that would clearly fail based on its procedural deficiencies. *See Comer v. Interstate United Corp.*, 118 F.R.D. 79, 87 (N.D. Ill. 1987) (sanctioning attorney's failure to review the EEOC file to ascertain the correct date of the EEOC's issuance of a right to sue letter).

5.  Plaintiff's counsel has persisted with the ADEA claim despite numerous warnings by defense counsel that it was procedurally deficient and that Grace would seek sanctions. Pursuant to the Court's Standing Order, defense counsel sent Plaintiff's counsel a letter dated June 4, 1999, alerting Plaintiff of its intent to file a Motion to Dismiss. The June 4 letter notified Plaintiff's counsel of the procedural prerequisites to suit and provided supporting authority. The letter also notified counsel that Grace would seek sanctions if Plaintiff proceeded with the claim. *See* Letter dated June 4, 1999, attached as Exhibit B.

6.  Defense counsel has also had numerous telephone conversations with Plaintiff's counsel regarding the futility of the ADEA claim. Defense counsel also raised the issue at a status hearing before the Court on October 22, 1999.

7.  Notwithstanding this ample warning, Plaintiff declined to dismiss the ADEA claim. Plaintiff's pursuit of the claim has forced Grace to incur additional legal fees in answering the count and conducting discovery on the claim, and in bringing this motion.

WHEREFORE, Defendant respectfully moves this Court for an award of sanctions against Plaintiff's counsel for misrepresenting that Plaintiff had met the administrative prerequisites to suit and for pursuing the ADEA claim, to include an award of attorneys' fees for answering and conducting discovery on the ADEA claim, and for bringing this motion.

Dated: February 8, 2000

Respectfully submitted:

*[signature: Julie L. Gottshall]*

One of the Attorneys for Defendant
W.R. Grace & Co. - Conn.

Patrick J. Lamb
Julie L. Gottshall
Katten Muchin & Zavis
525 West Monroe Street, Suite 1600
Chicago, Illinois  60661-3693
(312) 902-5200

Doc #:CH02 (85011-00008) 989343v1;7/14/1999/Time:13:34

## CERTIFICATE OF SERVICE

I, Julie L. Gottshall, an attorney, state that I served of copy of the Defendant's Motion for Sanctions on February 8, 2000 via first class mail, postage prepaid on the following counsel of record:

>Amy C. Wright
>Sikora & Wright, Ltd.
>207 North Main Street
>Suite 202
>Crystal Lake, Illinois 60014

*Julie L. Gottshall*
Julie L. Gottshall

#954995



| | | |
|---|---|---|
| Chicago<br>Los Angeles<br>New York<br>Washington, DC | 525 West Monroe Street<br>Suite 1600<br>Chicago, IL 60661-3693<br>Tel 312 902 5200<br>Fax 312 902 1061<br>www.kmz.com | Writer's Direct Numbers<br>312 902 5645<br>312 577 8827 (FAX)<br>julie.gottshall<br>@KMZ.com |

February 24, 2000

**VIA Facsimile and U.S. Mail**

Amy C. Wright
Sikora & Wright
207 North Main Street, Suite 202
Crystal Lake, IL 60014

Re:   Wright v. W.R. Grace & Co.

Dear Ms. Wright:

This letter will confirm your agreement to voluntarily dismiss Count I of your client's Complaint in the above-captioned case, which alleges age discrimination in violation of the Age Discrimination in Employment Act.

Based on your representation, Defendant will not file a motion for summary judgment and/or sanctions on Count I, nor will Defendant thoroughly question your client on that Count during his deposition on February 29. Of course, should you rescind your agreement to voluntarily dismiss Count I, Defendant reserves its right to reopen the deposition of your client and to file the motion for summary judgment and sanctions as set forth in Defendant's letter of February 8, 2000.

We request that you file the notice of dismissal prior to the status hearing on March 7, 2000. If you cannot do so, or if you disagree with anything as set forth above, please contact me at your earliest convenience. Thank you.

Very truly yours,

*Julie L. Gottshall*

Julie L. Gottshall

K C M Z

Amy C. Wright
February 24, 2000
Page 2

bcc:   Rick Sentflaben
       Patrick J. Lamb

Doc #:CH02 (85011-00008) 1088482v1;2/24/2000/Time:14:48

A Law Partnership including Professional Corporations