IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KG) |
| | ) Jointly Administered |
| Reorganized Debtors. | ) |
| | ) Re: Docket Nos. 32845 |

## NORFOLK SOUTHERN RAILWAY COMPANY'S OBJECTION TO MOTION FOR AN ORDER BARRING THE KIRKLAND TESTIMONY IN FELA ACTION AS HEARSAY EVIDENCE

Norfolk Southern Railway Company ("Norfolk Southern"), by and through its undersigned counsel, hereby objects (the "Objection") to the above-captioned reorganized debtors' (the "Reorganized Debtors") *Motion for an Order Barring the Kirkland Testimony in the FELA Action as Hearsay Evidence* [D.I. 32845] (the "Hearsay Motion"). In support of the Objection, Norfolk Southern respectfully states as follows:

### OBJECTION

1.  In an effort to avoid obvious issues of material disputed fact highlighted by the summary judgment briefing, the Reorganized Debtors have filed a duplicative Hearsay Motion, in an attempt to run roughshod over this Court's procedures. The admissibility of the Trial Record,[2] including Mr. Kirkland's testimony therein, has been the central issue in this dispute since the Reorganized Debtors filed their Summary Judgment Motion, and

---

[1] The Reorganized Debtors are W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.")

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in *Norfolk Southern Railway Company's Reply Brief (I) in Support of Norfolk Southern's Cross-Motion for Summary Judgment and (II) in Response to the Reorganized Debtors' Motion to Strike the Sharpe and Conley Declarations* [D.I. 32851] (the "NS Reply Brief").

related opening brief, on October 13, 2016. See *Memorandum in Support of the Reorganized Debtors' Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 for Partial Disallowance of Claim No. 7201, Filed by Norfolk Southern Railway* [D.I. 929575] (the "Debtors' Opening Brief"), at 17-18. After 210 total pages of briefing, 144 by the Reorganized Debtors,[3] the Reorganized Debtors now ask this Court to ignore that briefing and restart the process by considering only the twenty-three (23) repetitive pages of briefing contained in the Hearsay Motion, while also purporting to unilaterally set a separate hearing on a subset of the issues identified in the parties competing summary judgment motions. This procedural gamesmanship should not be countenanced. Instead, the Reorganized Debtors should be required to comply with this Court's local rules, and request that the Court hear oral argument on the entirety of the summary judgment briefing. See Local Rule 7007-3 (requiring a party to request oral argument within seven (7) days of the filing of the reply brief, and leaving the decision to hear oral argument to "the discretion of the Court").[4]

---

[3] Far from their professed goal of "simplify[ing] the Court's task of reviewing and resolving the parties' competing summary judgment motions," the Reorganized Debtors' convoluted briefing strategy has created an unprecedented level of confusion in the briefing process. Initially, they filed their Debtors' Opening Brief, consisting of twenty-four (24) pages of briefing with an additional, and separate, ten (10) page statement of alleged "uncontested facts." Next, they intensified the confusion further in their 110-page reply brief—which also served as a response to Norfolk Southern's cross-motion for summary judgment—by filing an "omnibus" brief, which attached three separate briefs as exhibits, as well as a separate motion to strike certain portions of the declarations provided by Norfolk Southern in support of its cross-motion. Finally, a week before the deadline for Norfolk Southern to file its reply brief and conclude the summary judgment briefing, the Reorganized Debtors filed the Hearsay Motion, which essentially copies and pastes one of their sub-briefs and repackages it as a separate request. Throughout this process, Norfolk Southern has not objected to this improper briefing strategy, but enough is enough.

[4] Indeed, Norfolk Southern has already filed its request for oral argument in connection with its cross-motion for summary judgment. See D.I. 32856.

2. Not only does the Hearsay Motion violate the local rules, but it is entirely duplicative of one of the <u>five</u> sub-briefs that the Reorganized Debtors filed in their reply in support of their summary judgment motion. Indeed, other than the introductory arguments and the "Jurisdiction," "No Previous Motion," and "Conclusion" sections of the Hearsay Motion, which are not found in the prior briefing, the Hearsay Motion is nearly identical to the Reorganized Debtors' *Memorandum in Support of the Court's Entry of an Order Finding that the FELA Action Trial Record is Inadmissible for the Purpose of Norfolk Southern Establishing Its Indemnification Claim* (the "Inadmissibility Brief"), which was previously filed by the Reorganized Debtors in their summary judgment reply briefing.[5] With the exception of offering new evidence,[6] and a change of heart on their frivolous refusal to acknowledge that Mr. Kirkland is indeed dead, the introductory portion of the Hearsay Motion does not provide anything new for the Court to consider. In that respect, the Hearsay Motion can be regarded as an impermissible sur-reply, which was filed to further the Reorganized Debtors' arguments in their summary judgment briefing.

3. If the Court is inclined to consider the Hearsay Motion separately, notwithstanding that the Reorganized Debtors already raised these identical issues in the summary judgment briefing, Norfolk Southern would respectfully refer the Court to Section II of the NS Reply Brief for its direct response to the arguments raised in the Hearsay Motion—which were previously raised by the Debtors in the Inadmissibility

---

[5] Attached as **Exhibit A** is a redline showing the minimal, and non-substantive, changes between the argument sections in the Inadmissibility Brief and the Hearsay Motion.

[6] Although the Reorganized Debtors attempt to discredit Norfolk Southern regarding its alleged unwillingness to mediate this dispute, Norfolk Southern did in fact respond to the Reorganized Debtors' request by asking for additional information. <u>See</u> Letter from Theresa Brown-Edwards, counsel to Norfolk Southern, to Scott Whittier, Corporate Counsel for the Reorganized Debtors, dated January 17, 2008, attached hereto as **Exhibit B**.

Brief—as well as Section II of Norfolk Southern's Answering Brief [D.I. 32826], which squarely put the issue addressed in the Hearsay Motion before the Court in connection with Norfolk Southern's cross-motion for summary judgment. While Norfolk Southern continues to believe that the admissibility of the Trial Record is the only issue appropriate for resolution on summary judgment at this time, it also believes that this issue should not be extricated from the summary judgment briefing unless the Reorganized Debtors concede that there are disputed facts barring summary judgment on the remaining issues. Accordingly, Norfolk Southern submits that the Hearsay Motion must be denied as procedurally improper.

4. Norfolk Southern's counsel raised these concerns with counsel to the Reorganized Debtors prior to filing this objection. Norfolk Southern is willing to have the Court consider the issues identified in the Hearsay Motion separately, provided that both parties agree that there are disputed facts that obviate the need to consider the other issues raised in the summary judgment motions pending a proper discovery process. The Reorganized Debtors declined to agree to that approach, preferring to retain the option to pursue a second bite at the summary judgment apple if they are unsuccessful on the Hearsay Motion. This is inefficient and a waste of judicial resources. In light of the Reorganized Debtors' position and procedural improprieties, Norfolk Southern further requests that the Court bar the Reorganized Debtors from filing any further pleadings in support of the Inadmissibility Brief, the Hearsay Motion, or its summary judgment motion, pending a status conference with the Court to resolve this procedural dispute. To that end, Norfolk Southern requests that the Court schedule a telephonic status conference on this matter at

its earliest convenience to resolve the procedural issues identified herein before either party burdens the Court with additional paper.

## CONCLUSION

For the foregoing reasons, Norfolk Southern respectfully requests that the Court (i) schedule a status conference with respect to the Hearsay Motion and the parties' competing summary judgment motions at its earliest convenience, (ii) deny the Hearsay Motion as procedurally improper, (iii) require the Debtors to comply with Local Rules 7007-3 and 7007-4 to request a hearing with respect to the issues identified in the Hearsay Motion, and (iv) grant Norfolk Southern any further relief to which it is otherwise entitled.

Dated: April 14, 2017
Wilmington, Delaware

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

David J. Baldwin (DE Bar No. 1010)
R. Stephen McNeill (DE Bar No. 5210)
D. Ryan Slaugh (DE Bar No. 6325)
1313 North Market Street, Sixth Floor
Wilmington, DE  19899-0951
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192

*Counsel to Norfolk Southern Railway Company*