**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (KG) |
| | ) | |
|     Reorganized Debtors. | ) | **Re: D.I. Nos. 32837 and 32845** |

## MEMORANDUM ORDER

In this claim and claim objection dispute between Norfolk Southern Railway Company ("Norfolk") as claimant, and Reorganized Debtor W.R. Grace & Co. ("Grace"), as objector, the Court has to resolve several evidentiary disputes which Grace raised. The evidentiary disputes relate to the declarations and trial testimony on which Norfolk relies in support of its cross-motion for summary judgment (the "Norfolk Motion"). The parties, particularly Grace, briefed the issues at length. The Court will address the issues in more of a summary fashion.

### Conley and Sharpe Declarations

1.    Two former Norfolk employees submitted declarations in support of the Norfolk Motion. The declarants are Thomas Conley ("Conley") and C.J. Sharpe ("Sharpe"). Grace has objected in detail to the declarations on the grounds that: (1) the term "Facility" used in each declaration is inappropriate, (2) they are not based on personal knowledge, (3) statements are conclusory and lack supporting facts and (4) they fail to state facts about which the declarants are competent to testify.

> Grace directs the Court's attention to F.R. Civ. P. 56(c)(4) which provides that:
>
> > An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters presented.

The relevant accidents involving Lester E. Kirkland ("Mr. Kirkland") occurred on January 23 and January 26, 1998. The Court has read the Conley and Sharpe declarations and is satisfied that they do reflect matters on which Conley and Sharpe would be able to testify based on personal knowledge. Conley and Sharpe were working with Mr. Kirkland at the time of the accidents and are competent to attest to the accident events. Accordingly, the Court denies the motion to strike the Conley and Sharpe declarations.

### The FELA Trial

2.    Grace also moved to bar the testimony of Mr. Kirkland at the trial brought pursuant to the provisions of the Federal Employees Liability Act (the "FELA Action") taken in Georgia state court on March 19-20, 2001 (the "Kirkland Testimony"). It was the injuries Mr. Kirkland sustained and for which he received a favorable jury verdict against Norfolk in the sum of approximately $1.5 million that gives rise to Norfolk's indemnification claim against Grace. Mr. Kirkland died in 2009 and is therefore unavailable to testify either at trial or at a deposition.

3. In support of admissibility, Norfolk relies on Federal Rules of Evidence 804(b)(1) and 807(a). Rule 804(b)(1) provides an exception to hearsay and provides:

> (b) The Exceptions. The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
>
> > (I) Former Testimony. Testimony that:
> >
> > > (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
> > >
> > > (B) is now offered against a party who had — or, in a civil case, whose predecessor in interest had — an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

4. It is clear to the Court that Rule 804(b)(1) does not apply and is not a basis for allowing the Kirkland Testimony. Grace was not joined in the FELA Action and therefore did not have an opportunity to examine Mr. Kirkland. In addition, Norfolk was not a "predecessor in interest." Its interests were not aligned with Grace as evidenced by the claim Norfolk is pursuing. Norfolk and Grace did not share a "sufficient community of interest." *Lloyd v. A, Export Lines, Inc.*, 580 F. 2d 1179, 1185-86 (3d Cir. 1978). The Court also finds that Grace was not "vouched-in" to the FELA Action. Norfolk did not attempt to join Grace as a third-party which some courts have held is a prerequisite to the "vouching in" of a party. *See*, *e.g.*, *Master Blaster, Inc. v. Dammann*, 781 N.W. 2d 19, 26 (Minn. Ct. App. 2010). More to the point, Grace and Norfolk are in direct conflict on the facts and the law with regard to Norfolk's indemnity claim and it would be unjust to admit the Kirkland Testimony on the ground

that the Grace and Norfolk positions are aligned. Thus, Rule 804(b)(1) fails as a hearsay exception.

5.    Instead, Norfolk's use of the Kirkland Testimony falls under the hearsay exception found in Rule 807(a). The Rule provides:

> Rule 807.  Residual Exception
>
> (a) In General. Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
>     (1) the statement has equivalent circumstantial guarantees of trustworthiness;
>     (2) it is offered as evidence of a material fact;
>     (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>     (4) admitting it will best serve the purposes of these rules and the interests of justice.

Clearly, the Kirkland Testimony given at a trial is trustworthy, is offered as evidence of a material fact, is more probative than Norfolk can otherwise reasonably obtain and is in the interest of justice. Concerning Grace's argument that if Rule 804(b)(1) fails then Rule 807 is not available, Rule 807(a) specifically provides that "a hearsay statement is not excluded" even if Rule 804 does not cover the statement.

6.    Moreover, the Kirkland Testimony is provided in connection with a motion for summary judgment. The Third Circuit Court of Appeals ruled that:

> While this statement as it stands now is hearsay in this circuit it can be considered on a motion for summary judgment because it is capable of being admissible at trial.

*Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.*, 998 F. 2d 1224, 1234 n. 9 (3rd Cir. 1993).  The Court cannot find at this time that the Kirkland Testimony may not be admissible at trial.  The Court therefore will consider the Kirkland Testimony on Norfolk's summary judgment motion.

For the foregoing reasons, the Court denies Grace's motion to strike the Conley and Sharpe declarations and Grace's motion to bar the Kirkland Testimony given in the FELA Action.

SO ORDERED.

Dated: June 27, 2017

_____
KEVIN GROSS, U.S.B.J.