EXHIBIT A

Form of Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KG) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) Re Docket no. _____ |
| | ) Hearing Agenda item no. _____ |
| | ) |

**ORDER DISALLOWING CLAIMS FILED BY DAVID AND MICHELLE ARCHER (SUBSTANTIVE)**

WHEREAS, upon consideration of the *Thirty-Ninth Omnibus Objection to Claims Filed by David and Michelle Archer (Substantive)* (the "Claim Objection"), it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties-in-interest; the Court having jurisdiction to consider the Claim Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; consideration of the Claim Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Claim Objection having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor;

It is hereby ORDERED that:[2]

1. The Claim Objection is sustained in its entirety.

2. Claims nos. 602 and 604 are disallowed in their entirety.

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co. Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Claims Objection.

3. The Reorganized Debtors are authorized to take all actions that may be necessary to reflect the disallowance of Claims nos. 602 and 604, including but not limited to directing Rust Consulting, Inc., their claims agent, to update the claims register to reflect such disallowance.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and any matter arising from the disallowance of Claims nos. 602 and 604.

5. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2017

_____
Honorable Kevin Gross
United States Bankruptcy Judge