## EXHIBIT B

## Finke Declaration

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KG) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) |

**DECLARATION OF RICHARD C. FINKE IN SUPPORT OF THE REORGANIZED DEBTORS' THIRTY-NINTH OMNIBUS OBJECTION TO CLAIMS FILED BY DAVID AND MICHELLE ARCHER (SUBSTANTIVE)**

| | |
|---|---|
| COUNTY OF HOWARD | ) |
| | ) ss. |
| STATE OF MARYLAND | ) |

Richard C. Finke, after being duly sworn according to law, deposes and says:

1.      I am over the age of 18 and competent to testify.  I am Vice President and Associate General Counsel of W. R. Grace & Co., one of the reorganized debtors (collectively, "Grace" or the "Reorganized Debtors") in the above-captioned cases.  All facts set forth in this Declaration are based on my personal knowledge, on information supplied to me by employees of and/or professionals retained by the Reorganized Debtors in these chapter 11 cases, and on my experience and knowledge of Grace's businesses. If called upon to testify, I could and would testify competently to the facts and opinions contained herein.  This declaration is filed in support of the Reorganized Debtors' *Thirty-Ninth Omnibus Objection to Claims Filed by David and Michelle Archer (Substantive)* (the "Objection"), which was filed concomitantly herewith.[2] Based upon a thorough review of their available books and records, the Reorganized Debtors

---

[1]    The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Objection or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

have concluded that they have no liability as to any of the claims discussed herein and in the Objection.

## I.    THE CHAPTER 11 CASES AND THE ARCHERS' GRACE BANKRUPTCY CLAIMS

### A.    The Archers' Grace Bankruptcy Claims

2.    On April 2, 2001, Grace and its affiliates commenced their chapter 11 cases (the "Petition Date"). On November 1, 2001, David and Michelle Archer, who on information and belief are husband and wife, filed their respective proofs of claim, designated claims nos. 602 and 604. (Proofs of Claim nos. 602 and 604, copies of which are attached hereto as Exhibits 1 and 2, respectively being "Mr. Archer's Grace Bankruptcy Claim" and "Mrs. Archer's Grace Bankruptcy Claim," and together being the "Grace Bankruptcy Claims"). Mr. Archer's Grace Bankruptcy Claim was for $1,541,849.60, and Mrs. Archer's Grace Bankruptcy Claim was for $1,910,000.00.

3.    Mr. Archer's Bankruptcy Claim has attached to it a document styled as *Plaintiff's First Amended Complaint* ("Mr. Archer's First Amended Complaint"), which is found on the docket ("Mr. Archer's Texas Case Docket") of a civil case that Mr. Archer commenced on March 23, 1998, in the United States District Court for the Northern District of Texas (the "Texas Cases District Court"), captioned *Archer v. CVI Corporation*, Case no. 7:98-cv-00038-R ("Mr. Archer's Texas Case"). (*Plaintiff's First Amended Complaint*, dated May 28, 1998, Mr. Archer's Texas Case Docket no. 8.)

4.    Mr. Archer's First Amended Complaint names Cryovac, Inc. ("Cryovac") as the sole defendant in Mr. Archer's Texas Case. Cryovac is an affiliate of Sealed Air Corporation ("Sealed Air"). It is not related to any Reorganized Debtor, nor is it related to any other Grace-related entity. Mr. Archer's Texas Case is based upon allegations that Cryovac failed to rehire

Mr. Archer pursuant to the Uniformed Services Employment And Reemployment Rights Act of 1994, codified at 38 U.S.C. § 4301 et seq. ("USERRA").[3]

5.    Mrs. Archer's Grace Bankruptcy Claim has attached to it a copy of a document styled as *Plaintiff's First Amended Complaint*, which appears on the docket ("Mrs. Archer's Texas Case Docket") of a civil case that she commenced on January 14, 1999, in the Texas Cases District Court, which was captioned *Archer v. Cryovac, Inc., et al.*, Case no. 7:99-cv-00011-R ("Mrs. Archer's Texas Case"). (*Plaintiff's First Amended Complaint*, dated February 8, 1999 ("Mrs. Archer's First Amended Complaint"), Mrs. Archer's Texas Case Docket no. 3.) Mrs. Archer's First Amended Complaint names Cryovac and Sealed Air Corp. as defendants. As discussed above, neither entity is related to any Reorganized Debtor or any other Grace-related entity. On information and belief, no Grace entity is mentioned in any filing on the Mrs. Archer's Texas Case Docket.

**B.    The Debtors Object to the Archers' Grace Bankruptcy Claims in Their Fifth Omnibus Objection**

6.    On May 5, 2004, the Debtors filed their *Debtors' Fifth Omnibus Objection to Claims (Substantive)* [Docket no. 5527] (the "Fifth Omnibus Objection"). The Fifth Omnibus Objection objected to the Archers' Grace Bankruptcy Claims on the basis of "no liability." Fifth Omnibus Objection at Exhibit C.

7.    On June 4, 2004, the Archers filed their responses. *Claimant David Archer's Response to Debtors' Fifth Omnibus Objection to Claims* [Docket no. 5795] ("Mr. Archer's Response"); *Claimant Michelle Archer's Response to Debtors' Fifth Omnibus Objection to Claims* [Docket no. 5796] ("Mrs. Archer's Response," together with Mr. Archers' Response, the

---

[3]    As discussed below in n. 4, the record is replete with evidence that Mr. Archer's Texas Case USERRA claim is without substantive merit.

"Responses"). Mr. Archer's Response has attached to it as an exhibit a copy of the first page of a document styled *Plaintiff's Original Complaint*. This document extract corresponds to the *Plaintiff's Original Complaint*, dated March 23, 1998, found at Mr. Archer's Texas Case Docket no. 1 ("Mr. Archer's Original Complaint"). Mr. Archer's Original Complaint names Grace-Conn. as a defendant. As discussed below in section III.A, however, Mr. Archer's Original Complaint was subsequently superseded by Mr. Archer's First Amended Complaint, which does not name Grace as a defendant. There is nothing else in Mr. Archer's Response that provides any basis for Grace's liability, whatsoever.

8.    Mrs. Archer's response has attached to it a copy of the first page of a document styled *Plaintiff's Original Complaint*. This document extract corresponds to the *Plaintiff's Original Complaint*, *Michelle Archer v. Cryovac, Inc.*, dated January 14, 1999, found at Mrs. Archer's Texas Case Docket no. 1 ("Mrs. Archer's Original Complaint"). Mrs. Archer's Original Complaint names Cryovac and Sealed Air as defendants. It does not name any Reorganized Debtor or other Grace-related entity as a defendant. As discussed below in section III.A, however, Mrs. Archer's Original Complaint was subsequently superseded by Mrs. Archer's First Amended Complaint. There is nothing else in Mrs. Archer's Response that provides any basis for Grace's liability, whatsoever.

## II.    THE FILINGS FROM THE DOCKETS IN THE ARCHERS' RESPECTIVE TEXAS CASES AND THEIR FIVE PERSONAL BANKRUPTCY CASES

### A.    The Dockets and Filings in the Archers' Civil Cases

9.    Mr. Archer's Texas Case Docket is attached hereto as Exhibit 3. Mrs. Archer's Texas Case Docket is attached hereto as Exhibit 4.

**B.    The Dockets and Filings in the Archers' Five Personal Bankruptcy Cases**

10.    On information and belief, the Archers filed five separate joint, personal bankruptcy cases between 1998 and 2003.  The dockets for each of those cases is listed below and a copy of each such docket is attached hereto as an exhibit:

- *The Archers' First Bankruptcy Case.*  United States Bankruptcy Court for the Northern District of Texas, Bankruptcy Case Docket for Case No. 98-70895-rcm13, captioned *In re Archer* (the "First Bankruptcy Case Docket," attached hereto as Exhibit 5);

- *The Archers' Second Bankruptcy Case.*  United States Bankruptcy Court for the Northern District of Texas, Bankruptcy Case Docket for Case No. 00-70647-hdh13, captioned *In re Archer* (the "Second Bankruptcy Case Docket," attached hereto as Exhibit 6);

- *The Archers' Third Bankruptcy Case.*  United States Bankruptcy Court for the Northern District of Texas, Bankruptcy Case Docket for Case No. 03-31906-saf13, captioned *In re Archer* (the "Third Bankruptcy Case Docket," attached hereto as Exhibit 7);

- *The Archers' Fourth Bankruptcy Case.*  United States Bankruptcy Court for the Northern District of Texas, Bankruptcy Case Docket for Case No. 03-70335-hdh7, captioned *In re Archer* (the "Fourth Bankruptcy Case Docket," attached hereto as Exhibit 8); and

- *The Archers' Fifth Bankruptcy Case.*  United States Bankruptcy Court for the Northern District of Texas, Bankruptcy Case Docket for Case no. 03-808726-saf13, captioned *In re Archer* (the "Fifth Bankruptcy Case Docket," attached hereto as Exhibit 9).

**C.    The Dockets Are Not Available Electronically**

11.    None of the filings listed in the above-described dockets are available on the Electronic Case Filing Systems of either the Texas Cases District Court or the United States Bankruptcy Court for the Northern District of Texas (the "Northern Texas Bankruptcy Court"), respectively.  In September 2016, counsel for the Reorganized Debtors obtained copies of each of the filings in the above-described dockets from the respective Clerks of Court for the Texas Cases District Court and the Northern Texas Bankruptcy Court.[4]

---

[4]    The filings in many instances are voluminous.  In the interest of judicial economy and as discussed in the Objection, the Reorganized Debtors will in the event that one or both of the claimants respond to the Objection

### III.    FACTUAL BACKGROUND IN SUPPORT OF THE OBJECTION

#### A.    The Texas Cases

##### 1.    Mr. Archer's Texas Case

12.    On March 23, 1998, Mr. Archer commenced his Texas Case in the Texas Cases District Court, by filing his Original Complaint, which named among others, Grace-Conn. as a defendant. (*Plaintiff's Original Complaint*, dated March 23, 1998, Mr. Archer's Texas Case Docket no. 1.) On May 22, 1998, Mr. Archer moved for leave to file an amended complaint. (*Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint* (the "Motion for Leave"), dated May 22, 1998, Mr. Archer's Texas Case Docket no. 6.) Mr. Archer's Motion for Leave stated: "[p]laintiff seeks to drop the two parties named as Defendants in Mr. Archer's Original Complaint, and add *the correct party* as a Defendant." (*Id.*) The court granted the motion, and on May 28, 1998, Mr. Archer filed an amended complaint, naming Cryovac as the only defendant. (*Plaintiff's First Amended Complaint*, dated May 28, 1998, Mr. Archer's Texas Case Docket no. 8 (Mr. Archer's "First Amended Complaint").) Cryovac is an affiliate of Sealed Air, and it is unrelated to any Reorganized Debtor or to any other Grace-related entity. Mr. Archer's First Amended Complaint did not mention any Reorganized Debtor or any other Grace-related entity.[5] (*Id.*)

---

file a memorandum in support of the Objection and a proposed findings of uncontested facts in conjunction therewith, attached to which would be the various docket items referenced in this declaration.

[5]    As discussed in the Objection, the record is replete with evidence that Mr. Archer's Texas Case (and thus his Grace Bankruptcy Claim) is without any substantive merit, whatsoever. (*Defendant Cryovac, Inc.'s Brief in Support of Its Motion for Summary Judgment*, dated April 23, 1999, Mr. Archer's Texas Case Docket no. 17; *Defendant Cryovac, Inc.'s Appendix in Support of Its Motion for Summary Judgment*, dated April 23, 1999, Mr. Archer's Texas Case docket no. 18 (Establishing that Mr. Archer is not entitled to a right to reemployment by Cryovac in the wake of his failed enlistment in the Navy).) Also as discussed in the Objection, the Reorganized Debtors are ready to brief this matter if necessary.

### 2.    Mrs. Archer's Texas Case

13.    On January 14, 1999, Michelle Archer commenced her Texas Case by filing her Original Complaint in the Texas Cases District Court, naming Cryovac and Sealed Air Corporation-Cryovac Division as defendants. (*Plaintiff's Original Complaint, Michelle Archer v. Cryovac, Inc.*, dated January 14, 1999, Mrs. Archer's Texas Case docket no. 1.)  On February 8, 1999, Mrs. Archer filed her First Amended Complaint. (*Plaintiff's First Amended Complaint*, dated February 8, 1999, Mrs. Archer's Texas Case Docket no. 3.)  Neither defendant is related to any Reorganized Debtor or to any other Grace-related entity.  Neither Mrs. Archer's Original Complaint nor her First Amended Complaint mention Grace, Grace-Conn. or any other related entity.[6]  (Mrs. Archer's Grace Bankruptcy Claim; Mrs. Archer's Original Complaint; Mrs. Archer's First Amended Complaint.)

### 3.    The Archers' Counsel of Record in the Texas Cases

14.    John E. Wall, Jr., was the counsel of record for both of the Archers' Texas Cases. (Mr. Archer's Texas Case Docket; Mrs. Archer's Texas Case Docket.)

### B.    The Archers' First Bankruptcy Case—Dismissed for Material Default

15.    On August 24, 1998, the Archers filed joint petitions, commencing a joint chapter 13 case, captioned *In re Archer*, Case no. 98-70895-rcm13 (Bankr. N.D. Tex. August 24, 1998) (the Archers' "First Bankruptcy Case").  (First Bankruptcy Case Docket; *Chapter 13 Voluntary Petition*, dated August 24, 1998, First Bankruptcy Case Docket no. 1.)  The docket lists Walter

---

[6]    The record is replete with evidence that Mrs. Archer's Texas Case (and thus her Grace Bankruptcy Claim) is without any substantive merit, whatsoever.  (Copy of Extract from p. 13, Iowa Park Leader, dated August 13, 1998 (establishing that Mrs. Archer was employed by an entity other than Cryovac while receiving workers' compensation benefits from her employment at Cryovac); *Decision and Order* issued by the Texas Workers Compensation Commission, dated July 30, 1999 (Mrs. Archer failed to return to work on light duty despite receiving a physician's release to do so as to her original right-shoulder injury); Workers Comp. Report (additional injuries to Mrs. Archer's left shoulder and carpal tunnel syndrome were not caused by her employment at Cryovac).)  The Reorganized Debtors are prepared to further brief this matter if necessary.

O'Cheskey as the chapter 13 trustee. The law firm of Monte J. White & Associates, P.C., is listed as debtors' counsel on the docket. (First Bankruptcy Case Docket.)

16.    The Archers' Statement of Financial Affairs in the First Bankruptcy disclosed Mr. Archer's Texas Case. (*Statement of Financial Affairs*, dated August 26, 1998, First Bankruptcy Case Docket no. 2.) *Schedule B (Personal Property)* did not list Mr. Archer's Texas Case. (*Schedule B (Personal Property)*, dated August 26, 1998, First Bankruptcy Case Docket no. 2.) *Schedule C (Property Claimed as Exempt)* did not claim the Archers' Texas Cases as exempt property. (*Schedule C (Property Claimed as Exempt)*, dated August 26, 1998, First Bankruptcy Case Docket no. 2.) None of the foregoing documents were amended to reflect the filing of Mrs. Archer's Texas Case on January 14, 1999. (First Bankruptcy Case Docket, *passim*.)

17.    None of the proposed chapter 13 plans filed in the Archers' First Bankruptcy Case proposed to use any proceeds from Mr. Archer's Texas Case (or Mrs. Archer's Texas Case, for that matter) to pay creditors, even though the Archers did not claim the case as exempt property on their *Schedule C (Property Claimed as Exempt)*. (*Debtor's Preliminary Chapter 13 Plan*, dated August 26, 1998, First Bankruptcy Case Docket no. 5; *Amended Debtor's Preliminary Chapter 13 Plan*, dated September 4, 1998, First Bankruptcy Case Docket no. 8; *Amended Debtor's Preliminary Chapter 13 Plan*, dated November 20, 1998, First Bankruptcy Case Docket no. 15.)

18.    The Archers' respective Texas Case Dockets do not reflect notification to the Texas Cases District Court of the pendency of their First Bankruptcy Case until June 11, 1999, fourteen months after they filed their joint bankruptcy petition. On that date, the District Court vacated its June 23, 1998 scheduling order in Mr. Archer's Texas Case, and also ordered the Archers to retain Mr. Wall as section 327(e) special counsel in their First Bankruptcy Case for

purposes of prosecuting their Texas Cases.  (Mr. Archer's Texas Case Docket no. 26.)   On

November 24, 1999, the bankruptcy court entered an *Order Granting Amended Application to*

*Employ Special Counsel John E. Wall, Jr. Nunc Pro Tunc.*  (*Order Granting Amended*

*Application to Employ Special Counsel John E. Wall, Jr. Nunc Pro Tunc*, First Bankruptcy Case

Docket no. 53.)

19.     On June 23, 2000, the Archers' First Bankruptcy Case was dismissed due to the

Archers' material default on their obligations under their confirmed chapter 13 plan, and on

August 28, 2000, the case was closed.  (*Trustee's Motion to Dismiss*, dated May 3, 2000, First

Bankruptcy Case Docket no. 64; First Bankruptcy Case Docket no. 65.)

### C.     The Archers Commit Intentional Misconduct in Their Second Bankruptcy Case

20.     On August 7, 2000, less than six weeks after their First Bankruptcy Case was

dismissed, the Archers commenced a second joint chapter 13 case, captioned *In re Archer*, Case

no. 00-70647-hdh13 (Bankr. N.D. Tex. August 7, 2000) (the Archers' "Second Bankruptcy

Case").  (Second Bankruptcy Case Docket; *Chapter 13 Voluntary Petition*, dated August 9,

2000, Second Bankruptcy Case Docket no. 1.)  The Archers retained Monte J. White, their

bankruptcy counsel in their First Bankruptcy Case, in their Second Bankruptcy Case, and Mr.

O'Cheskey, the chapter 13 trustee in their First Bankruptcy Case, was named trustee.  (Second

Bankruptcy Case Docket.)

21.     In their initial Second Bankruptcy Case filings, the Archers did not:

- Disclose either of the Texas Cases in their initial schedules and statement of financial affairs—despite having disclosed Mr. Archer's Texas Case in their First Bankruptcy Case. (*Statement of Financial Affairs*, dated August 9, 2000, Second Bankruptcy Case Docket no. 4; *Schedule B (Personal Property)*, dated August 9, 2000, Second Bankruptcy Case Docket no. 4; *Schedule C (Property Claimed as Exempt)*, dated August 9, 2000, Second Bankruptcy Case Docket no. 4.);

- Seek to retain Mr. Wall as special trial counsel to pursue the Texas Cases—despite having been directed to do so by the Texas Cases District Court in their First Bankruptcy Case, nor did they notify the Texas Cases District Court that they had filed their Second Bankruptcy Case. (Second Bankruptcy Case Docket, *passim*; Mr. Archer's Texas Case Docket, *passim*; Mrs. Archer's Texas Case Docket, *passim*.); or

- Seek to utilize the Texas Cases as a means of payment to creditors in their proposed chapter 13 plan (or in the plan that was ultimately confirmed in that case), despite their not having sought to exempt either of their Texas Cases on their *Schedule C*. (*Debtor's Preliminary Chapter 13 Plan*, dated August 9, 2000, Second Bankruptcy Case Docket no. 5; *Amended Debtor's Preliminary Chapter 13 Plan*, dated July 19, 2001, Second Bankruptcy Case Docket no. 28; Second Bankruptcy Case *Final Chapter 13 Plan and Motion for Valuation*, dated July 19, 2001, Second Bankruptcy Case Docket no. 28; Second Bankruptcy Case *Final Chapter 13 Plan and Motion for Valuation*, dated August 13, 2001, Second Bankruptcy Case Docket no. 34.)

**D.    The District Court Administratively Closes the Texas Cases Due to the Archers' Misconduct in Their Second Bankruptcy Case**

22.    On January 22, 2001, after having discovered that the Archers had not disclosed either their Texas Cases in their Second Bankruptcy Case or their Second Bankruptcy Case to the Texas Cases District Court and had contravened the District Court's earlier order by not retaining their Texas Cases trial counsel in their Second Bankruptcy Case, Cryovac filed a motion requesting a continuance in the Archers' Texas Cases until a later date based upon those disclosure failures. (*Defendant's Motion for Continuance* (the "Motion for Continuance"), dated January 22, 2001, Mr. Archer's Texas Case Docket no. 35; Mrs. Archer's Texas Case Docket no. 14.) On January 24, 2001, Cryovac supplemented that motion. (*Defendant's Supplemental Motion for Continuance* (the "Supplemental Motion for Continuance"), dated January 24, 2001, Mr. Archer's Texas Case Docket no. 36, Mrs. Archer's Texas Case docket no. 15.)

23.    The first Motion for Continuance noted salient points from the Archers' First and Second Bankruptcy Cases. The motion also noted the Archers' Texas Cases court order requiring the Archers to retain section 327(e) special counsel to represent their estates in the

Texas Cases. The Motion for Continuance further noted that, on August 24, 2000, the Texas Cases District Court denied, without prejudice, Cryovac's Motion for Summary Judgment on account of the Archers' August 7, 2000, filing of their Second Bankruptcy Case. The motion further stated that the Archers had not sought to retain section 327(e) special counsel in that case, as required by the Archers' Texas Cases order of June 11, 1999. (Motion for Continuance *passim*.) The Supplemental Motion for Continuance noted that the Archers had failed to disclose their Texas Cases in their Second Bankruptcy Case schedules and statements. (Supplemental Motion for Continuance *passim*.) On January 24, 2001, the court suspended the Archers' Texas Cases until a date after the Archers' Second Bankruptcy Case had been resolved. (*Order*, dated January 24, 2001, Mr. Archer's Texas Case Docket no. 37, Mrs. Archer's Texas Case docket no. 16.)

24.    On February 1, 2001, in the wake of having been rebuked by the Texas Cases District Court, the Archers filed an *Amended Schedule B (Personal Property)*. (Second Bankruptcy Case *Amended Schedule B (Personal Property)*, dated February 1, 2001, Second Bankruptcy Case Docket no. 17.) The amended schedule disclosed the Archers' Texas Cases in line item 20 as contingent, unliquidated claims with an unknown value. (*Id.*) On February 6, 2001, the Archers filed an *Amended Statement of Financial Affairs*. (Second Bankruptcy Case *Amended Statement of Financial Affairs* (the "Second Bankruptcy Case Amended SOFA"), dated February 6, 2001, Second Bankruptcy Case Docket no. 18.) The Second Bankruptcy Case Amended SOFA disclosed Mr. Archer's Texas Case, but did not disclose Mrs. Archer's Texas Case. (*Id.*)

25.    On March 8, 2001, in response to the Texas Cases District Court's having in January 2001 suspended the Texas Cases on account of the Archers' failure to retain Mr. Wall in

their Second Bankruptcy Case as special counsel, the Archers filed an application to do so. (*Application By Debtor David Lynn Archer, Debtor Michelle Beverly Archer to Employ John E. Wall, Jr. as Special Counsel Nunc Pro Tunc*, dated March 8, 2001, Second Bankruptcy Case Docket no. 20.) On March 13, 2001, the court entered an order granting that application. (*Order Granting Application by Debtor David Lynn Archer, Debtor Michelle Beverly Archer to Employ John E. Wall, Jr. as Special Counsel Nunc Pro Tunc*, dated March 13, 2001, Second Bankruptcy Case Docket no. 21.)

26.    On August 1, 2001, the court administratively closed the Archers' Texas Cases. (Mr. Archer's Texas Case Docket no 38; Mrs. Archer's Texas Case Docket no. 17.) The Archers never attempted to reopen either Texas Case, both of which have remained closed ever since.

**E.    The Archers' Second Bankruptcy Case Is Dismissed Due to Material Default**

27.    On November 11, 2002, after the chapter 13 trustee had filed at least two separate motions to dismiss the case, the bankruptcy court finally dismissed the Archers' Second Bankruptcy Case because the Archers failed to make certain payments required by their confirmed chapter 13 plan. (*Trustee's Motion to Dismiss and/or Reduce Debtor's Attorney Fees*, Second Bankruptcy Case Docket no. 22; *Response to Trustee's Motion to Dismiss and/or Reduce Debtor's Attorney Fees*, dated April 23, 2001, Second Bankruptcy Case Docket no. 23; *Agreed Order Continuing the Trustee's Motion to Dismiss and Providing for Automatic Dismissal on Default*, dated November 9, 2001, Second Bankruptcy Case Docket no. 38; *Order Conditionally Denying Trustee's Motion to Dismiss and Providing for Automatic Dismissal on Default*, dated November 21, 2001, Second Bankruptcy Case Docket no. 39; *Trustee's Motion to Dismiss*, dated September 6, 2002, Second Bankruptcy Case Docket no. 51; *Order Dismissing Case*, dated November 11, 2002, Second Bankruptcy Case Docket no. 52.)

**F.    The Archers Fail to Disclose Their Grace Bankruptcy Claims in Their Second Bankruptcy Case**

28.    On November 1, 2001, the Archers filed their Grace Bankruptcy Claims for a total of more than $3.4 million.  The Archers did not seek to amend their schedules and statement of financial affairs in their still-pending Second Bankruptcy Case to include the Grace Bankruptcy Claims—or the values assigned to them, both of which the Archers were obligated to do.  (Second Bankruptcy Case Docket, *passim*.)

**G.    The Archers' Misconduct in Their Third, Fourth and Fifth Bankruptcy Cases**

*1.    The Archers Fail to Make Any Required Disclosures in Their Third Bankruptcy Case*

29.    On February 20, 2003, using different bankruptcy counsel (Holly B. Guelich, of The Law Office of Holly B. Guelich), the Archers commenced a third joint chapter 13 case, Case no. 03-31906 (the Archers' "Third Bankruptcy Case").   (Third Bankruptcy Case Docket; *Chapter 13 Voluntary Petition*, dated February 20, 2003, Third Bankruptcy Case Docket no. 1.) The docket listed Thomas Powers as the chapter 13 trustee.  (Third Bankruptcy Case Docket.)

30.    In their Third Bankruptcy Case, the Archers did not:

- Disclose either of the Texas Cases in their schedules and statement of financial affairs—nor did they disclose the Grace Bankruptcy Claims or their claimed value of more than $3.4 million.  (*Schedule B (Personal Property)*, dated March 7, 2000, Third Bankruptcy Case Docket no. 7; *Schedule C (Property Claimed as Exempt)*, dated March 7, 2000, Third Bankruptcy Case Docket no. 7; *Statement of Financial Affairs*, dated March 7, 2000, Third Bankruptcy Case Docket no. 8; Third Bankruptcy Case Docket, *passim*.);

- Seek to utilize either the Texas Cases or the Grace Bankruptcy Claims in their proposed chapter 13 plan.  (*Debtor's Preliminary Chapter 13 Plan*, dated March 7, 2003, Third Bankruptcy Case Docket no. 6.); and

- Seek retention of Mr. Wall as special trial counsel to pursue the Texas Cases.  (Third Bankruptcy Case Docket, *passim*.);

>    2.    *The Archers' Fourth Bankruptcy Case—The Archers Continued to Fail*
>          *to Disclose Their Grace Bankruptcy Claims—Among Other Misconduct*

31.    On April 23, 2003, while their Third Bankruptcy Case was still ongoing (in which they were represented by Ms. Guelich), the Archers commenced their fourth joint chapter 13 case, Case no. 03-70335 (the Archers' "Fourth Bankruptcy Case").  (Fourth Bankruptcy Case Docket; *Chapter 13 Voluntary Petition*, Fourth Bankruptcy Case Docket no. 1.)  This time, the Archers were represented by Mr. White, who had represented them in their now-dismissed First and Second Bankruptcy Cases.  (Fourth Bankruptcy Case Docket.)  In their Fourth Bankruptcy Case, the Archers:

- Did not disclose their then-pending Third Bankruptcy Case in any of their filings. (Fourth Bankruptcy Case Docket, *passim.*);

- Did not disclose the Grace Bankruptcy Claims or their claimed value of more than $3.4 million.  (Fourth Bankruptcy Case Docket, *passim.*);

- Disclosed both of their Texas Cases on the *Statement of Financial Affairs* question 4, and on their *Schedule B (Personal Property)*, but failed to reconcile the values they ascribed to their Texas Cases ($16,048 for Mrs. Archer and "unknown" for Mr. Archer) with the $3.4 million claimed in their Grace Bankruptcy Claims.  (*Schedule B (Personal Property)*, dated April 25, 2003, Fourth Bankruptcy Case Docket no. 6; *Statement of Financial Affairs*, dated April 25, 2003, Fourth Bankruptcy Case Docket no. 7, at question 4.);

- Did claim an exemption on *Schedule C (Property Claimed as Exempt)* pursuant to section 522(d)(5) for Mrs. Archer's Texas Case in the amount of $16,048 (with a disclosed fair market value of the same amount)—but did not claim an exemption for Mr. Archer's Texas Case.  (*Schedule C (Property Claimed as Exempt)*, dated April 23, 2003, Fourth Bankruptcy Case Docket no. 6.);

- Did not seek to utilize either the Texas Cases or the Grace Bankruptcy Claims in their various proposed chapter 13 plans (*Debtor's Preliminary Chapter 13 Plan*, Fourth Bankruptcy Case Docket no. 5; *Amended Preliminary Chapter 13 Plan*, dated October 17, 2003, Fourth Bankruptcy Case Docket no. 53; *Amended Preliminary Chapter 13 Plan*, dated December 5, 2003, Fourth Bankruptcy Case Docket no. 59.); and

- Did not seek to retain Mr. Wall as special trial counsel to pursue the Texas Cases—despite having been ordered to do so by the Texas Cases District Court. (Fourth Bankruptcy Case Docket, *passim.*)

32.    On September 4, 2003, the bankruptcy court dismissed the Archers' Third Bankruptcy Case after the chapter 13 trustee discovered that the Archers had not filed federal income tax returns for the six years from 1997 to 2002. (*General Motion to Dismiss Chapter 13 Case and Notice of Hearing Thereon*, dated June 17, 2003, Third Bankruptcy Case Docket no. 14; *Order Dismissing Case Without Prejudice*, dated September 4, 2003, Third Bankruptcy Case Docket no. 27.)

### 3.    The Archers Fail to Make Required Disclosures in Their Fifth Bankruptcy Case

33.    On October 20, 2003, while their Fourth Bankruptcy Case was still pending, the Archers filed voluntary chapter 13 petitions, thereby commencing their fifth personal bankruptcy case (the Archers' "Fifth Bankruptcy Case"). (Fifth Bankruptcy Case Docket; *Chapter 13 Voluntary Petition*, dated October 20, 2003, Fifth Bankruptcy Case Docket no. 1.) In their Fifth Bankruptcy Case, the Archers were represented by Ms. Guelich, the counsel who had represented them in their then just-dismissed Third Bankruptcy Case. (Fifth Bankruptcy Case Docket.) Mr. White, who was representing the Archers in their Fourth Bankruptcy Case, is not listed as counsel. (*Id.*) In their Fifth Bankruptcy Case, the Archers did not:

- Disclose their Fourth Bankruptcy Case in any of their filings despite the fact that the case remained pending—although the statement of affairs did disclose the by-now closed Third Bankruptcy Case. (Fifth Bankruptcy Case Docket, *passim*; *Statement of Financial Affairs*, dated November 3, 2003, Fifth Bankruptcy Case Docket no. 5.);

- Disclose either the Texas Cases or the Grace Bankruptcy Claims (or their claimed value of more than $3.4 million) in either their schedules or their statement of financial affairs. (Fifth Bankruptcy Case Docket, *passim*; *Schedule B (Personal Property)*, dated November 3, 2003, Fifth Bankruptcy Case Docket no. 5; *Schedule C (Property Claimed as Exempt)*, dated November 3, 2003, Fifth Bankruptcy Case Docket no. 5; *Statement of Financial Affairs*, dated November 3, 2003, Fifth Bankruptcy Case Docket no. 5.);

- Seek to utilize either the Texas Cases or the Grace Bankruptcy Claims in their proposed chapter 13 plan. (*Debtor's Preliminary Chapter 13 Plan*, dated November 3, 2003, Fifth Bankruptcy Case Docket no. 6.); and

- Seek to retain Mr. Wall as special trial counsel to pursue the Texas Cases. (Fifth Bankruptcy Case Docket, *passim*.)

34.     On January 28, 2004, the Archers' Fifth Bankruptcy Case was dismissed with prejudice on multiple grounds, including the Archers' continued failure to have filed federal income tax returns for a six-year period and failure to make required payments. (*Motion to Dismiss Chapter 13 Bankruptcy Case With Prejudice*, dated December 5, 2003, Fifth Bankruptcy Case Docket no. 8; *Order Dismissing Case*, dated January 28, 2004, Fifth Bankruptcy Case Docket no. 13.)

### 4.     The Archers' Fourth Bankruptcy Case Is Converted to Chapter 7

35.     On March 29, 2004, the Archers filed a motion to convert their case to chapter 7. (*Notice of Conversion of Chapter 13 Case to Chapter 7 Under Section 1307(a)* ("Motion to Convert"), dated March 29, 2004, Fourth Bankruptcy Case Docket no. 63.)   The bankruptcy court subsequently entered an order converting the Archers' Fourth Bankruptcy Case to chapter 7. (*Order Converting Case*, dated April 6, 2004, Fourth Bankruptcy Case Docket no. 64.)

36.     On June 1, 2004, the chapter 7 trustee filed a "*no-asset/no-distribution*" report on the Archers' Fourth Bankruptcy Case docket—without any discussion of either the Archers' Texas Cases (and the *de minimis* values assigned thereto ("unknown" and $16,048, respectively) by Mr. and Mrs. Archer) or their Grace Bankruptcy Claims (the total claim amount of which exceeds $3.4 million). (Fourth Bankruptcy Case Docket, entry dated June 1, 2004; *Trustee's Report of No Distribution*.)

37.    On July 13, 2004, the bankruptcy court entered an order captioned *Discharge of Debtor*, discharging the Archers pursuant to Bankruptcy Code section 727.  (*Discharge of Debtor*, dated July 13, 2004, Fourth Bankruptcy Case Docket no. 77.)

38.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_Richard C. Finke_
Richard C. Finke
Vice President and Associate General Counsel
W. R. Grace & Co.

SWORN AND SUBSCRIBED before me,
this 17th day of July 2017

_Diane Z. Borowy_
Notary Public

My Commission Expires:  09/18/2020

DIANE Z. BOROWY
Notary Public-Maryland
Howard County
My Commission Expires
September 18, 2020

17

## EXHIBIT 1

**David Archer's Proof of Claim no. 602**



# WR Grace

Bankruptcy Form 10

Index Sheet

RUST000115

Claim Number: __00000602__     Receive Date: __11 / 01 / 2001__

## Multiple Claim Reference

Claim Number _____

| | | |
|---|---|---|
| ☐ | MMPOC | Medical Monitoring Claim Form |
| ☐ | PDPOC | Property Damage |
| ☐ | NAPO | Non-Asbestos Claim Form |
| ☐ | | Amended |

Claim Number _____

| | | |
|---|---|---|
| ☐ | MMPOC | Medical Monitoring Claim Form |
| ☐ | PDPOC | Property Damage |
| ☐ | NAPO | Non-Asbestos Claim Form |
| ☐ | | Amended |

## Attorney Information

Firm Number: 160     Firm Name:

Attorney Number: 32     Attorney Name:

Zip Code:

Cover Letter Location Number:

| Attachments<br>Medical Monitoring | Attachments<br>Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☒ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☐ Other Attachments | |

| **Other** | | |
|---|---|---|
| | ☐ Non-Standard Form | |
| | ☐ Amended | |
| | ☐ Post-Deadline Postmark Date | |

B10 (Official Form 10) (Rev. 10/96)

| UNITED STATES BANKRUPTCY COURT<br>For the District of Delaware | PROOF OF CLAIM |
|---|---|

In re: W.R. Grace + Co., et al.    Case Number: 01-1139 thru 01-1200(JSF)

NOTE: This claim should not be used to make a claim for an administrative expense arising after the commencement of the case.
A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Creditor Name
(Person or entity
debtor owes)  **David L. Archer, Jr.**
Address
Line 1  **706 W. Texas**
Address
Line 2
Address
Line 3
City,
ST ZIP  **Iowa Park, TX 76367**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach Copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court

THIS SPACE IS FOR COURT ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
**Civil Action No. 7-98-CV-038-R**

Check here if this claim  ☐ replaces  ☐ amends    a previously filed claim dated: _____

**1. BASIS FOR CLAIM**
- ☐ Goods sold
- ☒ Personal injury/wrongful death
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Services performed
- ☐ Taxes
- ☐ Wages, salaries, and compensation (Fill out below)
  - Your social security No._____
- ☐ Money loaned
- ☒ Other (Describe briefly)  **wrongful termination of employment**
  - Unpaid compensation for services performed
  - from _____ to _____
  - (date)      (date)

**2. Date Debt Incurred: (MMDDYY)**

**3. If Court Judgment, Date Obtained:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.  CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM
Attach evidence of perfection of security interest
Brief Description of Collateral:
- ☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any $ _____

☒ UNSECURED NONPRIORITY CLAIM
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.
- ☐ Wages, salaries, or commissions (up to $4300), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)
- ☐ Up to $1,950 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
- ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507 (a)(7)
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) _____

**5. AMOUNT OF CLAIM AT TIME CASE FILED:**

| (Secured) | (Unsecured Nonpriority) | (Unsecured Priority) |
|---|---|---|
| | 1 5 4 1 8 4 9 . 6 0 | |

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

THIS SPACE IS FOR COURT USE ONLY

**7. SUPPORTING DOCUMENTS:** _Attach copies of supporting documents_, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclosed a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| **12 JUN 01** | _David L. Archer_ (David L. Archer Jr.) |

Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

WR Grace    BF.4.13.602
**00000602**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DAVID L. ARCHER, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | 7-98-CV-038-X |
| CRYOVAC, INC., | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

COMES NOW David L. Archer, Plaintiff, complaining of Defendant, Cryovac, Inc., and would respectfully show unto the Court as follows:

### JURISDICTION AND VENUE

1.      Plaintiff David L. Archer ("Archer") invokes this Court's jurisdiction pursuant to 38 U.S.C. 4323(c)(1)(A).

2.      The unlawful employment practices alleged below were committed within the Wichita Falls Division of the Northern District of the State of Texas.

### PARTIES

3.      Archer is a male citizen of the United States and a resident of Wichita County, Texas, in the Northern District of Texas. He was employed by the Defendant at all times relevant to the allegations set forth in this Complaint.

4.      Defendant Cryovac, Inc. is a foreign corporation doing business in the State of Texas in the Northern District of Texas, including a business location in Wichita County, Texas.

Defendant Cryovac, Inc. may be served with process by serving its attorney, Mr. J. Alfred Southerland, Esq., Ogletree, Deakins, Nash, Smoak & Stewart, P.C., One Allen Center, 500 Dallas Street, Suite 3000, Houston, Texas 77002-4709.

## DISCRIMINATION

5.    On information and belief, the Defendant discriminated against Archer on the basis of his application into the armed services. Specifically, the Defendant refused to reemploy Archer after he applied for the United States Navy. Archer's applying for the United States Navy was a motivating and substantial factor in the Defendant's refusal to reemploy him.

## DAMAGES

6.    The effect of the policies and practices pursued by the Defendant as alleged above has limited, classified and discriminated against Archer in ways which jeopardized his job and deprived him of employment opportunities and otherwise adversely affected his status as an employee.

7.    As a further result of the Defendant's actions, Archer has been and is being deprived of income in the form of wages and prospective retirement benefits, social security and other benefits due to him as an employee in a sum to be proven at trial.

## PRAYER

WHEREFORE, Archer respectfully prays this Court to:

(1)    Grant Archer a permanent injunction enjoining the Defendant, its officers, agents, successors, employees, attorneys, and assigns and other representatives, and all those persons acting in concert with it and at its discretion, from engaging in any employment policy or practice which discriminates against Archer on the basis of application for the United States Navy;

(2)    Order the Defendant to make Archer whole by providing appropriate back pay and reimbursement for lost pension, social security and other benefits in an amount to be shown at trial as well as all other damages to which Archer is entitled;

(3)    Order the Defendant to be taxed with the cost of this action, including reasonable attorney's fees; and

(4)    Grant such additional relief as to the Court may seem just and proper.

## JURY REQUEST

Plaintiff respectfully requests a jury trial.

Respectfully submitted,

LAW OFFICES OF JOHN E. WALL, JR.

5728 Prospect Avenue, Suite 2001
Dallas, Texas 75206
(214) 887-0100 (*telephone*)
(214) 887-0173 (*telecopy*)

John E. Wall, Jr.
State Bar No. 20756750
Monte K. Hurst
State Bar No. 00796802

*Attorneys for Plaintiff David L. Archer, Jr.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to opposing counsel as follows via certified mail, return receipt requested, Z385065021, on this 21st day of May, 1998:

Mr. J. Alfred Southerland, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709

Monte K. Hurst

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**
F:\CLIENTS\Archer\David\Pleadings\Complaint.1.wpd

4

## EXHIBIT 2

### Michelle Archer's Proof of Claim no. 604

# WR Grace

Bankruptcy Form 10

Index Sheet

RUST000115

| Claim Number: | 00000604 | Receive Date: | 11 / 01 / 2001 |
|---|---|---|---|

## Multiple Claim Reference

Claim Number _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

Claim Number _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

## Attorney Information

Firm Number: 160          Firm Name:

Attorney Number: 32          Attorney Name:

Zip Code:

Cover Letter Location Number:

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| [ ] TBD | [ ] TBD | [x] Other Attachments |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| | [ ] Other Attachments | |

**Other**

- [ ] Non-Standard Form
- [ ] Amended
- [ ] Post-Deadline Postmark Date

B10 (Official Form 10) (Rev. 10/96)

| UNITED STATES BANKRUPTCY COURT<br>For the District of Delaware | PROOF OF CLAIM |
|---|---|

In re: W. R. Grace + Co., et al.     Case Number: 01-1139 thru 01-1200(JJF)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Creditor Name
(Person or entity debtor owes) **Michelle B. Archer**
Address Line 1 **706 W. Texas**
Address Line 2
Address Line 3
City, **Iowa Park, TX 76367**
ST ZIP

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach Copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
**Civil Action No. 7-99-CV-011-R**    Check here if this claim ☐ replaces ☐ amends    a previously filed claim dated: _____

**1. BASIS FOR CLAIM**
- ☐ Goods sold
- ☒ Personal injury/wrongful death
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Services performed
- ☐ Taxes
- ☐ Wages, salaries, and compensation (Fill out below)
  Your social security No. _____
- ☐ Money loaned
- ☒ Other (Describe briefly) **wrongful termination of employment**    Unpaid compensation for services performed from _____ (date) to _____ (date)

**2. Date Debt Incurred: (MMDDYY)**

**3. If Court Judgment, Date Obtained :**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM
Attach evidence of perfection of security interest
Brief Description of Collateral:
- ☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any $ _____

☒ UNSECURED NONPRIORITY CLAIM
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.
- ☐ Wages, salaries, or commissions (up to $4300), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)
- ☐ Up to $1,950 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
- ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507 (a)(7)
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) _____

**5. AMOUNT OF CLAIM AT TIME CASE FILED:**

| (Secured) | (Unsecured Nonpriority) | (Unsecured Priority) |
|---|---|---|
| | 1 9 0 0 0 0 . 0 0 | |

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents* , such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclosed a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date **6-12-01** | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) **Michelle Archer** |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

WR Grace    BF.4.13.604
00000604

JUL 2 3 2001

David Archer

RECEIVED

JUN 1 8 2001

Archer



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MICHELLE ARCHER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | 7-99CV-011-X |
| CRYOVAC, INC., | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

COMES NOW Michelle Archer, Plaintiff, complaining of Defendant, Cryovac, Inc., and would respectfully show unto the Court as follows:

### JURISDICTION AND VENUE

1.     Plaintiff Michelle Archer ("Archer") invokes this Court's jurisdiction pursuant to 38 U.S.C. 4323(c)(1)(A).

2.     The unlawful employment practices alleged below were committed within the Wichita Falls Division of the Northern District of the State of Texas.

### PARTIES

3.     Archer is a female citizen of the United States and a resident of Wichita County, Texas, in the Northern District of Texas. She was employed by the Defendant at all times relevant to the allegations set forth in this Complaint.

4.     Defendant, CRYOVAC, INC., is a foreign corporation authorized to do business in the State of Texas and may be served with process by serving its counsel, Mr. J. Alfred Southerland,

at: Ogletree, Deakins, Nash, Smoak & Stewart, P.C., One Allen Center, 500 Dallas Street, Suite 3000, Houston, Texas, 77002-4709.

### DISCRIMINATION UNDER 38 U.S.C. § 4311(b)

5.    On information and belief, the Defendant discriminated against Archer in violation of 38 U.S.C. § 4311(b). Specifically, the Defendant discriminated against and terminated Plaintiff because Plaintiff (1) took action to enforce the protection afforded David Archer under 38 U.S.C. § 4311; (2) testified or otherwise made a statement in connection with David Archer's proceeding under 38 U.S.C. § 4311; or assisted or otherwise participated in an investigation under Chapter 43. Archer's participation in the above described activities was a motivating factor in the Defendant's discrimination against her and termination of her employment.

### DISCRIMINATION UNDER TEX. LAB. CODE ANN. § 451.001

6.    Plaintiff would further show on information and belief that Defendant discharged her on or about October 20, 1997 and/or discriminated against her in violation of § 451.001 of the Texas Labor Code because she filed a workers' compensation claim in good faith, hired a lawyer to represent her in a workers' compensation claim, instituted or caused to be instituted a workers' compensation claim in good faith, testified or was about to testify in a workers' compensation proceeding.

7.    Plaintiff would show that Defendant would not have terminated her employment and discriminated against her when it did had Plaintiff not engaged in an activity protected under § 451.001 of the Texas Labor Code.

## DAMAGES

8.    The effect of the policies and practices pursued by the Defendant as alleged above has limited, classified and discriminated against Archer in ways which jeopardized her job and deprived her of employment opportunities and otherwise adversely affected her status as an employee.

10.    Plaintiff was earning approximately $11.90 per hour prior to her termination. Thus, Plaintiff is entitled to recover the earnings and benefits lost in the past from the date of termination up until the present.

11.    Plaintiff was approximately 31 years of age when the Defendant terminated her employment, and had a work-life expectancy of approximately 34 years. Thus, Plaintiff is entitled to recover the earnings and benefits that in reasonable probability will be lost in the future.

12.    Defendant's conduct toward Plaintiff caused her emotional pain and suffering, mental anguish and/or other nonpecuniary losses, for which Plaintiff seeks past and future compensatory damages.

13.    Plaintiff's harm was a result of the Defendant's actual malice, *e.g.*, ill will, spite, evil motive, or purpose to injure another, thus Plaintiff seeks exemplary damages.

## PRAYER

WHEREFORE, Archer respectfully prays this Court to:

(1)     Grant Archer a permanent injunction enjoining the Defendant, its officers, agents, successors, employees, attorneys, and assigns and other representatives, and all those persons acting in concert with it and at its discretion, from engaging in any employment policy or practice which discriminates against Archer in violation of 38 U.S.C. § 4311(b) and Tex. Lab. Code Ann. § 451.001.

(2)     Grant Plaintiff lost earnings and employee benefits in the past;

(3)     Grant Plaintiff lost earnings and employee benefits that in reasonable probability will be lost in the future;

(4)     Grant Plaintiff compensatory damages in the past (which may include emotional pain and suffering, mental anguish and other nonpecuniary losses);

(5)     Grant Plaintiff compensatory damages in the future (which may include emotional pain and suffering, mental anguish, and other nonpecuniary losses);

(6)     Grant Plaintiff exemplary damages;

(7)     Grant Plaintiff reinstatement to Plaintiff's former position of employment;

(8)     Order the Defendant to be taxed with the cost of this action, including reasonable attorney's fees; and

(9)     Grant such additional relief as to the Court may seem just and proper.

Respectfully submitted,

**LAW OFFICES OF JOHN E. WALL, JR.**
5728 Prospect Avenue, Suite 2001
Dallas, Texas 75206-7284
(214) 887-0100 *(telephone)*
(214) 887-0173 *(telecopier)*

John E. Wall, Jr.
State Bar No. 20756750
Monte K. Hurst
State Bar No. 00796802

*Attorneys for Plaintiff*

## JURY REQUEST

Plaintiff respectfully requests a jury trial.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to opposing counsel as follows via telecopy, (713) 655-0020, on this 5th day of February, 1999:

Mr. J. Alfred Southerland
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709

Monte K. Hurst

PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT
F:\Clients\Archer\Michelle\WT\Pleadings\Complaint.1.wpd

5

E<small>XHIBIT</small> 3

United States District Court for the Northern District of Texas, Civil Case Docket for
*Archer v. CVI Corporation*, Case no. 7:98-cv-00038-R ("<u>Mr. Archer's Texas Case</u>")

ADR,CLOSED,JURY

## U.S. District Court
### Northern District of Texas (Wichita Falls)
### CIVIL DOCKET FOR CASE #: 7:98-cv-00038-R

Archer v. CVI Corporation
Assigned to: Senior Judge Jerry Buchmeyer
Demand: $0
Cause: Right to re-employment of inducted persons

Date Filed: 03/23/1998
Date Terminated: 08/01/2001
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**David L Archer, Jr**                    represented by  **John E Wall , Jr**
Law Office of John E Wall Jr
5728 Prospect Avenue, Suite 2001
Dallas, TX 75206-7284
214/887-0100
Fax: 214/887-0173
Email: jwall@jwall-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Monte K Hurst**
Hermes Sargent Bates
901 Main St
Suite 5200
Dallas, TX 75202
214/749-6515
Fax: 214/749-6315 FAX
Email: monte.hurst@hsblaw.com
*Bar Status: Admitted/In Good Standing*

V.

**Defendant**

**CVI Corporation**                    represented by  **James Alfred Southerland**
*formerly known as*                                    Shellist Lazarz Slobin LLP
W.R. Grace & Co--Conn                                  11 Greenway Plaza
*formerly known as*                                    Suite 1515
Cryovac Inc                                            Houston, TX 77046
713/621-2277
Fax: 713/621-0993
Email: alfsoutherland@sls-lawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Provider**

**Courtenay L Bass**                    represented by **Courtenay L Bass**
                                        Gilbert Mediation Group
                                        3131 McKinney Ave
                                        Suite 125
                                        Dallas, TX 75204
                                        214/303-4500
                                        Fax: 214/303-4501
                                        Email: clbmediate@aol.com
                                        PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 03/23/1998 | 1 | ORIGINAL COMPLAINT filed; Filing Fee $ 150.00 Receipt # 28195 (eat) (Entered: 03/23/1998) |
| 03/23/1998 | 1 | DEMAND for jury trial by plaintiff David L Archer Jr (eat) (Entered: 03/23/1998) |
| 03/23/1998 | 2 | SUMMONS(ES) (1) issued for defendant CVI Corporation (eat) (Entered: 03/23/1998) |
| 04/09/1998 | 3 | SUMMONS(ES) (1) issued for defendant CVI Corporation (W. R. Grace & Co) (eat) (Entered: 04/09/1998) |
| 05/06/1998 | 4 | ANSWER to Complaint by defendant CVI Corporation (W.R. Grace & Co.-Conn. (Attorney James Alfred Southerland), (ttm) (Entered: 05/06/1998) |
| 05/08/1998 | 5 | JOINT STATUS REPORT ORDER, set status report due on 6/8/98 (see Order for specifics) ( signed by J Kendall) Copies to counsel: 5/8/98 Page(s): 6 (eat) (Entered: 05/08/1998) |
| 05/22/1998 | 6 | MOTION by plaintiff David L Archer Jr for leave to file First Amended Complaint (ttm) (Entered: 05/22/1998) |
| 05/28/1998 | 7 | ORDER granting [6-1] motion for leave to file First Amended Complaint ( signed by J Kendall) Copies to counsel: 5/28/98 Page(s) 1 (eat) (Entered: 05/28/1998) |
| 05/28/1998 | 8 | FIRST AMENDED COMPLAINT by plaintiff David L Archer Jr , (Answer due 6/8/98 for CVI Corporation ) amending [1-1] complaint (eat) (Entered: 05/29/1998) |
| 06/05/1998 | 9 | JOINT STATUS REPORT by plaintiff David L Archer Jr, defendant CVI Corporation (ttm) (Entered: 06/05/1998) |
| 06/10/1998 | 10 | ANSWER to Complaint by defendant CVI Corporation (Attorney j. Alfred Southerland), (ttm) (Entered: 06/10/1998) |
| 06/23/1998 | 11 | SCHEDULING ORDER setting Jury trial set for 7/7/99 ; Pretrial conference for 7/6/99 ; Pretrial materials due on 4/7/99 Joining of Parties on 4/7/99 ; Amending of Pleadings on 4/7/99 ; Deadline for filing of dispositive motions 4/23/99 ; Discovery cutoff 5/21/99 ; Proposed pretrial order due 6/22/99 ; ( signed by J Kendall) Copies to counsel: 6/23/98 Page(s): 3 (eat) (Entered: 06/23/1998) |
| 06/23/1998 | 12 | ORDER referring case to ADR; Courtenay Lee Bass ADR provider; Type of ADR: |

| | | mediation Requested by: court. Mediation is to be conducted during May 1999 ( Signed by J Kendall) Copies to counsel: 6/23/98 Page(s): 3 (eat) (Entered: 06/23/1998) |
|---|---|---|
| 02/16/1999 | 13 | NOTICE OF INTENTION TO TAKE DEPOSITION by defendant CVI Corporation to take deposition of David L. Archer, Jr. 3/25/99 at 10:00 am in the law office of Mr. John E. Wall, Jr., 5728 Prospect Ave, Ste 2001, Dallas, TX 75206 (eat) (Entered: 02/16/1999) |
| 04/06/1999 | 14 | Designation of Expert Witnesses by plaintiff David L Archer Jr (eat) (Entered: 04/06/1999) |
| 04/12/1999 | 15 | NOTICE by defendant CVI Corporation to take deposition of David Archer Jr. 4/19/99 at 10:00 (ttm) (Entered: 04/12/1999) |
| 04/23/1999 | 16 | MOTION by defendant CVI Corporation for summary judgment (eat) (Entered: 04/23/1999) |
| 04/23/1999 | 17 | MEMORANDUM by defendant CVI Corporation in support of [16-1] motion for summary judgment (eat) (Entered: 04/23/1999) |
| 04/23/1999 | 18 | APPENDIX by defendant CVI Corporation in support of [16-1] motion for summary judgment (eat) (Entered: 04/23/1999) |
| 05/05/1999 | 19 | SPECIAL ORDER NO 3-176 - ORDER REASSIGNING CASE to Chief Judge Jerry Buchmeyer ( signed by JB) Copies to counsel: 5/6/99 Page(s): 8 (eat) (Entered: 05/06/1999) |
| 05/12/1999 | 20 | RESPONSE by plaintiff David L Archer Jr to [16-1] motion for summary judgment (eat) (Entered: 05/12/1999) |
| 05/12/1999 | 21 | MEMORANDUM BRIEF by plaintiff David L Archer Jr in support of [20-1] motion response (eat) (Entered: 05/12/1999) |
| 05/12/1999 | 22 | APPENDIX by plaintiff David L Archer Jr in support of [20-1] motion response (eat) (Entered: 05/12/1999) |
| 05/24/1999 | 23 | Provider letter filed by ADR Provider Courtenay Lee Bass (eat) (Entered: 05/25/1999) |
| 06/04/1999 | 24 | Witness list by plaintiff David L Archer Jr (eat) (Entered: 06/04/1999) |
| 06/04/1999 | 24 | Exhibit list by plaintiff David L Archer Jr (eat) (Entered: 06/04/1999) |
| 06/07/1999 | 25 | Witness list by defendant CVI Corporation (eat) (Entered: 06/07/1999) |
| 06/07/1999 | 25 | Exhibit list by defendant CVI Corporation (eat) (Entered: 06/07/1999) |
| 06/11/1999 | 26 | ORDER vacating [11-1] Scheduling order...The Scheduling Order is VACATED pending appointment of the special counsel by Judge McGuire. An amended Scheduling Order will be entered at that time ( signed by J Buchmeyer) Copies to counsel: 6/11/99 Page(s) 1 (eat) (Entered: 06/11/1999) |
| 03/22/2000 | 27 | Alternative Dispute Resolution Summary. Filed by ADR Provider Courtenay Lee Bass . Attorneys in attendance Courtenay Lee Bass, James Alfred Southerland, John E Wall Jr. Prv Fee: $ 1,100.00 Disposition: DNS (ttm) (Entered: 03/23/2000) |
| | | |

| 04/20/2000 | 28 | AMENDED SCHEDULING ORDER setting Docket call set for 11/6/00 ; Amending of Pleadings on 6/30/00 ; Deadline for filing of dispositive motions 7/28/00 ; Discovery cutoff 7/11/00 ; Pretrial materials due on 10/20/00 Pretrial conference for 9:00 11/6/00 ; ( signed by J Buchmeyer) Copies to counsel: 04/20/00 Page(s): 8 (eat) (Entered: 04/20/2000) |
| --- | --- | --- |
| 05/15/2000 | 29 | JOINT STATUS REPORT by plaintiff David L Archer Jr, defendant CVI Corporation (eat) (Entered: 05/15/2000) |
| 05/17/2000 | 30 | AMENDED SCHEDULING ORDER setting Trial Setting February 2001 (4 week docket); Pretrial materials due on 1/19/01 Pretrial conference for 9:00 2/5/01 ; ( signed by JB) Copies to counsel: 5/17/00 Page(s): 2 (ttm) (Entered: 05/17/2000) |
| 07/05/2000 | 31 | Designation of Experts by defendant CVI Corporation (eat) (Entered: 07/05/2000) |
| 08/11/2000 | 32 | Witness list by plaintiff David L Archer Jr (eat) (Entered: 08/11/2000) |
| 08/11/2000 | 32 | Exhibit list by plaintiff David L Archer Jr (eat) (Entered: 08/11/2000) |
| 08/15/2000 | 33 | SUPPLEMENTAL DOCUMENT (RULE 26(a)(3) FIRST AMENDED PRETRIAL DISCLOSURES to [25-1] exhibits list, [25-1] witness list by defendant CVI Corporation (eat) (Entered: 08/15/2000) |
| 08/24/2000 | 34 | ORDER denying [16-1] motion for summary judgment. The parties are directed to file any future dispositive motions as joint motion submissions pursuant to this Court's Scheduling Order. ( signed by JB) Copies to counsel: 8/24/00 Page(s) 1 (ttm) (Entered: 08/24/2000) |
| 01/22/2001 | 35 | MOTION by defendant CVI Corporation to continue case to a later date (ttm) (Entered: 01/22/2001) |
| 01/24/2001 | 36 | SUPPLEMENTAL MOTION to [35-1] motion to continue case to a later date by defendant CVI Corporation (ttm) (Entered: 01/24/2001) |
| 01/24/2001 | 37 | ORDER granting [35-1] motion to continue case to a later date. The Court will issue an amended scheduling order following the resolution of Plaintiff's bankruptcy proceeding ( Signed by Chief Judge Jerry Buchmeyer ) Copies to counsel: 1/24/01 Page(s) 1 (eat) (Entered: 01/24/2001) |
| 08/01/2001 | 38 | MEMORANDUM DIRECTING ADMINISTRATIVE CLOSURE per chambers of Chief Judge Jerry Buchmeyer (ttm) (Entered: 08/01/2001) |
| 08/01/2001 | | Case closed (ttm) (Entered: 08/01/2001) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 09/29/2014 16:14:31 | | |
| **PACER Login:** | sl0629:2636435:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 7:98-cv-00038-R |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

## EXHIBIT 4

**United States District Court for the Northern District of Texas, Civil Case Docket for** *Archer v. Cryovac, Inc., et al.*, **Case no. 7:99-cv-00011-R ("Mrs. Archer's Texas Case")**

JURY,MREF

# U.S. District Court
## Northern District of Texas (Wichita Falls)
## CIVIL DOCKET FOR CASE #: 7:99-cv-00011-R

Archer v. Cryovac Inc, et al
Assigned to: Senior Judge Jerry Buchmeyer
Demand: $75,000
Cause: 28:1331 Fed. Question: Employment Discrimination

Date Filed: 01/14/1999
Date Terminated: 08/16/2001
Jury Demand: Plaintiff
Nature of Suit: 790 Labor: Other
Jurisdiction: Federal Question

**Plaintiff**

**Michelle Archer**                                    represented by    **John E Wall , Jr**
Law Office of John E Wall Jr
5728 Prospect Avenue, Suite 2001
Dallas, TX 75206-7284
214/887-0100
Fax: 214/887-0173
Email: jwall@jwall-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Monte K Hurst**
Hermes Sargent Bates
901 Main St
Suite 5200
Dallas, TX 75202
214/749-6515
Fax: 214/749-6315 FAX
Email: monte.hurst@hsblaw.com
*Bar Status: Admitted/In Good Standing*

V.

**Defendant**

**Cryovac Inc**                                        represented by    **James Alfred Southerland**
Shellist Lazarz Slobin LLP
11 Greenway Plaza
Suite 1515
Houston, TX 77046
713/621-2277
Fax: 713/621-0993
Email: alfsoutherland@sls-lawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**Sealed Air Corporation Cryovac Division**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/14/1999 | 1 | COMPLAINT filed; Filing Fee $ 150.00 Receipt # 30372 (ttm) (Entered: 01/14/1999) |
| 01/14/1999 | 2 | SUMMONS(ES) issued for defendant Cryovac Inc, defendant Sealed Air Corp (Issued-2) (ttm) (Entered: 01/14/1999) |
| 01/14/1999 | 1 | DEMAND for jury trial by plaintiff Michelle Archer (ttm) (Entered: 01/14/1999) |
| 02/08/1999 | 3 | FIRST AMENDED COMPLAINT by plaintiff Michelle Archer , (Answer due 2/18/99 for Sealed Air Corp, for Cryovac Inc ) amending [1-1] complaint (ttm) Modified on 03/02/1999 (Entered: 02/08/1999) |
| 02/16/1999 | 4 | ANSWER to Complaint by defendant Cryovac Inc (Attorney James Alfred Southerland), (ttm) Modified on 03/02/1999 (Entered: 02/16/1999) |
| 05/05/1999 | 5 | SPECIAL ORDER NO 3-176 - ORDER REASSIGNING CASE to Chief Judge Jerry Buchmeyer ( signed by JB) Copies to counsel: 5/6/99 Page(s): 8 (ttm) (Entered: 05/06/1999) |
| 03/22/2000 | 6 | Alternative Dispute Resolution Summary. . Attorneys in attendance James Alfred Southerland, John E Wall Jr. Prv Fee: $ 1,100.00 Disposition: DNS (ttm) (Entered: 03/23/2000) |
| 04/11/2000 | 7 | SCHEDULING ORDER setting Amending of Pleadings on 8/4/00 ; Deadline for filing of dispositive motions 9/7/00 ; Discovery cutoff 8/30/00 ; Pretrial materials due on 10/20/00 Pretrial conference for 9:00 11/6/00 ; Trial Setting November 2000 (4 week docket) ( signed by JB) Copies to counsel: 4/11/00 Page(s): 11 (ttm) (Entered: 04/11/2000) |
| 04/11/2000 | 7 | JOINT STATUS REPORT ORDER. Status report due on 6/8/00 ( signed by JB) Copies to counsel: 4/11/00 Page(s): 11 (ttm) (Entered: 04/11/2000) |
| 05/02/2000 | 8 | Letter confirming extension of time by plaintiff, defendant concerning the deadlines to respond and object to defendants and plaintiffs respective discovery requests to each other. (ttm) Modified on 05/02/2000 (Entered: 05/02/2000) |
| 06/08/2000 | 9 | JOINT STATUS REPORT by plaintiff Michelle Archer, defendant Cryovac Inc (eat) Modified on 06/09/2000 (Entered: 06/08/2000) |
| 06/15/2000 | 10 | AMENDED SCHEDULING ORDER setting Jury trial set for 2/5/01 ; Pretrial conference for 9:00 2/5/01 ; Pretrial materials due on 1/19/01 ( signed by J Buchmeyer) Copies to counsel: 6/15/00 Page(s): 2 (eat) (Entered: 06/15/2000) |
| 07/27/2000 | 11 | Designation of Experts by plaintiff Michelle Archer (ttm) (Entered: 07/27/2000) |
| 08/07/2000 | 12 | Designation of Experts Witnesses by defendant Cryovac Inc (eat) (Entered: 08/07/2000) |

| 09/15/2000 | 13 | Witness list by plaintiff Michelle Archer (eat) (Entered: 09/15/2000) |
|---|---|---|
| 09/15/2000 | 13 | Exhibit list by plaintiff Michelle Archer (eat) (Entered: 09/15/2000) |
| 01/22/2001 | 14 | MOTION by defendant Cryovac Inc to continue case to a later date (ttm) (Entered: 01/22/2001) |
| 01/24/2001 | 15 | SUPPLEMENTAL MOTION to [14-1] motion to continue case to a later date by defendant Cryovac Inc (ttm) (Entered: 01/24/2001) |
| 01/24/2001 | 16 | ORDER granting [14-1] motion to continue case to a later date. The Court will issue an amended scheduling order following the resolution of Plaintiff's bankruptcy proceeding ( Signed by Chief Judge Jerry Buchmeyer ) Copies to counsel: 1/24/01 Page(s) 1 (eat) (Entered: 01/24/2001) |
| 08/16/2001 | 17 | MEMORANDUM DIRECTING ADMINISTRATIVE CLOSURE per chambers of Chief Judge Jerry Buchmeyer (eat) (Entered: 08/17/2001) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/29/2014 16:17:57 | | | |
| **PACER Login:** | sl0629:2636435:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 7:99-cv-00011-R |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**EXHIBIT 5**

**United States Bankruptcy Court for the Northern District of Texas, Bankruptcy Case Docket for Case No. 98-70895-rcm13, captioned *In re Archer* (the "First Bankruptcy Case")**

**CLOSED**

# U.S. Bankruptcy Court
## Northern District of Texas (Wichita Falls)
### Bankruptcy Petition #: 98-70895-rcm13

| | |
|---|---|
| | *Date filed:* 08/24/1998 |
| *Assigned to:* Robert C. McGuire | *Date terminated:* 08/28/2000 |
| Chapter 13 | *341 meeting:* 09/22/1998 |
| Voluntary | |
| Asset | |

**Debtor**
**David Lynn Archer, Jr.**
706 W. Texas
Iowa Park, TX 76367
WICHITA-TX
SSN / ITIN: xxx-xx-5821

represented by **Larry Reed Lewis**
Monte J. White & Associates, P.C.
402 Cypress, Suite 310
Abilene, TX 79601
325-673-6699
Fax : 325-672-9227
Email: ecfnotices@montejwhite.com

**Debtor**
**Michelle Beverly Archer**
706 W. Texas
Iowa Park, TX 76367
WICHITA-TX
SSN / ITIN: xxx-xx-0071

represented by **Larry Reed Lewis**
(See above for address)

**Trustee**
**Walter 12,13 OCheskey**
6308 Iola Avenue
Lubbock, TX 79424
806-748-1980

| Filing Date | Docket Text |
|---|---|
| 08/24/1998 | 1 Voluntary Petition missing documents: Statement of Financial Affairs Schedule A-J Due on 9/8/98 Matrix due 8/26/98 ;Chapter 13 Plan due on 9/8/98 Disbursement Authorization due 9/8/98 ( Filing Fee $ 160.00 Receipt # 30068259) (Entered: 08/25/1998) |
| 08/24/1998 | 2 Notice of Deficiency Re: sfa,scha-j,mtrx,pcond,13pln (Entered: 08/25/1998) |
| 08/26/1998 | 3 Schedules A-J and Statement of Fianancial Statement. (Entered: 08/27/1998) |
| 08/26/1998 | 3 Disclosure of Compensation By Attorney For Debtor In the Amount of $ 15000.00. (Entered: 08/27/1998) |

U.S. Bankruptcy Court - Northern District of Texas

| | |
|---|---|
| 08/26/1998 | 4 Matrix. (Entered: 08/27/1998) |
| 08/26/1998 | 5 Chapter 13 Plan. (Entered: 08/27/1998) |
| 08/26/1998 | 6 Authorization for Preconfirmation Disbursements (Entered: 08/27/1998) |
| 09/04/1998 | First Meeting of Creditors Set For 2:30 9/22/98 At Room 216A, Wichita Falls ;Last Day to File Proofs Of Claim: 12/21/98 (Edwards,A.) (Entered: 09/08/1998) |
| 09/04/1998 | 7 Certificate Of Service By Trustee Walter Ross O'Cheskey Of [0-0] First Meeting . (Edwards,A.) (Entered: 09/08/1998) |
| 09/04/1998 | 8 Amended Plan RE: [5-1] Chapter 13 Plan (Edwards,A.) (Entered: 09/08/1998) |
| 09/11/1998 | 9 Notice of Appearance And Request For Service Of Notice By Lance J. Vander Linden for Creditor WFS Financial, Inc.. (Edwards,A.) (Entered: 09/14/1998) |
| 09/28/1998 | 10 First Meeting Held and Examination of Debtor. (Edwards,A.) (Entered: 09/29/1998) |
| 09/28/1998 | 11 Authorization for Preconfirmation Disbursements (Edwards,A.) (Entered: 09/29/1998) |
| 10/09/1998 | 12 Amended Matrix. (Entered: 10/13/1998) |
| 11/17/1998 | 13 Notice of Appearance And Request For Service Of Notice By June A. Mann for Creditor First Nationwide Mortgage Corp.. (Edwards,A.) |
| 11/17/1998 | 14 Objection By Creditor First Nationwide Mortgage Corp. To Confirmation Of Plan Re: [8-1] Amended Plan . (Edwards,A.) |
| 11/20/1998 | 15 Amended Plan RE: [8-1] Amended Plan (Edwards,A.) (Entered: 11/23/1998) |
| 11/25/1998 | 16 Amended Authorization for Preconfirmation Disbursements |
| 12/14/1998 | 17 Amended Plan RE: [15-1] Amended Plan (Edwards,A.) (Entered: 12/15/1998) |
| 12/18/1998 | 18 Amended Matrix. (Edwards,A.) (Entered: 12/22/1998) |
| 03/01/1999 | 19 Trustee's Notice of Claims Filed and Not Filed and Intention to Pay Absent Timely Objection; Last Day for Objections 3/22/99 (Edwards,A.) (Entered: 03/02/1999) |
| 03/04/1999 | 20 Withdrawal of Claim: Internal Revenue Service, in the amount of $19,130.00. (Edwards,A.) (Entered: 03/05/1999) |

| | |
|---|---|
| 05/10/1999 | 21 Trustee's Notice of Additional Claims Filed and Not Filed and Intention to Pay Absent Timely Objection; Last Day for Objections 6/1/99 -$1,366.00 |
| 05/14/1999 | 22 Motion By Creditor First Nationwide Mortgage Corp. For Relief From Stay ( Filing Fee $ 75.00 Receipt # 30079037) , For Adequate Protection |
| 05/19/1999 | 23 Notice of Hearing RE: [22-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 30079037) by First Nationwide Mortgage Corp. Scheduled to 1:30 6/11/99 at Courtroom #1, Dallas, [22-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. Scheduled to 1:30 6/11/99 at Courtroom #1, Dallas (Edwards,A.) (Entered: 05/20/1999) |
| 05/24/1999 | 24 Response in Opposition By Debtor David Lynn Archer, Debtor Michelle Beverly Archer To [22-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 30079037) by First Nationwide Mortgage Corp., [22-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. . (Button,V.) |
| 05/26/1999 | 25 Certificate Of Service By June A. Mann for Creditor First Nationwide Mortgage Corp. Of [23-1] Hearing Notice of, [22-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 30079037) by First Nationwide Mortgage Corp., [22-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. . (Edwards,A.) |
| 06/11/1999 | 26 Hearing Held Re: [22-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 30079037) by First Nationwide Mortgage Corp., [22-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. (General pass). (Edwards,A.) (Entered: 06/14/1999) |
| 06/14/1999 | 28 Order Filed on 6/11/99 by Jerry Buchmeyer, Chief Judge of District Court re: The scheduling order filed 6/23/98 is vacated pending appointment of the special counsel by Judge McGuire. An amended scheduling order will be entered that time. David L. Archer, Jr. vs CVI Corporation. (Edwards,A.) (Entered: 06/16/1999) |
| 06/15/1999 | 27 Application By Debtor David Lynn Archer, Debtor Michelle Beverly Archer To Employ Nunc Pro Tunc John E. Wall, Jr. as special counsel . (Edwards,A.) |
| 06/18/1999 | 29 Motion By Creditor First Nationwide Mortgage Corp. To Withdraw [22-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 30079037) by First Nationwide Mortgage Corp., [22-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. . (Bryant,R.) |
| 06/21/1999 | 30 Order Granting [29-1] Motion To Withdraw [22-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 30079037) by First Nationwide Mortgage Corp., [22-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. by First Nationwide Mortgage Corp., . (Edwards,A.) |
| 06/28/1999 | |

| | |
|---|---|
| | 31 Trustee's Notice of Additional Claims Filed and Not Filed and Intention to Pay Absent Timely Objection; Last Day for Objections 7/19/99. First Nationwide Mortgage Corp., in the amount of $4,601.31. (Edwards,A.) |
| 06/28/1999 | 32 Trustee's Notice of Additional Claims Filed and Not Filed and Intention to Pay Absent Timely Objection; Last Day for Objections 7/19/99. First Nationwide Mortgage Corp., in the amount of $48,843.86. (Edwards,A.) |
| 07/15/1999 | 33 Objection By Debtor David Lynn Archer, Debtor Michelle Beverly Archer To Claim of All Secured and Unsecured. (Edwards,A.) |
| 07/15/1999 | 34 Notice of Hearing RE: [33-1] Claims Objection by Michelle Beverly Archer, David Lynn Archer Jr. Scheduled to 11:00 8/18/99 at Room 222, Wichita Falls (Edwards,A.) |
| 08/12/1999 | 35 Notice of Appearance And Request For Service Of Notice By First Nationwide Mortgage Corp. for Creditor First Nationwide Mortgage Corp.. (Edwards,A.) (Entered: 08/13/1999) |
| 08/16/1999 | 36 Response in Opposition By Creditor Lack's Stores, Inc. To [33-1] Claims Objection by Michelle Beverly Archer, David Lynn Archer Jr., [17-1] Amended Plan . (Edwards,A.) (Entered: 08/17/1999) |
| 08/16/1999 | 37 Trustee's Notice of Additional Claims Filed and Not Filed and Intention to Pay Absent Timely Objection; Last Day for Objections 9/13/99. First Nationwide Mortgage, in the amount of $48,365.69. (Edwards,A.) (Entered: 08/17/1999) |
| 08/16/1999 | 38 Trustee's Notice of Additional Claims Filed and Not Filed and Intention to Pay Absent Timely Objection; Last Day for Objections 9/11/99. Claim of First Nationwide Mortgage $5,556.29. (Bryant,R.) (Entered: 08/17/1999) |
| 08/19/1999 | 39 Order Confirming [17-1] Amended Plan , Granting Attorney's Fees in the Amount of: $ 1,500.00 MONTHS: 60 (Edwards,A.) |
| 08/19/1999 | 40 Order Granting [33-1] Claims Objection by Michelle Beverly Archer, David Lynn Archer Jr. . (Edwards,A.) |
| 08/19/1999 | 41 Withdrawal by Creditor Lack's Stores, Inc. RE: [36-1] Response to Debtors' Objection to Claim and Objection to Final Chapter 13 Plan and Motion for Valuation (Edwards,A.) (Entered: 08/20/1999) |
| 08/23/1999 | 42 Trustee's Notice of Additional Claims Filed and Not Filed and Intention to Pay Absent Timely Objection; Last Day for Objections 9/17/99. Friedmans, Inc., in the amount of $240.07. (Edwards,A.) |
| 08/24/1999 | 43 Motion By Creditor First Nationwide Mortgage Corp. For Relief From Stay ( Filing Fee $ 75.00 Receipt # 030084322) , For Adequate Protection (Edwards,A.) |

| | |
|---|---|
| 08/25/1999 | 44 Notice of Hearing RE: [43-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 030084322) by First Nationwide Mortgage Corp. Scheduled to 2:30 9/22/99 at Courtroom #1, Dallas, [43-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. Scheduled to 2:30 9/22/99 at Courtroom #1, Dallas (Edwards,A.) |
| 08/31/1999 | 45 Certificate Of Service By June A. Mann for Creditor First Nationwide Mortgage Corp. Of [44-1] Hearing Notice of, [43-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 030084322) by First Nationwide Mortgage Corp., [43-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. . (Edwards,A.) |
| 08/31/1999 | 46 Affidavit of Beth Chapman RE: [43-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 030084322) by First Nationwide Mortgage Corp., [43-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. (Edwards,A.) |
| 09/07/1999 | 47 Response in Opposition By Debtor David Lynn Archer, Debtor Michelle Beverly Archer To [43-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 030084322) by First Nationwide Mortgage Corp., [43-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. . (Edwards,A.) |
| 09/15/1999 | 48 Motion By Creditor First Nationwide Mortgage Corp. To Withdraw [43-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 030084322) by First Nationwide Mortgage Corp., [43-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. . (Edwards,A.) |
| 09/16/1999 | 49 Order Granting [48-1] Motion To Withdraw [43-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 030084322) by First Nationwide Mortgage Corp., [43-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. by First Nationwide Mortgage Corp., . (Edwards,A.) |
| 09/27/1999 | 50 Trustee's Notice of Additional Claims Filed and Not Filed and Intention to Pay Absent Timely Objection; Last Day for Objections 10/25/99. First Nationwide Mortgage, in the amount of $5,524.57. (Edwards,A.) |
| 09/27/1999 | 51 Trustee's Notice of Additional Claims Filed and Not Filed and Intention to Pay Absent Timely Objection; Last Day for Objections 10/25/99. First Nationwide Mortgage, in the amount of $48,397.41. (Edwards,A.) |
| 11/09/1999 | 52 Amended Application by Debtor David Lynn Archer, Debtor Michelle Beverly Archer To Employ Special Counsel John E. Wall, Jr. Nunc Pro Tunc . RE: [27-1] Application To Employ Nunc Pro Tunc John E. Wall, as special counsel (Edwards,A.) |
| 11/24/1999 | 53 Order Granting [52-1] Amended Application To Employ Special Counsel John E. Wall, Jr. Nunc Pro Tunc by Michelle Beverly Archer, David Lynn Archer Jr. . (Edwards,A.) |

| | |
|---|---|
| 12/14/1999 | 54 Motion By Creditor First Nationwide Mortgage Corp. For Relief From Stay ( Filing Fee $ 75.00 Receipt # 030090201) , For Adequate Protection (Edwards,A.) (Entered: 12/15/1999) |
| 12/14/1999 | 55 Notice of Hearing RE: [54-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 030090201) by First Nationwide Mortgage Corp. Scheduled to 2:30 1/12/00 at Courtroom #1, Dallas, [54-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. (Edwards,A.) (Entered: 12/15/1999) |
| 12/21/1999 | 56 Certificate Of Service By June A. Mann for Creditor First Nationwide Mortgage Corp. Of [55-1] Hearing Notice of, [54-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 030090201) by First Nationwide Mortgage Corp., [54-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. . (Edwards,A.) (Entered: 12/22/1999) |
| 12/22/1999 | 62 Notice of Assignment of Claim By Sears Roebuck & Co. Assigned to Max Recovery Trust I. Claim Amount:$ 2,208.37 (Edwards,A.) (Entered: 01/28/2000) |
| 12/23/1999 | 57 Response in Opposition By Debtor David Lynn Archer, Debtor Michelle Beverly Archer To [54-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 030090201) by First Nationwide Mortgage Corp., [54-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. . (Edwards,A.) (Entered: 12/27/1999) |
| 01/07/2000 | 58 Affidavit of Beth Chapman RE: [54-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 030090201) by First Nationwide Mortgage Corp., [54-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. (Edwards,A.) |
| 01/12/2000 | 59 Hearing Held Re: [54-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 030090201) by First Nationwide Mortgage Corp., [54-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. (No Appearances). (Edwards,A.) (Entered: 01/13/2000) |
| 01/18/2000 | 60 Motion By Trustee Walter Ross O'Cheskey To Dismiss Case . (Edwards,A.) (Entered: 01/19/2000) |
| 01/27/2000 | 61 Agreed Order Conditioning [54-1] Motion For Relief From Stay ( Filing Fee $ 75.00 Receipt # 030090201) by First Nationwide Mortgage Corp. Granting [54-2] Motion For Adequate Protection by First Nationwide Mortgage Corp. . (Edwards,A.) |
| 02/09/2000 | 63 Notice of Withdrawal by Trustee Walter Ross O'Cheskey RE: [60-1] Motion To Dismiss Case (Edwards,A.) |
| 05/03/2000 | 64 Motion By Trustee Walter Ross O'Cheskey To Dismiss Case . (Edwards,A.) |

| | |
|---|---|
| 06/23/2000 | 65 Order Granting [64-1] Motion To Dismiss Case by Walter Ross O'Cheskey. Without Prejudice (Edwards,A.) |
| 07/05/2000 | 66 Certificate Of Service By Trustee Walter Ross O'Cheskey Of [65-1] Order . (Button,V.) (Entered: 07/06/2000) |
| 08/28/2000 | Case Closed. |
| 10/19/2000 | 67 Motion By Trustee Walter Ross O'Cheskey To Pay Unclaimed Dividends Of First Nationwide Mtg. $ 12.56 Into Treasury of the Court . (Edwards,A.) |
| 10/26/2000 | 68 Order Granting [67-1] Motion To Pay Unclaimed Dividends Of First Nationwide Mtg. $ 12.56 Into Treasury of the Court by Walter Ross O'Cheskey . (Edwards,A.) |
| 12/15/2000 | 69 Trustee's Report in Dismissed Case (Edwards,A.) |
| 12/15/2000 | 70 Order Approving Trustee Report and Discharging Trustee. (Edwards,A.) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/23/2016 11:08:17 | | | |
| **PACER Login:** | SSG01665:2916000:0 | **Client Code:** | GRAC0004 |
| **Description:** | Docket Report | **Search Criteria:** | 98-70895-rcm13 Fil or Ent: filed From: 8/9/1997 To: 8/23/2016 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

EXHIBIT 6

**United States Bankruptcy Court for the Northern District of Texas, Bankruptcy Case Docket for Case No. 00-70647-hdh13, captioned *In re Archer* (the "Second Bankruptcy Case")**

**DISMISSED**

# U.S. Bankruptcy Court
## Northern District of Texas (Wichita Falls)
## Bankruptcy Petition #: 00-70647-hdh13

|  |  |
|---|---|
| | *Date filed:* 08/07/2000 |
| *Assigned to:* Harlin DeWayne Hale | *Date terminated:* 05/28/2003 |
| Chapter 13 | *Date dismissed:* 11/04/2002 |
| Voluntary | *341 meeting:* 09/20/2000 |
| Asset | |

**Debtor**
**David Lynn Archer, Jr.**
706 West Texas
Iowa Park, TX 76367
WICHITA-TX
SSN / ITIN: xxx-xx-5821

represented by **Monte J. White**
Monte J. White & Associates, P.C.
1106 Brook Avenue
Hamilton Place
Wichita Falls, TX 76301
(940) 723-0099
Fax : (940) 723-0096
Email: ecfnotices@montejwhite.com

**Debtor**
**Michelle Beverly Archer**
706 West Texas
Iowa Park, TX 76367
WICHITA-TX
SSN / ITIN: xxx-xx-0071

represented by **Monte J. White**
(See above for address)

**Trustee**
**Walter 12,13 OCheskey**
6308 Iola Avenue
Lubbock, TX 79424
806-748-1980

| Filing Date | Docket Text |
|---|---|
| 08/07/2000 | 1 Voluntary Petition. Filing Fee Received:$ 185.00 Receipt # 30101935 (Young,M.) |
| 08/07/2000 | 2 Matrix due: 8/9/00 (Young,M.) |
| 08/07/2000 | Incomplete Filings/Missing Documents: sfa, scha-j, 13pln, pcond, atycomp. Due 8/22/00 (Young,M.) |
| 08/09/2000 | 3 Matrix. (Edwards,A.) |

| | |
|---|---|
| 08/09/2000 | 4 Schedules A-J (Edwards,A.) |
| 08/09/2000 | 4 Statement of Financial Affairs. (Edwards,A.) |
| 08/09/2000 | 4 Disclosure of Compensation By Attorney For Debtor In the Amount of $ 1,650.00. (Edwards,A.) |
| 08/09/2000 | 5 Chapter 13 Plan. (Edwards,A.) |
| 08/09/2000 | 6 Authorization for Preconfirmation Disbursements (Edwards,A.) |
| 08/17/2000 | First Meeting of Creditors Set For 1:00 9/20/00 At Room 216A, Wichita Falls ;Last Day to File Proofs Of Claim: 12/19/00 (Edwards,A.) |
| 08/17/2000 | 7 Certificate Of Service By Trustee Walter Ross O'Cheskey Of [0-0] First Meeting . (Edwards,A.) |
| 08/22/2000 | 8 Certificate Of Service By Monte Jay White for Debtor Michelle Beverly Archer, Debtor David Lynn Archer Of [0-0] First Meeting, [5-1] Chapter 13 Plan, [6-1] Distribution Preconfirmation . (Edwards,A.) |
| 09/25/2000 | 9 First Meeting Held and Examination of Debtor. (Edwards,A.) |
| 09/25/2000 | 10 Authorization for Preconfirmation Disbursements (Edwards,A.) |
| 09/27/2000 | 11 Notice of Appearance And Request For Service Of Notice By Eric J. Slifer for Creditor Max Recovery, Inc. (Edwards,A.) |
| 12/13/2000 | 12 Notice of Appearance And Request For Service Of Notice By Sheetal Ramesh Shah-Jani for Creditor First Nationwide Mortgage Corp. (Edwards,A.) (Entered: 12/14/2000) |
| 01/22/2001 | 13 Trustee's Notice of Claims Filed and Not Filed and Intention to Pay Absent Timely Objection; Last Day for Objections 2/12/01 (Edwards,A.) (Entered: 01/23/2001) |
| 01/26/2001 | 14 Trustee's Notice of Claims Filed and Not Filed and Intention to Pay Absent Timely Objection (Max Recovery) (Holden,M.) (Entered: 01/29/2001) |
| 01/26/2001 | 14 Certificate Of Service By Trustee Walter Ross O'Cheskey Of [14-1] Claims Filed Notice of . (Holden,M.) (Entered: 01/29/2001) |
| 01/26/2001 | 15 Trustee's Notice of Claims Filed and Not Filed and Intention to Pay Absent Timely Objection (First Nationwide Mortgage Corp.) (Holden,M.) (Entered: 01/29/2001) |
| 01/26/2001 | 15 Certificate Of Service By Trustee Walter Ross O'Cheskey Of [15-1] Claims Filed |

| | |
|---|---|
| | Notice of . (Holden,M.) (Entered: 01/29/2001) |
| 01/26/2001 | 16 Trustee's Notice of Claims Filed and Not Filed and Intention to Pay Absent Timely Objection (First Nationwide Mortgage Corp.) (Holden,M.) (Entered: 01/29/2001) |
| 01/26/2001 | 16 Certificate Of Service By Trustee Walter Ross O'Cheskey Of [16-1] Claims Filed Notice of . (Holden,M.) (Entered: 01/29/2001) |
| 02/01/2001 | 17 Amended Schedules B (Holden,M.) (Entered: 02/02/2001) |
| 02/05/2001 | 19 Notice of Appearance And Request For Service Of Notice By Eric J. Slifer for Creditor Max Recovery Trust I, Creditor Max Recovery, Inc.. (Holden,M.) (Entered: 02/07/2001) |
| 02/06/2001 | 18 Amended Statement of Financial Affairs. (Holden,M.) (Entered: 02/07/2001) |
| 03/08/2001 | 20 Application By Debtor David Lynn Archer, Debtor Michelle Beverly Archer To Employ John E. Wall, Jr. as Special Counsel Nunc Pro Tunc . (Edwards,A.) |
| 03/08/2001 | 20 Certificate Of Service By John E. Wall for special counsel John E. Wall Of [20-1] Application To Employ John E. Wall, Jr. as Special Counsel Nunc Pro Tunc by Michelle Beverly Archer, David Lynn Archer Jr. . (Edwards,A.) |
| 03/13/2001 | 21 Order Granting [20-1] Application To Employ John E. Wall, Jr. as Special Counsel Nunc Pro Tunc by Michelle Beverly Archer, David Lynn Archer Jr. . (Edwards,A.) |
| 04/06/2001 | 22 Motion By Trustee Walter Ross O'Cheskey To Dismiss Case , and/or Reduce Debtors' Attorney Fees (Edwards,A.) |
| 04/06/2001 | 22 Notice of Hearing RE: [22-1] Motion To Dismiss Case by Walter Ross O'Cheskey ; Preliminary Hearing Set For 8:30 5/16/01 at Room 222, Wichita Falls, [22-2] Motion Reduce Debtors' Attorney Fees by Walter Ross O'Cheskey ; Preliminary Hearing Set For 8:30 5/16/01 at Room 222, Wichita Falls (Edwards,A.) |
| 04/06/2001 | 22 Certificate Of Service By Trustee Walter Ross O'Cheskey Of [22-1] Motion To Dismiss Case by Walter Ross O'Cheskey, [22-2] Motion Reduce Debtors' Attorney Fees by Walter Ross O'Cheskey, [22-1] Hearing Notice of . (Edwards,A.) |
| 04/23/2001 | 23 Response in Opposition By Debtor David Lynn Archer, Debtor Michelle Beverly Archer To [22-1] Motion To Dismiss Case by Walter Ross O'Cheskey, [22-2] Motion Reduce Debtors' Attorney Fees by Walter Ross O'Cheskey . (Edwards,A.) |
| 04/23/2001 | 23 Certificate Of Service By Monte Jay White for Debtor David Lynn Archer, Debtor Michelle Beverly Archer Of [23-1] Response by Michelle Beverly Archer, David Lynn Archer Jr. . (Edwards,A.) |

| | |
|---|---|
| 04/24/2001 | 24 Objection By Debtor David Lynn Archer, Debtor Michelle Beverly Archer To Claim of Max Recovery, in the amount of $798.57. (Edwards,A.) |
| 04/24/2001 | 24 Certificate Of Service By Monte Jay White for Debtor David Lynn Archer, Debtor Michelle Beverly Archer Of [24-1] Claims Objection by Michelle Beverly Archer, David Lynn Archer Jr. . (Edwards,A.) |
| 05/04/2001 | 25 Trustee's Notice of Additional Claims Filed and Not Filed and Intention to Pay Absent Timely Objection; Last Day for Objections 5/29/01. Jewelers National Bank, in the amount of $1,633.00. (Edwards,A.) (Entered: 05/07/2001) |
| 05/04/2001 | 25 Certificate Of Service By Trustee Walter Ross O'Cheskey Of [25-1] Claims Filed Notice of . (Edwards,A.) (Entered: 05/07/2001) |
| 05/25/2001 | 26 Certificate Of Service By Monte Jay White for Debtor David Lynn Archer, Debtor Michelle Beverly Archer Of [25-1] Claims Filed Notice of . (Edwards,A.) |
| 06/05/2001 | 27 Order Granting [24-1] Claims Objection by Michelle Beverly Archer, David Lynn Archer Jr. . (Edwards,A.) |
| 07/19/2001 | 28 Amended Plan RE: [5-1] Chapter 13 Plan (Edwards,A.) |
| 07/23/2001 | 29 Objection By Debtor David Lynn Archer, Debtor Michelle Beverly Archer To Claim of All Secured and Unsecured. (Edwards,A.) |
| 07/23/2001 | 30 Notice of Hearing RE: [29-1] Claims Objection by Michelle Beverly Archer, David Lynn Archer Jr. ; Preliminary Hearing Set For 8:30 8/22/01 at Room 204, Wichita Falls (Edwards,A.) |
| 07/23/2001 | 30 Certificate Of Service By Monte Jay White for Debtor David Lynn Archer, Debtor Michelle Beverly Archer Of [29-1] Claims Objection by Michelle Beverly Archer, David Lynn Archer Jr., [30-1] Hearing Notice of . (Edwards,A.) |
| 07/23/2001 | 31 Final Chapter 13 plan and Motion for Valuation DATED: June 14, 2001 (Edwards,A.) |
| 07/23/2001 | 32 Notice of Hearing RE: [31-1] Plan Final 13 ; Confirmation Hearing Set For 8:30 8/22/01 at Room 204, Wichita Falls (Edwards,A.) |
| 07/23/2001 | 32 Certificate Of Service By Monte Jay White for Debtor David Lynn Archer, Debtor Michelle Beverly Archer Of [31-1] Plan Final 13, [32-1] Hearing Notice of . (Edwards,A.) |
| 07/25/2001 | 33 Amended Authorization for Preconfirmation Disbursements (Edwards,A.) |
| 08/13/2001 | 34 Final Chapter 13 plan and Motion for Valuation DATED: 7/26/01 (Holden,M.) (Entered: 08/14/2001) |

| | |
|---|---|
| 08/13/2001 | 35 Notice of Hearing RE: [34-1] Plan Final 13 scheduled to 8:30 9/13/01 at Room 216A, Wichita Falls (Holden,M.) (Entered: 08/14/2001) |
| 08/13/2001 | 35 Certificate Of Service By Monte Jay White for Debtor David Lynn Archer, Debtor Michelle Beverly Archer Of [35-1] Hearing Notice of . (Holden,M.) (Entered: 08/14/2001) |
| 08/13/2001 | 36 Objection By Debtor David Lynn Archer, Debtor Michelle Beverly Archer To Claim of secured & unsecured claimants. (Holden,M.) (Entered: 08/14/2001) |
| 08/13/2001 | 37 Notice of Hearing RE: [36-1] Claims Objection by Michelle Beverly Archer, David Lynn Archer Jr. scheduled to 8:30 9/13/01 at Room 216A, Wichita Falls (Holden,M.) (Entered: 08/14/2001) |
| 08/13/2001 | 37 Certificate Of Service By Monte Jay White for Debtor David Lynn Archer, Debtor Michelle Beverly Archer Of [37-1] Hearing Notice of . (Holden,M.) (Entered: 08/14/2001) |
| 11/09/2001 | 38 Agreed Order To Continue Hearing Re: [22-1] Motion To Dismiss Case by Walter Ross O'Cheskey Hearing reset to 11:00 11/15/01 at Room 222, Wichita Falls . (Holden,M.) |
| 11/21/2001 | 39 Order Conditioning [22-1] Motion To Dismiss Case by Walter Ross O'Cheskey & providing for automatic dismisal on default. (Holden,M.) |
| 12/14/2001 | 40 Withdrawal by Trustee Walter Ross O'Cheskey RE: [22-2] Motion Reduce Debtors' Attorney Fees, dismiss case. (Holden,M.) (Entered: 12/17/2001) |
| 12/18/2001 | 41 Order Confirming [34-1] Plan Final 13 , Granting Attorney's Fees in the Amount of: $ $1750.00 MONTHS: 60 (Holden,M.) |
| 12/18/2001 | 42 Order Granting [36-1] Claims Objection by Michelle Beverly Archer, David Lynn Archer Jr. . (Holden,M.) |
| 12/19/2001 | 43 Notice of Appearance And Request For Service Of Notice By June A. Mann for Creditor First Nationwide Mortgage Corp.. (Holden,M.) (Entered: 12/20/2001) |
| 12/19/2001 | 43 Certificate Of Service By June A. Mann for Creditor First Nationwide Mortgage Corp. Of [43-1] Of Appearance & Request Notice of by June A. Mann . (Holden,M.) (Entered: 12/20/2001) |
| 12/19/2001 | 44 Certificate Of Service By Trustee Walter Ross O'Cheskey Of [40-1] To Withdraw by Walter Ross O'Cheskey . (Holden,M.) (Entered: 12/20/2001) |
| 12/19/2001 | 45 Motion By Creditor First Nationwide Mortgage Corp. For Relief From Stay (Holden,M.) (Entered: 12/20/2001) |

| | |
|---|---|
| 12/19/2001 | Filing Fee Paid in Full RE: [45-1] Motion For Relief From Stay by First Nationwide Mortgage Corp. ( Filing Fee $ 75.00 Receipt # 30134242) (Holden,M.) (Entered: 12/20/2001) |
| 12/19/2001 | 45 Certificate of conference by June A. Mann for Creditor First Nationwide Mortgage Corp. RE: [45-1] Motion For Relief From Stay (Holden,M.) (Entered: 12/20/2001) |
| 12/19/2001 | 45 Certificate Of Service By June A. Mann for Creditor First Nationwide Mortgage Corp. Of [45-1] Motion For Relief From Stay by First Nationwide Mortgage Corp., [45-1] Certificate by June A. Mann . (Holden,M.) (Entered: 12/20/2001) |
| 12/19/2001 | 46 Notice of Hearing RE: [45-1] Motion For Relief From Stay by First Nationwide Mortgage Corp. scheduled to 2:30 1/16/02 at Courtroom #1, Dallas (Holden,M.) (Entered: 12/20/2001) |
| 12/19/2001 | 46 Certificate Of Service By June A. Mann for Creditor First Nationwide Mortgage Corp. Of [46-1] Hearing Notice of . (Holden,M.) (Entered: 12/20/2001) |
| 12/26/2001 | 47 Response in opposition By Debtor David Lynn Archer, Debtor Michelle Beverly Archer To [45-1] Motion For Relief From Stay by First Nationwide Mortgage Corp. . (Holden,M.) (Entered: 12/27/2001) |
| 12/26/2001 | 47 Certificate Of Service By Monte Jay White for Debtor David Lynn Archer, Debtor Michelle Beverly Archer Of [47-1] Response by Michelle Beverly Archer, David Lynn Archer Jr. . (Holden,M.) (Entered: 12/27/2001) |
| 01/04/2002 | 48 Amended Matrix. (Holden,M.) (Entered: 01/07/2002) |
| 01/04/2002 | Filing Fee Paid in Full RE: [48-1] Amended Matrix ( Filing Fee $ 20.00 Receipt # 30135343) (Holden,M.) (Entered: 01/07/2002) |
| 01/16/2002 | 49 Hearing Held Re: [45-1] Motion For Relief From Stay by First Nationwide Mortgage Corp. . (resolved by stipulation per June Mann, removed from calendar) (Holden,M.) (Entered: 01/18/2002) |
| 01/22/2002 | 50 Agreed Order Conditioning [45-1] Motion For Relief From Stay by First Nationwide Mortgage Corp. . (Holden,M.) |
| 09/06/2002 | 51 Motion By Trustee Walter Ross O'Cheskey To Dismiss Case . Notice of Pre-Hearing Set For: 10/23/02 at 8:30 with certificate of service. (Holden,M.) (Entered: 09/09/2002) |
| 11/04/2002 | 52 Order Dismissing Case. [51-1] Motion To Dismiss Case by Walter Ross O'Cheskey (Simpson,B.) |
| 11/12/2002 | 53 Certificate Of Service By Trustee Walter Ross O'Cheskey Of [52-1] To Dismiss Order . (Brown,B.) (Entered: 11/14/2002) |

| | |
|---|---|
| 02/07/2003 | 54 Motion By Trustee Walter Ross O'Cheskey To Pay Unclaimed Dividends Of $ 4.34 Into Treasury of the Court RE: First Nationwide. Certificate of Service Attached. (Brown,B.) (Entered: 02/10/2003) |
| 02/13/2003 | 55 Order Granting [54-1] Motion To Pay Unclaimed Dividends Of $ 4.34 Into Treasury of the Court by Walter Ross O'Cheskey . (Bryant,R.) |
| 03/12/2003 | 56 Trustee's final report and account of assets . (Brown, B.) (Entered: 03/15/2003) |
| 05/28/2003 | 57 Order approving chapter 13 trustee report and discharging trustee Entered on 5/28/2003. (Holden, M.) |
| 05/28/2003 | Bankruptcy case closed (Holden, M.) |
| 05/30/2003 | 58 BNC certificate of mailing - PDF document. Service Date 05/30/2003. (Related Doc # 57) (Admin.) (Entered: 05/31/2003) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/28/2016 15:35:17 | | |
| **PACER Login:** | jb6128:3437018:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 00-70647-hdh13 Fil or Ent: filed From: 1/1/2000 To: 7/28/2016 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

7/28/2016 3:37 PM

<u>EXHIBIT 7</u>

**United States Bankruptcy Court for the Northern District of Texas, Bankruptcy Case Docket for Case No. 03-31906-saf13, captioned *In re Archer* (the "<u>Third Bankruptcy Case</u>")**

**CLOSED**

# U.S. Bankruptcy Court
## Northern District of Texas (Dallas)
## Bankruptcy Petition #: 03-31906-saf13

|  |  |
|---|---|
| | *Date filed:* 02/20/2003 |
| *Assigned to:* Steven A. Felsenthal | *Date terminated:* 12/30/2003 |
| Chapter 13 | *341 meeting:* 04/03/2003 |
| Voluntary | |
| Asset | |

**Debtor**
**David W. Archer**
9809 Bob White Ln.
Terrell, TX 75161
KAUFMAN-TX
SSN / ITIN: xxx-xx-5662

represented by **Holly B. Guelich**
12720 Hillcrest Road
Suite 270
Dallas, TX 75230
(214) 522-3669
Email: guelichlaw@sbcglobal.net

**Debtor**
**Michelle Archer**
9809 Bob White Ln.
Terrell, TX 75161
KAUFMAN-TX
SSN / ITIN: xxx-xx-4086
*fka* **Michelle Black**
*fka* **Michelle Doverspike**

represented by **Holly B. Guelich**
(See above for address)

**Trustee**
**Thomas Powers**
125 E. John Carpenter Frwy., Suite 1100
Irving, TX 75062-2288
214-855-9200

**U.S. Trustee**
**United States Trustee**
1100 Commerce Street
Room 976
Dallas, TX 75242
214-767-8969

| Filing Date | Docket Text |
|---|---|
| 02/20/2003 | 1 Chapter 13 voluntary petition . Receipt Number 300385, Fee Amount $185 Filed by David W. Archer , Michelle Archer Chapter 13 Plan due by 3/7/2003. Disbursement |

|  | Authorization due by 3/7/2003. Schedules A-J due 3/7/2003. Statement of Financial Affairs due 3/7/2003. Summary of schedules due 3/7/2003. Incomplete Filings due by 3/7/2003. (Rielly, Bill) Additional attachment(s) added on 2/20/2003 (Harden, Dawn). Modified on 2/27/2003 CORRECTIVE ENTRY: ASSET NOTICE CHANGED FROM NO TO YES. CORRECTIVE ENTRY: DEBTOR: MICHELLE ARCHER ALIAS ADDED: MICHELLE BLACK AND MICHELLE DOVERSPIKE Modified on 2/27/2003 (Simpson, B.). |
|---|---|
| 02/20/2003 | 2 First Meeting of Creditors with 341(a) meeting to be held on 04/03/2003 at 08:45 AM at Dallas Ch13 Ofc. Proof of Claim due by 07/02/2003. (Rielly, Bill) |
| 02/20/2003 | 3 341 Form Production (Harden, Dawn) |
| 02/20/2003 | CORRECTIVE ENTRY: ASSET NOTICE CHANGED FROM NO TO YES (RE: related document(s)1 Voluntary petition (chapter 13), Voluntary petition (chapter 13), Voluntary petition (chapter 13) filed by Debtor David W. Archer, Debtor Michelle Archer) (Simpson, B.) (Entered: 02/27/2003) |
| 02/20/2003 | CORRECTIVE ENTRY: DEBTOR: MICHELLE ARCHER ALIAS ADDED: MICHELLE BLACK AND MICHELLE DOVERSPIKE (RE: related document(s)1 Voluntary petition (chapter 13), Voluntary petition (chapter 13), Voluntary petition (chapter 13) filed by Debtor David W. Archer, Debtor Michelle Archer) (Simpson, B.) (Entered: 02/27/2003) |
| 03/05/2003 | 4 BNC certificate of mailing - meeting of creditors. Service Date 03/05/2003. (Related Doc # 3) (Admin.) (Entered: 03/06/2003) |
| 03/07/2003 | 5 Authorization for preconfirmation disbursements filed by Debtors David W. Archer , Michelle Archer . (Mathews, M.) (Entered: 03/10/2003) |
| 03/07/2003 | 6 Chapter 13 plan filed by Debtors David W. Archer , Michelle Archer . (Mathews, M.) (Entered: 03/10/2003) |
| 03/07/2003 | 7 Schedules A-J filed by Debtors David W. Archer , Michelle Archer . (Mathews, M.) (Entered: 03/10/2003) |
| 03/07/2003 | 8 Statement of financial affairs filed by Debtors David W. Archer , Michelle Archer (RE: related document(s)1 Voluntary petition (chapter 13)). (Mathews, M.) (Entered: 03/10/2003) |
| 03/07/2003 | 9 Certificate of service filed by Debtors David W. Archer , Michelle Archer (RE: related document(s)5 Authorization for preconfirmation disbursements, 6 Chapter 13 plan). (Mathews, M.) (Entered: 03/10/2003) |
| 03/28/2003 | 10 BNC certificate of mailing. Service Date 03/28/2003. (Related Doc # 1) (Admin.) (Entered: 03/29/2003) |

U.S. Bankruptcy Court - Northern District of Texas                    https://ecf.txnb.uscourts.gov/cgi-bin/DktRpt.pl?874207654704185-L_1_0-1

| | |
|---|---|
| 04/04/2003 | <u>11</u> Objection to confirmation of plan filed by Creditor Conseco Finance Servicing Corp. (RE: related document(s)<u>6</u> Chapter 13 plan filed by Debtors David W. Archer , Michelle Archer . (Mathews, M.)). (Holden, M.) (Entered: 04/08/2003) |
| 04/04/2003 | <u>12</u> Notice of appearance and request for notice by Richard A. McKinney filed by Creditor Conseco Finance Servicing Corp. . (Holden, M.) (Entered: 04/10/2003) |
| 04/18/2003 | <u>13</u> Meeting of creditors chapter 13 (held) *and concluded*. (Powers, Thomas) |
| 06/17/2003 | <u>14</u> Trustee's motion to dismiss chapter 13 case *Set on Trustee's General Dismissal Docket*. Pre-hearing conference to be held on *07/28/2003* at *8:30 A.M.* at *125 E. John Carpenter Freeway Suite 1100 Irving Texas*.. (Powers, Thomas) |
| 06/17/2003 | <u>15</u> Objection to confirmation of plan filed by Creditor Sun & Ellis Properties, Inc. (RE: related document(s)<u>6</u> Chapter 13 plan filed by Debtors David W. Archer , Michelle Archer . (Mathews, M.)). (Holden, M.) (Entered: 06/19/2003) |
| 06/18/2003 | <u>16</u> Motion for relief from stay Receipt number 308342, Fee amount $75, filed by Creditor Sun & Ellis Properties, Inc. Objections due by 7/3/2003. (Holden, M.) (Entered: 06/23/2003) |
| 06/18/2003 | hearing filed by Creditor Sun & Ellis Properties, Inc. (RE: related document(s)<u>16</u> Motion for relief from stay Receipt number 308342, Fee amount $75, filed by Creditor Sun & Ellis Properties, Inc. Objections due by 7/3/2003. (Holden, M.)). Hearing to be held on 7/16/2003 at 01:30 PM Dallas Judge Felsenthal Ctrm for <u>16</u>, (Holden, M.) (Entered: 06/23/2003) |
| 06/19/2003 | <u>17</u> Affidavit of Linda Rebuth in support of , Re: filed by Creditor Sun & Ellis Properties, Inc. (RE: related document(s)<u>16</u> Motion for relief from stay Receipt number 308342, Fee amount $75,). (Holden, M.) (Entered: 06/23/2003) |
| 07/02/2003 | <u>18</u> Response opposed to (related document(s): <u>16</u> Motion for relief from stay Receipt number 308342, Fee amount $75, filed by Creditor Sun & Ellis Properties, Inc.) filed by Debtors David W. Archer , Michelle Archer (Holden, M.) (Entered: 07/07/2003) |
| 07/09/2003 | <u>19</u> Notice of appearance and request for notice *Arrow Financial Services LLC c/o BECKET AND LEE, LLP P.O. BOX 3001 Malvern, PA 19355-0701*. (Lee, Thomas) |
| 07/16/2003 | Hearing held (related document(s): <u>20</u> Amended motion (related document(s): <u>16</u> Motion for relief from stay filed by Creditor Sun & Ellis Properties, Inc.) filed by Creditor Sun & Ellis Properties, Inc.). J. Lozano appeared for Sun & Ellis. Continued Preliminary hearing (RE: related document(s) <u>20</u> Amended motion <u>16</u> Motion for relief from stay filed by Creditor Sun & Ellis Properties, Inc.) to 8/7/2003 at 01:30 PM at Dallas Judge Felsenthal Ctrm. (McVey, M.) (Entered: 07/25/2003) |

| | |
|---|---|
| 07/22/2003 | 20 Amended motion (related document(s): 16 Motion for relief from stay Receipt number 308342, Fee amount $75, filed by Creditor Sun & Ellis Properties, Inc.) filed by Creditor Sun & Ellis Properties, Inc. (Holden, M.) (Entered: 07/23/2003) |
| 07/22/2003 | 21 Notice of hearing filed by Creditor Sun & Ellis Properties, Inc. (RE: related document(s)20 Amended motion (related document(s): 16 Motion for relief from stay Receipt number 308342, Fee amount $75, filed by Creditor Sun & Ellis Properties, Inc.) filed by Creditor Sun & Ellis Properties, Inc. (Holden, M.)). Hearing to be held on 8/7/2003 at 01:30 PM Dallas Judge Felsenthal Ctrm for 20, (Holden, M.) (Entered: 07/23/2003) |
| 07/23/2003 | 22 Notice (RE: related document(s)21 Notice of hearing(motion), Notice of hearing(motion) filed by Creditor Sun & Ellis Properties, Inc.) (Strader, Brent) |
| 07/25/2003 | 23 BNC certificate of mailing. Service Date 07/25/2003. (Related Doc # 22) (Admin.) (Entered: 07/26/2003) |
| 07/31/2003 | 24 Response opposed to (related document(s): 20 Amended motion (related document(s): 16 Motion for relief from stay Receipt number 308342, Fee amount $75, filed by Creditor Sun & Ellis Properties, Inc.) filed by Creditor Sun & Ellis Properties, Inc.) filed by Debtors David W. Archer , Michelle Archer (Holden, M.) (Entered: 08/01/2003) |
| 08/01/2003 | 25 Notice of continuance *of General Motion to Dismiss set on Trustee's Dismissal Docket. Continued hearing to be held on 08/25/2003 at 8:30 A.M. at 125 E. John Carpenter Freeway Suite 1100 Irving Texas.* (Powers, Thomas) |
| 08/07/2003 | Preliminary hearing held (RE: related document(s)20 Amended motion filed by Creditor Sun & Ellis Properties, Inc.). W. Sollows appeared; Motion granted. (Fallen, J.) (Entered: 08/11/2003) |
| 09/04/2003 | 27 Order granting Trustee's motion to dismiss case without prejudice (related document # 14) Entered on 9/4/2003. (Simpson, B.) |
| 09/06/2003 | 28 BNC certificate of mailing - PDF document. Service Date 09/06/2003. (Related Doc # 27) (Admin.) (Entered: 09/09/2003) |
| 09/12/2003 | 29 Order granting an amended motion (related document # 20) Entered on 9/12/2003 RE: Sun & Ellis Properties, Inc. (Brown, B.) |
| 09/14/2003 | 30 BNC certificate of mailing - PDF document. Service Date 09/14/2003. (Related Doc # 29) (Admin.) (Entered: 09/15/2003) |
| 11/11/2003 | 31 Chapter 13 trustee's final report and account *in a dismissed Case. Objections due within 34 days of the filing of this final report.* (Powers, Thomas) |

| 11/15/2003 | 32 BNC certificate of mailing - PDF document. Service Date 11/15/2003. (Related Doc # 31) (Admin.) (Entered: 11/17/2003) |
|---|---|
| 12/30/2003 | 34 Order approving chapter 13 trustee report and discharging trustee Entered on 12/30/2003. (Holden, M.) |
| 12/30/2003 | Bankruptcy case closed (Holden, M.) |
| 01/01/2004 | 35 BNC certificate of mailing - PDF document. No. of Notices: 1. Service Date 01/01/2004. (Related Doc # 34) (Admin.) (Entered: 01/02/2004) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/28/2016 16:32:33 | | |
| PACER Login: | jb6128:3437018:0 | Client Code: |
| Description: | Docket Report | Search Criteria: | 03-31906-saf13 Fil or Ent: filed From: 1/1/2000 To: 7/28/2016 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 3 | Cost: | 0.30 |

Exhibit 8

United States Bankruptcy Court for the Northern District of Texas, Bankruptcy Case Docket for Case No. 03-70335-hdh7, captioned *In re Archer* (the "Fourth Bankruptcy Case")

CLOSED

# U.S. Bankruptcy Court
## Northern District of Texas (Wichita Falls)
### Bankruptcy Petition #: 03-70335-hdh7

|  |  |
|---|---|
| | *Date filed:* 04/23/2003 |
| *Assigned to:* Harlin DeWayne Hale | *Date converted:* 04/06/2004 |
| Chapter 7 | *Date terminated:* 07/13/2004 |
| Previous chapter 13 | *Date discharged:* 07/13/2004 |
| Voluntary | *341 meeting:* 05/11/2004 |
| No asset | *Deadline for objecting to discharge:* 07/12/2004 |

**Debtor**
**David Lynn Archer, Jr.**
706 W.Texas
Iowa Park, Tx 76367
WICHITA-TX
SSN / ITIN: xxx-xx-5821

represented by **Larry Reed Lewis**
Monte J. White & Associates, P.C.
402 Cypress, Suite 310
Abilene, TX 79601
325-673-6699
Fax : 325-672-9227
Email: ecfnotices@montejwhite.com

**Monte J. White**
Monte J. White & Associates, P.C.
1106 Brook Avenue
Hamilton Place
Wichita Falls, TX 76301
(940) 723-0099
Fax : (940) 723-0096
Email: ecfnotices@montejwhite.com

**Joint Debtor**
**Michelle Beverly Archer**
706 W.Texas
Iowa Park, Tx 76367
WICHITA-TX
SSN / ITIN: xxx-xx-0071

represented by **Larry Reed Lewis**
(See above for address)

**Monte J. White**
(See above for address)

**Trustee**
**Walter 12,13 OCheskey**
6308 Iola Avenue
Lubbock, TX 79424
806-748-1980
*TERMINATED: 04/06/2004*

**Trustee**
**Shawn K. Brown**

Chapter 7 Trustee
PO Box 93749
Southlake, TX 76092
(817) 348-0777

**_U.S. Trustee_**
**United States Trustee**
1100 Commerce Street
Room 976
Dallas, TX 75242
214-767-8967

| Filing Date | Docket Text |
|---|---|
| 04/23/2003 | 1 Chapter 13 voluntary petition . Receipt Number 305067, Fee Amount $185 Filed by David Lynn Archer Jr., Michelle Beverly Archer Atty Disclosure Statement due 5/8/2003. Chapter 13 Plan due by 5/8/2003. Disbursement Authorization due by 5/8/2003. Creditor matrix due 5/8/2003. Schedules A-J due 5/8/2003. Statement of Financial Affairs due 5/8/2003. Incomplete Filings due by 5/8/2003. (Miller, Regina) |
| 04/23/2003 | 2 First Meeting of Creditors with 341(a) meeting to be held on 05/21/2003 at 04:00 PM at Wichita Falls,Rm216A. Proof of Claim due by 08/19/2003. (Miller, Regina) |
| 04/25/2003 | 3 Amendment to list of creditors. Receipt Number 305215, Fee Amount $20 filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer . (Harden, D.) |
| 04/25/2003 | 4 Authorization for preconfirmation disbursements filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (RE: related document(s)1 Voluntary petition (chapter 13)). (Jackson, D.) (Entered: 04/29/2003) |
| 04/25/2003 | 5 Chapter 13 plan filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer . (Jackson, D.) (Entered: 04/29/2003) |
| 04/25/2003 | 6 Affidavit of Monte J. White Re: , Schedules A-J filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (RE: related document(s)1 Voluntary petition (chapter 13)). (Jackson, D.) (Entered: 04/29/2003) |
| 04/25/2003 | 7 Statement of financial affairs filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (RE: related document(s)1 Voluntary petition (chapter 13). (Jackson, D.) (Entered: 04/29/2003) |
| 04/25/2003 | 8 Disclosure of compensation of attorney for debtor filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (RE: related document(s)1 Voluntary petition (chapter 13). (Jackson, D.) (Entered: 04/29/2003) |

| | |
|---|---|
| 04/25/2003 | <u>9</u> BNC certificate of mailing - meeting of creditors. (RE: related document(s)<u>2</u> Meeting (AutoAssign Chapter 13)) (Strader, Brent) (Entered: 05/01/2003) |
| 04/25/2003 | <u>10</u> BNC certificate of mailing - Notice of deficiency. (RE: related document(s)<u>1</u> Voluntary petition (chapter 13), Voluntary petition (chapter 13) filed by Joint Debtor Michelle Beverly Archer, Debtor David Lynn Archer) (Strader, Brent) (Entered: 05/01/2003) |
| 05/02/2003 | <u>11</u> Certificate of service filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (RE: related document(s)<u>4</u> Authorization for preconfirmation disbursements, <u>5</u> Chapter 13 plan). (Jackson, D.) (Entered: 05/05/2003) |
| 06/04/2003 | <u>12</u> Meeting of creditors chapter 13 (held) . (Jackson, D.) (Entered: 06/06/2003) |
| 06/04/2003 | <u>13</u> Authorization for preconfirmation disbursements filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer . (Jackson, D.) (Entered: 06/06/2003) |
| 06/05/2003 | <u>14</u> Trustee's motion to dismiss chapter 13 case . Pre-hearing conference to be held on July 16, 2003 at 8:30 a.m. at US Courthouse Room 216A, Wichita Fallas TX(Jackson, D.) (Entered: 06/06/2003) |
| 06/09/2003 | <u>15</u> Notice of appearance and request for notice by June A. Mann filed by Creditor CitiMortgage, Inc. (Chapman, J.) (Entered: 06/12/2003) |
| 06/11/2003 | <u>16</u> Notice of appearance and request for notice by June A. Mann filed by Creditor CitiMortgage, Inc. . (Jackson, D.) (Entered: 06/16/2003) |
| 06/11/2003 | <u>17</u> Motion for Bar Dismissal, Motion for relief from stay Receipt number 308099, Fee amount $75, filed by Creditor CitiMortgage, Inc. (Jackson, D.) (Entered: 06/17/2003) |
| 06/11/2003 | <u>18</u> Motion for in REM Relief by CitiMortgage, Inc. . (Jackson, D.) (Entered: 06/17/2003) |
| 06/11/2003 | <u>19</u> Notice of hearing filed by Creditor CitiMortgage, Inc. (RE: related document(s)<u>17</u> Motion for Bar Dismissal, Motion for relief from stay Receipt number 308099, Fee amount $75, filed by Creditor CitiMortgage, Inc. (Jackson, D.), <u>18</u> Motion for in REM Relief by CitiMortgage, Inc. . (Jackson, D.)). Preliminary hearing to be held on 7/2/2003 at 02:30 PM at Dallas Judge Hale Ctrm. (Jackson, D.) (Entered: 06/17/2003) |
| 06/16/2003 | <u>20</u> Response opposed to (related document(s): <u>14</u> Trustee's motion to dismiss chapter 13 case filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (Jackson, D.) (Entered: 06/17/2003) |
| 06/19/2003 | <u>21</u> Affidavit of Donna West Re: filed by Creditor CitiMortgage, Inc. (RE: related document(s) <u>17</u> Motion for Bar Dismissal, Motion for Relief from Stay by CitiMortgage, Inc., <u>18</u> Motion For REM Relief by CitiMortgage, Inc. .). (Jackson, D.) , L.). Modified relationship on 6/24/2003 (Tijerina, L.). (Entered: 06/24/2003) |

U.S. Bankruptcy Court - Northern District of Texas

https://ecf.txnb.uscourts.gov/cgi-bin/DktRpt.pl?845557986196949-L_1_0-1

| | |
|---|---|
| 06/25/2003 | 24 Response opposed to (related document(s): 17 Motion to dismiss Case Motion for relief from stay Receipt number 308099, Fee amount $75, filed by Creditor CitiMortgage, Inc., 18 Motion for in REM Relief by CitiMortgage, Inc. . filed by Creditor CitiMortgage, Inc.) filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (Jackson, D.) (Entered: 06/30/2003) |
| 06/26/2003 | 22 Motion to continue hearing on (related documents 17 Motion to dismiss case, Motion for relief from stay, 18 in REM Relief filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (Jackson, D.) (Entered: 06/27/2003) |
| 06/26/2003 | 23 Notice of hearing filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (RE: related document(s)22 Motion to continue hearing on (related documents 17 Motion to dismiss case, Motion for relief from stay, 18 in REM Relief filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (Jackson, D.)). Hearing to be held on 6/30/2003 at 03:00 PM Dallas Judge Hale Ctrm for 22, (Jackson, D.) (Entered: 06/27/2003) |
| 06/30/2003 | 25 Motion to continue hearing on (related documents 17 Motion to dismiss case, Motion for relief from stay, 18 Motion for in REM Relief) filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (Jackson, D.) (Entered: 07/01/2003) |
| 06/30/2003 | 26 Notice of hearing filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (RE: related document(s)25 Motion to continue hearing on (related documents 17 Motion to dismiss case, Motion for relief from stay, 18 Motion for in REM Relief) filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (Jackson, D.)). Hearing to be held on 6/30/2003 at 03:00 PM Dallas Judge Hale Ctrm for 25, (Jackson, D.) (Entered: 07/02/2003) |
| 07/02/2003 | Hearing held (RE: related document(s) 17 Motion to dismiss case, Motion for relief from stay filed by Creditor CitiMortgage, Inc.). No appearance. (Fallen, J.) (Entered: 07/08/2003) |
| 07/02/2003 | Hearing held (RE: related document(s)18 Generic motion filed by Creditor CitiMortgage, Inc.). No appearance. (Fallen, J.) (Entered: 07/08/2003) |
| 08/13/2003 | 27 Notice of hearing filed by Creditor CitiMortgage, Inc. (RE: related document(s)17 Motion for Bar Dismissal, Motion for relief from stay Receipt number 308099, Fee amount $75, filed by Creditor CitiMortgage, Inc. (Jackson, D.), 18 Motion for in REM Relief by CitiMortgage, Inc.. (Jackson, D.)). Preliminary hearing to be held on 9/17/2003 at 02:30 PM at Dallas Judge Hale Ctrm. (Rosenberg, David) |
| 08/19/2003 | 28 Agreed Order Modifying Automatic Stay With Provisions for in REM Relief and further, reserving ruling on attorneys' fees for future hearing mooting motion for Bar Dismissal (related document # 17), conditioning motion for relief from stay (related document # 17), conditioning motion for in REM Relief(related document # 18) Entered on 8/19/2003. (Jackson, D.) |

| | |
|---|---|
| 08/20/2003 | <u>29</u> Notice of withdrawal of *motion to dismiss* filed by *Chapter 13 Trustee* (RE: related document(s)<u>25</u> Motion to continue hearing on (related documents <u>17</u> Motion to dismiss case, Motion for relief from stay, <u>18</u> Motion for in REM Relief) filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (Jackson, D.)). (O'Cheskey3, Walter) |
| 08/21/2003 | <u>30</u> BNC certificate of mailing - PDF document. Service Date 08/21/2003. (Related Doc # <u>28</u>) (Admin.) (Entered: 08/22/2003) |
| 08/21/2003 | <u>31</u> BNC certificate of mailing - PDF document. Service Date 08/21/2003. (Related Doc # <u>28</u>) (Admin.) (Entered: 08/22/2003) |
| 09/02/2003 | <u>32</u> Motion for relief from stay Receipt number 310939, Fee amount $75, filed by Creditor Brownings Reliable Cars & Trucks Objections due by 9/17/2003. (Jackson, D.) (Entered: 09/03/2003) |
| 09/02/2003 | <u>33</u> Notice of hearing filed by Creditor Brownings Reliable Cars & Trucks (RE: related document(s)<u>32</u> Motion for relief from stay, filed by Creditor Brownings Reliable Cars & Trucks Objections due by 9/17/2003. (Jackson, D.)). Preliminary hearing to be held on 9/17/2003 at 02:30 PM at Wichita Falls,Rm 222. (Jackson, D.) (Entered: 09/03/2003) |
| 09/04/2003 | <u>34</u> Trustee's Objection to (RE: related document(s)<u>32</u> Motion for relief from stay Receipt number 310939, Fee amount $75, filed by Creditor Brownings Reliable Cars & Trucks Objections due by 9/17/2003. (Jackson, D.)). (O'Cheskey1, Walter) |
| 09/05/2003 | <u>35</u> Response opposed to (related document(s): <u>32</u> Motion for relief from stay Receipt number 310939, Fee amount $75, filed by Creditor Brownings Reliable Cars & Trucks) filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (Lewis, Larry) |
| 09/09/2003 | <u>36</u> Amended Trustee's Objection to (RE: related document(s)<u>32</u> Motion for relief from stay Receipt number 310939, Fee amount $75, filed by Creditor Brownings Reliable Cars & Trucks Objections due by 9/17/2003. (Jackson, D.)). (O'Cheskey1, Walter) |
| 09/10/2003 | <u>42</u> Affidavit by Floyd Brownings, Jr. filed by Creditor Brownings Reliable Cars & Trucks (RE: related document(s)<u>32</u> Motion for relief from stay Receipt number 310939, Fee amount $75,). (Mathews, M.) (Entered: 09/12/2003) |
| 09/11/2003 | <u>37</u> Trustee's notice of claims filed and not filed and intention to pay absent timely objection.. (O'Cheskey, Walter) |
| 09/12/2003 | <u>38</u> Motion to continue hearing on (related documents <u>32</u> Motion for relief from stay) *by Brownings Reliable Cars & Trucks* filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (Lewis, Larry) |

U.S. Bankruptcy Court - Northern District of Texas      https://ecf.txnb.uscourts.gov/cgi-bin/DktRpt.pl?845557986196949-L_1_0-1

| | |
|---|---|
| 09/12/2003 | [39](#) Motion to continue hearing on (related documents [28](#) Agreed Order Modifying Automatic Stay With Provisions for in REM Relief and further, reserving ruling on attorneys' fees for future hearing, mooting motion for Bar Dismissal (related document #17), conditioning motion for relief from stay (related document #17), conditioning motion for in REM Relief(related document #18) ) filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (Lewis, Larry) Modified relationship on 9/16/2003 (Tijerina, L.). |
| 09/12/2003 | [40](#) Request for telephonic hearing filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (RE: related document(s)[38](#) Motion to continue hearing on (related documents [32](#) Motion for relief from stay) *by Brownings Reliable Cars & Trucks*). (White, Monte) Modified text on 9/16/2003 (Tijerina, L.). |
| 09/12/2003 | [41](#) Request for telephonic hearing filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (RE: related document(s)[39](#) Motion to continue hearing on (related documents [28](#) Agreed Order Modifying Automatic Stay With Provisions for in REM Relief and further, reserving ruling on attorneys' fees for future hearing mooting motion for Bar Dismissal (related document # 17), conditioning motion for relief from stay (rel ated document # 17), conditioning motion for in REM Relief(related document # 18) ). (White, Monte) Modified text on 9/16/2003 (Tijerina, L.). |
| 09/16/2003 | [43](#) Notice of hearing filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (RE: related document(s)[38](#) Motion to continue hearing on (related documents [32](#) Motion for relief from stay) *by Brownings Reliable Cars & Trucks* filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (Lewis, Larry)). Hearing to be held on 9/17/2003 at 09:00 AM Dallas Judge Hale Ctrm for [38](#), (White, Monte) |
| 09/16/2003 | [44](#) Notice of hearing filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (RE: related document(s)[39](#) Motion to continue hearing on (related documents [28](#) Agreed Order Modifying Automatic Stay With Provisions for in REM Relief and further, reserving ruling on attorneys' fees for future hearing, mooting motion for Bar Dismissal, and Conditioning motion for relief from stay (related document #17), Conditioning motion for in REM Relief(related document #18) ) filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (Lewis, Larry) Modified relationship on 9/16/2003 (Tijerina, L.).). Hearing to be held on 9/17/2003 at 09:00 AM Dallas Judge Hale Ctrm for [39](#), (White, Monte) |
| 09/17/2003 | Hearing held (RE: related document(s)[38](#) Motion to continue filed by Joint Debtor Michelle Beverly Archer, Debtor David Lynn Archer, (Granted; Debtor to get new setting). [39](#) Motion to continue, , filed by Joint Debtor Michelle Beverly Archer, Debtor David Lynn Archer) (Agreed; Moot). (Edmond, Michael) (Entered: 09/26/2003) |
| 09/17/2003 | Hearing held and continued for final hearing (related document(s): [18](#) Generic motion filed by Creditor CitiMortgage, Inc., [32](#) Motion for relief from stay filed by Creditor Brownings Reliable Cars & Trucks) Hearing to be held on 10/1/2003 at 02:30 PM Dallas |

| | |
|---|---|
| | Judge Hale Ctrm for 18 and for 32, (Edmond, Michael) (Entered: 09/26/2003) |
| 09/18/2003 | 45 Order continue hearing Entered on 9/18/2003 (RE: related document(s)17 Attorneys Fees Isue Re: Motion for relief from stay filed by Creditor CitiMortgage, Inc.). Hearing to be held on 10/1/2003 at 02:30 PM Dallas Judge Hale Ctrm for 17, (Moroles, D.) |
| 09/18/2003 | 46 Order granting motion to continue hearing on (related document # 38) Debtor's counsel shall obtain a new setting. Entered on 9/18/2003. (Moroles, D.) |
| 09/18/2003 | 47 Notice (RE: related document(s)46 Order on motion to continue hearing) (Moroles, D.) |
| 09/20/2003 | 48 BNC certificate of mailing - PDF document. Service Date 09/20/2003. (Related Doc # 45) (Admin.) (Entered: 09/21/2003) |
| 09/20/2003 | 49 BNC certificate of mailing. Service Date 09/20/2003. (Related Doc # 47) (Admin.) (Entered: 09/21/2003) |
| 10/01/2003 | 50 Affidavit by June A. Mann *in Support of Attorney Fees Incurred by CitiMortgage, Inc on Motion for Relief from Stay* filed by Creditor CitiMortgage, Inc. (RE: related document(s)18 Motion by CitiMortgage, Inc..). (Mann, June) |
| 10/01/2003 | Hearing held (RE: related document(s)17 Motion for relief from stay filed by Creditor CitiMortgage, Inc., (Motion Settled). 32 Motion for relief from stay filed by Creditor Brownings Reliable Cars & Trucks, (Agreed order to be submitted). 18 Generic motion filed by Creditor CitiMortgage, Inc.) (Movant awarded $450.00 in attorney fee's and $75.00 in expenses). (Edmond, Michael) (Entered: 10/08/2003) |
| 10/17/2003 | 51 The following schedules were amended: Schedule B filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer. (Lewis, Larry) |
| 10/17/2003 | 52 Amendment to list of creditors and amended schedules. *Amended Schedule D* Fee Amount $20.00 filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer. (Lewis, Larry) |
| 10/17/2003 | 53 First Amended chapter 13 plan filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (RE: related document(s)5 Chapter 13 plan filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer. (Jackson, D.)). (Lewis, Larry) |
| 10/17/2003 | 54 Certificate of service *of Notice of Bankruptcy and Notice of 341 Meeting of Creditors* filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (RE: related document(s)2 Meeting (AutoAssign Chapter 13)). (Lewis, Larry) |
| 10/17/2003 | Receipt of filing fee for Amended creditor matrix /amended schedules(fee)(03-70335-hdh13) [misc,amdcmsch] ( 20.00). Receipt number 0539B1147625, amount $ 20.00. (U.S. |

U.S. Bankrupcty Court - Northern District of Texas          https://ecf.txnb.uscourts.gov/cgi-bin/DktRpt.pl?845557986196949-L_1_0-1

| | Treasury) |
|---|---|
| 10/24/2003 | <u>55</u> Agreed Order conditioning motion for relief from stay filed by Brownings Reliable Cars & Trucks (related document # <u>32</u>) Entered on 10/24/2003. (Mathews, M.) |
| 10/26/2003 | <u>56</u> BNC certificate of mailing - PDF document. Service Date 10/26/2003. (Related Doc # <u>55</u>) (Admin.) |
| 11/06/2003 | <u>57</u> Amended Authorization for preconfirmation disbursements filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer. (Lewis, Larry) |
| 12/05/2003 | <u>58</u> The following schedules were amended: J filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer. (White, Monte) |
| 12/05/2003 | <u>59</u> Second Amended chapter 13 plan filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (RE: related document(s)<u>53</u> First Amended chapter 13 plan filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (RE: related document(s)<u>5</u> Chapter 13 plan filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer. (Jackson, D.)). (Lewis, Larry)). (White, Monte) |
| 12/17/2003 | <u>60</u> Notice of change of address filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer. (Lewis, Larry) |
| 02/02/2004 | <u>61</u> Trustee's motion to dismiss chapter 13 case *arrears. Hearing to be held on March 31, 2004 at 11:00 AM at US COURTHOUSE ROOM 216A 10TH & LAMAR STREETS WICHITA FALLS, TEXAS 76301. A prehearing conference shall be held at the same location at 08:30 AM. All parties are required to attend the prehearing conference..* (OCheskey, Walter) |
| 02/05/2004 | <u>62</u> Response opposed to (related document(s): <u>61</u> Trustee's motion to dismiss chapter 13 case Hearing to be held on at at) filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (Lewis, Larry) |
| 03/29/2004 | <u>63</u> Motion to convert case to chapter 7. *Local Bankruptcy Rule 1019(1)(a), Amended Schedules F, I, J, and debtor;s Statement of Intention* Fee amount $15 Filed by Debtor David Lynn Archer Jr., Joint Debtor Michelle Beverly Archer (Lewis, Larry) |
| 03/29/2004 | Receipt of filing fee for Motion to convert case to chapter 7(03-70335-hdh13) [motion,mcnv7] ( 15.00). Receipt number 0539B1918509, amount $ 15.00. (U.S. Treasury) |
| 04/06/2004 | <u>64</u> Order granting motion to convert case to chapter 7 (related document # <u>63</u>) Trustee Walter 12,13 OCheskey terminated. Trustee Shawn K. Brown added. Entered on 4/6/2004. (Holden, M.) |

| | |
|---|---|
| 04/06/2004 | <u>65</u> Meeting of creditors 341(a) meeting to be held on 5/11/2004 at 02:00 PM at Wichita Falls,Rm 204. Last day to oppose discharge or dischargeability is 7/12/2004. (Holden, M.) |
| 04/08/2004 | <u>66</u> BNC certificate of mailing - meeting of creditors. No. of Notices: 19. Service Date 04/08/2004. (Related Doc # <u>65</u>) (Admin.) (Entered: 04/09/2004) |
| 04/08/2004 | <u>67</u> BNC certificate of mailing - PDF document. No. of Notices: 20. Service Date 04/08/2004. (Related Doc # <u>64</u>) (Admin.) (Entered: 04/09/2004) |
| 05/12/2004 | 68 First meeting held and concluded. The case trustee has not made a determination regarding assets in this case and will submit a report at a later date. (Brown, Shawn) |
| 05/25/2004 | <u>69</u> Trustee's final report and account of assets *for a Converted Case.* (O'Cheskey5, Walter) |
| 05/25/2004 | <u>70</u> Final report summary. (O'Cheskey5, Walter) |
| 05/28/2004 | <u>71</u> BNC certificate of mailing - PDF document. No. of Notices: 19. Service Date 05/28/2004. (Related Doc # <u>70</u>) (Admin.) (Entered: 05/29/2004) |
| 06/01/2004 | Trustee's report of no distribution: Trustee of this estate reports and certifies that the trustee has performed the duties required of a trustee under 11 U.S.C. 704 and has concluded that there are no assets to administer for the benefit of creditors of this estate. I have received no funds or property of the estate, and paid no monies on account of the estate. Wherefore, the trustee prays that this report be approved and the trustee be discharged from office.. (Brown, Shawn) |
| 07/01/2004 | <u>73</u> INCORRECT ENTRY: Incorrect Event Code Used, See document 74: Order approving chapter 13 trustee report and discharging trustee Entered on 7/1/2004. (Holden, M.) Modified on 7/2/2004 (Brown, D.) |
| 07/01/2004 | <u>74</u> Order discharging Chp. 13 trustee Entered on 7/1/2004. (Holden, M.) |
| 07/01/2004 | <u>75</u> DUPLICATE ENTRY: See document 74: Order discharging Chp. 13 trustee Entered on 7/1/2004. (Holden, M.) Modified on 7/2/2004 (Brown, D.). MODIFIED TEXT on 7/7/2004 (Brown, D.). |
| 07/03/2004 | <u>76</u> BNC certificate of mailing - PDF document. (RE: related document(s)<u>75</u> Order discharging trustee) No. of Notices: 1. Service Date 07/03/2004. (Admin.) (Entered: 07/04/2004) |
| 07/13/2004 | <u>77</u> Order discharging debtor(s) David Lynn Archer and Michelle Beverly Archer. Entered on 7/13/2004 (RE: related document(s)<u>65</u> Meeting of creditors chapter 7 no asset). (Blanco, J.) |

U.S. Bankruptcy Court - Northern District of Texas     https://ecf.txnb.uscourts.gov/cgi-bin/DktRpt.pl?845557986196949-L_1_0-1

| | |
|---|---|
| 07/13/2004 | <u>78</u> Order approving chapter 7 trustee report and discharging trustee Entered on 7/13/2004. (Blanco, J.) |
| 07/13/2004 | If this case was dismissed, it is now terminated. If this case was fully administered, it is now closed. (Blanco, J.) |
| 07/15/2004 | <u>79</u> BNC certificate of mailing. (RE: related document(s)<u>78</u> Order approving chapter 7 trustee report and discharging trustee) No. of Notices: 1. Service Date 07/15/2004. (Admin.) (Entered: 07/16/2004) |
| 07/15/2004 | <u>80</u> BNC certificate of mailing - order of discharge. (RE: related document(s)<u>77</u> Order discharging debtor) No. of Notices: 19. Service Date 07/15/2004. (Admin.) (Entered: 07/16/2004) |
| 07/19/2004 | <u>81</u> Certificate of Default filed by Creditor CitiMortgage, Inc. (RE: related document(s)<u>28</u> Order on motion to dismiss case,, Order on motion for relief from stay,, Order (generic), Order (generic)). (Mann, June) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/28/2016 15:26:36 | | |
| **PACER Login:** | jb6128:3437018:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 03-70335-hdh7 Fil or Ent: filed From: 1/1/2001 To: 7/28/2016 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

7/28/2016 3:30 PM

EXHIBIT 9

United States Bankruptcy Court for the Northern District of Texas, Bankruptcy Case
Docket for Case no. 03-808726-saf13, captioned *In re Archer* (the "<u>Fifth Bankruptcy Case</u>")

**DISMISSED**

# U.S. Bankruptcy Court
## Northern District of Texas (Dallas)
### Bankruptcy Petition #: 03-80726-saf13

|  |  |
|---|---|
| | *Date filed:* 10/20/2003 |
| *Assigned to:* Steven A. Felsenthal | *Date terminated:* 04/15/2004 |
| Chapter 13 | *Date dismissed:* 01/28/2004 |
| Voluntary | *341 meeting:* 12/04/2003 |
| Asset | |

**Debtor**
**David Archer**
908 Creekview Dr.
Mesquite, TX 75181
DALLAS-TX
SSN / ITIN: xxx-xx-5662

represented by **Holly B. Guelich**
12720 Hillcrest Road
Suite 270
Dallas, TX 75230
(214) 522-3669
Email: guelichlaw@sbcglobal.net

**Joint Debtor**
**Michelle Archer**
908 Creekview Dr.
Mesquite, TX 75181
DALLAS-TX
SSN / ITIN: xxx-xx-4086
*fka* Michelle Doverspike

represented by **Holly B. Guelich**
(See above for address)

**Trustee**
**Thomas Powers**
125 E. John Carpenter Frwy., Suite 1100
Irving, TX 75062-2288
214-855-9200

**U.S. Trustee**
**United States Trustee**
1100 Commerce Street
Room 976
Dallas, TX 75242
214-767-8967

| Filing Date | Docket Text |
|---|---|
| 10/20/2003 | 1 Chapter 13 voluntary petition . Receipt Number 311988, Fee Amount $185 Filed by David Archer , Michelle Archer Chapter 13 Plan due by 11/4/2003. Disbursement Authorization due by 11/4/2003. Schedules A-J due 11/4/2003. Statement of Financial |

| | |
|---|---|
| | Affairs due 11/4/2003. Incomplete Filings due by 11/4/2003. (Nunns, Tracy) |
| 10/20/2003 | 2 First Meeting of Creditors with 341(a) meeting to be held on 12/04/2003 at 08:30 AM at Dallas Ch13 Ofc. Proof of Claim due by 03/03/2004. (Nunns, Tracy) |
| 10/22/2003 | 3 BNC certificate of mailing - meeting of creditors. Service Date 10/22/2003. (Related Doc # 2) (Admin.) (Entered: 10/23/2003) |
| 10/22/2003 | 4 BNC certificate of mailing. Service Date 10/22/2003. (Related Doc # 1) (Admin.) (Entered: 10/23/2003) |
| 11/03/2003 | 5 Schedules A-J , Statement of financial affairs filed by Debtor David Archer , Joint Debtor Michelle Archer (RE: related document(s)1 Voluntary petition (chapter 13), Voluntary petition (chapter 13)). (Rielly, Bill) |
| 11/03/2003 | 6 Chapter 13 Plan filed by Debtor David Archer , Joint Debtor Michelle Archer . (Rielly, Bill) |
| 11/03/2003 | 7 Authorization for preconfirmation disbursements filed by Debtor David Archer , Joint Debtor Michelle Archer . (Rielly, Bill) |
| 12/05/2003 | 8 Trustee's motion to dismiss chapter 13 case *with Prejudice*. Pre-hearing conference to be held on *January 29, 2004 at 8:30 a.m.* at *125 E. JOhn Carpenter Freeway, Suite 1100, Irving, Texas 75062*.. (Powers, Thomas) |
| 12/09/2003 | 9 Amended Trustee's Notice *of Hearing on Motion to Dismiss with Prejudice*. (Holder, Areya) |
| 12/09/2003 | 10 Meeting of creditors chapter 13 (held) *and concluded*. (Powers, Thomas) |
| 12/31/2003 | 11 Assignment of claim to ECMC from SLMA *claim #2* Filed by Creditor Educational Credit Management Corporation. (Thor, Mai) |
| 01/28/2004 | 13 Order dismissing case with prejudice to refiling a case for one year. Entered on 1/28/2004. (Blanco, J.) |
| 01/30/2004 | 14 BNC certificate of mailing - PDF document. No. of Notices: 56. Service Date 01/30/2004. (Related Doc # 13) (Admin.) (Entered: 01/31/2004) |
| 02/26/2004 | 15 Chapter 13 trustee's final report and account *in a dismissed Case. Objections due within 34 days of the filing of this final report*. (Powers, Thomas) |
| 02/29/2004 | 16 BNC certificate of mailing - PDF document. No. of Notices: 56. Service Date 02/29/2004. (Related Doc # 15) (Admin.) (Entered: 03/01/2004) |

| 04/13/2004 | 18 Order approving chapter 13 trustee report and discharging trustee Entered on 4/13/2004. (Holden, M.) |
|---|---|
| 04/15/2004 | Bankruptcy case closed (Blanco, J.) |
| 04/15/2004 | 19 BNC certificate of mailing - PDF document. No. of Notices: 1. Service Date 04/15/2004. (Related Doc # 18) (Admin.) (Entered: 04/16/2004) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/28/2016 15:43:05 | | |
| **PACER Login:** | jb6128:3437018:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 03-80726-saf13 Fil or Ent: filed From: 1/1/2000 To: 7/28/2016 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

7/28/2016 3:49 PM