# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> W. R. GRACE & CO., et al.,[1] <br><br> Reorganized Debtors. | Chapter 11 <br><br> Case No. 01-1139 (KG) |
| In re: <br><br> DAREX PURERTO RICO, INC. <br><br> Reorganized Debtor. | Chapter 11 <br><br> Case No. 01-1150 (KG) <br><br> **Hearing Date: August 24, 2017, at 11:00 a.m.** <br> **Objection Deadline: August 14, 2017 at 4:00 p.m.** |

**MOTION TO REOPEN CASE CAPTIONED *IN RE DAREX PUERTO RICO, INC.*, CASE NO. 01-01150 (KG), FOR PURPOSES OF FULLY ADMINISTERING CASE AND AMENDING SCHEDULE F**

The above-captioned reorganized debtors (the "Reorganized Debtors") file this motion (this "Motion") requesting the Court enter an order, substantially in the form attached hereto as Exhibit A (the "Order"), reopening the chapter 11 case captioned *In re Darex Puerto Rico, Inc.*, Case no. 01-01150 (KG) (the "Darex Chapter 11 Case") for the purpose of administering a single scheduled claim in the amount of $54,000 that was not paid in February 2014 to the Municipal Revenue Collection Center (officially known as *Centro de Recaudacion de Ingresos Municipales*, or "CRIM"). As discussed herein, CRIM has since acknowledged that this tax amount is not due and owing to CRIM, which means that Darex Puerto Rico, Inc. ("Darex"), must amend its Schedule F to reflect this changed circumstance. Attached as Exhibit B is the proposed schedule amendment. Exhibit C is the form of personalized notice with which the

---

[1] The Reorganized Debtors are W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

Reorganized Debtors intend to serve CRIM upon this Court's entry of the Order.[2] Neither CRIM nor any other creditor of the Reorganized Debtors will be prejudiced by this Court reopening the Darex Chapter 11 Case for the sole purpose of properly administering the proposed schedule amendment.

In support of this Motion, the Reorganized Debtors respectfully state as follows:

### JURISDICTION

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.[3] This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.  The predicates for this Motion are Bankruptcy Code section 350, Fed. R. Bankr. P. 1009, Fed. R. Bankr. P. 5010, Fed. R. Bankr. P. 9006(b)(1), and Fed. R. Bankr. P. 9014.

### BACKGROUND

**I.  DAREX'S SCHEDULE F LISTED CRIM AS A CREDITOR**

3.  On June 1, 2001, the then-Debtors filed their *Statement of Financial Affairs and Schedule of Assets and Liabilities for Darex* [Docket no. 385]. Page 10 of Schedule F lists CRIM as a creditor having a trade payable in the amount of $54,000. The CRIM scheduled amount was not subsequently amended. On January 31, 2014, in preparation for emerging from

---

[2] The *Declaration of Richard C. Finke in Support of the Reorganized Debtors' Motion to Reopen Case Captioned In Re Darex Puerto Rico, Inc., Case no. 01-01150 (KG), For Purposes of Fully Administering Case and Amending Schedule F Motion to Reopen Case Captioned In Re Darex Puerto Rico, Inc., Case no. 01-01150 (KG), For Purposes of Fully Administering Case and Amending Schedule F* (the "Finke Declaration"), attached hereto as Exhibit G. is incorporated herein by reference and contains the factual predicate supporting this Motion. Capitalized references in this Motion not otherwise defined herein have the meaning ascribed to them in the Finke Declaration.

[3] The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Motion the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

their chapter 11 cases, the then-Debtors filed their final *Notice of Filing of Amended Undisputed Claims Exhibit* [Docket no. 31681]. The CRIM scheduled amount appears on page 223 as an undisputed claim.

4. On February 3, 2014, the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11. *Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732]. The Reorganized Debtors did not immediately issue a check to CRIM, as prior notices sent to the address listed on the Schedule F entry had been returned as "undeliverable."

## II. CRIM DETERMINED THAT GRACE DID NOT OWE THE SCHEDULE F AMOUNT OR ANY OTHER PREPETITION TAX AMOUNT

5. In February 2014, as a result of inquiries made by Grace's tax department to CRIM, Grace began to pursue abatement of the Schedule F amount through a tax amnesty program. As a result, on March 21, 2014, CRIM issued a *Certificacion de Radicacion de Planilla Propiedad Mueble* (*Certificate of Filing of Personal Property Tax Return*, a copy of which is attached hereto as <u>Exhibit D</u>), which states in relevant part that Darex had filed all required personal property tax returns for the pre- and post-petition periods, and as of that date was then current with all prior personal property tax obligations.

6. On January 20, 2017, CRIM issued a *Statement of Account* (a copy of which is attached hereto as <u>Exhibit E</u>), which stated that as of that date Darex owed no unpaid real property taxes to CRIM, whether pre- or post-petition. On July 13, 2017, CRIM issued to

counsel for Grace a *Certificacion de Deuda por Todos los Conceptos* (*Certificate of No Debt for All Concepts*, a copy of which is attached hereto as Exhibit F), which states that as of that date Darex owed no property taxes (either real or personal property) to CRIM, whether pre- or post-petition.

### III.    THE CLOSING OF DAREX'S CHAPTER 11 CASE

7.    All but two of the Reorganized Debtors' original 62 chapter 11 cases are now closed. On March 19, 2014, the Court entered its *Final Decree (A) Closing Certain of The Chapter 11 Cases, (B) Removing Certain of The Chapter 11 Cases From The Joint Administration Order, and (C) Waiving the Requirement That the Reorganized Debtors File a Final Report For the Merged Subsidiaries* [Docket no. 31880], which closed the cases of 45 of the Reorganized Debtors (the "Merged Subsidiaries Case Final Decree"). On October 14, 2014, the Court entered its *Final Decree: (A) Closing Certain of the Chapter 11 Cases; (B) Removing Such Cases From the Joint Administration Order; and (C) Waiving The Requirement to File a Final Report For Such Cases* [Docket no. 32429] (the "Second Merged Subsidiaries Case Final Decree"), closing a further 15 cases, including that of Darex. Grace and Grace-Conn. are the only remaining open cases.

### RELIEF REQUESTED

8.    The Reorganized Debtors respectfully request the Court enter the Order substantially in the form attached hereto as Exhibit A, reopening the Darex Chapter 11 Case for the purpose of permitting the Reorganized Debtors to file the schedule amendment attached hereto as Exhibit B and serving the notice substantially in the form attached hereto as Exhibit C on CRIM at the following address:

> Dirección Postal
> P.O. Box 195387,
> San Juan, PR

00919-5387

9. The form of Order further states that CRIM shall have 24 days from the date of service of the above-described notice to respond to the schedule amendment.

10. The Reorganized Debtors shall file a motion to re-close the Darex Chapter 11 Case once the schedule amendment matter has been fully resolved.

## ANALYSIS

11. Bankruptcy Code section 350 states in relevant part:

> A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350. Fed. R. Bankr. P. 5010 states in relevant part that, "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." The Advisory Committee notes to Fed. R. Bankr. P. 5010 state in relevant part:

> Rule 9024, which incorporates Rule 60 Fed. R. Civ. P., exempts motions to reopen cases under the Code from the one year limitation of Rule 60(b).

Advisory Committee Notes to Fed. R. Bankr. P. 5010. Therefore, there is no time-bar to reopening the Darex Chapter 11 Case.

12. The newly established evidence from CRIM itself (dated January 2017) that the Darex Schedule F listed CRIM in error is sufficient cause to reopen the Darex Chapter 11 Case. Id U.S.C. § 350(b). It also meets the excusable neglect standard found in Fed. R. Bankr. P. 9006(b)(1). CRIM will not be prejudiced by reopening the case. Indeed, CRIM has already determined that it is not entitled to receive payment of the scheduled amount (plus Plan interest, which amounts to approximately the same amount as the listed $54,000 principal amount). Moreover, CRIM will have a sufficient period of time (21 days) to respond or object to the

proposed schedule amendment. *See* Del. Bankr. L. R. 9006-1(c) (21-day objection period if motion or other filing is mailed by first-class mail).

13. If CRIM responds, the Reorganized Debtors will resolve any such response. If CRIM does not respond, the Reorganized Debtors intend to promptly file a motion for a final decree re-closing the Darex Chapter 11 Case.

## NO PREVIOUS MOTION

14. No previous motion for the relief sought herein has been made to this or any other court.

## NOTICE

15. Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) CRIM. In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

*[remainder of this page is intentionally left blank]*

WHEREFORE, the Reorganized Debtors request the Court enter the Order in substantially the form attached hereto as Exhibit A: (i) re-opening the Darex Chapter 11 Case; and (ii) granting such other relief as may be appropriate.

Dated: July 31, 2017

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
Telephone: (312) 666-0431

and

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley, P.C.
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Reorganized Debtors