## EXHIBIT G

*Declaration of Richard C. Finke in Support of the Reorganized Debtors' Motion to Reopen Case Captioned In Re Darex Puerto Rico, Inc., Case no. 01-01150 (KG), For Purposes of Fully Administering Case and Amending Schedule F Motion to Reopen Case Captioned <u>In Re Darex Puerto Rico, Inc.</u>, Case no. 01-01150 (KG), For Purposes of Fully Administering Case and Amending Schedule F*

DOCS_DE:214640.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KG) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) |

**DECLARATION OF RICHARD C. FINKE IN SUPPORT OF THE REORGANIZED DEBTORS' MOTION TO REOPEN CASE CAPTIONED *IN RE DAREX PUERTO RICO, INC.*, CASE NO. 01-01150 (KG), FOR PURPOSES OF FULLY ADMINISTERING CASE AND AMENDING SCHEDULE F**

COUNTY OF HOWARD )
                               ) ss.
STATE OF MARYLAND )

Richard C. Finke, after being duly sworn according to law, deposes and says:

1. I am over the age of 18 and competent to testify. I am Vice President and Associate General Counsel of W. R. Grace & Co., one of the reorganized debtors (collectively, "Grace" or the "Reorganized Debtors") in the above-captioned cases. All facts set forth in this Declaration are based on my personal knowledge, on information supplied to me by employees of and/or professionals retained by the Reorganized Debtors in these chapter 11 cases, and on my experience and knowledge of Grace's businesses. If called upon to testify, I could and would testify competently to the facts and opinions contained herein. This declaration is filed in support of the *Reorganized Debtors' Motion to Reopen Case Captioned In Re Darex Puerto Rico, Inc., Case no. 01-01150 (KG), For Purposes of Fully Administering Case and Amending Schedule F* (the "Motion").[2] Based upon a thorough review of their available books and records,

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official*

the Reorganized Debtors have concluded that they have no liability as to any of the claims discussed herein and in the Motion.

## BACKGROUND

I. **DAREX'S SCHEDULE F LISTED CRIM AS A CREDITOR**

2. On June 1, 2001, the then-Debtors filed their *Statement of Financial Affairs and Schedule of Assets and Liabilities for Darex* [Docket no. 385]. Page 10 of Schedule F lists Municipal Revenue Collection Center (officially known as *Centro de Recaudacion de Ingresos Municipales*, or "CRIM") as a creditor having a trade payable in the amount of $54,000. The CRIM scheduled amount was not subsequently amended. On January 31, 2014, in preparation for emerging from their chapter 11 cases, the then-Debtors filed their final *Notice of Filing of Amended Undisputed Claims Exhibit* [Docket no. 31681]. The CRIM scheduled amount appears on page 223 as an undisputed claim.

3. On February 3, 2014, the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11. *Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732]. The Reorganized Debtors did not immediately issue a check to CRIM, as prior notices sent to the address listed on the Schedule F entry had been returned as "undeliverable."

---

*Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

## II. CRIM DETERMINED THAT GRACE DID NOT OWE THE SCHEDULE F AMOUNT OR ANY OTHER PREPETITION TAX AMOUNT

4. In February 2014, as a result of inquiries made by Grace's tax department to CRIM, Grace began to pursue abatement of the Schedule F amount through a tax amnesty program. As a result, on March 21, 2014, CRIM issued a *Certificacion de Radicacion de Planilla Propiedad Mueble (Certificate of Filing of Personal Property Tax Return*, a copy of which is attached to the Motion as Exhibit D), which states in relevant part that Darex had filed all required personal property tax returns for the pre- and post-petition periods, and as of that date was then current with all prior personal property tax obligations.

5. On January 20, 2017, CRIM issued a *Statement of Account* (a copy of which is attached to the Motion as Exhibit E), which stated that as of that date Darex owed no unpaid real property taxes to CRIM, whether pre- or post-petition. On July 13, 2017, CRIM issued to counsel for Grace a *Certificacion de Deuda por Todos los Conceptos (Certificate of No Debt for All Concepts*, a copy of which is attached to the Motion as Exhibit F), which states that as of that date Darex owed no property taxes (either real or personal property) to CRIM, whether pre- or post-petition.

## III. THE CLOSING OF DAREX'S CHAPTER 11 CASE

6. All but two of the Reorganized Debtors' original 62 chapter 11 cases are now closed. On March 19, 2014, the Court entered its *Final Decree (A) Closing Certain of The Chapter 11 Cases, (B) Removing Certain of The Chapter 11 Cases From The Joint Administration Order, and (C) Waiving the Requirement That the Reorganized Debtors File a Final Report For the Merged Subsidiaries* [Docket no. 31880], which closed the cases of 45 of the Reorganized Debtors (the "Merged Subsidiaries Case Final Decree"). On October 14, 2014, the Court entered its *Final Decree: (A) Closing Certain of the Chapter 11 Cases; (B) Removing*

*Such Cases From the Joint Administration Order; and (C) Waiving The Requirement to File a Final Report For Such Cases* [Docket no. 32429] (the "Second Merged Subsidiaries Case Final Decree"), closing a further 15 cases, including that of Darex. Grace and Grace-Conn. are the only remaining open cases.

### IV. PROPER ADDRESS FOR SERVICE ON CRIM

7. Correspondence sent to the address listed in the current Schedule F for CRIM has been returned to the Reorganized Debtors' claims agent as undeliverable. Grace's Puerto Rico counsel has informed Grace that the correct address for CRIM is as follows:

> Dirección Postal
> P.O. Box 195387,
> San Juan, PR
> 00919-5387

8. The Reorganized Debtors intend to use this address for service of the Motion.

**[remainder of page left intentionally blank]**

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Richard C. Finke*
Richard C. Finke
Vice President & Associate General Counsel
W. R. Grace & Co.

SWORN AND SUBSCRIBED before me,
this 28th day of July 2017

*Diane Z. Borowy*
Notary Public

My Commission Expires: September 18 2020

```
DIANE Z. BOROWY
Notary Public-Maryland
Howard County
My Commission Expires
September 18, 2020
```