IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>Pittsburgh Corning Corporation,<br>    Debtor(s) | Bankruptcy No. 00-22876-JKF<br>Chapter 11<br>**Related to Doc. No. 9260** |
| In re:<br>North American Refractories<br>Company, *et al.*<br>    Debtor(s) | Bankruptcy No. 02-20198-JKF<br>Chapter 11<br>**Related to Doc. No. 7835** |
| In re:<br>Mid-Valley, Inc., *et al.* and<br>DII Industries LLC<br>    Debtor(s) | Bankruptcy No. 03-35592-JKF **(CLOSED)**<br>Chapter 11<br>**Related to Doc. No. 2839** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT DELAWARE

In Re:

| | |
|---|---|
| Owens Corning, *et al.,*<br>    Debtor(s) | Bankruptcy No. 00-3837-JKF **(CLOSED)**<br>Chapter 11<br>**Related to Doc. No. 21068** |
| W.R. Grace & Co., *et al.*<br>    Debtor(s) | Bankruptcy No. 01-1139-JKF<br>Chapter 11<br>**Related to Doc. No. 30404** |
| USG Corporation, *et al.,*<br>    Debtor(s) | Bankruptcy No. 01-2094-JKF **(CLOSED)**<br>Chapter 11<br>**Related to Doc. No. 12682** |
| United States Mineral Products Company,<br>*et al.*<br>    Debtor(s) | Bankruptcy No. 01-2471-JKF **(CLOSED)**<br>Chapter 11<br>**Related to Doc. No. 3989** |
| Kaiser Aluminum Corporation, *et al.*<br>    Debtor(s) | Bankruptcy No. 02-10429-JKF<br>Chapter 11<br>**Related to Doc. No. 10275** |

1

| | |
|---|---|
| The Flintkote Company<br>Debtor(s) | Bankruptcy No. 04-11300-JKF<br>Chapter 11<br>**Related to Doc. No. 7436** |
| Armstrong World Industries, Inc., *et al.*<br>Debtor(s) | Bankruptcy No. 00-4471-JKF **(CLOSED)**<br>Chapter 11<br>**Related to Doc. No. 10782** |
| ACandS, Inc., *et al.*<br>Debtor(s) | Bankruptcy No. 02-12687-JKF **(CLOSED)**<br>Chapter 11<br>**Related to Doc. No. 3721** |
| Combustion Engineering, Inc.<br>Debtor(s) | Bankruptcy No. 03-10495-JKF **(CLOSED)**<br>Chapter 11<br>**Related to Doc. No. 3476** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In re:<br>Garlock Sealing Technologies LLC, et al.,<br>Debtor(s) | Bankruptcy No. 10-31607<br>Chapter 11<br>Jointly Administered |

### AFFIDAVIT OF RICHARD C. WORF, JR.

Richard C. Worf, Jr., being first duly sworn, deposes and says:

1. I am counsel for the debtors, including Garlock Sealing Technologies LLC ("Garlock"), in *In re Garlock Sealing Technologies LLC*, No. 10-31607 (Bankr. W.D.N.C.) (the "NCWB Proceeding"). I make this affidavit pursuant to the Order Establishing the Protocol for Production of 2019 Exhibits (the "2019 Protocol Order"), entered in the above-captioned cases. Capitalized terms not otherwise defined herein shall have the meaning assigned in the 2019 Protocol Order.

2

2. In 2013, I received the 2019 Exhibits on behalf of Garlock. Also in 2013, copies of the 2019 Exhibits were provided to (a) my client, Garrison Litigation Management, Ltd. ("Garrison"), co-debtor to Garlock in the NCWB Proceeding, and (b) counsel for the Official Committee of Asbestos Personal Injury Claimants and the Future Claimants' Representative in the NCWB Proceeding.

3. This affidavit is based on my personal knowledge, and my inquiries of employees in my law firm and employees at Garrison.

4. The Effective Date of the Modified Joint Plan of Reorganization of Garlock Sealing Technologies LLC, et al. and OldCo, LLC, Successor by Merger to Coltec Industries Inc (the "Garlock Plan") occurred on July 31, 2017.

5. I attest that Garlock, Garrison, and their employees, agents, attorneys, and experts, to the extent they had access to the 2019 Exhibits, used the 2019 Exhibits solely for the purpose of the NCWB Proceeding and, in particular, used the 2019 Exhibits solely in connection with the proceeding to estimate mesothelioma claims against Garlock (the "Estimation Proceeding"). In fact, the 2019 Exhibits were received too late to be used in the Estimation Proceeding, and none were ever introduced into evidence.

6. I further attest that Garlock, Garrison, and their employees, agents, attorneys, and experts did not share or distribute any of the 2019 Exhibits (in whole or in part) with any person or entity other than what was expressly authorized by an order of the Bankruptcy Court for the Western District of North Carolina ("NCWB"), the Bankruptcy Court for the District of Delaware ("DEB"), or the Bankruptcy Court for the Western District of Pennsylvania ("PAWB").

7. I also attest that Garlock, Garrison, and their employees, agents, attorneys, and experts did not and will not publicly disclose the identity of any individual listed in any of the 2019 Exhibits other than what was expressly authorized by an order of NCWB, DEB, or PAWB.

8. I additionally attest that Garlock, Garrison, and their employees, agents, attorneys, and experts, to the extent they received copies of 2019 Exhibits, have retrieved, collected, and permanently deleted from their active (i.e. non-backup) computer systems all copies of the 2019 Exhibit Production, including any and all subparts or subsets, regardless of whether any or all of the 2019 Exhibit data was merged with any other data.

9. My firm's computer system has an automatic backup system that will retain copies of the 2019 Exhibits and certain files containing data from the 2019 Exhibits for an additional period of time. The purpose of this backup system is to be able to restore my firm's computer systems if a catastrophic event occurs. It is not possible for employees of my firm to delete individual files from this backup system. Further, only four employees of my firm's Network Services department can access the files on the backup system. Like my firm's entire computer system, the backup copies of our computer system are kept confidential and secure. Network Services employees have been instructed not to access the 2019 Exhibits or files containing data from the 2019 Exhibits on the backup system. Further, they have put in place a system to delete the 2019 Exhibits and files containing data from the 2019 Exhibits if the backup system is ever used to restore my firm's computer system.

10. The 2019 Exhibits themselves were located in a part of our computer system such that a backup copy will exist until approximately September 21, 2017. Certain emails, some of which contain files with data from the 2019 Exhibits, will exist on the backup system until approximately October 2, 2017.

11. If a catastrophic event requiring use of my firm's backup system occurs, and the backup is used to restore my firm's system, I will supplement this affidavit to indicate that such a catastrophic event has occurred, my firm will delete these files from the restored system as soon as possible, and I will supplement this affidavit to summarize the steps taken to delete the restored files. Otherwise, the backup copies of the 2019 Exhibits or data excerpted therefrom will be destroyed automatically when the backup copies are destroyed, as indicated above, on approximately September 21, 2017 and October 2, 2017, respectively.

12. Garrison also has a backup computer system where copies of the 2019 Exhibits and certain data excerpted therefrom will be stored until approximately October 9, 2017. Individual files cannot be deleted from the backup system without compromising the entire backup. Three Garrison employees and the IT Department of Garrison's ultimate parent, EnPro Industries, Inc., have access to the backup system, and have been instructed not to access the 2019 Exhibits or data excerpted therefrom, and will delete any of these files if the backup system is ever used to restore Garrison's computer system.

This 13th day of September, 2017.

                                                                                                /s/ Richard C. Worf, Jr.

Richard C. Worf, Jr.
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
rworf@robinsonbradshaw.com

*Attorneys for Garlock Sealing Technologies LLC*

Sworn to and subscribed before me,
this 13th day of September, 2017.

J. Elise Deal
Notary Public

My commission expires:
December 28, 2017

5