# THE LAW OFFICES OF ROGER HIGGINS, LLC

1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
rhiggins@rogerhigginslaw.com

Tel: (312) 666-0431

Fax: (312) 577-0737

October 3, 2017

**VIA ECF**

Hon. Kevin Gross
United States Bankruptcy Court
824 N. Market St.
6th Floor
Wilmington, DE 19801

Dear Judge Gross:

In its letter of September 26, 2017, the IRS asserted that it is entitled to statutory post-petition interest on its 1998 tax deficiency under the theory of equitable recoupment, because that interest was one component in calculating the debtors' 1998 tax liability that had to be computed before the IRS could determine the refund owed to the debtors for that year. Notably, the IRS cites the *Pacific Gas & Electric Co.* case as support, which is a tax case addressing a tax refund when there is no prior, existing bankruptcy claim. The case therefore does not shed any light on the undisputed facts of this dispute: a chapter 11 case in which a confirmed chapter 11 Plan expressly provides for 4.19% interest on Allowed Priority Tax Claims such as the IRS's 1998 tax year claim.[1]

It is axiomatic that the Plan binds all creditors—including the IRS. In relevant part, the Plan governs the Allowance, and payment in satisfaction, of Plan Claims. The Plan is also the sole basis upon which post-petition interest may be paid on Allowed Priority Tax Claims (a proposition with which the IRS agreed when it accepted payment of three other Allowed Priority Tax Claims with Plan interest). As discussed below, there is no dispute that the IRS had an Allowed Priority Tax Claim for 1998 in the amount of $6,721,065, consisting of $5,852,658 of tax and $868,407 of pre-petition interest. The IRS may take the amount of the Allowed Priority Tax Claim and applicable post-petition interest paid at the Plan rate into account in determining the refund otherwise owed to the Reorganized Debtors on account of the 2008 NOL carryback and overpayments from several other years. The IRS's argument that it is entitled to statutory post-petition interest by application of the affirmative defense of equitable recoupment ignores the fact that the IRS had an Allowed Priority Tax Claim—and likewise ignores the fact that the Plan, which binds the IRS, is the sole basis for payment of post-petition interest on Allowed Priority Tax Claims.

A brief review of the uncontested facts in this matter confirms that the IRS had an Allowed Priority Tax Claim:

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Reorganized Debtors' *Motion for Entry of an Order Enforcing Plan and Confirmation Order Against Internal Revenue Service* (the "Motion") or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (the "Plan").

# The Law Offices of Roger Higgins, LLC

- As of March 15, 1999, Grace owed $5,852,658 in tax to the IRS – although this was an amount not agreed to until at least November 2009 (Motion <u>Exhibit C</u> (IRS Transcript); Motion <u>Exhibit D</u> (Grace's *Interest and Penalty Detail Report*); Reply <u>Exhibit A</u> (Form 870, *Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overpayment*).

- As of April 2, 2001, Grace owed $6,721,065 in tax and pre-petition interest (hereinafter, the "<u>1998 Tax Claim</u>"). In other words, the 1998 Tax Claim constituted the IRS's right to payment under the Bankruptcy Code and the Plan. (Motion <u>Exhibit C</u> (IRS Transcript); Motion <u>Exhibit D</u> (Grace's *Interest and Penalty Detail Report*)).

- The IRS filed several claims during the course of the Grace bankruptcy – the relevant ones being:

    - Claim 830 –filed on June 30, 2002, in the amount of $311,200,165; and

    - Claim 18553 – filed on December 12, 2012, which amended and superseded Claim 830 in the amount of $11,356,687—$5,852,658 for the 1998 tax, $868,407 in pre-petition interest, and post-petition interest accruing at the statutory rate from the Petition Date through the date the IRS filed the claim.

- On February 3, 2014, the Plan became effective.

- In April 2014, Grace:

    - Paid three otherwise uncontested IRS claims with Plan interest accruing at 4.19%; and

    - Filed an objection to the 1998 Tax Claim (both claims 830 and 18553) on the basis that, as of March 15, 2009, the IRS's right to payment was fully satisfied by application of various tax credits from 2002-2007 and by a tax credit generated by an NOL from tax year 2008, and setting forth its position that post-petition interest should be computed at the Plan 4.19% interest rate.

- On September 12, 2014, the IRS paid a refund to Grace in the amount of $2,027,545, which reflected the IRS's position that post-petition interest should be computed at the statutory rate, and not at the Plan rate.

- In March 2015, after the IRS refused to enter into a written settlement agreement with Grace as to the agreed-upon Allowed Amount of the IRS's 1998 Tax Claim, the two sides instead agreed that Grace would withdraw its objection, whereupon the IRS would withdraw its claim, with the understanding that the applicable post-petition interest rate was still in dispute.

These undisputed facts prove that the IRS and Grace ultimately agreed on every aspect of the resolution of the 1998 Tax Claim except one—which was the proper rate of post-petition interest. The concurrent withdrawals of Grace's objection and the IRS's claim functioned as a compromise and settlement of the IRS's 1998 Tax Claim within the business judgment of the Reorganized Debtors and without approval of the Bankruptcy Court, as provided in Plan Art. 5.1.

**The Law Offices of Roger Higgins, LLC**

More specifically, these facts, in conjunction with the operation of Bankruptcy Code sections 101(5) and 502(b)(2) and the Plan, establish that:

- The IRS admitted that its claim for post-petition interest is just that—a section 101(5) bankruptcy claim for unmatured interest—when it filed Claim no. 18553, comprising the 1998 tax, pre-petition interest and post-petition interest;

- The Plan was the sole basis for the payment of otherwise disallowable (pursuant to section 502(b)(2)) post-petition interest on Allowed Claims, and the Plan provided for a 4.19% interest rate; and

- The IRS's 1998 Tax Claim was Allowed pursuant to Plan Art. 5.1's settlement and compromise provision, when Grace withdrew its objection and the IRS withdrew Claim nos. 830 and 18553, with the understanding that the applicable post-petition interest rate was still in dispute.

In short, the IRS's 1998 Tax Claim was an Allowed Priority Tax Claim in the amount of $6,721,065, comprising the 1998 tax of $5,852,658 and statutory interest accrued through the Petition Date. The Plan—which binds the IRS as it does all creditors—provides for the payment of interest at 4.19% on that Allowed Claim. The IRS may then use the sum of the Allowed Priority Tax Claim and applicable post-petition interest at the Plan rate to determine the refund otherwise owed to the Reorganized Debtors, consistent with the tax cases cited by the IRS. To permit the IRS to apply the affirmative defense of equitable recoupment—a doctrine the Third Circuit has stated should be "narrowly construed" in bankruptcy cases[2]—in order to recover a higher rate of interest would be directly contrary to the Plan and result in a windfall to the IRS.

For the reasons discussed above and in their briefs, the Reorganized Debtors request the Court enter an order substantially in form attached as <u>Exhibit A</u> to the Motion, enforcing the Plan, which mandates that post-petition interest on the IRS's Allowed Priority Tax Claim be paid at 4.19% for the period from the Petition Date through March 15, 2009.

Sincerely yours,

Roger J. Higgins

---

[2] *University Medical Ctr. v. Sullivan (In re University Medical Ctr.)*, 973 F.2d 1065, 1081 (3d Cir. 1992).