# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KG) <br> ) |
| Reorganized Debtors. | ) <br> ) |
| In re: | ) Chapter 11 <br> ) |
| DAREX PUERTO RICO, INC., | ) Case No. 01-01150 (KG) <br> ) <br> ) Hearing Date: November 6, 2017, at 10:00 a.m. <br> ) Objection Deadline: October 22, 2017, at 4:00 p.m. <br> ) |

**MOTION TO CLOSE THE CHAPTER 11 CASE CAPTIONED *IN RE DAREX PUERTO RICO, INC.*, CASE NO. 01-01150 (KG)**

The above-captioned reorganized debtors (the "Reorganized Debtors") request the Court enter a final decree (the "Final Decree") substantially in the form attached hereto as Exhibit A, closing the chapter 11 case captioned *In re Darex Puerto Rico, Inc.*, Case no. 01-01150 (KG) (the "Darex Chapter 11 Case") and waiving the requirement that the Reorganized Debtors file a final report for the Darex Chapter 11 Case. As discussed below, there are now no remaining claims to be resolved in the Darex Chapter 11 Case, and the case has been fully administered. Therefore, no party will be prejudiced by closing the Darex Chapter 11 Case. Finally, the Reorganized Debtors have conferred with the United States Trustee to ensure that all fees associated with reopening the Darex Chapter 11 Case are paid.

In support of this Motion, the Reorganized Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the*

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.") and Darex Puerto Rico, Inc. ("Darex").

*District of Delaware*, dated February 29, 2012.² This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion are sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 3022, Fed. R. Bankr. P. 9014 and Del. Bankr. L. R. 3022-1.

## BACKGROUND

3. On August 16, 2017, the Court entered its *Order Reopening the Chapter 11 Case Captioned In Re Darex Puerto Rico, Inc., Case no. 01-01150, for Purposes of Fully Administering Case and Amending Schedule F* (Docket no. 32917). On August 21, 2017, the Reorganized Debtors filed their *Amendment to Schedule "F" Of Liabilities for Darex Puerto Rico, Inc. (Case no. 01-1150 (KG))* [Docket no. 32920] (the "Schedule Amendment"), amending a single scheduled claim for the Municipal Revenue Collection Center (officially known as *Centro de Recaudacion de Ingresos Municipales*, or "CRIM") to reflect $0 as the amount owed. The Schedule Amendment also stated in relevant part:

> Any party whose interests are affected by the Amendment and who disagrees with the amount and/or classification of liability set forth in the Amendment as outlined above (or attached) may file a proof of claim for the amount and/or classification it deems appropriate. The bar date for filing proofs of claim by any such affected claimant (and no others) is 21 days from the date of this Notice, or September 11, 2017.

4. As discussed in the Reorganized Debtors' *Motion to Reopen the Chapter 11 Case Captioned In Re Darex Puerto Rico, Inc., Case no. 01-01150, for Purposes of Fully Administering Case and Amending Schedule F*, filed on July 31, 2017 [Docket no. 32906] (the

---

² The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Motion the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

"Motion to Reopen"), CRIM had previously acknowledged that it was owed no amount as to the amended scheduled claim. Therefore, as expected, neither CRIM nor any other party filed a proof of claim with respect to the Schedule Amendment prior to the September 11, 2017, bar date, nor has any such proof of claim been filed subsequent to that bar date.

5. There are no other claims or assets remaining to be administered in the Darex Chapter 11 Case.

6. The Reorganized Debtors have conferred with the Office of the United States Trustee to ensure that all required fees associated with the Darex Chapter 11 Case will be paid.

### RELIEF REQUESTED

7. By this Motion, the Reorganized Debtors seek entry of a Final Decree, substantially in the form attached hereto as Exhibit A: (a) closing the Darex Chapter 11 Case; and (b) waiving the requirement that the Reorganized Debtors file a final report for the Darex Chapter 11 Case.

### ANALYSIS

8. Bankruptcy Code section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Fed. R. Bankr. P. 3022, which implements Bankruptcy Code section 350, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Finally, Del. Bankr. P. 3022-1(a) provides that "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid." D. Del. Bankr. L.R. 3022-1(a).

9.  The Advisory Committee Notes to Fed. Bankr. P. 3022 set forth the following non-exclusive factors to be considered in determining whether a case has been fully administered, including whether:

- The order confirming the plan has become final;

- Deposits required by the plan have been distributed;

- The property proposed by the plan to be transferred has been transferred;

- The debtor or its successor has assumed the business or the management of the property dealt with by the plan;

- Payments under the plan have commenced; and

- All motions, contested matters, and adversary proceedings have been finally resolved.

10.  Courts have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, Case No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); *see also In re Omega Optical, Inc.*, 476 B.R. 157, 167 (Bankr. E.D. Pa. 2012).

11.  Here, the Darex Chapter 11 Case was reopened in August 2017 for the sole purpose of amending a scheduled claim that CRIM had previously acknowledged should be $0. The Reorganized Debtors filed the Schedule Amendment, and as expected CRIM did not file a proof of claim contesting the amendment. Therefore, there are no open matters remaining as to the Darex Chapter 11 Case, and the case should therefore be closed forthwith.

12.  Finally, the Reorganized Debtors request the Court waive the Del. Bankr. L. R. 3022-1(c) requirement for a final report. All remaining open, unresolved claims are against either Grace or Grace-Conn., and substantially all of the Reorganized Debtors' businesses and assets reside in either Grace or Grace-Conn. In addition, Grace and Grace-Conn. have been

continuing to administer and account for their assets and liabilities pursuant to the Plan, and will file a final report in connection with a request to close their Chapter 11 Cases. Consequently, filing a final report for the Darex Chapter 11 Case would not be helpful to the U.S. Trustee, creditors, or other parties-in-interest.

## NO PREVIOUS MOTION

13. No previous motion for the relief sought herein has been made to this or any other court.

## NOTICE

14. Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) CRIM. In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

*[remainder of this page is intentionally left blank]*

WHEREFORE, the Reorganized Debtors request the Court enter the Final Decree in substantially the form attached hereto as <u>Exhibit A</u>: (i) closing the Darex Chapter 11 Case; (ii) waiving the requirement that the Reorganized Debtors file a final report for the Darex Chapter 11 Case; and (iii) granting such other relief as may be appropriate.

Dated:  October 4, 2017

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
Telephone: (312) 666-0431

and

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley, P.C.
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Reorganized Debtors