**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (KG) |
| | ) | |
|     Reorganized Debtors. | ) | **Re: D.I. Nos. 32854 and 32877** |

**MEMORANDUM OPINION**

The Reorganized Debtors and the Internal Revenue Service ("IRS") have a dispute over the interest rate payable on a tax deficiency in 1998. Should the deficiency interest be calculated at the Plan rate of 4.19% during the time period from the petition date, April 2, 2001, through the date of payment, March 15, 2009; or should the rate of interest be the rate provided by the Tax Code, 26 U.S.C. § 6621? The amount at issue is a substantial $1,626,914.

Thus, the sole issue in dispute is the amount of deficiency interest which Debtors owed with respect to the 1998 tax deficiency. The difference can best be recorded arithmetically as follows:

| IRS Calculation | |
|---|---|
| Carrybacks of NOL's from 2008 | $11,491,201 |
| Refunds (2001-2011) | $1,280,263 |
| 1998 Tax Deficiency | ($5,852,658) |
| Statutory Interest on Tax Deficiency | ($4,980,800) |
| Overpayment Interest | $89,538 |
| **Refund** | **$2,027,546** |
| **Reorganized Debtors' Calculation** | |
| Carryback of NOL's from 2008 | $11,491,201 |
| Refunds (2001-2011) | $1,280,263 |
| 1998 Tax Deficiency | ($5,852,658) |
| Plan Interest on Tax Deficiency (4.1%) | ($3,434,608) |
| Overpayment Interest | $170,260 |
| **Refund** | **$3,654,459** |
| **Difference in favor of Reorganized Debtors** | **$1,626,914** |

The amount in question results from the IRS calculation of interest on the 1998 tax deficiency using the rates of interest in the Tax Code ($4,980,800), and the Reorganized Debtors calculation using the Plan rate of interest of 4.19% ($3,434,608), plus a difference in overpayment interest (IRS - $89,538 versus Reorganized Debtors - $170,260).

A. The IRS Case

The reason for the difference is that according to the IRS, it used its statutory interest rate rather than the Plan interest rate on the basis that what is involved in the dispute is not a claim but, instead, a recoupment right. Thus, the treatment of "claims" under the Plan is irrelevant to its reduction of the refund due Reorganized Debtors.

First, when the Reorganized Debtors objected to the IRS's proof of claim for 1998 on the ground that no tax liability was owed, the IRS withdrew its proof of claim (D.I. No. 32854-3) and the Reorganized Debtors thereupon withdrew their objection to the claim. Therefore, the Court never entered a final order allowing the proof of claim and any claim relating to the 1998 tax liability is not an "Allowed Priority Tax Claim."

Second, the IRS asserted a recoupment right which is not a "claim" and is therefore not subject to the Plan's interest provision. The IRS argues that "the right of recoupment is a defense and not a claim in the bankruptcy context," quoting from *Folger Adams Security, Inc. v. DeMatteis / MacGrego JV*, 209 F. 3d 252, 260 (3d Cir. 2000). The IRS in effect defines "recoupment" as a "netting out of debt arising from a single transaction." *SAIF Corp. v. Harmon Clare Harmon*, 188 B.R. 421, 425 (B.A.P. 9th Cir. 1995). The IRS

2

distinguishes recoupment from a setoff which generally involves mutual liabilities from different tax periods. In contrast, the "right of recoupment against a refund only applies when the amount to be recouped arises from the same tax year as the refund request." *Philadelphia & Reading Corp. v. U.S.*, 944 F. 2d 1063, 1075-76 (3d Cir. 1991). The IRS argues that because what occurred involved only tax year 1998, its allowance was a recoupment and not a setoff, and that does not constitute a "claim" within the definition in the Bankruptcy Code.

B. The Reorganized Debtors' Case

In return, Reorganized Debtors argue that the IRS had a claim against Debtors for the 1998 tax deficiency and interest. Therefore, the Reorganized Debtors argue, without the refund the IRS would have had an allowed priority tax claim in the sum of $5,852,658 and the Reorganized debtors would have paid the tax claim plus interest at the Plan rate of 4.19%.

C. Discussion

In a subsequent letter to the Court, dated September 26, 2017, the IRS more fully explained why what is before the Court is neither a claim nor a setoff. Although the explanation is strained and a bit confusing, the IRS argues the following. The NOL's are for a different tax year than the year in question, which is 1998. However, the "application of NOL carrybacks is a component of determining the taxpayer's liability for

the carryback year, not the netting of liability for the carryback year against an overpayment for the loss year." IRS Letter, page 2.

The Reorganized Debtors also submitted a letter, dated October 3, 2017. They argue that the IRS had an Allowed Priority Tax Claim and that "the Plan, which binds the IRS, is the sole basis for payment of post-petition interest on Allowed Priority Tax Claims." Reorganized Debtors' Letter, page 1. The Reorganized Debtors thus argue that (1) the IRS claim for post-petition interest was a claim and (2) the Plan was the "sole basis for the otherwise disallowable post-petition interest on Allowed Claims and the Plan provided for a 4.19% interest rate." *Id.*, page 2.

The Court will decide the issue in favor of the Reorganized Debtors, because in reality and effect, the Plan is the basis for the payment of post-petition interest. The IRS had an allowed Priority Tax Claim in the sum of $6,721,065, which is the 1998 tax of $5,852,658, plus statutory interest accrued through the filing of the bankruptcy petitions. The Plan then provides for the payment of interest at 4.19% on the Allowed Priority Tax Claim. The Plan takes priority and it would be inappropriate for the Court to apply equitable recoupment under the circumstances.

## Conclusion

For the foregoing reasons, the Court will allow the IRS interest at the Plan rate of 4.19%. The Reorganized Debtors are therefore entitled to a refund of $3,654,459 rather than the $2,027,545 refund determination by the IRS. The IRS shall issue the difference of $1,626,914 as a refund plus overpayment interest at the rate specified in 26 U.S.C. § 6621, from September 12, 2014, through the date of payment.

Dated: October 23, 2017            _____
                                   KEVIN GROSS, U.S.B.J.