# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KG) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) |
| | ) Re Dkt Nos 22553 and 22975 |

## SCHEDULING ORDER RE CLAIM NO. 7021, FILED BY NORFOLK SOUTHERN RAILWAY

Upon consideration of Claim no. 7021, the *Objection to the Proof of Claim Filed by Norfolk Southern Railway Company* [Docket no. 22553], and the *Preliminary Response of Norfolk Southern Railway to Debtors' Objection to the Proof of Claim Filed by Norfolk Southern Railway* [Docket no. 22975], and the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to District Court Local Rule 16.2(a) on October 13, 2017, it is hereby ORDERED that:

***Fed. R. Civ. P. 26(a)(1) Initial Disclosures***

1. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within twenty (20) days of the date of this Order.[2]

***Mediation***

2. On or before November 17, 2017, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and request that the Court select and appoint a mediator.

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co. Conn. ("Grace-Conn.").

[2] All references to the Federal Rules of Civil Procedure shall be deemed to be references to the corresponding Federal Rules of Bankruptcy Procedure and vice-versa.

DOCS_DE:215919.1 91100/001

3. Mediation shall be completed on or before January 19, 2018, or such other date as the parties may agree (the "Mediation Date").

4. The parties may submit a list of questions at any time within one week after the date of entry of this Order. Grace and Norfolk Southern shall meet and confer and attempt to agree on the production by the parties of other information reasonably available and useful for the conduct of the mediation (the "Informal Discovery").

5. It is understood between the parties that the Informal Discovery is intended to be an aid in the mediation process and should be proportionate to achieving an effective mediation.

*Fact Discovery*

6. Document Production. Document Production shall be substantially complete by February 24, 2018; however this deadline shall not preclude the parties from serving timely discovery requests after such deadline.

7. Fact Discovery Closes. All fact discovery in this case, including but not limited to document production, depositions and interrogatories, shall be initiated so that it will be completed on or before March 27, 2018.

   a. Requests for Admission. A maximum of 25 Requests for admission are permitted for each party.

8. Interrogatories.

   a. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall be judged by the level of detail each party provides, i.e., the more detail a party provides, the more detail a party shall receive.

   b. Interrogatories shall comply with Fed. R. Civ. P. 33 in all other respects.

9. Depositions.

   a. Limitation on Hours for Deposition of Fact Witnesses. Each party is limited to a total of 40 hours of taking testimony by deposition upon oral examination of fact witnesses

without prejudice to either party's right to seek additional time if needed. For avoidance of doubt, this limitation shall not apply to depositions of expert witnesses.

b. <u>Location of Depositions</u>. The parties and their representatives shall be deposed in the district where the witness resides or such other location agreed upon by the parties.

10. <u>Disclosure of Expert Testimony</u>.

   a. The party having the initial burden of proof, shall make its initial disclosure of experts (if any) any produce any expert reports on or before March 30, 2018.

   b. The party not having the initial burden of proof shall produce any expert report(s) in rebuttal and any other expert report no later April 27, 2018.

   c. The party having the initial burden of proof shall file any reply expert report on or before May 16, 2018.

   d. Parties shall complete depositions (if any) of experts no later than June 29, 2018.

11. <u>Discovery Disputes</u>. Del. Bankr. L. R. 9013-1(b) notwithstanding, please do not file discovery motions unless the Court requests briefing. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at **(302) 252-2913, extension 3,** to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a statement, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and/or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a statement, not to exceed three pages, outlining that party's reason for its opposition. Should the Court find itself unable to resolve the disputes in the telephone conference, the Court will order motion and briefing practice. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph. The Court will accept and encourages telephone calls

during depositions in an attempt to resolve disputes arising in the course of the deposition without delay or the need for extensive briefing.

*Post-Discovery, Pre-Trial Matters*

12. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before July 27, 2018. Briefing will be presented pursuant to Del. Bankr. L. R. 7007-1.

13. Motions *in Limine*.

    a. Five *in Limine* Requests. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of facts and argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.

    b. Deadline for *in Limine* Requests. Each party shall file its *in limine* requests (if any) no later than August 22, 2018.

14. No Pre-Trial Briefs. Unless the Court requests otherwise, there shall be no pre-trial briefs.

*Status Reports*

15. On or before January 26, 2018, counsel shall file with the Court a joint interim report on the nature of the matters in issue and the progress of discovery to date.

16. On or before July 9, 2018, counsel shall file with the Court a joint interim report on the nature of the matters in issue and the progress of discovery to date.

17. If the Court deems it necessary, it will schedule a status conference as to any interim report.

*Trial*

18. Pretrial Conference. On October 24, 2018, the Court will hold a Final Pretrial Conference in ~~Chambers~~ [in the Courtroom] with counsel beginning at 10:00 a.m.

19. <u>Pre-Trial Order</u>.

   a. <u>Bankruptcy Rule 7026(a)(3)</u>. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Bankruptcy Rule 7026(a)(3).

   b. <u>Deadline to File Pre-Trial Order</u>. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order on or before November 2, 2018.

20. <u>Trial</u>. This matter is scheduled for trial beginning at 9:30 a.m. ET on November 27, 2018.

21. <u>Post-Trial Briefs</u>. Unless the Court requests otherwise, the parties shall file post-trial briefs 30 days after trial concludes. Each party shall submit proposed findings of fact as an exhibit to its brief. There shall be no response or reply briefs.

**Other Matters**

22. The parties may extend deadlines in this Order or otherwise modify this order by agreement in writing provided, however, that the parties may not change any Court date without consent of the Court upon further Order.

Dated: November 2, 2017

_____
Honorable Kevin Gross
United States Bankruptcy Judge