IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KG) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) Appeal No.: 17-cv-1588-LPS |
| | ) |
| | Re: Docket nos. 32970, 32980 |

**THE REORGANIZED DEBTORS' COUNTER-DESIGNATION OF THE RECORD ON APPEAL AND COUNTER-STATEMENT OF ISSUES**

Pursuant to Fed. R. Bankr. P. 8009(a)(3) and Del. Bankr. L. R. 8009-1, the above-captioned reorganized debtors (as the case may be, the "Reorganized Debtors" or "Appellees") hereby submit their counter-designation of items to be included in the record on appeal and their counter-statement of the issues on appeal:[2]

### COUNTER-STATEMENT OF ISSUES ON APPEAL

Pursuant to Fed. R. Bankr. Proc. 8009(a)(3), Appellees, by and through their counsel, hereby submits the following counter-statement of issues for the appeal:

1. Whether post-petition interest on the claim filed by Appellant (also referred to herein as the "IRS") for an unpaid prepetition 1998 tax deficiency and accrued prepetition interest thereon (the IRS's "Claim") should have accrued at the Plan rate of interest for Allowed Priority Tax Claims of 4.19%, as determined by the Court below and as asserted by the Appellees, or at a higher rate of interest provided by the Internal Revenue Code, as

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Reorganized Debtors' *Motion for Entry of an Order Enforcing Plan and Confirmation Order Against Internal Revenue Service* [Docket no. 32854] (the "Motion") or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (the "Plan").

asserted by Appellant. Determination of this issue turns on the following three sub-issues, as set forth below.

a. Whether the IRS's Claim also included unmatured (as of the Petition Date) interest within the meaning of the Plan's definition of "Claim" and the definition set forth in Bankruptcy Code section 101(5);

b. Whether the September 12, 2014 payment by the IRS of a refund in the amount of $2,027,545 and the subsequent agreement between the IRS and the Reorganized Debtors to resolve the IRS's Claim by having the Reorganized Debtors withdraw their objection without prejudice and the IRS withdraw its claims with the understanding that the applicable rate of post-petition interest was still in dispute constituted a compromise and settlement between the Reorganized Debtors and the IRS pursuant to Plan Art. 5.1, such that the IRS had an Allowed Priority Tax Claim for $6,721,065 as of the Petition Date, comprising $5,852,658 of tax arising as of March 15, 1999, for tax year 1998, and $868,407 of interest accrued from March 15, 1999, through the Petition Date; and

c. Whether, in view of (i) the presumption set forth in Bankruptcy Code section 502(b)(2) that bankruptcy claims for unmatured interest are disallowable, and (ii) the Plan's provisions to pay interest on Allowed Claims, the Plan is the sole basis for the payment of post-petition interest on the IRS's Allowed Priority Tax Claim of $6,721,065.

**COUNTER-DESIGNATION OF ADDITIONAL ITEMS FOR THE RECORD ON APPEAL**

Appellees hereby submit the following list of additional items to be included in the record on appeal. This list supplements the Appellant's Designation of Record on Appeal and Statement of Issues, filed on November 16, 2017 [Docket no. 32980].

| **Appellee's Counter-Designation of Additional Items for the Record** | | | |
|---|---|---|---|
| No. | Date | Bankruptcy Court Docket No. | Description |
| 1. | 3/19/14 | 31880 | *Final Decree (A) Closing Certain of The Chapter 11 Cases, (B) Removing Certain of The Chapter 11 Cases From The Joint Administration Order, and (C) Waiving the Requirement That the Reorganized Debtors File a Final Report For the Merged Subsidiaries* |
| 2. | 10/14/14 | 32429-1 | *Final Decree: (A) Closing Certain of the Chapter 11 Cases; (B) Removing Such Cases From the Joint Administration Order; and (C) Waiving The Requirement to File a Final Report For Such Cases* |

| | **Appellee's Counter-Designation of Additional Items for the Record** | | |
|---|---|---|---|
| No. | Date | Bankruptcy Court Docket No. | Description |
| 3. | 2/13/14 | 31732 | *Notice of Occurrence of the Effective Date of the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* |
| 4. | 3/27/09 | 21923 | *Declaration of Service* |

**[remainder of this page is intentionally left blank]**

Dated: November 30, 2017

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
Telephone: (312) 666-0431

and

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley, P.C.
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Appellee-Reorganized Debtors

DOCS_DE:216615.1 91100/001