## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KG) |
| | ) |
| Reorganized Debtors. | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO.-CONN., | ) Case No. 01-01140 (KG) |
| | ) |
| Reorganized Debtors. | ) Hearing Date: March 28, 2018, at 3:00 p.m. |
| | ) Objection Deadline: March 20, 2018, at 4:00 p.m. |

**MOTION FOR A FINAL DECREE: (A) CLOSING THE GRACE-CONN. CHAPTER 11 CASE; (B) REMOVING THE GRACE-CONN. CASE FROM THE JOINT ADMINISTRATION ORDER; AND (C) WAIVING THE REQUIREMENT TO FILE A FINAL REPORT FOR THE GRACE-CONN. CASE**

The above-captioned reorganized debtors (the "Reorganized Debtors") request the Court enter a final decree (the "Final Decree") substantially in the form attached hereto as Exhibit A, closing the chapter 11 case of W. R. Grace & Co.-Conn. ("Grace-Conn."), Case No. 01-1140 (the "Grace-Conn. Chapter 11 Case"), which will leave the chapter 11 case of W. R. Grace & Co. ("Grace"), Case No. 01-1139 (the "Grace Chapter 11 Case"), as the Reorganized Debtors' sole remaining open case.[2]  As discussed below, closing the Grace-Conn. Chapter 11 Case will not affect the rights of any remaining creditors or parties-in-interest.

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket no. 26368] (the "Plan").

The Reorganized Debtors further request that the Final Decree remove the Grace-Conn. Chapter 11 Case from this Court's *Order Directing Joint Administration*, dated April 2, 2001 [Case no. 01-1139, Docket no. 8] (the "Joint Administration Order"), and waive the requirement in Del. Bankr. L. R. 3022-1(c) for a final report in that case.

In support of this Motion, the Reorganized Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.[3] This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion are sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 3022 and Del. Bankr. L. R. 3022-1.

## BACKGROUND

3. On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to the Joint Administration Order, the Chapter 11 Cases have been consolidated for administrative purposes only.

4. On January 31, 2011, the Court issued its *Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law* [Docket no. 26154] and *Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended*

---

[3] The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

*Joint Plan of Reorganization as Modified Through December 23, 2010* [Docket no. 26155]. On February 15, 2011, the Court issued its *Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010* [Docket no. 26289] (collectively with Docket Nos. 26154 and 26155, the "Confirmation Order").

5. On February 3, 2014, the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11. *Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732]. On March 19, 2014, the Court entered its *Final Decree (A) Closing Certain of The Chapter 11 Cases, (B) Removing Certain of The Chapter 11 Cases From The Joint Administration Order, and (C) Waiving the Requirement That the Reorganized Debtors File a Final Report For the Merged Subsidiaries* [Docket no. 31880], which closed the cases of 45 of the Reorganized Debtors (the "First Case Closing Order"). On October 14, 2014, the Court entered its *Final Decree: (A) Closing Certain of the Chapter 11 Cases; (B) Removing Such Cases From the Joint Administration Order; and (C) Waiving The Requirement to File a Final Report For Such Cases* [Docket no. 32429-1], closing a further 15 cases (the "Second Case Closing Order"). Grace and Grace-Conn. are the only remaining open cases.

## REMAINING OPEN MATTERS

6. There are currently five remaining unresolved non-asbestos claims in the chapter 11 cases. Each of those claims was filed against Grace. Pursuant to the Plan, all asbestos-related claims were channeled to the appropriate trust on the Effective Date. There are no unresolved

adversary proceedings, and all currently pending motions and claims objections can be administered through the Grace Chapter 11 Case.

### **RELIEF REQUESTED**

7. By this Motion, the Reorganized Debtors seek entry of a Final Decree, substantially in the form attached hereto as <u>Exhibit A</u>: (a) closing the Grace-Conn. Chapter 11 Case; (b) removing the Grace-Conn. Chapter 11 Case from the Joint Administration Order; and (c) waiving the requirement that the Reorganized Debtors file a final report for Grace-Conn.

### **ANALYSIS**

8. Bankruptcy Code section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Fed. R. Bankr. P. 3022, which implements Bankruptcy Code section 350, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Finally, Del. Bankr. P. 3022-1(a) provides that "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid." D. Del. Bankr. L.R. 3022-1(a).

9. The Advisory Committee Notes to Fed. Bankr. P. 3022 set forth the following non-exclusive factors to be considered in determining whether a case has been fully administered, including whether:

- The order confirming the plan has become final;
- Deposits required by the plan have been distributed;
- The property proposed by the plan to be transferred has been transferred;

- The debtor or its successor has assumed the business or the management of the property dealt with by the plan;

- Payments under the plan have commenced; and

- All motions, contested matters, and adversary proceedings have been finally resolved.

10. Courts have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, Case No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); *see also In re Omega Optical, Inc.*, 476 B.R. 157, 167 (Bankr. E.D. Pa. 2012).

11. Here, for the reasons set forth below—which are in the main the same reasons set forth in the motions requesting entry of the First Case Closing Order and Second Case Closing Order—the Grace-Conn. Chapter 11 Case has been fully administered within the meaning of Bankruptcy Code section 350, making it appropriate for the Court to enter the Final Decree closing the Grace-Conn. Chapter 11 Case.

- The Confirmation Order is final and non-appealable;

- The property proposed by the Plan to be transferred was transferred on the Effective Date; and

- The Reorganized Debtors have assumed the business and management of the property dealt with by the Plan.

In addition:

- There are no remaining open non-asbestos claims against Grace-Conn. Thus claimants will not be affected by closing the Grace-Conn. Chapter 11 Case; and

- All pending motions and claims objections may be administered in the Grace Chapter 11 Case without affecting the interests of the relevant creditors and other parties-in-interest.

Therefore, there is no benefit to the Court, the Reorganized Debtors, creditors, or other parties-in-interest in keeping the Grace-Conn. Chapter 11 Case open.

12. The Court should, for the same reasons, remove Grace-Conn. from the Joint Administration Order. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Removing the Grace-Conn. Chapter 11 Case from the Joint Administration Order will permit Grace to more expeditiously and efficiently administer the remainder of its Chapter 11 Case.

13. Furthermore, closing the Grace-Conn. Chapter 11 Case and removing Grace-Conn. from the Joint Administration Order will relieve the Court, the U.S. Trustee, and the Reorganized Debtors from the burden of continuing to monitor and administer that case. Granting the relief sought herein will also spare the Reorganized Debtors from incurring unnecessary expenses, including further quarterly fees under 28 U.S.C. § 1930, in connection with Grace-Conn.

14. Finally, the Reorganized Debtors request the Court waive the Del. Bankr. L. R. 3022-1(c) requirement for a final report. All remaining open, unresolved claims are against Grace. In addition, Grace will continue to administer and account for all assets and liabilities pursuant to the Plan, and will file a final report in connection with a request to close its Chapter 11 Case. Consequently, filing a final report for Grace-Conn. would not be helpful to the U.S. Trustee, creditors, or other parties-in-interest.

15. The Court granted the same relief to the Reorganized Debtors in closing the sixty other Grace subsidiary chapter 11 cases in March and October 2014, respectively, for many of the same reasons. *See* First Case Closing Order [Docket no. 31880]; Second Case Closing Order [Docket no. 32429-1]. This Court and other Courts in this district have also granted similar relief in other complex chapter 11 cases. *See, e.g. In re Advanta Corp.*, Case No. 09-13931 (KJC)

(Bankr. D. Del. Dec. 30, 2013) [Docket no. 1599] (closing the cases of certain debtors and granting a waiver of reporting requirements); *see also In re Jackson Hewitt Tax Service, Inc.*, Case No. 11-11587 (MFW) (Bankr. D. Del. February 5, 2013) [Docket no. 757] (closing the cases of certain debtors); *In re Visteon Corp.*, Case No. 09-11786 (CSS) (Bankr. D. Del. Nov. 20, 2012) [Docket no. 5720] (same).

## NO PREVIOUS MOTION

16.     No previous motion for the relief sought herein has been made to this or any other court.

## NOTICE

17.     Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; and (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002. To comply with Local Rule 3022-1(b), notice of this Motion has also been given to: (x) the Reorganized Debtors and (y) counsel for the official committees appointed in the Chapter 11 Cases. In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtors request the Court enter the Final Decree in substantially the form attached hereto as <u>Exhibit A</u>: (a) closing the Grace-Conn. Chapter 11 Case; (b) removing the Grace-Conn. Chapter 11 Case from the Joint Administration Order, and (c) waiving the requirement that the Reorganized Debtors file a final report for Grace-Conn.

Dated: March 6, 2018

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
Telephone: (312) 666-0431

and

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley, P.C.
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Reorganized Debtors