## EXHIBIT A

**Form of Final Decree**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KG) |
| | ) | |
| Reorganized Debtors. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO.-CONN., | ) | Case No. 01-01150 (KG) |
| | ) | |
| Reorganized Debtors | ) | |
| | ) | **Re: Docket No.____** |

**FINAL DECREE: (A) CLOSING THE GRACE-CONN. CHAPTER 11 CASE; (B) REMOVING THE GRACE-CONN. CASE FROM THE JOINT ADMINISTRATION ORDER; AND (C) WAIVING THE REQUIREMENT TO FILE A FINAL REPORT FOR THE GRACE-CONN. CASE**

Upon consideration of the *Motion for a Final Decree: (a) Closing the Grace-Conn. Chapter 11 Case; (b) Removing the Grace-Conn. Case from the Joint Administration Order; and (C) Waiving the Requirement to File a Final Report for the Grace-Conn. Case* (the "Motion"), it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, their creditors and other parties-in-interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1. The Motion is granted in its entirety.

2. The Grace-Conn. Chapter 11 Case is hereby closed effective as of the date of entry of this Final Decree.

3. Entry of this Final Decree is without prejudice to the rights of W. R. Grace & Co. ("Grace") or any other party-in-interest to seek to reopen the Grace-Conn. Chapter 11 Case.

4. The Grace-Conn. Chapter 11 Case is hereby removed from the Joint Administration Order.

5. The Grace Chapter 11 Case shall remain open and subject to the terms of the Joint Administration Order.

6. The requirement that Grace-Conn. file a final report pursuant to Local Rule 3022-1(c) is hereby waived. No later than April 30, 2018, Grace shall file a post-confirmation report for the Reorganized Debtors, including Grace-Conn. The information included in such post-confirmation report shall be current as of March 31, 2018.

7. To the extent not already paid, the fees required to be paid to the U.S. Trustee by Grace-Conn. pursuant to 28 U.S.C. § 1930(a)(6) shall be paid by Grace and Grace-Conn. no later than April 30, 2018.

8. The Clerk of the Court shall enter this Final Decree on the Grace-Conn. Chapter 11 Case docket, which shall thereafter be marked as "Closed."

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

9.  Grace and BMC Group, Inc., as notice and claims agent, are authorized to take all actions that may be necessary to undertake the relief granted in this Final Decree.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the Local Rules are satisfied by such notice.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Final Decree and shall retain jurisdiction over the Grace-Conn. Chapter 11 Case pursuant to Plan Art. 10.

12. Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, or 9014 of or otherwise, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

Dated: _____, 2018

_____
Honorable Kevin Gross
United States Bankruptcy Judge