UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) |
|  | ) |
|  | ) CHAPTER 11 |
| W.R. GRACE & CO., *et al.*, | ) CASE NO. 01-01139 (KG) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) |
|  | ) RE: D.I. 32999, 33032 |

**MOTION TO SHORTEN NOTICE AND FOR EXPEDITED CONSIDERATION OF THE AGREED MOTION TO EXTEND MARYLAND CASUALTY COMPANY'S TIME TO FILE REPLY PAPERS WITH RESPECT TO ITS MOTION TO ENFORCE THE PERMANENT CHANNELING INJUNCTION AND FOR SANCTIONS**

COMES NOW Rose Roberts and files this *Motion for Expedited Consideration of the Agreed Motion to Extend Maryland Casualty Company's Time to File Reply Papers with Respect to its Motion to Enforce the Permanent Channeling Injunction and for Sanctions*, (the "Motion for Expedited Consideration") respectfully representing as follows:

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9006 of the Federal

9155542v1

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

4. On January 29, 2018, Maryland Casualty Company ("MCC") filed its *Motion to Enforce the Permanent Channeling Injunction and for Sanctions* (the "Motion to Enforce") (D.I. 32999).

5. At Ms. Roberts' request, MCC agreed to extend the deadline for the filing of Ms. Roberts' response to the Motion to Enforce until April 17, 2018, conditioned upon Ms. Roberts obtaining an Order from this Court extending the time for the filing of MCC's Reply to the Motion to April 23, 2018.

6. A hearing on the Motion is scheduled to be heard on April 25, 2018 at 10:00 a.m., and Ms. Rose and MCC agree that the hearing should go forward as scheduled.

7. Pursuant to Fed. R. Bankr. P. 9006(d), MCC would be required to file a reply to Ms. Roberts' response "so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." The hearing agenda (the "Agenda") is due April 23, 2018. The day prior to the deadline for filing the agenda is April 20, 2018 (the "Reply Deadline").

8. Based on the foregoing and upon the interest of fairness, Ms. Roberts respectfully requests that the relief sought herein and the attached proposed form of order be granted.

9. Concurrently herewith, Ms. Rose has have filed her Agreed *Motion to Extend Maryland Casualty Company's Time to File Reply Papers with Respect to its Motion to Enforce the Permanent Channeling Injunction and for Sanctions* (the "Motion to Extend").

.

## RELIEF REQUESTED

10. By this Motion for Expedited Consideration, the Ms. Rose seeks the entry of an order shortening notice of a hearing on the Motion to Extend, with any objections to same to be filed no later than April 19, 2018 and to be heard at the hearing scheduled for April 25, 2018.

## BASIS FOR RELIEF REQUESTED

11. Local Rule 9006-1(c)(i) requires that all motion papers be filed and served at least eighteen days prior to a proposed hearing, with an additional three days if service is by mail and nineteen days if service is by overnight delivery. Local Rule 9006-1(c)(ii) further provides that objections, if any, to such a motion are to be received at least seven days prior to the proposed hearing date.

12. Local Rule 9006-1(e), however, provides that a motion may be heard on less notice than as otherwise required if authorized "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

13. Movant submits that, for the reasons set forth herein and in the Motion to Extend, shortened noticed is justified under the circumstances.

14. Based on the foregoing and upon the interest of fairness, the Movant respectfully requests that the relief sought herein and the attached proposed form of order be granted.

Dated: April 17, 2018

          Respectfully submitted,

          /s/ Michael Busenkell
          Michael Busenkell, Esq. (DE 3933)
          Amy D. Brown (DE 4077)
          GELLERT SCALI BUSENKELL & BROWN LLC
          1201 North Orange Street, Suite 301
          Wilmington, Delaware 19801
          Telephone:   (302) 425-5800
          Facsimile:    (302) 425-5814

                and

          Daniel C. Cohn, Esq.
          Ryan M. MacDonald, Esq.
          Taruna Garg, Esq.
          MURTHA CULLINA LLP
          99 High Street
          Boston, MA 02110
          Telephone:   (617) 457-4000
          Facsimile:    (617) 482-3868


          Attorneys for Movant

9155542v1