IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (KG) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| MARYLAND CASUALTY COMPANY, | ) | |
| n/k/a ZURICH AMERICAN | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Movant | ) | |
| v. | ) | |
| | ) | |
| ROSE ROBERTS, | ) | |
| PERSONAL REPRESENTATIVE OF | ) | |
| THE ESTATE OF JAMES W. ROBERTS, | ) | |
| DECEASED | ) | |
| | ) | |
| Cross-Movant | ) | Re: D.I. No. 32999, 33021 |

## ORDER

Maryland Casualty Company ("MCC"), W.R. Grace's ("Grace") primary general liability insurer and workers' compensation carrier from 1962 to 1973, as well as excess liability carrier from 1969 to 1975, has moved (the "Motion") for the Court (i) to enforce the Asbestos PI Channeling Injunction (the "Injunction") (*see* Plan §§ 1.1, ¶ 43; 7.2) to enjoin the defendant,[1] Rose Roberts ("Roberts"), Personal Representative of the Estate of James W. Roberts, deceased, from pursuing an action in Montana State Court,[2] and (ii) to hold Roberts' counsel, who are also counsel to myriad other claimants in both state and

---

[1] MCC also seeks the Court's relief in an effort to preclude similarly situated plaintiffs and actions. *See* Motion ¶ 10.

[2] The movant here is the plaintiff in the Montana State Court action.

federal proceedings, in civil contempt and to impose "appropriate sanctions" for their "willful[]" violation of the Injunction. Motion ¶¶ 47-53; D.I. 32999. Roberts filed a brief in opposition and cross-moved (the "Cross-Motion") for the Court to stay and/or dismiss the Motion without prejudice. D.I. 33021. The Court heard argument on April 30, 2018.[3] D.I. 33037. Since the argument, the Court has been working on a decision on the Motion and Cross-Motion.

The core of the Motion and Cross-Motion concern the scope of 11 U.S.C. § 524(g). More specifically, they encompass to what extent the Injunction bars state law claims asserted against MCC (i.e., a third-party)—arising from MCC's *own* misconduct.[4] This is a matter of first impression for the Third Circuit. Thus, the Court will deny ruling on the Motion and Cross-Motion pending the Third Circuit Court of Appeals' decision in *Continental Cas. v. Carr (In re W.R. Grace & Co.)*, 2016 WL 6068092 (Bankr. D. Del. Oct. 17, 2016), No. 17-1208 (3d Cir.), a case involving a different Grace insurer and its alleged personal misconduct. The issues raised and argued on March 6, 2018, before the Third

---

[3] "[C]ontemporaneously [there]with, two Montanans with claims against MCC [] filed a declaratory judgment action to provide a procedurally appropriate means for th[e] Court to address the core issues[.]" Cross-Motion at p. 2; D.I. 33020.

[4] In other words, what is the correct interpretation of Sections 524(g)(4)(A)(ii) and (4)(A)(ii)(III):

> (ii) Notwithstanding the provisions of section 524(e), such an injunction may bar any action directed against a third party who is identifiable from the terms of such injunction (by name or as part of an identifiable group) and is *alleged to be directly or indirectly liable* for the conduct of, claims against, or demands on the debtor to the extent such alleged liability of such third party arises by reason of—
> * * *
> (III) the third party's *provision of insurance* to the debtor or a related party[.]

(emphasis added).

Circuit Court of Appeals are largely the same issues pending before the Court, namely the scope of Section 524(g) and the right to pursue state law tort claims against third-party's for their own misconduct.

The Court is aware of the time constraints involved in the instant matter, particularly the fact that the Asbestos Claims Court, established by the Montana Supreme Court in 2017, intends to consolidate some 540 asbestos related personal injury cases "into a single case for pre-trial purposes . . . . [with] the first 'priority' case or flight of cases going to trial in September of 2018." Motion ¶¶ 34-35. Nonetheless, the Court will not wade in the waters of possible reversible error, and will await the decision of the Third Circuit Court of Appeals.

For the reasons stated above, IT IS ORDERED that the Court will withhold ruling on the Motion and Cross-Motion pending the Third Circuit Court of Appeals' issuance of an opinion in *Continental Cas. v. Carr (In re W.R. Grace & Co.)*, 2016 WL 6068092 (Bankr. D. Del. Oct. 17, 2016), No. 17-1208 (3d Cir.).

Dated: June 8, 2018

_____
KEVIN GROSS, U.S.B.J.