# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> W.R. GRACE & CO., et al., ) <br> ) <br> Reorganized Debtors. ) <br> ) <br> ──────────────────────── ) <br> Continental Casualty Company, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Jeremy B. Carr, et al., ) <br> ) <br> Defendants. ) <br> ) | Bankruptcy Case No. 01-01139 (KG) <br><br><br><br><br><br><br><br> Adv. Pro No. 15-50766 (KJC) |

## STATUS REPORT

Continental Casualty Company and Transportation Insurance Company (collectively, "CNA"), hereby provide this status report in advance of the status conference scheduled by this Court for October 15, 2018.

1. This adversary action (the "CNA Adversary Action") returns to this Court on remand from the Third Circuit. On October 17, 2016, this Court granted CNA's motion for summary judgment in its adversary action, concluding that the personal injury lawsuits brought by Jeremy B. Carr et al. (the "Montana Plaintiffs") against CNA in Montana state court (the "Montana claims") fall within the scope of, and are barred by, the Asbestos PI Channeling Injunction established in the Debtors' confirmed plan of reorganization. The Montana Plaintiffs filed a notice of appeal, and the Third Circuit accepted direct review under 28 U.S.C. § 158(d)(2)(B).

{BAY:03373451v1}

2. On August 14, 2018, the Third Circuit issued a decision affirming in part and vacating in part this Court's judgment in the CNA Adversary Action. The Third Circuit affirmed this Court's determination that the Montana Claims fit within the scope of the Asbestos PI Channeling Injunction by its terms, subject to a determination of whether the Montana Claims are of a type that may be enjoined under 11 U.S.C. § 524(g)(4). The Third Circuit remanded for the Court to consider two issues concerning whether the Montana Claims are subject to a channeling injunction under 11 U.S.C. § 524(g)(4). Those issues are (1) whether CNA's alleged tort liability to the Montana Plaintiffs "is wholly separate" from debtor's (*i.e.*, W.R. Grace's) liability or instead depends on it, and (2) whether CNA's provision of insurance is a "legally relevant factor" to CNA's alleged liability for the Montana Plaintiffs' alleged injuries. *In re W.R. Grace & Co.*, 900 F.3d 126, 137-39 (3d Cir. 2018).

3. On September 5, 2018, the Third Circuit issued its mandate in the appeal, restoring jurisdiction in the CNA Adversary Action to the Bankruptcy Court.

4. On September 14, 2018, the CNA Adversary Action was reassigned to Your Honor from Judge Kevin Gross, along with two other related actions. Before the actions were reassigned, counsel for the Montana Plaintiffs submitted a five-page letter to Judge Gross. In the letter, counsel for the Montana Plaintiffs proposed a briefing schedule to address disputed issues between the Montana Plaintiffs and Maryland Casualty Company ("MCC"). The Montana Plaintiffs have submitted their letter to this Court as an attachment to the status report in *Barbara Hunt et al. v. Maryland Casualty Co.*, Adv. Pro. No. 18-50402. CNA did not appear before Judge Gross, and thus did not have an opportunity to submit a similar letter. CNA has prepared its own short (3-page) letter, which it is submitting with this status report.

5. In advance of the October 15 status conference, the parties to the CNA Adversary Action and the Hunt Adversary Action have conferred and now propose the following briefing schedule (subject to any stipulations for extensions of time):

- CNA and MCC will file and serve opening memoranda addressing the two questions raised by the Third Circuit's remand decision on or before December 7, 2018.

- The Montana Plaintiffs will file and serve an opposition memorandum on or before January 21, 2019. At that time, the Montana Plaintiffs may also move for certification of one or more issues to the Montana Supreme Court.

- CNA and MCC will file and serve reply memoranda on the remand issues and opposition memoranda as to any motion for certification by the Montana Plaintiffs within thirty (30) days after electronic service of the Montana Plaintiffs' opposition memorandum and/or motion for certification.

- The Montana Plaintiffs will file and serve a reply memorandum relating only to the motion for certification within thirty (30) days after electronic service of the CNA/MCC memoranda opposing certification.

A proposed order setting forth this briefing schedule is attached as Exhibit A to this status report.

Respectfully submitted,

/s/   Scott D. Cousins

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.
Elizabeth DeCristofaro (*pro hac vice*)
Wall Street Plaza, 23rd Floor
New York, New York 10005-1875
Telephone: (212) 269-4900
Facsimile: (212) 344-4294
emdecristofaro@FMEW.com

BAYARD, P.A.
Scott D. Cousins (No. 3079)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
Telephone: (302) 429-4261
Facsimile: (302) 658-6395
scousins@bayardlaw.com

GOODWIN PROCTER LLP
Michael S. Giannotto (*pro hac vice*)
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
mgiannotto@goodwinlaw.com

October 11, 2018