

600 N. King Street • Suite 400
P.O. Box 25130 • Wilmington, DE 19899
Zip Code For Deliveries 19801

Writer's Direct Access:
(302) 429-4261
Email: scousins@bayardlaw.com

October 11, 2018

The Honorable Kevin J. Carey
U.S. Bankruptcy Court
District of Delaware
824 North Market Street
5th Floor
Wilmington, DE  19801

    Re:    *In re: W.R. Grace & Co. et al.*, No. 01-1139
            *Continental Casualty Co. et al. v. Jeremy B. Carr, et al.*, Adv. Pro. No. 15-50766
            *Barbara Hunt et al. v. Maryland Casualty Co.*, Adv. Pro. No. 18-50402

Dear Judge Carey:

        We represent Continental Casualty Company ("CNA") in the *Continental v. Carr* adversary action arising out of the Grace bankruptcy, Adv. No. 15-50766 (the "CNA Adversary Action"). We submit this letter in advance of the status conference scheduled for October 15, 2018, in order to provide more background and elaborate on the items addressed in the status report submitted to the Court. The October 15 conference is to include counsel for the parties in the CNA Adversary Action, as well as counsel for the parties in the *Hunt v. Maryland Casualty Co.* adversary action, Adv. Pro. No. 18-50402 (the "Hunt Adversary Action") and the *Maryland Casualty Co. v. Roberts* action (the "Roberts Action"), a contested matter arising in the Chapter 11 case, No. 01-1139.

        On September 14, 2018, the CNA Adversary Action, the Hunt Adversary Action, and the Roberts Action were reassigned to Your Honor from Judge Gross, following the Third Circuit's decision in *In re W.R. Grace & Co.*, 900 F.3d 126 (3d Cir. 2018). The Third Circuit's decision identified two issues for this Court to resolve on remand in the CNA Adversary Action. Both issues concern the permissible scope of a third-party channeling injunction entered under 11 U.S.C. § 524(g)(4). Those issues are (1) whether CNA's alleged liability for allegedly failing to protect the Montana Plaintiffs from exposure to W.R. Grace's asbestos "is wholly separate" from debtor's (*i.e.*, W.R. Grace's) liability or instead depends on it, and (2) whether CNA's provision of insurance is a "legally relevant factor" to CNA's alleged liability for the Montana Plaintiffs' alleged injuries. 900 F.3d at 137-39. These issues may also be relevant to the *Hunt* and *Roberts* actions.

The Honorable Kevin J. Carey
October 11, 2018
Page 2

CNA respectfully submits that the Court should now order full briefing on these two legal issues. After conferring with counsel for MCC and the Montana Plaintiffs, the parties in the CNA Adversary Action now jointly propose the following briefing schedule for the section 524(g)(4) issues:

- CNA and MCC will serve opening memoranda addressing the two questions raised by the Third Circuit's remand decision on or before December 7, 2018.

- The Montana Plaintiffs will file an opposition memorandum on or before January 21, 2019. At that time, the Montana Plaintiffs may also move for certification of one or more issues to the Montana Supreme Court.

- CNA and MCC will file reply memoranda on the remand issues and opposition memoranda with respect to any motion for certification by the Montana Plaintiffs within thirty (30) days after electronic service of the Montana Plaintiffs' opposition memorandum and/or motion for certification.

- The Montana Plaintiffs will file a reply memorandum relating only to the motion for certification within thirty (30) days after electronic service of the CNA/MCC memoranda opposing certification.

In a five-page memorandum to Judge Gross, the Montana Plaintiffs initially proposed a trifurcated procedure for briefing the section 524(g) issues, with the parties first briefing the question of which state's law governs the Montana Plaintiffs' tort claims, followed by briefing on whether there should be certification to the Montana Supreme Court to define the elements of their cause of action, followed by briefing on the merits of the remanded issues. The Montana Plaintiffs have now agreed to the more streamlined briefing proposal set forth above. Among other things, this agreed-upon proposal eliminates a preliminary round of briefing on choice-of-law separate from briefing of the substantive remanded issues. CNA does not anticipate that the issues to be briefed will raise any disagreement among the parties on choice of law, but, to the extent that disagreement does arise, it should be identified and addressed in the context of a concrete dispute involving an identified substantive issue. That is the customary way to address choice of law issues.

CNA also respectfully submits that briefing of certification to the Montana Supreme Court before briefing of the remanded issues on the merits—as the Montana Plaintiffs initially proposed—would be inappropriate. As this Court has recognized, because the certification process consumes considerable "time and judicial resources," it should be the exception rather than the rule. *In re Touch America Holdings, Inc.*, 401 B.R. 107, 119-20 (Bankr. D. Del. 2009) (denying a motion to certify issues to the Montana Supreme Court). Moreover, the question whether to certify issues of state law is inevitably bound up in the substance of the state-law claims, as the Court must consider, among other things, whether existing legal authorities already "provide sufficient guidance" on the issues presented. *Id.* at 119. As with choice of law, it would make no sense to address the certification issues preliminarily, separately, and out of

The Honorable Kevin J. Carey
October 11, 2018
Page 3

context from the section 524(g) issues.  We note in this regard that Montana Plaintiffs have repeatedly argued over the course of the past two decades of litigation that their state law causes of action are well-defined and supported under established Montana law case law and other authorities.[1]

      In short, we respectfully submit that the parties' joint proposed schedule set forth above is a judicially appropriate way for this Court to address and resolve the Third Circuit's directive on remand.  We look forward to discussing these matters with the Court in the conference on October 15.

      Respectfully submitted,

      */s/ Scott D. Cousins*

      Scott D. Cousins

cc:    Daniel C. Cohn
       Michael S. Giannotto
       Elizabeth M. DeCristofaro
       Edward J. Longosz
       Jeffrey C. Wisler

---

[1] The Montana Plaintiffs have made clear to this Court and the Third Circuit that their liability theories are "based on established law," and in particular on "Montana caselaw" applying the "Restatement (Second) of Torts."  CA3 Opening Br. 4 & n.13, *In re Grace & Co.*, No. 17-1208; *see also*; *Continental Casualty Co. et al. v. Carr et al.*, Adv. Pro. No. 15-50766,  D.I. 9 at 36 & nn. 73-74 ("[T]he claims have a sound basis under the Restatement of Torts and Montana caselaw."); *id.* D.I. 18 at 13 ("As the Montana Plaintiffs explained in the Opening Brief, their claims against CNA arise under Section 324A of the Restatement (Second) of Torts and Montana caselaw applying the principles of Section 324A[.]").

{BAY:03373367v1}