## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (AMC) |
| | ) (Jointly Administered) |
| Reorganized Debtor. | ) |
| | ) **Hearing Date:** November 14, 2019, at 2:00 p.m. |
| | ) **Objection Deadline:** November 4, 2019, at 4:00 p.m. |

## REORGANIZED DEBTOR'S EIGHTH MOTION FOR AN ORDER EXTENDING THE CHAPTER 11 PLAN DEADLINE BY WHICH THE REORGANIZED DEBTOR MAY OBJECT TO CLAIMS

The above-captioned reorganized debtor (the "Reorganized Debtor") files this motion (the "Motion") for an order substantially in the form attached hereto as Exhibit A (the "Order"), extending until November 30, 2020, the deadline by which the Reorganized Debtor may file objections to open, unresolved, non-asbestos Plan Claims (the "Claims Objection Deadline").[2]

Plan Art. 5.1 set the Claims Objection Deadline as the 180th day after the Plan's Effective Date. The Plan also gave the then-Reorganized Debtors leave to seek one or more extensions upon proper notice to holders of open Plan Claims (other than Asbestos PI Claims, Asbestos PD Claims and CDN ZAI PD Claims). The Effective Date was February 3, 2014, which set August 2, 2014, as the original Claims Objection Deadline. Since then, this Court has entered seven orders extending the claims objection deadline, most recently through November 27, 2019.

---

[1]    W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining Reorganized Debtor, and Case no. 01-1139 is the sole remaining open chapter 11 case. As of the Effective Date, there were 62 reorganized debtors (the "Reorganized Debtors") with jointly administered chapter 11 cases. Since then, 61 of those cases have been closed, leaving only the Grace chapter 11 case. This Motion refers to the "Reorganized Debtor" and "Reorganized Debtors" as temporally appropriate.

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

As discussed in this Motion, the Reorganized Debtor believes that extending the Claims Objection Deadline through November 30, 2020, will aid them in resolving the four remaining non-asbestos prepetition Plan Claims in a timely manner.

In support of this Motion, the Reorganized Debtor respectfully states as follows:

### JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to Plan Art. X and 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.[3]  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Motion are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 9006 and Del. Bankr. L. R. 9006-2.

### BACKGROUND

3.      Plan Art. 5.1 provides in relevant part:

> Unless otherwise provided herein or ordered by the Bankruptcy Court, all objections by the Reorganized Debtors to Plan Claims (other than Asbestos PI Claims, Asbestos PD Claims, and CDN ZAI PD Claims, all of which have no objection deadline) shall be served and Filed no later than 180 days after the Effective Date, subject to any extensions granted pursuant to a further order of the Bankruptcy Court. Such further order may be obtained by the Reorganized Debtors upon notice to all Holders of Plan Claims (other than Asbestos PI Claims, Asbestos PD Claims, and CDN ZAI PD Claims) that are still pending allowance and are not subject to a pending objection.

---

[3]    The Reorganized Debtor confirms its consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      The Reorganized Debtors' February 3, 2014 emergence set August 2, 2014, the

180th day after the Effective Date, as the Claims Objection Deadline.[4]  On July 14, 2014, the Court

entered its *Order Extending Plan Claims Objection Deadline Through January 30, 2015* [Docket

no. 32291], granting the relief requested in the *Reorganized Debtors' Motion for an Order

Extending the Chapter 11 Plan Deadline by Which the Reorganized Debtors May Object to Claims*

[Docket no. 32250] (the "First Extension Motion").  On January 12, 2015, the Court entered its

*Order Extending Plan Claims Objection Deadline Through July 31, 2015* [Docket no. 32487].  On

July 10, 2015, the Court entered its *Order Extending Plan Claims Objection Deadline Through

July 31, 2016* [Docket no. 32582].  On July 15, 2016, the Court entered its *Order Extending Plan

Claims Objection Deadline Through July 31, 2017* [Docket no. 32730].  On August 2, 2017, the

Court entered its *Order Extending Plan Claims Objection Deadline Through November 30, 2017*

[Docket no. 32909].  On November 20, 2017, the Court entered its *Order Extending Plan Claims

Objection Deadline Through November 30, 2018* [Docket no. 32983].  On November 26, 2018,

the Court entered its *Order Extending Plan Claims Objection Deadline Through November 29,

2019* [Docket no. 33076].

### THE CLAIMS RECONCILIATION PROCESS

5.      As set forth in the First Extension Motion, out of approximately 10,255 non-

asbestos-related Plan Claims filed during the chapter 11 cases, the Reorganized Debtors had

resolved all but approximately 92 by June 1, 2014.  Since then, the Reorganized Debtors have

resolved all but four of those remaining Plan Claims.  In January 2015, the then-Reorganized

---

[4]    *See Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under
Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal
Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity
Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732].

Debtors objected to three of those four remaining Plan Claims, which arose from prepetition litigation in California state court. *Order Lifting Injunction in Prepetition Litigation Captioned, TIG Insurance Company V. Gary Smolker. et al.. Case no. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)* [Docket no. 32518], entered March 4, 2015. That litigation is currently on appeal in California state court. These three claims may become the subject of further objection once the California state court litigation has concluded.

6.      On June 7, 2019, the Reorganized Debtor objected to the fourth claim. *The Reorganized Debtor's Request for Partial Allowance and Partial Disallowance of the Claim by the Montana Dept. of Env. Quality ("MDEQ") for Environmental Remediation at Operable Unit 3 of the Libby Asbestos Superfund Site (Substantive Objection)* [Docket no. 33099]. The claimant is expected to file an amended proof of claim on or before November 27, 2019. *Stipulation and Agreed Order re Mediation of Contested Matter re Claim No. 18496-1* [Docket no. 33124], entered September 9, 2019. The Reorganized Debtor may file an objection to this amended proof of claim, and will need time to assess whether to do so. As the Court is aware, the claimant and the Reorganized Debtor are scheduled to participate in mediation in early 2020. *Id.*

7.      Extending the claims objection deadline to November 30, 2020, will enable the Reorganized Debtor to avoid having to precipitately file any further protective claims objections prior to the current November 29, 2019 deadline. The Reorganized Debtor submits that filing such protective claims objections would not be an efficient use of their, or the Court's, resources, nor would it shorten the time needed to bring this final, highly successful chapter 11 case to a close.

### RELIEF REQUESTED

8.      By this Motion, the Reorganized Debtor respectfully requests the Court enter the Order substantially in the form attached hereto as Exhibit A, extending the Claims Objection

Deadline from November 29, 2019, through November 30, 2020, without prejudice to the Reorganized Debtor requesting further extensions to the extent necessary.

**ANALYSIS**

9.      Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Furthermore, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

10.      Fed. R. Bankr. P. 9006(b)(1) provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

11.      As discussed above, the four remaining open Plan Claims present issues that are taking time to conclude as favorably for the Reorganized Debtor as possible. Each of the four claims may become subject to future objections prior to being fully resolved. Extending the claims objection deadline until November 30, 2020, will materially aid the Reorganized Debtor in resolving those claims. The Court should therefore grant the relief requested in this Motion.

**NO PREVIOUS MOTION**

12.      No previous motion for the relief sought herein has been made to this or any other court.

<u>NOTICE</u>

13.     Notice of this Motion has been given to:  (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) as required by Plan Art. 5.1.1, "all Holders of Plan Claims (other than Asbestos PI Claims, Asbestos PD Claims, and CDN ZAI PD Claims) that are still pending allowance and are not subject to a pending objection."  In light of the nature of the relief requested, the Reorganized Debtor submits that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtor requests the Court enter the Order, in substantially the form attached hereto as Exhibit A: (i) extending the Plan Claims Objection Deadline through November 30, 2020; and (ii) granting such other relief as may be appropriate.

Dated:  October 21, 2019

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
516 North Ogden Ave.
Suite 136
Chicago, IL 60642
Telephone: (312) 480-1984

and

PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Reorganized Debtors