# Exhibit A

# ZAI 7B TRUST UNDER WR GRACE ASBESTOS PD TRUST

## FINANCIAL STATEMENTS

## YEAR ENDED DECEMBER 31, 2019

**ZAI 7B TRUST UNDER WR GRACE ASBESTOS PD TRUST**

**TABLE OF CONTENTS**

**DECEMBER 31, 2019**


| | PAGE |
|---|---|
| INDEPENDENT AUDITOR'S REPORT | 1-2 |
| FINANCIAL STATEMENTS: | |
| Statement of Net Claimants' Equity | 3 |
| Statement of Changes in Net Claimants' Equity | 4 |
| Statement of Cash Flows | 5 |
| NOTES TO THE FINANCIAL STATEMENTS | 6-13 |
| SUPPLEMENTARY INFORMATION: | |
| Schedule of Operating Expenses | 14 |




## INDEPENDENT AUDITOR'S REPORT

Mr. Ed Cottingham, Trustee
ZAI 7B Trust under WR Grace Asbestos PD Trust
Mt. Pleasant, South Carolina

***Report on the Financial Statements***

We have audited the accompanying financial statements of ZAI 7B Trust Under WR Grace Asbestos PD Trust ("the Trust") which comprise the statement of net claimants' equity as of December 31, 2019 and the related statement of changes in net claimants' equity and cash flows for the year then ended, and the related notes to the financial statements.

***Management's Responsibility for the Financial Statements***

Management is responsible for the preparation and fair presentation of these financial statements in accordance with the Trust's basis of accounting; this includes the design, implementation, and maintenance of internal control relevant to the preparation and fair presentation of financial statements that are free from material misstatement, whether due to fraud or error.

***Auditors' Responsibility***

Our responsibility is to express an opinion on these financial statements based on our audit. We conducted our audit in accordance with auditing standards general accepted in the United States of America. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatements.

An audit involves performing procedures to obtain audit evidence about the amounts and disclosures in the financial statements. The procedures selected depend on the auditors' judgment, including the assessment of the risks of material misstatement of the financial statements, whether due to fraud or error. In making those risk assessments, the auditor considers internal control relevant to the entity's preparation and fair presentation of the financial statements in order to design audit procedures that are appropriate in the circumstances, but not for the purpose of expressing an opinion on the effectiveness of the entity's internal control. Accordingly, we express no such opinion. An audit also includes evaluating the appropriateness of accounting policies used and the reasonableness of significant accounting estimates made by management, as well as evaluating the overall presentation of the financial statements.

We believe that the audit evidence we have obtained is sufficient and appropriate to provide a basis for our audit opinion.



WEST COLUMBIA
3101 SUNSET BLVD. · WEST COLUMBIA, SC 29169
POST OFFICE BOX 2044 · WEST COLUMBIA, SC 29171
MAIN LINE: 803.794.3712 · MAIN FAX: 803.739.4394
WWW.BURKETTCPAS.COM

ROCK HILL
128 EAST MAIN STREET, SUITE 201
ROCK HILL, SC 29730
MAIN LINE: 803.325.1660 · FAX LINE: 803.325.1665
WWW.BURKETTCPAS.COM

***Opinion***

In our opinion, the financial statements referred to above present fairly, in all material respects, the financial position of the ZAI 7B Trust Under WR Grace Asbestos PD Trust as of December 31, 2019, and the results of its changes in net claimants' equity and its cash flows for the year then ended in accordance with the Trust's other basis of accounting.

***Emphasis-of-Matter***

As discussed in Note B to the financial statements, which describes the basis of accounting. The financial statements are prepared on the Trust's other basis of accounting, which is a basis of accounting other than accounting principles generally accepted in the United States of America. Our opinion is not modified with respect to this matter.

***Other Matter***

**Report on Supplementary Information**

Our audit was conducted for the purpose of forming an opinion on the special-purpose financial statements as a whole. The Schedule of Operating Expenses for the year ended December 31, 2019, is presented for purposes of additional analysis and is not required part of the special purpose financial statements. The information has been subjected to the auditing procedures applied in the audit of the financial statements and certain additional procedures, including comparing and reconciling such information directly to the underlying accounting and other records used to prepare the financial statements or to the financial statements themselves, and other additional procedures in accordance with auditing standards generally accepted in the United States of America. In our opinion, the information is fairly stated in all material respects in relation to the special-purpose financial statements as a whole.

Burkett Burkett & Burkett

BURKETT BURKETT & BURKETT
Certified Public Accountants, P.A.
West Columbia, South Carolina
March 26, 2020

**ZAI 7B TRUST UNDER WR GRACE ASBESTOS PD TRUST**

**STATEMENT OF NET CLAIMANTS' EQUITY**

**DECEMBER 31, 2019**

| | |
|---|---|
| **ASSETS** | |
| Cash and cash equivalents | $ 2,462,846 |
| Marketable securities | 22,534,125 |
| Total cash and cash equivalents and investments | 24,996,971 |
| Prepaid expenses | 13,518 |
| Other assets | 2,449 |
| Total assets | $ 25,012,938 |
| **LIABILITIES** | |
| Accounts payable | $ 52,993 |
| Accrued liabilities | 2,100 |
| Total liabilities | $ 55,093 |
| **NET CLAIMANTS' EQUITY** | $ 24,957,845 |



The accompanying notes to the financial statements are an integral part of this statement.

**ZAI 7B TRUST UNDER WR GRACE ASBESTOS PD TRUST**

**STATEMENT OF CHANGES IN NET CLAIMANTS' EQUITY**

**FOR THE YEAR ENDED DECEMBER 31, 2019**

| | |
|---|---|
| **Net claimants' equity, beginning of year (restated)** | $ 28,691,281 |
| **Additions to net claimants' equity:** | |
| Investment income | 924,348 |
| Realized gain on investments | 324,993 |
| Unrealized gain on investments | 1,863,082 |
| **Total additions** | 3,112,423 |
| **Deductions from net claimants' equity:** | |
| Operating expenses | 1,152,339 |
| Claims paid | 5,593,520 |
| Extraordinary claims paid | 100,000 |
| **Total deductions** | 6,845,859 |
| **Net decrease in net claimants' equity** | (3,733,436) |
| **Net claimants' equity, end of year** | $ 24,957,845 |



The accompanying notes to the financial statements are an integral part of this statement.

**ZAI 7B TRUST UNDER WR GRACE ASBESTOS PD TRUST**

**STATEMENT OF CASH FLOWS**

**YEAR ENDED DECEMBER 31, 2019**

| | | |
|---|---|---|
| **Cash flows from operating activities** | | |
| Net decrease in claimants' equity | | $ (3,733,436) |
| Adjustments to reconcile net decrease in claimants' equity to net cash used in operating activities: | | |
| Realized gain on sale of securities, net | (324,993) | |
| Unrealized gain on investments, net | (1,863,082) | (2,188,075) |
| Changes in operating assets and liabilities: | | |
| (Increase) decrease in: | | |
| Prepaid expenses | (5,403) | |
| Increase (decrease) in: | | |
| Accounts payable and accrued liabilities | 4,697 | (706) |
| Net cash used in operating activities | | (5,922,217) |
| **Cash flows from investing activities:** | | |
| Purchase of securities | (869,329) | |
| Net investment withdraws | 7,000,000 | |
| Net cash provided by investing activities | | 6,130,671 |
| Net increase in cash and cash equivalents | | 208,454 |
| **Cash and cash equivalents, beginning of year** | | 2,254,392 |
| **Cash and cash equivalents, end of year** | | $ 2,462,846 |



The accompanying notes to the financial statements are an integral part of this statement.

**ZAI 7B TRUST UNDER WR GRACE ASBESTOS PD TRUST**

**NOTES TO FINANCIAL STATEMENTS**

**DECEMBER 31, 2019**

## Note A – DESCRIPTION OF TRUST:

The Zonolite Attic Insulation Trust ("ZAI") was established following the W.R. Grace bankruptcy under laws of Delaware to financially assist homeowners in abating asbestos containing vermiculite insulation, also known as "Zonolite" or "Libby Vermiculite." W.R. Grace's plan of reorganization became final on February 3, 2014. W.R. Grace now funded ZAI from which eligible claimants may be reimbursed for their legitimate ZAI Property Damage Claims ("ZAI PD") under the ZAI PD Trust Distribution Procedures ("ZAI TDP"). The purpose of the Trust is to evaluate claims, provide a percentage of reimbursement contributions of abatement cost up to a certain amount, evaluate for additional annual reimbursement consideration of extraordinary claims, and for implementing an education program to alert homeowners and industry professionals to the existence of the Trust and the impact of having ZAI/vermiculite in the home, including the hazards posed by this extremely friable asbestos-containing insulation.

## Note B - SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES:

**Basis of Accounting:**

The Trust's financial statements are prepared using special purpose accounting methods that differ from accounting principles generally accepted in the United States of America. The special purpose accounting methods were adopted in order to present the amount of equity available for payment of current and future claims and operating expenses of the Trust. This basis of accounting employs accrual accounting concepts but relieves the Trust of the requirement to evaluate and estimate claims payable under accrual accounting concepts that prevail under generally accepted accounting principles. The accrual basis of accounting is required for a Qualified Settlement Fund ("QSF") in the regulations governing QSFs as laid out in Internal Revenue Code Section 1.468(b). Since the accompanying special purpose financial statements are not based on accounting principles generally accepted in the United States of America, accounting treatment by other parties for these same transactions may differ as to timing and amounts. These special purpose accounting methods are as follows:

1. The financial statements are prepared using the accrual basis of accounting, as modified below.
2. The funding received from W.R. Grace are recorded directly to net claimants' equity. These funds do not represent income of the Trust. The distributions to claimants are deductions from net claimants' equity and do not represent expenses of the Trust.

**Note B - SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES (Continued):**

3. Investments are recorded at fair value. All interest and dividend income are included in investment income on the statements of changes in net claimant's equity. Realized and unrealized gains and losses on investments are recorded as separate components on the statements of changes in net claimants' equity.

**Cash and Cash Equivalents:**
Cash and cash equivalents include cash invested in money market funds.

**Concentration of Risk:**
The Trust maintains its cash in a bank deposit account with one financial institution. The balances are insured by the Federal Deposit Insurance Corporation up to $250,000. At December 31, 2019, the Trust's uninsured cash balances total $2,267,537, respectively.

Investment securities, in general, are exposed to various risks, such as interest rates, credit, and overall market volatility. Due to the level of risk associated with certain investment securities, it is reasonably possible that changes in the values of investment securities will occur in the near term and that such change could materially affect the amounts reported in the financial statements.

**Fair Value of Financial Instruments:**
The carrying amount of the Trust's cash and cash equivalents, accounts payable and other liabilities approximate their fair value due to the short-term nature or relative liquidity of the instruments.

**Investments:**
The Trust measures its investments at fair value. Fair value is defined as the price at which an asset could be exchanged in a current transaction between knowledgeable and willing parties as determined by the pricing service at the directed trustee.

**Revenue Recognition:**
Revenues are recorded using the accrual basis of accounting. The Trust derives revenue from the investments. Investment income accounts for 100% of the Trust's revenues.

---

## Note B – SUMMARY OF SIGNIFICANT ACCOUNT POLICIES (Continued):

**Contingent Deferred Payments:**
The contingent deferred payments provide payment to the Trust on any date after the fourth anniversary of the effective date when the total assets of the Trust are less than $10 million. No more than ten contingent deferred payments shall be received in the aggregate and the total aggregate amount of all contingent deferred payments shall in no event exceed $80 million and no contingent deferred payment shall be received after the 25th effective date anniversary. As of December 31, 2019, no contingent deferred payments had been received.

**Use of Estimates:**
The preparation of financial statements in conformity with the special purpose accounting methods described above requires the trustee to make estimates and assumptions that affect the reported amounts of assets and liabilities at the date of the financial statements and the reported amounts of additions and deductions to net claimant's equity during the reporting periods. Accordingly, actual results may differ from those estimates.

**Income Taxes:**
The Trust's policy is to recognize interest and penalties accrued on any unrecognized tax benefits as a component of income tax expense. As of December 31, 2019, the Trust did not have any accrued interest or penalties associated with an unrecognized tax benefits, nor did it incur any interest and penalties expense with an unrecognized tax benefits for the year then ended. The Trust is unaware of information concerning any tax positions for which a material change in the unrecognized tax benefit or liability is reasonably possible within the next twelve months. The Trust files income tax returns in the United States federal jurisdiction and in South Carolina jurisdiction. The Trust is no longer subject to federal or state income tax examinations by authorities for years prior to 2015.

**Advertising:**
Advertising costs are expensed as incurred.

**ZAI 7B TRUST UNDER WR GRACE ASBESTOS PD TRUST**

**NOTES TO FINANCIAL STATEMENTS**

**DECEMBER 31, 2019**

## Note C – CASH, CASH EQUIVALENTS AND INVESTMENTS

The Trustee of the Trust is charged with investing the Trust's assets, in a manner consistent with the standards set forth in the Uniform Prudent Investor Act. The Trust is limited to investing in the following:

- US Government debt securities
- Privately issued debt securities rated as Baa or higher by Moody's
- Privately issued debt securities rated as BBB by Standard and Poor's
- Investment-grade debts rated by a nationally recognized rating agency.
- Diversified equity portfolios that track broad market indexes such as Standard & Poor's 500 Index, amount others
- Equity holdings that do not exceed 5% of the equity in the entity

The investments held by the Trust are required to comply with the Uniform Prudent Investor Act. This act emphasizes the following attributes:

- Evaluating the investment portfolio, while not focusing on the performance of individual investments
- Observing the required duty to diversify the investment portfolio
- Evaluating individual investments in the context of the purpose of the Trust and the claimants' needs
- Permissibility of delegating investment management to a third-party

Investments held by the Trust are stated at fair value, as follows:

| | December 31, 2019 | |
|---|---|---|
| | Cost* | Fair Value |
| Equity securities | 5,808,426 | 7,253,607 |
| Municipal bonds | 11,256,686 | 11,720,621 |
| Corporate bonds | 3,456,941 | 3,559,897 |
| Total Marketable Securities | $ 20,522,053 | $ 22,534,125 |

*- Cost basis for bonds are stated at the amortized cost as of 12/31/2019.

**ZAI 7B TRUST UNDER WR GRACE ASBESTOS PD TRUST**

**NOTES TO FINANCIAL STATEMENTS**

**DECEMBER 31, 2019**

**Note C – CASH, CASH EQUIVALENTS AND INVESTMENTS (Continued):**

The Trust's financial assets are carried at fair value have been classified, for disclosure purposes, based on hierarchy defined by FASB ASC 820, Fair Value Measurement. The established framework gives the highest ranking to fair values determined using unadjusted quoted prices in active markets for identical assets and liabilities (Level 1) and the lowest ranking to fair values determined using methodologies and models with unobservable inputs (Level 3). As asset's or a liability's classification is based on the lowest level input that is significant to its measurement. For example, a Level 3 fair value measurement may include inputs that are both observable (Levels 1 and 2) and unobservable (Level 3). The levels of the fair value hierarchy are as follows:

Level 1: Observable inputs based on unadjusted quoted prices for identical assets and liabilities in active markets that are accessible to the Company at the market date.

Level 2: Observable inputs, other than those included in Level 1, based on quoted prices for similar assets or liabilities in active markets, or quoted prices for identical assets and liabilities in inactive markets.

Level 3: Unobservable inputs that reflect the Company's own assumptions about what inputs a market participant would use in pricing the asset or liability based on the best information available in the circumstances.

The table below presents the amounts of assets measured at fair value on a recurring basis as of December 31, 2019:

| | Level 1 | Total |
|---|---|---|
| Cash and cash equivalents | $ 2,462,846 | $ 2,462,846 |
| Equity securities | 7,253,607 | 7,253,607 |
| Municipal bonds | 11,720,621 | 11,720,621 |
| Corporate bonds | 3,559,897 | 3,559,897 |
| Total cash, cash equivalents, & investments | $ 24,996,971 | $ 24,996,971 |

The Trust's policy is to recognize transfers in and out of levels within the fair value hierarchy at the actual date the event or change in circumstance caused the transfer. Between the measurement dates of December 31, 2018 and December 31, 2019, no securities were transferred between levels.

**ZAI 7B TRUST UNDER WR GRACE ASBESTOS PD TRUST**

**NOTES TO FINANCIAL STATEMENTS**

**DECEMBER 31, 2019**

**Note D – NET CLAIMANTS' EQUITY:**

The Trust was created pursuant to the W.R. Grace & Co. (the "Plan") confirmed by the United States Bankruptcy Court District of Delaware. The WRG US ZAI Settlement Trust Distribution Procedures ("TDP") were adopted pursuant to the Plan and concurrently with the Asbestos Property Damage Settlement Trust Agreement ("PD Trust Agreement"). It is designed to provide fair and equitable treatment for all Trust claims that may presently exist or may arise in the future.

Under the TDP, the Trust forecasts its anticipated annual sources and uses of cash until the later of 25 years following the Effective Date of the Plan, or when the PD Trust has paid out all of the PD Trust Assets following the final deferred contingent payment for Class 7B Claims.

The Trustee, with the consultation with the ZAI Trust Advisory Committee ("ZTAC") administers the ZAI TDP. Claims that qualify for payment from the WRG Asbestos PD Trust (the "PD Trust") in accordance with the ZAI TDP shall be paid 55% of the Allowed Value, but the PD Trust shall not pay more than 55% of $7,500 ($4,125) for claims paid prior to the fifth anniversary of the effective date. However, commencing on the fifth anniversary of the Effective Date, the Maximum Allowed Value shall be increased by the increase in the Consumer Price Index for the preceding 12 months, and the Maximum Allowed Value shall be increased every year thereafter on the anniversary of the Effective Date by the increase in the Consumer Price Index for the 12 months immediately preceding each such anniversary date. The maximum payment amount increased in 2019 from the $4,125 to $4,203.

As of December 31, 2019, the Net claimants' equity reported by the Trust is $24,957,845.

| | 2019 | All years prior to 2019 | Cumulative |
|---|---|---|---|
| Settlement Funding Received | $ - | $ 64,364,384 | $ 64,364,384 |
| Investment Income & Realized Gains | 1,246,403 | 2,617,686 | 3,864,089 |
| Unrealized Gains | 1,863,082 | 196,809 | 2,059,891 |
| Operating Expense | (1,149,401) | (22,812,564) | (23,961,965) |
| Claims Paid & Class Stipend | (5,693,520) | (15,675,034) | (21,368,554) |
| Total Net Claimants' Equity | $ (3,733,436) | $ 28,691,281 | $ 24,957,845 |

**ZAI 7B TRUST UNDER WR GRACE ASBESTOS PD TRUST**

**NOTES TO FINANCIAL STATEMENTS**

**DECEMBER 31, 2019**

---

**Note E – CORRECTION OF ERROR:**

In prior years, investments were recorded at their lower of cost or market value. However, according to the Settlement Trust Agreement, the "Annual Report" for claims and assets under the control of the ZAI 7B Trust should be in conformity with generally accepted accounting principles. Therefore, a correction was made to the prior period net claimants' equity to properly reflect investments at their fair market value in conformity with GAAP standards. As of December 31, 2018, net claimants' equity was reported at $28,275,321 under the lower of cost or market presentation and will now reflect $28,691,281 under the fair market value presentation. The change in methodology resulted in an overall increase to net claimants' equity of $415,960 as of December 31, 2018.

**Note F – INCOME TAXES:**

For federal income tax purposes, the Trust is taxed as a Qualified Settlement Fund (QSF). Income and expenses associated with the Trust are taxed in accordance with Section 468B of the Internal Revenue Code and files Form 1120 SF. The statutory income tax rate for the Trust is 37% for the year ended December 31, 2019.

The Trust was formed as part of the plan of reorganization of W.R. Grace & Company chapter 11 bankruptcy and remains under the supervision of the United States Bankruptcy for District of Delaware. As such the Trust has filed Form SC1041 as a non-resident trust and calculated all income and expenses in accordance with prevailing guidance for nonresident trusts.

Management believes that because of the sufficient administration takes place in Delaware that it is a non-resident Trust for purposes of calculating and reporting taxable income in South Carolina. This is the same position taken by the 7A Fund in its recently filed annual report. As a Delaware Statutory Trust, the Class 7B Trust is required to have a Delaware Trustee and is governed by Delaware law. The Class 7B Trustee is required to prepare and provide a copy of an annual report of the Trust's activities to the Delaware Bankruptcy Court. Pursuant to the express terms of the PD Trust Agreement, the Delaware Bankruptcy Court has exclusive jurisdiction over the settlement of the accounts of the Trustees and internal disputes that are not resolved by alternative dispute resolution through the American Arbitration Association. Furthermore, certain actions, such as the removal of the Class 7B Trustee by the ZTAC and PD FCR, require the consent of the Delaware Bankruptcy Court.

**ZAI 7B TRUST UNDER WR GRACE ASBESTOS PD TRUST**

**NOTES TO FINANCIAL STATEMENTS**

**DECEMBER 31, 2019**

**Note F – INCOME TAXES (Continued):**

The Trust evaluates all tax positions and makes a determination regarding their likelihood of being upheld under review. For the year ended December 31, 2019, the Trust did not have uncertain tax positions for which they recorded a tax liability.

The taxable income of the Trust will differ due to significant difference in the treatment of certain income earned by the Trust and expenses incurred by the Trust. The differences include exclusion of municipal bond interest from taxation, disallowance of plaintiff's attorney fees as deductible tax expenses, and a limitation on the inclusion of realized capital gain/(loss) in income. As such, taxable income is higher than accrual income on a permanent basis. The table below illustrates these differences since Trust inception.

| | 2019 | Prior to 2019 | Cumulative |
|---|---|---|---|
| Financial Statement Additions to Net Claimants' Equity | $ 3,112,423 | $ 2,398,535 | $ 5,510,958 |
| Correction of prior year error LCM/FV | - | - | - |
| Corrected Financial Statement Additions to Net Claimants' Equity | 3,112,423 | 2,398,535 | 5,510,958 |
| Tax Return Adjustments to Additions | | | |
| Non-Taxable Municipal Bond Income | - | (2,502,450) | (2,502,450) |
| Correction of prior year LCM /FV | 415,960 | - | 415,960 |
| Capital Gain (Loss) Differential | (2,938,462) | 1,992,058 | (946,404) |
| Gross Income Per Tax Return | 589,921 | 1,888,143 | 2,478,064 |
| Financial Statement Operating Expense | 1,152,339 | 22,812,564 | 23,964,903 |
| Tax Return Adjustments to Deductions | | | |
| Disallowed Meals & Entertainment | (1,804) | (7,322) | (9,126) |
| Disallowed Legal Expense | - | (16,343,984) | (16,343,984) |
| Total Deductions Per Tax Return | 1,150,535 | 6,461,258 | 7,611,793 |
| Modified Gross Income Per Tax Return | $ (560,614) | $ (4,573,115) | $ (5,133,729) |

**Note G - SUBSEQUENT EVENTS:**

Management has considered subsequent events through March 26, 2020, the date on which the financial statements were available to be issued, in preparing the financial statements and notes hereto.

**ZAI 7B TRUST UNDER WR GRACE ASBESTOS PD TRUST**

**SCHEDULE OF OPERATING EXPENSES**

**YEAR ENDED DECEMBER 31, 2019**

| | | |
|---|---|---|
| Accounting and Legal Fees | $ | 235,007 |
| Notice & Claims | | 100,861 |
| Other Expenses | | 103,845 |
| Taxes | | 34,623 |
| Trustee & Administrator Fees | | 678,003 |
| **Total Operating Expenses** | $ | 1,152,339 |