IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (AMC) <br> ) (Jointly Administered) |
| Reorganized Debtor. | ) <br> ) Hearing Date: September 22, 2020, at 2:00 p.m. <br> ) Objection Deadline: August 17, 2020 at 4:00 p.m. <br> ) |

**MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. BANKR. P. 7056
FOR DISALLOWANCE OF CLAIM NO. 392, FILED BY GARY S. SMOLKER, AND
RELATED CLAIMS, NOS. 382 AND 4070, FILED BY HOME SAVINGS TERMITE
CONTROL, INC., AND WAYNE MORRIS, RESPECTIVELY**

The relevant facts of this matter are well established by multiple sources and are not subject to any genuine dispute.[2] The three claims (the "Claims") to which in January 2015 the then-Reorganized Debtors objected in their *Thirty-Seventh Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)* [Docket No. 32497] (the "Claims Objection") are now ripe for disallowance. The captioned prepetition California state-court litigation in which Gary S. Smolker was the cross-complainant and Grace and various other entities were defendants (the "California State Court Litigation") is now over, as a matter of final and non-appealable judgment, and Mr. Smolker has as a matter of applicable

---

[1]  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case.

[2]  Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Claims Objection, *The Declaration of Rosemary S. Lewis in Support of the Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 for Disallowance of Claim No. 392, Filed by Gary S. Smolker, and Related Claims, Nos. 382 and 4070, Filed by Home Savings Termite Control, Inc., and Wayne Morris, Respectively* (the "Lewis Declaration," attached hereto as Exhibit C), or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

California law no further recourse against Grace and the two other cross-defendants who had filed protective, contingent claims against Grace, whether in California state court, this Court, or any other forum. This Court should therefore now as a matter of summary judgment enter an order substantially in the form attached hereto as Exhibit A (the "Order"): (a) disallowing Mr. Smolker's claim under Bankruptcy Code sections 502(b)(1) and 558; and (b) disallowing the other two protective, contingent claims under section 502(b)(1).

As discussed in more detail in the *Memorandum of Law in Support of Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 for Disallowance of Claim No. 392, Filed by Gary S. Smolker, and Related Claims, Nos. 382 and 4070, Filed by Home Savings Termite Control, Inc., and Wayne Morris, Respectively*, attached hereto as Exhibit B (the "Memorandum"), on March 14, 1997, Mr. Smolker made an insurance claim against TIG Insurance Company ("TIG"), the parent company of Truck Insurance Exchange, the insurer of the homeowner's association to which Mr. Smolker belonged, for certain alleged property damage associated with a termite extermination that occurred on October 11-12, 1996. TIG subsequently denied coverage for Mr. Smolker's claims. On July 2, 1997, TIG filed a declaratory relief action in the California State Court Litigation trial court (the "Superior Court") in connection with that denial of coverage. On October 10, 1997, just as the statute of limitations was set to expire on October 11-12, 1997 (Cal. Civ. Pro. Code § 340(3) (Deering 1996) (1-year period of limitations), Mr. Smolker, a member of the California State Bar, filed *in pro. per.* a cross-complaint against a plethora of parties, including Grace, Home Savings Termite Control, Inc. ("Termite Control"), and Wayne Morris, owner of Termite Control.[3]

---

[3] Grace Davison, a division of Grace-Conn., one of the Reorganized Debtors, was also named as a defendant (sometimes referred to in the California State Court Litigation Docket Items as "Davidson"), even though it is not

On April 2, 2001 (the "Petition Date"), Grace and 61 affiliates commenced their chapter 11 cases. As of the Petition Date, Mr. Smolker had not yet proceeded to trial against Grace, Termite Control, and Mr. Morris. On August 6, 2001, Termite Control filed a proof of claim (designated Claim No. 387) for a protective, contingent claim based upon its cross-complaint against Grace in the California State Court Litigation. On August 27, 2001, Mr. Smolker filed a proof of claim (designated Claim No. 392) based upon the California State Court Litigation. On March 18, 2003, Mr. Morris filed on his own behalf a proof of claim (designated Claim No. 4070) for a protective, contingent claim similar to Claim No. 387.[4]

In August 2001, Mr. Smolker filed a motion to lift the automatic stay in order to proceed against Grace in the California State Court Litigation [Docket No. 893]. In January 2002, this Court denied that motion [Docket No. 1633].

On February 3, 2014, Grace consummated its Plan. In January 2015, the then-Reorganized Debtors filed the Claims Objection. Mr. Smolker responded to the Claims Objection by stating that he would not object to entry of an order by this Court to lift the Plan's permanent injunction to allow the California State Court Litigation to move forward to final judgment.[5] On March 4, 2015, this Court entered its *Order Lifting Injunction In Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al.*, Case No. BC 173952 (Los Angeles County Sup. Ct.) *(Janavs, J.) (Substantive Objection)* [Docket No. 32518] (the "Lift Injunction Order"). A copy of the Lift Injunction Order was served on Mr. Smolker.

---

    a separate legal entity. Here and in the Memorandum, references to Grace also include references to Grace Davison.

[4] Copies of the proofs of claim are exhibits to the Claims Objection.

[5] Mr. Morris and Termite Control did not respond to the Claims Objection.

Over the succeeding eighteen months, Mr. Smolker took no action to bring the relevant causes of action in his fifth and final cross-complaint (the "Fifth Amended Cross-Complaint") to trial in the California State Court Litigation, despite having an affirmative obligation under California law to do so. *Smolker v. W. R. Grace & Co.*, Nos. B281406, B286138, B287626, 2020 Cal. Unpub. LEXIS 439 at *9 (Cal. App. 2nd 2020), *pet. rev. denied, Smolker v. W. R. Grace & Co.*, No. S261006, 2020 Cal. LEXIS 3042 (Cal. 2020) (the "2020 Cal. App. Op."). In August 2016, the statutorily-allotted five year period for Mr. Smolker to bring the relevant causes of action to trial expired. Cal. Civ. Pro. Code § 583.310 (Deering 2020). As a matter of California statute, when a cross-complainant fails to bring a matter to trial within that period, dismissal is mandatory. Cal. Civ. Pro. Code § 583.360 (Deering 2020).

In November 2016, Grace filed a motion with the Superior Court seeking dismissal of the relevant causes of action as to Grace. On January 26, 2017, the Superior Court entered its Grace Cross-Complaint Dismissal Order, which dismissed the relevant Fifth Amended Cross-Complaint causes of action with prejudice as to Grace. Mr. Smolker's subsequent appeals were denied, as were his petitions to the California Supreme Court. 2020 Cal. App. Op. Under California law, the legal effect of the Grace Cross-Complaint Dismissal Order's dismissal of Grace with prejudice was to at once terminate the California State Court Litigation as to Grace and to terminate any further right of Mr. Smolker to further litigate his Fifth Amended Cross-Complaint causes of action against Grace, whether in California state court or in any other forum, including this Court. Cal. Civ. Pro. Code § 577; Cal. Civ. Pro. Code § 1908(a)(2) (Deering 2020) ("the judgment or order is, ***in respect to the matter directly adjudged***, conclusive between the parties … subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity") (emphasis added); *Dana Point Safe Harbor Collective v. Superior*

*Court*, 243 P.3d 575, 581 (Cal. 2010) (internal citations omitted) ("judgments are final when they leave nothing to the party against whom judgment is rendered except to comply").[6]

As discussed above, it is also a matter of undisputed fact and relevant statute that the then-applicable statute of limitations ran in October 1997, one year after the extermination, which occurred—by Mr. Smolker's own admission—on October 11-12, 1996. Cal. Civ. Pro Code § 340(3) (Deering 1996); *see also, e.g.*, First Amended Complaint at ¶ 3(b); Fifth Amended Complaint at ¶ 20. The running of this statute of limitations more than three years prior to the Petition Date is a second, and entirely independent, bar to Mr. Smolker seeking further recourse against Grace in California state court—or any other forum, including this Court—as to the relevant Fifth Amended Cross-Complaint causes of action.

The Lift Injunction Order left the Claims Objection pending the conclusion of the California State Court Litigation. In view of the dismissal of Grace with prejudice and the prepetition running of the applicable statute of limitations, the Reorganized Debtor believes that the three Claims are now ripe for disallowance by summary judgment.

Bankruptcy Code sections 502(b)(1) and 558 each provide an independent basis for this Court to disallow Mr. Smolker's Claim No. 392. Section 502(b)(1) requires disallowance of claims that are unenforceable under applicable law. The dismissal of Grace with prejudice and the running of the relevant statute of limitations each render Mr. Smolker's claim unenforceable as a

---

[6] As discussed in more detail in the Memorandum of Law, this is not to say that the Grace Cross-Complaint Dismissal Order is *res judicata* as to Mr. Smolker vis-à-vis other parties as to the substantive Fifth Amended Complaint causes of action. It is not. *See Fierro v. Landry's Rest. Inc.*, 244 Cal. Rptr. 3d 1, 10 (Cal. App. 2nd 2019) (internal citation omitted). But the Grace Cross-Complaint Dismissal Order is final and non-appealable. Moreover, it is *res judicata* as to the matters adjudicated therein (*i.e.*, dismissal of Grace with prejudice from the California State Court Litigation) as between Mr. Smolker and Grace, and that final, non-appealable judgment terminated as to Grace Mr. Smolker's rights in the California State Court Litigation. Cal. Civ. Pro. Code § 1908(a)(2); Cal. Civ. Pro. Code § 577; Remittitur.

matter of applicable California law. Section 558 permits Grace to use all available affirmative defenses, including statutes of limitations and dismissals of state court proceedings with prejudice. *See* 5 COLLIER ON BANKRUPTCY ¶ 558.01 (16th 2020) (section 558 "provides the trustee with every defensive weapon available to the debtor"). The Court should therefore disallow Mr. Smolker's Claim No. 392.

The claims of Termite Control and Mr. Morris should also be disallowed under Bankruptcy Code section 502(b)(1). Both Termite Control and Mr. Morris have also been dismissed from the California State Court Litigation as a matter of final judgment. Cal. Civ. Pro. Code § 577. Moreover, on October 11-12, 1997, the applicable statute of limitations ran as to them. Cal. Civ. Pro. Code § 340(3). Mr. Smolker thus has no further recourse under applicable California law against either Termite Control or Mr. Morris, whether in California state court or otherwise, and they in turn have no further recourse (or need for recourse) against Grace based upon their proofs of claim. Therefore, this Court should disallow the claims (Nos. 387 and 4070) of Termite Control and Mr. Morris, because they are unenforceable as a matter of applicable California law. 11 U.S.C. § 502(b)(1).

The Reorganized Debtor therefore respectfully requests the Court enter an order in substantially the form attached hereto as <u>Exhibit A</u> disallowing the Claims.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion are 11 U.S.C. §§ 502 and 558 and Fed. R. Bankr. P. 7056 and 9014.

## FACTUAL PREDICATE

3.  Much of the factual predicate in support of this request for the Court to enter the Order disallowing the Claims is set forth in the Lewis Declaration, which is attached hereto as <u>Exhibit C</u>. The Lewis Declaration is incorporated by reference as if fully set forth herein. The facts set forth in the Claims Objection and its supporting declaration are also incorporated by reference as if fully set forth herein. The remainder of the factual predicate in support of this Motion is contained on the docket for the above-captioned chapter 11 case and is referenced accordingly.

4.  The Reorganized Debtor respectfully submits that, as discussed more fully in the Memorandum, the requirements of Fed. R. Bankr. P. 56(c) and Fed. R. Bankr. P. 7056 have been fully satisfied.

## NOTICE

5.  Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) Claimants. In light of the nature of the relief requested, the Reorganized Debtor submits that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtor respectfully seeks the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56: (i) granting the Reorganized Debtor's motion for summary judgment and disallowing the Claims; and (ii) granting such other relief as may be appropriate.

| | |
|---|---|
| Dated: August 3, 2020 | THE LAW OFFICES OF ROGER HIGGINS, LLC<br>Roger J. Higgins<br>516 N. Ogden Ave.<br>Suite 136<br>Chicago, IL 60642<br>Telephone: (312) 666-0431<br><br>and<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br><br>/s/ *James E. O'Neill*<br>Laura Davis Jones (Bar No. 2436)<br>James E. O'Neill (Bar No. 4042)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br><br>Co-Counsel for the Reorganized Debtor |