## Exhibit A

**Form of Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (AMC) |
| | ) (Jointly Administered) |
| Reorganized Debtor. | ) |
| | ) Re docket No. _____ |
| | ) |

**ORDER DISALLOWING CLAIM NO. 392, FILED BY GARY S. SMOLKER, AND RELATED CLAIMS, NOS. 382 AND 4070, FILED BY HOME SAVINGS TERMITE CONTROL, INC., AND WAYNE MORRIS, RESPECTIVELY**

Upon consideration of the Reorganized Debtor's *Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 For Disallowance of Claim No. 392, Filed by Gary S. Smolker, and Related Claims, Nos. 382 and 4070, Filed by Home Savings Termite Control, Inc., and Wayne Morris, Respectively* [Docket No. 3____] (the "Motion"); it appearing that the relief requested is in the best interests of the Reorganized Debtor, its estates, its creditors, and other parties-in-interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

---

[1] W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining Reorganized Debtor and Case No. 01-1139 is the sole remaining open chapter 11 case.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1. The Motion is granted in its entirety.

2. Claim No. 387, filed by Home Savings Termite Control, Inc., Claim No. 392, filed by Gary S. Smolker, and Claim No. 4070, filed by Wayne Morris, are disallowed in all respects, and none of these claimants are entitled to any other Claim in the above-captioned chapter 11 case.

3. The Reorganized Debtor is authorized to take all actions that may be necessary, including but not limited to directing Rust Consulting, Inc., their claims agent, to update the claims register to reflect the disallowance of Claims Nos. 387, 392, and 4070.

4. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the disallowance of the Claims.

6. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2020

_____
Honorable Ashely M. Chan
United States Bankruptcy Judge