<u>**EXHIBIT B**</u>

**Memorandum of Law**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (AMC) |
| | ) (Jointly Administered) |
| Reorganized Debtor. | ) |
| | ) **Hearing Date:  September 22, 2020, at 2:00 p.m.** |
| | ) **Objection Deadline:  August 17, 2020 at 4:00 p.m.** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. BANKR. P. 7056 FOR DISALLOWANCE OF CLAIM NO. 392, FILED BY GARY S. SMOLKER, AND RELATED CLAIMS, NOS. 382 AND 4070, FILED BY HOME SAVINGS TERMITE CONTROL, INC., AND WAYNE MORRIS, RESPECTIVELY

This memorandum of law (the "Memorandum") is filed in support of the Reorganized Debtor's *Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 for Disallowance of Claim No. 392, Filed by Gary S. Smolker, and Related Claims, Nos. 382 and 4070, Filed by Home Savings Termite Control, Inc., and Wayne Morris, Respectively* (the "Summary Judgment Motion").[2] The relevant facts of this matter are well established by multiple sources and are not subject to any genuine dispute. The three claims to which the then-Reorganized Debtors objected in January 2015, in their *Thirty-Seventh Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al.*, Case No. BC

---

[1]    W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case.

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Claims Objection, *The Declaration of Rosemary S. Lewis in Support of the Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 for Disallowance of Claim No. 392, Filed by Gary S. Smolker, and Related Claims, Nos. 382 and 4070, Filed by Home Savings Termite Control, Inc., and Wayne Morris, Respectively* (the "Lewis Declaration," attached to the Summary Judgment Motion as Exhibit C), or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

*173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)* [Docket No. 32497] (the "Claims Objection") are now ripe for disallowance as a matter of summary judgment.[3] The captioned prepetition California state court litigation (the "California State Court Litigation") in which Gary S. Smolker was the cross-complainant and Grace and various other entities, including claimants Wayne Morris and Home Savings Termite Control, Inc. ("Termite Control"), were cross-defendants, is now over as a matter of final and non-appealable judgment as to each of Grace, Mr. Morris, and Termite Control, respectively.

That judgment, which was with prejudice as to Grace, bars Mr. Smolker from any further action against Grace, whether in California state court or any other forum, including this Court. Moreover, the applicable statute of limitations ran as to all cross-defendants (including Grace) on Mr. Smolker's various causes of action more than three years prior to the Petition Date. The statute of limitations expiry provides a second, and entirely independent, bar under applicable California law to Mr. Smolker further litigating against Grace, whether in California state court or any other forum (including this Court). Mr. Smolker's claim, which is based solely upon the California State Court Litigation, should therefore be disallowed. The statute of limitation's expiry also bars Mr. Smolker from further litigation against Mr. Morris and Termite Control, which means that their contingent, protective claims against Grace (based solely on the California State Court Litigation) should also be disallowed because the contingencies in those claims cannot ever come to pass.

Grace therefore respectfully requests this Court enter an order substantially in the form attached to the Summary Judgment Motion as Exhibit A: (a) disallowing Mr. Smolker's claim

---

[3]    The Lift Injunction Order (as defined below) left the Claims Objection pending as to the three claims at issue.

under Bankruptcy Code sections 502(b)(1) and 558; and (b) disallowing the other two protective

claims under section 502(b)(1).

## FACTUAL PREDICATE

1.      Much of the factual predicate in support of this request for the Court to enter the

Order disallowing the Claims is set forth in the Lewis Declaration, which is incorporated by

reference as if fully set forth herein.  The Lewis Declaration has attached to it certain relevant

documents filed in the California State Court Litigation, which are referred to therein and in this

Memorandum as the "California State Court Litigation Docket Items."[4]  The facts set forth in the

Claims Objection and its supporting declaration are also incorporated by reference as if fully set

forth herein.  The remainder of the factual predicate in support of the motion for summary

judgment is contained on the docket for the above-captioned chapter 11 case and is referenced

accordingly.

2.      The Reorganized Debtor respectfully submits that the requirements of Fed. R.

Bankr. P. 56(c) and Fed. R. Bankr. P. 7056 have been fully satisfied.

## BACKGROUND

3.      Each of the documents cited to in this Memorandum is attached as an exhibit to the

Lewis Declaration.

---

[4]     Two of the California State Court Litigation Docket Items are unpublished opinions of the California Appellate Court: (i) *Smolker v. W. R. Grace & Co.*, Nos. B281406, B286138, B287626, 2020 Cal. App. Unpub. LEXIS 439 (Jan. 22, 2020) (the "2020 Cal. App. Op."); and (ii) *Smolker v. Pacific Villas Homeowners Ass'n, et al.*, 2007 Cal. App. Unpub. LEXIS 2155, 2007 WL 809683 (Cal. App. 2d Dist. Mar. 19, 2007) (the "2007 Cal. App. Op."). Copies of both opinions are exhibits to the Lewis Declaration.  Cal. Ct. R. 8.1115 in relevant part prohibits citing to unpublished opinions with certain exceptions, including "when the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel." The Reorganized Debtor submits that the non-factual citations to these two opinions fall within the scope of this rule.  All fact-based references to the two opinions are substantiated in the Lewis Declaration.

## I.    THE TERMITE EXTERMINATION AND THE COMMENCEMENT OF THE CALIFORNIA STATE COURT LITIGATION

4.    As set forth more fully in the Lewis Declaration, Mr. Smolker and his then-wife, Alice Graham owned a condominium unit in Pacific Villas, a six-unit condominium complex in Playa del Rey, California. Lewis Declaration at ¶ 4; First Amended Complaint at ¶ 1. The property was a multi-story building, the common areas of which were owned in undivided equal interests by the six unit owners, and the maintenance and governance of which was overseen by the Pacific Villas Homeowners Association (the "PVHOA"). Lewis Declaration at ¶ 4; Second Amended Complaint at ¶ 6; Fifth Amended Complaint at ¶ 3; 2007 Cal. App. Op. at *4.

5.    On October 11-12, 1996, Termite Control treated the complex for termite infestation using an amorphous silica dust used to dehydrate and permanently eradicate termites. Lewis Declaration at ¶ 4; First Amended Complaint at ¶ 3(b); Fifth Amended Complaint at ¶¶ 93, 99, and 101; 2007 Cal. App. Op. at *5. Mr. Smolker alleged in his various cross-complaints that Grace's Davison division allegedly manufactured the silica dust that Mr. Smolker called Syloid 244 ("Syloid").[5] On information and belief there is nothing in the California State Court Litigation that identifies the specific Syloid product used. Lewis Declaration at ¶ 4; Fifth Amended Complaint at ¶ 69; 2007 Cal. App. Op. at *7.

6.    In late 1996 or early 1997, Mr. Smolker complained to PVHOA that he, Graham, and their children were suffering certain adverse health effects, which they attributed to the Syloid. Lewis Declaration at ¶ 6; First Amended Complaint at ¶¶ 18-20, 93; 2007 Cal. App. Op. at *7. A health inspector for the Los Angeles County Fire Department's Hazardous Materials Section

---

[5]    All further references in this *Memorandum of Law* to Grace includes the Grace Davison division (sometimes referred to in the California State Court Litigation Docket Items as "Davidson").

concluded after inspecting the condominium complex that there was no reason for any health concerns with respect to the way the Syloid was applied. Lewis Declaration at ¶ 7; 2007 Cal. App. Op. at *9. But this was not the end of the matter, as Mr. Smolker also demanded that the homeowners' association, the other condominium owners, Termite Control, Grace, all of their respective insurance carriers, and the Smolkers' own insurance carriers pay for extensive repairs to his condominium. Lewis Declaration at ¶ 8; 2007 Cal. App. Op. at *9-10; First Amended Complaint at ¶¶ 18-20. On March 14, 1997, Mr. Smolker also made a claim against TIG Insurance Company ("TIG"), the parent company of Truck Insurance Exchange, the insurer of the homeowner's association to which Mr. Smolker belonged, for certain alleged property damage associated with termite extermination that occurred on October 11-12, 1996. Lewis Declaration at ¶ 10; First Amended Complaint at ¶ 60.

7.        On July 2, 1997, the California State Court Litigation commenced when TIG filed a declaratory relief action in the Superior Court of California for the County of Los Angeles (the "Superior Court") in connection with its denial of coverage for insurance claims concerning Mr. Smolker's condominium. Lewis Declaration at ¶ 10; 2020 Cal. App. Op. at *11-12; Superior Court Docket. On October 10, 1997, Mr. Smolker and Ms. Graham filed a cross-complaint against, *inter alia*, Grace, Termite Control, and Mr. Morris. Lewis Declaration at ¶ 10; 2020 Cal. App. Op. at *2; Superior Court Docket.

8.        On August 13, 1999, after "several rounds of demurrers and grants of leave to amend," Smolker filed his Fifth Amended Cross-Complaint "for equitable relief and damages alleging 31 causes of action." Lewis Declaration at ¶ 12 (quoting 2007 Cal. App. Op. at *13 & n.9); Superior Court Docket; Fifth Amended Complaint. Many of those causes of actions were dismissed after demurrers by various cross-defendants, including the 31st cause of action,

interference, against Grace. Lewis Declaration at ¶ 12; 2007 Cal. App. Op. at *13 & n.9; Superior Court Docket. As of the Petition Date, there were only three Fifth Amended Complaint causes of action remaining as to Grace: (i) cause of action no. 8, strict liability; (ii) cause of action no. 9, negligence; and (iii) cause of action no. 30, fraud. Lewis Declaration at ¶ 14; Cross-Complaint Demurrer Order; Superior Court Docket; Fifth Amended Cross-Complaint; 2007 Cal. App. Op. at *12-13; 2020 Cal. App. Op. at *2-4.

9.    In December 2000, the Superior Court granted summary judgment in favor of PVHOA. Lewis Declaration at ¶ 15; 2007 Cal. App. Op. at *15-16; Superior Court Docket (order entered January 8, 2001). Mr. Smolker subsequently appealed that order. Lewis Declaration at ¶ 15; 2007 Cal. App. Op. at *3; Superior Court Docket.[6] His appeal was later denied by the California Appellate Court in its 2007 Cal. App. Op. *Id.*; Lewis Declaration at ¶ 15; Superior Court Docket.

## II.    THE CHAPTER 11 CASES AND THE CLAIMS

10.    On April 2, 2001, the Petition Date, Grace and 61 affiliates (the "then-Debtors") filed petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On August 6, 2001, Termite Control filed a proof of claim (designated Claim No. 387) for a contingent indemnity claim based upon its cross-complaint against Grace in the California State Court Litigation. On March 18, 2003, Mr. Morris filed on his own behalf a proof of claim (designated Claim No. 4070)

---

[6]    There were also cross-appeals by other parties on issues not relevant to the relief requested in the Summary Judgment Motion.

for a contingent indemnity claim similar to Claim No. 387.  Both claims were grounded in California law.  Claim No. 387; Claim No. 4070.[7]

11.    On August 27, 2001, Mr. Smolker filed a proof of claim (designated Claim No. 392) based upon the California State Court Litigation.[8]  On the same date, Mr. Smolker and Ms. Graham also filed a *Motion for Relief from Stay*, with a *Memorandum of Points and Authorities*, the *Declaration of Alice Smolker*, and a proposed form of order attached thereto [Docket No. 893]. On September 13, 2001, the then-Debtors filed an opposition to Mr. Smolker's lift stay motion, and on January 25, 2002, the Bankruptcy Court entered its *Order Denying Smolker Defendants' Motion for Relief from Automatic Stay* [Docket No. 1633].[9]

12.    On February 8, 2002, Mr. Smolker advised the Superior Court by letter that the Bankruptcy Court had stayed the California State Court Litigation as to Grace.  2020 Cal. App. Op. at *4.  On February 22, 2002, the Superior Court ordered the California State Court Litigation "'stayed pending the outcome of defendant W. R. Grace's bankruptcy'."  *Id.*

## III.    THE CLAIMS OBJECTION, LIFT INJUNCTION ORDER, AND THE CONCLUSION OF THE CALIFORNIA STATE COURT LITIGATION

13.    In January 2015, approximately eleven months after the Effective Date, the then-Reorganized Debtors filed their Claims Objection [Docket No. 32497].  On March 4, 2015, the Court entered its *Order Lifting Injunction in Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)* [Docket No. 32518] (the "Lift Injunction Order").  On the same date, a copy of the Lift Injunction Order was served by first class mail on Mr. Smolker at the address set

---

[7]    Claim No. 387 is Exhibit E to the Claims Objection.  Claim No. 4070 is Exhibit D thereto.

[8]    Claim No. 392 is Exhibit C to the Claims Objection.

[9]    Termite Control also tried to lift the stay and was denied.  [Docket No. 392].

forth above.  Affidavit of Service, dated March 4, 2015 [Docket No. 32522].  The Reorganized Debtor also served the Superior Court with a copy of the Lift Injunction Order.  *Id.*

14.    Mr. Smolker did nothing in the eighteen months following entry of this Court's Lift Injunction Order to bring his cross-complaints to trial.  Lewis Declaration at ¶ 17; 2020 Cal. App. Op. at *5.  On November 18, 2016, Grace filed a motion requesting the Superior Court dismiss Mr. Smolker's cross-complaints "on the ground that Smolker had not brought them to trial within five years as required by Code of Civil Procedure section 583.310."  2020 Cal. App. Op. at *5; Lewis Declaration at ¶ 17; Superior Court Docket.  On January 17, 2017, the Superior Court granted Grace's motion to dismiss, and dismissed Mr. Smolker's Fifth Amended Cross-Complaint causes of action with prejudice as to Grace.  Lewis Declaration at ¶ 19; 2020 Cal. App. Op. at *5; Grace Cross-Complaint Dismissal Order; Superior Court Docket.  Mr. Smolker subsequently appealed the Grace Cross-Complaint Dismissal Order (which appeal was subsequently consolidated with the Termite Control/Mr. Morris and insurers' appeals).  Lewis Declaration at ¶ 17; 2020 Cal. App. Op. at *5; Superior Court Docket.

15.    On April 6, 2017, Mr. Smolker filed a motion in the Superior Court to set a trial date for the remaining Phase One defendants, Termite Control and Mr. Morris.  Lewis Declaration at ¶ 18; 2020 Cal. App. Op. at *5-6; Superior Court Docket.  The court set October 2, 2017, as the trial date.  Lewis Declaration at ¶ 18; 2020 Cal. App. Op. at *6; Superior Court Docket.  On July 3, 2017, Termite Control and Mr. Morris filed a motion seeking discretionary dismissal of Mr. Smolker's cross-complaints against them for a failure to comply with Cal. Civ. Pro. Code § 583.420, because he did not bring the cross-complaints back to trial in the Superior Court within the period of two years specified by that statute.  Lewis Declaration at ¶ 18; 2020 Cal. App. Op. at *6; Superior Court Docket.  On November 17, 2017, the Superior Court granted that motion and

dismissed Mr. Smolker's cross-complaints against Termite Control and Mr. Morris. Lewis Declaration at ¶ 18; 2020 Cal. App. Op. at *6; Termite Control Cross-Complaint Dismissal Order; Superior Court Docket. Mr. Smolker subsequently appealed that order (which appeal was consolidated with the Grace and insurers' appeals). Lewis Declaration at ¶ 18; 2020 Cal. App. Op. at *6; Superior Court Docket.

16.    On October 22, 2019, Mr. Smolker filed a motion with the California Appellate Court, in which he sought $1,242,787.00 in costs from the law firms representing Grace in the California State Court Litigation and in the above-captioned chapter 11 case. Lewis Declaration at ¶ 19; Smolker Costs Motion. On November 3, 2019, the California Appellate Court entered its order denying the 10/22/2019 Smolker Costs Motion, in which it noted that no opposition had been filed. Lewis Declaration at ¶ 19; Cal. App. Ct. Costs Denial Order; Grace Cal. App. Docket.

17.    On January 22, 2020, the California Appellate Court denied Mr. Smolker's appeals of both the Grace and Termite Control Cross-Complaint Dismissal Orders (as well as the insurers' dismissal order). Lewis Declaration at ¶ 20; 2020 Cal. App. Op. at *2. On March 3, 2020, Mr. Smolker filed a petition with the California Supreme Court for review of California Appellate Court's opinion affirming the dismissal of the Grace and Termite Control Cross-Complaint Dismissal Orders. Lewis Declaration at ¶ 20; Cal. S. Ct. Docket; Smolker S. Ct. Petition.

18.    On March 16, 2020, Michael Arlen sent his March 16th Amicus Letter to the California Supreme Court in support of the Smolker S. Ct. Petition. The Arlen March 16th Amicus Letter is not filed on the Cal. S. Ct. Docket. Lewis Declaration at ¶ 21.

19.    On April 29, 2020, the California Supreme Court denied the Smolker S. Ct. Petition as to Grace. Lewis Declaration at ¶ 22; Cal. S. Ct. Docket; Grace Cal. App. Docket. On May 4,

2020, the Clerk of the California Appellate Court certified that the 2020 Cal. App. Op. was final.

Lewis Declaration at ¶ 22; Remittitur; Grace Cal. App. Docket.

20.    On May 31, 2020, Mr. Arlen sent a second amicus letter to the California Supreme

Court, seeking still further review of the 2020 Cal. App. Op.  Lewis Declaration at ¶ 23; May 31st

Amicus Letter.  The Arlen May 31st Amicus Letter is not filed on the Cal. S. Ct. Docket.  Lewis

Declaration at ¶ 23.

<u>LEGAL ANALYSIS</u>

**I.    THE UNDISPUTED MATERIAL FACTS SUPPORT ENTRY OF AN ORDER PURSUANT TO FED. R. BANKR. P. 7056 AND FED. R. CIV. P. 56 DISALLOWING THE CLAIMS**

**A.    Judicial Notice and Admissibility for a Limited Purpose of Certain California State Court Litigation Docket Items**

21.    Fed. R. Bankr. P. 9017 states in relevant part that the "Federal Rules of Evidence

… apply in cases under the Code." Fed. R. Bankr. P. 9017.  Fed. R. Evid. 201 provides in relevant

part:

> (b) **Kinds of Facts That May Be Judicially Noticed**.  The court may judicially notice a fact that is not subject to reasonable dispute because it:
> …
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> (c) **Taking Notice**. The court:
> …
> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

Fed. R. Evid. 201.

22.    The Court may, of course, take judicial notice of the docket in this chapter 11 case.

*Lingo v. Curcio (In re Lingo)*, Case No. 99-3195 (PJW), 2001 Bankr. LEXIS 154, at *2 n.3 (Bankr.

D. Del. Jan. 29, 2001) (internal citations omitted).  The Court may also take judicial notice of

opinions and other docket items from the California State Court Litigation.  Fed. R. Evid.

201(b)(2); *Southmark Prime Plus, Ltd. P'ship v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991) ("Pursuant to Rule 201(b)(2), the Court can take judicial notice of the contents of court records from another jurisdiction"). The Lewis Declaration therefore has attached to it copies of the relevant California State Court Litigation Docket Items. Each of these documents is a publicly available record, the source of which is set forth in the Lewis Declaration. Grace respectfully requests the Court take judicial notice of each of the aforementioned documents attached to the Lewis Declaration.

23. The Court may also admit the relevant California State Court Litigation Docket Items into evidence "for notice of the fact that they were entered." *Lightsway Litig. Servs., LLC v. Wimar Tahoe Corp. (In re Tropicana Entm't, LLC)*, 613 B.R. 587, 595 (Bankr. D. Del. 2020) (citing *Michael v. Quaker Valley Sch. Dist.*, Civ. A. No. 2:16-cv-00473, 2019 U.S. Dist. LEXIS 50149, 2019 WL 1349556, at *2 n.4 (W.D. Pa. March 26, 2019) (statements offered in support of summary judgment were not hearsay because they were offered, not for the truth of what was stated, but to show that plaintiff had notice of them)). Admission of these California State Court Litigation Docket Items into evidence on that basis will, in combination with the Lewis Declaration, establish the factual predicate for the running of the statute of limitations as to Mr. Smolker's Fifth Amended Cross-Complaint causes of action and the finality of judgment as to the Superior Court's two orders respectively dismissing Grace with prejudice and dismissing Termite Control and Mr. Morris.

**B.    Summary Judgment Is Appropriate—There Are No Material Facts in Dispute**

24. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c), which applies to this matter pursuant to Fed. R. Bankr. P. 7056;

*see also Emerald Capital Advisors Corp. v. Bayerische Motoren Werke Aktiengesellschaft (In re FAH Liquidating Corp.)*, Case No. 13-13087 (KG), Adv. Proc. No. 15-51898 (KG), 2019 Bankr. LEXIS 2722, at *7 (Bankr. D. Del. 2019); *Wells Fargo Bank, N.A. v. HomeBanc Corp. (In re Homebanc Mortg. Corp.)*, Case No. 07-11079 (KJC), Adv. Proc. No. 07-51740 (KJC), 2012 Bankr. LEXIS 6021, 2013 WL 211180, at *25 (Bankr. D. Del. 2012).  In a motion for summary judgment, the moving party:

> always bears the initial responsibility of informing the … court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

25.    Once the moving party has carried its initial burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Homebanc Mortg. Corp.*, 2012 Bankr. LEXIS 6021 at *25 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  The non-moving party cannot avoid summary judgment by introducing only "a mere scintilla of evidence." *Homebanc Mortg. Corp.*, 2012 Bankr. LEXIS 6021 at *25, citing *Sarko v. Penn-Del Directory Co.,* 968 F. Supp. 1026, 1031 (E.D. Pa. 1997) (citation omitted), *aff'd* 189 F.3d 464 (3d Cir. 1999).  Nor can the nonmoving party rely upon "conclusory allegations, improbable inferences and unsupported speculation." *Homebanc Mortg. Corp.*, 2012 Bankr. LEXIS 6021 at *25, citing *J. Geils Band Emp. Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996).

26.    The facts relevant to the finality of judgment in the Grace Cross-Complaint Dismissal Order's dismissal of Grace from the California State Court Litigation with prejudice as to Grace are each established by the Lewis Declaration and the relevant California State Court Litigation Docket Items.  The facts relevant to the dismissal of Termite Control and Mr. Morris

are also established by the Lewis Declaration and the relevant California State Court Litigation Items. The facts relevant to the running of the relevant statute of limitations prior to the Petition Date, as to both Grace on one hand and Mr. Morris and Termite Control on the other, are established by Mr. Smolker's admissions in his own various cross-complaints, the Lewis Declaration, and other relevant California State Court Litigation Docket Items. Indeed, it is clear from the record that this Court can draw only one reasonable interpretation of the facts of this matter: Mr. Smolker cannot produce any relevant evidence that would support a finding by this Court that "there is a genuine issue for trial" as to any of the proposed findings of fact in the Lewis Declaration. *FBI Wind Down, Inc. Liquidating Tr. v. Careers USA, Inc. (In re FBI Wind Down, Inc.)*, 614 B.R. 460, 473 (Bankr. D. Del. 2020) (internal citation omitted).

27. As discussed below, on these undisputed—and undisputable—facts, applicable California law dictates that Mr. Smolker has no further recourse in California state court (or any other forum) for two reasons. First, the Grace Cross-Complaint Dismissal Order is a final, non-appealable judgment that was with prejudice as to Grace, which means that Mr. Smolker is precluded from filing a subsequent action in California state court (or in any other forum, including this Court) as to the relevant Fifth Amended Cross-Complaint causes of action naming Grace. Second, and without regard to the finality of the dismissal with prejudice, the applicable statute of limitations ran in October 1997, contemporaneously with Mr. Smolker having filed his initial cross-complaint. That running of the statute of limitations, without more and without regard to the final nature of the Grace Cross-Complaint Dismissal Order, also precludes Mr. Smolker from commencing a new action in California state court (or any other forum) as to the remaining Fifth Amended Cross-Complaint causes of action.

28.     As to the claims of Mr. Morris and Termite Control, the record is equally open to only one reasonable interpretation:  Mr. Morris and Termite Control were dismissed from the California State Court Litigation, and the applicable statute of limitations also ran as to them in October 1997.  Mr. Smolker cannot pursue further litigation against either party, which means that their respective protective, contingent claims are rendered moot and should therefore be disallowed.

II.     **MR. SMOLKER'S CLAIM NO. 392 SHOULD BE DISALLOWED UNDER BANKRUPTCY CODE SECTIONS 502(B)(1) AND 558, BECAUSE MR. SMOLKER HAS NO FURTHER RECOURSE UNDER APPLICABLE CALIFORNIA LAW**

      A.     **The Dismissal of Grace with Prejudice From the California State Court Litigation and the Applicable Statute of Limitations Bar Mr. Smolker From Any Further Recourse Against Grace Under Applicable California Law**

            *1.     Mr. Smolker's Fifth Amended Complaint Causes of Action Were Dismissed With Prejudice as to Grace in a Final Judgment*

29.     On March 4, 2015, this Court entered its Lift Injunction Order in order to permit the California State Court Litigation to proceed to final judgment.  As the California Appellate Court held, once the Permanent Injunction had been lifted, Mr. Smolker had an affirmative obligation to bring his Fifth Amended Complaint causes of action against Grace to trial within five years. 2020 Cal. App. Op. at *9; Cal. Civ. Pro. Code § 583.310 (Deering 2020).  Failure to do so mandated dismissal. Cal Civ. Pro § 583.360 (Deering 2020).  In the eighteen months following entry of the Lift Injunction Order, Mr. Smolker did nothing to bring his Fifth Amended Complaint causes of action to trial against Grace. Lewis Declaration at ¶ 17; 2020 Cal. App. Op. at *5.

30.     In November 2016, more than two months after the section 583.310 five-year period had lapsed, Grace filed a motion seeking the Superior Court's dismissal of Mr. Smolker's Fifth Amended Complaint causes of action with prejudice as to Grace. 2020 Cal. App. Op. at *5; Superior Court Docket. On January 17, 2017, after considerable briefing and oral argument at

multiple hearings, the Superior Court granted Grace's motion, and dismissed Grace from the California State Court Litigation with prejudice as to Grace. 2020 Cal. App, Op. at *5; Grace Cross-Complaint Dismissal Order. Mr. Smolker appealed, and on January 22, 2020, the California Appellate Court affirmed the dismissal of Grace with prejudice. 2020 Cal. App, Op. at *1. On May 4, 2020, the Remittitur was filed, rendering the Grace Cross-Complaint Dismissal Order a final and non-appealable judgment, and thereby concluding the California State Court Litigation more than five years after the Permanent Injunction had been lifted. Remittitur; Cal. S. Ct. Docket; Grace Cal. App. Docket; Superior Court Docket; *Hoover v. Galbraith*, 498 P.2d 981, 985 (Cal. 1972) (If an appeal is taken, "judgment … become[s] final … upon the issuance of the remittitur when the judgment has been affirmed"); Cal Code Civ Proc § 577 (Deering 2020) ("A judgment is the final determination of the rights of the parties in an action or proceeding"); Cal Code Civ Proc § 581d (Deering 2020) ("All dismissals … shall be in the form of a written order … and those orders when so filed shall constitute judgments and be effective for all purposes"); *see also Hoover*, 498 P.2d at 985 (judgment final when remittitur is issued). Under California law, the legal effect of the Grace Cross-Complaint Dismissal Order's dismissal of Grace with prejudice was to at once terminate the California State Court Litigation as to Grace and to terminate any further right of Mr. Smolker to further litigate his Fifth Amended Cross-Complaint causes of action against Grace, whether in California state court or in any other forum, including this Court. Cal. Civ. Pro. Code § 577; Cal. Civ. Pro. Code § 1908(a)(2) (Deering 2020) ("the judgment or order is, ***in respect to the matter directly adjudged***, conclusive between the parties … subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity") (emphasis added); *Dana Point Safe Harbor Collective v. Superior Court*, 243 P.3d

575, 581 (Cal. 2010) (internal citations omitted) ("judgments are final when they leave nothing to the party against whom judgment is rendered except to comply").

31.    To the extent that Mr. Smolker may argue that the Grace Cross-Complaint Dismissal Order was not *res judicata* as to him vis-à-vis parties other than Grace regarding the substantive Fifth Amended Complaint causes of action against Grace, he would be correct.  *See Fierro v. Landry's Rest. Inc.*, 244 Cal. Rptr. 3d 1, 10 (Cal. App. 2nd 2019) (internal citation omitted) ("a judgment of dismissal based on the failure to prosecute is not a final judgment for purposes of res judicata or collateral estoppel").  But that lack of *res judicata* as to the underlying causes of action vis-à-vis parties other than Grace does not affect Mr. Smolker's rights as to Grace.  The Grace Cross-Complaint Dismissal Order dismissed Grace with prejudice after considerable litigation on the matter.  Superior Court Docket, *passim.*  As discussed above, that judgment is now final and non-appealable.  The legal effect of that order is *res judicata* as to Mr. Smolker, because the issue of whether Grace was to be dismissed with prejudice was actually litigated in the Superior Court before the Grace Cross-Complaint Dismissal Order was entered.  Cal. Civ. Pro. Code § 1908(a)(2); *See, e.g., Kim v. Reins Int'l Cal., Inc.*, 459 P.3d 1123, 1135 (Cal. 2020) ("a prior judgment between the same parties 'is res judicata on matters which were raised or could have been raised, on matters litigated or litigable'.").  Moreover, Mr. Smolker cannot now collaterally attack the fact of the entry of the Grace Cross-Complaint Dismissal Order after he litigated the matter.  *Kim v. Reins Int'l*, 459 P.3d at 1135.  He is also equally estopped from collaterally attacking the fact that the order dismissed Grace with prejudice.  *Id.*; *see also Ione Valley Land, Air, & Water Def. All., LLC v. Cty. of Amador*, 244 Cal. Rptr. 3d 791, 795 (Cal. App. 3rd 2019) ("*Res judicata* bars the litigation not only of issues that were actually litigated but also issues that could have been litigated"); *MIB, Inc. v. Superior Court*, 164 Cal. Rptr. 828, 832 (Cal.

App. 2nd 1980) (internal citations omitted) (Dismissal of case on jurisdictional grounds was *res judicata* and invulnerable to collateral attack, because that issue had been litigated before the court—even though it was not *res judicata* as to the underlying causes of action). The dismissal with prejudice therefore terminated Mr. Smolker's right to further prosecute the underlying causes of action against Grace in any forum, whether in California state court or in this Court.[10] Cal. Civ. Pro. Code § 1908(a)(2); Cal. Civ. Pro. Code § 577; Remittitur.

### 2. *The Statute of Limitations Has Run on Mr. Smolker's Causes of Action Against Grace—Providing an Independent Basis for Disallowing His Bankruptcy Claim*

32.     Mr. Smolker has admitted in his various cross-complaints that Termite Control carried out the termite extermination on October 11-12, 1996. *See, e.g.*, First Amended Complaint at ¶ 3(b); Fifth Amended Complaint at ¶¶ 93, 99, and 101. Mr. Smolker has also alleged that the termite extermination, which he has asserted occurred on October 11-12, 1996, caused the various injuries alleged in his various cross-complaints. *See, e.g.*, Fifth Amended Complaint at ¶¶ 18-20, 93; 2007 Cal. App. Op. at *7. October 11-12, 1996, is therefore the date on which Mr. Smolker's various causes of action against Grace, Termite Control, and Mr. Morris accrued. *Pugliese v. Superior Court*, 53 Cal. Rptr. 3d 681, 687 (Cal. App. 4th 2007) ("a cause of action accrues, and the limitations period begins to run, when the party seeking relief knows or reasonably should know of an injury and that it was wrongfully caused"). Cal. Civ. Pro. Code § 340(3) (Deering 1996), the statute of limitations in effect at all applicable times in this matter, provided that Mr. Smolker had to commence his action within one year of the termite extermination. *Id.* ("Within one year: (3) … for … injury to or for the death of one caused by the wrongful act or neglect of another").

---

[10]   The scope of Mr. Smolker's rights regarding his surviving Fifth Amended Complaint causes of action dismissed by the Grace Cross-Complaint Dismissal Order as to parties other than Grace is not at issue in this Court's adjudication of Mr. Smolker's claim.

That statute of limitations ran on October 11-12, 1997, one day (or at most two) after Mr. Smolker

filed his initial cross-complaint on October 10, 1997. Cal. Civ. Pro. Code § 340(3); Superior Court

Docket.[11]  In other words, even if the Grace Cross-Complaint Dismissal Order had not itself barred

Mr. Smolker from commencing a new action against Grace as to his Fifth Amended Complaint

causes of action, the running of the statute of limitations would so bar him (whether in California

state court, this Court, or any other forum).  Cal. Civ. Pro. Code § 340(3).

### 3.    Cal. Civ. Pro. Code § 340(6) (Statute of Limitations) and Cal. Civ. Pro. Code §§ 583.310 and 583.360 Work Together to Preclude Mr. Smolker From Filing a New Action

33.    As discussed above, Cal. Civ. Pro. Code §§ 583.310 and 583.360 provide for the

mandatory dismissal of matters when, as here in the California State Court Litigation, the plaintiff

or cross-complainant failed to bring the matter to trial within five years.  As also discussed above,

the Cal. Civ. Pro. Code § 340(6) one-year period of limitations expired long before that five-year

period had run and the Superior Court entered the Grace Cross-Complaint Dismissal Order.  The

section 583.360 statutorily mandated dismissal and section 340(6) statute of limitations thus work

together to preclude Mr. Smolker from any attempt to "revise" his causes of action in any new

action against Grace, whether in state court, this Court, or another forum. *See, e.g., Flynn v. Page*,

218 Cal. App. 3d 342, 347 (Cal. App. 2nd 1990) (Court would not as a matter of discretion permit

plaintiff to "revive" causes of action dismissed under Cal. Civ. Pro. Code § 583.360, because the

five-year delay was presumptively unreasonable and the applicable statute of limitations would

---

[11]    Mr. Smolker cannot argue that his filing of his Cross-Complaint somehow tolled the statute of limitations.  There is no statutory basis for any such tolling.  Moreover, the court-derived doctrine of equitable tolling provides no basis for any such tolling.  The record shows that in October 1997 Mr. Smolker had only one available remedy— which was to, as he did, file his cross-complaint. *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 724 (Cal. 2020) (internal citation omitted) ("equitable tolling available when 'a party with multiple *available* remedies pursues one in a timely manner'.") (emphasis in original).

have barred those causes of action—even though the defendant still had a pending cross-complaint).

**B.    Applicable California Law Governs Disallowance of Mr. Smolker's Claim, and Grace May Also Avail Itself of All Applicable State Law Defenses in Seeking Such a Disallowance**

**1.    *Applicable California Law Governs the Disallowance of Mr. Smolker's Claim***

34.    11 U.S.C. § 502(b)(1) states in relevant part that a claim must be allowed unless:

> such claim is unenforceable against the debtor and property of the debtor, under ... applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

35.    As this Court held earlier in this chapter 11 case, "the validity and legality of claims generally is determined by applicable nonbankruptcy law." *In re W. R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006) (internal citation omitted). Indeed, as the Court further stated, "The validity of a claim is determined by reference to the state law governing the substance of that claim and those state interests are analyzed no differently, absent some federal interest to the contrary, than if the interested parties were not in bankruptcy." *Id.* at 574 n.10 (citing *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20 (2000); *Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156 (1946), *r'hrg denied*, 329 U.S. 833 (1947)).

36.    Here, the applicable law in question is California law, because Mr. Smolker's cross-complaint causes of action in the California State Court Litigation were grounded in California law, and the location of his condominium was likewise in California. *Grace*, 346 B.R. at 674 (citing *Butner v. United States*, 440 U.S. 48 (1979)); Fifth Amended Complaint, *passim*; 2020 Cal. App. Op. at *2; 2007 Cal. App. Op. at *4-5. This Court should also give full faith and credit to the Grace Cross-Complaint Dismissal Order, because as discussed above it is a final judgment as

a matter of California law.  28 U.S.C. § 1738 (2020); *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 164 (3d Cir. 2010) (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings"); *see also*, *In re Scotia Inn, Inc.*, Case Nos. 07-20027, 07-20029, 2009 Bankr. LEXIS 5522, at \*15-16 (Bankr. S. D. Tex. 2009) (citing *Lance v. Dennis*, 546 U.S. 459, 463 (2006)) ("The Court is precluded from exercising appellate jurisdiction over the final, non-appealable Dismissal Order of the California Superior Court under the Rooker-Feldman doctrine").

>    ### 2.  *Bankruptcy Code § 558 Avails Grace of All Available State Law Defenses to Mr. Smolker's Claim*

37.     11 U.S.C. § 558 provides in relevant part that:[12]

> The estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses.

11 U.S.C. § 558; *see also, e.Spire Communs., Inc. v. Morris Plumbing & Elec. Co. (In re e.Spire Communs., Inc.)*, 293 B.R. 639, 648 (Bankr. D. Del. 2003) (internal citation omitted) ("Courts have held that § 558 preserves to the Debtor defenses it would have had prepetition").  Such defenses therefore will lead to disallowance of a claim, even if that defense "does not extinguish the creditor's underlying substantive right." *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1409 (2017) ("unenforceability of a claim (due to the expiration of the limitations period) as an affirmative defense"); *see also In re Hess*, 404 B.R. 747, 749 (Bankr. S.D.N.Y. 2009) (Claim disallowed because statute of limitations had run).  Section 558 therefore mandates disallowance

---

[12]  Plan § 11.4.1 ("Maintenance of Causes of Action") also expressly preserves all defenses of the Reorganized Debtor to Claims.  Thus, even if Grace could not avail itself of section 558, it could still use the dismissal with prejudice in the Grace Cross-Complaint Dismissal Order and the running of the relevant statute of limitations as complete defenses to Mr. Smolker's Claim No. 392.

of Mr. Smolker's Claim No. 392, because the applicable statute of limitations expired long before the Petition Date.

38.    Moreover, section 558 permits a debtor to avail itself of all relevant personal defenses under applicable state and federal law, even when they are not specifically enumerated in the statute. 5 COLLIER ON BANKRUPTCY ¶ 558.01 (16th 2020) ("provides the trustee with every defensive weapon available to the debtor"). Such personal defenses are available to the estate and to the debtor personally as if the bankruptcy had not been filed. *In re ADI Liquidation, Inc.*, Case No. 14-12092 (KJC), 2015 Bankr. LEXIS 1611, at *11 (Bankr. D. Del. 2015) (section 558 permits debtor's prepetition setoff right to be exercised against claimant's post-petition claims, despite the limitations imposed by Bankruptcy Code § 553). Section 558 thus will also permit this Court to use Grace's personal defense of the Grace Cross-Complaint Dismissal Order's dismissal with prejudice of Grace as to the relevant Fifth Amended Cross-Complaint causes of action as a basis for disallowing Mr. Smolker's Claim No. 392. *See, e.g.*, *In re Walnut Equip. Leasing Co., Inc.*, Case No. 97-19699 (DWS), 2000 Bankr. LEXIS 1401, at *11-12 (Bankr. E.D. Pa. Nov. 1, 2000) (rejecting the argument that a defense must be enumerated in Bankruptcy Code section 558 for a debtor or trustee to utilize that defense); 5 COLLIER ON BANKRUPTCY ¶ 558.01.

### 3.    *This Court Should Disallow Mr. Smolker's Claim Based Upon the Superior Court's Final Judgment Dismissing Grace With Prejudice and the Prepetition Running of the Statute of Limitations*

39.    As discussed above, the Grace Cross-Complaint Dismissal Order's dismissal with prejudice of Grace and the fact that the applicable statute of limitations, Cal. Civ. Pro. Code § 340(3), had run no later than October 11-12 1997, more than three years before the Petition Date, each independently bar Mr. Smolker from commencing a new action against Grace in California state court (or any other forum) as to the relevant Fifth Amended Complaint causes of action.

40.    What's more, and as discussed above, these two statutes also work together to preclude a litigant whose case has been involuntarily dismissed pursuant to Cal. Civ. Pro. Code § 583.360. Simply put, a potential litigant in 1996-97 had one year pursuant to Cal. Civ. Pro. Code § 340(6) to file a complaint, and five years under Cal. Civ. Pro. Code § 583.310 to bring the matter to trial. The statute of limitations expires after one year, regardless of whether the litigant files a complaint. Thus, if the litigant does file a complaint, then fails to bring the matter to trial within the requisite five years, and the case is subsequently dismissed involuntarily, the litigant can never revive his complaint. And that is precisely what has happened in this matter: Mr. Smolker filed his complaint on October 10, 1997, on the eve of the statute of limitation's expiry. The statute ran on October 11-12, 1997. Mr. Smolker then failed to bring the matter to trial as to Grace within five years. The Superior Court dismissed the case with prejudice as to Grace, and the statute of limitations now precludes Mr. Smolker from ever reviving that case.

41.    For all of the foregoing reasons, applicable law likewise mandates the disallowance of Mr. Smolker's Claim No. 392 pursuant to Bankruptcy Code sections 502(b)(1) and 558. Therefore, this Court should disallow Mr. Smolker's claim.

III.    **MR. SMOLKER HAS NO FURTHER RECOURSE AGAINST MR. MORRIS AND TERMITE CONTROL, THEREFORE THEIR CONTINGENT CLAIMS SHOULD BE DISALLOWED**

42.    The facts supporting summary judgment in the disallowance of Termite Control's Claim No. 387 and Mr. Morris's Claim No. 4070 are also not in dispute. Both Termite Control's and Mr. Morris's claims for indemnity under California law were contingent on any award against them in the California State Court Litigation. Claim No. 387; Claim No. 4070.

43.    On September 29, 2017, Termite Control and Mr. Morris were dismissed as defendants in the California State Court Litigation. Termite Control Cross-Complaint Dismissal Order. The applicable statute of limitations, Cal. Civ. Pro. Code § 340(3), ran on October 11-12

1997, just after Mr. Smolker filed his cross-complaint, which means that Mr. Smolker is therefore barred by applicable California law from further prosecuting his Fifth Amended Complaint causes of action against Termite Control and Mr. Morris, whether in California state court or in any other forum.  Cal. Civ. Pro. Code § 340(6); Superior Court Docket.  Now that Mr. Smolker cannot ever secure a judgment against Mr. Morris and Termite Control as to the relevant Fifth Amended Complaint causes of action as a matter of applicable California law, the claims of Mr. Morris and Termite Control filed in this chapter 11 case are no longer contingent, and the proofs of claim do not state any other basis for allowance.  Grace submits that the Court should therefore disallow the claims of Mr. Morris and Termite Control pursuant to Bankruptcy Code section 502(b)(1).

## CONCLUSION

44.    The facts pertinent to this Court granting summary judgment and disallowing the claims of Mr. Smolker, Termite Control, and Mr. Morris are supported by multiple sources, including the Court's docket in this chapter 11 case, the relevant California State Court Litigation Docket Items, the Lewis Declaration, and Mr. Smolker's admissions in his various cross-complaints.  These facts are thus beyond any genuine dispute.  Mr. Smolker's Fifth Amended Cross-Complaint causes of action were dismissed with prejudice as to Grace, which precludes Mr. Smolker as a matter of California law from commencing any subsequent action in California state court (or in any other forum) as to those causes of action.  That dismissal with prejudice likewise provides the statutory basis under Bankruptcy Code sections 502(b)(1) and 558 to disallow Mr. Smolker's Claim No. 392.  It is equally undisputable that the statute of limitations ran more than three years prior to the Petition Date, which provides an entirely separate basis under Bankruptcy Code sections 502(b)(1) and 558 to disallow Mr. Smolker's claim.

45.    The claims of Mr. Morris and Termite Control should also be disallowed.  They have been dismissed from the California State Court Litigation.  Mr. Smolker is barred by the

applicable California statute of limitations from "reviving" his causes of action against Mr. Morris and Termite Control in any forum (whether California state court or otherwise), which means that their contingent claims against Grace cannot ever be allowed.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtor respectfully seeks the entry of an order substantially in the form attached to the Motion as Exhibit A, pursuant to Fed. R. Bankr. P. 7056: (i) granting the Reorganized Debtors' motion for summary judgment and disallowing the Claims; and (ii) granting such other relief as may be appropriate.

Dated:  August 3, 2020

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
516 N. Ogden Ave.
Suite 136
Chicago, IL 60642
Telephone: (312) 666-0431

And

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Reorganized Debtor