EXHIBIT C

**Lewis Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (AMC) |
| | ) | (Jointly Administered) |
| Reorganized Debtor. | ) | |
| | ) | **Hearing Date: September 22, 2020, at 2:00 p.m.** |
| | ) | **Objection Deadline: August 17, 2020** |

**THE DECLARATION OF ROSEMARIE S. LEWIS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. BANKR. P. 7056 FOR DISALLOWANCE OF CLAIM NO. 392, FILED BY GARY S. SMOLKER, AND RELATED CLAIMS, NOS. 382 AND 4070, FILED BY HOME SAVINGS TERMITE CONTROL, INC., AND WAYNE MORRIS, RESPECTIVELY**

| | |
|---|---|
| COUNTY OF LOS ANGELES | ) |
| | ) ss. |
| STATE OF CALIFORNIA | ) |

Rosemarie S. Lewis, after being duly sworn according to law, deposes and says:

1.     I am over the age of 18 and competent to testify.  I am the managing partner of the Los Angeles and Orange County offices of the law firm of Borton Petrini, LLP.  I have represented the Reorganized Debtor in the litigation commenced in captioned *TIG Insurance Company v. Gary Smolker, et al.*, Case No. BC 173952 (Los Angeles County Sup. Ct.) (Fruin, R.) (the "Superior Court Litigation"), and the subsequent appeals to the California Court of Appeal, Second Appellate District (the "Appellate Court") and thence to the California Supreme Court (the litigation collectively referred to herein as the "California State Court Litigation").  I received my bachelor's degree from the University of Southern California.  In 1991, I received my Juris Doctorate from Western State University with an emphasis in tax law.

2.     All facts set forth in this Declaration are based on my personal knowledge of the California State Court Litigation and on information supplied to me by employees of and/or

---

[1]     W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case.

professionals retained by the Reorganized Debtor in the above-captioned chapter 11 case. If called upon to testify, I could and would testify competently to the facts and opinions contained herein. This declaration is filed in support of the Reorganized Debtor's *Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 For Disallowance of Claim No. 392, Filed by Gary S. Smolker, and Related Claims, Nos. 387 and 4070, Filed by Home Savings Termite Control, Inc., and Wayne Morris, Respectively* (the "Motion"), filed concomitantly herewith.[2]

### THE CALIFORNIA STATE COURT LITIGATION DOCKETS, OPINIONS, AND OTHER RELEVANT DOCKET ITEMS

3.      The documents listed below are attached as exhibits to this Declaration. The Memorandum respectfully requests the Court take judicial notice of each of these documents:[3]

   a. Attached as Exhibit C-1 is the docket from the Superior Court Litigation, which was obtained on June 4, 2020, from the Superior Court's website at www.lacourt.org (the "Superior Court Docket").

   b. Attached as Exhibit C-2 is the *First Amended Cross-Complaint for Equitable Relief and Damages*, filed by Gary S. Smolker on or about November 4, 1997 (the "First Amended Complaint").

   c. Attached as Exhibit C-3 is the *Second Amended Cross-Complaint*, filed by Gary S. Smolker on or about July 12, 1998 (the "Second Amended Complaint").

---

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Motion or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

[3]    All documents attached as exhibits are copies obtained from my law firm's files unless the source is otherwise indicated.

d. Attached as <u>Exhibit C-4</u> is the *Fifth Amended Cross-Complaint for Equitable Relief and Damages*, filed by Gary S. Smolker on or about August 12, 1999 (the "<u>Fifth Amended Complaint</u>").

e. Attached as <u>Exhibit C-5</u> is the *Order for Bifurcation*, entered by the Superior Court on January 5, 2000 (the "<u>Bifurcation Order</u>").

f. Attached as <u>Exhibit C-6</u> is the *Rulings and Order on Demurrers and Motions to Strike to Fifth Amended Cross-Complaint*, entered by the Superior Court on November 4, 1999 (the "<u>Cross-Complaint Demurrer Order</u>").

g. Attached as <u>Exhibit C-7</u> is the *Order Motion to Dismiss For Failure To Bring Action To Trial Within Five Years As Required By Code Of Civil Procedure §583.310, §583.360*, entered January 17, 2017, which dismissed the Superior Court Litigation as to Grace "with prejudice" (the "<u>Grace Cross-Complaint Dismissal Order</u>").

h. Attached as <u>Exhibit C-8</u> is the minute order captioned *Partial Judgment (not entire case) (Jgmt Dismissing Cross-Compl Against Cross-Defts Home Saving Termite Control and W.F. Morris)*, dated September 29, 2017, and entered on the Superior Court Docket on November 17, 2017, which dismissed the Superior Court Litigation as to Home Savings Termite Control, Inc. ("<u>Termite Control</u>") and Wayne Morris (who owns and operates Termite Control) (the "<u>Termite Control Cross-Complaint Dismissal Order</u>").

i. Attached as <u>Exhibit C-9</u> is the docket of the appeal by Gary S. Smolker to the California Court of Appeals, Second Division (the "<u>California Appellate Court</u>") captioned *Smolker v. W. R. Grace & Co. et al.*, Case No. B281406 (Cal. Ct. App.

3

2nd), which was obtained on June 4, 2020, from the Appellate Court's website at appellatecases.courtinfo.ca.gov (the "Grace Cal. App. Docket").

j.  Attached as Exhibit C-10 is the *Notice of Motion and Motion to Consolidate Appeal Cases For Oral Argument and for Order Ordering Attorney Rosemarie S. Lewis, Borton Petrini LLP, Borton Petrini & Conron LLP, Kirkland & Ellis LLP, Attorney Roger J. Higgins, Law Offices Of Roger Higgins LLP, Pachulski Stang Ziehl & Jones LLP, and W.R. Grace & Co. and Grace Davidson to Pay Appellant Gary Smolker $1,242,787.00 for Detriment Caused to Appellant by Their Unethical, Unlawful and Illegal Conduct*, filed on the Grace Cal. App. Docket by Gary S. Smolker on or about October 22, 2019 (the "Smolker Costs Motion").

k.  Attached as Exhibit C-11 is the California Appellate Court's order denying the Smolker Costs Motion, entered on the Superior Court Docket on November 5, 2019 (the "Cal. App. Ct. Costs Denial Order").

l.  Attached as Exhibit C-12 is the docket of Mr. Smolker's appeal to the Appellate Court captioned *Smolker v. Home Savings Termite Control Inc. et al.*, Case No. B287626 (Cal. Ct. App. 2nd), which was obtained on June 4, 2020, from the Appellate Court's website at appellatecases.courtinfo.ca.gov (the "Termite Control Cal. App. Docket").

m.  Attached as Exhibit C-13 is the docket of Mr. Smolker's appeal to the Appellate Court captioned *Truck Insurance Exchange et al. v. Smolker*, Case No. B286138 (Cal. Ct. App. 2nd), which was obtained on June 4, 2020, from the Appellate Court's website at appellatecases.courtinfo.ca.gov. (the "Truck Insurance Cal. App. Docket").

n. Attached as <u>Exhibit C-14</u> is the California Appellate Court's unpublished opinion captioned *Smolker v. W. R. Grace & Co.*, Nos. B281406, B286138, B287626, 2020 Cal. Unpub. LEXIS 439 (Cal. App. 2nd 2020), *pet. rev. denied, Smolker v. W.R. Grace & Co.*, No. S261006, 2020 Cal. LEXIS 3042 (Cal. 2020), a copy of which was obtained from LEXIS (the "<u>2020 Cal. App. Op.</u>").

o. Attached as <u>Exhibit C-15</u> is the *Petition for Review of the Decision of the Court of Appeal, Second Appellate District, Division Seven filed on January 22, 2020 in Appeal Cases B281406, B286138, and B287626*, filed by Mr. Smolker on or about March 3, 2020, in the California Supreme Court (the "<u>Smolker S. Ct. Petition</u>").

p. Attached as <u>Exhibit C-16</u> is the docket of the California Supreme Court in the appeal captioned *Smolker v. W. R. Grace & Co.* (Case No. S261006) (Cal.), which was obtained on June 4, 2020, from the California Supreme Court's website at appellatecases.courtinfo.ca.gov (the "<u>Cal. S. Ct. Docket</u>").

q. Attached as <u>Exhibit C-17</u> is the *Remittitur* filed by the Clerk of the Court for the California Appellate Court, stating that the decision in the Superior Court Litigation was now final (the "<u>Remittitur</u>").

r. Attached as <u>Exhibit C-18</u> is the California Appellate Court's unpublished opinion captioned *Smolker v. Pacific Villas Homeowners Ass'n, et al.*, 2007 Cal. App. Unpub. LEXIS 3056, 2007 WL 809683 (Cal. App. 2nd 2007) (the "<u>2007 Cal. App. Op.</u>"), a copy of which was attached as <u>Exhibit C</u> to the Objection. The copy attached hereto was obtained from LEXIS.

s.    Attached as <u>Exhibit C-19</u> is the *Amicus Letter In Support of Petition for Review: Gary Smolker, Cross-Complainant & Appellant vs Home Saving Termite Control, Inc. & W. F. Morris Cross-Defendant & Respondents*, dated March 16, 2020 (the "March 16th Amicus Letter").

t.    Attached as <u>Exhibit C-20</u> is the *Amicus Letter In Support of Petition for Review: Gary Smolker, Cross-Complainant & Appellant vs Home Saving Termite Control, Inc. & W. F. Morris Cross-Defendant & Respondents*, dated May 31, 2020 (the "May 31st Amicus Letter").

## PROFFER IN SUPPORT OF PROPOSED FINDINGS OF FACT

### I.   THE TERMITE EXTERMINATION

4.    In 1996, Gary S. Smolker and his then-wife, Alice Graham, owned a condominium unit in Pacific Villas, a six-unit condominium complex in Playa del Rey, California. First Amended Complaint at ¶ 1. The property was a multi-story building, the common areas of which were owned in undivided equal interests by the six unit owners, and the maintenance and governance of which was overseen by the Pacific Villas Homeowners Association (the "PVHOA"). Second Amended Complaint at ¶ 6; Fifth Amended Complaint at ¶ 3; 2007 Cal. App. Op. at *4. PVHOA arranged for the hiring of Termite Control to treat the complex for termite infestation using an amorphous silica dust used to dehydrate and permanently eradicate termites. Fifth Amended Complaint at ¶¶ 18-19; 2007 Cal. App. Op. at *5. Mr. Smolker alleged in his various cross-complaints that Termite Control used a silica dust product that Grace's Davison division allegedly manufactured, and which Mr. Smolker called Syloid 244 ("Syloid").[4] Fifth Amended Complaint at ¶ 69; 2007 Cal. App. Op. at *7.

---

[4]    All further references in this Declaration and in the *Memorandum of Law* to Grace includes the Grace Davison division (sometimes referred to in the California State Court Litigation Docket Items as "Davidson").

5.     The California Appellate Court described the extermination process, which Mr.

Smolker has asserted occurred on October 11-12, 1996:

> In October 1996, Termite Control carried out the extermination to
> the condominium complex by injecting Syloid 244 dust through
> drilled holes in the common area, garage, and walls of the units.
> Manufactured by W. [R.] Grace & Company and Grace Davison
> (collectively Grace), Syloid 244 is a trade name for silica aerogel.
> During the course of the extermination and in the subsequent
> remodel of his kitchen, Fredericks, president of PVHOA, observed
> the pesticide dust escape into units through some unsealed drill
> holes, phone jacks, light sockets, cracks, electrical outlets, and
> settle in the electrical box and dumb waiter. Fredericks arranged
> for Termite Control and a handyman to repair any unsealed holes.

2007 Cal. App. Op. at *6-7; First Amended Complaint at ¶ 3(b) (date of extermination); Fifth

Amended Complaint at ¶¶ 93, 99, and 101 (same).

6.     In late 1996 or early 1997, Mr. Smolker complained to PVHOA that he, Ms.

Graham, and their children were suffering certain adverse health effects, which they attributed to

the pesticide. First Amended Complaint at ¶¶ 18-20, 93; 2007 Cal. App. Op. at *7. In particular,

the California Appellate Court stated that:

> In 1997, otorhinolaryngologist Eugene Freed, M.D., diagnosed
> Smolker, who was otherwise healthy, with irritation by chemicals
> encountered in his condominium from the termite treatment, and
> prescribed a course of potassium iodine drops. In 1998,
> dermatologist Letantia Bussell, M.D., assessed Smolker with
> "contact dermatitis by history-possibly secondary to pest repellant"
> and prescribed Cordran lotion. In 1998, toxicologist Nachman
> Brautbar, M.D., concluded that Smolker had airway hyperactivity
> to chemicals. Although Dr. Brautbar believed Smolker's dry skin
> was likely due to exposure to the silica gel, he was unable to
> ascertain whether Smolker's airway hyperactivity and dizziness
> arose from exposure to cleaning solutions and smoke at his office
> building or to the pesticide at his condominium unit.

2007 Cal. App. Op. at *7 n.6.

7.     The president of the PVHOA asked the chief inspector for the Los Angeles

County Fire Department's Hazardous Materials Section to investigate potential harmful

contamination from the Syloid silica dust. 2007 Cal. App. Op. at *8-9. Thereafter, the industrial

hygienist:

> [C]onducted a visual inspection of the premises and concluded
> there was no reason for any health concerns with respect to the
> way the pesticide was applied. The hygienist advised Fredericks
> [the president of the PVHOA] that 'you would have to breath[e] in
> a cloud of the product before it would bother you.' The Health
> Department further declined to authorize testing of the exposure
> levels, finding it 'totally unnecessary.' Fredericks then attempted
> to obtain private testing of the pesticide. AAA Superior Air
> Systems responded and collected the dust samples, but ultimately
> declined to test the material because of interference by Smolker
> and fear that he would sue the business.

*Id.* at *9.

8. This was not the end of the matter:

> Throughout 1997, Smolker demanded that PVHOA, the other
> condominium owners, Termite Control, Grace, Grace Davison, all
> their respective insurance carriers and the Smolkers' own
> insurance carriers pay for the following: tearing down his interior
> walls;  sealing the pesticide in the walls; installing and painting
> new interior walls; removing the air handling equipment; providing
> and operating a filtering system to remove any pesticide dust in
> their unit while the Smolkers lived elsewhere; and removing and
> replacing all personal property exposed to the pesticide dust,
> including all carpeting, soft furniture and children's soft toys.

*Id.* at *9-10; First Amended Complaint at ¶¶ 18-20.

9. Mr. Smolker raised other allegations relating to certain roof repairs, pipe repairs,

and mold abatement that, upon information and belief, did not implicate Grace, Termite Control,

or Mr. Morris. Fifth Amended Complaint, *passim*; 2007 Cal. App. Op. at *9-11.

## II.    COMMENCEMENT OF THE CALIFORNIA STATE COURT LITIGATION

10. On March 14, 1997, Mr. Smolker made a written claim against TIG Insurance

Company ("TIG"), the parent company of Truck Insurance Exchange, the insurer of the

homeowner's association to which Mr. Smolker belonged for certain alleged property damage

associated with termite extermination that occurred on October 11-12, 1996. First Amended Complaint at ¶ 60. The California State Court Litigation began on July 2, 1997, when TIG filed a declaratory relief action in the Superior Court in connection with its denial of coverage for Mr. Smolker's insurance claims concerning his condominium. 2020 Cal. App. Op. at *11-12; Superior Court Docket. On October 10, 1997, Mr. Smolker and Ms. Graham filed a cross-complaint against, *inter alia*, Grace, Termite Control, and Mr. Morris. 2020 Cal. App. Op. at *12; Superior Court Docket. On November 4, 1997, Mr. Smolker and Ms. Graham cross-complained against two insurers, TIG and the Coregis Entities (the collective name given in the 2020 Cal. App. Op. to Coregis Group, Inc., Coregis Insurance Company, and California Insurance Company) in their first amended cross-complaint. First Amended Complaint; Superior Court Docket; 2020 Cal. App. Op. at *2-3. In May 1999, in their fourth amended cross-complaint, they asserted claims against Interinsurance Exchange of the Automobile Club of Southern California (referred to in the 2020 Cal. App. Op. as "Auto Club"). 2020 Cal. App. Op. at *3; Superior Court Docket.

11.    The Second Amended Complaint, which Mr. Smolker had filed in July 1998, had named two Grace employees, Albert J. Castello and James R. Hyde. Second Amended Complaint *passim*. In November 1999, the Superior Court sustained demurrers from Mr. Castello and Mr. Hyde without giving leave to Mr. Smolker to further amend as to them. Indeed, the court "ordered Smolker to no longer name Castello and Hyde in subsequent cross-complaints." 2007 Cal. App. Op. at *12-13; Superior Court Docket.

12.    On August 13, 1999, after "several rounds of demurrers and grants of leave to amend," Smolker filed his Fifth Amended Cross-Complaint "for equitable relief and damages alleging 31 causes of action." 2007 Cal. App. Op. at *13 & n.9; Superior Court Docket; Fifth

Amended Complaint.  Many of those causes of actions were dismissed after demurrers by various cross-defendants, including the 31st cause of action, interference, against Grace.  2007 Cal. App. Op. at *13 & n.9; Superior Court Docket; Cross-Complaint Demurrer Order.

13.    On January 5, 2000, the Superior Court bifurcated the case into what it designated a "First Phase" and a "Second Phase."  2020 Cal. App. Op. at *3; Superior Court Docket; Bifurcation Order.  The court placed Grace, Termite Control, and Mr. Morris in the First Phase, and deferred the issues in the complaint and cross-complaints involving TIG, the Coregis Entities, and Auto Club until the Second Phase.  2020 Cal. App. Op. at *3; Bifurcation Order. The court stayed the Second Phase "until either 20 days after a jury verdict in the First Phase, or 20 days after a Judgment is entered after a bench trial in the First Phase, whichever occurs first." Bifurcation Order; 2020 Cal. App. Op. at *3.

14.    As of the Petition Date, there were only three Fifth Amended Complaint causes of action remaining as to Grace: (i) cause of action no. 8, strict liability; (ii) cause of action no. 9, negligence; and (iii) cause of action no. 30, fraud.  Cross-Complaint Demurrer Order; Superior Court Docket; Fifth Amended Cross-Complaint; 2007 Cal. App. Op. at *12-13; 2020 Cal. App. Op. at *2-4.

15.    In December 2000, the Superior Court granted summary judgment in favor of PVHOA. 2007 Cal. App. Op. at *15-16; Superior Court Docket (order entered January 8, 2001). Mr. Smolker subsequently appealed that order.  2007 Cal. App. Op. at *3; Superior Court Docket.[5]  His appeal was later denied by the California Appellate Court in its 2007 Cal. App. Op. *Id.*; Superior Court Docket.

---

[5]    There were also cross-appeals by other parties on issues not relevant to the relief requested in the Summary Judgment Motion.

### III.    THE DECEMBER 2001 STATE COURT TRIAL

16.    On December 3, 2001, the Superior Court empaneled a jury for trial as to the Phase One defendants other than Grace (due to the automatic stay then pending).  Superior Court Docket.  On December 11, 2001, the Superior Court declared a mistrial.  Superior Court Docket.

### IV.    DISMISSAL OF THE CALIFORNIA STATE COURT LITIGATION FOR A FAILURE TO BRING THE MATTER TO TRIAL

17.    On March 4, 2015, the Bankruptcy Court entered its *Order Lifting Injunction in Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker. et al., Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)* [Docket No. 32518] (the "Lift Injunction Order"), which permitted the California State Court Litigation to proceed to final judgment.  2020 Cal. App. Op. at *5.  In the succeeding eighteen months, Mr. Smolker did nothing to bring his cross-complaints to trial.  *Id.*  On November 18, 2016, Grace filed a motion requesting the Superior Court dismiss Mr. Smolker's cross-complaints "on the ground that Smolker had not brought them to trial within five years as required by Code of Civil Procedure section 583.310."  *Id.* at *5; Superior Court Docket.  On January 17, 2017, the Superior Court granted Grace's motion to dismiss, and dismissed Mr. Smolker's cross-complaints with prejudice as to Grace.  2020 Cal. App. Op. at *5; Grace Cross-Complaint Dismissal Order; Superior Court Docket.  Mr. Smolker subsequently appealed the Grace Cross-Complaint Dismissal Order (which was later consolidated with the Termite Control/Mr. Morris appeal and the appeal of the insurance companies).  2020 Cal. App. Op. at *5; Superior Court Docket.

18.    On April 6, 2017, Mr. Smolker filed a motion in the Superior Court to set a trial date for the remaining Phase One defendants, Termite Control and Mr. Morris.  2020 Cal. App. Op. at *5-6; Superior Court Docket.  The court set October 2, 2017, as the trial date.  2020 Cal. App. Op. at *6; Superior Court Docket.  On July 3, 2017, Termite Control and Mr. Morris filed a

motion seeking discretionary dismissal of Mr. Smolker's cross-complaints against them for a failure to comply with Cal. Civ. Pro. Code § 583.420, because he did not bring the cross-complaints back to trial in the Superior Court within the period of two years specified by that statute. 2020 Cal. App. Op. at *6; Superior Court Docket. On November 17, 2017, the Superior Court granted that motion and dismissed Mr. Smolker's cross-complaints against Termite Control and Mr. Morris. 2020 Cal. App. Op. at *6; Termite Control Cross-Complaint Dismissal Order; Superior Court Docket. Mr. Smolker subsequently appealed that order, which was later consolidated with the other two appeals (Grace and the insurance companies) of dismissal orders. 2020 Cal. App. Op. at *6; Superior Court Docket.

## V.    THE JUDGMENT IN THE CALIFORNIA STATE COURT LITIGATION IS FINAL

19.    On October 22, 2019, Mr. Smolker filed his Smolker Costs Motion on the Grace Cal. App. Docket, in which he sought $1,242,787.00 in costs from the law firms representing Grace in the California State Court Litigation and in the above-captioned chapter 11 case. On November 3, 2019, the California Appellate Court entered its order denying the Smolker Costs Motion, in which it noted that no opposition had been filed. Cal. App. Ct. Costs Denial Order; Grace Cal. App. Docket.

20.    On January 22, 2020, the California Appellate Court denied Mr. Smolker's appeals of both the Grace and Termite Control Cross-Complaint Dismissal Orders. 2020 Cal. App. Op. at *2. On March 3, 2020, Mr. Smolker filed a petition with the California Supreme Court for review of California Appellate Court's opinion affirming the dismissal of the Grace and Termite Control Cross-Complaint Dismissal Orders. Cal. S. Ct. Docket; Smolker S. Ct. Petition.

21.    On March 16, 2020, Michael Arlen sent his March 16th Amicus Letter to the California Supreme Court in support of the Smolker S. Ct. Petition.  The Arlen March 16th Amicus Letter is not filed on the Cal. S. Ct. Docket.

22.    On April 29, 2020, the California Supreme Court denied the Smolker S. Ct. Petition as to Grace.  Cal. S. Ct. Docket; Grace Cal. App. Docket.  On May 4, 2020, the Clerk of the California Appellate Court certified that the 2020 Cal. App. Op. was final.  Remittitur; Grace Cal. App. Docket.

23.    On May 31, 2020, Mr. Arlen sent the May 31st Amicus Letter to the California Supreme Court, seeking still further review of the 2020 Cal. App. Op., which had sustained the Grace Cross-Complaint Dismissal Order.  May 31st Amicus Letter.  The May 31st Amicus Letter is not filed on the Cal. S. Ct. Docket.

**[remainder of page left intentionally blank]**

24.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____    8·1·2020
Rosemarie S. Lewis
Managing Partner
Borton Petrini, LLP


SWORN AND SUBSCRIBED before me,
this ___th day of July 2020

_please See attachment_____
Notary Public

My Commission Expires:    _____

14

# California Jurat Certificate

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

**County of** *Los Angeles*                                S.S.

Subscribed and sworn to (or affirmed) before me on this _01st_ day of _August_,
<br>Month

20 _20_, by _Rosemarie Suazo Lewis_ ───────────── and
<br>Name of Signer (1)

───────────────────────────, proved to me on the basis of
<br>Name of Signer (2)

satisfactory evidence to be the person(s) who appeared before me.

_Hugo Rodriguez_
<br>Signature of Notary Public

HUGO A. RODRIGUEZ
Notary Public - California
Los Angeles County
Commission # 2324728
My Comm. Expires Mar 16, 2024

For other required information (Notary Name, Commission No. etc.)

Seal

─────── OPTIONAL INFORMATION ───────

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.*

**Description of Attached Document**

The certificate is attached to a document titled/for the purpose of

_Declaration of Rosemarie S._
_Lewis_

containing _14_ pages, and dated _08/01/2020_

**Additional Information**

Method of Affiant Identification

Proved to me on the basis of satisfactory evidence:
⊖ form(s) of identification  ○ credible witness(es)

Notarial event is detailed in notary journal on:

Page # _72_ Entry # _3_
Notary contact: _562 982 1430_

Other

☐ Affiant(s) Thumbprint(s)  ☐ Describe: _____

© 2009-2015 Notary Learning Center - All Rights Reserved        You can purchase copies of this form from our web site at www.TheNotarysStore.com