**Exhibit C-5**

**Bifurcation Order**

1 | **Murawski & Grey, LLP**
David M. Grey, SB # 124793          RECEIVED
2 | Roberta L. Murawski, SB # 141721
11755 Wilshire Boulevard, Suite 1400 DEC 2 7 1999
3 | Los Angeles, California 90025-1520
(310) 477-5455 ● Fax (310) 479-6469 DEPT. 15
4 |
Attorneys for Cross-defendant and Cross-complainant
5 | PACIFIC VILLAS HOMEOWNERS' ASSOCIATION

<table>
<tr><td>F I L E D<br>..NGELES SUPERIOR COU<br>JAN 0 5 2000<br>JOHN A. CLARKE, CLE'</td></tr>
</table>

6

7

8 |           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |               FOR THE COUNTY OF LOS ANGELES

10 |  **ORIGINAL**

11

12

13 | TIG INSURANCE COMPANY, a California | Case No.  BC 173952
Corporation,
14 |                                   | ASSIGNED TO JUDGE FRUIN -
                Plaintiff,            | DEPARTMENT 15
15 | vs.                               | [PROPOSED] ORDER FOR
                                      | BIFURCATION
16 | GARY SMOLKER, an individual, and
ALICE SMOLKER, an individual, and   | Complaint Filed: July 2, 1997
17 | DOES 1-10, inclusive,              | Trial Date: July 31, 2000
18 |                Defendants.
19
20 | AND RELATED CROSS-ACTIONS.
21
22 |     THIS MATTER came before the Court, the Honorable Richard L. Fruin, on the Court's
23 | own motion regarding bifurcation of this case pursuant to Code of Civil Procedure §598, on
24 | December 21, 1999 at 8:30 a.m. in Department 15.
25 |     Based upon the status of the pleadings, the identities of the parties, the facts of the
26 | case as alleged, and the comments of counsel, the Court finds, pursuant to Code of Civil
27
28 |                                        1

ORDER FOR BIFURCATION

Procedure §598, that the ends of justice, and the economy and efficiency of handling the litigation will be promoted by an order bifurcating the case.

THEREFORE, IT IS ORDERED:

**ORDERS REGARDING BIFURCATION**

1.      The issues in the Cross-Complaints against W.R. Grace & Co. and Grace Davison, Home Savings Termite Control, Inc., Wayne F. Morris, Rikk Thompson, and the Pacific Villas Homeowners Association are hereby bifurcated from the remainder of this action.  For convenience, the issues involving these parties shall be called "the First Phase."

2.      The First Phase shall be scheduled for trial on July 31, 2000, at 9:00 a.m., in Department 15.  The Final Status Conference shall take place on July 21, 2000 at 8:30 a.m. in Department 15.  All documents required to be filed in advance of the Final Status Conference shall be filed and served no later than July 17, 2000.

3.      The issues in the Complaint and Cross-Complaints against all other parties, namely, TIG Insurance Company, Coregis Group, Inc., Coregis Insurance Company, California Insurance Company, Reliance Insurance Company, Truck Insurance Exchange, and the Interinsurance Exchange of the Automobile Club, called "the Second Phase," shall be deferred for a subsequent trial, and are hereby stayed.

4.      The stay for the Second Phase shall continue until either 20 days after a jury verdict in the First Phase, or 20 days after a Judgment is entered after a bench trial in the First Phase, whichever occurs first.

5.      Gary and Alice Smolker will be parties in both the First and Second Phases.

**ORDERS REGARDING DISCOVERY IN THE FIRST PHASE**

6.      The parties in the First Phase shall continue with all discovery necessary to the First Phase.

2

1       7.    The parties in the First Phase shall serve all discovery requests and responses

2   upon the all parties, including the Second Phase parties.   It is not necessary for the First

3   Phase parties to serve discovery law and motion pleadings upon the Second Phase parties.

4       8.    The parties in the Second Phase shall have the right to attend any depositions

5   noticed in the First Phase discovery; however, the Second Phase parties shall not have the

6   right to ask any questions during those depositions.

7       9.    There shall be one, consolidated site inspection of the Pacific Villas

8   condominium premises for both Phases.   All parties must participate in that site inspection.

9   (or waive their right).

10  ## ORDERS REGARDING DISCOVERY IN THE SECOND PHASE

11      10.    All discovery *by or against* for the Second Phase parties is stayed until either 20 days after a

12  jury verdict in the First Phase, or until 20 days after the entry of a Judgment in a bench trial

13  in the First Phase.

14      11.    The time periods for responding to any outstanding discovery, or for filing any

15  motions to compel any outstanding discovery for the Second Phase parties, shall be tolled as

16  of December 21, 1999.   The tolling shall cease, and the time shall begin to run again, when

17  the stay is lifted as set forth in paragraph 10 of this Order.   Each party shall be responsible

18  for keeping track of its own dates, when they are tolled, and when they begin to run again.

19      12.    To the extent any Second Phase parties have any discovery motions on file as

20  of December 21, 1999, those motions must be renoticed for a time after the discovery stay is

21  lifted as set forth in paragraph 10 of this Order.

22

23  ## OTHER ORDERS

24      13.    The Court may make other orders to clarify and enforce this bifurcation.

25      14.    Counsel for Pacific Villas Homeowners Association shall prepare a Proposed

26  Order and file and serve it on all parties by December 28, 1999.   Any oppositions to the

27  Proposed Order shall be filed by January 4, 2000.

28                                3

ORDER FOR BIFURCATION

15.    A hearing on the Proposed Order shall be held on January 5, 2000, at 9:00 a.m. in Department 15.

DATED: *Jan. 5, 2000*

RICHARD L. FRUIN
SUPERIOR COURT JUDGE

4

ORDER FOR BIFURCATION