# Exhibit C-6

## Cross-Complaint Demurrer Order

**FILED**

LOS ANGELES SUPERIOR COURT

NOV 0 4 1999

JOHN A. CLARKE CLERK

BY F. Aldana DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TIG INSURANCE COMPANY, a California Corporation,<br><br>                              Plaintiff,<br><br>    vs.<br><br>GARY SMOLKER, an individual, and ALICE SMOLKER, an individual, and DOES 1-10, inclusive,<br><br>                              Defendants. | Case No. BC 173952<br><br>**RULINGS AND ORDER ON DEMURRERS AND MOTIONS TO STRIKE TO FIFTH AMENDED CROSS-COMPLAINT**<br><br>**NOTICE OF STATUS CONFERENCE** |
| GARY SMOLKER and ALICE SMOLKER,<br><br>                 Cross-complainants,<br><br>    vs.<br><br>HOME SAVING TERMITE CONTROL, INC., et al.,<br><br>                 Cross-defendants. | |

Demurrers and motions to strike addressed to the Fifth Amended Cross-Complaint were taken under submission after hearings held on October 22, 26 and 27. The court makes the following rulings with respect to those demurrers and motions to strike.

///

///

-1-

The Fifth Amended Cross-Complaint, to the extent relevant here, alleges:

Cross-complainants Gary and Alice Smolker, husband and wife, (Smolkers) and certain cross-defendants own condominium units in a six-unit condominium complex located at 15 63rd Ave., Playa del Rey. The Smolkers for more than 20 years have owned unit No. 4. (5th A. Cross-Complaint, paras. 60, 61.)

The condominium owners own undivided equal interests in the common areas of the condominium complex. They have delegated control and management of the common areas of the condominium complex to their homeowners' association, cross-defendant Pacific Villas Homeowners' Association (Pacific Villas). The individual owners are alleged nonetheless to be subject to nondelegable duties to manage their property to avoid injury to others, as are all property owners. (para. 62.)

The condominium complex and in particular its common areas have been subject to various structural perils including termites. (para. 65.) Pacific Villas, with the approval of the individual unit owners other than the Smolkers, hired an independent contractor, the cross-defendant Home Saving Termite Control, Inc. ("Termite Control"), to apply a chemical treatment to the condominium complex including its common areas to eradicate the termites. (paras. 66, 18.) Termite Control, in October, 1996, in the course of its pesticide application, allowed the circulation of poisonous substances into the common areas and the Smolkers' unit (through structural holes that already existed and holes made by Termite Control). (e.g. paras. 19, 20.) The Smolkers allegedly were injured by their exposure to the pesticide (para. 67 and 93), which included SYLOID 244, allegedly a toxic substance that Termite Control used in violation of state and/or federal regulation. (para. 69, 73 and 74)

///

///

1    Pacific Villas purchased and had in effect during the relevant period an insurance

2    policy to pay medical expenses for injuries arising from the operations of the condominium

3    complex. (para. 136.)

4

5    The condo owners, as homeowners, are alleged to have caused the Smolkers' injuries

6    by making ordinary use of their condominium premises, such as walking in the common

7    area hallways and opening and closing their doors to the hallways.  These activities are

8    alleged to have spread the insecticide residue through the common areas and into the

9    Smolkers' residence. (para. 21.)  Smolker advised the other condo owners of this hazard but

10   they refused to remediate the allegedly dangerous condition caused by the residual

11   pesticide. (para. 22, 23, 69, 70.)

12

13   Cross-defendant Virginia Cipriano since July, 1996 has owned unit No. 1. (para. 61.)

14   Cross-defendants Gerald W. Ivory and Angela Jordan Verdun for more than five years have

15   owned unit No. 2.  (para. 61.)  Cross-defendant Joseph Bailey for more than 10 years has

16   owned unit No. 3. (para. 61.)  Cross-defendant Lance Robbins during the relevant period

17   owned unit No. 5 and resided there with his wife. (para. 10.)  Cross-defendant Carol Kay

18   owned and with her husband Samuel Eskenazi resided in unit No. 6 from January 1, 1996

19   through about December, 1997. (para. 1.)  In December, 1997 Kay sold unit No. 6 to James

20   and Julie Holland. (para. 7.)  The Hollands rented their unit in 1997 and 1998 and

21   commenced residence in their condominium in 1999. (Id.)

22

23   Cross-defendant Matthew John Fredericks since January, 1996 has owned a unit in

24   the condominium complex. (para. 13.)  Fredericks, as the president of Pacific Villas,

25   personally monitored Termite Control's application of the pesticide in the condominium

26   complex and allegedly understood that the pesticide was being "blasted" into the individual

27   units. (para. 76.)

28   ///

The owners of the common areas of the condominium complex currently or during the relevant period are alleged to be the demurring cross-defendants Hollands, Robbins, Bailey, Fredericks and Cipriano; and cross-defendants Verdun and Ivory. These parties collectively are identified as the "Current Operators" and, without Cipriano, as "Current Residents." (paras. 65, 68.)  The Current Residents, Cipriano and Pacific Villas are identified as "Current Residents Plus." (para. 69.)

Kay during her ownership of unit No. 6 had in effect a homeowners' liability policy issued by cross-defendant Allstate Insurance Company (Allstate). (para. 5.)  The Hollands after purchasing unit No. 6 had in effect a homeowners' insurance policy issued by cross-defendant State Farm Fire and Casualty Company (State Farm). (para. 7.)  Robbins, owner of unit No. 5, also had in effect a homeowners' insurance policy issued by State Farm. (para. 10.) Fredericks, from 1996 onward, had in effect a homeowners' insurance policy issued by cross-defendant Interinsurance Exchange of the Automobile Club (Auto Club). (para. 12.)   The Smolkers allege that they are entitled to benefits under the medical payments provisions of these policies.

A.    RULING ON DEMURRERS TO FIFTH AMENDED CROSS-COMPLAINT BY CROSS-DEFENDANTS KAY, CIPRIANO, BAILEY, HOLLAND, ROBBINS AND FREDERICKS:

The Smolkers allege causes of action against the demurring cross-defendants Kay, Cipriano, Bailey, Holland, Robbins and Fredericks as follows:

For negligence, in the 11th cause of action;

For nuisance, in the 12th cause of action;

For abatement of nuisance, in the 13th cause of action;

For trespass, in the 14th cause of action;

-4-

1    For assault and battery, in the 15th cause of action;

2    For wrongful eviction and waste, in the 16th cause of action;

3    For contribution and imposition of lien, in the 17th cause of action.

4

5    The court, upon requests by cross-defendants Holland and Robbins under Evidence

6    Code section 452, takes judicial notice of the Condominium Plan including the Declaration

7    of Covenants, Conditions and Restrictions ("CC&Rs") of the Pacific Villas Homeowners'

8    Association, on file with the Los Angeles County Recorder as Document 77-21938, as

9    attached as Exhibit B to Request for Judicial Notice in Support of Robbins' Demurrer filed

10   September 1, 1999.

11

12   The pleaded facts predicate liability against the owners of the individual

13   condominium owners based solely upon a hazardous condition in the common areas of the

14   condominium complex. The homeowners' association is responsible for maintaining and

15   thus for abating any hazardous condition in the common areas, Civil Code section 1364;

16   the individual unit owners have statutory civil liability protection for torts arising by reason

17   of their tenancy-in-common ownership of the common areas, provided the association

18   maintains the prescribed insurance, Civil Code section 1365.9; and see White v. Cox (1971)

19   17 Cal.App.3d 824; Francis T. v. Village Green Owners Assn. (1986) 42 Cal.3d 490.

20   Pacific Villas maintained the requisite insurance, as the Smolkers allege (para. 136) and as

21   their counsel conceded during the oral argument on the demurrers.

22

23   Fredericks, although the association president, is not alleged to have knowingly

24   caused injury to the Smolkers. He is not personally liable merely because he was a director

25   and the president of the association at the time of the pesticide application to the

26   condominium complex. Francis T. v. Village Green Owners Assn., id.

27   ///

28   ///

The court SUSTAINS WITHOUT LEAVE TO AMEND general demurrers against cross-complainants Smolkers with respect to each and all of these causes of action in favor of cross-defendants Kay, Cipriano, Bailey, Holland, Robbins and Fredericks. The court therefore dismisses those cross-defendants from the action.

The motions to strike filed concurrently with these demurrers are moot, as the court has dismissed the action as against the demurring unit owners.

Kay's motion for sanctions against the Smolkers under CCP 128.7 is denied.

**B.    RULINGS ON DEMURRERS TO FIFTH AMENDED CROSS-COMPLAINT BY CROSS-DEFENDANTS ALLSTATE AND STATE FARM:**

The Smolkers allege causes of action against Allstate and State Farm, as follows:

1.    Against Allstate, for breach of contract and for breach of the implied covenant of good faith and fair dealing in the first and second causes of action; and

2.    Against State Farm, for breach of contract and for breach of the implied covenant of good faith and fair dealing in the third and fourth causes of action.

Allstate and State Farm are alleged to have failed to provide medical payment benefits to the Smolkers as obligated in their homeowners' policies issued to Kay (Allstate) and to the Hollands and Robbins (State Farm).

1.    Smolkers' allegations with respect to the coverage provided under the Allstate policy are as follows:

///

1  "...KAY and her husband ESKENAZI purchased medical payments coverage for the benefit

2  of others (a) injured on their residence premises...and also purchased medical payment

3  coverage for persons (b) injured off these premises if the bodily injury (i) arose out of a

4  condition of the insured premises or immediately adjoining ways, or (ii) was caused by the

5  activities of KAY or ESKENAZI....The medical payment provisions of the ALLSTATE

6  POLICY (Coverage Y) create a direct obligation of ALLSTATE to [the Smolkers] to pay

7  reasonable medical expenses...rendered within three years from the date of an occurrence

8  causing bodily injury to which this policy applies, regardless of KAY'S negligence or

9  liability...and without regard to the fault of [the Smolkers]." (paras. 1, 5.)

10

11       Allstate attached as Appendix A to its demurrer a copy of its Allstate Condominium

12  Owners Policy issued to Kay.  The Smolkers in their opposition do not dispute the

13  authenticity of the Allstate policy appended to the demurrer. They contend, however, that

14  the court may not look at the policy to determine whether its coverage provisions conform

15  to the Smolkers' allegations of its coverage.  A written contract is to be pleaded by setting

16  out its terms verbatim or attaching a copy to the complaint.  Otworth v. South Pacific

17  Transportation Co. (1985) 166 Cal.App.3d 452, 459.  If a pleader has not done either, and

18  yet relies upon an inaccurate allegation of an operative contract provision to state a cause

19  of action, this court deems it entirely appropriate (and efficacious) for an opposing party

20  to place before the court a true copy of the contract in support of an argument that the

21  pleader has misstated the operative contract provision.  If the pleader has violated the

22  pleading rules by failing to attach the contract or to plead its operative terms verbatim,

23  he/she is estopped to complain that an opponent to support a demurrer has done so.

24  Therefore, this court has read and relied on the operative language in the policy attached

25  by Allstate to its demurrer.

26

27       The court takes judicial notice that under the Allstate policy (Coverage Y), Allstate

28  becomes obligated if a third party is injured on the insured's premises or is injured off the

1  premises "if the bodily injury: a) arises out of a condition on the insured premises or

2  immediately adjoining ways; b) is caused by the activities of an insured person or resident

3  employee; ...." The Smolkers have not alleged that they suffered injury on the insured

4  premises nor off the premises due to a condition on insured premises (Kay's unit). They

5  have alleged that they suffered injury due to the acts of the insured (Kay and Eskenazi) in

6  the adjoining common areas, namely by opening their doors to and walking in the common

7  area hallways. The court, however, determined in its ruling on Kay's demurrer that neither

8  she nor her husband are liable to the Smolkers for such conduct. It follows if the Smolkers

9  do not state a cause of action against Kay for causing injury to the Smolkers off her

10 premises, they do not state a cause of action against Allstate for breach of an obligation it

11 would owe to the Smolkers under Coverage Y of the Allstate policy only if Kay's activities

12 caused that injury. See, Shaolian v. Safeco Ins. Co. (1999) 71 Cal.App.4th 268, 275.

13

14      The court SUSTAINS WITHOUT LEAVE TO AMEND Allstate's demurrers to the

15 1st and 2nd causes of action and dismisses Allstate from the action. Allstate's motion to

16 strike is moot.

17

18      2.      Smolkers' allegations with respect to the coverage provided under the State

19 Farm policy are as follows:

20

21 "The STATE FARM HOLLAND POLICY obligates STATE FARM to pay medical

22 expenses for bodily injury caused by an accident on the premises owned or rented by the

23 HOLLANDS, on ways next to premises the HOLLANDS own or rent, and to pay medical

24 expenses caused because of the HOLLANDS' operations. The STATE FARM HOLLAND

25 POLICY obligates STATE FARM to make medical expense payments regardless of

26 fault....The medical payment provisions of the STATE FARM HOLLAND POLICY

27 (Coverage M) create a direct obligation of STATE FARM to [the Smolkers]...." (para. 8.)

28 ///

1    State Farm, citing Smolkers' failure to attach a copy of the State Farm policy or to

2    allege accurately the provisions of its Coverage M, quote Coverage M's operative language

3    in footnote 2 to its memorandum of points and authorities.  Again the Smolkers have

4    objected to State Farm doing so, but they have not disputed the accuracy of State Farm's

5    quotation of Coverage M.  The court has considered and relied upon the footnote for the

6    reasons expressed above with respect to Allstate's demurrer.

7

8    Coverage M from the State Farm policy reads as follows:  "We will pay medical

9    expenses for bodily injury caused by an accident on the premises you own or rent, on ways

10   next to the premises you own or rent, or because of your operations.  The accident must

11   take place in the coverage territory during the policy period.  We will pay medical expenses

12   only if the expenses are incurred or medically ascertained within one year from the date of

13   the accident."

14

15   It is clear that the existence of third party coverage under the State Farm policy

16   requires that the injury be caused by an accident.  In the context of a homeowners' insurance

17   policy, "The overwhelming weight of California authority holds that the term `accident'

18   refers to the nature of the act giving rise to liability, not the insured's intent of causing harm

19   to the injured party; . . ." Collin v. American Empire Ins. Co. (1994) 21 Cal.App.4th 787,

20   810.  The conduct alleged by the Smolkers against the Hollands (or against Robbins, to

21   whom State Farm also issued a homeowners' policy) is their deliberate conduct, e.g.

22   opening their doors into the common hallways, walking in the hallways and refusing after

23   notice to remediate alleged contamination of the common areas, and therefore was not an

24   "accident."  The Smolkers therefore have not alleged a basis for a direct claim against State

25   Farm under Coverage M provided in the homeowners' policy.

26

27   The court SUSTAINS WITHOUT LEAVE TO AMEND State Farm's demurrers to

28   the 3rd and 4th causes of action and dismisses State Farm from the action.  State Farm's

1  motion to strike is moot.

2

3  **C.    RULINGS ON MOTION TO STRIKE TO FIFTH AMENDED**

4  **CROSS-COMPLAINT BY CROSS-DEFENDANT PACIFIC VILLAS:**

5

6      The motion to strike the request for punitive damages is denied.  Cross-defendant

7  Pacific Villas may be liable for punitive damages if its conduct constitutes "...wilful and

8  conscious disregard of the rights or safety of others."  Civil Code section 3294(c)(1). The

9  Smolkers do adequately allege that basis for punitive damages against Pacific Villas.

10

11  **D.    RULINGS ON DEMURRERS AND MOTION TO STRIKE TO FIFTH**

12  **AMENDED    CROSS-COMPLAINT    BY    CROSS-DEFENDANT    TRUCK**

13  **INSURANCE EXCHANGE:**

14

15      Truck Insurance Exchange ("Truck") issued an insurance policy to cross-defendant

16  Pacific Villas Homeowners Association, the homeowners association for the condominium

17  complex in which the Smolkers own and occupy a unit. Truck demurs to the following

18  causes of action:

19

20      Alleging negligence, in the 18th cause of action;

21      Alleging fraud, in the 30th cause of action; and

22      Alleging interference with contract, in the 31st cause of action.

23

24  Truck does not demur to the 24th and 25th causes of action wherein the Smolkers allege

25  causes of action for, respectively, breach of contract and breach of the implied covenant of

26  good faith and fair dealing.

27  ///

28  ///

1    The demurrer to the 18th cause of action (for negligence) is SUSTAINED
2  WITHOUT LEAVE TO AMEND.  There are insufficient facts to support a negligence
3  theory against any individual insurer cross-defendant (see, para. 86), and the Smolkers have
4  had sufficient opportunity to cure this deficiency.

5

6    The demurrers to the 30th and 31st causes of action (for, respectively, fraud and
7  interference with contractual or economic relations) are SUSTAINED WITHOUT LEAVE
8  TO AMEND.  None to the general allegations support any claim of fraud or interference
9  with contractual and economic relationships against Truck.

10

11    Truck's motion to strike is denied.  Truck is ordered to answer the remaining causes
12  of action within 20 days.

13

14  **E.    RULINGS ON DEMURRERS AND MOTION TO STRIKE TO FIFTH**
15  **AMENDED CROSS-COMPLAINT BY CROSS-DEFENDANTS FARMERS**
16  **INSURANCE GROUP OF COMPANIES, FRAMERS GROUP, INC. AND TRUCK**
17  **UNDERWRITERS ASSOCIATION:**

18

19    The Farmer cross-defendants are identified as "FIG" in paras. 80 and 83 of the
20  complaint.  Truck Underwriters Association is identified as "TUA" in para. 83.    T h e
21  Farmers Insurance Group of Companies, according to the demurrer, is a trade name
22  referring to a number of separate companies, one of which is Truck.  The court is unwilling
23  to assume this representation or to rely upon it in making its order.  Unlike the insurance
24  policies proffered by Allstate and State Farm in support of their demurrers, the assertion
25  that "Farmers" is not a legal entity subject to suit is not information (if true) that the
26  Smolkers knew or had reason to know when they pleaded their Fifth Amended Cross-
27  Complaint.
28  ///

However, demurrers should otherwise be sustained because the Smolkers do not plead facts sufficient to state actionable claims against Farmers. FIG and TUA appear to be joined as cross-defendants only in the following causes of action:

Alleging negligence, in the 18th cause of action;

Alleging fraud, in the 30th cause of action; and

Alleging interference with contract, in the 31st cause of action.

The demurrer to the 18th cause of action (for negligence) is SUSTAINED WITHOUT LEAVE TO AMEND. There are insufficient facts to support a negligence theory, and the Smolkers have had sufficient opportunity to cure this deficiency. The cross-complaint does allege generally that all of the insurers failed to carry out duties to investigate and/or to repair the condominium complex and as a result the Smolkers suffered personal and property damage. The Smolkers, however, do not allege any factual basis for the supposition that Farmers owed any duty to them or how any such duty was breached.

The demurrers to the 30th and 31st causes of action (for, respectively, fraud and interference with contractual or economic relations) are SUSTAINED WITHOUT LEAVE TO AMEND. None to the general allegations support any claim of fraud or interference with contractual or economic relationships.

There being no other causes of action naming them, the "Farmers" cross-defendants are dismissed from the action. Their motion to strike is moot.

///
///
///
///

1    F.    RULINGS ON DEMURRER AND MOTIONS TO STRIKE OF CROSS-
2    DEFENDANTS COREGIS GROUP, INC., COREGIS INSURANCE COMPANY
3    AND CALIFORNIA INSURANCE COMPANY TO 18TH, 22ND, 23RD, 30TH AND
4    31ST    CAUSES    OF    ACTION    PLEADED    IN    FIFTH    AMENDED
5    CROSS-COMPLAINT:

6

7        California Insurance Company, a subsidiary of Coregis Insurance Company, which
8    in turn is a subsidiary of Coregis Group, Inc.(collectively, the "Coregis cross-defendants"),
9    insured Home Savings Termite Control, Inc. ("Termite Control").  The Smolkers in essence
10   allege that Termite Control was negligent when in October, 1996 it applied a pesticide
11   (alleged to include SYLOID 244, described as an "abusive desiccant") in the condominium
12   complex in which the Smolkers owned and occupied a unit, allegedly causing health and
13   other damage to the Smolkers.  (paras. 74 and 75.) Coregis demurs to the following causes
14   of action:

15

16        Alleging negligence, in the 18th cause of action;
17        Alleging breach of contract, in the 22nd cause of action;
18        Alleging breach of ICGFFD, in the 23rd cause of action;
19        Alleging fraud, in the 30th cause of action; and
20        Alleging interference with contract, in the 31st cause of action.

21

22        Coregis may be liable under the third party medical payment provision of its policy
23   issued to Termite Control. Coregis admits that it provided medical payments to the
24   Smolkers under the policy. "CIC reimbursed the Smolkers certain medical expenses even
25   though the Smolkers have failed to establish that such medical expenses were caused by any
26   operations of [Termite Control] as required by the policy provisions." See, Coregis Notice
27   of Hearing on Demurrer, p. 3. Coregis in its memorandum asserts that the medical payment
28   coverage provision is the same as that at issue and interpreted in Harper v. Wausau Ins. Co.

1  (1997) 56 Cal.App.4th 1079. The court, however, is unwilling to accept this representation

2  so casually asserted by Coregis in their memorandum. Their demurrer is overruled as to

3  the 22nd and 23rd causes of action.

4

5  The demurrers to the 18th cause of action (for negligence) and to the 30th and 31st

6  causes of action (for, respectively, fraud and interference with contractual or economic

7  relations) are SUSTAINED WITHOUT LEAVE TO AMEND. None to the general

8  allegations support any claim of negligence, fraud or interference with contractual and

9  economic relationships as against Coregis, and, the Smolkers having been given prior

10  opportunities to allege a factual basis for their theories, the court declines to grant further

11  leave to amend.

12

13  The court denies Coregis' motion to strike. Coregis is ordered to answer the

14  surviving causes of action within 20 days.

15

16  G.    RULING  ON  DEMURRER  OF  CROSS-DEFENDANT  RELIANCE

17  INSURANCE COMPANY TO 20TH AND 29TH CAUSES OF ACTION OF FIFTH

18  AMENDED CROSS-COMPLAINT:

19

20  The court, at Reliance's request, takes judicial notice of Pest Control Bond No.

21  B2443 649. (Evid. Code sections 452, 453.) Reliance issued a $4,000 pest control bond on

22  behalf of Termite Control. The Smolkers are not parties to the contract.

23

24  The court's tentative ruling was to sustain the demurrers without leave to amend.

25  Insufficient facts are pled to support claims against Reliance. However, the Smolkers

26  through counsel Gary Smolker have persuaded the court that he could (with another

27  opportunity) plead facts sufficient to state a cause of action against Reliance on the bond

28  and for negligence arising from its post-application inspection of the condominium

complex. The court is unwilling to delay putting this action at issue by granting leave for the filing of a sixth amended complaint. The court therefore will overrule Reliance's demurrers and shall order Reliance to file an answer within 20 days. Reliance is sufficiently apprised of the Smolkers theories, and of the facts upon which they predicate liability, to prepare an answer.

## H.   RULING ON DEMURRER OF CROSS-DEFENDANT FRONTIER PACIFIC INSURANCE COMPANY TO 21ST AND 28TH CAUSES OF ACTION OF FIFTH AMENDED CROSS-COMPLAINT:

The court, at Frontier's request, takes judicial notice that Frontier issued a $7,500 contractor's license bond on behalf of W.F. Morris. (Evid. Code sections 452, 453.) The Smolkers are not parties to the contract. Morris is a general contractor. (para. 66.) The Smolkers are not beneficiaries under a contractor license bond under Bus. & Prof. Code section 7071.5. Morris allegedly inspected the Smolkers' unit and made certain representations after Termite Control's application of the pesticide to the condominium complex (para. 78) but he did so on behalf of Termite Control. Morris is alleged to be the owner and alter ego of Termite Control. (para. 67.)

Demurrers are SUSTAINED WITHOUT LEAVE TO AMEND to the 21st and 28th causes of action for, respectively, negligence and breach of contract against Frontier. Tort remedies are not available for breaches occurring in the context of a construction performance bond. Cates Construction, Inc. v. Talbot Partners (1999) 21 Cal.4th 28, 44. There are insufficient facts pleaded establishing that there is any contract between Smolker and Frontier, or for that matter between Smolker and Morris, to support the 28th cause of action for any breach of contract. Morris' involvement is alleged to be as the owner of Termite Control rather than as a contractor.

///

1    Frontier is accordingly dismissed from the action.

2

3    I.    RULINGS ON DEMURRER AND MOTION TO STRIKE TO FIFTH

4    AMENDED CROSS-COMPLAINT BY CROSS-DEFENDANTS W.R. GRACE &

5    COMPANY AND GRACE DAVISON:

6

7    Cross-defendants W.R. Grace & Company and its subsidiary Grace Davison are

8    alleged to the manufacturer and distributor of the Syloid 244 which Termite Control applied

9    to the condominium complex in which the Smolkers resided.  (para. 72.) They advertised

10    the product as safe and in compliance with federal and state law. (para. 73.)

11

12    Grace's demurrer to the 31st cause of action (interference with contract or economic

13    relationship) is SUSTAINED WITHOUT LEAVE TO AMEND.  The demurrer to the 30th

14    cause of action (for fraud) is overruled.

15

16    Grace's motion to strike is denied.  Grace is also named in the eighth cause of action

17    for strict liability and could be potentially be liable for punitive damages based upon a

18    conscious disregard of the rights or safety of others, see Civil Code section 3294(c)(1), as

19    well as for fraud, if such allegations are proved by clear and convincing evidence.

20

21                                    * * *

22

23    By signing this order the court hereby dismisses those cross-defendants whose

24    demurrers are sustained without leave to amend as to all causes of action alleged against

25    them. All remaining cross-defendants are to file within 20 days answers to any surviving

26    causes of action.  Any discovery or other stay previously ordered is herewith lifted.

27    ///

28    ///

-16-

PLF

1   The court sets the matter for a status and trial setting conference on Friday, December 3, 1999

2   ~~November 19, 1999~~ at 8:30 a.m. The Court intends to set the matter for trial in the second

3   quarter of next year. Plaintiff TIG Insurance Company is to serve and file notice of the

4   status/trial setting conference.

5

6   Copies of above orders to be sent to all counsel this date.

7

8   Dated: November 4, 1999

9

10   RICHARD L. FRUIN, JR.

11   Judge of the Los Angeles Superior Court

12

/mm:md
Rm. 401
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 11/04/99 | | DEPT. 15 |
|---|---|---|
| HONORABLE RICHARD FRUIN | JUDGE | F.J. ALDANA | DEPUTY CLERK |
| HONORABLE #5 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| L. BUNDE, C/A | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC173952 | Plaintiff Counsel | |
| | TIG INSURANCE COMPANY | | NO APPEARANCES |
| | VS | Defendant | |
| | GARY SMOLKER ET AL | Counsel | |

170.6 - Rothschild 12-19-97
Recusal - Lichtman 11-26-97

NATURE OF PROCEEDINGS:

RULING ON SUBMITTED MATTERS;

Demurrers and motions to strike addressed to the
Fifth Amended Cross-Complaint were taken under
submission after hearings held on October 22, 26 and
27. The court now makes the following rulings on
those demurrers and motions to strike as fully
reflected on the court's order, signed and filed this
date.

Demurrers to the Fifth Amended Cross-Complaint by
Cross-Defendants Kay, Cipriano, Bailey,
Holland, Robbins and Fredericks are sustained without
leave to amend as to the 11th, 12th, 13th, 14th, 15th,
16th and 17th Causes of Action. The court therefore
dismisses these cross-defendants from the action.

The motions to strike filed concurrently with these
demurring parties are moot, as the court has
dismissed the action as against them.

Cross-defendant, Carol Kay's motion for sanctions
against the cross-complainants Gary Smolker and Alice
Smolker under Code of Civil Procedure section
128.7 is denied.

Demurrers to the Fifth Amended Cross-Complaint by
Cross-Defendants Allstate and State Farm are ruled
on as follows:

Page    1 of    8    DEPT. 15

MINUTES ENTERED
11/04/99
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 11/04/99 | | DEPT. 15 |
| HONORABLE RICHARD FRUIN   JUDGE | F.J. ALDANA | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| #5 | | |
| L. BUNDE, C/A   Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC173952 | Plaintiff Counsel | NO APPEARANCES |
| | TIG INSURANCE COMPANY VS GARY SMOLKER ET AL | Defendant Counsel | |
| | 170.6 - Rothschild 12-19-97 Recusal - Lichtman 11-26-97 | | |

**NATURE OF PROCEEDINGS:**

The court sustains without leave to amend Allstate's demurrers to the 1st and 2nd Causes of Action and dismisses Allstate From the action. Allstate's motion to strike is moot.

The court sustains without leave to amend State Farm's demurrers to the 3rd and 4th Causes of Action and dismisses State Farm from the action. State Farm's motion to strike is moot.

Motion to strike to the Fifth Amended Cross-Complaint by Cross-Defendant Pacific Villas is ruled on as follows:

The motion to strike the request for punitive damages is denied.

Demurrers and Motion to Strike to the Fifth Amended Cross-Complaint by Cross-Defendant Truck Insurance Exchange are ruled on as follows:

The demurrer to the 18th Cause of Action (for negligence) is sustained without leave to amend.

The demurrers to the 30th and 31st Causes of Action (for, respectively, fraud and interference with contractual or economic relations) are sustained without leave to amend.

Cross-defendant, Truck Insurance Exchange's motion to

Page   2 of   8   DEPT. 15

MINUTES ENTERED
11/04/99
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 11/04/99 | | DEPT. 15 |
| HONORABLE RICHARD FRUIN            JUDGE | F.J. ALDANA | DEPUTY CLERK |
| HONORABLE                  JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| #5        L. BUNDE, C/A      Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC173952 | Plaintiff Counsel |
| | TIG INSURANCE COMPANY | NO APPEARANCES |
| | VS | Defendant |
| | GARY SMOLKER ET AL | Counsel |
| | 170.6 - Rothschild 12-19-97 | |
| | Recusal - Lichtman 11-26-97 | |

NATURE OF PROCEEDINGS:

strike is denied. Truck Insurance Exchange is ordered
to answer the remaining Causes of Action within 20
days.

Demurrers and Motion to Strike to the Fifth Amended
Cross-Complaint by Cross-Defendants Farmers Insurance
Group of Companies, Farmers Group, Incorporated and
Truck Underwriters Association are ruled on as
follows:

The demurrer to the 18th Cause of Action (for
negligence) is sustained without leave to amend.

The demurrers to the 30th and 31st Causes of Action
(for, respectively, fraud and interference with
contractual or economic relations) are sustained
without leave to amend.

There being no other Causes of Action naming them,
the "Farmers" Cross-Defendants are dismissed from
the action. Their motion to strike is moot.

Demurrers and Motion to Strike of Cross-Defendants
Coregis Group, Incorporated, Coregis Insurance
Company and California Insurance Company to the 18th
22nd, 23rd, 30th and 31st Causes of Action
pleaded in the Fifth Amended Cross-Complaint are
ruled on as follows:

The demurrers to the 18th Cause of Action (for
negligence) and to the 30th and 31st Causes of Action

Page   3 of   8   DEPT. 15

| |
|---|
| MINUTES ENTERED |
| 11/04/99 |
| COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 11/04/99 | | DEPT. 15 |
| HONORABLE RICHARD FRUIN    JUDGE | F.J. ALDANA | DEPUTY CLERK |
| HONORABLE    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| #5 | | |
| L. BUNDE, C/A    Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC173952 | Plaintiff Counsel |
| | TIG INSURANCE COMPANY | NO APPEARANCES |
| | VS | Defendant Counsel |
| | GARY SMOLKER ET AL | |
| | 170.6 - Rothschild 12-19-97 | |
| | Recusal - Lichtman 11-26-97 | |

NATURE OF PROCEEDINGS:

(for, respectively, fraud and interference with
contractual or economic relations) are sustained
without leave to amend.

The court denies Coregis' motion to strike. Coregis
is ordered to answer the surviving Causes of Action
within 20 days of this order.

Demurrers of Cross-Defendant Reliance Insurance
Company to the 20th and 29th Causes of Action of the
Fifth Amended Cross-Complaint are ruled on as follows:

Reliance's demurrers are overruled. Cross-defendant
Reliance Insurance Company is ordered to file an
answer within 20 days of this order.

Demurrers of Cross-Defendant Frontier Pacific
Insurance Company to the 21st and 28th Causes of
Action of the Fifth Amended Cross-Complaint are ruled
on as follows:

Demurrers are sustained without leave to amend to the
21st and 28th Causes of Action (for, respectively,
negligence and breach of contract) against Frontier.

Cross-Defendant, Frontier Pacific Insurance Company
is dismissed from the action.

Demurrer and Motion to Strike to the Fifth Amended
Cross-Complaint by Cross-Defendants W.R. Grace &
Company and Grace Davison is ruled on as follows:

Page    4 of    8    DEPT. 15

MINUTES ENTERED
11/04/99
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 11/04/99 | DEPT. 15 |
| HONORABLE RICHARD FRUIN   JUDGE | F.J. ALDANA   DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| #5   L. BUNDE, C/A   Deputy Sheriff | NONE   Reporter |

| | | |
|---|---|---|
| 8:30 am | BC173952 | Plaintiff Counsel |
| | TIG INSURANCE COMPANY | NO APPEARANCES |
| | VS | Defendant |
| | GARY SMOLKER ET AL | Counsel |

170.6 - Rothschild 12-19-97
Recusal - Lichtman 11-26-97

NATURE OF PROCEEDINGS:

Grace's demurrer to the 31st Cause of Action
(interference with contractual or economic
relationship) is sustained without leave to amend.
The demurrer to the 30th Cause of Action (for fraud)
is overruled.

Grace's motion to strike is denied.

All Cross-Defendants are to file answers to any
surviving Causes of Action within 20 days of this
order. Any discovery or other stay previously
ordered is herewith lifted.

Status Conference and Trial Setting Conference are set
for December 3, 1999 at 8:30 a.m. in department 15.

A true copy of this minute order and the court's
order are sent via U.S. Mail this date addressed as
follows:


REBECCA J. SMITH, ESQ.
3801 UNIVERSITY AVE., STE 700
RIVERSIDE, CA. 92501-3245


GARY S. SMOLKER, ESQ.
4720 LINCOLN BLVD., #280
MARINA DEL REY, CA. 90292-6977

MINUTES ENTERED
11/04/99
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 11/04/99 | | DEPT. 15 |
|---|---|---|
| HONORABLE RICHARD FRUIN | JUDGE | F.J. ALDANA | DEPUTY CLERK |
| HONORABLE #5 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| L. BUNDE, C/A | Deputy Sheriff | NONE | Reporter |

8:30 am  BC173952

TIG INSURANCE COMPANY
VS
GARY SMOLKER ET AL

170.6 - Rothschild 12-19-97
Recusal - Lichtman 11-26-97

Plaintiff
Counsel          NO APPEARANCES
Defendant
Counsel

---

NATURE OF PROCEEDINGS:


ROBERT HOFFMAN, ESQ.
1840 CENTURY PARK EAST, 3rd FLOOR
LOS ANGELES, CA. 90067-2104


ROBERT RIDENOUR, ESQ.
707 WILSHIRE BLVD., 51st FLOOR
LOS ANGELES, CA. 90017-3613


MICHAEL B. GEIBEL, ESQ.
2029 CENTURY PARK EAST, 34th FLOOR
LOS ANGELES, CA. 90067-3039


DAVID L. HUGHES, ESQ.
3080 BRISTOL ST., #550
P.O. BOX 5046
COSTA MESA, CA. 92628-5046


JOE W. HILBERMAN, ESQ.
1925 CENTURY PARK EAST, #2250
LOS ANGELES, CA. 90067-2723


ALAN ZUCKERMAN, ESQ.
221 N. FIGUEROA ST., #1200
LOS ANGELES, CA. 90012


Page   6 of   8   DEPT. 15.

| MINUTES ENTERED |
|---|
| 11/04/99 |
| COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 11/04/99

DEPT. 15

HONORABLE RICHARD FRUIN          JUDGE | F.J. ALDANA          DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
#5

L. BUNDE, C/A          Deputy Sheriff | NONE          Reporter

8:30 am | BC173952

TIG INSURANCE COMPANY
VS
GARY SMOLKER ET AL

170.6 - Rothschild 12-19-97
Recusal - Lichtman 11-26-97

Plaintiff
Counsel          NO APPEARANCES

Defendant
Counsel

NATURE OF PROCEEDINGS:


RICHARD WOLF, ESQ.
221 N. FIGUEROA ST., #1200
LOS ANGELES, CA. 90012


LARRY ARNOLD, ESQ.
2424 S.E. BRISTOL ST., #300
NEWPORT BEACH, CA. 92660


SARA M. THORPE, ESQ.
275 BATTERY ST. 20th FLOOR
SAN FRANCISCO, CA. 94111


JEFFREY HOROWITZ, ESQ.
6064 WILSHIRE BLVD., #850
LOS ANGELES, CA. 90048-5510


GARY E. YARDUMIAN, ESQ.
P.O. BOX 22711
LONG BEACH, CA. 90801-5511


DAVID M. GREY, ESQ.
2049 CENTURY PARK EAST, #900
LOS ANGELES, CA. 90067


Page    7 of    8    DEPT. 15

MINUTES ENTERED
11/04/99
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 11/04/99 | | DEPT. 15 |
| HONORABLE RICHARD FRUIN    JUDGE | F.J. ALDANA | DEPUTY CLERK |
| HONORABLE    JUDGE PRO TEM #5 | | ELECTRONIC RECORDING MONITOR |
| L. BUNDE, C/A    Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC173952 | Plaintiff Counsel |
| | TIG INSURANCE COMPANY VS GARY SMOLKER ET AL | NO APPEARANCES |
| | | Defendant Counsel |
| | 170.6 - Rothschild 12-19-97 Recusal - Lichtman 11-26-97 | |

NATURE OF PROCEEDINGS:


WILLIAM M. SLAUGHTER, ESQ.
789 S. VICTORIA AVE., #305
VENTURA, CA. 93003-5419


WILLIAM E. DAVIS, III, ESQ.
1925 CENTURY PARK EAST, #500
LOS ANGELES, CA. 90067-2700


VIRGINIA K. CIPRIANO
3033 SHERBROOK ST. WEST, APT #306
MONTREAL, QUEBEC
CANADA H321A3


JOHN J. WALLER, ESQ.
11601 WILSHIRE BLVD., #1900
LOS ANGELES, CA. 90025

MINUTES ENTERED
11/04/99
COUNTY CLERK

RECEIVED

OCT 2 0 1999

DEPT. 85

**FILED**

LOS ANGELES SUPERIOR COURT

NOV 0 8 1999

JOHN A. CLARKE, CLERK

BY S. BARRETT, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TIG INSURANCE COMPANY. a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>GARY SMOLKER, an individual, and ALICE SMOLKER, an individual, and DOES 1-10, inclusive,<br><br>    Defendants.<br><br>AND RELATED CROSS ACTIONS | Case No. BC 173 952<br><br>(Honorable Dzintra Janavs, Judge)<br>(Department 85)<br><br>**Order Sustaining Cross-defendant Albert J. Costello's and Cross-defendant James R. Hyde's Demurrers to the Seventh and Eight Causes of Action of the Second Amended Cross-complaint Without Leave to Amend and Ordering the Second Amended Cross-Complaint ✪ Dismissed as to Cross-defendant Albert J. Costello and as to Cross-defendant James R. Hyde**<br><br>Date:    October 15, 1999<br>Time:    9:30 a.m.<br>Dept.:    85 |

Cross-defendant Albert J. Costello's and cross-defendant James R. Hyde's demurrer to cross-complainants Gary Smolker and Alice Smolker's Second Amended Cross-complaint having come before the court for hearing on September 4, 1998, the Honorable Dzintra Janavs, Judge Presiding, with J. Pace-Wilson, Esq. appearing for cross-defendants Albert J. Costello and James R. Hyde, and Gary S. Smolker, Esq. appearing for cross-complainants Gary Smolker and Alice

-1-

1  Smolker, and the court having considered the papers and arguments submitted in support of, and
2  in opposition to, the demurrers, and good cause appearing,

3          IT IS ORDERED THAT cross-defendants Albert J. Costello's and James R. Hyde's
4  demurrers to the Seventh and Eighth Causes of Action of the Second Amended Cross-complaint
5  are sustained without leave to amend and the Second Amended Cross-complaint is dismissed as to
6  Cross-defendants Albert J. Costello and James R. Hyde on the ground that the second amended
7  cross-complaint does not state facts sufficient to state a cause of action against Albert J. Costello
8  or James R. Hyde and cross-complainants fail to show how under applicable substantive law they
9  could amend the second amended cross-complaint further to allege causes of action against Albert
10 J. Costello and James R. Hyde.

11         The Minute Order of September 4, 1998 is incorporated herein to the extent it reflects
12 rulings on the demurrers specified herein.

13         Cross-defendants Albert J. Costello and James R. Hyde shall recover their costs of suit in
14 the amount of _____.

15

16 Dated:  11/8/99                         _____
                                           Honorable Dzintra Janavs
17

18

19

20

21

22

23

24

25

26

27

28

-2-

ORDER DISMISSING SECOND AMENDED CROSS-COMPLAINT AS TO CROSS-DEFENDANTS WHOSE
DEMURRERS WERE GRANTED WITHOUT LEAVE TO AMEND ON SEPTEMBER 4, 1998

1

## DECLARATION OF SERVICE BY MAIL

2

3  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4          I am employed in the County of Los Angeles, State of California.  I am over the age of 18

5  and not a party to the within action.  My business address is 4720 Lincoln Blvd., Suite 250,

6  Marina del Rey, California 90292.

7          On October 15, 1999, I served the attached document described as follows:

8  **ORDER**

9  on the interested parties in this action by facsimile for the fax number(s) listed, and by causing a

10  true copy thereof enclosed in a sealed envelope(s), addressed as follows to be placed in the U.S.

11  Mail at Los Angeles, California:

12  **See Attached Service List**

13          I am "readily familiar" with the firm's practice of collection and processing of

14  correspondence for mailing.  Under that practice, correspondence placed in envelopes is deposited

15  in the U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles,

16  California in the ordinary course of business.  I know the envelope was sealed and, with postage

17  prepaid, placed for collection and mailing on this date, following ordinary business practice, in the

18  United States Mail at Los Angeles, California.  I am aware that on motion of party served, service

19  is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after

20  date of deposit for mailing in affidavit.

21          I declare under the penalty of perjury under the laws of the State of California that the

22  foregoing is true and correct.

23          Executed on October 15, 1999 at Marina del Rey, California.

24

25

26                                        JANE Y. NAGAISHI

27

28

DeclServ

Virginia K. Cipriano
3033 Sherbrook St., West
Apt. 306, Montreal
Quebec, Canada H3Z 1A3

Jeffrey Horowitz, Esq.
DuBois, Billig, et al
6404 Wilshire Blvd., Ste 850
L.A., CA 90048-5510

Joe W. Hilberman, Esq.
Fonda, Hilberman & Fraser, LLP
1925 Century Park East, Ste 2250
Los Angeles, CA. 90067-2723

Gary E. Yardumian, Esq.
Prindle, Decker & Amaro
P.O. Box 22711
Long Beach, CA 90801-5511

John J. Waller, Esq.
Walter, Finestone & Richter
11601 Wilshire blvd., Ste 1900
Los Angeles, CA. 90025

David Grey, Esq.
Murawshi & Grey LLP
11755 Wilshire Blvd., Ste 1400
Los Angeles, CA. 90025

Jeffrey A. Needelman, Esq.
Pollak, Vida & Fisher
1801 Century Park East, 26th floor
Los Angeles, CA 90067-2343

Robert Hoffman, Esq.
Charlston, Revich & Williams
1840 Century Park East, 3rd fl
Los Angeles, CA 90067-2104

Bob Ridenour
Borton, Petrini & Conron
707 Wilshire, Blvd., 51st fl
Los Angeles, CA 90017-3613

Michael B. Geibel, Esq.
Gibbs Giden Locher & Turner
2029 Century Park East, 34th Fl
Los Angeles, CA 90067-3039

Alan Zuckerman, Esq.
Lewis D'Amato Brisbois & Brigaard
221 N. Figueroa St., Ste #1200
Los Angeles, CA 90012

William E. Davis III, Esq.
1925 Century Park East, Ste 500
Los Angeles, CA 90067-2700

Richard B. Wolf, Esq.
Lewis D'Amato Brisbois &
Bisgaard
221 N. Figueroa St., Ste 1200
Los Angeles, CA 90012-2601
Pamela W. Levin, Esq.
Thornton, Taylor, Downs et al.
505 Samsone St., Ste 1600
San Francisco, CA 94111

Sara M. Thorpe, Esq.
Gordon & Rees
275 Battery St., 20th floor
San Francisco, CA 94111

Booth Mitchel & Strange LLP
701 Parker St., Ste 6500
P.O. Box 11055
Orange, CA 92856-8155

Peter J. Godfrey, Esq.
Gilbert Kelly Crowley & Jennett
3801 University Ave., Ste 700
Riverside, CA 92501-3245

Larry Arnold, Esq.
Cummins & White, LLP
2424 S.E. Bristol St., Ste 300
Newport Beach, CA 92660

Michael H. Raichelson, Esq.
Beach Procter McCarthy & Slaughter
789 S. Victoria Ave., Ste 305
Ventura, CA 93003

Pamela E. Dunn, Esq.
Robie & Matthai
500 South Grand Avenue, 15th floor
Los Angeles, CA. 90071-2609

NOTICE SENT TO:

Smolker & Grahman, Law Offices Of
4720 Lincoln Blvd.
Suite 280
Marina Del Rey,        CA   90292-6977

ORIGINAL FILED
(TIME STAMP)

NOV 09 1999

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

TIG INSURANCE COMPANY

                                    Plaintiff(s),

VS.

GARY SMOLKER ET AL

                                    Defendant(s).

| CASE NUMBER |
| BC173952 |

**NOTICE OF
ENTRY OF JUDGMENT**

To the above named parties and to their attorneys of record:

You are hereby notified that judgment in the above-entitled matter was entered on: _November 8, 1999_.

JOHN A. CLARKE, Executive Officer/Clerk
of the Superior Court of California,
County of Los Angeles

S. BARRETT

By_____, Deputy

## CERTIFICATE OF MAILING

I am over the age of 18 years and not a party to the within action. I am familiar with the Los Angeles Superior Court practice for collection and processing of correspondence and know that such correspondence is deposited with postage prepaid with the United States Postal Service the same day it is delivered to the mail room in the Los Angeles Superior Court. I declare under penalty of perjury under the laws of the State of California that I delivered a true copy of the above notice to the plaintiff/cross complainant or his attorney of record addressed as listed by placing the copy in a sealed envelope to the mail room of this court.

Dated: NOV 09 1999 _____

JOHN A. CLARKE, Executive Officer/Clerk of the
Superior Court of California, County of Los Angeles

By _S. BARRETT_____, Deputy

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 11/09/99 | | DEPT. 85 |
| HONORABLE Dzintra Janavs        JUDGE | S. BARRETT | DEPUTY CLERK |
| HONORABLE                JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| D. HARO, CT ASST        Deputy Sheriff | NONE | Reporter |

|  |  |
|---|---|
| BC173952 | Plaintiff Counsel |
| TIG INSURANCE COMPANY | NO APPEARANCES |
| VS | Defendant Counsel |
| GARY SMOLKER ET AL | NO LEGAL FILE |
| 170.6 - Rothschild 12-19-97 | |
| Recusal - Lichtman 11-26-97 | |

NATURE OF PROCEEDINGS:

NON-APPEARANCE

The following orders were signed and filed on November 8, 1999:  Order of Dismissal with Prejudice of Cross-Defendants Dennis A. Babbits and Dean and Associates Following Sustaining of Demurrers Without Leave to Amend; Order Sustaining Demurrer of Cross-Defendant Dr. Joseph Fedoruk and Dismissing Cross-Defendant Dr. Joseph Fedoruk from Action; Order Sustaining Cross-Defendant Albert J. Costello's and Cross-Defendant James R. Hyde's Demurrers to the Seventh and Eighth Causes of Action of the Second Amended Cross-Complaint Without Leave to Amend and Order the Second Amended Cross-Complaint Dismissed as to Cross-Defendant Albert J. Costello and as to Cross-Defendant James R. Hyde; and Order Sustaining Cross-Defendant Carol D. Kay, Trustee, Carol D. Kay Revocable 1989 Trust's Demurrer to the Seventh Cause of Action, Cross-Defendants Cummins and White, LLP's, Larry M. Arnold's and Laura N. MacPherson's Demurrers to the Tenth Cause of Action of the First Amended Cross-Complaint Without Leave to Amend and Ordering the First Amended Cross-Complaint is Dismissed as to Cross-Defendants Carol D. Kay, Trustee, Carol D. Kay Revocable 1989 Trust, Cummins & White, LLP, Larry M. Arnold, and Laura N. MacPherson.

Page    1 of    8    DEPT. 85

MINUTES ENTERED
11/09/99
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 11/09/99 | | DEPT. 85 |
| HONORABLE Dzintra Janavs JUDGE | S. BARRETT | DEPUTY CLERK |
| HONORABLE JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| D. HARO, CT ASST Deputy Sheriff | NONE | Reporter |

BC173952

TIG INSURANCE COMPANY
VS
GARY SMOLKER ET AL

170.6 - Rothschild 12-19-97
Recusal - Lichtman 11-26-97

Plaintiff
Counsel          NO APPEARANCES

Defendant
Counsel          NO LEGAL FILE

**NATURE OF PROCEEDINGS:**

A copy of this minute order, Orders, and Notice of
Entry of Judgment are served by U.S. Mail this date
on:

Rebecca Smith
3801 University Ave. #700
Riverside, CA  92501

Gary Smolker, Alice Smolker
4720 Lincoln Bvd. #280
Marina del Rey, CA  90292

Robert Hoffman
1840 Century Park East, 3rd Floor
Los Angeles, CA  90067

Robert Ridenour
707 Wilshire Blvd. 51st Floor
Los Angeles, CA   90017

Michael Geibel
2029 Century Park East, 34th Floor
Los Angeles, CA  90067

Page   2 of   8   DEPT. 85

MINUTES ENTERED
11/09/99
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 11/09/99

HONORABLE Dzintra Janavs        JUDGE

HONORABLE        JUDGE PRO TEM

D. HARO, CT ASST        Deputy Sheriff

DEPT. 85

S. BARRETT        DEPUTY CLERK

       ELECTRONIC RECORDING MONITOR

NONE        Reporter

---

BC173952

TIG INSURANCE COMPANY
VS
GARY SMOLKER ET AL

170.6 - Rothschild 12-19-97
Recusal - Lichtman 11-26-97

Plaintiff
Counsel        NO APPEARANCES

Defendant
Counsel        NO LEGAL FILE

---

NATURE OF PROCEEDINGS:

David Hughes
3080 Bristol St. #550
Costa Mesa, CA  92628

Joe Hilberman
1925 Century Park East #2250
Los Angeles, CA  90067

Alan Zuckerman
Richard Wolf
221 No. Figueroa St. #1200
Los Angeles, CA  90012

Larry Arnold
2424 S.E. Bristol St. #300
Newport Beach, CA  92660

Sara Thorpe
275 Battery St. 20th Floor
San Francisco, CA  94111

Jeffrey Horowitz
6404 Wilshire Blvd. #850
Los Angeles, CA  90048

Page    3 of    8    DEPT. 85

MINUTES ENTERED
11/09/99
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 11/09/99 | | DEPT. 85 |
| HONORABLE Dzintra Janavs          JUDGE | S. BARRETT | DEPUTY CLERK |
| HONORABLE                  JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| D. HARO, CT ASST      Deputy Sheriff | NONE | Reporter |

BC173952

TIG INSURANCE COMPANY
VS
GARY SMOLKER ET AL

170.6 - Rothschild 12-19-97
Recusal - Lichtman 11-26-97

Plaintiff
Counsel                     NO APPEARANCES

Defendant
Counsel                     NO LEGAL FILE

---

**NATURE OF PROCEEDINGS:**


Gary Yardumian
310 Golden Shore, 4th Floor
Long Beach, CA  90802


David Grey
2049 Century Park East #900
Los Angeles, CA  90067


William Slaughter
789 So. Victoria Ave. #305
Ventura, CA  93003


William Davis III
1925 Century Park East  #500
Los Angeles, CA  90067


Virginia Cipriano
3033 Sherbrook St. West, #306
Montreal, Quebec
Canada H321A3


John Waller


                    Page   4 of   8   DEPT. 85

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 11/09/99 | DEPT. 85 |
| HONORABLE Dzintra Janavs            JUDGE | S. BARRETT            DEPUTY CLERK |
| HONORABLE                      JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| D. HARO, CT ASST       Deputy Sheriff | NONE            Reporter |

BC173952

TIG INSURANCE COMPANY
VS
GARY SMOLKER ET AL

170.6 - Rothschild 12-19-97
Recusal - Lichtman 11-26-97

Plaintiff Counsel        NO APPEARANCES

Defendant Counsel        NO LEGAL FILE

**NATURE OF PROCEEDINGS:**

11601 Wilshire Blvd. #1900
Los Angeles, CA  90025

Cecile Hester
Fonda and Hilberman
1925 Century Park East  #2250
Los Angeles, CA  90067

Michael Geibel
Gibbs, Giden, Locher and Turner
2029 Century Park East, 34th Floor
Los Angeles, CA  90067

Joyce Pace-Wilson
Borton, Petrini, and Conron
707 Wilshire Blvd. #5100
Los Angeles, CA  90017

Roberta Murawski
2049 Century Park East #900
Los Angeles, CA  90067

Anderson, Kill and Olick
One Sansome St. #1020

Page    5 of    8    DEPT. 85

MINUTES ENTERED
11/09/99
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | DEPT. 85 |
|---|---|---|
| DATE: 11/09/99 | | |
| HONORABLE Dzintra Janavs   JUDGE | S. BARRETT | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| D. HARO, CT ASST   Deputy Sheriff | NONE | Reporter |

BC173952

TIG INSURANCE COMPANY
VS
GARY SMOLKER ET AL

170.6 - Rothschild 12-19-97
Recusal - Lichtman 11-26-97

Plaintiff Counsel    NO APPEARANCES

Defendant Counsel    NO LEGAL FILE

NATURE OF PROCEEDINGS:

San Francisco, CA  94104


Booth, Mitchel and Strange
701 So. Parker St. #6500
Orange, CA  92856


Hagenbaugh and Murphy
700 No. Central Avenue #500
Glendale, CA  91203


Roberta Murawski
2049 Century Park East #900
Los Angeles, CA  90067


Pollak, Vida and Fisher
1801 Century Park East, 26th Floor
Los Angeles, CA  90067


Robie and Matthai
500 So. Grand Ave., 15th Floor
Los Angeles, CA  90071


Thorton, Taylor, Downs


Page   6 of   8   DEPT. 85

MINUTES ENTERED
11/09/99
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 11/09/99

DEPT. 85

HONORABLE Dzintra Janavs   JUDGE   S. BARRETT   DEPUTY CLERK

HONORABLE   JUDGE PRO TEM   ELECTRONIC RECORDING MONITOR

D. HARO, CT ASST   Deputy Sheriff   NONE   Reporter

BC173952

TIG INSURANCE COMPANY
VS
GARY SMOLKER ET AL

170.6 - Rothschild 12-19-97
Recusal - Lichtman 11-26-97

Plaintiff
Counsel            NO APPEARANCES

Defendant
Counsel            NO LEGAL FILE

**NATURE OF PROCEEDINGS:**

505 Sansome St. #1600
San Francisco, CA  94111

Angela Verdun
15 63rd Ave. #5
Playa del Rey, CA  90293

James Holland
15 63rd Ave. #1
Playa del Rey, CA  90293

Matthew Fredericks
15 63rd Ave. #6
Playa del Rey, CA  90293

Joseph Bailey
15 63rd Ave. #4
Playa del Rey, CA  90293

Gerald Ivory
15 63rd Ave. #5
Playa del Rey, CA  90293

Page   7 of   8   DEPT. 85

MINUTES ENTERED
11/09/99
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 11/09/99 | DEPT. 85 |
| HONORABLE Dzintra Janavs   JUDGE | S. BARRETT   DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| D. HARO, CT ASST   Deputy Sheriff | NONE   Reporter |

BC173952

TIG INSURANCE COMPANY
VS
GARY SMOLKER ET AL

170.6 - Rothschild 12-19-97
Recusal - Lichtman 11-26-97

Plaintiff
Counsel         NO APPEARANCES

Defendant
Counsel         NO LEGAL FILE

**NATURE OF PROCEEDINGS:**

Sally Schubert
Dean and Assocs.
225 So. Lake Ave. #1190
Pasadena, CA 91101

William Beck
Johnson and Beck
1680 No. Vine St. #100
Hollywood, CA 90028

Andrew Hollins
Hollins, Schechter, Feinstein
P.O. Box 11021
Orange, CA 92856

Lance Robbins
15 63rd Ave. #2
Playa del Rey, CA 90293

Pacific Villa HOA
15 63rd Ave. #6
Playa del Rey, CA 90293

Page   8 of   8   DEPT. 85

MINUTES ENTERED
11/09/99
COUNTY CLERK

## DECLARATION OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 4720 Lincoln Boulevard, Suite 250, Marina Del Rey, CA 90292.

On November 12, 1999, I served the foregoing document described as follows:

**Letter To Court Of Appeal**

on the interested parties in this action, by causing a true copy thereof enclosed in a sealed envelope(s), addressed as follows, to be placed in the U. S. Mail at Los Angeles, California:

**SEE ATTACHED SERVICE LIST**

I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice, correspondence placed in envelopes is deposited in the U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I know the envelope was sealed and, with postage prepaid, placed for collection and mailing on this date, following ordinary business practice, in the United States Mail at Los Angeles, California. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 12, 1999, at Marina Del Rey, California.

JANE NAGAISHI

DeclServ

TIG v. Smolker Service List
B 124969, B 135478

Robert Hoffman, Esq.  SBN 123458
Charleston, Revich & Williams
1840 Century Park East, 3rd Fl.
Los Angeles, CA 90067-2104
(310) 551-7000

Attorneys for Cross Defendants Dennis Babbits,
Coregis Group, Inc.; Coregis Insurance
Company; Dean & Associates; and California
Insurance Company

Robert Ridenour  SBN 109673
Borton, Petrini & Conron
707 Wilshire, Blvd., 51st fl
Los Angeles, CA 90017-3613
(213) 624-2869

Attorneys for Cross Defendants W.R. Grace &
Co., Grace Davison, Albert Costello and James
R. Hyde

Michael B. Geibel, Esq.  SBN 100770
Gibbs Giden Locher & Turner
2029 Century Park East, 34th Fl.
Los Angeles, CA  90067-3039
(310) 552-3400

Attorneys for Cross defendants and cross
complainants James and Julie Holland

David L. Hughes, Esq.  SBN 129411
Booth Mitchel & Strange LLP
3080 Bristol St., Ste 550
P.O. Box 5046
Costa Mesa, CA 92628-5046
(714) 641-0217

Attorneys for Cross defendant Reliance
Insurance Company

Joe W. Hilberman, Esq.  SBN 57298
Fonda & Hilberman, LLP
1925 Century Park East, Ste. 2250
Los Angeles, CA  90067-2723
(310) 553-3320

Attorneys for Cross defendant and cross
complainant Carol D. Kay, Trustee, Carol D.
Kay Revocable 1989 Trust

Alan Zuckerman, Esq.  SBN 78698
Lewis D'Amato Brisbois & Bisgaard
221 N. Figueroa St., Ste. 1200
Los Angeles, CA  90012
(213) 250-1800

Attorneys for Cross Defendant Joseph Fedoruk

Larry Arnold, Esq.  SBN 60459
Cummins & White, LLP
2424 S.E. Bristol St., Ste 300
Newport Beach, CA 92660
(714) 852-1800

Attorneys for Plaintiff and Cross Defendant TIG
Insurance Company, and Cross Defendants
Cummins & White, Larry M. Arnold and Laura
N. MacPherson

Sara M. Thorpe, Esq.  SBN 146529
Gordon & Rees
275 Battery St., 20th floor
San Francisco, CA 94111
(415) 986-5900

Attorneys for  cross defendants Truck Insurance
Exchange/Underwriters Association; Farmers
Group, Inc.; and Farmers Insurance Group of
Companies

Holly M. Parker, Esq.
DuBois, Billig, et al
6404 Wilshire Blvd., Ste 850
L.A., CA 90048-5510
(213) 653-2518

Attorneys for cross defendant Frontier Pacific
Insurance Company

Gary E. Yardumian, Esq.  SBN 131411
Prindle Decker & Amaro
P. O. Box 22711
Long Beach, CA  90801-5511
(562) 495-0564

Attorneys for cross defendants Home Saving
Termite Control, Inc., W.F. Morris and Rikk
Thompson

David M. Grey, Esq.  SBN 124793
Murawski & Grey
11755 Wilshire Blvd., Ste. 1400
Los Angeles, CA  90025
(310) 551-6939

Attorneys for Cross defendant and Cross
complainant Pacific Villas Homeowners'
Association

William M. Slaughter, Esq.  SBN 106918
Beach, Procter, McCarthy & Slaughter
789 S. Victoria Ave., Ste. 305
Ventura, CA  93003-5419
(805) 658-7800

Attorneys for Cross defendant Lance Robbins

William E. Davis III, Esq.  SBN 101641
1925 Century Park East, Ste. 500
Los Angeles, CA  90067-2700
(213) 389-7397

Attorney for Cross defendants Angela Verdun
and Gerald Ivory

Virginia K. Cipriano
3033 Sherbrook St., West, Apt. 306
Montreal, Quebec
Canada  H321A3

Cross defendant In Pro Per

Anne L. Bigley, Esq.  SBN 197911  
Gilbert Kelly Crowley & Jennett  
Riverside Metro Center  
3801 University Ave., #700  
Riverside, CA  92501-3245  
909-276-4000  

Attorneys for Cross defendants Matthew J.  
Fredericks and Virginia K. Cipriano  

John J. Waller, Jr., Esq.  SBN 094449  
Walter, Finestone & Richter  
11601 Wilshire Blvd., Ste. 1900  
Los Angeles, CA  90025  
(310) 575-0800  

Attorneys for Cross defendant and cross  
complainant Joseph A. Bailey  

Pamela E. Dunn, Esq.  SBN 119090  
Robie & Matthai  
500 S. Grand Ave., 15th Fl.  
Los Angeles, CA  90071-2609  
213-624-3062  

Attorneys for Cross defendant State Farm Fire  
& Casualty Co.  

Pamela W. Levin, Esq.  SBN 073185  
Thornton, Taylor, Downs  
505 Sansome St., Ste. 1600  
San Francisco, CA  94111  
415-421-8890  

Attorneys for Cross defendant State Farm Fire  
& Casualty Co.  

Richard B. Wolf, Esq.  SBN 046173  
Lewis D'Amato Brisbios & Bisgaard  
221 N. Figueroa St., Ste. 1200  
Los Angeles, CA  90012-2601  
213-250-1800  

Attorneys for Cross defendant Auto Club  

Jeffrey A. Needelman, Esq.  SBN 193892  
Pollak Vida & Fisher  
1801 Century Park East, 26th Fl.  
Los Angeles, CA  90067-2343  
310-203-1620  

Attorneys for Cross defendant Allstate  
Insurance Co.  

Hon. Richard Fruin, Judge  
Los Angeles Superior Court  
111 N. Hill Street, Dept. 15  
Los Angeles, California  90012-3117  

Hon. Dzintra Janavs, Judge  
Los Angeles Superior Court  
111 N. Hill Street, Dept. 85  
Los Angeles, California  90012-3117

1

2

3

4

5

6

7

8

9

10

RECEIVED

OCT 2 0 1999

DEPT. 85

# FILED
LOS ANGELES SUPERIOR COURT

NOV 08 1999

JOHN A. CLARKE, CLERK

BY S. BARRETT, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| TIG INSURANCE COMPANY. a California corporation,<br><br>          Plaintiff,<br><br>          vs.<br><br>GARY SMOLKER, an individual, and ALICE SMOLKER, an individual, and DOES 1-10, inclusive,<br><br>          Defendants.<br><br>AND RELATED CROSS ACTIONS | Case No. BC 173 952<br><br>(Honorable Dzintra Janavs, Judge)<br>(Department 85)<br><br>**Order Sustaining Cross-defendant Carol D. Kay, Trustee, Carol D. Kay Revocable 1989 Trust's demurrer to the Seventh Cause of Action, Cross-defendants Cummins & White, LLP's, Larry M. Arnold's, and Laura N. MacPherson's demurrers to the Tenth Cause of Action of the First Amended Cross-complaint, Without Leave to Amend and Ordering the First Amended Cross-Complaint ☒ Dismissed as to Cross-defendants Carol D. Kay, Trustee, Carol D. Kay Revocable 1989 Trust, Cummins & White, LLP, Larry M. Arnold, and Laura N. MacPherson**<br><br>Date:    October 15, 1999<br>Time:    9:30 a.m.<br>Dept.:    85 |

-1-

ORDER DISMISSING FIRST AMENDED CROSS-COMPLAINT AS TO CROSS-DEFENDANTS WHOSE
DEMURRERS WERE GRANTED WITHOUT LEAVE TO AMEND ON JUNE 12, 1998

1    Cross-defendants Carol D. Kay, Trustee, Carol D. Kay Revocable 1989 Trust's, Cummins

2  & White, LLP's, Larry M. Arnold's, and Laura N. MacPherson's demurrers to cross-

3  complainants Gary Smolker and Alice Smolker's First Amended Cross-complaint having come

4  before the court for hearing on June 12, 1998, the Honorable Dzintra Janavs, Judge Presiding,

5  with Cecille Hester, Esq. appearing for cross-defendant Carol D. Kay, Trustee of the Carol D.

6  Kay Revocable 1989 Trust, Thomas Gilbert, Esq. appearing for cross-defendants Cummins &

7  White, LLP, Larry M. Arnold, and Laura N. MacPherson, and Gary S. Smolker, Esq. appearing

8  for cross-complainants Gary Smolker and Alice Smolker, and the court having considered the

9  papers and arguments submitted in support of, and in opposition to, the demurrers, and good

10  cause appearing,

11    IT IS ORDERED THAT Cross-defendant Carol D. Kay, Trustee, Carol D. Kay 1989

12  Revocable Trust's demurrer to the Seventh Cause of Action, Cross-defendants Cummins &

13  White, LLP's, Larry M. Arnold's, and Laura N. MacPherson's demurrers to the Tenth Cause of

14  Action, of the First Amended Cross-complaint are sustained without leave to amend and the First

15  Amended Cross-Complaint is dismissed as to Cross-defendants Carol D. Kay, Trustee, Carol D.

16  Kay Revocable 1989 Trust, Cummins & White, LLP, Larry M. Arnold, and Laura N.

17  MacPherson, (collectively "dismissed cross-defendants") on the ground that the first amended

18  cross-complaint does not state facts sufficient to state a cause of action against dismissed cross-

19  defendants and cross-complainants fail to show how under applicable substantive law they could

20  amend the first amended cross-complaint further to allege causes of action against dismissed

21  cross-defendants.

22    The Minute Order of June 12, 1998 is incorporated herein to the extent it reflects rulings

23  on the demurrers specified herein.

24    Dismissed cross-defendants shall recover their costs of suit.

25  Dated: _11/8/99_              Honorable Dzintra Janavs

26                                 Judge of the Los Angeles Superior Court

27

28

-2-

## DECLARATION OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 4720 Lincoln Blvd., Suite 250, Marina del Rey, California 90292.

     On October 15, 1999, I served the attached document described as follows:

**ORDER**

on the interested parties in this action by facsimile for the fax number(s) listed, and by causing a true copy thereof enclosed in a sealed envelope(s), addressed as follows to be placed in the U.S. Mail at Los Angeles, California:

See Attached Service List

     I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice, correspondence placed in envelopes is deposited in the U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I know the envelope was sealed and, with postage prepaid, placed for collection and mailing on this date, following ordinary business practice, in the United States Mail at Los Angeles, California. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

     I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on October 15, 1999 at Marina del Rey, California.

JANE Y. NAGAISHI

DeclServ

Virginia K. Cipriano
3033 Sherbrook St., West
Apt. 306, Montreal
Quebec, Canada H3Z 1A3

Jeffrey Horowitz, Esq.
DuBois, Billig, et al
6404 Wilshire Blvd., Ste 850
L.A., CA 90048-5510

Joe W. Hilberman, Esq.
Fonda, Hilberman & Fraser, LLP
1925 Century Park East, Ste 2250
Los Angeles, CA. 90067-2723

Gary E. Yardumian, Esq.
Prindle, Decker & Amaro
P.O. Box 22711
Long Beach, CA 90801-5511

John J. Waller, Esq.
Walter, Finestone & Richter
11601 Wilshire blvd., Ste 1900
Los Angeles, CA. 90025

David Grey, Esq.
Murawshi & Grey LLP
11755 Wilshire Blvd., Ste 1400
Los Angeles, CA. 90025

Jeffrey A. Needelman, Esq.
Pollak, Vida & Fisher
1801 Century Park East, 26th floor
Los Angeles, CA 90067-2343

Robert Hoffman, Esq.
Charlston, Revich & Williams
1840 Century Park East, 3rd fl
Los Angeles, CA 90067-2104

Bob Ridenour
Borton, Petrini & Conron
707 Wilshire, Blvd., 51st fl
Los Angeles, CA 90017-3613

Michael B. Geibel, Esq.
Gibbs Giden Locher & Turner
2029 Century Park East, 34th Fl
Los Angeles, CA 90067-3039

Alan Zuckerman, Esq.
Lewis D'Amato Brisbois & Brigaard
221 N. Figueroa St., Ste #1200
Los Angeles, CA 90012

William E. Davis III, Esq.
1925 Century Park East, Ste 500
Los Angeles, CA 90067-2700

Richard B. Wolf, Esq.
Lewis D'Amato Brisbois &
Bisgaard
221 N. Figueroa St., Ste 1200
Los Angeles, CA 90012-2601

Pamela W. Levin, Esq.
Thornton, Taylor, Downs et al.
505 Samsone St., Ste 1600
San Francisco, CA 94111

Sara M. Thorpe, Esq.
Gordon & Rees
275 Battery St., 20th floor
San Francisco, CA 94111

Booth Mitchel & Strange LLP
701 Parker St., Ste 6500
P.O. Box 11055
Orange, CA 92856-8155

Peter J. Godfrey, Esq.
Gilbert Kelly Crowley & Jennett
3801 University Ave., Ste 700
Riverside, CA 92501-3245

Larry Arnold, Esq.
Cummins & White, LLP
2424 S.E. Bristol St., Ste 300
Newport Beach, CA 92660

Michael H. Raichelson, Esq.
Beach Procter McCarthy & Slaughter
789 S. Victoria Ave., Ste 305
Ventura, CA 93003

Pamela E. Dunn, Esq.
Robie & Matthai
500 South Grand Avenue, 15th floor
Los Angeles, CA. 90071-2609

RECEIVED
JUN 16 1998
ROOM 111

**FILED**
LOS ANGELES SUPERIOR COURT
NOV 08 1999
JOHN A. CLARKE, CLERK
BY S. BARRETT, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TIG INSURANCE COMPANY, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GARY SMOLKER, an individual, and ALICE SMOLKER, an individual, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>———————————————<br><br>GARY SMOLKER and ALICE SMOLKER,<br><br>Cross-complainants,<br><br>v.<br><br>HOME SAVINGS TERMITE CONTROL, INC.; W.F. MORRIS; RIKK THOMPSON; W.R. GRACE & CO.; GRACE DAVISON; ALBERT J. COSTELLO; JAMES R. HYDE; MATTHEW JOHN FREDERICKS; VIRGINIA K. CIPRIANO; JOSEPH A. BAILEY II; CAROL D. KAY, TRUSTEE, CAROL D. KAY REVOCABLE 1989 TRUST; LANCE J. ROBBINS; GERALD W. IVORY; ANGELA JORDAN VERDUN; PACIFIC VILLAS HOMEOWNERS' | Case No. BC 173952<br><br>[PROPOSED] ORDER OF DISMISSAL WITH PREJUDICE OF CROSS-DEFENDANTS DENNIS A. BABBITS AND DEAN & ASSOCIATES FOLLOWING SUSTAINING OF DEMURRERS WITHOUT LEAVE TO AMEND<br><br>Dated: June 12, 1998<br>Time: 1:30 p.m.<br>Dept: 15<br><br>[ASSIGNED FOR ALL PURPOSES TO THE HONORABLE DZINTRA JANAVS] |

17984t

1  ASSOCIATION; TRUCK INSURANCE )
   EXCHANGE; TRUCK UNDERWRITERS)
2  ASSOCIATION; FARMERS GROUP, )
   INC.; FARMERS INSURANCE GROUP )
3  OF COMPANIES; TIG INSURANCE )
   COMPANY; CUMMINS & WHITE, )
4  LLP; LARRY M. ARNOLD; LAURA N. )
   MACPHERSON; COREGIS GROUP, )
5  INC.; COREGIS INSURANCE )
   COMPANY; JOSEPH FEDORUK; DEAN)
6  & ASSOCIATES; DENNIS A. BABBITS; )
   CALIFORNIA INSURANCE COMPANY;)
7  RELIANCE INSURANCE COMPANY; )
   FRONTIER PACIFIC INSURANCE )
8  COMPANY; and ROES 1-100, inclusive, )

9                    Cross-defendants.      )
                                            )

10 _____

11

12  WHEREAS, on January 15, 1998, cross-defendants Dennis A. Babbits and Dean &

13 Associates (collectively the "Dean Firm") filed demurrers to cross-complainants Gary Smolker and

   Alice Smolker's ("Smolkers") first amended cross-complaint;

14

15  WHEREAS, on January 15, 1998, the Dean Firm filed a motion to strike claims for

16 attorney fees and punitive damages from the Smolkers' first amended cross-complaint;

17  WHEREAS, on January 25, 1998, the Smolkers filed opposition to the Dean Firm's

18 demurrers and motions to strike;

19  WHEREAS, on January 29, 1998, the Dean Firm filed reply briefs in support of its

20 demurrers and motions to strike;

21  WHEREAS, on February 2, 1998, the Honorable Irving S. Feffer sustained the Dean

22 Firm's demurrers with leave to amend and granted the Dean Firm's motion to strike;

23  WHEREAS, on April 1, 1998, the Court of Appeal for the Second Appellate District

24 vacated all rulings by Judge Feffer, including the order of February 2, 1998 sustaining the

25 Dean Firm's demurrers and granting the Dean Firm's motion to strike in connection with the

26 peremptory challenge filed by cross-defendant W.R. Grace & Company to Judge Feffer

27 pursuant to C.C.P. § 170.6;

28  WHEREAS, on March 17, 1998, this action was reassigned to the Honorable Dzintra

17984t

-2-

1  Janavs for all purposes;

2  WHEREAS, on April 22, 1998, the Dean Firm filed demurrers to the Smolkers' first
3  amended cross-complaint;

4  WHEREAS, on April 22, 1998, the Dean Firm filed a motion to strike claims for
5  attorney fees and punitive damages from the Smolkers' first amended cross-complaint;

6  WHEREAS, on April 22, 1998, the Dean Firm filed a request for judicial notice in
7  support of its demurrers and motions to strike in connection with the Smolkers' first amended
8  cross-complaint;

9  WHEREAS, on May 14, 1998, the Smolkers filed opposition to the Dean Firm's
10  demurrers and motion to strike;

11  WHEREAS, on May 22, 1998, the Dean Firm filed reply briefs in support of its
12  demurrers and motion to strike as to the Smolkers' first amended cross-complaint;

13  WHEREAS, the Dean Firm's demurrers and motion to strike as to the Smolkers' first
14  amended cross-complaint came on regularly for hearing on June 12, 1998 in Department 15
15  of the above-entitled Court before the Honorable Dzintra Janavs, with Robert D. Hoffman of
16  Charlston, Revich & Williams LLP appearing for the Dean Firm and Gary Smolker appearing
17  on behalf of the Smolkers;

18  WHEREAS, the Court having read all of the moving and opposing papers submitted
19  by the parties, having listened to the arguments of counsel, and being apprised of the
20  premises;

21  WHEREAS, the Court sustained the Dean Firm's demurrers to the Smolkers' first
22  amended cross-complaint without leave to amend on the grounds that the Smolkers' first
23  amended cross-complaint does not state facts sufficient to constitute a cause of action against
24  the Dean Firm pursuant to C.C.P. § 430.10(e) as set forth in the Dean Firm's demurrers;

25  WHEREAS, the Court specifically referred to the authorities, argument and exhibits
26  from the Dean Firm's moving and reply papers as support for its finding that the Smolkers'
27  purported claims against the Dean Firm did not state a cause of action against the Dean Firm,

28

17984(

-3-

1  that the Dean Firm owed no duty to the Smolkers, did not represent the Smolkers and has no

2  liability to the Smolkers; and

3      WHEREAS, the Court ruled that the Dean Firm's motion to strike was moot in light

4  of the dismissal with prejudice of the Smolkers' claims against the Dean Firm.

5      NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that all of

6  the Smolkers' claims against the Dean Firm are dismissed with prejudice and that the

7  Smolkers shall take nothing by their cross-complaint against the Dean Firm and that judgment

8  is entered in favor of the Dean Firm and that the Dean Firm is entitled to recover from the

9  Smolkers its costs of suit in the amount of $_____ by memorandum.

10

11  Dated:  11/8/99                                
JUDGE OF THE SUPERIOR COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17984t

-4-

## PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               ) ss
COUNTY OF LOS ANGELES          )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1840 Century Park East, Third Floor, Los Angeles, California 90067-2104.

On June 16, 1998, the foregoing document described as:

**[PROPOSED] ORDER OF DISMISSAL WITH PREJUDICE OF CROSS-DEFENDANTS DENNIS A. BABBITS AND DEAN & ASSOCIATES FOLLOWING SUSTAINING OF DEMURRERS WITHOUT LEAVE TO AMEND**

is being served on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

__X__   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

_____   *(BY PERSONAL SERVICE) ALLSTAR Messenger Service, 8929 Exposition Boulevard, Los Angeles, California 90034 delivered such envelope by hand to the offices of the addressee.

__X__   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 16, 1998, at Los Angeles, California.

PATRICIA ANNE MCNULTY

New Discovery Law         * For Personal Service, Signature
2030 and 2031 C.C.P.             Must Be That Of Messenger

1

2

3

**SERVICE LIST**
*TIG Insurance Company v. Smolker, et al.*
LASC, CASE NO.:  BC 173952

4

5

6

7

| | |
|---|---|
| Larry M. Arnold, Esq.<br>Laura N. MacPherson, Esq.<br>Cummins & White LLP<br>2424 S.E. Bristol Street, Suite 300<br>Newport Beach, CA  92660-0757<br>PHONE:     (714) 852-1800<br>FAX:      (714) 852-8510 | Attorneys for Plaintiff and Cross-defendant TIG Insurance Company and Cross-defendant TIG Insurance Company and Cross-defendants Cummins & White and Larry Arnold |

8

9

10

11

Gary S. Smolker, Esq.
Alice M. Graham, Esq.
Law Offices of Smolker & Graham
4720 Lincoln Blvd., Suite 280
Marina del Rey, CA  90292-6977
PHONE:     (310) 574-9880
FAX:      (310) 574-9883

Attorneys for Defendants and Cross-Complainants Gary Smolker and Alice Smolker

12

13

14

15

Jeffrey D. Horowitz, Esq.
Dubois, Billig, Loughlin,
   Conaty & Weissman
6404 Wilshire Blvd., #850
Los Angeles, CA  90048-5510
PHONE:     (213) 653-2518
FAX:      (213) 653-0669

Attorneys for Cross-defendant Frontier Pacific Insurance Company

16

17

18

19

Sara M. Thorpe, Esq.
Gordon & Rees
Embarcadero Center West
275 Battery St., 20th Floor
San Francisco, CA  94111
PHONE:     (415) 986-5900
FAX:      (415) 986-8054

Attorneys for Cross-defendants Truck Insurance Exchange, Truck Underwriters Association, Farmers Group, Inc., and Farmers Insurance Group of Companies

20

21

22

23

David L. Hughes, Esq.
Stacie Brandt, Esq.
Booth, Mitchel & Strange LLP
3080 Bristol St., Suite 550
P.O. Box 5046
Costa Mesa, CA  92628-5046
FAX: (714) 957-0411

Attorneys for Cross-defendant Reliance Insurance Company

24

25

26

27

Gary E. Yardumian, Esq.
Law Offices of Prindle, Decker
   & Amaro, LLP
P.O. Box 22711
310 Golden Shore, 4th Floor
Long Beach, CA  90801-3946
PHONE:     (562) 436-3946
FAX:      (562) 495-0564

Attorneys for Cross-defendant Home Savings Termite Control, Inc., Wayne F. Morris and Rikk Thompson

28

| | | |
|---|---|---|
| 1 | Robert N. Ridenour, Esq. | Attorneys for Cross-defendants W.R. Grace & Co. |
| | Rosemarie S. Lewis, Esq. | and Grace Davison, Albert J. Costello and James |
| 2 | Borton, Petrini & Conron | R. Hyde |
| | 707 Wilshire Boulevard, Suite 5100 | |
| 3 | Los Angeles, CA  90017-3613 | |
| | PHONE:        (213) 624-2869 | |
| 4 | FAX:           (213) 489-3930 | |
| | | |
| 5 | Alan Zuckerman, Esq. | Attorneys for Cross-defendant Dr. Joseph Fedoruk |
| | Glen S. Umeda, Esq. | |
| 6 | Hagenbaugh & Murphy | |
| | 700 North Central Avenue, Suite 500 | |
| 7 | Glendale, CA  91203-1240 | |
| | PHONE:        (818) 240-2600 | |
| 8 | FAX:           (818) 240-1253 | |
| | | |
| 9 | Joe W. Hilberman, Esq. | Attorneys for Cross-defendant Carol D. Kay |
| | Cecille L. Hester, Esq. | and Carol D. Kay Revocable 1989 Trust |
| 10 | Fonda & Hilberman, LLP | |
| | 1925 Century Park East, 2250 | |
| 11 | Los Angeles, CA  90067-2723 | |
| | PHONE:        (310) 553-3320 | |
| 12 | FAX:           (310) 553-4232 | |
| | | |
| 13 | Michael B. Geibel, Esq. | Attorneys for Defendants and Cross-complainants |
| | Gibbs, Giden, Locher & Turner LLP | James W. Holland and Julie A. Holland |
| 14 | 2029 Century Park East, 34th Floor | |
| | Los Angeles, CA  90067-3039 | |
| 15 | PHONE:        (310) 552-3400 | |
| | FAX:           (310) 552-0805 | |
| 16 | | |
| | John F. Walter, Esq. | Attorneys for Defendant Joseph A. Bailey, II |
| 17 | John J. Waller, Jr., Esq. | |
| | Walter, Finestone & Richter | |
| 18 | 11601 Wilshire Boulevard, Suite 1900 | |
| | Los Angeles, CA  90025 | |
| 19 | PHONE:        (310) 575-0800 | |
| | FAX:           (310) 575-0170 | |
| 20 | | |
| | William D. Beck, Esq. | |
| 21 | Johnson & Beck | |
| | 1680 N. Vine Street, Suite 1000 | |
| 22 | Hollywood, CA  90028 | |
| | | |
| 23 | Virginia K. Cipriano | |
| | 3033 Sherbrook St., West | |
| 24 | Apt. 306 | |
| | Montreal, Quebec, H3Z 1A3 | |
| 25 | CANADA | |
| | | |
| 26 | Matthew John Fredericks | |
| | 15 - 63rd Avenue, #6 | |
| 27 | Playa del Rey, CA  90293 | |
| | | |
| 28 | | |

1  Lance J. Robbins
   15 - 63rd Avenue, #2
2  Playa del Rey, CA  90293

3  Gerald W. Ivory
   15 - 63rd Avenue, #5
4  Playa del Rey, CA  90293

5  Angela Jordan Verde
   15 - 63rd Avenue, #5
6  Playa del Rey, CA  90293

7  Pacific Villa Homeowners Assoc,
   15 - 63rd Avenue, #6
8  Playa del Rey, CA  90293

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28