# Exhibit C-14

**2020 Cal. App. Op.**

 **Warning**
As of: June 5, 2020 6:18 PM Z

# Smolker v. W.R. Grace & Co.

Court of Appeal of California, Second Appellate District, Division Seven

January 22, 2020, Opinion Filed

B281406, B286138, B287626

**Reporter**
2020 Cal. App. Unpub. LEXIS 439 *; 2020 WL 358552

GARY SMOLKER, Plaintiff and Appellant, v. W.R. GRACE & CO., et al., Cross-Defendants and Respondents.GARY SMOLKER, Cross-Complainant and Appellant, v. TRUCK INSURANCE EXCHANGE, et al., Cross-Defendants and Respondents.GARY SMOLKER, Cross-Complainant and Appellant, v. HOME SAVINGS TERMITE CONTROL, INC., et al., Cross-Defendants and Respondents.

**Notice:** NOT TO BE PUBLISHED IN OFFICIAL REPORTS. *CALIFORNIA RULES OF COURT, RULE 8.1115(a)*, PROHIBITS COURTS AND PARTIES FROM CITING OR RELYING ON OPINIONS NOT CERTIFIED FOR PUBLICATION OR ORDERED PUBLISHED, EXCEPT AS SPECIFIED BY *RULE 8.1115(b)*. THIS OPINION HAS NOT BEEN CERTIFIED FOR PUBLICATION OR ORDERED PUBLISHED FOR THE PURPOSES OF *RULE 8.1115*.

**Subsequent History:** Review denied by *Smolker v. W.R. Grace & Co., 2020 Cal. LEXIS 3042 (Cal., Apr. 29, 2020)*

**Prior History: [*1]** APPEAL from judgments of the Superior Court of Los Angeles County, No. BC173952, Richard Fruin, Judge.

**Disposition:** Affirmed.

## Core Terms

cross-complaints, trial court, state court, bankruptcy court, appeals, lifted, motion to dismiss, parties, costs, file a notice, motion to tax, proceedings

**Counsel:** Gary Smolker, pro per, for Appellant.

Borton Petrini, Rosemarie Lewis and Jeffrey Z. Liu for Cross-Defendants and Respondents W.R. Grace & Co. and Grace Davidson in Case No. B281406.

Gordon Rees Scully Mansukhani, Peter Schwartz and Steven R. Inouye for Cross-Defendant and Respondent Truck Insurance Exchange in Case No. B286138.

Charlston, Revich & Wollitz and Robert D. Hoffman for Cross-Defendants and Respondents Coregis Group, Inc., Coregis Insurance Company, and California Insurance Company in Case Nos. B286138 and B287626.

Lewis Brisbois Bisgaard & Smith, Raul L. Martinez and Elise D. Klein for Cross-Defendant and Respondent Interinsurance Exchange of the Automobile Club of Southern California in Case Nos. B286138 and B287626.

Kincaid & Associates and Mark L. Kincaid for Cross-Defendants and Respondents Home Savings Termite Control, Inc. and W.F. Morris in Case No. B287626.

**Judges:** ZELON, J.; PERLUSS, P. J., FEUER, J. concurred.

**Opinion by:** ZELON, J.

# Opinion

In long-pending litigation arising out of the use of a chemical product for residential termite remediation, Gary *Smolker* filed cross-complaints against, [*2] inter alia, W.R. *Grace* & Co. (Grace); Grace Davidson;[1] Truck Insurance Exchange (Truck); Coregis Group, Inc., Coregis Insurance Company, and California Insurance Company (collectively, the Coregis Entities); the Interinsurance Exchange of the Automobile Club of Southern California (Auto Club); Home Savings Termite Control, Inc. (Home); and W.F. Morris. The trial court dismissed the cross-complaints as to all cross-defendants. Smolker appeals the judgments and the denial of his motions to tax costs. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

I. Early Litigation (1997-2001)

This litigation began in July 1997, when TIG Insurance Company filed a declaratory relief action in connection with its denial of coverage for insurance claims concerning a condominium owned by spouses Smolker and Alice Graham.[2] (*Smolker v. Pacific Villas Homeowners Assn.*, (Mar. 19, 2007, B138229) [nonpub. opn.].) Over the next several years, Smolker and Graham cross-complained against a number of companies and individuals. On October 10, 1997, they filed a cross-complaint against, inter alia, Grace, Davidson, Morris, and Home. They cross-complained against the Coregis Entities and Truck in their first amended cross-complaint, [*3] filed November 4, 1997. In May 1999, in their fourth amended cross-complaint, they asserted claims against Auto Club.

On January 5, 2000, the trial court bifurcated the case into what it designated a "First Phase" and a "Second Phase." The court placed Grace, Davidson, Home, and Morris in the First Phase, deferring the issues in the complaint and cross-complaints involving Truck, the Coregis Entities, and Auto Club until the Second Phase. The court stayed the Second Phase "until either 20 days after a jury verdict in the First Phase, or 20 days after a Judgment is entered after a bench trial in the First Phase, whichever occurs first." Discovery was stayed for the Second Phase parties while the First Phase took place but the court ordered that all First Phase discovery requests and responses be served on the Second Phase parties; Second Phase parties could attend, but not participate in, First Phase depositions; and both First and Second Phase parties must participate in a consolidated site inspection or waive the right of inspection.

Grace filed for bankruptcy on April 2, 2001. Grace and Davidson filed a notice of automatic bankruptcy stay in the trial court on April 5, 2001, and the [*4] trial court then stayed the state litigation as to *Grace*. *Smolker* filed a claim in the bankruptcy proceedings in August 2001.

The trial on the cross-complaints against Home and Morris began on December 3, 2001. The court declared a mistrial on December 11, 2001.

II. Bankruptcy Proceedings and Stay (2001-2015)

On January 22, 2002, the bankruptcy court issued an order enjoining the prosecution of the state court litigation pending a final judgment in the bankruptcy adversary proceeding or further order of the bankruptcy court.

The Law Offices of Smolker and Graham, counsel for Smolker and Graham, advised the superior court by letter on February 8, 2002, that the bankruptcy court had stayed the state court action. Shortly thereafter, on February 22, 2002, the trial court ordered the state court litigation "stayed pending the outcome of defendant W.R. Grace's bankruptcy proceedings."

Approximately 13 years passed. In early 2015, Grace filed a claims objection requesting that the bankruptcy court make further orders with respect to the state court litigation. *Smolker* advised *Grace*'s bankruptcy counsel that he did not object to the bankruptcy court lifting the injunction staying the state court [*5] action, and he (Smolker) filed a request in the bankruptcy court for "an Order permitting the California State Court Litigation . . . to proceed to judgment."

On March 4, 2015, the bankruptcy court ordered that "the litigation captioned, *TIG Insurance Company v. Gary Smolker, et al.*, Case No. BC 173952 (Los Angeles County Sup. Ct.) . . . may proceed to judgment." This order was served on Smolker and the trial court on March 4, 2015. Although the order was sent to the department in which the state court litigation was pending, there is no indication in the record that any party served and filed a notice of termination or modification of stay as required by *California Rules of*

---

[1] This respondent's surname is spelled in multiple ways in the record; we use the spelling used by her appellate counsel in Case No. B281406.

[2] Graham is not a party to this appeal.

*Court, rule 3.650(d)*. The state court litigation did not resume.

III. Further Litigation in the Trial Court (2016-2017)

On November 18, 2016, Grace and Davidson moved to dismiss the cross-complaints against them on the ground that Smolker had not brought them to trial within five years as required by Code of Civil Procedure[3] section 583.310. The court granted the motion to dismiss on January 17, 2017, and dismissed the cross-complaints with prejudice as to **Grace** and Davidson. **Smolker** appeals the judgment in Case No. B281406.

On April 6, 2017, Smolker moved to set a trial date for his cross-complaints [*6] against First Phase cross-defendants Home and Morris. The court granted the motion and set a trial date of October 2, 2017.

Between April and August 2017, Truck, Auto Club, and the Coregis Entities also moved for dismissal of the cross-complaints against them because Smolker had not brought them to trial within five years.[4] The trial court granted all the motions and dismissed the cross-complaints.[5] Smolker appeals the judgments as to Truck, Auto Club, and the Coregis Entities in Case No. B286138. He appeals the trial court's denial of his motion to tax costs with respect to Auto Club and the Coregis Entities in Case No. B287626.

Home and Morris, the parties who had proceeded to the trial in 2001 that ended in a mistrial, moved on July 3, 2017, for a discretionary dismissal of the cross-complaint against them because it had not been brought to trial within two years after the mistrial was declared. (*§ 583.420, subd. (a)(3)(A)*.) The court dismissed the cross-complaint against Home and Morris on November 17, 2017. Smolker appeals the judgment and the denial of his motion to tax costs in Case No. B287626.

**DISCUSSION**

An action, including a cross-complaint, must be brought to trial within five years after it is commenced. [*7] (*§ 583.310*.) If this deadline is not met, the action "shall be dismissed by the court . . . ." (*§ 583.360, subd. (a)*.) Additionally, if a matter proceeds to trial but results in a mistrial, the court may in its discretion dismiss the action for delay in prosecution if the action is not brought to trial again within two years. (*§ 583.420, subd. (a)(3)(A)*.)[6] In calculating time elapsed for the purpose of each statute, time during which the prosecution of the action was stayed is excluded. (*§§ 583.340, subd. (b)*; 583.420, subd. (b).) On appeal, Smolker argues that the motions to dismiss were all erroneously granted. We first address the issue common to all appeals, and then turn to the remaining arguments in each matter.

I. Arguments Concerning 2002 Trial Court Stay

In all three appeals, Smolker contends that while the bankruptcy court may have lifted its stay of the state court litigation in 2015, the 2002 state court order staying the litigation remained in effect and prevented him from prosecuting his cross-complaints. As a result, Smolker claims, the trial court had no power to consider the cross-defendants' motions to dismiss, and it erred when it considered the time period after the bankruptcy stay was lifted in calculating the time to bring the cross-complaints [*8] to trial (or retrial, in the case of Home and Morris). (*§§ 583.310*; 583.340, subd. (b); 583.420, subd. (b).)

We conclude that Smolker is estopped from arguing that the 2002 state court stay requires reversal of the judgments. The trial court's 2002 stay order was entered in response to the bankruptcy court's order staying the litigation. The bankruptcy court's 2015 order that the state court proceedings could resume, therefore, removed any external barrier to the litigation proceeding in the trial court. Once the federal stay was lifted, the trial court had the power to resume the litigation, and Smolker regained the ability to prosecute his cross-complaints: All he had to do was notify the trial court that the bankruptcy court had lifted its stay on the state court proceedings so that the trial court could lift its own stay.[7] In

---

[3] All further statutory references are to the Code of Civil Procedure.

[4] Truck filed its motion to dismiss on April 17, 2017. Auto Club moved to dismiss the cross-complaint against it on July 11, 2017. The Coregis Entities filed their motion to dismiss on August 18, 2017.

[5] The court dismissed the cross-complaint against Truck on August 24, 2017, the cross-complaint against Auto Club on September 27, 2017, and the cross-complaint against the Coregis Entities on October 17, 2017.

[6] At oral argument, citing *section 583.320, subdivision (a)(1)*, Smolker argued that the trial court could only dismiss the action if it was not brought to trial again within three years after the mistrial was declared. *Section 583.320, subdivision (a)(1)* concerns mandatory dismissals for delay in prosecution, while *section 583.420, subdivision (a)(3)(A)* grants the trial court the discretion to dismiss an action for delay in prosecution if it is not brought to trial again within two years of a mistrial. Here, the court granted a discretionary dismissal under *section 583.420*.

[7] Smolker asserts in Case No. B281406 that there is no evidence that he was served with the 2015 order of the bankruptcy court lifting its stay, and he claims in Case No. B286138 that this order was not properly served on him, but the trial court found that Smolker was

fact, Smolker was required to do so: *California Rules of Court, rule 3.650(d)* provides that "[w]hen a stay is vacated, is no longer in effect, or is modified, the party who filed the notice of the stay must immediately serve and file a notice of termination or modification of stay. If that party fails to do so, any other party in the action who has knowledge of the termination or modification of the stay must **[*9]** serve and file a notice of termination or modification of stay."[8]

Smolker did not inform the trial court that the bankruptcy stay had been lifted and his cross-complaints could proceed. Smolker's failure to satisfy his obligation to advise the trial court that the stay had been lifted both contravened his "affirmative obligation" as a party pursuing an action "to do what is necessary to move the action forward to trial in timely fashion" (*Tanguilig v. Neiman Marcus Group, Inc. (2018) 22 Cal.App.5th 313, 322, 231 Cal. Rptr. 3d 749)* and interfered with the trial court's inherent power to control the litigation before it. (*Rutherford v. Owens-Illinois, Inc. (1997) 16 Cal.4th 953, 967, 67 Cal. Rptr. 2d 16, 941 P.2d 1203*.) Having elected to leave his cross-complaints to languish under an obsolete stay, in contravention of the California Rules of Court and his duty to proceed with reasonable diligence in the prosecution of his action (*§ 583.130*), Smolker cannot now challenge the dismissal of his cross-complaints on the basis of that stay. "Under the doctrine of waiver, a party loses the right to appeal an issue caused by affirmative conduct or by failing to take the proper steps at trial to avoid or correct the error." (*Telles Transport, Inc. v. W.C.A.B. (2001) 92 Cal.App.4th 1159, 1167, 112 Cal. Rptr. 2d 540*; see also *Tomas v. Vaughn (1944) 63 Cal.App.2d 188, 196, 146 P.2d 499* ["[A] party may not be heard to complain because a judgment does not permit him to obtain an advantage as a result of his own wrong"].)

II. Case No. B281406 **[*10]**

Smolker argues that he was denied a fair hearing when the court accepted Grace and Davidson's supplemental brief despite their failure to timely serve it on him by facsimile as the court had directed. The record, however, includes evidence that the supplemental brief was faxed, e-mailed, and mailed to Smolker on December 30, 2016, the date that Smolker reports the briefing was due. **Smolker** has not established any error.

**Smolker** also contends that **Grace** and Davidson failed to provide competent evidence that Graham "was no longer a party to the underlying litigation when [they] filed their 'Motion to Dismiss.' Therefore, it was a clear error of law for the trial court to grant Respondents' 'Motion to Dismiss.'" This is the entirety of Smolker's presentation on this issue: he provides no argument to support his conclusion and fails to cite legal authority or the underlying record. "It is a fundamental rule of appellate review that the judgment appealed from is presumed correct and "'all intendments and presumptions are indulged in favor of its correctness."' [Citation.]' [Citation.] An appellant must provide an argument and legal authority to support his contentions. This burden requires **[*11]** more than a mere assertion that the judgment is wrong. 'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.' [Citation.] It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v. City of Los Angeles (2007) 149 Cal.App.4th 836, 852, 57 Cal. Rptr. 3d 363*.)

III. Case Nos. B286138 and B287626

In Case No. B286138, Smolker appeals from the court's dismissal of his cross-complaints against Truck, Auto Club, and the Coregis Entities. He repeats these arguments nearly verbatim in Case No. B287626, adding Home and Morris to the list of parties whose cross-complaints he contends should not have been dismissed.

Smolker argues that these cross-defendants filed their motions to dismiss in violation of the trial court's 2000 bifurcation order, and that the court erred when it granted the motions.

---

served with the order lifting the stay on March 4, 2015, and its finding is supported by the record. Smolker also contended at oral argument that the bankruptcy court order that the litigation could proceed did not lift its prior stay because it did not expressly so state, but the reasonable interpretation of the court's order that the litigation could proceed to judgment is that this order superseded its prior injunction of state court proceedings. If Smolker believed there was any ambiguity in the bankruptcy court's order, it was his obligation to seek clarification of that order.

[8] While the obligation to provide notice set forth in *California Rules of Court, rule 3.650(d)* applied not only to Smolker but to the cross-defendants with knowledge of the lifting of the stay, only Smolker, as the proponent of the cross-complaints, bore the additional duty to "proceed with reasonable diligence" in the prosecution of his action. (*§ 583.130*; see also *Jordan v. Superstar Sandcars (2010) 182 Cal.App.4th 1416, 1422, 107 Cal. Rptr. 3d 5* ["A plaintiff has an obligation to monitor the case in the trial court, to keep track of relevant dates, and to determine whether any filing, scheduling, or calendaring errors have occurred]."). Defendants and cross-defendants are required to cooperate in bringing actions to trial or other disposition (*§ 583.130*), but they have "no affirmative duty to do more than meet the plaintiff step by step." (*State Compensation Ins. Fund v. Selma Trailer & Manufacturing Co. (1989) 210 Cal.App.3d 740, 754, 258 Cal. Rptr. 545*.)

His entire discussion of this point consists of a quotation from the bifurcation order. Smolker also presents a bullet-point list of what he identifies as important public **[*12]** policy issues presented by his cross-complaints, but he provides no citations to evidence in the record, legal analysis, or authority in support of his listed assertions. Finally, in the "overview" section of his briefing in Case No. B287626, Smolker purports to appeal the denial of his motions to tax costs claimed by Auto Club, the Coregis Entities, Home, and Morris. Smolker, however, does not mention the motions to tax costs again in his briefing and never identifies any error in the trial court's rulings on these motions. Smolker has failed to present adequate factual and legal analysis on these issues. """An appellate court cannot assume the task of discovering the error in a ruling and it is the duty of counsel by argument and the citation of authority to show the reasons why the rulings complained of are erroneous. Contentions supported neither by argument nor by citation of authority are deemed to be without foundation and to have been abandoned." [Citations.]' [Citation.]" (*In re Phoenix H. (2009) 47 Cal.4th 835, 845, 102 Cal. Rptr. 3d 481, 220 P.3d 524*; see also *Placer County Local Agency Formation Com. v. Nevada County Local Agency Formation Com. (2006) 135 Cal.App.4th 793, 814, 37 Cal. Rptr. 3d 729* ["We need not address points in appellate briefs that are unsupported by adequate factual or legal analysis"].)

## DISPOSITION

The judgments are affirmed. Respondents shall recover their costs on **[*13]** appeal.

ZELON, J.

We concur:

PERLUSS, P. J.

FEUER, J.

**End of Document**