## Exhibit C-15

**Smolker S. Ct. Petition**

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

B281406

GARY SMOLKER,

Cross-Complainant and Appellant,

v.

W.R. GRACE & CO.  and GRACE DAVISON

Cross-defendants and Respondents.

B286138

GARY SMOLKER,

Cross-complainant and Appellant

v.

TRUCK INSURANCE EXCHANGE, et al.,

Cross-defendants and Respondents.

B287626

GARY SMOLKER,

Cross-complainant and Appellant,

v.

HOME SAVING TERMITE CONTROL, INC., et al.

Cross-defendants and Respondents.

On Appeal from the Orders of the Superior Court of California

for the County of Los Angeles

Honorable Richard Fruin, Jr., Judge Presiding (BC 173952)

PETITION FOR REVIEW OF THE DECISION OF THE COURT OF APPEAL,

SECOND APPELLATE DISTRICT, DIVISION SEVEN

FILED ON JANUARY 22, 2020 IN APPEAL CASES B281406, B286138, and
B287626

Gary Smolker (56117)

Attorney in Pro Per for Appellant Gary Smolker

16055 Ventura Blvd. Suite 525

Encino, California 91436

Phone: (818) 788-7290

Fax: (818) 990-0120

gsmolker@aol.com

TO BE FILED IN THE COURT OF APPEAL APP-008

| COURT OF APPEAL    SECOND APPELLATE DISTRICT, DIVISION   SEVEN | COURT OF APPEAL CASE NUMBER:<br>B281406 |
|---|---|

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NUMBER: 56117 | SUPERIOR COURT CASE NUMBER:<br>BC173952 |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NUMBER: 56117
NAME: GARY S. SMOLKER
FIRM NAME: SMOLKER LAW FIRM
STREET ADDRESS: 16055 VENTURA BOULEVARD, SUITE 525
CITY: ENCINO    STATE: CA    ZIP CODE: 91436
TELEPHONE NO.: (818) 788-7290    FAX NO.: *(818) 990-0120
E-MAIL ADDRESS: GSMOLKER@AOL.COM
ATTORNEY FOR (name):    ATTORNEY IN PRO PER FOR APPELLANT GARY SMOLKER

APPELLANT/ GARY SMOLKER
PETITIONER:

RESPONDENT/    W. R. GRACE & CO., ET AL.
REAL PARTY IN INTEREST:

### CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

(Check one):    [ X ]   INITIAL CERTIFICATE    [   ] SUPPLEMENTAL CERTIFICATE

**Notice:  Please read rules 8.208 and 8.488 before completing this form. You may use this form for the initial certificate in an appeal when you file your brief or a prebriefing motion, application, or opposition to such a motion or application in the Court of Appeal, and when you file a petition for an extraordinary writ. You may also use this form as a supplemental certificate when you learn of changed or additional information that must be disclosed.**

1. This form is being submitted on behalf of the following party (name ):

2. a.  [ X ] There are no interested entities or persons that must be listed in this certificate under rule 8.208.

   b.  [   ]  Interested entities or persons required to be listed under rule 8.208 are as follows:

| Full name of interested<br>entity or person | Nature of interest<br>(Explain): |
|---|---|
| (1) | |
| (2) | |
| (3) | |
| (4) | |
| (5) | |

[   ] Continued on attachment 2.

The undersigned certifies that the above-listed persons or entities (corporations, partnerships, firms, or any other association, but not including government entities or their agencies) have either (1) an ownership interest of 10 percent or more in the party if it is an entity; or (2) a financial or other interest in the outcome of the proceeding that the justices should consider in determining whether to disqualify themselves, as defined in rule 8.208(e)(2).

Date: MARCH 1, 2020

GARY S. SMOLKER
_____
(TYPE OR PRINT NAME)

▶ *[signature]*
_____
(SIGNATURE OF APPELLANT OR ATTORNEY)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
APP-008 [Rev. January 1, 2017]

**CERTIFICATE OF INTERESTED ENTITIES OR PERSONS**

Cal. Rules of Court, rules 8.208, 8.488
www.courts.ca.gov

3

TO BE FILED IN THE COURT OF APPEAL

**APP-008**

| | |
|---|---|
| **COURT OF APPEAL**  SECOND **APPELLATE DISTRICT, DIVISION**  SEVEN | **COURT OF APPEAL CASE NUMBER:**  B286138 |
| ATTORNEY OR PARTY WITHOUT ATTORNEY:          STATE BAR NUMBER:  56117  NAME:  GARY S. SMOLKER  FIRM NAME:  SMOLKER LAW FIRM  STREET ADDRESS:  16055 VENTURA BOULEVARD, SUITE 525  CITY:  ENCINO          STATE:  CA      ZIP CODE:  91436  TELEPHONE NO.:  (818) 788-7290      FAX NO.:  *(818) 990-0120  E-MAIL ADDRESS:  GSMOLKER@AOL.COM  ATTORNEY FOR (name):    ATTORNEY IN PRO PER FOR APPELLANT GARY SMOLKER | **SUPERIOR COURT CASE NUMBER:**  BC173952 |

APPELLANT/  GARY SMOLKER
PETITIONER:

RESPONDENT/          TRUCK INSURANCE EXCHANGE, ET AL.
REAL PARTY IN INTEREST:

### CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

*(Check one):*   [ X ]  INITIAL CERTIFICATE   [    ]  SUPPLEMENTAL CERTIFICATE

**Notice:  Please read rules 8.208 and 8.488 before completing this form. You may use this form for the initial certificate in an appeal when you file your brief or a prebriefing motion, application, or opposition to such a motion or application in the Court of Appeal, and when you file a petition for an extraordinary writ. You may also use this form as a supplemental certificate when you learn of changed or additional information that must be disclosed.**

1. This form is being submitted on behalf of the following party *(name )*:

2. a.  [ X ]  There are no interested entities or persons that must be listed in this certificate under rule 8.208.

   b.  [    ]  Interested entities or persons required to be listed under rule 8.208 are as follows:

| **Full name of interested  entity or person** | **Nature of interest  (Explain):** |
|---|---|
| (1) | |
| (2) | |
| (3) | |
| (4) | |
| (5) | |

[    ]  Continued on attachment 2.

**The undersigned certifies that the above-listed persons or entities (corporations, partnerships, firms, or any other association, but not including government entities or their agencies) have either (1) an ownership interest of 10 percent or more in the party if it is an entity; or (2) a financial or other interest in the outcome of the proceeding that the justices should consider in determining whether to disqualify themselves, as defined in rule 8.208(e)(2).**

Date: MARCH 1, 2020

GARY S. SMOLKER
_____
(TYPE OR PRINT NAME)

▶  *Gary Smolker*
_____
(SIGNATURE OF APPELLANT OR ATTORNEY)

Page 1 of 1

Form Approved for Optional Use  Judicial Council of California  APP-008 [Rev. January 1, 2017]

**CERTIFICATE OF INTERESTED ENTITIES OR PERSONS**

Cal. Rules of Court, rules 8.208, 8.488  www.courts.ca.gov

APP-008

| COURT OF APPEAL      SECOND APPELLATE DISTRICT, DIVISION   SEVEN | COURT OF APPEAL CASE NUMBER: B287626 |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY:                    STATE BAR NUMBER: 56117
NAME: GARY S. SMOLKER
FIRM NAME: SMOLKER LAW FIRM
STREET ADDRESS: 16055 VENTURA BOULEVARD, SUITE 525
CITY: ENCINO                          STATE: CA     ZIP CODE: 91436
TELEPHONE NO.: (818) 788-7290          FAX NO.: *(818) 990-0120
E-MAIL ADDRESS: GSMOLKER@AOL.COM
ATTORNEY FOR (name):    ATTORNEY IN PRO PER FOR APPELLANT GARY SMOLKER

SUPERIOR COURT CASE NUMBER: BC173952

APPELLANT/ GARY SMOLKER
PETITIONER:
RESPONDENT/          HOME SAVINGS TERMITE CONTROL, INC., ET AL.
REAL PARTY IN INTEREST:

### CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

(Check one):   [X]  INITIAL CERTIFICATE   [ ]  SUPPLEMENTAL CERTIFICATE

**Notice: Please read rules 8.208 and 8.488 before completing this form. You may use this form for the initial certificate in an appeal when you file your brief or a prebriefing motion, application, or opposition to such a motion or application in the Court of Appeal, and when you file a petition for an extraordinary writ. You may also use this form as a supplemental certificate when you learn of changed or additional information that must be disclosed.**

1. This form is being submitted on behalf of the following party (name ):

2. a. [X] There are no interested entities or persons that must be listed in this certificate under rule 8.208.

   b. [ ] Interested entities or persons required to be listed under rule 8.208 are as follows:

| Full name of interested entity or person | Nature of interest (Explain): |
|---|---|
| (1) | |
| (2) | |
| (3) | |
| (4) | |
| (5) | |

[ ] Continued on attachment 2.

The undersigned certifies that the above-listed persons or entities (corporations, partnerships, firms, or any other association, but not including government entities or their agencies) have either (1) an ownership interest of 10 percent or more in the party if it is an entity; or (2) a financial or other interest in the outcome of the proceeding that the justices should consider in determining whether to disqualify themselves, as defined in rule 8.208(e)(2).

Date: MARCH 1, 2020

GARY S. SMOLKER
(TYPE OR PRINT NAME)

*Gary Smolker*
(SIGNATURE OF APPELLANT OR ATTORNEY)

Form Approved for Optional Use
Judicial Council of California
APP-008 [Rev. January 1, 2017]

**CERTIFICATE OF INTERESTED ENTITIES OR PERSONS**

Page 1 of 1
Cal. Rules of Court, rules 8.208, 8.488
www.courts.ca.gov

~5~

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Authorities | 7 |
| Petition for Review | 9 |
| Issues Presented for Review | 9 |
| Statement of the Case | 11 |
| Arguments in Support of Review | 22 |
| I. Health and Safety of People Are Of Paramount Importance. | 22 |
| II. Court Of Appeal Decisions Must Be Logical And Analytical, Otherwise The Public Will Not Respect The Judiciary; And The Public Will Not Respect The Legal System. | 23 |
| III. The Court Of Appeals' January 22m 2020 Decision Violates Appellant's Constitutional Rights. | 23 |
| IV. If A Party Comes Into A Court Of Equity With Unclean Hands Relating To The Transaction Before The Court, He Will Be Denied Relief. | 23 |
| V. Conclusion | 24 |
| Certificate of Compliance | 25 |
| Appendix: Opinion of the Court of Appeal | 26 |

# Table of Authorities

**Cases**                                                                                    **Page(s)**

Oceans Services Corp. vs. Ventura Port District (1993)
15 Cal. App. 4th 1762                                                                       18

Chambers vs. Nasco, Inc. (1991) 501 US 32.                                                       20

Katz vs. Karisson (1948) 84 Cal. App. 2nd 469                                               20

Fibreboard Products Corp. vs East Bay Union of Machinists (1964)
277 Cal. App 2nd 675                                                                        20


**California Statutes**

California Civil Code § 3517, et seq                                                             10
California Code of Civil Procedure,  § 583.110, et seq.                                          15, 17
California Code of Civil Procedure,  § 583.130                                                   16
California Code of Civil Procedure,  § 583.310                                                   9
California Code of Civil Procedure,  § 583.320                                                   9
California Code of Civil Procedure,  § 583.340, (b)                                              10, 16, 17, 18
California Code of Civil Procedure,  § 583.420 (a) (3) (A)                                        11
California Food & Agriculture Code § 11737                                                       16
California Food & Agriculture Code § 11791 (a), (b), (c), & (d)                                  12,16
California Food & Agriculture Code § 11792                                                        12
California Food & Agriculture Code §11891                                                        16
California Food & Agriculture Code § 12842                                                       12, 16
California Food & Agriculture Code § 12972                                                       12, 16
California Food & Agriculture Code § 12980                                                       12, 16
California Food & Agriculture Code § 12991 (a), (c)  (d) & (e)                                    16
California Food & Agriculture Code § 12993                                                       12, 16

## Table of Authorities (Cont'd)

**State Statutes**            **Page(s)**

California Food & Agriculture Code § 12995      12, 16

California Government Code §68081      10, 17

**Federal Statutes**

Federal Insecticide, Fungicide m& Rodenticide Act (FIFRA)      12

7 US Code Section 136 (a)      12, 16

**Rules of Court**

California Rules of Court, Rule 3.1342, (b), (e), (1)      10, 17, 19

California Rules of Court, Rule 3.515, (a), (g), (h), (j)      17, 19

California Rules of Court, Rule 8.1115 (a)      10, 21, 22

**Treatises**

17 Cal. Law Revision Com. Rep. 9 Jan. 1984) page 919      13

**US Constitution, First Amendment**      11

**US Constitution, Seventh Amendment**      11, 23

**US Constitution, Fourteenth Amendment**      11,23

**California Constitution, Article 1, Section 3(a),**      11

**California Constitution, Article 1, Section 7(a),**      11,23

**California Constitution Article 1, Section 16**      11,23

PETITION FOR REVIEW

To the Honorable Chief Justice of the California Supreme Court and the Associated Justices of the Supreme Court of California.

Gary Smolker, cross-complainant and appellant, respectfully petitions for review following the decision of the Court of Appeal, Second Appellate District, Division Seven, per Laurie D. Zelon, Associate Justice, filed on January 22, 2020.

ISSUES PRESENTED FOR REVIEW

This case presents the following issues for review.

1. Must the Court of Appeal consider the impact of its decision on the regulation of pesticide SYLOID 244 in California when ruling on the appropriateness of the trial court's grant of respondents' motions to dismiss?  May the Court of Appeal and the trial court judge ignore the California Legislature's finding and declaration that it is necessary and desirable to provide for the safe use of pesticides and for safe working conditions for pest control applicators, and other persons handling, storing, or applying pesticides, or working in and about pesticide-treated areas?

2. Must the Court of Appeal consider the impact of its decision affirming respondents' judgments of dismissal of appellant's action on worker health and safety – the health and safety of pesticide Syloid 244 applicators and the health and safety of anyone who does construction work in a home whose wall cavities are filled with pesticide Syloid 244 - before affirming the trial court's judgments of dismissal of appellant's action.?

3. Must the Court of Appeal consider the impact of its decision on the health and safety of people who inhabit residential structures whose wall cavities are filled with pesticide Syloid 244 before ruling on appellant's appeal of the orders of dismissal granted by the trial court judge?

4. Must the Court of Appeal consider the impact of its decision affirming dismissal of appellant's action for failure to timely prosecute his action on the legal profession, on the legal system, and on the fair administration of justice in California?

9

5. Must the Court of Appeal consider the impact of its decision on the judicial system, on the judiciary and on the public at large?

6. What does California Rules of Court, Rule 3.1342(e)(1) [specifying what judges must consider when ruling on a motion to dismiss] mean: *In ruling on the motion, the court must consider "(e) Relevant Matters all matters relevant to a proper determination of the motion, including (1) The court's file in the case and the declarations and supporting data submitted by the parties ..."* ?

7. What constitutes a ***"fraud on the court"***?

8. Must the Court of Appeal, and the trial court, consider the ***"unclean hands"*** doctrine codified in California Civil Code section 3517 (*"No one can take advantage of his own wrong."*) when ruling on a motion to dismiss for failure to timely bring an action to trial?

9. Is there such a thing as an ***"obsolete stay"***?

10. Is there a reasonable diligence to bring an action to trial requirement prerequisite to the application of California Code of Civil Procedure section 583.340 subdivision (b), which provides: *"In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: (b) Prosecution of trial of the action was stayed or enjoined."*?

11. Can a plaintiff or cross-complainant be ***"estopped"*** from claiming a state court stay order tolls the time in which that party must bring their action to trial?

12. What constitutes an abuse of California Rules of Court, Rule 8.1115 (a) which provides that: *"Except as provided in (b), an opinion of the Court of Appeal...that is not certified for publication or ordered published must not be cited or relied on by a court or party, and nay action. (b) Exception An unpublished opinion may be cited or relied on: (1) When the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel; or (2) When the opinion is relevant to a criminal or disciplinary action because it states reasons for a decision affecting the same defendant or respondent in another action."*

13. What constitutes an abuse of Government Code section 68081 which provides that before an appellate court *"renders a decision in a proceeding other*

*than a summary denial of a petition for extraordinary writ, based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford parties an opportunity to present their views on the matter through supplemental briefing. If the court fails to afford that opportunity, a rehearing shall be ordered upon timely petition of any party."*

14. Do the First Amendment, the Seventh Amendment, and the Fourteenth Amendment of the Unites States Constitution, and Article 1, Section 3(a), Article 1, Section 7(a), and Article 1, Section 16 of The California Constitution limits the power of California courts to dismiss a party's action under Code of Civil Procedure Sections, 583.310, 583.320, 583.340, or 583.420 subd. (a)(3)(A).

15. Must a party moving for discretionary dismissal of an action provide the court with competent evidence which shows actual prejudice due to delay – evidence which demonstrates actual constraints on its ability to defend against the allegations against it – before the court may grant its motion to dismiss?

16. Does Code of Civil Procedure section 583.420 subd. (a)(3) (A) apply when there has only been one mistrial, or must there be at least two mistrials before it applies?

17. Must every party who has an interest in a legal proceeding, or that person's lawyer, be given the full right to be heard according to the law?

18. May a judge independently investigate facts in a proceeding, or consider evidence that is not presented in the proceedings, or consider evidence that may not be properly judicially noticed?

19. Must a judge make a reasonable effort to avoid receiving factual information that is not part of the record or an evaluation of that factual information?

## STATEMENT OF THE CASE

The use of pesticides is regulated in California by State Law and by Federal Law.

The Legislature has found and declared that it is necessary and desirable to provide for the safe use of pesticides and safe working conditions for farmworkers, pest control applicators, and other persons handling, storing, or applying

pesticides, or working in and about pesticide-treated areas. Food and Agricultural Code section 12980.

It is unlawful for any person to manufacture, deliver, or sell any pesticide which is not registered pursuant to this chapter. California Food & Agriculture Code section 12993.

In California, except as provided in regulations adopted by the director, it is unlawful for any person, by himself or through another, to possess or use any economic poison that is not registered pursuant to this chapter. California Food and Agriculture Code section 12995.

In California it is unlawful for any person (a) to make any false of fraudulent claim concerning a pesticide or otherwise engage in any unfair practice, (b) to operate in a faulty, careless or negligent manner, (c) to refuse or neglect to keep records by this division, or to make reports when and as required. Food & Agriculture code section 11791.

It is also unlawful for any person that is subject to this division to make any false or fraudulent record or report. Food and Agricultural Code section 11792.

Each registrant shall maintain in this state, or with the director's permission at another location, an accurate record of all transactions subject to assessment. Food and Agricultural Code section 12842.

The use of any pesticide by any person shall be in such a manner as to prevent substantial drift to nontarget areas. Food and Agricultural Code section 12972.

The Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) provides for federal regulation of distribution, sale, and use. All pesticides distributed or sold in the United States must be registered (licensed) by EPA.  7 USC Section 136 et seq.

This is a Petition for Review of the Decision of the Court of Appeal that resulted in affirming judgments of dismissal of appellant's action for an alleged failure to timely bring his action against respondents to trial.  It is appellant's position that he did not fail to timely bring his action to trial.

Appellant alleges in his cross-complaint and trial judge Richard Fruin found when ruling on motions for summary judgment and summary adjudication brought by Respondents W.R. Grace & Co. and Grace Davison (GRACE) and on motions for summary judgment and summary adjudication brought by Home Saving Termite Control and W.F. Morris that GRACE illegally manufactured and sold its pesticide product Syloid 244 to TERMITE CONTROL and that TERMITE CONTROL illegally sold and applied the pesticide product Syloid 244 in the condominium occupied by appellant and his family which was owned by appellant.

See appellant's fifth amended complaint at pages 91 through 162 in Clerk's Transcript on Appeal in Appeal Case No. 287626.  See paragraphs 72, 73 and 74 on pages 27 and 28 of fifth amended cross complaint at page 117 and 118 of Clerk's Transcript containing allegations regarding GRACE's illegal sale of Syloid 244 to TERMITE CONTROL for use as a pesticide and see paragraphs 73 and 74 on pages 27 and 28 of fifth amended complaint for allegation regarding it was against the law for TERMITE CONTROL to apply Syloid 244 in the condominium complex where appellant lived. Syloid 244 was not registered for use as a pesticide with either the US EPA or with the State of California at that time.

See pages 184, 185 and 189 of Clerk's Transcript on Appeal for Appeal Case No. 287626 for Judge Fruin's ruling and findings when ruling on those summary judgment motions.  See page 185 finding number one, Judge Fruin ruled, *"Syloid 244 ... is not and never was registered with the EPA or the California Department of Pesticide (Cal EPA)."* See page 189 *"CONCLUSIONS FROM THE EVIDENCE: 1. Federal Registration: Grace's Syloid 244 has never been registered with the EPA.  There is no FDA-approved label for Syloid 244.*

Judge Fruin had in his files and the Court of Appeal had in its files the Declaration of Peter Novak when it affirmed GRACE'S motion to dismiss and when it granted TERMITE CONTROL'S motion to dismiss – see pages 98 through 120 of Volume 1 of clerk's supplemental transcript on appeal in Appeal Case No. B287626 .  Peter Novak's' declaration explains in great detail that TERMITE CONTROL'S method of applying Syloid 244 under pressure to fill up wall cavities with Syloid 244is inherently dangerous and a public health menace to the pesticide applicator and to anyone who is in the residential structure whose walls are filled with Syloid 244..

Furthermore, the court found there is danger of coming into unprotected contact with Syloid 244. See page 192 of Clerk's transcript on appeal. Judge Fruin stated, *"Grace provided the product to Termite Control with a label containing a*

13

*health warning against its use in a manner that would expose person to breathing the product or making skin contact with the product. The Woodcock declaration, states in essence, that Termite Control's method of application of the Syloid 244 product would or could cause aspiration or other contact with the desiccant.*

*"The court, in light of Grace's label warning, cannot find that there is no triable issue as to whether unprotected contact with Syloid 244 caused human injury."*

The trial court judge had all the above information in the Los Angeles Superior court file for Los Angeles Superior Court Case No. BC 173952. In violation of California Rules of Court, Rule 3.1342(e)(1) the trial court judge ignored all that information when the trial judge granted respondent GRACE's and respondent TERMITE CONTROL'S motion to dismiss. The Court of Appeal had the same information in its files. The Court of Appeal also ignored all that information when it affirmed the trial judge's orders and judgments of dismissal. This was brought to the Court of Appeal's attention in Appellant's Petition for Rehearing dated February 10, 2020. See pages 31 and 32 of Appellant's Petition for Rehearing dated February 10, 2020.

Judge Fruin had in his file and the Court of Appeal has in its file a excerpt of a report at a symposium sponsored by GRACE that fine particles of amorphous silica gel (the active component in SYLOID 244) would kill a rat if it were injected in dry form into the lungs of a rat. See Exhibit 12 to APPELLANT'S "Second Motion to Take Judicial Notice of Evidence of Dangerous Properties of Desiccant SYLOID 244" filed in the Court of Appeal on December 19, 2019.

The Court of Appeal has in its files and Judge Fruin had in his files: [A] A copy of the TERMITE CONTROL Information Book given to consumers (Exhibit 10 to motion filed in Court of Appeal on December 19, 2019) in which TERMITE CONTROL fraudulently represents that SYOID 244 is not a chemical, it is a natural mineral, it is safe, and it has been approved by the US EPA. See Exhibit 10 to motion filed in Court of Appeal on December 19, 2018. [B] Letter dated March 6, 1993 from California Structural Pest Control Board to Wayne Morris/Home Saving Termite Control, informing Mr. Morris that amorphous silica gel is not a "non-chemical" product, ordering Mr. Morris to cease and desist claiming that it is: *"Another thing I want to point out to you is that borates and silica gel are non "non-chemical" products. They are pesticide chemicals and this is exactly why*

*they are required to be registered with the EPA and the DPR.  To suggest and state otherwise as you do is false advertising and you must CEASE AND DESIST this immediately. "* See Exhibit 14 to motion filed in Court of Appeal on December 19, 2018. The Court of Appeal also has in its files [C] California Structural Pest Control Board "Notice of Violation" No. 0243 dated December 16, 1996, issued to Home Saving Termite Control, Inc.; and [D] California Department of Pesticide Regulation Pesticide Enforcement Branch "Violation Notice" No. V95-12-96/97 dated December 16, 1996, issued to Home Saving Termite Control, Inc. Which are attached as Exhibit 16 and 17 to motion filed in Court of Appeal on December 19, 2018.

Both Judge Fruin and the Court of Appeal have in its files an official complaint made under penalty of perjury, dated 2/27/87, in the records of the Structural Pest Control Board, made by Sherry Kaufman in whose home SYLOID 244 was applied by TERMITE CONTROL.  When she entered her home after TERMITE CONTROL'S application of SYLOID 244 in her home, she immediately began having health problems such as burning chest, burning mucous membranes.  Over time her symptoms got worse. She visited Charles Schneider DDS, M.D., an ear nose and throat specialists, who diagnosed her as having esophagitis and gastritis due to inhaling irritant silica gel. She asked for the EPA approved pesticide label from Mr. Morris, which was never forthcoming. Inspector John Cervantes who took Ms. Kaufman's report investigated to find out if Mr. Morris had correctly reported the pesticide he was using in the monthly pesticide use reports he made to the appropriate government agency.  Inspector Cervantes found out Mr. Morris did not.  See pages 81 through 85 of Volume 1 of Supplemental Clerk's Transcript on Appeal for Appeal Case No. 287626 mislabeled Appeal Case No. B286138.

Ms. Kaufman's complaint was that when she came home after the SYLOID 244 application to kill termites and inhaled in the air in her home it was full of SYLOID 244.  The SYOLID 244 burned her throat.  She went to see a doctor.  Her doctor reported to her that inhaling SYLOID 244 burned her esophagus.

Judge Fruin and the Court of Appeal have in their files the written brochure handed out by TERMITE CONTROL which falsely represents the properties of SYLOID 244 given to APPELLANT'S wife Alice Graham, the Declaration of

Peter J. Novak, and the testimony of government employee Greg Adams, who investigated APPELLANT'S complaint.  Peter Novak's and Greg Adam's testimony state clearly that the method TERMITE CONTROL uses to apply SYLOIDF 244 in homes is unsafe, that SYOLID 244 is toxic, that SYLOID 244 is inherently dangerous, that the SYLOID 244 applied in APPELLANT'S home came out of the walls in APPELLANT'S home, and that SYLOID 244 applied in the walls of other people's homes will come out of wall voids in other people's homes.

This was brought to the Court of Appeal's attention in Appellant's Petition for Rehearing dated February 10, 2020.  See pages 32 through 34 of Appellant's Petition for Rehearing dated February 10, 2020.

The use of pesticides is highly regulated in the State of California.  The decision of the Court of Appeal does not discuss California Food & Agriculture Code sections 11737, 11791 (a), 11791 (b), 11791 (c), 11791 (d), 11891, 12842, 12972, 12980, 12991 (a), 12991 (c), 12991 (d) 12991 (e), 12993, or 12995 which are code sections which regulate the use and sale of pesticides in California, nor does it discuss 7 United States Code Section 136 (a) which regulates the use of pesticides.

APPELLANT alleged in his cross-complaint that TERMITE CONTROL violated all of those code sections. Government Agencies in charge of regulation of Pesticides in California agreed that it was against the law for TERMITE CONTROL to apply SYLOID 244 in APPELLANT'S home.  TERMITE CONTROL falsely represented in its reports to government regulators that it was not using SYLOID 244 while it was using SYLOID 244.

This was brought to the Court of Appeals attention in Appellant's Petition for Rehearing dated February 10, 2020.  See page 34 of Appellant's Petition for Rehearing.

Trial Judge Fruin states in his order of dismissal and in his judgments of dismissal Respondents GRACE, TRUCK, AUTO CLUB and COREGIS ENTITIIES that those orders were made pursuant to Code of Civil Procedure Section 583.310 (the five year rule); that Smolker had five years from when he filed his action to bring his action to trial. That is surely not the case.  See Code of Civil Procedure section 583.340 (b).

Judge Fruin put a stay on the entire action on February 22, 2002, *"pending the outcome of defendant W.R. Grace's bankruptcy proceedings."* See page 109 of Clerk's transcript on appeal for Appeal Case B286138. That stay order was still in effect when GRACE, TRUCK, AUTO CLUB, COREGIS ENTITIES and TERMITE CONTROL brought their motions to dismiss.

Pursuant to Code of Civil Procedure section 583.340(b): *"In computing the time in which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: (b) Prosecution or trial of the action was stayed or enjoined."* Therefore appellant had not failed to bring his action to trial in the time proscribed by Code of Civil Procedure (the five year rule) or any other code section.

In its decision the Court of Appeal made up an issue that no one had briefed, namely that *"Smolker is estopped from arguing that the state court stay requires reversal of the judgments.* This statement appears on page 8 of the January 22, 2020 Court of Appeal decision.

Appellant filed a "Petition for Rehearing" on February 10, 2020 in which appellant pointed out that under California Government Code section 68081 the Court of Appeal is required to grant a rehearing, give the parties the opportunity to brief that issue. The Court of Appeal denied appellant's petition on February 13, 2020.

Stays of proceedings are governed by California Rules of Court, Rule 3.515, which states in part:
    ***"(a) Motion for stay***...the court may stay the proceedings on its own motion.
    ***"(h) Effect if stat order*** *'Unless otherwise specified, a stay order suspends all proceedings in the action to which it applies. A stay order may be limited by its terms to specified proceedings, orders, motion, or other phases of the action to which the order applies."*
    ***"(j) Effect of stay order on dismissal for lack of prosecution*** *The entire time during which any stay of proceedings is in effect under the rules in this chapter must not be included in determining whether the action stayed should be dismissed for lack of prosecution under chapter 1.5 (§583.110 et seq.) of titled 8 of part 2 of Code of Civil Procedure."*

There is no requirement that a plaintiff or cross-complainant do anything once a stay order is in effect.

Code of Civil Procedure section 583.340 (b) then comes into effect.

This is clearing stated in <u>Oceans Services Corp. v. Ventura Port District</u> (1993) 15 Cal.App.4[th] 1762.

In <u>Ocean Services Corp.</u> the court states: *Code of Civil Procedure section 583.340 subdivision (b), provides that the five year period "shall be" tolled if "[prosecution or trial of the action was stayed or enjoined.' This is consistent with the treatment given to other statutory excuses; it increases certainty and minimizes the need for a judicial hearing to ascertain whether or not the statutory period has run." (17 Cal. Law Revision Com. Rep. 9 Jan. 1984) p. 919.) It is also consistent with the general policy favoring trial over dismissal (§583.130.)"*

The above rule " there is no prerequisite to Code of Civil Procedure section 583.340 subdivision (b)" is clearly set forth and argued on page 14 of Appellant's Opening Brief in Appeal Case No. B286138, argued also on page 13 of Appellant's Opening Brief in Appeal Case No. B287626, and set forth again and argued again on page 20 and 21 of Appellant's Petition for Rehearing dated February 20, 2020.

In its decision on page 10 and 11, the Court of Appeal states that *"Smolker argues that he was denied a fair hearing when the court accepted Grace and Davidson's supplemental brief despite their failure to timely serve it on him by facsimile as the court had directed. The record, however indicates evidence that the supplemental brief was faxed ...on December 30, 2016, the date that Smolker reports the briefing was due.* ***Smolker has not established any error."*** EMPHASIS ADDED.

The Court of Appeal decision incorrectly states that the record indicates GRACE timely served its supplemental brief and declaration by fax on Appellant on December 30, 2016. That is a complete misstatement of what the record indicates.

GRACE was to serve its "Supplemental Brief/Declaration on APPELLANT by fax on December 30, 2016. See Clerk's Transcript on Appeal for Appeal Case No. 281406, page 398 lines 26-38, page 398 line 1 and page 401 lines 22-27.
See Proof of Service of GRACE'S "Supplemental Brief" at page 403 of the Clerk's Transcript on Appeal. The "Proof of Service" of GRACE'S attorneys

states GRACE's "Supplemental Brief" was served by mail on Appellant on December 30, 2016; it was not served by fax on Appellant.

See Proof of Service of "Declaration of Roger Higgins" at page 356 of the Clerk's Transcript on Appeal in Appeal Case No. 281406. The "Proof of Service" of GRACE'S attorneys states the "Declaration of Roger Higgins" was served by mail on Appellant on December 30, 2016; it was not served by fax on Appellant.

When defendants file a motion to dismiss for lack of prosecution they are required by Rule of Court, Rule 3.1342 to set the hearing at least 45 days after they serve their motion. This gives the plaintiff time to read digest and consider the motion to dismiss pleadings before the hearing date.

California Rules of Court, Rule 3.1342 (b), provides that Plaintiffs are given 15 days after service of motion to dismiss in which to file an opposition.

In this case it was ordered by Judge Fruin that GRACE would serve its supplemental pleadings on APPELLANT by fax by no later than December 30, 2016 and that GRACE's motion to dismiss would be heard 17 days later, on January 16, 2017.

Instead of being given a minimum of 45 days to digest the voluminous new pleadings served by mail on Appellant, Appellant was given 17 days to digest that material.

However, GRACE'S pleadings were to be faxed to APPELLANT on December 30, 2016. GRACE mailed but never faxed 213 pages of new pleadings to APPELLANT. That is a clear denial of due process.

This was pointed out to the Court of Appeal in Appellant's Petition for Rehearing dated February 10, 2020. See pages 26 and 27 of Appellant's Petition for Rehearing dated February 10, 2010.

There is no such thing as an *"obsolete stay"*. A stay stays in effect until it is terminated by court order. California Rules of Court, Rule 3.515(g).

The time under which a stay of proceedings is in effect must not be included in determining whether the action should be stayed for lack of prosecution. California Rules of Court, Rule 3.515 (j).

Attorneys withholding information from a court is a fraud on the court. Acts which degrade the legal system are a wrong against an institution set up to safeguard and protect the public. Chambers v. Nasco, Inc. (1991) 501 US 32.

The very foundation of the legal system is good conscience, good faith and other equitable principles. Unclean conduct is conduct which is "condemned and pronounced wrongful by honest and fair minded men." Katz v. Karisson (1948) 84 Cal.App.2nd 469.

If a party comes into a court of equity with unclean hands relating to the transaction before the court, he will be denied relief. Fibreboard Products Corp. v. East Bay Union of Machinists (1964) 277 Cal.App.2nd 675.

TRUCK brought a motion for dismissal based on the same facts that GRACE brought its motion for dismissal. In GRACE'S motion for dismissal, as well as in AUTO CLUB'S, COREGIS ENTITIES, and TERMITE CONTROL'S separate motions for dismissal is a declaration under penalty of perjury by Richard C. Fink, Vice President and Associate General Counsel of W.R. Grace & Co.

Quoting pages 12 and 13 of Appellant's Reply brief in Appeal Case No. B286138, *"Mr. Finke's statement in support of GRACE'S application for the order signed by Judge Carey that after review of GRACE'S records he concluded GRACE has absolutely no liability to APPELLANT was a completely false and misleading statement and still is. At the time Mr. Fink made that statement GRACE though its California State Court litigation counsel – Rosemarie S. Lewis and the Borton Petrini LLP law firm – had in its possession overwhelming evidence that GRACE is liable for detriment caused to APPELLANT by GRACE'S unlawful and illegal sale of its pesticide product SYLOID 244 to TERMITE CONTROL. Since 2000, GARCE and its attorneys have had in their possession the deposition testimony of Greg Adams, California Structural Pest Control Specialist (Exhibit 65), deposition testimony Jeffrey Humphreys, Deputy Director, Consumer Protection Bureau, Department of Agricultural Commissioner Weights and Measures of the County of Los Angeles (Exhibit 67), and deposition testimony of David Duncan, Active Chief of the Enforcement Branch of the Environmental Protection Agency of the State of California that GRACE illegally and unlawfully sold its pesticide product SYLOID 244 to TERMITE CONTROL. Exhibit numbers*

*referred to above are Exhibits attached to Volumes 1 and 2 of Exhibits filed in support of this motion on October 23, 2019.* Reference to exhibits is to exhibits filed in opposition to GRACE'S and TERMITE CONTROL'S motions for summary judgment and summary adjudication. See pages 164, 165, 167, 173, and 174 to Clerk's Transcript on Appeal for Appeal Case No. B287626.

Herein after all references to CT will be to the Clerk's Transcript on Appeal for Appeal Case No. B287626.

Judge Fruin issued a ruling on those motions on December 13, 2000. See pages 181 through 193 of CT. Judge Fruin denied GRACE'S and TERMITE CONTROL'S motions for summary judgment. See page 182 of CT.

Judge Fruin ruled that SYLOID 244 was never registered with the federal EPA or with the California Department of Pesticide Regulation (Cal. EPA). See page 185 of CT.

Judge Fruin commented, *"How can TERMITE CONTROL or GRACE for that matter, argue that the EPA has determined that SYLOID 244, or a closely similar product, is safe for an application that arguably exposes homeowners to unprotected contact with the product when GRACE'S own shipping label for SYLOID 244 warns against unprotected exposure to SYLOID 244."* See page 192 of CT.

On pages 8 and 9 set forth the page numbers of those depositions transcripts and that a copy of those deposition transcripts were filed in the court on October 23, 2019 and served by mail on GRACE'S attorneys on November 6, 2000, and another copy of those deposition transcripts were served by mail on TERMITE CONTROL's attorney, the AUTO CLUB'S attorney, on the COREGIS ENTITITLES attorney and on TRUCK'S attorney on October 14, 2019.

Therefore, GRACE'S application to Judge Carey which resulted in Judge Carey signing the order presented to him by GRACE on March 4, 2015 involved dishonesty, fraud, deceit and intentional misrepresentation.

Additionally, in violation of California Rules of Court, Rule 8.1115, Mr. Fink's declaration (a copy of which appears on pages 212 through 214) refers to and relies on the unpublished Court of Appeal decision in Appeal Case No. 138229

filed on March 19, 2007.  See pages 222 et seq of Clerk's Transcript on Appeal for Appeal Case No. B281406.

Each respondent abused California Rules of Court, Rule 8.1115 by obtaining their motion to dismiss, based in part on referring to the unpublished Court of Appeal decision in Appeal Case No. 138229.

Additionally, Mr. Fink failed to advise Judge Carey of Judge Fruin's February 22, 2001 stay order which stayed the entire state court matter pending the outcome of defendant W.R. Grace's bankruptcy proceedings.

When the Court of Appeal makes a decision which makes no sense the Court of Appeal knows it can likely protect itself and its decision from Supreme Court review by not publishing its decision.

The Court of Appeal knows that the California Supreme Court is a court of precedent not error correction. The Court of Appeal knows if it does not publish its opinion, its opinion will not set precedent and therefore its opinion is highly unlikely to be reviewed by the Supreme Court.

This is a form of abuse of California Rules of Court, Rule 8.1115 which the Supreme Court must not allow.

## ARGUMENTS IN SUPPORT OF REVIEW

### I. Health And Safety Of People Are Of Paramount Importance.

It is the policy of the State of California to regulate the use of pesticides to provide for the safe use of pesticides, to provide for safe working conditions for pest control applicators, and other persons handling, storing, or applying pesticides, or working in and about pesticide treated areas.

The decision of the Court of Appeal does not specify the name of the pesticide product Syloid 244, does not specify that one should not come in unprotected contact with Syloid 244, and does not discuss the regulation of the use of pesticides.

Therefore no-one reading the Court of Appeal Decision would know that ` Syloid 244 is dangerous to come in unprotected contact with, or that filling up wall

voids with Syloid 244 is a public health menace, or that TERMITE CONTROL'S method of applying Syloid 244, pumping Syloid 244 into wall voids, is illegal.

Poor information regarding the danger of unprotected contact with Syloid 244, lack of information that the TERMITE CONTORL method of applying Syloid 244 to fill up wall cavities contaminates living spaces and is illegal, and failure to warn the public that Syloid 244 will flow out of walls creates a danger to the public.

It is therefore necessary for the Supreme Court to grant review of the January 22, 2020 decision of the Court of Appeal.

## II. Court Of Appeal Decisions Must Be Logical And Analytical, Otherwise The Public Will Not Respect The Judiciary And The Public Will Not Respect The Legal System.

The Court of Appeal's January 22, 2020 decision makes no sense. Therefore it is necessary for the Supreme Court to grant review of the January 22, 2020 decision of the Court of Appeal.

## III. The Court Of Appeal's January 22, 2020 Decision Violates Appellant's Constitutional Rights.

Appellant has an inalienable right to have a jury trial of his action against respondents under the Article 1, section 16 of the California Constitution and under the Seventh Amendment of the US Constitution.

Trial by jury is an inviolate right and shall be secured to all.

Also a person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws. Article 1, Section 7 (a) of the California Constitution.  Fourteenth Amendment of the US Constitution.

Therefore it is necessary for the Supreme Court to grant review of the January 22, 2020 decision of the Court of Appeal.

## IV. If A Party Comes Into A Court Of Equity With Unclean Hands Relating To The Transaction Before The Court, He Will Be Denied Relief.

The very foundation of the legal system is good conscience, good faith and other equitable principles. Respondents and their attorneys without held relevant information from the trial court and from the Court of Appeal.

Their acts are a wrong against an institution set up to safeguard and protect the public. Their conduct degraded the legal system.

Therefore it is necessary for the Supreme Court to grant review of the January 22, 2020 decision of the Court of Appeal.

## V. Conclusion

Respondents deprived appellant of due process of law by overwhelming appellant with more paperwork then appellant could reasonably cope with.

The trial court did not allow appellant adequate time to respond to respondents' motions to dismiss.

The trial court ignored the fact that GRACE and TERMITE CONTROL violated laws designed to protect the public.

The Court of Appeal did not follow laws relating to stay orders, did not follow laws regarding motions to dismiss.

The Court of Appeal based its decision on a legal theory none of the parties raised  and did not allow appellant to file a brief on the new issue created by the Court of Appeal.

Respondents conduct was unconscionable.

Therefore the California Supreme Court should grant review of the January 22, 2020 decision of the Court of Appeal.

Date: March 2, 2020                    Respectfully submitted,

By:_____
Gary Smolker, Attorney in Pro Per
for Appellant Gary Smolker

CERTIFICATE OF COMPLIANCE

Counsel of Record hereby certifies that pursuant to Rule 8.204(c)(1) of the California Rules of Court, the enclosed Petition for Review of Appellant Gary Smolker is produced using Roman type including footnotes and contains 5,718 words, which is less than the total words permitted by the rules of court.  Counsel relies on the word count of the computer program used to prepare this Petition.

Date:  March 2, 2020

Respectfully submitted,

By:_____

Gary Smolker, Attorney in Pro Per
For Appellant Gary Smolker

# FILED

Jan 22, 2020

DANIEL P. POTTER, Clerk

CLynch _____ Deputy Clerk

Filed 1/22/2020

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

> California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| GARY SMOLKER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>W.R. GRACE & CO., et al.,<br><br>    Cross-Defendants and<br>    Respondents. | B281406<br><br>(Los Angeles County<br>Super. Ct. No. BC173952) |
| GARY SMOLKER,<br><br>    Cross-Complainant and<br>    Appellant,<br><br>    v.<br><br>TRUCK INSURANCE<br>EXCHANGE, et al.,<br><br>    Cross-Defendants and<br>    Respondents. | B286138<br><br>(Los Angeles County<br>Super. Ct. No. BC173952) |

GARY SMOLKER,

    Cross-Complainant and
    Appellant,

    v.

HOME SAVINGS TERMITE
CONTROL, INC., et al.,
    Cross-Defendants and
    Respondents.

B287626

(Los Angeles County
Super. Ct. No.  BC173952)

    APPEAL from judgments of the Superior Court of Los
Angeles County, Richard Fruin, Judge.  Affirmed.

    Gary Smolker, in pro. per., for Appellant.

    Borton Petrini, Rosemarie Lewis and Jeffrey Z. Liu for
Cross-Defendants and Respondents W.R. Grace & Co. and Grace
Davidson in Case No. B281406.

    Gordon Rees Scully Mansukhani, Peter Schwartz and
Steven R. Inouye for Cross-Defendant and Respondent Truck
Insurance Exchange in Case No. B286138.

    Charlston, Revich & Wollitz and Robert D. Hoffman for
Cross-Defendants and Respondents Coregis Group, Inc., Coregis
Insurance Company, and California Insurance Company in Case
Nos. B286138 and B287626.

    Lewis Brisbois Bisgaard & Smith, Raul L. Martinez and
Elise D. Klein for Cross-Defendant and Respondent
Interinsurance Exchange of the Automobile Club of Southern
California in Case Nos. B286138 and B287626.

    Kincaid & Associates and Mark L. Kincaid for Cross-
Defendants and Respondents Home Savings Termite Control,
Inc. and W.F. Morris in Case No. B287626.

———————————

2

In long-pending litigation arising out of the use of a chemical product for residential termite remediation, Gary Smolker filed cross-complaints against, inter alia, W.R. Grace & Co. (Grace); Grace Davidson;[1] Truck Insurance Exchange (Truck); Coregis Group, Inc., Coregis Insurance Company, and California Insurance Company (collectively, the Coregis Entities); the Interinsurance Exchange of the Automobile Club of Southern California (Auto Club); Home Savings Termite Control, Inc. (Home); and W.F. Morris. The trial court dismissed the cross-complaints as to all cross-defendants. Smolker appeals the judgments and the denial of his motions to tax costs. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

I.    Early Litigation (1997-2001)

This litigation began in July 1997, when TIG Insurance Company filed a declaratory relief action in connection with its denial of coverage for insurance claims concerning a condominium owned by spouses Smolker and Alice Graham.[2] (*Smolker v. Pacific Villas Homeowners Assn.*, (Mar. 19, 2007, B138229) [nonpub. opn.].) Over the next several years, Smolker and Graham cross-complained against a number of companies and individuals. On October 10, 1997, they filed a cross-complaint against, inter alia, Grace, Davidson, Morris, and Home. They cross-complained against the Coregis Entities and Truck in their first amended cross-complaint, filed November 4,

---

[1]    This respondent's surname is spelled in multiple ways in the record; we use the spelling used by her appellate counsel in Case No. B281406.

[2]    Graham is not a party to this appeal.

3

1997. In May 1999, in their fourth amended cross-complaint, they asserted claims against Auto Club.

On January 5, 2000, the trial court bifurcated the case into what it designated a "First Phase" and a "Second Phase." The court placed Grace, Davidson, Home, and Morris in the First Phase, deferring the issues in the complaint and cross-complaints involving Truck, the Coregis Entities, and Auto Club until the Second Phase. The court stayed the Second Phase "until either 20 days after a jury verdict in the First Phase, or 20 days after a Judgment is entered after a bench trial in the First Phase, whichever occurs first." Discovery was stayed for the Second Phase parties while the First Phase took place but the court ordered that all First Phase discovery requests and responses be served on the Second Phase parties; Second Phase parties could attend, but not participate in, First Phase depositions; and both First and Second Phase parties must participate in a consolidated site inspection or waive the right of inspection.

Grace filed for bankruptcy on April 2, 2001. Grace and Davidson filed a notice of automatic bankruptcy stay in the trial court on April 5, 2001, and the trial court then stayed the state litigation as to Grace. Smolker filed a claim in the bankruptcy proceedings in August 2001.

The trial on the cross-complaints against Home and Morris began on December 3, 2001. The court declared a mistrial on December 11, 2001.

II.    Bankruptcy Proceedings and Stay (2001-2015)

On January 22, 2002, the bankruptcy court issued an order enjoining the prosecution of the state court litigation pending a

final judgment in the bankruptcy adversary proceeding or further order of the bankruptcy court.

The Law Offices of Smolker and Graham, counsel for Smolker and Graham, advised the superior court by letter on February 8, 2002, that the bankruptcy court had stayed the state court action. Shortly thereafter, on February 22, 2002, the trial court ordered the state court litigation "stayed pending the outcome of defendant W.R. Grace's bankruptcy proceedings."

Approximately 13 years passed. In early 2015, Grace filed a claims objection requesting that the bankruptcy court make further orders with respect to the state court litigation. Smolker advised Grace's bankruptcy counsel that he did not object to the bankruptcy court lifting the injunction staying the state court action, and he (Smolker) filed a request in the bankruptcy court for "an Order permitting the California State Court Litigation . . . to proceed to judgment."

On March 4, 2015, the bankruptcy court ordered that "the litigation captioned, *TIG Insurance Company v. Gary Smolker, et al.*, Case No. BC 173952 (Los Angeles County Sup. Ct.) . . . may proceed to judgment." This order was served on Smolker and the trial court on March 4, 2015. Although the order was sent to the department in which the state court litigation was pending, there is no indication in the record that any party served and filed a notice of termination or modification of stay as required by California Rules of Court, rule 3.650(d). The state court litigation did not resume.

III.    Further Litigation in the Trial Court (2016-2017)

On November 18, 2016, Grace and Davidson moved to dismiss the cross-complaints against them on the ground that

Smolker had not brought them to trial within five years as required by Code of Civil Procedure[3] section 583.310. The court granted the motion to dismiss on January 17, 2017, and dismissed the cross-complaints with prejudice as to Grace and Davidson. Smolker appeals the judgment in Case No. B281406.

On April 6, 2017, Smolker moved to set a trial date for his cross-complaints against First Phase cross-defendants Home and Morris. The court granted the motion and set a trial date of October 2, 2017.

Between April and August 2017, Truck, Auto Club, and the Coregis Entities also moved for dismissal of the cross-complaints against them because Smolker had not brought them to trial within five years.[4] The trial court granted all the motions and dismissed the cross-complaints.[5] Smolker appeals the judgments as to Truck, Auto Club, and the Coregis Entities in Case No. B286138. He appeals the trial court's denial of his motion to tax costs with respect to Auto Club and the Coregis Entities in Case No. B287626.

---

[3]     All further statutory references are to the Code of Civil Procedure.

[4]     Truck filed its motion to dismiss on April 17, 2017. Auto Club moved to dismiss the cross-complaint against it on July 11, 2017. The Coregis Entities filed their motion to dismiss on August 18, 2017.

[5]     The court dismissed the cross-complaint against Truck on August 24, 2017, the cross-complaint against Auto Club on September 27, 2017, and the cross-complaint against the Coregis Entities on October 17, 2017.

Home and Morris, the parties who had proceeded to the
trial in 2001 that ended in a mistrial, moved on July 3, 2017, for
a discretionary dismissal of the cross-complaint against them
because it had not been brought to trial within two years after
the mistrial was declared. (§ 583.420, subd. (a)(3)(A).) The court
dismissed the cross-complaint against Home and Morris on
November 17, 2017. Smolker appeals the judgment and the
denial of his motion to tax costs in Case No. B287626.

## DISCUSSION

An action, including a cross-complaint, must be brought to
trial within five years after it is commenced. (§ 583.310.) If this
deadline is not met, the action "shall be dismissed by the
court . . . ." (§ 583.360, subd. (a).) Additionally, if a matter
proceeds to trial but results in a mistrial, the court may in its
discretion dismiss the action for delay in prosecution if the action
is not brought to trial again within two years. (§ 583.420, subd.
(a)(3)(A).)[6] In calculating time elapsed for the purpose of each
statute, time during which the prosecution of the action was
stayed is excluded. (§§ 583.340, subd. (b); 583.420, subd. (b).) On
appeal, Smolker argues that the motions to dismiss were all
erroneously granted. We first address the issue common to all

---

[6]    At oral argument, citing section 583.320, subdivision (a)(1),
Smolker argued that the trial court could only dismiss the action
if it was not brought to trial again within three years after the
mistrial was declared. Section 583.320, subdivision (a)(1)
concerns mandatory dismissals for delay in prosecution, while
section 583.420, subdivision (a)(3)(A) grants the trial court the
discretion to dismiss an action for delay in prosecution if it is not
brought to trial again within two years of a mistrial. Here, the
court granted a discretionary dismissal under section 583.420.

appeals, and then turn to the remaining arguments in each matter.

## I.    Arguments Concerning 2002 Trial Court Stay

In all three appeals, Smolker contends that while the bankruptcy court may have lifted its stay of the state court litigation in 2015, the 2002 state court order staying the litigation remained in effect and prevented him from prosecuting his cross-complaints. As a result, Smolker claims, the trial court had no power to consider the cross-defendants' motions to dismiss, and it erred when it considered the time period after the bankruptcy stay was lifted in calculating the time to bring the cross-complaints to trial (or retrial, in the case of Home and Morris). (§§ 583.310; 583.340, subd. (b); 583.420, subd. (b).)

We conclude that Smolker is estopped from arguing that the 2002 state court stay requires reversal of the judgments. The trial court's 2002 stay order was entered in response to the bankruptcy court's order staying the litigation. The bankruptcy court's 2015 order that the state court proceedings could resume, therefore, removed any external barrier to the litigation proceeding in the trial court. Once the federal stay was lifted, the trial court had the power to resume the litigation, and Smolker regained the ability to prosecute his cross-complaints: All he had to do was notify the trial court that the bankruptcy court had lifted its stay on the state court proceedings so that the trial court could lift its own stay.[7] In fact, Smolker was required to do so:

---

[7]    Smolker asserts in Case No. B281406 that there is no evidence that he was served with the 2015 order of the bankruptcy court lifting its stay, and he claims in Case No. B286138 that this order was not properly served on him, but the

8

California Rules of Court, rule 3.650(d) provides that "[w]hen a stay is vacated, is no longer in effect, or is modified, the party who filed the notice of the stay must immediately serve and file a notice of termination or modification of stay. If that party fails to do so, any other party in the action who has knowledge of the termination or modification of the stay must serve and file a notice of termination or modification of stay."[8]

---

trial court found that Smolker was served with the order lifting the stay on March 4, 2015, and its finding is supported by the record. Smolker also contended at oral argument that the bankruptcy court order that the litigation could proceed did not lift its prior stay because it did not expressly so state, but the reasonable interpretation of the court's order that the litigation could proceed to judgment is that this order superseded its prior injunction of state court proceedings. If Smolker believed there was any ambiguity in the bankruptcy court's order, it was his obligation to seek clarification of that order.

[8] While the obligation to provide notice set forth in California Rules of Court, rule 3.650(d) applied not only to Smolker but to the cross-defendants with knowledge of the lifting of the stay, only Smolker, as the proponent of the cross-complaints, bore the additional duty to "proceed with reasonable diligence" in the prosecution of his action. (§ 583.130; see also *Jordan v. Superstar Sandcars* (2010) 182 Cal.App.4th 1416, 1422 ["A plaintiff has an obligation to monitor the case in the trial court, to keep track of relevant dates, and to determine whether any filing, scheduling, or calendaring errors have occurred].") Defendants and cross-defendants are required to cooperate in bringing actions to trial or other disposition (§ 583.130), but they have "no affirmative duty to do more than meet the plaintiff step by step." (*State Compensation Ins. Fund v. Selma Trailer & Manufacturing Co.* (1989) 210 Cal.App.3d 740, 754.)

Smolker did not inform the trial court that the bankruptcy stay had been lifted and his cross-complaints could proceed. Smolker's failure to satisfy his obligation to advise the trial court that the stay had been lifted both contravened his "affirmative obligation" as a party pursuing an action "to do what is necessary to move the action forward to trial in timely fashion" (*Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 322) and interfered with the trial court's inherent power to control the litigation before it. (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967.) Having elected to leave his cross-complaints to languish under an obsolete stay, in contravention of the California Rules of Court and his duty to proceed with reasonable diligence in the prosecution of his action (§ 583.130), Smolker cannot now challenge the dismissal of his cross-complaints on the basis of that stay. "Under the doctrine of waiver, a party loses the right to appeal an issue caused by affirmative conduct or by failing to take the proper steps at trial to avoid or correct the error." (*Telles Transport, Inc. v. W.C.A.B.* (2001) 92 Cal.App.4th 1159, 1167; see also *Tomas v. Vaughn* (1944) 63 Cal.App.2d 188, 196 ["[A] party may not be heard to complain because a judgment does not permit him to obtain an advantage as a result of his own wrong"].)

## II.    Case No. B281406

Smolker argues that he was denied a fair hearing when the court accepted Grace and Davidson's supplemental brief despite their failure to timely serve it on him by facsimile as the court had directed. The record, however, includes evidence that the supplemental brief was faxed, e-mailed, and mailed to Smolker

## DISPOSITION

The judgments are affirmed.  Respondents shall recover their costs on appeal.


ZELON, J.


We concur:


PERLUSS, P. J.


FEUER, J.

*TIG Insurance Company vs. Gary Smolker, etal.*

Court of Appeal Case Nos. B281406, B286138, B287626

Los Angeles Superior Court Case No. BC 173952

IN THE CALIFORNIA SUPREME COURT

I am a resident of the State of California, over the age of eighteen years, and not a party to this action. My business address is 16055 Ventura Blvd., Suite 525, Encino, CA. 91436. On March 2, 2020, I served the following titled and attached document:

**PETITION FOR REVIEW OF THE DECISION OF THE COURT OF APPEAL, SECOND APPELLATE DISTRICT, DIVISION SEVEN FILED ON JANUARY 22, 2020**

   **X**   VIA MAIL, by placing a true copy of the document(s) listed above in a sealed envelope with postage fully prepaid in United States mail in the State of California at Encino, California, addressed as set forth in the attached service list:

See attached list.

I am familiar with the Smolker Law Firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with the postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

ORIGINAL AND THIRTEEN COPIES SENT FOR FILING TO CALIFORNIA SUPREME COURT VIA FEDERAL EXPRESS OVERNIGHT MAIL

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 2, 2020, at Encino, California.

Leslie Gonzalez

# Service List of Interested Entities

Sherri R. Carter
Executive Officer/Clerk
Superior Court of California, County of Los Angeles
Stanley Mosk Courthouse
Civil Appeals Unit
111 North Hill Street, Room 111A
Los Angeles, CA 90012

*(Served via United States Postal Service)*


Daniel P. Potter
Court Clerk
300 South Spring Street
Floor 2, North Tower
Los Angeles, CA 90013

*(Served via United States Postal Service)*


Rosemary S. Lewis (SB #158891)
& Jeffrey Z. Liu (SB #276849)
Borton Petrini, LLP
626 Wilshire Boulevard, Suite 975
Los Angeles, CA 90017
(210) 624-2869
RLewis@bortonpetrini.com
JLiu@bortonpetrini.com

*Attorneys for Cross-Defendants and Respondents*
*W. R. Grace & Company, and Grace Davidson*

*(Served via United States Postal Service)*


Peter Schwartz (SB #109859)
Steven R, Inouye (SB #245024)
Gordon & Rees, LLP
633 W. 5th Street 52nd Floor Los Angeles, CA 90071
PSchwartz@gordonorees.com
SInouye@grsm.com

*Attorneys for Cross-Defendant and Respondent*
*Truck Insurance Exchange*

*(Served via United States Postal Service)*

**Robert Daniel Hoffman** (SB #123458)
**Charlston Revich & Wollitz, LLP**
**1925 Century Park East, Suite 320**
**Los Angeles, CA 90067**
RHoffman@crwllp.com

*Attorney for Cross-Defendants and Respondents*
*Coregis Group, Inc., Coregis Insurance Co., and, California Insurance Company.*

*(Served via United States Postal Service)*


**Raul Luis Martinez** (SB #82465)
**Elise Dale Klein** (SB #111712)
**Lewis Brisbois Bisgaard & Smith, LLP**
**633 W. 5th Street, Suite 4000**
**Los Angeles, CA 90071**
Martinez@lbbslaw.com
Klein@lbbslaw.com

*Attorney for Cross-Defendant and Respondent*
*Inter-insurance Exchange of the Automobile Club of So. Cal.*

*(Served via United States Postal Service)*


**Mark Kincaid, Esq.** (SB#118640)
**26 Alhaja Way**
**Hot Springs Village, AR 71909**
**(714) 462-7015**
Mkincaid@mkincaidlaw.com

*Attorney for Cross-Defendant and Respondent*
Home Savings Termite Control Inc., Wayne Morris

*(Served via United States Postal Service)*


**Supreme Court of California**
**Office of the Clerk**
**First Floor**
**350 McAllister Street**
**San Francisco, CA 94102**

*(Original and 13 copies for filing via Federal Express overnight mail.)*

RECEIVED

MAR 0 4 2020