EXHIBIT C-19

**March 16th Amicus Letter**

**Michael Arlen**

3506 S. Bentley Avenue, Unit 205
Los Angeles, CA 90034-6568
Phone: (310) 266-9991
Email: Mikearlen@gmail.com

March 16, 2020

Honorable Tani Cantil-Sakauye, Chief Justice
Supreme Court of California
350 McAllister Street
San Francisco,
California 94102

Re: **Amicus Letter In Support of Petition for Review:**
  **Gary Smolker,**
  *Cross-Complainant & Appellant*
      **vs**
  **Home Saving Termite Control, Inc. & W. F. Morris**
  *Cross-Defendant & Respondants*

Supreme Court Case No. S261006
Court of Appeal Case No. B281406
Los Angeles, Superior Court Case No. BC173952

My name is Michael Arlen and I been active in the governance, advocacy and educational initiatives of lung health organizations for 3 decades: (American Lung Association, Breathe California, Pacific Heart Lung & Blood Institute).

**I.**
**The underlying matter, which was at issue in the trial court,**
**touches on issues of paramount importance to our Public Health.**

It deserves to have a fair and just hearing on its merits. It should not be swept under the carpet, due to the series of questionable maneuvering by the defense counsel; or the judges who are charged with steering judicial matters in such a matter that would avoid having "Case Management" create impropriety or the appearance of impropriety.

  1. A judge shall uphold and promote the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.
  **Canon 1, ABA Model Code of Judicial Conduct (2020 Edition).**

  2. A judge shall perform the duties of judicial office impartially, competently, and diligently.
  **Canon 2, ABA Model Code of Judicial Conduct (2020 Edition).**

I am shocked at the way this matter has been handled by the courts. It's been decades since I wrote and presented motions for Dryden Harrington & Swartz, a mid-sized Insurance Defense Firm. But I readily recognized how

## II.
### The Defendants and Respondents in this matter have gamed the system; and with either a blinded eye or a wink from the Bench, gave the Plaintiff and Appellant in this matter the "bum rush!"

The truth as to whether this pesticide, which resides between the walls of millions of homes, poses a serious danger is too important to be ignored by the Court because certain "Case Management" tricks made the matter too burdensome to handle.

Nor should Decisions be made with the mistaken beliefs that the case languished, when in fact, there still was a
State Court Stay in place and nothing could be done until that Stay was lifted.

Nor should a Judge decide on the Friday before several expert witnesses were slated to testify at trial on Monday, that their testimony would be lengthy and interfere with this personal vacation plans and postpone the matter, ultimately leading to the declaration of a Mistrial!

3. A judge shall conduct (his or her) personal and extrajudicial activities to minimize the risk of conflicts with the obligations of judicial office.
   **Canon 3, ABA Model Code of Judicial Conduct (2020 Edition).**

## III
### The Justices of the Court of Appeal are charged with steering judicial matters in such a manner that would: avoid denial of due process, avoid an appearance of impropriety, and not result in a cover-up of illegal conduct that results in a direct threat to public health and safety.

The justices who rendered the decision in appeal case No. B281406 failed to do that!
The Decision of the Court of Appeal Case B281406 and its refusal to grant Appellant's "Petition for Rehearing" reflects a lack of integrity and disinterest in the health and safety of the people. In its opinion, the Court misstates the facts concerning the filing dates and concludes the statute had run, when it hadn't.

It also omits mention of the name of the deadly ingredient and added a footnote from a scientific authority to its Decision, which completely contradicts the conclusion of the scientific journal, if read the journal had been read in its entirety!

Whether these acts were reckless or purposeful, they require guidance and oversight by the California Supreme Court.

## IV
**The Court of Appeal's Decision in Appeal Case No. 281406 amounts to a cover-up
of the illegal conduct of Respondents W.R. Grace & Co., and Grace Davison (GRACE.)
It appears that the Court of Appeals has participated in a willful misinformation campaign
to cover up the harmful properties of GRACE'S 3 micron particle sized pesticide, Syloid 244.**

To touch upon all of the judicial improprieties in this matter are too numerous to cover in this Amicus Letter, but addition to underscoring the inconvenient truth that this matter is too important to be swept under the carpet, I will mention a few incidents which occurred that illustrate the need for judicial oversight and guidance from the California Supreme Court:

1. **Failure of the Appellate Court to acknowledge that a Stay was still in effect at the Trial Court, when deciding that the litigation had languished without being prosecuted was with complete disregard of pertinent statutory law, rules of the Court, and public policy.**
   The Court of Appeal, in its January 22, 2020 decision of Appeal Case B281406 failed to disclose that Appellant was prohibited from bringing his action to trial by a stay order issued by the Trial Court Judge, Hon. Richard Fruin, Jr. on February 22, 2002.

   It is well established statutory law (Code of Civil Procedure §583.340 (b)) that in computing the time within which an action must be brought to trial, there shall be excluded the time during which prosecution or trial of the action was stayed or enjoined.

   Had the Court adhered to the dictates of the Code of Civil Procedure §583.340 (b), GRACE'S Motion to Dismiss should have been denied; and the Court of Appeal should have reversed the Dismissal. California Rules of Court, rule 3.515(j) says that the time during which any Stay of proceeding is in effect, must not be included in determining whether the action Stayed, should be dismissed for lack of prosecution.

   The Court of Appeal ignored that Rule of Court. And, to make matters worse, when its error was pointed out to the Court of Appeals in Appellant's Petition for Rehearing dated February 10, 2020, the Court of Appeal refused to correct its mistake!

2. **Case Management unnecessarily (purposefully?) over-burdened Cross-complainant by creating 6 separate actions which required duplicative filings, and expense.**
   The Trial Court decided portions of it case, in piecemeal manner, rendering multiple Decisions regarding various issues and parties, separately. This resulted in having one trial grow into 6 Appellate cases, all with their separate alarm clocks, creating a needlessly expensive, time consuming tap-dance, where Appellant had to dance 6 times as fast as the Respondents, who choreographed the timing of their pot-shots so that they'd overwhelm Appellant.

3. **The Civil Appeals Unit of the L.A. Superior Court apparently lost or misplaced more than 30 documents, which were duly filed over the course of years, and required Appellant to present them within time-stamped conformed copies within 10 days, at a time when Appellant was also required to file separate pleadings in the Court of Appeals and in the California Supreme Court.**
I've seen movies, which portray scenarios such as this, as a means for a corrupt evil force harasses a litigant. I never thought I would see it in the California Court System, but that is what has happened to this Appellant. It is the duty of the California Supreme Court to make sure that situations like this, don't become the hallmark of our judicial system.

4. **The Justice of the Court of Appeals, who wrote the Court's Opinion, added a footnote of a narrowly focused portion of a text, which if presented in its entirety, would give the reader reason to conclude the exact opposite for which it was cited!**
The citation misinforms what is true. The chosen portion of the text claims that the ingredient is innocuous, when in fact a full reading from the same text allows one to recognize that it is the physical characteristics: the size and rapid expansion as it absorbs many times it weight while absorbing moisture that makes the ingredient extremely dangerous, if inhaled!

To further illustrate, it's like quoting the phrase: *"castor beans are edible,"* when the completed text says: *"Castor beans are edible if cooked thoroughly by boiling them for hours; however in raw form, if ingested, or made into a power, or mist and inhaled, they are poison. In the 1940s a powder made from castor beans was weaponized into Ricin Gas, more recently terrorist groups have weaponized castor beans and attacked the public in the 1980's and 90's. "*

## CONCLUSION

This matter needs Judicial Review.
It's about issues which are very important to our Public Health.
And, it appears to expose the ugly underbelly of our Judicial System, where the sheer number of improprieties, cries-out for justice to fix what appears to be a broken system; perhaps due to the influence of special interest money which finds its way into our election system.

The "Case Management in this matter, which is supposed to be directed by our Judiciary with an eye against impropriety, was an abomination.

The Court of Appeal's January 22, 2020 Decision, in Appeal Case B281406 mischaracterizes the facts, draws improper conclusions based on those mistakes and deprives the Appellant of his day in court.

The Court of Appeal's judicial record appears to cover-up the illegal acts committed by GRACE.

It also ignores the inherent dangers of the 3-micron sized pesticide, which resides between the walls of homes and would kill anyone who inhaled the small particles which naturally flow though the light switches, electrical plugs, holes in recessed lighting and cracks in the walls.

The Courts turned a blind's eye to how said pesticide was handled by labor and how the pest control company falsely advertise the safety of the highly engineered amorphous mineral.

California Tax Payers and litigants depend on our Judiciary to be impartial, just, and to maintain an even keel as they manage the Case Management in matters that come before the court. It is the duty of the Judiciary to prevent the appearance of impropriety; and to ensure integrity of how justice is met. For the reasons expressed above, I humbly request that the Petition for Review by the California Supreme Court should grant review.


Respectfully submitted,

Michael Arlen
3506 S. Bentley Avenue, Unit 205
Los Angeles, CA 90034-6568
Phone: (310) 266-9991
Email: Mikearlen@gmail.com

*TIG Insurance Company vs Gary Smolker, et al.*

Supreme Court Case No. S261006

Court of Appeal Case Nos. B281406

Los Angeles Superior Court Case No. BC 173952

## IN THE CALIFORNIA SUPREME COURT

I am a resident of the State of California, over the age of eighteen years, and not a party to this action. My business address is 3506 S. Bentley Avenue, Unit #205, Los Angeles, California 90034-6568. On March 20, 2020, I served the following titled and attached document:

**AMICUS LETTER ADDRESSED TO THE HONORABLE TANI GORRE CANTIL-SAKAUYE CHIEF JUSTICE OF CALIFORNIA**

**X** VIA MAIL, by placing a true copy of the document(s) listed above in a sealed envelope with postage fully prepaid in United States mail in the State of California, at Encino, California, addressed as set forth in the attached service list:

See attached list.

AN ORGINAL AND EIGHT COPIES WERE SENT FOR FILING TO CALIFORNIA SUPREME COURT VIA FEDERAL EXPRESS OVERNIGHT MAIL

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 20, 2020, at Encino, California.

Michael Arlen

The Honorable Tani Gorre Cantil-Sakauye, Chief Justice of California
Supreme Court of California
350 McAllister Street
San Francisco, California 94102

(Original and eight copies sent for filling to the California Supreme Court via
Federal Express Overnight Mail)

Rosemary Lewis, Esq.
& Jeffrey Z. Liu, Esq.
Borton Petrini, LLP
626 Wilshire Blvd., Suite 975
Los Angeles, California 90017

Attorneys for Cross-defendants and Respondents
W.R. Grace & Co. and Grace Davison

(Served via United States Postal Service)

Gary Smolker
16055 Ventura Blvd., Suite 525
Encino, CA 91436-2609

Attorney for Cross – complainant and Appellant Gary Smolker, in pro per

(Served via United States Postal Service)

The Honorable Tani Gorre Cantil-Sakauye, Chief Justice of California
Supreme Court of California
350 McAllister Street
San Francisco, California 94102

(Original and eight copies sent for filling to the California Supreme Court via
Federal Express Overnight Mail)

Rosemary Lewis, Esq.
& Jeffrey Z. Liu, Esq.
Borton Petrini, LLP
626 Wilshire Blvd., Suite 975
Los Angeles, California 90017

Attorneys for Cross-defendants and Respondents
W.R. Grace & Co. and Grace Davison

(Served via United States Postal Service)

Gary Smolker
16055 Ventura Blvd., Suite 525
Encino, CA 91436-2609

Attorney for Cross – complainant and Appellant Gary Smolker, in pro per

(Served via United States Postal Service)

RECEIVED

MAR 2 3 2020