# CALIFORNIA FOOD & AGRICULTURE

## CODE SECTIONS

§ 11792. [illegible]

It is also unlawful [illegible] to do any of the following:

(a) Make any false or fraudulent [illegible]

(b) Operate in any county without first having registered with the commissioner.

[illegible] equipment with incompetent or unqualified persons in [illegible]

[illegible]

Derivation under § 11701

Article 5

PENALTIES

**Section**
11891. Violations of provisions of division or regulations; misdemeanor.
11892. Civil penalties.
11893. Civil liability; amount; disposition of proceeds.
11894. Action by attorney general for civil penalties.

*Article 5 was added by Stats.1978, c. 1051, p. 3250, § 1.*

**§ 11891. Violations of provisions of division or regulations; misdemeanor**

Every person who violates any provision of this division, or any regulation issued pursuant to a provision of the division, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000), or by imprisonment of not less than 10 days nor more than six months, or by both fine and imprisonment. Each violation constitutes a separate offense.

(Added by Stats.1978, c. 1051, p. 3250, § 1. Amended by Stats.1983, c. 1092, § 108, eff. Sept. 27, 1983, operative Jan. 1, 1984.)

action for civil penalties on his own initiative if, after examining the complaint and the evidence, he or she believes a violation has occurred.

(Added by Stats.1978, c. 1051, p. 3250, § 1.)

**Cross References**

Attorney General, environmental actions, see Government Code § 12600 et seq.
Civil action alleging pollution or adverse environmental effects which could effect public generally, copy of pleadings to Attorney General, see Code of Civil Procedure § 389.6.

## Article 6

## CEASE AND DESIST

Section
11896. Violations in use, handling, delivery or sale of economic poisons; order by director.
11897. Violations in use, handling, delivery or sale of economic poisons; order by agricultural commissioner; appeal.

*Article 6 was added by Stats.1978, c. 1051, p. 3250, § 2.*

### § 11896. Violations in use, handling, delivery or sale of economic poisons; order by director

The director, upon a finding that the use, handling, delivery, or sale of an economic poison in violation of any provision of this division, or any regulation issued pursuant to it, is taking place, or appears imminent, and such activity if allowed to proceed will present an immediate hazard or cause irreparable damage, may issue an order to the persons responsible for such activity to cease and desist from further commission of such violation.

(Added by Stats.1978, c. 1051, p. 3250, § 2.)

**Library References**

Poisons ⚷4.
C.J.S. Poisons § 7 et seq.

### § 11897. Violations in use, handling, delivery or sale of economic poisons; order by agricultural commissioner; appeal

The agricultural commissioner, upon a finding that the use, handling, delivery or sale of an economic poison in violation of any provision of this division, or any regulation issued pursuant to it, is taking place, or appears imminent, and such activity if allowed to proceed will present an immediate hazard or cause irreparable damage, may issue an order to the persons responsible for such activity to cease and desist from further commission of such violation.

**Historical Note**

**Derivation:** Agric.C.1933, § 1065 (see Derivation under § 12851).

## § 12854. Implied warranties

No such limitations of warranty by the seller shall exclude or waive either of the following implied warranties:

(a) That the economic poison corresponds to all claims and descriptions which the registrant has made in respect to it in print.

(b) That the economic poison is reasonably fit for use for any purpose for which it is intended according to any printed statement of the registrant.

(Stats.1967, c. 15.)

**Historical Note**

**Derivation:** Agric.C.1933, § 1065 (see Derivation under § 12851).

## § 12855. Exemptions from liability

Except as otherwise provided in this article, the registrant is not liable for any injury or damage which is suffered solely by reason of any of the following:

(a) The use of the economic poison for a purpose which is not indicated by the label.

(b) The use of the economic poison contrary to the printed directions of the registrant or seller.

(c) The breach of any warranty by the registrant which is not expressly printed on the label.

(Stats.1967, c. 15.)

**Historical Note**

**Derivation:** Agric.C.1933, § 1065 (see Derivation under § 12851).

**Notes of Decisions**

**1. In general**

Manufacturer of registered economic poison is exempt from liability for damage suffered from use of poison for purpose not indicated on label or contrary to printed directions on label only when such manufacturer has provided adequate warnings in its product label. John Norton Farms v. Todagco (1981) 177 Cal.Rptr. 215, 124 C.A.3d 149.

(b) Posting shall be accomplished immediately prior to pesticide applications, and the signs shall be removed within 24 hours after the expiration of the reentry interval.

(c) Signs shall be posted at regular intervals and at all regular points of public entry.

(d) The agency with responsibility for the property where the pesticide application is to take place shall post the warnings required by this section.

(e) The responsible agency may substitute a barrier for the warning signs to exclude public exposure to a treated area.

(f) This section does not apply to pesticide applications by the Department of Transportation on public highway rights-of-way.

(Added by Stats.1985, c. 840, § 1.)

#### Historical Note

Former § 12978, added by Stats.1969, c. 1413, p. 2894, § 9, was renumbered § 12975 and amended by Stats.1978, c. 1049, p. 3247, § 12.

### § 12979. Renumbered § 12976 and amended by Stats.1978, c. 1049, p. 3247, § 13

## Article 10.5

## PESTICIDES AND WORKER SAFETY

Section

12980. Legislative findings and declaration.
12981. Regulations; scope.
12982. Enforcement.
12983, 12984. Blank.
12985. Violations of worker safety reentry requirements.

*Article 10.5 was added by Stats.1972, c. 794, p. 1412, § 1.*

#### Cross References

Civil penalty levied against a person violating this article or a regulation adopted pursuant to it, see § 12999.5.

### § 12980. Legislative findings and declaration

The Legislature hereby finds and declares that it is necessary and desirable to provide for the safe use of pesticides and for safe working conditions for farmworkers, pest control applicators, and other persons handling, storing, or applying pesticides, or working in and about pesticide-treated areas.

Cross References

Misdemeanor, see § 9.

Library References

Adulteration ⚖4.
Agriculture ⚖9.14.
Poisons ⚖2 et seq.

C.J.S. Adulteration §§ 2, 6 to 9.
C.J.S. Agriculture §§ 95 to 98, 100, 104.
C.J.S. Poisons § 2 et seq.

## § 12991. Unlawful acts

It is unlawful for any person, by himself, or through another, in connection with any substance or mixture of substances included within the scope of this chapter, to do any of the following:

(a) Make any material or substantial misrepresentation.

(b) Make any false promises of a character likely to influence, induce or deceive.

(c) Engage in illegitimate business or dishonest dealing.

(d) Cause to be published or distributed any false or misleading literature, or cause to be displayed any false or misleading advertisement.

(e) For any person to use, store, transport, handle, or dispose of any economic poison, or of any container which holds or has held such economic poison, except in compliance with rules and regulations of the director.

(Stats.1967, c. 15. Amended by Stats.1970, c. 1092, p. 1939, § 8; Stats.1971, c. 878, p. 1723, § 1; Stats.1978, c. 1051, p. 3248, § 3.)

Historical Note

The 1970 amendment added subd. (e).

The 1971 amendment widened the application of the section by substituting in the introductory provision "in connection with any substance" for "in connection with the sale of any substance"; and added the words "transport, handle" in subd. (e).

The 1978 amendment inserted "use" in subd. (e).

**Derivation:** Agric.C.1933, § 1066.1, added by Stats.1947, c. 565, p. 1555, § 1.

## § 12992. Sale of adulterated or misbranded economic poison; defense

It is unlawful for any person to sell any adulterated or misbranded economic poison.

In any prosecution of any agent or dealer under this section it is a complete defense to prove that the adulterated or misbranded economic poison which is the basis of the prosecution was guaranteed by the party from whom the agent or dealer purchased it to be not adulterated or misbranded.

(Stats.1967, c. 15.)

**Historical Note**

**Derivation:** Agric.C.1933, § 1066 (Stats. 1933, c. 25, p. 238, § 1066, amended by Stats.1935, c. 334, p. 1158, § 4; Stats.1937, c. 888, p. 2453, § 1½; Stats.1939, c. 348, p. 1684, § 1; Stats.1943, c. 952, p. 2822, § 2).

Stats.1921, c. 729, p. 1259, § 2.

Agric.C.1933, § 1067 (Stats.1933, c. 25, p. 238, § 1067).

Stats.1921, c. 729, p. 1261, § 8.

**Notes of Decisions**

**1. Construction and application**

The statute regarding economic poisons must be read as a whole, rather than by individual sections, in order to properly ascertain what it was intended to cover. People v. Worst (1943) 136 P.2d 137, 57 C.A.2d Supp. 1028.

Advertising, labeling and selling a germicide as "most efficacious remedy known, an absolute remedy for, and the greatest remedy known, for mildew, fungus, etc.," when such product was of little or no use therefor, was a violation of the Economic Poison Act of 1921. Gregory v. Hecke (1925) 238 P. 787, 73 C.A. 268.

In construing the Economic Poison Act of 1921, the court, in Gregory v. Hecke (1925) 238 P. 787, 73 C.A. 268, said: "The term 'misrepresent' is not used in section 2 of the act which prohibits one from manufacturing or selling adulterated or misbranded economic poison. The term 'misbrand' certainly includes that of misrepresentation. The latter term is used in the title to the act. The evident intent of the Legislature was to prohibit the adulteration, misbranding, and misrepresentation in the use or sale of economic poisons."

## § 12993. Unlicensed manufacture or sale; exports

It is unlawful for any person to manufacture, deliver, or sell any economic poison or any substance or mixture of substances that is represented to be an economic poison, or to retail any formula for an economic poison in conjunction with the sale or gift of materials which are represented to be the essential ingredients necessary to constitute an economic poison, which is not registered pursuant to this chapter. This section, however, does not apply to any economic poison product of a registrant, which is manufactured solely for export outside this state and which is so exported.

(Stats.1967, c. 15. Amended by Stats.1984, c. 717, § 14.)

**Historical Note**

The 1984 amendment deleted in the first sentence "without a license or" preceding "which is not registered pursuant to this chapter".

**Derivation:** Agric.C.1933, § 1071.3, added by Stats.1945, c. 273, p. 737, § 4.

**Notes of Decisions**

**1. In general**

Pest control company's lack of knowledge of its possession and employee's use of poisonous exterminating agent in spraying homes did not foreclose valid determination by structural pest control board that company failed to comply with the provisions of §§ 12751 to 12994 governing use of insecticides. Aantex Pest Control Co. v. Structural Pest Control Bd. (1980) 166 Cal.Rptr. 763, 108 C.A.3d 696.

.9, § 2.
ats.1933, c. 25, p.
1, § 8.

nic Poison Act of
v. Hecke (1925)
said: "The term
n section 2 of the
m manufacturing
misbranded eco-
nisbrand' certain-
resentation. The
title to the act.
egislature was to
misbranding, and
se or sale of eco-

, or sell any
ances that is
rmula for an
aterials which
constitute an
chapter. This
product of a
this state and

3, § 1071.3, add-
. 737, § 4.

the provisions of
ng use of insecti-
il Co. v. Structur-
166 Cal.Rptr. 763,

### § 12994. Quarantined economic poisons; written permission

It is unlawful for any person to transport, destroy, or dispose of any quarantined economic poison, unless the person has received written permission from the director.

(Stats.1967, c. 15. Amended by Stats.1984, c. 1476, § 3.)

#### Historical Note

The 1984 amendment substituted "unless the person has received written permission" for "unless such person has secured a permit".

Legislative findings and declarations relating to Stats.1984, c. 1476, see Historical Note under § 12974.

**Derivation:** Agric.C.1933, § 1075 (see Derivation under § 12961).

### § 12995. Possession or use of nonregistered economic poison, offense

Except as provided in regulations adopted by the director, it is unlawful for any person, by himself or through another, to possess or use any economic poison which is not registered pursuant to this chapter.

(Added by Stats.1979, c. 732, p. 2570, § 20.)

#### Cross References

Civil penalty levied against a person violating this section or a regulation adopted pursuant to it, see § 12999.5.

## Article 12

## PENALTIES

**Section**
12996. Violations of provisions of division or regulations relating to pesticides; misdemeanor.
12997. Civil penalties.
12998. Civil liability; amount; disposition of moneys.
12999. Action by attorney general for civil penalties.
12999.5. Civil penalties; notice of violation; hearing; appeal.

*Article 12 was added by Stats.1978, c. 1051, p. 3249, § 4.*

### § 12996. Violations of provisions of division or regulations relating to pesticides; misdemeanor

(a) Every person who violates any provision of this division relating to pesticides, or any regulation issued pursuant to a provision of this division relating to pesticides, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than five hundred

dollars ($500) nor more than five thousand dollars ($5,000), or by imprisonment of not more than six months, or by both fine and imprisonment. Upon a second or subsequent conviction of the same provision of this division relating to pesticides, a person shall be punished by a fine of not less than one thousand dollars ($1,000) nor more than ten thousand dollars ($10,000), or by imprisonment of not more than six months or by both fine and imprisonment. Each violation constitutes a separate offense.

(b) Notwithstanding the penalties prescribed in subdivision (a), if the offense involves an intentional violation which created or reasonably could have created a hazard to human health or the environment, the convicted person shall be punished by imprisonment in the county jail not exceeding one year or in the state prison or by fine of not less than five thousand dollars ($5,000) nor more than fifty thousand dollars ($50,000), or by both the fine and imprisonment.

(Added by Stats.1978, c. 1051, p. 3249, § 4. Amended by Stats.1983, c. 1092, § 109, eff. Sept. 27, 1983, operative Jan. 1, 1984; Stats.1985, c. 1404, § 3, eff. Oct. 1, 1985.)

**Historical Note**

The 1983 amendment increased the minimum fine in the first sentence of subd. (a) from $50 to $100 [now $500; see 1985 amendment note]; and increased the maximum fine in the first sentence of subd. (a) from $500 to $1,000 [now $5,000; see 1985 amendment note].

The 1985 amendment inserted twice in the first sentence of subd. (a) "relating to pesticides" following "this division"; increased the minimum fine in the first sentence of subd. (a) from $100 to $500; increased the maximum fine in the first sentence of subd. (a) from $1,000 to $5,000; deleted in the first sentence of subd. (a) a minimum imprisonment of not less than 10 days; inserted the second sentence of subd. (a); and added subd. (b).

## § 12997. Civil penalties

In lieu of seeking prosecution of any violation of this division as a misdemeanor, and the penalty prescribed in Section 12996, the director may prosecute civilly pursuant to Sections 12998 and 12999 or the commissioner may levy civil penalties pursuant to Section 12999.5.

(Added by Stats.1978, c. 1051, p. 3249, § 4. Amended Stats.1985, c. 943, § 2.)

**Historical Note**

The 1985 amendment inserted at the end of the section "or the commissioner may levy civil penalties pursuant to Section 12999.5".

## § 12998. Civil liability; amount: disposition of moneys

Any person who violates any provision of this division relating to pesticides, or any regulation issued pursuant to a provision of this division relating to pesticides, shall be liable civilly in an amount not exceeding ten thousand dollars ($10,000) for each violation. Any person

CHEMICALS
Div. 7

ce on his or her

10 days of the
ng procedures

ing and signed
hall state the

rithin 10 days
ment to the

tion made at

ited, written
iven at least
altered by

ritten argu-

days of the
its.

ay sustain,
he decision
e delivered

ht by the
Procedure.

s; order

s; order



### § 13101. Violations in use, handling, delivery or sale of economic poisons; order of director

The director, upon a finding that the use, handling, delivery or sale of economic poison in violation of any provision of this division, or any regulation issued pursuant to it, is taking place, or appears imminent, and such activity if allowed to proceed will present an immediate hazard or cause irreparable damage, may issue an order to the persons responsible for such activity to cease and desist from further commission of such violation.

(Added by Stats.1978, c. 1051, p. 3249, § 5.)

### § 13102. Violations in use, handling, delivery or sale of economic poisons; order by agricultural commissioner; appeal

The agricultural commissioner, upon a finding that the use, handling, delivery or sale of an economic poison in violation of any provision of this division, or any regulation issued pursuant to it, is taking place, or appears imminent, and such activity if allowed to proceed will present an immediate hazard or cause irreparable damage, may issue an order to the persons responsible for such activity to cease and desist from further commission of such violation.

Any person aggrieved by a cease and desist order issued by an agricultural commissioner may appeal the order to the director who shall affirm, modify, or rescind such order. The order of the agricultural commissioner shall remain in force during the appeal to the director, and until the director's decision has been rendered.

(Added by Stats.1978, c. 1051, p. 3249, § 5.)

## Article 14

## BIRTH DEFECT PREVENTION

Section

13121. Short title.
13122. Legislative purpose.
13123. Definitions.
13123.5. Standards and protocols for studies.
13124. Reports to legislature.
13125. Information for registered active pesticide ingredients; report.
13126. Missing, incomplete, or questionable studies; conditional registration or licensure of new active pesticide ingredients.
13127. Identification of pesticide active ingredients with data gaps, widespread use, and hazardous; notification of registrants of data gap to be filled; timetable for filling of gaps on pesticide ingredients other than those identified; determinations as to whether tests to fill gaps have been initiated; filling of gaps; procedures for resolving disputes or funding; assessments; appropriation; notice of action; exemptions.

# CALIFORNIA CODE OF CIVIL PROCEDURE

# CODE SECTIONS

Notwithstanding subdivision (a), the court may, by rule or other- under inherent authority of the court, apply this chapter to a special eding or part of a special proceeding except to the extent such n would be inconsistent with the character of the special or the statute governing the special proceeding. **Leg.H.** Added 1984 ch 1705 §5.

**.130. State policy**

s the policy of the state that a plaintiff shall proceed with reasonable nce in the prosecution of an action but that all parties shall cooperate inging the action to trial or other disposition. Except as otherwise ded by statute or by rule of court adopted pursuant to statute, the y favoring the right of parties to make stipulations in their own sts and the policy favoring trial or other disposition of an action on nerits are generally to be preferred over the policy that requires issal for failure to proceed with reasonable diligence in the prosecu- of an action in construing the provisions of this chapter. **Leg.H.** d Stats 1984 ch 1705 §5.

**.140. Waiver and estoppel**

othing in this chapter abrogates or otherwise affects the principles of er and estoppel. **Leg.H.** Added Stats 1984 ch 1705 §5.

**.150. Effect of chapter on authority of court**

his chapter does not limit or affect the authority of a court to dismiss ction or impose other sanctions under a rule adopted by the court uant to Section 575.1 or by the Judicial Council pursuant to statute, or rwise under inherent authority of the court. **Leg.H.** Added Stats 1984 705 §5.

**3.160. Application of chapter to motions or orders that late it**

his chapter applies to a motion for dismissal made in an action menced before, on, or after the effective date of this chapter, except in the case of an action commenced before the effective date of this pter:

) A motion for dismissal made pursuant to notice given before, on, or e year after the effective date of this chapter is governed by the e law in effect immediately before the effective date and for this ose the law in effect immediately before the effective date continues ffect.

) This chapter does not affect an order dismissing an action made re the effective date of this chapter. **Leg.H.** Added Stats 1984 ch 1705

**3.161. Conditions prohibiting dismissal of petition for solution of domestic partnership, judgment of nullity of rriage, dissolution of marriage or legal separation, or ld custody or visitation order**

petition filed pursuant to Section 299, 2250, 2330, or 7600 of the ily Code shall not be dismissed pursuant to this chapter if any of the owing conditions exist:

a) An order for child support or an order regarding child custody or tation has been issued in connection with the proceeding and the order not been (1) terminated by the court or (2) terminated by operation of pursuant to Sections 3022, 3900, 3901, 4007, and 4013 of the Family le.

b) An order for spousal support has been issued in connection with the ceeding and the order has not been terminated by the court.

c) A personal conduct restraining order has been issued pursuant to Domestic Violence Prevention Act (Division 10 (commencing with tion 6200) of the Family Code) and the order has not been terminated operation of law or by the court.

d) An issue in the case has been bifurcated and one of the following occurred:

1) A separate trial has been conducted pursuant to Section 2337 of the nily Code.

2) A separate trial has been conducted pursuant to the California Rules urt. **Leg.H.** Added Stats 1986 ch 366 §2. Amended Stats 1992 ch (AB 2641), operative January 1, 1994; Stats 1993 ch 219 §65 500); Stats 1994 ch 1269 §3 (AB 2208); Stats 2013 ch 40 §1 (AB ), effective January 1, 2014.

## ARTICLE 2
## Mandatory Time for Service of Summons

mmons and complaint; Proof of service. §583.210.
ulation; General appearance. §583.220.
Parties' extension of time. §583.230.
Computation of time: Exclusions. §583.240.
Dismissal. §583.250.

**Leg.H.** Added Stats 1984 ch 1705 §5.

**§583.210. Summons and complaint; Proof of service**

(a) The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision, an action is commenced at the time the complaint is filed.

(b) Proof of service of the summons shall be filed within 60 days after the time the summons and complaint must be served upon a defendant. **Leg.H.** Added Stats 1984 ch 1705 §5. Amended Stats 2005 ch 300 §4 (AB 496), effective January 1, 2006.

**§583.220. Stipulation; General appearance**

The time within which service must be made pursuant to this article does not apply if the defendant enters into a stipulation in writing or does another act that constitutes a general appearance in the action. For the purpose of this section none of the following constitutes a general appearance in the action:

(a) A stipulation pursuant to Section 583.230 extending the time within which service must be made.

(b) A motion to dismiss made pursuant to this chapter, whether joined with a motion to quash service or a motion to set aside a default judgment, or otherwise.

(c) An extension of time to plead after a motion to dismiss made pursuant to this chapter. **Leg.H.** Added Stats 1984 ch 1705 §5.

**§583.230. Parties' extension of time**

The parties may extend the time within which service must be made pursuant to this article by the following means:

(a) By written stipulation. The stipulation need not be filed but, if it is not filed, the stipulation shall be brought to the attention of the court if relevant to a motion for dismissal.

(b) By oral agreement made in open court, if entered in the minutes of the court or a transcript is made. **Leg.H.** Added Stats 1984 ch 1705 §5.

**§583.240. Computation of time; Exclusions**

In computing the time within which service must be made pursuant to this article, there shall be excluded the time during which any of the following conditions existed:

(a) The defendant was not amenable to the process of the court.

(b) The prosecution of the action or proceedings in the action was stayed and the stay affected service.

(c) The validity of service was the subject of litigation by the parties.

(d) Service, for any other reason, was impossible, impracticable, or futile due to causes beyond the plaintiff's control. Failure to discover relevant facts or evidence is not a cause beyond the plaintiff's control for the purpose of this subdivision. **Leg.H.** Added Stats 1984 ch 1705 §5.

**§583.250. Dismissal**

(a) If service is not made in an action within the time prescribed in this article:

(1) The action shall not be further prosecuted and no further proceedings shall be held in the action.

(2) The action shall be dismissed by the court on its own motion or on motion of any person interested in the action, whether named as a party or not, after notice to the parties.

(b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute. **Leg.H.** Added Stats 1984 ch 1705 §5.

## ARTICLE 3
## Mandatory Time for Bringing Action to Trial or New Trial

Trial: Five-year rule. §583.310.
New trial: Three-year rule. §583.320.
Parties' extension of time. §583.330.
Tolling of period. §583.340.
Exception as to tolling or extension of time: Six-month rule. §583.350.
Dismissal. §583.360.

**Leg.H.** Added Stats 1984 ch 1705 §5.

**§583.310. Trial; Five-year rule**

An action shall be brought to trial within five years after the action is commenced against the defendant. **Leg.H.** Added Stats 1984 ch 1705 §5.

### §583.320. New trial; Three-year rule

(a) If a new trial is granted in the action the action shall again be brought to trial within the following times:

(1) If a trial is commenced but no judgment is entered because of a mistrial or because a jury is unable to reach a decision, within three years after the order of the court declaring the mistrial or the disagreement of the jury is entered.

(2) If after judgment a new trial is granted and no appeal is taken, within three years after the order granting the new trial is entered.

(3) If on appeal an order granting a new trial is affirmed or a judgment is reversed and the action remanded for a new trial, within three years after the remittitur is filed by the clerk of the trial court.

(b) Nothing in this section requires that an action again be brought to trial before expiration of the time prescribed in Section 583.310. **Leg.H.** Added Stats 1984 ch 1705 §5.

### §583.330. Parties' extension of time

The parties may extend the time within which an action must be brought to trial pursuant to this article by the following means:

(a) By written stipulation. The stipulation need not be filed but, if it is not filed, the stipulation shall be brought to the attention of the court if relevant to a motion for dismissal.

(b) By oral agreement made in open court, if entered in the minutes of the court or a transcript is made. **Leg.H.** Added Stats 1984 ch 1705 §5.

### §583.340. Tolling of period

In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed:

(a) The jurisdiction of the court to try the action was suspended.

(b) Prosecution or trial of the action was stayed or enjoined.

(c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile. **Leg.H.** Added Stats 1984 ch 1705 §5.

### §583.350. Exception as to tolling or extension of time; Six-month rule

If the time within which an action must be brought to trial pursuant to this article is tolled or otherwise extended pursuant to statute with the result that at the end of the period of tolling or extension less than six months remains within which the action must be brought to trial, the action shall not be dismissed pursuant to this article if the action is brought to trial within six months after the end of the period of tolling or extension. **Leg.H.** Added Stats 1984 ch 1705 §5.

### §583.360. Dismissal

(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article.

(b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute. **Leg.H.** Added Stats 1984 ch 1705 §5.

## ARTICLE 4
## Discretionary Dismissal for Delay

Authority of court to dismiss; Procedure. §583.410.
Conditions for dismissal; Computation of time. §583.420.
Grant or denial of dismissal; Authority of court to enter conditional order. §583.430.

**Leg.H.** Added Stats 1984 ch 1705 §5.

### §583.410. Authority of court to dismiss; Procedure

(a) The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case.

(b) Dismissal shall be pursuant to the procedure and in accordance with the criteria prescribed by rules adopted by the Judicial Council. **Leg.H.** Added Stats 1984 ch 1705 §5.

### §583.420. Conditions for dismissal; Computation of time

(a) The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred:

(1) Service is not made within two years after the action is commenced against the defendant.

(2) The action is not brought to trial within the following times:

(A) Three years after the action is commenced against the defendant unless otherwise prescribed by rule under subparagraph (B).

(B) Two years after the action is commenced against the defendant if the Judicial Council by rule adopted pursuant to Section 583.410 so prescribes for the court because of the condition of the court calendar or for other reasons affecting the conduct of litigation or the administration of justice.

(3) A new trial is granted and the action is not again brought to trial within the following times:

(A) If a trial is commenced but no judgment is entered because of a mistrial or because a jury is unable to reach a decision, within two years after the order of the court declaring the mistrial or the disagreement of the jury is entered.

(B) If after judgment a new trial is granted and no appeal is taken, within two years after the order granting the new trial is entered.

(C) If on appeal an order granting a new trial is affirmed or a judgment is reversed and the action remanded for a new trial, within two years after the remittitur is filed by the clerk of the trial court.

(b) The times provided in subdivision (a) shall be computed in the manner provided for computation of the comparable times under Articles 2 (commencing with Section 583.210) and 3 (commencing with Section 583.310). **Leg.H.** Added Stats 1984 ch 1705 §5.

### §583.430. Grant or denial of dismissal; Authority of court to enter conditional order

(a) In a proceeding for dismissal of an action pursuant to this article for delay in prosecution the court in its discretion may require as a condition of granting or denial of dismissal that the parties comply with such terms as appear to the court proper to effectuate substantial justice.

(b) The court may make any order necessary to effectuate the authority provided in this section, including, but not limited to, provisional and conditional orders. **Leg.H.** Added Stats 1984 ch 1705 §5.

# CHAPTER 2
# JUDGMENT UPON FAILURE TO ANSWER

Judgment if defendant fails to answer complaint. §585.
Affidavit required for application to enter default. §585.5.
Cases where proceedings and judgments treated as if defendant failed to answer. §586.
Affidavit to be filed with application by plaintiff for entry of default. §587.
Applicable terms. §587.5.

**Leg.H.** Enacted 1872.

### §585. Judgment if defendant fails to answer complaint

Judgment may be had, if the defendant fails to answer the complaint, as follows:

(a) In an action arising upon contract or judgment for the recovery of money or damages only, if the defendant has, or if more than one defendant, if any of the defendants have, been served, other than by publication, and no answer, demurrer, notice of motion to strike of the character specified in subdivision (f), notice of motion to transfer pursuant to Section 396b, notice of motion to dismiss pursuant to Article 2 (commencing with Section 583.210) of Chapter 1.5 of Title 8, notice of motion to quash service of summons or to stay or dismiss the action pursuant to Section 418.10, or notice of the filing of a petition for writ of mandate as provided in Section 418.10 has been filed with the clerk of the court within the time specified in the summons, or within further time as may be allowed, the clerk, upon written application of the plaintiff, and proof of the service of summons, shall enter the default of the defendant or defendants, so served, and immediately thereafter enter judgment for the principal amount demanded in the complaint, in the statement required by Section 425.11, or in the statement provided for in Section 425.115, or a lesser amount if credit has been acknowledged, together with interest allowed by law or in accordance with the terms of the contract, and the costs against the defendant, or defendants, or against one or more of the defendants. If, by rule of court, a schedule of attorneys' fees to be allowed has been adopted, the clerk may include in the judgment attorneys' fees in accordance with the schedule (1) if the contract provides that attorney's fees shall be allowed in the event of an action thereon, or (2) if the action is one in which the plaintiff is entitled by statute to recover attorneys' fees in addition to money or damages. The plaintiff shall file a written request at the time of application for entry of the default of the defendant or defendants, to have attorneys' fees fixed by the court, whereupon, after

**§583.320. New trial; Three-year rule**

(a) If a new trial is granted in the action the action shall again be brought to trial within the following times:

(1) If a trial is commenced but no judgment is entered because of a mistrial or because a jury is unable to reach a decision, within three years after the order of the court declaring the mistrial or the disagreement of the jury is entered.

(2) If after judgment a new trial is granted and no appeal is taken, within three years after the order granting the new trial is entered.

(3) If on appeal an order granting a new trial is affirmed or a judgment is reversed and the action remanded for a new trial, within three years after the remittitur is filed by the clerk of the trial court.

(b) Nothing in this section requires that an action again be brought to trial before expiration of the time prescribed in Section 583.310. **Leg.H.** Added Stats 1984 ch 1705 §5.

**§583.330. Parties' extension of time**

The parties may extend the time within which an action must be brought to trial pursuant to this article by the following means:

(a) By written stipulation. The stipulation need not be filed but, if it is not filed, the stipulation shall be brought to the attention of the court if relevant to a motion for dismissal.

(b) By oral agreement made in open court, if entered in the minutes of the court or a transcript is made. **Leg.H.** Added Stats 1984 ch 1705 §5.

**§583.340. Tolling of period**

In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed:

(a) The jurisdiction of the court to try the action was suspended.

(b) Prosecution or trial of the action was stayed or enjoined.

(c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile. **Leg.H.** Added Stats 1984 ch 1705 §5.

**§583.350. Exception as to tolling or extension of time; Six-month rule**

If the time within which an action must be brought to trial pursuant to this article is tolled or otherwise extended pursuant to statute with the result that at the end of the period of tolling or extension less than six months remains within which the action must be brought to trial, the action shall not be dismissed pursuant to this article if the action is brought to trial within six months after the end of the period of tolling or extension. **Leg.H.** Added Stats 1984 ch 1705 §5.

**§583.360. Dismissal**

(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article.

(b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute. **Leg.H.** Added Stats 1984 ch 1705 §5.

## ARTICLE 4
## Discretionary Dismissal for Delay

Authority of court to dismiss; Procedure. §583.410.
Conditions for dismissal; Computation of time. §583.420.
Grant or denial of dismissal; Authority of court to enter conditional order. §583.430.

**Leg.H.** Added Stats 1984 ch 1705 §5.

**§583.410. Authority of court to dismiss; Procedure**

(a) The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case.

(b) Dismissal shall be pursuant to the procedure and in accordance with the criteria prescribed by rules adopted by the Judicial Council. **Leg.H.** Added Stats 1984 ch 1705 §5.

**§583.420. Conditions for dismissal; Computation of time**

(a) The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred:

(1) Service is not made within two years after the action is commenced against the defendant.

(2) The action is not brought to trial within the following times:

(A) Three years after the action is commenced against the defendant unless otherwise prescribed by rule under subparagraph (B).

(B) Two years after the action is commenced against the defendant if the Judicial Council by rule adopted pursuant to Section 583.410 so prescribes for the court because of the condition of the court calendar or for other reasons affecting the conduct of litigation or the administration of justice.

(3) A new trial is granted and the action is not again brought to trial within the following times:

(A) If a trial is commenced but no judgment is entered because of a mistrial or because a jury is unable to reach a decision, within two years after the order of the court declaring the mistrial or the disagreement of the jury is entered.

(B) If after judgment a new trial is granted and no appeal is taken, within two years after the order granting the new trial is entered.

(C) If on appeal an order granting a new trial is affirmed or a judgment is reversed and the action remanded for a new trial, within two years after the remittitur is filed by the clerk of the trial court.

(b) The times provided in subdivision (a) shall be computed in the manner provided for computation of the comparable times under Articles 2 (commencing with Section 583.210) and 3 (commencing with Section 583.310). **Leg.H.** Added Stats 1984 ch 1705 §5.

**§583.430. Grant or denial of dismissal; Authority of court to enter conditional order**

(a) In a proceeding for dismissal of an action pursuant to this article for delay in prosecution the court in its discretion may require as a condition of granting or denial of dismissal that the parties comply with such terms as appear to the court proper to effectuate substantial justice.

(b) The court may make any order necessary to effectuate the authority provided in this section, including, but not limited to, provisional and conditional orders. **Leg.H.** Added Stats 1984 ch 1705 §5.

## CHAPTER 2
## JUDGMENT UPON FAILURE TO ANSWER

Judgment if defendant fails to answer complaint. §585.
Affidavit required for application to enter default. §585.5.
Cases where proceedings and judgments treated as if defendant failed to answer. §586.
Affidavit to be filed with application by plaintiff for entry of default. §587.
Applicable terms. §587.5.

**Leg.H.** Enacted 1872.

**§585. Judgment if defendant fails to answer complaint**

Judgment may be had, if the defendant fails to answer the complaint, as follows:

(a) In an action arising upon contract or judgment for the recovery of money or damages only, if the defendant has, or if more than one defendant, if any of the defendants have, been served, other than by publication, and no answer, demurrer, notice of motion to strike of the character specified in subdivision (f), notice of motion to transfer pursuant to Section 396b, notice of motion to dismiss pursuant to Article 2 (commencing with Section 583.210) of Chapter 1.5 of Title 8, notice of motion to quash service of summons or to stay or dismiss the action pursuant to Section 418.10, or notice of the filing of a petition for writ of mandate as provided in Section 418.10 has been filed with the clerk of the court within the time specified in the summons, or within further time as may be allowed, the clerk, upon written application of the plaintiff, and proof of the service of summons, shall enter the default of the defendant or defendants, so served, and immediately thereafter enter judgment for the principal amount demanded in the complaint, in the statement required by Section 425.11, or in the statement provided for in Section 425.115, or a lesser amount if credit has been acknowledged, together with interest allowed by law or in accordance with the terms of the contract, and the costs against the defendant, or defendants, or against one or more of the defendants. If, by rule of court, a schedule of attorneys' fees to be allowed has been adopted, the clerk may include in the judgment attorneys' fees in accordance with the schedule (1) if the contract provides that attorneys' fees shall be allowed in the event of an action thereon, or (2) if the action is one in which the plaintiff is entitled by statute to recover attorneys' fees in addition to money or damages. The plaintiff shall file a written request at the time of application for entry of the default of the defendant or defendants, to have attorneys' fees fixed by the court, whereupon, after the

RULERS OF

COURT RULE

CODE SECTIONS

(1) When a document to be submitted electronically requires a signature under penalty of perjury, the document is deemed signed by the declarant if, before submission, the declarant has signed a printed form of the document.

(2) By electronically submitting the document, the party submitting it indicates that he or she has complied with subdivision (d)(1) of this rule and that the original, signed document is available for review and copying at the request of the court or any party.

(3) At any time after the document is submitted, any other party may serve a demand for production of the original signed document. The demand must be served on all other parties but need not be filed with the court.

(4) Within five days of service of the demand, the party on whom the demand is made must make the original signed document available for review and copying by all other parties.

**(e) Signature on documents not under penalty of perjury**

If a document does not require a signature under penalty of perjury, the document is deemed signed by the party if the document is submitted electronically.

**(f) Digital signature**

A party is not required to use a digital signature on an electronically submitted document.

*Rule 3.512 amended effective January 1, 2008; adopted as rule 1511.5 effective July 1, 2005; previously amended and renumbered effective January 1, 2007.*

## Rule 3.513. Service of memorandums and declarations

Unless otherwise provided in the rules in this chapter or directed by the assigned judge, all memorandums and declarations in support of or opposition to any petition, motion, or application must be served and submitted at least nine court days before any hearing on the matter at issue.

*Rule 3.513 amended effective January 1, 2007; adopted as rule 1512 effective January 1, 1974; previously amended effective January 1, 2005; previously amended and renumbered effective January 1, 2007.*

## Rule 3.514. Evidence presented at court hearings

All factual matters to be heard on any petition for coordination, or on any other petition, motion, or application under the rules in this chapter, must be initially presented and heard on declarations, answers to interrogatories or requests for admissions, depositions, or matters judicially noticed. Oral testimony will not be permitted at a hearing except as the assigned judge may permit to resolve factual issues shown by the declarations, responses to discovery, or matters judicially noticed to be in dispute. Only parties that have submitted a petition or motion, or a written response or opposition to a petition or motion, will be permitted to appear at the hearing, except the assigned judge may permit other parties to appear, on a showing of good cause.

*Rule 3.514 renumbered effective January 1, 2007; adopted as rule 1513 effective January 1, 1974; previously amended effective January 1, 2005.*

## Rule 3.515. Motions and orders for a stay

**(a) Motion for stay**

Any party may file a motion for an order under Code of Civil Procedure section 404.5 staying the proceedings in any action being considered for, or affecting an action being considered for, coordination, or the court may stay the proceedings on its own motion. The motion for a stay may be included with a petition for coordination or may be served and submitted to the Chair of the Judicial Council and the coordination motion judge by any party at any time prior to the determination of the petition.

*(Subd (a) amended effective January 1, 2005.)*

**(b) Contents of motion**

A motion for a stay order must:

(1) List all known pending related cases;

(2) State whether the stay order should extend to any such related case; and

(3) Be supported by a memorandum and by declarations establishing facts relied on to show that a stay order is necessary and appropriate to effectuate the purposes of coordination.

*(Subd (b) amended and lettered effective January 1, 2005; adopted as part of subd (a) effective January 1, 1974.)*

**(c) Service requirements for certain motions for stay orders**

If the action to be stayed is not included in the petition for coordination or any response to that petition, the motion for a stay order and all supporting documents must be served on each party to the action to be stayed and any such party may serve and submit opposition to the motion for a stay order.

*(Subd (c) amended and lettered effective January 1, 2005; adopted as part of subd (a) effective January 1, 1974.)*

**(d) Opposition to motion for stay order**

Any memorandums and declarations in opposition to a motion for a stay order must be served and submitted within 10 days after service of the motion.

*(Subd (d) amended and lettered effective January 1, 2005; adopted as part of subd (a) effective January 1, 1974.)*

**(e) Hearing on motion for stay order**

A stay order may be issued with or without a hearing. A party filing a motion for a stay order or opposition thereto may request a hearing to determine whether the stay order should be granted. A request for hearing should be made at the time the requesting party files the motion or opposition. If the coordination motion judge grants the request for a hearing, the requesting party must provide notice.

*(Subd (e) amended and lettered effective January 1, 2005; adopted as part of subd (a) effective January 1, 1974.)*

**(f) Determination of motion for stay order**

In ruling on a motion for a stay order, the assigned judge must determine whether the stay will promote the ends of justice, considering the imminence of any trial or other proceeding that might materially affect the status of the action to be stayed, and whether a final judgment in that action would have a res judicata or collateral estoppel effect with regard to any common issue of the included actions.

*(Subd (f) amended and relettered effective January 1, 2005; adopted as subd (e) effective January 1, 1974.)*

**(g) Issuance of stay order and termination of stay**

If a stay order is issued, the party that requested the stay must serve and file a copy of the order in each included action that is stayed. Thirty or more days following issuance of the stay order, any party that is subject to the stay order may move to terminate the stay.

*(Subd (g) amended and relettered effective January 1, 2005; adopted as subd (b) effective January 1, 1974.)*

**(h) Effect of stay order**

Unless otherwise specified in the order, a stay order suspends all proceedings in the action to which it applies. A stay order may be limited by its terms to specified proceedings, orders, motions, or other phases of the action to which the order applies.

*(Subd (h) amended and relettered effective January 1, 2005; adopted as subd (c) effective January 1, 1974.)*

**(i) Effect of absence of stay order**

In the absence of a stay order, a court receiving an order assigning a coordination motion judge may continue to exercise jurisdiction over the included action for purposes of all pretrial and discovery proceedings, but no trial may be commenced and no judgment may be entered in that action unless trial of the action had commenced before the assignment of the coordination motion judge.

*(Subd (i) amended and relettered effective January 1, 2005; adopted as subd (d) effective January 1, 1974; previously amended effective July 1, 1974.)*

**(j) Effect of stay order on dismissal for lack of prosecution**

The time during which any stay of proceedings is in effect under the rules in this chapter must not be included in determining whether the action stayed should be dismissed for lack of prosecution under chapter 1.5 (§ 583.110 et seq.) of title 8 of part 2 of the Code of Civil Procedure.

*(Subd (j) amended and relettered effective January 1, 2005; adopted as subd (f) effective January 1, 1974; previously amended effective January 1, 1986.)*

*Rule 3.515 renumbered effective January 1, 2007; adopted as rule 1514 effective January 1, 1974; previously amended effective July 1, 1974, January 1, 1986, and January 1, 2005.*

## Rule 3.516. Motions under Code of Civil Procedure section 170.6

A party making a peremptory challenge by motion or affidavit of prejudice regarding an assigned judge must submit it in writing to the assigned judge within 20 days after service of the order assigning the judge to the coordination proceeding. All plaintiffs or similar parties in the included or coordinated actions constitute a side and all defendants or similar parties in such actions constitute a side for purposes of applying Code of Civil Procedure section 170.6.

*Rule 3.516 renumbered effective January 1, 2007; adopted as rule 1515 effective January 1, 1974; previously amended effective June 19, 1982, and January 1, 2005.*

# CALIFORNIA HEALTH & SAFETY CODE

(k) That a statewide program to control toxic air contaminants is necessary and desirable in order to provide technical and scientific assistance to the districts, to achieve the earliest practicable control of toxic air contaminants, to promote the development and use of advanced control technologies and alternative processes and materials, to identify the toxic air contaminants of concern and determine the priorities of their control, and to minimize inconsistencies in protecting the public health in various areas of the state.

(Added by Stats.1983, c. 1047, § 1.)

Code of Regulations References

[illegible] 17 Cal. Code of Regs. § [illegible]

Library References

[illegible] §§ 105, 125

Health and environment [illegible]
Statutes [illegible]
WESTLAW Topic Nos. [illegible]

Notes of Decisions

**Air pollution control districts** 1

1\. **Air pollution control districts**

This chapter's legislative statements did not present "undebatable evidence" of legislative intent to repeal by implication pollution control districts' authority to regulate nonvehicular emissions. Western Oil and Gas Ass'n v. Monterey Bay Unified Air Pollution Control Dist. (1989) 261 Cal.Rptr. 384, 49 Cal.3d 408, 777 P.2d 157.

## Article 2

## DEFINITIONS

**Section**
39655. Definitions.

*Article 2 was added by Stats.1992, c. 1161 (A.B.2728), § 2.*

*Former Article 2, Definitions, added by Stats.1983, c. 1047, § 1, consisting of §§ 39655 to 39657, was repealed by Stats.1992, c. 1161 (A.B.2728), § 1.*

### § 39655. Definitions

As used in this chapter:

(a) "Toxic air contaminant" means an air pollutant which may cause or contribute to an increase in mortality or in serious illness, or which may pose a present or potential hazard to human health. A substance that is listed as a hazardous air pollutant pursuant to subsection (b) of Section 112 of the federal act (42 U.S.C. Sec. 7412(b)) is a toxic air contaminant. A toxic air contaminant which is a pesticide shall be regulated in its pesticidal use by the Department of Pesticide Regulation pursuant to Article 1.5 (commencing with Section 14021) of Chapter 3 of Division 7 of the Food and Agricultural Code.

(b) "Airborne toxic control measure" means either of the following:

ontaminants is necessary
entific assistance to the
oxic air contaminants, to
ol technologies and alter-
air contaminants of con-
l to minimize inconsisten-
the state.

s

) et seq.
l Regs. § 93000.

n and Environment §§ 103, 125

es § 323.

al by implication pollution control
nority to regulate nonvehicular
Western Oil and Gas Ass'n v. Mon-
nified Air Pollution Control Dist.
al.Rptr. 384, 49 Cal.3d 408, 777

*51 (A.B.2728), § 2.*
*tats.1983, c. 1047, § 1,*
*d by Stats.1992, c. 1161*

ollutant which may cause or
s illness, or which may pose a
substance that is listed as a
) of Section 112 of the federal
nant. A toxic air contaminant
cidal use by the Department of
amencing with Section 14021)
ltural Code.
ther of the following:



(1) Recommended methods, and, where appropriate, a range of methods, that reduce, avoid, or eliminate the emissions of a toxic air contaminant. Airborne toxic control measures include, but are not limited to, emission limitations, control technologies, the use of operational and maintenance conditions, closed system engineering, design, equipment, or work practice standards, and the reduction, avoidance, or elimination of emissions through process changes, substitution of materials, or other modifications.

(2) Emission standards adopted by the Environmental Protection Agency pursuant to Section 112 of the federal act (42 U.S.C. Sec. 7412).

(c) "Pesticide" means any economic poison as defined in Section 12753 of the Food and Agricultural Code.

(d) "Federal act" means the Clean Air Act (42 U.S.C. 7401 et seq.), as amended by the Clean Air Act Amendments of 1990 (P.L. 101-549), and as the federal act may be further amended.

(e) "Office" means the Office of Environmental Health Hazard Assessment.

(Added by Stats.1992, c. 1161 (A.B.2728), § 2.)

#### Historical and Statutory Notes

Former § 39655, added by Stats.1983, c. 1047, § 1, defining toxic air contaminant, was repealed by Stats.1992, c. 1161 (A.B.2728), § 1. See, now, this section.

**Derivation:** Former § 39655 to 39657, added by Stats.1983, c. 1047, § 1.

#### Law Review Commentaries

Review of selected 1992 California legislation. 24 Pac.L.J. 875 (1993).

## Article 2.5

## COORDINATION WITH THE FEDERAL ACT

**Section**

39656. Legislative intent.
39657. Identification of toxic air contaminants.
39658. Airborne toxic control measures; establishment.
39659. Regulations; adoption.

*Article 2.5 was added by Stats.1992, c. 1161 (A.B.2728), § 3.*

#### Law Review Commentaries

Review of selected 1992 California legislation. 24 Pac.L.J. 875 (1993).

### § 39656. Legislative intent

It is the intent of the Legislature that the state board and the districts implement a program to regulate toxic air contaminants that will enable the state to receive approval to implement and enforce emission standards and other requirements for air pollutants subject to Section 112 of the federal act (42 U.S.C. Sec. 7412). The state board and the districts may establish a