## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (AMC) |
| | ) (Jointly Administered) |
| Reorganized Debtor. | ) |
| | ) Hearing Date: February 1, 2021, at 12:00 p.m. ET |
| | ) Related document: 33154, 33157, 33177 |
| | ) |

### REPLY IN SUPPORT OF GRACE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. BANKR. P. 7056 FOR DISALLOWANCE OF CLAIM NO. 392, FILED BY GARY S. SMOLKER, AND RELATED CLAIMS, NOS. 382 AND 4070, FILED BY HOME SAVINGS TERMITE CONTROL, INC., AND WAYNE MORRIS, RESPECTIVELY

The record is clear, the material facts are uncontroverted, and those material facts mandate disallowance of Mr. Smolker's Claim no. 392 under Bankruptcy Code sections 502(b)(1) and 558.[2] In his two responsive pleadings, the 8/18 Preliminary Response and the 12/30 Declaration in Support, Mr. Smolker has failed to carry his burden of proffering material facts calling into question Grace's dismissal with prejudice from the California State Court Litigation in January 2017. Mr. Smolker has likewise failed to proffer any facts or legal argument as to why Grace's dismissal, without more, should not result in this Court's disallowance of his claim.[3]

---

[1]  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case.

[2]  The two other claimants, Termite Control (Claim no. 387) and Mr. Morris (Claim no. 4070) did not file responses to the Summary Judgment Motion. Grace respectfully requests that their claims be disallowed without further ado.

Capitalized terms used in this "Reply" shall have the meaning ascribed to them in, as the case may be, the *Motion for Summary Judgment Pursuant To Fed. R. Bankr. P. 7056 for Disallowance of Claim No. 392, Filed by Gary S. Smolker, and Related Claims, Nos. 382 and 4070, Filed by Home Savings Termite Control, Inc., and Wayne Morris, Respectively*, filed August 3, 2020 [Docket No. 33154] (the "Summary Judgment Motion") or the *Supplemental Declaration of Rosemarie S. Lewis in Support of the Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 for Disallowance of Claim No. 392, Filed by Gary S. Smolker, and Related Claims, Nos. 382 and 4070, Filed by Home Savings Termite Control, Inc., and Wayne Morris, Respectively* (the "Supplemental Lewis Declaration," attached hereto as Exhibit C).

[3]  Mr. Smolker filed two pleadings in response to the Summary Judgment, the first of which was a preliminary response filed on August 18, 2020 [Docket No. 33157] (the "8/18/20 Preliminary Response"), and the second of

Likewise, the record is clear that the one-year statute of limitations provided for in Cal. Civ. Pro. Code § 340(3) (Deering 1996) began to run on October 10-11, 1996, and it expired one year later, just as Mr. Smolker filed his first cross-complaint against Grace on October 10, 1997.[4] He has offered no material facts or legal arguments in either of his pleadings materially disputing that date of expiry. This expiry provides a separate basis under sections 502(b)(1) and 558 to disallow Mr. Smolker's claim.

This Reply: (i) establishes that Mr. Smolker's two responsive pleadings offer no material facts in dispute; and (ii) responds to various legal and factual assertions in those responsive pleadings, neither of which asserts facts material to this Court's determining whether to disallow Claim no. 392.

## THERE ARE NO MATERIAL FACTS IN DISPUTE

1. It is axiomatic that "[s]ummary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial'." *In re G-I Holdings, Inc.*, Nos. 01-30135 (RG), 01-38790 (RG), 2016 Bankr. LEXIS 3314, at *127 (Bankr. D.N.J. Sep. 9, 2016) (quoting *Cardenas v. Massey*, 269 F.3d 251, 254-55 (3d Cir. 2001) (citation omitted)). In his two pleadings, Mr. Smolker has failed to proffer any evidence disputing the following material facts, each of which supports disallowance of his claim.

---

which is *Gary S. Smolker's ("Smolker's") Declaration in Opposition to Reorganized Debtor W. R. Grace & Co.'s ("Grace's") Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure* [Docket No. 33177] (the "12/30 Declaration in Support"). *See below* at ¶¶ 31-34 for a discussion of Mr. Smolker's repeated requests for extension of time to file additional pleadings. Also, as discussed at n. 7, Mr. Smolker on January 15, 2021, filed a motion for leave to file additional pleadings, which is to be heard on March 4, 2021.

[4] Mr. Smolker has not to date asserted that his filing of his first cross-complaint tolled the statute of limitations, and there is no colorable argument in support of any such assertion, because there is no statutory basis for such tolling, and the facts of this matter do not meet the requirements for equitable tolling. *See* Memorandum of Law at n.11 (citing *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 724 (Cal. 2020) (internal citation omitted)).

2.     On October 10-11, 1996, the condominium complex in which Mr. Smolker resided was treated for termite infestation. Lewis Declaration at ¶ 4; First Amended Complaint at ¶ 3(b); Fifth Amended Complaint at ¶¶ 93, 99, and 101; 2007 Cal. App. Op. at *5. On October 10, 1997, just as the period of limitation expired pursuant to Cal. Civ. Pro. Code §340(3), Mr. Smolker filed his cross-complaint naming Grace as a cross-defendant. Lewis Declaration at ¶ 10; 2020 Cal. App. Op. at *2; Superior Court Docket.

3.     On April 2, 2001, Grace and 61 affiliates commenced their chapter 11 cases. On August 27, 2001, Mr. Smolker filed a proof of claim (designated Claim No. 392), which is based solely upon the California State Court Litigation, and offers no other basis for allowance of a claim under section 502(a).[5] On March 4, 2015, this Court entered the Lift Injunction Order to permit the California State Court Litigation to proceed to final judgment. [Docket No. 32518]. Mr. Smolker took no action thereafter to bring his suit to trial. Lewis Declaration at ¶ 17; 2020 Cal. App. Op. at *5. On November 18, 2016, Grace filed a motion requesting the Superior Court dismiss Mr. Smolker's cross-complaints "on the ground that Smolker had not brought them to trial within five years as required by Code of Civil Procedure section 583.310." 2020 Cal. App. Op. at *5; Lewis Declaration at ¶ 17; Superior Court Docket.

4.     On January 17, 2017, the Superior Court dismissed Mr. Smolker's Fifth Amended Cross-Complaint causes of action with prejudice as to Grace. Lewis Declaration at ¶ 19; 2020 Cal. App. Op. at *5; Grace Cross-Complaint Dismissal Order; Superior Court Docket. Mr. Smolker subsequently appealed the Grace Cross-Complaint Dismissal Order. Lewis Declaration at ¶ 17; 2020 Cal. App. Op. at *5; Superior Court Docket.

---

[5]    Claim No. 392 is <u>Exhibit C</u> to the Claims Objection.

5. In January 2020, the California Appellate Court affirmed the Grace Cross-Complaint Dismissal Order. Lewis Declaration at ¶ 20; 2020 Cal. App. Op. at *2. On May 4, 2020, the Grace Cross-Complaint Dismissal Order became final and non-appealable. Lewis Declaration at ¶ 22; Remittitur; Grace Cal. App. Docket.

6. As discussed more fully in the Memorandum of Law, the termination of the California State Court Litigation, which is the sole basis of Mr. Smolker's claim, must result in disallowance of his claim under section 502(b)(1), because the claim asserts no other basis for allowance. Section 558 provides an additional basis for this Court to disallow Mr. Smolker's claim based on the termination of the California State Court Litigation. *See, e.g., In re Walnut Equip. Leasing Co., Inc.*, Case No. 97-19699 (DWS), 2000 Bankr. LEXIS 1401, at *11-12 (Bankr. E.D. Pa. Nov. 1, 2000) (rejecting the argument that a defense must be enumerated in Bankruptcy Code section 558 for a debtor or trustee to utilize that defense).

7. The facts establishing that the one-year period (Cal. Civ. Pro. Code § 340(3)) in which Mr. Smolker could bring an action based on the October 10-11, 1996 termite extermination expired on October 10-11, 1997, are equally undisputed.[6] The October 1997 expiry of the statute of limitations thus provides a second, entirely independent basis for disallowing Mr. Smolker's claim. Sections 502(b)(1) and 558 preclude any argument by Mr. Smolker asserting that his proof of claim, as currently filed, entitles him to continue to pursue his claim. *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1409 (2017).

---

[6] In his 12/30 Declaration in Support, Mr. Smolker seems to assert, without basis in law or fact, that a May 1, 2019 doctor's appointment is the earliest time that the Cal. Civ. P. 340(3) statute of limitations began to run. As discussed *infra*, in ¶¶ 11-13, this argument is without legal merit, and the May 1, 2019 doctor's appointment is irrelevant to the triggering of the statute of limitations.

4

8.   As none of the material facts in this matter are in genuine dispute, Grace respectfully requests the Court enter an order substantially in the form attached as Exhibit B to the Summary Judgment Motion, disallowing Mr. Smolker's claim and likewise disallowing the two other protective claims of the now-dismissed cross-defendants in the California State Court Litigation.

### THE FACTUAL AND LEGAL ASSERTIONS IN MR. SMOLKER'S FILINGS DO NOT CHANGE THE OUTCOME OF THE SUMMARY JUDGMENT MOTION

9.   The remainder of this Reply addresses a number of factual and legal assertions raised by Mr. Smolker in his 8/18 Preliminary Response and his 12/30 Declaration in Support. Attached hereto as Exhibit A is the Supplemental Lewis Declaration, which is incorporated herein by reference. The Supplemental Lewis Declaration has attached to it several California State Court Litigation docket items relevant to establishing that: (i) many of the factual assertions made by Mr. Smolker in his pleadings are simply not accurate; (ii) none of the factual assertions are material to the disallowance of Mr. Smolker's claim; and (iii) the legal assertions made therein are without merit.

*Smolker Assertion No. 1*

10.   In his 8/18 Preliminary Response (¶ 1, p. 7), Mr. Smolker stated:

> Under California law the statute of limitations on a person's claim, does not begin to run until that person knows or should know he has been injured. SMOLKER did not receive a copy of the May 1, 2019 CT of CHEST revealing his lungs had been scared [sic] prior to May 1, 2019 and did not understand what that meant when he received it.

*Grace Response*

11.   Mr. Smolker seems to be asserting, without being specific, that his May 1, 2019 doctor's appointment is the date on which he first discovered his injury. This is wrong as a matter of fact and law. A statute of limitations such as Cal. Civ. Pro. Code § 340(3) begins to run when

5

"when the party seeking relief knows or reasonably should know of an injury and that it was wrongfully caused." *Pugliese v. Superior Court*, 53 Cal. Rptr. 3d 681, 687 (Cal. App. 4th 2007). In other words, the statute of limitations will be triggered when a plaintiff suspects "one or more of the elements of a cause of action, coupled with knowledge of any remaining elements." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 919 (Cal. 2005) (internal citations omitted); *see also Rosas v. BASF Corp.*, 236 Cal. App. 4th 1378, 1389 (Cal. App. 2d 2015) (internal citation omitted).

12.   Plainly stated, Mr. Smolker must be able to establish that he had no suspicion of his allegations against Grace until May 2019 in order for him to argue that the statute of limitations did not begin running until then. *Grisham v. Philip Morris U.S.A., Inc.*, 151 P.3d 1151, 1159 (Cal. 2007). But this he cannot do, for the record in this matter is clear. By his own statements in his various cross-complaints, Mr. Smolker's causes of action accrued on October 10-11, 1996, which is the date of the termite extermination. Lewis Declaration at ¶ 4; Fifth Amended Complaint at ¶¶ 18-20, 93; 2007 Cal. App. Op. at *7; Memorandum of Law at ¶¶ 26-27. What's more, Mr. Smolker's own various cross-complaints establish that by late 1996 or early 1997, Mr. Smolker was complaining to PVHOA that he, Graham, and their children were suffering certain adverse health effects, which they attributed to Syloid® silica. Lewis Declaration at ¶ 6; First Amended Complaint at ¶¶ 18-20, 93; 2007 Cal. App. Op. at *7. Indeed, Mr. Smolker was well aware on October 10, 1997, that the applicable statute of limitations was about to run, because that is when he filed his initial cross-complaint. Lewis Declaration at ¶ 10; 2020 Cal. App. Op. at *12; Superior Court Docket. Mr. Smolker in his two pleadings has thus proffered nothing to rebut the presumption based upon his own complaint that the statute of limitations began to run on October 10-11, 1996. *Grisham v. Philip Morris*, 151 P.3d at 1159.

13. To the extent that Mr. Smolker is arguing that the May 1, 2019 doctor's appointment gives him "a fresh bite" at the statute of limitations apple, he is wrong as a matter of law. A later-discovered injury does not toll the statute of limitations as to an already-known defendant under the so-called "discovery rule." Such a later-discovered injury only tolls as to a newly discovered defendant. *Id.* at 1164 (internal citation omitted) (explaining that in *Fox*, the later discovery of a harm caused by a medical implements company tolled the statute of limitations only as to the medical implements defendant, not as to the original defendant, whose potential liability was already known). Therefore, any argument that Mr. Smolker is making about the statute of limitations not having run in October 1997 is simply wrong.

*Smolker Assertion No. 2*

14. In his 8/18 Preliminary Response (¶ 1, p. 7), Mr. Smolker asserts:

> As a result of this pending Chapter 11 bankruptcy SMOLKER has been prevented from and unable to file any further claim against GRACE since GRACE filed for bankruptcy protection on April 2, 2001. The filing of the Chapter 11 bankruptcy petition had the effect of tolling the statute of limitations for filing a new claim against GRACE since April 2, 2001.

*Grace Response*

15. Mr. Smolker's assertion that the commencement of the chapter 11 cases tolled the statute of limitations is wrong. As discussed above, the period expired on October 10-11, 1997, three and one-half years before the Petition Date. Bankruptcy Code section 108 does indeed toll statutes of limitation—but only if they are unexpired at the commencement of a bankruptcy case. 11 U.S.C. § 108(a); *Nystrom v. Vuppuluri (In re Essar Steel Minn. LLC)*, Nos. 16-11626 (BLS), 17-50001, 2019 Bankr. LEXIS 1622, at *11-12 (Bankr. D. Del. 2019). It is thus clear that Mr. Smolker cannot avail himself of section 108 on the undisputed facts of this matter.

16.     Second, Mr. Smolker seems to assert that he could not have filed an amended proof of claim during the pendency of the Chapter 11 Cases. That is wrong. Fed. R. Bankr. P. 7015; *Interface Grp.-Nevada v. TWA (In re TWA)*, 145 F.3d 124, 141 (3d Cir. 1998). But on the undisputed facts of this particular matter, any such amendment would have been denied as futile, because the Cal. Civ. Pro. Code § 340(3) statute of limitation had already run prior to the Petition Date. *Id.* (internal citation omitted) ("among the grounds justifying denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice and futility").

***Smolker Assertion No. 3***

17.     Mr. Smolker asserts in his 12/30 Declaration in Support (p. 6) that:

> GRACE and its attorneys obtained that ORDER by trickery and by misleading Judge Carey and SMOLKER in the proceedings which ended in Judge Carey signing that Order.
>
> They represented to me that the Order Judge Carey would sign would permit the California State Litigation go forward to judgment. Look at Exhibit B in their first pleading submitted to Judge Carey, it does not correspond to the Order they eventually asked Judge Carey to sign. The only thing I agreed to was to allow the California State Court litigation to go forward to judgment by lifting the stay order.

***Grace Response***

18.     Mr. Smolker is wrong as a matter of fact and law. Moreover, none of these assertions are material to determining whether Mr. Smolker's claim should be disallowed based upon Grace's dismissal with prejudice from the California State Court Litigation and the prepetition expiry of the applicable statute of limitations. As discussed in the Supplemental Lewis Declaration in more detail, the Lift Injunction Order gave Mr. Smolker exactly what he asked for in his docketed response to the 37th Omnibus Objection. Those facts are indisputable. Indeed, in his own e-mail correspondence, Mr. Smolker stated, "I have no objection to the Bankruptcy Court lifting the injunction which stayed prosecution of the State Court action." Supplemental Lewis

Declaration at ¶ 5; G. Smolker 3/3/15 E-Mail Correspondence. Consistent with this, Mr. Smolker did not raise any objection at the hearing at which this Court entered the Lift Injunction Order. March 4, 2015 Hearing Transcript [Docket No. 32524], Tr. 9:1 – 10:2. Mr. Smolker promptly received service of the entered order by first-class mail. Supplemental Lewis Declaration at ¶ 5; *Affidavit of Service*, dated March 4, 2015 [Docket No. 32522]. Thus, Mr. Smolker's assertions that this Court has in any way been misled are contrary to the facts of this matter, and Judge Carey acknowledged as much on the record at the March 4, 2015 hearing. March 4, 2015 Hearing Transcript [Docket No. 32524], Tr. 9:1 – 10:2.

*Smolker Assertion No. 4*

19. In his 8/18 Preliminary Response (¶ 2, p. 7), Mr. Smoker asserts that Grace and its counsel committed a fraud on the Court:

> [B]y representing they knew of no potential liability to SMOLKER when they made their motion to life [sic] Judge Carey's stay. GRACE had previously lost a motion for summary judgment in which GRACE claimed it had not illegally manufactured and it had not illegally sold SYLOID 244 to TERMITE. SMOLKER did not learn of this fraud until much after Judge Carey signed his order allowing the Superior Court case to go forward. SMOLKER asked the Court of Appeal to sanction GRACE and its attorneys for committing such fraud. Neither GRACE nor its attorneys denied that they had defrauded the bankruptcy court.

Mr. Smolker makes a similar assertion in his 12/30 Declaration in Support (at p. 6):

> In the declaration of Richard C. Finke they filed in support of their motion no mention is made by Mr. Finke that GRACE had illegally sold an unregistered pesticide or that GRACE had filed a motion for summary judgment which was denied by the trial court.

*Grace Response*

20. Mr. Smolker was wrong to assert that Grace and its counsel committed a fraud on this Court when Mr. Finke stated in relevant part in his Declaration [Docket No.32497-1] that: "Based upon a thorough review of their available books and records, the Reorganized Debtors

have concluded that they have no liability as to any of the claims discussed herein and in the Objection." Finke Declaration at ¶ 1. First, the summary judgment motion to which Mr. Smolker was referring did not result in any finding of liability by the California Superior Court. Indeed, the California Superior Court's December 13, 2000 minute order, Exhibit 2 to Mr. Smolker's own 12/30 Declaration in Support (at p. 186), explains that, as to the sole remaining count pending against Grace, strict liability, "[t]he court require[d] further briefing." Therefore, Grace was well within its rights to assert in the 37th Omnibus Objection and the Finke Declaration that it has no liability to Mr. Smolker—a position that Grace maintains to this day.

21. Second, Mr. Smolker—contrary to his assertion that "SMOLKER did not learn of this fraud until much after Judge Carey signed his order allowing the Superior Court case to go forward"—was timely served with every relevant pleading, beginning with the 37th Omnibus Objection on January 20, 2015, and then again on February 3, 2015. *Certificate of Service*, dated January 30, 2015 [Docket No. 32497-9]; *Certificate of Service*, dated February 3, 2015 [Docket No. 32501]. The Finke Declaration was Exhibit A to the 37th Omnibus Objection. Therefore, Mr. Smolker was on notice of the Finke Declaration a month before Judge Carey signed the Lift Injunction Order.

22. Even though he was on actual notice of the Finke Declaration, Mr. Smolker did not raise this issue in his response to the 37th Omnibus Objection. [Docket No. 32510]. He also did not raise the issue at the March 4, 2015 hearing, when with Mr. Smolker's clear consent this Court entered the Lift Injunction Order. March 4, 2015 Hearing Tr. [Docket No. 32524] at 9:1 – 10:2.

23. Finally, Mr. Smolker asserts that "[n]either GRACE nor its attorneys denied that they had defrauded the bankruptcy court" in the wake of his filing his Smolker Costs Motion on October 22, 2019. Mr. Smolker in making that assertion neglected to inform this Court that on

November 3, 2019, the California Appellate Court *sua sponte* entered its order denying the Smolker Costs Motion, in which it noted that no opposition had been filed. Lewis Declaration at ¶ 19; Cal. App. Ct. Costs Denial Order; Grace Cal. App. Docket. Thus, Grace never had cause to file any opposition to the Smolker Costs Motion.

***Smolker Assertion No. 5***

24.     Mr. Smolker asserted in his 8/18 Preliminary Response (¶ 3, p. 8):

> SMOLKER did not have an affirmative obligation under California law to bring his Los Angeles Superior Court action against GRACE to trial because SMOLKER was enjoined and prohibited from doing so by an order issued by trial judge Richard Fruin, Jr.

He made a similar assertion in his 12/30 Declaration in Support (p. 6):

> As is fully discussed in SMOLKER'S Petitions for Rehearing of the Court of Appeals opinion and decision sustaining the Trial Court's Order of Dismissal of GRACE - dismissing GRACE from SMOLKER'S action against GRACE - by the [sic] was wrong as a matter of law.

***Grace Response***

25.     Mr. Smolker may not raise either of these issues before this Court. Both were litigated in the California State Court Litigation. 2020 Cal. App. Op. at *9 (affirmative obligation); Grace Cal. App. Docket (denying petition for rehearing). They are therefore each *res judicata* as between him and Grace. Cal. Civ. Pro. Code § 1908(a)(2); *see, e.g., Kim v. Reins Int'l Cal., Inc.*, 459 P.3d 1123, 1135 (Cal. 2020) (internal citation omitted) (same). Moreover, Mr. Smolker cannot now collaterally attack in this Court the previously litigated findings and holdings of the California courts. *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (citation omitted); *see also Kim v. Reins Int'l*, 459 P.3d at 1135.

***Smolker Assertion No. 6***

26.     Mr. Smolker stated in his 8/18 Preliminary Response (¶ 4 at p. 8):

11

> SYLOID 244 is a very dangerous product. SYLOID 244 is repeatedly identified by name in SMOLKER'S FIFTH AMENDED COMPLAINT. The way it is installed by TERMITE is unsafe. See Declaration of Peter J. Novak. The public deserves to know that.

Mr. Smolker makes similar assertions in his 12/30 Declaration in Support (p. 6):

> In the declaration of Richard C. Finke they filed in support of their motion no mention is made by Mr. Finke that GRACE had illegally sold an unregistered pesticide or that GRACE had filed a motion for summary judgment which was denied by the trial court.

*Grace Response*

27. The disputed issue of the safety of Syloid® 244 is not before the Court, as it is not a factual dispute that could affect the bases for disallowing Mr. Smolker's claim as presented by the Summary Judgment Motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citation omitted). This Court should therefore not consider Mr. Smolker's disputed assertions regarding Syloid® 244 and other facts not material to this Summary Judgment Motion in determining whether to disallow his claim. *In re G-I Holdings*, 2016 Bankr. LEXIS 3314, at *128.

*Smolker Assertion No. 7*

28. In his Declaration in Support (p. 6), Mr. Smolker asserts that "[t]he dismissal of SMOLKER'S action against Grace was not a decision on the merits."

*Grace Response*

29. Mr. Smolker is wrong. The Cross-Complaint Dismissal Order was a decision on the merits as to Mr. Smolker's failure to bring his suit to trial within the statutory five-year period mandated by Cal. Civ. Pro. Code § 583.310 (Deering 2020). That order is final and as discussed above cannot now be collaterally attacked. *Brown v. Felsen*, 442 U.S. at 131; *Kim v. Reins Int'l*, 459 P.3d at 1135. As discussed in the Memorandum of Law (¶ 31), however, that order was not a decision on the merits of the causes of action in Mr. Smolker's various cross-complaints. But

those allegations are not material to the issue of whether this Court should disallow Mr. Smolker's claim based upon Grace's dismissal with prejudice from the California State Court Litigation in the Grace Cross-Complaint Dismissal Order, nor are they material to the prepetition expiry of the Cal. Civ. Pro. Code 340(3) statute of limitations. Therefore, as with Mr. Smolker's allegations concerning Syloid® 244, this Court should not consider them now. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *In re G-I Holdings, Inc.*, 2016 Bankr. LEXIS 3314, at *128.

*Smolker Assertion No. 8*

30. Mr. Smolker asserts in his Declaration in Support (p. 6):

> I did not have enough time to file objections to the facts asserted by GRACE or to make objections to the Declaration of Rosemary Lewis, or to write a memorandum of points and authorities, or to write a statement of uncontestable facts. GRACE'S Motion for Summary Judgment did not follow the procedures set forth Rule 56 of the Federal Rules of Civil Procedure. If I am given more time to prepare and file those additional papers, I will clearly demonstrate that GRACE'S Motion for Summary Judgment should be denied.

*Grace Response*

31. Mr. Smolker makes two different assertions. Each of them is without merit, both legally and factually. First, he avers that he did not have sufficient time to timely file a response to Grace's Summary Judgment Motion.[7] The facts of this matter tell a different story. Grace filed its Summary Judgment Motion on August 3, 2020. [Docket No. 33154]. Mr. Smolker had an initial response deadline of 14 days later, consistent with this Court's local rules. Del. Bankr. LR 9006-1. In both his 8/18 Preliminary Response and in correspondence with Grace, Mr. Smolker requested that this deadline be extended. That request culminated in a status hearing before this

---

[7] On January 15, 2021, sixteen days after his deadline to file his response, Mr. Smolker filed a *Motion and Supporting Delcaration* [sic] *of Gary S. Smolker ("Smolker") for Leave to File the Following Additional Pleadings and Exhibits In Opposition* [sic] *to Grace's Pending Motion For Summary Judgement* [sic] [Docket No. 33181]. This motion is set for hearing on March 4, 2021. Graces intends to file a response in opposition to this untimely pleading.

Court on September 17, 2020, at which the Court set Mr. Smolker's deadline to respond on December 16, 2020—more than four months after the Summary Judgment Motion was first filed. *Scheduling Order* [Docket No. 33163].

32. Shortly before the December 16 deadline was to expire, Mr. Smolker again requested a further extension to respond, which culminated in a hearing on December 15, 2020, and entry of an amended scheduling order extending Mr. Smolker's deadline to respond to December 30, 2020. *Notice of Hearing* [Docket No. 33171]; *Amended Scheduling Order* [Docket No. 33175]. On December 30, 2020, Mr. Smolker filed his 12/30 Declaration in Support, which was docketed on January 4, 2021, along with certain other exhibits. [Docket nos. 33177-33178].

33. On December 31, 2020, Mr. Smolker requested Grace grant him yet another extension, which culminated in a hearing on January 8, 2021, at which this Court denied Mr. Smolker leave to make any further filings in response to Grace's Summary Judgment Motion. January 8, 2021 Hearing Transcript, Tr. 11:24–12:20 (attached hereto as Exhibit B). As this Court stated at the January 8 hearing, more than five months was more than sufficient time for Mr. Smolker to file his response to the Summary Judgment Motion, along with whatever other responsive pleadings he may have wanted to file. *Id.*; *see also, Khan v. Milton S. Hershey Med. Ctr. Hosp.*, 568 F. App'x 111, 113 (3d Cir. 2014) (district court did not abuse its discretion in denying a fourth request for extension of time after granting three prior requests).

34. Mr. Smolker also averred that Grace "did not follow the procedures set forth Rule 56 of the Federal Rules of Civil Procedure." 12/30 Declaration in Support. Mr. Smolker did not further elaborate. On information and belief, Grace takes the position that the Summary Judgment Motion, its attachments, including the Lewis Declaration and the Memorandum of Law, and the

Reply (with its attached Supplemental Lewis Declaration) have followed all applicable rules of civil procedure and bankruptcy procedure, both federal and local.

**[remainder of this page is intentionally left blank]**

35. WHEREFORE, the Reorganized Debtor respectfully seeks the entry of an order substantially in the form attached to the Summary Judgment Motion as Exhibit A, pursuant to Fed. R. Bankr. P. 7056: (i) granting the Reorganized Debtors' motion for summary judgment and disallowing the Claims; and (ii) granting such other relief as may be appropriate.

Dated: January 20, 2021

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
516 N. Ogden Ave.
Suite 136
Chicago, IL 60642
Telephone: (312) 666-0431

aond

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Reorganized Debtor

**[remainder of this page is intentionally left blank]**