# EXHIBIT A

**Supplemental Lewis Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (AMC) |
| ) | (Jointly Administered) |
| Reorganized Debtor. ) | |
| ) | **Hearing Date: February 1, 2021, at 12:00 p.m. ET** |
| ) | **Related document: 33154, 33157, 33177** |
| ) | |

**SUPPLEMENTAL DECLARATION OF ROSEMARIE S. LEWIS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. BANKR. P. 7056 FOR DISALLOWANCE OF CLAIM NO. 392, FILED BY GARY S. SMOLKER, AND RELATED CLAIMS, NOS. 382 AND 4070, FILED BY HOME SAVINGS TERMITE CONTROL, INC., AND WAYNE MORRIS, RESPECTIVELY**

COUNTY OF LOS ANGELES  )
                       ) ss.
STATE OF CALIFORNIA    )

Rosemarie S. Lewis, after being duly sworn according to law, deposes and says:

1. I am over the age of 18 and competent to testify. I am the managing partner of the Los Angeles and Orange County offices of the law firm of Borton Petrini, LLP. I have represented the Reorganized Debtor in the litigation commenced in captioned *TIG Insurance Company v. Gary Smolker, et al.*, Case No. BC 173952 (Los Angeles County Sup. Ct.) (Fruin, R.) (the "Superior Court Litigation"), and the subsequent appeals to the California Court of Appeal, Second Appellate District (the "Appellate Court") and thence to the California Supreme Court (the litigation collectively referred to herein as the "California State Court Litigation"). I received my bachelor's degree from the University of Southern California. In 1991, I received my Juris Doctorate from Western State University with an emphasis in tax law.

2. All facts set forth in this supplemental declaration (the "Supplemental Declaration") are based on my personal knowledge of the California State Court Litigation and

---

[1] W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case.

on information supplied to me by employees of and/or professionals retained by the Reorganized Debtor in the above-captioned chapter 11 case. If called upon to testify, I could and would testify competently to the facts and opinions contained herein. This declaration is filed in support of the Reorganized Debtor's *Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 For Disallowance of Claim No. 392, Filed by Gary S. Smolker, and Related Claims, Nos. 387 and 4070, Filed by Home Savings Termite Control, Inc., and Wayne Morris, Respectively* (the "Summary Judgment Motion"), filed August 3, 2020 [Docket no. 33154], and the *Reply in Support of Grace's Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 For Disallowance of Claim No. 392, Filed by Gary S. Smolker, and Related Claims, Nos. 387 and 4070, Filed by Home Savings Termite Control, Inc., and Wayne Morris, Respectively*, filed concomitantly herewith, to which this Supplemental Declaration is attached as Exhibit C.[2]

**ADDITIONAL RELEVANT CALIFORNIA STATE COURT LITIGATION DOCKET ITEMS**

3. The documents listed below are attached as exhibits to this Supplemental Declaration. The Reply respectfully requests the Court take judicial notice of each of these documents:[3]

   a. Attached as Exhibit A-1 is the *W.R. Grace & Company and Grace Davison's Supplemental Briefing to Motion To Dismiss For Failure To Bring Action To Trial Within Five Years As Required By Code Of Civil Procedure §583.310, §583.360; Declaration Of Roger J. Higgins, Esq. In Support Thereof; Declaration*

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Summary Judgment Motion or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

[3] All documents attached as exhibits are copies obtained from my law firm's files unless the source is otherwise indicated.

*Of Jeffrey Z. Liu, Esq. And Roger Higgins, Esq. In Support Thereof; Request For Monetary Sanctions In The Amount Of $4896.00 Against Gary Smolker And/Or The Law Offices Of Gary S. Smolker* (the "12/30/16 Grace Superior Court Reply").

b. Attached as Exhibit A-2 is the *Declaration Of Roger J. Higgins In Support Of W.R. Grace Company And Grace Davison's Motion To Dismiss For Failure To Bring Action To Trial Within Five Years As Required By Code Of Civil Procedure §583.310, §583.360* (the "12/30/16 Higgins Declaration").

c. Attached as Exhibit A-3 is the Confirmation of Filing of the 12/30/2016 Higgins Declaration (the "Confirmation of Filing").

**SUPPLEMENTAL PROFFER IN SUPPORT OF PROPOSED UNDISPUTED STATEMENT OF FACT**

**I.   NOTICE TO MR. SMOLKER OF THE MARCH 4, 2015 LIFT INJUNCTION ORDER**

4.   As discussed in the Reply, Mr. Smolker made a number of allegations regarding entry of the March 4, 2015 Lift Injunction Order. The California Appellate Court addressed that matter in its 2020 Cal. App. Op.:

> In early 2015, Grace filed a claims objection requesting that the bankruptcy court make further orders with respect to the state court litigation. Smolker advised Grace's bankruptcy counsel that he did not object to the bankruptcy court lifting the injunction staying the state court action, and he (Smolker) filed a request in the bankruptcy court for "an Order permitting the California State Court Litigation ... to proceed to judgment."
>
> On March 4, 2015, the bankruptcy court ordered that "the litigation captioned, *TIG Insurance Company v. Gary Smolker, et al.*, Case No. BC 173952 (Los Angeles County Sup. Ct.) ... may proceed to judgment." This order was served on Smolker and the trial court on March 4, 2015. Although the order was sent to the department in which the state court litigation was pending, there is no indication in the record that any party served and filed a notice of termination or modification of stay as required by *California Rules of Court*, rule 3.650(d). The state court litigation did not resume.

3

2020 Cal. App. Op. at *5-*6.

5. Attached to this Supplemental Lewis Declaration as Exhibits C-1, C-2, and C-3 are the relevant California State Court Litigation docket items providing the basis for the California Appellate Court's findings. In summary, these California State Court Litigation docket items, primarily the 12/30/2016 Higgins Declaration, and this Court's own docket establish that:

- Grace served the Claim Objection by first class mail on Mr. Smolker. *Certificate of Service*, dated January 30, 2015 [Docket no. 32497-9].

The Claim Objection (which is the document referred to by Mr. Smolker in his 12/30 Declaration in Support as containing a different form of order than was entered on March 4, 2015) contained a form of order that had two options, as explained in the Claims Objection:

> (a) to the extent that Plaintiff (as defined below) responds to this Claims Objection, permitting the California State Court Litigation to proceed to judgment; or (b) if Plaintiff does not respond to this Claims Objection, disallowing the Claims pursuant to Fed. R. Bankr. P. 7055.

Claim Objection at p. 2. The Claim Objection further explained:

> If Plaintiff responds to this Claims Objection prior to the Response Deadline, the Reorganized Debtors will submit the form of Order lifting the injunction set forth in Plan Art. 8.1.1, and permitting the California State Court Litigation to go forward. If Plaintiff does not respond prior to the Response Deadline, then the Reorganized Debtors will submit the form of Order disallowing the Claims based upon Smolker's failure to respond.

Claim Objection at 2.

- On February 3, 2015, an amended notice of the Claim Objection was served by first class mail on Mr. Smolker. *Certificate of Service*, dated February 3, 2015 [Docket no. 32501].

- On February 22, 2015, Mr. Smolker faxed a response to the Claim Objection to various counsel for the Reorganized Debtors. *Mr. Smolker's 2/22/15 Response* (a copy of which is attached to the 12/30/16 Higgins Declaration as Exhibit E).

4

- On February 25, 2015, Mr. Smolker faxed a second response to the Claim Objection, which is at Docket no. 32510.

- On March 3, 2015, Mr. Smolker called Mr. Higgins at his office to discuss the hearing scheduled for March 4, 2015, on the Claim Objection and to discuss the form of order to be handed up. G. Smolker 3/3/15 E-Mail Correspondence (a copy of which is attached to the 12/30/16 Higgins Declaration as Exhibit G).

- Later that morning, Mr. Higgins sent Mr. Smolker e-mail correspondence with the form of order containing the modifications they had discussed in their telephone conference. R. Higgins 3/3/15 E-Mail Correspondence (a copy of which is attached to the 12/30/16 Higgins Declaration as Exhibit H).

- Mr. Smolker responded by e-mail, stating in relevant part "I have no objection to the Bankruptcy Court lifting the injunction which stayed prosecution of the State Court action." G. Smolker 3/3/15 E-Mail Correspondence (a copy of which is attached to the 12/30/16 Higgins Declaration as Exhibit G).

- On March 4, 2015, the Court entered the Lift Injunction Order [Docket no. 32518].

- On the same date, a copy of the Lift Injunction Order was served by first class mail on Mr. Smolker. *Affidavit of Service*, dated March 4, 2015 [Docket no. 32522].

    6.     As the above cited documents demonstrate—contrary to Mr. Smolker's assertions

in his 12/30 Declaration in Support:

- Mr. Smolker was timely served all pleadings relevant to the entry of the Lift Injunction Order;

- Mr. Smolker thus knew that the Plan injunction had been lifted to allow him to move forward with the California State Court Litigation and that there was no other bankruptcy impediment to him so doing;

- The form of Lift Injunction Order as entered was in substantially the form discussed with and shared with Mr. Smolker on March 3, 2015;

- Mr. Smolker consented to the entry of the Lift Injunction Order; and

- That form of order necessarily differed from the form attached as Exhibit B to the Claims Objection, because the Claims Objection form of order had been drafted to allow the Court to proceed in one of two distinct possibilities of action, depending on whether Mr. Smolker responded to the Claims Objection.

**[remainder of page left intentionally blank]**

7. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*[Signature]*

Rosemarie S. Lewis
Managing Partner
Borton Petrini, LLP

SWORN AND SUBSCRIBED before me,
this /9 th day of January 2021

*[Signature]*

Notary Public

My Commission Expires: 12/01/2022

ANTHONY TORRES
Notary Public - California
Los Angeles County
Commission # 2269018
My Comm. Expires Dec 1, 2022