**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (AMC) |
| | ) (Jointly Administered) |
| Reorganized Debtor. | ) |
| | ) Hearing Date: February 1, 2021, at 12:00 p.m. ET |
| | ) Related document: 33181, 33182 |

**REORGANIZED DEBTOR'S OBJECTION TO MOTION AND SUPPORTING DECLARATION OF GARY S. SMOLKER ("SMOLKER") FOR LEAVE TO FILE THE FOLLOWING ADDITIONAL PLEADINGS AND EXHIBITS IN OPPOSITION TO GRACE'S PENDING MOTION FOR SUMMARY JUDGMENT [DOCKET NO. 33181]**

On January 15, 2021, sixteen days after the December 30, 2020 deadline for him to file his response to Grace's Summary Judgment Motion and a week after this Court denied his late request for yet a further extension of that deadline, Mr. Smolker filed a *Motion and Supporting Declaration of Gary S. Smolker ("Smolker") for Leave to File the Following Additional Pleadings and Exhibits In Opposition to Grace's Pending Motion For Summary Judgment* [Docket No. 33181] (the "1/15 Motion for Leave"); January 8, 2021 Hearing Transcript, Tr. 11:24–12:20 (attached hereto as Exhibit A); *Amended Scheduling Order* [Docket No. 33175].[2] As discussed in this Objection, Mr. Smolker has presented no new evidence in his 1/15 Motion for Leave to support his desired relief, let alone sufficient evidence to meet the "excusable neglect" standard required by Fed. R. Civ. P. 6(b). *See*, *e.g.*, *Acosta v. HOVENSA, LLC*, Civil Action No. 2008-089, 2012 U.S. Dist. LEXIS 127227, at *11 (D.V.I. Sep. 7, 2012) (failure to show "good cause" or "excusable neglect" is fatal to untimely discovery request); 11 MOORE'S

---

[1] W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case.

[2] Capitalized terms used in this "Objection" shall have the meaning ascribed to them in the *Reply in Support of Grace's Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 for Disallowance of Claim No. 392, Filed by Gary S. Smolker, and Related Claims, Nos. 382 and 4070, Filed by Home Savings Termite Control, Inc., and Wayne Morris, Respectively*, filed on January 20, 2021 [Docket No. 33183].

FEDERAL PRACTICE - CIVIL § 56.103[1] (2020) (non-movant must show diligence). Therefore, Grace respectfully requests the Court enter an order denying Mr. Smolker's 1/15 Motion for Leave, thereby permitting adjudication of the Summary Judgment Motion to go forward at the February 1, 2021 hearing. *Scheduling Order* [Docket No. 33182].

I. **AFTER NEARLY SIX MONTHS OF DELAY, MR. SMOLKER OFFERS NO COMPELLING REASON FOR FILING ADDITIONAL PLEADINGS**

1. "[M]atters of docket control … are committed to the sound discretion of the … court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (internal citations omitted). At the January 8, 2021 status hearing, this Court denied Mr. Smolker's third request for an extension of time to respond to the Summary Judgment Motion. Mr. Smolker bears a heavy burden in overcoming that denial. *Fine Paper Antitrust Litig.*, 685 F.2d at 817; *see also Drippe v. Tobelinski*, 604 F.3d 778, 784 (3d Cir. 2010) (applying *Pioneer* "excusable neglect standards to late requests for extension of time under Fed. R. Civ. P. 6(b)). Indeed, Mr. Smolker must make "the clearest showing that … [this Court's denial of leave for more time has] resulted in actual and substantial prejudice" to him. *Fine Paper Antitrust Litig.*, 685 F.2d at 817. Mr. Smolker has failed to meet that burden in his Motion for Leave, and on the undisputed facts of this matter, it is a burden that he cannot meet. *Id.*; *Drippe*, 604 F.3d at 784.

2. On August 3, 2020, Grace filed its Summary Judgment Motion. [Docket No. 33154]. Mr. Smolker had an initial response deadline of 14 days later, consistent with this Court's local rules. Del. Bankr. LR 9006-1(c)(ii). On August 18, 2020, this Court docketed Mr. Smolker's *Gary S. Smolker's Objections and Response to W.R. Grace & Co.'s Motion for Summary Judgment* [Docket No. 33157] (the "8/18 Preliminary Response"). In both his 8/18 Preliminary Response and in subsequent correspondence with Grace, Mr. Smolker requested that this deadline be extended until November 5, 2020. G. Smolker E-Mail Correspondence, dated

August 20, August 26, August 27, and September 1, 2020 (attached hereto as <u>Exhibit B</u>).[3]  That request culminated in a status hearing before this Court on September 17, 2020.  At that hearing, Mr. Smolker stated to the Court that the size of the Summary Judgment Motion and its exhibits required additional time for him to properly respond.  September 17, 2020 Status Hearing Transcript at 5:8 – 5:12 (attached hereto as <u>Exhibit C</u>).  Mr. Smolker also stated:

> I'm on a medical disability. I have a breathing problem and I'm consulting a pulmonologist and I'm in the middle of taking various tests and to go to a cardiologist and take more tests. I have injured lungs and difficulty breathing, so I'm somewhat disabled in my stamina and ability to focus and concentrate.

*Id*. at 5:18-23.  The Court then set Mr. Smolker's deadline to respond on December 16, 2020—more than four months after the Summary Judgment Motion was first filed.  *Scheduling Order* [Docket No. 33163].

3.     On December 14, 2020, shortly before the December 16 deadline was to expire, Mr. Smolker again requested Grace agree to a further extension of time to respond, this time until December 30, 2020.  Gary S. Smolker E-Mail Correspondence, dated December 14, 2020 (attached hereto as <u>Exhibit D</u>).  At the status hearing on December 15, 2020, the Court acknowledged Mr. Smolker's asserted medical issues, but noted in granting his request that he had already had a lengthy extension of time.  December 15, 2020 Hearing Transcript at 14:21 – 17:4 (attached hereto as <u>Exhibit E</u>); *Notice of Hearing* [Docket No. 33171]; *Amended Scheduling*

---

[3]  The e-mail correspondence attached to this Objection are clearly identified as to sender and recipient, thereby meeting the standard set forth in Fed. R. Evid. 901(b)(4) for authentication.  *See*, *e.g.*, *United States v. Fluker*, 698 F.3d 988, 999 (7th Cir. 2012); *United States EEOC v. Olsten Staffing Servs. Corp.*, 657 F. Supp. 2d 1029, 1035 (W.D. Wisc. 2009); *United States v. Vaghari*, 2009 U.S. Dist. LEXIS 64793, 2009 WL 2245097, *8 (E.D. Pa. 2009).  This correspondence is admissible as non-hearsay, because it is proffered solely to establish that the statements contained therein were made.  Fed. R. Evid. 801; 5 WEINSTEIN'S FEDERAL EVIDENCE § 801.11[1] (2020) (internal citation omitted) ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted").

*Order* [Docket No. 33175]. The Court then warned Mr. Smolker that this would be the final extension of his deadline to respond to the Summary Judgment Motion. *Id*. at 17:7-9.

4.   On December 30, 2020, Mr. Smolker filed *Gary S. Smolker's ("Smolker's") Declaration in Opposition to Reorganized Debtor W. R. Grace & Co.'s ("Grace's") Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure* [Docket No. 33177], which was docketed on January 4, 2021, along with certain other exhibits. [Docket nos. 33177-33178].

5.   On December 31, 2020, a day after the deadline set forth in the *Amended Scheduling Order* [Docket No. 33175], Mr. Smolker requested Grace grant him yet another extension. Gary S. Smolker E-Mail Correspondence, dated December 31, 2020 (attached hereto as Exhibit E) (the "12/31 E-Mail Extension Request"). The Court thereafter set a status hearing on January 8, 2021. [Docket No. 33180]. At that hearing, the Court denied Mr. Smolker leave to make any further filings in response to Grace's Summary Judgment Motion. January 8, 2021 Hearing Transcript, Tr. 11:24–12:20. As this Court stated at the January 8 hearing, more than five months was more than sufficient time for Mr. Smolker to file a response to the Summary Judgment Motion. *Id*.; *see also*, *Khan v. Milton S. Hershey Med. Ctr. Hosp.*, 568 F. App'x 111, 113 (3d Cir. 2014) (district court did not abuse its discretion in denying a fourth request for extension of time after granting three prior requests);[4] *see also*, *Bryant v. Thomas Howell Grp.*, Civil No. 1996-121 (consolidated) Civil No. 1997-59, 2000 U.S. Dist. LEXIS 9946, at *11-12

---

4   Grace notes that the Court of Appeals for the Third Circuit designated the case captioned *Khan v. Milton S. Hershey Med. Ctr. Hosp.*, 568 F. App'x 111 (3d Cir. 2014) as not being a "precedential opinion." Grace does not cite to this case as precedent, but merely to illustrate how the Third Circuit and courts within its jurisdiction have dealt with cases involving multiple requests for extension of time to respond to a summary judgment motion.

(D.V.I. July 10, 2000) (internal citations omitted) (collecting cases where extensions of time to respond to summary judgment motion were denied after one or more prior requests).

6.  Grace submits that this Court should deny Mr. Smolker's 1/15 Motion for Leave in light of his repeated attempts to delay filing his response to the Summary Judgment Motion, his failure to meet the "excusable neglect" standards for late filings under Fed. R. Civ. P. 6(b), and the attendant prejudice to Grace in the waning days of this highly successful chapter 11 case.

## II.  MR. SMOLKER FAILED TO ARTICULATE ANY COLORABLE ISSUES OF FACT OR LAW UNDER FED. R. CIV. P. 56(A) OR 56(C)

7.  In his 1/15 Motion for Leave (pp. 7-8), Mr. Smolker asserts in relevant part:

> Rule 56 (a) of the Federal Rules of Civil Procedure states that a party may move for summary judgment, by identifying each claim or defense, on which summary judgment is sought. GRACE did not do that in GRACE'S MOTION.
>
> Rule 56 (c) states that a party asserting a fact cannot be disputed must support the assertion on a declaration made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated. GRACE did not do that.
>
> I will challenge statements made in the declaration of Rosemary S. Lewis dated August 1, 2020 in support of GRACE'S MOTION.

Mr. Smolker offers no specific evidence or legal argument to support these assertions. As discussed in the Reply (¶ 34), Mr. Smolker made essentially the same assertion, again without any support.

8.  On information and belief, Grace believes that it has complied with the requirements of Fed. R. Civ. P. 56(a). *See*, *e.g.*, 11 MOORE'S FEDERAL PRACTICE - CIVIL § 56.20 (2020) (analyzing Fed. R. Civ. P. 56(a) requirements). Likewise and on information and belief, the Lewis Declaration and the Supplemental Lewis Declaration both comply with Fed. R. Civ. P.

5

56(c).  *See*, *e.g.*, 11 MOORE'S FEDERAL PRACTICE - CIVIL § 56.90 (2020) (analyzing Fed. R. Civ. P. 56(c) requirements).

9. In view of Mr. Smolker's failure to adduce any evidence or legal argument that the Summary Judgment Motion, Memorandum of Law, the Lewis Declarations, and the Reply do not comply with the relevant aspects of Fed. R. Civ. P. 56(a) and (c), Grace submits that Mr. Smolker's allegations be disregarded as a basis for further delaying adjudication of the Summary Judgment Motion.

### III. MR. SMOLKER IS NOT ENTITLED TO ANY DISCOVERY PRIOR TO THIS COURT'S ADJUDICATION OF THE SUMMARY JUDGMENT MOTION

10. Mr. Smolker has failed to comply with Fed. R. Civ. P. 56(d).  None of the three pleadings he has filed since Grace filed its Summary Judgment Motion comply with that rule's requirements.  The Third Circuit has held that this rule:

> impos[es] a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.

*Dowling v. Philadelphia*, 855 F.2d 136, 139-40 (3rd Cir. 1988) (internal citations omitted).

11. None of Mr. Smolker's three pleadings meet this requirement.  In particular and despite the caption referring to Fed. R. Civ. P. 56(d), the 1/15 Motion for Leave does not specify what further information Mr. Smolker believes that he needs to genuinely dispute the evidence adduced by Grace in support of its Summary Judgment Motion.  *Malouf v. Turner*, 814 F. Supp. 2d 454, 459-60 (D.N.J. 2011) (citing *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 230 (3d Cir. 1987)) ("Vague or general statements of what a party hopes to gain through a delay for discovery under Rule 56(d) are insufficient").

12. Moreover, Mr. Smolker cannot carry his Rule 56(d) burden on the facts of this matter. First, he has failed to be diligent in this matter. 11 MOORE'S FEDERAL PRACTICE - CIVIL § 56.103[1] (2020) ("The primary factor … is whether the party … has acted diligently"). Indeed, Mr. Smolker did not even raise the issue of whether further discovery was needed until December 28, 2020 (the "12/28 RFP"), when he sent a discovery request to Grace's counsel. 12/28 RFP, enclosed with Letter from Roger J. Higgins to Gary S. Smolker, dated January 22, 2021 (attached hereto as Exhibit G). Second, every piece of relevant evidence is already in the record of either this chapter 11 case or the California State Court Litigation. Mr. Smolker has the same access to such information as Grace. What's more, Mr. Smolker does not explain what additional material information he is looking for, nor does he explain why he has not secured that information. *See*, *e.g.*, *Dowling*, 855 F.2d at 140 (citing *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986) (affidavit insufficient because it did not specify what discovery was needed or why it had not previously been secured).

13. For these reasons, Grace submits that the Court should not give leave to Mr. Smolker to conduct any discovery at this late date, more than a month after the December 30, 2020 response deadline. *See*, *e.g.*, *Valley Entertainment, Inc. v. Friesen*, 691 F. Supp. 2d 821, 825 (N.D. Ill. 2010) (denying party's "belated attempt to supplement its discovery responses in the midst of summary judgment briefing" because it was "untimely and Valley has not provided sufficient justification for the late disclosure").

**IV.  EXCEPT FOR THE STATUTE OF LIMITATIONS, MR. SMOLKER'S "LIST OF LEGAL ISSUES" DO NOT RAISE MATERIAL ISSUES OF LAW OR FACT**

14. Mr. Smolker attaches to his 1/15 Motion for Leave a document captioned in relevant part, "List of Legal Issues." Only one such issue is material to this Court's disallowance of Claim No. 392: Mr. Smolker's identification of "[w]hat are the applicable statute [sic] of

limitations?;" an issue that Mr. Smolker posits without further analysis. But this issue already has been more than adequately addressed in the Summary Judgment Motion, the Memorandum of Law (¶¶ 32-33), and the Reply (¶¶ 11-13).

15. Mr. Smolker has raised two of the three remaining issues before, and they have each been more than adequately addressed in the Reply. Reply at ¶¶ 20-23 (addressing the non-materiality of allegations relating to Syloid® silica); *id.* at ¶ 18 (entry of March 4, 2015 Lift Injunction Order). Moreover, neither of them are material to whether this Court should disallow Mr. Smolker's claim No. 392. *Id.*; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citation omitted); *In re G-I Holdings, Inc.*, Nos. 01-30135 (RG), 01-38790 (RG), 2016 Bankr. LEXIS 3314, at *128 (Bankr. D.N.J. 2016) (Court should not consider issues not material to summary judgment).

16. Mr. Smolker's new issue is an assertion that Grace has "unclean hands" based upon its actions relating to this Court's entry of the Lift Injunction Order and Mr. Smolker's unsupported allegations that Syloid® silica is unsafe. But the record is clear that the Lift Injunction Order was entered properly. Moreover, both that issue and the Syloid® silica safety issue are not material to the relief requested in the Summary Judgment Motion and therefore should not be considered by this Court. *Anderson*, 477 U.S. at 248; *In re G-I Holdings, Inc.*, 2016 Bankr. LEXIS 3314, at *128. The issue of unclean hands therefore provides no basis for further delay. *In re G-I Holdings*, 2016 Bankr. LEXIS 3314, at *128; *Drippe*, 604 F.3d 778, 784-85.

**[remainder of page left intentionally blank]**

WHEREFORE, the Reorganized Debtor respectfully seeks the entry of an order: (i) denying Mr. Smolker's 1/15 Motion for Leave with prejudice; and (ii) granting such other relief as may be appropriate.

Dated:  January 25, 2021

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
516 N. Ogden Ave.
Suite 136
Chicago, IL 60642
Telephon: (312) 666-0431

And

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Reorganized Debtor

**[remainder of this page is intentionally left blank]**