# Exhibit E

**December 15, 2020 Hearing Transcript**

1    UNITED STATES BANKRUPTCY COURT

2    EASTERN PENNSYLVANIA

3    Case No. 01-01139

4    - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    W.R. GRACE & CO., et al.,

8

9         Debtors.

10   - - - - - - - - - - - - - - - - - x

11

12                        United States Bankruptcy Court

13                        Robert N.C. Nix Sr. Federal Courthouse

14                        900 Market Street

15                        Philadelphia, PA 19107

16

17                        December 15, 2020

18                        3:00 PM

19

20

21   B E F O R E :

22   HON ASHELY M. CHAN

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO - JOAN RANIERI

1   HEARING re Request for Extension

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

Page 3

1  A P P E A R A N C E S :

2

3  PACHULSKI STANG ZIEHL & JONES LLP

4      Attorney for W.R. Grace & Co.

5      919 North Market Street, 17th Floor

6      Wilmington, DE 1980

7

8  BY:  JAMES E. O'NEILL, ESQ. (TELEPHONICALLY)

9

10  THE LAW OFFICES OF ROGER HIGGINS LLC

11      Attorney for W.R. Grace & Co.

12      516 N Ogden Avenue, Suite 136

13      Chicago, IL 60642

14

15  BY:  ROGER J. HIGGINS, ESQ. (TELEPHONICALLY)

16

17  ALSO APPEARING TELEPHONICALLY:

18  VIKTORIYA SHPIGELMAN

19  GARY S. SMOLKER, pro se

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S
 2            THE COURT:  All right, call the parties in the --
 3     see who's on the line here.
 4            CLERK:  Well, there's one guest that Tasha has to
 5     get.
 6            COURT REPORTER:  All right, guest with the last
 7     four digits of your phone number 1984, can I have your last
 8     name, please?
 9            MR. HIGGINS:  Higgins, H-I-G-G-I-N-S, Roger
10     Higgins, counsel for W.R. Grace.
11            COURT REPORTER:  Thank you.  All right.
12            THE COURT:  We have Jamie O'Neill on the line yet?
13            COURT REPORTER:  No.
14            THE COURT:  We do not.
15            MR. HIGGINS:  I don't believe so, Your Honor.  And
16     --
17            THE COURT:  Okay.
18            MR. HIGGINS:  Viktoriya Shpigelman will be also
19     joining, too.  Our --
20            CLERK:  Shpigelman is on.
21            THE COURT:  Okay.
22            CLERK:  Shpigelman is on.
23            MR. HIGGINS:  Okay, great.
24            MS. SHPIGELMAN:  Yes, good morning, Your Honor.
25     Viktoriya Shpigelman.
```

1            THE COURT:  Okay.  Good afternoon.  All right, so

2    we should -- and did you get the name of the claimant,

3    Tasha, the pro se --

4            COURT REPORTER:  We have on the line Mr. Higgins,

5    Ms. Shpigelman -- sorry if I'm pronouncing that incorrect.

6    I apologize -- and Mr. Smolker.

7            MR. SMOLKER:  Correct.

8            THE COURT:  Okay, so -- all right, great.  So why

9    don't we just give Mr. O'Neill a minute or two.  He

10   requested this call, so I'm sure he'll be with us shortly.

11   One of you wants to --

12           MR. HIGGINS:  Yes, he will, Your Honor.  We just -

13   - he and I just spoke a few minutes ago.

14           THE COURT:  Oh, great.  Okay.  I've been having

15   some conversations with my fellow judges about hearing for

16   tomorrow.  You know, we're set to have this big northeastern

17   storm tomorrow and we have a Zoom trial at 2:00 p.m. and

18   some of my other judge colleagues also have big hearings on

19   for tomorrow and they're getting requests for extensions

20   because of the snow storm.

21           But since we're all doing everything virtually,

22   seems like an unusual request, right?  Like, you're in your

23   house.  You're on your computer.  Unless you get power

24   disconnected, why couldn't you still do it, you know?  It's

25   like my kids are complaining that there's no snow days

1    anymore.  You have to kind of question that.

2              MR. HIGGINS:  Although, Your Honor, I was doing a

3    mediation last week and was supposed to get on a mediation

4    call -- I'm on the West Coast -- at 6:00 a.m. Pacific, 9:00

5    a.m. and the power went out at 4:00 a.m. because a drunk

6    driver took out two telephone poles.

7              THE COURT:  Oh, no.  Oh, my --

8              MR. HIGGINS:  Yeah, yeah.

9              THE COURT:  Well, that's a good excuse.  That's

10   like the dog ate my homework.  I would excuse that.

11             COURT REPORTER:  Mr. McNeill -- sorry, Mr. O'Neill

12   was on the line --

13             THE COURT:  Okay.

14             MR. O'NEILL:  Yes, hi.

15             THE COURT:  -- see me?

16             MR. O'NEILL:  Good afternoon.  Yes, hello.

17             THE COURT:  All right.  Great.  So Tasha, do you

18   want to start the recording and Joan, do you want to call

19   the matter?

20             COURT REPORTER:  We are recording.

21             CLERK:  All right, this is the three o'clock

22   status hearing on for Judge Chan for December the 15th.

23   It's on W.R. Grace and Company.  Could parties make their

24   appearance, please?

25             MR. O'NEILL:  Sure.  This is James O'Neill,

1   Pachulski, Stang, Ziehl, and Jones, and I represent W.R.

2   Grace.  And I believe I'm joined today by my co-counsel in

3   the matter Roger Higgins and also appearing my phone I

4   believe is our client, Viktoriya Shpigelman from Grace.

5            MR. SMOLKER:  And I'm on the call.  So, my name is

6   Gary Smolker.  I'm representing myself.

7            THE COURT:  Okay.  Well, Mr. O'Neill, you called

8   this status hearing, so I'll let you proceed.

9            MR. O'NEILL:  Thank you very much, Your Honor, and

10  thank you so much for taking the time today on such very

11  short notice, but I appreciate it.

12           THE COURT:  No problem.

13           MR. O'NEILL:  Your Honor, this is regarding the

14  Smolker claim litigation and as Your Honor will recall, we

15  have a scheduling order in place and briefing is ongoing.

16  And we had a status hearing some time ago and after that

17  time, there was an extension given and a status scheduling

18  order put in place.

19           According to the scheduling order, Mr. Smolker was

20  supposed to respond to Grace's motion for summary judgment

21  on the 16th of December, and yesterday there was an exchange

22  with Mr. Smolker between Mr. Smolker and Mr. Higgins and

23  myself where Mr. Smolker asked for additional time to

24  respond to the motion for summary judgment.  And Mr. Higgins

25  checked with our client and our client has been very

1    concerned with the delay in this matter and the scheduling

2    accommodations made to date, and so Mr. Higgins responded to

3    Mr. Smolker that we would not -- the client would not be

4    willing to give a further extension of the December 16th

5    deadline to file a response.

6            There was an exchange after that time between the

7    parties and we thought, Your Honor, it might be prudent just

8    to touch base with Your Honor to let you know where we were

9    and to perhaps seek the Court's guidance with respect to

10    scheduling issues.

11            And from our standpoint, Your Honor -- from

12    Grace's standpoint, Your Honor, viewed in isolation, a

13    request for a two-week extension is not an unreasonable

14    request, but the concern that we have is that there have

15    been several requests for extension and changes to the

16    proposed schedule and we believe that we've been -- we've

17    tried to accommodate Mr. Smolker with these requests and

18    that kind of gets us to today.

19            We would, of course, be guided by whatever

20    suggestion Your Honor has with respect to scheduling.  If

21    there is an extension, the only thing that Grace would want

22    to be sure of was that it would have enough time to file its

23    reply and the Court would have enough time in advance of any

24    hearing to consider the reply and to prepare for the

25    hearing.  And ultimately, if there is a further extension

Page 9

1    given, we would just want to make sure that whatever time is

2    set now is going to stick.

3              So the concern that we have is that it's been a

4    long time.  We believe that we have been accommodating and

5    we understand that things happen and that Mr. Smolker has

6    reasons for requesting the extension, which he can explain

7    to the Court.  And as I said, Your Honor, viewed in

8    isolation, a two-week extension is not an overwhelming or

9    unreasonable extension.

10             It just is -- when you step back and look at the

11   whole picture, it's been since August that we kind of

12   expected that we'd be moving forward on this matter and we

13   just want to make sure that if the schedule changes now and

14   if things are pushed out further, that whatever new deadline

15   is set is going to be the deadline so that we can move

16   forward to try to get this matter resolved.  And that's --

17   those are our issues, you know.

18             THE COURT:  Okay, thank you, Mr. O'Neill.  So Mr.

19   Smolker, it sounds like you need a two-week extension.  Why

20   is that, sir?

21             MR. SMOLKER:  They've filed a 750-page, in the

22   aggregate, motion and it requires me to look at voluminous

23   documents and to make evidentiary objections to them and to

24   -- and it's supported by, I believe, one declaration of

25   Rosemary Lewis that I have to make objections to, and

1   there's just so much I want to object to, there wouldn't be

2   enough time to write all my objections and to make my motion

3   for objections and also I object to their request for

4   judicial notice, which will take time.

5            And also they don't follow the rules for a summary

6   judgment, so I have to kind of improvise because they didn't

7   follow Rule 56 about how you're supposed to do a motion for

8   summary judgment.  And I have to make my statement of facts

9   and provide references and as I read their thing, and I

10  might've missed it, they don't even have a statement of

11  facts in there, which I believe should be a separate

12  document that would have numbers with what they claim are

13  material facts that are undisputed.

14            And it's somewhat complicated -- actually, it's

15  very complicated, and it could be simply said that I'm right

16  and they're wrong, but I'd rather go into the details.  Also

17  I have a medical problem.  When I was done with the hearing

18  on the 17th -- and let me go back one second -- there

19  haven't been requests for continuances.  What happened was

20  they filed a motion and they said in their motion that I was

21  supposed to respond to their motion in a one-week time,

22  which I thought was completely crazy.  So -- whatever time

23  it was.  it was some very abbreviated time.

24            So I filed my response and I put in my response

25  there wasn't time to respond to these 750 pages.  The next

1   thing I know or knew was Grace's attorney contacted me and

2   said the Court would like us to work out an extension of

3   time so you can have more time to respond.  Well, in the one

4   week or however much time they told me I had to respond --

5   and I did prepare to respond -- I couldn't read all 750

6   pages.  So I gave them a time and they wouldn't agree with

7   the time so they made us have a status conference in front

8   of you and that's how we got to the status conference.

9           Okay.  Now --

10          THE COURT:  So Mr. Smolker -- Mr. Smolker, hold on

11  one second.  So can I just tell you what I find concerning

12  at this point, is that when we last met telephonically at

13  the last hearing in October, we had agreed on a scheduling

14  order which you wanted, you know, a lengthy amount of time

15  for your response, and I gave you, you know, two months from

16  the date of our hearing for you to respond to the 700-plus

17  page motion.  For you to now make a request on the eve of

18  the deadline by which you're supposed to file your response

19  -- because your deadline right now under the scheduling

20  order that I'm looking at is December 16, 2020.  It's

21  December 15th.

22          So for you do now tell me that the reason why you

23  can't respond is because of the 700-page document, is not

24  sitting well with me because you knew back in October when

25  we first had this discussion that it was a 700-page

1    document.  So again, I ask you, why at the last minute do

2    you require this extension?  What's happened since we last

3    met that's prevented you from working on your response?

4              MR. SMOLKER:  Okay.  I -- as I was about to say,

5    had medical problems.  When I was done with the hearing on

6    the 17th, within an hour, I had blood in my eye, a blood

7    vein in my eye broke, and I went to my eye doctor and had

8    that dealt with and I could look up my blood pressure.  I

9    guess it was like 160 or 180 over something.  Was pretty

10   incredible.  And so I had to do things, and I got a -- I

11   went to a pulmonologist because I have breathing problems

12   and I discovered that I have lung damage.

13             And I took a test and he found out that my

14   saturated blood oxygen is below 90 many times during the

15   night, which is very dangerous.  And so I spent the first

16   month looking into different things for how to deal with my

17   heart and give my doctor enough information to he could deal

18   with it, and then I had to look up all these federal rules

19   because I don't practice in federal court or in federal

20   bankruptcy court, and then I started reading all their

21   things, and I notice when I read all their things that I

22   have all kinds of objections and evidence to present and

23   it's not practical due to the volume of it.

24             And yes, I did know that there was 750 pages, but

25   I didn't know what the 750 pages said because they only gave

1    me a week to respond and I didn't read the 750 pages in that

2    week.  I just got to the nitty gritty of why their thing

3    shouldn't be granted.  And this is --

4              THE COURT:  Well --

5              MR. SMOLKER:  My opposition --

6              THE COURT:  Okay.

7              MR. SMOLKER:  -- me to review the voluminous

8    documents, which I had to do, and to prepare objections to

9    the evidence they proffered.  I didn't know how much

10   evidence I would have to object to and it required me to

11   refer to the federal bankruptcy code and the federal rules

12   of bankruptcy procedure.  I wasn't familiar with those.  I

13   went and bought books so that I could see what the

14   procedures were.  And then I had to review the United States

15   Code.  I didn't know what the United States Code.

16             Then I had to look at the local rules of

17   bankruptcy for the Delaware court and then I had to prepare

18   my own papers, including my statement of facts and the

19   statement of my disagreements.  I didn't know how many

20   things I would disagree with or how many facts they wouldn't

21   state, and now I do.

22             THE COURT:  Well --

23             MR. SMOLKER:  So now I'm --

24             THE COURT:  Mr. Smolker, again -- so this is my

25   concern.  My concern is that the motion for summary judgment

1    was filed on August 3rd, 2020.  It's been four months since

2    the motion was filed.  I was trying to give you a very

3    generous extension and when we last met and we agreed to the

4    dates, it was my understanding that when you agreed to those

5    dates you understood that you had the two months in which to

6    get all of this done, and --

7              MR. SMOLKER:  Yes, but I didn't know what my lung

8    condition was and I didn't know what kind of problems I

9    would have and I didn't know that I would have to spend a

10   month putting together medical records for my pulmonologist

11   to work on and getting involved in different breathing

12   exercises.  I didn't know how much time my personal health

13   would take up or how disabled I would be.  I just thought I

14   would be able to go forward.  I didn't realize how disabled

15   I was and how much information I had to give my

16   pulmonologist.

17              And for example, I'm supposed to see a

18   cardiologist to get a stress exam, and I couldn't make an

19   appointment to see the cardiologist because I've been too

20   busy working on this.

21              THE COURT:  So Mr. Smolker, I'd like to just --

22   I'd like you to understand what's facing me, which is that

23   when this first came to me that the motion for summary

24   judgment and you asked me for an extension, normally I would

25   give a party on average about three weeks, maybe a month if

1   it was an extensive motion for summary judgment.  But for

2   you, given that you were pro se and the length of the motion

3   for summary judgment, I really wanted to give you enough

4   time to do this.

5           And while I know that you must have some health

6   concerns that you must attend to, right, the other side also

7   has rights.  I have to move the case along for them, too,

8   right?  It can't all be about what your concerns are, health

9   concerns are, legal concerns are, getting through all the

10  documents and understanding the legalese, but I have to

11  balance that against W.R. Grace.  So I'm trying to do the

12  best I can, right.  I can't just give you whatever time you

13  may need because they have due process concerns.  They

14  didn't want me to give you that lengthy extension until

15  December, but I did it for you.

16          MR. SMOLKER:  (indiscernible).

17          THE COURT:  And what I'm concerned about is that

18  after I tried to show you this deference for you to come to

19  them at the very last moment and ask for this extension, it

20  jams me up, right, because you're basically telling me now

21  that it's December 15th and although you had agreed to a

22  scheduling order which required you to file something by

23  tomorrow, if I deny your request for an extension, I'm

24  basically -- I don't know if you've been working on your

25  response, but you're putting me in the very uncomfortable

1    position of forcing you to file a pleading which is

2    something that -- in a state which you would argue, I

3    believe, is deficient.

4             I want you to have an opportunity to give them a

5    fulsome response so that when I consider this and determine

6    the matter, I have all of the facts and all of the law

7    before me and by asking this on the eve of the hearing,

8    you're forcing my hand and I just want you to know that I

9    don't appreciate it.  Whatever health concerns you may have

10   had, is something that I would've hoped you would've gone to

11   Mr. O'Neill with weeks ago to say, listen, Mr. O'Neill, I

12   know I agreed to this in the scheduling order, but I have

13   the following issues.

14            And by the way, when litigants come to me and tell

15   me that they have medical issues, it wouldn't be entirely

16   unreasonable for Mr. O'Neill to say, with all due respect,

17   Mr. Smolker, I'll need to see some evidence that you

18   actually --

19            MR. SMOLKER:  (indiscernible).

20            THE COURT:  -- going --

21            MR. SMOLKER:  I did show in my --

22            THE COURT:  Okay, but just -- if you could just

23   let me finish, Mr. Smolker.  So at this point, given all of

24   that, this is what I'm going to do, Mr. Smolker.  I'm going

25   to give you your requested two-week extension, but let's be

1   clear about this.  I'm not adjourning that extension for any

2   reason at all -- at all.  You'll need to make sure that your

3   response is filed and served upon Mr. O'Neill two weeks from

4   tomorrow.  So Joan, let's just talk about the date --

5           MR. O'NEILL:  The 30th.

6           THE COURT:  Yes.  You have until December 30th to

7   file that.  I don't want to hear any excuses about any

8   problems getting that brief on file.  That is your last

9   extension.  Now, Mr. O'Neill, I understand your concerns and

10  looking at the scheduling order now, it looks like your

11  reply is due -- I'm just pulling this up now.  It looks like

12  --

13          MR. SMOLKER:  Your Honor?

14          THE COURT:  -- your reply is due on January --

15  yes, Mr. Smolker.

16          MR. SMOLKER:  Your Honor?

17          THE COURT:  Yes.  Yes, Mr. Smolker.

18          MR. SMOLKER:  In my letter when I requested it, I

19  gave him the date which would be 14 days later for him to

20  file his response and I gave him the dates that we could

21  either move your hearing date 14 days or we could have it on

22  the same day as you scheduled another hearing, which I think

23  is March 25th.  So would you like me to give you the date?

24          THE COURT:  No, no, no.  What I want you to do is

25  I want you to not talk because I want to talk to Mr. O'Neill

1    right now.  So Mr. O'Neill, right now the scheduling order

2    currently has your reply due on January 6 and it sounds like

3    we have a telephonic hearing on the motion for summary

4    judgment on January 21st at 1 p.m. eastern time.  So Mr.

5    O'Neill, I think I heard you say that you don't want to have

6    the summary judgment hearing moved.  Is that correct?

7            MR. O'NEILL:  Well, Your Honor, it's going to be

8    up to you because we -- I don't want to put the Court at a

9    disadvantage.  If we move our deadline to two weeks, to the

10   20th, we could definitely one day before the scheduled,

11   hearing, we could move the hearing for two weeks, too, if

12   the Court was available and it works for all of the parties.

13           THE COURT:  Right.  Well, I'm trying to be

14   accommodating to you because I understand your concern.  So

15   I guess my first question is, when do you want to file your

16   reply?  Obviously, you don't want to file it January 6th,

17   I'm assuming.  So do you want to file it January 6th -- or

18   any time up to and including January 20th.  What date would

19   you like, understanding that whatever date you pick, I'm

20   going to have -- I need a little time to review everything,

21   but I'll try and keep it as short as possible. So when do

22   you think you could file your reply?

23           MR. O'NEILL:  Of course, Your Honor, and I'm --

24           THE COURT:  When do you want to file?

25           MR. O'NEILL:  Forgive me for negotiating in front

1    of everybody, but if Mr. Higgins is on the phone, we --

2              MR. HIGGINS:  I am.

3              MR. O'NEILL:  -- had talked about perhaps having a

4    similar extension so we would, I guess, take a two-week

5    extension to the 20th, if -- Mr. Higgins, if you think that

6    that is the appropriate date, or if there's another date,

7    say so.

8              MR. HIGGINS:  Yes, Your Honor.  At the risk of

9    making some sausage, the 20th would be fine for us and then

10   we would make ourselves available for hearing at your

11   convenience.

12             THE COURT:  Okay.  So Mr. O'Neill, if you could

13   revise the prior scheduling order to reflect that Mr.

14   Smolker now is going to have this two-week extension which

15   will bring us to December 30th, okay, you'll prepare the

16   revised scheduling order to put that as his new and final

17   deadline to oppose summary judgment and that would make your

18   two-week deadline to file your reply now January 20th.

19             Joan, I'm looking at my calendar and it looks like

20   we have the (indiscernible) hearing at ten o'clock on the

21   28th.  Is that right, Joan?

22             CLERK:  That's right, yeah.

23             THE COURT:  And that'll take all day, and we still

24   have the Michael -- the Hammond.  I have the Hammond --

25             CLERK:  --29th.

1           THE COURT:  -- claim objection scheduled for the

2     29th.  Okay.

3           CLERK:  Yep.

4           THE COURT:  Let me see.

5           CLERK:  On the 4th, you have Lewis and on the 5th

6     you have (indiscernible).

7           THE COURT:  Okay.  So what about the 1st.  Monday,

8     February 1st.  I have an appointment at ten o'clock, but I

9     could start as early as 11:30 on Monday, February 1st.  If

10    everyone could look at their calendars and tell me if they

11    have availability on Monday, February 1st, please.

12          MR. SMOLKER:  I'm available.  Gary Smolker is

13    available.

14          THE COURT:  Okay.

15          MR. HIGGINS:  Your Honor, this is Roger Higgins.

16    I am available then and I will ask our client, Ms.

17    Shpigelman, if she's available that day.

18          THE COURT:  Okay.  Mr. O'Neill?

19          MR. O'NEILL:  Yes, Your Honor.  I'm available on

20    that day.

21          THE COURT:  Okay.  So why don't you put forward

22    the revised scheduling order, which I will sign, and I just

23    note for the record that in Paragraph 3 of the current

24    scheduling order, you've got my first name misspelled.  I

25    know I've got an unusual first spelling, but there's an

Page 21

1    extra E in there.  I think you were trying to cover

2    yourself.  It's just A-S-H-E-L-Y.

3              MR. SMOLKER:  Oh, E-L-Y?  I got --

4              THE COURT:  Yes.

5              MR. SMOLKER:  A-S-H-E-L-Y?

6              THE COURT:  Yes.  I don't think there's any other

7    person in the world with that spelling, so that's my cross

8    to bear in the world.  But it's correct on the signature

9    line, it just is incorrect on Paragraph 3.  So if you guys

10   want to correct that, add in those new dates, file that, and

11   maybe you could just, I guess -- do you have Ms. Ranieri's -

12   - Joan Ranieri's information?  Because if you just email --

13             MR. O'NEILL:  I do, Your Honor.

14             THE COURT:  -- it to her, she can email it to me

15   and then -- yeah, and then we can just --

16             MR. O'NEILL:  I'm fine --

17             THE COURT:  -- send that down to Delaware after I

18   sign it.  Okay, great.  All right.  Does anyone else have

19   any other question --

20             MR. SMOLKER:  I do.  What time on Monday?

21             THE COURT:  Okay, well I was going to say 11

22   o'clock, but I know you're in California, Mr. Smolker.  Is

23   that okay?  Can you do that by 8 or do you want me to push

24   it back a little bit?

25             MR. SMOLKER:  I would prefer doing it at nine, but

Page 22

1     I could be here by eight.

2              THE COURT:  Okay, so let's get the hearing, Mr.

3     O'Neill, at noon on February 1st.  Okay?  And we'll still

4     have the same telephonic information for the argument.

5              MR. O'NEILL:  Okay.

6              MR. SMOLKER:  I have something else.

7              THE COURT:  Yes, Mr. Smolker.

8              MR. SMOLKER:  Would you like a courtesy copy of my

9     papers?

10             THE COURT:  No.  If you file it with the Court,

11    I'll get a copy.

12             MR. SMOLKER:  Okay.

13             THE COURT:  Okay?  All right.  Well, I look

14    forward to reading your response and the reply and then I'll

15    talk to all of you gentlemen on February 1st.  Okay,

16    everybody?

17             MR. SMOLKER:  Thank you, Your Honor.

18             MR. O'NEILL:   Thank you very much, Your Honor.

19             THE COURT:  You're welcome.  Okay --

20             MR. O'NEILL:  Okay.  Bye bye.

21             (Concluded at 3:26 PM)

22                      * * * * *

23

24

25

Page 23

1                           **I N D E X**

2

3                           RULINGS

4                                                   Page      Line

5      Request for Extension Granted                16         25

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  January 13, 2021

[& - changes]                                                        Page 1

| **&** |
|---|
| **&**   1:7 3:3,4,11 |

| **0** |
|---|
| **01-01139**   1:3 |

| **1** |
|---|
| **1**   18:4 |
| **11**   21:21 |
| **11501**   24:23 |
| **11:30**   20:9 |
| **13**   24:25 |
| **136**   3:12 |
| **14**   17:19,21 |
| **15**   1:17 |
| **15th**   6:22 11:21 |
| 15:21 |
| **16**   11:20 23:5 |
| **160**   12:9 |
| **16th**   7:21 8:4 |
| **17th**   3:5 10:18 |
| 12:6 |
| **180**   12:9 |
| **19107**   1:15 |
| **1980**   3:6 |
| **1984**   4:7 |
| **1st**   20:7,8,9,11 |
| 22:3,15 |

| **2** |
|---|
| **2020**   1:17 11:20 |
| 14:1 |
| **2021**   24:25 |
| **20th**   18:10,18 |
| 19:5,9,18 |
| **21st**   18:4 |
| **25**   23:5 |
| **25th**   17:23 |
| **28th**   19:21 |
| **29th**   19:25 20:2 |
| **2:00**   5:17 |

| **3** |
|---|
| **3**   20:23 21:9 |

| **300**   24:22 |
|---|
| **30th**   17:5,6 19:15 |
| **330**   24:21 |
| **3:00**   1:18 |
| **3:26**   22:21 |
| **3rd**   14:1 |

| **4** |
|---|
| **4:00**   6:5 |
| **4th**   20:5 |

| **5** |
|---|
| **516**   3:12 |
| **56**   10:7 |
| **5th**   20:5 |

| **6** |
|---|
| **6**   18:2 |
| **60642**   3:13 |
| **6:00**   6:4 |
| **6th**   18:16,17 |

| **7** |
|---|
| **700**   11:16,23,25 |
| **750**   9:21 10:25 |
| 11:5 12:24,25 |
| 13:1 |

| **8** |
|---|
| **8**   21:23 |

| **9** |
|---|
| **90**   12:14 |
| **900**   1:14 |
| **919**   3:5 |

| **a** |
|---|
| **a.m.**   6:4,5,5 |
| **abbreviated** |
| 10:23 |
| **able**   14:14 |
| **accommodate** |
| 8:17 |
| **accommodating** |
| 9:4 18:14 |
| **accommodations** |
| 8:2 |

| accurate   24:4 |
|---|
| add   21:10 |
| additional   7:23 |
| adjourning   17:1 |
| advance   8:23 |
| afternoon   5:1 |
| 6:16 |
| aggregate   9:22 |
| ago   5:13 7:16 |
| 16:11 |
| agree   11:6 |
| agreed   11:13 14:3 |
| 14:4 15:21 16:12 |
| al   1:7 |
| amount   11:14 |
| anymore   6:1 |
| apologize   5:6 |
| appearance   6:24 |
| appearing   3:17 |
| 7:3 |
| appointment |
| 14:19 20:8 |
| appreciate   7:11 |
| 16:9 |
| appropriate   19:6 |
| argue   16:2 |
| argument   22:4 |
| ashely   1:22 |
| asked   7:23 14:24 |
| asking   16:7 |
| assuming   18:17 |
| ate   6:10 |
| attend   15:6 |
| attorney   3:4,11 |
| 11:1 |
| august   9:11 14:1 |
| availability   20:11 |
| available   18:12 |
| 19:10 20:12,13,16 |
| 20:17,19 |
| avenue   3:12 |
| average   14:25 |

| **b** |
|---|
| **b**   1:21 |
| **back**   9:10 10:18 |
| 11:24 21:24 |
| **balance**   15:11 |
| **bankruptcy**   1:1 |
| 1:12,23 12:20 |
| 13:11,12,17 |
| **base**   8:8 |
| **basically**   15:20,24 |
| **bear**   21:8 |
| **believe**   4:15 7:2,4 |
| 8:16 9:4,24 10:11 |
| 16:3 |
| **best**   15:12 |
| **big**   5:16,18 |
| **bit**   21:24 |
| **blood**   12:6,6,8,14 |
| **books**   13:13 |
| **bought**   13:13 |
| **breathing**   12:11 |
| 14:11 |
| **brief**   17:8 |
| **briefing**   7:15 |
| **bring**   19:15 |
| **broke**   12:7 |
| **busy**   14:20 |
| **bye**   22:20,20 |

| **c** |
|---|
| **c**   3:1 4:1 24:1,1 |
| **calendar**   19:19 |
| **calendars**   20:10 |
| **california**   21:22 |
| **call**   4:2 5:10 6:4 |
| 6:18 7:5 |
| **called**   7:7 |
| **cardiologist**   14:18 |
| 14:19 |
| **case**   1:3 15:7 |
| **certified**   24:3 |
| **chan**   1:22 6:22 |
| **changes**   8:15 9:13 |

checked   7:25
chicago   3:13
claim   7:14 10:12
  20:1
claimant   5:2
clear   17:1
clerk   4:4,20,22
  6:21 19:22,25
  20:3,5
client   7:4,25,25
  8:3 20:16
coast   6:4
code   13:11,15,15
colleagues   5:18
come   15:18 16:14
company   6:23
complaining   5:25
completely   10:22
complicated
  10:14,15
computer   5:23
concern   8:14 9:3
  13:25,25 18:14
concerned   8:1
  15:17
concerning   11:11
concerns   15:6,8,9
  15:9,13 16:9 17:9
concluded   22:21
condition   14:8
conference   11:7,8
consider   8:24
  16:5
contacted   11:1
continuances
  10:19
convenience
  19:11
conversations
  5:15
copy   22:8,11
correct   5:7 18:6
  21:8,10

counsel   4:10 7:2
country   24:21
course   8:19 18:23
court   1:1,12 4:2,6
  4:11,12,13,14,17
  4:21 5:1,4,8,14
  6:7,9,11,13,15,17
  6:20 7:7,12 8:23
  9:7,18 11:2,10
  12:19,20 13:4,6
  13:17,22,24 14:21
  15:17 16:20,22
  17:6,14,17,24
  18:8,12,13,24
  19:12,23 20:1,4,7
  20:14,18,21 21:4
  21:6,14,17,21
  22:2,7,10,10,13
  22:19
court's   8:9
courtesy   22:8
courthouse   1:13
cover   21:1
crazy   10:22
cross   21:7
current   20:23
currently   18:2

**d**

d   4:1 23:1
damage   12:12
dangerous   12:15
date   8:2 11:16
  17:4,19,21,23
  18:18,19 19:6,6
  24:25
dates   14:4,5 17:20
  21:10
day   17:22 18:10
  19:23 20:17,20
days   5:25 17:19
  17:21
de   3:6

deadline   8:5 9:14
  9:15 11:18,19
  18:9 19:17,18
deal   12:16,17
dealt   12:8
debtors   1:9
december   1:17
  6:22 7:21 8:4
  11:20,21 15:15,21
  17:6 19:15
declaration   9:24
deference   15:18
deficient   16:3
definitely   18:10
delaware   13:17
  21:17
delay   8:1
deny   15:23
details   10:16
determine   16:5
different   12:16
  14:11
digits   4:7
disabled   14:13,14
disadvantage
  18:9
disagree   13:20
disagreements
  13:19
disconnected   5:24
discovered   12:12
discussion   11:25
doctor   12:7,17
document   10:12
  11:23 12:1
documents   9:23
  13:8 15:10
dog   6:10
doing   5:21 6:2
  21:25
driver   6:6
drunk   6:5

due   12:23 15:13
  16:16 17:11,14
  18:2

**e**

e   1:21,21 3:1,1,8
  4:1,1 21:1,2,3,5
  23:1 24:1
early   20:9
eastern   1:2 18:4
ecro   1:25
eight   22:1
either   17:21
email   21:12,14
entirely   16:15
esq   3:8,15
et   1:7
eve   11:17 16:7
everybody   19:1
  22:16
evidence   12:22
  13:9,10 16:17
evidentiary   9:23
exam   14:18
example   14:17
exchange   7:21 8:6
excuse   6:9,10
excuses   17:7
exercises   14:12
expected   9:12
explain   9:6
extension   2:1 7:17
  8:4,13,15,21,25
  9:6,8,9,19 11:2
  12:2 14:3,24
  15:14,19,23 16:25
  17:1,9 19:4,5,14
  23:5
extensions   5:19
extensive   15:1
extra   21:1
eye   12:6,7,7

## f

**f** 1:21 24:1
**facing** 14:22
**facts** 10:8,11,13
  13:18,20 16:6
**familiar** 13:12
**february** 20:8,9
  20:11 22:3,15
**federal** 1:13 12:18
  12:19,19 13:11,11
**fellow** 5:15
**file** 8:5,22 11:18
  15:22 16:1 17:7,8
  17:20 18:15,16,17
  18:22,24 19:18
  21:10 22:10
**filed** 9:21 10:20
  10:24 14:1,2 17:3
**final** 19:16
**find** 11:11
**fine** 19:9 21:16
**finish** 16:23
**first** 11:25 12:15
  14:23 18:15 20:24
  20:25
**floor** 3:5
**follow** 10:5,7
**following** 16:13
**forcing** 16:1,8
**foregoing** 24:3
**forgive** 18:25
**forward** 9:12,16
  14:14 20:21 22:14
**found** 12:13
**four** 4:7 14:1
**front** 11:7 18:25
**fulsome** 16:5
**further** 8:4,25
  9:14

## g

**g** 4:1,9,9
**gary** 3:19 7:6
  20:12

**generous** 14:3
**gentlemen** 22:15
**getting** 5:19 14:11
  15:9 17:8
**give** 5:9 8:4 12:17
  14:2,15,25 15:3
  15:12,14 16:4,25
  17:23
**given** 7:17 9:1
  15:2 16:23
**go** 10:16,18 14:14
**going** 9:2,15
  16:20,24,24 18:7
  18:20 19:14 21:21
**good** 4:24 5:1 6:9
  6:16
**grace** 1:7 3:4,11
  4:10 6:23 7:2,4
  8:21 15:11
**grace's** 7:20 8:12
  11:1
**granted** 13:3 23:5
**great** 4:23 5:8,14
  6:17 21:18
**gritty** 13:2
**guess** 12:9 18:15
  19:4 21:11
**guest** 4:4,6
**guidance** 8:9
**guided** 8:19
**guys** 21:9

## h

**h** 4:9 21:2,5
**hammond** 19:24
  19:24
**hand** 16:8
**happen** 9:5
**happened** 10:19
  12:2
**he'll** 5:10
**health** 14:12 15:5
  15:8 16:9

**hear** 17:7
**heard** 18:5
**hearing** 2:1 5:15
  6:22 7:8,16 8:24
  8:25 10:17 11:13
  11:16 12:5 16:7
  17:21,22 18:3,6
  18:11,11 19:10,20
  22:2
**hearings** 5:18
**heart** 12:17
**hello** 6:16
**hi** 6:14
**higgins** 3:10,15
  4:9,9,10,15,18,23
  5:4,12 6:2,8 7:3
  7:22,24 8:2 19:1,2
  19:5,8 20:15,15
**hold** 11:10
**homework** 6:10
**hon** 1:22
**honor** 4:15,24
  5:12 6:2 7:9,13,14
  8:7,8,11,12,20 9:7
  17:13,16 18:7,23
  19:8 20:15,19
  21:13 22:17,18
**hoped** 16:10
**hour** 12:6
**house** 5:23
**hyde** 2:25 24:3,8

## i

**il** 3:13
**improvise** 10:6
**including** 13:18
  18:18
**incorrect** 5:5 21:9
**incredible** 12:10
**indiscernible**
  15:16 16:19 19:20
  20:6
**information** 12:17
  14:15 21:12 22:4

**involved** 14:11
**isolation** 8:12 9:8
**issues** 8:10 9:17
  16:13,15

## j

**j** 3:15
**james** 3:8 6:25
**jamie** 4:12
**jams** 15:20
**january** 17:14
  18:2,4,16,17,18
  19:18 24:25
**joan** 1:25 6:18
  17:4 19:19,21
  21:12
**joined** 7:2
**joining** 4:19
**jones** 3:3 7:1
**judge** 1:23 5:18
  6:22
**judges** 5:15
**judgment** 7:20,24
  10:6,8 13:25
  14:24 15:1,3 18:4
  18:6 19:17
**judicial** 10:4

## k

**keep** 18:21
**kids** 5:25
**kind** 6:1 8:18 9:11
  10:6 14:8
**kinds** 12:22
**knew** 11:1,24
**know** 5:16,24 8:8
  9:17 11:1,14,15
  12:24,25 13:9,15
  13:19 14:7,8,9,12
  15:5,24 16:8,12
  20:25 21:22

## l

**l** 21:2,3,5

law   3:10 16:6
ledanski   2:25 24:3
  24:8
legal   15:9 24:20
legalese   15:10
length   15:2
lengthy   11:14
  15:14
letter   17:18
lewis   9:25 20:5
line   4:3,12 5:4
  6:12 21:9 23:4
listen   16:11
litigants   16:14
litigation   7:14
little   18:20 21:24
llc   3:10
llp   3:3
local   13:16
long   9:4
look   9:10,22 12:8
  12:18 13:16 20:10
  22:13
looking   11:20
  12:16 17:10 19:19
looks   17:10,11
  19:19
lung   12:12 14:7

**m**

m   1:22
making   19:9
march   17:23
market   1:14 3:5
material   10:13
matter   1:5 6:19
  7:3 8:1 9:12,16
  16:6
mcneill   6:11
mediation   6:3,3
medical   10:17
  12:5 14:10 16:15
met   11:12 12:3
  14:3

michael   19:24
might've   10:10
mineola   24:23
minute   5:9 12:1
minutes   5:13
missed   10:10
misspelled   20:24
moment   15:19
monday   20:7,9,11
  21:20
month   12:16
  14:10,25
months   11:15
  14:1,5
morning   4:24
motion   7:20,24
  9:22 10:2,7,20,20
  10:21 11:17 13:25
  14:2,23 15:1,2
  18:3
move   9:15 15:7
  17:21 18:9,11
moved   18:6
moving   9:12

**n**

n   3:1,12 4:1,9
  23:1 24:1
n.c.   1:13
name   4:8 5:2 7:5
  20:24
need   9:19 15:13
  16:17 17:2 18:20
negotiating   18:25
new   9:14 19:16
  21:10
night   12:15
nine   21:25
nitty   13:2
nix   1:13
noon   22:3
normally   14:24
north   3:5

northeastern   5:16
note   20:23
notice   7:11 10:4
  12:21
number   4:7
numbers   10:12
ny   24:23

**o**

o   1:21 4:1 24:1
o'clock   6:21 19:20
  20:8 21:22
o'neill   4:12 5:9
  6:11,14,16,25,25
  7:7,9,13 9:18
  16:11,11,16 17:3
  17:5,9,25 18:1,5,7
  18:23,25 19:3,12
  20:18,19 21:13,16
  22:3,5,18,20
object   10:1,3
  13:10
objection   20:1
objections   9:23,25
  10:2,3 12:22 13:8
obviously   18:16
october   11:13,24
offices   3:10
ogden   3:12
oh   5:14 6:7,7 21:3
okay   4:17,21,23
  5:1,8,14 6:13 7:7
  9:18 11:9 12:4
  13:6 16:22 19:12
  19:15 20:2,7,14
  20:18,21 21:18,21
  21:23 22:2,3,5,12
  22:13,15,19,20
old   24:21
ongoing   7:15
opportunity   16:4
oppose   19:17
opposition   13:5

order   7:15,18,19
  11:14,20 15:22
  16:12 17:10 18:1
  19:13,16 20:22,24
overwhelming   9:8
oxygen   12:14
o'neill   3:8

**p**

p   3:1,1 4:1
p.m.   5:17 18:4
pa   1:15
pachulski   3:3 7:1
pacific   6:4
page   9:21 11:17
  11:23,25 23:4
pages   10:25 11:6
  12:24,25 13:1
papers   13:18 22:9
paragraph   20:23
  21:9
parties   4:2 6:23
  8:7 18:12
party   14:25
pennsylvania   1:2
person   21:7
personal   14:12
philadelphia   1:15
phone   4:7 7:3
  19:1
pick   18:19
picture   9:11
place   7:15,18
pleading   16:1
please   4:8 6:24
  20:11
plus   11:16
pm   1:18 22:21
point   11:12 16:23
poles   6:6
position   16:1
possible   18:21
power   5:23 6:5

practical 12:23
practice 12:19
prefer 21:25
prepare 8:24 11:5
  13:8,17 19:15
present 12:22
pressure 12:8
pretty 12:9
prevented 12:3
prior 19:13
pro 3:19 5:3 15:2
problem 7:12
  10:17
problems 12:5,11
  14:8 17:8
procedure 13:12
procedures 13:14
proceed 7:8
proceedings 24:4
process 15:13
proffered 13:9
pronouncing 5:5
proposed 8:16
provide 10:9
prudent 8:7
pulling 17:11
pulmonologist
  12:11 14:10,16
push 21:23
pushed 9:14
put 7:18 10:24
  18:8 19:16 20:21
putting 14:10
  15:25

**q**

question 6:1
  18:15 21:19

**r**

r 1:21 3:1 4:1 24:1
ranieri 1:25
ranieri's 21:11,12
read 10:9 11:5
  12:21 13:1

reading 12:20
  22:14
realize 14:14
really 15:3
reason 11:22 17:2
reasons 9:6
recall 7:14
record 20:23 24:4
recording 6:18,20
records 14:10
refer 13:11
references 10:9
reflect 19:13
regarding 7:13
reply 8:23,24
  17:11,14 18:2,16
  18:22 19:18 22:14
reporter 4:6,11
  4:13 5:4 6:11,20
represent 7:1
representing 7:6
request 2:1 5:22
  8:13,14 10:3
  11:17 15:23 23:5
requested 5:10
  16:25 17:18
requesting 9:6
requests 5:19 8:15
  8:17 10:19
require 12:2
required 13:10
  15:22
requires 9:22
resolved 9:16
respect 8:9,20
  16:16
respond 7:20,24
  10:21,25 11:3,4,5
  11:16,23 13:1
responded 8:2
response 8:5
  10:24,24 11:15,18
  12:3 15:25 16:5

17:3,20 22:14
review 13:7,14
  18:20
revise 19:13
revised 19:16
  20:22
right 4:2,6,11 5:1
  5:8,22 6:17,21
  10:15 11:19 15:6
  15:8,12,20 18:1,1
  18:13 19:21,22
  21:18 22:13
rights 15:7
risk 19:8
road 24:21
robert 1:13
roger 3:10,15 4:9
  7:3 20:15
rosemary 9:25
rule 10:7
rules 10:5 12:18
  13:11,16
rulings 23:3

**s**

s 3:1,19 4:1,9 21:2
  21:5
saturated 12:14
sausage 19:9
schedule 8:16
  9:13
scheduled 17:22
  18:10 20:1
scheduling 7:15
  7:17,19 8:1,10,20
  11:13,19 15:22
  16:12 17:10 18:1
  19:13,16 20:22,24
se 3:19 5:3 15:2
second 10:18
  11:11
see 4:3 6:15 13:13
  14:17,19 16:17
  20:4

seek 8:9
send 21:17
separate 10:11
served 17:3
set 5:16 9:2,15
short 7:11 18:21
shortly 5:10
show 15:18 16:21
shpigelman 3:18
  4:18,20,22,24,25
  5:5 7:4 20:17
side 15:6
sign 20:22 21:18
signature 21:8
similar 19:4
simply 10:15
sir 9:20
sitting 11:24
smolker 3:19 5:6
  5:7 7:5,6,14,19,22
  7:22,23 8:3,17 9:5
  9:19,21 11:10,10
  12:4 13:5,7,23,24
  14:7,21 15:16
  16:17,19,21,23,24
  17:13,15,16,17,18
  19:14 20:12,12
  21:3,5,20,22,25
  22:6,7,8,12,17
snow 5:20,25
solutions 24:20
somewhat 10:14
sonya 2:25 24:3,8
sorry 5:5 6:11
sounds 9:19 18:2
spelling 20:25
  21:7
spend 14:9
spent 12:15
spoke 5:13
sr 1:13
standpoint 8:11
  8:12

| | | | |
|---|---|---|---|
| **stang** 3:3 7:1 | **telling** 15:20 | **u** | **we've** 8:16,16 |
| **start** 6:18 20:9 | **ten** 19:20 20:8 | **u.s.** 1:23 | **week** 6:3 8:13 9:8 |
| **started** 12:20 | **test** 12:13 | **ultimately** 8:25 | 9:19 10:21 11:4 |
| **state** 13:21 16:2 | **thank** 4:11 7:9,10 | **uncomfortable** | 13:1,2 16:25 19:4 |
| **statement** 10:8,10 | 9:18 22:17,18 | 15:25 | 19:14,18 |
| 13:18,19 | **thing** 8:21 10:9 | **understand** 9:5 | **weeks** 14:25 16:11 |
| **states** 1:1,12 | 11:1 13:2 | 14:22 17:9 18:14 | 17:3 18:9,11 |
| 13:14,15 | **things** 9:5,14 | **understanding** | **welcome** 22:19 |
| **status** 6:22 7:8,16 | 12:10,16,21,21 | 14:4 15:10 18:19 | **went** 6:5 12:7,11 |
| 7:17 11:7,8 | 13:20 | **understood** 14:5 | 13:13 |
| **step** 9:10 | **think** 17:22 18:5 | **undisputed** 10:13 | **west** 6:4 |
| **stick** 9:2 | 18:22 19:5 21:1,6 | **united** 1:1,12 | **willing** 8:4 |
| **storm** 5:17,20 | **thought** 8:7 10:22 | 13:14,15 | **wilmington** 3:6 |
| **street** 1:14 3:5 | 14:13 | **unreasonable** | **work** 11:2 14:11 |
| **stress** 14:18 | **three** 6:21 14:25 | 8:13 9:9 16:16 | **working** 12:3 |
| **suggestion** 8:20 | **time** 7:10,16,17 | **unusual** 5:22 | 14:20 15:24 |
| **suite** 3:12 24:22 | 7:23 8:6,22,23 9:1 | 20:25 | **works** 18:12 |
| **summary** 7:20,24 | 9:4 10:2,4,21,22 | **v** | **world** 21:7,8 |
| 10:5,8 13:25 | 10:23,25 11:3,3,4 | **vein** 12:7 | **would've** 16:10,10 |
| 14:23 15:1,3 18:3 | 11:6,7,14 14:12 | **veritext** 24:20 | **write** 10:2 |
| 18:6 19:17 | 15:4,12 18:4,18 | **viewed** 8:12 9:7 | **wrong** 10:16 |
| **supported** 9:24 | 18:20 21:20 | **viktoriya** 3:18 | **x** |
| **supposed** 6:3 7:20 | **times** 12:14 | 4:18,25 7:4 | **x** 1:4,10 23:1 |
| 10:7,21 11:18 | **today** 7:2,10 8:18 | **virtually** 5:21 | **y** |
| 14:17 | **told** 11:4 | **volume** 12:23 | **y** 21:2,3,5 |
| **sure** 5:10 6:25 | **tomorrow** 5:16,17 | **voluminous** 9:22 | **yeah** 6:8,8 19:22 |
| 8:22 9:1,13 17:2 | 5:19 15:23 17:4 | 13:7 | 21:15 |
| **t** | **touch** 8:8 | **w** | **yep** 20:3 |
| **t** 24:1,1 | **transcribed** 2:25 | **w.r.** 1:7 3:4,11 | **yesterday** 7:21 |
| **take** 10:4 14:13 | **transcript** 24:4 | 4:10 6:23 7:1 | **z** |
| 19:4,23 | **trial** 5:17 | 15:11 | **ziehl** 3:3 7:1 |
| **talk** 17:4,25,25 | **tried** 8:17 15:18 | **want** 6:18,18 8:21 | **zoom** 5:17 |
| 22:15 | **true** 24:4 | 9:1,13 10:1 15:14 | |
| **talked** 19:3 | **try** 9:16 18:21 | 16:4,8 17:7,24,25 | |
| **tasha** 4:4 5:3 6:17 | **trying** 14:2 15:11 | 17:25 18:5,8,15 | |
| **telephone** 6:6 | 18:13 21:1 | 18:16,17,24 21:10 | |
| **telephonic** 18:3 | **two** 5:9 6:6 8:13 | 21:23 | |
| 22:4 | 9:8,19 11:15 14:5 | **wanted** 11:14 | |
| **telephonically** 3:8 | 16:25 17:3 18:9 | 15:3 | |
| 3:15,17 11:12 | 18:11 19:4,14,18 | **wants** 5:11 | |
| **tell** 11:11,22 | | **way** 16:14 | |
| 16:14 20:10 | | | |