# THE LAW OFFICES OF ROGER HIGGINS, LLC

516 N. Ogden Ave.
Suite 136
Chicago, IL 60642

tel: (312) 480-1984     rhiggins@rogerhigginslaw.com     Fax: (312) 577-0737

February 16, 2021

**VIA ECF DOCKET**

Judge Ashely M. Chan
United States Bankruptcy Court for the Eastern District of Pennsylvania
Robert N.C. Nix Sr. Federal Courthouse
900 Market Street, Suite 204
Philadelphia, PA 19107

Dear Judge Chan:

This supplemental letter brief is submitted in response to the Court's request for further briefing on the *res judicata* effect of the entry of the Grace Cross-Complaint Dismissal Order.[1] [Docket no. 33195]. Grace respectfully submits that the interplay of entry of the Grace Cross-Complaint Dismissal Order, which removed the only possible basis for Mr. Smolker's claim and shifted the burden of proof back to Mr. Smolker, and the prepetition expiry of the relevant statute of limitations ("SOL"), which prevents Mr. Smolker from meeting that burden of proof, mandates disallowance of Mr. Smolker's claim.

This letter brief also addresses an argument raised by Mr. Smolker for the very first time at the February 1, 2021 hearing that an SOL other than the one-year Cal. Civ. Pro. Code § 340(3) (Deering 1996) SOL applies to his two surviving Fifth Amended Complaint causes of action. As discussed below, each of the potential SOL arguments raised by Mr. Smolker fails, and they therefore do not affect the view expressed by the Court at the February 1st hearing that the applicable SOL expired prior to the Petition Date.

I. **THE INTERPLAY BETWEEN ENTRY OF THE GRACE CROSS-COMPLAINT DISMISSAL ORDER AND THE PREPETITION SOL EXPIRY MANDATES DISALLOWANCE OF MR. SMOLKER'S CLAIM**

On May 4, 2020, the California Court of Appeals entered the Remittitur, and the Grace Cross-Complaint Dismissal Order became final and nonappealable. The dismissal order was *res judicata* solely as to its entry and the issues directly litigated as a result thereof. Cal. Civ. Pro. Code § 1908(a)(2) (Deering 2020); Cal. Civ. Pro. Code § 1908(a)(2). So for example, Mr. Smolker could not litigate in either California state court or in this Court the issue of whether he failed to fulfill his statutory obligation to bring his surviving Fifth Amended Complaint causes of action to trial within five years. *See, e.g.*, *MIB, Inc. v. Superior Court*, 164 Cal. Rptr. 828, 832 (Cal. App. 2nd 1980) (internal citations omitted) (Dismissal of case on jurisdictional grounds was

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in Grace's *Reply in Support of Grace's Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 for Disallowance of Claim No. 392, Filed by Gary S. Smolker, and Related Claims, Nos. 382 and 4070, Filed by Home Savings Termite Control, Inc., and Wayne Morris, Respectively*, filed January 20, 2021 [Docket no. 33183].

**The Law Offices of Roger Higgins, LLC**

2

*res judicata* and invulnerable to collateral attack, because that issue had been litigated before the court—even though it was not *res judicata* as to the underlying causes of action).

The dismissal order did not, however, affect Mr. Smolker's underlying causes of action, because they were not litigated. *Stephan v. Am. Home Builders*, 98 Cal. Rptr. 354, 355 (Cal. App. 2nd 1971) (citing *Lord v. Garland*, 168 P.2d 5, 11 (Cal. 1946)) ("a judgment of dismissal which is not rendered on the merits does not operate as a bar to the filing of a subsequent action based on the same facts"); *McManus v. Bundlage*, 187 P.2d 854, 857 (Cal. App. 2nd 1947) (same). Outside the context of this chapter 11 case, it is therefore conceivable that in the wake of Grace's dismissal from the California State Court Litigation, Mr. Smolker could have commenced a subsequent action in either California state court or federal court—that is, if the relevant SOL had not yet expired. *St. Paul Fire & Marine Ins. Co. v. Kinetic Sys., Inc.*, No. CV 10-00493 DMG (AGRx), 2011 U.S. Dist. LEXIS 165796, at *20 et seq. (C.D. Cal. 2011) (If the applicable SOL has not run, an insurer may step into the shoes of the insured and maintain a federal suit on the same causes of action that were involuntarily dismissed pursuant to Cal. Civ. Pro. Code § 583.310 for want of prosecution); *Stephan v. Am. Home Builders*, 98 Cal. Rptr. at 355 (If the applicable SOL has not expired, a second state court action is permitted subsequent to the involuntary dismissal of first action under a prior statute).

That said, the facts of this chapter 11 case and applicable bankruptcy law dictate a different outcome. Indeed, Mr. Smolker's proof of claim refers only to the then-pending California State Court Litigation, and presented no other supporting documentation. Fed. R. Bankr. P. 3001(c), (f). The entry of the Grace Cross-Complaint Dismissal Order therefore deprived Mr. Smolker's claim of its sole basis for allowance. Once Grace filed its Summary Judgment Motion, the burden of proof reverted to Mr. Smolker to establish some other basis for his claim by a preponderance of the evidence. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) (internal citation omitted).

On the facts of this matter, Mr. Smolker cannot meet his renewed burden. His claim must therefore be disallowed. In particular, the prepetition SOL expiry precludes Mr. Smolker from moving the Court to lift the Plan Injunction to permit him to file a new California state court action. *Stephan v. Am. Home Builders*, 98 Cal. Rptr. at 355. That same prepetition SOL expiry also renders futile any attempt by Mr. Smolker to amend his proof of claim to litigate the merits of his two surviving Fifth Amended Complaint causes of action before this Court. 11 U.S.C. § 502(b)(2); 11 U.S.C. § 558; *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1409 (2017) ("unenforceability of a claim (due to the expiration of the limitations period) as an affirmative defense"); *Interface Grp.-Nevada v. TWA (In re TWA)*, 145 F.3d 124, 141 (3d Cir. 1998) (internal citation omitted) ("among the grounds justifying denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice and futility").

Finally, the record is bereft of any other basis on which Mr. Smolker could carry his burden of proof. Therefore, on the facts of this matter, entry of the Grace Cross-Complaint Dismissal Order and the prepetition SOL expiry work together to mandate disallowance of Mr. Smolker's claim.

**II.    EVERY RELEVANT SOL HAD EXPIRED PRIOR TO THE PETITION DATE**

At the February 1st hearing and long after briefing was complete, Mr. Smolker for the first time raised the issue of whether Cal. Civ. Pro. Code § 338 (three-year property damage SOL) and Cal. Bus. & Prof. Code § 17208 (California Unfair Competition Law ("UCL") four-year SOL) should be considered as appropriate SOLs vis-à-vis either of the two surviving Fifth Amended Complaint causes of action.  In the wake of the February 1st hearing, Mr. Smolker evinced by e-mail correspondence to Chambers his intent to file a supplemental brief on that issue, among others.

At the hearing, Grace stated—and the Court concurred—that Cal. Civ. Pro. Code § 340(3) was the appropriate SOL governing Mr. Smolker's two remaining causes of action.  February 1, 2021 Hrg, Tr. 21:1-25, 24:19-21.  Grace still maintains that Mr. Smolker's two surviving causes of action were grounded in personal injury, and therefore subject to the section 340(3) one-year SOL.  Indeed, the Ninth Cause of Action provides no mention of property damage and refers solely to personal injury.  Fifth Amended Complaint at ¶¶ 103-104.

That said, the Eighth Cause of Action (strict liability) does mention property damage, albeit without being specific as to personal or real property and without alleging a particular harm to such property.  Fifth Amended Complaint at ¶¶ 99 ("injure … the SMOLKERS' property"), 102 ("exposure of personal property").  The face of Mr. Smolker's proof of claim also mentions "property damage."  Claim no. 392.  But this argument does not change the fact that the applicable SOL expired prior to the Petition Date.

As with Cal. Civ. Pro. Code § 340(3), common law governs the accrual of property damage causes of action.  *Otay Land Co., LLC v. U.E. Ltd., L.P.*, 225 Cal. Rptr. 3d 119, 155 (Cal. App. 4th 2017) (citing *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 876 (Cal. 2013)) ("When a statute is silent as to when a claim accrues, this silence 'triggers a presumption in favor of permitting settled common law accrual rules to apply'.").  Grace therefore submits that, to the extent the Court determines that Cal. Civ. Pro. Code § 338(b), (c), could apply to the Eighth Cause of Action, the three-year periods commenced running when the Cal. Civ. Pro. Code § 340(3) period commenced—October 11-12, 1996.[2]  Those periods thus expired on October 11-12, 1999, eighteen months prior to the Petition Date.  Therefore, Cal. Civ. Pro. Code § 338 provides no relief for Mr. Smolker.

Mr. Smolker's assertion of alleged violations of California's UCL as a basis for a lengthened SOL period also fails.  First, neither the Eighth nor Ninth Causes of Action in the

---

[2]    As discussed at the February 1st hearing, the December 13, 1996 cleaning of the Smolkers' condominium (First Amended Complaint at ¶ 20; February 1, 2021 Hrg, Tr. 18:1-3) is the very latest date under California common law on which the statutes of limitation could have commenced running.  The record shows that Mr. Smolker was aware of potential risks of the planned extermination as early as August 1996, based upon the exterminator's presentation to the condominium board, of which Alice Graham, then Mr. Smolker's wife, was a member.  First Amended Complaint at ¶ 20.  The record also shows that Mr. Smolker was already complaining of health and other issues to his neighbors and others within a few days after the October 11-12 extermination.  It is based on this record that Grace maintains Mr. Smolker knew of or suspected each element of his various causes of action on October 11-12, 1996 (the record does not reflect which date the Smolkers' condominium was treated).  *Otay Land Co., LLC*, 225 Cal. Rptr. 3d at 155; *Pugliese v. Superior Court*, 53 Cal. Rptr. 3d 681, 687 (Cal. App. 4th 2007).

**The Law Offices of Roger Higgins, LLC**

4

Fifth Amended Complaint nor the proof of claim itself mention the UCL, which means that facially Mr. Smolker failed to make the UCL a basis for his claim. Fed. R. Bankr. P. 3001(c) (requirement for supporting documentation). Moreover, Mr. Smolker never asserted this argument in any briefing prior to the February 1st hearing. On these facts and in light of the Court's rulings regarding briefing in this matter, Mr. Smolker has not carried his initial burden of proof on this issue. The Court therefore need not consider it further. Fed. R. Bankr. P. 3001(f); *In re Allegheny Int'l, Inc.*, 954 F.2d at 173-74; *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (internal citations omitted) ("[M]atters of docket control … are committed to the sound discretion of the … court").

But even if Mr. Smolker had carried his burden regarding the UCL, the Cal. Bus. & Prof. Code § 17208 four-year SOL still would not provide him any succor. As the California Supreme Court has held, "the UCL is governed by common law accrual rules to the same extent as any other statute." *Aryeh*, 292 P.3d at 878. Therefore, even if Mr. Smolker had articulated a UCL-based cause of action, which he has not, the four-year period would have expired on October 11-12, 2000, nearly six months prior to the Petition Date.[3]

Therefore, Grace respectfully requests the Court enter an order disallowing Mr. Smolker's Claim no. 392 (along with the two other protective claims of Home Savings and Mr. Morris) based upon Grace's dismissal from the California State Court Litigation, which left his claim without any basis for allowance, and the prepetition SOL expiry, which leaves Mr. Smolker with no means of carrying his burden of proof as to any other basis for allowing the claim.

Sincerely yours,

*/s/ Roger J. Higgins*

Roger J. Higgins

---

[3] Or, at the very latest, December 13, 2000, based on the condominium cleaning date. *See* n.2, *supra*; First Amended Complaint at ¶ 20; February 1, 2021 Hrg, Tr. 18:1-3.