**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

FILED
2021 FEB 22 AM 9: 52
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| W. R. Grace & Co, et al. | ) | Case No. 01-01139 (AMC) |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | Final Hearing date: February 1, 2021, 12:00 p.m. |
| | ) | Original Reply Deadline: Aug. 17, 2020, 4 p.m. |
| _____ | ) | Docket Nos. 33154, 33163 |

**LETTER BRIEF AND DECLARATION IN SUPPORT THEREOF**

I, Gary Smolker, declare:

1. I make each of the following statements on the basis of my own personal knowledge.

INTRODUCTORY PRELIMINARY STATEMENT

2. On August 3, 2020, the above captioned reorganized debtors ("GRACE") filed a Motion for Summary Judgment for Disallowance of Proof of Claim No. 392 filed by Gary S. Smolker ("SMOLKER").

3. However, GRACE did not include in its motion, or in its subsequent submittals to the court, a copy of SMOLKER'S Proof of Claim No. 392 which GRACE asks in its motion for summary judgment that the court disallow.

4. The result of GRACE not filing a copy of SMOLKER'S Proof of Claim No. 392 with the court is that the court could not possibly evaluate the merit of GRACE'S motion for summary judgment. Put, another way, the court was not provided the fundamental facts specifying what SMOLKER claimed. What SMOLKER claimed can only be found by reference to SMOLKER'S written Proof of Claim.

1

5. At the very beginning of these proceedings GRACE went off on a complete misstatement of what is said in SMOLKER'S Proof of Claim No. 392, and a complete misstatement of the laws regarding statute of limitations applicable to SMOLKER'S claim.

6. GRACE'S misstatements continued and did not stop at the hearing on February 1, 2021.

5. On February 1, 2021, during argument at the final hearing on GRACE'S Motion for Summary Judgment, SMOLKER pointed out to the court that SMOLKER'S PROOF OF CLAIM NO. 392 (dated June 6, 2001, filed on August 27, 2001) states

"BASIS FOR CLAIM:

- *Personal injury*
- *Property damage*

"AMOUNT OF CLAIM AT TIME CASE FILED: "Unliquidated damages in excess of $3,500,000.00."*

6. EXHIBIT "1"to the Declaration of Gary Smolker is a true and correct copy of my (Gary S. Smolker's) Proof of Claim No. 392 dated June 6, 2001 filed in the United States Bankruptcy Court for the District of Delaware on or about August 27, 200. The Declaration of Gary Smolker is filed concurrently herewith.

**SMOLKER claims that the installation of SYLOID 244 in his home was an ultra-hazardous activity causing damage to his real property and to his personal property.**

**THERE is different statute of limitations for ultra-hazardous activities causing damages to real property. Statutes of limitations for ultra-hazardous activities causing damage to real property (California Code of Civil Procedure Section 338(b)) are different than the statute of limitations for ultra-hazardous activities causing damages to personal property (California Code of Civil Procedure Section 338 (c)) and both are different from the statute of**

2

limitations for ultra-hazardous activities caused personal injury (California Code of Civil Procedure Section 335.1).

Product liability and negligence claims against the manufacturer of materials or products installed in a building which cause damage to the building are subject to yet another Statute of Limitations. California Code of Civil Procedure section 228(b).

Any act that violates any state or federal law is "unlawful." Any unlawful business act or practice is actionable as "unfair competition" under the Unfair Competition Law. The Statute of Limitations under the Unfair Competition Law is four years. California Business and Professions Code section 17208.

The Unfair Competition 4-year statute of limitations "admits no exceptions" and thus applies to Unfair Competition Law violations with shorter time periods. "Any Unfair Competition Law cause of action is subject to the four-year statute of limitations created by that Statute. See <u>Cortez v. Purolator Air Filtration Products Co.</u> (2000) 23 Cal.4th 163, 178-179.

Furthermore, a civil action is "commenced" for statute of limitations purposes against persons named in the complaint upon the filing of the Complaint. See California Code of Civil Procedure Section 350. See <u>Fireman's Fund Ins Co. v. Sparks Const., Inc.</u> (2004) 114 Cal. App. 4th 1135.

SMOLKER was not given time to file papers in connection with his opposition to GRACE'S Motion for Summary Judgment or to discuss additional Statute of Limitations at the hearing on February 1, 2021 which might be applied to SMOLKER'S claim against GRACE such as:

- The four year statute of limitations applicable to violation of the Song-Beverly Consumer Warranty Act (California Civil Code Sections 1790 et seq.) An action for breach of a manufacturer's warranties and obligations which accompany the sale of goods, including an action seeking triple damages (Civil Code section 1794(a) is governed by the 4 year statute of limitations applicable to the sale of goods. Commercial Code Section 272521.

3

- The Magnuson-Moss Warranty – Federal Trade Commission Improvement Act (15 USC 2301 et seq) provides for the enforcement of express or implied warranty obligations in the sale of consumer products (personal family or household use). Under California law, an action for breach of contract for sale must be commenced within four years after the sale. Commercial Code Section 2725. Ordinarily, a breach of the implied warranty of merchantability occurs at the time of sale and the statute of limitations runs from that date. Atkinson v. Elk Corp of Texas (2006) 142 Cal. App. 4th 212, 229.
- Environmental Protection Actions have different statutes of limitations set forth in CERCLA ("Superfund") actions under the Comprehensive Environmental Response, Compensation and Liability Act, as amended by the Superfund Amendments and Reauthorization Act collectively referred to as "CERCLA" or "SUPERFUND", 42 USC Section 9601, et seq. The statute of limitations to recover clean-up costs from a potentially responsible party is within 6 years after initiation of on-site remedial activities, 42 USC Section 9613 (g)(2)(B), see 42 USC Sections 9601 (24) and 9607(a).

At the hearing on February 1, 2021 it was clear that neither GRACE nor the Court completely understand The "Discovery Rule." The discovery rule postpones accrual of the cause of action until the injured party knows of the wrongful act that caused harm. It permits delayed accrual until plaintiff knew or should have known of the wrongful conduct at issue. April Enterprises, Inc. v. KTTV (1983) 147 Cal. App.3d 805 832.

GRACE has not presented any evidence of when SMOLKER became aware of his injury or of when SMOLKER was able to determine that GRACE illegally manufactured and illegally sold SYLOID 244.

**PLAINTIFF'S KNOWLEDGE THAT HE HAS BEEN INJURED , BY ITSELF, IS NOT SUFFICIENT TO TRIGGER THE STATUTE OF LIMITAITONS. Plaintiff must also be aware that the injury was caused by the wrongful conduct of another. Fox v. Ethicon Endo-Surgery, Inc. (2005) 35 Cal. 4th 797, 808.**

**Application of the delayed discovery rule is generally a question of fact. Stella v. Asset Mgmt. Consultants, Inc, (2007) 8 Cal.App.5th 181, 193.**

See also **Jolly v. Eli Lilly & Co.** (1988) 44 Cal.3d 1103, and **Norgart v. Upjohn Co.** (1999). 21 Cal.4th 383.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 15, 2021 at Encino, California.

*[signature]*

_____
Gary S. Smolker, Claimant,  In Pro Per
Email: GSmolker@aol.com
Cell Phone:    1-310-749-9735
Office Phone: 1-818-7887290

5

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

Case No. 01-01139 (AMC) (Jointly Administered)

I am a resident of the State of California, over the age of eighteen years, and not a party to this action. My business address is 16055 Ventura Blvd., Suite 525, Encino, CA 91436. On February 15, 2021, I served the following titled and attached documents:

**CLAIMANT GARY S. SMOLKER'S LETTER BRIEF ON STATUTE OF LIMITATIONS AND DUE PROCESS, AND DECLARATION OF GARY S. SMOLKER IN SUPPORT OF LETTER BRIEF**

__X__ VIA MAIL, by placing a true copy of the documents listed above in a sealed envelope with postage fully prepaid in United States mail in the State of California, at Encino, California, addressed as set forth below:

Law Offices of Roger Higgins, LLC, Attention Roger Higgins, Esq., 561 North Ogden Ave., Suite 136, Chicago, Illinois 61642

Pachulski Stang Ziehl & Jones, LLP 919 North Market Street, 17th floor, Wilmington, Delaware, 19899-8705

**X BY FEDERAL EXPRESS: ORGINAL SENT FOR FILING WITH THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE VIA FEDERAL EXPRESS OVERNIGHT MAIL**

United State Bankruptcy Court for the District of Delaware

Office of the Clerk

824 Market Street

Wilmington, Delaware 19801

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on February 15, 2021, at Encino, California.

_____
Sabrina Jones