# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

FILED
2021 FEB 22 AM 10: 15
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| W. R. Grace & Co, et al. | ) | Case No. 01-01139 (AMC) |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | Final Hearing date: February 1, 2021, 12:00 p.m. |
| | ) | Original Reply Deadline: Aug. 17, 2020, 4 p.m. |
| _____ | ) | Docket Nos. 33154, 33163 |

## DECLARATION OF GARY SMOLKER ("SMOLKER") REGARDING MATERIALS [PLEADINGS AND DOCUMENTS] TO BE SUBMITTED TO THE COURT IN DELAWARE FOR DOCKETING TO BE PART OF THE RECORD OF THE CASE PER INSTRUCTIONS OF JUDGE CHAN TRANSMITTED TO SMOLKER ON FEBRUARY 1, 2021 BY JOAN RANIERI COURTROOM DEPUTY TO JUDGE CHAN

I, Gary Smolker, declare:

1. I make each of the following statements on the basis of my own personal knowledge.

INTRODUCTORY PRELIMINARY STATEMENT

2. On August 3, 2020, the above captioned reorganized debtors ("GRACE") filed a Motion for Summary Judgment for Disallowance of Proof of Claim No. 392 filed by Gary S. Smolker ("SMOLKER").

3. However, GRACE did not include in its motion, or in its subsequent submittals to the court, a copy of SMOLKER'S Proof of Claim No. 392 which GRACE asks in its motion for summary judgment that the court disallow.

4. The result of GRACE not filing a copy of SMOLKER'S Proof of Claim No. 392 with the court is that the court could not possibly evaluate the merit of

1

GRACE'S motion for summary judgment. Put, another way, the court was not provided the fundamental facts specifying what SMOLKER claimed. What SMOLKER claimed can only be found by reference to SMOLKER'S written Proof of Claim.

5. At the very beginning of these proceedings GRACE went off on a complete misstatement of what is said in SMOLKER'S Proof of Claim No. 392, and a complete misstatement of the laws regarding statute of limitations applicable to SMOLKER'S claim.

6. GRACE'S misstatements continued and did not stop at the hearing on February 1, 2021.

5. On February 1, 2021, during argument at the final hearing on GRACE'S Motion for Summary Judgment, SMOLKER pointed out to the court that SMOLKER'S PROOF OF CLAIM NO. 392 (dated June 6, 2001, filed on August 27, 2001) states

"BASIS FOR CLAIM:

- *Personal injury*
- *Property damage*

"AMOUNT OF CLAIM AT TIME CASE FILED: "Unliquidated damages in excess of $3,500,000.00."

6. EXHIBIT "1" is a true and correct copy of my (Gary S. Smolker's) Proof of Claim No. 392 dated June 6, 2001 filed in the United States Bankruptcy Court for the District of Delaware on or about August 27, 2001.

7. Shortly after the February 1, 2021 hearing, I sent via email to Joan Ranieri Courtroom Deputy of Judge Chan ("RANIERI") a copy of the "PROOF OF CLAIM" discussed at the hearing. EXHIBIT "2" is a true and correct copy of my February 1, 2021email to RANIERI with attached "PROOF OF CLAIM."

8. A little later in the day, RANIERI sent me a reply via email, which states:

"*Please submit pleading to the court in Delaware for* docketing if they are to be part of the case record.

9. EXHIBIT "3" is a true and correct copy of the reply email, dated February 1, 2021, I received from RANIERI.

*"Judge Chan has access to that docket and can view the document on it."*

## DOCUMENTS SUBMITTED TO JUDGE CHAN WHICH SHOULD BE PART OF THE RECORD OF THIS CASE.

10. Judge Chan allowed and invited documents to be submitted to Judge Chan's Courtroom Deputy Joan Ranieri as part of Motion for Summary Judgment Proceedings presided over by Judge Chan.

11. Attached hereto as Exhibits 1 through 17 are true and correct copies of documents submitted to RANIERI during the course of GRACE motion for summary judgment proceedings, which, I received and/or which I sent to RANIERI, Additionally, below is listed Exhibits 18 through 35 which should be part of the record of this case. However, I did not have time to photocopy those additional exhibits in time to deliver this document to Fed Ex for overnight delivery to the Bankruptcy Court in Delaware tomorrow. I will make a copy of those exhibits tomorrow and overnight them via Federal Express to the Bankruptcy Court tomorrow.

EXHIBIT 1: Proof of Claim No. 392

EXHIBIT 2: Feb. 1, 2021 email SMOLKER sent to RANIEIRI with attached "Proof of Claim."

EXHIBIT 3: February 1, 2021 email from RANIERI instructing SMOLKER to file pleadings with Court in Delaware for docketing.

EXHIBIT 4: Email from James O'Neill ("O'NEILL") to RANIERI requesting a telephone conference with Judge Chan.

EXHIBIT 5: Email from RANIERI to O'NEILL.

EXHIBIT 6: Email from SMOLKER to RANIERI objecting to Judge Chan having a status conference.

EXHIBIT 7: Email from SMOLKER to Roger Higgins (HIGGINS) and O'NEILL with copy to RANIERI objecting to Judge Chan having a status conference.

3

EXHIBIT 8: Email from RANIERI to SMOLKER advising Judge Chan has scheduled a Status Conference.

EXHIBIT 9: Email from SMOLKER to RANIERI requesting information on how to purchase transcripts and requesting hearing date on SMOLKER'S Motion for Leave to file additional Material [pleadings and exhibits] in Opposition to GRACE'S pending motion for summary judgment.

**EXHIBIT 10:** Email from RANIERI to SMOLKER advising SMOLKER he has four days to file motion for leave to file additional pleadings and exhibits.

EXHIBIT 11: HIGGINS to SMOLKER and RANIERI regarding dates proposed by SMOLKER for the hearing on Smolker's Motion for Leave to File Additional Pleadings and Exhibits and proposed date for Meet and Confer Regarding December 28, 2020 Requests for Production of Documents served on GRACE.

EXHIBIT 12: Email from SMOLKER to HIGGINS and O'NEILL with copy to RANIERI summarizing what transpired at "meet and confer" regarding production of documents by GRACE and SMOLKER'S attempt to purchase transcript of hearings.

EXHIBIT 13: Email from SMOLKER to HIGGINS and O'NEILL, with copy to RANIERI, regarding SMOLKER'S health problems and SMOLKER being a high risk person with respect to being infected with COVID 19 because of injuries suffered by SMOLKER due to SMOLKER having come into unprotected contact with GRACE'S illegally manufactured and sold pesticide product installed in SMOLKER'S home and SMOLKER'S urgent need to obtain a Covid 19 vaccination.

**EXHIBIT 14: Email from RANIERI with attached order being filed on Delaware Docket changing hearing date of SMOLKER'S Motion for leave to file additional pleadings and exhibits from March 4, to February 1, 2021.**

EXHIBIT 15: Email from SMOLKER to RANIERI requesting hearing date on SMOLKER motion to allow time to take discovery of essential facts to enable SMOLKER to file a complete response to GRACE'S motion for summary judgment.

EXHIBIT 16: Email from SMOLKER to RANIERI requesting a status conference to discuss 16 enumerated issues.

**EXHIBIT 17:** Email from RANIERI to SMOLKER advising SMOLKER that Judge Chan refuses to schedule a hearing date for SMOLKER'S Motion to Take Additional Discovery Necessary to File A Complete Response to GRACE'S motion for summary judgment.

EXHIBIT 18: Email from RANIERI to SMOLKER requesting that SMOLKER file his motion as soon as possible.

EXHIBIT 19: Email from SMOLKER to RANIERI sending RANIERI another copy of SMOLKER'S Request for Status Hearing.

EXHIBIT 20: Email from SMOLKER to HIGGINS and O'NEILL asking for convenient date for Status Conference.

**EXHIBIT 21:** Email from HIGGINS stating GRACE sees no reason to hold another Status Conference.

**EXHIBIT 22: Email on January 25, 2021 from HIGGINS acknowledging that GRACE did not serve copy of REPLY GRACE filed with court on January 20, 2021.**

**EXHIBIT 23:** SMOLKER'S reply to HIGGINS' email arguing there is no reason to have another status conference sent to RANIERI.

EXHIBIT 24: SMOLKER email to RANIERI forwarding a copy of Request for Production of Documents served on GRACE and request that Judge Chan take judicial notice of the pandemic and that SMOLKER has an appointment to be vaccinated with the Moderna Covid 19 vaccination on January 28, 2021.

**EXHIBIT 25: Email from RANIERI advising that Judge Chan declines to hold a Status Conference.**

**EXHIBIT 26:** Email from SMOLKER to O'NEILL acknowledging receipt on January 27, 2021 of 4.88 pounds of documents from GRACE including the REPLY filed by GRACE with the Bankruptcy Court on January 20, 2021.

5

**EXHIBIT 27:** Letter (39 pages) containing factual information regarding SMOLKER'S damaged lungs and asking when O'NEILL and HIGGINS are available to attend a status conference regarding what to do about GRACE delivering its REPLY to SMOLKER on January 27 which GRACE filed with the Bankruptcy Court on January 20, 2021.

EXHIBIT 28: HIGGINS response to SMOLKER'S letter above.

**EXHIBIT 29: January 28, 2021 email from RANIERI informing SMOLKER that Judge Chan denies SMOLKER'S Request to have a Status Conference and expects to speak to the parties on February1, 2021.**

**EXHIBIT 30: January 29, 2021 email from SMOLKER to RANIERI requesting Status Conference to discuss whether SMOLKER should have time to file a RESPONSE to GRACE'S REPLY to SMOLKER'S motion for leave to file additional pleadings and exhibits and time to prepare response to GRACE'S RESPONSE to SMOLKER'S REPLY to GRACE'S motion for summary judgment served on SMOLKER on January 27 and filed with the court on January 20, 2021.**

EXHIBIT 31: Email from RANIERI advising Judge Chan declined SMOLKER'S request to hold a Status Conference.

EXHIBIT 32: Email from SMOLKER to RANIERI noting that Judge Chan denied SMOLKER'S Request to Hold A Status Conference **before** SMOLKER made such a request.

**EXHIBIT 33: Email from RANIERI advising SMOLKER that Judge Chan will address all of SMOLKER'S issues on February 1, 2021.**

**EXHIBIT 34: Email from RANIERI advising Judge Chan will discuss all matters with parties on February 1, 2021.**

**EXHIBIT 35**: Email from SMOLKER to RANIERI regarding COVID 19 pandemic: It has been estimated that one out of three people in Los Angeles County have been infected with COVID 19 since the beginning of the pandemic. The pandemic has been declared a statewide emergency in California and **setting forth different statutes of limitations that apply to SMOLKER'S Proof of**

Claims, including different Statutes of Limitations for personal injuries to SMOLKER'S person, for injuries to SMOLKER'S real property and for injuries to SMOLKER'S personal property as a direct and proximate result of GRACE'S illegal manufacture and sale of SYLOID 244 installed as a building material /building product in SMOLKER'S condo.

SMOLKER points out that he claims that the installation of SYLOID 244 in his home was an ultra-hazardous activity causing damage to his real property and to his personal property.

THERE is different statute of limitations for ultra-hazardous activities causing damages to real property. Statutes of limitations for ultra-hazardous activities causing damage to real property (California Code of Civil Procedure Section 338(b)) are different than the statute of limitations for ultra-hazardous activities causing damages to personal property (California Code of Civil Procedure Section 338 (c)) and both are different from the statute of limitations for ultra-hazardous activities caused personal injury (California Code of Civil Procedure Section 335.1).

Product liability and negligence claims against the manufacturer of materials or products installed in a building which cause damage to the building are subject to yet another Statute of Limitations. California Code of Civil Procedure section 228(b).

Any act that violates any state or federal law is "unlawful." Any unlawful business act or practice is actionable as "unfair competition" under the Unfair Competition Law. The Statute of Limitations under the Unfair Competition Law is four years. California Business and Professions Code section 17208.

The Unfair Competition 4-year statute of limitations "admits no exceptions" and thus applies to Unfair Competition Law violations with shorter time periods. "Any Unfair Competition Law cause of action is subject to the four-year statute of limitations created by that Statute. See <u>Cortez v. Purolator Air Filtration Products Co.</u> (2000) 23 Cal.4th 163, 178-179.

Furthermore, a civil action is "commenced" for statute of limitations purposes against persons named in the complaint upon the filing of the Complaint.

**California Code of Civil Procedure Section 350. See <u>Fireman's Fund Ins Co. v. Sparks Const., Inc.</u> (2004) 114 Cal. App. 4th 1135. All of the above is set forth in writing in the January 31, 2021 email from SMOLKER to RANIERI (EXHIBIT 35 attached hereto) and was discussed at the hearing on February 1, 2021**

SMOLKER was not given time to discuss additional Statute of Limitations which might be applied to SMOLKER'S claim against GRACE such as:

- The four year statute of limitations applicable to violation of the Song-Beverly Consumer Warranty Act (California Civil Code Sections 1790 et seq.) An action for breach of a manufacturer's warranties and obligations which accompany the sale of goods, including an action seeking triple damages (Civil Code section 1794(a) is governed by the 4 year statute of limitations applicable to the sale of goods. Commercial Code Section 272521.

- The Magnuson-Moss Warranty – Federal Trade Commission Improvement Act (15 USC 2301 et seq) provides for the enforcement of express or implied warranty obligations in the sale of consumer products (personal family or household use). Under California law, an action for breach of contract for sale must be commenced within four years after the sale. Commercial Code Section 2725. Ordinarily, a breach of the implied warranty of merchantability occurs at the time of sale and the statute of limitations runs from that date. <u>Atkinson v. Elk Corp of Texas</u> (2006) 142 Cal. App. 4th 212, 229.

- Environmental Protection Actions have different statutes of limitations set forth in CERCLA ("Superfund") actions under the Comprehensive Environmental Response, Compensation and Liability Act, as amended by the Superfund Amendments and Reauthorization Act collectively referred to as "CERCLA" or "SUPERFUND", 42 USC Section 9601, et seq. The statute of limitations to recover clean-up costs from a potentially responsible party is within 6 years after initiation of on-site remedial activities, 42 USC Section 9613 (g)(2)(B), see 42 USC Sections 9601 (24) and 9607(a).

The "Discovery Rule" postpones accrual of the cause of action until the injured party knows of the wrongful act that caused harm. It permits delayed accrual until

plaintiff knew or should have known of the wrongful conduct at issue. <u>April Enterprises, Inc. v. KTTV</u> (1983) 147 Cal. App.3d 805 832.

GRACE has no evidence of when SMOLKER became aware of his injury or of when SMOLKER was able to determine that GRACE illegally manufactured and illegally sold SYLOID 244.

**PLAINTIFF'S KNOWLEDGE THAT HE HAS BEEN INJURED ALONE , BY ITSELF, IS NOT SUFFCIENT TO TRIGGER THE STATUTE OF LIMITAITONS. Plaintiff must also be aware that the injury was caused by the wrongful conduct of another. <u>Fox v. Ethicon Endo-Surgery, Inc.</u> (2005) 35 Cal. 4th 797, 808.**

**Application of the delayed discovery rule is generally a question of fact. <u>Stella v. Asset Mgmt. Consultants, Inc,</u> (2007) 8 Cal.App.5th 181, 193.**

**See also <u>Jolly v. Eli Lilly & Co.</u> (1988) 44 Cal.3d 1103, and <u>Norgart v. Upjohn Co.</u> (1999). 21 Cal.4th 383.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 15, 2021 at Encino, California.

_____
Gary S. Smolker, Claimant,  In Pro Per
Email: GSmolker@aol.com
Cell Phone:    1-310-749-9735
Office Phone: 1-818-7887290

9

# EXHIBIT 1

Proof of Claim No. 392

B10 (Official Form 10) (Rev. 10/96)

| UNITED STATES BANKRUPTCY COURT For the District of Delaware | PROOF OF CLAIM |
|---|---|

In re: **W.R. Grace and Company**   Case Number: **01-01139**

NOTE: This claim should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Creditor Name (Person or entity debtor owes): **Gary S. Smolker**
Address Line 1: **Smolker & Graham**
Address Line 2: **4720 Lincoln Blvd., Ste. 280**
Address Line 3:
City, ST ZIP: **Marina Del Rey, CA 90292**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☒ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

**ORIGINAL**
THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: **TIG v. Smolker, LASC #BC173952**
Check here if this claim ☐ replaces ☐ amends a previously filed claim dated: _____

**1. BASIS FOR CLAIM**
☐ Goods sold
☒ Personal injury/wrongful death
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Services performed
☐ Taxes
☐ Wages, salaries, and compensation (Fill out below)
  Your social security No. _____
  Unpaid compensation for services performed from ___ to ___
☐ Money loaned
☒ Other (Describe briefly): **property damage**

**2. Date Debt Incurred (MMDDYY):** 10 11 96

**3. If Court Judgment, Date Obtained:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)
Amount of arrearage and other charges at time case filed included in secured claim above, if any $ _____

☒ UNSECURED NONPRIORITY CLAIM
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.
☐ Wages, salaries, or commissions (up to $4,300), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)
☐ Up to $1,950 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7)
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) _____

**5. AMOUNT OF CLAIM AT TIME CASE FILED:** Unliquidated claim in excess of $3,500,000.00

(Secured)  (Unsecured Nonpriority)  (Unsecured Priority)

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**7. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date: **6/6/01**
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)
*Gary Smolker* (signature)
**Gary S. Smolker**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

[stamp: 2001 AUG 27 AM 11:36 U.S. BANKRUPTCY COURT DISTRICT OF DELAWARE]

WR Grace    BF.2.8.392
00000392

000250