## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (AMC) |
| | ) (Jointly Administered) |
| Reorganized Debtor. | ) |
| | ) **Hearing Date:  March 16, 2021, at 11:00 a.m. ET** |
| | ) **Related documents: 33154, 33157, 33177,  33183,** |
| | ) **33185, 33197, & 33198** |

## NOTICE OF ITEMS IN THE RECORD SHOWING CAUSES OF ACTION REMAINING AS OF THE PETITION DATE AGAINST TERMITE CONTROL AND MR. MORRIS IN THE CALIFORNIA STATE COURT LITIGATION

To:    (i) Claimant Wayne Morris; and (ii) Claimant Home Savings Termite Control, Inc.

("Termite Control"):[2]

On February 16, 2021, the United States Bankruptcy Court for the District of Delaware

(the "Court") entered its *Order* [Docket no. 33198], which in relevant part required Grace:

> by March 1, 2021, file with the Bankruptcy Court, and serve upon Termite Control and Mr. Morris, materials in the record showing which causes of action against Termite Control and Mr. Morris in the litigation captioned *TIG Insurance Company v. Gary Smolker et al.*, Case No. BC 173952 (Los Angeles County Sup. Ct.) remained as of April 2, 2001, the date of Grace's bankruptcy filing ("Petition Date"), for purposes of calculating the applicable statutes of limitation.

*Id*. at  ¶ 4.

---

[1]    W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case.

[2]    Capitalized terms used in this "Notice" shall have the meaning ascribed to them in, as the case may be, the *Motion for Summary Judgment Pursuant To Fed. R. Bankr. P. 7056 for Disallowance of Claim No. 392, Filed by Gary S. Smolker, and Related Claims, Nos. 382 and 4070, Filed by Home Savings Termite Control, Inc., and Wayne Morris, Respectively,* filed August 3, 2020 [Docket No. 33154] (the "Summary Judgment Motion") or the *Reply in Support of Grace's Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 for Disallowance of Claim No. 392, Filed by Gary S. Smolker, and Related Claims, Nos. 382 and 4070, Filed by Home Savings Termite Control, Inc., and Wayne Morris, Respectively,* filed January 20, 2021 [Docket no. 33183] (the "Reply").

Attached hereto as <u>Exhibit A</u> is the Superior Court's Minute Order, dated December 13, 2000 (the "<u>12/13/00 Minute Order</u>"), in which the Superior Court addressed various summary judgment motions.  The 12/13/00 Minute Order was attached as <u>Exhibit 2</u> to *Gary S. Smolker's ("Smolker's") Declaration in Opposition to Reorganized Debtor W. R. Grace & Co.'s ("Grace's") Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure* [Docket No. 33177].  The 12/13/00 Minute Order stated in relevant part that, as to Mr. Morris and Termite Control:

> Summary adjudication is granted against the 30th and 31st causes of action, as there are no facts that are pled to state causes of action for fraud or interference.
>
> On the Smolkers' 8th and 10th causes of action, the court denies summary adjudication as there are issues of fact.

*Id*., *Tentative Rulings* at 9.  The minute order further stated that as to Mr. Morris and Termite Control:

> Further hearing on the motions of W.R. Grace & Company and Grace Davison, Home Saving Termite Control, and Morris as to the 13th, 14th and 15th causes of action is continued to December 20, 2000, at 8:30 a.m. in this department; no further briefing.

*Id*. at 3.

Attached hereto as <u>Exhibit B</u> is an extract from the Superior Court Docket, the entirety of which was originally attached to the Lewis Declaration as <u>Exhibit C-1</u>.  The Superior Court Docket contains the following relevant docket entry:

> 12/20/2000 at 08:30 am in Department 15, Richard Fruin, Presiding
>
> Motion for Summary Judgment (as to certain causes of action (c/f 12/13/00)) - Denied

*Id*.  On information and belief, electronic access to Superior Court Docket items is not available prior to 2017.  Grace and its counsel have determined that they do not have a copy of the December

20, 2000 order denying the motion for summary judgment, nor is a copy of that document reasonably accessible from the Superior Court's clerk of court.

A further review by Grace's counsel of the Superior Court Docket and later filings by Termite Control and Mr. Morris, including but not limited to their July 17, 2017 *Cross-Defendants Home Saving Termite Control, Inc. and W.F. Morris's Notice of Motion and Motion to Dismiss for Failure to Bring Action to Trial within Two Years of Mistrial; Memorandum of Points and Authorities; Declaration of Jack C. Nick* (the "HSTC/Morris Motion to Dismiss"), a copy of which is attached hereto as Exhibit C, does not reveal further information about what Fifth Amended Complaint causes of action remained as of April 2, 2001.[3]

Indeed, the principal exhibit to the HSTC/Morris Motion to Dismiss (designated Exhibit B) is a copy of the 12/30/16 Higgins Declaration, which was made part of the record in this contested matter as Exhibit A-2 to the Supplemental Lewis Declaration [Docket no. 33183-2]. None of the documents attached to the 12/20/16 Higgins Declaration, including but not limited to the proofs of claim filed by Termite Control (designated Claim no. 387) and Mr. Morris (designated Claim no. 4070), shed any light on what Fifth Amended Complaint causes of action remained pending against Termite Control and Mr. Morris as of the Petition Date.

The HSTC/Morris Motion to Dismiss discusses a trial in December 2001 that ended in mistrial. *Id*. at 3:18-20. Due to the then-pending automatic stay, Grace did not participate in that trial. Grace and its counsel do not have copies of any of the pretrial and other relevant filings set forth in the Superior Court Docket. Those items are not electronically available, and they are not otherwise readily obtainable from the Superior Court's clerk of court. The HSTC/Morris Motion

---

[3] The HSTC/Morris Motion to Dismiss has not been previously put into the record of this contested matter. This pleading is available electronically on the Superior Court Docket. If it becomes necessary, Grace will file this pleading as an attachment to a declaration for evidentiary purposes.

to Dismiss also had attached to it as Exhibit D an unfiled version of Termite Control's *Designation of Expert Witnesses*, dated April 25, 2001.  The *Designation* does not discuss the remaining causes of action.

Based upon this investigation, Grace believes that the record reflects the following Fifth Amended Complaint causes of action still pending against Termite Control and Mr. Morris as of the Petition Date, as well as what Grace asserts are the statute(s) of limitation potentially applicable to those causes of action:

| CAUSE OF ACTION NO. | TITLE | MENTION OF PROPERTY | POTENTIALLY APPLICABLE SOL |
|---|---|---|---|
| 8 | Strict Liability | Yes | Cal. Civ. Pro. Code § 340(3) (Deering 1996) (Personal Injury – 1 year) Cal. Civ. Pro. Code § 338(b) (Deering 1996) (Real Property – 3 years) Cal. Civ. Pro. Code § 338(c) (Personal Property – 3 years) |
| 10 | Negligence | No | Cal. Civ. Pro. Code § 340(3) (Personal Injury) |
| 13 | Abatement of Nuisance | NA | Cal. Civ. Pro. Code § 338(b) (*see* 2 CALIFORNIA TORTS § 17.09 (2020) (citing *Mangini v. Aerojet-General Corp.*, 281 Cal. Rptr. 827, 838 (Cal. App. 3rd 1991)) ("if the nuisance is permanent, the three-year statute of limitations in Code of Civil Procedure Section 338(b) begins to run when the permanent nuisance is created")) |
| 14 | Trespass | Yes (also alleges personal injury) | Cal. Civ. Pro. Code § 340(3) (Personal Injury – 1 year) Cal. Civ. Pro. Code § 338(b) (Trespass on Real Property – 3 years) |
| 15 | Assault and Battery | No | Cal. Civ. Pro. Code § 340(3) (Personal Injury – 1 year) |

As Grace has previously argued vis-à-vis Mr. Smolker's claim in its Summary Judgment Motion [Docket no. 33154], Memorandum of Law [Docket no. 33154-3], Reply [Docket no. 33183], and Supplemental Letter Brief [Docket no. 33197], the statutes of limitation relevant to the Fifth Amended Complaint causes of action against Mr. Morris and Termite Control began to

run on October 11-12, 1996.[4]  The relevant statutory periods for each of these causes of action thus expired prior to the Petition Date.

**[remainder of this page is intentionally left blank]**

---

[4]    As to the accrual of Mr. Smolker's various causes of action on October 11-12, 1996, Grace wishes to draw the Court's attention to certain admissions by Mr. Smolker regarding his knowledge and/or suspicion of alleged injury as of that date.  These admissions may be found on pp. 19, et seq., of <u>Exhibit 27</u> (and on p. 25, et seq., Exhibit A to Exhibit 27) to the *Declaration of Gary Smolker ('Smolker') Regarding Exhibits 18 Through 41 Which Are Materials [Pleadings and Documents] to be Submitted to the Court in Delaware for Docketing To Be Part of the Record of the Case Per Instructions of Judge Chan Transmitted to Smolker on February 1, 2021 by Joan Ranieri Courtroom Deputy to Judge Chan*, docketed February 23, 2021 [Docket no. 33201], access to which was restricted by the Court's February 24, 2021 *Order*, docketed on February 25, 2021 [Docket no. 33208].

5

Dated:  February 26, 2021 THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
516 N. Ogden Ave.
Suite 136
Chicago, IL 60642
Telephone: (312) 666-0431

And

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Reorganized Debtor

**[remainder of this page is intentionally left blank]**